UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                        CASE NO.: 3:05-bk-03817-JAF

                                              CHAPTER 11

WINN-DIXIE STORES, INC., et. al.,

      Debtors.                           Jointly Administered

---

**RESPONSE OF GENERAL ELECTRIC CAPITAL CORPORATION TO DEBTORS' SECOND OMNIBUS MOTION FOR ORDER AUTHORIZING ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND FIXING CURE AMOUNTS AND OBJECTION TO PROPOSED CURE AMOUNT**

General Electric Capital Corporation ("GE"), by and through its undersigned counsel, submits this Response to the Debtors' Second Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts (and an Objection to the proposed cure amount set forth therein the "Motion"), and represents as follows:

1. Prior to the filing of the case, on or about October 31, 2001, the Debtors entered into a Master Equipment Lease with GE ("Master Lease") which provided for the leasing of certain equipment pursuant to separate schedules to be entered into thereafter. Subsequent to the entry of the master Lease, the Debtors executed five separate schedules under the Master Lease, each providing for the lease of certain equipment described more fully therein (collectively, the "Schedules", separately the "Schedule").

2. At the time of the petition date (and before), i.e. February 21, 2005 (the "Petition Date"), the Debtors were current on all of the Schedules with the exception of Schedule 004, having failed to pay the monthly obligation due under Schedule 004 for the month of February, 2005.

3. Subsequent to the Petition Date, the Debtors did not make full payments under the balance of the Schedules. See spreadsheet identifying open amounts as of the date of this Objection annexed as *Exhibit A*.

4. The Debtors assert in their Motion that the sums due to GE under the Master Lease and Schedules are zero.[1] However, a review of GE's records reveals that although certain post-petition payments have been made, at present the Debtors owe a total sum of $157,206.76 (the "Arrears") representing all open sums due under the master lease and Schedules, including any pre-petition arrears.

5. GE respectfully submits that the Debtors cannot assume the Master Lease and Schedules without curing the Arrears due thereunder. Section 365 (b) (1) (A) of the Bankruptcy Code requires that before an executory contract can be assumed, all unpaid obligations must be paid.

---

[1] This assertion is particularly troublesome in light of the fact that by separate Motion the Debtors seek to reduced a previously filed claim by GE from the sum of $70,793.25 to $24,316.21 claiming that is what is owed under the Master Lease and Schedules; clearly even the Debtors do not believe the sum to be zero.

6. Thus, GE respectfully requests that the Court allow the assumption of the Master Lease and Schedules, but fix the cure amount in the sum of the Arrears and require the same to be paid.

Dated: August 17, 2006

       **MORITT HOCK HAMROFF & HOROWITZ LLP**
       Counsel for General Electric
       Capital Corporation

       Leslie A. Berkoff (LB-4584)
       400 Garden City Plaza
       Garden City, NY  11530
       lberkoff@moritthock.com
       (516) 873-2000
       (516) 873-2010

       and

**HELD & ISRAEL**

By: _____
   Kimberly Held Israel
   Florida Bar #47287
   khisrael@hilawfirm.com
   Adam N. Frisch
   Florida Bar #635308
   afrisch@hilawfirm.com
   1301 Riverplace Blvd., Suite 1916
   Jacksonville, FL 32207
   (904) 398-7038
   (904) 398-4283