Hearing Date:  August 31, 2006
Objection Deadline:  August 29, 2006

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors[1]. | ) | Jointly Administered |

**DEBTORS' MOTION (I) FOR AUTHORITY TO REJECT**
**NON-RESIDENTIAL REAL PROPERTY LEASE FOR STORE**
**NUMBER 1059, (II) TO ESTABLISH BAR DATE FOR ANY**
**REJECTION DAMAGE CLAIMS, AND (III) GRANTING RELATED RELIEF**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order (i) under 11 U.S.C. § 365(a), authorizing the Debtors to reject a non-residential real property lease for Store No. 1059, and (ii) under Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a bar date for rejection damage claims for the lease (the "Motion").  In support of the Motion, the Debtors respectfully represent as follows:

---

[1]   In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**Background**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors to serve in these cases pursuant to Sections 1102 and 1103 of the Bankruptcy Code. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by notice dated January 11, 2006.

**The Leases**

4. Winn-Dixie Stores, Inc. ("Winn-Dixie") leases a store located in Taylors, South Carolina (Store Number 1059) from Windward Partners IV, LP (the "Landlord"), under a lease dated July 29, 1994 (the "Lease"). Pursuant to the Lease, Winn-Dixie pays the Landlord $422,000 in rent each year.

5. On August 21, 2003, Winn-Dixie subleased the Premises (the "Sublease") to Pro-Fit Management, Inc. ("Pro-Fit"). Under the Sublease, Pro-Fit is required to pay

Winn-Dixie monthly rent at graduated rates in the range of between $99,999.96 and $249,999.96 a year.

6. After the Petition Date, Pro-Fit failed to pay rent to Winn-Dixie. As a result, Winn-Dixie terminated the Sublease effective August 8, 2006. Pro-Fit remains in possession of the leased premises.

7. The Debtors have exited this market and no longer need the store. Even when paid by Pro-Fit, the rent is not sufficient to cover the payments due under the Lease. Rejection of the Lease will save the Debtors approximately $422,000 a year.

8. This Court has jurisdiction over this Motion under 28 U.S.C. §1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

9. The statutory predicates for the relief requested in the Motion are Sections 365(a) of the Bankruptcy Code and Rule 3002 (c), Federal Rules of Bankruptcy Procedure.

**Relief Requested**

10. By this Motion, the Debtors seek an order of the Court (i) pursuant to Section 365(a) of the Bankruptcy Code, authorizing the Debtors to reject the Lease effective as of August 31, 2006, and (ii) establishing a bar date for the Landlord to file any rejection damage claim arising in connection with the Lease.

**Basis for Relief**

11. Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory

3

contract or unexpired lease of the debtor." A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. *See In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); *In re Hardie*, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); *In re Gunter Hotel Assocs.*, 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

12. The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. *See In re Gardinier, Inc.*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Cent. Fla. Fuels, Inc.*, 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *Sundial Asphalt Co. v. V.P.C. Investors Corp.* (*In re Sundial Asphalt Co.*), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. *See Sharon Steel Corp.*, 872 F.2d at 39-40; *In re Kong*, 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); *In re Cent. Fla. Fuels, Inc.*, 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. *See In re III Enters., Inc. V*, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994), aff'd sub nom. *Pubelo Chem, Inc. v. III Enters. Inc. V*, 169 B.R. 551 (E.D. Pa. 1994); *In re Hardie*, 100 B.R. at 287.

13. The Debtors' business judgment supports rejection of the Lease. The

Debtors have exited this market and no longer need the store. Even when paid by Pro-Fit, the rent is not sufficient to cover the payments due under the Lease. Rejection of the Lease will save the Debtors approximately $422,000 a year.

## Rejection Damages

14. Pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, the Court may fix a deadline for filing any rejection damage claim. The Debtors request that the Court establish the deadline for the Landlord to file a proof of claim for any rejection damages at 30 days after entry of an order approving the Motion.

## Notice

15. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, (e) the Landlord, and (f) Pro-Fit. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit A (i) authorizing the Debtors to reject the Lease as of August 31, 2006; (ii) establishing a deadline for the Landlord to file a rejection damage claim in connection with the Lease; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: August 17, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*<br>     D. J. Baker<br>     Sally McDonald Henry<br>     Rosalie Walker Gray | By  *s/ Cynthia C. Jackson*<br>     Stephen D. Busey<br>     James H. Post<br>     Cynthia C. Jackson, F.B.N. 498882 |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

00533980.3

**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

### ORDER (I) AUTHORIZING DEBTORS TO REJECT NON-RESDENTIAL REAL PROPERTY LEASE ON STORE NUMBER 1059, (II) ESTABLISHING REJECTION DAMAGE CLAIM BAR DATE AND, (III) GRANTING RELATED RELIEF

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. § 365(a), authorizing the Debtors to reject a non-residential real property lease for Store No. 1059 located in Taylors, South Carolina (the "Lease") and pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a deadline by which the Landlord must file any claims for rejection damages under the Lease (the "Motion"). The Court has reviewed the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Lease pursuant to 11 U.S.C. § 365(a). The Lease is rejected effective August 31, 2006.

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

3. The Landlord must file any claims resulting from the rejection of the Lease, if any, no later than thirty (30) days after entry of this Order.

4. Nothing in this Order constitutes a waiver of any claims the Debtors may have against the Landlord, whether or not related to the Lease.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _____, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

00540567