UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., | ) | CHAPTER 11 |
| | ) | |
| DEBTOR. | ) | |

### RESPONSE OF WESTLAND PLAZA ASSOCIATES, L.P. TO THE DEBTORS' SIXTEENTH OMNIBUS OBJECTION TO (A) MISCLASSIFIED CLAIMS, (B) OVERSTATED CLAIMS AND (C) OVERSTATED MISCLASSIFIED CLAIMS

COMES NOW Westland Plaza Associates, L.P. ("Landlord"), by and through counsel, and files this response to the Debtors' Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims and (c) Overstated Misclassified Claims (the "Sixteenth Objection") (Docket No. 9746) and shows the Court as follows:

1. On January 11, 2001, one of the debtors, Winn-Dixie Montgomery, Inc. (a/k/a Winn-Dixie Louisiana, Inc.) ("Tenant"), assumed and became the assignee of a July 15, 1999 lease agreement (the "Lease") between Westland Plaza Associates, L.P. and Jitney-Jungle Stores of America, Inc. for premises known as Westland Plaza in Jackson, Mississippi. Tenant's obligations under the Lease were guaranteed by Winn-Dixie Stores, Inc. ("Guarantor").

2. The Lease required payment of rent in the amount of $14,389.83 per month, and in addition, Tenant's pro-rata share of the charges for maintaining the common areas and reimbursements for taxes and insurance.

3. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, in the United States Bankruptcy Court for the southern District of New York. On April 14, 2005,

1

the Debtors' cases were transferred to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division.

4. The Lease was later rejected.

5. Landlord, by and through counsel, filed Claim No. 11966 in the amount of $225,217.96 (the "Claim"). The Claim consisted of a $2,140.00 administrative claim and a $223,077.96 rejection damage claim.

6. On or about July 31, 2006, the Debtors filed their Sixteenth Objection and objected to the Claim.

7. The Debtors' Sixteenth Objection simply recites "misclassified claim", with no further explanation.

8. Landlord's counsel explained to counsel for the Debtors that the Claim was not misclassified in that it included a small component of an administrative claim and the balance for a rejection damage claim, both of which are this Debtors' responsibility under its Guaranty of the Lease. Attached as Exhibit "A" is a copy of undersigned counsel's email communication to counsel for the Debtors. As of this time, counsel for the Debtors has not received any further response from the Debtors.

9. As an update, Landlord states the following, and intends to amend the Claim accordingly. After diligent efforts to locate a new tenant for, and to re-lease, the premises that had been affected by Lease, Landlord was able to enter into a new Lease for those same premises as of April 19, 2006 with Maywood Foods, Inc., a Mississippi corporation ("Maywood"). The actual commencement date of that new lease and the date Maywood will begin to pay rents and charges is September 1, 2006.

10. The minimum monthly rent under the new lease is $10,666.67 per month, payable

2

together with percentage rent of 1.5% of gross sales over $7 million. No percentage rent has been paid to date.

11. Landlord's rejection damages claim against Tenant and Guarantor, for the period October 1, 2005 – September 30, 2006, was calculated at $14,389.83 per month, plus Tenant's pro-rata share of common area maintenance costs, taxes, and insurance. The total rejection damages originally claimed was in the amount of $223,077.96.

12. The rents to be received by Landlord under the new lease with Maywood for the period September 1, 2006 – September 30, 2006 would total only $10,666.67. Therefore, Landlord's rejection damages claim should be, and is hereby, reduced accordingly:

$223,077.96

-   10,666.67

$212,411.29  - Reduced Rejection Damages Claim

This new $212,411.29 rejection damages claim amount is in addition to:

(a) $2,140.00 administrative claim included in Landlord's October 12, 2005 proof of claim; and

(b) $28,654.43 claimed in Landlord's June 16, 2005 proof of claim for prepetition amounts owed.

13. All responses to the foregoing be sent to the undersigned.

WHEREFORE, Landlord files this response to the Debtors' Sixteenth Objection and objects to the "misclassification" characterization as set forth in same. Landlord respectfully requests that the Court find (i) the Claim, as filed (but as the same will be amended), to be the true and accurate amount owing to Landlord, and (ii) for such other and further relief as the Court deems just and proper.

3

Respectfully submitted this 18th day of August, 2006.

                Respectfully submitted:

                SESSIONS, FISHMAN & NATHAN, L.L.P.
                J. David Forsyth
                201 St. Charles Avenue, 35th Floor
                New Orleans, LA 70170
                Telephone: (504) 582-1521
                Facsimile: (504) 582-1585
                E-mail: jdf@sessions-law.com

                By:  /s/ J. David Forsyth
                J. DAVID FORSYTH
                Attorneys for Westland Plaza Associates, L.P.

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of August, 2006, I caused to be served a true and correct copy of the Response of Westland Plaza Associates, L.P. to the Debtors' Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims to be served upon all parties in interest by electronic mail and by depositing said pleading in the United States Mail with sufficient postage affixed thereto addressed as follows:

        Skadden, Arps, Slate, Meagher & Flom LLP
        Attn: D. J. Baker
        Four Times Square
        New York, NY 10036
        djbaker@skadden.com
        Facsimile: (212) 735-2000

        *Counsel for Debtors*

                /s/ J. David Forsyth
                J. David Forsyth

Mob/6553-19649/Response to 16 Omnibus Objection – Winn Dixie Stores Inc case 081706.doc