**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 05-03817-3Fl |
| | § | |
| WINN-DIXIE STORES, INC., *et al.*, | § | |
| | § | |
| | § | CHAPTER 11 |
| DEBTORS. | § | |

**DELL MARKETING, L.P.'S RESPONSE TO DEBTORS' SIXTEENTH
OMNIBUS OBJECTION TO (A) MISCELLANEOUS CLAIMS,
(B) OVERSTATED CLAIMS AND (C) OVERSTATED MISCLASSIFIED
CLAIMS**

Dell Marketing, L.P. ("Dell") by and through the undersigned counsel, hereby files this Response to Debtors' Sixteenth Omnibus Objection to (A) Miscellaneous Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims (the "Objection"). Specifically, Dell files this response to the Objection as it relates to Dell's Proof of Claim, No. 286, in the amount of $442,147.71 ("Dell's Proof of Claim"). In support hereof, Dell respectfully shows the Court as follows:

**I.
ARGUMENT AND AUTHORITIES**

**A.    Standard for Claim Objections**

1.    A creditor's filing of a proof of claim that comports with Rule 3001 of the Federal Rules of Bankruptcy Procedure constitutes *prima facie* evidence of the amount and validity of such creditor's claim.  *See* Fed. R. Bankr. P. 3001(f); *In re Planet*

*Hollywood Int'l*, 274 B.R. 391, 394 (Bankr. D. Del. 2001) (citing *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173 (3d Cir. 1992)).

2.   Once a creditor files a proper proof of claim, the burden then shifts to the debtor to produce evidence to rebut the *prima facie* validity of such claim.  See *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d. Cir. 2000); *see also* 9 COLLIER ON BANKR. ¶ 3001.9[1] (15th ed. 2003).  In meeting its burden of production, the debtor must produce evidence rebutting the filed proof of claim of "probative force equal to the contents of the claim."  9 COLLIER ON BANKR. ¶ 3001.9[1]; *see also In re Brown*, 221 B.R. 46, 47 (Bankr. S.D. Ga. 1998) (holding that under Rule 3001(f) the debtor "bear[s] the initial burden of demonstrating 'by probative force equal to that of the allegations of the proofs of claim themselves' . . . that the claims should not be allowed.").

3.   In order to refute such *prima facie* validity, the party opposing a claim must present evidence sufficient to "negate one or more of the sworn facts in the proof of claim."  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).  An objection alone is insufficient to contest a proof of claim; the objection must contain "probative evidence to call a claim into question."  *In re King Resources Co.*, 20 B.R. 191, 197 (D. Colo. 1982); *see also In re Lanza*, 51 B.R. 125, 127 (Bankr. D.N.J. 1985) (finding that "the onus is on the debtor to overcome the presumption of validity").

**B.   Debtors' Objection as to Dell's Proof of Claim**

4.   In the Sixteenth Omnibus Objection, Debtors contend that Dell's Proof of Claim is overstated and should be reduced from $442,147.71 to $105,199.73.  Debtors, however, do not provide specific evidence or a basis on which to contest the validity of

Dell's claim or otherwise refute the *prima facie* validity of Dell's Claim. Rather, Debtors simply state in conclusory fashion that Dell's claim should be (i) reduced by $201.16 for a "net consumption waiver," (ii) be reduced by $6,437.29 for reclamation payments in process, and (iii) reduced by $330,309.53 for charges "lacking supporting documentation." (Objection, at Exhibit B).

5. These conclusory statements are not sufficient to rebut the *prima facie* validity of the Dell's Proof of Claim. In any event, Debtors are incorrect that Dell's claim should be reduced to $105,199.73. Rather, as discussed below, Dell's Proof of Claim should only be reduced by the $6,437.29 reclamation payment referenced in the Objection. Dell, therefore, should be granted an allowed claim in the amount of $435,710.42.

### C. Dell's Claim should be Allowed in the Amount of $435,710.42

6. The Debtors filed for relief from Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") on February 21, 2005.

7. On March 10, 2005, Dell timely filed its proof of claim, asserting a claim in the amount of $442,147.71. A true and correct copy of Dell's Proof of Claim is attached hereto as Exhibit 1. As shown by Exhibit 1, Dell's Proof of Claim provides the claim amount, the basis for the claim, and appropriate supporting documentation.

8. Debtors' contention that $330,309.53 of Dell's claim lacks support is simply incorrect. As Exhibit 1 shows, Dell's Proof of Claim is supported by extensive documentation, which supports the claim.[1]

---

[1] In addition, Debtors appear to claim that they made repeated requests that Dell provide supporting

9.  Dell specifically attached an explanation to its Proof of Claim, articulating the basis for the claim. In supporting this explanation, Dell attached copies of the actual invoices underlying the claim, which provided specific information such as the identification of the product shipped, customer number, purchase order number, order date, waybill number, payment terms, and amounts due and owing under the invoices.

10. In short, Dell's Proof of Claim contains all the required information and supporting documentation. Given the supporting documentation provided by Dell, Debtors' objection to Dell's Proof of Claim on the basis that it lacks supporting documentation must be denied.

11. Finally, Dell is not aware of any basis to reduce its claim by any "consumption waiver." Dell, however, has received the $6,437.29 reclamation payment referenced in the objection, and Dell agrees to reduce its claim by this amount. Therefore, once Dell's claim is reduced by this $6,437.29, Dell possesses a valid claim for $435,710.42. Dell, therefore, requests that it be granted an allowed claim in the amount of $435,710.42.

---

documentation. Dell is not aware of any repeated inquiries concerning the basis for the claim. Any information requested by Debtors was provided to the extent possible and/or included with Dell's Proof of Claim.

## II.
## CONCLUSION

11. For the reasons set forth above and as demonstrated by Exhibit 1, attached hereto, the Sixteenth Omnibus Objection should be denied as to Dell's Proof of Claim. Dell's Proof of Claim should be allowed in the full amount of $435,710.42.

Dated: August 18th, 2006

                                                    Respectfully submitted,

**FOLEY & LARDNER**

By: /s/ Lori V. Vaughan
Lori V. Vaughan
Florida State Bar No. 154921
100 North Tampa Street, Suite 2700
Tampa, Florida 33602
(813) 229-2300 (Telephone)
(813) 221-4210 (Telecopier)
lvaughan@foley.com

       and

/s/ G. James Landon
Sabrina L. Streusand
Texas State Bar No. 11701700
G. James Landon
Texas State Bar No. 24002445
111 Congress Avenue, Suite 900
Austin, Texas 78701
(512) 482-6842 (Direct Telephone)
(512) 482-6859 (Telecopier)
sabrina.streusand@hughesluce.com
landonj@hughesluce.com

**ATTORNEYS FOR DELL MARKETING, L.P.**

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served on the 26th day of August 2006 Via E-mail, on the following:

| | |
|---|---|
| D. J. Baker | Attorneys for Debtor |
| Sally McDonald Henry | |
| Rosalie Walker Gray | |
| Skadden, Arps, Slate, Meagher & Flom, LLP | |
| Four Times Square | |
| New York, NY 10036-6522 | |
| (212) 735-3000 | |
| (212) 725-2000 (facsimile) | |
| djbaker@skadden.com | |

                                                                                     /s/ *Lori V. Vaughan*
                                                                                      Lori V. Vaughan