**Hearing Date: August 31, 2006, 1:30 p.m.**
**Objection Deadline: August 29, 2006, 4:00 p.m.**

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |

## DEBTORS' MOTION FOR APPROVAL OF TERMINATION AGREEMENT FOR NON-RESIDENTIAL REAL PROPERTY LEASE AND FOR RELATED RELIEF (STORE NO. 2344)

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. § 363(b), approving an agreement which provides for the early termination and surrender of a non-residential real property lease for Debtors' Store Number 2344 (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors to serve in these cases pursuant to Sections 1102 and 1103 of the Bankruptcy Code.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by notice dated January 11, 2006.

## The Lease

4.      Winn Dixie leases a store located in Deland, Florida (Store No. 2344) (the "Leased Premises"), from Procacci Deland, LLC (the "Landlord") under a lease dated April 24, 1984 (the "Lease"). Winn-Dixie pays the Landlord $95,802 annually for the Leased Premises.  The Lease expires on April 30, 2009.

5.      Subject to court approval, the Landlord and Winn-Dixie have entered into a Lease Termination Agreement dated June 29, 2006 (the "Lease Termination Agreement").   Pursuant to the terms of the Lease Termination Agreement: (i) the Landlord and Winn-Dixie will terminate the Lease, (ii) Winn-Dixie will have the right to remain in possession of the Leased Premises through June 9, 2007 without paying rent, (iii) the Landlord will not permit any premises in the Shopping Center to be occupied for the sale of food for off-premises

consumption, the sale of health and beauty aids and/or the sale of prescription drugs, prior to June 9, 2017, (iv) notwithstanding the terms of the Lease, the Landlord may obtain a dollar store tenant for the shopping center (except a Dollar General Market or a similar concept) and single convenience/specialty grocers which sell food for off premises consumption, so long as such use does not exceed 2,500 square feet, (v) upon court approval of the Motion, the Landlord or the Landlord's mortgagee, Wachovia Bank, National Association, will pay Winn-Dixie $100,000 in full satisfaction of all the Landlord's obligations to Winn-Dixie under the Lease, (vi) Winn-Dixie will maintain insurance as required under Article 12 until Winn-Dixie surrenders possession of the premises to the Landlord, and (vii) the Landlord will waive any and all claims Landlord may have against the Debtors including, without limitation, any and all rejection damages under Section 502(b) of the Bankruptcy Code.

6.     This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

7.     The statutory predicate for the relief requested in the Motion is Section 363 of the Bankruptcy Code.

**Relief Requested**

8.     By this Motion, the Debtors seek an order of the Court approving the Lease Termination Agreement and authorizing Winn-Dixie to terminate the Lease.

9.    Winn-Dixie is authorized to enter into the Lease Termination Agreement under Section 363(b) of the Bankruptcy Code, which permits a debtor to "use, sell or lease" property of the estate after notice and hearing. Winn-Dixie's entry into the Lease Termination Agreement should be approved because it is supported by a sound business reason. *See In re Chateaugay Corp.*, 973 F.2d 141 (2nd Cir. 1992) (holding that a court determining a §363(b) application must find from the evidence before it a good business reason to grant the application).

10.    By entering into the Lease Termination Agreement, Winn-Dixie will receive $100,000, be able to remain on the premises through June 28, 2007 without paying rent, and avoid any and all claims by the landlord for any damages arising under the Lease including, without limitation, any and all rejection damages pursuant to §502(b)(6) of the Bankruptcy Code. Winn-Dixie has therefore determined that entering into the Lease Termination Agreement is in the best interest of its estate.

### Notice

11.    Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Landlord. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit A (i) approving the Lease Termination Agreement; (ii) authorizing Winn-Dixie to terminate the Lease; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  August 18, 2006

SKADDEN, ARPS, SLATE, MEAGHER    SMITH HULSEY & BUSEY
& FLOM LLP

By___*s/ D. J. Baker*_____          By___*s/ Cynthia C. Jackson*_____
    D. J. Baker                                    Stephen D. Busey
    Sally McDonald Henry                  James H. Post
    Rosalie Walker Gray                    Cynthia C. Jackson, F.B.N. 498882

Four Times Square                              225 Water Street, Suite 1800
New York, New York 10036              Jacksonville, Florida 32202
(212) 735-3000                                   (904) 359-7700
(212) 735-2000 (facsimile)              (904) 359-7708 (facsimile)
djbaker@skadden.com                       cjackson@smithhulsey.com

Co-Counsel for Debtors                     Co-Counsel for Debtors

00540263

## <u>EXHIBIT A</u>