**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**NOTICE OF FILING**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors in possession, give notice of filing of the attached Final Report of the Review and Analysis prepared by Stuart Maue, Fee Examiner, of the Third Interim Fee Application of Kirschner & Legler, P.A., for Period from October 1, 2005, through and including January 31, 2006.

Dated: August 18, 2006.

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By   *s/ D. J. Baker*  <br>     D. J. Baker <br>     Sally McDonald Henry <br>     Rosalie Gray | By   *s/ Cynthia C. Jackson*  <br>     Stephen D. Busey <br>     James H. Post <br>     Cynthia C. Jackson |
| Four Times Square <br> New York, NY  10036 <br> (212) 735-3000 <br> (917) 777-2150 (facsimile) <br> djbaker@skadden.com | Florida Bar Number 498882 <br> 225 Water Street, Suite 1800 <br> Jacksonville, FL  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## United States Bankruptcy Court
## Middle District of Florida
## Jacksonville Division

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**Fee Examiner's Report for Third Interim Fee Application of
Kirschner & Legler, P.A., for Period from
October 1, 2005 through and including January 31, 2006**

Stuart Maue, acting in its capacity as fee examiner in the above-captioned proceeding, submits the final written report of its review and analysis of the Third Interim Fee Application of Kirschner & Legler, P.A., for the period from October 1, 2005, through and including January 31, 2006.

1.   On December 14, 2005, the Court entered an order effective December 1, 2005, authorizing the employment and retention of Stuart Maue to serve as fee examiner and to review all fee applications filed with the Court and the statements submitted by professionals retained by Wachovia Bank, N.A. in its capacity as agent for itself and other postpetition lenders (the "Agent").

-2-

2.      Stuart Maue conducted a review and analysis of the Third Interim Application of Kirschner & Legler, P.A. and submits the Final Report which is attached, marked as Attachment 1, and incorporated by reference.

                Respectfully Submitted,

                STUART MAUE

                By _/s/ L.K. Cooper_
                Linda K. Cooper
                3840 McKelvey Road
                St. Louis, Missouri 63044
                314-291-3030
                314-291-6546 (facsimile)

                Fee Examiner

ATTACHMENT 1

# Final Report of the Review and Analysis of

# Third Interim Fee Application Submitted by

**KIRSCHNER & LEGLER, P.A.**
of
Jacksonville, Florida

For the Interim Period

**October 1, 2005 Through January 31, 2006**



In the Matter Entitled

*In re: Winn-Dixie Stores, Inc., et al.*

**United States Bankruptcy Court
Middle District of Florida
Jacksonville Division**

Case No. 05-03817-3F1



Issued

**July 27, 2006**

*Stuart Maue*

## KIRSCHNER & LEGLER, P.A.

### SUMMARY OF FINDINGS

#### Third Interim Application (October 1, 2005 Through January 31, 2006)

##### A. Amounts Requested and Computed

| | | |
|---|---:|---:|
| Fees Requested | $49,230.00 | |
| Expenses Requested | 101.69 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $49,331.69 |
| Fees Computed | $48,825.00 | |
| Expenses Computed | 101.69 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $48,926.69 |
| Discrepancies in Fees: | | |
|    Task Hours Not Equal to Entry Hours | $ 405.00 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $ 405.00 |

##### B. Professional Fees

###### 1. Compliance With Guidelines

| Page No. | | Fees | Percentage of Total Fees |
|---|---|---:|---:|
| 5 | Fees Attributable to Hourly Rate Increases | $1,627.50 | 3% |

*Stuart Maue*

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ............................................................................................. 1

II. PROCEDURES AND METHODOLOGY ....................................................... 2
    A.    Appendix A ............................................................................................ 2
    B.    Overlap Calculation ............................................................................... 2

III. RECOMPUTATION OF FEES AND EXPENSES .......................................... 3

IV. REVIEW OF FEES .......................................................................................... 4
    A.    Technical Billing Discrepancies ............................................................ 4
    B.    Compliance With Billing Guidelines .................................................... 4
        1.    Firm Staffing and Rates............................................................. 4
            a)    Timekeepers and Positions ............................................ 4
            b)    Hourly Rate Increases ................................................... 5
        2.    Time Increments ........................................................................ 5
        3.    Complete and Detailed Task Descriptions................................. 5
        4.    Blocked Entries ......................................................................... 6
        5.    Multiple Professionals at Hearings and Conferences ............... 6
    C.    Fees to Examine for Necessity, Relevance, and Reasonableness.................. 7
        1.    Personnel Who Billed 10.00 or Fewer Hours ........................... 7
        2.    Long Billing Days ..................................................................... 7
        3.    Administrative/Clerical Activities ............................................ 8
        4.    Legal Research .......................................................................... 8
        5.    Travel ........................................................................................ 9
        6.    Summary of Projects ................................................................. 9

V. REVIEW OF EXPENSES............................................................................... 10

*Stuart Maue*

## I. INTRODUCTION

The United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, entered an order effective December 1, 2005, authorizing the employment and retention of Stuart, Maue, Mitchell & James, Ltd. ("Stuart Maue") to serve as fee examiner in the jointly-administered cases entitled: *In re: Winn-Dixie Stores, Inc., et al.*, Case No. 05-03817-3F1. The order authorized and directed Stuart Maue to review all fee applications filed with the Court and to review the statements submitted by professionals retained by Wachovia Bank, N.A. in its capacity as agent for itself and other postpetition lenders (the "Agent").

The review and analysis of the professionals' fee applications are pursuant to the applicable standards of 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the local rules of this Court (the "Local Rules"), and the United States Trustee Guidelines for Reviewing Applications for the Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "U.S. Trustee Guidelines"). The statements submitted by the professionals retained by the Agent are reviewed and analyzed pursuant to a reasonableness standard as referenced in 11 U.S.C. § 328 and the Bankruptcy Rules.

Stuart Maue conducted a review and analysis of the "Third Interim Application of Kirschner & Legler, P.A. for Allowance and Payment of Compensation for Services Rendered and Reimbursement of Costs Advanced (October 1, 2005 through January 31, 2005)" (the

I. INTRODUCTION (Continued)

"Application").  Kirschner & Legler, P.A ("Kirschner & Legler"), located in Jacksonville, Florida, represents Winn-Dixie Stores, Inc., as special corporate counsel.

Stuart Maue prepared an initial written report of the review and analysis of the Application and provided that report to Kirschner & Legler and the U.S. Trustee for review prior to completing a final written report.

## II.    PROCEDURES AND METHODOLOGY

### A.    Appendix A

Stuart Maue's procedures and methodology for reviewing fees and expenses and for information regarding the exhibits are presented in Appendix A attached to this report.

### B.    Overlap Calculation

During Stuart Maue's review and analysis, a task or entry may be included in more than one category and appear on more than one exhibit.  For example, a task or entry may be classified as both blocked billing and intraoffice conference.  When a task or entry is included in more than one category, "overlap" occurs among the hour and fee calculations for those categories.  In order to ensure that the hours and fees for a task or entry are not "counted" more than once in any reduction of fees, Stuart Maue calculated the overlap.

Stuart Maue notes that there was no overlap between any fee or expense entries in the Application.

*Stuart Maue*

### III.   RECOMPUTATION OF FEES AND EXPENSES

Kirschner & Legler requested the following professional fees and expenses in the Application:

|                                  |             |
|----------------------------------|-------------|
| Professional Fees Requested:     | $49,230.00  |
| Expense Reimbursement Requested: | 101.69      |
| Total Fees and Expenses:         | $49,331.69  |

Stuart Maue recomputed the total fees and expenses and compared this to the fees and expenses requested in the Application. The hours of the sole professional who billed during this interim period were totaled and these amounts were multiplied by his hourly rate. The recomputation of fees revealed that the requested amount was $405.00 more than the computed amount. This discrepancy is the result of task hours within some entries that did not equal the time billed for the entry as a whole. The discrepancies are displayed in the following table:

| Invoice Number | Matter Name | Entry Number | Entry Date | Entry Hours | Sum of Task Hours | Timekeeper | Rate | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| 2222636147 | Asset Disposition | 18 | 10/06/05 | 6.20 | 5.90 | Kirschner | $450.00 | 0.30 | $135.00 |
| 2222636147 | Asset Disposition | 23 | 10/12/05 | 3.10 | 2.60 | Kirschner | $450.00 | 0.50 | 225.00 |
| 2239636147 | Asset Disposition | 40 | 11/21/05 | 1.10 | 1.00 | Kirschner | $450.00 | 0.10 | 45.00 |
|  |  |  |  |  |  |  |  | **TOTAL** | $ 405.00 |

The recomputation of expenses revealed no difference between the amount requested for reimbursement and the computed amount. This initial report is based on the fees and expenses computed by Stuart Maue.

*Stuart Maue*

## IV. REVIEW OF FEES

### A. Technical Billing Discrepancies

Stuart Maue examined the billing entries for apparent irregularities such as double billing, wrong case billings, and missing task descriptions. There were no technical billing discrepancies identified.

### B. Compliance With Billing Guidelines

Stuart Maue reviewed and analyzed the fees and billing entries for compliance with the standards for compensation as set forth in the U.S. Trustee Guidelines. The following discusses the firm's compliance with these guidelines.

#### 1. Firm Staffing and Rates

**The following information should be provided in every fee application: (iii) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11." U.S. Trustee Guidelines (b)(1)(iii)**

##### a) Timekeepers and Positions

Kirschner & Legler staffed this matter with one timekeeper, namely, shareholder Kenneth M. Kirschner. Mr. Kirschner's hourly rate was $450.00 and he billed a total of 108.50 hours with associated fees of $48,825.00.

**IV.  REVIEW OF FEES  (Continued)**

### b) Hourly Rate Increases

Kirschner & Legler did not increase the hourly rate of Mr. Kirschner during the third interim period; however, his billing rate was increased during the second interim period. The following table displays the beginning hourly rate, the increased hourly rate and the fees attributable to the rate increase during this interim period:

| Beginning Rate | Current Rate | Percentage Increase in Rate | Hours Computed | Fees Computed | Fees at Beginning Rate | Fees Attributable to Rate Increases | Percentage of Total Fees Computed |
|---|---|---|---|---|---|---|---|
| $435.00 | $450.00 | 3% | 108.50 | $48,825.00 | $47,197.50 | $1,627.50 | 3% |

**2.   Time Increments**

**Time entries should be kept contemporaneously with the services rendered in time periods of tenths of an hour.  U.S. Trustee Guidelines (b)(4)(v)**

All the billing entries in the Application contained a time allotment and were billed in tenths-of-an-hour increments.

**3.   Complete and Detailed Task Descriptions**

**Services should be noted in detail...  Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference.  U.S. Trustee Guidelines (b)(4)(v)**

Activity descriptions should identify each service separately and sufficiently so that the benefit derived from such service may be ascertained, and it may be determined that the time expended was reasonable and necessary.

*Stuart Maue*

**IV.  REVIEW OF FEES  (Continued)**

Kirschner & Legler's activity descriptions were sufficiently detailed, identified the parties involved, and included the type of activity and the subject or purpose of the activity.

**4.    Blocked Entries**

**Services should be noted in detail and not combined or "lumped" together, with each service showing a separate time entry; however, tasks performed in a project which total a de minimis amount of time can be combined or lumped together if they do not exceed .5 hours on a daily aggregate.**  U.S. Trustee Guidelines (b)(4)(v)

Kirschner & Legler's activity descriptions were not combined or lumped. Some billing entries contained multiple tasks, but each task within the entry was a single activity and had a separate time allotment assigned.

**5.    Multiple Professionals at Hearings and Conferences**

**If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees.**  U.S. Trustee Guidelines (b)(4)(v)

When more than one timekeeper bills to attend a meeting, hearing, or other event, the task descriptions should identify and explain the role of each timekeeper who billed for that attendance and the need for multiple attendees. As previously noted, shareholder Kenneth M. Kirschner was the only timekeeper who billed to the matter during this interim period.

C. **Fees to Examine for Necessity, Relevance, and Reasonableness**

Stuart Maue reviewed the Application and has identified several billing practices to examine for necessity, relevance, and reasonableness under the standards of Section 330 of the Bankruptcy Code.

1. **Personnel Who Billed 10.00 or Fewer Hours**

    A review of the fee entries of timekeepers who bill relatively few hours to a matter allows a determination of whether these timekeepers are duplicating the work of others, whether the use of these timekeepers increases the cost to the estate because of orientation or the "getting-up-to-speed" that may be required, or whether the small amount of time billed contributed to the advancement of the case.  Since Mr. Kirschner was the only timekeeper, there were no timekeepers who billed 10.00 or fewer hours.

2. **Long Billing Days**

    Courts have generally held that billable time for professional services should include only those tasks that relate directly to work for the client. Professionals necessarily must spend some portion of each day on personal matters (such as meals and breaks) and frequently spend time on administrative matters, such as training or supervision of others.  Professionals may periodically work extraordinarily long hours without many breaks because of the demands of the representation.  However, such long hours are generally related to identifiable circumstances such as court deadlines, travel, or event

attendance.  Mr. Kirschner, the sole timekeeper, did not bill in excess of 12.00 hours on any one day.

**3.     Administrative/Clerical Activities**

Activities associated with the day-to-day operations of the professional firm are considered to be administrative in nature and, as such, are reflected in the hourly rates charged by the firm.

Clerical activities include tasks that may be effectively performed by administrative assistants, secretaries, or support personnel.  The performance of clerical or secretarial tasks by attorneys, accountants, paralegals, and other paraprofessionals generally constitute nonbillable time and should be delegated to nonbilling staff members.  Courts have held that time spent performing administrative or clerical activities such as filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, photocopying, scanning documents, training and assignment of tasks to staff members, or "supervising" any of the foregoing is not compensable.

Stuart Maue did not identify any task descriptions referencing administrative or clerical activities.

**4.     Legal Research**

Stuart Maue reviewed all billing entries to identify activities describing legal research so that a determination may be made of whether the issues researched should be familiar to experienced attorneys, whether the research is

*Stuart Maue*
**IV.  REVIEW OF FEES  (Continued)**

performed by attorneys with the appropriate level of experience, and whether the fees billed for research are otherwise reasonable, necessary, and relevant. There were no entries describing legal research.

**5.     Travel**

The Application included no entries describing travel-related activities.

**6.     Summary of Projects**

Kirschner & Legler categorized its services into four billing projects. The firm's billing projects did not include a project category related to the retention and compensation of the firm and Stuart Maue did not identify any entries related to the retention and compensation of the firm.  It appears that the firm did not bill the estate for those activities.

The following table displays the firm's project categories, the associated hours and fees, and the projects' percentage of the total fees requested by the firm.  Exhibits of each project displaying a summary of hours and fees and exhibits of each project displaying the full text of each entry are available upon request to Stuart Maue.

| Project | Hours | Fees | Percentage |
|---|---|---|---|
| Bankruptcy Proceeding – General Matters | 10.70 | $4,815.00 | 10% |
| DIP Store Sales/Closing | 3.90 | $1,755.00 | 4% |
| Schreiber Dispute | 0.30 | $135.00 | * |
| Asset Disposition | 93.60 | $42,120.00 | 86% |

*Stuart Maue*

## V. REVIEW OF EXPENSES

In the Application, Kirschner & Legler requested reimbursement of expenses in the amount of $101.69. This expense was for express delivery and courier services.