**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' MOTION SEEKING APPROVAL OF STIPULATION**
**REGARDING PROOFS OF CLAIM FILED BY**
**BROOKSHIRE GROCERY COMPANY**

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper.  If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, (ii) Rosalie Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com and (iii) Office of the United States Trustee, 135 west Central Boulevard, Room 620, Orlando, Florida 32801, ElenaL.Escamilla@usdoj.gov.

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. hereby move pursuant

to Rules 2002 and 9019, Federal Rules of Bankruptcy Procedure, and Local Rule 2002-4, for

entry of an order in the form attached as Exhibit A, approving the attached Stipulation regarding

the proofs of claim filed in these cases by Brookshire Grocery Company.  If no objection to the

proposed Stipulation and Order is filed and served within the time set forth above, the Debtors

will ask the Court to enter the Order without further notice or hearing.

Dated:  August 18, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By    /s/ D. J. Baker
      D. J. Baker
      Sally McDonald Henry
      Rosalie Walker Gray
      Adam S. Ravin

Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com


Co-Counsel for Debtors

SMITH HULSEY & BUSEY

By    /s/ Cynthia C. Jackson
      Stephen D. Busey
      Cynthia C. Jackson (FBN 498882)


225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com


Co-Counsel for Debtors

## **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER APPROVING STIPULATION REGARDING**
**PROOFS OF CLAIM FILED BY BROOKSHIRE GROCERY COMPANY**

These cases came to be heard upon the motion of Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. (together the "Debtors") for approval of the attached stipulation (the "Stipulation") between the Debtors and Brookshire Grocery Company (the "Motion"). The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to object within 20 days of the date of service. No party filed an objection within the time permitted. The Court therefore considers the matter to be unopposed; it is

ORDERED that the Motion is granted and the Stipulation is approved.

Dated this ____ day of _____, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:
Cynthia C. Jackson, Attorney for Debtors
Adam S. Ravin, Attorney for Debtors
C. Luckey McDowell, Attorney for Brookshire's

**<u>Exhibit 1</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | *Chapter 11* |
| Debtors. | Jointly Administered |

**STIPULATION REGARDING PROOFS OF CLAIM FILED BY**
**BROOKSHIRE GROCERY COMPANY**

Winn-Dixie Stores, Inc. ("Winn-Dixie Stores") and Winn-Dixie Montgomery, Inc. ("Winn-Dixie Montgomery" and, together with Winn-Dixie Stores, the "Debtors") on the one hand, and Brookshire Grocery Company ("Brookshire's") on the other hand, stipulate as follows:

<u>RECITALS</u>

A.    On June 23, 2006, the Debtors filed a motion seeking to reject (a) a certain assignment agreement dated June 21, 2002 (the "Assignment Agreement") between Brookshire's and the Debtors and (b) the related lease of certain non-residential real property commonly referred to as Store 2435 (the "Lease").

B.    On July 13, 2006, the Court entered an order authorizing rejection of the Assignment Agreement and the Lease;

C.    On July 24, 2006, Brookshire's timely filed a proof of claim against Winn-Dixie Stores for rejection damages in the amount of $456,100 (the "Winn-Dixie Stores Claim");

D.    On July 24, 2006, Brookshire's also timely filed a proof of claim against Winn-Dixie Montgomery for rejection damages in the amount of $456,100 (the "Winn-Dixie Montgomery Claim");

E.     The Debtors have reviewed the Winn-Dixie Stores Claim and the Winn-Dixie Montgomery Claim;

F.     The Debtors and Brookshire's have resolved the allowance and treatment of the Winn-Dixie Stores Claim and the Winn-Dixie Montgomery Claim under the proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated August 9, 2006 (as amended, the "Plan"); and

G.     The Debtors and Brookshire's agree that entry of this Stipulation is in the best interests of the Debtors' respective estates.

## AGREEMENT

NOW THEREFORE, IT IS AGREED, subject to approval of the Bankruptcy Court, that:

1.     The Winn-Dixie Stores Claim shall be allowed as a Class 13 Landlord Claim (as defined in the Plan) in the amount of $456,100;

2.     Upon the effective date, and only upon the effective date, of the Plan incorporating the Substantive Consolidation Compromise (as that term is defined in the Plan), the Winn-Dixie Montgomery Claim shall be deemed disallowed and expunged without need for further order.

3.     In the event that the Plan (incorporating the Substantive Consolidation Compromise) is not confirmed and/or the effective date does not occur, nothing in the Order approving this Stipulation shall disallow, expunge, or otherwise prejudice the Winn-Dixie Montgomery Claim or the Winn-Dixie Stores Claim.

*[signatures on following pages]*

Dated as of August 18, 2006:

| **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** | **BAKER BOTTS L.L.P.** |
|---|---|
| By   _/s/ D. J. Baker_ <br>     D. J. Baker <br>     Sally McDonald Henry <br>     Rosalie Walker Gray <br>     Adam S. Ravin | By   _/s/ C. Luckey McDowell_ <br>     C. Luckey McDowell |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | Texas State Bar No. 24034565 <br> 2001 Ross Avenue <br> Suite 800 <br> Dallas, TX 75201 <br> (214) 953-6571 <br> (214) 661-4571 (facsimile) <br> luckey.mcdowell@bakerbotts.com |
| **COUNSEL TO DEBTORS** | **COUNSEL TO BROOKSHIRE GROCERY COMPANY** |

3