IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
JACKSONVILLE, FLORIDA
AUG 18 2006
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

IN RE:

WINN DIXIE STORES, INC.                    CASE NO:    3-05-BK-3817

_____/

## PETITION FOR RELIEF FROM STAY

COMES NOW the Petitioner, JILL SPRADLIN, by and through her undersigned counsel, and would Petition this Court for a relief from the stay granted in this matter as to any claims and would show:

1. JILL SPRADLIN has a tort claim against Winn Dixie Stores, Inc. regarding a "slip and fall" in a Winn Dixie Store that occurred on or about September 12, 2004.

2. This incident occurred at Winn Dixie Store # 0678 located at River Bay Plaza, 9822 S. U. s. Hwy 301, Riverview, FL.

3. At the time of the incident Winn Dixie Stores, Inc. was insured for these types of incidents by ACE American Insurance Company under policy # XSLG21708069 with effective dates from July 1, 2004 through February 20, 2005.

4. The Petitioner intends to limit her claim to the insurance proceeds available under the referenced policy and seeks nothing from the Debtor or the Debtors, estate.

5. The Debtor will be named only as a nominal defendant in order to establish the liability of the insurance carrier.

6. Although the Petitioner had previously entered into an agreement with the Debtor regarding this claim, such agreement is void for the following reasons:

a. The agreement was based on discussions with representatives of the Debtor

and the Petitioner, unrepresented, and the Debtor's representatives erroneously informed the Petitioner that if she did not agree to their terms she would receive nothing and that there was no way for her to proceed on her claim due to the Stay, which information was false or misleading.

b.  The agreement was based on the representatives of the Debtor refusing to accept the Petitioner's initial demands and informing her that they could not even guarantee that she would receive the much lower amount that they agreed to seek from this Court.

c.  The agreement was not reviewed by any counsel for the Petitioner.

## AUTHORITY

The Petitioner would cite to the Court the cases of *In Re Doar*, 234 BR 203 (N.D.Ga. 1999, *In Re Fine Air Services, Corp.*, Case NO: 00-18671 BKC-AJC through 00-18675 - BKC-AJC, (S.D.Fla. 2005) and *In Re HNRD Dissolution Co.*, Case NO: 02-14261 (E.D.Ky 2005) to support this Petition.

The cited cases all allowed for the filing of a claim against the insurance coverage available to the Debtor since the claim does not involve the bankruptcy estate. Additionally, the various Courts rejected Debtor's arguments that a Notice of Claim had been filed thereby barring the claim, that a Notice of Claim had not been filed, that the civil action would increase future insurance premiums, that providing discovery information would require the expenditure of estate funds, and that the claims amounted to attempts to modify the Plans for reorganization.

WHEREFORE, based on the foregoing, the Petitioner would pray this Court to:

A.  Set aside any "agreement" entered into by the Petitioner and the Debtor's

representatives,

B. Grant a Relief from the Automatic Stay so as to allow the Petitioner to proceed solely against the insurance coverage,

C. To allow the Petitioner to name Winn Dixie Stores, Inc. as a defendant in her action solely to establish the liability of the insurance carrier, and

D. for such other relief as is proper.

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been served on the debtor by us mail and the debtors attorney, US trustee and rule 1007 D parties and in interest distributed electronically to the interested parties on this, the 11th day of August, 2006.

JEFFREY A. BLAU, Esq.
213 E. Davis Blvd.
Tampa, FL. 33606
(813) 254-6906
(813) 254-6891 Facsimile
Fla. Bar NO: 256897
JeffreyABlauEsq@msn.com