UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                              CASE NO.: 3:05-bk-03817-JAF

                                    CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

        Debtors.      Jointly Administered

---

**RESPONSE OF OCEAN 505 ASSOCIATES, L.L.C.
AND GRANDECKS ASSOCIATES, L.L.C. TO
DEBTORS' SIXTEENTH OMNIBUS OBJECTION TO
(A) MISCLASSIFIED CLAIMS, (B) OVERSTATED
CLAIMS, AND (C) OVERSTATED MISCLASSIFIED CLAIMS**

Ocean 505 Associates, L.L.C., and Grandecks Associates, L.L.C. (collectively, "Claimant"), by and through their undersigned counsel, respond to the Debtors' Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims, and (C) Overstated Misclassified Claims (the "Objection"), and state as follows:

1. On October 14, 2005, Claimant timely filed a proof of claim, which has been designated Proof of Claim No. 12009 (the "Claim"), against Winn-Dixie Montgomery, Inc. ("Debtor-Tenant"), relating to the Debtor-Tenant's lease ("Lease"), as tenant, of commercial space ("Leased Space") owned by Claimant in Jackson, Mississippi. A true and correct copy of the Claim (with its supplement but without its exhibits) is attached hereto and incorporated

herein as Exhibit "A". A true and correct copy of the Lease is attached hereto and incorporated herein as Exhibit "B".

2. The total amount of the Claim was $342,417.38, comprising the following amounts:

- $242,417.38, being the base rent, taxes, and insurance that would come due (or that were estimated to come due) during the period of time beginning with the date the Debtor-Tenant rejected the Lease and constituting fifteen percent (15%) of the remaining term of the lease (i.e., the rejection damages contemplated by Bankruptcy Code §502(b)(6)), and

- $100,000.00, being Claimant's estimate of the expense that Claimant will incur as a result of the Debtor-Tenant's decision to leave the Debtor-Tenant's furniture, fixtures, and equipment ("FF&E") in the Leased Space.

3. On or about July 31, 2006, the Debtors filed the Objection, which includes the Claim in the list of allegedly "Overstated and Misclassified Claims To Be Reduced and Reclassified" that is set forth in Exhibit C to the Objection.

4. The Debtors' notation next to the listing of the Claim in Exhibit C indicates that the Debtors believe that the amount of the Claim must be reduced for two reasons:

2

- The Debtors believe that Claimant's calculation of its rejection damages is $2,089.24 too high; the Debtors believe that the actual calculation should be $240,328.14 rather than the amount ($242,417.38) noted above.

- The Debtors believe that the entire $100,000 estimated by Claimant as its damage for removal of the Debtor's FF&E should be eliminated from the Claim for lack of supporting documentation.

5. The Debtors do not explain why they believe Claimant's calculation of its rejection damages is incorrect.

6. Claimant believes that its calculation of its rejection damages is correct under Bankruptcy Code §502(b)(6): It is one hundred percent (100%) of the total base rent scheduled to come due, the taxes estimated to come due, and the insurance estimated to come due, for the period of time that represents the first fifteen percent (15%) of the period of time that began on the effective date of the Debtor-Tenant's rejection of the Lease, and continues through the remainder of the original term of the Lease.

7. In support of Claimant's estimate as to the cost that Claimant will incur as a result of the Debtor-Tenant's decision to leave its FF&E in the Leased Space, Claimant

3

(i) attaches hereto and incorporates herein as Exhibit "C" photographs of the FF&E taken earlier this month (August 2006), and (ii) attaches hereto and incorporates herein as Exhibit "D" a document prepared by Jackson Building Construction Inc., dated and provided to Claimant on August 18, 2006, proposing to undertake for a total of $107,589.00 the following work with regard to the FF&E: disassembly and removal of the FF&E (including the disposal of refrigerant), repair of the flooring, repair of the walls, repainting, and cleaning and waxing of the flooring.

8. The Debtors' allege that some or all of the Claim is misclassified, but the Debtors do not explain which portion of the Claim is misclassified and what the proper classification of that portion of the Claim should have been. Accordingly, Claimant submits that its classification of the entire Claim is correct.

9. None of the Claim has been paid.

10. Claimant reserves its right to supplement this response, (i) if and when the Debtors explain what portion of the Claim they believe to be misclassified and how that portion of the claim should be reclassified, and (ii) as otherwise appropriate.

DATED this 21st day of August 2006.

HELD & ISRAEL

By: _____
Kimberly Held Israel, Esquire
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
afrisch@hilawfirm.com
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

SCHNADER HARRISON SEGAL & LEWIS LLP

William J. Maffucci, Esq.
1600 Market St., Ste. 3600
Philadelphia, PA 19103
(215) 751-2210 Telephone
(215) 972-7375 Facsimile
wmaffucci@schnader.com