FORM B10 (Official Form 10) (4/01)

| United States Bankruptcy Court for the Middle District of Florida | PROOF OF CLAIM |
|---|---|
| In re (Name of Debtor)<br>WINN-DIXIE MONTGOMERY, INC. | Case Number 05-03837-3F1 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name and Address of Creditor (The entity to whom the debtor owes money or property)<br><br>ECKSTEIN PROPERTIES LLC, as agent for<br>OCEAN 505 ASSOCIATES, L.L.C., and<br>GRANDECKS ASSOCIATES, L.L.C.)<br>60 Broad Street, Suite 3503<br>New York NY 10004<br>  Att'n: Mr. Shimon Eckstein<br>Tel. 212-668-0101 x101  Fax 212-344-0901 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| B. Name and Address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above  X additional address.<br><br>c/o William J. Maffucci, Esq.<br>SCHNADER HARRISON SEGAL & LEWIS LLP<br>1600 Market St., Ste. 3600<br>Philadelphia PA 19103<br>Tel. 215-751-2210  Fax 215-972-7375 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>X Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces ☐ amends a previously filed claim, claim, dated | |

1. BASIS FOR CLAIM
☐ Goods sold to debtor(s)          X Taxes                        ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Services performed for debtor(s) ☐ Severance agreement
☐ Goods purchased from debtor(s)   ☐ Refund                       ☐ Wages, salaries, and compensations (Fill out below)
☐ Money loaned                     X Real property lease             Your social security number: _____
☐ Personal injury/wrongful death     (rejection of lease)           Unpaid compensations for services performed from
☐ Other                                                                  (date) _____ to _____ (date)

2. DATE DEBT WAS INCURRED
Date of Lease: 6/06/84   Date of Rejection: 09/30/05 (approx.)

3. IF COURT JUDGMENT, DATE OBTAINED:

4. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED: $___ see attached supplement _____
If all or part of claim is secured or entitled to priority, also complete Item 5 or 6 below.   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of additional charges.

| 5. SECURED CLAIM<br><br>☐ Check this box if your claim is secured by collateral<br>    (including a right of setoff) | 6. UNSECURED PRIORITY CLAIM<br>☐ Check this box if you have an unsecured priority claim |
|---|---|

7. CREDITS: The amount of all payments on this claim has been credited and deducted for the purposes of making this proof of claim.
8. SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
9. DATE-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a SASE and a copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date
Oct. 14, 2005

ECKSTEIN PROPERTIES, LLC • OCEAN 505 ASSOCIATES, LLC • GRANDECKS ASSOCIATES

By: /s/ _____  • By: /s/ _____  • By: /s/ _____
SHIMON ECKSTEIN,    SHIMON ECKSTEIN,    SHIMON ECKSTEIN,
(Managing Member)   Managing Member     Managing Member
(incorporating herein the supplement attached hereto)

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

PHDAIA 1319821 1                              EXHIBIT "A"

In re **WINN-DIXIE STORES, INC.**, et al, 05-03817-JAF (jointly administered)

SUPPLEMENT TO
PROOF OF CLAIM OF
**ECKSTEIN PROPERTIES, LLC, as agent for**
**OCEAN 505 ASSOCIATES, L.L.C. and GRANDECKS ASSOCIATES, L.L.C**

1. The undersigned is the managing member of Eckstein Properties, LLC ("Eckstein"), which is the authorized agent for Ocean 505 Associates, L.L.C. ("Ocean") and Grandecks Associates, L.L.C. ("Grandecks"), the owner of the real property ("Realty") relevant to this claim. The undersigned is also the managing member of Ocean and of Grandecks. As such, the undersigned is authorized to file this proof of claim ("Proof of Claim") on behalf of Eckstein, Ocean, and Grandecks (collectively, "Claimant").

2. The mailing address of Claimant for purposes of all notices to Claimant relating to this Claim is c/o Eckstein Properties, Suite 3503, 60 Broad Street, New York NY 10004.

3. WINN-DIXIE MONTGOMERY, INC., ("Debtor"), as successor to Winn-Dixie Louisiana, Inc., is indebted to Claimant in the amounts set forth below.

4. Debtor's liability arises from its obligations pursuant to (i) commercial leases (collectively, "Lease") dated June 6, 1984, as amended, and Sept 27, 1990, the individual leases being ultimately consolidated by instrument dated June 11, 1992. Attached hereto and incorporated herein as Exhibit A is true and complete copy of the documents encompassed within the Lease.

5. The term ("Lease Term") of the Lease extended through and

included June 30, 2009 ("Lease Termination Date"), that date being the end of the month in which the twenty-fifth (25th) anniversary of the commencement of the Lease (*See* ¶ 2 of the lease instrument dated June 6, 1984.)

6. The Lease encompasses 57,276 square fee of commercial space ("Leased Space") within the Realty, which is located at or near 6240 Old Canton Road in Jackson, Mississippi  (*See* ¶ 2.C. of the "Agreement Consolidated and Amending Lease" dated June 11, 1992.)

7. The liability (i) arises under the Lease and (ii) results from Debtor's rejection ("Lease Rejection") or impending rejection of the Lease pursuant to Bankruptcy Code § 365(a), as set forth in a notice ("Rejection Notice") dated Sept. 14, 2005. Attached hereto and incorporated herein as Exhibit B is a true and complete copy of the Rejection Notice and of the cover letter by which counsel for Debtor transmitted the Rejection Notice.

8. The exact date of the Lease Rejection is uncertain, because (i) as set forth in the Rejection Notice (and as contemplated by the underlying orders) the Lease Rejection would be effective only after Claimant vacated and surrendered the Leased Space but (ii) Debtor, having allowed a third party ("Third Party") to occupy the Leased Space shortly before serving the Rejection Notice, the Third Party remaining in the Leased Space after the "anticipated date of rejection," Sept. 24, 2005, designated contemplated in the cover letter of the Rejection Notice. Sept. 30, 2005 ("Deemed Rejection Date") approximates the date on which Debtor transferred control of the Leased Space to the Third Party, and Claimant has selected that date as the date on

which the Lease Rejection is deemed to have occurred for purposes of this Claim.

9. A total of forty-five (45) months, or 3.75 years ("Remainder Term"), remained on the term of the Lease Term following the Deemed Rejection Date; that period begins and includes October 2005 and continues through and includes June 2009

10. Under the Lease, the amount (or approximate amounts) of **$1,616,115.85** has come due or will have come due during the under the Remainder Term, calculated as follows:

| | |
|---|---|
| **Base Rent:** (calculated as $29,080.58 per month, as set forth in Agreement Consolidating and Amending Lease ¶ 2.D., times 45) | $ 1,308,626.10 |
| **Taxes** (estimated): (calculated as $71,730.60 year (being the Debt for tax year 2004), times 3.75 years (45 months)) | 269,989.75 |
| **Insurance** (estimated): (based upon average of amounts for period preceding the Deemed Rejection Date and current estimates, $10,000.00/year) | 37,500.00 |
| **TOTAL:** | **$1,616,115.85** |

11 A total of **$242,417.38** of the amount set forth above is attributable to the period equaling fifteen percent (15%) of the Remainder Term, which is 6.75 months (15% of 45 months). *See* Bankruptcy Code § 502(b)(6).

12. In addition to the amounts set forth above, Claimant estimates that

Debtor's abandonment of and failure to remove its furniture, fixtures, and equipment from the Leased Space, as required by the Lease, will cause Claimant to incur additional expenses, for which Debtor is obligated under the Lease, of **$100,000.00**

13. The writings upon which this Claim is based, being the Lease and the Rejection Notice, are attached hereto and incorporated herein.

14. No judgment has been rendered on this Claim.

15. The amount of all payments on this Claim has been credited and deducted for the purpose of making this Proof of Claim.

16. This Claim is not subject to any setoff or counterclaim.

17. No security interest is held for this Claim, except for any and all statutory liens available to landlords in general under Mississippi law (except as expressly waived by Claimant in writing).

18. This Claim is a general unsecured claim except to the extent that portions hereof represent a cost of administration entitled to priority under Bankruptcy Code §§ 365, 503(b)(1)(A), and/or 507(a)(1) of the Bankruptcy Code.

19. The filing of this Proof of Claim shall not be construed as a waiver by Claimant of any right which it has or may have to trial by jury in any matter or proceeding arising in or relating to this Claim or Debtor's Chapter 11 case.

20. Claimant reserves the right to supplement, amend or modify this

Proof of Claim at any time.

In witness whereof, Claimant has executed this supplement to the Proof of Claim (being incorporated into the Proof of Claim) as of October 14, 2005.

        ECKSTEIN PROPERTIES, L.L.C.
        (a New York limited liability company)

        By: _____
              Shimon Eckstein, its managing member

        OCEAN 505 ASSOCIATES, L.L.C.
        (a New York limited liability company)

        By: _____
              Shimon Eckstein, its managing member

        GRANDECKS ASSOCIATES, L.L.C.
        (a New York limited liability company)

        By: _____
              Shimon Eckstein, its managing member

Proof of Claim at any time.

In witness whereof, Claimant has executed this supplement to the Proof of Claim (being incorporated into the Proof of Claim) as of October 14, 2005.

ECKSTEIN PROPERTIES, L.L.C.
(a New York limited liability company)

By: _____
Shimon Eckstein, its managing member

OCEAN 505 ASSOCIATES, L.L.C.
(a New York limited liability company)

By: _____
Shimon Eckstein, its managing member

GRANDECKS ASSOCIATES, L.L.C.
(a New York limited liability company)

By: _____
Shimon Eckstein, its managing member