**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 05-03817-3Fl |
| | § | |
| WINN-DIXIE STORES, INC., *et al.*, | § | |
| | § | |
| | § | CHAPTER 11 |
| DEBTORS. | § | |

**XEROX CAPITAL SERVICES, L.L.C.'S RESPONSE TO DEBTORS'
SIXTEENTH OMNIBUS OBJECTION TO (A) MISCELLANEOUS CLAIMS,
(B) OVERSTATED CLAIMS AND (C) OVERSTATED MISCLASSIFIED CLAIMS**

Xerox Capital Services, L.L.C. ("Xerox") by and through the undersigned counsel, hereby files this Response to Debtors' Sixteenth Omnibus Objection to (A) Miscellaneous Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims (the "Objection"). Specifically, Xerox files this response to the Objection as it relates to Xerox's Proof of Claim, No. 11836, in the amount of $270,174.98 ("Xerox's Proof of Claim"). In support hereof, Xerox respectfully shows the Court as follows:

**I.
ARGUMENT AND AUTHORITIES**

    A.    **Standard for Claim Objections**.

    1.    A creditor's filing of a proof of claim that comports with Rule 3001 of the Federal Rules of Bankruptcy Procedure constitutes *prima facie* evidence of the amount and validity of such creditor's claim. See Fed. R. Bankr. P. 3001(f); *In re Planet Hollywood Int'l*, 274 B.R. 391, 394 (Bankr. D. Del. 2001) (citing *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173 (3d Cir. 1992)).

    2.    Once a creditor files a proper proof of claim, the burden then shifts to the debtor to produce evidence to rebut the *prima facie* validity of such claim. See *Sherman v. Novak (In re*

*Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d. Cir. 2000); *see also* 9 COLLIER ON BANKR. ¶ 3001.9[1] (15th ed. 2003).  In meeting its burden of production, the debtor must produce evidence rebutting the filed proof of claim of "probative force equal to the contents of the claim."  9 COLLIER ON BANKR. ¶ 3001.9[1]; *see also In re Brown*, 221 B.R. 46, 47 (Bankr. S.D. Ga. 1998) (holding that under Rule 3001(f) the debtor "bear[s] the initial burden of demonstrating 'by probative force equal to that of the allegations of the proofs of claim themselves' . . . that the claims should not be allowed.").

3.      In order to refute such *prima facie* validity, the party opposing a claim must present evidence sufficient to "negate one or more of the sworn facts in the proof of claim."  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).  An objection alone is insufficient to contest a proof of claim; the objection must contain "probative evidence to call a claim into question."  *In re King Resources Co.*, 20 B.R. 191, 197 (D. Colo. 1982); *see also In re Lanza*, 51 B.R. 125, 127 (Bankr. D.N.J. 1985) (finding that "the onus is on the debtor to overcome the presumption of validity").

### B.      Debtors' Objection as to Xerox's Proof of Claim

4.      In the Sixteenth Omnibus Objection, Debtors contend that Xerox's Proof of Claim is overstated and should be reduced from $270,174.98 to $241,721.38.  Debtors state that Xerox's claim should (i) be reduced by $23,083.25 for two checks sent to Xerox on March 14, 2005, (ii) be reduced by $5,343.35 for invoice number 008101581 because this amount is allegedly for periods after the copiers were removed from Debtors' premises, and (iii) be reduced by $27.00 for a calculation error.  (Objection, at Exhibit B).

### C. Xerox's Claim should be Reduced by Only $27.00

5. The Debtors filed for relief from Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") on February 21, 2005.

6. A true and correct copy of Xerox's Proof of Claim is attached hereto as <u>Exhibit 1</u>. As shown by <u>Exhibit 1</u>, Xerox's Proof of Claim provides the claim amount, the basis for the claim, and appropriate supporting documentation.[1]

7. Xerox specifically attached an explanation to its Proof of Claim, articulating the basis for the claim. In supporting this explanation, Xerox attached a summary of unpaid invoices identifying the actual invoices underlying the claim.

8. In reviewing its records, it appears that Xerox did receive $20,915.07 as referenced in the Objection. However, Debtors did not identify the invoices to which this amount should be applied. If Debtors will identify the invoices to which this payment was to be applied and it is duplicative of amounts referenced in Xerox's Proof of Claim, then it may be appropriate to make an adjustment. However, based on the information provided in the Objection, Xerox is unable to determine if this payment corresponds to amounts made the basis of Xerox's Proof of Claim.

9. Moreover, at this time, after a preliminary review of its records, Xerox has not found evidence that it received the check for $2,168.18 referenced in the Objection. Therefore, Xerox does not believe, at this time, that a reduction of its claim for this alleged payment is warranted.

---

[1] It should be noted that the Debtors have not formally rejected the leases associated with the proof of claim. This proof of claim was filed in an effort to delineate certain pre-petition amounts due and owing. However, in the event the Debtors' proposed plan of reorganization is confirmed and the Xerox leases formally rejected in accordance with the plan's provisions, Xerox expects to file a rejection claim and/or an amended proof of claim to fully identify the amounts owed to Xerox as a result of the rejection of the leases, which will include and be in addition to the amounts set forth in Xerox's Proof of Claim. Xerox's response is made without waiving any right to assert a claim for amounts owed upon formal rejection of the leases.

3

10. With respect to the $5,343.35 referenced in the Objection, this invoice does not cover a period after Xerox equipment was removed. In fact, this invoice covers the lease amounts owed on certain equipment for February 2005. Attached hereto as <u>Exhibit</u> 2 is a true and correct copy of invoice number 008101581. As shown by <u>Exhibit 2</u>, the invoice is for the period of February 2005. The equipment related to this invoice was not removed until March 9, 2005. Therefore, there is no basis to reduce Xerox's claim by this amount.

11. Finally, Xerox acknowledges that there is a calculation error of $27.00. Xerox agrees its claim should be reduced by that amount.

## II.
## CONCLUSION

12. For the reasons set forth above, the Sixteenth Omnibus Objection should be denied as to Xerox's Proof of Claim. Xerox's Proof of Claim should be reduced by only $27.00.

Dated: August ___, 2006

        Respectfully submitted,

        **FOLEY & LARDNER**

        By: <u>/s/ Lori V. Vaughan</u>
           Lori V. Vaughan
           Florida State Bar No. 154921
           100 North Tampa Street, Suite 2700
           Tampa, Florida 33602
           (813) 229-2300 (Telephone)
           (813) 221-4210 (Telecopier)
           lvaughan@foley.com

        and

**HUGHES & LUCE, LLP**

  /s/ *G. James Landon*
Sabrina L. Streusand
Texas State Bar No. 11701700
G. James Landon
Texas State Bar No. 24002445
111 Congress Avenue, Suite 900
Austin, Texas 78701
(512) 482-6842 (Direct Telephone)
(512) 482-6859 (Telecopier)
sabrina.streusand@hughesluce.com
landonj@hughesluce.com

**ATTORNEYS FOR XEROX MARKETING, L.P.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing instrument was served on the 21st day of August 2006 Via E-mail and Regular U.S. Mail, postage prepaid, on the following:

| | |
|---|---|
| D. J. Baker | Attorneys for Debtor |
| Sally McDonald Henry | |
| Rosalie Walker Gray | |
| Skadden, Arps, Slate, Meagher & Flom, LLP | |
| Four Times Square | |
| New York, NY  10036-6522 | |
| (212) 735-3000 | |
| (212) 725-2000 (facsimile) | |
| djbaker@skadden.com | |

   /s/ *Lori V. Vaughan*
Lori V. Vaughan