UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 05-03817-3F1 |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

### RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) OVERSTATED CLAIMS AND (C) OVERSTATED MISCLASSIFIED CLAIMS

Pepsi Bottling Ventures LLC ("PBV"), by its undersigned counsel, makes and files this, its response (the "Response") to Debtors' Fifteenth Omnibus Objection to (a) No Liability Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims (the "Objection"). In support of its Response, PBV respectfully states as follows:

1. Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on February 21, 2005 (the "Petition Date"). The Debtors' cases are being jointly administered for procedural purposes only.

2. On or around July 25, 2005, PBV filed a proof of claim in this bankruptcy case asserting a claim in the amount of $599,960.42 against Winn-Dixie Raleigh, Inc. (the "Claim"). The Objection appears to be filed only with respect to the proof of claim filed by PBV in the Winn-Dixie Raleigh, Inc. bankruptcy case. In addition to the proof of claim filed in the Winn-Dixie Raleigh, Inc. case, PBV filed proofs of claim (each asserting the Claim) in a number of the bankruptcy cases of other Winn-Dixie affiliates and subsidiaries. These additional proofs of claim apparently are not the subject of this Objection.

3. In the Objection, the Debtors assert that PBV's Claim should be reclassified as an unsecured non-priority claim and that it should be reduced by the following amounts: (i) $3,146.22 in connection with a net consumption waiver (the "Net Consumption Waiver Reduction"); (ii) $147,580.87 in connection with an alleged accounts receivable balance (the "A/R Balance Reduction"); and (iii) $100,678.93 in connection with certain reclamation payments to PBV (the "Reclamation Reduction").

4. Pursuant to the Notice of Debtor's Fifteenth Omnibus Objection to (a) No Liability Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims, the deadline to file a response to the Objection was August 14, 2006 (the "Original Deadline"); however, through discussions between counsel for PepsiCo, acting on behalf of PBV, and representatives of the Debtors, the Debtors agreed to an extension of the Original Deadline to give PBV until August 21, 2006 to respond to the Objection.

5. PBV agrees with the Debtors that its Claim should be reclassified to an unsecured non-priority claim. PBV also agrees with the Debtors that the amount of its Claim should be reduced by the Net Consumption Waiver Reduction and the Reclamation Reduction, leaving PBV with an unsecured non-priority claim in the amount of $496,135.27.

6. PBV disputes that its Claim should be further reduced by the A/R Balance Reduction. Business representatives from PBV and the Debtors have discussed on several different occasions the alleged accounts receivable balance that is the asserted basis for the A/R Balance Reduction. During these discussions, the Debtors' representatives have failed to present to PBV any evidence whatsoever of the existence of this accounts receivable balance or any other basis for a further reduction of PBV's Claim by $147,580.87. In addition, no such evidence has been included with the Objection.

#RDU_898005_1.doc

7. For the reasons stated herein, PBV asserts that it is entitled to an unsecured non-priority claim in the amount of $496,135.27 and that any further reductions to its Claim are not supported by any evidence and, accordingly, are completely unjustified.

WHEREFORE, for the foregoing reasons, PBV respectfully requests that this Court:

A   Deny the Objection to the extent set forth herein and enter an order allowing PBV an unsecured non-priority claim in the amount of $496,135.27; and

B   Grant such other and further relief as may be just and proper under the circumstances.

Respectfully submitted this the 21st day of August, 2006.

HELD & ISRAEL

By: _____
Kimberly Held Israel, Esquire
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
afrisch@hilawfirm.com
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

SMITH, ANDERSON, BLOUNT, DORSETT,
   MITCHELL & JERNIGAN, L.L.P.

By:   Amos U. Priester, IV
   N.C. State Bar No. 10481
   Attorneys for Pepsi Bottling Ventures LLC
   Post Office Box 2611
   Raleigh, North Carolina 27602-2611
   (919) 821-1220 (Telephone)
   (919) 821-6800 (Facsimile)
   apriester@smithlaw.com (Email)

#RDU_898005_1.doc