UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-03817-f1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al*, | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## WD MT CARMEL, LLC'S RESPONSE TO DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (STORE NO. 1705)

WD MT Carmel, LLC (the "Landlord") hereby responds and objects to the Debtors' Seventeen Omnibus Objection to Claims (the "Omnibus Objection") with respect to Proof of Claim No. 9638 (the "Claim") against Winn-Dixie Stores, Inc., and in support thereof states and alleges as follows:

### LANDLORD'S CLAIM AGAINST THE ESTATE

1.      Landlord and Winn-Dixie Raleigh, Inc., d/b/a Winn-Dixie Charlotte, Inc., as tenant ("Tenant"), are parties to that certain lease, dated March 4, 1998 (as amended, the "Lease"), for real property located in Mt. Carmel, Ohio, which property has been designated as Store No. 1750.  A copy of the Lease is attached as Exhibit A to the Claim.

2.      Tenant's obligations under the Lease are guaranteed by Winn-Dixie Stores, Inc. ("Guarantor") pursuant to that certain Guaranty, dated March 4, 1998, as amended and restated on June 30, 2004 (the "Guaranty").  A copy of the Guaranty is attached as Exhibit B to the Claim.

3.      The Lease term runs through March 31, 2018 ("Termination Date").

4.      On or about June 30, 2004, the Tenant assigned the Lease to Kroger Limited Partnership ("Kroger").  A copy of the Lease Assignment is attached hereto as Exhibit 1.

Despite the assignment, the Tenant and Guarantor remain liable under the Lease in the event Kroger defaults on the Tenant's obligations thereunder.

5.      Prior to the claims bar date, Landlord filed contingent claims against the Tenant and the Guarantor, Claim Nos. 9639 and 9638, respectively, in the amount of $7,141,035.78, which was the full amount then due under the Lease through the Termination Date.

6.      On June 23, 2006, the Debtors filed a motion to reject the Lease (Docket # 8756), and an order approving the rejection was entered on August 13, 2006 (Docket # 9188).

7.      Concurrent with the filing of this objection, Landlord is filing amendments to Claim Nos. 9639 and 9638, which reduce the amount of the contingent Claims to $1,071,155.37 consistent with section 502(b)(6) (the "Lease Rejection Claims").  *See* Exhibit 2 for a calculation of Landlord's lease rejection claim.

8.      As of the filing of this objection, Kroger is current on all of the Tenant's obligations under the Lease.

## THE OMNIBUS OBJECTION

9.      In the Omnibus Objection, the Debtors seek to disallow the Claim even though the Debtors acknowledge their potential liability in the event Kroger defaults under the Lease.

## LANDLORD'S CLAIMS ARE NOT SUBJECT TO DISALLOWANCE

10.      Landlord hold a valid contingent lease rejection claims in the amount of $1,071,155.37 against the Guarantor, and there is no basis for disallowing said Claims.

11.      Section 502(c) of the Bankruptcy Code provides, in part:

There shall be estimated for purpose of allowance under this section –

(1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case

2

11 U.S.C. § 502(c).

12.     Landlord is entitled to either allowance of its lease rejection claim or an evidentiary hearing to estimate or liquidate the amount of said claims. *See, e.g., In re Rhead*, 179 B.R. 169, 172 (Bankr. D.Ariz. 1995) (Chapter 11 debtors' obligation on guarantee was "unliquidated," so as to be subject to estimation, to the extent that debtors had filed objections challenging certain aspects of creditor's proof of claim); *In re Roman Catholic Archbishop of Portland in Or.*, 339 B.R. 215, 219 (Bankr. D.Or. 2006) ("When actual liquidation of claims would unduly delay administration of the bankruptcy estate, estimation is mandatory")

## RESERVATION OF RIGHTS

13.     Landlord expressly reserves the right:  (i) to amend, modify, or supplement this objection and response, as well as any of its exhibits, including by, but not limited to, additional documentation of the amount of, or in relation to, the Claim; and (ii) to present other evidence if an evidentiary hearing is held with respect to the Omnibus Objection and this objection and response.

14.     Landlord expressly reserves its right to respond or move for additional relief on any grounds that may now exist or that may exist hereafter.

WHEREFORE, Landlord respectfully requests that the Court (1) overrule the Omnibus Objection as it relates to the Claim, (2) allow the Claim in the amount of  $1,071,155.37 or set an evidentiary hearing to estimate or liquidate the amount of said Claims; and (3) grant Landlord such other and further relief that the Court may deem just and appropriate.

Respectfully submitted,

WD MT CARMEL, LLC


By: /s/  Sara E. Lorber
        One of Its Attorneys

3

Sara E. Lorber
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois  60603
Tel. (312) 346-8000
Fax: (312) 269-8869
slorber@seyfarth.com

4

## <u>CERTIFICATE OF SERVICE</u>

I, Sara E. Lorber, an attorney, do hereby certify that on August 22, 2006, I electronically filed a true and correct copy of the foregoing WD MT CARMEL, LLC'S RESPONSE TO DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (STORE NO. 1705), and caused the same to be served (1) via electronic mail to those parties entitled to service through the ECF registration, and (2) via facsimile transmission on counsel for the Debtors at the following address:

> D.J. Baker Esq.
> Skadden, Arps, slate, Meagher & Flom LLP
> Four Times Square
> New York, NY 10036
> (212) 735-2000 (facsimile)

/s/ Sara E. Lorber

CH1 11102575.1