## LEASE ASSIGNMENT

[Store #1705, Cincinnati, OH]

THIS ASSIGNMENT AND ASSUMPTION OF LEASE (this "Assignment") is made as of June 30, 2004 (the "Effective Date"), by and between WINN-DIXIE CHARLOTTE, INC. a Florida corporation (hereinafter referred to as "Assignor"), and KROGER LIMITED PARTNERSHIP I, an Ohio limited partnership (hereinafter referred to as "Assignee");

### RECITALS:

A. Assignor has agreed to convey to Assignee certain assets in connection with Assignor's retail supermarket store location described on attached Schedule A (the "Premises") as more particularly described in the Asset Purchase Agreement dated effective April 30, 2004 by and among Assignor, as seller, Assignee, as buyer, and Winn-Dixie Stores, Inc., as amended from time to time (the "Agreement").

B. As part of the purchase and sale of Assignor's assets referenced above, Assignor has agreed to assign to Assignee all of Assignor's right, title and interest, as tenant or lessee, in and to the lease, together with any and all amendments thereto, as described on attached Schedule A (the "Lease"), and Assignee has agreed to assume and perform certain of Assignor's liabilities and obligations arising under the Lease, all in accordance with the terms of the Lease, the Agreement and this Assignment;

NOW, THEREFORE, in consideration of the premises, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties agree as follows:

1. <u>Effective Date</u>. This Assignment shall be effective as of the Effective Date.

2. <u>Assignment</u>. Assignor hereby assigns, transfers, and conveys unto Assignee all of Assignor's right, title, interest and obligation as tenant or lessee in and to the Lease and all of the rights, benefits and privileges of the tenant or lessee thereunder. Assignor hereby agrees that it shall remain, and shall be, responsible for all liabilities and obligations of the tenant or lessee that have accrued under the Lease prior to the Effective Date, and Assignor hereby indemnifies, and agrees to save, insure, defend and hold harmless Assignee from and against all liabilities and obligations of the tenant or lessee that have accrued under the Lease prior to the Effective Date.

3. <u>Assumption</u>. Assignee hereby accepts the aforesaid assignment and assumes and agrees to pay and perform all liabilities and obligations of the tenant or lessee that accrue under the Lease from and after the Effective Date, and Assignee hereby indemnifies, and agrees to save, insure, defend and hold harmless Assignor

COPY

from and against all liabilities and obligations of the tenant or lessee that accrue under the Lease on or after the Effective Date.

4. <u>Assignor's Warranty of Title</u>. Assignor represents and warrants to Assignee that Assignor has good and lawful right, title and interest in the Premises under the Lease, as tenant or lessee thereunder, and has not assigned or subleased its interest, as tenant or lessee under the Lease, other than as provided in this Assignment or the Agreement, that the Lease as described on the attached <u>Schedule A</u> constitutes the entire lease agreement between Assignor, as tenant or lessee, and the landlord thereunder, and remains in full force and effect, and that Assignor shall defend Assignee's interest as tenant or lessee thereunder from and against the lawful claims of all persons claiming by, through or under Assignor, but against none other.

5. <u>Further Assurances</u>. Assignor and Assignee each covenant and agree to execute or procure any additional documents as may be reasonably necessary to establish the rights of the other hereunder.

6. <u>Notice of Assignment</u>. On the Effective Date, Assignor and Assignee, joined by the landlord to the extent landlord's consent is given to this Assignment, shall execute and deliver a Notice of Assignment of Lease and record the same in the Office of the Clerk of Circuit Court in the county in which the Premises is located, for the purpose of placing third parties on notice of Assignor's assignment to Assignee of all of Assignor's right, title and interest as tenant or lessee in and to the Lease.

7. <u>Guaranties</u>.

(a) Assignor's assignment of its rights as tenant or lessee under the Lease to Assignee will, directly or indirectly, materially benefit Winn-Dixie Stores, Inc., a Florida corporation ("Assignor Guarantor"), as the parent corporation of Assignor. Assignor Guarantor, by its signature below, guaranties to Assignee the full performance by Assignor of its obligations under this Assignment.

(b) Assignor's assignment of its rights as tenant or lessee under the Lease to Assignee will, directly or indirectly, materially benefit The Kroger Co., an Ohio corporation ("Assignee Guarantor"), as the parent corporation of Assignee. Assignee Guarantor, by its signature below, guaranties to Assignor the full performance by Assignee of its obligations under this Assignment.

8. <u>Binding Effect</u>. This Assignment shall be binding upon and inure to the benefit of Assignor, Assignee, Assignor Guarantor and Assignee Guarantor, and their respective successors and assigns.

IN WITNESS WHEREOF, Assignor, Assignee, Assignor Guarantor and Assignee Guarantor have executed and delivered this Assignment as of the Effective Date.

| Signed, sealed and delivered in the presence of: | "ASSIGNOR" |
|---|---|
| | WINN-DIXIE CHARLOTTE, INC. a Florida corporation |
| Name: Lucy W. McCook | By: Paul Novak |
| Name: REBECCA L. SAWYER | Name: PAUL NOVAK |
| | Title: Vice President |
| | [SEAL] |

STATE OF FLORIDA )
COUNTY OF DUVAL )

The foregoing instrument was acknowledged before me this 28 day of June, 2004, by PAUL NOVAK, the Vice President of WINN-DIXIE CHARLOTTE, INC., a Florida corporation, on behalf of the corporation. He/she is personally known to me.

Notary Public Signature

REBECCA L. SAWYER
(Name typed, printed or stamped)
Notary Public, State of Florida
Commission No.: _____
My Commission Expires: _____

[NOTARIAL SEAL]

REBECCA L. SAWYER
Notary Public, State of Florida
My comm. expires June 2, 2006
Comm. No. DD 114255

Signed, sealed and delivered in the presence of:

_[signature]_
Name: Vinca S. Ponton

_[signature]_
Name: Paul W. Parinello

"ASSIGNEE"

KROGER LIMITED PARTNERSHIP I, an Ohio limited partnership

By: KRGP Inc., its General Partner

By: _[signature]_
Name: James E. Hodge
Title: Vice President

[SEAL]

STATE OF _Ohio_
COUNTY OF _Hamilton_

The foregoing instrument was acknowledged before me this _28th_ day of June, 2004, by _James E Hodge_, the _Vice President_ of KRGP Inc., an _Ohio_ corporation, the General Partner of KROGER LIMITED PARTNERSHIP I, an Ohio limited partnership, on behalf of the partnership. He/She either [✓] is personally known to me or [ ] has produced _____ as identification.

_[signature]_
Notary Public Signature BRENDA R. ANDES
Notary Public, State of Ohio
My Commission Expires June 21, 2008

(Name typed, printed or stamped)
Notary Public, State of _____
Commission No.: _____
My Commission Expires: _____

[NOTARIAL SEAL]

Signed, sealed and delivered in the presence of:

"ASSIGNOR GUARANTOR"

WINN-DIXIE STORES, INC., a Florida corporation

By: _Paul Novak_
Name: PAUL NOVAK
Title: _____ President
CHIEF DEVELOPMENT OFFICER & SR. V.P.
[SEAL]

Name: _Lucy W. McCook_
~~Lucy W. McCook~~

Name: _Rebecca L. Sawyer_
REBECCA L. SAWYER

STATE OF FLORIDA     )
COUNTY OF DUVAL      )

The foregoing instrument was acknowledged before me this _28_ day of June, 2004, by __PAUL NOVAK_____, the CHIEF DEVELOPMENT OFFICER & SR. V.P. ~~President~~ of WINN-DIXIE STORES, INC., a Florida corporation, on behalf of the corporation. He/she is personally known to me.

_Rebecca L. Sawyer_
Notary Public Signature

REBECCA L. SAWYER
(Name typed, printed or stamped)
Notary Public, State of Florida
Commission No.: _____
My Commission Expires: _____

[NOTARIAL SEAL]



REBECCA L. SAWYER
Notary Public, State of Florida
My comm. expires June 2, 2006
Comm. No. DD 114255

07/14/04  15:22 FAX 404 303 1235         FIRST AMERICAN TITLE                     ☑007

Signed, sealed and delivered in the presence of:

Name: *Greta S. Pontius*

Name: *Paul W. Parmele*

"ASSIGNEE GUARANTOR"

THE KROGER CO., an Ohio corporation

By: *James E. Hodge*
Name:
Title: ~~James E. Hodge~~ / President
       ~~Vice President~~

[SEAL]

STATE OF *Ohio*
COUNTY OF *Hamilton*

The foregoing instrument was acknowledged before me this 28th day of June, 2004, by *James E. Hodge*, the *Vice* President of THE KROGER CO., an Ohio corporation, on behalf of the corporation. He/She either [✓] is personally known to me or [ ] has produced _____ as identification.

Notary Public Signature

BRENDA R. ANDES
Notary Public, State of Ohio
My Commission Expires June 21, 2008

(Name typed, printed or stamped)
Notary Public, State of _____
Commission No.: _____
My Commission Expires: _____

[NOTARIAL SEAL]

## Schedule A

(Lease and Premises)

### WINN-DIXIE STORE #1705
### 550 Old State Route 74, Cincinnati, Ohio

Premises:

That certain store building and related improvements located at 550 Old State Route 74, Cincinnati, Clermont County, Ohio

Lease:

1. Lease dated as of March 4, 1998, between Principal Mutual Life Insurance Company, as landlord, and Winn-Dixie Midwest, Inc., as tenant.

2. Letter Agreement dated as of March 4, 1998, between Principal Mutual Life Insurance Company, as landlord, Winn-Dixie Midwest, Inc., as tenant, and Winn-Dixie Stores, Inc., as guarantor.

3. Memorandum of Lease dated March 9, 1998, and recorded in Book 1033, page 742, of the public records of Clermont County, Ohio.

4. Notice of Merger and Name Change by Winn-Dixie Charlotte, Inc., a Florida corporation as successor by name change to Winn-Dixie Midwest, Inc., a Florida corporation, dated July 21, 2000 and recorded August 28, 2000 in Official Record Book 1283, Page 2251, of the public records of Clermont County, Ohio.

Legal Description:

The real property as more particularly described as follows:

Situated in Mosely's Military Survey Number 1115, Union Township, Clermont County, the State of Ohio, and being the same tract of land heretofore conveyed to Sunbelt-Dix, Inc., recorded in Official Record 931, Page 294 and in Official Record 931, Page 290 of the Clermont County Deed Records, and being more particularly described as follows:

Commencing at the intersection of the east line of Bell's Lane, as shown on Charles A. Bell's Subdivision, filed in 2L-13A of the Clermont County Survey Records, dated August 30, 1958, and the southerly limited access right-of-way line of State Route 74 (known now as State Route 32), as shown on right-of-way plans dated 1961 and filed under reference number CLE-74-00.01 at Ohio Department of Transportation Office.

Thence with said southerly limited access right-of-way, S54°17'49"E a distance of 20.62 feet to an iron pin set being the principal POINT OF BEGINNING;

Thence along said southerly limited access right-of-way, on the following three (3) courses and distances;

1) S54°17'49"E a distance of 155.06 feet to an iron pin;
2) S76°57'41"E a distance of 164.02 feet to an iron pin;
3) S76°57'41"E a distance of 182.70 feet to an iron pin;

Thence leaving said southerly limited access right-of-way line, N87°46'40"E a distance of 116.27 feet to the northwesterly most corner of a tract of land heretofore conveyed to Peter Ulbrich by deed recorded in Deed Book 337, Page 482, of the Clermont County Records;

Thence along the west line of Peter Ulbrich's tract of land, S02°21'50"W a distance of 435.93 feet to a P.K. nail in the centerline of Old State Route 74 being the southeast corner of the herein described tract;

Thence along said centerline, S87°45'08"W a distance of 617.69 feet to the southeast corner of a 0.1818 acre strip of land acquired by The Board of County Commissioners of Clermont County, Ohio for right-of-way purposes and recorded in Official Record Book 917, Page 512 of Clermont County Deed Records.

Thence with the east line of said strip of land (passing an iron pin at 31.85 feet) N05°00'00"E a distance of 466.04 feet to an iron pin;

Thence continuing N05°00'00"E a distance of 158.47 feet to an iron pin;

Thence N25°38'56"E a distance of 2.06 feet to the POINT OF BEGINNING.