UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| WINN-DIXIE STORES, INC., *et al.*, ) | CASE NO. 05-03817-3F1 |
| ) | |
| Debtors. ) | CHAPTER 11 |
| ) | JOINTLY ADMINISTERED |
| ) | |

**RESPONSE OF NEW PLAN EXCEL REALTY TRUST, INC. AND
ARONOV PROPERTY MANAGEMENT TO DEBTORS' SIXTEENTH
OMNIBUS OBJECTION TO (A) MISCLASSIFIED CLAIMS,
(B) OVERSTATED CLAIMS, AND (C) OVERSTATED MISCLASSIFIED CLAIMS**

TO THE HONORABLE, JERRY A. FUNK
UNITED STATES BANKRUPTCY JUDGE:

**NEW PLAN EXCEL REALTY TRUST, INC.** ("New Plan"), and **ARONOV PROPERTY MANAGEMENT** ("Aronov") by their undersigned attorneys, make this Response to Debtors' Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims, and (C) Overstated Misclassified Claims (the "Objection") and in support thereof aver:

1.  New Plan and Aronov are the owners or agents for the owners of various shopping centers in which Debtors operate or previously operated retail stores pursuant to written leases (each a "Lease" and collectively the "Leases"). All of New Plan's and Aronov's Leases are leases of premises located in shopping centers, as that term is used in 11 U.S.C. § 365(b)(3). *See, In Re: Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990). New Plan and Aronov are hereinafter sometimes collectively referred to as "Objecting Landlords".

2. By the Objection, Debtors seek to disallow the following claims:

| Claim # | Landlord |
|---|---|
| 10305 | Aronov (Satterfield Plaza) |
| 11550 | New Plan (Roanoke Landing) |
| 12194 | New Plan (Apison Crossing) |

3. Rule 3001 of the Federal Rules of Bankruptcy Procedure provides, at Subsection (f):

> **Evidentiary Effect.** A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim.

*See, In Re Allegheny Int'l, Inc.*; 954 F.2d 167 (3d Cir. 1992).

### Claim #10305 - Aronov (Satterfield Plaza)

4. Debtors object to claim #10305 filed by Aronov on behalf of Satterfield Plaza in the amount of $112,871.44 and seek to reduce same by the sum of $5,688.88, claiming said amount represents overstated rejection damages. The schedule attached to Aronov's proof of claim specifically sets forth a breakdown of each of the components of said claim. Debtors do not explain what the alleged reduction relates to and why they consider same to be overstated. If one assumes that the amount relates to real estate tax adjustments (the listed amount on the schedule is $5,688.72) then Debtors are clearly incorrect since the adjustment had been similarly applied in calendar years 2003 and 2004. Debtors have failed to meet their burden with regard to overcoming the *prima facie* evidence of the validity of New Plan's claim. Accordingly, Aronov's claim should be allowed as filed.

**Claim #11550 - New Plan (Roanoke Landing)**

5. Debtors object to the claim filed by New Plan on behalf of Roanoke Landing in the amount of $293,784.70 alleging that the claim should be reduced to $252,278.13. Debtors assert that the reduced amount reflects deductions of $15,730.00 and $898.05 for paid post-petition charges and $24,878.52 for asserted amounts "for which there is no explanation." While New Plan disputes the payment of the post-petition charges as alleged by Debtors, New Plan believes that said charges should properly be allocated to New Plan's administrative claim rather than its pre-petition claim. Accordingly, New Plan consents to the withdraw of said charges from the pre-petition portion of its claim. Certain other charges have been revised or subsequently billed, as set forth on Exhibit "A" hereto, such that the pre-petition portion of the claim should be amended and reduced to $29,751.52.

6. With regard to the deduction for the amount for which there is allegedly no explanation, Debtors do not explain how said amount was calculated. New Plan's rejection damage claim is for one year of rental charges composed of base rent, CAM, insurance and taxes as set forth on the schedule attached to New Plan's claim. Debtors have failed to meet their burden with regard to overcoming the *prima facie* evidence of the validity of New Plan's claim. Accordingly, New Plan's claim should be allowed in the reduced amount of $278,537.22.

**Claim #12194 - New Plan (Apison Crossing)**

7. Debtors object to the claim filed by New Plan on behalf of Apison Crossing in the amount of $993,560.24 alleging that the claim should be reduced to $913,560.24. Debtors assert that the claim should be reduced due to "overstated rejection damage and 2005 pre-petition real estate taxes, respectively". Debtors do not identify how they calculate the alleged reductions from rejection damages or why they believe that the rejection damages overstated. Debtors further fail to set forth the reasons for deduction of 2005 pre-petition real estate taxes. New

Plan's schedule attached to its proof of claim specifically identifies each of the charges for which Debtors are liable. Debtors have failed to overcome the *prima facie* validity of the claim and, therefore, the claim should be allowed as filed.

**WHEREFORE,** Objecting Landlords pray that Debtors' Objection be overruled, that the claims be allowed or reduced as set forth above; and

**WHEREFORE,** Objecting Landlords pray for such other and further relief as may be just and required under all of the circumstances.

DATED: August 21, 2006

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

BY:   /s/ David L. Pollack
           **DAVID L. POLLACK**
           **JEFFREY MEYERS**
           **DEAN WALDT**
**Attorneys for New Plan Excel Realty Trust,**
**and WD Route 3, LP**
**51st Floor - Mellon Bank Center**
**1735 Market Street**
**Philadelphia, Pennsylvania  19103**
**(215) 864-8325**

LOCAL COUNSEL:

Alan M. Weiss, Esquire
Holland & Knight LLP
15 North Laura Street
Suite 3900
Jacksonville, FL 32202
(904) 798-5459 [telephone]
(904) 358-1872 [facsimile]
Alan.Weiss@HKLaw.com

## **CERTIFICATE OF SERVICE**

I certify that service of the foregoing was made on August 21, 2006 via ECF Noticing and email upon the parties listed below.

/s/ David L. Pollack

| | |
|---|---|
| D.J. Baker, Esq.<br>Sally McDonald Henry, Esq.<br>Rosalie W. Gray, Esq.<br>Eric M. Davis, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY  10036<br>djbaker@skadden.com<br>Fax: 212-735-2000 | Stephen D. Busey, Esq.<br>James H. Post, Esq.<br>Cynthia C. Jackson, Esq.<br>Eric N. McKay, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202<br>cjackson@smithhulsey.com<br>Fax: 904-359-7708 |
| Elena L. Escamilla, Esq.<br>U.S. Trustee<br>135 W. Central Boulevard<br>Room 620<br>Orlando, FL  32801<br>Elena.L.Escamilla@usdoj.gov<br>Fax: 407-648-6323 | Dennis F. Dunne, Esq.<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY  10005<br>Attorneys for OCUC<br>ddunne@milbank.com<br>Fax: 212-530-5219 |
| John B. Macdonald, Esquire<br>Akerman Senterfitt<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, FL  32202<br>johnmacdonald@akerman.com<br>Fax: 904-798-3730 | Winn-Dixie Stores, Inc.<br>Attn: Laurence B. Appel<br>5050 Edgewood Court<br>Jacksonville, FL  32801<br>larryappel@winn-dixie.com<br>Fax: 904-783-5059 |
| Jane M. Leamy, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Rodney Square<br>Wilmington, DE 19801<br>Jleamy@skadden.com | |