UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC.,                  Case No. 3:05-bk-03817-3F1
                                                                     Chapter 11 (Jointly Administered)

          Debtor.

_____/

**RESPONSE OF CATAMOUNT ATLANTA, LLC TO DEBTORS'
SIXTEENTH OMNIBUS OBJECTON TO (A) MISCLASSIFIED CLAIMS,
(B) OVERSTATED CLAIMS AND (C) OVERSTATED MISCLASSIFIED CLAIMS**

       Claimant, Catamount Atlanta, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation ("Atlanta"), hereby responds to Debtors' Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims (the "16th Objection") as follows:

       1.      Winn-Dixie Stores, Inc. ("Winn-Dixie"), Winn-Dixie Montgomery, Inc. ("WD Montgomery") and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") on or about February 21, 2005 (the "Petition Date").

       2.      Prior to the Petition Date, pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain January 31, 1994 Lease Modification Agreement (as amended, the "Lease"), by and between WD Montgomery and Atlanta for that certain realty WD Montgomery refers to as Store # 2712 at Monroe Drive and Virginia Avenue, Midtown Shopping Center,

Atlanta, Georgia (the "Premises"), Atlanta leased the Premises to WD Montgomery. Winn-Dixie guaranteed WD Montgomery's obligations under the Lease.

3. Prior to the Petition Date, pursuant to that certain June 30, 1983 Ground Sub-Lease (the "Ground Lease") by and between WD Montgomery and Ackerman-Midtown Associates ("Ackerman") for that certain unimproved real property lying underneath Store #2712 at Monroe Drive and Virginia Avenue, Midtown Shopping Center, Atlanta, Georgia (the "Ground"), WD Montgomery leased the Ground, and then assigned the lessee's interest in the Ground Lease to Atlanta. Atlanta, in turn, leased the Ground and Premises to WD Montgomery pursuant to the Lease.

4. The Debtors rejected the Lease effective August 11, 2005.

5. Atlanta timely filed a proof of claim in the total amount of $310,150.47 related to its pre-petition claims under the Lease on September 12, 2005 as Claim No. 11787 (the "Atlanta Claim"), which claim Atlanta expressly reserved its right to amend in the future.

6. In the Atlanta Claim, Atlanta noted that Ackerman assigned its claims under the Ground Lease to Atlanta.[1]

7. The Atlanta Claim includes one year's rent for both the Premises and the Ground as statutory damages relating to the Debtors' rejection of the Lease. The Atlanta Claim also includes Atlanta's claims for unpaid insurance, unpaid real estate taxes, unpaid common area maintenance charges, and unpaid security charges.

---

[1] A copy of the assignment agreement is attached hereto as Exhibit 1.

8. On or about July 31, 2006, the Debtors filed their 16th Objection, in which the Debtors object to the Atlanta Claim and assert that the proper amount of the Atlanta Claim is $153,219.67. The Debtors assert that the Atlanta Claim includes improperly-billed insurance and overstates the amount of the taxes paid and rejection damages. The Debtors further assert that Atlanta provides no documentation for the common area maintenance charges and unpaid security charges.

9. The 16th Objection makes no mention of the fact that Atlanta also has filed Claim No. 11786 against Winn Dixie on September 12, 2005, based upon Winn-Dixie's guaranty of WD Montgomery's liabilities under the Lease and the Ground Lease (the "Atlanta Guaranty Claim").

10. It is established that where, as here, Atlanta "properly filed a proof of claim in accord with the Bankruptcy Rules, that proof of claim constitutes prima facie evidence of the validity and amount of that claim" unless a party in interest objects. In re Chapman, 132 B.R. 132, 143 (Bankr. N.D. Ill. 1991) (citations omitted); 11 U.S.C. §502(a); Bankruptcy Rule 3001(f). Because a valid proof of claim is *prima facie* evidence of its validity, where, as here, a party objects, the burden is on the objector to introduce evidence rebutting the presumption. Id. Merely filing an objection to the Atlanta Claim, without more, is insufficient to challenge the presumption of the Atlanta Claim's validity. Id.; In re Frederes, 98 B.R. 165, 166-67 (Bankr. W.D.N.Y. 1989); In re Glenn, 100 B.R. 763, 766 (Bankr. W.D. Pa. 1989); Matter of Fisher Holding Co., Inc., 12 B.R. 191, 192 (Bankr. S.D. Ind. 1981).

11. In addition, certain of the Debtors' assertions regarding the Atlanta Claim are incorrect. The Ground Lease between Ackerman and WD Montgomery specifically provides that the lessor will provide certain public liability insurance coverage on the Premises and that WD Montgomery will pay the lessor for the cost of that coverage. The relevant portions of the Ground Lease, which the Debtors already have in their possession, are attached hereto for convenience as Exhibit A. Ackerman purchased the insurance required by the Ground Lease and billed the Debtors for the cost. Insurance charges for the Ground for 2005 totaled $16,888 for the entire shopping center in which the Ground and the Premises are located. Attached hereto as Exhibit B is Atlanta's pro-ration of the insurance charges, which Atlanta calculates as $1,368.99.

12. The amount set forth in the Atlanta Claim for taxes was based upon 2004 tax numbers, as 2005 taxes had not been assessed or paid at that time. Since then, Atlanta has obtained updated numbers. Atlanta accepts the Debtors' calculation of the amount of taxes due.

13. The Debtors' appear to object to the claim for rejection damages on the Ground Lease. Pursuant to 11 U.S.C. § 502(b)(6), Atlanta is entitled to one years' worth of rent for the Ground Lease. As noted above, the Debtors have a copy of the Ground Lease in their files, and the Ground Lease states that the monthly rent for the period between July 14, 2004, and July 13, 2009, is $5416.67 per month, which amounts to a yearly rental of $65,000.00. The Atlanta Claim contains a typographical error which lists the rejection damages for the Ground at $85,000.

14. The Debtors also have asserted that Atlanta failed to provide documentation to support the claims for common area maintenance ("CAM") and tenant services/security charges ("Security Services"). Ackerman advanced the costs of the CAM and the Security Services and invoiced the Debtors for their pro-rata share of such charges. Inasmuch as the invoices were sent directly to the Debtors, the Debtors should have such documentation in their files. Nonetheless,

4

attached hereto for convenience as Group Exhibit C are copies of the statements for the CAM and the Security Charges, as well as Atlanta's calculation of the amounts due.

15.   As noted in the Atlanta Claim and the Atlanta Guaranty Claim, by virtue of the Debtors' default under the Lease, Debtors are liable to Atlanta for Atlanta's enforcement of its rights under the Lease, including but not limited to attorneys' fees and costs.  Courts have allowed the recovery of attorney fees when executory contracts or leases have been rejected. *See* In re Shangra-La, Inc., 167 F.3d 843, 849-50 (4th Cir. 1999); *see also* In re Crown Brooks Corp., 269 B.R. 12, 14-18 (Bankr. Del. 2001); In re Narragansett Clothing Co., 119 B.R. 388, 392 (Bankr. D.R.I. 1990).  For example, in In re Child World, Inc., 161 B.R. 349 (Bankr. S.D.N.Y. 1993), the lease provided that the debtor was responsible for payment of attorneys' fees in the event of a breach of the lease.  "Although attorneys' fees are not independently recoverable under the Bankruptcy Code, section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties." Id. at 353; *See also* In re Best Prod. Co., 148 B.R. 413, 414 (Bankr. S.D.N.Y. 1992); In re Hillsborough Holdings Corp., 126 B.R. 895 (Bankr. M.D. Fla. 1991); In re Westview 74th St. Drug Corp., 59 B.R. 747 (Bankr. S.D.N.Y. 1986).  Courts have awarded attorneys' fees as an administrative claim for those attorneys' fees that were incurred *prior* to the rejection date.   In re Macomb Occupational Health Care, LLC, 300 B.R. 270, 297 (Bankr. E.D. Mich. 2003) ("[O]nly the portion of that amount [attorneys' fees] which was incurred before the August 27, 1999 rejection of the Carini [one of Debtor's lessors] lease agreement would be allowed as a Chapter 11 administrative claim").  Claims for attorney fees that are incurred post-petition and post-rejection of the lease are considered pre-petition unsecured claims.  *See generally* In re Dena Corp., 312 B.R. 162, 172 (Bankr. N.D. Ill. 2004); In re Macomb Occupational Health Care, LLC, 300 B.R. at 297 ("Any such [attorney]

fees incurred after the rejection of the Carini lease agreement would "relate back" as part of Carini's damage claim against Debtor and be treated as a pre-petition non-priority claim").

16. Atlanta has incurred attorneys' fees and costs both prior to the rejection of the Lease and thereafter. For purposes of this response, Atlanta has adopted the pro-ration approach espoused by several of the cases listed above. Atlanta has calculated the attorneys' fees incurred to date after rejection of the Lease at $25,180.79. Atlanta has not attached copies of the statements for these fees in order to preserve the attorney-client and attorney work product privileges, but will submit redacted copies thereof upon request. Atlanta reserves the right to further amend its claims herein as it continues to incur further attorneys' fees and costs.

17. Atlanta asserts that the correct amount of the Atlanta Claim (and the correct amount of the Atlanta Guaranty Claim) is as follows:

| | |
|---|---:|
| Rejection claim on the Premises: | $ 133,056.00 |
| Rejection claim on the Ground: | 65,000.00 |
| Insurance: | 1,368.99 |
| Taxes: | 6,439.62 |
| CAM: | 21,847.38 |
| Attorneys' Fees and Costs: | 25,180.79 |
| Security Charges: | 4,117.73 |
| Total | $ 257,010.51 |

Atlanta requests that the Court deem this response to be an amendment of the Atlanta Claim and the Atlanta Guaranty Claim to reflect these updated amounts.

18. Under the terms of the Debtors' proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"), the Debtors classify the Atlanta Claim as a Class 13 Claim. The Atlanta Guaranty Claim also fits within the definition of Class 13 Claims. Atlanta requests that the Court determine that both the Atlanta Claim and the Atlanta Guaranty Claim, as amended hereby, should be treated as allowed Class 13 Claims under the Debtors' proposed Plan.

WHEREFORE, Atlanta respectfully requests that the Court deny Debtors' request to disallow the Atlanta Claim, that the Court establish and liquidate the Atlanta Claim and the Atlanta Guaranty Claim as set forth above, that the Court determine that the Atlanta Claim and the Atlanta Guaranty Claim, as amended hereby, be treated as Class 13 allowed Claims under the Debtors' proposed Plan, and that the Court grant Atlanta all other relief just and proper.

Date:  August 21, 2006	Respectfully submitted,

　　　　/s/ C. Daniel Motsinger
C. Daniel Motsinger, FBN 0362875
Indiana Atty. No. 10122-49
Krieg DeVault LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204-2079
Telephone: 317/636-4341; Fax: 317/636-1507
E-mail: cmotsinger@kdlegal.com

-and-

Adam N. Frisch
Florida Bar No. 635308
Held & Israel
1301 Riverplace Blvd., Suite 1916
Jacksonville, FL 32207
(904) 398-7038; Fax: (904) 398-4283
E-mail: afrisch@hilawfirm.com

Attorneys for Catamount Atlanta, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon the parties by operation of the Court's electronic filing system on August 21, 2006, as indicated below:

           /s/ C. Daniel Motsinger
           C. Daniel Motsinger

Adam Ravin
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Dennis F. Dunne
Milbank Tweed & Hadley
1 Chase Manhattan Plaza
New York, NY 10005

Elana L. Escamilla
Office of United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL 32806

John B. McDonald
Akerman Senterfitt
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202

Cynthia C. Jackson
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

KD_IM-724725_1.DOC