IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO. 05-03817-3F1 |
| | ) | |
| WINN DIXIE STORES, INC., et al., | ) | CHAPTER 11 |
| | ) | |
| Debtors. | ) | (JOINTLY ADMINISTERED) |
| | ) | |

**OPPOSITION TO DEBTOR'S SIXTEENTH OMNIBUS OBJECTION TO
(A) NO LIABILITY CLAIMS, (B) OVERSTATED CLAIMS,
(C) UNLIQUIDATED CLAIMS AND (D) AMENDED AND
SUPERSEDED CLAIMS REGARDING CLAIM NUMBER 13004**

CAPX Realty, Inc. ("CAPX"), opposes the Debtor's partial objection to Claim Number 13004 (the "Claim") as stated in the Debtor's Sixteenth Omnibus Objection on the following grounds:

1. Wells Fargo Bank Northwest, N.A.(f/k/a First Security Bank, N.A.) ("Wells Fargo") was the assignee of all rights and interests of the landlord under that certain Lease Agreement by and between Orlando 99-FL, LLC ("Landlord") and Winn Dixie Stores, Inc. dated August 26, 1999, relating to Winn Dixie Store number 2294 (the "Lease").

2. On September 14, 2005, the Debtor gave notice that it was rejecting the Lease.

3. On October 24, 2001, Wells Fargo timely filed a proof of claim (12211) for rejection damages in the amount of $1,116,934.87. Wells Fargo subsequently transferred its interest in the Claim to CAPX and a Notice of Transfer was filed with this Court pursuant to Bankruptcy Rule 3001. On March 22, 2006, CAPX filed an amended proof of claim in the amount of $1,312,988.29. This amount was calculated by adding together base rent, insurance and property taxes owed by the Debtor under the Lease for a period equal to 15% of the remaining term of the Lease.

855771.1

4. In the Objection, Debtor asserts that the Claim should be reduced to $1,143,480.89.

5. CAPX is unaware of the basis for this objection but asserts that the Claim is properly calculated and all amounts are due and owing.

6. The Lease is clear that it is a "net" lease and Debtor is responsible for rent as well as insurance, taxes and maintenance fees. Specifically, at paragraph 6(a), the Lease states:

> Net Lease; No Setoff or Counterclaim Against Rent. This Lease is an absolutely net lease and Tenant shall have an unconditional obligation to pay Rent, Additional Monetary Obligations and all other sums payable hereunder by Tenant…

7. Furthermore, paragraph 13 states "Tenant shall maintain at its sole cost and expense the following insurance on the Leased Premises..." and details the types of liability and other insurance the Debtor was required to maintain and the types of insurance providers that were acceptable to the Landlord. A true and correct copy of the entire Lease is attached to the Claim.

8. The damages includable under the cap provided by 11 U.S.C. § 502(b)(6) are not limited to base rent and properly include the cost of insurance and other obligators required by the Lease. *In re Clements*, 185 B.R. 895, 902-903 (Bankr. M.D. Fla. 1995); *see also*, *In re Smith*, 249 B.R. 328, 338 n7 (Bankr. S.D.Ga. 2000)("CAM, taxes, and insurance…are generally held to be rent in net lease claims governed by 502(b)(6)."). *In re Fifth Avenue Jewelers, Inc.*, 203 B.R. 372, 381 (Bankr. W.D. Pa. 1996)("Real Estate Taxes, Insurance, and Common Area Maintenance Fees-these are clearly include in the cap…").

3

9. CAPX further opposes the Debtor's piecemeal objections to claims which it has established by reserving the right to raise additional objections to this same claim and potentially requiring creditors to repeatedly litigate discreet issues related to the same claim, thereby increasing the burden on creditors and this Court.

WHEREFORE, CAPX respectfully requests that the Court allow the Claim in the amount of $ 1,1312,988.29 and prohibit the Debtor from further objecting to the Claim on other grounds.

/s/ Christie Lyman Dowling
Attorney for Claimant

**OF COUNSEL:**

Christie Lyman Dowling
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following by U.S. Mail, properly addressed and postage prepaid, on this the 21st day of August, 2006:

Cynthia C. Jackson
Stephen D. Busey
James H. Post
225 Water Street, Suite 1800
Jacksonville, FL 32202

Michael L. Edwards
218 East Ashley Street
Jacksonville, FL 32202

D.J. Baker
Sally McDonald Henry
Rosalie W. Gray
Eric M. Davis
Jane Leamy
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036

/s/ Christie L. Dowling
Of Counsel