UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-03817-f1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al*, | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**RESPONSE OF DANIEL G. KAMIN ZACHARY ENTERPRISES AND DANIEL G. KAMIN CLARKSVILLE CROSSING, LLC TO DEBTORS' SIXTEENTH OBJECTION TO CLAIMS (STORE NOS. 941 AND 1580)**

Daniel G. Kamin Zachary Enterprises ("DGK Zachary") and Daniel G. Kamin Clarksville Crossing LLC ("DGK Clarksville") hereby respond and object to the Debtors' Sixteenth Omnibus Objection to Claims (the "Omnibus Objection") with respect to Claim Nos. 9648 and 9643, and in support thereof states and alleges as follows:

**DGK Zachary**

1.     DGK Zachary filed a Proof of Claim, Claim No. 9648, against the estate of Winn-Dixie Montgomery, Inc., asserting lease rejection and actual damages in the amount of $519,993.39.  Debtors seek to reduce Claim No. 9648 to $240,713.87 on the grounds that (a) DGK Zachary has overstated its lease rejection damages by $23,279.52 and (b) DGK Zachary failed to provide supporting documentation for $256,000.00 in estimated repair damages.

2.     With respect to the alleged overstatement, Debtors' Omnibus Objection should be overruled.  DGK Zachary's lease rejection damages were properly calculated in accordance with 11 U.S.C. §502(b)(6) and were supported with documentation.  *See* Exhibits A-D to Claim No. 9648.  As such, the claim for lease rejection damages it is entitled to a presumption of prima facie validity.  *See* Fed. R. Bankr. P. 300(f) ("[a] proof of claim executed and filed in accordance

with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim.")

3.      Once a prima facie valid claim is established, the burden of going forward shifts to the party objecting to the claim to produce evidence sufficient to negate the claim's prima facie validity. *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173-74 (3rd Cir. 1992).   "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence.*"  *In re Hemingway Transport, Inc.*  993 F.2d 915, 925 (1st Cir. 1993) (emphasis in original).  *See also In re Knize*,  210 B.R. 773, 778 (Bankr. N.D. Ill 1997) ("The objector must produce evidence of a probative force equal to the allegations contained within the proof of claim.").   Because the Debtors have presented no evidence to support their requested reduction, the Omnibus Objection should be overruled with respect to the lease rejection damages component of Claim No. 9648.

4.      With respect to the estimated repair damages component of DGK Zachary's claim, the necessary repairs have now been made at a cost of $138,589.64.  Attached as <u>Exhibit 1</u> are copies of invoices and other supporting documentation.  Thus, DGK Zachary agrees that the Claim No.  9648 should be reduced by the amount of $117,410, representing the difference between the estimated and actual repair damages.   Accordingly, Claim No. 9648 should be allowed in the amount of $402,583.03.

## **DGK Clarksville**

5.      DGK Clarksville filed a Proof of Claim, Claim No. 9643, against the estate of Winn-Dixie Raleigh, Inc. asserting lease rejection and actual damages in the amount of $328,208.33.  Debtors seek to reduce Claim No. 9643 to $199,208.33 on the grounds that DGK

Clarksville failed to provide supporting documentation for $129,000.00 in estimated repair damages.

6.     After Debtors rejected the lease agreement with DGK Clarksvilles, DGK Clarksvilles began looking for a new tenant. On or about November 18, 2005, DGK Clarksvilles entered into a lease agreement with Dolgencorp, Inc. ("Dolgencorp"). A copy of the lease agreement is attached as Exhibit 2. However, in order to induce Dolgencorp to enter into the lease agreement, DGK Clarksvilles had to agree to provide a $550,000 contribution to Dolgencorp's capital improvements, which include the repairs that were estimated in Claim No. 9643. *See* Exhibit 2 at ¶ 43 and Ex. C.

7.     Thus, DGK Clarksville's damages actually exceed those stated in Claim No. 9643 and there is no basis for reducing the Claim.

## RESERVATION OF RIGHTS

8.     DGK Zachary and DGK Clarksville expressly reserve the right: (i) to amend, modify, or supplement this objection and response, as well as any of the exhibits, including by, but not limited to, additional documentation of the amount of, or in relation to, Claim Nos. 9648 and 9643; and (ii) to present other evidence if an evidentiary hearing is held with respect to the Omnibus Objection and this objection and response.

9.     DGK Zachary and DGK Clarksville expressly reserve the right to respond or move for additional relief on any grounds that may now exist or that may exist hereafter.

WHEREFORE, DGK Zachary and DGK Clarksville respectfully requests that the Court (1) overrule the Omnibus Objection as it relates to Claim Nos. 9648 and 9643, (2) allow Claim No. 9648 in the amount of $402,583.03, (3) allow Claim No. 9643 in full, and (4) grant Landlord such other and further relief that the Court may deem just and appropriate.

Respectfully submitted,

DANIEL G. KAMIN ZACHARY ENTERPRISES
and DANIEL G. KAMIN CLARKSVILLE
CROSSING LLC


By: /s/  Sara E. Lorber
         One of Its Attorneys

Sara E. Lorber
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois  60603
Tel. (312) 346-8000
Fax: (312) 269-8869
slorber@seyfarth.com

## **CERTIFICATE OF SERVICE**

I, Sara E. Lorber, an attorney, do hereby certify that on August 21, 2006, I electronically filed a true and correct copy of the foregoing RESPONSE OF DANIEL G. KAMIN ZACHARY ENTERPRISES AND DANIEL G. KAMIN CLARKSVILLE CROSSING, LLC TO DEBTORS' SIXTEENTH OBJECTION TO CLAIMS (STORE NOS. 941 AND 1580), and caused the same to be served (1) via electronic mail to those parties entitled to service through the ECF registration, and (2) via facsimile transmission on counsel for the Debtors at the following address:

> D.J. Baker Esq.
> Skadden, Arps, slate, Meagher & Flom LLP
> Four Times Square
> New York, NY 10036
> (212) 735-2000 (facsimile)

/s/ Sara E. Lorber

CH1 11102888.1