**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re | Case No.: 3:05-bk-03817-JAF |
| Winn-Dixie Stores, Inc., et. al., | Chapter 11 |
| Debtors. | Jointly Administered |

**MOTION FOR PROTECTIVE ORDER WITH RESPECT**
**TO CONFIDENTIAL INFORMATION OF**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The official committee of unsecured creditors (the "Committee") appointed in the chapter 11 cases of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession (collectively, "Winn-Dixie" or the "Debtors"), pursuant to Rules 7026(c) and Rule 9018 of the Federal Rules of Bankruptcy Procedure, moves the Court for entry of a protective order in substantially the form as attached hereto as Exhibit "A," in connection with certain documentation requested to be disclosed by the Committee to E&A Financing II, L.P., E&A Southeast L.P., E&A Acquisition Two, L.P., Shields Plaza, Inc., Woodberry Plaza (E&A), LLC, Villa Rica Retail Properties, LLC, West Ridge, LLC, and Bank of America, as Trustee of Betty Holland (collectively, the "E&A Claimants"), and in support thereof says:

**BACKGROUND**

1.   On February 21, 2005 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

2.   On March 1, 2005, the United States Trustee duly appointed the Committee.

{JA287673;1}

3.      By Order dated April 13, 2005, the New York Bankruptcy Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

4.      On June 29, 2006, the Debtors filed their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement").

5.      On July 24, 2006, the E&A Claimants, through counsel, filed their objections to the Disclosure Statement, which objections asserted, among other grounds, that the Disclosure Statement did not provide Debtors adequate information regarding the deemed substantive consolidation proposed in the Debtors' Joint Plan of Reorganization (the "Plan").

6.      Subsequent to the Disclosure Statement Hearing, the E&A Claimants have requested of the Committee certain documentation. The Committee desires to provide to the E&A Claimants certain responsive confidential information upon terms and conditions that will protect the Committee's Work Product and Privileges.

7.      The deadline for voting on the Plan is September 25, 2006. Accordingly, the Committee and the E&A Claimants seek the earliest possible consideration of this Motion such that, if granted, the Committee shall be able to expedite the delivery of documentation to the E&A Claimants to permit their timely consideration of such documentation in determining whether or not to support the Plan.

WHEREFORE, the Committee, with the support and consent of the E&A Claimants, respectfully requests that the Court enter a protective order substantially in the form attached hereto as Exhibit "A".

Dated this 23rd day of August, 2006.

**AKERMAN SENTERFITT**

By: */s/John B. Macdonald*
John B. Macdonald
Florida Bar No. 230340
Email: john.macdonald@akerman.com
Patrick P. Patangan
Florida Bar No. 348340
Email: patrick.patangan@akerman.com
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

Co-Counsel for Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc. et al.

- and -

**MILBANK, TWEED, HADLEY & McCLOY LLP**
Dennis F. Dunne (DD 7543)
Michael E. Comerford (MC 7049)
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Co-counsel for Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.