UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re | Case No.: 3:05-bk-03817-JAF |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

These cases are before the Court upon the Motion for Protective Order (the "Motion") filed by the official committee of unsecured creditors (the "Committee") appointed in the above captioned chapter 11 cases (the "Chapter 11 Cases") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession (the "Debtors"), seeking to establish conditions for the protection of the Committee's work product and privileges upon its production of certain documentation to E&A Financing II, L.P., E&A Southeast L.P., E&A Acquisition Two, L.P., Shields Plaza, Inc., Woodberry Plaza (E&A), LLC, Villa Rica Retail Properties, LLC, West Ridge, LLC, and Bank of America, as Trustee of Betty Holland (collectively, the "E&A Claimants" and together with the Committee, the "Parties", each individually, a "Party"). The Motion having come before the Court for hearing upon good and adequate notice, and the Court finding good cause for entering a protective order as requested by the Motion, it is

{JA287632;3}

**Exhibit "A"**

ORDERED:

1.  "Confidential Information" means information that the producing Party in good faith believes constitutes or contains non-public, confidential or proprietary information, which is provided or produced from and after the date this Order is entered on the Court's docket.

2.  A Party producing or providing Confidential Information contained in documents shall affix to each page a "Confidential" legend. A Party may designate other forms of information as containing Confidential Information by so specifying in writing to the receiving Party. The failure to designate material as "Confidential Information" at the time of production or dissemination may be remedied by supplemental written notice from the producing Party to the receiving Party and shall not be considered a waiver of confidential treatment under this Order.

3.  A Party receiving Confidential Information shall use it solely for the purpose of contested matters and adversary proceedings in the Chapter 11 Cases and shall not disclose Confidential Information to any third party, or use it for any other purpose, except in accordance with the terms of this Order. All Confidential Information provided or produced in accordance with this Order shall be retained in the custody of counsel for the receiving Party, except that experts, advisors, professionals or other persons authorized to receive Confidential Information hereunder may have custody of such copies as are necessary for their participation in the Chapter 11 Cases.

4.  Notwithstanding the provisions of paragraph 3, a receiving Party may disclose Confidential Information:

    (a)  to experts or advisors retained in a consulting or testifying role in connection with the Chapter 11 Cases; <u>provided</u>, that any such expert or

{JA287632;3}

    advisor who receives Confidential Information shall be bound by the terms and conditions of this Order;

 (b) to the Court in the course of any contested matter or adversary proceeding in the Bankruptcy Cases;

 (c) to holders of Class 13 Landlord Claims (as defined in the Debtors' Joint Plan of Reorganization (the "Plan")); *provided*, that any such holder who receives Confidential Information shall be bound by the terms and conditions of this Order; *provided*, *further*, that in no event shall such holders, the E&A Claimants or their respective counsel distribute a solicitation letter in connection with confirmation of the Plan unless the Committee has reviewed such letter and (i) does not object to the issuance of such letter or (ii) if the Committee does object to the issuance of such letter then, the proponent shall not distribute such letter unless it obtains an order from the Court authorizing distribution of such letter; or

 (d) in accordance with paragraph 5

 5. In the event a Party (i) receives a subpoena, interrogatory, or other request for Confidential Information or (ii) reasonably believes that it is legally required to disclose any of the Confidential Information to a governmental or other regulatory body to whose jurisdiction it reasonably believes it is subject, the receiving Party shall promptly provide the producing Party with written notice of any such request or requirement so that the producing Party may timely seek, at its expense, a protective order or other appropriate remedy, and the receiving Party shall not disclose Confidential Information until the producing Party's objections to disclosure have been resolved unless required to do so by order of a court of competent jurisdiction or governmental or other regulatory body.

 6. The Parties agree that money damages may not be a sufficient remedy for any breach of this Order and that a producing Party may be irreparably harmed in the event of such a breach. Without prejudice to any other remedies or money damages to which they may be

entitled, the Parties shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any breach of this Order.

7. Each Party shall remain bound by the terms of this Order until the date of entry of an order, which is no longer subject to appeal, reconsideration, or reargument (i) confirming a chapter 11 plan in the Chapter 11 Cases or (ii) converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, whichever occurs first (the "Termination Date"). Upon the Termination Date, each Party shall return all Confidential Information to the producing Party or shall certify in writing that all documents containing Confidential Information have been destroyed.

8. It is understood and agreed that no failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder. The agreements set forth herein may only be waived or modified by an agreement in writing signed by or on behalf of the Parties hereto.

9. This Order may be signed in counterparts, each of which shall be deemed an original, and all of such counterparts taken together shall be deemed to constitute one and the same agreement.

10. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

11. Except as otherwise provided herein, all notices and other communications required under this Order shall be in writing and shall become effective when delivered by hand, electronic mail, facsimile (if confirmed by telephone), or overnight courier service, addressed as

set forth below or to such other addresses as may be hereafter designated in writing by either Party to the other.

12. Nothing herein shall prevent a Party from using its own Confidential Information as it deems necessary and/or appropriate or from seeking further protection with respect to the use of such material. Any such action shall not be deemed a breach or waiver of the producing Party's obligations under this Order.

13. The provision by the Committee to the E&A Claimants (and their counsel) of any documentation pursuant to the terms of this Order shall neither constitute nor be deemed to be a waiver by the Committee of its work product privilege, attorney client privilege, or other comparable privileges for any purpose in connection with the Chapter 11 Cases, and nothing in this Order or otherwise shall require disclosure of any material which counsel for the Committee contends is protected from disclosure by the attorney-client privilege, work-product doctrine immunity or any other legally recognized privilege. This Order shall prohibit and bar any Party, person or entity from asserting that the act of disclosure of Confidential Information has in any way mitigated or waived any attorney-client privilege, work-product doctrine or other applicable privileges or protections with respect to the Confidential Information or otherwise.

14. The inadvertent disclosure of any document or information during discovery in this matter shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, work-product doctrine or any other legally recognized privilege or immunity from discovery, and no Party shall be held to have waived any rights by such inadvertent production. Upon request by the inadvertently producing party, the receiving Party

shall (a) return the original and all copies of such documents and (b) shall not use such information for any purpose unless allowed by order of the Court.

DATED in Jacksonville, Florida this _____ day of August, 2006.

                                                                                                        Jerry A. Funk
                                                                                                        United States Bankruptcy Judge

The undersigned on behalf of and as authorized by their respective clients hereby stipulate to entry of this Order.

| AKERMAN SENTERFITT | KITCHENS, KELLY, GAYNES, P.C. |
|---|---|
| By:/s/John B. Macdonald | By: /s/Mark A. Kelley* |
|     John B. Macdonald |     Mark A. Kelley |
|     Florida Bar No. 230340 |     11 Piedmont Center, Suite 900 |
|     Email: john.macdonald@akerman.com |     Atlanta, GA 30305 |
|     Patrick P. Patangan |     Telephone (404) 467-7718 |
|     Florida Bar No. 348340 |     Facsimile (843) 364-0126 |
|     Email: patrick.patangan@akerman.com | |
|     50 North Laura St., Suite 2500 | Attorneys for E&A Financing II, L.P., E&A Southeast L.P., E&A Acquisition Two, L.P., Shields Plaza, Inc., Woodberry Plaza (E&A), LLC, Villa Rica Retail Properties, LLC, West Ridge, LLC, and Bank of America, as Trustee of Betty Holland |
|     Jacksonville, Florida 32202 | |
|     (904) 798-3700 (telephone) | |
|     (904) 798-3730 (facsimile) | |
| | |
| Co-Counsel for the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al. | |
| | *Counsel has authorized his electronic signature being affixed to this order. |
| - and - | |

MILBANK, TWEED, HADLEY &
McCLOY LLP
Matthew S. Barr (MB 9170)
Michael E. Comerford (MC 7049)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000 (telephone)
(212) 530-5219 (facsimile)

Co-Counsel for Official Committee of
Unsecured Creditors of Winn-Dixie Stores,
Inc., et al.