UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: ) Case No. 05-03817-3F1
)
WINN-DIXIE STORES, INC., et al., ) Chapter 11
)
) Jointly Administered
Debtors. )

## ORDER AUTHORIZING ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASE

These cases came before the Court for hearing upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105(a) and 365 (the "Motion") (i) approving and authorizing the Debtors to assume non-residential real property leases identified on Exhibit A attached to the Motion, effective as of the effective date of the Debtors' joint plan of reorganization (Docket No. 10058) (the "Effective Date"),[1] (ii) fixing the costs of assumption at the proposed cure amounts identified on Exhibit B attached to the Motion (collectively, the "Proposed Cure Amounts"), and (iii) granting related relief. By the Motion, the landlords were given until June 30, 2006 to object to the Motion and the Proposed Cure Amounts. The landlord for store number 6, Skinners of Point Meadows, Inc. (the "Skinner Landlord"), filed an objection to the Proposed Cure Amounts (the "Cure Objection") asserting that the Debtor owed the Skinner Landlord additional money to cure the lease for store number 6 (the "Skinner Lease"). The Court has reviewed the Motion. After due deliberation and good and sufficient cause exists, it is

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

ORDERED AND ADJUDGED THAT:

1. The Motion is granted as to the Skinner Lease.

2. The Debtors are authorized to assume the Skinner Lease pursuant to 11 U.S.C. § 365(a), effective as of the Effective Date.

3. The Debtors will pay the Skinner Landlord any undisputed cure amounts due on the Effective Date. If the Debtor and the Skinner Landlord are unable to resolve the Cure Objection consensually, the Debtors will set the Cure Objection for hearing before the Court.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

5. The Court retains jurisdiction to hear and determine any disputes over the amounts required to cure the Skinner Lease as of the Effective Date, and all other matters arising from the implementation of this Order.

6. In the event the Effective Date does not occur, this Order shall be null and void.

Dated this 24 day of August, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion

541003

2