**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER AUTHORIZING ASSUMPTION OF EMPLOYMENT-RELATED
EXECUTORY CONTRACTS AND FIXING CURE AMOUNTS**

These cases came before the Court for hearing on August 24, 2006, upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the assumption of the prepetition employment-related contracts set forth on Exhibit A to this Order (the "Contracts") effective as of the effective date of the Debtors' joint plan of reorganization (the "Effective Date") and (b) fixing the costs of assumption at the Proposed Cure Amounts identified on Exhibit A (the "Motion").[1] By the Motion, the Counter Parties to the Contracts were given until August 17, 2006 to object to the Proposed Cure Amounts. The Debtors have withdrawn without prejudice from the Motion, and have reserved the right to include in a subsequent motion to assume or reject, the contract with Dennis Hanley, which contract has been removed from Exhibit A. Upon consideration, it is

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

ORDERED AND ADJUDGED:

1. The Motion is granted.

2. The Debtors are authorized to assume the Contracts pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the Effective Date. The Debtors' assumption of the Contracts as of, and upon the occurrence of, the Effective Date is approved.

3. For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amounts owed by the Debtors with respect to the Contracts are the Proposed Cure Amounts listed on Exhibit A.

4. The Counter Parties listed on Exhibit A are deemed to have waived any and all claims they may have against the Debtors for cure or compensation under their respective Contracts listed on Exhibit A, except for the Proposed Cure Amount.

5. The Proposed Cure Amounts shall be paid by the Debtors on or as soon as practicable after the Effective Date.

6. The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to each of the Contracts.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

9. In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, this Order shall be null and void.

Dated August 24 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties included
on the Master Service List.

# Exhibit A

## CONTRACTS FOR ASSUMPTION

| Non-Debtor Counter Party | Debtor | Contract | Proposed Cure Amount |
|---|---|---|---|
| Joel Barton<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Letter Agreement dated February 18, 2005 and Election Form and Waiver Agreement dated February 21, 2005 | $0.00 |
| William R. Baxley<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Resignation and Release executed February 10, 2004 | $0.00 |
| Margaret M. Cavin<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Release executed October 31, 2003 | $0.00 |
| Paul M. Chisholm<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Election Form and Waiver Agreement dated February 1, 2005 | $0.00 |
| Gary W. Doss<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Montgomery, Inc. | Election Form and Waiver Agreement dated April 26, 2004 | $0.00 |
| Curtis M. Gore<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Montgomery, Inc. | Separation and Release Agreement dated May 4, 2004 | $0.00 |
| George T. Gue, Jr.<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Raleigh Inc. | Election Form and Waiver Agreement dated November 24, 2004 | $0.00 |

| Non-Debtor Counter Party | Debtor | Contract | Proposed Cure Amount |
|---|---|---|---|
| Emeka I. Kwentoh<br><br>**Address Intentionally Omitted to Protect Employee Privacy**<br><br>C/o De Ramus & Talty<br>Attention: Thomas T. Talty, Esq.<br>2015 First Avenue North<br>Birmingham, AL 35203 | Winn-Dixie Montgomery, Inc. | Settlement Agreement and Release dated December 30, 2004 | $22,250.00 |
| Mark Matta<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Letter Agreement dated February 21, 2005 and Election Form and Waiver Agreement dated February 21, 2005 | $0.00 |
| Mary Mitchell<br><br>**Address Intentionally Omitted to Protect Employee Privacy**<br><br>C/o Barry C. Leavell<br>Hallie C. Leavell<br>205 Madison Ave, Ste. A<br>Montgomery, AL 36104 | Winn-Dixie Montgomery, Inc. | Settlement Agreement and Release signed and entered into January 20, 2005 | $0.00 |
| Dwight A. Moore, Jr.<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Separation and Release Agreement dated April 8, 2004 | $0.00 |
| John Opasinski<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Separation and Release Agreement dated April 9, 2004 | $0.00 |
| Jim Seeley<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Letter Agreement dated February 18, 2005 and Election Form and Waiver Agreement dated February 18, 2005 | $0.00 |
| John Sheehan<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Letter Agreement dated February 18, 2005 and Election Form and Waiver Agreement dated February 18, 2005 | $0.00 |

| Non-Debtor Counter Party | Debtor | Contract | Proposed Cure Amount |
|---|---|---|---|
| Justin D. Strother<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Separation and Release Agreement dated June 10, 2004 | $0.00 |
| James H. Thatcher<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. f/k/a Save Rite Grocery Warehouse, Inc. | Election Form and Waiver Agreement dated September 23, 2004 as amended by Addendum to Election Form and Waiver Agreement dated October 22, 2004 and Letter from Frank Lazaran dated November 2, 2004 | $0.00 |
| Stanley R. Timbrook, Jr.<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Release executed February 12, 2004 | $0.00 |
| Robert Tulko<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Employment, Noncompetition and Nondisclosure Agreement entered into February 22, 2002 | $0.00 |
| Roy Wong<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated November 19, 2004 | $0.00 |
| E. Ellis Zahra, Jr.<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Confidential Resignation and Release entered into as of July 2, 2002 and Letter Agreement dated April 24, 2002 | $0.00 |