UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.* | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Judge Jerry A. Funk |
| | ) | |

### FLORIDA TAX COLLECTORS' RESPONSE TO AND MOTION TO ABSTAIN FROM CONSIDERATION OF DEBTORS' OBJECTION TO FLORIDA TAX CLAIMS AND MOTION FOR ORDER DETERMINING TAX LIABILITIES

Florida Tax Collectors[1] ("FTC"), through their undersigned counsel, responds to and respectfully moves this Court to abstain from consideration of the *Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities* (Docket No. 10046) (the "Objection"):

1. The Objection requests a combined claim for relief which, pursuant to Federal Rule of Bankruptcy Procedure 3007, renders the Objection an adversary proceeding. See In re Stewart, 215 B.R. 633 (Bankr. M.D. Fla. 1997).

2. This Court should abstain from the exercise of jurisdiction over the Objection. Both 28 U.S.C. § 1334(c)(1) and 11 U.S.C. § 505(a)(1) provide authority to abstain from hearing a proceeding pursuant to 11 U.S.C. § 505. See In re Metromedia Fiber Network, Inc., 299 B.R. 251 (Bankr. S.D.NY 2003) (extensive review of historical basis). Uniformity of assessment is an

---

[1] The "Florida Tax Collectors" consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Escambia, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, and Walton.

1

extremely important concept with the Florida tax statutes. This Court should give full faith and credit to the laws of Florida. The administrative burden on this Court and the financial burden on this estate in costs, fees and accrual of interest must also be considered.

3. The Debtors filed their petitions for relief under the provisions of Chapter 11 of Title 11 of the United States Code on February 21, 2005.

4. The Objection filed on August 8, 2006 is an attempt to determine *ad valorem* tax values for tax years 2004, 2005 and 2006 pursuant to Section 505 of the Bankruptcy Code. The Objection is therefore one based upon a state law claim or state law cause of action and is related to a case under Title 11 of the United States Code, but does not arise under Title 11 or arise in a case under Title 11.

## ARGUMENT AND AUTHORITIES

5. The Tax Injunction Act provides that "**[T]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.**" 28 U.S.C § 1341. The United States Supreme Court, when considering a taxpayers' request to have a Federal District Court review procedures involving Cook County, Illinois property taxes, found that the Illinois refund procedure was a plain, speedy and efficient remedy within the Tax Injunction Act. In discussing the issue, the Court, in <u>Rosewell v. LaSalle National Bank</u>, 450 U.S. 503, 527, 101 S. Ct. 1221, 67 L. Ed. 2d. 464 (1981), "... underscored... the dependency of state budgets on the receipt of local tax revenues." In its discussion relative to the availability of Federal Injunctive Relief, the Court noted from its previous decision in <u>Perez v. Ledesma</u>, 401 U.S. 82, 128 91 S. Ct. 674, 27 L. Ed., 2d 701, (1971), that

2

> [S]tate tax administration might be thrown into disarray, and taxpayers might escape the ordinary procedural requirements imposed by state law. During the pendency of the federal suit the collection of revenue under the challenged law might be obstructed, with consequent damage to the State's budget, and perhaps a shift to the State of the risk of taxpayer insolvency. Moreover, federal constitutional issues are likely to turn on questions of state tax law, which, like issues of state regulatory law, are more properly heard in the state courts.

Rosewell at 527.

6. The Seventh Circuit addressed sovereign immunity within the bankruptcy context, see Nelson v. La Crosse County District Attorney, 301 F.3d 820 (7th Cir. 2002), wherein it was found that Congress failed to validly abrogate State sovereign immunity when enacting the Bankruptcy Code pursuant to its Article I legislative power. FTC, by separate motion in response to the objection, asserts their immunity from the jurisdiction of this Court pursuant to the Eleventh Amendment of the Constitution.

7. The Debtors retained the use of property tax professionals throughout the pendency of this case. There is no reason why the Debtors could not comply with the State of Florida's statute of non-claim, Fla. Stat. §194.171(2). The Florida Supreme Court has clearly stated the jurisdictional non-claim statute must be strictly enforced. See Markham v. Neptune Hollywood Beach Club, 527 So. 2d 814 (Fla. 1988).

8. Additionally, many of the smaller taxing authorities and smaller counties throughout Florida are now making the decision to increase taxes against other taxpayers or cut budgets in order to recover the tax dollars Winn-Dixie refuses to pay. The Debtors have enjoyed the benefits of all the services provided by the local taxing authorities including police, fire and

3

rescue, schools, roads and various other local governmental traditional services funded by property taxes.

9. Abstention is the most appropriate and efficient way to quickly resolve the alleged issues raised by Winn-Dixie in the Objection. The tax funds are needed now by taxing authorities for schools and other public services. Winn-Dixie should not be provided a windfall by filing this bankruptcy.

WHEREFORE, premises considered, Florida Tax Collectors request this Court enter an Order abstaining from exercising jurisdiction in this matter, and for such other relief this Court deems just and proper.

Dated: August 28, 2006

>                          Respectfully submitted,
>
>                          By:_____
>                          Brian T. FitzGerald
>                          Hillsborough County Attorney's Office
>                          Florida Bar No. 484067
>                          Post Office Box 1110
>                          Tampa, Florida 33601-1110
>                          Ph: 813-272-5670
>                          Fax: 813-272-5231
>                          fitzgeraldb@hillsboroughcounty.org
>                          Attorney for the Florida Tax Collectors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing *Florida Tax Collectors' Response to and Motion to Abstain from Consideration of Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 10046)* has been served this 28th day of August, 2006 by *Notice of Electronic Filing* on **Skadden, Arps, Slate, Meagher & Flom, LLP**, Attn: D. J. Baker (djbaker@skadden.com), Attorneys for Debtors; **Smith Hulsey & Busey**, Attn: Cynthia C. Jackson (cjackson@smithhulsey.com), Attorneys for Debtors; **Milbank, Tweed, Hadley & McCloy, LLP**, Attn: Matthew Barr (mbarr@milbank.com), Attorneys for Unsecured Creditors Committee; **United States Trustee**, Attn: Elena L. Escamilla; and to all other parties receiving electronic notice.

_____
Brian T. FitzGerald, Esq.
Senior Assistant County Attorney