IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

WINN-DIXIE STORES, INC., et al.,           CASE NO. 05-03817-3F1
                                                          Chapter 11
      Debtor.                                      Jointly Administered

RESPONSE TO DEBTOR'S OBJECTION TO
FLORIDA TAX CLAIMS AND MOTION FOR ORDER DETERMINING
<u>TAX LIABILITIES</u>

        COMES NOW, Janey Holley, the duly-elected Tax Collector in and for Escambia County, Florida (hereinafter, "Tax Collector"), and by and through her undersigned attorneys, and in response to the Debtor's Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities, further says:

        1.     The Tax Collector is a creditor in these proceedings with a secured claim pursuant to 11 U.S.C. § 506. The claim of the Tax Collector is secured by a lien on the property which is the subject of tax, which lien is superior to all others. *See* § 197.122, Fla. Stat. (2005).

        2.     The tangible personal property which is the subject of the tax is tangible personal property valued by the applicable debtor in connection with the Debtor's tangible

personal property tax return filed with the Property Appraiser in and for Escambia County, Florida. The specific tangible personal property tax returns in question were signed under penalty of perjury by John P. Taylor, Property Tax Manager for Winn-Dixie, Stores, Inc. Accordingly, the values set forth therein are true and accurate to the best knowledge, information, and belief of Tax Collector.

3. To the extent that the ad valorem real property taxes, if any, which are subject of the claim filed herein on behalf of, among others, this Tax Collector, are obligations of the fee owner of the property, and to the extent the Debtor seeks to contest said obligation as a consequence of the Debtor's obligation to pay said ad valorem taxes pursuant to a lease with the fee owner of the property, the Debtor can only do so in the name and stead of the fee owner and not in its own name, pursuant to 11 U.S.C. § 505. The legislative history of 11 U.S.C. § 505 makes clear that § 505 applies to tax liabilities of the Debtor. The properties occupied by the Debtor pursuant to lease are subject to tax, but those obligations, if any, of the Debtor are contractual pursuant to the lease and not direct tax obligations of the Debtor.

4. The ad valorem real property valuations made by the Escambia County, Florida, Property Appraiser are correct and there is no basis for objecting to same. The values ascribed to the property subject to the tax by the duly-elected Property Appraiser in Escambia County, Florida, are clothed with a presumption of correctness. *See In re Liuzzo*, 204 B.R. 235, 237 (Bankr. N.D. Fla. 1996). The analysis by Debtor's consultant, Assessment

Technologies, Ltd. ("ATL"), is not properly based on the statutory criteria set out at § 193.011, Fla. Stat., and should, in any event, be rejected. At a minimum, the Property Appraiser, the Tax Collector and the people of Escambia County, Florida, should have the opportunity to have the analysis of ATL reviewed and presented to the Court subject to cross-examination and rebuttal evidence before the Court elects at the Debtor's behest to disregard the presumption of correctness afforded to the Property Appraiser's valuation and to accept, carte blanch, the ATL valuations.

     5.     The interest rates set forth under applicable Florida law, § 197.122, Fla. Stat. (2005), are the proper rates for unpaid ad valorem taxes. Eighteen percent per annum under the Florida taxing scheme does not constitute a penalty and is, in fact, approved as the appropriate interest rate for such taxes. *In re Cone Contractors, Inc,.* 304 B.R. 513 (Bankr. M.D. Fla. 2003); *In re Liuzzo*, *supra*; *see also* new 11 U.S.C.§ 511 [§ 704 under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8)].

     6.     Finally, the offsets sought by the Debtor are not permitted under applicable law and Debtor cites no authority in Florida or in the Eleventh Circuit to support such an "end run" on 11 U.S.C. § 505(a)(2)(B).

     7.     The Debtor's analysis and assumptions with respect to valuation are incorrect, have been accomplished without inclusion of the Property Appraiser in and for Escambia County, Florida, are contrary to applicable law and should be rejected.

WHEREFORE, premises considered, the undersigned prays that this Court shall consider the foregoing, overrule the Debtor's objection to the secured tax claims filed herein by the Escambia County Tax Collector, and grant such other and further relief as may be appropriate under the circumstances.

    /s/ Philip A. Bates
PHILIP A. BATES
PHILIP A. BATES, P.A.
25 West Cedar Street, Suite 550
Post Office Box 1390
Pensacola, FL  32591-1390
(850) 470-0091
Attorney for Escambia County Tax Collector
Florida Bar No.:  228354

## CERTIFICATE OF SERVICE

The following parties were served either by electronic or standard first class mail, postage prepaid, on this 28th day of August, 2006:

D.J. Baker
Sally McDonald Henry
Rosalie W. Gray
Skappen, Arps, Slate Meagher & Flom, LLP
Four Times Square
New York, New York 10036-6522

Stephen D. Busey
James H. Post
Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

    /s/ Philip A. Bates
PHILIP A. BATES