**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' NOTICE OF AGREED ORDER APPROVING**
**STIPULATION WITH SOUTHEAST-ATLANTIC**
**BEVERAGE COMPANY TO COMPROMISE CLAIMS**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND HEARING**

Pursuant to Local Rule 2002-4, the court will consider this matter without further notice of hearing unless a party in interest filed an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com and (ii) D. J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors"), pursuant to Rules 2002 and 9019, Federal Rules of Bankruptcy Procedure, and Local Rule 2002-4, give notice of the proposed entry of an Agreed Order approving the attached stipulation between Debtors and Southeast-Atlantic Beverage Company to compromise claims. If no

objection to the proposed Agreed Order is filed and served within the time as set forth

above, the Court will be requested to enter the Order in the form attached without further

notice of hearing.

Dated:  August 28, 2006

SKADDEN, ARPS, SLATE, MEAGHER &               SMITH HULSEY & BUSEY
    FLOM LLP

By      *s/ D. J. Baker*                           By      *s/ James H. Post*
        D. J. Baker                                       Stephen D. Busey
        Sally McDonald Henry                              James H. Post (FBN 175460)
        Rosalie Gray                                      Cynthia C. Jackson

Four Times Square                                 225 Water Street, Suite 1800
New York, New York 10036                          Jacksonville, Florida  32202
(212) 735-3000                                    (904) 359-7700
(917) 777-2150 (facsimile)                        (904) 359-7708 (facsimile)
djbaker@skadden.com                               jpost@smithhulsey.com

Co-Counsel for Debtors                            Co-Counsel for Debtors

539474

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

**AGREED ORDER ON DEBTORS' STIPULATION
WITH SOUTHEAST-ATLANTIC BEVERAGE COMPANY**

These cases came before the Court upon the notice of Winn-Dixie Stores, Inc. and

twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") for the entry of

an Agreed Order approving the stipulation between Debtors and Southeast-Atlantic

Beverage Company to compromise claims (the "Stipulation") (Docket No. ____). The

Court finds that (i) notice of the proposed Agreed Order was served on all interested

parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object

within 20 days of the date of service, and (ii) that no party filed an objection. The Court

therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1.    The Stipulation is approved and automatic stay is modified to permit

Southeast-Atlantic Beverage Company to setoff the Rebates against the Amounts Due

pursuant to the terms and conditions set forth in the Stipulation.[1]

2.    Claim No. 10123 filed by Southeast-Atlantic Beverage is allowed as an

unsecured non-priority claim in the amount of $343,096.91 against Winn-Dixie Stores, Inc.

---

[1] All capitalized terms not defined herein shall have the respective meanings ascribed to them in
the Stipulation.

in Case No. 05-03817-3F1 to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases. The balance of Claim No. 10123 is disallowed.

3.      This Order resolves (i) all liabilities and obligations related to Claim No. 10123 and (ii) all other pre-petition claims Southeast-Atlantic Beverage has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns, all of which are forever waived, discharged and released.

4.      Nothing in this Order shall affect any claims that Southeast-Atlantic Beverage or the Debtors may have against the other as a result of the post-petition business relationship between the parties.

5.      The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this ____ day of _____, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Copies to:

James H. Post
[Attorney James H. Post is directed to mail a copy of this Order to all parties entitled to notice.]

2

## Consent

The undersigned parties consent to the entry of the foregoing Order.


SMITH HULSEY & BUSEY                    NELSON MULLINS RILEY &
                                        SCARBOROUGH, LLP


By_____              By:_____*_____
        James H. Post                           Linda Barr

Florida Bar Number 175460               Meridian Building
225 Water Street                        17th Floor
Suite 1800                              1320 Main Street
Jacksonville, Florida  32202            Colombia, South Carolina 29201
(904) 359-7700                          (803) 799-2000
(904) 359-7708 (facsimile)              (803) 255-9644 (facsimile)

Attorneys for the Debtors               Attorneys for Southeast-Atlantic Beverage
                                        Company


* Counsel has authorized the use of her electronic signature.


539480


3

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al.,[1] | ) |
| | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |

STIPULATION BETWEEN DEBTORS AND
SOUTHEAST-ATLANTIC BEVERAGE COMPANY PROVIDING
FOR SETOFF OF REBATES AGAINST PRE-PETITION AMOUNTS DUE

This Stipulation (the "Stipulation") is entered into as of the date set forth below by and among (i) Winn-Dixie Stores, Inc. ("Winn-Dixie") and its affiliated debtors and debtors in possession (the "Debtors") and (ii) Southeast-Atlantic Beverage Company ("SABC").

RECITALS

WHEREAS, on February 21, 2005 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Court");

WHEREAS, on March 1, 2005, the United States Trustee for the Southern District of New York duly appointed the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc. et al.;

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

WHEREAS, on April 13, 2005, the New York Court entered an order (Dkt. No. 731) transferring venue of the Debtors' chapter 11 cases to the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court");

WHEREAS, on August 17, 2005, the United States Trustee for the Middle District of Florida duly appointed the Official Committee of Equity Security Holders;

WHEREAS, prior to the Petition Date, Winn-Dixie purchased various beverages from SABC for its Florida and Georgia stores;

WHEREAS, prior to the Petition Date, Winn-Dixie and SABC had certain rebate agreements which gave rise to rebates to Winn-Dixie in the amount of $138,630 (the "Rebates");

WHEREAS, Winn-Dixie scheduled an unsecured claim on behalf of SABC in the amount of $450,895.88;

WHEREAS, Winn-Dixie Raleigh Inc. scheduled an unsecured claim on behalf of SABC in the amount of $16,622.90;

WHEREAS, SABC filed proof of claim no. 10123 (the "SABC Proof of Claim") in the aggregate amount of $481,726.91 against Winn-Dixie, and such proof of claim is comprised of an unsecured claim in the amount of $383,026.91 (the "General Unsecured Claim") and a secured claim in the amount of $98,700.00 (the "Secured Claim");

WHEREAS, SABC seeks to setoff the Rebates from the SABC Proof of Claim; and

WHEREAS, the parties have determined that it is in their respective best interests to allow the setoff of the Rebates against the SABC Proof of Claim;

2

6.    Construction of this Stipulation. The parties represent and agree that the terms and provisions of this Stipulation are the product of arm's-length negotiation and equal input by the parties such that they shall not be construed against any party as the drafter of this Stipulation.

7.    Bankruptcy Court Approval. This entire Stipulation is expressly subject to and contingent upon approval by the Bankruptcy Court.

8.    Execution in Counterparts. This Stipulation may be executed in one or more counterparts and delivered by facsimile, all of which shall be considered one and the same agreement, and shall become effective when one or more such counterparts have been signed by each of the parties and delivered to all parties.

9.    Non-Severability. The provisions of this Stipulation are mutually interdependent, indivisible, and non-severable.

10.    Jurisdiction. Each of the parties hereby consents to the exclusive jurisdiction of the Bankruptcy Court to interpret, implement and enforce the provisions of this Stipulation.

11.    Terms Hereof are Contractual. The terms of this Stipulation are contractual and not mere recitals, and no representations have been made which are not contained herein.

12.    Authority. Each signatory to this Stipulation expressly warrants and represents that he or she has full authority to bind the party on whose behalf said signatory is executing this Stipulation. This Stipulation will be binding upon, and inure to the benefit of, the successors and assigns of the parties to this Stipulation.

4

13.  Further Documents.  The parties hereto shall each execute and deliver any and all additional documents and do any and all things reasonably necessary to carry out the intent of the parties pursuant to this Stipulation.

14.  Headings.  Section headings used in this Stipulation are for convenience only and are not to affect the construction of, or be taken into consideration in interpreting, this Stipulation.

IN WITNESS WHEREOF, each of the parties below has caused a counterpart of this Stipulation to be executed and delivered by its duly authorized signatory as of the date written below.

Dated:  July 12, 2006

WINN-DIXIE STORES, INC. AND ITS DEBTOR AFFILIATES

7/21/06

By: _____
Tom Robbins
Sr. VP, Merchandising

LEGAL APPROVED
ATTY
DATE: 1|9|06

SOUTHEAST-ATLANTIC BEVERAGE COMPANY

By: _____
Guy D. Jackson
Vice President of Finance and CFO

548297.12-New York Server 6A - MSW

5