**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Hearing Date and Time: September 7, 2006 at 1:00 pm. |
| | ) | |

**DUVAL COUNTY, FLORIDA'S RESPONSE TO THE**
**DEBTORS' OBJECTION TO FLORIDA TAX CLAIMS AND**
**MOTION FOR AN ORDER DETERMINING TAX LIABILITIES**

The Duval County Tax Collector ("Duval County") responds to the debtors' objection to the Florida tax claims and motion for order determining tax liabilities (Docket No. 10046) as follows:

1. Winn-Dixie Stores, Inc. ("Winn-Dixie"), individually and through its various subsidiaries and affiliates, operates a chain of retail grocery stores throughout the Southeast, including numerous stores, warehouses and corporate offices in Jacksonville, Duval County Florida.

2. Duval County is responsible for the assessment and collection of various taxes levied by the State of Florida, including ad valorem taxes on real and personal property pursuant to §§ 194.011 and 192.001(4), Florida Statutes and Article VII, Section 4, Florida Constitution, on property located within the county.

3. Duval County assessed Winn-Dixie's real and personal property for ad valorem tax purposes for tax years 2004 and 2005. After applying the appropriate statutory

formula, the tax resulting from the assessed value was $6,448,549.40. A proof of claim for the unpaid portion of taxes and accrued interest was filed by a consortium of Florida Tax Collectors on November 22, 2005, and was designated as Claim No. 12566.

4. On August 8, 2006, Winn-Dixie filed an objection to Claim No. 12566 and coupled that objection with a request that the Court (i) reassess the value of the personal and real property upon which Winn-Dixie's tax liability is based; and (ii) recalculate Winn-Dixie's property taxes for 2004 and 2005 based on that reassessment. Winn-Dixie seeks a decrease in the assessed value of its personal and real property in Duval County from $6,448,549.40 to $5,206,101.10, a difference of nearly 20%. Winn-Dixie has also challenged the interest rate accruing on those taxes suggesting that the statutory rate of interest constitutes a penalty and is therefore unenforceable.

5. The relief requested by Winn-Dixie's objection and motion is not permitted under applicable law for the following reasons:

(i) The debtor's tax returns constitute an admission against its own interest; Winn-Dixie is estopped from challenging the assessments based on its own valuations.

(ii) At no time prior to the filing of this motion did Winn-Dixie challenge under state law the valuation or assessment of its personal and real property taxes for tax years 2004 and 2005. Pursuant to 11 U.S.C. § 505(a)(2)(B), a debtor may not utilize § 505(a) to achieve a tax refund unless and until a request for a refund has first been submitted to the taxing authority. *See e.g. In re Custom Dist. Services*, 224 F.3d 235, 243 (3rd Cir. 2000)("Section 505(a)(2)(B) prohibits the bankruptcy court from adjudicating the right of an estate to a tax refund unless the trustee has first requested a refund from the government

authority administering the tax and was refused"); *In re EUA Power Corp. (Great Bay Power Corp. v. Town of Seabrook, NH)*, 184 B.R. 631, 634 (Bankr. N.H. 1995) (Bankruptcy Court "has no jurisdiction to consider and determine the question of a tax refund where a trustee or debtor-in-possession did not request an abatement or refund with the applicable taxing agency within the time required by state law"); and *In re Cumberland Farms, Inc. (Cumberland Farms, Inc. v. Town of Barnstable)*, 175 B.R. 138, 142 (Allowing debtors to utilize § 505(a) to recover "taxes paid many years before raises havoc with the financial stability of a city or town . . .").[1] Furthermore, the bankruptcy court lacks jurisdiction to permit an offset against future tax liabilities unrelated to the tax years referenced in Duval County's proof of claim. 11 US.C. § 106(b). Winn-Dixie's motion, which seeks a refund of taxes previously paid or, alternatively, to "offset amounts which were overpaid for prior years against liabilities on other present or future amounts due" is nothing more than a thinly veiled attempt to circumvent the limitations of § 505(a)(2)(B).

(iii)   Winn-Dixie seeks to revalue its personal property for tax purposes based on such factors as "the distressed business environment in which the Debtors operated . . ." and "the value realized by the Debtors upon the sale of their assets both prior to and during the course of the Chapter 11 cases." Liquidation or forced sale value has little relation to actual

---

[1] Winn-Dixie cites *U.S. v. Kearns*, 17 F.3d 706 (8th Cir. 1999) as support for the proposition that "a debtor need not first direct a refund to the Taxing Authority under § 505(a)(2)(B)" "sought as an offset." The *Kearns* case involved a setoff of taxes for unreported income against a tax refund claim and is inapplicable to the instant dispute. In fact, *Kearns* has been rejected in a context similar to that presented here. *See In re Farmland Industries, Inc.*, 336 B.R. 415, 419 (Bankr. W.D. Missouri) ("§ 505(a)(2)(B) requires compliance with the procedures of the applicable taxing authority as a condition to the bankruptcy court's authority to determine the merits of a debtor's request for tax refunds in *all* situations other than the narrow exception presented in *Kearns*").

market value, which is the measure by which the tax assessments at issue are to be determined. *In re Cable & Wireless USA, Inc.*, 331 B.R. 568, 579 (D. Del. 2005) ("'Fair Market Value' means neither panic value, auction value, speculative value, nor a value fixed by depressed or inflated prices. In fact, a market may be established only where there are willing sellers and buyers in substantial numbers"). Winn-Dixie's methodology for revaluing its personal and real property is therefore flawed.

(iv)    Article VII, Section 4 of the Florida Constitution requires the legislature to establish uniform methods for valuing all types of property for tax assessment purposes. *Interlachen Lakes Estates, Inc. v. Snyder*, 304 So.2d 433 (Fla. 1973). In furtherance of this Constitutional directive, the legislature has enumerated eight uniform factors to be considered in arriving at just valuations for *all types* of property. 193.011 Florida Statutes. Valuation methods which depart from this constitutional directive and resulting statute are unconstitutional and invalid. *Id*; *See also*, *Valencia Center Inc. v. Bystrom*, 543 So.2d 214 (Fla. 1989)(valuation methodology unique to property subject to pre-1965 lease agreements is invalid). Winn-Dixie's valuation methodology does not comply with any of the enumerated factors set forth in Florida Statute 193.011. Section 505(a)(2) does not establish an independent methodology for assessing taxes.

(v)    The statutory rate of interest for the unpaid property taxes is 18%. Statutory interest rates as high as 18% have been found by this Court and other courts throughout this district to be non-punitive in nature. *See e.g. In re Cone Constructors, Inc.*, 304 B.R. 513, 517 (Bankr. M.D. Fla. 2003)(statutory rate of 18% "is not wholly disproportionate or excessive in relation to market risks and conditions"); *In re Liuzzo*, 204 B.R. 235, 240

(Bankr. N.D. Fla. 1996)("I cannot find that the statutory rate of interest in § 197.172 constitutes a penalty with regard to either the pre-petition taxes or the post-petition taxes"); and *In re Haskell*, 252 B.R. 236, 242 (Bankr. M.D. Fla. 2000)("[T]he statutory rate [of interest] does not constitute a penalty"). Given the market risks associated with Winn-Dixie's current financial condition, the applicable interest rate of 18% cannot be shown to be so disproportionate to current interest rates to constitute a penalty. Establishing an appropriate interest rate is in any event a plan confirmation issue, not a matter to be addressed under § 505(a) of the Code.

WHEREFORE, Duval County requests (i) that Winn-Dixie's objection to Claim No. 12566 be overruled, (ii) that Winn-Dixie's motion to determine tax liability be denied, and (iii) that the Court grant such other relief as is appropriate.

**STUTSMAN THAMES & MARKEY, P.A.**

By  */s/ Richard R. Thames*
        Richard R. Thames

Florida Bar Number 0718459
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rthames@stutsman-thames.com

Attorneys for Mike Hogan Tax Collector for Duval County, Florida

## Certificate of Service

I hereby certify on August 28, 2006, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
patrick.pantangan@akerman.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

| | |
|---|---|
| Adam Ravin, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>aravin@skadden.com | D.J. Baker, Esq.<br>Skadden, Arps, Slat, Meagher, & Flom, LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>dbaker@skadden.com |

/s/ *Richard R. Thames*
_____
Attorney

59336