UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.* ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Judge Jerry A. Funk |
| ) | |

**FLORIDA TAX COLLECTORS' RESPONSE TO AND MOTION TO
DISMISS DEBTORS' OBJECTION TO FLORIDA TAX CLAIMS AND
MOTION FOR ORDER DETERMINING TAX LIABILITIES**

Florida Tax Collectors[1] ("FTC"), through their undersigned attorneys, respond to and respectfully move this Court to dismiss the Debtors' *Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities* (Docket No. 10046) (the "Objection"), based on the following:

**SUMMARY OF DEBTORS' CONTENTIONS**

1. Winn Dixie seeks declaratory relief by asking the Court to determine that the valuation of the Debtors' property by Florida Property Appraisers and the Florida Department of Revenue fails to comply with the "just valuation" standard provided by Section 4, Article VII, of the Florida Constitution.

2. Winn Dixie requests the new "just values" be applied for tax years 2004 and 2005 and appropriate refunds or reduced tax amounts be established.

---

[1] The "Florida Tax Collectors" consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Escambia, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, and Walton.

1

3. Winn Dixie requests that the new "just values" as determined by the Court be applied prospectively for determination of the post-petition 2006 property tax obligations of the Debtors.

**SUMMARY OF REPLY TO DEBTORS' ALLEGATIONS**

4. The determination of "just valuation" is the duty of Florida Property Appraisers. Section 93.023, Florida Statutes. The determination of "value" by Florida Property Appraisers is subject to review and approval by the Florida Department of Revenue to determine if all appropriate requirements of law relating to form and "just value" are met by the Florida Property Appraisers. Section 193.1142, Florida Statutes. Neither the Florida Department of Revenue nor the Florida Property Appraisers are named as defendants.

5. The single fact issue is a dispute relative to "just valuation" of the Debtors' real property and tangible personal property between the Debtors, Florida Property Appraisers and the Florida Department of Revenue.

6. The Tax Injunction Act, 28 U.S.C. Section 1341, and Bankruptcy Code Section 362(b)(18) preclude this Court from enjoining or otherwise interfering with the assessment of state *ad valorem* property taxes.

7. The Debtors have waived any right to contest the 2004 or 2005 property taxes. The Florida jurisdictional statute of non-claim, Section 194.171(2), Florida Statutes, has expired. See Ward v. Brown, 894 So.2d 811 (Fla. 2004), and Markham v. Neptune Hollywood Beach Club, 527 So.2d 814 (Fla. 1988).

8. The Debtors are estopped from asserting a challenge to the 2004 and 2005 taxes. Additionally, the Debtors delay in asserting a challenge to Florida property taxes and their

2

attempt to challenge their own sworn tax returns is cause for denial of the relief requested based upon the doctrines of laches and unclean hands.

9. While under bankruptcy protection, the Debtors must comply with Florida law in filing returns and payment of taxes pursuant to 28 U.S.C. §§ 959 and 960. The 2006 post-petition taxes, if challenged, must be challenged pursuant to Florida law within the Florida statutory process before state tribunals.

10. The relief requested includes a determination of the "extent" of the FTC statutory liens; a request to seek injunctive relief against Florida Property Appraisers and the Florida Department of Revenue relative to the determination of 2006 property taxes; and a request for a declaratory decision regarding "just value" as that term is applied pursuant to the Florida Constitution. This relief requires the filing of an adversary proceeding pursuant to Bankruptcy Rules 7001(2),(7)and (9).

11. Notwithstanding the fact that Bankruptcy Rule 3007 provides that a claim objection combined with relief requested of the kind specified in Bankruptcy Rule 7001 deems the proceeding an adversary proceeding, Debtors' Objection combines so many issues involving essential indispensable parties (Florida Property Appraisers and Florida Department of Revenue) that the Objection should be dismissed and the Debtors ordered to file an appropriate adversary proceeding with the appropriate parties. The Debtors have failed to join necessary parties needed for a just determination pursuant to Bankruptcy Rules 7019 and 7020.

12. The Eleventh Amendment of the United States Constitution precludes this action against Florida Tax Collectors and other constitutional officers and the State of Florida.

13. The Tenth Amendment of the United States Constitution reserves the inherent power of the states to tax their citizens and fund their government.

14. Section 505 of the Bankruptcy Code as applied to local state *ad valorem* property taxes is too broad in its application and should be found to be unconstitutional as written. Alternatively, unconstitutional as enforced or applied against Florida state constitutional officers. Congress never intended to usurp the authority of the states to tax their citizens and fund local government. To do so, would violate fundamental sovereign rights of the states, would be an unconstitutional application of the concept of supremacy and in its application, would violate fundamental principles of comity between the states and the federal government.

## RESPONSE TO AUTHORITIES CITED BY DEBTORS

15. In order to challenge the liens and seek declaratory relief regarding Florida tax laws the Debtor must first file an adversary proceeding. See *In re Stewart,* 215 B.R. 633 (Bankr. M.D. Fla 1997). The authorities cited by the Debtor in support of this Court's authority to "determine taxes" by way of the Objection are clearly factually and procedurally distinguishable from the pending situation before the Court. The facts in this case involve *ad valorem* property taxes that are secured by a statutory lien, and are non-recourse in nature. The Debtors have cited no authority in support of an *ad valorem* tax challenge with facts similar to this case.

16. Pre-emption requires a clear intent by Congress. Congress expressed its intention in Section 362 (b)(18) whereby it made it clear that the Bankruptcy Code does not operate as a stay to the creation or perfection of a statutory lien for an *ad valorem* property tax. This clear intent coupled with the clear mandate of the Tax Injunction Act, 28 U.S.C. §1341, precludes consideration of *ad valorem* property taxes by this Court. The case cited by Debtors as authority

4

for the proposition that tax liability affects the "administration of the estate" is <u>In Re Wolverine Radio Co.</u>, 930 F.2d 1322 (6th Cir. 1991). <u>Wolverine</u> involves the post confirmation sale of the debtor's assets and provides no support to the argument of the Debtor that jurisdiction of this Court extends to the determination of the *ad valorem* tax liability of property owned by non-debtors. To argue that the administration of the estate is affected by outstanding tax obligations is groundless. In fact, it fails to address the fact that Debtors are required to pay their post-petition taxes as a condition of maintaining the protection of the federal bankruptcy laws.

17.  The Debtors claim that they have the ability to request a determination of taxes pursuant to 11 U.S.C. §505(a)(2)(B). The conclusory statement that the Debtors are seeking an "offset" rather than a refund is argued by the Debtors to establish the factual basis for the right to contest taxes pursuant to Section 505 of the Bankruptcy Code. In support of their position the Debtors cite <u>United States of America v. Kearns</u>, 177 F.3d 706, 711 (8th Cir. 1999). <u>Kearns</u> involves the personal tax debt of an individual to the Internal Revenue Service involving "embezzlement income" and offsets against other IRS obligations. <u>Kearns</u> is clearly factually and legally distinguishable from the facts and issues before this Court, and provides no precedent for the Debtors' contentions. Debtors also cite <u>In re Guardian Trust Co.</u>, 260 B.R. 404, 412 (S.D. Miss. 2000) in support of their position. <u>Guardian Trust</u> also involves federal income tax owed the Internal Revenue Service and the procedures contained within federal statutes to "properly" request a refund.

18.  Finally, the Debtors cite cases in support of reduction of the statutory interest rate of 18% imposed by Florida statutes. In the first case, <u>In re Davison</u>, 106 B.R. 1021, 1022 (Bankr. Neb. 1989), the bankruptcy court found that the Nebraska statutory 14% interest on

delinquent real estate taxes should be applied. The second case of <u>Galveston Indep. School Dist. v. Heartland Fed. Savings & Loan Assoc.</u>, 159 B.R. 198 (S.D. Tex. 1993) also supports the proposition that "taxing authorities must be allowed to levy accurate assessments in an efficient and certain manner." <u>Galveston</u> at 204. In addition, the court notes within its decision that the Texas 12% statutory interest rate is well below the interest rate on most consumer debts, and the statutory interest rate was in fact allowed by the court.

19.     In fact, the statutory rate of 18% on delinquent taxes has been held appropriate to be applied in bankruptcy as it is non-punitive in nature. <u>In Re Haskell</u>, 252 B.R. 236 (Bankr. M.D. Fla. 2000); <u>In Re Mulberry Corp</u>, 344 B.R. 176 (Bankr. M.D. Fla. 2006).

## WINN DIXIE SEEKS A DETERMINATION OF THE EXTENT OF FLORIDA STATUTORY TAX LIENS AND A DECLARATION RELATIVE TO THE FLORIDA STATUTORY ASSESSMENT PROCESS

20.     The Debtors allege virtually nothing substantive against FTC or procedurally involving FTC. The Debtors challenge <u>value</u> and request the Court to require FTC to perform their ministerial function of collecting the "re-determined" taxes. This is a matter between the Debtors and Florida Property Appraisers who are charged with the duty to assess the value of property for *ad valorem* tax purposes. Section 193.023, Florida Statutes. The factors to be considered in deriving just valuation are set forth in Section 193.011, Florida Statutes. Debtors seek a "re-determination" of the values of the property in question. For tax year 2004, Debtors seek a refund for taxes already paid. For tax year 2005, Debtors seek an adjustment of the 2005 tax roll within the respective counties named. Finally, the Debtors seek prospective relief in asking the Court to order the "correct values" be applied in determining the 2006 taxes.

21. Florida property taxes are collected in arrears. Thus, the 2004 property taxes were assessed on January 1, 2004 and became due and payable on November 1, 2004. The 2004 property taxes were paid (with few exceptions) by the Debtors in the ordinary course of business prior to filing bankruptcy. On January 1, 2005, the 2005 taxes were assessed. The Debtors filed for bankruptcy on February 21, 2005.

22. Upon information and belief, the Debtors filed sworn tangible personal property tax returns in March, 2004, March 2005 and March 2006. This filing of these tax returns was also done in accordance with Florida law and in the ordinary course of the Debtors' business.

23. The Debtors have failed to name the Florida Department of Revenue or the Florida Property Appraisers, who are each responsible for the ultimate determination of value and uniform assessment of property within the state of Florida.

24. During the Chapter 11 process, the Debtors never disclosed within the disclosure statement or plan of their intention to contest the constitutionality of the Florida state *ad valorem* real estate and tangible personal property valuation process for tax years 2004, 2005 and 2006.

25. The Debtors now seek to challenge their own sworn tax returns.

26. Clearly, the gravamen of the Objection is an issue of Florida state law. FTC are state constitutional officers entitled to sovereign immunity provided by the Eleventh Amendment. The Debtors' attempt to determine fair market value in multiple taxing jurisdictions is a matter over which this Court has no subject matter jurisdiction. Additionally, this Court is precluded from asserting its jurisdiction over the Florida Tax Collectors, who are an arm of the State of Florida and entitled to sovereign immunity. In reply to the substantive aspects of the Objection, FTC are not involved in the determination of value of property for tax

purposes. The 2004 tax dollars paid by Winn-Dixie to FTC (most of which were payments made in November 2004) was distributed to the taxing authorities and used to pay teachers, firemen, police and other governmental services used by Winn Dixie in the operation of their stores. All other Florida taxpayers were required to make a "good faith" payment to contest the balance of their property taxes owed. The time frame within which Winn Dixie can contest the 2004 and 2005 taxes have long since expired. The right to contest the 2004 and 2005 taxes are not property of the bankruptcy estate as that term is defined in § 541 of the Bankruptcy Code.

### STATES HAVE THE INHERENT POWER TO TAX THEIR CITIZENS AND FUND LOCAL GOVERNMENT

27. In summary, the Debtors' attempt to seek a refund of 2004 property taxes is in bad faith, especially in view of the property tax professionals in the employ of Winn Dixie throughout the country. It is well settled that the states have never relinquished their inherent right to tax their respective citizens for the purpose of funding government. Tenth Amendment, United States Constitution. Debtors' assertion that the Bankruptcy Code provides either a new cause of action, a renewed cause of action, or a second bite at the apple regarding taxes previously contested or paid under state law is totally without merit. The generic Objection filed by Debtors is conspicuously absent of any substantive or procedural basis for Debtors' contentions other than referring to § 505 of the Bankruptcy Code.

28. FTC asserts the Objection should be dismissed based upon lack of subject matter jurisdiction pursuant to the Eleventh Amendment of the United States Constitution and the sovereign immunity of FTC. Congress lacks the power to abrogate a state's sovereign immunity pursuant to Article I of the U.S. Constitution. Seminole Tribe of Florida v. Florida, 517 U.S. 44,

116 S.Ct. 1114, 134 L.Ed. 2d 252 (1996). In addition, five other circuits have held § 106(a) of the Bankruptcy Code to be unconstitutional. See Nelson v. La Crosse County District Attorney (In re Nelson), 301 F.3d 820 (7th Cir. 2002); Mitchell v. Franchise Tax Board (In re Mitchell), 209 F.3d 1111 (9th Cir. 2000); Sacred Heart Hospital of Norristown v. Pennsylvania Department of Public Welfare (In re Sacred Heart Hosp. of Norristown), 133 F.3d 237 (3d Cir. 1998); Department of Transportation & Development v. PNL Asset Mgmt. Co. (In re Estate of Fernandez), 123 F.3d 241 (5th Cir. 1997); Schlossberg v. Maryland (In re Creative Goldsmiths of Washington D.C., Inc.), 119 F.3d 1140 (4th Cir. 1997).

29.     FTC asserts the Objection should be dismissed based upon the Debtors failure to state a claim against FTC. FTC has no role whatsoever in the determination of value for property tax purposes in the State of Florida. This is a function of Florida Property Appraisers, a separate and distinct constitutional officer and arm of the State of Florida. See In re Psychiatric Hosp. of Fla., Inc., 217 B.R. 645 (Bankr. M.D. Fla. 1997), in which the bankruptcy court held that it lacked the power to order the tax collector to perform a task (i.e. the redetermination of value of property for tax purposes) which he had no statutory authority to perform, when the tax collector's only duties were to collect the taxes that had already been assessed. The Tax Injunction Act and the Tenth Amendment of the U.S. Constitution also warrant dismissal of this action.

30.     Generally, the Supreme Court has recognized that a court of equity cannot "levy a tax." Rees v. City of Watertown, 86 U.S. 107 (1873). "The levy of a tax is a very distinct thing from the collection of a tax already levied. The levy is generally a legislative or a quasi-judicial act. The collection of a tax after it has been levied is a ministerial act, which a court has power

9

to enforce." See Meriwether v. Garrett, 102 U.S. 472, 26 L.Ed. 197 (1880). This follows a longstanding Supreme Court recognition that a tax is not a debt, that taxes are of higher order than debts, and that in levying taxes, the government is exercising one of the most important of its sovereign powers. Price v. United States, 269 U.S. 492, 46 S. Ct. 180 (1926). The Supreme Court in this case also cited a previous case, Ex parte Tyler, 149 U.S. 164 (1893), wherein the court recognized the "duty of tax collectors to refrain from the seizure and sale of property in the custody of the courts, it would seem to be equally the duty of the courts to direct the prior payment of the government's taxes." Clearly, the inherent power of the states to tax their citizens and fund their government was never waived or surrendered within the U.S. Constitution. The Tenth Amendment of the United States Constitution precludes the determination of Florida property taxes in a federal court within the context of a bankruptcy proceeding.

31. The determination of value for purposes of assessment of *ad valorem* property taxes is based upon an annual evaluation and determination conducted by the Florida Property Appraisers and the Florida Department of Revenue. Accordingly, each year's tax assessment must be based on its own validity and not upon the assessment of any prior or subsequent year, and a challenge to a particular year's assessment must likewise stand or fall on its own validity and not upon the assessment of any prior or subsequent year. Metropolitan Dade County v. Tropical Park, Inc., 251 So.2d 551 (Fla. 3d DCA, 1971), and Keith Investments, Inc. v. James, 220 So.2d 695 (Fla. 4th DCA, 1969)

WHEREFORE, premises considered, Florida Tax Collectors request this Court enter an Order dismissing the Objection with prejudice; denying the relief sought by the Objection;

awarding attorney's fees to FTC pursuant to Section 197.332, Florida Statutes; and awarding such other relief this Court deems proper.

Dated: August 28, 2006

                                  Respectfully submitted,

By:_____
        Brian T. FitzGerald
        Hillsborough County Attorney's Office
        Florida Bar No: 484067
        Post Office Box 1110
        Tampa, FL  33601-1110
        Ph: 813-272-5670
        Fax: 813-272-5231
        fitzgeraldb@hillsboroughcounty.org
        Attorney for the Florida Tax Collectors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing *Florida Tax Collectors' Response to and Motion to Dismiss Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 10046)* has been served this 28th day of August, 2006 by *Notice of Electronic Filing* on **Skadden, Arps, Slate, Meagher & Flom, LLP**, Attn: D. J. Baker (djbaker@skadden.com), Attorneys for Debtors; **Smith Hulsey & Busey**, Attn: Cynthia C. Jackson (cjackson@smithhulsey.com), Attorneys for Debtors; **Milbank, Tweed, Hadley & McCloy, LLP**, Attn: Matthew Barr (mbarr@milbank.com), Attorneys for Unsecured Creditors Committee; **United States Trustee**, Attn: Elena L. Escamilla; and to all other parties receiving electronic notice.

                                  _____
                                  Brian T. FitzGerald, Esq.
                                  Senior Assistant County Attorney