# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                )
                                      )    Case No. 05-03817-3F1
WINN-DIXIE STORES, INC., et al.,      )
                                      )    *Chapter 11*
Debtors.[1]                           )    Jointly Administered

## MOTION TO ALLOW LATE CLAIM AND, IN THE ALTERNATIVE, RESPONSE TO OBJECTION TO UNRESOLVED LITIGATION CLAIM

CREDITOR NO.:   WDX-411230-L4-15
LOWRY, BRENDA
C/O CUSIMANO KEENER ROBERTS, ET AL.
ATTN: MICHAEL L. ROBERTS, ESQ
153 SOUTH 9TH STREET
GADSDEN, AL 359021

Comes now the creditor, BRENDA LOWRY, and hereby responds to Winn-Dixie Stores Inc. and twenty-three of its subsidiaries and affiliates' objection to Brenda Lowry's unresolved litigation claim as follows:

1. On or about July 25, 2006, the hereby referenced debtor filed a notice of hearing on Debtors' Omnibus Objection to Unresolved Litigation Claims, including that of creditor Brenda Lowry, Creditor No.: WDX-411230-L4-15 stating in averment number 2 that Ms. Lowry's claim (a) was not filed on or before the applicable proof of claim bar date; or (b) the claim was not supported by legally sufficient documentation.

2. Said objection is due to be denied. The deadline for filing proofs of claim was set for August 1, 2005. Claimant Brenda Lowry, through her attorney, the undersigned Michael L. Roberts, timely filed her claim on July 28, 2005, having been received in the U.S. Bankruptcy Court on July 28, 2005 (see attached Exhibit E) where this case was originally filed. With respec to the sufficiency of documentation, the Order Approving Claims Resolution Procedure and

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Authorizing Debtors to Settle and Liquidate Certain Litigation Claims entered by the Court on September 1, 2005, set a date of November 1, 2005 for claimants' submission of claims Questionnaire. The claims questionnaire was submitted by Ms. Lowry through her attorney, the undersigned Michael L. Roberts, to the claims administrator on October 28, 2005. Attached as Exhibit A is the overnight tracking information from United Parcel Service showing delivery of the claims questionnaire and supporting documentation on October 28, 2005 to the claims administrator.

3. Pursuant to the Claims Resolution Order, upon receiving the questionnaire the debtors were to serve a responsive statement upon the Claimant on or before December 15, 2005 that shall state whether (1) the amount demanded in the questionnaire is accepted; or (2) the litigation claim is disputed; or (3) the litigation claim is disputed but stating the terms and conditions of the settlement that would be acceptable to the debtors and any third party indemnitor if applicable, including a description of key defenses and any third-party claims.

4. Debtors did not timely serve such a responsive statement but rather, on or about November 14, 2005, Angela Williams, Claims Examiner III for Sedgwick Claims Management Services, Inc. sent D. Scott Mitchell, Esquire (who was not representing the creditor Brenda Lowry) a letter stating that "the demand has not been accepted" and that "you have the right to submit a reply by January 15, 2006." Said letter from Ms. Williams to Mr. Mitchell is attached hereto as Exhibit B.

5. On or about March 8, 2006, after receiving the November 14, 2005, letter from D. Scott Mitchell, Esquire, the undersigned reminded debtors through a letter to Ms. Williams that the undersigned was the attorney who represented Brenda Lowry, the attorney who sent in the claims questionnaire which was clearly set out by a cover letter, and replied to the response received on March 8, 2006, that mediation was requested. Said March 8, 2006 correspondence to Ms. Williams is attached hereto as Exhibit C.

6. The original questionnaire (attached hereto as Exhibit D), and sufficient attached documentation that was sent in a timely manner to Ms. Williams; such documentation (as listed and described in the questionnaire) included:
- Alabama Uniform Traffic Accident Report
- Complaint by Creditor Brenda Gail Lowry against Winn-Dixie Montgomery, Inc., and others, filed on December 13, 2004, in the Circuit Court of Montgomery County, Alabama
- Medical records of Michael G. Kaldis, M.D.
- Medical records of The Methodist Hospital (Houston, Texas)
- Additional medical records of Michael G. Kaldis, M.D.
- Medical records of Dr. Ray Bohannon
- Billing records of The Methodist Hospital
- Copies of records obtained from Zurich Insurance Group

7. On August 11, 2006, Claimant Brenda Lowry attempted unsuccessfully to electronically file her Response to Objection to Unresolved Litigation Claim and, in the Alternative, Motion to Allow Late Claim. After communications with Smith, Hulsey & Busey

and with persons in the office of Clerk of the Court, U.S. Bankruptcy Court, Middle District Florida, Jacksonville Division, this Response was filed August 14, 2006 in paper form.

Case 3:05-bk-03817-JAF    Doc 10619    Filed 08/29/06    Page 3 of 4

8. Claimant Brenda Lowry hereby moves that this claim be allowed as a late claim.

9. In the alternative, we state further that the debtors' objection is to be denied for the following reasons:

(a) The claim and claim questionnaire were timely filed;

(b) The proof of claim and initial questionnaire was properly completed with sufficient legally supported documentation.

10. Based on the foregoing, the claim should be allowed and debtors' objection is due to be denied.

Respectfully submitted,

/s/ Philip E. Miles
Philip E. Miles, Attorney for Creditor,
Brenda Lowry
Alabama Bar Number ASB 5902 S70P

/s/ Michael L. Roberts
Michael L. Roberts, Attorney for Creditor,
Brenda Lowry
Alabama Bar Number ASB 6601 T59M

Cusimano, Keener, Roberts, Kimberley & Miles, P.C.
153 South Ninth Street
Gadsden, Alabama 35901

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Motion to Allow Late Claim and in the Alternative, Response to Objection to Unresolved Litigation Claim, was sent to Smith Hulsey & Busey, Attn: Tana Copeland, via email tcopeland@smithhulsey.com, and Leanne McKnight Prendergast@smithhulsey.com, and through electronic filing with the court on this the 28 day of August, 2006,

/s/ Philip E. Miles
Philip E. Miles

- Alabama Uniform Traffic Accident Report
- Complaint by Creditor Brenda Gail Lowry against Winn-Dixie Montgomery, Inc., and others, filed on December 13, 2004, in the Circuit Court of Montgomery County, Alabama
- Medical records of Michael G. Kaldis, M.D.
- Medical records of The Methodist Hospital (Houston, Texas)
- Additional medical records of Michael G. Kaldis, M.D.
- Medical records of Dr. Ray Bohannon
- Billing records of The Methodist Hospital
- Copies of records obtained from Zurich Insurance Group