## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al.*, | Case No. 05-03817-3Fl Jointly Administered |
| WINN-DIXIE RALEIGH, INC. | Case No. 05-03839-JAF |
| ("the Debtors") | Filed Claim No.: 8103 |

## NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2) FOR FILED CREDITOR, LIF REALTY TRUST, IN THE ALLOWED AMOUNT OF $158,316.61, TO DELLACAMERA CAPITAL MASTER FUND, LTD.

**To Transferor:**

LIF REALTY TRUST
ATTN: MILTON CAIL, TRUSTEE
C/O SMITH ANDERSON LAW FIRM
PO BOX 2611
RALEIGH, NC 27602-2611

PLEASE TAKE NOTICE that the transfer of $158,316.61 of the above-captioned allowed General Unsecured claim has been transferred to:

**Transferee:**     DellaCamera Capital Master Fund, Ltd.
c/o DellaCamera Capital Management, LLC
237 Park Avenue
Suite 900
New York, NY 10017

The evidence of transfer of claim is attached hereto.  A copy of the order allowing the claim is hereto as Exhibit A.

No action is required if you do not object to the transfer of your claim.  However, if you do object to the transfer of your claim, within 20 days of the date of this notice, you must file a written objection with the Office of the Clerk, United States Bankruptcy Court, Middle District of Florida, 300 North Hogan Street, Jacksonville, FL 32202.  If your objection is not timely filed, the transferee will be substituted in your place as the claimant on our records in this proceeding.

---

(FOR CLERK'S OFFICE USE ONLY):
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2006.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtors's Attorney ___

_____
Deputy Clerk

I:\ClaimTransfers_FRBP3001\WINN\TEMPLATE WINN (DCM).doc

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:

WINN-DIXIE RALEIGH, INC.

Debtor

Case No. 05-03839

Chapter 11

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO RULE 3001(e)

PLEASE TAKE NOTICE that any and all claims of LIF Realty Trust ("Assignor") that are scheduled by the Debtor(s) and or filed as an original or amended Proof of Claim against the Debtor(s), including but not limited to the following:

| Allowed Claim Amount | Claim No. |
|---|---|
| $158,316.61 | 8103 |

have been transferred and assigned to DellaCamera Capital Master Fund, Ltd. ("Assignee"). The signature of Assignor on this document is evidence of the transfer of the claims and all rights thereto.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.

ASSIGNEE: DellaCamera Capital Master Fund, Ltd.
Address:    c/o DellaCamera Capital Management, LLC
            200 Park Avenue, 33rd Floor
            New York, NY 10166

ASSIGNOR:  LIF Realty Trust
           C/O Smith Anderson Law Firm
Address:   Attn: Amos U. Priester IV, Esq.
           P.O. Box 2611
           Raleigh, NC 27602

Signature: _____
Name:      MILTON CAIL
Title:     TRUSTEE
Date:      8/3/06

# EXHIBIT

# A

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |

## ORDER (A) DISALLOWING NO LIABILITY CLAIMS, (B) REDUCING OVERSTATED CLAIMS, (C) FIXING UNLIQUIDATED CLAIMS AND (D) DISALLOWING AMENDED AND SUPERSEDED CLAIMS AS SET FORTH IN THE DEBTORS' THIRTEENTH OMNIBUS CLAIMS OBJECTION

These cases came before the Court for hearing on July 13, 2006, upon the Thirteenth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of claim listed on Exhibit A through D (the "Disputed Claims").[2] Several formal and informal objections to the Objection were raised or filed, as a result of which the Debtors have agreed to continue the Objection with respect to (i) claim no. 10209 filed by American Residential Equities, Inc., (ii) claim no. 10029 filed by Community Centers One, LLC, (iii) claim no. 12351 filed by M. Hull, (iv) claim no. 7388 filed by Prudential Co. - Lake City, (v) claim no. 6808 filed by 440 Group, Ltd., (vi) claim no. 10301 filed by Aronov Realty Co., (vii) claim no. 12160 filed by E.L. & G.M. Barran and J. & M. Eyster, (viii) claim no. 10142 filed by Benderson

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]    All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

85-1 Trust, (ix) claim no. 11980 filed by Dauksch Family Partnership, (x) claim no.

11123 filed by Delta Investments, (xi) claim no. 10263 filed by DPJ Limited

Partnership, (xii) claim no. 12173 filed by GS II Brook Highland Plaza, LLC, (xiii)

claim no. 12306 filed by Hartwell Partnership, (xiv) claim no. 12315 filed by Morro

Palms Shopping Center, GP, (xv) claim no. 12201 filed by New Plan Excel Realty

Trust Inc., (xvi) claim no. 12292 filed by Plunkett, Estate of H.C., (xvii) claim no.

11940 filed by The Rosemyr Corporation, (xviii) claim no. 12078 filed by Royal

Oaks Brandon, Ltd., (xix) claim no. 11958 filed by Watkins Investments, LP, (xx)

claim no. 12331 filed by Wells Fargo Bank Northwest NA, (xxi) claim no. 9950 filed

by Skinners of Point Meadows, Inc., (xxii) claim no. 10087 filed by Swiss Re Asset

Mgmt (Americas) Inc. and (xxiii) claim nos. 9675 and 9677 filed by Weingarten

Realty Investors (collectively, the "Unresolved Objections"), which claims have been

removed from Exhibits A through D. The Debtors have withdrawn without

prejudice their objection to (i) claim no. 12082 filed by Equity Associates, (ii) claim

no. 12169 filed by JDN Realty Corporation, (iii) claim no. 11103 filed by Liquidity

Solutions, Inc., (iv) claim no. 9709 filed by Piedmont Village, LLC, (v) claim no.

10826 filed by McDonough Marketplace Partners, (vi) claim no. 6796 filed by

Moulton Properties, Inc., (vii) claim no. 2567 filed by Shanri Holdings Corp. and

(viii) claim no. 11251 filed by Heritage SPE LLC, which claims have been removed

from Exhibits A through D. Upon consideration, it is

ORDERED AND ADJUDGED:

1.    The Objection is sustained.

2.    The No Liability Claims listed on Exhibit A are disallowed in

their entirety.

2

3.     The Overstated Claims listed on Exhibit B are reduced to the amounts set forth on Exhibit B under the heading Reduced Claim Amount and the amounts exceeding the Reduced Claim Amount are disallowed.

4.     The Unliquidated Claims listed on Exhibit C are fixed in the amounts listed on Exhibit C under the heading Fixed Claim Amount and are disallowed to the extent of any amounts exceeding the Fixed Claim Amount.

5.     The Amended Claims listed on Exhibit D are disallowed in their entirety.

6.     With respect to the Overstated Claims that are reduced by the amount of the reclamation payments listed on Exhibit B under the heading "Reason for Reduction," if any portion of such reclamation payments remain unpaid after the last date for payment as provided in the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program, dated July 28, 2005, the holders of such Overstated Claims shall have the right to seek to have the Reduced Amount increased by the unpaid balance of the reclamation payments listed on Exhibit B.

7.     Other than the Unresolved Objections, those objections that have not yet been withdrawn are overruled.

8.     The hearing to consider the Objection with respect to the Unresolved Objections is continued until further order of the Court upon the motion of any party in interest.

9.     Each claim and the objections by the Debtors to such claim as addressed in the Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order is deemed a separate Order with respect to each

3

claim. Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by this Order.

10.    Neither the Objection nor any disposition of the Disputed Claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any potential Avoidance Action against any of the Claimants.

11.    This Order is without prejudice to the Debtors' right to file any further objection they may have to the Disputed Claims or the Remaining Claims, including objections on the ground that a Disputed Claim was filed against the incorrect Debtor or that the Debtor against which the Disputed Claim was filed should be modified.

Dated this 13 day of July, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

James E. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

4

**EXHIBIT C**

WINN-DIXIE STORES, INC., ET AL.
THIRTEENTH OMNIBUS CLAIMS OBJECTION
EXHIBIT C - UNLIQUIDATED CLAIMS TO BE FIXED TO SUM CERTAIN

Page: 4 of 6
Date: 07/13/2006

| Name of Claimant | Claim No. | Claim Amount | Fixed Claim Amount | Reason for Modification |
|---|---|---|---|---|
| Creditor Id: 410958<br>LAKELAND PARTNERS<br>C/O STRADLEY RONON STEVENS ET AL<br>ATTN MARK J DORVAL, ESQ<br>2600 ONE COMMERCE SQUARE<br>PHILADELPHIA PA 19103 | 10149<br>Asserted Debtor: | $54,037.31<br><br>WINN-DIXIE STORES, INC. | $54,037.31 | FIX AT ASSERTED LIQUIDATED AMOUNT. |
| Creditor Id: 381390<br>LALUMIERE, PHILIPPE L<br>2678 NW 65TH AVE<br>MARGATE, FL 33063 | 4381<br>Asserted Debtor: | $0.00<br><br>WINN-DIXIE STORES, INC. | $171.80 | FIX AT AMOUNT DUE PER DEBTOR'S BOOKS AND RECORDS. |
| Creditor Id: 408168<br>LIF REALTY TRUST<br>C/O SMITH ANDERSON LAW FIRM<br>ATTN AMOS U PRIESTER, IV, ESQ<br>PO BOX 2611<br>RALEIGH NC 27602-2611 | 8103<br>Asserted Debtor: | $158,316.61<br><br>WINN-DIXIE RALEIGH, INC. | $158,316.61 | FIX AT ASSERTED LIQUIDATED AMOUNT. |
| Creditor Id: 416843<br>LPI MILLEDGEVILLE INC<br>C/O CHAMBERLAIN HRDLICKA ET AL<br>ATTN JAMES L PAUL, ESQ<br>191 PEACHTREE STREET, NINTH FLOOR<br>ATLANTA GA 30303 | 12326<br>Asserted Debtor: | $413,183.81<br><br>WINN-DIXIE MONTGOMERY, INC. | $413,183.81 | FIX AT ASSERTED LIQUIDATED AMOUNT. |
| Creditor Id: 416844<br>LPI WAYCROSS INC.<br>C/O CHAMBERLAIN HRDLICKA ET AL<br>ATTN JAMES L PAUL, ESQ<br>191 PEACHTREE STREET, NINTH FLOOR<br>ATLANTA GA 30303 | 12327<br>Asserted Debtor: | $468,351.10<br><br>WINN-DIXIE STORES, INC. | $468,351.10 | FIX AT ASSERTED LIQUIDATED AMOUNT. |
| Creditor Id: 416253<br>MARION'S HOPE, LLC<br>ATTN CHERYL STONE<br>150 SPEAR STREET, SUITE 1800<br>SAN FRANCISCO CA 94105<br><br>Transferee: LCH OPPORTUNITIES LLC<br>Counsel: ATTN KATE FREELAND, ESQ | 12108<br>Asserted Debtor: | $118,640.04<br><br>WINN-DIXIE STORES, INC. | $118,640.04 | FIX AT ASSERTED LIQUIDATED AMOUNT. |