UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et. al.

Debtors.
_____/

Case No. 05-03817-3F1
Chapter 11
Jointly Administered
Creditor: Ana Alvarez
Creditor No. 392299
Claim No. 11763

## ANA ALVAREZ' RESPONSE TO DEBTOR'S OMNIBUS OBJECTIONS TO UNRESOLVED LITIGATION CLAIMS

COMES NOW CREDITOR, ANA ALVAREZ, by and through undersigned counsel, and files this RESPONSE TO DEBTOR'S OMNIBUS OBJECTIONS TO UNRESOLVED LITIGATION CLAIMS and states as follows:

1. **BACKGROUND:**

    A. ANA ALVAREZ filed one claim for damages (Claim No. 11763) arising from a slip and fall accident on 7/16/04. Claim No. 11763 is against WINN-DIXIE STORES, INC.

    B. Debtors filed an OMNIBUS OBJECTION to the above-mentioned claim.

    C. Creditor timely filed her claim against Debtor.

    D. Creditor timely filed her completed Questionairre for Litigation Claimants.

2. **CREDITOR'S CLAIMS ARE SUPPORTED BY MEDICAL DOCUMENTATION THAT WAS PREVIOUSLY PROVIDED AS ATTACHMENTS TO THE CLAIMS QUESTIONAIRRE:**

    A. Creditor attached all available medical records outlining her injuries to the Questionairre for Litigation Claimaints previously provided.

10631

WHEREFORE, ANA ALVAREZ, asks that the OMNIBUS OBJECTIONS to his claims

    B.    Creditor was unable to engage in the discovery process for the instant case because of this Court's stay of all litigation in the instant proceedings. As such, Creditor has been unable to produce any answers to interrogatories or documents which would provide a factual basis for her claim.

3. **CREDITOR'S ALLEGATIONS ESTABLISH A PRIMA FACIE CASE OF PREMISES LIABILITY:**

    A.    On or about July 17, 2004, Creditor entered the premises of Debtor as a business invitee at 11101 St. Augustine Road, Jacksonville, Florida.

    B.    Unknown to Creditor, there was a puddle of liquid detergent on the floor of the premises.

    C.    Creditor slipped and fell in the puddle of liquid detergent, causing injuries to her neck and right shoulder.

    D.    Debtor knew or reasonably should have known of the hazard existing at the time.

    E.    Debtor was under a duty to act reasonably in caring for business invitees' safety, including warning said business invitees of known hazards and taking reasonable precautions to avoid such hazards.

    F.    Debtor breached this duty by failing to warn Creditor of the hazard.

    G.    Debtor further breached this duty by failing to take reasonable precautions to avoid the hazard.

    H.    As a proximate and direct result of said breach, Creditor suffered damages including bodily injury, economic damages including loss of past and future wages, pain and suffering, and loss of capacity for enjoyment of life. These injuries are permanent and ongoing, and Creditor will suffer these damages in the future.

4. **MEDICAL CHRONOLOGY BASED ON RECORDS AND BILLS PREVIOUSLY PRODUCED:**

    8/11/2005    Mark E. Pruzansky, MD
Tenderness to right acromio-clavicular joint and over the right acromio-humeral space. Pain worse with abduction, external rotation, forward flexion, adduction, and internal rotation. Patient has impingement syndrome due to prominent acromion and arthritic acromio-clavicular joint. Patient also has a strain of the peri-cervical and trapezius muscles.

5. **CONCLUSION**: Creditors claims were timely filed, and the supporting documentation produced through Creditor's answers to the Questionairre for Litigation Claimants sets forth her damages. Creditor was unable to file his lawsuit, and thus unable to plead a prima facie case of premises liability against Debtors, due to this Court's above-mentioned stay. However, Creditor's allegations as set forth above plead a prima facie case for premises liability against Debtor. Creditor should not be penalized for the legal inability to prove her claim against Debtor, and this Court should therefore deny Debtors Objections.

WHEREFORE, ANA ALVAREZ, asks that the OMNIBUS OBJECTIONS to his claims be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Smith, Hulsey, and Busey, 225 Water St., Suite 1800, Jacksonville, FL 32202, via U.S. Mail and facsimile sent to (904) 359-7707 this 25th day of August, 2006.

LAW OFFICES OF
RONALD J. DAVIS, II, P.A.
4800 Beach Boulevard
Suite 5
Jacksonville, FL 32207
Tel: (904) 858-1844
Fax: (904) 858-1845
Attorneys for Creditor

By: /s/ Ronald J. Davis
Ronald J. Davis, II
FBN: 0106569