IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Case No. 05-03817-3F1 |

### AFFIDAVIT OF DAVID M. DARE

| | |
|---|---|
| STATE OF MISSOURI | ) |
| | ) SS: |
| COUNTY OF ST. LOUIS | ) |

Now comes Affiant, David M. Dare, being first duly cautioned and sworn, and deposes and states as follows:

1. I am an attorney in private practice representing MMMM, Inc., who does business as Mitch Murch's Maintenance Management ("MMMM"). I have personal knowledge of the facts stated in this Affidavit and am competent to testify as to these matters.

2. MMMM is the assignee and purchaser from Royal Services, Inc. of a certain janitorial service contract for service at several buildings at the Debtors Corporate Offices at 5050 Edgewood Avenue in Jacksonville, Florida 32254.

3. On June 27, 2005 I prepared and filed a proof of claim for all pre-petition amounts owed to MMMM by the Debtor on the above contracts in the amount of $39,203.46 with the claims agent, Logan and Company. This proof of claim mistakenly contained invoices in the amount of $2,870.80 which were in fact post-petition amounts due. MMMM has informed me that the correct pre-petition balance owed to MMMM by the Debtor is $36,332.66. The proof of claim contained my name, address and phone number.

4. On or about May 12, 2006 I received an order from the bankruptcy court in the above case reducing MMMM's pre-petition claim in the case from $39,203.46 to $26,873.56. This reduction properly included the $2,870.80 in post-petition invoices, but also improperly included a reduction in the amount of $9,459.10 for "numerous invoice numbers lacking documentation or proof of delivery despite repeated inquiries." I did not receive any inquiries regarding this proposed reduction and did not even receive any notice of the proposed reduction or of any objection to the proof of claim previously filed.

5. At no time did I receive any communication from the Court, Debtors Attorney, Claims Agent, or any other party, that the proof of claim I filed for MMMM was being objected to or reduced in value. Receipt of the Court's Order reducing the claim was the first indication I had of any kind that the claim had been objected to.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DAVID M. DARE

Sworn to before me and subscribed in my presence this 9th day of August, 2006.

_____
NOTARY PUBLIC

"NOTARY SEAL"
David T. Streett, Notary Public
St. Louis County, State of Missouri
My Commission Expires 9/7/2007