UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | CASE NO. 05-03817-3F1 |
| | ) | |
| Debtors. | ) | CHAPTER 11 |
| | ) | JOINTLY ADMINISTERED |
| | ) | |

**MOTION FOR ORDER TEMPORARILY ALLOWING CLAIMS OF DEUTSCHE BANK TRUST COMPANY AMERICAS, PASS-THROUGH TRUSTEE FOR PURPOSES OF VOTING ON PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. § 1126 AND <u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 3018(a)</u>**

TO THE HONORABLE, JERRY A. FUNK
UNITED STATES BANKRUPTCY JUDGE:

DEUTSCHE BANK TRUST COMPANY AMERICAS, PASS-THROUGH TRUSTEE ("<u>Deutsche Bank</u>") by their undersigned attorneys, as creditors in the above-styled chapter 11 cases, hereby file this (the "<u>Motion</u>") for an order temporarily allowing each Deutsche Claim (as defined below) solely for the limited purpose of accepting or rejecting the proposed plan of reorganization in these chapter 11 cases pursuant to § 1126 of chapter 11, title 11, United States Code (the "<u>Bankruptcy Code</u>") and Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and respectfully represent as follows:

**JURISDICTION**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

10085343.1

Case 3:05-bk-03817-JAF   Doc 10715   Filed 08/31/06   Page 2 of 7

- 2 -

**BACKGROUND**

2.     Deutsche Bank (formerly known as Bankers Trust Company) is acting as (i) Pass-Through Trustee under the Amended and Restated Pass-Through Trust Agreement (Winn-Dixie Pass-Through Certificates, Series 1999-1), dated as February 1, 2001, among Deutsche Bank, as Indenture Trustee, First Union National Bank (now known as Wachovia Bank, N.A.), as Servicer, and Deutsche Bank, as Pass-Through Trustee (the "Pass-Through Trust Agreement") and (ii) Indenture Trustee under fifteen Indentures ("Indentures", as that term is defined in the Pass-Through Trust Agreement) pursuant to which the secured notes described in paragraph "3" were issued.

3.     In the transaction contemplated by the Pass-Through Trust Agreement, certain of the Debtors in this proceeding sponsored the issuance of over $402 million in securities denominated "Winn-Dixie Pass-Through Certificates, Series 1999-1" (the "Certificates") of which $301.4 million remains outstanding as of the date hereof. The Certificates represent undivided interests in a pool of notes issued pursuant to the Indentures which are secured, inter alia, by (a) mortgages on fifteen manufacturing, warehouse and office properties each owned by a special purpose entity and leased, under fifteen separate leases (the "Leases"), to Winn-Dixie Stores, Inc. or a wholly-owned subsidiary thereof and fully guaranteed by the parent corporation under a guaranty agreement (the "WD Stores Guaranty"), (b) assignments of such Leases and (c) a Residual Value Surety Bond issued by Centre Reinsurance (U.S.) Limited to assure the residual value of the leased premises at the end of the Lease terms. The Offering Memorandum for the Certificates, dated August 16, 1999, states that the leased facilities then had an aggregate appraised value of over $421 million.

4.     Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 in

- 2 -

10085343.1

the United States Bankruptcy Court for the Southern District of New York.  The matter was subsequently transferred to this Court.  The Debtors continue to operate their business as debtors-in-possession.

5. Deutsche Bank timely filed numerous proofs of claim, against several of the Debtors, as detailed in the schedule annexed hereto as Exhibit "A" (each such claim, a "Deutsche Bank Claim", and collectively, the "Deutsche Bank Claims").

6. While certain of the Deutsche Bank Claims relating to the payment of certain property taxes in the approximate amount of $54,000 were withdrawn or voluntarily expunged, the claims relating to rejection damages of various leases are pending and remain unresolved.

7. The Debtors are seeking to confirm their proposed plan of reorganization with a voting deadline of September 25, 2006.  On August 4, 2006, this Court issued an Order (I) Determining Dates, Procedures and Forms Applicable to Solicitation Process, (II) Establishing Vote Tabulation Procedures, (III) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan, and (IV) Waiving Local Rules (the "Voting Procedures Order").  The Voting Procedures Order sets forth the procedures, inter alia, applying to motions seeking the temporary allowance of claims for voting purposes (the "Temporary Allowance Motion Procedures").  By the Temporary Allowance Motion Procedures, any "Rule 3018 Motion must be filed with the Court . . . no later than September 18, 2006 at 4:00 p.m. (Eastern Time) . . . . Temporary Allowance Motion Procedures, ¶ 10.

8. The Debtors and Deutsche Bank currently are in the process of attempting to resolve their disputes with respect to the calculation and allowance of the Deutsche Bank

Claims by means of ongoing negotiations between and among the parties. While these negotiations have been productive, to date they have not resulted in a resolution.

### BASIS FOR THE RELIEF REQUESTED

9. As indicated <u>supra</u>, the Debtors and Deutsche Bank currently are in negotiations regarding the allowance of the Deutsche Bank Claims, but it is unlikely that the parties' will resolve their dispute with finality in time to allow Deutsche Bank to participate in the voting process in an orderly manner. As Pass-Through Trustee, Deutsche Bank will require Certificateholder instructions with respect to its vote. Therefore, if this Court does not allow the Deutsche Bank Claims for the limited purpose of voting on the proposed plan of reorganization, Deutsche Bank will be unable to exercise its right to participate in voting on the Debtors' restructuring, notwithstanding that the ongoing negotiations or subsequent determinations by this Court ultimately may result in the allowance in full of Deutsche Bank Claims. Accordingly, Deutsche Bank hereby respectfully requests that this Court temporarily allow the Deutsche Bank Claims solely for voting purposes in the amount claimed by Deutsche Bank for each pending Deutsche Bank Claim, as indicated in the table of Deutsche Bank Claims annexed hereto as Exhibit "A", pursuant to § 1126 of the Bankruptcy Code and Bankruptcy Rule 3018(a), and in accordance with the Temporary Allowance Motion Procedures.

10. Bankruptcy Rule 3018(a) provides, in part, that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." FED. R. BANKR. P. 3018(a). Section 502(c) of the Bankruptcy Code provides that there shall be estimated for purpose of allowance " . . . any contingent or unliquidated claim, the fixing or liquidation of which would unduly delay the administration of the estate." 11 U.S.C. § 502(c)(1). "Neither the Code nor the Rules proscribe any method for estimating a claim, and it is therefore committed to the reasonable discretion of

the court which should employ whatever method is best suited for the circumstances of the case." In re Ralph Womenswear, Inc., 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996) (citations omitted).

11. The circumstances of these cases justify the temporary allowance of the Deutsche Bank Claims for voting purposes under Bankruptcy Rule 3018(a). The disclosure statement with respect to the proposed plan of reorganization was approved, and solicitation of acceptances of the plan has begun. However, pursuant to § 1126 of the Bankruptcy Code, tabulation of votes on the plan requires consideration of the number and amount of allowed claims voted. See 11 U.S.C. § 1126(c).

12. In the instant bankruptcy cases, holders of general unsecured claims, including Deutsche Bank as the holder of the Claims listed on Exhibit "A" hereto, is entitled to vote on the plan. In order for each vote to be properly counted, however, an "allowed amount" of such claim must be identified.

13. Rather than engage in an expensive and time-consuming claim estimation proceeding for each Deutsche Bank Claim at this time, Deutsche Bank hereby seeks a temporary allowance of the Deutsche Bank Claims in the claimed amount for voting purposes only. The claimed amount is the appropriate amount because it reflects the actual amounts owed to Deutsche Bank arising from, inter alia, damages pursuant to § 502(b)(6) of the Bankruptcy Code arising from the Debtors' rejection of certain leases held by Deutsche Bank, as Pass Through Trustee under the Pass Through Trust Agreement and the WD Stores Guaranty. The amounts of the Deutsche Banks Claims are in a total amount of no less than $52,249,673.00. Were this Court to fix the Deutsche Bank Claims at any lesser amount, it would mean that the Debtors had succeeded in disenfranchising or substantially diluting the voting power of a significant creditor of these estates merely by disputing its claims.

10085343.1

14. If and when the proposed plan of reorganization is confirmed, the results of the parties' negotiations or court imposed claims resolution process will dictate the amount of each of the Deutsche Bank Claims on a permanent basis. Temporarily allowing the Deutsche Bank Claims solely for voting purposes will not prejudice any other claimants, and will enable the Debtors to accurately and appropriately tabulate votes on the proposed plan, and otherwise dedicate their time and energy to maximizing value for all creditors, and emerging from Chapter 11 as quickly as is possible and appropriate.

## NOTICE

15. Notice of this Motion has been provided to (i) the Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to the official committee of unsecured creditors; and (iv) Logan & Company, Inc., as voting agent, as required by the Voting Procedures Order.

**WHEREFORE**, Deutsche Bank requests the entry of an order (i) allowing the Deutsche Bank Claims solely for the limited purpose of voting on the Debtor's proposed plan of reorganization; and (ii) such other further relief as the Court deems just and proper.

Dated: August 31, 2006

**NIXON PEABODY LLP**

BY: /s/ Richard J. Bernard
Richard J. Bernard
Dennis J. Drebsky
Joseph M. Gitto
437 Madison Avenue
New York, New York 10022
(212) 940-3091

*Attorneys for Deutsche Bank Trust Company Americas*

## CERTIFICATE OF SERVICE

I certify that service of the foregoing was made on August 31, 2006 via ECF Noticing and email upon the parties listed below.

/s/ Dennis J. Drebsky

| | |
|---|---|
| D.J. Baker, Esq.<br>Sally McDonald Henry, Esq.<br>Rosalie W. Gray, Esq.<br>Eric M. Davis, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036<br>djbaker@skadden.com<br>Fax: 212-735-2000 | Stephen D. Busey, Esq.<br>James H. Post, Esq.<br>Cynthia C. Jackson, Esq.<br>Eric N. McKay, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202<br>cjackson@smithhulsey.com<br>Fax: 904-359-7708 |
| Elena L. Escamilla, Esq.<br>U.S. Trustee<br>135 W. Central Boulevard<br>Room 620<br>Orlando, FL 32801<br>Elena.L.Escamilla@usdoj.gov<br>Fax: 407-648-6323 | Dennis F. Dunne, Esq.<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Attorneys for OCUC<br>ddunne@milbank.com<br>Fax: 212-530-5219 |
| John B. Macdonald, Esquire<br>Akerman Senterfitt<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, FL 32202<br>johnmacdonald@akerman.com<br>Fax: 904-798-3730 | Winn-Dixie Stores, Inc.<br>Attn: Laurence B. Appel<br>5050 Edgewood Court<br>Jacksonville, FL 32801<br>larryappel@winn-dixie.com<br>Fax: 904-783-5059 |
| Jane M. Leamy, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Rodney Square<br>Wilmington, DE 19801<br>Jleamy@skadden.com | |

10085343.1