UNITED STATES BANKRUPTCY COURT
IN THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

John A. Vickers
v.                                    CASE NO: 05-3817-3F1
Winn-Dixie Stores, Inc

Request To File Untimely Proof of Claim

Comes Now, the Petitioner John A. Vickers pro se, in the Above Captioned Case Requesting this Honorable Court to Allow for Petitioner to file this his proof of claim Untimely And presents the following in Support of his request:

1. The Petitioner has been in Constant Contact with Winn-Dixie Corporate headquarters Since the occurrence of his Accident Attempting to Settle this issue.

2. The Petitioner was Initially Corresponding with risk management Officer Ms. Karen Francis of Winn-Dixie Stores. Through the numerous Telephone Conversations with Ms. Francis the Petitioner informed Ms. Francis of his change of Address.

3. The Petitioner was informed by Ms. Francis that nothing could be done with his claim at this time, due to Winn-Dixie filing for Chapter 11, And due to Petitioner's incident happening prior to February 21, 2005 the date of which Winn-Dixie filed it's Petition for Chapter 11.

4. At no time during the communications with Winn-Dixie representatives was the Petitioner informed of having to file a proof of claim. Nor, was the Petitioner informed of an Alleged proof of claim being mailed to his former residence. Because the Petitioner would have requested Winn-Dixie to remail the Alleged proof of claim to his present residence, that proof of claim could and would have been filed prior to this Court's filing deadline if Petitioner had knowledge of having to file one.

5. The Petitioner was only informed of being required to file a proof of claim by a Winn-Dixie Supervisor on

August 20, 2006 After the Petitioner was no longer getting straight answers from any other Winn-Dixie representative on the day of August 20, 2006 was the first time the Petitioner was told about the proof of claim form and that the Petitioner had missed the filing deadline.

6. The only thing Winn-Dixie told the Petitioner was that he must wait until the Bankruptcy proceedings are complete, then Winn-Dixie would settle his claim. Therefore, the Petitioner was intentionally mislead by Winn-Dixie staff. The Petitioner is pro se, and was expecting Winn-Dixie to be honest, truthful, and forthcoming in all aspects of this case, but they were not! If anything the Petitioner pleads with this Honorable Court to find and accept this as excusable neglect, and not due to the Petitioner's intentional neglect to stay in contact with Winn-Dixie concerning this issue.

Therefore, based on the foregoing Arguments, And reasoning the Petitioner request This Honorable Court to Accept And Allow for him To file the enclosed proof of Claim.

Certificate of Service

I HEREBY CERTIFY, that I caused A true And Correct Copy of the foregoing to be furnished to Winn-Dixie Claims Docket Center C/o Logan & Company, Inc at 546 Valley Road Upper Montclair, N.J. 07043 via U.S. Mail on this the 28th day of August 2006

Respectfully Submitted

John A. Vickers pro se,
417 N. Delaware St. #6
Paulsboro, N.J. 08066