**Hearing Date:  September 14, 2006 at 1:30 p.m.**
**Objection Deadline:  September 12, 2006 at 4:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors[1]. | ) | Jointly Administered |

**DEBTORS' MOTION (I) FOR AUTHORITY TO REJECT**
**NON-RESIDENTIAL REAL PROPERTY LEASE FOR STORE**
**NUMBER 1409, (II) TO ESTABLISH BAR DATE FOR ANY**
**REJECTION DAMAGE CLAIMS, AND (III) GRANTING RELATED RELIEF**

Winn-Dixie Montgomery, Inc. ("WD Montgomery") and twenty-three of its affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order (i) under 11 U.S.C. § 365(a), authorizing the Debtors to reject a non-residential real property lease for store number 1409, effective August 31, 2006, and (ii) under Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a bar date for rejection damage claims arising under the lease (the "Motion").  In support of the Motion, the Debtors respectfully represent as follows:

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**Background**

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary

petitions for reorganization relief under chapter 11 of title 11 of the United States Code,

11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors' cases are

being jointly administered for procedural purposes only.

2.      The Debtors are grocery and pharmaceutical retailers operating in the

southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie

Marketplace" banners.  The Debtors operate their businesses and manage their properties

as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, the Office of the United States Trustee (the "U.S.

Trustee") appointed an official committee of unsecured creditors to serve in these cases

pursuant to Sections 1102 and 1103 of the Bankruptcy Code.  An official committee of

equity security holders appointed by the U.S. Trustee on August 17, 2005, was

subsequently disbanded by notice dated January 11, 2006.

**The Leases**

4.      WD Montgomery leases store number 1409 located in New Orleans,

Louisiana, from Basin Street #2 Limited Partnership (the "Landlord") (the "Store"),

under a lease dated February 1, 2001 (the "Lease").  Pursuant to the Lease, WD

Montgomery pays the Landlord $955,000 in rent each year.

5.      As a result of significant damage to the Store and the surrounding market

area caused by Hurricane Katrina, WD Montgomery is unable to operate a grocery store

at that location.    Rejection of the Lease will save WD Montgomery approximately $955,000 a year.

6.      This Court has jurisdiction over this Motion under 28 U.S.C. §1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

7.      The statutory predicates for the relief requested in the Motion are Section 365(a) of the Bankruptcy Code and Rule 3002(c), Federal Rules of Bankruptcy Procedure.

## Relief Requested

8.      By this Motion, the Debtors seek an order of the Court (i) pursuant to Section 365(a) of the Bankruptcy Code, authorizing WD Montgomery to reject the Lease effective as of August 31, 2006, and (ii) establishing a bar date for the Landlord to file any rejection damage claim arising in connection with the Lease.

## Basis for Relief

11.      Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. *See In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); *In re Hardie*, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); *In re Gunter Hotel Assocs.*, 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

12.    The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. *See In re Gardinier, Inc.*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Cent. Fla. Fuels, Inc.*, 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *Sundial Asphalt Co. v. V.P.C. Investors Corp.* (*In re Sundial Asphalt Co.*), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992).  The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. *See Sharon Steel Corp.*, 872 F.2d at 39-40; *In re Kong*, 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); *In re Cent. Fla. Fuels, Inc.*, 89 B.R. at 245.  Courts universally regard the business judgment rule as a low standard to meet and, therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. *See In re III Enters., Inc. V*, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994), aff'd sub nom. *Pubelo Chem, Inc. v. III Enters. Inc. V*, 169 B.R. 551 (E.D. Pa. 1994); *In re Hardie*, 100 B.R. at 287.

13.    WD Montgomery's business judgment supports rejection of the Lease. WD Montgomery is currently unable to operate a store at this location.  Rejection of the Lease will save WD Montgomery approximately $955,000 a year.

### Rejection Damages

14.    Pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, the Court may fix a deadline for filing any rejection damage claim.  The Debtors request that the Court establish the deadline for the Landlord to file a proof of claim for any rejection

damages at 30 days after entry of an order approving the Motion.

## Notice

15.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Landlord.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit A (i) authorizing WD Montgomery to reject the Lease as of August 31, 2006; (ii) establishing a deadline for the Landlord to file a rejection damage claim in connection with the Lease; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  September 1, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By___*s/ D. J. Baker*___<br>D. J. Baker<br>Sally McDonald Henry<br>Rosalie Walker Gray | By___*s/ Cynthia C. Jackson*___<br>Stephen D. Busey<br>James H. Post<br>Cynthia C. Jackson, F.B.N. 498882 |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

00542169

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et</u> <u>al.</u>, | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER (I) AUTHORIZING DEBTORS TO REJECT NON-**
**RESDENTIAL REAL PROPERTY LEASE ON STORE**
**NUMBER 1409, (II) ESTABLISHING REJECTION DAMAGE**
<u>**CLAIM BAR DATE AND, (III) GRANTING RELATED RELIEF**</u>

These cases came before the Court on the motion of Winn-Dixie Montgomery, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. § 365(a), authorizing the Debtors to reject a non-residential real property lease for Store No. 1409 located in New Orleans, Louisiana (the "Lease") and pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a deadline by which the Landlord must file any claims for rejection damages under the Lease (the "Motion").  The Court has reviewed the Motion and considered the representations of counsel.  Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      Winn-Dixie Montgomery, Inc. is authorized to reject the

Lease pursuant to 11 U.S.C. § 365(a).  The Lease is rejected effective August 31,

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

2006.

       3.      The Landlord must file any claims resulting from the rejection of the Lease, if any, no later than thirty (30) days after entry of this Order.

       4.      Nothing in this Order constitutes a waiver of any claims the Debtors may have against the Landlord, whether or not related to the Lease.

       5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

       6.      The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated September_____, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

00542171