**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

**ORDER DISALLOWING (A) DUPLICATE DIFFERENT DEBTOR CLAIMS AND (B) DUPLICATE LIABILITY CLAIMS, AS SET FORTH IN THE DEBTORS' TWENTIETH OMNIBUS CLAIMS OBJECTION**

These cases came before the Court for hearing on October 5, 2006, upon the Twentieth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of claim listed on Exhibits A and B (the "Disputed Claims").[2] Upon consideration, it is

ORDERED AND ADJUDGED:

1. The Objection is sustained.

2. The Duplicate Different Debtor Claims listed on Exhibit A are disallowed in their entirety, contingent upon (i) the confirmation and effectiveness of the Plan and (ii) substantive consolidation of the Debtors' estates as provided for in the Plan.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

3. The Duplicate Liability Claims listed on Exhibit B are disallowed in their entirety, contingent upon (i) the confirmation and effectiveness of the Plan and (ii) substantive consolidation of the Debtors' estates as provided for in the Plan.

4. In the event, however, that the Plan is not confirmed or does not become effective, nothing in the Objection or this Order will prejudice the position of either the claimants or the Debtors with respect to the issue of which of the several Debtors named as obligor on the claims is the actual obligor for the alleged liability or with respect to any other issue relating to the Disputed Claims or the Remaining Claims.

5. Each claim and the objections by the Debtors to such claim as addressed in the Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order is deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by this Order.

6. Neither the Objection nor any disposition of the Disputed Claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any potential Avoidance Action against any of the Claimants.

7. This Order is without prejudice to the Debtors' right to file any further objection they may have to the Disputed Claims or the Remaining Claims,

including objections on the ground that a Disputed Claim was filed against the incorrect Debtor or that the Debtor against which the Disputed Claim was filed should be modified.

    Dated this ____ day of October, 2006 in Jacksonville, Florida.


                                                                                        _____
                                                                                        Jerry A. Funk
                                                                                        United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

4

**THE EXHIBITS TO BE ATTACHED TO THE ORDER WHEN ENTERED WILL BE THE SAME EXHIBITS THAT ARE ATTACHED TO THE OBJECTION, WITH ANY NECESSARY MODIFICATIONS TO ADDRESS RESPONSES TO THE OBJECTION**