F I L E D
JACKSONVILLE, FLORIDA

SEP 0 5 2006

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    )                    Case No. 05-03817-3F1
                                          )                    Chapter 11
WINN-DIXIE STORES, INC., et al., )                    Jointly Administered
                                          )
Debtors                                 )

## CREDITOR YRMA FERNANDEZ'S MOTION FOR LEAVE TO FILE OUT OF TIME

COMES NOW, Yrma Fernandez, by and through her undersigned counsel and moves this Honorable Court for leave to file out of time and in support thereof states as follows:

1.    The court entered an order on August 14, 2006 striking Yrma Fernandez's Motion to Strike Debtors' Notice of Objection to Proof of Claim for failure to electronically file said motion in accordance with the court's order dated April 19, 2005. *See Exhibit A attached.*

2.    Undersigned counsel has since taken steps to enroll in the court's electronic filing system and is seeking leave of court to file the attached Motion to Strike Debtors' Notice of Objection to Proof of Claim in electronic format out of time. *See Exhibit B attached.*

3.    Prior to the hearing scheduled for August 24, 2006, counsel for the Debtor agreed to continue the hearing on its objection to the Creditor's claim until a later date. *See Exhibit C attached.*

WHEREFORE, Creditor Yrma Fernandez moves this Honorable Court for leave to file its Motion to Strike Debtors' Notice of Objection to Proof of Claim in electronic format out of time or for such other and further relief as the court deems necessary and appropriate.

1

Respectfully Submitted,

SIMON, SCHINDLER & SANDBERG LLP
2650 Biscayne Boulevard
Miami, FL 33137-4590
Tel: (305) 576 1300
Fax: (305) 576 1331
E-Mail: avfmt@yahoo.com


_____
ANTHONY V. FALZON ESQ.
Fla. Bar No. 69167

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Electronic

Filing (w/attachments) on the Clerk of Court, United States Courthouse, 300 North Hogan Street,

Suite 3-350, Jacksonville, Florida 32202 and on Tana Copeland, 225 Water Street, Suite 1800,

Jacksonville, FL 32202 and by e-mail (w/o attachments) on tcopeland@smithhulsey.com this 25th

day of August, 2006.

_____
Anthony V. Falzon

2

**A.**

**B.**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                              )                     Case No. 05-03817-3F1
                                    )                     Chapter 11
WINN-DIXIE STORES, INC., et al.,    )                     Jointly Administered
                                    )
Debtors                             )

**CREDITOR YRMA FERNANDEZ'S MOTION TO STRIKE DEBTOR'S NOTICE OF
OBJECTION TO HER PROOF OF CLAIM FOR LEAVE OF COURT TO FILE PROOF
OF CLAIM OUT OF TIME**

COMES NOW, Yrma Fernandez, by and through her undersigned counsel and moves this

Honorable Court to strike the Debtor's Objection to her Proof of Claim as untimely or alternatively

moves pursuant to 11 U.S.C.A. Sec. 9006(b)(1)(2) for leave of court to have Claim # 11823 filed out

of time and in support thereof states as follows:

1.      On January 12, 2005, Yrma Fernandez, entered into a settlement agreement with

Winn Dixie settling her personal injury claim for the liquidated amount of eight thousand dollars

($8,000). *See Exhibit A attached.*

2.      Shortly after Yrma Fernandez entered into the settlement agreement with Winn-

Dixie, Winn Dixie filed for Chapter 11 bankruptcy relief. At this time, Yrma Fernandez was

represented by David Gordon Esq. Mr. Gordon left this law firm in June, 2005 and the undersigned

commenced work with this law firm on August 1, 2006 and took over Mr. Gordon's caseload. In

September, 2005 the undersigned turned his attention to this file and found a blank proof of claim

in the file. Upon investigation, the undersigned discovered that the Proof of Claim form had not

been filed in court by the August 1, 2005 bar date. The undersigned took immediate action to file

1

the proof of claim in this action attaching a copy of the settlement agreement. The Proof of Claim was filed on September 19, 2005. *See Exhibit B attached.*

3.       On March 24, 2006 Yrma Fernandez submitted a completed questionnaire. *See Exhibit C attached.* This was received by Logan & Company, on April 6, 2006. *See Exhibit D attached.*

4.       According to Section 3 B of the Amended Claims Resolution Procedure adopted by the court on April 21, 2006 the Debtors were supposed to serve a response statement on my client within 45 days of receipt of the questionnaire either accepting or disputing the amount demanded in the questionnaire. That forty-five day period expired on May 22, 2006. *See Exhibit E attached.*

5.       On June 22, 2006 Debtors filed an untimely notice of Debtors' omnibus objection to unresolved litigation claims including the above-captioned matter. *See Exhibit F attached.*

6.       Plaintiff therefore moves the court to strike Debtor's untimely omnibus objection to her claim. The court's April 21, 2006 order required the Debtors to serve a response statement within 45 days of receipt of Yrma Fernandez's completed questionnaire. Yrma Fernandez's completed questionnaire was received by the Debtor's representative on April 7, 2006 and therefore Debtor had until May 22, 2006 in which to either accept or dispute the amount demanded. Debtor did not file its omnibus objection until June 22, 2006 and it was therefore untimely. As such Debtor cannot dispute the amount of its previously agreed to settlement with the Creditor.

7.       In the alternative, Yrma Fernandez, moves for leave of court to file the Proof of Claim out of time due to excusable neglect. As explained previously, Ms. Fernandez's attorney - David Gordon Esq., - left the undersigned law firm in June, 2005 and undersigned counsel did not join the law firm until August 1, 2005 - the bar date for filing the Proof of Claim. When undersigned

counsel reviewed his predecessor's file he found a blank Proof of Claim in the file. The bar date had not been calendared and no action had been taken to file the Proof of Claim. Undersigned counsel took immediate action to file the Proof of Claim which he did on September 19, 2005.

8.      In the case of *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership et al.,* 507 U.S. 380 (1993) the Supreme Court held that 11 U.S.C. Sec. 9006(b)(1) allows a bankruptcy court to accept late filings where failure to act is due to "excusable neglect". "Excusable neglect" includes inadvertence, mistake, or carelessness, as well as intervening circumstances beyond the party's control. In the case of *Pioneer supra* the court found that where counsel was experiencing an upheaval in his practice than this constituted excusable neglect. In this case counsel at the time was moving to another practice and failed to take action to timely file the proof of claim or calendar it for action. Undersigned counsel took immediate action to file the Proof of Claim when he discovered his predecessor's oversight. Furthermore no prejudice would result to the Debtor by the late filing, the six week delay in filing the proof of claim would have no adverse impact on efficient court administration and the creditor and her new counsel acted expeditiously and in good faith as soon as former counsel's oversight was discovered.

WHEREFORE, Plaintiff moves this Honorable Court to strike Debtor's untimely objection to her claim or in the alternative moves for leave of court to file her proof of claim out of time or for such other and further relief as this court deems necessary and appropriate.

3

Respectfully Submitted,

SIMON, SCHINDLER & SANDBERG LLP
2650 Biscayne Boulevard
Miami, FL 33137-4590
Tel: (305) 576 1300
Fax: (305) 576 1331
E-Mail: avfmt@yahoo.com


_____
ANTHONY V. FALZON ESQ.
Fla Bar No. 69167


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Electronic

Filing (w/o attachments) AND by U.S. Mail (w/attachments) on the Clerk of Court, United States

Courthouse, 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202 and on Tana

Copeland, 225 Water Street, Suite 1800, Jacksonville, FL 32202 by U.S. Mail (w/attachments),

Facsimilie (w/o attachments) at (904) 359 7708 and by e-mail (w/o attachments) on

tcopeland@smithhulsey.com this 11th day of August, 2006.


_____
Anthony V. Falzon


4

**A.**

## RELEASE

Know all men by these presents that Yrma Fernandez (referred to as "Releasors")

in that certain claim now pending in the Circuit Court of the 11th Judicial Circuit in and for

Miami-Dade County, Florida Case No. 03-13134 CA 24 for an incident which occurred on

or about June 8, 1999 in consideration of payment from **Winn Dixie Stores, Inc.** for **Eight**

**Thousand ($8,000.00) Dollars** to be paid by Winn Dixie Stores, Inc. for the benefit of and/or

payable to **Yrma Fernandez**, the receipt of which is hereby acknowledged by **Yrma**

**Fernandez**, her heirs, executors/administrators, personal representatives, statutory survivors

and successors/assigns, hereby release, acquit and forever discharge the following, (referred

to as "Releasees")

1)      Winn Dixie Stores, Inc., and Winn Dixie Supermarkets, Inc.; and

2)      The personal representatives, executors/ administrators, successors and assigns,

of each of the Releasees named in paragraph 1, above;

3)      Each parent and subsidiary corporation of Winn Dixie Stores, Inc., and/or Winn

Dixie Supermarkets, Inc., its officers, directors agents, servants and employees and its

assigns, trustees and successors in interest of and from all manner of action and actions,

cause and causes of action, suits, debts, dues, sums of money, bonds, reckonings, accounts,

bills, specialties covenants, contracts, controversies, agreements, promises, variances,

trespasses, damages, judgments, executions, claims demands and liability whatsoever,

including all claims for personal injuries, medical expenses including, but not limited to all

medical liens, or property damage, in law or equity, which against said Releasees or any

Yrma Fernandez ever had, now have or may have in the future or which her heirs, executors/administrators, successors/assigns, statutory survivors and/or personal representatives, hereafter can, shall or may have, arising on account of or in connection with the issues that were raised or could have been raised in Case No. 03-13134 CA 24 now pending in the Circuit Court of the 11th Judicial Circuit of Florida in and for Miami-Dade County, Florida, as well as any future action arising on account of or in connection with the incident which is the subject of the instant case.

Yrma Fernandez stipulates and agrees that any continued or future claim against any other entity not released will be maintained on grounds other than vicarious responsibility, joint venture, or any other legal theory which seeks to hold a party liable on pass-through or vicarious responsibility for acts or omissions by **Winn Dixie Stores, Inc., and/or Winn Dixie Supermarkets, Inc.** It is the intention of the parties to this Release that no claims or causes be brought or are capable of being brought against **Winn Dixie Stores, Inc., and/or Winn Dixie Supermarkets, Inc.** for contribution or indemnification on any other basis whatsoever.

It is expressly understood, notwithstanding any language to the contrary, that the Release entered into between Releasors and Releasees do not in any way impair or infringe on the rights of Yrma Fernandez to continue to receive all benefits to which she are entitled under any existing health, accident, disability or similar plan through any employer, insurer, union or any other provider of similar benefits, because this Release does not purport to cover such benefits and this Release does not purport to release any such provider of such

benefits.

Releasors further understand and agree that in accepting the consideration stated above she do so in full settlement of all claims that she now have or which she might have in the future, or which might accrue to her heirs, statutory survivors, personal representatives, executors/administrators, successors/assigns, as against any of the Releasees for damages or injuries as a result of or in any connection with the incident described above (specifically including all expenses to which we may or have been put), as well as for all consequences, effects and results of any such injury or damages, whether the same is known or unknown to us, expected or unexpected by us, or have already occurred or developed, or may be latent, or may in the future occur or develop.

Yrma Fernandez further understands and agrees that this settlement is the compromise of doubtful and disputed claims and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, by whom liability is expressly denied.

As further consideration and inducement for this compromise settlement, in the event this settlement agreement is breached, Releasors agree, and her heirs, successors/assigns, executors/administrators, statutory survivors, and/or personal representatives, to indemnify, protect, defend and hold harmless each of the parties named in this Release from all liability, judgments, costs and expenses (including but not being limited to court costs and attorneys' fees) arising on account of any action, claim, demand or lien, resulting from the breach of this settlement agreement against any party named in this Release.

Yrma Fernandez further understands and agrees that no promise or agreement not herein expressed has been made, that this Release contains the entire agreement between the parties to it and that the terms of this Release are contractual and not a mere recital.

Yrma Fernandez agrees that the terms and conditions of this Release shall remain confidential and under no circumstances shall the terms and conditions of this Release be divulged to any other source under any circumstances except those required by Federal or Florida Law.

Yrma Fernandez understands and agrees that Winn Dixie Stores, Inc. shall have no obligation to tender payment until 20 business days after receipt of this Release and there shall be no obligation on the part of Winn Dixie Stores, Inc. to pay interest on settlement amounts paid within such time.

Yrma Fernandez hereby further declares and represents that she is over 18 years of age, she has carefully read this Release in its entirety, know of its contents, she has had the benefit of the advice of independent counsel of her own choosing and signed this Release on behalf of herself.

In witness whereof, I have hereunto set our hands and seals this ___12th___ day of _January_, ~~2004~~ 2005.

_____
Yrma Fernandez

_____
Witness

State of Florida          )
                          ) ss:
County of Miami-Dade      )

The foregoing instrument was acknowledged before us this ⟨2⟩ day of January 2004; 2005 829

by Yrma Fernandez who are personally known to me and who did take an oath.

_____
Signature of Officer Taking
Acknowledgment

_____
Name of Officer Taking
Acknowledgment

FERNANDO E. MATA
Notary Public - State of Florida
My Commission Expires May 27, 2008
Commission # DD 324073
Bonded By National Notary Assn.

_____
Title of Rank

_____
Commission Number, if any

*This Instrument Prepared By*
*George A. Sarduy, Esq.*
*KELLEY, KRONENBERG, GILMARTIN,*
*FICHTEL & WANDER, P A*
*2655 LeJuene Rd  PH 1, Suite C*
*Coral Gables, Florida 33134*
*305-774-7058*

**B.**

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF<br>CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M.<br>EASTERN TIME |
|---|---|---|

Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered

Name of Debtor Against Which You Assert Your Claim:

Debtor Name ___ **Winn-Dixie Stores, Inc.** ___ Case No **05-03817-3F1**

(See List of Names and Case Numbers on Reverse Side)

DEBTOR WINN - DIXIE STORES, INC
U S BANKRUPTCY COURT M D -FLORIDA
JOINTLY ADMINISTERED UNDER
CASE  05-03817 (3F1)
CHAPTER 11

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U S C §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

Fernandez, Yrma
c/o Anthony V. Falzon
Simon, Schindler & SAndberg, LLP
2650 Biscayne Blvd.
Miami, FL  33137

*392157*

Telephone No of Creditor (305) 576-1300
(305) 5761331
Fax No of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

**CLAIM NO.: 11823**

B Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if) ☐ replaces address above ☐ additional address

Name ___ N/A ___
Company/Firm ___
Address ___

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☒ Check box if you have never received any notices in this case

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim

Account or Other Number by Which Creditor Identifies Debtor

Check here if this claim
☐ replaces ☐ amends    a previously filed claim, dated ___

**1 Basis for Claim**
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☒ Personal injury/property damage
☐ Other ___

☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract

☐ Retiree benefits as defined in 11 U S C § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN ___
Unpaid compensation for services performed from
___ to ___
(date)      (date)

**2** Date debt was incurred **06/08/99**

**3** If claim is based on a Court Judgment, date obtained ___

**4** Total Amount of Claim at Time Case Filed: $ **8,000.00**
$ ___ (unsecured)    $ ___ (secured)    $ ___ (priority)    $ ___ (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if your claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

**5 Secured Claim**
☒ Check this box if your claim is secured by collateral (including a right of setoff)

Brief description of Collateral
☐ Real Estate ☐ Motor Vehicle ☐ Other ___

Value of Collateral $ ___

Amount of arrearage and other charges at time case filed included in secured claim, if any $ ___

$ **8,000.00**

**6 Unsecured Nonpriority Claim** $ ___
☐ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

**7. Unsecured Priority Claim**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ ___
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U S C § 507 (a) (3)
☐ Contributions to an employee benefit plan - 11 U S C § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U S C § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U S C § 507 (a) (7)
☐ Taxes or penalties owed to governmental units - 11 U S C § 507 (a) (8)
☐ Other - Specify applicable paragraph of 11 U S C § 507 (a) ( )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**8. Credits** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim
**9. Supporting Documents** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain If the documents are voluminous, attach a summary
**10** Date-Stamped Copy To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

This Space Is For Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice: |
|---|---|
| | Print **YRMA FERNANDEZ**    Title **Anthony V. Falzon, Esq.**<br>**Attorney for Claimant**<br>Signature |

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

## RELEASE

Know all men by these presents that Yrma Fernandez (referred to as "Releasors")

in that certain claim now pending in the Circuit Court of the 11th Judicial Circuit in and for

Miami-Dade County, Florida Case No. 03-13134 CA 24 for an incident which occurred on

or about June 8, 1999 in consideration of payment from **Winn Dixie Stores, Inc.** for **Eight**

**Thousand ($8,000.00) Dollars** to be paid by Winn Dixie Stores, Inc. for the benefit of and/or

payable to Yrma Fernandez, the receipt of which is hereby acknowledged by **Yrma**

**Fernandez**, her heirs, executors/administrators, personal representatives, statutory survivors

and successors/assigns, hereby release, acquit and forever discharge the following, (referred

to as "Releasees")

1)    Winn Dixie Stores, Inc., and Winn Dixie Supermarkets, Inc.; and

2)    The personal representatives, executors/ administrators, successors and assigns,

of each of the Releasees named in paragraph 1, above;

3)    Each parent and subsidiary corporation of Winn Dixie Stores, Inc., and/or Winn

Dixie Supermarkets, Inc., its officers, directors agents, servants and employees and its

assigns, trustees and successors in interest of and from all manner of action and actions,

cause and causes of action, suits, debts, dues, sums of money, bonds, reckonings, accounts,

bills, specialties covenants, contracts, controversies, agreements, promises, variances,

trespasses, damages, judgments, executions, claims demands and liability whatsoever,

including all claims for personal injuries, medical expenses including, but not limited to all

medical liens, or property damage, in law or equity, which against said Releasees or any

Yrma Fernandez ever had, now have or may have in the future or which her heirs, executors/administrators, successors/assigns, statutory survivors and/or personal representatives, hereafter can, shall or may have, arising on account of or in connection with the issues that were raised or could have been raised in Case No. 03-13134 CA 24 now pending in the Circuit Court of the 11th Judicial Circuit of Florida in and for Miami-Dade County, Florida, as well as any future action arising on account of or in connection with the incident which is the subject of the instant case.

Yrma Fernandez stipulates and agrees that any continued or future claim against any other entity not released will be maintained on grounds other than vicarious responsibility, joint venture, or any other legal theory which seeks to hold a party liable on pass-through or vicarious responsibility for acts or omissions by **Winn Dixie Stores, Inc., and/or Winn Dixie Supermarkets, Inc.** It is the intention of the parties to this Release that no claims or causes be brought or are capable of being brought against **Winn Dixie Stores, Inc., and/or Winn Dixie Supermarkets, Inc.** for contribution or indemnification on any other basis whatsoever.

It is expressly understood, notwithstanding any language to the contrary, that the Release entered into between Releasors and Releasees do not in any way impair or infringe on the rights of Yrma Fernandez to continue to receive all benefits to which she are entitled under any existing health, accident, disability or similar plan through any employer, insurer, union or any other provider of similar benefits, because this Release does not purport to cover such benefits and this Release does not purport to release any such provider of such

benefits.

Releasors further understand and agree that in accepting the consideration stated above she do so in full settlement of all claims that she now have or which she might have in the future, or which might accrue to her heirs, statutory survivors, personal representatives, executors/administrators, successors/assigns, as against any of the Releasees for damages or injuries as a result of or in any connection with the incident described above (specifically including all expenses to which we may or have been put), as well as for all consequences, effects and results of any such injury or damages, whether the same is known or unknown to us, expected or unexpected by us, or have already occurred or developed, or may be latent, or may in the future occur or develop.

**Yrma Fernandez** further understands and agrees that this settlement is the compromise of doubtful and disputed claims and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, by whom liability is expressly denied.

As further consideration and inducement for this compromise settlement, in the event this settlement agreement is breached, Releasors agree, and her heirs, successors/assigns, executors/ administrators, statutory survivors, and/or personal representatives, to indemnify, protect, defend and hold harmless each of the parties named in this Release from all liability, judgments, costs and expenses (including but not being limited to court costs and attorneys' fees) arising on account of any action, claim, demand or lien, resulting from the breach of this settlement agreement against any party named in this Release.

Yrma Fernandez further understands and agrees that no promise or agreement not herein expressed has been made, that this Release contains the entire agreement between the parties to it and that the terms of this Release are contractual and not a mere recital.

Yrma Fernandez agrees that the terms and conditions of this Release shall remain confidential and under no circumstances shall the terms and conditions of this Release be divulged to any other source under any circumstances except those required by Federal or Florida Law.

Yrma Fernandez understands and agrees that **Winn Dixie Stores, Inc.** shall have no obligation to tender payment until 20 business days after receipt of this Release and there shall be no obligation on the part of **Winn Dixie Stores, Inc.** to pay interest on settlement amounts paid within such time.

Yrma Fernandez hereby further declares and represents that she is over 18 years of age, she has carefully read this Release in its entirety, know of its contents, she has had the benefit of the advice of independent counsel of her own choosing and signed this Release on behalf of herself.

In witness whereof, I have hereunto set our hands and seals this ____ day of _____ 2004.

_____          _____
Yrma Fernandez                                              Witness

State of Florida            )

                            ) ss:

County of Miami-Dade        )

The foregoing instrument was acknowledged before us this 12 day of Jan 2005 2004,

by Yrma Fernandez who are personally known to me and who did take an oath.

_____          _____
Signature of Officer Taking                Name of Officer Taking
Acknowledgment                             Acknowledgment

FERNANDO E. MATA
Notary Public - State of Florida
My Commission Expires May 27, 2008
Commission # DD 324073
Bonded By National Notary Assn.

_____          _____
Title of Rank                             Commission Number, if any

*This Instrument Prepared By*
*George A. Sarduy, Esq.*
*KELLEY, KRONENBERG, GILMARTIN,*
*FICHTEL & WANDER, P A*
*2655 LeJuene Rd PH J, Suite C*
*Coral Gables, Florida 33134*

*305-774-7058*

**C.**

A LIMITED LIABILITY PARTNERSHIP
2650 BISCAYNE BOULEVARD
MIAMI, FLORIDA  33137-4590

TOBIAS SIMON (1929 - 1982)
CARL P. BOWEN *
THOMAS H. PFLAUM +
NEAL L. SANDBERG
ROGER J. SCHINDLER
STEVEN J. SILVERMAN *

TELEPHONE   (305) 576-1300
FACSIMILE   (305) 576-1331

March 24, 2006

+ Of Counsel
* Also admitted in New York

**Via Certified Mail**

Logan & Company Inc.
Claims Agent
546 Valley Road
Upper Montclair
New Jersey 07043

re:   **Yrma Fernandez v. Winn-Dixie Stores, Inc.**
      **Miami-Dade Circuit Case No. 03-13134 CA 24**
      **Winn Dixie Stores Case No. 05-03817-3FI**

Dear Sir/Madam:

Please find enclosed a completed questionnaire for litigation claimants which is being submitted to you on behalf of this firm's client Yrma Fernandez in accordance with the order of the United States Bankruptcy Court for the Middle District of Florida authorizing Winn-Dixie Stores Inc. To settle or liquidate additional claims pursuant to the claims resolution procedure.

Sincerely,

Anthony V. Falzon Esq.

## PART B - CLAIM INFORMATION

1. Give your date of birth (MM/DD/YY) _10 | 18 | 28_

2. Date of injury or claim: (MM/DD/YY) _6 | 8 | 99_

3. What is the basis of your claim? _Slipped on grapes and a liquid substance, possibly juices drawn the crushed grapes that were on the floor as I was walking down the aisle in the produce section of a Winn-Dixie store_

4. What is the total amount of your claim? (Please estimate if necessary). _$ 8,000_

5. Attach copies of all documents supporting or evidencing your claim. Do not send original documents. If the documents are not available, please explain. _See settlement agreement attached to proof of claim_

6. Identify all payments or other sums which have been credited and deducted for the purpose of quantifying your claim amount. _None_

7. Are you pursuing this claim against any other party?  Yes ☐   No ☑
   If so, against whom (list the name, the addresses and counsel for each party, if known)? ____

   (Attach additional sheets if necessary)

8. Did you notify the Debtor in writing of the injury or claim? (If yes, attach a copy of such writing.)
   Yes ☑   No ☐

9. Is there a pending lawsuit regarding your claim? If so, identify the court where the lawsuit is pending, the case number and the judge, if known. _Circuit Court for the Eleventh Judicial Circuit, Florida (Miami-Dade County), Case #03-13134 CA 24, Judge Michael Genden_

WDX-392157-Q2-55-FERNANDEZ, YRMA

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. Eastern Time)*
*if you have any questions about this form*

10. What type of injuries or damages do you have? If applicable, please provide a medical description of your injuries. (Please state if the claim is based, in whole or in part, on an injury to someone else.)

*left knee fracture, derangement and/or trauma, neck, low back and shoulder pain - 10% total body impairment.*

11. Where did the injury or damage occur? *Winn-Dixie Store in Miami*

Please specify the location and address.

12. How did the injury or damage occur? *See answer to 3 above.*

13. Did you miss any work as a result of your injury or damage? If so, how many days? *No.*

14. Give the name and address of your employer and your salary at the time of your injury or damage. *N|A*

15. Was anyone else injured at the time of your injury or damage? (If yes, list the names and addresses.) *No*

16. List the names, addresses and phone numbers of all witnesses and people with relevant knowledge of your injury or damages (including, but not limited to, any representatives or agents of the Debtors). *Catherine Stewart-Smith, 2120 Country Club Prado, Coral Gables, Fl 33134*

WDX-392157-Q2-55-FERNANDEZ, YRMA

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. Eastern Time)*
*if you have any questions about this form*

17.  If applicable, are treatments still being given for the injury or damages? Yes ☐  No ☑
     (If yes, provide the name and address of the doctor that is currently treating you
     and the nature of the treatment.) _____
     _____
     _____
     _____

18.  If applicable, please provide the following Physician Data:

     a.   Give the name and address of any physician, clinic or hospitals that has treated this injury.
          Include treatment dates. (Attach additional sheets if necessary)
          Richard R. Simon M.D. 8940 N. Kendall Dr (400-E) Miami Fl 33176,
          Augusto Enriquez M.D / Edgar Zamora M.D. Center for Special
          Cardl Inc., 600 N.W. 35th Ave Miami, Fl 33125
          Coral Gables MRI Inc, 747 Ponce de Leon Blvd, Coral Gables Fl 33134
          Ambulatory Diagnostic Center Inc; 747 Ponce de Leon, Coral Gables.

     b.   Itemize all damages you claim, including any damages for emotional distress,
          loss of consortium or pain and suffering. _____
          See 4 above which cover economic + non-economic
          damages _____
          _____

     c.   Give the total amount of the medical bills you incurred as a result of your claim. _____
          In excess of $10,000 .
          _____
          _____

     d.   Attach medical and hospital records which relate to your claim.

     e.   Itemize any other expenses you incurred as a result of the incident for which you are making a
          claim. _____
          This case is settled for $8,000 .
          _____
          _____
          _____

     f.   Give a list of medical expenses and amounts paid by your insurance company as a result of your
          injury. ___ This case is settled for $8,000 .
          _____
          _____
          _____

WDX-392157-Q2-55-FERNANDEZ, YRMA

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. Eastern Time)*
*if you have any questions about this form*

g.   Give the name, address and policy number of your insurance company._____

_Medicare / Medicaid P.O. Box 2360, Jacksonville, Florida_

19.   To the extent not already furnished in your response to questions 1 through 18 above, please provide the following information:

a.   Itemize the damages you claim.  N|A _____

_____
_____
_____
_____

b.   Give the total amount of each item of damage.  N|A _____

_____
_____

20.   **IN WHAT AMOUNT WOULD YOU AGREE TO SETTLE YOUR CLAIM? (This is not the amount that you will receive on account of your claim. The amount you will receive depends upon the plan or plans of reorganization that may be approved.)**_____

_I have already settled my case for $8,00_

Please make corrections to your personal information below and include phone and email address information:

| | Corrections (if any) |
|---|---|
| WDX-392157-Q2-55<br>FERNANDEZ, YRMA<br>C/O SIMON SCHINDLER & SANDBERG, LLP<br>ATTN ANTHONY V FALZON, ESQ<br>2650 BISCAYNE BLVD<br>MIAMI FL 33137 | Name: _____<br>Address: _____<br>_____<br>City/State/Zip: _____<br>Phone: (305) 576 1300<br>Fax (305) 576 1331<br>Email Address: afalzon@miami-law.net |

WDX-392157-Q2-55-FERNANDEZ, YRMA

PART C - SIGNATURE

NOTICE: UNDER FEDERAL LAW, CRIMINAL PENALTIES MAY BE IMPOSED FOR FILING A CLAIM CONTAINING FALSE OR MISLEADING STATEMENTS.

I declare under penalty of perjury that the foregoing statements are correct.

DATE: 3|24|06 _____                    _____
                                                  Claimant's Signature

Please recheck each of your answers to be sure that you have completed this form fully and accurately.

## NAME AND ADDRESS OF ATTORNEY OR OTHER AUTHORIZED AGENT

Complete this box if you have an attorney or other agent who represents you in this matter. If completed, all future notices will go to your attorney or agent rather than to you personally.

Name (First/Middle/Last) _Anthony U Jadron Esq   Simon, Schindler & Sandberg LLP_

Address _2650 Biscayne Blvd_

City/State/Zip _Miami  Fl 33137_

Relationship to Claimant _Attorney_

Phone Number _( 305 ) 576  1300_

Fax Number _( 305 ) 576  1371_

Email Address _aajadron@miami-law.net ._

## PART D - RETURN OF QUESTIONNAIRE

**IF YOU DO NOT FULLY COMPLETE AND RETURN THIS QUESTIONNAIRE SO THAT IT IS RECEIVED BY THE QUESTIONNAIRE DUE DATE, THE DEBTORS SHALL HAVE THE RIGHT, FOR THAT REASON ALONE, TO SEEK TO DISALLOW AND EXPUNGE YOUR PROOF OF CLAIM WITH RESPECT TO THE APPLICABLE LITIGATION CLAIM.**

A Questionnaire will not be deemed to have been timely returned unless received by the Questionnaire Due Date at the following address:

Logan & Company, Inc.
Claims Agent
546 Valley Road
Upper Montclair
New Jersey 07043

WDX-392157-Q2-55-FERNANDEZ, YRMA

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. Eastern Time)*
*if you have any questions about this form*

**D.**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Logans Company
Claims
540 Valley Road
Upper Montclair
New Jersey

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  _Christopher Dooley_    ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                  4/12

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7003 2260 0003 6770 0193

Domestic Return Receipt

102595-02-M-1

**E.**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| _____ | ) | |

## AMENDED CLAIMS RESOLUTION PROCEDURE

Only Eligible Claimants (as hereinafter defined) are entitled to participate in this Claims Resolution Procedure. The Debtors reserve the right, however, to exclude any person from participation in this Claims Resolution Procedure at any time in their sole and absolute discretion. If you have a Litigation Claim against one or more of the Debtors or any Related Non-Debtor Party, it is important that you read and comply with the procedures set forth below; your failure to do so may result in disallowance of your Litigation Claim. **If you have a lawyer, you should consult with your lawyer.**

1. **Definitions.**

"Agreed Order of Resolution" means the form of Agreed Order attached as <u>Exhibit 2</u> which will set forth an agreed resolution or settlement of the disputes between the Debtors and the Claimant concerning a Litigation Claim.

"Arbitration" means an arbitration conducted pursuant to the procedures described in Section 6 herein.

_____

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

"Authorized Payment" means direct payment, in cash, by the Debtors for any Litigation Claim settled in the amount equal to or less than $5,000, up to an aggregate cap of $5,000,000.$_____.

"Automatic Stay" means the automatic stay imposed by Section 362(a) of the Bankruptcy Code.

"Bankruptcy Code" means the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended from time to time.

"Bankruptcy Court" means the United States Bankruptcy Court for the Middle District of Florida. The address of the Bankruptcy Court is 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202.

"Bar Date" means August 1, 2005, the last date by which Proofs of Claim evidencing Litigation Claims may be timely filed, or such other special bar date as may be applicable to a particular Claimant.

"Claimant" means the person asserting a Litigation Claim.

"Claims Resolution Procedure" means this Claims Resolution Procedure for Litigation Claims set forth herein as approved by the Bankruptcy Court.

"Committees" means the Official Unsecured Creditors' Committee, and any other committees appointed by the U.S. Trustee or the Bankruptcy Court in this case, collectively.

"Cost of Mediation" includes the administrative charges imposed by the Mediation/Arbitration Organization assigned to resolve a Litigation Claim and the fee for the mediator's services and shall not include any other fee or expense, such as travel costs or attorneys' fees.

"Cost of Arbitration" includes the administrative charges imposed by the Mediation/Arbitration Organization assigned to resolve a Litigation Claim and the fee for the arbitrator's services and shall not include any other fee or expense, such as travel costs or attorneys' fees.

"Counsel for the Debtors" means Smith Hulsey & Busey.

"Creditors' Committee" means the Official Unsecured Creditors' Committee.

"Debtor" or "Debtors" means Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates identified in footnote 1, as debtors and debtors-in-possession, whose Chapter 11 bankruptcies are jointly administered by the Bankruptcy Court as Case No. 05-03817-3F1.

2

"Defenses" means all legal or equitable defenses to a Litigation Claim that the Debtors or a Related Non-Debtor Party are entitled to raise under applicable law and all defenses to coverage that a Third Party Indemnitor is entitled to raise under an Insurance Policy, an agreement or applicable law.

"Eligible Claimant" means a Claimant who has timely filed a Proof of Claim evidencing a Litigation Claim, but does not include an insider of the Debtors as such term is defined in Section 101(31)(B) of the Bankruptcy Code.

"Federal Rules of Bankruptcy Procedure" means the Federal Rules of Bankruptcy Procedure and official forms, and the Local Rules of Bankruptcy Procedure for the Middle District of Florida, including amendments in effect from time to time.

"Final Order" means an order of the Bankruptcy Court or other court as to which the time to appeal has expired and as to which no appeal is pending or, if an appeal has been timely taken, the order has been affirmed and is no longer subject to appeal.

"Insurance Policy" means any and all insurance policies between an Insurer and a Debtor which provides coverage for Litigation Claims.

"Insurer" means the liable party under an Insurance Policy.

"Judgment Claim Claimant" means any Claimant that held a judgment against the Debtors on account of a Litigation Claim as of February 21, 2005 and as to which an appeal was pending as of the Petition Date.

"Litigation Claim" means every claim against any of the Debtors or their agents which arose on or before the Petition Date for (i) personal injury or property damage, including, but not limited to, claims alleging bodily injury, false arrest, false imprisonment, slip and fall, libel, slander, mental suffering, emotional distress, loss of consortium, pain and suffering and any tort relating to the operation of a motor vehicle, (ii) wrongful death, (iii) products liability, (iv) consumer complaints, or (v) employment law disputes (but excluding claims arising under workers' compensation laws).

"Mediation" means the mediation conducted pursuant to the procedures described in Section 5 herein.

"Mediation/Arbitration Organization," means, in its singular or plural form, all mediation/arbitration attorneys or organizations employed by the Debtors in accordance with Section 5 and 6 herein.

"Notice of Agreed Order of Resolution" means the form of Notice attached as Exhibit 1, which the Debtors will serve in conjunction with the filing of each Agreed Order of Resolution concerning the settlement of any Litigation Claim in excess of $50,000.

"Notice Parties" means the Creditors' Committees, the Debtors' post-petition lenders, the United States Trustee and all other parties which are entitled to notices in these cases.

"Petition Date" means February 21, 2005, the date these Chapter 11 cases were commenced.

"Proof of Claim" means a written document filed in compliance with the Bankruptcy Court order dated April 28, 2005 and special bar dates established by the Debtors, and in the form required by such Court order.

"Questionnaire" means the document, in the form attached as <u>Exhibit 3</u>, to be served by a Claimant upon the Debtors that is used, <u>inter alia</u>, to collect certain information about the Claimant's Litigation Claim.

"Referral Notice" means the form of notice that is to be filed and served by the Debtors in order to refer a particular Litigation Claim to Mediation.

"Related Non-Debtor Party" means any current or former agent, representative or employee of a Debtor to the extent required to be indemnified by a Debtor or any other party required to be indemnified by a Debtor.

"Reply" means the document to be served by the Claimant in reply to the Response Statement. The Reply may accept the settlement proposal, if any, made by the Debtors.

"Response Statement" means the statement to be served by the Debtors, in response to a Claimant's Questionnaire, which Response Statement may include a settlement proposal to the Claimant.

"Small Claims Claimant" means any Claimant with a Litigation Claim that the Debtors have identified as being equal to $5,000 or less.

"Settlement Agreement" means the agreement that must be executed by the Claimant with respect to any settlement of that person's Litigation Claim.

"Third Party Indemnitor" means a person or entity that is liable under applicable non-bankruptcy law to indemnify the Debtors for a Litigation Claim, including an Insurer under an Insurance Policy.

### 2.    Summary of Claims Resolution Procedure.

The Claims Resolution Procedure is intended to accelerate the settlement or liquidation of Litigation Claims against the Debtors. In general, the Debtors are self insured for an initial $2 million per occurrence. If you have a Litigation Claim, you <u>must</u> follow these Procedures as a prerequisite for any stay relief you might seek. The Debtors, the Third Party Indemnitors (if applicable), and the Eligible Claimants each shall communicate with

the other parties and negotiate in good faith in an attempt to reach an agreement for the release, payment or compromise of Litigation Claims.

No Eligible Claimant will have any right to compel the Debtors to undertake ~~Mediation or~~ Arbitration of such Claimant's Claim and, similarly, the Debtors shall have no right to compel any Eligible Claimant to undertake ~~Mediation or~~ Arbitration of any Claimant's Claim, provided however, once a non-requesting party consents to binding arbitration neither party may unilaterally terminate such proceedings.

### 3.    Offer-Exchange Process

#### A.    The Questionnaire

The Debtors will serve each Eligible Claimant, except Judgment Claim Claimants, with copies of (i) the Order Authorizing Debtors to Settle or Liquidate Additional Claims Pursuant to the Claims Resolution Procedure, (ii) the Amended Claims Resolution Procedure and (iii) the Questionnaire, thereby initiating the offer-exchange process. Except as otherwise provided for herein with respect to Judgment Claim Claimants, each Claimant shall serve a completed Questionnaire upon the Debtors within 30 days of the postmark date on the envelope in which the questionnaire was mailed to the Claimant (the "Questionnaire Due Date"). In the event that an Eligible Claimant does not serve the Questionnaire upon the Debtors by the Questionnaire Due Date, the Debtors shall have the right, for that reason alone, to seek to disallow and expunge such Claimant's proof of claim with respect to the applicable Litigation Claim.

#### B.    The Response Statement

As soon as practicable after the Debtors receive the Questionnaire, the Debtors, after appropriate consultation and consent by the Third Party Indemnitor, if applicable, shall determine what response to the Litigation Claim is appropriate. The Debtors shall serve each Eligible Claimant that has timely returned a Questionnaire (or Claimant's counsel, if one has been identified), with a Response Statement, within 45 days of the Debtors' receipt of the Questionnaire, which shall state whether:

(1)    the amount demanded in the Questionnaire is accepted; or

(2)    the Litigation Claim is disputed; or

(3)    the Litigation Claim is disputed but stating the terms and conditions of a settlement that would be acceptable to the Debtors and any Third Party Indemnitor, if applicable, including a description of key Defenses and any third-party claims.

If the Debtors accept the amount demanded in the Questionnaire or make a counter-offer in the Response Statement, then the Debtors may provide the Eligible Claimant with a form of Settlement Agreement.

5

C.    The Reply

Within 30 days of the postmark date on the envelope in which the Response Statement was mailed to the Claimant, each Eligible Claimant shall either (i) serve a written Reply to the Response Statement on the Debtors, and any Third Party Indemnitor identified in the Response Statement, or (ii) request Mediation or Arbitration. An Eligible Claimant's Reply, if any, shall either accept or reject any settlement proposal in the Response Statement. ~~If the Debtors consent to~~ Mediation or Arbitration ~~such proceeding~~ shall be conducted as provided for in Sections 5 and 6 below. ~~If the Debtors do not consent to Mediation or Arbitration, then an Eligible Claimant who has otherwise complied with the offer-exchange process shall be entitled to seek relief from the automatic stay as provided in Section 7 below.~~

If an Eligible Claimant accepts the terms of a settlement proposal contained in a Response Statement, the Eligible Claimant shall indicate his or her acceptance of the settlement proposal in writing by executing and returning the Settlement Agreement served by the Debtors with the Response Statement. If the agreed settlement amount (the "Settlement Amount") is greater than $5,000 the Eligible Claimant shall be deemed to hold an allowed, pre-petition general unsecured claim against the Debtor identified in the Proof of Claim in such Settlement Amount. For each Settlement Amount of $5,000 or less, the Eligible Claimant shall receive, in the Debtors' sole discretion, either (a) an allowed general unsecured non-priority claim against the applicable Debtor in the Settlement Amount or (b) an Authorized Payment. If any applicable Third Party Indemnitor has consented to the settlement proposal, the Third Party Indemnitor shall pay to the Eligible Claimant a sum equal to the lesser of the Settlement Amount or the available coverage.

D.    Exhaustion of Claim Resolution Procedure

An Eligible Claimant's service of a fully completed Questionnaire and Reply on the Debtors <u>and participation in Mediation or Arbitration</u> will constitute prima-facie evidence of good faith compliance with, and exhaustion of, the Claims Resolution Procedure by such Claimant. If an Eligible Claimant fails to <u>(i)</u> timely serve on the Debtors ~~(i)~~ a fully completed Questionnaire and ~~(ii)~~ a Reply or a request for Mediation or Arbitration, <u>or (ii)</u> ~~or otherwise does not~~ participate in the Claims Resolution Procedure<u>, including Mediation or Arbitration,</u> in good faith, the Debtors will have the right to seek disallowance and expungement of such Claimant's proof of claim with respect to the applicable Litigation Claim.

**4.    Judgment Claim Claimants**

For Claims of the Judgment Claim Claimants that the Debtors elect to submit to Mediation, on or after September 1, 2005, the Debtors will begin to contact each Judgment Claim Claimant by telephone to arrange for Mediation of such Claimant's Litigation Claim pursuant to Section 5 of this Claims Resolution Procedure. The Mediation process for all Litigation Claims held by Judgment Claim Claimants shall be concluded by November 30,

6

2005, unless the parties with respect to particular matters otherwise agree. If a settlement is not reached after exhaustion of the Mediation, then (a) the Judgment Claim Claimant and the Debtors may agree to binding Arbitration pursuant to Section 6 of this Claims Resolution Procedure or (b) the Judgment Claim Claimant may request modification of the Automatic Stay as provided for in Section 7 of this Claims Resolution Procedure.

**5.    Mediation Procedure.**

A.    Referral to Mediation

A Litigation Claim may be referred to Mediation as provided for in Sections 3 ~~and~~ or 4 of this Claims Resolution Procedure. Any such Claim shall be referred by the Debtors to the Mediation/Arbitration Organization, by submission of a Referral Notice, (i) on or before September 30, 2005, in the case of Judgment Claim Claimants, and (ii) ~~within 15 days~~ after receipt of an appropriate request by an Eligible Claimant in accordance with Section 3 of this Claims Resolution Procedure. The Debtors shall serve a copy of the Referral Notice on the Mediation/Arbitration Organization, the Eligible Claimant, and any Third Party Indemnitor to the extent notice of such an action is required under any applicable Insurance Policy. The Debtors shall make arrangements with the mediator for the payment of the Cost of Mediation and shall pay the Cost of Mediation as a post-petition administrative expense as allowed by order of the Bankruptcy Court, up to an aggregate cap of $1,400,000, which may be increased from time to time by agreement with the Creditors' Committee or order of the Bankruptcy Court.

B.    Appointment of Mediator

Upon referral of a Litigation Claim to mediation, the ~~Mediation/Arbitration Organization shall, within 30 days after the receipt of the Referral Notice, (i) appoint a mediator who is familiar with the laws which govern the Claim, and (ii) provide written notice to the Debtors and the Eligible Claimant of such appointment. Individual mediators shall provide written acknowledgment of their agreement to serve with the disclosure set forth in this paragraph. In particular, a~~ Debtors will provide written notice to the Eligible Claimant of the appointment of a mediator who is an attorney in good standing of the United States District Court for the Middle District of Florida and familiar with the laws which govern the Claim. A person may serve as a mediator only if (i) the person has the requisite experience or knowledge to act as a mediator of legal disputes; (ii) the person is an impartial and neutral person; (iii) the person has no financial or personal interest in the proceedings, or except where otherwise agreed by the parties, in any related matter; and (iv) the person, upon appointment, discloses any circumstances likely to create a reasonable inference of bias or prevent a prompt hearing or conference with the parties. If a party, ~~within 15 days after the disclosures required in this paragraph are sent,~~ in good faith, does not believe the mediator meets the requirements of this paragraph, such party may file a motion with the Court for the appointment of a new mediator, if the parties cannot otherwise agree on the appointment of a new mediator.

C.     Conduct of Mediation

The mediator shall handle all Litigation Claims in the order received by him or her or as directed by mutual agreement of the parties. In all cases, the procedures used by the mediators shall be reasonable and practical under the existing circumstances. Any party may be represented by legal counsel, although the participation of legal counsel shall not be required for the conduct of the mediation. The mediator shall meet with the parties or their representatives, individually and jointly, for a conference or series of conferences as determined by the mediator. The Eligible Claimant and the Debtors or their respective representatives must be present at the conference, unless the disputed portion of the Litigation Claim is $100,000 or less, in which case the parties may appear by telephone. Such conference shall be in the nature of a settlement conference and shall be conducted in Jacksonville, Florida, or such other place mutually agreeable to the Debtors and the Eligible Claimant or as designated by the mediator.

The mediator may review the Litigation Claim and the positions of the parties, the prior negotiations between the parties, all correspondence between the parties during the Offer-Exchange Process, if any, and such additional information as the parties may, in their discretion, wish to submit . The Eligible Claimant and Debtor shall each submit to the mediator a concise confidential statement outlining each party's position on settlement value. This confidential statement shall be deemed to be privileged as a compromise and settlement negotiation and shall not be disclosed to the other party.

The mediator shall work with both sides to reach a settlement of the Litigation Claim mutually acceptable to the Debtors and the Eligible Claimant. The mediator shall not have the authority to impose a settlement upon the parties. For all settlements reached pursuant to Mediation, the Debtors shall file with the Bankruptcy Court an Agreed Order of Resolution. If a Litigation Claim is settled for an amount exceeding $5,000, the Eligible Claimant will receive an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount, to be paid in accordance with the confirmed plan(s) of reorganization in these Chapter 11 cases. For Litigation Claims that are settled for $5,000 or less, the Eligible Claimant will receive, in the Debtors' sole discretion, either (i) an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount or (ii) an Authorized Payment.

6.     **Arbitration Procedure.**

A.     Referral to Arbitration

A Litigation Claim may be referred to Arbitration as provided for in Sections 3 and 4 of this Claims Resolution Procedure. Either party may request that the other party consent to binding arbitration proceedings, which request shall also serve as a consent by the requesting party. The non-requesting party must send notice to the requesting party within 15 days of the mailing date of the request for arbitration that the non-requesting party consents to binding arbitration. The Debtors shall send notice of such Arbitration to any Third Party Indemnitor to the extent notice of such an action is required under the applicable Insurance

8

Policy. The Litigation Claim shall be submitted for arbitration within 60 days of the mailing date of the request for arbitration if the non-requesting party consents to binding arbitration. At the time the non-requesting party consents in writing to binding arbitration, neither party can thereafter unilaterally terminate such proceedings.

B.    Appointment of Arbitrator

Upon a submission for binding arbitration, the ~~Mediation/Arbitration Organization~~ Debtors and the Eligible Claimant shall by agreement, within 30 days after receipt of the referral to binding arbitration, ~~(i)~~ appoint an arbitrator to conduct arbitration proceedings as hereinafter set forth ~~and (ii) provide notice to the Debtors and the Eligible Claimant of such appointment~~. Absent an agreement, the Bankruptcy Court will appoint an arbitrator upon motion of any party in interest. Individual arbitrators shall provide written acknowledgment of their agreement to serve to the Debtors and the Eligible Claimant. Such proceedings shall be commenced, to the extent practicable, not later than 30 days after the date the arbitrator provides written acknowledgment to all parties.

C.    Conduct of Arbitration

~~All binding arbitration proceedings shall be administered by the Mediation/Arbitration Organization. The same Mediation/Arbitration Organization may be used for both Mediation and Arbitration proceedings. Arbitrators who are not otherwise selected shall be appointed to particular matters by the Mediation/Arbitration Organization pursuant to its rules and procedures; provided, however, that a~~ A person may serve as an arbitrator only if the person is (i) impartial and neutral; (ii) has no financial or personal interest in the proceedings or, except as otherwise agreed by the parties, in any related matter; (iii) the person shall not have served as the mediator of the Litigation Claim subject to the binding arbitration proceedings; and (iv) upon accepting an appointment, the person discloses any circumstances likely to create a reasonable inference of bias or prevent a prompt hearing or conference with the parties.

The arbitration shall be conducted in accordance with applicable law and shall be governed by the Federal Arbitration Act, Title 9, United States Code. Except as otherwise provided by the Claims Resolution Procedure, and unless otherwise agreed by the parties, the arbitration shall be conducted pursuant to the dispute resolution procedures for commercial, insurance or employment claims of the American Arbitration Association, as currently in effect and appropriate.

D.    Cost of Arbitration

The Cost of Arbitration will be shared equally by the Debtors and the Eligible Claimant, provided however, that the arbitrator may in his or her sole discretion assess the entire Cost of Arbitration against any party delaying or abusing the arbitration proceedings. The Debtors and the Eligible Claimant shall each make arrangements with the arbitrator for (i) the payment of one half of their portion of the Cost of Arbitration; and (ii) the payment of

9

the balance within 30 days of the date of determination of the binding arbitration proceedings.

### E.    Arbitration Award

The amount of the award set by the arbitrator shall be binding and shall be within the discretion of the arbitrator, but in no event shall the amount of the award (i) exceed the lower of (x) the claimed amount of the Litigation Claim as shown on the Claimant's Questionnaire or (y) as shown on the Claimant's Proof of Claim, or (ii) be less than the undisputed portion of the Claim. Neither party shall have the right to appeal the award except on the grounds set forth in the Federal Arbitration Act. There will be no right to a trial de novo.

### 7.    Stay Relief.

#### A.    Lift Stay Motion

If an Eligible Claimant has otherwise complied in good faith with, and exhausted the Claims Resolution Procedure, it may apply for relief from the Automatic Stay to pursue litigation of its Litigation Claim in an appropriate forum.

#### B.    Exhaustion of Claim Resolution Procedure

No motion seeking relief from the Automatic Stay with respect to a Litigation Claim will be granted unless the Eligible Claimant has (i) ~~timely~~ timely served on the Debtors ~~(i)~~ a fully completed Questionnaire and ~~(ii)~~ a Reply or requested for Mediation or Arbitration, and (ii) participated in the Claims Resolution Procedure, including Mediation or Arbitration, in good faith. To the extent an Eligible Claimant files a lift stay motion without complying with the foregoing conditions, the Bankruptcy Court shall deny the motion, without prejudice to its renewal after the Claims Resolution Procedures are exhausted.

#### C.    Objection by the Debtors

The Debtors shall have the right to object to any lift stay motion on the grounds that the Eligible Claimant has failed to comply with the foregoing conditions of the Claims Resolution Procedure. Any other party in interest with standing, including the Creditors' Committee and any Third-Party Indemnitor, shall have the right to object; provided that nothing in the Claims Resolution Procedure shall be deemed to grant them standing.

### 8.    Civil Litigation.

If the Eligible Claimant has complied in good faith with this Claims Resolution Procedure, then any Eligible Claimant may pursue his or her Litigation Claim against the Debtors in accordance with normal litigation rules and procedures after the Automatic Stay is lifted. In any proceeding before any court, the Debtors shall have and may assert any or all of their legal and equitable rights to object to or otherwise contest the Litigation Claim. An Eligible Claimant shall not, however, be able to enforce or execute against the Debtors any

10

judgment obtained as a result of such litigation. Nothing contained herein shall be construed to relieve an Eligible Claimant of any obligation imposed by applicable non-bankruptcy law to exhaust administrative, alternative dispute resolution or other procedures applicable to such Claimants' Litigation Claims.

**9.    Settlement and Court Approval.**

At any time during the administration of this Claims Resolution Procedure, even during litigation, the Debtors (and the Third Party Indemnitor, if applicable) shall have the authority to agree to a settlement with the Eligible Claimant, subject to the approval of the Bankruptcy Court as provided below.

A.    Claims of $50,001 or more.

All settlements for $50,001 or more, but less than $250,000, shall be subject to Bankruptcy Court approval pursuant to an Agreed Order of Resolution entered upon 20 days' notice to all Notice Parties of a Notice of Agreed Order of Resolution, without motion. If a written objection to any such settlement is not interposed during the 20-day notice period, the Bankruptcy Court may approve the settlement and enter the Agreed Order of Resolution without further notice or hearing.

Additionally, for any settlement equal to or greater than $250,000, the Debtors shall provide notice to the Creditors' Committee 5 business days prior to the filing of a motion seeking approval of such settlement, which motion shall be served upon all Notice Parties at least 20 days prior to the hearing on such motion. Upon approval of the motion, the Bankruptcy Court shall enter an Agreed Order of Resolution.

B.    Claims of $50,000 or less.

The Debtors (and the Third Party Indemnitor, if applicable) may settle claims of $50,000 or less without prior notice to any party or approval by the Bankruptcy Court, provided that the Debtors shall file with the Bankruptcy Court and serve upon the Creditors' Committee a quarterly report of all such settlements. The Debtors may submit, without motion or notice, an Agreed Order of Resolution to the Bankruptcy Court to evidence any such pre-authorized settlements.

C.    Payment and Allowance of Claims

For all Litigation Claims settled for $5,001 or more the Eligible Claimant will receive an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount. All such settlements shall be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

11

For Litigation Claims that are settled for $5,000 or less, the Eligible Claimant will receive, in the Debtors' sole discretion, either (i) an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount or (ii) an Authorized Payment.

## 10.    Application of Automatic Stay.

The Insurance Policies issued by the Insurers are for the purposes of this Claims Resolution Procedure deemed to be property of the estate of the Debtors. No person or entity shall be allowed to assert any Litigation Claim against such Insurance Policies or against the Debtors or any of their assets unless they have first complied with this Claims Resolution Procedure.

## 11.    Waiver of Claims Resolution Procedure.

The Debtors, in their sole discretion, may (i) agree to waive and/or extend the deadlines set forth herein for the filing of the Questionnaire and/or Reply or (ii) exclude any person from participation in the Claims Resolution Procedure at any time (except a Claimant who has entered into a binding arbitration with the Debtors). In addition, nothing herein shall preclude the Debtors from submitting a stipulation agreeing to lift, modify or annul the Automatic Stay, upon such notice as required under the Bankruptcy Code and Bankruptcy Rules.

## 12.    Notice.

Whenever notice is required to be given under this Claims Resolution Procedure, it shall be given in the manner provided in the relevant section, by first class mail, postage prepaid, as follows:

If to the Debtors:

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, Florida 32254
Attn: Jay F. Castle, Esq.

If to Counsel for the Debtors:

Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
Attn: James H. Post, Esq.

## 13.    Insurers.

Nothing in this Claims Resolution Procedure shall be construed to alter the rights or obligations of any Insurer of the Debtors. In all instances where an Insurer has a right to receive notice, participate in the resolution of a Litigation Claim, or decide upon or approve the resolution of a Litigation Claim, that right is preserved. Nothing in this Claims Resolution Procedure shall be construed to authorize the Debtors to act on behalf of or as an

12

agent for any Insurer of the Debtors. However, the Mediation/Arbitration Organization shall have the authority, without further order of the Bankruptcy Court, to direct the attendance, at any Mediation or Arbitration, of a representative of the applicable Third Party Indemnitor or Insurer, if any, with authority to settle and pay any settlement reached or award entered.

[End of Claim Resolution Procedure]

527073

13

**F.**

Claimant ID: WDX-392157-L1
FERNANDEZ, YRMA
C/O SIMON SCHINDLER & SANDBERG, LLP
ATTN ANTHONY V FALZON, ESQ
2650 BISCAYNE BLVD
MIAMI FL 33137

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

## NOTICE OF DEBTORS' OMNIBUS OBJECTION
## TO UNRESOLVED LITIGATION CLAIMS

| CLAIM(S) SUBJECT TO OBJECTION | |
|---|---|
| **Claim No.:** 11824 | **Claim Amount:** $8,000.00 |

1.      PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed on June 22, 2006 their Omnibus Objection to Unresolved Litigation Claims (the "Objection") with the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

2.      The Objection constitutes notice that the Debtors have objected to and dispute one or more of your claims listed above under CLAIM(S) SUBJECT TO OBJECTION because the Debtors (a) contest the legal basis of each claim and (b) dispute the amount of each claim. In addition, the Debtors may also object to your claim based upon one more of the following grounds: (i) claims which are not supported by legally sufficient documentation; (ii) claims which were not filed prior to the applicable proof of claim bar date; (iii) claims which are required to be reclassified as unsecured; (iv) claims which appear to be duplicative of other claims filed against the Debtors; (v) claims which appear to have been amended and superseded by later filed claims; and/or (vi) claims which have been settled or withdrawn.

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

3.     The Objection is being made at this time only to confirm that your claims listed above under CLAIM(S) SUBJECT TO OBJECTION have been objected to and are in dispute at this time.

**4.     This Objection does NOT require you to file any response or attend any hearing at this time. NO hearing has been noticed or scheduled on the Objection at this time.**

5.     The Debtors will continue to utilize the Claims Resolution Procedures, including the mediation procedures authorized by the Bankruptcy Court, to settle or liquidate the Unresolved Litigation Claims. The Debtors reserve the right, however, to prosecute one or more of the objections at such time that the Debtors deem appropriate. Therefore, in the future, you may receive a separate notice of hearing to adjudicate one or more of the objections against you and you will be given an opportunity to respond to such objection at such time.

6.     You may disregard this Notice and the Objection **IF** your litigation claim has already been resolved by the entry of an Agreed Order through the Claims Resolution Procedure.

7.     In addition to the reasons set forth above for the Objection to your claim, the Debtors may seek to object to your claim(s) on other grounds (or to any other claims that you have filed) at a later date. In addition, to the extent determinable, the Debtors may seek to modify the Debtor against which your claim was filed in order to reflect that the claim is filed against the Debtor believed to be potentially liable for the amounts asserted in the claim. You will receive a separate notice of any additional objections the Debtors seek to assert and you will be given an opportunity to respond to those objections at such time.

8.     The Debtors reserve their rights with respect to any potential preference and avoidance actions under chapter 5 of the Bankruptcy Code.

9.     **If you have any questions regarding the Notice or the Objection to your claim(s), you may contact Tana Copeland of Smith Hulsey & Busey at (904) 359-7850 or tcopeland@smithhulsey.com.** A copy of the Objection and/or your proof of claim can be obtained, without charge, from the Debtors' claim agent's website: www.loganandco.com, or if you do not have access to a computer, from Smith Hulsey & Busey, at the Debtors' expense, by calling the number listed above.

Dated:     June 22, 2006

SMITH HULSEY & BUSEY

By____ /s/ James H. Post _____
        Stephen D. Busey
        James H. Post, F.B.N. 175460
        Cynthia C. Jackson

225 Water Street, Suite 1800
Jacksonville, Florida 32202


Co-counsel for Debtors

**G.**

**Anthony Falzon**

| | |
|---|---|
| **From:** | Mellissa Moyers [mmoyers@smithhulsey.com] on behalf of David L. Gay [dgay@smithhulsey.com] |
| **Sent:** | Friday, August 18, 2006 3:19 PM |
| **To:** | avfmt@yahoo.com |
| **Subject:** | Yrma Fernandez |

The August 28, 2006 hearing on Winn-Dixie's Omnibus Objection to Unresolved Litigation Claims will be continued as to the claim on which we received a response to the objection from you.

We will be rescheduling a hearing on the objection to the claim in the near future unless (i) the parties agree to settle the claim or (ii) if the claim was objected to based upon insufficient documentation, you contact the Sedgwick adjuster handling the claim and provide the adjuster with the documentation needed to substantiate the claim.

Thank you,

David L. Gay
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.