Hearing Date:    September 14, 2006, 1:30 p.m.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re ) | Case No.: 3:05-bk-03817-JAF |
| Winn-Dixie Stores, Inc., et. al., ) | Chapter 11 |
| Debtors.[1] ) | Jointly Administered |

**DEBTORS' CONSENT MOTION FOR PROTECTIVE ORDER**
**GOVERNING DEBTORS' CONFIDENTIAL INFORMATION**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court pursuant to Rules 7026(c) and 9018 for a protective order governing Debtors' confidential commercial information that claimant Visagent Corporation seeks to discover from Debtors, and in support says:

1.    Visagent Corporation served Debtors with document requests seeking documents regarding Debtors' purchases and sales of goods on the secondary market. These documents identify who Winn-Dixie made which transactions with and at what prices.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. A protective order governing the confidentiality of the Debtors' commercial information is in the best interest of the Debtors and will help expedite discovery relating to Visagent Corporation's claim.

3. Visagent has consented to the entry of the attached, proposed protective order.

Dated this 7th day of September, 2006.

        SKADDEN, ARPS, SLATE,
        MEAGHER & FLOM LLP
        D.J. Baker
        Sally McDonald Henry
        Rosalie W. Gray
        Four Times Square
        New York, New York 10036
        (212) 735-3000
        (212) 735-2000 (facsimile)
        djbaker@skadden.com

        and

        SMITH HULSEY & BUSEY

        By   /s/ David L. Gay
            Stephen D. Busey
            James A. Bolling
            David L. Gay

        Florida Bar Number 893221
        225 Water Street, Suite 1800
        Jacksonville, Florida 32202
        (904) 359-7700
        (904) 359-7708 (facsimile)
        dgay@smithhulsey.com

        Co-counsel for Debtors

00541978

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re | Case No.: 3:05-bk-03817-JAF |
| Winn-Dixie Stores, Inc., et. al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

These cases are before the Court upon the Debtors' motion for a protective order governing Debtors' confidential commercial information (the "Motion"). The Motion having come before the Court for hearing upon good and adequate notice, and the Court finding good cause for entering a protective order as requested by the Motion, it is

ORDERED:

1. "Confidential Information" means information that the producing Party in good faith believes constitutes or contains non-public, confidential or proprietary information, which is provided or produced from and after the date this Order is entered on the Court's docket.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. A Party producing or providing Confidential Information contained in documents shall affix to each page a "Confidential" legend. A Party may designate other forms of information as containing Confidential Information by so specifying in writing to the receiving Party. The failure to designate material as "Confidential Information" at the time of production or dissemination may be remedied by supplemental written notice from the producing Party to the receiving Party and shall not be considered a waiver of confidential treatment under this Order.

3. A Party receiving Confidential Information shall use it solely for the purpose of contested matters and adversary proceedings in the Chapter 11 Cases and shall not disclose Confidential Information to any third party, or use it for any other purpose, except in accordance with the terms of this Order. All Confidential Information provided or produced in accordance with this Order shall be retained in the custody of counsel for the receiving Party, except that experts, advisors, professionals or other persons authorized to receive Confidential Information hereunder may have custody of such copies as are necessary for their participation in the Chapter 11 Cases.

4. Notwithstanding the provisions of paragraph 3, a receiving Party may disclose Confidential Information:

    (a) to experts or advisors retained in a consulting or testifying role in connection with the Chapter 11 Cases; <u>provided</u>, that any such expert or advisor who receives Confidential Information shall be bound by the terms and conditions of this Order;

    (b) to the Court in the course of any contested matter or adversary proceeding in the Bankruptcy Cases; or

    (c) in accordance with paragraph 5

  5. In the event a Party (i) receives a subpoena, interrogatory, or other request for Confidential Information or (ii) reasonably believes that it is legally required to disclose any of the Confidential Information to a governmental or other regulatory body to whose jurisdiction it reasonably believes it is subject, the receiving Party shall promptly provide the producing Party with written notice of any such request or requirement so that the producing Party may timely seek, at its expense, a protective order or other appropriate remedy, and the receiving Party shall not disclose Confidential Information until the producing Party's objections to disclosure have been resolved unless required to do so by order of a court of competent jurisdiction or governmental or other regulatory body.

  6. The Parties agree that money damages may not be a sufficient remedy for any breach of this Order and that a producing Party may be irreparably harmed in the event of such a breach. Without prejudice to any other remedies or money damages to which they may be entitled, the Parties shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any breach of this Order.

  7. Each Party shall remain bound by the terms of this Order until the later of (i) the earlier of the date of entry of an order which is no longer subject to appeal, reconsideration, or reargument, (a) confirming a chapter 11 plan in the Chapter 11 Cases or (b) converting the Chapter 11 Cases to cases under chapter 7

of the Bankruptcy Code, or (ii) conclusion of contested matters and adversarial proceedings between the parties, (the "Termination Date").  Upon the Termination Date, each Party shall return all Confidential Information to the producing Party or shall certify in writing that all documents containing Confidential Information have been destroyed.

8. It is understood and agreed that no failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.  The agreements set forth herein may only be waived or modified by an agreement in writing signed by or on behalf of the Parties hereto.

9. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

10. Except as otherwise provided herein, all notices and other communications required under this Order shall be in writing and shall become effective when delivered by hand, electronic mail, facsimile (if confirmed by telephone), or overnight courier service, addressed as set forth below or to such other addresses as may be hereafter designated in writing by either Party to the other.

11. Nothing herein shall prevent a Party from using its own Confidential Information as it deems necessary and/or appropriate or from seeking further

protection with respect to the use of such material.  Any such action shall not be deemed a breach or waiver of the producing Party's obligations under this Order.

12. Provision of any documentation pursuant to the terms of this Order shall neither constitute nor be deemed to be a waiver of any work product privilege, attorney client privilege, or other comparable privileges for any purpose in connection with the Chapter 11 Cases, and nothing in this Order or otherwise shall require disclosure of any material which counsel for any Party is protected from disclosure by the attorney-client privilege, work-product doctrine immunity or any other legally recognized privilege. This Order shall prohibit and bar any Party, person or entity from asserting that the act of disclosure of Confidential Information has in any way mitigated or waived any attorney-client privilege, work-product doctrine or other applicable privileges or protections with respect to the Confidential Information or otherwise.

14. The inadvertent disclosure of any document or information during discovery in this matter shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, work-product doctrine or any other legally recognized privilege or immunity from discovery, and no Party shall be held to have waived any rights by such inadvertent production.  Upon request by the inadvertently producing party, the receiving Party shall (a) return the

original and all copies of such documents and (b) shall not use such information for any purpose unless allowed by order of the Court.

DATED in Jacksonville, Florida this _____ day of September, 2006.

_____
Jerry A. Funk
United States Bankruptcy Judge

The undersigned on behalf of and as authorized by their respective clients hereby stipulate to entry of this Order.

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>D.J. Baker<br>Sally McDonald Henry<br>Rosalie W. Gray<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com<br><br>and<br><br>SMITH HULSEY & BUSEY<br><br>By   /s/ David L. Gay<br>    Stephen D. Busey<br>    James A. Bolling<br>    David L. Gay<br><br>Florida Bar Number 893221<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>dgay@smithhulsey.com<br><br>Co-Attorneys for Debtors | GUY BENNETT RUBIN, ESQUIRE<br>Florida Bar No.: 691305<br>Rubin & Rubin<br>P.O. Box 395<br>Stuart, FL 34995<br>(772) 283-2004<br>(772) 283-2009 (facsimile)<br>guy.rubin@rubinandrubin.com<br><br>Co-Counsel for Visagent Corp.<br><br>and<br><br> /s/ Paul M. Harden*<br>PAUL M. HARDEN, ESQUIRE<br>Florida Bar No.: 129557<br>1301 Riverplace Blvd<br>Suite 2601<br>Jacksonville Florida 32207<br>(904)396-5731<br>(904)399-5461 (facsimile)<br>paul_harden@bellsouth.net<br><br>Co-Counsel for Visagent Corp.<br><br>*Counsel has authorized his electronic signature. |

00541983