# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

**WINN-DIXIE STORES, INC., et al.,**

Debtors.[1]

Chapter 11

Case No. 05-03817-3F1

(Jointly Administered)

## CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1. I am of legal age and I am not a party to this action.

2. I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3. On or about August 25, 2006 I caused copies of:

- the **Notice of Hearing**
- the **Debtors' Third Omnibus Motion For Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts**

    to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served Notice and Order as listed above is attached hereto as Exhibit B.

Dated: September 7, 2006

_____
Kathleen M. Logan

---

[1]  In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

# EXHIBIT A
# SERVICE LIST

SERVICE LIST
Notice of Hearing
Debtors' Third Omnibus Motion For Order Authorizing
Assumption of Executory Contracts and Unexpired
Leases and Cure Amounts

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                                      **CASE:   05-03817-3F1**

| | | |
|---|---|---|
| CREDITOR ID: 534412-EF<br>AAA PARKING<br>PO BOX 3551<br>SARASOTA FL 34230 | CREDITOR ID: 534413-EF<br>ACADIAN LANDSCAPING<br>PO BOX 2246<br>KENNER LA 70062 | CREDITOR ID: 534414-EF<br>ADVANCED RXCARE<br>1112 I STREET, SUITE 100 SACRAMENTO CA<br>SACRAMENTO CA 95814-9624 |
| CREDITOR ID: 534415-EF<br>ADVANCED RXCARE<br>911 NW 209TH AVENUE, SUITE 111<br>PEMBROKE PINES FL 33029 | CREDITOR ID: 534416-EF<br>AJILON CONSULTING<br>10150 DEERWOOD PARK BLVD., BUILDING 400, SUITE 220<br>JACKSONVILLE FL 32256 | CREDITOR ID: 534417-EF<br>ALASCRIPT / HEALTH PARTNERS OF ALABAMA<br>FKA ALASCRIPT C/O EXPRESS SCRIPTS<br>13900 RIVERPORT DRIVE, STL 10N<br>ST. LOUIS MO 63043-4804 |
| CREDITOR ID: 534418-EF<br>ALL CLEAN SWEEPING SERVICES, INC.<br>2525 ROSE SPRING DRIVE<br>ORLANDO FL 32825 | CREDITOR ID: 534419-EF<br>ALPHA SCRIPT INC<br>4222 E. CAMELBACK ROAD, SUITE H260<br>PHOENIX AR 85018-2774 | CREDITOR ID: 534420-EF<br>ALUMINUM COMPANY OF AMERICA<br>ALCOA CORPORATE CENTER<br>201 ISABELLA STREET<br>PITTSBURGH PA 15212-5858 |
| CREDITOR ID: 534421-EF<br>AMBIRON, LLC<br>120 N. LASALLE STREET, SUITE 1250<br>CHICAGO IL 60602 | CREDITOR ID: 534422-EF<br>AQUATIC SYSTEMS INC.<br>426 SW 12TH AVE<br>DEERFIELD BEACH FL 33442 | CREDITOR ID: 534423-EF<br>ATEB<br>4501 ATLANTIC AVE. SUITE 110<br>RALEIGH NC 27360 |
| CREDITOR ID: 534424-EF<br>AXSA<br>4673 OAK FAIR BLVD.<br>TAMPA FL 33610 | CREDITOR ID: 534425-EF<br>BCBS OF WYOMING<br>PO BOX 2266<br>CHEYENNE WY 82003 | CREDITOR ID: 534426-EF<br>BEA SYSTEMS<br>7074 COLLECTION CENTER DRIVE<br>CHICAGO IL 60693 |
| CREDITOR ID: 534427-EF<br>BENEFIT ADVANTAGE RX NETWORK<br>39155 S CARSON STREET<br>PBM 422<br>CARSON CITY NV 89701 | CREDITOR ID: 534428-EF<br>CITICORP SERVICES INC.<br>8430 WEST BRYN MAWR AVENUE<br>CHICAGO IL 60631 | CREDITOR ID: 534429-EF<br>COMSYS AKA VENTURI<br>9428 BAYMEADOWS RD. SUITE 500<br>JACKSONVILLE FL 32256 |
| CREDITOR ID: 534430-EF<br>DELL<br>ONE DELL WAY<br>ROUND ROCK TX 78682 | CREDITOR ID: 534431-EF<br>DENNIS HANLEY<br>28675 SETTLERS LANE<br>PEPPER PIKE OH 44124-4570 | CREDITOR ID: 534433-EF<br>EFUNDS CORPORATION<br>GAINEY SUITES II<br>8501 N. SCOTTSDALE ROAD<br>SCOTTSDALE AZ 85253-3750 |
| CREDITOR ID: 534432-EF<br>EFUNDS CORPORATION<br>FKA DELUXE ELECTRONIC PAYMENT SYSTEMS, INC.<br>11100 WEST LIBERTY DRIVE, SUITE 100<br>MILWAUKEE WI 53224 | CREDITOR ID: 534434-EF<br>HEALTH TRANS<br>6061 SOUTH WILLOW DRIVE, SUITE 125<br>GREENWOOD VILLAGE CO 80111 | CREDITOR ID: 534435-EF<br>HI-CONE DIVISION/ILLINOIS TOOL WORKS, INC.<br>PO BOX 92776, CHICAGO<br>CHICAGO IL 60675 |
| CREDITOR ID: 534436-EF<br>MANUGISTICS, INC.<br>9715 KEY WEST AVE.<br>ROCKVILLE MD 20850 | CREDITOR ID: 534437-EF<br>MARS STOUT<br>PO BOX 8026<br>MISSOULA MT 59807 | CREDITOR ID: 534438-EF<br>NEWS AMERICA MARKETING (NAMIS)<br>1211 AVENUE OF THE AMERICAS<br>NEW YORK NY 10036 |

SERVICE LIST
Notice of Hearing
Debtors' Third Omnibus Motion For Order Authorizing
Assumption of Executory Contracts and Unexpired
Leases and Cure Amounts

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                    **CASE:  05-03817-3F1**

CREDITOR ID: 534439-EF
OLD DOMINION FREIGHT LINE INC.
500 OLD DOMINION WAY
THOMASVILLE NC 27360

CREDITOR ID: 534440-EF
PSR CONNECT, INC.
9755 DOGWOOD RD. SUITE 250
ROSWELL GA 30075

CREDITOR ID: 534441-EF
STAFFING TECHNOLOGIES
11625 RAINWATER DRIVE, SUITE 300
ALPHARETTA GA 30004

CREDITOR ID: 534442-EF
TALX CORP.
1850 BROMAN COURT
ST. LOUIS MO 63146

CREDITOR ID: 534443-EF
TALX CORP.
PO BOX 790051
ST LOUIS MO 63179

CREDITOR ID: 534444-EF
TECHNOLOGY SOLUTIONS
731 11TH AVE. SOUTH
JACKSONVILLE BEACH FL 32250

CREDITOR ID: 534445-EF
TELE ATLAS SOFTWARE
1605 ADAMS COURT
MENLO PARK CA 94025

CREDITOR ID: 534446-EF
THE HARTFORD
HARTFORD FINANCIAL PRODUCTS
2 PARK AVENUE, 5TH FLOOR
NEW YORK NY 10016

CREDITOR ID: 534447-EF
TONE BROTHERS, INC.
PO BOX 402899
ATLANTA GA 30384-2899

CREDITOR ID: 534448-EF
UNISYS-DEPT. OF HEALTH & HOSPITALS
8591 UNITED PLAZA BLVD, SUITE 300
BATON ROUGE LA 70898

**Total:   37**

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

### NOTICE OF HEARING

TO PARTIES IN INTEREST:

PLEASE TAKE NOTICE that a hearing is scheduled for **September 14, 2006 at 1:30 p.m. (prevailing Eastern Time)**, before the Honorable Jerry A. Funk, United States Bankruptcy Judge for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida 32202, to consider the Debtors' Third Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts.

Only objections filed and served on D. J. Baker at djbaker@skadden.com, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 and Cynthia C. Jackson at cjackson@smithhulsey.com, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida  32202 so as to be received by **4:00 p.m. (prevailing Eastern Time) on September 7, 2006** will be considered by the Bankruptcy Court at the hearing.

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

Dated: August 25, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP

By ___/s/ D. J. Baker_____
    D. J. Baker
    Sally McDonald Henry
    Rosalie Walker Gray
    David M. Turetsky
Four Times Square
New York, New York 10036
(212) 735-3000
(917) 777-2150 (facsimile)

Co-Counsel for the Debtors

SMITH HULSEY & BUSEY

By ___/s/ Cynthia C. Jackson_____
    Stephen D. Busey
    James H. Post
    Cynthia C. Jackson
    Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Co-Counsel for the Debtors

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Debtors.[1] ) | Jointly Administered |

## DEBTORS' THIRD OMNIBUS MOTION FOR ORDER AUTHORIZING ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND FIXING CURE AMOUNTS

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 authorizing and approving the assumption of the prepetition contracts and leases set forth on the attached Exhibit A (the "Contracts"), effective as of the effective date of the Debtors' proposed plan of reorganization (the "Effective Date"), and fixing the cure amount for each of the Contracts as set forth on Exhibit A (the "Motion"). In support of the Motion, the Debtors state as follows:

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      On June 29, 2006, the Debtors filed a proposed Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors  (the "Disclosure Statement"), together with a proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").  The Disclosure Statement was approved by Order of the Court dated August 4, 2006.  The hearing to consider confirmation of the Plan is scheduled to commence on October 13, 2006.

5.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.      The statutory predicates for the relief requested by this Motion are sections 105(a) and 365 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2

### Relief Requested

7.      By this Motion, the Debtors seek an order of the Court, pursuant to sections 105(a) and 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules, approving the assumption of the Contracts as of the Effective Date and fixing the cure amount for each of the Contracts.  If there is no Effective Date, the Contracts will not be assumed by the Debtors and no payments will be made on such cure amounts.

8.      To the extent that they are in default under the Contracts, assumption of the Contracts will require that the Debtors satisfy section 365(b) of the Bankruptcy Code by paying the applicable non-Debtor counter parties to the Contracts (the "Counter Parties") a cure amount. Included in Exhibit A to this Motion are the respective cure amounts that the Debtors believe are owed to the Counter Parties with respect to the Contracts (the "Proposed Cure Amounts").

9.      The Debtors seek certainty as to the Proposed Cure Amounts.  Therefore, to the extent that a Counter Party disputes the Proposed Cure Amount or otherwise objects to the Motion, the Counter Party must file an objection with the Court and serve the objection on the Debtors on or before September 7, 2006 (the "Objection Deadline").  In the absence of a timely objection, the Counter Party will be deemed to have consented to the assumption of the Contract and the Proposed Cure, will be barred from asserting a larger claim for cure, and will be deemed to have waived all claims under the Contract against the Debtors other than the Proposed Cure Amount.

10.     If a Counter Party asserts a cure amount that is higher than the Proposed Cure Amount, or for any other reason, the Debtors reserve the right, in their discretion, prior to the entry of an order approving this Motion, to withdraw any Contract from Exhibit A, and to alternatively seek by separate motion to reject or otherwise dispose of such Contract.

3

**Basis for Relief**

11.    As part of their restructuring, the Debtors have undertaken a comprehensive review and analysis of each of the Contracts, together with the consequences and costs of assumption or rejection.  Based upon this analysis, including the anticipated cost reflected by the Proposed Cure Amount, the Debtors have at this time determined that assumption of the Contracts is in the best interests of the Debtors and their estates.  The Contracts are for goods and services that are used in the operation of the Debtors' businesses.  Assumption will allow the Debtors to realize the benefits of the Contracts.

12.    To the extent that there has been a default under the Contracts, the Debtors represent that the requirements of section 365(b) of the Bankruptcy Code will be satisfied through (a) payment of the Proposed Cure Amount, which will cure such default and compensate the applicable Counter Party for any actual pecuniary loss resulting from such default and (b) the Debtors' continuing business operations, which will provide adequate assurance of future performance under the Contracts.

**Applicable Authority**

13.    Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365.  "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'"  Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

14.    A debtor's decision to assume or reject a contract or unexpired lease is subject to review under the business judgment standard.  See Byrd v. Gardinier, Inc. (In re Gardinier), 831

4

F.2d 974, 975 n.2 (11th Cir. 1987); In re Orion Pictures Corp., 4 F.3d at 1098-99.  Under this

standard, the debtor's assumption of a contract or lease is appropriate if it will benefit the estate.

See Westshire, Inc. v. Trident Shipworks, Inc., 247 B.R. 856 (M.D. Fla. 2000).  Upon finding that a

debtor has exercised its sound business judgment in determining that assumption of a particular

executory contract is in the best interests of the debtor's estate, the bankruptcy court should approve

assumption under section 365(a) of the Bankruptcy Code.  See In re Gucci, 193 B.R. 411, 415-17

(S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon

determining that assumption "was in the best interest of the estate"); Blue Cross Blue Shield of

Conn. v. Gurski (In re Gurski), Nos. 94-51202 & 3:95CV1883, 1996 WL 684397, at *2 (D. Conn.

Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial

to the debtor such that the debtor could assume them under section 365(a)).  In the case of

assumption, "[t]he § 365 election permits a trustee to … continue performance on a contract which

will benefit the estate." In re Diamond Mfg. Co., 164 B.R. 189 (Bankr. S.D. Ga. 1994) (citing In re

Brada Miller Freight Sys., Inc., 702 F.2d 890, 893-894 (11th Cir. 1983)).  The Debtors respectfully

submit that, as described in paragraph 11 above, they have satisfied the business judgment standard

for assuming the Contracts.

      15.    The Debtors recognize that as to those Contracts as to which a default has

occurred, section 365(b) of the Bankruptcy Code imposes an obligation upon the Debtors to (a) cure

or provide adequate assurance to the Counter Party to such Contract that the Debtors will cure such

default, (b) compensate or provide adequate assurance that the Debtors will promptly compensate

the Counter Party to such Contract for any actual pecuniary loss to such Counter Party resulting

from such default, and (c) provide adequate assurance of future performance under such Contract.

As set forth in paragraph 12 above above, these obligations are satisfied.

5

## Notice

16.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Counter Parties.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B (a) authorizing and approving the assumption of the Contracts effective as of Effective Date and (b) fixing the costs of assumption at the Proposed Cure Amounts set forth on Exhibit A and (ii) grant such other and further relief as the Court deems just and proper.

Dated:  August 25, 2006.

SKADDEN, ARPS, SLATE, MEAGHER            SMITH HULSEY & BUSEY
& FLOM LLP

By    _s/ D. J. Baker_            By    _s/ Cynthia C. Jackson_
      D. J. Baker                        Stephen D. Busey
      Sally McDonald Henry               James H. Post
      Rosalie Walker Gray                Cynthia C. Jackson,
      David M. Turetsky                   Florida Bar Number 498882
Four Times Square                  225 Water Street, Suite 1800
New York, New York 10036           Jacksonville, Florida  32202
(212) 735-3000                     (904) 359-7700
(212) 735-2000 (facsimile)         (904) 359-7708 (facsimile)
djbaker@skadden.com                cjackson@smithhulsey.com

Co-Counsel for the Debtors         Co-Counsel for the Debtors

**<u>Exhibit A</u>**

Exhibit B

Contracts for Assumption

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure Amount | Claim No. (Amount of Claim) | Comment |
|---|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | 604, 630, 668 | Maintenance Agreement - Store | | AAA Parking | PO Box 3551 Sarasota FL, 34230 | SWEEPING | $0.00 | # 30037 ($2,045) | Claim paid |
| Winn-Dixie Stores, Inc. | 1329, 1403, 1404, 1408, 1411, 1412, 1417, 1418, 14,19, 1425, 1437, 1439, 1449, 1461, 1463, 1467, 1502, 1504, 1512, 1577 | Maintenance Agreement - Store | | Acadian Landscaping | P.O. BOX 2246 KENNER LA, 70062 | LANDSCAPING | $0.00 | # 33174 ($13879.35) | Claim paid |
| Winn-Dixie Stores, Inc. | | Pharmacy Third Party Insurance | ARX | ADVANCED RXCARE | 911 NW 209th Avenue, Suite 111 Pembroke Pines FL, 33029, 1112 I Street, Suite 100 Sacramento CA, 95814-9624 | Prescription Benefit Contract | $0.00 | | |
| Winn-Dixie Stores, Inc. | | IT - Consulting Agreement | MSA | Ajilon Consulting | 10150 Deerwood Park Blvd. Building 400, Suite 220 Jacksonville, FL 32256 | Consulting Master Service Agreement | $0.00 | # 30073 ($26,249.58) | Claim paid |
| Winn-Dixie Stores, Inc. | | Pharmacy Third Party Insurance | | ALASCRIPT / Health Partners of Alabama | Health Partners of Alabama f/k/a Alascript c/o Express Scripts 13900 Riverport Drive, STL 10N, St. Louis, MO 63043-4804 | Prescription Benefit Contract | $0.00 | | |
| Winn-Dixie Stores, Inc. | 2200, 2265, 2281, 2294, 2375 | Maintenance Agreement - Store | | ALL CLEAN SWEEPING SERVICES, INC. | 2525 ROSE SPRING DRIVE ORLANDO FL, 32825 | SWEEPING AND LANDSCAPING | $0.00 | | |
| Winn-Dixie Stores, Inc. | 2313, 2390 | Maintenance Agreement - Store | | ALL CLEAN SWEEPING SERVICES, INC. | 2525 ROSE SPRING DRIVE ORLANDO FL, 32825 | SWEEPING AND LANDSCAPING | $1,950.20 | # 300083 ($1,950.20) | |
| Winn-Dixie Stores, Inc. | | Pharmacy Third Party Insurance | ASI | ALPHA SCRIPT INC | 4222 E. Camelback Road, Suite H260, Phoenix, AR 85018-2774 | Prescription Benefit Contract | $0.00 | | |
| Winn-Dixie Stores, Inc. | Total Corporation | Indemnity Agreement | | Aluminum Company of America | Alcoa Corporate Center, 201 Isabella Street, Pittsburgh, PA 15212-5858 | Indemnity Agreement | $0.00 | | |
| Winn-Dixie Stores, Inc. | | Service Agreement | | Ambiron, LLC | 120 N. LaSalle Street, Suite 1250, Chicago, IL 60602 | Multicard Compliance Program Scanning | $0.00 | | |
| Winn-Dixie Stores, Inc. | | Maintenance Agreement | | Aquatic Systems Inc. | 426 SW 12th Ave Deerfield Beach, FL 33442 | Lake management services at Winn-Dixie Orlando | $1,400.00 | # 32470 ($1,400.00) | |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | Ateb | 4501 Atlantic Ave. Suite 110 Suite 110 Raleigh NC, 27604 | PharmacyLine | $0.00 | # 32077, 34408 ($8,010.00) | Claims paid |
| Winn-Dixie Stores, Inc. | Plant City Dairy - Manufacturing Plant | Equipment Lease | | Axsa | 4673 Oak Fair Blvd., Tampa, FL 33610 | Copier - Sharp AR-M450U Digital Imager | $183.43 | # 30177 ($183.43) | |
| Winn-Dixie Stores, Inc. | | Pharmacy Third Party Insurance | BWY | BCBS OF WYOMING | P.O. Box 2266, Cheyenne, WY 82003 | Prescription Benefit Contract | $0.00 | | |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | BEA Systems | 7074 Collection Center Drive Chicago IL, 60693 | Weblogic SVR Development Support for HRMS-Tomas Project | $0.00 | # 3202 ($29,907.30) | Claim paid. |

Exhibit G

Contracts for Assumption

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure Amount | Claim No. (Amount of Claim) | Comment |
|---|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | BEA Systems | 7074 Collection Center Drive Chicago IL, 60693 | Weblogic SVR Development Support for HRMS-Tomas Project | $0.00 | | |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | BEA Systems | 7074 Collection Center Drive Chicago IL, 60693 | Weblogic SVR Development Support for HRMS-Tomas Project | $0.00 | | |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | BEA Systems | 7074 Collection Center Drive Chicago IL, 60693 | Weblogic SVR Development Support for HRMS-Tomas Project | $0.00 | | |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | BEA Systems | 7074 Collection Center Drive Chicago IL, 60693 | Weblogic SVR Production Support for HRMS - Tomax Project | $0.00 | | |
| Winn-Dixie Stores, Inc. | | Pharmacy Third Party Insurance | BAR | BENEFIT ADVANTAGE RX NETWORK | 39155 S Carson Street, PBM 422 Carson City NV, 89701 | Prescription Benefit Contract | $0.00 | | |
| Winn-Dixie Stores, Inc. | | Retailer Agreement | | Citicorp Services Inc. | 8430 West Bryn Mawr Avenue, Chicago, IL  60631 | 3rd Party Processor/Integrated Retailer Agreement - Electronic Benefit Transfer Program | $0.00 | | |
| Winn-Dixie Stores, Inc. | Edgewood Ave. | IT Master Service Agreement | | Comsys aka Venturi | 9428 Baymeadows Rd. Suite 500 Jacksonville, FL 32256 | Master Information Technology Services Agreement | $0.00 | # 31926 ($9,540.00) | Claim paid |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | Dell | One Dell Way Round Rock, TX  78682 | Dell Premier Access DCSE Certificate (900-8050) | $0.00 | | |
| Winn-Dixie Stores, Inc. | | Employee Agreement | | Dennis Hanley | Address Intentionally Omitted to Protect Employee Privacy | Separation and Release Agreement dated April 9, 2004 | $0.00 | | |
| Winn-Dixie Stores, Inc. | | Processor Agreement | | eFunds Corporation | Gainey Suites II, 8501 N. Scottsdale Road, Scottsdale, AZ  85253-3750 | Non-Quest State Processor Agreement | $0.00 | | |
| Winn-Dixie Stores, Inc. | | Fiducial Services | | eFunds Corporation | Gainey Suites II, 8501 N. Scottsdale Road, Scottsdale, AZ  85253-3750 | Agreement/Schedule 1 Financial Services | $0.00 | | |

Exhibit D

Contracts for Assumption

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure Amount | Claim No. (Amount of Claim) | Comment |
|---|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Processor Agreement | | eFunds Corporation FKA Deluxe Electronic Payment Systems, Inc. | 11100 West Liberty Drive, Suite 100, Milwaukee, WI 53224 | Quest State Processor Agreement | $0.00 | | |
| Winn-Dixie Stores, Inc. | | Pharmacy Third Party Insurance | HTR | HEALTH TRANS | 6061 South Willow Drive, Suite 125  Greenwood Village, CO 80111 | Prescription Benefit Contract | $57,440.00 | # 1378 ($57,440.00) | |
| Winn-Dixie Stores, Inc. | Deep South Products, Inc. - Manuf. Plant | Equipment Lease | | Hi-Cone Division/Illinois Tool Works, Inc. | P.O Box 92776 Chicago, IL  60675 | Hi-Cone Applicating Machine #918 & 921 | $0.00 | | |
| Winn-Dixie Stores, Inc. | | Software License | | Manugistics, Inc. | 9715 Key West Ave. Rockville, MD  20850 | Master Preferred Escrow Agreement 1301144-00004 dated 2/28/02 | $0.00 | # 32784 ($52,114.00) | Claim paid |
| Winn-Dixie Stores, Inc. | | HR Vendor | | Mars Stout | PO Box 8026  Missoula, MT 59807 | WOTC | $0.00 | | |
| Winn-Dixie Stores, Inc. | All | Service Agreement | N/A | News America Marketing (NAMIS) | 1211 Avenue of the Americas  New York, NY 10036 | Install and operate in-store radio broadcast messages, advertising and promotions. | $0.00 | | |
| Winn-Dixie Stores, Inc. | | Transportation Contract | MC-107478 | Old Dominion Freight Line Inc. | 500 Old Dominion Way  Thomasville, NC 27360 | LTL Commodity Rate Agreement | $23,290.74 | # 31311, 32283, 32847, 33976, 35199, 36636 ($23,290.74) | |
| Winn-Dixie Stores, Inc. | HDQ | IT-Master Service Agreement | | PSR Connect, Inc. | 9755 Dogwood Rd. Suite 250 Roswell, GA 30075 | MSA | $0.00 | # 31432 ($1,207.50) | Claim paid |
| Winn-Dixie Stores, Inc. | HDQ | IT-Master Service Agreement | | Staffing Technologies | 11625 Rainwater Drive Suite 300 Alpharetta, GA  30004 | MSA | $0.00 | | |
| Winn-Dixie Stores, Inc. | HDQ | IT-Work Order | Steve Brock | Staffing Technologies | 11625 Rainwater Drive Suite 300 Alpharetta, GA  30004 | EAI Developer/ Manager | $0.00 | | |
| Winn-Dixie Stores, Inc. | | Software Agreement | | Talx Corp. | 1850 Broman Court  St. Louis, MO 63146 PO BOX 790051 ST LOUIS MO 63179 | HR Services | $0.00 | # 4351 ($5,226.91) | Claim withdrawn |
| Winn-Dixie Stores, Inc. | | HR Vendor | | Talx Corp. | 1850 Broman Court  St. Louis, MO 63146 PO BOX 790051 ST LOUIS MO 63179 | Employment Verification contractor | $0.00 | | |
| Winn-Dixie Stores, Inc. | HDQ | IT-Master Service Agreement | | Technology Solutions | 731 11th Ave. South Jacksonville Beach, FL  32250 | MSA | $0.00 | | |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | Tele Atlas Software | 1605 Adams Court Menlo Park, CA  94025 | Tele Atlas Software | $0.00 | | |
| Winn-Dixie Stores, Inc. | | Insurance Agreement | | The Hartford | The Hartford, Hartford Financial Products, 2 Park Avenue, 5th Floor, New York, NY  10016 | Business Travel Accident insurance policy 10-ETB-16870 | $0.00 | # 282 ($22,462.76) | Claim paid |

Exhibit O

Contracts for Assumption

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure Amount | Claim No. (Amount of Claim) | Comment |
|---|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Confidentiality Agreement | | Tone Brothers, Inc. | PO BOX 402899,  ATLANTA, GA  30384-2899 | Hold Harmless Agreement Regarding Sale of Tone's Products, dated July 15, 1998; ii. Letter of Agreement, dated December 10, 1998; and Confidentiality Agreement, dated May 6, 2004 | $6,388.85 | # 3005 ($6,388.85) | |
| Winn-Dixie Stores, Inc. | | State Medicaid and Medicare Programs | | Unisys-Dept. of Health & Hospitals | 8591 United Plaza Blvd, Suite 300   Baton Rouge , LA 70898 | Contract to participate in the State Medicaid Program | $0.00 | | |

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER PURSUANT TO THIRD OMNIBUS MOTION (I) AUTHORIZING**
**ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
**AND (II) FIXING CURE AMOUNTS**

These cases came before the Court for hearing on September 14, 2006, upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the assumption of the prepetition contracts and leases set forth on the attached Exhibit A (the "Contracts"), effective as of the effective date of the Debtors' joint plan of reorganization (the "Effective Date") and (b) fixing the costs of assumption at the Proposed Cure Amounts identified on Exhibit A (the "Motion").[1]  By the Motion, the Counter Parties to the Contracts were given until September 7, 2006 to object to the Proposed Cure Amounts.  Upon consideration, it is

ORDERED AND ADJUDGED THAT:

1.    The Motion is granted.

---

[1]    All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

2.      The Debtors are authorized to assume the Contracts pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the Effective Date.  The Debtors' assumption of the Contracts as of, and upon the occurrence of, the Effective Date is approved.

3.      For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amounts owed by the Debtors with respect to the Contracts are the Proposed Cure Amounts listed on Exhibit A.

4.      The Counter Parties listed on Exhibit A are deemed to have waived any and all claims they may have against the Debtors for cure or compensation under their respective Contracts listed on Exhibit A, except for the Proposed Cure Amount.

5.      The Proposed Cure Amounts shall be paid by the Debtors on or as soon as practicable after the Effective Date.

6.      The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to each of the Contracts.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8.      The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

9.      In the event the Debtors' joint plan of reorganization is not confirmed or does

not become effective, this Order shall be null and void.

Dated September ___, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

**THE EXHIBIT TO BE ATTACHED TO THE ORDER WHEN ENTERED WILL BE THE SAME EXHIBIT THAT IS ATTACHED TO THE MOTION, WITH ANY NECESSARY MODIFICATIONS TO ADDRESS OBJECTIONS TO THE MOTION**