UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:
WINN-DIXIE STORES, INC., et al.                CASE NO.  05-03817-3F1
                                               CHAPTER 11
Debtor(s)
_____/

PASCO COUNTY BOARD OF COUNTY COMMISSIONERS
OBJECTION TO THE PLAN

PASCO COUNTY, a political subdivision of the State of Florida on behalf of its PASCO COUNTY BOARD OF COUNTY COMMISSIONERS, by and through its undersigned attorney, hereby objects to Debtor's Plan:

1.   On May 20, 2005 Pasco County, Florida filed a priority proof of claim for ten (10) delinquent water and sewer utility special assessments in the amount of $5,191.57.  Said assessments were incurred by Debtor, Winn Dixie;

2.   Also on May 20, 2005, a second Priority Proof of Claim was filed for delinquent solid waste special assessments incurred by Debtor, Winn Dixie at various Pasco County locations.

3.   On August 3, 2005 Pasco County filed an amended Proof of Claim to correct the amount owed on the solid waste assessments.

4.   Pasco County received payoffs from Debtor for Winn Dixie stores 710 and 748 but, did not receive a payoff for store 655 in the amount of $5,798.62.  Debtor incurred the debt and the account invoices have always been sent directly to Winn Dixie at their request.  However, Debtor now claims it is no longer liable because it rented the space even though Winn Dixie alone incurred the debt.

Cau09/2005 bankruptcy/Winn Dixie/Pasco Co Objection to Plan

5.      Special assessments are compulsory levies of local government and by authority given under Chapter 87-441 of the Laws of Florida, and 153.67, Florida Statutes, Pasco County's special assessments are equal in dignity to ad valorem taxes. Attached hereto and made a part hereof as Exhibits A and B are Florida laws.

6.      Pasco County has only received one payment toward its Water and Sewer Assessments in the amount of $494.73 leaving a remaining balance owed of $4,696.84 on its delinquent water and sewer special assessments for various store locations listed in the original proof of claim.

7.      The total amount owed by Debtor to Pasco County for its remaining unpaid (pre-petition) solid waste and water and sewer special assessments, less any amounts paid by debtor, is Ten Thousand Four Hundred Ninety-Five Dollars and 46/100 ($10,495.46).

8.      Additionally, Pasco County puts this Court on notice that debtor, Winn Dixie, has also stopped paying on their "**post petition solid waste assessments**" for the following stores:

    (a)    Store #655 located at 6033 State Road 54, New Port Richey, Florida became delinquent April 1, 2006. The Solid Waste Assessment is currently in the amount of $6,761.73 through September 30, 2006 with interest accruing monthly thereafter. A copy of the hauler's record showing original amount owed (without delinquent interest) is attached hereto as Exhibit C.

    (b)    Store #651 located at SR 54 and Collier Parkway, Land O'Lakes, Florida became delinquent April 1, 2006. The Solid Waste Assessment currently is in the amount of $6,293.56 through September 30, 2006 with interest accruing monthly thereafter. A copy of the hauler's record showing the original amount owed (without delinquent interest) is attached hereto as Exhibit D.

Failure of Debtor to pay its post petition utilities puts Pasco County at risk as Winn Dixie has a history of delinquency with Pasco County. 11 U.S.C. , Section 366(b) of the Code permits a utility company to request adequate assurance of payment for continued services, if the debtor is in default.

9.  As the Plan currently stands, the Debtor has reclassified Pasco County's Claim from a priority claim to "an unsecured vender claim" and Pasco County will only receive as compensation for its delinquent water and sewer special assessments 46.25 shares of Winn Dixie stock.

Winn Dixie stocks are currently only at approximately .14 cents per share which is "severely" under the amount owed Pasco County, Florida. Therefore, Pasco County, Florida will not be adequately paid for its utility services to Winn Dixie.

10.  Finally, Debtor assured this Court that its company would pay its post petition utility expenses as an administrative expense as sufficient adequate assurance under 11 U.S.C., Section 366(b) to the utility companies. Instead, Debtor objected to Pasco County's utility claims, reclassified its claims as "unsecured non-priority" claims and has further stopped paying for its post petition utility assessments.

WHEREFORE, PASCO COUNTY BOARD OF COUNTY COMMISSIONERS pray that the Debtor be required to pay PASCO COUNTY'S pre-petition special assessments in the

total amount of $10,495.46 under the Chapter 13 Plan in cash and not in stock and be directed to pay its post-petition utilities to Pasco County, Florida.

Dated this 8^(TH) day of September 2006.  /S/ANTHONY M. SALZANO, ESQ..
Council for Pasco County Board of
County Commissioners
West Pasco Government Center
7530 Little Road, Suite 340
New Port Richey, Florida 34654
Ph: (727) 847-8120/ Fax (727) 847-8021
asalzano@pascocountyfl.net
Florida Bar #186945

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September, 2006, the foregoing was presented to the Clerk of the U.S. Bankruptcy Court, Middle District of Florida for filing and uploading to the CM/ECF system in which an electronic notice will be sent to the debtor, debtor's attorney, the trustee, counsel for the official creditor's committee, the United States Trustee and all interested creditors.

Copies have further been served by 1st class mail upon debtor, Winn Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, Florida 32254-3699, Attention General Counsel; D.J. Baker, Esq., Skadden, Arps, Slate, Meacher & Flom, LLP, Four Times Square, New York, New York 10036-6522, Co-Attorneys for Debtors; James D. Busey, Esq., 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Co-Attorney for Debtors; Kenneth C. Meeker, Assistant U.S. Trustee, Office of the United States Trustee, 135 West Central Boulevard, Room 620, Orlando, Florida 32801; Elena Escamilla, Assistant U.S. Trustee, 135 West Central Boulevard, Room 620,

Orlando, Florida 32801 and Dennis Dunne, Esq., Milbank, Tweed, Hadley & McCloy, 1 chase Manhattan Plaza, New York, NY 10005,Counsel for the Creditors Committee.

/S/ANTHONY M. SALZANO, ESQ.
Council for Pasco County Board of
County Commissioners
West Pasco Government Center
7530 Little Road, Suite 340
New Port Richey, Florida 34654
Ph: (727) 847-8120/ Fax (727) 847-8021
asalzano@pascocountyfl.net
Florida Bar #186945