UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER (I) AUTHORIZING ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIXING CURE AMOUNTS AND (III) GRANTING RELATED RELIEF**

These cases came before the Court for hearing upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105(a) and 365 (the "Motion"), (i) approving and authorizing the Debtors to assume non-residential real property leases identified on Exhibit A attached to the Motion, effective as of the effective date of the Debtors' joint plan of reorganization (Docket No. 10058) (the "Effective Date"),[1] (ii) fixing the costs of assumption at the proposed cure amounts identified on Exhibit B attached to the Motion (collectively, the "Proposed Cure Amounts"), and (iii) granting related relief. By the Motion, the landlords were given until June 30, 2006 to object to the Motion and the Proposed Cure Amounts. The landlords for Store Numbers 2, 81, 153, 167, 218, 222, 231, 243, 250, 279, 281, 359, 375, 426, 454, 460, 556, 631, 637, 651, 656, 660, 698, 737, 777, 1537, 2211, 2258, 2267, 2289, 2301, 2311, and 2348 filed objections to the Proposed Cure Amounts (collectively, the "Cure Objections"). The landlords for Store

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

Numbers 2, 81, 153, 167, 218, 222, 231, 243, 250, 281, 359, 375, 426, 454, 460, 556, 631, 698, 777, 1440, 1537, 1766, 2211, 2258, 2301, 2311, and 2348 also filed objections to the Debtors' assumption of their respective leases (collectively, the "Assumption Objections"). The Debtors have agreed to continue the hearing on the Motion as to the landlords for Store Numbers 637, 651, 656, 660 and 737 to September 21, 2006. A separate order will be entered as to Store Numbers 153, 231, 281, 426, 454, 460, 556, 698, 2258, 2301, 2311 and 2348  The Court has reviewed the Motion and heard arguments of counsel. After due deliberation and good and sufficient cause exists, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted as to the leases for the stores identified on the attached Exhibit A (the "Assumed Leases").

2. The Assumption Objections are overruled.

3. The Debtors are authorized to assume the Assumed Leases pursuant to 11 U.S.C. § 365(a), effective as of the Effective Date.

4. With the exception of those leases on which the landlords filed Cure Objections, the cure amounts for the leases which are the subject of the Motion are fixed as of September 7, 2006 in the amounts as set forth on Exhibit B to the Motion (the "Cure Amounts").

5. The Debtors will pay the landlords which filed Cure Objections the Cure Amounts due on the Effective Date. If the Debtors are unable to resolve the Cure Objections consensually, the Debtors will set the Cure Objections for hearing before the Court.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The Court retains jurisdiction to hear and determine any disputes over the amounts required to cure the Leases as of the Effective Date, and all other matters arising from the implementation of this Order.

8. In the event the Effective Date does not occur, this Order shall be null and void.

Dated this ___7___ day of September, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion

3

# **EXHIBIT A**

Winn Dixie Store No.

2
81
167
218
222
243
250
279
359
375
631
777
1537
2211
2267
2289

542438.2