## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | )   Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | )   *Chapter 11* |
| | ) |
| Debtors. [1] | )   Jointly Administered |
| | ) |

### DEBTORS' MOTION FOR ORDER APPROVING STIPULATION RESOLVING CLAIM OF ANDERSON NEWS L.L.C.

---

<u>NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING</u>

Pursuant to Local Rule 2002-4, the court will consider this motion without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, and (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors")

move the Court for the entry of an order approving the Stipulation Resolving Claim

of Anderson News L.L.C. (the "Stipulation") attached as Exhibit A.

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

If no objection to the Stipulation is filed and served within the time as set

forth above, the Court will be requested to enter an order in the form attached as

Exhibit B without further notice or hearing.

Dated: September 8, 2006

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP

By ___*s/ D. J. Baker*___                    By ___*s/ James H. Post*___
  D. J. Baker                            Stephen D. Busey
  Sally McDonald Henry                   James H. Post
  Rosalie Walker Gray                    Cynthia C. Jackson,
  Jane M. Leamy                          Florida Bar Number 175460
Four Times Square                        225 Water Street, Suite 1800
New York, New York 10036                 Jacksonville, Florida  32202
(212) 735-3000                           (904) 359-7700
(212) 735-2000 (facsimile)               (904) 359-7708 (facsimile)
djbaker@skadden.com                      jpost@smithhulsey.com

Co-Attorneys for Debtors                 Co-Attorneys for Debtors

**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

---------------------------------------------------x
                                :

| | |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | Case No. 05-03817-3F1 |
| Debtors. | |
| | Jointly Administered |

---------------------------------------------- :

## STIPULATION RESOLVING CLAIM OF ANDERSON NEWS L.L.C.

This Stipulation (the "Stipulation") is made and entered into as of the date set forth below by and among Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates as debtors and debtors in possession in the above-styled jointly administered bankruptcy cases (hereafter referred to jointly as the "Debtors"), and Anderson News L.L.C. for itself and its affiliates (hereafter referred to jointly as "Anderson News"):

WHEREAS, the Debtors and Anderson News are parties to a Supply and Service Contract, dated July 29, 2004 (the "Supply and Service Contract"); and

WHEREAS, Anderson News provides the Debtors with magazines, similar merchandise, and services relating to the merchandise in accordance with the terms of the Supply and Service Contract; and

WHEREAS, on February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"); and

WHEREAS, the Debtors scheduled claim number 35573 for Anderson News, in the amount of $6,059,170.64 (the "Anderson News Claim"); and

WHEREAS, on February 22, 2005, Anderson News served a reclamation demand upon the Debtors in the amount of $3,803,744.99 (the "Reclamation Claim"); and

WHEREAS, pursuant to Section 546(h) of the Bankruptcy Code and the February 23, 2005 Order of the Court [Docket No. 98], many of the goods delivered to the Debtors prior to the Petition Date were returned to Anderson News, with the returned goods being applied to reduce Anderson News' prepetition claim; and

WHEREAS, the Debtors served their Statement of Reclamation setting forth the Debtors' reconciliation of the Reclamation Claim on July 6, 2005; and

WHEREAS, Anderson News signed that certain Agreement to be Bound, dated September 12, 2005 (the "Agreement"), and attached hereto as Exhibit A, indicating that Anderson News originally had a substantial claim including reclamation claims, but the return of certain goods to Anderson News post-petition under Section 546(h) resulted in a net reclamation claim and net pre-petition claim of zero; and

WHEREAS, as set forth in the Agreement, Anderson News opted into the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program (the "Participating Vendor Stipulation"), as approved by the August 5, 2005 Order [Docket No. 2840], and agreed to be fully bound by the terms as those terms relate to a "Participating Reclamation Vendor" (as defined in the Participating Vendor Stipulation); and

WHEREAS, as set forth in the Agreement, Anderson News further agreed to give 21 days credit to the Debtors in exchange for the consideration set forth in the Participating Vendor Stipulation, and has done so; and

-2-

WHEREAS, on June 27, 2006, the Debtors filed the Debtors' First Omnibus Motion Deeming Schedules Amended to (A) Disallow No Liability Scheduled Claims, (B) Reduce Overstated Scheduled Claims and (C) Fix Misclassified Scheduled Claims, wherein the Debtors sought to disallow the Anderson News Claim; and

NOW THEREFORE, the parties hereby stipulate and agree as follows:

1.      Upon entry of an order approving this Stipulation, the Anderson News Claim is disallowed in its entirety.  Anderson News has no other or further claim against the Debtors arising prior to the Petition Date due to the return of goods to Anderson News post-petition for credit against Anderson News' pre-petition claim in accordance with the provisions of Section 546(h) and the February 23, 2005 Order of this Court [Docket No. 98].

2.      In accordance with the Participating Vendor Stipulation as approved by the August 5, 2005 Order [Docket No. 2840], Anderson News entered into the Trade Lien Program as a Participating Reclamation Vendor on September 12, 2005, and is fully bound by the terms as those terms relate to a Participating Reclamation Vendor and likewise receives the benefits provided therein for the Participating Reclamation Vendors.  Pursuant to paragraph 11 of the Participating Vendor Stipulation, preference claims, if any, against Anderson News have been waived.

3.      The entry of this Stipulation and Order is without prejudice to Anderson News' entitlement to continue to receive payment in the ordinary course for the post-petition sale of goods and services to the Debtors as provided in paragraph 9 of the Participating Vendor Stipulation, and Anderson News' right to seek allowance and payment of an administrative expense for any sales of goods and services arising after the

- 3 -

Petition Date if for any reason it is not continued to be paid in the ordinary course of business by the Debtors, and to the Debtors right to oppose any such request.

4.      Upon entry of an order approving this Stipulation, all claims as between the Debtors and Anderson News are resolved other than the claims arising out of the post-petition sale of goods and services by Anderson News to the Debtors.

5.      Each party represents that it has authority to enter into this Stipulation.

6.      This Stipulation may be executed in several counterparts and/or by facsimile or pdf signature, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument.

Dated:  September 8, 2006

WINN-DIXIE STORES, INC., ET AL.

By _____
    Rosalie Walker Gray, Esq.

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
rgray@skadden.com

Co-Counsel to Winn-Dixie Stores, Inc. and
its subsidiaries and affiliates


ANDERSON NEWS L.L.C., ET AL.

By _____
    Grant T. Stein, Esq.

Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
(404) 881-7000
(404) 253-8685 (facsimile)
grant.stein@alston.com

Counsel to Anderson News L.L.C. and its
affiliates

-4-

# **EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

------------------------------------------x

|  |  |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | Case No. 05-03817-3F1 |
| Debtors. |  |
|  | Jointly Administered |

------------------------------------------:

### AGREEMENT TO BE BOUND BY STIPULATION

I am the Vice President of Customer Accounting of Anderson News L.L.C. ("Anderson News"). On February 22, 2005, Anderson News filed a reclamation claim with the Debtors in the amount of $3,803,744.99 (the "Reclamation Claim"). The Debtors' served their Statement of Reclamation setting forth the Debtors' reconciliation of the Reclamation Claim on July 6, 2005 (the "Statement of Reclamation"). Anderson News agrees that the Reclamation Claim as set forth in the Statement of Reclamation is $0.00. However, Anderson News does not agree and therefore objects to the Debtors' calculation of the Reclamation Claim as set forth in the Statement of Reclamation. Anderson News submits that in the Statement of Reclamation, the Debtors' take certain credits they identify to be "Promotional Allowances." Anderson News objects to the Reclamation Statement because such credits taken by the Debtors' were not, in fact, Promotional Allowances but rather resulted from the return of goods to Anderson News, some of which occurred in the ordinary course prior to the Debtors' filing for bankruptcy protection, and some of which was pursuant to 11 U.S.C. § 546(h), which credits were applied to reduce Anderson News' prepetition debt and which resulted in the reduction of its reclamation claim to zero. Finally, Anderson News objects to the specific numbers set

ATL01/12030559v4

forth on the Reclamation Statement and has notified the Debtors of such discrepancies with the numbers. However, despite the incorrect basis for the calculation, Anderson News' agrees with the net result and submits that it has no remaining reclamation claim.

Further, I have read the Stipulation Between Debtors And Certain Trade Vendors Regarding Reconciliation And Treatment Of Trade Vendors' Reclamation Claims And Establishing Post-Petition Trade Lien Program (the "Stipulation") in the above-captioned case. I understand the terms of the Stipulation and agree to be fully bound by the terms as those terms relate to a Participating Vendor (as defined in the Stipulation) and agree to have any issues relating to the Stipulation determined by the United States Bankruptcy Court for the Middle District of Florida for purposes of enforcement of the Stipulation.

Accordingly, Anderson News hereby agrees to enter into the Stipulation as a Reclamation Vendor (as defined in the Stipulation). Further, in accordance with the Stipulation, Anderson News agrees to give twenty (20) days credit to the Debtors in exchange for the consideration set forth in the Stipulation.

This 12th day of September 2005.

ANDERSON NEWS L.L.C.

By: *[signature]*
Name: /Jennifer M. Voss
Title: Vice President of Customer Accounting
6016 Brookvale Lane, Suite 151
Knoxville, TN 37919
(865) 584-9765
(865) 584-1169 (fax)
vossj@andersonnews.com

- 2 -

## AGREEMENT

In accordance with paragraph (b)(iii) of the Reclamation Order, Anderson News
L.L.C. agrees with this Statement of Reclamation.

By: _____          Dated: _____
    (Signature)


    _____
    (Print or type name)


## DISAGREEMENT

In accordance with paragraph (b)(iv) of the Reclamation Order, Anderson News
L.L.C. ("Anderson News" disagrees with this Statement of Reclamation. As indicated in
the Agreement to Be Bound by Stipulation, Anderson News agrees that the Reclamation
Claim as set forth in the Statement of Reclamation is $0.00. However, Anderson News
does not agree and therefore objects to the Debtors' calculation of the Reclamation Claim
as set forth in the Statement of Reclamation. Anderson News submits that in the
Statement of Reclamation, the Debtors' take certain credits they identify to be
"Promotional Allowances." Anderson News objects to the Reclamation Statement
because such credits taken by the Debtors' were not, in fact, Promotional Allowances but
rather resulted from the return of goods to Anderson News, some of which occurred in
the ordinary course prior to the Debtors' filing for bankruptcy protection, and some of
which was pursuant to 11 U.S.C. § 546(h), which credits were applied to reduce
Anderson News' prepetition debt and which resulted in the reduction of its reclamation
claim to zero. Finally, Anderson News objects to the specific numbers set forth on the
Reclamation Statement and has notified the Debtors of such discrepancies with the
numbers. However, despite the incorrect basis for the calculation, Anderson News'
agrees with the net result and submits that it has no remaining reclamation claim.

By: _Jennifer M Voss_          Dated: _9-12-05_
    (Signature)

Jennifer M. Voss
Vice President of Customer Accounting
6016 Brookvale Lane, Suite 151
Knoxville, TN 37919
(865) 584-9765
(865) 584-1169 (fax)
vossj@andersonnews.com

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re:                                      )    Case No. 05-03817-3F1
                                            )
WINN-DIXIE STORES, INC., et al.,            )    *Chapter 11*
                                            )
Debtors.                                    )    Jointly Administered
                                            )

**ORDER GRANTING DEBTORS' MOTION TO APPROVE
STIPULATION RESOLVING CLAIM OF ANDERSON NEWS L.L.C.**

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. and its

debtor affiliates (collectively, the "Debtors") for an order approving a stipulation with Anderson

News L.L.C. (the "Motion"). The Court finds that (i) the Motion was served on all interested

parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the

entry of this order within 20 days of the date of service, and (ii) no party filed an objection. The

Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1.      The Motion is granted.

2.      The Stipulation Resolving Claim of Anderson News L.L.C. attached to the

Motion is approved.

Dated this ____ day of _____, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge