Hearing Date:  September 21, 2006 at 1:00 p.m.
Objection Deadline:  September 18, 2006 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors[1]. | ) | Jointly Administered |

**DEBTORS' MOTION (I) FOR AUTHORITY
TO REJECT NON-RESIDENTIAL REAL PROPERTY
LEASES, (II) TO ESTABLISH BAR DATE FOR ANY REJECTION
DAMAGE CLAIMS, AND (III) GRANTING RELATED RELIEF**

Winn-Dixie Stores, Inc. and twenty-three of its affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order (i) under 11 U.S.C. § 365(a), authorizing the Debtors to reject the non-residential real property leases identified on the attached Exhibit A, and (ii) under Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a bar date for rejection damage claims arising under the leases (the "Motion").  In support of the Motion, the Debtors respectfully represent as follows:

---

[1]  In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

## Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors to serve in these cases pursuant to Sections 1102 and 1103 of the Bankruptcy Code. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by notice dated January 11, 2006.

## The Leases

4. Each of the leases identified on Exhibit A (collectively, the "Leases") are for stores located in New Orleans, Louisiana. Each of these stores sustained significant damage from Hurricane Katrina, and as a result, the Debtors are unable to operate grocery stores at these locations. Rejection of the Leases will save the Debtors approximately $1.8 million a year.

5. This Court has jurisdiction over this Motion under 28 U.S.C. §1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief requested in the Motion are Section 365(a) of the Bankruptcy Code and Rule 3002(c), Federal Rules of Bankruptcy Procedure.

### Relief Requested

7. By this Motion, the Debtors seek an order of the Court (i) pursuant to Section 365(a) of the Bankruptcy Code, authorizing the Debtors to reject the Leases, and (ii) establishing a bar date for the landlords of each of the Leases to file any rejection damage claim.

### Basis for Relief

8. Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. *See In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); *In re Hardie*, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); *In re Gunter Hotel Assocs.*, 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

9. The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review

3

under the "business judgment" rule. *See In re Gardinier, Inc.*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Cent. Fla. Fuels, Inc.*, 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *Sundial Asphalt Co. v. V.P.C. Investors Corp.* (*In re Sundial Asphalt Co.*), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. *See Sharon Steel Corp.*, 872 F.2d at 39-40; *In re Kong*, 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); *In re Cent. Fla. Fuels, Inc.*, 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet and, therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. *See In re III Enters., Inc. V*, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994), aff'd sub nom. *Pubelo Chem, Inc. v. III Enters. Inc. V*, 169 B.R. 551 (E.D. Pa. 1994); *In re Hardie*, 100 B.R. at 287.

10. The Debtors' business judgment supports rejection of the Leases. The Debtors are currently unable to operate stores at these locations and rejection of the Leases will save the Debtors approximately $1.8 million a year.

**Rejection Damages**

11. Pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, the Court may fix a deadline for filing any rejection damage claim. The Debtors request that the Court establish the deadline for the landlords to file a proof of claim of the Leases for any rejection damages at 30 days after entry of an order approving the Motion.

## Notice

12. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the landlords for the Leases. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order (i) authorizing the Debtors to reject the Leases; (ii) establishing a deadline for the landlords to file a rejection damage claim in connection with the Leases; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: September 8, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*  <br>   D. J. Baker <br>   Sally McDonald Henry <br>   Rosalie Walker Gray | By  *s/ Cynthia C. Jackson*  <br>   Stephen D. Busey <br>   James H. Post <br>   Cynthia C. Jackson, F.B.N. 498882 |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

00542474

# EXHIBIT A

| Winn-Dixie Store No. | Store Address | City | ST |
|---|---|---|---|
| 1403 | 1841 Almonaster Street | New Orleans | LA |
| 1417 | 7135 Bundy Road | New Orleans | LA |
| 1434 | 7330 West Judge Perez | Arabi | LA |
| 1437 | 2841 S. Claiborne Avenue | New Orleans | LA |