**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.,* | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| _____: | | |

**MOTION OF TOWER CENTER ASSOCIATES, LTD. FOR ALLOWANCE AND**
**PAYMENT OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM PURSUANT TO 11**
**U.S.C. SECTIONS 365(D)(3) AND 503(B)**

Tower Center Associates, Ltd. ("TCA" or, the "Landlord"), by and through its undersigned counsel, hereby moves (the "Motion") for allowance and payment of an administrative expense priority claim pursuant to sections 365(d)(3) and 503(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), and in support hereof, TCA respectfully states as follows:

**Background**

1. On February 21, 2005 (the "Petition Date") the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.  By order dated April 13, 2005, venue of the Debtors' bankruptcy cases was transferred to this Court.

2. The Debtors' cases are being jointly administered.  To date, no trustee or examiner has been appointed.

3. The Debtors are operating their properties and managing their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

4.   Prior to the Petition Date, on or about August 19, 1988, Landlord and Debtor Winn-Dixie Stores, Inc. (the "Debtor Tenant") entered into a Lease (the "Lease"),[1] by which Landlord leased to Debtor Tenant certain commercial real property located on the east side of Tower Road, South of Newberry Road (S.R. 26), in Gainesville, Florida (the "Property").   On March 22, 1990, Landlord and Debtor Tenant entered into the Supplemental Lease Agreement (the "Lease Supplement"),[2] which amended and supplemented certain of the terms of the Lease.

5.   The Lease requires Debtor Tenant to pay Debtor Tenant's pro rata share of the expense of maintaining the common areas (collectively, the "CAM Obligations") of the Property. (Lease, ¶ 31).   Furthermore, the Lease requires Debtor Tenant to pay property insurance premiums for insurance coverage on the Property. (Lease, ¶ 39).   In addition, the Lease requires Debtor Tenant to keep the Property in good repair, and to repair damage that is done to the Property by the Debtor Tenant or the Debtor Tenant's employees or agents. (Lease, ¶¶ 11, 12).

6.   Certain amounts that are the Debtor Tenant's responsibility to pay have arisen since the Petition Date but have not yet been satisfied by Debtor Tenant.   Specifically, the CAM Obligations, which the Lease requires Debtor Tenant to pay, for second and third quarter 2005 (ending September 30, 2005), total $57,291.83.[3]   Furthermore, the Debtor Tenant must also reimburse TCA for $4,215.15 in unpaid property insurance premiums for the period between March 1, 2005 through September 30, 2005.   In addition, the Debtor Tenant is obligated under paragraphs 11 and 12 of the Lease to recompense TCA for the damage to an interior wall done by a forklift operated by the Debtors' agent, the Liquidator, in the approximate amount of

---

[1]        A copy of the Lease is appended hereto as Exhibit "A".

[2]        A copy of the Lease Supplement is appended hereto as Exhibit "B".

[3]        An itemized chart with these charges, together with certain supporting invoices, are appended hereto as Exhibit "C".

$4,500.00. Each of these amounts was incurred subsequent to the Petition Date, but prior to the date the Debtors rejected the Lease.

## Request

7.    Section 365(d)(3) of the Bankruptcy Code requires Debtors to "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." The clear and express intent and purpose of Bankruptcy Code section 365(d)(3) is to require a trustee or debtor-in-possession to timely perform debtor's obligations under a lease in accordance with its terms. Centerpoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 268 F.3d 205, 209 (3d Cir. 2001); In re ZB Co., Inc., 302 B.R. 316, 319 (Bankr. D. Del. 2003).

8.    It is well-settled that a landlord's claims based on a debtor's non-performance of post-petition, pre-rejection lease obligations are entitled to administrative priority and payment. TreeSource Indus. v. Midway Engineered Wood Prods. (In re TreeSource Indus.), 363 F.3d 994, 997 (9th Cir. 2004); Montgomery Ward, 268 F.3d at. 211-12 (holding that tax obligations becoming due and payable post-petition, pre-rejection were entitled to administrative priority); In re Lacklow Bros., Inc., 18 B.R. 770, 772 (Bankr. S.D. Fla. 1982) (holding that tax obligations accruing during post-petition, pre-rejection period were entitled to administrative priority); In re Rhodes, Inc., 321 B.R. 80 (Bankr. N.D. Ga. 2005) (same); In re Pacific-Atlantic Trading Co., 27 F.3d 401, 403 (9th Cir. 1994) (holding that a lessor's claim for rent arising during relevant period is entitled to administrative priority by its requirement of prompt and full payment under Bankruptcy Code section 365(d)(3)); In re DVI, Inc., 308 B.R. 703, 707 (Bankr. D. Del. 2004) (same); In re Chi Chi's, Inc., 305 B.R. 396, 400 (Bankr. D. Del. 2004) (holding that assessments that came due post-petition, pre-rejection were required to be paid in full); In re

Rebel Rents, Inc., 291 B.R. 520, 533 (Bankr. C.D. Cal. 2003) (equipment lessor entitled to administrative priority for claim relating to debtor's post-petition use of equipment); In re Wright, 256 B.R. 858, 860 (Bankr. W.D.N.C. 2001) (lessor entitled to administrative expense claim for any postpetition damages flowing from debtors' breach in belatedly rejecting lease); Fifth Ave. Jewelers, Inc. v. Great East Mall, Inc. (In re Fifth Ave. Jewelers, Inc.), 203 B.R. 372, 380 (Bankr. W.D. Pa. 1996) (lessor could recover as administrative expense that portion of its damages claim for the 60-day period following the petition date and preceding the deemed rejection); In re New Almacs, Inc., 196 B.R. 244, 248 (Bankr. N.D.N.Y. 1996) (holding that landlord of Chapter 11 debtor was entitled to administrative priority for unpaid rents due post-petition, pre-rejection of lease); In re Ames Dept. Stores, Inc., 150 B.R. 107, 109 (Bankr. S.D.N.Y. 1993) (holding that landlord has administrative claim for taxes which accrue post-petition but prior to rejection of lease); see also In re Worths Stores Corp., 135 B.R. 112, 115 (Bankr. E.D. Mo. 1991); In re ABC Books & School Supplies, 121 B.R. 329, 332 (Bankr. S.D. Ohio 1990); In re National Oil Co., 80 B.R. 525, 527 (Bankr. D. Colo. 1987).

WHEREFORE, TCA requests that the Court enter an Order allowing and directing immediate payment, with administrative expense priority, of $66,066.38, and granting such other and further relief in favor of TCA as the Court deems just and proper.

Dated: September 11, 2006
Jacksonville, FL

FOLEY & LARDNER LLP
Gardner F. Davis, Esq.
Fla. Bar No.: 0471712
One Independent Drive, Suite 1300
Jacksonville, FL  32202
Email: gdavis@foley.com
Phone: (904) 359-8726
Facsimile: (904) 359-8700

and

PEPPER HAMILTON LLP
James C. Carignan (Del. Bar No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

and

PEPPER HAMILTON LLP
Alan K. Sable, Esq.
50th Floor
500 Grant Street
Pittsburgh, PA  15219-2502
(412) 454-5854

*Counsel to Tower Center Associates, Ltd.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 11th day of September, 2006 by U.S. Mail and/or electronic notification to:

**Adam Ravin**
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036

**Allan E. Wulbern**
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

**Cynthia C. Jackson**
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

**David L. Gay**
11 East Forsyth Street
Apt. 1408
Jacksonville, FL 32202

**James H. Post**
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

**Leanne McKnight Prendergast**
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

**Stephen D. Busey**
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

**Elena L. Escamilla**
U.S. Trustee's Office
135 W. Central Blvd., Suite 620
Orlando, FL 32801

**Kenneth C. Meeker**
U.S. Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801

**Dennis F. Dunne**
Milbnk Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

**John B. Macdonald**
Akerman Senterfitt
50 North Laura St., Suite 2500
Jacksonville, FL 32202

**Patrick P. Patangan**
Akerman Senterfitt
50 North Laura St., Suite 2500
Jacksonville, FL 32202

_____
Attorney