UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| WINN-DIXIE STORES, INC., ET AL., | § | CASE NO. 05-03817-3F1 |
| | § | |
| Debtors. | § | *Jointly Administered* |

**MOTION OF BUNDY NEW ORLEANS CO., LLC FOR ORDER: i) COMPELLING ATTENDANCE AT DEPOSITION AND PRODUCTION OF DOCUMENTS; AND ii) AUTHORIZING RULE 2004 EXAMINATIONS AND DUCES TECUM
AND BRIEF IN SUPPORT**

**TO THE HONORABLE JERRY A. FUNK,
UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW**, Bundy New Orleans Co., LLC ("Movant") and files this, its Motion For Order Compelling Attendance At Deposition And Production Of Documents And Authorizing Rule 2004 Examinations and *Duces Tecum* and Brief in Support, and in support would show the following:

**Background**

1. Bundy is the lessor under a lease (the "Lease") with Winn-Dixie Louisiana, Inc. ("WD Louisiana") relating to store number 1417 located at 7135 Bundy Road, New Orleans, Louisiana (the "Property"). Upon information and belief, Winn-Dixie Montgomery, Inc. ("WD Montgomery") is a successor by merger to WD Louisiana. A true and correct copy of the Lease is attached hereto as Exhibit "A."

2. Under the Lease, WD Louisiana and/or WD Montgomery (collectively, the "Lessee") is obligated to pay monthly rentals, taxes and other charges and is specifically required to maintain insurance against loss or damage to the Property including flood insurance with a limited deductible (the "Insurance Policy").

3. In certain situations where the Property has been damaged, the Lease requires the Lessee to restore the Property and contains certain requirements concerning the Lessee's filing and prosecution of a claim under the Insurance Policy and concerning the Lessee's use of any proceeds paid to the Lessee under the Insurance Policy. In the event that the amount of Insurance Proceeds is insufficient to restore the Property, the Lessee is responsible for paying the deficiency (the "Insurance Deficiency").

4. The Lessee provided Movant with evidence that it had obtained an insurance policy that covered loss to the Property. A true and correct copy of the Evidence Of Property Insurance (the "Insurance Certificate") is attached hereto as Exhibit "B." The Insurance Certificate shows that The Benenson Capital Company ("Benenson") is an additional insured and loss payee under the Insurance Policy. Bundy is the successor to Benenson under the Lease.

5. On February 21, 2005 (the "Petition Date"), Winn-Dixie, including WD Montgomery and other related entities (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

6. On the Petition Date, the Lessee owed Bundy $70,632.60 under the Lease in rental payments and taxes.

7. On August 29, 2005, Hurricane Katrina struck the Gulf Coast and the Property suffered extensive damage.

8. On December 21, 2005, counsel for the Lessee advised that the Property had suffered "extensive damage" and that Lessee had filed an insurance claim relating to the damage. (the "Insurance Claim"). A true and correct copy of that correspondence is attached hereto as Exhibit "C."

9. On June 30, 2006, the Lessee filed its Motion to Assume wherein it sought authority to assume the Lease and an order establishing that the "cure amount" under the Lease was $63,851.02 (the "Proposed Cure Amount").

10. Movant's counsel thereafter contacted Lessee's counsel to advise that the Proposed Cure Amount was insufficient in that it did not reflect the Lessee's monetary and nonmonetary obligations under the Lease to, *inter alia,* restore the Property. Movant's counsel also requested all information relating to the Insurance Claim. Lessee's counsel repeatedly indicated that it would provide the information, but repeatedly failed to do so. Lessee's counsel also stated that the Debtor had decided not to assume the Lease, but that the Debtors were not going to withdraw the Motion To Assume and would try to market the Lease.

11. On or around August 21, 2006, Bundy issued and served a subpoena to Lexington Insurance Company ("Lexington"), the primary insurer shown in the Certificate, to appear for a deposition relating to the Insurance Claim. On August 21, 2006, Bundy served an Amended Notice Of Deposition *Duces Tecum* requesting a deposition under Fed. R. Civ. P. 30(b)(6) on September 14, 2006 in Jacksonville relating to the Insurance Claim and the Proposed Cure Amount.

12. Lessee's counsel advised that one of the Debtor's "managers" had believed that Lessee could submit an insurance claim for payment and take the proceeds, to the exclusion of Bundy. According to counsel, however, the Debtors had received no insurance proceeds but there was an outstanding offer of settlement. Bundy immediately advised Lexington and the other insurers shown on the Certificate in writing that the Debtors had no authority to settle the Insurance Claim and that no payments on the Insurance Claim should be made to the Debtor without Bundy's consent.

13. On or about August 22, 2006, Movant's counsel advised Lessee's counsel that, depending on the language in the particular insurance policies (which Movant had still not received),

there could be a need to bring action under Louisiana law before August 24, 2006 in order to preserve Bundy's rights. In response, Lessee's counsel forwarded policies relating to the insurers shown on the Certificate and Bundy filed that action in Orleans Parish, Louisiana. *Bundy New Orleans Co. v. Lexington Ins. Co., et al,* No. 06-9080, Civil District Court for the Parish of Orleans. Lessee's counsel indicated that he was still trying to obtain information on the Insurance Claim from the Debtors.

14. Lessee's counsel represented that the Debtors were going to withdraw the Lease from the Motion To Assume in order to moot the scheduled deposition of the Debtors. On August 25, 2006, the Debtors withdrew the Lease from the Motion To Assume.

15. Lessee provided no further documents, but agreed to a telephone conference call. On September 5, 2006, representatives of Lexington, the Debtors, the Debtors' claims agent, Movant, and other insurers held a conference call. During that call, the Debtors' representative stated that: a) Lexington had paid the entire $25,000,000 to the Debtors; b) the Debtors had received an additional $50,000,000 in insurance proceeds from excess carriers; c) the Debtors had not disclosed these payments to Movant; d) the Debtors had applied the proceeds to their own personal property losses and used these proceeds in their operations; and e) the Debtors could still not produce the requested information because the responsible person had "gone on vacation." .

16. On September 8, 2006, counsel for the Lessee indicated that the Debtors did not plan on attending the deposition of the Lessees scheduled for September 14, 2006 and would move on September 11, 2006 to quash the subpoena served on Lexington. On September 8, 2006, the Debtors moved to reject the Lease.

## Relief Requested

Movant seeks an Order from the Court compelling the Debtors and Lexington to appear for

deposition and produce documents pursuant to the outstanding notice of deposition and subpoena, respectively, and/or requiring the Debtor and Lexington to appear for an examination under FED. R. BANKR. P. 2004 and to produce certain documents in connection therewith.

### Brief In Support

Pursuant to FED. R. BANKR. P. 2004(a), the Court may order the examination of any debtor on the motion of any party in interest. The examination may relate to "the acts, conduct, or property, or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or the debtor's right to a discharge." FED. R. BANKR. P. 2004(b). Movants seek an examination of Debtor.

Movant, the owner of the Property and an additional insured and loss payee under the Policy, has an interest in any insurance proceeds paid on the Property. Despite Movant's clear interest, Debtors have refused to provide sufficient information relating to the Insurance Claim and provided the Insurance Policy only after Movant subpoenaed Lexington and threatened further action. Over one month after the initial request, Debtors have still not provided any information at all regarding the Insurance Claim. Movant has just learned of the existence of excess carriers, but the Debtors have failed and refused to provide Movant with copies of any policies relating to that coverage.

Debtors' actions raise other more serious issues. First, counsel advised that Debtors had not received any insurance proceeds. In fact, Debtors admitted they had received proceeds only after Movant's counsel learned it from one of the insurers. Secondly, Debtors never advised Movant that they had received monies on the Insurance Claim and ignored their obligations in the Lease to place the proceeds with a trustee. Most seriously, the Debtors received $75,000,000 in insurance proceeds *after* they made a claim on the Property and used it to pay for their own losses and in their operations.

Movant has repeatedly attempted to obtain information relating to the insurance coverage and proceeds for the Property and Debtors have repeatedly stonewalled it or, worse, deceived it. These are serious allegations over which Movant should be able to depose the Debtors and Lexington.

Movant therefore requests that the Court order (1) the Debtor and Lexington to appear for examinations within three (3) calendar days of entry of an order approving this Motion; (2) the Debtor to produce the documents described on Exhibit "D" attached hereto within seven (7) calendar days prior to the examination of the Debtor; and (3) Lexington to produce the documents described on Exhibit "D" attached hereto within three (3) calendar days prior to the examination of Lexington. Movant's examination of Debtor shall relate to any matter about which Debtor may be examined pursuant to FED. R. BANKR. P. 2004, including but not limited to the specific documents described on Exhibit "D." Movant's examination of Lexington shall relate to any matter about which Lexington may be examined pursuant to FED. R. BANKR. P. 2004, including but not limited to the specific documents described on Exhibit "D."

**WHEREFORE PREMISES CONSIDERED**, after notice and hearing, Movant respectfully requests that the Court enter an Order requiring Debtor and Lexington to appear for depositions under Fed. R. Civ. P. 30 and/or an examinations under Fed. R. Bank. P. 2004 within seven (7) calendar days of entry of an order approving this Motion and be ordered to produce the documents described on Exhibit "D" attached hereto within three (3) calendar days prior to the examination and that it grant such other and further relief in law and in equity to which Movant may be entitled.

                                            Respectfully submitted,
                                            HIERSCHE, HAYWARD, DRAKELEY
                                                & URBACH, P.C

By:   */s/ Russell W. Mills*
       Russell W. Mills
       TX State Bar No. 00784609

        Jason M. Katz
        TX State Bar No. 24038990

15303 Dallas Parkway, Suite 700
Addison, Texas 75001
Telephone:    (972) 701-7000
Facsimile:    (972) 701-8765
    - and -
BLEDSOE, JACOBSON, SCHMIDT
    & WRIGHT

By:  */s/ James A. Bledsoe, Jr.*
      James A. Bledsoe, Jr.
      Florida State Bar No. 0150646

1301 Riverplace Boulevard, Suite 1818
Jacksonville, Florida 32207
Telephone:    (904) 398-1818
Facsimile:    (904) 398-7073

ATTORNEYS FOR BUNDY NEW ORLEANS CO., LLC

## **CERTIFICATE OF SERVICE**

This is to certify that on the 11th day of September, 2006, a true and correct copy of the above and foregoing Motion was served *via* first class mail and/or via electronically on the following:

| | |
|---|---|
| D. J. Baker<br>Adam Ravin<br>Rosalie Walker Gray<br>Skadden Arps Slate Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036<br>**Counsel for Debtors** | Allan E. Wulbern<br>Stephen D. Busey<br>James. H. Post<br>Cynthia C. Jackson<br>Smith, Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202<br>**Counsel for Debtors** |
| Dennis F. Dunne<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005 | David Jennis, Esq.<br>Jennis & Bowen, P.L.<br>400 North Ashley Drive, Suite 2540<br>Tampa, Florida 33602 |
| John B. Macdonald<br>Patrick P. Patangan<br>Akerman Senterfitt<br>50 North Laura Street, Suite 2500<br>Jacksonville, FL 32202<br>**Counsel for Official Committee of Unsecured Creditors of Winn-Dixie Stores,**<br>**Inc., et al.** | Douglas D Chunn<br>One Independent Drive, Suite 3201<br>Jacksonville, FL 32202<br><br>Karol K. Denniston, Esq.<br>Paul, Hastings, Janofsky & Waler, LLP<br>600 Peachtree Street, Suite 2400<br>Atlanta, Georgia 30308<br>**Counsel for Official Committee of Equity Security Holders** |
| Elena L Escamilla<br>Kenneth C Meeker<br>U.S. Trustee<br>United States Trustee - JAX<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32801<br>**Counsel for U.S. Trustee** | Andrew C. Jacobson<br>Clausen Miller PC<br>One Chase Manhattan Plaza<br>New York, New York 10005 |

                                              */s/ Russell W. Mills*
                                              Russell W. Mills