# EXHIBIT "D"

## EXHIBIT "D"

### I. INSTRUCTIONS

1. **Privileges.** If you withhold as privileged, or otherwise exempt or immune from discovery any document responsive to one or more of the following requests, you shall identify with particularity, including, but not limited to, persons who authored, received or have seen such allegedly privileged documents, and the dates thereof; and specifically allege the privilege, exemption, or immunity from discovery relied upon.

2. **Construction of Paragraphs.** Each of the following paragraphs shall be construed independently and no other paragraph shall be referred to or relied upon for the purpose of limiting its scope.

3. **Production of Documents.** Please segregate and identify documents produced according to the specific request to which they are responsive.

4. **Requests Continuing.** These Requests for Production shall be deemed to be continuing so that any additional documents or information, relating in any way to the individual Requests, which you acquire or that becomes known to you, up to and including the time of trial, shall be furnished "reasonably promptly" after such documents or information are acquired or become known.

### II. DEFINITIONS

1. As used herein, the words defined below shall be deemed to have the following meanings in relation to Trustee's responses and objections:

   a. **"Bankruptcy Court"**. As used herein, the term "Bankruptcy Court" means the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division.

   b. **"Bundy"**. As used herein, the term "Bundy" shall mean Bundy New Orleans Co., LLC its directors, officers, employees, assigns, agents, and/or representatives, and all other persons or entities acting on its behalf.

   c. **"Communication(s)"**. As used herein, the term "communication(s)" means, without limitation of its generality, statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes without limitation of its generality, communications and statements that are face to face and those that are transmitted by writing or by media such as intercoms, telephones, including cellular phones, computers, television and/or radio.

   d. **"Date"**. As used herein, the term "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

e. **"Debtors"**. As used herein, the term "Debtors" shall mean Winn-Dixie Montgomery Inc., as successor-by-merger to Winn-Dixie, Louisiana, Inc., and all of the debtors herein and their directors, officers, employees, assigns, agents, and/or representatives, and all other persons or entities acting on their behalf.

f. **"Deponents"**. As used herein, the term "Deponents" shall the Debtors and Lexington.

g. **"Documents"**. As used herein, the term "Documents" shall mean, but not be limited to, papers, books, accounts, writings, drawings, graphs, charts, photographs, agreements, recordings, memorandums and any other data compilations from which information can be obtained, translated, if necessary, or copied that contain matters that are in the possession, custody or control of the party upon whom this request is served or can be retained by the reasonable efforts of the person requested to produce. "Documents" shall further mean writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic or recorded matter. It shall include communications in words, e-mails, electronic messages, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: correspondence; transcriptions of testimony; letters; notes; reports; papers; files; books; records; contracts; agreements; telegrams; teletypes and other communications sent or received; diaries; calendars; logs, notes or memoranda of telephonic or face-to-face conversations; drafts; work papers, agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes; summaries, notes and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; bills, statements, and other records of obligations and expenditures; canceled checks, vouchers, receipts and other records of payments; ledgers, journals, balance sheets, profit and loss statements and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; parts lists; memoranda of all kinds to and from any persons, agencies, or entities; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results and conclusions; records of administrative, technical and financial actions taken or recommended; and all other writings the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested. "Documents" further means and includes all originals and non-identical copies of any papers, books, accounts,

writings, drawings, graphs, charts, photographs, phonograph records, recordings and/or other data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form, and tangible things. These terms also include any communications passing between your agents, representatives or employees, when not made in connection with this specific claim or the investigation of the occurrence or transaction out of which this claim has arisen.

h. **"File"**. As used herein, the term "File" shall mean any collection, group or series, formal or informal, of documents, composite, records, reports, communication, correspondence or financial records maintained by or within your control.

i. **"Identify" or "Identity"**. As used herein, the terms "identify" or "identity":

   i. When used in reference to a natural person, shall mean to state the full name, the present or last known address, the business and/or residence telephone numbers and the past or present affiliation with the party to whom this discovery request is directed.

   ii. When used with respect to a document, shall mean to state the date, the subject and the substance; the author; all recipients; the type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction, chart, etc.); its present location and the identity of each of its present custodians and shall include documents with respect to which a privilege is or may be claimed. If such document was, but no longer is, in your possession or subject to your control, state whether it: a) is missing or lost; b) has been destroyed; c) has been transferred voluntarily or involuntarily to others; d) has been otherwise disposed of and e) explain the circumstances surrounding why the document is no longer in your possession.

   iii. When used in respect to an occasion, event, meeting or conversation, shall mean to state the date, place and duration and the person(s) present, attending or participating.

   iv. When used in respect to a fact or contention, shall mean to describe facts(s) supporting the contention, to state any person with knowledge of such fact(s) and to provide a general description of the fact(s) known to that person.

j. **"Insurance Claim"**. As used herein, the term "Insurance Claim" shall mean any and all insurance claims that the Debtor has filed related to the Property.

k. **"Insurance Proceeds"**. As used herein, the term "Insurance Proceeds" shall mean any and all monies that the Debtor has received from any insurer following the damage suffered by the Property.

l. **"Lease".** As used herein, the term "Lease" shall mean the Lease Agreement between Winn Dixie and Bundy, as assignee of Robert H. Arnow, dated December 16, 1987.

m. **"Lexington".** As used herein, the term "Lexington" shall mean Lexington Insurance Company Co. its directors, officers, employees, assigns, agents, and/or representatives, and all other persons or entities acting on its behalf.

n. **"Motion".** As used herein, the term "Motion" shall mean Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, And (III) Grant Related Relief dated June 30, 2006.

o. **"Person" or "Persons".** As used herein, the terms "person" or "persons" shall mean all natural persons, firms, proprietorships, partnerships, limited partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, it shall include all natural persons associated with such entity.

p. **"Pertain(ing)," "Relate(ing)," "Concern(ing)," and/or "Evidence(ing)".** As used herein, the words "pertain(ing)," "relate(ing)," "concern(ing)," and/or "evidence(ing)" shall mean directly or indirectly referring to, alluding to, relating to, pertaining to, connecting with, commenting on, about, regarding, discussing, showing, describing, mentioning, memorializing, reflecting, analyzing, constituting, embodying and/or evidencing.

q. **"Property".** As used herein, the term "Property" shall mean store 1417 located at 7135 Bundy Road, New Orleans, Louisiana.

r. **"You" and "Your".** As used herein, the term "you" or "your" shall mean an employee, director, officer and/or any authorized agent or representative of the Debtors.

s. The word **"and"** and the word **"or"** as used herein shall, where the context permits, shall be construed to mean "and/or."

t. Wherever appropriate, the singular form of a word shall be interpreted as including the plural, and the masculine form of a word shall be interpreted as including the feminine.

2. Unless otherwise stated, responses to these discovery requests shall be given for the time period beginning August 1, 2005, and ending with the dates answers hereto are served.

### III. DOCUMENTS TO PRODUCE

1. Any and all Documents that relate to the Insurance Claim including, without

limitation, any claim form or "statement" submitted or received and any evidence of the amount or type of loss submitted or received.

2. Any and all Documents that relate to the Insurance Proceeds including, without limitation, all Documents showing the date and amount of receipt or payment and the use and present location of the Insurance Proceeds.

3. Any and all Documents that relate to any and all acts taken to investigate, file, process, and/or prosecute the Insurance Claim including, without limitation, all communications or contact between the Deponents, or any one of them, and any other party relating to the Insurance Claim.

4. Any and all Documents relating to any act taken to restore the Property.

5. Any and all Documents that relate to the amount necessary to restore the Property including, without limitation, any appraisals received during the term of the Lease.

6. Any and all Documents that would demonstrate: a) when the Insurance Claim was filed; b) the current status of the Insurance Claim; c) the identity and phone number of the adjuster assigned to the Insurance Claim; d) the number assigned to the Insurance Claim; e) the location of the office handling the Insurance Claim; f) the receipt of any proceeds on the Insurance Claim; and g) any other information relating to the Insurance Claim.

7. Any and all policies reflecting any excess coverage of the Property.

8. Any and all Documents relating to the proposed rejection of the Lease.

9. Any and all Documents that would demonstrate whether the Debtor is able to pay Bundy for the cost to restore the Property at the time of plan confirmation.

10. Any and all efforts or plans to market and assign the Lease.