FILED

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

In re:

Winn-Dixie Montgomery, Inc.

              Debtor

Chapter 11
Case No.: 05-03817-3F1
Jointly Administered
Transferred Amount: $999,212.71

## NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(2)

(Transferor)    Redrock Capital Partners, LLC
111 S. Main Street Suite C11
Breckenridge, CO 80424
Attention: Craig Klein

(Transferee)    DellaCamera Capital Master Fund, Ltd.
c/o DellaCamera Capital Management
200 Park Avenue, 33rd Floor
New York, NY 10166
Attention: Andrew Kurtz

An unconditional transfer of all right, title and interest in the amount of $999,212.71 held by Redrock Capital Partners (the "Transferor") against the Debtor, to DellaCamera Capital Master Fund, Ltd. (the "Transferee") is hereby acknowledged. This transfer is evidenced by the Evidence of Transfer of Claim attached as Exhibit "A-1".

**IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**
**FILE A WRITTEN OBJECTION TO THE TRANSFER with:**
    United States Bankruptcy Court
    Middle District of Florida
    Attn: Bankruptcy Clerk
    US Courthouse
    300 North Hogan Strett
    Jacksonville, Florida 32202

**SEND A COPY OF YOUR OBJECTION TO THE TRANSFEEE**
If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

                                                                       Clerk of the Court

---

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on
_____, 2006.
INTERNAL CONTROL NO._____, Copy (check): Claims Agent:_____
Transferee:_____Debtor's Attorney:_____Deputy Clerk_____

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

In re:

Winn-Dixie Montgomery, Inc.

Debtor

Case No. 05-03817-3F1

Chapter 11

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO RULE 3001(e)

PLEASE TAKE NOTICE that any and all claims of Redrock Capital Partners ("Assignor") that are scheduled by the Debtor(s) and or filed as an original or amended Proof of Claim against the Debtor(s), including but not limited to the following:

| Allowed Claim Amount | Proof of Claim No. |
|---|---|
| $999,212.71 | 11982 |

have been transferred and assigned to DellaCamera Capital Master Fund, Ltd. ("Assignee"). The signature of Assignor on this document is evidence of the transfer of the claims and all rights thereto.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.

ASSIGNEE: DellaCamera Capital Master Fund, Ltd.
Address: c/o DellaCamera Capital Management, LLC
200 Park Avenue, 33rd Floor
New York, NY 10166
Signature: [signed]
Name: Andrew Kurtz
Title: Managing Member
Date: August 31, 2006

ASSIGNOR: Redrock Capital Partners, LLC.
Address: 111 S. Main Street Suite C11,
Breckenridge, CO 80424
Signature: [signed]
Name: Craig Klein
Title: Managing Member
Date: 8/31/06

# ASSIGNMENT OF CLAIM

## 1. Assignment of Claim

Redrock Capital Partners LLC, with offices at 111 S. Main Street, Suite C11 Breckenridge, Colorado ("Assignor"), in consideration of the sum of $494,610.29 (the "Purchase Price"), the receipt and sufficiency of which is hereby acknowledged, does assign and transfer to DellaCamera Capital Master Fund, Ltd. ("Assignee"), an exempted company incorporated and existing under the laws of the Cayman Islands, having an address c/o Meridian Corporate Services Limited, 73 Front Street, P.O. Box HM 528, Hamilton HM 12, Bermuda with notices and mailings to the attention of Jeffrey Kaplan of DellaCamera Capital Management, LLC at 200 Park Avenue, 33rd Floor New York, NY 10166 all of Assignor's right, title, and interest in and to the claim of Assignor (the "Claim") against Winn Dixie Montgomery, Inc. ("Debtor"), a debtor in bankruptcy proceedings (the "Proceedings") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Court") affiliated with Case No. 05-03817-3FI in the currently outstanding amount of not less than $999,212.71 (reflecting a prior deduction of $74,677.79 for overstated rejection of damages and $20,812 for estimated real estate taxes) (the "Claim Amount") and all rights of Assignor relating to the Claim, including without limitation Assignor's rights to receive any interest, penalties, and fees relating to the Claim, all cash, securities, instruments, and other property which may be paid or issued by Debtor in satisfaction of the Claim, any legal rights against any third party with respect thereto, and all rights arising from the Proof of Claim identified below, including but not limited to all of Assignor's rights under the Original Assignment set forth below. The Claim is based on amounts owed to Assignor by Debtor, through an assignment of claim ("Original Assignment") between Redrock Capital Partners, LLC and Henry J. Sawicki III, Trustee as Assignee of Sawicki Realty Co. ("Original Assignor") dated August 3, 2006. This Assignment of Claim (the "Assignment") shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

## 2. Representations and Warranties

Assignor represents and warrants that a Proof of Claim has been duly and timely filed in the Proceedings, and a true copy of such Proof of Claim is attached to this Assignment. If the Proof of Claim amount differs from the Claim Amount, Assignee shall nevertheless be deemed the owner of the Claim and shall be entitled to identify itself as owner of such Claim on the records of the Court.

Assignor represents and warrants that, the Claim is a valid unsecured claim in an amount not less than the Claim Amount; that the Claim is valid, due and owing, undisputed, liquidated, and non-contingent; and that no objection to the Claim exists or has been threatened. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim; that Assignor has not previously assigned, sold, factored, or pledged the Claim to any third party, in whole or in part; that Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind; and that the Claim is not subject to any right or claim of set-off, reduction, recoupment, avoidance, disallowance, subordination, preference, or any other defense of any kind that has been or may be asserted by Debtor or any other party to reduce the amount of the Claim or to impair its value. Assignor agrees to exercise his vote in favor of the proposed Plan of Reorganization. If Assignor votes against the plan or withholds his vote and the Plan of Reorganization does not get confirmed, then Assignor agrees to pay Purchaser the full purchase price plus accrued interest of 10%.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither assignee nor any agent or representative of assignee has made any representation whatsoever to the other party regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor, or the Claim. Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that Assignor has independently and without reliance on Assignee, based on such information as Assignor has deemed appropriate (including information available from the Court in the Proceedings), made its own analysis and decision to enter into this Assignment. Assignor also represents that, with respect to the Debtor or its affiliates, Assignor is not an "insider" (as defined in §101(31) of the Bankruptcy Code) or a member of any official or unofficial creditors'

committee. Assignor acknowledges and agrees any misrepresentation or breach by Assignor may cause Assignee irreparable harm and accordingly, Assignee shall be entitled to all available remedies as may be available to Assignee for any such breach or threatened breach, including but not limited to the immediate recovery of money damages ("Restitution"). Assignee acknowledges and agrees any misrepresentation or breach by Assignee may cause Assignor irreparable harm and accordingly, Assignor shall be entitled to all available remedies as may be available to Assignor for any such breach or threatened breach, including but not limited to the immediate recovery of money damages ("Restitution").

**3. Additional Agreements**
In the event the Claim is subject to an Impairment (as such term is defined in the Original Assignment), Assignee shall have the right to pursue a refund from Original Assignor directly pursuant to the provisions of Paragraph titled "Claim Subsequently Allowed for an Amount Less than Claim Amount" of the Original Assignment and upon written notice to Assignor, Assignor shall (a) promptly disclose to Assignee the Purchase Rate (as defined in the Original Assignment and referred to herein as the "Original Assignor Purchase Rate") with respect to the Claim, and (b) pay to Assignee, within 30 days from receipt of written notice from Assignee, an amount equal to the amount of the Claim subject to such Impairment multiplied by the difference between (x) the Original Creditor Purchase Rate and (y) the Purchase Rate herein, plus interest thereon at 6% per annum from the date hereof to the date of repayment ("Restitution Payment"). In the event that Assignee has demanded a refund from Original Creditor and Original Creditor has not provided such refund within 60 days of demand by Assignee, Assignor also agrees to repay, on demand of Assignee, an amount equal to the amount of the Claim subject to the Impairment multiplied by the Original Creditor Purchase Rate, plus interest thereon at 6% per annum form the date hereof to the date of the repayment. In the event Assignor makes payment to Assignee under the immediately proceeding sentence, then Assignor shall be subrogated to Assignees rights under the Original Assignment with respect to such payment.

Assignor agrees to undertake defense of the Claim to the extent such claim is the subject of an objection in the Proceeding. Assignee agrees to give Assignor reasonable advance notice of any such objection and allow Assignor or Original Assignor, the opportunity to defend against any such objection, at Assignor's sole cost and expense. In the event that Assignor elects not to defend against or oppose any such avoidance, disallowance, expungement, reduction or subordination, the Restitution Payment shall become final and Assignee may thereafter elect to defend or oppose such avoidance, disallowance, expungement, reduction or subordination at its sole cost and expense and with no effect on the Restitution Payment.

Assignor hereby irrevocably appoints Assignees with full power of substitution as its true and lawful attorney and authorizes Assignees to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable for, or on account of the Claim herein assigned. Subject to the terms of the Original Assignment, Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder pursuant to this Assignment, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure including without limitation, the right to transfer the Claim in whole or in part and the right to vote the Claim including disputed or unscheduled portions thereof pursuant to Section 1126 of the Bankruptcy Code. Subject to the terms of the Original Assignment, Assignee shall have no obligation to prove defend or take affirmative action with respect to proving the Claim's validity or amount in the Case. Assignor further agrees to reimburse Assignee for all costs and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of (i) Assignor's objection to transfer the claim or (ii) Assignor's breach of its representations or non performances of its obligations hereunder. Assignee further agrees to reimburse Assignor for all costs and expenses, including reasonable legal fees and costs, incurred by Assignor as a result of (i) Assignee's objection to transfer the claim or (ii) Assignee's breach of its representations or non performances of its obligations hereunder. In the event an order is not entered approving a good faith transfer of the Claim by the Court within 120 days of the date Assignee files notice of such transfer, Assignor agrees to immediately repay, upon the demand of Assignee, the Purchase Price. Any repayment or reimbursement under this Section 3 shall be made together with interest at the rate of six percent (6%) per annum on the amount repaid or reimbursed for the period from the date of this assignment through the date of such repayment or reimbursement is due such is paid in full by Assignor (Restitution Payment). In the event the Claim is ultimately allowed in an amount in excess of the Claim Amount, Assignee will notify Assignor in writing of such allowance and make an additional payment to Assignor calculated at the Purchase rate multiplied by the face dollar amount of the excess amount within 30

days of such written notice with interest at the rate of six percent (6%) per annum on the amount of the allowance for the period from the date of such allowance, and Assignor shall execute any documentation deemed necessary to evidence Assignee's ownership of such additional Claim Amount]. **IN THE EVENT ASSIGNOR HAS PREVIOUSLY ASSIGNED OR ASSIGNS OR PLEDGES THIS CLAIM TO ANY THIRD PARTY, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE, UPON DEMAND OF ASSIGNEE, AN AMOUNT EQUAL TO THE PURCHASE PRICE TOGETHER WITH AN INTEREST RATE OF SIX PERCENT (6.0%).**

### 4. Authority and Claim Enforcement

Notwithstanding anything herein, Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise, and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights there under pursuant to this Assignment. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor will in good faith take all actions necessary or appropriate, to (i) have the Claim allowed in the Proceeding in an amount not less than the Claim Amount, and (ii) effect the assignment of the Claim and any payments or distributions thereon to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions, and consents. Without limiting the generality of the foregoing, Assignor acknowledges and agrees that Assignee may endorse any checks which are made payable to the Assignor pursuant to claims purchased by the Assignee, and that Assignee will further be permitted to deposit any such checks so endorsed by the Assignee into the account of the Assignee.

### 5. Notices, Actions, and Distributions

Assignor agrees to promptly forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein, to vote the Claim assigned herein, and to take such action with respect to the Claim in the Proceedings as Assignee may from time to time request (including assisting Assignee in documenting and proving the Claim). Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instruments, or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, deliver to Assignee within five business days any such property in the same form received, together with any endorsement or documents necessary to transfer such property to Assignee.

### 6. Nonreliance

Each of Assignee and Assignor represents and warrants to the other that (i) it is a sophisticated buyer or seller (as the case may be) with respect to the Claim, (ii) it has, or has access to, such information as it deems appropriate under the circumstances concerning, among other things, the Debtor's(s') business and financial condition to make an informed decision regarding the transfer of the Claim, and (iii) it has independently and without reliance on the other party, and based on such information as it has deemed appropriate, made its own analysis and decision to enter into the transfer of the Claim. Each of Assignee and Assignor acknowledges that the other has not given it any investment advice or opinion on whether the transfer of the Claim is prudent. Assignee has not relied, and will not rely, on Assignor to furnish or make available any documents or other information regarding the credit, affairs, financial condition, or business of the Debtor(s), or any other matter concerning the Debtor. Assignor has not relied, and will not rely, on Assignee to furnish or make available any documents or other information regarding the credit, affairs, financial condition, or business of the Debtor(s), or any other matter concerning the Debtor. Each of Assignee and Assignor acknowledges that (i) the other party currently may have, and later may come into possession of, information regarding the Debtor(s) that is not known to it and that may be material to a decision to enter into the transfer of the Claim ("Excluded Information"), (ii) it has determined to enter into the transfer of the Claim notwithstanding its lack of knowledge of the Excluded Information, and (iii) the other party shall have no liability to it, and it hereby to the extent permitted by law waives and releases any claims it may have against the other party, with respect to the nondisclosure of the Excluded Information; provided, however, that the Excluded Information shall not and does not affect the truth or accuracy of the representations or warranties of such party in the Representations and Warranties section of this Assignment of Claim.

### 7. Survival and Transferability

The terms of this Assignment shall be binding upon, and shall inure to the benefit of Assignor, Assignee, and their respective successors and assigns. Assignor hereby acknowledges that Assignee may at any time reassign the Claim together with all right, title, and interest of Assignee in and to this Assignment. All representations, warranties, covenants, indemnities, and agreements made herein shall survive the execution and delivery of this Assignment and any such reassignment. Notwithstanding any other provision of this Agreement to the contrary, Assignee's right to receive restitution under ~~the second sentence of~~ Section 3 hereof in the event of Original Assignor's failure to pay shall not be assignable by Assignee to any party (except for any merger with or sale of substantially all of its assets to a successor entity) without Assignor's prior written consent.

### 8. Governing Law, Jurisdiction, and Miscellaneous

This Assignment constitutes the legal, valid, binding, and enforceable obligation of Assignor and Assignee, and is executed by Assignor's and Assignee's duly authorized representative. Headings in this Assignment are for convenience only and shall have no effect on the interpretation of this Assignment. THIS ASSIGNMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE SUBSTANTIVE LAWS OF THE STATE OF NEW YORK. ANY ACTION RELATING TO THIS ASSIGNMENT MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT IN NEW YORK COUNTY, NEW YORK, AND ASSIGNOR AND ASSIGNEE EACH CONSENTS TO AND CONFERS PERSONAL JURISDICTION OVER IT BY SUCH COURT(S). EACH PARTY AGREES THAT SERVICE OF PROCESS MAY BE MADE UPON IT BY MAILING A COPY OF SAID PROCESS TO THE ADDRESS FIRST SET FORTH ABOVE. IN ANY ACTION HEREUNDER, EACH OF ASSIGNEE AND ASSIGNOR WAIVES ANY RIGHT TO DEMAND A TRIAL BY JURY AND ALSO WAIVES THE DEFENSES OF IMPROPER VENUE AND FORUM NON CONVENIENS.

## 9. CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all the terms of this Assignment and waives its right to raise any objection thereto and its right to receive notice pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, Assignor has duly executed this Assignment on this ___ day of _____, 2006.

ASSIGNOR: DellaCamera Capital Master Fund, Ltd

Signature: _____
Name: ANDREW T. KURTZ
Title: Managing Member
Phone: 212-808-2590

ASSIGNEE: Redrock Capital Partners, LLC.

Signature: _____
Name: Craig Klein
Title: Managing Member
Phone: 770-547-9060