**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | CASE NO: 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| _____ ) | |

**LIMITED OBJECTION BY LANDLORDS, WESTFORK TOWER, LLC, CONCORD-FUND IV RETAIL, L.P., TA CRESTHAVEN, LLC, FLAGLER RETAIL ASSOCIATES, LTD., AND ELSTON/LEETSDALE, LLC, BY AND THROUGH THEIR PROPERTY MANAGER, TERRANOVA CORP., TO CONFIRMATION OF DEBTORS' JOINT PLAN OF REORGANIZATION**

Landlords, WESTFORK TOWER, LLC, Store No. 278, CONCORD-FUND IV RETAIL, LP., Store No. 254, TA CRESTHAVEN, LLC, Store No. 221, FLAGLER RETAIL ASSOCIATES LTD, Store No. 353 and ELSTON/LEETSDALE, LLC, Store No. 209, by and through their Property Manager and Agent, TERRANOVA CORP., (collectively the "Terranova Landlords"), file this Limited Objection to the Joint Plan of Reorganization (the "Plan") of Winn Dixie Stores, Inc. and 23 of its subsidiaries and affiliates (collectively, the "Debtors"). The Terranova Landlords state as grounds for this Objection, the following:

**BACKGROUND**

The Debtors operate Winn Dixie Store nos. 278, 254, 221, 353 and 209 on the Terranova Landlords' property located in South Florida (collectively, the "Stores"). The Debtors have filed motions to assume the leases of the Stores and a motion to assume certain subleases for at least one of the Stores .

## ARGUMENT

The Terranova Landlords object to the Plan because Section 7.4 of Article VII (Treatment of Executory Contracts and Unexpired Leases) at page A-28 of the Plan states that the Debtors have discretion to reject an unexpired lease that is subject to a pending motion for assumption, after confirmation of the Plan. This provision of the Plan is inconsistent with (1) the Debtors' agreement that their right to reject an unexpired lease that is subject to a pending motion for assumption would be limited to and conditioned upon the failure of the occurrence of the Effective Date of the Plan and (2) this Court's August 18, 2006 Order (I) Authorizing Assumption of Non-Residential Real Property Leases, (II) Fixing Cure Amounts and (III) Granting Related Relief [Docket No. 10384] (the "Order"), with respect to the Stores. A copy of the Order is attached as **Exhibit "1."**

Section 7.4 of Article VII of the Plan states (emphasis added):

> Any monetary amounts by which each executory contract and unexpired lease to be assumed pursuant to the Plan is in default shall be satisfied, under Section 365(b)(1) of the Bankruptcy Code, by Cure. If there is a dispute regarding (a) the nature or amount of any Cure, (b) the ability of any Reorganized Debtor or any assignee to provide 'adequate assurance of future performance' (within the meaning of Section 365 of the Bankruptcy Code) under the contract or lease to assumed, or (c) any other matter pertaining to assumption, Cure shall occur following the entry of a Final Order by the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, at the case may be; *provided, however, that the Reorganized Debtors shall be authorized to reject any executory contract or unexpired lease to the extent the Reorganized Debtors, in the exercise of their sound business judgment, conclude that the amount of the Cure obligation as determined by such Final Order, renders assumption of such executory contract or unexpired lease unfavorable to the Reorganized Debtors.*

In response to objections by certain landlords, including the Terranova Landlords, the Debtors announced at an August 10, 2006 hearing their agreement to limit their ability to reject unexpired leases that are subject to pending motions to assume to the narrow circumstance where the

Effective Date of the Plan fails to occur. The transcript of the August 10 hearing reflects the Debtors' agreement as to the Stores:

> MR.. BUSEY: Yes, Your Honor. Thank you.
>
> Mr. Frisch is right, there was a request in the motion that the debtors have authority to assume or reject further these leases that we are asking to assume by this motion through the confirmation date.
>
> And upon Mr. Frisch raising that objection and others raising that objection, we are willing to clarify that, and thought we had by the proposed order, that we seek no further window to reject these leases.
>
> The debtor has made the decision to assume the leases which are the subject of this motion. And the only contingency that the debtors have provided for by the motion is the possibility that the effective date doesn't occur. But apart from that, the debtors intend to be bound by their decision to assume the leases.
>
> The reason that the motion asks for the leases to be assumed as of the effective date was not because of the mere issue about the delay in the cure payment, it was an issue that was raised by the creditors' committee in the case.
>
> The creditors' committee was concerned about the contingency, however remote, that the effective date may not occur and that this case could be converted to a Chapter 7, and the creditors' committee did not want to have the estates burdened by the administrative expense of assumed leases. And that's the reason for the contingency.

Transcript of proceeding, August 10, 2006 at page 29, line 25, page 30, lines 1 – 25 and page 31, lines 1 – 5 (excerpt attached as **Exhibit "2"**).

To incorporate the foregoing agreement and follow the terms of the Order, the Confirmation Order should provide that Section 7.4 of Article VII of the Plan is modified as follows:

> Any monetary amounts by which each executory contract and unexpired lease to be assumed pursuant to the Plan is in default shall be satisfied, under Section 365(b)(1) of the Bankruptcy Code, by Cure. If there is a dispute regarding (a) the nature or amount of any Cure, (b) the ability of any Reorganized Debtor or any assignee to provide 'adequate assurance of future performance' (within the meaning of Section 365 of the Bankruptcy Code) under the contract or lease to assumed, or (c) any other matter pertaining to assumption, Cure shall occur following the entry of a Final Order by the Bankruptcy Court resolving the dispute and approving the

assumption or assumption and assignment, at the case may be; *provided, however,* that if <u>the Effective Date of the Plan fails to occur</u>, the Debtors shall be authorized to reject any executory contract or unexpired lease.

## CONCLUSION

For the foregoing reasons, the Terranova Landlords respectfully request that this Court sustain their objection to the Debtors' Plan and provide in the Confirmation Order the modification to the Plan proposed above.

Dated: <u>September 13, 2006</u>

                                                                     Respectfully submitted,

                                                                     SCRUGGS & CARMICHAEL, P.A.

                                                                     <u>/s/ Jeffrey R. Dollinger, Esquire</u>
                                                                     JEFFREY R. DOLLINGER, ESQUIRE
                                                                     KAREN K. SPECIE, ESQUIRE
                                                                     Post Office Box 23109
                                                                     Gainesville, FL 32602
                                                                     Telephone: 352-376-5242
                                                                     Facsimile: 352-375-0690
                                                                     Florida Bar No. 650218
                                                                     Attorneys for Terranova Corp.

                                                                     TEW CARDENAS LLP
                                                                     <u>/s/ Thomas R. Lehman, P.A.</u>
                                                                     THOMAS R. LEHMAN, P.A.
                                                                     Four Seasons Tower, 15th Floor
                                                                     1441 Brickell Avenue
                                                                     Miami, Florida 33131
                                                                     Telephone:  305-536-1112
                                                                     Facsimile:  305-536-1116
                                                                     Florida Bar No. 351318
                                                                     Attorneys for Terranova Corp.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing *OBJECTION BY LANDLORDS, WESTFORK TOWER, LLC, CONCORD-FUND IV RETAIL, LP, TA CRESTHAVEN, LLC, FLAGLER RETAIL*

*ASSOCIATES, LTD., AND ELSTON/LEETSDALE, LLC TO DEBTORS' CONFIRMATION OF DEBTORS' JOINT PLAN OF REORGANIZATION (DOCKET NO. 10058)* was electronically filed with the US Bankruptcy Court on this **13th day of September, 2006**, and that a copy of this document was furnished either by electronic transmission or by United States first class mail postage prepaid to: **D. J. Baker, Esquire,** djbaker@skadden.com, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; **Rosalie Walker Gray, Esquire**, rgray@skadden.com, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; **Adam Ravin, Esquire**, aravin@skadden.com, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; **James H. Post, Esquire,** jpost@smithhulsey.com, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL 32201; **Cynthia C. Jackson, Esquire**, cjackson@smithhulsey.com, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL 32201; Official Committee of Unsecured Creditors, c/o Dennis F. Dunne, Esquire, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; **Matthew Barr, Esquire**, mbarr@milbank.com, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; **John B. Macdonald, Esquire**, john.macdonald@akerman.com, Akerman, Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202; **John Longmire, Esquire**, jlongmire@willkie.com, Willkie Farr & Gallagher, LLP, 787 Seventh Avenue, New York, NY 10019-6099; and **Elena L. Escamilla, Esquire**, Office of United States Trustee – JAX, 135 W. Central Blvd., Suite 620, Orlando, FL 32801.

/s/ Terri L. Darden

469210v1