```
 1              UNITED STATES BANKRUPTCY COURT
                 MIDDLE DISTRICT OF FLORIDA
 2                   JACKSONVILLE DIVISION

 3

 4    IN RE:

 5
      WINN-DIXIE STORES, INC.,        CASE NO.: 05-3817-3F1
 6

 7            Debtors.
      _____/
 8

 9
                    TRANSCRIPT OF PROCEEDINGS
10

11

12          Hearing on Motions before the Honorable Jerry

13    A. Funk, U.S. Bankruptcy Judge, to commence at

14    approximately 1:00 p.m., on Thursday, August 10, 2006,

15    at the United States Courthouse, Courtroom 4D, 300

16    North Hogan Street, Jacksonville, Florida, as reported

17    by Elizabeth M. Masters, RPR, and a Notary Public in

18    and for the State of Florida at Large.

19

20                          - - -

21

22

23

24            STATEWIDE REPORTING SERVICE
                606 BLACKSTONE BUILDING
25           JACKSONVILLE, FLORIDA  32202
                    (904) 353-7706
```

**Exhibit "2"**

```
 1                    A P P E A R A N C E S
 2
 3
 4
     ATTORNEYS APPEARING ON THE RECORD
 5
 6
 7       STEPHEN D. BUSEY, ESQUIRE
         JAMES H. POST, ESQUIRE
 8
              Attorneys for Debtors
 9
10       TOM PENNINGTON, ESQUIRE
11            Attorney for Liberty Mutual Insurance Company
12
         ADAM FRISCH, ESQUIRE
13
              Attorney for Florida Dickens Associates, et
14       al.
15
         PATRICK PATANGAN, ESQUIRE
16
              Attorney for the Creditors' Committee
17
18       BILL PORTER, ESQUIRE
19            Attorney for the United States Trustee
20
         KAREN SPECIE, ESQUIRE
21       THOMAS LEHMAN, ESQUIRE
22            Attorneys for Terranova Corporation, et al.
23
24                            - - -
25
```

```
 1                   TABLE OF CONTENTS
 2
 3    MOTIONS                                                PAGE
 4
      Motion for Order Authorizing Debtors
 5    to Enter Into Surety Credit Facility
      with Liberty Mutual                                      4
 6
 7    Motion to Allow Late Filed Claims,
      City of Norfolk                                           6
 8
 9    Fifth Omnibus Objection to
      Workers' Compensation Claims                              6
10
11    Applications for Allowance of Fees
      and Expenses, Items 4-22                                  7
12
13    Fourth Omnibus Objection to Tax Claims,
      Motion for Order Determining Tax
14    Liabilities Filed by Debtor                              13
15
      Objection to Claim Filed by the U.S.
16    Department of Health and Human Services                  16
17
      Fourteenth Omnibus Objection to No
18    Liability Claims and No Liability
      Misclassified Claims                                     17
19
20    Amended Omnibus Motion for Order to Assume
      Nonresidential Real Property Leases, Fix
21    Cure Amounts and Grant Related Relief                    18
22
                              - - -
23
24
25
```

1    So our proposal is that the assumption should
2    be effective the date the order is entered, which
3    would presumably be today. And we would also like
4    the cure amounts, the undisputed cure amounts, to
5    be paid a date reasonably thereafter, or a prompt
6    cure, as required by the code, shortly thereafter
7    the order is entered.
8    If the debtors are proposing to pay the
9    undisputed cure amounts on the effective date,
10   there's no reason they shouldn't have to pay --
11   they shouldn't be able to pay the undisputed cure
12   amounts today if the order is entered.
13   So we feel that basically the assumption of
14   the leases should be effective today. That if the
15   assumption of the leases is effective on the
16   effective date of the plan, we're basically giving
17   the debtor a right to change their mind, number
18   one, and we're giving a reorganized debtor the
19   right to assume the lease, which is contrary to
20   the code, and there's no authority in the code for
21   such action by the debtors.
22        THE COURT: Thank you very much.
23        Do you want to speak to those objections,
24   Mr. Busey?
25        MR. BUSEY: Yes, Your Honor. Thank you.

1        Mr. Frisch is right, there was a request in
2   the motion that the debtors have authority to
3   assume or reject further these leases that we are
4   asking to assume by this motion through the
5   confirmation date.
6        And upon Mr. Frisch raising that objection
7   and others raising that objection, we are willing
8   to clarify that, and thought we had by the
9   proposed order, that we seek no further window to
10  reject these leases.
11       The debtor has made the decision to assume
12  the leases which are the subject of this motion.
13  And the only contingency that the debtors have
14  provided for by the motion is the possibility that
15  the effective date doesn't occur.  But apart from
16  that, the debtors intend to be bound by their
17  decision to assume the leases.
18       The reason that the motion asks for the
19  leases to be assumed as of the effective date was
20  not because of the mere issue about the delay in
21  the cure payment, it was an issue that was raised
22  by the creditors' committee in the case.
23       The creditors' committee was concerned about
24  the contingency, however remote, that the
25  effective date may not occur and that this case

31

```
 1      could be converted to a Chapter 7, and the
 2      creditors' committee did not want to have the
 3      estates burdened by the administrative expense of
 4      assumed leases. And that's the reason for the
 5      contingency.
 6           There is plenty of authority. And I have it,
 7      if the Court cares to see it, with me. There is
 8      plenty of authority for postconfirmation
 9      assumptions and postconfirmation cures. All the
10      Court has to do is, in the plan approving a
11      confirmation order, is to reserve jurisdiction.
12      And the debtors can -- we're not seeking to do it
13      here, but the debtors can file motions to assume
14      or reject postconfirmation if there's a
15      reservation of jurisdiction of confirmation
16      order.
17           All we're asking for today is an order
18      entered that directs the debtors upon their
19      decision to assume, which we've already made by
20      reason of this motion, to give us the authority to
21      assume it, contingent only upon the occurrence of
22      the effective date and to pay the cure amounts at
23      the time of the effective date.
24           I also have lots of authorities. Section
25      365's requirement of prompt payment of cure
```