UNITED STATES BANKRUPTCY COURT
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| WINN-DIXIE STORES, INC., *et al.*, | ) Case No. 05-03817-3F1 |
| | ) Chapter 11 |
| Debtors. | ) Jointly Administered |
| | ) |

SUPPLEMENTAL DECLARATION OF SAUL E. BURIAN PURSUANT TO
BANKRUPTCY RULE 2014(A) AND SECTION 101(14) OF THE BANKRUPTCY
CODE

SAUL E. BURIAN, under penalty of perjury, declares and says:

1. I am a Managing Director of the firm of Houlihan Lokey Howard & Zukin Capital ("Houlihan Lokey"), a financial advisory firm that maintains an office at 245 Park Avenue, New York, New York 10167. I am authorized to execute this declaration on behalf of Houlihan Lokey, and submit this declaration pursuant to Sections 328(a) and 1103(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code") and Rules 2014(a) and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[1]

## Background

2. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and certain affiliates (collectively, "Winn-Dixie" or the "Debtors") each filed a voluntary petition for relief

under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

3.   On March 1, 2005, the United States Trustee duly appointed the Committee.

4.   By order dated April 13, 2005, the New York Bankruptcy Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5.   This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 328 and 331 of the Bankruptcy Code.

### Retention of Houlihan Lokey

6.   On March 3, 2005, the Committee retained Houlihan Lokey to act as the financial advisor to the Committee.

7.   On March 29, 2005, the Committee filed an application with this Court (the "Retention Application") requesting authorization to employ and retain Houlihan Lokey as financial advisor to the Committee pursuant to Sections 328(a) and 1103 of the Bankruptcy Code. As noted in the Retention Application, Houlihan Lokey performed services for the Committee effective nunc pro tunc to March 3, 2005.

8.   On June 3, 2005, this Court authorized the Committee to retain and employ Houlihan Lokey as financial advisor to the Committee in these Chapter 11 cases, pursuant to the

---

[1]   Certain of the disclosures herein relate to matters within the knowledge of other professionals at Houlihan Lokey and are based on information provided by them.

terms of the engagement letter between the Committee and Houlihan Lokey dated March 3, 2005 (the "Engagement Letter") as modified by the Retention Order.

9. In support of the Retention Application, I provided a Declaration ("Original Declaration") which stated, among other things, that to the best of my knowledge, and other than was described in the Original Declaration, neither I, Houlihan Lokey and its affiliates, nor any of our professionals or employees in or connected with Houlihan Lokey's engagement with the Debtors (i) is related to the Debtors or any other party in interest herein, the United States Trustee or anyone employed in the United States Trustee's Office; or (ii) has any connection with or holds or represents any interest adverse to the Debtors, its estate, its creditors or any other party in interest herein or their respective attorneys in the matters on which Houlihan Lokey is retained.

10. Furthermore, I stated in the Original Declaration that to the extent any new relevant facts or relationships are discovered or arise during the pendency of these Chapter 11 cases, Houlihan Lokey will use reasonable efforts to identify such further developments and will, if appropriate, promptly file a Supplemental Affidavit as required by Bankruptcy Rule 2014(a).

## Supplemental Disclosure

11. Since the filing of the Original Declaration, it has come to my attention that Best Manufacturing Group LLC, ("BMG") is a vendor to Winn-Dixie of certain "Image" apparel worn by certain Winn-Dixie service personnel. Winn-Dixie accounted for only approximately $1.3 million in revenues to BMG in its current fiscal year.

12. BMG was organized as a limited liability company in the State of Delaware on May 17, 2001 as Best Textiles LLC and subsequently changed its name to "Best Manufacturing Group LLC." BMG and its affiliates comprise one of the largest manufacturers and distributors

of textiles, career apparel and other products for the hospitality, healthcare and textile rental industries. Its "Image" apparel business is relatively new and very small as compared to its core business. BMG and its affiliates employ approximately 2,330 people worldwide and generated sales of approximately $232 million in its fiscal year 2005. BMG has a broad and diverse customer base of more than 4,000 accounts. On August 9, 2006, BMG and certain of its affiliates ("BMG Debtors") filed voluntary petitions for relief pursuant to Chapter 11, Title 11 of the United States Code.

13. Houlihan Lokey has been retained as a financial advisor to the BMG Debtors and its affiliates in connection with their petition for Chapter 11 filing in the United States Bankruptcy Court for the District of New Jersey (Case Nos. 06-17415 through 06-17417, 06-17420 and 06-17422). It is my understanding that the aforementioned business relationship with BMG is immaterial to Winn-Dixie. In fact, I was not aware of the relationship between Winn-Dixie and the BMG Debtors until I reviewed a BMG supplied customer list for its "image" apparel business. Winn-Dixie is not a prepetition creditor of the BMG Debtors.

14. Houlihan Lokey has thousands of clients, past and present, which are located throughout the world, in a variety of industries. Such clients may include certain of the persons or entities that are identified as creditors of the Debtors. It is also possible that some past or present clients of Houlihan Lokey may have some connection to, or are creditors or holders of securities of, the Debtors. Nevertheless, insofar as I have been able to ascertain based on the results of the foregoing, to the best of my knowledge, and except for the Debtors, Houlihan Lokey has not advised any party in interest in connection with the Debtors' Chapter 11 cases.

15. Some of Houlihan Lokey's present and future employees may have, or may in the future have, personal investments in funds or other investment vehicles, over whose investment

decisions such employees have no input or control. Such entities may have made, or may in the future make, investments in the Debtors' securities, or those of its creditors, or other parties in interest in these cases.

16.  To the extent Houlihan Lokey discovers any material facts bearing on the matters described herein during the period of Houlihan Lokey's retention, Houlihan Lokey understands to amend and supplement the information contained in this Supplemental Declaration and the Original Declaration to disclose such facts.

17.  Based on all of the foregoing, Houlihan Lokey is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
          9/12, 2006

_____
Saul E. Burian

*[Notary signature]* 9/12/2006

YEMI O. FAWEHINMI
Notary Public, State of New York
No. 01FA6104127
Qualified in New York County
Commission Expires January 12, 20 08

5