August 30, 2006

D.J. Baker
Sally McDonald Henry, Rosalien Walker Gray, Adams S. Ravin
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, New York 10036
Co-Counsel for Debtors

Stephen D. Busey
James H. Post, Cynthia C. Jackson,
Leanne Prendergast
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, FL 32202

Re: Accounts, Stockholders
1. WDX-529951-V1-AD
2. WDX-529952-V1-AD

FILED
JACKSONVILLE, FLORIDA
SEP 13 2006
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

OBJECTIONS:   Stated below Section C

1. Winn-Dixie Stores, Inc., et al.,Debtors
   Case Number 05-03817-3F1
   Chapter 11
   Jointly Administered

   A. Jessie M Williams
   B. Jessie M. Williams & Matthew Williams Jt Ten
      5550 Belafonte Drive
      Jacksonville, FL 32209-2262

SECTION: C

I Jessie Williams and my husband Matthew Williams are Share Stock Holders of Winn-Dixie old Common Stock. We fell as stock holders we should be compensated and protected through Winn-Dixie Stock Plan (Common). There was a **contract** between Winn-Dixie and the stock holders. Stocks were purchased from a company where people were highly respected (very highly). Today those people are told that their stocks are no longer good anymore merely worthless! What now? Do we have the next generation work hard achieve your dreams and goals but don't invest in your companies job growth because in the end you might not be finincial stable, we fell no one deserves this. It is the employees of theses companies who help make any business what it is today, it doesn't matter about a job and it's title it may hold we are all people and this effects us all equally.

Remember:  "The Stock Holders"

Sincerely

Jessie M. Williams
Matthew Williams Jt Ten
(904)764-7406

*Jessi M. Williams* 9-13-06

_) any Claim for attorneys fees related to any of the foregoing.

(c) A <u>Non-Compensatory Damages Claim</u> means any Claim for any fine, penalty, or forfeiture, or multiple, exemplary, or punitive damages, to the extent that such fine, penalty, forfeiture, or damage is not compensation for actual pecuniary loss suffered by the holder of such Claim, including, without limitation, any such Claim based upon, arising from, or relating to any cause of action whatsoever (including, without limitation, violation of law, personal injury, or wrongful death, whether secured or unsecured, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising in law, equity or otherwise), and any such Claim asserted by a governmental unit in connection with a tax or other obligation owing to such unit; provided, however, that such term shall not include any Claim that might otherwise constitute a Non-Compensatory Damages Claim but for a Final Order allowing such Claim as an Administrative Claim, Priority Tax Claim, Other Priority Claim, Convenience Claim, Secured Tax Claim, Other Secured Claim, Unsecured Claim, or Subordinated Claim.

(d) <u>Winn-Dixie Interests</u> means, collectively, all equity interests in Winn-Dixie, including, without limitation, the Old Winn-Dixie Common Stock Interests and the <u>Old Winn-Dixie Stock Rights</u>. Old Winn-Dixie Common Stock Interests are the shares of common stock of Winn-Dixie issued and outstanding as of the Petition Date or otherwise held as of the applicable Distribution Record Date, including common stock acquired by holders of stock options and other rights to acquire stock who exercise their rights by the applicable Distribution Record Date. Old Winn-Dixie Stock Rights are the rights issued by Winn-Dixie and outstanding as of the Petition Date that give the holders thereof the right to purchase Old Winn-Dixie Common Stock Interests, including any stock options, warrants, conversion rights, rights of first refusal, or other rights, contractual or otherwise, to acquire or receive any stock or other equity ownership interests in Winn-Dixie, and any contracts, subscriptions, commitments, or agreements pursuant to which a party was or could have been entitled to receive shares, securities, or other ownership interests in Winn-Dixie prior to the Effective Date (whether or not arising under or in connection with any employment agreement), to the extent such rights have not been exercised as of the Distribution Record Date applicable to Old Winn-Dixie Common Stock Interests.

4. Under the terms of the Plan, holders of Intercompany Claims, Subordinated Claims, Non-Compensatory Damages Claims, and Winn-Dixie Interests are not entitled to receive or retain any property on account of such Claims or Interests, and such Claims or Interests are cancelled and discharged. Therefore, in accordance with Section 1126(g) of the Bankruptcy Code, if you hold such a Claim or Interest, you are deemed to have rejected the Plan and are not entitled to vote on the Plan. Because no class of Claims or Interests junior to the classes containing Intercompany Claims, Subordinated Claims, Non-Compensatory Damages Claims, or Winn-Dixie Interests will receive any distribution under the Plan, the Bankruptcy Court can confirm the Plan over the deemed rejections of such classes pursuant to Section 1129(b) of the Bankruptcy Code.

5. NOTICE TO STOCKHOLDER (HOLDERS OF WINN-DIXIE INTERESTS): THE FOREGOING MEANS THAT YOUR STOCK INTERESTS IN WINN-DIXIE STORES, INC. WILL BE CANCELLED AND YOU WILL HAVE NO INTEREST OF ANY KIND IN WINN-DIXIE STORES, INC., ANY OF THE OTHER DEBTORS, OR THE REORGANIZED DEBTORS.

6. A hearing to consider confirmation of the Plan will be held on October 13, 2006, at 9:00 a.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

7. No later than September 25, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the Claim or Interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

8. The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

9. Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

10. NOTICE TO REGISTERED OR RECORD HOLDERS, BANKS, BROKERS, AND OTHER NOMINEES OF BENEFICIAL HOLDERS OF COMMON STOCK ISSUED BY WINN-DIXIE STORES, INC.: YOU ARE DIRECTED TO IMMEDIATELY DELIVER A COPY OF THIS NOTICE TO THE BENEFICIAL HOLDERS. YOU MAY OBTAIN ADDITIONAL COPIES OF THIS NOTICE IF NEEDED FROM LOGAN & COMPANY, INC., 546 VALLEY ROAD, UPPER MONTCLAIR, NEW JERSEY 07043, TELEPHONE: (973) 509-3190.

Dated: August 9, 2006

D. J. Baker
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, New York 10036

Co-Counsel for Debtors

Stephen D. Busey
James H. Post, Cynthia C. Jackson, Leanne Prendergast
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Co-Counsel for Debtors

or (e) any Claim for attorneys fees related to any of the foregoing.

(c) A <u>Non-Compensatory Damages Claim</u> means any Claim for any fine, penalty, or forfeiture, or multiple, exemplary, or punitive damages, to the extent that such fine, penalty, forfeiture, or damage is not compensation for actual pecuniary loss suffered by the holder of such Claim, including, without limitation, any such Claim based upon, arising from, or relating to any cause of action whatsoever (including, without limitation, violation of law, personal injury, or wrongful death, whether secured or unsecured, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising in law, equity or otherwise), and any such Claim asserted by a governmental unit in connection with a tax or other obligation owing to such unit; provided, however, that such term shall not include any Claim that might otherwise constitute a Non-Compensatory Damages Claim but for a Final Order allowing such Claim as an Administrative Claim, Priority Tax Claim, Other Priority Claim, Convenience Claim, Secured Tax Claim, Other Secured Claim, Unsecured Claim, or Subordinated Claim.

(d) <u>Winn-Dixie Interests</u> means, collectively, all equity interests in Winn-Dixie, including, without limitation, the Old Winn-Dixie Common Stock Interests and the Old Winn-Dixie Stock Rights. Old Winn-Dixie Common Stock Interests are the shares of common stock of Winn-Dixie issued and outstanding as of the Petition Date or otherwise held as of the applicable Distribution Record Date, including common stock acquired by holders of stock options and other rights to acquire stock who exercise their rights by the applicable Distribution Record Date. Old Winn-Dixie Stock Rights are the rights issued by Winn-Dixie and outstanding as of the Petition Date that give the holders thereof the right to purchase Old Winn-Dixie Common Stock Interests, including any stock options, warrants, conversion rights, rights of first refusal, or other rights, contractual or otherwise, to acquire or receive any stock or other equity ownership interests in Winn-Dixie, and any contracts, subscriptions, commitments, or agreements pursuant to which a party was or could have been entitled to receive shares, securities, or other ownership interests in Winn-Dixie prior to the Effective Date (whether or not arising under or in connection with any employment agreement), to the extent such rights have not been exercised as of the Distribution Record Date applicable to Old Winn-Dixie Common Stock Interests.

4. Under the terms of the Plan, holders of Intercompany Claims, Subordinated Claims, Non-Compensatory Damages Claims, and Winn-Dixie Interests are not entitled to receive or retain any property on account of such Claims or Interests, and such Claims or Interests are cancelled and discharged. Therefore, in accordance with Section 1126(g) of the Bankruptcy Code, if you hold such a Claim or Interest, you are deemed to have rejected the Plan and are not entitled to vote on the Plan. Because no class of Claims or Interests junior to the classes containing Intercompany Claims, Subordinated Claims, Non-Compensatory Damages Claims, or Winn-Dixie Interests will receive any distribution under the Plan, the Bankruptcy Court can confirm the Plan over the deemed rejections of such classes pursuant to Section 1129(b) of the Bankruptcy Code.

5. **NOTICE TO STOCKHOLDER (HOLDERS OF WINN-DIXIE INTERESTS): THE FOREGOING MEANS THAT YOUR STOCK INTERESTS IN WINN-DIXIE STORES, INC. WILL BE CANCELLED AND YOU WILL HAVE NO INTEREST OF ANY KIND IN WINN-DIXIE STORES, INC., ANY OF THE OTHER DEBTORS, OR THE REORGANIZED DEBTORS.**

6. A hearing to consider confirmation of the Plan will be held on October 13, 2006, at 9:00 a.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

7. No later than September 25, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the Claim or Interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

8. The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

9. Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

10. **NOTICE TO REGISTERED OR RECORD HOLDERS, BANKS, BROKERS, AND OTHER NOMINEES OF BENEFICIAL HOLDERS OF COMMON STOCK ISSUED BY WINN-DIXIE STORES, INC.: YOU ARE DIRECTED TO IMMEDIATELY DELIVER A COPY OF THIS NOTICE TO THE BENEFICIAL HOLDERS. YOU MAY OBTAIN ADDITIONAL COPIES OF THIS NOTICE IF NEEDED FROM LOGAN & COMPANY, INC., 546 VALLEY ROAD, UPPER MONTCLAIR, NEW JERSEY 07043, TELEPHONE: (973) 509-3190.**

Dated: August 9, 2006

| | |
|---|---|
| D. J. Baker<br>Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Four Times Square<br>New York, New York 10036<br><br>Co-Counsel for Debtors | Stephen D. Busey<br>James H. Post, Cynthia C. Jackson, Leanne Prendergast<br>SMITH HULSEY & BUSEY<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br><br>Co-Counsel for Debtors |