ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
Telephone: (516) 224-6040
Facsimile: (516) 224-6049

United States Bankruptcy Court
Middle District of Florida (Jacksonville)

| | |
|---|---|
| In re: ) | |
| ) | |
| Winn-Dixie Procurement, Inc. ) | Chapter 11 |
| ) | Case No. 3:05-03817-JAF |
| ) | Claim No. |
| Debtor ) | |

NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP 3001E (1)

To Transferor:   CONWOOD CO LP
                 PO BOX 2121
                 MEMPHIS, TN 38159

Your entire claim as shown in the amount of **$85,117.16** has been transferred to:

ASM Capital II, L.P.
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Dated:   September 13, 2006

Adam Moskowitz
ASM Capital II, L.P.
516-224-6040

## ASSIGNMENT OF CLAIM AGREEMENT

Conwood Company, L.P., ("Assignor") in consideration of Assignor's receipt of the sum of ("Purchase Price") on or before the Closing Date (hereinafter defined) does hereby assign to ASM Capital, which includes ASM Capital, L.P., ASM Capital II, L.P. (hereinafter "ASM" or "Assignee") having a mailing address at 7600 Jericho Turnpike, Suite 302, Woodbury, New York 11797, all of Assignor's rights, title, and interest in and to the allowed unsecured claim ("Claim") of Assignor against Winn-Dixie Procurement, Inc. ("Debtor"), debtor in bankruptcy proceedings (the "Proceedings") in the United States Bankruptcy Court for the Middle District of Florida (Jacksonville) (the "Court"), Case No. 3:05-03817-JAF. Including any and all Proof of Claim(s) associated with and filed by Assignor with the Court (the "Claim") and; all cash, securities, instruments and other property which may be paid or issued in satisfaction of the Claim and all rights to receive interest, penalties, fees, and any damages from any cause of action or litigation which may be paid with respect to the Claim (the "Recovery"). This Assignment of Claim agreement (the "Agreement") shall be deemed an unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

The Proof of Claim provided to Assignor is attached. Assignor represents and warrants that: (1) the amount of the Claim is not less than $85,117.16 (the "Claim Amount"), (2) Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, (3) Assignor owns and has title to the Claim free of any and all liens, security interests or encumbrances of any kind or nature whatsoever, (4) to the best of its knowledge, there are no offsets or defenses that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value or to subordinate the Claim. The unsecured non-priority Claim Amount of $85,117.16 was reclassified in part by the Court in which $54,156.25 remained classified as unsecured non-priority and $30,960.91 was reclassified as administrative priority, (reclamation).

The Assignor and Assignee each represents and warrants to the other that it has the authority and power to execute and deliver this Assignment. Additionally, Assignor shall take such reasonable action as may be necessary and as Assignee may direct to assure that all notices, distributions and payments received from Debtor, the Court or any third party on account of the Claim are forwarded promptly to Assignee. Assignee will pay the Purchase Price to Assignor within five (5) business days of the Assignee's receipt of this Assignment executed by an authorized signatory on behalf of Assignor (the "Closing Date"); and failure of Assignee to pay the Purchase Price, as provided herein, by the Closing Date shall render this Assignment null and void.

Assignor and Assignee hereby agree to the terms set forth in the Assignment.

In Witness Whereof, for good and valuable consideration and intending to be legally bound hereby, the Assignor and assignee have executed this Assignment this 7th day of ~~August~~ September, 2006.

By Conwood Company, LP

By _____
Signature

By ASM Capital

By _____
Signature

J. S. Wilson
Secretary & General Counsel

Adam Moskowitz / Managing Member
Print Name / Title

*In the event and to the extent that, pursuant to the Proceedings, the Claim or Claim Amount is avoided, disallowed, expunged, reduced or is otherwise subordinated in the Proceedings, in whole or in part, Assignor or Assignor's transferee or successor-in-interest, agrees to make immediate and proportional restitution, no later than 30 days of receiving notice of such action hereof.