# UNITED STATES BANKRUPTY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

**WINN-DIXIE STORES, INC., et al.,**

Debtors.[1]

Chapter 11

Case No. 05-03817-3F1

(Jointly Administered)

## CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1.   I am of legal age and I am not a party to this action.

2.   I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims, Noticing and Tabulation Agent for the above-captioned Debtors.

3.   On or about August 15, 2006 I caused the following to be served, in the manner set forth in the Solicitation and Tabulation Procedures Order entered on August 4, 2006:

- the **Notice of Non-Voting Status Under Debtors' Joint Plan of Reorganization**;
- the **Claim Reduction Form**;
- the **Confirmation Hearing Notice**;
- the **Solicitation Letter from the Debtor**;
- the **Solicitation Letter from the Creditors' Committee**;
- the **Disclosure Statement [Refer to Docket No. 10057]**;
- the **Plan [Refer to Docket No. 10058]**; and,
- a **Business Reply Envelope**,

to be inserted (as appropriate) in first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served documents as listed above (excluding the Disclosure Statement and Plan) is attached hereto as Exhibit B.

Dated: September 13, 2006

_____
Kathleen M. Logan

---

[1]       In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

# EXHIBIT A
# SERVICE LIST

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                                    **CASE:    05-03817-3F1**

CREDITOR ID: 2029-07
12TH STREET & WASHINGTON ASSOCS, LP
C/O MARK D SVEJDA LAW OFFICE
ATTN MARK D SVEJDA, ESQ
6909 E GREENWAY PARKWAY
SCOTTSDALE AZ 85254

CREDITOR ID: 2029-07
12TH STREET & WASHINGTON ASSOCS, LP
8698 EAST SAN ALBERTO DRIVE
SCOTTSDALE AZ 85258

CREDITOR ID: 996-07
1954 UNIONPORT ASSOCIATES,  LLC
C/O ECKSTEIN PROPERTIES
ATTN S ECKSTEIN, MANAGING MEMBER
60 BOARD STREET
NEW YORK, NY 10004

CREDITOR ID: 241239-12
1980 UNIONPORT ASSOCIATES LLC
C/O GOLDSTEIN COMMERCIAL PROPERTY
ATTN LINDA GOLDSTEIN
3753-1 CARDINAL POINT DRIVE
JACKSONVILLE, FL 32257

CREDITOR ID: 279332-36
A DUDA & SONS, INC
C/O MEUERS LAW FIRM, PI
ATTN LAWRENCE H MEUERS, ESQ
5395 PARK CENTRAL COURT
NAPLES FL 34109

CREDITOR ID: 410452-15
ACADIANA BOTTLING CO, INC
ATTN JAMES M ANGERS, JR, CFO
1003 HUGH WALLIS ROAD, BLDG A
LAFAYETTE LA 70508

CREDITOR ID: 410373-15
ALLEN BEVERAGES, INC, DBA
PEPSI COLA BOTTLING CO OF GULFPORT
ATTN C GRAVES/E A ALLEN II
13300 DEDEAUX RD
PO BOX 1037
GULFPORT MS 39505-2037

CREDITOR ID: 403197-99
ALLEN CANNING COMPANY
C/O WRIGHT LINDSEY & JENNINGS LLP
ATTN JAMES J GLOVER, ESQ
200 WEST CAPITOL AVE, STE 2300
LITTLE ROCK AR 72201

CREDITOR ID: 399614-98
AMROC INVESTMENTS LLC
ATTN DAVID S LEINWAND ESQ
535 MADISON AVE 15TH FLR
NEW YORK NY 10022

CREDITOR ID: 399729-98
ASM CAPITAL LP
ATTN ADAM MOSKOWITZ
7600 JERICHO TPK STE 302
WOODBURY NY 11797

CREDITOR ID: 279338-36
ASSOCIATED BRANDS, INC
ATTN BECKY L RATH, CR MGR
PO BOX 788
MEDINA  NY 14103

CREDITOR ID: 405952-98
ATRADIUS TRADE CREDIT INSURANCE INC
CLAIMS DEPARTMENT
ATTN DANA SANTILLI
5026 CAMPBELL BLVD STE A-D
BALTIMORE MD 21236

CREDITOR ID: 381991-36
BAR-S FOODS CO
ATTN M KACHALUBA OR M SURIANO
3838 N CENTRAL AVE SUITE 1900
PHOENIX AZ 85012

CREDITOR ID: 381991-36
BAR-S FOODS CO
C/O SNELL & WILMER, LLP
ATTN PETER J RATHWELL, ESQ
400 EAST VAN BUREN ST
PHOENIX AZ 85004-2202

CREDITOR ID: 410954-99
BENDERSON 85-1 TRUST & RONALD
C/O BENDERSON DEVELOPMENT CO LLC
ATTN: JOEL E SCHOLSBERG, ESQ
8441 COOPER CREEK BLVD
UNIVERSITY PARK FL 34201

CREDITOR ID: 410954-99
BENDERSON 85-1 TRUST & RONALD
BENDERSON 1995 TRUST
C/O BENDERSON DEVELOPMENT CO, INC
ATTN SUSAN HASSINGER, ESQ
570 DELAWARE AVENUE
BUFFALO NY 14202

CREDITOR ID: 411222-15
BEVERAGE SOUTH INC
ATTN JAMES W DAVIS, CONTROLLEER
751 STATE PARK ROAD
GREENVILLE SC 29609

CREDITOR ID: 410912-15
BG HIGHLANDS, LLC
C/O DEVELOPERS DIVERSIFIED REALTY
ATTN ERIC C COTTON, ESQ
3300 ENTERPRISE PARKWAY
PO BOX 228042
BEACHWOOD OH 44122

CREDITOR ID: 410895-15
BG TURFWAY, LLC
C/O DEVELOPERS DIVERSIFIED REALTY
ATTN ERIC C COTTON, ESQ
3300 ENTERPRISE PARKWAY
PO BOX 228042
BEACHWOOD  OH 44122

CREDITOR ID: 408429-15
BROWN BOTTLING GROUP, INC
C/O WATKINS, LUDLAM, ET AL
ATTN KRISTINA M JOHNSON, ESQ
633 NORTH STATES ST
PO BOX 427
JACKSON MS 39205-0427

CREDITOR ID: 408429-15
BROWN BOTTLING GROUP, INC
ATTN RAY WILKINS
591 HIGHLAND COLONY PKWY
RIDGELAND MS 39157

CREDITOR ID: 410455-15
BUFFALO ROCK COMPANY
ATTN ROGER D BARKER
111 OXMOOR ROAD
BIRMINGHAM AL 35209

CREDITOR ID: 410455-15
BUFFALO ROCK COMPANY
C/O BURR & FORMAN LLP
ATTN DEREK F MEEK, ESQ
420 NORTH TWENTIETH ST, SUITE 3100
BIRMINGHAM AL 35203-5206

CREDITOR ID: 103261-09
CAINION, REGINALD B
162 SOLOMON ROAD
KATHLEEN GA 31047

CREDITOR ID: 410393-15
CAPSTONE ADVISORS - CARRINGTON DEV
ASSOCIATES
C/O KATTEN MUCHIN ROSENMAN LLP
ATTN THOMAS J LEANSE, ESQ
2029 CENTURY PARK EAST, SUITE 2600
LOS ANGELES CA 90067

CREDITOR ID: 410870-15
CARDINAL HEALTH
C/O PITNEY HARDIN, LLP
ATTN SCOTT A ZUBER, ESQ
PO BOX 1943
MORRISTOWN NJ 07932-1945

CREDITOR ID: 279211-35
CARGILL MEAT SOLUTIONS CORP
ATTN JENNIFER HENDERSON, LAW
151 N MAIN STREET
WICHITA KS 67202

CREDITOR ID: 410454-15
CAROLINA ENTERPRISES, INC
ATTN JAMES T SCHOFIELD, PRESIDENT
PO BOX 13559
FLORENCE SC 29504

CREDITOR ID: 399480-82
CARROLL, TINA
505 CORNELL AVENUE
MELBOURNE  FL 32901

CREDITOR ID: 410561-15
CCP EMPLOYEE PROFIT SHARING PLAN
& TRUST
C/O HIERSCHE HAYWARD DRAKELEY ET AL
ATTN RUSSELL W MILLS, ESQ
15303 DALLAS PARKWAY, SUITE 700
ADDISON TX 75001

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                   **CASE:   05-03817-3F1**

CREDITOR ID: 2133-99
CHESTER DIX FLORENCE CORPORATION
C/O LAWRENCE KADISH REAL ESTATE
ATTN LAWRENCE KADISH, PRESIDENT
PO BOX 40
WESTBURY NY 11590

CREDITOR ID: 2133-99
CHESTER DIX FLORENCE CORPORATION
C/O HELD & ISRAEL
ATTN EDWIN W HELD JR, ESQ
1301 RIVERPLACE BLVD, STE 1916
JACKSONVILLE FL 32207

CREDITOR ID: 2138-99
CHESTER DIX PIKEVILLE CORPORATION
C/O HELD & ISRAEL
ATTN EDWIN W HELD JR, ESQ
1301 RIVERPLACE BLVD, STE 1916
JACKSONVILLE FL 32207

CREDITOR ID: 2138-99
CHESTER DIX PIKEVILLE CORPORATION
C/O LAWRENCE KADISH REAL ESTATE
ATTN LAWRENCE KADISH, PRESIDENT
PO BOX 40
WESTBURY, NY 11590

CREDITOR ID: 416271-15
CIRIGNANO FAMILY LP
C/O DOLLINGER GONSKI & GROSSMAN
ATTN MATTHEW DOLLINGER, ESQ
ONE OLD COUNTRY ROAD
PO BOX 9010
CARLE PLACE NY 11514-9010

CREDITOR ID: 416271-15
CIRIGNANO FAMILY LP
ATTN ALBERT J CIRIGNANO
17 OAK POINT DRIVE NORTH
BAYVILLE NY 11709

CREDITOR ID: 279115-99
COCA-COLA ENTERPRISES INC ET AL
C/O MILLER & MARTIN PLLC
ATTN: SHELLY D RUCKER, ESQ
832 GEORGIA AVE, STE 1000
CHATTANOOGA TN 37402-2289

CREDITOR ID: 246616-12
COLGATE PALMOLIVE COMPANY
ATTN CYNTHIA SMITH, CCE
2233 LAKE PARK DRIVE, SUITE 300
SMYRNA GA 30080-8856

CREDITOR ID: 410418-15
COMMERCIAL NET LEASE REALTY, INC
C/O LOWNDES, DROSDICK, ET AL
ATTN ZACHARY J BANCROFT, ESQ
PO BOX 2809
ORLANDO FL 32802-2809

CREDITOR ID: 381954-15
COMMONWEALTH OF VA AGR & CONS SVCES
C/O OFFICE OF THE ATTORNEY GENERAL
ATTN JERRY KILGORE, ESQ
900 E MAIN STREET
RICHMOND VA 23219

CREDITOR ID: 381954-15
COMMONWEALTH OF VA AGR & CONS SVCES
VDACS - STATE MILK COMMISSION
ATTN RODNEY L PHILLIPS
102 GOVERNOR STREET, RM 205
RICHMOND VA 23219

CREDITOR ID: 408340-15
CONAGRA FOODS, INC
ATTN ROBERT C ELLIS, CREDIT MGR
1 CONAGRA DRIVE
MAIL STOP 1-220
OMAHA NE 68102-5094

CREDITOR ID: 408340-15
CONAGRA FOODS, INC
C/O MCGRATH, NORTH, MULLIN & KRATZ, PC
ATTN: ROBERT J BOTHE
FIRST NATIONAL TOWER, STE 3700
1601 DODGE ST
OMAHA NE 68102

CREDITOR ID: 249116-12
COUNTY OF ERIE SCU
ATTN TIMOTHY M KONICKI
95 FRANKLIN STREET, RM 728
BUFFALO NY 14202

CREDITOR ID: 260059-12
COUNTY OF ROWAN TAX COLLECTOR
ATTN JANET PHILLIPS, DEPUTY TAX COL
402 NORTH MAIN STREET
SALISBURY NC 28144-4341

CREDITOR ID: 410811-15
CRIIMI MAE SVCS LP, SERIES 1997-C1
HOLDERS MERRILL LYNCH MORTGAGE
C/O VENABLE LLP
ATTN G A CROSS & H D FOLEY, ESQS
TWO HOPKINS PLAZA, STE 1800
BALTIMORE MD 21201

CREDITOR ID: 399487-82
DATCHER, ARNGELETTA
605 SUHTAI CT, APT 301
VIRGINIA BEACH VA 23451-4266

CREDITOR ID: 1259-07
DEFUNIAK SQUARE PARTNERS, LTD
C/O VALPARAISO REALTY CO
ATTN TERESA W FEDONCZAK
PO BOX 8
VALPARAISO, FL 32580-0008

CREDITOR ID: 279223-35
DIAL CORPORATION
ATTN: N JANASIAK, R TERREL
15501 N DIAL BLVD
SCOTTSDALE AZ 85260-1619

CREDITOR ID: 279223-35
DIAL CORPORATION
C/O SNELL & WILMER, LLP
ATTN PETER J RATHWELL, ESQ
400 EAST VAN BUREN ST
PHOENIX AZ 85004-2202

CREDITOR ID: 417063-98
DK ACQUISITION PARTNERS LP
C/O MH DAVIDSON & CO
ATTN MICHAEL J LEFELL
65 EAST 55TH STREET, 19TH FLOOR
NEW YORK NY 10022

CREDITOR ID: 279485-99
DL LEE & SONS, INC
C/O WORMSER KIELY GALEF & JACOBS
ATTN G R VON STANGE
825 THIRD AVENUE
NEW YORK NY 10022-7519

CREDITOR ID: 279485-99
DL LEE & SONS, INC
C/O MACEY WILENSKY ET AL
ATTN LOUIS G MCBRYAN, ESQ
600 MARQUIS TWO TOWER
285 PEACHTREE CENTER AVE
ATLANTA GA 30303-1229

CREDITOR ID: 406583-MS
DOOLITTLE, C W
7051 CYPRESS BRIDGE DR S
PONTE VEDRA FL 32082

CREDITOR ID: 407591-15
EAS C/O ABBOTT LABORATORIES
C/O KOHNER MANN & KAILAS, SC
ATTN MATTHEW J STICKEL, ESQ
WA BLDG, BARNABAS BUSINESS CENTER
4650 N PORT WASHINGTON ROAD
MILWAUKEE WI 53212-1059

CREDITOR ID: 1289-07
ECKSTEIN PROPERTIES LLC
ATTN SHIMON ECKSTEIN
60 BROAD STREET, SUITE 3503
NEW YORK, NY 10004

CREDITOR ID: 248884-12
ELIOT PROPERTIES
C/O M & P SHOPPING CTR
ATTN ELIOT M ARNOVITZ
5025 WINTERS CHAPEL RD
ATLANTA, GA 30360-1700

CREDITOR ID: 278462-24
FIRST WASHINGTON REALTY INC
7027 THREE CHOPT ROAD, SUITE 210
RICHMOND VA 23226

CREDITOR ID: 249964-12
FOSTER FARMS
DEPT 33334
PO BOX 39000
SAN FRANCISCO, CA 94139-3334

CREDITOR ID: 410726-15
GARDEN CITY W-D, LLC
C/O ZIMMER MANAGEMENT COMPANY
111 PRINCESS STREET
PO BOX 2628
WILMINGTON NC 28402-2628

**EXHIBIT A - SERVICE LIST**
Unimpaired Holders

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                                   **CASE:   05-03817-3F1**

CREDITOR ID: 410726-15
GARDEN CITY W-D, LLC
ZIMMER AND ZIMMER, LLP
ATTN HERBERT J ZIMMER, ESQ
111 PRINCESS STREET
WILMINGTON NC 28401-3997

CREDITOR ID: 410722-99
GATOR COASTAL SHOPPING CENTRE, LLC
C/O FROST BROWN TODD LLC
ATTN: KYLE R GRUBBS, ESQ
2200 PNC CENTER
201 EAST FIFTH STREET
CINCINNATI OH 45202

CREDITOR ID: 381794-99
GENERAL ELECTRIC CAPITAL CORP
C/O MORITT HOCK HAMROFF ET AL
ATTN LESIE BERKOFF & W NILSON, ESQ
400 GARDEN CITY PLAZA
GARDEN CITY NY 11530

CREDITOR ID: 279162-33
GENERAL ELECTRIC COMPANY
GE CONSUMER & IND'L FKA GE LIGHTING
C/O DEHAAN & BACH
ATTN MICHAEL B BACH, ESQ
11256 CORNELL PARK DRIVE, STE 500
CINCINNATI OH 45242

CREDITOR ID: 279162-33
GENERAL ELECTRIC COMPANY
C/O PITNEY HARDIN KIPP & SZUCH, LLP
ATTN: RICHARD M METH, ESQ
PO BOX 1945
MORRISTOWN NJ 07962-1945

CREDITOR ID: 416957-15
GOLD BASKET, LLC
C/O WELLS MARBLE & HURST, PLLC
ATTN JOSHUA P HENRY, ESQ
PO BOX 131
JACKSON MS 39205-0131

CREDITOR ID: 405927-99
GOODING'S SUPERMARKETS, INC
C/O LOWNDES DROSDICK ET AL
ATTN MATT E BEAL, ESQ
215 NORTH EOLA DRIVE
PO BOX 2809
ORLANDO FL 32802-2809

CREDITOR ID: 136259-09
GRANT, MICHAEL A
2220 SUFFOLK ST
CHARLESTON SC 29405

CREDITOR ID: 410900-15
GS II JACKSONVILLE REGIONAL, LLC
C/O DEVELOPERS DIVERSIFIED REALTY
ATTN ERIC C COTTON, ESQ
3300 ENTERPRISE PARKWAY
PO BOX 228042
BEACHWOOD  OH 44122

CREDITOR ID: 32854-05
HARMON, BRIAN
259 BAYBROOK CIRCLE
NICHOLASVILLE KY 40356

CREDITOR ID: 411182-15
HERITAGE PROPERTY INVESTMENT LP
C/O HERITAGE PROP INVESTMENT TRUST
ATTN EDWARD W VALANZOLA, ESQ
131 DARTMOUTH STREET
BOSTON MA 02116

CREDITOR ID: 411181-15
HERITAGE SPE LLC
C/O HERITAGE PROP INVESTMENT TRUST
ATTN EDWARD W VALANZOLA, ESQ
131 DARTMOUTH STREET
BOSTON MA 02116

CREDITOR ID: 251547-12
HERSHEY CHOCOLATE USA
ATTN MARTIN E TAYLOR
PO BOX 198510
ATLANTA, GA 30384-8510

CREDITOR ID: 407595-15
HIGHLAND LAKES CENTER
C/O SIMON PROPERTY GROUP
LEGAL COLLECTIONS
ATTN ROBERT M TUCKER, ESQ
115 W WASHINGTON STREET
INDIANAPOLIS IN 46204

CREDITOR ID: 279020-32
HOBART CORPORATION
ATTN CATHY BICE, CR MGR
701 RIDGE AVENUE
TROY OH 45374

CREDITOR ID: 147205-09
HOLLAND, JANET M
1021 GREENWILLOW TRAIL
ANDERSON SC 29621

CREDITOR ID: 382023-36
HP HOOD LLC
ATTN DAVID E HOWES, CR MGR
1250 EAST STREET SOUTH
SUFFIELD CT 06078-2498

CREDITOR ID: 252022-12
ICOS LLC
ATTN ELIO OR ALEX MADDALOZZO
740 HARBOR DRIVE
KEY BISCAYNE, FL 33149

CREDITOR ID: 279376-36
IFCO SYSTEMS, NA
ATTN MARIO PRATTS, CREDIT MGR
6829 FLINTLOCK ROAD
HOUSTON  TX 77040

CREDITOR ID: 254788-12
INGRAM, LINDA & CALVIN
3804 AMMONS STREET
ANNISTON AL 36201-1436

CREDITOR ID: 410908-15
JDN REALTY AL, INC
C/O KELLEY DRYE & WARREN LLP
ATTN: ROBERT LEHANE, ESQ
101 PARK AVENUE
NEW YORK NY 10178-0002

CREDITOR ID: 410908-15
JDN REALTY AL, INC
C/O DEVELOPERS DIVERSIFIED REALTY
ATTN ERIC C COTTON, ESQ
3300 ENTERPRISE PARKWAY
PO BOX 228042
BEACHWOOD OH 44122

CREDITOR ID: 253126-12
JNB COMPANY OF VIRGINIA LLC
C/O JOYNES KNIGHT, LTD
ATTN STANLEY K JOYNES III, ESQ
101 SOUTH FOURTEENTH STREET
RICHMOND VA 23219

CREDITOR ID: 253126-12
JNB COMPANY OF VIRGINIA LLC
ATTN BEVERLY STEWART
6912 THREE CHOPT RD, SUITE C
RICHMOND, VA 23226

CREDITOR ID: 39117-05
JOHNSON, ANDRE A
1975 MAYWOOD PLACE
ATLANTA GA 30318-6371

CREDITOR ID: 253319-12
JOHNSONVILLE SAUSAGE, LLC
ATTN JOY KRUGEL, CREDIT MGR
PO BOX 786
SHEBOYGAN WI 53082-0786

CREDITOR ID: 399394-98
JPMORGAN CHASE BANK NA
ATTN ANDREW OPEL
270 PARK AVE 17TH FLR
NEW YORK NY 10017

CREDITOR ID: 417103-15
KIMCO UNIVERSITY LTD & KIMCO DE INC
C/O MORGAN LEWIS & BOCKIUS LLP
ATTN NEIL E HERMAN
101 PARK AVENUE
NEW YORK NY 10178

CREDITOR ID: 405009-95
KONICA MINOLTA PHOTO IMAGING USA
C/O FOX ROTHCHILD LLP
ATTN ALLISON M BERGER, ESQ
997 LENOX DRIVE, BUILDING THREE
LAWRENCEVILLE NJ 08648-2311

CREDITOR ID: 405009-95
KONICA MINOLTA PHOTO IMAGING USA
ATTN BRIAN J CUPKA, ESQ &
DAVID HAKULA, SR VP FINANCE
725 DARLINGTON AVENUE
MAHWAH NJ 07430-2601

EXHIBIT A - SERVICE LIST
Unimpaired Holders

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                                          **CASE:   05-03817-3F1**

CREDITOR ID: 405009-95
KONICA MINOLTA PHOTO IMAGING USA
C/O FOX ROTHSCHILD LLP
ATTN JOSHUA T KLEIN, ESQ.
2000 MARKET STREET, 10TH FLOOR
PHILADELPHIA PA 19103

CREDITOR ID: 383218-15
KPT COMMUNITIES, LLC
C/O MORGAN LEWIS & BOCKIUS LLP
ATTN NEIL E HERMAN, ESQ
101 PARK AVENUE
NEW YORK NY 10178

CREDITOR ID: 408431-15
KRAFT FOODS GLOBAL, INC
ATTN JOHN JASENSKY
THREE LAKES DRIVE
NORTHFIELD IL 60093

CREDITOR ID: 408431-15
KRAFT FOODS GLOBAL, INC
C/O DLA PIPER RUDNICK GRAY CARY US LLP
ATTN: JANICE L DUBAN, ESQ
203 NORTH LASALLE STREET, STE 1900
CHICAGO IL 60610-1293

CREDITOR ID: 254115-12
KRAFT PIZZA COMPANY
C/O DLA PIPER RUDNICK GRAY CARY US LLP
ATTN: JANICE L DUBAN, ESQ
203 NORTH LASALLE STREET, STE 1900
CHICAGO IL 60610-1293

CREDITOR ID: 254115-12
KRAFT PIZZA COMPANY
ATTN JOHN JASENSKY, SR CR MGR
THREE LAKES DRIVE
NORTHFIELD IL 60093

CREDITOR ID: 452118-98
LCH OPPORTUNITIES LLC
ATTN JOSEPH M O'CONNOR
315 PARK AVE S 20TH FLR
NEW YORK NY 10010

CREDITOR ID: 399393-98
LIQUIDITY SOLUTIONS, INC
DBA REVENUE MANAGEMENT
ATTN JEFFREY CARESS
ONE UNIVERSITY PLAZA STE 312
HACKENSACK NJ 07601

CREDITOR ID: 279389-36
LN INTERNATIONAL, INC FKA SCUNCI
INTERNATIONAL, INC
C/O WILDMAN HARROLD ALLEN & DIXON
ATTN J W YOUNG & J C PASCHKE, ESQS
225 WEST WACKER DRIVE, STE 3000
CHICAGO  IL 60606-1229

CREDITOR ID: 405907-98
MADISON INVESTMENT TRUST - SERIES 4
ATTN SALLY MEYER
6310 LAMAR AVE SUITE 120
OVERLAND PARK KS 66202

CREDITOR ID: 1929-99
MARKET AT BYRAM LLC, THE
C/O HELD & ISRAEL
ATTN EDWIN W HELD JR, ESQ
1301 RIVERPLACE BLVD, STE 1916
JACKSONVILLE FL 32207

CREDITOR ID: 1929-99
MARKET AT BYRAM LLC, THE
C/O SOUTHGATE REALTY, LLC
PO BOX 16615
HATTIESBURG, MS 39402

CREDITOR ID: 1929-99
MARKET AT BYRAM LLC, THE
C/O BENNETT, LOTTERHOS, ET AL
ATTN MARCUS M WILSON, ESQ
PO BOX 98
JACKSON MS 39205-0098

CREDITOR ID: 406925-MS
MARLOW, WILLIAM J JR
5005 HIGH POINT DRIVE
PANAMA CITY FL 32404

CREDITOR ID: 406925-MS
MARLOW, WILLIAM J JR
C/O FRIEDLINE & MCCONNELL, PA
ATTN JERRETT M MCCONNELL, ESQ
1756 UNIVERSITY BLVD SOUTH
JACKSONVILLE FL 32216

CREDITOR ID: 255920-12
MCPHERSON BEVERAGES, INC
ATTN R M HULL JR/M HULL
1330 STANCELL ST
ROANOKE RAPIDS, NC 27870

CREDITOR ID: 177135-09
MICHALSKI, GREGORY V
10264 103RD STREET
JACKSONVILLE FL 32210

CREDITOR ID: 1597-07
MID SOUTH YAZOO LP
ATTN SCOT LUTHER
4502 HOLLY ST
BELLAIRE, TX 77401

CREDITOR ID: 452150-98
MSCI 1999-RM1 DALTON PLACE LP
A GEORGIA LIMITED PARTNERSHIP
C/O LNR PARTNERS INC
1601 WASHINGTON AVE SUITE 700
MIAMI BEACH FL 33139

CREDITOR ID: 408428-15
NESTLE PREPARED FOODS CO
HAND HELD FOODS GROUP
C/O NESTLE USA
ATTN NANCY REYNOSO
800 N BRAND BLVD
GLENDALE CA 91203

CREDITOR ID: 408427-15
NESTLE PURINA PETCARE COMPANY
C/O NESTLE USA
ATTN NANCY REYNOSO
800 N BRAND BLVD
GLENDALE CA 91203

CREDITOR ID: 279251-35
NESTLE USA
ATTN NANCY REYNOSO
800 NORTH BRAND BLVD
GLENDALE CA 91203

CREDITOR ID: 411078-15
NEW PLAN EXCEL REALTY TRUST INC TA
ROANOKE LANDING, WILLIAMSTON, NC
C/O BALLARD SPAHR ANDREWS ET AL
ATTN DAVID L POLLACK, ESQ
1735 MARKET STREET, 51ST FLOOR
PHILADELPHIA PA 19103

CREDITOR ID: 382056-36
NEWELL RUBBERMAID INC (W15246)
ATTN GARY POPP, SR CR MGR
29 E STEPHENSON STREET
FREEPORT IL 61032

CREDITOR ID: 257557-99
OCEAN DUKE CORPORATION
NEUFELD, RENNETT & BACH, APC
ATTN TIMOTHY NEUFELD
360 E SECOND STREET, SUITE 703
LOS ANGELES CA 90012

CREDITOR ID: 257557-99
OCEAN DUKE CORPORATION
3450 FUJITA STREET
TORRANCE, CA 90505

CREDITOR ID: 257806-12
OTIS SPUNKMEYER INC
ATTN KATHY SOLIZ
7090 COLLECTION DR
CHICAGO, IL 60693

CREDITOR ID: 258015-12
PARAMOUNT FARMS, INC
PO BOX 200937
DALLAS TX 75320-0937

CREDITOR ID: 410493-15
PEPSI BOTTLING GROUP
ATTN MIKE BEVILACQUA
1100 REYNOLDS BLVD
WINSTON-SALEM NC 27102

CREDITOR ID: 258334-12
PEPSI COLA BOTTLING CO OF ATMORE
ATTN LANCE MCKENZIE, CONTROLLER
PO DRAWER 1009
106 S PRESTLEY STREET
ATMORE, AL 36504

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                    **CASE:   05-03817-3F1**

CREDITOR ID: 258327-12
PEPSI COLA BOTTLING CO OF SELMA
ATTN SYLVIA SMITH, CONTROLLER
PO BOX 1086
SELMA, AL 36702-1086

CREDITOR ID: 258337-12
PEPSI COLA DECATUR LLC DBA
PEPSI-COLA BOTTLING CO
ATTN RODGER SHABEL, GM
PO BOX 2389
DECATUR, AL 35602

CREDITOR ID: 279086-32
PEPSIAMERICAS, INC
ATTN STEVEN M ZANIN, MGR
3501 ALGONQUIN ROAD
ROLLING MEADOWS IL 60008-3103

CREDITOR ID: 279260-35
PEPSI-COLA BOTTLING CO OF CHARLOTTE
ATTN DARRELL M KIGGINS, CREDIT MGR
PO BOX 241167
CHARLOTTE NC 28224-1167

CREDITOR ID: 410567-15
PEPSI-COLA BTLG CO OF LUVERNE INC
ATTN MARVIN MOTLEY, PRESIDENT
PO BOX 226
LUVERNE AL 36049

CREDITOR ID: 2478-07
PICKENS NALLEY, LP
GARRET PICKENS PARTNERSHIP, LP
PO BOX 1929
EASLEY SC 29641

CREDITOR ID: 2478-07
PICKENS NALLEY, LP
C/O JOHNSON, HEARN, VINEGAR, ET AL
ATTN JEAN WINBORNE BOYLES, ESQ
TWO HANNOVER SQUARE, SUITE 2200
RALEIGH NC 27601

CREDITOR ID: 192560-09
PIERRE, RAYNOLD
1000 NE 17 STREET F
FORT LAUDERDALE FL 33305

CREDITOR ID: 492841-98
PRINCIPAL LIFE INSURANCE COMPANY
C/O PRINCIPAL REAL ESTATE INVESTORS
ATTN DARIN BENNIGSDORF
801 GRAND AVE
DES MOINES IA 50392-1450

CREDITOR ID: 410391-15
PRUDENTIAL CO - STILES CORPORATION
C/O KATTEN MUCHIN ROSENMAN LLP
ATTN THOMAS J LEANSE, ESQ
2029 CENTURY PARK EAST, SUITE 2600
LOS ANGELES CA 90067

CREDITOR ID: 411105-15
QUAKER SALES & DISTRIBUTION, INC
C/O DLA PIPER RUDNICK ET AL
ATTN B M NEFF/B A AUDETTE, ESQS
203 N LASALLE STREET, SUITE 1900
CHICAGO IL 60601-1293

CREDITOR ID: 407614-15
REFRESHMENT SERVICES, INC
ATTN MICHELLE KIMBRO, ASST CONTR
3400 SOLAR AVENUE
SPRINGFIELD IL 62707-5713

CREDITOR ID: 405439-95
REVLON CONSUMER PRODUCTS CORP
ATTN SHERRIE C LANDES, SR CREDIT
1501 WILLIAMSBORO STREET
OXFORD NC 27565

CREDITOR ID: 199198-09
RICHARDS, ASHLEY M
1503 MLK JR DRIVE
COLUMBUS MS 39701-0397

CREDITOR ID: 279416-99
RIVERDALE FARMS INC
C/O PORZIO BROMBERG & NEWMAN PC
ATTN: W MARTIN JR/B MOORE
100 SOUTHGATE PKWY
PO BOX 1997
MORRISTOWN NJ 07962

CREDITOR ID: 63091-05
ROBERTS, BOBBY G
1037 BARROW BAY RD
CLAXTON GA 30417

CREDITOR ID: 416929-15
ROEBUCK REALTY ASSOCS, LLC, NHA
ROEBUCK, NHA BIRMINGHAM, LOUHAL
C/O AMERICAN COMMERCIAL REALTY
ATTN RICK BAER, SR EXEC DIRECTOR
4400 PGA BLVD, SUITE 305
PALM BEACH GARDENS FL 33410

CREDITOR ID: 279278-35
SARA LEE BAKERY GROUP
ATTN JERRI SPONIK
111 CORPORATE OFFICE DR, SUITE 200
EARTH CITY, MO 63045

CREDITOR ID: 279278-35
SARA LEE BAKERY GROUP
C/O DLA PIPER RUDNICK GRAY CARY US LLP
ATTN: JANICE L DUBAN, ESQ
203 NORTH LASALLE STREET, STE 1900
CHICAGO IL 60610-1293

CREDITOR ID: 279279-35
SARA LEE CORPORATION
ATTN CURTIS MARSHALL, CR DIR
10151 CARVER ROAD
CINCINNATI OH 45242

CREDITOR ID: 279279-35
SARA LEE CORPORATION
C/O DLA PIPER RUDNICK GRAY CARY US LLP
ATTN: JANICE L DUBAN, ESQ
203 NORTH LASALLE STREET, STE 1900
CHICAGO IL 60610-1293

CREDITOR ID: 410513-15
SARRIA ENTERPRISES, INC
C/O MICHAEL A KAUFMAN, PA
ATTN M KAUFMAN/A BURGER, ESQS
1601 FORUM PLACE, SUITE 404
WEST PALM BEACH FL 33401

CREDITOR ID: 259799-12
SCHLYTTER, ROBERT O, TRUSTEE
ROBERT O SCHLYTTER EUSTIS
SHOPPING CENTER REVOCABLE TRUST
4811 S 76 STREET, SUITE 211
GREENFIELD WI 53220-4352

CREDITOR ID: 252605-12
SELL, JAMES W & CAROLYN R
449 FAIRRIDGE ROAD
JOHNSON CITY TN 37604

CREDITOR ID: 252605-12
SELL, JAMES W & CAROLYN R
C/O HERNDON COLEMAN BRADING & MCKEE
ATTN EDWARD T BRADING, ESQ
PO BOX 1160
JOHNSON CITY TN 37605-1160

CREDITOR ID: 403933-94
SELLERS, MARK A
7651 GATE PARKWAY, APT 703
JACKSONVILLE FL 32256

CREDITOR ID: 279283-35
SIGNATURE BRANDS, LLC
ATTN ROBERT E MUNN
808 SW 12TH STREET
OCALA FL 34478

CREDITOR ID: 279283-35
SIGNATURE BRANDS, LLC
C/O DLA PIPER RUDNICK GRAY CARY LLP
ATTN DANIEL J CARRIGAN, ESQ
1775 WIEHLE AVE, STE 400
RESTON VA 20190

CREDITOR ID: 384358-47
SILVER EAGLE DIST KEY WEST
1000 PARK COMMERCE BLVD
HOMESTEAD, FL 33035

CREDITOR ID: 256185-12
SIMON, MICHAEL & IRENE
PO BOX 239
PONTOTOC, MS 38863

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                    **CASE:    05-03817-3F1**

| | | |
|---|---|---|
| CREDITOR ID: 213965-09<br>SMITH, TROVOUS A<br>2723 NW 13 CT, APT B<br>FORT LAUDERDALE FL 33311 | CREDITOR ID: 410797-15<br>SMITHFIELD PACKING CO, INC, THE<br>C/O MCGUIREWOODS, LLP<br>ATTN ROBERT A COX, JR ESQ<br>100 N TRYON STREET, SUITE 2900<br>CHARLOTTE NC 28202-4011 | CREDITOR ID: 417106-98<br>SMITHTOWN BAY LLC<br>ATTN BRIAN NAAS<br>601 CARLSON PARKWAY SUITE 200<br>MINNETONKA MN 55305 |
| CREDITOR ID: 2563-07<br>SNELLVILLE PLAZA LTD<br>ATTN MICHAEL PLASKER, GP<br>5025 WINTERS CHAPEL ROAD, STE M<br>ATLANTA, GA 30360 | CREDITOR ID: 407520-98<br>SPCP GROUP LLC AGT OF SILVER PT CAP<br>FUND LP & SILVER PT CAP OFFSHORE<br>ATTN BRIAN JARMAIN, 2 GREENWICH PLAZA<br>GREENWICH CT 06830 | CREDITOR ID: 411189-15<br>STATE OF FLORIDA REV DEPT<br>C/O OFFICE OF THE ATTORNEY GENERAL<br>ATTN: CHARLES J CRIST, JR, ESQ<br>THE CAPITOL, PL 01<br>TALLAHASSEE FL 32399-1050 |
| CREDITOR ID: 411189-15<br>STATE OF FLORIDA REV DEPT<br>C/O FREDERICK F RUDZIK, ESQ<br>PO BOX 6668<br>TALLAHASSEE FL 32314-6668 | CREDITOR ID: 411189-15<br>STATE OF FLORIDA REV DEPT<br>BANKRUPTCY SECTION<br>ATTN CATHY DUBISKY/MICHELLE KENNEDY<br>PO BOX 6668<br>TALLAHASSEE FL 32314-6668 | CREDITOR ID: 407496-15<br>STATE OF GEORGIA COMMUNITY HEALTH<br>ATTN N B CHILDERS/C GRANT, ESQS<br>2 PEACHTREE STREET, 40TH FLOOR<br>ATLANTA GA 30303-3159 |
| CREDITOR ID: 407496-15<br>STATE OF GEORGIA COMMUNITY HEALTH<br>C/O ASSISTANT ATTORNEY GENERAL<br>ATTN: OSCAR B FEARS III<br>STATE OF GEORGIA<br>40 CAPITAL SQUARE SW<br>ATLANTA GA 30334 | CREDITOR ID: 399301-15<br>STATE OF LOUISIANA REV DEPT<br>C/O OFFICE OF THE ATTORNEY GENERAL<br>ATTN: RICHARD P IEYOUB, ESQ<br>DEPT OF JUSTICE<br>PO BOX 94095<br>BATON ROUGE LA 70804-095 | CREDITOR ID: 399301-15<br>STATE OF LOUISIANA REV DEPT<br>ATTN BRENDA WILSON/MARTHA POSADA<br>617 N THIRD STREET<br>PO BOX 66658<br>BATON ROUGE LA 70896-6658 |
| CREDITOR ID: 381921-15<br>STATE OF TENNESSEE REV DEPT<br>C/O ATTORNEY GENERAL<br>ATTN WILBUR E HOOKS JR<br>PO BOX 20207<br>NASHVILLE TN 37202-0207 | CREDITOR ID: 384381-47<br>SWISHER INTERNATIONAL INC<br>ATTN KEVIN WOLFE, CREDIT MGR<br>459 EAST 16TH STREET<br>JACKSONVILLE FL 32206 | CREDITOR ID: 410544-15<br>TAPPAN PROPERTIES, LP<br>ATTN CHARLES S TAPPAN, PRESIDENT<br>1150 W 8TH STREET, SUITE 255<br>CINCINNATI OH 45203 |
| CREDITOR ID: 263381-12<br>TOWN SQUARE DEVELOPMENT<br>ATTN: JAMES M SIMPSON<br>29 PELZER AVENUE<br>WILLIAMSTON, SC 29697-1023 | CREDITOR ID: 263381-12<br>TOWN SQUARE DEVELOPMENT<br>C/O JONES SPITZ MOORHEAD ET AL<br>ATTN CAROLYN G BAIRD, ESQ.<br>415 NORTH MAIN STREET (29621)<br>PO BOX 987<br>ANDERSON SC 29622-0987 | CREDITOR ID: 279401-36<br>TYSON FOODS, INC<br>ATTN STEVEN SCHAAL, ESQ<br>MAIL CODE #AR058124<br>PO BOX 2020<br>SPRINGDALE  AR 72765 |
| CREDITOR ID: 263785-12<br>UNITED COMMERCIAL MORTGAGE CORP<br>C/O LAWRENCE KADISH REAL ESTATE<br>ATTN LAWRENCE KADISH, PRESIDENT<br>135 JERICHO TURNPIKE<br>OLD WESTBURY NY 11568 | CREDITOR ID: 263785-12<br>UNITED COMMERCIAL MORTGAGE CORP<br>C/O ROETZEL & ANDRESS, LPA<br>ATTN DIANA M THIMMIG, ESQ<br>ONE CLEVELAND CENTER, 9TH FL<br>1375 EAST NINTH STREET<br>CLEVELAND OH 44114 | CREDITOR ID: 403475-99<br>VALLEYDALE ASSOCIATES LTD<br>C/O SPAIN & GILLON LLC<br>ATTN WALTER F MCARDLE, ESQ<br>THE ZINSZER BLDG<br>217 SECOND AVENUE NORTH<br>BIRMINGHAM AL 35203 |
| CREDITOR ID: 403475-99<br>VALLEYDALE ASSOCIATES LTD<br>C/O LAFLEUR LAW FIRM<br>ATTN: NINA LAFLEUR<br>PO BOX 861128<br>ST AUGUSTINE FL 32086 | CREDITOR ID: 226155-09<br>VANDEUSEN, RICHARD W<br>704 GENTLE SLOPE WAY<br>RALEIGH NC 27603 | CREDITOR ID: 279295-35<br>VERTIS, INC<br>ATTN LUKE BRANDONISIO<br>250 W PRATT STREET, SUITE 1800<br>PO BOX 17102<br>BALTIMORE MD 21297 |
| CREDITOR ID: 279295-35<br>VERTIS, INC<br>C/O BLACKWELL SANDERS PEPER MARTIN<br>ATTN JOHN J CRUCIANI, ESQ<br>4801 MAIN STREET, SUITE 1000<br>KANSAS CITY MO 64112 | CREDITOR ID: 2653-07<br>VOGEL & VOGEL PARTNERSHIP<br>C/O VOGEL REALTY<br>ATTN WILLIAM PETERSON, BROKER<br>11219 FINANCIAL CTR PKWY,  STE 300<br>LITTLE  ROCK, AR 72211 | CREDITOR ID: 2653-07<br>VOGEL & VOGEL PARTNERSHIP<br>C/O SCRUGGS & CARMICHAEL, PA<br>ATTN KAREN K. SPECIE, ESQ<br>PO BOX 23109<br>GAINESVILLE FL 32602 |
| CREDITOR ID: 228319-09<br>WALKER, CARLNELL J<br>2346 WOOD HILL LANNE<br>EASTPOINT GA 30344 | CREDITOR ID: 410760-15<br>WD HILLARD, LLC<br>C/O KAMIN REALTY CO<br>ATTN DANIEL G KAMIN, MGR<br>490 SOUTH HIGHLAND AVE<br>PITTSBURGH PA 15206 | CREDITOR ID: 410760-15<br>WD HILLARD, LLC<br>C/O SEYFARTH SHAW, LLP<br>ATTN SARA E LORBER, ESQ<br>131 SOUTH DEARBORN STREET, STE 2400<br>CHICAGO IL 60603 |

**EXHIBIT A - SERVICE LIST**
**Unimpaired Holders**

**DEBTOR:**    **WINN-DIXIE STORES, INC., ET AL.**

**CASE:**    **05-03817-3F1**

CREDITOR ID: 264281-12
WE BASSETT COMPANY, INC, THE
ATTN BEVERLY KAMAITIS CREDIT MGR
100 TRAP FALLS ROAD EXTENSION
SHELTON CT 06484

CREDITOR ID: 402348-90
WELLS, CLARENCE H
50 N COUNTRY CLUB DRIVE
CRYSTAL RIVER FL 34429

CREDITOR ID: 407594-15
WEST TOWN CORNERS
C/O SIMON PROPERTY GROUP
LEGAL COLLECTIONS
ATTN RONALD M TUCKER, ESQ
115 W WASHINGTON STREET
INDIANAPOLIS IN 46204

**Total:   183**

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF NON-VOTING STATUS UNDER DEBTORS' JOINT PLAN OF REORGANIZATION**

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida 32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia 31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia 31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Madison, Florida 32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana 70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama 36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina 27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6078837 |

TO:    HOLDERS OF ADMINISTRATIVE CLAIMS
       HOLDERS OF PRIORITY TAX CLAIMS
       HOLDERS OF OTHER PRIORITY CLAIMS (PLAN CLASS 1)
       HOLDERS OF MSP DEATH BENEFIT CLAIMS (PLAN CLASS 2)
       HOLDERS OF WORKERS COMPENSATION CLAIMS (PLAN CLASS 3)
       HOLDERS OF BOND/LETTER OF CREDIT BACKED CLAIMS (PLAN CLASS 4)
       HOLDERS OF CONVENIENCE CLAIMS (PLAN CLASS 5)

**PLEASE TAKE NOTICE THAT:**

1.    On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated  Debtors (the "Plan") from those holders of impaired claims who are (or may be) entitled to receive distributions under the Plan.  Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

2.    In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling

the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.    You are receiving this Notice because you are, or based your proof of claim you may be, the holder of an Administrative Claim, a Priority Tax Claim, an Other Priority Claim, an MSP Death Benefit Claim, a Workers Compensation Claim, a Bond/Letter of Credit Backed Claim, or a Convenience Claim.  Under the Plan:

(a) An Administrative Claim is a Claim for payment of an administrative expense of a kind specified in Section 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to Section 507(a)(1) of the Bankruptcy Code, to the extent not previously paid, including, but not limited to, (a) the actual, necessary costs and expenses incurred after the Petition Date of preserving the Estates and operating the businesses of the Debtors, including, without limitation, wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case, (b) obligations under the retention and severance plans and agreements authorized by the Employee Retention and Severance Order, (c) Professional Fee Claims, (d) all fees and charges assessed against the Estates under Section 1930 of Title 28 of the United States Code, (e) all Allowed Claims for reclamation under Section 546(c)(2)(A) of the Bankruptcy Code, (f) Cure payments for executory contracts and unexpired leases that are assumed under Section 365 of the Bankruptcy Code, and (g) the DIP Facility Claim.  As to Administrative Claims, the Plan complies with Section 1129(a)(9) of the Bankruptcy Code by providing that:

With respect to each Allowed Administrative Claim, except as otherwise provided for herein, and subject to the requirements of Sections 12.1 through 12.5 of the Plan, on the applicable Distribution Date or the date on which such Administrative Claim becomes payable pursuant to any agreement between a Debtor and the holder of such Administrative Claim, the holder of each such Allowed Administrative Claim shall receive in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Administrative Claim, (i) Cash equal to the unpaid portion of such Allowed Administrative Claim or (ii) such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the applicable Debtor and such holder shall have agreed in writing; provided, however, that Allowed Administrative Claims with respect to fixed and undisputed obligations incurred by a Debtor in the ordinary course of business during the Chapter 11 Case shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto; provided further, however, that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; provided further, however, that reclamation Claims subject to the reclamation/trade lien program shall be paid in accordance with the terms of the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program.

The DIP Facility Claim shall be deemed Allowed in its entirety for all purposes of the Plan and the Chapter 11 Case.  The holders of the Allowed DIP Facility Claim shall receive, on the later of the Effective Date or the date on which such DIP Facility Claim becomes payable pursuant to any agreement between the Debtors and the holders of such DIP Facility Claim, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed DIP Facility Claim, (i) Cash equal to the full amount of such Allowed DIP Facility Claim, or (ii) such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the Debtors and such holders shall have agreed upon in writing (which different treatment may include, if Wachovia is the administrative agent and a lender under the Exit Facility, the amendment and restatement of the credit agreement and related loan documents governing the DIP Facility to reflect the terms and conditions of the Exit Facility); provided, however, that in respect of any letters of credit issued and undrawn under the DIP Facility, unless Wachovia or an applicable affiliate is a lender under the Exit Facility and permits such letters of credit to be rolled over and treated as letters of credit issued under the Exit Facility, the Debtors shall be required to either, with the consent of Wachovia or an applicable affiliate: (A) cash collateralize such letters of credit in an amount equal to 105% of the undrawn amount of any such letters of credit, (B) return any such letters of credit to the applicable fronting bank undrawn and marked "cancelled," or (C) provide a "back-to-back" letter of credit to the issuing bank in a form and issued by an institution reasonably satisfactory to such issuing bank, in an amount equal to the then undrawn amount of such letters of credit.

(b) A Priority Tax Claim is a Claim that is entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code.  As to Priority Tax Claims, the Plan complies with Section 1129(a)(9) of the Bankruptcy Code by providing that:

Each holder of an Allowed Priority Tax Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Priority Tax Claim, as shall have been determined by the Debtors in their sole discretion, either (i) on the applicable Distribution Date, Cash equal to the unpaid portion of such Allowed Priority Tax Claim, (ii) such different treatment as to which the applicable Debtor and such holder shall have agreed in writing, or (iii) deferred Cash payments having a value, as of the Effective Date, equal to such Allowed Priority Tax Claim, over a period not exceeding six (6) years after the date of assessment of such Allowed Priority Tax Claim.

(c) An Other Priority Claim is a Claim against the Debtors entitled to priority pursuant to Section 507(a) of the Bankruptcy Code, other than a Priority Tax Claim or an Administrative Claim.  As to Other Priority Claims, the Plan provides the following unimpaired treatment:

On the applicable Distribution Date or such other date on which an Allowed Other Priority Claim becomes payable pursuant to any agreement between a Debtor and the holder of such Other Priority Claim, each holder of an Allowed

Other Priority Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Other Priority Claim, either (i) Cash equal to the unpaid portion of such Allowed Other Priority Claim or (ii) such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the applicable Debtor and such holder shall have agreed in writing.

(d)  An MSP Death Benefit Claim is a Claim held by a participant in the MSP (or a beneficiary of a participant) for death benefits arising under (a) part B of the retirement benefit described in Section 3.0 of the MSP or (b) part B of the termination benefit described in Section 3.6 of the MSP; the gross amount of which Claim shall be in an amount equal to 25% of the gross amount of the participant's retirement benefit or termination benefit (whichever is applicable) under the MSP as of the Petition Date, less any post-petition payments received by the beneficiary of any participant.  (NOTE:  YOU MAY ALSO HAVE A RETIREMENT PLAN CLAIM THAT IS SEPARATELY TREATED UNDER THE PLAN AND FOR WHICH A SEPARATE PACKAGE OF MATERIALS WILL BE DISTRIBUTED.)  As to MSP Death Benefit Claims, the Plan provides the following unimpaired treatment:

The beneficiary of a holder of an Allowed MSP Death Benefit Claim shall receive the amount of such Allowed Claim in one lump sum when the participant dies, as soon as practicable after such beneficiary provides satisfactory proof of death to the Reorganized Debtors.  Any beneficiary designated as such under the terms of the MSP shall continue to be the beneficiary of the holder of the Allowed Claim unless a written change of beneficiary is submitted by such holder to the Reorganized Debtors.  On or as soon as practicable after the Effective Date, the Reorganized Debtors shall provide each holder of an Allowed MSP Death Benefit Claim with written instructions governing the change of beneficiaries, the submission of satisfactory proof of death, and other matters relating to the payment of the Allowed Death Benefit Claim.

(e)  A Workers Compensation Claim is a Claim held by an employee of the Debtors for workers compensation coverage under the workers compensation program applicable in the particular state in which the employee is employed by the Debtors.  As to Workers Compensation Claims, the Plan provides the following unimpaired treatment:

The Reorganized Debtors shall pay all Workers Compensation Claims that are determined to be valid under applicable state law and the corresponding programs maintained by the Debtors, in accordance with the terms and conditions of such state law and such programs.  Nothing in the Plan shall be deemed to discharge, release, or relieve the Debtors or the Reorganized Debtors from any current or future liability with respect to any valid Workers Compensation Claim, regardless of when the underlying injuries occurred.  All payments of Workers Compensation Claims made by the Debtors during the pendency of the Chapter 11 Case are hereby ratified.

(f)  A Bond/Letter of Credit Backed Claim is any Claim having the benefit of a pre-petition surety bond, letter of credit, or similar source of payment provided by or on behalf of the Debtors by an issuer who is secured or itself holds a surety bond, letter of credit, or similar source of payment, with a right under the Bankruptcy Code and applicable law to be satisfied from such source of payment, but as to which no satisfaction has occurred as of the Effective Date, to the extent of the lesser of the amount available to satisfy such Claim from such source of payment and the amount of such Claim.  The amount of the Claim that exceeds the amount available from the source of payment, if any, shall be treated as an Unsecured Claim.  As to Bond/Letter of Credit Backed Claims, the Plan provides the following unimpaired treatment:

On, or as soon as reasonably practicable after, the applicable Distribution Date, each holder of an Allowed Bond/Letter of Credit Backed Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Claim, either (i) Cash equal to the unpaid portion of such Allowed Bond/Letter of Credit Backed Claim or (ii) such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the applicable Debtor and such holder shall have agreed upon in writing.  The bond or letter of credit that backs each Allowed Bond/Letter of Credit Backed Claim shall remain in place in accordance with its terms; provided, however, that such bond or letter of credit shall no longer be a source of payment for the Unsecured Claim of any holder of an Allowed Bond/Letter of Credit Backed Claim.

(g)  A Convenience Claim is a Claim in an amount equal to or less than $100.  As to Convenience Claims, the Plan provides the following unimpaired treatment:

Except as provided in Section 8.6 of the Plan, on, or as soon as reasonably practicable after, the applicable Distribution Date, each holder of an Allowed Convenience Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Convenience Claim, Cash in an amount equal to the Allowed amount of such Claim.

4.      **BECAUSE OF THE NATURE OF YOUR CLAIM (AS AN ADMINISTRATIVE CLAIM, A PRIORITY TAX CLAIM, AN OTHER PRIORITY CLAIM, AN MSP DEATH BENEFIT CLAIM, A WORKERS COMPENSATION CLAIM, A BOND/LETTER OF CREDIT BACKED CLAIM, OR A CONVENIENCE CLAIM), AND THE TREATMENT PROVIDED IN THE PLAN FOR CLAIMS OF SUCH NATURE, YOU ARE NOT ENTITLED TO VOTE ON THE PLAN.**  Nevertheless, you are a party in interest in the Debtors' chapter 11 cases.  You are entitled to participate in the Debtors' chapter 11 cases, including by filing objections to confirmation of the Plan.

5.      **PLEASE NOTE THAT YOUR RECEIPT OF THIS NOTICE DOES NOT CONSTITUTE AND SHALL NOT BE DEEMED TO CONSTITUTE AN ADMISSION BY THE DEBTORS OF THE NATURE, VALIDITY, OR AMOUNT OF YOUR CLAIM.  IF YOUR CLAIM HAS NOT BEEN ALLOWED, THE DEBTORS RESERVE THE RIGHT TO FILE AN OBJECTION TO THE NATURE, VALIDITY, OR AMOUNT OF YOUR CLAIM.**

6.      A hearing to consider confirmation of the Plan will be held on **October 13, 2006, at 9:00 a.m. (Eastern Time)**, before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

7.      No later than **September 25, 2006, at 4:00 p.m. (Eastern Time)**, all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

8.      If you are receiving this Notice as the holder of an Administrative Claim, a Priority Tax Claim, or an Other Priority Claim, please note that the Debtors have not completed their review of all such Claims. The Debtors may determine to object to the administrative, priority, or secured status alleged in your proof of claim for the purpose of reclassifying your Claim as an Unsecured Claim. If they do, and such objection is successful, your Claim may be an Unsecured Claim in Class 13, 14, or 16 of the Plan. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14, or 16 is entitled to elect via a Claim Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Claim Reduction Form must be received on or before **September 25, 2006, at 4:00 p.m. (Eastern Time)**, by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Claim Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. If a Claim Reduction Form is not included with this Notice, you may obtain a Claim Reduction Notice by delivering to Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043, E-mail: winninfo@loganandco.com, a written request for a Claim Reduction Form, describing therein the nature of your Claim. The election will be effective only if you are determined to have an Allowed Unsecured Claim.

9.      Your Claim Reduction Form will identify the Plan Class that would be applicable to your Claim if it is reclassified as an Unsecured Claim. IF YOU BELIEVE THAT THE IDENTIFIED PLAN CLASS IS INCORRECT, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE **SEPTEMBER 18, 2006**, A "MOTION FOR DETERMINATION OF PLAN CLASS." Your motion must identify the Plan Class in which you believe your Claim, if reclassified as an Unsecured Claim, would belong, as well as the basis for your belief. If the Debtors disagree, they will file an objection and schedule a hearing before the Bankruptcy Court, on notice to you. If the Debtors agree, they will file a consent, on notice to you. If you do not file a motion by **September 18, 2006**, and if your Claim is reclassified as an Unsecured Claim, the identified Plan Class will be binding on you.

10.     The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

11.     Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190, E-mail: winninfo@loganandco.com.

Dated:  August 9, 2006

D. J. Baker                                                                         Stephen D. Busey

Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin          James H. Post, Cynthia C. Jackson, Leanne Prendergast
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP                      SMITH HULSEY & BUSEY
Four Times Square                                                                225 Water Street, Suite 1800
New York, New York 10036                                                   Jacksonville, Florida  32202

Co-Counsel for Debtors                                                         Co-Counsel for Debtors

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## CLAIM REDUCTION FORM

**TO HOLDERS OR POTENTIAL HOLDERS OF ALLOWED LANDLORD CLAIMS IN CLASS 13, ALLOWED VENDOR/SUPPLIER CLAIMS IN CLASS 14, ALLOWED RETIREMENT PLAN CLAIMS IN CLASS 15, and ALLOWED OTHER UNSECURED CLAIMS IN CLASS 16.**

**PLEASE TAKE NOTICE THAT:**

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"). Capitalized terms used herein without definition have the meanings provided in the Plan. In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures, and forms applicable to the process of soliciting votes on the Plan, providing notice of the Plan, and making necessary elections with respect to the Plan, (b) approving vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

The Solicitation Procedures Order approved this Claim Reduction Form for use by holders or potential holders of Allowed Landlord Claims, Allowed Vendor/Supplier Claims, Allowed Retirement Plan Claims, and Allowed Other Unsecured Claims, on a first come-first serve basis, who desire to elect to **reduce their Allowed Claims to $3,000** and **receive a discounted Cash payment in the amount of $2,010 (67% of $3,000)**, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of their Allowed Claims. Under the Plan, the aggregate Cash amount payable on account of Claim Reduction Forms is limited to $1 million. Depending on the number of Claim Reduction Forms received, and the amount of Allowed Claims subject to such Claim Reduction Forms, $1 million may not be sufficient to provide discounted Cash payments to all electing holders. In that event, the Claim Reduction Forms will be accepted on a first come-first serve basis. Any Claim Reduction Forms received after the $1 million has been allocated to earlier received Claim Reduction Forms will be rejected, and the holders of Allowed Claims subject to the later received Claim Reduction Forms will receive New Common Stock as provided for in the Plan. Subject to the limited availability of funds, this Claim Reduction Form must be completed and returned on or before **September 25, 2006, at 4:00 p.m. (Eastern Time)**.

**Please refer to the instructions for completing this Claim Reduction Form on the reverse side.** If you have any questions about how to properly complete this Claim Reduction Form, please call Logan & Company, Inc. at (973) 509-3190.

**Item 1.** *Election.* By signing and returning this Claim Reduction Form, the undersigned hereby elects to reduce his/her/its Allowed Claim to $3,000 and to receive a Cash payment in the amount of $2,010, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of such Claim.

**Item 2.** *Claim Ownership.* By signing and returning this Claim Reduction Form, the undersigned hereby certifies that it owns the Claim that is the subject of this Claim Reduction Form. If such Claim is sold or transferred in the future, the buyer or transferee will be bound by this Claim Reduction Form, and the undersigned will so inform the buyer or transferee.

**Item 3.** *Acknowledgments and Certification.* By signing and returning this Claim Reduction Form, the undersigned hereby acknowledges that the reduction election is subject to all terms and conditions set forth in the Disclosure Statement and the Plan. The undersigned certifies that he/she/it has full power and authority to make the reduction election.

Signature:_____

Name of claimant (print/type):_____

Address of Claimant (if other than the address to which this form was mailed):_____

_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____ Facsimile number:_____

E-mail address:_____ Dated:_____

**PLEASE COMPLETE, SIGN, AND DATE THIS CLAIM REDUCTION FORM AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER TO LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE, ON OR BEFORE SEPTEMBER 25, 2006.**

IF YOUR CLAIM IS DETERMINED TO BE AN UNSECURED CLAIM, YOUR CLAIM WOULD BE IN THE FOLLOWING PLAN CLASS:

_____

SEE PARAGRAPH 9 ON THE REVERSE SIDE OF THIS FORM.

| | |
|---|---|
| Creditor Name & Address | Claim Amount: |
| | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS CLAIM REDUCTION FORM

1.      This Claim Reduction Form is provided to holders or potential holders of Allowed Landlord Claims, Allowed Vendor/Supplier Claims, Allowed Retirement Plan Claims, and Allowed Other Unsecured Claims for the purpose of allowing a treatment election under the Plan.

2.      A copy of the Plan and its accompanying Disclosure Statement if not included herewith may be obtained at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov;  or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190, E-mail: winninfo@loganandco.com.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING AND RETURNING THIS CLAIM REDUCTION FORM**.

3.      This Claim Reduction Form if properly completed and timely returned constitutes an election to reduce your Allowed Claim to $3,000 and receive a discounted Cash payment of $2,010 on account of your Allowed Claim, as provided in the Plan, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of such Claim.

4.      In order to exercise your election, you must complete, sign, and return this Claim Reduction Form by mail, overnight courier, or hand delivery to Logan & Company, Inc. (the "Claims Agent"), at the following address:

> Logan & Company, Inc.
> Attn: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey  07043

5.      SUBJECT TO THE LIMITED AVAILABILITY OF FUNDS, CLAIM REDUCTION FORMS MUST BE RECEIVED BY SEPTEMBER 25, 2006, AT 4:00 P.M. (EASTERN TIME).  CLAIM REDUCTION FORMS RECEIVED AFTER AVAILABLE FUNDS ARE EXHAUSTED OR AFTER SEPTEMBER 25, 2006 WILL BE REJECTED.   THE CLAIMS AGENT WILL NOT ACCEPT CLAIM REDUCTION FORMS BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION.

6.      **If you desire to receive New Common Stock as provided in the Plan, do not complete and return this Claim Reduction Form.**  This Claim Reduction Form should be used only by holders or potential holders of Allowed Landlord Claims, Allowed Vendor/Supplier Claims, Allowed Retirement Plan Claims, or Allowed Other Unsecured Claims who desire to reduce their Allowed Claims to $3,000 and receive a discounted Cash payment of $2,010.  Any such holder or potential holder who fails to properly or timely make the election as provided herein will receive New Common Stock as provided in the Plan to the extent such holder's Claim is an Allowed Claim.

7.      Your signature is required in order for your reduction election to be valid.  You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.  If the Claim is held by a partnership, this Claim Reduction Form should be executed in the name of the partnership by a general partner.  If the Claim is held by a corporation, this Claim Reduction Form must be executed by an officer.  If you are signing in a representative capacity, also indicate your title after your signature.

8.      You may be receiving this Claim Reduction Form even though your Claim is not currently considered to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim.  If you have asserted administrative, priority, or secured status in your proof of claim, or if your Claim is contingent, unliquidated, or disputed, or if you are a party to a contract or lease that may be rejected, you may have received a notice or ballot applicable to holders of Administrative Claims, Priority Tax Claims, Other Priority Claims, or Other Secured Claims, or to holders of contingent, unliquidated, or disputed Claims, or to contract and lease parties.  As stated on such notice or ballot, your Claim may ultimately be determined to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim.  To ensure that you are provided with the right to make the reduction election even though your Claim may not currently be considered to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim, you are receiving this Claim Reduction Form at this time.  If your Claim is not determined to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim, any Claim Reduction Form you complete and return will be disregarded.  However, if your Claim is determined to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim and you did not properly or timely make reduction election, you will receive New Common Stock as provided for in the Plan.

9.      **The information at the bottom of the front page of this Claim Reduction Form identifies the Plan Class that would be applicable to your Claim if it is Allowed as an Unsecured Claim.  IF YOU BELIEVE THAT THE IDENTIFIED PLAN CLASS IS INCORRECT, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE SEPTEMBER 18, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS."  Your motion must identify the Plan Class in which you believe your Claim, if an Allowed Unsecured Claim, would belong, as well as the basis for your belief.  If the Debtors disagree, they will file an objection and schedule a hearing before the Bankruptcy Court, on notice to you.  If the Debtors agree, they will file a consent, on notice to you.  If you do not file a motion by September 18, 2006, and if your Claim is an Allowed Unsecured Claim, the identified Plan Class will be binding on you.**

CLAIM REDUCTION FORMS SENT BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE VALID.
ANY CLAIM REDUCTION FORM THAT IS NOT PROPERLY EXECUTED AND TIMELY RECEIVED WILL BE DISREGARDED AND THE CLAIMANT WILL RECEIVE NEW COMMON STOCK AS PROVIDED FOR IN THE PLAN.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF, AND**
**DEADLINE FOR OBJECTING TO, DEBTORS' JOINT PLAN OF REORGANIZATION**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST AND INTERESTS IN ANY OF THE**
**FOLLOWING DEBTORS:**

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida 32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia 31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia 31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Madison, Florida 32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana 70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama 36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina 27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6078837 |

**PLEASE TAKE NOTICE THAT:**

1.    On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

2.      In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.      A hearing to consider confirmation of the Plan will be held on October 13, 2006, at 9:00 a.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202.  The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities.  Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.  You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer.  Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

4.      No later than September 25, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com.  The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan.  Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

5.      **THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.  THE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE.**

6.      The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

7.      Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov;  or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

Dated:  August 9, 2006

| | |
|---|---|
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin | James H. Post, Cynthia C. Jackson, Leanne Prendergast |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida  32202 |
| | |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN PLAN

**12.12    Releases and Related Matters**

(a)      Releases by Debtors

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Reorganized Debtors and any Person seeking to exercise the rights of the Debtors' estate, including, without limitation, any successor to the Debtors or any estate representative appointed or selected pursuant to Section 1123(b)(3) of the Bankruptcy Code, shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including claims or causes of action arising under Chapter 5 of the Bankruptcy Code), and liabilities whatsoever in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights of the Debtors and the Reorganized Debtors to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction,

event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, and that may be asserted by or on behalf of the Debtors, the Estates, or the Reorganized Debtors against (i) any of the other Debtors and any of the Debtors' non-Debtor subsidiaries, (ii) any of the present or former directors, officers, or employees of any of the Debtors or any of the Debtors' non-Debtor subsidiaries, (iii) any Professionals of the Debtors, (iv) Wachovia and its advisors, and (v) the Creditors Committee, its members, and its and their advisors, respectively (but not its members in their individual capacities); provided, however, that nothing in this Section 12.12(a) shall be deemed to prohibit the Debtors or the Reorganized Debtors from asserting and enforcing any claims, obligations, suits, judgments, demands, debts, rights, causes of action or liabilities they may have against any employee (other than any director or officer) that is based upon an alleged breach of a confidentiality, noncompete, or any other contractual or fiduciary obligation owed to the Debtors or the Reorganized Debtors.

(b)     Releases by Holders of Claims

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

## 12.13   Discharge of the Debtors

(a)     Except as otherwise provided herein or in the Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against the Debtors or any of their assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims, upon the Effective Date, the Debtors, and each of them, shall (i) be deemed discharged and released under Section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in Section 502 of the Bankruptcy Code, whether or not (A) a Proof of Claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (B) a Claim based upon such debt is Allowed under Section 502 of the Bankruptcy Code, (C) a Claim based upon such debt is or has been disallowed by order of the Bankruptcy Court, or (D) the holder of a Claim based upon such debt accepted the Plan, and (ii) terminate all Winn-Dixie Interests.

(b)     As of the Effective Date, except as provided in the Plan or the Confirmation Order or under the terms of the documents evidencing and orders approving the DIP Facility and/or the Exit Facility, all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors, any other or further claims, debts, rights, causes of action, claims for relief, liabilities, or equity interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date.  In accordance with the foregoing, except as provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtors and termination of all Winn-Dixie Interests, pursuant to Sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtors at any time, to the extent that such judgment relates to a discharged Claim or terminated Interest.

## 12.14   Injunction

(a)     Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim or other debt or liability that is discharged or an Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors, the Reorganized Debtors, and their respective subsidiaries or their property on account of any such discharged Claims, debts, or liabilities or terminated Interests or rights:  (i) commencing or

continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors or the Reorganized Debtors; or (v) commencing or continuing any action, in each such case in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(b)    As of the Effective Date, all Persons that have held, currently hold, or may hold, a Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, or liability that is released, or an Interest that is terminated, pursuant to Section 12.11, 12.12, or 12.13 of the Plan are permanently enjoined from taking any of the following actions on account of such released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities, or such terminated Interests: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff against any debt, liability, or obligation due to any released Person; or (v) commencing or continuing any action, in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(c)    Without limiting the effect of the foregoing provisions of this Section 12.14 upon any Person, by accepting distributions pursuant to the Plan, each holder of an Allowed Claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section 12.14.

(d)    Nothing in this Section 12.14 shall impair (i) the rights of any holder of a Disputed Claim to establish its Claim in response to an objection filed by the Debtors or the Reorganized Debtors, (ii) the rights of any defendant in an avoidance action filed by the Reorganized Debtors to assert defenses in such action, or (iii) the rights of any party to an executory contract or unexpired lease that has been assumed by the Debtors pursuant to an order of the Bankruptcy Court or the provisions of the Plan to enforce such assumed contract or lease.

## 12.15    Exculpation and Limitation of Liability

(a)    None of the Debtors, the Reorganized Debtors, their respective subsidiaries, Wachovia, or the Creditors Committee (as to itself or any of its members), or any of their respective present or former members, officers, directors, employees, advisors, Professionals, or agents, shall have or incur any liability to any holder of a Claim or an Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct.   The foregoing is not intended to limit or otherwise impact any defense of qualified immunity that may be available under applicable law.

(b)    Notwithstanding any other provision of the Plan, no holder of a Claim or an Interest, no other party-in-interest, none of their respective agents, employees, representatives, advisors, attorneys, or affiliates, and none of their respective successors or assigns shall have any right of action against any of the Debtors, any of the Reorganized Debtors, any of the Debtors' or Reorganized Debtors' subsidiaries, Wachovia, or the Creditors Committee, or of their respective present or former members, officers, directors, employees, advisors, Professionals, or agents, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct.



**Jay Skelton**
Chairman of the Board

August 9, 2006

To our Creditors:

On behalf of Winn-Dixie's board of directors and management team, I am pleased to forward our Disclosure Statement and Plan of Reorganization. Since Winn-Dixie's chapter 11 filing 18 months ago, thousands of employees have worked diligently to strengthen our business, particularly by focusing on improving our product offerings, customer service and shopping experience. Our new management team has implemented an across-the-board program to get the company back on track. We are very excited about the progress that has been made and are very appreciative of the tremendous support we have received – not only from our Associates, but from our customers, vendor partners, landlords, and the communities we serve.

The documents that are enclosed represent the culmination of a concerted effort by a large number of people to get Winn-Dixie out of chapter 11 and maximize its value to creditors. The Official Creditors Committee has brokered the compromise of the "substantive consolidation" dispute that is included in the Plan, which also has the support of the Ad Hoc Trade Committee and Ad Hoc Retirees Committee. Without the compromise, our chapter 11 case could be mired in expensive litigation for many years. We also appreciate that the Official Creditors Committee is supporting our emergence from chapter 11 by recommending to creditors a vote in favor of the Plan.

The Disclosure Statement and Plan are complicated legal documents – we wish they were shorter and simpler, but the rules of the chapter 11 process make it important to give creditors as much information about the company and its business as we can, and we have tried to do that. Those of you who are entitled to vote on the Plan will receive a ballot, which will let you vote to accept the Plan or not. Everyone at Winn-Dixie strongly encourages you to mark your ballot to "ACCEPT" the Plan and return it before the voting deadline of September 25, 2006, at

**Winn✓Dixie**
Getting better all the time.
Winn-Dixie Stores, Inc.
Corporate Headquarters
5050 Edgewood Court
P. O. Box B
Jacksonville, Florida
32203-0297

4:00 p.m.  If we don't get creditor support, then we will not be able to emerge from chapter 11, which would be a result that would hurt everyone, but particularly our creditors.

If creditors vote to accept our Plan and the Court agrees, then we expect to emerge from chapter 11 as soon as late October 2006.  When that occurs, with the exception of our CEO Peter Lynch, the current board of directors will resign, and a new board will take over the supervision of the reorganized Winn-Dixie.  All of the current board members will do everything within their power to accomplish a smooth transition to the new board, to insure every possible success for Winn-Dixie.

Chapter 11 is a difficult process.  Our board and management have witnessed the hardship caused to creditors, shareholders, and employees by this process.  We believe, however, that the Plan offers the best possible opportunity for our creditors to recover as much as possible. I encourage you to mark the ballot to "ACCEPT" the Plan and to return your ballot before the deadline.

With best regards,

Sincerely,

H. Jay Skelton
Chairman of the Board

Winn Dixie
Getting better all the time.
Winn-Dixie Stores, Inc.
Corporate Headquarters
5050 Edgewood Court
P. O. Box B
Jacksonville, Florida
32203-0297

OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF WINN-DIXIE STORES, INC., *ET AL.*, DEBTORS
CHAPTER 11 CASE NO. 3:05-bk-03817-JAF JOINTLY ADMINISTERED

c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

August 9, 2006

TO:     UNSECURED CREDITORS OF WINN-DIXIE STORES, INC. AND ITS DIRECT
        AND INDIRECT DEBTOR SUBSIDIARIES

---

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Winn-Dixie Stores, Inc., *et al.*, debtors and debtors in possession (collectively, the "Debtors"), appointed pursuant to 11 U.S.C. § 1102, writes to advise you of our determinations as to the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, dated August 9, 2006 (the "Plan"). Any capitalized terms used but not defined herein have the meaning ascribed to such terms in the Plan.

> THE MEMBERS OF THE CREDITORS' COMMITTEE REPRESENTING THE INTERESTS OF ALL UNSECURED CREDITORS OF THE DEBTORS, UNANIMOUSLY SUPPORT THE PLAN, EXCEPT AS DESCRIBED BELOW, AND RECOMMEND THAT HOLDERS OF UNSECURED CLAIMS VOTE TO ACCEPT THE PLAN IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH ON THEIR BALLOTS. *Each Creditor must, however, make its own independent decision as to whether or not the Plan is acceptable to that Creditor before voting to accept or reject the Plan.*

**Formulation of Plan.** Since its formation on March 1, 2005, the Creditors' Committee has expended significant efforts investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses (including the operations of non-Debtor subsidiaries) and the desirability of continuing such businesses, and numerous other matters relevant to the formulation of a joint chapter 11 plan for the Debtors. In addition, as set forth more fully in the Disclosure Statement accompanying the Plan, we have worked with the Debtors for more than six (6) months to forge a compromise of complex issues relating to whether the Debtors' estates should be substantively consolidated in order to formulate the Plan. We believe that the compromise of substantive consolidation issues embodied in the Plan will provide the greatest potential recovery for unsecured creditors of the Debtors as a whole because, among other things, the Plan resolves the issue of substantive consolidation of the Debtors without expensive and time-consuming litigation, and facilitates an orderly and expeditious distribution of value to Creditors holding Allowed Unsecured Claims.

**Distributions.** The Plan provides that the Holders of Allowed Unsecured Claims (i.e., Holders of Allowed Noteholder Claims, Landlord Claims, Vendor/Supplier Claims, Retirement Plan Claims and Other Unsecured Claims) will receive 100% of the New Common Stock of Reorganized Winn-Dixie subject to dilution (of up to 10%) by New Common Stock that will be issued under the New Equity Incentive Plan.

**Substantive Consolidation Compromise.** As described in the Disclosure Statement, the Plan proposes, and its terms embody, a compromise and settlement, rather than litigation, of intercreditor issues relating to whether the liabilities and assets of the Debtors should be substantively consolidated for purposes of distributions under the Plan. We believe this settlement avoids the expense and delay of a litigation that would undoubtedly require lengthy discovery and court testimony regarding creditor reliance on the separateness or interrelatedness of the Debtors. Furthermore, establishing creditor reliance would not necessarily resolve the issue as parties could still assert, based on unsettled law, that consolidation was appropriate or inappropriate based on the state of the Debtors' financial records and the existence of intercorporate guarantees. Accordingly, based on, among other things, creditor support for the proposed settlement, the complexity of the litigation, the unanimous support of members of the Creditors' Committee and each party's likelihood of success, the proposed settlement is, in our view, in the best interests of the unsecured creditor body.

**Tail Insurance Coverage.** As described in the Disclosure Statement, the Debtors or the Reorganized Debtors, as the case may be, intend to purchase and maintain continuing director and officer insurance coverage in the amount of $200 million at an approximate cost of $10 million and for a tail period of six (6) years, for those directors and officers who were covered by director and officer insurance during the pendency of the Chapter 11 Case. **THE CREDITORS' COMMITTEE HAS NOT AGREED TO THE DEBTORS' PURCHASE OF TAIL INSURANCE COVERAGE. THE CREDITORS' COMMITTEE HAS INFORMED THE DEBTORS THAT, ABSENT A CONSENSUAL RESOLUTION, IT RESERVES ALL OF ITS RIGHTS WITH RESPECT TO THIS ISSUE, INCLUDING, WITHOUT LIMITATION, OBJECTIONS TO THE PROVISION OF TAIL INSURANCE IN ANY AMOUNT AT THE CONFIRMATION HEARING AND SEEKING AN ORDER FROM THE BANKRUPTCY COURT SEVERING SUCH PROVISION FROM THE PLAN.**

*The foregoing description summarizes only certain aspects of the compromise and other matters contained in the Plan and does not constitute any part of, and is not intended as a substitute for, the Disclosure Statement approved by the Court. Creditors should read the Plan and the accompanying Disclosure Statement (including, without limitation, all of the risk factors set forth therein) and attachments, exhibits and supplements in their entirety before voting on the Plan.*

The Debtors have provided you with a Ballot to vote to accept or reject the Plan. In order to have your vote counted, you must complete and return the Ballot in accordance with the procedure set forth therein and in the Disclosure Statement. PLEASE READ THE DIRECTIONS ON THE BALLOT CAREFULLY AND COMPLETE YOUR BALLOT IN ITS ENTIRETY BEFORE RETURNING IT TO THE DEBTORS' BALLOTING AGENT.

Please direct any questions regarding this letter and the matters discussed herein to co-counsel for the Creditors' Committee, Milbank, Tweed, Hadley & McCloy, LLP (Michael E. Comerford, 212-530-5318 or mcomerford@milbank.com).

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF WINN-DIXIE STORES, INC., *ET AL.*