**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| In re:<br><br>**WINN-DIXIE STORES, INC., et al.,**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 05-03817-3F1<br><br>(Jointly Administered) |

**CERTIFICATE OF SERVICE**

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1.   I am of legal age and I am not a party to this action.

2.   I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims, Noticing and Tabulation Agent for the above-captioned Debtors.

3.   On or about August 15, 2006 I caused the following to be served for informational purposes and in the manner set forth in the Solicitation and Tabulation Procedures Order entered on August 4, 2006:

- the **Ballot(s) and Voting Instructions for Classes 7 through 17;**
- the **Claim Reduction Form;**
- the **Notice of Deemed Rejecting Status Under Debtors' Joint Plan of Reorganization;**
- the **Notice of Non-Voting Status Under Debtors' Joint Plan of Reorganization;**
- the **Notice of Non-Voting Status and Temporary Allowance Procedures with Respect to Contingent, Unliquidated, or Disputed Claims;**
- the **Notice to Executory Contracts and Unexpired Lease Parties with Respect to Debtors' Joint Plan of Reorganization;**
- the **Confirmation Hearing Notice;**
- the **Solicitation Letter from the Debtor;**
- the **Solicitation Letter from the Creditors' Committee;**
- the **Disclosure Statement [Refer to Docket No. 10057];**
- the **Plan [Refer to Docket No. 10058];** and,
- a **Business Reply Envelope,**

to be inserted (as appropriate) in first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service Lists attached hereto as Exhibit A. A copy of the served documents as listed above (excluding the Disclosure Statement and Plan) is attached hereto as Exhibit B.

Dated: September 13, 2006

Kathleen M. Logan

---

[1]        In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

# EXHIBIT A
# SERVICE LIST

**EXHIBIT A - SERVICE LIST**
**U.S. Trustee, Counsel to Creditors Committee**
**and Parties on the Master Service List**

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                    **CASE:   05-03817-3F1**

CREDITOR ID: 417016-99
2525 E HILLSBOROUGH AVENUE LLC
C/O POWELL GOLDSTEIN LLP
ATTN: W HAGENAU & J MOORE, ESQS
ONE ATLANTIC CENTER, 14TH FL
1201 W PEACHTREE STREET NW
ATLANTA GA 30309-3488

CREDITOR ID: 279178-99
40/86 ADVISORS INC
ATTN: FRANK BERG/GREGORY J SEKETA
535 N COLLEGE DRIVE
CARMEL IN 46032

CREDITOR ID: 417021-99
ACE AMERICAN INSURANCE CO
C/O DUANE MORRIS LLP
ATTN: M REED & W SIMKULAK, ESQS
30 SOUTH 17TH STREET
PHILADELPHIA PA 19103

CREDITOR ID: 381868-99
ADELMAN LAW OFFICES PC
ATTN: DAVID A ADELMAN
1320 TOWER ROAD, STE 114
SCHAUMBURG IL 60173

CREDITOR ID: 403380-99
ADS SEAFOOD DBA ATLANTA FISHERIES
C/O TRENAM KEMKER SCHARF ET AL
ATTN: R J MCINTYRE/L R FERNANDEZ
PO BOX 1102
TAMPA FL 33601-1102

CREDITOR ID: 452488-99
AIB DELTONA LTD
C/O WILCOX LAW FIRM
ATTN: ROBERT D WILCOX, ESQ
6817 SOUTHPOINT PKWY, STE 1302
JACKSONVILLE FL 32216

CREDITOR ID: 279021-99
AIRGAS INC
ATTN: DAVID BOYLE
259 RADNOR-CHESTER RD, STE 100
PO BOX 6675
RADNOR PA 19087-8675

CREDITOR ID: 279021-99
AIRGAS INC
C/O SMITH KATZENSTEIN FURLOW LLP
ATTN: KATHLEEN M MILLER, ESQ
800 DELEWARE AVENUE 7TH FLOOR
PO BOX 410
WILMINGTON DE 19899

CREDITOR ID: 457575-99
AKERMAN SENTERFIT
ATTN: JOHN B MACDONALD
50 NORTH LAURA ST, STE 2500
JACKSONVILLE FL 32202

CREDITOR ID: 405919-99
AKIN GUMP STRAUSS ET AL
ATTN: STEPHEN KUHN
590 MADISON AVENUE
NEW YORK NY 10022-2524

CREDITOR ID: 403550-99
ALABAMA POWER COMPANY
C/O STICHTER RIEDEL ET AL
ATTN: E PETERSON/ E KETCHUM
110 EAST MADISON ST, STE 200
TAMPA FL 33602

CREDITOR ID: 279198-99
ALABAMA POWER COMPANY
C/O BALCH & BINGHAM LLP
ATTN: W CLARK WATSON/ERIC T RAY
1901 SIXTH AVE NO, STE 2600
PO BOX 306
BIRMINGHAM AL 35201

CREDITOR ID: 452481-99
ALBION PROPERTY RESOURCES LLC
C/O HELD & ISRAEL
ATTN: K ISRAEL & A FRISCH, ESQS
1301 RIVERPLACE BLVD, STE 1916
JACKSONVILLE FL 32207

CREDITOR ID: 408253-99
ALG LIMITED PARTNERSHIP
C/O HELD  & ISREAL
ATTN: EDWIN W HELD JR., ESQ
1301 RIVERPLACE BLVD
SUITE 1916
JACKSONVILLE FL 32207

CREDITOR ID: 408253-99
ALG LIMITED PARTNERSHIP
C/O KITCHENS KELLEY GAYNES, PC
ATTN: MARK A KELLEY, ESQ
11 PIEDMONT CENTER, SUITE 900
ATLANTA GA 30305

CREDITOR ID: 381914-99
ALLIED CAPITAL CORPORATION
C/O VENABLE LLP
ATTN: G CROSS/L TANCREDIT/H FOLEY
1800 MERCANTILE BANK & TRUST BLDG
TWO HOPKINS PLAZA
BALTIMORE MD 21201

CREDITOR ID: 410687-99
ALLIED PRINTING, INC.
DBA ALLIED GRAPHICS
7403 PHILIPS HIGHWAY
JACKSONVILLE FL 32256

CREDITOR ID: 457578-99
ALVAREZ SAMBOL WINTHROP ET AL
ATTN: PHILIP D STOREY, ESQ
PO BOX 3511
ORLANDO FL 32802

CREDITOR ID: 279173-99
AMERICAN FOOD DISTRIBUTORS INC
C/O MACCO & STERN LLP
ATTN: RICHARD L STERN, ESQ
135 PINELAWN RD, STE 120 SOUTH
MELVILLE NY 11747

CREDITOR ID: 315664-99
AMSOUTH BANK
ATTN: WILLIAM R HOOG
13535 FEATHER SOUND DR
BLDG 1, STE 525
CLEARWATER FL 34762

CREDITOR ID: 403188-99
AMSW INC
C/O STOVASH CASE & TINGLEY PA
ATTN: RACHEL E ADAMS, ESQ
SUNTRUST CENTER
200 SOUTH ORANGE AVE, STE 1220
ORLANDO FL 32801

CREDITOR ID: 278710-99
ANDERSON NEWS LLC
ATTN JENNIFER VOSS, VP ACCOUNTING
PO BOX 52570
KNOXVILLE, TN 37950-2570

CREDITOR ID: 279422-99
ANGELO GORDON & CO
ATTN: JAMES M MALLEY
245 PARK AVE 26TH FL
NEW YORK NY 10167

CREDITOR ID: 278792-99
ARONOV REALTY
C/O HOLLAND & KNIGHT LLP
ATTN ALAN M WEISS, ESQ
15 NORTH LAURA ST, STE 3900
JACKSONVILLE FL 32202

CREDITOR ID: 382392-99
ASCENTIAL SOFTWARE
50 WASHINGTON STREET
WESTBORO, MA 01581

CREDITOR ID: 382392-99
ASCENTIAL SOFTWARE
MIRICK O'CONNELL
ATTN PAUL W CAREY, ESQ
100 FRONT STREET
WORCESTER MA 01608

CREDITOR ID: 392842-99
ASPREA, ESTATE OF TINA MAPPS
C/O LEESFIELD LEIGHTON RUBIO ET AL
ATTN JOHN ELLIOTT LEIGHTON, ESQ
2350 SOUTH DIXIE HIGHWAY
MIAMI FL 33133

CREDITOR ID: 452474-99
ASSOCIATED GROCERS OF FLORIDA INC
C/O MILAM HOWARD ET AL
ATTN: PETER E NICANDRI
208 NORTH LAURA ST, STE 800
JACKSONVILLE FL 32202

CREDITOR ID: 452395-99
ASSOCIATED WHOLESALE GROCERS INC
C/O WILCOX LAW FIRM
ATTN: ROBERT D WILCOX, ESQ
ONE DEERWOOD PLACE
10201 CENTURION PARKWAY NO, STE 600
JACKSONVILLE FL 32256

CREDITOR ID: 417022-99
AVON SQUARE LTD
C/O STICHTER RIEDEL ET AL
ATTN: SUSAN H SHARP
110 MADISON ST, STE 200
TAMPA FL 33602

**EXHIBIT A - SERVICE LIST**
**U.S. Trustee, Counsel to Creditors Committee**
**and Parties on the Master Service List**

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                      **CASE:   05-03817-3F1**

CREDITOR ID: 315733-99
AVONDALE SQUARE LP
C/O FAVRET DEMAREST RUSSO ET AL
ATTN THOMAS J LUTKEWITTE, ESQ
1515 POYDRAS STREET
NEW ORLEANS LA 70112

CREDITOR ID: 315733-99
AVONDALE SQUARE LP
100 CONTI ST
NEW ORLEANS, LA 70130

CREDITOR ID: 381843-99
B&F SYSTEM INC
C/O HANCE SCARBOROUGH WRIGHT ET AL
ATTN: FRANK J WRIGHT/C ASHLEY ELLIS
6000 SIGNATURE PLACE
14755 PRESTON ROAD
DALLAS TX 75254

CREDITOR ID: 381871-99
BAKST, MICHAEL R
222 LAKEVIEW AVE, STE 1330
WEST PALM BEACH FL 33401

CREDITOR ID: 278837-99
BAL GLOBAL FINANCE LLC
C/O KAYE SCHOLER LLP
ATTN: RICHARD SMOLEV/KEITH MURPHY
425 PARK AVENUE
NEW YORK NY 10022-3598

CREDITOR ID: 278795-99
BALLARD SPAHR ANDREWS & INGERSOLL
ATTN JEFFREY MEYERS ESQ
51ST FLR MELLON BANK CENTER
1735 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 278786-99
BALLARD SPAHR ANDREWS & INGERSOLL
ATTN DAVID L POLLACK ESQ
51ST FLR MELLON BANK CENTER
1735 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 278796-99
BALLARD SPAHR ANDREWS & INGERSOLL
ATTN DEAN C WALDT ESQ
51ST FLR MELLON BANK CENTER
1735 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 403540-99
BAUMGARDNER HOGAN REAL ESTATE LLC
C/O KAREM & KAREM, ATTNYS AT LAW
ATTN: JOHN W HARRISON, JR
333 GUTHRIE GREEN, STE 312
LOUISVILLE KY 40202

CREDITOR ID: 452450-99
BAUMGARDNER-HOGAN LLC
C/O STUTSMAN & THAMES PA
ATTN: R THAMES & B MARKEY, ESQS
121 W FORSYTH ST, STE 600
JACKSONVILLE FL 32202

CREDITOR ID: 279461-99
BEAR STEARNS INVESTMENT PRODUCT INC
ATTN: NOAH CHARNEY
383 MADISON AVENUE
NEW YORK NY 10179

CREDITOR ID: 397612-99
BELLSOUTH COMMUNICATIONS SYSTEM LLC
C/O REGINALD A GREENE
675 WEST PEACHTREE ST NE, STE 4300
ATLANTA GA 30375

CREDITOR ID: 408258-99
BELLVIEW SQUARE CORPORATION
C/O TUGGLE DUGGINS & MESCHAN, PA
ATTN PAUL M DENNIS, ESQ.
228 WEST MARKET STREET
PO BOX 2888
GREENSBORO NC 27402-2888

CREDITOR ID: 410954-99
BENDERSON 85-1 TRUST & RONALD
C/O BENDERSON DEVELOPMENT CO LLC
ATTN: JOEL E SCHOLSBERG, ESQ
8441 COOPER CREEK BLVD
UNIVERSITY PARK FL 34201

CREDITOR ID: 410954-99
BENDERSON 85-1 TRUST & RONALD
BENDERSON 1995 TRUST
C/O BENDERSON DEVELOPMENT CO, INC
ATTN SUSAN HASSINGER, ESQ
570 DELAWARE AVENUE
BUFFALO NY 14202

CREDITOR ID: 279511-99
BENSONS INC
C/O MORRIS JAMES HITCHENS ET AL
ATTN: STEPHEN M MILLER, ESQ
222 DELAWARE AVE, 19TH FL
PO BOX 2306
WILMINGTON DE 19899

CREDITOR ID: 408244-99
BERT ASSOCIATES
C/O KENNEDY COVINGTON ETAL
ATTN: AMY PRITCHARD WILLIAMS
HEARS TOWER, 47TH FL
214 NORTH TRYON STREET
CHARLOTTE NC 28202

CREDITOR ID: 533760-99
BIG LOTS STORES INC
C/O MILAM HOWARD NICANDRI ET AL
ATTN: PETER E NICANDRI, ESQ
14 EAST BAY STREET
JACKSONVILLE FL 32202

CREDITOR ID: 452396-99
BI-LO INC
C/O KILPATRICK STOCKTON LLP
ATTN: PAUL M ROSENBLATT, ESQ
1100 PEACHTREE ST, STE 2800
ATLANTA GA 30309

CREDITOR ID: 533780-99
BILZIN SUMBERG BAENA ET AL
ATTN: JAMES C MOON
200 SOUTH BISCAYNE BLVD, STE 2500
MIAMI FL 33131

CREDITOR ID: 492941-99
BIRMINGHAM REALTY COMPANY
C/O LAFLEUR LAW FIRM
ATTN: NINA M LAFLEUR, ESQ
PO BOX 861128
SAINT AUGUSTINE FL 32086

CREDITOR ID: 452483-99
BK FOODS LTD
C/O FOLEY & LARDNER LLP
ATTN: GARDNER F DAVIS, ESQ
PO BOX 240
JACKSONVILLE FL 32201-0240

CREDITOR ID: 279407-99
BLACKSTONE GROUP LP, THE
ATTN: FLIP HUFFARD
345 PARK AVENUE
NEW YORK, NY 10010

CREDITOR ID: 452407-99
BLAINE LAKE LLC AS SUCCESSOR TO
MORRIS INVESTMENT COMPANY
C/O GRAY/ROBINSON PA
ATTN: J BURNETT & K JACOBS
50 NORTH LAURA ST, STE 1675
JACKSONVILLE FL 32202

CREDITOR ID: 410708-99
BLANCO, TERESITA PLANAS
C/O DAVID W LANGLEY PA
ATTN DAVID W LANGLEY, ESQ
8181 W BROWARD BLVD, STE 204
PLANTATION FL 33324

CREDITOR ID: 381851-99
BLANK ROME LLP
ATTN: JASON W STAIB
CHASE MANHATTAN CENTRE
102 MARKET ST, STE 800
WILMINGTON DE 19801

CREDITOR ID: 381834-99
BODOFF & SLAVITT LLP
ATTN JOSEPH BODOFF
225 FRIEND ST
BOSTON MA 02114

CREDITOR ID: 403538-99
BOONE NEWSPAPERS INC
C/O HUBBARD SMITH MCILWAIN ET AL
ATTN: BRAKEFIELD/MCILWAIN/SODERGREN
808 LURLEEN WALLACE BLVD, N
PO BOX 2427
TUSCALOOSA AL 35403

CREDITOR ID: 279121-99
BOTTLING GROUP LLC DBA
THE PEPSI BOTTLING GROUP
C/O LOWENSTEIN SANDLER PC
ATTN: ANUSIA GAYER/BRUCE NATHAN
1251 AVENUE OF THE AMERICAS 18TH FL
NEW YORK NY 10020

CREDITOR ID: 278778-99
BOTTLING GROUP LLC DBA
THE PEPSI BOTTLING GROUP
C/O FRANK/GECKER LLP
ATTN: JOSEPH D FRANK/MICAH R KROHN
325 N LASALLE ST, STE 625
CHICAGO IL 60610

**EXHIBIT A - SERVICE LIST**

**U.S. Trustee, Counsel to Creditors Committee**
**and Parties on the Master Service List**

**DEBTOR:  WINN-DIXIE STORES, INC., ET AL.**  **CASE:  05-03817-3F1**

CREDITOR ID: 408314-99
BRADLEY OPERATING LTD PARTNERSHIP
C/O MCGUIREWOODS LLP
ATTN: MICHAEL M SCHMAHL
77 W WACKER DR, STE 4100
CHICAGO IL 60601

CREDITOR ID: 392319-99
BRAYBOY, MAQUIA
C/O: MARVIN S. SCHULMAN
MARVIN S. SCHULMAN, P.A.
2800 WESTON RD, SUITE 201
WESTON FL 33331

CREDITOR ID: 405913-99
BREGMAN BERBERT ET AL
ATTN: LAURENCE H BERBERT
7315 WISCONSIN AVE, STE 800 WEST
BETHESDA MD 20814

CREDITOR ID: 408300-99
BROOKHAVEN RETAIL LLC
ATTN: STEVEN BARRY FRANKOFF, ESQ.
15014 MARLEBONE COURT
HOUSTON TX 77069

CREDITOR ID: 417013-99
BROOKSHIRE GROCERY COMPANY
C/O BAKER BOTTS LLP
ATTN: J. PRINCE & C. MCDOWELL, ESQS
2001 ROSS AVENUE
DALLAS TX 75201-2980

CREDITOR ID: 383156-99
BROWARD CNTY REVENUE COLLECTION DIV
LITIGATION SECTION
ATTN: HOLLIE HAWN
GOVERNMENT CENTER ANNEX
115 S ANDREWS AVENUE
FORT LAUDERDALE FL 33301

CREDITOR ID: 383155-99
BROWN RAYSMAN MILLSTEIN ET AL
ATTN: GERARD CATALANELLO
900 THIRD AVENUE
NEW YORK NY 10022

CREDITOR ID: 533656-99
BROWN, MARINDA N
C/O WEAVER LAW GROUP
ATTN:  MEREDITH N BRASCA
2633 HERSCHEL STREET
JACKSONVILLE FL 32204

CREDITOR ID: 397706-99
BT MARIETTA, LLC
C/O KLEHR HARRISON ET AL
ATTN JEFFREY KURTZMAN, ESQ
260 SOUTH BROAD STREET
PHILADELPHIA PA 19102

CREDITOR ID: 279508-99
BUCKEYE CAPITAL PARTNERS LP
ATTN: PHILIP BROWN
230 PARK AVE, STE 1542
NEW YORK NY 10169

CREDITOR ID: 410950-99
BUFFALO-LOL ASSOCIATES, LTD/
BUFFALO-WD ASSOCIATES, LTD
C/O BENDERSON DEVELOPMENT CO, INC
ATTN SUSAN HASSINGER, ESQ
570 DELAWARE AVE
BUFFALO NY 14202

CREDITOR ID: 457576-99
BUIST MOORE SMYTHE MCGEE PA
ATTN: CHARLES P SUMMERALL IV
PO BOX 999
CHARLESTON SC 29402

CREDITOR ID: 407762-99
BURLINGTON ASSOCIATES LP
C/O ROSEN LAW GROUP LLC
ATTN: MITCHELL S ROSEN
ATLANTA PLAZA, STE 3250
950 E PACES FERRY RD
ATLANTA GA 30326

CREDITOR ID: 399304-99
BURR & FORMAN LLP
ATTN: D MEEK/R RUBIN/M SOLOMON
3100 SOUTH TRUST TOWER
420 NORTH 20TH ST
BIRMINGHAM AL 35203

CREDITOR ID: 452390-99
BVBELK PROPERTIES
KELLEY DRYE & WARREN LLP
ATTN: J S CARR & R L LEHANE, ESQS
101 PARK AVENUE
NEW YORK NY 10178

CREDITOR ID: 452412-99
C&A LTD LC
C/O POLSINELLI SHALTON ET AL
ATTN: JAMES E BIRD, ESQ
700 WEST 47TH ST, STE 1000
KANSAS CITY MO 64112

CREDITOR ID: 278803-99
CADBURY ADAMS USA LLC
C/O RICHARD W WARD, ESQ
2527 FAIRMOUNT STREET
DALLAS TX 75201

CREDITOR ID: 457581-99
CADLEROCK LLC
ATTN: VIC BUENTE
100 NORTH CENTER ST
NEWTON FALLS OH 4444-1321

CREDITOR ID: 279117-99
CAL-MAINE FOODS INC
C/O YOUNG WILLIAMS, PA
ATTN ROBERT L HOLLADAY JR
PO BOX 23059
JACKSON MS 39225-3059

CREDITOR ID: 244415-99
CAMERON SANFORD COMPANY LLC
C/O CRANFILL SUMNER & HARTZOG
ATTN RICHARD T BOYETTE, ESQ
PO BOX 27808
RALEIGH NC 27611-7808

CREDITOR ID: 244415-99
CAMERON SANFORD COMPANY LLC
ATT CONNIE S STEAD ACCTG MGR
PO BOX 31827
RALEIGH, NC 27622-1827

CREDITOR ID: 533759-99
CAMILLA MARKETPLACE ASSOC LP
C/O D LANCE LANGSTON
300 EAST PARK AVENUE
TALLAHASSEE FL 32301

CREDITOR ID: 278703-99
CAMPBELL SOUP CO.
ATTN MAUREEN HART, SR. CREDIT MGR
PO BOX 101407
ATLANTA GA 30392-1407

CREDITOR ID: 279494-99
CAPITAL RESEARCH & MGMT COMPANY
ATTN: ELLEN CARR/ABNER D GOLDSTINE
AMERICAN FUNDS
333 SOUTH HOPE STREET
LOS ANGELES CA 90071

CREDITOR ID: 279313-99
CAPITAL RESEARCH & MGMT COMPANY
ATTN: ELLEN CARR, VP
AMERICAN FUNDS
333 S HOPE STREET
LOS ANGELES CA 90071

CREDITOR ID: 452408-99
CAPMARK SERVICES INC AGENT OF
SWISS RE ASSET MNGT AMER INC
C/O DUANE MORRIS LLP
ATTN: M REED & W SIMKULAK, ESQS
20 SOUTH 17TH STREET
PHILADELPHIA PA 19103-4196

CREDITOR ID: 407743-99
CAPSTONE ADVISORS INC
C/O KATTAN MUCHIN ROSENMAN LLP
ATTN: DUSTIN P BRANCH, ESQ
2029 CENTURY PARK EAST, STE 2600
LOS ANGELES  CA 90067

CREDITOR ID: 452415-99
CARDINAL ENTITIES COMPANY AKA
CARDINAL TRI MANAGEMENT LLC
C/O STUTSMAN & THAMES PA
ATTN: BRADLEY R MARKEY
121 W FORSYTH ST, STE 600
JACKSONVILLE FL 32202

CREDITOR ID: 405897-99
CARDTRONICS INC
C/O POYNER & SPRUILL LLP
ATTN: JUDY D THOMPSON
301 SOUTH COLLEGE ST, STE 2300
CHARLOTTE NC 28202

CREDITOR ID: 279119-99
CARHTAGE CUP LP
C/O DRINKER BIDDLE & REATH LLP
ATTN: ANDREW J FLAME, ESQ
1100 N MARKET ST, STE 1000
WILMINGTON DE 19801

**EXHIBIT A - SERVICE LIST**
**U.S. Trustee, Counsel to Creditors Committee**
**and Parties on the Master Service List**

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                          **CASE:   05-03817-3F1**

CREDITOR ID: 410586-99
CATAMOUNT ATLANTA, LLC, ASSIGNEE
C/O LIONEL SAWYER & COLLINS
ATTN CRAIG E ETEM, ESQ
BANK OF AMERICA PLAZA
50 WEST LIBERTY STREET, SUITE 1100
RENO NV 89501

CREDITOR ID: 410586-99
CATAMOUNT ATLANTA, LLC, ASSIGNEE
OF HELENE FUNK & PETER W MERNER
C/O KRIEG DEVAULT LLP
ATTN C DANIEL MOTSINGER, ESQ
ONE INDIANA SQUARE, SUITE 2800
INDIANAPOLIS IN 46204-2079

CREDITOR ID: 410585-99
CATAMOUNT LS-KY, LLC, ASSIGNEE
OF H FUNK & P MERNER
C/O KRIEG DEVAULT LLP
ATTN C DANIEL MOTSINGER, ESQ
ONE INDIANA SQUARE, SUITE 2800
INDIANAPOLIS IN 46204-2079

CREDITOR ID: 408297-99
CATAMOUNT ROCKINGHAM, LLC, ASSIGNEE
H FUNK & PW MERNER
C/O KRIEG DEVAULT LLP
ATTN C DANIEL MOTSINGER, ESQ
ONE INDIANA SQUARE, STE 2800
INDIANAPOLIS IN 46204-2079

CREDITOR ID: 279092-99
CAVENDISH FARMS
C/O LAW OFFICES OF KEATON & ASSOC
ATTN:  MARY E. GARDNER, ESQ.
1278 W NORTHWEST HWY, SUITE 903
PATATIEN IL 60067

CREDITOR ID: 403500-99
CENTURYTEL, INC & ITS SUBS DBA
CENTURYTEL
C/O REX D RAINACH, ESQ
3622 GOVERNMENT STREET
BATON ROUGE LA 70806-5720

CREDITOR ID: 279320-99
CERTIFIED FOODS CORP
C/O MUNSCH HARDT KOPF & HARR, PC
ATTN RANDALL A RIOS, ESQ
700 LOUISIANA ST, STE 4600
HOUSTON TX 77002-2732

CREDITOR ID: 278696-99
CH ROBINSON WORLDWIDE, INC.
ATTN TERESA BELLMAN, CONTROLLER
PO BOX 9121
MINNEAPOLIS MN 55480-9121

CREDITOR ID: 417032-99
CHARLES SIMON TRUST
C/O STEVENS & LEE PC
ATTN: C SALOMON, J KEYNES
485 MADISON AVE, 20TH FL
NEW YORK NY 10022

CREDITOR ID: 452459-99
CHAVES, BENJAMIN
C/O STERANS WEAVER MILLER ET AL
ATTN: P REDMOND & A MCNAMEE, ESQS
150 WEST FLAGLER ST, STE 2200
MIAMI FL 33130

CREDITOR ID: 2131-99
CHESTER DIX CRAWFORDVILLE CORPORATI
C/O LAWRENCE KADISH REAL ESTATE
ATTN LAWRENCE KADISH, PRESIDENT
PO BOX 40
WESTBURY NY 11590

CREDITOR ID: 2137-99
CHESTER DIX NEWMAN CORPORATION
C/O LAWRENCE KADISH REAL ESTATE
ATTN CHARLES KADISH, VP
PO BOX 40
WESTBURY NY 11590

CREDITOR ID: 452410-99
CHUNN LAW PA
ATTN: DOUGLAS D CHUNN
ONE INDEPENDENT DR, STE 3201
JACKSONVILLE FL 32202

CREDITOR ID: 403192-99
CITRUS WORLD INC DBA FLORIDA'S NATU
C/O GRONEK & LATHAM LLP
ATTN: R SCOTT SHUKER/JIMMY PARRISH
390 N ORANGE AVE, STE 600
PO BOX 3353 (32802)
ORLANDO FL 32801

CREDITOR ID: 533765-99
CITY OF CHARLES
ATTN: CHARLES STANLEY PRENTACE
900 CITY HALL BLDG
NORFOLK VA 23510

CREDITOR ID: 403385-99
CITY OF FAIRHOPE
C/O WILKINS BANKESTER ET AL
ATTN M E WYNNE & B P BRITT, ESQS
PO BOX 1367
FAIRHOPE AL 36533

CREDITOR ID: 405916-99
CITY OF HUNTSVILLE
C/O MICHAEL E LEE, ESQ
200 WEST SIDE SQUARE, SUITE 803
HUNTSVILLE AL 35801-4816

CREDITOR ID: 246087-99
CITY OF PLAQUEMINE, LA
C/O CANOVA & DELAHAYE LP
ATTN PHILLIP CANOVA, JR
58156 COURT STREET
PLAQUEMINE LA 70764-2708

CREDITOR ID: 246087-99
CITY OF PLAQUEMINE, LA
CITY LIGHT AND WATER PLANT
ATTN MONIKA G EDMOND, DIR
PO BOX 777
PLAQUEMINE LA 70764

CREDITOR ID: 407462-99
CITY OF PLAQUEMINE/CITY LIGHT
AND WATER PLANT
C/O PINKSTON & PINKSTON PA
ATTN: D PINKSTON/G SCHLEGEL
PO BOX 4608
JACKSONVILLE FL 32201

CREDITOR ID: 279421-99
CLECO CORPORATION
C/O WHEELIS & ROZANSKI
ATTN: STEPHEN D WHEELIS
PO BOX 13199
ALEXANDRIA LA 71315-3199

CREDITOR ID: 278706-99
CLOROX SALES CO - KPD
ATTN SYBIL SHAW, CREDIT MANAGER
PO BOX 66123
CHARLOTTE NC 28275-1754

CREDITOR ID: 279069-99
CLOROX SALES CO, THE
C/O DLA PIPER RUDNICK GRAY CARY US LLP
ATTN: JANICE L DUBAN, ESQ
203 NORTH LASALLE STREET, STE 1900
CHICAGO IL 60610-1293

CREDITOR ID: 279069-99
CLOROX SALES CO, THE
C/O DLA PIPER RUDNICK GRAY CARY US
ATTN:  MARK J. FRIEDMAN/SUSAN MAHER
6225 SMITH AVENUE
BALTIMORE MD 21209-3600

CREDITOR ID: 279069-99
CLOROX SALES CO, THE
C/O DLA PIPER RUDNICK GRAY CARY LLP
ATTN DANIEL J CARRIGAN, ESQ
1775 WIEHLE AVE, STE 400
RESTON VA 20190

CREDITOR ID: 405934-99
CNTY OF PASCO-BOARD OF COMMISSIONER
C/O ANTHONY M SALZANO, ESQ
WEST PASCO GOV'T CENTER
7530 LITTLE ROAD, STE 340
NEW PORT RICHEY FL 34654

CREDITOR ID: 399384-99
COCA COLA COMPANY, THE
C/O ST JOHN & WAYNE LLC
ATTN: TODD GALANTE/PAUL EVANGELISTA
TWO PENN PLAZA EAST
NEWARK NJ 07105

CREDITOR ID: 279425-99
COCA-COLA BOTTLING CO UNITED-EAST
C/O BRADLEY ARANT ROSE & WHITE LLP
ATTN: DANIELLE K GRECO
1819 FIFTH AVENUE NORTH
BIRMINGHAM AL 35222

CREDITOR ID: 278774-99
COCA-COLA BOTTLING CO. CONSOLIDATED
ATTN: JOYCE ROPER, CBA
MANAGER, CREDIT COLLECTIONS
300 COCA-COLA ROAD
CHARLOTTE NC 28275

CREDITOR ID: 278701-99
COCA-COLA BOTTLING WORKS
ATTN DICK STITELER,
DIRECTOR OF CUSTOMER FINANCIAL SVCS
300 COCA-COLA ROAD
CHARLOTTE NC 28275

**EXHIBIT A - SERVICE LIST**
**U.S. Trustee, Counsel to Creditors Committee**
**and Parties on the Master Service List**

**DEBTOR:  WINN-DIXIE STORES, INC., ET AL.**                                    **CASE:  05-03817-3F1**

CREDITOR ID: 403476-99
COCA-COLA COMPANY, THE
ATTN: JOHN LEWIS, ESQ
LITIGATION COUNSEL
PO BOX 1734
ATLANTA GA 30301

CREDITOR ID: 279115-99
COCA-COLA ENTERPRISES INC ET AL
C/O MILLER & MARTIN PLLC
ATTN: SHELLY D RUCKER, ESQ
832 GEORGIA AVE, STE 1000
CHATTANOOGA TN 37402-2289

CREDITOR ID: 279444-99
COHEN TODD KITE & STANFORD
ATTN: MONICA V KINDT
250 E FIFTH STREET, STE 1200
CINCINNATI OH 45202

CREDITOR ID: 406045-99
COLE FINE FOODS
C/O BROAD AND CASSEL
ATTN: ROY S KOBERT
390 NORTH ORANGE AVE, STE 1100
PO BOX 4961 (32802-4961)
ORLANDO FL 32801

CREDITOR ID: 279197-99
COLE'S QUALITY FOODS INC
C/O VARNUM RIDDERING SCHMIDT ET AL
ATTN:  T J CURTIN & M K SHAVER, ESQ
BRIDGEWATER PLACE
PO BOX 352
GRAND RAPIDS MI 49501-3052

CREDITOR ID: 417009-99
COLODNY FASS TALENFELD ET AL
ATTN: JOEL FASS
2000 W COMMERCIAL BLVD, STE 232
FL LAUDERDALE FL 33309

CREDITOR ID: 315710-99
COLORADO BOXED BEEF COMPANY
C/O SIMPSON LAW OFFICES LLP
ATTN JAMES W MARTIN, ESQ
ONE SECURITIES CENTRE, STE 300
3490 PIEDMONT ROAD, NE
ATLANTA GA 30305

CREDITOR ID: 405880-99
COMMODORE REALTY INC
C/O SAUL EWING LLP
ATTN: JOYCE A KUHNS, ESQ
LOCKWOOD PLACE
500 EAST PRATT STREET
BALTIMORE MD 21202

CREDITOR ID: 452479-99
COMMONWEALTH OF KY DEPT OF REV
FINANCE & ADMIN CABINET
ATTN: SUSAN F STIVERS
PO BOX 5222
FRANKFORT KY 40602-5222

CREDITOR ID: 279056-99
COMPUTER LEASING CO OF MICHIGAN INC
C/O ERMAN TEICHER MILLER ET AL
ATTN: EARLE I ERMAN, ESQ
400 GALLERIA OFFICENTRE, STE 444
SOUTHFIELD MI 48034-2162

CREDITOR ID: 279175-99
CONAGRA FOODS INC
C/O MCGRATH NORTH MULLIN & KRATZ PC
ATTN: JAMES J NIEMEIER, ESQ
FIRST NATIONAL TOWER,STE 3700
1601 DODGE STREET
OMAHA NE 68102-1327

CREDITOR ID: 278688-99
CONAGRA GROCERY PRODUCTS CO.
ATTN ROBERT ELLIS,
CORP CREDIT ANALYSIS MGR
PO BOX 409626
ATLANTA GA 30384

CREDITOR ID: 452444-99
CONCORD-FUND IV RETAIL LP
C/O TEW CARDENAS LLP
ATTN: THOMAS R LEHMAN
FOUR SEASONS TOWER, 15TH FL
1441 BRICKELL AVENUE
MIAMI FL 33131-3407

CREDITOR ID: 408312-99
CONNOLLY BOVE LODGE & HUTZ
ATTN: KAREN BIFFERATO
CHRISTINA THOMPSON
1007 NORTH ORANGE ST
PO BOX 2207
WILMINGTON DE 19899

CREDITOR ID: 405970-99
CONSOLIDATED BISCUIT CO
C/O EASTMAN & SMITH LTD
ATTN: KENNETH C BAKER
PO BOX 10032
TOLEDO OH 43699-0032

CREDITOR ID: 381863-99
CONTINENTAL MILLS
C/O PERKINS COIE, LLP
ATTN B MACINTYRE/J STEVENSON, ESQS
1201 THIRD AVE, 40TH FL
SEATTLE WA 98101-3099

CREDITOR ID: 278788-99
CONTRARIAN CAPITAL MANAGEMENT LLC
ATTN: JANICE STANTON
411 W PUTNAM AVE, STE 225
GREENWICH CT 06830

CREDITOR ID: 278804-99
CONTRARIAN CAPITAL MANAGEMENT LLC
ATTN: NATALIE KLEIN
411 WEST PUTNAM AVE STE 225
GREENWICH CT 06830

CREDITOR ID: 457577-99
CONTRARIAN CAPITAL MANAGEMENT LLC
ATTN: ETHAN SCHWARTZ
411 WEST PUTNAM AVE, STE 225
GREENWICH CT 06830

CREDITOR ID: 457579-99
COONEY MATTSON LANCE ET AL
ATTN: ACE J BLACKBURN JR, ESQ
2312 WILTON DRIVE
FT LAUDERDALE FL 33305

CREDITOR ID: 410749-99
CORINNE L DODERO TRUST FOR THE
ARTS & SCIENCES
C/O SQUIRE SANDERS & DEMPSEY LLP
ATTN JOSEPH C WEINSTEIN, ESQ
127 PUBLIC SQUARE, 4900 KEY TOWER
CLEVELAND OH 44114 1304

CREDITOR ID: 279451-99
CORPORATE PROPERTY ASSOCIATES 6
C/O WILLKIE FARR & GALLAGHER LLP
ATTN: ALAN LIPKIN/ROBIN SPIGEL
787 SEVENTH AVENUE
NEW YORK NY 10019

CREDITOR ID: 533655-99
COUNTY OF BREVARD TAX COLLECTOR
C/O MATEER & HARBERT PA
ATTN:  MICHAEL A PAASCH
225 EAST ROBINSON STREET, STE 600
PO BOX 2854
ORLANDO FL 32802-2854

CREDITOR ID: 533757-99
COUNTY OF BULLOCH TAX COMMISSIONER
C/O STUTSMAN THAMES & MARKEY PA
ATTN: RICHARD R THAMES
50 NORTH LAURA ST, STE 1600
JACKSONVILLE FL 32202

CREDITOR ID: 282712-99
COUNTY OF CITRUS TAX COLLECTOR
ATTN JANICE A WARREN
210 N. APOPKA AVENUE,  SUITE 100
INVERNESS FL 34450

CREDITOR ID: 317720-99
COUNTY OF ESCAMBIA
TAX COLLECTOR
ATTN: JANET HOLLEY
PO BOX 1312
PENSACOLA FL 32591-1312

CREDITOR ID: 317720-99
COUNTY OF ESCAMBIA
C/O PHILIP A BATES PA
ATTN: PHILIP A BATES
25 WEST CEDAR ST, STE 550
PO BOX 1390
PENSACOLA FL 32591-1390

CREDITOR ID: 492843-99
COUNTY OF HARRIS/CITY OF HOUSTON
C/O LINEBARGER GOGGAN BLAIR, ET AL
ATTN: JOHN P DILLMAN, ESQ
PO BOX 3064
HOUSTON TX 77253-3064

CREDITOR ID: 452385-99
COUNTY OF PAULDING TAX COMMISSIONER
C/O SELL & MELTON LLP
ATTN: ED S SELL, III
PO BOX 229
MACON GA 31202-0229

CREDITOR ID: 407503-99
COUNTY OF PINELLAS, FL
C/O MANAGING ASSISTANT COUNTY ATTNY
ATTN: SARAH RICHARDSON
315 COURT STREET
CLEARWATER FL 33756

**EXHIBIT A - SERVICE LIST**
**U.S. Trustee, Counsel to Creditors Committee**
**and Parties on the Master Service List**

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                          **CASE:   05-03817-3F1**

CREDITOR ID: 407503-99
COUNTY OF PINELLAS, FL
ATTN: DIANE NELSON, TAX COLL
PO BOX 2943
CLEARWATER FL 33757-2943

CREDITOR ID: 397700-99
CREWS & GARCIA INC
C/O BIANCI MACRON LLP
ATTN: GERARD DICONZA, ESQ
390 OLD COUNTRY ROAD
GARDEN CITY NY 11530

CREDITOR ID: 406196-99
CSX TRANSPORTATION INC
C/O MCGUIREWOODS LLP
ATTN JOHN H MADDOCK III, ESQ
ONE JAMES CENTER
901 EAST CARY ST
RICHMOND VA 23219-4030

CREDITOR ID: 383163-99
CVS EGL OVERSEAS MARATHON FL, LLC
C/O SAUL EWING LLP
ATTN MARK MINUTI, ESQ
222 DELAWARE AVE, STE 1200
PO BOX 1266
WILMINGTON DE 19899

CREDITOR ID: 533653-99
DAVID W LANGLEY IN
8181 W BROWARD BLVD, STE 204
PLANTATION FL 33324-2049

CREDITOR ID: 399416-99
DAVIS & FIELDS PC
ATTN: RICHARD DAVIS
PO BOX 2925
DAPHNE AL 36526

CREDITOR ID: 2180-99
DAY PROPERTIES LLC
C/O MCELWEE FIRM PLLC
ATTN ROBERT P LANEY, ESQ
906 MAIN STREET
NORTH WILKESBORO NC 08659

CREDITOR ID: 407736-99
DBR ASSET MGMT, LLC AGENT FOR
THREE LAKES PLAZA LC
C/O GLATTER & ASSOCIATES PA
ATTN ERIC S GLATTER, ESQ
1489 WEST PALMETTO PARK RD, STE 420
BOCA RATON FL 33486

CREDITOR ID: 407738-99
DBR ASSET MGMT, LLC AGENT FOR
BEDFORD AVENUE REALTY INC
C/O GLATTER & ASSOCIATES PA
ATTN ERIC S GLATTER, ESQ
1489 WEST PALMETTO PARK RD, STE 420
BOCA RATON FL 33486

CREDITOR ID: 278697-99
DEL MONTE FOODS USA
ATTN: FRANK BUCKSTEIN
MANAGER CREDIT & COLLECTIONS
1336 SOLUTIONS CENTER
CHICAGO, IL 60677-1003

CREDITOR ID: 492824-99
CREDIT SUISSE CAYMAN ISLANDS BRANCH
ATTN: J BROSNAN, VP & W BEER, DIR
11 MADISON AVE, 5TH FL
NEW YORK NY 10010

CREDITOR ID: 247230-99
CROWDER FAMILY JOINT VENTURE
C/O PHELPS DUNBAR LLP
ATTN DOUGLAS C NOBLE, ESQ
111 E CAPITOL STREET, SUITE 600
PO BOX 23066
JACKSON MS 39225-3066

CREDITOR ID: 406196-99
CSX TRANSPORTATION INC
C/O MCGUIRE WOODS LLP
ATTN: CHARLES L GIBBS II
BANK OF AMERICA TOWER
50 NORTH LAURA ST, STE 3300
JACKSONVILLE FL 32202-3661

CREDITOR ID: 279201-99
DAIRY FARMERS OF AMERICA INC
C/O LATHROP & GAGE LC
ATTN STEPHEN B SUTTON, ESQ
2345 GRAND BLVD, STE 2800
KANSAS CITY MO 64108

CREDITOR ID: 391224-99
DAVIDSON, IRIS
C/O BROWN, TERRELL, HOGAN, ET AL
ATTN CARROLL CAYER, ESQ
233 EAST BAY STREET, SUITE 804
JACKSONVILLE FL 32202

CREDITOR ID: 382006-99
DAWN FOOD PRODUCTS
C/O BARNES & THORNBURG LLP
ATTN: WENDY D BREWER
11 SOUTH MERIDIAN ST
INDIANAPOLIS IN 46204-3535

CREDITOR ID: 407737-99
DBR ASSET MGMT IN AGENT FOR
GALT OCEAN MARKETPLACE
C/O GLATTER & ASSOCIATES PA
ATTN: ERIC S GLATTER, ESQ
1489 WEST  PALMETTO PARK RD,S TE 24
BOCA RATON FL 33486

CREDITOR ID: 407741-99
DBR ASSET MGMT, LLC AGENT FOR
IIIT WEST LLC
C/O GLATTER & ASSOCIATES PA
ATTN ERIC S GLATTER, ESQ
1489 WEST PALMETTO PARK RD, STE 420
BOCA RATON FL 33486

CREDITOR ID: 403459-99
DEHAVEN, JOANNE
C/O IURILLO & ASSOCIATES PA
ATTN: S C BEAVENS/C J IURILLO, ESQS
STERLING SQUARE
600 FIRST AVE NO, STE 308
ST PETERSBURG FL 33701

CREDITOR ID: 533773-99
DELEGAL LAW OFFICES PA
ATTN: T A DELEGAL III
424 EAST MONROE ST
JACKSONVILLE FL 32202

CREDITOR ID: 278784-99
CREST HAVEN LLC
C/O LEVI LUBARSKY & FEIGENBAUM LLP
ATTN HOWARD LEVI/STEVEN FEIGENBAUM
1185 AVENUE OF THE AMERICAS FL 17
NEW YORK NY 10036-2603

CREDITOR ID: 247230-99
CROWDER FAMILY JOINT VENTURE
C/O KATHY CROWDER KIRCHMAYER, GP
3638 CAVALIER DRIVE
JACKSON, MS 39216-3501

CREDITOR ID: 408271-99
CURRY FORD, LP
C/O KELLY DRYE & WARREN, LLP
ATTN: ROBERT L LEHANE, ESQ
101 PARK AVENUE
NEW YORK NY 10178

CREDITOR ID: 384081-47
DAIRY FARMERS OF AMERICA INC
ATTN: JOEL CLARK
10411 CAUDILL ROAD
KNOXVILLE, TN 37922

CREDITOR ID: 452389-99
DAVIDSON, SAM
C/O TERRELL HOGAN ELLIS ET AL
ATTN: CARROLL CAYER
233 EAST BAY ST, 8TH FL
JACKSONVILLE FL 32202

CREDITOR ID: 2180-99
DAY PROPERTIES LLC
119 SANDWEDGE ROAD
WILKESBORO NC 28697

CREDITOR ID: 407740-99
DBR ASSET MGMT IN AGENT FOR
DIM VASTGOED
C/O GATTER & ASSOCIATES PA
ATTN: ERIC S GLATTER, ESQ
1489 WEST PALMETTO PARK RD, STE 420
BOCA RATON FL 33486

CREDITOR ID: 407739-99
DBR ASSET MGMT, LLC AGENT FOR
NORTHWAY INVESTMENTS LLC
C/O GATTER & ASSOCIATES PA
ATTN ERIC S GLATTER, ESQ
1489 WEST PALMETTO PARK RD, STE 420
BOCA RATON FL 33486

CREDITOR ID: 381849-99
DEL MONTE CORPORATION
C/O REED SMITH LLP
ATTN: KURT F GWYNNE, ESQ
1201 N MARKET ST, STE 1500
WILMINGTON DE 19801

CREDITOR ID: 397702-99
DELL INC
C/O HUGHES & LUCE LLP
ATTN: SABRINA L STREUSAND, ESQ
111 CONGRESS AVENUE, STE 900
AUSTIN TX 78701

EXHIBIT A - SERVICE LIST
U.S. Trustee, Counsel to Creditors Committee
and Parties on the Master Service List

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                    **CASE:   05-03817-3F1**

CREDITOR ID: 533776-99
DENISE A LYN PA
307 N APOPKA AVENUE
INVERNESS FL 34450-4201

CREDITOR ID: 279308-99
DEUTSCHE BANK TRUST CO AMERICA
C/O NIXON PEABODY, LLP
ATTN JOHN M. ROSENTHAL, ESQ
2 EMBARCADERO CENTER, STE 2700
SAN FRANCISCO CA 94117

CREDITOR ID: 279308-99
DEUTSCHE BANK TRUST CO AMERICA
C/O NIXON PEABODY, LLP
ATTN DENNIS J DREBSKY, ESQ.
437 MADISON AVENUE
NEW YORK NY 10022

CREDITOR ID: 279308-99
DEUTSCHE BANK TRUST CO AMERICA
AS PASS THROUGH & INDENTURE TTEG
ATTN BRENDON MEYER, VP
MS NYC60-2720
60 WALL STREET
NEW YORK NY 10005-2858

CREDITOR ID: 279200-99
DEVELOPERS DIVERSIFIED REALTY CORP
ATTN: ERIC C COTTON, ESQ
3300 ENTERPRISE PARKWAY
PO BOX 227042
BEACHWOOD OH 44122

CREDITOR ID: 279445-99
DIAZ WHOLESALE & MFG CO., INC
ATTN: M ERIC NEWBERG
5501 FULTON INDUSTRIAL
ATLANTA GA 30336

CREDITOR ID: 397607-99
DIETZ & WATSON INC
C/O GRUENEBERG LAW GROUP LLC
ATTN: RUDI R GRUENEBERG, ESQ
704 EAST MAIN ST, BLDG E
MOORESTOWN NJ 08057

CREDITOR ID: 279010-99
DISCOVER FINANCIAL SERVICES INC
ATTN: FRANK VYDRA ESQ
2500 LAKE COOK RD
RIVERWOODS IL 60015

CREDITOR ID: 279010-99
DISCOVER FINANCIAL SERVICES INC
C/O HOGAN & HARTSON LLP
I GREENE, D KAUFMAN & B GRIECO, ESQ
875 THIRD AVENUE
NEW YORK NY 10022

CREDITOR ID: 279485-99
DL LEE & SONS, INC
C/O WORMSER KIELY GALEF & JACOBS
ATTN G R VON STANGE
825 THIRD AVENUE
NEW YORK NY 10022-7519

CREDITOR ID: 279485-99
DL LEE & SONS, INC
C/O MACEY WILENSKY ET AL
ATTN LOUIS G MCBRYAN, ESQ
600 MARQUIS TWO TOWER
285 PEACHTREE CENTER AVE
ATLANTA GA 30303-1229

CREDITOR ID: 533777-99
DLA PIPER RUDNICK ET AL
ATTN: T CALIFANO & V ROLDAN, ESQS
1251 AVENUE OF THE AMERICAS
NEW YORK NY 10020-1104

CREDITOR ID: 278719-99
DLJ PRODUCE, INC.
ATTN: ALAN YOSHIDONE, CONTROLLER
PO BOX 2398
WEST COVINA CA 91793

CREDITOR ID: 279114-99
DOANE PET CARE COMPANY
C/O BOULT CUMMINGS CONNERS & BERRY
ATTN: AUSTIN L MCMULLERN ESQ
1600 DIVISION ST STE 700
PO BOX 340025
NASHVILLE TN 37203

CREDITOR ID: 399389-99
DOLCO PACKAGING, A TEKNI-PLEX CO
C/O PITNEY HARDIN LLP
ATTN: SCOTT A ZUBER, ESQ
200 CAMPUS DRIVE
FLORHAM PARK NJ 07932-0950

CREDITOR ID: 399388-99
DOLCO PACKAGING, A TEKNI-PLEX CO
C/O PITNEY HARDIN LLP
ATTN: SCOTT A ZUBER, ESQ
PO BOX 1945
MORRISTOWN NJ 07962-1945

CREDITOR ID: 399413-99
DOMINO FOODS INC
C/O BLANCO TACKLABERY ET AL
ATTN: GENE B TARR, ESQ
PO DRAWER 25008
WINSTON-SALEM NC 27114-5008

CREDITOR ID: 393279-99
DONOVAN, KATHLEEN L
37D DANBURY COURT
ROYAL PALM BEACH FL 33411

CREDITOR ID: 403544-99
DPJ COMPANY
C/O ROSENBERG & WEINBERG
ATTN: HERBERT WEINBERG
805 TURNPIKE STREET
NORTH ANDOVER MA 01845

CREDITOR ID: 407796-99
DREW, DELFORD L
C/O HARRELL & HARRELL
ATTN GREGORY J SCHLAX, ESQ
4735 SUNBEAM ROAD
JACKSONVILLE FL 32257

CREDITOR ID: 407796-99
DREW, DELFORD L
C/O HELD & ISRAEL
ATTN KIMBERLY H ISRAEL, ESQ
1301 RIVERPLACE BLVD, SUITE 1916
JACKSONVILLE FL 32207

CREDITOR ID: 403204-99
DREYER'S GRAND ICE CREAM
C/O COOK PERKISS & LEW
ATTN: DAVID J COOK, ESQ
PO BOX 270
SAN FRANCISCO CA 94104-0270

CREDITOR ID: 403204-99
DREYER'S GRAND ICE CREAM
ATTN SHANE WEITZEL
5929 COLLEGE AVENUE
OAKLAND CA 94618

CREDITOR ID: 279498-99
DS PARTNERS LP
C/O MUNSCH HARDT KOPF & HARR PC
ATTN: RAYMOND URBANIK/SCOTT F ELLIS
1445 ROSS AVE, STE 4000
DALLAS TX 75202

CREDITOR ID: 383143-99
DUDA GROUP OF PACA CREDITORS
C/O MEUERS LAW FIRM PL
ATTN: LAWRENCE H MEUERS
5395 PARK CENTRAL COURT
NAPLES FL 34109

CREDITOR ID: 403464-99
DURO-BAG MANUFACTURING CO
C/O TAFT STETTINIUS ET AL
ATTN: RICHARD L FERRELL, ESQ
425 WALNUT ST, STE 1800
CINCINNATI OH 45202-3957

CREDITOR ID: 408248-99
E & A ACQUISION TWO, LP
C/O KITCHENS KELLEY GAYNES PC
ATTN:  HEATHER D DAWSON ESQ
STE 900, 11 PIEMONT CENTER
3495 PIEMONT ROAD NE
ATLANTA GA 30305

CREDITOR ID: 279048-99
EAGLE CREEK COMMERCIAL COMPANY INC
C/O ICE MILLER
ATTN: H EFROYMSON/M BOGDANOWICZ
ONE AMERICAN SQUARE, BOX 82001
INDIANAPOLIS IN 46282-0002

CREDITOR ID: 408209-99
ECAST SETTLEMENT CORP, SUCCESSOR
C/O BECKETT & LEE LLP
ATTN THOMAS A LEE, III, ESQ
16 GENERAL WARREN BOULEVARD
PO BOX 3001
MALVERN PA 19355

CREDITOR ID: 408209-99
ECAST SETTLEMENT CORP, SUCCESSOR
AMERICAN EXPRESS CENTURION BANK
PO BOX 35480
NEWARK NJ 07193-5480

EXHIBIT A - SERVICE LIST
U.S. Trustee, Counsel to Creditors Committee
and Parties on the Master Service List

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                    **CASE:  05-03817-3F1**

CREDITOR ID: 278776-99
EDENS & AVANT
C/O KELLEY DRYE & WARREN LLP
ATTN: JAMES CARR/ROBERT LEHANE
101 PARK AVENUE
NEW YORK NY 10178

CREDITOR ID: 406155-99
EDWARDS, BOBBIE
C/O IRBY LAW FIRM LLC
ATTN: ALBERT H ADAMS, JR
PO BOX 910
EUFAULA AL 36072-0910

CREDITOR ID: 406155-99
EDWARDS, BOBBIE
304 SPRING LAKE  CIRCLE
OCOEE FL 34761

CREDITOR ID: 278713-99
EDY'S GRAND ICE CREAM
ATTN: FRED POMERANTZ, CR MANAGER
PO BOX 406247
ATLANTA GA 30384-6247

CREDITOR ID: 407752-99
EFESOS PROPERTIES NV INC &
ORION INVESTMENT & MNGMNT LTD CORP
C/O HINSHAW & CULBERTSON LLP
ATTN KENNETH G M MATHER, ESQ
100 SOUTH ASHLEY DR, STE 500
TAMPA FL 33602

CREDITOR ID: 452463-99
EHSTER, RICHARD
C/O FRIEDLINE & MCCONNELL, PA
ATTN JERRETT M MCCONNELL, ESQ
1756 UNIVERSITY BLVD SOUTH
JACKSONVILLE FL 32216

CREDITOR ID: 399411-99
ELK BANKIER CRISTU & BAKST LLP
ATTN: MICHAEL R BAKST
222 LAKEVIEW AVE, STE 1330
WEST PALM BEACH FL 33401

CREDITOR ID: 452457-99
ELSTON/LEETSDALE LLC
C/O SCRUGGS & CARMICHAEL PA
ATTN: KAREN K SPECIE, ESQ
ONE SE FIRST AVENUE
PO BOX 23109
GAINESVILLE FL 32602

CREDITOR ID: 397683-99
ENTERGY MISSISSIPPI INC
C/O WARNER & STEVENS LLP
ATTN: MICHAEL WARNER/DAVID COHEN
1700 CITY CENTER TOWER II
301 COMMERCE STREET
FORT WORTH TX 76102

CREDITOR ID: 397684-99
ENTERGY NEW ORLEANS INC
C/O WARNER & STEVENS LLP
ATTN:MICHAEL WARNER/DAVID COHEN
1700 CITY CENTER TOWER II
301 COMMERCE STREET
FORT WORTH TX 76102

CREDITOR ID: 278981-99
EQUITY ONE INC ET AL
C/O GREENBERG TRAURIG LLP
ATTN: RICHARD S MILLER, ESQ
200 PARK AVE
NEW YORK NY 10166

CREDITOR ID: 278981-99
EQUITY ONE INC ET AL
C/O GREENBERG TRAURIG PA
ATTN: MARK D BLOOM, ESQ
1221 BRICKELL AVENUE
MIAMI FL 33131

CREDITOR ID: 279472-99
ERNST PROPERTIES INC
C/O MILLING BENSON WOODWARD LLP
ATTN: DAVID CONROY, ESQ
909 POYDRAS ST STE 2300
NEW ORLEANS LA 70112-1010

CREDITOR ID: 533775-99
ERSKINE & TULLEY PA
ATTN: ROBERT P GATES, ESQ
220 MONTGOMERY ST, STE 303
SAN FRANCISCO CA 94104

CREDITOR ID: 408330-99
EXEL TRANSPORTATION SERVICES, INC
ATTN DICK MERRILL, SECRETARY
7651 ESTERS BLVD, SUITE 200
IRVING TX 75063

CREDITOR ID: 408330-99
EXEL TRANSPORTATION SERVICES, INC
C/O SHOOK HARDY & BACON LLP
ATTN: KRISTEN F TRAINOR
2555 GRAND BLVD
KANSAS CITY MO 64108

CREDITOR ID: 279430-99
FAGEL HABER LLC
ATTN: CLINTON HANSEN/DENNIS QUAID
55 EAST MONROE 40TH FL
CHICAGO IL 60603

CREDITOR ID: 279360-36
FALCON FARMS INC
ATTN:  JAIRO RENGIFO
2330 NW 82ND AVE
MIAMI FL 33122-1511

CREDITOR ID: 403431-99
FALCON FARMS, INC
C/O TODTMAN NACHAMIE SPIZZ & JOHNS
ATTN ALEX SPIZZ, ESQ
425 PARK AVENUE, 5TH FLOOR
NEW YORK NY 10022

CREDITOR ID: 279192-99
FEDERAL EXPRESS CORPORATION
C/O FILARDI LAW OFFICES
ATTN: CHARLES J FILARDI JR
65 TRUMBALL ST, 2ND FL
NEW HAVEN CT 06510

CREDITOR ID: 278698-99
FIN TECH
ATTN DOUG WILHELM
4720 W CYPRESS STREET
TAMPA FL 33607

CREDITOR ID: 403548-99
FLETCHER BRIGHT COMPANY
C/O MILLER & MARTIN PLLC
ATTN: CATHERINE A HARRISON, ESQ
STE 800, 1170 PEACHTREE ST NE
ATLANTA GA 30309-7649

CREDITOR ID: 278687-99
FLORIDA COCA-COLA
ATTN DICK STITELER
DIRECTOR OF CUSTOMER FINANCIAL SVCS
PO BOX 30000
ORLANDO FL 32891-0001

CREDITOR ID: 381841-99
FLOWERS FOODS INC & AFFILIATES
C/O KILPATRICK STOCKTON LLP
ATTN: TODD C MEYERS, ESQ
1100 PEACHTREE ST, NE, STE 2800
ATLANTA GA 30309-4530

CREDITOR ID: 397688-99
FLOWERS, INC BALLOONS
C/O BEGNAUD & MARSHALL LLP
ATTN: DARREL BEGNAUD, ESQ
250 N MILLEDGE AVENUE
PO BOX 8085
ATHENS GA 30603

CREDITOR ID: 399429-99
FOLEY & MANSFIELD PLLP
ATTN: JAMES J LOTZ
5454 MADISON AVENUE
NEW YORK NY 10022

CREDITOR ID: 383149-99
FORD BOWLUS DUSS MORGAN ETAL
ATTN: M BOWLUS/K SCHNAUSS
10110 SAN JOSE BLVD
JACKSONVILLE FL 32257

CREDITOR ID: 279405-99
FORTIS BENEFIST INSURANCE COMPANY
ATTN: CATHERINE JANIK
LEGAL DEPARTMENT
PO BOX 3050
MILWAUKEE WI 53201

CREDITOR ID: 381801-99
FOSTER & LINDEMAN PA
ATTN: W LINDEMAN; V PACE
PO BOX 3108
ORLANDO FL 32802-3108

CREDITOR ID: 381850-99
FOUNTAIN COLUMBUS ASSOCIATES LLC
C/O KAUFMAN & CANOLES
ATTN: PAUL K CAMPSEN, ESQ
150 WEST MAIN ST (23510)
PO BOX 3037
NORFOLK VA 23514

EXHIBIT A - SERVICE LIST
U.S. Trustee, Counsel to Creditors Committee
and Parties on the Master Service List

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                                    **CASE:   05-03817-3F1**

CREDITOR ID: 279509-99
FPL LAW DEPARTMENT
ATTN: RACHEL S BUDKE
700 UNIVERSE BLVD
JUNO BEACH FL 33408

CREDITOR ID: 383148-99
FRANK WEINBERG & BLACK, PL
ATTN: DAVID BLACK
7805 SW 6TH COURT
PLANTATION FL 33324

CREDITOR ID: 381791-99
FRANKFORD DALLAS LLC
C/O REED & REED
ATTN: DIANE G REED
501 N COLLEGE STREET
WAXAHACHIE TX 75165

CREDITOR ID: 410750-99
FRANKINO INVESTMENTS LLC
C/O SQUIRE SANDERS & DEMPSEY LLP
ATTN JOSEPH C WEINSTEIN, ESQ
4900 KEY TOWER
127 PUBLIC SQUARE
CLEVELAND OH 44114 1304

CREDITOR ID: 452486-99
FRAZIER, ROBIN
C/O ROBERT F KULIK PA
ATTN: ROBERT F KULIK, ESQ
2141 PARK STREET
JACKSONVILLE FL 32204

CREDITOR ID: 383144-99
FREDRIC BURESH, PA
ATTN: FREDRIC BURESH
800 SE THIRD AVENUE, 4THFL
FT LAUDERDALE FL 33316

CREDITOR ID: 315658-99
FREDRIKSON & BYRON PA
ATTN: JOHN M KONECK, ESQ
200 SOUTH SIXTH ST, STE 4000
MINNEAPOLIS MN 55402-1425

CREDITOR ID: 417020-99
FRIEDLINE & MCCONNELL PA
ATTN: R.FRIEDLINE & J.MCCONNELL
1756 UNIVERSITY BLVD S
JACKSONVILLE FL 32216

CREDITOR ID: 279500-99
FRONT END SERVICES CORPORATION
C/O HANES AND BOONE, LLP
ATTN S JERNIGAN & M ELMORE, ESQS
901 MAIN STREET, SUITE 3100
DALLAS TX 75202-3789

CREDITOR ID: 279500-99
FRONT END SERVICES CORPORATION
C/O HAYNES AND BOONE LLP
ATTN JUDITH ELKIN, ESQ.
399 PARK AVENUE
NEW YORK NY 10022-4614

CREDITOR ID: 278814-99
FTI CONSULTING
ATTN: MICHAEL EISENBAND
3 TIMES SQUARE 11TH FL
NEW YORK NY 10036

CREDITOR ID: 385644-99
GAGNON, CHRISTINA
640 SEABROOK COVE RD
JACKSONVILLE, FL 32211

CREDITOR ID: 403195-99
GARCIA, AMERICA ORTEGA & ALBERT
C/O MARVIN S SCHULMAN PA
ATTN: MARVIN S SCHULMAN
2800 WESTON RD, STE 201
WESTON FL 33331

CREDITOR ID: 410720-99
GATOR LINTON PARTNERS, LTD
C/O FROST BROWN TODD LLC
ATTN: KYLE R GRUBBS, ESQ
2200 PNC CENTER
201 EAST FIFTH STREET
CINCINNATI OH 45202

CREDITOR ID: 381792-99
GE COMMERCIAL FIN BUS PROP CORP FKA
GE CAPITAL BUS ASSET FUNDING CORP
C/O MORITT HOCK HAMROFF ET AL
ATTN MARC HAMROFF/LESLIE BERKOFF
400 GARDEN CITY PLAZA
GARDEN CITY NY 11530

CREDITOR ID: 417018-99
GEM NICKERSON LLC
C/O MARCUS SANTORO & KOZAK PC
ATTN: KELLY M BARNHART
1435 CROSSWAYS BLVD, STE 300
CHESAPEAKE VA 23320

CREDITOR ID: 381794-99
GENERAL ELECTRIC CAPITAL CORP
C/O MORITT HOCK HAMROFF ET AL
ATTN LESIE BERKOFF & W NILSON, ESQ
400 GARDEN CITY PLAZA
GARDEN CITY NY 11530

CREDITOR ID: 397772-99
GENERAL ELECTRIC CO, GE CONSUMER
& INDUSTRIAL (FKA GE LIGHTING)
C/O PITNEY HARDIN LLP
ATTN: RICHARD M METH, ESQ
200 CAMPUS DRIVE
FLORHAM PARK NJ 07932-0950

CREDITOR ID: 397770-99
GENERAL ELECTRIC CO, GE CONSUMER
& INDUSTRIAL (FKA GE LIGHTING)
C/O PITNEY HARDIN LLP
ATTN: RICHARD M METH, ESQ
PO BOX 1945
MORRISTOWN NJ 07962-1945

CREDITOR ID: 278685-99
GENERAL MILLS, INC.
ATTN: TERRI JOHNSON
ACCT OPERATION DEVELOPMENT MGR
PO BOX 101412
ATLANTA GA 30392-0001

CREDITOR ID: 533774-99
GENOVESE JOBLOVE & BATTISTA PA
ATTN: DAVID N STERN
200 EAST BROWARD BLVD, 11TH FL
FORT LAUDERDALE FL 33301

CREDITOR ID: 279456-99
GEORGE WESTON BAKERIES INC
C/O GIBBONS DEL DEO DOLAN ET AL
ATTN: GERALDINE E PONTO, ESQ
ONE RIVERFRONT PLAZA
NEWARK NJ 07102-5497

CREDITOR ID: 279041-99
GEORGIA CROWN DISTRIBUTING CO
C/O PAGE SCRANTOM SPROUSE ET AL
ATTN: LEE CHAMPION, ESQ
1111 BAY AVE, 3RD FL
PO BOX 1199
COLUMBUS GA 31902-1199

CREDITOR ID: 278704-99
GEORGIA-PACIFIC CORP.
ATTN: BOB MOON, CREDIT MANAGER
PO BOX 102487
ATLANTA GA 30368-2487

CREDITOR ID: 278700-99
GILLETTE COMPANY
ATTN: MARY TRAHAN, CREDIT MANAGER
PO BOX 100800
ATLANTA, GA 30384-0800

CREDITOR ID: 381866-99
GINNIE VAN KESTEREN PA
ATTN: GINNIE VAN KESTEREN
111 SECOND AVE NE, STE 706
ST PETERSBURGH FL 33701

CREDITOR ID: 278694-99
GOOD HUMOR BREYERS ICE CREAM
ATTN: CRAIG STARGARDT, CR MANAGER
PO BOX 75604
CHARLOTTE, NC 28275-5604

CREDITOR ID: 405927-99
GOODING'S SUPERMARKETS, INC
C/O LOWNDES DROSDICK ET AL
ATTN MATT E BEAL, ESQ
215 NORTH EOLA DRIVE
PO BOX 2809
ORLANDO FL 32802-2809

CREDITOR ID: 278693-99
GOURMET AWARD FOODS MID ATLANTIC
ATTN: MARK KELLUM, NAT'L ACT MNGR
4055 DEERPARK BOULEVARD
ELKTON, FL 32033

CREDITOR ID: 417015-99
GRADY, JAMES
C/O GRAY ROBINSON PA
ATTN: JASON B BURNETT
50 NORTH LAURA ST, STE 1675
JACKSONVILLE FL 32202

EXHIBIT A - SERVICE LIST
**U.S. Trustee, Counsel to Creditors Committee
and Parties on the Master Service List**

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**

**CASE:   05-03817-3F1**

| | | |
|---|---|---|
| CREDITOR ID: 399422-99<br>GRAY ROBINSON PA<br>ATTN: DONALD NOHRR<br>PO BOX 1870<br>MELBOURNE FL 32902 | CREDITOR ID: 403189-99<br>GRE CORALWOOD LP<br>C/O BERGER SINGERMAN PA<br>ATTN: ARTHUR J SPECTOR, ESQ<br>350 EAST LAS OLAS BLVD, STE 1000<br>FORT LAUDERDALE FL 33301 | CREDITOR ID: 452476-99<br>GREATER PROPERTIES INC<br>C/O BUSH ROSS PA<br>ATTN: JEFFREY W WARREN, ESQ<br>PO BOX 3913<br>TAMPA FL 33601-3913 |
| CREDITOR ID: 405921-99<br>GREENBAUM ROWE SMITH ET AL<br>ATTN: THOMAS DENITZIO<br>METRO CORPORATE CAMPUS ONE<br>PO BOX 5600<br>WOODRIDGE NJ 07095-0988 | CREDITOR ID: 403463-99<br>GREENLAND TRUST<br>C/O MOWREY & BIGGINS PA<br>ATTN: RONALD A MOWREY/JASON H EGAN<br>515 NORTH ADAMS STREET<br>TALLAHASSEE FL 32301-1111 | CREDITOR ID: 417014-99<br>GREER PLAZA INC<br>C/O BLAXBERG GRAYSON ET AL<br>ATTN: IAN J KUKOFF<br>STE 730, INGRAHAM BLDG<br>25 SOUTHEAST SECOND AVE<br>MIAMI FL 33131 |
| CREDITOR ID: 533770-99<br>GUYNN MEMMER & DILLON PC<br>ATTN: JIM H GUYNN JR, ESQ<br>PO BOX 20788<br>ROANOKE VA 24018 | CREDITOR ID: 278790-99<br>HALLMARK MARKETING CORPORATION<br>C/O PATTERSON BELKNAP WEBB TYLER<br>ATTN:DAVID DYKHOUSE/MICHAEL HANDLER<br>1133 AVENUE OF THE AMERICAS<br>NEW YORK NY 10036-6710 | CREDITOR ID: 279423-99<br>HAMILTON BEACH/PROCTOR SILEX INC<br>ATTN: WILLIAM RAY<br>4421 WATERFRONT DR<br>GLEN ALLEN VA 23060 |
| CREDITOR ID: 533772-99<br>HAMILTON COUNTY OH<br>ATTN: JAMES S GINOCCHIO, ESQ<br>ASSISTANT PROSECUTING ATTORNEY<br>230 E NINTH ST, STE 4000<br>CINCINNATI OH 45202 | CREDITOR ID: 279502-99<br>HAYNES AND BOONE LLP<br>ATTN: MARK ELMORE<br>901 MAIN ST, STE 3100<br>DALLAS TX 75202-3789 | CREDITOR ID: 399428-99<br>HAYNSWORTH SINKLER BOYD PA<br>ATTN: WILLIAM H SHORT<br>PO BOX 11889<br>COLUMBIA SC 29211-1889 |
| CREDITOR ID: 399421-99<br>HAYWOOD DENNY & MILLER LLP<br>ATTN: ROBERT LEVIN<br>PO BOX 51429<br>DURHAM NC 51429 | CREDITOR ID: 279457-99<br>HEALTHCARE CONSULTANTS CENTRAL FL<br>C/O ZEICHNER ELLMAN & KRAUSE LLP<br>ATTN: STUART KRAUSE, ESQ<br>575 LEXINGTON AVE<br>NEW YORK NY 10022 | CREDITOR ID: 381853-99<br>HENSCHEL-STEINAU INC<br>C/O SHAPIRO & CROLAND<br>ATTN: ALEXANDER BENISATTO/R SHAPIRO<br>CONTINENTAL PLAZA II<br>411 HACKENSACK AVE, 6TH FL<br>HACKENSACK NJ 07601 |
| CREDITOR ID: 417012-99<br>HERITAGE PROPERTY INVESTMENT TRUST<br>C/O MCGUIREWOODS LLP<br>ATTN: MICHAEL SCHMAHL<br>77 W WACKER DR, STE 4100<br>CHICAGO IL 60601 | CREDITOR ID: 279195-99<br>HERSHEY FOODS CORPORATION<br>C/O KLEHR HARRISON HARVEY ET AL<br>ATTN: CAROLYN HOCHSTADTER DICKER<br>260 S BROAD ST 4TH FLR<br>PHILADELPHIA PA 19102 | CREDITOR ID: 279194-99<br>HERSHEY FOODS CORPORATION<br>C/O KLEHR HARRISON HARVEY ET AL<br>ATTN: MORTON R BRANZBURG, ESQ<br>260 S BROAD ST, 5TH FLR<br>PHILADELPHIA PA 19102 |
| CREDITOR ID: 279440-99<br>HIERSCHE HAYWARD DRAKELEY & URBACH<br>ATTN: KRISTA BATES/RUSSELL MILLS<br>15303 DALLAS PKWY, STE 700<br>ADDISON TX 75001 | CREDITOR ID: 407733-99<br>HILLANDALE FARMS INC<br>C/O MOSELEY PRICHARD ET AL<br>ATTN R K JONES/E L HEARN ESQS<br>501 WEST BAY ST<br>JACKSONVILLE FL 32202 | CREDITOR ID: 397705-99<br>HJ HEINZ COMPANY LP<br>C/O REED SMITH LLP<br>ATTN:ELENA PLAZAROU/ANDREW MORRISON<br>599 LEXINGTON AVE, 27TH FL<br>NEW YORK NY 10022 |
| CREDITOR ID: 452460-99<br>HMAC 1999-PH1 WATAUGA CTR LTD PART<br>C/O HELLER EHRMAN LLP<br>ATTN: RUSSELL REID<br>TIMES SQUARE TOWER<br>SEVEN TIMES SQUARE<br>NEW YORK NY 10036 | CREDITOR ID: 406289-99<br>HOBART CORPORATION<br>C/O GUNSTER YOAKLEY & STEWART PA<br>ATTN: CHRISTIAN A PETERSEN, ESQ<br>500 EAST BROWARD BLVD, STE 1400<br>FORT LAUDERDALE FL 33394 | CREDITOR ID: 417004-99<br>HODGSON RUSS LLP<br>ATTN: TINA TALARCHYK<br>1801 NORTH MILITARY TRAIL, STE 200<br>BOCA RATON FL 33431 |
| CREDITOR ID: 279436-99<br>HOROWITZ, RONALD<br>14 TINDALL ROAD<br>TINDALL PROFESSIONAL PLAZA<br>MIDDLETOWN NJ 07748 | CREDITOR ID: 381837-99<br>HT HACKNEY CO, THE<br>ATTN: KYLE DUGGER<br>502 S GAY ST, STE 300<br>KNOXVILLE TN 37902 | CREDITOR ID: 403546-99<br>HUSSMAN CORPORATION<br>C/O SHUTTS & BOWEN LLP<br>ATTN: ANDREW M BRUMBY<br>PO BOX 4956<br>ORLANDO FL 32801 |
| CREDITOR ID: 417024-99<br>IBM CORP<br>C/O ARNSTEIN & LEHR LLP<br>ATTN: RONALD J MARLOWE, ESQ<br>1110 N FLORIDA AVE<br>TAMPA FL 33602 | CREDITOR ID: 403537-99<br>INLAND REAL ESTATE GROUP INC, THE<br>2901 BUTTERFIELD RD<br>OAK BROOK IL 60523 | CREDITOR ID: 381795-99<br>INLAND SOUTHEAST BRIDGEWATER LLC<br>C/O SONNENSCHEIN NATH & ROSENTHAL<br>ATTN: C NEVILLE/J REED, ESQS<br>1221 AVENUE OF THE AMERICAS<br>24TH FL<br>NEW YORK NY 10020 |

EXHIBIT A - SERVICE LIST
U.S. Trustee, Counsel to Creditors Committee
and Parties on the Master Service List

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                    **CASE:    05-03817-3F1**

CREDITOR ID: 381795-99
INLAND SOUTHEAST BRIDGEWATER LLC
C/O THE INLAND REAL ESTAT GROUP INC
ATTN: BERT K BITTOURNA, ESQ
2901 BUTTERFIELD RD
OAK BROOK IL 60523

CREDITOR ID: 381795-99
INLAND SOUTHEAST BRIDGEWATER LLC
C/O CONNOLLY BOVE LODGE & HUTZ LLP
ATTN: K BIFFERATO/C THOMPSON, ESQS
1007 NORTH ORANGE ST
PO BOX 2207
WILMINGTON DE 19899

CREDITOR ID: 278780-99
INTEGRATED PAYMENT SYSTEMS
C/O FRANK/GECKER LLP
ATTN: JOSEPH D FRANK/MICAH KROHN
325 N LASALLE ST, STE 625
CHICAGO IL 60610

CREDITOR ID: 397610-99
INTEGRATED PAYMENTS SERVICES INC
C/O LOWENSTEIN SANDLER PC
ATTN: ANUSIA GAYER/BRUCE NATHAN
1251 AVENUE OF THE AMERICAS
NEW YORK NY 10020

CREDITOR ID: 399661-99
INTERNAL REVENUE SERVICE-FL
SPECIAL PROCEDURES - STOP 5720
400 W BAY ST, STE 35045
JACKSONVILLE FL 32202

CREDITOR ID: 416286-99
JACKSON I-55, LLC
C/O CENTEX CONCORD PROPERTY MGMT
ATTN FRAN E JONES
1151 N STATE STREET
JACKSON MS 39202

CREDITOR ID: 397763-99
JAMARCO REALTY LLC
C/O KLEIN & SOLOMON LLP
ATTN: SOLOMON J JASKIEL
275 MADISON AVE, 11TH FL
NEW YORK NY 10016

CREDITOR ID: 452110-98
JEFFERSON-PILOT INVESTMENTS INC
C/O NEXSEN PRUET ADAMS KLEEMEIER
ATTN: CHRISTINE L MYATT
PO BOX 3463
GREENSBORO NC 27402

CREDITOR ID: 411030-99
JEM INVESTMENTS, LTD
C/O HILL WARD & HENDERSON, PA
ATTN PAIGE A GREENLEE, ESQ
101 E KENNEDY BLVD, STE 3700
TAMPA FL 33602

CREDITOR ID: 279098-99
JENNIS & BOWEN PL
ATTN: DAVID S. JENNIS
400 N ASHLEY DRIVE, STE 2540
TAMPA FL 33602

CREDITOR ID: 269280-99
JOHN BENETTI ASSOCIATES
C/O ANDERLINI FINKELSTEIN ET AL
ATTN: DAVID G. FINKELSTEIN
400 SOUTH EL CAMINO REAL , STE 700
SAN MATEO CA 94402

CREDITOR ID: 533763-99
JOHN HAAS WEINSTEIN APLC
ATTN: TOM ST GERMAIN
407 S UNION STREET
OPELOUSAS LA 70570

CREDITOR ID: 278708-99
JOHNSON & JOHNSON
ATTN JOHN WERNICKI,
NATIONAL SALES DIRECTOR
PO BOX 751059
CHARLOTTE NC 28275

CREDITOR ID: 279428-99
JOHNSON HEARN VINEGAR ET AL
ATTN: JEAN WINBORNE BOYLES
PO BOX 1776
RALEIGH NC 27602

CREDITOR ID: 383158-99
JOHNSON POPE BOKOR RUPPEL & BURNS
ATTN: MICHAEL MARKHAM
PO BOX 1368
CLEARWATER FL 33757

CREDITOR ID: 452400-99
JOHNSON, AMANDA
PARENT OF BRENDEN JOHNSON, MINOR
C/O IDAY & RICKE PA
ATTN: J R BECKER & B P ABNER, ESQS
PO BOX 550858
JACKSONVILLE FL 3225

CREDITOR ID: 417002-99
JOHNSON, BRIANNA (MINOR) & JENNIFER
C/O HIDAY & RICKE PA
ATTN: JEFFREY R BECKER, ESQ
PO BOX 550858
JACKSONVILLE FL 32255

CREDITOR ID: 416928-99
JOHNSON, MICAH NICOLE (MINOR)
BY MICHELLE SUE JOHNSON, GUARDIAN
C/O WILCOX LAW FIRM
ATTN ROBERT D WILCOX, ESQ.
6817 SOUTHPOINT PKWY, SUITE 1302
JACKSONVILLE FL 32216

CREDITOR ID: 279501-99
JOHNSON, RUSSELL R
3734 BYFIELD PLACE
RICHMOND VA 23233

CREDITOR ID: 399432-99
JOHNSTON HARRIS GERDE & JELKS PA
ATTN: JERRY GERDE
239 E 4TH ST
PANAMA CITY FL 32402

CREDITOR ID: 399350-98
JPMORGAN CHASE BANK NA
C/O KIRKPATRICK & LOCKHART ET AL
ATTN TIMOTHY C BENNETT, ESQ
599 LEXINGTON AVENUE
NEW YORK NY 10022

CREDITOR ID: 403382-99
JULA TRUST, LLC
C/O PLATZER SWERGOLD KARLIN ET AL
ATTN T SADUTTO/S LYDELL, ESQS
1065 AVENUE OF THE AMERICAS, 18TH F
NEW YORK NY 10018

CREDITOR ID: 381867-99
K-2 PROPERTIES LLC
C/O KENNEDY COVINGTON LOBDELL ET AL
ATTN MARGARET R WESTBROOK, ESQ
4350 LASSITER AT NORTH HILLS AVE
STE 300 (27609); PO BOX 17047
RALEIGH NC 27619-7047

CREDITOR ID: 399383-99
KAMIN ENTITIES
C/O SEYFARTH SHAW LLP
ATTN: RICHARD  LAUTER/SARA LORBER
131 SOUTH DEARBORN STREET, STE 2400
CHICAGO IL 60603

CREDITOR ID: 399407-99
KANTROW SPAHT WEAVER & BLITZER
ATTN: DAVID S RUBIN
PO BOX 2997
BATON ROUGE LA 70821-2997

CREDITOR ID: 278813-99
KASHI SALES, LLC
C/O WARNER STEVENS LLP
ATTN M WARNER/E CHOU, ESQS
1700 CITY CENTER TOWER II
301 COMMERCE STREET
FORT WORTH TX 76102

CREDITOR ID: 315659-99
KASS SHULER SOLOMON ET AL
ATTN: LARRY FOYLE
1505 N FLORIDA AVE
PO BOX 800
TAMPA FL 33601

CREDITOR ID: 278695-99
KEEBLER COMPANY
ATTN DAN GILROY
PO BOX 73451
CHICAGO, IL 60673-7451

CREDITOR ID: 391582-99
KEEBLER, FREDERICK
C/O LANCASTER & EURE, PA
ATTN ALEX LANCASTER, ESQ.
PO DRAWER 4257
SARASOTA FL 34230

CREDITOR ID: 383161-99
KEGLER BROWN HILL & RITTER
ATTN: STEWART CUPPS
CAPITOL SQUARE, STE 1800
65 EAST STATE ST
COLUMBUS OH 43215-4294

**EXHIBIT A - SERVICE LIST**
**U.S. Trustee, Counsel to Creditors Committee**
**and Parties on the Master Service List**

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                                    **CASE:    05-03817-3F1**

| | | |
|---|---|---|
| CREDITOR ID: 279473-99<br>KELLOGG SALES CO, DBA<br>KELLOGG'S SNACKS AKA KEEBLER CO<br>C/O WARNER STEVENS LLP<br>ATTN M WARNER/E CHOU, ESQS<br>301 COMMERCE ST, STE 1700<br>FORT WORTH TX 76102 | CREDITOR ID: 278707-99<br>KELLOGG SALES COMPANY<br>ATTN: JUAN MOSPEK, CREDIT MANAGER<br>PO BOX 905193<br>CHARLOTTE, NC 28290-9051 | CREDITOR ID: 279044-99<br>KEMOR PROPERTIES INC<br>C/O MORRIS NICHOLS ARSHT & TUNNELL<br>ATTN: ERIC D SCHWARTZ/ROBERT DEHNEY<br>1201 N MARKET ST<br>PO BOX 1347<br>WILMINGTON DE 19899-1347 |
| CREDITOR ID: 381839-99<br>KEN BURTON JR,MANATEE CNTY TAX COLL<br>ATTN: SUSAN D PROFANT<br>PO BOX 25300<br>819 US 301 BLVD WEST<br>RADENTON FL 34206-5300 | CREDITOR ID: 417001-99<br>KILPATRICK STOCKTON LLP<br>ATTN: PAUL M ROSENBLATT<br>1100 PEACHTREE STREET NE, STE 2800<br>ATLANTA GA 30309-4530 | CREDITOR ID: 278689-99<br>KIMBERLY CLARK CORP<br>ATTN TED C BANKER,  SR CR MGR<br>PO BOX 915003<br>DALLAS, TX 75391-5003 |
| CREDITOR ID: 278832-99<br>KIMCO REALTY CORPORATION<br>C/O MORGAN LEWIS & BOCKIUS LLP<br>ATTN: NEIL E HERMAN, ESQ<br>101 PARK AVENUE<br>NEW YORK NY 10178-0600 | CREDITOR ID: 279305-99<br>KING & SPALDING<br>ATTN: SARAH ROBINSON BORDERS<br>191 PEACHTREE STREET<br>ATLANTA GA 30303 | CREDITOR ID: 533657-99<br>KITCHENS KELLEY GAYNES PC<br>ATTN:  HEATHER D DAWSON ESQ<br>11 PIEDMONT CENTER, STE 900<br>3495 PIEDMONT RD NE<br>ATLANTA GA 30305 |
| CREDITOR ID: 399410-99<br>KLEHR HARRISON ET AL<br>ATTN: CAROL ANN SLOCUM<br>475 HADDONFIELD RD, STE 510<br>CHERRY HILL NJ 08002 | CREDITOR ID: 315678-99<br>KLEINPETER FARMS DAIRY LLC<br>C/O SCHANEVILLE & BARINGER<br>ATTN DALE R BARINGER, ESQ<br>918 GOVERNMENT STREET<br>BATON ROUGE LA 70802 | CREDITOR ID: 279176-99<br>KLEMENT SAUSAGE COMPANY<br>C/O HOWARD SOLOCHEK & WEBER SC<br>ATTN: BRYAN M BECKER, ESQ<br>324 E WISCONSIN AVE, STE 1100<br>MILWAUKEE WI 53202 |
| CREDITOR ID: 279176-99<br>KLEMENT SAUSAGE COMPANY<br>C/O TAPLIN ASSOCIATES<br>ATTN: RONALD SCOTT KANIUK, ESQ<br>350 FIFTH AVE, STE 2418<br>NEW YORK NY 10118 | CREDITOR ID: 279441-99<br>KMART MANAGEMENT CORPORATION<br>C/O DYKEMA GOSSETT PLLC<br>ATTN: BRENDAN G BEST, ESQ<br>400 RENAISSANCE CENTER<br>DETROIT MI 48243-1668 | CREDITOR ID: 405922-99<br>KONDOS & KONDOS LAW OFFICES<br>ATTN: ANJEL K AVANT, ESQ<br>1595 N CENTRAL EXPRESSWAY<br>RICHARDSON TX 75080 |
| CREDITOR ID: 279490-99<br>KONICA MINOLTA PHOTO IMAGING INC<br>C/O FOX ROTHSCHILD LLP<br>ATTN: JOSHUA T KLEIN, ESQ<br>2000 MARKET ST, TENTH FL<br>PHILADELPHIA PA 19103 | CREDITOR ID: 405918-99<br>KOURI, GERARD JR<br>10021 PINES BLVD, STE 202<br>PEMBROKE PINES FL 33024-6191 | CREDITOR ID: 381832-99<br>KOZYAK TROPIN & THROCKMORTON PA<br>ATTN: JOHN KOZYAK/LAURE ISICOFF<br>2525 PONCE DE LEON, 9TH FL<br>CORAL GABLES FL 33134 |
| CREDITOR ID: 278681-99<br>KRAFT<br>(KRAFT FOODS, KRAFT PIZZA, NABISCO)<br>ATTN: SANDRA SCHIRMANG, DIR OF CRE<br>THREE LAKES DRIVE<br>NORTHFIELD IL 60093 | CREDITOR ID: 278833-99<br>KRISPY KREME DOUGHNUTS CORP<br>C/O ALLMAN SPRY LEGGETT & CRUMPLER<br>ATTN: LEGGETT R BRADFORD, ESQ<br>380 KNOLLWOOD ST, STE 700<br>WINSTON-SALEM NC 27113-5129 | CREDITOR ID: 407463-99<br>LASALLE BANK NAT'L ASSOC, AS TTEE<br>HOLDERS OF BEAR STEARNS COMM MORTG<br>C/O MCKENNA LONG & ALDRIDGE LLP<br>ATTN: B SUMMER CHANDLER<br>303 PEACHTREE ST, STE 5300<br>ATLANTA GA 30308 |
| CREDITOR ID: 452403-99<br>LASSITER PROPERTIES INC<br>C/O CHAMBERLAIN HRDLICKA ET AL<br>ATTN: J PAUL & J REZAC, ESQS<br>191 PEACHTREE ST, NE, 9TH FL<br>ATLANTA GA 30303 | CREDITOR ID: 407501-99<br>LAW OFFICE OF DANIEL MARKIND<br>ATTN JOHANNA MARKIND<br>1500 WALNUT ST, STE 1100<br>PHILADELPHIA PA 19102 | CREDITOR ID: 533764-99<br>LAW OFFICES OF ANDREW J CAVANAUGH<br>ATTN: ROBERT CROTEAU<br>205 E ANAPAMU STREET<br>SANTA BARBARA CA 93101 |
| CREDITOR ID: 452149-98<br>LB UBS 2001-C2 COMMERCIAL MORTGAGE<br>C/O STUTMAN THAMES & MARKEY PA<br>ATTN: RICHARD THAMES, ESQ.<br>50 N LAURA ST, STE 600<br>JACKSONVILLE FL 32202 | CREDITOR ID: 254565-99<br>LEATHERMAN ASSOCS<br>706 B JAKE BLVD WEST<br>SALISBURY, NC 28147 | CREDITOR ID: 254565-99<br>LEATHERMAN ASSOCS<br>C/O KETNER & DEES<br>ATTN GLENN E KETNER, JR, ESQ<br>121 EAST KERR STREET<br>SALISBURY NC 28144 |
| CREDITOR ID: 399431-99<br>LEATHERWOOD WALKER TODD & MANN PC<br>ATTN: SEANN GRAY TZOUVELEKAS<br>PO BOX 87<br>300 EAST MCBEE AVE, STE 500<br>GREENVILLE SC 29602-0087 | CREDITOR ID: 408290-99<br>LEC PROPERTIES, INC<br>C/O EMMANUEL SHEPPARD & CONDON<br>ATTN: SALLY BUSSELL FOX, ESQ<br>30 SOUTH SPRING STREET<br>PENSACOLA FL 32502 | CREDITOR ID: 407464-99<br>LEE COUNTY ELECTRIC COOPERATIVE INC<br>C/O HENDERSON FRANKLIN ET AL<br>ATTN: D B SZABO & J A NOLAND, ESQS<br>PO BOX 280<br>FORT MYERS FL 33902-0280 |

EXHIBIT A - SERVICE LIST
U.S. Trustee, Counsel to Creditors Committee
and Parties on the Master Service List

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                                    **CASE:   05-03817-3F1**

CREDITOR ID: 381835-99
LEONARD STREET AND DEINARD
ATTN: LARRY RICKE
150 SOUTH FIFTH STREET, STE 2300
MINNEAPOLIS MN 55402

CREDITOR ID: 383154-99
LEVENFELD PEARLSTEIN, LLC
ATTN: WILLIAM S SCHWARTZ
211 WAUKEGAN ROAD
SUITE 300
NORTHFIELD IL 60093

CREDITOR ID: 381862-99
LEVY & DRONEY PC
ATTN: ROSS G FINGOLD
74 BATTERSON PARK RD
FARMINGTON CT 06032

CREDITOR ID: 278836-99
LIBERTY MUTUAL INSURANCE COMPANY
C/O ANGEL & FRANKEL PC
ATTN LAURENCE MAY/RICK A STEINBERG
460 PARK AVE
NEW YORK NY 10022-1906

CREDITOR ID: 279061-99
LIBERTY MUTUAL INSURANCE COMPANY
C/O MANIER & HEROD
ATTN: MICHAEL COLLINS, ESQ
150 FOURTH AVE NORTH, STE 2200
NASHVILLE TN 37219-2494

CREDITOR ID: 279053-99
LIBERTY MUTUAL INSURANCE COMPANY
C/O MANIER & HEROD, PC
ATTN T PENNINGTON/J FRANKS/M COLLIN
2200 ONE NASHVILLE PLACE
150 FOURTH AVE NORTH, STE 2200
NASHVILLE TN 37219-2494

CREDITOR ID: 279437-99
LIEBMANN CONWAY OLEJNICZAK JERRY
ATTN: JEROME E SMYTH
231 S ADAMS ST
PO BOX 23200
GREEN BAY WI 54305-3200

CREDITOR ID: 416950-98
LIFE INVESTORS INS CO OF AMERICA
EPSTEIN BECKER & GREEN PC
NEAL D DODELL
RESURGENS PLAZA
945 E PACES FERRY RD STE 2700
ATLANTA GA 30326

CREDITOR ID: 405929-99
LIVERPOOL GROUP INC DBA INT'L
DESSERT PALACE
C/O GERARD M KOURI JR PA
ATTN: GERARD M KOURI JR, ESQ
10021 PINES BLVD, STE 202
PEMBROKE PINES FL 33024-6191

CREDITOR ID: 452495-99
LONESTAR PARTNERS LLP
ATTN: VIKAR TANDON
1 MARITIME PLAZA, STE 750
SAN FRANCISCO CA 94111

CREDITOR ID: 407504-99
LOREAL PARIS
ATTN PATRICK ACKERMAN
35 BROADWAY ROAD
CRANBURY NJ 08512

CREDITOR ID: 407504-99
LOREAL PARIS
C/O GARFUNKEL WILD & TRAVIS PC
ATTN BURTON S WESTON, ESQ
111 GREAT NECK ROAD, STE 503
GREAT NECK NY 11021

CREDITOR ID: 278712-99
LOUISIANA COA-COLA
ATTN DICK STITELER
DIRECTOR OF CUSTOMER FINANCIAL SVCS
1314 ERASTE LANDRY ROAD
LAFAYETTE LA 70506

CREDITOR ID: 457583-99
LOUISIANA DEPT OF REVENUE
D HANSEN, C BRATKOWSKI & A SMITH
LEGAL DIV, 617 NORTH THIRD STREET
BATON ROUGE LA 70802

CREDITOR ID: 279510-99
LOWNDES DROSDICK ET AL
ATTN: ZACHARY J BANCROFT
450 S ORANGE AVE, STE 800 (32801)
PO BOX 2809
ORLANDO FL 32802-2809

CREDITOR ID: 255262-99
MADISON STATION PROPERTIES LLC
ATTN JOHN STRATTON II
6360 I-55 NORTH, SUITE 210
JACKSON, MS 39211

CREDITOR ID: 279406-99
MANAGEMENT CO LLP
ATTN: EARL E MCEVOY
GATEWAY CENTER THREE
100 MULBERRY STREET
NEWARK NJ 07102

CREDITOR ID: 383164-99
MANSFIELD OIL COMPANY
C/O THOMPSON O'BRIEN KEMP & NASUTI
ATTN: ALBERT F NASUTI, ESQ
40 TECHNOLOGY PKWY SOUTH, STE 300
NORCROSS GA 30092

CREDITOR ID: 403549-99
MARJON SPECIALTY FOODS INC
C/O STICHTER RIEDEL ET AL
ATTN: DON M STICHTER
110 EAST MADISON ST, STE 200
TAMPA FL 33602

CREDITOR ID: 1929-99
MARKET AT BYRAM LLC, THE
C/O SOUTHGATE REALTY, LLC
PO BOX 16615
HATTIESBURG, MS 39402

CREDITOR ID: 1929-99
MARKET AT BYRAM LLC, THE
C/O BENNETT, LOTTERHOS, ET AL
ATTN MARCUS M WILSON, ESQ
PO BOX 98
JACKSON MS 39205-0098

CREDITOR ID: 2394-99
MARKETOWN INVESTORS INC
C/O DONALD E THERIOT, ATTNY AT LAW
ATTN: ERIN THOMAS/DONALD THERIOT
1944 FIRST STREET
SLIDELL LA 70458

CREDITOR ID: 405915-99
MARKS GRAY PA
ATTN: NICHOLAS V PULIGNANO JR
1200 RIVERPLACE BLVD, STE 800
JACKSONVILLE FL 32207

CREDITOR ID: 279443-99
MARRERO LAND & IMPROVEMENT ASSN LTD
ATTN VINCENT A VASTOLA, DIR
5201 WESTBANK EXPRESSWAY, SUITE 400
MARRERO LA 70072

CREDITOR ID: 279507-99
MARTINEZ, ANNA C
C/O KAPLAN & FREEDMAN PA
ATTN MATTHEW E KAPLAN, ESQ
9410 SOUTHWEST 77TH AVENUE
MIAMI FL 33156

CREDITOR ID: 279503-99
MCCARTHY & WHITE PLLC
ATTN: WILLIAM D WHITE
8180 GREENSBORO DR, STE 875
MCLEAN VA 22102

CREDITOR ID: 399433-99
MCCLAIN LEPPERT & MANEY PC
ATTN: J CASEYROY/MICHAEL LEPPERT
711 LOUISIANA ST, STE 3100
HOUSTON TX 77002

CREDITOR ID: 399387-99
MCCORMICK & COMPANY INC
ATTN: AUSTIN NOONEY
211 SCHILLING CIRCLE
HUNT VALLEY MD 21031

CREDITOR ID: 399387-99
MCCORMICK & COMPANY INC
C/O DLA PIPER RUDNICK GRAY CARY US
ATTN: DANIEL J CARRIGAN
1200 19TH ST, NW, STE 800
WASHINGTON DC 20036

CREDITOR ID: 278690-99
MCKEE FOODS CORPORATION
ATTN: VALERIE PHILLIPS, SR CR MNGR
PO BOX 2118
COLLEGEDALE, TN 37315-2118

**U.S. Trustee, Counsel to Creditors Committee
and Parties on the Master Service List**

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                                                    **CASE:   05-03817-3F1**

CREDITOR ID: 452384-99
MEADWESTVACO CORPORATION
ATTN: ALFRED C KNIGHT, ASS GEN CNSL
ONE HIGH RIDGE PARK
STAMFORD CT 06912

CREDITOR ID: 279122-99
MERRILL LYNCH PIERCE FENNER & SMITH
C/O MORRISON & FOERSTER LLP
ATTN: ALEXANDRA STEINBERG BARRAGE
2000 PENNSYLVANIA AVENUE NW
WASHINGTON DC 20006

CREDITOR ID: 279122-99
MERRILL LYNCH PIERCE FENNER & SMITH
C/O BALCH & BINGHAM, LLP
ATTN RANELLE M JOHNSON, PARALEGAL
1901 6TH AVENUE NORTH, SUITE 2600
PO BOX 306
BIRMINGHAM AL 35203

CREDITOR ID: 279122-99
MERRILL LYNCH PIERCE FENNER & SMITH
ATTN: NICHOLAS GRIFFTHS
4 WORLD FINANCIAL CENTER
NEW YORK NY 1080

CREDITOR ID: 403220-99
METRO-GOLDWYN-MAYER HOME ENT
C/O CHRISTOPHER C MILLER, ESQ
10250 CONSTELLATION BLVD
LOS ANGELES CA 90067

CREDITOR ID: 381902-99
MEYER'S BAKERIES INC
C/O WRIGHT LINDSEY & JENNINGS LLP
ATTN: JAMES J GLOVER
200 WEST CAPITOL AVE, STE 2300
LITTLE ROCK AR 72201

CREDITOR ID: 279042-99
MFR PROPERTIES LANDLORD
C/O ROBINSON BROG  LEINWAND ET AL
ATTN: FRED B RINGEL, ESQ
1345 AVENUE OF THE AMERICAS
NEW YORK NY 10105

CREDITOR ID: 278810-99
MILBANK TWEED HADLEY & MCCLOY LLP
ATTN: DENNIS DUNNE; LENA MANDEL;
DENNIS O'DONNELL & MATTHEW BARR
1 CHASE MANHATTAN PLAZA
NEW YORK NY 10005

CREDITOR ID: 533755-99
MILLER GROUP PROPERTIES CORPORATION
C/O WINDERWEEDLE HAINES ET AL
ATTN: RYAN E DAVIS, ESQ
390 NORTH ORANGE AVE, STE 1500
PO BOX 1391
ORLANDO FL 32802-1391

CREDITOR ID: 452458-99
MILLER, CHARLENE & ROBERT
C/O MARK S KESSLER PA
ATTN: MARK S KESSLE, ESQ
331 E UNION STREET
JACKSONVILLE FL 32202

CREDITOR ID: 279432-99
MIMMS ENTERPRISES INC
ATTN: THOMAS B MIMMS JR
85A MILL STREET
ROSWELL  GA 30075-4952

CREDITOR ID: 417007-99
MIRICK O'CONNELL ET AL
ATTN: PAUL W CAREY
100 FRONT STREET
WORCESTER MA 01608-1477

CREDITOR ID: 279108-99
MISS BECKY SEAFOOD
C/O MOSELEY PRICHARD PARRISH ET AL
ATTN:  RICHARD K. JONESQ
501 WEST BAY STREET
JACKSONVILLE FL 32202

CREDITOR ID: 249063-99
MOBLEY FAM PRTNP LP & REDD FAM PRTN
LLLP DBA BLUE ANGEL CROSSING SHOPP
C/O EPSTEIN BECKER & GREEN PC
ATTN: ANNETTER KERLIN MCBRAYER, ESQ
945 EAST PACES FERRY RD, STE 2700
ATLANTA GA 30326-1380

CREDITOR ID: 278811-99
MORGAN LEWIS & BROCKIUS LLP
ATTN: RICHARD S TODER
101 PARK AVENUE
NEW YORK NY 10178-0060

CREDITOR ID: 405993-99
MORRIS TRACT CORP & WILLISTON
HIGHLAND DEVELOPEMENT CORP
C/O MELAND RUSSIN HELLINGER ET AL
3000 WACHOVIA FIN CNTR
200 S BISCAYNE BLVD
MIAMI FL 33131

CREDITOR ID: 457512-99
MORRISON & FOERSTER LLP
ATTN: JASON C DIBATTISTA
1290 AVENUE OF THE AMERICAS
NEW YORK NY 10104

CREDITOR ID: 399386-99
MOULTON PROPERTIES INC
C/O CLARK PARTINGTON ET AL
ATTN: KEITH L BELL JR
PO BOX 13010
PENSACOLA FL 32591-3010

CREDITOR ID: 279481-99
MT OLIVE PICKLE COMPANY INC
C/O WHARTON ALDHIZER & WEAVER PLC
ATTN: STEPHAN W MILO, ESQ
THE AMERICAN HOTEL
125 S AUGUSTA ST STE 2000
STAUNTON VA 24401

CREDITOR ID: 397680-99
MURRAY BISCUIT COMPANY LLC AKA
PRESIDENT'S BAKING
C/O WARNER STEVENES LLP
ATTN M WARNER/E CHOU, ESQS
301 COMMERCE STREET, STE 1700
FORT WORTH TX 76102

CREDITOR ID: 279488-99
MURRAY FRANK & SAILER LLP
ATTN: J SAILER/A D PATTON
275 MADISON AVE, 8TH FL
NEW YORK NY 10016

CREDITOR ID: 399390-99
NATIONAL ASBESTOS WORKERS PENS FD
C/O GENOVESE JOBLOVE & BATTISTA PA
ATTN CRAIG P RIEDERS, ESQ
BANK OF AMERICA TOWER
100 SOUTHEAST SECOND ST, 36TH FL
MIAMI FL 33131

CREDITOR ID: 405933-99
NATIONAL FISH & SEAFOOD INC
C/O CHOATE HALL & STEWART
ATTN: J VENTOLA & W MAHON, ESQS
TWO INTERNATIONAL PLACE
BOSTON MA 02110

CREDITOR ID: 410953-99
NB/85 ASSOCIATES
C/O BENDERSON DEVELOPMENT CO, INC
ATTN SUSAN HASSINGER, ESQ
570 DELAWARE AVENUE
BUFFALO NY 14202

CREDITOR ID: 405893-99
NCR CORPORATION
C/O HANGLEY ARONCHICK ET AL
ATTN: ASHLEY M CHAN, ESQ
ONE LOGAN SQUARE, 27TH FL
PHILADELPHIA PA 19103

CREDITOR ID: 381855-99
NDC REAL ESTATE MANGEMENT INC
C/O PEPPER HAMILTON LLP
ATTN: JAMES C CARIGNAN, ESQ
HERCULES PLAZA, STE 5100
1313 MARKET ST, PO BOX 1709
WILMINGTON DE 19899-1709

CREDITOR ID: 381855-99
NDC REAL ESTATE MANGEMENT INC
C/O PEPPER HAMILTON LLP
ATTN: LINDA J CASEY
3000 TWO LOGAN SQUARE
EIGHTEENTH & ARCH STREETS
PHILADELPHIA PA 19103-2799

CREDITOR ID: 381852-99
NEAL & HARWELL PLC
ATTN: MARC MCNAMEE
150 FOURTH AVE, NORTH, STE 2000
NASHVILLE TN 37219

CREDITOR ID: 416997-99
NEIL GERBER & EISENBERG
ATTN: THOMAS WOLDFORD
2 NORTH LASALLE ST, STE 2200
CHICAGO IL 60602

CREDITOR ID: 279316-99
NESTLE
ATTN PETER B KNOX
PO BOX 277817
ATLANTA GA 30384-7817

EXHIBIT A - SERVICE LIST
U.S. Trustee, Counsel to Creditors Committee
and Parties on the Master Service List

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                          **CASE:   05-03817-3F1**

CREDITOR ID: 405992-99
NET LEASE INVESTORS (BDM FIN CORP)
C/O MELAND RUSIN HELLINGER ET AL
ATTN: PETER D RUSSIN
3000 WACHOVIA FINANCIAL CENTER
200 SOUTH BISCAYNE BLVD
MIAMI FL 33131

CREDITOR ID: 278791-99
NEW PLAN EXCEL REALTY TRUST INC
C/O BALLARD SPAHR ANDREWS INGERSOLL
ATTN: J MEYERS/ D WALDT/D POLLACK
1735 MARKET STREET, 51ST FL
PHILADELPHIA PA 19103

CREDITOR ID: 279309-99
NEW PLAN EXCEL REALTY TRUST INC
ATTN: STEVEN F SIEGEL
420 LEXINGTON AVE
NEW YORK NY 10170

CREDITOR ID: 279190-99
NEW YORK VALUE CLUB DBA BELCO INC
C/O LAW OFFICES OF AVRUM J ROSEN
ATTN AVRUM J ROSEN, ESQ
38 NEW STREET
HUNTINGTON NY 11743

CREDITOR ID: 404215-95
NEW YORK VALUE CLUB DBA BELCO, INC
C/O BELCO DISTRIBUTORS
ATTN JEREL SABELLA, PRESIDENT
100 ADAMS BLVD
FARMINGDALE NY 11735

CREDITOR ID: 404215-95
NEW YORK VALUE CLUB DBA BELCO, INC
AVRUM J ROSEN LAW OFFICES
ATTN AVRUM J ROSEN, ESQ
38 NEW STREET
HUNTINGTON NY 11743

CREDITOR ID: 408265-99
NEWTON OLDACRE MCDONALD, LLC
C/O HARWELL HOWARD HYNE ETAL
ATTN: DAVID P CANAS
315 DEADERICK STREET
SUITE 1800
NASHVILLE TN 37238

CREDITOR ID: 417028-99
NOEL, LINUS
C/O THE CALUDA LAW FIRM
ATTN: ROBERT J CALUDA
3232 EDENBORN AVENUE
METAIRIE LA 70002

CREDITOR ID: 403541-99
NORTH HIXON MARKETPLACE LLC
C/O WILES & WILES
ATTN: JOHN J WILES, ESQ
800 KENNESAW AVE, STE 400
MARIETTA GA 30060-7946

CREDITOR ID: 399391-99
NORTH MADISON ASSOCIATES LTD
C/O SPAIN & GILLON LLC
ATTN: WALTER F MCARDLE
THE ZINSZER BLDG
2117 SECOND AVE NO
BIRMINGHAM AL 35203

CREDITOR ID: 279007-99
NORTHPOINT TRADING INC
C/O NEIMAN GINSBURG & MAIRANZ PC
ATTN GARY GINSBURG, ESQ
39 BROADWAY, 25TH FL
NEW YORK NY 10006

CREDITOR ID: 415976-99
OCEAN 505 ASSOCIATES, LLC. &
C/O SCHNADER, HARRISON, ET AL
ATTN: WILLIAM J MAFFUCCI, ESQ
1600 MARKET STREET, STE 3600
PHILADELPHIA PA 19103

CREDITOR ID: 415976-99
OCEAN 505 ASSOCIATES, LLC. &
GRANDECKS ASSOCIATES, LLC
C/O ECKSTEIN PROPERTIES LLC, AGENT
ATTN SHIMON ECKSTEIN
60 BROAD STREET, SUITE 3503
NEW YORK NY 10004

CREDITOR ID: 257557-99
OCEAN DUKE CORPORATION
NEUFELD, RENNETT & BACH, APC
ATTN TIMOTHY NEUFELD
360 E SECOND STREET, SUITE 703
LOS ANGELES CA 90012

CREDITOR ID: 257557-99
OCEAN DUKE CORPORATION
3450 FUJITA STREET
TORRANCE, CA 90505

CREDITOR ID: 279454-99
OCM OPPORTUNITIES FUND V LP
C/O PAUL WEISS RIFKIND ET AL
ATTN: ALAN W KORNBERG
1285 AVENUE OF THE AMERICAS
NEW YORK NY 10019-6064

CREDITOR ID: 279454-99
OCM OPPORTUNITIES FUND V LP
C/O OAKTREE CAPITAL MANAGEMENT LLC
ATTN: ALAN S ADLER
333 S GRAND AVE 28TH FLR
LOS ANGELES CA 90071

CREDITOR ID: 533768-99
OFFICE OF CITY ATTORNEY
ATTN: ALEXANDRA SILVA FANNON, ESQ
ASSISTANT CITY ATTORNEY
900 EAST BROAD ST, RM 300
RICHMOND VA 23219

CREDITOR ID: 533767-99
OFFICE OF HENRICO COUNTY ATTNY
ATTN: RHYSA GRIFFITH SOUTH, ESQ
ASST COUNTY ATTORNEY
PO BOX 27032
RICHMOND VA 23273-7032

CREDITOR ID: 533769-99
OFFICE OF ROANOKE CNTY ATTNY
ATTN: KATHERINE HOWE JONES, ESQ
ASSISTANT COUNTY ATTORNEY
PO BOX 29800
ROANOKE VA 24018

CREDITOR ID: 533766-99
OFFICE OF SENIOR ASST CNTY ATTORNEY
CHESTERFIELD COUNTY
ATTN: MICHAEL S J CHERNAU, ESQ
PO BOX 40
CHESTERFIELD VA 23832

CREDITOR ID: 269382-99
OFFICE OF THE ATTORNEY GENERAL, FL
ATTN: THE HONORABLE CHARLIE CRIST
THE CAPITOL PL-01
TALLAHASSEE FL 32399-1050

CREDITOR ID: 405901-99
OFFICE OF THE US TRUSTEE
ATTN: ELENA L ESCAMILLA
135 WEST CENTRAL BLVD, RM 620
ORLANDO FL 32801

CREDITOR ID: 278797-99
OFFICE OF THE US TRUSTEE - JAX
ATTN: KENNETH C MEEKER, ASST US TR
135 W CENTRAL BLVD, ROOM 620
ORLANDO FL 32801

CREDITOR ID: 405895-99
OHIO CASUALTY INSUR CO, THE
C/O HEDRICK DEWBERRY ET AL
ATTN: JEFFREY C REGAN
50 NORTH LAURA ST, STE 1600
JACKSONVILLE FL 32202

CREDITOR ID: 403545-99
OHIO CASUALTY INSURANCE CO
C/O MANIER & HEROD
ATTN J FRANKS/T PENNINGTON/M COLLI
150 FOURTH AVE N, STE 2200
NASHVILLE TN 37219-2494

CREDITOR ID: 452484-99
OLEA, ROBERT & SAMANTHA
C/O BENTON & CENTENO LLP
ATTN: L BENTON & C S BALL, ESQS
2019 THIRD AVENUE NORTH
BIRMINGHAM AL 35203

CREDITOR ID: 452464-99
OSBORNE, GARY
C/O GEORGE DOUGLAS JR LAW OFFICE
ATTN: GEORGE C DOUGLAS JR
700 CENTURY PARK SOUTH, STE 223
BIRMINGHAM AL 35226

CREDITOR ID: 410445-99
OSCHIN, SAMUEL, TRUSTEE
BARBARA OSCHIN PRIMICERIO TRUST
ATTN PATRICIA WHITELEY
400 SOUTH HOPE STREET, SUITE 400
LOS ANGELES CA 90071-2806

CREDITOR ID: 410445-99
OSCHIN, SAMUEL, TRUSTEE
C/O SULMEYERKUPETZ, PC
ATTN DAVID S KUPETZ, ESQ.
333 SOUTH HOPE STREET, 35TH FLOOR
LOS ANGELES CA 90071

EXHIBIT A - SERVICE LIST
U.S. Trustee, Counsel to Creditors Committee
and Parties on the Master Service List

**DEBTOR: WINN-DIXIE STORES, INC., ET AL.**                    **CASE: 05-03817-3F1**

CREDITOR ID: 399420-99
PACHULSKI STANG ZIEHL ET AL
ATTN: ROBERT FEINSTEIN
780 THIRD AVE, 36TH FL
NEW YORK NY 10017

CREDITOR ID: 417017-99
PAUL HASTINGS JANOFSKY & WALKER LLP
K DENNISTON, C CHAYAVADHANANGKUR
600 PEACHTREE STREET NE, 24TH FL
ATLANTA GA 30308

CREDITOR ID: 457580-99
PAUL HASTINGS JANOFSKY & WALKER LLP
ATTN: JAMES D WAREHAM
875 15TH STREET NW
WASHINGTON DC 20005

CREDITOR ID: 278812-99
PEPPER HAMILTON LLP
ATTN: I WILLIAM COHEN
100 RENAISSANCE CENTER 36TH FL
DETROIT MI 48243-1157

CREDITOR ID: 381856-99
PEPPER HAMILTON LLP
ATTN: ALAN SABLE
500 GRANT ST, 50TH FLR
PITTSBURGH PA 15219-2502

CREDITOR ID: 278682-99
PEPSICO & SUBSIDIARIES
ATTN: MARTY SCAMINACI
DIRECTOR FINANCIAL SERVICES
PO BOX 844700
DALLAS TX 75284-4700

CREDITOR ID: 279311-99
PEPSICO & SUBSIDIARIES
ATTN: SCOTT JOHNSON
7701 LEGACY DR 38-109
PLANO TX 75024

CREDITOR ID: 452469-99
PERKINS, VIKKI LYNN
C/O KELLEY & FULTON PA
ATTN: CRAIG I KELLEY, ESQ
1665 PALM BEACH LAKES BLVD
THE FORUM, STE 1000
WEST PALM BEACH FL 33401

CREDITOR ID: 408189-99
PERRET, ESTATE OF MATTHEW
C/O HARRELL & HARRELL
ATTN: MICHAEL P MORAN
4735 SUNBEAM ROAD
JACKSONVILLE FL 32257

CREDITOR ID: 405969-99
PFZIER INC
C/O BORGESS & ASSOCIATES LLC
ATTN: WANDA BORGESS, ESQ
575 UNDERHILL BLVD, STE 110
SYOSSET NY 11791

CREDITOR ID: 417000-99
PHELPS DUNBAR
ATTN: DONALD WHITTEMORE
100 SOUTH ASHLEY DR, STE 1900
TAMPA FL 33602

CREDITOR ID: 397773-99
PHILLIPS EDISON & COMPANY
C/O POLSINELLI SHALTON ET AL
ATTN: DANIEL J FLANIGAN, ESQ
292 MADISON AVE, 17TH FL
NEW YORK NY 10017

CREDITOR ID: 452405-99
PIGGLY WIGGLY DISTRIBUTING CO INC
C/O STUTSMAN & THAMES PA
ATTN: N LAFLEUR & R THAMES, ESQS
121 W FORSYTH ST, STE 600
JACKSONVILLE FL 32202

CREDITOR ID: 408319-99
PINELLAS FL TAX COLLECTOR
ATTN: SARAH RICHARDSON
315 COURT STREET
CLEARWATER FL 33756

CREDITOR ID: 410937-99
PLUNKETT, ESTATE OF HC
C/O BUTLER SNOW O'MARA ET AL
ATTN STEPHEN W ROSENBLATT, ESQ
210 E CAPITAL STREET, 17TH FLOOR
PO BOX 22567
JACKSON MS 39225-2567

CREDITOR ID: 410937-99
PLUNKETT, ESTATE OF HC
C/O ANGELA HEALY
PO BOX 13492
JACKSON MS 39236-3492

CREDITOR ID: 383142-99
PMG OCEAN ASSOCIATES LP
C/O WANDER & ASSOCIATES PC
ATTN: DAVID H WANDER, ESQ
641 LEXINGTON AVENUE, 21ST FL
NEW YORK NY 10022

CREDITOR ID: 258660-99
PMT PARTNERS V LLC
C/O THOMPSON & KNIGHT LLP
ATTN JOHN S BRANNON, ESQ
1700 PACIFIC AVENUE, SUITE 3300
DALLAS TX 75201

CREDITOR ID: 258660-99
PMT PARTNERS V LLC
C/O BELL MOORE GROUP INC
ATTN LYNN MOORE, VP
5200 PARK ROAD, SUITE 120
CHARLOTTE, NC 28209

CREDITOR ID: 279088-99
PODVEY, SACHS, MEANOR, ET AL.
ATTN: ROBERT K. SCHEINBAUM
ONE RIVERFRONT PLAZA
NEWARK NJ 07102

CREDITOR ID: 399425-99
PORTER WRIGHT MORRIS & ARTHUR LLP
ATTN: JAMES BOTTI
41 SOUTH HIGH ST, 31ST FL
COLUMBUS OH 43215

CREDITOR ID: 278699-99
POWERHOUSE PRODUCE LLC
ATTN JAMES BANKS, ACCOUNT MANAGER
PO BOX 368
RIVERHEAD NY 11901

CREDITOR ID: 533779-99
PRICE LAW OFFICE
ATTN: ROBER E PRICE JR
1144 WEST FOURTH STREET
WINSONT SALEM NC 27101

CREDITOR ID: 452409-99
PRINCIPAL LIFE INSUR CO FKA
PRINCIPAL MUTUAL LIFE INSUR CO
C/O DUANE MORRIS LLP
ATTN: M REED & W SIMKULAK, ESQS
30 SOUTH 17TH STREET
PHILADELPHIA PA 19103-4196

CREDITOR ID: 492841-98
PRINCIPAL LIFE INSURANCE COMPANY
C/O DUANE MORRIS LLP
ATTN MARGERY N REED, ESQ
30 SOUTH 17TH STREET
PHILADELPHIA PA 19103 4196

CREDITOR ID: 279315-99
PROCTOR & GAMBLE DIST CO
ATTN: JAY JONES
8500 GOVERNORS HILL DRIVE
CINCINNATI OH 45249

CREDITOR ID: 278683-99
PROCTOR & GAMBLE DISTRIBUTING CO.
ATTN: JAY JONES, CR. MGR.
8500 GOVERNORS HILL DRIVE
CINCINNATI OH 45249

CREDITOR ID: 533756-99
PROGRESS ENERGY CAROLINAS INC
C/O UNTI & LUMSDEN LLP
ATTN: MARGARET C LUMSDEN
302 JEFFERSON ST, STE 200
RALEIGH NC 27605

CREDITOR ID: 407494-99
PROJECT ASSISTANTS INC
C/O MORRIS, NICHOLLS ARSHT & TUNNEL
ATTN: ROBERT J DEHNEY, ESQ
1201 NORTH MARKET STREET
WILMINGTON DE 19801

CREDITOR ID: 405968-99
PROVENDER HALL LLC
C/O HILL WARD & HENDERSON PA
ATTN: L WALTER SHERMAN; P GREENLEE
PO BOX 2231
TAMPA FL 33601

EXHIBIT A - SERVICE LIST
U.S. Trustee, Counsel to Creditors Committee
and Parties on the Master Service List

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                                   **CASE:   05-03817-3F1**

CREDITOR ID: 278987-99
PRUDENTIAL INSURANCE CO OF AMERICA
C/O KATTEN MUCHIN ZAVIS ROSENMAN
ATTN: THOMAS  LEANSE/DUSTIN BRANCH
2029 CENTURY PARK E, STE 2600
LOS ANGELES CA 90067-3012

CREDITOR ID: 397687-99
PUBLIC SERVICES OF NORTH CAROLINA
C/O MOORE & VAN ALLEN PLLC
ATTN: DAVID B WHEELER, ESQ
40 CALHOUN ST, STE 300
PO BOX 22828
CHARLESTON SC 29413-2828

CREDITOR ID: 407757-99
PUBLIX SUPER MARKETS INC
C/O TRENAM KEMKER SCHARF ET AL
ATTN: WILLIAM KNIGHT ZEWADSKI, ESQ
PO BOX 1102
TAMPA FL 33601

CREDITOR ID: 315657-99
QUADRANGLE GROUP LLC
ATTN: A HERENSTEIN/P BARTEL
375 PARK AVE, 14TH FL
NEW YORK NY 10152

CREDITOR ID: 407732-99
QUAIL ROOST ASSOC PARTNERSHIP
C/O LAW FIRM OF ROBERT C MEYER PA
ATTN: ROBERT C MEYER, ESQ
2223 CORAL WAY
MIAMI FL 33145

CREDITOR ID: 279199-99
QWEST COMMUNICATIONS CORPORATION
C/O SILLS CUMMIS EPSTEIN & GROSS
ATTN: ANDREW SHERMAN, ESQ
ONE RIVERFRONT PLAZA
NEWARK NJ 07102-5400

CREDITOR ID: 279307-99
R2 INVESTMENTS LDC
C/O AMALGAMATED GADGET LP
ATTN: DAVE GILLESPIE
301 COMMERCE ST STE 3200
FORT WORTH TX 76102

CREDITOR ID: 279491-99
RAMCO-GERSHENSON PROPERTIES LP
C/O KUPELIAN ORMOND & MAGY PC
ATTN P MAGY/ T HILLER JR/M THOMPSON
25800 NORTHWESTERN HWY, STE 950
SOUTHFIELD MI 48075

CREDITOR ID: 410952-99
RANDALL BENDERSON 1993-1 TRUST &
WR-II ASSOCIATES, LTD
C/O BENDERSON DEVELOPMENT CO, INC
ATTN SUSAN HASSINGER, ESQ
570 DELAWARE AVE
BUFFALO NY 14202

CREDITOR ID: 259281-99
RAY QUINNEY & NEBEKER PC
ATTN: STEVEN WATERMAN
PO BOX 45385
SALT LAKE CITY UT 84145-0385

CREDITOR ID: 407647-99
REDDICK, DAVID
OFFICE OF CHARLES W MCBURNEY JR
ATTN CHARLES W MCBURNEY, JR
76 S LAUA STREET, SUITE 590
JACKSONVILLE FL 32202

CREDITOR ID: 279442-99
REISMAN, GLENN M
TWO CORPORATE DRIVE, STE 648
PO BOX 861
SHELTON CT 06484-0861

CREDITOR ID: 279404-99
RELIANCE STANDARD LIFE INSURANCE CO
ATTN: EARL E MCEVOY
2001 MARKET ST STE 1500
PHILADELPHIA PA 19103

CREDITOR ID: 533762-99
RGAN ZEBOUNI & WALKER PA
ATTN: JEFFREY C REGAN
9905 ST AUGUSTINE RD, STE 400
JACKSONVILLE FL 32257

CREDITOR ID: 279439-99
RICHARD BLACKSTONE WEBBER II PA
ATTN: RICHARD BLACKSTON WEBBER II
320 MAITLAND AVE
ALTAMONTE SPRINGS FL 32701

CREDITOR ID: 279464-99
RICH-SEAPAK CORPORATION
C/O ARNALL GOLDEN GREGORY LLP
ATTN: JAMES P SMITH, ESQ
201 SECOND ST, STE 1000
MACON GA 31201

CREDITOR ID: 411398-97
RIVERDALE FARMS
ATTN: L. BALTAZAR, PRES
1401 NW 84 AVE
MIAMI FL 33126

CREDITOR ID: 278709-99
RIVERDALE FARMS
ATTN: VANESSA FERNANDEZ CONTROLLER
PO BOX 861093
ORLANDO FL 32886-3356

CREDITOR ID: 279416-99
RIVERDALE FARMS INC
C/O BROAD AND CASSEL
ATTN C CRAIG ELLER, ESQ
ONE NORTH CLEMATIS ST, STE 500
WEST PALM BEACH FL 33401

CREDITOR ID: 279416-99
RIVERDALE FARMS INC
C/O PORZIO BROMBERG & NEWMAN PC
ATTN: W MARTIN JR/B MOORE
100 SOUTHGATE PKWY
PO BOX 1997
MORRISTOWN NJ 07962

CREDITOR ID: 278984-99
RIVIANA FOODS INC
C/O LOCKE LIDDELL & SAPP LLP
ATTN: THOMAS H GRACE/W STEVEN BRYAN
600 TRAVIS STREET
3400 CHASE TOWER
HOUSTON TX 77002

CREDITOR ID: 403386-99
RMC PROPERTY GROUP
C/O DENNIS LEVINE & ASSOCIATES PA
ATTN DENNIS J LEVINE, ESQ
PO BOX 707
TAMPA FL 33601-0707

CREDITOR ID: 399408-99
ROETZEL & ANDRESS
ATTN: DIANA M THIMMIG
1375 EAST NINTH ST
ONE CLEVELAND CENTER, 9TH FL
CLEVELAND OH 44115

CREDITOR ID: 403196-99
ROGERS, HAZEL
C/O MARVIN S SCHULMAN PA
ATTN: MARVIN S SCHULMAN
280 WESTON RD, STE 201
WESTON FL 33331

CREDITOR ID: 410495-99
RONALD A KATZ TECH LICENSING, LP
C/O ERVIN, COHEN & JESSUP, LLP
ATTN: MICHAEL S KOGAN, ESQ
9401 WILSHIRE BLVD, NINTH FLOOR
BEVERLY HILLS CA 90212-2974

CREDITOR ID: 410955-99
RONALD BENDERSON 1995 TR/BENDERSON
85-1 TRUST AKA RON-BEN ASSOCS
C/O BENDERSON DEVELOPMENT CO, INC
ATTN SUSAN HASSINGER, ESQ
570 DELAWARE AVENUE
BUFFALO NY 14202

CREDITOR ID: 278705-99
ROSS LABORATORIES
ATTN: PHIL POLK, CONTROLLER
DEPT L-281
COLUMBUS , OH 43260-0001

CREDITOR ID: 403228-99
ROYAL OAKS BRANDON, LTD
C/O VERONA LAW GROUP, PA
ATTN JAY B VERONA, ESQ
7235 FIRST AVENUE SOUTH
ST PETERSBURG FL 33707

CREDITOR ID: 279433-99
RYNN & JANOWSKY LLP
ATTN: P RYNN/P GRANNIS
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH CA 92660

CREDITOR ID: 278711-99
SAFE HARBOR SEAFOOD
ATTN: JACK JONES, CFO
4371 OCEAN STREET
MAYPORT, FL 32233-2417

EXHIBIT A - SERVICE LIST
U.S. Trustee, Counsel to Creditors Committee
and Parties on the Master Service List

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                    **CASE:   05-03817-3F1**

| | | |
|---|---|---|
| CREDITOR ID: 410683-99<br>SAN ANGELO TX WD LP<br>C/O COEN & THURSTON, PA<br>ATTN JANET H THUSTON<br>1723 BLANDING BLVD, SUITE 102<br>JACKSONVILLE  FL 32210 | CREDITOR ID: 278718-99<br>SANDERSON FARMS<br>ATTN: NEAL MORGAN, DIR OF SALES<br>PO BOX 988<br>LAUREL, MS 39441-0988 | CREDITOR ID: 278691-99<br>SARA LEE FOODS<br>ATTN: JOEL CARTRIGHT, CR MANAGER<br>PO BOX 905466<br>CHARLOTTE, NC 28290 |
| CREDITOR ID: 403542-99<br>SARGENTO FOODS INC<br>C/O REINHART BOERNER VAN DEUREN SC<br>ATTN: JOSHUA A BLAKELY<br>1000 NORTH WATER ST, STE 2100<br>PO BOX 2965<br>MILWAUKEE WI 53201-2965 | CREDITOR ID: 397686-99<br>SCANA ENERGY MARKETING INC<br>C/O MORRE & VAN ALLEN PLLC<br>ATTN: DAVID B WHEELER, ESQ<br>40 CALHOUN ST, STE 300<br>PO BOX 22828<br>CHARLESTON SC 29413-2828 | CREDITOR ID: 278773-99<br>SCHERING PLOUGH HEALTH CARE<br>ATTN: JOHN GLYNN - DIRECTOR, TRADE<br>3030 JACKSON AVENUE<br>MEMPHIS TN 38151 |
| CREDITOR ID: 417019-99<br>SCHNADER HARRISON ET AL<br>ATTN: WILLIAM J MAFFUCCI<br>1600 MARKET ST, STE 3600<br>PHILADELPHIA PA 19103-7286 | CREDITOR ID: 417027-99<br>SCHREIBER FOODS INC<br>C/O QUARLES & BRADY LLP<br>ATTN: VALERIE BAILEY-RIHN<br>1900 GLADES ROAD, STE 355<br>BOCA RATON FL 33431 | CREDITOR ID: 417027-99<br>SCHREIBER FOODS INC<br>C/O LIEBMANN CONWAY OLEJNICZAK ETAL<br>ATTN JEROME E SMYTH, ESQ<br>PO BOX 23200<br>231 S ADAMS STREET<br>GREEN BAY WI 54305 3200 |
| CREDITOR ID: 278702-99<br>SCHREIBER FOODS, INC.<br>ATTN: KRIS SKUPAS, CORP CRED MGR<br>PO BOX 905008<br>CHARLOTTE NC 28290-5008 | CREDITOR ID: 399619-99<br>SEC - ATLANTA DIV OFFICE<br>ATTN: SUSAN R SHERRILL-BEARD<br>STE 1000, 3475 LENNOX ROAD NE<br>ATLANTA GA 30326-1232 | CREDITOR ID: 399659-99<br>SEC - SE REGIONAL OFFICE<br>ATTN DAVID NELSON, REGIONAL DIR<br>801 BRICKELL AVENUE, SUITE 1800<br>MIAMI FL 33131 |
| CREDITOR ID: 269678-99<br>SEC BOSTON DISTRICT OFFICE<br>ATTN WALTER G RICCIARDI, DIST ADMIN<br>73 TREMONT STREET, SUITE 600<br>BOSTON MA 02108-3912 | CREDITOR ID: 269676-99<br>SEC HEADQUARTERS<br>450 FIFTH STREET NW<br>WASHINGTON DC 20549 | CREDITOR ID: 269677-99<br>SEC NORTHEAST REGIONAL OFFICE<br>ATTN JOHN MURRAY<br>THE WOOLWORTH BUILDING<br>233 BROADWAY<br>NEW YORK NY 10279 |
| CREDITOR ID: 269679-99<br>SEC PHILADELPHIA DISTRICT OFFICE<br>ATTN ARTHUR S GABINET, DIST ADMIN<br>THE MELLON INDEPENDENCE CENTER<br>701 MARKET STREET<br>PHILADELPHIA PA 19106-1532 | CREDITOR ID: 407734-99<br>SEDGWICK CLAIMS MGMT SERVICES INC.<br>C/O LORD BISSELL & BROOK LLP<br>ATTN: FOLARIN S DOSUNMU<br>115 SOUTH LASALLE ST<br>CHICAGO IL 60603-3901 | CREDITOR ID: 416994-99<br>SELL & MELTON LLP<br>ATTN: ED S SELL<br>PO BOX 229<br>MACON GA 31202-0229 |
| CREDITOR ID: 407735-99<br>SEMBLER COMPANY, THE PROP MGR FOR<br>HIGHLANDS SQUARE SHOPPING CTR<br>C/O PIPER LUDIN HOWIE ET AL<br>ATTN ERIC E LUDIN, ESQ<br>5720 CENTRAL AVENUE<br>ST PETERSBURG FL 33707 | CREDITOR ID: 407748-99<br>SEMBLER COMPANY, THE PROP MNGR FOR<br>LA PLAZA GRANDE SOUTH<br>C/O PIPER LUDIN HOWER & WERNER PA<br>ATTN: ERIC E LUDIN, ESQ<br>5720 CENTRAL AVENUE<br>ST PETERSBURG FL 33707 | CREDITOR ID: 407749-99<br>SENDERO COMMERICAL INVESTMENTS -<br>PARKS PLACE LP<br>C/O AKIN GUMP STRAUSS ET AL<br>ATTN: K M AURZADA/S L SCHULTZ ESQS<br>1700 PACIFIC AVE, STE 4100<br>DALLAS TX 75201-4675 |
| CREDITOR ID: 382085-36<br>SENECA FOODS CORPORATION<br>JAECKLE FLEISCHMANN & MUGEL LLP<br>ATTN JOSEPH W ALLEN, ESQ<br>12 FOUNTAIN PLAZA<br>BUFFALO NY 14202-2292 | CREDITOR ID: 383152-99<br>SESSIONS FISHMAN & NATHAN LP<br>ATTN: J DAVID FORSYTH<br>201 ST CHARLES AVENUE, 35TH FL<br>NEW ORLEANS LA 70170-3500 | CREDITOR ID: 383210-99<br>SEVEN SPRINGS PLAZA, LLC<br>C/O HARPER KYNES GELLER & BUFORD PA<br>ATTN: CHARLES A BUFORD, ESQ<br>2560 GULF TO BAY BLVD, SUITE 300<br>CLEARWATER FL 33765 |
| CREDITOR ID: 388518-99<br>SEVIN, MARILYN<br>2600 MARY STREET APT 3<br>SLIDELL, LA 70458 | CREDITOR ID: 392597-99<br>SEVIN, MARILYN<br>C/O NICK LAW FIRM LC<br>ATTN TAMMY NICK ESQ<br>676 E I-10 SERVICE ROAD<br>SLIDELL LA 70461 | CREDITOR ID: 405883-99<br>SHADES CREEK PARTNERS<br>C/O JOHNSTON CONWELL & DONOVAN, LLC<br>ATTN WH DONOVAN III & AM DAUGHERTY<br>813 SHADES CREEK PKWY, STE 200<br>BIRMINGHAM AL 35209 |
| CREDITOR ID: 399423-99<br>SHAW GUSSIS FISHMAN ET AL<br>ATTN: BRIAN SHAW/ALLEN GUON<br>321 N CLARK ST, STE 800<br>CHICAGO IL 60610 | CREDITOR ID: 278805-99<br>SHEARMAN & STERLING LLP<br>ATTN: ANDREW TENZER<br>599 LEXINGTON AVE<br>NEW YORK NY 10022-6069 | CREDITOR ID: 399424-99<br>SHER GARNER CAHILL ET AL<br>ATTN: ELWOOD CAHILL JR/NEAL KLING<br>909 POYDRAS ST, 28TH FL<br>NEW ORLEANS LA 70112 |

EXHIBIT A - SERVICE LIST
U.S. Trustee, Counsel to Creditors Committee
and Parties on the Master Service List

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                                                                          **CASE:    05-03817-3F1**

CREDITOR ID: 405923-99
SHUTTS & BOWEN LLP
ATTN: ANDREW BRUMBY
300 SOUTH ORANGE AVE, STE 1000
ORLANDO FL 32801

CREDITOR ID: 399415-99
SIMON PROPERTY GROUP
ATTN RONALD TUCKER
115 WEST WASHINGTON ST
INDIANAPOLIS IN 46204

CREDITOR ID: 383145-99
SIMPSON LAW OFFICE
ATTN JAMES W MARTIN, ESQ
ONE SECURITIES CENTER, SUITE 300
3490 PIEDMONT ROAD NE
ATLANTA GA 30305

CREDITOR ID: 279064-99
SIRIUS COMPUTER SOLUTIONS INC
C/O COX SMITH MATTHEWS INC
ATTN PATRICK F HUFFSTICKLER, ESQ
112 EAST PECAN, SUITE 1800
SAN ANTONIO TX 78205

CREDITOR ID: 279064-99
SIRIUS COMPUTER SOLUTIONS INC
C/O COX & SMITH PC
ATTN: THOMAS RICE, ESQ
112 E PECAN STREET, STE 1800
SAN ANTONIO TX 78205

CREDITOR ID: 279064-99
SIRIUS COMPUTER SOLUTIONS INC
ATTN JOHN MEDINA, CREDIT MGR
613 NW LOOP 410, SUITE 1000
SAN ANTONIO TX 78216

CREDITOR ID: 279304-99
SKADDEN ARPS SLATE MEAGHER & FLOM
ATTN: D. J. BAKER
FOUR TIMES SQUARE
NEW YORK, NY 10036

CREDITOR ID: 452473-99
SKS PROPERTIES LC
C/OLAFLEUR LAW FIRM
ATTN: NINA M LAFLEUR
PO BOX 861128
ST AUGUSTINE FL 32086

CREDITOR ID: 399418-99
SMITH ANDERSON BLOUNT ET AL
ATTN: AMOS Y PRIESTER IV
PO BOX 2611
RALEIGH NC 27602-2611

CREDITOR ID: 315662-99
SMITH DEBNAM NARRON ET AL
ATTN: BYRON L SAINTSING, ESQ
PO BOX 26268
RALEIGH NC 27611

CREDITOR ID: 399417-99
SMITH GILLIAM WILLIAMS ET AL
ATTN: BRAD PATTEN
PO BOX 1098
GAINESVILLE GA 30503

CREDITOR ID: 405902-99
SMITH HULSEY & BUSEY
ATTN: STEPHEN D BUSEY
225 WATER ST, STE 1800
JACKSONVILLE FL 32202

CREDITOR ID: 405920-99
SMITH, ALFRED E
60 E 42ND ST, STE 2501
NEW YORK NY 10017

CREDITOR ID: 381859-99
SMITHFIELD PACKING CO INC, THE
C/O MCGUIREWOODS LLP
ATTN: ROBERT A COX, JR
BANK OF AMERICA CORP CNTR
100 N TRYON ST, STE 2900
CHARLOTTE NC 28202-4011

CREDITOR ID: 417106-98
SMITHTOWN BAY LLC
C/O SEWARD & KISSEL LLP
ATTN RENEE EUBANKS ESQ
ONE BATTERY PARK PLAZA
NEW YORK NY 10004

CREDITOR ID: 399426-99
SNELL & WILMER LLP
ATTN: PETER RATHWELL
ONE ARIZONA CENTER
400 E VAN BUREN
PHOENIX AZ 85004-2202

CREDITOR ID: 417095-98
SOF INVESTMENTS LP
C/O VINSON & ELKINS LLP
ATTN STEVEN M ABRAMOWITZ, ESQ
666 5TH AVE, 26TH FLOOR
NEW YORK NY 10103-0040

CREDITOR ID: 403465-99
SOUTHEAST-ATLANTIC BEVERAGE CORP
C/O NELSON MULLINS RILEY ET AL
ATTN: GEORGE B CAUTHEN
1320 MAIN STREET
PO BOX 11070 (29211)
COLUMBIA SC 29201

CREDITOR ID: 279420-99
SOUTHERN CLEANING SERVICES INC
C/O ANDERSON KILL & OLICK
ATTN: LARRY D HENIN
1251 AVENUE OF THE AMERICAS
NEW YORK NY 10020

CREDITOR ID: 279470-99
SOUTHERN PRIDE CATFISH D/B/A
AMERICAN PRIDE SEAFOODS
C/O GIBBONS DEL DEO DOLAN ET AL
ATTN: DAVID N CRAPO, ESQ
ONE RIVERFRONT PLAZA
NEWARK NJ 07102-5497

CREDITOR ID: 279468-99
SOUTHERN WINE & SPIRITS OF FLORIDA
C/O MORRISON COHEN LLP
ATTN: MICHAEL R DAL LAGO, ESQ
909 THIRD AVENUE
NEW YORK NY 10022

CREDITOR ID: 407471-99
SOUTHLAND-CRYSTAL RIVER WD DEL BUS
C/O NEAL GERBER & EISENBERG LLP
ATTN THOMAS C WOLFORD, ESQ
2 NORTH LASALLE ST, STE 2200
CHICAGO IL 60602

CREDITOR ID: 399377-99
SPCP GROUP LLC AGT OF SILVER PT CAP
FUND LP & SILVER PT CAP OFFSHORE
C/O TRAUB BONACQUIST & FOX LLP
ATTN MAURA I RUSSELL, ESQ
655 THIRD AVENUE, 21ST FLOOR
NEW YORK NY 10017

CREDITOR ID: 403566-79
SPCP GROUP LLC AGT OF SILVER PT CAP
FUND LP & SILVER PT CAP OFFSHORE
ATTN: MICHAEL A GATTO
TWO GREENWICH PLZ, 1ST FLR
GREENWICH CT 06830

CREDITOR ID: 407520-98
SPCP GROUP LLC AGT OF SILVER PT CAP
C/O TRAUB BONACQUIST & FOX LLP
ATTN: MAURA I RUSSELL, ESQ &
ANTHONY B STUMBO, ESQ
655 THIRD AVE, 21ST FL
NEW YORK NY 10017

CREDITOR ID: 533771-99
SPEARS MOORE REBMAN & WILLIAMS PC
ATTN: SCOTT N BROWN JR, ESQ
801 BROAD ST, SIXTH FL
PO BOX 1749
CHATTANOOGA TN 37401-1749

CREDITOR ID: 408301-99
SPECTRUM CAUBLE MANAGEMENT LLC
C/O BALCH & BINGHAM, LLP
ATTN: BETH R BAER, ESQ
14 PIEDMONT CENTER, STE 1100
3535 PIEDMONT ROAD
ATLANTA GA 30305

CREDITOR ID: 452461-99
SPECTRUM INVESTMENT PARTNERS LP
ATTN: JEFFREY SCHAFFER
1250 BROADWAY, STE 810
NEW YORK NY 10001

CREDITOR ID: 408302-99
SPECTRUM REALTY ADVISORS, INC
C/O BALCH & BINGHAM  LLP
ATTN: BETH R BAER, ESQ
14 PIEDMONT CENTER, STE 1100
3535 PIEDMONT ROAD
ATLANTA GA 30305

CREDITOR ID: 405879-99
SPRING HILL ASSOC LTD
C/O TABAS FREEDMAN SOLOFF & MILLER
ATTN: JOEL L TABAS
25 SOUTHEAST SECOND AVE, STE 919
MIAMI FL 33131

EXHIBIT A - SERVICE LIST
U.S. Trustee, Counsel to Creditors Committee
and Parties on the Master Service List

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                        **CASE:   05-03817-3F1**

CREDITOR ID: 408257-99
SPRINGS CORNERS, LLC
C/O YOUNG MORPHIS  ETAL
ATTN: JIMMY R SUMMERLIN, JR
PO DRAWER 2428
HICKORY NC 28603

CREDITOR ID: 279435-99
SQUIRE SANDERS & DEMPSEY LLP
ATTN: KRISTIN E RICHNER
1300 HUNTINGTON CTR
41 S HIGH STREET
COLUMBUS OH 43215-6197

CREDITOR ID: 417006-99
SQUIRE SANDERS & DEMPSEY LLP
ATTN: JOSEPH WEINSTEIN
4900 KEUY TOWER
127 PUBLIC SQUARE
CLEVELAND OH 44114-1304

CREDITOR ID: 533778-99
STATE OF FLORIDA DEPT OF REVENUE
ATTN: FREDERICK F RUDZIK, ESQ
ASSISTANT GENERAL COUNSEL
PO BOX 6668
TALLAHASSEE FL 32314-6668

CREDITOR ID: 452387-99
STATE OF FLORIDA TAX COLLECTORS
C/O HILLSBOROUGH CNTY ATTNY'S OFFIC
ATTN: BRIAN T FITZGERALD
PO BOX 1110
TAMPA FL 33601-1110

CREDITOR ID: 411296-99
STATE OF FLORIDA, AHCA
C/O ASSISTANT GENERAL COUNSEL
ATTN: BREVIN BROWN, ESQ
2727 MAHAN DR, MAIL STOP #3
TALLAHASSEE FL 32308-5407

CREDITOR ID: 411296-99
STATE OF FLORIDA, AHCA
C/O ASSISTANT GENERAL COUNSEL
ATTN: DEBORA E FRIDIE, ESQ
2727 MAHAN DR, MAIL STOP #3
TALLAHASSEE FL 32308-5407

CREDITOR ID: 405925-99
STATE OF GEORGIA
C/O ASST ATTORNEY GENERAL
ATTN OSCAR B FEAR III
40 CAPITOL SQUARE SW
ATLANTA GA 30334

CREDITOR ID: 417030-99
STATE OF GEORGIA
DEPT OF COMMUNITY HEALTH
ATTN: NEAL B CHILDERS, ESQ
2 PEACHTREE STREET, 40TH FL
ATLANTA GA 30303-3159

CREDITOR ID: 417026-99
STATE OF KENTUCKY HEALTH & FAMILY
SERVICES CABINET
ATTN: RICHARD WARNE, ESQ
275 EAST MAIN ST, 5W-B
FRANKFORT KY 40621

CREDITOR ID: 403250-99
STEVENS-FRICKEY, DOROTHY
C/O MICK LAW FIRM LC
ATTN: TAMMY M NICK
676 EAST I-10 SERVICE RD
SLIDELL LA 70461

CREDITOR ID: 399419-99
STOEL RIVES LLP
ATTN: PETER L SLINN
600 UNIVERSITY ST, STE 3600
SEATTLE WA 98101

CREDITOR ID: 403190-99
STOLTZ MGMT OF DELAWARE INC, AGENT
FOR SEMORAN RETAIL LLC
C/O STEPHEN LEWIS, ESQ
725 CONSHOHOCKEN STATE RD
BALA CYNWYD PA 19004

CREDITOR ID: 279330-99
SUNSHINE MILLS, INC
C/O JOHNSTON MOORE MAPLES ET AL
ATTN STEWART M MAPLES, ESQ
400 MERIDIAN STREET, SUITE 301
HUNTSVILLE AL 35801

CREDITOR ID: 403200-99
TA/WESTERN LLC
C/O HELD & ISRAEL
ATTN A FRISCH/E W HELD JR, ESQS
1301 RIVERPLACE BLVD, STE 1916
JACKSONVILLE FL 32207

CREDITOR ID: 408293-99
TATONE PROPERTIES OF FLORIDA, INC
ATTN: MELODY D GENSON, ESQ
3665 BEE RIDGE ROAD
SUITE 316
SARASOTA FL 34233

CREDITOR ID: 416999-99
TERRELL HOGAN ELLIS ET AL
ATTN: CARROLL CAYER
233 EAST BAY ST, 8TH FL
JACKSONVILLE FL 32202

CREDITOR ID: 417029-99
THOMPSON & KNIGHT
ATTN: JOHN S BRANNON
1700 PACIFIC AVE, STE 3300
DALLAS TX 75201

CREDITOR ID: 405928-99
THRIVENT FINANCIAL FOR LUTHERANS
C/O FOLEY & MANSFIELD PLLP
ATTN: V E JOHNSON/J D DECARLO, ESQS
4770 BISCAYNE BLVD, STE 1000
MIAMI FL 33137

CREDITOR ID: 405928-99
THRIVENT FINANCIAL FOR LUTHERANS
C/O FOLEY & MANSFIELD PLLP
ATTN: T J LALLIER/M A BLAZINA, ESQS
250 MARQUETTE AVE, STE 1200
MINNEAPOLIS MN 55401

CREDITOR ID: 407745-99
TIGER CROSSING DBA UNIVERSITY
CROSSING SHOPPING CNTR
C/O EPSTEIN BECKER & GREEN PC
ATTN: ANNETTE KERLINEMCBRAYER, ESQ
945 EAST PACES FERRY RD
ATLANTA GA 30326

CREDITOR ID: 407747-99
TIGER CROSSING WD
C/O EPSTEIN BECKER & GREEN PC
ATTN: ANNETTE KERLINEMCBRAYER, ESQ
945 EAST PACES FERRY RD, STE 2700
ATLANTA GA 30326

CREDITOR ID: 383157-99
TRUTT & FRANSON PA
ATTN: ALBERT FRANSON
707 PENINSULAR PLACE
JACKSONVILLE FL 32204

CREDITOR ID: 279001-99
TSO VOLUSIA LLC
C/O ARNALL GOLDEN GREGORY LLP
ATTN: J H KEPNER/S LADDIN/J SMITH
171 17TH ST NW, STE 2100
ATLANTA GA 30363

CREDITOR ID: 406194-99
TUNICA VILLAGE PARTNERSHIP
C/O KIZER HOOD & MORGAN LLP
ATTN: RALPH E HOOD
2111 QUAIL RUN DRIVE
BATON ROUGE LA 70808

CREDITOR ID: 403198-99
TURNEY DUNHAM PLZ LTD PARTNERSHIP
C/O BRENNER KAPROSY LLP
ATTN  T DAVID MITCHELL, ESQ
50 EAST WASHINGTON STREET
CHAGRIN FALLS OH 44022

CREDITOR ID: 279159-99
UNARCO INDUSTRIES, INC
C/O GRAY ROBINSON, PA
ATTN: JASON B BURNETT, ESQ
50 NORTH LAURA ST, STE 1675
JACKSONVILLE FL 32205

CREDITOR ID: 279159-99
UNARCO INDUSTRIES, INC
C/O FAGELHABER LLC
ATTN CLINTON P HANSEN, ESQ
55 EAST MONROE STREET, 40TH FLR
CHICAGO IL 60603

CREDITOR ID: 279318-99
UNILEVER (HPC USA & BEST FOODS)
ATTN: RICHARD BELLIS
1 JOHNS ST
CLINTON CT 06413

CREDITOR ID: 278686-99
UNILEVER (HPC USA & BEST FOODS)
ATTN: RICHARD BELLIS, CR MANAGER
1 JOHNS STREET
CLINTON CT 06413

EXHIBIT A - SERVICE LIST

U.S. Trustee, Counsel to Creditors Committee
and Parties on the Master Service List

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                    **CASE:   05-03817-3F1**

CREDITOR ID: 399660-99
US ATTORNEY, MDFL
ATTN PAUL I PEREZ, ESQ
300 N HOGAN STREET, SUITE 700
JACKSONVILLE FL 32202-4270

CREDITOR ID: 278692-99
US BANK CORPORATION
ATTN: ANGELA TRUDEAU VP
RELATIONSHIP MANAGEMENT
PO BOX 790428
ST LOUIS MO 63179-0428

CREDITOR ID: 381860-99
US BANK NAT'L ASSOC-INDENTURE TTEE
C/O WALLER LANSDEN DORTCH ET AL
ATTN: DAVID LEMKE/ROBERT WELHOELTER
511 UNION ST, STE 2700
NASHVILLE TN 37219

CREDITOR ID: 417031-99
US HEALTH & HUMAN SERVICES DEPT
C/O OFFICE OF THE GENERAL COUNSEL
ATTN: GARY KURZ, ESQ
61 FORSYTH STREET SW, STE 5M60
ATLANTA GA 30303-8909

CREDITOR ID: 405914-99
USDA AMS, DAIRY PROGRAMS
ATTN: SUE L MOSELY
PO BOX 491778
LAWRENCEVILLE GA 30049

CREDITOR ID: 417005-99
VERONA LAW GROUP PA
ATTN: JAY VERONA
7235 FIRST AVE SO
ST PETERSBURG FL 33707

CREDITOR ID: 417003-99
VERTIS INC
C/O BLACKWELL SANDERS PEPER MARTIN
ATTN: JOHN J CRUCIANI
4801 MAIN ST, STE 1000
KANSAS CITY MO 64112

CREDITOR ID: 417003-99
VERTIS INC
ATTN: LUKE BRANDONISIO
250 W PRATT STREET
PO BOX 17102
BALTIMORE MD 21297

CREDITOR ID: 279460-99
VESTCOM NEW CENTURY LLC
C/O LOWENSTEIN SANDLER PC
ATTN: SHARON L LEVINE, ESQ
65 LIVINGSTON AVE
ROSELAND NJ 07068

CREDITOR ID: 405890-99
VICTORY REAL ESTATE INVESTMENTS INC
C/O SLOTT BARKER & NUSSBAUM
ATTN: EARL M BARKER, JR
334 EAST DUVAL STREET
JACKSONVILLE FL 32202

CREDITOR ID: 278794-99
VICTORY REAL ESTATE INVESTMENTS LLC
VICTORY INVESTMENTS INC ET AL
C/O LOCKE LIDDELL & SAPP LLP
ATTN: OMER KUEBEL/C DAVIN BOLDISSAR
601 POYDRAS STREET STE 2400
NEW ORLEANS LA 70130-6036

CREDITOR ID: 279484-99
VICTORY WHOLESALE GROCERS INC
C/O MCCARTER & ENGLISH LLP
ATTN: WILLIAM D WALLACH, ESQ
FOUR GATEWAY CENTER
100 MULBERRY ST
NEWARK NJ 07102

CREDITOR ID: 533781-99
VINSON & ELKINS LLP
ATTN: STEVEN M ABRAMOWITZ
666 FIFTH AVENUE
NEW YORK NY 10103

CREDITOR ID: 405917-99
VOLPE BAJALIA WICKES ET AL
ATTN: JOHN T ROGERSON
RIVERPLACE TOWER
1301 RIVERPLACE BLVD, STE 1700
JACKSONVILLE FL 32207

CREDITOR ID: 492825-99
VR GLOBAL PARTNERS LP
C/O VR CAPITAL GROUP
ATTN: RICHARD DEITZ
AVRORA BUSINESS PARK
77 SADOVNICHESKAYA NAB BLDG 1
MASCOW  115035
RUSSIA

CREDITOR ID: 403212-99
WACHOVIA BANK NAT'L ASSOC
C/O ROGERS TOWERS PA
ATTN: BETSY C COX/ROBERT T HYDE JR
1301 RIVERPLACE BLVD, STE 1500
JACKSONVILLE FL 32007

CREDITOR ID: 383162-99
WACHOVIA BANK, NA - SPEC ADVISOR
C/O BINGHAM MCCUTCHEN LLP
ATTN: ANTHONY J SMITS
ONE STATE STREET
HARTFORD CT 06103

CREDITOR ID: 278806-99
WACHOVIA BANK, NAT'L ASSOC
C/O OTTERBOURG STEINDLER ET AL
ATTN: DAN FIORELLO; JONATHAN HELFAT
JAROD M STERN; MELISSA HAGER
230 PARK AVE 29TH FL
NEW YORK NY 10169

CREDITOR ID: 407502-99
WACHTEL & MASYR LLP
ATTN: STEVE COHEN, GREG HABER
110 EAST 59TH STREET
NEW YORK NY 10022

CREDITOR ID: 278777-99
WACKENHUT CORPORATION, THE
C/O COZEN O'CONNOR
ATTN: NEAL D COLTON/ DAVID LIEBMAN
1900 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 408318-99
WARD AND SMITH PA
ATTN: J MICHAEL FIELDS
120 W FIRE TOWER ROAD
PO BOX 8088
GREENVILLE NC 27835-8088

CREDITOR ID: 278715-99
WARNER LAMBERT CONSUMER GROUP
ATTN: ANDY HELVESTON
400 WEST LINCOLN AVENUE
LITITZ PA 17543

CREDITOR ID: 381833-99
WATKINS LUDLAM WINTER & STENNIS PA
ATTN: KRISTINA M JOHNSON
633 N STATE STEET
PO BOX 427
JACKSON MS 39205-0427

CREDITOR ID: 397604-99
WD FLORENCE PORTFOLIO LP
C/O JENKENS & GILCHRIST PC
ATTN: MICHAEL S HELD, ESQ
1445 ROSS AVE, STE 3200
DALLAS TX 75202-2799

CREDITOR ID: 411026-99
WD GREEN COVE TRUST
RIKER DANZIG SCHERER ET AL
ATTN MORRISON/TILTON/SPONDER, ESQS
HEADQUARTERS PLAZA
ONE SPEEDWELL AVENUE
MORRISTOWN NJ 07962

CREDITOR ID: 2671-99
WEAVERS CORNER JT VENTURE
JOHN E. MUFSON, P.A.
JOHN E MUFSON, ESQ
2213 N UNIVERSITY DRIVE
PEMBROKE PINES FL 33024

CREDITOR ID: 2671-99
WEAVERS CORNER JT VENTURE
PO BOX 7388
WEST PALM BEACH, FL 33405-7388

CREDITOR ID: 407759-99
WEBBER COMMERCIAL PROPERTIES, LLC
C/O TRENAM KEMKER SCHARF ET AL
ATTN WILLIAM KNIGHT ZEWADSKI, ESQ
2700 BANK OF AMERICA PLAZA
PO BOX 1102
TAMPA FL 33601-1102

CREDITOR ID: 381752-99
WEBB'S SEAFOOD, INC
C/O JOHNSTON HARRIS GERDE ET AL
ATTN JERRY W GERDE, ESQ
239 E 4TH STREET
PANAMA CITY FL 32401

CREDITOR ID: 383153-99
WEISS SEROTA HELFMAN PASTORIZA ETAL
ATTN: DOUGLAS GONZALES
3107 STIRLING ROAD, STE 300
FORT LAUDERDALE FL 33312

EXHIBIT A - SERVICE LIST
U.S. Trustee, Counsel to Creditors Committee
and Parties on the Master Service List

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                                    **CASE:   05-03817-3F1**

CREDITOR ID: 381836-99
WESSLER, WILLIAM P
1624 24TH AVE
GULFPORT MS 39501

CREDITOR ID: 278779-99
WESTERN UNION FINANCIAL SRVS INC
C/O FRANK/GECKER LLP
ATTN: JOSEPH FRANK/MICAH KROHN
325 N LASALLE ST, STE 625
CHICAGO IL 60610

CREDITOR ID: 399412-99
WHITEMAN BANKES & CHEBOT LLP
ATTN: JEFFREY M CHEBOT, ESQ
STE 1300 - CONSTITUTION PLACE
325 CHESNUT STREET
PHILADELPHIA PA 19106

CREDITOR ID: 381869-99
WILLIAM F HARMEYER & ASSOC
ATTN: WILLIAM F HARMEYER
7322 SOUTHWEST FREEWAY, STE 475
HOUSTON TX 77074

CREDITOR ID: 383160-99
WILLIAMS MULLEN HOFHEIMER NUSBAUM
ATTN: PAUL BLILEY
1021 EAST GARY ST
PO BOX 1320
RICHMOND VA 23218-1320

CREDITOR ID: 383159-99
WILLIAMS MULLEN HOFHEIMER NUSBAUM
ATTN: DAVID GREER
999 WATERSIDE DR. STE 1700
PO BOX 3460
NORFOLK VA 23514-3460

CREDITOR ID: 452494-99
WILMINGTON TRUST CO, INDENTURE TTE
ATTN: MICHAEL W DIAZ, VP
1100 NORTH MARKET STREET
RODNEY SQUARE NORTH
WILMINGTON DE 19890

CREDITOR ID: 407485-99
WILMINGTON TRUST CO/WADE, WJ, TTEES
SOUTHLAND BIRMINGHAM WD DEL BUS TRU
C/O NEAL BERGER EISENBERG LLP
ATTN THOMAS C WOLFORD, ESQ
2 NORTH LASALLE ST, STE 2300
CHICAGO IL 60602

CREDITOR ID: 278998-99
WILMINGTON TRUST COMPANY
ATTN: STEVEN M CIMALORE
1100 N MARKET ST
RODNEY SQUARE NORTH
WILMINGTON DE 19890

CREDITOR ID: 278998-99
WILMINGTON TRUST COMPANY
C/O CURTIS MALLET-PREVOST COLT & MOSLE
ATTN STEVEN REISMAN/ANDREW  THAU
101 PARK AVENUE
NEW YORK NY 10178-0061

CREDITOR ID: 403543-99
WILMINGTON TRUST COMPANY
C/O BERGER SINGERMAN PA
ATTN: PAUL STEVEN SINGERMAN, ESQ
200 SOUTH BISCAYNE BLVD, STE 1000
MIAMI FL 33131-5308

CREDITOR ID: 388038-99
WILSON, MARK
603 SE 7 AVENUE
DEERFIELD BEACH, FL 33441

CREDITOR ID: 388038-99
WILSON, MARK
C/O COHEN AND COHEN, PA
ATTN KEITH A GOLDBLUM, ESQ
2525 N STATE RD 7 (441)
HOLLYWOOD FL 33021

CREDITOR ID: 452402-99
WINN-DIXIE TAMPA TRUST
C/O RIKER DANZIG SCHERER ET AL
V MORRISON, R TILTON & J SPONDER
HEADQUARTERS PLAZA
ONE SPEEDWELL AVENUE
MORRISTON NJ 07962

CREDITOR ID: 399427-99
WOLFF HILL MCFARLIN & HERRON PA
ATTN: DAVID MCFARLIN/KENNETH HERRON
1851 W COLONIAL DRIVE
ORLANDO FL 32804

CREDITOR ID: 407758-99
WOODLAND HARTFORD ASSOC LLC
C/O SOLOMON PEARL ET AL
ATTN JOEL M SHAFFERMAN, ESQ
40 WALL ST, 35TH FL
NEW YORK NY 10005

CREDITOR ID: 407758-99
WOODLAND HARTFORD ASSOC LLC
C/O SCHUYLER STEWART SMITH
ATTN: MICHAEL E CECIL
118 WEST ADAMS ST, #800
JACKSONVILLE FL 32202

CREDITOR ID: 457582-99
WORLD FITNESS
ATTN: CLIFF BLOCK
214 ST JAMES AVENUE
GOOSE CREEK SC 29445

CREDITOR ID: 405930-99
WTH, II, LLC
2405 WEST BROAD ST, STE 200
ATHENS GA 30606

CREDITOR ID: 405930-99
WTH, II, LLC
C/O MORGAN & MORGAN
ATTN LEE P MORGAN, ESQ
PO BOX 48359
ATHENS GA 30604

CREDITOR ID: 399404-99
WYATT TARRANT & COMBS LLP
ATTN: JOHN P BRICE
250 WEST MAIN ST, STE 1600
LEXINGTON KY 40507-1746

CREDITOR ID: 278714-99
WYETH CONSUMER HEALTHCARE
ATTN LARRY SANDERS, VP GLOBAL FINAN
PO BOX 75296
CHARLOTTE, NC 28275-5296

CREDITOR ID: 279408-99
XROADS SOLUTIONS GROUP LLC
ATTN: DENNIS SIMON
9 EXECUTIVE CIRCLE, SUITE 190
IRVINE, CA 92614

CREDITOR ID: 383147-99
ZUBI ADVERTISING SERVICES INC
C/O MARKOWITZ DAVIS RINGEL & TRUSTY
ATTN: JERYY MARKOWITZ/RACHEL RUBIO
9130 SO DADELAND BLVD, STE 1225
MIAMI FL 33156

**Total:   654**

# EXHIBIT B

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.*

BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

**BALLOT FOR CLASS 7 – AMSOUTH BANK COLLATERALIZED LETTER OF CREDIT CLAIM**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. ***Amount of Claim***. For purposes of voting to accept or reject the Plan, the undersigned holds a Class 7 AmSouth Bank Collateralized Letter of Credit Claim in the amount set forth below.

Item 2. ***Vote on Plan***. The undersigned hereby votes its Class 7 AmSouth Bank Collateralized Letter of Credit Claim as set forth in Item 1 to:

☐      ACCEPT (vote FOR) the Plan

☐      REJECT (vote AGAINST) the Plan

Item 3. ***Releases Pursuant to Plan.*** The undersigned understands that a vote to accept the Plan will operate to release any claims it may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4. ***Acknowledgments and Certification***. By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (i) it is the holder of an AmSouth Bank Collateralized Letter of Credit Claim or the authorized agent of such a holder and (ii) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.**
**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.**

Creditor Name & Address                                        Claim Amount:<br>
                                                                   Claim Number:

For Information Purposes Only

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**Please note that the Plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.**

**Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the <u>present or former directors, officers, or employees of any of the Debtors</u>, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.**

**This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.**

1.   This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2.   You are being permitted to vote even though your Claim is contingent. Your vote will be counted in the amount set forth at the bottom of the front side of this Ballot. If you desire to have your vote counted in a higher amount, you must obtain an order from the Bankruptcy Court permitting you to do so.

3.   After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

4.   **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5.   The Plan will be accepted by Class 7 if it is accepted by the holder of the Class 7 AmSouth Bank Collateralized Letter of Credit Claim. In the event that Class 7 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on the holder of the Class 7 AmSouth Bank Collateralized Letter of Credit Claim if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6.   You must vote all of your Claim within a single class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7.   **Your signature is required in order for your vote to be counted. <u>You are also required is provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u> If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.**

8.   This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9.   IF YOU RECEIVED A DAMAGED BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.*

BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**BALLOT FOR CLASS 8 – THRIVENT/LUTHERANS LEASEHOLD MORTGAGE CLAIM**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. *Amount of Claim*. For purposes of voting to accept or reject the Plan, the undersigned holds a Class 8 Thrivent/Lutherans Leasehold Mortgage Claim in the amount set forth below.

Item 2. *Vote on Plan*. The undersigned hereby votes its Class 8 Thrivent/Lutherans Leasehold Mortgage Claim as set forth in Item 1 to:

☐    ACCEPT (vote FOR) the Plan

☐    REJECT (vote AGAINST) the Plan

Item 3. *Releases Pursuant to Plan*. The undersigned understands that a vote to accept the Plan will operate to release any claims it may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4. *Acknowledgments and Certification*. By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (i) it is the holder of a Class 8 Thrivent/Lutherans Leasehold Mortgage Claim or the authorized agent of such a holder and (ii) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.**

Creditor Name & Address                                                    Claim Amount:
                                                                           Claim Number:

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**Please note that the Plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.**

**Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the present or former directors, officers, or employees of any of the Debtors, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.**

**This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.**

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount set forth at the bottom of the front side of this Ballot. If you desire to have your vote counted in a higher amount, you must obtain an order from the Bankruptcy Court permitting you to do so.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006 (THE "VOTING DEAD-LINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE AD-DRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 8 if it is accepted by the holder of the Class 8 Thrivent/Lutherans Leasehold Mortgage Claim. In the event that Class 8 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on the holder of the Class 8 Thrivent/Lutherans Leasehold Mortgage Claim if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote to be counted. You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.** If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. IF YOU RECEIVED A DAMAGED BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.*

BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**BALLOT FOR CLASS 9 – NCR PURCHASE MONEY SECURITY INTEREST CLAIM**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. *Amount of Claim*. For purposes of voting to accept or reject the Plan, the undersigned holds a Class 9 NCR Purchase Money Security Interest Claim in the amount set forth below.

Item 2. *Vote on Plan*. The undersigned hereby votes its Class 9 NCR Purchase Money Security Interest Claim as set forth in Item 1 to:

☐ ACCEPT (vote FOR) the Plan

☐ REJECT (vote AGAINST) the Plan

Item 3. *Releases Pursuant to Plan*. The undersigned understands that a vote to accept the Plan will operate to release any claims it may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4. *Acknowledgments and Certification*. By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (i) it is the holder of a Class 9 NCR Purchase Money Security Interest Claim or the authorized agent of such a holder and (ii) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.**
**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.**

|  |  |
|---|---|
| Creditor Name & Address | Claim Amount: |
|  | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn-Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

Please note that the Plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.

Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the <u>present or former directors, officers, or employees of any of the Debtors</u>, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount set forth at the bottom of the front side of this Ballot. If you desire to have your vote counted in a higher amount, you must obtain an order from the Bankruptcy Court permitting you to do so.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent") at the following address:

Logan & Company, Inc.
Attention: Winn-Dixie Stores, Inc.
546 Valley Road
Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006 (THE "VOTING DEAD-LINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE AD-DRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 9 if it is accepted by the holder of the Class 9 NCR Purchase Money Security Interest Claim. In the event that Class 9 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on the holder of the Class 9 NCR Purchase Money Security Interest Claim if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claims within a single class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote to be counted. <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u> If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.**

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. IF YOU RECEIVED A DAMAGED BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.*

<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.</u>

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

<u>**BALLOT FOR CLASS 10 – SECURED TAX CLAIMS**</u>

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. ***Amount of Claim***. For purposes of voting to accept or reject the Plan, the undersigned holds a Class 10 Secured Tax Claim in the amount set forth below.

Item 2. ***Vote on Plan***. The undersigned hereby votes its Class 10 Secured Tax Claim as set forth in Item 1 to:

☐      ACCEPT (vote FOR) the Plan

☐      REJECT (vote AGAINST) the Plan

Item 3. ***Releases Pursuant to Plan***. The undersigned understands that <u>a vote to accept the Plan</u> will operate to <u>release</u> any claims it may hold against <u>the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4. ***Acknowledgments and Certification***. By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (i) it is the holder of a Class 10 Secured Tax Claim or the authorized agent of such a holder and (ii) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME) ON SEPTEMBER 25, 2006.**

Creditor Name & Address                         Claim Amount:

                                               Claim Number:

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**Please note that the Plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.**

**Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the present or former directors, officers, or employees of any of the Debtors, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.**

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent") at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. Each Secured Tax Claim is deemed to be separately classified in a sub-class of Class 10. The vote of each sub-class will be separately counted. If your sub-class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Secured Tax Claims in Class 10 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the sub-class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan) and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single sub-class of Class 10 to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote to be counted. You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.** If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. IF YOU RECEIVED A DAMAGED BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.*

BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

### BALLOT FOR CLASS 11 – OTHER SECURED CLAIMS

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1.   *Amount of Claim*. For purposes of voting to accept or reject the Plan, the undersigned holds a Class 11 Other Secured Claim in the amount set forth below.

Item 2.   *Vote on Plan*. The undersigned hereby votes its Class 11 Other Secured Claim as set forth in Item 1 to:

☐   ACCEPT (vote FOR) the Plan

☐   REJECT (vote AGAINST) the Plan

Item 3.   *Releases Pursuant to Plan*. The undersigned understands that a vote to accept the Plan will operate to release any claims he/she/it may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4.   *Acknowledgments and Certification*. By signing and returning this Ballot, the undersigned hereby acknowledges that he/she/it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (i) he/she/it is the holder of a Class 11 Other Secured Claim or the authorized agent of such a holder and (ii) he/she/it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.**

**IF YOU RECEIVED A DAMAGED BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.**

| | |
|---|---|
| Creditor Name & Address | Claim Amount:<br>Claim Number: |

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn-Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

Please note that the Plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.

Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the <u>present or former directors, officers, or employees of any of the Debtors</u>, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent") at the following address: <u>Logan & Company, Inc., Attention: Winn-Dixie Stores, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043.</u>

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME) ON SEPTEMBER 25, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. Each Other Secured Claim is deemed to be separately classified in a sub-class of Class 11. The vote of each sub-class will be separately counted. If your sub-class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Other Secured Claims in Class 11 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the sub-class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single sub-class of Class 11 to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE SUB-CLASS OR CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

7. **Your signature is required in order for your vote to be counted. <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u> If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.**

8. Please note that although you are receiving this Ballot as the holder of an alleged Other Secured Claim in Class 11, the Debtors have not completed their review of the secured status of all Other Secured Claims. The Debtors may determine to object to the secured status of your Claim for the purpose of reclassifying it as an Unsecured Claim. If they do, and such objection is successful, your Claim may be an Unsecured Claim in Class 13, 14, 15, or 16 of the Plan. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14, 15, or 16 is entitled to elect via a Claim Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Claim Reduction Form must be received on or before September 25, 2006, at 4:00 p.m. (Eastern Time), by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Claim Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. To ensure that you are provided with the right to make the election even though your Claim is not now considered to be an Allowed Unsecured Claim, a Claim Reduction Form is included with this Ballot. The election will be effective only if you are determined to have an Allowed Unsecured Claim.

9. The Claim Reduction Form identifies the Plan Class that would be applicable to your Claim if it is reclassified as an Unsecured Claim. IF YOU BELIEVE THAT THE IDENTIFIED PLAN CLASS IS INCORRECT, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE SEPTEMBER 18, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." Your motion must identify the Plan Class in which you believe your Claim, if reclassified as an Unsecured Claim, would belong, as well as the basis for your belief. If the Debtors disagree, they will file an objection and schedule a hearing before the Bankruptcy Court, on notice to you. If the Debtors agree, they will file a consent, on notice to you. If you do not file a motion by September 18, 2006, and if your Claim is reclassified as an Unsecured Claim, the identified Plan Class will be binding on you.

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

**8.875% Notes due 2008**
**Cusip No. 974280-AB5**

### BENEFICIAL OWNER BALLOT FOR NOTEHOLDER CLAIMS IN CLASS 12

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Unless otherwise defined, capitalized terms used herein without definition have the meanings ascribed to them in the Plan.

This Beneficial Owner Ballot (the "Ballot") is being sent to you as the beneficial owner of notes (the "Beneficial Owner") issued pursuant to the Indenture dated December 26, 2000 (as amended, supplemented or otherwise modified) between Winn-Dixie Stores, Inc., as issuer, each of the guarantors, and the Indenture Trustee, which Indenture governs all obligations arising under or in connection with the 8.875% Senior Notes due 2008 (the "Notes"). As such, you are the holder of a Noteholder Claim under the Plan. The Plan classifies Noteholder Claims in Class 12.

The Plan will be accepted by Class 12 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Noteholder Claims in Class 12 that vote on the Plan. In the event that Class 12 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Noteholder Claims in Class 12 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and interests in the Debtors (including those who abstain from voting or reject the Plan, and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby. To have your vote count, you must timely complete and return this Ballot.

---

**IMPORTANT**

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND THE PLAN BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN. YOUR CLAIM HAS BEEN PLACED IN CLASS 12 UNDER THE PLAN. IF YOU HOLD CLAIMS IN MORE THAN ONE CLASS, YOU WILL RECEIVE A BALLOT FOR EACH CLASS IN WHICH YOU ARE ENTITLED TO VOTE.**

**PLEASE READ CAREFULLY AND FOLLOW THE ATTACHED INSTRUCTIONS FOR RETURNING YOUR BALLOT. THE VOTING DEADLINE BY WHICH YOUR VOTE MUST BE RECEIVED BY THE VOTING AGENT IS 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006, OR THE VOTES REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED. IF YOU HAVE ANY QUESTIONS, PLEASE CALL THE VOTING AGENT, LOGAN & COMPANY, INC. AT (973) 509-3190. IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR FINANCIAL INSTITUTION, PLEASE ALLOW SUFFICIENT TIME FOR YOUR FINANCIAL INSTITUTION TO PROCESS YOUR VOTE.**

---

Please note that you must vote the entire claim you hold to accept or reject the Plan. For purposes of tabulating the votes, you will be deemed to have voted the full amount of your claim in your vote. You may not split your vote. If you are submitting a vote with respect to any Notes that you own, you must vote all of your Notes in the same way (*i.e.*, all "Accepts" or all "Rejects"). To the extent that you are voting on behalf of the actual Beneficial Owner, you must provide the name and address of the Beneficial Owner on this Ballot and may be required to submit evidence to the Debtors and the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner <u>must</u> complete a separate Ballot for each owner.

You may receive multiple mailings containing Ballots, especially if you own your Notes through more than one bank, broker or other intermediary or agent thereof (each, a "Nominee"). You should vote each Ballot that you receive for all of the Notes that you beneficially own through each Nominee.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Item 1. Face Amount Of Noteholder Claims.** The undersigned hereby certifies that as of August 1, 2006, the voting record date (the "Record Date"), the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes in the following aggregate unpaid principal amount (insert amount in box below). **(If your Notes are held by a Nominee on your behalf and you do not know the amount, please contact your Nominee immediately.)**

> $

**Item 2.  Vote On Plan. (Please check one.)**

The undersigned:  ☐  ACCEPTS (votes FOR) the Plan.

                          ☐  REJECTS (votes AGAINST) the Plan.

**Item 3.  Releases Pursuant To Plan.** The undersigned understands that a vote to accept the Plan will operate to release any claims it may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' Business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

**Item 4.  Certification As To Notes Held In Additional Accounts**. By signing and returning this Ballot, the undersigned certifies that either (a) it has not submitted any other Ballots for Notes held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Notes for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED
BALLOTS FOR THE NOTES OTHER THAN ON THIS BALLOT**

| Name of Beneficial Holder<br><br>(Insert your name if Notes are held by you in record name or, if held in street name, insert name of Nominee) | Account Number<br>(if applicable) | Principal Amount of<br>Other Notes Voted |
|---|---|---|
|  |  | $ |
|  |  | $ |
|  |  | $ |

**Item 5.  Authorization.**  By returning this Ballot, the undersigned hereby certifies that it either (a) was on the Record Date, the registered or record holder *and* the Beneficial Owner of the Notes to which this Ballot pertains and is sending this Ballot directly to the Voting Agent **or** (b) if this Ballot was prevalidated by the Nominee holder, was on the Record Date, the Beneficial Owner of the Notes, but *not* the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Voting Agent, **or** (c) was on the Record Date the Beneficial Owner of the Notes, but *not* the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of, the undersigned with respect to, the Notes to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver such Master Ballot to the Voting Agent.

The undersigned further certifies that it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Holder: _____

(Print or Type)

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Name of Signatory: _____

(If Other than Holder)

Title (if corporation, partnership or LLC): _____

(If Appropriate)

Street Address: _____

City, State, Zip Code: _____

Telephone Number:  (    ) _____

Date Completed: _____

The Debtors expressly reserve the right to extend, by oral or written notice to the Voting Agent, the Voting Deadline until properly completed Ballots and Master Ballots (that are not subsequently revoked) indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by Section 1126 of the Bankruptcy Code have been received.

## INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL OWNER BALLOT

The Debtors are soliciting your vote on the Plan described in and attached as Appendix A to the Disclosure Statement accompanying this Ballot.  Please review the Disclosure Statement and Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein without definition have the meanings ascribed to them in the Plan.

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

Please note that the plan contains certain release, injunction, and exculpation provisions.  The provisions are found at Sections 12.11 through 12.15 of the Plan.

Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the present or former directors, officers, or employees of any of the Debtors, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity or amount of any claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. DO NOT SUBMIT NOTES OR CERTIFICATES REPRESENTING NOTES WITH THIS BALLOT. Neither the Debtors nor the Voting Agent will accept delivery of any Notes or certificates surrendered together with this Ballot.

To ensure your vote is counted, you must complete, sign and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope provided. **Unsigned ballots will not be counted.** Ballots and Master Ballots must be received by the Voting Agent, Logan & Company, Inc. by 4:00 p.m. (Eastern Time), on September 25, 2006, (the "Voting Deadline"). If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Voting Agent by the Voting Deadline. If a Ballot is received after the Voting Deadline, it will not be counted. Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot or Master Ballot is actually received by the Voting Agent. In all cases, sufficient time should be allowed to assure timely delivery. Delivery of a Ballot by facsimile, e-mail or any other electronic means will not be accepted. No Ballot should be sent to the Debtors, any indenture trustee, or any financial or legal advisor of the Debtors.

**If you believe that you have received the wrong Ballot, please contact the Voting Agent, Logan & Company, Inc., at (973) 509-3190, or your Nominee immediately.**

To complete this Ballot properly, take the following steps:

(a) Make sure that the information required by Item 1 has been inserted. If you do not know the face amount of your Notes, please contact your Nominee or the Voting Agent immediately.

(b) Cast your vote either to accept or reject the Plan by checking the proper box in Item 2. Ballots of holders of Notes that are signed and returned but not expressly voted for acceptance or rejection of the Plan, will not be counted.

(c) Read Item 3 carefully.

(d) Provide the information required by Item 4, if applicable to you.

(e) Read Item 5 carefully.

(f) Sign and date this Ballot. (Applicable only if this Ballot has *not* been signed or "prevalidated" by your Nominee).

(g) If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(h) Provide your name and mailing address (i) if different from the printed address that appears on the Ballot or (ii) if no pre-printed address appears on the Ballot.

(i) Return this Ballot using the enclosed return envelope.

<u>PLEASE MAIL THIS BALLOT PROMPTLY.</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES PLEASE CALL THE VOTING AGENT AT (973) 509-3190.**

UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**8.875% Notes due 2008**
**Cusip No. 974280-AB5**

<u>**MASTER BALLOT FOR RECORD HOLDERS OF NOTEHOLDER CLAIMS IN CLASS 12**</u>

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Unless otherwise defined, capitalized terms used herein without definition have the meanings ascribed to them in the Plan.

This Master Ballot is being sent to registered or record holders, and banks, brokers and other nominees, of beneficial owners of notes (the "Beneficial Owners") issued pursuant to the Indenture dated December 26, 2000 (as amended, supplemented or otherwise modified) between Winn-Dixie Stores, Inc., as issuer, each of the guarantors, and the Indenture Trustee, which Indenture governs all obligations arising under or in connection with the 8.875% Senior Notes due 2008 (the "Notes"). Claims arising from or related to the Notes are Noteholder Claims under the Plan and are classified in Class 12 of the Plan.

You are required to deliver a Beneficial Owner Ballot to each Beneficial Owner for whom you hold Notes along with the Disclosure Statement and other materials requested to be forwarded, and take any action required to enable such Beneficial Owner to timely vote its Notes to accept or reject the Plan. With regard to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the Notes and (2) forward this Master Ballot to the Voting Agent. If you are both the registered or record holder <u>and</u> Beneficial Owner of any Notes and you wish to vote such Notes, you may complete a Beneficial Owner Ballot or this Master Ballot.

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT SO THAT IT IS RECEIVED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006 (THE "VOTING DEADLINE"), BY THE VOTING AGENT, LOGAN & COMPANY, INC., ATTENTION: WINN-DIXIE STORES, INC., 546 VALLEY ROAD, UPPER MONTCLAIR, NEW JERSEY 07043, TELEPHONE: (973) 509-3190, FAX: (973) 509-3191. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED AND TIMELY RECEIVED BY THE VOTING DEADLINE, THE VOTES TRANSMITTED HEREBY WILL *NOT* BE COUNTED.**

**Item 1. Certification Of Authority To Vote.** The undersigned certifies that as of August 1, 2006, the voting record date (the "Record Date"), the undersigned (please check applicable box):

☐     Is a bank, broker or other nominee for the Beneficial Owners of the aggregate principal amount of Notes listed in Item 2 below, and is the registered holder of such securities, or

☐     Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a bank, broker or other nominee that is the registered holder of the aggregate principal amount of Notes listed in Item 2 below, or

☐     Has been granted a proxy (an original of which is annexed hereto) from a bank, broker, other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Notes listed in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Notes described in Item 2.

**Item 2.  Noteholder Claims (Class 12) Vote On Plan -- Number Of Beneficial Owners.**  The undersigned certifies that the following Beneficial Owners of Notes, as identified by their respective customer account numbers or the respective sequence numbers set forth below, have delivered to the undersigned Beneficial Owner Ballots casting votes (indicate the aggregate face amount for each respective account under the appropriate column) (please use additional sheets of paper if necessary):

| Customer Name and/or Account Number for Each Beneficial Owner of Notes | Face Amount of Notes In order to vote on the Plan, the Beneficial Owner must have checked a box in Item 2 on the Beneficial Owner Ballot to ACCEPT or REJECT the Plan.  Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, please do not enter any vote in this column | |
|---|---|---|
| | To Accept (For) the Plan | To Reject (Against) the Plan |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| TOTALS | $ | $ |

Please note that each Beneficial Owner of Notes who votes must vote all the Notes owned by such Beneficial Owner. For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of Notes owned by such Beneficial Owner according to your records.  A beneficial owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Plan may not be counted.

**Item 3.  Additional Ballots Submitted By Beneficial Owners.**  The undersigned certifies that it has transcribed below the information, if any, provided in Item 3 of each Beneficial Owner Ballot received from a Beneficial Owner:

| Your Customer Name and/or Account Number for each Beneficial Owner of Notes | TRANSCRIBE FROM ITEM 4 OF BENEFICIAL OWNER BALLOT | | |
|---|---|---|---|
| | Name of Holder | Account Number (if applicable) | Principal Amount of Other Notes Voted |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |
| 5. | | | $ |

**Item 4.  Releases Pursuant To Plan.**  The undersigned understands that a vote to accept the Plan will operate to release any claims the voter may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.  The release is contained in Section 12.12(b) of the Plan.  The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

**Item 5. Execution.** By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Disclosure Statement (including the exhibits thereto). The undersigned also acknowledges that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

| |
|---|
| Name of Bank, Broker or Other Nominee: |
| (Print or Type) |
| Name of Proxy holder or Agent for Bank, Broker or Other Nominee: |
| (Print or Type) |
| Social Security or Federal Tax I.D. No.: _____ |
| (If Applicable) |
| Signature: _____ |
| By: _____ |
| (If Appropriate) |
| Title: _____ |
| (If Appropriate) |
| Street Address: _____ |
| City, State, Zip Code: _____ |
| Telephone Number: ( ) |
| Date Completed: _____ |
| Participant Number: _____ |

---

**VOTING DEADLINE**
THIS MASTER BALLOT MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006, BY THE VOTING AGENT, LOGAN & COMPANY, INC., ATTENTION: WINN-DIXIE STORES, INC., 546 VALLEY ROAD, UPPER MONTCLAIR, NEW JERSEY 07043, TELEPHONE: (973) 509-3190, FAX: (973) 509-3191, OR YOUR CUSTOMERS' VOTES WILL NOT BE COUNTED.

---

**ADDITIONAL INFORMATION**
IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS MASTER BALLOT, THE BENEFICIAL OWNER BALLOT OR THE OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT, LOGAN & COMPANY, INC., TELEPHONE: (973) 509-3190.

## INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT

The Debtors are soliciting your customers' votes on the Plan, described in and annexed as Exhibit A to the Disclosure Statement accompanying this Master Ballot. Please review the Disclosure Statement and Plan carefully before you complete this Master Ballot. Unless otherwise defined, capitalized terms used herein without definition have the meanings ascribed to them in the Plan.

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**Please note that the plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.**

**Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the present or former directors, officers, or employees of any of the Debtors, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.**

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign and return this Master Ballot so that it is RECEIVED by the Voting Agent, Logan & Company, Inc. by 4:00 p.m. (Eastern Time), on September 25, 2006. **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

1. If you are both the registered or record holder **and the** beneficial owner of any Notes and you wish to vote such Notes, you may complete a Beneficial Owner Ballot or a Master Ballot.

2. If you are transmitting the votes of any Beneficial Owners of Notes other than yourself, you may *either:*

(a)    Deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold Notes, along with the Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package") and a return envelope addressed to you, and take any action required to enable each such Beneficial Owner to (i) complete and execute such Beneficial Owner Ballot with a vote to accept or reject the Plan and (ii) return the completed, executed Beneficial Owner Ballot **to you** in sufficient time to enable you to complete this Master Ballot and deliver it to the Voting Agent **prior to** the Voting Deadline; **or**

(b)    Prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Beneficial Owner Ballot and by indicating on that Beneficial Owner Ballot the record holder of the Notes voted, the principal amount and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the Notes for voting so that the Beneficial Owner may return the completed Ballot directly to the Voting Agent in the return envelope provided in the Solicitation Package. With regard to any Beneficial Owner Ballots returned to you, you must (i) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Notes and (ii) forward this Master Ballot to the Voting Agent.

3.   To complete this Master Ballot properly, take the following steps:

(a)    Vote to accept (for) or reject (against) the Plan in Item 2 for the Notes held by you as the nominee or proxy holder on behalf of the nominee or the Beneficial Owners.

(b)    Provide appropriate information for each of the items on this Master Ballot. Please note that Item 2 requests information for each individual Beneficial Owner for whom you are voting Notes in your name. If you are unable to disclose the identity of such Beneficial Owners, please use the customer account number assigned by you to each such Beneficial Owner or, if no such customer account number exists, please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and his or her assigned sequential number).

(c)    Fill in the information requested in Item 3 for each Beneficial Owner that completed Item 4 of the Beneficial Owner Ballot, if applicable.

(d)    Read Items 4 and 5 carefully.

(e)     Sign and date this Master Ballot.

(f)     Provide your name and mailing address.

(g)     Deliver this Master Ballot to the Voting Agent by the Voting Deadline.

**PLEASE NOTE:**

**No Beneficial Owner Ballot or Master Ballot shall constitute or be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity or amount of any claim.**

**This Master Ballot is** *not* **a letter of transmittal and may** *not* **be used for any other purpose than to cast votes to accept or reject the Plan.**

No fees or commissions or other remuneration will be payable to any registered or record holder, bank, broker or other nominee, or any other person, for soliciting Beneficial Owner Ballots accepting the Plan. The Debtors will, however, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.

The Debtors expressly reserve the right to extend, by oral or written notice to the Voting Agent, the Voting Deadline until properly completed Beneficial Owner Ballots and Master Ballots (that are not subsequently revoked) indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by Section 1126 of the Bankruptcy Code have been received.

---

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL BE DEEMED TO CONSTITUTE YOU OR ANY OTHER PERSON AS AN AGENT OF THE DEBTORS OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DOCUMENTS ENCLOSED HEREWITH.**

---

For Informational Purposes Only

*VOTING DEADLINE: THIS BALLOT MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.*

BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

## BALLOT FOR CLASS 13 – LANDLORD CLAIMS

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. **Amount of Claim**. For purposes of voting to accept or reject the Plan, the undersigned holds a Class 13 Landlord Claim in the amount set forth below.

Item 2. **Vote on Plan**. The undersigned hereby votes its Class 13 Landlord Claim as set forth in Item 1 to:

☐ ACCEPT (vote FOR) the Plan

☐ REJECT (vote AGAINST) the Plan

Item 3. **Releases Pursuant to Plan**. The undersigned understands that a vote to accept the Plan will operate to release any claims he/she/it may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4. **Acknowledgments and Certification**. By signing and returning this Ballot, the undersigned hereby acknowledges that he/she/it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (a) he/she/it is the holder of a Class 13 Landlord Claim or the authorized agent of such a holder and (b) he/she/it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.**

**IF YOU BELIEVE YOUR CLAIM HAS BEEN INCORRECTLY DETERMINED TO BE A CLASS 13 LANDLORD CLAIM, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE SEPTEMBER 18, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." YOUR MOTION MUST IDENTIFY THE PLAN CLASS IN WHICH YOU BELIEVE YOUR CLAIM BELONGS AND THE BASIS FOR YOUR BELIEF. IF THE DEBTORS DISAGREE, THEY WILL FILE AN OBJECTION AND SCHEDULE A HEARING BEFORE THE BANKRUPTCY COURT, ON NOTICE TO YOU. IF THE DEBTORS AGREE, THEY WILL FILE A CONSENT, ON NOTICE TO YOU. IF YOU DO NOT FILE A MOTION BY SEPTEMBER 18, 2006, YOUR CLAIM WILL BE TREATED FOR ALL PURPOSES AS A CLASS 13 LANDLORD CLAIM.**

| | |
|---|---|
| Creditor Name & Address | Claim Amount:<br>Claim Number: |

INSTRUCTIONS FOR COMPLETING THIS BALLOT

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

Please note that the Plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.

Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the <u>present or former directors, officers, or employees of any of the Debtors</u>, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address: Logan & Company, Inc., Attention: Winn-Dixie Stores, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043.

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 13 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Landlord Claims in Class 13 that vote on the Plan. In the event that Class 13 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on all holders of Landlord Claims in Class 13 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote and your election to be counted. You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.** If the Claim(s) voted with this Ballot are held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Landlord Claim in Class 13 is entitled to elect via a Claim Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for Class 13, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Claim Reduction Form must be received on or before September 25, 2006, at 4:00 p.m. (Eastern Time), by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Claim Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. A Claim Reduction Form is included with this Ballot.

10. IF YOU RECEIVED A DAMAGED BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.*

<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.</u>

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### <u>BALLOT FOR CLASS 14 – VENDOR/SUPPLIER CLAIMS</u>

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1.  **Amount of Claim**.  For purposes of voting to accept or reject the Plan, the undersigned holds a Class 14 Vendor/Supplier Claim in the amount set forth below.

Item 2.  **Vote on Plan**.  The undersigned hereby votes its Class 14 Vendor/Supplier Claim as set forth in Item 1 to:

☐        ACCEPT (vote FOR) the Plan

☐        REJECT (vote AGAINST) the Plan

Item 3.  **Releases Pursuant to Plan**.  The undersigned understands that <u>a vote to accept the Plan</u> will operate to <u>release</u> any claims he/she/it may hold against <u>the present or former directors, officers, or employees of any of the Debtors</u>, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4.  **Acknowledgments and Certification**.  By signing and returning this Ballot, the undersigned hereby acknowledges that he/she/it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (a) he/she/it is the holder of a Class 14 Vendor/Supplier Claim or the authorized agent of such a holder and (b) he/she/it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME) ON SEPTEMBER 25, 2006.**

**IF YOU BELIEVE YOUR CLAIM HAS BEEN INCORRECTLY DETERMINED TO BE A CLASS 14 VENDOR/SUPPLIER CLAIM, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE SEPTEMBER 18, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." YOUR MOTION MUST IDENTIFY THE PLAN CLASS IN WHICH YOU BELIEVE YOUR CLAIM BELONGS AND THE BASIS FOR YOUR BELIEF. IF THE DEBTORS DISAGREE, THEY WILL FILE AN OBJECTION AND SCHEDULE A HEARING BEFORE THE BANKRUPTCY COURT, ON NOTICE TO YOU. IF THE DEBTORS AGREE, THEY WILL FILE A CONSENT ON NOTICE TO YOU. IF YOU DO NOT FILE A MOTION BY SEPTEMBER 18, 2006, YOUR CLAIM WILL BE TREATED FOR ALL PURPOSES AS A CLASS 14 VENDOR/SUPPLIER CLAIM.**

Creditor Name & Address                                    Claim Amount:

                                                            Claim Number:

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn-Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

Please note that the Plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.

Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the <u>present or former directors, officers, or employees of any of the Debtors</u>, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or undisputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address: Logan & Company, Inc., Attention: Winn-Dixie Stores, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043.

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006 (THE "VOTING DEAD-LINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE AD-DRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 14 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Vendor/Supplier Claims in Class 14 that vote on the Plan. In the event that Class 14 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Vendor/Supplier Claims in Class 14 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote and your election to be counted. <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u>** If the Claim(s) voted with this Ballot are held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Vendor/Supplier Claim in Class 14 is entitled to elect via a Claim Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for Class 14, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Claim Reduction Form must be received on or before September 25, 2006, at 4:00 p.m. (Eastern Time), by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Claim Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. A Claim Reduction Form is included with this Ballot.

10. IF YOU RECEIVED A DAMAGED BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.*

<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.</u>

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

<u>**BALLOT FOR CLASS 15 – RETIREMENT PLAN CLAIMS**</u>

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. ***Amount of Claim***. For purposes of voting to accept or reject the Plan, the undersigned holds a Class 15 Retirement Plan Claim in the amount set forth below.

Item 2. ***Vote on Plan***. The undersigned hereby votes its Class 15 Retirement Plan Claim as set forth in Item 1 to:

☐ ACCEPT (vote FOR) the Plan

☐ REJECT (vote AGAINST) the Plan

Item 3. ***Releases Pursuant to Plan***. The undersigned understands that <u>a vote to accept the Plan</u> will operate to <u>release</u> any claims he/she/it may hold against <u>the present or former directors, officers, or employees of any of the Debtors</u>, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.9 through 12.15 of the Plan.

Item 4. ***Acknowledgments and Certification***. By signing and returning this Ballot, the undersigned hereby acknowledges that he/she/it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (a) he/she/it is the holder of a Class 15 Retirement Plan Claim or the authorized agent of such a holder and (b) he/she/it has full power and authority to vote to accept or reject the Plan.

Signature: _____

Name of claimant (print/type): _____

Name and title of signatory: _____

If signed by authorized agent, name and title of agent: _____

Federal tax I.D. or social security number of claimant: _____

Telephone number: _____

Dated: _____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.**

**IF YOU BELIEVE YOUR CLAIM HAS BEEN INCORRECTLY DETERMINED TO BE A CLASS 15 RETIREMENT PLAN CLAIM, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE SEPTEMBER 18, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." YOUR MOTION MUST IDENTIFY THE PLAN CLASS IN WHICH YOU BELIEVE YOUR CLAIM BELONGS AND THE BASIS FOR YOUR BELIEF. IF THE DEBTORS DISAGREE, THEY WILL FILE AN OBJECTION AND SCHEDULE A HEARING BEFORE THE BANKRUPTCY COURT, ON NOTICE TO YOU. IF THE DEBTORS AGREE, THEY WILL FILE A CONSENT, ON NOTICE TO YOU. IF YOU DO NOT FILE A MOTION BY SEPTEMBER 18, 2006, YOUR CLAIM WILL BE TREATED FOR ALL PURPOSES AS A CLASS 15 RETIREMENT PLAN CLAIM.**

| Creditor Name & Address | Claim Amount: |
|---|---|
| | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**Please note that the Plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.**

**Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the <u>present or former directors, officers, or employees of any of the Debtors</u>, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.**

**This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.**

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. That amount is set forth at the bottom of the front side of this Ballot. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. If your Claim is based on the MSP, you may have an MSP Death Benefit Claim that will be separately treated under the Plan. It will be necessary to bifurcate the amount of your Claim between a Retirement Plan Claim and an MSP Death Benefit Claim. In addition, if you received any MSP or SRP payments during the Chapter 11 Case, it will be necessary to reduce the amount of your Claim by the amount of those payments. The Debtors will be filing an objection to your Claim for the purpose of bifurcating and/or reducing it. You will receive notice of the objection and an opportunity to respond. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address: <u>Logan & Company, Inc., Attention: Winn-Dixie Stores, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043.</u>

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006 (THE "VOTING DEAD-LINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 15 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Retirement Plan Claims in Class 15 that vote on the Plan. In the event that Class 15 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Retirement Plan Claims in Class 15 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote and your election to be counted. <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u> If the Claim(s) voted with this Ballot are held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.**

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Retirement Plan Claim in Class 15 is entitled to elect via a Claim Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for Class 15, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Claim Reduction Form must be received on or before September 25, 2006, at 4:00 p.m. (Eastern Time), by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Claim Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. A Claim Reduction Form is included with this Ballot.

10. IF YOU RECEIVED A DAMAGED BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.*

<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.</u>

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

### <u>BALLOT FOR CLASS 16 – OTHER UNSECURED CLAIMS</u>

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. ***Amount of Claim***. For purposes of voting to accept or reject the Plan, the undersigned holds a Class 16 Other Unsecured Claims in the amount set forth below.

Item 2. ***Vote on Plan***. The undersigned hereby votes its Class 16 Other Unsecured Claim as set forth in Item 1 to:

☐ ACCEPT (vote FOR) the Plan

☐ REJECT (vote AGAINST) the Plan

Item 3. ***Releases Pursuant to Plan***. The undersigned understands that <u>a vote to accept the Plan</u> will operate to <u>release</u> any claims he/she/it may hold against <u>the present or former directors, officers, or employees of any of the Debtors</u>, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4. ***Acknowledgments and Certification***. By signing and returning this Ballot, the undersigned hereby acknowledges that he/she/it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (a) he/she/it is the holder of a Class 16 Other Unsecured Claim or the authorized agent of such a holder and (b) he/she/it has full power and authority to vote to accept or reject the Plan.

Signature: _____

Name of claimant (print/type): _____

Name and title of signatory: _____

If signed by authorized agent, name and title of agent: _____

Federal tax I.D. or social security number of claimant: _____

Telephone number: _____

Dated: _____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.**

**IF YOU BELIEVE YOUR CLAIM HAS BEEN INCORRECTLY DETERMINED TO BE A CLASS 16 OTHER UNSECURED CLAIM, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE SEPTEMBER 18, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." YOUR MOTION MUST IDENTIFY THE PLAN CLASS IN WHICH YOU BELIEVE YOUR CLAIM BELONGS AND THE BASIS FOR YOUR BELIEF. IF THE DEBTORS DISAGREE, THEY WILL FILE AN OBJECTION AND SCHEDULE A HEARING BEFORE THE BANKRUPTCY COURT, ON NOTICE TO YOU. IF THE DEBTORS AGREE, THEY WILL FILE A CONSENT, ON NOTICE TO YOU. IF YOU DO NOT FILE A MOTION BY SEPTEMBER 18, 2006, YOUR CLAIM WILL BE TREATED FOR ALL PURPOSES AS A CLASS 16 OTHER UNSECURED CLAIM.**

| | |
|---|---|
| Creditor Name & Address | Claim Amount: |
| | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**Please note that the Plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.**

**Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the present or former directors, officers, or employees of any of the Debtors, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.**

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent") at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey  07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 16 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Other Unsecured Claims in Class 16 that vote on the Plan. In the event that Class 16 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Other Unsecured Claims in Class 16 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claims within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote and your election to be counted.** **You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.** If the Claim(s) voted with this Ballot are held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Other Unsecured Claim in Class 16 is entitled to elect via a Claim Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for Class 16, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Claim Reduction Form must be received on or before September 25, 2006, at 4:00 p.m. (Eastern Time), by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Claim Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. A Claim Reduction Form is included with this Ballot.

10. IF YOU RECEIVED A DAMAGED BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), SEPTEMBER 25, 2006.*

BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.

### UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

### BALLOT FOR CLASS 17 – SMALL CLAIMS

    Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. et al., Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side.  If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190.  Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

    Item 1.    ***Amount of Claim***.  For purposes of voting to accept or reject the Plan, the undersigned holds a Class 17 Small Claim in the amount set forth below.

    Item 2.    ***Vote on Plan***.  The undersigned hereby votes its Class 17 Small Claim as set forth in Item 1 (or):

    ☐    ACCEPT (vote FOR) the Plan

    ☐    REJECT (vote AGAINST)  the Plan

    Item 3.    ***Releases Pursuant to Plan***.  The undersigned understands that a vote to accept the Plan will operate to release any claims he/she/it may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.  The release is contained in Section 12.12(b) of the Plan.  The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

    Item 4.    ***Acknowledgments and Certification***.  By signing and returning this Ballot, the undersigned hereby acknowledges that he/she/it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.  The undersigned certifies that (i) he/she/it is the holder of a Class 17 Small Claim or the authorized agent of such a holder and (ii) he/she/it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

    **PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.**

Creditor Name & Address                                  Claim Amount:

                                                            Claim Number:

For Informational Purposes

INSTRUCTIONS FOR COMPLETING THIS BALLOT

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

Please note that the Plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.

Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the <u>present or former directors, officers, or employees of any of the Debtors</u>, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

Logan & Company, Inc.
Attention: Winn-Dixie Stores, Inc.
546 Valley Road
Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006 (THE "VOTING DEAD-LINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE AD-DRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 17 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Small Claims in Class 17 that vote on the Plan. In the event that Class 17 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Small Claims in Class 17 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. Your <u>signature</u> is required in order for your vote to be counted. <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u> If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE SUB-CLASS OR CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. IF YOU RECEIVED A DAMAGED BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

### CLAIM REDUCTION FORM

**TO HOLDERS OR POTENTIAL HOLDERS OF ALLOWED LANDLORD CLAIMS IN CLASS 13, ALLOWED VENDOR/SUPPLIER CLAIMS IN CLASS 14, ALLOWED RETIREMENT PLAN CLAIMS IN CLASS 15, and ALLOWED OTHER UNSECURED CLAIMS IN CLASS 16.**

**PLEASE TAKE NOTICE THAT:**

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"). Capitalized terms used herein without definition have the meanings provided in the Plan. In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures, and forms applicable to the process of soliciting votes on the Plan, providing notice of the Plan, and making necessary elections with respect to the Plan, (b) approving vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

The Solicitation Procedures Order approved this Claim Reduction Form for use by holders or potential holders of Allowed Landlord Claims, Allowed Vendor/Supplier Claims, Allowed Retirement Plan Claims, and Allowed Other Unsecured Claims, on a first come-first serve basis, who desire to elect to **reduce their Allowed Claims to $3,000** and **receive a discounted Cash payment in the amount of $2,010 (67% of $3,000)**, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of their Allowed Claims. Under the Plan, the aggregate Cash amount payable on account of Claim Reduction Forms is limited to $1 million. Depending on the number of Claim Reduction Forms received, and the amount of Allowed Claims subject to such Claim Reduction Forms, $1 million may not be sufficient to provide discounted Cash payments to all electing holders. In that event, the Claim Reduction Forms will be accepted on a first come-first serve basis. Any Claim Reduction Forms received after the $1 million has been allocated to earlier received Claim Reduction Forms will be rejected, and the holders of Allowed Claims subject to the later received Claim Reduction Forms will receive New Common Stock as provided for in the Plan. Subject to the limited availability of funds, this Claim Reduction Form must be completed and returned on or before **September 25, 2006, at 4:00 p.m. (Eastern Time)**.

**Please refer to the instructions for completing this Claim Reduction Form on the reverse side.** If you have any questions about how to properly complete this Claim Reduction Form, please call Logan & Company, Inc. at (973) 509-3190.

**Item 1.  Election.** By signing and returning this Claim Reduction Form, the undersigned hereby elects to reduce his/her/its Allowed Claim to $3,000 and to receive a Cash payment in the amount of $2,010, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of such Claim.

**Item 2.  Claim Ownership.** By signing and returning this Claim Reduction Form, the undersigned hereby certifies that it owns the Claim that is the subject of this Claim Reduction Form. If such Claim is sold or transferred in the future, the buyer or transferee will be bound by this Claim Reduction Form, and the undersigned will so inform the buyer or transferee.

**Item 3.  Acknowledgments and Certification.** By signing and returning this Claim Reduction Form, the undersigned hereby acknowledges that the reduction election is subject to all terms and conditions set forth in the Disclosure Statement and the Plan. The undersigned certifies that he/she/it has full power and authority to make the reduction election.

Signature:_____

Name of claimant (print/type):_____

Address of Claimant (if other than the address to which this form was mailed):_____

_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____   Facsimile number:_____

E-mail address:_____   Dated:_____

**PLEASE COMPLETE, SIGN, AND DATE THIS CLAIM REDUCTION FORM AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER TO LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE, ON OR BEFORE SEPTEMBER 25, 2006.**

IF YOUR CLAIM IS DETERMINED TO BE AN UNSECURED CLAIM, YOUR CLAIM WOULD BE IN THE FOLLOWING PLAN CLASS:

SEE PARAGRAPH 9 ON THE REVERSE SIDE OF THIS FORM.

Creditor Name & Address

Claim Amount:
Claim Number:

### INSTRUCTIONS FOR COMPLETING THIS CLAIM REDUCTION FORM

1.      This Claim Reduction Form is provided to holders or potential holders of Allowed Landlord Claims, Allowed Vendor/Supplier Claims, Allowed Retirement Plan Claims, and Allowed Other Unsecured Claims for the purpose of allowing a treatment election under the Plan.

2.      A copy of the Plan and its accompanying Disclosure Statement if not included herewith may be obtained at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190, E-mail: winninfo@loganandco.com. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING AND RETURNING THIS CLAIM REDUCTION FORM.**

3.      This Claim Reduction Form if properly completed and timely returned constitutes an election to reduce your Allowed Claim to $3,000 and receive a discounted Cash payment of $2,010 on account of your Allowed Claim, as provided in the Plan, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of such Claim.

4.      In order to exercise your election, you must complete, sign, and return this Claim Reduction Form by mail, overnight courier, or hand delivery to Logan & Company, Inc. (the "Claims Agent"), at the following address:

> Logan & Company, Inc.
> Attn: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

5.      SUBJECT TO THE LIMITED AVAILABILITY OF FUNDS, CLAIM REDUCTION FORMS MUST BE RECEIVED BY SEPTEMBER 25, 2006, AT 4:00 P.M. (EASTERN TIME). CLAIM REDUCTION FORMS RECEIVED AFTER AVAILABLE FUNDS ARE EXHAUSTED OR AFTER SEPTEMBER 25, 2006 WILL BE REJECTED. THE CLAIMS AGENT WILL NOT ACCEPT CLAIM REDUCTION FORMS BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION.

6.      **If you desire to receive New Common Stock as provided in the Plan, do not complete and return this Claim Reduction Form.** This Claim Reduction Form should be used only by holders or potential holders of Allowed Landlord Claims, Allowed Vendor/Supplier Claims, Allowed Retirement Plan Claims, or Allowed Other Unsecured Claims who desire to reduce their Allowed Claims to $3,000 and receive a discounted Cash payment of $2,010. Any such holder or potential holder who fails to properly or timely make the election as provided herein will receive New Common Stock as provided in the Plan to the extent such holder's Claim is an Allowed Claim.

7.      Your signature is required in order for your reduction election to be valid. You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan. If the Claim is held by a partnership, this Claim Reduction Form should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Claim Reduction Form must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8.      You may be receiving this Claim Reduction Form even though your Claim is not currently considered to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim. If you have asserted administrative, priority, or secured status in your proof of claim, or if your Claim is contingent, unliquidated, or disputed, or if you are a party to a contract or lease that may be rejected, you may have received a notice or ballot applicable to holders of Administrative Claims, Priority Tax Claims, Other Priority Claims, or Other Secured Claims, or to holders of contingent, unliquidated, or disputed Claims, or to contract and lease parties. As stated on such notice or ballot, your Claim may ultimately be determined to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim. To ensure that you are provided with the right to make the reduction election even though your Claim may not currently be considered to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim, you are receiving this Claim Reduction Form at this time. If your Claim is not determined to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim, any Claim Reduction Form you complete and return will be disregarded. However, if your Claim is determined to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim and you did not properly or timely make reduction election, you will receive New Common Stock as provided for in the Plan.

9.      **The information at the bottom of the front page of this Claim Reduction Form identifies the Plan Class that would be applicable to your Claim if it is Allowed as an Unsecured Claim. IF YOU BELIEVE THAT THE IDENTIFIED PLAN CLASS IS INCORRECT, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE SEPTEMBER 18, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." Your motion must identify the Plan Class in which you believe your Claim, if an Allowed Unsecured Claim, would belong, as well as the basis for your belief. If the Debtors disagree, they will file an objection and schedule a hearing before the Bankruptcy Court, on notice to you. If the Debtors agree, they will file a consent, on notice to you. If you do not file a motion by September 18, 2006, and if your Claim is an Allowed Unsecured Claim, the identified Plan Class will be binding on you.**

CLAIM REDUCTION FORMS SENT BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE VALID.

ANY CLAIM REDUCTION FORM THAT IS NOT PROPERLY EXECUTED AND TIMELY RECEIVED WILL BE DISREGARDED AND THE CLAIMANT WILL RECEIVE NEW COMMON STOCK AS PROVIDED FOR IN THE PLAN.

UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

### NOTICE OF NON-VOTING STATUS UNDER DEBTORS' JOINT PLAN OF REORGANIZATION

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0479368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida  32254 | 59-0838632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia  31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia  31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Madison, Florida  32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana  70123-3188 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama  36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina  27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6078837 |

TO:    HOLDERS OF ADMINISTRATIVE CLAIMS
          HOLDERS OF PRIORITY TAX CLAIMS
          HOLDERS OF OTHER PRIORITY CLAIMS (PLAN CLASS 1)
          HOLDERS OF MSP DEATH BENEFIT CLAIMS (PLAN CLASS 2)
          HOLDERS OF WORKERS COMPENSATION CLAIMS (PLAN CLASS 3)
          HOLDERS OF BOND/LETTER OF CREDIT BACKED CLAIMS (PLAN CLASS 4)
          HOLDERS OF CONVENIENCE CLAIMS (PLAN CLASS 5)

PLEASE TAKE NOTICE THAT:

      1.      On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan") from those holders of impaired claims who are (or may be) entitled to receive distributions under the Plan.  Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

      2.      In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.        You are receiving this Notice because you are, or based your proof of claim you may be, the holder of an <u>Administrative Claim</u>, a <u>Priority Tax Claim</u>, an <u>Other Priority Claim</u>, an <u>MSP Death Benefit Claim</u>, a <u>Workers Compensation Claim</u>, a <u>Bond/Letter of Credit Backed Claim</u>, or a <u>Convenience Claim</u>.  Under the Plan:

(a)  An <u>Administrative Claim</u> is a Claim for payment of an administrative expense of a kind specified in Section 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to Section 507(a)(1) of the Bankruptcy Code, to the extent not previously paid, including, but not limited to, (a) the actual, necessary costs and expenses incurred after the Petition Date of preserving the Estates and operating the businesses of the Debtors, including, without limitation, wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case, (b) obligations under the retention and severance plans and agreements authorized by the Employee Retention and Severance Order, (c) Professional Fee Claims, (d) all fees and charges assessed against the Estates under Section 1930 of Title 28 of the United States Code, (e) all Allowed Claims for reclamation under Section 546(c)(2)(A) of the Bankruptcy Code, (f) Cure payments for executory contracts and unexpired leases that are assumed under Section 365 of the Bankruptcy Code, and (g) the DIP Facility Claim.  As to Administrative Claims, the Plan complies with Section 1129(a)(9) of the Bankruptcy Code by providing that:

With respect to each Allowed Administrative Claim, except as otherwise provided for herein, and subject to the requirements of Sections 12.1 through 12.5 of the Plan, on the applicable Distribution Date or the date on which such Administrative Claim becomes payable pursuant to any agreement between a Debtor and the holder of such Administrative Claim, the holder of each such Allowed Administrative Claim shall receive in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Administrative Claim, (i) Cash equal to the unpaid portion of such Allowed Administrative Claim or (ii) such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the applicable Debtor and such holder shall have agreed in writing; provided, however, that Allowed Administrative Claims with respect to fixed and undisputed obligations incurred by a Debtor in the ordinary course of business during the Chapter 11 Case shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto; provided further, that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation laws), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; provided further, however, that reclamation Claims subject to the reclamation/trade lien program shall be paid in accordance with the terms of the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program.

The DIP Facility Claim shall be deemed Allowed in its entirety for all purposes of the Plan and the Chapter 11 Case.  The holders of the Allowed DIP Facility Claim shall receive on the later of the Effective Date or the date on which such DIP Facility Claim becomes payable pursuant to any agreement between the Debtors and the holders of such DIP Facility Claim, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed DIP Facility Claim, (i) Cash equal to the full amount of such Allowed DIP Facility Claim, or (ii) such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the Debtors and such holders shall have agreed upon in writing (which different treatment may include, if Wachovia is the administrative agent and a lender under the Exit Facility, the amendment and restatement of the credit agreement and related loan documents governing the DIP Facility to reflect the terms and conditions of the Exit Facility); provided, however, that in respect of any letters of credit issued and undrawn under the DIP Facility, unless Wachovia or an applicable affiliate is a lender under the Exit Facility and permits such letters of credit to be rolled over and treated as letters of credit issued under the Exit Facility, the Debtors shall be required to either, with the consent of Wachovia or an applicable affiliate: (A) cash collateralize such letters of credit in an amount equal to 105% of the undrawn amount of any such letters of credit, (B) return any such letters of credit to the applicable fronting bank undrawn and marked "cancelled," or (C) provide a "back-to-back" letter of credit to the issuing bank in a form and issued by an institution reasonably satisfactory to such issuing bank, in an amount equal to the then undrawn amount of such letters of credit.

(b)  A <u>Priority Tax Claim</u> is a Claim that is entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code.  As to Priority Tax Claims, the Plan complies with Section 1129(a)(9) of the Bankruptcy Code by providing that:

Each holder of an Allowed Priority Tax Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Priority Tax Claim, as shall have been determined by the Debtors in their sole discretion, either (i) on the applicable Distribution Date, Cash equal to the unpaid portion of such Allowed Priority Tax Claim, (ii) such different treatment as to which the applicable Debtor and such holder shall have agreed in writing, or (iii) deferred Cash payments having a value, as of the Effective Date, equal to such Allowed Priority Tax Claim, over a period not exceeding six (6) years after the date of assessment of such Allowed Priority Tax Claim.

(c)  An <u>Other Priority Claim</u> is a Claim against the Debtors entitled to priority pursuant to Section 507(a) of the Bankruptcy Code, other than a Priority Tax Claim or an Administrative Claim.  As to Other Priority Claims, the Plan provides the following unimpaired treatment:

On the applicable Distribution Date or such other date on which an Allowed Other Priority Claim becomes payable pursuant to any agreement between a Debtor and the holder of such Other Priority Claim, each holder of an Allowed Other Priority Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Other Priority Claim, either (i) Cash equal to the unpaid portion of such Allowed Other Priority Claim or (ii)

such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the applicable Debtor and such holder shall have agreed in writing.

(d) An <u>MSP Death Benefit Claim</u> is a Claim held by a participant in the MSP (or a beneficiary of a participant) for death benefits arising under (a) part B of the retirement benefit described in Section 3.0 of the MSP or (b) part B of the termination benefit described in Section 3.6 of the MSP; the gross amount of which Claim shall be in an amount equal to 25% of the gross amount of the participant's retirement benefit or termination benefit (whichever is applicable) under the MSP as of the Petition Date, less any post-petition payments received by the beneficiary of any participant. (NOTE: YOU MAY ALSO HAVE A RETIREMENT PLAN CLAIM THAT IS SEPARATELY TREATED UNDER THE PLAN AND FOR WHICH A SEPARATE PACKAGE OF MATERIALS WILL BE DISTRIBUTED.) As to MSP Death Benefit Claims, the Plan provides the following unimpaired treatment:

The beneficiary of a holder of an Allowed MSP Death Benefit Claim shall receive the amount of such Allowed Claim in one lump sum when the participant dies, as soon as practicable after such beneficiary provides satisfactory proof of death to the Reorganized Debtors. Any beneficiary designated as such under the terms of the MSP shall continue to be the beneficiary of the holder of the Allowed Claim unless a written change of beneficiary is submitted by such holder to the Reorganized Debtors. On or as soon as practicable after the Effective Date, the Reorganized Debtors shall provide each holder of an Allowed MSP Death Benefit Claim with written instructions governing the change of beneficiaries, the submission of satisfactory proof of death, and other matters relating to the payment of the Allowed Death Benefit Claim.

(e) A <u>Workers Compensation Claim</u> is a Claim held by an employee of the Debtors for workers compensation coverage under the workers compensation program applicable in the particular state in which the employee is employed by the Debtors. As to Workers Compensation Claims, the Plan provides the following unimpaired treatment:

The Reorganized Debtors shall pay all Workers Compensation Claims that are determined to be valid under applicable state law and the corresponding programs maintained by the Debtors, in accordance with the terms and conditions of such state law and such programs. Nothing in the Plan shall be deemed to discharge, release, or relieve the Debtors or the Reorganized Debtors from any current or future liability with respect to any valid Workers Compensation Claim, regardless of when the underlying injuries occurred. All payments of Workers Compensation Claims made by the Debtors during the pendency of the Chapter 11 Case are hereby ratified.

(f) A <u>Bond/Letter of Credit Backed Claim</u> is any Claim having the benefit of a pre-petition surety bond, letter of credit, or similar source of payment provided by or on behalf of the Debtors by an issuer who is secured or itself holds a surety bond, letter of credit, or similar source of payment, with a right under the Bankruptcy Code and applicable law to be satisfied from such source of payment, but as to which no satisfaction has occurred as of the Effective Date, to the extent of the lesser of the amount available to satisfy such Claim from such source of payment and the amount of such Claim. The amount of the Claim that exceeds the amount available from the source of payment, if any, shall be treated as an Unsecured Claim. As to Bond/Letter of Credit Backed Claims, the Plan provides the following unimpaired treatment:

On, or as soon as reasonably practicable after, the applicable Distribution Date, each holder of an Allowed Bond/Letter of Credit Backed Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Claim, either (i) Cash equal to the unpaid portion of such Allowed Bond/Letter of Credit Backed Claim or (ii) such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the applicable Debtor and such holder shall have agreed upon in writing. The bond or letter of credit that backs each Allowed Bond/Letter of Credit Backed Claim shall remain in place in accordance with its terms; provided, however, that such bond or letter of credit shall no longer be a source of payment for the Unsecured Claim of any holder of an Allowed Bond/Letter of Credit Backed Claim.

(g) A <u>Convenience Claim</u> is a Claim in an amount equal to or less than $100. As to Convenience Claims, the Plan provides the following unimpaired treatment:

Except as provided in Section 8.6 of the Plan, on, or as soon as reasonably practicable after, the applicable Distribution Date, each holder of an Allowed Convenience Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Convenience Claim, Cash in an amount equal to the Allowed amount of such Claim.

4. **BECAUSE OF THE NATURE OF YOUR CLAIM (AS AN ADMINISTRATIVE CLAIM, A PRIORITY TAX CLAIM, AN OTHER PRIORITY CLAIM, AN MSP DEATH BENEFIT CLAIM, A WORKERS COMPENSATION CLAIM, A BOND/LETTER OF CREDIT BACKED CLAIM, OR A CONVENIENCE CLAIM), AND THE TREATMENT PROVIDED IN THE PLAN FOR CLAIMS OF SUCH NATURE, YOU ARE NOT ENTITLED TO VOTE ON THE PLAN.** Nevertheless, you are a party in interest in the Debtors' chapter 11 cases. You are entitled to participate in the Debtors' chapter 11 cases, including by filing objections to confirmation of the Plan.

5. **PLEASE NOTE THAT YOUR RECEIPT OF THIS NOTICE DOES NOT CONSTITUTE AND SHALL NOT BE DEEMED TO CONSTITUTE AN ADMISSION BY THE DEBTORS OF THE NATURE, VALIDITY, OR AMOUNT OF YOUR CLAIM. IF YOUR CLAIM HAS NOT BEEN ALLOWED, THE DEBTORS RESERVE THE RIGHT TO FILE AN OBJECTION TO THE NATURE, VALIDITY, OR AMOUNT OF YOUR CLAIM.**

6. A hearing to consider confirmation of the Plan will be held on **October 13, 2006, at 9:00 a.m. (Eastern Time)**, before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North

Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

7.    No later than **September 25, 2006, at 4:00 p.m. (Eastern Time)**, all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

8.    If you are receiving this Notice as the holder of an Administrative Claim, a Priority Tax Claim, or an Other Priority Claim, please note that the Debtors have not completed their review of all such Claims. The Debtors may determine to object to the administrative, priority, or secured status alleged in your proof of claim for the purpose of reclassifying your Claim as an Unsecured Claim. If they do, and such objection is successful, your Claim may be an Unsecured Claim in Class 13, 14, or 16 of the Plan. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14, or 16 is entitled to elect via a Claim Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Claim Reduction Form must be received on or before **September 25, 2006, at 4:00 p.m. (Eastern Time)**, by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Claim Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. If a Claim Reduction Form is not included with this Notice, you may obtain a Claim Reduction Notice by delivering to Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043, E-mail: winninfo@loganandco.com, a written request for a Claim Reduction Form, describing therein the nature of your Claim. The election will be effective only if you are determined to have an Allowed Unsecured Claim.

9.    Your Claim Reduction Form will identify the Plan Class that would be applicable to your Claim if it is reclassified as an Unsecured Claim. IF YOU BELIEVE THAT THE IDENTIFIED PLAN CLASS IS INCORRECT, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE **SEPTEMBER 18, 2006**, A "MOTION FOR DETERMINATION OF PLAN CLASS." Your motion must identify the Plan Class in which you believe your Claim, if reclassified as an Unsecured Claim, would belong, as well as the basis for your belief. If the Debtors disagree, they will file an objection and schedule a hearing before the Bankruptcy Court, on notice to you. If the Debtors agree, they will file a consent, on notice to you. If you do not file a motion by **September 18, 2006**, and if your Claim is reclassified as an Unsecured Claim, the identified Plan Class will be binding on you.

10.    The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

11.    Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190, E-mail: winninfo@loganandco.com.

Dated: August 9, 2006

D. J. Baker                                                    Stephen D. Busey
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin        James H. Post, Cynthia C. Jackson, Leanne Prendergast
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP        SMITH HULSEY & BUSEY
Four Times Square                                            225 Water Street, Suite 1800
New York, New York 10036                                    Jacksonville, Florida  32202

Co-Counsel for Debtors                                        Co-Counsel for Debtors

UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| In re: | Case No. 05-03817-3F1 |
|---|---|
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### NOTICE OF NON-VOTING STATUS AND TEMPORARY ALLOWANCE PROCEDURES WITH RESPECT TO CONTINGENT, UNLIQUIDATED, OR DISPUTED CLAIMS

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida  32254 | 59-0588632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia  31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia  31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Madison, Florida  32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana  70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama  36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina  27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6078837 |

TO:     HOLDERS OF CONTINGENT CLAIMS
         HOLDERS OF UNLIQUIDATED CLAIMS
         HOLDERS OF DISPUTED CLAIMS

**PLEASE TAKE NOTICE THAT:**

1.      On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan") from those holders of impaired claims who are (or may be) entitled to receive distributions under the Plan. Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

2.      In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.      Under the Bankruptcy Code, only holders of allowed claims may vote to accept or reject a plan of reorganization. **YOUR CLAIM, IF ANY, HAS BEEN DESIGNATED AS UNLIQUIDATED, CONTINGENT, OR DISPUTED. A LATE FILED CLAIM IS CONSIDERED TO BE DISPUTED FOR THIS PURPOSE.** Accordingly, you are not now entitled to vote, and the enclosed documents are provided for informational purposes only. If you wish to dispute the unliquidated, contingent, or disputed designation and to seek the right to vote on the Plan, you must: (a) request temporary allowance of your claim for voting

purposes on or before **September 18, 2006, at 4:00 p.m. (Eastern Time)**, by filing an appropriate motion (a "Rule 3018 Motion") with the Bankruptcy Court; (b) request a ballot from the Debtors' Voting Agent (Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190, E-mail: winninfo@loganandco.com), and (c) on or before **September 25, 2006, at 4:00 p.m. (Eastern Time)**, complete and return the ballot according to the instructions contained on the ballot. The procedures for filing a Rule 3018 Motion, including the deadline of September 18, 2006, established by the Bankruptcy Court for filing such motions, are set forth in the Solicitation Procedures Order.

4.      A hearing to consider confirmation of the Plan will be held on **October 13, 2006, at 9:00 a.m. (Eastern Time)**, before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

5.      No later than **September 25, 2006, at 4:00 p.m. (Eastern Time)**, all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

6.      Please note that if your Claim is subsequently Allowed, it may be an Allowed Unsecured Claim in Class 13, 14, 15, or 16 of the Plan. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14, 15, or 16 is entitled to elect via a Claim Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Claim Reduction Form must be received on or before **September 25, 2006, at 4:00 p.m. (Eastern Time)**, by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Claim Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. If a Claim Reduction Form is not included with this Notice, you may obtain a Claim Reduction Notice by delivering to Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043, E-mail: winninfo@loganandco.com, a written request for a Claim Reduction Form, describing therein the nature of your Claim. The election will be effective only if you are determined to have an Allowed Unsecured Claim.

7.      Your Claim Reduction Form will identify the Plan Class that would be applicable to your Claim if it is Allowed as an Unsecured Claim. IF YOU BELIEVE THAT THE IDENTIFIED PLAN CLASS IS INCORRECT, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE SEPTEMBER 18, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." Your motion must identify the Plan Class in which you believe your Claim, if an Allowed Unsecured Claim, would belong, as well as the basis for your belief. If the Debtors disagree, they will file an objection and schedule a hearing before the Bankruptcy Court, on notice to you. If the Debtors agree, they will file a consent, on notice to you. If you do not file a motion by September 18, 2006, and if your Claim is an Allowed Unsecured Claim, the identified Plan Class will be binding on you.

8.      The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

9.      Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com, on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190, E-mail: winninfo@loganandco.com.

Dated:  August 9, 2006

D. J. Baker                                                          Stephen D. Busey
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin      James H. Post, Cynthia C. Jackson, Leanne Prendergast
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP              SMITH HULSEY & BUSEY
Four Times Square                                                   225 Water Street, Suite 1800
New York, New York 10036                                       Jacksonville, Florida 32202

Co-Counsel for Debtors                                            Co-Counsel for Debtors

UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

## NOTICE TO EXECUTORY CONTRACT AND UNEXPIRED LEASE PARTIES
## WITH RESPECT TO DEBTORS' JOINT PLAN OF REORGANIZATION

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida  32254 | 89-0858612 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia  31601 | 59-1062948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia  31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Madison, Florida  32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana  70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama  36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina  27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6078837 |

TO:     PARTIES TO EXECUTORY CONTRACTS(S)
        PARTIES TO UNEXPIRED LEASES

**PLEASE TAKE NOTICE THAT:**

    1.    On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan") from those holders of impaired Claims who are (or may be) entitled to receive distributions under the Plan. Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

    2.    In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

    3.    **You are receiving this notice because you may be a party to an agreement or other arrangement with the Debtors that could be construed to be an executory contract or unexpired lease.  If so, depending on the status of your contract or lease, including whether or not your contract or lease has been assumed or rejected, you may not yet have a Claim against the Debtors that would entitle you to receive a ballot or other notice of the Plan pursuant to the Solicitation Procedures Order.  Alternatively, if you have a Claim, this notice may be supplementary to other materials or notices you have received concerning the Plan.  In either case, you are entitled to participate in the Debtors' chapter 11 cases, including by filing objections to confirmation of the Plan.  (The Debtors reserve the right to challenge the characterization of any agreement or other arrangement and to maintain that any such agreement or other arrangement is not an executory contract or unexpired lease.)**

    4.    PARTIES TO EXECUTORY CONTRACTS OR UNEXPIRED LEASES THAT HAVE NOT YET BEEN ASSUMED OR REJECTED

### 7.1 Rejection of Executory Contracts and Unexpired Leases

Except as otherwise provided in the Plan, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, as of the Effective Date, each Debtor shall be deemed to have rejected each pre-petition executory contract and unexpired lease to which it is a party unless such executory contract or unexpired lease (a) was previously assumed or rejected upon motion by a Final Order, (b) previously expired or terminated pursuant to its own terms, or (c) is the subject of any pending motion, including to assume, to assume on modified terms, to reject or to make any other disposition filed by a Debtor on or before the Confirmation Date.  The Confirmation Order shall constitute an order of the Bankruptcy Court under Section 365(a) of the Bankruptcy Code approving the rejections of pre-petition executory contract and unexpired leases described above, as of the Effective Date.

### 7.2 Rejection Damages Bar Date for Rejections Pursuant to Plan

**If the rejection of an executory contract or unexpired lease pursuant to the Plan results in a Claim, then such Claim shall be forever barred and shall not be enforceable against any Debtor or Reorganized Debtor or the properties of any of them unless a Proof of Claim is filed with the claims agent and served upon counsel to the Reorganized Debtors within thirty (30) days after entry of the Confirmation Order.  The foregoing applies only to Claims arising from the rejection of an executory contract or unexpired lease; any other Claims held by a party to a rejected contract or lease shall have been evidenced by a Proof of Claim filed by earlier applicable bar dates or shall be barred and unenforceable.**

### 7.3 Assumption of Executory Contracts and Unexpired Leases

The Debtors reserve the right, at any time prior to the Effective Date, except as otherwise specifically provided in the Plan, to seek to assume any executory contract or unexpired lease to which any Debtor is a party and to file a motion requesting authorization for the assumption of any such executory contract or unexpired lease.

### 7.4 Cure Rights for Executory Contracts and Unexpired Leases Assumed Under Plan

Any monetary amounts by which each executory contract and unexpired lease to be assumed pursuant to the Plan is in default shall be satisfied, under Section 365(b)(1) of the Bankruptcy Code, by Cure.  If there is a dispute regarding (a) the nature or amount of any Cure, (b) the ability of any Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of Section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (c) any other matter pertaining to assumption, Cure shall occur following the entry of a Final Order by the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that the Reorganized Debtors shall be authorized to reject any executory contract or unexpired lease to the extent the Reorganized Debtors, in the exercise of their sound business judgment, conclude that the amount of the Cure obligation as determined by such Final Order, renders assumption of such executory contract or unexpired lease unfavorable to the Reorganized Debtors.

### 7.5 Assignment of Assumed Real Property Leases

As of the Effective Date, except to the extent otherwise determined by the Debtors, all real property leases as to which the assumption by the Debtors under Section 365(a) of the Bankruptcy Code has been approved by order of the Bankruptcy Court shall be assigned to Winn-Dixie Real Estate under Section 365(f) of the Bankruptcy Code, and the Confirmation Order shall specifically provide for the approval of such assignments.  On or as soon as reasonably practicable after the Effective Date, the Debtors shall provide documentary evidence of each such assignment to the applicable lessor and, if necessary, shall record such document in the real property records of the applicable jurisdiction.  Notwithstanding such assignments, the original Debtor lessee under any such real property lease, and any Debtor guarantor thereof, shall continue to be obligated on the lease to the full extent of their respective obligations as such obligations existed prior to the assignment to Winn-Dixie Real Estate.

### 7.6 Assumption of Vendor Agreements

In the event that there is in effect between the Debtors and any vendor immediately prior to the Effective Date any electronic interchange trading partner agreement, open credit terms agreement, corporate reclamation agreement, reclamation disposition agreement, hold harmless agreement, less-than-truckhold program agreement, or similar agreement, and any such agreement is considered to be an executory contract and is not otherwise terminated or rejected by the Debtors, such agreement shall be deemed to be assumed pursuant to Section 365 of the Bankruptcy Code under the Plan; provided, however, that no Cure shall be owed with respect to any such agreement, and in the event that a vendor asserts any Cure, at the election of the Debtors such vendor's agreement shall not be deemed assumed and shall instead be deemed rejected pursuant to Section 7.1 of the Plan.

### 7.7 Assumption of Utility Service Agreements

In the event that there is in effect between the Debtors and any utility immediately prior to the Effective Date, with respect to any operating facility of the Debtors, any utility service agreement or related agreement providing a reduced rate to the Debtors, which agreement has not been previously assumed, rejected or terminated, but is considered to be an executory contract, such agreement shall be deemed to be assumed pursuant to Section 365 of the Bankruptcy Code under the Plan; provided, however, that no Cure shall be owed with respect to any such agreement, and in the event that a utility asserts any Cure, at the election of the Debtors such utility's agreement shall not be deemed assumed and shall instead be deemed rejected pursuant to Section 7.1 of the Plan.

### 7.8 Assumption of Governmental Licenses

In the event that any license granted to the Debtors by a governmental unit, and in effect immediately prior to the Effective Date, is considered to be an executory contract and is not otherwise terminated or rejected by the Debtors, such license shall be deemed to be assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

### 7.9 Treatment of Compensation and Benefit Programs

(a) Except to the extent (i) otherwise provided for in the Plan, (ii) previously assumed or rejected by an order of the Bankruptcy Court entered on or before the Confirmation Date, (iii) the subject of a pending motion to reject filed by a Debtor on or before the Confirmation Date, or (iv) previously terminated, all employee compensation and benefit programs of the Debtors in effect during the pendency of the Chapter 11 Case, including all health and welfare plans, 401(k) plans, pension plans within the meaning of Title IV of the Employee Retirement Income Security Act of 1974, as amended, and all benefits subject to Sections 1114 and 1129(a)(13) of the Bankruptcy Code, entered into before or after the Petition Date and in effect during the pendency of the Chapter 11 Case, shall be deemed to be, and shall be treated as though they are, executory contracts that are assumed pursuant to Section 365 of the

Bankruptcy Code under the Plan. Nothing contained herein shall be deemed to modify the existing terms of such employee compensation and benefit programs, including, without limitation, the Debtors' and the Reorganized Debtors' rights of termination and amendment thereunder.

(b) The Employee Retention and Severance Order is incorporated herein by reference. All rights, claims, interests, entitlements, and obligations of the Debtors under the retention and severance plans or agreements authorized by the Employee Retention and Severance Order shall continue in full force and effect after the Effective Date as rights, claims, interests, entitlements, and obligations of the Reorganized Debtors.

(c) Benefit accruals under the MSP and SRP, and related trust and individual agreements, ceased as of the Petition Date; and no further benefits shall be payable under such plans, or related trust or individual agreements, as of October 31, 2006. To the extent any additional rights, obligations, or Claims exist under the MSP and SRP, or related trust or individual agreements, such rights, obligations, or Claims shall be extinguished and terminated in full as of the Effective Date. To the extent such plans, or related trust or individual agreements (and any separate agreements that may incorporate such plans and agreements) are considered to be executory contracts, such plans, and related trust and individual agreements (and any separate agreements that may incorporate such plans and agreements) shall be deemed to be rejected pursuant to Section 365 of the Bankruptcy Code under the Plan. The Claims of all vested participants in the MSP or SRP plans shall be calculated as of the Petition Date without post-petition interest or other accruals, and without regard to service completed after the Petition Date, and shall be treated under the Plan as Retirement Plan Claims or, to the extent applicable, MSP Death Benefit Claims.

(d) As of the Effective Date, any and all stock based incentive plans or stock ownership plans of the Debtors entered into before the Effective Date, or other agreements or documents giving rise to Winn-Dixie Interests, including the contingent cash components of any such plans, agreements, or documents, shall be terminated. To the extent such plans, agreements, or documents are considered to be executory contracts, such plans, agreements, or documents shall be deemed to be, and shall be treated as though they are, executory contracts that are rejected pursuant to Section 365 of the Bankruptcy Code under the Plan. Any Claims resulting from such rejection shall constitute Subordinated Claims, except that Claims for contingent cash shall constitute Other Unsecured Claims.

### 7.10 Certain Indemnification Obligations Owed by Debtors

(a) Indemnification Obligations owed to directors, officers, and employees of the Debtors (or the estates of any of the foregoing) who served or were employed by the Debtors as of or after the Petition Date for claims arising after the Petition Date, excluding claims resulting from gross negligence, willful misconduct, breach of fiduciary duty, or intentional tort, shall be deemed to be, and shall be treated as though they are, executory contracts that are assumed pursuant to Sections 365 of the Bankruptcy Code under the Plan. Indemnification Obligations owed to any such directors, officers, and employees of the Debtors (or the estates of any of the foregoing) for claims arising before the Petition Date or for claims resulting from gross negligence, willful misconduct, breach of fiduciary duty, or intentional tort, shall be deemed to be, and shall be treated as though they are, executory contracts that are rejected pursuant to Section 365 of the Bankruptcy Code under the Plan.

(b) All Indemnification Obligations owed to directors, officers, and employees of the Debtors who served or were employed by the Debtors prior to, but not after, the Petition Date shall be deemed to be, and shall be treated as though they are, executory contracts that are rejected pursuant to Section 365 of the Bankruptcy Code under the Plan.

(c) Indemnification Obligations owed to any Professionals retained pursuant to Sections 327 or 328 of the Bankruptcy Code and order of the Bankruptcy Court, to the extent that such Indemnification Obligations relate to the period after the Petition Date, shall be deemed to be, and shall be treated as though they are, executory contracts that are assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

### 7.11 Continuing Obligations Owed to Debtors

(a) Any confidentiality agreement entered into between any of the Debtors and any supplier of goods or services requiring the parties to maintain the confidentiality of each other's proprietary information shall be deemed to be, and shall be treated as though it is, an executory contract that is assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

(b) Any indemnity agreement entered into between any of the Debtors and any supplier of goods or services requiring the supplier to provide insurance in favor of any of the Debtors, to warrant or guarantee such supplier's goods or services, or to indemnify any of the Debtors for claims arising from the goods or services shall be deemed to be, and shall be treated as though it is, an executory contract that is assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

(c) Continuing obligations of third parties to the Debtors under insurance policies, contracts, or leases that have otherwise ceased to be executory or have otherwise expired on or prior to the Effective Date, including, without limitation, continuing obligations to pay insured claims, to defend against and process claims, to refund premiums or overpayments, to provide indemnification, contribution or reimbursement, to grant rights of first refusal, to maintain confidentiality, or to honor releases, shall continue and shall be binding on such third parties notwithstanding any provision to the contrary in the Plan, unless otherwise specifically terminated by the Debtors or by order of Bankruptcy Court. The deemed rejection provided by Section 7.1 of the Plan shall not apply to any such continuing obligations.

(d) To the extent an insurance policy under which the insurer has a continuing obligation to pay the Debtors or a third party on behalf of the Debtors is held by the Bankruptcy Court to be an executory contract and is not otherwise assumed in accordance with Section 7.3 of the Plan, such insurance policy shall be treated as though it is an executory contract that is assumed pursuant to Section 365 of the Bankruptcy Code under the Plan. Any and all Claims (including Cure) arising under or related to any insurance policies or related insurance agreements that are assumed by the Debtors prior to or as of the Effective Date: (i) shall not be discharged; (ii) shall be Allowed Administrative Claims; and (iii) shall be paid in full in the ordinary course of business of the Reorganized Debtors as set forth in Section 4.1(a) of the Plan.

### 7.12 Limited Extension of Time to Assume or Reject

(a) In the event of a dispute as to whether a contract or lease is executory or unexpired, the right of the Debtors or the Reorganized Debtors to move to assume or reject such contract or lease shall be extended until the date that is thirty (30) days after entry of a Final Order by the Bankruptcy Court determining that the contract or lease is executory or unexpired. The deemed rejection provided for in Section 7.1 of the Plan shall not apply to any such contract or lease.

(b) In the event the Debtors or the Reorganized Debtors become aware after the Confirmation Date of the existence of an executory contract or unexpired lease that was not included in the Schedules, the right of the Reorganized Debtors to move to assume or reject such contract or lease shall be extended until the date that is thirty (30) days after the date on which the Debtors or the Reorganized Debtors become aware of the existence of such contract or lease. The deemed rejection provided for in Section 7.1 of the Plan shall not apply to any such contract or lease.

7.13  **Post-petition Contracts and Leases**

The Debtors shall not be required to assume or reject any contract or lease entered into by the Debtors after the Petition Date.  Any such contract or lease shall continue in effect in accordance with its terms after the Effective Date, unless the Debtor has obtained a Final Order of the Bankruptcy Court approving rejection of such contract and lease.

7.14  **Treatment of Claims Arising From Assumption or Rejection**

All Allowed Claims arising from the assumption of any executory contract or unexpired lease shall be treated as Administrative Claims pursuant to Section 4.1(a) of the Plan; all Allowed Claims arising from the rejection of an executory contract or unexpired lease shall be treated, to the extent applicable, as Landlord Claims, Vendor/Supplier Claims, Retirement Plan Claims, Other Unsecured Claims, or Subordinated Claims, unless otherwise ordered by Final Order of the Bankruptcy Court; and all other Allowed Claims relating to an executory contract or unexpired lease shall have such status as they may be entitled to under the Bankruptcy Code as determined by Final Order of the Bankruptcy Court.

5.  A hearing to consider confirmation of the Plan will be held on **October 13, 2006, at 9:00 a.m. (Eastern Time)**, before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202.  The hearing may be adjourned from time to time by announcement in open court.  You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities.  Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.  You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer.  Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

6.  No later than **September 25, 2006, at 4:00 p.m. (Eastern Time)**, all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com.  The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan.  Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

7.  If you are a party to an executory contract or unexpired lease that has not yet been assumed or rejected, but that if rejected would potentially give rise to a rejection damage claim, and if you would like to cast a vote in the amount of any resulting rejection damage claim on a contingent basis, you will be permitted to cast a contingent vote if you: (a) on or before **September 25, 2006, at 4:00 p.m. (Eastern Time)**, deliver to the Voting Agent (Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190), E-mail: winninfo@loganandco.com), with a copy to the Debtors' counsel and the Creditors Committee's counsel, a written request for a special ballot to vote a contingent rejection damage claim, specifying therein the amount of your possible rejection damage claim, and (b) properly complete and return the special ballot on or before the Voting Deadline.  The procedures for requesting a special vote to cast a contingent vote, including the deadline of September 25, 2006, established by the Bankruptcy Court for delivering such requests, are set forth in the Solicitation Procedures Order.  PLEASE NOTE THAT THE VOTING DEADLINE IS SEPTEMBER 25, 2006, SO YOU MUST DELIVER YOUR WRITTEN REQUEST IN TIME TO BOTH RECEIVE YOUR SPECIAL BALLOT AND RETURN IT TO THE VOTING AGENT BY THE VOTING DEADLINE.  If you have otherwise received a ballot with respect to a prepetition Claim owing under your contract or lease, that Claim will be aggregated with your rejection damage claim and you will be counted as having one vote for purposes of numerosity.  If your contract or lease is assumed by the Confirmation Date, your vote will not be counted.

8.  If you are a party to an executory contract or unexpired lease that is subsequently rejected, potentially giving rise to a rejection damage claim, that rejection damage claim may be an Unsecured Claim in Class 13, 14 or 16 of the Plan.  Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14 or 16 is entitled to elect via a Claim Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000).  To make the election, a properly completed Claim Reduction Form must be received on or before **September 25, 2006, at 4:00 p.m. (Eastern Time)**, by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043.  The election will be effective only if you are determined to have an Allowed Unsecured Claim.  If funds are no longer available at the time the Claim Reduction Form is received, the election will be disregarded, and you will receive New Common Stock on account of your Allowed Unsecured Claim.  To ensure that you are provided with the right to make the election even though you are not now considered to have an Allowed Unsecured Claim, you may obtain a Claim Reduction Form by delivering to Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043, E-mail: winninfo@loganandco.com, a written request for a Claim Reduction Form, identifying therein the contract or lease upon which your Claim is based and describing the nature of your Claim.

9.  The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing without further notice to parties in interest.

10.  Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190, E-mail: winninfo@loganandco.com.

Dated:  August 9, 2006

D. J. Baker
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, New York 10036

Co-Counsel for Debtors

Stephen D. Busey
James H. Post, Cynthia C. Jackson, Leanne Prendergast
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, Florida  32202

Co-Counsel for Debtors

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
|  | ) |  |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF, AND
## DEADLINE FOR OBJECTING TO, DEBTORS' JOINT PLAN OF REORGANIZATION

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST AND INTERESTS IN ANY OF THE FOLLOWING DEBTORS:**

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida  32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia  31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia  31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Madison, Florida  32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana  70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama  36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina  27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6078837 |

**PLEASE TAKE NOTICE THAT:**

       1.       On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc.  and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc.  and Affiliated Debtors (the "Plan").

2.    In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.    A hearing to consider confirmation of the Plan will be held on October 13, 2006, at 9:00 a.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202.  The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities.  Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.  You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer.  Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

4.    No later than September 25, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com.  The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan.  Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

5.    **THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.  THE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE.**

6.    The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

7.    Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov;  or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

Dated:  August 9, 2006

| | |
|---|---|
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin | James H. Post, Cynthia C. Jackson, Leanne Prendergast |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida  32202 |
| | |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN PLAN

**12.12**    **Releases and Related Matters**

(a)    Releases by Debtors

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Reorganized Debtors and any Person seeking to exercise the rights of the Debtors' estate, including, without limitation, any successor to the Debtors or any estate representative appointed or selected pursuant to Section 1123(b)(3) of the Bankruptcy Code, shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including claims or causes of action arising under Chapter 5 of the Bankruptcy Code), and liabilities whatsoever in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights of the Debtors and the Reorganized Debtors to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction,

event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, and that may be asserted by or on behalf of the Debtors, the Estates, or the Reorganized Debtors against (i) any of the other Debtors and any of the Debtors' non-Debtor subsidiaries, (ii) any of the present or former directors, officers, or employees of any of the Debtors or any of the Debtors' non-Debtor subsidiaries, (iii) any Professionals of the Debtors, (iv) Wachovia and its advisors, and (v) the Creditors Committee, its members, and its and their advisors, respectively (but not its members in their individual capacities); provided, however, that nothing in this Section 12.12(a) shall be deemed to prohibit the Debtors or the Reorganized Debtors from asserting and enforcing any claims, obligations, suits, judgments, demands, debts, rights, causes of action or liabilities they may have against any employee (other than any director or officer) that is based upon an alleged breach of a confidentiality, noncompete, or any other contractual or fiduciary obligation owed to the Debtors or the Reorganized Debtors.

(b)    Releases by Holders of Claims

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

## 12.13    Discharge of the Debtors

(a)    Except as otherwise provided herein or in the Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against the Debtors or any of their assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims, upon the Effective Date, the Debtors, and each of them, shall (i) be deemed discharged and released under Section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in Section 502 of the Bankruptcy Code, whether or not (A) a Proof of Claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (B) a Claim based upon such debt is Allowed under Section 502 of the Bankruptcy Code, (C) a Claim based upon such debt is or has been disallowed by order of the Bankruptcy Court, or (D) the holder of a Claim based upon such debt accepted the Plan, and (ii) terminate all Winn-Dixie Interests.

(b)    As of the Effective Date, except as provided in the Plan or the Confirmation Order or under the terms of the documents evidencing and orders approving the DIP Facility and/or the Exit Facility, all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors, any other or further claims, debts, rights, causes of action, claims for relief, liabilities, or equity interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date. In accordance with the foregoing, except as provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtors and termination of all Winn-Dixie Interests, pursuant to Sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtors at any time, to the extent that such judgment relates to a discharged Claim or terminated Interest.

## 12.14    Injunction

(a)    Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim or other debt or liability that is discharged or an Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors, the Reorganized Debtors, and their respective subsidiaries or their property on account of any such discharged Claims, debts, or liabilities or terminated Interests or rights: (i) commencing or

continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors or the Reorganized Debtors; or (v) commencing or continuing any action, in each such case in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(b)     As of the Effective Date, all Persons that have held, currently hold, or may hold, a Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, or liability that is released, or an Interest that is terminated, pursuant to Section 12.11, 12.12, or 12.13 of the Plan are permanently enjoined from taking any of the following actions on account of such released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities, or such terminated Interests: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff against any debt, liability, or obligation due to any released Person; or (v) commencing or continuing any action, in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(c)     Without limiting the effect of the foregoing provisions of this Section 12.14 upon any Person, by accepting distributions pursuant to the Plan, each holder of an Allowed Claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section 12.14.

(d)     Nothing in this Section 12.14 shall impair (i) the rights of any holder of a Disputed Claim to establish its Claim in response to an objection filed by the Debtors or the Reorganized Debtors, (ii) the rights of any defendant in an avoidance action filed by the Reorganized Debtors to assert defenses in such action, or (iii) the rights of any party to an executory contract or unexpired lease that has been assumed by the Debtors pursuant to an order of the Bankruptcy Court or the provisions of the Plan to enforce such assumed contract or lease.

## 12.15   Exculpation and Limitation of Liability

(a)     None of the Debtors, the Reorganized Debtors, their respective subsidiaries, Wachovia, or the Creditors Committee (as to itself or any of its members), or any of their respective present or former members, officers, directors, employees, advisors, Professionals, or agents, shall have or incur any liability to any holder of a Claim or an Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct.   The foregoing is not intended to limit or otherwise impact any defense of qualified immunity that may be available under applicable law.

(b)     Notwithstanding any other provision of the Plan, no holder of a Claim or an Interest, no other party-in-interest, none of their respective agents, employees, representatives, advisors, attorneys, or affiliates, and none of their respective successors or assigns shall have any right of action against any of the Debtors, any of the Reorganized Debtors, any of the Debtors' or Reorganized Debtors' subsidiaries, Wachovia, or the Creditors Committee, or of their respective present or former members, officers, directors, employees, advisors, Professionals, or agents, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct.



**Jay Skelton**
Chairman of the Board

August 9, 2006

To our Creditors:

On behalf of Winn-Dixie's board of directors and management team, I am pleased to forward our Disclosure Statement and Plan of Reorganization. Since Winn-Dixie's chapter 11 filing 18 months ago, thousands of employees have worked diligently to strengthen our business, particularly by focusing on improving our product offerings, customer service and shopping experience. Our new management team has implemented an across-the-board program to get the company back on track. We are very excited about the progress that has been made and are very appreciative of the tremendous support we have received – not only from our Associates, but from our customers, vendor partners, landlords, and the communities we serve.

The documents that are enclosed represent the culmination of a concerted effort by a large number of people to get Winn-Dixie out of chapter 11 and maximize its value to creditors. The Official Creditors Committee has brokered the compromise of the "substantive consolidation" dispute that is included in the Plan, which also has the support of the Ad Hoc Trade Committee and Ad Hoc Retirees Committee. Without the compromise, our chapter 11 case could be mired in expensive litigation for many years. We also appreciate that the Official Creditors Committee is supporting our emergence from chapter 11 by recommending to creditors a vote in favor of the Plan.

The Disclosure Statement and Plan are complicated legal documents – we wish they were shorter and simpler, but the rules of the chapter 11 process make it important to give creditors as much information about the company and its business as we can, and we have tried to do that. Those of you who are entitled to vote on the Plan will receive a ballot, which will let you vote to accept the Plan or not. Everyone at Winn-Dixie strongly encourages you to mark your ballot to "ACCEPT" the Plan and return it before the voting deadline of September 25, 2006, at

**Winn✓Dixie**
Getting better all the time.
Winn-Dixie Stores, Inc.
Corporate Headquarters
5050 Edgewood Court
P. O. Box B
Jacksonville, Florida
32203-0297

4:00 p.m.  If we don't get creditor support, then we will not be able to emerge from chapter 11, which would be a result that would hurt everyone, but particularly our creditors.

If creditors vote to accept our Plan and the Court agrees, then we expect to emerge from chapter 11 as soon as late October 2006.  When that occurs, with the exception of our CEO Peter Lynch, the current board of directors will resign, and a new board will take over the supervision of the reorganized Winn-Dixie.  All of the current board members will do everything within their power to accomplish a smooth transition to the new board, to insure every possible success for Winn-Dixie.

Chapter 11 is a difficult process.  Our board and management have witnessed the hardship caused to creditors, shareholders, and employees by this process.  We believe, however, that the Plan offers the best possible opportunity for our creditors to recover as much as possible. I encourage you to mark the ballot to "ACCEPT" the Plan and to return your ballot before the deadline.

With best regards,

Sincerely,

H. Jay Skelton
Chairman of the Board

**Winn Dixie**

Getting better all the time.
Winn-Dixie Stores, Inc.
Corporate Headquarters
5050 Edgewood Court
P. O. Box B
Jacksonville, Florida
32203-0297

OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF WINN-DIXIE STORES, INC., *ET AL.*, DEBTORS
CHAPTER 11 CASE NO. 3:05-bk-03817-JAF JOINTLY ADMINISTERED

c/o Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

August 9, 2006

**TO:    UNSECURED CREDITORS OF WINN-DIXIE STORES, INC. AND ITS DIRECT
AND INDIRECT DEBTOR SUBSIDIARIES**

---

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Winn-Dixie Stores, Inc., *et al.*, debtors and debtors in possession (collectively, the "Debtors"), appointed pursuant to 11 U.S.C. § 1102, writes to advise you of our determinations as to the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, dated August 9, 2006 (the "Plan"). Any capitalized terms used but not defined herein have the meaning ascribed to such terms in the Plan.

THE MEMBERS OF THE CREDITORS' COMMITTEE REPRESENTING THE INTERESTS OF ALL UNSECURED CREDITORS OF THE DEBTORS, UNANIMOUSLY SUPPORT THE PLAN, EXCEPT AS DESCRIBED BELOW, AND RECOMMEND THAT HOLDERS OF UNSECURED CLAIMS VOTE TO ACCEPT THE PLAN IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH ON THEIR BALLOTS. *Each Creditor must, however, make its own independent decision as to whether or not the Plan is acceptable to that Creditor before voting to accept or reject the Plan.*

**Formulation of Plan.** Since its formation on March 1, 2005, the Creditors' Committee has expended significant efforts investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses (including the operations of non-Debtor subsidiaries) and the desirability of continuing such businesses, and numerous other matters relevant to the formulation of a joint chapter 11 plan for the Debtors. In addition, as set forth more fully in the Disclosure Statement accompanying the Plan, we have worked with the Debtors for more than six (6) months to forge a compromise of complex issues relating to whether the Debtors' estates should be substantively consolidated in order to formulate the Plan. We believe that the compromise of substantive consolidation issues embodied in the Plan will provide the greatest potential recovery for unsecured creditors of the Debtors as a whole because, among other things, the Plan resolves the issue of substantive consolidation of the Debtors without expensive and time-consuming litigation, and facilitates an orderly and expeditious distribution of value to Creditors holding Allowed Unsecured Claims.

**Distributions.** The Plan provides that the Holders of Allowed Unsecured Claims (i.e., Holders of Allowed Noteholder Claims, Landlord Claims, Vendor/Supplier Claims, Retirement Plan Claims and Other Unsecured Claims) will receive 100% of the New Common Stock of Reorganized Winn-Dixie subject to dilution (of up to 10%) by New Common Stock that will be issued under the New Equity Incentive Plan.

**Substantive Consolidation Compromise.** As described in the Disclosure Statement, the Plan proposes, and its terms embody, a compromise and settlement, rather than litigation, of intercreditor issues relating to whether the liabilities and assets of the Debtors should be substantively consolidated for purposes of distributions under the Plan. We believe this settlement avoids the expense and delay of a litigation that would undoubtedly require lengthy discovery and court testimony regarding creditor reliance on the separateness or interrelatedness of the Debtors. Furthermore, establishing creditor reliance would not necessarily resolve the issue as parties could still assert, based on unsettled law, that consolidation was appropriate or inappropriate based on the state of the Debtors' financial records and the existence of intercorporate guarantees. Accordingly, based on, among other things, creditor support for the proposed settlement, the complexity of the litigation, the unanimous support of members of the Creditors' Committee and each party's likelihood of success, the proposed settlement is, in our view, in the best interests of the unsecured creditor body.

**Tail Insurance Coverage.** As described in the Disclosure Statement, the Debtors or the Reorganized Debtors, as the case may be, intend to purchase and maintain continuing director and officer insurance coverage in the amount of $200 million at an approximate cost of $10 million and for a tail period of six (6) years, for those directors and officers who were covered by director and officer insurance during the pendency of the Chapter 11 Case. **THE CREDITORS' COMMITTEE HAS NOT AGREED TO THE DEBTORS' PURCHASE OF TAIL INSURANCE COVERAGE. THE CREDITORS' COMMITTEE HAS INFORMED THE DEBTORS THAT, ABSENT A CONSENSUAL RESOLUTION, IT RESERVES ALL OF ITS RIGHTS WITH RESPECT TO THIS ISSUE, INCLUDING, WITHOUT LIMITATION, OBJECTIONS TO THE PROVISION OF TAIL INSURANCE IN ANY AMOUNT AT THE CONFIRMATION HEARING AND SEEKING AN ORDER FROM THE BANKRUPTCY COURT SEVERING SUCH PROVISION FROM THE PLAN.**

*The foregoing description summarizes only certain aspects of the compromise and other matters contained in the Plan and does not constitute any part of, and is not intended as a substitute for, the Disclosure Statement approved by the Court. Creditors should read the Plan and the accompanying Disclosure Statement (including, without limitation, all of the risk factors set forth therein) and attachments, exhibits and supplements in their entirety before voting on the Plan.*

The Debtors have provided you with a Ballot to vote to accept or reject the Plan. In order to have your vote counted, you must complete and return the Ballot in accordance with the procedure set forth therein and in the Disclosure Statement. PLEASE READ THE DIRECTIONS ON THE BALLOT CAREFULLY AND COMPLETE YOUR BALLOT IN ITS ENTIRETY BEFORE RETURNING IT TO THE DEBTORS' BALLOTING AGENT.

Please direct any questions regarding this letter and the matters discussed herein to co-counsel for the Creditors' Committee, Milbank, Tweed, Hadley & McCloy, LLP (Michael E. Comerford, 212-530-5318 or mcomerford@milbank.com).

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF WINN-DIXIE STORES, INC., *ET AL.*