UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
JACKSONVILLE, FLORIDA

SEP 1 4 2006

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:                                     )   Case No. 05-03817-3F1

WINN-DIXIE STORES, INC.,                   )   Chapter 11

   Debtors.
                                           )   Jointly Administered

## MOTION FOR DETERMINATION OF PLAN CLASS

COMES NOW, LUCIEN BUGGS, Claim No. 761, by and through his undersigned legal counsel, hereby moves this court for the entry of an order removing him as a "Class 16, Other Unsecured Claim" and reclassifying his claim as a "Class 11, Other Secured Claim" and in support thereof would show as follows:

1. This claim arises out of a slip and fall incident occurring on October 23, 2003, while the Claimant was a business invitee at the Winn-Dixie Store located at or near 1024 East Highway 436, Casselberry, Seminole County, Florida.

2. A Complaint for damages was filed in the Circuit Court in and for Seminole County, Florida on behalf of the Claimant against Winn-Dixie Stores which resulted in a settlement being reached on February 7, 2005. Attached hereto as Claimant's exhibit "A" is a true and correct copy of the letter from counsel for Winn-Dixie Stores regarding the settlement.

3. The settlement was further confirmed with a Release, Indemnity and Confidentiality Agreement which was signed by the Claimant and forwarded to counsel for Winn-Dixie Stores. Attached hereto as Claimant's exhibit "B" is a true and correct copy of the said document.

4. The agreement whereby the Claimant's personal injury claim was settled, preceded the Petition Date, thereby making it a contractual, legal and equitable obligation.

5. Given the contractual nature of the settlement agreement, both the Claimant and the Debtor were duty bound to follow it's terms and conditions.

6. The Claimant entered into the settlement agreement in good faith without any knowledge that the Debtor would be seeking protection under the Bankruptcy Code. Fairness and equity now should prohibit the Debtor from benefiting from having the Claimant's claim remain as a "Class 16, Other Unsecured Claims."

WHEREFORE, the Claimant moves this court for the entry of an order reclassifying Claim No.761 to a Class 11, Other Secured Claims.


I HEREBY CERTIFY that a true and correct copy has been furnished by U.S. Mail to: Logan and Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043 and Smith Hulsey & Busey, 1800 Wachovia Bank Tower, 225 Water Street, Jacksonville, Florida 32201-3315, this 13th day of September, 2006.

_____
FRANKLIN T. WALDEN, ESQ.
1936 Lee Road, Suite 100
Winter Park, FL 32789
Telephone No. (407) 772-7333
Florida Bar No. 0169928
Attorney for Claimant

# BUSSEY, WHITE, McDONOUGH AND FREEMAN, P.A.

ATTORNEYS AND COUNSELORS AT LAW

105 E ROBINSON STREET
4TH FLOOR
ORLANDO, FLORIDA 32801

PLEASE REPLY TO:
POST OFFICE BOX 531086
ORLANDO, FLORIDA 32853-1086
(407) 423-7287
FAX (407) 648-1376

February 7, 2005

<u>**VIA FACSIMILE (407-599-3801) AND MAIL**</u>

Franklin T. Walden, Esq.
Law Offices of Franklin T. Walden
1936 Lee Road, Suite 100
Winter Park, Florida 32789

RE:  Lucien Buggs v. Winn-Dixie Stores
     Case No.: 04-CA-2555-11-L

Dear Frank.

Per my telephone message, this will confirm the full and final settlement of this lawsuit for the total sum of $22,500.00. I will prepare the proposed General Release and Settlement Agreement along with the Joint Motion and proposed Final Order of Dismissal with Prejudice.

In the meantime, please fax me an executed W-9 form for your law firm so that we can promptly process the settlement check request. I will also need to know how you wish for the settlement check to made payable.

As I mentioned in my message, I will be in the office tomorrow, but out of the office the remainder of the week. As such, kindly furnish me with the completed W-9 form and check payee information tomorrow, if possible. That way, we should be in a position to finalize this settlement upon my return to the office next week

Sincerely,

Daniel S. Liebowitz

DSL/dbm

FEB 0 9 2005



EXHIBIT A

# RELEASE, INDEMNITY AND CONFIDENTIALITY AGREEMENT

WHEREAS, on or about October 23, 2002, LUCIEN BUGGS was an invitee at a Winn-Dixie supermarket owned by WINN-DIXIE STORES, INC. and located at 1024 East Highway 436, Casselberry, Seminole County, Florida and claims an incident occurred when he slipped and fell causing injury and damage to LUCIEN BUGGS; and

WHEREAS, LUCIEN BUGGS is claiming that at the time and place aforesaid WINN-DIXIE STORES, INC. maintained the supermarket including its floor in an unreasonably dangerous condition so as to cause injury to him, and that as a result of the aforementioned incident LUCIEN BUGGS sustained injuries in and about his body and extremities, suffered pain, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, loss of earnings and the ability to earn money, and aggravation of a previously existing condition, all of which are alleged to be continuing or permanent in nature; and that as a further result of said negligence, LUCIEN BUGGS has incurred and will in the future incur various expenses, including but not limited to expenses for hospitalization, medical and nursing care and treatment, and

WHEREAS, LUCIEN BUGGS has instituted a civil action at law in the Circuit Court of the Ninth Judicial Circuit, in and for Seminole County, Florida, against WINN-DIXIE STORES, INC, bearing case number 04-CA-2555-11-L, where he seeks to recover for his injuries and/or damages suffered as a consequence of the alleged negligence of WINN-DIXIE STORES, INC., and


EXHIBIT B

WHEREAS, WINN-DIXIE STORES, INC. has denied and continues to deny any and all responsibility for the injuries and damages complained of by LUCIEN BUGGS, and

WHEREAS, the parties hereto are desirous of compromising and settling any and all claims of LUCIEN BUGGS arising out of the aforementioned incident of October 23, 2002, including any and all claims against the benefits provided by any insurance policy issued to WINN-DIXIE STORES, INC.; and

WHEREAS, LUCIEN BUGGS has agreed to accept the sum of TWENTY-TWO THOUSAND FIVE HUNDRED DOLLARS AND NO/100 DOLLARS ($22,500.00) in full compromise and settlement of any and all claims for injuries and damages to him, including any not now known or contemplated, arising out of the aforementioned accident of October 23, 2002, which he, his personal representatives, heirs or assigns now have or may have hereafter against WINN-DIXIE STORES, INC. and has further agreed to execute this Release, Indemnity and Confidentiality Agreement in consideration of said payment; and

WHEREAS, LUCIEN BUGGS, his attorney, and his attorneys, agents, servants, employees or representatives, agree to keep this settlement and all its terms confidential and not disseminate any of the terms, amounts, numbers, or sums payable under this agreement to anyone, including, but not limited to the legal community, the press, or any jury verdict reporter services. and

WHEREAS, as further consideration of said payment, LUCIEN BUGGS expressly agrees to indemnify, protect, defend and save harmless, WINN-DIXIE STORES, INC. and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., their agents, subsidiaries, parent

companies, officers, directors, employers, predecessors, successors, affiliates, assigns, attorneys, or any person, firm or corporation in privity with them or otherwise legally responsible for their actions, of and from any claim, cause of action, demand or judgment whatsoever that any hospital, individual, firm, corporation, or state or federal government entity may hereafter bring or assert on account of any lien or surrogated interest against any recovery by LUCIEN BUGGS, including but not limited to, any claim or lien for payments made by any insurer, hospital, Medicare/Medicaid or Agency for Health Care Administration for treatment or injuries claimed by LUCIEN BUGGS or for any disability benefits paid to LUCIEN BUGGS arising out of the aforesaid incident and further, LUCIEN BUGGS agrees to satisfy all such liens or surrogated interests from the proceeds of said payment; and

WHEREAS, the undersigned hereby declares and represents that the injuries and damages sustained are or may be permanent and progressive in nature and that recovery therefrom is uncertain and indefinite, and in making this Release, it is understood and agreed that the undersigned relies wholly upon his judgment, belief and knowledge of the nature, extent, effect and duration of said injuries and liability therefor, and that this Release is given freely without reliance upon any statement or representation of the party or parties hereby released or their representatives or by any physician or surgeon by them employed, and

WHEREAS, the undersigned further declares and represents that no promise, inducement or agreement not herein expressed has been made to him and that this Release contains the entire agreement between the parties hereto and the terms hereof are contractual and not a mere recital; and

WHEREAS, LUCIEN BUGGS agrees to dismiss said civil action with prejudice against WINN-DIXIE STORES, INC. with each party to bear its own attorney's fees and costs and to execute this Release, Indemnity and Confidentiality Agreement in favor of WINN-DIXIE STORES, INC. all in consideration of said payment to him; and

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that the said and undersigned LUCIEN BUGGS, for and in consideration of the sum of TWENTY-TWO THOUSAND FIVE HUNDRED DOLLARS NO/100 DOLLARS ($22,500.00), lawful money of the United States of America, to him in hand paid, receipt of which is hereby acknowledged, does hereby remise, release and forever discharge WINN-DIXIE STORES, INC. and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., and their employees, agents, officers, directors, successors, predecessors, attorneys, affiliates, parent companies, assigns and any persons, firms or corporations in privity or otherwise legally responsible for their actions, of and from any and all manner of action and actions, cause and causes of action, suits, sums of money, trespasses, agreements, controversies, damages, claims, and demands whatsoever, in law or in equity, whether direct or indirect, which the undersigned ever had, now has or which he or his heirs, personal representatives, or assigns hereafter can, shall or may have against WINN-DIXIE STORES, INC or any employees, agents, officers, directors, successors, predecessors, attorneys, affiliates, parent companies, assigns and any persons, firms or corporations in privity with it or otherwise legally responsible for its actions, for, upon or by reason of injury and damage to LUCIEN BUGGS arising out of the aforementioned accident of October 23, 2002, or for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day and date of these presents.

IN WITNESS WHEREOF, the undersigned has hereunto set his hand and seal this 3rd day of ~~February~~ March, 2005.

_____
LUCIEN BUGGS

STATE OF FLORIDA    )
                    ) SS
COUNTY OF Onio      )

The foregoing instrument was acknowledged before me this 3rd day of ~~February~~ March 2005 by LUCIEN BUGGS.

Erin R Adair
My Commission DD356891
Expires September 21, 2008

_Erin R. Adair_____
NOTARY PUBLIC, STATE OF FLORIDA

Print Name/Stamp Commissioned Name:

_Erin R Adair_____

PERSONALLY KNOWN ✓

PRODUCED IDENTIFICATION:_____
TYPE OF IDENTIFICATION:
_____

## JOINDER IN CONFIDENTIALITY AGREEMENT AND AGREEMENT TO SATISFY LIENS

The attorney for LUCIEN BUGGS hereby approves this agreement and agrees to be bound by the terms of the confidentiality provisions. It is also agreed that any liens or subrogated interests of Medicare, any medical care providers, insurance company, or attorney known to the undersigned shall be satisfied and paid out of the proceeds of the settlement.

_____
Franklin T. Walden, Esq.
Florida Bar No.: 169928
Law Offices of Franklin T. Walden
1936 Lee Road, Suite 100
Winter Park, Florida 32789
Telephone: (407) 772-7333
Facsimile: (407) 599-3801
Attorney for Plaintiff,
LUCIEN BUGGS

DSL/dv