**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 3-05-bk-03817-JAF |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**RESPONSE OF FLORIDA CRYSTALS FOOD CORPORATION**
**TO DEBTORS' EIGHTEENTH OMNIBUS OBJECTION**
**TO DUPLICATE DIFFERENT DEBTOR CLAIMS**

Florida Crystals Food Corporation ("Florida Crystals"), through its undersigned counsel, files this response (the "Response") to the Debtors' Eighteenth Omnibus Objection to Duplicate Different Debtor Claims, filed on August 22, 2006 [Docket No. 10448] (the "Eighteenth Omnibus Objection").

In support of this Response, Florida Crystals represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Eighteenth Omnibus Objection and this Response pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b). Venue of the Debtors' Chapter 11 cases and this Response in this district is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

**FACTS**

2. Debtors filed their voluntary petitions under Chapter 11 of the Bankruptcy Code on February 21, 2005 in the United States Bankruptcy Court, Southern District of New York.

3.  By amended order of the Court entered on April 14, 2005, venue of Debtors' jointly administered cases was transferred to the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division.

4.  Florida Crystals filed an unsecured proof of claim in the amount of $18,096.43 against Debtor Winn-Dixie Stores, Inc. and, because of the way Florida Crystal's claim was scheduled by Debtors, in the Winn-Dixie Procurement, Inc. and Winn-Dixie Logistics, Inc. cases (the "Proofs of Claim").

**RESPONSE**

5.  Florida Crystals does not object to Debtors' request to expunge its duplicate claims under the conditions set forth in the Eighteenth Omnibus Objection.  In fact, Florida Crystals stated in each of its Proofs of Claim that it would "withdraw the duplicate claims when the appropriate Debtor entity [was] determined or agreed upon."

6.  Florida Crystals does, however, object to paragraph 16 of the Eighteenth Omnibus Objection in which Debtors purport to "expressly reserve the right . . . to file additional objections to the Duplicate Different Debtor Claims."

7.  There is a strong policy of "encouraging prompt, final dispositions of objections to proofs of claims." *In re Bicoastal Corp.*, 126 B.R. 613, 615 (Bankr. M.D. Fla. 1991).  Neither the Bankruptcy Code nor Federal Rules of Bankruptcy Procedure provide for piecemeal determination of the validity of claims, or a reservation of rights to file additional objections to the same claim.  Pursuant to the language of Section 502, once an objection to a claim is made by a party in interest, the court shall determine the amount of the claim, and shall allow the claim in that amount, subject to the limitations of Section 502(b).

8.      If the Debtors want to have the court reevaluate its determination of the allowance or disallowance of Florida Crystals' claim at a later date, Section 502(j) of the Bankruptcy Code and Fed. R. Bankr. P. 3008 set out in specificity the proper procedure for doing so: a motion for reconsideration for cause.  The advisory committee notes to Rule 3008 state that if the court in its discretion agrees to reconsider a claim which has been previously allowed, or disallowed, for cause, the court may "allow or disallow the claim, increase or decrease the amount of a prior allowance, accord the claim a priority different from that originally assigned it, or enter any other appropriate order."  On the other hand, no provision of the Bankruptcy Code or Federal Rules of Bankruptcy Procedure provide that a debtor can unilaterally determine that there is cause to reconsider the court's allowance or disallowance of a claim, or file an endless series of objections to claims already litigated.

9.      Under the circumstances of this case, Debtors' attempted reservation of rights is contrary to the concept of fundamental fairness and contrary to the policy of encouraging prompt final dispositions of objections to proofs of claims.  Florida Crystals has now incurred the expense of responding to the Eighteenth Omnibus Objection and may be subjected to the cost of responding to additional omnibus objections.  Florida Crystals should not be required to face the prospect of incurring additional unnecessary expense in the event Debtors unilaterally decide to object to Florida Crystals' Proofs of Claim at some later date. Debtors' reservation of the right to assert additional objections on substantive or any other grounds should not be permitted with respect to Florida Crystals' Proofs of Claim.

WHEREFORE, Florida Crystals prays that the Court deny Debtors' purported reservation of rights to object to Florida Crystals' Proofs of Claim on any other basis, and for such other and further relief as the Court deems just and proper.

Dated:  September 14, 2006

        BLANCO TACKABERY
        COMBS & MATAMOROS, P.A.

        /s/ Gene B. Tarr
        Gene B. Tarr
        P.O. Drawer 25008
        Winston-Salem, NC 27114-5008
        Telephone: (336) 293-9000
        Facsimile: (336) 293-9030
        Email: gbt@btcmlaw.com

        *Attorney for Florida Crystals Food Corporation*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 3-05-bk-03817-JAF |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that, on September 14, 2006, the **RESPONSE OF FLORIDA CRYSTALS FOOD CORPORATION TO DEBTORS' EIGHTEENTH OMNIBUS OBJECTION TO DUPLICATE DIFFERENT DEBTOR CLAIMS** was electronically filed with the Clerk of the Court by using the CM/ECF system, and that a copy of same was electronically served by the Court's CM/ECF system, or by first class U.S. mail or electronic mail by the undersigned, to the parties shown on the attached list.

Dated: September 14, 2006

>                    BLANCO TACKABERY
>                    COMBS & MATAMOROS, P.A.
>
>
>                    /s/ Gene B. Tarr
>                    Gene B. Tarr
>                    P.O. Drawer 25008
>                    Winston-Salem, NC 27114-5008
>                    Telephone: (336) 293-9000
>                    Facsimile: (336) 293-9030
>                    Email: gbt@btcmlaw.com
>
>                    *Attorney for Florida Crystals Food Corporation*

BTCM:330207v1

| | |
|---|---|
| D. J. Baker, Esq.<br>Adam Ravin, Esq.<br>Skadden Arps Slate<br>Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036<br>(*Counsel for Debtors*)<br>**[via electronic mail]**<br><br>Allan E. Wulbern, Esq.<br>Cynthia C. Jackson, Esq.<br>James H. Post, Esq.<br>Leanne McKnight Prendergast, Esq.<br>Stephen D. Busey, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32201<br>(*Counsel for Debtors*)<br>**[via electronic mail]**<br><br>David L. Gay, Esq.<br>11 E. Forsyth St., Apt. 1408<br>Jacksonville, FL 32202<br>(*Counsel for Debtors*)<br>**[via electronic mail]** | Elena L Escamilla, Esq.<br>Kenneth C. Meeker, Esq.<br>United States Trustee - JAX<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32801<br>**[via electronic mail]**<br><br>Dennis F. Dunne, Esq.<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>(*Counsel for Unsecured Creditors' Comm.*)<br>**[via electronic mail]**<br><br>John B. MacDonald, Esq.<br>Patrick P. Patangan, Esq.<br>Akerman Senterfitt<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, FL 32202<br>(*Counsel for Unsecured Creditors' Comm.*)<br>**[via electronic mail]**<br><br>Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254-3699<br>**[via first class U.S. mail]** |

BTCM:330207v1