UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re | Case No.: 3:05-bk-03817-JAF |
| Winn-Dixie Stores, Inc., et. al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

These cases are before the Court upon the Debtors' motion for a protective order governing Debtors' confidential commercial information (the "Motion"). The Court has reviewed the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.  "Confidential Information" means information that the producing party in good faith believes constitutes or contains non-public, confidential or proprietary information, which is provided or produced from and after the date this Order is entered on the Court's docket.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. A party producing or providing Confidential Information contained in documents shall affix to each page a "Confidential" legend. A party may designate other forms of information as containing Confidential Information by so specifying in writing to the receiving party. The failure to designate material as "Confidential Information" at the time of production or dissemination may be remedied by supplemental written notice from the producing party to the receiving party and shall not be considered a waiver of confidential treatment under this Order.

3. A party receiving Confidential Information shall use it solely for the purpose of contested matters and adversary proceedings in these bankruptcy cases and shall not disclose Confidential Information to any third party, or use it for any other purpose, except in accordance with the terms of this Order. All Confidential Information provided or produced in accordance with this Order shall be retained in the custody of counsel for the receiving party, except that experts, advisors, professionals or other persons authorized to receive Confidential Information may have custody of such copies as are necessary for their participation in these bankruptcy cases.

4. Notwithstanding the provisions of paragraph 3, a receiving party may disclose Confidential Information:

> (a) to experts or advisors retained in a consulting or testifying role in connection with these bankruptcy cases; provided, that any such expert or advisor who receives Confidential Information shall be bound by the terms and conditions of this Order;

(b) to the Court in the course of any contested matter or adversary proceeding in these bankruptcy cases; or

(c) in accordance with paragraph 5.

5. In the event a party (i) receives a subpoena, interrogatory, or other request for Confidential Information or (ii) believes that it is legally required to disclose any of the Confidential Information to a governmental or other regulatory body to whose jurisdiction it believes it is subject, the receiving party shall promptly provide the producing party with written notice of any such request or requirement so that the producing party may timely seek, at its expense, a protective order or other appropriate remedy, and the receiving party shall not disclose Confidential Information until the producing party's objections to disclosure have been resolved unless required to do so by order of a court of competent jurisdiction or governmental or other regulatory body.

6. The parties agree that money damages may not be a sufficient remedy for any breach of this Order and that a producing party may be irreparably harmed in the event of such a breach. Without prejudice to any other remedies or money damages to which they may be entitled, the parties shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any breach of this Order.

7. Each party shall remain bound by the terms of this Order until the later of (i) the earlier of the date of entry of an order which is no longer subject to appeal, reconsideration, or reargument, (a) confirming a chapter 11 plan in the Chapter 11 Cases or (b) converting these bankruptcy cases to cases under chapter

7 of the Bankruptcy Code, or (ii) conclusion of contested matters and adversarial proceedings between the parties, (the "Termination Date"). Upon the Termination Date, each party shall return all Confidential Information to the producing party or shall certify in writing that all documents containing Confidential Information have been destroyed.

8. It is understood and agreed that failure or delay in exercising any right, power or privilege under this Order shall not constitute a waiver of that right, power or privilege, and that any single or partial exercise of such right, power or privilege shall not preclude any other or further exercise of such right, power or privilege. The agreements set forth in this Order may only be waived or modified by an agreement in writing signed by or on behalf of the parties.

9. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

10. Except as otherwise provided, all notices and other communications required under this Order shall be in writing and shall become effective when delivered by hand, electronic mail, facsimile (if confirmed by telephone), or overnight courier service, addressed as set forth below or to such other addresses as may be designated in writing by either party to the other.

11. Nothing in this Order shall prevent a party from using its own Confidential Information as it deems necessary and/or appropriate or from seeking further protection with respect to the use of such material. Any such action shall

not be deemed a breach or waiver of the producing party's obligations under this Order.

12. Provision of any documentation pursuant to the terms of this Order shall neither constitute nor be deemed to be a waiver of any work product privilege, attorney client privilege, or other comparable privileges for any purpose in connection with these bankruptcy cases, and nothing in this Order or otherwise shall require disclosure of any material which counsel for any party is protected from disclosure by the attorney-client privilege, work-product doctrine immunity or any other legally recognized privilege. This Order shall prohibit and bar any party, person or entity from asserting that the act of disclosure of Confidential Information has in any way mitigated or waived any attorney-client privilege, work-product doctrine or other applicable privileges or protections with respect to the Confidential Information or otherwise.

13. The inadvertent disclosure of any document or information during discovery in this matter shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, work-product doctrine or any other legally recognized privilege or immunity from discovery, and no party shall be held to have waived any rights by such inadvertent production. Upon request by the inadvertently producing party, the receiving party shall (a) return the

original and all copies of such documents and (b) shall not use such information for any purpose unless allowed by order of the Court.

DATED in Jacksonville, Florida this 14 day of September, 2006.

Jerry A. Funk
United States Bankruptcy Judge

541983.4