UNITED STATES BANKRUPTY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 05-03817-3F1<br><br>(Jointly Administered) |

SUPPLEMENTAL CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1. I am of legal age and I am not a party to this action.

2. I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims, Noticing and Tabulation Agent for the above-captioned Debtors.

3. Between August 16, 2006 through September 14, 2006, I caused the following to be served, in the manner set forth in the Solicitation and Tabulation Procedures Order entered on August 4, 2006:

- the **Notice of Non-Voting Status and Temporary Allowance Procedures with Respect to Contingent, Unliquidated, or Disputed Claims**;
- the **Claim Reduction Form**;
- the **Confirmation Hearing Notice**;
- the **Solicitation Letter from the Debtor**;
- the **Solicitation Letter from the Creditors' Committee**;
- the **Disclosure Statement [Refer to Docket No. 10057]**;
- the **Plan [Refer to Docket No. 10058]**; and,
- a **Business Reply Envelope**,

to be inserted (as appropriate) in first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Supplemental Service List attached hereto as Exhibit A. A copy of the served documents as listed above (excluding the Disclosure Statement and Plan) is attached hereto as Exhibit B.

Dated: September 14, 2006

_____
Kathleen M. Logan

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Code: V4

# EXHIBIT A
# SERVICE LIST

# EXHIBIT A - SUPPLEMENTAL SERVICE LIST
## Disputed Claimants

**DEBTOR:** WINN-DIXIE STORES, INC., ET AL.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**CASE:** 05-03817-3F1

CREDITOR ID: 533714-15
CITY OF GRAYSVILLE MUNICIPAL GAS CO
C/O HALCOMB & WERTHEIM, PC
ATTN W MCCOLLUM HALCOMB
PO BOX 12005
BIRMINGHAM AL 35202

CREDITOR ID: 493115-15
DELGADO, JOSEPHINA
C/O BERNARD H BUTTS, JR PA
ATTN BERNARD H BUTTS, ESQ
1790 W 49TH STREET, #210
HIALEAH FL 33012

CREDITOR ID: 493115-15
DELGADO, JOSEPHINA
2125 NW 20 AVE
MIAMI FL 33167

CREDITOR ID: 391733-55
DUMAY, EVELYN
C/O MICHAEL G AHEARN, PA
ATTN MICHAEL G AHEARN, ESQ
2850 N ANDREWS AVENUE
WILTON MANORS FL 33311

CREDITOR ID: 410758-15
DUNBAR, DAVID
PO BOX 7311
JACKSONVILLE FL 32238-0311

CREDITOR ID: 125908-09
FARRAR, TERESA S
14676 HIGHWAY NINETY TWO
CHASE CITY VA 23924-3821

CREDITOR ID: 390863-55
JONES, TAUSHA
C/O FRED R DEFRANCESCH LAW OFFICES
ATTN FRED R DEFRANCESCH, ESQ
2810 W AIRLINE HWY
PO BOX 1566
LAPLACE LA 70069

CREDITOR ID: 416990-15
KOTIS PROPERTIES, INC
C/O DIRK W SIEGMUND, ESQ
PO BOX 3324
GREENSBORO NC 27402-3324

CREDITOR ID: 388383-54
LEE, ESTHER
100 NW 8TH AVENUE
HALLANDALE FL 33009

CREDITOR ID: 170859-09
MARTIN, KAREN K HOLUB
557 PLEASANT VIEW
MILWAKEE WI 53226

CREDITOR ID: 493109-15
MILANES, BLANCA
11965 SW 19 LANE #214
MIAMI FL 33175

CREDITOR ID: 493109-15
MILANES, BLANCA
C/O GOLDBERG & ROSEN, PA
ATTN GLEN GOLDBERG, ESQ
1111 BRICKELL AVENUE, SUITE 2180
MIAMI FL 33131

CREDITOR ID: 411080-15
O'BRIEN KIERNAN INVESTMENT CO ET AL
C/O RAY QUINNEY & NEBEKER
ATTN STEVEN T WATERMAN, ESQ.
36 S STATE ST., STE 1400
PO BOX 45385
SALT LAKE CITY UT 84145-0385

CREDITOR ID: 533782-15
PARISH OF JEFFERSON
ATTN ANDREW J LEBLANC JR, DIRECTOR
200 DERBIGNY STREET
GRETNA LA 70053

CREDITOR ID: 417045-15
PHELAN, WENDY
517 EAGLE CREEK RD
JACKSONS GAP AL 36861-4405

CREDITOR ID: 392327-55
REGISTE, ANGELA (MINOR)
C/O GESNER REGISTE, GUARDIAN
4444 S RIO GRANDE AVE APT 434C
ORLANDO FL 32839-1152

CREDITOR ID: 408335-15
RELIANCE INSURANCE CO
C/O OBERMAYER, REBMANN, ET AL
ATTN L J TABAS & D M RICHARDS, ESQS
ONE PENN CENTER
1617 JFK BLVD, 19TH FLOOR
PHILADELPHIA PA 19103

CREDITOR ID: 199065-09
RICE, LAMEKA
101 CACTUS ST APT A
TALLAHASSEE FL 32304-2966

CREDITOR ID: 393226-55
ROY, KATHERINE
C/O JAMES M SMITH, ESQ
200A SOUTHBRIDGE PKWY STE 523
BIRMINGHAM AL 35209-7727

CREDITOR ID: 408205-15
SAFECO INSURANCE COMPANY OF AMERICA
C/O TORRE LENTZ GAMELL ET AL
ATTN BENJAMIN D LENTZ, ESQ
100 JERICHO QUADRANGLE, SUITE 309
JERICHO NY 11783

CREDITOR ID: 408205-15
SAFECO INSURANCE COMPANY OF AMERICA
C/O TORRE LENTZ GAMELL ET AL
ATTN LAWRENCE S NOVAK, ESQ
100 JERICHO QUADRANGLE, SUITE 309
JERICHO NY 11753-2702

CREDITOR ID: 417303-B3
SAMARRIPPAS, GLORIA
PO BOX 1255
WINTER HAVEN FL 33882

CREDITOR ID: 492943-15
SANCHEZ, LUCY
C/O LAW OFFICES OF MARIA E CORREDOR
ATTN MARIA E CORREDOR, ESQ
9130 S DADELAND BLVD, SUITE 1202
MIAMI FL 33156

CREDITOR ID: 492943-15
SANCHEZ, LUCY
1261 SE 29TH STREET, #206
HOMESTEAD FL 33035

CREDITOR ID: 269350-16
SERVICE FORCE USA, LLC
ATTN CHAD MACDONALD, PRESIDENT
45662 TERMINAL DRIVE, SUITE 200
DULLES, VA 20166-4340

CREDITOR ID: 406030-15
STATE OF OHIO WORKERS COMP BUREAU
LAW SECTION, BANKR UNIT
ATTN LARRY RHODEBECK, ESQ
30 W SPRING STREET
PO BOX 15567
COLUMBUS OH 43215-0567

CREDITOR ID: 406030-15
STATE OF OHIO WORKERS COMP BUREAU
ATTORNEY GENERAL STATE OF OHIO
ATTN ANGELA HUFFMAN
COLLECTION ENFORCEMENT
150 E GAY ST, 21ST FLOOR
COLUMBUS OH 43215

CREDITOR ID: 406282-15
WHEELER, JUDITH
120 MESSICKS RD #29
HARRINGTON DE 19952-2225

**Total: 28**

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: <br> Winn-Dixie Stores, Inc., et al., <br> Debtors. | Case No. 05-03817-3F1 <br> Chapter 11 <br> Jointly Administered |

**NOTICE OF NON-VOTING STATUS AND TEMPORARY ALLOWANCE PROCEDURES WITH RESPECT TO CONTINGENT, UNLIQUIDATED, OR DISPUTED CLAIMS**

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida  32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia  31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia  31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Madison, Florida  32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana  70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama  36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina  27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6078837 |

**TO:**   **HOLDERS OF CONTINGENT CLAIMS**
          **HOLDERS OF UNLIQUIDATED CLAIMS**
          **HOLDERS OF DISPUTED CLAIMS**

**PLEASE TAKE NOTICE THAT:**

        1.      On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated  Debtors (the "Plan") from those holders of impaired claims who are (or may be) entitled to receive distributions under the Plan.  Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

        2.      In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

        3.      Under the Bankruptcy Code, only holders of allowed claims may vote to accept or reject a plan of reorganization.  **YOUR CLAIM, IF ANY, HAS BEEN DESIGNATED AS UNLIQUIDATED, CONTINGENT, OR DISPUTED.  A LATE FILED CLAIM IS CONSIDERED TO BE DISPUTED FOR THIS PURPOSE.**  Accordingly, you are not now entitled to vote, and the enclosed documents are provided for informational purposes only.  If you wish to dispute the unliquidated, contingent, or disputed designation and to seek the right to vote on the Plan, you must: (a) request temporary allowance of your claim for voting

purposes on or before **September 18, 2006, at 4:00 p.m. (Eastern Time)**, by filing an appropriate motion (a "Rule 3018 Motion") with the Bankruptcy Court; (b) request a ballot from the Debtors' Voting Agent (Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190, E-mail: winninfo@loganandco.com), and (c) on or before **September 25, 2006, at 4:00 p.m. (Eastern Time)**, complete and return the ballot according to the instructions contained on the ballot. The procedures for filing a Rule 3018 Motion, including the deadline of September 18, 2006, established by the Bankruptcy Court for filing such motions, are set forth in the Solicitation Procedures Order.

4. A hearing to consider confirmation of the Plan will be held on **October 13, 2006, at 9:00 a.m. (Eastern Time)**, before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

5. No later than **September 25, 2006, at 4:00 p.m. (Eastern Time)**, all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

6. Please note that if your Claim is subsequently Allowed, it may be an Allowed Unsecured Claim in Class 13, 14, 15, or 16 of the Plan. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14, 15, or 16 is entitled to elect via a Claim Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Claim Reduction Form must be received on or before **September 25, 2006, at 4:00 p.m. (Eastern Time)**, by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Claim Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. If a Claim Reduction Form is not included with this Notice, you may obtain a Claim Reduction Notice by delivering to Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043, E-mail: winninfo@loganandco.com, a written request for a Claim Reduction Form, describing therein the nature of your Claim. The election will be effective only if you are determined to have an Allowed Unsecured Claim.

7. Your Claim Reduction Form will identify the Plan Class that would be applicable to your Claim if it is Allowed as an Unsecured Claim. IF YOU BELIEVE THAT THE IDENTIFIED PLAN CLASS IS INCORRECT, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE SEPTEMBER 18, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." Your motion must identify the Plan Class in which you believe your Claim, if an Allowed Unsecured Claim, would belong, as well as the basis for your belief. If the Debtors disagree, they will file an objection and schedule a hearing before the Bankruptcy Court, on notice to you. If the Debtors agree, they will file a consent, on notice to you. If you do not file a motion by September 18, 2006, and if your Claim is an Allowed Unsecured Claim, the identified Plan Class will be binding on you.

8. The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

9. Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190, E-mail: winninfo@loganandco.com.

Dated: August 9, 2006

| | |
|---|---|
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin | James H. Post, Cynthia C. Jackson, Leanne Prendergast |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida 32202 |
| | |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

**CLAIM REDUCTION FORM**

**TO HOLDERS OR POTENTIAL HOLDERS OF ALLOWED LANDLORD CLAIMS IN CLASS 13, ALLOWED VENDOR/SUPPLIER CLAIMS IN CLASS 14, ALLOWED RETIREMENT PLAN CLAIMS IN CLASS 15, and ALLOWED OTHER UNSECURED CLAIMS IN CLASS 16.**

**PLEASE TAKE NOTICE THAT:**

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"). Capitalized terms used herein without definition have the meanings provided in the Plan. In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures, and forms applicable to the process of soliciting votes on the Plan, providing notice of the Plan, and making necessary elections with respect to the Plan, (b) approving vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

The Solicitation Procedures Order approved this Claim Reduction Form for use by holders or potential holders of Allowed Landlord Claims, Allowed Vendor/Supplier Claims, Allowed Retirement Plan Claims, and Allowed Other Unsecured Claims, on a first come-first serve basis, who desire to elect to **reduce their Allowed Claims to $3,000** and **receive a discounted Cash payment in the amount of $2,010 (67% of $3,000)**, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of their Allowed Claims. Under the Plan, the aggregate Cash amount payable on account of Claim Reduction Forms is limited to $1 million. Depending on the number of Claim Reduction Forms received, and the amount of Allowed Claims subject to such Claim Reduction Forms, $1 million may not be sufficient to provide discounted Cash payments to all electing holders. In that event, the Claim Reduction Forms will be accepted on a first come-first serve basis. Any Claim Reduction Forms received after the $1 million has been allocated to earlier received Claim Reduction Forms will be rejected, and the holders of Allowed Claims subject to the later received Claim Reduction Forms will receive New Common Stock as provided for in the Plan. Subject to the limited availability of funds, this Claim Reduction Form must be completed and returned on or before **September 25, 2006, at 4:00 p.m. (Eastern Time)**.

**Please refer to the instructions for completing this Claim Reduction Form on the reverse side**. If you have any questions about how to properly complete this Claim Reduction Form, please call Logan & Company, Inc. at (973) 509-3190.

**Item 1.** *Election.* By signing and returning this Claim Reduction Form, the undersigned hereby elects to reduce his/her/its Allowed Claim to $3,000 and to receive a Cash payment in the amount of $2,010, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of such Claim.

**Item 2.** *Claim Ownership.* By signing and returning this Claim Reduction Form, the undersigned hereby certifies that it owns the Claim that is the subject of this Claim Reduction Form. If such Claim is sold or transferred in the future, the buyer or transferee will be bound by this Claim Reduction Form, and the undersigned will so inform the buyer or transferee.

**Item 3.** *Acknowledgments and Certification.* By signing and returning this Claim Reduction Form, the undersigned hereby acknowledges that the reduction election is subject to all terms and conditions set forth in the Disclosure Statement and the Plan. The undersigned certifies that he/she/it has full power and authority to make the reduction election.

Signature:_____
Name of claimant (print/type):_____
Address of Claimant (if other than the address to which this form was mailed):_____
_____
Name and title of signatory:_____
If signed by authorized agent, name and title of agent:_____
Federal tax I.D. or social security number of claimant:_____
Telephone number:_____   Facsimile number:_____
E-mail address:_____   Dated:_____

**PLEASE COMPLETE, SIGN, AND DATE THIS CLAIM REDUCTION FORM AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER TO LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE, ON OR BEFORE SEPTEMBER 25, 2006.**

IF YOUR CLAIM IS DETERMINED TO BE AN UNSECURED CLAIM, YOUR CLAIM WOULD BE IN THE FOLLOWING PLAN CLASS:
_____

SEE PARAGRAPH 9 ON THE REVERSE SIDE OF THIS FORM.

Creditor Name & Address                                                                    Claim Amount:
                                                                                           Claim Number:

## INSTRUCTIONS FOR COMPLETING THIS CLAIM REDUCTION FORM

1. This Claim Reduction Form is provided to holders or potential holders of Allowed Landlord Claims, Allowed Vendor/Supplier Claims, Allowed Retirement Plan Claims, and Allowed Other Unsecured Claims for the purpose of allowing a treatment election under the Plan.

2. A copy of the Plan and its accompanying Disclosure Statement if not included herewith may be obtained at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190, E-mail: winninfo@loganandco.com. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING AND RETURNING THIS CLAIM REDUCTION FORM**.

3. This Claim Reduction Form if properly completed and timely returned constitutes an election to reduce your Allowed Claim to $3,000 and receive a discounted Cash payment of $2,010 on account of your Allowed Claim, as provided in the Plan, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of such Claim.

4. In order to exercise your election, you must complete, sign, and return this Claim Reduction Form by mail, overnight courier, or hand delivery to Logan & Company, Inc. (the "Claims Agent"), at the following address:

> Logan & Company, Inc.
> Attn: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey  07043

5. SUBJECT TO THE LIMITED AVAILABILITY OF FUNDS, CLAIM REDUCTION FORMS MUST BE RECEIVED BY SEPTEMBER 25, 2006, AT 4:00 P.M. (EASTERN TIME).  CLAIM REDUCTION FORMS RECEIVED AFTER AVAILABLE FUNDS ARE EXHAUSTED OR AFTER SEPTEMBER 25, 2006 WILL BE REJECTED.   THE CLAIMS AGENT WILL NOT ACCEPT CLAIM REDUCTION FORMS BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION.

6. **If you desire to receive New Common Stock as provided in the Plan, do not complete and return this Claim Reduction Form.**  This Claim Reduction Form should be used only by holders or potential holders of Allowed Landlord Claims, Allowed Vendor/Supplier Claims, Allowed Retirement Plan Claims, or Allowed Other Unsecured Claims who desire to reduce their Allowed Claims to $3,000 and receive a discounted Cash payment of $2,010.  Any such holder or potential holder who fails to properly or timely make the election as provided herein will receive New Common Stock as provided in the Plan to the extent such holder's Claim is an Allowed Claim.

7. Your signature is required in order for your reduction election to be valid.  You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.  If the Claim is held by a partnership, this Claim Reduction Form should be executed in the name of the partnership by a general partner.  If the Claim is held by a corporation, this Claim Reduction Form must be executed by an officer.  If you are signing in a representative capacity, also indicate your title after your signature.

8. You may be receiving this Claim Reduction Form even though your Claim is not currently considered to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim.  If you have asserted administrative, priority, or secured status in your proof of claim, or if your Claim is contingent, unliquidated, or disputed, or if you are a party to a contract or lease that may be rejected, you may have received a notice or ballot applicable to holders of Administrative Claims, Priority Tax Claims, Other Priority Claims, or Other Secured Claims, or to holders of contingent, unliquidated, or disputed Claims, or to contract and lease parties.  As stated on such notice or ballot, your Claim may ultimately be determined to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim.  To ensure that you are provided with the right to make the reduction election even though your Claim may not currently be considered to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim, you are receiving this Claim Reduction Form at this time.  If your Claim is not determined to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim, any Claim Reduction Form you complete and return will be disregarded.  However, if your Claim is determined to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim and you did not properly or timely make reduction election, you will receive New Common Stock as provided for in the Plan.

9. **The information at the bottom of the front page of this Claim Reduction Form identifies the Plan Class that would be applicable to your Claim if it is Allowed as an Unsecured Claim.  IF YOU BELIEVE THAT THE IDENTIFIED PLAN CLASS IS INCORRECT, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE SEPTEMBER 18, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." Your motion must identify the Plan Class in which you believe your Claim, if an Allowed Unsecured Claim, would belong, as well as the basis for your belief.  If the Debtors disagree, they will file an objection and schedule a hearing before the Bankruptcy Court, on notice to you.  If the Debtors agree, they will file a consent, on notice to you.  If you do not file a motion by September 18, 2006, and if your Claim is an Allowed Unsecured Claim, the identified Plan Class will be binding on you.**

<u>CLAIM REDUCTION FORMS SENT BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE VALID.</u>
<u>ANY CLAIM REDUCTION FORM THAT IS NOT PROPERLY EXECUTED AND TIMELY RECEIVED WILL BE DISREGARDED AND THE CLAIMANT WILL RECEIVE NEW COMMON STOCK AS PROVIDED FOR IN THE PLAN.</u>

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF, AND**
**DEADLINE FOR OBJECTING TO, DEBTORS' JOINT PLAN OF REORGANIZATION**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST AND INTERESTS IN ANY OF THE FOLLOWING DEBTORS:**

| **Debtor** | **Address** | **Tax I.D.** |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida  32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia  31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia  31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Madison, Florida  32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana  70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama  36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina  27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6078837 |

**PLEASE TAKE NOTICE THAT:**

1.   On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

2.   In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.   A hearing to consider confirmation of the Plan will be held on October 13, 2006, at 9:00 a.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202.  The hearing may be adjourned from time to time by announcement in open court.  You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities.  Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.  You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer.  Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

4.   No later than September 25, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com.  The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan.  Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

5.   **THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.  THE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE.**

6.   The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

7.   Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov;  or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

Dated: August 9, 2006

| | |
|---|---|
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin | James H. Post, Cynthia C. Jackson, Leanne Prendergast |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida  32202 |
| | |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN PLAN

**12.12   Releases and Related Matters**

(a)   Releases by Debtors

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Reorganized Debtors and any Person seeking to exercise the rights of the Debtors' estate, including, without limitation, any successor to the Debtors or any estate representative appointed or selected pursuant to Section 1123(b)(3) of the Bankruptcy Code, shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including claims or causes of action arising under Chapter 5 of the Bankruptcy Code), and liabilities whatsoever in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights of the Debtors and the Reorganized Debtors to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction,

event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, and that may be asserted by or on behalf of the Debtors, the Estates, or the Reorganized Debtors against (i) any of the other Debtors and any of the Debtors' non-Debtor subsidiaries, (ii) any of the present or former directors, officers, or employees of any of the Debtors or any of the Debtors' non-Debtor subsidiaries, (iii) any Professionals of the Debtors, (iv) Wachovia and its advisors, and (v) the Creditors Committee, its members, and its and their advisors, respectively (but not its members in their individual capacities); provided, however, that nothing in this Section 12.12(a) shall be deemed to prohibit the Debtors or the Reorganized Debtors from asserting and enforcing any claims, obligations, suits, judgments, demands, debts, rights, causes of action or liabilities they may have against any employee (other than any director or officer) that is based upon an alleged breach of a confidentiality, noncompete, or any other contractual or fiduciary obligation owed to the Debtors or the Reorganized Debtors.

(b)     Releases by Holders of Claims

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

**12.13    Discharge of the Debtors**

(a)     Except as otherwise provided herein or in the Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against the Debtors or any of their assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims, upon the Effective Date, the Debtors, and each of them, shall (i) be deemed discharged and released under Section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in Section 502 of the Bankruptcy Code, whether or not (A) a Proof of Claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (B) a Claim based upon such debt is Allowed under Section 502 of the Bankruptcy Code, (C) a Claim based upon such debt is or has been disallowed by order of the Bankruptcy Court, or (D) the holder of a Claim based upon such debt accepted the Plan, and (ii) terminate all Winn-Dixie Interests.

(b)     As of the Effective Date, except as provided in the Plan or the Confirmation Order or under the terms of the documents evidencing and orders approving the DIP Facility and/or the Exit Facility, all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors, any other or further claims, debts, rights, causes of action, claims for relief, liabilities, or equity interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date. In accordance with the foregoing, except as provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtors and termination of all Winn-Dixie Interests, pursuant to Sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtors at any time, to the extent that such judgment relates to a discharged Claim or terminated Interest.

**12.14    Injunction**

(a)     Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim or other debt or liability that is discharged or an Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors, the Reorganized Debtors, and their respective subsidiaries or their property on account of any such discharged Claims, debts, or liabilities or terminated Interests or rights:  (i) commencing or

continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors or the Reorganized Debtors; or (v) commencing or continuing any action, in each such case in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(b)  As of the Effective Date, all Persons that have held, currently hold, or may hold, a Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, or liability that is released, or an Interest that is terminated, pursuant to Section 12.11, 12.12, or 12.13 of the Plan are permanently enjoined from taking any of the following actions on account of such released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities, or such terminated Interests: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff against any debt, liability, or obligation due to any released Person; or (v) commencing or continuing any action, in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(c)  Without limiting the effect of the foregoing provisions of this Section 12.14 upon any Person, by accepting distributions pursuant to the Plan, each holder of an Allowed Claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section 12.14.

(d)  Nothing in this Section 12.14 shall impair (i) the rights of any holder of a Disputed Claim to establish its Claim in response to an objection filed by the Debtors or the Reorganized Debtors, (ii) the rights of any defendant in an avoidance action filed by the Reorganized Debtors to assert defenses in such action, or (iii) the rights of any party to an executory contract or unexpired lease that has been assumed by the Debtors pursuant to an order of the Bankruptcy Court or the provisions of the Plan to enforce such assumed contract or lease.

**12.15  Exculpation and Limitation of Liability**

(a)  None of the Debtors, the Reorganized Debtors, their respective subsidiaries, Wachovia, or the Creditors Committee (as to itself or any of its members), or any of their respective present or former members, officers, directors, employees, advisors, Professionals, or agents, shall have or incur any liability to any holder of a Claim or an Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct.  The foregoing is not intended to limit or otherwise impact any defense of qualified immunity that may be available under applicable law.

(b)  Notwithstanding any other provision of the Plan, no holder of a Claim or an Interest, no other party-in-interest, none of their respective agents, employees, representatives, advisors, attorneys, or affiliates, and none of their respective successors or assigns shall have any right of action against any of the Debtors, any of the Reorganized Debtors, any of the Debtors' or Reorganized Debtors' subsidiaries, Wachovia, or the Creditors Committee, or of their respective present or former members, officers, directors, employees, advisors, Professionals, or agents, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct.



**Jay Skelton**
Chairman of the Board

August 9, 2006

To our Creditors:

On behalf of Winn-Dixie's board of directors and management team, I am pleased to forward our Disclosure Statement and Plan of Reorganization. Since Winn-Dixie's chapter 11 filing 18 months ago, thousands of employees have worked diligently to strengthen our business, particularly by focusing on improving our product offerings, customer service and shopping experience. Our new management team has implemented an across-the-board program to get the company back on track. We are very excited about the progress that has been made and are very appreciative of the tremendous support we have received – not only from our Associates, but from our customers, vendor partners, landlords, and the communities we serve.

The documents that are enclosed represent the culmination of a concerted effort by a large number of people to get Winn-Dixie out of chapter 11 and maximize its value to creditors. The Official Creditors Committee has brokered the compromise of the "substantive consolidation" dispute that is included in the Plan, which also has the support of the Ad Hoc Trade Committee and Ad Hoc Retirees Committee. Without the compromise, our chapter 11 case could be mired in expensive litigation for many years. We also appreciate that the Official Creditors Committee is supporting our emergence from chapter 11 by recommending to creditors a vote in favor of the Plan.

The Disclosure Statement and Plan are complicated legal documents – we wish they were shorter and simpler, but the rules of the chapter 11 process make it important to give creditors as much information about the company and its business as we can, and we have tried to do that. Those of you who are entitled to vote on the Plan will receive a ballot, which will let you vote to accept the Plan or not. Everyone at Winn-Dixie strongly encourages you to mark your ballot to "ACCEPT" the Plan and return it before the voting deadline of September 25, 2006, at

**Winn✓Dixie**
Getting better all the time.
Winn-Dixie Stores, Inc.
Corporate Headquarters
5050 Edgewood Court
P. O. Box B
Jacksonville, Florida
32203-0297

4:00 p.m. If we don't get creditor support, then we will not be able to emerge from chapter 11, which would be a result that would hurt everyone, but particularly our creditors.

If creditors vote to accept our Plan and the Court agrees, then we expect to emerge from chapter 11 as soon as late October 2006. When that occurs, with the exception of our CEO Peter Lynch, the current board of directors will resign, and a new board will take over the supervision of the reorganized Winn-Dixie. All of the current board members will do everything within their power to accomplish a smooth transition to the new board, to insure every possible success for Winn-Dixie.

Chapter 11 is a difficult process. Our board and management have witnessed the hardship caused to creditors, shareholders, and employees by this process. We believe, however, that the Plan offers the best possible opportunity for our creditors to recover as much as possible. I encourage you to mark the ballot to "ACCEPT" the Plan and to return your ballot before the deadline.

With best regards,

Sincerely,

*[signature]*

H. Jay Skelton
Chairman of the Board

Winn·Dixie
Getting better all the time.
Winn-Dixie Stores, Inc.
Corporate Headquarters
5050 Edgewood Court
P. O. Box B
Jacksonville, Florida
32203-0297

OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF WINN-DIXIE STORES, INC., *ET AL.*, DEBTORS
CHAPTER 11 CASE NO. 3:05-bk-03817-JAF JOINTLY ADMINISTERED

c/o Milbank, Tweed, Hadley & M$^c$Cloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

August 9, 2006

TO: UNSECURED CREDITORS OF WINN-DIXIE STORES, INC. AND ITS DIRECT AND INDIRECT DEBTOR SUBSIDIARIES

---

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Winn-Dixie Stores, Inc., *et al.*, debtors and debtors in possession (collectively, the "Debtors"), appointed pursuant to 11 U.S.C. § 1102, writes to advise you of our determinations as to the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, dated August 9, 2006 (the "Plan"). Any capitalized terms used but not defined herein have the meaning ascribed to such terms in the Plan.

> THE MEMBERS OF THE CREDITORS' COMMITTEE REPRESENTING THE INTERESTS OF ALL UNSECURED CREDITORS OF THE DEBTORS, UNANIMOUSLY SUPPORT THE PLAN, EXCEPT AS DESCRIBED BELOW, AND RECOMMEND THAT HOLDERS OF UNSECURED CLAIMS VOTE TO ACCEPT THE PLAN IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH ON THEIR BALLOTS. *Each Creditor must, however, make its own independent decision as to whether or not the Plan is acceptable to that Creditor before voting to accept or reject the Plan.*

**Formulation of Plan.** Since its formation on March 1, 2005, the Creditors' Committee has expended significant efforts investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses (including the operations of non-Debtor subsidiaries) and the desirability of continuing such businesses, and numerous other matters relevant to the formulation of a joint chapter 11 plan for the Debtors. In addition, as set forth more fully in the Disclosure Statement accompanying the Plan, we have worked with the Debtors for more than six (6) months to forge a compromise of complex issues relating to whether the Debtors' estates should be substantively consolidated in order to formulate the Plan. We believe that the compromise of substantive consolidation issues embodied in the Plan will provide the greatest potential recovery for unsecured creditors of the Debtors as a whole because, among other things, the Plan resolves the issue of substantive consolidation of the Debtors without expensive and time-consuming litigation, and facilitates an orderly and expeditious distribution of value to Creditors holding Allowed Unsecured Claims.

**Distributions.** The Plan provides that the Holders of Allowed Unsecured Claims (i.e., Holders of Allowed Noteholder Claims, Landlord Claims, Vendor/Supplier Claims, Retirement Plan Claims and Other Unsecured Claims) will receive 100% of the New Common Stock of Reorganized Winn-Dixie subject to dilution (of up to 10%) by New Common Stock that will be issued under the New Equity Incentive Plan.

**Substantive Consolidation Compromise.** As described in the Disclosure Statement, the Plan proposes, and its terms embody, a compromise and settlement, rather than litigation, of intercreditor issues relating to whether the liabilities and assets of the Debtors should be substantively consolidated for purposes of distributions under the Plan. We believe this settlement avoids the expense and delay of a litigation that would undoubtedly require lengthy discovery and court testimony regarding creditor reliance on the separateness or interrelatedness of the Debtors. Furthermore, establishing creditor reliance would not necessarily resolve the issue as parties could still assert, based on unsettled law, that consolidation was appropriate or inappropriate based on the state of the Debtors' financial records and the existence of intercorporate guarantees. Accordingly, based on, among other things, creditor support for the proposed settlement, the complexity of the litigation, the unanimous support of members of the Creditors' Committee and each party's likelihood of success, the proposed settlement is, in our view, in the best interests of the unsecured creditor body.

**Tail Insurance Coverage.** As described in the Disclosure Statement, the Debtors or the Reorganized Debtors, as the case may be, intend to purchase and maintain continuing director and officer insurance coverage in the amount of $200 million at an approximate cost of $10 million and for a tail period of six (6) years, for those directors and officers who were covered by director and officer insurance during the pendency of the Chapter 11 Case. THE CREDITORS' COMMITTEE HAS NOT AGREED TO THE DEBTORS' PURCHASE OF TAIL INSURANCE COVERAGE. THE CREDITORS' COMMITTEE HAS INFORMED THE DEBTORS THAT, ABSENT A CONSENSUAL RESOLUTION, IT RESERVES ALL OF ITS RIGHTS WITH RESPECT TO THIS ISSUE, INCLUDING, WITHOUT LIMITATION, OBJECTIONS TO THE PROVISION OF TAIL INSURANCE IN ANY AMOUNT AT THE CONFIRMATION HEARING AND SEEKING AN ORDER FROM THE BANKRUPTCY COURT SEVERING SUCH PROVISION FROM THE PLAN.

*The foregoing description summarizes only certain aspects of the compromise and other matters contained in the Plan and does not constitute any part of, and is not intended as a substitute for, the Disclosure Statement approved by the Court. Creditors should read the Plan and the accompanying Disclosure Statement (including, without limitation, all of the risk factors set forth therein) and attachments, exhibits and supplements in their entirety before voting on the Plan.*

The Debtors have provided you with a Ballot to vote to accept or reject the Plan. In order to have your vote counted, you must complete and return the Ballot in accordance with the procedure set forth therein and in the Disclosure Statement. PLEASE READ THE DIRECTIONS ON THE BALLOT CAREFULLY AND COMPLETE YOUR BALLOT IN ITS ENTIRETY BEFORE RETURNING IT TO THE DEBTORS' BALLOTING AGENT.

Please direct any questions regarding this letter and the matters discussed herein to co-counsel for the Creditors' Committee, Milbank, Tweed, Hadley & McCloy, LLP (Michael E. Comerford, 212-530-5318 or mcomerford@milbank.com).

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF WINN-DIXIE STORES, INC., *ET AL.*