UNITED STATES BANKRUPTY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 05-03817-3F1<br><br>(Jointly Administered) |

## SUPPLEMENTAL CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1. I am of legal age and I am not a party to this action.

2. I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims, Noticing and Tabulation Agent for the above-captioned Debtors.

3. On or about August 28, 2006, I caused the following to be served, in the manner set forth in the Solicitation and Tabulation Procedures Order entered on August 4, 2006:

- the **Notice of Executory Contracts and Unexpired Lease Parties with Respect to Debtors' Joint Plan of Reorganization**;
- the **Confirmation Hearing Notice**;
- the **Solicitation Letter from the Debtor**;
- the **Solicitation Letter from the Creditors' Committee**;
- the **Disclosure Statement [Refer to Docket No. 10057]**; and,
- the **Plan [Refer to Docket No. 10058]**,

to be inserted (as appropriate) in first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Supplemental Service List attached hereto as Exhibit A. A copy of the served documents as listed above (excluding the Disclosure Statement and Plan) is attached hereto as Exhibit B.

Dated: September 14, 2006

_____
Kathleen M. Logan

---

[1]   In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Code: V9

# EXHIBIT A
# SERVICE LIST

**DEBTOR:** WINN-DIXIE STORES, INC., ET AL.    **CASE:** 05-03817-3F1

| | | |
|---|---|---|
| CREDITOR ID: 416983-15<br>ACE AMERICAN INSURANCE COMPANY<br>C/O DUANE MORRIS LLP<br>ATTN MARGERY N. REED, ESQ<br>30 SOUTH 17TH STREET<br>PHILADELPHIA PA 19103-4196 | CREDITOR ID: 416983-15<br>ACE AMERICAN INSURANCE COMPANY<br>C/O ACE USA<br>ATTN COLLATERAL MANAGER<br>436 WALNUT STREET<br>PHILADELPHIA PA 19106 | CREDITOR ID: 533659-CN<br>AETNA CASUALTY & SURETY<br>ATTN: LEGAL DEPARTMENT<br>151 FARMINGTON AVENUE<br>HARTFORD CT 06156 |
| CREDITOR ID: 533660-CN<br>AGRICULTURAL EXCESS & SURPLUS<br>ATTN: LEGAL DEPARTMENT<br>580 WALNUT STREET, 12 FLOOR<br>CINCINNATI OH 45202 | CREDITOR ID: 533738-CN<br>ALLIANZ INSURANCE COMPANY<br>ATTN LEGAL DEPARTMENT<br>PO BOX 1344<br>MINNEAPOLIS MN 55416-1297 | CREDITOR ID: 533661-CN<br>ALLIED BAHAMAS INS CO, LTD<br>ATTN: LEGAL DEPARTMENT<br>PO BOX N-1216<br>93 COLLINS AVENUE<br>NASSAU BS |
| CREDITOR ID: 533715-CN<br>ALLIED WORLD ASSURANCE COMPANY<br>ATTN: LEGAL DEPARTMENT<br>43 VICTORIA STREET<br>HAMILTON  HM12<br>BERMUDA | CREDITOR ID: 533664-CN<br>AMERICAN & FOREIGN INS. CO<br>ATTN: LEGAL DEPARTMENT<br>595 MARKET ST<br>SAN FRANCISCO CA 94105 | CREDITOR ID: 533662-CN<br>AMERICAN ALT/MUNICH AMERICAN<br>ATTN: LEGAL DEPARTMENT<br>PO BOX 3210<br>ATLANTA GA 30302 |
| CREDITOR ID: 533663-CN<br>AMERICAN ALTERNATIVE INSURANCE<br>ATTN: LEGAL DEPARTMENT<br>PO BOX 5241<br>PRINCETON NJ 08543 | CREDITOR ID: 533665-CN<br>AMERICAN GUARANTEE & LIABILITY<br>ATTN: LEGAL DEPARTMENT<br>1400 AMERICAN LANE<br>SCHAUMBURG IL 60195 | CREDITOR ID: 410430-15<br>AMERICAN INSURANCE SVCES GRP, A DIV<br>INSURANCE SERVICES OFFICE, INC<br>ATTN JOSEPH P GIASI, JR, ESQ<br>545 WASHINGTON BOULEVARD<br>JERSEY CITY NJ 07310-1686 |
| CREDITOR ID: 533666-CN<br>APPALACHIAN INS CO.<br>ATTN: LEGAL DEPARTMENT<br>PO BOX 7500<br>JOHNSTON RI 02919 | CREDITOR ID: 533716-CN<br>ARCH INSURANCE<br>ATTN LEGAL DEPARTMENT<br>ONE LIBERTY PLAZA, 53RD FLOOR<br>NEW YORK NY 10006 | CREDITOR ID: 533667-CN<br>ASSICURAZIONI GENERALI SPA<br>ATTN: LEGAL DEPARTMENT<br>PIAZZA DUCA DEGLI<br>ABRUZZI 2<br>TRIESTE  1-34143<br>ITALIA |
| CREDITOR ID: 533717-CN<br>AXIS SPECIALTY<br>ATTN LEGAL DEPARTMENT<br>11680 GREAT OAKS WAY, STE 500<br>ALPHARETTA GA 30022 | CREDITOR ID: 533718-CN<br>AXIS SURPLUS<br>ATTN LEGAL DEPARTMENT<br>11680 GREAT OAKS WAY, STE 500<br>ALPHARETTA GA 30022 | CREDITOR ID: 533719-CN<br>AXIS US<br>ATTN: LEGAL DEPARTMENT<br>11680 GREAT OAKS WAY, STE 500<br>ALPHARETTA GA 30022 |
| CREDITOR ID: 533668-CN<br>BANKERS STD INS CO.<br>ATTN: LEGAL DEPARTMENT<br>436 WALNUT STREET<br>PHILADELPHIA PA 19105 | CREDITOR ID: 533669-CN<br>BELLEFONTE INS COMPANY<br>ATTN: LEGAL DEPARTMENT<br>709 CURTIS STREET<br>MIDDLETON OH 45044 | CREDITOR ID: 533734-CN<br>CALIBER ONE INDEMNITY<br>ATTN LEGAL DEPARTMENT<br>800 TOWNSHIP LINE ROAD<br>YARDLEY` PA 19067 |
| CREDITOR ID: 533670-CN<br>CENTRAL NATIONAL INS CO OF OMAHA<br>ATTN: LEGAL DEPARTMENT<br>11128 JOHN GALT BLVD<br>OMAHA NE 68137 | CREDITOR ID: 533671-CN<br>CENTURY INDEMNITY CO<br>ATTN: LEGAL DEPARTMENT<br>PO BOX 41484<br>PHILADELPHIA PA 19101 | CREDITOR ID: 533672-CN<br>CHUBB CUSTOM<br>ATTN: LEGAL DEPARTMENT<br>PO BOX 1615<br>WARREN NJ 07061 |
| CREDITOR ID: 533673-CN<br>CNA<br>ATTN: LEGAL DEPARTMENT<br>40 WALL STREET<br>NEW YORK NY 10005 | CREDITOR ID: 533674-CN<br>COLUMBIA CASUALTY<br>ATTN: LEGAL DEPARTMENT<br>333 S WABASH<br>CHICAGO IL 60604 | CREDITOR ID: 533731-CN<br>COMMERCIAL UNDERWRITERS INSURANCE<br>ATTN LEGAL DEPARTMENT<br>22720 MICHIGAN AVENUE, SUITE 210<br>DEARBORN MI 48124 |
| CREDITOR ID: 533729-CN<br>COMMONWEALTH INSURANCE COMPANY<br>ATTN LEGAL DEPARTMENT<br>1700 SEVENTH AVE., SUITE 1850<br>SEATTLE WA 98101-1397 | CREDITOR ID: 533675-CN<br>CONTINENTAL CASUALTY CO<br>ATTN: LEGAL DEPARTMENT<br>333 S WABASH<br>CHICAGO IL 60604 | CREDITOR ID: 533730-CN<br>EMPLOYERS INSURANCE COMPANY<br>ATTN LEGAL DEPARTMENT<br>PO BOX 8017<br>WAUSAU WI 54402-8017 |

**DEBTOR:** WINN-DIXIE STORES, INC., ET AL.                           **CASE:** 05-03817-3F1

| | | |
|---|---|---|
| CREDITOR ID: 533676-CN<br>EMPLOYERS REINSURANCE CORP<br>ATTN: LEGAL DEPARTMENT<br>PO BOX 2991<br>OVERLAND PARK KS 66201 | CREDITOR ID: 533736-CN<br>ENDURANCE SPECIALTY<br>ATTN LEGAL DEPARTMENT<br>90 PITTS BAY ROAD<br>PEMBROKE HM 08<br>BERMUDA | CREDITOR ID: 533735-CN<br>ESSEX INSURANCE CO<br>ATTN LEGAL DEPARTMENT<br>4521 HIGHWOODS PARKWAY<br>GLEN ALLEN VA 23060-6148 |
| CREDITOR ID: 533677-CN<br>FEDERAL INSURANCE COMPANY<br>ATTN: LEGAL DEPARTMENT<br>55 WATER STREET, 28TH FL<br>NEW YORK NY 10041 | CREDITOR ID: 410966-15<br>FIDELITY & GUARANTY INS CO, ET AL<br>BINGHAM MCCUTCHEN LLP<br>ATTN H HORWICH/S HRYNIEWICZ, ESQS<br>ONE STATE STREET<br>HARTFORD CT 06103 | CREDITOR ID: 410966-15<br>FIDELITY & GUARANTY INS CO, ET AL<br>ATTN JEFFREY FISHER, ESQ<br>5 BATTERSON PARK<br>FARMINGTON CT 06032 |
| CREDITOR ID: 533678-CN<br>FIDELITY AND CASUALTY OF NY<br>ATTN: LEGAL DEPARTMENT<br>333 S WABASH<br>CHICAGO IL 60604 | CREDITOR ID: 533679-CN<br>FIREMAN'S FUND<br>ATTN: LEGAL DEPARTMENT<br>777 SAN MARIN DRIVE<br>NOVATO CA 94998 | CREDITOR ID: 533680-CN<br>FIRST STATE INSURANCE CO<br>105 FEDERAL STREET<br>BOSTON MA 02110 |
| CREDITOR ID: 533681-CN<br>GREAT AMERICAN ASSURANCE<br>ATTN LEGAL DEPARTMENT<br>580 WALNUT STREET<br>CINCINNATI OH 45202 | CREDITOR ID: 533682-CN<br>GREAT AMERICAN INSURANCE CO<br>ATTN LEGAL DEPARTMENT<br>580 WALNUT STREET<br>CINCINNATI OH 45202 | CREDITOR ID: 533683-CN<br>HARBOR INSURANCE COMPANY<br>ATTN LEGAL DEPARTMENT<br>5416 S YALE AVENUE, STE 300<br>TULSA OK 74135 |
| CREDITOR ID: 533684-CN<br>HARTFORD SPECIALTY<br>ATTN LEGAL DEPARTMENT<br>2 PARK AVENUE, 5TH FL<br>NEW YORK NY 10016 | CREDITOR ID: 533685-CN<br>HIGHLANDS INSURANCE CO<br>ATTN LEGAL DEPARTMENT<br>TD BANK TOWER SUITE 4200<br>PO BOX 20<br>TORONTO ON M5K 1N6<br>CANADA | CREDITOR ID: 416984-15<br>ILLINOIS UNION INSURANCE COMPANY<br>C/O DUANE MORRIS LLP<br>ATTN MARGERY N. REED, ESQ<br>30 SOUTH 17TH STREET<br>PHILADELPHIA PA 19103-4196 |
| CREDITOR ID: 416984-15<br>ILLINOIS UNION INSURANCE COMPANY<br>C/O ACE USA<br>ATTN COLLATERAL MANAGER<br>436 WALNUT STREET<br>PHILADELPHIA PA 19106 | CREDITOR ID: 416982-15<br>INDEMNITY INSURANCE CO OF N AMERICA<br>C/O DUANE MORRIS LLP<br>ATTN MARGERY N. REED, ESQ<br>30 SOUTH 17TH STREET<br>PHILADELPHIA PA 19103-4196 | CREDITOR ID: 416982-15<br>INDEMNITY INSURANCE CO OF N AMERICA<br>C/O ACE USA<br>ATTN COLLATERAL MANAGER<br>436 WALNUT STREET<br>PHILADELPHIA PA 19106 |
| CREDITOR ID: 533686-CN<br>INSURANCE COMPANY OF NORTH AMERICA<br>ATTN LEGAL DEPARTMENT<br>436 WALNUT STREET<br>PHILADELPHIA PA 19106 | CREDITOR ID: 533687-CN<br>INTERNATIONAL INSURANCE CO<br>L'AVENIR OPLADEN WAY<br>BRACKNELL<br>BERKSHIRE RGAS 0PH<br>UNITED KINGDOM | CREDITOR ID: 533688-CN<br>INTERSTATE FIRE AND CASUALTY<br>ATTN: LEGAL DEPARTMENT<br>33 WEST MONROE STREET<br>CHICAGO IL 60603 |
| CREDITOR ID: 408360-37<br>KEMPER INSURANCE COMPANIES, THE<br>C/O WILDMAN HARROLD ALLEN & DIXON<br>ATTN D J FISHER & J C PASCHKE, ESQS<br>225 WEST WACKER DR<br>CHICAGO IL 60606 | CREDITOR ID: 533721-CN<br>LANCHASHIRE<br>ATTN LEGAL DEPARTMENT<br>44 CHURCH STREET EAST<br>HAMILTON HM HX<br>BERMUDA | CREDITOR ID: 533720-CN<br>LANDMARK AMERICAN INSURANCE<br>ATTN LEGAL DEPARTMENT<br>945 E PACES FERRY ROAD, STE 1800<br>ATLANTA GA 30326 |
| CREDITOR ID: 533689-CN<br>LEXINGTON INSURANCE CO<br>ATTN LEGAL DEPARTMENT<br>100 SUMMER STREEET<br>BOSTON MA 02110 | CREDITOR ID: 533722-CN<br>LLOYD'S OF LONDON<br>ATTN LEGAL DEPARTMENT<br>ONE LIME STREET<br>LONDON EC3M 7HA<br>UNITED KINGDOM | CREDITOR ID: 533724-CN<br>MAX RE<br>ATTN LEGAL DEPARTMENT<br>2 FRONT STREET<br>PO BOX HM 2565<br>HAMILTON HM 11<br>BERMUDA |
| CREDITOR ID: 411179-15<br>NATIONAL UNION FIRE INSURANCE CO<br>OF PITTSBURGH PA, ET AL<br>C/O AIG LAW DEPT - BANKRUPTCY<br>ATTN MICHELLE A LEVITT, ESQ.<br>70 PINE STREET, 31ST FLOOR<br>NEW YORK NY 10270 | CREDITOR ID: 533690-CN<br>NIAGRA FIRE<br>ATTN LEGAL DEPARTMENT<br>333 S WABASH<br>CHICAGO IL 60604 | CREDITOR ID: 533691-CN<br>NORTHFIELD INSURANCE CO<br>ATTN LEGAL DEPARTMENT<br>PO BOX 64816<br>ST PAUL MN 55164 |

**DEBTOR:** WINN-DIXIE STORES, INC., ET AL.  **CASE:** 05-03817-3F1

CREDITOR ID: 533732-CN
NUTMEG INSURANCE CO.
ATTN: LEGAL DEPARTMENT
HARTFORD PLAZA
HARTFORD CT 06115

CREDITOR ID: 405895-99
OHIO CASUALTY INSUR CO, THE
C/O HEDRICK DEWBERRY ET AL
ATTN: JEFFREY C REGAN
50 NORTH LAURA ST, STE 1600
JACKSONVILLE FL 32202

CREDITOR ID: 406146-15
OHIO CASUALTY INSURANCE CO, THE
C/O MANIER & HEROD
ATTN J FRANKS/T PENNINGTON, ESQS
150 FOURTH AVE N, SUITE 2200
NASHVILLE TN 37219-2494

CREDITOR ID: 257612-12
OHIO CASUALTY INSURANCE COMPANY
9450 SEWARD RD
FAIRFIELD OH 45014-5456

CREDITOR ID: 533692-CN
OLD REPUBLIC INSURANCE CO
ATTN LEGAL DEPARTMENT
PO BOX 789
GREENSBURG PA 15601

CREDITOR ID: 533693-CN
PACIFIC INSURANCE COMPANY
ATTN LEGAL DEPARTMENT
333 S WABASH
CHICAGO IL 60604

CREDITOR ID: 533723-CN
QUANTA
ATTN LEGAL DEPARTMENT
CUMBERLAND HOUSE 1
ONE VICTORIA STREET
HAMILTON  HM 11
BERMUDA

CREDITOR ID: 533694-CN
RANGER INSURANCE COMPANY
ATTN: LEGAL DEPARTMENT
PO BOX 2807
HOUSTON TX 77252

CREDITOR ID: 408335-15
RELIANCE INSURANCE CO
C/O OBERMAYER, REBMANN, ET AL
ATTN L J TABAS & D M RICHARDS, ESQS
ONE PENN CENTER
1617 JFK BLVD, 19TH FLOOR
PHILADELPHIA PA 19103

CREDITOR ID: 533695-CN
ROYAL INDEMNITY INSURANCE CO
ATTN LEGAL DEPARTMENT
930 ARROWPOINT BLVD
CHARLOTTE NC 28273

CREDITOR ID: 533696-CN
ROYAL INSURANCE CO
ATTN LEGAL DEPARTMENT
930 ARROWPOINT BLVD
CHARLOTTE NC 28273

CREDITOR ID: 408205-15
SAFECO INSURANCE COMPANY OF AMERICA
C/O TORRE LENTZ GAMELL ET AL
ATTN LAWRENCE S NOVAK, ESQ
100 JERICHO QUADRANGLE, SUITE 309
JERICHO NY 11753-2702

CREDITOR ID: 408205-15
SAFECO INSURANCE COMPANY OF AMERICA
C/O TORRE LENTZ GAMELL ET AL
ATTN BENJAMIN D LENTZ, ESQ
100 JERICHO QUADRANGLE, SUITE 309
JERICHO NY 11783

CREDITOR ID: 533697-CN
SCOTTSDALE INSURANCE CO
ATTN LEGAL DEPARTMENT
8877 N GAINEY CENTER DRIVE
SCOTTSDALE AZ 85258

CREDITOR ID: 533737-CN
SHEFFIELD INSURANCE CO
ATTN LEGAL DEPARTMENT
214 CENTERVIEW DRIVE, STE 259
BRENTWOOD TN 37027-5274

CREDITOR ID: 533725-CN
SR INTERNATIONAL BUSINESS INSURANCE
71-77 LEADENHALL STREET
LONDON  EC3A 2PQ
ENGLAND

CREDITOR ID: 533698-CN
ST PAUL FIRE & MARINE
ATTN LEGAL DEPARTMENT
385 WASHINGTON STREET
ST PAUL MN 55102

CREDITOR ID: 533699-CN
ST PAUL SURPLUS LINES
ATTN LEGAL DEPARTMENT
385 WASHINGTON STREET
ST PAUL MN 55102

CREDITOR ID: 533726-CN
ST PAUL TRAVELERS
ATTN LEGAL DEPARTMENT
385 WASHINGTON STREET
ST PAUL MN 55102

CREDITOR ID: 533700-CN
STATE COMPENSATION INSURANCE FUND
ATTN LEGAL DEPARTMENT
PO BOX 420807
SAN FRANCISCO CA 94142

CREDITOR ID: 406030-15
STATE OF OHIO WORKERS COMP BUREAU
ATTORNEY GENERAL STATE OF OHIO
ATTN ANGELA HUFFMAN
COLLECTION ENFORCEMENT
150 E GAY ST, 21ST FLOOR
COLUMBUS OH 43215

CREDITOR ID: 406030-15
STATE OF OHIO WORKERS COMP BUREAU
LAW SECTION, BANKR UNIT
ATTN LARRY RHODEBECK, ESQ
30 W SPRING STREET
PO BOX 15567
COLUMBUS OH 43215-0567

CREDITOR ID: 533701-CN
SUMMIT INSURANCE CO LTD
ATTN LEGAL DEPARTMENT
GRAHAM THOMPSON & CO
SASSOON HOUSE
SHIRLEY ST & VICTORIA AVE
NASSAU
BAHAMAS

CREDITOR ID: 533702-CN
TRANSAMERICA
ATTN LEGAL DEPARTMENT
4333 EDGEWOOD ROAD NE
CEDAR RAPIDS IA 52449

CREDITOR ID: 533703-CN
TRANSCONTINENTAL
ATTN LEGAL DEPARTMENT
333 SOUTH WABASH
CHICAGO IL 60604

CREDITOR ID: 533704-CN
TRAVELERS IND
ATTN LEGAL DEPARTMENT
ONE TOWER SQUARE
HARTFORD CT 06183

CREDITOR ID: 533733-CN
UNITED FIRE & CASUALTY CO
ATTN LEGAL DEPARTMENT
PO BOX 73909
CEDAR RAPIDS IA 52407-3909

CREDITOR ID: 533706-CN
UNITED NATIONAL INSURANCE CO
ATTN LEGAL DEPARTMENT
THREE BALA PLAZA E, STE 300
BALA CYNWYD PA 19004

CREDITOR ID: 410965-15
US FIDELITY & GUARANTY CO, ET AL
BINGHAM MCCUTCHEN LLP
ATTN H HORWICH/S HRYNIEWICZ, ESQS
ONE STATE STREET
HARTFORD CT 06103

CREDITOR ID: 410965-15
US FIDELITY & GUARANTY CO, ET AL
ATTN JEFFREY FISHER, ESQ
5 BATTERSON PARK
FARMINGTON CT 06032

**EXHIBIT A - SUPPLEMENTAL SERVICE LIST**
**Executory Contracts and Unexpired Leases**

Page 4 of 4

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                                                                             **CASE:  05-03817-3F1**

| | | |
|---|---|---|
| CREDITOR ID: 533705-CN<br>US FIRE INSURANCE COMPANY<br>ATTN LEGAL DEPARTMENT<br>225 LIBERTY ST 28TH FLOOR<br>NEW YORK NY 10281 | CREDITOR ID: 533727-CN<br>WESTCHESTER SURPLUS LINES<br>ATTN LEGAL DEPARTMENT<br>436 WALNUT STREET<br>PHILADELPHIA PA 19106 | CREDITOR ID: 533728-CN<br>WINTERTHUR INTERNATIONAL AMERICAN<br>ATTN LEGAL DEPARTMENT<br>ONE GENERAL DRIVE<br>SUN PRAIRIE WI 53596 |
| CREDITOR ID: 533707-CN<br>XL INSURANCE CO, LTD<br>ATTN LEGAL DEPARTMENT<br>XL HOUSE<br>70 GRACECHURCH STREET<br>LONDON  EC3V 0XL<br>UNITED KINGDON | CREDITOR ID: 533708-CN<br>XL INSURANCE COMPANY<br>13777 BALLANTYNE CORP PLACE<br>CHARLOTTE NC 28277 | CREDITOR ID: 533709-CN<br>ZURICH NORTH AMERICA<br>ATTN LEGAL DEPARTMENT<br>1400 AMERICAN LANE<br>SCHAUMBURG IL 60196 |

Total:   96

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

**NOTICE TO EXECUTORY CONTRACT AND UNEXPIRED LEASE PARTIES**
**WITH RESPECT TO DEBTORS' JOINT PLAN OF REORGANIZATION**

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida  32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia  31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia  31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Madison, Florida  32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana  70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama  36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina  27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6078837 |

**TO:    PARTIES TO EXECUTORY CONTRACTS**
**PARTIES TO UNEXPIRED LEASES**

**PLEASE TAKE NOTICE THAT:**

1.    On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan") from those holders of impaired Claims who are (or may be) entitled to receive distributions under the Plan. Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

2.    In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.    **You are receiving this notice because you may be a party to an agreement or other arrangement with the Debtors that could be construed to be an executory contract or unexpired lease. If so, depending on the status of your contract or lease, including whether or not your contract or lease has been assumed or rejected, you may not yet have a Claim against the Debtors that would entitle you to receive a ballot or other notice of the Plan pursuant to the Solicitation Procedures Order. Alternatively, if you have a Claim, this notice may be supplementary to other materials or notices you have received concerning the Plan. In either case, you are entitled to participate in the Debtors' chapter 11 cases, including by filing objections to confirmation of the Plan. (The Debtors reserve the right to challenge the characterization of any agreement or other arrangement and to maintain that any such agreement or other arrangement is not an executory contract or unexpired lease.)**

4.    PARTIES TO EXECUTORY CONTRACTS OR UNEXPIRED LEASES THAT HAVE NOT YET BEEN ASSUMED OR REJECTED

SHOULD BE AWARE OF THE FOLLOWING PROVISIONS IN THE PLAN:

7.1 **Rejection of Executory Contracts and Unexpired Leases**

Except as otherwise provided in the Plan, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, as of the Effective Date, each Debtor shall be deemed to have rejected each pre-petition executory contract and unexpired lease to which it is a party unless such executory contract or unexpired lease (a) was previously assumed or rejected upon motion by a Final Order, (b) previously expired or terminated pursuant to its own terms, or (c) is the subject of any pending motion, including to assume, to assume on modified terms, to reject or to make any other disposition filed by a Debtor on or before the Confirmation Date. The Confirmation Order shall constitute an order of the Bankruptcy Court under Section 365(a) of the Bankruptcy Code approving the rejections of pre-petition executory contract and unexpired leases described above, as of the Effective Date.

7.2 **Rejection Damages Bar Date for Rejections Pursuant to Plan**

**If the rejection of an executory contract or unexpired lease pursuant to the Plan results in a Claim, then such Claim shall be forever barred and shall not be enforceable against any Debtor or Reorganized Debtor or the properties of any of them unless a Proof of Claim is filed with the claims agent and served upon counsel to the Reorganized Debtors within thirty (30) days after entry of the Confirmation Order. The foregoing applies only to Claims arising from the rejection of an executory contract or unexpired lease; any other Claims held by a party to a rejected contract or lease shall have been evidenced by a Proof of Claim filed by earlier applicable bar dates or shall be barred and unenforceable.**

7.3 **Assumption of Executory Contracts and Unexpired Leases**

The Debtors reserve the right, at any time prior to the Effective Date, except as otherwise specifically provided in the Plan, to seek to assume any executory contract or unexpired lease to which any Debtor is a party and to file a motion requesting authorization for the assumption of any such executory contract or unexpired lease.

7.4 **Cure Rights for Executory Contracts and Unexpired Leases Assumed Under Plan**

Any monetary amounts by which each executory contract and unexpired lease to be assumed pursuant to the Plan is in default shall be satisfied, under Section 365(b)(1) of the Bankruptcy Code, by Cure. If there is a dispute regarding (a) the nature or amount of any Cure, (b) the ability of any Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of Section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (c) any other matter pertaining to assumption, Cure shall occur following the entry of a Final Order by the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that the Reorganized Debtors shall be authorized to reject any executory contract or unexpired lease to the extent the Reorganized Debtors, in the exercise of their sound business judgment, conclude that the amount of the Cure obligation as determined by such Final Order, renders assumption of such executory contract or unexpired lease unfavorable to the Reorganized Debtors.

7.5 **Assignment of Assumed Real Property Leases**

As of the Effective Date, except to the extent otherwise determined by the Debtors, all real property leases as to which the assumption by the Debtors under Section 365(a) of the Bankruptcy Code has been approved by order of the Bankruptcy Court shall be assigned to Winn-Dixie Real Estate under Section 365(f) of the Bankruptcy Code, and the Confirmation Order shall specifically provide for the approval of such assignments. On or as soon as reasonably practicable after the Effective Date, the Debtors shall provide documentary evidence of each such assignment to the applicable lessor and, if necessary, shall record such document in the real property records of the applicable jurisdiction. Notwithstanding such assignments, the original Debtor lessee under any such real property lease, and any Debtor guarantor thereof, shall continue to be obligated on the lease to the full extent of their respective obligations as such obligations existed prior to the assignment to Winn-Dixie Real Estate.

7.6 **Assumption of Vendor Agreements**

In the event that there is in effect between the Debtors and any vendor immediately prior to the Effective Date any electronic interchange trading partner agreement, open credit terms agreement, corporate reclamation agreement, reclamation disposition agreement, hold harmless agreement, less-than-truckhold program agreement, or similar agreement, and any such agreement is considered to be an executory contract and is not otherwise terminated or rejected by the Debtors, such agreement shall be deemed to be assumed pursuant to Section 365 of the Bankruptcy Code under the Plan; provided, however, that no Cure shall be owed with respect to any such agreement, and in the event that a vendor asserts any Cure, at the election of the Debtors such vendor's agreement shall not be deemed assumed and shall instead be deemed rejected pursuant to Section 7.1 of the Plan.

7.7 **Assumption of Utility Service Agreements**

In the event that there is in effect between the Debtors and any utility immediately prior to the Effective Date, with respect to any operating facility of the Debtors, any utility service agreement or related agreement providing a reduced rate to the Debtors, which agreement has not been previously assumed, rejected or terminated, but is considered to be an executory contract, such agreement shall be deemed to be assumed pursuant to Section 365 of the Bankruptcy Code under the Plan; provided, however, that no Cure shall be owed with respect to any such agreement, and in the event that a utility asserts any Cure, at the election of the Debtors such utility's agreement shall not be deemed assumed and shall instead be deemed rejected pursuant to Section 7.1 of the Plan.

7.8 **Assumption of Governmental Licenses**

In the event that any license granted to the Debtors by a governmental unit, and in effect immediately prior to the Effective Date, is considered to be an executory contract and is not otherwise terminated or rejected by the Debtors, such license shall be deemed to be assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

7.9 **Treatment of Compensation and Benefit Programs**

(a) Except to the extent (i) otherwise provided for in the Plan, (ii) previously assumed or rejected by an order of the Bankruptcy Court entered on or before the Confirmation Date, (iii) the subject of a pending motion to reject filed by a Debtor on or before the Confirmation Date, or (iv) previously terminated, all employee compensation and benefit programs of the Debtors in effect during the pendency of the Chapter 11 Case, including all health and welfare plans, 401(k) plans, pension plans within the meaning of Title IV of the Employee Retirement Income Security Act of 1974, as amended, and all benefits subject to Sections 1114 and 1129(a)(13) of the Bankruptcy Code, entered into before or after the Petition Date and in effect during the pendency of the Chapter 11 Case, shall be deemed to be, and shall be treated as though they are, executory contracts that are assumed pursuant to Section 365 of the

Bankruptcy Code under the Plan. Nothing contained herein shall be deemed to modify the existing terms of such employee compensation and benefit programs, including, without limitation, the Debtors' and the Reorganized Debtors' rights of termination and amendment thereunder.

(b) The Employee Retention and Severance Order is incorporated herein by reference. All rights, claims, interests, entitlements, and obligations of the Debtors under the retention and severance plans or agreements authorized by the Employee Retention and Severance Order shall continue in full force and effect after the Effective Date as rights, claims, interests, entitlements, and obligations of the Reorganized Debtors.

(c) Benefit accruals under the MSP and SRP, and related trust and individual agreements, ceased as of the Petition Date; and no further benefits shall be payable under such plans, or related trust or individual agreements, as of October 31, 2006. To the extent any additional rights, obligations, or Claims exist under the MSP and SRP, or related trust or individual agreements, such rights, obligations, or Claims shall be extinguished and terminated in full as of the Effective Date. To the extent such plans, or related trust or individual agreements (and any separate agreements that may incorporate such plans and agreements) are considered to be executory contracts, such plans, and related trust and individual agreements (and any separate agreements that may incorporate such plans and agreements) shall be deemed to be rejected pursuant to Section 365 of the Bankruptcy Code under the Plan. The Claims of all vested participants in the MSP or SRP plans shall be calculated as of the Petition Date without post-petition interest or other accruals, and without regard to service completed after the Petition Date, and shall be treated under the Plan as Retirement Plan Claims or, to the extent applicable, MSP Death Benefit Claims.

(d) As of the Effective Date, any and all stock based incentive plans or stock ownership plans of the Debtors entered into before the Effective Date, or other agreements or documents giving rise to Winn-Dixie Interests, including the contingent cash components of any such plans, agreements, or documents, shall be terminated. To the extent such plans, agreements, or documents are considered to be executory contracts, such plans, agreements, or documents shall be deemed to be, and shall be treated as though they are, executory contracts that are rejected pursuant to Section 365 of the Bankruptcy Code under the Plan. Any Claims resulting from such rejection shall constitute Subordinated Claims, except that Claims for contingent cash shall constitute Other Unsecured Claims.

7.10 **Certain Indemnification Obligations Owed by Debtors**

(a) Indemnification Obligations owed to directors, officers, and employees of the Debtors (or the estates of any of the foregoing) who served or were employed by the Debtors as of or after the Petition Date for claims arising after the Petition Date, excluding claims resulting from gross negligence, willful misconduct, breach of fiduciary duty, or intentional tort, shall be deemed to be, and shall be treated as though they are, executory contracts that are assumed pursuant to Sections 365 of the Bankruptcy Code under the Plan. Indemnification Obligations owed to any such directors, officers, and employees of the Debtors (or the estates of any of the foregoing) for claims arising before the Petition Date or for claims resulting from gross negligence, willful misconduct, breach of fiduciary duty, or intentional tort, shall be deemed to be, and shall be treated as though they are, executory contracts that are rejected pursuant to Section 365 of the Bankruptcy Code under the Plan.

(b) All Indemnification Obligations owed to directors, officers, and employees of the Debtors who served or were employed by the Debtors prior to, but not after, the Petition Date shall be deemed to be, and shall be treated as though they are, executory contracts that are rejected pursuant to Section 365 of the Bankruptcy Code under the Plan.

(c) Indemnification Obligations owed to any Professionals retained pursuant to Sections 327 or 328 of the Bankruptcy Code and order of the Bankruptcy Court, to the extent that such Indemnification Obligations relate to the period after the Petition Date, shall be deemed to be, and shall be treated as though they are, executory contracts that are assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

7.11 **Continuing Obligations Owed to Debtors**

(a) Any confidentiality agreement entered into between any of the Debtors and any supplier of goods or services requiring the parties to maintain the confidentiality of each other's proprietary information shall be deemed to be, and shall be treated as though it is, an executory contract that is assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

(b) Any indemnity agreement entered into between any of the Debtors and any supplier of goods or services requiring the supplier to provide insurance in favor of any of the Debtors, to warrant or guarantee such supplier's goods or services, or to indemnify any of the Debtors for claims arising from the goods or services shall be deemed to be, and shall be treated as though it is, an executory contract that is assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

(c) Continuing obligations of third parties to the Debtors under insurance policies, contracts, or leases that have otherwise ceased to be executory or have otherwise expired on or prior to the Effective Date, including, without limitation, continuing obligations to pay insured claims, to defend against and process claims, to refund premiums or overpayments, to provide indemnification, contribution or reimbursement, to grant rights of first refusal, to maintain confidentiality, or to honor releases, shall continue and shall be binding on such third parties notwithstanding any provision to the contrary in the Plan, unless otherwise specifically terminated by the Debtors or by order of Bankruptcy Court. The deemed rejection provided by Section 7.1 of the Plan shall not apply to any such continuing obligations.

(d) To the extent any insurance policy under which the insurer has a continuing obligation to pay the Debtors or a third party on behalf of the Debtors is held by the Bankruptcy Court to be an executory contract and is not otherwise assumed in accordance with Section 7.3 of the Plan, such insurance policy shall be treated as though it is an executory contract that is assumed pursuant to Section 365 of the Bankruptcy Code under the Plan. Any and all Claims (including Cure) arising under or related to any insurance policies or related insurance agreements that are assumed by the Debtors prior to or as of the Effective Date: (i) shall not be discharged; (ii) shall be Allowed Administrative Claims; and (iii) shall be paid in full in the ordinary course of business of the Reorganized Debtors as set forth in Section 4.1(a) of the Plan.

7.12 **Limited Extension of Time to Assume or Reject**

(a) In the event of a dispute as to whether a contract or lease is executory or unexpired, the right of the Debtors or the Reorganized Debtors to move to assume or reject such contract or lease shall be extended until the date that is thirty (30) days after entry of a Final Order by the Bankruptcy Court determining that the contract or lease is executory or unexpired. The deemed rejection provided for in Section 7.1 of the Plan shall not apply to any such contract or lease.

(b) In the event the Debtors or the Reorganized Debtors become aware after the Confirmation Date of the existence of an executory contract or unexpired lease that was not included in the Schedules, the right of the Reorganized Debtors to move to assume or reject such contract or lease shall be extended until the date that is thirty (30) days after the date on which the Debtors or the Reorganized Debtors become aware of the existence of such contract or lease. The deemed rejection provided for in Section 7.1 of the Plan shall not apply to any such contract or lease.

7.13 **Post-petition Contracts and Leases**

The Debtors shall not be required to assume or reject any contract or lease entered into by the Debtors after the Petition Date. Any such contract or lease shall continue in effect in accordance with its terms after the Effective Date, unless the Debtor has obtained a Final Order of the Bankruptcy Court approving rejection of such contract and lease.

7.14 **Treatment of Claims Arising From Assumption or Rejection**

All Allowed Claims arising from the assumption of any executory contract or unexpired lease shall be treated as Administrative Claims pursuant to Section 4.1(a) of the Plan; all Allowed Claims arising from the rejection of an executory contract or unexpired lease shall be treated, to the extent applicable, as Landlord Claims, Vendor/Supplier Claims, Retirement Plan Claims, Other Unsecured Claims, or Subordinated Claims, unless otherwise ordered by Final Order of the Bankruptcy Court; and all other Allowed Claims relating to an executory contract or unexpired lease shall have such status as they may be entitled to under the Bankruptcy Code as determined by Final Order of the Bankruptcy Court.

5. A hearing to consider confirmation of the Plan will be held on **October 13, 2006, at 9:00 a.m. (Eastern Time)**, before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

6. No later than **September 25, 2006, at 4:00 p.m. (Eastern Time)**, all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

7. If you are a party to an executory contract or unexpired lease that has not yet been assumed or rejected, but that if rejected would potentially give rise to a rejection damage claim, and if you would like to cast a vote in the amount of any resulting rejection damage claim on a contingent basis, you will be permitted to cast a contingent vote if you: (a) on or before **September 25, 2006, at 4:00 p.m. (Eastern Time)**, deliver to the Voting Agent (Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190), E-mail: winninfo@loganandco.com), with a copy to the Debtors' counsel and the Creditors Committee's counsel, a written request for a special ballot to vote a contingent rejection damage claim, specifying therein the amount of your possible rejection damage claim, and (b) properly complete and return the special ballot on or before the Voting Deadline. The procedures for requesting a special vote to cast a contingent vote, including the deadline of September 25, 2006, established by the Bankruptcy Court for delivering such requests, are set forth in the Solicitation Procedures Order. PLEASE NOTE THAT THE VOTING DEADLINE IS SEPTEMBER 25, 2006, SO YOU MUST DELIVER YOUR WRITTEN REQUEST IN TIME TO BOTH RECEIVE YOUR SPECIAL BALLOT AND RETURN IT TO THE VOTING AGENT BY THE VOTING DEADLINE. If you have otherwise received a ballot with respect to a prepetition Claim owing under your contract or lease, that Claim will be aggregated with your rejection damage claim and you will be counted as having one vote for purposes of numerosity. If your contract or lease is assumed by the Confirmation Date, your vote will not be counted.

8. If you are a party to an executory contract or unexpired lease that is subsequently rejected, potentially giving rise to a rejection damage claim, that rejection damage claim may be an Unsecured Claim in Class 13, 14 or 16 of the Plan. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14 or 16 is entitled to elect via a Claim Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Claim Reduction Form must be received on or before **September 25, 2006, at 4:00 p.m. (Eastern Time)**, by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. The election will be effective only if you are determined to have an Allowed Unsecured Claim. If funds are no longer available at the time the Claim Reduction Form is received, the election will be disregarded, and you will receive New Common Stock on account of your Allowed Unsecured Claim. To ensure that you are provided with the right to make the election even though you are not now considered to have an Allowed Unsecured Claim, you may obtain a Claim Reduction Form by delivering to Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043, E-mail: winninfo@loganandco.com, a written request for a Claim Reduction Form, identifying therein the contract or lease upon which your Claim is based and describing the nature of your Claim.

9. The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

10. Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190, E-mail: winninfo@loganandco.com.

Dated: August 9, 2006

| | |
|---|---|
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin | James H. Post, Cynthia C. Jackson, Leanne Prendergast |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida 32202 |
| | |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Debtors. ) | Jointly Administered |

### NOTICE OF HEARING TO CONSIDER CONFIRMATION OF, AND DEADLINE FOR OBJECTING TO, DEBTORS' JOINT PLAN OF REORGANIZATION

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST AND INTERESTS IN ANY OF THE FOLLOWING DEBTORS:**

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida  32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia  31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia  31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Madison, Florida  32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana  70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama  36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina  27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6078837 |

**PLEASE TAKE NOTICE THAT:**

     1.    On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

2. In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3. A hearing to consider confirmation of the Plan will be held on October 13, 2006, at 9:00 a.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

4. No later than September 25, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

5. **THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS. THE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE.**

6. The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

7. Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

Dated: August 9, 2006

| | |
|---|---|
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin | James H. Post, Cynthia C. Jackson, Leanne Prendergast |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida 32202 |
| | |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN PLAN

**12.12 Releases and Related Matters**

(a) Releases by Debtors

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Reorganized Debtors and any Person seeking to exercise the rights of the Debtors' estate, including, without limitation, any successor to the Debtors or any estate representative appointed or selected pursuant to Section 1123(b)(3) of the Bankruptcy Code, shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including claims or causes of action arising under Chapter 5 of the Bankruptcy Code), and liabilities whatsoever in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights of the Debtors and the Reorganized Debtors to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction,

event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, and that may be asserted by or on behalf of the Debtors, the Estates, or the Reorganized Debtors against (i) any of the other Debtors and any of the Debtors' non-Debtor subsidiaries, (ii) any of the present or former directors, officers, or employees of any of the Debtors or any of the Debtors' non-Debtor subsidiaries, (iii) any Professionals of the Debtors, (iv) Wachovia and its advisors, and (v) the Creditors Committee, its members, and its and their advisors, respectively (but not its members in their individual capacities); provided, however, that nothing in this Section 12.12(a) shall be deemed to prohibit the Debtors or the Reorganized Debtors from asserting and enforcing any claims, obligations, suits, judgments, demands, debts, rights, causes of action or liabilities they may have against any employee (other than any director or officer) that is based upon an alleged breach of a confidentiality, noncompete, or any other contractual or fiduciary obligation owed to the Debtors or the Reorganized Debtors.

(b)     Releases by Holders of Claims

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

**12.13    Discharge of the Debtors**

(a)     Except as otherwise provided herein or in the Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against the Debtors or any of their assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims, upon the Effective Date, the Debtors, and each of them, shall (i) be deemed discharged and released under Section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in Section 502 of the Bankruptcy Code, whether or not (A) a Proof of Claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (B) a Claim based upon such debt is Allowed under Section 502 of the Bankruptcy Code, (C) a Claim based upon such debt is or has been disallowed by order of the Bankruptcy Court, or (D) the holder of a Claim based upon such debt accepted the Plan, and (ii) terminate all Winn-Dixie Interests.

(b)     As of the Effective Date, except as provided in the Plan or the Confirmation Order or under the terms of the documents evidencing and orders approving the DIP Facility and/or the Exit Facility, all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors, any other or further claims, debts, rights, causes of action, claims for relief, liabilities, or equity interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date. In accordance with the foregoing, except as provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtors and termination of all Winn-Dixie Interests, pursuant to Sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtors at any time, to the extent that such judgment relates to a discharged Claim or terminated Interest.

**12.14    Injunction**

(a)     Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim or other debt or liability that is discharged or an Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors, the Reorganized Debtors, and their respective subsidiaries or their property on account of any such discharged Claims, debts, or liabilities or terminated Interests or rights: (i) commencing or

continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors or the Reorganized Debtors; or (v) commencing or continuing any action, in each such case in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(b)     As of the Effective Date, all Persons that have held, currently hold, or may hold, a Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, or liability that is released, or an Interest that is terminated, pursuant to Section 12.11, 12.12, or 12.13 of the Plan are permanently enjoined from taking any of the following actions on account of such released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities, or such terminated Interests: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff against any debt, liability, or obligation due to any released Person; or (v) commencing or continuing any action, in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(c)     Without limiting the effect of the foregoing provisions of this Section 12.14 upon any Person, by accepting distributions pursuant to the Plan, each holder of an Allowed Claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section 12.14.

(d)     Nothing in this Section 12.14 shall impair (i) the rights of any holder of a Disputed Claim to establish its Claim in response to an objection filed by the Debtors or the Reorganized Debtors, (ii) the rights of any defendant in an avoidance action filed by the Reorganized Debtors to assert defenses in such action, or (iii) the rights of any party to an executory contract or unexpired lease that has been assumed by the Debtors pursuant to an order of the Bankruptcy Court or the provisions of the Plan to enforce such assumed contract or lease.

**12.15    Exculpation and Limitation of Liability**

(a)     None of the Debtors, the Reorganized Debtors, their respective subsidiaries, Wachovia, or the Creditors Committee (as to itself or any of its members), or any of their respective present or former members, officers, directors, employees, advisors, Professionals, or agents, shall have or incur any liability to any holder of a Claim or an Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct.  The foregoing is not intended to limit or otherwise impact any defense of qualified immunity that may be available under applicable law.

(b)     Notwithstanding any other provision of the Plan, no holder of a Claim or an Interest, no other party-in-interest, none of their respective agents, employees, representatives, advisors, attorneys, or affiliates, and none of their respective successors or assigns shall have any right of action against any of the Debtors, any of the Reorganized Debtors, any of the Debtors' or Reorganized Debtors' subsidiaries, Wachovia, or the Creditors Committee, or of their respective present or former members, officers, directors, employees, advisors, Professionals, or agents, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct.



**Jay Skelton**
Chairman of the Board

August 9, 2006

To our Creditors:

    On behalf of Winn-Dixie's board of directors and management team, I am pleased to forward our Disclosure Statement and Plan of Reorganization. Since Winn-Dixie's chapter 11 filing 18 months ago, thousands of employees have worked diligently to strengthen our business, particularly by focusing on improving our product offerings, customer service and shopping experience. Our new management team has implemented an across-the-board program to get the company back on track. We are very excited about the progress that has been made and are very appreciative of the tremendous support we have received – not only from our Associates, but from our customers, vendor partners, landlords, and the communities we serve.

    The documents that are enclosed represent the culmination of a concerted effort by a large number of people to get Winn-Dixie out of chapter 11 and maximize its value to creditors. The Official Creditors Committee has brokered the compromise of the "substantive consolidation" dispute that is included in the Plan, which also has the support of the Ad Hoc Trade Committee and Ad Hoc Retirees Committee. Without the compromise, our chapter 11 case could be mired in expensive litigation for many years. We also appreciate that the Official Creditors Committee is supporting our emergence from chapter 11 by recommending to creditors a vote in favor of the Plan.

    The Disclosure Statement and Plan are complicated legal documents – we wish they were shorter and simpler, but the rules of the chapter 11 process make it important to give creditors as much information about the company and its business as we can, and we have tried to do that. Those of you who are entitled to vote on the Plan will receive a ballot, which will let you vote to accept the Plan or not. Everyone at Winn-Dixie strongly encourages you to mark your ballot to "ACCEPT" the Plan and return it before the voting deadline of September 25, 2006, at

**Winn✓Dixie**
Getting better all the time.
Winn-Dixie Stores, Inc.
Corporate Headquarters
5050 Edgewood Court
P. O. Box B
Jacksonville, Florida
32203-0297

4:00 p.m. If we don't get creditor support, then we will not be able to emerge from chapter 11, which would be a result that would hurt everyone, but particularly our creditors.

If creditors vote to accept our Plan and the Court agrees, then we expect to emerge from chapter 11 as soon as late October 2006. When that occurs, with the exception of our CEO Peter Lynch, the current board of directors will resign, and a new board will take over the supervision of the reorganized Winn-Dixie. All of the current board members will do everything within their power to accomplish a smooth transition to the new board, to insure every possible success for Winn-Dixie.

Chapter 11 is a difficult process. Our board and management have witnessed the hardship caused to creditors, shareholders, and employees by this process. We believe, however, that the Plan offers the best possible opportunity for our creditors to recover as much as possible. I encourage you to mark the ballot to "ACCEPT" the Plan and to return your ballot before the deadline.

With best regards,

Sincerely,

*[signature]*

H. Jay Skelton
Chairman of the Board

Winn✓Dixie
Getting better all the time.
Winn-Dixie Stores, Inc.
Corporate Headquarters
5050 Edgewood Court
P. O. Box B
Jacksonville, Florida
32203-0297

OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF WINN-DIXIE STORES, INC., *ET AL.*, DEBTORS
CHAPTER 11 CASE NO. 3:05-bk-03817-JAF JOINTLY ADMINISTERED

c/o Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

August 9, 2006

TO:   UNSECURED CREDITORS OF WINN-DIXIE STORES, INC. AND ITS DIRECT AND INDIRECT DEBTOR SUBSIDIARIES

---

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Winn-Dixie Stores, Inc., *et al.*, debtors and debtors in possession (collectively, the "Debtors"), appointed pursuant to 11 U.S.C. § 1102, writes to advise you of our determinations as to the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, dated August 9, 2006 (the "Plan"). Any capitalized terms used but not defined herein have the meaning ascribed to such terms in the Plan.

> THE MEMBERS OF THE CREDITORS' COMMITTEE REPRESENTING THE INTERESTS OF ALL UNSECURED CREDITORS OF THE DEBTORS, UNANIMOUSLY SUPPORT THE PLAN, EXCEPT AS DESCRIBED BELOW, AND RECOMMEND THAT HOLDERS OF UNSECURED CLAIMS VOTE TO ACCEPT THE PLAN IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH ON THEIR BALLOTS. *Each Creditor must, however, make its own independent decision as to whether or not the Plan is acceptable to that Creditor before voting to accept or reject the Plan.*

**Formulation of Plan.** Since its formation on March 1, 2005, the Creditors' Committee has expended significant efforts investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses (including the operations of non-Debtor subsidiaries) and the desirability of continuing such businesses, and numerous other matters relevant to the formulation of a joint chapter 11 plan for the Debtors. In addition, as set forth more fully in the Disclosure Statement accompanying the Plan, we have worked with the Debtors for more than six (6) months to forge a compromise of complex issues relating to whether the Debtors' estates should be substantively consolidated in order to formulate the Plan. We believe that the compromise of substantive consolidation issues embodied in the Plan will provide the greatest potential recovery for unsecured creditors of the Debtors as a whole because, among other things, the Plan resolves the issue of substantive consolidation of the Debtors without expensive and time-consuming litigation, and facilitates an orderly and expeditious distribution of value to Creditors holding Allowed Unsecured Claims.

**Distributions.** The Plan provides that the Holders of Allowed Unsecured Claims (i.e., Holders of Allowed Noteholder Claims, Landlord Claims, Vendor/Supplier Claims, Retirement Plan Claims and Other Unsecured Claims) will receive 100% of the New Common Stock of Reorganized Winn-Dixie subject to dilution (of up to 10%) by New Common Stock that will be issued under the New Equity Incentive Plan.

**Substantive Consolidation Compromise.** As described in the Disclosure Statement, the Plan proposes, and its terms embody, a compromise and settlement, rather than litigation, of intercreditor issues relating to whether the liabilities and assets of the Debtors should be substantively consolidated for purposes of distributions under the Plan. We believe this settlement avoids the expense and delay of a litigation that would undoubtedly require lengthy discovery and court testimony regarding creditor reliance on the separateness or interrelatedness of the Debtors. Furthermore, establishing creditor reliance would not necessarily resolve the issue as parties could still assert, based on unsettled law, that consolidation was appropriate or inappropriate based on the state of the Debtors' financial records and the existence of intercorporate guarantees. Accordingly, based on, among other things, creditor support for the proposed settlement, the complexity of the litigation, the unanimous support of members of the Creditors' Committee and each party's likelihood of success, the proposed settlement is, in our view, in the best interests of the unsecured creditor body.

**Tail Insurance Coverage.** As described in the Disclosure Statement, the Debtors or the Reorganized Debtors, as the case may be, intend to purchase and maintain continuing director and officer insurance coverage in the amount of $200 million at an approximate cost of $10 million and for a tail period of six (6) years, for those directors and officers who were covered by director and officer insurance during the pendency of the Chapter 11 Case. THE CREDITORS' COMMITTEE HAS NOT AGREED TO THE DEBTORS' PURCHASE OF TAIL INSURANCE COVERAGE. THE CREDITORS' COMMITTEE HAS INFORMED THE DEBTORS THAT, ABSENT A CONSENSUAL RESOLUTION, IT RESERVES ALL OF ITS RIGHTS WITH RESPECT TO THIS ISSUE, INCLUDING, WITHOUT LIMITATION, OBJECTIONS TO THE PROVISION OF TAIL INSURANCE IN ANY AMOUNT AT THE CONFIRMATION HEARING AND SEEKING AN ORDER FROM THE BANKRUPTCY COURT SEVERING SUCH PROVISION FROM THE PLAN.

*The foregoing description summarizes only certain aspects of the compromise and other matters contained in the Plan and does not constitute any part of, and is not intended as a substitute for, the Disclosure Statement approved by the Court. Creditors should read the Plan and the accompanying Disclosure Statement (including, without limitation, all of the risk factors set forth therein) and attachments, exhibits and supplements in their entirety before voting on the Plan.*

The Debtors have provided you with a Ballot to vote to accept or reject the Plan. In order to have your vote counted, you must complete and return the Ballot in accordance with the procedure set forth therein and in the Disclosure Statement. PLEASE READ THE DIRECTIONS ON THE BALLOT CAREFULLY AND COMPLETE YOUR BALLOT IN ITS ENTIRETY BEFORE RETURNING IT TO THE DEBTORS' BALLOTING AGENT.

Please direct any questions regarding this letter and the matters discussed herein to co-counsel for the Creditors' Committee, Milbank, Tweed, Hadley & McCloy, LLP (Michael E. Comerford, 212-530-5318 or mcomerford@milbank.com).

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF WINN-DIXIE STORES, INC., *ET AL.*