UNITED STATES BANKRUPTY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 05-03817-3F1<br><br>(Jointly Administered) |

SUPPLEMENTAL CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1. I am of legal age and I am not a party to this action.

2. I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims, Noticing and Tabulation Agent for the above-captioned Debtors.

3. Between August 24, 2006 through August 25, 2006, I caused the following to be served, in the manner set forth in the Solicitation and Tabulation Procedures Order entered on August 4, 2006:

- the **Confirmation Hearing Notice**;
- the **Solicitation Letter from the Debtor**;
- the **Solicitation Letter from the Creditors' Committee**;
- the **Disclosure Statement [Refer to Docket No. 10057]**; and,
- the **Plan [Refer to Docket No. 10058]**,

to be inserted (as appropriate) in first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Supplemental Service List attached hereto as Exhibit A. A copy of the served documents as listed above (excluding the Disclosure Statement and Plan) is attached hereto as Exhibit B.

Dated: September 14, 2006

_____
Kathleen M. Logan

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Code: V6

# EXHIBIT A
# SERVICE LIST

# EXHIBIT A - SUPPLEMENTAL SERVICE LIST
## Other Miscellaneous Parties

**DEBTOR:** WINN-DIXIE STORES, INC., ET AL.  **CASE:** 05-03817-3F1

CREDITOR ID: 533710-15
ALEC ASHTON RICHMOND, LLC & COMPASS
CAPITAL RICHMOND BY COLEMAN GROUP
C/O WYATT TARRANT & COMBS LLP
ATTN MARY FULLINGTON, ESQ
250 WEST MAIN STREET, SUITE 1600
LEXINGTON KY 40507-1746

CREDITOR ID: 498126-15
NLFC 1998-2 STALLINGS RETAIL, LLC
C/O KOZYAK, TROPIN, THROCKMORTON
ATTN CHARLES W THROCKMORTON, ESQ
2525 PONCE DE LEON, 9TH FLOOR
CORAL GABLES FL 33134

CREDITOR ID: 533711-15
PALM LAKES, LLC BY
COLEMAN GROUP
C/O WYATT TARRANT & COMBS, LLP
ATTN MARY L FULLINGTON, ESQ
250 WEST MAIN STREET, SUITE 1600
LEXINGTON KY 40507

CREDITOR ID: 533712-15
PRINCIPAL LIFE INSURANCE CO FKA
C/O DUANE MORRIS, LLP
ATTN MARGERY N REED, ESQ
30 SOUTH 17TH STREET
PHILADELPHIA PA 19103-4196

CREDITOR ID: 533712-15
PRINCIPAL LIFE INSURANCE CO FKA
PRINCIPAL MUTUAL LIFE INSURANCE CO
C/O PRINCIPAL FINANCIAL GROUP
ATTN DARIN BENNIGSDORF
801 GRAND AVENUE
DES MOINES IA 50392

CREDITOR ID: 533785-15
SPENCER STUART
ATTN JASON FEEHAN, ESQ
401 N MICHIGAN AVENUE, SUITE 2550
CHICAGO IL 60611

CREDITOR ID: 533652-15
TRENT INVESTMENTS, INC
C/O SETTLEPOU
ATTN CLIFF A WADE, ESQ
3333 LEE PARKWAY, EIGHTH FLOOR
DALLAS TX 75219

CREDITOR ID: 533713-15
WTVA, LTD.
C/O BEN-EZRA & KATZ, PA
ATTN MARC A BEN-EZRA, ESQ
951 NE 167TH STREET, SUITE 204
NORTH MIAMI BEACH FL 33162

**Total: 8**

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF, AND**
**DEADLINE FOR OBJECTING TO, DEBTORS' JOINT PLAN OF REORGANIZATION**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST AND INTERESTS IN ANY OF THE FOLLOWING DEBTORS:**

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida  32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia  31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia  31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Madison, Florida  32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana  70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama  36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina  27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6078837 |

**PLEASE TAKE NOTICE THAT:**

     1.    On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

2.  In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.  A hearing to consider confirmation of the Plan will be held on October 13, 2006, at 9:00 a.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202.  The hearing may be adjourned from time to time by announcement in open court.  You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities.  Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.  You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer.  Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

4.  No later than September 25, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com.  The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan.  Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

5.  **THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.  THE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE.**

6.  The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

7.  Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

Dated: August 9, 2006

| | |
|---|---|
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin | James H. Post, Cynthia C. Jackson, Leanne Prendergast |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida  32202 |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN PLAN

**12.12  Releases and Related Matters**

(a)  Releases by Debtors

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Reorganized Debtors and any Person seeking to exercise the rights of the Debtors' estate, including, without limitation, any successor to the Debtors or any estate representative appointed or selected pursuant to Section 1123(b)(3) of the Bankruptcy Code, shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including claims or causes of action arising under Chapter 5 of the Bankruptcy Code), and liabilities whatsoever in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights of the Debtors and the Reorganized Debtors to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction,

event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, and that may be asserted by or on behalf of the Debtors, the Estates, or the Reorganized Debtors against (i) any of the other Debtors and any of the Debtors' non-Debtor subsidiaries, (ii) any of the present or former directors, officers, or employees of any of the Debtors or any of the Debtors' non-Debtor subsidiaries, (iii) any Professionals of the Debtors, (iv) Wachovia and its advisors, and (v) the Creditors Committee, its members, and its and their advisors, respectively (but not its members in their individual capacities); provided, however, that nothing in this Section 12.12(a) shall be deemed to prohibit the Debtors or the Reorganized Debtors from asserting and enforcing any claims, obligations, suits, judgments, demands, debts, rights, causes of action or liabilities they may have against any employee (other than any director or officer) that is based upon an alleged breach of a confidentiality, noncompete, or any other contractual or fiduciary obligation owed to the Debtors or the Reorganized Debtors.

(b)     Releases by Holders of Claims

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

**12.13   Discharge of the Debtors**

(a)     Except as otherwise provided herein or in the Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against the Debtors or any of their assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims, upon the Effective Date, the Debtors, and each of them, shall (i) be deemed discharged and released under Section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in Section 502 of the Bankruptcy Code, whether or not (A) a Proof of Claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (B) a Claim based upon such debt is Allowed under Section 502 of the Bankruptcy Code, (C) a Claim based upon such debt is or has been disallowed by order of the Bankruptcy Court, or (D) the holder of a Claim based upon such debt accepted the Plan, and (ii) terminate all Winn-Dixie Interests.

(b)     As of the Effective Date, except as provided in the Plan or the Confirmation Order or under the terms of the documents evidencing and orders approving the DIP Facility and/or the Exit Facility, all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors, any other or further claims, debts, rights, causes of action, claims for relief, liabilities, or equity interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date. In accordance with the foregoing, except as provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtors and termination of all Winn-Dixie Interests, pursuant to Sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtors at any time, to the extent that such judgment relates to a discharged Claim or terminated Interest.

**12.14   Injunction**

(a)     Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim or other debt or liability that is discharged or an Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors, the Reorganized Debtors, and their respective subsidiaries or their property on account of any such discharged Claims, debts, or liabilities or terminated Interests or rights: (i) commencing or

continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors or the Reorganized Debtors; or (v) commencing or continuing any action, in each such case in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(b)    As of the Effective Date, all Persons that have held, currently hold, or may hold, a Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, or liability that is released, or an Interest that is terminated, pursuant to Section 12.11, 12.12, or 12.13 of the Plan are permanently enjoined from taking any of the following actions on account of such released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities, or such terminated Interests: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff against any debt, liability, or obligation due to any released Person; or (v) commencing or continuing any action, in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(c)    Without limiting the effect of the foregoing provisions of this Section 12.14 upon any Person, by accepting distributions pursuant to the Plan, each holder of an Allowed Claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section 12.14.

(d)    Nothing in this Section 12.14 shall impair (i) the rights of any holder of a Disputed Claim to establish its Claim in response to an objection filed by the Debtors or the Reorganized Debtors, (ii) the rights of any defendant in an avoidance action filed by the Reorganized Debtors to assert defenses in such action, or (iii) the rights of any party to an executory contract or unexpired lease that has been assumed by the Debtors pursuant to an order of the Bankruptcy Court or the provisions of the Plan to enforce such assumed contract or lease.

**12.15    Exculpation and Limitation of Liability**

(a)    None of the Debtors, the Reorganized Debtors, their respective subsidiaries, Wachovia, or the Creditors Committee (as to itself or any of its members), or any of their respective present or former members, officers, directors, employees, advisors, Professionals, or agents, shall have or incur any liability to any holder of a Claim or an Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct.   The foregoing is not intended to limit or otherwise impact any defense of qualified immunity that may be available under applicable law.

(b)    Notwithstanding any other provision of the Plan, no holder of a Claim or an Interest, no other party-in-interest, none of their respective agents, employees, representatives, advisors, attorneys, or affiliates, and none of their respective successors or assigns shall have any right of action against any of the Debtors, any of the Reorganized Debtors, any of the Debtors' or Reorganized Debtors' subsidiaries, Wachovia, or the Creditors Committee, or of their respective present or former members, officers, directors, employees, advisors, Professionals, or agents, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct.

4



**Jay Skelton**
Chairman of the Board

August 9, 2006

To our Creditors:

On behalf of Winn-Dixie's board of directors and management team, I am pleased to forward our Disclosure Statement and Plan of Reorganization. Since Winn-Dixie's chapter 11 filing 18 months ago, thousands of employees have worked diligently to strengthen our business, particularly by focusing on improving our product offerings, customer service and shopping experience. Our new management team has implemented an across-the-board program to get the company back on track. We are very excited about the progress that has been made and are very appreciative of the tremendous support we have received – not only from our Associates, but from our customers, vendor partners, landlords, and the communities we serve.

The documents that are enclosed represent the culmination of a concerted effort by a large number of people to get Winn-Dixie out of chapter 11 and maximize its value to creditors. The Official Creditors Committee has brokered the compromise of the "substantive consolidation" dispute that is included in the Plan, which also has the support of the Ad Hoc Trade Committee and Ad Hoc Retirees Committee. Without the compromise, our chapter 11 case could be mired in expensive litigation for many years. We also appreciate that the Official Creditors Committee is supporting our emergence from chapter 11 by recommending to creditors a vote in favor of the Plan.

The Disclosure Statement and Plan are complicated legal documents – we wish they were shorter and simpler, but the rules of the chapter 11 process make it important to give creditors as much information about the company and its business as we can, and we have tried to do that. Those of you who are entitled to vote on the Plan will receive a ballot, which will let you vote to accept the Plan or not. Everyone at Winn-Dixie strongly encourages you to mark your ballot to "ACCEPT" the Plan and return it before the voting deadline of September 25, 2006, at

**Winn✓Dixie**
Getting better all the time.
Winn-Dixie Stores, Inc.
Corporate Headquarters
5050 Edgewood Court
P. O. Box B
Jacksonville, Florida
32203-0297

4:00 p.m. If we don't get creditor support, then we will not be able to emerge from chapter 11, which would be a result that would hurt everyone, but particularly our creditors.

If creditors vote to accept our Plan and the Court agrees, then we expect to emerge from chapter 11 as soon as late October 2006. When that occurs, with the exception of our CEO Peter Lynch, the current board of directors will resign, and a new board will take over the supervision of the reorganized Winn-Dixie. All of the current board members will do everything within their power to accomplish a smooth transition to the new board, to insure every possible success for Winn-Dixie.

Chapter 11 is a difficult process. Our board and management have witnessed the hardship caused to creditors, shareholders, and employees by this process. We believe, however, that the Plan offers the best possible opportunity for our creditors to recover as much as possible. I encourage you to mark the ballot to "ACCEPT" the Plan and to return your ballot before the deadline.

With best regards,

Sincerely,

*[signature]*

H. Jay Skelton
Chairman of the Board

Winn✓Dixie
Getting better all the time.
Winn-Dixie Stores, Inc.
Corporate Headquarters
5050 Edgewood Court
P. O. Box B
Jacksonville, Florida
32203-0297

OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF WINN-DIXIE STORES, INC., *ET AL.*, DEBTORS
CHAPTER 11 CASE NO. 3:05-bk-03817-JAF JOINTLY ADMINISTERED

c/o Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

August 9, 2006

TO:   UNSECURED CREDITORS OF WINN-DIXIE STORES, INC. AND ITS DIRECT AND INDIRECT DEBTOR SUBSIDIARIES

---

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Winn-Dixie Stores, Inc., *et al.*, debtors and debtors in possession (collectively, the "Debtors"), appointed pursuant to 11 U.S.C. § 1102, writes to advise you of our determinations as to the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, dated August 9, 2006 (the "Plan"). Any capitalized terms used but not defined herein have the meaning ascribed to such terms in the Plan.

> THE MEMBERS OF THE CREDITORS' COMMITTEE REPRESENTING THE INTERESTS OF ALL UNSECURED CREDITORS OF THE DEBTORS, UNANIMOUSLY SUPPORT THE PLAN, EXCEPT AS DESCRIBED BELOW, AND RECOMMEND THAT HOLDERS OF UNSECURED CLAIMS VOTE TO ACCEPT THE PLAN IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH ON THEIR BALLOTS. *Each Creditor must, however, make its own independent decision as to whether or not the Plan is acceptable to that Creditor before voting to accept or reject the Plan.*

**Formulation of Plan.** Since its formation on March 1, 2005, the Creditors' Committee has expended significant efforts investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses (including the operations of non-Debtor subsidiaries) and the desirability of continuing such businesses, and numerous other matters relevant to the formulation of a joint chapter 11 plan for the Debtors. In addition, as set forth more fully in the Disclosure Statement accompanying the Plan, we have worked with the Debtors for more than six (6) months to forge a compromise of complex issues relating to whether the Debtors' estates should be substantively consolidated in order to formulate the Plan. We believe that the compromise of substantive consolidation issues embodied in the Plan will provide the greatest potential recovery for unsecured creditors of the Debtors as a whole because, among other things, the Plan resolves the issue of substantive consolidation of the Debtors without expensive and time-consuming litigation, and facilitates an orderly and expeditious distribution of value to Creditors holding Allowed Unsecured Claims.

**Distributions.** The Plan provides that the Holders of Allowed Unsecured Claims (i.e., Holders of Allowed Noteholder Claims, Landlord Claims, Vendor/Supplier Claims, Retirement Plan Claims and Other Unsecured Claims) will receive 100% of the New Common Stock of Reorganized Winn-Dixie subject to dilution (of up to 10%) by New Common Stock that will be issued under the New Equity Incentive Plan.

**Substantive Consolidation Compromise.** As described in the Disclosure Statement, the Plan proposes, and its terms embody, a compromise and settlement, rather than litigation, of intercreditor issues relating to whether the liabilities and assets of the Debtors should be substantively consolidated for purposes of distributions under the Plan. We believe this settlement avoids the expense and delay of a litigation that would undoubtedly require lengthy discovery and court testimony regarding creditor reliance on the separateness or interrelatedness of the Debtors. Furthermore, establishing creditor reliance would not necessarily resolve the issue as parties could still assert, based on unsettled law, that consolidation was appropriate or inappropriate based on the state of the Debtors' financial records and the existence of intercorporate guarantees. Accordingly, based on, among other things, creditor support for the proposed settlement, the complexity of the litigation, the unanimous support of members of the Creditors' Committee and each party's likelihood of success, the proposed settlement is, in our view, in the best interests of the unsecured creditor body.

**Tail Insurance Coverage.** As described in the Disclosure Statement, the Debtors or the Reorganized Debtors, as the case may be, intend to purchase and maintain continuing director and officer insurance coverage in the amount of $200 million at an approximate cost of $10 million and for a tail period of six (6) years, for those directors and officers who were covered by director and officer insurance during the pendency of the Chapter 11 Case. THE CREDITORS' COMMITTEE HAS NOT AGREED TO THE DEBTORS' PURCHASE OF TAIL INSURANCE COVERAGE. THE CREDITORS' COMMITTEE HAS INFORMED THE DEBTORS THAT, ABSENT A CONSENSUAL RESOLUTION, IT RESERVES ALL OF ITS RIGHTS WITH RESPECT TO THIS ISSUE, INCLUDING, WITHOUT LIMITATION, OBJECTIONS TO THE PROVISION OF TAIL INSURANCE IN ANY AMOUNT AT THE CONFIRMATION HEARING AND SEEKING AN ORDER FROM THE BANKRUPTCY COURT SEVERING SUCH PROVISION FROM THE PLAN.

*The foregoing description summarizes only certain aspects of the compromise and other matters contained in the Plan and does not constitute any part of, and is not intended as a substitute for, the Disclosure Statement approved by the Court. Creditors should read the Plan and the accompanying Disclosure Statement (including, without limitation, all of the risk factors set forth therein) and attachments, exhibits and supplements in their entirety before voting on the Plan.*

The Debtors have provided you with a Ballot to vote to accept or reject the Plan. In order to have your vote counted, you must complete and return the Ballot in accordance with the procedure set forth therein and in the Disclosure Statement. PLEASE READ THE DIRECTIONS ON THE BALLOT CAREFULLY AND COMPLETE YOUR BALLOT IN ITS ENTIRETY BEFORE RETURNING IT TO THE DEBTORS' BALLOTING AGENT.

Please direct any questions regarding this letter and the matters discussed herein to co-counsel for the Creditors' Committee, Milbank, Tweed, Hadley & McCloy, LLP (Michael E. Comerford, 212-530-5318 or mcomerford@milbank.com).

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF WINN-DIXIE STORES, INC., *ET AL.*