Hearing Date: October 5, 2006, 1:00 p.m.
Objection Deadline: September 28, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Debtors.[1] ) | Jointly Administered |

## DEBTORS' FOURTH OMNIBUS MOTION FOR ORDER AUTHORIZING ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND FIXING CURE AMOUNTS

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and

affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for

entry of an order under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 authorizing and

approving the assumption of the prepetition contracts and leases set forth on the attached Exhibit A

(the "Contracts"), effective as of the effective date of the Debtors' proposed plan of reorganization

(the "Effective Date"), and fixing the cure amount for each of the Contracts as set forth on Exhibit A

(the "Motion"). In support of the Motion, the Debtors state as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary

petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      On June 29, 2006, the Debtors filed a proposed Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors  (the "Disclosure Statement"), together with a proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").  The Disclosure Statement was approved by Order of the Court dated August 4, 2006.  The hearing to consider confirmation of the Plan is scheduled to commence on October 13, 2006.

5.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.      The statutory predicates for the relief requested by this Motion are Sections 105(a) and 365 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

7.      By this Motion, the Debtors seek an order of the Court, pursuant to Sections 105(a) and 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules, approving the assumption of the Contracts as of the Effective Date and fixing the cure amount for each of the Contracts.  If there is no Effective Date, the Contracts will not be assumed by the Debtors and no payments will be made on such cure amounts.

8.      To the extent that they are in default under the Contracts, assumption of the Contracts will require that the Debtors satisfy Section 365(b) of the Bankruptcy Code by paying the applicable non-Debtor counter parties to the Contracts (the "Counter Parties") a cure amount. Included in Exhibit A to this Motion are the respective cure amounts that the Debtors believe are owed to the Counter Parties with respect to the Contracts (the "Proposed Cure Amounts").

9.      The Debtors seek certainty as to the Proposed Cure Amounts.  Therefore, to the extent that a Counter Party disputes the Proposed Cure Amount or otherwise objects to the Motion, the Counter Party must file an objection with the Court and serve the objection on the Debtors on or before September 28, 2006 (the "Objection Deadline").  In the absence of a timely objection, the Counter Party will be deemed to have consented to the assumption of the Contract and the Proposed Cure, will be barred from asserting a larger claim for cure, and will be deemed to have waived all claims under the Contract against the Debtors other than the Proposed Cure Amount.

10.     If a Counter Party asserts a cure amount that is higher than the Proposed Cure Amount, or for any other reason, the Debtors reserve the right, in their discretion, prior to the entry of an order approving this Motion, to withdraw any Contract from Exhibit A, and to alternatively seek by separate motion to reject or otherwise dispose of such Contract.

**Basis for Relief**

11.     As part of their restructuring, the Debtors have undertaken a comprehensive review and analysis of each of the Contracts, together with the consequences and costs of assumption or rejection.  Based upon this analysis, including the anticipated cost reflected by the Proposed Cure Amount, the Debtors have at this time determined that assumption of the Contracts is in the best interests of the Debtors and their estates.  The Contracts are for goods and services that are used in the operation of the Debtors' businesses.  Assumption will allow the Debtors to realize the benefits of the Contracts.

12.     To the extent that there has been a default under the Contracts, the Debtors represent that the requirements of Section 365(b) of the Bankruptcy Code will be satisfied through (a) payment of the Proposed Cure Amount, which will cure such default and compensate the applicable Counter Party for any actual pecuniary loss resulting from such default and (b) the Debtors' continuing business operations, which will provide adequate assurance of future performance under the Contracts.

**Applicable Authority**

13.     Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365.  "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

14.     A debtor's decision to assume or reject a contract or unexpired lease is subject to review under the business judgment standard.  See Byrd v. Gardinier, Inc. (In re Gardinier), 831

F.2d 974, 975 n.2 (11th Cir. 1987); In re Orion Pictures Corp., 4 F.3d at 1098-99.  Under this standard, the debtor's assumption of a contract or lease is appropriate if it will benefit the estate. See Westshire, Inc. v. Trident Shipworks, Inc., 247 B.R. 856 (M.D. Fla. 2000).  Upon finding that a debtor has exercised its sound business judgment in determining that assumption of a particular executory contract is in the best interests of the debtor's estate, the bankruptcy court should approve assumption under Section 365(a) of the Bankruptcy Code.  See In re Gucci, 193 B.R. 411, 415-17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"); Blue Cross Blue Shield of Conn. v. Gurski (In re Gurski), Nos. 94-51202 & 3:95CV1883, 1996 WL 684397, at *2 (D. Conn. Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial to the debtor such that the debtor could assume them under Section 365(a)).  In the case of assumption, "[t]he § 365 election permits a trustee to … continue performance on a contract which will benefit the estate." In re Diamond Mfg. Co., 164 B.R. 189 (Bankr. S.D. Ga. 1994) (citing In re Brada Miller Freight Sys., Inc., 702 F.2d 890, 893-894 (11th Cir. 1983)).  The Debtors respectfully submit that, as described in paragraph 11 above, they have satisfied the business judgment standard for assuming the Contracts.

15.     The Debtors recognize that as to those Contracts as to which a default has occurred, Section 365(b) of the Bankruptcy Code imposes an obligation upon the Debtors to (a) cure or provide adequate assurance to the Counter Party to such Contract that the Debtors will cure such default, (b) compensate or provide adequate assurance that the Debtors will promptly compensate the Counter Party to such Contract for any actual pecuniary loss to such Counter Party resulting from such default, and (c) provide adequate assurance of future performance under such Contract.  As set forth in paragraph 12 above above, these obligations are satisfied.

**Notice**

16.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Counter Parties.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B (a) authorizing and approving the assumption of the Contracts effective as of Effective Date and (b) fixing the costs of assumption at the Proposed Cure Amounts set forth on Exhibit A and (ii) grant such other and further relief as the Court deems just and proper.

Dated:  September 15, 2006.

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By      *s/ D. J. Baker*
        D. J. Baker
        Sally McDonald Henry
        Rosalie Walker Gray
        David M. Turetsky
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Counsel for the Debtors

SMITH HULSEY & BUSEY

By      *s/ Cynthia C. Jackson*
        Stephen D. Busey
        James H. Post
        Cynthia C. Jackson,
         Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for the Debtors

**Exhibit A**

Contracts for Assumption

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | 125 | Alarm Monitoring Contract | | ADT | ADT Security Systems, Inc. Attn: Brandy Wimbish, MGR 14200 East Exposition Ave. Aurora, CO 80012 P.O. Box 371967 Pittsburgh, PA 15250-7967 | Separate Burglar Alarm System Contracts for Stores 125, 436, 443, 457, 487, 498, 506, 552 . | $5,067.21 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | Allen Systems Group, Inc. | 1333 Third Avenue S. Naples, FL 34102 | Portfolio Site License Access Fee and Annual License Usage Fee | $0.00 |
| Winn-Dixie Stores, Inc. | Orlando | Supply Agreement | | Azar Nut Co. (d/b/a Franklin Baking Co.) | ATTN: MISSY WILSON, CREDIT MGR 132 NORTH BROAD STREET THOMASVILLE, GA 31792 | Purchase of Nuts | $3,373.15 |
| Winn-Dixie Stores, Inc. | | Supply Agreement | | Best Manufacturing Group | Attn: Richard Menon, Director of Credit 10 Exchange Place Jersey City, NJ 7302 | Employee uniforms, work in progress, fabric and trim for WD's uniform products | $0.00 |
| Winn-Dixie Stores, Inc. | | Equipment Lease | | Certified Alarms | 3016 Galleria Dr. Metaire, LA 70001-2017 CERTIFIED ALARMS ATTN: DAVID KOCH, OWNER 3016 GALLERIA DRIVE METAIRIE LA 70001-2017 | Separate Burglar Alarm System Contracts as amended to go month to month for Stores 473, 490, 549, 564, 570, 571, 572, 578, 580, 581, 586, 590, 591, 596, 599, 1329, 1333, 1334, 1345, 1353, 1357, 1403, 1404, 1405, 1406, 1408, 1409, 1411, 1412, 1416, 1417, 1418, 1419, 1425, 1426, 1428, 1430, 1431, 1432, 1434, 1437, 1438, 1439, 1440, 1444, 1446, 1448, 1449, 1452, 1453, 1454, 1456, 1459, 1461, 1463, 1467, 1477, 1478, 1479, 1483, 1490, 1500, 1501, 1502, 1504, 1511, 1512, 1513, 1534, 1537, 1540, 1549, 1555, 1557, 1558, 1559, 1561, 1570, 1572, 1576, 1577, 1581, 1583, 1588, 1590, 1591, 2628 | $4,937.27 |
| Winn-Dixie Stores, Inc. | | Service Agreement | | CHEP USA | 8517 South Park Circle Orlando, FL 32819 C/O STUTSMAN & THAMES, PA ATTN: NINA M LAFLEUR, ESQ 121 W FORSYTH STREET, SUITE 600 JACKSONVILLE FL 32202 | Pallett rental | $15,277.53 |
| Winn-Dixie Stores, Inc. | HDQ | Software License | | Computer Associates | ATTN: ROBERT AUSTEN, MGR ONE COMPUTER ASSOCIATES PLAZA ISLANDIA, NY 11749 | Unicenter OPS for MVS | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | Computer Associates | See Above | Advantage Optimizer | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | Computer Associates | See Above | Advantage Vision | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | Computer Associates | See Above | Interest CICS VSE | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | Cyclone Commerce | 8388 E. Hartford Drive Scottsdale, AZ 85255 | Cyclone Interchange Enterprise License | $0.00 |

Exhibit

Contracts for Assumption

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | License Agreement | | **Deloitte & Touche Tax Technologies LLC n/k/a Corptax, LLC a/k/a MLM Information Services** | 1751 Lake Cook Road Suite 200 Deerfield, IL 60015  P.O. Box 35158 Newark, NJ 07193-5158  21550 Oxnard Street 1100 Woodland Hills, CA 91367 | CorpSales Software License Agreement #X8117, dated May 26, 2004, between Deloitte & Touche Tax Technologies LLC and Winn-Dixie Stores, Inc., as amended | $0.00 |
| Winn-Dixie Stores, Inc. | | Confidentiality Agreement | | **Deloitte & Touche Tax Technologies LLC n/k/a Corptax, LLC a/k/a MLM Information Services** | See Above | Confidential Disclosure Agreement, dated January 29, 2004, between Deloitte & Touche Tax Technologies LLC and Winn-Dixie Stores, Inc. | $0.00 |
| Winn-Dixie Stores, Inc. | 215, 226, 235, 247, 251, 252, 254, 267, 280 285, 388, 720, 721, 728, 729 | Maintenance Agreement - Store | | **ENVIRONMENTAL MANAGEMENT** | 1940 NORTHWEST 22ND STREET POMPANO BEACH,, FL 33069 | SWEEPING and LANDSCAPING | $8,716.30 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | **F5/Dell** | 401 Elliott Ave. West Seattle, WA 98119 | BIG-IP | $0.00 |
| Winn-Dixie Stores, Inc. | | Insurance Policy | 8197-5378 | **Federal Insurance Company** | Federal Insurance Company 55 Water Street, 28th FL, New York, NY 10041 | Special Crime Insurance Policy Period - April 30, 2004 to April 30, 2007 | $0.00 |
| Winn-Dixie Stores, Inc. | | Insurance Policy | D004W00142 | **Fidelity and Guaranty Insurance Company** | Fidelity and Guaranty Insurance Company c/o Discoverry Managers, Ltd. 5 Batterson Park, Farmington, CT 06032 Attn: Compliance Officer  Fidelity and Guaranty Insurance Company 5 Batterson Park, Farmington, CT 06032 Attn: Jeffrey Fisher, Esq.  Bingham McCutchen LLP One State Street Hartford, CT 06103 Attn: Harold S. Horwich, Esq.      Stephen M. Hryniewicz, Esq. | Workers' Compensation and Employers' Liability Policy Policy Period - May 1, 2003 to December 1, 2003 | $0.00 |
| Winn-Dixie Stores, Inc. | | Insurance Policy | D004W00188 | **Fidelity and Guaranty Insurance Company** | See Above | Workers' Compensation and Employers' Liability Policy Policy Period - December 1, 2003 to July 1, 2004 | $0.00 |
| Winn-Dixie Stores, Inc. | | Debit & Credit Card Processing Arrangement | | **Fifth Third Bank** | 38 Fountain Square Plaza Cincinnati, OH 45263 | Systems Management. Bank Card Merchant Agreement 3/1/04 | $0.00 |
| Winn-Dixie Stores, Inc. | | Debit & Credit Card Processing Arrangement | | **Fifth Third Processing Solutions fka Midwest Payment Systems Inc.** | 38 Fountain Square Plaza Cincinnati, OH 45263 | Systems Management. Maser Data Processing Agreement 2/1/98. (Debit Jeanie, Interlink, Maestro, NYCE, Star N/E and Money Station) | $0.00 |

Contracts for Assumption

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Scan Based Trading Agreement | | Flowers Bakeries LLC | Attn: General Counsel<br>1925 Flowers Circle<br>Thomasville, GA 31757<br><br>ATTN: MISSY WILSON, CREDIT MGR<br>132 NORTH BROAD STREET<br>THOMASVILLE GA 31792 | San Based Trading Agreement (Purchasing agreement for bakery goods) | $3,289.87 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | 49610110 | GEAC Enterprise Solutions, Inc. | NW 5421<br>PO BOX 1450<br>MINNEAPOLIS, MN 55485-5421 | JBA Software Support - Astor Plant | $44,650.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | 49610110 | GEAC Enterprise Solutions, Inc. | See Above | JBA Software Support - Deep South | $0.00 |
| Winn-Dixie Stores, Inc. | | Product Purchase | | Harvard Drug Group | C/O BARRIS SOTT DENN & DRIKER PLLC<br>ATTN STEPHEN E GLAZEK, ESQ<br>211 WEST FORT ST, 15TH FL<br>DETROIT MI 48226<br><br>31778 ENTERPRISE DR<br>LIVONIA, MI 48150 | Pharmaceutical Purchasing Agreement | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | Imaging Technologies | ATTN: JACK ELLIS, DIV CONTROLLER<br>P.O. BOX 13426<br>ATLANTA, GA 30324 | AutoCad 2005 and AutoCad Lt | $0.00 |
| Winn-Dixie Stores, Inc. | | Service Agreement | | Information Resources Inc. | 150 N Clinton Street<br>Chicago, IL 60661-1416 | Contract for InfoSacan Services | $0.00 |
| Winn-Dixie Stores, Inc. | 644, 668, 672 | Maintenance Agreement - Store | | LAWN MAINTENANCE / PRO-BORING | 915 Silver Palm Way<br>Apollo Beach, FL 33572 | LANDSCAPING | $0.00 |
| Winn-Dixie Stores, Inc. | | Equipment Lease | | Lifeclinic.com Corporation | ATTN: STEVE HALPERIN, COO/CFO<br>255 N WASHINGTON STREET, SUITE 202<br>ROCKVILLE MD 20850 | Blood Pressure Machine Lease Agreement | $10,850.00 |
| Winn-Dixie Stores, Inc. | | Service Agreement | | Loomis Fargo & Company | 3650 Morris Farm Drive, Unit 1D<br>Greensboro, NC 27409<br><br>DEPT AT 40331<br>ATLANTA, GA 31192-0331 | Armored Car Services | $0.00 |
| Winn-Dixie Stores, Inc. | | Insurance Policy | 5BA 168-138-00 | Lumbermens Mutual Casualty Co. | Kemper Casualty<br>155 Village Blvd, Suite 300<br>Princeton, NJ 08540-5743<br>Attn: John T. Doyle, Credit Officer | Workers Compensation and Employers Liability Policy<br>Policy Period - September 1, 2002 to May 1, 2003 | $0.00 |
| Winn-Dixie Stores, Inc. | | Insurance Policy | 5BA 130-101-01 | Lumbermens Mutual Casualty Co. | See Above | Workers Compensation and Employers Liability Policy<br>Policy Period - September 1, 2001 to September 01, 2002 | $0.00 |
| Winn-Dixie Stores, Inc. | | Insurance Policy | 5BA 130-101-00 | Lumbermens Mutual Casualty Co. | See Above | Workers Compensation and Employers Liability Policy<br>Policy Period - September 1, 2000 to September 1, 2001 | $0.00 |

Exhibit A
Contracts for Assumption

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|---|
| Winn-Dixie Procurement, Inc. | | Gasoline Supply | | Mansfield Oil Company / Onyx-Mansfield, LLC | 1025 Airport Parkway, SW<br>Gainesville, GA 30501-6833<br><br>P.O. BOX 530100<br>ATLANTA, GA 30353-0100 | Petroleum Products Supply and Services Agreement effective June 1, 2004 between Winn-Dixie Procurement, Inc. and Mansfield Oil Company of Gainesville, Inc. and Onyx-Mansfield, LLC, as amended | $0.00 |
| Winn-Dixie Stores, Inc. | | Software Maintenance | | Manugistics, Inc. | 9715 Key West Ave.<br>Rockville, MD 20850<br><br>DEPT CH 17165<br>PALATINE,, IL 60055-7165 | Solution Support Agreement 1 MRS (Routing and Scheduling) and TR (Routing) | $0.00 |
| Winn-Dixie Stores, Inc. | | Software Maintenance | | Manugistics, Inc. | See Above | Solution Support Agreement 2 NW Transport, Freight Payment, Execution Mgr, Webconnect Integrate, NW Procurement, NW Visibility and NW OneView | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | Matra Systems Inc. | 3355 BRECKINRIDGE BLVD STE 120 DULUTH, GA 30096 | Enterprise DDA | $25,793.35 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | Matra Systems Inc. | See Above | OmniParse v4.0 | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | Microsoft | 7000 N State Hwy 161<br>Irving, TX 75039 | Essential Support Plan | $0.00 |
| Winn-Dixie Stores, Inc. | 2347 | Maintenance Agreement - Store | | MILLENNIUM | 2864 STATEN DRIVE<br>DELTONA, FL 32738 | PRESSURE WASHING | $0.00 |
| Winn-Dixie Stores, Inc. | | Software Maintenance | | NDC Health | 2394 East Camelback Road<br>Phoenix, AZ 85016<br><br>ATTN: DUNCAN M HARLE & HA ROSENBERG<br>NDC PLAZA ATLANTA GA 30329-2010 | Service Agreement dated December 21, 2001, as amended (NDC Swich) | $0.00 |
| Winn-Dixie Stores, Inc. | | Software Maintenance | | NDC Health | See Above | Service Agreement dated March 27, 1991, as amended (NDC Swich) | $0.00 |
| Winn-Dixie Stores, Inc. | | License Agreement | | PDX, Inc. | ATTN: MICHAEL INGRAM, CFO<br>101 JIM WRIGHT FWY SO, STE 200<br>FT WORTH TX 76108-2202 | Rx software system | $4,154.94 |
| Winn-Dixie Stores, Inc. | | Pharmacy Service | | PDX/NHIN | ATTN: MICHAEL INGRAM, CFO<br>101 JIM WRIGHT FWY SO, STE 200<br>FT WORTH TX 76108-2202 | Pharmacy Dispensing Software System | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | PeopleSoft | 500 West Monroe Street<br>Chicago, IL 60661 | PeopleSoft HRMS eApps, as amended | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | PeopleSoft | See Above | PeopleSoft Purchasing, as amended | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | Pharmacy Choice Inc. (formerly RX Career Center) | 1666 Race Street<br>Denver, CO 80206 | Development and Hosting Agreement | $24,295.00 |

Exhibit A
Contracts for Assumption

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Vehicle Fleet Lease Agreement | 602 | PHH / D.L. Peterson Trust | 3000 Leadenhall Road<br>Mt. Laurel , NH  08054<br><br>5924 COLLECTIONS CENTER DRIVE<br>CHICAGO, IL 60693<br><br>940 RIDGEBROOK ROAD<br>SPARKS, MD  21152 | Motor Vehicle Fleet Open-end Operating Lease Agreement | $0.00 |
| Winn-Dixie Stores, Inc. | HDG | Software Maintenance | | Quest Software Inc. | P.O. Box 51739<br>LOS ANGELES, CA 90051-6039 | PS Production SVR | $0.00 |
| Winn-Dixie Stores, Inc. | All | Product Purchase | | RAYOVAC CORPORATION | 601 RAYOVAC DRIVE<br>MADISON, WI  53711 | ALKALINE BATTERIES, HEARING AID BATTERIES, FLASHLIGHTS | $0.00 |
| Winn-Dixie Stores, Inc. | | Insurance Policy | NW-1363528 | Reliance National Indemnity Company | Reliance National<br>77 Water Street<br>New York, NY  10005<br>Attn: Anthony Chismar<br>Risk Management Division<br><br>Lawrence J. Tabas, Esq.<br>Deirde M. Richards, Esq.<br>Obermayer Rebmann Maxwell & Hippel LLP<br>One Penn Center, 19th Floor<br>1617 JFK Blvd.<br>Philadelphia, PA  19103 | Workers Compensation and Employers Liability Insurance Policy<br>Policy Period - August 1, 1988 to August 1, 1989 | $0.00 |
| Winn-Dixie Stores, Inc. | | Insurance Policy | NWA-0144687-00 | Reliance National Indemnity Company | See Above | Workers Compensation and Employers Liability Insurance Policy<br>Policy Period - March 1, 1998 to March 1, 1999 | $0.00 |
| Winn-Dixie Stores, Inc. | | Insurance Policy | NWA-0144687-01 | Reliance National Indemnity Company | See Above | Workers Compensation and Employers' Liability Insurance Policy<br>Policy Period - March 1, 1999 to March 1, 2000 | $0.00 |
| Winn-Dixie Stores, Inc. | | Insurance Policy | NWA-0144687-02 | Reliance National Indemnity Company | See Above | Workers Compensation and Employers Liability Insurance Policy.<br>Policy Period - March 1, 2000 to September 1, 2000 | $0.00 |
| Winn-Dixie Stores, Inc. | | Insurance Contract | | Reliance National Indemnity Company | See Above | Insurance Program Agreement effective March 1, 1998 | $0.00 |
| Winn-Dixie Stores, Inc. | | Insurance Contract | | Reliance National Indemnity Company | See Above | Addendum Number One to Insurance Program Agreement effective March 1, 1999 | $0.00 |
| Winn-Dixie Stores, Inc. | All Manufacturing Plants | Maintenance Agreement | | Republic Refrigeration Inc. | 2890 Gray Fox Road<br>Monroe , NC 28110 | Twice yearly vibration analysis on 100 compressors and 8 hours refresher course on refrigeration system. | $4,496.07 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | Retalix | 1501 Woodfield Road Suite 210<br>Schaumburg, IL 60173 | Triceps | $17,991.70 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | Retalix | See Above | Biceps, Abs, Prompt | $0.00 |

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. (Superbrand Dairy Products Inc.) | Plant City Dairy - Manufacturing Plant | Service Agreement | M03SMMN5KXR2Z | Sprint - Florida, Inc. | 7406. Fullerton St Jacksonville, FL 32256<br><br>ATTN: MARY C HALL 6391 SPRINT PARKWAY OVERLAND PARK KS 66251-2850 | Standard telephone plan service from 8am-5pm, local time, Monday through Friday excluding Sprint holidays. | $10,244.23 |
| Winn-Dixie Raleigh, Inc. | | Service Agreement | | State of Tennessee Dept of Health | 425 5th Avenue North Nashville, TN 37247 | WIC Contract | $0..00 |
| Winn-Dixie Stores, Inc. | HDQ | IT-Hardware Lease | | StorageTek  aka Key Equipment | 5390 Triangle Parkway , Suite 300 Norcross, GA 30092<br><br>ATTN: SAL BOSCIA 1000 SOUTH MCCASLIN BLVD SUPERIOR, CO 80027 | T/L Cartridge Subsystem Serial #232000033880 | $4,006.20 |
| Winn-Dixie Stores, Inc. | HDQ | IT-Hardware Lease | | StorageTek  aka Key Equipment | See Above | SW&HW Serial # 16678, 14398, 14399, 51786, 51787, 10415, 10416 | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | IT-Hardware Lease | | StorageTek  aka Key Equipment | See Above | HW Serial #415,416,417,418,4398,4399, | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | IT-Hardware Lease | | StorageTek  aka Key Equipment | See Above | HW Serial #780, 11920,11971,2862,1852,3138,3880,4225,4226,4227,4230,9194,9195,9221-9226,2122-2128, 2130,0549,0594,2468,2758,1604, 1605 | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | StorageTek  aka Key Equipment | See Above | SW S/N 12468, 12758, 1604, and 1605 | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | StorageTek  aka Key Equipment | See Above | Software MVS HSC S/N 12468, 12758, 14398, 14399, 1604, and 1605 | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | D00B22559 | Supermarket Application Managers (SAM) / Sam Group, Inc. | 11 Smith Hines Road Greenville, SC 29607 | 9992-003-4690 OSV3 Purchase Agreement dated December 24, 2003 (IBM Software Maint) | $0.00 |

Exhibit A
Contracts for Assumption

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | 7 | Assignment of Lease | | **The TJX Operating Companies, Inc.** | TJX Companies Inc.<br>C/O Southeast Leasing & Mgt. Co.<br>9210 Cypress Green Drive<br>Jacksonville, FL 32216<br><br>The TJX Operating Companies, Inc.<br>770 Cochituate Road<br>P.O. Box 9123<br>Framingham, MA 01701<br><br>Carriage Gate<br>C/O Regency Centers, LP<br>P.O. Box 532937<br>Atlanta, GA 30353-2937<br><br>Regency Centers<br>Att'n: Pam Ashe<br>10117 Princess Palm Ave.<br>Tampa, FL 33610<br><br>NHP Acquisition Corporation and Management<br>C/O Broadmont Asset Services, Inc.<br>7004 W. Butler Pike<br>Ambler, PA 19002 | Assignment of Lease dated March 4, 1991 by and between Winn-Dixie Stores, Inc. and The TJX Operating Companies<br><br>**Note: This Assignment of Lease was incorrectly designated as a sublease in the Debtors' Second Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts (filed at Docket No. 9897 and granted by Order filed at Docket No. 10542). The Debtors have included this Assignment of Lease on this Exhibit A to avoid any confusion as to the status of the Assignment.** | $0.00 |
| Winn-Dixie Stores, Inc. | | Insurance Contract | | **United States Fidelity and Guaranty Insurance Company** | Fidelity and Guaranty Insurance Company<br>c/o Discovery Managers, Ltd.<br>5 Batterson Park,<br>Farmington, CT 06032<br>Attn: Compliance Officer<br><br>Fidelity and Guaranty Insurance Company<br>5 Batterson Park,<br>Farmington, CT 06032<br>Attn: Jeffrey Fisher, Esq.<br><br>Bingham McCutchen LLP<br>One State Street<br>Hartford, CT 06103<br>Attn: Harold S. Horwich, Esq.<br>        Stephen M. Hryniewicz, Esq. | Indemnity Agreement dated May 1, 2003 | $0.00 |

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Insurance Contract | | **United States Fidelity and Guaranty Insurance Company** | See Above | Addendum #1  To Indemnity Agreement Effective May 1, 2003 Between United States Fidelity and Guaranty and Winn-Dixie Stores, Inc. | $0.00 |
| Winn-Dixie Montgomery, Inc. | | Store Services | | **Western Union** | One Mack Centre Drive Paramus, NJ 07652  P.O. Box 503123 St. Louis, MO  63150-2123  C/O Integrated  Payment Services Inc., Attention: Tim Schroeder, Senior  Vice President and General Manager 6200 South Quebec Street Englewood, CO  80111 | Agency Agreement dated June 23, 1998 between Western Union Financial Services, Inc. and Winn-Dixie Louisiana, Inc. n/k/a Winn-Dixie Montgomery, Inc. | $0.00 |
| Winn-Dixie Stores, Inc. | | Store Services | | **Western Union** | See Above | Agency Agreement dated October 5, 2000 between Western Union Financial Services, Inc. and Winn-Dixie Orlando, Inc. | $0.00 |
| Winn-Dixie Stores, Inc. | | Store Services | | **Western Union** | See Above | Agency Agreement (Year 2000) between Western Union Financial Services, Inc. and Winn-Dixie Miami, Inc. | $0.00 |
| Winn-Dixie Stores, Inc. | | Store Services | | **Western Union** | See Above | Easy Pay Agency Agreement dated July 12, 1995 between Western Union National Payments Network, Inc. and Winn-Dixie (Jacksonville Division) | $0.00 |
| Winn-Dixie Stores, Inc. | | Service Agreement | | **Western Union** | See Above | Amendment/ Debit Card Acceptance | $0.00 |
| Winn-Dixie Stores, Inc. | | IT-Hardware Lease | | **Xerox Corporation, Xerox Capital Services LLC** | Att'n: Vanessa Adams, Bankruptcy Coordinator 1301 Ridgeview Road, R-382-450 Lewisville, TX  75028  800 Long Ridge Road Stamford, CT  06904  Hughes Luce LLP G. James Landon, Esq. 111 Congress Ave., Suite 900 Austin, TX  78701 | Lease Agreement No. 010999212 for DC440SX 440SX System, 1)CRU32METR, Consulting Services, Customer Education | $0.00 |
| Winn-Dixie Stores, Inc. | | IT-Hardware Lease | | **Xerox Corporation, Xerox Capital Services LLC** | See Above | Lease Agreement for DPCTRL150SOT CONTROLLER, SN: MKT665634 | $0.00 |

Exhibit Q
Contracts for Assumption

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | IT-Hardware Lease | | Xerox Corporation, Xerox Capital Services LLC | See Above | Lease Agreement No. 010999215 for PS75M75 MICR PRINTER, SN: FWVD01501, 1)DFINSHI | $0.00 |
| Winn-Dixie Stores, Inc. | | IT-Hardware Lease | | Xerox Corporation, Xerox Capital Services LLC | See Above | Addendum to Create a Separate Maintenance Agreement | $0.00 |

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                      )       Case No. 05-03817-3F1
                                            )
WINN-DIXIE STORES, INC., et al.,            )       Chapter 11
                                            )
Debtors.                                    )       Jointly Administered
                                            )

**ORDER PURSUANT TO FOURTH OMNIBUS MOTION (I) AUTHORIZING
ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
AND (II) FIXING CURE AMOUNTS**

These cases came before the Court for hearing on October 5, 2006, upon the motion of

Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-

captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the

"Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006

(a) authorizing and approving the assumption of the prepetition contracts and leases set forth

on the attached Exhibit A (the "Contracts"), effective as of the effective date of the Debtors'

joint plan of reorganization (the "Effective Date") and (b) fixing the costs of assumption at the

Proposed Cure Amounts identified on Exhibit A (the "Motion").[1]  By the Motion, the Counter

Parties to the Contracts were given until September 28, 2006 to object to the Proposed Cure

Amounts.  Upon consideration, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

---

[1]      All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to
them in the Motion.

2.      The Debtors are authorized to assume the Contracts pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the Effective Date.  The Debtors' assumption of the Contracts as of, and upon the occurrence of, the Effective Date is approved.

3.      For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amounts owed by the Debtors with respect to the Contracts are the Proposed Cure Amounts listed on Exhibit A.

4.      The Counter Parties listed on Exhibit A are deemed to have waived any and all claims they may have against the Debtors for cure or compensation under their respective Contracts listed on Exhibit A, except for the Proposed Cure Amount.

5.      The Proposed Cure Amounts shall be paid by the Debtors on or as soon as practicable after the Effective Date.

6.      The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to each of the Contracts.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8.      The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

9.      In the event the Debtors' joint plan of reorganization is not confirmed or does

not become effective, this Order shall be null and void.

Dated October ___, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

**THE EXHIBIT TO BE ATTACHED TO THE ORDER WHEN ENTERED WILL BE THE SAME EXHIBIT THAT IS ATTACHED TO THE MOTION, WITH ANY NECESSARY MODIFICATIONS TO ADDRESS OBJECTIONS TO THE MOTION**