Hearing Date: October 5, 2006, 1:00 p.m.
Objection Deadline: September 28, 2006, 4:00 p.m.

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.¹ | ) Jointly Administered |
| | ) |

### DEBTORS' MOTION FOR ORDER (I) AUTHORIZING REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES EFFECTIVE AS OF OCTOBER 5, 2006 AND (II) ESTABLISHING DEADLINE FOR FILING REJECTION DAMAGE CLAIMS OF OCTOBER 16, 2006

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order (i) under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 authorizing and approving the Debtors' rejection of the executory contracts and unexpired leases set forth on the attached Exhibit A (the "Contracts"),² effective as of October 5, 2006 and (ii) under Fed. R. Bankr. P. 3002(c)(4) establishing a deadline of October 16, 2006 for the filing of any resulting rejection damage claims (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

---

[1]  In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]  The Debtors believe that several of the Contracts may not, in fact, be contracts or leases or be otherwise executory or non-expired, but have sought to reject them out of an abundance of caution to obtain certainty as to rejection damages that may be brought. The Debtors reserve the right to challenge the contractual, executoryn or unexpired nature of any of the Contracts.

## Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to Section 1103 of the Bankruptcy Code. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4. On June 29, 2006, the Debtors filed a proposed Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"), together with a proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"). The Disclosure Statement was approved by Order of the Court dated August 4, 2006. The hearing to consider confirmation of the Plan is scheduled for October 13, 2006.

5. This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief requested by this Motion are Sections 105(a) and 365 of the Bankruptcy Code, supported by Rules 6006 and 3002(c)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Rejection Request**

7. By this Motion, the Debtors seek an order of the Court, pursuant to Sections 105(a) and 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules, authorizing and approving the rejection of the Contracts effective as of October 5, 2006 and establishing a deadline of October 16, 2006 for the filing of any resulting rejection damage claims.

8. The Contracts are for goods and services that are no longer necessary to the Debtors' businesses. By rejecting the Contracts, the Debtors will avoid unnecessary expenses and burdensome obligations that provide no tangible benefit to the Debtors' estates or creditors. As part of the Debtors' strategy to eliminate inefficiencies and reduce overhead, the Debtors have determined that it is in their best interests, as well as in the best interest of their estates and creditors, to reject these Contracts.

**Support for Rejection**

9. Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365. A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. See In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assoc., 96 B.R. 696 (Bankr. W.D. Tex. 1988).

10. The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. See Byrd v. Gardinier, Inc. (In re Gardinier), 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Surfside Resort and Suites, Inc., 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); In re Central Florida Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. See In re Surfside Resort & Suites, Inc., 325 B.R. at 469; In re Central Florida Fuels, Inc., 89 B.R. at 245; Sharon Steel Corp. v. Nat'l Fuel Gas Distrib'n Corp., 872 F.2d 36, 39-40 (3d Cir. 1989). Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994) aff'd sub nom. Pueblo Chem., Inc. v. III Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

11. The Debtors have satisfied the "business judgment" standard for rejecting the Contracts in the present case. The Contracts are unnecessary to the Debtors' ongoing operations, are not a source of potential value for the Debtors' estates and creditors, and constitute an unnecessary drain on the Debtors' resources. Accordingly, the Debtors' determination that the Contracts should be rejected reflects their exercise of sound business judgment.

**Rejection Damages Deadline**

12. To the extent that any of the parties to the Contracts intend to assert a rejection damage claim as a result of the rejection proposed by this Motion, the Debtors request that, pursuant to Bankruptcy Rule 3002(c)(4), the Court establish October 16, 2006 as the deadline for filing a proof of claim for such rejection damages.

**<u>Notice</u>**

13.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the parties to the Contracts.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B, (a) authorizing and approving the rejection of the Contracts effective as of October 5, 2006, and (b) establishing a deadline of October 16, 2006 for the filing of any rejection damage claims, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: September 15, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ D. J. Baker*<br>    D. J. Baker<br>    Sally McDonald Henry<br>    Rosalie Walker Gray<br>    David M. Turetsky<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By   *s/ Cynthia C. Jackson*<br>    Stephen D. Busey<br>    James H. Post<br>    Cynthia C. Jackson,<br>     Florida Bar Number 498882<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

**<u>Exhibit A</u>**

Case 3:05-bk-03817-JAF    Doc 10969    Filed 09/15/06    Page 6 of 13

**Exhibit A**
**Contracts for Rejection:**
The Debtors reserve the right to challenge the contractual, executory, or unexpired nature of any of the Contracts. The rejections pursuant to this Motion will apply only to the Contracts identified on this Exhibit A to the Motion. The rejections do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Counter-Parties listed.

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Description |
|---|---|---|---|---|---|---|
| Winn-Dixie Raleigh, Inc. | Northern Region | Service Agreement | | **Alarms Plus** | 900-C Perimeter Park Drive<br>Morrisville, NC  27560<br><br>3880 N 28TH TERRACE<br> HOLLYWOOD, FL 33020-1118 | Monitor fire alarm system |
| Winn-Dixie Stores, Inc. | Southern Region | Service Agreement | | **All Phase Security** | 114 49TH ST SOUTH<br>ST PETERSBURG,, FL 33707 | Alarm Monitoring |
| Winn-Dixie Raleigh, Inc. | Northern Region | Service Agreement | | **B-Tech Systems** | 6 CHARING CROSS ROAD<br>TAYLORS, SC 29687 | Monitor fire alarm system |
| Winn-Dixie Stores, Inc. | | Software Agreement | | **Burr Wolf** | P.O. BOX 840575<br>DALLAS, TX  75284-0575<br><br>ATT'N: SCOTT MCNEILL, ACCTG MGR<br>3800 BUFFALO SPEEDWAY, SUITE 200<br>HOUSTON TX 77098-3706 | Prepetition Contract for Property Tax Software |
| Winn-Dixie Stores, Inc. | Western | Service Agreement | | **CERTIFIED SECURITY SYS  INC** | 3016 GALLERIA DR<br> METAIRIE,, LA 70001-2017 | Monitoring Service |
| Winn-Dixie Stores, Inc. | 2038 | Maintenance Agreement - Store | | **Charlie's & Gary's Lawn Service & Parking Lot Maint.** | 1541 Independence Square<br> Kannapolis, NC 28021 | Sweeping/Landscape Maint. |
| Winn-Dixie Stores, Inc. | | Product Purchase | Amendment #2 | **Cintas** | 191 Elcon Drive<br>Greenville, SC  29605<br><br>ATT'N DESHARA S HUFF<br> PO BOX 190727<br> MOBILE, AL 36619 | Special Products |
| Winn-Dixie Stores, Inc. | Greenville Manufacturing Plant | Service Agreement | | **Cintas** | See Above | 905 Work shirts and pants; 943 Food service shirts and pants; 671 Work jacket including facility services; 2x3 anti fatigue; manual flush; air freshner; seat sanitizer<br>Superbrand Dairy |

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Description |
|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | License & Land Agreements | CSX003346 | **CSX Corporation** | 500 Water Street J180<br>Jacksonville, FL 32202<br><br>Elizabeth L. Gunn<br>McGuireWoods LLP<br>One James Center<br>901 East Cary Street<br>Richmond, VA 23219 | Contracts for Sidetracks, Land, Water Pipelines. |
| Winn-Dixie Stores, Inc. | | License & Land Agreements | CSX003347 | **CSX Corporation** | See Above | Contracts for Sidetracks, Land, Water Pipelines. |
| Winn-Dixie Stores, Inc. | | License & Land Agreements | CSX003349 | **CSX Corporation** | See Above | Contracts for Sidetracks, Land, Water Pipelines. |
| Winn-Dixie Stores, Inc. | | License & Land Agreements | CSX004593 | **CSX Corporation** | See Above | Contracts for Sidetracks, Land, Water Pipelines. |
| Winn-Dixie Stores, Inc. | | License & Land Agreements | CSX006491 | **CSX Corporation** | See Above | Contracts for Sidetracks, Land, Water Pipelines. |
| Winn-Dixie Stores, Inc. | | License & Land Agreements | SAL057228 | **CSX Corporation** | See Above | Contracts for Sidetracks, Land, Water Pipelines. |
| Winn-Dixie Stores, Inc. | | License & Land Agreements | SCL003207 | **CSX Corporation** | See Above | Contracts for Sidetracks, Land, Water Pipelines. |
| Winn-Dixie Stores, Inc. | | License & Land Agreements | SCL015383 | **CSX Corporation** | See Above | Contracts for Sidetracks, Land, Water Pipelines. |
| Winn-Dixie Stores, Inc. | | License & Land Agreements | SCL035123 | **CSX Corporation** | See Above | Contracts for Sidetracks, Land, Water Pipelines. |
| Winn-Dixie Stores, Inc. | Western | Service Agreement | | **FURLONG'S SECURITY** | 3344 ATLANTA HWY.<br>MONTGOMERY, AL 36109-2702 | FIRE ALARM MONITORING |
| Winn-Dixie Stores, Inc. | Southern Region | Service Agreement | | **Global Security** | 12995 S.W. 132 CT,<br>MIAMI, FL 33186<br><br>12491 SW 134TH CT STE 26<br>MIAMI, FL 33186-6416 | Fire Alarm monitoring |

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Description |
|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | Southern Region | Service Agreement | | **Honeywell** | 4936 Lenoir Ave,<br>Jacksonville, FL  32216<br><br>ATT'N: JENNIFER HARRIGAN<br>2441 WARRENVILLE RD, STE 600<br>LISLE IL 60532<br><br>ATT'N :  STEVEN WURST, CR MGR<br>39 OLD RIDGEBURY ROAD<br>DANBURY CT 06810 | Fire Alarm monitoring |
| Winn-Dixie Stores, Inc. | 562 | Maintenance Agreement - Store | | **LITTER CONTROL/THE HUGHES COMPANY** | ROUTE 1 BOX 59<br>EUTAW, AL  35462 | SWEEPING |
| Winn-Dixie Stores, Inc. | Southern Region | Service Agreement | | **Simplex Grinnell** | 4460 Medical Center Way<br>West Palm Beach, FL  33407<br><br>9826 Southern Pine Blvd.<br>Charlotte, NC  28273<br><br>DEPT CH 10320<br>PALATINE, IL  60055-0320<br><br>ATT'N: CLAUDIA COMMODORE, FINANCE<br>50 TECHNOLOGY DRIVE<br>WESTMINSTER, MA 01441 | Alarm Monitoring |
| Winn-Dixie Raleigh, Inc. | Northern Region | Service Agreement | | **Simplex Grinnell** | See Above | Fire sprinkler, alarm and backflow test |
| Winn-Dixie Stores, Inc. | Western | Service Agreement | | **Simplex Grinnell** | See Above | Fire alarm & sprinkler |
| Winn-Dixie Stores, Inc. | | IT-Hardware Maintenance | | **UCI Communications** | P.O. Box 1792<br>Columbia, SC  29202 | Telecom Maintenance - Jackson, MS |
| Winn-Dixie Stores, Inc. | Southern Region | Service Agreement | | **Wayne Fire** | 222 Capital Court<br>Ocee, FL  34761 | Sprinklers / Fire alarms / Monitoring |

**Exhibit B**

1155982-New York Server 7A - MSW

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES EFFECTIVE AS OF OCTOBER 5, 2006 AND ESTABLISHING DEADLINE FOR FILING REJECTION DAMAGE CLAIMS OF OCTOBER 16, 2006**

These cases came before the Court for hearing on October 5, 2006, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (i) under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 authorizing and approving the Debtors' rejection of the executory contracts and unexpired leases listed on Exhibit A (collectively, the "Contracts") effective as of October 5, 2006 (the "Motion") and (ii) under Fed. R. Bankr. P. 3002(c)(4) establishing a deadline of October 16, 2006 for the filing of any resulting rejection damage claims. The Court has read the Motion and considered the representations of counsel. Upon the representations of counsel and without objection from the United States Trustee or any other interested party, the Court determines that good cause exists to grant the relief requested by the Motion and granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Contracts pursuant to 11 U.S.C. § 365(a), and the Contracts are deemed rejected, effective as of October 5, 2006.

3. Nothing in this Order constitutes a waiver of any claims the Debtors may have against any counterparty to the Contracts, whether or not related to the Contracts.

4. Claims for any rejection damages resulting from the rejection of the Contracts must be filed on or before October 16, 2006.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order. Among other things, to the extent any of the Contracts constitute leases of personal property, the Debtors are authorized to surrender such personal property by offering it for pickup by the relevant counterparty at a designated time and place.

6. The Court will retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this ____ day of October, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

**THE EXHIBIT TO BE ATTACHED TO THE ORDER WHEN ENTERED WILL BE THE SAME EXHIBIT THAT IS ATTACHED TO THE MOTION, WITH ANY NECESSARY MODIFICATIONS TO ADDRESS OBJECTIONS TO THE MOTION**

3