Hearing Date: October 5, 2006, 1:00 p.m.
Objection Deadline: September 28, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |

## DEBTORS' FIRST OMNIBUS MOTION FOR ORDER AUTHORIZING NEGOTIATED ASSUMPTIONS OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND GRANTING RELATED RELIEF

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 authorizing and approving the negotiated assumptions of the prepetition contracts and leases listed on the attached Exhibit A (the "Contracts") on the terms set forth below and on Exhibit A and providing related relief, effective as of the effective date of the Debtors' proposed joint plan of reorganization (the "Effective Date") (the "Motion"). In support of the Motion, the Debtors state as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

2.    The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.    On June 29, 2006, the Debtors filed a proposed Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors  (the "Disclosure Statement"), together with a proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").  The Disclosure Statement was approved by Order of the Court dated August 4, 2006.  The hearing to consider confirmation of the Plan is scheduled to commence on October 13, 2006.

5.    This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.    The statutory predicates for the relief requested by this Motion are Sections 105(a) and 365 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relevant Facts**

7.     As part of their restructuring, the Debtors have undertaken a comprehensive review and analysis of each of the Contracts, together with the consequences and costs of assumption or rejection.  During the course of this process, the Debtors and the Debtors' restructuring advisors, XRoads Solutions Group LLC, have engaged in negotiations with the non-Debtor counter-parties to the Contracts (the "Counter Parties") as to the terms pursuant to which the Contracts will be assumed, including the payment of cure and the treatment of the Counter Parties' claims related to the Contracts (the "Claims").  Those negotiations have resulted in agreements with the Counter Parties to assume the Contracts on the terms described below and on Exhibit A.  Although the particulars of each agreement reached are unique, the terms by which the Debtors seek to assume each of the Contracts contain the following similarities:

(a)     The Debtors will assume the Contracts, with negotiated modifications where applicable, under Section 365 of the Bankruptcy Code effective as of the Effective Date.

(b)     Effective as of the Effective Date, the Claims will be allowed in their negotiated amounts as prepetition non-priority unsecured claims.

(c)     The Counter Parties will facilitate assumption of the Contracts by agreeing that, except as provided in subparagraph (d) below, (i) none of the Debtors will be required to pay the Claims as cure under Section 365(b)(1)(A) of the Bankruptcy Code, (ii) the requirements of Section 365(b)(1) of the Bankruptcy Code as they relate to any prepetition defaults under the Contracts will be waived in full by the Counter Parties, (iii) the Claims will not have administrative expense status as a result of the assumption of the Contracts or for any other purpose (except for agreed reclamation claims, where applicable), and (iv) the Claims will retain the status of prepetition non-priority unsecured claims (except for agreed reclamation claims, where applicable) and be paid in accordance with the terms of the Plan subject to the occurrence of the Effective Date.

(d)     The waiver of cure payments and other concessions by the Counter Parties described in subparagraphs (b) and (c) above will not negate the impact of assumption on any claims held by the Debtors against the Counter Parties or otherwise expose the Counter Parties to potential preference actions with

respect to payments made on account of the Contracts.  Upon assumption of the Contracts and notwithstanding the waiver of cure payments and other concessions described in subparagraphs (b) and (c) above, the Counter Parties will be entitled to an administrative claim for cure in the event (albeit unlikely) that any amounts become owing to the Counter Parties pursuant to Section 502(h) of the Bankruptcy Code for sums relating to the Contracts that may be required to be paid pursuant to Section 550 of the Bankruptcy Code (the "Section 502(h) Claim").

## Relief Requested

8.      Pursuant to Sections 105(a) and 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules, the Debtors seek entry of an order (a) approving the assumption of the Contracts on the terms set forth in this Motion and on Exhibit A, (b) fixing the cure amount for each of the Contracts at $0.00 as set forth on Exhibit A, but preserving cure rights with respect to any Section 502(h) Claims, and (c) as the case may be, allowing and fixing or disallowing the Claims as set forth on Exhibit A, in each case effective as of the Effective Date.[2]

## Basis for Relief

9.      The Contracts are for goods and services that are used in the operation of the Debtors' businesses.  The negotiated assumptions of the Contracts on the terms described in this Motion and on Exhibit A provide the Debtors with the best possible terms for assuming the Contracts.  The Debtors will not have to pay any cure costs in connection with assuming the Contracts.  Instead, subject to the occurrence of the Effective Date, the Claims related to the Contracts will be paid pursuant to the Plan as non-priority unsecured claims.  Although the Debtors have agreed to preserve cure with respect to any Section 502(h) Claims that may arise, that agreement merely reflects the legal effect of assumption and is necessary to ensure that the Counter Parties are not prejudiced by their concessions in favor of the Debtors.  Based upon the foregoing,

---

[2]      The Court has, in prior orders, previously approved assumption of certain of the Contracts with $0.00 payable as cure without objection of the Counter Parties.  The Debtors have included such Contracts in this Motion so as to ensure that the Claims associated with such Contracts are allowed and fixed or disallowed consistent with the negotiated terms of assumption.

and after considering the matter, the Debtors have determined that assumption of the Contracts is in the best interests of the Debtors and these estates.

**Applicable Authority**

A.    Support for Negotiated Assumptions

10.    Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365. "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

11.    A debtor's decision to assume or reject a contract or unexpired lease is subject to review under the business judgment standard. See Byrd v. Gardinier, Inc. (In re Gardinier), 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Orion Pictures Corp., 4 F.3d at 1098-99. Under this standard, the debtor's assumption of a contract or lease is appropriate if it will benefit the estate. See Westshire, Inc. v. Trident Shipworks, Inc., 247 B.R. 856 (M.D. Fla. 2000). Upon finding that a debtor has exercised its sound business judgment in determining that assumption of a particular executory contract is in the best interests of the debtor's estate, the bankruptcy court should approve assumption under Section 365(a) of the Bankruptcy Code. See In re Gucci, 193 B.R. 411, 415-17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"); Blue Cross Blue Shield of Conn. v. Gurski (In re Gurski), Nos. 94-51202 & 3:95CV1883, 1996 WL 684397, at *2 (D. Conn. Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial to the debtor such that the debtor could assume them under Sction 365(a)). In the case of

assumption, "[t]he § 365 election permits a trustee to … continue performance on a contract which will benefit the estate."  In re Diamond Mfg. Co., 164 B.R. 189 (Bankr. S.D. Ga. 1994) (citing In re Brada Miller Freight Sys., Inc., 702 F.2d 890, 893-894 (11th Cir. 1983)).

12.    Based upon the foregoing, and in view of the efforts made by the Debtors to negotiate the effects of assumption in a manner favorable to their estates, the Debtors submit that assumption of the Contracts on the terms described in this Motion and on Exhibit A is in the best interests of the Debtors and their creditors and satisfies the business judgment standard.

B.    Support for Cure with Respect to Section 502(h) Claims

13.    It is black-letter law that assumption of a contract precludes recovery as a preference of monies paid under the contract.  3 Collier on Bankruptcy 365.05[3][d] (15th ed. rev. 2005) ("[A]ny prepetition payment under a contract that is later assumed is not avoidable as a preference. . . ."").  To the Debtors' knowledge, every court that has examined this issue, including the Third, Seventh, and Ninth Circuit Courts of Appeals, has reached this conclusion.  See Kimmelman v. Port Authority of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.), 344 F.3d 311 (3d Cir. 2003); In re Superior Toy & Mfg. Co., 78 F.3d 1169 (7th Cir. 1996); Alvarado v. Walsh (In re LCO Enters.), 12 F.3d 938 (9th Cir. 1993); In re Greater Se. Comm. Hosp. Corp., 327 B.R. 26 (Bankr. D.D.C. 2005); Philip Servs. Corp. v. Luntz (In re Philip Servs (Del.), Inc., 284 B.R. 541 (Bankr. D. Del. 2002); MMR Holding Corp. v. C & C Consultants, Inc., (In re MMR Holding Corp.), 203 B.R. 605 (Bankr. M.D. La. 1996); Phoenix Rest. Group, Inc. v. Denny's Corp. (In re Phoenix Rest. Group, Inc.), 2005 WL 114327 (Bankr. M.D. Tenn. Jan. 10, 2005); see also Seidle v. GATX Leasing Corp., 778 F.2d 659 (11th Cir. 1985) (holding that trustee was not entitled to recover payments made pursuant to an executed stipulation that required cure of defaults).

14.     Consistent with the case law, the Debtors' assumption of the Contracts will preclude the Debtors or any other party from recovering any payments made on the Contracts as preferences or from otherwise recovering such sums pursuant to Section 550 of the Bankruptcy Code.  The waiver of the cure payments and other concessions described above should not effect this preclusion, and the agreed preservation of cure with respect to any Section 502(h) Claims ensures that it will not.  Thus, in the event of any attempt by a party in interest to argue that the waiver of cure payments (other than the Section 502(h) Claims) operates to negate the effect of assumption on potential preferences, the Counter Parties will have the right to assert all available defenses to such claims, including without limitation, to have any such cases dismissed based on black-letter bankruptcy law and to be paid any resulting Section 502(h) Claims in full in accordance with the terms of the assumption of the Contracts.

### Notice

15.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Counter Parties.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B (a) approving the assumption of the Contracts on the terms set forth in this Motion and on Exhibit A, (b) fixing the cure amount for each of the Contracts at $0.00 as set forth on Exhibit A, but preserving cure rights with respect to any Section 502(h) Claims, and (c) as the case may be, allowing and fixing or disallowing the

Claims as set forth on Exhibit A, in each case effective as of the Effective Date and (ii) grant such other and further relief as the Court deems just and proper.

Dated:  September 15, 2006.

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By _____*s/ D. J. Baker*_____
    D. J. Baker
    Sally McDonald Henry
    Rosalie Walker Gray
    David M. Turetsky
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Counsel for the Debtors

SMITH HULSEY & BUSEY

By _____*s/ Cynthia C. Jackson*_____
    Stephen D. Busey
    James H. Post
    Cynthia C. Jackson,
      Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for the Debtors

**Exhibit A**

**Exhibit A**
**Contracts to be Assumed on Negotiated Terms[1]**

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | All | Inventory Agreement | Non-Debtor Counter Party<br><br>Accurate Inventory and Calculation Services ("AICS")<br><br>Addresses<br><br>Accurate Inventory and Calculation Services 7155 SW 47th Street Suite 311 Miami, FL 33155<br><br>Accurate Inventory and Calculation Services C/O Markowitz Davis Ringel & Trusty, P.A. Att'n: Jerry M. Markowitz, Esq. Att'n: Rachel L. Rubio, Esq. 9130 S Dadeland Blvd., Suite 1225 Miami, FL 33155 | Inventory Counting Services | $0.00 | 10319 ($166,619.27) | $144,905.80 | - AICS waives right to payment of cure.<br><br>- Claim No. 10319 to be allowed as prepetition non-priority unsecured claim in the reduced amount of $144,905.80. |

---

[1]     Copies of the assumption agreements referenced in this Exhibit A have been provided to counsel to the Official Committee of Unsecured Creditors.

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Supply Agreement | Non-Debtor Counter Party<br><br>Aramark Uniform Services ("Aramark")<br><br>Addresses<br><br>Aramark Uniform Services<br>5698 Commonwealth Ave.<br>Jacksonville, FL  32254<br><br>Aramark Uniform & Career Apparel D/B/A Aramark Uniform Services D/B/A Wearguard<br>Att'n: Steven M. Friedman<br>115 N. First Street<br>Burbank, CA  91502<br><br>Aramark Uniform & Career Apparel D/B/A Aramark Uniform Services D/B/A Wearguard<br>C/O Sheila Schwager, Esq.<br>Hawley Troxell Ennis & Hawley LLP<br>P.O. Box 1617<br>Boise, ID  83701<br><br>Madison Investment Trust – Series 3<br>6310 Lamar Ave., Suite 120<br>Overland Park, KS  66202 | Service Agreement, dated December 2, 2004 as amended by Addendum to Service Agreement dated December 2, 2004 | $0.00 | 4086 ($328,679.51) | $328,679.51 | - Assumption pursuant to terms of Agreement for Assumption and Amendment of Aramark Service Agreement dated September 12, 2006, between Winn-Dixie Stores, Inc. and Aramark Uniform Services.<br><br>- Claim No. 4086 to be allowed as prepetition nonpriority unsecured claim in the amount of $328,679.51.  Claim No. 4086 supersedes all claims of Aramark scheduled by the Debtors, which claims are to be disallowed in their entirety. |

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | Non-Debtor Counter Party<br><br>EADS Telecom – North America, Inc. n/k/a Aastra Intecom Inc. ("EADS")<br><br>Address<br><br>EADS Telecom – North America, Inc. n/k/a Aastra Intecom Inc.<br>Att'n: Lee M. Davis, Esq.<br>2811 Internet Blvd.<br>Frisco, TX  75034-1851 | Support Services Agreement No. WDS-SSA-012002 as amended | $0.00 | 7769 ($68,373.67 – reduced from $86,562.85 by order entered 8/15/2006 (Docket No. 10272))) | $68,373.67 | - EADS waives right to payment of cure.<br><br>- Claim No. 7769 to be allowed as prepetition non-priority unsecured claim in the amount of $68,373.67. |

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Product Purchase | Non-Debtor Counter Party<br><br>Interactive Communications International, Inc. ("InComm")<br><br>Addresses<br><br>Interactive Communications International, Inc. 250 Williams Street Suite M-100 Atlanta, GA  30303<br><br>Interactive Communications International, Inc. C/O Hunton & Williams Att'n: Jason W. Harbour, Esq. Riverfront Plaza East Tower 951 E. Byrd Street Richmond VA  23219<br><br>Liquidity Solutions, Inc. Defined Benefit IRA One University Plaza Suite 312 Hackensack, NJ  07601 | Pre-Paid Transaction Services Agreement dated December 31, 2003, as amended | $0.00 | 9571 ($1,931,681.69) | $1,807,681.69 | - Assumption pursuant to terms of Agreement for Assumption of Incomm Agreement dated September 7, 2006, between Winn-Dixie Stores, Inc. and Interactive Communications International, Inc. (execution pending)<br><br>- Claim No. 9571 to be allowed as prepetition unsecured non-priority claim in the amount of $1,807,681.69 and disallowed to the extent that it alleges a claim in excess of that amount or a claim that has secured status. |

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | <u>Non-Debtor Counter Party</u><br><br>iTrade Network Inc. ("iTrade")<br><br><u>Addresses</u><br><br>iTrade Network Inc. Detp CH 17307 Palatine, IL 60055-7307<br><br>iTrade Network Inc. 2600 Kitty Hawk Rd 115 Livermore, CA  84550 | OMI/Web Survey | $0.00 | 31917 ($101,482.63) | $101,482.63 | - iTrade waives right to payment of cure<br><br>- Claim No. 31917 to be allowed in its entirety as prepetition non-priority unsecured claim. |
| Winn-Dixie Stores, Inc. | HDQ | IT Statement of Work | <u>Non-Debtor Counter Party</u><br><br>iTrade Network Inc.<br><br><u>Addresses</u><br><br>See Above | iTrade and OMI/Web Survey (Fresh Procurement Project) | $0.00 | See Above | See Above | See Above |

5

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | All | Marketing / Services Agreement | <u>Non-Debtor Counter Party</u><br><br>Koldenhoven & Associates (d/b/a The Christensen Group, Inc.) ("Christensen")<br><br><u>Addresses</u><br><br>The Christensen Group C/O Koldenhoven & Associates, Inc. Att'n: Linda Koldenhoven 4395 St. John's Parkway Sanford, FL 32771<br><br>Koldenhoven & Associates, Inc. 235 Coastline Rd. Sanford, FL 32771 | Service Agreement dated September 1, 2000 | $0.00 | 881 ($18,506.10) | $18,506.10 | - Assumption pursuant to terms of Agreement for Assumption of Services Agreement dated July 31, 2006, between Winn-Dixie Stores, Inc. and Koldenhoven & Associates d/b/a The Christensen Group, Inc.<br><br>- Claim No. 881 to be allowed in its entirety and paid as prepetition non-priority unsecured claim. |

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | IT-Hardware Maintenance | <u>Non-Debtor Counter Party</u><br><br>NCR Corporation ("NCR")<br><br><u>Addresses</u><br><br>NCR Corporation Att'n: Todd B. Carver, Law Vice President & Chief Counsel 1700 S. Patterson Blvd., WHQ-4 Dayton, OH 45479-0001<br><br>NCR Corporation 2910 Gleneagles Pointe Alpharetta, GA 30005<br><br>NCR Corporation C/O Ashely M. Chan Hangley Aronchick Segal & Pudin One Logan Avenue, 27th Floor Philadelphia, PA 19103 | NCR Master Solutions Agreement dated effective August 6, 2004 and addenda/amendments thereto (the "Master Agreement"), including the Teradata Software Upgrade Subscription Addendum dated effective January 1, 2004 (regarding CRM Software) and individual orders dated August 6, 2004 or after which adopt and incorporate the Master Agreement terms and conditions, but only to the extent if any that the rights and obligations thereunder are deemed to be executory in nature) | $0.00 | 5301 (unsecured claim of $215,811.02; secured claim of $3,425,797.75)<br><br>Reclamation Claim/Demand dated 3/1/2005 for $16,581.34 | $221,816.14 (prepetition nonpriority general unsecured claim)<br><br>$10,576.22 (administrative priority claim) | - NCR waives right to payment of cure.<br><br>- Claim No. 5301 to be reclassified and allowed as follows: prepetition non-priority general unsecured claim in the amount of $221,816.14, $10,576.22 administrative priority claim (reclamation), and $3,435,797.75 secured claim.<br><br>**Note: The secured claim does not relate to an assumed contract. It arises under a separate secured purchase agreement and will be treated as provided in Class 9 of the Debtors' Plan.** |

7

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | IT-Hardware Maintenance | <u>Non-Debtor Counter Party</u><br><br>NCR Corporation ("NCR")<br><br><u>Addresses</u><br><br>See Above | Universal Agreement Amendment dated effective January 1, 1990 ), the Addendum to Universal Agreement signed by Winn-Dixie on July 20, 1990, the Amendment to the Universal Agreement signed by Winn-Dixie on September 13, 2002, the Teradata Purchase Addendum dated effective December 26, 2003 , the Teradata Application Software Addendum signed on December 26, 2003 by Winn-Dixie , the Volume Purchase Addendum dated effective December 23, 2002,  and individual orders dated from January 1, 1990 through August 5, 2004 which adopt and incorporate the Universal Agreement terms and conditions, but only to the extent if any that the rights and obligations thereunder are deemed to be executory in nature. | $0.00 | See Above | See Above | See Above |

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | Non-Debtor Counter Party<br><br>Park City Group ("Park City")<br><br>Addresses<br><br>Park City Group<br>P.O. Box 4000<br>Park City, UT 84060<br><br>Park City Group<br>P.O. Box 5000<br>333 Main Street<br>Park City, UT 84060-5000 | FSG Remote Site Software (ROI Cash Report) | $0.00 | 31347 ($78,570.00) | $78,570.00 | - Park City waives right to payment of cure.<br><br>- Claim No. 31347 to be allowed as prepetition non-priority unsecured claim in the amount of $78,570.00. |
| Winn-Dixie Stores, Inc. | HDQ | IT-Hardware Maintenance | Non-Debtor Counter Party<br><br>Peak Technologies Inc. ("Peak")<br><br>Addresses<br><br>Peak Technologies Inc.<br>C/O RR Donnellley Company<br>Att'n: Dan Pewonka, Sr. Mgr CFS<br>3075 Highland Pkwy.<br>Downers Grove, IL 60515<br><br>Peak Technologies Inc.<br>9200 Berger Road<br>Columbia, MD 21046 | Printers | $0.00 | 10049 ($101,696.66) | $101,696.66 | - Peak waives right to payment of cure.<br><br>- Claim No. 10049 to be allowed as prepetition non-priority unsecured claim in the amount of $ 101,696.66. |

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | See Contract Description | Equipment Lease | Non-Debtor Counter Party<br><br>Protection One<br><br>Addresses<br><br>Protection One<br>C/O Creditors Bankruptcy Service<br>Att'n: P. B. Mason, Agent<br>P.O. Box 740933<br>Dallas, TX 75374<br><br>Protection One<br>2148 Pelham Pkway<br>Pelham AB,  35124 | Separate Camera System / Burglar Alarm System Contracts for Stores 407, 410, 411, 426, 428, 437, 438, 446, 447, 448, 451, 454, 462, 481, 488, 493, 504, 521, 531, 536, 550, 555, 574, 1812, 1854 | $0.00 | 4216 ($44,546.61) | $44,546.61 | - Protection One waives right to payment of cure.<br><br>- Claim No. 4216 to be allowed as prepetition non-priority unsecured claim in the amount of $44,546.61. |
| Winn-Dixie Stores, Inc. | HDQ | IT-Master Service Agreement | Non-Debtor Counter Party<br><br>Robert Half Int'l Consulting, a Division of Robert Half International ("Robert Half")<br><br>Addresses<br><br>Robert Half Int'l Consulting, a Division of Robert Half International Att'n: Lynda Travers<br>5720 Stoneridge Drive Suite Three<br>Pleasanton, CA  94588<br><br>200 West Forsyth Street Suite 1110<br>Jacksonville, FL  32202 | MSA | $0.00 | 2204 ($40,012.50) | $40,012.50 | - Robert Half waives right to payment of cure.<br><br>- Claim No. 2204 to be allowed as prepetition non-priority unsecured claim in the amount of $40,012.50. |

10

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | See Contract Description | Burglar Alarm System | Non-Debtor Counter Party<br><br>Servidian<br><br>Address<br><br>Servidian<br>Att'n: Donald R. Wallace, Pres.<br>3307 NW 55th Street<br>Ft. Lauderdale, FL  33309 | Separate Alarm System Contracts for Stores 86, 201, 203, 207, 209, 210, 212, 214, 218, 221, 222, 226, 228, 231, 233, 235, 236, 242, 243, 244, 246, 247, 248, 250, 251, 254, 255, 257, 259, 260, 263, 265, 267, 268, 270, 272, 274, 278, 280, 281, 283, 285, 286, 288, 290, 291, 292, 296, 297, 299, 302, 305, 306, 307, 308, 309, 311, 317, 318, 319, 326, 328, 330, 333, 336, 343, 345, 348, 352, 353, 354, 355, 356, 357, 358, 359, 364, 366, 367, 368, 370, 371, 375, 377, 378, 381, 384, 385, 386, 387, 388, 390, 606, 611, 618, 630, 631, 632, 644, 660, 662, 667, 672, 673, 687, 698, 699, 710, 711, 717, 720, 721, 723, 726, 728, 729, 736, 737, 741, 743, 745, 746, 751, 777, 2217, 2348, 2349, 2355, 2366 | $0.00 | 31548 ($38,052.24)<br><br>32935 ($14,675.35)<br><br>37195 ($309.93) | $53,037.52 | - Servidian waives right to payment of cure.<br><br>- Claim Nos. 31548, 32935, and 37195 to be allowed in their entirety as prepetition non-priority unsecured claims. |

11

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | <u>Non-Debtor Counter Party</u><br><br>Sirius Computer Solutions Inc. ("Sirius")<br><br><u>Addresses</u><br><br>Sirius Computer Solutions Inc.<br>Att'n: John Medina, Credit Mgr.<br>613 NW Loop 410, Suite 1000<br>San Antonio, TX 78216<br><br>Sirius Computer Solutions Inc.<br>112 E Pecan, Ste 1800<br>San Antonio, TX 78205 | DB2 Software for WorkBrain p570 Server | $0.00 | 8471 ($961,150.12 – reduced from $986,409.30 by order dated 8/24/2006 (Docket No. 10544)) | $961,150.12 | - Sirius waives right to payment of cure.<br><br>- Claim No. 8471 to be allowed as prepetition non-priority unsecured claim in the amount of $961,150.12. |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | <u>Non-Debtor Counter Party</u><br><br>Sirius Computer Solutions Inc. ("Sirius")<br><br><u>Addresses</u><br><br>See Above | F5 SWMA for AIX Processor | $0.00 | See Above | See Above | See Above |
| Winn-Dixie Stores, Inc. | | Equipment Lease | <u>Non-Debtor Counter Party</u><br><br>Sirius Computer Solutions Inc. ("Sirius")<br><br><u>Addresses</u><br><br>See Above | Sub-agreement of master agreement 1-1TN97-CA: install and configure hardware management console. | $0.00 | See Above | See Above | See Above |

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | IT-Hardware Lease | | Non-Debtor Counter Party<br><br>Sirius Computer Solutions Inc. ("Sirius")<br><br>Addresses<br><br>See Above | Sub-agreement of master agreement 1-1TN97-CA: renatl of hardware and software | $0.00 | See Above | See Above | See Above |
| Winn-Dixie Stores, Inc. | IT-Hardware Lease | | Non-Debtor Counter Party<br><br>Sirius Computer Solutions Inc. ("Sirius")<br><br>Addresses<br><br>See Above | Sub-agreement of master agreement 1-1TN97-CA: purchase of hardware (7038 6M2) and software (5773-SM3 & 5771 ALC AIX 5.2 & 5765-E62 AIX 5.2) | $0.00 | See Above | See Above | See Above |
| Winn-Dixie Stores, Inc. | IT-Hardware Lease | | Non-Debtor Counter Party<br><br>Sirius Computer Solutions Inc. ("Sirius")<br><br>Addresses<br><br>See Above | Sub-agreement of master agreement 1-1TN97-CA: DB2 Software | $0.00 | See Above | See Above | See Above |

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Benefits Vendor | <u>Non-Debtor Counter Party</u><br><br>SIRVA Relocation LLC ("SIRVA")<br><br><u>Addresses</u><br><br>SIRVA Relocation LLC 6070 Parkland Blvd Att'n: Molly Solly - Account Rep Att'n: Jeffrey Margolis, Senior Counsel Mayfield Heights, OH 44124<br><br>SIRVA Relocation LLC C/O Law Office of Glenn M. Reisman Att'n: Glenn M. Reisman, Esq. Two Corporate Drive, Suite 648 P.O. Box 861 Shelton, CT 06484-0861<br><br>DellaCamera Capital Master Fund, Ltd. c/o DellaCamera Capital Management, LLC 237 Park Avenue Suite 900 New York, NY 10017 | Relocation Service Agreement, dated February 6, 2004, as amended by Addendum to Relocation Service Agreement, dated May 3, 2005. | $0.00 | 8209 ($530,214.04)<br><br>8210 ($530,214.04) | $530,214.04 | - Assumption pursuant to terms of Agreement for Assumption of SIRVA Relocation Service Agreement dated August 10, 2006, between Winn-Dixie Stores, Inc. and SIRVA Relocation LLC<br><br>- Claim No. 8210 to be allowed in its entirety and paid as prepetition non-priority unsecured claim.<br><br>- Claim No. 8209 to be disallowed in its entirety as a duplicate claim (the Debtors have sought to disallow Claim No. 8209 in the Debtors' Eighteenth Omnibus Objection to Duplicate Different Debtor Claims (Docket No. 10448). |

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | Manufacturing Plants located at Plant City, High Point, Greenville, Montgomery Hammond & Fitzgerald | Supply Agreement | Non-Debtor Counter Party<br><br>Thatcher Company Food & Dairy Division ("Thatcher")<br><br>Addresses<br><br>Thatcher Company Food & Dairy Division P.O. Box 27407 Salt Lake City, UT 84127<br><br>Thatcher Company Food & Dairy Division 2094 Pless Dr. Brighton, MI 48114 | Exclusive supply of plant cleaners, sanitizers & conveyor lubricants. In addition provide service on use & control of these chemicals at each location. | $0.00 | 31928 ($7,905.30)<br><br>32398 ($4,501.73) | $12,407.03 | - Thatcher waives right to payment of cure<br><br>- Claim Nos. 31928 and 32398 to be allowed in their entirety as prepetition non-priority unsecured claims. |
| Winn-Dixie Stores, Inc. | | Supply Agreement | Non-Debtor Counter Party<br><br>W W Grainger Inc. ("Grainger")<br><br>Addresses<br><br>W W Grainger Inc. 1820 Tampa East Blvd. Tampa, FL 33619<br><br>W W Grainger Inc. Att'n: Roney Maciejewski 7300 W. Melvina Avenue, M530 Nile, IL 60714-3998 | Supply of electric motor and power transmission products, air filters and engine cleaning supplies such as chemicals, mop, broom and brush. | $0.00 | 1005 ($38,529.78)<br><br>30857 ($222.08)<br><br>33673 ($6,387.02) | $45,138.88 | - Grainger waives right to payment of cure.<br><br>- Claim Nos. 1005, 30857, and 33673 to be allowed in their entirety as prepetition non-priority unsecured claims. |

15

## **Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER PURSUANT TO FIRST OMNIBUS MOTION AUTHORIZING**
**NEGOTIATED ASSUMPTIONS OF EXECUTORY CONTRACTS AND UNEXPIRED**
**LEASES AND GRANTING RELATED RELIEF**

These cases came before the Court for hearing on October 5, 2006, upon the motion of

Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-

captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the

"Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006

(a) authorizing and approving the negotiated assumptions of the prepetition contracts and

leases set forth on the attached Exhibit A (the "Contracts") on the terms set forth in the

Motion and on Exhibit A, (b) fixing the costs of assumption at $0.00 as set forth on Exhibit A,

but preserving cure rights with respect to any amounts becoming owed to the non-Debtor

counter-parties to the Contracts (the "Counter Parties") pursuant to 11 U.S.C. § 502(h) for

sums relating to the Contracts that may be required to be paid pursuant to 11 U.S.C. § 550

(the "Section 502(h) Claims"), and (c) as the case may be, allowing and fixing or disallowing

the claims related to the Contracts (the "Claims") as set forth on Exhibit A, in each case

effective as of the effective date of the Debtors' proposed joint plan of reorganization (the

"Effective Date") (the "Motion").[1]  By the Motion, parties were given until September 28, 2006 to object to the Motion.  Upon consideration, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The Debtors are authorized to assume the Contracts on the terms set forth in the Motion and on Exhibit A pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the Effective Date.  The Debtors' assumption of the Contracts as of, and upon the occurrence of, the Effective Date is approved.

3.      For purposes of 11 U.S.C. § 365(b)(1), there shall be no cure or compensation amounts owed by the Debtors with respect to the Contracts and the costs of assumption shall be fixed at $0.00 as set forth on Exhibit A.

4.      The Counter Parties listed on Exhibit A are deemed to have waived any and all claims they may have against the Debtors for cure or compensation under their respective Contracts listed on Exhibit A.  As a consequence of such waiver, and notwithstanding the assumption of the Contracts, the Debtors shall not be required to pay the Claims as cure under Section 365(b)(1)(A) of the Bankruptcy Code.  The Claims shall not have administrative expense status as a result of the assumption of the Contracts or for any other purpose, and the Claims shall retain the status of and be treated as prepetition unsecured non-priority claims.

5.      The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to each of the Contracts.

---

[1]      All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

2

6.      As of, and upon the occurrence of, the Effective Date, the Claims shall, as the case may be, be allowed and fixed or disallowed as set forth on Exhibit A.

7.      The waiver of cure payments and other concessions by the Counter Parties will not negate the impact of assumption on any claims held by the Debtors against the Counter Parties or otherwise expose the Counter Parties to potential preference actions with respect to payments made on account of the Contracts.  Upon assumption of the Contracts and notwithstanding the waiver of cure payments and other concessions, the Counter Parties will be entitled to an administrative claim with respect to any Section 502(h) Claims.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9.      The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

10.     In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, this Order shall be null and void.

Dated October ___, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

3

**THE EXHIBIT TO BE ATTACHED TO THE ORDER WHEN ENTERED WILL BE THE SAME EXHIBIT THAT IS ATTACHED TO THE MOTION, WITH ANY NECESSARY MODIFICATIONS TO ADDRESS OBJECTIONS TO THE MOTION**