Hearing Date: October 5, 2006, 1:00 p.m.
Objection Deadline: September 28, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.¹ | ) Jointly Administered |
| | ) |

## DEBTORS' SECOND OMNIBUS MOTION FOR ORDER AUTHORIZING NEGOTIATED ASSUMPTIONS OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND GRANTING RELATED RELIEF

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 authorizing and approving the negotiated assumptions of the prepetition contracts and leases listed on the attached Exhibit A (the "Contracts") on the terms set forth below and on Exhibit A and providing related relief, effective as of the effective date of the Debtors' proposed joint plan of reorganization (the "Effective Date") (the "Motion"). In support of the Motion, the Debtors state as follows:

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

        2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

        3.      On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

        4.      On June 29, 2006, the Debtors filed a proposed Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors  (the "Disclosure Statement"), together with a proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").  The Disclosure Statement was approved by Order of the Court dated August 4, 2006.  The hearing to consider confirmation of the Plan is scheduled to commence on October 13, 2006.

        5.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

        6.      The statutory predicates for the relief requested by this Motion are Sections 105(a) and 365 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relevant Facts**

7.       As part of their restructuring, the Debtors have undertaken a comprehensive review and analysis of each of the Contracts, together with the consequences and costs of assumption or rejection.  During the course of this process, the Debtors and the Debtors' restructuring advisors, XRoads Solutions Group LLC, have engaged in negotiations with the non-Debtor counter-parties to the Contracts (the "Counter Parties") as to the terms pursuant to which the Contracts will be assumed, including the payment of cure and the treatment of the Counter Parties' claims related to the Contracts (the "Claims").  Those negotiations have resulted in agreements with the Counter Parties to assume the Contracts on the terms described below and on Exhibit A.  Although the particulars of each agreement reached are unique, the terms by which the Debtors seek to assume each of the Contracts contain the following similarities:

(a)     The Debtors will assume the Contracts, with negotiated modifications where applicable, under Section 365 of the Bankruptcy Code effective as of the Effective Date.

(b)     The Counter Parties will facilitate assumption of the Contracts by agreeing that, effective as of the Effective Date, the Claims will be allowed in negotiated reduced amounts (the "Reduced Amounts") to be paid as cure upon assumption of the Contracts.

(c)     The Counter Parties will also facilitate assumption of the Contracts by agreeing that, except as provided in subparagraph (d) below, the Debtors' cure obligations will be limited to payment of the Reduced Amounts upon assumption of the Contracts, with the requirements of Section 365(b)(1) of the Bankruptcy Code as they relate to any prepetition defaults under the Contracts otherwise being waived by the Counter Parties.

(d)     The reduction in Claims and cure payments and other concessions by the Counter Parties described in subparagraphs (b) and (c) above will not negate the impact of assumption on any claims held by the Debtors against the Counter Parties or otherwise expose the Counter Parties to potential preference actions with respect to payments made on account of the Contracts.  Upon assumption of the Contracts and notwithstanding the concessions described in subparagraphs (b) and (c) above, the Counter Parties will be entitled to an administrative claim for cure in the event (albeit unlikely)

3

that any amounts become owing to the Counter Parties pursuant to Section 502(h) of the Bankruptcy Code for sums relating to the Contracts that may be required to be paid pursuant to Section 550 of the Bankruptcy Code (the "Section 502(h) Claim").

## Relief Requested

8. Pursuant to Sections 105(a) and 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules, the Debtors seek entry of an order (a) approving the assumption of the Contracts on the terms set forth in this Motion and on Exhibit A, (b) fixing the cure amounts for the Contracts in the reduced amounts set forth on Exhibit A, but preserving full cure rights with respect to any Section 502(h) Claims, and (c) as the case may be, allowing and fixing or disallowing the Claims as set forth on Exhibit A, in each case effective as of the Effective Date.[2]

## Basis for Relief

9. The Contracts are for goods and services that are used in the operation of the Debtors' businesses. The negotiated assumptions of the Contracts on the terms described in this Motion and on Exhibit A provide the Debtors with the best possible terms for assuming the Contracts. The Debtors' cure obligations will be limited to payment of the Reduced Amounts. Although the Debtors have agreed to preserve full cure rights with respect to any Section 502(h) Claims that may arise, that agreement merely reflects the legal effect of assumption and is necessary to ensure that the Counter Parties are not prejudiced by their concessions in favor of the Debtors. Based upon the foregoing, and after considering the matter, the Debtors have determined that assumption of the Contracts is in the best interests of the Debtors and these estates.

---

[2] The Court has, in prior orders, previously approved assumption of certain of the Contracts with reduced cure amounts without objection of the Counter Parties. The Debtors have included such Contracts in this Motion so as to ensure that the Claims associated with such Contracts are allowed and fixed or disallowed consistent with the negotiated terms of assumption.

4

**Applicable Authority**

A.   Support for Negotiated Assumptions

10. Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365. "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

11. A debtor's decision to assume or reject a contract or unexpired lease is subject to review under the business judgment standard. See Byrd v. Gardinier, Inc. (In re Gardinier), 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Orion Pictures Corp., 4 F.3d at 1098-99. Under this standard, the debtor's assumption of a contract or lease is appropriate if it will benefit the estate. See Westshire, Inc. v. Trident Shipworks, Inc., 247 B.R. 856 (M.D. Fla. 2000). Upon finding that a debtor has exercised its sound business judgment in determining that assumption of a particular executory contract is in the best interests of the debtor's estate, the bankruptcy court should approve assumption under Section 365(a) of the Bankruptcy Code. See In re Gucci, 193 B.R. 411, 415-17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"); Blue Cross Blue Shield of Conn. v. Gurski (In re Gurski), Nos. 94-51202 & 3:95CV1883, 1996 WL 684397, at *2 (D. Conn. Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial to the debtor such that the debtor could assume them under Section 365(a)). In the case of assumption, "[t]he § 365 election permits a trustee to … continue performance on a contract which

5

will benefit the estate." In re Diamond Mfg. Co., 164 B.R. 189 (Bankr. S.D. Ga. 1994) (citing In re Brada Miller Freight Sys., Inc., 702 F.2d 890, 893-894 (11th Cir. 1983)).

12.     Based upon the foregoing, and in view of the efforts made by the Debtors to negotiate the effects of assumption in a manner favorable to their estates, the Debtors submit that assumption of the Contracts on the terms described in this Motion and on Exhibit A is in the best interests of the Debtors and their creditors and satisfies the business judgment standard.

B.     Support for Cure with Respect to Section 502(h) Claims

13.     It is black-letter law that assumption of a contract precludes recovery as a preference of monies paid under the contract. 3 Collier on Bankruptcy 365.05[3][d] (15th ed. rev. 2005) ("[A]ny prepetition payment under a contract that is later assumed is not avoidable as a preference. . . ."). To the Debtors' knowledge, every court that has examined this issue, including the Third, Seventh, and Ninth Circuit Courts of Appeals, has reached this conclusion. See Kimmelman v. Port Authority of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.), 344 F.3d 311 (3d Cir. 2003); In re Superior Toy & Mfg. Co., 78 F.3d 1169 (7th Cir. 1996); Alvarado v. Walsh (In re LCO Enters.), 12 F.3d 938 (9th Cir. 1993); In re Greater Se. Comm. Hosp. Corp., 327 B.R. 26 (Bankr. D.D.C. 2005); Philip Servs. Corp. v. Luntz (In re Philip Servs (Del.), Inc., 284 B.R. 541 (Bankr. D. Del. 2002); MMR Holding Corp. v. C & C Consultants, Inc., (In re MMR Holding Corp.), 203 B.R. 605 (Bankr. M.D. La. 1996); Phoenix Rest. Group, Inc. v. Denny's Corp. (In re Phoenix Rest. Group, Inc.), 2005 WL 114327 (Bankr. M.D. Tenn. Jan. 10, 2005); see also Seidle v. GATX Leasing Corp., 778 F.2d 659 (11th Cir. 1985) (holding that trustee was not entitled to recover payments made pursuant to an executed stipulation that required cure of defaults).

14. Consistent with the case law, the Debtors' assumption of the Contracts will preclude the Debtors or any other party from recovering any payments made on the Contracts as preferences or from otherwise recovering such sums pursuant to Section 550 of the Bankruptcy Code. The partial waiver of the cure payments and other concessions described above should not effect this preclusion, and the agreed preservation of cure with respect to any Section 502(h) Claims ensures that it will not. Thus, in the event of any attempt by a party in interest to argue that the partial waiver of cure payments (other than the Section 502(h) Claims) operates to negate the effect of assumption on potential preferences, the Counter Parties will have the right to assert all available defenses to such claims, including without limitation, to have any such cases dismissed based on black-letter bankruptcy law and to be paid any resulting Section 502(h) Claims in full in accordance with the terms of the assumption of the Contracts.

## Notice

15. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Counter Parties. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B (a) approving the assumption of the Contracts on the terms set forth in this Motion and on Exhibit A, (b) fixing the cure amounts for the Contracts in the reduced amounts set forth on Exhibit A, but preserving full cure rights with respect to any Section 502(h) Claims, and (c) as the case may be, allowing and fixing or disallowing

the Claims as set forth on Exhibit A, in each case effective as of the Effective Date and (ii) grant such other and further relief as the Court deems just and proper.

Dated:  September 15, 2006.

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By    *s/ D. J. Baker*           | By    *s/ Cynthia C. Jackson*           |
|     D. J. Baker |     Stephen D. Busey |
|     Sally McDonald Henry |     James H. Post |
|     Rosalie Walker Gray |     Cynthia C. Jackson, |
|     David M. Turetsky |     Florida Bar Number 498882 |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida  32202 |
| (212) 735-3000 | (904) 359-7700 |
| (212) 735-2000 (facsimile) | (904) 359-7708 (facsimile) |
| djbaker@skadden.com | cjackson@smithhulsey.com |
| | |
| Co-Counsel for the Debtors | Co-Counsel for the Debtors |

**Exhibit A**

Case 3:05-bk-03817-JAF    Doc 10973    Filed 09/15/06    Page 9 of 20

**Exhibit A**
**Contracts to be Assumed on Negotiated Terms[1]**

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | HDQ | IT-Hardware Maintenance | Non-Debtor Counter Party<br><br>DBK Concepts, Inc. ("DBK")<br><br>Address<br><br>DBK Concepts, Inc.<br>Att'n: Thomas Mann, CFO<br>12905 SW 129 Avenue<br>Miami, FL  33186 | Service Agreement (Contract No. 103459) effective as of December 1, 2002, as amended by Addendum I | $99,450.00 | 3744 ($146,260.00)<br><br>33542 ($4,492.32)<br><br>36236 ($2,246.26) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Service Agreement as Amended by Addendum 1 (DBK Concenpts, Inc.) effective February 28, 2006, between Winn-Dixie Stores, Inc. and DBK Concepts, Inc.<br><br>- Claim No. 3744 to be allowed in the reduced amount of $99,450.00, which will be paid as cure on or about the Effective Date.  The remaining balance of Claim No. 3744 to be disallowed.<br><br>- Claim Nos. 33542 and 36236 to be disallowed in their entirety. |

---

[1] Copies of the assumption agreements referenced in this Exhibit A have been provided to counsel to the Official Committee of Unsecured Creditors.

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Software License | <u>Non-Debtor Counter Party</u><br><br>LearnSomething.com, Inc. ("LearnSomething")<br><br><u>Address</u><br><br>Learnsomething.com Inc.<br>Att'n: Duane Daunt<br>Corporate Controller<br>2457 Care Drive<br>Tallahassee, FL  32308 | HIPPA License Agreement, dated February 13, 2003 | $23,896.00 | 718 ($47,792.00) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of HIPPA License Agreement dated March 10, 2006, between Winn-Dixie Stores, Inc. and LearnSomething.com, Inc.<br><br>- Claim No. 718 to be allowed as an unsecured claim in the reduced amount of $23,896.00 and paid as cure on or about the Effective Date. The balance of Claim No. 718 to be disallowed. |

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | HDQ | Software License / IT-Hardware Maintenance | Non-Debtor Counter Party<br><br>Radiant Systems, Inc. ("Radiant")<br><br>Address<br><br>Radiant Systems, Inc.<br>Att'n: Jerry Hopkins<br>Business Center<br>3925 Brookside Parkway<br>Alpharetta, GA 30022 | Radiant Software License, Services and Purchase Agreement dated April 6, 2004, as amended by Addendum Number 1 dated September 20, 2004, and further amended by Addendum No. 2 dated February 27, 2006 (Fuel CRC Hardware) | $53,010.63 | 1389 ($43,875.70)<br><br>12881 ($66,263.29) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Radiant Software License, Services and Purchase Agreement as Amended by Addendum Number 1 and 2 dated February 27, 2006, between Winn-Dixie Stores, Inc. and Radiant Systems, Inc.<br><br>- Claim No. 1389 to be disallowed in its entirety as amended and superseded by Claim No. 12881.<br><br>- Claim No. 12881 to be allowed as unsecured claim in the reduced amount of $53,010.63 and paid as cure on or about the Effective Date. The balance of Claim No. 12881 to be disallowed. |

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Software License | Non-Debtor Counter Party<br><br>Serena Software, Inc. ("Serena")<br><br>Addresses<br><br>Serena Software, Inc.<br>P.O. Box 201448<br>Dallas, TX 75320-1448<br><br>Serena Software, Inc.<br>Att'n: Eric Johnson<br>3445 NW 211th Terrace<br>Hillsboro OR 97124 | Master License Agreement dated April 2, 1998, as subsequently amended, including the Software License Schedule with an effective date of March 1, 2004, the Software License Schedule with an effective date of January 31, 2005 and the Software License Schedule with 2006 effective date. | $122,566.00 | 7746 ($866,080.54) | $0.00 | - Assumption pursuant to terms Agreement for Assumption of Master License Agreement, as Amended by Software License Schedule dated May 22, 2006, between Winn-Dixie Stores, Inc. and Serena Software, Inc.<br><br>- Claim No. 7746 to be allowed as unsecured claim in the reduced amount of $122,566.00 and paid as cure on or about the Effective Date. The balance of Claim No. 7746 to be disallowed. |

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | All | Service Agreement | <u>Non-Debtor Counter Party</u><br><br>St. John & Partners Advertising & Public Relations ("St. John")<br><br><u>Address</u><br><br>St. John & Partners<br>Att'n: Robert M. Baker, CFO<br>5220 Belfort Road, Suite 400<br>Jacksonville, FL  32256 | Letter of Agreement dated June 12, 2003 | $47,000.00 | 893 ($95,266.10)<br><br>31611 ($37,663.29)<br><br>34191 ($24,567.74)<br><br>36818 ($23,035.07) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Letter of Agreement (St. John & Partners Advertising & Public Relations) dated June 7, 2006, between Winn-Dixie Stores, Inc. and St. John & Partners Advertising & Public Relations<br><br>- Claim No. 893 to be allowed as nonpriority unsecured claim in reduced amount of $47,000 and paid as cure upon assumption.<br><br>- With the exception of the $47,000 described above, St. John waives any and all other claims against the Debtors and their affiliates, including, without limitation, the remaining balance of Claim No. 893, scheduled Claim No. 31611, scheduled Claim No. 34191, and scheduled Claim No. 36818, each of which to be disallowed. |

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Procurement, Inc. | | Advertising Agreement | Zubi Advertising Services, Inc. ("Zubi")<br><br>Addresses<br><br>Zubi Advertising Services, Inc.<br>355 Alhambra Circle<br>Coral Gables, FL 33134<br><br>Zubi Advertising Services, Inc.<br>C/O Markowitz Davis Ringel & Trusty<br>Att'n: J. Markowitz & R. Rubio, Esqs.<br>9130 So. Dadeland Blvd., Ste. 1225<br>Miami, FL 33156 | Service Agreement, dated June 4, 2002 | $250,000.00 | 2565 ($326,380.53)<br><br>2582 ($326,380.53) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Service Agreement and Amendment to Service Agreement dated August 14, 2006, between Winn-Dixie Procurement, Inc. and Zubi Advertising Services, Inc.<br><br>- Claim No. 2565 to be reduced and reclassified and allowed as an unsecured nonpriority claim in the amount of $250,000.00, and paid as cure.<br><br>- With the exception of the $250,000.00 described above, Zubi waives any and all claims against the Debtors and their affiliates, including, without limitation the remaining balance of Claim No. 2565 and Claim No. 2582 each of which is to be disallowed (the Debtors have sought to disallow Claim No. 2582 in the Debtors' Eighteenth Omnibus Objection to Duplicate Different Debtor Claims (Docket No. 10448)). |

**Exhibit B**

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

### ORDER PURSUANT TO DEBTORS' SECOND OMNIBUS MOTION AUTHORIZING NEGOTIATED ASSUMPTIONS OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND GRANTING RELATED RELIEF

These cases came before the Court for hearing on October 5, 2006, upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006(a) authorizing and approving the negotiated assumptions of the prepetition contracts and leases set forth on the attached Exhibit A (the "Contracts") on the terms set forth in the Motion and on Exhibit A, (b) fixing the cure amounts for the Contracts in the reduced amounts set forth on Exhibit A (the "Reduced Amounts"), but preserving full cure rights with respect to any amounts becoming owed to the non-Debtor counter-parties to the Contracts (the "Counter Parties") pursuant to 11 U.S.C. § 502(h) for sums relating to the Contracts that may be required to be paid pursuant to 11 U.S.C. § 550 (the "Section 502(h) Claims"), and (c) as the case may be, allowing and fixing or disallowing the claims related to the Contracts (the "Claims") as set forth on Exhibit A, in each case effective as of the effective date of the Debtors' proposed joint plan of reorganization (the "Effective Date") (the "Motion").[1] By the

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

Motion, parties were given until September 28, 2006 to object to the Motion. Upon consideration, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to assume the Contracts on the terms set forth in the Motion and on Exhibit A pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the Effective Date. The Debtors' assumption of the Contracts as of, and upon the occurrence of, the Effective Date is approved.

3. For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amounts owed by the Debtors with respect to the Contracts are the Reduced Amounts listed on Exhibit A.

4. The Counter Parties listed on Exhibit A are deemed to have waived any and all claims they may have against the Debtors for cure or compensation under their respective Contracts listed on Exhibit A except for the Reduced Amounts.

5. The Reduced Amounts shall be paid by the Debtors on or as soon as practicable after the Effective Date.

6. The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to each of the Contracts.

7. As of, and upon the occurrence of, the Effective Date, the Claims shall, as the case may be, be allowed and fixed or disallowed as set forth on Exhibit A.

8. The reduction in Claims and cure payments and other concessions by the Counter Parties will not negate the impact of assumption on any claims held by the Debtors against the Counter Parties or otherwise expose the Counter Parties to potential preference

2

actions with respect to payments made on account of the Contracts. Upon assumption of the Contracts and notwithstanding the concessions described in the Motion and in this Order, the Counter Parties will be entitled to an administrative claim for cure to any Section 502(h) Claims.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

11. In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, this Order shall be null and void.

Dated October ___, 2006 in Jacksonville, Florida.

                                                Jerry A. Funk
                                                United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

**THE EXHIBIT TO BE ATTACHED TO THE ORDER WHEN ENTERED WILL BE THE SAME EXHIBIT THAT IS ATTACHED TO THE MOTION, WITH ANY NECESSARY MODIFICATIONS TO ADDRESS OBJECTIONS TO THE MOTION**