UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**WAH HONG GO'S MOTION FOR DETERMINATION OF PLAN CLASS FOR HIS STATUTORY CLAIM OF DISCRIMINATION**

Wah Hong Go, a former store manager of Winn-Dixie Stores, Inc. (the "Debtor"), pursuant to the Solicitation Order of the Court, files and serves the following "Motion for Determination of Plan Class," and states as follows:

**PROCEDURAL BACKGROUND**

1. Wah Hong Go ("Mr. Go") is a former store manager of Winn-Dixie Store Number 0318 located Miami-Dade County, Florida. He was involuntarily terminated from employment on January 3, 2003 after almost ten years of employment.

2. Thereafter, Mr. Go filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") charging Winn-Dixie with violating Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA"). Mr. Go charged that Winn-Dixie terminated his employment unlawfully on the basis of his race and national origin. He is Asian by race and of Chinese national origin.

3. On September 27, 2004, following a lengthy investigation of Mr. Go's Charge of Discrimination, **the EEOC issued a Determination that "the evidence obtained during the investigation establishes that there is reasonable cause to**

**believe that a violation of Title VII has occurred**." The Determination Letter was delivered to both Mr. Go and Winn-Dixie Stores, Inc.

4. On February 21, 2005 Winn-Dixie filed a Chapter 11 Bankruptcy Petition under Title 11 U.S. Code. The Debtor has since continued in operation under the protection of Chapter 11.

5. On June 1, 2005, Mr. Go filed "Wah Hong Go's Motion for Relief from Stay and for Leave to File a Proof of Claim After the Entry of Judgment on State and Federal Civil Rights Claims." (D.E. 1524).

6. Subsequently, this honorable Court entered an order granting Mr. Go's Motion for Relief from Stay. Thereafter Mr. Go filed a civil action seeking relief under both the Florida Civil Rights Act and Title VII in which he alleges discrimination against the Debtor Winn-Dixie Stores, Inc. for having terminated his employment on the basis of his race and national origin. The case remains pending in the U.S. District Court for the Southern District of Florida in a case styled *Wah Hong Go v. Winn-Dixie, Stores, Inc.*, Case No. 06-20302-CIV-KING.

7. The Debtor in Possession has presented a Plan of Reorganization which would ostensibly -- for classification purposes -- lump Mr. Go's discrimination claims together with all or most "Other Unsecured Claims" under Class 16.

8. As set forth below, Mr. Go maintains that his discrimination claims are substantively different than, and must be classified separately from, "Other Unsecured Claims." 11 U.S.C. §1122(a). Moreover, Mr. Go maintains that due to the specific nature of race and other discrimination claims and the legislative purposes underlying the statutes upon which they are based, said claims should not be impaired under the Joint

Plan of Reorganization.  The Debtor should present a plan which would leave discrimination claims unimpaired, as is permitted by law.  11 U.S.C. 1123(b).

## ARGUMENT

**Federal and State Discrimination Statutes Were Legislated to Protect Unique Interests Which are Fundamentally Different Than the Interests and Claims Presented by Traditional Torts and "Other Unsecured Claims".  Accordingly, Mr. Go's Discrimination Claim Must be Classified Separately From, and Should be Treated Differently than "Other Unsecured Claims".**

The Bankruptcy Code provides that a Chapter 11 plan of reorganization "may place a claim or an interest in a particular class *only if* such claim or interest is substantially similar to the other claims or interests of such class." (emphasis added).  11 U.S.C. § 1122 (a).  However, the Debtor's proposed Plan classifies the discrimination claim of Mr. Go in Class 16 with all or most of the "Other Unsecured Claims." The Bankruptcy Code does not permit the joint classification of fundamentally dissimilar claims; on the contrary, only claims or interests which are substantially similar to the other claims or interests may be classified together.  11 U.S.C. §1122(a).

Unlike tort and commercial claims arising from common law notions of negligence or breach of contractual duties, discrimination claims arise from legislation designed to promote specific societal norms and to prevent acts of discrimination which society abhors.  Title VII makes "it an unlawful employment practice for an employer … to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."  Likewise, the Florida Civil Rights Act was enacted:

> to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status and thereby to protect their interests in personal dignity, to

3

>     make available to the state their full productive capacities, to secure the
>     state against domestic strife and unrest, to preserve the public safety,
>     health, and general welfare, and to promote the interests and rights and
>     privileges of individuals within the state.

§760.01(2), Fla. Stat. (1992).

The consequences for violating these civil rights statutes are also unique in that civil rights statutes provide for both legal and equitable remedies of back wages, front wages, compensatory damages including but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, punitive damages, and attorney's fees and costs. See §760.11(5), Florida Statutes (1992); 42 U.S.C. §2000e, et seq.. The nature of some of these statutory remedies (such as retrospective and prospective wage awards, and attorney's fees and costs for attorney's services rendered and costs incurred post-petition) are such that they might be considered post-petition claims or otherwise entitled to priority status. In short, statutory claims based upon violation of Title VII and the Florida Civil Rights Act, as well as other discrimination statutes are unique and must be classified separately in order to comply with 11 U.S.C. §1122(a).

Mr. Go was an exemplary management employee of the Debtor for almost ten years before he was summarily terminated from employment on the basis of his race and national origin. The Equal Employment Opportunity Commission has already investigated the allegations of Mr. Go's claim of discrimination and determined that **"the evidence obtained during the investigation establishes that there is reasonable cause to believe that a violation of Title VII has occurred**." Mr. Go's race discrimination claim is dissimilar to the other members of the class into which the Debtor has arbitrarily classified him. *See, In re: U.S. Financial, Inc.*, 648 F2d 515 (9th Cir. 1980)(defrauded creditors belonged in a class separate from other unsecured creditors); *In re: Dow*

*Corning*, 244 B.R. 634 (Bankr. E.D. Mich. 1999)(commercial claims are of a different legal nature than personal injury claims and are properly classified separately.)

Moreover, the Bankruptcy Code does not oblige the Debtor to treat unsecured creditors alike. The Debtor is permitted by law to present a Plan of Reorganization which would "leave unimpaired any class of claims, secured or unsecured" as it might choose. 11 U.S.C. 1123(b). If the Debtor-in-Possession is to emerge from these proceedings, its reorganized incarnation should do so without impairing the civil rights of employees who were discriminated against by its predecessor in violation of federal and state laws designed to prevent and discourage such treatment.

WHEREFORE, Mr. Go requests the Court enter a Determination that his Discrimination Claim (Claim No. 12015) be classified separately from "Other Unsecured Claims" and that the claims of this new class survive these proceedings unimpaired, as would be consistent with the federal and state legislative purposes underlying the discrimination statutes upon which such claims are founded.

      Respectfully submitted,

      ANTHONY F. SANCHEZ, P.A.
      Attorneys for Wah Hong Go
      Alfred I. DuPont Building
      169 E. Flagler Street, Suite 1500
      Miami, Florida 33131
      Tel: (305) 577-9903
      Fax: (305) 577-6121
      Email: afspalaw@aol.com

    By:  /s/ Anthony F. Sanchez
      ANTHONY F. SANCHEZ
      Florida Bar No. 0789925

Certificate of Service

I hereby certify that service of the foregoing was made on September 15, 2006 via ECF Noticing and email upon the parties listed below: the debtor, Winn-Dixie Stores, Inc., at 5050 Edgewood Court, Jacksonville, Florida 32254-3699, (f) 904-783-5059, (e) larryappel@winn-dixie.com; debtor's attorneys, Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036, (f)917-777-3214, (e) rgray@skadden.com; and Cynthia C. Jackson, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32201, (f)904-359-7708, (e) cjackson@smithhulsey.com, and; Matthew Barr, Esq., Milbank, Tweed, et al., 1 Chase Manhattan Plaza, New York, New York 10005, (f)212-822-5194, (e) mbarr@milbank.com; John B. McDonald, Esq., Akerman Senterfitt, 50 N. Laura Street, Suite 2500, Jacksonville, FL 32302, (f) 904-789-3730, (e) johnmacdonald@akerman.com; Elena L. Escamilla, Esq., U.S. Trustee, 135 W. Central Boulevard, Room 620, Orlando, FL 32801, (f) 407-648-6323, (e) Elena.L.Escamilla@usdoj.gov.

By:   /s/ Anthony F. Sanchez
     ANTHONY F. SANCHEZ
     Florida Bar No. 0789925