UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC.,                    Case No. 3:05-bk-03817-3F1
                                            Chapter 11 (Jointly Administered)
                    Debtor.

_____/

### MOTION OF CATAMOUNT ATLANTA, LLC FOR
### TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES

Claimant, Catamount Atlanta, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation ("Atlanta"), by and through its undersigned counsel, and pursuant to Federal Rule of Bankruptcy Procedure 3018(a) ("Rule 3018(a)"), respectfully requests that the Court enter an Order temporarily allowing its claims for the purpose of voting on Debtors' proposed plan of reorganization. In support of this motion, Atlanta states:

1.     Winn-Dixie Stores, Inc. ("Winn-Dixie"), Winn-Dixie Montgomery, Inc. ("WD Montgomery") and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") on or about February 21, 2005 (the "Petition Date").

2.     Prior to the Petition Date, pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain January 31, 1994 Lease Modification Agreement (as amended, the "Lease"), by and between WD Montgomery and Atlanta for that certain realty WD Montgomery refers to as Store # 2712 at Monroe Drive and Virginia Avenue, Midtown Shopping Center,

Atlanta, Georgia (the "Premises"), Atlanta leased the Premises to WD Montgomery.  Winn-Dixie guaranteed WD Montgomery's obligations under the Lease.

3.      Prior to the Petition Date, pursuant to that certain June 30, 1983 Ground Sub-Lease (the "Ground Lease") by and between WD Montgomery and Ackerman-Midtown Associates ("Ackerman") for that certain unimproved real property lying underneath Store #2712 at Monroe Drive and Virginia Avenue, Midtown Shopping Center, Atlanta, Georgia (the "Ground"), WD Montgomery leased the Ground, and then assigned the lessee's interest in the Ground Lease to Atlanta.  Atlanta, in turn, leased the Ground and Premises to WD Montgomery pursuant to the Lease.  Winn-Dixie also guaranteed WD's Montgomery's obligations under the Ground Lease.

4.      The Debtors rejected the Lease and the Ground Lease effective August 11, 2005.

5.      Atlanta timely filed a proof of claim against W-D Montgomery in the total amount of $310,150.47 related to its pre-petition claims under the Lease and the Ground Lease on September 12, 2005 as Claim No. 11787 (the "Atlanta Claim").  On that same day, Atlanta filed a proof of claim against Winn-Dixie in the total amount of $310,150.47 related to its pre-petition claims under the Lease and the Ground Lease as Claim No. 11786 (the "Atlanta Guaranty Claim").

6.      The Atlanta Claim and the Atlanta Guaranty Claim (collectively, the "Claims") each include one years' rent for both the Premises and the Ground as statutory damages relating to the Debtors' rejection of the Lease and the Ground Lease.  The Claims also include Atlanta's claims for unpaid insurance, unpaid real estate taxes, unpaid common area maintenance charges, and unpaid security charges.

7.     On or about July 31, 2006, the Debtors filed the Debtors' Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims (the "16th Objection") in which the Debtors object to the Atlanta Claim.

8.     On or about August 21, 2006, Atlanta filed its Response of Catamount Atlanta, LLC to Debtors' Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims (the "Atlanta Response").  In the Atlanta Response, Atlanta asserts that the appropriate amount of the Atlanta Claim is $257,010.51.  As a result of additional attorneys' fees which are recoverable for the reasons set forth in the Atlanta Response, the correct amount of the Atlanta Claim is $265,534.69.

9.     On or about September 5, 2006, the Debtors filed the Debtors' Twentieth Omnibus Objection to (A) Duplicate Debtor Claims and (B) Duplicate Liability Claims (the "Twentieth Objection") in which the Debtors object to the Atlanta Guaranty Claim.  Atlanta is in the process of preparing a response to the Twentieth Objection, and asserts that the appropriate amount of the Atlanta Guaranty Claim is $265,534.69.

10.     Pursuant to the Court's August 31, 2006 Order (A) Reclassifying Misclassified Claims, (B) Reducing Overstated Claims and (C) Reducing and Reclassifying Overstated Misclassified Claims, as Set Forth in the Debtors' Sixteenth Omnibus Claims Objection, the Court continued until further order the hearing on the 16th Objection and the Atlanta Response. However, the Court's Order (I) Determining Dates, Procedures and Forms Applicable to Solicitation Process, (II) Establishing Vote Tabulation Procedures, (III) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan, and (IV) Waiving Local Rules of August 4, 2006 (the "Voting Procedures Order") provides that any claimant wishing to have its claim(s) temporarily allowed for voting purposes must file such a motion under Rule

3018 of the Federal Rules of Bankruptcy Procedures (a "3018 Motion") no later than September 18, 2006, at 4:00 p.m. (Eastern Time).  If a creditor fails to file a 3018 Motion, then the Voting Procedures Order provides that the claimant may vote on the Debtors' proposed plan only to the extent of claims proposed to be allowed by the Debtors.

11.    Atlanta and the Debtors are attempting to resolve their disputes over the Claims; however, it is unlikely that the issues will be resolved prior to September 18, 2006, especially as Atlanta's response to the Twentieth Objection is not even due until September 28, 2006.

12.    Therefore, unless the Court enters an order temporarily allowing the Claims for voting purposes, Atlanta will not be able to exercise all of its rights to participate in voting on the Debtors' proposed plan of reorganization.

13.    Rule 3018(a) provides in relevant part:

> Notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan.

14.    "The policy behind temporarily allowing claims is to prevent possible abuse by plan proponents who might ensure acceptance of a plan by filing last minute objections to the claims of dissenting creditors." Armstrong v. Rushton, 294 B.R. 344, 354 (10th Cir. BAP 2003).

15.    In the present case, the Debtors filed their 16th Objection very close to the scheduled confirmation hearing, and likewise filed their Twentieth Objection approximately five weeks before the scheduled confirmation hearing. Indeed, the Debtors continue to file objections to claims.[1]  Given the fact that over thirteen thousand claims were filed in these cases, it is highly unlikely that the Debtors will be able to resolve each of these claims in advance of the confirmation hearing.

---

[1] The Debtors filed their Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims, and (F) Amended and Superseded Claims on or about September 12, 2006.

16.     It is established that "[t]emporary allowance of a claim under Rule 3018(a) is not dispositive as to the amount of the claim; it provides only limited voting authority to a creditor." Armstrong, 294 B.R. at 354.

17.     The circumstances of these cases justify the temporary allowance of the Claims for voting purposes under Rule 3018(a).  Atlanta has two claims against the Debtors and is entitled to vote both of them for purposes of determining whether the Debtors' proposed plan obtains the requisite number and amount of allowed claims as required by 11 U.S.C. §1126(c). The purpose of Rule 3018(a) is to avoid an unfair result caused by the timing of the Debtors' objections to the Claims. Thus, temporarily allowing the Claims for voting purposes furthers the interests of equity and protects Atlanta's voting rights with respect to the Claims.

18.     In further support of its motion, Atlanta hereby incorporates by reference its previously-filed Claims and the Atlanta Response.

**WHEREFORE**, Atlanta requests that the Court enter an Order temporarily allowing *both* the Atlanta Claim *and* the Atlanta Guaranty Claim for voting purposes in the amount of $265,534.69 for *each*, and for such other relief the Court deems just and proper.

Date:  September 15, 2006                    Respectfully submitted,


                                                        /s/ C. Daniel Motsinger
                                                C. Daniel Motsinger, FBN 0362875
                                                Indiana Atty. No. 10122-49
                                                Krieg DeVault LLP
                                                One Indiana Square, Suite 2800
                                                Indianapolis, IN 46204-2079
                                                Telephone: 317/636-4341; Fax: 317/636-1507
                                                E-mail: cmotsinger@kdlegal.com

                                                -and-

Adam N. Frisch
Florida Bar No. 635308
Held & Israel
1301 Riverplace Blvd., Suite 1916
Jacksonville, FL 32207
(904) 398-7038; Fax: (904) 398-4283
E-mail: afrisch@hilawfirm.com

Attorneys for Catamount Atlanta, LLC, a Nevada
limited liability company, as assignee of Helene
Funk and Peter W. Merner, as nominee for John H.
O. La Gatta, as successor to Flask Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the parties by operation of the Court's electronic filing system on September 15, 2006, including the parties indicated below:

_____/s/ C. Daniel Motsinger_____
C. Daniel Motsinger

Adam Ravin
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Dennis F. Dunne
Milbank Tweed & Hadley
1 Chase Manhattan Plaza
New York, NY 10005

Elana L. Escamilla
Office of United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL 32806

John B. McDonald
Akerman Senterfitt
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202

Cynthia C. Jackson
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

Jane M. Leamy
Skadden Arps Slate Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801

KD_IM-725908_2.DOC