UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC.,            Case No. 3:05-bk-03817-3F1
                                                      Chapter 11 (Jointly Administered)
         Debtor.
_____/

**MOTION OF CATAMOUNT LS-KY, LLC FOR
TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES**

       Claimant, Catamount LS-KY, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation ("LS-KY"), by and through its undersigned counsel, and pursuant to Federal Rule of Bankruptcy Procedure 3018(a) ("Rule 3018(a)"), respectfully requests that the Court enter an Order temporarily allowing its claims for the purpose of voting on Debtors' proposed plan of reorganization. In support of this motion, LS-KY states:

       1.       Winn-Dixie Stores, Inc. ("Winn-Dixie"), Winn-Dixie Raleigh, Inc. ("WD Raleigh") and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") on or about February 21, 2005 (the "Petition Date").

       2.       Prior to the Petition Date, pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain January 30, 1992 Second Lease Modification Agreement (as amended, the "Louisville Lease"), by and between the Debtor and LS-KY for that certain real property and fixtures Debtor refers to as Store No. 1676 at 1148 South 4th Street (4th & Oak), Louisville, Kentucky (the "Louisville Premises"), LS-KY leased the Louisville Premises to

Debtor. Moreover, pursuant to that certain October 18, 2004 Assignment and Assumption of Lease Agreement, Debtor assigned its interest in the Louisville Lease (the "Louisville Assignment") to Buehler of Kentucky LLC ("BOK").

3. Further, prior to the Petition Date, pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain January 30, 1992 Second Lease Modification Agreement (as amended, the "Shelbyville Lease"), by and between the Debtor and LS-KY for that certain real property and fixtures Debtor refers to as Store No. 1673 at 120 Midland Boulevard, Shelbyville, Kentucky (the "Shelbyville Premises"), LS-KY leased the Shelbyville Premises to the Debtor. Moreover, pursuant to that certain October 18, 2004 Assignment and Assumption of Lease Agreement, Debtor assigned its interest in the Shelbyville Lease (the "Shelbyville Assignment")(the Louisville Lease and the Shelbyville Lease are collectively, the "Leases) to BOK.

4. Pursuant to ¶¶ 6 and 19 of the Louisville Lease and the Shelbyville Lease, respectively, and as Debtor has acknowledged, *see*, *e.g.*, Debtors' November 11, 2005 Motion for Order Authorizing (I) Rejection of Leases and Subleases and (II) Abandonment of Related Personal Property, Debtor retained liability as a principal under each of these leases for all obligations thereunder, notwithstanding the Louisville Assignment and the Shelbyville Assignment. Moreover, pursuant to the Louisville Assignment and the Shelbyville Assignment, Debtor expressly remained responsible for all of its liabilities and obligations under each of the Louisville Lease and the Shelbyville Lease, respectively.

5. On May 4, 2005, BOK filed its voluntary Petition for Relief pursuant to Chapter 11 of the United States Bankruptcy Code (the "Code") in the United States Bankruptcy Court for

2

the Southern District of Indiana, Evansville Division, which case is being jointly administered as Case No. 05-70961-BHL-11 with those other Chapter 11 cases filed on the same date by BOK's affiliates, Buehler Foods, Inc., Buehler, LLC and Buehler of Carolinas, LLC.

6. The Debtors rejected the Louisville Lease effective September 1, 2005, and the Debtors rejected the Shelbyville Lease effective December 16, 2005.

7. LS-KY timely filed a proof of claim against W-D Raleigh on September 27, 2005 related to the rejection of the Louisville Lease. After the rejection of the Shelbyville Lease, LS-KY amended its proof of claim against W-D Raleigh on January 13, 2006, by filing Claim No. 12859 in the total amount of $594,892.21 related to its pre-petition claims under both Leases (the "LS-KY Claim").

8. On September 27, 2005, LS-KY also filed a proof of claim against Winn Dixie in the total amount of $267,960.49 related to its pre-petition claims under the Lease as Claim No. 11851 (the "LS-KY Guaranty Claim," and together with the LS-KY Claim, the "Claims"). In the LS-KY Guaranty Claim, LS-KY specifically reserved its right to amend its claim for any damages resulting from the rejection of the Shelbyville Lease (which had not occurred as of September 27, 2005).

9. The LS-KY Claim includes one years' rent for both the Louisville Premises and the Shelbyville Premises as statutory damages relating to the Debtors' rejection of the Leases. The LS-KY Claim also includes LS-KY's claims for unpaid taxes on Shelbyville and Louisville as well as repairs to both the Shelbyville Premises and the Louisville Premises.

10. On or about July 31, 2006, the Debtors filed the Debtors' Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims (the "16th Objection") in which the Debtors object to the LS-KY Claim.

11.     On or about August 21, 2006, LS-KY filed its Response of Catamount LS-KY, LLC to Debtors' Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims (the "LS-KY Response"). In the LS-KY Response, LS-KY asserts that the appropriate amount of the LS-KY Claim is $708,139.61. As a result of additional attorneys' fees which are recoverable for the reasons set forth in the LS-KY Response, the correct amount of the LS-KY Claim is $725,894.53.

12.     On or about September 5, 2006, the Debtors filed the Debtors' Twentieth Omnibus Objection to (A) Duplicate Debtor Claims and (B) Duplicate Liability Claims (the "Twentieth Objection") in which the Debtors object to the LS-KY Guaranty Claim. LS-KY is in the process of preparing a response to the Twentieth Objection, and asserts that the appropriate amount of the LS-KY Guaranty Claim is $725,894.53.[1]

13.     Pursuant to the Court's August 31, 2006 Order (A) Reclassifying Misclassified Claims, (B) Reducing Overstated Claims and (C) Reducing and Reclassifying Overstated Misclassified Claims, as Set Forth in the Debtors' Sixteenth Omnibus Claims Objection, the court continued until further order the hearing on the 16th Objection and the LS-KY Response. However, the Court's Order (I) Determining Dates, Procedures and Forms Applicable to Solicitation Process, (II) Establishing Vote Tabulation Procedures, (III) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan, and (IV) Waiving Local Rules of August 4, 2006 (the "Voting Procedures Order") provides that any claimant wishing to have its claim(s) temporarily allowed for voting purposes must file such a motion under Rule 3018 of the Federal Rules of Bankruptcy Procedures (a "3018 Motion") no later than September 18, 2006, at 4:00 p.m. (Eastern Time). If a creditor fails to file a 3018 Motion, then the Voting

---

[1] In the response to be filed to the Twentieth Objection, LS-KY will ask that the Court deem its response an amendment of the LS-KY Guaranty Claim, as LS-KY explicitly reserved such a right in the original LS-KY Guaranty Claim.

Procedures Order provides that the claimant may vote on the Debtors' proposed plan only to the extent of claims proposed to be allowed by the Debtors.

14.     LS-KY and the Debtors are attempting to resolve their disputes over the Claims; however, it is unlikely that these issues will be resolved prior to September 18, 2006, especially as LS-KY's response to the Twentieth Objection is not even due until September 28, 2006.

15.     Therefore, unless the Court enters an order temporarily allowing the Claims for voting purposes, LS-KY will not be able to exercise all of its rights to participate in voting on the Debtors' proposed plan of reorganization.

16.     Rule 3018(a) provides in relevant part:

Notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan.

17.     "The policy behind temporarily allowing claims is to prevent possible abuse by plan proponents who might ensure acceptance of a plan by filing last minute objections to the claims of dissenting creditors." Armstrong v. Rushton, 294 B.R. 344, 354 (10th Cir. BAP 2003).

18.     In the present case, the Debtors filed their 16th Objection very close to the scheduled confirmation hearing, and likewise filed their Twentieth Objection approximately five weeks before the scheduled confirmation hearing. Indeed, the Debtors continue to file objections to claims. The Debtors filed their Debtors' Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims, and (F) Amended and Superseded Claims on or about September 12, 2006, which contains another objection to a claim filed by LS-KY.

19.     It is established that "[t]emporary allowance of a claim under Rule 3018(a) is not dispositive as to the amount of the claim; it provides only limited voting authority to a creditor." Armstrong, 294 B.R. at 354.

20.     The circumstances of these cases justify the temporary allowance of the Claims for voting purposes under Rule 3018(a). LS-KY has two claims against the Debtors and is entitled to vote both of them for purposes of determining whether the Debtors' proposed plan obtains the requisite number and amount of allowed claims as required by 11 U.S.C. §1126(c). The purpose of Rule 3018(a) is to avoid an unfair result caused by the timing of the Debtors' objections to the Claims. Thus, temporarily allowing the Claims for voting purposes furthers the interests of equity and protects LS-KY's voting rights with respect to the Claims.

21.     In further support of its motion, LS-KY hereby incorporates by reference its previously-filed Claims and the LS-KY Response.

**WHEREFORE**, LS-KY requests that the Court enter an Order temporarily allowing both the LS-KY Claim and the LS-KY Guaranty Claim for voting purposes in the amount of $725,894.53 for each, and for such other relief the Court deems just and proper.

Date:  September 15, 2006                              Respectfully submitted,

      /s/ C. Daniel Motsinger
C. Daniel Motsinger, FBN 0362875
Indiana Atty. No. 10122-49
Krieg DeVault LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204-2079
Telephone: 317/636-4341; Fax: 317/636-1507
E-mail: cmotsinger@kdlegal.com

-and-

Adam N. Frisch
Florida Bar No. 635308
Held & Israel
1301 Riverplace Blvd., Suite 1916
Jacksonville, FL 32207
(904) 398-7038; Fax: (904) 398-4283
E-mail: afrisch@hilawfirm.com

Attorneys for Catamount LS-KY, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon the parties by operation of the Court's electronic filing system on September 15, 2006, including the parties indicated below:

      /s/ C. Daniel Motsinger
C. Daniel Motsinger

Adam Ravin
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Dennis F. Dunne
Milbank Tweed & Hadley
1 Chase Manhattan Plaza
New York, NY 10005

Elana L. Escamilla
Office of United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL 32806

John B. McDonald
Akerman Senterfitt
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202

Cynthia C. Jackson
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

Jane M. Leamy
Skadden Arps Slate Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801

KD_IM-734127_2.DOC