UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC.,            Case No. 3:05-bk-03817-3F1
                                           Chapter 11 (Jointly Administered)

        Debtor.

_____/

**MOTION OF CATAMOUNT ROCKINGHAM, LLC FOR
TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES**

      Claimant, Catamount Rockingham, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation ("Rockingham"), by and through its undersigned counsel, and pursuant to Federal Rule of Bankruptcy Procedure 3018(a) ("Rule 3018(a)"), respectfully requests that the Court enter an Order temporarily allowing its claims for the purpose of voting on Debtors' proposed plan of reorganization. In support of this motion, Rockingham states:

      1.      Winn-Dixie Stores, Inc. ("Winn-Dixie"), Winn-Dixie Raleigh, Inc. ("WD Raleigh") and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") on or about February 21, 2005 (the "Petition Date").

      2.      Prior to the Petition Date, pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain January 6, 1994 Lease Modification Agreement (as amended, the "Lease"), by and between WD Raleigh and Rockingham for that certain realty WD Raleigh refers to as Store # 2045 at 1206 Rockingham Road, Rockingham, North Carolina (the

"Premises"), Rockingham leased the Premises to WD Raleigh. Winn-Dixie guaranteed WD Raleigh's obligations under the Lease.

3. The Debtors rejected the Lease effective September 30, 2005.

4. Rockingham timely filed a proof of claim against W-D Raleigh in the total amount of $287,939.65 related to its pre-petition claims under the Lease and the Ground Lease on October 7, 2005 as Claim No. 11892 (the "Rockingham Claim"). On that same day, Rockingham filed a proof of claim against Winn-Dixie in the total amount of $287,939.65 related to its pre-petition claims under the Lease and the Ground Lease as Claim No. 11891 (the "Rockingham Guaranty Claim").

5. The Rockingham Claim and the Rockingham Guaranty Claim (collectively, the "Claims") each include one years' rent for the Premises as statutory damages relating to the Debtors' rejection of the Lease. The Claims also include Rockingham's claims for repairs to the Premises.

6. On or about July 31, 2006, the Debtors filed the Debtors' Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims (the "16th Objection") in which the Debtors object to the Rockingham Claim.

7. On or about August 21, 2006, Rockingham filed its Response of Catamount Rockingham, LLC to Debtors' Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims (the "Rockingham Response"). In the Rockingham Response, Rockingham asserts that the appropriate amount of the Rockingham Claim is $306,838.65 which includes a claim for attorneys' fees as well as unpaid common area maintenance ("CAM") charges. Rockingham was unaware of the CAM charges at the time that it filed the Claims. As a result of additional attorneys' fees which are recoverable for the reasons

set forth in the Rockingham Response, the correct amount of the Rockingham Claim is $315,362.83.

8. On or about September 5, 2006, the Debtors filed the Debtors' Twentieth Omnibus Objection to (A) Duplicate Debtor Claims and (B) Duplicate Liability Claims (the "Twentieth Objection") in which the Debtors object to the Rockingham Guaranty Claim. Rockingham is in the process of preparing a response to the Twentieth Objection, and asserts that the appropriate amount of the Rockingham Guaranty Claim is $315,362.83.

9. Pursuant to the Court's August 31, 2006 Order (A) Reclassifying Misclassified Claims, (B) Reducing Overstated Claims and (C) Reducing and Reclassifying Overstated Misclassified Claims, as Set Forth in the Debtors' Sixteenth Omnibus Claims Objection, the Court continued until further order the hearing on the 16th Objection and the Rockingham Response. However, the Court's Order (I) Determining Dates, Procedures and Forms Applicable to Solicitation Process, (II) Establishing Vote Tabulation Procedures, (III) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan, and (IV) Waiving Local Rules of August 4, 2006 (the "Voting Procedures Order") provides that any claimant wishing to have its claim(s) temporarily allowed for voting purposes must file such a motion under Rule 3018 of the Federal Rules of Bankruptcy Procedures (a "3018 Motion") no later than September 18, 2006, at 4:00 p.m. (Eastern Time). If a creditor fails to file a 3018 Motion, then the Voting Procedures Order provides that the claimant may vote on the Debtors' proposed plan only to the extent of claims proposed to be allowed by the Debtors.

10. Rockingham and the Debtors are attempting to resolve their disputes over the Claims; however, it is unlikely that the issues will be resolved prior to September 18, 2006,

especially as Rockingham's response to the Twentieth Objection is not even due until September 28, 2006.

11. Therefore, unless the Court enters an order temporarily allowing the Claims for voting purposes, Rockingham will not be able to exercise all of its rights to participate in voting on the Debtors' proposed plan of reorganization.

12. Rule 3018(a) provides in relevant part:

> Notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan.

13. "The policy behind temporarily allowing claims is to prevent possible abuse by plan proponents who might ensure acceptance of a plan by filing last minute objections to the claims of dissenting creditors." Armstrong v. Rushton, 294 B.R. 344, 354 (10th Cir. BAP 2003).

14. In the present case, the Debtors filed their 16th Objection very close to the scheduled confirmation hearing, and likewise filed their Twentieth Objection approximately five weeks before the scheduled confirmation hearing. Indeed, the Debtors continue to file objections to claims.[1] Given the fact that over thirteen thousand claims were filed in these cases, it is highly unlikely that the Debtors will be able to resolve each of these claims in advance of the confirmation hearing.

15. It is established that "[t]emporary allowance of a claim under Rule 3018(a) is not dispositive as to the amount of the claim; it provides only limited voting authority to a creditor." Armstrong, 294 B.R. at 354.

16. The circumstances of these cases justify the temporary allowance of the Claims for voting purposes under Rule 3018(a). Rockingham has two claims against the Debtors and is

---

[1] The Debtors filed their Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims, and (F) Amended and Superseded Claims on or about September 12, 2005.

entitled to vote both of them for purposes of determining whether the Debtors' proposed plan obtains the requisite number and amount of allowed claims as required by 11 U.S.C. §1126(c). The purpose of Rule 3018(a) is to avoid an unfair result caused by the timing of the Debtors' objections to the Claims. Thus, temporarily allowing the Claims for voting purposes furthers the interests of equity and protects Rockingham's voting rights with respect to the Claims.

17. In further support of its motion, Rockingham hereby incorporates by reference its previously-filed Claims and the Rockingham Response.

**WHEREFORE**, Rockingham requests that the Court enter an Order temporarily allowing both the Rockingham Claim and the Rockingham Guaranty Claim for voting purposes in the amount of $315,362.83 for each and for such other relief the Court deems just and proper.

Date: September 15, 2006                Respectfully submitted,

/s/ C. Daniel Motsinger
C. Daniel Motsinger, FBN 0362875
Indiana Atty. No. 10122-49
Krieg DeVault LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204-2079
Telephone: 317/636-4341; Fax: 317/636-1507
E-mail: cmotsinger@kdlegal.com

-and-

Adam N. Frisch
Florida Bar No. 635308
Held & Israel
1301 Riverplace Blvd., Suite 1916
Jacksonville, FL 32207
(904) 398-7038; Fax: (904) 398-4283
E-mail: afrisch@hilawfirm.com

Attorneys for Catamount Rockingham, LLC, a
Nevada limited liability company, as assignee of
Helene Funk and Peter W. Merner, as nominee for
John H. O. La Gatta, as successor to Flask
Corporation

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing has been served upon the parties by operation of the Court's electronic filing system on September 15, 2006, including the parties indicated below:

                                        /s/ C. Daniel Motsinger
                                        C. Daniel Motsinger

| | |
|---|---|
| Adam Ravin<br>Skadden Arps Slate Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036 | Dennis F. Dunne<br>Milbank Tweed & Hadley<br>1 Chase Manhattan Plaza<br>New York, NY 10005 |
| Elana L. Escamilla<br>Office of United States Trustee<br>135 W. Central Boulevard, Suite 620<br>Orlando, FL 32806 | John B. McDonald<br>Akerman Senterfitt<br>50 N. Laura Street, Suite 2500<br>Jacksonville, FL 32202 |
| Cynthia C. Jackson<br>Smith, Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32201 | Jane M. Leamy<br>Skadden Arps Slate Meagher & Flom, LLP<br>One Rodney Square<br>Wilmington, DE 19801 |

KD_IM-734358_2.DOC