UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**RESPONSE AND OBJECTION OF W D CORDOVA LLC TO DEBTORS' SECOND OMNIBUS MOTION FOR AUTHORITY TO (I) ASSUME NON RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS AND (III) GRANT RELATED RELIEF**

W D Cordova LLC ("Cordova") hereby files its *Response and Objection to Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts and (III) Grant Related Relief* (the "Objection") and states as follows:

I. **Factual and Procedural Background**

1. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and twenty-three (23) of its subsidiaries and affiliates (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. By way of an Assignment, Cordova leases to certain Debtors Store No. 226, a full service store in the Fort Lauderdale Area. A copy of the Cordova Lease and Assignment are attached hereto as Composite Exhibit "1".

3. On or about June 30, 2006, the Debtors filed their *Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts and (III) Grant Related Relief* (the "Motion")(C.P. #8941) seeking,

*inter alia*, an order allowing Debtors to assume the Cordova Lease and allege that the cure amount of the Cordova Lease is $15,559.39. *Motion*, Exhibit B.

## II.   Response and Objection to Debtors' Motion

5. Cordova objects to the Debtors' proposed cure amount and submits that the actual cure for the Cordova Lease is at least $111,743.34.

6. Of the $111,743.34 owed to Cordova, $15,559.39 relates to 2005 property taxes and interest which accrued prior to the Petition Date (the "2005 Amount"), while the remaining $97,020.20 (the "2006 Amount") is the estimated amount of 2006 real estate taxes owed to Cordova.[1] A copy of the estimated 2006 Amount is attached hereto as Exhibit "2".

7. Pursuant to the Cordova Lease, Debtors have an obligation to reimburse Cordova for the payment of the 2006 taxes within thirty days after Cordova presents the Debtors with a true copy of a receipt verifying payment thereof.

8. The Debtors' proposed cure amount of $15,559.39 only includes the 2005 Amount and the 2006 Amount is to be considered an administrative expense as defined by *11 U.S.C. §503* and therefore was presumably not included in the Debtors' proposed cure amount as set forth in the *Motion*.

9. Pursuant to *Fla. Stat. 197.122*, as of January 1, 2006, the 2006 real estate taxes became a lien on the Cordova property which shall continue in full force until paid in full.

---

[1] The 2006 Amount is subject to change as there are proposed changes to the Broward County budget that have not been finalized. Further, an exact amount owed cannot be ascertained at this time, because the 2006 property tax bill will not come out until November 1, 2006.

10. *11 U.S.C. §365(b)* requires the Debtors to: (1) cure or provide adequate assurance of a prompt cure of the defaults of all the leases they intend to assume and (2) to provide adequate assurance of future performance under such contract or lease.

11. With the exception of one conclusory statement made by the Debtors in their *Motion*, Debtors have otherwise failed to provide adequate assurance of future performance (i.e. – payment of the 2006 and future taxes and lease payments) of the Cordova Lease. *Motion*, ¶9.

12. Consequently, prior to assuming the Cordova Lease, Store No. 226, Debtors must cure all the aforementioned defaults and provide Cordova with adequate assurance of future performance under the Cordova Lease, including but not limited to providing an escrow for the 2006 estimated real estate taxes.

**WHEREFORE,** W D Cordova LLC respectfully requests that this Court deny the Debtors' *Motion* with respect to the Cordova Lease (Store No. 226), or alternatively, sustain the *Objection* raised herein and require the Debtors to cure all defaults of the Cordova Lease listed herein, require the Debtors to properly provide adequate assurance of future performance and to grant Cordova such other relief as is just and proper under the circumstances.

Dated this 15th day of September, 2006.

*In re Winn-Dixie Stores, Inc., et al.*
*Case No.05-03817-3F1*

      **RICE PUGATCH ROBINSON & SCHILLER, P.A.**
      Attorneys for W D Cordova LLC
      101 NE Third Ave., Suite 1800
      Fort Lauderdale, FL 33301
      Telephone: (954) 462-8000
      Facsimile: (954) 462-4300


      By:__/s_MarkRoher_____
       Chad P. Pugatch, Esq.
       Florida Bar No.: 653381
       MARK ROHER
       Florida Bar No.: 178098

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing, together with any attachments, has been furnished by U.S. Mail and/or electronic transmission to the parties set forth on the service list attached to the original hereof, this 15th day of September 2006.


      By:____/s Mark Roher_____
       Mark Roher


G:\Wpdocs\4154 Loos\Pleadings\Objection to Cure Amount- 226.doc