**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., et al.,<br><br>Debtors. | Case No.: 3-05-bk-3817 (JAF)<br><br>Chapter 11<br><br>Jointly Administered |

**BRACH'S CONFECTIONS, INC.'S MOTION FOR ORDER
TEMPORARILY ALLOWING CLAIM FOR PURPOSES
OF VOTING ON PLAN OF REORGANIZATION**

Brach's Confections, Inc. ("Brach's"), by its undersigned attorneys, as a creditor in the above-styled chapter 11 cases, files this motion (the "Motion") for an order temporarily allowing Claim No. 8559 for $636,268.60 and Claim No. 9507 for $69,431.03 (the "Claims") for the limited purpose of voting on the proposed plan of reorganization in these chapter 11 cases. Brach's seeks this relief pursuant to Section 1126 of Chapter 11, Title 11, United States Code (the "Bankruptcy Code") and Rule 3018(a) of the Federal Rules of Bankruptcy Procedure and in support states as follows:

**JURISDICTION AND VENUE**

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2). Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005. The Debtors continue to operate their business as debtors-in-possession.

**FACTUAL BACKGROUND**

2.   Brach's timely filed the Claims with supporting documentation, and the Debtors have objected to them. No hearing on the Claims' merits has been held.

3.      The voting deadline on the Debtors proposed plan of reorganization is September 25, 2006. On August 4, 2006, the Court issued an Order (I) Determining Dates, Procedures and Forms Applicable to Solicitation Process, (II) Establishing Vote Tabulation Procedures, (III) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan, and (IV) Waiving Local Rules (the "*Voting Procedures Order*"). The *Voting Procedures Order* sets forth the procedures applying to motions seeking the temporary allowance of claims for voting purposes (the "*Temporary Allowance Motion Procedures*"). By the Temporary Allowance Motion Procedures, any "Rule 3018 Motion must be filed with the Court . . . no later than September 18, 2006 at 4:00 p.m. (Eastern Time) . . . . *Temporary Allowance Motion Procedures*, paragraph 10.

4.      Bankruptcy Rule 3018(a) provides in relevant part that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." *Fed. R. Bankr. P. 3018(a)*. Section 502(c) of the Bankruptcy Code provides that there shall be estimated for purpose of allowance " . . . any contingent or unliquidated claim, the fixing or liquidation of which would unduly delay the administration of the estate." *11 U.S.C. § 502(c)(1)*. "Neither the Code nor the Rules prescribe any method for estimating a claim, and it is therefore committed to the reasonable discretion of the court". *In re Hydrox Chemical Co.*, 194 Bankr. 617, 623 (Bankr. N.D. Ill. 1996), As such, a court should employ whatever method is best suited to the circumstances of the case. *Id.*; *In re Thomson McKinnon Securities, Inc.*, 191 Bankr. 976, 979 (Bankr. S.D.N.Y. 1996).

5.      The circumstances of these cases justify the temporary allowance of the Claims for voting purposes under Bankruptcy Rule 3018(a). Pursuant to § 1126 of the

Bankruptcy Code, tabulation of votes on the plan requires consideration of the number and amount of allowed claims voted. *See 11 U.S.C. § 1126(c)*. In order for each vote to be properly counted, however, an "allowed amount" of such claim must be identified.

6.      Brach's hereby seeks a temporary allowance of the Claims in the claimed amount for voting purposes only. The claimed amounts are the appropriate amount because it reflects the actual amounts owed to Creditor under supply contracts, part of which is a reclamation claim. Were this Court to fix the Claims at any lesser amount, it would mean that the Debtors had succeeded in disenfranchising or substantially diluting the voting power of a creditor of these estates by simply disputing its claims.

7.      If and when the proposed plan of reorganization is confirmed, the results of the claims resolution process will dictate the amount of the Claims on a permanent basis. Temporarily allowing the Claims solely for voting purposes will not prejudice any other claimants, and will facilitate the accurate tabulation of votes on the proposed plan.

## **NOTICE**

Notice of this Motion has been provided to (i) the Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to the official committee of unsecured creditors; and (iv) Logan & Company, Inc., as voting agent, as required by the Voting Procedures Order.

WHEREFORE, based upon the foregoing, Brach's Confections, Inc. requests that the Court allow the Claims in the amount as filed for voting purposes.

> WILCOX LAW FIRM
>
> /s/ **Robert Wilcox**
> Robert D. Wilcox (FL #755168)
> 6817 Southpoint Parkway, Suite 1302
> Jacksonville, FL 32216
> Telephone: (904) 281-0700
> Facsimile: (904) 513-9201

3

        And

        Paula K. Tucker (TX Bar No. 00791828)
        Marcus A. Helt (TX Bar No. 24052187)
        Gardere Wynne Sewell, LLP
        3000 Thanksgiving Tower
        1601 Elm Street
        Dallas, Texas 75201-4761
        (214) 999-4961
        (214) 999-4667 Facsimile

        **ATTORNEYS FOR BRACH'S CONFECTIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2006 I filed this **MOTION FOR ORDER TEMPORARILY ALLOWING CLAIM FOR PURPOSES OF VOTING ON PLAN OF REORGANIZATION** through the CM/ECF filing system, which will cause a copy to be served on the Debtor by Stephen Busey, Esq., Debtors' Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically, and by electronic mail to D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 and by electronic and U.S. Mail upon Logan & Company, 546 Valley Road, Upper Montclair, New Jersey 07043.

        /s/ **Robert Wilcox**
        Robert D. Wilcox