**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., et al.,<br><br>Debtors. | Case No.: 3-05-bk-3817 (JAF)<br><br>Chapter 11<br><br>Jointly Administered |

**MOTION OF SHAUN KEVIN JOHNSON, MICHELLE SUE JOHNSON AND MICAH NICOLE JOHNSON FOR ORDER TEMPORARILY ALLOWING CLAIM FOR PURPOSES OF VOTING ON PLAN OF REORGANIZATION**

Shaun Kevin Johnson, Michelle Sue Johnson and Micah Nicole Johnson (the "Johnsons"), by their undersigned attorneys, as creditors in the above-styled chapter 11 cases, files this motion (the "Motion") for an order temporarily allowing Claim Nos. 12352-12360 (the "Johnsons' Claims") for the limited purpose of voting on the proposed plan of reorganization in these chapter 11 cases. Big Pine seeks this relief pursuant to Section 1126 of Chapter 11, Title 11, United States Code (the "Bankruptcy Code") and Rule 3018(a) of the Federal Rules of Bankruptcy Procedure and in support states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2). Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005. The Debtors continue to operate their business as debtors-in-possession.

**FACTUAL BACKGROUND**

2. On September 21, 2003, Shaun Kevin Johnson ("Mr. Johnson") and Micah Nicole Johnson, the Johnsons' minor daughter, were involved in a devastating

motor vehicle accident in Escambia County, Florida, caused by Herman Milton Myers, Jr. ("Myers"). While driving his vehicle, Myers fell asleep, passed out or lost consciousness from a drunken stupor and drove his vehicle directly into the Johnsons' vehicle's path. Myers' vehicle struck the Johnsons' vehicle, in which Mr. Johnson was the driver and Micah Nicole Johnson was a passenger, and caused severe personal injuries to Micah Nicole Johnson and catastrophic and permanent injuries to her father.

3. Myers worked at the Winn-Dixie store in Orange Beach, Alabama, and, as the Johnsons subsequently learned, appeared at work on the date of the accident in a semi-comatose, drug-induced stupor and was unable to perform his duties. Notwithstanding his obvious intoxication and a known history of drug abuse, Myers was directed by his managers to leave the Winn-Dixie store in the middle of his shift. Despite his inability to operate a motor vehicle properly, Myers was directed to leave the premises and entrusted with the operation of a motor vehicle by Winn-Dixie personnel and other persons in a position of responsibility. After leaving the Orange Beach store and crossing into Florida, Myers, lost consciousness and control of his vehicle and caused the devastating injuries to the Johnsons. In addition to Myers and the operators of the Winn-Dixie store in Orange Beach, certain parties who are proximately and legally responsible for the Johnsons' injuries remain unidentified.

4. The Johnsons filed a civil action in Escambia County, Florida on or about January 7, 2004 naming Myers as defendant in order to recover their damages (the "Florida Action")[1]. Myers was named as the only defendant in the Florida Action.

5. In the course of prosecuting the Florida Action, the Johnsons discovered

---

[1] In addition to Mr. Johnson and his daughter, who suffered physical injuries, Michelle Sue Johnson sued in her parental and spousal capacities.

information regarding the roles and legal responsibility of other parties (the "Additional Responsible Parties"), some of whom are yet unknown but which include the owners and operators of the Winn-Dixie Orange Beach store, including Winn-Dixie Stores. That information and subsequent investigation showed that the Additional Responsible Parties had committed tortuous acts in Alabama that were the legal cause of the Johnsons' injuries and damages.

6. On September 23, 2005, the Johnsons, through their attorneys filed the Johnsons Claims seeking damages against Debtors Winn-Dixie Stores, Inc., Winn-Dixie Montgomery, Inc., and "Winn-Dixie Marketplace" which is believed to be a d/b/a of Dixie Stores, Inc., resulting from what the Johnsons allege was those or other Debtors' negligence and other tortuous acts. The Debtors have objected to the Johnsons' Claims. No hearing on the merits of the Johnsons' Claims or the Debtors Objections has been held.

7. The voting deadline on the Debtors proposed plan of reorganization is September 25, 2006. On August 4, 2006, the Court issued an Order (I) Determining Dates, Procedures and Forms Applicable to Solicitation Process, (II) Establishing Vote Tabulation Procedures, (III) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan, and (IV) Waiving Local Rules (the "*Voting Procedures Order*"). The *Voting Procedures Order* sets forth the procedures applying to motions seeking the temporary allowance of claims for voting purposes (the "*Temporary Allowance Motion Procedures*"). By the Temporary Allowance Motion Procedures, any "Rule 3018 Motion must be filed with the Court . . . no later than September 18, 2006 at 4:00 p.m. (Eastern Time) . . . . *Temporary Allowance Motion Procedures*, paragraph 10.

8. Bankruptcy Rule 3018(a) provides in relevant part that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." *Fed. R. Bankr. P. 3018(a)*. Section 502(c) of the Bankruptcy Code provides that there shall be estimated for purpose of allowance " . . . any contingent or unliquidated claim, the fixing or liquidation of which would unduly delay the administration of the estate." *11 U.S.C. § 502(c)(1)*. "Neither the Code nor the Rules prescribe any method for estimating a claim, and it is therefore committed to the reasonable discretion of the court". *In re Hydrox Chemical Co.*, 194 Bankr. 617, 623 (Bankr. N.D. Ill. 1996), As such, a court should employ whatever method is best suited to the circumstances of the case. *Id.*; *In re Thomson McKinnon Securities, Inc.*, 191 Bankr. 976, 979 (Bankr. S.D.N.Y. 1996).

9. The circumstances of these cases justify the temporary allowance of the Claims for voting purposes under Bankruptcy Rule 3018(a). Pursuant to § 1126 of the Bankruptcy Code, tabulation of votes on the plan requires consideration of the number and amount of allowed claims voted. *See 11 U.S.C. § 1126(c)*. In order for each vote to be properly counted, however, an "allowed amount" of such claim must be identified.

10. The Johnsons hereby seek a temporary allowance of the Claims in the claimed amount for voting purposes only. Were this Court to fix the Claims at less than the claimed amount, it would mean that the Debtors had succeeded in disenfranchising or substantially diluting the voting power of a creditor of these estates by simply disputing its claims. However, to the extent that the Johnsons' claims are replicative, in that they seek the same amounts from multiple Debtors, the Johnsons seek the allowance of their

claims for voting purposes only to the extent of the largest total claims asserted against any single Debtor.

11. If and when the proposed plan of reorganization is confirmed, the results of the claims resolution process will dictate the amount of the Claims on a permanent basis. Temporarily allowing the Claims solely for voting purposes will not prejudice any other claimants, and will facilitate the accurate tabulation of votes on the proposed plan.

## NOTICE

Notice of this Motion has been provided to (i) the Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to the official committee of unsecured creditors; and (iv) Logan & Company, Inc., as voting agent, as required by the Voting Procedures Order.

WHEREFORE, based upon the foregoing, Shaun Kevin Johnson, Michelle Sue Johnson and Micah Nicole Johnson request that the Court allow the Johnsons' Claims in the amount as filed for voting purposes.

                                                     WILCOX LAW FIRM

                                                     /s/ **Robert Wilcox**
                                                     Robert D. Wilcox (FL #755168)
                                                     6817 Southpoint Parkway, Suite 1302
                                                     Jacksonville, FL 32216
                                                     Telephone: (904) 281-0700
                                                     Facsimile: (904) 513-9201

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2006 I filed this **MOTION FOR ORDER TEMPORARILY ALLOWING CLAIM FOR PURPOSES OF VOTING ON PLAN OF REORGANIZATION** through the CM/ECF filing system, which will cause a copy to be served on the Debtor by Stephen Busey, Esq., Debtors' Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically, and by electronic mail to D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New

York, New York 10036 and by electronic and U.S. Mail upon Logan & Company, 546 Valley Road, Upper Montclair, New Jersey 07043.

/s/ **Robert Wilcox**
Robert D. Wilcox