# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: <br><br> WINN-DIXIE STORES, INC., et al., <br><br> Debtors. | Case No.: 3-05-bk-3817 (JAF) <br><br> Chapter 11 <br><br> Jointly Administered |

### ANNA LOPICCOLO'S MOTION FOR ORDER TEMPORARILY ALLOWING CLAIM FOR PURPOSES OF VOTING ON PLAN OF REORGANIZATION

Anna Lopiccolo ("Ms. Lopiccolo" or "Creditor"), by her undersigned attorneys, as a creditor in the above-styled chapter 11 cases, files this motion (the "Motion") for an order temporarily allowing Claim No. 12828 for $100,000.00 (the "Claim") for the limited purpose of voting on the proposed plan of reorganization in these chapter 11 cases. Ms. Lopiccolo seeks this relief pursuant to Section 1126 of Chapter 11, Title 11, United States Code (the "Bankruptcy Code") and Rule 3018(a) of the Federal Rules of Bankruptcy Procedure and in support states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2). Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005. The Debtors continue to operate their business as debtors-in-possession.

### FACTUAL BACKGROUND

2. On December 31, 2004, Ms. Lopicollo was a guest and patron at the Winn-Dixie store in Arabi, Louisiana. While walking through the parking lot to enter the store, she tripped on debris that was not visible due to an obstruction of vehicles and

violently fell to the ground twisting her body and thus causing all her injuries.

3. On December 27, 2005 Ms. Lopiccolo, through her attorney John Finckbeiner, Esquire, filed a Proof of Claim seeking damages against Debtor Winn-Dixie Stores, Inc. ("Winn-Dixie Stores") resulting from Winn-Dixie Stores' negligence and other tortuous acts. The Debtors have objected to the Claim. Since that time, Ms. Lopiccolo has been participating in the Claims Resolution process approved by this Court. No hearing has been held on the merits of the Claim.

4. The voting deadline on the Debtors proposed plan of reorganization is September 25, 2006. On August 4, 2006, the Court issued an Order (I) Determining Dates, Procedures and Forms Applicable to Solicitation Process, (II) Establishing Vote Tabulation Procedures, (III) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan, and (IV) Waiving Local Rules (the "*Voting Procedures Order*"). The *Voting Procedures Order* sets forth the procedures applying to motions seeking the temporary allowance of claims for voting purposes (the "*Temporary Allowance Motion Procedures*"). By the Temporary Allowance Motion Procedures, any "Rule 3018 Motion must be filed with the Court . . . no later than September 18, 2006 at 4:00 p.m. (Eastern Time) . . . . *Temporary Allowance Motion Procedures*, paragraph 10.

5. Bankruptcy Rule 3018(a) provides in relevant part that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." *Fed. R. Bankr. P. 3018(a)*. Section 502(c) of the Bankruptcy Code provides that there shall be estimated for purpose of allowance " . . . any contingent or unliquidated claim, the fixing or liquidation of which would unduly delay the administration of the estate." *11 U.S.C. § 502(c)(1)*.

"Neither the Code nor the Rules prescribe any method for estimating a claim, and it is therefore committed to the reasonable discretion of the court". *In re Hydrox Chemical Co.*, 194 Bankr. 617, 623 (Bankr. N.D. Ill. 1996), As such, a court should employ whatever method is best suited to the circumstances of the case. *Id.*; *In re Thomson McKinnon Securities, Inc.*, 191 Bankr. 976, 979 (Bankr. S.D.N.Y. 1996).

6. The circumstances of these cases justify the temporary allowance of the Claim for voting purposes under Bankruptcy Rule 3018(a). Pursuant to § 1126 of the Bankruptcy Code, tabulation of votes on the plan requires consideration of the number and amount of allowed claims voted. *See 11 U.S.C. § 1126(c)*. In order for each vote to be properly counted, however, an "allowed amount" of such claim must be identified.

7. Creditor hereby seeks a temporary allowance of the Claim in the claimed amount for voting purposes only. The claimed amount is the appropriate amount because it reflects the damages suffered by Ms. Lopicollo as a result of Winn-Dixie Stores' negligence. Were this Court to fix the Claim at any lesser amount, it would mean that the Debtors had succeeded in disenfranchising or substantially diluting the voting power of a creditor of these estates by simply disputing its claim.

8. If and when the proposed plan of reorganization is confirmed, the results of the claims resolution process will dictate the amount of the Claim on a permanent basis. Temporarily allowing the Claim solely for voting purposes will not prejudice any other claimants, and will facilitate the accurate tabulation of votes on the proposed plan.

## **NOTICE**

Notice of this Motion has been provided to (i) the Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to the official committee of unsecured

creditors; and (iv) Logan & Company, Inc., as voting agent, as required by the Voting Procedures Order.

WHEREFORE, based upon the foregoing, Ms. Lopiccolo requests that the Court allow the Claim in the amount as filed for voting purposes.

> WILCOX LAW FIRM
>
> /s/ **Robert D. Wilcox**
> Robert D. Wilcox (FL #755168)
> 6817 Southpoint Parkway, Suite 1302
> Jacksonville, FL 32216
> Telephone: (904) 281-0700
> Facsimile: (904) 513-9201

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2006 I filed this **MOTION FOR ORDER TEMPORARILY ALLOWING CLAIM FOR PURPOSES OF VOTING ON PLAN OF REORGANIZATION** through the CM/ECF filing system, which will cause a copy to be served on the Debtor by Stephen Busey, Esq., Debtors' Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically, and by electronic mail to D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 and by electronic and U.S. Mail upon Logan & Company, 546 Valley Road, Upper Montclair, New Jersey 07043.

> /s/ **Robert Wilcox**
> Robert D. Wilcox