**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**MOTION OF PEARLIE McCANN FOR ORDER**
**DEEMING  PROOF OF CLAIM TIMELY FILED**

Comes Now, Pearlie McCann (alternatively "Claimant"), by and through their undersigned counsel, and pursuant to 11 U.S.C. Section 105 and Fed. R. Bankr. P. 3003(b) and 9006(c), hereby moves this Court for entry of an order deeming her claims ("Claims", as defined herein) against Debtor Winn-Dixie Stores, Inc. ("Winn-Dixie Stores") timely-filed.

**BACKGROUND**

1.  On February 19, 2005, Pearlie McCann was a guest and patron at a Winn-Dixie store in Pasco County, Florida.  While walking through the store she slipped on a wet substance on the store floor and violently fell to the ground. This fall caused significant injuries which led to Pearlie McCann undergoing surgery for an open reduction internal fixation of the left patella fracture at East Pasco Medical Center on March 1, 2005.

2.  A formal demand was made on behalf of Pearlie McCann to Mrs. Brim of Winn-Dixie's Risk Management Department on October 10, 2005. At that time her attorney, Drew Ben Hudgins, Esq., and Pearlie McCann first learned of Winn-Dixie Stores' Chapter 11 filing. As set forth in the sworn Affidavit of Pearlie McCann attached as Exhibit "A", she had numerous problems in 2005 receiving her mail in a time fashion.

1

*Affidavit of Pearlie McCann*, paragraph 6. As a result, Pearlie McCann often had to complain to her local Post Office regarding mail that was misdelivered and late. *Id.* as a result, Mrs. McCann did not receive notice of Winn-Dixie Stores' Chapter 11 filing. On October 12, 2005 Pearlie McCann, through her attorney, filed Proofs of Claim seeking damages against Winn-Dixie Stores resulting from Winn-Dixie Stores' negligence. *Affidavit of Pearlie McCann*, paragraph 7. Mrs. McCann has completed proof of claim forms every time she received one, and sent each back to the Debtors. *Affidavit of Pearlie McCann*, paragraph 8. The Debtors' claims agent, Sedgwick Claims Management Services, Inc., has assigned claim numbers 11973, 11974, 12052 and 12053 to Pearlie McCann's claims (the "Claims"), each of which seeks $100,000.00.[1]

    3.    Since October 2005, Pearlie McCann and Winn-Dixie Stores have utilized the claims resolution established by the Court in order to try and reach a resolution on the merits of the Claims. Mrs. McCann completed properly and returned the Litigation Claimant's Questionnaire, to which Winn-Dixie Stores responded with a proposed resolution. As detailed in the "Amended Response to Debtors' Omnibus Objection to Unresolved Litigation Claims and Motion to Allow Late Claim" that Ms. McCann's attorney, Drew Ben Hudgins, Esq., served on Debtors' counsel on August 23, 2006, the parties have as yet been unable to resolve the Claims.[2] A copy of that document is attached as Exhibit "B".[3]

## MEMORANDUM OF LAW

A claim filed after a bar date will be deemed timely-filed if the claimant can

---

[1] It is possible that there is some replication and overlap among the Claims.
[2] The Amended Response to Debtors' Omnibus Objection to Unresolved Litigation Claims and Motion to Allow Late Claim was served on Debtors' counsel but not filed. Upon information and belief, Debtors are not objection to the Claims on that basis.
[3] The version attached as Exhibit "B" has been redacted slightly in paragraph 4, in order that the parties' proposals for resolving the Claims will not be disclosed in this Motion.

demonstrate that the late filing was the result of "excusable neglect." *Banco Latino International v. Lopez (In re Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship*., 507 U.S. 380, 113 S.Ct. 1489 (1993)). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997). Excusable neglect is an equitable determination that takes into account all of the circumstances of the particular case. *See Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1489 (emphasis added). Considerations include: (a) reason for the delay and whether it was in control of claimant; (b) length of delay and potential impact on judicial proceedings; (c); and danger of prejudice to debtor (d) whether claimant acted in good faith. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). *See In re PT-1 Communications, Inc.*, 292 B.R. 482, 489 (Bankr. S.D. N.Y. 2003) (equities of excusable neglect weighed in favor of the claimant because the claimant "had no reason on the basis of the facts known to it prior to the Bar Date to conclude that it had a claim against [the debtor]".) As the United States Supreme Court has noted, excusable neglect encompasses situations caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 395,113 S.Ct. at 1489.

### Reason for the Delay

Quite simply, Pearlie McCann received no notice of the pending Chapter 11 cases until after the bar date. The facts here are substantially similar to those in *In re Faden*, 96 F.3d 792 (5th Cir.1996) in which the Court of Appeals for the Fifth Circuit held that a prepetition debt in a Chapter 7 case was not dischargeable where the creditor did not receive notice of the Chapter 7 case. This Court has cited *Faden* in the context of a motion for leave to file a claim after the bar date in a jointly-administered Chapter 11

case. *Harrell*, 325 B.R. 643, 649.

### Length of Delay and Potential Impact on Judicial Proceedings

Pearlie McCann's first two claims were filed within two days after she received notice of the need to file the claim, and in a timely enough fashion to allow her to participate in the claims resolution process. The judicial proceedings in this case will not be affected substantially, if at all, if the Court grants this Motion. Given the complexity of the myriad proceedings before the Court as the Debtors file and seek to confirm a Plan of Reorganization these cases, the allowance of Pearlie McCann's claim will neither delay nor complicate those proceedings.

### Prejudice to the Debtors

There can be little prejudice to Winn-Dixie Stores. As stated above, neither Winn-Dixie Stores nor any of the Debtors has confirmed a Plan of Reorganization. Second, if the current plan is ultimately confirmed for Winn-Dixie Stores, unsecured creditors will be paid in shares of the reorganized entity, and the marginal addition of claims is not likely to add any expense to the Debtors. Third, Pearlie McCann has filed the Questionnaire for Litigation Claimants and is participating properly in the claims resolution process. Fourth, the granting of this Motion will not deprive Winn-Dixie Stores of its ability to object to Mrs. McCann's claims on their merits.

### Pearlie McCann's Good Faith

Mrs. McCann's actions in this case were taken in good faith. She has acted properly and with diligence given her lack of knowledge of the Chapter 11 filings. At no point has she delayed the process or otherwise "sat on her rights". Through, her counsel, she filed the Claims in as prompt and complete a fashion as possible, and she

has participated fully in the claims resolution process.

## The Factors as a Whole

Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The treatment of Pearlie McCann's claims as timely-filed will permit her claim to be resolved on its merits. Such relief will result in no prejudice to the Debtor, will serve to protect Pearlie McCann's rights to recover for her damages, and is consistent with the interests of justice.

**Wherefore,** Pearlie McCann requests that the Court enter an order deeming her Claims timely-filed, and granting her such other and further relief to which she may be entitled.

Dated: September 16, 2006                **WILCOX LAW FIRM**

/s/ **Robert D. Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
(904) 281-0700
(904) 513-9201 Fax

### CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2006 I filed this Motion through the CM/ECF System, which will cause a copy to be served on the Debtor by James H. Post, Esq., Debtor's Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically, and by U.S. Mail to Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254; and by electronic mail to D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036.

/s/ **Robert Wilcox**
Robert D. Wilcox

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

CREDITOR NO: WDX-394307-L4-56
MCCANN, PEARLIE
32305 BLANTON RD.
DADE CITY FL 33525
Claim No: 11973, 11974, 12052, 12053

## AFFIDAVIT OF PEARLIE MCCANN

STATE OF FLORIDA:    )
COUNTY OF PASCO:    )

BEFORE ME, the undersigned authority, duly authorized by law to take oaths and acknowledgments, personally appeared, PEARLIE MCCANN, who after being duly cautioned and sworn upon oath, deposes and says:

1. I am 55 years of age and competent to testify with regard to the above styled case.
2. I have personal knowledge as to the matters set forth herein.
3. I currently reside at 23205 Blanton Road, Dade City, Florida 33525.
4. On February 19, 2005, I suffered injuries caused by a fall at Winn-Dixie.
5. My injuries required surgery which was performed on March 1, 2005
6. In 2005, I had numerous problems receiving my mail in a timely fashion. I often had to complain to my local Post Office regarding mail that was mis-delivered and late.

7. When I received notification of Winn-Dixie's Bankruptcy and the requirement that I submit a Proof of Claim, I did so in a timely manner. I don't recall exactly when I received the first notification of Bankruptcy and Proof of Claim requirement. However, I believe it was just before October 12, 2005 because that was when my first Proof of Claim was completed, signed, and returned to Winn-Dixie.

8. I have completed Proofs of Claim every time I received one and each was sent back to Winn-Dixie.

**FURTHER AFFIANT SAYETH NAUGHT.**

_Pearlie McCann_
PEARLIE MCCANN

**STATE OF FLORIDA:** )
**COUNTY OF PASCO:** )

Before me this day appeared Pearlie McCann, either personally <u>known</u> to me or who has produced _____ as identification, and being first duly sworn, deposes and says that she executed the forgoing affidavit and she acknowledges that she executed same freely and voluntarily as her own act and deed.

IN WITNESS WHEREOF, I have unto set my hand and seal on this 17th day of August, 2006.

_Linda N. Hines_
Notary Public, State of Florida

Linda N. Hines
(Name of Notary, Typed, Printed or Stamped)

LINDA N. HINES
MY COMMISSION # DD 319846
EXPIRES: May 17, 2008
Bonded Thru Notary Public Underwriters

(My commission expires on)

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

CREDITOR NO: WDX-394307-L4-56
MCCANN, PEARLIE
32305 BLANTON RD.
DADE CITY FL 33525
Claim No: 11973, 11974, 12052, 12053

## AMENDED RESPONSE TO DEBTORS' OMNIBUS OBJECTION TO UNRESOLVED LITIGATION CLAIMS AND MOTION TO ALLOW LATE CLAIM

Claimant, PEARLIE MCCANN, through the undersigned attorney, hereby files this Response to Debtors' Objection to Unresolved Claims and states as follows:

1. On February 19, 2005, Pearlie McCann was a patron of Winn-Dixie. While walking through one of the Winn Dixie stores, Mrs. McCann slipped and fell on a wet substance on the store floor. The fall caused significant injuries which led to Pearlie McCann undergoing surgery for an open reduction internal fixation of the left patella fracture at East Pasco Medical Center on March 1, 2005.

2. A formal Demand was made on behalf of Pearlie McCann to Mrs. Brim of Winn-Dixie's Risk Management on October 10, 2005.

3. Mrs. McCann did not receive proper notification of Winn Dixie's entry into Bankruptcy. In 2005, Mrs. McCann was having difficulties receiving her mail in a timely matter. When Mrs. McCann learned that Winn-Dixie was in bankruptcy and she was required to file a Proof of Claim, she did so. On October 12, 2005, Mrs. McCann also completed, signed, and returned the Litigation Claimants Questionnaire.

4. On January 31, 2006, Winn-Dixie sent Mrs. McCann a response to her Proof of Claim and Questionnaire previously submitted. In said response, Winn-Dixie offered ⟨redacted⟩. The offer was rejected and Winn-Dixie increased their offer to ⟨redacted⟩ and on March 7, 2006 Mediation was officially requested by Mrs. McCann pursuant to the Court's Order. Mrs. McCann's counsel received notification from Winn-Dixie on April 5, 2006 that Mrs. McCann's claim would be placed on the Mediation list. On May 18, 2006, Mrs. McCann's Counsel again requested Mediation be set. However, Winn-Dixie has not been cooperative in setting mediation and has not provided any dates for scheduling.

WHEREFORE, the Claimant, PEARLIE MCCANN, files this Response to Debtors' Omnibus Objection to Unresolved Litigation Claims and respectfully requests that the Claim by PEARLIE MCCANN not be disallowed.

I HEREBY CERTIFY that a copy of foregoing has been furnished by email to Smith Hulsey & Busey via facsimile at (904) 359-7708, this 23rd day of August, 2006.

**/S/ DREW BEN HUDGINS, ESQUIRE**
Florida Bar #325351
38453 Fifth Avenue
Zephyrhills, FL 33542
Phone: 813-788-5534
Fax: 813-783-6764
Linda@Hudginslaw.net
Attorney for Pearlie McCann