UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                      CASE NO.: 3:05-bk-03817-JAF

CHAPTER 11

WINN-DIXIE STORES, INC., et al.,
Debtors                                                     Jointly Administered

---

OCEAN 505 ASSOCIATES, L.L.C. AND GRANDECKS ASSOCIATES, L.L.C.'S
RULE 3018(a) MOTION FOR ORDER TEMPORARILY ALLOWING CLAIM
FOR PURPOSES OF VOTING ON PLAN OF REORGANIZATION

Ocean 505 Associates, L.L.C., and Grandecks Associates, L.L.C. (collectively, "Claimant"), by and through its undersigned counsel, hereby files this Rule 3018(a) Motion for an order temporarily allowing Claimant's claim for the purpose of voting on the Debtors' Plan of Reorganization, and states as follows:

1.     On October 14, 2005, Claimant timely filed a proof of claim in the amount of $342,417.38, which is identified as claim no. 12009.

2.     On or about July 31, 2006, the Debtors filed the Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims (the "Objection"), in which the Debtors objected to a substantial portion of Claimant's proof of claim. Pursuant to the Objection, the Debtors allege that Claimant's proof of claim amount should be reduced from $342,417.38 to $240,328.14.

3.     Claimant disputes the Debtors' allegation that the proof of claim amount should be reduced. As a result, on August 21, 2006, Claimant timely filed a Response to the Objection (Docket No. 10418).

4. Claimant and the Debtors are currently in the process of attempting to resolve the dispute with respect to the proof of claim amount by means of ongoing negotiations between the parties. However to date, a resolution has not been reached.

5. Claimant believes that the Claim Amount for voting purposes should be $342,417.38. Accordingly, Claimant requests that this Court temporarily allow its proof of claim in the amount of $342,417.38 for voting purposes pursuant to Bankruptcy Rule 3018(a).

6. Bankruptcy Rule 3018(a) provides, in part, that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."

7. The proper amount of Claimant's proof of claim for the purpose of accepting or rejecting the Debtors' Plan is $342,417.38. Pursuant to §1126(c) of the Bankruptcy Code, tabulation of votes on a plan requires consideration of the number <u>and amount</u> of allowed claims voted. The amount asserted on Claimant's proof of claim is the amount Claimant believes it is owed from the Debtors. Were this Court to fix Claimant's proof of claim amount at any lesser amount, it would mean that the Debtors would have succeeded in diluting the voting power of Claimant merely by objecting to its proof of claim. Thus, temporarily allowing Claimant's proof of claim in the amount of $342,417.38 for voting purposes furthers the interests of equity and protects Claimant's voting rights with respect to its proof of claim.

8. If and when the Debtors' Plan is confirmed, the results of the parties' negotiations or court imposed claims resolution process will determine Claimant's proof of claim amount for purposes of receiving distributions under the Plan. Thus, temporarily allowing Claimant's proof of claim in the amount of $342,417.38 for voting

purposes will not prejudice any other claimant's right to receive distributions under the Debtors' Plan. In addition, temporarily allowing Claimant's proof of claim in the amount of $342,417.38 for voting purposes will ensure an accurate calculation of the amount of allowed claims voted as required by §1126(c) of the Bankruptcy Code.

WHEREFORE, Claimant respectfully requests the entry of an order temporarily allowing Claimant's claim in the amount of $342,417.38 for the purpose of voting on the Debtors' Plan of Reorganization, and such other relief as the Court deems just and proper.

DATED this 18 day of September, 2006


HELD & ISRAEL

By: _____
Kimberly Held Israel, Esquire (FL Bar No. 47287)
Adam N. Frisch, Esquire (FL Bar No. 635308)
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile
afrisch@hilawfirm.com


and

SCHNADER HARRISON SEGAL & LEWIS LLP

William J. Maffucci, Esq.
1600 Market St., Ste. 3600
Philadelphia, PA 19103
(215) 751-2210 Telephone
(215) 972-7375 Facsimile
wmaffucci@schnader.com