**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 05-03817-3F1 |
| WINN DIXIE STORES, INC., et. al., ) | Chapter 11 |
| ) | Jointly Administered |
| Debtors. ) | |
| _____) | |

## MOTION FOR ORDER TEMPORARILY ALLOWING CLAIM OF JASON L. LODOLCE FOR VOTING ON PLAN OF REORGANIZATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3018(a) AND 11 U.S.C. §1126

Comes now Jason L. Lodolce (hereinafter "Lodolce"), by and through the undersigned counsel, pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. §1126, and the Notice of Non-Voting Status and Temporary Allowance Procedures with respect to Contingent, Unliquidated, or Disputed Claims ("Notice of Non-Voting Status"), and hereby moves for the entry of an Order granting temporary allowance of his claim for voting purposes and, in support, states as follows:

### JURISDICTION

1. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Further, venue is proper based upon 28 U.S.C. §157(b)(2).

### BACKGROUND

2. On or about February 11, 2005, Jason L. Lodolce file suit (the "lawsuit") against Winn Dixie Stores, Inc., et al. for injuries he sustained in an accident that occurred on Winn-Dixie property. *See Copy of Complaint, attached hereto as Exhibit "A".*

3. On or about March 1, 2005, Winn Dixie Stores, Inc., et al. filed a Notice of Commencement of Bankruptcy Case and the underlying lawsuit was stayed.

1

4. On or about June 2, 2005, Jason L. Lodolce timely filed his proof of claim. *See Proof of Claim and Proof of Service, attached hereto as Exhibit "B".*

5. On or about August 9, 2006, this Court issued a Notice of Hearing with regard to the Disclosure Statement and the Joint Plan of Reorganization of Winn Dixie Stores, Inc. and Affiliated Debtors.

6. On or about August 9, 2006, this Court also issued a Notice of Non-Voting Status, the undersigned receiving it thereafter. The Notice of Non-Voting Status set out a date of September 18, 2006 for the filing of a motion under Federal Rule of Bankruptcy Procedure 3018, and further, set out a date of September 25, 2006 for the voting deadline.

7. According to the Notice of Non-Voting Status, Mr. Lodolce is not presently entitled to vote on the Joint Plan of Reorganization.

## BASIS FOR THE RELIEF SOUGHT

8. Mr. Lodolce and the Debtors have discussed resolution of his claim, but to date no agreement has been reached, Mr. Lodolce filing this motion out of an abundance of caution in light of the impending deadline(s) and because it is unlikely that the dispute will be resolved in time to allow Mr. Lodolce to participate in the voting process.

9. Jason L. Lodolce objects to the classification of his claim under the Notice of Non-Voting Status as his claim was properly and timely filed. *See Exhibit "B".*

10. Rule 3018(a) of the Federal Rules of Bankruptcy Procedure provides, in part, that "…the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." See 11 U.S.C. §1126(c).

11. The results of the parties' negotiations or claims resolution process will dictate the amount of Mr. Lodolce's claim. Temporarily allowing Mr. Lodolce's claim for voting purposes will not prejudice any other claimant(s), and will enable an accurate and appropriate tabulation of votes on the proposed plan of reorganization.

### NOTICE

12. Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to the official committee of unsecured creditors; and (iv) Logan & Company, Inc., as voting agent, as required by the Voting Procedures Order.

**WHEREFORE**, Jason L. Lodolce respectfully request that this Honorable Court enter an Order providing for temporary allowance of his claim for voting purposes as it relates to the Joint Plan of Reorganization, and any other further relief deemed just and proper.

Respectfully submitted on this 15 day of September, 2006.

Vernis & Bowling of the Florida Keys, P.A.

Richard M. Behr
Florida Bar No.: 060402
81990 Overseas Highway, 3rd Floor
Islamorada Professional Center
Islamorada, Florida 33036
(T) 305-664-4675
(F) 305-664-5414
(E) RBehr@Florida-Law.com

*Attorneys for Jason L. Lodolce*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing was made on this 15 day of September, 2006, via ECF Noticing and email upon the parties listed below.

VERNIS & BOWLING
OF THE FLORIDA KEYS, P.A.

By: _____
Richard M. Behr
Florida Bar No.: 060402

| | |
|---|---|
| D.J. Baker, Esq.<br>Sally McDonald Henry, Esq.<br>Rosalie W. Gray, Esq.<br>Eric M. Davis, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP.<br>Four Times Square<br>New York, NY 10036<br>djbaker@skadden.com<br>Fax: 212-735-2000 | Stephen D. Busey, Esq.<br>James H. Post, Esq.<br>Cynthia C. Jackson, Esq.<br>Eric N. McKay, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202<br>cjackson@smithhulsey.com<br>Fax: 904-359-7708 |
| Elena L. Escamilla, Esq.<br>U.S. Trustee<br>135 W. Central Boulevard<br>Room 620<br>Orlando, FL 32801<br>Elena.L.Escamilla@usdoj.gov<br>Fax: 407-648-6323 | Dennis F. Dunne, Esq.<br>Milbank, Tweed, Hadley & McCloy LLP.<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Attorneys for OCUC<br>ddunne@milbank.com<br>Fax: 212-530-5219 |
| John B. Macdonald, Esq.<br>Akerman Senterfitt<br>50 North Laura Street, Suite 2500<br>Jacksonville, FL 32202<br>johnmacdonald@akerman.com<br>Fax: 904-798-3730 | Winn-Dixie Stores, Inc.<br>Attn: Laurence B. Appel<br>5050 Edgewood Court<br>Jacksonville, FL 32801<br>larryappel@winn-dixie.com<br>Fax: 904-783-5059 |
| Logan & Company, Inc.<br>546 Valley Road<br>Upper Montclair, NJ 07043<br>winninfo@loganandco.com | |

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

Case No.: CAP-03-263
Judge:

JASON LO DULCE, )
)
)
                        Plaintiff, )
)
*versus* )
)
WINN-DIXIE SUPERMARKETS, INC., )
a Florida corporation, RONALD )
REYNOLDS, PHIL J. GUINTS, and )
STEVEN DAVID LUCKEN, )
)
                     Defendants. )
_____/

## AMENDED COMPLAINT

COMES NOW the Plaintiff, **JASON LO DULCE**, by and through the undersigned counsel, and sues the Defendants, **WINN-DIXIE SUPERMARKETS, INC.**, a Florida corporation, **RONALD REYNOLDS, PHIL J. GUINTS,** and **STEVEN DAVID LUCKEN** and alleges:

### Jurisdiction and General Allegations

1. This is an action for damages in excess of $15,000.00 exclusive of interest and costs.

2. The incidents giving rise to this Complaint occurred in Monroe County, Florida on or about July 8, 1999.

3. Plaintiff, JASON LO DULCE, is a resident of Monroe County, Florida, and is otherwise sui juris.

4. On or about July 7, 1999, the Defendant, WINN DIXIE SUPERMARKETS, INC., owned and operated a grocery store located at 91200 Overseas Highway, Tavernier, Monroe County, Florida.

5. At all times material hereto each individual Defendant was working and/or living in Monroe County Florida.

## COUNT I. BATTERY

*As against Defendant, WINN-DIXIE SUPERMARKETS, INC.*

6. Plaintiff hereby incorporates by reference each allegation as set forth in Paragraphs one (1) through five (5) as though fully set forth herein.

7. When Plaintiff was outside of the store, each of the individual Defendants, RONALD REYNOLDS, PHIL J. GUINTS, and STEVEN DAVID LUCKEN (hereinafter collectively referred to as "employees") repeatedly battered and struck Plaintiff upon his body in an offensive manner without his permission. Plaintiff was then duct taped to a hand rail outside of the store.

8. Such employees and agents were acting within the scope of their employment and/or as agents of Defendant, WINN-DIXIE SUPERMARKETS, INC.

9. As a direct and proximate cause of the actions of the named employees' battery upon the Plaintiff, he suffered damages including pain and suffering, physical injury, loss of enjoyment of life and emotional distress.

Wherefore, Plaintiff demands this Court enter judgment for Plaintiff and against the Defendant named in this Count for damages in an amount in excess of $15,000.00, the costs of this action, and any other relief this Court deems necessary and just.

## COUNT II. ASSAULT

*Jointly and severally as against Defendants, Reynolds, Guints, and Lucken*

10. Plaintiff hereby incorporates by reference each allegation as set forth in Paragraphs one (1) through five (5) as though fully set forth herein.

11. Immediately before being struck by the Defendants named in this Count, Plaintiff was in reasonable apprehension of an imminent battery.

12. Such apprehension was the intended result of the conduct of the Defendants named within this Count.

13. As a direct and proximate result of the aforementioned conduct of the "employees" Plaintiff suffered severe emotional distress.

Wherefore, Plaintiff demands this Court enter judgment for Plaintiff and jointly and severally against the Defendants named within this Count for damages in an amount in excess of $15,000.00, the costs of this action, and any other relief this Court deems necessary and just.

## COUNT III. ASSAULT

*As against Defendant WINN-DIXIE SUPERMARKETS, INC.*

14. Plaintiff hereby incorporates by reference each allegation as set forth in Paragraph one (1) through five (5) as though fully set forth herein.

15. At the time Plaintiff was placed in reasonable apprehension of an imminent battery by the Defendants named in Count III, each of such Defendants were employees and agents of Defendant, WINN-DIXIE SUPERMARKETS, INC.

16. Such employees and/or agents were acting within the scope of their employment and of their agency relationship with Defendant, WINN-DIXIE SUPERMARKETS, INC.

17. As a direct and proximate cause of this assault Plaintiff suffered damages including

severe emotional distress.

Wherefore, Plaintiff demands this Court enter judgment for Plaintiff and jointly and severally against the Defendants named within this Count for damages in an amount in excess of $15,000.00, the costs of this action, and any other relief this Court deems necessary and just.

## COUNT IV. FALSE IMPRISONMENT

*Jointly and severally as against Defendant, Reynolds, Guints, and Lucken*

18. Plaintiff hereby incorporates by reference each allegation as set forth in Paragraphs one (1) through five (5) as though fully set forth herein.

19. Throughout the entire time during which the Defendants were striking Plaintiff and placing him in reasonable apprehension of an imminent battery, the Defendants named in this Count unlawfully detained Plaintiff by duct taping him to a hand rail in front of the store.

20. That Plaintiff was detained, had no reasonable means of escape, and that he was aware of his predicament was the intended result of the conduct of the Defendants named in this Count.

Wherefore, Plaintiff demands this Court enter judgment for Plaintiff and against the Defendants named in this Count for damages in an amount in excess of $15,000.00, the costs of this action, and any other relief this Court deems necessary and just.

## COUNT V. FALSE IMPRISONMENT

*As against Defendant, WINN-DIXIE SUPERMARKETS, INC. SUPERMARKETS, INC.*

Plaintiff hereby incorporates by reference each allegation as set forth in Paragraphs one (1) through five (5) as though fully set forth herein.

21. At the time Plaintiff was detained by the Defendants named in Count IV, each of such Defendants were employees and agents of Defendant, WINN-DIXIE SUPERMARKETS, INC.

22. Such employees and/or agents were acting within the scope of their employment and of their agency relationship with Defendant, WINN-DIXIE SUPERMARKETS, INC.

Wherefore, Plaintiff demands this Court enter judgment for Plaintiff and against the Defendant named in this Count for damages in an amount in excess of $15,000.00, the costs of this action, and any other relief this Court deems necessary and just.

## COUNT VI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*Jointly and severally as against Defendants Reynolds, Guints, and Lucken*

Plaintiff hereby incorporates by reference each allegation as set forth in Paragraphs one (1) through five (5) as though fully set forth herein.

23. The conduct of the Defendants named in this Complaint (employees) amount to extreme and outrageous conduct.

24. As a direct and proximate result of this conduct, Plaintiff has suffered and continues to suffer severe emotional distress. This severe emotional distress suffered by Plaintiff was the intended result of the conduct of the Defendants named in this Complaint.

Wherefore, Plaintiff demands this Court enter judgment for Plaintiff and against the Defendants named within this Count for damages in an amount in excess of $15,000.00, the costs of this action, and any other relief this Court deems necessary and just.

## COUNT VII. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*As against Defendant WINN-DIXIE SUPERMARKETS, INC. SUPERMARKETS, INC.*

Plaintiff hereby incorporates each allegation as set forth in Paragraphs one (1) through five (5) as though fully set forth herein.

25. At the time Plaintiff was subjected to the intentional and extreme and outrageous conduct by the Defendants named in Count VII, each of such Defendants were employees and agents of Defendant, WINN-DIXIE SUPERMARKETS, INC.

26. Such employees and agents were acting within the scope of their employment and of their agency relationship with Defendant, WINN-DIXIE SUPERMARKETS, INC.

Wherefore, Plaintiff demands this Court enter judgment for Plaintiff and against the Defendant named in this Count for damages in excess of $15,000.00, the costs of this action, and any other relief this Court deems necessary and just.

## COUNT IX - NEGLIGENT HIRING/RETENTION

Plaintiff hereby incorporates each allegation as set forth in Paragraphs one (1) through five (5) as though fully set forth herein.

27. Defendant, WINN-DIXIE, had a duty to use reasonable care in the hiring and retention of its employees.

28. Defendant, WINN-DIXIE, breached that duty by failing to perform an adequate background investigation and/or failing to adequately monitor and review the conduct of its employees.

29. As a direct and proximate result of WINN-DIXIE's aforementioned breach, Plaintiff was assaulted, battered, unlawfully confined, and subjected to severe emotional distress.

30. Plaintiff has suffered damages including physical injury, loss of his freedom (he was duct taped to a guard rail), emotional distress, and mental anguish.

**WHERERFORE,** Defendant hereby respectfully demands entry of a Judgement against WINN-DIXIE for damages, the costs of this litigation and whatever further and additional relief the Court deems proper.

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE

                        Vernis & Bowling of the Florida Keys, P.A.
                        Attorneys for Plaintiff
                        81990 Overseas Highway
                        Islamorada, Florida 33036-0529
                        Tel: (305) 664-4675
                        Fax: (305) 664-5414

By _____
Rob T. Cook, Esquire
Florida Bar No: 0542911

F:\Client.Files\Lo Dulce\complaint\amended LoDulceComplaint.Rev.wpd

# EXHIBIT "B"

# VERNIS & BOWLING
## OF THE FLORIDA KEYS, P.A.
ATTORNEYS AT LAW
ISLAMORADA PROFESSIONAL CENTER
81990 OVERSEAS HIGHWAY, 3rd FLOOR
ISLAMORADA, FLORIDA 33036

TELEPHONE (305) 664-4675
FACSIMILE (305) 664-5414

WEB SITE: www.Florida-Law.com

June 2, 2005

WINN-DIXIE CLAIMS DOCKETING CENTER
C/O LOGAN & COMPANY, INC.
546 VALLEY ROAD
UPPER MONTCLAIR, NJ 07043          *Certified Mail/Return Receipt*

RE:   Jason LoDolce v. Winn-Dixie
      Our File: 2230-00422

Gentlemen:

Enclosed please find the completed Proof of Claim form for our client, Jason LoDolce. If you have any questions or comments, please do not hesitate to call.

Very truly yours,

*[signature]*

Rob T. Cook
RTC:jd

Enclosure

cc:   Mr. Jason LoDolce

F:\Cases Personal Injury\Lo Dolce\Letter\Winn Dixie Proof of Claim.wpd

VERNIS & BOWLING OF MIAMI, P.A.
MIAMI, FLORIDA
TEL: (305) 895-3035 / FAX: (305) 892-1260

VERNIS & BOWLING OF BROWARD, P.A.
FT. LAUDERDALE, FLORIDA
TEL: (954) 522-1299 / FAX: (954) 522-1302

VERNIS & BOWLING OF NORTH FL, P.A.
JACKSONVILLE, FLORIDA
TEL: (904) 620-7243 / FAX: (904) 564-2322

VERNIS & BOWLING OF THE GULF COAST, P.A.
CLEARWATER, FLORIDA
TEL: (727) 443-3377 / FAX: (727) 443-6828

VERNIS & BOWLING OF N.W. FL, P.A.
PENSACOLA, FLORIDA
TEL: (850) 433-5461 / FAX: (850) 432-0166

VERNIS & BOWLING OF PALM BEACH, P.A.
NORTH PALM BEACH, FLORIDA
TEL: (561) 775-9822 / FAX: (561) 775-9821

VERNIS & BOWLING OF THE FL. KEYS, P.A.
KEY WEST, FLORIDA
TEL: (305) 293-4670 / FAX: (305) 293-4680

VERNIS & BOWLING OF S.W. FL, P.A.
FORT MYERS, FLORIDA
TEL: (239) 334-3035 / FAX: (239) 334-7702

VERNIS & BOWLING OF CENTRAL FL, P.A.
DELAND, FLORIDA
TEL: (386) 734-2505 / FAX: (386) 734-3441

VERNIS & BOWLING OF SOUTHERN AL, LLC
MOBILE, ALABAMA
TEL: (251) 432-0337 / FAX: (251) 432-0244

VERNIS & BOWLING OF BIRMINGHAM, LLC
BIRMINGHAM, ALABAMA
TEL: (205) 445-1026 / FAX: (205) 445-1036

FLORIDA • ALABAMA

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |

Name of Debtor Against Which You Assert Your Claim:
Debtor Name: **Winn Dixie Supermarkets INC**   Case No. **05-3840-3F1**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

20263087
WDX-392829-B2-55
LO DOLCE, JASON L
C/O: ROB T. COOK, ESQUIRE
ROB T. COOK, ESQUIRE
81990 OVERSEAS HIGHWAY
ISLAMORADA FL 33036-0529

Telephone No. of Creditor: **305 664 4674**
Fax No. of Creditor: **305 664 5144**

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☑ replaces address above  ☐ additional address
Name: **Rob Cook**
Company/Firm: **Vernis & Bowling of the Keys PA**
Address: **81990 O/S Highway**
**664-4675**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

Account or Other Number by Which Creditor Identifies Debtor:

1. Basis for Claim
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☑ Personal injury/property damage
☐ Other _____
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN: _____
Unpaid compensation for services performed from _____ to _____ (date)  (date)

2. Date debt was incurred: **7/8/99**
3. If claim is based on a Court Judgment, date obtained: _____

4. Total Amount of Claim at Time Case Filed:
$_____ (unsecured)  $_____ (secured)  $_____ (priority)  $_____ (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☑ Unsecured Nonpriority Claim $_____
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan — 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child — 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507 (a) (8).
☐ Other — Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

Date _____ | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print: **Robby Cook**   Title: **Attorney**
Signature: _____

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    WINN-DIXIE CLAIMS DOCKETING
    CENTER
    C/O LOGAN & COMPANY, INC.
    546 VALLEY ROAD
    UPPER MONTCLAIR, NJ 07043

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Salora Bull_   ☐ Agent  ☑ Addressee

B. Received by (Printed Name): Salora Bull
C. Date of Delivery: 6/1/[illegible]

D. Is delivery address different from item 1? ☐ Yes  ☑ No
   If YES, enter delivery address below:

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7003 1010 0000 0697 8372

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



United States Postal Service

• Sender: Please print your name, address, and ZIP+4 in this box •

ROB T COOK, ESQUIRE
VERNIS & BOWLING OF THE FLORIDA KEYS
81990 OVERSEAS HIGHWAY 3RD FLOOR
ISLAMORADA, FLORIDA 33036

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

RECEIVED
JUN 1 0 2005
BY: