**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 05-03817 |
| WINN DIXIE, INC., et. al., ) | Chapter 11 |
| ) | Jointly Administered |
| Debtors. ) | |
| _____) | |

**MOTION FOR ORDER TEMPORARILY ALLOWING CLAIM OF RYAN MALONE FOR VOTING ON PLAN OF REORGANIZATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3018(a) AND 11 U.S.C. §1126**

Comes now Ryan Malone (hereinafter "Malone"), by and through the undersigned counsel, pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. §1126, and the Notice of Non-Voting Status and Temporary Allowance Procedures with respect to Contingent, Unliquidated, or Disputed Claims ("Notice of Non-Voting Status"), and hereby moves for the entry of an Order granting temporary allowance of his claim for voting purposes and, in support, states as follows:

**JURISDICTION**

1. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Further, venue is proper based upon 28 U.S.C. §157(b)(2).

**BACKGROUND**

2. On or about August 24, 2004, Ryan Malone file suit (the "lawsuit") against Winn Dixie Stores, Inc. for injuries he sustained in an automobile collision caused by a Winn-Dixie employee and that occurred on Winn-Dixie property. *See Copy of Complaint, attached hereto as Exhibit "A"*.

3. On or about March 1, 2005, Winn Dixie Stores, Inc. filed a Notice of Commencement of Bankruptcy Case and the underlying lawsuit was stayed.

1

4. On or about June 2, 2005, Ryan Malone timely filed his proof of claim. *See Proof of Claim and Proof of Service, attached hereto as Exhibit "B".*

5. On or about August 9, 2006, this Court issued a Notice of Hearing with regard to the Disclosure Statement and the Joint Plan of Reorganization of Winn Dixie Stores, Inc. and Affiliated Debtors.

6. On or about August 9, 2006, this Court also issued a Notice of Non-Voting Status, the undersigned receiving it thereafter. The Notice of Non-Voting Status set out a date of September 18, 2006 for the filing of a motion under Federal Rule of Bankruptcy Procedure 3018, and further, set out a date of September 25, 2006 for the voting deadline.

7. According to the Notice of Non-Voting Status, Mr. Malone is not presently entitled to vote on the Joint Plan of Reorganization.

## BASIS FOR THE RELIEF SOUGHT

8. Mr. Malone and the Debtors have discussed resolution of his claim, but to date no agreement has been reached, Mr. Malone filing this motion out of an abundance of caution in light of the impending deadline(s) and because it is unlikely that the dispute will be resolved in time to allow Mr. Malone to participate in the voting process.

9. Ryan Malone objects to the classification of his claim under the Notice of Non-Voting Status as his claim was properly and timely filed. *See Exhibit "B".*

10. Rule 3018(a) of the Federal Rules of Bankruptcy Procedure provides, in part, that "...the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." See 11 U.S.C. §1126(c).

11. The results of the parties' negotiations or claims resolution process will dictate the amount of Mr. Malone's claim. Temporarily allowing Mr. Malone's claim for voting purposes will not prejudice any other claimant(s), and will enable an accurate and appropriate tabulation of votes on the proposed plan of reorganization.

## NOTICE

12. Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to the official committee of unsecured creditors; and (iv) Logan & Company, Inc., as voting agent, as required by the Voting Procedures Order.

**WHEREFORE**, Ryan Malone respectfully request that this Honorable Court enter an Order providing for temporary allowance of his claim for voting purposes as it relates to the Joint Plan of Reorganization, and any other further relief deemed just and proper.

Respectfully submitted on this 15 day of September, 2006.

Vernis & Bowling of the Florida Keys, P.A.

Richard M. Behr
Florida Bar No.: 060402
81990 Overseas Highway, 3rd Floor
Islamorada Professional Center
Islamorada, Florida 33036
(T) 305-664-4675
(F) 305-664-5414
(E) SBlack@florida-law.com

*Attorneys for Ryan Malone*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing was made on this 15 day of September, 2006, via ECF Noticing and email upon the parties listed below.

VERNIS & BOWLING
OF THE FLORIDA KEYS, P.A.

By: _____
Richard M. Behr
Florida Bar No.: 060402

| | |
|---|---|
| D.J. Baker, Esq.<br>Sally McDonald Henry, Esq.<br>Rosalie W. Gray, Esq.<br>Eric M. Davis, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP.<br>Four Times Square<br>New York, NY 10036<br>djbaker@skadden.com<br>Fax: 212-735-2000 | Stephen D. Busey, Esq.<br>James H. Post, Esq.<br>Cynthia C. Jackson, Esq.<br>Eric N. McKay, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202<br>cjackson@smithhulsey.com<br>Fax: 904-359-7708 |
| Elena L. Escamilla, Esq.<br>U.S. Trustee<br>135 W. Central Boulevard<br>Room 620<br>Orlando, FL 32801<br>Elena.L.Escamilla@usdoj.gov<br>Fax: 407-648-6323 | Dennis F. Dunne, Esq.<br>Milbank, Tweed, Hadley & McCloy LLP.<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Attorneys for OCUC<br>ddunne@milbank.com<br>Fax: 212-530-5219 |
| John B. Macdonald, Esq.<br>Akerman Senterfitt<br>50 North Laura Street, Suite 2500<br>Jacksonville, FL 32202<br>johnmacdonald@akerman.com<br>Fax: 904-798-3730 | Winn-Dixie Stores, Inc.<br>Attn: Laurence B. Appel<br>5050 Edgewood Court<br>Jacksonville, FL 32801<br>larryappel@winn-dixie.com<br>Fax: 904-783-5059 |
| Logan & Company, Inc.<br>546 Valley Road<br>Upper Montclair, NJ 07043<br>winninfo@loganandco.com | |

# EXHIBIT "A"

IN THE CIRCUIT COURT IN THE 16TH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

RYAN LEE MALONE,                                CASE NO.

    Plaintiff,

vs.

JULIO LARA; WINN-DIXIE STORES,
INC., a Florida corporation for profit;
and WINN-DIXIE LOGISTICS, INC.,
a Florida corporation for profit,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, RYAN LEE MALONE, by and through his undersigned counsel, and hereby files this Complaint for Damages against the Defendants, JULIO LARA; WINN-DIXIE STORES, INC., a Florida corporation for profit; and WINN-DIXIE LOGISTICS, INC., a Florida corporation for profit, and further alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages which exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. The Plaintiff, RYAN LEE MALONE, is a resident of Monroe County, Florida and is otherwise *sui juris*.

3. The Defendant, JULIO LARA, is a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

4. The Defendant, WINN-DIXIE STORES, INC., is a Florida Corporation, authorized and doing business in Monroe County, Florida.

5. The Defendant, WINN-DIXIE LOGISTICS, INC., is a Florida Corporation, authorized and doing business in Monroe County, Florida.

6. On or about March 2, 2002, at approximately 7:31 a.m., the Defendant, JULIO LARA, did operate a tractor-trailer at or near the intersection of State Road 5 and Camelot Drive in Monroe County, Florida, owned by Defendant, WINN-DIXIE STORES, INC. and/or Defendant, WINN-DIXIE LOGISTICS, INC.

7. At said time and place, Defendant, JULIO LARA, did collide with Plaintiff, RYAN LEE MALONE, and as a direct and proximate result of the negligent action of JULIO LARA, Plaintiff was injured in and about his body and extremities.

## COUNT I
## NEGLIGENCE AGAINST JULIO LARA

Plaintiff realleges and reavers all of the allegations contained in paragraphs one (1) through seven (7) and incorporates same herein by reference as though wholly rewritten herein.

8. At said time and place, the Defendant, JULIO LARA, did owe a duty to the Plaintiff to use reasonable care and/or caution to properly maintain, operate, and control said motor vehicle/tractor-trailer.

9. At said time and place, the Defendant, JULIO LARA, did breach the above mentioned duty by negligently and/or carelessly operating and/or maintaining his vehicle/tractor-trailer causing it to collide with the vehicle in which the Plaintiff was

driving.

10. As a direct and proximate result of the above-mentioned negligence, the Plaintiff, RYAN LEE MALONE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition. Such losses are either permanent in nature or continuing in nature and the Plaintiff, RYAN LEE MALONE, will suffer these losses and impairments in the future.

11. Such losses were the direct and/or foreseeable results of the above mentioned negligence and such injuries are either permanent or continuing in nature and the Plaintiff, RYAN LEE MALONE, will suffer these losses in the future.

WHEREFORE, Plaintiff, RYAN LEE MALONE, demands judgment for damages against the Defendant, JULIO LARA, and demands a trial by jury of all issues triable as a right by a jury.

## COUNT II
## NEGLIGENCE AGAINST WINN-DIXIE STORES, INC.

Plaintiff realleges and reavers all of the allegations contained in paragraphs one (1) through seven (7) and incorporates same herein by reference as though wholly rewritten herein.

12. Defendant, WINN-DIXIE STORES, INC., at all times material hereto, did own, maintain and control said vehicle/tractor-trailer with Florida tags no. F03QMA/XME96T.

13. On March 2, 2002 at approximately 7:31 a.m., Defendant, JULIO LARA, was operating said motor vehicle/tractor-trailer with Defendant's, WINN-DIXIE STORES, INC., full permission and/or consent.

14. Defendant, WINN-DIXIE STORES, INC., is legally responsible for the negligent operation of its motor vehicle, a dangerous instrumentality, driven by Defendant, JULIO LARA, who was a permissive user of the subject motor vehicle/tractor-trailer.

15. As a direct and proximate result of the above-mentioned negligence, the Plaintiff, RYAN LEE MALONE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition. Such losses are either permanent in nature or continuing in nature and the Plaintiff, RYAN LEE MALONE, will suffer these losses and impairments in the future.

15. Such losses were the direct and/or foreseeable results of the above mentioned negligence and such injuries are either permanent or continuing in nature and the Plaintiff, RYAN LEE MALONE, will suffer these losses in the future.

WHEREFORE, Plaintiff, RYAN LEE MALONE, demands judgment for damages against the Defendant, WINN-DIXIE STORES, INC., and demands a trial by jury of all issues triable as a right by a jury.

## COUNT III
## NEGLIGENCE AGAINST WINN-DIXIE LOGISTICS, INC.

Plaintiff realleges and reavers all of the allegations contained in paragraphs one (1) through seven (7) and incorporates same herein by reference as though wholly rewritten herein.

12. Defendant, WINN-DIXIE LOGISTICS, INC., at all times material hereto, did own, maintain and control said vehicle/tractor-trailer with Florida tags no. F03QMA/XME96T.

13. On March 2, 2002 at approximately 7:31 a.m., Defendant, JULIO LARA, was operating said motor vehicle/tractor-trailer with Defendant's, WINN-DIXIE LOGISTICS, INC., full permission and/or consent.

14. Defendant, WINN-DIXIE LOGISTICS, INC., is legally responsible for the negligent operation of its motor vehicle, a dangerous instrumentality, driven by Defendant, JULIO LARA, who was a permissive user of the subject motor vehicle/tractor-trailer.

15. As a direct and proximate result of the above-mentioned negligence, the Plaintiff, RYAN LEE MALONE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition. Such losses are either permanent in nature or continuing in nature and the Plaintiff, RYAN LEE MALONE, will suffer these losses and impairments in the future.

15. Such losses were the direct and/or foreseeable results of the above mentioned negligence and such injuries are either permanent or continuing in nature and the Plaintiff, RYAN LEE MALONE, will suffer these losses in the future.

WHEREFORE, Plaintiff, RYAN LEE MALONE, demands judgment for damages against the Defendant, WINN-DIXIE LOGISTICS, INC., and demands a trial by jury of all issues triable as a right by a jury.

Respectfully submitted,

VERNIS & BOWLING
OF THE FLORIDA KEYS, P.A.
Attorneys for Plaintiff
Islamorada Professional Center
81990 Overseas Highway, 3rd Floor
Islamorada, FL 33036
Telephone: (305) 664-4675
Facsimile: (305) 664-5414

By: _____
Rob T. Cook, Esquire
Florida Bar No: 0542911

# EXHIBIT "B"

# VERNIS & BOWLING
## OF THE FLORIDA KEYS, P.A.
ATTORNEYS AT LAW
ISLAMORADA PROFESSIONAL CENTER
81990 OVERSEAS HIGHWAY, 3rd FLOOR
ISLAMORADA, FLORIDA 33036

TELEPHONE (305) 664-4675
FACSIMILE (305) 664-5414

WEB SITE: www.Florida-Law.com

June 2, 2005

WINN-DIXIE CLAIMS DOCKETING CENTER
C/O LOGAN & COMPANY, INC.
546 VALLEY ROAD
UPPER MONTCLAIR, NJ 07043          *Certified Mail/Return Receipt*

RE:   Ryan Malone v. Winn-Dixie
      Our File: 0783-21353

Gentlemen:

Enclosed please find the completed Proof of Claim form for our client, Ryan Malone. If you have any questions or comments, please do not hesitate to call.

Very truly yours,

Rob T. Cook
RTC:jd

Enclosure

cc:   Mr. Ryan Malone

F:\Cases Personal Injury\Malone vs. Winn-Dixie\Letter\Winn Dixie Proof of Claim.wpd

---

VERNIS & BOWLING OF MIAMI, P.A.
MIAMI, FLORIDA
TEL: (305) 895-3035 / FAX: (305) 892-1260

VERNIS & BOWLING OF BROWARD, P.A.
FT. LAUDERDALE, FLORIDA
TEL: (954) 522-1299 / FAX: (954) 522-1302

VERNIS & BOWLING OF NORTH FL, P.A.
JACKSONVILLE, FLORIDA
TEL: (904) 620-7243 / FAX: (904) 564-2322

VERNIS & BOWLING OF THE GULF COAST, P.A.
CLEARWATER, FLORIDA
TEL: (727) 443-3377 / FAX: (727) 443-6828

VERNIS & BOWLING OF N.W. FL, P.A.
PENSACOLA, FLORIDA
TEL: (850) 433-5461 / FAX: (850) 432-0166

VERNIS & BOWLING OF PALM BEACH, P.A.
NORTH PALM BEACH, FLORIDA
TEL: (561) 775-9822 / FAX: (561) 775-9821

VERNIS & BOWLING OF THE FL. KEYS, P.A.
KEY WEST, FLORIDA
TEL: (305) 293-4670 / FAX: (305) 293-4680

VERNIS & BOWLING OF S.W. FL, P.A.
FORT MYERS, FLORIDA
TEL: (239) 334-3035 / FAX: (239) 334-7702

VERNIS & BOWLING OF CENTRAL FL, P.A.
DELAND, FLORIDA
TEL: (386) 734-2505 / FAX: (386) 734-3441

VERNIS & BOWLING OF SOUTHERN AL, LLC
MOBILE, ALABAMA
TEL: (251) 432-0337 / FAX: (251) 432-0244

VERNIS & BOWLING OF BIRMINGHAM, LLC
BIRMINGHAM, ALABAMA
TEL: (205) 445-1026 / FAX: (205) 445-1036

FLORIDA • ALABAMA

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |

Name of Debtor Against Which You Assert Your Claim:

Debtor Name: __Winn Dixie Stores Inc__   Case No.: __0503817-3F1__
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**A. Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):

|||||||||
20263771
WDX-393532-B2-55
MALONE, RYAN
C/O: ROB T. COOK, ESQ.
VERNIS & BOWLING
81990 OVERSEAS HWY., 3RD FLOOR
P.O. DRAWER 529
ISLAMORADA FL 33036

__305 664 4675__
Telephone No. of Creditor
__305 664 54H__
Fax No. of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

**B. Name and address of signatory or other person to whom notices must be served, if different from above.** (Check box if): ☐ replaces address above ☐ additional address

Name: __Rob Cook__
Company/Firm: __Vernis & Bowling Florida Keys__
Address: __81990 O/S Highway, 3rd Floor__
__Islamorada FL 33036__

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

Account or Other Number by Which Creditor Identifies Debtor:

Check here if this claim ☐ replaces ☐ amends  a previously filed claim, dated: _____

**1. Basis for Claim**
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☒ Personal injury/property damage
☐ Other _____
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN: _____
Unpaid compensation for services performed from _____ to _____
(date)      (date)

**2. Date debt was incurred:** __3/2/02__

**3. If claim is based on a Court Judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**
$_____ (unsecured)   $_____ (secured)   $_____ (priority)   $_____ (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☒ **Unsecured Nonpriority Claim** $_____
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice: Print: __Rob Cook__  Title: __Attorney__  Signature: __Rob T. Cook__ |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

WINN-DIXIE CLAIMS DOCKETING CENTER
C/O LOGAN & COMPANY, INC.
546 VALLEY ROAD
UPPER MONTCLAIR, NJ 07043

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name): _Salera_
C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes  ☐ No
If YES, enter delivery address below:

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)
7003 1010 0000 0697 6262

PS Form 3811, February 2004   Domestic Return Receipt   102595-0

