UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                            Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,          Chapter 11

        Debtors.                            Jointly Administered

_____/

**NOTICE OF FILING**
**AMENDED COMPLAINT**

Creditor, JASON L. LO DOLCE, by and through its undersigned counsel, hereby give notice of the filing of Creditor's Amended Complaint.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2006, a true and correct copy of the foregoing document was served on Stephen D. Busey, Esq., James H. Post, Esq., and Leanne McKinight Predergast, Esq., Smith Hulsey & Busey, Attn: Tana Copeland, 225 Water Street, Suite 1800, Jacksonville, Florida 32202.

                                                       Vernis & Bowling of the Florida Keys, P.A.
                                                       Attorneys for Plaintiff
                                                       81990 Overseas Highway
                                                       Islamorada, Florida 33036
                                                       Tel: (305) 664-4675
                                                       Fax: (305) 664-5414

                                                       By_____
                                                       Richard M. Behr, Esquire
                                                       Florida Bar No: 060402

IN THE CIRCUIT COURT OF THE
SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

Case No.: CAP-03-263
Judge:

JASON LO DULCE, )
)
Plaintiff, )
)
versus )
)
WINN-DIXIE SUPERMARKETS, INC., )
a Florida corporation, RONALD )
REYNOLDS, PHIL J. GUINTS, and )
STEVEN DAVID LUCKEN, )
)
Defendants. )
_____/

## AMENDED COMPLAINT

COMES NOW the Plaintiff, **JASON LO DULCE**, by and through the undersigned counsel, and sues the Defendants, **WINN-DIXIE SUPERMARKETS, INC.**, a Florida corporation, **RONALD REYNOLDS, PHIL J. GUINTS,** and **STEVEN DAVID LUCKEN** and alleges:

### Jurisdiction and General Allegations

1. This is an action for damages in excess of $15,000.00 exclusive of interest and costs.

2. The incidents giving rise to this Complaint occurred in Monroe County, Florida on or about July 8, 1999.

3. Plaintiff, JASON LO DULCE, is a resident of Monroe County, Florida, and is otherwise sui juris.

4. On or about July 7, 1999, the Defendant, WINN DIXIE SUPERMARKETS, INC., owned and operated a grocery store located at 91200 Overseas Highway, Tavernier, Monroe County, Florida.

5. At all times material hereto each individual Defendant was working and/or living in Monroe County Florida.

## COUNT I. BATTERY

*As against Defendant, WINN-DIXIE SUPERMARKETS, INC.*

6. Plaintiff hereby incorporates by reference each allegation as set forth in Paragraphs one (1) through five (5) as though fully set forth herein.

7. When Plaintiff was outside of the store, each of the individual Defendants, RONALD REYNOLDS, PHIL J. GUINTS, and STEVEN DAVID LUCKEN (hereinafter collectively referred to as "employees") repeatedly battered and struck Plaintiff upon his body in an offensive manner without his permission. Plaintiff was then duct taped to a hand rail outside of the store.

8. Such employees and agents were acting within the scope of their employment and/or as agents of Defendant, WINN-DIXIE SUPERMARKETS, INC.

9. As a direct and proximate cause of the actions of the named employees' battery upon the Plaintiff, he suffered damages including pain and suffering, physical injury, loss of enjoyment of life and emotional distress.

Wherefore, Plaintiff demands this Court enter judgment for Plaintiff and against the Defendant named in this Count for damages in an amount in excess of $15,000.00, the costs of this action, and any other relief this Court deems necessary and just.

## COUNT II. ASSAULT

*Jointly and severally as against Defendants, Reynolds, Guints, and Lucken*

10. Plaintiff hereby incorporates by reference each allegation as set forth in Paragraphs one (1) through five (5) as though fully set forth herein.

11. Immediately before being struck by the Defendants named in this Count, Plaintiff was in reasonable apprehension of an imminent battery.

12. Such apprehension was the intended result of the conduct of the Defendants named within this Count.

13. As a direct and proximate result of the aforementioned conduct of the "employees" Plaintiff suffered severe emotional distress.

Wherefore, Plaintiff demands this Court enter judgment for Plaintiff and jointly and severally against the Defendants named within this Count for damages in an amount in excess of $15,000.00, the costs of this action, and any other relief this Court deems necessary and just.

## COUNT III. ASSAULT

*As against Defendant WINN-DIXIE SUPERMARKETS, INC.*

14. Plaintiff hereby incorporates by reference each allegation as set forth in Paragraph one (1) through five (5) as though fully set forth herein.

15. At the time Plaintiff was placed in reasonable apprehension of an imminent battery by the Defendants named in Count III, each of such Defendants were employees and agents of Defendant, WINN-DIXIE SUPERMARKETS, INC.

16. Such employees and/or agents were acting within the scope of their employment and of their agency relationship with Defendant, WINN-DIXIE SUPERMARKETS, INC.

17. As a direct and proximate cause of this assault Plaintiff suffered damages including

severe emotional distress.

Wherefore, Plaintiff demands this Court enter judgment for Plaintiff and jointly and severally against the Defendants named within this Count for damages in an amount in excess of $15,000.00, the costs of this action, and any other relief this Court deems necessary and just.

## COUNT IV. FALSE IMPRISONMENT

*Jointly and severally as against Defendant, Reynolds, Guints, and Lucken*

18. Plaintiff hereby incorporates by reference each allegation as set forth in Paragraphs one (1) through five (5) as though fully set forth herein.

19. Throughout the entire time during which the Defendants were striking Plaintiff and placing him in reasonable apprehension of an imminent battery, the Defendants named in this Count unlawfully detained Plaintiff by duct taping him to a hand rail in front of the store.

20. That Plaintiff was detained, had no reasonable means of escape, and that he was aware of his predicament was the intended result of the conduct of the Defendants named in this Count.

Wherefore, Plaintiff demands this Court enter judgment for Plaintiff and against the Defendants named in this Count for damages in an amount in excess of $15,000.00, the costs of this action, and any other relief this Court deems necessary and just.

## COUNT V. FALSE IMPRISONMENT

*As against Defendant, WINN-DIXIE SUPERMARKETS, INC. SUPERMARKETS, INC.*

Plaintiff hereby incorporates by reference each allegation as set forth in Paragraphs one (1) through five (5) as though fully set forth herein.

VERNIS & BOWLING OF THE FLORIDA KEYS, P.A.
PAGE 4 OF 7

21. At the time Plaintiff was detained by the Defendants named in Count IV, each of such Defendants were employees and agents of Defendant, WINN-DIXIE SUPERMARKETS, INC.

22. Such employees and/or agents were acting within the scope of their employment and of their agency relationship with Defendant, WINN-DIXIE SUPERMARKETS, INC.

Wherefore, Plaintiff demands this Court enter judgment for Plaintiff and against the Defendant named in this Count for damages in an amount in excess of $15,000.00, the costs of this action, and any other relief this Court deems necessary and just.

## COUNT VI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*Jointly and severally as against Defendants Reynolds, Guints, and Lucken*

Plaintiff hereby incorporates by reference each allegation as set forth in Paragraphs one (1) through five (5) as though fully set forth herein.

23. The conduct of the Defendants named in this Complaint (employees) amount to extreme and outrageous conduct.

24. As a direct and proximate result of this conduct, Plaintiff has suffered and continues to suffer severe emotional distress. This severe emotional distress suffered by Plaintiff was the intended result of the conduct of the Defendants named in this Complaint.

Wherefore, Plaintiff demands this Court enter judgment for Plaintiff and against the Defendants named within this Count for damages in an amount in excess of $15,000.00, the costs of this action, and any other relief this Court deems necessary and just.

## COUNT VII. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*As against Defendant WINN-DIXIE SUPERMARKETS, INC. SUPERMARKETS, INC.*

Plaintiff hereby incorporates each allegation as set forth in Paragraphs one (1) through five (5) as though fully set forth herein.

25. At the time Plaintiff was subjected to the intentional and extreme and outrageous conduct by the Defendants named in Count VII, each of such Defendants were employees and agents of Defendant, WINN-DIXIE SUPERMARKETS, INC.

26. Such employees and agents were acting within the scope of their employment and of their agency relationship with Defendant, WINN-DIXIE SUPERMARKETS, INC.

Wherefore, Plaintiff demands this Court enter judgment for Plaintiff and against the Defendant named in this Count for damages in excess of $15,000.00, the costs of this action, and any other relief this Court deems necessary and just.

## COUNT IX - NEGLIGENT HIRING/RETENTION

Plaintiff hereby incorporates each allegation as set forth in Paragraphs one (1) through five (5) as though fully set forth herein.

27. Defendant, WINN-DIXIE, had a duty to use reasonable care in the hiring and retention of its employees.

28. Defendant, WINN-DIXIE, breached that duty by failing to perform an adequate background investigation and/or failing to adequately monitor and review the conduct of its employees.

29. As a direct and proximate result of WINN-DIXIE's aforementioned breach, Plaintiff was assaulted, battered, unlawfully confined, and subjected to severe emotional distress.

30. Plaintiff has suffered damages including physical injury, loss of his freedom (he was duct taped to a guard rail), emotional distress, and mental anguish.

**WHERERFORE**, Defendant hereby respectfully demands entry of a Judgement against WINN-DIXIE for damages, the costs of this litigation and whatever further and additional relief the Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

Vernis & Bowling of the Florida Keys, P.A.
Attorneys for Plaintiff
81990 Overseas Highway
Islamorada, Florida 33036-0529
Tel: (305) 664-4675
Fax: (305) 664-5414

By _____
Rob T. Cook, Esquire
Florida Bar No: 0542911

F:\Client Files\Lo Dulce\complaint\amended LoDulceComplaint Rev.wpd