**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

### LCH OPPORTUNITIES, LLC'S MOTION FOR ALLOWANCE OF CLAIM UNDER BANKRUPTCY RULE 3018

LCH Opportunities, LLC ("LCH"), by its attorneys DLA Piper US LLP, submits this motion for allowance of claim pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Motion"), and respectfully states as follows:

**Background**

1. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc., et al (the "Debtors") filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases are currently being jointly administered for procedural purposes only.

2. On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Official Committee") to serve in these cases.

3. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

**The Debtors' Plan and Substantive Consolidation Compromise**

4. On June 29, 2006, the Debtors filed a joint plan of reorganization (as subsequently revised and refiled on August 1, 2006, the "Plan") and related disclosure statement (as subsequently revised and refiled on August 1, 2006, the "Disclosure Statement").

5. On August 4, 2006, the Court entered an order approving the Disclosure Statement.

6. The Plan purportedly embodies a compromise and settlement of intercreditor issues relating to whether the Debtors should be substantively consolidated for purposes of distribution. Plan ¶ 2.1.

7. The Plan separates unsecured claims against the Debtors into five classes –Noteholder Claims, Landlord Claims, Vendor/Supplier Claims, Retirement Plan claims, and Other Unsecured Claims—based on the Debtors' perception of the strength of their arguments based on substantive consolidation issues.[1] Class 13 consists of Landlord Claims. Landlord Claims are defined as

> Any Unsecured Claim in an amount greater than $3,000 for obligations owed by any of the Debtors as lessee or guarantor under a nonresidential real property lease or guaranty of a nonresidential real property lease agreement. The term includes Unsecured Claims for damages arising from the rejection of a nonresidential real property lease.

Plan ¶ 1.47.

---

[1] Terms not defined herein shall have the meaning ascribed to such term in the Plan.

**The 440 Group Claim**

8.  LCH is the holder of numerous claims against the Debtors. The claim held by LCH that is subject to this Motion is the claim initially filed by 440 Group, Ltd. ("440 Group") in the amount of $217,500 (the "440 Group Claim").

9.  On or about July 19, 2005, 440 Group filed the 440 Group Claim. On or about May 25, 2006, the 440 Group Claim was assigned to LCH. A copy of the 440 Group Claim and notice of transfer related thereto is attached hereto as Exhibit A.

10. The 440 Group Claim arises from a lease between Winn-Dixie Montgomery, Inc., as tenant, and 440 Group as landlord (the "440 Lease"). The 440 Lease was guaranteed by Winn Dixie-Stores, Inc. 440 Group and Winn-Dixie Montgomery, Inc. terminated the 440 Lease pursuant to a Lease Termination Agreement (the "440 Termination Agreement"). Under the 440 Termination Agreement, Winn-Dixie Montgomery, Inc. became obligated to 440 Group in the amount of $217,750.00, and the Winn-Dixie Stores, Inc. guaranty was terminated. The 440 Group Claim represents the amounts due and owing to 440 Group under the 440 Termination Agreement.

11. The Debtors objected to the 440 Group Claim on the basis that it should be reduced from $217,500 to $183,169. The Debtors argued that the 440 Group's damages are limited by section 502(b)(6) of the Bankruptcy Code. 440 Group filed a response to the Debtors' objection, which objection is still pending. LCH received a ballot that proposes to classify the 440 Group Claim as a Class 13 claim (the "440 Group Ballot") in the reduced amount of $183,168.80. A copy of the 440 Group Ballot is attached hereto as Exhibit B.

12. LCH respectfully submits that the 440 Group Claim was correctly classified as a Landlord Claim but it should authorized to vote the full amount of such claim. As

such, LCH requests allowance of the 440 Group Claim in full as a Class 13 Claim, pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure.

## Bankruptcy Rule 3018

13. Rule 3018 of the Federal Rules of Bankruptcy Procedure provides, "[n]otwithstanding objection to claim . . . the court after notice and hearing may temporarily allow the claim . . . in an amount which the court deems proper for the purpose of accepting or rejecting the plan." Fed. R. Bankr. P. 3018(a). Temporary allowance of a claim for voting purposes under Rule 3018(a) "is committed to [the] Court's reasonable discretion." In re Hydrox Chemical Co., 194 B.R. 617, 623 (Bankr. N.D. Ill. 1996); In re Trident Shipworks, Inc., 247 B.R. 513, 514 (Bankr. M.D. Fla. 2000) (court has discretion to determine appropriate method for estimation, and such estimation may be used for purpose of voting on a plan of reorganization). The exercise of this discretion requires the bankruptcy court to use whatever method is best suited to the contingencies in a particular case. See, e.g., Hydrox Chemical Co., 194 B.R. at 623 (holding, based on claimant's ability to present a strong evidentiary case, that the claim had a two-thirds probability of success).

## The 440 Group Claim Is Not Subject to the Section 502(b)(6) Cap

14. In the present case, the Debtors correctly classified the 440 Group Claim as a Landlord Claim, but they assert it is subject to the cap imposed by section 502(b)(6) of the Bankruptcy Code. As set forth above, the Plan provides that Landlord Claims include (but do not consist of) claims for damages for rejection of non-residential real property leases. The Debtors are attempting to apply the cap imposed under section 502(b)(6) of the Bankruptcy Code

to all Landlord Claims, even those that do not arise from the rejection of non-residential real property leases.

15. Section 502(b)(6) imposes a statutory cap on a claim if it is a "claim of a lessor for damages resulting from the termination of a lease of real property." See 11 U.S.C. § 502(b)(6). The cap imposed by Section 502(b)(6) is based upon a calculation of the "rent reserved" by the lease. See 11 U.S.C. § 502(b)(6).[2]

16. In the present case, the 440 Group Claim is not subject to the cap imposed by section 502(b)(6) of the Bankruptcy Code because it does not arise from damages from the termination of the lease of real property. Instead, the 440 Group Claim arises from the rejection of the 440 Termination Agreement.[3] Since the 440 Termination Agreement is not a lease of real property, section 502(b)(6) does not apply.

17. Indeed, the 440 Termination Agreement does not provide for rentals owing to 440 Group, so application of the cap imposed by section 502(b)(6) (which is based upon rent reserved) would be illogical. The 440 Termination Agreement provides that "Tenant shall not be obligated to pay minimum guaranteed rental (or any additional rental or other

---

[2] Under section 502(b)(6), a lessor's claims for damages resulting from the termination of a lease of real property may not exceed

    (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of-

        (i) the date of the filing of the petition; and

        (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus

    (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates.

11 U.S.C. § 502(b)(6).

[3] Paragraph 7.1 of the Plan generally rejects executory contracts of the Debtors that have not been assumed.

y

b

charges under the Lease. Instead, Tenant will pay to Landlord, … $217,750.00 [payable] in thirteen (13) monthly installments of $16,750.00 each ….." Since there is no "rent reserved" under the 440 Termination Agreement, the 440 Group Claim is not subject to section 502(b)(6) of the Bankruptcy Code.

18. In addition, in the present case, the purpose of section 502(b)(6) is not furthered by applying that section to the 440 Group Claim. The purpose of section 502(b)(6) is as follows:

> It is designed to compensate the landlord for his loss while not permitting a claim so large (based on a long-term lease) as to prevent other general unsecured creditors from recovering a dividend from the estate. The damages a landlord may assert from termination of a lease are limited to the rent reserved for the greater of one year or ten percent of the remaining lease term, not to exceed three years, after the earlier of the date of the filing of the petition and the date of surrender or repossession. The sliding scale formula is new, is designed to protect the long-term lessor, and is included as a replacement of the dual provisions in current law of a three-year test for reorganization cases and a one-year test for liquidation cases.

11 U.S.C. § 502(b)(6) (Lexis Nexis 2005) (legislative history for section 502). The 440 Group Claim is not a claim based on a long-term lease that is large enough to prevent other creditors from recovering a dividend from the estate. The 440 Group Claim is itself already a compromise of the Debtors' lease obligations. Thus, none of the policies against allowance of a landlord's claim in full are present. LCH respectfully requests entry of an order determining that the 440 Group Claim is allowed in full, and LCH is authorized to vote the full amount of such claim.

19. No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, for the reasons set forth herein, LCH requests that the Court (a) enter an order determining that (i) the 440 group Claim is not subject to the cap imposed by section 502(b)(6) of the Bankruptcy Code and (ii) LCH may vote the full amount of the 440 Group Claim, and (b) grant such other relief as is just and proper.

Dated: New York, New York
September 18, 2006

        DLA PIPER US LLP

        By: /s/        Thomas R. Califano
            Thomas R. Califano
            Vincent J. Roldan
        1251 Avenue of the Americas
        New York, NY 10020-1104
        Telephone:  (212) 835-6190
        Facsimile:  (212) 835-6001

        - and -

        By:   /s/   Philip V. Martino
            Philip V. Martino
        Florida Bar Number 079189
        101 East Kennedy Boulevard, Suite 2000
        Tampa, FL 33602-5149
        Telephone:  (813) 229-2111
        Facsimile:  (813) 229-1447

        Attorneys for LCH Opportunities, LLC