# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA - JACKSONVILLE DIVISION

In re: WINN-DIXIE STORES, INC., ET AL.

Case No.: 05-03817-3F1

Docket No.: 7657

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

| | |
|---|---|
| 440 GROUP, LTD | LCH OPPORTUNITIES LLC |
| Name of Transferor | Name of Transferee |
| 440 GROUP, LTD<br>ATTN GENE WILLIAMS, MNG PRTNR<br>PO BOX 578<br>KILLEEN TX 76540-0578 | LCH OPPORTUNITIES LLC<br>ATTN JOSEPH M O'CONNOR<br>315 PARK AVE S 20TH FLR<br>NEW YORK NY 10010 |
| Phone:<br>Account No.: 1001 | Phone: 212 460 1966<br>Account No.: 452118 |
| 44 GROUP LTD<br>C/O LAW OFFICES JAMES O CURE<br>ATTN: JAMES O CURE, ESQ<br>2584 BLUE MEADOW DRIVE<br>TEMPLE TX 76502 | |
| Phone:<br>Account No.: 452140 | |
| Claim No.: 6808<br>Date Claim Filed: 07/19/2005 | Full Transfer: (X)   Partial Transfer:<br>Transfer Amount: $217,500.00 |

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed.R.Bankr.P., of the transfer, other than for security, of the claim referenced in this notice.

*Penalty for making a false statement:* fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

### DEADLINE TO OBJECT TO TRANSFER

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: 05/23/2006

/s/ Logan & Company, Inc.

Logan & Company, Inc., as Agent

If you have any questions regarding this notice, you may contact Logan & Company, Inc., Claims and Noticing Agent for the debtors at telephone: (973) 509-3190, fax number (973) 509-3191.

---

FOR CLAIMS AGENT USE ONLY:

This notice was mailed to the above named parties via first class mail, postage prepaid, on May 23, 2006.

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

In Re
**Winn Dixie Stores, Inc., et al**
Debtors

**PROOF OF CLAIM**
Case No 05-03817-3F1 Jointly Administered

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case A "request" for payment of an administrative expense may be filed pursuant to 11 U S C §503

___Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

___Check box if you have never received any notices from the bankruptcy court in this case

___Check box if the address differs from the address on the envelope sent to you by the court

Name of Creditor *(the person or other entity to whom the debtor owes money or property)* Name and Address Where Payments should be Sent

1001   WDX-1001-B2-RJ
440 Group, Ltd
Attn Gene Williams
P O Box 578
Killeen, Texas 76540

Telephone No _____

**1. Basis of Claim:**

___Goods Sold
___Services Performed
___Money Loaned
___Personal injury - wrongful death
___Taxes
_X_ Other (describe briefly)
    Lease Termination Agreement

___Retiree benefits as defined in U S C §1114(a)
___Wages, salaries and compensation (fill out below)
   Your Social Security Number
   Unpaid compensation for services performed
   from (date) ____ to (date) _____

Account or other number by which creditor identifies debtor

**2. Date debt was incurred:** 09/10/97

**3. If court judgment, date obtained:**

Check here if this claim ___replaces ___amends a previously filed claim, dated _____

DEBTOR WINN - DIXIE STORES, INC
U S BANKRUPTCY COURT M D -FLORIDA
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11

**CLAIM NO.: 6808**

**4. Total Amount of Claim at Time Case Filed:**   $ 217,500 00

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below
___Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

**5. Secured Claim**

___Check this box if your claim is secured by collateral (including a right of setoff)
Brief Description of Collateral

___Real Estate   ___Motor Vehicle
___Other _____

Value of Collateral $_____

Amount of Arrearage and other charges *at time case filed* included in secured claim, if any
$_____

**6. Unsecured Priority Claim**

___Check this box if you have an unsecured priority claim
Amount entitled to priority $_____

Specify the priority of the claim
___ Wages, salaries, or commissions (up to $4,000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier) - 11 U S C §507(a)(3)
___ Contributions to an employee benefit plan - U S C §507(a)(4)
___ Up to $1 800 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U S C §507(a)(6)
___ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U S C §507(a)(8)
___ Taxes or penalties of governmental units - 11 U S C §507(a)(8)
___ Other - Specify applicable paragraph of 11 U S C §§507(a)(___)

*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

7. **CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

8. **SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain If the documents are voluminous, attach a summary.

9. **DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

DATE: July 15, 2005

JAMES O. CURE
Attorney for 440 Group, Ltd.
2584 Blue Meadow Drive
Temple, TX 76502
254/778-8934
254/773-2477 FAX
State Bar Card No. 05252800

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Proof of Claim was mailed by First Class U.S Mail, postage prepaid on the __15th__ day of July, 2005, upon the following persons:

D. J. Baker, Sally McDonald Henry
& Rosalie W. Gray
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

Stephen D Busey, James H. Post & Cynthia C. Jackson
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

440 Group, Ltd.
Attn: Gene Williams
P.O Box 578
Killeen, TX 76540

Respectfully submitted,

JAMES O. CURE
Attorney for 440 Group, Ltd.
3000 S. 31st Street, Suite 505
Temple, TX 76502
254/778-8934
254/773-2477 FAX
State Bar Card No. 05252800

This Instrument was prepared by
Donald E Smith, Attorney-at-Law
whose address is P O Box B
Jacksonville, Florida 32203

(Reserved for Clerk)

## MEMORANDUM OF LEASE TERMINATION AGREEMENT

THIS MEMORANDUM OF LEASE TERMINATION AGREEMENT ("Agreement") is made as of ___January 24___, 200_5_ by and between **440 GROUP, LTD.**, a Texas limited partnership (together with its successors and assigns, "Landlord") and **WINN-DIXIE MONTGOMERY, INC.**, a Florida corporation (together with its successors and assigns, "Tenant")

### RECITALS:

1. Tenant and Landlord are the current parties to a lease dated December 1, 1992 by and between Texvestco, a Texas general partnership (as Landlord) and Winn-Dixie Texas, Inc, a Florida corporation (as Tenant) as amended and/or evidenced by: (i) First Amendment to Lease dated January 21, 1994, (ii) Second Amendment to Lease dated September 10, 1997; and (iii) Letter Agreement dated September 10, 1997 (the "Lease"), pursuant to which Tenant rented and occupied certain real property and improvements known as Winn-Dixie Store #2462, located in a shopping center known as 440 Plaza Shopping Center, Killeen, Bell County, Texas, and being more particularly described in the Lease (the "Premises")

2. A Short Form Lease has been recorded at Official Record Volume 2921, Page 5 of the public records of Bell County, Texas (the "Short Form").

3. Pursuant to the guaranty dated December 1, 1992 (the "Guaranty"), Winn-Dixie Stores, Inc ("Guarantor") guaranteed certain obligations of Tenant under the Lease.

4. Tenant has requested and Landlord has agreed to terminate the Lease and Guaranty as of the Release Date and prior to the Scheduled Expiration Date upon the terms and conditions stated in that certain Lease Termination Agreement between Landlord and Tenant of even date herewith

5. Tenant and Landlord desire to memorialize the termination of the Lease and remove the Short Form of record

NOW THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant agree, represent, and/or warrant, as applicable, as follows

1. The leasehold estate held by Tenant is terminated as of January 31, 2005 (the "Release Date")

2. On the Release Date, Tenant tendered to Landlord, and Landlord accepted from Tenant, the Premises in broom clean condition but otherwise "as is"

O \transfer\FTW\2462NOL\Mem Lease Term w-Guaranty v 2 12-30-04 doc

VL5555 0374

3. Landlord and Tenant release and discharge each other and the Guarantor, including their respective subsidiaries, affiliates, officers, directors, agents, and employees from all obligations and liabilities, whether known or unknown, foreseen or unforeseen, under or in connection with the Lease or Tenant's use or occupancy of the Premises or with the Guaranty

4. Landlord and Tenant direct that this Agreement be recorded in the public records of Bell County, Texas to terminate the Short Form of record

**IN WITNESS WHEREOF**, Landlord and Tenant have executed this Agreement as of the date first above written

Signed, sealed and delivered
in the presence of

Print Name _Tiffany English_

Print Name _____

440 GROUP, LTD,
 a Texas limited partnership

By  440 GROUP MANAGEMENT, LC
Its  General Partner

By _____
Printed Name  Ronnie Gene Williams
Its: Manager

Print Name  CLAIRE M. COVERDELL

Print Name _Rebecca L. Dawson_

WINN-DIXIE MONTGOMERY, INC.,
 a Florida corporation

By _____
Printed Name.  Bennett L. Nussbaum
Its  VICE PRESIDENT

O:\transfer\FTW\2462NOL\Mem Lease Term w-Guaranty v 2 12-30-04 doc

2

STATE OF __TEXAS__ )
COUNTY OF __BELL__ )

The foregoing instrument was acknowledged before me this __January 5__, 200__5__, by __Ronnie Gene Williams__, as __Manager__ of 440 GROUP MANAGEMENT, LC, general partner of 440 GROUP, LTD, a Texas limited partnership, who [PLEASE CHECK ONE] __✓__ is personally known to me or _____ has produced _____ as identification

_____
Printed Name. __Mary E. Sutter__
Notary Public, State and County aforesaid.
My Commission Expires: __4-1-05__
Notary ID No _____
(NOTARIAL SEAL)

[Seal: Mary E. Sutter, Notary Public, STATE OF TEXAS, My Comm. Exp. 04/01/2005]

STATE OF FLORIDA )
COUNTY OF DUVAL )

The foregoing instrument was acknowledged before me this __January 24__, 200__5__, by __Bennett L. Nussbaum__, as __VICE PRESIDENT__ of WINN-DIXIE MONTGOMERY, INC., a Florida corporation, on behalf of the corporation, who is personally known to me

_____
Printed Name. __CLAIRE M. COVERDELL__
Notary Public, State and County aforesaid
My Commission Expires. _____
Notary ID No _____
(NOTARIAL SEAL)

O:\transfer\FTW\2462NOL\Mem Lease Term w-Guaranty v 2 12-30-04.doc                    3

Jul 12 05 02:54p                                                                                              p.5

**This Page Left Intentionally Blank**

O:\transfer\FTW\2462NOL\Mem Lease Term w-Guaranty v 2 12-30 04.doc

4

## LEASE TERMINATION AGREEMENT

THIS LEASE TERMINATION AGREEMENT ("Agreement") is made as of January _____, 2005, by and between 440 GROUP, LTD., a Texas limited partnership (together with its successors and assigns, "Landlord") and WINN-DIXIE LOUISIANA, INC., a Florida corporation, as successor by merger to WINN-DIXIE TEXAS, INC.(together with its successors and assigns, "Tenant").

### RECITALS:

1.  Tenant and Landlord are the current parties to a lease dated December 1, 1992 by and between Texvestco, a Texas general partnership (as Landlord) and Winn-Dixie Texas, Inc., a Florida corporation (as Tenant), as amended and/or evidenced by (i) First Amendment to Lease dated January 21, 1994, (ii) Second Amendment to Lease dated September 10, 1997; and (iii) Letter Agreement dated September 10, 1997 (the "Lease"), pursuant to which Tenant rented and occupied certain real property and improvements known as Winn-Dixie Store #2462, located in a shopping center known as 440 Plaza Shopping Center, Killeen, Bell County, Texas, and being more particularly described in the Lease (the "Premises").

2.  A Short Form Lease has been recorded at Official Record Volume 2921, Page 5 of the public records of Bell County, Texas (the "Short Form").

3.  Pursuant to a guaranty dated December 9, 1992 (the "Guaranty"), Winn-Dixie Stores, Inc ("Guarantor") guaranteed certain obligations of Tenant under the Lease.

4.  The term of the Lease is scheduled to expire on August 31, 2008 (the "Scheduled Expiration Date").

5.  Tenant has requested and Landlord has agreed to terminate the Lease and Guaranty as of January 31, 2005 (the "Release Date") and prior to the Scheduled Expiration Date upon the terms and conditions stated herein.

NOW THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant agree, represent, and/or warrant, as applicable, as follows:

1.  The foregoing recitals are true and correct and incorporated herein by reference.

2.  On the Release Date, Tenant tendered or shall tender to Landlord, and Landlord accepted or shall accept from Tenant, the Premises "as is."

3.  Beginning on the Release Date, Tenant shall not be obligated to pay minimum guaranteed rental (or any additional rental or other charges under the Lease). Instead, Tenant will pay to Landlord, or Landlord's designee, $217,750.00 (the "Termination Payment"). The Termination Payment shall be paid in thirteen (13) monthly installments of $16,750.00 each, which installments shall be due and payable on the first day of each month, beginning February 1, 2005. Upon Landlord's receipt of the full Termination Payment, Tenant shall be released from any and all obligations relating to payments under this Agreement.

4.  As of the Release Date, the Lease and Guaranty are or shall be terminated, and Landlord and Tenant hereby release and discharge each other, including their respective subsidiaries, affiliates, officers, directors, agents, and employees and specifically including Guarantor as of such Release Date from all obligations and liabilities, whether known or unknown, foreseen or unforeseen, under or in connection with the Lease or Tenant's use or occupancy of the Premises, the condition of the Premises and with the Guaranty.

5.  Landlord represents and warrants to Tenant it is the owner and holder of title to the Premises,

that it, and the person signing on behalf of it, has the power and the lawful authority to execute and deliver this Agreement, and that no consent, authorization, approval, or notice to any other party is necessary in connection with the execution and delivery of this Agreement by Landlord or its representative, or as a prerequisite to its enforceability against Landlord except for the consent of Extraco Banks, N.A., ("Landlord's Mortgagee").

6.  Tenant remises, releases, quitclaims, and surrenders to Landlord, its successors and assigns, forever, the Lease and all rights of Tenant in and to the Premises, however acquired, together with all of its right and interest (and Title, if any) in and to any and all improvements, furniture, personal property, equipment and fixtures on the Premises as of the Release Date, and all of the estate and rights of Tenant in and to the Lease. Tenant agrees that Landlord shall have the right to re enter upon the Premises as of the Release Date, as fully as it would or could have done if that were the date provided for the expiration or termination of the Lease

7.  Tenant warrants to Landlord that:

    (a) It is the legal and equitable owner of the lessee's interest in the Lease with full power and authority to terminate same

    (b) The Lease is not and has not been assigned or transferred and is not and has not been hypothecated, pledged, mortgaged or in any way encumbered.

    (c) All subleases, concessions and other rights of use and occupancy of the Premises, insurance policies, and maintenance and service contracts have been legally terminated and all charges thereunder paid in full, and Tenant has no knowledge of any causes of action against Landlord existing as of the Release Date in any party to a sublease, concession, agreement for use, or occupancy or insurance policy or maintenance or service contract, based on inducing the breach of a contract with respect to same

    (d) All charges for utility service (gas, water, electricity, etc.) have been paid in full, except those charges approved by Landlord and prorated to the Release Date

    (e) There are no outstanding contracts for the supply of labor or materials as of the Release Date, and no work has been done or is being done nor have materials been delivered in, about or to Premises which have or have not been fully paid for, for which a mechanic's lien could be asserted and/or foreclosed under the lien laws of the state in which the Premises are located

    (f) All taxes, charges, assessments, levies or impositions required by the Lease to be paid by Tenant under the Lease have been paid in full, except those charges approved by Landlord and prorated to the Release Date

8.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which when considered together shall be deemed one instrument.

9.  This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10. Neither Landlord nor Tenant shall record this Agreement but each of Landlord and Tenant shall direct that a memorandum of this Agreement be recorded in the public records of Bell County, Texas to evidence termination of the Lease and Guaranty of record.

01/07/2005  16:14  2545265656  ROBERTS LAW  PAGE  03

IN WITNESS WHEREOF, Landlord and Tenant have executed this Agreement as of the date first above written.

Signed, sealed and delivered
in the presence of:

_Reginal Shaw_
Print Name: Reginal Shaw

_Tate (Mancando)_
Print Name: Tatra Adavidus

440 GROUP, LTD.,
a Texas limited partnership
by 440 Group Management, LC, its general partner

By: _Williams_
Printed Name: Ronnie Gene Williams
Its: Manager

_____
Print Name _____

_____
Print Name _____

WINN-DIXIE LOUISIANA, INC.,
a Florida corporation

By: _____
Printed Name: _____
Its: _____

STATE OF _TEXAS_ )
COUNTY OF _Bell_ )

The foregoing instrument was acknowledged before me this _JANUARY 7, 2005_, by _RONNIE Gene WILLIAMS_, as _MANAGER_ of 440 GROUP, LTD., a Texas limited partnership, who [PLEASE CHECK ONE] _✓_ is personally known to me or _____ has produced _____ as identification.

_[signature]_
Printed Name: _GARY D. SAINT_
Notary Public, State and County aforesaid.
My Commission Expires: _11-25-08_
Notary ID No.: _0#1234478-0_
(NOTARIAL SEAL)

STATE OF FLORIDA )
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this _____, 200__, by _____ as _____ of WINN-DIXIE LOUISIANA, INC., a Florida corporation, on behalf of the corporation, who is personally known to me

Printed Name: _____
Notary Public, State and County aforesaid.
My Commission Expires _____
Notary ID No: _____
(NOTARIAL SEAL)

## CONSENT

The undersigned, the owner and holder of a mortgage upon the Premises, hereby consents to the terms and conditions of this Agreement.

EXTRACO BANKS, N.A.

Cleneth D. Young - SVP/Market Executive
Print Name  Cleneth G. Young

Extraco Bank.
By: Cleneth B. Young    SVP/Market Executive
Print Name. _____    Printed Name: _____
                                Its. _____

STATE OF Texas    )
COUNTY OF Bell   )

The foregoing instrument was acknowledged before me this January 7, 2005, by Cleneth Gary Young, as Market Executive of EXTRACO BANKS, N.A., on behalf of the _____ who [PLEASE CHECK ONE] ✓ is personally known to me or ___ has produced _____ as identification.

Shatilya T. Brooks
Shatilya T. Brooks
Printed Name: _____
Notary Public, State and County aforesaid.
My Commission Expires 10/25/2008
Notary ID No 12508969-7
(NOTARIAL SEAL)

SHATILYA T. BROOKS
Notary Public - State of Texas
Commission Expires: 10/25/08

This Instrument was prepared by
Donald E. Smith, Attorney-at-Law
whose address is P O Box 8
Jacksonville, Florida 32203

(Reserved for Clerk)

## MEMORANDUM OF LEASE TERMINATION AGREEMENT

THIS MEMORANDUM OF LEASE TERMINATION AGREEMENT ("Agreement") is made as of _____, 200__ by and between 440 GROUP, LTD., a Texas limited partnership (together with its successors and assigns, "Landlord") and WINN-DIXIE LOUISIANA, INC., a Florida corporation (together with its successors and assigns, "Tenant").

### RECITALS:

1. Tenant and Landlord are the current parties to a lease dated December 1, 1992 by and between Texvestco, a Texas general partnership (as Landlord) and Winn-Dixie Texas, Inc., a Florida corporation (as Tenant) as amended and/or evidenced by: (i) First Amendment to Lease dated January 21, 1994; (ii) Second Amendment to Lease dated September 10, 1997; and (iii) Letter Agreement dated September 10, 1997 (the "Lease"), pursuant to which Tenant rented and occupied certain real property and improvements known as Winn-Dixie Store #2462, located in a shopping center known as 440 Plaza Shopping Center, Killeen, Bell County, Texas, and being more particularly described in the Lease (the "Premises").

2. A Short Form Lease has been recorded at Official Record Volume 2921, Page 5 of the public records of Bell County, Texas (the "Short Form").

3. Pursuant to the guaranty dated December 1, 1992 (the "Guaranty"), Winn-Dixie Stores, Inc. ("Guarantor") guaranteed certain obligations of Tenant under the Lease.

4. Tenant has requested and Landlord has agreed to terminate the Lease and Guaranty as of the Release Date and prior to the Scheduled Expiration Date upon the terms and conditions stated in that certain Lease Termination Agreement between Landlord and Tenant of even date herewith.

5. Tenant and Landlord desire to memorialize the termination of the Lease and remove the Short Form of record.

NOW THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant agree, represent, and/or warrant, as applicable, as follows:

1. The leasehold estate held by Tenant is terminated as of January 31, 2006 (the "Release Date").

2. On the Release Date, Tenant tendered to Landlord, and Landlord accepted from Tenant, the Premises in broom clean condition but otherwise "as is."

3. Landlord and Tenant release and discharge each other and the Guarantor, including their respective subsidiaries, affiliates, officers, directors, agents, and employees from all obligations and liabilities, whether known or unknown, foreseen or unforeseen, under or in connection with the Lease or Tenant's use or occupancy of the Premises or with the Guaranty

4. Landlord and Tenant direct that this Agreement be recorded in the public records of Bell County, Texas to terminate the Short Form of record.

IN WITNESS WHEREOF, Landlord and Tenant have executed this Agreement as of the date first above written.

Signed, sealed and delivered
in the presence of.

Print Name _Reginal Shaw_

Print Name _Jane Adamadus Chipman_

440 GROUP, LTD.,
  a Texas limited partnership
by 440 Group Management, LC, its general partner

By: _____
Printed Name _Ronnie Gabe Williams_
Its: Manager

Print Name _____

Print Name _____

WINN-DIXIE LOUISIANA, INC.,
a Florida corporation

By _____
  Printed Name _____
  Its: _____

Bulk Ju X.Users broberts Desktop Mem Lease Term w-Guaranty v 3 12-30-04

2

STATE OF _Texas_ )
COUNTY OF _Bell_ )

The foregoing instrument was acknowledged before me this _JANUARY 7_, 200_5_, by _RONNIE GENE WILLIAMS_, as ~~member of our group management, LLC, general partner~~ of 440 GROUP, INC., a Texas limited partnership, who [PLEASE CHECK ONE] _✓_ is personally known to me or _____ has produced _____ as identification.

_Gary D. Saint_ (signature)
Printed Name: _Gary D Saint_
Notary Public, State and County aforesaid.
My Commission Expires: _11/25/08_
Notary ID No.: _00 127498_
(NOTARIAL SEAL)

    Gary D Saint
    Notary Public, State of Texas
    My Commission Expires:
    November 25, 2008

STATE OF FLORIDA )
COUNTY OF DUVAL )

The foregoing instrument was acknowledged before me this _____, 200__, by _____ as _____ of WINN-DIXIE LOUISIANA, INC., a Florida corporation, on behalf of the corporation, who is personally known to me

Printed Name: _____
Notary Public, State and County aforesaid.
My Commission Expires: _____
Notary ID No.: _____
(NOTARIAL SEAL)

**This Page Left Intentionally Blank**

## JAMES O. CURE

ATTORNEY AND COUNSELOR AT LAW
1201 SOUTH W S YOUNG DRIVE
P O BOX 10309
KILLEEN, TEXAS 76547-0309
(254) 690-8839

**PLEASE REPLY TO**

BOARD CERTIFIED
CIVIL TRIAL LAW
CONSUMER BANKRUPTCY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

2584 Blue Meadow Drive
TEMPLE, TEXAS 76502
(254) 778-8934
FAX (254) 773-2477

July 15, 2005

Winn Dixie Claims Docketing Center
c/o Logan & Company, Inc.
546 Valley Road
Upper Montclair, NJ 07043

CERTIFIED MAIL
RETURN RECEIPT NO.
7001 1010 0000 3822 5413

Re:  Winn-Dixie Stores, Inc. et al.
Chapter 11 Case No. 05-03817-3F1
Jointly Administered
Our File No. 05-219

Greetings:

Enclosed please find the original and two copies of the proof of claim to be filed in the above-referenced matter on behalf of 440 Group, Ltd. Please return a file-stamped copy of the claim to this office in the enclosed self-addressed, stamped envelope.

If you have any questions concerning this matter, please contact this office.

Very Truly Yours,

James O. Cure

JOC:ka

Enclosure