**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | CASE NO. 05-03817-3F1 |
| | ) | |
| Debtors. | ) | CHAPTER 11 |
| | ) | JOINTLY ADMINISTERED |
| | ) | |

**MOTION FOR ORDER TEMPORARILY ALLOWING CLAIMS PURSUANT TO 11 U.S.C. § 1126 AND FEDERAL RULE OF <u>BANKRUPTCY PROCEDURE 3018(a)</u>**

TO THE HONORABLE, JERRY A. FUNK
UNITED STATES BANKRUPTCY JUDGE:

CWCapital Asset Management LLC ("CWCapital"), as successor-in-interest to CRIIMI MAE Services Limited Partnership, solely in its capacity as Special Servicer for the Trustees of various securitized mortgage trusts more fully described herein (collectively, the "Trusts"), by their undersigned attorneys, as creditors in these chapter 11 cases, hereby file this Motion (the "Motion") for an order temporarily allowing each Trust Claim (as defined below) for the limited purpose of voting on the proposed plan of reorganization in these chapter 11 cases (the "Plan") pursuant to § 1126 of chapter 11, title 11, United States Code (the "Bankruptcy Code") and Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

## FACTS

2. The Trusts are securitized mortgage trusts which have elected to be treated as a Real Estate Mortgage Investment Conduits under the Internal Revenue Code of 1986. The specific trusts involved in this Motion are listed in the attached Schedule A. CWCapital is the Special Servicer for each of the Trusts.

3. The Trusts each hold one or more mortgages on various parcels of real property which are the subject of leases (the "Leases"), to Winn-Dixie Stores, Inc. or a wholly-owned subsidiary thereof. The Trusts have filed the Trust Claims and made this Motion both in their capacity as the assignee of certain rights under the Leases.

4. Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 in the United States Bankruptcy Court for the Southern District of New York. The matter was subsequently transferred to this Court. The Debtors continue to operate their business as debtors-in-possession.

5. The Trusts timely filed numerous proof of claim forms in order to protect its rights under the Leases (the "Trust Claims"). The Debtors have since rejected of Leases (the "Rejected Leases). A list of the Rejected Leases is and their related claim numbers is attached hereto as Schedule A.

6. The Debtors are seeking to confirm their proposed plan of reorganization with a voting deadline of September 25, 2006. On August 4, 2006, this Court issued an Order (I) Determining Dates, Procedures and Forms Applicable to Solicitation Process, (II) Establishing Vote Tabulation Procedures, (III) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan, and (IV) Waiving Local Rules (the "Voting Order"). The Voting Order sets forth the procedures, <u>inter alia</u>, applying to motions seeking the temporary allowance of claims for voting purposes (the "Temporary Allowance Procedures"). By the Temporary Allowance Procedures, any "Rule 3018 Motion must be filed with the Court . . . no later than September 18, 2006 at 4:00 p.m. (Eastern Time). . . . Temporary Allowance Procedures, ¶ 10.

## BASIS FOR THE RELIEF REQUESTED

7. The Trust Claims relating to the Rejected Leases do not contain a specific claim amount because the Trust filed its proof of claim forms prior to the rejection of these Leases. Accordingly, the Trusts hereby respectfully requests that this Court allow the Trust Claims listed in Schedule A for voting purposes in the appropriate amount under § 502 of the Bankruptcy Code in accordance with the Temporary Allowance Procedures.

8. Bankruptcy Rule 3018(a) provides, in part, that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a). Section 502(c) of the Bankruptcy Code provides that there shall be estimated for purpose of allowance " . . . any contingent or unliquidated claim,

the fixing or liquidation of which would unduly delay the administration of the estate." 11 U.S.C. § 502(c)(1). "Neither the Code nor the Rules proscribe any method for estimating a claim, and it is therefore committed to the reasonable discretion of the court which should employ whatever method is best suited for the circumstances of the case." In re Ralph Womenswear, Inc., 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996) (citations omitted).

9. The circumstances of these cases justify the temporary allowance of the Trust Claims itemized on Schedule A for voting purposes under Bankruptcy Rule 3018(a). The disclosure statement with respect to the proposed plan of reorganization was approved, and solicitation of acceptances of the plan has begun. However, pursuant to § 1126 of the Bankruptcy Code, tabulation of votes on the plan requires consideration of the number and amount of allowed claims voted. See 11 U.S.C. § 1126(c).

10. The Trusts hereby seek a temporary allowance of the Trust Claims listed in Schedule A for the actual amounts owed from, inter alia, damages pursuant to § 502(b)(6) of the Bankruptcy Code arising from the Rejected Leases.[1] Temporarily allowing the Trust Claims solely for voting purposes will not prejudice any other claimants, and will enable the Debtors to accurately and appropriately tabulate votes on the Plan.

---

[1] The Trusts are unable to calculate the specific amounts owed under § 502(b)(6) because the Trusts are not in possession of the Rejected Leases.

## NOTICE

11.    Notice of this Motion has been provided to (i) the Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to the official committee of unsecured creditors; and (iv) Logan & Company, Inc., as voting agent, as required by the Voting Order.

**WHEREFORE**, the Trusts request entry of an order (i) allowing the Trust Claims solely for the limited purpose of voting on the Plan; and (ii) such other further relief as the Court deems just and proper.

**STUTSMAN THAMES & MARKEY, P.A.**

By    /s/ *Richard R. Thames*
         Richard R. Thames

Florida Bar Number 0718459
50 N. Laura Street, Suite 1600

Jacksonville, Florida 32202
(904) 358-4000 (Phone)
(904) 358-4001 (Facsimile)
e-mail: rthames@stmlaw.net

-and-

Gregory A. Cross, Esq.
Heather Deans Foley, Esq.
Venable LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7400 (Phone)
(410) 244-7742 (Facsimile)
e-mail: gacross@venable.com

Counsel for CWCapital Asset Management LLC

## Certificate of Service

I hereby certify on September __18__, 2006, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Adam Ravin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
aravin@skadden.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
patrick.pantangan@akerman.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

D.J. Baker, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
dbaker@skadden.com

                                                                      /s/ *Richard R. Thames*
                                                                              Attorney

60735

# EXHIBIT "A"

# Schedule A

| Portfolio Name | Store No. | Property Name | Property Address | City | State | Lease Status | Proof of Claim |
|---|---|---|---|---|---|---|---|
| **CMAC 1997-ML1 (Commercial Mortgage Acceptance Corp., Commercial Mortgage Pass-Through Certificates, Series 1997-ML1)** | | | | | | | |
| | 404 [1] | Russell Crossing Shopping Ctr | 2010 US Hwy. 280 | Phenix City | AL | Rejected 9/25/05 | Claim No. 10600 |
| | 594 [1] | 59 West Shopping Center | 710 Academy Drive | Bessemer | AL | Rejected 9/25/05 | Claim No. 10600 |
| | 573 [1] | Chicot Crossing Shopping Ctr | 3501 Denny Avenue | Pascagoula | MS | Rejected 9/25/05 | Claim No. 10600 |
| | 450 [1] | Opp Marketplace Shopping Ctr | 511 East Cummings Avenue | Opp | AL | Rejected 9/25/05 | Claim No. 10600 |
| **NASC 1998-D6 (Nomura Asset Securities Corporation, Commercial Mortgage Pass-Through Certificates, Series 1998-D6)** | | | | | | | |
| | 559 [1] | Crestview Shopping Center | 320 Highway 90 West | Crestview | FL | Rejected 5/19/05 | Claim No. 10604 & 10605 |
| **MCFI 1997-MC2 (Mortgage Capital Funding, Inc., Multifamily/Commercial Mortgage Pass-Through Certificates, Series 1997-MC2)** | | | | | | | |
| | 989 [1] | Timberlake Plaza Shopping Cent | 7701 Timberlake Road | Lynchburg | VA | Rejected 2/28/05 | Claim No. 10599 |
| | 423 [1] | Troy Marketplace Shopping Center | 1125 Franklin | Troy | AL | Rejected 9/25/05 | Claim No. 10599 |
| **MLMI/GE 1997-C2 (Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Series 1997-C2)** | | | | | | | |
| | 832 [1] | Brynn Marr Shopping Center | 106 Western Boulevard | Jacksonville | NC | Rejected 2/28/05 | Claim No. 10598 |
| **MLMI 1996-C2 (Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Series 1996-C2)** | | | | | | | |
| | 2663 [1] | Melbourne Village Plaza | 1270-39 Wickham Road | Melbourne | FL | Rejected 9/25/05 | Claim No. 10614 |
| **FULB 1997-C1 (First Union Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates Series 1997-C1)** | | | | | | | |
| | 1904 [2] | Oakwood Village Shopping Ctr | 200 Oakwood Avenue | Huntsville | AL | Rejected 9/25/05 | Claim No. 10603 |

| Portfolio Name | Store No. | Property Name | Property Address | City | State | Lease Status | Proof of Claim |
|---|---|---|---|---|---|---|---|
| **MLMI 1997-C1 (Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates Series 1997-C1)** | | | | | | | |
| | 2523 [1] | Harker Heights Shopping Center | 710 Edwards Drive | Harker Heights | TX | Rejected 2/28/05 | Claim No. 10597 & 10609 |
| | 2064 [1] | Holden Crossing | 3700 South Holden Road | Greensboro | NC | Rejected 2/28/05 | Claim No. 10608 |
| **ASC 1996 D3 (Asset Securitization Corporation, Commercial Mortgage Pass-Through Certificates, Series 1996 D3)** | | | | | | | |
| | 2416 [1] | Lake Grove Shopping Centre | 10121 Lake June Road | Dallas | TX | Rejected 2/28/05 | Claim No. 10610 & 10611 |

[1] The Trust seeks to liquidate the amount of the rejection damage claim for each of the respective properties for purposes of voting on the Debtors' Plan. The Trust is unaware as to whether the Landlord has filed a proof of claim or asserted the amount of rejection damages due and owing for each of these properties. To the extent that the Landlord has already asserted the claim and the amount has been allowed for purposes of voting on the Debtors' Plan, the Trust is not seeking the allowance of a duplicative vote.

[2] The Landlord filed Claim No. 11962 with respect to this property. That claim has been assigned to the Trust. The Trust seeks the temporary allowance of that claim in the amount of $363,312.11 for purposes of voting on the Debtors' Plan.