UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.     Case No.: 3:05-bk-03817-JAF

Debtor.

_____/

## MOTION FOR DETERMINATION OF PLAN CLASS

Creditor, ALLIANCE SHIPPERS, INC. ("Alliance Shippers"), by and through its undersigned counsel, files this Motion for Determination of Plan Class and in support thereof states as follows:

1. On August 9, 2006, Winn-Dixie filed its Plan of Reorganization (the "Plan"), which classifies unsecured creditors into separate classes based upon the nature of their unsecured claim. In particular, the Plan divides unsecured creditors into Class 14, the Vendor/Supplier claims, and Class 16, the other unsecured claims.

2. As defined in the Plan, a Vendor/Supplier claim is "any unsecured claim in an amount greater than $3,000 for goods, supplies, equipment, or non-employee services utilized by the Debtors in the operation of their business." Under the Plan, Class 14 creditors are scheduled to receive 46.2 shares of new common stock for each $1,000 of allowed claim.

3. Meanwhile, Class 16 is comprised of "other unsecured claims" and those creditors will receive 34.89 shares of new common stock for each $1,000 of allowed claim.

4. Alliance Shippers filed a Proof of Claim, No. 4032, dated June 10, 2005, in the amount of $17,133.86 (the "Claim"), which the Debtor has classified as a Class 16 claim. The Claim relates to the transportation and shipping of frozen food to and for the benefit of the

Debtor. In support of the Claim, Alliance Shippers attached an Order for Judgment by Default entered against Winn-Dixie Stores, Inc., for the amount sought.

5. The Alliance Claim should be reclassified as a Class 14 claim because it is an unsecured claim in an amount greater than $3,000 for non-employee services utilized by the Debtor in the operation of its business. The non-employee services included transportation and shipping services to or for the benefit of the Debtor. Specifically, Alliance Shippers delivered frozen food to the Debtor for use in its operations as a retailer of food and merchandise.

6. Alliance Shippers' Claim, which arises out of the delivery of food to the Debtor, clearly falls within the ambit of Vendor/Supplier claims. Accordingly, Alliance Shippers is entitled to have its Claim reclassified as a Class 14 claim.

WHEREFORE, Alliance Shippers respectfully requests that this Court reclassify its Claim as a Class 14 claim and grant any other relief that this Court deems appropriate.

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic transmission to Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202, John B. MacDonald, Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202, and United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, Fl 32801; and via United States mail to D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, Four Time Square, New York, NY 10036 and Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, 1 Chase Manhattan Plaza, New York, NY 10005 this 15th day of September, 2006.

**WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.**
390 North Orange Avenue, Suite 1500
Post Office Box 1391
Orlando, Florida 32802-1391
Attorneys for Alliance Shippers, Inc.
Telephone: (407) 423-4246
Fax: (407) 423-7014

By: _____
RYAN E. DAVIS
Florida Bar No. 0179851