UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**MOTION TO ESTIMATE AND ALLOW
SECURED TAX CLAIM FOR PLAN VOTING PURPOSES**

Harrison County, Mississippi, a creditor, moves the Court pursuant to Rule 3018(a), to estimate and temporarily allow its objected to tax claim for plan voting purposes, and in support of the motion states:

1. Movant is the holder of a prepetition secured tax claim against Winn-Dixie Stores, Inc. ("Winn-Dixie").

2. Winn-Dixie has proposed a plan of reorganization which proposes to pay secured tax claims over six years with 6% interest. Movant opposes the proposed treatment of its claim.

3. Pursuant to the Court's order of August 4, 2006 (the "Voting Procedures Order"), any party holding a disputed claim is ineligible to vote on the proposed plan of reorganization unless and until the claim is allowed or estimated pursuant Rule 3018(a), Federal Rules of Bankruptcy Procedure. Pursuant to the Voting Procedures Order, creditors who did not file a proof of claim but whose claims are listed on Winn-Dixie's schedules as being disputed, contingent or unliquidated are considered disputed claims for plan voting

purposes.

4. Movant did not file a proof of claim in this case. It is uncertain whether Movant is listed as a creditor in Winn-Dixie's schedules. Pursuant to the Voting Procedure Order, therefore, it is necessary that its claims be estimated for voting purposes.

5. Bankruptcy Rule 3018(a) provides in relevant part that "the court after notice and hearing may temporarily allow the claim or interest in an mount which the court deems proper for the purpose of accepting or rejecting a plan." The manner in which such claim is allowed for voting purposes is left to the sound discretion of the Court. *In re Hydrox Chemical Co.*, 194 B.R. 617, 623 (Bankr. N.D. Ill. 1996)("Neither the Code nor the Rules prescribe any method for estimating a claim, and it is therefore committed to the reasonable discretion of the court"). The Court should therefore employ whatever method is best suited for the circumstances of the case. *In re Thomson McKinnon Securities, Inc.*, 191 B.R. 976, 979 (Bankr. S.D. N.Y. 1996).

6. The taxes asserted against Winn-Dixie are based on appraisals of Winn-Dixie's real and personal property or on tax returns submitted by Winn-Dixie itself. Winn-Dixie has yet to prove that any of its real or personal property was overvalued in the tax returns upon which the taxes are based. Winn-Dixie had neither challenged the taxes nor sought a refund of taxes already paid prior to the initiation of this case. Under the circumstances, it would be highly prejudicial to Movant to be disenfranchised from the plan voting process simply because Winn-Dixie desires to lower its tax liabilities by application of 11 U.S.C. § 505. Due process requires more.

WHEREFORE, Movant requests that its claim be estimated pursuant to Rule 3018(a) and that it be allowed to vote the full amount of its secured tax claim for or against Winn-Dixie's plan of reorganization.

**STUTSMAN THAMES & MARKEY, P.A.**

By __*/s/ Richard R. Thames*__
    Richard R. Thames

Florida Bar Number 0718459
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rthames@stmlaw.net

Attorneys for Harrison County, Mississippi

## Certificate of Service

I hereby certify on September __18__, 2006, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
patrick.pantangan@akerman.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

Adam Ravin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
aravin@skadden.com

D.J. Baker, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
dbaker@skadden.com

/s/ *Richard R. Thames*
_____
Attorney

60732