UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | **Time Requested: 5 Minutes** |
| | ) | |

DELTA PLAZA, LLC'S MOTION
FOR DETERMINATION OF PLAN CLASS

Pursuant to the Order (I) Determining Dates, Procedures and Forms Applicable to Solicitation Process, (II) Establishing Vote Tabulation Procedures, (III) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan, and (IV) Waiving Local Rules (the "Voting Procedures Order"), Delta Plaza, LLC ("Movant") moves the Court to determine the proper classification of its unsecured claim, and in support of the motion states:

1. On February 21, 2005, Winn-Dixie Stores, Inc. (the "Debtor"), together with its affiliates, filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. By order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3. Movant is in the business of leasing and managing commercial real property.

4. By way of assignment and guaranty, Winn-Dixie is the tenant at the real property and improvements located at 800 Highway 1 South, Greenville, Mississippi, which

is owned by Movant. Said property is identified by Winn-Dixie as Store No. 2625. A copy of the lease and Winn-Dixie's guaranty of the lease obligations is attached as Exhibit A.

5. On June 23, 2005, Movant filed a proof of claim for $201,870 (Claim No. 4650) for the sums owed under the terms of the lease and guaranty as of the Petition Date.

6. The lease for Store 2625 has been rejected. Movant did not, however, file an amended proof of claim for its lease rejection damages.

7. On August 9, 2006, Winn-Dixie proposed its Joint Plan of Reorganization (the "Plan"). Among other things, the Plan divides the creditor constituencies into various classes for distribution and voting. "Landlord Claims" are dealt with under Class 13 of the plan. General Unsecured Claims are dealt with under Class 16 of the plan. The distribution to Class 13 creditors is materially different that the distribution to Class 16 claimants.

8. "Landlord Claims" are defined under Section 1.47 of the Plan as "any Unsecured Claim in an amount greater than $3,000 for obligations owed by any of the Debtors as lessee or guarantor under a nonresidential real property lease or a guaranty of a nonresidential real property lease agreement. The term includes Unsecured Claims for damages arising from the rejection of a nonresidential real property lease." Movant's claim (Claim No. 4650) is strictly for sums due under the lease and guaranty and falls clearly within the definition of "Landlord Claims" as set forth in Section 1.47 of the Plan.

9. Recently, however, Movant received a ballot packet from Winn-Dixie which erroneously classified Movant's claim as a Class 16 general unsecured claim instead of a Class 13 Landlord Claim.

10. By this motion, Movant requests that the Court determine its status to be that of a Class 13 Landlord Claimant for voting and distribution purposes.

                                                     **STUTSMAN THAMES & MARKEY, P.A.**

                                                      */s/ Richard R. Thames*

By_____
            Richard R. Thames
            Bradley R. Markey

Florida Bar Number 0718459
Florida Bar Number 0984213
50 N. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Counsel for Delta Plaza, LLC

## Certificate of Service

I hereby certify on September _18_, 2006, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Adam Ravin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
aravin@skadden.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
patrick.pantangan@akerman.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

D.J. Baker, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
dbaker@skadden.com

_____
Attorney

60713