UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | )    Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., *et al.*, | )    *Chapter 11* |
| | ) |
| Debtors. | )    Jointly Administered |

### ORDER (I) AUTHORIZING ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIXING CURE AMOUNTS AND (III) GRANTING RELATED RELIEF

These cases came before the Court for hearing upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105(a) and 365 (the "Motion"), (i) approving and authorizing the Debtors to assume non-residential real property leases identified on Exhibit A attached to the Motion, effective as of the effective date of the Debtors' joint plan of reorganization (Docket No. 10058) (the "Effective Date"),[1] (ii) fixing the costs of assumption at the proposed cure amounts identified on Exhibit B attached to the Motion (collectively, the "Proposed Cure Amounts"), and (iii) granting related relief. By the Motion, the landlords were given until June 30, 2006 to object to the Motion and the Proposed Cure Amounts. The landlords for Store Numbers 153, 231, 281, 426, 454, 460, 556, 698, 2258, 2301, 2311 and 2348 filed objections to the Proposed Cure Amounts (collectively, the "Cure Objections") and to the Debtors' assumption of their respective leases (collectively, the "Assumption Objections"). The Court has reviewed the Motion and upon consent of the parties, it is

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

ORDERED AND ADJUDGED THAT:

1. The Motion is granted as to the leases for the stores identified on the attached Exhibit A (the "Assumed Leases").

2. The Assumption Objections are overruled.

3. The Debtors are authorized to assume the Assumed Leases pursuant to 11 U.S.C. § 365(a), effective as of the Effective Date.

4. With the exception of those leases on which the landlords filed Cure Objections, the cure amounts for the leases which are the subject of the Motion are fixed as of September 7, 2006 in the amounts as set forth on Exhibit B to the Motion (the "Cure Amounts").

5. The Debtors will pay the landlords which filed Cure Objections the Cure Amounts due on the Effective Date. If the Debtors are unable to resolve the Cure Objections consensually, the Debtors will set the Cure Objections for hearing before the Court.

6. In the event that the Debtors assign the leases, pursuant to the terms of the Plan, the leases, or as otherwise agreed between Debtors and the affected Landlord(s), to one or more special purpose real estate entities to be formed by the Debtors, either as corporations, limited liability corporations, partnerships, limited liability partnerships, trusts or other type of entities, to hold the Debtors' leased property interests then, on or as reasonably practicable after the Effective Date, the Debtors will provide documentary evidence of any such assignment to the landlords and, if necessary, will record such document in the real property records of the applicable jurisdiction. Notwithstanding such assignments, the original Debtor lessee under any such lease, and

any Debtor guarantor thereof, will continue to be obligated on the lease to the full extent of their respective obligations as such obligations existed prior to the assignment.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. The Court retains jurisdiction to hear and determine any disputes over the amounts required to cure the Leases as of the Effective Date, and all other matters arising from the implementation of this Order.

9. In the event the Effective Date does not occur, this Order shall be null and void.

Dated this 18 day of September, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion

# EXHIBIT A

Winn Dixie Store No.

153
231
281
426
454
460
556
698
2258
2301
2311
2348

542642