**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3FI |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Debtors. | ) | Jointly Administered |

**MOTION OF LANDLORD, SOUTHEAST PARTNERS**
**FOR AN ORDER DEEMING ITS OBJECTION**
**OF CURE AMOUNT TIMELY FILED**

Comes Now, Landlord, Southeast Partners (alternatively "Claimant"), by and through counsel, and pursuant to 11 U.S.C. Section 105 and Fed. R. Bankr. P. 3003 (b) and 90069(c), hereby moves this Court for entry of an order deeming an objection to cure, by the Landlord as timely filed.

**BACKGROUND**

1. Southeast Partners is the Landlord of Winn-Dixie Store #647 located in Seffner, FL (the "Landlord"). The Landlord is under a "Core Lease".

2. The Landlord objects to the cure amount submitted to the Court by the Debtor. The debtor has submitted the sum of $36,153.74 as the cure amount.

3. The proper cure amount is $37,540.32 as of the present date and is computed as follows:

| | |
|---|---|
| 2004 Additional Rental (Real Estate Tax) Billed & Not Paid: | $24,824.00 |
| 2005 Additional Rental (Real Estate Tax) Balance Due: | $4,923.15 |
| 07/01/2004 – 06/30/2005 Percentage Rent Balance Due: | $7,793.17 |
| TOTAL CURE AMOUNT DUE: | $37,540.32 |

## MEMORANDUM OF LAW

A Claim filed after a bar date will be deemed timely filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *Banco Latino International v. Lopex (in re Banco Latino International),* 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd P'ship.,* 507 U.S. 380, 113 S.Ct. 1489 (1993)). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997). Excusable neglect is an equitable determination that takes into account all of the circumstances of the particular case. *See Pioneer*, 507 U.S. at 395, 113 S. Ct. at 1489 (emphasis added). Considerations include: (a) reason for the delay and whether it was in control of claimant; (b) length of delay and potential impact on judicial proceedings; (c); and danger of prejudice to debtor (d) whether claimant acted in good faith. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). *See In re Pt-1 Communications, Inc.*, 292 B.R. 482, 489 (Bankr. S.D. N.Y. 2003) (equities of excusable neglect weighed in favor of the claimant because the claimant "had no reason on the basis of the facts known to it prior to the Bar Date to conclude that it had a claim against [the debtor]".) As the United States Supreme Court has noted, excusable neglect encompasses situations caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1489.

### Prejudice to the Debtors

There can be little prejudice to Winn-Dixie Stores. As stated above, neither Winn-Dixie Stores nor any of the Debtors has confirmed a Plan of Reorganization. Second, the marginal addition of claims is not likely to add any expense to the Debtors.

Third, the granting of this Motion will not deprive Winn-Dixie Stores of its ability to object to Landlord's claims on their merits.

### The Factors as a Whole

Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The treatment of Landlord's claims as timely filed will permit Claimant's claim to be resolved on its merits. Such relief will result in no prejudice to the Debtor, will serve to protect Claimant's rights and is consistent with the interests of justice.

WHEREFORE, based upon the foregoing, the Landlord respectfully request that the Court (i) enter an Order granting Claimant's Objection to Cure as timely filed; (ii) modify and amend the Cure Amount to be $37,540.32; and (iii) grant such other and further relief as is just and proper.

### Notice

Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) Co-Attorneys for Debtors as follows:

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| D. J. Baker | Stephen D. Busey |
| Rosalie W. Gray | James H. Post |
| Eric M. Davis | Cynthia C. Jackson |
| Four Times Square | Eric N. McKay |
| New York, NY 10036 | 225 Water Street, Suite 1800 |
| (212) 735-3000 | Jacksonville Florida 32202 |
| (212) 735-2000 (facsimile) | (904) 359-7700 |
| Co-Attorneys for Debtors | (904) 359-7708 (facsimile) |
| | Co-Attorneys for Debtors |

Dated: Sept. 19, 2006                    **PETITIONER:**

                                              SOUTHEAST PARTNERS

                                              By: _____/s/_____
                                                    Anthony J. La Sala
                                                    1410 Valley Road
                                                    Wayne, New Jersey  07470
                                                    (973) 696-7499
                                                    (973) 696-1428 (facsimile)


                                            By: _____/s/_____
                                                    Anthony J. La Sala, Esq.
                                                    1410 Valley Road
                                                    Wayne, New Jersey  07470
                                                    (973) 696-7499
                                                    (973) 696-1428 (facsimile)
                                                    Attorney for Petitioner