UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.[1]

Chapter 11

Case No. 05-03817-3F1

(Jointly Administered)

## CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1.    I am of legal age and I am not a party to this action.

2.    I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3.    On or about September 15, 2006 I caused copies of:

- the **Notice of Hearing**
- the **Debtors' Third Omnibus Motion for Order Authorizing Negotiated Assumptions of Executory Contracts and Unexpired Leases and Granting Related Relief**

to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served Notice and Motion as listed above is attached hereto as Exhibit B.

Dated: September 19, 2006

Kathleen M. Logan

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Code: FE

# EXHIBIT A
# SERVICE LIST

**SERVICE LIST**
**Notice of Hearing**
**Debtors' Third Omnibus Motion for Order Authorizing**
**Negotiated Assumptions of Executory Contracts and**
**Unexpired Leases and Granting Related Relief**

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                          **CASE:   05-03817-3F1**

CREDITOR ID: 249258-EN
LEXISNEXIS EXAMEN INC
3831 NORTH FREEWAY BLVD, STE 200
SACRAMENTO CA 95834

CREDITOR ID: 406287-EN
LEXISNEXIS EXAMEN INC, DIV OF
REED ELSEVIER, INC
ATTN BETH FARNHAM
9443 SPRINGBORO PIKE
MIAMISBURG OH 45342

CREDITOR ID: 263188-EN
TOMAX CORPORATION
224 SOUTH 200 WEST
SALT LAKE CITY, UT 84101

CREDITOR ID: 406264-EN
UNICRU
ATTN DOUGLAS C SHAFER, CFO
9525 SW GEMINI DRIVE
BEAVERTON OR 97008

        **Total:   4**

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**NOTICE OF HEARING**

TO PARTIES IN INTEREST:

PLEASE TAKE NOTICE that a hearing is scheduled for **October 5, 2006 at 1:00 p.m. (prevailing Eastern Time)**, before the Honorable Jerry A. Funk, United States Bankruptcy Judge for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida 32202, to consider the Debtors' Third Omnibus Motion for Order Authorizing Negotiated Assumptions of Executory Contracts and Unexpired Leases and Granting Related Relief.

Only objections filed and served on D. J. Baker at djbaker@skadden.com, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 and Cynthia C. Jackson at cjackson@smithhulsey.com, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 so as to be received by **4:00 p.m. (prevailing Eastern Time) on September 28, 2006** will be considered by the Bankruptcy Court at the hearing.

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

Dated: September 15, 2006

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By _____/s/ D. J. Baker_____
      D. J. Baker
      Sally McDonald Henry
      Rosalie Walker Gray
      David M. Turetsky
Four Times Square
New York, New York 10036
(212) 735-3000
(917) 777-2150 (facsimile)

Co-Counsel for the Debtors

SMITH HULSEY & BUSEY

By _____/s/ Cynthia C. Jackson_____
      Stephen D. Busey
      James H. Post
      Cynthia C. Jackson
      Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)

Co-Counsel for the Debtors

Hearing Date: October 5, 2006, 1:00 p.m.
Objection Deadline: September 28, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

## DEBTORS' THIRD OMNIBUS MOTION FOR ORDER AUTHORIZING NEGOTIATED ASSUMPTIONS OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND GRANTING RELATED RELIEF

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 authorizing and approving the negotiated assumptions of the prepetition contracts and leases listed on the attached Exhibit A (the "Contracts") on the terms set forth below and on Exhibit A and providing related relief, effective as of the effective date of the Debtors' proposed joint plan of reorganization (the "Effective Date") (the "Motion"). In support of the Motion, the Debtors state as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly

administered for procedural purposes only.

2.       The Debtors are grocery and pharmaceutical retailers operating in the

southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace"

banners.  The Debtors are operating their businesses and managing their properties as debtors in

possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.       On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the

Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of

unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of

equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently

disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.       On June 29, 2006, the Debtors filed a proposed Disclosure Statement with

Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors  (the

"Disclosure Statement"), together with a proposed Joint Plan of Reorganization of Winn-Dixie

Stores, Inc. and Affiliated Debtors (the "Plan").  The Disclosure Statement was approved by Order

of the Court dated August 4, 2006.  The hearing to consider confirmation of the Plan is scheduled to

commence on October 13, 2006.

5.       This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue

of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2).

6.       The statutory predicates for the relief requested by this Motion are Sections

105(a) and 365 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").

**Relevant Facts**

7.    As part of their restructuring, the Debtors have undertaken a comprehensive review and analysis of each of the Contracts, together with the consequences and costs of assumption or rejection.  During the course of this process, the Debtors and the Debtors' restructuring advisors, XRoads Solutions Group LLC, have engaged in negotiations with the non-Debtor counter-parties to the Contracts (the "Counter Parties") as to the terms pursuant to which the Contracts will be assumed, including the payment of cure and the treatment of the Counter Parties' claims related to the Contracts (the "Claims").  Those negotiations have resulted in agreements with the Counter Parties to assume the Contracts on the terms described below and on Exhibit A. Although the particulars of each agreement reached are unique, the terms by which the Debtors seek to assume each of the Contracts contain the following similarities:

(a)    The Debtors will assume the Contracts, with negotiated modifications where applicable, under Section 365 of the Bankruptcy Code effective as of the Effective Date.

(b)    The Counter Parties will facilitate assumption of the Contracts by agreeing that, effective as of the Effective Date, the Claims will be disallowed in full.

(c)    The Counter Parties will also facilitate assumption of the Contracts by agreeing that, except as provided in subparagraph (d) below, (i) none of the Debtors will be required to pay any cure under Section 365(b)(1)(A) of the Bankruptcy Code and (ii) the requirements of Section 365(b)(1) of the Bankruptcy Code as they relate to any prepetition defaults under the Contracts will be waived in full by the Counter Parties.

(d)    The waiver of cure payments and other concessions by the Counter Parties described in subparagraphs (b) and (c) above will not negate the impact of assumption on any claims held by the Debtors against the Counter Parties or otherwise expose the Counter Parties to potential preference actions with respect to payments made on account of the Contracts.  Upon assumption of the Contracts and notwithstanding the waiver of cure payments and other concessions described in subparagraphs (b) and (c) above, the Counter Parties will be entitled to an administrative claim for cure in the event (albeit unlikely) that any amounts become owing to the Counter Parties pursuant to Section 502(h) of the Bankruptcy Code for sums relating to the Contracts that may be

required to be paid pursuant to Section 550 of the Bankruptcy Code (the "Section 502(h) Claim").

## Relief Requested

8.      Pursuant to Sections 105(a) and 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules, the Debtors seek entry of an order (a) approving the assumption of the Contracts on the terms set forth in this Motion and on Exhibit A, (b) fixing the cure amount for each of the Contracts at $0.00 as set forth on Exhibit A, but preserving cure rights with respect to any Section 502(h) Claims, and (c) disallowing the Claims as set forth on Exhibit A, in each case effective as of the Effective Date.[2]

## Basis for Relief

9.      The Contracts are for goods and services that are used in the operation of the Debtors' businesses. The negotiated assumptions of the Contracts on the terms described in this Motion and on Exhibit A provide the Debtors with the best possible terms for assuming the Contracts. The Debtors will not have to pay any cure costs in connection with assuming the Contracts. Moreover, the Claims will be disallowed in their, entirety thereby diminishing the liabilities of these estates. Although the Debtors have agreed to preserve cure with respect to any Section 502(h) Claims that may arise, that agreement merely reflects the legal effect of assumption and is necessary to ensure that the Counter Parties are not prejudiced by their concessions in favor of the Debtors. Based upon the foregoing, and after considering the matter, the Debtors have determined that assumption of the Contracts is in the best interests of the Debtors and these estates.

---

[2]      The Court has, in prior orders, previously approved assumption of certain of the Contracts with $0.00 payable as cure without objection of the Counter Parties. The Debtors have included such Contracts in this Motion so as to ensure that the Claims associated with such Contracts are allowed and fixed or disallowed consistent with the negotiated terms of assumption.

**Applicable Authority**

A.    Support for Negotiated Assumption

10.    Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365.  "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'"  Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

11.    A debtor's decision to assume or reject a contract or unexpired lease is subject to review under the business judgment standard.  See Byrd v. Gardinier, Inc. (In re Gardinier), 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Orion Pictures Corp., 4 F.3d at 1098-99.  Under this standard, the debtor's assumption of a contract or lease is appropriate if it will benefit the estate.  See Westshire, Inc. v. Trident Shipworks, Inc., 247 B.R. 856 (M.D. Fla. 2000).  Upon finding that a debtor has exercised its sound business judgment in determining that assumption of a particular executory contract is in the best interests of the debtor's estate, the bankruptcy court should approve assumption under Section 365(a) of the Bankruptcy Code.  See In re Gucci, 193 B.R. 411, 415-17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"); Blue Cross Blue Shield of Conn. v. Gurski (In re Gurski), Nos. 94-51202 & 3:95CV1883, 1996 WL 684397, at *2 (D. Conn. Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial to the debtor such that the debtor could assume them under Section 365(a)).  In the case of assumption, "[t]he § 365 election permits a trustee to … continue performance on a contract which

5

will benefit the estate." In re Diamond Mfg. Co., 164 B.R. 189 (Bankr. S.D. Ga. 1994) (citing In re

Brada Miller Freight Sys., Inc., 702 F.2d 890, 893-894 (11th Cir. 1983)).

        12.    Based upon the foregoing, and in view of the efforts made by the Debtors to

negotiate the effects of assumption in a manner favorable to their estates, the Debtors submit that

assumption of the Contracts on the terms described in this Motion and on Exhibit A is in the best

interests of the Debtors and their creditors and satisfies the business judgment standard.

B.    Support for Cure with Respect to Section 502(h) Claims

        13.    It is black-letter law that assumption of a contract precludes recovery as a

preference of monies paid under the contract.  3 Collier on Bankruptcy 365.05[3][d] (15th ed. rev.

2005) ("[A]ny prepetition payment under a contract that is later assumed is not avoidable as a

preference. . . ."). To the Debtors' knowledge, every court that has examined this issue, including

the Third, Seventh, and Ninth Circuit Courts of Appeals, has reached this conclusion.  See

Kimmelman v. Port Authority of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.), 344 F.3d 311 (3d Cir.

2003); In re Superior Toy & Mfg. Co., 78 F.3d 1169 (7th Cir. 1996); Alvarado v. Walsh (In re LCO

Enters.), 12 F.3d 938 (9th Cir. 1993); In re Greater Se. Comm. Hosp. Corp., 327 B.R. 26 (Bankr.

D.D.C. 2005); Philip Servs. Corp. v. Luntz (In re Philip Servs (Del.), Inc., 284 B.R. 541 (Bankr. D.

Del. 2002); MMR Holding Corp. v. C & C Consultants, Inc., (In re MMR Holding Corp.), 203 B.R.

605 (Bankr. M.D. La. 1996); Phoenix Rest. Group, Inc. v. Denny's Corp. (In re Phoenix Rest.

Group, Inc.), 2005 WL 114327 (Bankr. M.D. Tenn. Jan. 10, 2005); see also Seidle v. GATX

Leasing Corp., 778 F.2d 659 (11th Cir. 1985) (holding that trustee was not entitled to recover

payments made pursuant to an executed stipulation that required cure of defaults).

14.     Consistent with the case law, the Debtors' assumption of the Contracts will preclude the Debtors or any other party from recovering any payments made on the Contracts as preferences or from otherwise recovering such sums pursuant to Section 550 of the Bankruptcy Code.  The waiver of the cure payments and other concessions described above should not effect this preclusion, and the agreed preservation of cure with respect to any Section 502(h) Claims ensures that it will not.  Thus, in the event of any attempt by a party in interest to argue that the waiver of cure payments (other than the Section 502(h) Claims) operates to negate the effect of assumption on potential preferences, the Counter Parties will have the right to assert all available defenses to such claims, including without limitation, to have any such cases dismissed based on black-letter bankruptcy law and to be paid any resulting Section 502(h) Claims in full in accordance with the terms of the assumption of the Contracts.

**Notice**

15.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Counter Parties.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B (a) approving the assumption of the Contracts on the terms set forth in this Motion and on Exhibit A, (b) fixing the cure amount for each of the Contracts at $0.00 as set forth on Exhibit A, but preserving cure rights with respect

to any Section 502(h) Claims, and (c) disallowing the Claims as set forth on Exhibit A, in each case

effective as of the Effective Date and (ii) grant such other and further relief as the Court deems just

and proper.

Dated:  September 15, 2006.

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP

By ___*s/ D. J. Baker*_____          By ___*s/ Cynthia C. Jackson*_____
    D. J. Baker                           Stephen D. Busey
    Sally McDonald Henry                  James H. Post
    Rosalie Walker Gray                   Cynthia C. Jackson,
    David M. Turetsky                      Florida Bar Number 498882
Four Times Square                      225 Water Street, Suite 1800
New York, New York 10036               Jacksonville, Florida  32202
(212) 735-3000                         (904) 359-7700
(212) 735-2000 (facsimile)             (904) 359-7708 (facsimile)
djbaker@skadden.com                    cjackson@smithhulsey.com

Co-Counsel for the Debtors             Co-Counsel for the Debtors

**Exhibit A**

**Exhibit A**
**Contracts to be Assumed on Negotiated Terms[1]**

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Service Agreement | Non-Debtor Counter Party<br><br>Examen, Inc. ("Examen")<br><br>Addresses<br><br>LexisNexis Examen Inc. 3831 North Freeway Blvd., Ste. 200 Sacramento, CA  95834<br><br>LexisNexis, a Division of Reed Elsevier Inc. Attention: General Counsel 9443 Springboro Pike Dayton, OH  45342 | Service Agreement dated August 1, 2004 | $0.00 | 3763 ($3,000.00) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Services Agreement as Amended dated June 20, 2006 between Winn-Dixie Stores, Inc. and Examen, Inc.<br><br>- Examen waives any defaults under Service Agreement.<br><br>- Claim No. 3763 to be disallowed in its entirety. |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | Non-Debtor Counter Party<br><br>Tomax Corporation ("Tomax")<br><br>Address<br><br>Tomax Corporation 224 South 200 West Salt Lake City, UT  84101 | Software License Agreement, dated June 28, 2002 | $0.00 | 31735 ($22,000) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Software License Agreement dated February 15, 2006, between Winn-Dixie Stores, Inc. and Tomax Corporation<br><br>- Tomax waives any defaults under the Software License Agreement.<br><br>- Scheduled Claim No. 31735 to be disallowed in its entirety. |

---

[1]      Copies of the assumption agreements referenced in this Exhibit A have been provided to counsel to the Official Committee of Unsecured Creditors.

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Maintenance Agreement | Non-Debtor Counter Party<br><br>Unicru, Inc. ("Unicru")<br><br>Address<br><br>Unicru<br>Att'n: Douglas C. Shafer, CFO<br>9525 SW Gemini Drive<br>Beaverton, OR 97008 | Services Agreement, dated June 30, 2004 | $0.00 | 5575<br>($57,915.25) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of of Services Agreement dated August 21, 2006, between Winn-Dixie Stores, Inc. and Unicru, Inc.<br><br>- Unicru waives any defaults under the Services Agreement.<br><br>- Claim No. 5575 to be disallowed in its entirety. |

## Exhibit B

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER PURSUANT TO DEBTORS' THIRD OMNIBUS MOTION AUTHORIZING NEGOTIATED ASSUMPTIONS OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND GRANTING RELATED RELIEF

These cases came before the Court for hearing on October 5, 2006, upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the negotiated assumptions of the prepetition contracts and leases set forth on the attached Exhibit A (the "Contracts") on the terms set forth in the Motion and on Exhibit A, (b) fixing the cure amount for each of the Contracts at $0.00 as set forth on Exhibit A, but preserving cure rights with respect to any amounts becoming owed to the non-Debtor counter-parties to the Contracts (the "Counter Parties") pursuant to 11 U.S.C. § 502(h) for sums relating to the Contracts that may be required to be paid pursuant to 11 U.S.C. § 550 (the "Section 502(h) Claims"), and (c) disallowing the claims related to the Contracts (the "Claims") as set forth on Exhibit A, in each case effective as of the effective date of the Debtors' proposed joint plan of reorganization (the "Effective Date") (the

"Motion").[1]  By the Motion, parties were given until September 28, 2006 to object to the Motion.  Upon consideration, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The Debtors are authorized to assume the Contracts on the terms set forth in the Motion and on Exhibit A pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the Effective Date.  The Debtors' assumption of the Contracts as of, and upon the occurrence of, the Effective Date is approved.

3.      For purposes of 11 U.S.C. § 365(b)(1), there shall be no cure or compensation amounts owed by the Debtors with respect to the Contracts and the costs of assumption shall be fixed at $0.00 as set forth on Exhibit A.

4.      The Counter Parties listed on Exhibit A are deemed to have waived any and all rights they may have against the Debtors for cure or compensation under their respective Contracts listed on Exhibit A.  As a consequence of such waiver, and notwithstanding the assumption of the Contracts, the Debtors shall not be required to pay the Claims as cure under Section 365(b)(1)(A) of the Bankruptcy Code.

5.      The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to each of the Contracts.

6.      As of, and upon the occurrence of, the Effective Date, the Claims shall be disallowed in their entirety as set forth on Exhibit A.

---

[1]        All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

2

7.      The waiver of cure payments and other concessions by the Counter Parties will not negate the impact of assumption on any claims held by the Debtors against the Counter Parties or otherwise expose the Counter Parties to potential preference actions with respect to payments made on account of the Contracts.  Upon assumption of the Contracts and notwithstanding the waiver of cure payments and other concessions, the Counter Parties will be entitled to an administrative claim with respect to any Section 502(h) Claims.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9.      The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

10.     In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, this Order shall be null and void.

Dated October ___, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

3

**THE EXHIBIT TO BE ATTACHED TO THE ORDER WHEN ENTERED WILL BE THE SAME EXHIBIT THAT IS ATTACHED TO THE MOTION, WITH ANY NECESSARY MODIFICATIONS TO ADDRESS OBJECTIONS TO THE MOTION**