## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| **WINN-DIXIE STORES, INC., et al.,** | Case No. 05-03817-3F1 |
| Debtors.[1] | (Jointly Administered) |

## CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1.   I am of legal age and I am not a party to this action.

2.   I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3.   On or about September 15, 2006 I caused copies of:

- the **Notice of Hearing**
- the **Debtors' First Omnibus Motion for Order Authorizing Negotiated Rejections of Executory Contracts and Approving Resolution of Claims**

to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served Notice and Motion as listed above is attached hereto as Exhibit B.

Dated: September 19, 2006

_____
Kathleen M. Logan

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

# EXHIBIT A
# SERVICE LIST

SERVICE LIST

**Notice of Hearing**
**Debtors' First Omnibus Motion for Order Authorizing**
**Negotiated Rejections of Executory Contracts and**
**Approving Resolution of Claims**

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                                          **CASE:   05-03817-3F1**

| | | |
|---|---|---|
| CREDITOR ID: 534689-EI<br>ADVO, INC.<br>ATTN:  CHRISTINA BUSCA<br>ONE TARGETING CENTRE<br>WINDSOR CT 06095 | CREDITOR ID: 534690-EI<br>CHEMSTAR INC.<br>ATTN: JIM WILLIAMS<br>120 INTERSTATE WEST PARKWAY, SUITE<br>LITHIA SPRINGS GA 30122 | CREDITOR ID: 534695-EI<br>FREUDENBERG HOUSEHOLD PRODUCTS<br>ATTN: MAX KLEY<br>505 N RAILROAD AVENUE<br>NORTH LAKE IL 60164 |
| CREDITOR ID: 534694-EI<br>FREUDENBERG HOUSEHOLD PRODUCTS<br>ATTN: JIM CASTETTER<br>505 N RAILROAD AVENUE<br>NORTH LAKE IL 60194 | CREDITOR ID: 534693-EI<br>FREUDENBERG HOUSEHOLD PRODUCTS<br>F/K/A O-CEDAR BRANDS<br>ATTN: MARY JAY<br>PO BOX 73181<br>CHICAGO IL 60673-7181 | CREDITOR ID: 534696-EI<br>HANDI-FOIL CORPORATION<br>ATTN: RICK MCCORMICK, SVP CORP<br>135 EAST HINTZ ROAD<br>WHEELING IL 60090-6035 |
| CREDITOR ID: 534691-EI<br>SOUTHERN CLEANING SERVICES, INC.<br>ATTN: DEAN GOFORTH<br>106 SOUTH CHALKVILLE ROAD<br>TRUSSVILLE AL 35173 | CREDITOR ID: 534692-EI<br>SOUTHERN CLEANING SERVICES, INC.<br>ATTN: LARRY D. HENIN, ESQ.<br>ANDERSON, KILL & OLICK, P.C.<br>1251 AVENUE OF THE AMERICAS<br>NEW YORK NY 10020 | CREDITOR ID: 534687-EI<br>VERTIS, INC.<br>ATTN: LUKE BRANDONISIO<br>250 WEST PRATT ST., SUITE 1800<br>BALTIMORE MD 21201 |
| CREDITOR ID: 534688-EI<br>VERTIS, INC.<br>ATTN: JOHN J CRUCIANI, ESQ.<br>BLACKWELL SANDERS PEPPER MARTIN LLP<br>4801 MAIN STREET, SUITE 1000<br>KANSAS CITY MO 64112 | CREDITOR ID: 534686-EI<br>VERTIS, INC.<br>ATTN: KEITH FLEMING<br>7930 WEST KENTON CIRCLE, SUITE 3301<br>HUNTERSVILLE NC 28078 | CREDITOR ID: 534685-EI<br>VERTIS, INC.<br>ATTN: DAVID LAVERTY<br>250 WEST PRATT ST., SUITE 1800<br>BALTIMORE MD 21201 |

**Total:   12**

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |

## NOTICE OF HEARING

TO PARTIES IN INTEREST:

PLEASE TAKE NOTICE that a hearing is scheduled for **October 5, 2006 at 1:00 p.m. (prevailing Eastern Time),** before the Honorable Jerry A. Funk, United States Bankruptcy Judge for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida 32202, to consider the Debtors' First Omnibus Motion for Order Authorizing Negotiated Rejections of Executory Contracts and Approving Resolution of Claims.

Only objections filed and served on D. J. Baker at djbaker@skadden.com, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 and Cynthia C. Jackson at cjackson@smithhulsey.com, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 so as to be received by **4:00 p.m. (prevailing Eastern Time) on September 28, 2006** will be considered by the Bankruptcy Court at the hearing.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

Dated: September 15, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP

By ____/s/ D. J. Baker_____
     D. J. Baker
     Sally McDonald Henry
     Rosalie Walker Gray
     Steven B. Eichel
Four Times Square
New York, New York 10036
(212) 735-3000
(917) 777-2150 (facsimile)

Co-Counsel for the Debtors

SMITH HULSEY & BUSEY

By ____/s/ Cynthia C. Jackson_____
     Stephen D. Busey
     James H. Post
     Cynthia C. Jackson
     Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)

Co-Counsel for the Debtors

Hearing Date: October 5, 2006, 1:00 p.m.
Objection Deadline: September 28, 2006, 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' FIRST OMNIBUS MOTION FOR ORDER AUTHORIZING NEGOTIATED REJECTIONS OF EXECUTORY CONTRACTS AND APPROVING RESOLUTION OF CLAIMS

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 365(a) and 502 and Fed. R. Bankr. P. 6006 (i) authorizing the negotiated rejection of prepetition supply agreements with the vendors listed on Exhibit A (collectively, the "Vendors"), and (ii) approving the agreed resolution of the Vendors' associated claims.  In support of the Motion, the Debtors respectfully represent as follows:

Background

1.     On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.    The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.    On June 29, 2006, the Debtors filed a proposed Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"), together with a proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").  The Disclosure Statement was approved by Order of the Court dated August 4, 2006.  The hearing to consider confirmation of the Plan is scheduled for October 13, 2006.

5.    This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.    The statutory predicates for the relief requested in the Motion are sections 365 and 502 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

7.    As part of their restructuring, the Debtors have undertaken a comprehensive review and analysis of their prepetition supply agreements, together with the consequences and costs of assumption or rejection.  During the course of this process, the Debtors and the Vendors have negotiated the terms by which the Vendors' respective prepetition supply agreements will be rejected, and the treatment of the Vendors' claims relating to their respective supply agreement (the "Claims").  As a result of these negotiations, the Debtors have decided to reject the Vendors' prepetition supply agreements in favor of new contracts with the Vendors.  Although each agreement is unique, all of the Vendors have agreed to waive all claims for rejection damages.

8.    By this Motion, the Debtors seek an order of the Court, pursuant to sections 365 and 502 of the Bankruptcy Code, (a) approving and authorizing the rejection, effective as of October 5, 2006, of the prepetition supply agreements between the Debtors and the Vendors (collectively, the "Prepetition Supply Agreements"), and (b) approving the agreed resolution of the Claims, including the waiver of all claims for rejection damages.

9.    The Debtors used the Vendors' services prior to the Petition Date, and desire to continue their relationship with the Vendors.  In the context of the Debtors' existing business, however, the terms of the Prepetition Supply Agreement are no longer economically feasible.  As a result, the Debtors have entered into new agreements with the Vendors that are either (a) on more favorable terms or (b) on terms that reflect the Debtors' reduced footprint, as more particularly described on Exhibit A.

10.    The Debtors have determined that it is in their best interests, as well as in the best interests of their estates and creditors, to reject the Prepetition Supply

3

Agreements and to provide for a continuing relationship with the Vendors under new agreements. Each of the Vendors has agreed to this approach with the understanding that their Claims have been resolved in the manner set forth on Exhibit A and that all other claims (including rejection damages claims) that the Vendor has or may have against the Debtors will be waived.

11.      By rejecting the Prepetition Supply Agreements in favor of new supply agreements with the Vendors, the Debtors will save several million dollars.

Basis for Relief

12.      Rejection of Prepetition Supply Agreement. Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. See In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assocs., 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

13.      The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. See Byrd v. Gardinier, Inc., 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Surfside Resort & Suites, Inc., 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. See In re Surfside Resort & Suites, Inc., 325 B.R. at 469; In re Cent.

4

Fla. Fuels, Inc., 89 B.R. at 245; Sharon Steel Corp. v. Nat'l Fuel Gas Distrib'n Corp., 872

F.2d 36, 39-40 (3d Cir. 1989).  Courts universally regard the business judgment rule as a low

standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to

reject an executory contract or unexpired lease by substituting their own judgment for that of

the debtor.  See In re Surfside Resort & Suites, Inc., 325 B.R. at 469; In re III Enters., Inc. V,

163 B.R. 453, 469 (Bankr. E.D. Pa.), aff'd sub nom. Pueblo Chem., Inc. v. III Enters. Inc. V,

169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

14.     For the reasons set forth on Exhibit A and summarized below, the

Debtors have satisfied the "business judgment" standard for rejecting the Prepetition Supply

Agreements.  The Prepetition Supply Agreements were either burdensome or no longer

feasible due to the Debtors' reduced footprint.  Moreover, the Debtors have entered into new

agreements with the Vendors and thus will be able to continue to do business with them on

favorable terms.  Furthermore, the Vendors will waive their claims arising from the rejection

of their respective Prepetition Supply Agreement.  Accordingly, the Debtors' determination to

reject the Prepetition Supply Agreements reflects their exercise of sound business judgment.

15.     Claims Resolution.  As part of the negotiations with the Vendors, the

Vendors' Claims were consensually resolved.  The resolution of these Claims are set forth on

Exhibit A.

Notice

16.     Notice of the Motion has been provided to (a) counsel to the Office

of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c)

counsel for the Creditors' Committee, (d) the other parties in interest named on the Master

5

Service List maintained in these cases, and (e) the Vendors.  No other or further notice need

be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request

that the Court (i) enter an order substantially in the form attached as Exhibit B (a) approving

and authorizing the Debtors to reject the Prepetition Supply Agreements as of

October 5, 2006, and (b) approving the disposition of Claims; and (ii) grant such other and

further relief as the Court deems just and proper.

Dated:      September 15, 2006

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP

By    /s/ D. J. Baker                                          By     /s/ Cynthia C. Jackson
      D. J. Baker                                                    Stephen D. Busey
      Sally McDonald Henry                                           James H. Post
      Rosalie Walker Gray                                            Cynthia C. Jackson
      Steven B. Eichel                                               Florida Bar Number 498882
Four Times Square                                       225 Water Street, Suite 1800
New York, New York 10036                                Jacksonville, Florida  32202
(212) 735-3000                                          (904) 359-7700
(212) 735-2000 (facsimile)                              (904) 359-7708 (facsimile)
djbaker@skadden.com                                     cjackson@smithhulsey.com

Co-Attorneys for Debtors                                Co-Attorneys for Debtors

EXHIBIT A

**EXHIBIT A**

**Vendor Contracts To Be Rejected**

| Vendor | Rejected Contract | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| ADVO, Inc. ("ADVO")<br><br>**Notice Party:**<br>ADVO, Inc.<br>One Targeting Centre<br>Windsor, CT 06095<br>Attn: Christina Busca | Agreement between Winn-Dixie Stores, Inc. and ADVO, Inc., dated November 7, 2003, including any amendments (the "ADVO Prepetition Supply Agreement") | ADVO is a marketing distribution company, which distributed the Debtors' advertisements to the Debtors' customers. The ADVO Prepetition Supply Agreement contained varying volume commitments for different products or services. However, due to the reduction in the number of the Debtors' stores, the actual volume of material distributed was less than the minimum commitment required under the ADVO Prepetition Supply Agreement, and the contract did not provide for pricing at the lower distribution level. Thus, the ADVO Prepetition Supply Agreement was no longer feasible.<br><br>As a result, the Debtors entered into a new contract consistent with the Debtors' reduced store count. The new contract contains a volume commitment consistent with the Debtors' new footprint.<br><br>ADVO has also agreed to waive and release all claims it has or may have had against the Debtors (other than the agreed $235,704.84 unsecured nonpriority claim and any unpaid postpetition invoices), including any and all claims for rejection damages. | The parties have agreed that (i) the claim scheduled by Winn-Dixie Stores, Inc. (claim no. 30065) in the amount of $106,568.78 will be disallowed and expunged in its entirety, and (ii) proof of claim no. 2589 filed against Winn-Dixie Stores, Inc. in the amount of $235,704.78 will be allowed as a non-priority unsecured claim in the amount of $235,704.78. |

| Vendor | Rejected Contract | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| Chemstar Corp. ("Chemstar")<br><br>**Notice Party:**<br>Chemstar Corp.<br>120 Interstate West Parkway<br>Suite 100<br>Lithia Springs, GA 30122<br>Attn: Jim Williams | Agreement between Winn-Dixie Stores, Inc. and Chemstar, dated December 1, 2003 and any additional amendments thereto (the "Chemstar Prepetition Supply Agreement") | Chemstar provides sanitation/pest control services to the Debtors' retail stores. The new contract with Chemstar is on more favorable terms. The new agreement provides for new products, a 32% reduction in costs, as well as a training program.<br><br>Chemstar has agreed to waive and release all claims it has or may have had against the Debtors (other than the Chemstar Prepetition Claim and any unpaid postpetition invoices), including all claims for rejection damages. | Winn-Dixie Procurement, Inc. scheduled a claim (claim no. 34681) on behalf of Chemstar in the amount of $539,776.65 (the "Chemstar Scheduled Claim"). The parties have agreed that the Chemstar Scheduled Claim will be disallowed and expunged in its entirety.<br><br>Chemstar filed proof of claim no. 4959 against Winn-Dixie Stores, Inc. in the amount of $709,554.63 (the "Chemstar Prepetition Claim"). The parties have agreed that the Chemstar Prepetition Claim will be allowed as a non-priority unsecured claim in the amount filed. |

2

| Vendor | Rejected Contract | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| Freudenberg Household Products LP (f/k/a O-Cedar Brands, Inc.)("Freudenberg")<br><br>**Notice Party**<br>Freudenberg Household Products LP<br>P.O. Box 73181<br>Chicago, IL 60673-7181<br>Attn: Mary Jay | The agreement between Winn-Dixie Stores, Inc. and O-Cedar, supplier's predecessor, dated January 17, 2003, and any additional amendments thereto (the "Freudenberg Prepetition Supply Agreement") | Freudenberg provides mops, brooms and brushes to the Debtors for resale in their retail stores. The term of the Freudenberg Prepetition Supply Agreement is the longer of two years or until net purchase volume of $12,500,000 is achieved. In three plus years, the Debtors did not satisfy this volume requirement and it would take approximately three more years for the Debtors to satisfy this volume commitment. | The parties have agreed that (i) the claim scheduled by Winn-Dixie Logistics, Inc. (claim no. 33125) in the amount of $3,979.64 (the "Logistics Scheduled Claim") will be allowed in that amount, and (ii) the claim scheduled by Winn-Dixie Procurement, Inc. (claim no. 34856) in the amount of $153,853.29 will be disallowed and expunged in its entirety. |
| Freudenberg Household Products LP<br>505 No. Railroad Avenue<br>North Lake, IL 60164<br>Attn: Jim Castetter | | The new supply agreement does not obligate the Debtors to purchase a minimum volume of product. It does, however, increase the rebate in the Debtors' advertising/marketing fund based on net purchases from 6% under the Freudenberg Prepetition Supply Agreement to 8.5%. Freudenberg has also agreed to develop and provide the Debtors with new fixturing (shelving) for the retail stores. | By order dated April 20, 2006, proof of claim no. 3515 in the amount of $224,232.89 against Winn-Dixie Stores, Inc. was reduced and allowed as a non-priority unsecured claim in the amount of $170,160.59. |
| Freudenberg Household Products LP<br>505 No. Railroad Avenue<br>North Lake, IL 60164<br>Attn: Max Kley | | Freudenberg has agreed to waive and release all claims it or O-Cedar Brands, Inc. has or may have had against the Debtors (other than the Logistics Scheduled Claim, proof of claim no. 3515, and any unpaid postpetition invoices), including all claims for any amounts due as a result of failure to meet sales requirements and any other claims for rejection damages. | |

3

| Vendor | Rejected Contract | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| Handi-Foil Corporation ("Handi-foil")<br><br>**Notice Party**<br>Handi-Foil Corporation<br>135 East Hintz Rd.<br>Wheeling, IL 60090-6035<br>Attn: Rick McCormick, SVP<br>Corporate Sales & Marketing | Agreement between Winn-Dixie Stores, Inc. and Handi-foil Corporation, dated August 9, 2001, as modified by addendums dated December 19, 2001, and February 21, 2002, and any additional amendments thereto (collectively, the "Handi-Foil Prepetition Supply Agreement") | Handi-Foil provides foil products to the Debtors for resale in their retail stores. The term of the Handi-Foil Prepetition Supply Agreement is the longer of two years or until net purchase volume of $13,600,000 is achieved.<br><br>The new supply agreement does not require the Debtors to purchase a minimum volume of product. Moreover, the rebate allowance on net purchases of product was increased from 10% under the Handi-Foil Prepetition Supply Agreement to 15% under the new agreement. | Handi-Foil has also agreed to waive and release all claims it has or may have had against the Debtors (other than unpaid postpetition invoices), including all claims for repayment for any amounts due as a result of failure to meet sales requirements and any other claims for rejection damages. |

4

| Vendor | Rejected Contract | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| Southern Cleaning Services, Inc. ("Southern Cleaning")<br><br>**Notice Party:**<br>Southern Cleaning Services, Inc.<br>106 South Chalkville Road<br>Trussville, Alabama 35173<br>Attn: Dean Goforth<br><br>Larry D. Henin, Esq.<br>Anderson, Kill & Olick, P.C.<br>1251 Avenue of the Americas<br>New York, NY 10020 | Agreement between Winn-Dixie Stores, Inc. and Southern Cleaning Services, Inc., dated March 4, 2004 and any additional amendments thereto (the "Southern Cleaning Prepetition Supply Agreement") | Southern Cleaning provides floor care and janitorial cleaning services to the Debtors for their retail stores. Since the commencement of their bankruptcy cases, the Debtors have consolidated the number of floor care providers. As a result, the new contract with Southern Cleaning is on more favorable price terms, thus saving the Debtors' money. Moreover, the new agreement contains an enhanced audit program to ensure that the vendor complies with the applicable labor laws.<br><br>Southern Cleaning has also agreed to waive and release all claims it has or may have had against the Debtors (other than the Stores Prepetition Claim and any unpaid postpetition invoices), including all claims for rejection damages. | **Raleigh**<br>Winn-Dixie Raleigh, Inc. scheduled a claim (claim no. 36807) on behalf of Southern Cleaning in the amount of $21,800.54. Southern Cleaning filed proof of claim no. 6271 against Winn-Dixie Raleigh, Inc. in the amount of $292,689.36. The parties have agreed that both claims will be disallowed and expunged in their entirety.<br><br>**Stores**<br>Southern Cleaning filed proof of claim no. 6272 against Winn-Dixie Stores, Inc. in the amount of $292,689.36 (the "Stores Prepetition Claim"). The parties have agreed that the Stores Prepetition Claim will be allowed as a non-priority unsecured claim.<br><br>**Montgomery**<br>Winn-Dixie Montgomery, Inc. scheduled a claim (claim no. 34171) on behalf of Southern Cleaning in the amount of $270,888.82. Southern Cleaning filed proof of claim no. 6273 against Winn-Dixie Montgomery, Inc. in the amount of $292,689.36. The parties have agreed that both claims will be disallowed and expunged in their entirety. |

| Vendor | Rejected Contract | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| Vertis, Inc. ("Vertis")<br><br>**Notice Party:**<br>Vertis, Inc.<br>250 West Pratt St.<br>Suite 1800<br>Baltimore, MD 21201<br>Attn: David Laverty<br><br>Vertis, Inc.<br>7930 West Kenton Circle<br>Suite 3301<br>Huntersville, NC 28078<br>Attn: Keith Fleming<br><br>Vertis, Inc.<br>250 West Pratt St.<br>Suite 1800<br>Baltimore, MD 21201<br>Attn: Luke Brandonisio<br><br>John J. Cruciani, Esq.<br>Blackwell Sanders<br>Peper Martin LLP<br>4801 Main St.<br>Suite 1000<br>Kansas City, MO 64112 | Agreement between Winn-Dixie Stores, Inc. and Vertis, Inc., dated August 1, 2004, including any appendices and amendments (the "Vertis Prepetition Supply Agreement") | Prior to the Petition Date, the Debtors used Vertis' advertising services. The Debtors have entered into a new agreement with Vertis on more favorable terms, including better pricing that is expected to save the Debtors several million dollars.<br><br>Vertis has also agreed to waive and release all claims it has or may have had against the Debtors (other than the agreed reclamation claim, non-priority unsecured claim and any unpaid postpetition invoices), including any and all indemnification obligations, rights under Bankruptcy Code section 365(n), and any other claims for rejection damages. | Winn-Dixie Stores, Inc. scheduled a claim (claim no. 31816) on behalf of Vertis, which was superseded by proof of claim no. 7396 filed by Vertis, against Winn-Dixie Stores, Inc. in the amount of $629,889.90 (the "Vertis Proof of Claim"). The Vertis Proof of Claim is comprised of a non-priority unsecured claim in the amount of $445,904.79 and a reclamation claim in the amount of $183,985.11. Previously, the parties agreed that Vertis has an allowed reclamation claim in the amount of $34,071.34. The parties have further agreed that the Vertis Proof of Claim will be reduced and allowed as a non-priority unsecured claim in the amount of $595,818.56. |

EXHIBIT B

ORDER PURSUANT TO FIRST OMNIBUS MOTION
AUTHORIZING NEGOTIATED REJECTIONS OF EXECUTORY
CONTRACTS AND APPROVING RESOLUTION OF CLAIMS

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                     )    Case No. 05-03817-3F1
                        )
WINN-DIXIE STORES, INC., et al.,    )    *Chapter 11*
                        )
Debtors.                )    Jointly Administered
                        )

## ORDER PURSUANT TO FIRST OMNIBUS MOTION AUTHORIZING NEGOTIATED REJECTIONS OF EXECUTORY CONTRACTS AND APPROVING RESOLUTION OF CLAIMS

These cases came before the Court for hearing on October 5, 2006, upon the

motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an

order under 11 U.S.C. §§ 365 and 502 and Fed. R. Bankr. P. 6006 authorizing and approving the

Debtors' rejection of supply agreements with the vendors set forth on Exhibit A (collectively, the

"Prepetition Supply Agreements"), effective as of October 5, 2006, and the resolution of

associated claims (the "Motion").[1]  The Court has read the Motion and considered the

representations of counsel.  Upon the representations of counsel and without objection from the

United States Trustee or any other interested party, the Court determines that good cause exists

to grant the relief requested by the Motion and granting the relief is in the best interest of these

estates and creditors.  Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

---

[1]     All capitalized terms not otherwise defined shall have the meaning ascribed to those terms on Exhibit A.

2.      The Debtors are authorized to reject the Prepetition Supply Agreements pursuant to 11 U.S.C. § 365(a), and the Prepetition Supply Agreements are deemed rejected, effective as of October 5, 2006.

3.      All claims that ADVO, Inc. ("ADVO") has or may have had against the Debtors (except for an agreed unsecured non-priority claim (claim no. 2589) in the amount of $235,704.84, which is allowed, and any unpaid postpetition invoices) are waived.  ADVO shall have no rejection damages claim against the Debtors resulting from the rejection of the ADVO Prepetition Supply Agreement.

4.      All claims that Chemstar Corp. ("Chemstar") has or may have had against the Debtors (except for an agreed unsecured non-priority claim (claim no. 4959) in the amount of $709,554.63, which is allowed, and any unpaid postpetition invoices) are waived.  Chemstar shall have no rejection damages claim against the Debtors resulting from the rejection of the Chemstar Prepetition Supply Agreement.

5.      All claims that Freudenberg Household Products LP (f/k/a O-Cedar Brands, Inc.) ("Freudenberg") has or may have had against the Debtors (except for an agreed unsecured non-priority claim scheduled by Winn-Dixie Logistics, Inc. (claim no. 33125) in the amount of $3,979.64, which is allowed, an unsecured non-priority claim (claim no. 3515) against Winn-Dixie Stores, Inc. in the amount of $170,160.59, which has been allowed, and any unpaid postpetition invoices) are waived.  Freudenberg shall have no rejection damages claim against the Debtors resulting from the rejection of the Freudenberg Prepetition Supply Agreement.

6.      All claims that Handi-Foil Corporation ("Handi-Foil") has or may have had against the Debtors (except for any unpaid postpetition invoices) are waived.  Handi-Foil

shall have no rejection damages claim against the Debtors resulting from the rejection of the Handi-Foil Prepetition Supply Agreement.

7.     All claims that Southern Cleaning Services, Inc. ("Southern Cleaning") has or may have had against the Debtors (except for an agreed unsecured non-priority claim (claim no. 6272) in the amount of $292,689.36, which is allowed, and any unpaid postpetition invoices) are waived.  Southern Cleaning shall have no rejection damages claim against the Debtors resulting from the rejection of the Southern Cleaning Prepetition Supply Agreement.

8.     All claims that Vertis, Inc. ("Vertis") has or may have had against the Debtors (except for the agreed reclamation claim in the amount of $34,071.34, which is allowed, the non-priority unsecured claim (claim no. 7396) in the amount of $595,818.56, which is allowed, and any unpaid postpetition invoices) and rights under 11 U.S.C. § 365(n) are waived. Vertis shall have no rejection damages claim against the Debtors resulting from the rejection of the Vertis Prepetition Supply Agreement.

9.     Nothing in this Order constitutes a waiver of any claims the Debtors may have against the counterparty to the Prepetition Supply Agreements, whether or not related to the Prepetition Supply Agreements.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11.    The Court will retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

Dated this ____ day of October, 2006, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

**THE EXHIBIT TO BE ATTACHED TO THE ORDER WHEN ENTERED WILL BE THE SAME EXHIBIT THAT IS ATTACHED TO THE MOTION, WITH ANY NECESSARY MODIFICATIONS TO ADDRESS OBJECTIONS TO THE MOTION**