## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                              **Chapter 11**

**WINN-DIXIE STORES, INC.,** *et al.*,               **Case No.: 3:05-bk-3817-JAF**

       **Debtors.**                               **Hearing Date: To Be Determined**
_____/           **Response Due: September 19, 2006**

### MOTION OF QUINCY ASSOCIATES, LAKELAND PARTNERS, AND NORTHWOOD OAKS, LLC, COLLECTIVELY, TO DETERMINE CLAIM CLASSIFICATION

Quincy Associates, Lakeland Partners, and Northwood Oaks, LLC, (collectively, the "Landlords"), by their undersigned counsel, hereby collectively move this Court to determine the appropriate classification of their claims under the plan of reorganization (the "Plan") of Winn-Dixie Stores, Inc., *et al.*, (collectively, the "Debtors"):

### BACKGROUND

1.    The Landlords are claimants of the bankruptcy estate of the Debtors.  The Landlords claims arose from unpaid obligations due under non-residential real property leases between the Debtors and the Landlords, individually, relating to Winn-Dixie Store Numbers 184, 629 and 2249 (the "Leases").

2.    The Debtors have chosen to assume the Leases by way of the Second Omnibus Motion for Authority to (I) Assume Non-residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief (the "Lease Motion").  In relation to the Lease Motion, the Debtors and the Landlords have agreed on assumption of the Leases by the Debtors as well as the cure payment amounts that the Debtors must pay to cure the Leases.  Accordingly, the Landlords fully support the Lease Motion, which is scheduled to be heard by this Court on September 21, 2006.

3.      In particular, the Debtors and Quincy Associates, landlord for Winn-Dixie Store #184, have agreed to the cure payment amount of $55,612.57, the amount that is asserted in Quincy Associates Claim #13192.

4.      Also, the Debtors and Lakeland Partners, landlord for Winn-Dixie Store #629, have agreed to the cure payment amount of $62,253.64, the amount that is asserted in Lakeland Partners Claim #13190.

5.      In addition, the Debtors and Northwood Oaks, landlord for Winn-Dixie Store #2249, have agreed to the cure payment amount of $31,119.93, the amount that is asserted in Northwood Oaks Claim #13193 (collectively with claim #s 13190 and 13192, the "Claims").

6.      Based on the agreements between the Debtors and the Landlords, whereby the Debtors agreed to assume the Leases and make the cure payment amounts, the Landlords believe that the Claims are administrative claims against the Debtors and are to be paid in full pursuant to the Lease Motion.

7.      However, the Landlords recently received a "Ballot for Class 13 – Landlord Claims" and claim reduction forms for Class 13 Landlord Claims.  This suggests, contrary to the parties' agreements, that the Debtors intend to treat the Landlords' Claims as something less than administrative claims.[1]

## THE LANDLORDS' CLAIMS ARE ADMINISTRATIVE CLAIMS

8.      The issue between the parties as to the appropriate classification of the Landlords' Claims is properly summarized as whether the Landlords' Claims are now

---

[1] A party must file a motion requesting the Court to determine its Plan class if such party objects to the Debtors' classification of its claim.  The Landlords and the Debtors have agreed that the deadline for the Landlords to file a motion to request that this Court determine proper classification of the Landlords' Claims is September 19, 2006 (the "Classification Deadline").

administrative claims (as opposed to Class 13 Landlord Claims) based on the Debtors' agreements to assume the Leases and make the agreed-upon cure payments, or is administrative claim status to be accorded these Claims only after this Court enters an order approving the parties' agreements. The Landlords believe that their Claims are administrative claims now.

9.      Notwithstanding the parties' disagreement as to whether the Landlords have administrative claims now (or only after the Court approves their agreements), this issue is very likely to disappear once this Court hears the Lease Motion within two (2) days of the filing of this motion. Assuming that this Court enters an order approving the Lease Motion, it thereby will have approved the Debtors' agreements to assume the Leases and make the agreed cure payments. Consequently, any point of contention between the parties over the classification of the Landlords' Claims will be moot.

10.     Accordingly, the Landlords requested that Debtors' counsel agree to extend the Classification Deadline for only a few days so that the Court has time to adjudicate the Lease Motion. This would allow the Court to resolve the issue related to Claims classification, thus making it unnecessary for the parties to litigate the issue. Alternatively, the Landlords requested that Debtors' counsel agree to properly classify the Claims as administrative claims. Debtors' counsel, however, was unwilling to agree to either request.

11.     Therefore, since the Lease Motion will not be heard by this Court until two days after the Classification Deadline runs on September 19, 2006, out of an abundance of caution the Landlords are compelled to file this motion to determine

classification of its Claims.  In addition, the Landlords reserve all rights to make any other or further objections to Plan classification.

12.    Assuming that the Court approves the Lease Motion, the Landlords are likely to subsequently withdraw this motion.

WHEREFORE, the Landlords respectfully request this Court to enter an Order determining that the Landlords' Claims are administrative claims pursuant to the treatment of those Claims in Debtors' Plan and the Lease Motion, and to grant such other and further relief as is just and proper in this case.

Respectfully Submitted,


/s/ Jason Ward Johnson
Robert F. Higgins, Esquire
Florida Bar No.: 0150244
Jason Johnson, Esquire
Florida Bar No.: 0186538
**LOWNDES DROSDICK DOSTER
KANTOR & REED, P.A.**
215 North Eola Drive
Orlando, Florida 32801
Telephone No. 407-843-4600
Facsimile No. 407-843-4444


and

STRADLEY, RONON, STEVENS &
YOUNG, LLP
Michael P. Migliore (DE Bar #4331)
300 Delaware Avenue
Suite 800
Wilmington,  DE 19899
Telephone No. 302-576-5874
Facsimile No. 302-576-5858

Counsel for Quincy Associates, Lakeland
Partners, and Northwood Oaks, LLC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Motion Of Quincy Associates, Lakeland Partners, And Northwood Oaks, LLC, Collectively, To Determine Claim Classification* was filed with the Clerk of Court by using the Case Management/Electronic Case Filing ("CM/ECF") system which will send a notice of electronic filing, and I will complete service of the foregoing as required by Rule 5, *Federal Rules of Civil Procedure*, made applicable by Rule 7005, *Federal Rules of Bankruptcy Procedure*, to the following: Stephen D. Busey, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; David Jennis, Esq., Jennis & Bowen, P.L., 400 North Ashley Drive, Suite 2540, Tampa, Florida 33602; John B. Macdonald, Esq., Akerman, Senterfitt & Eidson, P.A., 50 North Laura Street, Suite 2500, Jacksonville, Florida 32202; Patrick P. Patangan, Esq., Akerman, Senterfitt & Eidson, P.A., 50 North Laura Street, Suite 2500, Jacksonville, Florida 32202; Elena L. Escamilla, Esq., Assistant United States Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801; Karol K. Denniston, Esq., Paul, Hastings, Janofsky & Waler, LLP, 600 Peachtree Street, Suite 2400, Atlanta, Georgia 30308; Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Plaza, New York, New York 10005; Adam Ravin, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, New York 10036; and D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, New York; this 19th day of September, 2006.

/s/ Jason Ward Johnson
Jason Ward Johnson