**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al*., | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to Docket No.  8941** |
| Debtors. | ) | |

**OBJECTION OF STOLTZ MANAGEMENT OF DELAWARE, INC.**
**TO DEBTOR'S SECOND OMNIBUS MOTION FOR AUTHORITY TO**
**(I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES,**
**(II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF**

Stoltz Management of Delaware, Inc. ("Stoltz"), as agent for Indiro Retail LLC and Semoran Retail LLC, by and through its undersigned counsel, hereby objects to the *Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief* [Docket No. 8941] ("Assumption Motion") and, in support of its objection, respectfully states as follows:

1.     The above-captioned debtors ("Debtors") are parties to two separate non-residential real property leases (jointly "Leases") located in Ft. Pierce, Florida ("Indiro Lease") and Orlando, Florida ("Semoran Lease"), respectively.

2.     On July 10, 2006, the Debtors filed the Motion, pursuant to which the Debtors are seeking authority to assume the Leases and fix cure amounts.

3.     In the Motion, the Debtors propose to pay $32,756.35 to cure defaults that exist under the Semoran Lease.  The true amount necessary to cure defaults that exist under the Semoran Lease through the date hereof is $51,198.69 ("Partial Cure Amount"). Additionally, the Debtors are required to pay all amounts that become due under both Leases from the date of this

objection through the "Effective Date."[1] Accordingly, Stoltz objects to any assumption of the Leases absent payment to Stoltz of the Partial Cure Amount, plus any additional amounts that may accrue prior to the Effective Date ("Full Cure Amounts").  11 U.S.C. § 365(b)(1).

WHEREFORE, Stoltz respectfully requests that this Court enter an order that requires the Debtors to pay, as a condition precedent to any assumption of the Leases, the Full Cure Amounts, and that grants Stoltz such further and additional relief as the Court may deem just and proper.

Dated: September 19, 2006          CONNOLLY BOVE LODGE & HUTZ LLP

                                   **/s/ Jeffrey C. Wisler**
                                   Jeffrey C. Wisler
                                   Christina M. Thompson
                                   The Nemours Building
                                   1007 North Orange Street
                                   P.O. Box 2207
                                   Wilmington, Delaware 19899
                                   Telephone: (302) 658-9141
#488537                            Counsel for Stoltz Management of Delaware, Inc.

---

[1] As defined in the Motion.