UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| _____ | ) | |

### AMENDED RESPONSE OF MIKE HOGAN, TAX COLLECTOR FOR DUVAL COUNTY, FLORIDA AND JAMES N. OVERTON, PROPERTY APPRAISER FOR DUVAL COUNTY, FLORIDA TO THE DEBTORS' OBJECTION TO FLORIDA TAX CLAIMS AND MOTION FOR AN ORDER DETERMINING TAX LIABILITIES

Mike Hogan, as Tax Collector for Duval County, Florida (the "Duval County Tax Collector"), and James N. Overton, as Property Appraiser for Duval County, Florida (the "Duval County Property Appraiser"), respond to the debtors' Objection to the Florida Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 10046) as follows:

1. Winn-Dixie Stores, Inc. ("Winn-Dixie"), individually and through its various subsidiaries and affiliates, operates a chain of retail grocery stores throughout the Southeast, including numerous stores, warehouses and corporate offices in Jacksonville, Duval County Florida.

2. The Duval County Tax Collector is responsible for the collection of various *ad valorem* and tangible personal property taxes levied on real and personal property located in Duval County, Florida. The Duval County Property Appraiser is responsible for the assessment of such taxes.

3. The Duval County Property Appraiser assessed Winn-Dixie's real and tangible personal property for tax purposes for tax years 2004 and 2005. After applying the appropriate millage, the total tax resulting from the assessed value was $6,448,549.40. A consolidated proof of claim for the unpaid portion of those taxes and accrued interest due the Duval County Tax Collector was filed by a consortium of Florida Tax Collectors on November 22, 2005, and was designated as Claim No. 12566.

4. On August 8, 2006, Winn-Dixie filed an objection to Claim No. 12566 and coupled that objection with a request that the Court (i) reassess the value of the personal and real property upon which Winn-Dixie's tax liability is based; and (ii) recalculate Winn-Dixie's property taxes for 2004 through 2006 based on that reassessment. In so doing, Winn-Dixie seeks a decrease in the assessed value of its personal and real property in Duval County from $6,448,549.40 to $5,206,101.10, a difference of nearly 20%. Winn-Dixie has also challenged the interest rate accruing on those taxes suggesting that the statutory rate of interest constitutes a penalty and is therefore unenforceable.

5. The relief requested by Winn-Dixie's objection and motion is not permitted under applicable law for the following reasons:

(i) The debtor's tangible personal property tax returns constitute an admission against its own interest; Winn-Dixie is estopped from challenging the assessments based on its own valuations.

(ii) At no time prior to the filing of this motion did Winn-Dixie challenge under state law the valuation or assessment of its tangible personal property and *ad valorem* taxes for tax years 2004 and 2005. Pursuant to 11 U.S.C. § 505(a)(2)(B), a debtor may not utilize


§ 505(a) to achieve a tax refund unless and until a request for a refund has first been submitted to the taxing authority. *See e.g. In re Custom Dist. Services*, 224 F.3d 235, 243 (3rd Cir. 2000)("Section 505(a)(2)(B) prohibits the bankruptcy court from adjudicating the right of an estate to a tax refund unless the trustee has first requested a refund from the government authority administering the tax and was refused"); *In re EUA Power Corp. (Great Bay Power Corp. v. Town of Seabrook, NH)*, 184 B.R. 631, 634 (Bankr. N.H. 1995) (Bankruptcy Court "has no jurisdiction to consider and determine the question of a tax refund where a trustee or debtor-in-possession did not request an abatement or refund with the applicable taxing agency within the time required by state law"); and *In re Cumberland Farms, Inc. (Cumberland Farms, Inc. v. Town of Barnstable)*, 175 B.R. 138, 142 (Allowing debtors to utilize § 505(a) to recover "taxes paid many years before raises havoc with the financial stability of a city or town . . .").[1]  Furthermore, the bankruptcy court lacks jurisdiction to permit an offset against future tax liabilities unrelated to the tax years referenced in Duval County's proof of claim. 11 US.C. § 106(b). Winn-Dixie's motion, which seeks a refund of taxes previously paid or, alternatively, to "offset amounts which were overpaid for prior years against liabilities on other present or future amounts due" is nothing more than a thinly veiled attempt to circumvent the limitations of § 505(a)(2)(B).

---

[1] Winn-Dixie cites *U.S. v. Kearns*, 17 F.3d 706 (8th Cir. 1999) as support for the proposition that "a debtor need not first direct a refund to the Taxing Authority under § 505(a)(2)(B)" "sought as an offset." The *Kearns* case involved a setoff of taxes for unreported income against a tax refund claim and is inapplicable to the instant dispute. In fact, *Kearns* has been rejected in a context similar to that presented here. *See In re Farmland Industries, Inc.*, 336 B.R. 415, 419 (Bankr. W.D. Missouri) ("§ 505(a)(2)(B) requires compliance with the procedures of the applicable taxing authority as a condition to the bankruptcy court's authority to determine the merits of a debtor's request for tax refunds in *all* situations other than the narrow exception presented in *Kearns*").

(iii) Winn-Dixie seeks to revalue its personal property for tax purposes based on such factors as "the distressed business environment in which the Debtors operated . . ." and "the value realized by the Debtors upon the sale of their assets both prior to and during the course of the Chapter 11 cases." Liquidation or forced sale value has little relation to actual market value, which is the measure by which the assessments at issue are to be determined. *In re Cable & Wireless USA, Inc.*, 331 B.R. 568, 579 (D. Del. 2005) ("'Fair Market Value' means neither panic value, auction value, speculative value, nor a value fixed by depressed or inflated prices. In fact, a market may be established only where there are willing sellers and buyers in substantial numbers"). Winn-Dixie's methodology for challenging its *ad valorem* and tangible personal property tax assessments is therefore flawed.

(iv) Article VII, § 4 of the Florida Constitution requires the legislature to establish uniform methods for valuing all types of property for tax assessment purposes. *Interlachen Lakes Estates, Inc. v. Snyder*, 304 So.2d 433 (Fla. 1973). In furtherance of this Constitutional directive, the legislature has established eight factors to be considered in arriving at just valuations for *all types* of property. § 193.011, Florida Statutes. Valuation methods which depart from the enumerated factors are unconstitutional and invalid. *Id.*; *See also, Valencia Center Inc. v. Bystrom*, 543 So.2d 214 (Fla. 1989)(valuation methodology unique to property subject to pre-1965 lease agreements is invalid). Winn-Dixie's appraisal does not include a proper consideration of the § 193.011 factors. Section 505(a)(2) does not provide an independent basis for assessing taxes. *See e.g., In re Litestream Technologies, LLC*, 337 B.R. 705, 709 (Bankr. M.D. Fla. 2006) ("Although Section 505(a) gives the debtor

a renewed opportunity to contest its taxes, the standards to be applied in determining the amount of those taxes are those established by state law").

(v) Twenty-Eight U.S.C. § 1341 (The Tax Injunction Act), and 11 U.S.C. § 362(b)(18), preclude this Court from enjoining or otherwise interfering with the assessment of state *ad valorem* property taxes.

(vi) The statutory time period for contesting the 2004 property tax assessments has expired and the tax rolls have been closed. Winn-Dixie did not challenge the assessments within the time limits prescribed by § 194.171(2), Florida Statutes. Winn-Dixie has therefore waived its right to challenge the assessment at this late date. *See e.g. Ward v. Brown*, 894 So. 2d 811 (Fla. 2004). Though § 505(a) permits a debtor to seek an adjustment of its tax liabilities under certain circumstances, it cannot be utilized to revive a previously expired statute of limitations for challenging the property valuation.

(vii) The majority of Winn-Dixie stores located within Duval County, Florida are believed to be leased store locations. Winn-Dixie may not utilize § 505(a) to change the assessments on real property which it does not own, or to adjust the tax liabilities of the non-debtor property owners. *United States v. Huckabee Auto Co.*, 783 F. 2d 1546, 1549 (11th Cir. 1986) ("The jurisdiction of the bankruptcy courts emcompasses determinations of the tax liabilities of debtors who file petitions for relief under the bankruptcy laws. It does not, however, extend to the separate liabilities of taxpayers who are not debtors under the Bankruptcy Code"). In Florida, tax assessments may only be challenged by a party responsible for the payment of the tax. If the responsible person is not the owner of the property, then, as a prerequisite to challenging the assessment, the responsible person must

obtain the written consent of the owner to challenge the assessment for the *entire* parcel at issue. § 194.181(1)(a), Florida Statutes. Assuming consent to challenge the assessments is contained in the applicable leases, Winn-Dixie would still have no standing, and this Court would have no jurisdiction, to challenge an assessment on any "subpart" of the tax parcels at issue.

(ix) To the extent Winn-Dixie seeks to challenge the assessments of its property, Winn-Dixie has failed to join indispensable parties to the motion, namely, the Property Appraiser for each Florida county included in the motion.

(x) The statutory rate of interest for the unpaid property taxes is 18%. Statutory interest rates as high as 18% have been found by this Court and other courts throughout this district to be non-punitive in nature. *See e.g. In re Cone Constructors, Inc.*, 304 B.R. 513, 517 (Bankr. M.D. Fla. 2003)(statutory rate of 18% "is not wholly disproportionate or excessive in relation to market risks and conditions"); *In re Liuzzo*, 204 B.R. 235, 240 (Bankr. N.D. Fla. 1996)("I cannot find that the statutory rate of interest in § 197.172 constitutes a penalty with regard to either the pre-petition taxes or the post-petition taxes"); and *In re Haskell*, 252 B.R. 236, 242 (Bankr. M.D. Fla. 2000)("[T]he statutory rate [of interest] does not constitute a penalty"). Given the market risks associated with Winn-Dixie's current financial condition, the applicable interest rate of 18% cannot be shown to be so disproportionate to current interest rates to constitute a penalty. Establishing an appropriate interest rate is in any event a plan confirmation issue, not a matter to be addressed under § 505(a) of the Code.

WHEREFORE, the Duval County Tax Collector and the Duval County Property Appraiser request (i) that Winn-Dixie's objection to Claim No. 12566 be overruled, (ii) that Winn-Dixie's motion to determine tax liability be denied, and (iii) that the Court grant such other relief as is appropriate.

                              **STUTSMAN THAMES & MARKEY, P.A.**

                              */s/ Richard R. Thames*
By_____
                            Richard R. Thames

Florida Bar Number 0718459
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rthames@stutsman-thames.com

Attorneys for Mike Hogan, Tax Collector for Duval County, Florida and James N. Overton, Property Appraiser for Duval County, Florida

## Certificate of Service

I hereby certify on September 20, 2006, the foregoing document was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
patrick.pantangan@akerman.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

Adam Ravin, Esq.  
Skadden, Arps, Slate, Meagher & Flom LLP  
Four Times Square  
New York, New York 10036  
(212) 735-3000  
(212) 735-2000 (facsimile)  
aravin@skadden.com

D.J. Baker, Esq.  
Skadden, Arps, Slat, Meagher, & Flom, LLP  
Four Times Square  
New York, New York 10036  
(212) 735-3000  
(212) 735-2000 (facsimile)  
dbaker@skadden.com

/s/ *Richard R. Thames*
_____
Attorney

60508