**IN THE UNITED STATE BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division**

| | |
|---|---|
| In re | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al.* | Case No. 05-03817-3F1 |
| Debtor. | Jointly Administered |
| _____/ | |

**SUPPLEMENT TO OBJECTION OF F.R.O., LLC VIII TO PROPOSED CURE AMOUNT IN DEBTORS' SECOND OMNIBUS MOTION FOR AUTHORITY TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF**

F.R.O., LLC VIII ("F.R.O."), by counsel, supplements the Objection (defined below) with the following:

1.  On July 25, 2006, F.R.O. filed its Objection of F.R.O., LLC VIII to Proposed Cure Amount in Debtors' Second Omnibus Motion for Authority to (i) Assume Non-Residential Real Property Leases, (ii) Fix Cure Amounts, and (iii) Grant Related Relief (the "Objection") (Docket No. 9484) asserting that the proper cure amount for the Lease[1] is $19,460.86, plus attorneys' fees incurred by F.R.O. in the preparation of the Objection (the "Cure Amount").

2.  The Debtors have acknowledged that the proper cure amount is at least $19,460.86. See Objection.

3.  The Debtors are required to pay interest on the Cure Amount at the applicable rate under Alabama law to adequately cure the default and compensate F.R.O. for its pecuniary loss. *See In re Eagle Bus Manufacturing Inc.,* 148 B.R. 481, 482-83 (Bankr. S.D. Tex. 1992); *In re Hillsborough Holdings Corp., et al.*, 126 B.R. 895, 898 (Bankr. M.D. Fla 1991).

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

4.       The Debtors propose to pay the cure amount upon the effective date of the Plan, a date as yet unspecified and uncertain. Such a delayed payment is not a prompt cure as required by the Bankruptcy Code. The undisputed portion of the cure amount should be paid promptly upon entry of an order authorizing the assumption of the Lease.

5.       F.R.O. incorporates and relies upon the September 18, 2006, e-mail from Debtors' counsel stating that the Court will not conduct an evidentiary hearing on the Cure Amount at the September 21, 2006 hearing. A copy of this e-mail is attached as Exhibit A.

WHEREFORE, F.R.O. supplements the Objection to include the above and requests that the Court set the cure amount at $19,460.86, plus attorneys fees and interest and direct its payment upon entry of an order authorizing assumption of the Lease.

Dated: September 20, 2006         Respectfully submitted,

ARENT FOX PLLC

 /s/ Mary Joanne Dowd
Mary Joanne Dowd (Florida Bar No. 368970)
Jeffrey N. Rothleder
Arent Fox PLLC
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202/857-6059
Fax: 202/857-6395
Email: dowd.mary@arentfox.com

Counsel for F.R.O., LLC VIII

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 20th day of September, 2006, a true and correct copy of the foregoing has been furnished via electronic transmission or first-class mail to counsel for the Debtor: D.J. Baker, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036, djbaker@skadden.com and Cynthia Jackson, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, cjackson@smithhulsey.com, counsel to the Committee: Dennis F. Dunne, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005, ddune@milbank.com and John B. MacDonald, Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202, john.macdonald@akerman.com, and the Office of the United States Trustee, 135 W. Central Boulevard, Suite 620, Orlando, FL 32801.

                                                                                         */s/ Mary Joanne Dowd*
                                                                                         Mary Joanne Dowd