UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

---------------------------------------------------x
In re:                                              Chapter 11

**WINN DIXIE STORES, INC.,** *et al.*               Case No. 05-3817-3F1


               **Debtor.**                  (Jointly Administered)
---------------------------------------------------x

## NOTICE REGARDING TRANSFER OF CLAIM NO. 13004
## PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3001(e)(2)

   To:    CAPX Realty, LLC
           c/o Zachary J. Bancroft, Esq.
           P.O. Box 2809
           Orlando, FL  32802
           (407) 843-4600

Your general unsecured claim, as evidenced by your proofs of claim in the aggregate amount of $1,312,988.29 (date stamped March 22, 2006, and docketed as Claim No. 13004, a copy of which is attached as Exhibit A) against Winn-Dixie Stores, Inc. the debtor and debtor in possession in the above-captioned case, has been transferred, pursuant to the terms of Evidence of Transfer of Claims (attached hereto as <u>Exhibit B)</u> to Merrill Lynch , Pierce, Fenner & Smith Incorporated ("<u>Transferee</u>"), its successors and assigns, with offices located at:

        Merrill Lynch , Pierce, Fenner & Smith Incorporated
        4 World Financial Center, 7th Floor
        New York, New York 10080
        Attention: Christopher Moon
        Tel.: (212) 449-4969

No action is required if you do not object to the transfer of your claim.  However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE YOU MUST FILE A WRITTEN OBJECTION WITH:**

               United States Bankruptcy Court
               Middle District of Florida
               Attn: Claims Processing Center
               300 North Hogan Street
               Winn-Dixie Claim Docketing
               Jacksonville, Florida  32202

dc-463539

SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.
Refer to Internal Control No. _____ in your objection.
IF YOU FILE AN OBJECTION, A HEARING WILL BE SCHEDULED.
IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.

_____Clerk of the Court_____

FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2006.

INTERNAL CONTROL NO._____
Copy to Transferee:         _____
Claims Agent Noticed: _____

 

_____
Deputy Clerk

# EXHIBIT A

Proof of Claim

FORM B10 (Official Form 10) (9/97) 890708

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA | | AMENDED PROOF OF CLAIM |
|---|---|---|
| Name of Debtor **WINN-DIXIE STORES, INC.** | Case Number **05-03817-3F1** | DEBTOR: WINN-DIXIE STORES, INC. BANKRUPTCY COURT M D -FLORIDA JOINTLY ADMINISTERED UNDER CASE 05-03817 (3F1) CHAPTER 11 CLAIM NO.: 13004 |

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case A "request" for payment of an administrative expense may be filed pursuant to 11 U S C §503

| Name of Creditor (The person or other entity to whom the debtor owes money or property) **CAPX REALTY, LLC, a Delaware limited liability company** | □ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| Name and address where notices should be sent **ZACHARY J. BANCROFT, ESQ.** **P.O. Box 2809, Orlando FL 32802** **Telephone number: 407-843-4600**  H23157 | □ Check box if you have never received any notices from the bankruptcy court in this case □ Check box if the address differs from the address on the envelope sent to you by the court | |
| Account or other number by which creditor identifies debtor **SITE DESCRIPTION.:, STORE #2294, OVIEDO FLORIDA** | Check here if this claim ■ replaces a previously filed claim, dated **10/24/05** ■ amends | |

| 1. Basis for Claim  □ Goods sold  □ Services performed  □ Money loaned  □ Personal injury/wrongful death  □ Taxes  ☒ Other Rejected Lease of Nonresidential Real Property | □ Retiree benefits as defined in 11 U S C §1114(a)  □ Wages, salaries, and compensation (fill out below)  Your SS # ___ ___ ___  Unpaid compensation for services performed  from _____ to _____  (date)   (date) |
|---|---|
| 2. Date debt was incurred: **8/26/99** | 3. If court judgment, date obtained: |

**4. Total Amount of Claim at Time Case Filed:    $1,312,988.29  (SEE ATTACHED)**

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below
□ Check this box if claim includes interest or other charges in addition to the principal amount of the claim  Attach itemized statement of all interest or additional charges

| 5. Secured Claim.  □ Check this box if your claim is secured by collateral (including a right of setoff)  Brief Description of Collateral  □ Real Estate  □ Motor Vehicle  □ Other _____  Value of Collateral $_____  Amount of arrearage and other charges at time case filed included in secured claim, if any $_____ | 6. Unsecured Priority Claim.  □ Check this box if you have an unsecured priority claim  Amount entitled to priority $_____  Specify the priority of the claim  □ Wages, salaries, or commissions (up to $4650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U S C §507(a)(3)  □ Contributions to an employee benefit plan – 11 U S C §507(a)(4)  □ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U S C §507(a)(6)  □ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U S C §507(a)(7)  □ Taxes or penalties owed to governmental units - 11 U S C §507(a)(8)  □ Other – Specify applicable paragraph of 11 U S C §507(a)(__)  * Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment |
|---|---|

| 7. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim  8. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien  DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary  9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim | THIS SPACE IS FOR COURT USE ONLY  [Received stamp: U.S. BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA 2006 MAR 22 AM 9:07 LOGAN RECEIVED AS CERTIFIED AGENCY] |
|---|---|
| Date  **March 20, 2006** | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)  BY: _[signature]_  **ZACHARY J. BANCROFT, ESQ., ATTORNEY FOR CREDITOR** |

*Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571 (*)*

195052/115852/890708/3

## EXHIBIT "A" TO PROOF OF CLAIM

Rejection Damage Claim (see attached worksheet):

Greater of 1 year's rent or 15% of balance of Lease not to exceed three years' rent, pursuant to §502(b)(6)(A) of the Bankruptcy Code:

    One year's rent:          $570,753.20
    Three year's rent:       $1,712,259.60
    Balance of Lease:       $8,753,255.26
    15% of Balance of Lease  $1,312,988.29 (not to exceed $1,712,259.60)

**Total Rejection Damage Claim**..................................................................**$1,312,988.29**

0095052/115852/891178/2

OVIEDO FLORIDA - STORE NO. 2294

| Year | Base Rent | Real Estate Taxes* | Insurance Premium* | Mass. Required Tax on Ins. Premium (4% of premium) | Partial Year | Yearly Rent | Yearly Total |
|---|---|---|---|---|---|---|---|
| 2005 | $435,824.68 | $62,128.52 | $70,000.00 | $2,800.00 | $491,004.12 | $570,753.20 | $491,004.12 |
| 2006 | $435,824.68 | $63,992.38 | $72,100.00 | $2,884.00 | | $574,801.06 | $574,801.06 |
| 2007 | $435,824.68 | $65,912.15 | $74,263.00 | $2,970.52 | | $578,970.35 | $578,970.35 |
| 2008 | $435,824.68 | $67,889.51 | $76,490.89 | $3,059.64 | | $583,264.72 | $583,264.72 |
| 2009 | $435,824.68 | $69,926.20 | $78,785.62 | $3,151.42 | | $587,687.92 | $587,687.92 |
| 2010 | $435,824.68 | $72,023.98 | $81,149.19 | $3,245.97 | | $592,243.82 | $592,243.82 |
| 2011 | $435,824.68 | $74,184.70 | $83,583.66 | $3,343.35 | | $596,936.39 | $596,936.39 |
| 2012 | $435,824.68 | $76,410.24 | $86,091.17 | $3,443.65 | | $601,769.74 | $601,769.74 |
| 2013 | $435,824.68 | $78,702.55 | $88,673.91 | $3,546.96 | | $606,748.09 | $606,748.09 |
| 2014 | $435,824.68 | $81,063.63 | $91,334.12 | $3,653.36 | | $611,875.79 | $611,875.79 |
| 2015 | $435,824.68 | $83,495.54 | $94,074.15 | $3,762.97 | | $617,157.33 | $617,157.33 |
| 2016 | $435,824.68 | $86,000.40 | $96,896.37 | $3,875.85 | | $622,597.31 | $622,597.31 |
| 2017 | $435,824.68 | $88,580.41 | $99,803.26 | $3,992.13 | | $628,200.49 | $628,200.49 |
| 2018 | $435,824.68 | $91,237.83 | $102,797.36 | $4,111.89 | | $633,971.76 | $633,971.76 |
| 2019 | $435,824.68 | $93,974.96 | $105,881.28 | $4,235.25 | $426,026.38 | $639,916.17 | $426,026.38 |

| | | |
|---|---|---|
| | Balance of Lease | $8,753,255.26 |
| *Assumes a yearly 3% increase | 15% of Balance of Lease | $1,312,988.29 |
| Effective Rejection Date = February 21, 2005 (the Petition Date) | | |
| 314 Lease Days in 2005 | | |
| 243 Lease Days in 2019 | TOTAL DAMAGES: | $1,312,988.29 |
| (lease expires 8/31/19) | | |

## Exhibit "B" - Standing to File Claim and Explanation of Amendment

Capital Crossing Bank, a Massachusetts trust company ("Capital Crossing"), was the owner and holder of that certain Orlando 99-FL, LLC 7.57% Secured Note Due June 1, 2019, dated September 15, 2005, in the original principal amount of $2,457,285.48 from Orlando 99-FL, LLC ("Orlando 99") to Capital Crossing (the "CCB Note"). Merrill Lynch Pierce Fenner & Smith Incorporated, a Delaware corporation ("Merrill Lynch") was the owner and holder of that certain Orlando 99-FL, LLC 7.57% Secured Note Due June 1, 2019, dated as of September 15, 2005, in the original principal amount of $2,457,285.48 from Orlando 99 to Merrill Lynch (the "ML Note") (the CCB Note and the ML Note collectively the "Notes"). The Notes are serviced by Wells Fargo Bank Northwest, National Association f/k/a First Security Bank, National Association ("Wells Fargo"), as Trustee under the Indenture, dated as of August 26, 1999 from Orlando 99, as grantor, to the Trustee and Val T. Orton, as individual Trustee (collectively, the "Trustees"). The CCB Note and ML Note have been surrendered in exchange for a new 7.57% Secured Note Due June 1, 2019, in favor of CAPX Realty, LLC, a Delaware limited liability company (the "CAPX Note").

Orlando 99-FL, LLC ("Orlando 99") has executed That certain Open-End Mortgage, Security Agreement and Fixture Filing from Orlando 99 to Trustees dated August 26, 1999 and recorded on September 13, 1999 in Official Records Book 3722, Page 1432, Public Records of Seminole County, Florida, and re-recorded in Official Records Book 3751, Page 331, Public Records of Seminole County, Florida (the "Mortgage"), and that certain Assignment of Lease and Agreement from Orlando 99 to Trustees dated August 26, 1999 and recorded on September 13, 1999 in Official Records Book 3722, Page 1481, Public Records of Seminole County, Florida, and re-recorded in Official Records Book 3751, Page 382, Public Records of Seminole County, Florida (the "Assignment of Lease"), and all related loan documents, amendments and modifications thereto (collectively the "Security Documents"). The CAPX Note is secured by the Security Documents.

The Trustees have executed a limited power of attorney that gives CAPX the right to, among other things, enforce the Security Documents (the "POA"). CAPX has the right, power, authority and duty to enforce the CAPX Note and Security Documents

As a result of the rejection of that certain Lease Agreement dated August 26, 1999, by and between Orlando 99 and Winn-Dixie Stores, Inc., and all documents, amendments and modifications thereto (the "Lease"), there has been a default under the Security Documents. Upon such a default, As such, the Trustees are entitled to receive all rents generated by the Lease, including rejection damages. Pursuant to the POA, CAPX is filing this amended rejection claim.

With respect to the basis for the amendment to the original claim, Winn-Dixie was permitted to self-insure pursuant to the terms of the Lease. Since the Lease was rejected, the Landlord was required to obtain insurance for the property that is the subject of the Mortgage (the "Property"), but did not know the cost of said insurance at the time if filed the original claim. However, CAPX's predecessor-in-interest, Capital Crossing, specifically reserved the right to modify the amount of the original claim based upon discovering the amount necessary to insure the property.

0095052\115852\891171\2



**GREATAMERICAN.**
INSURANCE GROUP

**PREMIER LENDERS PROTECTION**
**COMMERCIAL PROPERTY COVERAGE PART DECLARATIONS**

**Policy No. 5860279**   Effective Date: <u>July 1, 2004</u> (12 01 A.M. Standard Time)   ☐ "X" if Supplemental Declaration attached

Capital Crossing Bank
101 Summer Street
Boston, MA 02110

Real Estate Owned Property or Mortgagee Interest Property as reported on our Reporting Schedule. "Real Estate Owned Property" means property that an Named Insured holds an ownership interest (whether as a result of purchase, acquisition, foreclosure, transfer of title or voluntary conveyance) or an insurable interest as a trustee or servicing agent for others. "Mortgagee Interest" means the Named Insured holds a mortgage or security interest in collateral, or services the mortgage or security interest of others.

| Coverages | Limit Of Insurance | Covered Causes Of Loss | Co-Insurance | Settlement Basis | Annual Rates* |
|---|---|---|---|---|---|
| FORCED PLACED PROPERTY (Per Location)· | | | | | |
| Residential Property – Occupied/Vacant : | $5,000,000 | Special Form | None | Replacement Cost | $1.10 |
| Commercial Property – Occupied: | $5,000,000 | Special Form | None | Replacement Cost | $1 50 |
| Commercial Property – Vacant : | $5,000,000 | Special Form | None | Replacement Cost | $2.00 |
| REAL ESTATE OWNED PROPERTY (Per Location)· | | | | | |
| Residential Property – Occupied/Vacant : | $5,000,000 | Special Form | 80% | Replacement Cost | $0.90 |
| Commercial Property – Occupied: | $5,000,000 | Special Form | 80% | Replacement Cost | $1.15 |
| Commercial Property – Vacant : | ≤ $5,000,000 | Special Form | 80% | Replacement Cost | $1.40 |
| Mobile Homes (Per Location): | $5,000,000 | Special Form | None | Replacement Cost | $2.50 |
| Builders Risk | $5,000,000 | Special Form | None | Replacement Cost | 100% of property rates |
| Business Income (ill. Loss of Rents): | $5,000,000 | Income/Rents | None | (No Agreed Value) | 100% of property rates |
| Residential Personal Property: | $5,000,000 | Named Perils | None | Actual Cash Value | 100% of property rates |
| Commercial Personal Property | $5,000,000 | Named Perils | None | Actual Cash Value | 100% of property rates |
| Earthquake (Per Occurrence Excl. CA): | $5,000,000 | --- | None | Replacement Cost | Included |
| Earthquake (Annual Aggregate): | $10,000,000 | --- | None | Replacement Cost | Included |
| Coastal Wind & Hail (Annual Aggregate): | $10,000,000 | --- | None | Replacement Cost | Included |

* Per $100 of Reported Value - Real Estate Owned or Mortgagee Interest (Refer to IL MP 01 02 02 Premium Reporting) and do not Include 3% California Surplus Lines Tax and .025% California Stamping Fee

Residential Property       (Per Location):  $    1,000 (all Perils except Flood, Earthquake and Coastal Wind/Hail)
Commercial Property      (Per Location):  $    5,000 (all Perils except Flood, Earthquake and Coastal Wind/Hail)
Earthquake – Excl. CA    (Per Location):  $ 100,000 (Refer to CP P2 05 11 01)
Windstorm & Hail            (Coastal Counties): $   10,000 or 3% [Specified Coastal Areas Only] (Refer to CP P2 04 11 01)

Not Applicable. Additional security interests may be added by endorsement, as applicable.

Per FORMS SCHEDULE – PROPERTY (CP P0 02 11 00)

THESE DECLARATIONS ARE PART OF THE COMMON POLICY DECLARATIONS CONTAINING THE NAME OF THE INSURED AND THE POLICY PERIOD

CP P0 01 11 00

RECORD AND RETURN TO:

Zachary J. Bancroft, Esquire
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
Post Office Box 2809
Orlando, Florida 32802-2809

---

## LIMITED POWER OF ATTORNEY
## FROM TRUSTEE AND INDIVIDUAL TRUSTEE

WHEREAS, pursuant to that certain Indenture, dated as of August 26, 1999 (the "Indenture"), among ORLANDO 99-FL, LLC, a Florida limited liability company, as owner of certain real property described in the Indenture ("Owner"), WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION, successor by merger to FIRST SECURITY BANK, NATIONAL ASSOCIATION, as Trustee under the Indenture, (the "Trustee"), and VAL T. ORTON, as Individual Trustee under the Indenture (the "Individual Trustee") (the Trustee and Individual Trustee collectively the "Trustees"), the Trustees are granted certain powers, responsibilities and authority in connection with its servicing, administration and enforcement of that certain Open-End Mortgage, Security Agreement and Fixture Filing from Owner to Trustees, dated as of August 26, 1999, recorded on September 13, 1999 in Official Records Book 3722, Page 1432, Public Records of Seminole County, Florida, and re-recorded in Official Records Book 3751, Page 331, Public Records of Seminole County, Florida (the "Mortgage"), and that that certain Assignment of Lease and Agreement from Owner to Trustees dated August 26, 1999 and recorded on September 13, 1999 in Official Records Book 3722, Page 1481, Public Records of Seminole County, Florida, and re-recorded in Official Records Book 3751, Page 382, Public Records of Seminole County, Florida (the "Assignment of Lease"), and all related loan documents, amendments and modifications thereto (collectively the "Security Documents");

WHEREAS, CAPITAL CROSSING BANK, a Massachusetts trust company ("Capital Crossing"), is the owner and holder of an Orlando 99-FL, LLC 7.57% Secured Note Due June 1, 2019, dated as of September 15, 2005, in the original principal amount of $2,457,285.48 (the "CCB Note");

WHEREAS, MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED, a Delaware corporation ("Merrill Lynch"), is the owner and holder of an Orlando 99-FL, LLC 7.57% Secured Note Due June 1, 2019, dated as of September 15, 2005, in the original principal amount of $2,457,285.48 (the "ML Note");

WHEREAS, the CCB Note and ML Note constitute all of the outstanding notes issued pursuant to the Indenture;

WHEREAS, pursuant to a servicing agreement between Capital Crossing and Merrill Lynch, Capital Crossing has the right, power and authority to take any and all actions necessary to enforce the Security Documents;

0095057\1158852\80092913

WHEREAS, pursuant to an agreement between Capital Crossing and Merrill Lynch, the CCB Note and the ML Note will be re-issued as a single note in the amount of $4,914,570.96 in favor of CAPX REALTY, LLC, a Delaware limited liability company ("CAPX"), and CAPX shall have the right, power and authority to enforce the Security Documents to the same extent that Capital Crossing could enforce the Security Documents,

WHEREAS, as a result of an event of default under the Security Documents, CAPX has requested that the Trustees grant it this limited power of attorney to take certain actions to enforce the Security Documents.

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS:

The Trustees do make, constitute and appoint CAPX REALTY, LLC, a Delaware limited liability company, their true and lawful agent and attorney in fact to take any and all actions that the Trustees could take pursuant to the Indenture and applicable law to enforce the Security Documents, including, without limitation, the power to: (i) bring an action to foreclose the Mortgage; (ii) seek the appointment of a receiver; (iii) seek the assignment of rents pursuant the Assignment of Lease and applicable law; (iv) file or take assignment of a proof of claim in that certain bankruptcy proceeding styled as *In re Winn-Dixie Stores, Inc*, Case No. 05-03817-3F1, United States Bankruptcy Court, Middle District of Florida, Jacksonville Division (the "Winn-Dixie Bankruptcy"); (v) take any other actions in connection with the enforcement of the Security Documents in the Winn-Dixie Bankruptcy; and (vi) take any and all other action and seek any other remedy as may be provided for by the Security Documents and applicable law

## ARTICLE I

The enumeration of particular powers hereinabove is not intended in any way to limit the grant to CAPX as the Trustees' attorney in fact of full power and authority with respect to the enforcement of the Security Documents to execute and deliver any such documents, instrument or other writing as fully, in all intents and purposes, as Trustees might or could do if personally present. The Trustees hereby ratify and confirm whatsoever such attorney in fact shall and may do by virtue hereof, and the Trustees agree and represent to those dealing with such attorney in fact that they may rely upon this power of attorney until termination of the power of attorney under the provisions of Article III below. Any and all third parties dealing with CAPX as the Trustee's attorney in fact may rely completely, unconditionally and conclusively on CAPX's authority and need not make inquiry about whether CAPX is acting pursuant to the Indenture or such standard.

## ARTICLE II

An act or thing lawfully done hereunder by CAPX shall be binding on the Trustees and the Trustees' successor and assigns.

[SIGNATURES APPEAR ON THE FOLLOWING PAGE]

IN WITNESS WHEREOF, the Trustees have caused this instrument to be executed and its corporate seal to be affixed hereto by its officer duly authorized as of the ___ day of February, 2006.

**"TRUSTEE"**

**WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION**, as Trustee under that certain Indenture dated as of August 26, 1999

By: _____
Name: Val T. Orton
Title: Vice President

**"INDIVIDUAL TRUSTEE"**

_____
**VAL T. ORTON**, as Individual Trustee under that certain Indenture dated as of August 26, 1999

STATE OF UTAH       )
                    ) ss:
COUNTY OF SALT LAKE )

On the 7th day of February, 2006, before me, a notary public in and for said State, personally appeared Val T. Orton, known to me to be a Vice President of **WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION**, one of the entities/persons to have executed the within instrument, and also known to me to be the person who executed it on behalf of such entity, and acknowledged to me that such entity executed the within instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

(NOTARY SEAL)

_____
Notary Public Signature

_____
(Name typed, printed or stamped) ELIZABETH A. DURFEE
Notary Public, State of Utah
Commission No.: _____
My Commission Expires: _____



NOTARY PUBLIC
ELIZABETH A. DURFEE
299 South Main Street, 12th Flr
Salt Lake City, UT 84111
My Commission Expires Nov 22 2007
State of Utah

00950521115852689092913                3

STATE OF UTAH            )
                         )    ss:
COUNTY OF SALT LAKE      )

On the 7th day of February, 2006, before me, a notary public in and for said State, personally appeared **VAL T. ORTON**, who is personally known to me or produced _____ as identification, and acknowledged the foregoing instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

(NOTARY SEAL)

_____
Notary Public Signature

**ELIZABETH A. DURFEE**
_____
(Name typed, printed or stamped)
Notary Public, State of Utah
Commission No : _____
My Commission Expires: _____



0095052\115852\890929\3                   4

# Seminole County Tax Collector Property Tax Search Results

Tax Estimator   Back to Search Options   Current 2005 Millage Rates

| *The information contained herein does not constitute a title search and should not be relied on as such.* ||
|---|---|
| **Parcel Number:** 31-21-31-300-0050-0000 | **Owner & Address:**<br>ORLANDO 99-FL LLC<br><br>2800 W MARCH LN STE 250<br>STOCKTON CA 95219 |
| **Requester IP:** 216.199.48.14   **Date:** 10/20/2005 | |
| **Tax Year:** 2005 | |
| **Total Assessed Value:** $3,949,494<br>**Taxable Value:** $3,949,494<br>**Gross Tax Amount:** $64,717.21<br>**Millage Code:** 01 | **Exemptions:** *NONE*   Questions About Exemptions?<br><br>Widow, Disability, or Other:<br>Homestead:<br><br>Map and Property Appraiser Information |
| **Legal Description:**<br>(Continuation on Tax Roll) | SEC 31 TWP 21S RGE 31E W 1/2 OF SE 1/4 OF NE 1/4 (LESS PT SWLY OF DEAN RD & NWLY OF ST RD 426 & FROM E 1/4 COR SEC RUN W 685.87 |
| **Current Year Tax:** ||
| **Amount Due Now:**               $62,128.52 | **If Payment Received By:** 11-30-2005 |

**Amounts due if POSTMARKED on or before date shown:**

| NOV 30 | DEC 31 | JAN 31 | FEB 28 | MAR 31 |
|---|---|---|---|---|
| $62,128.52 | $62,775.69 | $63,422.87 | $64,070.04 | $64,717.21 |

**Other Comments:**

**Non-Ad Valorem Assessments:** *NONE*

**Prior Years Unpaid Delinquent Taxes:** *NONE* – Do not use this information for a title search. Current and historical legal descriptions may differ.

\* UNPAID DELINQUENT TAXES MUST BE PAID BY A CASHIERS CHECK, MONEY ORDER, DEBIT CARD OR CERTIFIED FUNDS AND ARE DUE BY THE LAST BUSINESS DAY OF THE MONTH.

## EXHIBIT B

Evidence of Transfer of Claim

## EVIDENCE OF TRANSFER OF CLAIM

**TO:    THE DEBTORS AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, CAPX Realty, LLC ("*Assignor*") hereby unconditionally and irrevocably sells, transfers and assigns to Merrill Lynch, Pierce, Fenner & Smith Incorporated (the "*Assignee*"), all right, title, interest, claims and causes of action in and to, or arising under or in connection with unsecured nonpriority claim relating to Proof of Claim Number 13004 for Store 2294 in Orlando, Florida ( the "*Rejection Claim*") timely filed by Assignor, each in the amount of $1,312,988.29 against Winn-Dixie Stores, Inc. ( the "*Debtor*") as debtor-in-possession in the chapter 11 case, Case No. 05-03817-3F1 (Jointly Administered), pending in the United States Bankruptcy Court for the Middle District of Florida (the "*Bankruptcy Court*").

Assignor hereby waives any objection to the transfer of the Rejection Claim to Assignee on the books and records of the Debtors and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Rejection Claim and recognizing the Assignee as the sole owners and holders of the Rejection Claim. Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Rejection Claim, and all payments or distributions of money or property in respect of the Rejection Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF REJECTION CLAIM IS EXECUTED THIS 12 day of September, 2006.

**CAPX Realty, LLC**
By: Capital Crossing Bank, its sole member

By: _____
Name: Christopher P. Hickey
Title: Senior Vice President


Merrill Lynch, Pierce, Fenner & Smith Incorporated, as Assignee

By: _____
Name: Tm Greene
Title: Managing Director

dc-454027