**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

In Re:

WINN DIXIE STORES, INC., et al.          CASE NO.      3:05-bk-03817-JAF
                                          CHAPTER      11
                                          Jointly Administered

        Debtor(s).

_____ /

**QUIGLEY CORPORATION'S (CLAIM NO. 2646) RESPONSE TO DEBTORS'**
**NINETEENTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO**
**LIABILITY MISCLASSIFIED CLAIMS, (C) WORKERS COMPENSATION CLAIMS,**
**AND (D) WORKERS COMPENSATION MISCLASSIFIED CLAIMS**

        Comes now, Creditor, Quigley Corporation ("Quigley" or "Creditor"), by its undersigned attorneys, and for its Response to Debtor's Nineteenth Omnibus Objection to Claims would state and show unto the Court that:

        1.      Debtor(s) filed the original petition under Chapter 11 of the Bankruptcy Code on February 21, 2005.  All parties in interest including the debtor(s), debtor(s') attorney and the United States Trustee are being served with copies of the Response.

        2.      On or about August 30, 2006, the Debtors filed their Nineteenth Omnibus Objection to Claims (the "Objection").

        3.      The Objection seeks to disallow Claim No. 2646 timely filed by Quigley in the unsecured amount of $58,975.03 (the "Claim").

        4.      The Objection alleges that the Claim is subject to certain, chargebacks and setoffs which negate the Claim in full. However, the Objection is facially deficient in that it fails to describe the alleged chargebacks and setoffs with any specificity and fails to attach any supporting documentation.

        5.      Quigley has researched its internal records and is unable to locate any documents or information that would support the Debtors' contentions contained within the Objection.

        WHEREFORE, Creditor prays:

        a. That Debtors' Objection to Claim be denied;

        b. That Claim No. 2646 filed by Creditor be allowed as a general unsecured claim in the amount of $58,975.03; and

404948v1 992173.0001

c. That the Court grant such other and further relief that it deems just and proper.

Tripp Scott, PA
110 SE 6th Street, 15th Floor
Fort Lauderdale, Florida 33301
Phone (954) 525-7500
Fax    (954) 762-2502
jgb@trippscott.com; dst@trippscott.com

BY:   /s/ John G. Bianco, III
John G. Bianco, III, Esquire
Florida Bar Number 0886955

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the Response to Debtor(s')
Nineteenth Omnibus Objection was furnished by  electronic mail or U.S. Mail to:  Debtor(s),
Winn Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, Florida 32254-3699; Debtor(s')
Attorney, Adam Ravin, Esq., Four Times Square, New York, NY 10036; Allan E. Wulbern,
Esq., 225 Water Street, Suite #1800, Jacksonville, Florida 32202; James H. Post, Esq., 225
Water Street, Suite #1800, Jacksonville, Florida 32202; David L. Gay, Esq., 11 E. Forsyth Street,
Apt. #1408, Jacksonville, Florida 32202; US Trustee – JAX, 135 W. Central Boulevard, #620,
Orlando, Florida 32801; Elena L. Escamilla, 135 W. Central Boulevard, #620, Orlando, Florida
32801; Dennis Dunne, Counsel for Unsecured Creditors Committee, 1 Chase Manhattan Plaza,
New York, NY 10005; and John B. MacDonald, Counsel for Unsecured Creditors Committee,
50 North Laura Street, #2500, Jacksonville, Florida 32202, on this  **21**st day of  **September,
2006**.

*/s/ John G. Bianco, III, Esquire*
John G. Bianco, III, Esquire

404948v1 992173.0001