UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER (I) AUTHORIZING ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASE FOR STORE NO. 207, (II) FIXING CURE AMOUNTS AND (III) GRANTING RELATED RELIEF**

These cases came before the Court for hearing upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105(a) and 365 (Docket No. 8941) (the "Motion"), (i) approving and authorizing the Debtors to assume non-residential real property leases identified on Exhibit A attached to the Motion, effective as of the effective date of the Debtors' joint plan of reorganization (Docket No. 10058) (the "Effective Date"),[1] (ii) fixing the costs of assumption at the proposed cure amounts identified on Exhibit B attached to the Motion (collectively, the "Proposed Cure Amounts"), and (iii) granting related relief. By the Motion, the landlords were given until June 30, 2006 to object to the Motion and the Proposed Cure Amounts. Heritage SPE, LLC ("Heritage"), landlord for Store Number 207, filed an objection to the Proposed Cure Amounts for Heritage's lease of Store Number 207 (the "Heritage Lease") (the "Cure

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

\4172119.1

Objection") and to the Debtors' assumption of the Heritage Lease (the "Assumption Objection"). The Court has reviewed the Motion and Heritage's objections and upon consent of the parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted as to the Heritage Lease.

2. The Assumption Objection is overruled.

3. The Debtors are authorized to assume the Heritage Lease pursuant to 11 U.S.C. § 365(a), effective as of the Effective Date.

4. On the Effective Date, the Debtors will pay Heritage $62,391.31, plus any other charges, obligations, or amounts that may come due under the Lease on or before the Effective Date that have not been paid.

5. The Debtors shall be obligated to satisfy any and all obligations under the Lease after the Effective Date, including but not limited to paying any charges, obligations, or amounts that may relate back or have been incurred before the Effective Date but which do not come due until after the Effective Date.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The Court retains jurisdiction to hear and determine any disputes over the amounts required to cure any defaults under the Heritage Lease as of the Effective Date, and all other matters arising from the implementation of this Order.

\4172119.1

\4172119.1

8. In the event the Effective Date does not occur, this Order shall be null and void.

Dated this 21 day of September, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion

00544157.DOC