B210
(12/04)

# United States Bankruptcy Court

## MIDDLE DISTRICT OF FLORIDA

In re  
WINN-DIXIE STORES, INC. ET AL

Case No. 05-03817-3F1

Court ID (Court use only)_____

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| **Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA** | **UPCHURCH WATSON WHITE & MAX MEDIATION GROUP** |
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent | Court Record Address of Transferor (Court Use Only) |
| **Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA** <br> **C/O Benjamin Tarver** <br> **11152 Westheimer Road #796** <br> **Houston, TX  77042** | |
| Phone: **713-491-4351**_____ | |
| Last Four Digits of Acct #: **n/a**_____ | Last Four Digits of Acct. #: _____ |
| Name and Address where transferee payments should be sent (if different from above) <br> *****SAME AS ABOVE***** | Name and Current Address of Transferor <br> UPCHURCH WATSON WHITE & <br> MAX MEDIATION GROUP |
| Phone: | 2000A SOUTHBRIDGE PARKWAY SUITE 400  , <br> BIRMINGHAM, AL, 35209 |
| Court Claim # (if known): 3610_____ <br> Date Claim Filed: 6/6/2005 | |

**AMOUNT OF CLAIM TRANSFERRED $926.25**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: **/s/ Benjamin D. Tarver**          Date:  September 22, 2006  
Transferee/Transferee's Agent  
*Penalty for making a  false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

~~DEADLINE TO OBJECT TO TRANSFER~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                              _____  
                                              **CLERK OF THE COURT**

4810


New York • Houston

## TRANSFER OF CLAIM

Upchurch Watson White &, 2000A Southbridge Parkway Suite 400, Max Mediation Group, Birmingham, AL 35209 ("Assignor"), in consideration of payment of ▓▓▓▓(the "Payment"), hereby absolutely and unconditionally sells, transfers and assigns unto Equity Trust Co. CUSTFBOBDTARV ("Assignee"), all of Assignor's rights, title and interest in and to all of Assignor's claims that have either been scheduled or for which a Proof of Claim has been filed (collectively the "Claim") against Winn-Dixie Stores, Inc. Et AL and any and all related debtors (collectively "Debtor") in the proceedings for reorganization in the United States Bankruptcy Court, Middle District Of Florida, Case Number 05-03817-3Fi, or any case that is jointly-administered with this case (the "Proceedings").

Assignor represents and warrants that: (i) the Claim is valid, undisputed, liquidated and non-contingent; (ii) Assignor has not previously assigned, sold or pledged all or any part of the Claim to any third party; (iii) Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever; (iv) Assignor is duly authorized to execute and perform this agreement. If all or any part of the Claim is disallowed in the Proceedings for any reason whatsoever, Assignor shall, on demand immediately repay to Assignee, the pro rata portion of the Payment.

Assignor irrevocably appoints Assignee as its attorney-in-fact with respect to all aspects of the Claim and grants Assignee full and absolute authority to do all things that Assignee, in its full and absolute discretion, deems necessary to enforce the Claim and Assignor's rights thereunder, specifically including, but not limited to, the rights to: (i) endorse Assignor's name on any and all checks or other property received in payment of the claim; (ii) vote the claim; and (iii) change Assignor's address of record to that of Assignee. Assignor shall forward to Assignee all notices and payments Assignor receives from Debtor, the Court or any third party with respect to the Claim and shall provide Assignee with all information and documents to support or substantiate the Claim as Assignee may from time to time request.

The terms of this Assignment of Bankruptcy Claim shall bind and inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor acknowledges that Assignee may at any time reassign the Claim, together with all rights, title and interest of Assignee in and to this Assignment of Bankruptcy Claim. All of Assignor's representations, warranties and obligations herein shall survive the execution and delivery of this Assignment of Bankruptcy Claim and any such re-assignment.

CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Bankruptcy Claim and hereby waives its right to raise any objections thereto and waives its right to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

Upchurch Watson White &

_____
Authorized Signature

Michael B Walls / Partner
Print Name & Title

205) 9339033
Phone Number

MWALL@UWW-ADR.COM
Email

9/20/06
Date

FAX TO 1-800-571-9226