IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

THE BEN TOBIN COMPANIES, LTD.,   CASE NO:  04 06352 CA 05

   Plaintiff,

v.

WINN-DIXIE STORES, INC., a
Florida corporation,

   Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Winn-Dixie Stores, Inc. ("Winn-Dixie"), by and through undersigned counsel, hereby answers the Amended Complaint of Plaintiff The Ben Tobin Companies, Inc. ("Ben Tobin"), and asserts affirmatives defenses thereto, as follows:

### ANSWER

1. Winn-Dixie admits the allegations contained in paragraph 1 of the Amended Complaint.

2. Winn-Dixie admits the allegations contained in paragraph 2 of the Amended Complaint.

3. Winn-Dixie denies that it is liable to Ben Tobin for damages in any amount.

4. Winn-Dixie denies the allegations contained in paragraph 4 of the Amended Complaint.

5. Winn-Dixie admits the allegations contained in paragraph 5 of the Amended Complaint.

6. Winn-Dixie admits the allegations contained in paragraph 6 of the Amended Complaint.

7. Winn-Dixie admits that Winn-Dixie Louisville, Inc., a Kentucky corporation was a subsidiary of Winn-Dixie Stores, Inc.

8. Winn-Dixie admits the allegations contained in paragraph 8 of the Amended Complaint. Winn-Dixie denies the remaining allegations of paragraph 8.

9. Winn-Dixie denies the allegations contained in paragraph 11 of the Amended Complaint as the Lease speaks for itself.

10. Winn-Dixie admit that Winn-Dixie Charlotte, Inc. is a subsidiary of Winn-Dixie Stores, Inc. Winn-Dixie denies the remaining allegations of paragraph 10.

11. Winn-Dixie denies the allegations contained in paragraph 11 of the Amended Complaint as the Lease speaks for itself.

12. Winn-Dixie denies the allegations contained in paragraph 12 of the Amended Complaint as the Lease speaks for itself.

13. Winn-Dixie admits the allegations contained in paragraph 13 of the Amended Complaint.

14. Winn-Dixie is without knowledge of the allegations contained in paragraph 14 of the Amended Complaint and therefore denies same.

15. Winn-Dixie admits that the quoted portion of the Lease set forth in paragraph 15 of the Amended Complaint is an accurate but incomplete quotation. Winn-Dixie denies the remaining allegations contained in paragraph 15 of the Amended Complaint as the Lease speaks for itself.

16. Winn-Dixie is without knowledge of the allegations contained in paragraph 16 of the Amended Complaint and therefore denies same.

17. Winn-Dixie is without knowledge of the allegations contained in paragraph 17 of the Amended Complaint and therefore denies same.

18. Winn-Dixie admits that the quoted portion of the Lease set forth in paragraph 18 of the Amended Complaint is an accurate but incomplete quotation. Winn-Dixie denies the remaining allegations contained in paragraph 18 of the Amended Complaint as the Lease speaks for itself.

19. Winn-Dixie denies the allegations contained in paragraph 19 of the Amended Complaint as referenced deeds speak for themselves.

20. Winn-Dixie admits that the quoted portion of the guaranty set forth in paragraph 20 of the Amended Complaint is an accurate but incomplete quotation. Winn-Dixie denies the remaining allegations contained in paragraph 20 of the Amended Complaint as the guaranty speaks for itself.

21. Winn-Dixie admits the allegations contained in paragraph 21 of the Amended Complaint.

22. Winn-Dixie admits that the bankruptcy court in the Fleming bankruptcy rejected the Lease, but otherwise is without knowledge regarding the allegations contained in paragraph 22 of the Amended Complaint and therefore denies same.

23. Winn-Dixie admits that the Supplemental Lease Agreement attached as Exhibit E to the Amended Complaint is an accurate copy of same, but otherwise denies the allegations contained in paragraph 23 of the Amended Complaint as the Supplemental Lease Agreement speaks for itself.

KAUFMAN DICKSTEIN & GRUNSPAN P.A.
SUITE 4650 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2358 • TEL. (305) 372-5200

the notice required by paragraph 32 of the lease, and by the subleasing of the premises to a third party without notice to or the consent of guarantor Winn-Dixie Stores, Inc.

Second Affirmative Defense - Prior Breach of Lease. Ben Tobin is estopped from enforcing the guaranty because it is estopped from enforcing the underlying lease obligation due to Ben Tobin's prior breach of paragraph 32 of the lease, specifically by the failure to notify either the lessee or guarantor of the change in landlords.

Third Affirmative Defense - Estoppel. Ben Tobin is estopped from enforcing the guaranty by virtue of its dealing with the sub-lessee(s) as direct lessees to the exclusion of Winn-Dixie for many years and by virtue of the material alterations to the underlying lease obligation without notice to or the consent of guarantor Winn-Dixie Stores, Inc. Specifically, and without limitation, the underlying lease obligation was materially altered by extending the lease obligation for an additional five years, by transferring the lease to a new landlord without the notice required by paragraph 32 of the lease, and by the subleasing of the premises to a third party without notice to or the consent of guarantor Winn-Dixie Stores, Inc.

Fourth Affirmative Defense - Waiver. Ben Tobin has waived its rights to enforce the guaranty by virtue of its dealing with the sub-lessee(s) as direct lessees to the exclusion of Winn-Dixie for many years and by virtue of the material alterations to the underlying lease obligation without notice to or the consent of guarantor Winn-Dixie Stores, Inc. Specifically, and without limitation, the underlying lease obligation was materially altered by extending the lease obligation for an additional five years, by transferring the lease to a new landlord without the notice required by paragraph 32 of

5

KAUFMAN DICKSTEIN & GRUNSPAN P.A.
SUITE 4650 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2358 • TEL. (305) 372-5200

the lease, and by the subleasing of the premises to a third party without notice to or the consent of guarantor Winn-Dixie Stores, Inc.

Fifth Affirmative Defense - The Claim is Premature. This action is premature in that Ben Tobin has a direct claim against the Fleming Companies in bankruptcy and any amount received from the bankruptcy estate will reduce and/or eliminate the damages sought herein. The action should be stayed pending the resolution of Ben Tobin's claim in the bankruptcy.

Sixth Affirmative Defense - Failure to Mitigate. Ben Tobin has failed to mitigate its damages by failing to re-let the subject premises.

Respectfully submitted,

KAUFMAN DICKSTEIN & GRUNSPAN, P.A.
Wachovia Financial Center
200 South Biscayne Boulevard/Suite 4650
Miami, Florida 33131
(305) 372-5200

By_____
DAVID JAMES SMITH, ESQ.
FLA BAR NO. 0876119

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile and U.S. mail to the following on this ___ day of August 2004:

Vincent E. Damian, Jr.
Salomon, Kanner, Damian & Rodriguez, P.A.
80 S.W. 8th Street/Suite 2550
Miami, Florida 33130

By_____
DAVID JAMES SMITH, ESQ.

6