Hearing Date: October 12, 2006, 1:30 p.m.
Objection Deadline: October 5, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

## DEBTORS' FIFTH OMNIBUS MOTION FOR ORDER AUTHORIZING ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND FIXING CURE AMOUNTS

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 authorizing and approving the assumption of the prepetition contracts and leases set forth on the attached Exhibit A (the "Contracts"), effective as of the effective date of the Debtors' proposed plan of reorganization (the "Effective Date"), and fixing the cure amount for each of the Contracts as set forth on Exhibit A (the "Motion"). In support of the Motion, the Debtors state as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      On June 29, 2006, the Debtors filed a proposed Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors  (the "Disclosure Statement"), together with a proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"). The Disclosure Statement was approved by Order of the Court dated August 4, 2006. The hearing to consider confirmation of the Plan is scheduled to commence on October 13, 2006.

5.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.      The statutory predicates for the relief requested by this Motion are Sections 105(a) and 365 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

7.      By this Motion, the Debtors seek an order of the Court, pursuant to Sections 105(a) and 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules, approving the assumption of the Contracts as of the Effective Date and fixing the cure amount for each of the Contracts.  If there is no Effective Date, the Contracts will not be assumed by the Debtors and no payments will be made on such cure amounts.

8.      To the extent that they are in default under the Contracts, assumption of the Contracts will require that the Debtors satisfy Section 365(b) of the Bankruptcy Code by paying the applicable non-Debtor counter parties to the Contracts (the "Counter Parties") a cure amount. Included in Exhibit A to this Motion are the respective cure amounts that the Debtors believe are owed to the Counter Parties with respect to the Contracts (the "Proposed Cure Amounts").

9.      The Debtors seek certainty as to the Proposed Cure Amounts.  Therefore, to the extent that a Counter Party disputes the Proposed Cure Amount or otherwise objects to the Motion, the Counter Party must file an objection with the Court and serve the objection on the Debtors on or before October 5, 2006 (the "Objection Deadline").  In the absence of a timely objection, the Counter Party will be deemed to have consented to the assumption of the Contract and the Proposed Cure, will be barred from asserting a larger claim for cure, and will be deemed to have waived all claims under the Contract against the Debtors other than the Proposed Cure Amount.

10.      If a Counter Party asserts a cure amount that is higher than the Proposed Cure Amount, or for any other reason, the Debtors reserve the right, in their discretion, prior to the entry of an order approving this Motion, to withdraw any Contract from Exhibit A, and to alternatively seek by separate motion to reject or otherwise dispose of such Contract.

3

## Basis for Relief

11.    As part of their restructuring, the Debtors have undertaken a comprehensive review and analysis of each of the Contracts, together with the consequences and costs of assumption or rejection.  Based upon this analysis, including the anticipated cost reflected by the Proposed Cure Amount, the Debtors have at this time determined that assumption of the Contracts is in the best interests of the Debtors and their estates.  The Contracts are for goods and services that are used in the operation of the Debtors' businesses.  Assumption will allow the Debtors to realize the benefits of the Contracts.

12.    To the extent that there has been a default under the Contracts, the Debtors represent that the requirements of Section 365(b) of the Bankruptcy Code will be satisfied through (a) payment of the Proposed Cure Amount, which will cure such default and compensate the applicable Counter Party for any actual pecuniary loss resulting from such default and (b) the Debtors' continuing business operations, which will provide adequate assurance of future performance under the Contracts.

## Applicable Authority

13.    Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365.  "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'"  Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

14.    A debtor's decision to assume or reject a contract or unexpired lease is subject to review under the business judgment standard.  See Byrd v. Gardinier, Inc. (In re Gardinier), 831

F.2d 974, 975 n.2 (11th Cir. 1987); In re Orion Pictures Corp., 4 F.3d at 1098-99.  Under this

standard, the debtor's assumption of a contract or lease is appropriate if it will benefit the estate.

See Westshire, Inc. v. Trident Shipworks, Inc., 247 B.R. 856 (M.D. Fla. 2000).  Upon finding that a

debtor has exercised its sound business judgment in determining that assumption of a particular

executory contract is in the best interests of the debtor's estate, the bankruptcy court should approve

assumption under Section 365(a) of the Bankruptcy Code.  See In re Gucci, 193 B.R. 411, 415-17

(S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon

determining that assumption "was in the best interest of the estate"); Blue Cross Blue Shield of

Conn. v. Gurski (In re Gurski), Nos. 94-51202 & 3:95CV1883, 1996 WL 684397, at *2 (D. Conn.

Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial

to the debtor such that the debtor could assume them under Section 365(a)).  In the case of

assumption, "[t]he § 365 election permits a trustee to … continue performance on a contract which

will benefit the estate."  In re Diamond Mfg. Co., 164 B.R. 189 (Bankr. S.D. Ga. 1994) (citing In re

Brada Miller Freight Sys., Inc., 702 F.2d 890, 893-894 (11th Cir. 1983)).  The Debtors respectfully

submit that, as described in paragraph 11 above, they have satisfied the business judgment standard

for assuming the Contracts.

15.     The Debtors recognize that as to those Contracts as to which a default has

occurred, Section 365(b) of the Bankruptcy Code imposes an obligation upon the Debtors to (a)

cure or provide adequate assurance to the Counter Party to such Contract that the Debtors will cure

such default, (b) compensate or provide adequate assurance that the Debtors will promptly

compensate the Counter Party to such Contract for any actual pecuniary loss to such Counter Party

resulting from such default, and (c) provide adequate assurance of future performance under such

Contract.  As set forth in paragraph 12 above above, these obligations are satisfied.

**Notice**

16.    Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Counter Parties.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B (a) authorizing and approving the assumption of the Contracts effective as of Effective Date and (b) fixing the costs of assumption at the Proposed Cure Amounts set forth on Exhibit A and (ii) grant such other and further relief as the Court deems just and proper.

Dated:  September 22, 2006.

SKADDEN, ARPS, SLATE, MEAGHER                 SMITH HULSEY & BUSEY
& FLOM LLP

By ___*s/ D. J. Baker*___                                  By ___*s/ Cynthia C. Jackson*___
      D. J. Baker                                                     Stephen D. Busey
      Sally McDonald Henry                                    James H. Post
      Rosalie Walker Gray                                       Cynthia C. Jackson,
      David M. Turetsky                                          Florida Bar Number 498882
Four Times Square                                          225 Water Street, Suite 1800
New York, New York 10036                             Jacksonville, Florida  32202
(212) 735-3000                                               (904) 359-7700
(212) 735-2000 (facsimile)                              (904) 359-7708 (facsimile)
djbaker@skadden.com                                     cjackson@smithhulsey.com

Co-Counsel for the Debtors                              Co-Counsel for the Debtors

**Exhibit A**

Exhibit A

Contracts for Assumption

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | Fitzgerald | Supply Agreement | | **AIR PRODUCTS & CHEMICALS INC.** | 7201 Hamilton Blvd. Allentown, PA 18195 | Nitrogen tank & chemicals for Fitzgerald location | $2,323.11 |
| Winn-Dixie Procurement, Inc. | | Product Purchase | | **THE EARTHGRAINS COMPANY, A DIVISION OF SARA LEE BAKERY GROUP** | Att'n: Martha Uhlhorn Att'n: Jerri Winslow, Manager, National Accounts 8400 Maryland Ave. St. Louis, MO  63105 | Agreement between Winn-Dixie Procurement Inc. and The Earthgrains Company, dated Augusty 6, 2001, as amended | $0.00 |
| Winn-Dixie Stores, Inc. | | Card Processing Agreement | | **FIRST DATA CORP / IPS CARD SOLUTIONS, INC. D/B/A VALUELINK** | Att'n: Larry Thomas 12500 East Belford Avenue  #M12B Englewood, CO  80112 P.O. Box 2021 Englewood, CO  80150-2021 | Stored Value Card Processing Agreement dated as of April 24, 2003, as may be amended from time to time | $322,808.76 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | **MICROSTRATEGY** | 1861 International Drive McLean, VA  22102 | Intelligence Server ENT, Architect, Desktop Designer, Administrator, Web Analyst | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | **MICROSTRATEGY** | See Above | Intelligence Server, Desktop Designer, Analyst | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | **MICROSTRATEGY** | See Above | Microstrategy Server, Desktop, and Web Bronze Support | $0.00 |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | | **MICROSTRATEGY** | See Above | Microstrategy Intelligence Server Standard Edition 7.5, Olap Services, Web Professional and Web Upgrade Analyst to Professional 7.5 | $0.00 |

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER PURSUANT TO FIFTH OMNIBUS MOTION (I) AUTHORIZING**
**ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
**AND (II) FIXING CURE AMOUNTS**

These cases came before the Court for hearing on October 12, 2006, upon the motion

of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-

captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the

"Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006

(a) authorizing and approving the assumption of the prepetition contracts and leases set forth

on the attached Exhibit A (the "Contracts"), effective as of the effective date of the Debtors'

joint plan of reorganization (the "Effective Date") and (b) fixing the costs of assumption at the

Proposed Cure Amounts identified on Exhibit A (the "Motion").[1]  By the Motion, the Counter

Parties to the Contracts were given until October 5, 2006 to object to the Proposed Cure

Amounts.  Upon consideration, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

---

[1]      All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to
them in the Motion.

2.      The Debtors are authorized to assume the Contracts pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the Effective Date.  The Debtors' assumption of the Contracts as of, and upon the occurrence of, the Effective Date is approved.

3.      For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amounts owed by the Debtors with respect to the Contracts are the Proposed Cure Amounts listed on Exhibit A.

4.      The Counter Parties listed on Exhibit A are deemed to have waived any and all claims they may have against the Debtors for cure or compensation under their respective Contracts listed on Exhibit A, except for the Proposed Cure Amount.

5.      The Proposed Cure Amounts shall be paid by the Debtors on or as soon as practicable after the Effective Date.

6.      The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to each of the Contracts.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8.      The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

9.      In the event the Debtors' joint plan of reorganization is not confirmed or does

not become effective, this Order shall be null and void.

Dated October ___, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

**THE EXHIBIT TO BE ATTACHED TO THE ORDER WHEN ENTERED WILL BE THE SAME EXHIBIT THAT IS ATTACHED TO THE MOTION, WITH ANY NECESSARY MODIFICATIONS TO ADDRESS OBJECTIONS TO THE MOTION**