Hearing Date: October 12, 2006, 1:30 p.m.
Objection Deadline: October 5, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |

## DEBTORS' FOURTH OMNIBUS MOTION FOR ORDER AUTHORIZING NEGOTIATED ASSUMPTIONS OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND GRANTING RELATED RELIEF

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 authorizing and approving the negotiated assumptions of the prepetition contracts and leases listed on the attached Exhibits A, B, and C (the "Contracts") on the terms set forth below and on Exhibits A, B, and C and providing related relief, effective as of the effective date of the Debtors' proposed joint plan of reorganization (the "Effective Date") (the "Motion"). In support of the Motion, the Debtors state as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2.  The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.  On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.  On June 29, 2006, the Debtors filed a proposed Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors  (the "Disclosure Statement"), together with a proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"). The Disclosure Statement was approved by Order of the Court dated August 4, 2006. The hearing to consider confirmation of the Plan is scheduled to commence on October 13, 2006.

5.  This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.  The statutory predicates for the relief requested by this Motion are Sections 105(a) and 365 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2

**Relevant Facts**

7.      As part of their restructuring, the Debtors have undertaken a comprehensive review and analysis of each of the Contracts, together with the consequences and costs of assumption or rejection.  During the course of this process, the Debtors and the Debtors' restructuring advisors, XRoads Solutions Group LLC, have engaged in negotiations with the non-Debtor counter-parties to the Contracts (the "Counter Parties") as to the terms pursuant to which the Contracts will be assumed, including the payment of cure and the treatment of the Counter Parties' claims related to the Contracts (the "Claims").  Those negotiations have resulted in agreements with the Counter Parties to assume the Contracts on the terms described below and on Exhibits A, B, and C.

A.      Negotiated Assumptions Described on Exhibit A

8.      The Debtors have reached agreements with the relevant Counter Parties providing for the Debtors to assume the Contracts described on Exhibit A, with the Counter Parties waiving any right to payment of cure on account of such assumptions and agreeing to the disallowance of their Claims.  Although the particulars of each agreement reached are unique, the terms by which the Debtors seek to assume each of the Contracts described on Exhibit A contain the following similarities:

(a)      The Debtors will assume the Contracts described on Exhibit A, with negotiated modifications where applicable, under Section 365 of the Bankruptcy Code effective as of the Effective Date.

(b)      The relevant Counter Parties will facilitate assumption of the Contracts described on Exhibit A by agreeing that, effective as of the Effective Date, the Claims listed on Exhibit A will be disallowed in full.

(c)      The relevant Counter Parties will also facilitate assumption of the Contracts described on Exhibit A by agreeing that, except as provided in subparagraph (d) below, (i) none of the Debtors will be required to pay any cure under Section 365(b)(1)(A) of the Bankruptcy Code and (ii) the requirements of Section 365(b)(1) of the Bankruptcy Code as they relate to any prepetition defaults under the Contracts will be waived in full by the Counter Parties.

(d)      The waiver of cure payments and other concessions by the Counter Parties described in subparagraphs (b) and (c) above will not negate the impact of assumption on any claims held by the Debtors against the Counter Parties or otherwise expose the Counter Parties to potential preference actions with respect to payments made on account of the Contracts.  Upon assumption of the Contracts described on Exhibit A and notwithstanding the waiver of cure payments and other concessions described in subparagraphs (b) and (c) above, the relevant Counter Parties will be entitled to an administrative claim for cure in the event (albeit unlikely) that any amounts become owing to the Counter Parties pursuant to Section 502(h) of the Bankruptcy Code for sums relating to the Contracts that may be required to be paid pursuant to Section 550 of the Bankruptcy Code (such claims, together with similar claims held by other Counter Parties pursuant to Section 502(h) of the Bankruptcy Code with respect to amounts related to the Contracts, being the "Section 502(h) Claims").

B.     <u>Negotiated Assumptions Described on Exhibit B</u>

       9.      The Debtors have reached agreements with the relevant Counter Parties to assume the Contracts described on Exhibit B, with the Counter Parties waiving any right to payment of cure on account of such assumptions and agreeing that the associated Claims will retain the status of prepetition non-priority unsecured claims.  Although the particulars of each agreement reached are unique, the terms by which the Debtors seek to assume each of the Contracts described on Exhibit B contain the following similarities:

(a)      The Debtors will assume the Contracts described on Exhibit B, with negotiated modifications where applicable, under Section 365 of the Bankruptcy Code effective as of the Effective Date.

(b)      Effective as of the Effective Date, the Claims described on Exhibit B will be allowed in their negotiated amounts as prepetition non-priority unsecured claims.

(c)      The relevant Counter Parties will facilitate assumption of the Contracts described on Exhibit B by agreeing that, except as provided in subparagraph (d) below, (i) none of the Debtors will be required to pay the Claims described on Exhibit B as cure under Section 365(b)(1)(A) of the Bankruptcy Code, (ii) the requirements of Section 365(b)(1) of the Bankruptcy Code as they relate to any prepetition defaults under the Contracts described on Exhibit B will be waived in full by the Counter Parties, (iii) the Claims described on Exhibit B

4

will not have administrative expense status as a result of the assumption of the Contracts or for any other purpose (except for agreed reclamation claims, where applicable), and (iv) the Claims described on Exhibit B will retain the status of prepetition non-priority unsecured claims (except for agreed reclamation claims, where applicable) and be paid in accordance with the terms of the Plan subject to the occurrence of the Effective Date.

(d)     The waiver of cure payments and other concessions by the Counter Parties described in subparagraphs (b) and (c) above will not negate the impact of assumption on any claims held by the Debtors against the Counter Parties or otherwise expose the Counter Parties to potential preference actions with respect to payments made on account of the Contracts described on Exhibit B. Upon assumption of the Contracts described on Exhibit B and notwithstanding the waiver of cure payments and other concessions described in subparagraphs (b) and (c) above, the relevant Counter Parties will be entitled to an administrative claim with respect to any Section 502(h) Claim.

C.     Negotiated Assumptions Described on Exhibit C

10.     The Debtors have reached agreements with the relevant Counter Parties providing for the Debtors to assume the Contracts described on Exhibit C, with the Counter Parties agreeing to a reduction of the associated Claims and payment of a reduced cure amount in connection with such assumptions.  Although the particulars of each agreement reached are unique, the terms by which the Debtors seek to assume each of the Contracts described on Exhibit C contain the following similarities:

(a)     The Debtors will assume the Contracts described on Exhibit C, with negotiated modifications where applicable, under Section 365 of the Bankruptcy Code effective as of the Effective Date.

(b)     The relevant Counter Parties will facilitate assumption of the Contracts described on Exhibit C by agreeing that, effective as of the Effective Date, the Claims described on Exhibit C will be allowed in negotiated reduced amounts (the "Reduced Amounts") to be paid as cure upon assumption of such Contracts.

(c)     The relevant Counter Parties will also facilitate assumption of the Contracts described on Exhibit C by agreeing that, except as provided in subparagraph (d) below, the Debtors' cure obligations will be limited to payment of the Reduced Amounts upon assumption of such Contracts, with the requirements

of Section 365(b)(1) of the Bankruptcy Code as they relate to any prepetition defaults under the Contracts otherwise being waived by the Counter Parties.

(d)    The reduction in Claims and cure payments and other concessions by the Counter Parties described in subparagraphs (b) and (c) above will not negate the impact of assumption on any claims held by the Debtors against the Counter Parties or otherwise expose the Counter Parties to potential preference actions with respect to payments made on account of the Contracts.  Upon assumption of the Contracts described on Exhibit C and notwithstanding the concessions described in subparagraphs (b) and (c) above, the relevant Counter Parties will be entitled to an administrative claim for cure with respect to any Section 502(h) Claim.

## Relief Requested

11.    Pursuant to Sections 105(a) and 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules, the Debtors seek entry of an order (a) approving the assumption of the Contracts on the terms set forth in this Motion and on Exhibits A, B, and C (b) fixing the cure amounts for each of the Contracts as set forth on Exhibits A, B, and C but preserving cure rights with respect to any Section 502(h) Claims, and (c) as the case may be, allowing and fixing or disallowing the Claims as set forth on Exhibits A, B, and C in each case effective as of the Effective Date.

## Basis for Relief

12.    The Contracts are for goods and services that are used in the operation of the Debtors' businesses.  The negotiated assumptions of the Contracts on the terms described in this Motion and on Exhibits A, B, and C provide the Debtors with the best possible terms for assuming the Contracts.  The Debtors will not be required to pay any cure costs in connection with most of the Contracts.  Moreover, the Debtors have negotiated the payment of reduced cure costs with respect to the remaining Contracts.  Although the Debtors have agreed to preserve cure with respect to any Section 502(h) Claims that may arise, that agreement merely reflects the legal effect of assumption and is necessary to ensure that the Counter Parties are not prejudiced by their concessions in favor of

the Debtors. Based upon the foregoing, and after considering the matter, the Debtors have

determined that assumption of the Contracts is in the best interests of the Debtors and these estates.

### Applicable Authority

A.    Support for Negotiated Assumptions

13.    Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-

possession, "subject to the court's approval, may assume or reject any executory contract or

unexpired lease of the debtor." 11 U.S.C. § 365. "[T]he purpose behind allowing the assumption or

rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable

property of the estate and to 'renounce title to and abandon burdensome property.'" Orion Pictures

Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

14.    A debtor's decision to assume or reject a contract or unexpired lease is subject

to review under the business judgment standard. See Byrd v. Gardinier, Inc. (In re Gardinier), 831

F.2d 974, 975 n.2 (11th Cir. 1987); In re Orion Pictures Corp., 4 F.3d at 1098-99. Under this

standard, the debtor's assumption of a contract or lease is appropriate if it will benefit the estate.

See Westshire, Inc. v. Trident Shipworks, Inc., 247 B.R. 856 (M.D. Fla. 2000). Upon finding that a

debtor has exercised its sound business judgment in determining that assumption of a particular

executory contract is in the best interests of the debtor's estate, the bankruptcy court should approve

assumption under Section 365(a) of the Bankruptcy Code. See In re Gucci, 193 B.R. 411, 415-17

(S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon

determining that assumption "was in the best interest of the estate"); Blue Cross Blue Shield of

Conn. v. Gurski (In re Gurski), Nos. 94-51202 & 3:95CV1883, 1996 WL 684397, at *2 (D. Conn.

Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial

to the debtor such that the debtor could assume them under Section 365(a)). In the case of

assumption, "[t]he § 365 election permits a trustee to … continue performance on a contract which will benefit the estate."  In re Diamond Mfg. Co., 164 B.R. 189 (Bankr. S.D. Ga. 1994) (citing In re Brada Miller Freight Sys., Inc., 702 F.2d 890, 893-894 (11th Cir. 1983)).

15.    Based upon the foregoing, and in view of the efforts made by the Debtors to negotiate the effects of assumption in a manner favorable to their estates, the Debtors submit that assumption of the Contracts on the terms described in this Motion and on Exhibits A, B, and C is in the best interests of the Debtors and their creditors and satisfies the business judgment standard.

B.    Support for Cure with Respect to Section 502(h) Claims

16.    It is black-letter law that assumption of a contract precludes recovery as a preference of monies paid under the contract.  3 Collier on Bankruptcy 365.05[3][d] (15th ed. rev. 2005) ("[A]ny prepetition payment under a contract that is later assumed is not avoidable as a preference. . . .").  To the Debtors' knowledge, every court that has examined this issue, including the Third, Seventh, and Ninth Circuit Courts of Appeals, has reached this conclusion.  See Kimmelman v. Port Authority of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.), 344 F.3d 311 (3d Cir. 2003); In re Superior Toy & Mfg. Co., 78 F.3d 1169 (7th Cir. 1996); Alvarado v. Walsh (In re LCO Enters.), 12 F.3d 938 (9th Cir. 1993); In re Greater Se. Comm. Hosp. Corp., 327 B.R. 26 (Bankr. D.D.C. 2005); Philip Servs. Corp. v. Luntz (In re Philip Servs (Del.), Inc., 284 B.R. 541 (Bankr. D. Del. 2002); MMR Holding Corp. v. C & C Consultants, Inc., (In re MMR Holding Corp.), 203 B.R. 605 (Bankr. M.D. La. 1996); Phoenix Rest. Group, Inc. v. Denny's Corp. (In re Phoenix Rest. Group, Inc.), 2005 WL 114327 (Bankr. M.D. Tenn. Jan. 10, 2005); see also Seidle v. GATX Leasing Corp., 778 F.2d 659 (11th Cir. 1985) (holding that trustee was not entitled to recover payments made pursuant to an executed stipulation that required cure of defaults).

17.     Consistent with the case law, the Debtors' assumption of the Contracts will preclude the Debtors or any other party from recovering any payments made on the Contracts as preferences or from otherwise recovering such sums pursuant to Section 550 of the Bankruptcy Code.  The waiver of the cure payments and/or other concessions described above should not effect this preclusion, and the agreed preservation of cure with respect to any Section 502(h) Claims ensures that it will not.  Thus, in the event of any attempt by a party in interest to argue that the waiver of cure payments (other than the Section 502(h) Claims) and/or other concessions made by the Counter Parties operate to negate the effect of assumption on potential preferences, the Counter Parties will have the right to assert all available defenses to such claims, including without limitation, to have any such cases dismissed based on black-letter bankruptcy law and to be paid any resulting Section 502(h) Claims in full in accordance with the terms of the assumption of the Contracts.

### Notice

18.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Counter Parties.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit D (a) approving the assumption of the Contracts on the terms set forth in this Motion and on Exhibits A, B, and C, (b) fixing the cure amounts for each of the Contracts as set forth on Exhibits A, B, and C, but preserving cure rights with respect to any Section 502(h) Claims, and (c) as the case may be, allowing and fixing or

disallowing the Claims as set forth on Exhibits A, B, and C, in each case effective as of the Effective

Date and (ii) grant such other and further relief as the Court deems just and proper.

Dated:  September 22, 2006.

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP

By ___*s/ D. J. Baker*___          By ___*s/ Cynthia C. Jackson*___
    D. J. Baker              Stephen D. Busey
    Sally McDonald Henry              James H. Post
    Rosalie Walker Gray              Cynthia C. Jackson,
    David M. Turetsky              Florida Bar Number 498882
Four Times Square          225 Water Street, Suite 1800
New York, New York 10036          Jacksonville, Florida  32202
(212) 735-3000          (904) 359-7700
(212) 735-2000 (facsimile)          (904) 359-7708 (facsimile)
djbaker@skadden.com          cjackson@smithhulsey.com

Co-Counsel for the Debtors          Co-Counsel for the Debtors

**<u>Exhibit A</u>**

**Exhibit A**
**Contracts to be Assumed on Negotiated Terms[1]**

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Product Purchase | <u>Non-Debtor Counter Party</u><br><br>Nature's Finest Candles a/k/a RD Candle Company, a Division of Rug Doctor, L.P. ("Nature's Finest")<br><br><u>Addresses</u><br><br>Nature's Finest Candles a/k/a RD Candle Company, a Division of Rug Doctor, L.P. Att'n: Ken Johnson 4701 Old Shepard Place Plano, TX  75093<br><br>Nature's Finest Candles a/k/a RD Candle Company, a Division of Rug Doctor, L.P. Att'n: Ken McBrearty, VP, Sales 1717 East Bush Blvd., #301 Tampa, FL  33624<br><br>Nature's Finest Candles a/k/a RD Candle Company, a Division of Rug Doctor, L.P. P.O. Box 849967 Dallas, TX  75284-9967 | Agreement dated October 2, 2003, as amended | $0.00 | 31458 ($56,061.66) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Supply Agreement and Amendment to Agreement dated September 14, 2006, between Winn-Dixie Stores, Inc. and Nature's Finest Candles, a Division of Rug Doctor, L.P.<br><br>- Nature's Finest waives right to payment of cure.<br><br>- Claim No. 31458 to be to be disallowed in its entirety. |

---

[1]      Copies of the assumption agreements referenced in this Exhibit A have been provided to counsel to the Official Committee of Unsecured Creditors.

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Service Agreement | Non-Debtor Counter Party<br><br>T. K. Keith Company ("T.K. Keith")<br><br>Address<br><br>T. K. Keith Company Att'n: Paul Roberts, CFO 516 Edgewater Drive Wakefield, MA  01880 | Service Agreement dated June 1, 2001, as amended | $0.00 | 519 ($7,543.94)<br><br>6233 ($5,707.60) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Services Agreement as Amended and Second Amendment to Services Agreement dated August 25, 2006, between Winn-Dixie Stores, Inc. and T.K. Keith, Inc.<br><br>- T.K. Keith waives right to payment of cure.<br><br>- Claim Nos. 519 and 6233 to be disallowed in their entirety. |
| Winn-Dixie Stores, Inc. | | Agency Agreement | Non-Debtor Counter Party<br><br>Western Union North America, a Unite of Western Union Financial Services and Integrated Payment Systems, Inc. (collectively, "Western Union")<br><br>Address<br><br>Western Union North America and Integrated Payment Systems, Inc. Att'n: Fran Meyer, National Accounts Manager 2473 Care Drive, Suite 1 Tallahassee, FL  32308 | Agency Agreement effective as of May 1, 2003, as amended | $0.00 | N/A | N/A | - Assumption in accordance with terms of Third Amendment to the Agency Agreement between Western Union North America, Integrated Payment Systems, Inc., and Winn-Dixie Stores, Inc. dated September 19, 2006<br><br>- Western Union agrees that all defaults under the Agency Agreement have been cured or waived. |

**<u>Exhibit B</u>**

**Exhibit B**
**Contracts to be Assumed on Negotiated Terms[1]**

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Product Purchase | Non-Debtor Counter Party<br><br>Rug Doctor LP ("Rug Dr.")<br><br>Addresses<br><br>Rug Doctor LP<br>Att'n: Ken Johnson<br>4701 Old Shepard Place<br>Plano, TX  75093<br><br>Rug Doctor LP<br>Att'n: Ken McBrearty, VP Sales<br>1717 East Bush Blvd., #301<br>Tampa, FL  33624<br><br>Rug Doctor LP<br>P.O. Box 849958<br>Dallas, TX 75284-9958 | Supply Agreements dated May 6, 2004 and February 18, 1998, each as amended | $0.00 | 34105 ($146,343.20)<br><br>6451 ($509,789.92) | $446,000.00 | Agreement for Assumption of Supply Agreement and Amendment to Agreement dated September 13, 2006 between Winn-Dixie Stores, Inc. and Rug Doctor LP<br><br>- Rug Dr. waives right to payment of cure.<br><br>- Claim No. 34105 to be disallowed and expunged in its entirety.<br><br>- Claim No. 6451  to be allowed as prepetition non-priority unsecured claim in the reduced amount of $446,000.00. The remaining balance of Claim No. 6451 to be disallowed. |

---

[1]        Copies of the assumption agreements referenced in this Exhibit B have been provided to counsel to the Official Committee of Unsecured Creditors.

**Exhibit C**

**Exhibit C**
**Contracts to be Assumed on Negotiated Terms[1]**

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Product Purchase | Non-Debtor Counter Party<br><br>Boise Office Supply n/k/a Office Max ("Office Max")<br><br>Addresses<br><br>Boise Office Supply nka Office Max P.O. Box 101705 Atlanta, GA 30392-1705<br><br>Boise Office Supply nka Office Max 1801 Cypress Lake Drive Orlando, FL 32837 | Sales Agreement dated August 26, 2003 as amended by the 1st Amendment to the Sales Agreement, effective January 12, 2005, and as further amended by the Second Amendment to Sales Agreement dated September 18, 2006 | $71,976.99 | 35197 ($131,976.99) | $0.00 | - Assumption in accordance with terms of Second Amendment to the Sales Agreement between Winn-Dixie Stores, Inc. and Boise Cascade Office Products Corporation, dated September 18, 2006<br><br>- Claim No. 35197 to be allowed in the reduced amount of $71,976.99, which will be paid as cure on or about the Effective Date. The remaining balance of Claim No. 35197 to be disallowed. |

---

[1]      Copies of the assumption agreements referenced in this Exhibit C have been provided to counsel to the Official Committee of Unsecured Creditors.

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | IT-Hardware Lease | Non-Debtor Counter Party<br><br>Xerox Special Information Systems, a Business Unit of Xerox Corporation ("Xerox")<br><br>Addresses<br><br>Xerox Special Information Systems<br>Attn: Louise Martini<br>1218 South Fifth Ave.<br>Monrovia, CA 91016<br><br>Hughes Luce LLP<br>G. James Landon, Esq.<br>111 Congress Ave., Suite 900<br>Austin, TX 78701 | XSIS/Winn-Dixie Pool Agreement, S/O 8414; Maintenance Agreement | $112,800.00 | 8096 ($188,478.08) | $0.00 | - Claim No. 8096 to be allowed as prepetition nonpriority unsecured claim in reduced amount of $112,800.00 and paid as cure upon assumption. Xerox waives right to payment of any additional cure. The remaining balance of Claim No. 8096 to be disallowed. |

**<u>Exhibit D</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER PURSUANT TO DEBTORS' FOURTH OMNIBUS MOTION**
**AUTHORIZING NEGOTIATED ASSUMPTIONS OF EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES AND GRANTING RELATED RELIEF**

These cases came before the Court for hearing on October 12, 2006, upon the motion

of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-

captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the

"Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006

(a) authorizing and approving the negotiated assumptions of the prepetition contracts and

leases set forth on the attached Exhibits A, B, and C (the "Contracts") on the terms set forth in

the Motion and on Exhibits A, B, and C, (b) fixing the cure amounts for each of the Contracts

as set forth on Exhibits A, B, and C, but preserving cure rights with respect to any amounts

becoming owed to the non-Debtor counter-parties to the Contracts (the "Counter Parties")

pursuant to 11 U.S.C. § 502(h) for sums relating to the Contracts that may be required to be

paid pursuant to 11 U.S.C. § 550 (the "Section 502(h) Claims"), and (c) as the case may be,

allowing and fixing or disallowing the claims related to the Contracts (the "Claims") as set

forth on Exhibits A, B, and C, in each case effective as of the effective date of the Debtors'

proposed joint plan of reorganization (the "Effective Date") (the "Motion").[1]  By the Motion,

parties were given until October 5, 2006 to object to the Motion.  Upon consideration, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The Debtors are authorized to assume the Contracts on the terms set forth in
the Motion and on Exhibits A, B, and C, pursuant to 11 U.S.C. § 365(a), subject to the
occurrence of, and effective as of, the Effective Date.  The Debtors' assumption of the
Contracts as of, and upon the occurrence of, the Effective Date is approved.

3.      For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amounts
owed by the Debtors with respect to the Contracts, if any, are the cure amounts listed on
Exhibits A, B, and C (the "Cure Amounts").

4.      The Cure Amounts shall be paid by the Debtors on or as soon as practicable
after the Effective Date.

5.      As of, and upon the occurrence of, the Effective Date, the Claims shall, as the
case may be, be allowed and fixed or disallowed as set forth on Exhibits A, B, and C.

6.      Other than the Cure Amounts and claim amounts described above and on
Exhibits A, B, and C, the Counter Parties are deemed to have waived any and all claims they
may have against the Debtors for cure or compensation under their respective Contracts.

7.      The waiver of cure payments and other concessions by the Counter Parties will
not negate the impact of assumption on any claims held by the Debtors against the Counter
Parties or otherwise expose the Counter Parties to potential preference actions with respect to

---

[1]      All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to
them in the Motion.

2

payments made on account of the Contracts. Upon assumption of the Contracts and notwithstanding the waiver of cure payments and other concessions, the Counter Parties will be entitled to an administrative claim with respect to any Section 502(h) Claims.

8.      The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to each of the Contracts.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10.     The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

11.     In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, this Order shall be null and void.

Dated October ___, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

3

**THE EXHIBITS TO BE ATTACHED TO THE ORDER WHEN ENTERED WILL BE THE SAME EXHIBITS THAT ARE ATTACHED TO THE MOTION, WITH ANY NECESSARY MODIFICATIONS TO ADDRESS OBJECTIONS TO THE MOTION**