UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Case No. 05-03817-3F1 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | | Related to Docket No. 10058 |

CVS EGL OVERSEAS MARATHON FL, L.L.C.'S
PROTECTIVE OBJECTION TO CONFIRMATION
OF THE JOINT PLAN OF REORGANIZATION OF
WINN-DIXIE STORES, INC. AND AFFILIATED DEBTORS

CVS EGL Overseas Marathon FL, L.L.C. ("CVS"), by and through its undersigned counsel, hereby files this limited protective objection ("Protective Objection") to confirmation of the above-captioned debtors' Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliates Debtors (the "Plan"), as follows:

1. CVS as tenant and Winn-Dixie Stores, Inc. (the "Debtor") as landlord are parties to a written lease (the "CVS Lease") dated September 25, 1972 for non-residential real property located at 5575 Overseas Hwy, Marathon, FL 33050 (the "Property").

2. As of the date of this Protective Objection, the Debtor has neither assumed nor rejected the lease pursuant to 11 U.S.C. § 365(a) of the Bankruptcy Code.

3. Subject to certain listed exceptions, including the filing of an appropriate assumption motion, Section 7.1 of the Plan provides that the Confirmation Order shall constitute an order of the Bankruptcy Court under Section 365(a) of the Bankruptcy Code approving the rejection of the Debtor's unexpired leases as of the Effective Date. *See* Plan § 7.1.

4. Section 6.11 of the Plan provides that the property of each of the Debtor's Estates shall "revest" in the applicable Debtor on the Effective Date "free and clear of all Liens, Claims, and Interests, except as specifically provided in the Plan or the Confirmation Order." *See* Plan at § 6.11.

5. Although the Debtor's counsel has informed counsel to CVS that the Debtor will file an appropriate motion to assume the CVS Lease, no such motion has been filed as of the date of this Protective Objection.

## LIMITED PROTECTIVE OBJECTION

6. CVS files this limited protective objection to confirmation of the Plan to the extent that the Plan purports to revest or transfer the Property free and clear of CVS' interest. If the CVS Lease is assumed, then the Property must "revest" subject to the CVS Lease. If the CVS Lease were rejected, the Debtor would not be permitted to revest the Property free and clear as such revesting would be in contravention of CVS' rights afforded to it under Section 365(h) of the Bankruptcy Code. Upon the Court's approval of the Debtor's anticipated motion to assume the CVS Lease and confirmation that the

Property will revest in the Debtor subject to CVS' interest, this Protective Objection will be resolved.

7. Section 1123 of the Bankruptcy Code does not permit the Debtor to revest or transfer the Property free and clear of CVS' interest, but even if it did, the protections afforded to CVS by Section 365(h) prevail over the Debtor's right to transfer the property. Section 365(h)(1) provides, in part, as follows:

> If the trustee rejects an unexpired lease of real property of the debtor under which the debtor is the lessor, . . . the lessee . . . under such lease . . . may treat such lease . . . as terminated by such rejection, where the disaffirmance by the trustee amounts to such a breach as would entitle the lessee . . . to treat such lease . . . as terminated by virtue of its own terms, applicable non bankruptcy law, or other agreements the lessee . . . has made with other parties; or in the alternative, the lessee . . . may remain in possession of the leasehold . . . interest under any lease . . . the term of which has commenced for the balance of such term and for any renewal or extension of such term that is enforceable by such lessee . . . under applicable nonbankruptcy law

11 U.S.C. § 365(h)(1).

8. Section 365(h) prescribes the rights and remedies available to a lessee following a debtor-lessor's rejection of an unexpired lease. In re Churchill Properties III, Ltd Partnership, 197 B.R. 283, 287 (Bankr. N.D. Ill 1996). Section 365(h) is the exclusive remedy available to a debtor-lessor in an unexpired lease situation. See In re LHD Realty Corp., 20 B.R. 717, 719 (Bankr. N.D. Miss. 1985). If the Debtor attempted to revest or transfer the Property free and clear of CVS' possessory interest, such action would constitute a de facto rejection the CVS Lease. As such, if the CVS Lease was

rejected, CVS would then have the option to treat the rejection as a breach or to remain in possession. *See* 11 U.S.C. § 365 (h). The Debtor would not be permitted to revest or transfer the Property free and clear in contravention of CVS' rights afforded to it under Section 365(h) of the Bankruptcy Code.

9. By analogy, courts have held that a debtor-landlord cannot transfer property free and clear of a tenant's express rights under Section 365(h). In re Taylor, 198 B.R. 142 (Bankr. D. S.C. 1996); In re Churchill Properties, 197 B.R. at 288; But see In re Qualitech Steel Corp., 327 F.3d 537 (7th Cir. 2003).

10. Accordingly, CVS hereby objects to the confirmation of Plan to the extent that the Plan purports to revest or transfer the Property free and clear of CVS' interest. Finally, to the extent that it may be necessary, CVS hereby requests adequate protection for its interests pursuant to Section 363(e) of the Bankruptcy Code.

**WHEREFORE**, CVS prays that the Court enter an order denying confirmation of the Plan, unless language is added to the confirmation order to protect CVS' rights and interests as set forth above and that the Court grant CVS such further relief as is just and proper.

                MILAM HOWARD NICANDRI
                DEES & GILLAM, P.A.


By: /s/ *Peter E. Nicandri*
    Peter E. Nicandri
    Florida Bar No. 823090
    14 East Bay Street
    Jacksonville, FL 32202
    Tel: (904) 357-3660
    Fax: (904) 357-3660

Attorneys for CVS EGL Overseas
Marathon FL, L.L.C.

Dated: September 22, 2006

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Case No. 05-03817-3F1 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## CERTIFICATE OF SERVICE

I, Peter Nicandri, Esquire, hereby certify that on September 22, 2006, I caused a copy of the foregoing **CVS EGL Overseas Marathon FL, L.L.C.'s Protective Objection To Confirmation Of The Joint Plan Of Reorganization Of Winn-Dixie Stores, Inc. And Affiliated Debtors** to be served by Electronic Mail and First Class U.S. Mail on the parties on the attached service list.

MILAM HOWARD NICANDRI
DEES & GILLAM, P.A.

/s/ *Peter E. Nicandri*
Peter E. Nicandri
Florida Bar No. 823090
14 East Bay Street
Jacksonville, FL 32202
Tel: (904) 357-3660
Fax: (904) 357-3660

## WINN-DIXIE STORES, INC., *et al.*
### Service List

Rosalie Walker Gray, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036

Cynthia C. Jackson, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL  32202

Matthew Barr, Esquire
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY  10005