Hearing Date: October 5, 2006 at 1:00 p.m.

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

## DEBTORS' OMNIBUS RESPONSE TO
## MOTIONS TO VOTE CLAIMS UNDER FED. R. BANKR. P. 3018(A)

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries, debtors and debtors-in-possession (collectively, the "Debtors"), submit this omnibus response (the "Response") to the separate motions seeking temporary allowance of claims for voting purposes (collectively, the "Rule 3018 Motions") filed by Deutsche Bank Trust Company Americas (Docket No. 10715); Kentucky Taxing Authorities (Docket No. 10911); Hamilton County, Tennessee (Docket No. 10937); The Estate of Plunkett (Docket No. 10944); Wah Hong Go (Docket No. 10986); Catamount Atlanta, LLC (Docket No. 10991); Catamount LS-KY, LLC (Docket No. 10992); Catamount Rockingham, LLC (Docket No. 10993); Big Pine, LLC (Docket No. 11003); Brach's Confections Inc. (Docket No. 11004); Shaun Kevin Johnson et. al. (Docket No. 11005); James Girdzus, Jr. (Docket No. 11006); Anna Lopiccolo (Docket No. 11007); Robbie McMillan (Docket No. 11008); Vicky Lynn Whipple (Docket No. 11009); Ocean 505 Assoc., LLC and Grandecks Assoc., LLC (Docket No. 11011); Jason L. Lodolce (Docket No. 11012); Jack Snipes

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

(Docket No. 11013); Ryan Malone (Docket No. 11014); City of Hampton (Docket No. 11023); Bulloch County, Georgia (Docket No. 11025); Muscogee County, Georgia (Docket No. 11026); Orix Capital Markets, LLC (Docket No. 11030); LCH Opportunities, LLC (Docket No. 11031); CWCapital Asset Management, LLC, as successor in interest to CRIIMI MAE Services Limited Partnership (Docket No. 11032); CWCapital Asset Management LLC, as successor in interest to Allied Capital Corporation (Docket No. 11033); and Harrison County, Mississippi (Docket No. 11037) (the "Claimants").

## The Rule 3018 Motions

1. The process of soliciting votes on the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan")[2] commenced on or before August 15, 2006 and has been conducted in accordance with the provisions of the Order (i) Determining Dates, Procedures and Forms Applicable to Solicitation Process, (ii) Establishing Vote Tabulation Procedures, (iii) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan, and (iv) Waiving Local Rules dated August 4, 2006 (the "Solicitation Procedures Order").

2. The Solicitation Procedures Order provides that holders of Claims in several voting Classes are prohibited from voting on the Plan and, accordingly, such Claimholders were not furnished with ballots. Paragraph 11 of the Solicitation Procedures Order, in pertinent part, provides:

> Any holder of a Secured Tax Claim in Class 10, an Other Secured Claim in Class 11, a Landlord Claim in Class 13, a Vendor/Supplier Claim in Class 14, a Retirement Plan Claim in Class 15, an Other Unsecured Claim in Class 16, or a Small Claim in Class 17 whose claim is (a) asserted as wholly unliquidated or wholly contingent, (b) asserted in an untimely proof of claim (unless allowed as timely prior to the Voting Record Date), (c)

---

[2] Capitalized terms used herein without definition have the meanings ascribed to them in the Plan.

based upon a pending lawsuit as to which no judgment has been rendered, or (d) asserted in a proof of claim as to which an objection to the entirety of the claim is pending as of the Voting Record Date (collectively, the "Disputed Claimants") shall not be permitted to vote on the Plan except as provided in this paragraph.

3. The Solicitation Procedures Order, however, provides a mechanism for such Claimholders to seek authority to vote. Paragraph 11 of the Solicitation Procedures Order, in pertinent part, provides:

> Disputed Claimants shall be permitted to obtain from the Voting Agent a ballot for voting on the Plan only by filing a motion under Fed. R. Bankr. P. 3018(a) seeking to have their claims temporarily allowed for voting purposes (a "Rule 3018 Motion"). Any such Rule 3018 Motion must be filed with the Court and served upon the Debtors' counsel, the Creditors Committee's counsel, and the Voting Agent by no later than September 18, 2006, at 4:00 p.m. (Eastern Time), one week before the Voting Deadline (the "Rule 3018 Motion Deadline"). Any party timely filing and serving a Rule 3018 Motion shall be provided a ballot and be permitted to cast a provisional vote to accept or reject the Plan. If and to the extent that the Debtors and such party are unable to resolve the issues raised by the Rule 3018 Motion prior to the Voting Deadline, then at the Confirmation Hearing, the Court shall determine whether the provisional ballot should be counted as a vote on the Plan.

4. The Claimants have filed Rule 3018 Motions in accordance with the Solicitation Procedures Order. The Debtors' response to each of the Rule 3018 Motions is set forth below.

**Response to Motions**

5. <u>Deutsche Bank Trust Company Americas.</u> Deutsche Bank Trust Company Americas ("Deutsche Bank") serves in a representative capacity for, and is an assignee of leases held by, several landlords whose leases have been rejected by the Debtors. By its Rule 3018 Motion, Deutsche Bank seeks to vote claims in the amount Deutsche Bank asserts is owed under such leases, as limited by the cap imposed by Section 502(b)(6) of the Bankruptcy Code. Deutsche Bank has been issued a separate provisional Class 13 ballot for each rejected lease, which ballots represent an aggregate claim amount of approximately $52 million. Subsequent to the issuance of the ballots, the Debtors and Deutsche Bank reached an agreement to allow the claims of Deutsche Bank in the aggregate amount of $51.5 million, which agreement is subject to a pending motion before this Court. The Debtors do not object to Deutsche Bank's Rule 3018 Motion but request that the Voting Agent count the ballots in the reduced amount reflected in the agreement.

6. <u>Kentucky Taxing Authorities.</u> The Kentucky Taxing Authorities have filed several claims including a secured tax claim. The Debtors have filed objections to the claims. Pursuant to their Rule 3018 Motion, the Kentucky Taxing Authorities seek to vote their disputed claim without specifying a claim amount. The Kentucky Taxing Authorities have been issued a provisional Class 10 ballot in an unliquidated amount. Because the Kentucky Taxing Authorities do not have a valid claim, the Debtors object to their vote and request that the Court deny their Rule 3018 Motion and direct the Voting Agent not to count their ballot.

7. <u>Hamilton County, Tennessee.</u> Hamilton County, Tennessee has filed a secured tax claim. The Debtors have objected to the claim. Pursuant to their Rule 3018 Motion, Hamilton County, Tennessee seeks to vote its disputed claim in the amount of $15,431. Hamilton County, Tennessee has been issued a provisional Class 10 ballot in the requested

amount. Because Hamilton County, Tennessee does not have a valid claim, the Debtors object to its vote and request that the Court deny its Rule 3018 Motion and direct the Voting Agent not to count its ballot.

8. <u>Estate of Plunkett.</u> The Estate of Plunkett has filed a claim arising from amounts allegedly owed under a non-residential real property lease that was rejected. The Debtors objected to the claim filed by The Estate of Plunkett but have since reached an agreement in principle to resolve the claim. The Estate of Plunkett has been issued a provisional Class 13 ballot in the amount of $1,104,476.18. The Debtors do not object to this Rule 3018 Motion.

9. <u>Wah Hong Go.</u> Wah Hong Go has a claim arising from the alleged improper termination of Mr. Go's employment. The Debtors filed an objection to this claim disputing liability and the amount. The Debtors object to this Rule 3018 Motion. Mr. Go has been issued a provisional Class 16 ballot in an unliquidated amount. The Debtors deny that Mr. Go holds any valid claim against them. Therefore, the Debtors request that the Court deny this Rule 3018 Motion and direct the Voting Agent not to count the ballot.

10. <u>Catamount Atlanta, LLC.</u> The claims asserted by Catamount Atlanta, LLC are claims arising from the rejection of a non-residential real property lease, each filed against different Debtors in the amount of $310,150.47. The Debtors filed an objection to (a) reduce claim no. 11787 by $156,930.80 for overstated rejection damages and other amounts lacking supporting documentation and (b) disallow claim no. 11786, contingent upon the confirmation and effectiveness of the Plan, on the ground that it duplicates claim no. 11787. Catamount Atlanta has been issued a provisional Class 13 ballot in the amount of $265,534.69 (the amount requested in its Rule 3018 Motion). The Debtors object to this Rule 3018 Motion because it seeks to vote two claims, each in the amount of $265,534.69, which is in excess of the amount

and number of claims proposed to be allowed by the Debtors. Accordingly, Catamount Atlanta should only be permitted to vote a single claim and the Voting Agent should be instructed to not count such ballot to the extent it exceeds $153,219.67.

11. <u>Catamount LS-KY, LLC.</u> The claims asserted by Catamount LS-KY, LLC are claims arising from the rejection of a non-residential real property lease, each filed against different Debtors. The Debtors filed an objection to (a) reclassify and reduce claim no. 12859 by a total of $43,546.21 for postpetition amounts, and (b) disallow claim no. 11851, contingent upon the confirmation and effectiveness of the Plan, on the ground that it duplicates claim no. 11852. Catamount LS-KY has been issued a provisional Class 13 ballot in the amount of $725,894.53 (the amount requested in its Rule 3018 Motion). The Debtors object to this Rule 3018 Motion because it seeks to vote two claims, each in the amount of $725,894.53, which is in excess of the amount of the filed claims and the amount and number of claims proposed to be allowed by the Debtors. Accordingly, Catamount LS-KY should only be permitted to vote a single claim and the Voting Agent should be instructed to not count such ballot to the extent it exceeds $551,346.

12. <u>Catamount Rockingham, LLC.</u> The claims asserted by Catamount Rockingham, LLC are claims arising from the rejection of a non-residential real property lease, each filed against different Debtors in the amount of $287,939.65. The Debtors filed an objection to (a) reduce claim no. 11892 by a total of $80,657.94 for overstated prepetition real estate taxes and estimated repair charges lacking supporting documentation, and (b) disallow claim no. 11891, contingent upon the confirmation and effectiveness of the Plan, on the ground that it duplicates claim no. 11892. Catamount Rockingham has been issued a provisional Class 13 ballot in the amount of $315,362.83 (the amount requested in its Rule 3018 Motion). The Debtors object to this Rule 3018 Motion because it seeks to vote two claims, each in the amount

6

of $315,362.83, which is in excess of the amounts of the filed claims and the amount and number of claims proposed to be allowed by the Debtors. Accordingly, Catamount Rockingham should only be permitted to vote a single claim and the Voting Agent should be instructed to not count such ballot to the extent it exceeds $207,281.71.

13. <u>Big Pine, LLC.</u> The claim asserted by Big Pine, LLC arises from amounts allegedly owed under a non-residential property lease. Prior to the filing of this Rule 3018 Motion, Big Pine was issued a provisional Class 13 ballot in the amount of $19,219.05. The ballot amount correctly reflects the claim filed by Big Pine and there is no basis for issuing any additional provisional ballot. This Rule 3018 Motion should be denied.

14. <u>Brach's Confections, Inc.</u> The claims asserted by Brach's Confections, Inc. ("Brach's") arise from products sold by Brach's to the Debtors. The Debtors filed an objection to Brach's claims to reduce the amounts sought on the grounds that: (a) claim no. 8559 should be reduced by offsets of $215,873.67, and (b) the Debtors had paid $60,392.63 as a reclamation claim with respect to claim no. 9507. The Debtors object to this Rule 3018 Motion because (a) Brach's transferred claim no. 8559 prior to the August 1, 2006 voting record date and is no longer the holder of record of the claim, and (b) Brach's has been paid with respect to claim no. 9507. Brach's has been issued two provisional Class 14 ballots in the amounts of $636,268.60 and $69,431.03, respectively. The Debtors object to this Rule 3018 Motion because Brach's seeks to vote claim no. 8559, despite the fact that it was transferred, and claim no. 9507 in an amount in excess of the amount proposed to be allowed by the Debtors.

15. <u>Shaun Kevin Johnson, et. al..</u> The claims of Shaun Kevin Johnson, Michelle Sue Johnson and Micah Nicole Johnson arise from alleged personal injuries. The Debtors filed an objection to these claims disputing liability and the amount. The Debtors object to this Rule 3018 Motion. The Johnsons have been issued a provisional Class 16 ballot in an unliquidated

amount. The Debtors deny that the Johnsons hold any valid claim against them. The Debtors request that the Court deny this Rule 3018 Motion and direct the Voting Agent not to count the ballot.

16. <u>James Girdzus, Jr..</u> The claim of James Girdzus, Jr. arises from alleged personal injuries. The Debtors filed an objection to this claim disputing liability and the amount. The Debtors object to this Rule 3018 Motion. Mr. Girdzus has been issued a provisional Class 16 ballot in the amount of $944,790.82, which greatly exceeds the amount of any claim he may be determined to have against the Debtors. The Debtors deny that Mr. Girdzus holds any valid claim against them. Therefore, the Debtors request that the Court deny this Rule 3018 Motion and direct the Voting Agent not to count the ballot.

17. <u>Anna Lopiccolo.</u> The claim of Anna Lopiccolo arises from alleged personal injuries. The Debtors filed an objection to this claim disputing liability and the amount. The Debtors object to this Rule 3018 Motion. Ms. Lopiccolo has been issued a provisional Class 16 ballot in the amount of $100,000, which greatly exceeds the amount of any claim she may be determined to have against the Debtors. The Debtors deny that Ms. Lopiccolo holds any valid claim against them. The Debtors request that the Court deny this Rule 3018 Motion and direct the Voting Agent not to count the ballot.

18. <u>Robbie McMillan.</u> Robbie McMillan's claims arise from alleged personal injuries. The Debtors filed an objection to this claim disputing liability and the amount. The Debtors object to this Rule 3018 Motion. Mr. McMillan has been issued a provisional Class 16 ballot in the amount of $250,000, which greatly exceeds the amount of any claim he may be determined to have against the Debtors. The Debtors deny that Mr. McMillan holds any valid claim against them. Therefore, the Debtors request that the Court deny this Rule 3018 Motion and direct the Voting Agent not to count the ballot.

19. <u>Vicky Lynn Whipple.</u> The claim of Vicky Lynn Whipple arises from alleged personal injuries. The Debtors filed an objection to this claim disputing liability and the amount. The Debtors object to this Rule 3018 Motion. Ms. Whipple has been issued a provisional Class 16 ballot in the amount of $250,000, which greatly exceeds the amount of any claim she may be determined to have against the Debtors. The Debtors deny that Ms. Whipple holds any valid claim against them. The Debtors request that the Court deny this Rule 3018 Motion and direct the Voting Agent not to count the ballot.

20. <u>Ocean 505 Associates and Grandecks Associates, LLC.</u> The claim of Ocean 505 Associates, LLC and Grandecks Associates, LLC (collectively, "Ocean 505") is a claim arising from the rejection of a non-residential real property lease. The Debtors objected to this claim to reduce it by $100,289.24 on the grounds that the claim included overstated rejection damages and lacked supporting documentation for estimated repair costs. Ocean 505 has been issued a provisional Class 13 ballot in the amount of $342,417.38. The Debtors object to this Rule 3018 Motion, because Ocean 505 seeks to vote amounts in excess of the amount proposed to be allowed by the Debtors. Accordingly, the Debtors request that the Court (a) permit Ocean 505 to vote the provisional ballot that it was issued, and (b) instruct the Voting Agent to count such ballot to the extent they do not seek to vote a claim in an amount higher than $242,128.14.

21. <u>Jason L. Lodolce.</u> Jason L. Lodolce has a claim arising from alleged personal injuries. The Debtors filed an objection to this claim disputing liability and the amount. The Debtors object to this Rule 3018 Motion. Mr. Lodolce has been issued a provisional Class 16 ballot in an unliquidated amount. The Debtors deny that Mr. Lodolce holds any valid claim against them. Therefore, the Debtors request that the Court deny this Rule 3018 Motion and direct the Voting Agent not to count the ballot.

22. <u>Jack Snipes.</u> Jack Snipes has a claim arising from alleged personal injuries. The Debtors filed an objection to this claim disputing liability and the amount. The Debtors object to this Rule 3018 Motion. Mr. Snipes has been issued a provisional Class 16 ballot in an unliquidated amount. The Debtors deny that Mr. Snipes holds any valid claim against them. Therefore, the Debtors request that the Court deny this Rule 3018 Motion and direct the Voting Agent not to count the ballot.

23. <u>Ryan Malone.</u> The claim asserted by Ryan Malone is a claim arising from alleged personal injuries. The Debtors filed an objection to this claim disputing liability and the amount. The Debtors object to this Rule 3018 Motion. Ryan Malone has been issued a provisional Class 16 ballot in an unliquidated amount. The Debtors deny that Mr. Malone holds any valid claim against them. Therefore, the Debtors request that the Court deny this Rule 3018 Motion and direct the Voting Agent not to count the ballot.

24. <u>City of Hampton.</u> The City of Hampton has filed a secured tax claim. The Debtors objected to this claim. Pursuant to its Rule 3018 Motion, the City of Hampton seeks to vote its disputed claim in the amount of $21,164.43, of which amount $36.75 is a priority claim that is not entitled to vote. The City of Hampton has been issued a provisional Class 10 ballot in the $21,127.68, representing its secured claim only. Because the City of Hampton does not have a valid claim, the Debtors object to its vote and request that the Court deny its Rule 3018 Motion and direct the Voting Agent not to count its ballot.

25. <u>Bulloch County, Georgia.</u> Bulloch County, Georgia has filed a priority tax claim. The Debtors filed an objection to this claim disputing liability and amount. By its Rule 3018 Motion, Bulloch County seeks to vote on the Plan. Priority tax claims are not entitled to vote pursuant to Sections 1123(a)(1) and Section 1129(a)(9)(C). Nevertheless, Bulloch County has been issued a provisional Class 10 ballot in the amount of $10,833.77. Because Bulloch

10

County does not have a valid claim, and because priority tax claims are not entitled to vote, the Debtors request that the Court deny its Rule 3018 Motion and direct the Voting Agent not to count its ballot.

26. <u>Muscogee County, Georgia.</u> Muscogee County, Georgia has filed a secured tax claim. The Debtors have objected to the claim. Pursuant to its Rule 3018 Motion, Muscogee County seeks to vote its disputed claim in the amount of $152,825. Muscogee County has been issued a provisional Class 10 ballot in the requested amount. Because Muscogee County does not have a valid claim, the Debtors object to its vote and request that the Court deny its Rule 3018 Motion and direct the Voting Agent not to count its ballot.

27. <u>Orix Capital Markets, LLC.</u> The claims asserted by Orix Capital Markets, LLC arise from amounts allegedly owed under several non-residential real property leases, some of which have been rejected by the Debtors. Orix has been issued provisional Class 13 ballots in unspecified amounts for those claims that do not wholly duplicate claims filed by landlords for the same leases. The Debtors do not object to this Rule 3018 Motion, except to the extent that Orix seeks to vote claims that wholly duplicate other claims or to vote higher amounts than permitted by the cap imposed by Section 502(b)(6) of the Bankruptcy Code. Accordingly, the Debtors request that the Court (a) permit Orix to vote the provisional ballots that it was issued, and (b) instruct the Voting Agent to count such ballots to the extent they do not seek (i) to vote claims that are wholly duplicative of other claims, or (ii) to vote higher amounts than permitted by the cap imposed by Section 502(b)(6) of the Bankruptcy Code.

28. <u>LCH Opportunities, LLC.</u> LCH Opportunities, LLC holds a claim that arises under a prepetition lease termination agreement. LCH Opportunities has been issued a provisional Class 13 Ballot in the amount of $217,500. As LCH Opportunities acknowledges in its Rule 3018 Motion, its claim is already the subject of a pending claim objection relating to

whether the cap imposed by Section 502(b)(6) of the Bankruptcy Code applies to its claim. The Debtors believe that the merits of that issue are more appropriately addressed in the context of the claims objection process. For that reason, the Debtors do not oppose LCH Opportunities' Rule 3018 Motion.

29. <u>CWCapital Asset Management, LLC (as successor in interest to CRIIMI MAE Services Limited Partnership).</u> The claims asserted by CWCapital Asset Management, LLC, as successor in interest to CRIIMI MAE Services Limited Partnership, are claims allegedly arising from several non-residential real property leases, some of which have been rejected by the Debtors. CWCapital Asset Management has been issued provisional Class 13 Ballots in specified and unspecified amounts for those claims that do not wholly duplicate claims filed by landlords for the same leases. The Debtors do not object to this Rule 3018 Motion, except to the extent CWCapital Asset Management seeks to vote claims that wholly duplicate other claims or to vote higher amounts than permitted by the cap imposed by Section 502(b)(6) of the Bankruptcy Code. Accordingly, the Debtors request that the Court (a) permit CWCapital Asset Management to vote the provisional ballots that it was issued, and (b) instruct the Voting Agent to count such ballots to the extent they do not seek (i) to vote claims that are wholly duplicative of other claims, or (ii) to vote higher amounts than permitted by the cap imposed by Section 502(b)(6) of the Bankruptcy Code.

30. <u>CWCapital Asset Management, LLC (as successor in interest to Allied Capital Corporation).</u> The claims asserted by CWCapital Asset Management, LLC, as successor in interest to Allied Capital Corporation, are claims allegedly arising from several non-residential real property leases, some of which have been rejected by the Debtors. CWCapital Asset Management has been issued provisional Class 13 ballots in a specified and unspecified amount for those claims that do not wholly duplicate claims filed by landlords under the non-residential

real property leases. The Debtors do not object to this Rule 3018 Motion, except to the extent that CWCapital Asset Management seeks to vote claims that wholly duplicate other claims or to vote higher amounts than permitted by the cap imposed by Section 502(b)(6) of the Bankruptcy Code. Accordingly, the Debtors request that the Court (a) permit CWCapital Asset Management to vote the provisional ballots that it was issued, and (b) instruct the Voting Agent to count such ballots to the extent they do not seek (i) to vote claims that are wholly duplicative of other claims, or (ii) to vote higher amounts than permitted by the cap imposed by Section 502(b)(6) of the Bankruptcy Code.

31.  <u>Harrison County.</u> In its Rule 3018 Motion, Harrison County asserts that it holds a secured tax claim against the Debtors. The Debtors do not, however, have any record of a proof of claim filed by Harrison County. Harrison County has been issued a provisional Class 10 ballot in an unliquidated amount. Because Harrison County does not have a valid claim, the Debtors object to its vote and request that the Court deny its Rule 3018 Motion and direct the Voting Agent not to count its ballot.

## **RESERVATION OF RIGHTS**

32.  The Debtors reserve their rights to object to the Claims of any of the Claimants on any basis, including, without limitation, validity, amount, or status as secured, priority unsecured or non-priority unsecured.

## **NOTICE**

33.  Notice of the Response has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Claimants or counsel for the Claimants. No other or further notice need be given.

WHEREFORE the Debtors respectfully request that the Court (i) grant the relief requested by this Response, (ii) enter the proposed Order attached as Exhibit A, and (iii) grant such other and further relief as is just and proper.

Dated: September 22, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ D. J. Baker*  <br>     D. J. Baker  <br>     Sally McDonald Henry  <br>     Rosalie Walker Gray  <br>     Adam S. Ravin  <br>Four Times Square  <br>New York, New York 10036  <br>(212) 735-3000  <br>(212) 735-2000 (facsimile)  <br>djbaker@skadden.com | By   *s/ James H. Post*  <br>     Stephen D. Busey  <br>     James H. Post  <br>     Cynthia C. Jackson,  <br>          Florida Bar Number 175460  <br>225 Water Street, Suite 1800  <br>Jacksonville, Florida  32202  <br>(904) 359-7700  <br>(904) 359-7708 (facsimile)  <br>jpost@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

14

671791-New York Server 1A - MSW

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Debtors.[1] ) | Jointly Administered |

### ORDER WITH RESPECT TO MOTIONS FOR ALLOWANCE OF CLAIMS FOR VOTING PURPOSES

These cases came before the Court for hearing on October 5, 2006, upon (a) the motions seeking temporary allowance of claims for voting purposes that were filed by Deutsche Bank Trust Company Americas (Docket No. 10715); Kentucky Taxing Authorities (Docket No. 10911); Hamilton County, Tennessee (Docket No. 10937); The Estate of Plunkett (Docket No. 10944); Wah Hong Go (Docket No. 10986); Catamount Atlanta, LLC (Docket No. 10991); Catamount LS-KY, LLC (Docket No. 10992); Catamount Rockingham, LLC (Docket No. 10993); Big Pine, LLC (Docket No. 11003); Brach's Confections Inc. (Docket No. 11004); Shaun Kevin Johnson et. al. (Docket No. 11005); James Girdzus, Jr. (Docket No. 11006); Anna Lopiccolo (Docket No. 11007); Robbie McMillan (Docket No. 11008); Vicky Lynn Whipple (Docket No. 11009); Ocean 505 Assoc., LLC and Grandecks Assoc., LLC (Docket No. 11011); Jason L. Lodolce (Docket No. 11012); Jack Snipes (Docket No. 11013); Ryan Malone (Docket No. 11014); City of

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Hampton (Docket No. 11023); Bulloch County, Georgia (Docket No. 11025); Muscogee County, Georgia (Docket No. 11026); Orix Capital Markets, LLC (Docket No. 11030); LCH Opportunities, LLC (Docket No. 11031); CWCapital Asset Management, LLC, as successor in interest to CRIIMI MAE Services Limited Partnership (Docket No. 11032); CWCapital Asset Management LLC, as successor in interest to Allied Capital Corporation (Docket No. 11033); and Harrison County, Mississippi (Docket No. 11037) (the "Rule 3018 Motions")[2], and (b) the omnibus response to the Rule 3018 Motions (the "Response") that was filed by Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"). Upon consideration, it is

ORDERED AND ADJUDGED:

1. The Rule 3018 Motion filed by Deutsche Bank (Docket No. 10715) is granted and the Voting Agent is instructed to count the ballots submitted by such Claimant; provided, however, that the Voting Agent shall only count such ballots in an aggregate amount that does not exceed the settlement amount reflected in the stipulation that is the subject of the Debtors' pending Motion Seeking Approval of Stipulation Regarding Proofs of Claim filed by Deutsche Bank Trust Company Americas (Docket No. 11124).

2. The Rule 3018 Motion filed by The Estate of Plunkett (Docket No. 10944) is granted and the Voting Agent is instructed to count the ballot submitted by such Claimant.

3. The Rule 3018 Motion filed by Catamount Atlanta, LLC (Docket No. 10991) is granted in part so as to allow Catamount Atlanta to vote a single claim;

---

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Response.

2

provided, however, that the Voting Agent is instructed to not count such ballot to the extent it exceeds $153,219.67.

4. The Rule 3018 Motion filed by Catamount LS-KY, LLC (Docket No. 10992) is granted in part so as to allow Catamount LS-KY to vote a single claim; provided, however, that the Voting Agent is instructed to not count such ballot to the extent it exceeds $551,346.

5. The Rule 3018 Motion filed by Catamount Rockingham, LLC (Docket No. 10993) is granted in part so as to allow Catamount Rockingham to vote a single claim; provided however that the Voting Agent is instructed to not count such ballot to the extent it exceeds $207,281.71.

6. The Rule 3018 Motion filed by Ocean 505 (Docket No. 11011) is granted and the Voting Agent is instructed to count the ballot submitted by such Claimant; provided, however, that the Voting Agent is instructed to not count the ballot of Ocean 505 to the extent it seeks to vote a claim in an amount in excess of $242,128.14.

7. The Rule 3018 Motion filed by Orix Capital Markets, LLC (Docket No. 11030) is granted and the Voting Agent is instructed to count the ballot submitted by such Claimant; provided however, that the Voting Agent is instructed to not count the ballot of Orix Capital Markets, LLC to the extent it seeks to vote claims that wholly duplicate other claims or to vote higher amounts than permitted by the cap imposed by Section 502(b)(6) of the Bankruptcy Code.

8. The Rule 3018 Motion filed by LCH Opportunities, LLC (Docket No. 11031) is granted and the Voting Agent is instructed to count the ballot submitted by such Claimant.

9. The Rule 3018 Motions filed by CW Capital Asset Management, LLC (Docket Nos. 11032 and 11033) are granted and the Voting Agent is instructed to count the ballots submitted by such Claimants; provided, however, that the Voting Agent is instructed to not count the ballots of CW Capital Asset Management, LLC to the extent they seek to vote claims that wholly duplicate other claims or to vote higher amounts than permitted by the cap imposed by Section 502(b)(6) of the Bankruptcy Code.

10. Except as provided in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8 and 9 of this Order, all of the other Rule 3018 Motions are denied and the Voting Agent is directed to not count any ballots submitted by such Claimants.

11. This Order is without prejudice to rights to object to the Claims of any of the Claimants on any basis, including, without limitation, validity, amount, or status as secured, priority unsecured or non-priority unsecured.

Dated this ____ day of October, 2006 in Jacksonville, Florida.

                                                     Jerry A. Funk
                                                     United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.