Hearing Date: October 5, 2006 at 1:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

### DEBTORS' OMNIBUS RESPONSE TO
### MOTIONS FOR DETERMINATION OF PLAN CLASS

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries, debtors and debtors-in-possession (collectively, the "Debtors"), submit this omnibus response (the "Response") to the separate motions seeking determination of plan class (the "Motions") filed by Floyd Thomas Bailey (Docket Nos. 10858 and 10859); KJump, Inc. (Docket No. 10875); Luz Elena Cardona (Docket No. 10917); Lucien Buggs (Docket No. 10918); Wah Hong Go (Docket No. 10983); Remke Markets, Inc. (Docket No. 11027); Alliance Shippers, Inc. (Docket No. 11034); Delta Plaza, LLC (Docket No. 11040); Quincy Associates, Lakeland Partners and Northwood Oaks, LLC (Docket No. 11120); and Ernest Allen (Docket No. 11128) (the "Claimants").

### Motions for Determination of Plan Class

1. The Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan")[2] classifies Claims and Interests within twenty-one different Classes based

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] Capitalized terms used herein without definition have the meaning ascribed to them in the Plan.

upon the requirements of Section 1122 of the Bankruptcy Code. Unsecured Claims are classified within five of those Classes as follows: Noteholder Claims in Class 12, Landlord Claims in Class 13, Vendor/Supplier Claims in Class 14, Retirement Plan Claims in Class 15, and Other Unsecured Claims in Class 16.

2. In response to concerns raised by holders of Unsecured Claims, the Debtors developed a procedure that would provide for notice to such holders of the Class in which their Claims would be classified and the opportunity for such holders to challenge the classification. That procedure was incorporated in the Order (i) Determining Dates, Procedures and Forms Applicable to Solicitation Process, (ii) Establishing Vote Tabulation Procedures, (iii) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan, and (iv) Waiving Local Rules dated August 4, 2006 (the "Solicitation Procedures Order"). Paragraph 18 of the Solicitation Procedures Order provides as follows:

> With respect to holders or potential holders of Landlord Claims in Class 13, Vendor/Supplier Claims in Class 14, Retirement Plan Claims in Class 15, and other Unsecured Claims in Class 16, the plan class identified on the ballot or claim reduction form received by each such holder shall be binding unless such holder files with the Court on or before September 18, 2006, at 4:00 p.m. (Eastern Time), one week before the Voting Deadline, a motion seeking a determination by the Court of the proper Class (a "Motion for Determination of Plan Class"). The Motion for Determination of Plan class must identify the plan class in which the holder believes its claim belongs and the basis for its belief. *If the Debtors (in consultation with the Creditors Committee) disagree, they shall file an objection and schedule a hearing before the Court, on notice to the holder.* If the Debtors (in consultation with the Creditors Committee) agree, they shall file a consent, on notice to the holder. In the absence of the filing of a Motion for Determination, the Claim will be treated in the plan class identified on the ballot or claim reduction form.

Solicitation Procedures Order, Par. 18 (emphasis added).

3. The procedure was intended to deal with the classification of Unsecured Claims *as between the five Classes*. It was not intended to provide an alternative mechanism for

objecting to Claims for the purpose of determining their status as secured, priority unsecured or non-priority unsecured. Some of the Motions seek a determination that the Claims in question should not be treated in any Class of Unsecured Claims. Those types of issues will be addressed through the claims objection process.

4.    The Debtors' response to each of the Motions is set forth below. Where the Debtors disagree with the change in Class requested by a Claimant, this response constitutes the objection required by paragraph 18 of the Solicitation Procedures Order. Where the Debtors agree with the change in Class requested by a Claimant, this Response constitutes the Consent required by paragraph 18 of the Solicitation Procedures Order.

## Response to Motions

5.    Floyd Thomas Bailey. Floyd Thomas Bailey filed two unsecured proofs of claim, one for rights under a life insurance policy and one for claims under the Debtors' management security plan. The first claim was classified as a Class 16 Other Unsecured Claim and the second claim was classified as a Class 15 Retirement Plan Claim. Mr. Bailey asserts that both claims should be classified as Class 3 Workers Compensation Claims. The Debtors have determined that the first claim, for rights under a life insurance policy, is not a claim against the Debtors but is instead a claim against the insurance company that is not affected by the Debtors' bankruptcy filing. Thus, the Debtors have filed an objection to that claim for the purpose of removing it from the case. As to the second claim, for claims under the Debtors' management security plan, the Debtors believe that the claim was properly classified as a Class 15 Retirement Plan Claim. The Debtors request that the Court deny Mr. Bailey's request to reclassify his claims.

6.    KJump, Inc. KJump, Inc. is a landlord whose claim has been classified as a Class 13 Landlord Claim. The Motion for Determination of Plan Class filed by KJump seeks

reclassification of its claim as an Administrative Claim based upon the fact that its lease is the subject of a pending lease assumption motion. The Debtors do not dispute (a) that the lease is the subject of a pending assumption motion, or (b) that, if and when this Court enters an order authorizing the assumption of such lease, KJump's claim will be afforded Administrative Claim status consistent with such order. The Debtors, however, object to the proposed reclassification of KJump's claim. Until such time as an assumption order is entered by this Court, the classification of this claim as a Class 13 Landlord Claim is appropriate.

7. <u>Luz Elena Cardona.</u> Luz Elena Cordona filed a proof of claim for personal injuries. The Debtors classified Ms. Cardona's claim as a Class 16 Other Unsecured Claim. The Motion for Determination of Plan Class filed by Ms. Cardona purports to seek a determination of Plan class but fails to state the class in which she believes her claim belongs. The Solicitation Procedures Order expressly provides that "[t]he Motion for Determination of Plan Class must identify the plan class in which the holder believes its claim belongs and the basis for its belief." Moreover, the Debtors are unaware of any facts that would suggest that classification of Ms. Cardona's claim in a class other than Class 16 is appropriate. Accordingly, this Court should deny Ms. Cardona's Motion for Determination of Plan Class.

8. <u>Lucien Buggs.</u> Lucien Buggs filed a proof of claim for personal injuries. The Debtors classified Mr. Buggs' claim as a Class 16 Other Unsecured Claim. The Motion for Determination of Plan Class filed by Mr. Buggs seeks to have his claim reclassified as a Class 11 Other Secured Claim. Mr. Buggs' alleged claim is not secured by any of the Debtors' assets and the Debtors are not aware of any facts that would suggest that classification of Mr. Buggs' claim in a class other than Class 16 is appropriate. Accordingly, this Court should deny Mr. Buggs' Motion for Determination of Plan Class.

9. <u>Wah Hong Go.</u> Wah Hong Go's claim arises out of allegations of unlawful termination of employment. The Debtors have classified Mr. Go's claim as a Class 16 Other Unsecured Claim. The Motion for Determination of Plan Class filed by Mr. Go seeks reclassification of his Claim, but does not specify the class in which he believes his claim belongs. The Solicitation Procedures Order expressly provides that "[t]he Motion for Determination of Plan Class must identify the plan class in which the holder believes its claim belongs and the basis for its belief." Moreover, the Debtors are unaware of any basis in law or any facts that would support the classification of Mr. Go's claims in a class other than Class 16. Accordingly, this Court should deny Mr. Go's Motion for Determination of Plan Class.

10. <u>Remke Markets, Inc.</u> Remke Markets, Inc. holds a claim arising from a lease under which one of the Debtors is a lessor and Remke Markets is a lessee. The Debtors mistakenly classified Remke Market's claim in Class 13. The Motion for Determination of Plan Class filed by Remke Markets correctly seeks to have its claim reclassified as a Class 16 Other Unsecured Claim. Accordingly, the Debtors do not oppose Remke Markets' Motion for Determination of Plan Class and consent to the reclassification of its claim as a Class 16 Other Unsecured Claim.

11. <u>Alliance Shippers, Inc.</u> Alliance Shippers, Inc. holds a claim arising from a judgment obtained under federal law. Alliance did not provide goods, supplies or services to the Debtors and had no relationship with the Debtors. Rather, Alliance provided shipping services to one of the Debtors' vendors. Under federal statute, a shipper may collect against the recipient of goods when its customer fails to pay. Because of the nature of Alliance's claim, the Debtors classified the claim as a Class 16 Other Unsecured Claim and believes that the classification is correct. Therefore, the Debtors oppose Alliance's Motion for Determination of Plan Class, which

seeks to reclassify the claim as a Class 14 Vendor/Supplier Claim, and request that the Court deny the Motion.

12. <u>Delta Plaza, LLC.</u> Delta Plaza, LLC holds a claim arising from amounts allegedly owed under a real property lease. The Motion for Determination of Plan Class filed by Delta Plaza, LLC seeks reclassification of its claim as a Class 13 Landlord Claim. The Debtors have determined that reclassification is appropriate. Accordingly, the Debtors do not oppose Delta Plaza's Motion for Determination of Plan Class and consent to the reclassification of its claim as a Class 13 Landlord Claim.

13. <u>Quincy Associates, Lakeland Partners, and Northwood Oaks, LLC.</u> Quincy Associates, Lakeland Partners and Northwood Oaks, LLC are each landlords who hold claims the Debtors have classified as Class 13 Landlord Claims. They seek reclassification of their claims as Administrative Claims based upon the fact that their leases are the subject of a pending lease assumption motion. The Debtors do not dispute (a) that they have reached agreement with these claimholders as to the cure amounts that are owed for each of the leases, or (b) that, if and when this Court enters an order authorizing the assumption of these leases, these claims will be afforded Administrative Claim status consistent with such order. The Debtors, however, object to the proposed reclassification. Until such time as an assumption order is entered by this Court, the classification of these claims as Class 13 Landlord Claims is appropriate.

14. <u>Ernest S. Allen.</u> Ernest S. Allen filed a proof of claim in these cases for personal injuries. The Debtors classified Mr. Allen's claim as a Class 16 Other Unsecured Claim. The Motion for Determination of Plan Class filed by Mr. Allen seeks a determination of Plan class but fails to state the class in which he believes his claim belongs. The Solicitation Procedures Order expressly provides that "[t]he Motion for Determination of Plan Class must identify the plan class in which the holder believes its claim belongs and the basis for its belief."

Moreover, the Debtors are unaware of any facts that would suggest that classification of Mr. Allen's claim in a class other than Class 16 is appropriate. Accordingly, the Debtors ask this Court to deny Mr. Allen's Motion for Determination of Plan Class.

## **Reservation of Rights**

15. The Debtors reserve their rights to object to the Claims of any of the Claimants on any basis, including, without limitation, validity, amount, or status as secured, priority unsecured or non-priority unsecured.

**Notice**

16. Notice of the Response has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Claimants or counsel for the Claimants. No other or further notice need be given.

WHEREFORE the Debtors respectfully request that the Court (i) grant the relief requested by this Response, (ii) enter the proposed Order attached as Exhibit A, and (iii) grant such other and further relief as is just and proper.

Dated: September 22, 2006

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By ___s/ D. J. Baker___<br>    D. J. Baker<br>    Sally McDonald Henry<br>    Rosalie Walker Gray<br>    Adam S. Ravin<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By ___s/ James H. Post___<br>    Stephen D. Busey<br>    James H. Post<br>    Cynthia C. Jackson,<br>    Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Debtors.[1] ) | Jointly Administered |

ORDER WITH RESPECT TO MOTIONS SEEKING
DETERMINATION OF PLAN CLASS

These cases came before the Court for hearing on October 5, 2006, upon (a) the motions seeking determination of plan class that were filed by Floyd Thomas Bailey (Docket Nos. 10858 and 10859); KJump, Inc. (Docket No. 10875); Luz Elena Cardona (Docket No. 10917); Lucien Buggs (Docket No. 10918); Wah Hong Go (Docket No. 10983); Remke Markets, Inc. (Docket No. 11027); Alliance Shippers, Inc. (Docket No. 11034); Delta Plaza, LLC (Docket No. 11040); Quincy Associates, Lakeland Partners and Northwood Oaks, LLC (Docket No. 11120); and Ernest Allen (Docket No. 11128) (collectively, the "Motions for Determination of Plan Class"),[2] and (b) the corresponding omnibus response filed by Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") (the "Response"). Upon consideration, it is

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Response.

ORDERED AND ADJUDGED:

1. The Claim of Remke Markets, Inc. shall be reclassified as a Class 16 Other Unsecured Claim.

2. The Claim of Delta Plaza, LLC shall be reclassified as a Class 13 Landlord Claim.

3. Except as set forth in Paragraphs 1 and 2 of this Order, the remaining Motions are denied.

4. This Order is without prejudice to rights to object to the Claims of any of the Claimants on any basis, including, without limitation, validity, amount, or status as secured, priority unsecured or non-priority unsecured.

Dated this ____ day of October, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

2

671816-New York Server 1A - MSW