Hearing Date:  October 5, 2006, 1:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors[1]. | ) | Jointly Administered |

## DEBTORS' OBJECTION TO CLAIMS AND MOTION
## TO DISALLOW OR REDUCE CLAIMS FOR VOTING PURPOSES

Winn-Dixie Stores, Inc. and twenty-three of its affiliates, (collectively, the "Debtors") file this (a) objection pursuant to 11 U.S.C. §502 and Rule 3007, Fed. R. Bankr. P. and (b) motion pursuant to Rule 3018, Fed. R. Bankr. P. and the Order (i) Determining Dates, Procedures and Forms Applicable to Solicitation Process, (ii) Establishing Vote Tabulation Procedures, (iii) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan, and (iv) Waiving Local Rules (the "Solicitation Order"), to disallow or reduce for voting purposes the clims identified below, and in support state:

1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2.    The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors to serve in these cases pursuant to Sections 1102 and 1103 of the Bankruptcy Code.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by notice dated January 11, 2006.

4.    On June 29, 2006, the Debtors filed a proposed Disclosure Statement (the "Disclosure Statement") together with the Plan.  The Disclosure Statement was approved by Order of the Court dated August 4, 2006.  The solicitation period commenced on or before August 15, 2006, with a voting deadline of September 25, 2006.  The hearing to consider confirmation of the Plan is scheduled for October 13, 2006.

5.    Under the Solicitation Order, voting rights were determined as of the August 1, 2006 voting record date.  Claims that had not yet been reconciled or identified for objection were entitled to vote.  By paragraph 12 of the Solicitation Order, however, the Debtors were authorized to continue to object to proofs of claim through the solicitation period and were permitted to ask the Court to disallow any vote cast by any creditor whose claims were included in any such objection.

6.      By this Objection and Motion, the Debtors (a) object to and ask the Court (a) to disallow (i) proof of claim number 454 filed by George C. Walker, Jr. in the amount of $519,218.56, and (ii) proof of claim number 8367 filed by WD Rocky Mount Va Partners LLC ("Rocky Mount") in the amount of $606,626.01 (b) object to and ask the Court to reduce proof of claim number 12432 filed by Fred D. Bentley, Sr. to $306,516.26  and proof of claim number 11905 filed by Day Properties, LLC to $216,890.00  (c) ask the Court to temporarily reduce for voting purposes proof of claim number 12786 filed by James and Carolyn Sell to $1,042,851.41 and (d) ask the Court to direct Logan and Company, as Voting Agent in these cases, not to count the ballots cast by Mr. Walker or Rocky Mount and to count the ballots of Mr. and Mrs. Sell, Mr. Bentley and Day Properties only in the reduced amount described below.

7.      The claim asserted by Mr. Walker (Claim number 454) is for alleged rejection damages arising under the lease for Store number 988.  This same liability has been asserted by Mr. Walker's mortgage lender on these leased premises, Jefferson Pilot Life Insurance Co., by proof of claim number 8574.  The Debtors understand that the claim rights are held by Jefferson Pilot Life Insurance Co.  Jefferson Pilot Life Insurance Co. received a ballot to vote proof of claim number 8574 in the amount of $382,219.95.  Only one claim should be allowed for Store number 988, and only one ballot should be counted.

8.      The claim asserted by Rocky Mount (Claim number 8367) is similarly for alleged rejection damages arising under the lease for  Store number 983.  This same alleged liability has been asserted by its lender, Merrill Lynch, in claim number 13298.    The Debtors understand that the claim rights are held by Merrill Lynch.  Merrill Lynch received

a ballot to vote proof of proof of claim number 13298 in the amount of $717,829.00. Only one claim should be allowed for Store number 983, and only one ballot should be counted.

9.    The claims asserted by Mr. Bentley and Day Properties are for rejection damages as well, but neither claimant applied the damage cap required by 11 U.S.C. §502(b)(6). Proof of claim number 12432 filed in the amount of $1,591,693.33 should be reduced to $306,516.26 and proof of claim number 11905 filed in the amount of $1,028,639 should be reduced to $216,890.

10.    By an objection dated September 12, 2006, the Debtors asked the Court to reduce proof of claim number 12706 filed in these cases by James & Carolyn Sell in the amount of $6,480,175.18 to $1,042,851.41. The amount in which the Sells should be permitted to vote should be similarly reduced to $ 1,042,851.41.

11.    The Debtors reserve the right to amend, modify or supplement this objection and motion and to file any other additional objections to these claims.

<u>**Conclusion**</u>

For the foregoing reasons, the Debtors ask the Court to enter an order substantially in the form attached (i) directing Logan and Company, Inc., as Voting Agent in these cases not to count any ballots cast by Mr. Walker or Rocky Mount and to count the ballots of Mr. and Mrs. Sell, Mr. Bentley and Day Properties in the reduced amounts (ii) disallow the claims of Mr. Walker and Rocky Mount in full and reduce the claims of Mr.

Bentley and Day Properties and (iii) for such other relief as is just and proper.  The Debtors

will set a hearing on the merits of the Objection at a later date.


Dated:  September 22, 2006

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP

By     *s/ D. J. Baker*                              By     *s/ Cynthia C. Jackson*
        D. J. Baker                                            Stephen D. Busey
        Sally McDonald Henry                          James H. Post
        Rosalie Walker Gray                            Cynthia C. Jackson, F.B.N. 498882

Four Times Square                                    225 Water Street, Suite 1800
New York, New York 10036                        Jacksonville, Florida 32202
(212) 735-3000                                       (904) 359-7700
(212) 735-2000 (facsimile)                        (904) 359-7708 (facsimile)
djbaker@skadden.com                              cjackson@smithhulsey.com

Co-Counsel for Debtors                            Co-Counsel for Debtors

00543944