IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 11 |
| WINN DIXIE STORES, INC., et al., | ) | |
| | ) | |
| Debtors. | ) | Case No.: 05-03817-3F1 |

## WINDSOR STATION LLC'S RESPONSE TO DEBTORS' NINETEENTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS, (C) WORKERS COMPENSATION CLAIMS AND (D) WORKERS COMPENSATION MISCLASSIFIED CLAIMS

Windsor Station LLC ("Windsor"), by and through its undersigned counsel, files this Response to the Debtors' Nineteenth Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Workers Compensation Claims and (D) Workers Compensation Misclassified Claims ("Objection") and states:

1. The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on February 21, 2005 and continue to manage their affairs as debtors-in-possession.

2. At the time the Debtors filed their chapter 11 petitions, Windsor and Winn-Dixie Raleigh, inc (formerly known as Winn-Dixie Charlotte, Inc.) ("Debtor") were parties to a lease agreement dated December 13, 1995 under which Windsor leased certain premises to the Debtor located at the Windsor Center. See Affidavit of Jill Hadden, attached hereto as Exhibit A, at ¶3. This lease was guaranteed by Winn-Dixie Stores, Inc. Winn-Dixie Raleigh, Inc and Winn-Dixie Stores, Inc. are collectively referred to herein as the Debtors.

3. On February 28, 2006, Windsor filed claim number 12953, a claim that amended claim number 8034, asserting that the Debtor owed $47,007.04 as an unsecured priority claim. According to Exhibit A attached to claim number 12953, the unsecured priority claim consists of amounts owed by the Debtor for 2004 real estate taxes, 2004 CAM charges and 2005 CAM payments at the Windsor Center.

4. On August 30, 2006, the Debtors filed the Objection. In the Objection, the Debtors identify 99 Disputed Claims and assert that their books and records reflect no amounts due and that the Disputed Claims should be disallowed in their entirety. Claim number 12953 filed by Windsor is one of the Disputed Claim. On Exhibit A to the Objection, the Debtors assert that there is no liability with respect to claim number 12953 because the store at issue was sold and all amounts were paid at or in connection with closing.

5. On or about September 9, 2005, the premises leased by the Debtor at Windsor Center was assigned to and assumed by Food Lion ("Buyer"). Windsor was entitled to have all of its outstanding obligations cured at closing to Buyer. According to the final closing statement certain amounts were paid to Windsor at closing; however, unlike the Debtors' assertion, all amounts owed to Windsor were not paid at that time. For example, the Buyer only agreed to pay taxes and insurance from January 1, 2005 forward and CAM charges from September 9, 2005 forward. Following the closing, the real estate taxes for 2004 and certain CAM charges for 2005 and 2004 remained unpaid. See Hadden Affidavit, Exhibit A, at ¶4.

6. On June 28, 2006, Windsor received a check from the Debtors in the amount of $11,725.66 and applied that payment to the outstanding CAM charges and to the partial payment of the 2004 real estate taxes still due and owing. After application of the June 28, 2006, payment

and other open credits, the Debtors continued to owe $22,083.64, for unpaid 2004 real estate taxes. See Hadden Affidavit, Exhibit A, at ¶5-6.

7. As such, all amounts claimed pursuant to claim number 12953 have not been paid, and Windsor is entitled to an allowed post-petition priority administrative claim in the amount of $22,083.64, the amount still owed by the Debtors for 2004 real estate taxes at Windsor Center.

WHEREFORE, Windsor Station LLC respectfully requests that the Court deny the Debtors' Objection, allow claim number 12953 as a post-petition priority administrative expense claim filed by Windsor in the amount of $22,083.64, direct the Debtor to make immediate payment of the same, and grant all other relief the Court deems appropriate.

HELD & ISRAEL

By: /s/ *[signature]*
Kimberly Held Israel, Esquire
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
afrisch@hilawfirm.com
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

POLSINELLI SHALTON WELTE SUELTHAUS PC

JAMES E. BIRD (#28833)
AMY E. HATCH (#53116)
700 West 47th Street, Suite 1000
Kansas City, Missouri 64112
(816) 753-1000
Fax No. (816) 753-1536