UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.* | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Judge Jerry A. Funk |
| _____ | ) | |

**FLORIDA TAX COLLECTORS' OBJECTION TO
CONFIRMATION OF THE JOINT PLAN OF REORGANIZATION
OF WINN-DIXIE STORES, INC. AND ITS AFFILIATED
DEBTORS AND DEBTORS-IN-POSSESSION**

The Florida Tax Collectors[1] ("FTC"), through their undersigned counsel, object to confirmation of the *Joint Plan of Reorganization of Winn Dixie and Its Affiliated Debtors and Debtors-in-Possession* (the "Plan") as follows:

SUMMARY OF DISCLOSURE STATEMENT AND JOINT PLAN OF REORGANIZATION

a. FTC refer the Court to the following specific portions of the Disclosure Statement:

i. Summary of Class 10 Secured Tax Claims on page 8;

ii. Summary of Stores and Facilities on pages 20 and 21;

iii. Sale of Assets described in Paragraph F.3 on page 41;

iv. Paragraphs F.5 and F.6 regarding Disposition of Non-Residential Real Property Leases and [Personal Property] Executory Contracts on pages 42 and 43

---

[1] The "Florida Tax Collectors" consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Escambia, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, and Walton.

1

(including the Debtors' intention to pay cure amounts to the extent the cure amounts include payment of taxes);

v. Claims Process (including the Tax Claims Objection Process) at Paragraph F.12(d) on Page 46;

vi. The "deemed substantively consolidated" description contained within the second full paragraph of Section VI(B) on Page 52; see also the second full paragraph on page 54, which purports to transfer liens against a "consolidated estate";

vii. Treatment of Administrative Claims beginning on page 57;

viii. Treatment of Priority Tax Claims, including priority tax claims and other priority claims, on pages 59 and 60;

ix. Treatment of Class 10, Secured Tax Claims on pages 63 and 64;

x. Treatment of Class 11, Other Secured Claims on page 64; and

xi. Revesting of Assets and Release of Liens within Paragraph G on page 82; and

xii. The Retention of Jurisdiction provision in Paragraph N on pages 93 and 94 as it may arguably relate to jurisdiction over Florida property tax issues and officials.

A review of the paragraphs and provisions outlined above reflects a clear intention by the Debtors to maintain within the jurisdiction of this Court, any and all issues relative to outstanding *ad valorem* property taxes for tax years 2004, 2005 and 2006. Included within this process is an implied ability to contest taxes by contesting "cure payments" for leased property,

and vague representations as to whether 2006 post-petition *ad valorem* taxes will be paid in the ordinary course of business, considered as administrative expenses or considered as priority tax claims. The broad reservation of jurisdiction to contest property taxes pursuant to Section 505 reflects an attempt by the Debtors to usurp the inherent taxing power of the States and subject them, against their will, to an unconstitutional application of Section 505 of the Bankruptcy Code. The nebulous disclosure and treatment of property taxes, which includes alternative methods to contest or otherwise delay payment by potential lengthy complex litigation, is patently unfair. In addition, this proposed process (note that the Debtors' objection to FTC claims involves "value" of the taxed property) must involve parties who have not been notified of the Plan nor of the relief sought against them (i.e. – Florida Property Appraisers and the Florida Department of Revenue), and it therefore violates fundamental due process considerations. In summary, the Debtors seek this Court's jurisdiction to determine *ad valorem* taxes pursuant to Sections 105 and 505 of the Bankruptcy Code, the claim objection process, and the cure objection process, as well as the shotgun reservation of jurisdiction to determine matters affecting the Plan.

    b.    FTC refer the Court to the following specific portions of the Plan:

        i.    Definitions of terms found on pages A-1 through A-10;

        ii.    Classification of Claims and Interests as it relates to Class 10 Secured Tax Claims and Class 11 Other Secured Claims found on page A-13 (i.e. - the creation of subclasses for all purposes under the Bankruptcy Code, including voting);

        iii.    Treatment of Class 10: Secured Tax Claims on page A-17;

iv.     Paragraph 5.2 on page A-21 providing for Acceptance of the Plan by Impaired Classes;

v.      Paragraph 6.11 on page A-25 relative to Release of Liens;

vi.     Rejection of Executory Contracts and Unexpired Leases at Paragraph 7.1 on page A-27; and Cure Rights for Executory Contracts and Unexpired Leases contained at Paragraph 7.4 on page A-28;

vii.    Paragraph 8.2 on page A-31, relative to cessation of post-petition interest;

viii.   Paragraph 9.2(a) on page A-35, which provides that there will be no payment or distribution of Disputed Claims until such claims are allowed;

ix.     Retention of jurisdiction pursuant to Sections 105(a) and 1142 of the Bankruptcy Code relative to Claims and relative to state, local and federal taxes contained within Paragraph 11.1 on pages A-37 and A-38;

x.      Paragraph 12.4 on page A-40 relating to payment of Indenture Trustee expenses, to the extent payment is made from cash obtained from the sale of FTC collateral; and

xi.     Reservation of injunctive relief and of jurisdiction pursuant to Section 105 of the Bankruptcy Code, found in Paragraph 11.1 on pages A-37 and A-38, and Paragraph 12.16 on page A-44.

FTC specifically refer to the Debtors' definition of "lien" contained in Paragraph 1.48 on page A-6, which is a broad definitional term which neglects to acknowledge the Bankruptcy Code's definitions of "statutory lien" created by operation of law [11 U.S.C. § 101(53)] and "security interest" created by agreement [11 U.S.C. § 101(51)]. This distinction is especially important in

4

the Court's analysis of the proposed treatment of *ad valorem* property taxes secured by a statutory lien within the Plan. Cure payments for assumed executory contracts and unexpired leases are included within the definition of "administrative claim" at Paragraph 1.1(f) on Page A-1, yet the Disclosure Statement contains a reservation of rights to contest cure amounts.

 c. The Plan seeks to classify *ad valorem* property tax claims in a series of indistinguishable subclasses. It further seeks to reduce *ad valorem* property taxes and the statutory interest rate due on delinquent taxes. All Florida statutory time limitations have expired to contest both 2004 and 2005 *ad valorem* property taxes. The time limitations to contest the tax year 2006 post-petition *ad valorem* property taxes are currently in effect.

### FTC OBJECTIONS TO CONFIRMATION

 1. FTC are arms of the State of Florida and, notwithstanding this Court's *in rem* jurisdiction, assert sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution as a defense to the Debtors' Plan. FTC assert that the states have an inherent right to tax their citizens and fund government. Florida's statute of non-claim (§194.171(2), Florida Statutes) has expired relative to the ability to contest 2004 and 2005 *ad valorem* property taxes. Congress, pursuant to its Article I powers, does not the power to enact legislation pursuant to the Bankruptcy Clause that usurps the inherent power of the States.

 2. The inherent power to tax and fund government is preserved to the States within the Tenth Amendment of the United States Constitution. The Debtors' attempt to reserve subject matter jurisdiction of the Bankruptcy Court to re-determine property taxes is unconstitutional.

 3. Article VII, § 13 of the Florida Constitution states that "Until payment of all taxes which have been legally assessed upon the property of the same owner, no court shall grant relief

from the payment of any tax that may be illegal or illegally assessed." Congress has no Article I power to violate States' constitutions. The provisions of the Plan which, based upon the Bankruptcy Court's *in rem* jurisdiction, purport to create a new substantive right to determine property taxes is improper. The deadlines under Florida state law to contest the 2004 and 2005 *ad valorem* property taxes have expired. Further, any attempt to determine property values for 2006 post-petition *ad valorem* property taxes is not within the jurisdiction of this Court and violates the Full Faith and Credit Clause of the United States Constitution.

4. The Tax Injunction Act, 28 U.S.C. § 1341, precludes interference by federal courts in local and state taxes when a plain, speedy and efficient remedy is available. There is no question that the Debtors could have availed themselves of the State of Florida's procedures to contest *ad valorem* taxes. Not only is Florida's statutory procedure plain and speedy, it is much more efficient than the Debtor's proposed process outlined in the Disclosure Statement and Plan.

5. The Debtors must comply with state law (e.g. - file tangible personal property tax returns) and pay state taxes when operating under the protection of a federal court. See 28 U.S.C. §§ 959 and 960. The 2006 *ad valorem* property taxes must be paid in accordance with Florida law. To the extent that the Plan provides for treatment of 2006 *ad valorem* property taxes in a manner other than as provided by 28 U.S.C. §§ 959 and 960 and federal jurisdictional limitations, the Plan must fail.

6. Sworn tangible personal property tax returns were filed by the Debtors for tax years 2004, 2005 and 2006. Judicial estoppel precludes the use of the federal judicial process by Debtors to contest their own prior sworn statements by way of subsequent purported "claim objections" or "cure disputes."

7. The Debtors should not be allowed to use the Bankruptcy Code to subject FTC (as an arm of the State of Florida) to the coercive nature of the federal judicial process. In respect to the federal judicial process, FTC have continually made the Court aware of their collective concern and have advised the Court of the fact that Florida statutory time limits have expired relative to the 2004 and 2005 *ad valorem* property taxes. The Debtors' attempts to reduce the 2006 post-petition *ad valorem* taxes, and the prospective relief against Florida Property Appraisers and the Florida Department of Revenue sought by Debtors without providing either party with notice or the opportunity to be heard, should be summarily rejected by this Court. It is because of FTC' respect for the judicial process and the efficient administration of these proceedings by this Court, and FTC' efficient administration of their own respective offices, that various motions have been filed by FTC in this case. FTC have made it clear that their participation in this case is subject to FTC' right to assert any and all defenses and to bring factual matters to the Court's attention relative to the *ad valorem* taxes which the Debtors ignore.

8. The Debtors have failed to properly classify the post-petition 2006 *ad valorem* property taxes as an administrative expense.

9. The Plan seeks to reserve jurisdiction of the Bankruptcy Court for any and all matters and disputes relative to the Plan and the claim objection process. Any attempt by Debtors to assert or retain jurisdiction over either the pre-petition or post-petition property tax disputes is improper. Included within this objection is any attempt by Debtors to retain jurisdiction over property or parties that are no longer property of the Debtors' estate. In this regard, FTC refer to the extensive store closing procedures of the Debtors leading up to this Plan and the confirmation hearing.

10. Thus, as set forth in paragraphs 1 through 9 above, the Plan fails to comply with §§ 1129(a)(1), (2) and (3) of the Bankruptcy Code, and confirmation should be denied.

11. The Debtors have utilized the *forum non conveniens* of Jacksonville to send out extensive claim objections to all of the states in which Winn Dixie was or is operating. This process, when Debtors were well aware of their filing of sworn tax returns relative to tangible personal property, the existence of procedures in these various states to contest taxes, and the expiration of the various states' time limits to contest these taxes, reflects a clear intention to knowingly avoid taxes by filing this Plan in violation of § 1129(d) of the Bankruptcy Code.

12. The Plan attempts to reduce the statutory interest due on delinquent *ad valorem* property taxes in violation of § 1129(a)(2) of the Bankruptcy Code, notwithstanding the fact that these taxes are fully secured by a statutory first lien pursuant §197.122(1) and §192.053, Florida Statutes.

13. Generally, the Plan provides for Class 10 Secured Tax Creditors to be paid 100% over time with a reduced rate of interest, thus making this Class impaired. The Plan purports to give Debtors the authority pursuant to Bankruptcy Code Sections 105 and 505 to provide a new, substantive right to contest taxes. The Debtors have failed to meet the prerequisite requirements of Section 505(a) of the Bankruptcy Code. Specifically, the Debtors have never requested a refund for the "overpaid" 2004 *ad valorem* property taxes and have never requested a reduction of the 2005 *ad valorem* property taxes. Thus, any provision of the Plan requesting determination of the 2004, 2005 and 2006, property taxes also violates §§ 1129(a)(1), (2) and (3) of the Bankruptcy Code.

14. The Plan is unclear relative to the Debtors' intention to treat FTC as impaired. The Plan provides for a claim review and objection process that extends potential payment dates well beyond the dates needed to fund local taxing authorities for services currently being provided to the Debtors. The payment dates and effective date of the Plan relative to payment of property taxes are also illusory, thus further impairing FTC. The failure to have a clear effective date relative to payment of *ad valorem* property taxes is an inherent failure to comply with § 1129(b)(2) of the Bankruptcy Code in that an illusory effective date is not fair or equitable and, based on the Debtors' continued financial losses incurred, confirmation of the Plan is likely to be followed by liquidation in violation of § 1129(a)(11).

15. The provisions of the Plan which purport to marshal the Debtors' assets and transfer the liens of creditors to all of the assets as part of a consolidation for plan purposes violates § 1129(b)(2) of the Bankruptcy Code, in that FTC, as secured property tax creditors with a statutory lien on the property assessed, will not realize the indubitable equivalent to their claim. Tax liens are against the property assessed. The Plan proposes to bring all of the various Debtors' assets into one supposed identifiable, post-confirmation estate. FTC are paid in cash, and the only indubitable equivalent to FTC' claims is cash.

16. The Plan provision for the cessation of post-petition interest on fully-secured *ad valorem* property taxes violates Section 506 of the Bankruptcy Code, and therefore fails to comply with § 1129(a)(1) of the Bankruptcy Code.

17. The Plan's separate subclasses within Classes 10 and 11 are an impermissible manipulation of the classification of claim requirements of Section 1122 of the Bankruptcy Code. This proposed classification system, including the failure to properly designate and provide for

treatment of *ad valorem* property taxes by satisfaction of the statutory first liens in compliance with § 1123(a)(5)(E) of the Bankruptcy Code, violates § 1129(a)(1) of the Bankruptcy Code.

18. The Plan's cure provisions relative to leases of real estate and tangible personal property fail to comply with § 1123(d) of the Bankruptcy Code, in that they fail to ensure payment of *ad valorem* property taxes in accordance with state law as part of the cure process. Thus, the Plan violates § 1129(a)(1) of the Bankruptcy Code.

19. Assuming FTC are "impaired," the Plan fails to comply with §1129(a)(7) of the Bankruptcy Code. The Plan fails to meet the "best interest of creditors" test in that it does not provide FTC with the amount they would receive or obtain if the Debtors were liquidated under Chapter 7 on the effective date of the Plan, in violation of § 1129(a)(7) of the Bankruptcy Code.

20. The Plan's ambiguous wording appears to discriminate unfairly, and the Plan is not fair and equitable with respect to the class of claims including FTC, which are impaired under the Plan in violation of §§ 1129(b)(1) and (2) of the Bankruptcy Code.

WHEREFORE, premises considered, the Florida Tax Collectors request this Court enter an Order denying confirmation of the Debtors' Joint Plan of Reorganization, and for such other relief as this Court deems proper.

Dated: September 25, 2006

Respectfully submitted,

By: _____
Brian T. FitzGerald
Hillsborough County Attorney's Office
Florida Bar No. 484067
Post Office Box 1110
Tampa, Florida 33601-1110
Ph: 813-272-5670
Fx: 813-272-5231
fitzgeraldb@hillsboroughcounty.org
Attorney for the Florida Tax Collectors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the *Florida Tax Collectors' Objection to Confirmation of Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Its Affiliated Debtors and Debtors-in-Possession* has been served this 25th day of September, 2006 by *Notice of Electronic Filing* on **Skadden, Arps, Slate, Meagher & Flom, LLP**, Attn: D. J. Baker (djbaker@skadden.com), Attorneys for Debtors; **Smith Hulsey & Busey**, Attn: Cynthia C. Jackson (cjackson@smithhulsey.com), Attorneys for Debtors; **Milbank, Tweed, Hadley & McCloy, LLP**, Attn: Matthew Barr (mbarr@milbank.com), Attorneys for Unsecured Creditors Committee; **United States Trustee**, Attn: Elena L. Escamilla; and to all parties receiving electronic notice.

_____
Brian T. FitzGerald, Esq.
Senior Assistant County Attorney