UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**WAH HONG GO'S MOTION TO HAVE EVIDENCE ADMITTED DURING CONTESTED HEARING ON HIS MOTION FOR RELIEF FROM STAY STAND OVER AS EVIDENCE IN SUPPORT OF HIS RECENT FILINGS: A. RULE 3018(a) MOTION TO HAVE HIS CLAIM PROVISIONALLY ALLOWED FOR VOTING PURPOSES ONLY (10986); B. MOTION FOR DETERMINATION OF PLAN CLASS FOR RACE AND NATIONAL ORIGIN DISCRIMINATION CLAIMS (10983), AND; C. OBJECTION TO "DEBTOR'S JOINT PLAN OF REORGANIZATION"(11299)**

Wah Hong Go, a former store manager of Winn-Dixie Stores, Inc. (the "Debtor"), files and serves the above captioned motion and states as follows:

1. Wah Hong Go ("Mr. Go") is a former store manager of Winn-Dixie Store Number 0318 located in Key Biscayne, Miami-Dade County, Florida. He was involuntarily terminated from employment on January 3, 2003 after almost ten years of employment.

2. On April 1, 2003, Go filed a Charge of Discrimination against the Debtor jointly with the United States Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Under applicable law, Go was precluded from filing a lawsuit on these claims until the EEOC completed an investigation of the claim and issued a Right to Sue letter.

3. Mr. Go charges that Winn-Dixie terminated his employment unlawfully on the basis of his race, national origin and age in violation of Title VII, the ADEA and the Florida Civil Rights Act. He is of Asian race and Chinese national origin. The EEOC has issued a reasonable cause finding that the debtor violated anti-discrimination statutes in respect of Mr. Go.

4. On February 21, 2005 Winn-Dixie filed a Chapter 11 Bankruptcy Petition under Title 11 U.S. Code. The Debtor has since continued in operation under the protection of Chapter 11.

5. On June 1, 2005, Mr. Go filed "Wah Hong Go's Motion for Relief from Stay and for Leave to File a Proof of Claim After the Entry of Judgment on State and Federal Civil Rights Claims." (D.E. 1524).

6. By said motion, Mr. Go sought relief from the automatic stay to permit him to file, serve and litigate a lawsuit against the Debtor in a federal or state court of competent jurisdiction in Miami-Dade County, Florida where the unlawful conduct of the Debtor took place and where the witnesses and evidence reside.

7. On August 8, 2005, the Court conducted a Final Evidentiary hearing on Mr. Go's Motion for Relief from Stay, during which Mr. Go and the Debtor Winn-Dixie each presented evidence. Subsequently, this honorable Court entered an order granting Mr. Go's Motion for Relief from Stay.

8. Since the hearing of August 8, 2005 on "Wah Hong Go's Motion for Relief from Stay", Mr. Go has recently filed three (3) pleadings in respect of these Chapter 11 Proceedings, as follows:

   a. WAH HONG GO'S MOTION FOR DETERMINATION OF PLAN CLASS FOR RACE AND NATIONAL ORIGIN DISCRIMINATION CLAIMS (D.E. 10983);

  b.  WAH HONG GO'S RULE 3018(a) MOTION TO HAVE HIS CLAIM PROVISIONALLY ALLOWED FOR VOTING PURPOSES ONLY (D.E. 10986), and;

  c.  WAH HONG GO'S OBJECTION TO "DEBTOR'S JOINT PLAN OF REORGANIZATION" (D.E. 11299).

9. The Hearings on the above captioned Objections are scheduled for October 5, 2006 at 1:00 p.m. and October 13, 2006 at 9:00 a.m..

10. Mr. Go's written submissions regarding the above referenced pleadings fully articulate his positions. Any evidence in support of the pleadings is identical to the evidence previously admitted into evidence during the August 8, 2005 hearing on the Motion for Stay Relief.

WHEREFORE As Mr. Go has already undertaken the expense of presenting evidence in support of his motion for stay relief which evidence is likewise applicable to his three recent submissions as enumerated in ¶8a-c, above, he requests that said evidence presented in support of the motion for stay relief stand over as evidence and argument in to the scheduled hearings thereon as referred to in ¶9, above.

        Respectfully submitted,

        ANTHONY F. SANCHEZ, P.A.
        Attorney for Wah Hong Go
        Alfred I. DUPont Building
        169 E. Flagler Street, Suite 1500
        Miami, Florida 33131
        Tel: (305) 577-9903
        Fax: (305) 577-6121
        Email: afspalaw@aol.com

       By: /s/ Anthony F. Sanchez
        ANTHONY F. SANCHEZ
        Florida Bar No. 0789925

Certificate of Service

I hereby certify that service of the foregoing was made on as of September 25, 2006 via ECF Noticing and email upon the parties listed bellow: the debtor, Winn-Dixie Stores, Inc., at 5050 Edgewood Court, Jacksonville, Florida 32254-3699, (f) 904-783-5059, (e) larryappel@winn-dixie.com; debtor's attorneys, Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036, (f)917-777-3214, (e) rgray@skadden.com; and Cynthia C. Jackson, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32201, (f)904-359-7708, (e) cjackson@smithhulsey.com; Matthew Barr, Esq., Milbank, Tweed, et al., 1 Chase Manhattan Plaza, New York, New York 10005, (f)212-822-5194, (e) mbarr@milbank.com.: the debtor, Winn-Dixie Stores, Inc., at 5050 Edgewood Court, Jacksonville, Florida 32254-3699; John B. MacDonald, Esq., Akerman Senterfitt, 50 N. Laura Street, Suite 2500, Jacksonville, FL 32302, (f) 904-789-3730, (e) john.macdonald@akerman.com, and; Elena L. Escamilla Esq., U.S. Trustee, 135 W. Central Boulevard, Room 620, Orlando, FL 32801, (f) 407-648-6323, (e) Elena.L.Escamilla@usdoj.gov..

                                             By:   /s/ Anthony F. Sanchez
                                                       ANTHONY F. SANCHEZ
                                                       Florida Bar No. 0789925