IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

WINN-DIXIE STORES, INC., *et al.*,

Debtors.

Case No.  05-03817-JAF

Chapter 11

**SARAN, LTD.'S JOINDER IN THE JOINT OBJECTION TO
THE DEBTORS' PLAN OF REORGANIZATION**

Saran, Ltd. ("Saran"), by and through its undersigned counsel, files this Joinder in the Joint Objection to Debtors' Plan of Reorganization [Dkt. No. 11312], and in support thereof states as follows:

**BACKGROUND FACTS**

1.  On March 6, 1985, Winn-Dixie Texas, Inc.[1] and Ellis & Pittman, Inc. ("Ellis") entered into a lease agreement (the "Lease"), in which Ellis leased to Tenant a building located at 1050 North Westmoreland, Dallas, Texas 75211 in the Kessler Hill Shopping Center.  Pursuant to the terms of the Lease, Tenant was required to pay Ellis monthly rental payments as well as other amounts for real estate taxes, additional rent, insurance, and common area maintenance.

2.  As additional security for payments under the Lease, Winn-Dixie Stores, Inc. ("Guarantor"), executed a Guaranty dated April 4, 1986 in which it unconditionally guaranteed the obligations of Tenant under the Lease.

3.  In 1992, Saran purchased the Kessler Hills Shopping Center and acquired the Lease.  Saran is now the owner and holder of the both the Lease and the Guaranty.

---

[1] Winn-Dixie Texas, Inc. was a Florida corporation authorized to do business in Texas and a wholly-owned subsidiary of Winn-Dixie Stores, Inc.  On or about June 29, 2000, Winn-Dixie Texas, Inc. was merged into Winn-Dixie Louisiana, Inc., a Florida Corporation, which was later merged into Winn-Dixie Montgomery, Inc. as of December 23, 2005.  Therefore, Winn-Dixie Montgomery, Inc. is hereafter referred to as "Tenant."

4.     On or about February 23, 2005, the United States Bankruptcy Court for the Southern District of New York entered an Order Authorizing the Debtors to Reject Certain Real Property Leases, Effective as of February 28, 2005 (the "Lease Rejection Order"), which provided that the Leased Property located at 1050 North Westmoreland, Dallas, Texas 75211 was rejected.

5.     Saran has filed Amended Proofs of Claim against the bankruptcy estates of both the Tenant and the Guarantor (Proof of Claim Numbers 1347 and 1346, respectively), in order to preserve Saran's claims against each entity for the pre-petition arrearages, rejection damages, taxes, insurance and common area maintenance expenses due under the Lease.[2]

6.     Debtors' proposed Joint Plan of Reorganization (the "Plan") proposes a "substantive consolidation compromise" which proposes to jointly consolidate the Debtors' bankruptcy estates, which includes the bankruptcy estates of Tenant and Guarantor.

**GROUNDS FOR OBJECTION TO THE PLAN**

7.     Saran objects to the proposed Substantive Consolidation compromise that is set forth in Article II of the Plan. The proposed substantive consolidation will harm Saran in its recoveries against the Tenant and Guarantor.

8.     The Debtors have presented no authority supporting for the substantive consolidation of the Debtors' estates in this case, and have specifically not presented any evidence which would purport to show that creditors, such as Saran, will not be adversely affected by the proposed consolidation. The Debtors have also not presented any evidence that

---

[2] On or about September 5, 2006, Debtors filed the Twentieth Omnibus Objection to (A) Duplicate Different Debtor Claims and (B) Duplicate Liability Claims, wherein Debtors request that this Court disallow Saran's Proof of Claim #13436 on the grounds that, upon confirmation of the plan, all of the Debtors' estates will be consolidated and the claim of one shall be the claim of all.

the benefits of consolidation heavily outweigh the harm to creditors such as Saran. Saran therefore objects to the proposed Substantive Consolidation Compromise set forth in the Plan.

9.      In addition, Saran hereby adopts and incorporates by reference the arguments and authorities set forth in the Joint Objection to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors [Dkt. No. 11312] filed by Bank of America as Trustee of Betty Holland, E & A Financing II, LP, E & A Southeast, LP, E&A Acquisition Two, LP, F.R.O., LLC VII, Shields Plaza, Inc., Villa Rica Retail Properties, L.L.C., West Ridge, LLC, Woodbury Plaza, LLC (the "Joint Objection"), as though fully set forth herein. Specifically, Saran joins in Sections III and IV of the Joint Objection.

WHEREFORE, PREMISES CONSIDERED, Saran, Ltd. respectfully requests that the Court sustain its objection to confirmation of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors for the reasons set forth herein and award Saran, Ltd. all further relief to which it is justly entitled, either at law or in equity.

Dated: September 25, 2006                                      Respectfully submitted,


*/s/  Johnathan C. Bolton*
Johnathan C. Bolton, Bar No.  24025260
**FULBRIGHT & JAWORSKI L.L.P.**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

ATTORNEYS FOR SARAN, LTD.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all parties listed below, via electronic mail or facsimile transmission, on this 25th day of September, 2006.

Rosalie Walker Gray
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Fax: (917) 777-3214
rgray@skadden.com

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7708
cjackson@smithhulsey.com

Matthew Barr
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 822-5194
mbarr@milbank.com

                 */s/  Johnathan C. Bolton*
                 Johnathan C. Bolton
                 1301 McKinney, Suite 5100
                 Houston, Texas 77010-3095