IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                      )
                                            )        Case No. 05-03817-3F1
                                            )
WINN-DIXIE STORES, INC. et al.,             )        (Chapter 11)
                                            )
        Debtors.                            )        Jointly Administered
                                            )
_____ )

## OBJECTION OF ALLIED CAPITAL CORPORATION
## TO JOINT PLAN OF REORGANIZATION OF
## WINN-DIXIE STORES, INC. AND AFFILIATED DEBTORS

COMES NOW, Allied Capital Corporation ("Allied"), by and through its undersigned counsel, files this Objection (the "Objection") to the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors and states as follows:

### FACTS

On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and twenty-three of its affiliated entities (collectively, the "Debtor") filed Voluntary Petitions for Reorganization under Chapter 11 of Title 11 of the United States Code. The Debtors' cases are being jointly administered and the Debtors have operated their businesses and managed their properties as Debtors-in-Possession pursuant to §§ 1107(a) and 1108. Allied holds several mortgages on real property leased by the Debtor. Allied files this Objection as the holder of certain landlord rights under the mortgages.[1]

---

[1] Allied holds mortgages on Stores 571, 695, 1559 and 1854. The mortgages held by Allied prohibit alteration or assignment of the Winn-Dixie leases without approval from Allied. A copy of a the relevant portions of a representative mortgage held by Allied on property leased to Winn-Dixie is attached as Exhibit A.

On August 9, 2006, the Debtor filed its Disclosure Statement With Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement").  The Disclosure Statement and its related Plan of Reorganization (the "Plan") provide for the assumption of all leases not already rejected as of the Effective Date.  The Plan further provides that each assumed lease will be assigned to a special purpose entity ("SPE"), with the original Debtor-lessee and any applicable guarantors remaining financially responsible for performance under the lease.  Plan at pgs. 10, 24.

## ARGUMENT

In order to confirm a consensual plan of reorganization a debtor must demonstrate by a preponderance of the evidence that the plan complies with each element of § 1129(a) of the Bankruptcy Code.[2]  In re Gulfstar Industries, Inc., 236 B.R. 75, 77 (M.D. Fla. 1999); In re Celotex Corp., 204 B.R. 586 (Bankr. M.D. Fla. 1996).

---

[2]     All statutory references are to Title 11 of the United States Code (the "Bankruptcy Code") as published in Bankruptcy Code, Rules and Forms (Thomson West 2006 Ed.).  As of October 17, 2005, certain provisions of the Bankruptcy Code referenced in this pleading have been altered by the Bankruptcy Abuse Prevention and Consumer Protection Act.  All statutory references are to the Bankruptcy Code as it existed on the filing date of this case, February 21, 2005.

I.    **The Plan Impermissibly Alters the Debtor's Obligations
Under the Leases in Violation of § 1129(a)(1)**

The Plan's assumption and assignment of leases to SPEs impermissibly alters the leases by increasing the likelihood of default, providing the Debtor with easy access to bankruptcy to limit damages and limiting the inter-company guarantees.  The Court cannot confirm a plan that fails to comply with the applicable provisions of the Bankruptcy Code.  11 U.S.C. § 1129(a)(1).  Section 1123(b)(2) permits a debtor to assume and assign leases, subject to the requirements of § 365.  Section 365 requires that "an executory contract must be either assumed in its entirety, cum onere, or completely rejected."  In re Marande Enterprises, Inc., 335 B.R. 188, 192 (Bankr. M.D. Fla. 2005), quoting, In re Beverage Caumens Int'l Corp. 255 B.R. 89, 95 (Bankr. S.D. Fla 2000).

A debtor's right to assign a lease is, under certain circumstances, protected by § 365(f).  However, a proposed assignment cannot violate other enforceable provisions of the lease or applicable law.  Marande, at 191 ("Courts have held that § 365(f) does not apply to provisions that have justifications beyond any incidental restrictions on assignments").  Furthermore, the lessor of an assigned lease must be given adequate assurance of future performance.   11 U.S.C. § 1123(b)(2), 365(b)(1)(C), (3)(A).

Assigning each lease to an individual SPE changes the lessee from a primary Winn-Dixie entity with access to all of the assets and income of the company to a shell entity with no assets and no income.  Such an assignment obviously fails to provide adequate assurance of future performance and cannot be

-3-

approved. <u>See</u> **In re Joshua Slocum Ltd.,** 922 F.2d 1081, 1091 (3d Cir. 1990). Moreover, the Plan gives the Debtor the ability to use § 502(b)(6) to limit breach damages without the expense and disruption of putting one of the main Winn-Dixie companies into bankruptcy. This unfettered access to the bankruptcy courts also destroys the effectiveness of the guarantees. <u>See</u> <u>In re ACE Electrical Acquisition, LLC</u>, 342 B.R. 831, 833 (Bankr. M.D. Fla. 2005) (Holding that guarantors are entitled to the benefit of the § 502(b)(6) cap). Taken as a whole, the Plan effectively amends the leases to include the § 502(b)(6) damage cap without any justification.

The Debtor has not shown assignment of the leases to SPEs and the resulting dilution of landlord protections to be necessary to the Plan. <u>Compare</u> <u>In re Sunrise Restaurants, Inc.</u>, 135 B.R. 149, 153 (Bankr. M.D. Fla. 1991) (Allowing assignment of a lease in spite of doubts about future performance because denying the assignment would "visit drastic economic consequences and doom on the entire estate"). Rather, the Plan assigns the leases to SPEs for no reason other than to make it easier for the Debtor to breach these leases in the future. This cannot be construed as assuming the leases "cum onere" and is far beyond the power of a Debtor to accomplish under the Bankruptcy Code.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

BA3DOCS/339195

## CONCLUSION

The Court should refuse to confirm the Plan because it impermissibly alters assumed leases in violation of § 1129(a)(1).

Dated: September 25, 2006.

/s/ Richard R. Thames
Richard R. Thames, Esq.
Stutsman Thames & Markey, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000 (Phone)
(904) 358-4001 (Facsimile)
e-mail: RRT@stmlaw.net

Of Counsel:

Gregory A. Cross, Esq.
Brent W. Procida, Esq.
Heather Deans Foley, Esq.
Venable LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7400 (Phone)
(410) 244-7742 (Facsimile)
e-mail: gacross@venable.com

*Attorneys for Allied Capital Corporation*

-5-

**Certificate of Service**

I hereby certify on September __25__, 2006, the foregoing notice was transmitted to the

Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which

will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
patrick.pantangan@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

-6-

BA3DOCS/339195

Adam Ravin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
aravin@skadden.com

D.J. Baker, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
dbaker@skadden.com

/s/ *Richard R. Thames*

_____
Attorney

60836