UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| Debtors. ) | Jointly Administered |
| _____ ) | |

### OBJECTION BY MADISON COUNTY, MISSISSIPPI, HINDS COUNTY, MISSISSIPPI, MARION COUNTY, MISSISSIPPI, FORREST COUNTY, MISSISSIPPI, YAZOO COUNTY, MISSISSIPPI, LAUDERDALE COUNTY, MISSISSIPPI, RANKIN COUNTY, MISSISSIPPI AND PIKE COUNTY, MISSISSIPPI TO DEBTORS' PLAN OF REORGANIZATION

Madison County, Mississippi, Hinds County, Mississippi, Marion County, Mississippi, Forrest County, Mississippi, Yazoo County, Mississippi, Lauderdale County, Mississippi, Rankin County, Mississippi and Pike County, Mississippi (the "Mississippi Tax Collectors"), object to the plan of reorganization (Docket No. 10058) filed by Winn-Dixie Stores, Inc. and its affiliates ("Winn-Dixie"), and state:

1.   The Mississippi Tax Collectors are the holders of various prepetition secured tax claims against Winn-Dixie Stores, Inc. and its affiliates (collectively, "Winn-Dixie"). Pursuant to § 27-35-1, Mississippi Code, the tax liens held by the Mississippi Tax Collectors enjoy priority over all other liens asserted against Winn-Dixie's property within each of the listed counties.

2. In addition, the Mississippi Tax Collectors hold postpetition administrative expense claims against Winn-Dixie for unpaid 2006 tangible and *ad valorem* taxes. The post-petition claims are also secured by liens on Winn-Dixie's property within each county.

3. Though no appraisal of Winn-Dixie's property has been made, there is little question that the Mississippi Tax Collectors' pre- and postpetition claims are oversecured.

4. Winn-Dixie has proposed a plan of reorganization which places all prepetition secured tax claims in a single class (Class 10) and provides for the payment of such claims over six years with 6% interest (Docket No. 10058).

5. Winn-Dixie's plan of reorganization is not feasible and cannot be confirmed for the following reasons:

(i) The plan is not feasible. Winn-Dixie continues to lose money at an alarming rate. At the beginning of this case, Winn-Dixie's corporate representative testified that the debtors had already "turned the corner" and would be profitable by July, 2005. That prediction was obviously inaccurate. During July, 2006 alone, Winn-Dixie lost over $20 million. At the current "burn rate," Winn-Dixie will consume the approximate $100 million in available credit remaining under its DIP credit facility in five months. Confirmation of the plan is therefore likely to be followed by the liquidation or further need for reorganization of the debtor;

(ii) Winn-Dixie's plan of reorganization does not provide the Mississippi Tax Collectors with the indubitable equivalent of their prepetition tax claims as required by 11 U.S.C. § 1129(b)(2). The proposed interest rate of 6%

does not comply with Mississippi Statutes and is inadequate to compensate for the Mississippi Tax Collectors for the risk of non-payment in this instance;

(iii)   Even if the court had the authority to modify the applicable interest rate, the Mississippi Tax Collectors, as oversecured creditors, are entitled to post-petition interest on their claims at the statutory default rate through the date of confirmation. *See e.g. In re Dominick,* 244 B.R. 45 (Bankr. N.D. N.Y. 2000) (Nonconsensual, oversecured tax creditor was entitled to receive postpetition interest at statutory rate until confirmation). The debtor's plan does not provide for the payment of interest at the statutory default rate through confirmation and does not therefore comply with the requirements of 11 U.S.C. § 1129(a)(7);

(iv)   Winn-Dixie has improperly classified all secured tax claims from Florida, Georgia, Mississippi, Alabama, Tennessee, Louisiana, Virginia and Kentucky together in a single class. Each of the secured tax claimants holds different collateral to secure different types of tax obligations. The statutory interest rates also differ across the various states. Winn-Dixie's proposed classification does not therefore satisfy the separate classification requirements of 11 U.S.C. § 1123;

(v)   The plan does not specifically provide for the payment of 2006 taxes as an administrative expense, in cash, on the effective date as required by 11 U.S.C. § 1129(a)(9)(A.; and

(vi)   Tax certifcates for many of the tax claims have already been sold. Due process prohibits Winn-Dixie from modifying the tax claims for certificate

holders without first notifying such certificate holders of the proposed plan treatment.

6. This objection also incorporates by reference the objection being filed by the Florida Tax Collectors, who are also opposed to the proposed plan treatment.

WHEREFORE, the Mississippi Tax Collectors request that confirmation of Winn-Dixie's plan of reorganization as it pertains to Class 10 be denied.

**STUTSMAN THAMES & MARKEY, P.A.**

By  /s/ Richard R. Thames
Richard R. Thames

Florida Bar Number 0718459
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rthames@stmlaw.net

Attorneys for the Tax Collectors for Madison County, Mississippi, Hinds County, Mississippi, Marion County, Mississippi, Forrest County, Mississippi, Yazoo County, Mississippi, Lauderdale County, Mississippi, Ranking County, Mississippi and Pike County, Mississippi Tax Collectors

## Certificate of Service

I hereby certify on September 25, 2006, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
patrick.pantangan@akerman.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

| | |
|---|---|
| Adam Ravin, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>aravin@skadden.com | D.J. Baker, Esq.<br>Skadden, Arps, Slat, Meagher, & Flom, LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>dbaker@skadden.com |

/s/ *Richard R. Thames*
_____
Attorney

60830