# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

## OBJECTION BY HARRISON COUNTY, MISSISSIPPI TO DEBTORS' PLAN OF REORGANIZATION

David V. LaRosa, Sr., as Tax Collector for Harrison County, Mississippi (the "Harrison County Tax Collector") objects to the plan of reorganization (Docket No. 10058) filed by Winn-Dixie Stores, Inc. and its affiliates ("Winn-Dixie"), and states:

1.   The Harrison County Tax Collector is the holder of various prepetition secured tax claims against Winn-Dixie Stores, Inc. and its affiliates (collectively, "Winn-Dixie"). Pursuant to § 27-35-1, Mississippi Code, the tax liens held by the Harrison County Tax Collector enjoy priority over all other liens asserted against Winn-Dixie's property in Harrison County, Mississippi.

2.   In addition, the Harrison County Tax Collector holds a postpetition administrative expense claim against Winn-Dixie for unpaid 2006 tangible and *d valorem* taxes. The post-petition claim is also secured by a lien on Winn-Dixie's Harrison County property.

3. Though no appraisal of Winn-Dixie's properties have been made, there is little question that the Harrison County Tax Collector's pre- and postpetition claims are oversecured.

4. Winn-Dixie has proposed a plan of reorganization which places all prepetition secured tax claims in a single class (Class 10) and provides for the payment of such claims over six years with 6% interest (Docket No. 10058).

5. Winn-Dixie's plan of reorganization is not feasible and cannot be confirmed for the following reasons:

(i) The plan is not feasible. Winn-Dixie continues to lose money at an alarming rate. At the beginning of this case, Winn-Dixie's corporate representative testified that the debtors had already "turned the corner" and would be profitable by July, 2005. That prediction was obviously inaccurate. During July, 2006 alone, Winn-Dixie lost over $20 million. At the current "burn rate," Winn-Dixie will consume the approximate $100 million in available credit remaining under its DIP credit facility in five months. Confirmation of the plan is therefore likely to be followed by the liquidation or further need for reorganization of the debtor;

(ii) Winn-Dixie's plan of reorganization does not provide the Harrison County Tax Collector with the indubitable equivalent of his prepetition tax claim as required by 11 U.S.C. § 1129(b)(2). The proposed interest rate of 6% does not comply with Mississippi Statutes and is inadequate to compensate Harrison County for the risk of non-payment in this instance;

(iii) Even if the court had the authority to modify the applicable interest rate, the Harrison County Tax Collector, as an oversecured creditor, is entitled to

post-petition interest on his claims at the statutory default rate through the date of confirmation. *See e.g. In re Dominick*, 244 B.R. 45 (Bankr. N.D. N.Y. 2000) (Nonconsensual, oversecured tax creditor was entitled to receive postpetition interest at statutory rate until confirmation). The debtor's plan does not provide for the payment of interest at the statutory rate through confirmation and does not therefore comply with the requirements of 11 U.S.C. § 1129(a)(7);

(iv)  Winn-Dixie has improperly classified all secured tax claims from Florida, Georgia, Mississippi, Alabama, Tennessee, Louisiana, Virginia and Kentucky together in a single class. Each of the secured tax claimants holds different collateral to secure different types of tax obligations. The statutory interest rates also differ across the various states. Winn-Dixie's proposed classification does not therefore satisfy the separate classification requirements of 11 U.S.C. § 1123.

(v)  The plan does not specifically provide for the payment of 2006 taxes as an administrative expense, in cash, on the effective date as required by 11 U.S.C. § 1129(a)(9)(A).

6.  This objection also incorporates by reference the objection being filed by the Florida Tax Collectors, who are also opposed to the proposed plan treatment.

WHEREFORE, the Harrison County Tax Collector requests that confirmation of Winn-Dixie's plan of reorganization as it pertains to Class 10 be denied.

**STUTSMAN THAMES & MARKEY, P.A.**

By    */s/ Richard R. Thames*
      Richard R. Thames

Florida Bar Number 0718459
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rthames@stmlaw.net

Attorneys for David V. LaRosa, Sr., as Tax Collector for Harrison County, Mississippi

## Certificate of Service

I hereby certify on September 25, 2006, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
patrick.pantangan@akerman.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

| | |
|---|---|
| Adam Ravin, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>aravin@skadden.com | D.J. Baker, Esq.<br>Skadden, Arps, Slat, Meagher, & Flom, LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>dbaker@skadden.com |

/s/ *Richard R. Thames*
_____
Attorney

60840