IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

In re:

WINN-DIXIE SORES, INC.

          Debtor.

) Chapter 11
) Case No. 05-3817
)
) Schedule No.

FILED
JACKSONVILLE, FLORIDA
SEP 2 5 2006
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO BANKRUPTCY RULE 3001(e) (1)

To:   Transferor:   Columbus Showcase Companies
PO BOX 640154
Cincinnati, OH 45264
Attention: John Grega

**Your total general unsecured claim against the Debtor in the amount of $41,695.80 has been transferred to:**

Transferee:   SPCP GROUP, L.L.C.
2 Greenwich Plaza
Greenwich, CT 06830
Attention: Brian Jarmain

No action is required if you do not object to the transfer of your claim. However, IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:

- **FILE A WRITTEN OBJECTION TO THE TRANSFER with:**
  Clerk of the Court
  United States Bankruptcy Court for the
  Middle District of Florida
  Tampa Courthouse
  801 N. Florida Avenue
  Tampa, Florida 33602

- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE:**
  Refer to INTERNAL CONTROL No. _____ in your objection.
  If you file an objection, a hearing will be scheduled.

**IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**

_____
Clerk of the Court

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid, on _____, 2006.
INTERNAL CONTROL NO. _____
Copy: (check) Claims Agent_____ Transferee_____ Debtor's Attorney _____

_____
Deputy Clerk

## ASSIGNMENT OF CLAIM

1. Columbus Show Case Company, its successors and assigns ("Assignor"), for good and valuable consideration, the sufficiency of which is hereby acknowledged, hereby absolutely and unconditionally sells, transfers and assigns unto SPCP GROUP, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., its successors and assigns ("Assignee"), as of the date of this Agreement, all right, title and interest in and to all those certain receivables set forth in Exhibit 1 owed to the Assignor by Win-Dixie Stores, Inc. ("Debtor"), which is subject to a bankruptcy proceeding (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), in the amount of $56,246.16 (the "Claim Amount"), including without limitation, all of Assignor's right, title and interest in said receivables, all agreements, instruments, invoices, purchase orders and other documents evidencing, or relating or referred to therein (the "Documents"), all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing receivables, and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or under the Bankruptcy Code or otherwise (collectively, the "Claim").

2. This Assignment of Claim is entered into pursuant to a Claims Put Agreement dated as of December 8, 2004 by and between Assignor and Assignee (the "Put Agreement"), and a Notice of Exercise received by Assignee on March 1, 2005 (the "Notice of Exercise"). Capitalized terms used herein, which are not otherwise defined herein, shall have the meaning set forth in the Put Agreement.

3. In consideration of the assignment of the Claim by Assignor to Assignee, Assignor and Assignee shall make payments to one another in the amounts and manner, at the times specified and subject to the conditions provided in the Put Agreement. Further, in the event Assignor is subject to an action or demand by the Debtor pursuant to Sections 547 and 550 of the Bankruptcy Code seeking to avoid and recover alleged preferential payments, and after Assignor's vehement, good-faith, best efforts in defending against such action or demand, Assignor either agrees to settle the action or demand with the consent of Assignee (which consent will not be unreasonably withheld) or it is determined by a court of competent jurisdiction after trial that Assignor is required to repay Debtor monies received by Assignor during the ninety (90) days prior to the filing of the Case, Assignee hereby agrees to promptly purchase the claim (the "Preference Repayment Claim") resulting from Assignor's payment under such settlement or judgment at the Purchase Rate, provided the amount of such Preference Repayment Claim does not exceed the Maximum Assigned Amount less the amount of Claim previously purchased from Assignor by Assignee.

4. Each of Assignor and Assignee repeats and reaffirms the representations, warranties, indemnities and other acknowledgments and undertakings made in the Put Agreement as of the date of the Assignment of Claim. Except for the express representations and warranties set forth herein and in the Put Agreement, this Assignment is made as is, without recourse, and without representations and warranties.

5. Assignor is aware that the consideration being paid by Assignee hereunder and under

the Put Agreement may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant the Bankruptcy Code or otherwise. Assignor represents that it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate, made its own decision to enter into this Agreement. Assignor and Assignee may each have access to or possess confidential material information regarding the Debtor not known to the other, including, without limitation, information received from the Debtor on a confidential basis or information received on a privileged basis from legal counsel and financial advisors representing the Debtor. Each party hereby waives any claim against the other party deriving from or relating to any assertion that they did not have access to the same confidential information. Assignor acknowledges that Assignee may receive on a current basis material non-public information about Debtor, which is not known by Assignor. Notwithstanding Assignee not disclosing such confidential information to Assignor, Assignor desires to enter into this Agreement and Assignee shall have no liability whatsoever to Assignor based on Assignee's use, knowledge, possession or non-disclosure of such information and Assignor releases Assignee from liability therefrom.

6. Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within five (5) Business Days, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate.

7. Each party agrees to indemnify the other party from all losses, damages and liabilities, including attorney's fees and expenses, which result from such party's breach of any representations, warranties or covenants set forth herein. Assignee does not assume and shall not be responsible for any obligations or liabilities of Assignor related to or in connection with the Claim or the Case.

8. Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable necessary to enforce the Claim and the Assignor's rights thereunder or related thereto pursuant to this Agreement. Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignee shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Claim or otherwise in the Proceeding. In the event of a Disallowance, Assignor shall take reasonable actions to assist (at Assignor's expense) Assignee in the defense of the Disallowed Claim. Assignor agrees at Assignor's expense to execute, acknowledge and deliver all such further certificates, instruments and other documents, and if requested by Assignee prepare a proof of claim, and to take all such further action as may be reasonably necessary or appropriate to effect assignment of the Claim and all interests therein to Assignee.

9. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and the purchase and sale of the Claim and the payment of the purchase price and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. This Agreement shall be governed by and construed in accordance with the laws of the State of New York,

without giving effect to any choice of law principles.

10. EACH PARTY TO THIS AGREEMENT HEREBY IRREVOCABLY CONSENTS TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK, COUNTY OF NEW YORK AND OF THE BANKRUPTCY COURT IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS AGREEMENT OR OF ANY OTHER AGREEMENT OR DOCUMENT DELIVERED IN CONNECTION WITH THIS AGREEMENT, AND ALSO HEREBY IRREVOCABLY WAIVES ANY DEFENSE OF IMPROPER VENUE, FORUM NON CONVENIENS OR LACK OF PERSONAL JURISDICTION TO ANY SUCH ACTION BROUGHT IN SUCH COURTS. EACH PARTY FURTHER IRREVOCABLY AGREES THAT ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISIONS OF THIS AGREEMENT WILL BE BROUGHT ONLY IN SUCH COURTS AND EACH PARTY WAIVES ITS RIGHT TO TRIAL BY JURY.

11. Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code relating to the assignment of Claim hereunder (including, but not limited to, Rule 3001 of the Federal Rules of Bankruptcy Procedure) or otherwise and stipulates that an order may be entered recognizing this assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim.

12. This Agreement, the Notice of Exercise and the Put Agreement shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Agreement. This Agreement cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

13. This Agreement may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Agreement shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Agreement shall be deemed to be a duplicate original.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim Agreement by its duly authorized representative dated as of May 16, 2005.

ASSIGNOR:
COLUMBUS SHOWCASE COMPANY

By: _____
Name: John Grega
Title: Vice President and CFO

ASSIGNEE:
SPCP GROUP, L.L.C., as Agent for
Silver Point Capital Fund, L.P. and
Silver Point Capital Offshore Fund, Ltd.

By: _____
Name:
Title:

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re: WINN-DIXIE MONTGOMERY, INC.    Case No.: 05-11081 (RDD)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| Creditor's Name and Mailing Address Including Zip Code | Date Claim Was Incurred and Consideration for Claim. If Claim Is Subject to Setoff, So State. | Contingent | Unliquidated | Disputed | Co-Debtor | Amount of Claim |
|---|---|---|---|---|---|---|
| **Sub Schedule: ACCOUNTS PAYABLE** | | | | | | |
| COLUMBUS OCCUPATIONAL MEDICINE<br>915 ALABAMA STREET<br>COLUMBUS, MS 39702<br>Creditor: 246697 - 12<br>Vendor: 0000833148 | 02/21/2005 | | | | | $255.00 |
| COLUMBUS SHOW CASE COMPANY<br>PO BOX 640154<br>CINCINNATI, OH 45264-0154<br>Creditor: 246698 - 12<br>Vendor: 0000322323 | 02/21/2005 | | | | | $31,270.31 |
| COMMANDER AIR<br>625 NEW WARRINGTON RD<br>PENSACOLA, FL 32506<br>Creditor: 246714 - 12<br>Vendor: 0000762028 | 02/21/2005 | | | | | $421.28 |
| COMMERCIAL DISPATCH<br>PO BOX 511<br>COLUMBUS, MS 39703-0511<br>Creditor: 246726 - 12<br>Vendor: 0000032493 | 02/21/2005 | | | | | $11,757.40 |
| COMMERCIAL DISPATCH PUBLISHING CO<br>516 MAIN ST<br>COLUMBUS, MS 39701-5734<br>Creditor: 246727 - 12<br>Vendor: 0000790780 | 02/21/2005 | | | | | $662.38 |
| COMMUNITY COFFEE LLC<br>PO BOX 60141<br>NEW ORLEANS, LA 70160-0141<br>Creditor: 246780 - 12<br>Vendor: 0000321237 | 02/21/2005 | | | | | $312,284.03 |
| COMPASS BANK<br>ATTN BETTY NEWMAN<br>PO BOX 830941<br>BIRMINGHAM, AL 35282-8461<br>Creditor: 246796 - 12<br>Vendor: 0000037022 | 02/21/2005 | | | | | $38,236.17 |
| COMPLETE SWEEP<br>PO BOX 177<br>GADSDEN, AL 35902<br>Creditor: 246802 - 12<br>Vendor: 0000039033 | 02/21/2005 | | | | | $1,636.00 |

PAGE TOTAL:    $396,522.57

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

Page 84 of 820

In re: WINN-DIXIE STORES, INC.

Case No.: 05-11063 (RDD)

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| Creditor's Name and Mailing Address Including Zip Code | Date Claim Was Incurred and Consideration for Claim. If Claim Is Subject to Setoff, So State. | Contingent | Unliquidated | Disputed | Co-Debtor | Amount of Claim |
|---|---|---|---|---|---|---|
| **Sub Schedule: ACCOUNTS PAYABLE** | | | | | | |
| COLUMBIA GAS OF KY<br>PO BOX 2200<br>LEXINGTON, KY 40595-2200<br>Creditor: 246675 - 12<br>Vendor: 0000321556 | 02/21/2005 | X | | | | $632.98 |
| COLUMBUS SHOW CASE COMPANY<br>PO BOX 640154<br>CINCINNATI, OH 45264-0154<br>Creditor: 246698 - 12<br>Vendor: 0000322323 | 02/21/2005 | | | | | $10,425.49 |
| COMMERCE INTERNATIONAL INC<br>4300-C LB MCLEOD RD<br>PAMELA J ATCITTY<br>ORLANDO, FL 32811<br>Creditor: 246716 - 12<br>Vendor: 0000795907 | 02/21/2005 | | | | | $804.50 |
| COMMERCE QUEST INC<br>SUNTRUST LOCK BOX<br>PO BOX 116722<br>ATLANTA, GA 30368-6722<br>Creditor: 246717 - 12<br>Vendor: 0000832040 | 02/21/2005 | | | | | $33,643.34 |
| COMMERCEQUEST<br>2202 N WESTSHORE BLVD, SUITE 600<br>TAMPA, FL 33607<br>Creditor: 382467 - 51 | 02/21/2005 | | X | | | UNLIQUIDATED |
| COMMERCIAL HOOD & TRAP SERVICES INC<br>1940 NORTHWEST 22ND STREET<br>POMPANO BEACH, FL 33069<br>Creditor: 246730 - 12<br>Vendor: 0000768864 | 02/21/2005 | | | | | $16,980.00 |
| COMMERCIAL INDUSTRIAL SERVICES INC<br>1940 NORTHWEST 22ND STREET<br>POMPANO BEACH, FL 33069<br>Creditor: 246732 - 12<br>Vendor: 0000790509 | 02/21/2005 | | | | | $14,910.00 |
| COMMERCIAL MAINTENANCE COMPANY<br>709 EWING FARM ROAD<br>ASHBURN, GA 31714<br>Creditor: 246736 - 12<br>Vendor: 0000769240 | 02/21/2005 | | | | | $23,766.00 |

PAGE TOTAL: **$101,162.31**