B210
12/04

**United States Bankruptcy Court**
**Middle District of Florida**

FILED
JACKSONVILLE, FLORIDA

SEP 25 2006

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re: WINN DIXIE STORES INC.        Case No. 05-03817

Court ID (Court use only)

# NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111 (a), in the amount of $119,819.50. Transferee hereby gives notice pursuant to Rule 3001 (e)(2), Fed.R.Bankr.P., of the transfer, other than for security, of the claim referenced in this notice.

| Name of Transferee:<br>SPCP Group, LLC | Name of Transferor:<br>Timberlake Consultants, Inc. |
|---|---|
| Name and Address where notices to transferee should be sent:<br><br>Attn: Brian Jarmain<br>SPCP Group, LLC<br>2 Greenwich Plaza<br>Greenwich, CT 06830<br><br>Phone: 203-542-4032<br>Last Four Digits of Acct #:_____ | Court Record Address of Transferor<br>(Court Use Only)<br><br><br><br><br><br><br>Last Four Digits of Acct #:_____ |
| Name and Address where transferee payments should be sent (if different from above)<br><br><br><br>Phone:_____<br>Last Four Digits of Acct #:_____ | Name and Current Address of Transferor:<br>Attn: Virginia Timberlake<br>Timberlake Consultants<br>School Road<br>Land O Lakes, FL 34639<br>Phone: 813-930-9999<br>Last Four Digits of Acct #:_____ |

Court Claim # (if known): 11477
Date Claim Filed: 8/2/05

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:____/s/ Brian Jarmain_____        Date:___9/6/2006_____s
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 371.

~~ **DEADLINE TO OBJECT TO TRANSFER** ~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date_____        _____
                                            CLERK OF THE COURT

# EVIDENCE OF TRANSFER OF CLAIM

## TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **TIMBERLAKE CONSULTANTS, INC. DBA LESCO MEDISEARCH** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **SPCP GROUP, L.L.C.**, as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims in the aggregate amount of $129,619.50 (the "Assigned Claim"), against Winn-Dixie Stores, Inc. ("Debtor"), the debtor-in-possession in Case No. 05-03817 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on July 26, 2006.

By: _____
Name of person signing _____
Title of person signing _____

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |

**Name of Debtor Against Which You Assert Your Claim:**
Debtor Name: Winn Dixie Stores, Inc.    Case No 05-03817-3FL
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**A. Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):

|||||
19951525
Creditor Id WDX-254665-B1-12
LESCO MEDISEARCH
PO BOX 1414
LAND O'LAKES, FL 34639-1414

254665

Telephone No of Creditor: (813) 639-1920
Fax No. of Creditor: (813) 639-9799

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

Your claim is scheduled as follows:
Debtor
Winn-Dixie Stores, Inc.
Classification
Unsecured Non-Priority Claim
Scheduled Amount
$101,112.00

DEBTOR WINN-DIXIE STORES, INC
U S BANKRUPTCY COURT M D -FLORIDA
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11
**CLAIM NO.: 11477**

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

**B. Name and address of signatory or other person to whom notices must be served, if different from above.** (Check box if) ☐ replaces address above ☐ additional address

Name:
Company/Firm:
Address:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars
☐ Check box if you have never received any notices in this case

Account or Other Number by Which Creditor Identifies Debtor:

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:

**1. Basis for Claim**
☐ Goods sold to debtor(s)
XX Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☐ Other

☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract

☐ Retiree benefits as defined in 11 USC § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN:
Unpaid compensation for services performed from _____ to _____
                (date)       (date)

**2. Date debt was incurred:** 11/8/2004 - petition date

**3. If claim is based on a Court Judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**
$129,619.50 | $_____ | $_____ | $129,619.50
(unsecured) | (secured) | (priority) | (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any $_____

**6. Unsecured Nonpriority Claim $_____**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3)
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8)
☐ Other – Specify applicable paragraph of 11 U S C § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

This Space Is For Court Use Only

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim
**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice: |
| 8/1/05 | Print: Virginia Timberlake    Title: President<br>Signature: *Virginia Timberlake* |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

RECEIVED
LOGAN & COMPANY, INC.
AS AGENT
2005 AUG -2 PM 4:37
U.S. BANKRUPTCY COURT
MIDDLE DISTRICT
OF FLORIDA

WINN-DIXIE STORES, INC., ET AL.
EIGHTH OMNIBUS CLAIMS OBJECTION
EXHIBIT A - CLAIMS TO BE REDUCED

| Name of Claimant | Claim No. | Claim Amount | Reduced Amount | Reason for Reduction |
|---|---|---|---|---|
| Creditor Id: 407548<br>TETLEY USA INC<br>ATTN TERRI JOHNSON, CREDIT MGR<br>PO BOX 856<br>100 COMMERCE DRIVE<br>SHELTON CT 06484 | 4199 | $23,959.02 | $16,826.18 | REDUCED AMOUNT REFLECTS ACCOUNTS PAYABLE CREDIT OF $6,717.84 AND REMOVAL OF $415.00 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES. |
| | | | | Debtor: WINN-DIXIE STORES, INC. |
| Creditor Id: 399640<br>TILIA, INC<br>ATTN Z KAZMIERCZAK & D SANDERSON<br>NORTH TOWER, 5TH FLOOR<br>303 2ND STREET<br>SAN FRANCISCO CA 94107 | 736 | $56,682.62 | $42,089.70 | REDUCED AMOUNT REFLECTS ACCOUNTS RECEIVABLE BALANCE OF $13,921.80 AND REMOVAL OF $671.12 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES. |
| | | | | Debtor: WINN-DIXIE STORES, INC. |
| Transferee: FIRST COMMERCIAL CREDIT CORP | | | | |
| Creditor Id: 254665<br>THREE[illegible] | 11477 | $129,619.50 | [illegible] | REDUCED AMOUNT REFLECTS REMOVAL OF $9,800.00 FOR INVOICE NUMBER 11858 AS INDIVIDUAL REFERRED TO IN SUCH INVOICE WAS HIRED DIRECTLY BY DEBTOR. |
| | | | | Debtor: WINN-DIXIE STORES, INC. |
| Creditor Id: 405712<br>TIP TOP CANNING CO<br>ATTN GEORGE C TIMMER, PRESIDENT<br>PO BOX 126<br>TIPP CITY OH 45371 | 5731 | $136,596.88 | $125,205.04 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $310.18, ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $954.15 AND $201.47, RESPECTIVELY, AND RECLAMATION PAYMENTS TOTALING $9,926.04. |
| | | | | Debtor: WINN-DIXIE PROCUREMENT, INC. |
| Creditor Id: 411310<br>TOP FLIGHT, INC<br>C/O EULER HERMES ACI, AGENT<br>800 RED BROOK BLVD<br>OWINGS MILLS MD 21117 | 11739 | $95,775.88 | $42,476.32 | REDUCED AMOUNT REFLECTS ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $191.04 AND $3,410.33, RESPECTIVELY, AND REMOVAL OF $49,698.19 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES. |
| | | | | Debtor: WINN-DIXIE STORES, INC. |
| Creditor Id: 263246<br>TORBITT & CASTLEMAN COMPANY<br>ATTN GLENDA GRIMES, DIR CORP CREDIT<br>800 MARKET STREET, SUITE 2150<br>ST LOUIS MO 63101 | 3879 | $1,420.65 | $365.24 | REDUCED AMOUNT REFLECTS ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $461.77 AND $593.64, RESPECTIVELY. |
| | | | | Debtor: WINN-DIXIE STORES, INC. |