# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

**WINN-DIXIE STORES, INC., et al.,**

Debtors.[1]

**Chapter 11**

**Case No. 05-03817-3F1**

**(Jointly Administered)**

## CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1.  I am of legal age and I am not a party to this action.

2.  I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3.  On or about September 22, 2006 I caused copies of:

- the **Notice of Hearing**
- the **Debtors' Second Omnibus Motion for Order (A) Authorizing Negotiated Rejections of Executory Contracts and Approving Agreed Resolution of Associated Claims and (B) Authorizing Rejections of Additional Executory Contracts as of October 12, 2006 and Establishing Deadline  for Filing Related Rejection Damage Claims of October 23, 2006**

 to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served Notice and Motion as listed above is attached hereto as Exhibit B.

Dated: September 26, 2006

_Kathleen M. Logan_
Kathleen M. Logan

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

# EXHIBIT A
# SERVICE LIST

**SERVICE LIST**

**Notice of Hearing**
**Debtors' Second Omnibus Motion for Order (A) Authorizing**
**Negotiated Rejections of Executory Contracts and Approving**
**Agreed Resolutions of Associated Claims and (B) Authorizing**
**Rejections of Additional Executory Contracts as of Oct 12, .**

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                                                **CASE:    05-03817-3F1**

| | | |
|---|---|---|
| CREDITOR ID: 534820-EO<br>AT&T / DATAWAVE SERVICES (US) INC.<br>C/O DATAWAVE SERVICES (US) INC.<br>ATTN  LAWRENCE WETZEL<br>WAYNE INTERCHANGE PLAZA 1<br>145 ROUTE 46 WEST<br>WAYNE NJ 07470 | CREDITOR ID: 534821-EO<br>BERGENSONS PROPERTY SERVICES, INC.<br>ATTN RICHARD C MANOOGIAN, CFO<br>1959 PLAZA REAL<br>OCEANSIDE CA 92056 | CREDITOR ID: 534839-EO<br>CSX CORPORATION<br>C/O MCGUIRE WOODS LLP<br>ATTN  ELIZABETH L. GUNN, ESQ.<br>ONE JAMES CENTER<br>901 EAST CARY STREET<br>RICHMOND VA 23219 |
| CREDITOR ID: 534838-EO<br>CSX CORPORATION<br>500 WATER STREET,  J180<br>JACKSONVILLE FL 32202 | CREDITOR ID: 534837-EO<br>GAYLORD MERLIN LUDOVICI DIAZ & BAIN<br>AS SUCCESSORS TO  BRIGHAM, MOORE,<br>GAYLORD, SCHUSTER, MERLIN & TOBIN<br>ATTN  PAUL BAIN, ESQ.<br>5001 WEST CYPRESS STREET<br>TAMPA FL 33607 | CREDITOR ID: 534822-EO<br>PERSONAL OPTICS INC.<br>ATTN ANDREW KAHN, CEO<br>1331 SOUTH STATE COLLEGE BLVD<br>FULLERTON CA 92831 |
| CREDITOR ID: 534824-EO<br>REXALL SUNDOWN, INC.<br>C/O U.S. NUTRITION, INC.<br>ATTN  LEGAL DEPARTMENT<br>90 ORVILLE DRIVE<br>BOHEMIA NY 11716 | CREDITOR ID: 534823-EO<br>REXALL SUNDOWN, INC.<br>C/O UNITED STATES NUTRITION INC.<br>ATTN RICHARD J SCOZA, SR. VP, SALES<br>2100 SMITHTOWN AVENUE<br>RONKONKOMA NY 11779 | CREDITOR ID: 534828-EO<br>THE SMITHFIELD PACKING COMPANY INC.<br>CORPORATE LEGAL DEPARTMENT<br>SMITHFIELD FOODS, INC.<br>111 COMMERCE STREET<br>SMITHFIELD VA 23430 |
| CREDITOR ID: 534827-EO<br>THE SMITHFIELD PACKING COMPANY INC.<br>C/O GWALTNEY OF SMITHFIELD, LTD.<br>ATTN  GERRY MOORE<br>601 N. CHURCH STREET<br>SMITHFIELD VA 23430 | CREDITOR ID: 534829-EO<br>THE SMITHFIELD PACKING COMPANY INC.<br>C/O MCGUIRE WOODS LLP<br>ATTN  ROBERT A COX, JR., ESQ.<br>BANK OF AMERICA CORPORATE CENTER<br>100 NORTH TRYON STREET,  SUITE 2900<br>CHARLOTTE NC 28202 | CREDITOR ID: 534833-EO<br>TRM CORPORATION<br>C/O MS. DIANE GRIFFIN<br>11416 SAVANNAH LAKES DRIVE<br>PARRISH FL 34219 |
| CREDITOR ID: 534832-EO<br>TRM CORPORATION<br>ATTN  LEGAL DIVISION<br>5208 N.E. 122ND AVENUE<br>PORTLAND OR 97230 | CREDITOR ID: 534831-EO<br>TRM CORPORATION<br>ATTN SEAN BURKE, VICE PRESIDENT OF<br>SALES & MARKETING, NORTH AMERICA<br>5208 N.E. 122ND AVENUE<br>PORTLAND OR 97230 | CREDITOR ID: 534830-EO<br>TRM CORPORATION<br>C/O TRM COPY CENTERS (USA) CORP.<br>ATTN DANIEL TIERNEY, EXEC. V.P.<br>5208 N.E. 122ND AVENUE<br>PORTLAND OR 97230 |

**Total:    15**

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

## NOTICE OF HEARING

TO PARTIES IN INTEREST:

        PLEASE TAKE NOTICE that a hearing is scheduled for **October 12, 2006 at 1:30 p.m. (prevailing Eastern Time)**, before the Honorable Jerry A. Funk, United States Bankruptcy Judge for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida 32202, to consider the Debtors' Second Omnibus Motion for Order (A) Authorizing Negotiated Rejections of Executory Contracts and Approving Agreed Resolution of Associated Claims and (B) Authorizing Rejections of Additional Executory Contracts As Of October 12, 2006 and Establishing Deadline For Filing Related Rejection Damage Claims Of October 23, 2006.

        Only objections filed and served on D. J. Baker at djbaker@skadden.com, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 and Cynthia C. Jackson at cjackson@smithhulsey.com, Smith Hulsey & Busey, 225 Water

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Street, Suite 1800, Jacksonville, Florida 32202 so as to be received by **4:00 p.m. (prevailing**

**Eastern Time) on October 5, 2006** will be considered by the Bankruptcy Court at the hearing.

You are reminded that Local Rule 5072(b)(16) requires that all persons appearing

in Court should dress in appropriate business attire consistent with their financial abilities.

Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate

for a woman.

You are further reminded that pursuant to Local Rule 5073-1 cellular telephones

are prohibited in the Courthouse as are computers, absent a specific order by the Court

authorizing the use of a computer.  Please take notice that as an additional security measure a

photo ID is required for entry into the Courthouse.


Dated:  September 22, 2006

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER<br>& FLOM, LLP | SMITH HULSEY & BUSEY |
| By ____*/s/ D. J. Baker*_____ | By ____*/s/ Cynthia C. Jackson*_____ |
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry | James H. Post |
| Rosalie Walker Gray | Cynthia C. Jackson |
| Steven B. Eichel | Florida Bar Number 498882 |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida 32202 |
| (212) 735-3000 | (904) 359-7700 |
| (917) 777-2150 (facsimile) | (904) 359-7708 (facsimile) |
| Co-Counsel for the Debtors | Co-Counsel for the Debtors |

**Hearing Date: October 12, 2006, 1:30 p.m.**
**Objection Deadline: October 5, 2006, 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

**DEBTORS' SECOND OMNIBUS MOTION FOR ORDER (A) AUTHORIZING
NEGOTIATED REJECTIONS OF EXECUTORY CONTRACTS AND
APPROVING AGREED RESOLUTION OF ASSOCIATED CLAIMS AND (B)
AUTHORIZING REJECTIONS OF ADDITIONAL EXECUTORY CONTRACTS
AS OF OCTOBER 12, 2006 AND ESTABLISHING DEADLINE FOR FILING
RELATED REJECTION DAMAGE CLAIMS OF OCTOBER 23, 2006**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as

debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order

under 11 U.S.C. §§ 365(a) and 502 and Fed. R. Bankr. P. 6006 (i)(a) authorizing the

negotiated rejection of prepetition supply agreements with the vendors listed on Exhibit A

(collectively, the "Vendors") as of October 12, 2006,[2] and (b) approving the agreed

resolution of the Vendors' associated claims and (ii)(a) authorizing the rejection of the

additional contracts listed on Exhibit B (collectively, the "Additional Contracts") as of

October 12, 2006, and (b) establishing October 23, 2006 as the deadline for filing rejection

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]      The term "Vendors" shall also include a Vendor's parent, subsidiary and/or affiliate, as well as a Vendor's successor under a prepetition supply agreement.

damage claims relating to the rejection of the Additional Contracts.  In support of the

Motion, the Debtors respectfully represent as follows:

Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed

voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States

Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are

being jointly administered for procedural purposes only.

2.      The Debtors are grocery and pharmaceutical retailers operating in the

southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie

Marketplace" banners.  The Debtors are operating their businesses and managing their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.

3.      On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code,

the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee

of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official

committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was

subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      On June 29, 2006, the Debtors filed a proposed Disclosure Statement

with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated

Debtors (the "Disclosure Statement"), together with a proposed Joint Plan of Reorganization

of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").  The Disclosure Statement

was approved by Order of the Court dated August 4, 2006.  The hearing to consider

confirmation of the Plan is scheduled for October 13, 2006.

5.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.      The statutory predicates for the relief requested in the Motion are sections 365 and 502 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Relief Requested

A.      Negotiated Rejections

7.      As part of their restructuring, the Debtors have undertaken a comprehensive review and analysis of their prepetition supply agreements, together with the consequences and costs of assumption or rejection. During the course of this process, the Debtors and the Vendors have negotiated the terms by which the Vendors' respective prepetition supply agreements will be rejected, and the treatment of the Vendors' claims relating to their respective supply agreement (the "Claims"). As a result of these negotiations, the Debtors have decided to reject the Vendors' prepetition supply agreements in favor of new contracts with the Vendors. Although each agreement is unique, all of the Vendors have agreed to waive all claims for rejection damages.

8.      By this Motion, the Debtors seek an order of the Court, pursuant to sections 365 and 502 of the Bankruptcy Code, (a) approving and authorizing the rejection, effective as of October 12, 2006, of the prepetition supply agreements between the Debtors and the Vendors (collectively, the "Prepetition Supply Agreements"), and (b) approving the agreed resolution of the Claims, including the waiver of all claims for rejection damages.

9.      The Debtors used the Vendors' services prior to the Petition Date, and desire to continue their relationship with the Vendors. In the context of the Debtors' existing business, however, the terms of the Prepetition Supply Agreements are no longer economically feasible. As a result, the Debtors have entered into new agreements with the Vendors that are on more favorable business terms, as more particularly described on Exhibit A.

10.     The Debtors have determined that it is in their best interests, as well as in the best interests of their estates and creditors, to reject the Prepetition Supply Agreements and to provide for a continuing relationship with the Vendors under new agreements. Each of the Vendors has agreed to this approach with the understanding that their Claims have been resolved in the manner set forth on Exhibit A and that all other claims (including rejection damages claims) that the Vendor has or may have against the Debtors will be waived.

11.     By rejecting the Prepetition Supply Agreements in favor of new supply agreements with the Vendors, the Debtors will save millions of dollars.

B.      Rejection of the Additional Contracts

12.     The Debtors have also reviewed the Additional Contracts and considered the consequences and costs of assumption or rejection. Based upon that analysis, the Debtors have determined that rejection of the Additional Contracts is in the best interests of the Debtors and their estates. The Additional Contracts are no longer necessary to the Debtors' businesses. By rejecting the Additional Contracts, the Debtors will avoid unnecessary expenses and burdensome obligations that provide no tangible benefit to the Debtors' estates or creditors. As part of the Debtors' strategy to eliminate inefficiencies and

reduce overhead, the Debtors have determined that it is in their best interests, as well as in the best interest of their estates and creditors, to reject these Additional Contracts.

13.    By this Motion, the Debtors seek an order of the Court, pursuant to section 365 of the Bankruptcy Code, (a) authorizing and approving the rejection of the Additional Contracts effective as of October 12, 2006, and (b) establishing October 23, 2006 as the deadline for filing rejection damage claims relating to the rejection of the Additional Contracts.

Basis for Relief

14.    Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate.  See In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assocs., 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

15.    The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule.  See Byrd v. Gardinier, Inc., 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Surfside Resort & Suites, Inc., 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988).  The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate.  See In re Surfside Resort & Suites, Inc., 325 B.R. at 469; In re Cent.

Fla. Fuels, Inc., 89 B.R. at 245; Sharon Steel Corp. v. Nat'l Fuel Gas Distrib'n Corp., 872

F.2d 36, 39-40 (3d Cir. 1989). Courts universally regard the business judgment rule as a low

standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to

reject an executory contract or unexpired lease by substituting their own judgment for that of

the debtor. See In re Surfside Resort & Suites, Inc., 325 B.R. at 469; In re III Enters., Inc. V,

163 B.R. 453, 469 (Bankr. E.D. Pa.), aff'd sub nom. Pueblo Chem., Inc. v. III Enters. Inc. V,

169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

A. Rejection of Prepetition Supply Agreements and Resolution of Vendors' Claims

16.    For the reasons set forth on Exhibit A and summarized below, the

Debtors have satisfied the "business judgment" standard for rejecting the Prepetition Supply

Agreements. The Prepetition Supply Agreements were burdensome. As a result, the Debtors

entered into new agreements with the Vendors and thus will be able to continue to do

business with them on favorable terms. As part of that agreement, the Vendors have agreed

to waive their claims arising from the rejection of their respective Prepetition Supply

Agreement. Accordingly, the Debtors' determination to reject the Prepetition Supply

Agreements reflects their exercise of sound business judgment.

17.    As part of the negotiations with the Vendors, the Vendors' Claims

were consensually resolved. The resolutions of these Claims are set forth on Exhibit A.

B. Rejection of Additional Contract

18.    As described in paragraph 12 above, the Debtors have also satisfied

the "business judgment" standard for rejecting the Additional Contracts. The Additional

Contracts are no longer beneficial to the Debtors. Rejection of the Additional Contracts will,

therefore, allow the Debtors to escape contractual burdens that are of no benefit to them.

Thus, the Debtors' determination to reject the Additional Contracts reflects the exercise of sound business judgment.

<u>Notice</u>

19.    Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, (e) the Vendors, and (f) the non-Debtor counter-parties to the Additional Contracts.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit C (a) approving and authorizing the Debtors to reject the Prepetition Supply Agreements as of October 12, 2006, (b) approving the disposition of the Claims, (c) approving and authorizing the rejection of the Additional Contracts as of October 12, 2006, and (d) establishing October 23, 2006 as the deadline for filing rejection damage claims relating to the rejection of the

Additional Contracts, and (ii) grant such other and further relief as the Court deems just and

proper.

Dated:      September 22, 2006

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP


By ___/s/ D. J. Baker_____         By ___/s/ Cynthia C. Jackson___
      D. J. Baker                            Stephen D. Busey
      Sally McDonald Henry                   James H. Post
      Rosalie Walker Gray                    Cynthia C. Jackson
      Steven B. Eichel                       Florida Bar Number 498882
Four Times Square                      225 Water Street, Suite 1800
New York, New York 10036               Jacksonville, Florida  32202
(212) 735-3000                         (904) 359-7700
(212) 735-2000 (facsimile)             (904) 359-7708 (facsimile)
djbaker@skadden.com                    cjackson@smithhulsey.com

Co-Attorneys for Debtors               Co-Attorneys for Debtors

EXHIBIT A

**EXHIBIT A**

**Vendor Contracts To Be Rejected**

| Vendor | Rejected Contract(s) | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| AT&T/Datawave Services (US) Inc.<br><br>**Notice Party:**<br>Datawave Services (US) Inc.<br>Wayne Interchange Plaza 1<br>145 Route 46 West<br>Wayne, New Jersey 07470<br>Attn: Lawrence Wetzel | Agreement between AT&T Corporation and Winn-Dixie Stores, Inc., effective July 1, 2000, as amended (the "AT&T Prepetition Supply Agreement") | The AT&T Prepetition Supply Agreement was assigned by AT&T to Datawave Services (US) Inc. ("Datawave") by Assignment and Assumption Agreement effective August 28, 2006 (the "Assignment"). Pursuant to the Assignment, Datawave acquired all of AT&T's right, title and interest to and under the AT&T Prepetition Supply Agreement.<br><br>The term of the AT&T Prepetition Supply Agreement is the longer of three years or until $20 million worth of prepaid phonecard services is purchased. In contrast, the new supply agreement does not require the Debtors to purchase a minimum volume of services.<br><br>Datawave has also agreed to waive and release any and all claims existing under the AT&T Prepetition Supply Agreement against the Debtors, including claims arising from the rejection of the AT&T Prepetition Supply Agreement. | |

1

| Vendor | Rejected Contract(s) | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| Bergensons Property Services, Inc. ("Bergensons")<br><br>**Notice Party:**<br>Bergensons Property Services, Inc.<br>1959 Plaza Real<br>Oceanside, CA 92056<br>Attn: Mr. Richard C. Manoogian, CFO | Agreement between Winn-Dixie Stores, Inc. and Bergensons Property Services, Inc., dated March 3, 2004, as modified by letter agreement dated April 16, 2004, and any amendments thereto (the "Bergensons Prepetition Supply Agreement") | Bergensons provides floor care cleaning services to the Debtors for their retail stores. Since the commencement of their bankruptcy cases, the Debtors have consolidated the number of floor care providers. As a result, the new contract with Bergensons is on more favorable price terms, thus saving the Debtors' money. Moreover, the new agreement contains an enhanced audit program to ensure that the vendor complies with the applicable labor laws.<br><br>Bergensons has also agreed to waive and release all claims it has or may have had against the Debtors (other than the Bergensons Prepetition Claim), including all claims for rejection damages. | The parties have agreed that (i) the claim scheduled by Winn-Dixie Raleigh, Inc. (claim no. 35936) in the amount of $458,881.68 will be disallowed and expunged in its entirety, and (ii) proof of claim no. 2024 filed against Winn-Dixie Stores, Inc. in the amount of $410,773.82 (the "Bergensons Prepetition Claim") will be allowed as a non-priority unsecured claim in that amount. |

2

| Vendor | Rejected Contract(s) | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| Personal Optics, Inc. ("Personal Optics")<br><br>**Notice Party:**<br>Personal Optics, Inc.<br>3531 South State College Blvd.<br>Fullerton, CA 92831<br>Attn: Andrew Kahn, CEO | Agreement between Winn-Dixie Stores, Inc. and Personal Optics, Inc. effective December 12, 2002, as modified by letter dated January 30, 2003, and any additional amendments (the "Personal Optics Prepetition Supply Agreement") | The Personal Optics Prepetition Supply Agreement is a four year exclusive distribution agreement for sunglasses, reading glasses and accessories with an option to extend the agreement to five years, which option will only be exercised if net purchases of $15 million are not reached within the four year term. If $15 million in net purchases is achieved prior to the conclusion of the four year term, then the Personal Optics Prepetition Supply Agreement terminates at that time. In three plus years, the Debtors did not satisfy this volume requirement and it would take approximately 15 more years for the Debtors to satisfy this volume commitment.<br><br>The new contract does not obligate the Debtors to purchase a minimum volume of product. It does, however, require Personal Optics to provide warranties, evidence of insurance and repay the debtors for product recall. Moreover, the advertising allowance was increased from 3% under the Personal Optics Prepetition Supply Agreement to 5% under the new agreement, and the threshold for rebates was significantly reduced.<br><br>Personal Optics has also agreed to waive all claims (except for the agreed General Unsecured Claim, the Reclamation Claim and any unpaid postpetition invoices) it has or may have had against the Debtors, including all claims for rejection damages. | **Stores**<br><br>Winn-Dixie Stores, Inc. scheduled a claim (claim no. 31374) on behalf of Personal Optics in the amount of $169,008.91 (the "Stores Scheduled Claim"). Personal Optics filed proof of claim no. 5589 against Winn-Dixie Stores, Inc. in the aggregate amount of $287,359.75, which supersedes the Stores Scheduled Claim. Proof of claim no. 5589 will be allowed as a general unsecured claim in the amount of $253,069.44 (the "General Unsecured Claim").<br><br>**Montgomery**<br><br>Winn-Dixie Montgomery, Inc. scheduled a claim (claim no. 34024) on behalf of Personal Optics in the amount of $69,265.71, which claim will be disallowed and expunged in its entirety.<br><br>**Raleigh**<br><br>Winn-Dixie Raleigh, Inc. scheduled a claim (claim no. 36659) on behalf of Personal Optics in the amount of $27,811.07, which claim will be disallowed and expunged in its entirety.<br><br>**Reclamation**<br><br>Personal Optics will have an allowed reclamation claim in the amount of $17,417.29 (the "Reclamation Claim"). |

3

| Vendor | Rejected Contract(s) | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| The Smithfield Packing Company, Inc. ("Smithfield")<br><br>Notice Party:<br>C/o Gwaltney of Smithfield, Ltd.<br>601 N. Church St.<br>Smithfield, VA 23430<br>Attn: Gerry Moore<br><br>Corporate Legal Department<br>Smithfield Foods, Inc.<br>501 Commerce St.<br>Smithfield, VA 23430<br><br>Robert A. Cox, Jr., Esq.<br>McGuire Woods LLP<br>Bank of America Corporate<br>Center<br>1 1379<br>100 North Tryon Street<br>Suite 2900<br>Charlotte, North Carolina 28202 | Agreement between Winn-Dixie Stores, Inc. and The Smithfield Packing Company, Inc., dated September 7, 2004, including any amendments (the "Smithfield Prepetition Supply Agreement") | Smithfield provides hot dogs, bologna and other processed meat product to the Debtors packaged under Winn-Dixie's trademarks for resale in their stores.<br><br>The new contract with Smithfield is more favorable because it provides for (i) better pricing, saving the Debtors' money, (ii) improved quality standards, and (iii) enhanced warranty information.<br><br>Smithfield has also agreed to waive and release all claims it has or may have had against the Debtors (other than the Allowed Claim, the Reclamation Claims and any unpaid postpetition invoices), including any and all indemnification obligations, reimbursement obligations, rights under Bankruptcy Code section 365(n), costs associated with the Smithfield Prepetition Supply Agreement, and any other claims for rejection damages. | Winn-Dixie Procurement, Inc. scheduled a claim (claim no. 34912) on behalf of Smithfield's affiliate, Gwaltney of Smithfield, in the amount of $1,244,455.78 (the "Smithfield Scheduled Claim"). The parties have agreed that the Smithfield Scheduled Claim is disallowed and expunged in its entirety.<br><br>Gwaltney of Smithfield filed proof of claim no. 10940 against Winn-Dixie Stores, Inc. in the amount of $1,095,362.13 (the "Pre-petition Claim"). Pursuant to an Order of the Bankruptcy Court dated August 31, 2006, the Pre-Petition Claim was reduced and reclassified as an unsecured, non-priority claim in the amount of $20,970.02. The parties agreed that the reduced and reclassified Pre-Petition Claim is an allowed unsecured, non-priority claim in Procurement's bankruptcy case in the amount of $20,970.02 (the "Allowed Claim").<br><br>Smithfield filed proof of claim no. 10941 in the amount of $512,441.21. The parties have agreed that proof of claim no. 10941 is disallowed and expunged in its entirety.<br><br>The parties have agreed that Gwaltney of Smithfield has an allowed reclamation claim in the amount of $1,016,042.77 and Smithfield has an allowed reclamation claim in the amount of $803,913.34 (collectively, the "Reclamation Claims"). |

4

| Vendor | Rejected Contract(s) | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| TRM Corporation ("TRM") | The following contracts will be rejected: (i) four agreements between Winn-Dixie Stores, Inc. and TRM Corporation, dated December 11, 2001, (ii) the agreement between Winn-Dixie Charlotte, Inc. (n/k/a Winn-Dixie Raleigh, Inc.) and TRM Corporation, dated December 11, 2001, and (iii) the agreement between Save Rite Grocery Warehouse, Inc. (n/k/a Winn-Dixie Montgomery, Inc.) and TRM Corporation, dated December 11, 2001, including any amendments (collectively, the "TRM Prepetition Supply Agreements") | TRM provides coin-operated photocopy machines for use by the Debtors' customers in their retail stores.<br><br>TRM is the parent company of TRM Copy Centers (USA) Corporation ("TRM USA"). The Debtors have entered into a new supply agreement with TRM USA. The agreement provides (i) more favorable pricing (expected to save the Debtors approximately $222,000 over the life of the new contract), (ii) the Debtors new or like-new replacement photocopy machines (as needed), and (iii) improved maintenance, thus reducing copier downtime.<br><br>TRM has also agreed to waive and release all claims it has or may have had against the Debtors (other than the Montgomery Claim and unpaid postpetition invoices), including any and all claims for rejection damages. | TRM filed proof of claim no. 10725 against Winn-Dixie Montgomery, Inc. in the amount of $2,351.57 (the "Montgomery Claim"). The parties have agreed that the Montgomery claim will be allowed as a non-priority unsecured claim in the amount of $2,351.57. |

**Notice Party:**

TRM Copy Centers (USA) Corporation
208 N.E. 122nd Ave
Portland, OR 97230
Attn: Daniel Tierney
Executive Vice President

TRM Corporation
208 N.E. 122nd Ave
Portland, OR 97230
Attn: Sean Burke
V.P. of Sales & Marketing,
North America

TRM Corporation
208 N.E. 122nd Ave
Portland, OR 97230
Attn: Legal Division

Ms. Diane Griffin
11416 Savannah Lakes Dr.
Parrish, FL 34219

EXHIBIT B

**Exhibit B**

**Additional Contracts for Rejection:**

The Debtors reserve the right to challenge the executory or unexpired nature of any of the Additional Contracts. The rejections pursuant to this Motion will apply only to the Prepetition Supply Agreements identified in Exhibit A to this Motion and the Additional Contracts identified in this Exhibit B to the Motion. The rejections do not apply to any other agreement(s) that the Debtors may have with the non-Debtor counter-parties listed.

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Description |
|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Attorney Employment Agreement | | Brigham, Moore, Gaylord, Schuster, Merlin & Tobin LLP | 777 S. Harbour Island Boulevard<br>Suite 900<br>Tampa, FL 33602 | Employment Agreement for Representation of Owner Whose Property is Being Taken by Public Authority dated May 12, 2000 |
| Winn-Dixie Stores, Inc. | Alabama Warehouse | License & Land Agreements | CSX 003348 | CSX Corporation | 500 Water Street J/180<br>Jacksonville, FL 32202<br><br>Elizabeth L. Gunn<br>McGuireWoods LLP<br>One James Center<br>901 East Cary Street<br>Richmond, VA 23219 | Contracts for Sidetracks, Land, Water Pipelines. |

EXHIBIT C

ORDER PURSUANT TO SECOND OMNIBUS MOTION (A) AUTHORIZING
NEGOTIATED REJECTIONS OF EXECUTORY CONTRACTS AND APPROVING
AGREED RESOLUTION OF ASSOCIATED CLAIMS AND (B) AUTHORIZING
REJECTIONS OF ADDITIONAL EXECUTORY CONTRACTS AS OF OCTOBER 12,
2006 AND ESTABLISHING DEADLINE FOR FILING RELATED REJECTION
DAMAGE CLAIMS OF OCTOBER 23, 2006

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## ORDER PURSUANT TO SECOND OMNIBUS MOTION (A) AUTHORIZING NEGOTIATED REJECTIONS OF EXECUTORY CONTRACTS AND APPROVING AGREED RESOLUTION OF ASSOCIATED CLAIMS AND (B) AUTHORIZING REJECTIONS OF ADDITIONAL EXECUTORY CONTRACTS AS OF OCTOBER 12, 2006 AND ESTABLISHING DEADLINE FOR FILING RELATED REJECTION DAMAGE CLAIMS OF OCTOBER 23, 2006

These cases came before the Court for hearing on October 12, 2006, upon the

motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an

order under 11 U.S.C. §§ 365 and 502 and Fed. R. Bankr. P. 6006 (a) authorizing and approving

the Debtors' rejection of supply agreements with the vendors set forth on Exhibit A (collectively,

the "Prepetition Supply Agreements"), effective as of October 12, 2006, and approving the

agreed resolution of claims associated with the Prepetition Supply Agreements, and (b)

authorizing and approving the rejection of the additional contracts listed on Exhibit B

(collectively, the "Additional Contracts") as of October 12, 2006, and establishing October 23,

2006 as the deadline for filing rejection damage claims relating to the rejection of the Additional

Contracts (the "Motion").[1]  The Court has read the Motion and considered the representations of

counsel.  Upon the representations of counsel and without objection from the United States

Trustee or any other interested party, the Court determines that good cause exists to grant the

---

[1]      All capitalized terms not otherwise defined shall have the meaning ascribed to those terms on Exhibit A.

relief requested by the Motion and granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.     The Motion is granted.

2.     The Debtors are authorized to reject the Prepetition Supply Agreements and the Additional Contracts pursuant to 11 U.S.C. § 365(a), and the Prepetition Supply Agreements and Additional Contracts are deemed rejected, effective as of October 12, 2006.

3.     All claims that Datawave Services (US) Inc. ("Datawave") has or may have had against the Debtors existing under the AT&T Prepetition Supply Agreement (except for any unpaid postpetition invoices) are waived.  Datawave shall have no rejection damages claim against the Debtors resulting from the rejection of the AT&T Prepetition Supply Agreement.

4.     All claims that Bergensons Property Services, Inc. ("Bergensons") has or may have had against the Debtors (except for an agreed non-priority unsecured claim (claim no. 2024) in the amount of $410,773.82, which is allowed, and any unpaid postpetition invoices) are waived.  Bergensons shall have no rejection damages claim against the Debtors resulting from the rejection of the Bergensons Prepetition Supply Agreement.

5.     All claims that Personal Optics, Inc. ("Personal Optics") has or may have had against the Debtors (except for an agreed non-priority unsecured claim (claim no. 5589) in the amount of $253,069.44, which is allowed, an agreed reclamation claim in the amount of $17,417.29, which is allowed, and any unpaid postpetition invoices) are waived.  Personal Optics shall have no rejection damages claim against the Debtors resulting from the rejection of the Personal Optics Prepetition Supply Agreement.

6.    All claims that the Smithfield Packing Company, Incorporated and its affiliate Gwaltney of Smithfield, Ltd. (collectively, "Smithfield") has or may have had against the Debtors (except for an agreed non-priority unsecured claim filed by Gwaltney of Smithfield, Ltd. (claim no. 10940) in the amount of $20,970.02, which is allowed against Winn-Dixie Procurement, Inc., a reclamation claim of Gwaltney of Smithfield, Ltd. in the amount of $1,016,042.77 (which is in the process of being paid), a reclamation claim of The Smithfield Packing Company, Incorporated in the amount of $803,913.34 (which is in the process of being paid), and any unpaid post petition invoices) are waived.  This waiver of claims shall include the waiver of claim number 10941 filed by The Smithfield Packing Company, Incorporated, which claim is hereby disallowed and expunged in its entirety.  Smithfield shall have no rejection damages claims against the Debtors resulting from the rejection of the Smithfield Prepetition Supply Agreement.  The Debtors and Smithfield reserve all rights and defenses with respect to any credits or accounts payable and accounts receivable offsets that the Debtors assert are owed by Smithfield, whether prepetition or postpetition.

7.    All claims that TRM Corporation, Inc. ("TRM") has or may have had against the Debtors (except for the agreed non-priority unsecured claim (claim no. 10725) in the amount of $2,351.57, which is allowed, and any unpaid postpetition invoices) are waived.  TRM shall have no rejection damages claim against the Debtors resulting from the rejection of the TRM Prepetition Supply Agreements.

8.    Claims for any rejection damages resulting from the rejection of the Additional Contracts must be filed on or before October 23, 2006.

9.     Nothing in this Order constitutes a waiver of any claims the Debtors may have against the counterparty to the Prepetition Supply Agreements, whether or not related to the Prepetition Supply Agreements.

10.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11.    The Court will retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this ____ day of October, 2006, in Jacksonville, Florida.


_____

Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

**THE EXHIBITS TO BE ATTACHED TO THE ORDER WHEN ENTERED WILL BE THE SAME EXHIBITS THAT ARE ATTACHED TO THE MOTION, WITH ANY NECESSARY MODIFICATIONS TO ADDRESS OBJECTIONS TO THE MOTION**