UNITED STATES BANKRUTPCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817 |
| | ) | |
| WINN-DIXIE STORES, INC., et al.,) | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**LIMITED OBJECTION BY DEUTSCHE BANK
TRUST COMPANY AMERICAS ("DEUTSCHE") TO
DEBTORS MOTION TO EXPUNGE CLAIM 8868 AS A DUPLICATE CLAIM**

**Background**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 1330 as amended.

2. On August 9,, 2006, the Debtors filed a Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, together with a Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as amended or modified, the "Plan"). The hearing to consider confirmation of the Plan is scheduled for October 13, 2006.

3. Deutsche Bank (formerly known as Bankers Trust Company) is acting as (i) Pass-through Trustee under the Amended and Restated Pass-Through Trust Agreement (Winn-Dixie Pass-Through Certificates, Series 1999-1), dated as February 1, 2001, among Deutsche Bank, as Indenture Trustee, First Union National Bank (nor know as Wachovia Bank, N.A.), as Servicer, and Deutsche Bank, as Pass-Through Trustee (the "Pass Through Trust Agreement") and (ii) Indenture Trustee under fifteen Indentures ("Indentures," as that term is defined in the Pass-Through Trust Agreement) under which the secured notes described in paragraph 4 were issued.

4. In the transaction contemplated by the Pass-Through Trust Agreement, certain of the Debtors sponsored the issuance of over $402 million in securities denominated

"Winn-Dixie Pass-Through Certificates, Series 1999-1" (the "Certificates") of which approximately $245.2million remains outstanding as of the date hereof. The Certificates represent undivided interests in a pool of notes issued pursuant to the Indentures that are secured, *inter alia*, by (a) mortgages on fifteen manufacturing, warehouse and office properties each owned by a single-location, special purpose entity and leased, under one of fifteen separate,, single-location leases (the "Leases")[1], to Winn-Dixie Stores or a wholly-owned subsidiary thereof and fully guaranteed by Winn-Dixie Stores under a guaranty agreement, (b) assignments of such Leases and (c) a Residual Value Surety under a guaranty agreement, (b) assignments of such Leases and (c) a Residual Value Surety Bond issued by Centre Reinsurance (U.S.) Limited to assure the residual value of the lease premises at the end of the Lease terms.

     5.    Following the Petition Date, Deutsche Bank timely filed the following proofs of claim relating to the following properties (the "Claims").

| Claim Number | Facility Location |
|---|---|
| 8869[2] | Miami Florida Dairy |
| 8870 | Orlando Florida Distribution Center |
| 8871 | Sarasota Florida Distribution Center |
| 8872 | Jacksonville Florida Corporate Headquarters |
| 8873 | Miami Florida Distribution Center |
| 8874 | Bartow Florida Egg Plant |
| 8875 | Fitzgerald Georgia (Deep South/Check Beverage) |
| 8876 | Hammond Louisiana Distribution Center |
| 8877 | Atlanta Georgia Distribution Center |
| 8878 | Montgomery Alabama Perishables Distribution Center |
| 8879 | Montgomery Alabama Pizza Plant |
| 8880 | Greenville South Carolina Distribution Center |
| 8881 | Clayton North Carolina Distribution Center |

---

[1] The lessors under the Lease include: FU/WD Atlanta, LLC, FU/WD Opa Locka, LLC, ZSF/WD Bartow, LLC, ZSF/WD Charlotte, LLC ZSF/WD Clayton, LLC, ZSF/WD Fitzgerald, LLC, ZSF/WD Greenville, LLC, ZSF/WD Hammond, LLC, ZSF/WD High Point, LLC, ZSF/WD Opa Locka, LLC, ZSF/WD Orlando, LLC, and ZSF/WD Sarasota, LLVC. Deutsche Bank holds an absolute assignment of the Leases dated August 10, 1999.

[2] Claim Number 8869 was disallowed by the Eleventh Omnibus Claims Order the dairy to which that claim relates was sold pursuant to the Order Approving Debtors' (A) Sale of Miami Dairy Assets Free and Clear of Liens, (B) Assumption and Assignment of Miami Dairy Lease and (C) Related Relief dated December 22, 2005. Such Order, among other things, released Winn-Dixie Stores, Inc., and Winn-Dixie Logistics, Inc. from their respective obligations under the subject Lease.

| | |
|---|---|
| 8882 | Charlotte North Carolina Distribution Center |
| 8883 | Guarantee Claim Against all aforementioned locations |

6. Claim number 8868 is a guarantee claim whereby the Winn Dixie corporate parent guaranteed payment of the lease obligations of various Winn Dixie subsidiaries as further described in the body of the claim.

7. Until and unless Debtors' Plan of Reorganization is confirmed, claim 8868 is not a duplicate of any other claim asserted by Deutsche. While it is true that if the Plan is confirmed, this claim would be a duplicate of other claims, this is not the case now and will only be so if the Plan is confirmed embodying the compromises of the various classes as set forth in the Plan.

8. Moreover, Debtors and Deutsche have entered into a Stipulation dated September 19, 2006 which Stipulation is now awaiting court approval, whereby the parties have resolved their disputes relating to, among other things, Deutsche's claim for rejection damages on the leased properties. That Stipulation is conditioned upon confirmation of the current Plan and allows the expungement of claim 8868. It also provides that the stipulated expungement will be voided if the Plan is not confirmed.

9. Thus any order with regard to claim 8868 should recognize that expunging it as a duplicate claim is conditioned upon the confirmation of the current proposed Plan.

Dated: September 28, 2006

                                              **NIXON PEABODY LLP**

                                              BY: /s/ Richard J. Bernard
                                              Richard J. Bernard
                                              Dennis J. Drebsky
                                              Joseph M. Gitto
                                              437 Madison Avenue
                                              New York, New York 10022
                                              (212) 940-3091

                                              *Attorneys for Deutsche Bank Trust*
                                              *Company Americas*

## CERTIFICATE OF SERVICE

I certify that service of the foregoing was made on September 28, 2006 via ECF Noticing and email upon the parties listed below.

/s/ Dennis J. Drebsky

| | |
|---|---|
| D.J. Baker, Esq.<br>Sally McDonald Henry, Esq.<br>Rosalie W. Gray, Esq.<br>Eric M. Davis, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036<br>djbaker@skadden.com<br>Fax: 212-735-2000 | Stephen D. Busey, Esq.<br>James H. Post, Esq.<br>Cynthia C. Jackson, Esq.<br>Eric N. McKay, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202<br>cjackson@smithhulsey.com<br>Fax: 904-359-7708 |
| Elena L. Escamilla, Esq.<br>U.S. Trustee<br>135 W. Central Boulevard<br>Room 620<br>Orlando, FL 32801<br>Elena.L.Escamilla@usdoj.gov<br>Fax: 407-648-6323 | Dennis F. Dunne, Esq.<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Attorneys for OCUC<br>ddunne@milbank.com<br>Fax: 212-530-5219 |
| John B. Macdonald, Esquire<br>Akerman Senterfitt<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, FL 32202<br>johnmacdonald@akerman.com<br>Fax: 904-798-3730 | Winn-Dixie Stores, Inc.<br>Attn: Laurence B. Appel<br>5050 Edgewood Court<br>Jacksonville, FL 32801<br>larryappel@winn-dixie.com<br>Fax: 904-783-5059 |
| Jane M. Leamy, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Rodney Square<br>Wilmington, DE 19801<br>Jleamy@skadden.com | |

10140189.1