UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                              CASE NO.: 3:05-bk-03817-JAF

                                                    CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

          Debtors.                                  Jointly Administered

---

**RESPONSE OF KNIGHTSDALE CROSSING, LLC TO DEBTORS' TWENTIETH OMNIBUS OBJECTION TO (A) DUPLICATE DIFFERENT DEBTOR CLAIMS AND (B) DUPLICATE LIABILITY CLAIMS**

Knightsdale Crossing, LLC (the "Landlord") hereby responds to Debtors' Twentieth Omnibus Objection To (A) Duplicate Different Debtor Claims And (B) Duplicate Liability Claims (the "Claim Objection"), and respectfully represents as follows:

**I.   BACKGROUND FACTS**

1.   Winn-Dixie Stores, Inc and certain affiliated parties (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code on February 21, 2005. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.   Landlord is the owner or managing agent of the following shopping center wherein Debtors operated one of their stores (the "Premises") pursuant to an unexpired lease of nonresidential real property (the "Lease") until the Lease was rejected on September 24, 2005.

| Knightsdale Crossing, LLC | |
|---|---|
| Knightdale Crossing | Knightdale, NC |

3.   The Lease is a "lease of real property in a shopping center" as that term is used in 11 U.S.C. § 365(b)(3). *See* In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-1087 (3rd Cir 1990).

-1-

4      On or about September 5, 2006, Debtors filed the Claim Objection, requesting that the Court disallow Claim No. 11963 in favor of remaining Claim No. 11964. Claim No. 11963 was timely filed in the amount of $321,954.09 against Winn-Dixie Raleigh, Inc. (the "Debtor-Tenant"). Claim No. 11964 was timely filed in the amount of $321,954.09 against Winn-Dixie Stores, Inc. (the "Debtor-Guarantor"). As a result, these are not duplicate claims, but instead represent separate claims against different debtor entities.

## II.  ARGUMENT

### A.  The Claim Objection is premature due to the pending objections to the Plan,[1] and it improperly seeks to disallow the claim of the Debtor-Tenant.

5.     Landlord timely filed Claim Nos. 11963 and 11964, and the Claim Objection does not dispute this issue. Instead, the Claim Objection seeks to disallow Claim No. 11963 in favor of Claim No. 11964.

6.     The Debtors basis for the disallowance is that its Plan provides for the substantive consolidation of the Debtors' estates such that:

> all claims against each estate shall be deemed to be claims against the consolidated estates, any claim filed against one or more of the Debtors shall be deemed a single claim filed against the consolidated estates, duplicated claims filed against more than one Debtor shall be expunged and guarantees issued by one Debtor in favor of any other of the Debtors (other than guarantees existing under assumed executory contracts or unexpired leases) or other basis of co-Debtor liability shall be eliminated.

*See* Claim Objection at page 1.

7.     On or about September 25, 2006, several landlords filed objection to the Plan, including the Joint Objection of E&A Financing II, L.P.; E&A Southeast, L.P.; E&A Acquisition Two, L.P.; Shields Plaza, Inc.; Woodberry Plaza (E&A), LLC; Villa Rica Retail Properties, LLC; West Ridge, LLC; Bank of America, as Trustee of Betty Holland, and F.R.O. LLC VII to the Debtors' Plan of Reorganization (the "Plan Objection"). Landlord filed a joinder to the Plan Objection (the "Joinder").

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Claim Objection.

8. The Plan Objection and Joinder specifically object to the Debtors' request for substantive consolidation to deny Landlord its legitimately bargained for claims against the Debtors. Until that issue is resolved through the plan confirmation process, by agreement or order of the Bankruptcy Court, it is inappropriate to disallow Claim No. 11963 or Claim No. 11964.

9. Finally, as set forth above, the Claim Objection provides that the Plan will eliminate all inter-debtor guaranties. Claim No. 11963 represents the claim against the Debtor-Tenant, which Claim No. 11964 represents the claim against the Debtor-Guarantor. Therefore, the Debtors are seeking to disallow the claim against the Debtor-Tenant and leave the claim against the Debtor-Guarantor as the remaining claim. This puts into question whether the Landlord will be left with any claim against the Debtors. Should the Bankruptcy Court disallow Claim No. 11963, Landlord will be left with a claim against the Debtor-Guarantor. Should the Debtors then prevail on their request for substantive consolidation and the elimination of inter-debtor guaranties, it appears that the Landlord would be left with no claim against the Debtors for damages resulting from the breach and rejection of the Lease. This is patently inequitable, and this Court should deny any request to disallow Claim No. 11963.

**B.    The Debtors present no evidence to rebut the prima facie validity Claim No. 11963.**

10. Pursuant to Section 502(a), a proof of claim is deemed to be allowed unless a party in interest objects. 11 U.S.C. §502(a). Thus, a proof of claim operates as *prima facie* evidence of such claim. *See* H.R. Rep No. 95-595, 95th Cong., 1st Sess., at 352 (1977); S. Rep. No. 95-989, 95th Cong., 2nd Sess., at 62 (1978); *see also* Fed. R. Bankr. Proc. 3001(f).

11. The burden of proof for claims against a debtor rests on different parties at different stages of the proceedings. The claimant must initially allege facts sufficient to support its claim, but once this is done, the claim is *prima facie* valid. Claim No. 11963 satisfies the *prima facie* validity requirement.

12. The burden of proof then shifts to the Debtors to produce sufficient evidence to negate the *prima facie* validity of Claim No. 11963 by refuting at least one of the essential

allegations of the claim. Only after an objecting party produces evidence equal in probative force to the *prima facie* claim does the burden revert to the claimant to prove the validity of its claim by a preponderance of the evidence. *See* In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3rd Cir. 1992). *See also* Fullmer v. U.S. (In re Fullmer), 962 F.2d 1463, 1466 (10th Cir. 1992) ("A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. To overcome this *prima facie* evidence, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim.") (citations omitted); In re Inter-Island Vessel Co., Inc., 98 B.R. 606, 608 (Bankr. D. Mass. 1988).

13. In this case, the Debtors' only basis for the disallowance of Claim No. 11963 is the terms of the (as yet) unconfirmed Plan. Moreover, there is no basis under the terms of the Plan to disallow Claim No. 11963, the claim of the Debtor-Tenant. Therefore, the Debtors have not produced sufficient evidence to support an objection to either Claim No. 11963 or Claim No. 11964, and the Claim Objection should be overruled as to both claims.

### III. **CONCLUSION**

In order to protect the interests of the Landlord, Landlord respectfully requests that the Court enter an Order:

    a. Denying the Claim Objection as it relates to the Claim No. 11963, and based upon the Debtors' inability to refute the prima facie validity of the Claim No. 11963, overrule the Claim Objection;

    b. In the alternative, delay any adjudication of Claim No. 11963 and Claim No. 11964 until there is a resolution to the objection to the Debtors' request for substantive consolidation;

    c. In the event that substantive consolidation is permitted, the Court should not disallow Claim No. 11963, which claim is against the Debtor-Tenant; and

d.   For such other and further relief as the Court deems just and proper

Dated:  September 28, 2006

        **HELD & ISRAEL**

        By: /s/ *Adam N. Frisch*
        Kimberly Held Israel, Esquire
        Florida Bar #47287
        Adam N. Frisch, Esquire
        Florida Bar #635308
        afrisch@hilawfirm.com
        1301 Riverplace Blvd., Suite 1916
        Jacksonville, Florida 32207
        (904) 398-7038 Telephone
        (904) 398-4283 Facsimile

        and

        **KATTEN MUCHIN ROSENMAN LLP**

        Thomas J. Leanse (TL-8802)
        Dustin P. Branch (DB-3553)
        2029 Century Park East, Suite 2600
        Los Angeles, California 9006
        Phone: (310) 788-4400
        FAX: (310) 788-4471