**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | : | |
|---|---|---|
| In re: Winn Dixie Stores, Inc.. <u>et al.</u> | : | Chapter 11 |
| | : | |
| | : | Case No. 3:05-bk-03817- JAF |
| | : | |
| Debtors. | : | Jointly Administered |

**RESPONSE OF THE OHIO BUREAU OF WORKERS' COMPENSATION IN OPPOSITION TO DEBTOR'S TWENTY-SECOND OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS, (C) OVERSTATED CLAIMS, (D) OVERSTATED MISCLASSIFIED CLAIMS, (E) MISCLASSIFIED CLAIMS AND (F) AMENDED AND SUPERSEDED CLAIMS**

The Ohio Bureau of Workers' Compensation ("BWC") hereby responds to the *Debtors' Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims and (F) Amended and Superseded Claims* (Docket No. 10873 (the "Objection") filed by the above-captioned debtors (the "Debtors"). In the Objection, Debtors object to Claim No. 2948 filed by BWC in the amount of $521.386.24 ("BWC's Non-Priority Claim") and Claim No. 9854 in the amount of $328,110.48 on the basis that Claim No. 9854 amends and supersedes Claim No. 2948 and therefore, Claim No. 2948 should be disallowed. BWC submits that both its claims are valid and respectfully requests that the Court enter an Order denying the Objection as to the BWC claim no. 2948 because it has not been amended or superseded by Claim No. 9854, as both constitute entirely separate claims.

Prior to the petition date, debtor Winn Dixie Stores, Inc.. ( "Debtor") was, and remains, an employer amenable to Ohio's workers' compensation laws. Also prior to the petition date, Debtor applied to be, and was granted the privilege of being, a "self-

insured" employer under Ohio's workers' compensation laws. As part of its obligations as a self-insured employer, Debtor is responsible for paying directly on injured workers' compensation claims and is responsible for reporting to BWC information pertaining to payments on such claims.

If Debtor ceases to compensate its injured workers, BWC is required to assume these obligations under Ohio law. Ohio Revised Code § 4123.75. This creates a liquidated claim for amounts BWC pays to the injured workers. Id. Currently, however, BWC has a contingent claim within the meaning of 11 U.S.C. § 502(b)(1) and §502(c)(1).

BWC's Non-Priority Claim is calculated to reflect the net present value of expected payments that BWC would have to pay in the event of default based on statistical analysis of Debtor's past workers' compensation claims as reflected in Debtor's Reported Information. Because Debtor is a self-insured employer, Debtor (or quite possibly its third party administrator), not BWC, is in possession of critical data with respect to Debtor's injured workers' claims. Accordingly, BWC is currently unable to provide a more detailed estimate of its expected payments to Debtor's injured workers in the event of default. BWC's experience with defaulting self-insured employers, however, supports the methodology used by BWC in estimating the BWC's Non-Priority Claim.

Because the date of injury determines when a claim "arises," any costs incurred by BWC on account of Debtor's pre-petition self-insured status are pre-petition claims. For example, even though a worker may be injured pre-petition, the actual costs on account of the injury may not be incurred until quite some time after the petition date,

sometimes years after the injury. Nevertheless, these costs are "pre-petition" claims which "arise" at the date of injury. Aetna Casualty & Surety Co. v. Clerk, United States Bankruptcy Court (In re Chateaugay Corp.), 89 F.3d 942 at 948 (2d Cir. 1996); St. Paul Fire & Marine Ins. Co. v. REA Express, Inc. (In re REA Express, Inc.), 442 F. Supp. 71 (S. D. New York 1977), *aff'd*, 591 F.2d 1331 & 1332 (2d Cir. 1978).

In addition to the requirement to provide workers' compensation benefits directly to its injured workers, a self-insured employer must also pay certain assessments ("Self-Insured Assessments") to BWC. When an employer ceases to operate as a self-insured employer, under Ohio's workers' compensation laws, the employer must still pay Self-Insured Assessments to BWC for ten years. If Debtor defaults on its obligations as a self-insured employer, or if Debtor were to cease operations as a self-insured employer under Ohio law, Debtor would still owe the Self-Insured Assessments. Self-Insured Assessments are entitled to priority under 11 U.S.C. § 507(a)(8). BWC's Priority Claim reflects BWC's calculation of Debtor's Self-Insured Assessments Debtor would owe in the event Debtor were to default or otherwise cease operations as a self-insured employer under Ohio law. Because the Self-Insured Assessments reflected in BWC's Priority Claim relate to Debtor's pre-petition operations, it, too, is a pre-petition claim even though the assessments themselves may come due after the petition. Both of BWC's claims are valid and therefore the Debtor's Objection requesting that Claim No. 2948 be disallowed should be denied.

WHEREFORE, BWC respectfully requests that the Court enter an Order denying the Objection as to BWC's Claim.

Respectfully submitted,

Jim Petro            (0022096)
Attorney General of Ohio

/s/ Amy K. Kaufman_____
Amy K. Kaufman      (Oh. Bar # 0073837)
Assistant Attorney General
Collections Enforcement
150 East Gay Street, 21st Floor
Columbus, OH  43215
(614) 728-4324; fax (614) 752-9070
Attorney for BWC

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that true and accurate copies of the foregoing *Response of the Ohio Bureau of Workers' Compensation in Opposition* was served by electronic mail through the U.S. Bankruptcy Court's ecf system on the 28th day of September, 2006 upon the following parties:


Elena L. Escamilla
United States Trustee-JAX
135 W. Central Blvd., Suite 620
Orlando, Florida 32801

Skadden Arps Slate Meagher & Flom
Attn: D.J. Baker
Four Times Square
New York, New York 10036


                                        /s/ Amy K. Kaufman
                                        Amy K. Kaufman