IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: WINN-DIXIE STORES, et al.        )
                                         )    Chapter 11
        Debtor.                          )    Case No. 05-03817-3F1

**OPPOSITION OF E&A FINANCING II, L.P.;
E&A SOUTHEAST, L.P.; E&A ACQUISITION TWO, L.P.;
SHIELDS PLAZA, INC.; WOODBERRY PLAZA (E&A), LLC;
VILLA RICA RETAIL PROPERTIES, LLC; WEST RIDGE, LLC;
BANK OF AMERICA, AS TRUSTEE OF BETTY HOLLAND; AND
F.R.O., LLC VII TO THE DEBTORS' TWENTIETH OMNIBUS OBJECTION**

E&A Financing II, L.P.; E&A Southeast, L.P.; E&A Acquisition Two, L.P.; Shields Plaza, Inc.; Woodberry Plaza (E&A), LLC; Villa Rica Retail Properties, LLC; West Ridge, LLC; Bank of America, as Trustee of Betty Holland; and F.R.O., LLC VII (collectively the "Objecting Landlords") oppose the Debtors' Twentieth Omnibus Objection and in support, state as follows:

**PRELIMINARY STATEMENT**

1.      The Objection (defined below) is procedurally defective and substantively without merit. First, the Objection seeks to disallow the Claims (defined below) on the basis that the Claims *may* be expunged *if* the "deemed consolidation" set forth in the Plan[1] is approved. The request is premature; the Court cannot consider the request prior to the Plan confirmation hearing and before it rules on the "deemed consolidation." Second, the Objection has no legal basis or evidentiary support whatsoever and fails to rebut the *prima facie* validity of the Claims. Finally, the Objection should be denied for the reasons set forth in the Confirmation Objection.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Joint Objection of &A Financing II, L.P.; E&A Southeast, L.P.; E&A Acquisition Two, L.P.; Shields Plaza, Inc.; Woodberry Plaza (E&A), LLC; Villa Rica Retail Properties, LLC; West Ridge, LLC; Bank of America, as Trustee of Betty Holland; and F.R.O. LLC VII to the Debtors' Plan of Reorganization (the "Confirmation Objection"). *See* Docket No. 11312.

1

**ARGUMENT**

2.      On September 5, 2006, the Debtors filed the Twentieth Omnibus Objection to (A) Duplicative Different Debtor Claims and (B) Duplicative Liability Claims (the "Objection").

3.      The Debtors object, *inter alia*, to the claims filed by the Objecting Landlords: 11839, 13254, 493, 12220, 12224, 12219, 12214, 11844, 12077, 12222 and 12138 (collectively, the "Claims").  The Debtors state no basis for objecting to the Claims other than that they are based on guarantees, are filed against Winn-Dixie Stores, Inc. and the Plan, as proposed, provides that guarantee claims will be expunged (the "Objection").

4.      The Debtors state that the expungement of the Claims is "contingent upon the confirmation and effectiveness . . ." of the Plan.  *See* Objection ¶ 9.  Indeed, if the Plan is not confirmed or does not become effective then the Claims will remain valid unless objected to on separate and additional grounds.  *Id.* at ¶ 10.

5.      The Objection is premature and procedurally defective.  It is entirely premised on the grant of the substantive consolidation compromise embedded in the Plan, which is set for a hearing on October 13, 2006.  The Objection is set for hearing on October 5, 2006.  The Objection cannot be considered until and unless the Court confirms the Plan.

6.      The Debtors fail to rebut the *prima facie* validity of the Claims.  A filed proof of claim is deemed *prima facie* valid.  FED. R. BANKR. P. 3001(f).  *See also Universal American Mortgage Co. v. Bateman (In re Bateman),* 331 F.3d 821, 827 (11th Cir. 2003); *Stancill v. Harford Sands, Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004) ("The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim.").

7.      Once a claim is filed, the burden shifts to the debtor to introduce probative evidence to rebut the validity of the claim in accordance with the provisions of Section 502(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3007.  11 U.S.C. § 502(b); Fed. R. Bankr. P. 3007; *Bateman*, 331 F.3d at 827; *Stancill*, 372 F.3d at 640.  Here, the Debtors have not attempted to and cannot meet this burden.  The Debtors' reliance on a subsequent confirmation and deemed consolidation is speculative and wholly inadequate.

8.      Finally, the Objecting Landlords object to the expungement of the Claims on the grounds set forth in the Confirmation Objection, which is incorporated by reference and attached hereto as Exhibit A.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Objecting Landlords respectfully request that the Court deny the Objection and granting such other and further relief as the Court deems just and appropriate.

Dated:  September 28, 2006          Respectfully submitted,

HELD & ISRAEL                       ARENT FOX PLLC


 /s/ Adam N. Frisch                  /s/ Mary Joanne Dowd
Kimberly Held Israel                Mary Joanne Dowd (Florida Bar No. 368970)
Florida Bar #47287                  Jeffrey N. Rothleder
Adam N. Frisch, Esq.                Arent Fox PLLC
Florida Bar #635308                 1050 Connecticut Avenue, N.W.
1301 Riverplace Blvd., Suite 1916   Washington, DC 20036
Jacksonville, Florida 32207         Telephone: 202/857-6059
Telephone: 904/398-7038             Fax: 202/857-6395
Fax: 904/398-4283                   Email: dowd.mary@arentfox.com
Email:  adam@hilawfirm.com
                                    Counsel for F.R.O., LLC VII
and

KITCHENS, KELLEY, GAYNES P.C.
Mark A. Kelley
Eleven Piedmont Center
3495 Piedmont Road, N.E., Suite 900
Atlanta, Georgia 30305
Telephone: 404/237-4100
Fax: 404/364-0126
Email: mkelley@kkgpc.com

Counsel for E&A Financing II, L.P.;
E&A Southeast ; L.P., E&A Acquisition
Two, L.P.; Shields Plaza, Inc.; Woodberry
Plaza (E&A), LLC; Villa Rica Retail
Properties, LLC; West Ridge, LLC; Bank of
America, as Trustee of Betty Holland

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of September, 2006, a true and correct copy of the foregoing has been furnished via electronic transmission or first-class mail to counsel for the Debtor: DJ Baker, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036, djbaker@skadden.com, and Cynthia Jackson, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, cjackson@smithhulsey.com, counsel to the Committee: Matthew Barr, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005, mbarr@milbank.com and John B. MacDonald, Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202, john.macdonald@akerman.com, and the Office of the United States Trustee, 135 W. Central Boulevard, Suite 620, Orlando, FL 32801.

       */s/ Mary Joanne Dowd*
       Mary Joanne Dowd