**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.,* | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**LIMITED OBJECTION OF INFORMATION RESOURCES,**
**INC. TO DEBTORS' MOTION TO ASSUME CONTRACT**

Information Resources, Inc. ("IRI") respectfully submits this limited objection to the Debtors' Fourth Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts (the "Assumption Motion") filed by Winn-Dixie Stores, Inc. (individually, and collectively with its affiliated Debtors, "Winn-Dixie"). In support of its objection, IRI states as follows:

1. IRI is an information services company that provides market information solutions, software and services to the consumer packaged goods, retail, and healthcare industries. These products and services include advanced analytics, enterprise performance management software and professional consulting services.

2. On March 3, 2003, prior to commencement by Winn-Dixie of these jointly administered bankruptcy cases, IRI and Winn-Dixie Stores, Inc. entered into that certain Contract for InfoScan Services (the "Old Agreement"). Under the Old Agreement, IRI purchased and Winn-Dixie sold data derived from electronic scanners in Winn-Dixie's grocery stores.

3. The initial term of the Old Agreement ran from March 3, 2003 through March 2, 2005, after which the term automatically extended for two additional one-year terms (on March 3, 2005 and March 3, 2006), pursuant to Paragraph 2 of the Old Agreement. In addition, Paragraph 2 provides that the Old Agreement may be terminated with written notice of

termination within 90 days prior to the end of the term, or by IRI (a) upon 180 days written notice in the event that IRI's data collection needs change, or (b) upon 90 days' written notice in the event of a material change in Winn-Dixie's business.

4. On November 22, 2005, Winn-Dixie and IRI entered into a binding Letter of Commitment for Data Contract (the "New Agreement"). The New Agreement differed from the Old Agreement by (a) reducing the amount IRI pays to Winn-Dixie for data, and (b) providing for the execution of a final contract between the parties. <u>Since executing the New Agreement, the parties have performed according to its terms</u>, while negotiating toward a definitive contract.

5. On September 15, 2006, Winn-Dixie filed the Assumption Motion. In the Assumption Motion, Winn-Dixie seeks to assume executory contracts, including the Old Agreement, pursuant to 11 U.S.C. § 365(a).

6. By this objection, IRI opposes assumption of the Old Agreement because IRI believes the parties have terminated the Old Agreement. Once an agreement is terminated, nothing remains for a debtor to assume. *See, e.g., In re Balco Equities Ltd., Inc.* 312 B.R. 734, 750 (Bankr. S.D.N.Y. 2004); *In re Broaddus Hosp. Ass'n,* 159 B.R. 763 (Bankr. N.D.W.Va.1993); *In re Government Sec. Corp*., 101 B.R. 343, 349 (Bankr. S.D. Fla.1989), *aff'd,* 111 B.R. 1007 (S.D. Fla.1990), *aff'd,* 972 F.2d 328 (11th Cir. 1992), *cert. denied,* 507 U.S. 952 (1993).

7. Alternatively, if the Court finds that the Old Agreement was not terminated, IRI believes that the Old Agreement was amended by the New Agreement, in which case IRI does not oppose the assumption of the Old Agreement as long as the assumption includes assumption of the New Agreement. "It is well established that as a general proposition an executory contract must be assumed or rejected in its entirety." *In re Camptown, Ltd.,* 96 B.R. 352, 355 (Bankr. M.D. Fla.) (citations omitted), *order amended on other grounds,* 98 B.R. 596 (Bankr. M.D.

Fla.1989); *see also In re Exide Technologies*, 340 B.R. 222, 228-29 (Bankr. D. Del. 2006) (separate agreements comprising one integrated agreement must be assumed or rejected *in toto*); *In re Philip Servs., Inc.,* 284 B.R. 541, 547-48 (Bankr. D. Del. 2002), *aff'd* 303 B.R. 574 (D. Del. 2003) (all of the contracts that comprise an integrated agreement must either be assumed or rejected, since they all make up one contract).

8. The parties have performed under and relied upon the terms set forth in the New Agreement for nearly a year. Therefore, the Old Agreement is terminated, or, at the very least, the terms of the New Agreement form an integral part of the Old Agreement. Therefore, either the Old Agreement has been terminated and cannot be assumed <u>or</u> the assumption of the Old Agreement must include assumption of the New Agreement and its amended payment terms.

9. IRI files this limited objection in order to clarify its rights with respect to Winn-Dixie's proposed assumption of the terminated Old Agreement, which is impermissible under 11 U.S.C. 365(a).

WHEREFORE, Information Resources, Inc. respectfully requests that this Court enter an order denying the Debtor's assumption of the Old Agreement or, alternatively, conditioning that assumption on the assumption of the New Agreement, and granting such further relief as this Court deems just.

September 28, 2006

Respectfully submitted,

INFORMATION RESOURCES, INC.

By: _/s/ Joseph D. Frank_
      One of its attorneys

Joseph D. Frank (ARDC No. 6216085)
Micah R. Krohn (ARDC No. 6217264)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60610
(312) 276-1400 – telephone
(312) 276-0035 – facsimile
jfrank@fgllp.com; mkrohn@fgllp.com

## CERTIFICATE OF SERVICE

I, Joseph D. Frank, an attorney, hereby certify that on **September 28, 2006**, a true and correct copy of the foregoing **Limited Objection of Information Resources, Inc. to Debtors' Motion to Assume Contract** was filed electronically. Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System. In addition, a copy was served this day upon the parties named below via electronic mail and facsimile transmission:

| | |
|---|---|
| D. J. Baker | Cynthia C. Jackson |
| Skadden, Arps, Slate, Meagher & Flom LLP | Smith Hulsey & Busey |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York  10036 | Jacksonville, Florida  32202 |
| *(212) 735-2000 – fax* | *(904) 359-7708 – fax* |
| djbaker@skadden.com | cjackson@smithhulsey.com |

                                                */s/ Joseph D. Frank*