## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et al.,</u> | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |

**LIMITED OBJECTION OF LUMBERMENS MUTUAL CASUALTY COMPANY TO DEBTORS' FOURTH OMNIBUS MOTION FOR ORDER AUTHORIZING ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND FIXING CURE AMOUNTS**

Lumbermens Mutual Casualty Company, American Motorists Insurance Company, American Protection Insurance Company, and American Manufacturers Mutual Insurance Company (individually or collectively, together with their affiliates, the "Kemper Insurance Companies" or "Kemper"), by and through their undersigned counsel, hereby file their Limited Objection of Lumbermens Mutual Casualty Company to Debtors' Fourth Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts, and state:

### BACKGROUND

1. Both prior to and subsequent to the filing of the Debtors' chapter 11 petition, Kemper maintained a complex insurance program for the benefit of the Debtors, which program included insurance for (i) general liability, (ii) automobile liability, and (iii) workers compensation coverage together with the related endorsements, schedules and agreements (the "Insurance Policies").

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwick Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc. and Winn-Dixie Supermarkets, Inc.

406417-1

2.     The relationship between Kemper and the Debtors is governed by the Insurance Policies and the related finance agreements, deductible reimbursement agreements, and other undertaking by and between the parties (collectively, the "Agreements").

3.     Pursuant to the Agreements, the Debtors agreed to pay specified premiums, loss reimbursement, claims handling charges and other sums.  Some of the Policies are auditable, meaning premium is subject to periodic adjustment based upon changes to underwriting factors like number of employees, payroll and the like.  Some of the Policies are loss sensitive, meaning that the amounts owed thereunder are subject to periodic redetermination based upon ongoing loss experience.  That is to say, if losses are heavier than projected, additional premium, loss reimbursement, dividend recall or other charges may be owed by the Debtor.  If losses are lighter than projected, then premium refund, dividend or other credits may be owed to the Debtor.

4.     Kemper timely filed proofs of claim in the Debtors bankruptcy cases, seeking to recover those amounts due and owing under the Insurance Policies and the Agreements.

5.     On or about September 15, 2006, the Debtors filed their Debtors' Fourth Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts (the "Motion") seeking to assume those workers compensation insurance policies issued by Kemper.

6.     The Motion estimated the cure amount for each of the three policies as $0. Additionally, the cure amounts are to remain effective until the Effective Date (as defined in the Motion) of the plan of reorganization.

**ARGUMENT**

7.     Kemper does not object to the Debtors assuming the workers compensation policies, however, based upon the terms of the Insurance Polices and Agreements, it cannot

liquidate a cure amount at this time. Regardless of its ability to liquidate a cure amount at this time, Kemper does not believe that the cure amounts are $0.

8. The Insurance Polices are not typical executory contracts pursuant to which a cure amount can be easily liquidated.

9. Rather, the Insurance Policies expressly provide that the Debtors' liability is variable depending upon a number of underwriting factors, including number of employees, payroll, and losses under the Insurance Policies. That is to say, the liability on the Insurance Policies could raise or fall based upon certain underwriting factors and the Debtors could be obligated to Kemper for additional premium or Kemper could be obligated to return excess premium to the Debtors.

10. Based upon this structure, it is not possible for Kemper to estimate a cure amount accurately, because any cure amount could change at any time based upon a change in any of the underwriting variables. Even if Kemper liquidated a cure amount in response to the Motion, such cure amount would likely change prior to the confirmation hearing on October 13, 2006 and change again prior to the Effective Date (and there is no assurance that the plan will be confirmed on October 13).

11. Rather than liquidating and fixing a cure amount presently, Kemper proposes that the Insurance Policies be assumed and the parties resolve any cure amounts in the ordinary course of business as and when such amounts arise in favor of either Kemper or the Debtors.

**Notice**

12. Notice of this Limited Objection has been provided to (a) counsel for the Debtors; (b) counsel to the Office of the United States Trustee; (c) counsel for the Creditors' Committee;

and (d) all other parties receiving notice electronically by the Court in these cases. No other or further notice need be given.

WHEREFORE, Kemper respectfully requests that this Court enter an order:

A. Determining that the cure amount due to Kemper on account of the Insurance Policies is not $0;

B. Requiring the Debtors and Kemper to resolve the cure amount in the ordinary course of business; and

C. Granting such other relief as is equitable and just.

Dated: September 28, 2006

RESPECTFULLY SUBMITTED,

BERGER SINGERMAN, P.A.
315 South Calhoun Street, Suite 712
Tallahassee, FL 32301
Tel. (850) 561-3010
Fax. (850) 561-3013

By:  /s/  Brian G. Rich
       Brian G. Rich
       Florida Bar No.
       brich@bergersingerman.com
       Leslie Gern Cloyd
       Florida Bar No. 303305
       lcloyd@bergersingerman.com

and

David J. Fischer
Jeffrey L. Gansberg
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive
Chicago, IL 60606
(312) 201-2000
fischer@wildmanharrold.com
gansberg@wildmanharrold.com

Attorneys for Kemper Insurance Companies