UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

    Debtors.

Case No. 05-03817-JAF

Chapter 11

Jointly Administered

**OBJECTION OF LIQUIDITY SOLUTIONS, INC., AS ASSIGNEE, TO DEBTORS' TWENTIETH OMNIBUS OBJECTION TO (A) DUPLICATE DIFFERENT DEBTOR CLAIMS AND (B) DUPLICATE LIABILITY CLAIMS**

Liquidity Solutions, Inc. ("LSI"), as assignee with respect to certain claims filed in these cases, by and through its undersigned counsel, hereby files its response (the "Response") to the Debtors' Twentieth Omnibus Objection to (A) Duplicate Different Debtor Claims and (B) Duplicate Liability Claims (the "Omnibus Objection").[1] In further support of its Response, LSI respectfully states as follows:

**BACKGROUND**

1. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. ("Stores" or "Parent"), Winn-Dixie Montgomery, Inc. ("Montgomery"), Winn-Dixie Raleigh, Inc. ("Raleigh"), and certain other affiliates of Stores (collectively, the "Debtors") filed Voluntary Petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. By order entered April 13,

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Omnibus Objection.

2005, venue of the Debtors' chapter 11 cases was transferred to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Court").

2. On or about August 9, 2006, the Debtors filed their Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan") and their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement" or "DS") in these cases.

3. A hearing to consider confirmation of the Plan is currently scheduled to be held on October 13, 2006 at 9:00 a.m. (the "Confirmation Hearing").

4. The Plan filed by the Debtors is predicated on substantive consolidation "for purposes of distributions under the Plan", whereby the various Debtors' assets and liabilities are "deemed" to be pooled in order to determine the appropriate percentage distribution for each class of creditors and thereafter make such payments. DS, §VI.B, pg. 51. The Debtors specifically seek approval of the compromise calling for substantive consolidation that was apparently reached among the Debtors and certain creditor groups. This compromise is termed the "Substantive Consolidation Compromise" (hereinafter, the "Consolidation Compromise") in the Plan and is central to the terms of the proposed Plan.

5. As further provided in §VI.B of the Disclosure Statement, claims against each separate debtor entity are deemed to be claims against the "consolidated" Debtors. Any proof of claim filed against a particular Debtor is deemed to be a single claim filed against the "consolidated" estates, and the duplicate claims filed against more than one debtor entity will be deemed expunged. Expanding on this, the Plan goes on to provide that claims grounded on a pre-petition unsecured guaranty by one Debtor in favor of

another (such as the Parent's guaranty of a subsidiary) will be eliminated resulting in no distribution being made on account of the guaranty. DS, §VI.B, pg. 54.

6. As of the date hereof, LSI is the holder (as assignee)[2] of Claims against multiple Debtors that include, but may not be limited to, the following:

| **Original Creditor** | **Debtor Tenant** | **Debtor Guarantor** | **Claim #s** | **Amount** |
|---|---|---|---|---|
| Albion Pacific Property Resources, LLC | Montgomery | Stores | 12312, 12313 | $1,444,403.47 |
| Indian Trail Square LLC | Raleigh | Stores | 12834, 12835 | $482,638.80 |
| LN Piedmont Village | Montgomery | Stores | 9708, 9709 | $348,877.08 |
| McDonough Marketplace Partners | Montgomery/ Raleigh | Stores | 10825, 10826 | $53,457.46 |
| McDonough Marketplace Partners | Montgomery/ Raleigh | Stores | 12148, 12149 | $521,253.55 |
| Scottland Mall, Inc. | Raleigh | Stores | 1933, 11103 | $452,731.93 |
| Shoals Marketplace LLC | Montgomery | Stores | 8155, 8487 | $1,042,137.41 |

7. On account of the "deemed consolidation" proposed by the Plan, the Debtors have filed their Omnibus Objection seeking disallowance of, among others, claims held by LSI on account of guaranties obtained from one or more of the Debtors.

---

[2] All relevant notices of transfer have been filed with this Court.

3

The Omnibus Objection provides that the objections recited therein are "contingent upon the confirmation and effectiveness of the Plan." Omnibus Objection, ¶ 14.

8. A hearing to consider the Omnibus Objection is currently scheduled to be held on October 5, 2006 at 1:00 p.m., approximately 8 days prior to the Confirmation Hearing.

## RESPONSE TO OBJECTION

9. Pursuant to the Omnibus Objection, the Debtors have objected to LSI's claims for corporate guaranties provided by one Debtor in favor of another with respect to real property leases.

10. The basis of the Debtors' objections is the "deemed consolidation" proposed in the Plan and outlined in the Consolidation Compromise contained therein which seeks, among other things, to eliminate corporate guaranties provided to landlords resulting in no distributions being made on account of such guaranties.

11. LSI has timely filed an objection to confirmation of the Debtors' Plan, including the Consolidation Compromise (the "Confirmation Objection") [Docket No. 11314], and adopts and incorporates its arguments contained therein.

12. As more fully set forth in the Confirmation Objection, LSI objects to the Plan based on, among other things, the invalidity of the Consolidation Compromise, the elimination of corporate guaranties effected thereby, and the overall disparate treatment afforded to holders of Class 13 Landlord Claims.

13. Absent their (unjustified) treatment in the Plan, LSI's claims for corporate guaranties are valid claims against the guarantor, Winn-Dixie Stores, in the full filed amount, as they have a legal basis separate and apart from the claims against the

applicable Debtor tenant – and should be recognized as such to the extent that the Plan is not confirmed.

14.     The Debtors assert no other basis for objecting to LSI's claims other than the "deemed consolidation" proposed through the Plan. The Debtors do not object to the amount or validity of the claims. <u>See</u> Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("A proof of claim executed and filed in accordance with the rules shall constitute prima facie evidence of the validity and amount of the claim.")

15.     In addition, the Debtors' Omnibus Objection is premature in that confirmation and consummation of the Plan and the Consolidation Compromise contained therein have not yet been heard and ruled upon by the Court, and will not be heard until 8 days after the hearing scheduled on the Omnibus Objection.

16.     LSI reserves all rights with respect to its claims, the Plan and the Confirmation Objection including, but not limited to, the right to supplement this Response.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, LSI respectfully requests that this Court enter an order denying the Omnibus Objection as to LSI's claims, and granting such other and further relief as is just and proper under the circumstances.

Dated: September 28, 2006

        Harley E. Riedel (Fla. Bar # 183628)
        Elena P. Ketchum (Fla. Bar #0129267)
        STICHTER, RIEDEL, BLAIN & PROSSER, P.A.
        110 East Madison Street, Suite 200
        Tampa, Florida 33602
        PH    (813) 229-0144
        FAX  (813) 229-1811
        Email: hriedel@srbp.com
        Email: eketchum@srbp.com

        By:    /s/ Elena P. Ketchum
              Harley E. Riedel (Fla. Bar # 183628)
              Counsel for Liquidity Solutions, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **OBJECTION OF LIQUIDITY SOLUTIONS, INC., AS ASSIGNEE, TO DEBTORS' TWENTIETH OMNIBUS OBJECTION TO (A) DUPLICATE DIFFERENT DEBTOR CLAIMS AND (B) DUPLICATE LIABILITY CLAIMS** has been furnished on this 28th day of September, 2006, via CM/ECF, U.S. Mail, Facsimile Transmission and Email Transmission to:

D.J. Baker
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, New York 10036
Fax Number: 212/735-2000
Email: djbaker@skadden.com

James H. Post
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
Fax Number: 904/359-7708
Email: jpost@smithhulsey.com

Matthew Barr
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, New York 10005
Fax Number: 212/822-5194
Email: mbarr@milbank.com

Elena L Escamilla
Kenneth C. Meeker
Office of the United States Trustee
135 W Central Blvd., Ste 620
Orlando, FL 32801
Fax Number:	407-648-6323
Email:   Elena.l.escamilla@usdoj.gov

John B. MacDonald
AKERMAN SENTERFITT
50 North Laura Street, Ste. 2500
Jacksonville, FL   32202
Fax Number:  904-798-3730
Email:   john.macdonald@akerman.com

    /s/ Elena P. Ketchum
Elena P. Ketchum (Fla. Bar #0129267)

H:\User\JR\Liquidity Solutions - Winn Dixie\Pleadings\20th omnibus objection - response FILED.doc
9/28/2006 2:39 PM