UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-03817-f1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al*, | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

### THE KAMIN ENTITIES' RESPONSE TO DEBTORS' TWENTIETH OMNIBUS OBJECTION TO CLAIMS (STORE NOS. 832, 941, 1705, 1580, 2418 & 2422)

WD MT Carmel, LLC, Daniel G. Kamin Clarksville Crossing LLC, Daniel G. Kamin, Daniel G. Kamin, Brynn Marr Enterprises, DBT Porcupine WD1 DE Business Trust, Daniel G. Kamin Zachary Enterprises and Porcupine WD5, LLC (collectively, the "Kamin Entities") hereby respond to the Debtors' Twentieth Omnibus Objection to Claims (the "Omnibus Objection") with respect to Proof of Claim Nos. 9644, 9641, 9646, 9647, 13421, 13434 (the "Winn-Dixie Guaranty Claims"), and in support thereof state and allege as follows:

### THE KAMIN ENTITIES' CLAIMS AGAINST THE DEBTORS' ESTATES

A.    **WD MT Carmel, LLC (Claim Nos. 13434 and 13435)**

1.    WD MT Carmel and Winn-Dixie Raleigh, Inc., d/b/a Winn-Dixie Charlotte, Inc., as tenant ("Winn-Dixie Raleigh"), were parties to a lease, dated March 4, 1998 (as amended, "Lease 1705"), for certain real property located in Mt. Carmel, Ohio, which property has been designated as Store No. 1750.

2.    Winn-Dixie Raleigh's obligations under Lease 1705 were guaranteed by Winn-Dixie Stores, Inc. pursuant to that certain Guaranty, dated March 4, 1998, as amended and restated on June 30, 2004 (the "Guaranty 1705").

3.      The Debtors' rejected Lease 1705.

4.      WD MT Carmel filed timely amended proofs of claim in the amount of $1,071,155.37 against Winn-Dixie Raleigh, as the primary obligor under Lease 1705 (Claim No. 13435), and against Winn-Dixie Stores under Guaranty 1705 (Claim No. 13434).

B.      **Daniel G. Kamin Clarksville Crossing LLC (Claim Nos. 9643 and 9644)**

5.      Daniel G. Kamin Clarksville Crossing LLC ("DGK Clarksville") and Winn-Dixie Raleigh, as tenant, were parties to a lease, dated April 18, 1985 ("Lease 941"), for certain real property located in Clarksville, Virginia, which property has been designated as Store No. 941.

6.      Winn-Dixie Raleigh's obligations under Lease 941 were guaranteed by Winn-Dixie Stores pursuant to that certain Guaranty, dated April 18, 1985 ("Guaranty 941").

7.      The Debtors' rejected Lease 941.

8.      DGK Clarksville filed timely proofs of claim in the amount of $328,208.33 against Winn-Dixie Raleigh, as the primary obligor under Lease 941 (Claim No. 9643), and against Winn-Dixie Stores under Guaranty 941 (Claim No. 9644).

C.      **Daniel G. Kamin and Daniel G. Kamin Brynn Marr Enterprises (Claim Nos. 9641 and 9642**

9.      Daniel G. Kamin and Daniel G. Kamin Brynn Marr Enterprises (collectively "DGK Brynn Marr") and Winn-Dixie Raleigh, as tenant, were parties to a lease, dated June 1, 1971, as amended from time to time, and that certain Supplemental Lease Agreement, dated January 14, 1997 (collectively, "Lease 832"), for real property located in Jacksonville, North Carolina, which property has been designated as Store No. 832.

10.     Winn-Dixie Raleigh's obligations under Lease 832 were guaranteed by Winn-Dixie Stores pursuant to that certain that Guaranty of Lease Obligations (the "Guaranty 832"), dated June 4, 1971.

11.     The Debtors' rejected Lease 832.

12.     DGK Brynn Marr filed timely proofs of claim in the amount of $402,234.49 against Winn-Dixie Raleigh, as the primary obligor under Lease 832 (Claim No. 9641), and against Winn-Dixie Stores under Guaranty 832 (Claim No. 9642).

**D.     <u>DBT Porcupine WD1 DE Business Trust (Claim Nos. 9645 and 9646)</u>**

13.     DBT Porcupine WD1 DE Business Trust ("<u>DBT Porcupine</u>") and Winn-Dixie Montgomery, Inc., d/b/a Winn-Dixie Louisiana, Inc. ("<u>Winn-Dixie Montgomery</u>") were parties to that certain lease, dated March 4, 1998 (the "<u>Lease 2418</u>"), for real property located in Willow Park, Texas, which property has been designated as Store No. 2418.

14.     Winn-Dixie Montgomery's obligations under Lease 2418 were guaranteed by Winn-Dixie Stores pursuant to that certain that Guaranty of Lease Obligations (the "<u>Guaranty 2418</u>"), dated March 4, 1998.

15.     The Debtors' rejected Lease 2418.

16.     DBT Porcupine filed timely proofs of claim in the amount of $5,533,905.92 against Winn-Dixie Montgomery, as the primary obligor under Lease 2418 (Claim No. 9645), and against Winn-Dixie Stores under Guaranty 2418 (Claim No. 9646).

**E.     <u>Daniel G. Kamin Zachary Enterprises (Claim Nos. 9647 and 9648)</u>**

17.     Daniel G. Kamin Zachary Enterprises ("<u>DGK Zachary</u>") and Winn-Dixie Montgomery were parties to that certain lease, dated December 20, 1975 (as amended, "<u>Lease 1580</u>") for real property located in Zachary, Louisiana, which property has been designated as Store No. 1580.

18.    Winn-Dixie Montgomery's obligations under Lease 1580 were guaranteed by Winn-Dixie Stores pursuant to that certain that Guaranty of Lease Obligations (the "Guaranty 1580"), dated December 20, 1975.

19.    The Debtors' rejected Lease 1580.

20.    DGK Zachary filed timely proofs of claim in the amount of $519,993.39 against Winn-Dixie Montgomery, as the primary obligor under Lease 1580 (Claim No. 9648), and against Winn-Dixie Stores under Guaranty 1580 (Claim No. 9647).

F.    **Porcupine WD5, LLC (Claim Nos. 13421 and 13422)**

21.    Porcupine WD5, LLC and Winn-Dixie Montgomery were parties to that certain lease, dated March 4, 1998 ("Lease 2422") for real property located in Fort Worth, Texas, which property has been designated as Store No. 2422.

22.    Winn-Dixie Montgomery's obligations under Lease 2422 were guaranteed by Winn-Dixie Stores pursuant to that certain that Guaranty of Lease Obligations (the "Guaranty 2422"), dated March 4, 1998.

23.    The Debtors' rejected Lease 2422.

24.    Porcupine WD5 filed amended timely proofs of claim in the amount of $946,409.24 against Winn-Dixie Montgomery, as the primary obligor under Lease 2422 (Claim No. 13422), and against Winn-Dixie Stores under Guaranty 2422 (Claim No. 13421)

## THE OMNIBUS OBJECTION SHOULD BE OVERRULED

25.    In the Omnibus Objection, the Debtors seek to disallow the Winn-Dixie Guaranty Claims "contingent upon the confirmation and effectiveness of the Debtors' joint plan of reorganization." Omnibus Objection at ¶ 9. The Court should overrule the Omnibus Objection because (a) it is premature, if not completely unnecessary, (b) it has no legal basis or evidentiary

support whatsoever and fails to rebut the *prima facie* validity of the Winn-Dixie Guaranty Claims, and (c) substantive consolidation is not appropriate for the reasons adopted in the Kamin Entities' objection to the Plan. *See* Docket Nos. 11312 and 11332.

26.     The Debtors' Second Proposed Joint Plan of Reorganization (the "Plan") seeks substantive consolidation of the Debtors' estates, whereby all claims against each estate shall be deemed to be claims against the consolidated estates and any claim filed against one or more of the Debtors shall be deemed a single claim filed against the consolidated estates.  Specifically, the Plan provides:

> As a result of the compromise and settlement of substantive consolidation issues contained in the Plan, and only for purposes of distributions under the Plan, except as otherwise provided in the Plan, (a) the separate Chapter 11 cases of the Debtors shall be consolidated into the case of Winn-Dixie as a single consolidated case; (b) all property of the Estate of each Debtor shall be deemed to be property of the consolidated Estates; (c) all Claims against each Estate shall be deemed to be Claims against the consolidated Estates, any Proof of Claim filed against one or more of the Debtors shall be deemed to be a single claim filed against the consolidated Estates, and all duplicate Proofs of Claim for the same claim filed against more than one Debtor shall be deemed expunged; (d) except as otherwise provided in the Plan, no distributions under the Plan shall be  made on account of Intercompany Claims; (e) ***except as provided by the compromise treatment of Unsecured Claims in Section 4.3(f) through 4.3(j) of the Plan, all Claims based upon pre-petition unsecured guarantees by one Debtor in favor of any other of the Debtors (other than guarantees existing under assumed executory contracts or unexpired leases) or other basis of co-Debtor liability shall be eliminated, and no separate distributions under the Plan shall be made on account of Claims based upon such guarantees or other basis of co-Debtor liability***; and (f) no distributions under the Plan shall be made on account of any Subsidiary Interests.

Plan at § 2.2 (emphasis added)

27.     Until and unless the Plan is confirmed, there is no basis for granting the relief sought by the Debtors in the Omnibus Objection.  Indeed, it is questionable whether an order disallowing or expunging the Winn-Dixie Guaranty Claims would be necessary even if the Plan is confirmed. If the Plan is confirmed, the confirmation order will provide for exactly the relief

sought by the Debtors here, and any order granting the Omnibus Objection will be duplicative of the confirmation order.

28.     In fact, the Debtors have not set forth a single reason why it is appropriate or necessary to enter an order conditionally denying the claims at issue prior to confirmation of the Plan.  The only apparent reason for the filing of the Omnibus Objection was to preclude the holders of guaranty claims – all of whom are significantly prejudiced by the Plan and thus the most likely to vote against it – from voting.   For purposes of voting on the Plan, holders of claims that were subject to a pending objection either (a) had their claims reduced to the amount the Debtors asserted was the accurate amount of the claims, or (b) did not receive a ballot if the Debtors sought to have the claims disallowed in full.  Thus, the Kamin Entities did not receive ballots for the Winn-Dixie Guaranty Claims.  The only way holders of such claims could vote these claims was to file a motion with the Court seeking allowance of their claims for voting purposes.  The fact that very few such motions were actually filed demonstrates that the Debtors effectively precluded approximately $7 billion in claims from voting on the Plan (according to the Omnibus Objection, the Debtors are seeking to "expunge" over $7 billion in such claims).  Quite clearly, the holders of these claims could have impacted the vote on the Plan, even possibly preventing its confirmation.

29.      In addition, the Debtors' Omnibus Objection fails to set forth any legal basis or evidentiary support that would rebut the *prima facie* validity of the Winn-Dixie Guaranty Claims.

30.     Once a claim is filed, the burden shifts to the debtor to introduce probative evidence to rebut the validity of the claim in accordance with the provisions of Section 502(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3007. 11 U.S.C. § 502(b); Fed.

R. Bankr. P. 3007; *Bateman*, 331 F.3d at 827; *Stancill*, 372 F.3d at 640. Here, the Debtors have not attempted to and cannot meet this burden. The Debtors' reliance on a subsequent Plan confirmation and deemed consolidation is speculative and wholly inadequate.

31.    Finally, the Kamin Entities object to the expungement of the Winn-Dixie Guaranty Claims on the grounds set forth in their objection to confirmation of the Plan, which is incorporated herein by reference. *See* Docket Nos. 11312 and 11332.

WHEREFORE, the Kamin Entities respectfully request that the Court (a) overrule the Omnibus Objection, and (b) grant them such other and further relief as the Court deems just and proper.

Respectfully submitted,

WD MT CARMEL, LLC, DANIEL G. KAMIN CLARKSVILLE CROSSING LLC, DANIEL G. KAMIN, DANIEL G. KAMIN, BRYNN MARR ENTERPRISES, DBT PORCUPINE WD1 DE BUSINESS TRUST, DANIEL G. KAMIN ZACHARY ENTERPRISES and PORCUPINE WD5, LLC

By: /s/ Sara E. Lorber
        One of Their Attorneys

Sara E. Lorber
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois  60603
Tel. (312) 346-8000
Fax: (312) 269-8869
slorber@seyfarth.com

CH1 11117880.1

### <u>CERTIFICATE OF SERVICE</u>

I, Sara E. Lorber, an attorney, do hereby certify that on September 28, 2006, I electronically filed a true and correct copy of the foregoing document, and caused the same to be served (1) via electronic mail to those parties entitled to service through the ECF registration, and (2) via facsimile transmission on counsel for the Debtors at the following address:

> D.J. Baker Esq.
> Skadden, Arps, slate, Meagher & Flom LLP
> Four Times Square
> New York, NY 10036
> (212) 735-2000 (facsimile)

/s/ Sara E. Lorber

CH1 11117880.1