UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                             Chapter 11

WINN-DIXIE STORES, INC., *et al.*,                 Case Nos. 05-03817-3F1
                                                   (Jointly Administered)
        Debtors.

ORACLE USA, INC.'S OBJECTION TO DEBTORS' FOURTH OMNIBUS MOTION FOR
ORDER AUTHORIZING ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES AND FIXING CURE AMOUNTS

        Oracle USA, Inc., successor in interest to PeopleSoft USA, Inc. ("Oracle"), a creditor and
interested party in the above-captioned jointly administered Chapter 11 cases, submits this Objection
("Objection") to Debtors' Fourth Omnibus Motion for Order Authorizing Assumption of Executory
Contracts and Unexpired Leases and Fixing Cure Amounts (the "Motion"), and states as follows:

I.      INTRODUCTION

        Through the Motion, Winn-Dixie Stores, Inc., and its jointly administered debtors (collectively the
"Debtors") seek to assume certain executory contracts identified on a schedule attached as an exhibit to the
Motion. Among these contracts identified for assumption are two described as having been entered into
between "PeopleSoft" and Winn-Dixie Stores, Inc.. The contracts subject to this proposed treatment are
stated to be for "Software Maintenance," and in Exhibit A attached to the Motion are described only as:
"(1) "PeopleSoft HRMS eApps, as amended" (Exhibit A, p. 4) and (2) "PeopleSoft Purchasing, as
amended" (Exhibit A, p. 4).

        These very general descriptions omit certain information necessary for Oracle, as the non-debtor
counter party, to fully evaluate the propriety of the proposed assumption. In particular, the Motion fails to
identify the related master contract, without which the proposed assumption makes little sense. In
addition, in both instances Exhibit A indicates an incorrect cure amount of $0.00. Although the contract
information provided by the Debtors is skeletal, Oracle has attempted to cross reference its outstanding
invoices against the description provided by the Debtors. The result of this review reflects that the
Debtors owe Oracle not less than $334,638, which number may change once Oracle better understands the
scope of the proposed assumption. Attached hereto as Exhibit "1" is a true and correct copy of the
outstanding Oracle invoices and/or billing records, reflecting the sum owed.

        For these reasons, Oracle does not consent to the proposed assumption of its contracts and
disputes the proposed cure amount in the Motion and its accompanying Exhibit A.

## II.    BACKGROUND

On or about December 19, 1997, PeopleSoft, Inc. and Winn-Dixie Stores, Inc. entered into a Software License and Services Agreement, which was subsequently amended and modified by the parties ("SLSA"). Certain of the SLSA related agreements are attached hereto as Exhibit 2.

By the terms of the Motion, the Debtors propose to assume only, apparently, the contracts which are identified on Exhibit A to the Motion. No mention is made of the SLSA. There are no PeopleSoft contracts which bear the names the Debtors use for identification of the affected contracts in Exhibit A.

Also, Debtors' erroneously indicate that no cure amount is owed under the contracts. Based on the limited descriptions provided by the Debtors in Exhibit A, Oracle's records reflect that the Debtors owe not less than $334,638 to Oracle for services performed and materials provided under the SLSA, and this "cure" is not addressed anywhere in the Motion. Although reference is made in certain of the schedules attached as part of Exhibit 2, to "Purchasing," and "HRMS," the terms used in Exhibit A to the Motion by the Debtors, in each instance, the schedule states, "This Schedule is part of the [SLSA]." Again, reference to the SLSA is conspicuously absent from the Debtors' Exhibit A, leaving the identified contracts somewhat disembodied, and incomplete.

## III.    ARGUMENT

### A.    The Motion and Exhibit Fail to Provide Necessary Information and Debtors Have Failed to Acknowledge, and Agree to Pay, the Required Cure Amounts.

Section 365(b) of the Bankruptcy Code sets forth specific prerequisites that must be met before a Debtor can assume, or assume and assign, an executory contract, including (1) curing (or providing adequate assurance of a prompt cure of) any defaults under the subject contracts, and (2) providing adequate assurance of future performance under the contract. At present, Oracle is owed not less than $334,638 under certain contracts with the Debtors, as is evidenced by the attached invoices and/or billing records. Oracle also may have additional amounts owed which have not been invoiced, or identified due to the incomplete identification afforded by Debtors' Exhibit A. Since Debtors suggest no cure is owed, at this time, Oracle does not have adequate assurance that the Debtors intend to cure all past due, and soon to be due, payments. Also, the Debtors' erroneous identification of its contracts with Oracle further impedes assumption.

## IV.    CONCLUSION

The Debtors seek to assume inadequately described Oracle contracts, without acknowledging the existence of a cure payment, or related contracts' proposed treatment. The omission of this critical information and the Debtors' failure to address future performance, or to cure, as discussed above, effectively prevents Oracle from determining how its rights will be affected under the Motion, and why Debtors have ignored, among other things, their payment obligations to Oracle.

WHEREFORE, Oracle requests that the Debtors not be allowed to assume Oracle's contracts until, at a minimum all cure payments are made and in the correct amounts, and the related contracts' treatment is addressed adequately, award bankruptcy fees and cost, and for such other relief that this Honorable Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of Oracle USA, Inc., successor in interest to PeopleSoft USA, Inc 's Objection to Omnibus Motion for Order authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts, was delivered to the addressees on the attached mailing list by First class mail and/or electronic this 28th day of September 2006.

SCOTT WEISS, ESQ
Florida Bar No. 710910
Law Offices of Marshall C. Watson, P.A
1800 North West 49th Street Site #120
Fort Lauderdale Florida 33309
Tel: (954) 453-0365
(954) 689-3517

BUCHALTER NEMER
A Professional Corporation
SHAWN M. CHRISTIANSON (CSB #114707)
333 Market Street, 25th Floor
San Francisco, California 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

ORACLE USA, INC.
DORIAN DALEY (CSB #129049)
JOHN WADSWORTH (CSB #166838)
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
Counsel to Oracle

Mailing List:

**WINN-DIXIE STORES, INC**
5050 EDGEWOOD COURT
JACKSONVILLE, FL 32254-3699

**ADAM RAVIN**, ESQ
SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
FOUR TIMES SQUARE
NEW YORK, NY 10036

**D.J. BAKER, ESQ**          (FAXED TO 212-735-2000 AS WELL)
SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
FOUR TIMES SQUARE
NEW YORK, NY 10036

**ALLAN E. WULBERN, ESQ**
SMITH, HULSEY & BUSEY
225 WATER STREET, SUITE 1800
JACKSONVILLE, FL 32202

**CYNTHIA C. JACKSON, ESQ**          (FAXED TO 904-359-7708 AS WELL)
SMITH HULSEY & BUSEY
225 WATER STREET, SUITE 1800
JACKSONVILLE, FL 32201

**DAVID L GAY, ESQ**
11 E FORSYTH ST. APT. 1408
JACKSONVILLE, FL 32202

**JAMES H. POST, ESQ**
SMITH HULSEY & BUSEY
225 WATER ST., SUITE 1800
JACKSONVILLE, FL 32202

**LEANNE MCKNIGHT PRENDERGAST, ESQ**
SMITH HULSEY & BUSEY
225 WATER STREET SUITE 1800
JACKSONVILLE, FL 32202

**STEPHEN D. BUSEY, ESQ**
SMITH HULSEY & BUSEY
225 WATER STREET, SUITE 1800
JACKSONVILLE, FL 32202

**UNITED STATES TRUSTEE - JAX**
135 W. CENTRAL BLVD., SUITE 620
ORLANDO, FL 32801

**ELENA L ESCAMILLA, ESQ**
135 W CENTRAL BLVD., STE 620
ORLANDO, FL 32806

**KENNETH C MEEKER**
UNITED STATES TRUSTEE
135 WEST CENTRAL BOULEVARD
SUITE 620
ORLANDO, FL 32801

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WINN-DIXIE STORES, INC., ET AL. ,**

**DENNIS F. DUNNE, ESQ**
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 CHASE MANHATTAN PLAZA
NEW YORK, NY 10005

**JOHN B. MACDONALD, ESQ**
AKERMAN SENTERFITT
50 NORTH LAURA STREET
SUITE 2500
JACKSONVILLE, FL 32202

**PATRICK P. PATANGAN, ESQ**
AKERMAN SENTERFITT
50 N. LAURA STREET, SUITE 2500
JACKSONVILLE, FL 32202