UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |

**RESPONSE OF GEORGE D. ZAMIAS TO DEBTORS'
TWENTIETH OMNIBUS OBJECTION TO (A) DUPLICATE
DIFFERENT DEBTOR CLAIMS AND (B) DUPLICATE LIABILITY CLAIMS**

George D. Zamias ("Zamias"), by and through his undersigned counsel, files this Response of George D. Zamias to Debtors' Twentieth Omnibus Objection to (a) Duplicate Different Debtor Claims and (b) Duplicate Liability Claims (the "Objection") and states as follows:

1. Prior to the commencement of the Debtors' chapter 11 case, Zamias and Winn-Dixie Raleigh, Inc. ("Winn-Dixie Raleigh") entered into a Lease dated September 28, 1993 together with a Supplemental Lease Agreement dated December 12, 1994 (together the "Lease") pursuant to which Zamias leased to Winn-Dixie Raleigh those certain premises located at the southeasterly corner of the intersection of Oaklawn Blvd. and Crossings Blvd. in Prince George County, Virginia. The leased premises are also known as the Crossings Center Store, Store No. 959[1].

---

[1] A true and correct copy of the Lease was attached to the Winn-Dixie Stores Proof of Claim, as defined below.

2.  Also, prior to the commencement of the Debtors' chapter 11 case, Zamias and Winn-Dixie Stores, Inc. ("Winn-Dixie Stores") entered into a Guaranty dated October 5, 1993 (the "Guaranty") pursuant to which Winn-Dixie Stores guaranteed to Zamias the due performance and observance by Winn-Dixie Raleigh of its obligations under the Lease[2].

3.  By way of an Order Authorizing (i) Retroactive Rejection of Certain Real Property Leases and (ii) Abandonment of Related Personal Property (the "Order") dated May 19, 2005, Winn-Dixie Raleigh rejected the Lease.

4.  At the time of the rejection of the Lease, the remaining term of the Lease was for 9 years and 5 months.

5.  Zamias filed proof of claim number 7450 against Winn-Dixie Stores in the amount of $3,328,209.65 (the "Winn-Dixie Stores Proof of Claim") asserting its rights against Winn-Dixie Stores under the Guaranty[3].

6.  Zamias also filed proof of claim number 7451 against Winn-Dixie Raleigh in the amount of $3,328,209.65 (the "Winn-Dixie Raleigh Proof of Claim") asserting its rights against Winn-Dixie Raleigh under the Lease[4]. That claim was subsequently reduced and allowed in the amount of $499,231.45. The amount set forth in the proof of claim is the amount due under the remaining nine (9) year, five (5) month term of the Lease.

7.  By way of the Objection, the Debtors seek to disallow Zamias' claim asserted in the Winn-Dixie Stores Proof of Claim (the "Winn-Dixie Stores Claim") on the basis that

---

[2] A true and correct copy of the Guaranty was attached to the Winn-Dixie Stores Proof of Claim, as defined below.

[3] A true and correct copy of the Winn-Dixie Stores Proof of Claim was filed at Claim No. 7450 with the Debtors' authorized claims agent, Logan & Company.

[4] A true and correct copy of the Winn-Dixie Raleigh Proof of Claim was filed at Claim No. 7451 with the Debtors' authorized claims agent, Logan & Company.

Zamias' claims under the Winn-Dixie Stores Proof of Claim duplicates the Zamias claim asserted in the Winn-Dixie Raleigh Proof of Claim (the "Winn-Dixie Raleigh Claim").

8. The Debtors assert that due to the substantive consolidation provisions of their pending Joint Plan of Reorganization (the "Plan") vitiates any "duplicative" claims against the Debtors' consolidated estate, and therefore, Zamias should be entitled to a single recovery against the Debtors.

9. The obligations of Winn-Dixie Stores under the Guaranty are separate and independent (although related) to Winn-Dixie Raleigh's obligations under the Lease. Winn-Dixie Raleigh and Winn-Dixie Stores entered into the Lease *and* Guaranty to provide Zamias with assurances of future performance and payment. Specifically, the Guaranty was bargained-for by Zamias and between Winn-Dixie Stores to induce Zamias to lease the subject real estate to Winn-Dixie Raleigh.

10. Moreover, the Plan has not yet been confirmed by this Honorable Court and consequently, disallowance of the Winn-Dixie Stores Claim on the basis of substantive consolidation of the estates of Winn-Dixie Raleigh and Winn-Dixie Stores in the future is not a valid grounds for disallowance of the claim at this time. To the contrary, numerous creditors similarly situated to Zamias as landlords obtaining the guaranty of Winn-Dixie Stores, and/or its affiliates, have objected to the confirmation of the Plan on the basis that the Plan unfairly voids the bargained-for value of such guarantees.

11. Unless or until the Plan is confirmed by this Honorable Court, as drafted, this Honorable Court should not disallow the Winn-Dixie Stores Claim.

12. Further, Zamias asserts that the disallowance of the Winn-Dixie Stores claim is patently unfair in light of the fact that other parties seeking payment from Winn-Dixie

Stores holding such valid claims are entitled to assert such claims; however, Winn-Dixie Stores seeks to absolve any liability under a valid claim, the Guaranty, notwithstanding that Zamias and other similar landlords obtained such a guaranty from Winn-Dixie Stores to ensure payment. Such a disproportionate treatment of general unsecured creditors is impermissible and therefore the Plan, as drafted, is unconfirmable.

13. Zamias reserves the right to assert further responses to the Objection.

WHEREFORE, George D. Zamias respectfully requests entry of an order denying the Objection.

>  Paula A. Schmeck
>  **THORP REED & ARMSTRONG, LLP**
>  One Oxford Centre
>  301 Grant Street, 14th Floor
>  Pittsburgh, PA 15219
>  (412) 394-7773
>  pschmeck@thorpreed.com
>
>  - and -
>
>  **STUTSMAN THAMES & MARKEY, P.A.**
>
>  /s/ Richard R. Thames
>  By_____
>  Richard R. Thames
>
>  Florida Bar Number 0718459
>  50 North Laura Street, Suite 1600
>  Jacksonville, Florida 32202
>  (904) 358-4000
>  (904) 358-4001 (Facsimile)
>  rthames@stmlaw.net
>
>  Attorneys for George D. Zamias

## Certificate of Service

I hereby certify on September **28**, 2006, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

D.J. Baker, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
dbaker@skadden.com

Adam Ravin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
aravin@skadden.com

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

/s/ *Richard R. Thames*
_____
Attorney

60897