**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **CASE NO. 05-03817-3F1** |
| | ) | |
| **WINN DIXIE STORES, INC., et al.,** | ) | **CHAPTER 11** |
| | ) | |
| **Debtor.** | ) | **JOINTLY ADMINISTERED** |
| | ) | |

**RESPONSE OF MERRILL LYNCH LYNCH, PIERCE, FENNER & SMITH, INC. IN**
**OPPOSITION TO DEBTORS' TWENTIETH OMNIBUS OBJECTION TO**
**(A) DUPLICATE DIFFERENT DEBTOR CLAIMS AND (B) DUPLICATE LIABILITY**
**CLAIMS REGARDING CLAIM NUMBER 13297**

Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), by and through its undersigned counsel, opposes the Debtors' objection to Claim Number 13297 (the "Guaranty Claim") as stated in the Debtors' Twentieth Omnibus Objection (the "Objection") on the following grounds:

1.      On February 21, 2005 the Debtors filed the above-captioned Chapter 11 cases. Pursuant to the Guaranty (as defined below), Winn-Dixie Stores, Inc. (the "Guarantor"), one of the above-captioned jointly administered debtors, is indebted and liable to Merrill Lynch for (i) certain unpaid, pre-petition charges due and owing under the Rocky Mount Lease (as defined below) and (ii) damages resulting from the rejection of the Rocky Mount Lease.

2.      The Debtors filed their Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan") on August 9, 2006.  Prior to filing this response, Merrill Lynch filed a separate objection to the Plan (the "Plan Objection") (Docket No. 11431).  The Plan Objection and all arguments contained therein, are incorporated herein by reference in their entirety.

ny-715588

## I.    FACTUAL BACKGROUND

### A.    The Rocky Mount Lease

3.    On December 16, 1997, Winn-Dixie Raleigh, Inc. ("Debtor") entered into that certain Lease Agreement (the "Lease")[1] with W-D, Rocky Mount, VA Partners LLC, a South Carolina limited liability company (the "Landlord"), pursuant to which Debtor agreed to lease from the Landlord certain real property located in Rocky Mount, Jefferson County, Alabama (the "Property"), to serve as the location for Debtor's Rocky Mount store.

4.    Pursuant to that certain Note Purchase Agreement, dated as of August 26, 1999, (the "Agreement"), between the Landlord and North Americann Company for Life and Health Insurance of New York (as successor by merger with Royal Life Insurance Company of New York) ("North Americann"), the Landlord issued and sold to North Americann its 7.375% Secured Promissory Note due October 15, 2017, in the aggregate principal amount of $2,550,000.00 (the "Promissory Note").

5.    The Notes were secured in part by (a) that certain Deed of Trust and Security Agreement, dated as of December 16, 1997 (the "Mortgage"), made by the Landlord for the benefit of North Americann and (b) Absolute Assignment of Rents and Lease, dated as of December 16, 1997 (the "Assignment"), also made by the Landlord and North American in connection with the Lease.

6.    Pursuant to Paragraph 1 of the Assignment, as security for the fulfillment of its payment obligations under, among other instruments, the Note, the Landlord assigned and transferred to the Mortgagee all of the Landlord's right, title, and interest in, to, and under the

---

[1] The agreements referenced in this Opposition are confidential and constitute the proprietary business information of Merrill Lynch.  For this reason, Merrill Lynch has not attached such agreements hereto.  If necessary, such agreements can be made available subject to appropriate confidentiality arrangements.

Lease, together with all rights, powers, privileges, options, and other benefits of the Landlord under the Lease, including, <u>inter</u> <u>alia</u>, the right to pursue and collect any claim in a bankruptcy or other insolvency proceeding involving the Debtor or the Guarantor, the guarantor of the Debtor's obligations under the Lease.

7.       Under the terms of that certain Promissory Note, dated as of December 16, 1997, also between the Landlord and North American (the "<u>Indenture</u>"), all payments of Rent (as such term is defined in the Lease) (the "<u>Rental Payments</u>") rendered by the Debtor under the Lease were required to be applied by the Trustee in payment of the principal of and interest on the Notes.  The Debtor made all Rental Payments directly to Merrill Lynch, which applied the payments in reduction of the debt owed by the Landlord under the Notes.

8.       On December 30, 2005, Merrill Lynch and North American, entered into a Letter Agreement (the "<u>Letter Agreement</u>"), pursuant to which North American assigned its interest in the Notes to Merrill Lynch.  In addition, under the terms of the Letter Agreement, North American agreed to assign and transfer to Merrill Lynch any and all rights of the Landlord to assert and recover on any claims against the Debtor in relation to its chapter 11 case, including, without limitation, the rejection damages claim(s) of the Landlord arising from the Debtor's rejection of the Lease.  The assignment to Merrill Lynch of the Notes became effective on January 6, 2006.

9.       On or about May 19, 2005, the Court entered an order pursuant to section 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 110 – 1330 (as amended, the "<u>Bankruptcy Code</u>"), authorizing the Debtors to reject the Lease.

10.       On August 1, 2005, North American filed an unliquidated, unsecured, non-priority claim against the Debtor (Claim No.9813) reserving its rights to file a claim for (i)

ny-715588

certain unpaid, pre-petition charges due and owing under the Lease and (ii) damages resulting

from the rejection of the Lease.   North American subsequently transferred its interest in the

Claim to Merrill Lynch and a Notice of Transfer was filed with this Court pursuant to

Bankruptcy Rule 3001.  Merrill Lynch amended the Claim in the aggregate amount of

$717,829.00 (Claim No. 12920) pursuant to an amendment to the proof of claim dated February

9, 2006.  This proof of claim was subsequently amended to change the Merrill Lynch's address

(Claim No. 13298).

> **C.      The Guaranty Claim**

11.      Pursuant to (i) that certain Guaranty of Lease Obligations between the Guarantor

and the Landlord (relating to the Lease), dated as of August 26, 1999 (the "Guaranty"), the

Guarantor unconditionally guaranteed the payment and performance of all obligations of the

Debtor under the Lease, including the due and punctual payment of all amounts that the Debtor

was or may have become obligated to pay to the Landlord under the Lease, including, without

limitation, all payments of Rent and Additional Monetary Obligations (as such terms are defined

in the Lease).

12.      On or about May 19, 2005, this Court entered an order pursuant to section 365(a)

of title 11 of the United States Code, 11 U.S.C. §§ 110 – 1330 (as amended, the "Bankruptcy

Code"), authorizing the Debtors to reject the Lease.

13.      On August 1, 2005, North American, filed an unsecured, unliquidated non-

priority claim against the Debtor (Claim No.9812) reserving its rights to file a claim for (i)

certain unpaid, pre-petition charges due and owing under the Lease and (ii) damages resulting

from the rejection of the Lease.  North American subsequently transferred its interest in the

Claim to Merrill Lynch and a Notice of Transfer was filed with this Court pursuant to

ny-715588

Bankruptcy Rule 3001.  Merrill Lynch amended this proof of claim in the aggregate amount of $717,829.00 (Claim No. 12921) pursuant to an amendment to the proof of claim dated February 9, 2006.  This proof of claim was subsequently amended to change the creditors address (Claim No. 13297 - the Guaranty Claim).

### D.    Winn-Dixie's Claim Objection

14.    In Exhibit A to the Objection, the Debtors assert that the Guaranty Claim should be disallowed as a "duplicate different debtor claim" of claim no. 13298.

WINN-DIXIE STORES, INC., ET AL.

TWENTIETH OMNIBUS CLAIMS OBJECTION

EXHIBIT A - DUPLICATE DIFFERENT DEBTOR CLAIMS TO BE DISALLOWED CONTINGENT ON PLAN CONFIRMATION

Page: 23 of 43

Date: 09/01/2006

| Name of Claimant | Remaining Claim No. | Duplicate Claim to be Disallowed | Amount of Claim to be Disallowed | Reason for Disallowance |
|---|---|---|---|---|
| Cred to id: 279122 VERRILL LYNCH PIERCE FENNER & SMITH ATTN  NICHOLAS GRIFFTHS 4 WORLD FINANC AL CENTER NEW YORK  NY  1080 Counsel  ATTN: ALEXANDRA STEINBERG BARRAGE | 13258 Debtor: | 13297 WINN-DIXIE STORES, INC. | 1717.829 00 | DUPLICATES CLAIM LISTED IN REMAINING CLAIM COLUMN. |

## II.    DISCUSSION

15.    It is unclear from the Debtors' limited explanation on what basis the Debtor determined the Guaranty Claim was duplicative.  Indeed, the Guaranty Claim is entirely separate as it is premised on a guaranty that was provided to Merrill Lynch by the Guarantor as additional security for Rents and Additional Monetary Obligations due under the Lease.  Thus, the Guaranty Claim was made against a separate legal entity from the underlying Debtor.

16.    Generally, the Debtors seek to expunge the Guaranty Claim by filing the Objection *and* requesting that this Court confirm the Plan, which calls for a deemed substantive consolidation of the Debtors' estates.  Without repeating all the arguments contained in Merrill Lynch's Plan Objection, Merrill Lynch objects to Debtors' deemed substantive consolidation because (i) it had no part in the underlying negotiations, leading to the unfair and inequitable

ny-715588

treatment of its guaranty claims; (ii) the deemed substantive consolidation proposed by the

Debtors contravenes applicable law; and (iii) it stands to have its multi-million dollar guaranty

claims expunged as a result of the foregoing.  For purposes of distribution under the Plan,

Merrill Lynch's lease rejection damage claims against the Debtor — and its corresponding

guaranty claim against the Guarantor — would be morphed into one claim, rendering Merrill

Lynch's Guaranty Claim worthless.

17.     On this basis, the Objection is, at best, inaccurate to the extent it deems the

Guaranty Claim is duplicative of a lease rejection damage claim.  At worst, it is an attempt

outside of the pending plan confirmation process to render the Guaranty Claim a nullity, thereby

defeating the sole economic rationale for the Landlord's lease of the premises to the Debtor.

Accordingly the Objection, on its face, is defective and should be denied.

18.     Furthermore,  the Guaranty Claim, which is grouped together in the Plan with

other landlords not holding guaranty claims, would only be entitled to a projected 70.6%

recovery on its surviving claim — which treatment is identical to those creditors holding

***unguaranteed*** landlord and Vendor/Supplier Claims — while Class 12 Noteholders with

guaranty claims are expected to receive an estimated 95.6% recovery.[2]

19.     If this Court were to sustain the Objection, Merrill Lynch's Guaranty Claim

would be extinguished before Merrill Lynch could argue the merits of the Plan Objection,

including the Debtors' failure to properly classify landlord/guaranty claims, at the Plan

confirmation hearing.  Indeed, through the Objection, the Debtors attempt to obtain consent to

the inequitable treatment proposed by the Plan:

> Claimants may elect, by not timely responding to this Objection, to
> permit their Duplicate Different Debtor Claims listed on Exhibit A
> to   be   disallowed   contingent   upon   the   confirmation   and

---

[2] *See* Disclosure Statement at pp. 9-10.

ny-715588

effectiveness of the Plan.  In the absence of a Response [as defined in the Objection], the Debtors will present to the Court the Proposed Order disallowing the Duplicate Different Debtor Claims, contingent upon the confirmation and effectiveness of the Plan.[3]

Merrill Lynch objects to this approach and asserts that any issues with respect to the Guaranty Claim should be determined in connection with the Plan confirmation hearing.

20.    Ultimately, if this Court were to deny confirmation of the Plan and the deemed substantive consolidation "compromise" proposed by the Debtors, the Guaranty Claim would survive and Merrill Lynch would seek to resolve any dispute directly with Debtor's counsel.  If, however, this Court were to confirm the Plan thereby wiping out all guaranty claims of landlords who, it appears, were not parties to the deemed substantive consolidation compromise, the Objection becomes moot.  In either scenario, at this time this Court should overrule the Objection.

**[SIGNATURE BLOCK APPEARS ON FOLLOWING PAGE]**

---

[3] Debtors' Objection at ¶ 16.

ny-715588

### III.    CONCLUSION

WHEREFORE, Merrill Lynch respectfully requests that this Court allow the Guaranty

Claim in the amount of $717,829.00, overrule the Objection, and prohibit the Debtors from

further objecting to the Guaranty Claim on other grounds.


Dated: September 28, 2006


**MORRISON & FOERSTER LLP**

By:  /s/ Larren M. Nashelsky
     Larren M. Nashelsky

     Larren M. Nashelsky
     Norman S. Rosenbaum
     MORRISON & FOERSTER LLP
     1290 Avenue of the Americas
     New York, NY  10104
     (212) 468-8000
     E-mail: lnashelsky@mofo.com
               nrosenbaum@mofo.com


     Alexandra Steinberg Barrage
     MORRISON & FOERSTER LLP
     2000 Pennsylvania Avenue, NW
     Suite 5500
     Washington, DC  22209
     (202) 887-1500
     E-mail: abarrage@mofo.com


     Attorneys for Merrill Lynch, Pierce,
     Fenner & Smith, Inc.

ny-715588

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by U.S.

Mail or e-mail, on this the 28th day of September, 2006, to the following parties:

Cynthia C. Jackson
Stephen D. Busey
James H. Post
225 Water Street, Suite 1800
Jacksonville, FL 32202

D.J. Baker
Sally McDonald Henry
Rosalie W. Gray
Eric M. Davis
Jane Leamy
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036

Matthew S. Barr
Milbank, Tweed, Hadley & M$^c$Cloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

John B. MacDonald
Akerman Senterfitt
50 North Laura Street
Suite 2500
Jacksonville, Florida 32202

Office of the U.S. Trustee
135 W.Central Boulevard
Suite 620
Orlando, FL  32801

/s/ Robert Conroy

9

ny-715588