UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.* | ) | (Jointly Administered) |
| | ) | Judge Jerry A. Funk |
| Debtors. | ) | |
| | ) | |

**FLORIDA TAX COLLECTORS' MEMORANDUM OF
LAW IN SUPPORT OF PENDING MOTIONS
(DOCKET NOS. 4283, 4284, 10594 AND 10609)**

The Florida Tax Collectors[1] ("FTC"), through their undersigned counsel, file this memorandum of law in support of *Florida Tax Collectors' Motion for Leave to File Proofs of Claim Without Prejudice* (Docket No. 4283), *Florida Tax Collectors' Motion for Adequate Protection* (Docket No. 4284), *Florida Tax Collectors' Response to and Motion to Abstain from Consideration of Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities* (Docket No. 10594), and *Florida Tax Collectors' Response to and Motion to Dismiss Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities* (Docket No. 10609).

### FLORIDA *AD VALOREM* TAX FACTS

1. The 2004 *ad valorem* real estate and tangible personal property taxes were paid and the funds distributed to the taxing authorities. These funds have been used to provide

---

[1] The "Florida Tax Collectors" consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Escambia, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, and Walton.

1

necessary services to the citizens of the respective counties. Some 2004 tangible personal property taxes remain unpaid by the Debtors.

2. The 2005 *ad valorem* tangible personal property taxes in the fifty-five (55) Florida counties involved herein remain unpaid in the gross amount of approximately $6.7 million. Pursuant to Orders of this Court authorizing sales free and clear of liens, the tangible personal property at numerous Florida locations has been approved for sale and FTC' liens now attach to the proceeds of those sales. The 2005 *ad valorem* real estate taxes were paid in some cases by the owners/landlords of locations leased by the Debtors. Currently, approximately $7.3 million of real estate taxes remain unpaid.

3. The 2006 post-petition real estate and tangible personal property *ad valorem* taxes were assessed on January 1, 2006 and the applicable Florida statutory time period to contest these taxes is now in effect. The time period to contest the 2004 and 2005 *ad valorem* taxes has expired and the Florida statute of non-claim (Section 194.171(2), Florida Statutes) is now in effect.

4. Upon information and belief, the Debtors filed sworn tangible personal property tax returns relative to the value of Debtors' tangible personal property located within the state of Florida for all locations for tax years 2004, 2005 and 2006.

### TAX DISPUTE

5. In their *Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities* (Docket No. 10046), Debtors seek a reduction of 2004 and 2005 *ad valorem* taxes, a reduction in statutory interest, and prospective relief against Florida Property Appraisers, the Florida Department of Revenue, and Florida Taxing Authorities requiring them to adopt the values imposed by this Court for determination of the 2006 post-petition *ad valorem* property

taxes. Additionally, the Debtors seek prospective relief by what they term to be an "offset" – further reducing the 2006 taxes with "credits" for allegedly overpaid 2004 and/or 2005 taxes.

6. FTC assert that the Florida statutory time limits have expired to contest *ad valorem* taxes for tax years 2004 and 2005. The Debtors have failed to allege the jurisdictional prerequisites of Sections 505(a)(2)(A) and (B) of the Bankruptcy Code. FTC further assert that the Debtors are not prejudiced and should not be allowed to contest their own sworn statements of value. The Debtors have no standing to contest, and this Court has no authority to consider, the taxes assessed against property owned by third parties, i.e. landlords for property leased by the Debtors. Congress never intended federal courts to have original subject matter jurisdiction over state tax matters.

### PROCEDURAL HISTORY IN RELATION TO WINN-DIXIE'S AD VALOREM PROPERTY TAXES

7. The Debtors filed sworn tangible personal property tax returns identifying and indicating their position relative to the value of tangible personal property that was assessed for *ad valorem* tax purposes by Florida Property Appraisers. A brief summary of the key dates relative to the Florida *ad valorem* taxes at issue follows:

- 2004 real estate and tangible personal property taxes paid in or around November 2004; taxes based partially on sworn tangible personal property tax returns filed by Debtors in or around March 2004 with Florida Property Appraisers.

- February 21, 2005 – Winn-Dixie Stores, Inc. and its affiliated Debtors filed their Chapter 11 petition ("Petition Date").

- 2005 Florida *ad valorem* tax amounts would not be determined until approximately November 1, 2005.

- As part of their "First Day Motions", Debtors sought and obtained approval of the Bankruptcy Court to pay *ad valorem* taxes. (Docket Nos. 18, 47 and 435).

- March 2005 – Upon information and belief, Debtors filed 2005 sworn tangible personal property tax returns with Florida Property Appraisers.

- FTC received extensions of the claims bar date to November 23, 2005 because the 2005 tax rolls had not yet been certified to them for collection pursuant to Florida law.

- November 21, 2005 – FTC filed their *Motion for Leave to File Proofs of Claim Without Prejudice* (Docket No. 4283). Also on this date, FTC filed their *Motion for Adequate Protection* (Docket No. 4284) which was originally set for hearing on January 9, 2006.

- November 22, 2005 – FTC filed a consolidated *Proof of Claim* subject to any and all defenses to any attempt by Debtors to change the taxes due, and expressly subject to the *Motion for Leave to File Proof of Claim Without Prejudice*.

- Debtors requested continuance of the hearing on FTC' *Motion for Adequate Protection* based on the fact that 2005 taxes were not yet due or delinquent (Docket No. 5328).

- March 2006 – Upon information and belief, Debtors filed 2006 sworn tangible personal property tax returns with Florida Property Appraisers.

## FLORIDA TAX LAW

### I. Florida Constitution

8. Article VII, § 13 of the Florida Constitution states that "Until payment of all taxes which have been legally assessed upon the property of the same owner, no court shall grant relief from the payment of any tax that may be illegal or illegally assessed."

9. Generally, school funding, funding to repay bond issues and finance capital projects, and funding of local services are obtained with *ad valorem* taxes.

10. Florida Tax Collectors are constitutional officers. See Fla. Const. Article VIII, § 1(d). See also Rogero v. Noone, 704 F.2d 518, 522 (11th Cir. 1983) (*citing* In re Advisory Opinion to the Governor, 313 So. 2d 717 (Fla. 1975)) (finding the Tax Collectors are an arm of the State Department of Revenue). For an extensive review, see the decision of the Honorable William M. Hoeveler, United States District Court Judge in Feltman v. Robbins

(In re L. Luria & Sons, Inc.), No. 99-1967-CIV-WMH, Docket No. 26 (S.D. Fla. Oct. 26, 2001).

## II. Florida Statutes

11. The deadline to contest property taxes and, more specifically, the value determined by Florida Property Appraisers, is set forth in Section 194.011, Florida Statutes. In the event a taxpayer is unsatisfied with the results of the informal administrative review process conducted by the property appraiser and/or the county's value adjustment board, a taxpayer may file suit pursuant to Chapter 194.171, Florida Statutes, which states:

> **194.171 Circuit court to have original jurisdiction in tax cases.**
>
> (1) The circuit courts have original jurisdiction of law of all matters relating to property taxation. Venue is in the county where the property is located, except that venue shall be in Leon County when the property is assessed pursuant to s. 193.085(4).
>
> (2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323.
>
> (3) Before an action to contest a tax assessment may be brought, the taxpayer shall pay to the collector not less than the amount of the tax which the taxpayer admits in good faith to be owing. The collector shall issue a receipt for the payment, and the receipt shall be filed with the complaint. Notwithstanding the provisions of chapter 197, payment of the taxes the taxpayer admits to be due and owing and the timely filing of an action pursuant to this section shall suspend all procedures for the collection of taxes prior to final disposition of the action.
>
> (4) Payment of a tax shall not be deemed an admission that the tax was due and shall not prejudice the right to bring a timely action as provided in subsection (2) to challenge such tax and seek a refund.
>
> (5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
>
> (6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both

subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).

12. Section 193.011, Florida Statutes, pursuant to the mandate of Article VII, §4 of the Florida Constitution, sets forth eight factors to be considered in determining just valuations for all property. Debtors' "appraisal" does not properly consider the requirements set forth in the statute, and is therefore invalid as a method of value determination. This Court must apply Florida law in determining taxes pursuant to Section 505(a). In re: Litestream Technologies, LLC, 337 B.R. 705, 709 (Bankr. M.D. Fla. 2006).

### III. Statutory Construction

13. Generally, when construction of a statute raises serious constitutional issues, courts may construe the statute to avoid such issues unless such construction is contrary to congressional intent. This cannon of statutory construction is known as "constitutional avoidance" and reflects the court's respect that legislation is enacted pursuant to constitutional limitations. Empire Healthchoice Assur., Inc. v. McVeigh, 396 F.3d 136, 144 (2d Cir. 2005) (citing Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Const. Trades Council, 485 U.S. 568, 108 S.Ct. 1392, 99 L. Ed. 645 (1988)).

14. The plain reading of Section 505(a) of the Bankruptcy Code requires a jurisdictional pleading that two conditions precedent have occurred: (1) that the tax was not previously contested, and (2) that a prior request for a refund was made. This Court may not re-determine Debtors' taxes or determine a right to refund if Debtors failed to first seek a refund in accordance with Florida law. In re: Custom Distribution Services, Inc., 224 F.3d 235 (3rd Cir. 2000). See also United States v. Ryan, 64 F.3d 1516 (11th Cir. 1995).

15. The instant case concerns the interpretation of Section 505 of the Bankruptcy

Code which says that the Bankruptcy Court may "determine any tax" contrary, to the clear provisions of the Tax Injunction Act, 28 U.S.C. § 1341, which specifically precludes interference by federal courts in local and state taxes when a plain, speedy and efficient remedy is available under state law. Additional cannons of construction clearly indicate specific provisions of statutes shall control over a more general provision. Morales v. Trans World Airlines, Inc., 504 U.S. 374, 384, 112 S.Ct. 2031, 2037, 119 L.Ed. 2d 157 (1992). Statutes must be read *in pari materia* to ensure a consistent and logical meaning that gives effect to each provision. The Debtors have not contended that the Florida statutory procedures do not provide a "plain, speedy and efficient" remedy in regard to contesting ad valorem taxes, so that this Court does not have jurisdiction to alter these taxes. Kiker v. Hefner, 409 F.2d 1067 (5th Cir. 1969).

### IV. Recent Supreme Court Decisions

16. The Tax Injunction Act and the concept of sovereign immunity of the states within bankruptcy matters have recently been addressed by the United States Supreme Court. In the case of Hibbs v. Winn, 542 U.S. 88, 124 S.Ct. 2276 (2004), the Court reviewed the legislative history of the Tax Injunction Act and referenced a Senate Report indicating the first purpose of the Act was to eliminate disparity between taxpayers who seek injunctive relief in federal court (e.g., out-of-state corporations asserting diversity jurisdiction) and taxpayers with recourse only in state courts that generally require taxpayers to pay taxes first and litigate later; and the second purpose of the Act was to stop taxpayers from withholding large sums with the aid of a federal injunction, thereby disrupting state government finances. The Florida Supreme Court also recognizes the importance of

preventing "substantial uncertainty in taxing authorities' annual taxing and budgeting process." Zingale v. Powell, 885 So. 2d 277 (Fla. 2004).

17. Federal courts may refuse to give their protection to private rights when the exercise of their jurisdiction would be prejudicial to the public interest. Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 297-299, 63 S.Ct. 1070, 1072-1073 (1943). The uniform application of the laws regarding contest of *ad valorem* assessment in Florida against the taxpayers of the state of Florida, including the Debtors, is a matter of good public policy and prevents the Debtors from obtaining a windfall due to the "happenstance of bankruptcy." See Butner v. US, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L. Ed. 2d 136 (1979). This Court should offer FTC the same protection in this bankruptcy proceeding that FTC would have under Florida state law if the bankruptcy had not been filed. Id.

18. In the recent case of Central Virginia Community College v. Katz, 126 S.Ct. 990 (2006), the Court, after deciding that each of the states had waived sovereign immunity relative to bankruptcy by ratifying the Constitution, stated at Note 15 that "(w)e do not mean to suggest that every law labeled a "bankruptcy law" could, consistent with the Bankruptcy Clause, properly impinge upon state sovereign immunity." Id. at 1005. Thus the Supreme Court, when reading Note 15 in conjunction with the dissenting opinion in Katz, has clearly left open the door to consider whether or not Section 505 of the Bankruptcy Code is unconstitutional as applied to state *ad valorem* taxes, which are non-recourse, non-dischargeable obligations and which do not involve personal debts of a debtor.

19. Also, in the recent case of Tennessee Student Assist. Corp. v. Hood, 541 U.S. 440 124 S.Ct. 1905 (2004), the Supreme Court found that the discharge proceeding did not

involve or seek affirmative relief of money from the state. Thus, the Hood decision is factually distinguishable from the issues currently before the court.

## NO BANKRUPTCY JURISDICTION OVER NON-PARTIES

20. The Debtors' Plan and Claim Objection seek determination of "value" on real estate and tangible personal property located throughout the state of Florida. Some of the property has been sold and some of the real estate leases have been rejected, both resulting in the factual conundrum that the property is no longer "property of the estate." Thus, the Debtors are asking this Court to exert its jurisdiction over both the property and the persons owning the property (landlords and purchasers). It is clear that bankruptcy courts have no jurisdiction over non-parties. See United States v. Huckabee Auto Co., 783 F.2d 1546, 1549 (11th Cir. 1986) (no bankruptcy jurisdiction under Section 505(a) over non-debtors). See also American Principals Leasing Corp. v. U.S., 904 F.2d 477 (9th Cir. 1990). Additionally, the Debtors have failed to comply with the requirements of Section 194.181(1)(a), Florida Statutes, so that this Court may not re-determine the taxes on property owned by non-parties other than the Debtors.

## WAIVER OF SOVEREIGN IMMUNITY

21. FTC have not waived their sovereign immunity defense. The filing of a secured proof of claim for *ad valorem* taxes when the time to contest valuation has expired serves no purpose since FTC may look to their liens to satisfy the Debtors' liability for ad valorem taxes. In re Thomas (Southtrust Bank of Alabama, N.A. v. Thomas), 883 F.2d 991, 996-997 (11th Cir. 1989), cert. denied, 497 U.S. 1007, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1990); In re: Folendore, 862 F.2d 1537, 1539 (11th Cir. 1989). A proof of claim represents *prima facie* evidence as to validity and amount. In re Grassgreen, 172 B.R. 383, 388 (Bankr.

M.D. Fla. 1994). The filing of a proof of claim only waives sovereign immunity in relation to compulsory counter claims. U.S. v. Nordic Village, Inc., 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); see also In re Moulton, 133 B.R. 248 (Bankr. M.D. Fla. 1991). In the instant case, all time limits to contest pre-petition ad valorem taxes have expired under Florida law and there are no "compulsory counterclaims" to be argued on behalf of the Debtors. Accordingly, this Court lacks subject matter jurisdiction over the 2004 and 2005 *ad valorem* property taxes due and payable to FTC.

### ADEQUATE PROTECTION

22. Secured creditors are left to seek protection of their interests in accordance with Congressionally-established bankruptcy procedures rather than by withholding property from the debtor's efforts to reorganize. FTC have no choice other than to seek adequate protection, rather than assert their exclusive *in rem* remedy of seizing and selling the tangible personal property or selling tax certificates on real estate pursuant to their duties as set forth in Section 197.332, Florida Statutes. See United States v. Whiting Pools, Inc., 462 U.S. 198, 211-212, 103 S.Ct. 2309, 2317, 76 L.Ed.2d 515 (1983). Adequate protection is necessary and required in order to insure payment in money for the taxes. The complexity of this case, the closing of numerous store locations, the sale of tangible personal property, the sale of real estate, the rejection of leases on both real and tangible personal property, and the transfer of statutory liens to cash proceeds have resulted in a quagmire of lien priority and payment issues that leave only one manner of adequate protection appropriate for FTC – the full payment of all outstanding taxes (which at this time includes approximately $6.7 million of tangible personal property taxes and approximately $7.5 million of real estate taxes) plus the current statutory monthly interest which has been accruing since April 1,

2006, into a separate cash account under Court supervision pending resolution of all outstanding Florida property tax issues. The Debtors' business judgment was not to pay the 2005 with the statutory four percent (4%) discount, which has resulted in an additional ad valorem tax liability to the estate of approximately $268,000 in tangible personal property taxes and approximately $300,000 in real estate taxes. Interest accrued since April 2006 on the 2005 taxes will have reached approximately an additional $1,470,000 by the time of the October 5 hearing on the Motion for Adequate Protection.

23. Generally, courts will not second guess the "business judgment" of a debtor during the reorganization process. However, the Court in this case should take into consideration the extreme hardship to the local taxing authorities, and consider the almost fifteen percent (15%) increase in outstanding *ad valorem* property tax obligations due FTC because of the Debtors' decision.

### MOOTNESS RELATIVE TO THE MOTION FOR LEAVE TO FILE CLAIM WITHOUT PREJUDICE

23. The Debtors' response to FTC' Motion for Leave to File Proofs of Claim Without Prejudice indicating that the matter is now moot is without merit, as there clearly remains a case in controversy. FTC refer the Court to both the Motion and the FTC Claim No. 12566 which clearly reserves the defenses raised by FTC. The matters raised by FTC are matters of great importance in that they clearly affect the public interest. FTC should not be subjected the federal judicial process without a right to preserve and assert their defenses. This is a matter of local property taxes which are now involved in a federal equitable proceeding. Generally, cases have been determined to be moot when there is a settlement between the parties. See U.S.

Bancorp Mortg. Co. v. Bonner Mall Partnership, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). Clearly there is no settlement in this case, and the controversy continues.

Dated: September 28, 2006

Respectfully submitted,

By: _____
Brian T. FitzGerald, Esq.
Hillsborough County Attorney's Office
Florida Bar No. 484067
Post Office Box 1110
Tampa, Florida 33601-1110
Ph: 813-272-5670
Fx: 813-272-5231
fitzgeraldb@hillsboroughcounty.org
Attorney for the Florida Tax Collectors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the *Florida Tax Collectors' Memorandum of Law in Support of Outstanding Motions (Docket Nos. 4283, 4284, 10594 and 10609)* has been served this 28th day of September, 2006 by *Notice of Electronic Filing* on **Skadden, Arps, Slate, Meagher & Flom, LLP**, Attn: D. J. Baker, Sally McDonald Henry and Rosalie Walker Gray, Attorneys for Debtors; **Smith Hulsey & Busey**, Attn: Stephen D. Busey, James H. Post and Cynthia C. Jackson, Attorneys for Debtors; the **United States Trustee**, Attn: Elena L. Escamilla; and all parties receiving electronic notice.

_____
Brian T. FitzGerald, Esq.
Senior Assistant County Attorney