FORM B10 (Official Form 10) 04/04)

| **United States Bankruptcy Court** Middle District of Florida | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor<br>Winn-Dixie Stores, Inc | Case Number<br>05-03817-3F1 | DEBTOR WINN - DIXIE STORES, INC<br>U S BANKRUPTCY COURT M D -FLORIDA<br>JOINTLY ADMINISTERED UNDER<br>CASE 05-03817 (3F1)<br>CHAPTER 11 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C § 503.

**CLAIM NO.: 13331**

| Name of Creditor (The person or other entity to whom the debtor owes money or property),<br><br>Jefferson-Pilot Life Insurance Company | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars |
|---|---|
| Name and Address Where Notices Should be Sent<br>Jefferson-Pilot Life Insurance Company<br>c/o Diana R Palecek<br>Post Office Box 21008,<br>Greensboro, North Carolina 27420<br>Telephone No (336) 691-3698     *410448* | ☐ Check box if you have never received any notices from the bankruptcy court in this case<br>☐ Check box if the address differs from the address on the envelope sent to you by the court<br><br>THIS SPACE IS FOR COURT USE ONLY |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR<br>94216 | Check here ☐ *replaces*<br>if this claim ☑ amends   a previously filed claim, dated 10/14/05 (claim no 12072) |
|---|---|

**1 BASIS FOR CLAIM**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☑ Other (Describe briefly) See Attached

- ☐ Retiree benefits as defined in 11 U S C § 1114(a)
- ☐ Wages, salaries, and compensation (Fill out below)
  Last four digits of Your SS # _____
  Unpaid compensation for services performed
  From _____ to _____
      (date)        (date)

**2 DATE DEBT WAS INCURRED:**

**3 IF COURT, JUDGMENT, DATED OBTAINED:**

**4. Total Amount of Claim at Time Case Filed:** $ 524,021 27 _____ _____ . $524,021 27
           (unsecured)     (secured)    (priority)     (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

**5. SECURED CLAIM.**
☐ Check this box if your claim is secured by collateral (including a right of setoff)
Brief description of Collateral
   ☐ Real Estate   ☐ Motor Vehicle
     ☐ Other (Describe Briefly)

Value of Collateral. $_____

Amount of arrearage and other charges at time case filed included in secured claim above, if any $_____

**6. Unsecured Nonpriority Claim** $ 524,021 27
☐ Check this box if a)there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

**7. UNSECURED PRIORITY CLAIM**
☑ Check this box if you have an unsecured priority claim
Amount entitled to priority $_Unliquidated_
Specify the priority of the claim
- ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U S C § 507(a)(3)
- ☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(4)
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U S C § 507(a)(6)
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507(a)(7)
- ☐ Taxes or penalties of governmental units - 11 U S C § 507(a)(8)
- ☐ Other-Specify applicable paragraph of 11 U S C § 507(a) _____

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**8 Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

**9 Supporting Documents** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain. If the documents are voluminous, attach a summary

**10 Date-stamped Copy** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

U.S. BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA   2006 JUL 11   PM 3:07   RECEIVED LOGAN & COMPANY AS AGENT

| DATE<br>7/3/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attached copy of power of attorney, if any)<br><br>*Christine C Myatt*<br>Christine L Myatt, Attorney for Jefferson-Pilot Life Insurance Company |
|---|---|

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

**EXHIBIT**
**A**
Blumberg No. 5119

NPGBO1 696607 1-

## STATEMENT OF CLAIM

On or about November 29, 1994, Jefferson-Pilot Life Insurance Company ("Jefferson-Pilot") entered into a Note with Village Marketplace of Haw River, Inc. ("Village") in the original principal amount of $2,800,000.00 (the "Note"). The obligations under the Note were secured by a Deed of Trust dated November 29, 1994 for the property located at 1003 West Main Street, Haw River, North Carolina (the "Property") and Assignment of Leases, Rents and Profits dated November 29, 1994 with respect to that property.

On or about July 19, 1993, Village entered into a Lease with Winn-Dixie Charlotte, Inc. for the Property. On July 23, 1993, Winn-Dixie Stores, Inc. executed an unconditional guaranty of Winn-Dixie Charlotte, Inc.'s obligations under the Lease.

Jefferson-Pilot holds a contingent and unliquidated claim on all amounts due and owing under the Lease by Debtor. While Jefferson-Pilot holds an absolute assignment of the Lease and rents, Village is entitled to collect the rents pending any default, which has not occurred at the time of the filing of this Claim.

On January 19, 2006, Jefferson-Pilot Investments foreclosed the Loan to the Village Marketplace at Haw River. The total debt at the time of the foreclosure was $2,108,036.84 including principal, interest, prepayment premium, default interest, late fees and costs. Debtor rejected the Lease on September 14, 2005.

On May 3, 2006, Jefferson-Pilot filed a Notice of Transfer of Claim. On May 9, 2006, the claims agent sent out a Notice of Transfer of Claim setting May 29, 2006 as the deadline to object to the transfer. No objections were filed.

Jefferson-Pilot hereby amends their claim as follows:

Rent:          $282,040/year x 8 58 [1] = $2,419,903.20 x 15% = $362,985.48

% Rent:      (based on 2004 sales)  $9,9937,196.25 x 8.58 = $85,261,143.83 x 1%
             =$852,611.44 x 15% = $127,891 71


Taxes (2005): $53,652.00 x 48% [2] = $25,752.98 x 8.58 = $220,960.57 x 15% =
              $33,144.08


CAM:  Unknown

TOTAL:    $362,985.48
          127,891.71
           33,144.08
          $524,021.27

---

[1] Remaining Lease term = 8 58 years based on assumed lease commencement date of 5/1/94 and termination date of 4/30/2014.

[2] Winn Dixie's pro-rata portion of taxes and CAM = 48% (44,000 sf/WD 7 90,920 sf/shopping center)