IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE:<br>WINN-DIXIE STORES, INC., et al.,<br><br>       Debtors. | )<br>)<br>)   Case No. 05-03817-3F1<br>)   Chapter 11 (Jointly Administered)<br>)<br>) |

**BUFFALO ROCK COMPANY'S RESPONSE TO DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS, (C) OVERSTATED CLAIMS, (D) OVERSTATED MISCLASSIFIED CLAIMS, (E) MISCLASSIFIED CLAIMS AND (F) AMENDED AND SUPERSEDED CLAIMS**

COMES NOW, Buffalo Rock Company ("Buffalo Rock"), by and through its undersigned attorneys, and hereby objects to the *Debtors' Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (E) Misclassified Claims And (F) Amended and Superseded Claims* (the "Omnibus Objection"). In support thereof, Buffalo Rock states as follows:

## STANDARD FOR CLAIMS OBJECTIONS

1.    A creditor's filing of a proof of claim that complies with Rule 3001 of the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the amount and validity of such creditor's claim. *See* Fed. R. Bankr. P. 3001(f); *In re Planet Hollywood Int'l*, 274 B.R. 391, 394 (Bankr. D. Del. 2001).

2.    Once a creditor files a proper proof of claim, the burden then shifts to the debtor to produce evidence to rebut the prima facie validity of such claim. *See, e.g., Sherman v. Novak*,

245 B.R. 768, 773 (B.A.P. 2d Cir. 2000).  In meeting its burden, the debtor must produce

evidence rebutting the filed proof of claim of probative force equal to the contents of the claim.

*See, e.g., In re Brown*, 221 B.R. 46, 47 (Bankr. S.D. Ga. 1998) (holding that under Rule 3001(f)

the debtor 'bears[s] the initial burden of demonstrating 'by probative force equal to that of the

allegations of the proofs of claim themselves'…that the claims should not be allowed.").

3.     In order to refute the prima facie validity, the party opposing a claim must present

evidence sufficient to "negate one or more of the sworn facts in the proof of claim." *In re

Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).  An objection alone is insufficient to

contest a proof of claim; the objection must contain "probative evidence to call a claim into

question." *In re King Resources Co.*, 20 B.R. 191, 197 (D. Colo. 1982); *see also In re Lanza*, 51

B.R. 125, 127 (Bankr. D.N.J. 1985) (finding that "the onus is on the debtor to overcome the

presumption of validity.").

## II.    BUFFALO ROCK'S CLAIMS AND DEBTORS' OBJECTION

4.     Buffalo Rock filed a Proof of Claim, Claim No. 9719, asserting a claim in the

amount of $2,909,714.24.  Debtors seek to reduce Claim No. 9719 to $966,860.88 on the

grounds that:

> REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $13,398.23,
> ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF
> $11,499.07 AND $913,750.19, RESPECTIVELY, RECLAMATION PAYMENTS IN
> PROCESS TOTALING $417,244.04 AND REMOVAL OF $586,961.83 FOR
> CHARGEBACKS OF PREVIOUSLY PAID AND DISPUTED INVOICES.  ALSO,
> MISCLASSIFIED CLAIM.

5.     Buffalo Rock agrees that its claim is due to be reduced by approximately

$417,244.04 as a result of its receipt of payments on account of its reclamation claim.

1498791

6.    Additionally, Buffalo Rock's claim is due to be reduced by $18,714.00 due to a reconciliation of the amounts owed by the Debtors.

7.    Accordingly, the amount of Buffalo Rock's unsecured claim due to be allowed is $2,473,756.00.

8.    In regard to all of the Debtors' other objections to Buffalo Rock's claim, the Debtors' Omnibus Objection contains insufficient evidence to rebut the prima facie validity of Buffalo Rock's claim.  The conclusory, unsupported statements in the Omnibus Objection are not sufficient to rebut Claim No. 9719's validity.

9.    Buffalo Rock has been in discussions with Xroads, one of the Debtors' advisors, in an attempt to reconcile the discrepancies between the Debtors' and Buffalo Rock's numbers. Additionally, Buffalo Rock has requested, and Xroads has agreed to provide, the detail backing up the Debtors' asserted reductions in the amount of Buffalo Rock's claim.  However, as of yet it has not been received.

### III.    RESERVATION OF RIGHTS

10.    Buffalo Rock expressly reserves the right: (i) to amend, modify, or supplement this objection and response, as well as any of the exhibits, including by, but not limited to, additional documentation of the amount of Buffalo Rock's claims; and (ii) to present other evidence if an evidentiary hearing is held with respect to the Omnibus Objection and this response.

**WHEREFORE, PREMISES CONSIDERED,** Buffalo Rock respectfully requests the Court: (1) deny the Omnibus Objection as it related to Buffalo Rock's claim; (2) allow Buffalo

Rock's claim at the amount of $2,473,756.00; and (3) grant Buffalo Rock such other and further

relief that the Court may deem just and appropriate.


Robert B. Rubin
Derek F. Meek
Marc P. Solomon
Attorneys for Bythebridge, L.L.C.

**BURR & FORMAN LLP**
420 North 20th Street, Suite 3100
Birmingham, Alabama 35283-0719
Phone: (205) 251-3000
Facsimile: (205) 458-5100

1498791

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, and to the party below by U.S. First Class Mail and email on this the 28th day of September, 2006:

D.J. Baker, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
djbaker@skadden.com

OF COUNSEL

1498791