UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                              CASE NO.:  3:05-bk-03817-JAF

CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

        Debtors.          Jointly Administered

---

RESPONSE OF UNITED COMMERCIAL MORTGAGE CORP. TO
DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO (A) NO
LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED
CLAIMS, (C) OVERSTATED CLAIMS, (D) OVERSTATED
MISCLASSIFIED CLAIMS, (E) MISCLASSIFIED CLAIMS
AND (F) AMENDED AND SUPERSEDED CLAIMS

    United Commercial Mortgage Corp. ("United"), by and through its undersigned counsel, responds to the Debtors' Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims and (F) Amended and Superseded Claims (the "Objection") and states as follows:

    1.  On July 26, 2005, United timely filed a proof of claim in the amount of $3,815,766.51 which is identified as claim no. 7699.  On October 10, 2005, United timely filed a proof of claim in the amount of $3,496,062.13 which is identified as claim no. 11899.

2. On or about September 12, 2006, the Debtors filed the Objection. United's proofs of claim nos. 7699 and 11899 are subject to the Objection as a result of being identified in Exhibit "C" of the Objection.

3. With respect to United's proof of claim no. 7699, the Debtors allege that United's proof of claim amount should be reduced to $736,518.98. The Debtors allege that the reduced amount is a result of the removal of $49,727.26 for rent paid pre-petition, $6,131.17 for overstated real estate taxes, $775,213.00 for deferred maintenance charges, and $2,248,176.11 for liquidated damages.

4. United objects to the removal of $775,213.00 for deferred maintenance charges. United believes that $775,213.00 accurately reflects the necessary amount of repairs to the store that the Debtors are responsible for. Thus, no portion of the deferred maintenance charges should be removed from United's proof of claim no. 7699.

5. United believes its proof of claim amount for claim no. 7699 should only be reduced to $1,511,731.98, rather than the $736,518.98 that the Debtors propose.

6. With respect to United's proof of claim no. 11899, the Debtors allege that United's proof of claim amount should be reduced to $721,423.21. The Debtors allege that the reduced amount is a result of the removal

of $609,393.00 for estimated damages, $2,125,057.35 for liquidated damages, and $40,188.57 for post-petition charges.

7. United objects to the removal of $609,393.00 for estimated damages. United believes that $609,393.00 accurately reflects the amount of damages to the store that the Debtors are responsible for. Thus, no portion of the estimated damages should be removed from United's proof of claim no. 11899.

8. United believes its proof of claim amount for claim no. 11899 should only be reduced to $1,330,816.21, rather than the $721,423.21 that the Debtors propose.

9. United reserves the right to amend, supplement or modify this response as deemed necessary.

DATED this 29 day of September, 2006.

HELD & ISRAEL

By: _____
Kimberly Held Israel, Esquire
Florida Bar #47287
khisrael@hilawfirm.com
Adam N. Frisch, Esquire
Florida Bar #635308
afrisch@hilawfirm.com
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

3