## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |

**RE: D.I. 10689**

**RESPONSE OF PINNACLE FOODS CORPORATION TO DEBTORS' NINETEENTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS, (C) WORKERS COMPENSATION CLAIMS AND (D) WORKERS COMPENSATION MISCLASSIFIED CLAIMS WITH RESPECT TO CLAIM NO. 7821 FILED BY PINNACLE FOODS CORPORATION**

Pinnacle Foods Corporation ("<u>Pinnacle</u>"), a creditor in the above-captioned cases, by and through its undersigned counsel, hereby responds (the "<u>Response</u>") to the Debtor's Nineteenth Omnibus Objection to (a) No Liability Claims, (b) No Liability Misclassified Claims, (c) Workers Compensation Claims and (d) Workers Compensation Misclassified Claims (the "<u>Claim Objection</u>") (Docket Item No. 10689) filed on behalf of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), and respectfully states as follows:

## I.
## BACKGROUND

1.      On February 21, 2005 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). Upon

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributiors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

information and belief, the Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Pinnacle is a vendor that distributes a variety of frozen and packaged foods to food retailers for sale at retail locations. The business relationship between Pinnacle and Debtor Winn-Dixie Stores, Inc. commenced prior to the Petition Date and has continued during these chapter 11 cases.

3.      On July 25, 2005, Pinnacle filed a proof of claim against Debtor Winn-Dixie Stores, Inc. identified by the Debtors as claim no. 7821, which asserts a general unsecured claim in the amount of $1,049,327.13 for goods delivered by Pinnacle, but not paid for by Debtor Winn-Dixie Stores, Inc., prior to the Petition Date (the "Pinnacle Claim"). The Pinnacle Claim is comprised of: (a) $849,792.75 with respect to open pre-Petition Date invoices due from Debtor Winn-Dixie Stores, Inc. and (b) $199,534.80 with respect to invalid pre-Petition Date deductions taken by Debtor Winn-Dixie Stores, Inc.

4.      Pinnacle submitted with the Pinnacle Claim approximately 130 pages of comprehensive documentation in clear support thereof, including:  (a) a summary of open invoices;  (b) copies of open invoices;  and (c) copies of documents supporting Pinnacle's invalidation of certain deductions taken by Debtor Winn-Dixie-Stores, Inc., such as summaries, correspondence and pertinent invoices, shipping orders and manifests (collectively, the "Pinnacle Claim Support Documentation"). A true and correct copy of the Pinnacle Claim, including the Pinnacle Claim Support Documentation, is attached hereto as **Exhibit A**.

5.      Since April 2006, Pinnacle has attempted to reconcile certain alleged "due-to's" and "due-from's" with the Debtors through Xroads LLC ("Xroads"), a firm engaged by the Debtors to reconcile accounts. As part of these efforts, Pinnacle (a) (again) provided extensive

documentation to support its claims and to refute the Debtors' claims and (b) made reciprocal requests to Xroads for documentation supporting the Debtors' claims. Despite numerous attempts by Pinnacle to reconcile with Xroads the parties' accounts, Xroads has been unresponsive and has not provided Pinnacle any of the requested supporting documentation.

6.     On August 30, 2006, the Debtors filed the Claim Objection by which they object to and seek to disallow, among other claims, the Pinnacle Claim. In an attempt to support the Claim Objection with respect to the Pinnacle Claim, the Debtors offer only the unsubstantiated and conclusory statement contained in Exhibit A thereto:

> NO LIABILITY.   DEBTOR'S BOOKS AND RECORDS REFLECT ACCOUNT PAYABLE CREDIT AND ACCOUNT RECEIVABLE BALANCE OF $808,766.12 AND $492,505.85, RESPECTIVELY.    ACCORDINGLY, CLAIMANT OWES DEBTOR $251,944.84.

The Debtors have not provided any documentation or evidence to refute the validity of the Pinnacle Claim or to support their alleged claim to amounts due from Pinnacle (the "Debtors' Alleged Setoff Claim"). Based on the Debtors' bare allegation in the Claim Objection, it is Pinnacle's understanding that the Debtors do not dispute the validity or amount of the Pinnacle Claim, but, rather, are seeking to set off against the Pinnacle Claim the indicated amount of the Debtors' Alleged Setoff Claim.

7.     Pinnacle disputes and denies the Debtors' Alleged Setoff Claim. In addition to the Pinnacle Claim Support Documentation included with the Pinnacle Claim, Pinnacle has provided previously to the Debtors, through Xroads, additional documentation to refute some or all of the Debtors' Alleged Setoff Claim. To date, the Debtors have provided no documentation to support the Debtors' Alleged Setoff Claim. As stated, Pinnacle has been and remains willing to reconcile on a consensual basis any and all disputed amounts with the Debtors in order to

-3-

avoid costly and unnecessary litigation of the issues.

## II.
## RESPONSE

8.    The Debtors have not met their burden of presenting sufficient evidence to (a) overcome the presumptive validity of the Pinnacle Claim and (b) support the validity of the Debtors' Alleged Setoff Claim because the Claim Objection, by way of explanation, offers only the conclusory and unsubstantiated statement that the Debtors' Alleged Setoff Claim offsets the Pinnacle Claim.

9.    A timely-filed proof of claim constitutes *prima facie* evidence of the validity and amount of such claim. *See* Fed. R. Bankr. P. 3001(f); *United States v. Kiester*, 182 B.R. 52, 53 (M.D. Fla. 1995); *In re O'Callaghan*, 304 B.R. 500, 505 (Bankr. M.D. Fla. 2003); *In re Marineland Ocean Resorts, Inc.*, 242 B.R. 748, 757 (Bankr. M.D. Fla. 1999); *In re Challa*, 186 B.R. 750, 754 (Bankr. M.D. Fla. 1995); *In re Argiannis*, 156 B.R. 683, 687 (Bankr. M.D. Fla. 1993).

10.    A party objecting to a timely and properly filed proof of claim bears the initial burden of presenting affirmative proof to overcome the presumed validity and amount of the claim. *See Marineland Ocean Resorts, Inc.*, 242 B.R. at 757 ("the objecting party has the burden of coming forward with sufficient evidence to rebut the prima facie validity of the claim"); *Challa*, 186 B.R. at 754 ("[t]he debtor bears the burden of overcoming the presumed validity of the claim with affirmative proof); *Argiannis*, 156 B.R. at 687 (same); *In re Haack*, 165 B.R. 501, 503 (Bankr. M.D. Fla. 1994) (same).

11.    In doing so, the objector must present evidence that is "equivalent in probative value to that of the creditor to rebut the *prima facie* effect of the proof of claim." *In re Homelands of DeLeon Springs, Inc.*, 190 B.R. 666, 668 (Bankr. M.D. Fla. 1995); *see In re*

*Tomasevic*, 275 B.R. 86, 96 (Bankr. M.D. Fla. 2001) ("[t]he party objecting to the claim has the

burden of going forward with equivalent probative evidence to rebut the presumption of validity

and amount"); *O'Callaghan*, 304 B.R. at 505 ("[t]he party objecting to the claim has the burden

of going forward with equivalent probative evidence to rebut the presumption of validity and

amount")(citation omitted); *In re Gurley*, 311 B.R. 910, 915-16 (Bankr. M.D. Fla. 2001) (same);

*see also In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *In re Fidelity Holding Co.*,

837 F.2d 696, 698 (5th Cir. 1988); *In re Burger*, 125 B.R. 894, 902 (Bankr. D. Del. 1991).

      12.     The Debtors have failed to satisfy this burden with respect to the Pinnacle Claim.

Beyond the bare allegation described above, the Claim Objection does not allege any facts

addressing (a) the validity or amount of the Pinnacle Claim or the Debtors' Alleged Setoff Claim

or (b) any legal theory upon which the Claim Objection is founded. Accordingly, the Claim

Objection is not sufficient to overcome the presumption provided by Rule 3001(f) of the Federal

Rules of Bankruptcy Procedure.

      13.     As one court has observed, the objector's burden "is not satisfied by the mere

filing of an objection." *In re Trending Cycles for Commodities, Inc.*, 26 B.R. 350, 351 (Bankr.

S.D. Fla. 1982); *see also In re Circle J Dairy, Inc.*, 112 B.R. 297, 299 (W.D. Ark. 1989) ("[a]

mere formal objection, without more, will not defeat a proof of claim…"). The Debtors'

conclusory assertion that the Debtors' Alleged Setoff Claim offsets the Pinnacle Claim is entirely

unsubstantiated at this point and does not provide a basis for a valid objection to the Pinnacle

Claim.

      14.     The Pinnacle Claim in the amount of $1,049,327.13 is valid and should be

allowed. To the extent the Debtors' books and records reflect the Debtors' Alleged Setoff Claim

offsetting the Pinnacle Claim, those books and records are incorrect.

### III.
### PINNACLE'S ASSERTION OF SETOFF
### RIGHT AND RESERVATION OF RIGHTS

15.    Pinnacle hereby asserts any right of setoff it may have under the Bankruptcy Code or any other applicable law with respect to:  (a) the Pinnacle Claim or any other claim Pinnacle may have against the Debtors and (b) the Debtors' Alleged Setoff Claim or any other claim the Debtors may have against Pinnacle.

16.    Pinnacle hereby reserves any and all rights to:  (a) amend or supplement this Response, including in connection with any amendment to or supplement, whether written or oral, of the Claim Objection by the Debtors and (b) conduct written and oral discovery related to the Claim Objection and the Debtors' Alleged Setoff Claim.

17.    Pinnacle has been informed by the Debtors that, to the extent that Pinnacle files a response to the Claim Objection, the hearing currently scheduled for October 5, 2006 at 1:00 p.m. (ET) (the "October 5th Hearing") to consider the Claim Objection and any responses thereto would be a status conference to set a discovery schedule.  By this response, Pinnacle requests that, to the extent that the Court does not overrule the Claim Objection with respect to the Pinnacle Claim at the October 5th Hearing, Pinnacle be permitted to take discovery regarding the Claim Objection.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, Pinnacle respectfully requests that the Court (i) overrule the Claim Objection with respect to the Pinnacle Claim; (ii) allow the Pinnacle Claim in the full amount of $1,049,327.13; and (iii) provide such other and further relief as the Court deems just and appropriate.

Dated: September 29, 2006

By:    /s/ John T. Rogerson, III

John T. Rogerson, III
Fla. Bar No. 832839
VOLPE, BAJALIA, WICKES,
ROGERSON & WACHS
1301 Riverplace Boulevard
Suite 1700
Jacksonville, FL 32207
(904) 355-1700
(904) 355-1797 (facsimile)
jrogerson@vbwr.com

- and -

Eric D. Schwartz (DE Bar No. 3134)
Gregory T. Donilon (DE Bar No. 4244)
MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200

Attorneys for Pinnacle Foods Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the parties by operation of the Court's electronic filing system on September 29, 2006, as indicated below:

D.J. Baker
Sally McDonald Henry
Rosalie Walker Gray
Jane M. Leamy
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Dennis F. Dunne
Milbank Tweed & Hadley
1 Chase Manhattan Plaza
New York, NY 10005

Elana L. Escamilla
Office of United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL 32806

John B. McDonald
Akerman Senterfitt
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202

Stephen D. Busey
James H. Post
Cynthia C. Jackson
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

/s/ John T. Rogerson, III
John T. Rogerson, III
Fla. Bar No. 832839
1301 Riverplace Boulevard
Suite 1700
Jacksonville, FL 32207
Volpe, Bajalia, Wickes, Rogerson & Wachs
(904) 355-1700
(904) 355-1797 (facsimile)
jrogerson@vbwr.com

# EXHIBIT A

## PINNACLE CLAIM