# ZIMMER MANAGEMENT COMPANY

111 PRINCESS STREET • P.O. BOX 2628 • WILMINGTON, NORTH CAROLINA 28402 • 910-763-4669 • FAX 910-762-1999

FILED
JACKSONVILLE, FLORIDA
SEP 29 2006
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

September 28, 2006

### VIA UNITED PARCEL SERVICE

Clerk of the Court
United Sates Bankruptcy Court
Middle District of Florida
Jacksonville Division
United States Courthouse
300 North Hogan Street, Suite 3-350
Jacksonville, Florida  32202

      RE:   Debtor:   Winn-Dixie Stores, Inc., et al.
            Creditor:  Garden City W-D, LLC
            Case No.: 05-03817-3F1

Dear Sir:

      Garden City W-D, LLC (the owner of the former Winn-Dixie Store #2117, located in Garden City Plaza, Garden City, South Carolina) objects to the notices of claim disallowance that it recently received. A copy of the these two notices are marked as EXHIBIT A and EXHIBIT B attached hereto.

      An explanation of the two claims of Garden City W-D, LLC would be in order.

### CLAIM FOR REJECTION OF LEASE

A summary of the history of this claim is as follows:

Clerk of the Court
United Sates Bankruptcy Court
Page Two
September 28, 2006

| Document | Date | Amount of Claim | Notes |
|---|---|---|---|
| Proof of Claim | 07/25/2005 | $60,877.28 | This Proof of Claim was filed to secure the Creditor's claims for unpaid 2004 real estate taxes and common area maintenance charges. |
| Amendment No. 1 to Proof of Claim | 08/22/2005 | $52,722.49 | This amendment was filed to reflect a payment that had been received from the Debtor for part of the common area maintenance charges due. |
| Amendment No. 2 to Proof of Claim | 01/04/2006 | $562,643.13 | This amendment was filed as a result of the rejection of the lease. This claim only represents charges as a result of the rejection and specifically does not include any administrative charges which were requested separately (as shown below). |
| Amendment No. 3 to Proof of Claim | 06/27/2006 | $545,732.15 | This amendment was filed to reflect payments received by the Creditor by a subtenant, which payments mitigated the Creditor's damages slightly. |
| Negotiated settlement of Proof of Claim | 09/07/2006 | $522,107.15 | This was a negotiated settlement with Kim Neil of Winn-Dixie and was agreed to verbally on 09/12/2006. Please see e-mail response from Kim Neil dated September 18, 2006 wherein which she stated that Claim 13324 was submitted 9/14 to reduce the claim to $522k per the agreement, attached as EXHIBIT C. |

## ADMINISTRATIVE CLAIM

The history of the claim for administrative expenses by Garden City W-D, LLC is basically for applicable real estate tax and common area maintenance reimbursement. A summary of the history of this claim is as follows:

Clerk of the Court
United Sates Bankruptcy Court
Page Three
September 28, 2006

| Document | Date | Amount of Claim | Notes |
|---|---|---|---|
| Letter | 01/04/2006 | $90,607.56 | When the lease was officially rejected, the Creditor filed its Amendment No. 2 to the Proof of Claim as above set forth. At that time, the Creditor separated its unsecured claims from its administrative claims. A request for payment of administrative expenses was submitted at this time. In addition to the uncollected 2004 real estate taxes and common area maintenance charges, there were uncollected charges for December 2005 as a result of the rejection which was effective as of December 8, 2005. Those charges were added to and included in this administrative payment request. |
| Letter | 06/27/2006 | $104,679.88 | When the initial request for payment of administrative expenses was submitted on January 4, 2006, the 2005 year end CAM Reconciliation had not been calculated. Therefore, this request includes the additional uncollected CAM for the 2005 calendar year. |
| Verbal Message | 09/12/2006 | $84,385.26 | As set forth above, an agreement was made between the Creditor and Kim Neil of Winn-Dixie which resulted in a reduction of the post-petition claim. The agreement was a result of the differences of opinions on an interpretation of the lease regarding CAM reimbursement. In view of the fact that the Creditor and Winn-Dixie split the difference 50/50 of the CAM reimbursement claimed in the post-petition claim, the Creditor felt it would be appropriate to split the CAM reimbursement 50/50 on the administrative claim as well. A call was placed to Cindy Jackson of Smith Hulsey & Busey on 9/12/2006 and a detailed message was left. Even after follow up calls on the Creditor's behalf, no response has been received as to whether such an offer has been accepted or rejected. The amount sought for administrative damages is, therefore, proposed at $84,385.26. |

Clerk of the Court
United Sates Bankruptcy Court
Page Four
September 28, 2006

       In summary, there should be two remaining claims by Garden City W-D, LLC as follows:

1.     Claim in the amount of $522,107.15 for the rejection of the lease; and

2.     Claim in the amount of $84,385.26 for administrative expenses (assuming the reasonable settlement offer has been accepted).

       The claims set forth in EXHIBIT A and EXHIBIT B in the amount of $545,732.15 and $90,607.56 are, therefore, incorrect.

       Please feel free to contact Ms. Donna Dickens of Zimmer Development Company, LLC (tele. 910-763-4669 x 204) concerning this matter.

                       GARDEN CITY W-D, LLC
                       By:    Zimmer Management Company

                       By:    _____
                                 Jeffrey L. Zimmer, President

JLZ/dld

Enclosures

cc:    Mr. D.J. Baker, Esquire
       Ms. Jane M. Leamy, Esquire
       Skadden, Arps, Slate, Meagher & Flom, LLP
       Attorneys at Law
       Four Times Square
       New York, New York 10036
       (via telecopier: 917-777-2150)

       Mr. James H. Post, Esquire
       Ms. Cynthia C. Jackson, Esquire
       Smith Hulsey & Busey
       Attorneys at Law
       225 Water Street, Suite 1800
       Jacksonville, Florida 32202
       (via telecopier: 904-359-7708)

Clerk of the Court
United Sates Bankruptcy Court
Page Five
September 28, 2006


cc:    Ms. Kim Neil
       Winn-Dixie
       5050 Edgewood Court
       Jacksonville, Florida  32254
       (via telecopier:  904-370-6055)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SEP 15 2006

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

### NOTICE OF DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS, (C) OVERSTATED CLAIMS, (D) OVERSTATED MISCLASSIFIED CLAIMS, (E) MISCLASSIFIED CLAIMS AND (F) AMENDED AND SUPERSEDED CLAIMS

Claimant ID: WDX-410726-2O
GARDEN CITY W-D, LLC
C/O ZIMMER MANAGEMENT COMPANY
111 PRINCESS STREET
PO BOX 2628
WILMINGTON NC 28402-2628

Counsel ID: WDX-410726-2O-15
ZIMMER AND ZIMMER, LLP
ATTN HERBERT J ZIMMER, ESQ
111 PRINCESS STREET
WILMINGTON NC 28401-3997

| CLAIM(S) TO BE DISALLOWED | REMAINING CLAIM |
|---|---|
| **Amended Claim to be Disallowed:** 12827<br>**Amount of Claim to be Disallowed:** $90,607.56<br>**Reason for Disallowance:** AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. | **Remaining Claim:** 13324<br>**Amount of Remaining Claims** $545,732.15 |

1. PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed on September 12, 2006 their Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims and (F) Amended and Superseded Claims (the "Objection") with the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

2. **The Objection requests that the Bankruptcy Court disallow one or more of your claims listed above under CLAIM(S) TO BE DISALLOWED on the ground that the claim was amended and superseded by another claim that is listed as the REMAINING CLAIM above. Any claim that the Bankruptcy Court disallows will be treated as if it had not been filed and you will not receive any distribution in these cases with respect to such claim. The REMAINING CLAIM listed above is not affected by the Objection**

3. If you do NOT oppose the disallowance of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

4. If you DO oppose the disallowance of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED, then you MUST file and serve a written response to the Objection that is received on or before **4:00 p.m. Eastern Time on October 2, 2006** (the "Response Deadline"). The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.

5. Responses will be deemed timely filed only if the original response is actually received on or before the Response Deadline by the Bankruptcy Court via the Court's electronic filing procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202.

6. In addition, a copy of the response must be served on or before the Response Deadline on the Debtors' attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, Attn: D.J. Baker, Four Times Square, New York, New York 10036, via email at djbaker@skadden.com, or via facsimile sent to (917) 777-2150.

7. A hearing will be held on **October 12, 2006** to consider the Objection. The hearing will be held at **1:30 p.m. Eastern Time** in the United States Bankruptcy Court for the Middle District of Florida at the United States Courthouse, 300 North Hogan St., 4th Floor, Jacksonville, Florida 32202. If you file a written response to the Objection, then you should plan to appear at the hearing. The Debtors, however, may agree to continue the Objection with respect to your claim(s). If the Debtors do agree to a continuance with respect to your claim(s), the hearing will be held at a later date. If the Debtors do not agree to a continuance with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

8. If the Bankruptcy Court does not disallow your claim(s) listed above under CLAIM(S) TO BE DISALLOWED, the Debtors may seek to object to your claim(s) on other grounds (or to any other claims that you have filed) at a later date. In addition, to the extent determinable, the Debtors may seek to modify the Debtor against which your claim was filed in order to reflect that the claim is filed against the Debtor believed to be liable for the amounts asserted in the claim. You will receive a separate notice of any additional objections the Debtors seek to assert and you will be given an opportunity to respond to those objections.

9. The Debtors reserve their rights with respect to any potential preference and avoidance actions under chapter 5 of the Bankruptcy Code.

10. **If you have any questions regarding the Objection or your claim(s), you may contact Jane Leamy of Skadden, Arps, Slate, Meagher & Flom LLP at (302) 651-3179 or jleamy@skadden.com**. A copy of the Objection and/or your proof of claim can be obtained, without charge, from the Debtors' claim agent's website: www.loganandco.com, or if you do not have access to a computer, from Skadden, Arps, Slate, Meagher & Flom LLP, at the Debtors' expense, by calling the number listed above.

Dated: September 12, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
|---|---|
| By /s/ D.J. Baker<br>D.J. Baker<br>Sally McDonald Henry<br>Rosalie Walker Gray<br>Jane M. Leamy<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(917) 777-2150 (facsimile)<br>djbaker@skadden.com | By /s/ James H. Post<br>Stephen D. Busey<br>James H. Post<br>Cynthia C. Jackson<br>Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |

SEP 15 2006

### NOTICE OF DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO
### (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS,
### (C) OVERSTATED CLAIMS, (D) OVERSTATED MISCLASSIFIED CLAIMS,
### (E) MISCLASSIFIED CLAIMS AND (F) AMENDED AND SUPERSEDED CLAIMS

Claimant ID: WDX-410726-2O
GARDEN CITY W-D, LLC
C/O ZIMMER MANAGEMENT COMPANY
111 PRINCESS STREET
PO BOX 2628
WILMINGTON NC 28402-2628

Counsel ID: WDX-410726-2O-15
ZIMMER AND ZIMMER, LLP
ATTN HERBERT J ZIMMER, ESQ
111 PRINCESS STREET
WILMINGTON NC 28401-3997

| CLAIM(S) TO BE DISALLOWED | REMAINING CLAIM |
|---|---|
| **Amended Claim to be Disallowed:** 12837<br>**Amount of Claim to be Disallowed:** $562,643.13<br>**Reason for Disallowance:** AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. | **Remaining Claim:** 13324<br>**Amount of Remaining Claims:** $90,607.56 |

1.   PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed on September 12, 2006 their Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims and (F) Amended and Superseded Claims (the "Objection") with the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

2.   The Objection requests that the Bankruptcy Court disallow one or more of your claims listed above under CLAIM(S) TO BE DISALLOWED on the ground that the claim was <u>amended and superseded</u> by another claim that is listed as the REMAINING CLAIM above. Any claim that the Bankruptcy Court disallows will be treated as if it had not been filed and you will not receive any distribution in these cases with respect to such claim. The REMAINING CLAIM listed above is not affected by the Objection

3.   If you do NOT oppose the disallowance of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

---

[1]   In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

4. If you DO oppose the disallowance of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED, then you MUST file and serve a written response to the Objection that is received on or before **4:00 p.m. Eastern Time on October 2, 2006** (the "Response Deadline"). The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.

5. Responses will be deemed timely filed only if the original response is actually received on or before the Response Deadline by the Bankruptcy Court via the Court's electronic filing procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202.

6. In addition, a copy of the response must be served on or before the Response Deadline on the Debtors' attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, Attn: D.J. Baker, Four Times Square, New York, New York 10036, via email at djbaker@skadden.com, or via facsimile sent to (917) 777-2150.

7. A hearing will be held on **October 12, 2006** to consider the Objection. The hearing will be held at **1:30 p.m. Eastern Time** in the United States Bankruptcy Court for the Middle District of Florida at the United States Courthouse, 300 North Hogan St., 4th Floor, Jacksonville, Florida 32202. If you file a written response to the Objection, then you should plan to appear at the hearing. The Debtors, however, may agree to continue the Objection with respect to your claim(s). If the Debtors do agree to a continuance with respect to your claim(s), the hearing will be held at a later date. If the Debtors do not agree to a continuance with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

8. If the Bankruptcy Court does not disallow your claim(s) listed above under CLAIM(S) TO BE DISALLOWED, the Debtors may seek to object to your claim(s) on other grounds (or to any other claims that you have filed) at a later date. In addition, to the extent determinable, the Debtors may seek to modify the Debtor against which your claim was filed in order to reflect that the claim is filed against the Debtor believed to be liable for the amounts asserted in the claim. You will receive a separate notice of any additional objections the Debtors seek to assert and you will be given an opportunity to respond to those objections.

9. The Debtors reserve their rights with respect to any potential preference and avoidance actions under chapter 5 of the Bankruptcy Code.

10. **If you have any questions regarding the Objection or your claim(s), you may contact Jane Leamy of Skadden, Arps, Slate, Meagher & Flom LLP at (302) 651-3179 or jleamy@skadden.com.** A copy of the Objection and/or your proof of claim can be obtained, without charge, from the Debtors' claim agent's website: www.loganandco.com, or if you do not have access to a computer, from Skadden, Arps, Slate, Meagher & Flom LLP, at the Debtors' expense, by calling the number listed above.

Dated: September 12, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  /s/ D.J. Baker<br>D.J. Baker<br>Sally McDonald Henry<br>Rosalie Walker Gray<br>Jane M. Leamy<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(917) 777-2150 (facsimile)<br>djbaker@skadden.com | By  /s/ James H. Post<br>Stephen D. Busey<br>James H. Post<br>Cynthia C. Jackson<br>Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |

## Donna Dickens

**From:** Kimberly Neil [KimberlyNeil@winn-dixie.com]
**Sent:** Wednesday, September 20, 2006 12:20 PM
**To:** 'Donna Dickens'
**Subject:** RE: Garden City W-D, LLC

pre and post petition

---

**From:** Donna Dickens [mailto:donnadickens@zdc.com]
**Sent:** Wednesday, September 20, 2006 11:36 AM
**To:** 'Kimberly Neil'
**Subject:** RE: Garden City W-D, LLC

Thank you for your response. I was unexpectedly out Monday and Tuesday. What was Claim 13323?

---

**From:** Kimberly Neil [mailto:KimberlyNeil@winn-dixie.com]
**Sent:** Monday, September 18, 2006 9:09 AM
**To:** 'Donna Dickens'
**Subject:** RE: Garden City W-D, LLC

Claim 13324 was just submitted 9/14, so I would't imagine you have received the notice yet. That is the one that reduces the claim to $522k per our agreement. Claim 13323 was also just submitted on 9/14.

---

**From:** Donna Dickens [mailto:donnadickens@zdc.com]
**Sent:** Friday, September 15, 2006 4:33 PM
**To:** kimberlyneil@winn-dixie.com
**Subject:** FW: Garden City W-D, LLC

Hi Kim:

We received the attached objections today from Logan & Company. In the first objection, it appears to be objecting to the Amendment No. 2 to the POC and allows the First Request for Payment of Administrative Expenses to be the remaining claim. The second objection disallows the First Request for Payment of Administrative Expenses and allows the Amendment No. 3 to POC to remain. Both objections are dated September 12, 2006, so I don't know if one is superseding the other or what exactly is going on here.

What I had anticipated on receiving is an objection to the Amendment No. 2 to the POC and allowing the Amendment No. 3 to the POC, which we have yet to receive, then another objection for the Amendment No. 3 to the POC to show the remaining claim that you verbally agreed to on September 12, 2006 in the amount of $522,107.15.

Would you please review the attached and telephone me to discuss?

Also, I have been trying to contact Cindy Jackson of Smith Husley & Busey regarding the Administrative Claim, but she has never returned my telephone calls. Are you able to assist with that claim, or do I need to go through her?

Thank you very much for your assistance.

Donna L. Dickens
Paralegal to Herbert J. Zimmer

9/20/2006