Hearing Date: October 12, 2006, 1:30 p.m.
Objection Deadline: October 9, 2006, 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                     )    Case No. 05-03817-3F1
                                           )
WINN-DIXIE STORES, INC., et al.,           )    Chapter 11
                                           )
Debtors. [1]                               )    Jointly Administered
                                           )

## DEBTORS' MOTION FOR ORDER AUTHORIZING NEGOTIATED REJECTION OF EXECUTORY CONTRACT WITH REXALL SUNDOWN, INC. AND APPROVING AGREED RESOLUTION OF ASSOCIATED CLAIMS

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as

debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order

under 11 U.S.C. §§ 365(a) and 502 and Fed. R. Bankr. P. 6006 (i) authorizing the negotiated

rejection of a prepetition supply agreement with Rexall Sundown, Inc. ("Rexall Sundown"),

and (ii) approving the agreed resolution of Rexall Sundown's and its affiliates' associated

claims.  In support of the Motion, the Debtors respectfully represent as follows:

Background

1.       On February 21, 2005 (the "Petition Date"), the Debtors filed

voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States

Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are

being jointly administered for procedural purposes only.

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      On June 29, 2006, the Debtors filed a proposed Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"), together with a proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").  The Disclosure Statement was approved by Order of the Court dated August 4, 2006.  The hearing to consider confirmation of the Plan is scheduled for October 13, 2006.

5.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.      The statutory predicates for the relief requested in the Motion are sections 365 and 502 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy Procedure.

<u>Relief Requested</u>

7.       As part of their restructuring, the Debtors have undertaken a comprehensive review and analysis of their prepetition supply agreements, together with the consequences and costs of assumption or rejection.  During the course of this process, the Debtors and Rexall Sundown have negotiated the terms by which Rexall Sundown's prepetition supply agreement will be rejected, and the treatment of Rexall Sundown's and its affiliates' claims (the "Claims").  As a result of these negotiations, the Debtors have decided to reject Rexall Sundown's prepetition supply agreement in favor of a new contract with U.S. Nutrition, Inc., the parent company of Rexall Sundown, and U.S. Nutrition, on behalf of Rexall Sundown, has agreed to waive all claims for rejection damages.

8.       By this Motion, the Debtors seek an order of the Court, pursuant to sections 365 and 502 of the Bankruptcy Code, (a) approving and authorizing the rejection, effective as of October 12, 2006, of the prepetition supply agreement dated April 16, 2002, as modified by letter agreement dated May 9, 2002 (and any amendments thereto), between Winn-Dixie Stores, Inc. and Rexall Sundown (the "Prepetition Supply Agreement"), and (b) approving the agreed resolution of the Claims, including the waiver of all claims for repayment for any amounts due as a result of failure to meet sales requirements, any other claim for rejection damages and all other claims (except for the agreed non-priority unsecured claims and any unpaid postpetition invoices).

9.       Prior to the Petition Date, the Debtors purchased Rexall Sundown's nutritional supplements and vitamins for resale in their stores.  Although the Debtors desire to continue their relationship with Rexall Sundown and its affiliates, the terms of the Prepetition Supply Agreement are no longer economically feasible.  The Prepetition Supply

Agreement was to remain in effect until the Debtors achieved $20 million in net sales from Rexall Sundown. As part of that agreement, the Debtors were required to carry 115 SKU's (plus or minus 10%) of Rexall Sundown products. If the SKU count was not maintained or the contract terminated prior to the Debtors achieving $20 million in net sales of all Rexall Sundown products, the Debtors were obligated to repay the $2 million in credit memos and free goods provided by Rexall Sundown, on a prorated basis, in accordance with the ratio between the amount of net sales and $20 million. In four plus years, the Debtors did not satisfy this volume requirement.

10.     The new three-year supply agreement does not obligate the Debtors to purchase a minimum value of product. It does, however, (a) expand the product line to include Knox Products and Nature's Bounty, (b) decrease the required number of SKU's from 115 to 105, and (c) waive the $2 million in repayments.

11.     Therefore, the Debtors have determined that it is in their best interests, as well as in the best interests of their estates and creditors, to reject the Prepetition Supply Agreement and to provide for a continuing relationship with Rexall Sundown and its affiliates on more favorable terms under a new ordinary course supply agreement. Rexall Sundown has agreed to this approach, with the understanding that its and its affiliates' claims will be resolved as set forth below. Moreover, the new supply agreement, which will take effect upon the rejection of the Prepetition Supply Agreement, may be terminated by the Debtors without liability in the event the Debtors' chapter 11 plan of reorganization is not confirmed or does not become effective prior to December 31, 2006.

12.     Rexall Sundown and its affiliates have the following claims against the Debtors' estates:

    (a)    Winn-Dixie Stores, Inc. scheduled claim no. 35415 on behalf of Rexall Sundown, Inc., in the amount of $599,679.10.

    (b)    Winn-Dixie Procurement, Inc. scheduled claim no. 35159 on behalf of U.S. Nutrition's affiliate Nature's Bounty, Inc. in the amount of $25,017.12, which was superseded by claim no. 10207 below.

    (c)    U.S. Nutrition and its affiliates filed the following proofs of claim against Winn-Dixie Stores, Inc.:

        (i)    Rexall Sundown, Inc. filed proof of claim no. 10201 in the amount of $691,402.11;

        (ii)    NBTY, Inc. dba Knox, filed proof of claim no. 10202 in the amount of $20,443.52; and

        (iii)    Nature's Bounty, Inc., filed proof of claim no. 10207 in the amount of $32,018.54 (collectively, the "Pre-petition Claims").

13.    The Debtors objected to the proofs of claim and the parties have agreed to resolve the Pre-petition Claims as follows:

    (a)    proof of claim no. 10201 filed by Rexall Sundown, Inc. will be allowed as a non-priority unsecured claim in the amount of $652,000;

    (b)    proof of claim no. 10202 filed by NBTY, Inc. dba Knox will be allowed as a non-priority unsecured claim in the amount of $16,752.13; and

    (c)    proof of claim no. 10207 filed by Nature's Bounty, Inc. will be allowed as a non-priority unsecured claim in the amount of $21,632.87 (collectively, the "Resolved Claims").

14.    Based on the above, the parties have agreed that (a) the Resolved Claims will be allowed as a non-priority unsecured claim against Winn-Dixie Stores, Inc. in the aggregate amount of $690,385, and (b) scheduled claim nos. 35415 and 35159 will be disallowed and expunged in their entirety.  In addition, U.S. Nutrition, on behalf of Rexall Sundown, will waive any claims for repayment for any amounts due as a result of failure to meet sales requirements and any other claim for rejection damages and all other claims

5

against the Debtors (except for the agreed non-priority unsecured claims and any unpaid postpetition invoices).

15.     By rejecting the Prepetition Supply Agreement in favor of a new supply agreement with Rexall Sundown's affiliate U.S. Nutrition, Inc., the Debtors will no longer be obligated to (a) purchase $20 million of Rexall Sundown products, and (b) repay Rexall Sundown up to $2 million for failure to satisfy the minimum purchase requirement under the Prepetition Supply Agreement, while continuing to offer the products of Rexall Sundown and its affiliates to their customers on better terms based on the current and future needs of the Debtors' retail stores.

Basis for Relief

16.     Rejection of Prepetition Supply Agreement.  Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate.  See In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assocs., 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

17.     The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule.  See Byrd v. Gardinier, Inc., 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Surfside Resort & Suites, Inc., 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988).  The

business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate.  See In re Surfside Resort & Suites, Inc., 325 B.R. at 469; In re Cent. Fla. Fuels, Inc., 89 B.R. at 245; Sharon Steel Corp. v. Nat'l Fuel Gas Distrib'n Corp., 872 F.2d 36, 39-40 (3d Cir. 1989).  Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor.  See In re Surfside Resort & Suites, Inc., 325 B.R. at 469; In re III Enters., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa.), aff'd sub nom. Pueblo Chem., Inc. v. III Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

18.      The Debtors have satisfied the "business judgment" standard for rejecting the Prepetition Supply Agreement.  The contract was burdensome, the Debtors are able to continue to do business with Rexall Sundown's affiliate on more favorable terms, and rejection damages are waived.  Accordingly, the Debtors' determination that the Prepetition Supply Agreement should be rejected reflects their exercise of sound business judgment.

Notice

19.      Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, (e) U.S. Nutrition, Inc., the parent company of Rexall Sundown, and (f) Rexall Sundown.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit A, (a) approving and authorizing the Debtors to reject the Prepetition Supply Agreement as of October 12,

7

2006, and (b) approving the disposition of claims; and (ii) grant such other and further relief

as the Court deems just and proper.

Dated:  September 29, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By    /s/ D. J. Baker
      D. J. Baker
      Sally McDonald Henry
      Rosalie Walker Gray
      Steven B. Eichel
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Attorneys for Debtors

SMITH HULSEY & BUSEY

By    /s/ Cynthia C. Jackson
      Stephen D. Busey
      James H. Post
      Cynthia C. Jackson
      Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Attorneys for Debtors

EXHIBIT A

ORDER AUTHORIZING NEGOTIATED REJECTION OF
EXECUTORY CONTRACT WITH REXALL SUNDOWN, INC.
AND APPROVING AGREED RESOLUTION OF ASSOCIATED CLAIMS

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                          )    Case No. 05-03817-3F1
                                                )
WINN-DIXIE STORES, INC., et al.,                )    *Chapter 11*
                                                )
Debtors.                                        )    Jointly Administered
                                                )

ORDER AUTHORIZING NEGOTIATED REJECTION OF
EXECUTORY CONTRACT WITH REXALL SUNDOWN, INC. AND
APPROVING AGREED RESOLUTION OF ASSOCIATED CLAIMS

These cases came before the Court for hearing on October 12, 2006, upon the

motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an

order under 11 U.S.C. §§ 365 and 502 and Fed. R. Bankr. P. 6006 authorizing and approving the

Debtors' rejection of a supply agreement with Rexall Sundown, Inc. (the "Prepetition Supply

Agreement"), effective as of October 12, 2006, and approving the agreed resolution of associated

claims. The Court has read the Motion and considered the representations of counsel. Upon the

representations of counsel and without objection from the United States Trustee or any other

interested party, the Court determines that good cause exists to grant the relief requested by the

Motion and granting the relief is in the best interest of these estates and creditors. Accordingly,

it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The Debtors are authorized to reject the Prepetition Supply Agreement

pursuant to 11 U.S. C. § 365(a), and the Prepetition Supply Agreements is deemed rejected,

effective as of October 12, 2006.

3.    The claims scheduled by Winn-Dixie Stores, Inc. (claim no. 35415) and Winn-Dixie Procurement, Inc. (claim no. 35159) are disallowed in their entirety and expunged.

4.    Except for (a) an agreed non-priority unsecured claim (claim no. 10201) in the amount of $652,000.00, which is allowed, (b) an agreed non-priority unsecured claim (claim no. 10202) in the amount of $16,752.13, which is allowed, (c) an agreed non-priority unsecured claim (claim no. 10207) in the amount of $21,632.87, which is allowed, and (d) any unpaid postpetition invoices, all claims that Rexall Sundown, Inc. and its affiliates US Nutrition, Inc., NBTY, Inc. dba Knox, and Nature's Bounty, Inc. has or may have had against the Debtors are waived.  Rexall Sundown, Inc. shall have no rejection damages claim against the Debtors resulting from the rejection of the Prepetition Supply Agreement.

5.    Nothing in this Order constitutes a waiver of any claims the Debtors may have against Rexall Sundown, Inc. and/or its affiliates U.S. Nutrition, Inc., NBTY, Inc. dba Knox, and Nature's Bounty, Inc., whether or not related to the Prepetition Supply Agreement.

6.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7.    The Court will retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

Dated this _____ day of October, 2006, in Jacksonville, Florida.


_____

Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

3