IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 11 |
| WINN DIXIE STORES, INC., et al.,, ) | |
| ) | |
| Debtors. ) | Case No.: 05-03817-3F1 |

## TAPPAN PROPERTIES, L.P.'S RESPONSE TO DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS, (C) OVERSTATED CLAIMS, (D) OVERSTATED MISCLASSIFIED CLAIMS, (E) MISCLASSIFIED CLAIMS AND (F) AMENDED AND SUPERSEDED CLAIMS

Tappan Properties, L.P. ("Tappan"), by and through its undersigned counsel, files this Response to the Debtors' Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims and (F) Amended and Superseded Claims ("Objection") and states:

1. The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on February 21, 2005 and continue to manage their affairs as debtors-in-possession.

2. At the time the Debtors filed their chapter 11 petitions, Tappan and Winn-Dixie Raleigh, Inc. (f/k/a Winn-Dixie Midwest, Inc.) (the "Debtor") were parties to a lease agreement dated September 7, 1993 under which Tappan leased certain premises to the Debtor, located at the Fort Wright Shopping Center and sometimes referred to as Winn-Dixie Store #1776. This lease was guaranteed by Winn-Dixie Stores, Inc. (Winn-Dixie Raleigh, Inc. and Winn-Dixie Stores, Inc. are collectively referred to herein as the Debtors.)

3. On June 29, 2006, Tappan filed claim number 13319, a claim that amended claim number 8524, asserting that the Debtor owed $726,291.04 as a general unsecured claim and $45,340.99 as an unsecured priority claim. According to Exhibit A attached to claim number 13319, the unsecured priority claim consists of amounts owed by the Debtor for unpaid post-petition rent, unpaid 2005 common area maintenance charges, insurance charges and 2005 real estate taxes. The unpaid pre-petition lease claim consisted of pre-petition insurance, taxes and common area maintenance charges. Tappan also calculated its lease rejection damages under § 502(b)(6)(A).

4. On September 12, 2006, the Debtors filed the Objection. In the Objection, the Debtors identify claim No. 13319 as an overstated claim. On Exhibit C to the Objection, the Debtors assert that Tappan overstated its rejection damages by $99,615.50 and failed to provide sufficient support for the $11,295.77 Tappan asserted was owed for 2004 insurance. The Debtors further objected to Tappan's post-petition priority claim in its entirety, but without prejudice to claimant filing an application pursuant to 11 U.S.C. § 503(a) and Local Rule 3071-1.

5. With regard to its post-petition administrative priority claim, Tappan now asserts that it is owed $21,500.65, not the $45,340.99 originally asserted. The reduced amount reflects a credit provided to the Debtor for certain post-petition payments. Concurrently with this Response, Tappan files its Motion for Allowance and Payment of Administrative Expense Claim requesting that the Court allow its post-petition claim in the amount of $21,500.65.[1]

---

[1] The basis for the $21,500.65 administrative claim is set forth in the Motion of Tappan Properties, L.P., For Allowance and Payment of Administrative Expense Claim and incorporated herein.

6.   The Debtors object to Tappan's assertion that $11,295.77 is owed for 2004 insurance charges. Tappan has provided the Debtors with additional information supporting that the 2004 property insurance amount owed by the Debtors is $9,036.62. Thus, Tappan requests that the Court allow the reduced amount. Further, Tappan asserts it is owed additional unpaid prepetition lease charges for insurance from 1/1/05 through 2/20/05 in the amount of $1,578.45; taxes for the period 1/1/04 through 2/20/05 in the amount of $20,648.48; and CAM charges for the period 1/1/05 through 2/20/05 in the amount of $1,023.39. See Exhibit A of unpaid pre-petition lease claims attached hereto.

7.   Finally, the Debtors objected to $99,615.50 of the lease rejection damages, thereby asserting that Tappan's lease rejection damages should be reduced from $726,291.04 to $626,675.54. The Debtors calculation of the lease rejection damages, however, fails to consider the correct amount owed for taxes and insurance. For example, the Debtors fail to account for the 2% annual increase in common area maintenance charges provided for in the lease agreement. Tappan has recalculated its lease rejection claim and asserts that pursuant to Bankruptcy Code § 502(b)(6)(A) the Debtors owe $704,207.00. A copy of the revised lease rejection analysis is attached hereto as Exhibit B.

8.   Tappan expressly reserves the right to amend or supplement this Response

WHEREFORE, Tappan Properties, L.P. respectfully requests that the Court deny the Debtors' Objection, and allow claim number 13319 in the following amounts: $704,207.00 as an

unsecured claim for lease rejection damages; $32,286.94 for unpaid pre-petition lease claims; and $21,500.65 as an administrative claim for post-petition charges.

Dated: September 29, 2006.

        HELD & ISRAEL

        By: /s/
        Kimberly Held Israel, Esquire
        Florida Bar #47287
        Adam N. Frisch, Esquire
        Florida Bar #635308
        afrisch@hilawfirm.com
        1301 Riverplace Blvd., Suite 1916
        Jacksonville, Florida 32207
        (904) 398-7038 Telephone
        (904) 398-4283 Facsimile

        and

        POLSINELLI SHALTON WELTE SUELTHAUS PC

        JAMES E. BIRD (#28833)
        AMY E. HATCH (#53116)
        700 West 47th Street, Suite 1000
        Kansas City, Missouri 64112
        (816) 753-1000
        Fax No. (816) 753-1536