**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.,* | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**RESPONSE OF PEPSI-COLA COMPANY
TO DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO
(A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS,
(C) OVERSTATED CLAIMS, (D) OVERSTATED MISCLASSIFIED CLAIMS,
(E) MISCLASSIFIED CLAIMS AND (F) AMENDED AND SUPERSEDED CLAIMS**

Pepsi-Cola Company ("Pepsi"), a division of PepsiCo, Inc., on behalf of certain of its bottlers (collectively the "Pepsi Bottlers"), by its attorneys, respectfully submits this response (the "Response") to the Debtors' Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims; (C) Overstated Claims; (D) Overstated Misclassified Claims; (E) Misclassified Claims and (F) Amended and Superseded Claims (the "Objection"). Attached as **Exhibit A** is a table detailing (i) the Pepsi Bottlers on behalf of whom this Response is submitted; and (ii) the claims of those Pepsi Bottlers (collectively, the "Pepsi Bottler Claims") asserted against Winn-Dixie Stores, Inc. and its affiliated debtors (collectively "Winn-Dixie") that are the subject of the Objection. In support of its response, Pepsi states as follows:

1.  The Pepsi Bottlers bottle beverage products under brand names such as Pepsi, Diet Pepsi and Mountain Dew (collectively, the "Pepsi Goods"). The Pepsi Bottlers distribute the Pepsi Goods to grocery, mass merchandise, drug store and other resellers throughout the United States and internationally.

1.  Each of the Pepsi Bottler Claims arises from the sale of Pepsi Goods to Winn-Dixie prior to Winn-Dixie's February 21, 2005 bankruptcy filing. Included among the Pepsi

Bottler Claims are claims that are secured by a right of offset and claims entitled to partial administrative priority pursuant to the Pepsi Bottlers' reclamation claims.

2. In most cases, the Pepsi Bottlers have attached statements of account, invoices and/or a short addendum as evidentiary support for the Pepsi Bottler Claims.

3. In the Objection, Winn-Dixie seeks to reduce each of the Pepsi Bottler Claims for one or more of the following reasons: a "net consumption waiver," an accounts receivable balance, "reclamation payments in process" or removal for chargebacks of previously paid and disputed invoices.

4. Although Winn-Dixie seeks specific reductions of the Pepsi Bottler Claims, Winn-Dixie fails to provide any evidentiary support or any explanation of the proposed net consumption waiver or the alleged chargebacks. Without such support, the Pepsi Bottlers cannot reconcile their records to Winn-Dixie's proposed reductions. Furthermore, to the extent that reclamation payments are "in process," and have not yet been received, Winn-Dixie's objection is premature.

5. Pepsi and the Pepsi Bottlers have been working with Winn-Dixie to reconcile the objections to the Pepsi Bottler Claims and will continue to work with Winn-Dixie to resolve all issues in dispute. Nevertheless, Pepsi reserves all rights of the Pepsi Bottlers with respect to each of the Pepsi Bottler Claims.

6. In the Objection, Winn-Dixie seeks to reclassify a portion of Claim 7905, totaling $8,810.30 as an administrative priority reclamation claim. As set forth in Claim 7905, Pepsi-Cola Decatur LLC ("Pepsi Decatur") asserted that $12,499.65 of its claim is entitled to administrative priority. As a result, it does not appear that a "reclassification" is necessary. Nevertheless, Pepsi will work with Winn-Dixie to reconcile the precise amount of Pepsi Decatur's allowed administrative priority claim and general unsecured claim. Notwithstanding

the foregoing, Pepsi reserves the right of Pepsi Decatur to assert the full amount of its filed claim, including the full amount of its asserted administrative expense claim.

7.  Winn-Dixie also seeks to reclassify a portion of Claim 7464, totaling $49,391.71 as an administrative priority reclamation claim. As set forth in Claim 7464, Pepsi-Cola Bottling Co. of Charlotte, Inc. ("Pepsi Charlotte") asserted that $55,575.38 of its claim is entitled to administrative priority. As a result, it does not appear that a "reclassification" is necessary. Nevertheless, Pepsi will work with Winn-Dixie to reconcile the precise amount of Pepsi Charlotte's allowed administrative priority claim and general unsecured claim. Notwithstanding the foregoing, Pepsi reserves Pepsi Charlotte's right to assert the full amount of its filed claim, including the full amount of its asserted administrative expense claim.

8.  Finally, Winn-Dixie seeks to disallow Claim 2168 as amended by Claim 7464. Pepsi agrees that the Claim 7464 amends and supersedes Claim 2168.

WHEREFORE, Pepsi-Cola Company, a division of PepsiCo, Inc., respectfully requests that this Court enter an order (1) denying the Objection with respect to the Pepsi Bottler Claims, (2) allowing the Pepsi Bottler Claims in their stated amounts, and (3) granting such other relief as this Court deems just.

September 29, 2006　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　PEPSI-COLA COMPANY,
　　　　　　　　　　　　　　　　　　　　　A DIVISION OF PEPSICO, INC.

　　　　　　　　　　　　　　　　　　　By:　　*/s/ Joseph D. Frank*
　　　　　　　　　　　　　　　　　　　　　　One of its attorneys

Joseph D. Frank (IL ARDC No. 6216085)
Jeremy C. Kleinman (IL ARDC No. 6270080)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60610
(312) 276-1400 – telephone
(312) 276-0035 – facsimile
jfrank@fgllp.com; jkleinman@fgllp.com

**CERTIFICATE OF SERVICE**

I, Joseph D. Frank, an attorney, hereby certify that on **September 29, 2006**, a true and correct copy of the foregoing **Response of Pepsi-Cola Company to Debtors' Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims; (C) Overstated Claims; (D) Overstated Misclassified Claims; (E) Misclassified Claims and (F) Amended and Superseded Claims** was filed electronically.  Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System.  In addition, a copy was served this day upon the party named below via electronic mail and facsimile transmission:

D. J. Baker
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York  10036
*(212) 735-2000 – fax*
djbaker@skadden.com

           */s/ Joseph D. Frank*