**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**QUAKER SALES AND DISTRIBUTION, INC.'S *AMENDED* RESPONSE TO DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS, (C) OVERSTATED CLAIMS, (D) OVERSTATED MISCLASSIFIED CLAIMS, (E) MISCLASSIFIED CLAIMS AND (F) AMENDED AND SUPERSEDED CLAIMS**
*(Amended to Add Electronic Signature Only)*

Quaker Sales and Distribution, Inc. ("Quaker"), by and through its undersigned counsel, hereby responds (this "Response") to the Debtors' Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims and (F) Amended and Superseded Claims (the "Objection"), and respectfully states as follows:

**I.     Background**

1.     On February 21, 2005, Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

2.     On or about July 30, 2005, Quaker filed identical proofs of claim in the amount of $4,432,544.15 (collectively, the "Claim") against each of the following Debtors: Winn-Dixie Stores, Inc. (No. 05-03817), Astor Products, Inc. (No. 05-03820), Deep South Products, Inc. (No. 05-03823), Winn-Dixie Logistics, Inc. (No. 05-03836), Winn-Dixie Montgomery, Inc. (No. 05-

chgo1\30848465.2

03837), Winn-Dixie Procurement, Inc. (No. 05-03838), Winn-Dixie Raleigh, Inc. (No. 05-03839), and Winn-Dixie Supermarkets, Inc. (05-03840).

3. The Claim consists of the following: (a) $2,439,053.49 in unpaid invoices for goods shipped to one of more of the Debtors; and (b) $1,993,490.66 in invalid deductions taken by one or more of the Debtors. In addition: (a) $501,786.76 of the Claim was designated as a secured claim resulting from Quaker's set-off rights in the form of pre-petition credits owed by Quaker to one or more of the Debtors; and (b) $1,699,461.88 was designated as a priority claim under Section 507(a)(1) of the Bankruptcy Code by operation of Quaker's reclamation rights against one or more of the Debtors.

4. On September 12, 2006, the Debtors filed the Objection, pursuant to which the Debtors propose that the Claim be reduced to a general unsecured claim in the amount of $415,443.00. In the Notice of the Objection, the Debtors state that the proposed reduction in the Claim reflects:

> Net consumption waiver of $46,686.74,[1] accounts payable credit of $28,298.00 and accounts receivable balance of $892,853.66, reclamation payments in process totaling $1,484,440.90, and removal of $1,564,821.85 for chargebacks on previously paid and disputed invoices.

## II. Response

5. Because the Debtors have made reclamation payments to Quaker in the amount of $1,484,440.90, Quaker agrees that its Claim should be reduced by this amount. Moreover, because Quaker alleges that its Claim is secured to the extent of the $501,786.76 in pre-petition credits owed to one or more of the Debtors, Quaker agrees to further reduce its claim by this

---

[1] Quaker is unclear about what the Debtors are referring to when they state that the Claim should be reduced because of a "net consumption waiver." Thus, Quaker disputes any reduction to its Claim based upon any such alleged "waiver."

amount. Thus, the balance of the Claim asserted by Quaker against the Debtors totals $2,446,316.49 (the "Claim Balance").

6. A properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Once a proof of claim is properly filed, the burden of going forward shifts to the party objecting to the claim to produce evidence sufficient to negate the prima facie validity. In re B-E Holdings, Inc., 228 B.R. 414, 417 (Bankr. E.D. Wis. 1999). "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." In re Hemmingway Trans., Inc., 993 F.2d 915, 925 (1st Cir. 1999) (emphasis added); see also In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992) (once the claimant alleges facts sufficient to support its claim, the claim is prima facie valid; the objector must produce evidence equal in force to the prima facie case in rebuttal).

7. Here, the Debtors have provided no evidence to rebut the prima facie validity of the Claim Balance. Rather, the Debtors merely propose that the Claim be reduced to $415,443.00, without submitting any admissible evidence in support of the Debtors' request. In short, the Debtors have failed to meet their burden to rebut the prima facie validity of the Claim Balance.

**III Conclusion**

8. Based upon the foregoing, Quaker respectfully requests that this Court deny the Objection and allow Quaker a general unsecured claim in the amount of $2,446,316.49.

Dated: September 29, 2006

Respectfully submitted,

**QUAKER SALES AND DISTRIBUTION, INC.**

By: /s/ Philip V. Martino
        One of its attorneys

Philip V. Martino
**DLA PIPER US LLP**
101 East Kennedy Boulevard
Suite 2000
Tampa, Florida 33602
(813) 229-2111

- and -

David M. Neff
Brian A. Audette
**DLA PIPER US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601
(312) 368-4000