UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

                Chapter 11 Case

WINN-DIXIE STORES, INC., et al.,    Case No. 05-3817-3F1

  Debtors.            Jointly Administered

_____/

**RESPONSE OF BAY LANDING I, INC. TO DEBTORS'
OBJECTION TO CLAIM NO. 855**

  Bay Landing I, Inc. ("Bay Landing"), by and through undersigned counsel, hereby responds to the Debtors' objection to Claim No. 855 filed by the Debtors, on September 12, 2006 (the "Objection"). In support of this response, Bay Landing states as follows:

  1.  Winn-Dixie Stores, Inc. ("Winn-Dixie") and Barron Collier Partnership, a Florida General Partnership, were parties to a lease a agreement dated November 1, 1995, as amended pursuant to (a) that First Amendment to Lease dated as of August 28, 1997, and (b) that Second Amendment to Lease dated as of January 28, 1998 (collectively, the "Lease"), governing Winn-Dixie's use and occupancy of non-residential real property located at the intersection of West Terry Street and U.S. #41 (Tamiami Trail) in Bonita Springs, Lee County, Florida (the "Premises").

  2.  Bay Landing is the assignee of Barron Collier Partnership's interest in the Lease.

  3.  The term of the Lease commenced on June 11, 1998, and was due to expire on June 10, 2018.

  4.  Pursuant to a Lease Termination Agreement dated as of December 28, 2004 (the "Lease Termination Agreement"), Winn-Dixie and Bay Landing agreed to terminate the Lease.

149024-1

Pursuant to the Lease Termination Agreement, Winn-Dixie agreed to pay Bay Landing $1,650,000 upon the terms and conditions contained in Lease Termination Agreement.

5. On February 21, 2005 (the "Petition Date"), Winn-Dixie and certain of its affiliates filed voluntary petitions under chapter 11 of Title of United States Code (the "Bankruptcy Code") commencing the above-captioned chapter 11 cases.

6. Bay Landing timely filed Claim No. 855 as a general unsecured claim in the amount of $1,608,750.00, representing the balance of payments due to Bay Landing by Winn-Dixie as of the Petition Date pursuant to, and in accordance with, the Lease Termination Agreement.

7. Pursuant to the Objection, Winn-Dixie seeks to reduce Claim No. 855 to $1,049,327.00.

8. Applying the formula set forth in section 502(b)(6) of the Bankruptcy Code, Bay Landing is entitled to a general unsecured claim in the amount of $1,097,741.90.

9. Accordingly, Bay Landing requests that Claim No. 855 be allowed as a general unsecured claim in the amount of $1,097,741.90.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via Electronic Mail upon djbaker@skadden.com, as well as those parties that have appeared via CM/ECF on this 2nd day of October.

149024-1

**I HEREBY CERTIFY**, that I am admitted to the Bar of the United States District Court for the Middle District of Florida.

Dated: October 2, 2006

Respectfully submitted,

BERGER SINGERMAN, P.A.
Attorneys for the Bay Landing I, Inc.
200 South Biscayne Blvd., Suite 1000
Miami, Florida 33131
Tel. (305) 755-9500
Fax (305) 714-4340

By:  /s/ Jordi Guso
     Jordi Guso
     Florida Bar No. 863580
     jguso@bergersingerman.com

149024-1