UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

------------------------------------------------- x
:
In re:                                           :   Case No. 05-03817-3F1
:
WINN-DIXIE STORES, INC., et al.,                 :   Chapter 11
:
Debtors.                                         :   (Jointly Administered)
:
:
:
:
------------------------------------------------- x

**RESPONSE OF KNIGHTSDALE CROSSING, LLC TO DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS, (C) OVERSTATED CLAIMS, (D) OVERSTATED MISCLASSIFIED CLAIMS, (E) MISCLASSIFIED CLAIMS AND (F) AMENDED AND SUPERSEDED CLAIMS**

Knightsdale Crossing, LLC (the "Landlord") hereby responds to Debtors' Twenty-Second Omnibus Objection To (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims And (F) Amended And Superseded Claims (the "Claim Objection"), and respectfully represents as follows:

I. **BACKGROUND FACTS**

1. Winn-Dixie Stores, Inc and certain affiliated parties (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code on February 21, 2005. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. Landlord is the owner or managing agent of the following shopping center wherein Debtors operated one of their stores (the "Premises") pursuant to an unexpired lease of nonresidential real property (the "Lease") until the Lease was rejected on September 24, 2005.

| Knightsdale Crossing, LLC | |
|---|---|
| Knightdale Crossing | Knightdale, NC |

3. The Lease is a "lease of real property in a shopping center" as that term is used in 11 U.S.C. § 365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-1087 (3rd Cir. 1990).

4. On or about September 12, 2006, Debtors filed the Claim Objection. In Exhibit "C" of the Claim Objection, the Debtors object to Claim No. 11964[1] and seek to reduce the claim from the filed amount of $321,954.09 to $270,338.36.

## II. DISCUSSION

5. Landlord timely filed Claim Nos. 11963 and 11964, and the Claim Objection does not dispute this issue. Instead, the Claim Objection seeks to disallow Claim No. 11963 in favor of Claim No. 11964.

6. Debtors request that the unsecured portion of Claim No. 11964 be reduced by the following amounts: $592.23 reduction in 2005 pre-petition real estate taxes; $120.96 for 2005 pre-petition insurance charges, $1,110.21 for 2005 pre-petition CAM charges, and $389.12 for pre-petition interest. Debtors also request that the administrative portion of Landlord's claim be disallowed for purposes of Claim No. 11964, without prejudice to Landlord's ability to file a separate administrative expense demand. As a result of the Claim Objection, the remaining Claim No. 11964 would be an unsecured claim in the amount of $270,338.36.

7. Landlord does not object to the reduction of the unsecured claim portion of Claim No. 11964 as set forth in the Claim Objection and above.[2] However, the Claim Objection also

---

[1] Claim No. 11964 was timely filed in the amount of $321,954.09 against Winn-Dixie Stores, Inc., the guarantor under the Lease. Landlord also timely filed Claim No. 11963, in the same amount, against Winn-Dixie Raleigh, Inc., the tenant under the Lease. The Debtors are seeking to disallow Claim No. 11963 through the Debtors' Twentieth Omnibus Objection To (A) Duplicate Different Debtor Claims And (B) Duplicate Liability Claims, and Landlord timely responded to that objection on September 28, 2006. Therefore, except as specifically provided herein, nothing in this Response shall constitute any agreement by Landlord to compromise its rights with respect to Claim No. 11963.

[2] Landlord also does not object to a similar reduction to Claim No. 11963. Landlord does, however, maintain its objection to the disallowance of either Claim No. 11963 or Claim No. 11964.

- 3 -

seeks to preserve the Debtors' "right to amend, modify, or supplement these objections and to file additional objections. . ." *See* Claim Objection at ¶ 31. Landlord does object to such piecemeal treatment of its claims. This prejudices Landlord in that it exposes Landlord to multiple litigation of the same claim, thereby unnecessarily increasing costs to the Landlord and the bankruptcy estate. Creditors are entitled to finality with respect to their claims without unnecessary and duplicative costs. To the extent the Debtors seek to proceed with the Claim Objection, the Debtors should be required to come forward with any and all objections that it wishes to raise. This will allow the Debtors and all other creditors of the estates the benefit of a final adjudication of the claims upon a conclusion of a final hearing or trial.

8. In addition, Landlord disputes Debtors' statement that an administrative claim is not properly assertable on a proof of claim form. Debtors provide no support for this proposition. That notwithstanding, Landlord does not object to filing a separate administrative claim pursuant to Sections 365(d)(3) and/or 503(b), so long as its rights to assert all administrative expense amounts are not prejudiced by any disallowance of the administrative expense portion of Claim No. 11964.[3] Landlord will file an administrative claim to reflect the administrative claims in Claim No. 11964, as well as any additional administrative expenses that may have accrued since the filing of Claim No. 11964.

---

[3] As set forth above, Landlord does not object to similar treatment with respect to Claim No. 11963, with the reservation that Landlord maintains its objection to the disallowance of either Claim No. 11963 or Claim No. 11964. Landlord will file an administrative claim to reflect the administrative claims in Claim No. 11963, as well as any additional administrative expenses that may have accrued since the filing of Claim No. 11963.

### III. CONCLUSION

Landlord does not object to the reduction of Claim No. 11964 as set forth above. In order to protect the interests of the Landlord, however, Landlord respectfully requests that the Court enter an order reflecting the relief requested above and grant such other and further relief as the Court deems just and proper.

Dated: October 2, 2006

**HELD & ISRAEL**

By: /s/ *Adam N. Frisch*
Kimberly Held Israel, Esquire
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
afrisch@hilawfirm.com
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

**KATTEN MUCHIN ROSENMAN LLP**

Thomas J. Leanse (TL-8802)
Dustin P. Branch (DB-3553)
2029 Century Park East, Suite 2600
Los Angeles, California 9006
Phone: (310) 788-4400
FAX: (310) 788-4471

- 4 -