UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                        Chapter 11

WINN-DIXIE STORES, INC., *et al*.,                            Case No.: 3:05-bk-3817-JAF

      Debtors.

_____/

**LIMITED RESPONSE OF SOUTHERN PARTNERS TO THE DEBTORS'
TWENTY-SECOND OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS,
(B) NO LIABILITY MISCLASSIFIED CLAIMS, (C) OVERSTATED CLAIMS,
(D) OVERSTATED MISCLASSIFIED CLAIMS, (E) MISCLASSIFIED CLAIMS
AND (F) AMENDED AND SUPERSEDED CLAIMS (Docket No. 10873)**

Southern Partners, by its undersigned counsel, hereby files a limited response to

the Debtors' Twenty-Second Omnibus Objection To (A) No Liability Claims, (B) No

Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified

Claims, (E) Misclassified Claims And (F) Amended And Superseded Claims (Docket No.

10874) (the "Twenty-Second Omnibus Objection"):

**BACKGROUND**

1.      Southern Partners is the landlord for Winn-Dixie Store #149.  Winn-Dixie

Stores, Inc., et al. (the "Debtors"), recently rejected this store lease.  Consequently,

Southern Partners is a claimant of the bankruptcy estate of the Debtors as a result of

unpaid obligations due under the lease as well as lease rejection damages due under

Bankruptcy Code section 502(b)(6).

2.      In particular, Southern Partners filed a claim against the Debtors for

unpaid lease obligations in the amount of $50,308.76 (Claim #10148).  Southern Partners

specifically reserved its right to subsequently amend this claim for any additional obligations that may later come due, including its right to amend the claim to the extent that the lease was rejected.

3.      Southern Partners subsequently amended this claim to incorporate additional lease obligations that later came due (Claim #13191, in the amount of $58,479.67). Southern Partners again reserved its right to file a subsequently amended claim for obligations that may later come due, particularly its right to amend the claim to the extent that the lease was rejected.

4.      The Debtors subsequently rejected the lease for Winn-Dixie Store #149 in July 2006. Accordingly, Southern Partners subsequently amended Claim #13191 to incorporate its lease rejection damages related to this lease rejection (Claim #13295, in the amount of $260,677.62).

**The Debtors' Objection to Southern Partners' Claims**

5.      On or about September 12, 2006, the Debtors filed the Twenty-Second Omnibus Objection. By way of its objection, the Debtors seek to: (i) disallow Claim #10148, but allow the subsequently-filed Claim #13191 in the amount of $58,479.67, and (ii) reduce Claim #13295 by: (a) $58,479.67 (the amount that Debtors separately seek to allow by way of Claim #13191), (b) $10,049.23 for payments that relate to common area maintenance and insurance charges that the Debtors made to Southern Partners after this claim was filed, and (c) $10,347.92 for post-petition real estate taxes that accrued prior to the lease rejection and are owing, but not yet due since the real estate taxes are paid in

arrears.  In total, the Debtors seek to reduce Claim #13295 by $78,876.82 to the amount of $181,800.80.

**Allowance of Claim #13191**

6.      As an initial matter, Southern Partners agrees with the Debtors' proposal to disallow original Claim #10148, and to allow the subsequently-amended Claim #13191 to survive this claim and be allowed in the higher amount.  As to the Debtors' proposal to remove the amount of Claim #13191 (i.e. $58,479.67) from the subsequently-amended Claim #13295, Southern Partners does not object to this proposed reduction so long as the Debtors (just as they indicated in their notice for this objection) agree to allow Claim #13191 in the amount that they propose to reduce Claim #13295 (i.e. $58,479.67) and do not otherwise contest the validity of Claim #13191.[1]

**The Reduction of Claim #13295**

7.      As noted above, Southern Partners does not object to the reduction from Claim #13295 of the amount of Claim #13191 (i.e. $58,479.67) so long as the Debtors agree to separately allow Claim #13191, as they indicated they would in their notice of objection to Claim #13295.

8.      In addition, Southern Partners agrees with the Debtors' proposed further reduction of Claim #13295 by $10,049.23 for payments relating to common area maintenance and insurance charges that the Debtors made to Southern Partners after this claim was filed.

---

[1] Southern Partners notes for the record that upon removal of the dollar amount of Claim #13191 from the subsequently-amended Claim #13295, Claim #13295 no longer amends and supersedes Claim #13191 – it will now supplement it.

9.      However, Southern Partners objects to the Debtors' proposed further reduction of Claim #13295 by $10,347.92 for post-petition real estate taxes that accrued prior to rejection of the lease and are presently owing, but not yet due since the real estate taxes are paid in arrears.  These real estate taxes will come due in just a few months (December 2006).  At that time, the Debtors' obligation will arise to pay this amount as an administrative expense pursuant to Bankruptcy Code section 503(b).  Southern Partners objects to the reduction of Claim #13295 by this amount unless and until it receives an acknowledgment from the Debtors that the $10,347.92 that is proposed to be reduced from Claim #13295 will be paid as an allowed administrative claim when it comes due.

10.      Accordingly, Southern Partners agrees to certain reductions to its Claim #13295.  Specifically, however, Southern Partners' Claim #13295 should be reduced, subject to the Debtors' allowance of Claim #13191, by only $68,528.70 (not by $78,876.83 as the Debtors propose) – to a fixed and allowed amount of $192,148.72 (which includes the $10,347.92 in real estate taxes that are owed by the Debtors).  To the extent that the Debtors' objection conflicts with this, the Court should deny the objection. In addition, Southern Partners reserves all rights to make any other or further responses to the Debtors' Twenty-Second Omnibus Objection.

**WHEREFORE**, Southern Partners requests that this Court (i) approve and allow Claim #13191 in the amount of $58,479.67, (ii) deny the Debtors' request to reduce Claim #13295 to the extent that the Debtors seek to reduce this claim by $10,347.92 for real estate taxes that are owing to Southern Partners but have not yet come due unless and until the Debtors acknowledge that this amount will be an allowed administrative expense

when it comes due, (iii) fix and allow Claim #13295 at $192,148.72, and (iv) grant such

other and further relief as this Court deems appropriate under the circumstances.

Respectfully Submitted,


/s/ Jason Ward Johnson
Robert F. Higgins, Esquire
Florida Bar No.: 0150244
Jason Johnson, Esquire
Florida Bar No.: 0186538
**LOWNDES DROSDICK DOSTER
KANTOR & REED, P.A.**
215 North Eola Drive
Orlando, Florida 32801
Telephone No. 407-843-4600
Facsimile No. 407-843-4444


and

STRADLEY, RONON, STEVENS &
YOUNG, LLP
Michael P. Migliore (DE Bar #4331)
300 Delaware Avenue
Suite 800
Wilmington,  DE 19899
Telephone No. 302-576-5874
Facsimile No. 302-576-5858

Counsel for Southern Partners

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing *Limited Response Of Southern Partners To The Debtors' Twenty-Second Omnibus Objection To (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims <u>And (F) Amended And Superseded Claims (Docket No. 10874)</u>* was filed with the Clerk of Court by using the Case Management/Electronic Case Filing ("CM/ECF") system which will send a notice of electronic filing, and I will complete service of the foregoing as required by Rule 5, *Federal Rules of Civil Procedure*, made applicable by Rule 7005, *Federal Rules of Bankruptcy Procedure*, to the following: Stephen D. Busey, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; David Jennis, Esq., Jennis & Bowen, P.L., 400 North Ashley Drive, Suite 2540, Tampa, Florida 33602; John B. Macdonald, Esq., Akerman, Senterfitt & Eidson, P.A., 50 North Laura Street, Suite 2500, Jacksonville, Florida 32202; Patrick P. Patangan, Esq., Akerman, Senterfitt & Eidson, P.A., 50 North Laura Street, Suite 2500, Jacksonville, Florida 32202; Elena L. Escamilla, Esq., Assistant United States Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801; Karol K. Denniston, Esq., Paul, Hastings, Janofsky & Waler, LLP, 600 Peachtree Street, Suite 2400, Atlanta, Georgia 30308; Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Plaza, New York, New York 10005; Jane Leamy, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, New York 10036; and D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, New York; this 2nd day of October, 2006.

/s/ Jason Ward Johnson
Jason Ward Johnson

0018880\125359\990289\1

\# 540318  v. 1