**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**RESPONSE/OBJECTION OF VOGEL AND VOGEL, AN ARKANSAS GENERAL PARTNERSHIP, IN OPPOSITION TO DEBTORS' TWENTY- SECOND OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS, (C) OVERSTATED CLAIMS, (D) OVERSTATED MISCLASSIFIED CLAIMS, (E) MISCLASSIFIED CLAIMS, AND (F) AMENDED AND SUPERSEDED CLAIMS  (DOCKET No. 10873)**

Comes now Vogel and Vogel, an Arkansas general partnership ("VOGEL"), by and through its undersigned counsel, and files its Response/Objection in Opposition to Debtors' *Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims, and (F) Amended and Superseded Claims* ("Twenty-Second Omnibus Objection," Docket No. 10873), filed September 12, 2006, and in support of its Response VOGEL alleges:

1. VOGEL owns certain shopping centers in which the Debtors (or certain of them) were tenants. The Debtors have rejected their leases with VOGEL, leaving the remaining issue that of the amount and nature of VOGEL'S claims.

2. In their Twenty-Second Omnibus Objection the Debtors seek entry of an order denying any claim of VOGEL for post-petition real estate taxes, for which Debtors are in fact and in law liable.

3. These post-petition real estate taxes are properly classified as an administrative expense claim entitled to priority.

4. The debtors have previously taken the position that, while they are not liable for pre-petition real estate taxes, they are liable for post-petition real estate taxes. A copy of that acknowledgment is exhibited hereto and made a part hereof.

5. VOGEL asserts this Court should overrule the Debtors' Twenty-Second Omnibus Objection as to the VOGEL claim for post-petition real estate taxes and specifically preserve VOGEL'S rights to file an application for approval of an administrative expense claim for post-petition real estate taxes. VOGEL continues to reserve its right to further amend its Proof of Claim accordingly.

6. VOGEL and the Debtors have been negotiating to resolve these issues and believe that they will be able to submit an agreed order to this Court resolving the Debtors' Twenty-Second Omnibus Objection as to VOGEL'S claims and the instant Response.

**WHEREFORE**, Vogel and Vogel, an Arkansas general partnership, prays that this Court OVERRULE the Debtors' Twenty-Second Omnibus Objection and Request for Reduction and Reclassification of Claims in regards to the Proof of Claim of VOGEL; and that this Court allow the claims asserted in the VOGEL Proof of Claim as filed, or alternatively allow all claims other than for post-petition real estate taxes and reserve VOGEL'S rights to file an application for and

assert an administrative claim for such taxes; and requests such other and proper relief to which VOGEL may be entitled.

        Respectfully submitted,

        SCRUGGS & CARMICHAEL, P.A.

        /s/ Karen K. Specie, Esquire
        KAREN K. SPECIE, ESQUIRE
        Post Office Box 23109
        Gainesville, FL 32602
        Telephone: 352-376-5242
        Fascimile: 352-375-0690
        Florida Bar No. 260746
        Attorneys for Vogel and Vogel

        AND

        J. Maurice Rogers
        Hilburn, Calhoon, Harper,
        Pruniski & Calhoun, Ltd.
        P. O. Box 5551
        North Little Rock, Arkansas  72119
        Telephone:  (501) 372-0110
        Attorneys for Vogel and Vogel,
        an Arkansas General Partnership

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that the foregoing *Response in Opposition to Debtors' Twenty-Second Omnibus Objection and Request for Reduction and Reclassification of Claims* was electronically filed with the US Bankruptcy Court using the Court's Case Management/Electronic Filing System (CM/ECF) on this  2nd **day of October, 2006**, and that pursuant to Rule 5, Federal Rules of Civil Procedure and Rule 7005, Federal Rules of Bankruptcy Procedure, the undersigned furnished a copy of the foregoing either by electronic transmission or by United States first class mail postage prepaid to: **Adam Ravin**, **aravin@skadden.com**, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; **D. J. Baker, djbaker@skadden.com,** Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; **Cynthia C. Jackson, Esquire**, **cjackson@smithhulsey.com**, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL 32201; Official Committee of Unsecured Creditors, c/o **Dennis F. Dunne, Esquire**, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005;

**John B. Macdonald, Esq. , john.macdonald@akerman.com,** Akerman, Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202; **John Longmire, esq.,** Willkie Farr & Gallagher, LLP, 787 Seventh Avenue, New York, NY 10019-6099 **jlongmire@willkie.com**; and **Elena L. Escamilla, Esquire**, Office of United States Trustee – JAX, 135 W. Central Blvd., Suite 620, Orlando, FL 32801; **Stephen D. Busey, Esq.,** Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville FL 32202; **David Jennis, Esquire,** Jennis & Bowen, P.L., 400 North Ashley Drive, Suite 2540, Tampa, FL 33602; and **Patrick P. Patangan, Esq.,** Akerman, Senterfitt & Eidson, P.A., 50 North Laura Street, Suite 2500, Jacksonville, FL 32202.

                /s/ Terri L. Darden

469210v1