UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**KENTUCKY TAXING AUTHORITIES' OBJECTION TO
DEBTORS' OMNIBUS RESPONSE TO MOTIONS TO
VOTE CLAIMS UNDER FED. R. BANKR. P. 3018(A)**

Kentucky Taxing Authorities[1] (KTA), through the undersigned counsel, object to

Debtors' Omnibus Response to Motions to Vote Claims Under Fed. R. Bankr. P.

3018(a) as follows:

- All Kentucky tax liabilities are liquidated

- All time periods in which to protest property tax assessments have expired

- Tax summary

    Tax amounts

        Taxes are due to sixteen (16) Kentucky taxing authorities.  The total

    amount of base tax (excluding interest, penalties and fees) due is

    $277,699.42.  Additionally, Winn Dixie is contesting values on various paid

    accounts thereby seeking a reduction of property taxes in the amount of

    $107,078.11.

---

[1] The "Kentucky Taxing Authorities" consist of the tax collectors for each of the following counties within the Commonwealth of Kentucky: Bullitt, Campbell, Davies, Fayette, Hardin, Jefferson, Nelson, Scott, and Shelby, and the Commonwealth of Kentucky.

Claim Summary

> Claim # 1158 was filed by the City of Hillview, Bullitt County, Kentucky in the amount of $3,886.77 (excluding interest, penalties and fees), which amount remains unpaid.

> Claim # 1351 was filed by the City of Shelbyville, Shelby County, Kentucky in the amount of $5,716.04 (excluding interest, penalties and fees), which amount remains unpaid.

No claims were filed by the remaining Kentucky taxing authorities. However, Winn Dixie has received all statutory notices of the liquidated taxes due from all Kentucky taxing authorities. Additionally, Winn Dixie has filed sworn tax returns for all tangible property accounts that partially form the basis of the amount of taxes due, all of which collectively should be deemed an informal proof of claim by the Court, subject to all defenses available to Kentucky taxing authorities. All the taxing authorities are also relying upon their statutory liens which pass through bankruptcy unaffected. See Dewsnup v. Timm, et al., 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

Statutory interest on the unpaid property tax liabilities is also accruing and due. Interest is accumulating at the rate of 12% per annum from January 1, 2005 (for tax year 2004) and January 1, 2006 (for tax year 2005).

**ARGUMENT**

1)    The two Kentucky taxing authorities which filed proof of claims (#1158 and #1351) voted separate ballots on the acceptance or rejection of the Debtors' Plan pursuant to the instructions of the Voting Agent, Logan & Company, Inc.

2)      As to Claim No. 1158, the base tax amount, exclusive of interest, penalties and fees, is $3,886.77, which amount is <u>unpaid</u>.  The Debtors' schedules of tax liabilities (Exhibits A, B and C to Document No. 7267) indicate that the Debtors agree that they owe $3,085.68 on this claim.  The amount in dispute is $801.09.  Since the tax liability is outstanding, the City of Hillview, Bullitt County, requested that the entire amount of its tax liability, $3,886.77, be allowed for purposes of voting on Debtors' Plan.

3)      As to Claim No. 1351, the base tax amount, exclusive of interest, penalties and fees, is $5,716.04, which amount is <u>unpaid</u>.  The Debtors' schedules of tax liabilities (Exhibits A, B and C to Document No. 7267) indicate that the Debtors agree that they owe $994.72 on this claim.  The amount in dispute is $4,721.32.  Since the tax liability is outstanding, the City of Shelbyville, Shelby County, requested that the entire amount of its tax liability, $5,716.04, be allowed for purposes of voting on Debtors' Plan.

4)      As to the remaining taxing authorities of the KTA, stipulations along with a schedule of tax liabilities containing the base tax amounts, tax amounts paid, tax amounts unpaid, Debtors' revised tax amounts, and the tax amount in dispute, was forwarded to Debtors' counsel for review before the voting deadline.  In addition to the disputed unpaid tax amounts the Debtors are also seeking a refund of property taxes already paid in the amount of $107,078.11, which amount is slightly more than half of what Debtors paid in property taxes.

5)      As to the remaining Kentucky taxing authorities, which have not filed claims in this bankruptcy case, the base tax amount, exclusive of interest, penalties and fees, is $490,369.86, of which $277,699.42 is still unpaid.  The Debtors' schedules of tax liabilities (Exhibits A, B and C to Document # 7267) indicate that the Debtors agree

that they owe $220,105.00.  The amount in dispute is $384,777.53 (property tax amount unpaid plus amount Debtors want refunded under § 505).

6)    The KTA disagree with Debtors statement that "the Kentucky Taxing Authorities have filed several claims including a secured tax claim." (Debtors' Motion p 4)  Debtors would have this Court believe that the KTA willingly subjected themselves to this Court's jurisdiction.  This is not true.  The KTA were dragged into this Court by Debtors' own objections to tax liabilities under § 505 of the Bankruptcy Code.  Through the unconstitutional utilization of § 505 Debtors are seeking refunds of property taxes previously paid by having this Court lower their tax liabilities for 2004 and 2005 below the amount of tax they have already paid.  Debtors had a plain, speedy and efficient remedy under Kentucky law to protest each year's assessment.  Debtors chose not to follow Kentucky law.  Instead Debtors want this Court to redetermine their tax liabilities.  The time under Kentucky law has expired to protest all tax years in dispute.  Additionally, Debtors have already received benefits from each of these taxing jurisdictions without paying their fair share of the costs of those benefits.

7)    Debtors' contend in their motion (¶ 2) that the tax liabilities of the KTA are wholly contingent or wholly unliquidated.  The tax liabilities owed by the Debtors are neither wholly contingent nor wholly unliquidated.  From reviewing Debtors' own schedules filed as exhibits with its omnibus objections to KTA tax liabilities (#7267) the Court can clearly notice that Debtors are not disputing that they owe some amount of property tax to each of the KTA.  Since Debtors admit they owe property tax, the amounts cannot be wholly contingent or wholly unliquidated.  Debtors only have to review their own documents to determine the amount of tax owed.

8)    The tax liabilities of the KTA do not meet the requirements listed in Debtors' motion to deny the KTAs' request to temporarily allow their tax liabilities for voting purposes.  See page 2 and 3 of Debtors' motion where they discuss paragraph 11 of the Solicitation Procedure Order.

Any holder of a Secured Tax Claim in Class 10, whose claim is:

a)  asserted as wholly unliquidated or wholly contingent  -----   which the KTAs' tax liabilities are not;

b)  asserted in an untimely proof of claim  -----    the two proof of claims filed were timely, the remaining KTA did not file proof of claims;

c)  based upon a pending lawsuit as to which no judgment has been rendered  ----- there is not a pending lawsuit;    OR

d)  asserted in a proof of claim as to which an objection to the entirety of the claim is pending as of the Voting Record Date  ------   1) the two proof of claims filed are not objected to in their entirety and 2) (a) the remaining KTA did not file proof of claims and (b) Debtors did not object to the entire amount of KTAs' tax liability in any of the taxing jurisdictions.

After reviewing paragraph 11 of the Solicitation Procedure Order (drafted by Debtors) the Court will note that the KTA tax liabilities do not fit into any of the four categories listed by Debtors.   There seems to be a major flaw in the Solicitation Procedure drafted by Debtors.

Additionally, the KTA object to the method in which Debtors' counsel have handled the scheduling of hearings.  The Court has entrusted Debtors' counsel with management of the docket.  Not only is Debtors' method clearly designed to disrupt an

orderly presentation of evidence of all parties, both debtors and creditors, to the Court for review, the process is being abused by unnecessarily setting hearings without prior consultation with out-of-state counsel and by failing to respond to e-mails and letters in an effort to co-ordinate matters and stipulate facts to ensure the efficient use of judicial resources.  For example, Debtors counsel attempted to schedule a hearing on their objections to the KTAs' tax liabilities a week before the hearing date without a courtesy call or e-mail to out-of-state counsel.  Then counsel advised the hearing could be set for October 5th, KTAs agreed as long as they were heard after the Florida Tax Collectors. Then days later Debtors' counsel e-mails that October 5th is full, what about October 12th.  KTA responded that the date was fine.  Nothing further has been heard from Debtors' counsel concerning the tax liability hearing.   Nor has the hearing been scheduled.  Now Debtors' counsel have scheduled this present 3018 Motion hearing for October 5th, after KTA were advised the October 5th date was full.  Since all the taxing authorities have similar if not identical arguments concerning the property tax liabilities owed by Debtors, it would be judicially economical if those arguments were heard by the Court on the same date.


WHEREFORE, the KTA, respectfully request this Court enter an Order

1)      sustaining the KTAs' objection to Debtors' motion to deny KTAs' 3018 motion;

2)      allow $3,886.77, the full amount of the City of Hillview, Bullitt County, Kentucky, Claim #1158, for voting purposes of accepting or rejecting the Debtors' Plan;

3)      allow $5,716.04, the full amount of the City of Shelbyville, Shelby County, Kentucky, Claim # 1351, for voting purposes of accepting or rejecting the Debtors' Plan;

4)      allow $384,777.53, consisting of unpaid property taxes in the amount of $277,699.42, and property tax refunds in the amount of $107,078.11,  for the remaining KTA for voting purposes of accepting or rejecting the Debtors' Plan; AND

5)      for other relief as the Court deems proper.

Respectfully submitted,

*/s/Susan F. Stivers*
Susan F. Stivers
Kentucky Bar No. 81386
Attorney for Finance & Administration
  Cabinet
Department of Revenue
P.O. Box 5222
Frankfort, Kentucky  40602-5222
Ofc:  (502) 564-4921 ext 4445
Fax:  (502) 564-7348
susan.stivers@ky.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Kentucky Taxing Authorities' Objection To Debtors' Omnibus Response To Motions To Vote Claims Under Fed. R. Bankr. P. 3018(A) will be served electronically by the court's CM/ECF System on the date filed on the 3rd day of October, 2006, on the parties whose names are listed below:

*s/Susan F. Stivers*
Susan F. Stivers
Department of Revenue

Copies to be served on:

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699
Debtors

D.J. Baker
Skadden, Arps, Slate, Meager
& Flom LLP
Four Times Square
New York, NY  10036

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street Suite 1800
Jacksonville, FL  32202

Co-counsel for Debtors

Elena L. Escamilla
135 W Central Blvd. Ste 620
Orlando, FL  32806
U.S. Trustee's Office

Dennis F. Dunne
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY  10005
Creditor Committee