**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>**

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**<u>DEBTORS' REPLY TO FLORIDA TAX
COLLECTORS' MOTION TO ABSTAIN (DOCKET NO. 10594)</u>**

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), file this reply to the Florida Tax Collectors' "Response to and Motion to Abstain from Consideration of Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities" (Docket No. 10594) and state:

1. On June 29, 2006, the Debtors filed a proposed Disclosure Statement (the "Disclosure Statement") together with a proposed Joint Plan of Reorganization (the "Plan"). The Disclosure Statement was approved by Order of the Court dated August 4, 2006. A hearing to consider confirmation of the Plan is scheduled for October 13, 2006.

2. By order dated April 28, 2005 (the "Claims Bar Date Order"), this Court set August 1, 2005 as the last date for all parties who have prepetition claims against the Debtors to file and serve a proof of claim as is defined in 11 U.S.C. § 101(5). The bar date applicable to governmental entities was August 22, 2005.

3.      The Debtors' notice agent, Logan & Company, provided notice of the bar date by mailing a notice approved by the Court (the "Bar Date Notice") and a proof of claim form in accordance with the Claims Bar Date Order and the Bar Date Notice.

4.      On August 22, 2005, Brian T. Fitzgerald filed proof of claim number 11669 in the amount of $59,951.54 on behalf of the Miami-Dade County Tax Collector.  On November 22, 2005, Mr. Fitzgerald filed proof of claim number 12566 in the amount of $68,455,687.93 on behalf of sixty-five different Florida tax collectors, including the tax collector for Miami-Dade (collectively, the "Florida Tax Collectors").  These proofs of claim (collectively, the "Florida Tax Claims") include (i) tax claims for the 2004 and 2005 taxes owed by entities other than the Debtors, such as the Debtors' landlords, (ii) claims assessed against entire shopping centers owned by the Debtors' landlords for which the Debtors are responsible under store leases for tax liabilities on only a portion of the centers and (iii) tax claims on properties neither owned by the Debtors nor their landlords (claims asserted in error).

5.      On August 8, 2006, the Debtors filed an objection to the Florida Tax Claims combined with a motion under Bankruptcy Code Section 505 (the "Objection and Motion"; Docket No. 10046), requesting that the Court (a) determine the correct market values for the properties identified in the Objection and Motion in order to determine the Debtors' tax liabilities for the tax years 2004, 2005 and 2006, (b) determine the appropriate interest rate for amounts due, (c) authorize the Debtors to offset the excess amount overpaid to the Florida Tax Collectors for prior years against

liabilities for other years, and (d) extinguish any liens against the Debtors properties once the underlying taxes are paid.

6.      The time within which the Debtors may contest their tax liabilities for 2004 and 2005 has expired under Florida law.

7.      On August 28, 2006, the Florida Tax Collectors filed a "Response to and Motion to Abstain from Consideration of Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities" (Docket No. 10594) (the "Motion to Abstain").

**Argument**

8.      The Florida Tax Collectors ask the Court to exercise its discretion and abstain from considering the Objection and Motion under Section 505 of the Bankruptcy Code and 28 U.S.C. §1334 (c)(1).  Section 1334 provides:

> Nothing in this section prevents a district court in the interest of justice, or  in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

A.    The Court should not abstain because no alternate forum exists.

9.      Whether under Section 1334 or Section 505, this Court has a "virtually unflagging obligation" to exercise its validly conferred jurisdiction, *Colorado River Water Con. Dist. v. U.S.*, 424 U.S. 800, 817 (1976);

> Abstention from the exercise of federal jurisdiction is the exception, not the rule)
>
> *Cormier v. Green.*, 2005 WL 1620475 (11th Cir. 2005).

10. It is a fundamental premise that a federal court must exercise its jurisdiction over a controversy if there is not an available alternate forum:

> The bankruptcy courts will not abstain, however, when no other court, federal, state or local, has jurisdiction over the proceeding in question.
>
> *In re Hospitality Ventures/Lavista,* 314 B.R. 843 (Bankr. N.D. Ga. 2004)

11. Because the Debtors did not timely contest their 2004 and 2005 tax liabilities under Florida law, if the Court were to abstain, the Debtors and their creditors would have no forum to contest these tax liabilities--they would be time-barred under Fla. Stat. §§194.011 and 194.171(2).

12. Under similar facts, the Georgia Bankruptcy Court in *LaVista,* held that it could not abstain from hearing a Section 505 motion by a debtor that was time-barred from contesting its tax assessments under state procedures:

> If a bankruptcy court has jurisdiction over a dispute and there is no other tribunal to resolve it, the court is *obligated* to hear the dispute. Because there is no alternative forum here, the court cannot abstain under § 1334(c)(1).
>
> > 314 B.R. at 851
> > (emphasis added)

Because Florida forums are no longer available to the Debtors, the Court is without discretion to abstain from hearing the Objection and Motion. For that reason alone, the Motion to Abstain should be denied.

B.      <u>Even if the Court could abstain, the Court should decline to do so.</u>

13.     The United States District Court for the Middle District of Florida has addressed the standard for abstention under Section 1334 in the context of a Section 505 proceeding:

> [B]ankruptcy courts should not decline to determine the amount of liability of taxes unless abstention would serve the interests of creditors and debtors. If the impact of abstention over the general administration of an estate is minimal or nonexistent, abstention may be appropriate.
>
> > *In re Parsons*, 153 B.R. 585, 587
> > (M.D. Fla. 1993) (citations omitted).

14.     It would be in the best interest of the Debtors and their creditors to have all of the Florida tax liabilities determined at one time and in one forum (rather than across 65 different forums throughout the State). Moreover, if the Court abstained, it would have a significant impact on the Debtors' estates and their creditors because the Debtors would be left without the right to contest their 2004 and 2005 tax

5

liabilities. Accordingly, even if the Court could abstain, it should not do so under Section 1334.

15. Judge Hyman addressed the efficiency of the bankruptcy forum in *In re Lake Worth Generation, LLC*, 318 B.R. 894 (Bankr. S.D. Fla. 2004), in which he was asked by a tax collector to abstain from adjudicating the debtors' Section 505 motion. Judge Hyman denied the motion, holding:

> This Court notes that the Debtors' outstanding taxes owed to the Tax Collector must be determined in accordance with applicable State law. This Court will so determine the Debtors' taxes, and by doing so casts no doubts or reservations on the State court's ability to do so. However, efficiency and convenience persuade this Court to retain the present issue in the Bankruptcy Court. Given the simple nature of this tax controversy and the Court's administration of all other issues in the Debtors Chapter 11 case, this Court sees no affront to an otherwise busy State court in determining the Debtor's outstanding taxes according to Florida law.
>
> *Lake Worth*, 318 B.R. at 907.

Consistent with the reasoning of Judge Hyman in *Lake Worth*, this Court should not abstain from adjudicating the Objection and Motion.

16. The Florida Tax Collectors ignore these well-settled standards for abstention and contend that abstention is appropriate because (i) this is a non-core proceeding, (ii) the uniformity of tax assessments is of significant importance, and (iii) it would be more efficient and less costly to have the issues decided by the 65 different taxing authority jurisdictions. For the following reasons, these factors do not merit the Court's abstention.[1]

---

[1] The Florida Tax Collectors also assert a number of jurisdictional issues (including the Tax Injunction Act,

      (i)    <u>*This is a core proceeding*</u>.

17. The Florida Tax Collectors contend that the Debtors' Objection and Motion is not a core proceeding. To the contrary, it is well-settled that bankruptcy courts have "core jurisdiction" over Section 505 motions under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O). *See, e.g. In re Lake Worth Generation, LLC*, 318 B.R. 894, 898 (Bankr. S.D. Fla. 2004).

      (ii)    <u>*Adjudication of the Objection and Motion will not disrupt the uniformity of assessments.*</u>

18. The Florida Tax Collectors argue that if this Court adjudicates the Objection and Motion, it will disrupt the agencies' uniform system of assessing Florida properties. No such disruption will occur. If the Debtors were contesting the tax rate itself, the Court's determination could disrupt the uniformity of tax assessments, but here the Debtors simply challenge the excessiveness of the assessments on the Debtors' properties and ask the Bankruptcy Court to determine their tax liabilities based upon the true value of the Debtors' properties:

> Because the trustee only challenges the excessiveness of the appraisal district's valuation of the estate's property, the taxes to be paid by other taxpayers will not be affected, nor will uniformity of assessment be placed in issue (i.e., the overall valuation methodology used by the appraisal district is not being generally attacked).
>
>                             *In re New Haven*, 225 F.3d 283, 287 (2nd Cir. 2000).

---

the Eleventh Amendment's sovereign immunity and Florida's Statute of Non-Claim) which are also raised by their companion Motion to Dismiss (Docket No. 10609). These jurisdictional issues should be considered in connection with the Motion to Dismiss and are not relevant to the Motion to Abstain.

19. The Court's adjudication of the Objection and Motion will in no way affect the valuation standard used by the taxing authorities. Indeed, the Debtors ask this Court to use the valuation standards established by Florida law in order to determine the Debtors' tax liabilities. Accordingly, in no event will the Court's adjudication of the Objection and Motion disrupt the Florida Tax Collectors' uniformity of assessments.

> (iii) *It would be more efficient and less costly to adjudicate the Objection and Motion in Bankruptcy Court.*

20. The Florida Tax Collectors contend that it would be more efficient and less costly for the Debtors to contest their tax liabilities in the 65 different jurisdictions at issue. Nothing could be further from the truth. Again, and most importantly, if the Debtors were required to contest their tax liabilities in Florida tribunals they would be time-barred from having their prepetition tax liabilities for 2004 and 2005 determined by the Court as permitted by Section 505. Even if the Debtors were not time-barred, because (i) the parties are already before the Court in a mutually convenient Florida forum (and the Florida Tax Collectors are largely represented by one attorney), and (ii) of the similarity of the assets involved (grocery store fixtures and properties), it would be more efficient to have this Court determine the issues. If not, the Debtors would be forced to appear and have counsel available in 65 different jurisdictions.

21. The Florida Tax Collectors assert that the Debtors' Objection and Motion is forcing difficult local decisions to increase taxes or cut local budgets. This

argument is wholly immaterial to this proceeding in which the Debtors seek only to determine the tax they lawfully owe.[2]

## Conclusion

The Court should deny the Motion to Abstain.

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By   *s/ D. J. Baker*    D. J. Baker   Sally McDonald Henry   Rosalie Walker Gray | By   *s/ Cynthia C. Jackson*    Stephen D. Busey   James H. Post   Cynthia C. Jackson (FBN 498882) |
| Four Times Square  New York, New York 10036  (212) 735-3000  (917) 777-2150 (facsimile)  djbaker@skadden.com | 225 Water Street, Suite 1800  Jacksonville, Florida  32202  (904) 359-7700  (904) 359-7708 (facsimile)  cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

00543562.DOC

---

[2] In any event, public information of the Florida Department of Revenue reports that total 2004 Florida property tax revenues were 22.47 *billion* dollars.  See http://www.myflorida.com/dor/report/2005/numbers.html; the Florida Tax Collectors now concede that the amount in dispute with the Debtors is no more than $14 million, which is far less than the cumulative reserve for contingencies required by Fla. Stat. §129.02.