**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**DEBTORS' REPLY TO FLORIDA TAX**
**COLLECTORS' MOTION TO DISMISS (DOCKET NO. 10609)**

SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)

and

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000
(212) 735-2000 (facsimile)

Co-Counsel for Debtors

## Table of Contents

Page

Background ................................................................................................................. 1

Argument ................................................................................................................... 4

A.  The Tax Injunction Act does not prohibit this Court from determining the Debtors' tax liabilities under Section 505............................................................. 5

B.  The Debtors have not waived their rights to contest their tax liabilities under Section 505 ....................................................................................................... 7

C.  The Debtors' are not required by 28 U.S.C. §§ 959 and 960 to challenge their 2006 tax liability through the state process or in the state tribunals.................... 9

D.  The Debtors are not required to file an adversary complaint or join the Florida property appraisers or the Florida Department of Revenue................................. 9

E.  Section 505 proceedings are not barred by the Eleventh Amendment .............. 14

    (i)  The Florida Tax Collectors filed proofs of claim and therefore waived any claim of immunity ...................................................... 15

    (ii)  The Court has the authority to adjudicate the Motion and Objection even if the Florida Tax Collectors had not consented to the Court's jurisdiction ................................................................................... 17

    (iii)  In any event, the Court has ancillary *in rem* jurisdiction.............. 19

F.  The determination of the Debtors' ad valorem taxes under Section 505 does not violate the Tenth Amendment to the United States Constitution ...................... 21

G.  The Debtors have standing to contest, and the Court has jurisdiction to adjudicate, tax liabilities on properties the Debtors lease rather their own ....... 22

    (i)  The Debtors have standing.......................................................... 22

    (ii)  The Court has jurisdiction to determine the Debtors' tax liabilities whether the liabilities relate to owned or leased property ............ 22

H.  Arguments Relating to the Merits of the Objection and Motion ....................... 23

Conclusion ............................................................................................................... 25

## DEBTORS' REPLY TO FLORIDA TAX
## <u>COLLECTORS' RESPONSE AND MOTION TO DISMISS</u>

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), file this reply to the Florida Tax Collectors' "Response to and Motion to Dismiss Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities" (Docket No. 10609) (the "Motion to Dismiss") and state:

### <u>Background</u>

1.      On June 29, 2006, the Debtors filed a proposed Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Disclosure Statement") together with a proposed Joint Plan of Reorganization (as modified, the "Plan"). The Disclosure Statement was approved by Order of the Court dated August 4, 2006. A hearing to consider confirmation of the Plan is scheduled for October 13, 2006.

2.      By order dated April 28, 2005 (the "Claims Bar Date Order"), this Court set August 1, 2005 as the last date for all parties who have prepetition claims against the Debtors to file and serve a proof of claim as is defined in 11 U.S.C. § 101(5). The bar date applicable to governmental entities was August 22, 2005.

3.      The Debtors' notice agent, Logan & Company, provided notice of the bar date by mailing a notice approved by the Court (the "Bar Date Notice") and a proof of claim form in accordance with the Claims Bar Date Order and the Bar Date Notice.

4.      On August 22, 2005, Brian T. Fitzgerald filed proof of claim number 11669 in the amount of $59,951.54 on behalf of the Miami-Dade County Tax Collector.  On November 22, 2005, Mr. Fitzgerald filed proof of claim number 12566 in the amount of $68,455,687.91 on behalf of sixty-five different Florida tax collectors, including the tax collector for Miami-Dade (collectively, the "Florida Tax Collectors").  These proofs of claim (collectively, the "Florida Tax Claims"), include (i) tax claims for the 2004 and 2005 taxes owed by entities other than the Debtors, such as the Debtors' landlords, (ii) claims assessed against entire shopping centers owned by the Debtors' landlords for which the Debtors are responsible under store leases for tax liabilities on only a portion of the centers, and (iii) tax claims on properties neither owned by the Debtors nor their landlords (claims asserted in error).

5.      Although the Florida Tax Claims assert over $68 million is due, the Florida Tax Collectors now concede (Memorandum, Docket No. 11505, para. 2) that the Debtors owe no more than $14 million.  The Debtors believe they owe the Florida Tax Collectors substantially *less* than $14 million.

6.      On November 21, 2005, the Florida Tax Collectors filed a "Motion for Leave to File Proofs of Claim without Prejudice" (Docket No. 4283); the "Motion for Leave").  The Debtors filed an objection to the Motion for Leave on February 16, 2006 (Docket No. 5874; the "Objection").

7.      Also on November 21, the Florida Tax Collectors filed a "Motion for Adequate Protection" (Docket No. 4284; the "Adequate Protection Motion").  The Debtors filed a response in opposition to the Adequate Protection Motion on May 1, 2006 (docket No. 7537; the "Response").

2

8.      On August 8, 2006, the Debtors filed  an objection to the Florida Tax Claims combined with a motion under Bankruptcy Code Section 505 (the "Objection and Motion"; Docket No. 10046), requesting the Court to (a) determine the correct market values for the properties identified in the Objection and Motion, in order to determine the Debtors' liabilities to the Florida Tax Collectors for the tax years 2004, 2005 and 2006, (b) determine the appropriate rate for any interest due from the Debtors, (c) authorize the Debtors to offset excess amounts paid to the Florida Tax Collectors for prior years against liabilities for other years, and (d) extinguish any liens against the Debtors' properties once the underlying taxes are paid.

9.      On September 28, 2006, the Florida Tax Collectors filed a "Memorandum of Law in Support of Pending Motions" (Docket No. 11505) (the "Memorandum").  By the Memorandum, the Florida Tax Collectors assert amounts in connection with the Motion for Leave and Motion for Adequate protection, as well as the Motion to Dismiss and companion Motion to Abstain (Docket No. 10594).[1]

10.      By the Motion to Dismiss, the Florida Tax Collectors ask the Court to dismiss the Debtors' Objection and Motion, arguing that (i) the Tax Injunction Act precludes this Court from determining the Debtors' tax liabilities, (ii) the Debtors have waived their right to contest the 2004 and 2005 taxes under Section 505 because the Debtors failed to timely contest the taxes under Florida law, (iii) 28 U.S.C. § 959 and 960 require the Debtors to challenge their tax liabilities through the Florida state process and before state tribunals rather than in this Court under Section 505, (iv) the

---

[1] The Debtors have filed a separate reply to the Motion to Abstain and rely on their prior filed Objection to the Motion for Leave and Response to the Motion for Adequate Protection.

Debtors should be required to file an adversary proceeding and name the Florida property appraisers and the Florida Department of Revenue as the defendants rather than the Florida Tax Collectors, (v) this Court lacks jurisdiction to determine the Debtors' tax liabilities under the Eleventh Amendment to the United States Constitution, (vi) Bankruptcy Code Sections 106 and 505 are unconstitutional, and (vii) the Tenth Amendment of the Constitution precludes the Court from determining the Debtors' tax liabilities.

11.     The Florida Tax Collectors also argue in the Memorandum that (i) the Objection and Motion should be dismissed because the Debtors have "failed to allege the jurisdictional prerequisites" of Section 505 and (ii) the Debtors have no standing to contest, and the Court has no jurisdiction to consider, taxes assessed against properties owned by the Debtors' landlords.

12.     For the following reasons, the Florida Tax Collectors' Motion to Dismiss should be denied.

## **Argument**

13.     Despite the Florida Tax Collectors' argument to the contrary, Congress has provided this Court express jurisdiction to consider the Debtors' Objection and Motion.  Section 505 of the Bankruptcy Code provides:

> [T]he court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. §505(a)(1).

4

14.     It is well-settled that Section 505 adjudications are within the Court's core jurisdiction.  *See, e.g. In re Lake Worth Generation, LLC*, 318 B.R. 894, 898 (Bankr. S.D. Fla. 2004) (J. Hyman) (in adjudicating a §505 motion: "This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K) and (O).").

A.      The Tax Injunction Act does not prevent this Court from determining the Debtors' tax liabilities under Section 505.

15.     The Florida Tax Collectors argue that notwithstanding the express jurisdiction given the Court by Section 505, this Court is precluded from determining the Debtors' tax liabilities pursuant to 28 U.S.C. § 1341 (the "Tax Injunction Act").[2]

16.     The Tax Injunction Act provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the court of such State.

> 28 U.S.C.A. § 1341.

17.     The Tax Injunction Act does not preclude the Court from adjudicating the Objection and Motion.  First, the Debtors do not by their Objection and Motion seek to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law."  To the contrary, the Debtors ask this Court to determine the Debtors' tax liabilities under Florida law so that the Debtors may pay the Florida Tax Collectors

---

[2] The Florida Tax Collectors also incorrectly assert that Section 362(b)(18) of the Bankruptcy Code precludes the Court from adjudicating the Objection and Motion.  That section merely provides that the automatic stay does not apply to the creation or perfection of a statutory lien for post-petition ad valorem taxes and has no relevance to the Objection and Motion.

any amounts due.  Secondly, there is "no plain, speedy and efficient remedy" for the

Debtors in State Court because, as the Florida Tax Collectors admit, the Debtors are

time-barred from contesting the estates' 2004 and 2005 tax liabilities under Florida

law.

18.    In any event, there is ample precedent that Section 505 is an *exception*

to the Tax Injunction Act:

> It is well established, however, that the Tax Injunction
> Act does not prevent a Bankruptcy Court from enforcing
> the provisions of the Bankruptcy Code that affect the
> collection of state taxes.
>
> > *In re Hechinger Inv. Co. of
> > Delaware, Inc.*, 335 F.3d 243, 247
> > (3d Cir. 2003).

> Federal Appeals Courts have uniformly ruled that 11
> U.S.C. § 505 carves out a well recognized exception to
> both the [Tax Injunction Act] and the principles of
> comity, for cases being adjudicated within a bankruptcy
> court.
> > *In re Pontes*, 280 B.R. 20, 26 (Bankr.
> > D. RI 2002).

*See also  City Vending of Muskogee, Inc. v. Oklahoma Tax Comm.*, 898 F.2d 122, 123

(10th Cir. 1990) ("Section 1341, however, will not preclude the determination of state

tax liability where federal courts have jurisdiction under [Section 505] of the

Bankruptcy Code.").

19.    The Florida Tax Collectors contend that the Tax Injunction Act trumps

Section 505 under the canon of construction that specific legislation controls over

general laws.  Specific laws do control over general ones, and Section 505 is the more

specific law.  Unlike the Tax Injunction Act, Section 505 applies only in bankruptcy proceedings and only in certain circumstances.  As such, Section 505 is the more specific law and overrides the general language of the Tax Injunction Act:

> Courts considering the interplay between the [Tax Injunction Act] and Section 505 have held that Congress intended the more specific Bankruptcy Code provision to override and supercede the older general language of the [Tax Injunction Act].

*Pontes supra*, 280 B.R. at 27.

20.    This Court is authorized to adjudicate the Objection and Motion under Section 505 of the Bankruptcy Code notwithstanding the Tax Injunction Act.

B.    The Debtors have not waived their rights under Section 505.

21.    The Florida Tax Collectors argue that the Debtors "have waived any right to contest the 2004 or 2005 property taxes" under Section 505 because they are time-barred from contesting those tax years in Florida state court under Fla. Stat. §194.171(2).

22.    A Florida tax collector made the same argument in *In re Piper Aircraft Corp.*, 171 B.R. 415 (Bankr. S.D. Fla. 1994).  Chief Judge Mark of the Southern District of Florida disagreed, and held directly to the contrary:

> The broad grant of jurisdiction contained in § 505 makes no reference to time periods imposed by state law . . . [A] debtor as representative of the bankruptcy estate is allowed to contest tax debts in the bankruptcy court even though his prior inaction would bar him from contesting them elsewhere.  This is permitted on the grounds that taxes with their priority pose a special problem for creditors, and

creditors should not be prejudiced by a debtor's inaction.

[The Debtor] may challenge the assessed value of the real and personal property which is the subject of the 505 Motion and may seek a determination of tax liability for each of the years in question under Section 505 of the Bankruptcy Code notwithstanding its failure to timely challenge the assessments under Florida law.

171 B.R. at 418 (citations omitted).

See also In re Home and Housing of Dade County, Inc., 220 B.R. 492, 495 (S.D. Fla. 1998) ("The debtor is given a renewed opportunity to contest the amount due for taxation, and the bankruptcy court is not bound by the time limits to determine the amount of the taxes applicable in any other forum."); In re Hospitality Ventures/Lavista, 314 B.R. 843, 846 (Bankr. N.D. Ga. 2004) ("505(a) allows a chapter 11 debtor, as the representative of the bankruptcy estate, to contest ad valorem taxes on the ground that property was not properly assessed even if the debtor's prior failure to contest the assessment precludes any relief under state law."); Matter of East Coast Brokers & Packers, Inc., 142 B.R. 499 (Bankr. M.D. Fla. 1992) (holding that the expiration of Florida limitations period for contesting assessment for ad valorem taxes did not deprive bankruptcy court of jurisdiction to determine debtor's liability for the taxes).

23.    This Court has jurisdiction to determine the Debtors' tax liabilities under Section 505 of the Bankruptcy Code for the years 2004, 2005, and 2006, regardless of whether the Debtors are time-barred from doing so under Florida law.[3]

---

[3] The Florida Tax Collectors also argue that the Debtors have waived their Section 505 rights under the doctrines of laches and unclean hands. The Florida Tax Collectors do not allege any

C.    The Debtors are not required by 28 U.S.C. §§ 959 and 960 to challenge their
      2006 tax liability through state tribunals.

24.    The Florida Tax Collectors argue that 28 U.S.C. Sections 959 and 960 require the Debtors to challenge their tax liabilities "within" the Florida statutory process before state tribunals.  Motion to Dismiss, p. 3.

25.    This argument is contrary to the holding in *Piper*, *supra* and other cited authorities.  Moreover, the Florida Tax Collectors cite no authority for the proposition that Section 959 or 960 in any way limits a debtor's right to contest its tax liability in the bankruptcy court pursuant to Bankruptcy Code Section 505.

D.    The Debtors are not required to file an adversary complaint or join the Florida
      property appraisers or the Florida Department of Revenue.

26.    The Florida Tax Collectors argue that the Debtors should be required to dismiss the Objection and Motion and instead file an adversary proceeding and name as defendants, the Florida property appraisers and the Florida Department of Revenue, not the Florida Tax Collectors.  The Florida Tax Collectors contend that Rule 7001 requires that this matter be brought as an adversary proceeding because the Debtors seek "a determination of the extent of the Florida Tax Collectors' statutory liens;" a "request to seek injunctive relief" and a "request for a declaratory decision" regarding "just value."  Motion to Dismiss, p. 3.  The Debtors agree that Rule 7001(2), (7) and (9) generally requires that the Debtors bring an adversary proceeding

---

facts in support of either of these affirmative defenses.  Moreover, because the Debtors are authorized to bring a Section 505 action despite the timeliness of their state actions, the doctrine of laches is inapplicable.  *Accord, In re Olde Fla. Inv. Ltd.,* 297 B.R. 848 (Bankr. M.D. Fla. 2003).

to determine "the extent of a lien," 7001(2); "to obtain an injunction," 7001(7) or for a "declaratory judgment," 7001(9). The Debtors do not, however, seek such relief by the Objection and Motion.

27.    More pertinently, and as conceded by the Florida Tax Collectors, "Bankruptcy Rule 3007 provides that a claim objection combined with relief requested of the kind specified in Bankruptcy Rule 7001 *deems the proceeding an adversary proceeding*." Motion to Dismiss, para. 11 (emphasis added). Thus, to the extent the Objection and Motion requests relief which would otherwise require an adversary proceeding, the objection "becomes an adversary proceeding." Bankruptcy Rule 3007.

28.    The Florida Tax Collectors contend that notwithstanding Rule 3007, the Debtors should still be required to dismiss the Objection and Motion and file an adversary proceeding because the "Debtors' Objection combines so many issues involving essential indispensable parties (Florida Property Appraisers and Florida Department of Revenue)." Motion to Dismiss, p. 3, para.14.

29.    The Florida Tax Collectors cite no authority for this proposition.  To the contrary, a debtor is *not* required to file an adversary complaint to have a bankruptcy court determine its tax liabilities under Section 505. In *In re Lake Worth Generation, LLC*, 318 B.R. 894,  905 (Bankr. S.D. Fla. 2004);  the Palm Beach County Tax Collector asked the Court to dismiss a debtor's section 505 motion on the same grounds. Judge Hyman denied the motion, stating:

> [T]here exists no provision within Rule 7001 that requires a proceeding to determine a tax liability under §

> 505 to be filed as an adversary proceeding. Therefore, a *motion* filed under § 505 is the proper vehicle to determine a tax liability."
>
> 318 B.R. at 904-905 (emphasis in original)

*See also, Matter of Taylor*, 132 F.3d 256, 262 (5th Cir. 1998) ("[T]he normal procedure to determine the amount of a tax debt is for the debtor to file a motion requesting that the bankruptcy court make the determination under 11 U.S.C. § 505."); *In re Cable & Wireless USA, Inc*., 331 B.R. 568, 576 (Bankr. D.Del. 2005) ("The simple fact is that since there is no procedure proscribed in section 505(a), Federal Rule of Bankruptcy Procedure 7001 does not list resolution of a creditor's claim as an adversary proceeding."); *In re Carson*, 227 B.R. 148, 149 (S.D. Ind. 1998) (stating that a determination under §505 "should be made under Rule 9014, which governs contested matters, because it does not fall within adversary proceedings as delineated by Rule 7001."); *In re Whelan,* 213 B.R. 310, 313 (Bankr. W.D. La. 1997) (holding that a determination of debtor's tax liability should be made under Bankruptcy Rule 9014).

30.    Moreover, neither Florida property appraisers nor the Florida Department of Revenue are necessary parties for the Court to grant the relief sought by the Debtors.    Under Section 505, the *Bankruptcy Court*—not the property appraisers—is authorized to revalue the Debtors' property.  In *Blue Cactus Post, L.C. v. Dallas County Appraisal District (In re Blue Cactus Post, L.C.)*, 229 B.R. 379, 386 (Bankr. N.D. Tex. 1999), the Bankruptcy Court addressed this same issue and held

that the local property appraiser was *not* necessary to the Court's exercise of its

Section 505 jurisdiction:

> [U]nder 11 U.S.C. § 505(a)(1), *the Court*, and not the DCAD [the Dallas County property appraiser] is responsible for valuing the property and ultimately determining the amount of tax.
>
> > 229 B.R. at 386 (emphasis added).

The Bankruptcy Court in *Blue Cactus* held it is irrelevant who is responsible *under*

*state law* to determine the amount of the debtor's tax:

> It is true that procedurally, pursuant to the [Texas] Property Tax Code, the DCAD [Dallas County Appraisal District] is responsible for initially determining the value of the property located within its boundaries for tax purposes as of January 1st of each year. The DCAD is also involved in the protests of this valuation by the taxpayer. However, this proceeding was not brought under the Property Tax Code, it was brought under the Bankruptcy Code, which preempts state law, and authorizes the Court, subject to certain limitations, to 'determine the amount or legality of any tax, fine, or penalty relating to a tax, or any addition to tax whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.'
>
> > ***
>
> The power to disregard the state's procedural requirements for protesting tax liabilities under the Bankruptcy Code goes to the very heart of the necessity for the determination by the bankruptcy court under § 505. Therefore, the substantive law of the State of Texas will govern the Court's determination in this proceeding, but the procedural requirements, including the necessity to bring a petition for review against the appraisal

district, are irrelevant. The DCAD is not a necessary
party under Rule 19(a), and should be dropped from this
adversary proceeding.

229 B.R. at 386-87.

31.     Because the Debtors *seek no relief against the Florida property appraisers*, they are not necessary in this proceeding.  Moreover, here the *Florida Tax Collectors* filed the Florida Tax Claims which are the subject of the Objection and Motion.  It is those claims to which Debtors object.  The Debtors were *required* to serve the Florida Tax Collectors under Rule 3007.

32.     In support of their argument that the Objection and Motion should be dismissed for failure to name the appropriate Florida property appraisers, the Florida Tax Collectors cite *In re Psychiatric Hospitals of Fla., Inc.*, 217 B.R. 645 (Bankr. M.D. Fla. 1997).  In *Psychiatric Hospitals*, Judge Paskay denied the Debtors' motion to determine tax liabilities as to the Florida tax collector (but not the Florida property appraiser) holding that because the motion requested that the Debtors' property be revalued and the tax collector had no authority under Florida law to value the debtor's property, no relief was available against the tax collector.

33.     *Psychiatric Hospitals* is not persuasive and does not hold up under the more reasoned analysis of *Blue Cactus*.  An action under Section 505 to determine a debtor's tax liability is not, as *Psychiatric Hospitals* suggests, an action to force a state taxing authority to revalue the debtor's property and the Debtors seek no such relief.  To the contrary, the Debtors ask *this Court* to revalue the properties and based

13

upon such values, to reduce the Florida Tax Claims and permit the Debtors to offset overpayments made for prior years against future tax liabilities. [4]

34.    Under Florida law, it is the county tax collector, not the local property appraisers, who are charged with collecting taxes on behalf of local taxing entities.  It is the tax collectors that are the true parties in interest in any dispute over the correct amount of taxes due and payable.  The Florida property appraisers are neither necessary nor indispensable parties.  The Debtors' properly filed the Objection and Motion against the *claimants in these cases*, the Florida Tax Collectors. [5]

E.    <u>Section 505 proceedings are not barred by the Eleventh Amendment.</u>

35.    The Florida Tax Collectors argue that the Objection and Motion are barred by the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

> U.S. Const. Amend XI.

---

[4] Although not cited by the Florida Tax Collectors, *In re Polygraphex Systems, Inc.,* 275 B.R. 408 (Bankr. M.D. Fla. 2002) reached a similar conclusion.  The reasoning of *Polygraphex* is similarly inferior to *Blue Cactus*.

[5] Without discussion, bankruptcy courts both in Florida and across the country adjudicate Section 505 motions against the appropriate tax collector rather than a property appraiser or state department of revenue.  See e.g., *In re East Coast Brokers & Packers, Inc.*, 142 B.R. 499 (Bankr. M.D. Fla. 1992); *In re Atlantic Community Care, Inc.*, 325 B. R. 661 (Bankr. M.D. Fla. 2005); *Lake Worth*, 318 B.R. 894 (S.D. Fla.); *Piper Aircraft*, 171 B.R. 415 (S.D. Fla.); *Pontes*, 280 B.R. 20 (D. R.I.).

36.     The Eleventh Amendment prohibits "suits" against "States" unless (i) the state consents, (ii) the state's immunity from suit has otherwise been abrogated or waived or (iii) the issue to be adjudicated involves only *in rem* rather than *in personam* jurisdiction.  *Tenn. Student Asst. Corp. v. Hood*, 124 S.Ct. 1905 (2004).

    (i)    The Florida Tax Collectors filed proofs of claim and thereby waived any claim of immunity.

37.     The Eleventh Amendment does not prohibit the prosecution and adjudication of the Objection and Motion because the Florida Tax Collectors have filed proofs of claim in these cases.  By filing claims in this court, the Tax Collectors have waived any sovereign immunity they may have been entitled to assert.  In the seminal decision of *Gardner v. State of New Jersey*,  the United States Supreme Court held that a New Jersey taxing authority waived its sovereign immunity by filing a proof of claim in a bankruptcy proceeding:

> It is traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure.  If the claimant is a State, the procedure of proof and allowance is not transmitted into a suit against the State because the court entertains objections to the claim.  The State is seeking something from the debtor.  No judgment is sought against the State.  The whole process of proof, allowance, and distribution is, shortly speaking, an adjudication of interests claimed in a res.  It is none the less such because the claim is rejected in toto, reduced in part, given a priority inferior to that claimed, or satisfied in some way other than payment in cash. When the State becomes the actor [in a bankruptcy case] and files a claim against the [estate] it waives any immunity which

it otherwise might have had respecting the adjudication
of the claim.

> *Gardner v. State of New Jersey,*
> 67 S.Ct. 467, 472 (1947).

The Eleventh Circuit has acknowledged the *Gardner* precedent:

> The Supreme Court's decision in *Gardner* establishes
> that, by filing a proof of claim in the debtor's respective
> bankruptcy proceedings, the State waived its sovereignty
> immunity for purposes of adjudication of those claims.

> *In re Burke, 146 F.3d 1313, 1319
> (11*[th] *Cir. 1998).*

38.     By the Objection and Motion, the Debtors ask the Court to determine

their liabilities "on those claims" (*Burke*, 146 F.3d at 1319) of the Florida Tax

Collectors, and allow the Debtors to offset amounts overpaid in prior years against

future liabilities.  The Debtors seek no judgment against the Florida Tax Collectors

and simply ask the Court to determine the amounts the Debtors owe the claimants.

By filing the Florida Tax Claims, the Florida Tax Collectors have consented to the

Court's jurisdiction of these issues.

39.     In their Memorandum, the Florida Tax Collectors assert that to the

extent they waived their sovereign immunity by filing the Florida Tax Claims, any

such waiver is for compulsory counterclaims only, and because the Debtors are time-

barred by Florida law from contesting their 2004 and 2005 liabilities, there are no

compulsory counterclaims which the Debtors may assert.  This argument is wrong.

According to the Eleventh Circuit, the Florida Tax Collectors have, by the Florida

Tax Claims, waived sovereign immunity with respect to the adjudication of the

claims, whether the Debtors' objection to those claims are "compulsory counterclaims" or not. *Burke,* at 1319. The Florida Tax Claims are for 2004 and 2005 taxes on both owned and leased properties. The Objection and Motion ask the Court to determine the values for those properties for those years and determine the Florida Tax Claims accordingly. The Debtors are not time-barred from contesting these taxes under Section 505 of the Bankruptcy Code.

> (ii)   The Court has *in rem* jurisdiction to adjudicate the Objection and Motion even if the Florida Tax Collectors had not consented to the Court's jurisdiction.

40.    Even if the Florida Tax Collectors had not filed proofs of claim and consented to the Court's jurisdiction, the Eleventh Amendment is not implicated here because the Court is exercising its *in rem* jurisdiction only in adjudicating a debtor's liabilities under Section 505. In *Tenn. Student Asst. Corp. v. Hood*, 124 S.Ct. 1905 (2004), the debtor filed an adversary proceeding against the Tennessee Student Assistance Corporation (the "TSAC"), pursuant to Bankruptcy Code Section 523(a)(8), seeking a determination that her student loans were dischargeable as an undue hardship. The TSAC filed a motion to dismiss for lack of jurisdiction asserting Eleventh Amendment sovereign immunity. The Bankruptcy Court denied the motion and that denial was affirmed by both the Bankruptcy Appellate Panel of the Sixth Circuit and the Sixth Circuit Court of Appeals. The Sixth Circuit held that Congress had validly abrogated the State's sovereign immunity under Bankruptcy Code Section 106(a)(i). The TSAC sought review by the Supreme Court, arguing that Section 106 is unconstitutional. The United States Supreme Court granted certiorari, but affirmed

without reaching the issue of the constitutionality of Section 106.  The Supreme Court

held that the adversary proceeding required the exercise of *in rem* jurisdiction only

and as such, unlike the exercise of *in personam* jurisdiction, did not infringe upon the

state's sovereign immunity:

> At least when the bankruptcy court's jurisdiction over
> the *res* is unquestioned, our cases indicate that the
> exercise of *in rem* jurisdiction does not infringe state
> sovereignty.

124 S.Ct. at 1911. [6]

41.    It is well-settled that when adjudicating a debtors' tax liabilities under

Section 505, a bankruptcy court is exercising its *in rem* jurisdiction:

> Just as the debtor in *Hood* desired an adjudication of the
> dischargeability of her debt, the Debtor in this case wants
> the determination of its debts to the tax collector.
> Neither request for relief is an adjudication pursuant to
> the Bankruptcy Court's *in personam* jurisdiction.  In both
> cases, the Court's *in rem* jurisdiction allows it to
> adjudicate the request for relief without *in personam*
> jurisdiction over the State.

*Lake Worth,* 318 B.R. at 905-906.

*See also*, *In re Fla. Furniture Ind., Inc.*, 342 B.R. 838, 841 (Bankr. M.D. Fla. 2005)

(J. Proctor) ("In the instant case, without question, the Court's ability to determine

---

[6] The Florida Tax Collectors also assert that Section 106, which expressly grants the Bankruptcy Court authority to adjudicate Section 505 motions against states regardless of any assertion of sovereign immunity, is unconstitutional.  Because (i) the Florida Tax Collectors filed proofs of claim in these cases and as such submitted themselves to the Court's jurisdiction and (ii) the Court is only exercising its *in rem* and ancillary jurisdiction, the constitutionality of Section 106 is irrelevant.

Plaintiff's tax liability pursuant to 11 U.S.C. § 505 is solely an exercise of its *in rem* jurisdiction").

Accordingly, this Court has the authority to adjudicate the Objection and Motion using its *in rem* jurisdiction without regard to the Eleventh Amendment.

(iii)    <u>In any event, the Court has ancillary *in rem* jurisdiction.</u>

42.    Even if the Court were required to exercise more than *in rem* jurisdiction in deciding the Objection and Motion (which it does not), the Supreme Court held in a decision earlier this year that the Court has jurisdiction to do so. In *Central Virginia Community College v. Katz*, 126 S.Ct. 990 (2006), the Supreme Court held that a bankruptcy court had jurisdiction to set aside and recover a preference paid to a state agency.

43.    In *Katz,* the estate commenced preference actions against a Virginia community college seeking both to avoid the preferences under Section 547 and to recover either the transfers or their value under Section 550. The college filed a motion to dismiss on the grounds of sovereign immunity, which was denied by the Bankruptcy Court. The Bankruptcy Court's denial was affirmed by the District Court and the Sixth Circuit Court of Appeal. The Supreme Court granted certiorari to consider the question left open by *Hood*, the constitutionality of Section 106. The Supreme Court affirmed, again without reaching the issue of the constitutionality of Section 106, holding that regardless of whether the preference action involved *in rem* or *in personam* jurisdiction ancillary to the *in rem* relief, the Eleventh Amendment

19

was not violated because the states had consented to the bankruptcy court's

jurisdiction by enacting  the Bankruptcy Clause:

> The Framers would have understood that laws "on the subject of Bankruptcies" included laws providing, in certain limited respects, for more than simple adjudications of rights in the res....More generally, courts adjudicating disputes concerning bankrupts' estates historically have had the power to issue ancillary orders enforcing their *in rem* adjudications.

> *Katz*, 126 S.Ct. at 1000.

44.     By the Objection and Motion, the Debtors seek only *in rem* relief and at

most, relief that is ancillary to the Court's *in rem* jurisdiction.  In *Hood* and *Katz*, the

Supreme Court held unequivocally that bankruptcy courts have jurisdiction over such

disputes with state agencies (even in the absence of a proof of claim). [7]

---

[7] In addition to the above arguments, the Eleventh Amendment does not apply to the Court's adjudication of the Objection and Motion in any event because the Objection and Motion are not a suit against a State or State Agency.  *See, Polygraphex,* 275 BR at 411 (Section 505 motion is not a suit and the Florida tax collectors are not an arm of the State for purposes of the Eleventh Amendment).  *See also, Hufford v. Rodgers,* 912 F. 2d 1338 (11th Cir. 1990) (which establishes the standard for determining which entity is arm of state for Eleventh Circuit purposes); *Stewart v. Baldwin Cty. Bd. of Edu.*, 908 F.2d 1499 (11th Cir. 1990) (same).  The Florida Tax Collectors' cite to the case of *Rogero v. Noone*, 704 F.2d 518 (11th Cir. 1983) as authority for this argument that tax collectors are arms of the state.  In *Rogero,* Judge Clark concurs in the majority opinion and *in dicta* states that tax collectors are "arms of the state Department of Revenue" rather than a county agent within the meaning of Title VII of the Civil Rights Act of 1964.  The concurring opinion in *Rogero* did not analyze this issue and its *dicta* is in no event binding on this Court.

F.    The determination of the Debtors' ad valorem taxes under Section 505 does not violate the Tenth Amendment to the United States Constitution.

45.    The Florida Tax Collectors contend that the determination of the Debtors' tax liabilities in this Court would be an usurpation of a state function in violation of the Tenth Amendment to the United States Constitution.

46.    The Tenth Amendment provides:

> The powers *not delegated to the United States by the Constitution*, nor prohibited by it to the States, are reserved to the States respectively, or to the people.
>
> U.S. Const. Amend X. (emphasis added).

47.    Article I of the United States Constitution *delegates to Congress* the authority to establish "uniform Laws on the subject of Bankruptcies throughout the United States."  U.S. Const. art. I, § 8, cl. 4.  Because the United States Constitution delegates to Congress the authority to enact uniform laws on the subject of bankruptcy, the Court will not be usurping a state function in violation of the Tenth Amendment by reassessing the Debtors' taxes pursuant to Section 505.

48.    Furthermore, because any determination the Court makes as to the value of the Debtors' property in Florida will be based on Florida law, the Court will not be usurping a state function in violation of the Tenth Amendment:

> This Court's obligation to determine the value of the Debtor's property and taxes based on that valuation in accordance with Florida law guarantees that this Court will not be usurping a State function in violation of the Tenth Amendment.
>
> *Lake Worth*, 318 B.R. at 907.

G. **The Debtors have standing to contest, and the Court has jurisdiction to adjudicate, tax liabilities on properties the Debtors lease rather than own.**

49. In the Memorandum, the Florida Tax Collectors argue that the Debtors have no standing to contest, and the Court has no jurisdiction to consider, what taxes are owed on property leased by the Debtors.

(i) The Debtors have standing**.**

50. Under the lease of each Florida property at issue, the Debtors are obligated to pay all ad valorem taxes owed. For that reason, most of the Debtors' leases permit the Debtors to contest the taxes assessed on the property. Because the Debtors are obligated for the taxes under the respective leases and the leases provide the Debtors authority to contest the taxes, the Debtors have standing to do so under Section 505 as well as Fla. Stat. § 194.181.

(ii) The Court has jurisdiction to determine the Debtors' tax liabilities whether the liabilities relate to owned or leased property.

51. By the Objection and Motion, the Debtors ask the Court to determine the Debtors' tax liabilities. The Court has core jurisdiction to do so under Section 505 of the Bankruptcy Code. The Florida Tax Collectors contend that the Debtors are asking it to "exert jurisdiction over both the property and the persons owning the property," and cites as authority *United States v. Huckabee Auto Co.*, 783 F.2d 1546 (11th Cir. 1986). *Huckabee* is distinguishable because the debtors and their non-debtor officers were seeking to enjoin the IRS from asserting employment taxes against the debtor's officers. The Debtors do not seek such relief in this case nor do the Debtors ask the Court to "exert jurisdiction over" their landlords. The Debtors are

merely attempting to determine what amount of taxes they owe to the Florida Tax Collectors, *who have affirmatively asserted claims against the Debtors* for the taxes due on properties the Debtors lease.

H.    Arguments relating to the merits of the Objection and Motion.

52.    By the Memorandum, the Florida Tax Collectors raise arguments relating to the *merits* of the Objection and Motion.  These arguments should not be heard in connection with the Motion to Dismiss and the Debtors address them here only briefly.

53.    The Florida Tax Collectors contend that the Debtors are not allowed to contest their tax liabilities because they have made "sworn statements of value" in connection with filing their 2004 and 2005 tangible personal property tax returns. Florida law mandates annual return filings by all taxpayers, F.S. §193.052, by not later than April 1 of the tax year.  Fla. Stat. §193.062.  The Debtors complied with this law.  Had they not, the Florida Tax Collectors would have challenged this Court's authority, since Fla. Stat. §194.034 forbids any challenge to an assessed value unless returns have been filed.

54.    Under Florida law, once returns are filed, the county arrives at its own opinions of just valuation and delivers those values.  At that point, all Florida taxpayers are free to challenge those values.  The fact that business personal property taxpayers filed sworn tax returns on that same property earlier in the tax year in no way bars or limits the Debtors' right to contest the counties' valuations.

55.     The Florida Tax Collectors admit that the Debtors should have undertaken appeal under Florida state and local appeal procedures.   Since it is undisputed that the Debtors filed the required property tax returns (with the corresponding sworn statements of fact), the Florida Tax Collectors acknowledge that those filings in no way limit availability of Florida appeal procedures.   To the contrary, under Fla. Stat. §194.034 only had they not filed their returns would further appeal have been barred.

56.     The Florida Tax Collectors' contention that the Debtors "should not be allowed to contest their own sworn statements" (Memorandum, para. 6) is also misleading.   The Debtors, in signing the returns, were required to swear to the accuracy of the "facts stated in them," such as descriptions of assets owned, age, year purchased, and original installed cost, all required factual data in the return.   The Debtors are not, by their Objection and Motion, seeking to alter or challenge any of those facts.   In addition, for the 2005 and 2006 filings, the Debtors gave notice to the appropriate property appraisers that the returns did not represent their opinion of fair market value.

57.     The Florida Tax Collectors' discussion of whether the Debtors' appraisal properly considers the requirements in the Florida "just valuation" statute or is invalid as a method of value determination, goes directly to the merits of the case (the determination of the tax) and is not before the Court at this time.   The Debtors' Objection and Motion set forth the standard of valuation and the Debtors will present evidence supporting those facts at the appropriate time.

## <u>Conclusion</u>

The Florida Tax Collectors' Motion to Dismiss should be denied.


Dated:   October 3, 2006


SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP


By    */s/ D. J. Baker*                    By    */s/ Cynthia C. Jackson*
     D. J. Baker                              Stephen D. Busey
     Sally McDonald Henry                     James H. Post
     Rosalie Walker Gray                      Cynthia C. Jackson (FBN 498882)

Four Times Square                         225 Water Street, Suite 1800
New York, New York 10036                  Jacksonville, Florida  32202
(212) 735-3000                            (904) 359-7700
(212) 735-2000 (facsimile)                (904) 359-7708 (facsimile)
djbaker@skadden.com                       cjackson@smithhulsey.com

Co-Counsel for Debtors                    Co-Counsel for Debtors


00543598.3

25