**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**APPLICATION OF VOGEL AND VOGEL, AN ARKANSAS
GENERAL PARTNERSHIP, FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM**

Comes now Vogel and Vogel, an Arkansas general partnership ("VOGEL"), by and through its undersigned counsel, and files its Application for Approval and Allowance of Administrative Expense Claim, and in support of its Application alleges:

1. VOGEL owns certain shopping centers in which the Debtors (or certain of them) were tenants. The Debtors have rejected their leases with VOGEL, leaving the remaining issue that of the amount and nature of VOGEL'S claims.

2. As a result of the Debtors' rejection of the VOGEL leases, VOGEL has certain claims against the Debtors, including a claim for post-petition real estate taxes in the amount of $10,692.18, for which Debtors are in fact and in law liable. The basis for VOGEL's claim for post-petition real estate taxes is set forth in VOGEL'S proof of claim filed in this case, a copy of which (including all exhibits) is attached hereto as Exhibit "A."

3. These post-petition real estate taxes are properly classified as an administrative expense claim entitled to priority pursuant to 11 U.S.C. §503(b).

4. The debtors have previously admitted that they are liable for post-petition real estate taxes. A copy of that acknowledgment is attached hereto and made a part hereof as

Exhibit "B." To the best of VOGEL'S knowledge and belief, the Debtors do not dispute the amount of the VOGEL claim for post-petition taxes.

5. Bankruptcy Code 11 U.S.C. §503(b)(1)(A) mandates that debtors pay administrative expenses, specifically including "actual, necessary costs and expenses of preserving the estate." VOGEL'S claim for post-petition real estate taxes falls into this category of allowable administrative expense claims because it represents the amount of real property taxes assessed against the shopping center where the Debtors were tenants, through the date of the Debtors' rejection of the lease.

6. Bankruptcy Code Section 365(d)(3) requires debtors to timely perform all post-petition obligations under non-residential real property leases. One of the Debtors' post-petition obligations under the lease with VOGEL was to pay the post-petition rent and other charges for the leased premises, including real property taxes, which the Debtors failed to pay.

7. VOGEL seeks allowance and payment of an administrative rent claim in the amount of $10,692.18 pursuant to 11 U.S.C. §503(b) and §365(d)(3), or such other sum as may be appropriate under the circumstances. VOGEL retains the right to amend the instant motion and the amount of its administrative claim, in part based upon the fact that the total amount of these post-petition real estate taxes is subject to change or modification by the taxing authorities. VOGEL submits that this Court should defer a hearing and ruling on the instant Application until after the 2006 real property taxes are actually billed by and due to the appropriate taxing authorities.

**WHEREFORE**, Vogel and Vogel, an Arkansas general partnership, respectfully requests that this Court enter an order: (a) allowing VOGEL an administrative expense claim in

the amount of $10,692.18, or such other amount as may be just and proper; (b) requiring the Debtors to pay such administrative expense claim within ten days of the date of any such order: and (c) granting VOGEL such other and further relief to which VOGEL may be entitled.

**SCRUGGS AND CARMICHAEL, P.A.**

By _/s/Karen K. Specie_____
Karen K. Specie, Esq.
One S.E. First Avenue
P. O. Box 23109
Gainesville, Florida 32602
(352) 376-5242
Florida Bar No.

AND

J. Maurice Rogers
Hilburn, Calhoon, Harper,
Pruniski & Calhoun, Ltd.
P. O. Box 5551
North Little Rock, Arkansas 72119
(501) 372-0110

ATTORNEYS FOR VOGEL AND VOGEL,
AN ARKANSAS GENERAL PARTNERSHIP

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing *Application of Vogel & Vogel, an Arkansas General Partnership, for Approval and Payment of Administrative Expense Claim* was electronically filed with the US Bankruptcy Court using the Court's Case Management/Electronic Filing System (CM/ECF) on this 5th **day of October, 2006**, and that pursuant to Rule 5, Federal Rules of Civil Procedure and Rule 7005, Federal Rules of Bankruptcy Procedure, the undersigned furnished a copy of the foregoing either by electronic transmission or by United States first class mail postage prepaid to: **Adam Ravin**, **aravin@skadden.com**, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; **D. J. Baker, djbaker@skadden.com,** Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; **Cynthia C. Jackson, Esquire**, **cjackson@smithhulsey.com**, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL 32201; Official Committee of Unsecured Creditors, c/o **Dennis F. Dunne, Esquire**,

Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; **John B. Macdonald, Esq. , john.macdonald@akerman.com,** Akerman, Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202; **John Longmire, esq.,** Willkie Farr & Gallagher, LLP, 787 Seventh Avenue, New York, NY 10019-6099 **jlongmire@willkie.com**; and **Elena L. Escamilla, Esquire**, Office of United States Trustee – JAX, 135 W. Central Blvd., Suite 620, Orlando, FL 32801.

/s/ Terri L. Darden

469210v1