UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

## DEBTORS' MOTION FOR ORDER APPROVING STIPULATION RESOLVING CLAIMS OF DEL MONTE CORPORATION

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the court will consider this motion without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, and (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors") move the Court for the entry of an order approving the Stipulation Resolving Claims of Del Monte Corporation (the "Stipulation") attached as Exhibit A.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

If no objection to the Stipulation is filed and served within the time as set forth above, the Court will be requested to enter an order in the form attached as Exhibit B without further notice or hearing.

Dated: October 5, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ D. J. Baker*<br>   D. J. Baker<br>   Sally McDonald Henry<br>   Rosalie Walker Gray<br>   Jane M. Leamy<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By   *s/ James H. Post*<br>   Stephen D. Busey<br>   James H. Post<br>   Cynthia C. Jackson,<br>   Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

---------------------------------------------------x
In re:                                     :     Chapter 11
                                           :
WINN-DIXIE STORES, INC., et al.,           :     Case No. 05-03817-3F1
                                           :
Debtors.                                   :
                                           :     Jointly Administered
---------------------------------------------------:

## STIPULATION RESOLVING CLAIMS OF DEL MONTE CORPORATION

This Stipulation (the "Stipulation") is made and entered into as of the date set forth below by and among Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (the "Debtors") and Del Monte Corporation, d/b/a Del Monte Foods ("Del Monte"):

WHEREAS, Del Monte is a distributor of various products and the Debtors operate retail grocery stores and purchase these products from Del Monte.

WHEREAS, on February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

WHEREAS, Del Monte opted into the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment Of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program (the "Participating Vendor Stipulation"), as approved by the August 2, 2005 Order [Docket No. 2725], and pursuant thereto, entered into an Agreement to be Bound by the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claim and Establishing Post-Petition Trade Lien Program (the "Agreement").

WHEREAS, pursuant to the Agreement, Del Monte was granted a net allowed reclamation claim of $435,854.86, which reclamation claim has since been paid in full.

WHEREAS, pursuant to the Agreement, the Debtors waived all preference claims against Del Monte because all payments between February 10 and 21, 2005 were analyzed and considered to be in the ordinary course of business and/or protected by subsequent new value.

WHEREAS, in connection with the Agreement, Del Monte agreed that reconciled non-reclamation, pre-petition Vendor Receivables and Allowances (as defined in the Participating Vendor Stipulation) shall be offset against Del Monte's unsecured claim, and that to the extent that the reconciled amount of non-reclamation, pre-petition Vendor Receivables and Allowances exceeds Del Monte's unsecured claim, Del Monte shall remit to the Debtors payment in the amount of the excess.

WHEREAS, on June 21 and July 18, 2005, Del Monte filed proof of claim numbers 4251 – 4258 and 6434 – 6435, each in an amount not less than $616,168.35, and each filed against a different Debtor.

WHEREAS, on September 5, 2006, the Debtors filed their Twenty-First Omnibus Objection to Duplicate Different Debtor Claims, wherein the Debtors sought to disallow claim numbers 4251 – 4255, 4257, 4258, 6434 and 6435 on the grounds that they duplicate the liability of claim number 4256.

WHEREAS, the parties have agreed that the remaining amount of claim number 4256, after application of reclamation payments to Del Monte totaling $435,854.86, will be setoff against the Debtors' accrued prepetition credits, and claim number 4256 will therefore be reduced to zero and disallowed.

WHEREAS, as set forth in this Stipulation, the parties have agreed to resolve all

issues relating to the application of credits and offsets against Del Monte invoices for various Del Monte products delivered to the Debtors through the period ending on October 3, 2005 by agreeing that (i) the proofs of claim filed by Del Monte will be disallowed, and (ii) Del Monte will pay $1,066,570.14 to the Debtors.

NOW, THEREFORE, the Debtors and Del Monte stipulate and agree as follows:

1. Del Monte acknowledges that it has received reclamation payments totaling $435,854.86 with respect to its reclamation claim against the Debtors.

2. After application of reclamation payments totaling $435,854.86, the remaining amount of claim number 4256 will be setoff against the Debtors' accrued prepetition credits and claim number 4256 will be reduced to zero.

3. Del Monte shall deliver repayment to the Debtors in an amount arrived at by the following calculation:

| | |
|---|---|
| Overpayments by Debtors to Del Monte: | $734,399.00 |
| Less remainder of claim number 4256 after reduction for reclamation payments received: | ($88,882.75) |
| Debit Memos/Billbacks owed by Del Monte: | $567,118.14 |
| Less Invalid Deductions by the Debtors: | ($146,064.25) |
| Total payment due to the Debtors: | $1,066,570.14 |

4. Upon entry of an order approving this Stipulation, claim numbers 4251 – 4258 and 6434 - 6435 are disallowed in their entirety, to the extent not already disallowed by previous orders of the Court.

5. Del Monte shall pay the Debtors the sum of $1,066,570.14 via wire transfer within three days after Del Monte's receipt of (a) a final, non-appealable order approving this Stipulation and (b) the Debtors' wire transfer instructions.

6. Effective upon entry of an order approving this Stipulation and upon receipt of the payment described in paragraph 5 above, all claims as between the Debtors and Del Monte for products delivered to the Debtors, whether pre-petition or post-petition through the period ending on October 3, 2005, and for payments made to Del Monte for such products, are finally resolved as provided herein.

7. To the extent of any inconsistency between this Stipulation and any order confirming a chapter 11 plan or such confirmed plan, this Stipulation shall govern.

8. Each party represents that it has authority to enter into this Stipulation.

9. This Stipulation may be executed in several counterparts and/or by facsimile or pdf signature, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument.

Dated: October 3, 2006

                                                    REED SMITH LLP

                                                    By _____
                                                    Kurt F. Gwynne
                                                    1201 North Market Street, Suite 1500
                                                    Wilmington, Delaware 19801
                                                    (302) 778-7550
                                                    (302) 778-7575 (facsimile)
                                                    kgwynne@reedsmith.com

                                                    Counsel to Del Monte Corporation

[SIGNATURES CONTINUED ON FOLLOWING PAGE]

- 5 -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By /s/ _____
   D. J. Baker
   Rosalie Walker Gray
   Jane M. Leamy
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

- and –

SMITH HULSEY & BUSEY


By  Stephen D. Busey
    James H. Post
    Cynthia C. Jackson,
    Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Co-Attorneys for Debtors

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## ORDER GRANTING DEBTORS' MOTION TO APPROVE STIPULATION RESOLVING CLAIMS OF DEL MONTE CORPORATION

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order approving a stipulation with Del Monte Corporation (the "Motion"). The Court finds that (i) the Motion was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 20 days of the date of service, and (ii) no party filed an objection. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1. The Motion is granted.

2. The Stipulation Resolving Claim of Del Monte Corporation attached to the Motion is approved.

Dated this ____ day of _____, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

471146-Wilmington Server 1A - MSW