UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE RALEIGH, INC.,                    Case No. 3:05-bk-03817-3F1
                                             Chapter 11 (Jointly Administered)
           Debtor.

_____/

## CATAMOUNT LS-KY, LLC'S AMENDED MOTION FOR PAYMENT BY WINN-DIXIE RALEIGH, INC. OF POSTPETITION ADMINISTRATIVE CLAIM WITH RESPECT TO STORE NOS. 1673 AND 1676

Catamount LS-KY, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation ("LS-KY"), hereby amends its June 27, 2006 Motion for Payment by Winn-Dixie Raleigh, Inc. of Postpetition Administrative Claim with Respect to Store Nos. 1673 and 1676, and respectfully requests that the Court allow the payment of LS-KY's administrative claim from the estate of the debtor, Winn Dixie Raleigh, Inc. a/k/a Winn Dixie Charlotte, Inc. and a/k/a Winn Dixie Louisville, Inc. (collectively, "Debtor"), Case No. 3:05-bk-03839-3F1 (Bankr. M.D. Fla., Jacksonville Div.), in an amount not less than $186,462.18 (the "Administrative Claim"), and in support states as follows:

1.      On February 21, 2005 (the "Petition Date"), the Debtor filed its voluntary Petition for Relief pursuant to Chapter 11 of the United States Bankruptcy Code (the "Code") in the United States District Court for the Southern District of New York ("New York Court"). By order dated April 13, 2005, the New York Court transferred venue of this case to this Court.

2.      Pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain January 30, 1992 Second Lease Modification Agreement (as amended, the "Louisville Lease"),

by and between the Debtor and LS-KY for that certain real property and fixtures Debtor refers to as Store No. 1676 at 1148 South 4th Street (4th & Oak), Louisville, Kentucky (the "Louisville Premises"), LS-KY leased the Louisville Premises to Debtor.  Moreover, pursuant to that certain October 18, 2004 Assignment and Assumption of Lease Agreement, Debtor assigned its interest in the Louisville Lease (the "Louisville Assignment") to Buehler of Kentucky LLC ("BOK"). Copies of the Louisville Lease (consisting of the Lease and Sublease Agreement, the First Lease Modification Agreement, the Second Lease Modification Agreement, the Notice of Change of Nominee (related thereto)) and the Louisville Assignment are not attached hereto solely because of their voluminousness; rather, the foregoing description of them shall serve as their summary description as permitted by law, and copies of them will be provided upon request.

3.    Further, pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain January 30, 1992 Second Lease Modification Agreement (as amended, the "Shelbyville Lease"), by and between the Debtor and LS-KY for that certain real property and fixtures Debtor refers to as Store No. 1673 at 120 Midland Boulevard, Shelbyville, Kentucky (the "Shelbyville Premises"), LS-KY leased the Shelbyville Premises to the Debtor.  Moreover, pursuant to that certain October 18, 2004 Assignment and Assumption of Lease Agreement, Debtor assigned its interest in the Shelbyville Lease (the "Shelbyville Assignment")(the Louisville Lease and the Shelbyville Lease are collectively, the "Leases) to BOK. Copies of the Shelbyville Lease (consisting of the Lease and Sublease Agreement, the First Lease Modification Agreement, the Second Lease Modification Agreement, the Notice of Change of Nominee (related thereto)) and the Shelbyville Lease Assignment are not attached hereto solely because of

their voluminousness; rather, the foregoing description of them shall serve as their summary description as permitted by law, and copies of them will be provided upon request.

4.       Pursuant to ¶¶ 6 and 19 of the Louisville Lease and the Shelbyville Lease, respectively, and as Debtor has acknowledged, *see*, *e.g.*, Debtors' November 11, 2005 Motion for Order Authorizing (I) Rejection of Leases and Subleases and (II) Abandonment of Related Personal Property, Debtor retained liability as a principal under each of these leases for all obligations thereunder, notwithstanding the Louisville Assignment and the Shelbyville Assignment. Moreover, pursuant to the Louisville Assignment and the Shelbyville Assignment, Debtor expressly remained responsible for all of its liabilities and obligations under each of the Louisville Lease and the Shelbyville Lease, respectively.

5.       On May 4, 2005, BOK filed its voluntary Petition for Relief pursuant to Chapter 11 of the United States Bankruptcy Code (the "Code") in the United States Bankruptcy Court for the Southern District of Indiana, Evansville Division, which case is being jointly administered as Case No. 05-70961-BHL-11 with those other Chapter 11 cases filed on the same date by BOK's affiliates, Buehler Foods, Inc., Buehler, LLC and Buehler of Carolinas, LLC.

6.       Pursuant to its September 1, 2005 Order (I) Authorizing Retroactive Rejection of Real Property Leases and (II) Abandonment of Related Personal Property, this Court authorized the rejection of the Louisville Lease effective September 1, 2005 (the "Louisville Rejection Date").  Pursuant to its December 15, 2005 Order Authorizing (I) Rejection of Real Property Leases and (II) Abandonment of Related Personal Property effective December 16, 2005, this Court authorized the rejection of the Shelbyville Lease effective December 16, 2005 (the "Shelbyville Rejection Date") (collectively with the Louisville Rejection Date, the "Rejection Dates").

7.    Pursuant to 11 U.S.C. §365, the Debtor was obligated to make any payments due under the Leases from the Petition Date to and including the Rejection Dates, including, but not limited to, rent, percentage rent, maintenance, insurance, and taxes.

8.    As a result of the Debtor's obligations to LS-KY under §365, pursuant to 11 U.S.C. §§ 365(d)(3), 503(b)(1) and 507(a), LS-KY has the following administrative claims, among others, against Debtor under the Louisville Lease:

a.    <u>Rent</u>: Debtor was obligated to pay rent for the period from February 21, 2005 up to and including the Louisville Rejection Date.  BOK paid the rent for the Louisville Premises each month up to July, 2005.  A payment in the amount of $39,684.66 for the basic rent under the Louisville Lease is due for the period from July 1, 2005 to August 31, 2005.

b.    <u>Percentage Rent</u>. Debtor is obligated to pay LS-KY, as an addition to the Basic Rent, amounts for Debtor's gross sales in the Louisville Premises (as defined in the Louisville Lease, "Percentage Rent") for the period from the Petition Date to and including the Louisville Rejection Date. Specifically, Debtor is obligated to pay LS-KY as Percentage Rent an amount equal to the amount, if any, by which 1% of all gross sales made at the Louisville Premises during Debtor's fiscal year exceeds the Basic Rent reserved under the Lease. Upon information and belief, BOK's sales at the Louisville Premises did not reach sufficient levels to invoke this percentage rent clause. In the event that LS-KY receives subsequent information to the contrary, LS-KY reserves the right to amend this application to assert such additional amounts due.

c.    <u>Maintenance and Repair</u>. Debtor was responsible for keeping the Louisville Premises in good condition, repair and appearance during Debtor's

postpetition use and occupancy thereof. After BOK vacated the Louisville Premises, LS-KY inspected the Louisville Premises via BTM Engineering, Inc., of Louisville, Kentucky ("BTM"), which identified damage in the total amount of $76,994.50. Some of the damage occurred over the life of the Lease while other damage occurred during the period between the Petition Date and the Louisville Rejection Date. LS-KY has pro-rated the repair costs between those periods, as set forth in detail in Exhibit 1 attached hereto. LS-KY asserts that the damage which occurred between the Petition Date and the Louisville Rejection Date amounts to $27,434.00.

      d.    Insurance. Debtor also was required by the Louisville Lease to maintain policies of insurance pursuant to which LS-KY was named an additional insured, and to not cancel such insurance without prior written notice to LS-KY. To the best of LS-KY's knowledge, Debtor and/or BOK paid the insurance on the Louisville Premises during the period between the Petition Date and the Louisville Rejection Date.

      e.    Unpaid Taxes. Under the Louisville Lease, which is an absolutely net lease, Debtor has the obligation to pay all Impositions, including any taxes wherever or however assessed against the Louisville Premises, whether real estate, ad valorem or otherwise. As set forth in detail in Exhibit 2 attached hereto, LS-KY has paid the Jefferson County real estate taxes in the amount of $20,695.16 which were due in December, 2005 as well as a Jefferson County "weed control" tax in the amount of $248.00. Based upon the time between the Petition Date and the Louisville Rejection Date, the Debtor's share of the 2005 real estate taxes is $10,959.30.

9.    As a result of the Debtor's obligations to LS-KY under §365, pursuant to 11 U.S.C. §§ 365(d)(3), 503(b)(1) and 507(a), LS-KY has the following administrative claims, among others, against Debtor under the Shelbyville Lease:

a.    Rent: Debtor was obligated to pay rent for the period from the Petition Date up to and including the Shelbyville Rejection Date. BOK paid the rent for the Shelbyville Premises for each month up to December, 2005.  A payment in the amount of $9,342.54 for the basic rent under the Shelbyville Lease is due for the period from December 5, 2005 to December 15, 2005.

b.    Percentage Rent. Debtor is obligated to pay LS-KY, as an addition to the Basic Rent, amounts for Debtor's gross sales in the Louisville Premises (as defined in the Shelbyville Lease, "Percentage Rent") for the period from the Petition Date to and including the Shelbyville Rejection Date. Specifically, Debtor is obligated to pay LS-KY as Percentage Rent an amount equal to the amount, if any, by which 1% of all gross sales made at the Shelbyville Premises during Debtor's fiscal year exceeds the Basic Rent reserved under the Lease. Upon information and belief, BOK's sales at the Shelbyville Premises did not reach sufficient levels to invoke this percentage rent clause. In the event that LS-KY receives subsequent information to the contrary, LS-KY reserves the right to amend this application to assert such additional amounts due.

c.    Maintenance and Repair. Debtor was responsible for keeping the Shelbyville Premises in good condition, repair and appearance during Debtor's postpetition use and occupancy thereof.  After BOK vacated the Shelbyville Premises, LS-KY inspected the Shelbyville Premises via BTM, which identified damage in the total amount of $11,110.00.  Some of the damage occurred over the life of the Shelbyville

Lease while other damage occurred during the period between the Petition Date and the Shelbyville Rejection Date. LS-KY has pro-rated the repair costs between those periods, as set forth in detail in Exhibit 3 attached hereto. LS-KY asserts that the damage which occurred between the Petition Date and the Shelbyville Rejection Date amounts to $1,210.00.

        d.     Insurance. Debtor also was required by the Shelbyville Lease to maintain policies of insurance pursuant to which LS-KY was named an additional insured, and to not cancel such insurance without prior written notice to LS-KY. To the best of LS-KY's knowledge, Debtor and/or BOK paid the insurance on the Shelbyville Premises during the period between the Petition Date and the Shelbyville Rejection Date.

        e.     Unpaid Taxes. Under the Shelbyville Lease, which is an absolutely net lease, Debtor has the obligation to pay all Impositions, including any taxes wherever or however assessed against the Shelbyville Premises, whether real estate, ad valorem or otherwise. As set forth in detail in Exhibit 4 attached hereto, LS-KY has paid the Shelby County real estate taxes in the amount of $30,085.05 which were due in October, 2005. Based upon the time between the Petition Date and the Shelbyville Rejection Date, the Debtor's share of the 2005 real estate taxes is $24,480.16.

10.     By virtue of Debtor's default under the Leases, Debtor is liable to LS-KY for LS-KY's enforcement of its rights under the Leases, including but not limited to its attorneys' fees and costs. LS-KY has incurred $73,351.52 in fees prior to the rejection of the Leases. LS-KY has not attached copies of the statements for these fees in order to preserve the attorney-client and attorney work product privileges, but will submit redacted copies thereof upon request.

11.     LS-KY reserves the right to amend and supplement this claim (including filing

- 7 -

additional evidence in support of this claim) or to file additional claims, including, without limitation, all other claims at law or in equity arising on or after the Petition Date.

12.    Case law supports LS-KY's request that the Administrative Claim be paid promptly. LS-KY is requesting that the Debtor pay LS-KY as an administrative claim for those charges that accrued prior to the Debtor's rejection of the Leases. The components of LS-KY's administrative claim are charges that accrued during the period between the Petition Date and the Louisville Rejection Date and/or Shelbyville Rejection Date (as the case may be), regardless of the date for payment of any of the charges.

13.    The Leases require the Debtor to maintain the Louisville Premises and the Shelbyville Premises good condition, repair and appearance, and to return both to LS-KY in like condition, reasonable wear and tear excepted. The Leases specifically state:

> Lessee shall peaceably surrender the Leased Premises to Lessor in the same condition in which they were received ... except for ordinary wear and tear. Lessee shall remove from the Leased Premises on or prior to such termination all property not owned by Lessor, and, at its expense, shall, *prior to such termination*, repair any damage caused by such removal. ... The ... cost of repairing any damage caused by such removal shall be borne by Lessee.

Leases, Section 27 (emphasis added).

14.    In paragraph 22(c), each of the Leases provides that the Debtor is responsible for payment of LS-KY's attorneys' fees in the event of a breach of the Lease. Commonly, courts have found that a landlord may recover its costs in enforcing the terms of its lease provided that the lease agreement provides for such fees and the fees are reasonable. *See In re Child World, Inc,* 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993); *In re Shangra-La, Inc.,* 167 F.3d 843, 849-50 (4th Cir. 1999), and *In re Crown Books Corp.*, 269 B.R. 12, 14-18 (Bankr. Del. 2001). As LS-KY has incurred attorneys' fees after the commencement of this case and after the

commencement of BOK's case in connection with enforcing its rights under the Leases, LS-KY is entitled to a claim for its fees incurred during the Debtor's postpetition occupancy of the Premises.

15.     LS-KY further requests that the Court order the immediate payment of LS-KY's administrative claim.  Section 365(d) of the Code states that "[t]he trustee shall <u>timely</u> perform all the obligations of the debtor … arising from and after the order for relief under any unexpired lease of nonresidential real property, *until such lease is assumed or rejected* …"  11 U.S.C. §365(d)(3)(emphasis added).  Courts have interpreted "timely" to mean in accordance with the terms of the lease between the parties.  *See Ha-Lo Industries, Inc. v. Centerpoint Properties Trust,* 342 F.3d 794, 798 (7th Cir. 2003)("obligations under an unexpired lease that arise after an order for relief … are to be timely fulfilled under the terms of the lease").  As each of the obligations listed in this Administrative Claim is an obligation incurred during the Debtor's postpetition occupancy of the Premises, the Debtor should be required to pay those obligations in a timely fashion as directed by the Code.  *See Trizechahn 1065 Avenue of the Americas, LLC v. Thomaston Mills, Inc.,* 273 B.R. 284, 289 (M.D. Ga. 2002)("in the event sufficient funds are not available to pay all administrative claims this payment is subject to the trustee's right to seek recovery of all or part of the payment").

WHEREFORE, LS-KY respectfully requests that the Court enter an order allowing LS-KY's Administrative Claim in an amount not less than $186,462.18, and directing the prompt payment of LS-KY's allowed Administrative Claim within ten (10) days after entry of an order on this motion.

[Signature page follows]

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. §1746(2)

THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: September 25, 2006

By:_____
John H. O. La Gatta, Trustee of the La Gatta 1990
Trust, as Managing Member of Catamount KY-LS,
LLC, a Nevada limited liability company

Dated: October 5, 2006                    Respectfully submitted,


                                          _____/s/ C. Daniel Motsinger_____.
                                          C. Daniel Motsinger, FBN 0362875
                                          IN Atty. No. 10122-49
                                          KRIEG DeVAULT LLP
                                          One Indiana Square, Suite 2800
                                          Indianapolis, IN 46204-2079
                                          Telephone: 317/636-4341; Fax: 317/636-1507
                                          E-mail: cmotsinger@kdlegal.com

                                          -and-

                                          Adam N. Frisch
                                          Florida Bar No. 635308
                                          Held & Israel
                                          1301 Riverplace Blvd., Suite 1916
                                          Jacksonville, FL 32207
                                          (904) 398-7038; Fax: (904) 398-4283
                                          E-mail: afrisch@hilawfirm.com

                                          Attorneys for Catamount LS-KY, LLC, a Nevada
                                          limited liability company, as assignee of Helene
                                          Funk and Peter W. Merner, as nominee for John H.
                                          O. La Gatta, as successor to Flask Corporation

KD_727294_2.DOC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the parties by operation of the Court's electronic filing system on October 5, 2006, as indicated below:

/s/ C. Daniel Motsinger .
C. Daniel Motsinger

Adam Ravin
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Dennis F. Dunne
Milbank Tweed & Hadley
1 Chase Manhattan Plaza
New York, NY 10005

Elana L. Escamilla
Office of United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL 32806

John B. McDonald
Akerman Senterfitt
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202

Cynthia C. Jackson
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

KD_IM-727294_2.DOC

Winn Dixie - 4th & Oak St.
Building Repair
09/23/06 Estimate
Rev. 0
By: MJS/JRF
Rev. 4 - 09/09/06 MJS - rework to include bldg repair
and misc. only

**BT**
3001 Taylor Springs Drive
Louisville, KY 40220
Phone (502) 456-8422

Preliminary Cost Opinion

| Item | Item/Description | Units | Qty | Labor Unit Costs | Labor Item Costs | Materials Unit Costs | Materials Item Costs | Total Costs | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Handrail — Removal | L.F. | 11 | 3.88 | 42.63 | 7.50 | 82.50 | 125 | |
| | Replacement | L.F. | 11 | 7.75 | 85.25 | 15.00 | 165.00 | 250 | |
| 2 | Joint Between Stair and Wall | L.F. | 11 | 2.56 | 28.16 | 1.24 | 13.64 | 42 | |
| 3 | Generator Exhaust Pipe Exit — Wall Cover Addition | Sq. Ft | 1 | 1.71 | 1.71 | 1.28 | 1.28 | 5 | |
| 4 | Masonry Paint at Loading Dock — Removal | Sq. Ft | 2,700 | 0.28 | 742.50 | 0.06 | 162.00 | 1,350 | |
| | Repaint | Sq. Ft | 2,700 | 0.55 | 1,485.00 | 0.12 | 324.00 | 2,700 | |
| 5 | Roof — Hole Patch | Gal. | 1 | 280.00 | 280.00 | 18.05 | 18.05 | 20 | |
| 6 | Ceiling Tile — Replacement | Sq. Ft | 440 | 0.27 | 118.80 | 1.38 | 603.20 | 810 | |
| | | Mfrs | 12 | 62.50 | 750.00 | 10.00 | 120.00 | 870 | |
| 7 | Restroom Fixture Leaking — Remediation | Sq. Ft | 600 | 4.00 | 2,400.00 | 1.00 | 600.00 | 3,000 | |
| 8 | Metal Mildew — Replacement | Sq. Ft | 600 | 1.15 | 690.00 | 0.25 | 150.00 | 1,250 | |
| | Paint | Sq. Ft | 600 | 0.36 | 216.00 | 0.09 | 54.00 | 384 | |
| 9 | Floor Drains | each | 5 | 45.00 | 225.00 | 5.00 | 25.00 | 250 | |
| 10 | Floor Tiles — Removal (includes Refrigeration Area) | Sq. Ft | 2,530 | 0.00 | 0.00 | 0.00 | 0.00 | 0 | |
| | Replacement (includes Refrigeration Area) | Sq. Ft | 2,530 | 0.26 | 657.80 | 0.50 | 1,265.00 | 2,370 | |
| | Removal | Sq. Ft | 1,005 | 0.52 | 1,315.60 | 1.00 | 2,530.00 | 4,735 | |
| | Replacement | Sq. Ft | 1,005 | 0.26 | 261.30 | 0.50 | 502.50 | 960 | |
| | | Sq. Ft | 1,005 | 0.52 | 522.60 | 1.00 | 1,005.00 | 1,900 | |

**Normal Building Maintenance Items**
Items 1 thru 5, 7, 8
Subtotal = 21,000

**Damage Due to Removal of Equipment/Fixtures**
Items 6, 9, & 10
Subtotal = 10,000
Subtotal = 10,000

**Cost Summary**
Page 1 Total = 21,000
Page Total = 11,000

**Normal Building Maintenance Items - Summary**

| | | Total Costs |
|---|---|---|
| | Page 1 Total | 32,345 |
| | Page 2 Total | 16,660 |
| | Page 3 Total | 21,000 |
| | Sub Total | 69,966 |
| 10% inflation and cost increase allowance | Sub Total | 7,000 |
| | Total Est Costs | 76,994.50 |

**Damage Due to Removal of Equipment/Fixtures - Summary**

| | | Total Costs |
|---|---|---|
| | Page 1 Total | 440 |
| | Page 2 Total | 13,500 |
| | Page 3 Total | 11,000 |
| | Sub Total | 24,940 |
| 10% inflation and cost increase allowance | Sub Total | 2,494 |
| | Sub Total | 4,500 |
| | Total Est Costs | 48,560.50 |

Page Total = $ 76,994.50
Total Est Costs $ 27,434.00

EXHIBIT
1

todos/Red (2).xls

Preliminary Cost Opinion

**BT** — 3001 Taylor Springs Drive, Louisville, KY 40220, Phone (502) 459-8402

Winn Dixie - 4th & Oak St.
Building Repair
09/23/05 Estimate
Rev. 0
By: MJS/JRF
Rev. 4 - 06/09/06 MJS - rework to include bldg repair and mntc only

| Item/Description | Units | Qty | Labor Unit Costs | Labor Item Costs | Materials Unit Costs | Materials Item Costs | Total Costs | Comments |
|---|---|---|---|---|---|---|---|---|
| **Mechanical** | | | | | | | | |
| 1  Seal cut copper refrigerant tubing | MHr | 135 | $ 55.00 | $ 7,425.00 | $ 12.50 | $ 1,687.50 | $ 9,100 | For long term storage |
| **Electrical** | | | | | | | | |
| 2  Secure open circuits at cooler | LS | 1 | | $ 4,400.00 | | $ - | $ 4,400 | |
| 3  Replace damaged distribution panel | EA | 1 | | $ 1,233 | | $ 1,317 | $ 2,550 | From Means Est Guide |
| Estimated cost to restore working condition | | | | | | Page 2 Total | $ 16,050 | |
| **Normal Building Maintenance Items** | | | | | | | | |
| Item no. 3 | EA | 1 | | $ 1,233 | | $ 1,317 | $ 2,550 | From Means Est Guide |
| Subtotal = | | | | | | | $ 2,550 | |
| **Damage Due to Removal of Equipment/Fixtures** | | | | | | | | |
| Items 1 & 2 | | | | | | | $ 13,500 | |
| Subtotal = | | | | | | | $ 13,500 | |
| | | | | | | Page Total = | $ 16,050 | |

Win Dixie - 4th & Oak St.
Building Repair
09/23/05 Estimate
Rev. 0
By: MJS/JRF
Rev. 4 - 06/09/06 MJS - rework to include
bldg repair and mntc only.

**BT** — 3001 Tayer Springs Drive, Louisville, KY 40220, Phone (502) 459-8402

Preliminary Cost Opinion

| # | Item/Description | Sub-item | Units | Qty | Labor Unit Costs | Labor Item Costs | Materials Unit Costs | Materials Item Costs | Total Costs | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Wheel Stops | Removal | each | 12 | 15.00 | 180.00 | 10.00 | 120.00 | 325 | |
| | | Add | each | 120 | 30.00 | 3,600.00 | 15.00 | 1,800.00 | 650 | |
| 2 | Cart Coral | Paint | each | 38 | 7.00 | 266.00 | 8.00 | 304.00 | 570 | |
| 3 | Light Standard | | LF | 11 | 7.75 | 85.25 | 12.51 | 137.61 | 330 | |
| 4 | Building Foundation (parking lot area) | Remove Paint | Sq. Ft | 70 | 0.82 | 57.40 | 1.42 | 99.40 | 200 | |
| | | Repaint | Sq. Ft | 70 | 1.64 | 114.80 | 2.83 | 198.10 | 400 | |
| 5 | Asphalt pavement | Demolition | Sq. Ft | 2,200 | 2.89 | 6,358.00 | 0.38 | 836.00 | 7,200 | |
| | | Repaving | Sq. Ft | 2,200 | 0.05 | 110.00 | 0.36 | 792.00 | 1,060 | |
| 6 | Repaint Pvnt Curbs | Sawcut Pavement L.F. | | 160 | 0.46 | 73.60 | 0.55 | 88.00 | 208 | |
| | Striping | Pavement Removal | Sq. Yd | 700 | 1.74 | 1,218.00 | 1.20 | 840.00 | 2,800 | |
| | | Pavement Replacement | Sq. Yd | 2,700 | 0.05 | 135.00 | 0.28 | 756.00 | 1,000 | |
| | | Resealing | Sq. Yd | 4,700 | 0.50 | 2,350.00 | 0.50 | 2,350.00 | 4,700 | |
| | | | Sq. Ft | 250 | 0.55 | 137.50 | 0.12 | 30.00 | 250 | |
| | | | L.F. | 4,000 | 0.17 | 680.00 | 0.06 | 240.00 | 1,200 | |
| 7 | Curb at Building Front | Demolition L.F. | | 30 | 2.52 | 75.60 | 0.78 | 23.40 | 150 | |
| | | Reform L.F. | | 30 | 0.97 | 29.10 | 0.95 | 28.50 | 80 | |
| 8 | Tree Removal | Gutter | each | 8 | 170.00 | 1,360.00 | 127.00 | 1,016.00 | 3,240 | location is damaging roof |
| 9 | EIFS | Removal L.F. | | 155 | 0.89 | 137.95 | 0.00 | 0.00 | 215 | |
| | | Replacement L.F. | | 155 | 2.68 | 415.40 | 1.22 | 189.10 | 850 | |
| 10 | Windows | Removal | Sq. Ft | 20 | 2.70 | 54.00 | 1.77 | 35.40 | 121 | |
| | | Replacement | Sq. Ft | 20 | 5.40 | 108.00 | 3.54 | 70.80 | 242 | |
| 11 | Seal Masonry Expansion Joints | Remove & Reset Flashing L.F. | | 16 | 1.37 | 21.92 | 0.00 | 0.00 | 35 | |
| | | Replace Sealant L.F. | | 16 | 2.56 | | 1.24 | | 84 | |
| | | Caulking L.F. | | 400 | 2.56 | | 1.24 | | 2,100 | |
| 12 | Drive Through Window Opening | | each | 1 | 61.00 | 0.00 | 300.00 | 0.00 | 440 | |
| 13 | Truck Bumper at Loading Dock | Replacement | each | 2 | 13.70 | 114.80 | 42.00 | 198.10 | 135 | |

Page 1 Total =

| | Total Costs |
|---|---|
| **Normal Building Maintenance Items** | |
| Includes Items 1 thru 11 + 13 | 28,585 / 28,145 |
| Adjust Tree Removal Costs | |
| (revised estimate is $7,600 vs $3,240) | 4,360 |
| Subtotal = | $ 32,505 |
| **Damage Due to Removal of Equipment/Fixtures** | |
| Drive Through Window Opening (Item 12) — each, 1, 61.00, 75.60, 300.00, 23.40 | 440 |
| Subtotal = | $ 440 |
| Page Total = | $ 32,945 |

# LOUISVILLE TAX PAYMENT

Attached is the 2005 Property Tax Notice.  We paid this with LEG check #291 on
December 28, 2005.

E×hibit 2

# Jefferson County Kentucky
## 2005 Property Tax Notice

NOV 0 7 2005

Date Issued 11/01/05



Sheriff
Jefferson County

| Bill Number | Property ID Number | Type of Property |
|---|---|---|
| 2050500 | 08-029K-0051-0000 | REAL ESTATE |

Owner of record

IF YOU HAVE QUESTIONS ABOUT YOUR PROPERTY TAXES,
PLEASE CALL THE APPROPRIATE OFFICE:

| ASSESSMENTS | PVA OFFICE | 574-6380 |
|---|---|---|
| 2005 TAX BILL | SHERIFF | 574-5479 |
| URBAN SERVICE DIST | LOUISVILLE | 574-5479 |

Tax info online at www.jcsoky.org

CATAMOUNT LS KY LLC
50 W LIBERTY ST STE 1080
RENO NV 89501-1981

**If Paid By:** | **Balance Due:**

| | | |
|---|---|---|
| 11/01/2005 to 12/01/2005 | 20,281.25 | (2%DISCOUNT) |
| 12/02/2005 to 12/31/2005 | 20,695.16 | (GROSS TAX) |
| 01/01/2006 to 01/31/2006 | 21,729.92 | (5%PENALTY) |
| 02/01/2006 to 04/10/2006 | 25,041.16 | (10%+10%) |
| 04/11/2006 to 04/30/2006 | 25,062.16 | (10%+10%+$21) |

Taxes not paid by the last date shown are considered
delinquent and may be subject to legal action.

CUST #0001112248

### Here's how we figured your gross tax:

| Schedule / Description of Property | | | | Taxable Assessment | Taxing Jurisdiction | Tax Rate/$100 | Gross Tax |
|---|---|---|---|---|---|---|---|
| 1148 S 4TH ST | | | LAND | 369,800 | STATE OF KY | 0.1310 | 2,156.26 |
| | | | BUILDING(S) | 1,275,200 | METRO RE TAXES | 0.1280 | 2,106.88 |
| DIST | BLOCK | LOT | SUBLOT | TOTAL | 1,646,000 | JEFF CO SCHOOLS | 0.6250 | 10,287.50 |
| 08 | 029K | 0051 | 0000 | | | URBAN SERV DIST | 0.3733 | 6,144.52 |

*Paid # 291*
*December 30, 2005*

---

Detach and mail **THIS STUB** with your check or money order for proper credit. Retain top section for your records.

Jefferson County Property Tax Payment Stub

Tax Year: 2005

Amount You Are Paying: **20,695. 16**

| Bill Number | Property ID Number | Type of Property |
|---|---|---|
| 2050500 | 08-029K-0051-0000 | REAL ESTATE |

CUST #0001112248

Property Owner:

CATAMOUNT LS KY LLC
50 W LIBERTY ST STE 1080
RENO NV 89501-1981

Bill Is For:

1148 S 4TH ST

**If Paid By:** | **Balance Due:**

| | | |
|---|---|---|
| 11/01/2005 to 12/01/2005 | 20,281.25 | (2%DISCOUNT) |
| 12/02/2005 to 12/31/2005 | 20,695.16 | (GROSS TAX) |
| 01/01/2006 to 01/31/2006 | 21,729.92 | (5%PENALTY) |
| 02/01/2006 to 04/10/2006 | 25,041.16 | (10%+10%) |
| 04/11/2006 to 04/30/2006 | 25,062.16 | (10%+10%+$21) |

Make your check or money order payable to:

Jefferson County Sheriff's Office
P.O. Box 70300
Louisville, KY 40270-0300

08029K00510000205050041002026125900206951690021729921

Jefferson County Sheriff's Office - Property Tax Search Page 







Home
Start a New Search

## Property Tax Search

### Search by Property Owner's Name

| Property ID: | Property Owner: | Tax Year: |
|---|---|---|
| 08029K00510000 | CATAMOUNT LS KY LLC | 2005 |
| Property Location Address: | 50 W LIBERTY STE 1080 | Invoice Number: |
| 1148 S 4TH ST | RENO NV 89501 | 2050500 |
| Property's Taxable Assessment: | | Mortgage Company Name |
| $1646000 | Gross Amt: $20695.16 | |

| Homestead Exemption Amount: | $0 | |
|---|---|---|
| Disability Exemption Amount: | $0 | |
| Payment Periods | Amount | If Paid |
| Discount Amount: | $0 | |
| Gross Amount: | $0 | |
| 5% Penalty Amount: | $0 | |
| 10% + 10% Penalty Amount: | $0 | |
| 10% + 10% + $21 Penalty Amount: | $0 | |
| | | |
| Amount Paid: | $20695.16 | |
| Paid on: | 12/28/2005 | |
| | | |
| Balance Due: | $0 | |

http://www.jcsoky.org/ptax_search_results_name.asp                    5/30/2006

Winn Dixie - Shelbyville, KY
Building Repair
Rev. 1 Update after 06/11/06 walk-through
By: MJS
Rev. 2 Estimate Categorization, 9/1/06

**BTA**
Louisville, KY 40299
Phone (502) 459-8402

Preliminary Cost Option

| Item/Description | | Units | Qty | Labor | | Materials | | Total Costs | Comments |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Unit Costs | Item Costs | Unit Costs | Item Costs | | |
| 1 | Repair Electrical Circuit | LS | 1 | | $75.00 | | $10.00 | $85.00 | |
| 2 | Replace exterior light | EA | 1 | | $150.00 | | $150.00 | $300.00 | |
| 3 | Ceiling Tile | | | | | | | | |
| 4 | Mold Mildew Contamination | Replacement | Sq. Ft. | 400 | $0.27 | $108.00 | $1.28 | $512.00 | $620.00 | based on 50 tiles |
| 5 | Floor Tiles | Remediation | Sq. Ft. | 1,200 | $4.00 | $4,800.00 | $1.00 | $1,200.00 | $6,000.00 | City per site measurements |
| | | Replacement | Sq. Ft. | 1,200 | $1.15 | $1,380.00 | $0.25 | $300.00 | $1,680.00 | |
| | | Paint | Sq. Ft. | 1,200 | $0.36 | $432.00 | $0.09 | $108.00 | $540.00 | |
| 6 | Wall Damage - Gypsum drywall | Replacement | SF | 200 | $0.52 | $104.00 | $1.00 | $200.00 | $304.00 | |
| 7 | Damage to column trim es | | Sq. Ft. | 16 | | $75.00 | | $35.00 | $110.00 | |
| 8 | Repair Brick corner at dock - exterior | | SF | 30 | $7.50 | $225.00 | $5.00 | $150.00 | $375.00 | |
| | | | | | | | Sub Total | $10,100.00 | |
| | | | | | | | Inflation Allowance 10% | $1,010.00 | |
| | | | | | | | Total | $11,110.00 | |

**Normal Building Maintenance Items**

| Item/Description | | Units | Qty | Labor | | Materials | | Total Costs | Comments |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Unit Costs | Item Costs | Unit Costs | Item Costs | | |
| 1 | Repair Electrical Circuit | LS | 1 | | $75.00 | | $10.00 | $85.00 | |
| 2 | Replace exterior light | EA | 1 | | $150.00 | | $150.00 | $300.00 | |
| 4 | Mold Mildew Contamination | | | | | | | | |
| | Remediation | Sq. Ft. | 1,200 | $4.00 | $4,800.00 | $1.00 | $1,200.00 | $6,000.00 | City per site measurements |
| | Replacement | Sq. Ft. | 1,200 | $1.15 | $1,380.00 | $0.25 | $300.00 | $1,680.00 | |
| | Paint | Sq. Ft. | 1,200 | $0.36 | $432.00 | $0.09 | $108.00 | $540.00 | |
| 9 | Repair Brick corner at dock - exterior | SF | 30 | $7.50 | $225.00 | $5.00 | $150.00 | $375.00 | |
| | | | | | | | Sub Total | $9,000 | |
| | | | | | | | Inflation Allowance 10% | $900 | |
| | | | | | | | Total | $9,900 | |

**Damage Due to Removal of Equipment/Fixtures**

| Item/Description | | Units | Qty | Labor | | Materials | | Total Costs | Comments |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Unit Costs | Item Costs | Unit Costs | Item Costs | | |
| 3 | Floor Tiles | Replacement | Sq. Ft. | 400 | $0.27 | $108.00 | $1.28 | $512.00 | $620.00 | based on 50 tiles |
| 6 | Wall Damage - Gypsum drywall | Replacement | Sq. Ft. | 200 | $0.52 | $104.00 | $1.00 | $200.00 | $304.00 | |
| 7 | Damage to column trim es | | Sq. Ft | 16 | | $75.00 | | $35.00 | $110.00 | |
| | | | | | | | Sub Total | $1,100 | |
| | | | | | | | Inflation Allowance 10% | $110 | |
| | | | | | | | Total | $1,210 | |

EXHIBIT 3

## SHELBYVILLE TAX PAYMENTS

One check for $27,259.93 with check #265 – dated October 27, 2005

One check for $2,825.12 with check #266 – dated October 27, 2005

Exhibit 4



**Property Tax Bill**

Commonwealth of Kentucky
2005 Shelby County

5217
Bill Number

Make Checks Payable To:
Mike Armstrong, Sheriff
501 Main Street, Suite 6
Shelbyville, KY 40065-1194

MIDLAND CENTER 4.667 ACRES

FLASK CORP
C/O WINN DIXIE LOUISVILLE, INC
5050 EDGEWOOD COURT
JACKSONVILLE, FL 32203-

Property Location
MIDLAND BOULEVARD

#1673R
Assigned to Buehler
(1 of 2)

RECEIVED
OCT 0 4 2005
TAX DEPT.

Keep This Copy For Your Records

---

**Property Tax Bill**

Commonwealth of Kentucky
2005 Shelby County

040C-00-008
MIDLAND CENTER 4.667 ACRES

FLASK CORP
C/O WINN DIXIE LOUISVILLE, INC
5050 EDGEWOOD COURT
JACKSONVILLE, FL 32203-
Please correct address if necessary.



**Bring or Mail This Copy With Your Payment**

Amount Paid: _____

Check Number: _____

Make Checks Payable To:
Mike Armstrong, Sheriff
501 Main Street, Suite 6
Shelbyville, KY 40065-1194

**Bring or Mail This Copy With Your Payment**

## Property Tax Bill

**Bring or Mail This Copy With Your Payment**

Commonwealth of Kentucky
2005 Shelby County

040C-00-008
MIDLAND CENTER 4.667 ACRES

FLASK CORP
C/O WINN DIXIE LOUISVILLE, INC
5050 EDGEWOOD COURT
JACKSONVILLE, FL 32203-
Please correct address if incorrect.



| | Amount Due | |
|---|---|---|
| 2% Discount | $556.33 | Paid By | NOV 1 2005 | $27,259.93 |
| Face Value | | Paid By | DEC 31 2005 | $27,816.25 |
| 5% Penalty | $1,390.81 | Paid By | JAN 31 2006 | $29,207.06 |
| 21% Penalty | $5,841.41 | Paid After JAN 31 2006 | | $33,657.66 |

Amount Paid: _27,259.93_

Check Number: _265_

Make Checks Payable To:
Mike Armstrong, Sheriff
501 Main Street, Suite 8
Shelbyville, KY 40065-1194

**Bring or Mail This Copy With Your Payment**

---

LA GATTA ESTATE COMPANY INC.
TRUST ACCOUNT
50 W. LIBERTY ST. STE. 1060
RENO, NV 89501

265

54-77/1224
84

PAY TO THE ORDER OF _Mike Armstrong Sheriff_      DATE _Oct 27, 2005_      $ _27,259.93_

_Twenty Seven Thousand Two Hundred Fifty Nine & 93/100_ _____ DOLLARS

NSB NEVADA STATE BANK
P.O. BOX 2351
RENO, NV 89505
www.nsbank.com

FOR _Property Tax Bill_
_Midland Blvd    2005 Shelby County_
_Flask 040C-00-008  FYA# 0003915N_
_#5217_

⑆000265⑆    ⑆                    ⑈



# Property Tax Bill

**Commonwealth of Kentucky**
**2005 Shelby County**

Bill Number **5493**

Make Checks Payable To:
Mike Armstrong, Sheriff
501 Main Street, Suite 8
Shelbyville, KY 40065-1194

WINN DIXIE ADD. TR.4 MIDLAND CENTER
FUNK HELENE AND PETER W MERNER
NOMINEES FOR JOHN H O LA GATTA
5050 EDGEWOOD COURT
JACKSONVILLE, FL 32203-

Property Location
MIDLAND BOULEVARD  130

Map Number
040C-00-009

PVA Account Number
0004943 N

Tax District
01

RECEIVED

OCT 0 4 2005

TAX DEPT.

#16732   (2 of 2)
Assigned to Buehler

Keep This Copy For Your Records

---

## Bring or Mail This Copy With Your Payment

# Property Tax Bill

Commonwealth of Kentucky
2005 Shelby County

040C-00-009
WINN DIXIE ADD. TR.4 MIDLAND CENTER

FUNK HELENE AND PETER W MERNER
NOMINEES FOR JOHN H O LA GATTA
5050 EDGEWOOD COURT
JACKSONVILLE, FL 32203-

Please correct address if incorrect.



*005493*

Amount Paid: _____

Check Number: _____

Make Checks Payable To:
Mike Armstrong, Sheriff
501 Main Street, Suite 8
Shelbyville, KY 40065-1194

## Bring or Mail This Copy With Your Payment

## Property Tax Bill

### Bring or Mail This Copy With Your Payment

Commonwealth of Kentucky
2005 Shelby County

040C-00-009
WINN DIXIE ADD. TR 4 MIDLAND CENTER

FUNK HELENE AND PETER W MERNER
NOMINEES FOR JOHN H O LA GATTA
5050 EDGEWOOD COURT
JACKSONVILLE, FL 32203-
Please correct address if incorrect.

| | | | | |
|---|---|---|---|---|
| 2% Discount | $57.66 | Paid By | NOV 1 2005 | $2,825.12 |
| Face Value | | Paid By | DEC 31 2005 | $2,882.78 |
| 5% Penalty | $144.14 | Paid By | JAN 31 2006 | $3,026.91 |
| 21% Penalty | $605.38 | Paid After JAN 31 2006 | | $3,488.16 |



Amount Paid: 2,825.12

Check Number: 266

Make Checks Payable To:
Mike Armstrong, Sheriff
501 Main Street, Suite 8
Shelbyville, KY 40065-1194

### Bring or Mail This Copy With Your Payment

---

266

LA GATTA ESTATE COMPANY INC.
TRUST ACCOUNT
50 W. LIBERTY ST. STE. 1080
RENO, NV 89501

DATE *Oct. 27, 2005*

PAY TO THE ORDER OF *Mike Armstrong, Sheriff* | $ 2825.12

*Two Thousand Eight Hundred Twenty Five Dollars 9-12/100 —* DOLLARS

NSB NEVADA STATE BANK
P.O. BOX 2251
RENO, NV 89505

FOR *Property Tax Bill / 040C-00-009 FR# 005493X*

# 5493     ⑈000266⑈     ⑈39011⑈