UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**APPLICATION FOR PAYMENT OF ADMINISTRATIVE
EXPENSE FILED BY INDIAN TRAIL SQUARE, LLC**

The creditor, Indian Trail Square, LLC, by its undersigned attorneys, moves for an order allowing and directing the immediate payment of an administrative expense, as more fully appears below:

1. At the relevant times, Indian Trail Square, LLC ("Landlord") owned the property that the Debtors operated as Winn-Dixie Store #1696, at 5733 Preston Highway, Louisville, Kentucky. On or about October 18, 2004, before the Debtors' petitions were filed, the Lease was assigned from Winn-Dixie Charlotte, Inc., predecessor in interest to Winn-Dixie Raleigh, Inc., to Buehler of Kentucky LLC. Landlord at no time released Debtors from liability under the Lease as a result of any assignment. Winn-Dixie Raleigh, Inc. is a debtor in these jointly administered cases.

2. The Debtors filed these cases under Chapter 11 of the Bankruptcy Code on February 21, 2005, in the United States Bankruptcy Court for Southern District of New York. On April 13, 2005, that court transferred the venue of the cases to this Court.

3. The Debtors have not specifically sought to assume or reject the Lease. By the Order Under 11 U.S.C. §365(d)(4) Granting Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Real Property, entered on May 6, 2005 (Docket No. 1070), the Court

extended the time for the Debtors to move to assume or reject leases to September 19, 2005. In that order, the Court also directed the Debtors to honor all post-petition rental obligations arising under such leases.

4. As reflected on the Landlord's Amended Proof of Claim attached here as Exhibit A, the Debtors owe $19,250.00 for post-petition obligations.

5. The Debtors have failed to pay these amounts. Accordingly, the Debtors are in default of the Lease and are in violation of this Court's Order of May 6th.

6. The rental obligations described in paragraph 4 above are post-petition administrative expense obligations because, under the terms of the Lease, they became due and payable post-petition. Centerpoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holdings Corp.), 268 F.3d 205 (3d Cir. 2001); Rose's Stores, Inc. v. Saul Subsidiary I, L.P. (In re Rose's Stores, Inc.), 1998 U.S. App. LEXIS 15334 (4th Cir. 1998 [unreported]; In re DeCicco of Montvale, Inc., 239 B.R. 475 (Bankr. D. N.J. 1999); In re R. H. Macy & Co., 152 B.R. 869 (Bankr. S.D. N.Y. 1993). Although there is contrary authority, e.g., In re Handy Andy Home Improvement Centers, Inc., 144 F.3d 1125 (7th Cir. 1998), and Schneider & Reiff v. William Schneider, Inc. (In re William Schneider, Inc)., 175 B.R. 769 (S.D. Fla. 1994), there is no controlling authority in our circuit. The Landlord submits these contrary cases do not represent the better view.

WHEREFORE, the Landlord prays that the Court will grant its application, allow the Landlord an administrative expense claim in the amount of $19,250.00, and order the Debtors to pay it immediately.

Respectfully submitted by,

/s/ Andrew M. Brumby
Andrew M. Brumby
Shutts & Bowen LLP
300 South Orange Avenue
Suite 1000
Orlando, FL  32801

and

Elizabeth Lee Thompson
STITES & HARBISON
250 West Main Street
Suite 2300
Lexington, KY  40507-1758
Telephone:  (859) 226-2300
COUNSEL FOR INDIAN TRAIL SQUARE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Response of Indian Trail Square, LLC to Debtors' Twenty-Second Omnibus Objection to Claims was served this 6th day of October, 2006 upon the following persons by email transmission, and first class U.S. Mail, as follows, and those persons participating in this Court's CM/ECF electronic notification system:

D. J. Baker
Skadden, Arps, Meagher & Flom, LLP
Four Times Square
New York, New York  10036
djbaker@skadden.com

James H. Post
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL  32202
jpost@smithhulsey.com

                                                        /s/ Andrew M. Brumby
                                                  Andrew M. Brumby

| | Chapter 11 PROOF OF CLAIM Amended Unsecured | DEADLINE FOR FILING PROOFS CLAIM IS: AUGUST 1, 2005 AT 5:00 EASTERN TIME |
|---|---|---|

**Name of Debtor Against Which You Assert Your Claim:**

Debtor Name: __Winn-Dixie Stores, Inc.__    Case No. __05-03817-3F1__
(See List of Names and Case Numbers on Reverse Side)

**A. Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):

20241187

WDX-252 126-B2-12
INDIAN TRAIL SQUARE LLC
ATTN DAHLEM REALTY
1020 INDUSTRY ROAD STE 40
LEXINGTON KY 40505

Telephone No. of Creditor: 859 335 9663
Fax No. of Creditor: 859 335 9662

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

**B. Name and address of signatory or other person to whom notices must be served, if different from above.** (Check box if): ☐ replaces address above ☐ additional address

Name: _____
Company/Firm: _____
Address: _____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, do not need to file this proof of claim, EXCEPT AS FOLLOWS: the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of claim. If you have already filed a proof of claim in accordance the attached instructions, you need not refile your claim.

Account or Other Number by Which Creditor Identifies Debtor:
Property = Indian Trail

Check here if this claim ☐ replaces ☒ amends   a previously filed claim, dated: __07/27/05__

**1. Basis for Claim**
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☒ Other _____

☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN: _____
Unpaid compensation for services performed from _____ to _____
(date) (date)

**2. Date debt was incurred:** 08/24/87

**3. If claim is based on a Court Judgment, date obtained:** _____

**4. Total Amount of Claim at Time Case Filed:**

$ __404,250.00__    $ _____    $ __78,380.80__    $ __482,630.80__
(unsecured)          (secured)              (priority)         (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim

Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☒ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

**Date** 2/30/06    Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:

Print: Nicole A. Biddle   Title: Counsel for Indian Trail Square LLC
Stites & Harbison, 250 W Main St, Ste 2300, Lexington, KY 40507
Signature: _____

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT A

Form B10 (Official Form 10) (04/04)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

PLEASE READ THE PROOF OF CLAIM FORM CAREFULLY AND FILL IT IN COMPLETELY AND ACCURATELY. PRINT LEGIBLY. YOUR CLAIM MAY DISALLOWED IF IT CANNOT BE READ AND UNDERSTOOD. THE PROOF OF CLAIM MUST BE COMPLETED IN ENGLISH. THE AMOUNT OF ANY CLAIMS M[UST] HAVE ARISEN ON OR PRIOR TO THE FILING OF THE CHAPTER 11 PETITIONS ON FEBRUARY 21, 2005, AND MUST BE DENOMINATED IN UNITED STA[TES] CURRENCY.

The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed volunta[rily] by a debtor, there may be exceptions to these general rules.

### DEFINITIONS

**Debtor**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**
A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed or with a designated agent of the court.

**Secured Claim**
A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim*.)

**Unsecured Claim**
If a claim is not a secured claim, it is an unsecu[red] claim. A claim may be partly secured and pa[rtly] unsecured if the property on which a creditor h[as a] lien is not worth enough to pay the creditor in ful[l].

**Unsecured Priority Claim**
Certain types of unsecured claims are given prior[ity] so they are to be paid in bankruptcy cases bef[ore] most other unsecured claims (if there is suffici[ent] money or property available to pay these clain[s]). The most common types of priority claims are lis[ted] on the proof of claim form. Unsecured claims t[hat] are not specifically given priority status by bankruptcy laws are classified as *Unsecur[ed] Nonpriority Claims*.

### ITEMS TO BE COMPLETED IN PROOF OF CLAIM FORM (IF NOT ALREADY FILLED IN)

**Name of Debtor and Case Number:**
Fill in the name of the Debtor against which you assert a claim, as well as the Case Number applicable to such Debtor. The Debtors' Names and Case Numbers are listed below.

| Debtor | Case No. |
|---|---|
| Winn-Dixie Stores, Inc. | Case No. 05-03817-3F1 |
| Dixie Stores, Inc. | Case No. 05-03818-3F1 |
| Table Supply Food Stores Co., Inc. | Case No. 05-03819-3F1 |
| Astor Products, Inc. | Case No. 05-03820-3F1 |
| Crackin' Good, Inc. | Case No. 05-03821-3F1 |
| Deep South Distributors, Inc. | Case No. 05-03822-3F1 |
| Deep South Products, Inc. | Case No. 05-03823-3F1 |
| Dixie Darling Bakers, Inc. | Case No. 05-03824-3F1 |
| Dixie-Home Stores, Inc. | Case No. 05-03825-3F1 |
| Dixie Packers, Inc. | Case No. 05-03826-3F1 |
| Dixie Spirits, Inc. | Case No. 05-03827-3F1 |
| Economy Wholesale Distributors, Inc. | Case No. 05-03828-3F1 |
| Foodway Stores, Inc. | Case No. 05-03829-3F1 |
| Kwik Chek Supermarkets, Inc. | Case No. 05-03830-3F1 |
| Sunbelt Products, Inc. | Case No. 05-03831-3F1 |
| Sundown Sales, Inc. | Case No. 05-03832-3F1 |
| Superior Food Company | Case No. 05-03833-3F1 |
| WD Brand Prestige Steaks, Inc. | Case No. 05-03834-3F1 |
| Winn-Dixie Handyman, Inc. | Case No. 05-03835-3F1 |
| Winn-Dixie Logistics, Inc. | Case No. 05-03836-3F1 |
| Winn-Dixie Montgomery, Inc. | Case No. 05-03837-3F1 |
| Winn-Dixie Procurement, Inc. | Case No. 05-03838-3F1 |
| Winn-Dixie Raleigh, Inc. | Case No. 05-03839-3F1 |
| Winn-Dixie Supermarkets, Inc. | Case No. 05-03840-3F1 |

(NOTE: If you have a claim against more than one of the Debtors, you must file a separate proof of claim against each Debtor. If your proof of claim fails to designate the Debtor against which you have a claim, your claim will be deemed to be a claim against Winn-Dixie Stores, Inc. If your proof of claim designates more than one Debtor, your claim will be deemed to be a claim only against Winn-Dixie Stores, Inc.)

**Information about Creditor:** Complete the section giving the name, address, telephone number, fax number, and e-mail address (if any) of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form. Please note that all future correspondence sent by Logan & Company, Inc. will be mailed to the pre-printed address as listed in Box A on the reverse side, unless you indicate and change the address on the reverse side. Further future mailings will be sent to the attention of the signatory on the reverse side of this Proof of Claim.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the ty[pe] of debt is not listed, check "Other" and briefly describe the type of debt. [If] you were an employee of the debtor, fill in the last four digits of your soc[ial] security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered t[he] judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the applicable amounts, including the total amount of the entire clai[m]. If interest or other charges in addition to the principal amount of the claim [are] included, check the appropriate place on the form and attach an itemization [of] the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must sta[te] the type and value of property that is collateral for the claim, attach copies [of] the documentation of your lien, and state the amount past due on the claim [as] of the date the bankruptcy case was filed. A claim may be partly secured a[nd] partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority clai[m] sometimes referred to as a "general unsecured claim." (See DEFINITION[S] above). If your claim is partly secured and partly unsecured, state here t[he] amount that is unsecured. If part of your claim is entitled to priority, sta[te] here the amount not entitled to priority.

**7. Unsecured Priority Claim**
Check the appropriate place if you have an unsecured priority claim, and sta[te] the amount entitled to priority. (See DEFINITIONS, above). A claim ma[y] be partly priority and partly a nonpriority if, for example, the claim is f[or] more than the amount given priority by the law. Check the appropriate plac[e] to specify the type of priority claim.

**8. Credits:**
By signing this proof of claim, you are stating under oath that in calculatin[g] the amount of your claim you have given the debtor credit for all payment[s] received from the debtor.

**9. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you mus[t] attach an explanation of why they are not available.
DO NOT SEND ORIGINAL SUPPORTING DOCUMENTS, ORIGINA[L] GIFT CERTIFICATES/GIFT CARDS, ETC.

THE ORIGINAL OF THIS PROOF OF CLAIM FORM MUST BE SENT SO THAT IT IS **RECEIVED** ON OR BEFORE 5:00 P.M. EASTERN TIME, AUGUST 1, 2005. SEND THE COMPLETED PROOF OF CLAIM FORM BY U.S. MAIL, COURIER SERVICE, HAND DELIVERY OR OVERNIGHT SERVICE TO: WINN-DIXIE CLAIMS DOCKETING CENTER, c/o LOGAN & COMPANY, INC., 546 VALLEY ROAD, UPPER MONTCLAIR, NEW JERSEY 07043. PROOFS OF CLAIM MAY **NOT** BE SENT BY FACSIMILE, TELECOPY, OR OTHER ELECTRONIC MEANS.

## Claim Calculation

Debtor: Winn-Dixie Stores, Inc.,
Court: United States Bankruptcy Court, Middle District of Florida
Case No. 05-03817-3F1

Post-Petition Administrative Claim

| | |
|---|---|
| Amount owed for the period 01/2004 -12/2004 | $ 59,130.80 |
| Amount owed for the period 05/2005 | $ 19,250.00 |
| *Amount for rejection damages | $404,250.00 |

**Total due:** **$ 482,630.80**

*This amount represents the unpaid rent for December 2005, January 2006 through December 2006 and January 2007 through August 2007 (21 months). The rejection damages portion of the claim will be timely amended to reflect any reletting of the premises thereby mitigating Debtor's damages.*

### UPS CampusShip: View/Print Label

1. **Print the label(s):** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the dotted line.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   - Schedule a same day or future day Pickup to have a UPS driver pickup all of your Internet Shipping packages.
   - Hand the package to any UPS driver in your area.
   - Take your package to The UPS Store™, Customer Center or Authorized Shipping Outlet.
   - Drop off your Air Shipments including Worldwide Express SM at one of our 50,000 UPS locations.

   **Customers with a Daily Pickup**
   - Your driver will pickup your shipment(s) as usual.

FOLD HERE



UPS CampusShip: Label/Receipt                                                                 Page 2 of 3



# Shipment Receipt

(Keep this for your records.)

**Transaction Date** 30 Dec 2005

### Address Information

**Ship To:**
Logan & Company, Inc.
Winn-Dixie Claims Docketing Center
973 509 3190
c/o Logan & Company, Inc.
546 Valley Road
UPPER MONTCLAIR NJ 07043-1800

**Shipper:**
Stites - Lexington
Featherston, Sandy
(859) 226-2300 x2303
250 West Main Street, Ste 2300
Lexington KY 40507

### Shipment Information

| | |
|---|---|
| **Service:** | UPS Next Day Air |
| *Guaranteed By: | 10:30 AM, Tues. 3 Jan. 2006 |
| **Quantum View Notify ᔆᴹ 1:** Ship | sfeatherston@stites.com |
| **Quantum View Notify ᔆᴹ** | Total: .................. No Charge |

**Shipping:**                                                  ..................  **18.00

### Package Information

**Package 1 of 1**
Tracking Number:            1ZF4F4360194014662
Package Type:               UPS Letter
Actual Weight:              Letter
Billable Weight:            Letter
Client Number:              CN45-37757
Client-Matter Number:       CN45-37757
Sender's Initials or Contact Name:  skf

### Billing Information

**Payment Method:**    Bill Sender: F4F436
**Total:**             All Shipping Charges in USD                          **18.00

Note: The displayed rate is for reference purposes and does not include applicable taxes.

* For delivery and guarantee information, see the UPS Service Guide. To speak to a customer service representative, call 1-800-PICK-UPS for domestic services and 1-800-782-7892 for international services.

** Rate includes a fuel surcharge.

### Responsibility for Loss or Damage

Unless a greater value is recorded in the declared value field as appropriate for the UPS shipping system used, the shipper agrees that the released value of each package covered by this receipt is no greater than $100, which is a reasonable value under the circumstances surrounding the transportation. If additional protection is desired, a shipper may increase UPS's limit of liability by declaring a higher value and paying an additional charge. UPS does not accept for transportation and shipper's requesting service through the Internet are prohibited from shipping packages with a value of more than $50,000. The maximum liability per package assumed by UPS shall not exceed $50,000, regardless of value in excess of the maximum. Claims not made within nine months after delivery of the package (sixty days for

International shipments), or In the case of failure to make delivery, nine months after a reasonable time for delivery has elapsed (sixty days for International shipments), shall be deemed waived. The entry of a C.O.D. amount is not a declaration of value for carriage purposes. All checks or other negotiable Instruments tendered in payment of C.O.D. will be accepted by UPS at shipper's risk. UPS shall not be liable for any special, incidental, or consequential damages. All shipments are subject to the terms and conditions contained in the UPS Tariff and the UPS Terms and Conditions of Service, which can be found at www.ups.com.