**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 3:05-bk-03817-JAF |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**NOTICE OF TRANSFER AND**
**ASSIGNMENT OF CLAIM AND WAIVER OF**
**NOTICE PURSUANT TO BANKRUPTCY RULE 3001(e)(2)**

ORIX Capital Markets, LLC as servicing agent for Wells Fargo Bank, N.A. gives notice of the attached transfer and assignment of claim pursuant to Bankruptcy Rule 3001(e)(2) between Independence Crossing, LLC and Wells Fargo Bank, N.A. f/k/a Wells Fargo Bank Minnesota, N.A., successor by merger to and f/k/a Norwest Bank Minnesota, National Association, as Trustee for the registered holders of First Union-Lehman Brothers-Bank of America Commercial Mortgage Trust Commercial Pass-Through Certificates, Series 1998 C-2.

STUTSMAN THAMES & MARKEY, P.A.

By /s/ Richard R. Thames
Richard R. Thames

Florida Bar Number 0718459
50 N. Laura St., Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
RRT@stmlaw.net

61000                Attorneys for ORIX Capital Markets, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Winn-Dixie Stores, Inc., et al., ) | Bankruptcy Case No. 05-03817-3F1 |
| ) | |
| Debtors. ) | |
| ) | |

## NOTICE OF TRANSFER AND ASSIGNMENT OF CLAIMS ("ASSIGNMENT")

YOU WILL PLEASE TAKE NOTICE that Independence Crossing, LLC and its successors and assigns ("Assignor"), for valuable consideration, hereby absolutely and unconditionally transfers and assigns unto **Wells Fargo Bank, N.A., f/k/a Wells Fargo Bank Minnesota, N.A., successor by merger to and f/k/a Norwest Bank Minnesota, National Association, as Trustee for the registered holders of First Union-Lehman Brothers-Bank of America Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 1998-C2** ("Assignee"): (a) all right, title and interest in and to (i) the claim previously filed by Assignor in *In re Winn-Dixie Stores, Inc.* in the aggregate outstanding principal amount of not less than $686,138.18 denominated as **Claim No. 12290**, and (ii) the claim previously filed by Assignor in *In re Winn-Dixie Raleigh, Inc.* in the aggregate outstanding principal amount of not less than $686,138.18 denominated as **Claim No. 12291** (either such claim, singly, the "Claim" or, collectively, the "Claims"), together with all agreements, instruments, invoices, purchase orders, proofs of delivery and other documents evidencing, or relating or referred to in, the Claims; (b) all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of, or in connection with, any of the foregoing; (c) all other claims, causes of action against Winn-Dixie Stores, Inc. or any of its affiliates that are debtors in possession in the above-captioned cases (collectively, the "Debtor"), its non-debtor

affiliates, any guarantor or other third party relating to or arising from the lease dated May 9, 1996, between Assignor, as successor in interest to Leila N. Erwin, and Winn-Dixie Raleigh, Inc., as successor in interest to Winn-Dixie Charlotte, Inc. with respect to a former Winn-Dixie store location at 111 Independence Boulevard, Morganton, North Carolina (the "Lease") (other than claims, if any, arising as a consequence of the pursuit of avoidance claims against Assignor); (d) all related documents, together with voting and other rights and benefits which may be paid with respect to the Claims; and (e) all cash, securities, instruments and/or other property or distributions issued in satisfaction of the Claims. The Claims are based on amounts owed to Assignor by the Debtor as set forth below in connection with rejection of the Lease, and this Assignment shall be for the purpose of collection and shall not be deemed to create any security interest.

Assignor represents and warrants that it filed the Claims on behalf of and for the benefit of Independence Marketplace, L.L.C., an affiliated entity, and that the Lease is subject to that certain Assignment Of Leases And Rents from Independence Marketplace, L.L.C. to First Union National Bank, dated as of January 30, 1998, and recorded in Book 894, Page 361 of the Burke County, North Carolina, Register of Deeds (the "ALR").

Assignor represents and warrants that no portion of the Claims has been sold, assigned or pledged to a third party in whole or in part and that no payment or other distribution has been received by Assignor, or by any third party on behalf of Assignor, in full or partial satisfaction of, or in connection with the Claims, except for the assignment evidenced by the ALR..

Assignor agrees to execute such documents as may be necessary to effectuate this Assignment; and Assignor further agrees to provide reasonable cooperation to the Assignee in obtaining any other documents evidencing, supporting or relating to the Claims. In the event a

Claim is objected to or otherwise contested, in whole or in part, and Assignor receives notification of same, Assignor shall promptly notify Assignee of same.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such consideration which is now, or may hereafter become due and payable for, or on account of the Claims herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claims and Assignor's rights thereunder pursuant to this Assignment. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such power at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend a Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, at its own expense, as may be reasonably necessary or desirable to effect the assignment of the Claims and any payments or distributions on account of the Claims to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees that if Assignor receives any payments or distributions or notices with respect to or relating to the Claims after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within ten (10) business days in the case of cash and/or notices and within twenty (20) business days in the case of securities, which are in good deliverable form, with the endorsement of Assignor when necessary or appropriate.

The terms of this Assignment shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor hereby acknowledges

C-997927v4 17235.00015                     3

that Assignee may at any time re-assign the Claims to a third party, together with all rights, title and interest of Assignee in and to this Assignment.

The Assignor and Assignee hereby request that notice of said transfer be sent to any and all parties as required in accordance with Bankruptcy Rule 3001(e), FRBP and that any notices and disbursements of monies that would otherwise be directed to Assignor now be sent to the Assignee at the following address:

> **ORIX Capital Markets, LLC**
> **1717 Main Street**
> **Suite 800**
> **Dallas, Texas 75201**
> **Attn: Mr. Chuck Crouch**

### CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in the foregoing Assignment and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rule of Bankruptcy Procedure.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment by its duly authorized representative dated as of the ___ day of September, 2006.

**ASSIGNOR:**

WITNESS:

INDEPENDENCE CROSSING, LLC

_____
Signature of Witness

By: _____
Name: Leila N. Erwin
Title: Manager
742 Bost Road
Morganton, North Carolina 28655
Telephone: (828) 437 1823

_Lynne Huffman / Manager_
Print Name/Title
Marc Lace