UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER PURSUANT TO DEBTORS' THIRD OMNIBUS MOTION AUTHORIZING
NEGOTIATED ASSUMPTIONS OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES AND GRANTING RELATED RELIEF**

These cases came before the Court for hearing on October 5, 2006, upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the negotiated assumptions of the prepetition contracts and leases set forth on the attached Exhibit A (the "Contracts") on the terms set forth in the Motion and on Exhibit A, (b) fixing the cure amount for each of the Contracts at $0.00 as set forth on Exhibit A, but preserving cure rights with respect to any amounts becoming owed to the non-Debtor counter-parties to the Contracts (the "Counter Parties") pursuant to 11 U.S.C. § 502(h) for sums relating to the Contracts that may be required to be paid pursuant to 11 U.S.C. § 550 (the "Section 502(h) Claims"), and (c) disallowing the claims related to the Contracts (the "Claims") as set forth on Exhibit A, in each case effective as of the effective date of the Debtors' proposed joint plan of reorganization (the "Effective Date") (the

"Motion").[1]  By the Motion, parties were given until September 28, 2006 to object to the Motion. Upon consideration, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to assume the Contracts on the terms set forth in the Motion and on Exhibit A pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the Effective Date. The Debtors' assumption of the Contracts as of, and upon the occurrence of, the Effective Date is approved.

3. For purposes of 11 U.S.C. § 365(b)(1), there shall be no cure or compensation amounts owed by the Debtors with respect to the Contracts and the costs of assumption shall be fixed at $0.00 as set forth on Exhibit A.

4. The Counter Parties listed on Exhibit A are deemed to have waived any and all rights they may have against the Debtors for cure or compensation under their respective Contracts listed on Exhibit A. As a consequence of such waiver, and notwithstanding the assumption of the Contracts, the Debtors shall not be required to pay the Claims as cure under Section 365(b)(1)(A) of the Bankruptcy Code.

5. The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to each of the Contracts.

6. As of, and upon the occurrence of, the Effective Date, the Claims shall be disallowed in their entirety as set forth on Exhibit A.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

7. The waiver of cure payments and other concessions by the Counter Parties will not negate the impact of assumption on any claims held by the Debtors against the Counter Parties or otherwise expose the Counter Parties to potential preference actions with respect to payments made on account of the Contracts. Upon assumption of the Contracts and notwithstanding the waiver of cure payments and other concessions, the Counter Parties will be entitled to an administrative claim with respect to any Section 502(h) Claims.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

10. In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, this Order shall be null and void.

Dated October 5, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

**Exhibit A**

**Exhibit A**
**Contracts to be Assumed on Negotiated Terms[1]**

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Service Agreement | Non-Debtor Counter Party<br><br>Examen, Inc. ("Examen")<br><br>Addresses<br><br>LexisNexis Examen Inc. 3831 North Freeway Blvd., Ste. 200 Sacramento, CA 95834<br><br>LexisNexis, a Division of Reed Elsevier Inc. Attention: General Counsel 9443 Springboro Pike Dayton, OH 45342 | Service Agreement dated August 1, 2004 | $0.00 | 3763 ($3,000.00) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Services Agreement as Amended dated June 20, 2006 between Winn-Dixie Stores, Inc. and Examen, Inc.<br><br>- Examen waives any defaults under Service Agreement.<br><br>- Claim No. 3763 to be disallowed in its entirety. |
| Winn-Dixie Stores, Inc. | HDQ | Software Maintenance | Non-Debtor Counter Party<br><br>Tomax Corporation ("Tomax")<br><br>Address<br><br>Tomax Corporation 224 South 200 West Salt Lake City, UT 84101 | Software License Agreement, dated June 28, 2002 | $0.00 | 31735 ($22,000) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Software License Agreement dated February 15, 2006, between Winn-Dixie Stores, Inc. and Tomax Corporation<br><br>- Tomax waives any defaults under the Software License Agreement.<br><br>- Scheduled Claim No. 31735 to be disallowed in its entirety. |

---

[1] Copies of the assumption agreements referenced in this Exhibit A have been provided to counsel to the Official Committee of Unsecured Creditors.

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Maintenance Agreement | Non-Debtor Counter Party<br><br>Unicru, Inc. ("Unicru")<br><br>Address<br><br>Unicru<br>Att'n: Douglas C. Shafer, CFO<br>9525 SW Gemini Drive<br>Beaverton, OR 97008 | Services Agreement, dated June 30, 2004 | $0.00 | 5575<br>($57,915.25) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of of Services Agreement dated August 21, 2006, between Winn-Dixie Stores, Inc. and Unicru, Inc.<br><br>- Unicru waives any defaults under the Services Agreement.<br><br>- Claim No. 5575 to be disallowed in its entirety. |

2