# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' MOTION FOR ORDER APPROVING STIPULATION
## BETWEEN DEBTORS AND MEDICAL SECURITY CARD COMPANY

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, and (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors"),

pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure move the Court

for the entry of an order approving the Stipulation Between Debtors and Medical

Security Card Company (the "Stipulation") attached as Exhibit A.

---

[1]        In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

If no objection to the Stipulation is filed and served within the time as set forth above, the Court will be requested to enter an order in the form attached as Exhibit B without further notice or hearing.

Dated: October 6, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By ____*s/ D. J. Baker*____
     D. J. Baker
     Sally McDonald Henry
     Rosalie Walker Gray
     David M. Turetsky
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Attorneys for Debtors

SMITH HULSEY & BUSEY

By ____*s/ James H. Post*____
     Stephen D. Busey
     James H. Post
     Cynthia C. Jackson,
     Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Co-Attorneys for Debtors

**<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

-------------------------------------------------------x
                    :

In re:                         :          Chapter 11
                    :

WINN-DIXIE STORES, INC., et al.,  :          Case No. 05-03817-3F1
                    :

         Debtors.          :
                    :          Jointly Administered

--------------------------------------------------- :

## STIPULATION BETWEEN DEBTORS AND MEDICAL SECURITY CARD COMPANY

      This Stipulation (the "Stipulation") is made and entered into as of the date set forth below by and among Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates as debtors and debtors in possession in the above-styled jointly administered bankruptcy cases (the "Debtors") and Medical Security Card Company ("MSC"):

      WHEREAS, Winn-Dixie and MSC are parties to the following agreements: (a) the Basic MSC Participating Pharmacy Agreement bearing dates March 17, 1998 and March 20, 1998 as amended by MSC Participating Pharmacy Agreement Amendment CMS Endorsed Network Exhibit dated April 28, 2004 (the "ScriptSave Plus Contract") and (b) the MSC Participating Pharmacy Agreement Specific to RxAdvantage (RxA) Network bearing dates December 1, 1998 and December 11, 1998 as amended by MSC Participating Pharmacy Agreement Amendment CMS Endorsed Network Exhibit dated April 28, 2004 (the "RX Advantage Contract" and collectively with the ScriptSave Plus Contract, the "MSC Contracts"); and

      WHEREAS, on February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"); and

WHEREAS, on August 4, 2006, the Debtors filed at Docket No. 9897 a motion with the United States Bankruptcy Court for the Middle District of Florida (the "Court") seeking authorization to assume the MSC Contracts, among others, as of the effective of the Debtors' joint plan of reorganization (the "Effective Date") (the "Assumption Motion"); and

WHEREAS, on August 25, 2006, the Court entered at Docket No. 10542 an order authorizing and approving the assumption of the MSC Contracts, among others, as of the Effective Date (the "Assumption Order"); and

WHEREAS, each of the Assumption Motion and the Assumption Order reflect that the cure costs for assuming each of the MSC Contracts (the "Cure Costs") are $0.00; and

WHEREAS, MSC did not receive notice of the Assumption Motion or the Cure Costs until after the Assumption Order was entered; and

WHEREAS, the Debtors scheduled Claim No. 31196 for MSC in the amount of $124,746.00, which claim has been superseded by Claim No. 12876 filed by MSC in the amount of $130,398.50 for sums due under the MSC Contracts; and

WHEREAS, MSC currently owes $67,739.54 to Winn-Dixie under the MSC Contracts (the "Winn-Dixie Claim"); and

WHEREAS, in light of the delayed notice received by MSC and the sums due between and among MSC and Winn-Dixie, and notwithstanding the Assumption Motion and the Assumption Order, the parties recognize that the appropriate Cure Cost for the MSC Contracts is $62,658.96 in the aggregate; and

WHEREAS, subject to the Court's approval, the Debtors and MSC wish to correct the Assumption Order to ensure that, subject to the occurrence of the Effective Date and the assumption of the MSC Contracts, MSC is paid the appropriate Cure Cost;

NOW THEREFORE, the parties hereby stipulate and agree as follows:

1.      Upon entry of an order by the Court approving this Stipulation, the entry related to the RX Advantage Contract contained on page 13 of Exhibit A to the Assumption Order shall be deemed amended to read:

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure |
|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Pharmacy Third Party Insurance | RXV | Medical Security Card Company (RX Advantage) | Att'n: Jennifer Lebrecht, CFO 333 East Wetmore Rd., 4th Floor Tucson, AZ 87505 | MSC Participating Pharmacy Agreement Specific to RxAdvantage (RxA) Network bearing dates December 1, 1998 and December 11, 1998 as amended by MSC Participating Pharmacy Agreement Amendment CMS Endorsed Network Exhibit dated April 28, 2004 | $62,658.96 |

2.      Upon entry of an order by the Court approving this Stipulation, the entry related to the ScriptSave Plus Contract contained on page 14 of Exhibit A to the Assumption Order shall be deemed amended to read:

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure |
|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Pharmacy Third Party Insurance | MDC | Medical Security Card Company (ScriptSave Plus-Premier) | Att'n: Jennifer Lebrecht, CFO 333 East Wetmore Rd., 4th Floor Tucson, AZ 87505 | Basic MSC Participating Pharmacy Agreement bearing dates March 17, 1998 and March 20, 1998 as amended by MSC Participating Pharmacy Agreement Amendment CMS Endorsed Network Exhibit dated April 28, 2004 | $0.00 |

3.      Except as described in paragraphs 1 and 2 of this Stipulation, the Assumption Order shall remain unchanged and in full force and effect.

- 3 -

4.      Upon entry of an Order by the Court approving this Stipulation, Claim No. 31196 shall be disallowed in its entirety and expunged as superseded by Claim No. 12876.

5.      Upon entry of an Order by the Court approving this Stipulation, Claim No. 12876 shall be allowed in the reduced amount of $62,658.96 (the "Reduced Amount"), the remaining balance of Claim No. 12876 shall be disallowed, and the Debtors shall be deemed to have waived the Winn-Dixie Claim.

6.      Subject to the occurrence of the Effective Date, the assumption of the MSC Contracts, and the terms of the Assumption Order as amended, the Reduced Amount shall be paid to MSC as cure in full satisfaction of the Debtors' obligations with respect to the MSC Contracts under Section 365 of the Bankruptcy Code.

7.      Except for payment of the Reduced Amount and the performance of any post-petition obligations, MSC waives any and all claims it may have against the Debtors for cure or compensation under the MSC Contracts.

8.      Upon entry of an order approving this Stipulation, all claims as between the Debtors and MSC are resolved other than the claims arising out of the post-petition sale of goods and services by MSC to the Debtors.

9.      The provisions of this Stipulation are mutually interdependent, indivisible, and non-severable.

10.     Notwithstanding anything to the contrary, the effectiveness of this Stipulation shall be subject to and contingent upon approval by the Court.

11.     Each signatory to this Stipulation expressly warrants and represents that he or she has full authority to bind the party on whose behalf said signatory is executing this Stipulation. This Stipulation will be binding upon and inure to the benefit of the successors and assigns of the

parties to the Stipulation.

12.    This Stipulation may be executed in several counterparts and/or by facsimile or pdf signature, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument.

13.    The parties to this Stipulation shall execute and deliver any and all additional documents and do any and all things reasonably necessary to carry out the intent of the parties pursuant to this Stipulation.

Dated:  October 6, 2006

WINN-DIXIE STORES, INC., ET AL.

By _____
      Rosalie Walker Gray, Esq.

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
rgray@skadden.com

Co-Counsel to Winn-Dixie Stores, Inc. and its subsidiaries and affiliates

MEDICAL SECURITY CARD COMPANY

By _____
      Charles R. Smith, Esq.

Charles R. Smith, P.C.
600 East Speedway
Tucson, AZ  85705
(520) 747-0011
(520) 747-0250 (facsimile)
Charles.Smith@azbar.org

Counsel to Medical Security Card Company and its affiliates

- 5 -

## Exhibit B

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER GRANTING DEBTORS' MOTION TO APPROVE
## STIPULATION BETWEEN DEBTORS AND MEDICAL SECURITY CARD COMPANY

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. and its

debtor affiliates (collectively, the "Debtors") for an order approving a stipulation (the

"Stipulation") with Medical Security Card Company ("MSC") (the "Motion").[1]  The Court finds

that (i) the Motion was served on all interested parties pursuant to Local Rule 2002-4 informing

the parties of the opportunity to object to the entry of this order within 20 days of the date of

service, and (ii) no party filed an objection.  The Court therefore considers the entry of this order

unopposed.  Accordingly, it is

ORDERED AND ADJUDGED:

1.      The Motion is granted.

2.      The Stipulation Between Debtors and Medical Security Card Company attached to

the Motion is approved.

3.      The entry related to the RX Advantage Contract on page 13 of Exhibit A to the

Order Pursuant to Second Omnibus Motion (I) Authorizing Assumption of Executory Contracts

---

[1]      All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Stipulation.

and Unexpired Leases and (II) Fixing Cure Amounts filed at Docket No. 10542 (the "Assumption

Order") is amended to read as follows:

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure |
|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Pharmacy Third Party Insurance | RXV | Medical Security Card Company (RX Advantage) | Att'n: Jennifer Lebrecht, CFO 333 East Wetmore Rd., 4th Floor Tucson, AZ 87505 | MSC Participating Pharmacy Agreement Specific to RxAdvantage (RxA) Network bearing dates December 1, 1998 and December 11, 1998 as amended by MSC Participating Pharmacy Agreement Amendment CMS Endorsed Network Exhibit dated April 28, 2004 | $62,658.96 |

    4.      The entry related to the ScriptSave Plus Contract contained on page 14 of Exhibit

A to the Assumption Order is amended to read as follows:

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure |
|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Pharmacy Third Party Insurance | MDC | Medical Security Card Company (ScriptSave Plus-Premier) | Att'n: Jennifer Lebrecht, CFO 333 East Wetmore Rd., 4th Floor Tucson, AZ 87505 | Basic MSC Participating Pharmacy Agreement bearing dates March 17, 1998 and March 20, 1998 as amended by MSC Participating Pharmacy Agreement Amendment CMS Endorsed Network Exhibit dated April 28, 2004 | $0.00 |

    5.      Except as amended above, the Assumption Order shall remain unchanged and in

full force and effect.

    6.      Claim No. 31196 is disallowed and expunged in its entirety as superseded by Claim

No. 12876.

7.      Claim No. 12876 is allowed in the reduced amount of $62,658.96 (the "Reduced Amount"), the remaining balance of Claim No. 12876 is disallowed, and the Debtors waive the Winn-Dixie Claim in the amount of $67,739.54.

8.      Subject to the occurrence of the Effective Date, the assumption of the MSC Contracts, and the terms of the Assumption Order as amended, the Reduced Amount shall be paid to MSC as cure in full satisfaction of the Debtors' obligations with respect to the MSC Contracts under section 365 of the Bankruptcy Code.

9.      Except for payment of the Reduced Amount and performance of any post-petition obligations, MSC waives any and all claims it may have against the Debtors for cure or compensation under the MSC Contracts.

10.     All claims between the Debtors and MSC are resolved other than the claims arising out of the post-petition sale of goods and services by MSC to the Debtors.


Dated this _____ day of _____, 2006, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge