**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' MOTION SEEKING APPROVAL OF AGREEMENT**
**RESOLVING CLAIMS ASSERTED BY**
**BASIN STREET #2 LIMITED PARTNERSHIP**

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper.  If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, cjackson@smithhulsey.com, (ii) Rosalie Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com and (iii) Office of the United States Trustee, 135 West Central Boulevard, Room 620, Orlando, Florida 32801, ElenaL.Escamilla@usdoj.gov.

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified.  If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. move pursuant to Rules 2002 and 9019, Federal Rules of Bankruptcy Procedure, and Local Rule 2002-4, for entry of an order in the form attached as Exhibit A, approving the attached Claims Resolution Agreement which resolves administrative and unsecured claims asserted in these cases by Basin Street #2 Limited Partnership.  If no objection is filed and served within the time set forth above, the Debtors will ask the Court to enter the Order without further notice or hearing.

Dated: October 6, 2006

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By  */s/ D. J. Baker*  <br>    D. J. Baker <br>    Sally McDonald Henry <br>    Rosalie Walker Gray | By  */s/ Cynthia C. Jackson*  <br>    Stephen D. Busey <br>    James H. Post <br>    Cynthia C. Jackson (FBN 498882) |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER APPROVING AGREEMENT WITH**
**BASIN STREET #2 LIMITED PARTNERSHIP**

These cases came on to be heard upon the motion of Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. (together the "Debtors") for approval of the attached agreement (the "Agreement") between the Debtors and Basin Street #2 Limited Partnership (the "Motion"). The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to object within 20 days of the date of service. No party filed an objection within the time permitted. The Court therefore considers the matter to be unopposed; it is

ORDERED that the Motion is granted and the Agreement is approved.

Dated this _____ day of October, 2006.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:
Cynthia C. Jackson, Attorney for Debtors

00545664.DOC

## LEASE CLAIMS RESOLUTION AGREEMENT
[Winn-Dixie Store #1409]

**THIS LEASE CLAIMS RESOLUTION AGREEMENT** (this "Agreement") is entered into as of and takes effect as of the 14TH day of September, 2006 (the "Effective Date"), by and between the following parties (collectively referred to as the "Parties"):

**BASIN STREET #2 LIMITED PARTNERSHIP**, a Louisiana limited partnership ("Landlord"); and

**WINN-DIXIE MONTGOMERY, INC.**, a Florida corporation and successor in interest to Winn-Dixie Louisiana, Inc., a Florida corporation ("Tenant"), whose address is 5050 Edgewood Court, Jacksonville, Florida 32254 Attention: Legal Department.

### RECITALS

A.  Landlord and Tenant's predecessor in interest, Winn-Dixie Louisiana, Inc., entered into a lease dated February 1, 2001 (as the same may have been amended from time to time, and together with any and all other agreements affecting the Premises, as defined in the attached Exhibit "A" (the "Lease")), covering certain premises known as Winn-Dixie Store No. 1409, located at 1501 St. Louis Street, New Orleans, Louisiana, and more particularly described in the Lease (the "Premises").

B.  On February 21, 2005, Tenant, Winn-Dixie Stores, Inc. and twenty-two of their affiliates (collectively, the "Debtors") filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 *et seq.*, as amended (the "Code"), in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

C.  Debtors rejected the lease effective as of August 31, 2006, pursuant to the September 14, 2006 order of the Bankruptcy Court, and the Parties desire to document their agreement with respect to certain matters relating to the Lease, as rejected.

**NOW THEREFORE**, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant agree, represent, and/or warrant, as applicable, as follows:

1.  Recitals. The foregoing recitals are true and correct and incorporated herein by reference.

2.  Tender of Possession. Tenant has tendered to Landlord, and Landlord has accepted from Tenant, exclusive possession of the Premises, free and clear of all liens, claims or encumbrances created by or through Tenant.

3.  Final Tenant Payment. Within ten (10) days after the entry of an order by the Bankruptcy Court approving this Agreement, pursuant to paragraph 9 hereof ("Bankruptcy Court Approval"), Tenant will pay Landlord a one time lease claims resolution payment of Two Hundred Twenty-five Thousand and NO/100 Dollars ($225,000.00) (the "Final Tenant Payment"). Upon making the Final Tenant Payment, Tenant shall have no further obligation to make any payment to Landlord

Lease Claims Resolution Agreement
Winn-Dixie Store #1409
Basin Street #2 Limited Partnership/Winn-Dixie Montgomery, Inc.
September 14, 2006
SGRJAX\93729.1

1

or otherwise under the Lease, including, without limitation, any rent or other charges that would have accrued under the Lease, whether before or after the Effective Date. Tenant will pay any recording costs associated with any curative action of title that is necessary to enable Tenant to deliver the Premises to Landlord free and clear of any matter created by or through Tenant. The Parties will bear their own attorneys' fees and any other costs not identified above.

4. <u>Condition of Premises; Proceeds of Insurance</u>. Landlord and Tenant agree that, notwithstanding any provision to the contrary contained in the Lease, neither Landlord nor Tenant shall have any obligation under the Lease to restore the Premises to any condition which existed prior to the Effective Date. Each of the Parties hereby waives any and all rights that it may have under the Lease to any proceeds of any insurance policy placed by the other Party that may be available as a result of the damage caused directly or indirectly to the Premises as a result of Hurricane Katrina or its aftermath and to the extent necessary each Party does hereby transfer, assign and convey to the other Party any and all rights it may have to such proceeds of said insurance.

5. <u>Representations and Warranties</u>. Each of the Parties represents and warrants to the other that (i) it has not assigned or transferred any of its respective rights under the Lease to any other person or entity and, (ii) subject to Bankruptcy Court Approval, it has the necessary power and authority to execute and deliver this Agreement and such other documents contemplated by this Agreement without the consent of its mortgagee(s), if any, or any other third party, or that such consent has been received.

6. <u>Removal of Personal Property</u>.

Notwithstanding anything in the Lease to the contrary, all permanent or built-in fixtures or improvements and all mechanical, electrical and plumbing equipment in the Premises shall be and remain the property of Landlord as of the Effective Date. Further, with respect to any furnishings, equipment, furniture, trade fixtures or other removable equipment at, in or on the Leased Premises installed or paid for by Tenant and not removed by Tenant on or before the Effective Date, Tenant grants to Landlord the option, exercisable at any time thereafter without the requirement of any notice to Tenant, (i) to treat such property, or any portion thereof, as being abandoned by Tenant to Landlord, whereupon Landlord shall be deemed to have full rights of ownership thereof, and/or (ii) to sell, give away, donate or dispose of as trash or refuse any or all of such property without any responsibility to deliver to Tenant any proceeds therefrom. Landlord shall have no liability of any kind whatsoever to Tenant in respect of the exercise or failure to exercise the options set forth in this paragraph 6. Specifically, Tenant shall not have the right to assert against Landlord a claim either for the value, or the use, of any such property, either as an offset against any amount of money owing to Landlord or otherwise.

7. <u>Mutual Releases</u>.

(a) As of the Effective Date, except as to the obligations of Tenant pursuant to this Agreement, Landlord hereby releases and discharges Tenant and its respective affiliates, successors and assigns of and from all manner of actions, causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills,

Lease Claims Resolution Agreement
Winn-Dixie Store #1409
Basin Street #2 Limited Partnership/Winn-Dixie Montgomery, Inc.
September 14, 2006
SGRJAX\93729.1

2

specialties, covenants, controversies, agreements, guaranties, promises, variances, trespasses, damages, judgments, claims and demands whatsoever, known or unknown, foreseen or unforeseen, in law or in equity which Landlord ever had, now has or hereafter can, shall or may have against Tenant or its affiliates, successors or assigns for, upon or by reason of any matter, cause or things whatsoever relating to or arising out of the Lease or any guaranty thereof, this Agreement or the Premises including, without limitation, any and all lease rejection claims (whether under Section 502 of the Code or otherwise), administrative expense claims, or claims relating to Tenant's prepetition or postpetition use and occupancy of the Premises, To the extent Landlord has filed, or does file, any proof(s) of claim with respect to the Lease and/or the Premises, Landlord hereby consents to the expungement of such claims, with prejudice.

(b)   As of the Effective Date, Tenant hereby releases and discharges Landlord and its respective successors and assigns of and from all manner of actions, causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, controversies, agreements, guaranties, promises, variances, trespasses, damages, judgments, claims and demands whatsoever, known or unknown, foreseen or unforeseen, in law or in equity which Tenant ever had, now has or hereafter can, shall or may have against Landlord or its successors or assigns for, upon or by reason of any matter, cause or thing whatsoever relating to or arising out of the Lease or any guaranty thereof, this Agreement or the Premises.

8.  Discharge of Memorandum.  If the parties have previously executed and recorded a memorandum of this Lease, upon entry of the Bankruptcy Court Approval, Tenant shall execute and acknowledge a discharge of memorandum of lease within five (5) days receipt from Landlord of a form reasonably acceptable to Tenant.  Landlord, at its sole cost and expense, shall have the right to cause the discharge of memorandum of lease to be filed or recorded in the applicable recorder's office.

9.  Bankruptcy Court Approval.  This Agreement is subject to the Bankruptcy Court Approval following notice to creditors and parties in interest, under the Code and the rules promulgated thereunder, all as will be set forth more fully in the motion filed with the Bankruptcy Court to approve this Agreement.  Landlord agrees to cooperate with Tenant in filing such motion and obtaining an order thereupon granting such approval and shall execute such documents and perform such acts as may be reasonably requested by Tenant in connection therewith.

10.  Binding Agreement.  This Agreement will be binding upon and inure to the benefit of the successors and assigns of the parties hereto.

11.  Counterparts.  This Agreement may be executed in one or more counterparts, each of which will be deemed an original and all of which, when considered together, will be deemed one instrument.

**[SIGNATURES AND EXHIBITS TO FOLLOW]**

Lease Claims Resolution Agreement
Winn-Dixie Store #1409
Basin Street #2 Limited Partnership/Winn-Dixie Montgomery, Inc.
September 14, 2006
SGRJAX\93729.1

3

**IN WITNESS WHEREOF**, Landlord and Tenant have executed this Agreement as of the Effective Date above.

                          **LANDLORD:**

                          **BASIN STREET #2 LIMITED PARTNERSHIP**, a Louisiana limited partnership

_____    By:   BAUER & COMPANY, INC., a Louisiana
Name: _____           corporation, its general partner

_____    By: _____
Name: _____             Thomas J. Bauer
                                                Title: President

Sworn to and subscribed before me this \_\_\_ day of_____, 2006, by _____, who either [ ] is personally known to me or [ ] has produced _____ as identification.

_____
NOTARY PUBLIC, State of Louisiana
Name: _____
Commission No.: _____
My commission expires: _____

      [NOTARIAL SEAL]

**[SIGNATURES CONTINUE ON FOLLOWING PAGE]**

Lease Claims Resolution Agreement
Winn-Dixie Store #1409
Basin Street #2 Limited Partnership/Winn-Dixie Montgomery, Inc.
September 14, 2006
SGRJAX\93729.1

4

| Signed, sealed and delivered in the presence of: | **TENANT:** |
| --- | --- |
| | **WINN-DIXIE MONTGOMERY, INC.,** a Florida corporation |

Name: _____

By: _____
Name: _____
Title:  Vice President

Name: _____

STATE OF FLORIDA
COUNTY OF DUVAL

The foregoing instrument was acknowledged before me under oath on this _____ day of _____, 2006, by _____, the Vice President of Winn-Dixie Montgomery, Inc., a Florida corporation, on behalf of the corporation, who is personally known to me.

_____
Notary Public, State of Florida
Seal:

Lease Claims Resolution Agreement
Winn-Dixie Store #1409
Basin Street #2 Limited Partnership/Winn-Dixie Montgomery, Inc.
September 14, 2006
SGRJAX\93729.1

5

## EXHIBIT A
to Lease Rejection Agreement

### Description of Lease and Premises

**LEASE:**

Lease Agreement dated February 1, 2001 between Basin Street #2 Limited Partnership ("Landlord"), and Winn-Dixie Louisiana, Inc. ("Tenant");

Short Form Lease dated February 1, 2001, recorded in Instrument #219215, public records of New Orleans Parish, Louisiana; and

Amendment to Lease Agreement dated June 6, 2001 between Landlord and Tenant.

**PREMISES:**

Winn-Dixie Store #1409
New Orleans, Louisiana

**LEGAL DESCRIPTION:**

The real property as more particularly described as follows:

### PARCEL I

THAT CERTAIN LEASEHOLD ESTATE in the Lease by and between Basin Street #2 L.P. (Lessor) and Winn-Dixie Louisiana, Inc. (Lessee) as evidenced of record by that certain lease dated February 1, 2001, 2001, filed in New Orleans Parish, Louisiana, as Conveyance Instrument No. 219215, which leasehold estate is described as follows:

Commence at the intersection of the Western Right of Way Line of Crozat Street and the Northern Right of Way Line of St. Louis Street also being the Point of Beginning; Thence N53°08'00"W, along the aforesaid Right of Way Line, a distance of 833.46' to a point; Thence N37°13'30"E, a distance of 313.97' to a point; Thence S53°03'55"E, a distance of 363.04' to a point; Thence N37°13'40"E, a distance of 5.94' to a point; Thence S53°03'55"E, a distance of 256.73' to a point; Thence S37°14'00"W, a distance of 15.34' to a point; Thence S53°03'55"E, a distance of 213.73' to a point on the Western Right of Way Line of Crozat Street; Thence S37°13'59"W, along the aforesaid Right of Way Line, a distance of 303.57' to the Point of Beginning. All as shown on survey by Landmark Surveying, Inc., said property being referred to thereon as "Retail Lease."

Said leasehold interest being further described as follows:

THOSE CERTAIN LOTS AND/OR PARCELS OF GROUND, situated in the Second Municipal District of the City of New Orleans, Parish of Orleans, State of Louisiana designated as a portion of Lot N.O.T.D.-1, situated in Square 119-A and Lot N.O.T.C.-2 situated in Square 162-A, all as shown on a plan of resubdivision per Declaration of Title Change by

[Legal Description continues]

Lease Claims Resolution Agreement
Winn-Dixie Store #1409
Basin Street #2 Limited Partnership/Winn-Dixie Montgomery, Inc.
September 14, 2006
SGRJAX\93729.1

6

Subdivision approved October 16, 1978, filed October 25, 1978, in Conveyance Office Book 756 folio 691. According to said resubdivision, said lots are described as follows:

Square 119-A is bounded by St. Louis, Marais, Toulouse and Treme Streets, the Orleans-Basin Connection, and Basin Street. For said portion of Lot N.O.T.C.-1 begin at the northwest intersection of Basin and St. Louis Streets, thence along the northerly edge of St. Louis Street North 53 degrees 8 minutes West, 181.41 feet to the northwestern intersection of Crozat Street and St. Louis Street, the Point of Beginning; thence along the northerly edge of St. Louis Street, North 53 degrees 8 minutes West, 470.43 feet to Marais Street; thence along the easterly edge of Marais Street North 37 degrees 13 minutes 40 seconds East 319.47 feet to Toulouse Street; thence along the southerly edge of Toulouse Street South 53 degrees 3 minutes 5 seconds East, 256.73 feet, thence South 37 degrees 14 minutes West 15.34 feet, thence South 53 degrees 3 minutes 55 seconds 213.73 feet to Crozat Street, thence along the westerly edge of Crozat Street, South 37 degrees 13 minutes and 59 seconds West a distance of 303.57 feet, to the Point of Beginning.

Square 162-A is bounded by St. Louis, North Villere, Marais, Toulouse and Treme Streets, Lafitte Avenue and the Orleans-Basis Connection. Lot N.O.T.C.-2 begins at the northwest intersection of St. Louis and Marais Streets; thence along the northerly edge of St. Louis Street North 53 degrees, 8 minutes West, 256.45 feet of North Villere Street; thence along the easterly edge of North Villere Street North 37 degrees 13 minutes 30 seconds East, 265.77 feet to the southerly boundary of Lot C.N.O.-1 thence along the southerly boundary of Lot C.N.O.-1 South 52 degrees 46 minutes 20 seconds East, 256.46 feet to Marais Street; thence along the western edge of Marais Street South 37 degrees 13 minutes 40 seconds West, 264.16 feet, back to the point of beginning of Lot N.O.T.C.-2.

**THOSE CERTAIN PARCELS OF GROUND**, situated in the Second Municipal District of the City of New Orleans, Parish of Orleans, State of Louisiana designated as Tract II situated in Square 162-A on a certain survey of Gandolfo, Kuhn & Associates numbered 529-33; T-182-7, entitled, "Employee and Bus Parking Support Facility Premises," said tract consisting of a portion of N. Villere Street and Marais Street, (both now closed), and a parcel of land adjoining and being perpendicular to said closed streets, being a portion of Lot C.N.O.-1 and being more particularly described as follows:

Square 162-A is bounded by St. Louis, North Villere, Marais, Toulouse and Treme Streets, Lafitte Avenue and the Orleans-Basis Connection. Tract II begins at the northwest intersection of St. Louis and N. Villere Streets; thence N 37 degrees 13 minutes 30 seconds East a distance of 313.97 feet; thence S 53 degrees, 3 minutes, 55 seconds East a distance of 363.04 feet; thence along the easterly boundary between Marais Street and Lot N.O.T.C.-1, South 37 degrees 13 minutes 40 seconds West a distance of 313.54 feet, thence along the northerly boundary of St. Louis Street, North 53 degrees 08 minutes West a distance of 53.29 feet, thence along the westerly boundary of Marais Street, North 37 degrees 13 minutes 40 seconds East a distance of 264.16 feet, thence along the northerly boundary of Lot N.O.T.C.-2 North 52 degrees 46 minutes 20 seconds West a distance of 256.46 feet, thence along the easterly boundary of N. Villere Street, South 37 degrees 13 minutes 30 seconds West a distance of 265.77, thence along the northerly boundary of St. Louis Street, North 53 degrees 8 minutes West a distance of 53.29 feet, back to the point of beginning of Tract II.

[Legal Description continues]

Lease Claims Resolution Agreement
Winn-Dixie Store #1409
Basin Street #2 Limited Partnership/Winn-Dixie Montgomery, Inc.
September 14, 2006
SGRJAX\93729.1

7

## PARCEL II

**THAT CERTAIN NON-EXCLUSIVE SERVITUDE** in favor of Basin Street No. 2 L.P. (Lessee) and Winn-Dixie Louisiana, Inc. as contained in that certain lease between the City of New Orleans (Lessor) and Basin Street No. 2, L.P. (Lessee) February 1, 2001, 2001, filed in New Orleans Parish, Louisiana, as Conveyance Instrument No. 219215, affecting the following described property:

### REMAINDER OF LOT C.N.O.-1

Commence at the intersection of the Western Right of Way Line of Crozat (Private) and the Northern Right of Way Line of St. Louis Street; thence N53°08'00" W, along the aforesaid Right of Way Line, a distance of 160.44' to a point; thence N 37°14'00" E, along the former easterly right of way line of N. Liberty Street, a distance of 319.11' to the Point of Beginning; thence N 53°03'55" W, a distance of 310.02' to a point; thence S 37°13'40" W, a distance of 5.94' to a point; thence N. 53°03'55" W, a distance of 309.75' to a point; thence N 37°13'30" E, a distance of 187.34' to a point on the southerly right of way line of Lafitte Avenue; thence S 57°31'51" E, a distance of 121.01' to a point; thence S 52°46'20" E, a distance of 411.00' to a point; thence S 36°46'20"E, a distance of 36.31' to a point; thence S 36°12'39" E, a distance of 55.60' to a point; thence S 37°14'00" W, a distance of 162.41' to the Point of Beginning.

## PARCEL III

**THAT CERTAIN RIGHT OF INGRESS AND ENGRESS** across a portion of CNO-1 from Lafitte Avenue generally at the intersections of the former N. Villere and Marais Streets granted in favor of Basin Street No. 2 L.P. by the City of New Orleans, as contained in that certain lease between the City of New Orleans (Lessor) and Basin Street No. 2, L.P. (Lessee) dated February 1, 2001, 2001, filed in New Orleans Parish, Louisiana, as Conveyance Instrument No. 219215, affecting the following described property.

### RIGHTS OF ACCESS ACROSS CITY LOTS IN FAVOR OF BASIN:

**20' RIGHT OF ACCESS:** Commence at the intersection of the westerly right of way line of Crozat (Private) and the northerly right of way line of St. Louis Street; thence N 53°08'00" W, along the northerly right of way line of St. Louis Street, a distance of 1399.40' to a point, said point being the intersection of the northerly right of way line of St. Louis Street and the easterly right of way line of N. Claiborne Avenue; thence N 37°13'50" E, along the easterly right of way line of N. Claiborne Avenue, a distance of 320.58' to a point; thence S 53°03'55" E, a distance of 565.90' to a point; thence S 37°13'30" W, a distance of 5.94' to a point; thence S 53°03'55" E, a distance of 62.65' to the Point of Beginning; thence N 37°13'30" E, a distance of 188.07' to a point on the southerly right of way line of Lafitte Avenue; thence S 57°31'51" E, a distance of 20.07' to a point; thence S 37°13'30" W, a distance of 189.63' to a point; thence N 53°03'55" W, a distance of 20.00' to the Point of Beginning.

**24' RIGHT OF ACCESS:** Commence at the intersection of the westerly right of way line of Crozat (Private) and the northerly right of way line of St. Louis Street; thence N 53°08'00" W, along the northerly right of way line of St. Louis Street, a distance of 1399.40' to a

[Legal Description continues]

Lease Claims Resolution Agreement
Winn-Dixie Store #1409
Basin Street #2 Limited Partnership/Winn-Dixie Montgomery, Inc.
September 14, 2006
SGRJAX\93729.1

8

point, said point being the intersection of the northerly right of way line of St. Louis Street and the easterly right of way line of N. Claiborne Avenue; thence N 37°13'50" E, along the easterly right of way line of N. Claiborne Avenue, a distance of 320.58' to a point; thence S 53°03'55" E, a distance of 565.90' to a point; thence S 37°13'30" W, a distance of 5.94' to a point; thence S 53°03'55" E, a distance of 62.65' to a point; thence S 53°03'55" E, a distance of 20.00' to a point; thence S 53°03'55" E, a distance of 233.85' to the Point of Beginning; thence N 36°41'09" E, a distance of 196.04' to a point of the southerly right of way line of Lafitte Avenue; thence S 52°46'20" E, a distance of 24.00' to a point; thence S 36°41'09" W, a distance of 195.92' to a point; thence N 53°03'55" W, a distance of 24.00' to the Point of Beginning.

## PARCEL IV

**THAT CERTAIN NON-EXCLUSIVE SERVITUDE** as contained in the Lease by and between Basin Street #2, L.P. (Lessor) and Winn-Dixie Louisiana, Inc. (Lessee) as evidenced of record by that certain lease dated February 1, 2001, 2001, filed in New Orleans Parish, Louisiana, as Conveyance Instrument No. 219215, affecting the following described property:

Commence in the intersection of the Northern Right of Way line of St. Louis Street and the Eastern Right of Way Line of N. Claiborne Avenue; Thence N37°13'50"E, along the aforesaid Right of Way Line, a distance of 265.91' to the Point of Beginning; Thence N37°13'50"E, a distance of 30.00' to a point; Thence S53°03'55"E, a distance of 565.91' to a point; Thence S37°13'30"W, a distance of 30.00' to a point; Thence N53°03'55"W, a distance of 565.91' to the Point of Beginning. All as shown on survey by Landmark Surveying, Inc., which said non-exclusive servitude is described thereon as, "Winn Dixie 30 foot Access Drive Servitude."

Lease Claims Resolution Agreement
Winn-Dixie Store #1409
Basin Street #2 Limited Partnership/Winn-Dixie Montgomery, Inc.
September 14, 2006
SGRJAX\93729.1

9