**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER APPROVING DEBTORS' LEASE TERMINATION**
**AGREEMENT AND GRANTING RELATED RELIEF (STORE NO. 202)**

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 3002, 6004 and 6006 authorizing the Debtors (i) to assume and assign leases and sell their leasehold interests in the Targeted Stores free and clear of liens, claims and encumbrances and exempt from taxes, (ii) in their sole discretion after consultation with the DIP Lender Agent Representatives and the Committee's Professionals, to reject leases for Targeted Stores the Debtors are unable to sell, and (iii) granting related relief (the "Motion").[1]  The Court has reviewed the Motion and heard the representations of counsel.  Upon the representations of counsel and without objection by the United States Trustee or any other interested party, the Court makes the following findings of fact:

A.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

---

[1]    All capitalized terms not otherwise defined in this Order have the same meaning provided to them in the Motion.

B.    The Debtors solicited the highest or otherwise best offer for the Targeted Stores in accordance with bidding procedures approved by the Court by order (Docket No. 1801) dated June 16, 2005 (the "Bidding Procedures").  The Debtors held an auction for the Targeted Stores on August 29, 2006 (the "Auction").   Fine Foods Gourmet Markets, Inc. ("Fine Foods") was the highest bidder for Store No. 202. As a result of the landlord's objection to the sale to Fine Foods, Fine Foods withdrew its bid, and the landlord for Store No. 202, FWI 16, LLC, (the "Landlord"), agreed to pay the Debtors $100,000 to terminate the lease for Store No. 202 (the "202 Lease"), as more particularly described on the Lease Termination Agreement (the "Termination Agreement") attached to this Order as Exhibit A and to waive any claims for lease rejection damages with respect to the 202 Lease.

C.    The Debtors have provided interested parties (including all parties asserting claims or interests in the 202 Lease, if any) with proper notice of the Motion, the Sale Hearing, the Auction and the termination of the 202 Lease, in accordance with 11 U.S.C. §§ 102(1), 105(a), 363 and 365, Fed. R. Bankr. P. 2002(a), 6004(a) and 6006(c), Local Rule 2002-1, the Notice Procedures Order and the Order approving the Bidding Procedures.

D.    The Debtors marketed the 202 Lease and conducted the sale process in compliance with the Order approving the Bidding Procedures, the Bidding Procedures, the Bankruptcy Code and all other Orders entered in these cases.  The bidding on the 202 Lease and the Auction were conducted in a non-collusive, fair and good faith manner, and the Landlord has acted in good faith (as that term is used in 11 U.S.C. § 363(m).  The Debtors have given all interested parties a reasonable opportunity to make their highest or

otherwise best offer for the 202 Lease. In their sound business judgment, the Debtors determined that the bid submitted by the Landlord represented the highest or otherwise best offer for the 202 Lease.

E.        The Debtors (i) have full corporate power and authority to finalize, execute and consummate the Termination Agreement and all related documents, and the termination of the 202 Lease has been duly and validly authorized by all necessary corporate action of the applicable Debtors; and (ii) no consents or approvals, other than those expressly provided for in the Termination Agreement, are required to consummate the transactions contemplated by the Termination Agreement.

F.        The consideration the Landlord is providing to the Debtors for termination of the 202 Lease (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the 202 Lease; and (iii) constitutes reasonably equivalent value.

G.        The Debtors' termination of the 202 Lease pursuant to the Termination Agreement will be a legal, valid, and effective termination of the Lease.

H.        The Debtors have already conducted a store closing sale for Store No. 202.

I.        Until the Termination Date, the Debtors will pay all amounts and perform all obligations under the Lease in accordance with 11 U.S.C. § 365(d)(3).

J.        The Debtors will cause the net proceeds from the termination of the 202 Lease to be paid to the DIP Lender, to the extent required, in accordance with the terms and conditions of the Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay,

(II) Authorizing Debtors to use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in full of all Claims of Debtors' Prepetition Secured Lenders, dated March 23, 2005 (the "Final Financing Order") (Docket No. 501), and the Loan Documents (as defined in the Final Financing Order).

K.    The Debtors' entry into the Termination Agreement is (i) an exercise of their sound business judgment, and (ii) in the best interests of the Debtors' estates and creditors.

L.    The Landlord has agreed to net all cure claims, including unpaid, prorated amounts for 2006 additional rent items (the "Cure Amount"), from the consideration to be paid by the Landlord under the Termination Agreement.  No other amounts are due or owing by the Debtors under the 202 Lease.

M.    The Court's approval of the Termination Agreement and consummation of the transaction contemplated in the Termination Agreement in the best interests of the Debtors, their estates and their creditors.  Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.    The Motion is granted.

2.    The Termination Agreement is approved in all respects.  The 202 Lease is terminated effective on the Termination Date.

3.    Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized and directed to consummate and implement fully the Termination Agreement, together with all additional instruments and documents that may be necessary to implement the Termination Agreement.  The Debtors are authorized and directed to take all actions

necessary for the purpose of assigning, transferring, granting, conveying, and conferring any assets to the Landlord and terminating the 202 Lease.

4.    Notwithstanding the terms of the 202 Lease, the Debtors are authorized to vacate on the premises on the Termination Date and to discontinue operations.

5.    Any agreements, documents, or other instruments executed in connection with the Termination Agreement may be modified, amended, or supplemented by the parties in accordance with the terms of the Termination Agreement without further order of the Court, provided that (i) the Debtors first obtain the prior written consent of (a) the DIP Lender and (b) the Creditors' Committee, which consent will not be unreasonably withheld, and (ii) any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

6.    The Debtors will cause the net proceeds from the Termination Agreement to be paid in accordance with the terms of the Final Financing Order and the Loan Documents.

7.    This Court retains exclusive jurisdiction to (a) enforce and implement the Termination Agreement and any other agreements and instruments executed in connection with the Termination Agreement, and (b) interpret, implement and enforce the provisions of this Order.

8.    The terms and provisions of the Termination Agreement and this Order will be binding in all respects upon, and will inure to the benefit of, the Debtors, their estates, the Landlord and its respective affiliates, successors and assigns, and any affected third parties, notwithstanding any subsequent appointment of any trustee under any

chapter of the Bankruptcy Code, as to which trustee such terms and provisions likewise will be binding.

9.      Within ten days after Closing, the Debtors will file a statement with the Bankruptcy Court as required by and in accordance with Rule 6004(f), Federal Rules of Bankruptcy Procedure.

10.     Notwithstanding Federal Rule of Bankruptcy Procedure 6004(h), this Order shall be effective immediately upon its entry.

Dated this ___5___ day of October, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this Order on all parties
who were served with copies of the Motion.

00544766.2

**BAE SYSTEMS**

# CERTIFICATE OF SERVICE

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

```
District/off: 113A-3        User: cartes           Page 1 of 1              Date Rcvd: Oct 06, 2006
Case: 05-03817             Form ID: pdfdoc          Total Served: 1
```

The following entities were served by first class mail on Oct 08, 2006.
aty          +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
               Jacksonville, FL 32202-4494

The following entities were served by electronic transmission.
NONE.                                                                      TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 08, 2006**                    **Signature:**