**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.   05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**MOTION OF YOLANDA DIAZ FOR ORDER**
**DEEMING  PROOF OF CLAIM TIMELY FILED**

Comes Now, Yolanda Diaz (alternatively "Claimant"), by and through their undersigned counsel, and pursuant to 11 U.S.C. Section 105 and Fed. R. Bankr. P. 3003(b) and 9006(c), hereby moves this Court for entry of an order deeming her claims ("Claims", as defined herein) against Debtor Winn-Dixie Stores, Inc. ("Winn-Dixie Stores") timely-filed.

**BACKGROUND**

1.      On October 18, 2002, Yolanda Diaz was a guest and patron at a Winn-Dixie store in Dade County, Florida.  While walking through the store she slipped on a wet substance on the store floor and violently fell to the ground. The wet substance was determined to be spilled "Mojo Criollo" sauce from a broken bottle. This fall caused significant injuries to Yolanda Diaz.

2.      A formal demand was made on behalf of Yolanda Diaz to Winn-Dixie Stores' Claims Management Department on October 31, 2002.  A copy of that notice letter, including the "Certified Return Receipt" signed by a Winn-Dixie Stores employee on November 5, 2002, is attached as Exhibit "A".

3.      Ms. Diaz's counsel Adrian D. Farradaz, Esq. and Winn-Dixie Stores then had a series of discussions that did not result in the resolution of her claims for injuries.

4.      On March 21, 2005, Winn-Dixie Stores and twenty-three related entities filed Chapter 11 petitions. Ms. Diaz received no notice of the filings and, upon information and belief, was not scheduled as a creditor.

5.      Because the parties failed to resolve Ms. Diaz's claim for damages from her extensive personal injuries, Mr. Farradaz filed a lawsuit on Ms. Diaz's behalf against Winn-Dixie Stores in the Circuit Court for Dade County, Florida (the "State Court Action"). A copy of the Complaint in the State Court Action is attached as Exhibit "B".

6.      On or about April 29, 2006, Winn-Dixie Stores informed Mr. Farradaz that because of the Winn-Dixie Chapter 11 cases, the provisions of the Bankruptcy Code precluded the prosecution of the State Court Action. A copy of that letter is attached as Exhibit "C".

7.      In recognition of the primacy of this Court and federal law, Mr. Farradaz caused the State Court Action to be dismissed, with the understanding that Ms. Diaz would receive a proof of claim form and be able to pursue her Claim in this Court. A copy of the Notice of Voluntary Dismissal in the State Court Action is attached as Exhibit "D".

8.      Ms. Diaz now seeks leave to file a proof of claim substantially in the form attached as Exhibit "E", with additional attachments.[1]

## MEMORANDUM OF LAW

A claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *Banco Latino International v. Lopez (In re Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507 U.S.

---

[1] The Proof of Claim was served for filing on Logan & Co., Inc. on October 7, 2006.

380, 113 S.Ct. 1489 (1993)). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997). Excusable neglect is an equitable determination that takes into account all of the circumstances of the particular case. *See Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1489 (emphasis added). Considerations include: (a) reason for the delay and whether it was in control of claimant; (b) length of delay and potential impact on judicial proceedings; (c); and danger of prejudice to debtor (d) whether claimant acted in good faith. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). *See In re PT-1 Communications, Inc.*, 292 B.R. 482, 489 (Bankr. S.D. N.Y. 2003) (equities of excusable neglect weighed in favor of the claimant because the claimant "had no reason on the basis of the facts known to it prior to the Bar Date to conclude that it had a claim against [the debtor]".) As the United States Supreme Court has noted, excusable neglect encompasses situations caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 395,113 S.Ct. at 1489.

### **Reason for the Delay**

Quite simply, Yolanda Diaz received no notice of the pending Chapter 11 cases until after the bar date. The facts here are substantially similar to those in *In re Faden*, 96 F.3d 792 (5th Cir.1996) in which the Court of Appeals for the Fifth Circuit held that a prepetition debt in a Chapter 7 case was not dischargeable where the creditor did not receive notice of the Chapter 7 case. This Court has cited *Faden* in the context of a motion for leave to file a claim after the bar date in a jointly-administered Chapter 11 case. *Harrell*, 325 B.R. 643, 649.

### **Length of Delay and Potential Impact on Judicial Proceedings**

While there has been some delay in the filing of Ms. Diaz Claim, it has resulted

from the lack of notice of the Chapter 11 filings and the filing is timely enough to allow her to participate in the claims resolution process. The judicial proceedings in this case will not be affected substantially, if at all, if the Court grants this Motion. Given the complexity of the myriad proceedings before the Court as the Debtors file and seek to confirm a Plan of Reorganization these cases, the allowance of Yolanda Diaz's claim will neither delay nor complicate those proceedings.

### Prejudice to the Debtors

There can be little prejudice to Winn-Dixie Stores. As stated above, neither Winn-Dixie Stores nor any of the Debtors has confirmed a Plan of Reorganization. Second, if the current plan is ultimately confirmed for Winn-Dixie Stores, unsecured creditors will be paid in shares of the reorganized entity, and the marginal addition of claims is not likely to add any expense to the Debtors. Third, the granting of this Motion will not deprive Winn-Dixie Stores of its ability to object to Mrs. Diaz's claims on its merits.

### Yolanda Diaz's Good Faith

Mrs. Diaz's actions in this case were taken in good faith. She has acted properly and with diligence given her lack of knowledge of the Chapter 11 filings. At no point has she delayed the process or otherwise "sat on her rights". Through, her counsel, she has complied with Winn-Dixie Stores' demand for dismissal of the State Court Action.

### The Factors as a Whole

Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The treatment of Yolanda Diaz's claims as timely-filed will permit her claim to be resolved on its merits. Such relief will result in no

prejudice to the Debtor, will serve to protect Yolanda Diaz's rights to recover for her damages, and is consistent with the interests of justice.

**Wherefore,** Yolanda Diaz requests that the Court enter an order deeming her Claims timely-filed, and granting her such other and further relief to which she may be entitled.

Dated: October 7, 2006

**WILCOX LAW FIRM**

/s/ **Robert D. Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
(904) 281-0700
(904) 513-9201 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2006 I filed this Motion through the CM/ECF System, which will cause a copy to be served on the Debtor by James H. Post, Esq., Debtor's Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically, and by U.S. Mail to Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254; and by electronic mail to D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036.

/s/ **Robert Wilcox**
Robert D. Wilcox

5

EXHIBIT A

LAW OFFICES

## ADRIAN D. FERRADAZ

7950 WEST FLAGLER STREET

SUITE 108

**MIAMI, FLORIDA 33144**

TELEPHONE (305) 261-4032

FAX (305) 261-0516

STEVEN G. JUGO

or October 31, 2002

## Certified Return Receipt Requested

Winn-Dixie Stores, Inc.
Claims Service Center
P. O. Box 24787
Jacksonville, FL 32257

Attn:  Claims

RE:    Yolanda Diaz
       D/O/L: 10/18/02

Dear Sir or Madam:

Please be advised that this office represents Yolanda Diaz, who
was injured while visiting your Store #251, located at 3275 S.W.
22 Street, Miami, Florida, as she suddenly slipped and fell on
spilled sauce (broken bottles of "Mojo Criollo").

Her injuries were caused as a result of an unreasonably dangerous
condition which existed at the premises.    This condition was
either known to the management/owner and/or existed for a
sufficient length of time so that the management/owner should have
been aware of it.    Although the condition was known to exist or
could have been discovered in the exercise of reasonable diligence
and care, the condition was not corrected, thus allowing for the
unfortunate incident to occur.

Please contact your insurance company immediately upon receipt of
this correspondence and ask them to contact this office.    If you
have no insurance, please contact us and advise us of same.

If you do not respond to this correspondence within ten days from
the date hereon, I will have no recourse but to institute legal
proceedings on behalf of my client.

PLEASE GOVERN YOURSELF ACCORDINGLY.

Sincerely,

Adrian D. Ferradaz



LAW OFFICES

# ADRIAN  D.  FERRADAZ

7950 WEST FLAGLER STREET

SUITE 108

MIAMI, FLORIDA 33144

TELEPHONE (305) 261-4032

FAX (305) 261-0516

STEVEN C. IUGO
of counsel

October 31, 2002

## Certified Return Receipt Requested

Winn-Dixie Stores, Inc.
Claims Service Center
P. O. Box 24787
Jacksonville, FL 32257

Attn:   Claims

RE:    Yolanda Diaz
       D/O/L: 10/18/02

Dear Sir or Madam:

Please be advised that this office represents Yolanda Diaz, who
was injured while visiting your Store #251, located at 3275 S.W.
22 Street, Miami, Florida, as she suddenly slipped and fell on
spilled sauce (broken bottles of "Mojo Criollo").

Her injuries were caused as a result of an unreasonably dangerous
condition which existed at the premises.  This condition was
either known to the management/owner and/or existed for a
sufficient length of time so that the management/owner should have
been aware of it.  Although the condition was known to exist or
could have been discovered in the exercise of reasonable diligence
and care, the condition was not corrected, thus allowing for the
unfortunate incident to occur.

Please contact your
this correspondence
have no insurance, pl

If you do not respon
the date hereon,  I
proceedings on behal

PLEASE GOVERN YOURSE

Sincerely,

Adrian D. Ferradaz

# EXHIBIT B

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

YOLANDA DIAZ,

       Plaintiff,

vs.

WINN-DIXIE STORES, INC.,
a Florida corporation,
       Defendant.

_____/

CASE NO. **06 - 6115    CA 24**

COMPLAINT

COMES NOW, the Plaintiff, YOLANDA DIAZ, by and through her undersigned counsel and sues the Defendant, WINN-DIXIE STORES, INC., a Florida corporation, and alleges:

## ALLEGATIONS COMMON TO ALL COUNTS

1.    This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars.

2.    At all times material hereto, the Plaintiff, YOLANDA DIAZ, was a resident of Miami-Dade County, Florida and is sui juris.

3.    At all times material hereto, the Defendant, WINN-DIXIE STORES, INC., was a Florida corporation duly authorized and conducting business in Miami-Dade County, Florida.

## COUNT I: NEGLIGENCE

Plaintiff, YOLANDA DIAZ, realleges and reavers all the allegations set forth in paragraphs 1 through 3 above as if fully set forth herein.

4.    At all times material hereto, the Defendant owned, operated and/or maintained a store, located at 3265 S.W. 22

1

Street, Miami, Miami-Dade County, Florida.

5.   At all times material hereto, the Defendant was acting by and through its agents, servants and/or employees who were each acting within the course and scope of said agency or employment.

6.   At all times material hereto, the Defendant owed its invitees and those lawfully on its premises a duty of reasonable care in the maintenance of its premises and a duty to avoid creating or maintaining any dangerous condition.

7.   On October 18TH, 2002, the Plaintiff, YOLANDA DIAZ, was lawfully on the Defendant's premises for the purpose of shopping.

8. On said date, while shopping at the Defendant's store, the Plaintiff suddenly and without warning slipped and fell on a spilled sauce.

9.   At all times material hereto, the presence of the spilled sauce existed on the floor for a sufficient period of time that the Defendant knew or in the exercise of reasonable care should have discovered and remedied same.

10.   On October 18th, 2002, the Defendant, by and through its agents, servants and employees, breached the duty of care it owed the Plaintiff by the following negligent acts and/or omissions:

   a.   By failing to properly maintain the floor;

   b.   By failing to properly inspect the floor;
   c.   By failing to properly train its employees in the maintenance and inspection of the floor;

   d.   By creating a dangerous condition consisting of presence of a liquid substance on the floor;

   e.   By maintaining the dangerous condition alleged above;

   f.   By failing to rope or otherwise barrier-off the floor until the dangerous condition was remedied;

2

g. By failing to warn the Plaintiff of the dangerous condition.

11. As a direct and proximate result of the negligence of the Defendant, the Plaintiff was injured in and about her extremities, suffered pain therefrom, suffered physical handicaps, disfigurement, mental anguish, loss of capacity for the enjoyment of a normal life, loss of the ability to earn wages in the past and in the future, aggravation of a pre-existing condition, and the Plaintiff has incurred medical expenses in her care and treatment for said injuries. The Plaintiff's injuries are either permanent or continuing in nature and the Plaintiff will suffer such losses in the future.

**WHEREFORE**, the Plaintiff, YOLANDA DIAZ, demands judgment against the Defendant, WINN-DIXIE STORES, INC., a Florida corporation, and demands trial by jury for all issues triable as of right by jury.

DATED this 27th day of march, 2006.

LAW OFFICES OF ADRIAN D. FERRADAZ
Attorney for Plaintiff
7950 W. Flagler St., Suite 108
Miami, Florida 33144
(305) 261-4032

By: _____

ADRIAN D. FERRADAZ, ESQ.
FLORIDA BAR NO. 339040

3

# EXHIBIT C

## LAW OFFICES OF BRIAN M. DAVIS, P.A.

ATTORNEYS AT LAW
95 MERRICK WAY, SUITE 100
CORAL GABLES, FLORIDA 33134

BRIAN M. DAVIS*

Legal Assistant
WANDY ROMERO

Telephone (305) 567-1260
Facsimile (305) 567-1261
bdavis@briandavislaw.com

*also licensed in New York

April 19, 2006

Adrian D. Ferradaz, Esq.
Law Office of Adrian Ferradaz
7950 West Flagler Street, Ste. 108
Miami, FL 33144

Re:   In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy Court,
      Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1,
      Chapter 11, Jointly Administered

      Yolanda Diaz vs. Winn Dixie Stores, Inc.
      Circuit Case No. 06-6115 CA 24
      Our File No. 6-138

Dear Mr. Ferradaz:

This firm represents Winn Dixie Stores, Inc. We are in receipt of the Complaint you filed on behalf of your client in the referenced state court action.

On February 21, 2005, Winn-Dixie Stores, Inc. and its affiliates (the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. Pursuant to Section 362 of the Bankruptcy Code, all persons are automatically enjoined from instituting or continuing any action or employing any process against the Debtors to collect or recover any debt. Persons who willfully violate these Bankruptcy Code provisions are (i) subject to contempt proceedings and (ii) liable for damages and costs, including punitive damages.

ⱯⱮ Ferradaz
ᴀpril 19, 2006
Page 2 of 3

The complaint you filed against the Debtors was in violation of the automatic stay and is void. Your actions have subjected you and your client to sanctions and costs under applicable law.

We demand that you dismiss your complaint as to Winn-Dixie Stores, Inc. in the referenced **state** court action on or before April 26, 2006 and fax and mail to me a copy of such notice of dismissal. If we do not receive such notice of dismissal by April 26, 2006, bankruptcy counsel for the Company will file a complaint against you and your client in the Bankruptcy Court in Jacksonville, Florida, and take such other actions as allowed by law.

Please call me if you have any questions regarding this matter.

Sincerely yours,

Brian M. Davis

cc:    James H. Post, Esq.
       Smith Hulsey & Busey
       225 Water Street, Suite 1800
       Jacksonville, FL 32202

904-359-7700

# EXHIBIT D

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:   06-6115 CA 24

YOLANDA DIAZ,

     Plaintiff,

vs.

WINN-DIXIE STORES, INC.,
a Florida corporation,

     Defendant.

                             /

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE
(Florida Bar No. 339040)

**COMES NOW**, the Plaintiff, YOLANDA DIAZ, by and through her
undersigned counsel and files this Voluntary Dismissal Without
Prejudice in the action against the Defendant, WINN-DIXIE STORES,
INC., a Florida corporation, pursuant to Rule 1.420 (a) (1).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the
foregoing Notice of Voluntary Dismissal Without Prejudice was
mailed this _/2_ day of May, 2006 to Brian M. Davis, P.A., 95
Merrick Way, Suite 100, Coral Gables, FL 33134.

LAW OFFICES OF ADRIAN D. FERRADAZ
Attorney for Plaintiff
7950 W. Flagler St., Suite 108
Miami, Florida 33144
(305) 261-4032

ADRIAN D. FERRADAZ, ESQ.

EXHIBIT E

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT  Middle | DISTRICT OF  Florida | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor  Winn-Dixie Stores, Inc. | Case Number  3-05-bk-3817 (JAF) | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | | |
|---|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):  Yolanda Diaz | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
| Name and address where notices should be sent:  Jesus O. Cervantes, P.A.  8550 West Flagler St., Suite 120  Miami, FL 33144  Telephone number: (305) 228-1122 | ☑ Check box if you have never received any notices from the bankruptcy court in this case.  ☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Last four digits of account or other number by which creditor identifies debtor: | Check here ☐ replaces  if this claim ☐ amends a previously filed claim, dated: | |

| 1. Basis for Claim | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
|---|---|
| ☐ Goods sold | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Services performed | Last four digits of your SS #: _____ |
| ☐ Money loaned | Unpaid compensation for services performed |
| ☒ Personal injury/wrongful death | from _____ to _____ |
| ☐ Taxes | (date)    (date) |
| ☐ Other: | |

| 2. Date debt was incurred: | 3. If court judgment, date obtained: |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $ 75,000. ↻

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:

☐ Real Estate   ☐ Motor Vehicle   ☐ Other_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5. Total Amount of Claim at Time Case Filed: | $ | | | 0.00 |
|---|---|---|---|---|
| | (unsecured) | (secured) | (priority) | (Total) |

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 10-5-06 | Yolanda Diaz |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.