## UNITED STATES BANKRUPTY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

**WINN-DIXIE STORES, INC., et al.,**

Debtors.[1]

Chapter 11

Case No. 05-03817-3F1

(Jointly Administered)

## CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1.  I am of legal age and I am not a party to this action.

2.  I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3.  On or about October 6, 2006 I caused copies of:

• the **Order Pursuant to First Omnibus Motion Authorizing Negotiated Rejections of Executory Contracts and Approving Resolution of Claims**

to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served Order as listed above is attached hereto as Exhibit B.

Dated: October 9, 2006

_____
Kathleen M. Logan

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Code: FK

# EXHIBIT A
# SERVICE LIST

**SERVICE LIST**
**Order Pursuant to First Omnibus Motion Authorizing**
**Negotiated Rejections of Executory Contracts and**
**Approving Resolution of Claims**

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                                              **CASE:   05-03817-3F1**

CREDITOR ID: 534689-EI
ADVO, INC.
ATTN:  CHRISTINA BUSCA
ONE TARGETING CENTRE
WINDSOR CT 06095

CREDITOR ID: 534690-EI
CHEMSTAR INC.
ATTN: JIM WILLIAMS
120 INTERSTATE WEST PARKWAY, SUITE
LITHIA SPRINGS GA 30122

CREDITOR ID: 534695-EI
FREUDENBERG HOUSEHOLD PRODUCTS
ATTN: MAX KLEY
505 N RAILROAD AVENUE
NORTH LAKE IL 60164

CREDITOR ID: 534694-EI
FREUDENBERG HOUSEHOLD PRODUCTS
ATTN: JIM CASTETTER
505 N RAILROAD AVENUE
NORTH LAKE IL 60194

CREDITOR ID: 534693-EI
FREUDENBERG HOUSEHOLD PRODUCTS
F/K/A O-CEDAR BRANDS
ATTN: MARY JAY
PO BOX 73181
CHICAGO IL 60673-7181

CREDITOR ID: 534696-EI
HANDI-FOIL CORPORATION
ATTN: RICK MCCORMICK, SVP CORP
135 EAST HINTZ ROAD
WHEELING IL 60090-6035

CREDITOR ID: 534691-EI
SOUTHERN CLEANING SERVICES, INC.
ATTN: DEAN GOFORTH
106 SOUTH CHALKVILLE ROAD
TRUSSVILLE AL 35173

CREDITOR ID: 534692-EI
SOUTHERN CLEANING SERVICES, INC.
ATTN: LARRY D. HENIN, ESQ.
ANDERSON, KILL & OLICK, P.C.
1251 AVENUE OF THE AMERICAS
NEW YORK NY 10020

CREDITOR ID: 534687-EI
VERTIS, INC.
ATTN: LUKE BRANDONISIO
250 WEST PRATT ST., SUITE 1800
BALTIMORE MD 21201

CREDITOR ID: 534688-EI
VERTIS, INC.
ATTN: JOHN J CRUCIANI, ESQ.
BLACKWELL SANDERS PEPPER MARTIN LLP
4801 MAIN STREET, SUITE 1000
KANSAS CITY MO 64112

CREDITOR ID: 534686-EI
VERTIS, INC.
ATTN: KEITH FLEMING
7930 WEST KENTON CIRCLE, SUITE 3301
HUNTERSVILLE NC 28078

CREDITOR ID: 534685-EI
VERTIS, INC.
ATTN: DAVID LAVERTY
250 WEST PRATT ST., SUITE 1800
BALTIMORE MD 21201

**Total:   12**

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                          )    Case No. 05-03817-3F1
                                                )
WINN-DIXIE STORES, INC., et al.,                )    *Chapter 11*
                                                )
Debtors.                                        )    Jointly Administered
                                                )

ORDER PURSUANT TO FIRST OMNIBUS MOTION
AUTHORIZING NEGOTIATED REJECTIONS OF EXECUTORY
CONTRACTS AND APPROVING RESOLUTION OF CLAIMS

        These cases came before the Court for hearing on October 5, 2006, upon the

motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an

order under 11 U.S.C. §§ 365 and 502 and Fed. R. Bankr. P. 6006 authorizing and approving the

Debtors' rejection of supply agreements with the vendors set forth on Exhibit A (collectively, the

"Prepetition Supply Agreements"), effective as of October 5, 2006, and the resolution of

associated claims (the "Motion").[1]  The Court has read the Motion and considered the

representations of counsel.  Upon the representations of counsel and without objection from the

United States Trustee or any other interested party, the Court determines that good cause exists

to grant the relief requested by the Motion and granting the relief is in the best interest of these

estates and creditors.  Accordingly, it is

        ORDERED AND ADJUDGED THAT:

        1.      The Motion is granted.

---

[1]     All capitalized terms not otherwise defined shall have the meaning ascribed to those
        terms on Exhibit A.

2.    The Debtors are authorized to reject the Prepetition Supply Agreements pursuant to 11 U.S.C. § 365(a), and the Prepetition Supply Agreements are deemed rejected, effective as of October 5, 2006.

3.    All claims that ADVO, Inc. ("ADVO") has or may have had against the Debtors (except for an agreed unsecured non-priority claim (claim no. 2589) in the amount of $235,704.84, which is allowed, and any unpaid postpetition invoices) are waived. ADVO shall have no rejection damages claim against the Debtors resulting from the rejection of the ADVO Prepetition Supply Agreement.

4.    All claims that Chemstar Corp. ("Chemstar") has or may have had against the Debtors (except for an agreed unsecured non-priority claim (claim no. 4959) in the amount of $709,554.63, which is allowed, and any unpaid postpetition invoices) are waived. Chemstar shall have no rejection damages claim against the Debtors resulting from the rejection of the Chemstar Prepetition Supply Agreement.

5.    All claims that Freudenberg Household Products LP (f/k/a O-Cedar Brands, Inc.) ("Freudenberg") has or may have had against the Debtors (except for an agreed unsecured non-priority claim scheduled by Winn-Dixie Logistics, Inc. (claim no. 33125) in the amount of $3,979.64, which is allowed, an unsecured non-priority claim (claim no. 3515) against Winn-Dixie Stores, Inc. in the amount of $170,160.59, which has been allowed, and any unpaid postpetition invoices) are waived. Freudenberg shall have no rejection damages claim against the Debtors resulting from the rejection of the Freudenberg Prepetition Supply Agreement.

6.    All claims that Handi-Foil Corporation ("Handi-Foil") has or may have had against the Debtors (except for any unpaid postpetition invoices) are waived. Handi-Foil

2

shall have no rejection damages claim against the Debtors resulting from the rejection of the Handi-Foil Prepetition Supply Agreement.

       7.    All claims that Southern Cleaning Services, Inc. ("Southern Cleaning") has or may have had against the Debtors (except for an agreed unsecured non-priority claim (claim no. 6272) in the amount of $292,689.36, which is allowed, and any unpaid postpetition invoices) are waived. Southern Cleaning shall have no rejection damages claim against the Debtors resulting from the rejection of the Southern Cleaning Prepetition Supply Agreement.

       8.    All claims that Vertis, Inc. ("Vertis") has or may have had against the Debtors (except for the agreed reclamation claim in the amount of $34,071.34, which is allowed, the non-priority unsecured claim (claim no. 7396) in the amount of $595,818.56, which is allowed, and any unpaid postpetition invoices) and rights under 11 U.S.C. § 365(n) are waived. Vertis shall have no rejection damages claim against the Debtors resulting from the rejection of the Vertis Prepetition Supply Agreement.

       9.    Nothing in this Order constitutes a waiver of any claims the Debtors may have against the counterparty to the Prepetition Supply Agreements, whether or not related to the Prepetition Supply Agreements.

       10.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11.     The Court will retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

Dated this _5_ day of October, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

4

EXHIBIT A

**EXHIBIT A**

**Vendor Contracts To Be Rejected**

| Vendor | Rejected Contract | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| ADVO, Inc. ("ADVO")<br><br>**Notice Party:**<br>ADVO, Inc.<br>One Targeting Centre<br>Windsor, CT 06095<br>Attn: Christina Busca | Agreement between Winn-Dixie Stores, Inc. and ADVO, Inc., dated November 7, 2003, including any amendments (the "ADVO Prepetition Supply Agreement") | ADVO is a marketing distribution company, which distributed the Debtors' advertisements to the Debtors' customers. The ADVO Prepetition Supply Agreement contained varying volume commitments for different products or services. However, due to the reduction in the number of the Debtors' stores, the actual volume of material distributed was less than the minimum commitment required under the ADVO Prepetition Supply Agreement, and the contract did not provide for pricing at the lower distribution level. Thus, the ADVO Prepetition Supply Agreement was no longer feasible.<br><br>As a result, the Debtors entered into a new contract consistent with the Debtors' reduced store count. The new contract contains a volume commitment consistent with the Debtors' new footprint.<br><br>ADVO has also agreed to waive and release all claims it has or may have had against the Debtors (other than the agreed $235,704.84 unsecured nonpriority claim and any unpaid postpetition invoices), including any and all claims for rejection damages. | The parties have agreed that (i) the claim scheduled by Winn-Dixie Stores, Inc. (claim no. 30065) in the amount of $106,568.78 will be disallowed and expunged in its entirety, and (ii) proof of claim no. 2589 filed against Winn-Dixie Stores, Inc. in the amount of $235,704.78 will be allowed as a non-priority unsecured claim in the amount of $235,704.78. |

| Vendor | Rejected Contract | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| Chemstar Corp. ("Chemstar")<br><br>**Notice Party:**<br>Chemstar Corp.<br>120 Interstate West Parkway<br>Suite 100<br>Lithia Springs, GA 30122<br>Attn: Jim Williams | Agreement between Winn-Dixie Stores, Inc. and Chemstar, dated December 1, 2003 and any additional amendments thereto (the "Chemstar Prepetition Supply Agreement") | Chemstar provides sanitation/pest control services to the Debtors' retail stores. The new contract with Chemstar is on more favorable terms. The new agreement provides for new products, a 32% reduction in costs, as well as a training program.<br><br>Chemstar has agreed to waive and release all claims it has or may have had against the Debtors (other than the Chemstar Prepetition Claim and any unpaid postpetition invoices), including all claims for rejection damages. | Winn-Dixie Procurement, Inc. scheduled a claim (claim no. 34681) on behalf of Chemstar in the amount of $539,776.65 (the "Chemstar Scheduled Claim"). The parties have agreed that the Chemstar Scheduled Claim will be disallowed and expunged in its entirety.<br><br>Chemstar filed proof of claim no. 4959 against Winn-Dixie Stores, Inc. in the amount of $709,554.63 (the "Chemstar Prepetition Claim"). The parties have agreed that the Chemstar Prepetition Claim will be allowed as a non-priority unsecured claim in the amount filed. |

2

| Vendor | Rejected Contract | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| Freudenberg Household Products LP) (f/k/a O-Cedar Brands, Inc.)("Freudenberg")<br><br>**Notice Party**<br>Freudenberg Household Products LP<br>P.O. Box 73181<br>Chicago, IL 60673-7181<br>Attn: Mary Jay | The agreement between Winn-Dixie Stores, Inc. and O-Cedar, supplier's predecessor, dated January 17, 2003, and any additional amendments thereto (the "Freudenberg Prepetition Supply Agreement") | Freudenberg provides mops, brooms and brushes to the Debtors for resale in their retail stores. The term of the Freudenberg Prepetition Supply Agreement is the longer of two years or until net purchase volume of $12,500,000 is achieved. In three plus years, the Debtors did not satisfy this volume requirement and it would take approximately three more years for the Debtors to satisfy this volume commitment. | The parties have agreed that (i) the claim scheduled by Winn-Dixie Logistics, Inc. (claim no. 33125) in the amount of $3,979.64 (the "Logistics Scheduled Claim") will be allowed in that amount, and (ii) the claim scheduled by Winn-Dixie Procurement, Inc. (claim no. 34856) in the amount of $153,853.29 will be disallowed and expunged in its entirety. |
| Freudenberg Household Products LP<br>505 No. Railroad Avenue<br>North Lake, IL 60164<br>Attn: Jim Castetter | | The new supply agreement does not obligate the Debtors to purchase a minimum volume of product. It does, however, increase the rebate in the Debtors' advertising/marketing fund based on net purchases from 6% under the Freudenberg Prepetition Supply Agreement to 8.5%. Freudenberg has also agreed to develop and provide the Debtors with new fixturing (shelving) for the retail stores. | By order dated April 20, 2006, proof of claim no. 3515 in the amount of $224,232.89 against Winn-Dixie Stores, Inc. was reduced and allowed as a non-priority unsecured claim in the amount of $170,160.59. |
| Freudenberg Household Products LP<br>505 No. Railroad Avenue<br>North Lake, IL 60164<br>Attn: Max Kley | | Freudenberg has agreed to waive and release all claims it or O-Cedar Brands, Inc. has or may have had against the Debtors (other than the Logistics Scheduled Claim, proof of claim no. 3515, and any unpaid postpetition invoices), including all claims for any amounts due as a result of failure to meet sales requirements and any other claims for rejection damages. | |

3

| Vendor | Rejected Contract | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| Handi-Foil Corporation ("Handi-foil")<br><br>**Notice Party**<br>Handi-Foil Corporation<br>135 East Hintz Rd.<br>Wheeling, IL 60090-6035<br>Attn: Rick McCormick, SVP Corporate Sales & Marketing | Agreement between Winn-Dixie Stores, Inc. and Handi-foil Corporation, dated August 9, 2001, as modified by addendums dated December 19, 2001, and February 21, 2002, and any additional amendments thereto (collectively, the "Handi-Foil Prepetition Supply Agreement") | Handi-Foil provides foil products to the Debtors for resale in their retail stores. The term of the Handi-Foil Prepetition Supply Agreement is the longer of two years or until net purchase volume of $13,600,000 is achieved.<br><br>The new supply agreement does not require the Debtors to purchase a minimum volume of product. Moreover, the rebate allowance on net purchases of product was increased from 10% under the Handi-Foil Prepetition Supply Agreement to 15% under the new agreement.<br><br>Handi-Foil has also agreed to waive and release all claims it has or may have had against the Debtors (other than unpaid postpetition invoices), including all claims for repayment for any amounts due as a result of failure to meet sales requirements and any other claims for rejection damages. | |

4

| Vendor | Rejected Contract | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| Southern Cleaning Services, Inc. ("Southern Cleaning")<br><br>**Notice Party:**<br>Southern Cleaning Services, Inc.<br>106 South Chalkville Road<br>Trussville, Alabama 35173<br>Attn: Dean Goforth<br><br>Larry D. Henin, Esq.<br>Anderson, Kill & Olick, P.C.<br>1251 Avenue of the Americas<br>New York, NY 10020 | Agreement between Winn-Dixie Stores, Inc. and Southern Cleaning Services, Inc., dated March 4, 2004 and any additional amendments thereto (the "Southern Cleaning Prepetition Supply Agreement") | Southern Cleaning provides floor care and janitorial cleaning services to the Debtors for their retail stores. Since the commencement of their bankruptcy cases, the Debtors have consolidated the number of floor care providers. As a result, the new contract with Southern Cleaning is on more favorable price terms, thus saving the Debtors' money. Moreover, the new agreement contains an enhanced audit program to ensure that the vendor complies with the applicable labor laws.<br><br>Southern Cleaning has also agreed to waive and release all claims it has or may have had against the Debtors (other than the Stores Prepetition Claim and any unpaid postpetition invoices), including all claims for rejection damages. | **Raleigh**<br>Winn-Dixie Raleigh, Inc. scheduled a claim (claim no. 36807) on behalf of Southern Cleaning in the amount of $21,800.54. Southern Cleaning filed proof of claim no. 6271 against Winn-Dixie Raleigh, Inc. in the amount of $292,689.36. The parties have agreed that both claims will be disallowed and expunged in their entirety.<br><br>**Stores**<br>Southern Cleaning filed proof of claim no. 6272 against Winn-Dixie Stores, Inc. in the amount of $292,689.36 (the "Stores Prepetition Claim"). The parties have agreed that the Stores Prepetition Claim will be allowed as a non-priority unsecured claim.<br><br>**Montgomery**<br>Winn-Dixie Montgomery, Inc. scheduled a claim (claim no. 34171) on behalf of Southern Cleaning in the amount of $270,888.82. Southern Cleaning filed proof of claim no. 6273 against Winn-Dixie Montgomery, Inc. in the amount of $292,689.36. The parties have agreed that both claims will be disallowed and expunged in their entirety. |

| Vendor | Rejected Contract | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| Vertis, Inc. ("Vertis")<br><br>**Notice Party:**<br>Vertis, Inc.<br>250 West Pratt St.<br>Suite 1800<br>Baltimore, MD 21201<br>Attn: David Laverty<br><br>Vertis, Inc.<br>7930 West Kenton Circle<br>Suite 3301<br>Huntersville, NC 28078<br>Attn: Keith Fleming<br><br>Vertis, Inc.<br>250 West Pratt St.<br>Suite 1800<br>Baltimore, MD 21201<br>Attn: Luke Brandonisio<br><br>John J. Cruciani, Esq.<br>Blackwell Sanders<br>Peper Martin LLP<br>4801 Main St.<br>Suite 1000<br>Kansas City, MO 64112 | Agreement between Winn-Dixie Stores, Inc. and Vertis, Inc., dated August 1, 2004, including any appendices and amendments (the "Vertis Prepetition Supply Agreement") | Prior to the Petition Date, the Debtors used Vertis' advertising services. The Debtors have entered into a new agreement with Vertis on more favorable terms, including better pricing that is expected to save the Debtors several million dollars.<br><br>Vertis has also agreed to waive and release all claims it has or may have had against the Debtors (other than the agreed reclamation claim, non-priority unsecured claim and any unpaid postpetition invoices), including any and all indemnification obligations, rights under Bankruptcy Code section 365(n), and any other claims for rejection damages. | Winn-Dixie Stores, Inc. scheduled a claim (claim no. 31816) on behalf of Vertis, which was superseded by proof of claim no. 7396 filed by Vertis. against Winn-Dixie Stores, Inc. in the amount of $629,889.90 (the "Vertis Proof of Claim"). The Vertis Proof of Claim is comprised of a non-priority unsecured claim in the amount of $445,904.79 and a reclamation claim in the amount of $183,985.11. Previously, the parties agreed that Vertis has an allowed reclamation claim in the amount of $34,071.34. The parties have further agreed that the Vertis Proof of Claim will be reduced and allowed as a non-priority unsecured claim in the amount of $595,818.56. |

6