UNITED STATES BANKRUPTY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., <u>et al.</u>,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 05-03817-3F1<br><br>(Jointly Administered) |

CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1. I am of legal age and I am not a party to this action.

2. I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3. On or about October 6, 2006 I caused copies of:

- the **Order Pursuant to Debtors' Second Omnibus Motion Authorizing Negotiated Assumptions of Executory Contracts and Unexpired Leases and Granting Related Relief**

   to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served Order as listed above is attached hereto as Exhibit B.

Dated: October 9, 2006

_____
Kathleen M. Logan

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Code: FM

# EXHIBIT A
# SERVICE LIST

**SERVICE LIST**
**Order Pursuant to Debtors' Second Omnibus Motion**
**Authorizing Negotiated Assumptions of Executory Contracts**
**and Unexpired Leases and Granting Related Relief**

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                                                                   **CASE:   05-03817-3F1**

| | | |
|---|---|---|
| CREDITOR ID: 247778-EM<br>DBK CONCEPTS INC<br>ATTN THOMAS MANN, CFO<br>12905 SW 129 AVENUE<br>MIAMI, FL 33186 | CREDITOR ID: 399623-EM<br>LEARNSOMETHING, INC<br>ATTN DUANE DAUNT, CORP CONTROLLER<br>2457 CARE DRIVE<br>TALLAHASSEE FL 32308 | CREDITOR ID: 382290-EM<br>RADIANT SYSTEMS, INC<br>ATTN GERALD HOPKINS<br>BUSINESS CENTER<br>3925 BROOKSIDE PARKWAY<br>ALPHARETTA, GA 30022 |
| CREDITOR ID: 260728-EM<br>SERENA SOFTWARE, INC<br>PO BOX 201448<br>DALLAS, TX 75320-1448 | CREDITOR ID: 408354-EM<br>SERENA SOFTWARE, INC<br>ATTN ERIC JOHNSON, DIR OF FINANCE<br>3445 NW 211TH TERRACE<br>HILLSBORO OR 97124 | CREDITOR ID: 403184-EM<br>ST JOHN & PARTNERS ADVERTISING<br>& PUBLIC RELATIONS INC<br>ATTN ROBERT M BAKER, CFO<br>5220 BELFORT ROAD, SUITE 400<br>JACKSONVILLE FL 32256 |
| CREDITOR ID: 265190-EM<br>ZUBI ADVERTISING SERVICE, INC<br>355 ALHAMBRA CIRCLE,<br>10TH FLOOR<br>CORAL GABLES, FL 33134 | CREDITOR ID: 383146-EM<br>ZUBI ADVERTISING SERVICES, INC<br>C/O MARKOWITZ DAVIS RINGEL & TRUSTY<br>ATTN J MARKOWITZ & R RUBIO, ESQS<br>9130 SO DADELAND BLVD, STE 1225<br>MIAMI  FL 33156 | |

           Total:   8

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

ORDER PURSUANT TO DEBTORS' SECOND OMNIBUS MOTION
AUTHORIZING NEGOTIATED ASSUMPTIONS OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES AND GRANTING RELATED RELIEF

These cases came before the Court for hearing on October 5, 2006, upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the negotiated assumptions of the prepetition contracts and leases set forth on the attached Exhibit A (the "Contracts") on the terms set forth in the Motion and on Exhibit A, (b) fixing the cure amounts for the Contracts in the reduced amounts set forth on Exhibit A (the "Reduced Amounts"), but preserving full cure rights with respect to any amounts becoming owed to the non-Debtor counter-parties to the Contracts (the "Counter Parties") pursuant to 11 U.S.C. § 502(h) for sums relating to the Contracts that may be required to be paid pursuant to 11 U.S.C. § 550 (the "Section 502(h) Claims"), and (c) as the case may be, allowing and fixing or disallowing the claims related to the Contracts (the "Claims") as set forth on Exhibit A, in each case effective as of the effective date of the Debtors' proposed joint plan of reorganization (the "Effective Date") (the "Motion").[1] By the

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

Motion, parties were given until September 28, 2006 to object to the Motion. Upon consideration, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to assume the Contracts on the terms set forth in the Motion and on Exhibit A pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the Effective Date. The Debtors' assumption of the Contracts as of, and upon the occurrence of, the Effective Date is approved.

3. For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amounts owed by the Debtors with respect to the Contracts are the Reduced Amounts listed on Exhibit A.

4. The Counter Parties listed on Exhibit A are deemed to have waived any and all claims they may have against the Debtors for cure or compensation under their respective Contracts listed on Exhibit A except for the Reduced Amounts.

5. The Reduced Amounts shall be paid by the Debtors on or as soon as practicable after the Effective Date.

6. The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to each of the Contracts.

7. As of, and upon the occurrence of, the Effective Date, the Claims shall, as the case may be, be allowed and fixed or disallowed as set forth on Exhibit A.

8. The reduction in Claims and cure payments and other concessions by the Counter Parties will not negate the impact of assumption on any claims held by the Debtors against the Counter Parties or otherwise expose the Counter Parties to potential preference

actions with respect to payments made on account of the Contracts. Upon assumption of the Contracts and notwithstanding the concessions described in the Motion and in this Order, the Counter Parties will be entitled to an administrative claim for cure to any Section 502(h) Claims.

9.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

11. In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, this Order shall be null and void.

Dated October 5, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

actions with respect to payments made on account of the Contracts. Upon assumption of the Contracts and notwithstanding the concessions described in the Motion and in this Order, the Counter Parties will be entitled to an administrative claim for cure to any Section 502(h) Claims.

9.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

11. In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, this Order shall be null and void.

Dated October 5, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

**Exhibit A**

Exhibit A
Contracts to be Assumed on Negotiated Terms[1]

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | HDQ | IT-Hardware Maintenance | Non-Debtor Counter Party<br><br>DBK Concepts, Inc. ("DBK")<br><br>Address<br><br>DBK Concepts, Inc.<br>Att'n: Thomas Mann, CFO<br>12905 SW 129 Avenue<br>Miami, FL 33186 | Service Agreement (Contract No. 103459) effective as of December 1, 2002, as amended by Addendum I | $99,450.00 | 3744 ($146,260.00)<br><br>33542 ($4,492.32)<br><br>36236 ($2,246.26) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Service Agreement as Amended by Addendum 1 (DBK Concepnts, Inc.) effective February 28, 2006, between Winn-Dixie Stores, Inc. and DBK Concepts, Inc.<br><br>- Claim No. 3744 to be allowed in the reduced amount of $99,450.00, which will be paid as cure on or about the Effective Date. The remaining balance of Claim No. 3744 to be disallowed.<br><br>- Claim Nos. 33542 and 36236 to be disallowed in their entirety. |

---

[1] Copies of the assumption agreements referenced in this Exhibit A have been provided to counsel to the Official Committee of Unsecured Creditors.

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Software License | <u>Non-Debtor Counter Party</u><br><br>LearnSomething.com, Inc. ("LearnSomething")<br><br><u>Address</u><br><br>Learnsomething.com Inc.<br>Att'n: Duane Daunt<br>Corporate Controller<br>2457 Care Drive<br>Tallahassee, FL  32308 | HIPPA License Agreement, dated February 13, 2003 | $23,896.00 | 718<br>($47,792.00) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of HIPPA License Agreement dated March 10, 2006, between Winn-Dixie Stores, Inc. and LearnSomething.com, Inc.<br><br>- Claim No. 718 to be allowed as an unsecured claim in the reduced amount of $23,896.00 and paid as cure on or about the Effective Date. The balance of Claim No. 718 to be disallowed. |

2

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | HDQ | Software License / IT-Hardware Maintenance | Non-Debtor Counter Party<br><br>Radiant Systems, Inc. ("Radiant")<br><br>Address<br><br>Radiant Systems, Inc. Att'n: Jerry Hopkins Business Center 3925 Brookside Parkway Alpharetta, GA 30022 | Radiant Software License, Services and Purchase Agreement dated April 6, 2004, as amended by Addendum Number 1 dated September 20, 2004, and further amended by Addendum No. 2 dated February 27, 2006 (Fuel CRC Hardware) | $53,010.63 | 1389 ($43,875.70)<br><br>12881 ($66,263.29) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Radiant Software License, Services and Purchase Agreement as Amended by Addendum Number 1 and 2 dated February 27, 2006, between Winn-Dixie Stores, Inc. and Radiant Systems, Inc.<br><br>- Claim No. 1389 to be disallowed in its entirety as amended and superseded by Claim No. 12881.<br><br>- Claim No. 12881 to be allowed as unsecured claim in the reduced amount of $53,010.63 and paid as cure on or about the Effective Date. The balance of Claim No. 12881 to be disallowed. |

3

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Software License | Non-Debtor Counter Party<br><br>Serena Software, Inc. ("Serena")<br><br>Addresses<br><br>Serena Software, Inc.<br>P.O. Box 201448<br>Dallas, TX 75320-1448<br><br>Serena Software, Inc.<br>Att'n: Eric Johnson<br>3445 NW 211th Terrace<br>Hillsboro OR 97124 | Master License Agreement dated April 2, 1998, as subsequently amended, including the Software License Schedule with an effective date of March 1, 2004, the Software License Schedule with an effective date of January 31, 2005 and the Software License Schedule with 2006 effective date. | $122,566.00 | 7746<br>($866,080.54) | $0.00 | - Assumption pursuant to terms Agreement for Assumption of Master License Agreement, as Amended by Software License Schedule dated May 22, 2006, between Winn-Dixie Stores, Inc. and Serena Software, Inc.<br><br>- Claim No. 7746 to be allowed as unsecured claim in the reduced amount of $122,566.00 and paid as cure on or about the Effective Date. The balance of Claim No. 7746 to be disallowed. |

4

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | All | Service Agreement | Non-Debtor Counter Party<br><br>St. John & Partners Advertising & Public Relations ("St. John")<br><br>Address<br><br>St. John & Partners Att'n: Robert M. Baker, CFO<br>5220 Belfort Road, Suite 400<br>Jacksonville, FL 32256 | Letter of Agreement dated June 12, 2003 | $47,000.00 | 893 ($95,266.10)<br><br>31611 ($37,663.29)<br><br>34191 ($24,567.74)<br><br>36818 ($23,035.07) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Letter of Agreement (St. John & Partners Advertising & Public Relations) dated June 7, 2006, between Winn-Dixie Stores, Inc. and St. John & Partners Advertising & Public Relations<br><br>- Claim No. 893 to be allowed as nonpriority unsecured claim in reduced amount of $47,000 and paid as cure upon assumption.<br><br>- With the exception of the $47,000 described above, St. John waives any and all other claims against the Debtors and their affiliates, including, without limitation, the remaining balance of Claim No. 893, scheduled Claim No. 31611, scheduled Claim No. 34191, and scheduled Claim No. 36818, each of which to be disallowed. |

5

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Procurement, Inc. | | Advertising Agreement | Zubi Advertising Services, Inc. ("Zubi") <br><br> Addresses <br><br> Zubi Advertising Services, Inc. <br> 355 Alhambra Circle <br> Coral Gables, FL 33134 <br><br> Zubi Advertising Services, Inc. <br> C/O Markowitz Davis Ringel & Trusty <br> Att'n: J. Markowitz & R. Rubio, Esqs. <br> 9130 So. Dadeland Blvd., Ste. 1225 <br> Miami, FL 33156 | Service Agreement, dated June 4, 2002 | $250,000.00 | 2565 ($326,380.53) <br><br> 2582 ($326,380.53) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Service Agreement and Amendment to Service Agreement dated August 14, 2006, between Winn-Dixie Procurement, Inc. and Zubi Advertising Services, Inc. <br><br> - Claim No. 2565 to be reduced and reclassified and allowed as an unsecured nonpriority claim in the amount of $250,000.00, and paid as cure. <br><br> - With the exception of the $250,000.00 described above, Zubi waives any and all claims against the Debtors and their affiliates, including, without limitation the remaining balance of Claim No. 2565 and Claim No. 2582 each of which is to be disallowed (the Debtors have sought to disallow Claim No. 2582 in the Debtors' Eighteenth Omnibus Objection to Duplicate Different Debtor Claims (Docket No. 10448)). |

6