Hearing Date: October 25, 2006 at 9:00 a.m.
Objection Deadline: October 20, 2006 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**DEBTORS' MOTION FOR AUTHORITY TO (I) ASSUME AS LESSORS, NON-RESIDENTIAL REAL PROPERTY LEASES FOR THE DEBTORS' MARATHON PROPERTY, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. § 365(a), authorizing the Debtors as lessors, to assume as lessor non-residential real property leases for stores located in a shopping center owned by the Debtors and located in Marathon, Florida, and fixing cure amounts (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

**Background**

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors to serve in these cases pursuant to Sections 1102 and 1103 of the Bankruptcy Code. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by notice dated January 11, 2006.

4. On June 29, 2006, the Debtors filed a proposed Disclosure Statement (the "Disclosure Statement") together with a proposed Joint Plan of Reorganization (the "Plan"). The Disclosure Statement was approved by Order of the Court dated August 4, 2006. That Order scheduled a hearing to consider confirmation of the Plan for October 13, 2006.

**Relief Requested**

5. By this Motion, the Debtors seek an order of the Court, pursuant to Sections 105(a) and 365 of the Bankruptcy Code, approving the assumption of the leases identified on the attached Exhibit A (collectively, the "Marathon Leases"),

as of the effective date of the Plan (the "Effective Date"), and fixing the cure amounts for the Marathon Leases.[1]

      6.    To the extent any default exists under any of the Marathon Leases, the Debtors will satisfy Section 365(b) of the Bankruptcy Code by paying the respective lessees of the Marathon Leases (collectively, the "Lessees"), the cure amount, if any, promptly after the Effective Date.  Attached as Exhibit B is a schedule reflecting any cure amounts the Debtors believe are owed under the Marathon Leases (the "Proposed Cure Amount").  All Lessees will be served with a copy of this Motion.  To the extent a Lessee disputes the Proposed Cure Amount or otherwise objects to the Motion, the Lessee must file an objection with the Bankruptcy Court and serve the objection on the Debtors on or before October 15, 2006 (the "Objection Deadline").  In the absence of a timely objection, the Lessees will be deemed to have consented to the assumption of the applicable Marathon Lease and the Proposed Cure Amount and will be (a) barred from asserting a larger claim for such cure, and (b) deemed to have waived all claims under their respective Marathon Lease other than the Proposed Cure Amount.  The Debtors will schedule a hearing on the Motion after the Objection Deadline.

---

[1] If there is no Effective Date, the Marathon Leases will not be assumed by the Debtors and no payments will be made on the cure amounts.

**Basis for Relief**

7.      The Debtors intend to continue to lease all of the stores under the Marathon Leases once the Debtors emerge from these Chapter 11 cases. As such, the Debtors have determined that the assumption of the Marathon Leases will benefit the Debtors and their estates. The Debtors receive approximately $26,000.00 a month as rent from the Lessees of the Marathon Leases.

8.      If there is a default under the Marathon Leases, the requirements of section 365(b) of the Bankruptcy Code will be satisfied through (a) payment of the Proposed Cure Amount, which will cure such default and compensate the applicable Lessee for any actual pecuniary loss resulting from such default, and (b) the Debtors' continuing business operations, which will provide adequate assurance of future performance.

9.      Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc.* (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

10.     A debtor's decision to assume or reject an unexpired lease is subject to review under the business judgment standard. *See In re Gardiner, Inc.*, 831 F.2d 974, 975 n.2 (11th Cir. 1987); *In re Orion Pictures Corp.*, 4 F.3d at 1098-99.

Under this rule, the Debtors' assumption of a lease is appropriate if it will benefit the estate. *Westshire, Inc. v. Trident Shipworks, Inc.*, 247 B.R. 856 (M.D. Fla. 2000). Upon finding that a debtor has exercised their sound business judgment in determining that assumption of a particular contract is in the best interests of their estates, the Court should approve assumption under section 365(a) of the Bankruptcy Code. *In re Gucci*, 193 B.R. 411, 415-17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"); *Blue Cross Blue Shield of Conn. v. Gurski* (*In re Gurski*), Nos. 94-51202 & 3:95CV1883, 1996 WL 684397, at *2 (D. Conn. Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial to the debtor such that the debtor could assume them under section 365(a)). In the case of assumption, "[t]he § 365 election permits a trustee to . . . continue performance on a contract which will benefit the estate." *In re Diamond Mfg., Co.*, 164 B.R. 189 (Bankr. S. D. Ga. 1994) (citing *In re Brada Miller Freight Sys., Inc.*, 702 F.2d 890, 893-94 (11th Cir. 1983)). The Debtors have satisfied the "business judgment" standard for assuming the Marathon Leases. The stores the Debtors lease under the Marathon Leases will be among those that form the basis for their reorganized business operations upon emerging from these cases.

### Notice

11.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured

lenders, (c) counsel for the Creditors' Committee, (d) the Lessees, and (e) the other parties in interest named on the Master Service List maintained in these cases. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit C (i) authorizing the Debtors to assume the Marathon Leases as of the Effective Date; (ii) fixing cure amounts for the Marathon Leases; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: October 9, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*  <br>  D. J. Baker <br>  Sally McDonald Henry <br>  Rosalie Walker Gray | By  *s/ Cynthia C. Jackson*  <br>  Stephen D. Busey <br>  James H. Post <br>  Cynthia C. Jackson, F.B.N. 498882 |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

00534227.4

## **EXHIBIT A**

| Store No. | Tenant | Address | City | State |
|---|---|---|---|---|
| 1808 | CVS Corporation | 5575 Overseas Highway | Marathon | FL |
| | Key Holly, Inc. (d/b/a The Brown Pelican) | 5551 Overseas Highway | Marathon | FL |
| 9224 | K-Mart | 5561 Overseas Highway | Marathon | FL |
| | Mary Jane Sorenson and Judith Sorenson Flowers (d/b/a The Brass Monkey) | 234 55th Street Ocean | Marathon | FL |
| | McDonald's | 5585 Overseas Highway | Marathon | FL |
| 3567 | Payless Shoe Source | 5567 Overseas Highway | Marathon | FL |

## **EXHIBIT B**

| Store No. | Tenant | Address | City | State | Proposed Cure Amount |
|---|---|---|---|---|---|
| 1808 | CVS Corporation | 5575 Overseas Highway | Marathon | FL | $0.00 |
|  | Key Holly, Inc. (d/b/a The Brown Pelican) | 5551 Overseas Highway | Marathon | FL | $0.00 |
| 9224 | K-Mart | 5561 Overseas Highway | Marathon | FL | $0.00 |
|  | Mary Jane Sorenson and Judith Sorenson Flowers (d/b/a The Brass Monkey) | 234 55th Street Ocean | Marathon | FL | $0.00 |
|  | McDonald's | 5585 Overseas Highway | Marathon | FL | $0.00 |
| 3567 | Payless Shoe Source | 5567 Overseas Highway | Marathon | FL | $0.00 |

**<u>EXHIBIT C</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER (I) APPROVING MOTION AND AUTHORIZING
ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY
LEASES FOR THE DEBTORS' MARATHON PROPERTY, (II)
FIXING CURE AMOUNTS, AND (III) GRANTING RELATED RELIEF**

These cases came before the Court for hearing, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105(a) and 365, (i) approving and authorizing the Debtors as lessors, to assume non-residential real property leases listed on the attached Exhibit A (collectively, the "Marathon Leases"), effective as of the effective date of the Debtors' plan of reorganization (the "Effective Date"), (ii) fixing the costs of assumption at the Proposed Cure Amounts identified on Exhibit B to the Motion, and (iii) granting related relief (the "Motion"). By the Motion, the Lessees were given until October 30, 2006 to object to the Cure Amount or otherwise object to the Motion. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to assume the Marathon Leases pursuant to 11 U.S.C. § 365(a). The Marathon Leases are assumed effective on the Effective Date.

3. All Proposed Cure Amounts shall be made promptly after the Effective Date.

4. If there is no Effective Date, the Marathon Leases will not be assumed by the Debtors and no payments will be made on the Proposed Cure Amounts.

5. Nothing in this Order constitutes a waiver of any claims the Debtors may have against the applicable lessees, whether or not related to the Leases.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated October _____, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

00534227.3

2