**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:   CASE NO.: 3:05-bk-03817-JAF
   Chapter 11
WINN-DIXIE STORES, INC.,

    Debtor.
_____/

**TED GLASRUD ASSOCIATES OF DELAND, FL, INC.' S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM AND TO COMPEL REJECTION OF BUSINESS LEASE**

    Creditor, TED GLASRUD ASSOCIATES OF DELAND, FL, INC., a Florida corporation as successor in interest to W.G. Lassiter, Jr. and Mario Susnar, (hereinafter referred to as "TED GLASRUD"), moves the Court pursuant to 11 U.S.C. 503 for an Order directing the Debtor to pay TED GLASRUD an administrative expense claim for the pre and post petition rents, cam, utilities, real estate taxes and insurance due under an unexpired commercial lease for the location where the Debtor operates its business and to compel rejection of the business lease between the parties herein, and in support, states:

    1.    The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005.

    2.    At the time of the Petition, the Debtor had a Lease Agreement with TED GLASRUD for the real property were the Debtor's business is located at 1105 NE Jensen Beach Blvd, Jensen Beach, FL 34957. A copy of the Lease Agreement dated October 25, 1971, and amendments thereto, are attached as composite Exhibit "A".

    3.    At the time of the Petition the Debtor was delinquent with its monthly lease Payments in the amount of $27,775.76. See statement of account attached hereto as Exhibit "B". Post-petition the Debtor continued to make the monthly lease payments until

May, 2006.

4. As of the date of this Motion, the Debtor had not assumed or rejected the Lease Agreement as required under 11 U.S.C. §365. As it will be discussed below, Lease should be deemed rejected.

5. The Debtor owes TED GLASRUD for the following months and amounts:

| **Month** | **Rental Payment** |
|---|---|
| October 1, 2006 | $7,500.00 |
| October 1, 2006 Cam charge | $   232.18 |
|  | **$7,732.18** |

Plus, Additional monies owed:

| | |
|---|---|
| Balance increase real estate taxes and insurance 2003 | $     214.94 |
| Increase real estate taxes and insurance 2004 | $10,894.28 |
| Water usage May 6/10/04-2/22/05 | $ 5,046.54 |
| Pd Check 8055545 | $ (1,026.83) |
| Pd Check 811706 | $    (262.03) |
| Increase real estate taxes and insurance 2005 | $12,888.86 |
| SUB TOTAL | **$27,755.76** |
| TOTAL DUE FROM DEBTOR | **$35,487.94** |

*NOTE: Winn Dixie previously advised TED GLASRUD that the bankruptcy court has ordered the Debtor not pay any items expenses incurred 2/25/05 or before.*

6. In addition, there are utility charges that have gone unpaid pre-petition and post-petition pursuant to the subject Lease that need to be paid as part of the administrative claim. This figure changes as additional utilities are incurred and this figure will be updated prior to or at the hearing on this Motion.

7. The Debtor mis-informed TED GLASRUD regarding the Debtor's responsibility to "promptly" cure pre-petition arrearages as a condition precedent to assuming the subject Lease. There has been no prompt cure of the pre-petition

arrearages, that are substantial in number, in violation of 11 U.S.C. 365. Therefore, the subject Lease should be deemed rejected and the administrative claim of TED GLASRUD should be paid immediately.

8. It is acknowledged that rent has been paid post-petition; however, if the Debtor intended to assume the subject Lease and is clearly without any effect as the Debtor failed to meet the requirements of 11 U.S.C. §§365 (a) and (b)(1). The Bankruptcy Code prevents the Debtor from assuming an unexpired Lease if the Debtor fails to cure any default under the unexpired Lease at the time of the assumption. In February of 2005, the Debtor was behind in its monthly Lease obligations and additional rent charges . The Debtor has failed to cure the arrearages at the time of any supposed "election", or at any time during these post-petition chapter 11 proceedings.

9. In addition, the Debtor has not compensated TED GLASRUD for pecuniary losses resulting from the Debtor's defaults, nor has the Debtor provided adequate assurance of future performance under the Lease. Further, this Court has not approved any assumption of the unexpired lease by the Debtor.

10. The Debtor has benefited from the use of the subject Leased premises during these Chapter 11 proceedings. The monthly Lease payments are an actual and necessary costs and expense of preserving the estate after the commencement of the case and apparently necessary for an effective reorganization. Therefore, TED GLASRUD should be paid its administrative claims prior to confirmation and the subject Lease should be deemed rejected.

WHEREFORE, Creditor, TED GLASRUD ASSOCIATES OF DELAND, FL, INC., respectfully requests the Court to enter an Order allowing the post-petition lease payments

owed by the Debtor in the amount of **$27,755.76**, plus utility charges, as an administrative expense and directing the Debtor to pay such amount forthwith and prior to confirmation; provide the TED GLASRUD ASSOCIATES OF DELAND, FL, INC. with adequate protection of future performance and/or deeming the subject Lease rejected, and for any further relief this Court deems just and proper under the circumstances.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via electronic mail or regular U. S. Mail to: Debtor, Winn Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254-3699; Debtor's counsel, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32201; U.S. Trustee, 135 West Central Blvd, Suite 620, Orlando, FL 32806; and the parties on the attached Local Rule 1007-2 Parties In Interest List this 10th day of October, 2006.

KELLEY & FULTON, P.A.
Attorney for Ted Glasrud Associates
of Deland, FL, Inc.
1665 Palm Beach Lakes Blvd.
The Forum - Suite 1000
West Palm Beach, Florida 33401
Telephone No.: (561) 491-1200
Facsimile No.: (561) 684-3773

By: /s/ Craig I. Kelley
    Craig I. Kelley, Esquire
    Florida Bar No.: 782203

F:\CLIENTS\Rutland, Leonard\Motion.Admin.Claim.Rent.doc