Robert V. Cronin
3721 Fallon Oaks Dr.
Jacksonville, FL, 32277

October 1, 2006

FILED
JACKSONVILLE, FLORIDA

OCT 1 0 2006

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

<u>U.S. Bankruptcy Court Middle District of Florida</u>
300 North Hogan Street
Suite 3-350
Jacksonville, FL, 32202

Attention: Honorable Jerry A. Funk

Re:   Winn-Dixie Stores, Inc
      Case No.05-03817-3FI

Dear Honorable Jerry A. Funk

I have a grave concern about the plan to wipe out completely all share holders and offer the following comments for your consideration.

I understand that the bankruptcy laws are very specific about certain creditors such as Venders being paid in full before any of the shareholders can receive any compensation. This I thank is a very pour law and needs to be adjusted. However no one can do anything that will help our cause at this time. There are other concerns that should be addressed such as the following, but not limited to:

  As I understand the Plan, it is proposed to compensate Venders at 70% of their debt at the time of filling. Most of the venders have continued doing business with Winn-Dixie and have gained back a lot of there initial losses in various ways. Closer terms on payments, less money provided on deals and sales promotions etc. all helped the venders recoup some of their loses. This plus the 70% compensation becomes very close to the 100% required by law. Some organizations have sold their assets to other organizations at greatly reduced prices for various reasons. These organizations are not doing business with Winn-Dixie as vendors and should not be entitled to the same compensation as venders. Real estate developers have lost tenants but they still have real property to lease. Some of these probably have released their property and probably at a higher rate. The rest I am sure will be released in the near future and most certainly at a higher rate than was established with Winn-Dixie several years ago.

There are many shareholders scattered across the Winn-Dixie region that purchased their shares while working at Winn-Dixie along with friends and relatives of employees who believed in the company. These people represent ten's of thousands of customers that will never set foot in another Winn-Dixie store along with the thousands of customers who will resent the treatment of the shareholders.

We all know that it is in the best interest to everybody involved for the New Winn-Dixie to succeed and become financially stable. Therefore it is in the best interest of the proposed reorganization plan to include some compensation for the current shareholders even though there are many that will never trade with Winn-Dixie. At least the current customers will have a reason to keep shopping at their local Winn-Dixie.

The law is set and can not be changed at this time. But it is necessary for the Court, the Creditors Committee and Winn-Dixie management to look deeper into the actual conditions of various claims. In doing this I believe there will be available some compensation for current shareholders.

Thank you very much for your corporation in this matter.

Sincerely,

Robert V. Cronin

cc.
Mr. Kenneth C. Meeker
Office of the United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL, 32801

Mr. Dennis Dunne, Esq.
Millbank, Tweed, Handley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413

Mr. Peter Lynch
Winn-Dixie Stores, Inc.
P.O. Box B
Jacksonville, FL, 32203