UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

### LIMITED OBJECTION OF DUVAL COUNTY, FLORIDA TO DEBTORS' PLAN OF REORGANIZATION
### (AMENDING DOCUMENT NO. 11307)

Mike Hogan, as Tax Collector for Duval County, Florida (the "Duval County Tax Collector"), objects to the treatment of its secured tax claims under the plan of reorganization (Docket No. 10058) filed by Winn-Dixie Stores, Inc. and its affiliates ("Winn-Dixie"), and states:

1. The Duval County Tax Collector is the holder of various prepetition secured tax claims against Winn-Dixie Stores, Inc. and its affiliates (collectively, "Winn-Dixie"). Pursuant to § 197.122, Florida Statutes, the tax liens held by Duval County enjoy priority over all other liens asserted against Winn-Dixie's property in Duval County, Florida.

2. In addition to the foregoing, the Duval County Tax Collector holds a postpetition administrative expense claim against Winn-Dixie for unpaid 2006 tangible and *ad valorem* taxes. The post-petition claim is also secured by a lien on Winn-Dixie's Duval County property.

3. Duval County's tax claims are dealt with under Class 10 of the proposed plan. Under the plan, these claims will be paid over six years with 6% interest (Docket No. 10058).

4. Duval County objects to the treatment of its claim in this fashion for the following reasons:

(i) Winn-Dixie's plan of reorganization does not provide the Duval County Tax Collector with the indubitable equivalent of its prepetition tax claim as required by 11 U.S.C. § 1129(b)(2). The proposed interest rate of 6% does not comply with Florida Statutes and is inadequate to compensate for Duval County for the risks associated with the delay in payment;

(ii) Even if the court had the authority to modify the applicable interest rate, the Duval County Tax Collector, as an oversecured creditor, is entitled to post-petition interest on its claims at the statutory rate of 18% through the date of confirmation. *See e.g. In re Dominick,* 244 B.R. 45 (Bankr. N.D. N.Y. 2000) (Nonconsensual, oversecured tax creditor was entitled to receive postpetition interest at statutory rate until confirmation). The debtor's plan does not provide for the payment of interest at the statutory rate through confirmation and does not therefore comply with the requirements of 11 U.S.C. § 1129(a)(7); and

(iii) The plan does not specifically provide for the payment of 2006 taxes as an administrative expense, in cash, on the effective date as required by 11 U.S.C. § 1129(a)(9)(A).

5.  This objection supercedes the objection previously filed by Mike Hogan in this case (Docket No. 10058). Despite media reports to the contrary, the prior objection was intended to address solely the treatment of the Tax Collector's claim, the adequacy of the interest rate to be paid on the unpaid taxes, and the delay in payment proposed by the plan of reorganization in light of Winn-Dixie's continuing losses. Lest Mr. Hogan's position be misconstrued, it is the Tax Collector's desire to not only see Winn-Dixie survive its reorganization, but to collect the *ad valorem* taxes rightfully due the taxing authorities of Duval County, Florida.

WHEREFORE, the Duval County Tax Collector requests that confirmation of Winn-Dixie's plan of reorganization as it pertains to its Class 10 secured tax claim be denied.

**STUTSMAN THAMES & MARKEY, P.A.**

By    */s/ Richard R. Thames*
Richard R. Thames

Florida Bar Number 0718459
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rthames@stmlaw.net

Attorneys for Mike Hogan, Duval County Tax Collector

**Certificate of Service**

I hereby certify on October \_\_11\_\_, 2006, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
patrick.pantangan@akerman.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

| | |
|---|---|
| Adam Ravin, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>aravin@skadden.com | D.J. Baker, Esq.<br>Skadden, Arps, Slat, Meagher, & Flom, LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>dbaker@skadden.com |

/s/ *Richard R. Thames*
_____
Attorney

60822