UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**KENTUCKY TAXING AUTHORITIES' SUPPLEMENTAL OBJECTION TO CONFIRMATION OF JOINT PLAN OF REORGANIZATION OF WINN-DIXIE STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS-IN-POSSESSION**

Kentucky Taxing Authorities[1] (KTA), through the undersigned counsel, without waiving jurisdiction, sovereign immunity and any and all defenses previously asserted, respectfully assert the following supplemental objection to confirmation of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc., and Affiliated Debtors (Plan):

In lieu of this Court's Order (# 11683) the Kentucky Taxing Authorities maintain that their outstanding tax liabilities owed by the Debtors remain in full force and effect. The statutory liens on Debtors' property pass through bankruptcy unaffected. <u>Dewsnup v. Timm</u>, 502 U.S. 410, 112 S.Ct.773, 116 L.Ed.2d 903 (1992); <u>In re Bateman</u>, 331 F.3d 821 (11th Cir (Fla.) 2003); <u>In re Thomas</u>, 883 F.2d 991 (11th Cir (Ala.) 1989); and <u>In re Stone</u>, 329 B.R. 882 (M.D. Fla. 2005).

This Court lacks subject matter jurisdiction to determine or otherwise redetermine Kentucky ad valorem property taxes. To the extent the Plan seeks subject matter

---

[1] The "Kentucky Taxing Authorities" consist of the tax collectors for each of the following counties within the Commonwealth of Kentucky: Bullitt, Campbell, Davies, Fayette, Hardin, Jefferson, Nelson, Scott, and Shelby, and the Commonwealth of Kentucky.

jurisdiction over Kentucky property taxes, the Plan is unconstitutional and fails to comply with §§ 1129(a)(1), (2) and (3) of the Bankruptcy Code and applicable law.  The Plan fails to recognize and provide for the recognition of full faith and credit of laws of the Commonwealth of Kentucky.

The time limits for protesting 2004, 2005 and 2006 property tax assessments under Kentucky law have expired.  See In the Matter of Qual Krom South, Inc., 119 B.R. 327 (S.D. Fla. 1990); In re Millsaps, 133 B.R. 547 (M.D. Fla. 1991) and In re Ryan, 64 F.3d 1516 (11th Cir. 1995).  Kentucky law provides for property taxes to be contested within a specific period of time and based on specific years.  This Plan seeks, through the claims objection process, to circumvent or otherwise modify the ad valorem property tax laws of the Commonwealth of Kentucky.  To the extent the Plan or interpretation of the Plan by the Debtors attempts to reduce or otherwise challenge Kentucky property taxes it is violative of both the 10th and 11th Amendments of the United States Constitution.

The ratification of the United States Constitution in no way represents a waiver or delegation of the Commonwealth's inherent power and authority to tax its citizens and fund local government to the United States Congress.  To the extent the Plan provides for such authority or jurisdiction it is unconstitutional.  Congress, pursuant to its Article I powers, lacks the authority or power to grant exclusive or appellate subject matter jurisdiction to bankruptcy courts to determine local property taxes when there is a plain, speedy and efficient remedy for protesting property taxes under state law.  See Tax Injunction Act 28 U.S.C. § 1341.

Accordingly, the KTA, respectfully request this Court enter an Order sustaining the KTAs' objections and that the Plan confirmation be denied, and for other relief as the Court deems proper.

        Respectfully submitted,

        */s/Susan F. Stivers*
        Susan F. Stivers
        Kentucky Bar No. 81386
        Attorney for Finance & Administration
          Cabinet
        Department of Revenue
        P.O. Box 5222
        Frankfort, Kentucky  40602-5222
        Ofc:  (502) 564-4921 ext 4445
        Fax:  (502) 564-7348
        susan.stivers@ky.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Kentucky Taxing Authorities' Supplemental Objection To Confirmation Of Joint Plan Of Reorganization Of Winn-Dixie Stores, Inc. And Its Affiliated Debtors And Debtors-In-Possession will be served electronically by the court's CM/ECF System on the date filed on the 11th day of October, 2006, on the parties whose names are listed below:

        *s/Susan F. Stivers*
        Susan F. Stivers
        Department of Revenue

Copies to be served on:

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699
Debtors

D.J. Baker
Skadden, Arps, Slate, Meager
& Flom LLP
Four Times Square
New York, NY  10036

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street Suite 1800
Jacksonville, FL  32202

Co-counsel for Debtors

Elena L. Escamilla
135 W Central Blvd. Ste 620
Orlando, FL  32806
U.S. Trustee's Office

Dennis F. Dunne
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY  10005
Creditor Committee