**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

**DEBTORS' NOTICE OF AGREED ORDER AUTHORIZING ASSUMPTION OF**
**INFOSCAN AGREEMENT WITH, AND RESOLVING CLAIM NO. 11820**
**BY, INFORMATION RESOURCES, INC.**

<div style="border:1px solid black">

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper.  If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, and (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified.  If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

</div>

Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates (the "Debtors"),

pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and Local Rule 2002-4 give

notice of the proposed entry of the attached Agreed Order (a) authorizing and approving the

assumption of that certain Contract for InfoScan Services between Winn-Dixie and

---

[1]       In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Information Resources, Inc. ("IRI") dated March 3, 2003, as amended by the Letter of

Commitment for Data Contract between Winn-Dixie and IRI dated November 22, 2005, pursuant

to the Fourth Omnibus Motion for Order Authorizing Assumption of Executory Contracts and

Unexpired Leases and Fixing Cure Amounts filed at Docket No. 10966 (the "Assumption

Motion"), (b) resolving IRI's objection to the Assumption Motion filed at Docket No. 11472, (c)

resolving the Debtors' Fifteenth Omnibus Objection to (A) No Liability Claims, (B) Overstated

Claims and (C) Overstated Misclassified Claims filed at Docket No. 9494 as it relates to Claim

No. 11820 filed by IRI (the "Claim Objection"), and (d) resolving IRI's response to the Claim

Objection filed at Docket No. 10232.

If no objection to the Agreed Order is filed and served within the time as set forth above,

the Court will be requested to enter the Agreed Order without further notice or hearing.

Dated: October 11, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By ____*s/ D. J. Baker*____
        D. J. Baker
        Sally McDonald Henry
        Rosalie Walker Gray
        David M. Turetsky
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Attorneys for Debtors

SMITH HULSEY & BUSEY

By ____*s/ James H. Post*____
        Stephen D. Busey
        James H. Post
        Cynthia C. Jackson,
         Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Co-Attorneys for Debtors

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### AGREED ORDER AUTHORIZING ASSUMPTION OF AGREEMENT WITH, AND RESOLVING CLAIM OF, INFORMATION RESOURCES, INC.

These cases came before the Court upon the Debtors' Notice of Agreed Order

Authorizing Assumption of InfoScan Agreement with, and Resolving Claim No. 11820 by,

Information Resources, Inc. (the "Notice of Agreed Order") filed by Winn-Dixie Stores, Inc.

("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered

cases, as debtors and debtors-in-possession (collectively, the "Debtors") relating to (i) the

Debtors' Fourth Omnibus Motion for Order Authorizing Assumption of Executory Contracts and

Unexpired Leases and Fixing Cure Amounts filed at Docket No. 10966 (the "Assumption

Motion")[1] seeking, inter alia, authorization and approval to assume that certain Contract for

InfoScan Services between Winn-Dixie Stores, Inc. ("Winn-Dixie") and Information Resources,

Inc. ("IRI") dated March 3, 2003 (the "InfoScan Agreement"), (ii) IRI's limited objection to the

Assumption Motion filed at Docket No. 11472 (the "Limited Objection"), (iii) the Debtors'

Fifteenth Omnibus Objection to (A) No Liability Claims, (B) Overstated Claims and (C)

Overstated Misclassified Claims filed at Docket No. 9494 (the "Claim Objection"), seeking, inter

alia, a reduction of IRI's Claim No. 11820 from $2,843,892.04 to $415,200.00, and (iv) IRI's

---

[1]     All capitalized terms not defined in this Agreed Order shall have the meanings ascribed to them in the Assumption Motion.

response to the Claim Objection filed at Docket No. 10232 (the "IRI Claim Response"). The Court finds that (i) the Notice of Agreed Order was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object within 20 days of the date of service and that (ii) no party filed an objection. The Court therefore considers the entry of this Agreed Order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1.      The Assumption Motion as it pertains to the InfoScan Agreement is granted and the Limited Objection is resolved as set forth below.

2.      The Debtors are authorized to assume the InfoScan Agreement as amended by the Letter of Commitment for Data Contract between Winn-Dixie and IRI dated November 22, 2005 (the "Letter Commitment") other than the condition in the Letter Commitment that the parties thereto execute a final contract (collectively with the InfoScan Agreement, the "Contract"), pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the later of the effective date of the Debtors' joint plan of reorganization and the date of entry of this Agreed Order (the "Effective Date"). The Debtors' assumption of the Contract as of, and upon the occurrence of, the Effective Date is approved.

3.      For purposes of 11 U.S.C. § 365(b)(1), there shall be no cure or compensation amounts owed by the Debtors with respect to the Contract and the cost of assumption shall be fixed at $0.00.

4.      IRI is deemed to have waived any and all rights it may have against the Debtors for cure or compensation under the Contract except for any postpetition performance becoming due under the Contract.

5.      The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to the Contract.

6.      The Claim Objection as it pertains to IRI's Claim No. 11820 and the IRI Claim Response are each resolved as set forth below.

7.      Claim No. 11820 is allowed as a prepetition non-priority unsecured claim in the reduced amount of $2,400,000.00 and shall be treated as a Class 14: Vendor/Supplier Claim under the Debtors' joint plan of reorganization.  The remaining balance of Claim No. 11820 is disallowed.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Agreed Order.

9.      The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Agreed Order.

10.      Notwithstanding any provisions to the contrary in the Federal Rules of Bankruptcy Procedure, including Rule 6006(d), this Agreed Order shall take effect immediately upon entry.

11.      In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, this Agreed Order shall be null and void.


Dated this _____ day of _____, 2006, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

## Consent

The undersigned parties consent to entry of the foregoing order.

WINN-DIXIE STORES, INC., ET AL.          INFORMATION RESOURCES, INC.


By    *s/ Rosalie Walker Gray*                    By    *s/ Joseph D. Frank* [*]
      Rosalie Walker Gray, Esq.                        Joseph D. Frank, Esq.

Skadden, Arps, Slate, Meagher & Flom LLP    Frank/Gecker LLP
Four Times Square                           325 North LaSalle Street, Suite 625
New York, New York 10036                    Chicago, Illinois 60610
(212) 735-3000                              (312) 276-1400
(212) 735-2000 (facsimile)                  (312) 276-0035 (facsimile)
rgray@skadden.com                           jfrank@fgllp.com

Co-Counsel to Winn-Dixie Stores, Inc. and   Counsel to Information Resources, Inc.
its subsidiaries and affiliates

* Counsel has authorized the use of his electronic signature.