Hearing Date: October 25, 2006, 9:00 a.m.
Objection Deadline: October 23, 2006, 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**DEBTORS' MOTION FOR ORDER APPROVING**
**NEGOTIATED ASSUMPTION OF AGREEMENT WITH GE CONSUMER PRODUCTS**

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 authorizing and approving the negotiated assumption of the Debtors' agreement with GE Consumer Products, a business of General Electric Company ("GE"), on the terms set forth below and providing related relief, effective (in accordance with the terms of the agreement) as of the later of the effective date of the Debtors' proposed joint plan of reorganization and the date of entry of the order approving this Motion (the "Effective Date") (the "Motion"). In support of the Motion, the Debtors state as follows:

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**Background**

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2.  The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.  On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.  On June 29, 2006, the Debtors filed a proposed Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as updated and refiled, the "Disclosure Statement"), together with a proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as updated and refiled, and as it may be modified, the "Plan"). The Disclosure Statement was approved by Order of the Court dated August 4, 2006. The hearing to consider confirmation of the Plan is scheduled to commence on October 13, 2006.

5. This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief requested by this Motion are Sections 105(a) and 365 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Relevant Facts

7. Winn-Dixie and GE are parties to a Program Agreement dated September 12, 2003 (the "Program Agreement"), as amended by an Agreement for Assumption of Services Agreement and Amendment to Agreement made and entered as of October 1, 2006 (the "Assumption Agreement" and, collectively with the Program Agreement, the "Contract"). Under the Contract, GE supplies the Debtors with various lighting products that are sold in the Debtors' stores.

8. The Debtors have negotiated with GE as to the terms pursuant to which the Contract will be assumed, including the payment of cure and the treatment of the GE's Claim No. 7385 related to the Contract (the "Claim"). Those negotiations have resulted in the following agreements with GE, subject to approval by the Court:

(a) The Debtors will assume the Contract under Section 365 of the Bankruptcy Code, subject to the terms of the Assumption Agreement and effective as of the Effective Date.[2]

(b) GE will facilitate assumption of the Contract by agreeing that, effective as of the Effective Date, the Claim (with a face amount of $630,461.28[3]) will be disallowed in its entirety.

---

[2] The Assumption Agreement includes confidential business terms related to the Contract, including payment terms. To preserve the confidentiality of these business terms, the Debtors have not attached a copy of the Assumption Agreement to this Motion. A copy of the Assumption Agreement has, however, been provided to the Official Committee of Unsecured Creditors.

[3] The Claim asserts a $338,969.58 general unsecured claim and a $291,491.70 unsecured priority claim.

(c)      GE will also facilitate assumption of the Contract by agreeing that, except as provided in subparagraph (d) below, (i) none of the Debtors will be required to pay any cure under Section 365(b)(1)(A) of the Bankruptcy Code and (ii) the requirements of Section 365(b)(1) of the Bankruptcy Code as they relate to any prepetition defaults under the Contract will be waived in full by the GE.

(d)      The waiver of cure payments and other concessions by GE described in subparagraphs (b) and (c) above will not negate the impact of assumption on any claims held by the Debtors against GE or otherwise expose GE to potential preference actions with respect to payments made on account of the Contract.  Upon assumption of the Contract, and notwithstanding the waiver of cure payments and other concessions described in subparagraphs (b) and (c) above, GE will be entitled to an administrative claim for cure in the event (albeit unlikely) that any amounts become owing to GE pursuant to Section 502(h) of the Bankruptcy Code for sums relating to the Contract that may be required to be paid pursuant to Section 550 of the Bankruptcy Code (the "Section 502(h) Claims").

(e)      In the event that the Effective Date does not occur, GE will be granted an allowed prepetition non-priority unsecured claim in the amount of $531,108.26 on account of the Claim, without prejudice to GE's right to seek allowance of the Claim in an increased amount or the Debtors' right to challenge the allowance of the Claim in any such increased amount.

(f)      The Debtors will continue to timely perform all postpetition obligations under the Contract until otherwise ordered by the Court.

## **Relief Requested**

9.      Pursuant to Sections 105(a) and 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules, the Debtors seek entry of an order (a) approving the assumption of the Contract on the terms set forth in this Motion, (b) fixing the cure amount for the Contract at $0.00, but preserving GE's cure rights with respect to any Section 502(h) Claims, (c) disallowing the Claim, in each case effective as of the Effective Date.

## **Basis for Relief**

10.      Under the Contract, GE supplies the Debtors with various lighting products that are sold in the Debtors' stores. The negotiated assumption of the Contract on the terms described in this Motion provide the Debtors with the best possible terms for assuming the Contract.

4

The Debtors will not have to pay any cure costs in connection with assuming the Contract. Moreover, upon the occurrence of the Effective Date, the Claim (with a face amount of over $600,000) will be disallowed in its entirety, thereby eliminating a liability of these estates. Although the Debtors have agreed to preserve cure with respect to any Section 502(h) Claims that may arise, that agreement merely reflects the legal effect of assumption and is necessary to ensure that GE is not prejudiced by its various concessions in favor of the Debtors. Based upon the foregoing, and after considering the matter, the Debtors have determined that assumption of the Contract is in the best interests of the Debtors and these estates.

## Applicable Authority

A.  Support for Negotiated Assumption

11. Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365. "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

12. A debtor's decision to assume or reject a contract or unexpired lease is subject to review under the business judgment standard. See Byrd v. Gardinier, Inc. (In re Gardinier), 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Orion Pictures Corp., 4 F.3d at 1098-99. Under this standard, the debtor's assumption of a contract or lease is appropriate if it will benefit the estate. See Westshire, Inc. v. Trident Shipworks, Inc., 247 B.R. 856 (M.D. Fla. 2000). Upon finding that a debtor has exercised its sound business judgment in determining that assumption of a particular executory contract is in the best interests of the debtor's estate, the bankruptcy court should approve

assumption under Section 365(a) of the Bankruptcy Code.  See In re Gucci, 193 B.R. 411, 415-17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"); Blue Cross Blue Shield of Conn. v. Gurski (In re Gurski), Nos. 94-51202 & 3:95CV1883, 1996 WL 684397, at *2 (D. Conn. Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial to the debtor such that the debtor could assume them under Section 365(a)).  In the case of assumption, "[t]he § 365 election permits a trustee to … continue performance on a contract which will benefit the estate."  In re Diamond Mfg. Co., 164 B.R. 189 (Bankr. S.D. Ga. 1994) (citing In re Brada Miller Freight Sys., Inc., 702 F.2d 890, 893-894 (11th Cir. 1983)).

    13. Based upon the foregoing, and in view of the efforts made by the Debtors to negotiate the effects of assumption in a manner favorable to their estates, the Debtors submit that assumption of the Contract on the terms described in this Motion is in the best interests of the Debtors and their creditors, and satisfies the business judgment standard.

B. Support for Cure with Respect to Section 502(h) Claims

    14. It is black-letter law that assumption of a contract precludes recovery as a preference of monies paid under the contract.  3 Collier on Bankruptcy 365.05[3][d] (15th ed. rev. 2005) ("[A]ny prepetition payment under a contract that is later assumed is not avoidable as a preference. . . ."). To the Debtors' knowledge, every court that has examined this issue, including the Third, Seventh, and Ninth Circuit Courts of Appeals, has reached this conclusion.  See Kimmelman v. Port Authority of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.), 344 F.3d 311 (3d Cir. 2003); In re Superior Toy & Mfg. Co., 78 F.3d 1169 (7th Cir. 1996); Alvarado v. Walsh (In re LCO Enters.), 12 F.3d 938 (9th Cir. 1993); In re Greater Se. Comm. Hosp. Corp., 327 B.R. 26 (Bankr. D.D.C. 2005); Philip Servs. Corp. v. Luntz (In re Philip Servs (Del.), Inc., 284 B.R. 541 (Bankr. D.

6

Del. 2002); MMR Holding Corp. v. C & C Consultants, Inc., (In re MMR Holding Corp.), 203 B.R. 605 (Bankr. M.D. La. 1996); Phoenix Rest. Group, Inc. v. Denny's Corp. (In re Phoenix Rest. Group, Inc.), 2005 WL 114327 (Bankr. M.D. Tenn. Jan. 10, 2005); see also Seidle v. GATX Leasing Corp., 778 F.2d 659 (11th Cir. 1985) (holding that trustee was not entitled to recover payments made pursuant to an executed stipulation that required cure of defaults).

15. Consistent with the case law, the Debtors' assumption of the Contract will preclude the Debtors or any other party from recovering any payments made on the Contract as preferences or from otherwise recovering such sums pursuant to Section 550 of the Bankruptcy Code. The waiver of the cure payments and other concessions described above should not effect this preclusion, and the agreed preservation of cure with respect to any Section 502(h) Claims ensures that it will not. Thus, in the event of any attempt by a party in interest to argue that the waiver of cure payments (other than the Section 502(h) Claims) operates to negate the effect of assumption on potential preferences, GE will have the right to assert all available defenses to such claims, including, without limitation, to have any such cases dismissed based on black-letter bankruptcy law and to be paid any resulting Section 502(h) Claims in full in accordance with the terms of the assumption of the Contract.

**Notice**

16. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) GE. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit A (a) approving the assumption

of the Contract on the terms set forth in this Motion, (b) fixing the cure amount for the Contract at $0.00, but preserving GE's cure rights with respect to any Section 502(h) Claims, and (c) disallowing the Claim, in each case effective as of the Effective Date and (ii) grant such other and further relief as the Court deems just and proper.

Dated: October 12, 2006.

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ D. J. Baker*<br>    D. J. Baker<br>    Sally McDonald Henry<br>    Rosalie Walker Gray<br>    David M. Turetsky<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By   *s/ Cynthia C. Jackson*<br>    Stephen D. Busey<br>    James H. Post<br>    Cynthia C. Jackson,<br>    Florida Bar Number 498882<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Counsel for the Debtors | Co-Counsel for the Debtors |

**Exhibit A**

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## ORDER APPROVING NEGOTIATED ASSUMPTION
## OF AGREEMENT WITH GE CONSUMER PRODUCTS

These cases came before the Court for hearing on October 25, 2006, upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the negotiated assumption of a Program Agreement between Winn-Dixie (the "Program Agreement"), as amended by an Agreement for Assumption of Services Agreement and Amendment to Agreement dated October 5, 2006 (collectively with the Program Agreement, the "Contract"), on the terms set forth in this Motion and in the Assumption Agreement, (b) fixing the cure amount for the Contract at $0.00, but preserving cure rights with respect to any amounts becoming owed to GE pursuant to 11 U.S.C. § 502(h) for sums relating to the Contract that may be required to be paid pursuant to 11 U.S.C. § 550 (the "Section 502(h) Claims"), and (c) disallowing GE's Claim No. 7385 related to the Contract, effective as of the later of the effective date of the Debtors' proposed joint plan of reorganization and the date of entry of this Order (the "Effective Date") (the "Motion").[1] Parties were given until October 23, 2006 to object to the Motion. Upon consideration, it is

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to assume the Contract on the terms set forth in the Motion pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the Effective Date. The Debtors' assumption of the Contract as of, and upon the occurrence of, the Effective Date is approved.

3. For purposes of 11 U.S.C. § 365(b)(1), there shall be no cure or compensation amounts owed by the Debtors with respect to the Contract and the cost of assumption shall be fixed at $0.00.

4. GE is deemed to have waived any and all rights it may have against the Debtors for cure or compensation under the Contract except for any postpetition performance due or becoming due under the Contract. As a consequence of such waiver, and notwithstanding the assumption of the Contract, but subject to the other provisions of this Order, the Debtors shall not be required to pay Claim No. 7385 as cure under Section 365(b)(1)(A) of the Bankruptcy Code.

5. As of, and solely upon the occurrence of, the Effective Date, Claim No. 7385 shall be disallowed in its entirety.

6. The waiver of cure payments and other concessions by GE will not negate the impact of assumption on any claims held by the Debtors against GE or otherwise expose GE to potential preference actions with respect to payments made on account of the Contract. Upon assumption of the Contract, and notwithstanding the waiver of cure payments and other concessions, GE will be entitled to an administrative claim with respect to any Section 502(h) Claims.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

9. In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, paragraphs 1 through 7 of this Order shall be null and void.

10. In the event that the Effective Date does not occur, GE shall be granted an allowed prepetition non-priority unsecured claim in the amount of $531,108.26 on account of Claim No. 7385, without prejudice to GE's right to seek allowance of No. 7385 in an increased amount or the Debtors' right to challenge the allowance of No. 7385 in such an increased amount.

11. Notwithstanding any provisions to the contrary in the Federal Rules of Bankruptcy Procedure, including Rule 6006(d), this Order shall take effect immediately upon entry.

Dated October ___, 2006 in Jacksonville, Florida.

                                                      Jerry A. Funk
                                                     United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.