**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) ) | Jointly Administered |

**DEBTORS' NOTICE OF AGREED ORDER AUTHORIZING ASSUMPTION
OF AGREEMENTS WITH CONNECTICUT GENERAL LIFE INSURANCE
COMPANIES AND RELATED CIGNA ENTITIES**

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, and (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors"), pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and Local Rule 2002-4 give notice of the proposed entry of the attached Agreed Order authorizing and approving the assumption of contracts between the Debtors and Connecticut

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

General Life Insurance Company and related CIGNA entities (collectively "CIGNA") pursuant to the Debtors' Second Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts filed at Docket No. 9897 (the "Assumption Motion") and resolving CIGNA's objection to the Assumption Motion filed at Docket No. 10355.

If no objection to the Agreed Order is filed and served within the time as set forth above, the Court will be requested to enter the Agreed Order without further notice or hearing.

Dated: October 12, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ D. J. Baker*   <br>     D. J. Baker<br>     Sally McDonald Henry<br>     Rosalie Walker Gray<br>     David M. Turetsky<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By   *s/ James H. Post*   <br>     Stephen D. Busey<br>     James H. Post<br>     Cynthia C. Jackson,<br>      Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

**Exhibit A**

Case 3:05-bk-03817-JAF    Doc 11837    Filed 10/12/06    Page 3 of 7

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**AGREED ORDER AUTHORIZING ASSUMPTION OF AGREEMENTS WITH
CONNECTICUT GENERAL LIFE INSURANCE COMPANIES
AND RELATED CIGNA ENTITIES**

These cases came before the Court upon (i) the Debtors' Second Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts filed by Winn-Dixie Stores, Inc. and its debtor subsidiaries and affiliates (the "Debtors") at Docket No. 9897 (the "Assumption Motion")[1] seeking, inter alia, authorization and approval to assume executory contracts between the Debtors and Connecticut General Life Insurance Company and related CIGNA entities (collectively "CIGNA"), which contracts are designated as "Pharmacy Third Party Insurance/CIGNA/Prescription Benefits Contract" on page 2 of Exhibit A to the Assumption Motion and "Pharmacy Third Party Insurance/RX Prime/Prescription Benefits Contract" on page 13 of Exhibit A to the Assumption Motion (jointly, the "CIGNA Contracts"), (ii) CIGNA's objection to the Assumption Motion as it pertains to the CIGNA Contracts filed at Docket No. 10355 (the "CIGNA Objection"), and (iii) the notice by the Debtors of an Agreed Order granting the Assumption Motion as it pertains to the CIGNA Contracts and resolving the CIGNA Objection.  The Court finds that (i) notice of the proposed Agreed Order was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to

object within 20 days of the date of service and that (ii) no party filed an objection. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1. The Assumption Motion as it pertains to the CIGNA Contracts is granted and the CIGNA Objection is resolved as set forth in this Order.

2. The CIGNA Contracts are assumed pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the later of the effective date of the Debtors' joint plan of reorganization and the date of entry of this Order (the "Effective Date"). The Debtors' assumption of the CIGNA Contracts as of, and upon the occurrence of, the Effective Date is approved.

3. In lieu of any cure that may be due under the CIGNA Contracts pursuant to 11 U.S.C. § 365(b)(1), the Debtors and CIGNA shall timely perform all of their past due (if any), current, and future obligations in accordance with the terms of the CIGNA Contracts, including making any payments to the extent required by the CIGNA Contracts. Consistent with the foregoing, neither the Debtors nor CIGNA waive or acknowledge the existence of any defaults under the CIGNA Contracts. Both parties agree that any disputes concerning defaults existing prior to the Effective Date shall be resolved in accordance with the CIGNA Contracts and applicable state law and that such disputes shall not impact the validity of the Debtors' assumption of the CIGNA Contracts. .

---

[1] All capitalized terms not defined in this Agreed Order shall have the meanings ascribed to them in the Assumption Motion.

2

4.	The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Agreed Order.

5.	The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Agreed Order.

6.	Notwithstanding any provisions to the contrary in the Federal Rules of Bankruptcy Procedure, including Rule 6006(d), this Order shall take effect immediately upon entry.

7.	In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, this Agreed Order shall be null and void.

Dated this _____ day of _____, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

**Consent**

The undersigned parties consent to entry of the foregoing order.

| | |
|---|---|
| WINN-DIXIE STORES, INC., ET AL. | CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND RELATED CIGNA ENTITIES |
| By  *s/ Rosalie Walker Gray*<br>     Rosalie Walker Gray, Esq. | By  *s/ Christina M. Thompson* [*]<br>     Christina M. Thompson, Esq. |
| Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>rgray@skadden.com | Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 N. Orange Street<br>P.O. Box 2207<br>Wilmington, Delaware 19899 (courier 19801)<br>(302) 658-9141<br>(302) 658-0380 (facsimile) |
| Co-Counsel to Winn-Dixie Stores, Inc. and its subsidiaries and affiliates | Counsel to Connecticut General Life Insurance Company and related CIGNA entities |

\* Counsel has authorized the use of her electronic signature.