# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' MOTION FOR ORDER APPROVING STIPULATION AND ASSUMPTION OF LEASES BETWEEN DEBTORS AND CITICORP VENDOR FINANCE, INC.

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, and (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors"),

pursuant to Rules 2002 and 6006 of the Federal Rules of Bankruptcy Procedure and

Sections 105 and 365 of the Bankruptcy Code move the Court for the entry of an

order approving the Stipulation Between Debtors and Citicorp Vendor Finance, Inc.

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Regarding Assumption of Copier Leases (the "Stipulation") attached as Exhibit A and

approving the related assumption of the "Leases" as defined in the Stipulation.

      If no objection to the Stipulation is filed and served within the time as set forth

above, the Court will be requested to enter an order in the form attached as Exhibit B

without further notice or hearing.

Dated: October 12, 2006

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By    *s/ D. J. Baker*    | By    *s/ James H. Post*    |
|     D. J. Baker |     Stephen D. Busey |
|     Sally McDonald Henry |     James H. Post |
|     Rosalie Walker Gray |     Cynthia C. Jackson, |
|     David M. Turetsky |      Florida Bar Number 175460 |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida 32202 |
| (212) 735-3000 | (904) 359-7700 |
| (212) 735-2000 (facsimile) | (904) 359-7708 (facsimile) |
| djbaker@skadden.com | jpost@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

```
-----------------------------------------------------x
                                        :
In re:                                  :       Chapter 11
                                        :
WINN-DIXIE STORES, INC., et al.,        :       Case No. 05-03817-3F1
                                        :
             Debtors.                   :
                                        :       Jointly Administered
--------------------------------------------------- :
```

**STIPULATION BETWEEN DEBTORS AND CITICORP VENDOR FINANCE, INC.**
**REGARDING ASSUMPTION OF COPIER LEASES**

This Stipulation (the "Stipulation") is made and entered into as of the date set forth below by and among Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates as debtors and debtors in possession in the above-styled jointly administered bankruptcy cases (the "Debtors") and Citicorp Vendor Finance, Inc. as assignee of Gulf Coast Office Products ("Citicorp"):

WHEREAS, Winn-Dixie and Citicorp are parties to the following agreements: (a) the Equipment Lease Agreement dated January 27, 2005 and (b) the Cost per Copy Rental Agreement dated April 7, 2004 as amended (together, the "Leases"); and

WHEREAS, pursuant to the Leases, Citicorp leases to the Debtors copier equipment (the "Equipment") used in the Debtors' everyday business; and

WHEREAS, on February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"); and

WHEREAS, on August 30, 2006, the Debtors filed at Docket No. 10693 a motion with the United States Bankruptcy Court for the Middle District of Florida (the "Court") seeking

authorization to reject the Leases, among others, as of September 21, 2006; and

WHEREAS, on September 21, 2006, the Court entered at Docket No. 11220 an order authorizing and approving the rejection of the Leases, among others, as of September 21, 2006 (the "Rejection Order"); and

WHEREAS, in light of the continued use of the Equipment by the Debtors during their everyday business operations and the Debtors' desire to continue using the Equipment, the Debtors believe that the inclusion of the Leases in the Motion and, by extension the Rejection Order, was in error; and

WHEREAS, each of the Debtors and Citicorp believe it is their respective best interests for the Rejection Order to be vacated as it pertains to the Leases and for the Leases to be assumed by the Debtors pursuant to Section 365 of the Bankruptcy Code subject to the occurrence of, and effective as of, the later of the effective date of the Debtors' joint plan of reorganization and the entry of and order approving this Stipulation (the "Effective Date"); and

WHEREAS, the parties agree that the Debtors would not be required to pay any cure cost in connection with assuming the Leases; and

WHEREAS, Citicorp filed Claim Nos. 484 (in the amount $42,451.55) and 6171 (in the amount of $9,343.59) (collectively, the "Claims") as anticipatory rejection damage claims relating to the Leases; and

WHEREAS, the Debtors and Citicorp wish to resolve all issues relating to the Leases and the related Claims on mutually agreeable terms;

NOW THEREFORE, the parties hereby stipulate and agree as follows:

1.      Upon entry of an order by the Court approving this Stipulation, the Rejection Order as it pertains to the Leases shall be vacated and the entries for the Leases on page 2 of Exhibit A to

the Rejection Order shall be deemed deleted in their entirety.

2.      Except as it pertains to the Leases and as described above, the Rejection Order shall remain unchanged and in full force and effect.

3.      Upon entry of an Order by the Court approving this Stipulation, the assumption of the Leases shall be authorized and approved subject to the occurrence of, and effective as of, the Effective Date.

4.      For purposes of Section 365(b)(1) of the Bankruptcy Code, there shall be no cure or compensation amounts owed by the Debtors with respect to the Leases and the cost of assumption shall be fixed at $0.00.  Citicorp is deemed to have waived any and all rights it may have against the Debtors for cure or compensation under the Leases except for any postpetition obligations becoming due under the Leases or any obligations that accrue post-Effective Date under the Leases.

5.      Upon entry of an Order by the Court approving this Stipulation, and subject to the occurrence of the Effective Date, Claim Nos. 484 and 6171 shall be disallowed in their entirety and expunged.

6.      Upon entry of an order approving this Stipulation, all claims related to the Leases as between the Debtors and Citicorp are resolved other than the claims arising out of the post-petition services by Citicorp to the Debtors and postpetition post-Effective Date obligations of the Debtors under the Leases..

7.      The provisions of this Stipulation are mutually interdependent, indivisible, and non-severable.

8.      Notwithstanding anything to the contrary, the effectiveness of this Stipulation shall be subject to and contingent upon approval by the Court.

9.      Each signatory to this Stipulation expressly warrants and represents that he or she

- 3 -

has full authority to bind the party on whose behalf said signatory is executing this Stipulation. This Stipulation will be binding upon and inure to the benefit of the successors and assigns of the parties to the Stipulation.

10.     This Stipulation may be executed in several counterparts and/or by facsimile or pdf signature, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument.

11.     The parties to this Stipulation shall execute and deliver any and all additional documents and do any and all things reasonably necessary to carry out the intent of the parties pursuant to this Stipulation.

Dated:  October 12, 2006

WINN-DIXIE STORES, INC., ET AL.          CITICORP VENDOR FINANCE, INC.


By _____s/ Rosalie Walker Gray_____     By _____s/ Leslie Ann Berkoff   *_____
        Rosalie Walker Gray, Esq.                    Leslie Ann Berkoff, Esq.

Skadden, Arps, Slate, Meagher & Flom LLP     Moritt Hock Hamroff & Horowitz LLP
Four Times Square                            400 Garden City Plaza
New York, New York 10036                     Garden City, NY 11530
(212) 735-3000                               (516) 873-2000
(212) 735-2000 (facsimile)                   516-873-2010 (facsimile)
rgray@skadden.com                            lberkoff@moritthock.com

Co-Counsel to Winn-Dixie Stores, Inc. and   Counsel to Citicorp Vendor Finance, Inc.
its subsidiaries and affiliates

* Counsel has authorized the use of her electronic signature.

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING DEBTORS' MOTION TO APPROVE STIPULATION AND**
**ASSUMPTION OF LEASES BETWEEN DEBTORS AND**
**CITICORP VENDOR FINANCE, INC.**

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its debtor affiliates (collectively, the "Debtors") for an order approving (a) a stipulation (the "Stipulation") with Citicorp Vendor Finance, Inc. as successor to Gulf Coast Office Products ("Citicorp") and (b) the related assumption of the Equipment Lease Agreement between Winn-Dixie and Citicorp dated January 27, 2005, and the Cost per Copy Rental Agreement between Winn-Dixie and Citicorp dated April 7, 2004 as amended (collectively, the "Leases") (the "Motion").[1]  The Court finds that (i) the Motion was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 20 days of the date of service, and (ii) no party filed an objection.  The Court therefore considers the entry of this order unopposed.  Accordingly, it is

ORDERED AND ADJUDGED:

1.     The Motion is granted.

---

[1]      All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Stipulation.

2.      The Stipulation between the Debtors and Citicorp attached to the Motion is approved.

3.      The Court's order entered at Docket No. 11220 authorizing and approving the rejection of the Leases, among others, as of September 21, 2006 (the "Rejection Order") as it pertains to the Leases is vacated and the entries for the Leases on page 2 of Exhibit A to the Rejection Order are deemed deleted in their entirety.

4.      Except as it pertains to the Leases and as described above, the Rejection Order shall remain unchanged and in full force and effect.

5.      The assumption of the Leases is authorized and approved subject to the occurrence of, and effective as of, the later of the effective date of the Debtors' joint plan of reorganization and the entry of and order approving this Stipulation (the "Effective Date").

6.      For purposes of Section 365(b)(1) of the Bankruptcy Code, there shall be no cure or compensation amounts owed by the Debtors with respect to the Leases and the cost of assumption is fixed at $0.00.  Citicorp is deemed to have waived any and all rights it may have against the Debtors for cure or compensation under the Leases except for any postpetition obligations becoming due under the Leases or any obligations that accrue post-Effective Date under the Leases..

7.      Subject to the occurrence of the Effective Date, Claim Nos. 484 and 6171 are disallowed in their entirety and expunged.

8.      All claims related to the Leases as between the Debtors and Citicorp are resolved other than the claims arising out of the postpetition services by Citicorp to the Debtors and postpetition and post-Effective Date obligations of the Debtors under the Leases.

2

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10.     The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

11.     In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, this Agreed Order shall be null and void.


Dated this ____ day of _____, 2006, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge