Hearing Date: October 25, 2006, 9:00 a.m.
Objection Deadline: October 23, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' MOTION FOR ORDER AUTHORIZING ASSUMPTION OF MODIFIED SUPPLY & SERVICE AGREEMENT WITH ANDERSON NEWS, L.L.C.

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 authorizing and approving the assumption of a prepetition contract with Anderson News, L.L.C. ("Anderson") on modified terms negotiated with and agreed to by Anderson, as more particularly described below (the "Motion"). In support of this Motion, the Debtors state as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace"

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      On June 29, 2006, the Debtors filed a proposed Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors  (as updated and refiled, the "Disclosure Statement"), together with a proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as updated and refiled, and as it may be modified, the "Plan").  The Disclosure Statement was approved by Order of the Court dated August 4, 2006.  The hearing to consider confirmation of the Plan is scheduled to commence on October 13, 2006.

5.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.      The statutory predicates for the relief requested by this Motion are Sections 105(a) and 365 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

7.      By this Motion, the Debtors seek an order of the Court, pursuant to Sections 105(a) and 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules,

2

approving the assumption of the Supply & Service Agreement dated as of July 29, 2004 (the

"Agreement"), as modified by the Agreement for the Amendment and Assumption of the July 29,

2004 Supply & Service Agreement dated as of October 12, 2006 (the "Amendment") (the

Agreement as modified by the Amendment, the "Modified Agreement"), both entered into by and

between Winn-Dixie and Anderson, with such assumption to be effective as of the later of the

effective date of the Plan and the date of entry of the order approving this Motion (the "Effective

Date").

## Basis for Relief

8.      As part of their full-service grocery operations, the Debtors must provide

magazines and books for purchase by their customers.  Under the Agreement, Anderson has

served as the exclusive provider of magazines and books (the "Merchandise") to the Debtors'

stores.  As such, in accordance with the terms of the Agreement, Anderson is responsible for

delivering and exhibiting all Merchandise, as well as removing all Merchandise once outdated.

The Agreement runs for a term of three years from September 29, 2004, but after October 1,

2005 it is subject to termination by either party upon 90 days written notice.

9.      The Debtors desire to continue their relationship with Anderson on the

terms set forth in the Agreement, as modified by the Amendment.  The Amendment adjusts the

payment, return, in-store service, indemnification and termination provisions of the Agreement

on terms that the parties have determined to be necessary to a continuing relationship.  As there

is no cure owed in connection with the assumption,[2] the assumption does not expose the Debtors'

estates to costs that are disproportionate to the benefits of a continuing relationship under the

---

[2]      Under the Amendment, Anderson and Winn-Dixie agree that all pre-petition defaults, if any, under the
Contract have been waived, and that neither is obligated to the other except for any post-petition obligations.  The
resolution of claims by and between Anderson and Winn-Dixie is evidenced in the Stipulation Resolving Claim of
Anderson News, L.L.C., which was approved by the Order Granting Debtors' Motion to Approve Stipulation
Resolving Claim of Anderson News L.L.C. dated October 3, 2006 (Docket No. 11578).

terms of the Amendment. Moreover, the Modified Agreement will retain the 90-day right of termination, so the Debtors will have flexibility going forward to reassess their needs with respect to the Merchandise and associated services.

10.     By the terms of the Amendment, Anderson has agreed to support this Motion, although Anderson has reserved the right, in the event this Motion is not approved, or the Plan does not become effective, to contend that the Agreement is not capable of being assumed as it, in Anderson's view, a contract to make a loan. In such event, the Debtors would disagree with that contention as the Agreement is, in their view, simply a contract to supply goods and services, and their rights to challenge that contention are fully preserved.

### Applicable Authority

11.     Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365. "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

12.     A debtor's decision to assume or reject a contract or unexpired lease is subject to review under the business judgment standard. See Byrd v. Gardinier, Inc. (In re Gardinier), 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Orion Pictures Corp., 4 F.3d at 1098-99. Under this standard, the debtor's assumption of a contract or lease is appropriate if it will benefit the estate. See Westshire, Inc. v. Trident Shipworks, Inc., 247 B.R. 856 (M.D. Fla. 2000). Upon finding that a debtor has exercised its sound business judgment in determining that assumption of

4

a particular executory contract is in the best interests of the debtor's estate, the bankruptcy court

should approve assumption under Section 365(a) of the Bankruptcy Code. See In re Gucci, 193

B.R. 411, 415-17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of

executory contract upon determining that assumption "was in the best interest of the estate");

Blue Cross Blue Shield of Conn. v. Gurski (In re Gurski), Nos. 94-51202 & 3:95CV1883, 1996

WL 684397, at *2 (D. Conn. Jan. 25, 1996) (affirming bankruptcy court's determination that

executory contracts were beneficial to the debtor such that the debtor could assume them under

Section 365(a)). In the case of assumption, "[t]he § 365 election permits a trustee to … continue

performance on a contract which will benefit the estate." In re Diamond Mfg. Co., 164 B.R. 189

(Bankr. S.D. Ga. 1994) (citing In re Brada Miller Freight Sys., Inc., 702 F.2d 890, 893-894 (11th

Cir. 1983)).

13.    The Debtors respectfully submit that, as described in paragraphs 8 and 9

above, they have satisfied the business judgment standard for assuming the Modified Agreement.

### Notice

14.    Notice of this Motion has been provided to (a) counsel to the Office of the

United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for

the Creditors Committee, (d) the other parties in interest named on the Master Service List

maintained in these cases, and (e) counsel for Anderson.  No other or further notice need be

given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit A authorizing and approving the assumption of the Modified Agreement effective as of Effective Date and (ii) grant such other and further relief as the Court deems just and proper.

Dated:  October 12, 2006.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

SMITH HULSEY & BUSEY

By      s/ D. J. Baker
      D. J. Baker
      Sally McDonald Henry
      Rosalie Walker Gray
      David M. Turetsky
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

By      s/ Cynthia C. Jackson
      Stephen D. Busey
      James H. Post
      Cynthia C. Jackson,
      Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for the Debtors

Co-Counsel for the Debtors

**<u>Exhibit A</u>**

**ORDER APPROVING ASSUMPTION OF
MODIFIED SUPPLY & SERVICE AGREEMENT WITH ANDERSON NEWS, L.L.C.**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et</u> <u>al.</u>, | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER APPROVING ASSUMPTION OF**
**MODIFIED SUPPLY & SERVICE AGREEMENT WITH ANDERSON NEWS, L.L.C.**

These cases came before the Court for hearing on October 25, 2006, upon the

motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and

affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order

under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 approving the assumption of the

Supply & Service Agreement dated as of July 29, 2004 (the "Agreement"), as modified by the

Agreement for the Amendment and Assumption of the July 29, 2004 Supply & Service

Agreement dated as of October 12, 2006 (the "Amendment") (the Agreement as modified by the

Amendment, the "Modified Agreement"), both entered into by and between Winn-Dixie and

Anderson News, L.L.C. ("Anderson") (the "Motion").[1]  The Court has read the Motion and

considered the representations of counsel.  Based upon the representations of counsel and

without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The Modified Agreement is assumed under 11 U.S.C. § 365(a), effective

as of the later of the effective date of the Debtors' joint plan of reorganization and the date of

entry of this Order.

---

[1]      All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

3.      No cure is owed by Winn-Dixie and, by agreement with Anderson, all applicable requirements of 11 U.S.C. § 365(b) are satisfied or waived.

4.      Notwithstanding any provisions to the contrary in Fed. R. Bankr. P. 6006, this Order shall take effect immediately upon entry.

Dated _____, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.