Hearing Date: October 25, 2006, 9:00 a.m.
Objection Deadline: October 23, 2006, 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                              ) Case No. 05-03817-3F1
                                                    )
WINN-DIXIE STORES, INC., et al.,                    ) Chapter 11
                                                    )
Debtors.[1]                                         ) Jointly Administered
                                                    )

**DEBTORS' MOTION FOR ORDER APPROVING
NEGOTIATED ASSUMPTIONS OF AGREEMENTS WITH ORACLE USA, INC.**

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 authorizing and approving the negotiated assumption of the Debtors' agreements with Oracle USA, Inc. ("Oracle") on the terms set forth below and providing related relief, effective as of the later of the effective date of the Debtors' proposed joint plan of reorganization and the date of entry of the order approving this Motion (the "Effective Date") (the "Motion"). In support of the Motion, the Debtors state as follows:

**Background**

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4. On June 29, 2006, the Debtors filed a proposed Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as updated and refiled, the "Disclosure Statement"), together with a proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as updated and refiled, and as it may be modified, the "Plan"). The Disclosure Statement was approved by Order of the Court dated August 4, 2006. The hearing to consider confirmation of the Plan is scheduled to commence on October 13, 2006.

5. This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief requested by this Motion are Sections 105(a) and 365 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relevant Facts**

7. Winn-Dixie and Oracle are parties to the following contracts under which Oracle – either as the original contract party or as successor to PeopleSoft, Inc. or related PeopleSoft entities ("PeopleSoft") – provides software license and support services and database services to the Debtors (collectively, the "Oracle Contracts"):

(a) Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of December 19, 1997 and related Software Support Services Terms and Conditions as amended by Amendment to the Software License and Services Agreement between Winn-Dixie and PeopleSoft entered into as of September 3, 1998;

(b) Installment Payment Agreement between Winn-Dixie and PeopleSoft made as of December 19, 1997;

(c) Schedule One to the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of December 19, 1997;

(d) Schedule Two to the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of December 19, 1997;

(e) Schedule Three to the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of December 28, 1999;

(f) Schedule Four to the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of December 28, 1999;

(g) Schedule to the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of June 26, 2002;

(h) Schedule to the Software License and Services Agreement (Enterprise Pricing) between Winn-Dixie and PeopleSoft made as of September 24, 2004; and

(i) Oracle License and Services Agreement V021402, effective as of May 23, 2002, inclusive of Amendments set forth in Ordering Document.

8. The Oracle Contracts are essential to the Debtors' ongoing operations. The Oracle Contracts between Winn-Dixie and Oracle as successor to PeopleSoft relate to financial software and are necessary to enable the Debtors to do accounting, purchasing, or financials. The Oracle Contracts between Winn-Dixie and Oracle as an original Contract party provide a critical database function and ongoing support and maintenance vital to the Debtors' IT structure. Based upon the importance of the Oracle Contracts to the Debtors' businesses, assumption of the Oracle Contracts is in the best interests of the Debtors and these estates.

9. The Debtors have previously filed Motions seeking to assume several of the Oracle Contracts. On August 4, 2006, the Debtors filed at Docket No. 9897 the Debtors' Second Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts (the "Second Assumption Motion"), seeking **inter alia** to assume three of the Oracle Contracts. See Exhibit A to Second Assumption Motion, at 10, 11. An order granting the Second Assumption Motion was entered at Docket No. 10542 on August 24, 2006 (the "Second Assumption Order"). Thereafter, on September 15, 2006, the Debtors filed at Docket No. 10966 the Debtors' Fourth Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts (the "Fourth Assumption Motion"), seeking to assume two of the Oracle Contracts. See Exhibit A to Fourth Assumption Motion, at 4. On September 28, 2006, Oracle filed at Docket No. 11492 an objection to the Fourth Assumption Motion as it pertained to any contract with Oracle (the "Oracle Objection"). As part of the Oracle Objection, Oracle argued that (a) the descriptions of the Oracle Contracts in the Fourth Assumption Motion were vague and did not provide Oracle with sufficient information to identify which of the Oracle Contracts the Debtors sought to assume and (b) the $0.00 cure proposed by the Debtors was incorrect because the Debtors allegedly owed Oracle $334,638. The hearing on the Fourth Assumption Motion was (and

4

remains) continued as it pertained to the Oracle Contracts listed so as to give the parties an opportunity to resolve their differences.

10.     The Debtors and Oracle have engaged in negotiations in an attempt to resolve the issues between them.  During the course of these negotiations, Oracle indicated to the Debtors that it not only had concerns about the Debtors' attempted assumption of Oracle Contracts as part of the Fourth Assumption Motion but also about the Debtors' assumption of Oracle Contracts as part of the Second Assumption Motion and Assumption Order.  Oracle indicated that the descriptions of the Oracle Contracts listed in the Second Assumption Motion and the Second Assumption Order were incomplete and did not provide Oracle with sufficient information to identify which Oracle Contracts the Debtors sought to assume.[2]

11.     As part of a global resolution of its issues with Oracle, and for the purpose of providing clarity to Oracle and the Debtors regarding the Oracle Contracts being assumed, the Debtors have filed this Motion seeking to assume the Oracle Contracts on the negotiated terms described below.  This Motion supersedes all prior pleadings in which the Debtors have sought to assume any of the Oracle Contracts.  The negotiations between the Debtors and Oracle have resulted in the following agreements among the parties, subject to approval by the Court:

(a)     The Debtors will assume the Oracle Contracts (including any amendments) under Section 365 of the Bankruptcy Code effective as of the Effective Date.

(b)     Oracle's Claim No. 4068 will be allowed in the total amount of $38,008.00 to be paid as cure on or as soon as is practicable after the Effective Date (the "Cure").  In the event that the Effective Date does not occur, the $38,008.00 allowed amount of Oracle's Claim No. 4068 will be treated as a prepetition non-priority unsecured claim.

(c)     The Debtors' cure obligations with respect to the Oracle Contracts will be limited to the payment of the Cure, with Oracle waiving any additional requirements under Section 365(b)(1) of the Bankruptcy Code as it relates to any prepetition default under the Oracle Contracts.

---

[2]     Oracle's counsel also alleged that it had not received notice of the Second Assumption Motion.

(d)     The Debtors will continue to timely perform all postpetition obligations under the Oracle Contracts until otherwise ordered by the Court, including specifically but not limited to, payment of Invoices Nos. 4068533 and 40685514 due, respectively, on October 13 and 14, 2006.[3]

(e)     Upon the entry of an order by the Court approving this Motion, the Debtors will be deemed to have withdrawn the Second Assumption Motion as it pertains to any of the Oracle Contracts and the Fourth Assumption Motion as it pertains to any of the Oracle Contracts.

(f)     Upon entry of an order by the Court approving this Motion, the Oracle Objection will be deemed withdrawn.

(g)     The order approving this Motion will supersede the Second Assumption Order as it pertains to any of the Oracle Contracts.

(h)     Upon the entry of an order by the Court approving this Motion, the Debtors' Fifteenth Omnibus Objection to (A) No Liability Claims, (B) Overstated Claims, and (C) Overstated Misclassified Claims (the "Fifteenth Objection") as it pertains to Oracle's Claim No. 4068 (which portion of the objection remains pending before the Court), will be deemed withdrawn.

## Relief Requested

12.     Pursuant to Sections 105(a) and 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules, the Debtors seek entry of an order (a) approving the assumption of the Oracle Contracts on the terms set forth in this Motion, (b) fixing $38,008.00 as the cure amount for the Oracle Contracts, (c) deeming withdrawn (i) the Second Assumption Motion as it pertains to any of the Oracle Contracts, (ii) the Fourth Assumption Motion as it pertains to any of the Oracle Contracts, (iii) the Oracle Objection, and (iv) the Fifteenth Objection as it pertains to Oracle's Claim No. 4068, and (d) deeming superseded the Second Assumption Order as it pertains to any of the Oracle Contracts.

---

[3]     These invoices were among the bases upon which the Oracle Objection alleged that the Debtors' proposed cure with respect to the Oracle Contracts included in the Fourth Assumption Motion was incorrect.

**Basis for Relief**

13.     Under the Oracle Contracts, Oracle provides the Debtors with software license and support services and database services that are vital to the conduct of the Debtors' businesses. The assumption of the Oracle Contracts is therefore in the best interests of the Debtors and their estates. Moreover, the relief sought by this Motion offers additional benefits by (a) resolving the open contract and claim issues between the parties and (b) providing clarity between and among the Debtors and Oracle with respect to the Oracle Contracts that are being assumed. Based upon the foregoing, and after considering the matter, the Debtors have determined that assumption of the Oracle Contracts on the terms described in this Motion is in the best interests of the Debtors and these estates.

**Applicable Authority**

14.     Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365. "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

15.     A debtor's decision to assume or reject a contract or unexpired lease is subject to review under the business judgment standard. See Byrd v. Gardinier, Inc. (In re Gardinier), 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Orion Pictures Corp., 4 F.3d at 1098-99. Under this standard, the debtor's assumption of a contract or lease is appropriate if it will benefit the estate. See Westshire, Inc. v. Trident Shipworks, Inc., 247 B.R. 856 (M.D. Fla. 2000). Upon finding that a debtor has exercised its sound business judgment in determining that assumption of a particular

7

executory contract is in the best interests of the debtor's estate, the bankruptcy court should approve assumption under Section 365(a) of the Bankruptcy Code. See In re Gucci, 193 B.R. 411, 415-17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"); Blue Cross Blue Shield of Conn. v. Gurski (In re Gurski), Nos. 94-51202 & 3:95CV1883, 1996 WL 684397, at *2 (D. Conn. Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial to the debtor such that the debtor could assume them under Section 365(a)). In the case of assumption, "[t]he § 365 election permits a trustee to … continue performance on a contract which will benefit the estate." In re Diamond Mfg. Co., 164 B.R. 189 (Bankr. S.D. Ga. 1994) (citing In re Brada Miller Freight Sys., Inc., 702 F.2d 890, 893-894 (11th Cir. 1983)).

16. Based upon the foregoing, the Debtors submit that assumption of the Oracle Contracts on the terms described in this Motion is in the best interests of the Debtors and their creditors and satisfies the business judgment standard.

### Notice

17. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) Oracle. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit A (a) approving the assumption of the Oracle Contracts on the terms set forth in this Motion, (b) fixing $38,008.00 as the cure amount for the Oracle Contracts, (c) deeming withdrawn (1) the Second Assumption Motion as it pertains to any of the Oracle Contracts, (2) the Fourth Assumption Motion as it pertains to any of

the Oracle Contracts, (3) the Oracle Objection, and (4) the Fifteenth Objection as it pertains to Oracle's Claim No. 4068, and (d) deeming superseded the Second Assumption Order as it pertains to any of the Oracle Contracts and (ii) grant such other and further relief as the Court deems just and proper.

Dated:  October 12, 2006.

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*  <br>     D. J. Baker <br>     Sally McDonald Henry <br>     Rosalie Walker Gray <br>     David M. Turetsky <br>Four Times Square <br>New York, New York 10036 <br>(212) 735-3000 <br>(212) 735-2000 (facsimile) <br>djbaker@skadden.com | By  *s/ Cynthia C. Jackson* <br>     Stephen D. Busey <br>     James H. Post <br>     Cynthia C. Jackson, <br>     Florida Bar Number 498882 <br>225 Water Street, Suite 1800 <br>Jacksonville, Florida  32202 <br>(904) 359-7700 <br>(904) 359-7708 (facsimile) <br>cjackson@smithhulsey.com |
| Co-Counsel for the Debtors | Co-Counsel for the Debtors |

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER APPROVING NEGOTIATED ASSUMPTIONS**
**OF AGREEMENTS WITH ORACLE USA, INC.**

These cases came before the Court for hearing on October 25, 2006, upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the negotiated assumption, on the terms set forth in the Motion, of the "Oracle Contracts" (as defined below) between the Debtors and Oracle USA, Inc. ("Oracle"), either as the original contract party or as successor to PeopleSoft, Inc. or related PeopleSoft entities ("PeopleSoft"), (b) fixing $38,008.00 as the cure amount for the Oracle Contracts, (c) deeming withdrawn (i) the Debtors' Second Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts filed at Docket No. 9897 (the "Second Assumption Motion") as it pertains to any of the Oracle Contracts, (ii) the Debtors' Fourth Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts filed at Docket No. 10966 (the "Fourth Assumption Motion") as it pertains to any of the Oracle Contracts, (iii) Oracle's objection to the Fourth Assumption Motion filed at Docket No. 11492 (the "Oracle Objection"), and (iv) the Debtors' Fifteenth Omnibus Objection to (A) No

Liability Claims, (B) Overstated Claims, and (C) Overstated Misclassified Claims (the "Fifteenth Objection") as it pertains to Oracle's Claim No. 4068, and (d) deeming superseded as it pertains to any of the Oracle Contracts the order granting the Second Assumption Motion entered at Docket No. 10542 (the "Second Assumption Order") (the "Motion").[1] Parties were given until October 23, 2006 to object to the Motion. Upon consideration, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to assume the following contracts on the terms set forth in the Motion pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the later of the effective date of the Debtors' joint plan of reorganization and the date of entry of this Order (the "Effective Date"): (a) the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of December 19, 1997 and related Software Support Services Terms and Conditions as amended by Amendment to the Software License and Services Agreement between Winn-Dixie and PeopleSoft entered into as of September 3, 1998; (b) the Installment Payment Agreement between Winn-Dixie and PeopleSoft made as of December 19, 1997; (c) Schedule One to the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of December 19, 1997; (d) Schedule Two to the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of December 19, 1997; (e) Schedule Three to the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of December 28, 1999; (f) Schedule Four to the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

December 28, 1999; (g) the Schedule to the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of June 26, 2002; (h) the Schedule to the Software License and Services Agreement (Enterprise Pricing) between Winn-Dixie and PeopleSoft made as of September 24, 2004; and (i) Oracle License and Services Agreement V021402, effective as of May 23, 2002, inclusive of Amendments set forth in Ordering Document ((a) through (i) collectively, "Oracle Contracts"). The Debtors' assumption of the Oracle Contracts as of, and upon the occurrence of, the Effective Date is approved.

3. Oracle's Claim No. 4068 is allowed in the total amount of $38,008.00 to be paid as cure on or as soon as is practicable after the Effective Date (the "Cure").

4. The Debtors' cure obligations with respect to the Oracle Contracts shall be limited to the payment of the Cure, with Oracle being deemed to have waived any additional requirements under Section 365(b)(1) of the Bankruptcy Code as it relates to any prepetition default under the Oracle Contracts.

5. The Debtors shall continue to timely perform all postpetition obligations under the Oracle Contracts until otherwise ordered by the Court, including specifically but not limited to, to the extent not already paid, payment of Invoices Nos. 4068533 and 40685514 due, respectively, on October 13 and 14, 2006.

6. Each of the Second Assumption Motion as it pertains to any of the Oracle Contracts and the Fourth Assumption Motion as it pertains to any of the Oracle Contracts is deemed withdrawn.

7. The Oracle Objection is deemed withdrawn.

8. The provisions of this Order supersede the provisions of the Second Assumption Order as they pertain to any of the Oracle Contracts.

9. The Fifteenth Objection as it pertains to Oracle's Claim No. 4068 is deemed withdrawn.

10. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

11. In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, paragraphs 1 through 4 of this Order shall be null and void.

12. In the event that the Effective Date does not occur, the $38,008.00 allowed amount of Oracle's Claim No. 4068 will be treated as a prepetition non-priority unsecured claim.

13. Notwithstanding any provisions to the contrary in the Federal Rules of Bankruptcy Procedure, including Rule 6006(d), this Order shall take effect immediately upon entry.

Dated October ___, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.