**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| **In re** | : | **CHAPTER 11** |
| | : | |
| **WINN-DIXIE STORES, INC., et al.,** | : | **CASE NO. 3: 05-03817** |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | **JUDGE FUNK** |
| _____ | : | |

**MOTION OF BELLSOUTH TELECOMMUNICATIONS, INC.**
**FOR RELIEF FROM THE AUTOMATIC STAY TO**
**ALLOW SETOFF OF PRE-PETITION DEBTS**

COMES NOW, BellSouth Telecommunications, Inc. ("BellSouth"), by and through its undersigned counsel, and hereby files this motion (the "Motion") for relief from the automatic stay to allow setoff of mutual prepetition debts of BellSouth and Winn-Dixie Stores, Inc. (the "Debtor"), one of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). In support of this Motion, BellSouth respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Middle District of Florida has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(b).

2. Venue is proper in the Court pursuant to 28 U.S.C. § 1409(a).

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

4. The relief sought by the Motion is authorized by sections 362(d) and 553(a) of the Bankruptcy Code.

**BACKGROUND**

5. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. Prior to the Petition Date, BellSouth and the Debtor entered into that certain BellSouth Business Master Services Agreement dated as of August 30, 2001 (the "Master Agreement"), which contained certain volume and term commitments related to BellSouth's provision of telephone and data services (collectively, the "BellSouth Services") to the Debtor. Pursuant to the terms of the Master Agreement, the Debtor was required to pay certain charges to BellSouth for the BellSouth Services. In addition, The Debtor was eligible for certain credits, discounts and rewards in return for meeting certain monthly minimum of usage commitments during the term of the Master Agreement (the "Volume and Term Credits").

7. As of the Petition Date, pursuant to the Master Agreement, the Debtor owed BellSouth $289,647.01 (the "BellSouth Prepetition Master Agreement Claim"), as set forth in BellSouth's proof of claim numbers 4036 and 6752 filed on June 13, 2005 and July 15, 2005, respectively. In addition, as of the Petition Date, the Debtor was entitled to Volume and Term Credits in the amount of $220,370.53.

**RELIEF REQUESTED**

8. By this motion, BellSouth respectfully requests this Court to enter an Order, pursuant to sections 362 and 553 of the Bankruptcy Code, granting BellSouth relief from the automatic stay to allow Bellsouth to setoff the mutual obligations described above.

9. The filing of a bankruptcy petition operates as a stay against an entity with an interest in property of the debtors' estates. 11 U.S.C. § 362(a)(1). A party with an interest in property of the debtors' estates may, however, request relief from the automatic stay for cause. 11 U.S.C. § 362(d). The Bankruptcy Code does not define "cause," so the determination of whether sufficient cause exists to grant relief from the automatic stay is made on a case-by-case basis. *See In re Paxson Elec. Co., 242 B.R.. 67, 70* (Bankr. M.D. Fla. 1999). In making that determination, the Bankruptcy Court has discretion to decide whether to lift the automatic stay. *Barclays-American/Bus. Credit, Inc., v. Radio WBHP, Inc. (In re Dixie Broad, Inc.), 871 F.2d 1023, 1027* (11th Cir. 1989).

10. Section 553(a) of the Bankruptcy Code preserves the right of a creditor to offset mutual debts owed by the creditor and the debtor. *See* 11 U.S.C § 553(a). Courts have held that there is sufficient "cause" to grant relief from the automatic stay to permit setoff of mutual, pre-petition debts pursuant to section 553(a) of the Bankruptcy Code. *See In re Orlinski*, 140 B.R. 600, 602 (Bankr. S.D. Ga. 1991) (establishing a right to setoff is prima facie cause for relief from the automatic stay); *see also Parrish v. Parrish (In re: Parrish),* 75 B.R. 14 (N.D. Tex. 1987) (reversing denial of a motion to lift the automatic stay where movant had established right to setoff by showing obligations were mutual and pre-petition).

11. The mutuality requirement of section 553(a) is established when: (i) the creditor owes a debt to the debtor arising prepetition; (ii) the creditor has a claim against the debtor arising prepetition; and (iii) both the debt and the claim are mutual obligations (i.e., the same parties are involved in both sets of obligations to be offset, and those obligations arose between the parties acting with respect to each other and acting in the same capacity). *See B.F. Goodrich*

*Employees Fed. Credit Union v. Patterson (In re Patterson),* 967 F.2d 505, 509-10 (11th Cir. 1992); *Carlton Co. v. Jenkins (In re Jenkins),* 2004 WL 768574 (Bankr. S.D. Ga. 2004).

12. In this case, the mutuality requirement is satisfied because the BellSouth Prepetition Master Agreement Claim and the Volume and Term Credits due to the Debtor arose prepetition out of the Master Agreement between BellSouth and the Debtor. In addition, BellSouth and the Debtor are the same parties and were acting in the same capacity with respect to the obligations, which are valid and enforceable.

13. Permitting setoff under these circumstances is warranted by law and equity, and will not prejudice the Debtor or its creditors because BellSouth's prepetition claim against the Debtor will be reduced as a result of the setoff. Thus, cause exists for the relief sought in the Motion.

## NO PRIOR REQUEST

14. No prior request for the relief sought in the Motion has been made to this or any other court in connection with the Debtors' chapter 11 cases.

## CERTIFICATE SERVICE

**I HEREBY** certify that a true and correct copy of the forgoing was served via electronic mail upon the parties that have appeared via CM/ECF, on the 12th day of October, 2006.

[Intentionally Left Blank]

WHEREFORE, BellSouth respectfully requests this Court to grant relief from the automatic stay to permit BellSouth and the Debtor to setoff the mutual obligations set forth herein and grant such other and further relief as the Court deems just and proper.

Dated: October 12, 2006

        BERGER SINGERMAN, P.A.
        200 S. Biscayne Blvd., Suite 1000
        Miami, FL 33131
        Phone: (305) 755-9500
        Fax: (305) 714-4340

        By:   /s/ Brian G. Rich
             Brian G. Rich
             Florida Bar No. 038229
             brich@bdslaw.com

        -and-

        Reginald A. Greene, Esq.
        675 West Peachtree St., Suite 4300
        Atlanta, GA  30375-0001
        Phone:   404/335-0761
        Facsimile: 404/614-4054

        Attorneys for Bellsouth Telecommunications, Inc.