UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER PURSUANT TO DEBTORS' FOURTH OMNIBUS MOTION
AUTHORIZING NEGOTIATED ASSUMPTIONS OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES AND GRANTING RELATED RELIEF**

These cases came before the Court for hearing on October 12, 2006, upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the negotiated assumptions of the prepetition contracts and leases set forth on the attached Exhibits A, B, and C (the "Contracts") on the terms set forth in the Motion and on Exhibits A, B, and C, (b) fixing the cure amounts for each of the Contracts as set forth on Exhibits A, B, and C, but preserving cure rights with respect to any amounts becoming owed to the non-Debtor counter-parties to the Contracts (the "Counter Parties") pursuant to 11 U.S.C. § 502(h) for sums relating to the Contracts that may be required to be paid pursuant to 11 U.S.C. § 550 (the "Section 502(h) Claims"), and (c) as the case may be, allowing and fixing or disallowing the claims related to the Contracts (the "Claims") as set forth on Exhibits A, B, and C, in each case effective as of the effective date of the Debtors'

proposed joint plan of reorganization (the "Effective Date") (the "Motion").[1] By the Motion, parties were given until October 5, 2006 to object to the Motion. Upon consideration, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to assume the Contracts on the terms set forth in the Motion and on Exhibits A, B, and C, pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the Effective Date. The Debtors' assumption of the Contracts as of, and upon the occurrence of, the Effective Date is approved.

3. For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amounts owed by the Debtors with respect to the Contracts, if any, are the cure amounts listed on Exhibits A, B, and C (the "Cure Amounts").

4. The Cure Amounts shall be paid by the Debtors on or as soon as practicable after the Effective Date.

5. As of, and upon the occurrence of, the Effective Date, the Claims shall, as the case may be, be allowed and fixed or disallowed as set forth on Exhibits A, B, and C.

6. Other than the Cure Amounts and claim amounts described above and on Exhibits A, B, and C, the Counter Parties are deemed to have waived any and all claims they may have against the Debtors for cure or compensation under their respective Contracts.

7. The waiver of cure payments and other concessions by the Counter Parties will not negate the impact of assumption on any claims held by the Debtors against the Counter Parties or otherwise expose the Counter Parties to potential preference actions with respect to

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

payments made on account of the Contracts. Upon assumption of the Contracts and notwithstanding the waiver of cure payments and other concessions, the Counter Parties will be entitled to an administrative claim with respect to any Section 502(h) Claims.

8. The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to each of the Contracts.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

11. In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, this Order shall be null and void.

Dated October ___, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

**Exhibit A**

**Exhibit A**
**Contracts to be Assumed on Negotiated Terms[1]**

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Product Purchase | **Non-Debtor Counter Party**<br><br>Nature's Finest Candles a/k/a RD Candle Company, a Division of Rug Doctor, L.P. ("Nature's Finest")<br><br>**Addresses**<br><br>Nature's Finest Candles a/k/a RD Candle Company, a Division of Rug Doctor, L.P.<br>Att'n: Ken Johnson<br>4701 Old Shepard Place<br>Plano, TX 75093<br><br>Nature's Finest Candles a/k/a RD Candle Company, a Division of Rug Doctor, L.P.<br>Att'n: Ken McBrearty, VP, Sales<br>1717 East Bush Blvd, #301<br>Tampa, FL 33624<br><br>Nature's Finest Candles a/k/a RD Candle Company, a Division of Rug Doctor, L.P.<br>P.O. Box 849967<br>Dallas, TX 75284-9967 | Agreement dated October 2, 2003, as amended | $0.00 | 31458 ($56,061.66) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Supply Agreement and Amendment to Agreement dated September 14, 2006, between Winn-Dixie Stores, Inc. and Nature's Finest Candles, a Division of Rug Doctor, L.P.<br><br>- Nature's Finest waives right to payment of cure.<br><br>- Claim No. 31458 to be to be disallowed in its entirety. |

[1] Copies of the assumption agreements referenced in this Exhibit A have been provided to counsel to the Official Committee of Unsecured Creditors.

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Service Agreement | <u>Non-Debtor Counter Party</u><br>T. K. Keith Company ("T.K Keith")<br><br><u>Address</u><br>T. K. Keith Company<br>Att'n: Paul Roberts, CFO<br>516 Edgewater Drive<br>Wakefield, MA 01880 | Service Agreement dated June 1, 2001, as amended | $0.00 | 519 ($7,543.94)<br><br>6233 ($5,707.60) | $0.00 | - Assumption pursuant to terms of Agreement for Assumption of Services Agreement as Amended and Second Amendment to Services Agreement dated August 25, 2006, between Winn-Dixie Stores, Inc. and T.K. Keith, Inc.<br><br>- T.K. Keith waives right to payment of cure.<br><br>- Claim Nos. 519 and 6233 to be disallowed in their entirety. |
| Winn-Dixie Stores, Inc. | | Agency Agreement | <u>Non-Debtor Counter Party</u><br>Western Union North America, a Unite of Western Union Financial Services and Integrated Payment Systems, Inc. (collectively, "Western Union")<br><br><u>Address</u><br>Western Union North America and Integrated Payment Systems, Inc.<br>Att'n: Fran Meyer, National Accounts Manager<br>2473 Care Drive, Suite 1<br>Tallahassee, FL 32308 | Agency Agreement effective as of May 1, 2003, as amended | $0.00 | N/A | N/A | - Assumption in accordance with terms of Third Amendment to the Agency Agreement between Western Union North America, Integrated Payment Systems, Inc., and Winn-Dixie Stores, Inc. dated September 19, 2006<br><br>- Western Union agrees that all defaults under the Agency Agreement have been cured or waived. |

2

**Exhibit B**

Exhibit B
Contracts to be Assumed on Negotiated Terms[1]

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Product Purchase | Non-Debtor Counter Party<br><br>Rug Doctor LP ("Rug Dr.")<br><br>Addresses<br><br>Rug Doctor LP<br>Att'n: Ken Johnson<br>4701 Old Shepard Place<br>Plano, TX 75093<br><br>Rug Doctor LP<br>Att'n: Ken McBrearty, VP Sales<br>1717 East Bush Blvd., #301<br>Tampa, FL 33624<br><br>Rug Doctor LP<br>P.O. Box 849958<br>Dallas, TX 75284-9958 | Supply Agreements dated May 6, 2004 and February 18, 1998, each as amended | $0.00 | 34105 ($146,343.20)<br><br>6451 ($509,789.92) | $446,000.00 | Agreement for Assumption of Supply Agreement and Amendment to Agreement dated September 13, 2006 between Winn-Dixie Stores, Inc. and Rug Doctor LP<br><br>- Rug Dr. waives right to payment of cure.<br><br>- Claim No. 34105 to be disallowed and expunged in its entirety.<br><br>- Claim No. 6451 to be allowed as prepetition non-priority unsecured claim in the reduced amount of $446,000.00. The remaining balance of Claim No. 6451 to be disallowed. |

[1] Copies of the assumption agreements referenced in this Exhibit B have been provided to counsel to the Official Committee of Unsecured Creditors.

**Exhibit C**

Exhibit C

Contracts to be Assumed on Negotiated Terms[1]

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Product Purchase | Non-Debtor Counter Party<br><br>Boise Office Supply n/k/a Office Max ("Office Max")<br><br>Addresses<br><br>Boise Office Supply nka Office Max<br>P.O. Box 101705<br>Atlanta, GA 30392-1705<br><br>Boise Office Supply nka Office Max<br>1801 Cypress Lake Drive<br>Orlando, FL 32837 | Sales Agreement dated August 26, 2003 as amended by the 1st Amendment to the Sales Agreement, effective January 12, 2005, and as further amended by the Second Amendment to Sales Agreement dated September 18, 2006 | $71,976.99 | 35197 ($131,976.99) | $0.00 | - Assumption in accordance with terms of Second Amendment to the Sales Agreement between Winn-Dixie Stores, Inc. and Boise Cascade Office Products Corporation, dated September 18, 2006<br><br>- Claim No. 35197 to be allowed in the reduced amount of $71,976.99, which will be paid as cure on or about the Effective Date. The remaining balance of Claim No. 35197 to be disallowed. |

---

[1] Copies of the assumption agreements referenced in this Exhibit C have been provided to counsel to the Official Committee of Unsecured Creditors.

| Debtor | Store / Warehouse | Type of Contract | Non-Debtor Counter Party and Addresses | Contract Description | Cure Amount | Claim No(s). (Amount of Claim(s)) | Amount Payable as Unsecured Claim | Comment / Additional Negotiated Terms of Assumption |
|---|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Maintenance Agreement | Non-Debtor Counter Party<br><br>Xerox Special Information Systems, a Business Unit of Xerox Corporation ("Xerox")<br><br>Addresses<br><br>Xerox Special Information Systems<br>Attn: Louise Martini<br>1218 South Fifth Ave.<br>Monrovia, CA 91016<br><br>Hughes Luce LLP<br>G. James Landon, Esq.<br>111 Congress Ave., Suite 900<br>Austin, TX 78701 | XSIS/Winn-Dixie Pool Agreement, S/O 8414; Maintenance Agreement | $112,800.00 | 8096<br>($188,478.08) | $0.00 | - Claim No. 8096 to be allowed as prepetition nonpriority unsecured claim in reduced amount of $112,800.00 and paid as cure upon assumption. Xerox waives right to payment of any additional cure. The remaining balance of Claim No. 8096 to be disallowed. |

2