UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                      ) Case No. 05-03817-3F1
                                                            )
WINN-DIXIE STORES, INC., et al.,                            ) *Chapter 11*
                                                            )
Debtors.                                                    ) Jointly Administered
                                                            )

## ORDER PURSUANT TO SECOND OMNIBUS MOTION (A) AUTHORIZING NEGOTIATED REJECTIONS OF EXECUTORY CONTRACTS AND APPROVING AGREED RESOLUTION OF ASSOCIATED CLAIMS AND (B) AUTHORIZING REJECTIONS OF ADDITIONAL EXECUTORY CONTRACTS AS OF OCTOBER 12, 2006 AND ESTABLISHING DEADLINE FOR FILING RELATED REJECTION DAMAGE CLAIMS OF OCTOBER 23, 2006

These cases came before the Court for hearing on October 12, 2006, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 365 and 502 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the Debtors' rejection of supply agreements with the vendors set forth on Exhibit A (collectively, the "Prepetition Supply Agreements"), effective as of October 12, 2006, and approving the agreed resolution of claims associated with the Prepetition Supply Agreements, and (b) authorizing and approving the rejection of the additional contracts listed on Exhibit B (collectively, the "Additional Contracts") as of October 12, 2006, and establishing October 23, 2006 as the deadline for filing rejection damage claims relating to the rejection of the Additional Contracts (the "Motion").[1] The Court has read the Motion and considered the representations of counsel. Upon the representations of counsel and without objection from the United States Trustee or any other interested party, the Court determines that good cause exists to grant the

---

[1] All capitalized terms not otherwise defined shall have the meaning ascribed to those terms on Exhibit A.

relief requested by the Motion and granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Prepetition Supply Agreements and the Additional Contracts pursuant to 11 U.S.C. § 365(a), and the Prepetition Supply Agreements and Additional Contracts are deemed rejected, effective as of October 12, 2006.

3. All claims that Datawave Services (US) Inc. ("Datawave") has or may have had against the Debtors existing under the AT&T Prepetition Supply Agreement (except for any unpaid postpetition invoices) are waived. Datawave shall have no rejection damages claim against the Debtors resulting from the rejection of the AT&T Prepetition Supply Agreement.

4. All claims that Bergensons Property Services, Inc. ("Bergensons") has or may have had against the Debtors (except for an agreed non-priority unsecured claim (claim no. 2024) in the amount of $410,773.82, which is allowed, and any unpaid postpetition invoices) are waived. Bergensons shall have no rejection damages claim against the Debtors resulting from the rejection of the Bergensons Prepetition Supply Agreement.

5. All claims that Personal Optics, Inc. ("Personal Optics") has or may have had against the Debtors (except for an agreed non-priority unsecured claim (claim no. 5589) in the amount of $253,069.44, which is allowed, an agreed reclamation claim in the amount of $17,417.29, which is allowed, and any unpaid postpetition invoices) are waived. Personal Optics shall have no rejection damages claim against the Debtors resulting from the rejection of the Personal Optics Prepetition Supply Agreement.

6. All claims that the Smithfield Packing Company, Incorporated and its affiliate Gwaltney of Smithfield, Ltd. (collectively, "Smithfield") has or may have had against the Debtors (except for an agreed non-priority unsecured claim filed by Gwaltney of Smithfield, Ltd. (claim no. 10940) in the amount of $20,970.02, which is allowed against Winn-Dixie Procurement, Inc., a reclamation claim of Gwaltney of Smithfield, Ltd. in the amount of $1,016,042.77 (which is in the process of being paid), a reclamation claim of The Smithfield Packing Company, Incorporated in the amount of $803,913.34 (which is in the process of being paid), and any unpaid post petition invoices) are waived. This waiver of claims shall include the waiver of claim number 10941 filed by The Smithfield Packing Company, Incorporated, which claim is hereby disallowed and expunged in its entirety. Smithfield shall have no rejection damages claims against the Debtors resulting from the rejection of the Smithfield Prepetition Supply Agreement. The Debtors and Smithfield reserve all rights and defenses with respect to any credits or accounts payable and accounts receivable offsets that the Debtors assert are owed by Smithfield, whether prepetition or postpetition.

7. All claims that TRM Corporation, Inc. ("TRM") has or may have had against the Debtors (except for the agreed non-priority unsecured claim (claim no. 10725) in the amount of $2,351.57, which is allowed, and any unpaid postpetition invoices) are waived. TRM shall have no rejection damages claim against the Debtors resulting from the rejection of the TRM Prepetition Supply Agreements.

8. Claims for any rejection damages resulting from the rejection of the Additional Contracts must be filed on or before October 23, 2006.

9. Nothing in this Order constitutes a waiver of any claims the Debtors may have against the counterparty to the Prepetition Supply Agreements, whether or not related to the Prepetition Supply Agreements.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. The Court will retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 12 day of October, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

# EXHIBIT A

# EXHIBIT A

## Vendor Contracts To Be Rejected

| Vendor | Rejected Contract(s) | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| AT&T/Datawave Services (US) Inc.<br><br>**Notice Party:**<br>Datawave Services (US) Inc.<br>Wayne Interchange Plaza 1<br>145 Route 46 West<br>Wayne, New Jersey 07470<br>Attn: Lawrence Wetzel | Agreement between AT &T Corporation and Winn-Dixie Stores, Inc., effective July 1, 2000, as amended (the "AT&T Prepetition Supply Agreement") | The AT&T Prepetition Supply Agreement was assigned by AT&T to Datawave Services (US) Inc. ("Datawave") by Assignment and Assumption Agreement effective August 28, 2006 (the "Assignment"). Pursuant to the Assignment, Datawave acquired all of AT&T's right, title and interest to and under the AT&T Prepetition Supply Agreement.<br><br>The term of the AT&T Prepetition Supply Agreement is the longer of three years or until $20 million worth of prepaid phonecard services is purchased. In contrast, the new supply agreement does not require the Debtors to purchase a minimum volume of services.<br><br>Datawave has also agreed to waive and release any and all claims existing under the AT&T Prepetition Supply Agreement against the Debtors, including claims arising from the rejection of the AT&T Prepetition Supply Agreement. | |

1

| Vendor | Rejected Contract(s) | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| Bergensons Property Services, Inc. ("Bergensons")<br><br>Notice Party:<br>Bergensons Property Services, Inc.<br>1959 Plaza Real<br>Oceanside, CA 92056<br>Attn: Mr. Richard C. Manoogian, CFO | Agreement between Winn-Dixie Stores, Inc. and Bergensons Property Services, Inc., dated March 3, 2004, as modified by letter agreement dated April 16, 2004, and any amendments thereto (the "Bergensons Prepetition Supply Agreement") | Bergensons provides floor care cleaning services to the Debtors for their retail stores. Since the commencement of their bankruptcy cases, the Debtors have consolidated the number of floor care providers. As a result, the new contract with Bergensons is on more favorable price terms, thus saving the Debtors' money. Moreover, the new agreement contains an enhanced audit program to ensure that the vendor complies with the applicable labor laws.<br><br>Bergensons has also agreed to waive and release all claims it has or may have had against the Debtors (other than the Bergensons Prepetition Claim), including all claims for rejection damages. | The parties have agreed that (i) the claim scheduled by Winn-Dixie Raleigh, Inc. (claim no. 35936) in the amount of $458,881.68 will be disallowed and expunged in its entirety, and (ii) proof of claim no. 2024 filed against Winn-Dixie Stores, Inc. in the amount of $410,773.82 (the "Bergensons Prepetition Claim") will be allowed as a non-priority unsecured claim in that amount. |

2

| Vendor | Rejected Contract(s) | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| Personal Optics, Inc. ("Personal Optics")<br><br>Notice Party:<br>Personal Optics, Inc.<br>1331 South State College Blvd.<br>Fullerton, CA 92831<br>Attn: Andrew Kahn, CEO | Agreement between Winn-Dixie Stores, Inc. and Personal Optics, Inc. effective December 12, 2002, as modified by letter dated January 30, 2003, and any additional amendments (the "Personal Optics Prepetition Supply Agreement") | The Personal Optics Prepetition Supply Agreement is a four year exclusive distribution agreement for sunglasses, reading glasses and accessories with an option to extend the agreement to five years, which option will only be exercised if net purchases of $15 million are not reached within the four year term. If $15 million in net purchases is achieved prior to the conclusion of the four year term, then the Personal Optics Prepetition Supply Agreement terminates at that time. In three plus years, the Debtors did not satisfy this volume requirement and it would take approximately 15 more years for the Debtors to satisfy this volume commitment.<br><br>The new contract does not obligate the Debtors to purchase a minimum volume of product. It does, however, require Personal Optics to provide warranties, evidence of insurance and repay the debtors for product recall. Moreover, the advertising allowance was increased from 3% under the Personal Optics Prepetition Supply Agreement to 5% under the new agreement, and the threshold for rebates was significantly reduced.<br><br>Personal Optics has also agreed to waive all claims (except for the agreed General Unsecured Claim, the Reclamation Claim and any unpaid postpetition invoices) it has or may have had against the Debtors, including all claims for rejection damages. | **Stores**<br><br>Winn-Dixie Stores, Inc. scheduled a claim (claim no. 31374) on behalf of Personal Optics in the amount of $169,008.91 (the "Stores Scheduled Claim"). Personal Optics filed proof of claim no. 5589 against Winn-Dixie Stores, Inc. in the aggregate amount of $287,359.75, which supersedes the Stores Scheduled Claim. Proof of claim no. 5589 will be allowed as a general unsecured claim in the amount of $253,069.44 (the "General Unsecured Claim").<br><br>**Montgomery**<br><br>Winn-Dixie Montgomery, Inc. scheduled a claim (claim no. 34024) on behalf of Personal Optics in the amount of $69,265.71, which claim will be disallowed and expunged in its entirety.<br><br>**Raleigh**<br><br>Winn-Dixie Raleigh, Inc. scheduled a claim (claim no. 36659) on behalf of Personal Optics in the amount of $27,811.07, which claim will be disallowed and expunged in its entirety.<br><br>**Reclamation**<br><br>Personal Optics will have an allowed reclamation claim in the amount of $17,417.29 (the "Reclamation Claim"). |

3

| Vendor | Rejected Contract(s) | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| The Smithfield Packing Company, Inc. ("Smithfield")<br><br>Notice Party:<br>Gwaltney of Smithfield, Ltd.<br>601 N. Church St.<br>Smithfield, VA 23430.<br>Attn: Gerry Moore<br><br>Corporate Legal Department<br>Smithfield Foods, Inc.<br>111 Commerce St.<br>Smithfield, VA 23430<br><br>Robert A. Cox, Jr., Esq.<br>McGuire Woods LLP<br>Bank of America Corporate Center<br>100 North Tryon Street<br>Suite 2900<br>Charlotte, North Carolina 28202 | Agreement between Winn-Dixie Stores, Inc. and The Smithfield Packing Company, Inc., dated September 7, 2004, including any amendments (the "Smithfield Prepetition Supply Agreement") | Smithfield provides hot dogs, bologna and other processed meat product to the Debtors packaged under Winn-Dixie's trademarks for resale in their stores.<br><br>The new contract with Smithfield is more favorable because it provides for (i) better pricing, saving the Debtors' money, (ii) improved quality standards, and (iii) enhanced warranty information.<br><br>Smithfield has also agreed to waive and release all claims it has or may have had against the Debtors (other than the Allowed Claim, the Reclamation Claims and any unpaid postpetition invoices), including any and all indemnification obligations, reimbursement obligations, rights under Bankruptcy Code section 365(n), costs associated with the Smithfield Prepetition Supply Agreement, and any other claims for rejection damages. | Winn-Dixie Procurement, Inc. scheduled a claim (claim no. 34912) on behalf of Smithfield's affiliate, Gwaltney of Smithfield, in the amount of $1,244,455.78 (the "Smithfield Scheduled Claim"). The parties have agreed that the Smithfield Scheduled Claim is disallowed and expunged in its entirety.<br><br>Gwaltney of Smithfield filed proof of claim no. 10940 against Winn-Dixie Stores, Inc. in the amount of $1,095,362.13 (the "Pre-petition Claim"). Pursuant to an Order of the Bankruptcy Court dated August 31, 2006, the Pre-Petition Claim was reduced and reclassified as an unsecured, non-priority claim in the amount of $20,970.02. The parties agreed that the reduced and reclassified Pre-Petition Claim is an allowed unsecured, non-priority claim in Procurement's bankruptcy case in the amount of $20,970.02 (the "Allowed Claim").<br><br>Smithfield filed proof of claim no. 10941 in the amount of $512,441.21. The parties have agreed that proof of claim no. 10941 is disallowed and expunged in its entirety.<br><br>The parties have agreed that Gwaltney of Smithfield has an allowed reclamation claim in the amount of $1,016,042.77 and Smithfield has an allowed reclamation claim in the amount of $803,913.34 (collectively, the "Reclamation Claims"). |

4

| Vendor | Rejected Contract(s) | Business Justification For Rejection | Claims Resolution |
|---|---|---|---|
| TRM Corporation ("TRM")<br><br>Notice Party:<br>TRM Copy Centers (USA) Corporation<br>5208 N.E. 122nd Ave<br>Portland, OR 97230<br>Attn: Daniel Tierney<br>Executive Vice President<br><br>TRM Corporation<br>5208 N.E. 122nd Ave<br>Portland, OR 97230<br>Attn: Sean Burke<br>V.P. of Sales & Marketing, North America<br><br>TRM Corporation<br>5208 N.E. 122nd Ave<br>Portland, OR 97230<br>Attn: Legal Division<br><br>Ms. Diane Griffin<br>11416 Savannah Lakes Dr.<br>Parrish, FL 34219 | The following contracts will be rejected: (i) four agreements between Winn-Dixie Stores, Inc. and TRM Corporation, dated December 11, 2001, (ii) the agreement between Winn-Dixie Charlotte, Inc. (n/k/a Winn-Dixie Raleigh, Inc.) and TRM Corporation, dated December 11, 2001, and (iii) the agreement between Save Rite Grocery Warehouse, Inc. (n/k/a Winn-Dixie Montgomery, Inc.) and TRM Corporation, dated December 11, 2001, including any amendments (collectively, the "TRM Prepetition Supply Agreements") | TRM provides coin-operated photocopy machines for use by the Debtors' customers in their retail stores.<br><br>TRM is the parent company of TRM Copy Centers (USA) Corporation ("TRM USA"). The Debtors have entered into a new supply agreement with TRM USA. The agreement provides (i) more favorable pricing (expected to save the Debtors approximately $222,000 over the life of the new contract), (ii) the Debtors new or like-new replacement photocopy machines (as needed), and (iii) improved maintenance, thus reducing copier downtime.<br><br>TRM has also agreed to waive and release all claims it has or may have had against the Debtors (other than the Montgomery Claim and unpaid postpetition invoices), including any and all claims for rejection damages. | TRM filed proof of claim no. 10725 against Winn-Dixie Montgomery, Inc. in the amount of $2,351.57 (the "Montgomery Claim"). The parties have agreed that the Montgomery claim will be allowed as a non-priority unsecured claim in the amount of $2,351.57. |

**EXHIBIT B**

Case 3:05-bk-03817-JAF   Doc 11877   Filed 10/12/06   Page 11 of 12

## Exhibit B
### Additional Contracts for Rejection:

The Debtors reserve the right to challenge the executory or unexpired nature of any of the Additional Contracts. The rejections pursuant to this Motion will apply only to the Prepetition Supply Agreements identified in Exhibit A to this Motion and the Additional Contracts identified in this Exhibit B to the Motion. The rejections do not apply to any other agreement(s) that the Debtors may have with the non-Debtor counter-parties listed.

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Description |
|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Attorney Employment Agreement | | Brigham, Moore, Gaylord, Schuster, Merlin & Tobin LLP | 777 S. Harbour Island Boulevard, Suite 900, Tampa, FL 33602 | Employment Agreement for Representation of Owner Whose Property is Being Taken by Public Authority dated May 12, 2000 |
| Winn-Dixie Stores, Inc. | Alabama Warehouse | License & Land Agreements | CSX 003348 | CSX Corporation | 500 Water Street J180, Jacksonville, FL 32202; Elizabeth L. Gunn, McGuireWoods LLP, One James Center, 901 East Cary Street, Richmond, VA 23219 | Contracts for Sidetracks, Land, Water Pipelines. |