UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* ) |
| Debtors. | ) Jointly Administered ) |

## ORDER APPROVING ASSUMPTION OF MODIFIED AGREEMENT WITH CARDTRONICS, LP ON AGREED TERMS

These cases came before the Court for hearing on October 5, 2006, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 approving the assumption of a modified agreement with Cardtronics, LP ("Cardtronics") on agreed terms (the "Motion").[1] The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Prepetition Agreement as modified by the Postpetition Amendment substantially in the form attached to the Motion (the "Modified Agreement") is assumed under 11 U.S.C. § 365(a), effective as of the Effective Date.

3. The Debtors shall pay to Cardtronics on the Effective Date, as an administrative expense claim, a cure payment in the amount of $1 million.

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

4. As of the Effective Date, Cardtronics' proof of claim number 11170 shall be increased in amount to $6.7 million and shall be allowed as a non-priority unsecured claim, to be treated as a vendor/supplier claim in class 14 of the Plan.

5. Subject to paragraphs 3 and 4 above, by agreement with Cardtronics, all applicable requirements of 11 U.S.C. § 365(b) are satisfied or waived.

6. Subject to paragraphs 3 and 4 above, and subject to and in accordance with the terms of the Postpetition Amendment, all claims by and between the parties under the Prepetition Agreement are satisfied or waived as of the Effective Date.

7. Notwithstanding any provisions to the contrary in Fed. R. Bankr. P. 6006, this Order shall take effect immediately upon entry.

Dated Oct 12, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

1155865-New York Server 7A - MSW