**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

|  |  |  |
|---|---|---|
|  | : |  |
| In re: Winn Dixie Stores, Inc.. <u>et al.</u> | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 3:05-bk-03817- JAF |
|  | : |  |
| Debtors. | : | Jointly Administered |

<u>**RESPONSE OF THE OHIO BUREAU OF WORKERS' COMPENSATION IN
OPPOSITION TO DEBTOR'S TWENTY-THIRD OMNIBUS OBJECTION
TO (A) INDEMNIFICATION CLAIMS, (B) NO LIABILITY CLAIMS, (C) NO
LIABILITY MISCLASSIFIED CLAIMS, (D) OVERSTATED CLAIMS, (E)
OVERSTATED MISCLASSIFIED CLAIMS, (F) LIQUIDATED CLAIMS,
(G) MISCLASSIFIED CLAIMS AND
(H) AMENDED AND SUPERSEDED CLAIMS**</u>

The Ohio Bureau of Workers' Compensation ("BWC") hereby responds to the *Debtors' Twenty-Third Omnibus Objection to (A) Indemnification Claims, (B) No Liability Claims, (B) No Liability Misclassified Claims, (D) Overstated Claims, (E) Overstated Misclassified Claims, (F) Liquidated Claims, (G) Misclassified Claims and (H) Amended and Superseded Claims* (the "Objection") filed by the above-captioned debtors (the "Debtors"). (Docket No. 11325.)  In the Objection, the Debtors object to Claim No. 9854 in the amount of $328,110.48 on the basis that its books and records do not reflect debtors' liability for this claim and that the claim has been misclassified. BWC submits that both its claims are valid and respectfully requests that the Court enter an Order denying the Objection to the BWC claim no. 9854 in its entirety.

Prior to the petition date, debtor Winn Dixie Stores, Inc. ("Debtor") was, and remains, an employer amenable to Ohio's workers' compensation laws.  Also, prior to the petition date, Debtor applied to be, and was granted the privilege of being, a "self-insured" employer under Ohio's workers' compensation laws.  As part of its obligations

as a self-insured employer, Debtor is responsible for paying directly on injured workers' compensation claims and is responsible for reporting to BWC information pertaining to payments on such claims.

If Debtor ceases to compensate its injured workers, BWC is required to assume these obligations under Ohio law. Ohio Revised Code § 4123.75. This creates a liquidated claim for amounts BWC pays to the injured workers. Id. Currently, however, BWC has a contingent claim within the meaning of 11 U.S.C. § 502(b)(1) and §502(c)(1).

BWC's Non-Priority Claim is calculated to reflect the net present value of expected payments that BWC would have to pay in the event of default based on statistical analysis of Debtor's past workers' compensation claims as reflected in Debtor's Reported Information. Because Debtor is a self-insured employer, Debtor (or quite possibly its third party administrator), not BWC, is in possession of critical data with respect to Debtor's injured workers' claims. Accordingly, BWC is currently unable to provide a more detailed estimate of its expected payments to Debtor's injured workers in the event of default. BWC's experience with defaulting self-insured employers, however, supports the methodology used by BWC in estimating the BWC's Non-Priority Claim.

Because the date of injury determines when a claim "arises," any costs incurred by BWC on account of Debtor's pre-petition self-insured status are pre-petition claims. For example, even though a worker may be injured pre-petition, the actual costs on account of the injury may not be incurred until quite some time after the petition date, sometimes years after the injury. Nevertheless, these costs are "pre-petition" claims

which "arise" at the date of injury.  Aetna Casualty & Surety Co. v. Clerk, United States Bankruptcy Court (In re Chateaugay Corp.), 89 F.3d 942 at 948 (2d Cir. 1996); St. Paul Fire & Marine Ins. Co. v. REA Express, Inc. (In re REA Express, Inc.), 442 F. Supp. 71 (S. D. New York 1977), *aff'd*, 591 F.2d 1331 & 1332 (2d Cir. 1978).

In addition to the requirement to provide workers' compensation benefits directly to its injured workers, a self-insured employer must also pay certain assessments ("Self-Insured Assessments") to BWC.  When an employer ceases to operate as a self-insured employer, under Ohio's workers' compensation laws, the employer must still pay Self-Insured Assessments to BWC for ten years.  If Debtor defaults on its obligations as a self-insured employer, or if Debtor were to cease operations as a self-insured employer under Ohio law, Debtor would still owe the Self-Insured Assessments.  Self-Insured Assessments are entitled to priority under 11 U.S.C. § 507(a)(8).  BWC's Priority Claim reflects BWC's calculation of Debtor's Self-Insured Assessments Debtor would owe in the event Debtor were to default or otherwise cease operations as a self-insured employer under Ohio law.  Because the Self-Insured Assessments reflected in BWC's Priority Claim relate to Debtor's pre-petition operations, it, too, is a pre-petition claim even though the assessments themselves may come due after the petition.  BWC's claim no. 9854 is valid and therefore the Debtor's Objection should be denied.

WHEREFORE, BWC respectfully requests that the Court enter an Order denying the Objection as to BWC's Claim No. 9854 in its entirety.

Respectfully submitted,

Jim Petro                (0022096)
Attorney General of Ohio

/s/ Amy K. Kaufman_____
Amy K. Kaufman      (Oh. Bar # 0073837)
Assistant Attorney General
Collections Enforcement
150 East Gay Street, 21st Floor
Columbus, OH  43215
(614) 728-4324; fax (614) 752-9070
Attorney for BWC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that true and accurate copies of the foregoing *Response of the Ohio Bureau of Workers' Compensation in Opposition* was served by electronic mail through the U.S. Bankruptcy Court's ecf system on the 16th day of October, 2006 upon the following parties:

Elena L. Escamilla
United States Trustee-JAX
135 W. Central Blvd., Suite 620
Orlando, Florida 32801

Skadden Arps Slate Meagher & Flom
Attn: D.J. Baker
Four Times Square
New York, New York 10036

/s/ Amy K. Kaufman
Amy K. Kaufman