F I L E D
JACKSONVILLE, FLORIDA

OCT 1 3 2006

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

## UNITED STATES BANKRUPTCY COURT

### MIDDLE DISTRICT OF FLORIDA
### (Jacksonville Division)

IN RE:  WINN-DIXIE STORES, INC.,      *     **CASE NO. 05-03817-3F1**
      ET AL, DEBTORS     *
                      *     **CHAPTER 11**
                      *
                      *     **JOINTLY ADMINISTERED**
                      *
                      *

************************************************************************************

### MEMORANDUM OF FRANK A. ARNONE IN OPPOSITION TO THE DEBTORS' 23RD OMNIBUS OBJECTION TO (A) INDEMNIFICATION CLAIMS, (B) NO LIABILITY CLAIMS, (C) NO LIABILITY MISCLASSIFIED CLAIMS, (D) OVERSTATED CLAIMS, (E) OVERSTATED MISCLASSIFIED CLAIMS, (F) UN-LIQUIDATED CLAIMS, (G) MISCLASSIFIED CLAIMS, and (H) AMENDED AND SUPERSEDED CLAIMS

On or about September 27, 2006, undersigned counsel for Respondent, Frank Arnone, received the Debtors' 23rd Omnibus Objection to certain claims asserted in these proceedings. As Respondent opposes the Objection, Respondent submits the instant Memorandum.

As is noted by Exhibit C attached to the Debtors' Motion, the claims asserted by Frank A. Arnone in connection with the instant proceedings are associated with a claim for short term and long term disability benefits through a program funded by Winn-Dixie Stores, Inc., Mr. Arnone's employer. Litigation has been initiated in the United States District Court for the Eastern District of Louisiana in the matter entitled *Frank A. Arnone v. Winn-Dixie Stores, Inc., et al*, seeking judicial review of the denial of long term disability benefits.

The Debtor contends that the claim asserted in the instant proceedings should be disallowed as the issue is with the "insurer not debtor". Frank A. Arnone respectfully

suggests, however, that it is yet to be determined whether the long term disability benefits are <u>employer funded</u> or <u>fully insured</u> with Unum Provident Insurance Company. In the event the benefits are fully insured, Frank A. Arnone would have no issue with the instant claims being discharged out of Bankruptcy Court, fully reserving Mr. Arnone's rights to proceed against the insurance carrier.

Absent any such verification that the claims are fully insured, however, Mr. Arnone objects to any such discharge in the Bankruptcy Court proceedings.

WHEREFORE, Frank A. Arnone, would respectfully request this Honorable Court overrule the Debtors' Objection to the claims asserted by Frank A. Arnone.

Respectfully Submitted,

ROME, ARATA & BAXLEY, L.L.C.

BY: _____
W. CHAD STELLY, LA. #21140
BLAKE G. ARATA, JR. #1697
C. PERRIN ROME, III #17774
650 Poydras Street, Suite 2017
New Orleans, Louisiana 70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
Counsel for Frank A. Arnone

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by placing same in the United States mail, postage pre-paid and properly addressed on this __4__ day of __October__, 2006.

_____
W. CHAD STELLY, ESQ.