UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., | ) | CHAPTER 11 |
| | ) | |
| DEBTOR. | ) | |

### RESPONSE OF WESTLAND PLAZA ASSOCIATES, L.P. TO THE DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION TO (A) INDEMNIFICATION CLAIMS, (B) NO LIABILITY CLAIMS (C) NO LIABILITY MISCLASSIFIED CLAIMS, (D) OVERSTATED CLAIMS, (E) OVERSTATED MISCLASSIFIED CLAIMS, (F) UNLIQUIDATED CLAIMS, (G) MISCLASSIFIED CLAIMS AND (H) AMENDED AND SUPERSEDED CLAIMS

COMES NOW Westland Plaza Associates, L.P. ("Landlord"), by and through counsel, and files this response to the Debtors' Twenty-Third Omnibus Objection to (A) Indemnification Claims, (B) No Liability Claims, (C) No Liability Misclassified Claims, (D) Overstated Claims, (E) Overstated Misclassified Claims, (F) Unliquidated Claims, (G) Misclassified Claims and (H) Amended and Superseded Claims (the "Twenty-Third Objection") (Docket No. 11324) and shows the Court as follows:

1. On January 11, 2001, one of the debtors, Winn-Dixie Montgomery, Inc. (a/k/a Winn-Dixie Louisiana, Inc.) ("Tenant"), assumed and became the assignee of a July 15, 1999 lease agreement (the "Lease") between Westland Plaza Associates, L.P. and Jitney-Jungle Stores of America, Inc. for premises known as Westland Plaza in Jackson, Mississippi. Tenant's obligations under the Lease were guaranteed by Winn-Dixie Stores, Inc. ("Guarantor").

2. The Lease required payment of rent in the amount of $14,389.83 per month, and in addition, Tenant's pro-rata share of the charges for maintaining the common areas and reimbursements for taxes and insurance.

1

3. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq., in the United States Bankruptcy Court for the southern District of New York. On April 14, 2005, the Debtors' cases were transferred to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division.

4. The Lease was later rejected.

5. Landlord, by and through counsel, filed Claim No. 13454 in the amount of $214,551.29 (the "Claim"). The Claim consisted of a $2,140.00 administrative claim and a $212,411.29 rejection damage claim.

6. The Claim amended, superseded, replaced and reduced Claim No. 11966, giving credit for a re-lease of the subject premises.

7. On or about September 25, 2006, the Debtors filed their Twenty-Third Objection and objected to the Claim.

8. The Debtors' Twenty-Third Objection purports to reduce the Claim by $8,213.55 allegedly for "overstated rejection damages, and simply recites "misclassified claim", with no further explanation.

9. Landlord's counsel explained to counsel for the Debtors by email that the Claim was already reduced as to rejection damages, and was not misclassified in that it included a small component of an administrative claim. Attached as Exhibit "A" is a copy of undersigned counsel's email communication to counsel for the Debtors. As of this time, counsel for Landlord has not received any further response from the Debtors.

10. As previously stated, Landlord previously amended Claim No. 11966. After diligent efforts to locate a new tenant for, and to re-lease, the premises that had been affected by

Lease, Landlord was able to enter into a new Lease for those same premises as of April 19, 2006 with Maywood Foods, Inc., a Mississippi corporation ("Maywood"). The actual commencement date of that new lease and the date Maywood began to pay rents and charges was September 1, 2006.

11. The minimum monthly rent under the new lease is $10,666.67 per month, payable together with percentage rent of 1.5% of gross sales over $7 million. No percentage rent has been paid to date.

12. Landlord's rejection damages claim for the period October 1, 2005 – September 30, 2006, was calculated at $14,389.83 per month, plus Tenant's pro-rata share of common area maintenance costs, taxes, and insurance. The total rejection damages originally claimed was in the amount of $223,077.96.

13. The rents received by Landlord under the new lease with Maywood for the period September 1, 2006 – September 30, 2006 was only $10,666.67. Therefore, Landlord's rejection damages claim was already reduced accordingly:

$223,077.96

- 10,666.67

$212,411.29  - Reduced Rejection Damages Claim

This new $212,411.29 rejection damages claim amount is *in addition to*:

(a) $2,140.00 administrative claim included in the Claim; and

(b) $28,654.43 claimed in Landlord's June 16, 2005 proof of claim for prepetition amounts owed.

14. All responses to the foregoing should be sent to the undersigned.

WHEREFORE, Landlord files this response to the Debtors' Twenty-Third Objection and

3

objects to the same. Landlord respectfully requests that the Court find (i) the Claim, as filed, to be the true and accurate amount owing to Landlord, and (ii) for such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of October, 2006.

Respectfully submitted:

SESSIONS, FISHMAN & NATHAN, L.L.P.
J. David Forsyth
201 St. Charles Avenue, 35th Floor
New Orleans, LA   70170
Telephone: (504) 582-1521
Facsimile: (504) 582-1585
E-mail: jdf@sessions-law.com

By: /s/ J. David Forsyth
J. DAVID FORSYTH
Attorneys for Westland Plaza Associates, L.P.

## CERTIFICATE OF SERVICE

This is to certify that on the 16th day of October, 2006, I caused to be served a true and correct copy of the Response of Westland Plaza Associates, L.P. to the Debtors' Twenty-Third Omnibus Objection to A) Indemnification Claims, (B) No Liability Claims, (C) No Liability Misclassified Claims, (D) Overstated Claims, (E) Overstated Misclassified Claims, (F) Unliquidated Claims, (G) Misclassified Claims and (H) Amended and Superseded Claims to be served upon counsel for the Debtors by electronic mail addressed as follows:

> Skadden, Arps, Slate, Meagher & Flom LLP
> Attn:   D. J. Baker
>            Jane Leamy
> Four Times Square
> New York, NY  10036
> djbaker@skadden.com
> jleamy@skadden.com
> Facsimile:  (212) 735-2000

*Counsel for Debtors*

                 /s/  J. David Forsyth
                 J. David Forsyth

Mob/6553-19649/Response to 23 Omnibus Objection – Winn Dixie Stores Inc case 101606.doc

## J. David Forsyth - Fwd: Winn-Dixie / Westland Plaza Associates

**From:** J. David Forsyth
**To:** Leamy, Jane
**Date:** 10/10/06 11:11AM
**Subject:** Fwd: Winn-Dixie / Westland Plaza Associates
**CC:** djbaker@skadden.com; dtay@stirlingprop.com

Jane:

I am following up on this as well. Can you please get back to me about it when you have a chance? Thanks.

>>> J. David Forsyth 10/04/06 10:20AM >>>
Jane:

I am writing you again on behalf of Westland Plaza Associates, this time about yet another objection affecting one of its claims. Attached for your ready reference is Winn-Dixie's 23rd omnibus objection.

You will see that on Exhibit "E" it addresses Westland Plaza's claim number 13454, reducing the claim of $214,551.29 by $8,213.55 to $206,337.74.

You may recall that this claim was already an amendment to a prior claim. The rejection damages were reduced by $10,666.67 because of a subsequent re-letting of the premises, to a total rejection damage claim of $212,411.29.

In addition, the claim includes an administrative claim of $2,140.00 arising from damge caused to the premises during the GOB sale, which we have discussed before.

Exhibit "E" to the omnibus objection only states that the claim was reduced to reflect "removal of $8,213.55 for overstated rejection damages [and] also, missclassified claim".

Can you please get back to me with an explanation as to why the rejection damages (already reduced) were reduced?

Can you also explain the reason for the contention of a "misclassified claim"? I assume that this is in reference to the $2,140 administrative component of the claim, but since the claim was the result of damages caused during the GOB sale, we believe it is properly an administrative claim.

Since there is a hearing on October 25, and our response deadline is October 16, I would appreciate it if you would try to obtain responses from Winn-Dixie and get back to me well in advance of the October 16 response deadline.

Thanks very much for your past and present courtesies.

-jdf-