**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

DEBTORS' MOTION SEEKING APPROVAL OF STIPULATION
REGARDING PROOFS OF CLAIM FILED BY
PASCO COUNTY BOARD OF COUNTY COMMISSIONERS

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, (ii) Rosalie Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com and (iii) Office of the United States Trustee, 135 west Central Boulevard, Room 620, Orlando, Florida 32801, ElenaL.Escamilla@usdoj.gov.

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates hereby

move pursuant to Rules 2002 and 9019, Federal Rules of Bankruptcy Procedure, and Local Rule

2002-4, for entry of an order in the form attached as Exhibit A, approving the attached

Stipulation regarding the proofs of claim filed in these cases by Pasco County Board of County

Commissioners. If no objection to the proposed Stipulation and Order is filed and served within

the time set forth above, the Debtors will ask the Court to enter the Order without further notice

or hearing.

Dated:  October 16, 2006

SKADDEN, ARPS, SLATE, MEAGHER                SMITH HULSEY & BUSEY
& FLOM LLP

By   /s/ D. J. Baker                          By   /s/ Cynthia C. Jackson
       D. J. Baker                                   Stephen D. Busey
       Sally McDonald Henry                          Cynthia C. Jackson (FBN 498882)
       Rosalie Walker Gray
       Adam S. Ravin

Four Times Square                             225 Water Street, Suite 1800
New York, New York 10036                      Jacksonville, Florida  32202
(212) 735-3000                                (904) 359-7700
(212) 735-2000 (facsimile)                    (904) 359-7708 (facsimile)
djbaker@skadden.com                           cjackson@smithhulsey.com

Co-Counsel for Debtors                        Co-Counsel for Debtors

**<u>Exhibit A</u>**

1165979.01-New York Server 7A - MSW

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

### ORDER APPROVING STIPULATION
### REGARDING PROOFS OF CLAIM FILED BY PASCO
### COUNTY BOARD OF COUNTY COMMISSIONERS

These cases came to be heard upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") for approval of the attached stipulation (the "Stipulation") between the Debtors and Pasco County Board of County Commissioners (the "Motion"). The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to object within 20 days of the date of service. No party filed an objection within the time permitted. The Court therefore considers the matter to be unopposed; it is

ORDERED that the Motion is granted and the Stipulation is approved.

Dated this ____ day of _____, 2006, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:
Cynthia C. Jackson, Attorney for Debtors
Adam S. Ravin, Attorney for Debtors
Anthony M. Salzano, Attorney for Pasco County

**<u>Exhibit 1</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## STIPULATION REGARDING PROOFS OF CLAIM FILED BY
## PASCO COUNTY BOARD OF COUNTY COMMISSIONERS

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") on the one hand, and Pasco County Board of County Commissioners ("Pasco County") on the other hand, stipulate as follows:

### RECITALS

A.     On February 21, 2005, the Debtors filed voluntary petitions for reorganization relief under chapter 11 of the Bankruptcy Code.

B.     On May 31, 2005, Pasco County timely filed a Proof of Claim in the amount of $5,197.57, which Claim was assigned Claim Number 3269 (the "Pasco County Claim").

C.     On July 31, 2006, the Debtors filed the Debtors' Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims, and (C) Overstated Misclassified Claims (the "Claims Objection") in which the Debtors sought to reclassify several claims including the Pasco County Claim.  Pasco County did not file a response to the Claims Objection.

D.     On August 9, 2006, the Debtors filed the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated August 9, 2006 (as amended, the "Plan").

E.     On August 31, 2006, the Court entered the Order (a) Reclassifying Misclassified Claims, (b) Reducing Overstated Claims and (c) Reducing and Reclassifying Overstated

Misclassified Claims, which reclassified the Pasco County Claim as an unsecured claim under the Plan.

F.      The Debtors have further reviewed the Pasco County Claim.

G.      The Debtors and Pasco County have resolved the treatment of the Pasco County Claim under the Plan.

H.      The Debtors and Pasco County agree that entry of this Stipulation is in the best interests of the Debtors' respective estates.

### AGREEMENT

NOW THEREFORE, IT IS AGREED, subject to approval of the Bankruptcy Court, that:

1.      The Pasco County Claim will be reclassified and allowed as a Class 11 Other Secured Claim (as defined in the Plan) in the amount of $4,696.84.

2.      To the extent the Debtors determine that any amounts are owed to the landlords party to the leases for Winn-Dixie Store Number 651 and/or Winn-Dixie Store Number 655 (collectively, the "Leases"), such amounts will be satisfied upon the Debtors' assumption of the Leases in accordance with the terms of the Bankruptcy Court's order approving such assumptions.

*[signatures on following pages]*

2

Dated as of October 12, 2006:

| | |
|---|---|
| **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** | **PASCO COUNTY BOARD OF COUNTY COMMISSIONERS** |
| By    _/s/ Adam S. Ravin_<br>        Adam S. Ravin | By    _/s/ Anthony M. Salzano_<br>        Anthony M. Salzano |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>aravinr@skadden.com | West Pasco Government Center<br>7530 Little Road, Suite 340<br>New Port Richey, Florida 34654<br>Ph: (727) 847-8120/ Fax (727) 847-8021<br>asalzano@pascocountyfl.net |
| **COUNSEL TO DEBTORS** | **COUNSEL TO PASCO COUNTY BOARD OF COUNTY COMMISSIONERS** |

3