Hearing Date: November 16, 2006 at 1:00 p.m.
Response Deadline: November 9, 2006 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

## DEBTORS' OBJECTION TO APPLICATION OF F.R.O., LLC VII FOR ALLOWANCE OF ADMINISTRATIVE CLAIM

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), object under 11 U.S.C. § 503 and Fed. R. Bankr. P. 3007 (the "Objection") to the Application of F.R.O., LLC VII for Allowance of Administrative Claim (the "Motion") (Docket No. 3486) and, for the reasons set forth below, seek entry of an order (the "Proposed Order") denying the Motion. In support of this Objection, the Debtors respectfully represent as follows:

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

## BACKGROUND

A. <u>The Chapter 11 Filings</u>

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4. On August 9, 2006, the Debtors filed their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, together with a Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"). The hearing to consider confirmation of the Plan is scheduled to commence on October 13, 2006.

5. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief requested are section 503 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BASIS FOR DENIAL OF RELIEF REQUESTED IN APPLICATION

7. In the Motion, F.R.O., LLC VII ("Movant") claims that it is owed certain amounts in connection with the non-residential real property lease for Winn-Dixie Store Number 811 (the "Lease"). Specifically, Movant claims that it is entitled to payment of rent and real estate taxes that allegedly arose after the Petition Date but prior to the rejection of the Lease.

8. The Debtors have reviewed their books and records and have confirmed that any administrative amounts that were owed under the Lease for such period have now been paid. Based upon these payments, the Debtors have requested that the Movant confirm that no further amounts are now owed, but efforts to communicate with Movant's counsel have not been successful.

## RESPONSES TO THE OBJECTION

9. To contest this Objection, Movant must file a written response to the Objection (a "Response") in the manner proscribed in the Notice of Hearing that was filed contemporaneously with this Motion (the "Notice"). Only a Response made in writing and timely filed and received will be considered by the Court at any such hearing.

10. If the Movant fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors will ask the Court to enter the Proposed Order denying the Motion.

11. If a Response is properly and timely filed and served in accordance with the procedures set forth in the Notice, the Debtors will endeavor to reach a consensual resolution with the Movant. If no consensual resolution is reached, a hearing has been noticed for

**November 16, 2006, at 1:00 p.m. (Eastern Time)**, or such other date and time as the Movant may be notified, to conduct a status conference and enter a scheduling order. The Debtors reserve the right to seek to adjourn the scheduled hearing.

### NOTICE

12. A copy of this Objection has been served upon counsel to the Movant. The Debtors submit that no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court (i) grant the relief requested by this Objection, (ii) enter the Proposed Order attached as Exhibit A denying the Motion, and (iii) grant such other and further relief as is just and proper.

Dated: October 16, 2006

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By   *s/ D. J. Baker*<br>     D. J. Baker<br>     Sally McDonald Henry<br>     Rosalie Walker Gray<br>     Adam S. Ravin<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By   *s/ James H. Post*<br>     Stephen D. Busey<br>     James H. Post<br>     Cynthia C. Jackson,<br>     Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Debtors.[1] ) | Jointly Administered |

**ORDER DENYING APPLICATION OF F.R.O., LLC VII
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM**

These cases came before the Court for hearing on November 16, 2006, upon the Motion of F.R.O., LLC VII for Allowance of Administrative Claim (the "Motion").[2] Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed an objection to the Motion in which they asserted that any administrative obligations owed by the Debtors with respect to the Lease had been paid (the "Objection"). Upon consideration, it is

ORDERED AND ADJUDGED:

1. The Objection is sustained.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

2. The Motion is denied, with prejudice, based upon payments made by the Debtors.

Dated this ____ day of November, 2006 in Jacksonville, Florida.

                                                                                      Jerry A. Funk
                                                                                      United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

2