UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## ORDER APPROVING STIPULATION REGARDING PROOFS OF CLAIM FILED BY DEUTSCHE BANK TRUST COMPANY AMERICAS

These cases came to be heard upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above captioned case (collectively, the "Debtors") for approval of the attached stipulation (the "Stipulation") between the Debtors and Deutsche Bank Trust Company Americas. The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to object within 20 days of the date of service. No party filed an objection within the time permitted. The Court therefore considers the matter to be unopposed; it is

ORDERED that the Motion is granted and the Stipulation is approved.

Dated this 16 day of October, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:
Cynthia C. Jackson, Attorney for Debtors
Adam S. Ravin, Attorney for Debtors
Dennis J. Drebsky, Attorney for Deutsche Bank

**Exhibit 1**

668504-New York Server 1A - MSW

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: ) Case No. 05-03817-3F1
)
WINN-DIXIE STORES, INC., et al., ) Chapter 11
)
Debtors. ) Jointly Administered
)

## STIPULATION REGARDING PROOFS OF CLAIM FILED BY DEUTSCHE BANK TRUST COMPANY AMERICAS

Winn-Dixie Stores, Inc. ("Winn-Dixie Stores") and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above captioned case (collectively, the "Debtors") and Deutsche Bank Trust Company Americas, Pass-Through Trustee for itself and the parties in interest under the Pass Through Trust Agreement, the Indentures and the Leases (each as defined below) (collectively, along with any affiliates of the foregoing, "Deutsche Bank"), stipulate as follows:

### RECITALS

A.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 1330 as amended.

B.    On August 9, 2006, the Debtors filed a Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"), together with a Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as amended or modified, the "Plan"). The hearing to consider confirmation of the Plan is scheduled for October 13, 2006.

C.    Deutsche Bank (formerly known as Bankers Trust Company) is acting as (i) Pass-Through Trustee under the Amended and Restated Pass-Through Trust Agreement (Winn-Dixie

Pass-Through Certificates, Series 1999-1), dated as February 1, 2001, among Deutsche Bank, as Indenture Trustee, First Union National Bank (now know as Wachovia Bank, N.A.), as Servicer, and Deutsche Bank, as Pass-Through Trustee (the "Pass Through Trust Agreement") and (ii) Indenture Trustee under fifteen Indentures ("Indentures," as that term is defined in the Pass-Through Trust Agreement) under which the secured notes described in paragraph D were issued.

D. In the transaction contemplated by the Pass-Through Trust Agreement, certain of the Debtors sponsored the issuance of over $402 million in securities denominated "Winn-Dixie Pass-Through Certificates, Series 1999-1" (the "Certificates") of which approximately $245.2 million remains outstanding as of the date hereof. The Certificates represent undivided interests in a pool of notes issued pursuant to the Indentures that are secured, *inter alia*, by (a) mortgages on fifteen manufacturing, warehouse and office properties each owned by a single-location, special purpose entity and leased, under one of fifteen separate, single-location leases (the "Leases")[1], to Winn-Dixie Stores or a wholly-owned subsidiary thereof and fully guaranteed by Winn-Dixie Stores under a guaranty agreement, (b) assignments of such Leases and (c) a Residual Value Surety Bond issued by Centre Reinsurance (U.S.) Limited to assure the residual value of the leased premises at the end of the Lease terms.

E. Following the Petition Date, Deutsche Bank timely filed the following proofs of claim relating to the following properties (the "Claims")[2]:

---

[1] The lessors under the Leases include: FU/WD Atlanta, LLC, FU/WD Opa Locka, LLC, ZSF/WD Bartow, LLC, ZSF/WD Charlotte, LLC, ZSF/WD Clayton, LLC, ZSF/WD Fitzgerald, LLC, ZSF/WD Greenville, LLC, ZSF/WD Hammond, LLC, ZSF/WD High Point, LLC, ZSF/WD Jacksonville, LLC, ZSF/WD Montgomery-31, LLC, ZSF/WD Montgomery-Gunter, LLC, ZSF/WD Opa Locka, LLC, ZSF/WD Orlando, LLC, and ZSF/WD Sarasota, LLC. Deutsche Bank holds an absolute assignment of the Leases dated August 10, 1999.

[2] On or about December 20, 2005, Deutsche Bank sought to amend Claim Numbers 8877, 8879, 8880, 8881, and 8883 by filing four amendments, which were assigned Claim Numbers 12795, 12796, 12797, and 12798 (such amendments, the "Amended Claims"). The Amended Claims were disallowed by the Order (A) Disallowing No Liability Claims (B) Disallowing No Liability Misclassified Claims and (C) Reclassifying Misclassified Claims as Set Forth in the Debtors' Eleventh Omnibus Claims Objection dated June 15, 2006 (the "Eleventh Omnibus Claims Order").

| Claim Number | Facility Location |
|---|---|
| 8869[3] | Miami Florida Dairy |
| 8870 | Orlando Florida Distribution Center |
| 8871 | Sarasota Florida Distribution Center |
| 8872 | Jacksonville Florida Corporate Headquarters |
| 8873 | Miami Florida Distribution Center |
| 8874 | Bartow Florida Egg Plant |
| 8875 | Fitzgerald Georgia (Deep South/Chek Beverage) |
| 8876 | Hammond Louisiana Distribution Center |
| 8877 | Atlanta Georgia Distribution Center |
| 8878 | Montgomery Alabama Perishables Distribution Center |
| 8879 | Montgomery Alabama Pizza Plant |
| 8880 | Greenville South Carolina Distribution Center |
| 8882 | Clayton North Carolina Distribution Center |
| 8883 | Charlotte North Carolina Distribution Center |
| 8868 | Guarantee Claim against all aforementioned locations |

F. Following discussions between the parties, Deutsche Bank advised the Debtors that the Claims that related to the Leases that were rejected by the Debtors (Claims 8868, 8871, 8874, 8877, 8879, 8880, 8882, and 8883) totaled approximately $52.2 million

G. Additionally, Deutsche Bank timely filed a proof of claim for claims associated with a dairy in Highpoint, North Carolina (Claim Number 8881) (the "Highpoint Claim").

H. On June 30, 2006, the Debtors filed the Second Omnibus Motion for Authority to (i) Assume Non-Residential Real Property Leases, (ii) Fix Cure amounts and (iii) Grant Related Relief (Docket No. 8941) (the "Assumption Motion"). The Assumption Motion sought authorization to assume several of the Leases.[4]

---

[3] Claim Number 8869 was disallowed by the Eleventh Omnibus Claims Order. Notably, the dairy to which that claim relates was sold pursuant to the Order Approving Debtors' (A) Sale of Miami Dairy Assets Free and Clear of Liens, (B) Assumption and Assignment of Miami Dairy Lease and (C) Related Relief dated December 22, 2005. Such Order, among other things, released Winn-Dixie Stores, Inc., and Winn-Dixie Logistics, Inc. from their respective obligations under the subject Lease.

[4] The Leases sought to be assumed by the Assumption Motion corresponded to Claim Numbers 8870, 8872, 8873, 8875, 8876, and 8878.

3

I.  On July 31, 2006, Deutsche Bank filed an objection to the Assumption Motion (the "Objection") arguing, among other things, that the cure amounts proposed in the Assumption Motion should be increased to reflect additional items.

J.  The Debtors have reviewed the Claims and the Objection.

K.  The Debtors and Deutsche Bank have resolved the allowance and/or treatment of the Claims and the Objection.

L.  The Debtors and Deutsche Bank agree that entry of this Stipulation is in the best interests of the Debtors' respective estates and the interests of Deutsche Bank and the parties in interest under the Pass Through Trust Agreement and the Indentures.

**AGREEMENT**

NOW THEREFORE, IT IS AGREED, subject to approval of the Bankruptcy Court, that:

1.  Claim 8871 will be allowed as a Class 13 Landlord Claim (as defined in the Plan) in the amount of $51.5 million.[5]

2.  Except as provided in numbered Paragraph 1 of this Stipulation, each of the Claims will be disallowed and expunged, with prejudice.[6]

3.  Deutsche Bank will withdraw the Objection, with prejudice, within two (2) days of the entry of this Order.

4.  The Highpoint Claim (Claim Number 8881) will not be affected by this Stipulation.

---

[5] The allowance of Claim 8871 in the amount of $51.5 million is intended as a global settlement of the several Claims noted in Paragraph F. Deutsche Bank has indicated that it will make the necessary internal allocations to ensure that the proceeds of the settlement are appropriately allocated among the appropriate Certificate holders.

[6] Under this Stipulation, the following Claims will be disallowed and expunged: 8868, 8870, 8871, 8872, 8873, 8874, 8875, 8876, 8877, 8878, 8879, 8880, 8882, and 8883.

5. Deutsche Bank will be precluded from asserting any administrative claims with respect to the Leases that are the subject of this Stipulation and, except as set forth specifically in this Stipulation, Deutsche Bank waives and releases any and all claims that it may have against the Debtors or any of them up to and through the date of this Stipulation, *provided, however,* that nothing in this Paragraph is intended to limit the fees and expenses that Deutsche Bank is entitled to recover pursuant to Section 12.3 of the Plan (as more specifically described in Article VI. B. of the Disclosure Statement).

6. In the event the Plan is not confirmed, the Claims disallowed by this Stipulation will be deemed reinstated.

Dated as of September 19, 2006:

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | NIXON PEABODY, LLP |
|---|---|
| By  /s/ Sally McDonald Henry<br>  D. J. Baker<br>  Sally McDonald Henry<br>  Rosalie Walker Gray<br>  Adam S. Ravin<br><br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By  /s/ Dennis J. Drebsky<br>  Dennis J. Drebsky<br><br><br><br><br>437 Madison Avenue<br>New York, New York 10022<br>(212) 940-3091<br>(866) 678-8786  (facsimile)<br>ddrebsky@nixonpeabody.com |
| **COUNSEL TO DEBTORS** | **COUNSEL TO DEUTSCHE BANK** |