UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

### ORDER (I) AUTHORIZING ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIXING CURE AMOUNTS AND (III) GRANTING RELATED RELIEF

These cases came before the Court for hearing upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105(a) and 365 (the "Motion") (i) approving and authorizing the Debtors to assume non-residential real property leases identified on Exhibit A attached to the Motion, effective as of the effective date of the Debtors' joint plan of reorganization (Docket No. 10058) (the "Effective Date"),[1] (ii) fixing the costs of assumption at the proposed cure amounts identified on Exhibit B attached to the Motion (collectively, the "Proposed Cure Amounts"), and (iii) granting related relief. By the Motion, the landlords were given until June 30, 2006 to object to the Motion and the Proposed Cure Amounts. Benderson Development Company, LLC, the landlord for store numbers 637, 651, 656, 660 and 737 (the "Benderson Stores") filed objections to the Proposed Cure Amounts (collectively, the "Cure Objections") and to the Debtors' assumption of their respective leases (collectively, the "Assumption Objections"). The Court has reviewed the Motion and upon consent of the parties, it is

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

ORDERED AND ADJUDGED THAT:

1. The Motion is granted as to the leases for the Benderson Stores (the "Leases").

2. The Leases are assumed as of the Effective Date.

3. The Assumption Objections are overruled.

4. On the Effective Date Winn-Dixie shall pay Benderson the amounts listed on attached Exhibit A as cure.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. The Court retains jurisdiction to hear and determine any disputes over the amounts required to cure the Assumed Leases as of the Effective Date, and all other matters arising from the implementation of this Order.

7. In the event the Effective Date does not occur the leases for the Benderson Stores shall be deemed rejected.

Dated this __16__ day of October, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve a copy of this Order on all parties who received copies of the Motion

545217

## EXHIBIT A

| Benderson Store No. | Cure |
|---|---|
| 637 | 50,219.80 |
| 651 | $78,071.85 |
| 656 | $19,398.85 |
| 660 | $201,393.26 |
| 737 | $183,384.77 |