IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | Case No. 05-03817-3F1 Jointly Administered |
| WINN-DIXIE MONTGOMERY, INC. | 05-03837-JAF |
| ("the Debtors") | Claim No.: 2138 |

## NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2) FOR FILED CREDITOR, MCKINNEY, CAROLYN, IN THE AMOUNT OF $20,000.00, TO VONWIN CAPITAL MANAGEMENT, L.P.

**To Transferor:**   MCKINNEY, CAROLYN
STAR ROUTE BOX 25
BELEFONTAINE, MS 39737

PLEASE TAKE NOTICE that the transfer of $20,000.00 of the above-captioned general unsecured claim has been transferred to:

**Transferee:**   VonWin Capital Management, L.P.
Attn: Roger Von Spiegel, Managing Director
60 Madison Avenue, Suite 201
New York, NY 10010

The evidence of transfer of claim is attached hereto. A copy of the Proof of Claim listing the claim is attached hereto as Exhibit A. A copy of the Agreed Oder of Resolution of Litigation is attached hereto as Exhibit B.

No action is required _if you do not object_ to the transfer of your claim. However, if you do object to the transfer of your claim, within __20 days__ of the date of this notice, you must file a written objection with the Office of the Clerk, United States Bankruptcy Court, District of Delaware, 824 N Market St., 3rd Floor, Wilmington, DE 19801. If your objection is not timely filed, the transferee will be substituted in your place as the claimant on our records in this proceeding.

---

*(FOR CLERK'S OFFICE USE ONLY):*
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2006.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtors's Attorney ___

_____
Deputy Clerk

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:

Ch-11 Winn-Dixie Montgomery, Inc.

Debtor

Case No. 05-03837

Chapter 11

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO RULE 3001(e)

PLEASE TAKE NOTICE that any and all claims of Carolyn McKinney ("Assignor") that are scheduled by the Debtor(s) and or filed as an original or amended Proof of Claim against the Debtor(s), including but not limited to the following:

| Allowed Claim Amount | Claim No. |
|---|---|
| $20,000.00 | 2138 |

have been transferred and assigned to VonWin Capital Management, L.P. ("Assignee"). The signature of Assignor on this document is evidence of the transfer of the claims and all rights thereto.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.

ASSIGNEE: VonWin Capital Management, L.P.
Address: 60 Madison Avenue, Suite 201
New York, NY 10010
Signature:
Name:
Title: Roger von Spiegel
         Managing Director
Date:

ASSIGNOR: McKinney, Carolyn
Address: Star Route Box 25
Belefontaine, MS 39737
Signature: Carolyn McKinney
Name: Carolyn McKinney
Title: Claimant
Date: 10-16-06

STATE OF MISSISSIPPI
COUNTY OF LOWNDES

Carolyn McKinney's signature sworn to and subscribed before me this the 16th day of October, 2006.

Notary Public

My commission expires:
MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES APR 4 2009

# EXHIBIT

# A

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Name of Debtor Against Which You Assert Your Claim:
Debtor Name: Winn Dixie Store    Case No: 05-0387-3F1
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

Your claim is scheduled as follows

**Debtor**
Winn-Dixie Stores, Inc
**Classification**
Unsecured Non-Priority Claim
**Scheduled Amount**
$.00
Disputed Contingent Unliquidated

DEBTOR WINN - DIXIE STORES, INC
U S BANKRUPTCY COURT M D -FLORIDA
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11

## CLAIM NO.: 2138

1. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

19956984
Creditor Id WDX-387111-B1-54
MCKINNEY, CAROLYN
STAR ROUTE BOX 25
BELEFONTAINE, MS 39737

Telephone No of Creditor: 662-258-4930

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars
☒ Check box if you have never received any notices in this case

3. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above ☐ additional address
Name _____
Company/Firm _____
Address _____

Account or Other Number by Which Creditor Identifies Debtor: _____

Check here if this claim ☒ replaces ☐ amends a previously filed claim, dated _____

1. Basis for Claim
   - ☐ Goods sold to debtor(s)
   - ☐ Services performed for debtor(s)
   - ☐ Goods purchased from debtor(s)
   - ☐ Money loaned
   - ☒ Personal injury/property damage
   - ☐ Other: Hospital bills
   - ☐ Taxes
   - ☐ Severance agreement
   - ☐ Refund
   - ☐ Real property lease
   - ☐ Personal property lease
   - ☐ Other contract _____
   - ☐ Retiree benefits as defined in 11 U S C § 1114(a)
   - ☒ Wages, salaries, and compensation (fill out below)
     Last four digits of SSN _____
     Unpaid compensation for services performed from 6-17-04 to 8-04

2. Date debt was incurred: 6-17-2004

3. If claim is based on a Court Judgment, date obtained: _____

4. Total Amount of Claim at Time Case Filed:
   $20,000 (unsecured)   $30,000 (secured)   $___ (priority)   $___ (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges

5. Secured Claim.
☒ Check this box if your claim is secured by collateral (including a right of setoff)
Brief description of Collateral
☐ Real Estate  ☒ Motor Vehicle  ☒ Other: Hospital Bills
Value of Collateral $ 50,000
Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

6. Unsecured Nonpriority Claim $ 20,000
☒ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim
☒ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507 (a) (3)
☐ Contributions to an employee benefit plan – 11 U S C § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507 (a) (7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507 (a) (8)
☐ Other – Specify applicable paragraph of 11 U S C § 507 (a) ( )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim
9. Supporting Documents. Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain If the documents are voluminous, attach a summary
10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

This Space Is For Court Use Only

U.S. BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA
2005 MAY 19 PM 1:15
RECEIVED LOGAN & COMPANY, INC AS AGENT

Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print: Carolyn McKinney   Title: Creditor
Signature: Carolyn McKinney

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

AGREED ORDER OF RESOLUTION OF THE LITIGATION
CLAIM OF CAROLYN MCKINNEY (CLAIM NO. 2138)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimant, Carolyn McKinney (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). The Court finds that the proposed Agreed Order is for an agreed amount less than the $50,000 minimum established in the Claims Resolution Procedure. Accordingly, it is

ORDERED AND ADJUDGED:

1. Claim No. 2138 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $20,000.00 against Winn-Dixie Montgomery, Inc. in Case No. 05-03837 to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

2. This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 2138 and (ii) all other claims the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

00536319

RECEIVED
AUG 1 1 2006

9996

3. The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to any Litigation Claim, or make any admission of liability. The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement.

4. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this __1__ day of __August__, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

00536319

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By _____
James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Debtors

COLOM
THE ~~COLON~~ LAW FIRM, LLC

By _____
Edward L. Pleasants, III

P.O. Box 866
Columbus, Mississippi 39703-0866

Attorney for the Claimant

00536319