B210
(12/04)

## UNITED STATES BANKRUPTCY COURT
### Middle District of Florida

In re: WINN DIXIE STORES, INC.,    Case No. 05-03817
(Jointly Administered)
Court ID (Court use only) _____

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed.R.Bankr.P., of the transfer, other than for security, of the claim referenced in this notice.

| SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, LTD<br><br>Name of Transferee | Daisy Brand, LP f/k/a Daisy Brand, Inc.<br><br>Name of Transferor |
|---|---|
| Name and Address where notices to transferee should be sent<br>SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, LTD<br>Two Greenwich Plaza, 1st Floor<br>Greenwich, CT 0683<br>Attn: Brian A. Jarmain | Court Record Address of the transferor<br>(Court Use Only) |
| Last Four Digits of Acct. #:<br>**Transfer Amount: $135,108.14** | Last Four Digits of Acct. #: |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of transferor<br>**Daisy Brand, LP**<br>12750 Merit Drive<br>Suite 600-LB158<br>Dallas, TX 75251<br>    Attn: Gary Wilks |
| Phone: 203-542-4126<br>       203-542-4255 | Phone: |
| Last Four Digits of Acct #: | Last Four Digits of Acct #: |
| Court Claim # (if known):<br>Date Claim Filed: | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Brian A. Jarmain    Date: October ___, 2006

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**DEADLINE TO OBJECT TO TRANSFER**

The transferor of claim named above is advised that this Notice of transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____    _____
                                 CLERK OF THE COURT

{00200353.DOC;}    O:\8089.035\Transfers\pNOT.Citicorp

SILVER POINT CAPITAL
CONFIDENTIAL

## ASSIGNMENT OF CLAIM

1. DAISY BRAND, LP (FORMALLY KNOWN AS DAISY BRAND, INC.), its successors and assigns ("Assignor"), for good and valuable consideration the sufficiency of which is hereby acknowledged, hereby agrees to absolutely and unconditionally sell, transfer and assign to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., their successors and assigns ("Assignee"), upon receipt of the Purchase Price, all right, title and interest in and to, or arising under or in connection with, certain claims of Assignor against Winn-Dixie Procurement, Inc. (the "Debtor"), the debtor-in-possession in Case No. 05-03838 (the "Cases") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court") arising prior to the filing of the Debtor's Chapter 11 petition in the aggregate amount of $135,108.14 (the "Assigned Claim Amount"), including without limitation, (i) all of Assignor's right, title and interest in and to any and all proofs of claim filed in respect of the Assigned Claim (excluding any claims under Section 502(h) of the Bankruptcy Code) (collectively, the "Proofs of Claim") (ii) all of Assignor's right, title and interest in said receivables, all agreements, instruments, invoices, purchase orders and other documents evidencing, or relating to the Assigned Claim (the "Documents") (iii) all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and (iv) all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or under the Bankruptcy Code or otherwise (collectively, the "Assigned Claim").

2. As used herein, (a) a "Final Order" shall mean an order of a court which has not been reversed, stayed, modified, amended or vacated and as to which (i) any appeal taken, petition for certiorari or motion for rehearing or reconsideration that has been filed, has been finally determined or dismissed or (ii) the time to appeal, seek certiorari or move for reconsideration or rehearing has expired and no appeal, petition for certiorari or motion for reconsideration or rehearing has been timely filed; (b) "Schedule of Liabilities" shall mean the Schedule of Liabilities prepared and filed by the Debtor in the Case pursuant to Section 521 of the Bankruptcy Code in accordance with Rule 1007 of the Bankruptcy Rules, and (c) "Business Day" means any day that is not a Saturday, Sunday, or any other day on which commercial banks in New York, New York, are authorized or required by law to be closed.

3. (a) Within two (2) Business Days of Assignee's receipt of (i) an excerpt from the Schedules of Liabilities listing the Assigned Claim as a unsecured claim against the Debtor that is not disputed, contingent or unliquidated, or (ii) a Final Order of the Bankruptcy Court allowing the Assigned Claim as an unsecured claim against the Debtor, in accordance with the wire transfer instructions set forth on Schedule A hereto, Assignee shall pay to Assignor an amount (the "Purchase Price") equal to the rate of cents per dollar set forth as the "General Unsecured Purchase Rate" on Schedule B (the "General Unsecured Purchase Rate"), multiplied by the Assigned Claim Amount.

(b) Within two (2) Business Days after Assignee's receipt of a Final Order of the Bankruptcy Court allowing or acknowledging the Assigned Claim in an amount higher than the Assigned Claim Amount, Assignee shall have the obligation to purchase and make payment to Assignor for such increased claim amount (the "Excess Claim Amount") at the General Unsecured Purchase Rate.

4. Assignor represents and warrants to Assignee that: (i) it is duly authorized and empowered to execute and perform this Assignment of Claim; (ii) this Assignment of Claim constitutes a valid, legal and binding agreement of Assignor, enforceable against it in accordance with its terms; (iii) Assignor is the sole owner of and has good legal and beneficial title to the Assigned Claim, free and clear of all liens, security interests or encumbrances of any kind or nature whatsoever, including without limitation, pursuant to any factoring or other financing agreement; (iv) Assignor has obtained and delivered to Assignee releases (in form and substance satisfactory to Assignee) by any secured party of any security interest in the Assigned Claim held by such party; (v) Assignor has not previously sold or assigned the Assigned Claim, in whole or in part, to any party; (vi) neither the execution, delivery or performance of this Assignment of Claim nor the consummation of the transactions contemplated hereby will violate any law, rule, regulation, order, agreement, or instrument affecting the Assignor or the Assigned Claim; (vii) the Assigned Claim is a valid, allowable, undisputed, noncontingent, liquidated claim in the Case in an amount of no less than $135,108.14; (viii) no objections have been received by Assignor or threatened to Assignor in respect of the Assigned Claim; (ix) the Assigned Claim, or any portion thereof is not subject to a currently pending avoidance action, or threatened with an avoidance action, under Section 547 of the Bankruptcy Code ("Avoidance Action"); (x) no payment has been received by or on behalf of Assignor in full or partial satisfaction of the Assigned Claim; (xi) Assignor has not engaged in any acts or conduct or made any omissions that will result in Assignee receiving proportionately less in payments or distributions under, or less favorable treatment (including the timing of payments or distributions) for, the Assigned Claim than is received by other parties holding general unsecured claims against the Debtor; (xii) Assignor is not an insider within the meaning of Section 101(31) of the Bankruptcy Code, and it is not now nor has it ever been a member of any creditors' committee appointed in the Case; (xiii) Assignor agrees to execute and deliver, or to cause to be executed and delivered, all such instruments and documents, and to take all such action as Assignee may reasonably request in order to effectuate the intent and purposes of, and to carry out the terms of, this Assignment of Claim; and (xiv) Assignor will delivered to Assignee true, correct and complete copies of the Supporting Claim Documents upon Assignee's request.

5. Assignor is aware that the consideration being paid by Assignee hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Assigned Claim pursuant the Bankruptcy Code or otherwise. Assignor represents that it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Assigned Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate, made its own decision to enter into this Assignment of Claim. Assignor and Assignee may each have access to or possess confidential material information regarding the Debtor not known to the other, including, without limitation, information received from the Debtor on a confidential basis or information received on a privileged basis from legal counsel and financial advisors representing the Debtor. Each party hereby waives any claim against the

2

other party deriving from or relating to any assertion that they did not have access to the same confidential information. Assignor acknowledges that Assignee may receive on a current basis material non-public information about Debtor, which is not known by Assignor. Notwithstanding Assignee not disclosing such confidential information to Assignor, Assignor desires to enter into this Assignment of Claim and Assignee shall have no liability whatsoever to Assignor based on Assignee's use, knowledge, possession or non-disclosure of such information and Assignor releases Assignee from liability therefrom.

6. In the event that all or any part of the Assigned Claim for which Assignee has paid Assignor pursuant to this Assignment of Claim is the subject of a Final Order, or a writing signed by Debtor finding all or any portion of the Assigned Claim to be invalid, disallowed, expunged or reduced (collectively, a "Disallowance"), Assignor agrees to immediately repay, on the request of and at the option of Assignee, an amount equal to (x)(A) that portion of the Assigned Claim subject to the Disallowance (the "Disallowed Claim") multiplied by (B) the Purchase Rate, plus (y) interest on such amount at the prime rate per annum, as set forth from time to time in *The Wall Street Journal* from the applicable date or dates of Assignee's payment to the date of repayment. For avoidance of doubt, any Final Order causing a permanent reduction in the amount of the Assigned Claim as a result of an Avoidance Action shall be subject to treatment as a Disallowance pursuant to the terms of this Section 6.

7. Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Assigned Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within five (5) Business Days in the case of cash and within ten (10) Business Days in the case of securities, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate. To the extent that the payment distribution made by the Debtor on account of the Assigned Claim is in the form of securities (the "Securities Distribution") and to the extent such Securities Distribution is issued in the name of Assignor, then within two (2) Business Days of Assignor's receipt of such Securities Distribution, Assignor shall take whatever steps are necessary to have such Securities Distribution reissued to or the ownership thereof transferred to Assignee.

8. Each party agrees to indemnify the other party from all losses, damages and liabilities, including attorney's fees and expenses, which result from such party's breach of any representations, warranties or covenants set forth herein. Assignee does not assume and shall not be responsible for any obligations or liabilities of Assignor related to or in connection with the Assigned Claim or the Case.

9. Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable necessary to enforce the Assigned Claim and the Assignor's rights thereunder or related thereto pursuant to this Assignment of Claim. Assignor agrees that the powers granted in this paragraph are discretionary in nature and exercisable at the reasonable option of Assignee except that Assignee shall, upon consultation with Assignor, take reasonable

3

and best efforts to prove, defend, demand or take any action with respect to the Assigned Claim or otherwise in the Case. Assignee shall promptly notify Assignor of any objection to the Assigned Claim. In the event of a Disallowance, Assignor shall assist Assignee (at Assignor's expense) in the defense of the Disallowed Claim. Assignor agrees at Assignor's expense to execute, acknowledge and deliver all such further certificates, instruments and other documents, and if requested by Assignee prepare a proof of claim, and to take all such further action as may be reasonably necessary or appropriate to effect assignment of the Assigned Claim and all interests therein to Assignee, including without limitation, the "Evidence of Transfer of Claim" attached as Exhibit A.

10. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Assignment of Claim and the purchase and sale of the Assigned Claim and the payment of the purchase price and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

11. EACH PARTY TO THIS ASSIGNMENT OF CLAIM HEREBY IRREVOCABLY CONSENTS TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK, COUNTY OF NEW YORK AND OF THE BANKRUPTCY COURT IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS ASSIGNMENT OF CLAIM OR OF ANY OTHER AGREEMENT OR DOCUMENT DELIVERED IN CONNECTION WITH THIS ASSIGNMENT OF CLAIM, AND ALSO HEREBY IRREVOCABLY WAIVES ANY DEFENSE OF IMPROPER VENUE, FORUM NON CONVENIENS OR LACK OF PERSONAL JURISDICTION TO ANY SUCH ACTION BROUGHT IN SUCH COURTS. EACH PARTY FURTHER IRREVOCABLY AGREES THAT ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISIONS OF THIS ASSIGNMENT OF CLAIM WILL BE BROUGHT ONLY IN SUCH COURTS AND EACH PARTY WAIVES ITS RIGHT TO TRIAL BY JURY.

12. Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code (including, but not limited to, Rule 3001 of the Bankruptcy Rules) or otherwise and stipulates that, upon receipt by Assignor of the Purchase Price, an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Assigned Claim.

13. This Assignment of Claim shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Assignment of Claim. This Assignment of Claim cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

14. This Assignment of Claim may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Assignment of Claim shall be deemed to

constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Assignment of Claim shall be deemed to be a duplicate original.

15. Assignor and Assignee agree to maintain the confidentiality of this Assignment of Claim, including the form and structure of the within agreement and any drafts thereof, including but not limited to maintaining such confidentiality with respect to Debtor, except to the extent required by applicable laws, regulations, or rules of any stock exchange, or by the order of any court; provided that either party may disclose this Assignment of Claim and the transactions contemplated hereby to permitted assignees hereunder; provided further, either party may disclose this Assignment of Claim and the transactions contemplated hereby to permitted assignees hereunder, or to their retained legal and other professional consultants, provided that such parties shall be obligated to maintain the confidentiality provisions contained herein.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim by its duly authorized representative dated as of April 27, 2006.

ASSIGNOR:

DAISY BRAND, LP (FKA DAISY BRAND, INC.)

By: _____
Name: David M. Sokolsky
Title: President

ASSIGNEE:

SPCP GROUP, L.L.C., as agent for
Silver Point Capital Fund, L.P., and
Silver Point Capital Offshore Fund, Ltd.

By: _____
Name: Michael A. Gatto
Title: Authorized Signatory

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: WINN-DIXIE PROCUREMENT, INC.                              Case No.: 05-11082 (RDD)

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| Creditor's Name and Mailing Address Including Zip Code | Date Claim Was Incurred and Consideration for Claim. If Claim Is Subject to Setoff, So State. | Contingent | Unliquidated | Disputed | Co-Debtor | Amount of Claim |
|---|---|---|---|---|---|---|
| **Sub Schedule:** ACCOUNTS PAYABLE | | | | | | |
| CURTIS PACKING CO<br>PO BOX 1470<br>GREENSBORO, NC 27402-1470<br>Creditor: 247355 - 12<br>Vendor: 0000033133 | 02/21/2005 | | | | | $26,554.19 |
| CUSTOM HEALTH CARE INC<br>PO BOX 827035<br>PHILADELPHIA, PA 19182-7035<br>Creditor: 384078 - 47<br>Vendor: 0000039303 | 02/21/2005 | | | | | $2,909.60 |
| CUSTOM STAFFING INC<br>OPERATION CENTER<br>PO BOX 60839<br>CHARLOTTE, NC 28260-0839<br>Creditor: 247372 - 12<br>Vendor: 0000769269 | 02/21/2005 | | | | | $6,413.29 |
| D. L. LEE & SONS INC.<br>PO BOX 206<br>HIGHWAY 32 EAST<br>ALMA, GA 31510<br>Creditor: 247451 - 12<br>Vendor: 0000041271 | 02/21/2005 | | | | | $139,936.80 |
| DAILY JUICE PRODUCTS<br>1 DAILY WAY<br>VERONA, PA 15147<br>Creditor: 278868 - 30<br>Vendor: 0000000053 | 02/21/2005 | | | | | $31,028.08 |
| DAIRY FRESH OF LA<br>PO BOX 600<br>BAKER, LA 70704-0600<br>Creditor: 247497 - 12<br>Vendor: 0000004491 | 02/21/2005 | | | | | $7,798.00 |
| DAISY BRAND INC<br>PO BOX 871078<br>DALLAS, TX 75087-1078<br>Creditor: 247501 - 12<br>Vendor: 0000040115 | 02/21/2005 | | | | | $135,108.14 |
| DAKOTA GROWERS PASTA CO<br>NW 7131<br>PO BOX 1450<br>MINNEAPOLIS, MN 55485-7131<br>Creditor: 247562 - 17<br>Vendor: 0000044563 | 02/21/2005 | | | | | $37,733.25 |

PAGE TOTAL:   **$387,481.35**