IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | **Chapter 11** |
| **WINN DIXIE STORES, INC., et al.,** | ) | |
| | ) | |
| **Debtors.** | ) | **Case No.: 05-03817-3F1** |

REQUEST OF CIVIC CENTER STATION, LTD. FOR ALLOWANCE AND PAYMENT
OF ADMINISTRATIVE EXPENSE CLAIM

Civic Center Station, Ltd. ("Civic Center"), by and through its undersigned counsel,

requests that the Court enter an Order for the allowance and payment of its administrative

expense claim pursuant to Bankruptcy Code § 503(b) and states as follows:

1. The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on

February 21, 2005 and continue to manage their affairs as debtors-in-possession.

2. At the time the Debtors filed their chapter 11 petitions, Civic Center and one of

the Debtors, Winn-Dixie Raleigh, Inc. (f/k/a Winn-Dixie Louisville, Inc.) (the "Debtor") were

parties to a lease agreement dated March 28, 1995 under which Civic Center leased certain

premises to the Debtor located at the Civic Center Plaza. A copy of the lease agreement is

attached hereto as Exhibit A.

3. Under the lease agreement, the Debtor was to make monthly payments in the

amount of $36,300.00 as base rent along with a percentage rental equal to 1.25% of the Debtor's

gross sales. The Debtor also was responsible for maintaining insurance at the property and for

paying all taxes, assessments and charges on land or improvements upon the property rented by

the Debtor.

4.      On or about May 21, 2005, the Debtor rejected the lease agreement with Civic

Center  As of the date the Debtor rejected the lease agreement with Civic Center, it owed

$12,246.64 for post-petition rent and other related charges. Those amounts include the

following:  $9,519.10 in monthly rent; $1,665.94 in post-petition January-March common area

maintenance charges; and $1,061.60 in post-petition/pre-rejection April-June 2005 common area

maintenance charges. See Exhibit B attached hereto for supporting documents.

5.      Bankruptcy Code § 503(b)(1)(A) requires the payment of administrative expenses,

including the "actual, necessary costs and expenses of preserving the estate." The post-petition

charges under the lease agreement were for the benefit of the Debtor's bankruptcy estate by

allowing the Debtor to continue to operate its business at the premises through the rejection date.

Further, Bankruptcy Code § 365(d)(3) requires a debtor in possession to timely perform the

obligations of a non-residential lease of real property until such lease is assumed or rejected.

Payment of the common area maintenance insurance and real estate taxes are obligations of the

Debtor under the lease agreement.

6.      Accordingly, Civic Center seeks allowance and payment of an administrative

claim pursuant to Bankruptcy Code §§ 503(b) and 365(d)(3) in the amount of $12,246.64.

WHEREFORE, Civic Center requests that the Court enter an order: (a) allowing its administrative claim; (b) requiring Debtors to pay the administrative claim within ten days from entry of the order; and (c) granting Civic Center all other relief the Court deems appropriate.

Dated this *18* day of October, 2006.

Respectfully submitted,

HELD & ISRAEL

By: _____
Kimberly Held Israel, Esquire
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
afrisch@hilawfirm.com
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

POLSINELLI SHALTON WELTE SUELTHAUS PC

JAMES E. BIRD (#28833)
AMY E. HATCH (#53116)
700 West 47th Street, Suite 1000
Kansas City, Missouri 64112
(816) 753-1000
Fax No. (816) 753-1536

3