UNITED STATES BANKRUPTCY COURT
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> WINN-DIXIE STORES, INC., *et al.*, ) <br> ) <br> Debtors. ) <br> ) <br> ) <br> ) | Case No. 05-03817-3F1 <br> Chapter 11 <br> Jointly Administered |

### SECOND SUPPLEMENTAL DECLARATION OF SAUL E. BURIAN PURSUANT TO BANKRUPTCY RULE 2014(A) AND SECTION 101(14) OF THE BANKRUPTCY CODE

SAUL E. BURIAN, under penalty of perjury, declares and says:

1. I am a Managing Director of the firm of Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan Lokey"), a financial advisory firm that maintains an office at 245 Park Avenue, New York, New York 10167. I am authorized to execute this declaration on behalf of Houlihan Lokey, and submit this declaration pursuant to Sections 328(a) and 1103(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code") and Rules 2014(a) and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[1]

### Background

2. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and certain affiliates (collectively, "Winn-Dixie" or the "Debtors") each filed a voluntary petition for relief

---

[1] Certain of the disclosures herein relate to matters within the knowledge of other professionals at Houlihan Lokey and are based on information provided by them.

under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

3. On March 1, 2005, the United States Trustee duly appointed the Committee.

4. By order dated April 13, 2005, the New York Bankruptcy Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtors' Chapter 11 cases and this matter is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the matters addressed herein are Sections 328 and 331 of the Bankruptcy Code.

### Retention of Houlihan Lokey

6. On March 3, 2005, the Committee retained Houlihan Lokey to act as the financial advisor to the Committee.

7. On March 29, 2005, the Committee filed an application with this Court (the "Retention Application") requesting authorization to employ and retain Houlihan Lokey as financial advisor to the Committee pursuant to Sections 328(a) and 1103 of the Bankruptcy Code. As noted in the Retention Application, Houlihan Lokey performed services for the Committee effective nunc pro tunc to March 3, 2005.

8. On June 3, 2005, this Court authorized the Committee to retain and employ Houlihan Lokey as financial advisor to the Committee in these Chapter 11 cases, pursuant to the

terms of the engagement letter between the Committee and Houlihan Lokey dated March 3, 2005 (the "Engagement Letter") as modified by the Retention Order.

9. In support of the Retention Application, I provided a Declaration ("Original Declaration") which stated, among other things, that to the best of my knowledge, and other than as was described in the Original Declaration, neither I, Houlihan Lokey and its affiliates, nor any of our professionals or employees in or connected with Houlihan Lokey's engagement with the Debtors (i) is related to the Debtors or any other party in interest herein, the United States Trustee or anyone employed in the United States Trustee's Office; or (ii) has any connection with or holds or represents any interest adverse to the Debtors, its estate, its creditors or any other party in interest herein or their respective attorneys in the matters on which Houlihan Lokey is retained.

10. Furthermore, I stated in the Original Declaration that to the extent any new relevant facts or relationships are discovered or arise during the pendency of these Chapter 11 cases, Houlihan Lokey will use reasonable efforts to identify such further developments and will, if appropriate, promptly file a Supplemental Affidavit as required by Bankruptcy Rule 2014(a).

11. To that end, on September 13, 2006, I filed Supplemental Declaration of Saul E. Burian Pursuant to Bankruptcy Rule 2014(A) and Section 101(14) of the Bankruptcy Code (the "First Supplemental Declaration") regarding a new connection between Houlihan Lokey and one of the Debtors' vendors, Best Manufacturing Group LLC.

**Supplemental Disclosure**

12. On September 28, 2006, after the filing of the First Supplemental Declaration, Mark Duedall joined Houlihan Lokey as a Senior Vice President, working in the Atlanta office of Houlihan Lokey's Financial Restructuring Group. Prior to his joining Houlihan Lokey, Mr.

Duedall was a partner in the Bankruptcy Practice Group of Alston & Bird LLP ("Alston & Bird"). While at Alston & Bird, Mr. Duedall materially assisted in the representation of two parties in interest in these cases: (i) St. John Partners and (ii) Wachovia Bank, N.A., as Servicer and Special Servicer under the Pass-Through Trust Agreement, as retained by Deutsche Bank Trust Company Americas (formerly known as Bankers Trust Company). St. John Partners was a service provider to the Debtors and a creditor of the Debtors, and Mr. Duedall advised St. John & Partners regarding contract assumption issues. Wachovia Bank was servicer for a material amount of "Winn-Dixie Pass-Through Certificates, Series 1999-1" relating to certain sale-leaseback transactions for distribution centers leased by the Debtors. Mr. Duedall advised Wachovia Bank regarding the amount and enforcement of claims against the Debtors. Alston & Bird also represented other creditors in these cases, but Mr. Duedall provided no material assistance to Alston & Bird's representation of those clients. Mr. Duedall also assisted with Alston & Bird's retention as an ordinary course professional of the Debtors, to represent the Debtors in certain ERISA litigation unrelated to the interests of any creditors represented by Alston & Bird.

13.     Mr. Duedall has not and will not take part in the provision of services by Houlihan Lokey to the Committee in these cases.

14.     Houlihan Lokey has thousands of clients, past and present, which are located throughout the world, in a variety of industries. Such clients may include certain of the persons or entities that are identified as creditors of the Debtors. It is also possible that some past or present clients of Houlihan Lokey may have some connection to, or are creditors or holders of securities of, the Debtors. Nevertheless, insofar as I have been able to ascertain based on the

results of the foregoing, to the best of my knowledge, and except for the Debtors, Houlihan Lokey has not advised any party in interest in connection with the Debtors' Chapter 11 cases.

15. Some of Houlihan Lokey's present and future employees may have, or may in the future have, personal investments in funds or other investment vehicles, over whose investment decisions such employees have no input or control. Such entities may have made, or may in the future make, investments in the Debtors' securities, or those of its creditors, or other parties in interest in these cases.

16. To the extent Houlihan Lokey discovers any material facts bearing on the matters described herein during the period of Houlihan Lokey's retention, Houlihan Lokey will amend and supplement the information contained in this Second Supplemental Declaration, the First Supplemental Declaration, and the Original Declaration to disclose such facts.

17. Based on all of the foregoing, Houlihan Lokey is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
       October 10, 2006

Saul E. Burian

JOYCE TANKSLEY PIZZO
Notary Public - State of New York
No. 01TA6110511
Qualified in New York County
Commission Expires 05/24/2008

Notary