# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al.*, | Case No. 05-03817-3Fl Jointly Administered |
| WINN-DIXIE PROCUREMENT, INC. | Case No. 05-11082 |
| ("the Debtors") | Filed Claim No.: 3705 |

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2) FOR FILED CREDITOR, YOFARM CO, IN THE AMOUNT OF $30,073.46, TO STARK SPECIAL EVENT LTD.

**To Transferor:**    YOFARM CO
ATTN: GARY SILVER
162 SPRING STREET
NAUGATUCK, CT 6770

PLEASE TAKE NOTICE that the transfer of $30,073.46 the above-captioned general unsecured claim has been transferred to:

**Transferee:**    Stark Special Event Ltd.
Attn: Amar Ehsan
3600 South Lake Drive
St. Francis, WI 53235
Facsimile: (414) 294-7700

The evidence of transfer of claim is attached hereto. A copy of the Order allowing the claim listing the claim is attached hereto as Exhibit A.

No action is required if you do not object to the transfer of your claim. However, if you do object to the transfer of your claim, within 20 days of the date of this notice, you must file a written objection with the Office of the Clerk, United States Bankruptcy Court, District of Delaware, 824 N Market St., 3rd Floor, Wilmington, DE 19801. If your objection is not timely filed, the transferee will be substituted in your place as the claimant on our records in this proceeding.

---

*(FOR CLERK'S OFFICE USE ONLY):*
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2006.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtors's Attorney ___

_____
Deputy Clerk

**EXHIBIT B**

**EVIDENCE OF TRANSFER OF CLAIM**

TO:     Clerk, United States Bankruptcy Court, Middle District of Florida

AND TO:   Yofarm Co, a Corporation organized under the laws of Deleware ("Assignor"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does here by unconditionally and irrevocably sell, transfer and assign unto Stark Special Event Ltd. an international business company organized under the laws of the British Virgin Islands, with offices at 3600 South Lake Drive, St. Francis, WI 53235, or its successors and assigns ("Assignee") all rights, title and interest in and to the claim of Assignor in the principal amount of $30,073.46, against Winn Dixie Procurement, (the "Debtor") in the United States Bankruptcy Court, for the Middle District of Florida, or any other court with jurisdiction over the bankruptcy Proceedings ("Bankruptcy Court"), Case No. 05-11082.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.

IN WITNESS WHEREOF, dated the 6th day of October, 2006.

Yofarm Co
By: _Gary Silver_
Name: Gary Silver
Title: Division Controller
Telephone: 203-720-0000 x214

WITNESS:
By: _____
Name: SAMUEL IVEAGU

- 11 -

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

## ORDER REDUCING OVERSTATED CLAIMS AS SET FORTH IN THE DEBTORS' EIGHTH OMNIBUS CLAIMS OBJECTION

These cases came before the Court for hearing on May 4, 2006, upon the Eighth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of claim listed on Exhibit A (the "Disputed Claims").[2] Several formal and informal objections to the Objection were raised or filed, as a result of which the Debtors have agreed to continue the Objection with respect to (i) claim no. 1096 filed by ACH Food Companies Inc., (ii) claim no. 4073 filed by Baker Distributing Company, LLC, (iii) claim no. 2165 filed by Barker Company Ltd., (iv) claim no. 7935 filed by CG Roxane, (v) claim no. 3135 filed by Cox North Carolina Publication, (vi) claim no. 366 filed by CSX Corporation, (vii) claim no. 11505 filed by Dales Doughnuts South, Inc., (viii) claim no. 2570 filed by J&J Snack Foods Corp., (ix) claim no. 2573 filed by Joseph Enterprises, (x) claim no. 8412 filed by

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

Meadwestvaco Corp., (xi) claim no. 8858 filed by National Lift Truck Service, (xii) claim no. 10207 filed by Nature's Bounty, Inc., (xiii) claim no 10202 filed by NBTY, Inc., (xiv) claim no. 3503 filed by New England Coffee Co., (xv) claim no. 4463 filed by New World Pasta Company, (xvi) claim no. 4938 filed by PC Woo (xvii) claim no. 10750 filed by Precision Plumbing & Air Inc., (xviii) claim no. 1052 filed by Schneider National Inc., (xix) claim no. 11818 filed by Sioux Honey Association, (xx) claim no. 11325 filed by Sunbeam Products, (xxi) claim no. 11116 filed by Sweet Blessings, (xxii) claim no. 1064 filed by TW Garner Food Co., (xxiii) claim no. 7274 filed by Vicorp Restaurants, Inc., and (xxiv) claim no. 516 filed by Zak Designs, Inc. (collectively, the "Unresolved Objections"), which claims have been removed from Exhibit A. The Debtors have withdrawn without prejudice their objection to (i) claim no. 10989 filed by Checkpoint Security Systems, Group Inc., (ii) claim no. 574 filed by Cobb Electric Membership Corp., (iii) claim no. 228 filed by Jackson EMC, (iv) claim no. 174 filed by Mackay Envelope Company, LLC, (v) claim no. 2167 filed by Pagas Mailing Services, (vi) claim no. 184 filed by Roadway Express, (vii) claim no. 955 filed by Southeast Unloading, LLC, and (viii) claim no. 11477 filed by Timberlake Consultants, Inc. (collectively, the "Withdrawn Claim Objections"), which claims have been removed from Exhibit A. Upon consideration, it is

   ORDERED AND ADJUDGED:

   1. The Objection is sustained.

   2. The Overstated Claims listed on Exhibit A are reduced to the amounts set forth on Exhibit A under the heading Reduced Amount and the amounts exceeding the Reduced Amount are disallowed. With respect to the Overstated Claims that are reduced by the amount of the reclamation payments listed on Exhibit

2

A under the heading "Reason for Reduction," if any portion of such reclamation payments remain unpaid after the last date for payment as provided in the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program, dated July 28, 2005, the holders of such Overstated Claims shall have the right to seek to have the Reduced Amount increased by the unpaid balance of the reclamation payments listed on Exhibit A.

3. Other than the Unresolved Objections and objections with respect to the Withdrawn Claim Objections, those objections that have not yet been withdrawn are overruled.

4. Each claim and the objections by the Debtors to such claim as addressed in the Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order is deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by this Order.

5. The hearing to consider the Objection with respect to the Unresolved Objections is continued until further order of the Court upon the motion of any party in interest.

6. Neither the Objection nor any disposition of the Disputed Claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any potential Avoidance Action against any of the Claimants.

7. This Order is without prejudice to the Debtors' right to object to the Disputed Claims on the ground that they were filed against the incorrect

Debtor and that the Debtor against which the Disputed Claims were filed should be modified.

Dated this 4 day of May, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

4

450804-Wilmington Server 1A - MSW

WINN-DIXIE STORES, INC., ET AL.
EIGHTH OMNIBUS CLAIMS OBJECTION
EXHIBIT A- CLAIMS TO BE REDUCED

| Name of Claimant | Claim No. | Claim Amount | Reduced Amount | Reason for Reduction |
|---|---|---|---|---|
| Creditor Id: 265115<br>YOFARM COMPANY, THE<br>ATTN TIMOTHY F SULLIVAN, CFO<br>162 SPRING STREET<br>NAUGATUCK CT 06770 | 3705<br>Debtor: WINN-DIXIE STORES, INC. | $30,670.50 | $30,073.46 | REDUCED AMOUNT REFLECTS ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $381.00 AND $216.04, RESPECTIVELY. |

| | | |
|---|---|---|
| Total Claims to be Reduced: | 180 | |
| Total Amount to be Reduced: | $14,789,795.12 | Plus Unliquidated Amounts, If Any |
| Total Reduced Amount: | $10,424,267.82 | |