UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | Judge Jerry A. Funk |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |

## FLORIDA TAX COLLECTORS' SUPPLEMENTAL MEMORANDUM OF LAW REGARDING OUTSTANDING ISSUES <u>TAKEN UNDER ADVISEMENT BY THIS COURT</u>

The Florida Tax Collectors[1] ("FTC"), through their undersigned counsel, file this Supplemental Memorandum of Law in reply to *Debtors' Reply to Florida Tax Collectors' Motion to Abstain (Docket No. 10594)* [Docket No. 11598], *Debtors' Reply to Florida Tax Collectors' Motion to Dismiss (Docket No. 10609)* [Docket No. 11599], *Memorandum of Law in Response to Objections to Confirmation of Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors* [Docket No. 11766], and *Memorandum of Law of Official Committee of Unsecured Creditors (A) in Support of Confirmation of Joint Chapter 11 Plan of Reorganization and (B) Joining in Debtors' Response to Objections to Confirmation of Joint Plan* [Docket No. 11767], which issues this Court has taken under advisement pending further briefing by the parties.

---

[1] The "Florida Tax Collectors" consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Escambia, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, Walton and Washington.

1

## UNDISPUTED FACTS

1. FTC collectively are owed outstanding 2004 (Pasco, Miami-Dade and Brevard Counties) and 2005 taxes (55 counties). In addition, the 2006 post-petition taxes are due on November 1, 2006. (See FTC' Business Record Affidavits submitted as FTC Exhibit 1 at the Confirmation Hearing held on October 13, 2006). The business record affidavits signed by each of the Tax Collectors confirm that the time periods to contest taxes in their respective counties have expired pursuant to Florida law. This fact is not disputed by the Debtors. FTC refer the Court to the Debtors' Reply to FTC' Motion to Abstain. Specifically, in Paragraph 6 on page 3, the Debtors admit that "[t]he time within which Debtors may contest their tax liabilities for 2004 and 2005 has expired under Florida law."

2. FTC' Confirmation Hearing Exhibit 1 includes a composite exhibit which is a county by county, alphabetical listing of all Debtors' *ad valorem* tax accounts and reflects the gross tax amounts due (exclusive of interest) for 2004 and 2005. This composite exhibit also includes credits for all payments made during the pendency of these bankruptcy cases.

3. FTC refer this Court to the Summary included as the first page of the aforementioned Exhibit 1, which provides a summary of the contents of the Exhibit.

## SUMMARY OF ARGUMENT

4. FTC ask this Court to keep in mind certain fundamental principles relative to taxation, comity, and the nature of taxes to achieve a public purpose. FTC also ask this Court to recognize the public interest concerns of ensuring that taxes are paid promptly. Cases previously cited by FTC reflect this intent as recognized by both state and federal courts as well as the respective federal and state legislatures. FTC have provided the Court with authorities indicating that both state and federal tax challenge statutes provide for, and require, the payment of taxes

or, at least, a request for a refund of taxes be made to the appropriate authority prior to seeking relief from a federal court. This concept was extended by Congress when enacting Sections 505(a)(2)(A) and (B) of the Bankruptcy Code.

5.   FTC also argue that the Plan must fail due to fundamental due process problems. Essentially, Debtors and the Unsecured Creditors Committee seek jurisdiction of this Court to challenge values of property determined by the Florida Property Appraisers and the Florida Department of Revenue. Neither the Department of Revenue nor the Florida Property Appraisers have been made a party to or provided notice by the Debtors or the Unsecured Creditors Committee of this challenge to the Florida valuation process for *ad valorem* tax purposes.

6.   FTC also assert the fundamental principle that property interests are created and defined pursuant to state law. This Court must look to state law when determining the issues relative to the Debtors and *ad valorem* property taxes. It is clear under state law that all amounts are fully liquidated, that the time limits to contest the taxes have expired, and that the Debtors have failed to comply with state law in contesting the taxes. The provisions of the Debtors' Plan that seek to "offset" different tax years and/or obtain a "refund" from prior tax years and apply that "refund" to future tax years is improper as a matter of law. This Court has no jurisdiction over the post-petition (2006) tax year. The Debtors simply must comply with state law pursuant to 28 U.S.C. §§ 959 and 960. The Debtors' estates succeed to property and causes of action only to the extent of the rights possessed by the Debtors prior to filing bankruptcy.

### ARGUMENT AND AUTHORITIES

7.   The authorities submitted by the Debtors and the Unsecured Creditors Committee in support of confirmation of the Plan and in support of the Debtors' Objection to Florida Tax

Claims and Motion for Order Determining Tax Liabilities [Docket No. 10046] (The "Florida Tax Motion") fail to address the fundamental constitutional and jurisdictional arguments propounded by FTC. Congress has no authority pursuant to its Article I powers to usurp the inherent sovereign taxing power of the States. To accept the Debtors' arguments relative to determination and/or payment of *ad valorem* property taxes is to judicially create an "election of remedies" on behalf of a debtor-in-possession. The plain meaning of the statutes cited by FTC precludes this Court from either determining property taxes or confirming a plan of reorganization which includes a reduction of interest, revaluation of taxed property and re-determination of tax amounts, and/or designation of refunds to offset subsequent tax year obligations, including post-petition tax year obligations.

8.  The Debtors have sold FTC' collateral during the store closing process prior to the Confirmation Hearing. FTC argue that this Court may not now consider the Debtors' argument to re-determine the value of the property that has been sold and is no longer property of the estate.

9.  FTC incorporate by reference their previous memoranda of law and their oral argument made to the Court on October 5, 2006. In that argument, the Debtors opposed adequate protection based upon an assertion that FTC were over-secured, yet the Debtors now seek to cease the payment of post-petition interest and the reduction of statutory interest as part of the Plan. The interest rates relative to taxes are meant to ensure timely payment. Evidence submitted by the Debtors relative to a market rate of interest has no probative value relative to statutory interest due FTC and should be disregarded by this Court. In addition, the Debtors seek to retain jurisdiction pursuant to Sections 105(a) and 1142 of the Bankruptcy Code. Simply stated, the Debtors' Plan may not preserve jurisdiction over Florida property taxes. Additionally,

the purported use of Section 105 of the Bankruptcy Code to in any way restrict or enjoin Florida state law is prohibited as a matter of law.

10. This Court may not enter prospective relief on behalf of the Debtors against Florida constitutional officers or the State of Florida. The concept of entry of an "offset" order of some type relative to the 2006 taxes should be summarily rejected by this Court. The State of Florida, in exercising its inherent power to tax, is not exercising any power that the Constitution has conferred to Congress. McGoldwick v. Berwind White Coal Mining Co., 309 U.S. 33 (1940).

11. In addition to the burden on the Debtors, this Court has an independent duty to ensure that all the legal requirements of Section 1129 of the Bankruptcy Code are satisfied prior to confirmation. The Debtors have not contested their taxes in accordance with state law. To the extent the Plan, claim objection and motion to determine taxes seek to enjoin, restrain or otherwise modify Florida *ad valorem* tax law, confirmation should be denied because of the Plan's failure to comply with Sections 1129(a)(1)(2) and (3) of the Bankruptcy Code.

12. Pursuant to the Plan, FTC will receive less than they would receive in a liquidation proceeding. In a liquidation, FTC would receive the full amount of their taxes, plus the full amount of their interest at the statutory rate of 18% per annum. The Debtors are estopped from denying this fact based upon their prior arguments that FTC are fully secured by a large "equity cushion."

13. The Plan clearly discriminates unfairly against FTC in that it fails to pay the fully secured tax obligations of the Debtors.

14. In accordance with Florida law, FTC will be forwarding their tax bills for 2006 *ad valorem* real estate and tangible personal property taxes to the Debtors on or about November 1,

2006. Pursuant to Section 503(b)(1)(B)(i) and Section 507(a)(1) of the Code, FTC' 2006 post petition *ad valorem* taxes constitute administrative expenses entitled to first priority payment. The Plan, as modified, does not include these 2006 post petition taxes as administrative expenses, either in the Plan's definition of "administrative expenses" or elsewhere. Accordingly, the Plan fails to comply with Sections 503(b)(1)(B)(i) and 507(a)(1) of the Code. In addition, the proposed Plan fails provide that FTC' 2006 post petition *ad valorem* taxes will be paid in cash, as of the effective date of the Plan, the full allowed amount of these administrative expenses. The Plan thus fails to comply with Sections 1129(a)(9)(A) and 1129(a)(1)(3) of the Code.

15.    The Debtors' First Modification to the Plan added Section 4.3(d)(ii), which provides as follows:

> Each holder of an Allowed Secured Tax Claim (that is subject to setoff under Section 553 of the Bankruptcy Code) shall receive the amount of such Allowed Claim through setoff against amounts owed to the Debtors and in the possession of such holder, which amounts the Reorganized Debtors agree or the Bankruptcy Court orders are properly subject to setoff. Such setoff shall be effected on the later of the applicable Distribution Date and the date on which the Reorganized Debtors agree or the Bankruptcy Court enters a Final Order determining that the amounts are properly subject to setoff.

Debtors assert in their Florida Tax Motion that they are not seeking a "refund" of taxes which already have been paid to FTC, but rather a "setoff" resulting from any reduction by the Court of the value of property taxed for prior years and a corresponding reduction of taxes paid, to the taxes due for 2006 and subsequent years. Section 4.3(d)(ii) incorporates this intent and proposed procedure into the Plan. However, the clear language of Section 553(a) of the Code prohibits the Debtors' attempt to offset refunds they seek to obtain in regard to the 2004 and 2005 pre petition taxes against 2006 and subsequent years post petition taxes.

16.    "Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C.

6

Section 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." <u>Citizens Bank of Maryland v. Strumpf</u>, 516 U.S. 16, 18, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995). In <u>Strumpf</u>, the petitioner bank had the right under Maryland law, prior to the bankruptcy filing, to setoff the debtors' defaulted loan against the balance in the debtors' checking account. Accordingly, Section 553(a) incorporated the state right of setoff into the debtors' bankruptcy proceeding.

17.    There is no right whatsoever under Florida law to offset *ad valorem* tax amounts owed from one year to another. In Florida, the determination of property value *ad valorem* and taxes is based on an annual evaluation and determination made by Florida Property Appraisers and the Florida Department of Revenue. Each year's tax assessment is based on its own validity and not upon the assessment of any other prior or subsequent years and likewise a challenge to any particular year's assessment must also stand and fall on validity, and not on the assessment of any prior or subsequent year. <u>See</u> <u>Metropolitan Dade County v. Tropical Park, Inc.</u>, 251 So. 2d 551 (Fla. 3d DCA 1971); <u>Keith Investments, Inc. v. James</u>, 220 So.2d 695 (Fla. 4th DCA). As there is no right under Florida law to offset alleged "refunds" for pre-petition taxes against post petition taxes owed (and for that matter, there is no right under Florida law to offset "refunds" for 2004 against the Debtors' unpaid 2005 *ad valorem* taxes), Section 553 of the Code will not allow such an offset in the Debtors' bankruptcy proceeding. The Debtors may not accomplish this either through the Plan or by way of their Florida Tax Motion. The Debtors have not alleged any authority under Florida law whatsoever which would provide for such a setoff, and, in fact, there is no such authority. The Plan as modified by Section 4.3(d)(ii) therefore violates Section 1129(a)(1) and (3) of the Code.

18.    Under Florida law, FTC' liens for unpaid *ad valorem* taxes constitute first liens,

7

superior to any and all other liens, on the property against which the *ad valorem* taxes are assessed. Florida Statutes, Sections 197.122(1) and 192.053. Section 1123(a)(5)(E) of the Code require that a plan shall provide for "satisfaction or modification of any lien". The Debtors' Plan, as modified, fails to provide for the treatment of FTC' *ad valorem* taxes by satisfaction of FTC' statutory first liens in compliance with Section 1123(a)(5)(E), so that the proposed Plan violates Section 1129(a)(1) of the Code.

19. The Debtors' Plan contains proposed cure provisions relative to the Debtors' leases of real estate and tangible personal business property. However, these cure provisions fail to comply with Section 1123(d) of the Code in that they fail to provide for payment of FTC' *ad valorem* property taxes in accordance with Florida law as part of the cure process, so that the proposed Plan fails to comply with Section 1129(a)(1) of the Code.

20. The claims review and objection process provided for in the proposed Plan (and contemplated by the Debtors' Florida Tax Motion) extends the potential payment dates for FTC' *ad valorem* taxes to an indeterminate well beyond the dates by which local taxing authorities need such funds for services which have been and are continuing to be provided to the Debtors (such as schools, police and fire protection, roads, etc.). These payment dates and the effective date of the Plan as it relates to the payment of *ad valorem* property taxes to FTC' *ad valorem* taxes are illusory and uncertain, and are thus not fair and equitable with regard to payment of FTC' claims for taxes. The failure to have a clear effective date in the Plan for payment of *ad valorem* taxes constitutes a failure to comply with Section 1129(b)(2) of the Code, in that it is not fair and equitable to FTC as a class (or as subclasses within Class 10).

21. The Plan provides for the cessation of post petition interest on secured claims. As FTC' claims for unpaid *ad valorem* taxes are fully secured claims, FTC is entitled to payment of

post petition interest on these claims pursuant to Section 506(b) of the Code. Accordingly, the Plan fails to comply with Section 1129(a)(1) of the Code.

22.	The Debtors have improperly classified as "subclasses" of Class 10 Secured Tax Claims, not only FTC' *ad valorem* tax claims but also the secured *ad valorem* tax claims of taxing authorities in other states besides Florida in which the Debtors have been or are conducting business. The Plan also includes the secured tax claim of the Internal Revenue Service as a subclass of Class 10. Each of the secured *ad valorem* tax claimants has a lien on different collateral to secure different types of *ad valorem* tax obligations under each taxing authority's respective state laws, and the statutory interest rates for unpaid *ad valorem* taxes are different in the various states. Each of the *ad valorem* tax claimants in the various states operates under different state laws regarding procedures and time limitations for the enforcement and collection of *ad valorem* taxes, and for the challenge of tax assessments by taxpayers such as the Debtors. The Internal Revenue Service is not an *ad valorem* property tax claimant, and its claims and interests are in no way substantially similar to those of FTC or of any of the other *ad valorem* tax claim claimants from the various states. Accordingly, the Plan's classification of Class 10 into identical "subclasses" fails to satisfy the separate classification requirements of Sections 1122(a) and 1123(a)(1) of the Code.

23.	As the time to contest property taxes has expired under Florida state law, any right to contest taxes is not property of the estate as defined in Section 541 of the Bankruptcy code.

24.	The Debtors assert in their Reply to Florida Tax Collectors' Motion to Dismiss (Docket No. 11599) (the "Reply") that they are not seeking any relief contemplated by Rule 7001 by way of their Florida Tax Motion, so that an adversary proceeding is not required in this

instance. The Debtors are, in fact, seeking such relief in regard to FTC' 2006 post petition *ad valorem* taxes. The Florida Tax Motion seeks to have the extent of FTC' lien as to 2006 taxes determined and imposed by the Court's "redetermination" of property values for 2004 and 2005, and the Florida Tax Motion in essence seeks a declaratory judgment from the Court imposing "redetermined" 2004 and 2005 property values upon the individual county tax rolls for 2006. In regard to the statutory interest accruing for the Debtors' delinquent taxes at 18%, the Florida Tax Motion in essence seeks a declaratory judgment that the statutory rate constitutes a penalty and should not be applied by this Court.

25. Whether the Court determines the Debtors are in fact seeking Rule 7001 relief and must institute an adversary proceeding, or whether this proceeding is determined to be a contested matter pursuant to Rule 9014, the fact remains that the Debtors have failed to name or serve either the respective Florida Property Appraisers or the Florida Department of Revenue as necessary and indispensable parties. Debtors' Reply fails to set forth any valid legal basis whatsoever for the exclusion of these parties, when the Florida Tax Motion is seeking a redetermination of the value of the real and tangible personal property assessed. FTC do not contend that FTC are not necessary parties to this proceeding; pursuant to Florida Statutes, Section 194.181(3), FTC are in fact necessary parties. However, the Florida Tax Motion does not include the individual Florida Property Appraisers, who are necessary and indispensable parties for this determination pursuant to Florida Statutes, Section 194.181(2), in that the Debtors are contesting the valuation and assessment of the subject property. The Florida Tax Motion also does not include the Department of Revenue, which is a necessary and indispensable party pursuant to Florida Statutes, Section 194.181(5), in that the Debtors are contesting the assessments on the basis that they allegedly do not conform to the "just valuation" standard of

the Florida Constitution. It is clear that the Debtors would prefer to litigate these valuation issues without including the parties who actually perform, conduct, supervise and litigate property valuation under Florida law.

26. In re Psychiatric Hospitals of Florida, Inc., 217 B.R. 645 (Bkrtcy.) M.D. Fla. 1997), an opinion from Judge Paskay in the Middle District of Florida, involves a nearly identical factual situation to the instant Florida Tax Motion and contains a detailed review and analysis of the issues involved. The Court in Psychiatric Hospitals notes that Section 192.001(4), Florida Statutes, provides that "the Tax Collector's role includes nothing more than collecting taxes levied by the county and that the Tax Collector has no authority to determine the value of the property on which taxes are levied." The Court further held that it lacked the power to order the Tax Collector to perform a task which he had no statutory authority to perform, that being a revaluation of the Debtor's property and a resulting reduction of the *ad valorem* taxes encumbering that property. Psychiatric Hospitals, at 648.

27. Judge Paskay further noted that pursuant to Section 194.011, Florida Statutes, it is the Property Appraiser's duty under Florida law to appraise all property subject to *ad valorem* taxes in a particular county, Id., and that a motion for determination of taxes under Section 505 of the Code properly named the Property Appraiser "for the simple reason that the relief sought by the Motion is to reevaluate the property of the Debtor which was previously valued for the relevant years by the Property Appraiser." Id. at 649.

28. In response to this clear statement of the law in the Middle District of Florida, the Debtors contend that a holding from the Northern District of Texas in In re Blue Cactus Post, L.C., 229 B.R. 379 (Bkrtcy. N.D. Tex. 1999) should instead be followed. The Debtors in their Reply fail to set forth how the Texas Bankruptcy Court's rationale in Blue Cactus is more

persuasive or well reasoned than that of the Middle District of Florida in regard to following the clear Florida law on this matter. In addition, this holding of Blue Cactus was called into question in In re ANC Rental Corp., 316 BR 153 (Bkrtcy D. Del. 2004), which also involved a requested reassessment of property valuation and resulting *ad valorem* taxes as determined by the Dallas County Appraisal District ("DCAD"), the same entity which was dismissed by the Court in Blue Cactus. The Court in ANC Rental held that since the Debtors were requesting the Court to reassess *ad valorem* taxes by revaluing the property taxed and amending the tax rolls, this constituted a request for relief against DCAD, so that DCAD's motion to be dismissed as a party was denied. ANC Rental, at 158. The holding in ANC Rental comports with the holding setting forth law in Florida in Psychiatric Hospitals.

29.  The Debtors' Florida Tax Motion clearly contains a request for relief against the individual Florida Property Appraisers and the Department of Revenue by requesting a redetermination of the value of the subject real and tangible personal property for the years 2004, 2005 and 2006, a subsequent revision to the individual county tax rolls based on such redetermination of value, and a consequent reduction in *ad valorem* taxes based upon this property revaluation. As in Psychiatric Hospitals, this Court should require that the Florida Property Appraisers and the Florida Department of Revenue be named and served in this action whether as an adversary proceeding or as a contested matter, so that the real parties in interest as to property valuation and "just valuation" under the Florida Constitution may litigate these issues.

### RELIEF REQUESTED BY FTC

30.  FTC request the following relief from this Court:

    A.  Confirmation of the Plan should be denied.

  B. Alternatively, if the Court finds that confirmation is appropriate, the Court should also find:

    i. that it has no subject matter jurisdiction over the 2004, 2005 and 2006 *ad valorem* property tax obligations to FTC and that the *Florida Tax Collectors' Motion for Leave to File Proofs of Claim Without Prejudice* to any and all defenses [Docket No. 4283] be granted,

    ii. that the FTC' claim be deemed an allowed secured claim in full subject to the credits for taxes paid as authorized by this Court and as represented to this Court by the FTC, and

    iii. that the *Florida Tax Collectors' Response to and Motion to Dismiss Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities* [Docket No. 10609] be granted based upon a finding that this Court lacks subject matter jurisdiction over the 2004, 2005 and 2006 *ad valorem* tax obligations to FTC or, alternatively, that the Court find that the complexity of the issues, the extensive litigation to follow, the need to include Florida Property Appraisers and the Florida Department of Revenue, the continued accumulation of statutory interest and the Debtors' representation during the confirmation hearing of its liquidity and availability of cash to pay these taxes, that it would be in the best interest of the Debtors and the Debtors' estate that the *Florida Tax Collectors' Response to and Motion to Abstain from Consideration of Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax* Liabilities [Docket No. 10594] be granted and the Court abstain from becoming involved in matters of state law and the constitutional issues contained therein, and find that Congressional intent as expressed in the recent amendments to the Bankruptcy Code clarify congressional intent relative to the treatment of *ad valorem* taxes in


bankruptcy, justify abstention by this Court based upon a further finding that for the reasons stated above, and in the public interest of confirming a plan and ensuring the timely payment of property taxes, that it is in the best interest of all involved, including the efficient use of judicial resources, to pay the taxes and move on with the reorganization process.

    C.    Alternatively, if the Court determines that it has subject matter jurisdiction over the 2004, 2005 and 2006 *ad valorem* property tax obligations to FTC and if the Court should deny the FTC' Motion to Abstain as to the Florida Tax Motion, that the Court:

    i. dismiss the Florida Tax Motion and require that the Debtors bring this matter as an adversary proceeding in accordance with Rule 7001, and name as Defendants and serve the respective individual Florida Property Appraisers and the Florida Department of Revenue, in addition to FTC, with this adversary proceeding; or

    ii. if the Court determines that an adversary proceeding is not necessary and that this is a contested matter pursuant to Rule 9014, that the Court require the Debtors to serve the Florida Tax Motion on the respective individual Florida Property Appraisers and the Florida Department of Revenue in accordance with Florida law, and that these proceedings be abated until these parties have been served and have had the opportunity to respond to the Florida Tax Motion and appear in this matter; and

    D.    FTC request such further relief, modification of the Plan and/or alternative resolution of the pending motions, that this Court deems proper.

Dated: October 18, 2006

Respectfully submitted,

By: /s/ Brian T. FitzGerald
Brian T. FitzGerald
Hillsborough County Attorney's Office
Florida Bar No. 484067
Post Office Box 1110
Tampa, Florida 33601-1110
Ph: 813-272-5670
Fx: 813-272-5231
fitzgeraldb@hillsboroughcounty.org
Attorney for the Florida Tax Collectors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing *Florida Tax Collectors' Supplemental Memorandum Of Law Regarding Outstanding Issues Taken Under Advisement By This Court* has been served this 18th day of October, 2006 by *Notice of Electronic Filing* on **Skadden, Arps, Slate, Meagher & Flom, LLP**, Attn: D. J. Baker, Sally McDonald Henry and Rosalie Walker Gray, Attorneys for Debtors; **Smith Hulsey & Busey**, Attn: Stephen D. Busey, James H. Post and Cynthia C. Jackson, Attorneys for Debtors; **Milbank Tweed Hadley & McCloy**, LLP, Attn: Matthew Barr, Attorneys for the Unsecured Creditors Committee; **United States Trustee**, Attn: Elena L. Escamilla; and to all other parties receiving electronic notice.

/s/ Brian T. FitzGerald
Brian T. FitzGerald, Esq.
Senior Assistant County Attorney

N:\Legal Services\WIP\W\Winn-Dixie Stores\Pleadings\FTC Reply Brief 10-18-06.doc