# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

## MOTION TO CONSOLIDATE HEARINGS ON DEBTOR'S OBJECTIONS TO TAX CLAIMS AND MOTIONS TO DETERMINE TAX LIABILITIES

The State of Kentucky, Department of Revenue; Muscogee County, Georgia; Bulloch County, Georgia; Harrison County, Mississippi; Hinds County, Mississippi; Marion County, Mississippi; Forrest County, Mississippi; Yazoo City, Mississippi; Lauderdale County, Mississippi; Rankin County, Mississippi; Pike County, Mississippi; City of Hampton, Virginia; and Mike Hogan, Tax Collector for Duval County, Florida; ("Movants") request the Court, pursuant to Rule 9014 and 7042, Federal Rules of Bankruptcy Procedure, to consolidate the hearings on the objections to tax claims and motions to determine tax liabilities filed by Winn-Dixie Stores, Inc. and its affiliates ("Winn-Dixie"), and in support of the motion state:

1. Movants are various tax collectors located throughout the Southeastern United States.

2. Winn-Dixie Stores, Inc. and its affiliates ("Winn-Dixie") currently operate, or formerly operated, retail grocery stores in each of the taxing jurisdictions represented by the Movants.

3.    Winn-Dixie has filed at least six motions seeking to utilize § 505 of the Bankruptcy Code to reduce their tax liabilities for 2004, 2005 and 2006. The six objections and motions are as follows:

    a.    Debtors' Omnibus Objection to Tax Claims and Motion for Order Determining Tax Values and Tax Liabilities (Docket No. 7267);

    b.    Debtors' Secured Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 7852);

    c.    Debtors' Third Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 8772);

    d.    Debtors' Fourth Omnibus Objection to Tax Values and Motion for Order Determining Tax Values and Liabilities (Docket No. 9133);

    e.    Debtors' Fifth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 9471); and

    f.    Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 10046).

4.    Each of the foregoing motions seeks to reduce the assessed value for Winn-Dixie's real and tangible personal property, to recalculate taxes based on the reduced value, and to have the resulting "credit" applied to future tax liabilities.

5.    Each of the Movants have filed a response to Winn-Dixie's motions or are directly affected thereby.[1] A response has also been filed by Harrison County, Tennessee

---

[1] The relief requested by Winn-Dixie's motion has already been entered with respect to the Mississippi counties included in this motion (See August 10, 2006 Order, Docket No. 10162). Relief from the August 10, 2006 order has been sought, or is in the

(Docket No. 11294). Although there are minor variances in the form of the responses, each response shares common issues of law, to wit:

 (i) Whether sovereign immunity bars the requested relief;

 (ii) Whether § 505 of the Code may be utilized without first requesting relief from the taxing authority utilizing state law procedures;

 (iii) Whether the debtor's tax returns constitute an admission against Winn-Dixie's interest;

 (iv) Whether Winn-Dixie can seek a reduction of *ad valorem* taxes on property which it does not own;

 (v) Whether the property assessors are required to be joined as indispensable parties; and

 (vi) Whether Winn-Dixie can contest the underlying tax assessments after the time period for contesting taxes has expired.

6. There have been no hearings set on the substantive portions of Winn-Dixie's motions or on the Movants' responses. The Court did, however, hear some of the subject issues at a hearing on the Florida Tax Collectors' motion for abstention and motion to dismiss Winn-Dixie's § 505 motion on October 5, 2006. Those issues are under advisement.

7. Rule 7042, made applicable to this proceeding by Rule 9014, Federal Rules of Bankruptcy Procedure, incorporates Federal Rule of Civil Procedure 42. That Rule

---

process of being sought by such counties, due to principally defective service of Winn-Dixie's motion.

provides, in relevant part:

> (a) CONSOLIDATION: When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
>
> *Rule 7042, Federal Rules of Bankruptcy Procedure.*

8. Judicial economy and the convenience of the parties are better served by consolidation when proceedings are premised on basically the same facts and seek similar relief. *In re The Appliance Store, Inc.*, 171 B.R. 525, 527 (Bankr. W.D. Pa. 1994) ("The primary purpose of consolidation is to promote convenience and judicial economy").

9. Winn-Dixie's motions and objections seek to reduce its liabilities to Movants from 2004 to 2006 on common legal grounds. Movants' responses raise common legal issues and defenses. Therefore, the motions, objections, and responses properly are consolidated for hearing by the Court. Accordingly, the Court should grant Movants' request to consolidate those proceedings. *See In re Nation's Rent, Inc.*, 2003 WL 21414667 * 1 (Bankr. D. Del. June 18, 2003) ("A motion to consolidate should be granted if there are common questions of fact or law in the case").

WHEREFORE, Movants respectfully request that Winn-Dixie's § 505 motions and objections (Docket Nos. 7267, 7852, 8772, 9133, 9471 and 10046), and all responses thereto, be consolidated for hearing and that the Court grant such other relief as is appropriate.

>                              **STUTSMAN THAMES & MARKEY, P.A.**
>
>
> By    */s/ Richard R. Thames*
>          Richard R. Thames
>
> Florida Bar Number 0718459
> 50 North Laura Street, Suite 1600
> Jacksonville, Florida 32202
> (904) 358-4000
> (904) 358-4001 (Facsimile)
> rthames@stmlaw.net
>
> The State of Kentucky, Department of Revenue; Muscogee County, Georgia; Bulloch County, Georgia; Harrison County, Mississippi; Hinds County, Mississippi; Marion County, Mississippi; Forrest County, Mississippi; Yazoo City, Mississippi; Lauderdale County, Mississippi; Rankin County, Mississippi; Pike County, Mississippi; City of Hampton, Virginia; and Mike Hogan, Tax Collector for Duval County, Florida

## Certificate of Service

I hereby certify on October _19_, 2006, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
patrick.pantangan@akerman.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

Adam Ravin, Esq.  
Skadden, Arps, Slate, Meagher & Flom LLP  
Four Times Square  
New York, New York 10036  
(212) 735-3000  
(212) 735-2000 (facsimile)  
aravin@skadden.com

D.J. Baker, Esq.  
Skadden, Arps, Slat, Meagher, & Flom, LLP  
Four Times Square  
New York, New York 10036  
(212) 735-3000  
(212) 735-2000 (facsimile)  
dbaker@skadden.com

/s/ *Richard R. Thames*
_____
Attorney

60719