**EXHIBIT "A" (part 2)**

R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295    PAGE: 01822
SEP 13 1999 10:20 AM    BK: R2295    PG: 01822
DAVE LANG, CLERK OF COURTS



(b)    In the event that any Remedial Work that could result in a Claim is required under any Environmental Laws by any judicial order, or by any governmental entity, or in order to comply with the terms, covenants and conditions of this Mortgage or of any other agreements affecting the Property, Owner will perform or cause to be performed the Remedial Work in compliance with such law, regulation, order or agreement. All Remedial Work will be performed by one or more contractors, selected by Owner or Lessee and under the supervision of a consulting environmental engineer selected by Owner or Lessee  Owner will pay or cause to be paid all costs and expenses of such Remedial Work, including without limitation the charges of such contractor(s) and the consulting environmental engineer, and Mortgagee's reasonable attorneys' fees and costs incurred in connection with monitoring or review of such Remedial Work  In the event that Owner or Lessee fails to timely commence, or cause to be commenced, or fails to diligently prosecute to completion, such Remedial Work, Mortgagee may, but will not be required or have any obligation to, cause such Remedial Work to be performed, and all costs and expenses thereof, or incurred in connection therewith, will thereupon constitute Claims. All such Claims will be due and payable upon demand therefor by Mortgagee.

(c)    The provisions of Section 3.16(a) shall survive the payment in full of the Notes and the cancellation of the lien of this Mortgage and release or reconveyance of the Mortgaged Property to Owner pursuant to Section 8.5, but shall finally terminate and cease upon the expiration of any applicable statute of limitation of actions which has not been waived by Owner as to any potential and unasserted Claim.

(d)    Notwithstanding any provision of this Mortgage to the contrary, Lessee may contest or cause to be contested, by appropriate action and in the manner set forth in the Lease, the application, interpretation or validity of any Environmental Laws or any agreement requiring any Remedial Work as provided in the Lease and Lessee and Owner may delay performance of Remedial Work or compliance with the Environmental Laws or agreement requiring such Remedial Work, provided that the conditions for such delay set forth in the Lease are satisfied by Lessee. Subject to the terms and conditions set forth above, during the pendency of any such permitted contest resulting in a delay of performance of any required Remedial Work, Mortgagee agrees that it will not perform such Remedial Work requirement.

(e)    Owner agrees that, upon the occurrence of an Event of Default and, if such Owner is Mortgagor, after the expiration of any period in which Mortgagor is entitled pursuant to Section 7.8 hereof to cure any default by Lessee under the Lease, Mortgagee may, at Owner's expense, obtain an environmental audit of the Property from a qualified engineer.

R990098110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314    PAGE: 01203
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

BK: R2314    PG: 01203

RS98073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295   PAGE: 01823
SEP 13 1999 10:20 AM  BK: R2295  PG: 01823
DAVE LANG, CLERK OF COURTS

**Section 3.17** Successor Owner, Separate Existence. Each Successor Owner shall (a) keep separate books, records and bank accounts, and refer to itself as separate and distinct in all reports and communications to third parties; (b) engage in all transactions solely on arm's-length terms (affording fair value to both sides) and pursuant to appropriate documentation; (c) be adequately capitalized in light of its present and reasonably foreseeable business operations; (d) conduct its business affairs as a single purpose entity for the purpose of acquiring, holding title to, leasing and mortgaging its interest in the Property, without making any representation that the assets of any other Person are available to satisfy its obligations; (e) bear its respective overhead expenses for any items or services (including employment) shared with any other Person on the basis of its respective actual use; (f) avoid commingling its assets with the assets of any other Person; (g) maintain separate and distinct bank accounts and other depository accounts; (h) avoid payment of the operating expenses of any other Person, except when paid and charged pursuant to an allocation based upon actual use; (i) demonstrate respect for its separate existence by observing organizational formalities, including maintaining its valid existence and good standing in all relevant jurisdictions; (j) not own any asset or property other than the Property; (k) to the extent its office is located in the offices of any of its affiliates, pay fair market rent for its office space located therein and its fair share of any overhead costs with respect thereto; (l) not make any loans or advances to any third party (including any affiliate or constituent party, any guarantor or any affiliate of any constituent party or guarantor), shall not pledge its assets for the benefit of any other entity and shall not acquire obligations or securities of its members or its affiliates; (m) remain solvent and pay its debts and liabilities (including, as applicable, shared personnel and overhead expenses) from its assets as the same shall become due; (n) separately manage its liabilities from those of any affiliate and pay from its assets (to the extent available) all of its own obligations, indebtedness and liabilities, including all administrative expenses and compensation to employees, consultants or agents, and all operating expenses, except that its members may pay the organizational expenses of the Successor Owner; (o) not become involved in the day-to-day management of any other Person; (p) not hold itself out to be responsible for the debts or obligations of any other Person; and (q) not enter into any transaction of merger or consolidation, or liquidate or dissolve (or suffer any liquidation or dissolution), or acquire by purchase or otherwise all or substantially all the business or assets of, or any stock or other evidence of beneficial ownership of any entity.

## ARTICLE 4
### Possession, Use and Release of the Property

**Section 4.1** Lease Termination.

(a) Within 10 business days after receipt by Owner of a Purchase Offer from Lessee pursuant to Section 10 of the Lease, which Purchase Offer, pursuant to the provisions of the Lease, constitutes an irrevocable offer to purchase Owner's interest in the Property (or any Net Award or Net Proceeds), Owner shall furnish or cause to be furnished to Mortgagee a copy of such Purchase Offer and any certificate delivered in connection therewith. Not later than the 10th day prior to the expiration date of the period

JX 129908.2 80130.02051

RS98098110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314   PAGE: 01204
NOV 04 1998 04:37 PM
DAVE LANG, CLERK OF COURTS

19

BK: R2314  PG: 01204

Store #0124, Tallahassee,
Leon County, Florida

R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295 PAGE: 01824
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS
BK: R2295 PG: 01824



within which the Lease permits the lessor thereunder to reject any such Purchase Offer, Owner will either (i) notify Lessee of the acceptance of such offer or (ii) pay to Mortgagee in immediately available funds an amount sufficient to pay or prepay the outstanding principal of the Notes, together with the accrued and unpaid interest thereon to the date of such payment, together with any applicable Make Whole Amount. If Owner shall not make said payment or shall fail to notify Lessee of its acceptance of such Purchase Offer prior to the date referred to above, or if after notifying Lessee of such acceptance, Owner shall fail to comply with the applicable provisions of the Lease or shall otherwise fail to cause the same to be complied with, Mortgagee may, and shall have the right and power (which right and power are coupled with an interest) to, and is hereby irrevocably appointed the agent and attorney-in-fact of Owner and of any and every future assignee or owner of any interest in the Property, to notify Lessee of any such acceptance of any such Purchase Offer and take all actions necessary to comply with the applicable provisions of the Lease, including, without limitation, the execution and delivery in the name and on behalf of Owner or other assignee or owner of any interest in the Property, of a deed or other instrument of conveyance or assignment conveying and assigning the interest of Owner in the Property (and any Net Award or Net Proceeds) to Lessee or its designee; but the provisions of this sentence shall not prevent any default in the observance or performance of any covenant, condition or agreement contained in this paragraph (a) from constituting a default. If Lessee shall purchase the interest of Owner in the Property (or any Net Award or Net Proceeds) pursuant to the Lease and shall make payment of the purchase price therefor to Mortgagee and otherwise shall be in compliance with the Lease, or if Owner shall make the payment referred to in clause (ii) of this paragraph (a), then Mortgagee shall execute and deliver to Owner instruments releasing the interest of Owner in the Property and the Lease from the lien of this Mortgage, the Indenture, the Assignment and any UCC financing statements promptly after receipt of such payment, together with all other sums then due and payable under the Notes, the Note Agreement, this Mortgage and the Indenture. If there shall be paid to Mortgagee the payment referred to in clause (ii) of this paragraph (a), then Mortgagee shall promptly execute and deliver to Lessee its written consent to the rejection made by Owner of such Purchase Offer. Payments received by Mortgagee pursuant to this Section 4.1 (a) shall be applied pursuant to Article 5. If such Purchase Offer shall be received by Mortgagee from Lessee, Mortgagee shall promptly furnish a copy thereof to Owner, and the provisions of this Section shall be applicable to the same extent as if such Purchase Offer had been received by Owner from Lessee.

(b)     Each deed or other instrument of conveyance or assignment executed and delivered by Mortgagee pursuant to this Section 4.1 shall be binding upon Owner with the same effect as if Owner had personally executed and delivered the same, and every such Owner by receipt or acquisition of any right, title or interest in the Property hereby irrevocably appoints Mortgagee its agent and attorney-in-fact with power and authority (which power and authority are coupled with an interest) to execute and deliver such deeds or other instruments of conveyance or assignment in its behalf and name.

R990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314 PAGE: 01285
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS



Store #0124, Tallahassee,
Leon County, Florida

BK: R2314 PG: 01285



R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295    PAGE: 01825
SEP 13 1999 10:20 AM    BK: R2295  PG: 01825
DAVE LANG, CLERK OF COURTS

**Section 4.2    Condemnation.** Owner, immediately upon obtaining knowledge of any proceedings for the taking of the Property or any part thereof in condemnation or other eminent domain proceeding, shall notify Mortgagee of the pendency thereof. Mortgagee may participate in such proceedings as and to the extent permitted under the Lease, and Owner will deliver or cause to be delivered to Mortgagee all instruments requested by it to permit such participation. Any award or compensation payable in such proceedings to Owner or assigned to Owner pursuant to the Lease is hereby assigned to and shall be paid to Mortgagee, subject to the rights of Lessee thereto pursuant to the Lease. Mortgagee shall be under no obligation to question the amount of the award or compensation and may accept the same. In any such proceeding Mortgagee may be represented by counsel satisfactory to it and Owner shall pay the reasonable fees and expenses of such counsel. Any award or compensation so received shall be applied pursuant to Article 5.

**Section 4.3    Transfer of Property.** If no default shall have happened and be continuing, Owner may sell, assign or otherwise transfer all or any part of its interest in all or a part of the Property subject to the lien hereof, the Lease and the Assignment to any transferee (other than an individual) which is a "bankruptcy-remote" entity having as its sole purpose the ownership, mortgaging and leasing of the Property (which may be a limited partnership, a Delaware business trust, a limited liability company or any other entity (i.e., that is not taxable at the entity level) having similar characteristics of limited liability and whose organizational documents shall restrict its activities to the purposes set forth above and incorporate the provisions of Sections 3.11 (b) and 3.17 or is otherwise approved by Note Holders of all of the outstanding principal amount of the Notes), provided that upon any sale, assignment or transfer the purchaser, assignee or transferee shall execute and deliver to Mortgagee an instrument, in form and substance satisfactory to Mortgagee, irrevocably appointing Mortgagee as agent and attorney-in-fact with the right and power (which right and power are coupled with an interest) to take all actions and do all things in the name and on behalf of such purchaser, assignee or transferee of the character which Mortgagee is authorized hereby to do as agent and attorney-in-fact of Owner, and to execute and deliver in the name and on behalf of such purchaser, assignee or transferee any notice, deed or other instrument which, pursuant to the terms hereof, Mortgagee is authorized to execute and deliver in the name and on behalf of Owner. In connection with a sale by an Owner of its interest in the Property its transferee (x) shall expressly agree that the interest or estate so acquired is subject to this Mortgage, the Indenture, the Lease and the Assignment and (y) shall expressly assume all of the obligations and undertakings of Owner contained herein and in the Indenture, the Lease, the Notes, the Note Agreement and the Assignment. Notwithstanding the foregoing, Owner may transfer the Property to Lessee pursuant to paragraph 9 of the Lease, provided that the transferee accepts title to the Property subject to the Lease, the Assignment, the Indenture and this Mortgage and that such transfer does not result in a termination of the Lease or any Guaranty. Upon any transfer of all of an Owner's interest in the Property in accordance with the provisions of this Section 4.3, the transferor shall be released from its obligations under the Notes and shall thereupon cease to be the "Owner" hereunder.

JK 125905.2 B9130.02061    R990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314    PAGE: 01206
NOV 04 1998 04:32 PM
DAVE LANG, CLERK OF COURTS

21

Store #0124, Tallahassee,
Leon County, Florida
BK: R2314  PG: 01206

R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295    PAGE: 01826
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS



BK: R2295    PG: 01826

A transferee pursuant to this Section 4.3 shall thereupon become "Successor Owner" and "Owner" for purposes of this Mortgage.

Section 4.4    Substitution of Properties. If Lessee elects to exercise the Substitution Option with respect to the Property pursuant to paragraphs 14, 15 or 16 of the Lease, and Mortgagee has approved the same in accordance with the terms of paragraph 11 of the Lease, then, after receipt by Mortgagee of notice thereof, Mortgagee shall, on the Substitution Date, execute and deliver to Owner a release of the interest of Owner in the Property from the lien of this Mortgage, the Assignment, the Indenture and the related UCC Financing Statements; provided, however, that such substitution shall be effected in accordance with the applicable provisions of the Lease.

Section 4.5    Release of the Property. If, at any time, Owner prepays the Notes in full as provided in Section 6.3, then Owner may obtain (at Owner's expense) the release of the Property from the lien of this Mortgage, the Assignment, the Indenture and the related UCC Financing Statements upon deposit with the Mortgagee of funds in an amount equal to 100% of the unpaid principal amount of the Notes, together with the accrued and unpaid interest thereon, plus the applicable Make Whole Amount and all other sums then due and owing under the Notes, the Note Agreement, the Indenture and this Mortgage.

Section 4.6    Expansion Notes.

(a)    If Lessee constructs a Store Expansion pursuant to paragraph 28 of the Lease and requests that Owner reimburse it for all or a portion of the Expansion Cost (as defined in the Lease) then Owner may issue Expansion Notes, pursuant to and secured by the Indenture, this Mortgage and the Assignment equally and ratably with any Notes theretofore issued upon compliance of Lessee with the terms of paragraph 28 of the Lease and upon compliance with this Section 4 6. All such additions, Alterations and Store Expansions financed in whole or in part by the issuance of Expansion Notes shall become and remain part of the Property and the Mortgaged Property and shall be subject to the lien of this Mortgage. Expansion Notes to be issued at any one time shall constitute one or more separate series of Expansion Notes. Expansion Notes shall not be issued and sold on any one occasion in an aggregate amount less than $1,000,000. Each series of Expansion Notes shall be equally and ratably secured by this Mortgage, the Indenture and the Assignment with all other Notes, without preference, priority or distinction as to lien or otherwise, except as expressly provided herein or therein, and may mature earlier or later than any other Notes.

(b)    Expansion Notes may be issued only if the conditions of paragraph 28 of the Lease have been fully satisfied and only if the following conditions shall have been fully satisfied:

(i)    The Store Expansion and Alterations with respect thereto shall constitute real property and fixtures permanently affixed to or part of the Property (or an integral part thereof).

JK 128908.2 80130 02051    R990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314    PAGE: 01207
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

22



Store #0124, Tallahassee,
Leon County, Florida

BK: R2314    PG: 01207

R399073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295    PAGE: 01827
SEP 13 1999 10:28 AM
DAVE LANG, CLERK OF COURTS



BK: R2295    PG: 01827

(ii)    The aggregate principal amount of the Expansion Notes issued on any date shall not exceed the aggregate of the Expansion Cost of the Store Expansion

(iii)    The Store Expansion and Alterations with respect thereto shall not have been otherwise required to be made by Lessee pursuant to the Lease.

(iv)    No other Notes or Expansion Notes shall have been issued and sold to finance such Expansion Cost.

(v)    Owner shall have executed and delivered to Mortgagee a supplement to this Mortgage, the Assignment and the Indenture satisfactory in form and substance to Mortgagee, which subjects such Alterations, Store Expansion and the Lease and any Guaranty as amended or supplemented in connection therewith to the lien of this Mortgage, the Indenture and the Assignment and includes such other provisions as Mortgagee shall deem necessary or appropriate by reason of the issuance of such Expansion Notes.

(vi)    Mortgagee and special counsel for the Note Holders of the outstanding Notes, shall have received such documents, assurances, instruments, certificates (including a reasonably detailed certificate of Lessee and Guarantor as to the satisfaction of all provisions of the Lease, any Guaranty, this Mortgage and the Indenture with respect to the issuance of such Expansion Notes) and opinions of counsel, title insurance policies (or endorsements to existing policies), surveys, environmental audits and governmental approvals all of the scope and character as were required pursuant to the Note Agreement in connection with the original purchase and sale of the Original Notes and otherwise as Mortgagee and such special counsel shall deem necessary or appropriate. All such items shall be satisfactory in form and substance to Mortgagee and such special counsel.

(vii)    Every person purchasing an Expansion Note shall be an Institutional Investor and shall be required to make a representation of the character specified in Section 7 of the Note Agreement.

(c)    Owner will not issue Expansion Notes to anyone other than the Note Holders of the Notes at the time Owner offers such Expansion Notes (the "Entitled Offerees") unless (i) Owner makes a written offer to sell to each Entitled Offeree a principal

JK 128906.2 80130.02051

R399090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314    PAGE: 01208
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

23

Store #0124, Tallahassee,
Leon County, Florida

BK: R2314    PG: 01208

R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295    PAGE: 01828
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS    BK: R2295    PG: 01828



amount of the Expansion Notes of each series which bears the same proportion to the aggregate principal amount of all Expansion Notes of such series as the principal amount of the Notes then held by such Entitled Offeree bears to the aggregate principal amount of all the Notes then held by all such Entitled Offerees, which written offer to sell shall contain such relevant information relating to the terms of the Expansion Notes as is generally provided pursuant to customary industry practice for privately placed leaseback securities, (ii) such offer shall not expire or be revoked for a period (to be specified therein) of not less than 10 business days, and (iii) one or more of the Entitled Offerees shall not accept such offer within such period; provided, however, that if any Entitled Offeree accepts such offer within such period, it shall have an additional 5 business days to agree to purchase the principal amount of the Expansion Notes which no other Entitled Offeree agreed to purchase in the initial offering of such Expansion Notes (and in the event that more than one Entitled Offeree agrees to purchase the principal amount of the Expansion Notes which no Entitled Offeree agreed to purchase in the initial offering, such principal amount shall be divided pro rata among such Entitled Offerees based on the respective amounts of such series of Expansion Notes which such Entitled Offerees agreed to purchase). Any of such Expansion Notes which are not accepted by an Entitled Offeree within the periods described in clauses (ii) and (iii) above may then be offered to Institutional Investors upon terms substantially identical to those offered to the Entitled Offerees. Neither Owner nor any agent on its behalf will sell or offer any Expansion Note for sale to, or solicit any offer to buy any thereof from, or otherwise approach or negotiate in respect thereof with, any other person so as thereby to bring the issue or sale thereof or of the Notes within the provisions of Section 5 of the Securities Act of 1933, as amended, or so as to require the qualification of this Mortgage or the Indenture under the Trust Indenture Act of 1939, as amended.

## ARTICLE 5
### Application of Moneys

**Section 5.1    Moneys Under the Lease or Guaranty**

(a)    Unless and until an Event of Default shall have happened and be continuing, moneys received by Mortgagee as Rent under the Lease and as interest on any overdue installment thereof shall be applied as follows: (i) to the Interest Payment and Installment Payments (and interest on any overdue amount thereof due on the Notes) on or about the date on which such payment of Rent is due; and (ii) the excess, if any, of any such installments of Rent after the application thereof pursuant to clause (i) above, shall be paid to Owner or upon its written order, free of the lien hereof.

(b)    Any moneys received by Mortgagee as Additional Monetary Obligations (as defined in the Lease) or as payments under the Guaranty, if any, or the Letter Agreement shall be applied to the purposes for which such moneys were paid pursuant thereto.

R990090110
RECORDED IN
JK 129908.2 80130 0205   PUBLIC RECORDS LEON CNTY FL
BOOK: R2314    PAGE: 01209
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

24

Store #0124, Tallahassee,
Leon County, Florida

BK: R2314    PG: 01209

R990073897
RECORDED IN
PUBLIC RECORDS LEON CITY FL
BOOK: 02295    PAGE: 01829
SEP 13 1999 18:20 AM  BK: R2295  PG: 01829
DAVE LANG, CLERK OF COURTS

Section 5.2  Purchase Price.  Moneys received by Mortgagee (i) as a payment of the purchase price paid by Lessee for any interest in the Property pursuant to the Lease (other than paragraph 9 of the Lease) or (ii) as a payment from Owner pursuant to Section 4.1 hereof shall be applied first to the prepayment of the Notes at a price equal to 100% of the outstanding principal amount to be prepaid, plus accrued and unpaid interest thereon to the date fixed for payment or prepayment, plus the applicable Make Whole Amount if such payment is the result of a Purchase Offer made by Lessee pursuant to paragraph 16 of the Lease; and second (if no Event of Default has occurred and is continuing), the excess, if any, shall be paid to Owner (or upon its written order) free of the lien hereof.  No Make Whole Amount or other premium shall be payable in connection with a purchase of the Property pursuant to paragraph 14 or 15 of the Lease or a payment made by Owner pursuant to Section 4.1 (a) of this Mortgage upon rejection of a Purchase Offer made pursuant to paragraph 14 or 15 of the Lease.

Section 5.3  Proceeds of Insurance Condemnation Awards, Proceeds of Mortgage Title Insurance.  Moneys received by Mortgagee (a) as payment for loss under any policy of insurance (other than mortgage title insurance) or in lieu of any such policy or (b) as an award or compensation for the taking, in condemnation or other eminent domain proceedings, of the Property or any part thereof or interest therein or a conveyance to a condemning authority in lieu of such proceeding shall be paid over or applied to or for the benefit of Lessee to the extent and in the manner that Lessee is entitled to receive or apply the same under the Lease.  Any such moneys not so paid over or required to be paid over to Lessee pursuant to the preceding sentence (i) shall be held by Mortgagee in an interest-bearing account, with interest payable to Owner if no default shall have occurred and be continuing and (ii) shall be applied on the next Interest Payment or Installment Payment date, but after the payment of the regular Interest Payment or Installment Payment on the Notes due on such date, to the ratable prepayment in whole or in part of the Notes at a price equal to 100% of the aggregate outstanding principal amount thereof to be prepaid, without payment of a Make Whole Amount.  Moneys received as proceeds of mortgage title insurance shall be applied on the next Interest Payment or Installment Payment date, but after the payment of the regular Interest Payment or Installment Payment due on such date, to the ratable prepayment in whole or in part of the Notes at a price equal to 100% of the aggregate outstanding principal amount thereof to be prepaid, without payment of a Make Whole Amount; and, if no Event of Default has occurred and is continuing, the excess, if any, shall be paid to Owner.

Section 5.4  Other Purchase Price Payment  Moneys received by Mortgagee as the purchase price for any interest in the Property pursuant to paragraph 9 of the Lease shall be paid to Owner or upon its written order free of the lien hereof, except to the extent such purchase price is to be applied to prepayment of the Notes as a result of an optional prepayment of the Notes pursuant to Section 6.3, in which case such purchase price shall be applied pursuant to Section 6.3, including payment of the Make Whole Amount.

R990090110
RECORDED IN
PUBLIC RECORDS LEON CITY FL
BOOK: 02314    PAGE: 01210
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS
JK 128008.2 007/30 02051
BK: R2314  PG: 01210

25

Store #0124, Tallahassee,
Leon County, Florida



R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK R2295    PAGE 01830
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS

BK: R2295    PG: 01830

## ARTICLE 6
### Prepayment of Notes

**Section 6.1    Prepayments Generally**    No prepayment of Notes may be made except to the extent and in the manner expressly permitted or required, by this Article 6 or Article 4 or 5.  All prepayments shall be prorated by Mortgagee among the Notes in proportion to the outstanding principal amounts thereof

**Section 6.2    Notice of Prepayment· Deposit of Money**

(a)    In case of any prepayment of the Notes pursuant to Section 6 3 hereof, notice thereof shall be given by Owner to Mortgagee as provided in Section 8 2 at least 30 days prior to the date fixed for prepayment. Any notice so given shall be valid and effective only when such notice is actually received. Each such notice shall specify the date fixed for prepayment, the outstanding principal amount to be prepaid and the estimated amount of the Make Whole Amount   Five days prior to the date fixed for prepayment, Owner shall confirm the amount of the Make Whole Amount   Not later than 12:00 noon, New York time, on the date fixed for any prepayment of Notes, the moneys required for such prepayment shall be deposited or caused to be deposited with Mortgagee who shall distribute such amount to the Note Holders of such Notes on the same banking day.

(b)    Upon any partial prepayment of the Notes, each Installment Payment which shall thereafter be payable on any Note shall be proportionately reduced so that upon the due payment of all remaining Installment Payments there shall have been paid to the Note Holder of such Note the entire unpaid outstanding principal amount thereof together with accrued interest thereon.   On or prior to each date of such partial prepayment, Owner shall prepare or procure three copies of a new amortization schedule with respect to each such Note, setting forth the amount of the interest portion and the principal portion of each Installment Payment thereafter to be made on such Note and the amount of the principal of such Note that will remain unpaid after each such Installment Payment is made. Owner shall retain one of such copies and deliver the remaining two copies to Mortgagee. Mortgagee shall deliver a copy of the amortization schedule relating to each such Note to the Note Holder thereof.

**Section 6.3    Optional Prepayment.**  Owner may, at its option, ratably prepay the Notes, in whole or in part, on any business day, at a price equal to 100% of the aggregate outstanding principal amount thereof to be prepaid, plus accrued and unpaid interest on such amount, together with the applicable Make Whole Amount.



R990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314    PAGE: 01211
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

BK: R2314    PG: 01211

JK 128906.2 80130 02051

26

Store #0124, Tallahassee,
Leon County, Florida



R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295    PAGE: 01831
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS
BK: R2295    PG: 01831

## ARTICLE 7
### Events of Default and Remedies

Section 7.1  Events of Default.  If one or more of the following (each an "Event of Default") shall happen, that is to say:

(a)  If default shall be made in the payment of any Interest Payment or Installment Payment, when and as the same shall become due and payable, and such default shall continue for a period of 10 days or if default shall be made in any payment of interest, principal, Make Whole Amount or any other payment on any of the Notes, when and as the same shall become due and payable, whether at maturity, by acceleration or as part of any prepayment, as provided in such Note, the Indenture or this Mortgage;

(b)  if an event of default under the Lease, Guaranty, or Letter Agreement or a default under the Letter Agreement shall have occurred and be continuing;

(c)  if the Lease shall in any way be amended or modified or shall be encumbered, assigned or pledged except as expressly contemplated hereby or permitted by the Lease or such Guaranty;

(d)  if any representation or warranty of Owner, Lessee or Guarantor set forth in any notice, certificate, demand, request or document delivered in connection with the purchase of the Notes, including, without limitation, the Note Agreement, the Indenture, this Mortgage, the Assignment, the Lease, and the Guaranty, or set forth in any certificate subsequently delivered by Owner, Lessee or Guarantor, shall be inaccurate in any material respect, as of the time when the same shall have been made;



R990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314    PAGE: 01212
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

BK: R2314    PG: 01212

if default by Owner shall be made in the due observance or performance of any covenant or agreement contained in the first or fourth sentence of Section 3.5 or in Section 3.11, 3.12, 4.1 (a) or 4.1 (b);

(f)  if default shall be made in the due observance or performance of any other covenant, condition or agreement of Owner contained herein or in any of the Notes, the Note Agreement, the Indenture or the Assignment and in any such case such default shall have continued for 30 days after receipt by Owner of written notice thereof to Owner, provided that in the case of any such default that cannot be cured by the payment of money and that cannot with diligence be cured within such 30-day period, if the cure of such default shall be promptly

R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295    PAGE  01832
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS



BK: R2295    PG: 01832

commenced and prosecuted with diligence, the period within which such default may be cured shall be extended for an additional period of time as may be necessary to cure such default with diligence and continuity provided that in no event shall such period be extended for a period of more than one year;

(g)    if default shall occur under the Lease by reason of which the lessor thereunder is given the right of termination or to re-enter and take possession of the Property, or if Mortgagee shall not actually receive directly any payment of Rent under the Lease which has been paid, irrespective of the reason for such non-receipt;

(h)    if a receiver, mortgagee or liquidator (or other similar official) of the Mortgaged Property or of Owner shall be appointed in any proceeding or by any federal or state officer or agency and shall not be discharged within 90 days after such appointment or if Owner shall consent to such appointment or if a custodian for purposes of any federal bankruptcy statute of substantially all of the assets of Owner is appointed or otherwise takes possession thereof and shall not be discharged within 90 days or if by decree of such court Owner shall be adjudicated a bankrupt or be declared insolvent under any federal or state bankruptcy or insolvency law or if an order for relief shall be entered in any bankruptcy or insolvency proceeding;

(i)    (x) if Owner shall be dissolved; or (y) if Owner shall file a petition commencing a voluntary case under any bankruptcy, insolvency or similar law or shall make an assignment for the benefit of its creditors or shall admit in writing its inability to pay its debts generally as they become due or shall consent to the appointment of a receiver of the Mortgaged Property, or if a petition or an answer proposing the reorganization or liquidation of Owner or its interests in the Property pursuant to the Federal Bankruptcy Code or, any insolvency law or any similar law, federal or state, shall be filed in, and approved by, any court;

(j)    if any of the creditors of Owner shall file a petition commencing an involuntary case to reorganize or liquidate Owner pursuant to the Federal Bankruptcy Code, any insolvency law or any similar law, federal or state, and if such petition shall not be discharged or denied within 90 days after the date on which such petition was filed; or

(k)    if final judgment for the payment of money in excess of $50,000 shall be rendered against Owner and such Owner shall not discharge the same or cause it to be discharged prior to the last day on which an appeal therefrom may be filed, or shall not appeal therefrom or from



R990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314    PAGE  01213
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

BK: R2314    PG: 01213

JK 128908.2 80130 02051

28

Store #0124, Tallahassee,
Leon County, Florida

R99073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295    PAGE: 01833
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS


BK: R2295  PG: 01833

the order, decree or process upon which or pursuant to which said judgment was granted, based or entered, and secure a stay of execution pending such appeal;

then in any and every such case, during the continuance of any Event of Default:

(1)  (a) At the option of Trustee by notice to Owner (except in the case of a sale of the interest of Owner in the Property by Owner in violation of any covenant or agreement contained in Section 4.3, in which case Owner hereby expressly waives notice), and (b) immediately upon the occurrence of any Event of Default set forth in clauses (h), (i) or (j) above, the entire outstanding principal amount of the Notes and all accrued and unpaid interest thereon, together with the Make Whole Amount shall become due and payable immediately, anything in this Mortgage, the Indenture or the Notes to the contrary notwithstanding.

(2)  Mortgagee personally, or by its respective agents or attorneys, may enter into and upon the Property and may exclude Owner and its agents and servants wholly therefrom; and, at the expense of the Mortgaged Property, may use, operate, manage and control the same and conduct the business thereof, may maintain and restore the Property, may insure and reinsure the same and may make all necessary or proper repairs, renewals and replacements and any useful alterations, additions, betterments and improvements thereto and thereon, all as Mortgagee may deem advisable; and in every case, Mortgagee shall have the right to manage and operate the Mortgaged Property and to carry on the business thereof and exercise all rights and powers of Owner with respect thereto either in the name of Owner or otherwise as Mortgagee shall deem best. Mortgagee shall be entitled to collect and receive all earnings, revenues, rents, issues, awards, proceeds, profits and income of the Mortgaged Property and said earnings, revenues, rents, issues, awards, proceeds, profits and income are hereby assigned to Mortgagee and its successors and assigns. After deducting the expenses of conducting the business thereof and of all maintenance, repairs, renewals, replacements, alterations, additions, betterments and improvements and taxes, assessments, insurance and prior or other proper charges upon the Mortgaged Property, as well as reasonable compensation for the services of Mortgagee and all attorneys, servants and agents properly engaged and employed by Mortgagee (including compensation and expenses in connection with any appeal), the moneys arising as aforesaid shall be applied as follows:

R99090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314    PAGE: 01214
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS


BK: R2314  PG: 01214

JK 129905 2 80130 02061

29

Store #0124, Tallahassee,
Leon County, Florida

R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK  R2295      PAGE  01834
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS



BK: R2295   PG: 01834

(i)      In case an Event of Default described in clause (a) of this Section shall not have happened, first to the payment of any Interest Payment and Installment Payment and any other payments of the principal of the Notes and interest thereon, when and as the same shall become payable, and second to the payment of any other sums required to be paid by Owner under the Note Agreement, the Notes, this Mortgage and the Indenture; or

(ii)      In case an Event of Default described in clause (a) of this Section shall have happened, in the order of priorities set forth in clauses second, third and fourth of Section 7 2.

Mortgagee shall apply any moneys received as final liquidated damages pursuant to paragraph 22(e) or 22(f) of the Lease or pursuant to any Guaranty in respect thereof in the order of priorities and amounts set forth in Section 7.2.

(3)      Mortgagee, with or without entry, personally or by agents or attorneys, may sell the Mortgaged Property and all estate, right, title, interest, claim and demand therein and right of redemption thereof at one or more sales conducted pursuant to applicable law, as an entirety or in parcels and at such times and places and upon such terms as may be specified in the notice or notices of sale to be given to Owner or as may be required by law. Any number of sales may be conducted from time to time. The power of sale shall not be exhausted by any one or more such sale as to any part of the Mortgaged Property remaining unsold, but shall continue unimpaired until all of the Mortgaged Property shall have been sold or the Notes and all indebtedness secured hereby and by the Indenture shall have been paid. In addition, Mortgagee, or any of them, shall have the statutory power of sale, if any, as may be provided by the law of the state in which the Property is located

R990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK  R2314      PAGE  01215
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

BK: R2314  PG: 01215

(4)      Subject to Section 8.1, Mortgagee may take all steps to protect and enforce its rights and remedies provided hereby or by applicable law, whether by action, suit or proceeding in equity or at law (for the complete or partial foreclosure hereof, for the specific performance of any covenant, condition or agreement contained in the Note Agreement, the Indenture, the Assignment, the Notes or herein or in aid of the execution of any power herein or therein granted or for the enforcement of any other appropriate legal or equitable remedy) or otherwise as Trustee shall deem most effectual to protect and enforce the same.

(5)      Mortgagee shall have all rights and remedies provided to a secured party by the Uniform Commercial Code with respect to such



R99007389?
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295    PAGE: 01835
SEP 13 1999 10:20 AM    BK: R2295  PG: 01835
DAVE LANG, CLERK OF COURTS

portion of the Mortgaged Property, if any, as is governed by the Uniform Commercial Code.

(6)      In case of proceedings against or involving Owner in insolvency or bankruptcy (including any proceeding under any federal or state bankruptcy or insolvency statute or similar law) or any proceedings for its reorganization or involving the liquidation of its assets, Mortgagee shall be entitled to prove the whole amount of principal, interest, Make Whole Amount and other sums, if any, due upon the Notes to the full amount thereof and all other payments, charges and costs due under the Note Agreement, the Indenture or this Mortgage without deducting therefrom any proceeds obtained from the sale of the whole or any part of the Mortgaged Property; provided, however, that in no case shall Mortgagee receive a greater amount than such principal, interest, Make Whole Amount and other sums, charges and costs from the aggregate amount of the proceeds of all sales of the Mortgaged Property.



R99009011?
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: 01314    PAGE: 01216
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

(7)      If Mortgagee accelerates the payment of the whole or any part of the principal due under the Notes pursuant to this Section 7.1, Owner waives any right to prepay the principal sum in whole or in part without payment of the Make Whole Amount and agrees to pay the Make Whole Amount.

BK: R2314  PG: 01216  This Mortgage is given to secure not only the Original Notes but also the Expansion Notes and such other future advances, whether such advances are obligatory or are to be made at the option of the Note Holders or Mortgagee, or otherwise, as are made within twenty years from the date hereof, to the same extent as if such future advances were made on the date of the execution of this Mortgage. The total amount of indebtedness that may be so secured may decrease or increase from time to time, but the total unpaid balance so secured at one time shall not exceed twice the face amount of the Notes, plus interest thereon, and any disbursements made for the payment of taxes, levies or insurance on the Mortgaged Property, with interest on such disbursements at the rate applicable during the continuance of an Event of Default.

Section 7.2    Application of Proceeds.  The purchase money or proceeds of any sale made under or by virtue of this Article, together with any other sums which then may be held by Mortgagee as part of the Mortgaged Property or the proceeds thereof, shall be applied: first, to the payment of the costs and expenses of such sale, including the reasonable expenses of Mortgagee and its agents and counsel and all amounts then owing to Mortgagee, and of any judicial proceeding wherein the same may be made; second, to the payment of the amount then owing on the Notes for the payment of interest currently due and payable; third, to payment of the Make Whole Amount; fourth, to the payment of the amount then owing on the Notes for the payment of the unpaid principal amount; fifth, to the payment of any other sums secured by this Mortgage or the Indenture;

JK 129006.2 90180 02051                    31                    Store #0124, Tallahassee,
                                                                  Leon County, Florida

R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK 02295    PAGE: 01836
SEP 13 1999 10:20 AM
DAVE LANG. CLERK OF COURTS


BK: R2295    PG: 01836

and sixth, to the payment of the surplus, if any, to whosoever shall be lawfully entitled thereto.

Section 7.3  Purchase by Mortgagee  Upon any sale made under or by virtue of this Article (whether made under any power of sale herein granted or under or by any virtue of judicial proceedings or of a judgment or decree of foreclosure and sale), Mortgagee may bid for and acquire the Mortgaged Property or any part thereof and in lieu of paying cash therefor may make settlement for the purchase price by crediting upon the sums secured by this Mortgage the net proceeds of sale after deduction of all costs, expenses, and other charges to be paid therefrom as herein provided  The person making such sale shall accept such settlement without requiring the production of the Notes and without such production there shall be deemed credited thereon the net proceeds of sale ascertained and established as aforesaid. Mortgagee upon so acquiring the Mortgaged Property or any part thereof, shall be entitled to hold, deal with and sell the same in any manner permitted by applicable laws.

Section 7.4  Receivers  After the happening of any Event of Default, immediately upon the commencement of any legal proceeding by Mortgagee for or in aid of the enforcement of the Notes or of this Mortgage or the Indenture, and without regard to the adequacy of the security of the Mortgaged Property, Mortgagee shall be entitled to the appointment of a receiver or receivers of the Mortgaged Property and of all the earnings, revenues, rents, issues, profits and income thereof, and Owner hereby consents to any such appointment.

Section 7.5  Remedies Cumulative.  No remedy herein shall be exclusive of any other remedy or remedies, and each such remedy shall be cumulative and in addition to every other remedy given hereunder or now or hereafter existing at law or in equity; and every power and remedy of Mortgagee hereunder may be exercised from time to time and as often as may be deemed expedient by Mortgagee. No delay or omission of Mortgagee to exercise any right or power accruing upon an Event of Default shall impair any such right or power or shall be construed to be a waiver of any such Event of Default or an acquiescence therein.

Section 7.6  Waiver of Rights.  Owner agrees that it will not at any time or in any manner whatever claim or take any benefit of any stay, extension or moratorium law which may affect the terms of this Mortgage; nor claim or take any benefit of any law providing for the valuation or appraisal of the Mortgaged Property or any part thereof prior to any sale thereof; nor, prior to or after any such sale, claim or exercise any right to redeem any property so sold or to be sold or any part thereof; and Owner hereby expressly waives all benefit or advantage of any such law and covenants not to hinder, delay or impede the execution by Mortgagee of any power or remedy herein granted or available at law or in equity, but to suffer and permit the execution of every power and remedy as though no such law existed. Owner waives all right to have the Mortgaged Property marshaled upon any foreclosure hereof.

R990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314    PAGE: 01217
NOV 04 1999 04:37 PM
DAVE LANG. CLERK OF COURTS


BK: R2314    PG: 01217    Store #0124, Tallahassee,
Leon County, Florida

R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: 02295    PAGE: 01837
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS
BK: R2295  PG: 01837



Section 7.7    Suits by Mortgagee.  All rights of action under this Mortgage or under any of the Notes may be enforced by Mortgagee without the possession of any of the Notes and without the production thereof at any trial or other proceeding relative thereto. A copy of any Note, if authenticated by the Trustee and properly certified by Mortgagee to be true and correct, shall constitute conclusive evidence of all matters that could be proven by production of the original of that Note in any trial or proceeding relative thereto.

Section 7.8    Mortgagor's Cure Rights.

(a)    Except during any period of time when an Event of Default of the character referred to in paragraph 22(a)(iv), (v), (vi) or (vii) of the Lease shall have occurred and be continuing, Mortgagor (but not any Successor Owner) shall have the right to cure or cause to be cured (i) any four consecutive defaults by Lessee in the payment of Rent (including any interest thereon at the Default Rate due pursuant to paragraph 5(c) of the Lease) under the Lease within 15 days after receipt of notice that such default has occurred up to a maximum of eight defaults during the term of this Mortgage, and (ii) any other default or defaults by Lessee under the Lease within the same time period, as set forth in Section 7.8(a)(i), after notice referred to in Section 7.1(f) of this Mortgage.

(b)    During any cure period in favor of Mortgagor pursuant to Section 7.8(a), Mortgagee shall not have the right to accelerate the maturity of the Notes or exercise any remedy hereunder or under the Indenture or the Assignment (including, without limitation, a judicial foreclosure or the exercise of any power of sale) so long as Mortgagor conforms to the requirements of Section 7.8(a) and is timely curing such defaults. Curing by Mortgagor of any such default by Lessee under the Lease shall not be deemed to affect Lessee's obligations under the Lease or Guarantor's obligations in respect any Guaranty or to excuse Lessee or Guarantor from liability for such default and upon such cure Mortgagor may proceed against Lessee or Guarantor for specific performance of the obligation under the Lease and any Guaranty with respect to which such default has occurred

ARTICLE 8
Miscellaneous

Section 8.1    Immunity from Liability.  Anything contained herein or in the Notes, the Note Agreement, the Indenture or the Assignment to the contrary notwithstanding, no recourse shall be had for the payment of the principal of or interest or Make Whole Amount, if any, on the Notes, or for any claim based thereon or otherwise in respect thereof or based on or in respect of the Note Agreement, the Indenture, this Mortgage or the Assignment against (i) any past, present or future officer, director, shareholder, partner, trustee, member or beneficiary of Owner; (ii) any legal representative, heir, estate, successor or assign of any thereof; or (iii) any person to whom the Mortgaged Property or any part thereof or interest therein shall have been transferred pursuant to Section 4.3 of this Mortgage (or its officers, directors, shareholders, partners, members, trustees or beneficiaries), in each case for any deficiency or any other sum owing on the Notes or

R990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314    PAGE: 01218
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS
BK: R2314  PG: 01218
JK 128908.2 80730 02081
Store #0124, Tallahassee,
Leon County, Florida

33

R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295       PAGE: 01838
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS

BK: R2295    PG: 01838



arising under or with respect to the Note Agreement, the Indenture, this Mortgage or the Assignment. It is understood that the Notes and all obligations under or with respect to the Note Agreement, the Indenture, this Mortgage and the Assignment may not be enforced against any person or entity described in clauses (i) through (iii) above; provided however, that the foregoing provisions of this paragraph shall not (x) prevent recourse to the Mortgaged Property or the sums due or to become due under any instrument which is part of the Mortgaged Property, including, without limitation, the right to proceed against Lessee under the Lease and the Assignment and Winn-Dixie under the Guaranty, if any, and the Assignment or (y) constitute a waiver, release or discharge of any indebtedness or obligation evidenced by the Notes, or secured by the Indenture, this Mortgage, or the Assignment, but the same shall continue until paid or discharged, and further, that the foregoing provisions of this paragraph shall not limit the right of any person to name any person referred to in clauses (i) through (iii) above as a party defendant in any action or suit for a judicial foreclosure of or in the exercise of any other remedy under the Notes, or under the Note Agreement, the Indenture, this Mortgage or the Assignment, so long as no judgment in the nature of a deficiency judgment or seeking personal liability shall be asked for or, if obtained, enforced against any such person  Notwithstanding anything to the contrary herein or in any Note, the Note Agreement, the Indenture or the Assignment, this agreement not to pursue recourse liability shall be null and void and of no force or effect in the event of any fraud or willful misrepresentation or misconduct by any person referred to in clauses (i) through (iii) above with respect to the Mortgaged Property or the making or delivery of the Notes or any other instrument or agreement by which the Notes are secured or upon the failure or refusal by such person to promptly remit to Mortgagee any payment of Rent, Additional Monetary Obligations or purchase price payable pursuant to the Lease with respect to the Property where such payment comes within the control of such person (intentionally or unintentionally) other than pursuant to this Mortgage, the Assignment or the Indenture

Section 8.2.  Notices; Modifications; Waiver.

(a)  All notices and other communications hereunder shall be in writing and shall be deemed to have been given for all purposes (i) as of the date and time the same is personally delivered with a receipted copy, (ii) if given by telefax, the day when the telefax is transmitted to the recipient's telefax number and confirmation of complete receipt is received by the transmitting party prior to or during normal business hours for the recipient, or the day after confirmation is received by the transmitting party if transmitted after normal business hours for the recipient; (iii) on the date received by the addressee if delivered by United States Mail, postage prepaid by certified mail, return receipt requested, addressed to the party to be notified, or (iv) if given by nationally recognized or reputable overnight delivery service, on the next day after receipted deposit with same, addressed: (x) if to Owner at its address first set forth above (telefax number 515-248-8090) or (y) if to Mortgagee, at such party's address first above set forth (telefax number 801-246-5053), or in any case at such other address as may be filed in writing by Owner with Mortgagee or by Mortgagee with Owner.

R990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314       PAGE: 01219
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

BK: R2314    PG: 01219
Store #0124, Tallahassee,
Leon County, Florida

R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295    PAGE: 01839
SEP 13 1999 10:29 AM
DAVE LANG, CLERK OF COURTS

BK: R2295  PG: 01839


(b)    This Mortgage may not be modified except by an instrument in writing executed by Owner and Mortgagee.  No requirement hereof may be waived at any time except by a writing signed by the party against whom such waiver is sought to be enforced nor shall any waiver be deemed a waiver of any subsequent breach or default

Section 8.3    Illegal Provision.  If any provision herein or in the Notes, the Indenture, the Note Agreement or the Assignment shall be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof, and such documents shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

Section 8.4    Maximum Interest Payable.  Neither this Mortgage nor the Notes nor the Indenture shall require the payment or permit the collection of interest in excess of the maximum not prohibited by law. If herein or in the Notes or in the Indenture any excess of interest in such respect is provided for or shall be adjudicated to be so provided for, such excess shall, to the extent not prohibited by law, be applied to the principal amount of the Notes with respect to which such excess interest was paid  This provision shall control any other provision of this Mortgage or the Notes or the Indenture.

Section 8.5    Satisfaction.  If and when the Notes shall have become due and payable (whether by lapse of time or by acceleration or by the exercise of the privilege of prepayment), Owner shall pay or cause to be paid (provided such payment is permitted or required hereby) the full amount of the aggregate principal, interest and any applicable Make Whole Amount on the Notes and shall also pay or cause to be paid all other sums payable by Owner under this Mortgage, under the Indenture, under the Notes, and under the Note Agreement, then and in that case (or upon a substitution of properties pursuant to Section 4.4) this Mortgage shall become null and void and Mortgagee, at the sole cost and expense of Owner, shall cancel the same as a lien on the Property and release or reconvey the Mortgaged Property to Owner and execute and deliver such instruments as shall be requested by Owner to satisfy and discharge the lien hereof as well as that of the Assignment and any UCC financing statements.

Section 8.6    Binding Effect.  The covenants, conditions and agreements herein contained shall bind, and the benefits and advantages shall inure to, the respective successors and assigns of the parties hereto. Whenever used, the singular shall include the plural, the plural include the singular and the use of any gender shall include all genders.

Section 8.7    Counterparts.  This Mortgage may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which shall constitute one and the same instrument.

R990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314    PAGE: 01220
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

BK: R2314  PG: 01220

JK 120908.2 801G0 02051

35

Store #0124, Tallahassee,
Leon County, Florida

R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295    PAGE  01840
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS



BK: R2295    PG: 01840

**Section 8.8    Table of Contents; Headings.** The table of contents contained herein and the headings of the various Articles, Sections and Schedules herein have been inserted for reference only and shall not to any extent have the effect of modifying or amending the express terms and provisions hereof. The dating of this Mortgage "as of August ____, 1999" is for convenience of reference only and this Mortgage shall become effective only upon its execution and delivery by Owner.

**Section 8.9    Governing Law.** This Mortgage shall be governed by the law of the State in which the Property is located.

**Section 8.10    Exhibits and Schedules.** Attached hereto are Exhibit A and Schedules A-1 and A-2 referred to in this Mortgage.

**Section 8.11    Future Advances.** This Mortgage will secure the Notes and the indebtedness thereunder, together with any sum or sums in addition to those outstanding under the Notes advanced by the then holder of the Notes to Mortgagor at any time within twenty (20) years from the date of this Mortgage, with interest thereon at the rate agreed upon at the time of each additional loan or advance. Each such additional loan or advance will be equally secured with and have the same priority as the original indebtedness secured by this Mortgage and be subject to all of the terms and provisions of this Mortgage, whether or not such additional loan or advance is evidenced by a promissory note of Mortgagor and whether or not identified by a recital that it is secured by this Mortgage; provided, however, that the aggregate amount of principal indebtedness outstanding at any one time will not exceed an amount equal to two (2) times the original principal sum of the Notes secured hereby, and provided further that it is understood and agreed that this future advance provision will not be construed to obligate Mortgagee to make any such additional loans or advances.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

R990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314    PAGE: 01221
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

BK: R2314    PG: 01221

JK 128906 2 80130 02051

Store #0124, Tallahassee,
Leon County, Florida

R990073957
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295    PAGE: 01841
SEP 13 1999 10:20 AM    BK: R2295    PG: 01841
DAVE LANG, CLERK OF COURTS



IN WITNESS WHEREOF, TALLAHASSEE 99-FL, LLC has caused this Mortgage to be duly executed and delivered, as of the day and year first above written.

Witnesses:

TALLAHASSEE 99-FL, LLC, a Delaware limited liability company

By:    PRINCIPAL NET LEASE INVESTORS, L.L.C., a Delaware limited liability company , its sole member

By:    PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation, its sole member

Print Name: BARBARA M SEAMANDS

Print Name: Karen A Peurston

By: _____
Name: _____
Its: _____ STEPHEN G. SKRIVANEK C____

Print Name: BARBARA M SEAMANDS

Print Name: Karen A Peurston

By: _____
Name: _____ T. OR AL TRY TAMS
Its: _____ A. COUNSEL

[CORPORATE SEAL]

R990090118
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314    PAGE: 01222
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

BK: R2314    PG: 01222

JK 129008.2 80130 02001                    37

Store #0124, Tallahassee,
Leon County, Florida

R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK. R2295    PAGE  01842
SEP 13 1999 10:20 AM      BK: R2295    PG: 01842
DAVE LANG, CLERK OF COURTS



STATE OF _Iowa_
COUNTY OF _Polk_

The foregoing instrument was acknowledged before me this _20th_ day of
_August_, 199__, by _Stephen H. Edwards_, the _Counsel_ of
PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation, sole member of
PRINCIPAL NET LEASE INVESTORS, L L C., a Delaware limited liability company, sole
member of TALLAHASSEE 99-FL, LLC, a Delaware limited liability company, on behalf of
the company, who either ___✓___ is personally known to me or _____ has produced
identification in the form of _____ driver's license.

_Marilyn A. McIntyre_
Print Name.
Notary Public, State of _____
Commission No _148281_
My Commission Expires. _____

MARILYN A. McINTYRE
MY COMMISSION EXPIRES
Aug. 24 2000

[SEAL]

STATE OF _Iowa_
COUNTY OF _Polk_

The foregoing instrument was acknowledged before me this _20th_ day of
_August_, 199_2_, by _Marie Parde_, the _Counsel_ of
PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation, sole member of
PRINCIPAL NET LEASE INVESTORS, L L.C., a Delaware limited liability company, sole
member of TALLAHASSEE 99-FL, LLC, a Delaware limited liability company, on behalf of
the company, who either ___✓___ is personally known to me or _____ has produced
identification in the form of _____ driver's license.

R990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK  R2314   PAGE  01223
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

_Marilyn A. McIntyre_
Print Name.
Notary Public, State of _____
Commission No. _148281_
My Commission Expires: _____

MARILYN A. McINTYRE
MY COMMISSION EXPIRES
August 24 2000

[SEAL]

BK: R2314   PG: 01223

This document has been prepared by Alan C. Sheppard, Jr., Esq., LeBoeuf, Lamb, Greene
& MacRae, L.L.P., 50 North Laura Street, Suite 2800, Jacksonville, Florida 32202.

Store #0124, Tallahassee,
Leon County, Florida

JK 128905.2 80130 02051

38



R990073997
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BK01 R2295    PAGE: 81843
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS

BK: R2295   PG: 81843

**EXHIBIT A**

**TALLAHASSEE (KERRY), FLORIDA**

A TRACT OF LAND LYING IN SECTION 27, TOWNSHIP 2 NORTH, RANGE 1 EAST, LEON COUNTY, FLORIDA, MORE PARTICULARLY DESCRIBED AS FOLLOWS COMMENCE AT A CONCRETE MONUMENT MARKING THE NORTHWEST CORNER OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION 27 AND RUN NORTH 89 DEGREES 55 MINUTES 47 SECONDS WEST ALONG THE NORTH BOUNDARY OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION 27, A DISTANCE OF 792.95 FEET TO A CONCRETE MONUMENT, THENCE NORTH 00 DEGREES 39 MINUTES 35 SECONDS WEST 84.02 FEET TO A CONCRETE MONUMENT MARKING THE SOUTHEAST CORNER OF PROPERTY DESCRIBED IN DEED BOOK 87, PAGE 49 OF THE PUBLIC RECORDS OF LEON COUNTY, FLORIDA, THENCE NORTH 84 DEGREES 25 MINUTES 00 SECONDS WEST ALONG THE SOUTHERLY BOUNDARY OF SAID PROPERTY 90.43 FEET, THENCE SOUTH 23 DEGREES 47 MINUTES 24 SECONDS WEST ALONG A LINE 400 FEET EASTERLY OF AND PARALLEL WITH THE EASTERLY RIGHT OF WAY BOUNDARY OF THOMASVILLE ROAD (STATE ROAD NO 61) A DISTANCE OF 210.38 FEET TO A CONCRETE MONUMENT, THENCE SOUTH 66 DEGREES 08 MINUTES 13 SECONDS EAST 508 12 FEET, THENCE SOUTH 66 DEGREES 31 MINUTES 41 SECONDS EAST 94 96 FEET TO THE POINT OF BEGINNING   FROM SAID POINT OF BEGINNING THENCE RUN SOUTH 66 DEGREES 07 MINUTES 57 SECONDS EAST 104 62 FEET TO A CONCRETE MONUMENT, THENCE SOUTH 15 DEGREES 13 MINUTES 08 SECONDS WEST 164 47 FEET, THENCE SOUTH 74 DEGREES 17 MINUTES 26 SECONDS WEST 69 33 FEET TO A BUILDING CORNER, THENCE SOUTH 74 DEGREES 23 MINUTES 31 SECONDS WEST ALONG A WALL 206 02 FEET TO A BUILDING CORNER, THENCE SOUTH 69 DEGREES 49 MINUTES 15 SECONDS WEST 117 07 FEET, THENCE SOUTH 20 DEGREES 57 MINUTES 00 SECONDS EAST 119 51 FEET, THENCE SOUTH 23 DEGREES 50 MINUTES 07 SECONDS WEST 208 60 FEET TO A POINT ON A CURVE CONCAVE TO THE NORTHEAST, SAID POINT ALSO BEING ON THE NORTHERLY RIGHT OF WAY OF KERRY FOREST PARKWAY (100 FOOT RIGHT OF WAY), THENCE NORTHWESTERLY ALONG SAID RIGHT OF WAY AND CURVE WITH A RADIUS OF 1661.71 FEET THROUGH A CENTRAL ANGLE OF 02 DEGREES 50 MINUTES 11 SECONDS FOR AN ARC DISTANCE OF 82 28 FEET (THE CHORD OF SAID ARC BEARS NORTH 56 DEGREES 26 MINUTES 18 SECONDS WEST 82.25 FEET), THENCE NORTH 55 DEGREES 03 MINUTES 10 SECONDS WEST 151.60 FEET TO A POINT OF CURVE CONCAVE SOUTHWESTERLY, THENCE NORTHWESTERLY ALONG SAID CURVE WITH A RADIUS OF 2624 88 FEET THROUGH A CENTRAL ANGLE OF 01 DEGREES 17 MINUTES 08 SECONDS FOR AN ARC DISTANCE OF 58.89 FEET (CHORD BEARING NORTH 55 DEGREES 43 MINUTES 53 SECONDS WEST 58.89 FEET), THENCE LEAVING SAID NORTHERLY RIGHT OF WAY NORTH 23 DEGREES 51 MINUTES 16 SECONDS EAST 353.58 FEET, THENCE NORTH 74 DEGREES 21 MINUTES 19 SECONDS EAST 201 53 FEET TO A BUILDING CORNER, THENCE NORTH 74

BK: R2314   PG: 01224

R990099119
PUBLIC RECORDS LEON CNTY FL
NOV 10 1999 04:37 PM
DAVE LANG, Clerk of Courts

JK 122770 1  80130 02051
8/12/99 1 44 PM

#124 Tallahassee FL



R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295    PAGE  01844
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS



BK: R2295    PG: 01844

**TALLAHASSEE (KERRY), FLORIDA, CONT'D.**

DEGREES 23 MINUTES 53 SECONDS EAST ALONG A WALL 205 93 FEET TO A BUILDING CORNER, THENCE NORTH 74 DEGREES 30 MINUTES 25 SECONDS EAST 72.82 FEET TO THE POINT OF BEGINNING

TOGETHER WITH EASEMENTS CONTAINED IN THAT CERTAIN INDENTURE OF ESTABLISHMENT OF PROTECTIVE COVENANTS, CONDITIONS AND RESTRICTIONS AND GRANTS OF EASEMENTS DATED AUGUST 31, 1990, BETWEEN BRUNO'S INC AND TWIN ACTION PROPERTIES, INC., RECORDED IN OFFICIAL RECORDS BOOK 1454, PAGE 441, OF THE PUBLIC RECORDS OF LEON COUNTY, FLORIDA

R990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK  R2314    PAGE  01225
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS



BK: R2314    PG: 01225



JK 122770 1  50130 02051
8/12/99 1 44 PM

#124 Tallahassee, FL

RS990073697
RECORDED IN
PUBLIC RECORDS LEON CITY FL
BOOK: R2295      PAGE: 01845
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS



BK: R2295  PG: 01845

## SCHEDULE A-1

7 57% SECURED NOTE DUE JUNE 1, 2019

$_____

Registered No. 1
Private Placement Number _____

_____, a Delaware limited liability company ("Owner"), for value received, hereby promises to pay to _____, or registered assigns ("Payee"), on or before June 1, 2019, as herein provided, the principal sum of _____ DOLLARS ($_____) and to pay interest on the unpaid principal amount hereof from the date hereof to maturity at the rate of 7 57% per annum and (to the extent not prohibited by applicable law) to pay interest on any overdue principal and interest at the rate per annum of 9 57% (or at the maximum rate not prohibited by law, whichever is less), in each case computed on the basis of a 360-day year of twelve 30-day months

Such principal and interest shall be payable upon presentation of this Note (except that upon compliance with the conditions of **Section 2.3** of the Indenture hereinafter referred to, such payment shall be made by wire transfer) at the corporate trust office of FIRST SECURITY BANK, NATIONAL ASSOCIATION, a national association (herein, together with its successors and assigns as trustee under the Indenture hereinafter referred to called the "Trustee"), as Trustee under the Indenture, dated as of August ___, 1999 (herein, together with all supplements and amendments thereto, called the "Indenture") from Owner, as grantor, to the Trustee and Val T. Orton, as individual trustee (collectively, the "Trustees"), which office is located at 79 South Main Street, Salt Lake City, Utah 84111, or at the office of its successor as such Trustee, in lawful money of the United States of America, in immediately available funds, in the following manner

   i)   on September 1, 1999, a payment (the "Interest Payment") of all interest accrued and unpaid on the outstanding principal amount of this Note from the date of issuance hereof to and including August 31, 1999, shall be due and payable;

   ii)   on December 1, 1999 and thereafter, seventy-eight (78) equal payments of principal and interest, each in the amount of _____ DOLLARS ($_____) (each an "Installment Payment"), shall be due and payable on the first (1st) day of March, June, September and December in each year, commencing December 1, 1999 and continuing to and including March 1, 2019,

RS990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314      PAGE: 01226
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

BK: R2314  PG: 01226

JK 120859 5 80130 02051
0/0/99 2.00 PM

1

Store #_____, City, County, State

R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK  R2295        PAGE  01846
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS

BK: R2295    PG: 01846

(iii)    one (1) payment of principal and interest in the amount of _____ DOLLARS ($_____) (also an "Installment Payment"), together with the remaining amounts, if any, then due and unpaid on this Note shall be due and payable on June 1, 2019

Each Installment Payment shall be made by 1 00 p m (E S T ) on the due date and, when paid, shall be applied first to the payment of interest accrued and unpaid on the unpaid principal amount of this Note to and including the day prior to the date fixed for such payment, and second to payment on account of the principal hereof.

This Note is one of the 7 57% Secured Notes (the "Secured Notes") secured by the Mortgage and the Assignment (as each term is defined in the Indenture) executed and delivered by Owner  The Secured Notes and one or more series of Expansion Notes (as defined in the Mortgage) which may be issued by Owner and which may be secured equally and ratably with, or subordinate to, the Secured Notes, together with any note or notes issued in exchange or substitution therefor in accordance with the Indenture, are herein collectively called the "Notes". The Indenture, the Mortgage and the Assignment are hereby incorporated by reference in and made a part of this Note

The principal of this Note is subject to prepayment from time to time, in the manner and under the circumstances set forth in the Indenture and the Mortgage  Upon any such prepayment in part, each Installment Payment which shall thereafter be due and payable on this Note shall be proportionately decreased so that upon the due payment of all remaining Installment Payments there shall have been paid to Payee the entire unpaid principal balance of this Note, together with accrued interest hereon.

Upon the occurrence of an Event of Default specified in the Mortgage, the principal hereof and the interest accrued and unpaid hereon may be declared to be forthwith due and payable as provided in the Mortgage  Failure of Payee so to accelerate payment of this Note upon such an occurrence shall not constitute a waiver by Payee of its right to do so  Owner expressly (i) acknowledges and agrees that, upon such acceleration, pursuant to Section 7 1 of the Mortgage, Payee has the right to exact, and Owner shall pay, the applicable Make Whole Amount (as defined in the Mortgage); (ii) waives the right to prepay without the Make Whole Amount in such circumstances, and (iii) acknowledges that the provisions for the Make Whole Amount constitute a material inducement to Payee to enter into the loan evidenced by this Note and is therefore supported by adequate consideration

This Note is issuable only as a fully registered Note  Owner and the Trustees shall deem and treat the person in whose name this Note is registered on the Register (as such term is defined in the Indenture) as the absolute owner hereof (whether or not this Note shall be overdue) for the purpose of receiving payments of principal and interest and for all other purposes, and Owner and the Trustees shall not be affected by any notice to the contrary. In accordance with the provisions of the Indenture, this Note may be transferred

JK 120659 S 80130 02051
8/16/99 2:00 PM          R990090110
                        RECORDED IN
                     PUBLIC RECORDS LEON CNTY FL
                     BOOK  R2314        PAGE  01227
                     NOV 04 1999 04:37 PM
                     DAVE LANG, CLERK OF COURTS

2. ____ Store # _____, City, County, State

BK: R2314    PG: 01227

R999073697
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295   PAGE: 01847
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS
BK: R2295   PG: 01847



only on the Register at the corporate trust office referred to above and may be exchanged for a Note or Notes of the same series of other denominations.

Should the indebtedness represented by this Note or any part thereof be collected at law or in equity or in bankruptcy, receivership or other court proceeding or should this Note be placed in the hands of attorneys for collection after default, Owner agrees to pay, in addition to the principal, Make Whole Amount, if any, and interest due and payable hereon, all costs of collecting or attempting to collect this Note, including reasonable attorneys' fees and expenses (including those incurred in connection with any appeal)

Anything contained herein, in the Note Agreement (as defined in the Indenture), in the Mortgage, the Mortgage or the Assignment to the contrary notwithstanding, no recourse shall be had for the payment of the principal of or interest or Make Whole Amount, if any, on this Note, or for any claim based hereon or otherwise in respect hereof or based on or in respect of the Note Agreement, the Indenture, the Mortgage or the Assignment against (i) any past, present or future officer, director, shareholder, partner, trustee, member or beneficiary of Owner, or (ii) any legal representative, heir, estate, successor or assign of any thereof, or (iii) any person to whom the Mortgaged Property (as defined in the Mortgage) or any part thereof or interest therein shall have been transferred pursuant to the Mortgage (or its officers, directors, shareholders, partners, members, trustees or beneficiaries), in each case, for any deficiency or any other sum owing on this Note or arising under or with respect to the Note Agreement, the Indenture, the Mortgage or the Assignment. It is understood that this Note and all obligations under or with respect to the Note Agreement, the Indenture, the Mortgage and the Assignment may not be enforced against any person or entity described in clauses (i) through (iii) above, provided, however, the foregoing provisions of this paragraph shall not (x) prevent recourse to the Mortgaged Property or the sums due or to become due under any instrument which is part of the Mortgaged Property, including, without limitation, the right to proceed against Lessee (as defined in the Mortgage) under the Lease and the Assignment and Guarantor (as defined in the Indenture) under the Guaranty and the Assignment or (y) constitute a waiver, release or discharge of any indebtedness or obligation evidenced by this Note or secured by the Indenture, the Mortgage or the Assignment, but the same shall continue until paid or discharged and, further, that the foregoing provisions of this paragraph shall not limit the right of any person to name any person referred to in clauses (i) through (iii) above as a party defendant in any action or suit for a judicial foreclosure of or in the exercise of any other remedy under this Note or the Note Agreement, the Indenture, the Mortgage or the Assignment so long as no judgment in the nature of a deficiency judgment or seeking personal liability shall be asked for or (if obtained) enforced against any such person. Notwithstanding anything to the contrary herein or in the Note Agreement, the Indenture, the Mortgage or the Assignment, this agreement not to pursue recourse liability shall be null and void and shall be of no force or effect in the event of any fraud or willful misrepresentation or misconduct by any person referred to in clauses (i) through (iii) above with respect to the Mortgaged Property or with respect to the making or delivery of the Notes or any other instrument or agreement by which the Notes are secured or upon the

JK 120650 5 89130 0205t
8/10/99 2:00 PM

R999090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314   PAGE: 01228
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS
BK: R2314   PG: 01228

3                                              City, County, State

R990073897
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2295    PAGE: 01848
SEP 13 1999 10:20 AM
DAVE LANG, CLERK OF COURTS



BK: R2295    PG: 01848

failure or refusal by such person to promptly remit to Trustee any payment of Rent, Additional Monetary Obligations or purchase price payable pursuant to the Lease with respect to the Mortgaged Property where such payment comes within the control of such person (intentionally or unintentionally) other than pursuant to the Mortgage, the Assignment or the Indenture

This Note shall be governed by the law of the state in which the Property described in the Mortgage is located.

IN WITNESS WHEREOF, Owner has caused this 7 57% Secured Note Due June 1, 2019 to be duly executed.

Dated:_____          _____ LLC, a
                                        Delaware limited liability company

                                        By    PRINCIPAL NET LEASE
                                              INVESTORS, L L C , a Delaware
                                              limited liability company , its sole
                                              member

R990090110
RECORDED IN
PUBLIC RECORDS LEON CNTY FL
BOOK: R2314    PAGE: 01229
NOV 04 1999 04:37 PM
DAVE LANG, CLERK OF COURTS

                                        By    PRINCIPAL LIFE INSURANCE
                                              COMPANY, an Iowa corporation,
                                              its sole member

BK: R2314  PG: 01229

                                        By _____
                                        Name _____
                                        Its _____


                                        By _____
                                        Name _____
                                        Its _____

                                        [CORPORATE SEAL]