# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., *et al.*,<br><br><br><br>WINN-DXIE RALEIGH INC.<br><br>("the Debtors") | Chapter 11<br><br>Case No. 05-03817-3Fl Jointly Administered<br><br><br><br>Case No. 05-03839-JAF<br><br><br><br>Filed Claim No.: <u>12089</u> |

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2) FOR FILED CREDITOR, PALMER, ROBERT H. JR [DECEASED], IN THE AMOUNT OF $335,223.00, TO STARK SPECIAL EVENT LTD.

**To Transferor:**   PALMER, ROBERT H. JR [DECEASED]
ATTN: DIANE GRACEY-PALMER, PERSONAL REPRESENTATIVE
120 BELMEADE CIRCLE
JOHNSON CITY, TN 37601

PLEASE TAKE NOTICE that the transfer of $335,223.00 the above-captioned general unsecured claim has been transferred to:

**Transferee:**   Stark Special Event Ltd.
Attn: Amar Ehsan
3600 South Lake Drive
St. Francis, WI 53235
Facsimile: (414) 294-7700

The evidence of transfer of claim is attached hereto. A copy of the Order allowing the claim is attached hereto as Exhibit A.

No action is required <u>if you do not object</u> to the transfer of your claim. However, if you do object to the transfer of your claim, within <u>20 days</u> of the date of this notice, you must file a written objection with the Office of the Clerk, United States Bankruptcy Court, District of Delaware, 824 N Market St., 3rd Floor, Wilmington, DE 19801. If your objection is not timely filed, the transferee will be substituted in your place as the claimant on our records in this proceeding.

---

*(FOR CLERK'S OFFICE USE ONLY):*
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2006.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtors's Attorney ___

_____
Deputy Clerk

## EXHIBIT B

### EVIDENCE OF TRANSFER OF CLAIM

TO: Clerk, United States Bankruptcy Court, Middle District of Florida, Jacksonville Division

AND TO: Estate of Robert H. Palmer, deceased, by Personal Representative Dianne Gracey-Palmer. ("Assignor"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does here by unconditionally and irrevocably sell, transfer and assign unto Stark Special Event Ltd. an international business company organized under the laws of the British Virgin Islands, with offices at 3600 South Lake Drive, St. Francis, WI 53235, or its successors and assigns ("Assignee") all rights, title and interest in and to the claim of Assignor in the principal amount of $335,223.00 (Claim #12089), against Winn Dixie Raleigh, Inc., et al., (the "Debtor") in the United States Bankruptcy Court, for the Middle District of Florida, Jacksonville Division, or any other court with jurisdiction over the bankruptcy Proceedings ("Bankruptcy Court"), Case No: 05-03839-3F1.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.

IN WITNESS WHEREOF, dated the ___13___ day of ___October___, 2006.

Estate of Robert H. Palmer, deceased,
by Personal Representative Dianne Gracey-Palmer

By: _Dianne Gracey-Palmer_
Name: DIANNE GRACEY-PALMER
Title: PERSONAL REPRESENTATIVE
Telephone: 423-928-2892

WITNESS:

By: _Joann McQueen_
Name: JOANN McQUEEN

- 11 -

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

### ORDER (A) DISALLOWING NO LIABILITY CLAIMS, (B) REDUCING OVERSTATED CLAIMS, (C) FIXING UNLIQUIDATED CLAIMS AND (D) DISALLOWING AMENDED AND SUPERSEDED CLAIMS AS SET FORTH IN THE DEBTORS' THIRTEENTH OMNIBUS CLAIMS OBJECTION

These cases came before the Court for hearing on July 13, 2006, upon the Thirteenth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of claim listed on Exhibit A through D (the "Disputed Claims").[2] Several formal and informal objections to the Objection were raised or filed, as a result of which the Debtors have agreed to continue the Objection with respect to (i) claim no. 10209 filed by American Residential Equities, Inc., (ii) claim no. 10029 filed by Community Centers One, LLC, (iii) claim no. 12351 filed by M. Hull, (iv) claim no. 7388 filed by Prudential Co. - Lake City, (v) claim no. 6808 filed by 440 Group, Ltd., (vi) claim no. 10301 filed by Aronov Realty Co., (vii) claim no. 12160 filed by E.L. & G.M. Barran and J. & M. Eyster, (viii) claim no. 10142 filed by Benderson

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

85-1 Trust, (ix) claim no. 11980 filed by Dauksch Family Partnership, (x) claim no. 11123 filed by Delta Investments, (xi) claim no. 10263 filed by DPJ Limited Partnership, (xii) claim no. 12173 filed by GS II Brook Highland Plaza, LLC, (xiii) claim no. 12306 filed by Hartwell Partnership, (xiv) claim no. 12315 filed by Morro Palms Shopping Center, GP, (xv) claim no. 12201 filed by New Plan Excel Realty Trust Inc., (xvi) claim no. 12292 filed by Plunkett, Estate of H.C., (xvii) claim no. 11940 filed by The Rosemyr Corporation, (xviii) claim no. 12078 filed by Royal Oaks Brandon, Ltd., (xix) claim no. 11958 filed by Watkins Investments, LP, (xx) claim no. 12331 filed by Wells Fargo Bank Northwest NA, (xxi) claim no. 9950 filed by Skinners of Point Meadows, Inc., (xxii) claim no. 10087 filed by Swiss Re Asset Mgmt (Americas) Inc. and (xxiii) claim nos. 9675 and 9677 filed by Weingarten Realty Investors (collectively, the "Unresolved Objections"), which claims have been removed from Exhibits A through D. The Debtors have withdrawn without prejudice their objection to (i) claim no. 12082 filed by Equity Associates, (ii) claim no. 12169 filed by JDN Realty Corporation, (iii) claim no. 11103 filed by Liquidity Solutions, Inc., (iv) claim no. 9709 filed by Piedmont Village, LLC, (v) claim no. 10826 filed by McDonough Marketplace Partners, (vi) claim no. 6796 filed by Moulton Properties, Inc., (vii) claim no. 2567 filed by Shanri Holdings Corp. and (viii) claim no. 11251 filed by Heritage SPE LLC, which claims have been removed from Exhibits A through D. Upon consideration, it is

ORDERED AND ADJUDGED:

1. The Objection is sustained.

2. The No Liability Claims listed on Exhibit A are disallowed in their entirety.

2

3. The Overstated Claims listed on Exhibit B are reduced to the amounts set forth on Exhibit B under the heading Reduced Claim Amount and the amounts exceeding the Reduced Claim Amount are disallowed.

4. The Unliquidated Claims listed on Exhibit C are fixed in the amounts listed on Exhibit C under the heading Fixed Claim Amount and are disallowed to the extent of any amounts exceeding the Fixed Claim Amount.

5. The Amended Claims listed on Exhibit D are disallowed in their entirety.

6. With respect to the Overstated Claims that are reduced by the amount of the reclamation payments listed on Exhibit B under the heading "Reason for Reduction," if any portion of such reclamation payments remain unpaid after the last date for payment as provided in the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program, dated July 28, 2005, the holders of such Overstated Claims shall have the right to seek to have the Reduced Amount increased by the unpaid balance of the reclamation payments listed on Exhibit B.

7. Other than the Unresolved Objections, those objections that have not yet been withdrawn are overruled.

8. The hearing to consider the Objection with respect to the Unresolved Objections is continued until further order of the Court upon the motion of any party in interest.

9. Each claim and the objections by the Debtors to such claim as addressed in the Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order is deemed a separate Order with respect to each

3

claim. Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by this Order.

10. Neither the Objection nor any disposition of the Disputed Claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any potential Avoidance Action against any of the Claimants.

11. This Order is without prejudice to the Debtors' right to file any further objection they may have to the Disputed Claims or the Remaining Claims, including objections on the ground that a Disputed Claim was filed against the incorrect Debtor or that the Debtor against which the Disputed Claim was filed should be modified.

Dated this 13 day of July, 2006 in Jacksonville, Florida.

                                          Jerry A. Funk
                                          United States Bankruptcy Judge

James E. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

4

WINN-DIXIE STORES, INC., ET AL.
THIRTEENTH OMNIBUS CLAIMS OBJECTION
EXHIBIT B - OVERSTATED CLAIMS TO BE REDUCED

Page: 6 of 8
Date: 07/12/2006

| Name of Claimant | Claim No. | Claim Amount | Reduced Claim Amount | Reason for Reduction |
|---|---|---|---|---|
| Creditor Id: 410689<br>PACIERA, VINCENT ET AL DBA<br>PARK PLAZA SHOPPING CTR LLC<br>ATTN KIRTH M PACIERA, OWNER/MEMBER<br>PO BOX 24087<br>NEW ORLEANS LA 70184 | 9710<br>Asserted Debtor: WINN-DIXIE STORES, INC. | $118,885.37 | $117,623.57 | REDUCED AMOUNT REFLECTS REMOVAL OF $1,261.80 TERRORISM CHARGE. |
| Creditor Id: 2515<br>PALMER, ROBERT H JR<br>PO BOX 3146<br>JOHNSON CITY, TN 37602<br>Counsel: ATTN EDWARD T BRADING, ESQ | 12089<br>Asserted Debtor: WINN-DIXIE RALEIGH, INC. | $2,073,469.37 | $335,223.00 | REDUCED AMOUNT REFLECTS AGREEMENT WITH CLAIMANT. |
| Creditor Id: 279385<br>PREMIER BEVERAGE COMPANY, LLC<br>ATTN JORGE F GRAU, VP FIN<br>9801 PREMIER PARKWAY<br>MIRAMAR FL 33025<br>Counsel: ATTN GERARD S CATALANELLO, ESQ | 6013<br>Asserted Debtor: WINN-DIXIE STORES, INC. | $713,560.15 | $6,197.79 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $18,593.39, RECLAMATION PAYMENTS IN PROCESS TOTALING $594,988.22, AND REMOVAL OF $93,780.75 FOR UNDOCUMENTED CHARGES. |
| Creditor Id: 2481<br>PREMIER PLAZA ASSOCIATES LLC<br>ATTN STEPHEN B SWARTZ, MGG MEMBER<br>3060 PEACHTREE ROAD, SUITE 1850<br>ATLANTA, GA 30305 | 7840<br>Asserted Debtor: WINN-DIXIE MONTGOMERY, INC. | $10,932,176.00 | $1,313,237.40 | REDUCED AMOUNT REFLECTS ACCURATE CALCULATION OF REJECTION DAMAGES. |
| Creditor Id: 399733<br>R&G ASSOCIATES DBA<br>MARKETPLACE PARTNERS LTD<br>ATTN GEORGE ALLEN, MGR<br>8235 DOUGLAS AVENUE, STE 815, LB-49<br>DALLAS TX 75225<br>Transferee: HMAC 1999-PH1 WATAUGA CTR LTD PART | 824<br>Asserted Debtor: WINN-DIXIE STORES, INC. | $563,767.84 | $436,357.74 | REDUCED AMOUNT REFLECTS ACCURATE CALCULATION OF REJECTION DAMAGES. |
| Creditor Id: 259354<br>RED GOLD INC<br>ATTN JOHN PAFFEN, CR MGR<br>PO BOX 71862<br>CHICAGO, IL 60694-1862 | 6908<br>Asserted Debtor: WINN-DIXIE PROCUREMENT, INC. | $136,064.44 | $99,701.02 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $1,096.39, ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $183.82 AND $5.58, RESPECTIVELY, AND RECLAMATION PAYMENTS IN PROCESS TOTALING $35,077.63. |