# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., *et al.*,<br><br><br><br>WINN-DXIE RALEIGH INC.<br><br>("the Debtors") | Chapter 11<br><br>Case No. 05-03817-3Fl Jointly Administered<br><br><br><br>Case No. 05-03839-JAF<br><br><br><br>Filed Claim No.: <u>12854</u> |

### **NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2) FOR FILED CREDITOR, PALMER, ROBERT H. JR [DECEASED], IN THE AMOUNT OF $55,890.95, TO STARK SPECIAL EVENT LTD.**

      **To Transferor:**      PALMER, ROBERT H. JR [DECEASED]
                                       ATTN: DIANE GRACEY-PALMER, PERSONAL REPRESENTATIVE
                                         120 BELMEADE CIRCLE
                                         JOHNSON CITY, TN 37601

PLEASE TAKE NOTICE that the transfer of $55,890.95 the above-captioned general unsecured claim has been transferred to:

      **Transferee:**      Stark Special Event Ltd.
                                     Attn: Amar Ehsan
                                       3600 South Lake Drive
                                       St. Francis, WI 53235
                                       Facsimile: (414) 294-7700

The evidence of transfer of claim is attached hereto. A copy of the Order allowing the claim is attached hereto as Exhibit A.

No action is required <u>if you do not object</u> to the transfer of your claim. However, if you do object to the transfer of your claim, within <u>20 days</u> of the date of this notice, you must file a written objection with the Office of the Clerk, United States Bankruptcy Court, District of Delaware, 824 N Market St., 3rd Floor, Wilmington, DE 19801. If your objection is not timely filed, the transferee will be substituted in your place as the claimant on our records in this proceeding.

---

*(FOR CLERK'S OFFICE USE ONLY):*
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2006.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtors's Attorney ___

                                                                                    _____
                                                                                    Deputy Clerk

## EXHIBIT B

### EVIDENCE OF TRANSFER OF CLAIM

TO: Clerk, United States Bankruptcy Court, Middle District of Florida, Jacksonville Division

AND TO: Estate of Robert H. Palmer, deceased, by Personal Representative Dianne Gracey-Palmer. ("Assignor"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does here by unconditionally and irrevocably sell, transfer and assign unto Stark Special Event Ltd. an international business company organized under the laws of the British Virgin Islands, with offices at 3600 South Lake Drive, St. Francis, WI 53235, or its successors and assigns ("Assignee") all rights, title and interest in and to the claim of Assignor in the principal amount of $55,890.95 (Claim #12854) against Winn Dixie Raleigh, Inc., (the "Debtor") in the United States Bankruptcy Court, for the Middle District of Florida, Jacksonville Division, or any other court with jurisdiction over the bankruptcy Proceedings ("Bankruptcy Court"), Case No: 05-03839-3F1.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.

IN WITNESS WHEREOF, dated the _13_ day of _October_, 2006.

Estate of Robert H. Palmer, deceased, by Personal Representative Dianne Gracey-Palmer.

By: _Dianne Gracey-Palmer_
Name: DIANNE GRACEY - PALMER
Title: PERSONAL REPRESENTATIVE
Telephone: (423) 928-2892

WITNESS:

By: _John McQueen_
Name: JOHN Mc Queen

- 12 -

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

**ORDER DISALLOWING (A) NO LIABILITY CLAIMS, (B) OVERSTATED CLAIMS AND (C) OVERSTATED MISCLASSIFIED CLAIMS, AS SET FORTH IN THE DEBTORS' FIFTEENTH OMNIBUS CLAIMS OBJECTION**

These cases came before the Court for hearing on August 24, 2006, upon the Fifteenth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of claim listed on Exhibits A through C (the "Disputed Claims").[2] Several formal and informal objections to the Objection were raised or filed, as a result of which the Debtors have agreed to continue the Objection with respect to (i) claim no. 11984 filed by Autozone Mississippi Properties, Inc., (ii) claim nos. 10077-10082 filed by Buehler Foods, Inc. or Buehler of Kentucky, LLC, (iii) claim no. 13003 filed by Cliffdale Corner, Inc., (iv) claim no. 12074 filed by KIR Augusta II, LP, (v) claim no. 12195 filed by New Plan Excel Realty Trust Inc., (vi) claim no. 4068 filed by Oracle USA, (vii) claim no. 8493 filed by Parkwood Village Joint Venture, (viii)

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

claim no. 8464 filed by Paul Revere Life Insurance Co., (ix) claim nos. 9636 and 9637 filed by Porcupine WD5, LLC, (x) claim no. 11149 filed by Principal Life Insurance Co., (xi) claim no. 10884 filed by Achilles Realty Co, (xii) claim no. 3412 filed by Checkpoint Systems Inc., (xiii) claim no. 11538 filed by Colorado Boxed Beef Co., (xiv) claim no. 10710 filed by General Electric Capital Corp., (xv) claim no. 5298 filed by Gillette Company, (xvi) claim no. 12294 filed by Homewood Associates, Inc., (xvii) claim no. 11820 filed by Information Resources Inc., (xviii) claim no. 979 filed by Lakewood Associates, Ltd., (xix) claim no. 13187 field by Merrill Lynch LP Holdings, Inc., (xx) claim no. 8184 filed by Pamalee Plaza Association, (xxi) claim no. 11133 field by Parkwood Village Joint Venture, (xxii) claim no. 4583 filed by PG-1 Development Co., (xxiii) claim no. 11881 filed by Promotions Unlimited, (xxiv) claim no. 7704 filed by United Commercial Mortgage Corp., (xxv) claim no. 7386 filed by Warner Lambert Consumer Group, (xxvi) claim no. 12332 filed by Wells Fargo Bank Northwest, (xxvii) claim no. 12415 filed by Wiggs Realty of Kentucky, (xxviii) claim no. 7737 filed by LN International, Inc., (xxix) claim no. 7909 filed by Pepsi Bottling Ventures, LLC, (xxx) claim no. 6217 filed by Pine Plaza and (xxxi) claim no. 6121 filed by Revlon Consumer Products Corp. (collectively, the "Unresolved Objections"), which claims have been removed from Exhibits A through C. The Debtors have withdrawn without prejudice their objection to (i) claim no. 6772 filed by Baker & Hostetler, LLP, (ii) claim no. 4388 filed by Cantey & Hanger, LLP, (iii) claim no. 3380 filed by Crawford Lewis, PLLC, and (iv) claim no. 12226 filed by Villa Rica Retail Properties, LC, which claims have been removed from Exhibits A and B. Upon consideration, it is

ORDERED AND ADJUDGED:

1. The Objection is sustained, as set forth below.

2. The No Liability Claims listed on Exhibit A are disallowed in their entirety.

3. The Overstated Claims listed on Exhibit B are reduced to the amounts set forth on Exhibit B under the heading Reduced Claim Amount and the amounts exceeding the Reduced Claim Amount are disallowed.

4. The Overstated Misclassified Claims listed on Exhibit C are reduced to the amounts set forth on Exhibit C under the heading Reduced Claim Amount and the amounts exceeding the Reduced Claim Amount are disallowed. The asserted class status alleged for each of the Overstated Misclassified Claims listed on Exhibit C is denied; and the Overstated Misclassified Claims are reclassified as specified on Exhibit C under the heading "Modified Class Status."

5. Claim no. 12093 filed by Potter Square Associates in the amount of $343,968.96 is disallowed, having been amended by claim no. 13395.

6. Other than the Unresolved Objections, those objections that have not yet been withdrawn are overruled.

7. The hearing to consider the Objection with respect to the Unresolved Objections is continued until further order of the Court upon the motion of any party in interest.

8. Each claim and the objections by the Debtors to such claim as addressed in the Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order is deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by this Order.

9. Neither the Objection nor any disposition of the Disputed Claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any potential Avoidance Action against any of the Claimants.

10. This Order is without prejudice to the Debtors' right to file any further objection they may have to the Disputed Claims, including objections on the ground that a Disputed Claim was filed against the incorrect Debtor or that the Debtor against which the Disputed Claim was filed should be modified.

Dated this 24 day of August, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

WINN-DIXIE STORES, INC., ET AL.
FIFTEENTH OMNIBUS CLAIMS OBJECTION
EXHIBIT B - OVERSTATED CLAIMS TO BE REDUCED

| Name of Claimant | Claim No. | Claim Amount | Reduced Claim Amount | Reason for Reduction |
|---|---|---|---|---|
| Creditor Id: 410421<br>NORFAM, LLC, SUCCESSOR<br>CAROLINA DEVELOPMENT CO<br>C/O KENNEDY COVINGTON, ET AL #300<br>ATTN MARGARET R WESTBROOK, ESQ<br>4350 LASSITER AT NORTH HILLS AVE<br>RALEIGH NC 27609 | 11861<br>Debtor: | $199,625.18<br>WINN-DIXIE RALEIGH, INC. | $175,107.37 | REDUCED AMOUNT REFLECTS REMOVAL OF $5,285.29 FOR OVERSTATED 2005 PREPETITION TAXES AND $12,867.90 AND $6,364.62 FOR POSTPETITION RENT AND REAL ESTATE TAXES, RESPECTIVELY. ADMINISTRATIVE CLAIM FOR POSTPETITION CHARGES NOT PROPERLY ASSERTABLE ON PROOF OF CLAIM FORM. CLAIM TO BE REDUCED WITHOUT PREJUDICE TO CLAIMANT FILING AN APPLICATION PURSUANT TO 11 U.S.C. SECTION 503(A) AND LOCAL RULE 3071-1. REDUCED AMOUNT IS CLASSIFIED AS UNSECURED NON-PRIORITY. |
| Creditor Id: 257481<br>NORTHWEST JUNCTION PARTNERS<br>C/O NANCY M LANE<br>1855 LAKELAND DRIVE, SUITE G-10<br>JACKSON, MS 39216<br>Counsel: ATTN MARCUS M WILSON, ESQ | 8255<br>Debtor: | $106,890.93<br>WINN-DIXIE MONTGOMERY, INC. | $56,893.89 | REDUCED AMOUNT REFLECTS REMOVAL OF $40,492.74 FOR OVERSTATED REJECTION DAMAGES AND $9,504.30 FOR POSTPETITION CHARGES. ADMINISTRATIVE CLAIM FOR POSTPETITION CHARGES NOT PROPERLY ASSERTABLE ON PROOF OF CLAIM FORM. CLAIM TO BE REDUCED WITHOUT PREJUDICE TO CLAIMANT FILING AN APPLICATION PURSUANT TO 11 U.S.C. SECTION 503(A) AND LOCAL RULE 3071-1. REDUCED AMOUNT IS UNSECURED NON-PRIORITY. |
| Creditor Id: 394057<br>OSTENDORF TATE BARNETT & WELLS, LLP<br>ATTN KAREN HATTIER, OPERATIONS MGR<br>PO BOX 50080<br>NEW ORLEANS, LA 70150 | 8207<br>Debtor: | $93,314.65<br>WINN-DIXIE MONTGOMERY, INC. | $91,071.04 | REDUCED AMOUNT REFLECTS REMOVAL OF $2,243.61 FOR UNDOCUMENTED CHARGES. |
| Creditor Id: 279257<br>PACTIV CORPORATION<br>ATTN STAN GALINGER/S J MARTIN<br>1900 W FIELD COURT<br>LAKE FOREST IL 60045 | 2233<br>Debtor: | $852,364.97<br>WINN-DIXIE STORES, INC. | $405,319.34 | REDUCED AMOUNT REFLECTS ADDITIONAL RECLAMATION CLAIM OF $10.60, NET CONSUMPTION WAIVER OF $12,698.42, ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $14,140.92 AND $1,559.43, RESPECTIVELY, RECLAMATION PAYMENTS IN PROCESS TOTALING $402,787.98, AND REMOVAL OF $15,848.28 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES. |
| Creditor Id: 2515<br>PALMER, ROBERT H JR<br>PO BOX 3146<br>JOHNSON CITY, TN 37602<br>Counsel: ATTN EDWARD T BRADING, ESQ | 12854<br>Debtor: | $65,763.41<br>WINN-DIXIE RALEIGH, INC. | $55,890.95 | REDUCED AMOUNT REFLECTS REMOVAL OF $9,872.46 FOR POSTPETITION CHARGES. ADMINISTRATIVE CLAIM FOR POSTPETITION CHARGES NOT PROPERLY ASSERTABLE ON PROOF OF CLAIM FORM. CLAIM TO BE REDUCED WITHOUT PREJUDICE TO CLAIMANT FILING AN APPLICATION PURSUANT TO 11 U.S.C. SECTION 503(A) AND LOCAL RULE 3071-1. REDUCED AMOUNT IS CLASSIFIED AS UNSECURED NON-PRIORITY. |
| Creditor Id: 382068<br>PILGRIM'S PRIDE CORP<br>ATTN K LAWRENCE/T DUFFEE<br>DEPT 24<br>PO BOX 93<br>PITTSBURG TX 75686-0093 | 11210<br>Debtor: | $361,309.07<br>WINN-DIXIE STORES, INC. | $242,375.66 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $2,799.08, ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $28,410.48 AND $208.52, RESPECTIVELY, AND RECLAMATION PAYMENTS IN PROCESS TOTALING $87,515.33. REDUCED AMOUNT IS UNSECURED NON-PRIORITY. |