# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al.*, | Case No. 05-03817-3Fl Jointly Administered |
| WINN-DXIE RALEIGH INC. | Case No. 05-03839-JAF |
| ("the Debtors") | Filed Claim No.: 2081 |

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2) FOR FILED CREDITOR, PALMER, ROBERT H. JR [DECEASED], IN THE AMOUNT OF $22,191.23, TO STARK SPECIAL EVENT LTD.

**To Transferor:**    PALMER, ROBERT H. JR [DECEASED]
ATTN: DIANE GRACEY-PALMER, PERSONAL REPRESENTATIVE
120 BELMEADE CIRCLE
JOHNSON CITY, TN 37601

PLEASE TAKE NOTICE that the transfer of $22,191.23 the above-captioned general unsecured claim has been transferred to:

**Transferee:**    Stark Special Event Ltd.
Attn: Amar Ehsan
3600 South Lake Drive
St. Francis, WI 53235
Facsimile: (414) 294-7700

The evidence of transfer of claim is attached hereto. A copy of the Order allowing the claim is attached hereto as Exhibit A.

No action is required if you do not object to the transfer of your claim. However, if you do object to the transfer of your claim, within 20 days of the date of this notice, you must file a written objection with the Office of the Clerk, United States Bankruptcy Court, District of Delaware, 824 N Market St., 3rd Floor, Wilmington, DE 19801. If your objection is not timely filed, the transferee will be substituted in your place as the claimant on our records in this proceeding.

---

*(FOR CLERK'S OFFICE USE ONLY):*
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2006.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtors's Attorney ___

_____
Deputy Clerk

## EXHIBIT B

### EVIDENCE OF TRANSFER OF CLAIM

TO:  Clerk, United States Bankruptcy Court, Middle District of Florida, Jacksonville Division

AND TO: Estate of Robert H. Palmer, deceased, by Personal Representative Dianne Gracey-Palmer. ("Assignor"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does here by unconditionally and irrevocably sell, transfer and assign unto Stark Special Event Ltd. an international business company organized under the laws of the British Virgin Islands, with offices at 3600 South Lake Drive, St. Francis, WI 53235, or its successors and assigns ("Assignee") all rights, title and interest in and to the claim of Assignor in the principal amount of $22,191.23 (Claim #2081), against Winn Dixie Raleigh, Inc., et al., (the "Debtor") in the United States Bankruptcy Court, for the Middle District of Florida, Jacksonville Division, or any other court with jurisdiction over the bankruptcy Proceedings ("Bankruptcy Court"), Case No: 05-03839-3F1.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.

IN WITNESS WHEREOF, dated the _13_ day of _October_, 2006.

Estate of Robert H. Palmer, deceased, by Personal Representative Dianne Gracey-Palmer.

By: _Dianne Gracey-Palmer_
Name: DIANNE GRACEY-PALMER
Title: PERSONAL REPRESENTATIVE
Telephone: (423) 928-2892

WITNESS:

By: _Joann McQueen_
Name: JOANN McQUEEN

- 13 -

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |

**ORDER (A) DISALLOWING NO LIABILITY CLAIMS,
(B) DISALLOWING NO LIABILITY MISCLASSIFIED CLAIMS,
(C) REDUCING OVERSTATED CLAIMS, (D) DISALLOWING
DUPLICATE LIABILITY CLAIMS, (E) FIXING UNLIQUIDATED
CLAIMS AND (F) FIXING AND RECLASSIFYING UNLIQUIDATED
MISCLASSIFIED CLAIMS, AS SET FORTH IN THE DEBTORS'
SEVENTEENTH OMNIBUS CLAIMS OBJECTION**

These cases came before the Court for hearing on September 14, 2006, upon the Seventeenth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of claim listed on Exhibits A through F (the "Disputed Claims").[2] Several formal and informal objections to the Objection were raised or filed, as a result of which the Debtors have agreed to continue the Objection with respect to (i) claim nos. 297 and 298 filed by KPT Communities, LLC, (ii) claim no. 12428 filed by Remke Markets, Inc., (iii) claim no. 9638 filed by WD Mt Carmel, LLC, (iv) claim no. 4148 filed by State of Georgia Department of Community

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

Health, (v) claim no. 10024 filed by Unilever Best Foods, (vi) claim no. 10302 filed by Fairfield Partners LP, (vii) claim no. 12094 filed by Lenoir Partners LLC, (viii) claim no. 13101 filed by Morro Palms Shopping Center, GP, (ix) claim no. 10143 filed by Ronald Benderson 1995 Trust, and (x) claim no. 9213 filed by Woodland Hartford Assoc LLC (collectively, the "Unresolved Objections"), which claims have been removed from Exhibits A through F. Upon consideration, it is

ORDERED AND ADJUDGED:

1. The Objection is sustained as set forth below.

2. The No Liability Claims listed on Exhibit A are disallowed in their entirety.

3. The No Liability Misclassified Claims listed on Exhibit B are disallowed in their entirety.

4. The Overstated Claims listed on Exhibit C are reduced to the amounts set forth on Exhibit C under the heading Reduced Claim Amount and the amounts exceeding the Reduced Claim Amount are disallowed.

5. The Duplicate Liability Claims listed on Exhibit D are disallowed in their entirety.

6. The Unliquidated Claims listed on Exhibit E are fixed in the amounts listed on Exhibit E under the heading Fixed Claim Amount and are disallowed to the extent of any amounts exceeding the Fixed Claim Amount.

7. The Unliquidated Misclassified Claims listed on Exhibit F are fixed at the amounts set forth on Exhibit F under the heading Fixed Claim Amount and the amounts exceeding the Fixed Claim Amount are disallowed. The asserted class status alleged for each of the Unliquidated Misclassified Claims listed on

Exhibit F is denied; and the Unliquidated Misclassified Claims are reclassified as specified on Exhibit F under the heading Modified Class Status.

8. Claim numbers 13260 and 13261 filed by the State of Louisiana Department of Revenue are disallowed, having been amended by claim numbers 13462 and 13461, respectively.

9. Other than the Unresolved Objections, those objections that have not yet been withdrawn are overruled.

10. The hearing to consider the Objection with respect to the Unresolved Objections is continued until further order of the Court upon the motion of any party in interest.

11. Each claim and the objections by the Debtors to such claim as addressed in the Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order is deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by this Order.

12. Neither the Objection nor any disposition of the Disputed Claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any potential Avoidance Action against any of the Claimants.

13. This Order is without prejudice to the Debtors' right to file any further objection they may have to the Remaining Claims or the Disputed Claims,

including objections on the ground that a Disputed Claim was filed against the incorrect Debtor or that the Debtor against which the Disputed Claim was filed should be modified.

Dated this 14 day of September, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

4

Page: 1 of 3
Date: 09/12/2006

WINN-DIXIE STORES, INC., ET AL.
SEVENTEENTH OMNIBUS CLAIMS OBJECTION
EXHIBIT E - UNLIQUIDATED CLAIMS, IN WHOLE
OR IN PART, TO BE FIXED TO SUM CERTAIN

| Name of Claimant | Claim No. | Claim Amount | Fixed Claim Amount | Reason for Modification |
|---|---|---|---|---|
| **Creditor Id: 416846**<br>BIRMINGHAM REALTY COMPANY<br>C/O REDROCK CAPITAL PARTNERS<br>ATTN CRAIG KLEIN<br>111 S MAIN STREET, SUITE C11<br>PO BOX 9095<br>BRECKENRIDGE CO 80424<br><br>Transferee: REDROCK CAPITAL PARTNERS LLC<br>Counsel: ATTN STEPHEN B PORTERFIELD, ESQ | 12329<br>Debtor: | $1,259,503.96<br>WINN-DIXIE MONTGOMERY, INC. | $1,259,503.96 | FIX AT ASSERTED LIQUIDATED AMOUNT. |
| **Creditor Id: 410901**<br>DDR DOWNREIT, LLC<br>C/O DEVELOPERS DIVERSIFIED REALTY<br>ATTN ERIC C COTTON, ESQ<br>3300 ENTERPRISE PARKWAY<br>PO BOX 228042<br>BEACHWOOD OH 44122 | 10056<br>Debtor: | $283,531.24<br>WINN-DIXIE RALEIGH, INC. | $283,531.24 | FIX AT ASSERTED LIQUIDATED AMOUNT. |
| **Creditor Id: 410908**<br>JDN REALTY AL, INC<br>C/O DEVELOPERS DIVERSIFIED REALTY<br>ATTN ERIC C COTTON, ESQ<br>3300 ENTERPRISE PARKWAY<br>PO BOX 228042<br>BEACHWOOD OH 44122<br><br>Counsel: ATTN: ROBERT LEHANE, ESQ | 10061<br>Debtor: | $31,770.31<br>WINN-DIXIE MONTGOMERY, INC. | $31,770.31 | FIX AT ASSERTED LIQUIDATED AMOUNT. |
| **Creditor Id: 408259**<br>MCW-RC FL HIGHLANDS, LLC<br>C/O HELD & ISRAEL<br>ATTN EDWIN W HELD, JR, ESQ<br>1301 RIVERPLACE BLVD, STE 1816<br>JACKSONVILLE FL 32207 | 9959<br>Debtor: | $41,610.17<br>WINN-DIXIE STORES, INC. | $41,610.17 | FIX AT ASSERTED LIQUIDATED AMOUNT. UNLIQUIDATED AMOUNT FOR POSTPETITION CHARGES TO BE DISALLOWED. ADMINISTRATIVE CLAIM NOT PROPERLY ASSERTABLE ON PROOF OF CLAIM FORM. UNLIQUIDATED PORTION OF CLAIM TO BE DISALLOWED WITHOUT PREJUDICE TO CLAIMANT FILING AN APPLICATION PURSUANT TO 11 U.S.C. SECTION 503(A) AND LOCAL RULE 3071-1. REDUCED AMOUNT IS CLASSIFIED AS UNSECURED NON-PRIORITY. |
| **Creditor Id: 2515**<br>PALMER, ROBERT H JR<br>PO BOX 3146<br>JOHNSON CITY, TN 37602<br><br>Counsel: ATTN EDWARD T BRADING, ESQ | 2081<br>Debtor: | $22,191.23<br>WINN-DIXIE RALEIGH, INC. | $22,191.23 | FIX AT ASSERTED LIQUIDATED AMOUNT. |