## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | )    Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | )    Chapter 11 |
| | ) |
| Debtors. | )    Jointly Administered |
| | ) |

## ORDER APPROVING NEGOTIATED ASSUMPTION
## OF AGREEMENT WITH GE CONSUMER PRODUCTS

These cases came before the Court for hearing on October 25, 2006, upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the negotiated assumption of a Program Agreement between Winn-Dixie (the "Program Agreement"), as amended by an Agreement for Assumption of Services Agreement and Amendment to Agreement dated October 5, 2006 (collectively with the Program Agreement, the "Contract"), on the terms set forth in this Motion and in the Assumption Agreement, (b) fixing the cure amount for the Contract at $0.00, but preserving cure rights with respect to any amounts becoming owed to GE pursuant to 11 U.S.C. § 502(h) for sums relating to the Contract that may be required to be paid pursuant to 11 U.S.C. § 550 (the "Section 502(h) Claims"), and (c) disallowing GE's Claim No. 7385 related to the Contract, effective as of the later of the effective date of the Debtors' proposed joint plan of reorganization and the date of entry of this Order (the "Effective Date") (the "Motion").[1] Parties were given until October 23, 2006 to object to the Motion. Upon consideration, it is

---

[1]     All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

ORDERED AND ADJUDGED THAT:

1.    The Motion is granted.

2.    The Debtors are authorized to assume the Contract on the terms set forth in the Motion pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the Effective Date.  The Debtors' assumption of the Contract as of, and upon the occurrence of, the Effective Date is approved.

3.    For purposes of 11 U.S.C. § 365(b)(1), there shall be no cure or compensation amounts owed by the Debtors with respect to the Contract and the cost of assumption shall be fixed at $0.00.

4.    GE is deemed to have waived any and all rights it may have against the Debtors for cure or compensation under the Contract except for any postpetition performance due or becoming due under the Contract.  As a consequence of such waiver, and notwithstanding the assumption of the Contract, but subject to the other provisions of this Order, the Debtors shall not be required to pay Claim No. 7385 as cure under Section 365(b)(1)(A) of the Bankruptcy Code.

5.    As of, and solely upon the occurrence of, the Effective Date, Claim No. 7385 shall be disallowed in its entirety.

6.    The waiver of cure payments and other concessions by GE will not negate the impact of assumption on any claims held by the Debtors against GE or otherwise expose GE to potential preference actions with respect to payments made on account of the Contract.  Upon assumption of the Contract, and notwithstanding the waiver of cure payments and other concessions, GE will be entitled to an administrative claim with respect to any Section 502(h) Claims.

7.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8.    The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

9.    In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, paragraphs 1 through 7 of this Order shall be null and void.

10.    In the event that the Effective Date does not occur, GE shall be granted an allowed prepetition non-priority unsecured claim in the amount of $531,108.26 on account of Claim No. 7385, without prejudice to GE's right to seek allowance of No. 7385 in an increased amount or the Debtors' right to challenge the allowance of No. 7385 in such an increased amount.

11.    Notwithstanding any provisions to the contrary in the Federal Rules of Bankruptcy Procedure, including Rule 6006(d), this Order shall take effect immediately upon entry.


Dated October 25, 2006 in Jacksonville, Florida.


Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

3