UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER APPROVING NEGOTIATED ASSUMPTION
## OF DEBTORS' AGREEMENT WITH HOBART CORPORATION

These cases came before the Court for hearing on October 25, 2006, upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the negotiated assumption, on the terms set forth in the Motion, of that certain Service Contract between Winn-Dixie and Hobart Corporation ("Hobart") dated February 12, 2002 as amended by the Service Contract and Equipment Addendum to ITW Food Equipment Group, LLC d/b/a Hobart Service Contract No. 712005 dated July 1, 2005 (collectively, the "Contract"), (b) fixing $282,876.68 as the cure amount for the Contract, but preserving full cure rights with respect to any amounts becoming owed to Hobart pursuant to 11 U.S.C. § 502(h) for sums relating to the Contract that may be required to be paid pursuant to 11 U.S.C. § 550 (the "Section 502(h) Claims"), and (c) allowing Claim No. 10193 in the amounts and with the priorities described in the Motion (the "Motion").[1] Parties were given until October 23, 2006 to object to the Motion. Upon consideration, it is

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to assume the Contract on the term set forth in the Motion pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the later of the effective date of the Debtors' joint plan of reorganization and the date of entry of this Order (the "Effective Date"). The Debtors' assumption of the Contract as of, and upon the occurrence of, the Effective Date is approved.

3. Subject to the occurrence of the Effective Date, the "Duration and Termination" provision of the Contract shall be deemed amended and superseded by the following language: "Duration and Termination: This Contract shall continue in force until terminated by either Hobart or User. Notwithstanding anything to the contrary, neither Hobart nor User may terminate this Contract without cause until two (2) years after the later of (a) the effective date of the User's joint plan of reorganization relating to the User's jointly administered chapter 11 bankruptcy case number 05-03817-3F1 pending in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") and (b) entry by the Bankruptcy Court of an order approving the User's assumption of the Contract under Section 365 of the Bankruptcy Code (the "Second Anniversary"). Following the Second Anniversary, Hobart or User may terminate this Contract without cause at any time upon thirty (30) days written notice to the other. In the event of termination, Hobart will make a pro rata adjustment of User's payment. In the event of prepayment in full prior to maturity, any unearned portion of the payment option charge shall be determined in accordance with generally accepted accounting principles. Notwithstanding anything to the

contrary, pricing under the Contract shall remain subject to an annual review and adjustment on July 1 of each year.

4. Effective as of the Effective Date, Hobart's Claim No. 10193 will be allowed in the total amount of $565,753.35 of which (a) $282,876.68 will have administrative expense status and be paid as a reduced cure (the "Reduced Cure") on or as soon as is practicable after the Effective Date and (b) $282,876.67 will have the status of a prepetition non-priority unsecured claim to be treated as a Class 14: Vendor/Supplier Claim under the Debtors' joint plan of reorganization (the "Unsecured Claim").

5. For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amount owed by the Debtors with respect to the Contract is the Reduced Cure described above, and Hobart is deemed to have waived any and all claims it may have against the Debtors for cure or compensation under the Contract except for the Reduced Cure, the Unsecured Claim, and any postpetition performance becoming due under the Contract.

6. The reduction in cure payment and other concessions by Hobart described above shall not negate the impact of assumption on any claims held by the Debtors against Hobart or otherwise expose Hobart to potential preference actions with respect to payments made on account of the Contract. Upon assumption of the Contract and notwithstanding the concessions described in the Motion and in this Order, Hobart will be entitled to an administrative claim for cure for any Section 502(h) Claims.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

9. Notwithstanding any provisions to the contrary in the Federal Rules of Bankruptcy Procedure, including Rule 6006(d), this Order shall take effect immediately upon entry.

10. In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, this Order shall be null and void.

Dated October 25, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.