UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

ORDER APPROVING NEGOTIATED ASSUMPTIONS
OF AGREEMENTS WITH ORACLE USA, INC.

These cases came before the Court for hearing on October 25, 2006, upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the negotiated assumption, on the terms set forth in the Motion, of the "Oracle Contracts" (as defined below) between the Debtors and Oracle USA, Inc. ("Oracle"), either as the original contract party or as successor to PeopleSoft, Inc. or related PeopleSoft entities ("PeopleSoft"), (b) fixing $38,008.00 as the cure amount for the Oracle Contracts, (c) deeming withdrawn (i) the Debtors' Second Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts filed at Docket No. 9897 (the "Second Assumption Motion") as it pertains to any of the Oracle Contracts, (ii) the Debtors' Fourth Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts filed at Docket No. 10966 (the "Fourth Assumption Motion") as it pertains to any of the Oracle Contracts, (iii) Oracle's objection to the Fourth Assumption Motion filed at Docket No. 11492 (the "Oracle Objection"), and (iv) the Debtors' Fifteenth Omnibus Objection to (A) No

Liability Claims, (B) Overstated Claims, and (C) Overstated Misclassified Claims (the "Fifteenth Objection") as it pertains to Oracle's Claim No. 4068, and (d) deeming superseded as it pertains to any of the Oracle Contracts the order granting the Second Assumption Motion entered at Docket No. 10542 (the "Second Assumption Order") (the "Motion").[1] Parties were given until October 23, 2006 to object to the Motion. Upon consideration, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to assume the following contracts on the terms set forth in the Motion pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the later of the effective date of the Debtors' joint plan of reorganization and the date of entry of this Order (the "Effective Date"): (a) the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of December 19, 1997 and related Software Support Services Terms and Conditions as amended by Amendment to the Software License and Services Agreement between Winn-Dixie and PeopleSoft entered into as of September 3, 1998; (b) the Installment Payment Agreement between Winn-Dixie and PeopleSoft made as of December 19, 1997; (c) Schedule One to the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of December 19, 1997; (d) Schedule Two to the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of December 19, 1997; (e) Schedule Three to the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of December 28, 1999; (f) Schedule Four to the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

December 28, 1999; (g) the Schedule to the Software License and Services Agreement between Winn-Dixie and PeopleSoft made as of June 26, 2002; (h) the Schedule to the Software License and Services Agreement (Enterprise Pricing) between Winn-Dixie and PeopleSoft made as of September 24, 2004; and (i) Oracle License and Services Agreement V021402, effective as of May 23, 2002, inclusive of Amendments set forth in Ordering Document ((a) through (i) collectively, "Oracle Contracts"). The Debtors' assumption of the Oracle Contracts as of, and upon the occurrence of, the Effective Date is approved.

3. Oracle's Claim No. 4068 is allowed in the total amount of $38,008.00 to be paid as cure on or as soon as is practicable after the Effective Date (the "Cure").

4. The Debtors' cure obligations with respect to the Oracle Contracts shall be limited to the payment of the Cure, with Oracle being deemed to have waived any additional requirements under Section 365(b)(1) of the Bankruptcy Code as it relates to any prepetition default under the Oracle Contracts.

5. The Debtors shall continue to timely perform all postpetition obligations under the Oracle Contracts until otherwise ordered by the Court, including specifically but not limited to, to the extent not already paid, payment of Invoices Nos. 4068533 and 40685514 due, respectively, on October 13 and 14, 2006.

6. Each of the Second Assumption Motion as it pertains to any of the Oracle Contracts and the Fourth Assumption Motion as it pertains to any of the Oracle Contracts is deemed withdrawn.

7. The Oracle Objection is deemed withdrawn.

8. The provisions of this Order supersede the provisions of the Second Assumption Order as they pertain to any of the Oracle Contracts.

3

9. The Fifteenth Objection as it pertains to Oracle's Claim No. 4068 is deemed withdrawn.

10. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

11. In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, paragraphs 1 through 4 of this Order shall be null and void.

12. In the event that the Effective Date does not occur, the $38,008.00 allowed amount of Oracle's Claim No. 4068 will be treated as a prepetition non-priority unsecured claim.

13. Notwithstanding any provisions to the contrary in the Federal Rules of Bankruptcy Procedure, including Rule 6006(d), this Order shall take effect immediately upon entry.

Dated October 25, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.