UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## ORDER APPROVING NEGOTIATED ASSUMPTIONS AND REJECTION OF AGREEMENTS WITH ALABAMA POWER COMPANY

These cases came before the Court for hearing on October 25, 2006, upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the negotiated assumption, on the terms set forth in the Motion, of the "Operating Store Electricity Contracts" (as defined below) between the Debtors and Alabama Power Company ("APCO"), (b) fixing $861,747.34 as the total cure amount for the Operating Store Electricity Contracts but preserving full cure rights with respect to any amounts becoming owed to APCO pursuant to 11 U.S.C. § 502(h) for sums relating to the Operating Store Electricity Contracts that may be required to be paid pursuant to 11 U.S.C. § 550 (the "Section 502(h) Claims"), (c) deeming withdrawn (i) the Debtors' First Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts filed at Docket No. 9710 (the "First Assumption Motion") as it pertains to the Master Contract for Electric Service between APCO and Winn-Dixie dated May 16 2002 (the "5/16/02 Contract") and (ii) APCO's objection to the First Assumption Motion filed at Docket No. 10111 (the "APCO Objection"), (d) authorizing and approving the rejection of

the Contract for Electric Power between APCO and Winn-Dixie Montgomery, Inc. dated November 5, 1996 (the "11/5/96 Contract"), and (e) deeming APCO to have, on account of the rejection of the 11/5/96 Contract, an allowed prepetition non-priority unsecured rejection damages claim in the amount of $51,875.83 (the "Motion").[1] Parties were given until October 23, 2006 to object to the Motion. Upon consideration, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to assume the following contracts on the terms set forth in the Motion pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the later of the effective date of the Debtors' joint plan of reorganization and the date of entry of this Order (the "Effective Date"): (a) the 5/16/02 Contract as amended by the Amendment to Master Contract for Electric Service Dated May 16, 2002 between APCO and Winn-Dixie dated October 12, 2006, (b) the Master Contract for Electric Power Service (Rate Rider LTC) between APCO and WD Montgomery dated February 23, 1996 as amended by the Amendment to Master Contract for Electric Power Service (Rate Rider LTC) Dated February 23, 1996 between APCO and WD Montgomery dated October 12, 2006, (c) the Master Contract for Electric Power Service between APCO and WD Montgomery dated August 8, 1997, and associated Electric System Lease Agreement and Standby Generator Program Agreement each dated September 3, 1997, and (d) the Contract for Electric Power between APCO and WD Montgomery dated April 15, 1997 ((a) through (d) collectively,

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

2

"Operating Store Electricity Contracts"). The Debtors' assumption of the Operating Store Electricity Contracts as of, and upon the occurrence of, the Effective Date is approved.

3. On, or as soon as is practicable after the Effective Date, the Debtors shall pay to APCO $861,747.34 as cure relating to the assumption of the Operating Store Electricity Contracts (the "Cure").

4. For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amount owed by the Debtors with respect to the Operating Store Electricity Contracts is the Cure described above, and APCO is deemed to have waived any and all claims it may have against the Debtors for cure or compensation under the Operating Store Electricity Contracts except for the Cure, any postpetition performance becoming due under the Operating Store Electricity Contracts, and any Section 502(h) Claims as set forth in paragraph 5.

5. The agreements by APCO described in the Motion shall not negate the impact of assumption on any claims held by the Debtors against APCO or otherwise expose APCO to potential preference actions with respect to payments made on account of the Operating Store Electricity Contracts. Upon assumption of the Operating Store Electricity Contracts and notwithstanding the agreements described in the Motion, APCO will be entitled to an administrative claim for cure for any Section 502(h) Claims.

6. The First Assumption Motion as it pertains to the 5/16/02 Contract and the APCO Objection are hereby deemed withdrawn.

7. The Debtors are authorized to reject the 11/5/96 Contract pursuant to 11 U.S.C. § 365(a), and the 11/5/96 Contract is deemed rejected, effective as of October 25, 2006.

8. APCO is deemed to have an allowed prepetition non-priority unsecured rejection damages claim in the amount of $51,875.83 on account of the rejection of the

11/5/96 Contract (the "Rejection Damages"). Logan & Company, Inc., as Claims Agent, is directed to enter on the claims register maintained in these cases, a $51,875.83 prepetition non-priority unsecured claim in favor of APCO without the need for APCO to file a proof of claim. Except for the Rejection Damages, APCO is hereby deemed to waive any further claim for damages resulting from the rejection of the 11/5/96 Contract.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

11. Notwithstanding any provisions to the contrary in the Federal Rules of Bankruptcy Procedure, including Rule 6006(d), this Order shall take effect immediately upon entry.

12. In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, paragraphs (1) through (6) of this Order shall be null and void.

Dated October 25, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

4