## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER PURSUANT TO SIXTH OMNIBUS MOTION (I) AUTHORIZING ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) FIXING CURE AMOUNTS

These cases came before the Court for hearing on October 25, 2006, upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the assumption of the prepetition contracts and leases set forth on the attached Exhibit A (the "Contracts"), effective as of the effective date of the Debtors' joint plan of reorganization (the "Effective Date") and (b) fixing the costs of assumption at the Proposed Cure Amounts identified on Exhibit A (the "Motion").[1]  By the Motion, the Counter Parties to the Contracts were given until October 23, 2006 to object to the Proposed Cure Amounts.  Upon consideration, it is

ORDERED AND ADJUDGED THAT:

1.    The Motion is granted.

---

[1]    All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

2.     The Debtors are authorized to assume the Contracts pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the Effective Date.  The Debtors' assumption of the Contracts as of, and upon the occurrence of, the Effective Date is approved.

3.     For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amounts owed by the Debtors with respect to the Contracts are the Proposed Cure Amounts listed on Exhibit A.

4.     The Counter Parties listed on Exhibit A are deemed to have waived any and all claims they may have against the Debtors for cure or compensation under their respective Contracts listed on Exhibit A, except for the Proposed Cure Amount.

5.     The Proposed Cure Amounts shall be paid by the Debtors on or as soon as practicable after the Effective Date.

6.     The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to each of the Contracts.

7.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8.     The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

9.      In the event the Debtors' joint plan of reorganization is not confirmed or does

not become effective, this Order shall be null and void.

Dated October 25, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

## Exhibit A

Exhibit A
Contracts for Assumption

| Filing Entity | Store Warehouse # | Type of Contract | Contract # | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Contract Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | | Copier Lease | | **Citicorp Vendor Finance, Inc. as assignee of Miami Office Systems** | Attn: Robert Flynn<br>1800 Overcenter Drive<br>Moberly, MO 65270<br><br>c/o Moritt Hock Hamroff & Horowitz LLP<br>Attn: Leslie A. Berkoff<br>400 Garden City, NY 11530 | Copier Lease AR-M208N for Model No. 35007447 | $2,629.70 |
| Winn-Dixie Stores, Inc. | | Copier Lease | | **Citicorp Vendor Finance, Inc. as assignee of Miami Office Systems** | Attn: Robert Flynn<br>1800 Overcenter Drive<br>Moberly, MO 65270<br><br>c/o Moritt Hock Hamroff & Horowitz LLP<br>Attn: Leslie A. Berkoff<br>400 Garden City, NY 11530 | Copier Lease AR-M208N for Model No. 35007417 | $0.00 |