**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**NOTICE OF AGREED ORDER OF RESOLUTION OF
LITIGATION CLAIM OF CYNTHIA VAUGHN (CLAIM NO. 9534)**

> NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING
>
> Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com.
>
> If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors"), pursuant to Rules 2002 and 9019, Federal Rules of Bankruptcy Procedure, and Local Rule 2002-4, give notice of the proposed entry of the attached Agreed Order of Resolution of the Litigation Claim of Cynthia Vaughn (Claim No. 9534).

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

If no objection to the proposed Agreed Order is filed and served within the time set forth above, the Court will be requested to enter the Order without further notice or hearing.

Dated: October 25, 2006.

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By  *s/ D.J. Baker*  <br> D. J. Baker <br> Sally McDonald Henry <br> Rosalie Walker Gray | By  *s/ James H. Post*  <br> Stephen D. Busey <br> James H. Post (FBN 175460) <br> Cynthia C. Jackson |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (917) 777-2150 (facsimile) <br> djbaker@skadden.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> jpost@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

537376

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

AGREED ORDER OF RESOLUTION OF THE LITIGATION
CLAIM OF CYNTHIA VAUGHN (CLAIM NO. 9534)

These cases are before the Court upon notice by Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") of a mediated settlement agreement with Claimant, Cynthia Vaughn (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). The Court finds that notice of the proposed Agreed Order was served on all interested parties in compliance with the Local Rule 2002-4, informing the parties of the opportunity to object within 20 days of the date of service, and no party has filed an objection. The Court therefore considers the entry of the Order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1. Claim No. 9534 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $130,000.00 against Winn-Dixie Stores, Inc. in Case No. 05 - 03817 to be paid in accordance with the confirmed plan of reorganization in these Chapter 11 cases.

2. This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 9534 and (ii) all other claims the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or

537376

assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

      3.    The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Debtors in this Court or in any other forum.

      4.    The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability. The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.

      5.    The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of _____, 2006, in Jacksonville, Florida.

                                                          Jerry A. Funk
                                                          United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

537376