**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**AD HOC TRADE COMMITTEE'S RESPONSE TO POST-HEARING BRIEF OF E&A FINANCING II, L.P., ET AL. IN OPPOSITION TO JOINT PLAN OF REORGANIZATION OF WINN-DIXIE STORES, INC. AND AFFILIATED DEBTORS**

The Ad Hoc Trade Committee (the "Trade Committee") for Winn-Dixie Stores, Inc., et al., (the "Debtors"), by its attorneys DLA Piper US LLP (f/k/a/ DLA Piper Rudnick Gray Cary US LLP), submits this response (the "Response") to the post-hearing brief in opposition (the "Opposition") by E&A Financing II, L.P., ("E&A Financing"), E&A Southeast, L.P., E&A Acquisition Two, L.P., Shields Plaza, Inc., Woodberry Plaza (E&A), LLC, Villa Rica Retail Properties, LLC, West Ridge, LLC, Bank of America, as Trustee of Betty Holland and F.R.O., LLC VII (the "Dissenting Landlords") to the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"), and respectfully states as follows:

**Background**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases are currently being jointly administered for procedural purposes only.

2. On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office

of the United States Trustee (the "U.S. Trustee") appointed the Official Committee to serve in these cases. The Official Committee currently consists of seven (7) members. Of these members, only two (2) are the holders of prepetition trade claims.

3. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

### The Plan

4. On June 29, 2006, the Debtors filed the Plan and related disclosure statement (the "Disclosure Statement").[1] The Plan embodies the Sub Con Compromise, an arms-length settlement among many sophisticated constituents in this case relating to substantive consolidation.

5. On October 13, 2006, the Court conducted a hearing on confirmation of the Plan. At the confirmation hearing, the Court heard live testimony and argument regarding, inter alia, the merits of the Sub Con Compromise and the Plan.

6. On October 23, 2006, the Dissenting Landlords filed the Opposition.

### Response to the Dissenting Landlords

7. The Dissenting Landlords are making a simple request of this Court -- to bind all other parties to the Sub Con Compromise, yet provide the Dissenting Landlords with a greater dividend. While in the opinion of the Dissenting Landlords, the amount they seek to wrest from

all other classes is small, the fact is that creditors have voted in favor of a Plan which provides them with a certain anticipated level of distribution relative to the distributions provided to other classes.  Modification of these distributions would require re-solicitation.  The simple fact is that the Plan may not be amended to satisfy hold-outs without the consent of the accepting classes.

8. The Court has heard live testimony and argument as to the merits of the Sub Con Compromise, and it should be approved in its entirety.  There is no authority for modification of the Sub Con Compromise.  Settlements must be analyzed in their entirety, as follows:

> [A] proposed settlement should be viewed as a whole and, consequently, approved or denied as a whole.  To do otherwise would allow courts to effectively rewrite the terms of settlements contrary to the principle . . . that courts should not substitute their preferences for the trustee's business judgment.

In re Arkoosh Produce, Inc., 2003 Bankr. LEXIS 2222, *28-29 (Bankr. D. Idaho July 1, 2003) (citations omitted); see In re Lehigh Valley Professional Sports Clubs, Inc., 2000 Bankr. LEXIS 520, *17-18 (Bankr. E.D. Pa. May 5, 2000) ("The court's role is not to. . . decide the merits of individual issues.  Rather, it is to determine whether the settlement as a whole is fair and equitable.").

9. In the present case, the Opposition is ostensibly based upon section 1123(a)(4) of the Bankruptcy Code.  The Dissenting Landlords have obtained all of the financial documents made available to the Trade Committee (upon information and belief), yet they have chosen to ignore the merits of the Sub Con Compromise.  Despite the benefits of the Sub Con Compromise

---

*(footnote continued from previous page)*
1  The Plan and Disclosure Statement were revised and refiled by the Debtors on August 1, 2006.

to the Debtors' estates, and even though the Plan was overwhelmingly approved by the Debtors' creditors, E&A Financing requests that the Plan be modified for its own self-interest at the expense of the Debtors' other creditors.  As set forth above, the plan should be viewed as a whole, rather than its component parts.  The Plan, and the Sub Con Compromise, must either be confirmed or not confirmed.

WHEREFORE, for the reasons set forth herein, the Trade Committee requests that the Court enter an order (a) denying the Opposition and all similarly-based objections, (b) confirming the Plan, and (c) granting such further relief as is just.


Dated:   New York, New York
             October 25, 2006

                              DLA PIPER US LLP

                              By:  /s/          Thomas R. Califano
                                    Thomas R. Califano
                                    Vincent J. Roldan
                                    1251 Avenue of the Americas
                                    New York, NY 10020-1104
                                    Telephone:  (212) 835-6190
                                    Facsimile:  (212) 835-6001

                                               - and -

                              By:  /s/          Mark J. Friedman
                                    Mark J. Friedman
                                    Daniel Carrigan
                                    Janice L. Duban
                                    6225 Smith Avenue
                                    Baltimore, MD 21209
                                    Telephone:  (410) 580-4153
                                    Facsimile:  (410) 580-3001

                                               - and -

By:    /s/  Philip V. Martino
      Philip V. Martino
Florida Bar Number 079189
101 East Kennedy Boulevard, Suite 2000
Tampa, FL 33602-5149
Telephone: (813) 229-2111
Facsimile: (813) 229-1447

Attorneys for Ad Hoc Trade Committee of Winn-Dixie Stores, Inc., et al.