**KELLEY DRYE & WARREN LLP**

101 Park Avenue

New York, New York  10178

James S. Carr ( JC-1603)

Robert L. LeHane ( RL-9422)

Tel:  (212) 808-7800

Fax: (212) 808-7897

  -and-

**HELD & ISRAEL**

1301 Riverplace Blvd., Ste. 1916

Jacksonville, FL  32207-9024

Tel: (904) 398-7036

Fax:  (904) 398-4283

Attorneys for BV Belk Jr.

UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA

(JACKSONVILLE DIVISION)

| | | |
|---|---|---|
| _____ | ) | Case No.  05-03817-3F1 |
| In re: | ) | |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| _____) | | |

**MOTION TO ALLOW THE**
 **FILING OF A LATE PROOF OF CLAIM**

BV Belk Jr. ("BV Belk"), by and through their attorneys, Kelley Drye & Warren LLP

("Kelley Drye"), and Held & Israel, hereby moves this Court pursuant to Rules 3003(c)(3) and

9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section

105 of the United States Bankruptcy Code for entry of an order allowing BV Belk to file a late

proof of claim and deeming its proof of claim timely filed (the "Motion").  In support of this

Motion, BV Belk states as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2).

2.       The statutory predicates for the relief requested in the Motion are section

105 of the Bankruptcy Code and Bankruptcy Rules 3003(c)(3) and 9006(b)(1).

## BACKGROUND

3.       On or about February 21, 2005 (the "Petition Date"), the Debtors filed

voluntary petitions for relief under the Bankruptcy Code.

4.       The Debtors remain in possession of their properties and continue to

manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the

Bankruptcy Code.

5.       BV Belk is the owner, or managing agent for the owners, of numerous

shopping centers located throughout the United States.  The Debtors leased retail space from BV

Belk for the Debtors' store no. 2001 (the "Leased Premises") at Sunset Shopping Center, in

Charlotte, North Carolina pursuant to a written lease (the "Lease").

6.       On July 1, 2005, the Debtors filed a motion for authority to sell any or all

of their leases for certain targeted stores, including the Lease (the "Sale Motion").  For each

targeted store, the Debtors sought authority to sell the store and assume and assign the relevant

lease to a stalking horse bidder, subject to a higher or better offer.   If no bid was received for a

particular store, the Debtors would withdraw the motion as to such targeted store, and retain the

right to further market the lease.  The Motion included the Debtors' proposed cure amount for

the assumption of each lease, including the Leased Premises.

7.      On July 14, 2005, by and through its attorneys, Kelley Drye, BV Belk filed an objection to the Sale Motion because the Debtors' cure amounts were incorrect, and BV Belk provided their proposed cure amount.

8.      On July 19, 2005, the Debtors filed a notice of their intent to enter into an asset purchase agreement with, and to assume and assign leases, including the Lease, to Associated Wholesale Grocers, Inc. and Alex Lee, Inc., or their assignees.  However, the bid for the Lease was contingent on BV Belk accepting certain rent concessions.  BV Belk did not agree to the rent concessions and the Lease was dropped from the assignment package.  Pursuant to the Sale Motion, the Debtors retained the right to market the Lease.

9.      On August 1, 2005, the Debtors filed a further motion for authority to sell certain targeted stores, including the Lease at an auction, and for authority to reject any targeted lease that the Debtors were unable to sell ten days after the Debtors deliver a termination notice to the affected landlord.

10.     On September 14, 2005, the Debtors filed notice of rejection of the Lease, effective on the later of ten days after the notice, or the date the Debtors vacate and deliver the keys.

11.     Pursuant to the rejection notice and Rule 3003, claims for rejection damages must be filed no later than 30 days after the rejection date (the "Rejection Claims Bar Date").

12.     BV Belk has not filed a proof of claim within the time allowed, or a motion to extend the time to file such a claim.

13.     BV Belk's claim for unpaid pre-petition charges is $44,486.06 and its claim for rejection damages is $149,675.36, plus attorneys' fees in the amount of $7,326.58.

A copy of the proposed claim that BV Belk requests permission to file is attached hereto as Exhibit A.

## RELIEF REQUESTED

14.     By the Motion, BV Belk seeks entry of an order approving BV Belk's Motion to allow the filing of a late proof of claim in the amount of $201,488.00 against the Debtors without prejudice to the right of any party to object to the legal basis, amount or calculation of the claim.

## ARGUMENT

15.     Bankruptcy Rule 3003(c)(3) provides that the "court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  In a Chapter 11 case, Bankruptcy Rule 3003(c)(3) must be read in conjunction with Bankruptcy Rule 9006(b)(1), which provides that, when a party files a motion for an extension of time after the expiration of the originally designated time period, the party seeking the extension of the bar date must show that its failure to act within the prescribed time period was the result of "excusable neglect."  *In re Pappalardo,* 210 B.R. 634 (Bankr. S.D. Fla. 1997).  The determination of what constitutes "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship., et al.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993).

16.     The Court should grant an extension of time for BV Belk to file its proof of claim because their failure to do so prior to the Rejection Claims Bar Date constitutes "excusable neglect" under Bankruptcy Rule 9006(b)(1).  The circumstances of this case are precisely the type contemplated by the United States Supreme Court's holding in *Pioneer*, which liberally interpreted the "excusable neglect" standard of FRBP 9006(b)(1).  The *Pioneer* decision provided a significant change in the law by liberalizing the grounds on which an extension to a

claims bar date should be allowed.  *In re Sacred Heart Hosp. of Norristown,* 186 B.R. 891, 895
(Bkrtcy. E.D. Pa. 1995).  Accordingly, *Pioneer* and its progeny provide this Court with ample
authority to grant this Motion.

17.     In *Pioneer*, the Supreme Court found that a claimant's attorney's
inadvertent failure to file a proof of claim was excusable neglect under Bankruptcy Rule
9006(b)(1).  While the petitioner sought an exacting enforcement of the claims bar date and
argued that any showing of fault on the part of the late-filer would defeat a claim for "excusable
neglect," the Supreme Court disagreed and held that Congress clearly contemplated "excusable
neglect" under Bankruptcy Rule 9006(b)(1) to be a flexible and liberal standard which
"encompasses both simple faultless omissions to act and, more commonly, omissions caused by
carelessness."  *Id*. at 388-389.

18.     The Supreme Court further stated that if Bankruptcy Rule 9006(b)(1) was
read inflexibly, it would put the word "neglect" at odds with its most natural meaning and would
serve to exclude every instance of inadvertent or negligent omission.  *Id*. at 395-396.  The
Supreme Court noted that allowing this exception to the bar of late claims is in keeping with the
purpose of a chapter 11 reorganization, which has as its goal "the aim of rehabilitating the debtor
and avoiding forfeitures of creditors."  *Id.* at 389.  The Supreme Court continued "[i]n overseeing
this…process, the bankruptcy courts are necessarily entrusted with broad equitable power to
balance the interests of the affected parties, guided by the overriding goal of ensuring the success
of the reorganization."  *Id.*  The Supreme Court identified four equitable factors that must be
considered in determining whether "excusable neglect" exists to support the extension of the
claims bar date:  (1) whether the extension will be prejudicial to the debtor; (2) the length of the

delay; (3) the reason for the delay; and (4) the good faith of the claimant.  *See also, In re Harrell*, 325 B.R. 643, 649 (Bankr. M.D. Fla. 2005); *In re Norris,* 228 B.R. 27, 31-32 (Bankr. M.D. Fla. 1998).

## I.      Prejudice to the Debtor

          19.     Of the four equitable factors the court must consider, prejudice to the debtor is paramount.  *In re Eagle Bus Mfg., Inc.,* 62 F.3d 730, 737 (5th Cir. 1995),  Here, there is no danger of prejudice to the Debtors.  Although the Debtors' Plan of Reorganization is in the process of being confirmed, the Debtors are still in the process of filing objections to claims, and no distributions to creditors have been made.  Although BV Belk's proof of claim is being filed with this Court approximately twelve months after the deadline for the rejection of its lease,  the Debtors have just recently rejected other real property leases and the bar date for filing rejection claims from those leases has not yet passed.   In addition, the Debtors had notice of BV Belk's pre-petition claim as the result of correspondence from BV Belk well before the Rejection Claims Bar Date and the cure statement filed on behalf of BV Belk.  Given the size of the Debtors' estate and the hundred of millions of dollars of lease rejection claims filed and to be filed against the Debtors' estates, the amount of BV Belk's claims will have no discernible impact on the Debtors' estate or distributions to the estate's creditors.  The relief sought in the Motion will not prejudice the Debtors or their creditors in any measurable way.

## II.      Length of Delay

          20.     Excusable neglect has been found in cases involving delays of up to two years after the bar date, so long as the debtor is not significantly prejudiced by the delay.  *See e.g. In re Beltrami Enterprises, Inc.,* 178 B.R. 389, 392 (Bankr. M.D.Pa. 1994) (filing of claim two years after bar date, even where there was no dispute as to propriety of notice, excusable

neglect because no prejudice to debtors identified); *In re Byrne,* 162 B.R. 819 (Bank. W.D.Wis. 1993) (filing claim one year two months and twenty days after bar date excusable neglect); *In re Earth Rock, Inc.,* 153 B.R. 61 (Bankr. D.Idaho 1993) (filing claim eight months after bar date allowed, even where former attorney deliberately refrained from timely filing claim, because no "substantial showing" of prejudice to debtor)  *In re Eagle Bus Mfg., Inc.,* 62 F.3d 730 (5th Cir. 1995) (six to eight month delay excusable).  Here BV Belk requests permission to file their claim twelve months after the applicable Bar Date.  In light of  the status of the Debtors' bankruptcy case, the recent rejection of leases by the Debtors, the total amount of the unsecured claims against the Debtors' estate, the length of delay courts have determined did not result in any prejudice against a debtor in other cases, and the *de minimus* impact of BV Belk's claim if allowed will have on distributions to the Debtors' creditors, BV Belk's claim should be deemed timely filed.

### III.   <u>Reason for Delay</u>

21.    Generally, a request for extension of time to file a proof of claim will be denied where the claimant deliberately refrains from timely filing in order to gain some actual or perceived tactical advantage.  *See Sacred Heart Hosp. of Norristown,* 186 B.R. at 896 (citing *In re Bicoastal Corp.,* 176 B.R. 966, 971-72 (Bankr. M.D.Fla. 1994), *In re Mother Hubbord, Inc.,* 152 B.R. 189, 193-94 (Bankr. W.D. Mich. 1993); *but see Earth Rock,* 153 B.R. at 64 (excusable neglect found even when former counsel deliberately refrained from filing proof of claim where there was no substantial showing of prejudice to debtor).  Here, BV Belk did not deliberately refrain from filing its proof of claim to gain a tactical advantage.  Rather, the delay was the result of excusable neglect caused by BV Belk's mistaken belief that it had filed a claim because of claims filed in another bankruptcy case and because it had submitted cure amount and claim related information to Kelley Drye that was included in the cure statement filed on behalf of

among others, BV Belk.

   22. The employee at BV Belk responsible for filing the claim was contemporaneously dealing with multiple claims in other bankruptcy cases and mistakenly thought that a claim had been filed for the pre-petition and rejection damage amounts against the Debtors.  The proposed assignment of the Lease to two separate assignees also compounded the confusion about the necessity of filing a claim after the Lease was ultimately rejected by the Debtors.  BV Belk also believed that the filing of the cure statement in connection with the proposed assignment of the Lease was sufficient to put the estate on notice of its pre-petition claims.  For all of the foregoing reasons, BV Belk's failure to timely file a proof of claim was the result of excusable neglect.  BV Belk did not ask Kelley Drye to prepare or file a proof of claim until it recently realized that it had not filed a proof of claim.

**IV.**  **Good Faith**

   23. Finally, the delay was in no way motivated by BV Belk's bad faith or desire to gain an unfair advantage.   Upon discovering it had not filed a claim against the Debtors, BV Belk proceeded to petition this Court for allowance to file the late claim.

**Conclusion**

   24. For all the reasons set forth above, BV Belk should be permitted to file a late proof of claim, and such proof of claim should be deemed timely filed.

   25. No request for the relief sought in this Motion has been made in this or any other court.

WHEREFORE, BV Belk respectfully requests that the Court enter an Order (i) allowing

BV Belk to file a late proof of claim in the amount of $201,488,00; (ii) deeming such proof of

claim timely filed, and (iii) granting such other and further relief as is just and proper.

Dated:  New York, New York
       October 26, 2006

                       KELLEY DRYE & WARREN LLP

                       By: /s/ *Robert L. LeHane**
                           James S. Carr (JC-603)
                           Robert L. LeHane (RL-9422)
                       101 Park Avenue
                       New York, New York 10178
                       Phone:  (212) 808-7800
                       Fax:  (212) 808-7897

                           -and -

                       HELD & ISRAEL
                       1301 Riverplace Blvd., Ste. 1916
                       Jacksonville, FL  32207-9024
                       Phone: (904) 398-7036
                       Fax: (904) 398-4283
                       Attorneys for BV Belk

*Admitted pro hac vice in this Court.*

# EXHIBIT A

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA | PROOF OF CLAIM |
|---|---|

| | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| Name of Debtor:<br>**WINN DIXIE STORES, INC.** | Case Number:<br>**05-03817** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or entity to whom the debtor owes money or property):<br><br>**B.V. BELK, JR.** | ☐  Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|

| Name and address where notices should be sent:<br><br>**Kelley Drye & Warren LLP**<br>**101 Park Avenue**<br>**New York, NY 10178**<br>**Attn:  James S. Carr**<br>**Tel: (212) 808-7800**　　**BV Belk Properties**<br>**4508 E. Independence Blvd.**<br>**Suite 207**<br>**Charlotte, NC 28205**<br>**Attn:  R. Keith Neely**<br>**Tel: (704)  532-0028** | ☐  Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐  Check box if the address differs from the address on the envelope sent to you by the court.<br><br>THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Account or other number by which creditor identifies debtor:<br>**Sunset Crossing Shopping Center, Charlotte, North Carolina** | Check here if this claim:   ☐ replaces  or  ☐ amends<br>a previously filed claim, dated: _____ |
|---|---|

| **1. Basis for Claim**<br>　☐　Goods sold<br>　☐　Services performed<br>　☐　Money loaned<br>　☐　Personal injury/wrongful death<br>　☐　Taxes<br>　☒　Other *Unpaid pre-petition rent and rejection damages*<br>*for commercial lease for premises at – Sunset Shopping Center, Charlotte,*<br>*North Carolina – Store No. 2001* | ☐  Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐  Wages, salaries, and compensation (fill out below)<br>　　List four digits of SS# _____<br><br>Unpaid compensations for services performed<br>from _____ to _____<br>　　　(date)　　　　　(date) |
|---|---|

| **2. Date debt was incurred: Pre-Petition** | **3. If court judgment, date obtained:** |
|---|---|

**4. Classification of Claim**. Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

| **Secured Claim.**<br>　☐  Check this box if your claim is secured by collateral (including a  right of setoff).<br>　Brief Description of Collateral:<br>　☐Real Estate  ☐ Motor Vehicle<br>　☐ Other _____<br>　Value of Collateral: $ _____<br>Amount of arrearage and other charges <u>at the time case filed</u> included in secured claim above, if any $ _____<br><br><br>**Unsecured Nonpriority Claim**  **$**<br>☐  Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority | **Unsecured Priority Claim.**<br>　☐  Check this box if you have an unsecured priority claim<br>　　Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>　☐  Domestic support obligations – 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)<br>　☐  Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4)<br>　☐  Contributions to an employee benefit plan – U.S.C. § 507(a)(5)<br>　☐  Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7)<br>　☐  Taxes or penalties of governmental units – 11 U.S.C. § 507(a)(8)<br>　☐  Other – Specify applicable paragraph of 11 U.S.C. §507(a)(____).<br>　　　*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
|---|---|

**5.**　Total Amount of Claim at Time Case Filed:　<u>**$201,488.00**</u>　　　_____　　　_____　　　<u>**$201,488.00**</u>

　　　　　　　　　　　　　　　　　　　　　　　　　(Unsecured)　　(Secured)　　( Priority)　　　(Total)

*If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐  Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

<u>CREDITOR RESERVES ITS RIGHT TO FILE AN AMENDED CLAIM</u>

| **6.**　**Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>**7.**　**Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.<br>**8.**　**Date – Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date:<br><br>November__, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>By:_____<br>　　**B.V. Belk, Jr., President**<br>　　**BVBelk Properties, Inc.** | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

SUNSET SHOPPING CENTER
Charlotte, North Carolina
Store No. 2001

Lease Rejection: September 24, 2005
Lease Term: April 2006

**Pre-Petition: $44,486.06**

| | |
|---|---|
| 4th Quarter 2004 CAM and Real Estate Tax | $41,459.77 |
| | |
| 1st, 2nd & 3rd Quarter 2005 CAM and Real Estate Tax | $15,243.55 pro rata 54 days<br>$56.04 per day x 54 = $3,026.29 |
| | |

**Rejection Damages: $149,675.36**

| | | |
|---|---|---|
| 9/24/05 – 4/06 | Monthly Rent | $18,709.42 |
| | | 8 months = $149,675.36 |

**Attorneys Fees:  $7,326.58***

*Projected Fees

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
(JACKSONVILLE DIVISION)

_____
In re:                                                        )        Case No.  05-03817-3F1
                                                              )
WINN-DIXIE STORES, INC., et al.,                              )        Chapter 11
                                                              )
Debtors.                                                      )        Jointly Administered
                                                              )
_____ )

## ORDER

       These cases came before the Court for hearing on November ____, 2006, upon

the motion dated October 26, 2006, of BV Belk Jr. ("BV Belk") for the entry of an order allowing the

filing of a late proof of claim, as more fully set forth in the Motion.  The Court has jurisdiction to consider

the Motion and the relief requested by the Motion.  It appears that due notice has been given in

connection with the Motion.  It further appears that either no objections to the relief requested have been

received, or any objection has been timely resolved or overruled.  It further appears that sufficient cause

has been provided to permit BV Belk to file a late proof of claim as the failure to act was the result of

excusable neglect.  Accordingly, after due deliberation and good and sufficient cause appearing therefore,

it is

       **ORDERED**

     Pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rules 3003(c)(3) and 9006(b)(1),

BV Belk is permitted to file a late proof claim in the amount of $201,488.00, against Winn-Dixie Stores,

Inc.

     BV Belk's late proof of claim shall be deemed timely filed for all purposes.

Dated  November ___ , 2006, in Jacksonville, Florida.

                                            _____

                                            JERRY A. FUNK
                                            UNITED STATES BANKRUPTCY JUDGE