UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER CORRECTING ORDER DATED AUGUST 18, 2006 [DOCKET NO. 10384] (I) AUTHORIZING ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIXING CURE AMOUNTS AND (III) GRANTING RELATED RELIEF TO ATTACH AMENDED EXHIBIT A**[1]

These cases came before the Court for hearing upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105(a) and 365 (the "Motion"), (i) approving and authorizing the Debtors to assume non-residential real property leases identified on Exhibit A attached to the Motion, effective as of the effective date of the Debtors' joint plan of reorganization (Docket No. 10058) (the "Effective Date"),[2] (ii) fixing the costs of assumption at the proposed cure amounts identified on Exhibit B attached to the Motion (collectively, the "Proposed Cure Amounts"), and (iii) granting related relief. By the Motion, the landlords were given until June 30, 2006 to object to the Motion and the Proposed Cure Amounts. The landlords for Store Numbers 2, 6, 81, 84, 138, 153, 167, 176, 209, 218, 221, 222, 231, 243, 250, 254, 256, 265, 278, 279, 281, 287, 290, 348, 353, 359, 375, 426, 454, 460, 517, 556, 599, 607, 631, 637, 651, 656, 660, 672, 698, 736, 737, 777, 1404, 1449, 1537, 1766, 1852, 2211, 2213, 2217, 2230, 2258, 2265, 2267, 2289,

---

[1] On August 18, 2006, the Court entered on Order granting the Motion as to the Stores identified on Exhibit A. That order is being revised to included the undisputed portion of the cure amounts for the leases on Exhibit A.

[2] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

2301, 2311, 2333, 2348, and 2602 filed objections to the Proposed Cure Amounts (collectively, the "Cure Objections"). The landlords for Store Numbers 84, 138, 176, 256, 265, 287, 348, 517, 599, 607, 672, 736, 1404, 1449, 1852, 2213, 2217, 2230, 2265, 2333 and 2602 also filed objections to the Debtors' assumption of their respective leases (collectively, the "Assumption Objections"). The Debtors have agreed to continue the hearing on the Motion as to the landlords for Store Numbers 2, 81, 153, 167, 218, 222, 231, 243, 250, 279, 281, 359, 375, 426, 454, 460, 556, 631, 637, 651, 656, 660, 698, 737, 777, 1537, 2211, 2258, 2267, 2289, 2301, 2311 and 2348 to September 7, 2006. The Debtors have agreed to continue the hearing on the Motion as to the landlord for Store Number 6 to August 24, 2006. The Motion and the Cure and Assumption Objections filed by the landlord for Store Numbers 84, 599, 736, 1852, 2213, 2230 and 2333 (the "E & A Stores") will be treated by separate order of the Court. The Court has reviewed the Motion and heard arguments of counsel. After due deliberation and good and sufficient cause exists, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted as to the leases for the stores identified on the attached Exhibit A (the "Assumed Leases").

2. The Assumption Objections are overruled.

3. The Debtors are authorized to assume the Assumed Leases pursuant to 11 U.S.C. § 365(a), effective as of the Effective Date.

4. With the exception of those leases on which the landlords filed Cure Objections, the cure amounts for the leases which are the subject of the Motion are fixed as of August 10, 2006 in the amounts as set forth on **Exhibit A** (the "Cure Amounts").

5. The Debtors will pay the landlords any undisputed cure amounts due on the Effective Date. If the Debtors are unable to resolve the Cure Objections consensually, the Debtors will set the Cure Objections for hearing before the Court.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The Court retains jurisdiction to hear and determine any disputes over the amounts required to cure the Leases as of the Effective Date, and all other matters arising from the implementation of this Order.

8. In the event the Effective Date does not occur, this Order shall be null and void.

Dated this 25 day of October, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion

# EXHIBIT A

| Store No. | Cure Amount |
|---|---|
| 30 | 10,875.20 |
| 80 | 10,346.86 |
| 138 | 6,267.81 |
| 144 | 8,426.71 |
| 176 | 9,825.85 |
| 209 | 4,319.67 |
| 221 | 1,567.94 |
| 254 | 0.00 |
| 256 | 4,648.57 |
| 260 | 325,000.00 |
| 265 | 15,915.25 |
| 278 | 0.00 |
| 287 | 37,201.66 |
| 290 | 0.00 |
| 328 | 27,571.50 |
| 348 | 39,728.91 |
| 353 | 4,452.59 |
| 356 | 52,542.79 |
| 463 | 9,181.14 |
| 517 | 32,891.11 |
| 607 | 13,270.27 |
| 611 | 36,791.48 |
| 662 | 19,901.74 |
| 672 | 9,109.95 |
| 1404 | 10,970.67 |
| 1449 | 4,291.17 |
| 2217 | 6,914.15 |
| 2265 | 8,986.72 |
| 2323 | 10,927.59 |
| 2333 | 101,680.73 |
| 2602 | 93,771.10 |

00546060