Hearing Date:    October 13, 2006

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**DEBTORS' MEMORANDUM OF LAW IN RESPONSE**
**TO POST HEARING BRIEF OF OBJECTING LANDLORDS**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors" or "Winn-Dixie"), submit this memorandum of law in response to the post-hearing brief (the "Reply Brief") of E&A Financing II, L.P; E&A Acquisition Two L.P.; Shields Plaza, Inc.; Woodberry Plaza (E&A), LLC; Villa Rica Retail Properties, LLC; West Ridge, LLC; Bank of America, as Trustee of Betty Holland, and F.R.O. LLC VII in opposition to confirmation of the Debtors' plan of reorganization (the "Plan").[2] In support thereof, the Debtors respectfully represent as follows:

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Plan or in the Memorandum of Winn-Dixie Stores, Inc. and Affiliated Debtors in Opposition to Objections to Confirmation, dated October 10, 2006.

Despite the overwhelming acceptance of the Plan by the Landlord Class, a few Landlords (the "Objecting Landlords") ask the Court to rewrite the Plan to provide for a higher distribution for themselves than other creditors in their Class. In support of this request, these Objecting Landlords advance arguments that ignore a key provision of the Plan and well-settled law of this circuit. Winn-Dixie submits this response to the Reply Brief to identify the applicable Plan provision and the applicable authority.

## ARGUMENT

**1.     Every claim in the Landlord Class is treated the same.**

The Reply Brief is based on the argument that guarantee Claims in the Landlord Class are being treated differently from other Claims in the Landlord Class. In fact, *under the Plan* all Landlords have only *one* Claim in the Landlord Class and each of those Claims is treated exactly the same. According to Section 2.2 of the Plan:

> 2.2     Effect of Compromise and Settlement
>
> As a result of the compromise and settlement of substantive consolidation issues contained in the Plan, and only for purposes of distributions under the Plan . . . (e) . . . all Claims based upon pre-petition unsecured guarantees by one Debtor in favor of any other of the Debtors . . . shall be eliminated . . .

Thus, the Plan does provide equal treatment for each Claim that remains in the Landlord Class *as a result of the substantive consolidation compromise,* and for this reason the Plan is compliant with Bankruptcy Code section 1123(a)(4).

In essence, the Objecting Landlords object to the pooling of assets and liabilities, which is a necessary part of the Plan compromise. Furthermore, substantive consolidation and its elements (*i.e.*, pooling of assets and liabilities) are viable and accepted in the Eleventh Circuit, and thus *a settlement* that incorporates elements of the doctrine is also valid. Eastgroup Properties v.

Southern Motel Assoc. Ltd., 935 F.2d 245, 248 (11th Cir. 1991) (affirming consolidation order, and noting that "[consolidation] involves the pooling of assets and liabilities of two or more related entities; the liabilities of the entities involved are then satisfied from the common pool of assets created by consolidation"); see also F.D.I.C. v. Colonial Realty Co., 966 F.2d 57, 58-59 (2d Cir. 1992) (in substantive consolidation, duplicate claims are usually eliminated); In re Standard Brand Paint Co., 154 B.R. 563, 571-572 (Bankr. C.D. Cal. 1993) (advantage of consolidation is that it eliminates need to determine the effect and validity of guarantees); see generally In re Reider, 31 F.3d 1102 (11th Cir. 1994) (court recognizes that estates of two natural persons could be deemed consolidated solely for purposes of bankruptcy distribution even though people will not be merged).

      Moreover, the Objecting Landlords' complaint that their guarantee claims are receiving no distributions ignores the fact that the distribution to the Landlord Class already takes into account guarantees because the Landlord Class is receiving more than the Retirees and the Other Unsecured Claimants, who have no guarantees. Thus, Landlords are receiving 46.26 shares of New Common Stock for every $1,000 of Allowed Claims; by contrast, the Retirees, with no explicit guarantees, are receiving 38.75 shares for every $1,000 of Allowed Claims. In addition, Other Unsecured Claimants – who have no guarantees and whose case for consolidation or multiple claims is the weakest – are receiving only 34.89 shares for every $1,000 of Allowed Claims.[3]

---

[3] The Objecting Landlords assert that the definition of "Landlord Claim" gives Landlords with guarantees two claims in the Landlord Class. The Objecting Landlords, however, misunderstand the definition of "Landlord Claims" in Section 1.47 by ignoring Section 2.2. The definition of Landlord Claims does not operate to give a Landlord with a guarantee two claims in the Landlord Class – which is prohibited by Section 2.2 – but rather is designed to pick up those Claims of Landlords who only have one Claim based on a guarantee, such as Landlords who have claims against a Debtor for a lease of premises the Debtor formerly occupied, no longer occupies, but continues to guarantee, and Landlords who only filed one claim against a guarantor Debtor.

The Objecting Landlords also complain that the settlement cannot be approved without their consent. The case cited by the Objecting Landlords, AOV Industries, Inc., 792 F.2d 1140 (D.C. Cir. 1986), does not support this argument. That case does not undercut the substantive consolidation remedy – or substantive consolidation settlements -- but rather addresses a plan that required the non-consensual release of a non-debtor by a creditor in a class. It does not address the pooling of claims against consolidated debtors. In point of fact, the District of Columbia Circuit does recognize that bankruptcy courts can order substantive consolidation to, among other things, "avoid the expense or difficulty of sorting out the debtors' records to determine the separate . . . liabilities of each affiliated entity." Drabkin v. Midland Ross Corp. (In re Auto-Train), 810 F.2d 270, 276 (D.C. Cir. 1987); see also AOV Industries, Inc., 792 F.2d. at 1154 ("nothing in this opinion restricts the bankruptcy courts broad discretion to approve classification and distribution plans, even though some class members may have disputed claims, or a stronger defense than others"). Moreover, Eleventh Circuit case law establishes that every affected creditor need not agree to a settlement for it to be approved by the Court and to be binding on all creditors. See In re Munford, Inc., 97 F.3d 449 (11th Cir. 1996) (settlement of adversary proceeding may bind non-settling party when claims of non-settling party impact bankruptcy estate); In re Justice Oaks II, Ltd., 898 F.2d 1544 (11th Cir. 1990) (settlement approved despite objecting creditor receiving no plan distribution as a result of settlement).

**2.     The Court should not rewrite the Plan.**

The Objecting Landlords admit they do not really want to overturn the settlement; rather, they want to have the benefit of the settlement (which already gives value for their guarantees) and to sweeten it by giving themselves even higher recoveries than those that resulted from the arduous negotiations that led to the Plan. Implicitly, the Objecting Landlords – like the

4

vast majority of all impacted Creditors – recognize that in this case a settlement of the complex substantive consolidation issues makes sense and is in everyone's best interest. The Objecting Landlords' request to increase their distributions, however, would of course have the effect of reducing the bargained-for distributions to other Classes of Claims, and thereby torpedo the global settlement. The Objecting Landlords' proposed revision is not the compromise that was reached after months of negotiations, nor is it the compromise that was overwhelmingly approved by all affected Classes, including the Landlord Claim Class, and therefore should be rejected.

## **Conclusion**

For the forgoing reasons, the request of the Objecting Landlords to modify the Plan to increase their distributions should be denied, and the Plan should be confirmed.

Dated: October 26, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*  <br>    D. J. Baker <br>    Sally McDonald Henry <br>    Rosalie Walker Gray <br>    Adam S. Ravin <br>Four Times Square <br>New York, New York 10036 <br>(212) 735-3000 <br>(212) 735-2000 (facsimile) <br>djbaker@skadden.com | By  *s/ Cynthia C. Jackson*  <br>    Stephen D. Busey <br>    James H. Post <br>    Cynthia C. Jackson, <br>    Florida Bar Number 498882 <br>225 Water Street, Suite 1800 <br>Jacksonville, Florida  32202 <br>(904) 359-7700 <br>(904) 359-7708 (facsimile) <br>cjackson@smithhulsey.com |
| Co-Counsel for the Debtors | Co-Counsel for the Debtors |

631951.03-New York Server 4A