**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No.: 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| _____/ | |

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS TO DEBTORS' MEMORANDUM OF LAW**
**IN RESPONSE TO POST HEARING BRIEF**
**OF OBJECTING LANDLORDS**

The official committee of unsecured creditors (the "Committee")[1] appointed in the above-captioned chapter 11 cases of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its affiliated debtors and debtors in possession (collectively, the "Debtors") hereby submits this joinder to the Debtors' memorandum of law ("Memorandum") (Docket No. 12185) in response to the post hearing brief ("Reply Brief") of certain objecting landlords (Docket No. 12065), and represents as follows:

     1.    The Committee agrees with the statement of facts, the legal arguments, and the assertions set forth by the Debtors in the Memorandum, and hereby joins in the Memorandum.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in either the Debtors' Joint Plan of Reorganization or the Memorandum (as defined below).

2.  In further support of the Memorandum and confirmation of the Plan, the Committee respectfully submits that the Objecting Landlords have lost sight of the fact that the Plan embodies a complex compromise, which accounts for numerous issues and risks both for and against consolidation of the Debtors' estates.  In effect, the compromise creates a waterfall of distributions that fairly accounts for such issues and risks and provides the Objecting Landlords with an incremental benefit due to their guarantees.

3.  The compromise embodied in the Plan also balances the claims of landlords without separate guarantees, who would have argued that substantive consolidation under the Eleventh Circuit's test was merited, against landlords that do have separate guarantees, who have asserted that the Chapter 11 Case should not be substantively consolidated in order to take advantage of their claims against a primary obligor and guarantor.  For example, an argument could be made that under the Eleventh Circuit's substantive consolidation test landlords favoring substantive consolidation could prevail, and the presence of a solitary guaranty (as opposed to the guaranties in favor of the noteholders, which were granted by every subsidiary) should not justify the incremental

value enhancement given to all landlords. In summary, the Objecting Landlords want the best of all worlds by giving them the incremental value embodied in the Plan compromise for Landlord Claims, which takes into account their guarantees, and also providing them with further incremental recoveries for the same guarantees based on an argument that the estates should be deconsolidated. This cannot be justified and is directly at odds with the intent of the Plan compromise.

       4.    The Committee reserves all rights to be heard before the Bankruptcy Court with respect to the Memorandum and the Reply Brief.

WHEREFORE, the Committee respectfully requests that the Bankruptcy Court (i) deny the Objecting Landlords request to modify the Plan and (ii) confirm the Debtors' Plan.

Dated:   October 26, 2006

    AKERMAN SENTERFITT

    By: /s/ Patrick P. Patangan
    John B. Macdonald
    Florida Bar No. 230340
    E-mail:john.macdonald@akerman.com
    Patrick P. Patangan
    Florida Bar No. 348340
    E-mail: patrick.patangan@akerman.com
    50 North Laura Street, Suite 2500
    Jacksonville, Florida  32202
    Telephone: (904) 798-3700
    Facsimile: (904) 798-3730

    Co-counsel for Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.

    And

    MILBANK, TWEED, HADLEY & M$^{\text{C}}$CLOY LLP
    Dennis F. Dunne (DD 7543)
    Matthew S. Barr (MB 9170)
    Michael E. Comerford (MC 7049)
    1 Chase Manhattan Plaza
    New York, NY 10005
    (212) 530-5000

    Co-counsel for Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.