UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Debtors.[1] | ) | Jointly Administered |

CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1. I am of legal age and I am not a party to this action.

2. I am President of Logan & Company, Inc., located at 546 Valley Road, 2nd Floor, Upper Montclair, New Jersey, Claims, Noticing and Balloting Agent for the above captioned debtors.

3. On or before October 17, 2006 I caused a copy of a:

   - **Notice of Debtors' Omnibus Objection to, and Motion to Adjust and Confirm Amounts of, (A) Management Security Plan Claims and (B) Supplemental Retirement Plan Claims, Consistent with Joint Plan of Reorganization (Small Claims).**

   - **Personalized Attachment with Detail as to Proposed Adjustment and Allowance of MSP Claim (Small Claims).**

   to be served via First Class Mail for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the service Notice and Attachment for Small Claims as listed above is attached hereto as Exhibit B.

Dated: October 27, 2006

_____
Kathleen M. Logan

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

EXHIBIT A
SERVICE LIST

**Notice of Debtors' Omnibus Objection to Management Security Plan Claims and Supplemental Retirement Plan Claims, MSP Small Claims**
**(Employee Addresses Intentionally Left Blank)**

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                                **CASE:   05-03817-3F1**

| | | |
|---|---|---|
| BINNEY, ROBERT J | BRIM, STEVE | CHANDLER, GARY L. |
| CHAPMAN, CLARENCE H | CRUSE, SARA F | DARROW, SUSAN |
| DAWSON, CURTISS C. | HARRIS JR, HARVEY C. | JENSCHKE, SCOTT |
| JOHNS, DEAN R | MCGUFFIN, TERESA | MYERS, ELLA MAE |
| NEWMAN, JAMES W | PAPPAS, BEVERLY | RODENMAYER, NELSON |
| STANFORD, CHARLES G | THOMPSON, CHARLES M | WEST, PATRICK |

**Total:   18**

EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF DEBTORS' OMNIBUS OBJECTION TO,
AND MOTION TO ADJUST AND CONFIRM AMOUNTS OF, (A) MANAGEMENT SECURITY
PLAN CLAIMS AND (B) SUPPLEMENTAL RETIREMENT PLAN CLAIMS, CONSISTENT
<u>WITH JOINT PLAN OF REORGANIZATION</u>**

---

**SEE ATTACHMENT FOR DETAIL AS TO
PROPOSED ADJUSTMENT AND ALLOWANCE OF YOUR MSP CLAIM**

---

TO:  HOLDERS OF CLAIMS UNDER THE MANAGEMENT SECURITY PLANS

    1. PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed on October 17, 2006 their Omnibus Objection to, and Motion to Adjust and Confirm Amounts of, (a) Management Security Plan Claims and (b) Supplemental Retirement Plan Claims, Consistent with Joint of Reorganization (the "Objection") with the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

    2. **The Objection requests that the Bankruptcy Court enter an order reducing, reclassifying, adjusting or disallowing, as applicable, and confirming the allowed amounts of, claims held by participants in the Debtors' management security plans (the "MSP Claims") and supplemental retirement plan (the "SRP Claims").** You may obtain a copy of the Objection by accessing http://www.loganandco.com, or making a request by telephone to (973) 509-3190 or e-mail to winninfo@loganandco.com.

    3. This notice relates only to your MSP Claim. If you also hold an SRP Claim you will receive a separate notice relating to your SRP Claim. **The impact of the Objection on your MSP Claim is described on the Attachment.**

    4. If the proof of claim you filed for your MSP Claim asserted a claim amount that exceeds the amount the Debtors believe is owed to you under the MSP, the Objection seeks to reduce the asserted claim amount to the Debtors' amount. If the proof of claim you filed asserted a secured, priority or multiple status for all or part of your MSP Claim, the Objection seeks to reclassify your MSP Claim to non-priority unsecured status. If you filed more than one proof of claim on account of your MSP Claim, the Objection seeks to disallow the additional proofs of claim, so that only one claim is counted. You may obtain a copy of the proof(s) of claim you filed by accessing http://www.loganandco.com, or making a request by telephone to (973) 509-3190 or e-mail to winninfo@loganandco.com.

    5. In accordance with the terms of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Chapter 11 Plan"), the Objection also seeks to divide your MSP Claim

between a Small Claim to be treated in Class 17 (because it is in an amount of $3,000 or less) and a MSP Death Benefit Claim to be treated in Class 2.  As to your Small Claim, the Objection seeks to correct a present value calculation error, the result of which will be to increase your Small Claim by a very small amount.  If you received post-petition payments on account of your MSP Claim, the Objection seeks to reduce your Small Claim by the present value of the aggregate post-petition payments made through October 31, 2006 on account of such claim or, if applicable, to reduce your MSP Death Benefit Claim, as applicable, by the gross amount of the post-petition payment made through October 31, 2006 on account of such claim.

6.  **If the Objection is granted, you will have an Allowed Small Claim and, if applicable, an Allowed MSP Death Benefit Claim as shown on the Attachment.**

7.  If you do NOT oppose the Objection, and agree that your Small Claim and, if applicable, your MSP Death Benefit Claim should be allowed as shown on the Attachment, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

8.  If you DO oppose the Objection on any basis, then you MUST file and serve a written response to the Objection that is received on or before **4:00 p.m. Eastern Time on November 6, 2006** (the "Response Deadline").  The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.

9.  Responses will be deemed timely filed only if the original response is actually received on or before the Response Deadline by the Bankruptcy Court via the Court's electronic filing procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202.

10.  In addition, a copy of the response must be served on or before the Response Deadline on the Debtors' attorneys, by mail or delivery to Skadden, Arps, Slate, Meagher & Flom LLP, Attn: Rosalie Walker Gray, Four Times Square, New York, New York 10036, by e-mail to rgray@skadden.com, or by facsimile to (917) 777-3214.

11.  A hearing will be held on **November 16, 2006** to consider the Objection.  The hearing will be held at **1:00 p.m. Eastern Time** in the United States Bankruptcy Court for the Middle District of Florida at the United States Courthouse, 300 North Hogan St., 4th Floor, Jacksonville, Florida 32202.  If you file a written response to the Objection, then you should plan to appear at the hearing.  The Debtors, however, may agree to continue the Objection with respect to your claim(s).  If the Debtors do agree to a continuance with respect to your claim(s), the hearing will be held at a later date.  If the Debtors do not agree to a continuance with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

12.  The Debtors reserve the right to object to your MSP Claim on other grounds or to any other proofs of claim you have filed at a later date.  You will receive a separate notice of any additional objections the Debtors seek to assert and you will be given an opportunity to respond to those objections.

13.  The Objection assumes that the provisions of the Chapter 11 Plan relating to the treatment of Small Claims and MSP Death Benefit Claims are approved, that the Chapter 11 Plan is confirmed by order of the Court, and that the Chapter 11 Plan becomes effective in accordance with its terms.  If any of the foregoing does not occur by the date of the hearing on this Objection, the Debtors reserve the right to amend or withdraw this Objection or to continue the hearing on the Objection to a later date.

14.  **If you have any questions regarding the Objection, you may contact Linda Rodriguez, Director of Benefits at Winn-Dixie Stores, Inc., at (904) 783-5466 or lindarodriguez@winn-**

**dixie.com, or Rosalie Gray, of Skadden, Arps, Slate, Meagher & Flom LLP, at (212) 735-3214 or rgray@skadden.com.**

15. **NOTICE**:  In accordance with the provisions of the Chapter 11 Plan and applicable federal and state law, distributions on account of Small Claims will be subject to tax withholding and reporting requirements.

Dated:  October 17, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  */s/ D. J. Baker*<br>D. J. Baker<br>Sally McDonald Henry<br>Rosalie Walker Gray<br>Jane M. Leamy<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(917) 777-2150 (facsimile)<br>djbaker@skadden.com | By  */s/ James H. Post*<br>Stephen D. Busey<br>James H. Post<br>Cynthia C. Jackson<br>Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br> jpost@smithhulsey.com |

## EXPLANATION FOR ATTACHMENT

**MSP Claim to be Adjusted:**  This identifies the proof of claim to be allowed after the requested adjustments are made.

**MSP Claim Amount Determined by Debtors as of 2/21/2005:**  The total of the entries for Small Claim (Present Value) and MSP Death Benefit Claim (Present Value) is the amount that the Debtors included on the individualized proof of claim form provided to the claimant.  That amount, plus the Correction to Present Value Calculation, is the aggregate present value amount that the Debtors believe to be owed to the claimant under the MSP.  Although the MSP Death Benefit Claim is stated in a present value dollar amount for this purpose, because the Chapter 11 Plan provides for it to be paid as a lump sum at the time of death, it is stated in gross dollars for allowance purposes below.

**Adjusted MSP Claim Amount to be Allowed:**  The Corrected Small Claim (Present Value) less the Post-Petition Payments (Present Value) equals the Allowed Small Claim, which is the proposed allowed amount of the Small Claim to be treated as an unsecured claim under Class 17 of the Chapter 11 Plan.  The MSP Death Benefit Claim (Gross) less the Post-Petition Payments (Gross) equals the Allowed MSP Death Benefit Claim, which is  the proposed allowed amount of the MSP Death Benefit Claim to be treated under Class 2 of the Chapter 11 Plan.

**MSP Claim(s) to be Disallowed:**  This identifies any additional proofs of claim that will be disallowed.

**Attachment**

**Name:**

## MSP CLAIM

**MSP Claim to be Adjusted:**
| Claim No. | Asserted Amount | Asserted Status |
|---|---|---|
| | | |

**MSP Claim Amount Determined by Debtors as of 2/21/2005:**

| | | |
|---|---|---|
| -- Small Claim (Present Value): | $0.00 | |
| Plus Correction to Present Value Calculation: | $0.00 | |
| -- MSP Death Benefit Claim (Present Value): | $0.00 | (Gross Dollars Below) |

**MSP Claim Amount as Adjusted and Allowed:**

| | | |
|---|---|---|
| Corrected Small Claim (Present Value): | $0.00 | |
| Less Post-Petition Payments (Present Value): | ($0.00) | |
| **Allowed Small Claim:** | **$0.00** | **Unsecured; Plan Class 17** |
| | | |
| MSP Death Benefit Claim (Gross): | $0.00 | |
| Less Post-Petition Payments (Gross): | ($0.00) | |
| **Allowed MSP Death Benefit Claim:** | **$0.00** | **Unsecured; Plan Class 2** |

**MSP Claim(s) to be Disallowed:**
| Claim No. | Asserted Amount | Asserted Status |
|---|---|---|
| NONE | | |