IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WINN-DIXIE STORES, INC., et al. | ) | No. 05-03817-3F1 |
| | ) | Chapter 11 |
| Debtor | ) | Jointly Administered |

RESPONSE TO DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION
TO (A) INDEMNIFICATION CLAIMS, (B) NO LIABILITY CLAIMS,
(C) NO LIABILITY MISCLASSIFIED CLAIMS, (D) OVERSTATED CLAIMS
(E) OVERSTATED MISCLASSIFIED CLAIMS, (F) UNLIQUIDATED CLAIMS,
(G) MISCLASSIFIED CLAIMS, AND (H) AMENDED AND SUPERCEDED CLAIMS

Comes the Commonwealth of Kentucky, Cabinet of Health and Family Services (the "Cabinet"), by and through the undersigned attorney, and for its Response to the Debtors' Twenty-Third Omnibus Objection, states as follows:

1. The Debtor filed for protection under Chapter 11 of the United States Code on February 21, 2005.

2. Prior to and subsequent to the filing of the Chapter 11 Petition, the Cabinet and Debtor did business based on the payment of Medicaid related benefits by the Cabinet for services provided by the Debtor.

3. The Cabinet timely filed its Proof of Claim in this case in the sum of $64,679.85 seeking setoff for funds which were paid erroneously to WinnDixie, representing reimbursements on prescriptions filed for Medicaid recipients.

4. The funds were erroneously sent to WinnDixie to be paid on the account of J&J Foods Pharmacy and reflected the Medicaid provider number of J&J Foods Pharmacy (a/k/a J&J

Supermarket, Inc.). However, WinnDixie still cashed the checks and kept the entire amounts of the three disbursements. Proofs of Claim were timely filed as claim nos. 11212, 11213, and 11214.

    5.    Notice was sent to creditors of the Notice of Debtor's Fourteenth Omnibus Objection to (a) No Liability Claims and (b) No Liability Misclassified Claims (the "Notice"), dated August 9, 2006. Apparently, this notice was received by the Cabinet. However, the Cabinet was in the process of referring this case to outside counsel for monitoring. During the transition of the file, a Response to the Notice of Disallowance was not timely filed.

    6.    On or about September 25, 2006, the Debtor filed its Twenty-Third Omnibus Objection to Claims, including claims which Debtor asserts to be "no liability misclassified claims," and listed the Cabinet's claim on Exhibit "C" to the Objection. Claim nos. 11212, 11213, 11214 were filed by the Cabinet. Claim nos. 11213 and 11214 were disallowed as duplicative of claim number 11212. Claim no. 11212 was disallowed and reclassified to unsecured non-priority by the August 10, 2006 Fourteenth Omnibus Claims Objection Order on the grounds of no liability per Debtor's books and records and misclassification.

    6.    Due to the fact that the claimant was in the process of transferring this file to outside counsel, the claimant respectfully requests the Court to enter an order setting aside the Order of Disallowance on the grounds of mistake, inadvertence or excusable neglect pursuant to Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b)(1).

    7.    Due to the nature of the Cabinet's claim (that is that the claim is for funds erroneously paid to the Debtor), the Cabinet seeks classification of the Claim in such a way that

would allow the Cabinet to seek setoff regarding future payments. Based upon the foregoing, the claimant seeks classification of the claim as priority status under the Bankruptcy Code.

8.      Numerous demands have been made of the Debtor to return the funds, however, the Debtor has refused to comply.

/s/      Alan C. Stout
Alan C. Stout
Stout, Farmer & King, PLLC
2008 Broadway
P. O. Box 7766
Paducah, KY   42002-7766
270-443-4431
Fax:  270-443-4631

NOTICE OF ELECTRONIC FILING
AND CERTIFICATE OF SERVICE

The undersigned, counsel to creditor, Kentucky, Cabinet of Health and Family Services, hereby certifies that the foregoing has been mailed to those parties listed as not receiving electronic notices, and by electronic notice.

/s/      Alan C. Stout
Alan C. Stout