# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | *Chapter 11* |
| Debtors.[1] | Jointly Administered |

## DEBTORS' MOTION FOR ORDER APPROVING STIPULATION BETWEEN DEBTORS AND DELL MARKETING, L.P.

> NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING
>
> Pursuant to Local Rule 2002-4, the court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, and (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com.
>
> If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors"), pursuant to Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure and Sections 105, 502, 506, and 507, of the Bankruptcy Code move the Court for the

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

entry of an order approving the Stipulation Between Debtors and Dell Marketing, L.P. (the "Stipulation") attached as Exhibit A.

If no objection to the Stipulation is filed and served within the time as set forth above, the Court will be requested to enter an order in the form attached as Exhibit B without further notice or hearing.

Dated: October 30, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*  <br> D. J. Baker <br> Sally McDonald Henry <br> Rosalie Walker Gray <br> David M. Turetsky <br> Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | By  *s/ James H. Post*  <br> Stephen D. Busey <br> James H. Post <br> Cynthia C. Jackson, <br> Florida Bar Number 175460 <br> 225 Water Street, Suite 1800 <br> Jacksonville, Florida  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> jpost@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

**Exhibit A**

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

------------------------------------------------x
                                                  :

In re:                                        :          Chapter 11

WINN-DIXIE STORES, INC., et al.,     :          Case No. 05-03817-3F1

                  Debtors.               :

                                              :          Jointly Administered
------------------------------------------------ :

**<u>STIPULATION BETWEEN DEBTORS AND DELL MARKETING, L.P.</u>**

      This Stipulation (the "Stipulation") is made and entered into as of the date set forth below by and among Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates as debtors and debtors in possession in the above-styled jointly administered bankruptcy cases (the "Debtors") and Dell Marketing, L.P. ("Dell"):

      WHEREAS, Dell has supplied and sold the Debtors computers, monitors, servers, and related computer products; and

      WHEREAS, on February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"); and

      WHEREAS, on or about February 24, 2005, Dell served on counsel to the Debtors a reclamation demand seeking $6,705.51 pursuant to Section 546(c) of the Bankruptcy Code and Section 2.702 of the Uniform Commercial Code (the "Reclamation Claim"); and

      WHEREAS, on or about March 23, 2005, Dell filed a prepetition non-priority unsecured claim against Winn-Dixie in the amount of $442,147.71, which claim was docketed as Claim No. 286 ("Claim No. 286"); and

      WHEREAS, on or about March 29, 2005, Dell filed a prepetition non-priority unsecured

claim against Winn-Dixie in the amount of $442,147.71, which claim was docketed as Claim No. 369 ("Claim No. 369"); and

WHEREAS, on July 29, 2005 (Docket No. 2680), August 2, 2005 (Docket No. 2725), and August 8, 2005 (Docket No. 2840), respectively, the Court entered orders approving a stipulation to be used in resolving the reclamation claims filed by various vendors, including Dell (the "Stipulation"); and

WHEREAS, on or about October 10, 2005, Dell executed an agreement to be bound by the Stipulation and a memorandum document dated October 4, 2005, which, inter alia, (i) resolved the Reclamation Claim, (ii) resulted in a waiver by the Debtors of any preference claims under Section 547 of the Bankruptcy Code based upon payments made to Dell prior to February 10, 2005, and (iii) preserved the Debtors' rights, subject to any defenses by Dell, with respect to any preference claims under Section 547 of the Bankruptcy Code based upon $39,238.98 in payments made to Dell between February 10, 2005 and the Petition Date (the "Possible Preference Claims"); and

WHEREAS, on December 20, 2005, the Debtors filed at Docket No. 4716 the Debtors' Second Omnibus Objection to Duplicate Claims and Amended and Superseded Claims (the "Second Objection") seeking, inter alia, disallowance of Claim No. 369 as a duplicate claim; and

WHEREAS, pursuant to the Second Objection, on January 19, 2006, the Court entered at Docket No. 5219 an order disallowing, inter alia, Claim No. 369 as a duplicate claim; and

WHEREAS, on July 31, 2006, the Debtors filed at Docket No. 9746 the Debtors' Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims (the "Sixteenth Objection") seeking, inter alia, an order reducing Claim No. 286 to $105,199.73; and

WHEREAS, on August 18, 2006, Dell filed at Docket No. 10398 a response to the Sixteenth Objection (the "Dell Response") (i) opposing the reduction of Claim No. 286 to $105,199.73 and (ii) arguing that Claim No. 286 should be allowed in the amount of $435,710.42, reflecting the difference between the original amount claimed by Dell as part of Claim No. 286 and the amounts paid to Dell on account of the Reclamation Claim; and

WHEREAS, the Debtors and Dell wish to resolve all remaining issues between and among the parties concerning Claim No. 286 and any Possible Preference Claims;

NOW THEREFORE, the parties hereby stipulate and agree as follows:

1.  Upon entry of an order by the Court approving this Stipulation, the Sixteenth Objection as it relates to Claim No. 286 and the Dell Response shall be deemed resolved in accordance with the terms of this Stipulation.

2.  Upon entry of an order by the Court approving this Stipulation, Claim No. 286 shall be allowed as a prepetition non-priority unsecured claim in the reduced amount of $137,395.71, and the balance of Claim No. 286 shall be disallowed.

3.  Upon entry of an order by the Court approving this Stipulation, and in consideration for the agreed-reduction of Claim No. 286 described above, the Debtors shall be deemed to have waived the Possible Preference Claims against Dell.

4.  The provisions of this Stipulation are mutually interdependent, indivisible, and non-severable.

5.  Notwithstanding anything to the contrary, the effectiveness of this Stipulation shall be subject to and contingent upon approval by the Court.

6.  Each signatory to this Stipulation expressly warrants and represents that he or she has full authority to bind the party on whose behalf said signatory is executing this Stipulation.

This Stipulation will be binding upon and inure to the benefit of the successors and assigns of the parties to the Stipulation.

7. This Stipulation may be executed in several counterparts and/or by facsimile or pdf signature, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument.

8. The parties to this Stipulation shall execute and deliver any and all additional documents and do any and all things reasonably necessary to carry out the intent of the parties pursuant to this Stipulation.

Dated: October 30, 2006

| WINN-DIXIE STORES, INC., ET AL. | DELL MARKETING, L.P. |
|---|---|
| By *s/ David M. Turetsky* <br> David M. Turetsky, Esq. | By *s/ Sabrina L. Streusand* [*] <br> Sabrina L. Streusand |
| Skadden, Arps, Slate, Meagher & Flom LLP <br> Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> dturetsk@skadden.com | Hughes & Luce, LLP <br> 111 Congress Avenue, Suite 900 <br> Austin, TX  78701 <br> (512) 482-6842 <br> (512) 482-6859 (facsimile) <br> sabrina.streusand@hughesluce.com |
| Co-Counsel to Winn-Dixie Stores, Inc. and its subsidiaries and affiliates | Counsel to Dell Marketing, L.P. |

* Counsel has authorized the use of her electronic signature.

- 4 -

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Debtors. ) | Jointly Administered |

**ORDER GRANTING DEBTORS' MOTION TO APPROVE STIPULATION BETWEEN DEBTORS AND DELL MARKETING, L.P.**

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its debtor affiliates (collectively, the "Debtors") for an order approving the Debtors' stipulation (the "Stipulation") with Dell Marketing, L.P. ("Dell") relating to (a) the Debtors' Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims filed at Docket No. 9746 (the "Sixteenth Objection") as it pertains to Dell's Claim No. 286 ("Claim No. 286"), (b) Dell's response to the Sixteenth Objection filed at Docket No. 10398 (the "Dell Response"), and (c) potential preference claims under Section 547 of the Bankruptcy Code, subject to any defenses by Dell, relating to $39,238.98 in payments made to Dell between February 10, 2005 and February 21, 2005 (the "Possible Preference Claims") (the "Motion").[1]  The Court finds that (i) the Motion was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 20 days of the date of service, and (ii) no party filed an objection.  The Court therefore considers the entry of this order unopposed.  Accordingly, it is

ORDERED AND ADJUDGED:

1. The Motion is granted.

2. The Stipulation between the Debtors and Dell attached to the Motion is approved.

3. The Sixteenth Objection as it relates to Claim No. 286 and the Dell Response are resolved as provided in this Order and in the Stipulation.

4. Claim No. 286 is allowed as a prepetition non-priority unsecured claim in the reduced amount of $137,395.71, and the balance of Claim No. 286 is disallowed.

5. The Debtors are deemed to have waived and released the Possible Preference Claims.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this ____ day of _____, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Stipulation.