F I L E D
JACKSONVILLE, FLORIDA

OCT 3 0 2006

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 05-3817-3F1 |
| | § | |
| WINN-DIXIE STORES, INC., et al | § | Chapter 11 |
| | § | |
| Debtors | § | Jointly Administered |

**Response of The Trust Under the Will of Edna Hill Meeker
for the Lifetime Benefit of L. H. Meeker
to the Debtors' Twenty-Fourth Omnibus Objection to
(A) No Liability Claims, (B) No Liability Misclassified Claims,
(C) Overstated Claims, (D) Overstated Misclassified Claims,
(E) Misclassified Claims, (F) Duplicate Liability Claims
and (G) Amended and Superseded Claims**

COMES NOW The Trust Under the Will of Edna Hill Meeker for the Lifetime Benefit of L. H. Meeker ("Meeker"), by and through counsel, and files this response to the Debtors' Twenty-Fourth Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims, (F) Duplicate Liability Claims and (G) Amended and Superseded Claims (the Twenty-Fourth Objection) (Docket No. 11946) and shows the Court as follows:

1. On or about October 15, 1978, Winn-Dixie Texas, Inc., (predecessor in interest to Debtor, Winn-Dixie Montgomery, Inc.), entered into a lease agreement with Meeker (successor in interest to L. H. Meeker, individually and in his representative capacity and

the First National Bank of Fort Worth in its representative capacity) entered in that certain Lease between those parties, as amended by instrument dated March 7, 1991 (the "Lease Agreement").

2. As part of the same transaction, on or about April 4, 1991, Debtor Winn-Dixie Stores, Inc., executed a Guaranty Agreement by the terms of which Debtor Winn-Dixie Stores, Inc., guaranteed the full compliance by the lessee of all obligations of Lessee contained in the Lease Agreement.

3. True and correct copies of the Lease, Amendments and Guaranty are attached to Meeker's claim filed herein.

4. The lease has expired and while the demised premises have been delivered to Meeker, it was not in good order and condition as required by the Lease Agreement. The failure of Debtor to comply with its lease obligations resulted in damages to Meeker in the approximate amount of $1,147,818, plus attorney's fees.

5. On or about December 4, 2003, Meeker filed suit in the 17th Judicial District Court, Tarrant County, Texas against Debtors Winn-Dixie Montgomery, Inc., and Winn-Dixie Stores, Inc.

6. On February 21, 2005, the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 191, *et seq.*, in the United States Bankruptcy Court for the Southern District of New York. On April 14, 2005, the Debtors'

cases were transferred to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division.

7. Meeker, by and through counsel, filed Proof of Claim No. 6763 asserting its rights under the Lease Agreement against Winn-Dixie Montgomery, Inc, in the amount of $1,587,234. Meeker also filed Proof of Claim No. 6762 asserting its rights against Winn-Dixie Stores, Inc., under the Guaranty.

8. By Order dated October 5, 2006, the duplicate different debtor Claim No. 676 was disallowed.

9. The Debtors' Twenty-Fourth Objection purports to disallow the claim allegedly as "no liability per Debtor's Books and Records."

10. Debtors records undoubtedly do reflect the fact that they were defending the underlying litigation prior to bankruptcy being filed.

11. Both Debtors, Winn-Dixie Montgomery, Inc., and Winn-Dixie Store, Inc., listed the underlying litigation on their Statement of Financial Affairs.

12. In recognition of Meeker's claim, Debtor has recently made settlement offers to Meeker.

WHEREFORE, Meeker files this Response to Debtors' Twenty-Fourth Objection and objects to the same. Meeker respectfully requests that the Court deny the Debtor's Twenth-fourth Omnibus Objection insofar as it relates to the claim of the Trust Under the Will of

Edna Hill Meeker for the Lifetime Benefit of L. H. Meeker, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 27 day of October, 2006.

                              Respectfully submitted,

                              _____
                              Donald H. Ray  Texas Bar #16598000
                              RAY & WILSON
                              6300 Ridglea Place, Suite 1008
                              Fort Worth, TX 76116
                              Telephone:    817.377.0500
                              Fax:             817.377.1232
                              E-mail: draylaw@swbell.net

                              Attorneys for The Trust Under the Will of Edna Hill Meeker for the Lifetime Benefit of L. H. Meeker

## Certificate of Service

This is to certify that on the 27 day of October, 2006, I caused to be served a true and correct copy of the Responses of The Trust Under the Will of Edna Hill Meeker for the Lifetime Benefit of L. H. Meeker to Debtors' Twenty-Fourth Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims, (F) Duplicate Liability Claims and (G) Amended and Superseded Claims to be served upon counsel for the Debtors by U. S. Mail, postage prepaid, and electronic mail addressed as follows:

D. J. Baker
djbaker@skadden.com
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square,
New York, New York 10036

_____
Donald H. Ray

## Certificate of Service

This is to certify that on the 27th day of October, 2006, I caused to be served a true and correct copy of the Responses of The Trust Under the Will of Edna Hill Meeker for the Lifetime Benefit of L. H. Meeker to Debtors' Twenty-Fourth Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims, (F) Duplicate Liability Claims and (G) Amended and Superseded Claims to be served upon counsel for the Debtors by U. S. Mail, postage prepaid, and electronic mail addressed as follows:

D. J. Baker
djbaker@skadden.com
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036

_____
Donald H. Ray

# RAY & WILSON

ATTORNEYS & COUNSELORS

DONALD H. RAY, P.C.
DRAYLAW@SWBELL.NET

A. BRUCE WILSON
WILSONAB@SWBELL.NET

6300 RIDGLEA PLACE, SUITE 1008
FORT WORTH TX 76116-5704

TELEPHONE: 817/377-0500
FACSIMILE: 817/377-1232

October 27, 2006

Clerk, U.S. Bankruptcy Court
Middle District of Florida
United States Courthouse
300 North Hogan Street, Suite 3-350
Jacksonville, Florida 32202

Re: Case No. 05-03817-3F1; In re WINN-DIXIE STORES, INC., et al

Dear Clerk:

Enclosed for filing is the **Response of the Trustee Under the Will of Edna Hill Meeker for the Lifetime Benefit of L. H. Meeker to the Debtors' Twenty-Fourth Omnibus Ojbection to (A) No Liability Claims. . . .** Please return a file-marked copy to us in the enclosed self-addressed, stamped envelope.

Yours very truly,

Donald H. Ray

DHR:heb
Enclosure

cc: D. J. Baker
    Skadden, Arps, Slate, Meagher & Flom LLP
    Four Times Square,
    New York, New York 10036
    via e-mail and U.S. Mail