Hearing Date: **November 30, 2006 at 1:00 p.m.**
Obj. Deadline: **November 20, 2006 at 4:00 p.m.**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
|  | ) |  |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
|  | ) |  |
| Debtors.[1] | ) | Jointly Administered |
|  | ) |  |

### DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO
### (A) DUPLICATE LIABILITY CLAIMS, (B) AMENDED AND SUPERSEDED
### CLAIMS, (C) NO LIABILITY CLAIMS, (D) NO LIABILITY MISCLASSIFIED
### CLAIMS, (E) OVERSTATED CLAIMS, (F) OVERSTATED MISCLASSIFIED
### CLAIMS, (G) UNLIQUIDATED CLAIMS, (H) MISCLASSIFIED UNLIQUIDATED
### CLAIM, (I) EXECUTORY CONTRACT CLAIMS AND (J) LATE CLAIMS

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries, debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), object under 11 U.S.C.

§§ 502, 506 and 507 and Fed. R. Bankr. P. 3007 and 9014 (the "Objection") to the claims listed

on the attached Exhibits A through J (the "Disputed Claims") and, for the reasons set forth

below, seek entry of an order (the "Proposed Order") disallowing, reducing, fixing or

reclassifying the Disputed Claims.[2]  In support of this Objection, the Debtors respectfully

represent as follows:

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]    By order dated September 1, 2005, this Court approved notice and service procedures regarding omnibus claim objections (the "Claim Objection Procedures Order").  This Objection is filed pursuant to the Claim Objection Procedures Order.

# BACKGROUND

A.    The Chapter 11 Filings

1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2.    The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.    The Debtors have filed the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Chapter 11 Plan"), which is currently pending before the Court following a confirmation hearing held on October 13, 2006. If the Chapter 11 Plan is confirmed by order of the Court, the Chapter 11 Plan will become effective on the date on which the conditions precedent to its effectiveness are satisfied or waived.

5.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

6.    The statutory predicates for the relief requested are sections 502, 506 and 507 of the Bankruptcy Code and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.    Proofs of Claim

7.    By Order dated April 28, 2005 (the "Claims Bar Date Order"), this Court set August 1, 2005 as the last date for all parties who have or assert (or believe they may have or assert) prepetition claims against one or more of the Debtors to file and serve a written proof of claim with respect to any such claim.  The bar date applicable to governmental units was August 22, 2005.  To date, over 13,600 proofs of claim (the "Proofs of Claim") have been filed against the Debtors in these cases.  Notice of the Claims Bar Date Order and the applicable bar date was provided by mail and publication in accordance with the procedures outlined in the Claims Bar Date Order.

8.    In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.  The Debtors and their advisors are conducting a review of the Proofs of Claim filed in these cases (including supporting documentation) and a comparison of the claims asserted in the Proofs of Claim with the Books and Records to determine the validity of the asserted claims.  In the process, the Debtors have identified a number of Proofs of Claim that are objectionable, as more particularly described below.

## RELIEF REQUESTED

9.    By this Objection, the Debtors object to the Disputed Claims and, for the reasons described below, seek entry of the Proposed Order, pursuant to sections 502, 506 and 507 of the Bankruptcy Code and Bankruptcy Rules 3007 and 9014, disallowing, fixing, reducing or reclassifying the Disputed Claims.

## BASIS FOR RELIEF

A.   Duplicate Liability Claims

10.   As a result of their review, the Debtors have identified 12 proofs of claim (the "Duplicate Liability Claims") that appear to duplicate all or part of the liability set forth in another claim filed against the Debtors.  A list of the Duplicate Liability Claims is attached as Exhibit A.  Adjacent to the identified Duplicate Liability Claim on Exhibit A, the Debtors have identified the related claim that will remain if the Court grants this Objection (the "Remaining Claim").

11.   Because each of the Duplicate Liability Claims appears to duplicate all or part of a related Remaining Claim, each such Duplicate Liability Claim should be disallowed.[3] Entry of an order disallowing the Duplicate Liability Claims will not prejudice the Claimants' rights under the Remaining Claims.  The Remaining Claims will remain on the claims registry after the Duplicate Liability Claims are disallowed.

12.   Accordingly, the Debtors (a) object to the Duplicate Liability Claims listed on Exhibit A as duplicating the liability of the claims listed in the remaining claim column and (b) seek entry of the Proposed Order disallowing the Duplicate Liability Claims.  Claimants may elect, by not timely responding to this Objection, to permit their Duplicate Liability Claims listed on Exhibit A to be disallowed.  In the absence of a Response (as defined in paragraph 45 below), the Debtors will present to the Court the Proposed Order disallowing the Duplicate Liability Claims, subject to the confirmation and effectiveness of the Plan, where applicable.

---

[3]   The Remaining Claims may be subject to further objections.  The Debtors reserve their rights to object to such claims upon notice to the claimants.

B.   Amended and Superseded Claims

13.   As a result of their review, the Debtors have identified 16 proofs of claim (the "Amended Claims") that appear to have been amended and superseded by later filed claims. A list of the Amended Claims is attached as Exhibit B. Adjacent to the identified Amended Claim on Exhibit B, the Debtors have identified the related later filed claim that will remain if the Court grants this Objection (the "Remaining Claim").

14.   Some of the Remaining Claims assert liability in a different amount against the same Debtor, while other Remaining Claims assert a different classification of their claim or attach additional documentation. The Debtors believe that the claimants holding Amended Claims will not be prejudiced by having their Amended Claims disallowed because their Remaining Claim will remain on the claims registry after the Amended Claim is disallowed.[4]

15.   Accordingly, the Debtors (a) object to the Amended Claims listed on Exhibit B and (b) seek entry of the Proposed Order disallowing the Amended Claims. Claimants may elect, by not timely responding to this Objection, to permit their Amended Claims listed on Exhibit B to be disallowed. In the absence of a Response (as defined in paragraph 45 below), the Debtors will present to the Court the Proposed Order disallowing the Amended Claims.

C.   No Liability Claims

16.   As a result of their review, the Debtors have identified 59 Disputed Claims, including 14 scheduled claims, with respect to which the Books and Records reflect no amount due (the "No Liability Claims"). The No Liability Claims, with reasons for disallowance, are listed on Exhibit C. The No Liability Claims fall into several categories: (a) Proofs of Claim for amounts that are not reflected as liabilities on the Books and Records; (b) Proofs of Claim for

---

[4]   The Remaining Claims may be subject to further objections. The Debtors reserve their rights to object to such claims upon notice to the claimants.

which the legal bases are contested by the Debtors; and (c) Proofs of Claim that relate to executory contracts and unexpired leases that the Debtors have been authorized to assume and as to which there is no cure amount due, as provided by prior orders of the Court authorizing the assumptions.

17.    The Debtors (a) object to the No Liability Claims listed on Exhibit C and (b) seek entry of the Proposed Order disallowing the No Liability Claims.  Claimants may elect, by not timely responding to this Objection, to permit the No Liability Claims listed on Exhibit C to be disallowed.  In the absence of a Response (as defined in paragraph 45 below), the Debtors will present to the Court the Proposed Order disallowing the No Liability Claims.

D.    No Liability Misclassified Claims

18.    As a result of their review, the Debtors have identified 12 Disputed Claims with respect to which the Books and Records reflect no amount due and that also appear to incorrectly assert secured or priority status (the "No Liability Misclassified Claims").  The No Liability Misclassified Claims, with reasons for disallowance, are listed on Exhibit D.

19.    To the extent that the No Liability Misclassified Claims are not disallowed in their entirety, the Debtors also object to the No Liability Misclassified Claims on the basis of their assertion of secured or priority status.  The No Liability Misclassified Claims have not asserted any basis for entitlement to secured or priority status under the Bankruptcy Code. Therefore, to the extent they are not disallowed in their entirety, the No Liability Misclassified Claims should be reclassified as unsecured non-priority claims.

20.    The Debtors (a) object to the No Liability Misclassified Claims listed on Exhibit D and (b) seek entry of the Proposed Order disallowing the No Liability Misclassified Claims.  To the extent the No Liability Misclassified Claims are not disallowed in their entirety, the Debtors will seek entry of an order reclassifying the No Liability Misclassified Claims as

unsecured non-priority claims. Claimants may elect, by not timely responding to this Objection, to permit the No Liability Misclassified Claims listed on Exhibit D to be disallowed. In the absence of a Response (as defined in paragraph 45 below), the Debtors will present to the Court the Proposed Order disallowing the No Liability Misclassified Claims.

E.    Overstated Claims

21.    As a result of their review, the Debtors have identified 15 Disputed Claims that were filed in amounts that are greater than the liabilities owed to such claimants as reflected in the Books and Records (the "Overstated Claims"). The Overstated Claims, with the specific reasons for reduction, are listed on Exhibit E.

22.    These claims fall into several categories: (a) Proofs of Claim that do not reflect accounts payable credits due to the Debtors; (b) Proofs of Claim that do not reflect accounts receivable balances due to the Debtors; (c) Proofs of Claim that include amounts that are not reflected as liabilities on the Books and Records; (d) Proofs of Claim that include amounts for which the legal bases are contested by the Debtors; (e) Proofs of Claim that do not include sufficient documentation to reconcile the amounts sought and/or (f) Proofs of Claim that have been reduced by agreement of the claimant.

23.    In addition, the Debtors identified certain Overstated Claims that were based on the same invoices as reclamation demands submitted by the Debtors' suppliers and vendors. As a result, such Overstated Claims partially duplicate the reclamation demands. The Debtors and the reclamation vendors listed on Exhibit E have previously agreed to their respective allowed reclamation claims pursuant to the reclamation trade lien program, which was approved by this Court's Order Approving Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program, dated August 5, 2005. The Debtors seek to

7

reduce the Overstated Claims by those agreed amounts, for which payments are in process or have been completed, in addition to any other reductions as set forth on Exhibit E.

24.    The Debtors (a) object to the Overstated Claims listed on Exhibit E and (b) seek entry of the Proposed Order reducing the Overstated Claims. Claimants may elect, by not timely responding to this Objection, to permit the Overstated Claims listed on Exhibit E to be reduced. In the absence of a Response (as defined in paragraph 45 below), the Debtors will present to the Court the Proposed Order reducing the Overstated Claims.

F.    Overstated Misclassified Claims

25.    As a result of their review, the Debtors have identified 10 Disputed Claims that were filed in amounts that are greater than the liabilities owed to such claimants as reflected in the Books and Records and that also appear to be misclassified in whole or part (the "Overstated Misclassified Claims"). The Overstated Misclassified Claims, with specific reasons for reduction, are listed on Exhibit F.

26.    As indicated on Exhibit F, several of the Overstated Misclassified Claims relate to executory contracts and unexpired leases that the Debtors have been authorized to assume by prior order of the Court, subject to the confirmation and effectiveness of the Plan and payment of the applicable cure amount as an administrative claim under the Plan. Accordingly, to the extent such Overstated Misclassified Claims were filed as secured or unsecured non-priority claims, subject to the confirmation and effectiveness of the Plan, they should be reclassified to administrative claims, and reduced to the cure amounts previously approved by this Court, as specified on Exhibit F, with the remainder of such Overstated Misclassified Claims to be disallowed.

27.    None of the remaining Overstated Misclassified Claims listed on Exhibit F are entitled to secured status under section 506(a) of the Bankruptcy Code because they are not

8

(a) secured by liens on any property in which the Debtors have an interest or (b) subject to setoff under section 553 of the Bankruptcy Code. None of the remaining Overstated Misclassified Claims that assert priority status are entitled to priority status under any subsection of section 507(a) of the Bankruptcy Code. Therefore, the remaining Overstated Misclassified Claims should be reclassified as unsecured non-priority claims, as specified on Exhibit F.

28.   The Debtors (a) object to the Overstated Misclassified Claims listed on Exhibit F and (b) seek entry of the Proposed Order reducing and reclassifying such Overstated Misclassified Claims as specified on Exhibit F. For the Overstated Misclassified Claims that are related to executory contracts and unexpired leases that the Debtors have been authorized to assume, such treatment is contingent upon the confirmation and effectiveness of the Plan. Claimants may elect, by not timely responding to this Objection, to permit their Overstated Misclassified Claims to be reduced and reclassified as specified on Exhibit F. In the absence of a Response (as defined in paragraph 45 below), the Debtors will present to the Court the Proposed Order reducing and reclassifying the Overstated Misclassified Claims.

G.   Unliquidated Claims

29.   As a result of their review, the Debtors have identified 4 Disputed Claims that were filed with estimated or unliquidated amounts (the "Unliquidated Claims"). The Unliquidated Claims are listed on Exhibit G.

30.   The Debtors seek to fix the Unliquidated Claims in the amount owed per their Books and Records. Therefore, the Debtors object to the Unliquidated Claims listed on Exhibit G and seek entry of the Proposed Order fixing such Unliquidated Claims in the amounts set forth on Exhibit G under the heading Fixed Claim Amount. Claimants may elect, by not timely responding to this Objection, to permit their Unliquidated Claims listed on Exhibit G to be fixed in the amounts listed on Exhibit G. In the absence of a Response (as defined in paragraph

45 below), the Debtors will present to the Court the Proposed Order fixing the Unliquidated

Claims in the amounts listed on Exhibit G.

H.      Unliquidated Misclassified Claim

      31.    As a result of their review, the Debtors have identified 1 Disputed Claim

that was filed as an unliquidated claim and that also appears to incorrectly assert priority status

(the "Unliquidated Misclassified Claim"). The Unliquidated Misclassified Claim is listed on

Exhibit H.

      32.    The Debtors seek to fix the Unliquidated Misclassified Claim in the amount

owed per their Books and Records. The Unliquidated Misclassified Claim is not entitled to

priority status under any subsection of section 507(a) of the Bankruptcy Code. Therefore, the

Unliquidated Misclassified Claim should be reclassified as an unsecured non-priority claim as

specified on Exhibit F.

      33.    The Debtors object to the Unliquidated Misclassified Claim listed on

Exhibit H and seek entry of the Proposed Order fixing and reclassifying the Unliquidated

Misclassified Claim as set forth on Exhibit H. The claimant may elect, by not timely responding

to this Objection, to permit its Unliquidated Misclassified Claim to be fixed and reclassified as

specified on Exhibit H. In the absence of a Response (as defined in paragraph 45 below), the

Debtors will present to the Court the Proposed Order fixing and reclassifying the Unliquidated

Misclassified Claim as specified on Exhibit H.

I.    Executory Contract Claims[5]

34.    As a result of their review, the Debtors have identified 46 Disputed Claims arising under or in connection with executory contracts and unexpired leases that the Debtors have been authorized to assume by prior order of the Court, subject to the confirmation and effectiveness of the Plan and payment of the applicable cure amount as an administrative claim under the Plan (the "Executory Contract Claims"). A list of the Executory Contract Claims is attached as Exhibit I.

35.    The Executory Contract Claims were filed in (or were previously reduced to) the same amounts as the cure amounts approved by prior order of the Court. Because the Executory Contract Claims were filed as unsecured non-priority claims, subject to the confirmation and effectiveness of the Plan, they should be reclassified to administrative claims, as specified on Exhibit I, to reflect the treatment of the cure amounts under the Plan.

36.    The Debtors (a) object to the Executory Contract Claims listed on Exhibit I and (b) seek entry of the Proposed Order reclassifying such Executory Contract Claims as administrative claims, subject to the confirmation and effectiveness of the Plan. Claimants may elect, by not timely responding to this Objection, to permit their Executory Contract Claims listed on Exhibit I to be reclassified as specified on Exhibit I. In the absence of a Response (as defined in paragraph 45 below), the Debtors will present to the Court the Proposed Order reclassifying the Executory Contract Claims.

---

[5]    In addition to the Executory Contract Claims identified on Exhibit I, the Debtors have objected to other proofs of claim arising under or in connection with executory contracts and unexpired leases that the Debtors have been authorized to assume that appear on Exhibit C (No Liability Claims) and Exhibit F (Overstated Misclassified Claims). For such claims that appear on Exhibit C, the Debtors seek to disallow the claims because there is no cure amount due. For such claims that appear on Exhibit F, the Debtors seek to reduce the claim to the cure amount due and reclassify the claims as administrative claims, subject to the confirmation and effectiveness of the Plan.

J.    Late Claims

37.    As a result of their review, the Debtors have identified 8 Disputed Claims that were filed after the August 1, 2005 bar date (or the August 22, 2005 bar date applicable to governmental entities) by parties with either previously filed timely claims or claims that were scheduled by the Debtors. A list of the Late Claims is attached as Exhibit J. Adjacent to the identified Late Claim on Exhibit J, the Debtors have identified the related scheduled or filed claim that will remain if the Court grants this Objection (the "Remaining Claim").[6]

38.    As described in further detail in paragraph 7 above, all parties other than governmental units and subsequently identified parties who received notice of a special bar date were required to file a proof of claim by the August 1, 2005 bar date. The bar date applicable to governmental units was August 22, 2005. Notice of the August 1, 2005 bar date was timely provided by first class United States Mail, postage prepaid, to each of the entities listed on Exhibit J at the addresses contained in the Debtors' books and records. Notice of the August 1, 2005 bar date was also published in several newspapers on or about May 27, 2005.

39.    The Claims Bar Date Order provided that any holder of a Claim against the Debtors who is required, but fails to file a proof of claim for such claim in accordance with the Claims Bar Date Order on or before the August 1, 2005 bar date is forever barred from asserting such claim against the Debtors. Section 502(b)(9) of the Bankruptcy Code provides that a claim asserted in a proof of claim shall be allowed, except to the extent "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9).

---

[6]    The Remaining Claims may be subject to further objections. The Debtors reserve their rights to object to such claims upon notice to the claimants.

40.   The Late Claims were filed between six and twelve months after the August 1, 2005 bar date.  The Late Claims are not enforceable against the Debtors because they were filed after the applicable bar dates and do not allege an excusable reason for delay.

41.   The Debtors (a) object to the Late Claims listed on Exhibit J and (b) seek entry of the Proposed Order disallowing the Late Claims.  Claimants may elect, by not timely responding to this Objection, to permit their Late Claims listed on Exhibit J to be disallowed.  In the absence of a Response (as defined in paragraph 45 below), the Debtors will present to the Court the Proposed Order disallowing the Late Claims.

## SEPARATE CONTESTED MATTERS

42.   Each of the Disputed Claims and the Debtors' objections asserted above constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Debtors request that any order entered by the Court with respect to an objection asserted in this Objection shall be deemed a separate order with respect to each Disputed Claim.

## RESERVATION OF RIGHTS

43.   The Debtors expressly reserve the right to amend, modify, or supplement these objections and to file additional objections to the Disputed Claims or any other claims (filed or not) which may be asserted against the Debtors.  In particular, the Disputed Claims may be subject to further objection on the ground that they were filed against the incorrect Debtor.  Subject to confirmation of the Plan and the resolution of substantive consolidation issues by its terms, the Debtors reserve the right to seek to modify the Debtor against which each of the Disputed Claims has been filed to reflect that each Disputed Claim is filed against the Debtor believed to be liable for the amounts asserted in the Disputed Claims.

44.   The Debtors reserve their rights with respect to potential preference and avoidance actions under chapter 5 of the Bankruptcy Code (the "Avoidance Actions") against

any Claimant, and this Objection does not constitute a waiver of the Debtors' right to pursue such

Avoidance Actions.

## RESPONSES TO THE OBJECTION

A.    Filing and Service of Responses

45.    Pursuant to the Claim Objection Procedures Order, to contest an Objection

a claimant must file a written response to the Objection (a "Response") with the United States

Bankruptcy Court for the Middle District of Florida (the "Court"), via the Court's electronic

filing procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy

to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350,

Jacksonville, Florida 32202 no later than **November 20, 2006, at 4:00 p.m. (Eastern time)** (the

"Response Deadline").  In addition, a copy of the Response must be served on the following

party on or before the Response Deadline:

> Counsel for the Debtors:
>
> D. J. Baker Esq.
> Skadden, Arps, Slate, Meagher
> & Flom LLP
> Four Times Square
> New York, New York 10036
> (212) 735-2000 (facsimile)
> djbaker@skadden.com

B.    Timely Response Required; Hearing; Replies

46.    If a Response is properly and timely filed and served in accordance with the

above procedures, the Debtors will endeavor to reach a consensual resolution with the claimant.

If no consensual resolution is reached, a hearing has been noticed for **November 30, 2006, at**

**1:00 p.m. (Eastern Time)**, or such other date and time as parties filing responses may be

notified.  Only those Responses made in writing and timely filed and received will be considered

by the Court at any such hearing. The Debtors reserve the right to seek to adjourn a hearing with respect to a specific objection and any Response to such objection.

47.     If a claimant whose claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors will present to the Court an appropriate order disallowing, reducing, fixing or reclassifying the claim, without further notice to the claimant.

## NOTICE

48.     Copies of this Objection will be served upon the claimants identified on Exhibits A through J, the United States Trustee, counsel for the Debtors' postpetition secured lender, counsel for the Creditors Committee, and, in an abundance of caution, upon the other parties in interest named on the Official Service List maintained in these cases. The Debtors submit that no other or further notice need be given.

WHEREFORE the Debtors respectfully request that the Court (i) grant the relief requested by this Objection, (ii) enter the Proposed Order attached as Exhibit K (a) disallowing the Duplicate Liability Claims, subject to confirmation and effectiveness of the Plan, where applicable, (b) disallowing the Amended Claims, (c) disallowing the No Liability Claims, (d) disallowing the No Liability Misclassified Claims, (e) reducing the Overstated Claims, (f) reducing and reclassifying the Overstated Misclassified Claims, subject to the confirmation and effectiveness of the Plan, where applicable, (g) fixing the Unliquidated Claims, (h) fixing and reclassifying the Misclassified Unliquidated Claim, (i) reclassifying the Executory Contract

Claims, subject to the confirmation and effectiveness of the Plan and (j) disallowing the Late

Claims, and (iii) grant such other and further relief as is just and proper.

Dated: October 31, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By ___*s/ D. J. Baker*___
      D. J. Baker
      Sally McDonald Henry
      Rosalie Walker Gray
      Jane M. Leamy
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Attorneys for Debtors

SMITH HULSEY & BUSEY

By ___*s/ James H. Post*___
      Stephen D. Busey
      James H. Post
      Cynthia C. Jackson,
      Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Co-Attorneys for Debtors

## Declaration

I, David M. Young, Division Support Manager, Winn-Dixie Stores, Inc., declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts stated in the foregoing Debtors' Twenty-Fifth Omnibus Objection to (A) Duplicate Liability Claims, (B) Amended And Superseded Claims, (C) No Liability Claims, (D) No Liability Misclassified Claims, (E) Overstated Claims, (F) Overstated Misclassified Claims, (G) Unliquidated Claims, (H) Misclassified Unliquidated Claim, (I) Executory Contract Claims and (J) Late Claims are true and correct to the best of my knowledge, information and belief.

David M. Young
Division Support Manager
Winn-Dixie Stores, Inc.

17

**EXHIBIT A**

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT A - DUPLICATE CLAIMS TO BE DISALLOWED

Page: 1 of 2
Date: 10/31/2006

| Name of Claimant | Remaining Claim No. | Duplicate Claim to be Disallowed | Amount of Claim to be Disallowed | Reason for Disallowance |
|---|---|---|---|---|
| **Creditor Id: 406025**<br>GREENWOOD COMMONS ASSOCIATES<br>C/O SMITH DEBNAM NARRON ET AL<br>ATTN BYRON L SAINTSING, ESQ<br>PO BOX 26268<br>RALEIGH NC 27611-6268 | 12944<br>Debtor: | 13615<br>WINN-DIXIE STORES, INC. | $330,257.06 | DUPLICATES CLAIM FILED AGAINST DIFFERENT DEBTOR LISTED IN REMAINING CLAIM COLUMN. DISALLOWANCE IS CONTINGENT UPON CONFIRMATION AND EFFECTIVENESS OF DEBTORS' PLAN. |
| Counsel: ATTN CHRISTINE L MYATT, ESQ | | | | |
| **Creditor Id: 534923**<br>JEFFERSON-PILOT INVESTMENTS, INC<br>ATTN DIANA R PALECEK<br>PO BOX 21008<br>GREENSBORO NC 27420 | 13583<br>Debtor: | 13584<br>WINN-DIXIE STORES, INC. | $456,149.53 | DUPLICATES CLAIM FILED AGAINST DIFFERENT DEBTOR LISTED IN REMAINING CLAIM COLUMN. DISALLOWANCE IS CONTINGENT UPON CONFIRMATION AND EFFECTIVENESS OF DEBTORS' PLAN. |
| Counsel: ATTN EARL M BARKER JR, ESQ | | | | |
| Transferee: IB PROPERTY HOLDINGS LLC | | | | |
| **Creditor Id: 257138**<br>NEW IBERIA INVESTORS LLC<br>PO BOX 4767<br>COLUMBUS, GA 31904 | 12102<br>Debtor: | 12103<br>WINN-DIXIE STORES, INC. | $473,748.82 | DUPLICATES CLAIM FILED AGAINST DIFFERENT DEBTOR LISTED IN REMAINING CLAIM COLUMN. DISALLOWANCE IS CONTINGENT UPON CONFIRMATION AND EFFECTIVENESS OF DEBTORS' PLAN. SEE ALSO OBJECTION TO CLAIM NUMBER 12102 ON EXHIBIT D. |
| Counsel: ATTN SEANN GRAY TZOUVELEKAS, ESQ | | | | |
| **Creditor Id: 411127**<br>OAKDALE INVESTORS, LP<br>700 MAIN STREET<br>DUNCAN SC 29334 | 13500<br>Debtor: | 13501<br>WINN-DIXIE STORES, INC. | $484,843.11 | DUPLICATES CLAIM FILED AGAINST DIFFERENT DEBTOR LISTED IN REMAINING CLAIM COLUMN. DISALLOWANCE IS CONTINGENT UPON CONFIRMATION AND EFFECTIVENESS OF DEBTORS' PLAN. SEE ALSO OBJECTION TO CLAIM NUMBER 13500 ON EXHIBIT C. |
| Counsel: ATTN EARL M BARKER JR, ESQ | | | | |
| **Creditor Id: 257929**<br>PALISADES INVESTORS LLC<br>PO BOX 4767<br>COLUMBUS, GA 31914 | 12101<br>Debtor: | 12100<br>WINN-DIXIE STORES, INC. | $415,131.27 | DUPLICATES CLAIM FILED AGAINST DIFFERENT DEBTOR LISTED IN REMAINING CLAIM COLUMN. DISALLOWANCE IS CONTINGENT UPON CONFIRMATION AND EFFECTIVENESS OF DEBTORS' PLAN. SEE ALSO OBJECTION TO CLAIM NUMBER 12101 ON EXHIBIT D. |
| **Creditor Id: 406026**<br>SUNSTATE EQUITIES, INC<br>C/O SMITH DEBNAM NARRON ET AL<br>ATTN BYRON L SAINTSING, ESQ<br>PO BOX 26268<br>RALEIGH NC 27611-6268 | 12943<br>Debtor: | 13616<br>WINN-DIXIE STORES, INC. | $313,214.30 | DUPLICATES CLAIM FILED AGAINST DIFFERENT DEBTOR LISTED IN REMAINING CLAIM COLUMN. DISALLOWANCE IS CONTINGENT UPON CONFIRMATION AND EFFECTIVENESS OF DEBTORS' PLAN. |

**WINN-DIXIE STORES, INC., ET AL.**
**TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION**
**EXHIBIT A - DUPLICATE CLAIMS TO BE DISALLOWED**

| Name of Claimant | Remaining Claim No. | Duplicate Claim to be Disallowed | Amount of Claim to be Disallowed | Reason for Disallowance |
|---|---|---|---|---|
| **Creditor Id: 420420**<br>TIBBETTS, KENNETH & IRENE JT TEN<br>129 LINDA DRIVE<br>NEWPORT NEWS VA 23608-2220 | 5547<br>Debtor: | 13053<br>WINN-DIXIE STORES, INC. | $0.00 | DUPLICATES LIABILITY OF MSP CLAIM LISTED IN REMAINING CLAIM COLUMN. |
| **Creditor Id: 422672**<br>TUCKER, TONY A<br>102 HONEY HORN DR<br>SIMPSONVILLE SC 29681-5812 | 6585<br>Debtor: | 13089<br>WINN-DIXIE STORES, INC. | $0.00 | DUPLICATES LIABILITY OF MSP CLAIM LISTED IN REMAINING CLAIM COLUMN. |
| **Creditor Id: 264144**<br>VICTORY MAXWELL, LLC<br>506 45TH STREET SUITE B-5<br>COLUMBUS, GA 31904<br><br>Counsel: ATTN EARL M BARKER JR, ESQ | 8701<br>Debtor: | 8700<br>WINN-DIXIE STORES, INC. | $19,917.45 | DUPLICATES CLAIM FILED AGAINST DIFFERENT DEBTOR LISTED IN REMAINING CLAIM COLUMN. DISALLOWANCE IS CONTINGENT UPON CONFIRMATION AND EFFECTIVENESS OF DEBTORS' PLAN. |
| **Creditor Id: 264149**<br>VICTORY SUTTON SQUARE, LLC<br>PO BOX 4767<br>COLUMBUS, GA 31914<br><br>Counsel: ATTN EARL M BARKER JR, ESQ | 8688<br>Debtor: | 8687<br>WINN-DIXIE STORES, INC. | $9,395.94 | DUPLICATES CLAIM FILED AGAINST DIFFERENT DEBTOR LISTED IN REMAINING CLAIM COLUMN. DISALLOWANCE IS CONTINGENT UPON CONFIRMATION AND EFFECTIVENESS OF DEBTORS' PLAN. SEE ALSO OBJECTION TO CLAIM NUMBER 8688 ON EXHIBIT G. |
| **Creditor Id: 264940**<br>WINDWARD PARTNERS IV LP<br>C/O COLDWELL BANKER CAINE REAL ESTA<br>ATTN HENRY HOROWITZ, PRES<br>111 WILLIAMS STREET<br>PO BOX 2287<br>GREENVILLE, SC 29602<br><br>Counsel: ATTN ANDREW J WHITE JR, ESQ | 13575<br>Debtor: | 13576<br>WINN-DIXIE STORES, INC. | $422,653.41 | DUPLICATES CLAIM FILED AGAINST DIFFERENT DEBTOR LISTED IN REMAINING CLAIM COLUMN. DISALLOWANCE IS CONTINGENT UPON CONFIRMATION AND EFFECTIVENESS OF DEBTORS' PLAN. |
| **Creditor Id: 452127**<br>WOODLAND HARTFORD ASSOCIATES, LLC<br>C/O OFFICES OF JOEL SHAFFERMAN, LLC<br>ATTN JOEL SHAFFERMAN, ESQ<br>80 WALL STREET, SUITE 910<br>NEW YORK NY 10005 | 13561<br>Debtor: | 13560<br>WINN-DIXIE STORES, INC. | $1,200,229.80 | DUPLICATES CLAIM FILED AGAINST DIFFERENT DEBTOR LISTED IN REMAINING CLAIM COLUMN. DISALLOWANCE IS CONTINGENT UPON CONFIRMATION AND EFFECTIVENESS OF DEBTORS' PLAN. SEE ALSO OBJECTION TO CLAIM NUMBER 13561 ON EXHIBIT F. |

| | | |
|---|---|---|
| **Total Claims to be Disallowed:** | 12 | |
| **Total Amount to be Disallowed:** | $4,125,540.69 | Plus Unliquidated Amounts, If Any |

**EXHIBIT B**

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT B - AMENDED CLAIMS TO BE DISALLOWED

| Name of Claimant | Remaining Claim | Amount of Remaining Claim | Amended Claim to be Disallowed | Amount of Claim to be Disallowed | Reason for Disallowance |
|---|---|---|---|---|---|
| **Creditor Id: 411171**<br>EQUITY ONE (HUNTER'S CREEK) INC<br>C/O GREENBERG TRAURIG, PA<br>ATTN MARK BLOOM, ESQ<br>1221 BRICKELL AVENUE<br>MIAMI FL 33131 | 12486 | $87,498.59<br>WINN-DIXIE STORES, INC. | 11257 | $13,925.13 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. SEE ALSO OBJECTION TO CLAIM NUMBER 12486 ON EXHIBIT E. |
| **Creditor Id: 249558**<br>FIRST DATA CORP/IPS/VALUELINK<br>ATTN LARRY THOMAS, DIR RISK MGMT<br>PO BOX 2021<br>ENGLEWOOD, CO 80150-2021 | 13565 | $322,808.76<br>WINN-DIXIE STORES, INC. | 7466 | $322,808.76 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. SEE ALSO OBJECTION TO CLAIM NUMBER 13565 ON EXHIBIT I. |
| **Creditor Id: 410788**<br>IRT PARTNERS, LP<br>C/O GREENBERG TRAURIG, PA<br>ATTN MARK BLOOM, ESQ<br>1221 BRICKELL AVENUE<br>MIAMI FL 33131 | 12484 | $20,364.24<br>WINN-DIXIE RALEIGH, INC. | 10930 | $11,636.71 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. SEE ALSO OBJECTION TO CLAIM NUMBER 12484 ON EXHIBIT E. |
| **Creditor Id: 253046**<br>JESUP VICTORY, LLC<br>PO BOX 4767<br>COLUMBUS, GA 31914<br><br>Counsel: ATTN EARL M BARKER JR, ESQ | 12105 | $515,593.30<br>WINN-DIXIE STORES, INC. | 8686 | $45,748.08 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. SEE ALSO OBJECTION TO CLAIM NUMBER 12105 ON EXHIBIT D. |
| **Creditor Id: 257138**<br>NEW IBERIA INVESTORS LLC<br>PO BOX 4767<br>COLUMBUS, GA 31904<br><br>Transferee: IB PROPERTY HOLDINGS LLC<br>Counsel: ATTN EARL M BARKER JR, ESQ | 12102 | $473,748.82<br>WINN-DIXIE MONTGOMERY, INC. | 8702 | $52,188.74 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. SEE ALSO OBJECTION TO CLAIM NUMBER 12102 ON EXHIBIT D. |
| **Creditor Id: 257138**<br>NEW IBERIA INVESTORS LLC<br>PO BOX 4767<br>COLUMBUS, GA 31904<br><br>Transferee: IB PROPERTY HOLDINGS LLC<br>Counsel: ATTN EARL M BARKER JR, ESQ | 12103 | $473,748.82<br>WINN-DIXIE STORES, INC. | 8703 | $52,188.74 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. SEE ALSO OBJECTION TO CLAIM NUMBER 12103 ON EXHIBIT A. |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT B - AMENDED CLAIMS TO BE DISALLOWED

| Name of Claimant | Remaining Claim | Amount of Remaining Claim | Amended Claim to be Disallowed | Amount of Claim to be Disallowed | Reason for Disallowance |
|---|---|---|---|---|---|
| **Creditor Id:** 257929<br>PALISADES INVESTORS LLC<br>PO BOX 4767<br>COLUMBUS, GA 31914 | 12101 | $415,131.27<br>WINN-DIXIE MONTGOMERY, INC. | 8704 | $29,460.71 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN.  SEE ALSO OBJECTION TO CLAIM NUMBER 12101 ON EXHIBIT D. |
| Counsel: ATTN EARL M BARKER JR, ESQ | | | | | |
| **Creditor Id:** 257929<br>PALISADES INVESTORS LLC<br>PO BOX 4767<br>COLUMBUS, GA 31914 | 12100 | $415,131.27<br>WINN-DIXIE STORES, INC. | 8705 | $29,460.71 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN.  SEE ALSO OBJECTION TO CLAIM NUMBER 12100 ON EXHIBIT A. |
| Counsel: ATTN EARL M BARKER JR, ESQ | | | | | |
| **Creditor Id:** 2477<br>PHOENIX JR INC<br>ATTN DUSHYANT K GULATI, PHD<br>186 BAYSIDE DRIVE<br>PO BOX 3211<br>CLEARWATER  FL  33767 | 13619 | $2,247,615.23<br>WINN-DIXIE STORES, INC. | 13413 | $1,837,346.59 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. |
| Counsel: ATTN KIMBERLY HELD ISRAEL, ESQ | | | | | |
| **Creditor Id:** 411189<br>STATE OF FLORIDA REV DEPT<br>BANKRUPTCY SECTION<br>ATTN CATHY DUBISKY/MICHELLE KENNEDY<br>PO BOX 6668<br>TALLAHASSEE  FL  32314-6668 | 13611 | $13,753.38<br>WINN-DIXIE PROCUREMENT, INC. | 13221 | $13,803.38 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. |
| Counsel: C/O FREDERICK F RUDZIK, ESQ | | | | | |
| **Creditor Id:** 411189<br>STATE OF FLORIDA REV DEPT<br>BANKRUPTCY SECTION<br>ATTN CATHY DUBISKY/MICHELLE KENNEDY<br>PO BOX 6668<br>TALLAHASSEE  FL  32314-6668 | 13610 | $1,121.36<br>WINN-DIXIE MONTGOMERY, INC. | 13222 | $5,478.22 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. |
| Counsel: C/O FREDERICK F RUDZIK, ESQ | | | | | |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT B - AMENDED CLAIMS TO BE DISALLOWED

| Name of Claimant | Remaining Claim | Amount of Remaining Claim | Amended Claim to be Disallowed | Amount of Claim to be Disallowed | Reason for Disallowance |
|---|---|---|---|---|---|
| **Creditor Id: 411189**<br>STATE OF FLORIDA REV DEPT<br>BANKRUPTCY SECTION<br>ATTN CATHY DUBISKY/MICHELLE KENNEDY<br>PO BOX 6668<br>TALLAHASSEE FL 32314-6668<br><br>Counsel: C/O FREDERICK F RUDZIK, ESQ | 13612 | $0.00 | 13223<br>WINN-DIXIE SUPERMARKETS, INC. | $474.60 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. |
| **Creditor Id: 411189**<br>STATE OF FLORIDA REV DEPT<br>BANKRUPTCY SECTION<br>ATTN CATHY DUBISKY/MICHELLE KENNEDY<br>PO BOX 6668<br>TALLAHASSEE FL 32314-6668<br><br>Counsel: C/O FREDERICK F RUDZIK, ESQ | 13609 | $45,858.72<br>WINN-DIXIE STORES, INC. | 13224 | $50,955.48 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. |
| **Creditor Id: 264151**<br>VICTORY VIDALIA LLC<br>506 MANCHESTER EXPRESSWAY, SUITE B5<br>COLUMBUS, GA 31904<br><br>Counsel: ATTN EARL M BARKER JR, ESQ | 12104 | $718,135.26<br>WINN-DIXIE STORES, INC. | 8713 | $44,883.25 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. SEE ALSO OBJECTION TO CLAIM NUMBER 12104 ON EXHIBIT D. |
| **Creditor Id: 407759**<br>WEBBER COMMERCIAL PROPERTIES, LLC<br>C/O TRENAM KEMKER SCHARF ET AL.<br>ATTN WILLIAM KNIGHT ZEWADSKI, ESQ<br>2700 BANK OF AMERICA PLAZA<br>PO BOX 1102<br>TAMPA FL 33601-1102 | 12361 | $477,643.34<br>WINN-DIXIE STORES, INC. | 11592 | $99,832.19 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. |
| **Creditor Id: 407759**<br>WEBBER COMMERCIAL PROPERTIES, LLC<br>C/O TRENAM KEMKER SCHARF ET AL.<br>ATTN WILLIAM KNIGHT ZEWADSKI, ESQ<br>2700 BANK OF AMERICA PLAZA<br>PO BOX 1102<br>TAMPA FL 33601-1102 | 12792 | $901,451.04<br>WINN-DIXIE STORES, INC. | 12361 | $477,643.34 | AMENDED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. SEE ALSO OBJECTION TO CLAIM NUMBER 12792 ON EXHIBIT E. |

**Total Claims to be Disallowed:** 16

**Total Amount to be Disallowed:** $3,087,834.63    Plus Unliquidated Amounts, If Any

**EXHIBIT C**

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT C - NO LIABILITY CLAIMS TO BE DISALLOWED

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| **Creditor Id:  2052**<br>ALVIN B CHAN FAMILY LP<br>3206 JACKSON STREET<br>SAN FRANCISCO  CA  94118<br><br>Counsel: ATTN ROBERT P GATES, ESQ. | 12940<br>**Debtor:  WINN-DIXIE STORES, INC.** | $160,000.00 | LATE FILED CLAIM.  CLAIM WAS FILED 2/21/06.  APPLICABLE BAR DATE WAS 10/30/05.  DEBTORS RESERVE RIGHT TO OBJECT ON OTHER GROUNDS. |
| **Creditor Id:  89736**<br>BARBOSA-LOPEZ, HILDA E<br>132 RUBY CIRCLE<br>BRANDON  FL  33510 | 2122<br>**Debtor:  WINN-DIXIE STORES, INC.** | $300.00 | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id:  395620**<br>CHAMPION BLACKTOP MAINTENANCE<br>ATTN BRANT CUNNINGHAM, OWNER<br>PO BOX 5772<br>MERIDIAN, MS  39301 | 7479<br>**Debtor:  WINN-DIXIE STORES, INC.** | $4,314.05 | NO AMOUNT DUE.  CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE.<br>$2,465.30 PAID 7/15/05 BY CHECK NUMBER 8074718 AND $1,848.75 PAID 7/15/05 BY CHECK NUMBER 9903258. |
| **Creditor Id:  533714**<br>CITY OF GRAYSVILLE MUNICIPAL GAS CO<br>C/O HALCOMB & WERTHEIM, PC<br>ATTN W MCCOLLUM HALCOMB<br>PO BOX 12005<br>BIRMINGHAM  AL  35202 | 13418<br>**Debtor:  WINN-DIXIE STORES, INC.** | $367.03 | NO SUPPORTING DOCUMENTATION AND LATE-FILED CLAIM. |
| **Creditor Id:  410425**<br>CLAIMSPRO HEALTH CLAIMS SVCS, INC<br>C/O PHARMA CARE<br>ATTN JOHN BUCKLEY, SVP<br>695 GEORGE WASHINGTON HWY<br>LINCOLN  RI  02865<br><br>Counsel: ATTN MARK MINUTI, ESQ | 8636<br>**Debtor:  WINN-DIXIE STORES, INC.** | $0.00 | NO AMOUNT DUE.  CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE. |
| **Creditor Id:  110532**<br>COLLINS, MARYLOU<br>4699 PEACHWOOD COURT<br>SOCASTEE  SC  29588 | 10548<br>**Debtor:  WINN-DIXIE RALEIGH, INC.** | $392.00 | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id:  113046**<br>CRABTREE, JANISE V<br>125 CYPRESS LN<br>FAIRHOPE  AL  36532 | 3810<br>**Debtor:  WINN-DIXIE STORES, INC.** | $300.00 | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT C - NO LIABILITY CLAIMS TO BE DISALLOWED

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| **Creditor Id: 113192**<br>CRAMER, BRADLEY M JR<br>1442 CACAO LANE<br>PENSACOLA  FL  32507 | 10645<br>**Debtor:** | $217.00<br>**WINN-DIXIE SUPERMARKETS, INC.** | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id: 18593**<br>CRAWFORD, SHERRI G<br>612 20TH COURT NORTH EAST<br>BIRMINGHAM  AL  35215 | 2762<br>**Debtor:** | $152.00<br>**WINN-DIXIE STORES, INC.** | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id: 113762**<br>CROCKER, THOMAS M<br>1108 COLLEGE ST<br>CLEVELAND  MS  38732-0999 | 5479<br>**Debtor:** | $294.00<br>**WINN-DIXIE STORES, INC.** | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id: 411403**<br>DAYAN, RALPH & SARAH<br>C/O MARC D STOLMAN, ESQ<br>1100 LARKSPUR LANDING CIR, STE 200<br>LARKSPUR  CA  94939 | 11804<br>**Debtor:** | $0.00<br>**WINN-DIXIE STORES, INC.** | INSUFFICIENT DOCUMENTATION TO DETERMINE IF ANY AMOUNT IS OWED. |
| **Creditor Id: 395282**<br>DISCOVER CARD SERVICES INC.<br>ATTN GINGER MERRIMAN<br>2500 LAKE COOK ROAD (2/3AA)<br>RIVERWOODS, IL  60015 | 6726<br>**Debtor:** | $0.00<br>**WINN-DIXIE STORES, INC.** | NO AMOUNT DUE.  CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  $326.00 CURE AMOUNT WAS DUE.  ON 9/22/06, CLAIMANT DEDUCTED THAT AMOUNT FROM FUNDS IT OWED DEBTOR (REFERENCE ID NUMBER 00006092015266). |
| **Creditor Id: 254854**<br>DOSS, LISA G<br>30 EDGEWOOD DRIVE<br>SELMA  AL  36701 | 4312<br>**Debtor:** | $300.00<br>**WINN-DIXIE STORES, INC.** | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id: 22886**<br>DUHE, CLINT<br>PO BOX 534<br>GARYVILLE  LA  70051 | 7029<br>**Debtor:** | $355.83<br>**WINN-DIXIE STORES, INC.** | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id: 123813**<br>ELLIOTT, ASHLEY E<br>114 CHANDLER CIRCLE<br>PO BOX 313<br>CHURCH HILL  TN  37642 | 1338<br>**Debtor:** | $222.00<br>**WINN-DIXIE STORES, INC.** | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT C - NO LIABILITY CLAIMS TO BE DISALLOWED

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| **Creditor Id: 126542**<br>FERMIN, KELLYS L<br>420 JACKSON AVE<br>GREENACRES  FL  33463 | 2787<br>**Debtor:  WINN-DIXIE STORES, INC.** | $150.00 | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id:  249798**<br>FLORIDA POWER & LIGHT<br>GENERAL MAIL FACILITY<br>MIAMI, FL  33188-0001 | 34847<br>**Debtor:  WINN-DIXIE PROCUREMENT, INC.** | $126.06 | NO AMOUNT DUE.  CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  WITH SCHEDULED CLAIM NUMBERS 30783, 32666, AND 37190, CLAIM PAID IN THE AMOUNT OF $1,159,846. |
| **Creditor Id:  249798**<br>FLORIDA POWER & LIGHT<br>GENERAL MAIL FACILITY<br>MIAMI, FL  33188-0001 | 37190<br>**Debtor:  WINN-DIXIE SUPERMARKETS, INC.** | $4,141.77 | NO AMOUNT DUE.  CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  WITH SCHEDULED CLAIM NUMBERS 30783, 32666, AND 34847, CLAIM PAID IN THE AMOUNT OF $1,159,846. |
| **Creditor Id:  250133**<br>FRYDMAN CONSULTING CORPORATION<br>C/O ISAAC FRYDMAN<br>200 WEST 108TH STREET #11B<br>NEW YORK, NY  10025 | 30815<br>**Debtor:  WINN-DIXIE STORES, INC.** | $26,428.48 | NO AMOUNT DUE.  CLAIM SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE. |
| **Creditor Id:  418563**<br>HESS, DELIA<br>1759 AMERICANA BLVD<br>FORT WORTH TX  76131-1131 | 13045<br>**Debtor:  WINN-DIXIE STORES, INC.** | $0.00 | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS, NO SUPPORTING DOCUMENTATION, AND UNKNOWN BASIS FOR CLAIM. |
| **Creditor Id:  251660**<br>HINTON ENTERPRISES<br>PO BOX 390423<br>DELTONA, FL  32739-0423 | 30919<br>**Debtor:  WINN-DIXIE STORES, INC.** | $1,300.00 | NO AMOUNT DUE.  CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE. PAID BY CHECK NUMBER 9903182, DATED 5/20/05 IN THE AMOUNT OF $1,300.00. |
| **Creditor Id:  147262**<br>HOLLAND, YASMIN<br>389 ENOTA PLACE<br>ATLANTA GA  30310-1258 | 2283<br>**Debtor:  WINN-DIXIE STORES, INC.** | $248.48 | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id:  252060**<br>IMAGING TECHNOLOGIES<br>ATTN: JACK ELLIS, DIV CONTROLLER<br>PO BOX 13426<br>ATLANTA, GA  30324<br><br>Transferee: ASM CAPITAL LP | 30967<br>**Debtor:  WINN-DIXIE STORES, INC.** | $16,398.64 | NO LIABILITY PER CLAIMANT. |

**WINN-DIXIE STORES, INC., ET AL.**
**TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION**
**EXHIBIT C - NO LIABILITY CLAIMS TO BE DISALLOWED**

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| **Creditor Id: 153598**<br>JOHNSEN, OSCAR J<br>5583 LAKESHORE DR<br>FT LAUDERDALE  FL  33312 | 3078<br>Debtor: | $743.71<br>**WINN-DIXIE STORES, INC.** | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id: 160104**<br>KIRKPATRICK, GARY L<br>PO BOX 249<br>MCADENVILLE  NC  28101 | 10716<br>Debtor: | $578.00<br>**WINN-DIXIE LOGISTICS, INC.** | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id: 416990**<br>KOTIS PROPERTIES, INC<br>C/O DIRK W SIEGMUND, ESQ<br>PO BOX 3324<br>GREENSBORO  NC  27402-3324 | 12740<br>Debtor: | $327,927.22<br>**WINN-DIXIE STORES, INC.** | LATE FILED CLAIM.  CLAIM WAS FILED 2/21/06.  APPLICABLE BAR DATE WAS 10/30/05.  DEBTORS RESERVE RIGHT TO OBJECT ON OTHER GROUNDS. |
| **Creditor Id: 1539**<br>LASALA PINEBROOK ASSOCIATES LP<br>C/O AFI MANAGEMENT<br>ATTN ANTHONY J LASALA<br>1410 VALLEY ROAD<br>WAYNE, NJ  07470 | 13571<br>Debtor: | $6,398.61<br>**WINN-DIXIE STORES, INC.** | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS.  ALSO, LATE-FILED CLAIM. |
| **Creditor Id: 254963**<br>LOOMIS FARGO & CO<br>DEPT AT 40331<br>ATLANTA, GA  31192-0331 | 31146<br>Debtor: | $94,478.95<br>**WINN-DIXIE STORES, INC.** | NO AMOUNT DUE.  CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE. PAID BY CHECK NUMBER 9901362 DATED 4/15/05. |
| **Creditor Id: 255144**<br>LUTHERS LAWN & LANDSCAPING<br>ATTN LUTHER E BEACH, OWNER<br>5739 CONNELL RD<br>PLANT CITY, FL  33567<br><br>Counsel: ATTN STEPHEN L EVANS, ESQ | 10203<br>Debtor: | $3,900.00<br>**WINN-DIXIE STORES, INC.** | NO AMOUNT DUE.  CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE. INVOICE NUMBER 1412 DATED 1/31/05 & INVOICE NUMBER 1449 DATED 3/1/05 PAID 8/19/05 BY CHECK NUMBER 009903284 AND INVOICE NUMBER 1385 DATED 1/31/05 AND INVOICE NUMBER 1413 DATED 2/15/05 PAID 8/19/05 BY CHECK NUMBER 009903285. |
| **Creditor Id: 255380**<br>MANSFIELD OIL COMPANY<br>PO BOX 530100<br>ATLANTA, GA  30353-0100 | 31166<br>Debtor: | $736.25<br>**WINN-DIXIE STORES, INC.** | SCHEDULED IN ERROR.  CLAIMANT AGREES NO PREPETITION AMOUNT IS DUE. |
| **Creditor Id: 255380**<br>MANSFIELD OIL COMPANY<br>PO BOX 530100<br>ATLANTA, GA  30353-0100 | 32782<br>Debtor: | $13,913.87<br>**WINN-DIXIE LOGISTICS, INC.** | SCHEDULED IN ERROR.  CLAIMANT AGREES NO PREPETITION AMOUNT IS DUE. |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT C - NO LIABILITY CLAIMS TO BE DISALLOWED

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| **Creditor Id: 255380**<br>MANSFIELD OIL COMPANY<br>PO BOX 530100<br>ATLANTA, GA 30353-0100 | 33864<br>Debtor: **WINN-DIXIE MONTGOMERY, INC.** | $10,556.66 | SCHEDULED IN ERROR. CLAIMANT AGREES NO PREPETITION AMOUNT IS DUE. |
| **Creditor Id: 255755**<br>MASTERS LAND MAINTENANCE<br>PO BOX 5621<br>PLANT CITY, FL 33563-0047 | 31178<br>Debtor: **WINN-DIXIE STORES, INC.** | $4,190.00 | NO AMOUNT DUE. CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE. PAID BY CHECK NUMBER 9903243 DATED 7/15/05 IN THE AMOUNT OF $4,990.16. |
| **Creditor Id: 405894**<br>MERCER HUMAN RESOURCES CONSULTING<br>ATTN CHRISTOPHER MINIHAME, CONTR<br>1166 AVENUE OF THE AMERICAS<br>NEW YORK NY 10036 | 2061<br>Debtor: **WINN-DIXIE STORES, INC.** | $23,000.00 | NO AMOUNT DUE. CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE. PAID BY CHECK NUMBER 009903229, DATED 6/17/05, IN THE AMOUNT OF $23,000.00. |
| **Creditor Id: 177217**<br>MIDDLEBROOKS, ESTATE OF JOHN W<br>C/O MARY MIDDLEBROOKS<br>1938 BONANZA CT<br>WINTER PARK FL 32792 | 10394<br>Debtor: **WINN-DIXIE STORES, INC.** | $0.00 | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS, NO SUPPORTING DOCUMENTATION, AND UNKNOWN BASIS FOR CLAIM. |
| **Creditor Id: 256556**<br>MODERN LANDSCAPE DESIGN LLC<br>ATTN WILLIAM E STUBBS, PRESIDENT<br>3700 HIGHWAY 39 NORTH<br>MERIDIAN, MS 39301 | 5421<br>Debtor: **WINN-DIXIE STORES, INC.** | $225.00 | NO AMOUNT DUE. CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE. PAID BY CHECK NUMBER 009903257 DATED 3/9/05. |
| **Creditor Id: 52600**<br>MOORE, MARY LEE<br>631 BRIARS BND<br>BRANDON MS 39042-8224 | 2759<br>Debtor: **WINN-DIXIE STORES, INC.** | $117.00 | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id: 256788**<br>MUNTZING SATTELE CO INC<br>1155 HAMMOND DR SUITE 5250 BLDG-E<br>AS AGENT FOR RIVERMONT SQUARE<br>ASSCO LP<br>ATLANTA, GA 30328 | 31241<br>Debtor: **WINN-DIXIE STORES, INC.** | $30,084.67 | CLAIM WAIVED PURSUANT TO LEASE TERMINATION AGREEMENT. ALSO UPON INFORMATION AND BELIEF, CLAIM HAS BEEN PAID BY THIRD PARTY. |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT C - NO LIABILITY CLAIMS TO BE DISALLOWED

Page: 6 of 9
Date: 10/30/2006

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| **Creditor Id: 256981**<br>NATIONAL HEALTH INFORMATION<br>NETWORK, INC, DEPT 0494<br>PO BOX 120494<br>DALLAS, TX 75312-0494 | 31266<br>**Debtor:** WINN-DIXIE STORES, INC. | $67,474.00 | NO AMOUNT DUE.  CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE. PAID $16,868.50 FOR POSTPETITION INVOICE BY CHECK NUMBER 8032035 DATED 04/29/05 AND INVOICE LD-DM0024829B AND INVOICE LD-DM0024829C BY CHECK NUMBER 9901625 DATED 4/29/05. |
| **Creditor Id: 411127**<br>OAKDALE INVESTORS, LP<br>700 MAIN STREET<br>DUNCAN SC 29334 | 13500<br>**Debtor:** WINN-DIXIE RALEIGH, INC. | $484,843.11 | LATE FILED CLAIM.  CLAIM WAS FILED 9/7/06.  APPLICABLE BAR DATE WAS 10/30/05.  DEBTORS RESERVE RIGHT TO OBJECT ON OTHER GROUNDS. |
| Counsel: ATTN SEANN GRAY TZOUVELEKAS, ESQ | | | |
| **Creditor Id: 383099**<br>PHARMA CARE<br>PHARMA CARE MANAGEMENT SVCS, INC<br>ATTN JOHN BUCKLEY, SVP<br>695 GEORGE WASHINGTON HWY<br>LINCOLN, RI 02865 | 8632<br>**Debtor:** WINN-DIXIE STORES, INC. | $0.00 | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |
| Counsel: ATTN MARK MINUTI, ESQ | | | |
| **Creditor Id: 410424**<br>PHARMACARE BENEFIT MGMT SVCES, INC<br>SUCCESSOR TO RX CONNECTIONS, INC<br>C/O PHARMA CARE<br>ATTN JOHN BUCKLEY, SVP<br>695 GEORGE WASHINGTON HWY<br>LINCOLN, RI 02865 | 8635<br>**Debtor:** WINN-DIXIE STORES, INC. | $0.00 | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |
| Counsel: ATTN MARK MINUTI, ESQ | | | |
| **Creditor Id: 410762**<br>PORCUPINE WD5, LLC<br>C/O KAMIN REALTY CO<br>ATTN DANIEL G KAMIN, MGR<br>490 SOUTH HIGHLAND AVE<br>PITTSBURGH PA 15206 | 13422<br>**Debtor:** WINN-DIXIE MONTGOMERY, INC. | $946,409.24 | NO LIABILITY ON LEASE ASSIGNED PRIOR TO BANKRUPTCY FILING. ALTHOUGH DEBTOR REMAINS GUARANTOR IN EVENT OF DEFAULT, NO DEFAULT HAS OCCURRED. |
| Counsel: ATTN SARA E LORBER, ESQ | | | |
| **Creditor Id: 256996**<br>PROPERTY MANAGEMENT SERVICES<br>LLC  PO BOX 210861<br>MONTGOMERY, AL 36121-0861 | 34053<br>**Debtor:** WINN-DIXIE MONTGOMERY, INC. | $11,280.00 | NO AMOUNT DUE.  CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE. PAID BY CHECK NUMBER 9903250 DATED 7/15/05 IN THE AMOUNT OF $11,280.00. |

**WINN-DIXIE STORES, INC., ET AL.**
**TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION**
**EXHIBIT C - NO LIABILITY CLAIMS TO BE DISALLOWED**

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| **Creditor Id: 259109**<br>QUEST SOFTWARE INC<br>PO BOX 51739<br>LOS ANGELES, CA 90051-6039 | 31442<br>Debtor: **WINN-DIXIE STORES, INC.** | $5,223.90 | NO LIABILITY PER CREDITOR. |
| **Creditor Id: 200059**<br>RISO, MARIE C<br>PO BOX 5322<br>FORT LAUDERDALE FL 33310 | 2837<br>Debtor: **WINN-DIXIE STORES, INC.** | $2,500.00 | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id: 2496**<br>ROARK, RANDY<br>C/O HELMS ROARK INC, AGENT<br>ATTN ELIZABETH DEAN, VP<br>PO BOX 1149<br>MONTGOMERY, AL 36101-1149<br>Transferee: JEFFERSON-PILOT INVESTMENTS INC | 10822<br>Debtor: **WINN-DIXIE MONTGOMERY, INC.** | $28,378.30 | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. CLAIMANT ASSIGNED HIS RIGHTS TO, AND CLAIM WAS FILED BY, JEFFERSON PILOT INVESTMENTS, INC. |
| **Creditor Id: 416257**<br>ROARK, RANDY<br>C/O WALSTON WELLS & BIRCHALL, LLP<br>ATTN EDWARD J ASHTON, ESQ.<br>1819 5TH AVENUE NORTH, SUITE 1100<br>BIRMINGHAM AL 35203<br>Transferee: JEFFERSON-PILOT INVESTMENTS INC | 12151<br>Debtor: **WINN-DIXIE MONTGOMERY, INC.** | $482,602.19 | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. CLAIMANT ASSIGNED HIS RIGHTS TO, AND CLAIM WAS FILED BY, JEFFERSON PILOT INVESTMENTS, INC. |
| **Creditor Id: 253776**<br>ROBERTS, KENDRA<br>6611 RUFFIN DRIVE<br>MOBILE, AL 36618 | 31051<br>Debtor: **WINN-DIXIE STORES, INC.** | $792.00 | SCHEDULED IN ERROR. CLAIM PAID 1/13/05 BY CHECK NUMBER 7428093. |
| **Creditor Id: 202969**<br>ROLLISON, PATRICIA E<br>1427 SE 8TH AVENUE<br>DEERFIELD BEACH FL 33441 | 4043<br>Debtor: **WINN-DIXIE SUPERMARKETS, INC.** | $0.00 | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS, NO SUPPORTING DOCUMENTATION, AND UNKNOWN BASIS FOR CLAIM. |
| **Creditor Id: 2542**<br>SCHWARTZ FAMILY TRUST<br>ATTN ZOLTAN SCHWARTZ<br>157 N FORMOSA AVE<br>LOS ANGELES, CA 90036<br>Counsel: ATTN MENACHEM O ZELMANOVITZ, ESQ. | 13440<br>Debtor: **WINN-DIXIE STORES, INC.** | $240,052.86 | LATE FILED CLAIM. CLAIM WAS FILED 8/25/06. APPLICABLE BAR DATE WAS 8/1/05. DEBTORS RESERVE RIGHT TO OBJECT ON OTHER GROUNDS. |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT C - NO LIABILITY CLAIMS TO BE DISALLOWED

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| **Creditor Id: 407496**<br>STATE OF GEORGIA COMMUNITY HEALTH<br>ATTN N B CHILDERS/C GRANT, ESQS<br>2 PEACHTREE STREET, 40TH FLOOR<br>ATLANTA GA 30303-3159<br><br>Counsel: ATTN: OSCAR B FEARS III | 13246<br>**Debtor:** | $10,741.00<br>**WINN-DIXIE STORES, INC.** | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS.  ALSO, LATE-FILED CLAIM. |
| **Creditor Id: 410423**<br>TDI MANAGED CARE SERVICES, INC<br>C/O PHARMA CARE<br>ATTN JOHN BUCKLEY, SVP<br>695 GEORGE WASHINGTON HWY<br>LINCOLN RI 02865<br><br>Counsel: ATTN MARK MINUTI, ESQ | 8634<br>**Debtor:** | $0.00<br>**WINN-DIXIE STORES, INC.** | NO AMOUNT DUE.  CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE. |
| **Creditor Id: 263254**<br>TOTAL GROUNDS MAINTENANCE LLC<br>ATTN TINA LEONARD, OWNER<br>PO BOX 77952<br>BATON ROUGE, LA 70879 | 2482<br>**Debtor:** | $1,587.50<br>**WINN-DIXIE STORES, INC.** | NO AMOUNT DUE.  CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE.<br>PAID BY CHECK NUMBER 009903275, DATED 7/15/05, IN THE AMOUNT OF $1,587.50. |
| **Creditor Id: 263256**<br>TOTAL MAINTENANCE OF BAY COUNTY<br>2326 EAST 34TH PLACE<br>PANAMA CITY, FL 32405 | 31740<br>**Debtor:** | $1,342.50<br>**WINN-DIXIE STORES, INC.** | NO AMOUNT DUE.  CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE.<br>PAID BY CHECK NUMBER 9903180, DATED 5/20/05, IN THE AMOUNT OF $1,342.50 |
| **Creditor Id: 263506**<br>TRI-COUNTY STRIPING & SWEEPER SVCES<br>ATTN MAX C STUDSTILL, OWNER<br>PO BOX 301<br>CENTERVILLE, GA 31028 | 968<br>**Debtor:** | $356.25<br>**WINN-DIXIE STORES, INC.** | NO LIABILITY.  CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE.<br>PAID BY CHECK NUMBER 9903283, DATED 08/19/05 (CLEARED BANK ON 08/25/05), IN THE AMOUNT OF $356.25 (INVOICE# 1854SWEEP02/05). |
| **Creditor Id: 410422**<br>UNITED PROVIDER SERVICES, INC<br>C/O PHARMA CARE<br>ATTN JOHN BUCKLEY, SVP<br>695 GEORGE WASHINGTON HWY<br>LINCOLN RI 02865<br><br>Counsel: ATTN MARK MINUTI, ESQ | 8633<br>**Debtor:** | $0.00<br>**WINN-DIXIE STORES, INC.** | NO AMOUNT DUE.  CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE. |
| **Creditor Id: 264013**<br>VAN ELMORE SERVICES INC<br>12 BUERGER RD<br>MOBILE AL 36608-1801 | 34289<br>**Debtor:** | $11,769.80<br>**WINN-DIXIE MONTGOMERY, INC.** | NO AMOUNT DUE.  CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER WITH $0 CURE AMOUNT DUE.<br>PAID BY CHECK NUMBER 9903251, DATED 7/15/05, IN THE AMOUNT OF $12,693.05. |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT C - NO LIABILITY CLAIMS TO BE DISALLOWED

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| **Creditor Id:** 2006 | 12955 | $21,793.31 | LATE FILED CLAIM. CLAIM WAS FILED 3/2/06. APPLICABLE BAR DATE WAS |
| WESTON ROAD SHOPPING CENTER, LLC | **Debtor:** WINN-DIXIE STORES, INC. | | 8/1/05. DEBTORS RESERVE RIGHT TO OBJECT ON OTHER GROUNDS. |
| ATTN LOURDES CARASA, PROPERTY MGR | | | |
| 470 BILTMORE WAY, SUITE 100 | | | |
| CORAL GABLES, FL 33134 | | | |
| Counsel: ATTN: DAVID N STERN | | | |

| | | | |
|---|---|---|---|
| **Total Claims to be Disallowed:** | 59 | | |
| **Total Amount to be Disallowed:** | $3,050,003.24 | **Plus Unliquidated Amounts, If Any** | |

**EXHIBIT D**

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT D - NO LIABILITY AND MISCLASSIFIED
CLAIMS TO BE DISALLOWED AND RECLASSIFIED

| Name of Claimant | Claim No. | Claim Amount | Claim Class Status | Modified Class Status | Reason for Disallowance and Reclassification |
|---|---|---|---|---|---|
| **Creditor Id: 381768**<br>ASCOM HASLER/GE CAP PROG<br>ATTN STEVEN L LOUVAR<br>1010 THOMAS EDISON BLVD SW<br>CEDAR RAPIDS IA 52405 | 157 | $937.60 | Secured | Unsecured Non-Priority | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS AND NO SUPPORTING DOCUMENTATION. ALSO, MISCLASSIFIED CLAIM. |
| | | | **Debtor: WINN-DIXIE MONTGOMERY, INC.** | | |
| **Creditor Id: 279308**<br>DEUTSCHE BANK TRUST CO AMERICA<br>AS PASS THROUGH & INDENTURE TTEG<br>ATTN BRENDON MEYER, VP<br>MS NYC60-2720<br>60 WALL STREET<br>NEW YORK NY 10005-2858 | 8881 | $0.00 | Multiple Classes | Unsecured Non-Priority | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. ALSO, MISCLASSIFIED CLAIM. |
| | | | **Debtor: WINN-DIXIE RALEIGH, INC.** | | |
| Counsel: ATTN JOHN M. ROSENTHAL, ESQ | | | | | |
| **Creditor Id: 381767**<br>GE CAPITAL<br>ATTN STEVEN L LOUVAR<br>1010 THOMAS EDISON BLVD SW<br>CEDAR RAPIDS IA 52405 | 156 | $589.99 | Secured | Unsecured Non-Priority | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. ALSO, MISCLASSIFIED CLAIM. |
| | | | **Debtor: WINN-DIXIE STORES, INC.** | | |
| **Creditor Id: 381767**<br>GE CAPITAL<br>ATTN STEVEN L LOUVAR<br>1010 THOMAS EDISON BLVD SW<br>CEDAR RAPIDS IA 52405 | 158 | $19,305.92 | Secured | Unsecured Non-Priority | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. ALSO, MISCLASSIFIED CLAIM. |
| | | | **Debtor: WINN-DIXIE STORES, INC.** | | |
| **Creditor Id: 381767**<br>GE CAPITAL<br>ATTN STEVEN L LOUVAR<br>1010 THOMAS EDISON BLVD SW<br>CEDAR RAPIDS IA 52405 | 159 | $8,133.59 | Secured | Unsecured Non-Priority | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. ALSO, MISCLASSIFIED CLAIM. |
| | | | **Debtor: WINN-DIXIE STORES, INC.** | | |
| **Creditor Id: 381767**<br>GE CAPITAL<br>ATTN STEVEN L LOUVAR<br>1010 THOMAS EDISON BLVD SW<br>CEDAR RAPIDS IA 52405 | 164 | $25,244.22 | Secured | Unsecured Non-Priority | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. ALSO, MISCLASSIFIED CLAIM. |
| | | | **Debtor: WINN-DIXIE STORES, INC.** | | |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT D - NO LIABILITY AND MISCLASSIFIED
CLAIMS TO BE DISALLOWED AND RECLASSIFIED

| Name of Claimant | Claim No. | Claim Amount | Claim Class Status | Modified Class Status | Reason for Disallowance and Reclassification |
|---|---|---|---|---|---|
| **Creditor Id:** 381767<br>GE CAPITAL<br>ATTN STEVEN L LOUVAR<br>1010 THOMAS EDISON BLVD SW<br>CEDAR RAPIDS IA 52405 | 165 | $4,320.42 | Secured | Unsecured<br>Non-Priority | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. ALSO, MISCLASSIFIED CLAIM. |
| *Debtor:* WINN-DIXIE STORES, INC. | | | | | |
| **Creditor Id:** 381767<br>GE CAPITAL<br>ATTN STEVEN L LOUVAR<br>1010 THOMAS EDISON BLVD SW<br>CEDAR RAPIDS IA 52405 | 166 | $18,250.87 | Secured | Unsecured<br>Non-Priority | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. ALSO, MISCLASSIFIED CLAIM. |
| *Debtor:* WINN-DIXIE STORES, INC. | | | | | |
| **Creditor Id:** 381767<br>GE CAPITAL<br>ATTN STEVEN L LOUVAR<br>1010 THOMAS EDISON BLVD SW<br>CEDAR RAPIDS IA 52405 | 167 | $97,435.09 | Secured | Unsecured<br>Non-Priority | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. ALSO, MISCLASSIFIED CLAIM. |
| *Debtor:* WINN-DIXIE RALEIGH, INC. | | | | | |
| **Creditor Id:** 381767<br>GE CAPITAL<br>ATTN STEVEN L LOUVAR<br>1010 THOMAS EDISON BLVD SW<br>CEDAR RAPIDS IA 52405 | 168 | $3,542.43 | Secured | Unsecured<br>Non-Priority | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. ALSO, MISCLASSIFIED CLAIM. |
| *Debtor:* WINN-DIXIE STORES, INC. | | | | | |
| **Creditor Id:** 410448<br>JEFFERSON-PILOT LIFE INSURANCE CO<br>ATTN DIANA R PALECEK, ESQ<br>CHRISTINE L MYATT, ESQ<br>PO BOX 21008<br>GREENSBORO NC 27420 | 8601 | $0.00 | Multiple Classes | Unsecured<br>Non-Priority | INSUFFICIENT DOCUMENTATION TO DETERMINE IF ANY AMOUNT IS OWED. ALSO, MISCLASSIFIED CLAIM. |
| *Debtor:* WINN-DIXIE STORES, INC. | | | | | |
| Counsel: ATTN: BENJAMIN A KAHN, ESQ | | | | | |
| **Creditor Id:** 411180<br>ORIX CAPITAL MKTS, SERIES 1998-C2<br>HOLDERS OF FIRST UNION-LEHMAN ET AL<br>C/O VENABLE LLP<br>ATTN G A CROSS & H D FOLLEY, ESQS<br>TWO HOPKINS PLAZA, SUITE 1800<br>BALTIMORE MD 21201 | 11259 | $0.00 | Multiple Classes | Unsecured<br>Non-Priority | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS TO LANDLORD'S LENDER. ALSO, MISCLASSIFIED CLAIM. |
| *Debtor:* WINN-DIXIE MONTGOMERY, INC. | | | | | |

**Total Claims to be Disallowed & Recl:**    12

**Total Amount to be Disallowed & Recl:**    $177,760.13     Plus Unliquidated Amounts, If Any

**EXHIBIT E**

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT E - OVERSTATED CLAIMS TO BE REDUCED

| Name of Claimant | Claim No. | Claim Amount | Reduced Claim Amount | Reason for Reduction |
|---|---|---|---|---|
| **Creditor Id: 410687**<br>ALLIED PRINTING, INC.<br>DBA ALLIED GRAPHICS<br>7403 PHILIPS HIGHWAY<br>JACKSONVILLE FL 32256 | 9706<br>Debtor: | $46,628.56<br>**WINN-DIXIE STORES, INC.** | $41,114.15 | REDUCED AMOUNT REFLECTS ACCOUNTS PAYABLE CREDIT OF $161.04, REMOVAL OF $4,735.10 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES, AND PAYMENTS OF INVOICE NUMBERS C13929 ($108.60 PAID 8/27/04 BY CHECK NUMBER 7317961), C1357011 ($22.42 PAID 16/05 BY CHECK NUMBER 7423967), C1577011 ($172.11 PAID 1/4/05 BY CHECK NUMBER 7420998), AND C1471011 ($315.14 PAID 9/15/04 BY CHECK NUMBER 7361013). |
| Counsel: ATTN EARL M BARKER JR, ESQ | | | | |
| **Creditor Id: 408340**<br>CONAGRA FOODS, INC<br>ATTN R C ELLIS / DANIEL F BOEHLE<br>1 CONAGRA DRIVE<br>MAIL STOP 1-220<br>OMAHA NE 68102-5094 | 7803<br>Debtor: | $5,286,552.30<br>**WINN-DIXIE PROCUREMENT, INC.** | $1,869,069.36 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $87,406.66, ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $479,207.57 AND $191,658.96, RESPECTIVELY, RECLAMATION PAYMENTS IN PROCESS TOTALING $2,429,322.99, AND REMOVAL OF $229,886.76 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES. REDUCED AMOUNT IS CLASSIFIED AS UNSECURED NON-PRIORITY. |
| Counsel: ATTN: ROBERT J BOTHE | | | | |
| **Creditor Id: 411171**<br>EQUITY ONE (HUNTER'S CREEK) INC<br>C/O GREENBERG TRAURIG, PA<br>ATTN MARK BLOOM, ESQ<br>1221 BRICKELL AVENUE<br>MIAMI FL 33131 | 12486<br>Debtor: | $87,498.59<br>**WINN-DIXIE STORES, INC.** | $16,913.96 | REDUCED AMOUNT REFLECTS REMOVAL OF $59,251.38 FOR OVERSTATED PREPETITION 2005 REAL ESTATE TAXES AND $11,333.25 FOR 2005 INSURANCE LACKING SUPPORTING DOCUMENTATION. ALSO, LATE-FILED CLAIM. DETERMINATION OF LATENESS IS SUBJECT TO CLAIMANT'S PENDING MOTION TO EXTEND TIME TO FILE CLAIM. |
| **Creditor Id: 410788**<br>IRT PARTNERS, LP<br>C/O GREENBERG TRAURIG, PA<br>ATTN MARK BLOOM, ESQ<br>1221 BRICKELL AVENUE<br>MIAMI FL 33131 | 12484<br>Debtor: | $20,364.24<br>**WINN-DIXIE RALEIGH, INC.** | $11,636.71 | REDUCED AMOUNT REFLECTS REMOVAL OF $8,727.53 FOR POSTPETITION REAL ESTATE TAXES. ADMINISTRATIVE CLAIM NOT PROPERLY ASSERTABLE ON PROOF OF CLAIM FORM. CLAIM TO BE REDUCED WITHOUT PREJUDICE TO CLAIMANT FILING AN APPLICATION PURSUANT TO 11 U.S.C. SECTION 503(A) AND LOCAL RULE 3071-1. ALSO, LATE-FILED CLAIM. DETERMINATION OF LATENESS IS SUBJECT TO CLAIMANT'S PENDING MOTION TO EXTEND TIME TO FILE CLAIM. |
| **Creditor Id: 253046**<br>JESUP VICTORY, LLC<br>PO BOX 4767<br>COLUMBUS, GA 31914 | 12105<br>Debtor: | $515,593.30<br>**WINN-DIXIE STORES, INC.** | $509,893.30 | REDUCED AMOUNT REFLECTS REMOVAL OF $5,700 FOR UNDOCUMENTED REPAIR CHARGES. |
| Counsel: ATTN EARL M BARKER JR, ESQ | | | | |
| **Creditor Id: 405009**<br>KONICA MINOLTA PHOTO IMAGING USA<br>ATTN BRIAN J CUPKA, ESQ &<br>DAVID HAKULA, SR VP FINANCE<br>725 DARLINGTON AVENUE<br>MAHWAH NJ 07430-2601 | 8469<br>Debtor: | $1,233,844.00<br>**WINN-DIXIE STORES, INC.** | $898,020.31 | REDUCED AMOUNT REFLECTS AMOUNT DUE PER DEBTOR'S BOOKS AND RECORDS AND AGREEMENT WITH TRANSFEREE. |
| Transferee: SPCP GROUP LLC AGT OF SILVER PT CAP<br>Counsel: ATTN JOSHUA T KLEIN, ESQ. | | | | |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT E - OVERSTATED CLAIMS TO BE REDUCED

| Name of Claimant | Claim No. | Claim Amount | Reduced Claim Amount | Reason for Reduction |
|---|---|---|---|---|
| Creditor Id: 405009 KONICA MINOLTA PHOTO IMAGING USA ATTN BRIAN J CUPKA, ESQ & DAVID HAKULA, SR VP FINANCE 725 DARLINGTON AVENUE MAHWAH NJ 07430-2601 | 13212 Debtor: WINN-DIXIE STORES, INC. | $7,748,105.54 | $3,600,000.00 | REDUCED AMOUNT REFLECTS AGREEMENT WITH TRANSFEREE. |
| Transferee: LONGACRE MASTER FUND LTD Counsel: ATTN JOSHUA T KLEIN, ESQ. | | | | |
| Creditor Id: 255943 MEAD JOHNSON NUTRITIONALS C/O MEAD JOHNSON & COMPANY ATTN D YANDO / A CHERRY / D MATTOX 2400 WEST LLOYD EXPRESSWAY EVANSVILLE IN 47721 | 2066 Debtor: WINN-DIXIE STORES, INC. | $311,898.32 | $257,643.33 | REDUCED AMOUNT REFLECTS ACCOUNTS PAYABLE AND ACCOUNTS RECEIVABLE OFFSETS OF $68.22 AND $29,820.00, RESPECTIVELY, AND REMOVAL OF $24,366.77 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES. |
| Creditor Id: 279122 MERRILL LYNCH PIERCE FENNER & SMITH ATTN: N GRIFFTHS/ JC PRICE 4 WORLD FINANCIAL CENTER NEW YORK NY 1080 | 13298 Debtor: WINN-DIXIE RALEIGH, INC. | $717,829.00 | $602,043.00 | REDUCED AMOUNT REFLECTS REMOVAL OF $115,786.00 FOR OVERSTATED REJECTION DAMAGES. |
| Transferee: MERRILL LYNCH PIERCE FENNER & SMITH Counsel: ATTN: ALEXANDRA STEINBERG BARRAGE | | | | |
| Creditor Id: 384235 METTLER-TOLEDO, INC ATTN DANIEL P BUETTIN, RET CR DEPT 1900 POLARIS PARKWAY COLUMBUS OH 43240 | 6758 Debtor: WINN-DIXIE MONTGOMERY, INC. | $147,305.77 | $126,314.22 | REDUCED AMOUNT REFLECTS ACCOUNTS PAYABLE CREDIT OF $8,666.03 AND REMOVAL OF $3,420.52 FOR INVOICE NUMBER 156-00010013 ($2,512.50 FOR NEW ORLEANS FIRST QUARTER AS STORE 1341 WAS CLOSED AND $908.02 AS BEING POSTPETITION) AND $8,905.00 FOR POSTPETITION INVOICE NUMBER 156-00010015.  DEBTOR PAID POSTPETITION AMOUNTS 3/1/05 BY CHECK NUMBER 8001831. |
| Transferee: REDROCK CAPITAL PARTNERS LLC | | | | |
| Creditor Id: 384235 METTLER-TOLEDO, INC ATTN DANIEL P BUETTIN, RET CR DEPT 1900 POLARIS PARKWAY COLUMBUS OH 43240 | 6759 Debtor: WINN-DIXIE STORES, INC. | $166,388.64 | $159,559.31 | REDUCED AMOUNT REFLECTS PAYMENTS OF $83.60 ON 1/14/05 FOR INVOICE NUMBER 100-00452886 BY CHECK NUMBER 7428720 AND $4,411.94 AND $2,333.79 ON 4/29/05 FOR POSTPETITION INVOICE NUMBERS 156-00010017 AND 156-00010018 BY CHECK NUMBER 9901471. |
| Transferee: REDROCK CAPITAL PARTNERS LLC | | | | |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT E - OVERSTATED CLAIMS TO BE REDUCED

Page: 3 of 3
Date: 10/31/2006

| Name of Claimant | Claim No. | Claim Amount | Reduced Claim Amount | Reason for Reduction |
|---|---|---|---|---|
| Creditor Id: 257138<br>NEW IBERIA INVESTORS LLC<br>PO BOX 4767<br>COLUMBUS, GA 31904<br><br>Transferee: IB PROPERTY HOLDINGS LLC<br>Counsel: ATTN EARL M BARKER JR, ESQ | 12102<br>Debtor: | $473,748.82<br>WINN-DIXIE MONTGOMERY, INC. | $279,748.82 | REDUCED AMOUNT REFLECTS REMOVAL OF $155,000.00 AND $39,000.00 FOR UNDOCUMENTED CHARGES FOR ROOF AND HVAC REPAIRS, RESPECTIVELY. |
| Creditor Id: 257929<br>PALISADES INVESTORS LLC<br>PO BOX 4767<br>COLUMBUS, GA 31914<br><br>Counsel: ATTN EARL M BARKER JR, ESQ | 12101<br>Debtor: | $415,131.27<br>WINN-DIXIE MONTGOMERY, INC. | $409,224.17 | REDUCED AMOUNT REFLECTS REMOVAL OF $286.13 AND $133.95 FOR OVERSTATED 2005 PREPETITION REAL ESTATE TAXES AND INSURANCE, RESPECTIVELY, AND $5,680.00 FOR UNDOCUMENTED REPAIR CHARGES. |
| Creditor Id: 264151<br>VICTORY VIDALIA LLC<br>506 MANCHESTER EXPRESSWAY, SUITE B5<br>COLUMBUS, GA 31904<br><br>Counsel: ATTN EARL M BARKER JR, ESQ | 12104<br>Debtor: | $718,135.26<br>WINN-DIXIE STORES, INC. | $704,306.18 | REDUCED AMOUNT REFLECTS REMOVAL OF $2,899.08 FOR UNDOCUMENTED 2005 PREPETITION REAL ESTATE TAXES AND $10,930.00 FOR UNDOCUMENTED REPAIRS. |
| Creditor Id: 407759<br>WEBBER COMMERCIAL PROPERTIES, LLC<br>C/O TRENAM KEMKER SCHARF ET AL<br>ATTN WILLIAM KNIGHT ZEWADSKI, ESQ<br>2700 BANK OF AMERICA PLAZA<br>PO BOX 1102<br>TAMPA FL 33601-1102 | 12792<br>Debtor: | $901,451.04<br>WINN-DIXIE STORES, INC. | $865,433.76 | REDUCED AMOUNT REFLECTS 2/15/06 PAYMENT OF $36,017.28  FOR POSTPETITION PORTION OF 2005 REAL ESTATE TAXES BY CHECK NUMBER 008166932.  ALSO, LATE-FILED CLAIM.  DETERMINATION OF LATENESS IS SUBJECT TO CLAIMANT'S PENDING MOTION TO EXTEND TIME TO FILE CLAIM. |

Total Claims to be Reduced:     15
Total Amount to be Reduced:     $18,790,474.65 Plus Unliquidated Amounts, If Any
Total Reduced Amount:     $10,350,920.58

# EXHIBIT F

**WINN-DIXIE STORES, INC., ET AL.**
**TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION**
**EXHIBIT F - OVERSTATED AND MISCLASSIFIED**
**CLAIMS TO BE REDUCED AND RECLASSIFIED**

| Name of Claimant | Claim No. | Claim Amount | Asserted Class Status | Modified Class Status | Reduced Claim Amount | Reason for Reduction and Reclassification |
|---|---|---|---|---|---|---|
| CAJUN CUTTERS ATTN CRAIG A LEBLANC, OWNER 20535 LEO ROAD ABBEVILLE, LA 70510 | 2609 | $500.00 | Unsecured Non-Priority | Administrative | $60.00 | DEBTOR PAID $440.00 BY CHECK NUMBER 9903270 DATED 7/15/05 IN THE AGGREGATE AMOUNT OF $1,320.00. CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER. $60.00 CURE AMOUNT DUE AND SUCH AMOUNT TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. REMAINDER OF CLAIM TO BE DISALLOWED. |
| | | | Debtor: WINN-DIXIE STORES, INC. | | | |
| CAJUN CUTTERS ATTN CRAIG A LEBLANC, OWNER 20535 LEO ROAD ABBEVILLE, LA 70510 | 2610 | $500.00 | Unsecured Non-Priority | Administrative | $60.00 | DEBTOR PAID $440.00 BY CHECK NUMBER 9903270 DATED 7/15/05 IN THE AGGREGATE AMOUNT OF $1,320.00. CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER. $60.00 CURE AMOUNT DUE AND SUCH AMOUNT TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. REMAINDER OF CLAIM TO BE DISALLOWED. |
| | | | Debtor: WINN-DIXIE STORES, INC. | | | |
| CAJUN LAWN SERVICE ATTN CRAIG A LEBLANC, OWNER 20631 LEO ROAD ABBEVILLE, LA 70510 | 2612 | $500.00 | Unsecured Non-Priority | Administrative | $60.00 | DEBTOR PAID $440.00 BY CHECK NUMBER 9903270 DATED 7/15/05 IN THE AGGREGATE AMOUNT OF $1,320.00. CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER. REDUCED AMOUNT DUE AS CURE AND SUCH AMOUNT TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. REMAINDER OF CLAIM TO BE DISALLOWED. |
| | | | Debtor: WINN-DIXIE STORES, INC. | | | |
| CITICORP VENDOR FIN, INC, ASSIGNEE MIAMI OFFICE SYSTEMS DBA MOS ATTN ROBERT FLYNN 1800 OVERCENTER DRIVE MOBERLY MO 65270 | 509 | $13,780.77 | Unsecured Non-Priority | Administrative | $2,629.70 | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SIXTH OMNIBUS ASSUMPTION ORDER. $2,629.70 CURE AMOUNT DUE AND SUCH AMOUNT TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. REMAINDER OF CLAIM TO BE DISALLOWED. |
| | | | Debtor: WINN-DIXIE STORES, INC. | | | |
| ECKSTEIN PROPERTIES LLC ATTN SHIMON ECKSTEIN 60 BROAD STREET, SUITE 3503 NEW YORK, NY 10004 | 1031 | $71,730.60 | Multiple Classes | Unsecured Non-Priority | $69,641.36 | REDUCED AMOUNT REFLECTS REMOVAL OF $2,089.24 FOR OVERSTATED REAL ESTATE TAXES. ALSO, MISCLASSIFIED CLAIM. |
| | | | Debtor: WINN-DIXIE STORES, INC. | | | |

**WINN-DIXIE STORES, INC., ET AL.**
**TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION**
**EXHIBIT F - OVERSTATED AND MISCLASSIFIED**
**CLAIMS TO BE REDUCED AND RECLASSIFIED**

| Name of Claimant | Claim No. | Claim Amount | Asserted Class Status | Modified Class Status | Reduced Claim Amount | Reason for Reduction and Reclassification |
|---|---|---|---|---|---|---|
| ENVIRONMENTAL MGMT SVCS OF SOUT<br>ATTN MICHAEL PICAZIO, PRES<br>1940 NORTHWEST 22ND STREET<br>POMPANO BEACH, FL 33069 | 32119 | $21,612.00 | Unsecured<br>Non-Priority<br>Debtor: **WINN-DIXIE STORES, INC.** | Administrative | $8,716.30 | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER. $8,716.30 DUE AS CURE AND SUCH AMOUNT TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM.  SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN.  REMAINDER OF CLAIM TO BE DISALLOWED. |
| HERSHEY CHOCOLATE USA<br>ATTN MARTIN E TAYLOR<br>PO BOX 198510<br>ATLANTA, GA  30384-8510 | 7976 | $1,221,922.00 | Multiple Classes<br>Debtor: **WINN-DIXIE STORES, INC.** | Unsecured<br>Non-Priority | $521,553.29 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $6,245.50, ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $40,171.26 AND $126,273.92, RESPECTIVELY, RECLAMATION PAYMENTS IN PROCESS TOTALING $199,856.22, AND REMOVAL OF $327,821.81 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES.  ALSO, MISCLASSIFIED CLAIM. |
| HJ HEINZ COMPANY, LP DBA HEINZ NA<br>HEINZ FROZEN FOODS, & HEINZ USA<br>ATTN KIMBERLY GNESDA, CRD<br>ANALYST<br>HEINZ 57 CENTER<br>357 6TH AVENUE, 10TH FLOOR<br>PITTSBURGH PA  15222-2530<br>Transferee: MADISON INVESTMENT TRUST - SERIES 4 | 6738 | $1,603,959.16 | Multiple Classes<br>Debtor: **WINN-DIXIE PROCUREMENT, INC.** | Unsecured<br>Non-Priority | $404,186.66 | REDUCED AMOUNT REFLECTS ADDITIONAL RECLAMATION CLAIM OF $93,456.09, NET CONSUMPTION WAIVER OF $14,406.82, ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $97,059.73 AND $316,678.20, RESPECTIVELY, RECLAMATION PAYMENTS IN PROCESS TOTALING $294,051.97, AND REMOVAL OF $571,031.87 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES.  ALSO, MISCLASSIFIED CLAIM. |
| KEY EQUIPMENT FINANCE, DIV OF<br>KEY CORPORATE CAPITAL INC<br>ASSIGNEE OF STORAGETEK<br>ATTN SAL BOSCIA<br>1000 SOUTH MCCASLIN BLVD<br>SUPERIOR  CO  80027 | 48 | $155,072.92 | Secured<br>Debtor: **WINN-DIXIE STORES, INC.** | Administrative | $4,006.20 | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER. $4,006.20 AMOUNT DUE AS CURE AND SUCH AMOUNT TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM. SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN.  REMAINDER OF CLAIM TO BE DISALLOWED. |
| WOODLAND HARTFORD ASSOCIATES, LI<br>C/O OFFICES OF JOEL SHAFFERMAN, LLC<br>ATTN JOEL SHAFFERMAN, ESQ<br>80 WALL STREET, SUITE 910<br>NEW YORK NY  10005 | 13561 | $1,200,229.80 | Multiple Classes<br>Debtor: **WINN-DIXIE RALEIGH, INC.** | Unsecured<br>Non-Priority | $1,118,770.00 | REDUCED AMOUNT REFLECTS REMOVAL OF $68,024.92 FOR OVERSTATED REJECTION DAMAGES AS CLAIMANT INCLUDED $30,000 FOR INSURANCE IN ITS CACLULATION BUT LOCATION IS SELF INSURED AND $13,324.90 FOR ALLEGED PREPETITION ARREARS ALREADY BEFORE THE COURT IN CLAIM NUMBER 9312.  ALSO, MISCLASSIFIED CLAIM. |

|  |  |
|---|---|
| Total Claims to be Reduced & Reclassified: | 10 |
| Total Amount to be Reduced & Reclassified: | $4,289,807.25 |
| Total Reduced & Reclassified Amount: | $2,129,683.51 |

Plus Unliquidated Amounts, If Any

**EXHIBIT G**

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT G - CLAIMS TO BE FIXED TO SUM CERTAIN

| Name of Claimant | Claim No. | Claim Amount | Fixed Claim Amount | Reason for Modification |
|---|---|---|---|---|
| **Creditor Id:  534900**<br>BHBS CORPORATION<br>C/O MAST SCHULZ MAST MILLS, ET AL<br>ATTN DAVID F MILLS, ESQ<br>PO BOX 119<br>SMITHFIELD  NC  27577 | 13582<br>Debtor: | $177,400.00<br>WINN-DIXIE STORES, INC. | $177,400.00 | FIX AT ASSERTED LIQUIDATED AMOUNT. |
| *Counsel: ATTN EARL M BARKER JR, ESQ* | | | | |
| **Creditor Id:  264149**<br>VICTORY SUTTON SQUARE, LLC<br>PO BOX 4767<br>COLUMBUS, GA  31914 | 8688<br>Debtor: | $9,395.94<br>WINN-DIXIE MONTGOMERY, INC. | $9,395.94 | FIX AT ASSERTED LIQUIDATED AMOUNT. |
| **Creditor Id:  410482**<br>WELLS FARGO BANK NORTHWEST NA, TTEE<br>ATTN VAL T ORTON, VP<br>MAC U1228-120<br>299 SOUTH MAIN STREET, 12TH FLOOR<br>SALT LAKE CITY  UT  84111 | 8160<br>Debtor: | $625,888.35<br>WINN-DIXIE STORES, INC. | $625,888.35 | FIX AT ASSERTED LIQUIDATED AMOUNT. |
| Transferee: SOF INVESTMENTS LP<br>*Counsel: ATTN STEVEN M ABRAMOWITZ, ESQ* | | | | |
| **Creditor Id:  410482**<br>WELLS FARGO BANK NORTHWEST NA, TTEE<br>ATTN VAL T ORTON, VP<br>MAC U1228-120<br>299 SOUTH MAIN STREET, 12TH FLOOR<br>SALT LAKE CITY  UT  84111 | 8161<br>Debtor: | $653,965.00<br>WINN-DIXIE STORES, INC. | $653,965.00 | FIX AT ASSERTED LIQUIDATED AMOUNT. |
| Transferee: SOF INVESTMENTS LP<br>*Counsel: ATTN STEVEN M ABRAMOWITZ, ESQ* | | | | |

**Total Claims to be Fixed:**   4

**Total Amount to be Fixed:**   $1,466,649.29 Plus Unliquidated Amounts, If Any

**Total Fixed Amount:**   $1,466,649.29

**EXHIBIT H**

**WINN-DIXIE STORES, INC., ET AL.**
**TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION**
**EXHIBIT H - MISCLASSIFIED CLAIMS TO BE**
**FIXED TO SUM CERTAIN AND RECLASSIFIED**

| Name of Claimant | Claim No. | Claim Amount | Asserted Class Status | Modified Class Status | Fixed Claim Amount | Reason for Modification |
|---|---|---|---|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE CO<br>ATTN DIANA R PALECEK, ESQ<br>CHRISTINE L MYATT, ESQ<br>PO BOX 21008<br>GREENSBORO NC 27420<br>Counsel: ATTN: BENJAMIN A KAHN, ESQ | 8574 | $382,219.95 | Multiple Classes | Unsecured Non-Priority | $382,219.95 | FIX AT ASSERTED LIQUIDATED AMOUNT. ALSO, MISCLASSIFIED CLAIM. |

Debtor: **WINN-DIXIE RALEIGH, INC.**

| | | |
|---|---|---|
| Total Claims to be Fixed & Reclassified: | 1 | |
| Total Amount to be Fixed & Reclassified: | $382,219.95 | Plus Unliquidated Amounts, If Any |
| Total Fixed & Reclassified Amount: | $382,219.95 | |

**EXHIBIT I**

**WINN-DIXIE STORES, INC., ET AL.**
**TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION**
**EXHIBIT I - EXECUTORY CONTRACT CLAIMS TO BE RECLASSIFIED**

| Name of Claimant | Claim No. | Claim Amount | Claim Class Status | Modified Class Status | Reason for Reclassification |
|---|---|---|---|---|---|
| **Creditor Id: 383108**<br>ACL SERVICES LTD<br>ATTN JOHN LAUINGER, ESQ<br>1550 ALBERNI STREET<br>VANCOUVER, BC  V6G 1A5 CANADA | 435<br>**Debtor - WINN-DIXIE STORES, INC.** | $6,725.67 | Unsecured<br>Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO FIRST OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 241723**<br>AGELITY INC<br>115 BROAD HOLLOW ROAD, SUITE 325<br>MELVILLE, NY  11747 | 30066<br>**Debtor - WINN-DIXIE STORES, INC.** | $4,527.10 | Unsecured<br>Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO FIRST OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 241756**<br>AIR PRODUCTS & CHEMICALS, INC<br>ATTN THOMAS L JACOB, CR MGR A6313<br>7201 HAMILTON BLVD<br>ALLENTOWN  PA  18195 | 2915<br>**Debtor - DEEP SOUTH PRODUCTS, INC.** | $2,323.11 | Unsecured<br>Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO FIRST OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 243177**<br>BCBS OF FLORIDA<br>4800 DEERWOOD CAMPUS PARKWAY<br>CLAIM & MISC DEPT BLDG 100 3RD FLR<br>JACKSONVILLE, FL  32246 | 30201<br>**Debtor - WINN-DIXIE STORES, INC.** | $15.41 | Unsecured<br>Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 244336**<br>CADEC CORPORATION<br>ATTN STEPHEN R SAMUELSON, VP FIN<br>PO BOX 12002<br>LEWISTON, ME  04243-9478 | 32525<br>**Debtor - WINN-DIXIE LOGISTICS, INC.** | $4,596.87 | Unsecured<br>Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 410412**<br>CAJUN CUTTERS LAWN SERVICE<br>ATTN CRAIG A LEBLANC, OWNER<br>20631 LEO ROAD<br>ABBEVILLE  LA  70510 | 7476<br>**Debtor - WINN-DIXIE STORES, INC.** | $1,875.00 | Unsecured<br>Non-Priority | Administrative | REDUCED TO $1,250.00 AND RECLASSIFIED BY 6/29/06 TWELFTH OMNIBUS CLAIMS OBJECTION ORDER. CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER. REDUCED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED IN THAT AMOUNT AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 395271**<br>CERTIFIED ALARMS<br>ATTN DAVID KOCH, OWNER<br>3016 GALLERIA DRIVE<br>METAIRIE  LA  70001-2017 | 1072<br>**Debtor - WINN-DIXIE STORES, INC.** | $4,937.27 | Unsecured<br>Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT I - EXECUTORY CONTRACT CLAIMS TO BE RECLASSIFIED

| Name of Claimant | Claim No. | Claim Amount | Claim Class Status | Modified Class Status | Reason for Reclassification |
|---|---|---|---|---|---|
| **Creditor Id:  244932**<br>CERTIFIED PARTS WAREHOUSE<br>12 INDUSTRIAL DRIVE<br>EXETER, NH  03833 | 30326<br><br>**Debtor: WINN-DIXIE STORES, INC.** | $534.60 | Unsecured<br>Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id:  407592**<br>CHEP EQUIPMENT POOLING SYSTEMS<br>C/O STUTSMAN & THAMES, PA<br>ATTN NINA M LAFLEUR, ESQ<br>121 W FORSYTH STREET, SUITE 600<br>JACKSONVILLE  FL  32202 | 4471<br><br>**Debtor: WINN-DIXIE STORES, INC.** | $150.00 | Unsecured<br>Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id:  407592**<br>CHEP EQUIPMENT POOLING SYSTEMS<br>C/O STUTSMAN & THAMES, PA<br>ATTN NINA M LAFLEUR, ESQ<br>121 W FORSYTH STREET, SUITE 600<br>JACKSONVILLE  FL  32202 | 4472<br><br>**Debtor: WINN-DIXIE STORES, INC.** | $6,281.54 | Unsecured<br>Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id:  407592**<br>CHEP EQUIPMENT POOLING SYSTEMS<br>C/O STUTSMAN & THAMES, PA<br>ATTN NINA M LAFLEUR, ESQ<br>121 W FORSYTH STREET, SUITE 600<br>JACKSONVILLE  FL  32202 | 4473<br><br>**Debtor: WINN-DIXIE STORES, INC.** | $8,845.99 | Unsecured<br>Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id:  246517**<br>COMMERCEQUEST, INC<br>ATTN ERIKA BRAGAN, VP FIN<br>5481 WEST WATERS AVENUE, SUITE 100<br>TAMPA  FL  33634-1205 | 30552<br><br>**Debtor: WINN-DIXIE STORES, INC.** | $33,643.34 | Unsecured<br>Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id:  381977**<br>CROWN CORK & SEAL USA INC<br>ATTN GARY S SHEARER, CR DIRECTOR<br>ONE CROWN WAY<br>PHILADELPHIA PA  19154-4599<br><br>Counsel: ATTN: ANNE MARIE P KELLEY, ESQ | 8509<br><br>**Debtor: DEEP SOUTH PRODUCTS, INC.** | $98,469.51 | Unsecured<br>Non-Priority | Administrative | REDUCED TO $36,433.72 BY 5/4/06 EIGHTH OMNIBUS CLAIMS OBJECTION ORDER.  CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  REDUCED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED IN THAT AMOUNT AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT I - EXECUTORY CONTRACT CLAIMS TO BE RECLASSIFIED

| Name of Claimant | Claim No. | Claim Amount | Claim Class Status | Modified Class Status | Reason for Reclassification |
|---|---|---|---|---|---|
| **Creditor Id: 247632**<br>DATASAVERS INC<br>ATTN CHARLENE J SULLIVAN, PRES<br>888 SUEMAC ROAD<br>JACKSONVILLE, FL 32254 | 3185 | $2,926.99 | Unsecured Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
|  | | | | | Debtor: WINN-DIXIE STORES, INC. |
| **Creditor Id: 247632**<br>DATASAVERS INC<br>ATTN CHARLENE J SULLIVAN, PRES<br>888 SUEMAC ROAD<br>JACKSONVILLE, FL 32254 | 3189 | $3,907.78 | Unsecured Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
|  | | | | | Debtor: WINN-DIXIE STORES, INC. |
| **Creditor Id: 248097**<br>DIAMOND H RECOGNITION<br>100 N RUPERT STREET<br>FORT WORTH, TX 76107 | 30653 | $381.28 | Unsecured Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
|  | | | | | Debtor: WINN-DIXIE STORES, INC. |
|  | | | | | Transferee: DEBT ACQUISITION COMPANY OF AMERICA |
| **Creditor Id: 249048**<br>ENVIRONMENTAL WASTE SOLUTIONS<br>73 SOUTH PALM AVENUE, SUITE 222<br>SARASOTA, FL 34236 | 30719 | $13,500.34 | Unsecured Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
|  | | | | | Debtor: WINN-DIXIE STORES, INC. |
| **Creditor Id: 534819**<br>FIRST DATA COMMERCIAL SERVICES<br>ATTN ROBERT TENENBAUM, VP<br>1307 WALT WHITMAN ROAD<br>MELVILLE NY 11747 | 13565 | $322,808.76 | Unsecured Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO FIFTH OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
|  | | | | | Debtor: WINN-DIXIE STORES, INC. |
|  | | | | | Counsel: ATTN CHRISTINA SMITH, PARALEGAL |
| **Creditor Id: 249634**<br>FLAVORX INC<br>ATTN RICHARD LEVIN, EXEC VP<br>8120 WOODMONT AVE, STE 600<br>BETHESDA, MD 20814 | 5066 | $2,189.35 | Unsecured Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
|  | | | | | Debtor: WINN-DIXIE STORES, INC. |
|  | | | | | Transferee: DEBT ACQUISITION COMPANY OF AMERICA |
| **Creditor Id: 249868**<br>FLOWERS BAKING CO OF MORRISTOWN LLC<br>ATTN MISSY WILSON, CREDIT MGR<br>132 NORTH BROAD STREET<br>THOMASVILLE GA 31792 | 11166 | $1,430.94 | Unsecured Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
|  | | | | | Debtor: WINN-DIXIE STORES, INC. |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT I - EXECUTORY CONTRACT CLAIMS TO BE RECLASSIFIED

| Name of Claimant | Claim No. | Claim Amount | Claim Class Status | Modified Class Status | Reason for Reclassification |
|---|---|---|---|---|---|
| **Creditor Id: 251211**<br>FLOWERS BAKING CO OF NORFOLK LLC<br>ATTN MISSY WILSON, CREDIT MGR<br>132 NORTH BROAD STREET<br>THOMASVILLE GA 31792 | 9727<br>**Debtor: WINN-DIXIE STORES, INC.** | $2,703.44 | Unsecured Non-Priority | Administrative | REDUCED TO $1,858.93 BY 10/12/06 TWENTY-SECOND OMNIBUS CLAIMS OBJECTION ORDER. CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER. REDUCED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED IN THAT AMOUNT AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 374945**<br>FRANKLIN BAKING CO LLC<br>ATTN MISSY WILSON, CREDIT MGR<br>132 NORTH BROAD STREET<br>THOMASVILLE GA 31792 | 9726<br>**Debtor: WINN-DIXIE STORES, INC.** | $5,900.19 | Unsecured Non-Priority | Administrative | REDUCED TO $3,373.15 BY 5/4/06 EIGHTH OMNIBUS CLAIMS OBJECTION ORDER. CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER. REDUCED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED IN THAT AMOUNT AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 250361**<br>GEAC ENTERPRISE SOLUTIONS INC<br>NW 5421<br>PO BOX 1450<br>MINNEAPOLIS, MN 55485-5421 | 30831<br>**Debtor: WINN-DIXIE STORES, INC.** | $80.00 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 250361**<br>GEAC ENTERPRISE SOLUTIONS INC<br>NW 5421<br>PO BOX 1450<br>MINNEAPOLIS, MN 55485-5421 | 32271<br>**Debtor: ASTOR PRODUCTS, INC.** | $44,570.00 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 381023**<br>GRANITE TELECOMMUNICATIONS<br>PO BOX 9664<br>MANCHESTER, NH 03108-9664 | 31927<br>**Debtor: WINN-DIXIE STORES, INC.** | $8,036.86 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 253696**<br>KEELCO INC<br>ATTN OWNER<br>14476 DUVAL PLACE WEST, SUITE 202<br>JACKSONVILLE, FL 32218 | 379<br>**Debtor: WINN-DIXIE STORES, INC.** | $17,725.00 | Unsecured Non-Priority | Administrative | REDUCED TO $9,450.00 BY 4/20/06 SEVENTH OMNIBUS CLAIMS OBJECTION ORDER. CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER. REDUCED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED IN THAT AMOUNT AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 254529**<br>LAWN MAINTENANCE<br>PRO BORING<br>915 SILVER PALM WAY<br>APOLLO BEACH, FL 33572 | 31120<br>**Debtor: WINN-DIXIE STORES, INC.** | $4,968.94 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT I - EXECUTORY CONTRACT CLAIMS TO BE RECLASSIFIED

| Name of Claimant | Claim No. | Claim Amount | Claim Class Status | Modified Class Status | Reason for Reclassification |
|---|---|---|---|---|---|
| **Creditor Id:** 407449<br>LIFECLINIC INTERNATIONAL, INC<br>ATTN STEVE HALPERIN, COO/CFO<br>255 N WASHINGTON STREET, SUITE 202<br>ROCKVILLE MD 20850 | 4074<br><br>**Debtor: WINN-DIXIE STORES, INC.** | $1,700.00 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id:** 407449<br>LIFECLINIC INTERNATIONAL, INC<br>ATTN STEVE HALPERIN, COO/CFO<br>255 N WASHINGTON STREET, SUITE 202<br>ROCKVILLE MD 20850 | 4075<br><br>**Debtor: WINN-DIXIE STORES, INC.** | $1,800.00 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id:** 407449<br>LIFECLINIC INTERNATIONAL, INC<br>ATTN STEVE HALPERIN, COO/CFO<br>255 N WASHINGTON STREET, SUITE 202<br>ROCKVILLE MD 20850 | 4076<br><br>**Debtor: WINN-DIXIE STORES, INC.** | $7,350.00 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id:** 255235<br>MACRO 4, INC<br>PO BOX 19157<br>NEWARK, NJ 07195-0157 | 1367<br><br>**Debtor: WINN-DIXIE STORES, INC.** | $15,533.20 | Unsecured Non-Priority | Administrative | REDUCED TO $7,766.60 BY 10/3/06 ORDER CORRECTING 10/31/06 SIXTEENTH OMNIBUS CLAIMS OBJECTION ORDER. CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER. REDUCED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED IN THAT AMOUNT AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id:** 255771<br>MATRA SYSTEMS INC<br>3355 BRECKINRIDGE BLVD<br>STE 120<br>DULUTH, GA 30096 | 31180<br><br>**Debtor: WINN-DIXIE STORES, INC.** | $25,793.35 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id:** 402370<br>NAPLES DAILY NEWS<br>C/O RECEIVABLE MANAGEMENT SERVICES<br>ATTN PHYLLIS A HAYES<br>PO BOX 5126<br>TIMONIUM MD 21094 | 884<br><br>**Debtor: WINN-DIXIE STORES, INC.** | $18,824.20 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id:** 381012<br>NETWORK GENERAL CORPORATION<br>ATTN DAN CLAYTON, DIR<br>DEPT 33621<br>PO BOX 39000<br>SAN FRANCISCO, CA 94139 | 1201<br><br>**Debtor: WINN-DIXIE STORES, INC.** | $12,133.80 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT I - EXECUTORY CONTRACT CLAIMS TO BE RECLASSIFIED

| Name of Claimant | Claim No. | Claim Amount | Claim Class Status | Modified Class Status | Reason for Reclassification |
|---|---|---|---|---|---|
| **Creditor Id: 257706**<br>OPELOUSAS SWEEPING SERVICE<br>PO BOX 803<br>OPELOUSAS, LA 70571 | 33980<br>Debtor: WINN-DIXIE MONTGOMERY, INC. | $2,150.00 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 405341**<br>PDX INC<br>ATTN MICHAEL INGRAM, CFO<br>101 JIM WRIGHT FWY SO, STE 200<br>FT WORTH TX 76108-2202 | 11106<br>Debtor: WINN-DIXIE STORES, INC. | $4,154.94 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 258433**<br>PHARMACY CHOICE INC<br>1666 RACE STREET<br>DENVER, CO 80206 | 31377<br>Debtor: WINN-DIXIE STORES, INC. | $24,295.00 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 258857**<br>PRIME CUT<br>31227 N HORSESHOE<br>INDEPENDENCE, LA 70443 | 32881<br>Debtor: WINN-DIXIE LOGISTICS, INC. | $830.00 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 397805**<br>REPUBLIC REFRIGERATION<br>ATTN HENRY A SAYE, CEO<br>2890 GRAY FOX ROAD<br>MONROE, NC 28110 | 32902<br>Debtor: WINN-DIXIE LOGISTICS, INC. | $2,823.77 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 397805**<br>REPUBLIC REFRIGERATION<br>ATTN HENRY A SAYE, CEO<br>2890 GRAY FOX ROAD<br>MONROE, NC 28110 | 33137<br>Debtor: WINN-DIXIE LOGISTICS, INC. | $1,672.30 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 259492**<br>RETALIX<br>6100 TENNYSON PARKWAY, SUITE 150<br>PLANO, TX, 75024 | 32903<br>Debtor: WINN-DIXIE LOGISTICS, INC. | $17,991.70 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| **Creditor Id: 260493**<br>SAVRX ADVANTAGE<br>ATTN SHANNON BOYDL<br>224 NORTH PARK AVE<br>FREMONT, NE 68025 | 1844<br>Debtor: WINN-DIXIE STORES, INC. | $2,135.15 | Unsecured Non-Priority | Administrative | CONTRACT SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER. ASSERTED AMOUNT DUE AS CURE. CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT I - EXECUTORY CONTRACT CLAIMS TO BE RECLASSIFIED

| Name of Claimant | Claim No. | Claim Amount | Claim Class Status | Modified Class Status | Reason for Reclassification |
|---|---|---|---|---|---|
| **Creditor Id: 406000**<br>SPRINT-FLORIDA, INC<br>C/O SPRINT LTD BANKRUPTCY DEPT<br>KSOPHT0101-Z2800<br>ATTN VANCE KATZER<br>6391 SPRINT PARKWAY<br>OVERLAND PARK KS 66251-2800 | 2865 | $10,244.23 | Unsecured Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO FOURTH OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| Debtor: WINN-DIXIE STORES, INC. | | | | | |
| **Creditor Id: 261971**<br>STETON TECHNOLOGY GROUP INC<br>912 W 1600S, SUITE A200<br>ST GEORGE, UT 84770 | 31626 | $1,992.84 | Unsecured Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| Debtor: WINN-DIXIE STORES, INC. | | | | | |
| **Creditor Id: 262379**<br>T&A ENTERPRISE<br>3208 OLIVIER ROAD<br>JEANERETTE, LA 70544 | 34214 | $700.00 | Unsecured Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| Debtor: WINN-DIXIE MONTGOMERY, INC. | | | | | |
| **Creditor Id: 262379**<br>T&A ENTERPRISE<br>3208 OLIVIER ROAD<br>JEANERETTE, LA 70544 | 34473 | $525.00 | Unsecured Non-Priority | Administrative | CONTRACT  SUBJECT TO ASSUMPTION PURSUANT TO SECOND OMNIBUS ASSUMPTION ORDER.  ASSERTED AMOUNT DUE AS CURE.  CLAIM TO BE RECLASSIFIED AS ADMINISTRATIVE PRIORITY CLAIM, SUBJECT TO THE CONFIRMATION AND EFFECTIVENESS OF THE PLAN. |
| Debtor: WINN-DIXIE MONTGOMERY, INC. | | | | | |

**Total Claims to be Reclassified:** 46

**Total Amount to be Reclassified:** $756,704.76    Plus Unliquidated Amounts, If Any

**EXHIBIT J**

WINN-DIXIE STORES, INC., ET AL.
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT J - LATE CLAIMS TO BE DISALLOWED

| Name of Claimant | Remaining Claim No. | Remaining Claim Amount | Late Claim to be Expunged | Date Late Claim Filed | Claim Amount | Reason for Modification |
|---|---|---|---|---|---|---|
| ALABAMA BOLT & SUPPLY INC<br>C/O MILLER HAMILTON SNIDER ET AL<br>ATTN SHERRIE L PHILLIPS, ESQ<br>ONE COMMERCE STREET, SUITE 305<br>MONTGOMERY AL 36104 | 32442<br>Debtor: **WINN-DIXIE STORES, INC.** | $179.47 | 13302 | 06/13/06 | $573.62 | LATE FILED CLAIM BUT SURVIVED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. DEBTORS RESERVE RIGHT TO OBJECT ON OTHER GROUNDS. |
| BARRAN, E L & G M & EYSTER, J&M<br>C/O JOHN C EYSTER<br>PO BOX 1189<br>DECATUR AL 35602-1189 | 12160<br>Debtor: **WINN-DIXIE STORES, INC.** | $1,165,300.00 | 13325 | 07/05/06 | $1,540,574.00 | LATE FILED CLAIM BUT SURVIVED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. DEBTORS RESERVE RIGHT TO OBJECT ON OTHER GROUNDS. |
| Counsel: ATTN HEATHER R MORGAN, SECRETARY | | | | | | |
| CARDINAL HEALTH STAFFING NETWORK<br>ATTN DEBRA A WILLET, ESQ<br>7000 CARDINAL PLACE<br>DUBLIN, OH 43017 | 7457<br>Debtor: **WINN-DIXIE STORES, INC.** | $21,416.28 | 13396 | 08/03/06 | $23,073.35 | LATE FILED CLAIM BUT SURVIVED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. DEBTORS RESERVE RIGHT TO OBJECT ON OTHER GROUNDS. |
| CITY OF BARTOW, FL<br>450 N WILSON AVENUE<br>BARTOW FL 33831 | 30370<br>Debtor: **WINN-DIXIE STORES, INC.** | $25,493.90 | 12974 | 03/10/06 | $76,172.83 | LATE FILED CLAIM BUT SURVIVED BY CLAIM LISTED IN REMAINING CLAIM COLUMN AND BY CLAIM NUMBER 2908 IN THE AMOUNT OF $3,573.49. DEBTORS RESERVE RIGHT TO OBJECT ON OTHER GROUNDS. |
| Counsel: ATTN GEORGE T DUNLAP III, CITY ATTY | | | | | | |
| CITY OF PLAQUEMINE, LA<br>CITY LIGHT AND WATER PLANT<br>ATTN MONIKA G EDMOND, DIR<br>PO BOX 777<br>PLAQUEMINE LA 70764 | 1022<br>Debtor: **WINN-DIXIE STORES, INC.** | $49,749.80 | 13269 | 06/05/06 | $66,625.18 | LATE FILED CLAIM BUT SURVIVED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. DEBTORS RESERVE RIGHT TO OBJECT ON OTHER GROUNDS. |
| Counsel: ATTN PHILLIP CANOVA, JR | | | | | | |
| PRECOCINADOS FUENTETAJA, SL<br>C/O SGA RECOVERIES, INC<br>ATTN SEYMOUR GILLMAN, AGENT<br>1700 NORTH DIXIE HWY, SUITE 150<br>BOCA RATON FL 33432 | 30291<br>Debtor: **WINN-DIXIE SUPERMARKETS, INC.** | $12,384.28 | 13035 | 03/20/06 | $28,414.40 | LATE FILED CLAIM BUT SURVIVED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. DEBTORS RESERVE RIGHT TO OBJECT ON OTHER GROUNDS. |

**WINN-DIXIE STORES, INC., ET AL.**
**TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION**
**EXHIBIT J - LATE CLAIMS TO BE DISALLOWED**

| Name of Claimant | Remaining Claim No. | Remaining Claim Amount | Late Claim to be Expunged | Date Late Claim Filed | Claim Amount | Reason for Modification |
|---|---|---|---|---|---|---|
| SWISS RE ASSET MGMT (AMERICAS) INC BY CAPMARK SERVICES, INC, AGENT C/O GMAC COMMERCIAL MORTGAGE CORP ATTN SUSAN C TARNOWER THREE RAVINIA DRIVE, STE 200 ATLANTA GA 30346 | 10087 | $281,869.23 | 13307 | 06/21/06 | $540,662.64 | LATE FILED CLAIM BUT SURVIVED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. DEBTORS RESERVE RIGHT TO OBJECT ON OTHER GROUNDS. |
| | | | Debtor: **WINN-DIXIE MONTGOMERY, INC.** | | | |
| Counsel: ATTN MARGERY N REED, ESQ | | | | | | |
| WARD ADHESIVES ATTN: BARBARA BAUER, ACCT REC PO BOX 88426 MILWAUKEE, WI 53288-0426 | 11440 | $2,539.00 | 12882 | 01/24/06 | $4,961.22 | LATE FILED CLAIM BUT SURVIVED BY CLAIM LISTED IN REMAINING CLAIM COLUMN. DEBTORS RESERVE RIGHT TO OBJECT ON OTHER GROUNDS. |
| | | | Debtor: **WINN-DIXIE STORES, INC.** | | | |
| Transferee: ASM CAPITAL LP | | | | | | |
| **Total Claims to be Disallowed:** | **8** | | | | | |
| **Total Amount to be Disallowed:** | **$2,281,057.24** | | Plus Unliquidated Amounts, If Any | | | |

**EXHIBIT K**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | *Chapter 11* |
| Debtors. [1] | Jointly Administered |

**ORDER (A) DISALLOWING DUPLICATE LIABILITY CLAIMS,
(B) DISALLOWING AMENDED AND SUPERSEDED CLAIMS,
(C) DISALLOWING NO LIABILITY CLAIMS, (D) DISALLOWING NO
LIABILITY MISCLASSIFIED CLAIMS, (E) REDUCING OVERSTATED
CLAIMS, (F) REDUCING AND RECLASSIFYING OVERSTATED
MISCLASSIFIED CLAIMS, (G) FIXING UNLIQUIDATED CLAIMS,
(H) FIXING AND RECLASSIFYING UNLIQUIDATED MISCLASSIFIED
CLAIM, (I) RECLASSIFYING EXECUTORY CONTRACT CLAIMS AND
(J) DISALLOWING LATE CLAIMS, AS SET FORTH IN THE DEBTORS'
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION**

These cases came before the Court for hearing on November 30,

2006, upon the Twenty-Fifth Omnibus Objection (the "Objection") of Winn-Dixie

Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the

"Debtors") to the proofs of claim listed on Exhibits A through J (the "Disputed

Claims").[2] Upon consideration, it is

ORDERED AND ADJUDGED:

1.    The Objection is sustained.

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]    All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

2.    The Duplicate Liability Claims listed on Exhibit A are disallowed in their entirety, subject to the confirmation and effectiveness of the Plan, where applicable.

3.    The Amended Claims listed on Exhibit B are disallowed in their entirety.

4.    The No Liability Claims listed on Exhibit C are disallowed in their entirety.

5.    The asserted class status alleged for each of the No Liability Misclassified Claims listed on Exhibit D is denied; and the No Liability Misclassified Claims are (a) reclassified as specified on Exhibit D under the heading "Modified Class Status," and (b) disallowed in their entirety.

6.    The Overstated Claims listed on Exhibit E are reduced to the amounts set forth on Exhibit E under the heading Reduced Claim Amount and the amounts exceeding the Reduced Claim Amount are disallowed.

7.    The Overstated Misclassified Claims listed on Exhibit F are reduced to the amounts set forth on Exhibit F under the heading Reduced Claim Amount and the amounts exceeding the Reduced Claim Amount are disallowed. The asserted class status alleged for each of the Overstated Misclassified Claims listed on Exhibit F is denied; and the Overstated Misclassified Claims are reclassified as specified on Exhibit F under the heading Modified Class Status, subject to the confirmation and effectiveness of the Plan, where applicable.

8.    The Unliquidated Claims listed on Exhibit G are fixed in the amounts listed on Exhibit G under the heading Fixed Claim Amount and are disallowed to the extent of any amounts exceeding the Fixed Claim Amount.

2

9.     The Unliquidated Misclassified Claim listed on Exhibit H is fixed at the amount set forth on Exhibit H under the heading Fixed Claim Amount and the amount exceeding the Fixed Claim Amount is disallowed. The asserted class status alleged for the Unliquidated Misclassified Claim listed on Exhibit H is denied; and the Unliquidated Misclassified Claim is reclassified as specified on Exhibit H under the heading Modified Class Status.

10.     Subject to the confirmation and effectiveness of the Plan, the asserted class status alleged for each of the Executory Contract Claims listed on Exhibit I is denied; and the Executory Contract Claims are reclassified as specified on Exhibit I under the heading Modified Class Status.

11.     The Late Claims listed on Exhibit J are disallowed in their entirety.

12.     Each claim and the objections by the Debtors to such claim as addressed in the Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order is deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by this Order.

13.     Neither the Objection nor any disposition of the Disputed Claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any potential Avoidance Action against any of the Claimants.

3

14.    Except as otherwise agreed between the Debtors and a
particular claimant, this Order is without prejudice to the Debtors' right to file any
further objection they may have to the Disputed Claims or the Remaining Claims,
including objections on the ground that a Disputed Claim was filed against the
incorrect Debtor or that the Debtor against which the Disputed Claim was filed
should be modified.

Dated this ____ day of November, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

**THE EXHIBITS TO BE ATTACHED TO THE ORDER WHEN ENTERED
WILL BE THE SAME EXHIBITS THAT ARE ATTACHED TO THE
OBJECTION, WITH ANY NECESSARY MODIFICATIONS TO ADDRESS
RESPONSES TO THE OBJECTION**

5