UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* ) |
| Debtors. | ) Jointly Administered ) |

**DEBTORS' MOTION SEEKING APPROVAL OF STIPULATION REGARDING
ADMINISTRATIVE CLAIM APPLICATION FILED BY VOGEL AND VOGEL**

> NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING
>
> Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, (ii) Rosalie Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com and (iii) Office of the United States Trustee, 135 west Central Boulevard, Room 620, Orlando, Florida 32801, ElenaL.Escamilla@usdoj.gov.
>
> If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates move pursuant to Rules 2002 and 9019, Federal Rules of Bankruptcy Procedure, and Local Rule 2002-4, for entry of an order in the form attached as Exhibit A, approving the attached Stipulation regarding the administrative claim application filed in these cases by Vogel and Vogel, an Arkansas General Partnership (Docket No. 11640). If no objection to the proposed

Stipulation and Order is filed and served within the time set forth above, the Debtors will ask the

Court to enter the Order without further notice or hearing.

Dated:  November 1, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  */s/ D. J. Baker*  <br>        D. J. Baker <br>        Sally McDonald Henry <br>        Rosalie Walker Gray <br>        Adam S. Ravin | By  */s/ Cynthia C. Jackson*  <br>        Stephen D. Busey <br>        Cynthia C. Jackson (FBN 498882) |
| Four Times Square <br>New York, New York 10036 <br>(212) 735-3000 <br>(212) 735-2000 (facsimile) <br>djbaker@skadden.com | 225 Water Street, Suite 1800 <br>Jacksonville, Florida  32202 <br>(904) 359-7700 <br>(904) 359-7708 (facsimile) <br>cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER APPROVING STIPULATION REGARDING ADMINISTRATIVE**
**CLAIM APPLICATION FILED BY VOGEL AND VOGEL**

These cases came to be heard upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") for approval of the attached stipulation (the "Stipulation") between the Debtors and Vogel and Vogel, an Arkansas General Partnership (the "Motion"). The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to object within 20 days of the date of service. No party filed an objection within the time permitted. The Court therefore considers the matter to be unopposed; it is

ORDERED that the Motion is granted and the Stipulation is approved.

Dated this ____ day of _____, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:
Cynthia C. Jackson, Attorney for Debtors
Adam S. Ravin, Attorney for Debtors
Karen K. Specie, Attorney for Vogel and Vogel
J. Maurice Rogers, Attorney for Vogel and Vogel

**<u>Exhibit 1</u>**

Case 3:05-bk-03817-JAF   Doc 12302   Filed 11/01/06   Page 5 of 8

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |

## STIPULATION REGARDING ADMINISTRATIVE CLAIM APPLICATION FILED BY VOGEL AND VOGEL

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") on the one hand, and Vogel and Vogel, an Arkansas General Partnership ("Vogel") on the other hand, stipulate as follows:

### RECITALS

A. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of the Bankruptcy Code.

B. The Debtors (as tenant) and Vogel (as landlord) were parties to a non-residential real property lease (the "Lease") related to Store Number 1571 located in Villa Platte, Louisiana (the "Premises"). The Debtors rejected the Lease on May 19, 2006 (the "Rejection Date").

C. The Debtors acknowledge that Section 365(d)(3) of the Bankruptcy Code obligates them to pay the obligations that arise under the Lease from the Petition Date through the Rejection Date.

D. On October 5, 2006, Vogel filed an application for allowance and payment of an administrative claim (Docket No. 11640) for estimated post-petition 2006 real estate taxes arising under the Lease (the "Application").

E. The 2006 real estate taxes for the Premises (the "2006 Real Estate Taxes") have not yet come due.

F. The Debtors and Vogel agree that entry of this Stipulation is in the best interests of the Debtors' respective estates.

### AGREEMENT

NOW THEREFORE, IT IS AGREED, subject to approval of the Bankruptcy Court, that:

1. Subject to the terms of the Lease, the 2006 Real Estate Taxes prorated with respect to the period between the Petition Date and the Rejection Date shall be treated as an Administrative Claim (as defined in the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors).

2. Upon presentation by Vogel of the invoice(s) evidencing the 2006 Real Estate Taxes, the Debtors, in accordance with the terms of the Lease, shall pay Vogel for the prorated amount of the 2006 Real Estate Taxes attributable to the period between the Petition Date and the Rejection Date.

3. Vogel will withdraw the Application within two (2) days of the entry of the Order approving this Stipulation.

*[signatures on following pages]*

Dated as of November 1, 2006:

| **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** | **HILBURN, CALHOON, HARPER, PRUNISKI & CALHOUN, LTD.** |
|---|---|
| By   /s/ *Adam S. Ravin*<br>         Adam S. Ravin<br><br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>aravin@skadden.com<br><br>**COUNSEL TO DEBTORS** | By:   /s/ *J. Maurice Rogers*<br>         J. Maurice Rogers<br><br>P. O. Box 5551<br>North Little Rock, Arkansas 72119<br>(501) 372-0110<br>(501) 372-2028<br>jmrogers@hilburnlawfirm.com<br><br>**COUNSEL TO VOGEL AND VOGEL, AN ARKANSAS GENERAL PARTNERSHIP** |

3