UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**AGREED ORDER OF RESOLUTION OF THE LITIGATION
CLAIM OF PHYLLIS CALHOUN (CLAIM NO. 13256)**

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimant, Phyllis Calhoun (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). The Court finds that notice of the proposed Agreed Order was served on all interest parties in compliance with the Local Rule 2002-4 informing the parties of the opportunity to object within 20 days of the date of service and no party has filed an objection. The Court therefore considers the entry of the Order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1. Claim No. 13256 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $3,750.00 against Winn-Dixie Stores, Inc. in Case No. 05-03817 which the Debtors are authorized to pay in full in accordance with the Claims Resolution Procedure.

2. This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 13256 and (ii) all other claims the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or

00543844

3. The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Debtors in this Court or in any other forum.

4. The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability. The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement.

5. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this  1  day of  November , 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

00543844

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By: _____
James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Debtors

By: _____
Arthur P. Cohen

500 West Cypress Creek Road
Suite 300
Fort Lauderdale, Florida 33309

Attorney for the Claimant

00543844