PRINCIPAL MUTUAL LIFE INSURANCE COMPANY
711 High Street
Des Moines, IA 50392-0301

October _16_, 2006

Bennett M. Lifter
17760 NW 2nd Avenue, Suite 200
Miami, FL 33169

> Re:   Sale by **Bennett M. Lifter, As Trustee of the Waikiki Partnership of the Daniel and Helene Lifter Trust Funds** ("Seller") to LCH Opportunities, LLC (collectively with its successors and assigns, "Buyer") of pre-petition accounts receivable in the aggregate amount of **$328,543.56** originally owed by **Winn-Dixie Stores, Inc., et. al.,** to Seller and designated as Claim No. 12972 in Winn-Dixie Stores, Inc. bankruptcy Case No. 05-03817-3F1 (collectively the "Claim")

Ladies and Gentlemen:

PRINCIPAL MUTUAL LIFE INSURANCE COMPANY (collectively with its successors and assigns, the "Secured Party") confirms that it hereby (i) releases any and all right title and interest of any kind or lien that it has in, on, or in respect of the above Claim, including but not limited to any and all right, title and interest it may have in respect of accounts and accounts receivable and general intangibles (together with all rights, title and interest relating to the foregoing, and including distributions and proceeds in respect of the foregoing) originally owed by **Winn-Dixie Stores, Inc., et. al.,** to Seller and (ii) consents to the sale of the Claim by Seller to Buyer.

PRINCIPAL LIFE INSURANCE COMPANY (F.K.A. Principal Mutual Life Insurance Company), an Iowa corporation

By:   PRINCIPAL REAL ESTATE INVESTORS, LLC, a Delaware limited liability company, its authorized signatory

By   _____
　　　H. J. Winegar
　　　Senior Commercial Mortgage Servicer

By   _____
　　　C. N. Giles
　　　Assistant Managing Director
　　　Commercial Mortgage Servicing

**EXHIBIT**
Composite
_A_

Contact information for Jim Winegar:

Jim Winegar
Senior Commercial Mortgage Servicer
Principal Real Estate Investors
801 Grand Ave
Des Moines, IA 50392-1450
Phone: (515) 246-7167
Fax: (866) 850-4022
winegar.jim@principal.com


cc: Hain Captial Group, LLC

Duane Morris*

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE

WENDY M. SIMKULAK
DIRECT DIAL: 215.979.1547
E-MAIL: wmsimkulak@duanemorris.com

www.duanemorris.com

October 23, 2006

**VIA FEDEX**

Winn-Dixie Claims Docketing Center
c/o Logan & Company, Inc.
546 Valley Road
Upper Montclair, NJ 07043

**Re:    Winn-Dixie Raleigh, Inc.
          Case No. 05-03817**

Dear Sir/Madam:

Please be advised that Principal Life Insurance Company f/k/a Principal Mutual Life Insurance Company ("Principal") hereby withdraws proof of claim number 8835, which was filed on July 28, 2005 (the "Withdrawal") and a copy of which is attached hereto as Exhibit "A".

The Withdrawal is without prejudice to the Principal's rights (a) to assert and seek payment under all of its other filed proofs of claim; (b) to file and seek payment of additional claims for (i) administrative expenses and (ii) attorneys' fees and costs; and (c) to assert any other claims Principal may have against any of the Debtors relating to or incidental to the Debtors' obligations and the documents referenced herein.

Kindly acknowledge your receipt of the Withdrawal by returning a stamped copy of this letter in the enclosed return Federal Express envelope.

Please feel free to contact me with any questions. Thank you for your attention to this matter.

Sincerely,

*Wendy M. Simkulak / sc*

Wendy M. Simkulak

wms/sc
Enclosure

DUANE MORRIS LLP

30 SOUTH 17TH STREET    PHILADELPHIA, PA 19103-4196          PHONE: 215.979.1000   FAX: 215.979.1020
DM3\404644.1

# EXHIBIT "A"

FORM B10 (Official Form 10) (4/04)

| UNITED STATES BANKRUPTCY COURT ___MIDDLE___ | DISTRICT OF FLORIDA | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor   Winn-Dixie Raleigh, Inc.<br>f/k/a Winn-Dixie Midwest, Inc. | Case Number  05-03839 | |

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case  A "request" for payment of an administrative expense may be filed pursuant to 11 U S C § 503

| | | |
|---|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property)<br>**Principal Life Insurance Company**<br>f/k/a Principal Mutual Life Insurance Company  410511 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars | DEBTOR WINN - DIXIE STORES, INC<br>U S BANKRUPTCY COURT M D -FLORIDA<br>JOINTLY ADMINISTERED UNDER<br>CASE  05-03817 (3F1)<br>CHAPTER 11<br>**CLAIM NO.: 8835** |
| Name and address where notices should be sent<br>Margery N. Reed, Esquire        Stephen G. Skrivanek, Esquire<br>Duane Morris LLP              The Principal Financial Group<br>4200 One Liberty Place        711 High Street<br>Philadelphia, PA 19103-7396   Des Moines, IA 50392-0001<br>Telephone number (215) 979-1518  Telephone number  (515) 248-3757 | ☒ Check box if you have never received any notices from the bankruptcy court in this case<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court | ___ - ___<br>THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor<br>Loan # 751599 | Check here<br>if this claim  ☐ replaces    a previously filed claim, dated _____<br>                   ☐ amends |
|---|---|

| 1.  Basis for Claim | |
|---|---|
| ☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☒ Other  See Attached | ☐ Retiree benefits as defined in 11 U.S.C § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS #_____<br>Unpaid compensation for services performed<br>from _____   to _____<br>        (date)                  (date) |

**2.  Date debt was incurred: See Attached**   |   **3.  If court judgment, date obtained:**

| 4.  Total Amount of Claim at Time Case Filed: | | | | |
|---|---|---|---|---|
| | $ See Attached<br>(unsecured) | (secured) | (priority) | See Attached<br>(Total) |

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim  Attach itemized statement of all interest or additional charges

| 5.  Secured Claim. | 7.  Unsecured Priority Claim. |
|---|---|
| ☐ Check this box if your claim is secured by collateral (including a right of setoff)<br><br>Brief Description of Collateral<br>☐ Real Estate   ☐ Motor Vehicle<br>     ☐ Other _____<br><br>Value of Collateral   $_____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any  $_____ | ☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $_____<br>Specify the priority of the claim<br>☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U S C § 507(a)(3)<br>☐ Contributions to an employee benefit plan - 11 U S C § 507(a)(4)<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U S C § 507(a)(6)<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U S C § 507 (a)(7)<br>☐ Taxes or penalties owed to governmental units - 11 U S C § 507 (a)(8)<br>☐ Other – Specify applicable paragraph of 11 U S C § 507 (a) (___)<br>* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment |
| **6.  Unsecured Nonpriority Claim** $ See Attached<br><br>☒ Check this box if  a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority | |

8.  Credits:  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

9.  Supporting Documents:  *Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien  DO NOT SEND ORIGINAL DOCUMENTS  If the documents are not available, explain  If the documents are voluminous, attach a summary*

10.  Date Stamped Copy:  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| 7/25/05 | [signature]                                    Stephen G. Skrivanek, Counsel | RECEIVED 2005 JUL 28 PM 12: 04 U S BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA    LOGAN & COMPANY, INC. AS AGENT |

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

## ATTACHMENT TO PROOF OF CLAIM OF PRINCIPAL LIFE INSURANCE COMPANY f/k/a PRINCIPAL MUTUAL LIFE INSURANCE COMPANY

1.      This is an attachment to and part of the proof of claim of Principal Life Insurance Company f/k/a Principal Mutual Life Insurance Company ("Principal") against Winn-Dixie Raleigh, Inc. f/k/a Winn-Dixie Midwest, Inc. (together with one or more of its affiliates, the "Debtors") in its chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Middle District of Florida at Case No. 05-03839.                    •

2.      Principal's claim (the "Claim") is based upon and is evidenced by, *inter alia*, the Lease (as defined herein) and the Loan Documents (as defined herein) (collectively, the "Claim Documents"). As the Claim Documents are voluminous, they are not attached to the Proof of Claim. Copies of the Claim Documents will be provided upon request.

3.      Baumgardner-Hogan, Inc (the "Original Lessor"), as lessor, and Winn-Dixie Louisville, Inc , as lessee, entered into a lease dated October 21, 1993 (as amended, the "Lease") for that certain property located at 550 Highway 62 West, Princeton, KY  42445-2410 (the "Property") and known as the Debtors' store number 1665.

4.      Upon information and belief, the Debtors have sublet the Property to an unrelated third party (the "Sublease"). Notwithstanding the Sublease, the Debtors remain liable for, *inter alia*, Rent (as defined herein) pursuant to the Lease.

5.      All right, title and interest of Original Lessor under the Lease have been transferred to Bennett M. Lifter, Trustee of the Lifter Properties Land Trust Agreement ("Lifter").

6.      Pursuant to the Lease, the lessee is required to pay, *inter alia*, basic rent plus additional rent (collectively, the "Rent").

7.      On or about September 17, 1997, Principal made a loan to Lifter in the original

principal amount of Sixteen Million and 00/100 Dollars ($16,000,000.00) (the "Loan"). The

Loan is evidenced by, *inter alia*, the following documents (collectively, the "Loan Documents"):

a.      that certain Secured Promissory Note dated as of September 17, 1997 in

the original principal amount of Eleven Million and 00/100 Dollars (11,000,000.00) executed by

Lifter in favor of Principal (the "First Note");

b.      that certain Secured Promissory Note dated as of September 17, 1997 in

the original principal amount of Five Million and 00/100 Dollars ($5,000,000.00) executed by

Lifter in favor of Principal (the "Second Note"; together with the First Note, the Notes);

c.      that certain Mortgage and Security Agreement dated as of September 17,

1997 by and between Lifter, as mortgagor, and Principal, as mortgagee (the "Mortgage"); and

d.      that certain Assignment of Leases and Rents dated as of September 17,

1997 by and between Lifter, as assignor, and Principal, as assignee (the "Assignment of Leases

and Rents").

8.      Principal has the right, title and interest in and to the Claim based upon, *inter alia*,

the following:

a.      Pursuant to the Mortgage, Lifter, as mortgagor, granted, bargained, sold,

and conveyed unto Principal, as mortgagee, *inter alia*, all of its right, title, and interest in the

Property, including, but not limited to Lifter's interest as lessor in and to the Lease and all rents,

income, issues, proceeds and profits accruing or to accrue from the Property.

b.      Pursuant to the Assignment of Leases and Rents, Lifter, as assignor,

absolutely and directly assigned, bargained, sold, transferred, conveyed, set over and delivered

unto Principal, as assignee, all its rights under the Lease and all rents, or other income or

2

payments, which then or thereafter became due or owing under the Lease or on account of the use of the Property.

     9.     On or about July 1, 2005, the Debtors filed a Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Auction Motion").

     10.     As of the date hereof, the Debtors have not rejected, assumed or assigned the Lease.

     11.     Accordingly, Principal files this proof of claim as a contingent, unliquidated claim for all amounts that are or may become due and owing under the Lease as of the date of rejection, assumption or assignment of the Lease.

     12.     This Claim is separate from and in addition to any and all other proofs of claim filed by Principal in the Debtors' cases.

     13.     Principal expressly reserves and preserves its rights (a) to amend and/or supplement this proof of claim and/or file additional claims (i) for administrative expenses; (ii) for interest, attorneys' fees and costs to the extent provided under the Lease and permitted by applicable law; (iii) arising from any default, rejection, assumption or assignment of the Lease; and (iv) any other claims that Principal may have against the Debtors; and (b) to estimate the Claim and assert additional claims if the Claim is estimated and/or liquidated.