May 16 06 02:48p    Scunci International        12156824892              p.4

**LN INTERNATIONAL, INC.**
455 Business Center Drive
Suite 100
Horsham, PA 19044

May 15, 2006

PNC Bank, National Association
1600 Market Street
Philadelphia, PA 19103
Attention: Janeann Fehrle, Vice President

    Re:    Peaceful Repossession of Certain Assets of LN International, Inc. (the "Borrower") in favor of PNC Bank, National Association (the "Agent") and the Lenders party to the Loan Agreement referred to below (together with the Agent, the "Creditors")

Dear Ms. Fehrle:

    Borrower is indebted to Creditors for certain revolving credit loans (collectively, the "Loans") in the current maximum principal amount of $7,500,000 (the "Revolving Credit"), as evidenced by that certain Revolving Credit Note dated May 19, 2005 from Borrower (the "Note") issued pursuant to that certain Revolving Credit and Security Agreement dated May 19, 2005, as amended by the First Amendment to Revolving Credit and Security Agreement dated November 2, 2005 (as amended, the "Loan Agreement") between Borrower and Creditors. Capitalized terms used herein and not otherwise defined shall have the meanings provided for such terms in the Loan Agreement.

    Borrower's existing and future obligations to Creditors, including without limitation, all obligations owing under the Note and related loan documents, are secured by, among other things, a security interest in and against all assets of Borrower, of every kind and nature, including without limitation, Borrower's present and after acquired accounts (including health-care insurance receivables and credit card receivables), deposit accounts, commercial tort claims, letter of credit rights, chattel paper (including electronic chattel paper), documents, instruments, investment property, general intangibles (including payment intangibles), software, goods, inventory, equipment, furniture and fixtures, all supporting obligations of the foregoing, and all cash and non-cash proceeds and products (including without limitation insurance proceeds) of the foregoing, and all additions and accessions thereto, substitutions therefore and replacements thereof (collectively, the "Collateral ").

EXHIBIT A

PNC Bank, National Association
May 15, 2006
Page 2 of 2

Intending to be legally bound hereby, the Creditors and the Borrower hereby agree as follows:

1. Borrower acknowledges and agrees that the facts and statements contained above are true and correct in all respects.

2. Borrower confirms that the Loans are in default on the date of this letter (the "Existing Event of Default"), and such default has not been waived or impaired, in any way, by Creditors. All Loans are hereby declared due and payable. The Borrower confirms that no future advances are available under the Revolving Credit, and that all amounts owing under the Loans are immediately due and payable. Notwithstanding the foregoing, the Creditors shall be entitled, in their sole discretion, and without request by the Borrower, to make additional Loans in connection with expenses incurred in the preservation and liquidation of the Collateral or otherwise with respect to the exercise by the Creditors of their rights and remedies under the Loan Agreement and related documents, and under applicable law, and such Loans shall be governed by, and secured in accordance with, the terms and conditions of the Loan Agreement to the same extent as if the Borrower had made a request; and the Creditors shall be entitled, in their sole discretion to make additional Loans at Borrower's request for purposes designated by Borrower.

3. With this letter, Borrower is, as of the date hereof, giving Agent peaceful possession of the Collateral pursuant to Sections 9603 and 9609 of the Pennsylvania Uniform Commercial Code (the "Code") and hereby shall, on such date, surrender and deliver to Agent all such Collateral wherever located, including, without limitation, all Collateral located at locations in Horsham, PA, Memphis, TN, Bells, TN, Addison, TX and Ontario, CA (collectively, the "Locations"). Borrower covenants and agrees that there is no other Collateral other than the assets at the Locations and that Borrower has full right, title and interest in and to the Collateral, free and clear of all liens and encumbrances other than those in favor of Agent or would be shown on a UCC search against Borrower and any landlord's or warehousemen's liens that may hereafter be asserted.

4. With this letter, Borrower also agrees that on or after the date hereof, Agent may conduct one or more public or private sales of the Collateral, and, in that regard, Borrower hereby waives and renounces any and all rights to receive any prior notification of such sales. Agent endeavors to continue to give Borrower information regarding the ongoing liquidation of the Collateral. Borrower also hereby confirms that Agent is not accepting or retaining the Collateral in full satisfaction of Borrower's obligations to Creditors under Section 9620 of the Code. Borrower also waives its rights to redeem the Collateral under Section 9623 of the Code. Notwithstanding the foregoing, Agent shall allow any shareholder of Borrower or their respective designees to bid on any of the Collateral before it is sold.

5. Borrower shall, and shall endeavor to cause its employees to, cooperate with Agent and any designee of Agent, if so designated by Agent, to conduct one or more secured party sales of the Collateral of Borrower. Borrower consents to any such employees being hired or retained by the Creditors or Phoenix Management Services, Inc., as employees or independent

DMEAST #9494371 v6

May 16 06 02:48p    Scunci International    12156824892    p.6

PNC Bank, National Association
May 15, 2006
Page 3 of 3

contractors. Borrower irrevocably agrees that Creditors and their advisors and consultants shall have (and Borrower shall provide) full and complete access to all Locations, including delivering herewith to Creditors keys for all Locations.

6. All other terms and conditions of the documents evidencing the Loans remain unchanged and in full force and effect on the date hereof. Borrower also confirms that all security agreements, and all Collateral, liens, security interests, mortgages, and pledges created by Borrower, continue unimpaired and in full force and effect and shall cover and secure all of Borrower's existing and future liabilities to Creditors, including without limitation, for the Loans.

7. Borrower hereby represents and warrants to Creditors that:

(a) the Borrower is a corporation duly organized and validly existing under the laws of its state of incorporation, is duly qualified, is validly existing and in good standing and has lawful power and authority to engage in the business its conducts; and

(b) the Borrower has all requisite corporate power and authority to enter into and perform this agreement and to incur the obligations herein provided for, and has taken all proper and necessary corporate action to authorize the execution, delivery and performance of this agreement, and the documents and related agreements required hereby.

8. No failure to exercise and no delay in exercising, on the part of Creditors, any right, remedy, power or privilege hereunder, shall operate as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege. The actions and remedies being exercised by Agent herein shall not be deemed to limit and are not exclusive of any rights, remedies, powers and privileges available to Agent against the remainder of the Collateral.

9. The rights and benefits of this agreement shall not inure to the benefit of any third party.

10. No waiver, and no modification, amendment, discharge or change of this agreement, shall be valid unless the same is in writing and signed by the party against whom the enforcement of such modification, waiver, amendment, discharge or change is sought.

11. **THIS AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT BETWEEN US; THERE ARE NO ORAL AGREEMENTS. EACH OF THE UNDERSIGNED IRREVOCABLY WAIVES TRIAL BY JURY AND THE RIGHT THERETO IN ANY AND ALL ACTIONS INSTITUTED BY OR AGAINST CREDITOR IN CONNECTION WITH THIS AGREEMENT OR ANY RELATED DOCUMENT. THIS AGREEMENT SHALL BE GOVERNED BY PENNSYLVANIA LAW.**

PNC Bank, National Association
May 15, 2006
Page 4 of 4

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of this 15th day of May, 2006.

BORROWER:

LN INTERNATIONAL, INC.

By: *[signature]*
Name: LEWIS M. HENDLER
Title: VICE CHAIRMAN

ACKNOWLEDGED AND AGREED:

**PNC BANK, NATIONAL ASSOCIATION,**
**as Agent and Lender**

By: _____
   Janeann Fehrle, Vice President

DMEAST #9494371 v6

PNC Bank, National Association
May 15, 2006
Page 5 of 5

COMMONWEALTH OF PENNSYLVANIA : ss
COUNTY OF _Montgomery_ :

ON THIS the _16_ day of _May_, 2006, before me, the undersigned notary public, personally appeared _____, who acknowledged himself to be _Vice Chairman_ of LN INTERNATIONAL, INC., and that he, as such being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporation as such officer.

SWORN and subscribed before me the day and year aforesaid.

WITNESS my hand and notarial seal.

_Harriet B. Hochman_
NOTARY PUBLIC

My commission expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Harriet B. Hochman, Notary Public
Upper Moreland Twp., Montgomery County
My Commission Expires June 7, 2008
Member, Pennsylvania Association of Notaries

DMEAST #9494371 v6