UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-03817-F1 |
| | ) | |
| WINN-DIXIE STORES, INC., ET AL., | ) | CHAPTER 11 |
| | ) | (JOINTLY ADMINISTERED) |
| DEBTORS. | ) | |
| | ) | |

---

**RESPONSE OF GATOR COASTAL SHOPPING CENTRE, LLC TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS, (C) OVERSTATED CLAIMS, (D) OVERSTATED MISCLASSIFIED CLAIMS, (E) MISCLASSIFIED CLAIMS, (F) DUPLICATE LIABILITY CLAIMS AND (G) AMENDED AND SUPERSEDED CLAIMS**

---

Gator Coastal Shopping Centre, LLC ("Gator"), by its undersigned counsel, submits this Response (the "Response") to the Debtors' Twenty-Fourth Omnibus Objection to (a) No Liability Claims, (b) No Liability Misclassified Claims, (c) Overstated Claims, (d) Overstated Misclassified Claims, (e) Misclassified Claims, (f) Duplicate Liability Claims and (g) Amended and Superseded Claims (the "Claim Objection"). In support of this Response, Gator respectfully states:

## INTRODUCTION

1. On February 21, 2005 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United Sates Code (the "Bankruptcy Code").

2. Gator is the owner of the shopping center known as Coastal Shopping Centre Mall (the "Coastal Mall") located in Conway, South Carolina. On the Petition Date, the Debtor leased Store No. 2124 (the "Leased Premises") at the Coastal Mall. On the Petition Date, the Debtors were a sub-sublessee of the Leased Premises under a Sub-Sublease (the "Sub-Sublease") with Cardinal

Capital Partners, Inc. Employee Profit Sharing Plan & Trust ("Cardinal"), as successor to Realty South Investors, Inc. ("RSI").

3.  On April 29, 2005, the Debtors filed their Motion for Order Authorizing (I) Retroactive Rejection of Certain Real Property Leases and (II) Abandonment of Related Personal Property (the "Rejection Motion") requesting the authority to reject the Sub-Sublease. On May 19, 2005, the Court entered an Order approving the Rejection Motion and rejecting the Sub-Sublease. On July 29, 2005, Gator filed a proof of claim in these chapter 11 cases in the total amount of $586,477.66 (the "Gator Claim") related to the Leased Premises comprised of: (a) a general unsecured claim in the amount of (i) $7,178.08 for prepetition rent and insurance, (ii) $390,539.03 in rejection damages, and (iii) $150,000 in deferred maintenance; and (b) a $38,760.55 administrative priority claim for unpaid postpetition rent and insurance. A copy of the Gator Claim is attached hereto as Exhibit A.

4.  On October 17, 2006, the Debtors filed the Claim Objection asserting that: (a) the Debtors are not liable for the Gator Claim pursuant to their books and records; and (b) the Gator Claim is misclassified.

## THE DEBTORS ARE LIABLE TO GATOR FOR THE GATOR CLAIM

5.  Gator acquired title to the Coastal Mall from Coastal Centre, LLC ("Coastal") on or about February 24, 2005 by Deed. At such time, the Leased Premises were subject to a Lease between Coastal as Lessor and Mountcastle Corporation ("Mountcastle") as Lessee, dated February 1, 1985, as amended on May 7, 1985 (the "Prime Lease"). Mountcastle, as Lessee of the Prime Lease, subleased the Leased Premises, as Sub-Lessor, to Cardinal (as successor to RSI), as Sub-Lessee, pursuant to a Land Sub-Lease dated May 7, 1985 (the "Sub-Lease").[1] In turn, Cardinal, as

---

[1] Winn-Dixie Charlotte, Inc. was the original sublessee under the Sub-Lease on May 7, 1985. Through a

-2-

Sub-Lessee, sub-subleased the Leased Premises, as Sub-Sublessor, to the Debtors, as Sub-Sublessee, pursuant to the Sub-Sublease, dated as of December 12, 1986. A copy of the Sub-Sublease is attached hereto as Exhibit B.

6. The Sub-Sublease, *inter alia*, required that all payments due by Cardinal's predecessor (RSI) to Mountcastle under the Sub-Lease would be required to be paid directly to Mountcastle by the Debtors. See Exhibit B at 1. The Sub-Sublease also required that payments of additional rent be paid to Cardinal's predecessor (RSI). Id. at 2.

7. The Prime Lease expired by its terms on June 30, 2005. As a result, Gator as fee owner of the Leased Premises stepped into the shoes of Mountcastle under the Sub-Lease on June 30, 2005. As set forth in the Sub-Sublease, the payments due by the Debtors directly to Mountcastle pursuant to the express terms of the Sub-Sublease became due and payable to Gator as the fee owner of the Leased Premises and Prime Lessor, and as successor Sub-Lessor, no later than February 24, 2006. In addition, the Sub-Lease terminated on or prior to February 24, 2006. Thereupon, any amounts due by the Debtors to Cardinal pursuant to the Sub-Lease became due and payable to Gator as the fee owner and Prime Lessor, and as successor Sub-Sublessor.

8. As set forth in the Gator Claim, Gator did not receive payment of certain prepetition and postpetition rent for the Leased Premises from Cardinal or the Debtors. Moreover, pursuant to the Sub-Sublease, the Debtors were obligated to insure the Leased Premises, pay real estate taxes, and maintain the Leased Premises in good condition and repair. The Debtors breached these and other provisions of the Sub-Sublease and Gator was required to expend funds to pay for each of these items. The rejection of the Sub-Sublease by the Debtors caused damages to Gator for all

---

financing arrangement, Cardinal's predecessor (RSI) subsequently became the sublessee of the Sub-Lease and then entered into the Sub-Sublease with the Debtors.

payments due by the Debtors or to become due by the Debtors for the balance of the term of the Sub-Sublease as set forth in the Gator Claim.

9. As a result of the foregoing, Gator has a valid claim against the Debtors for: (a) failure to pay prepetition and postpetition rent; (b) failure to comply with the terms of the relevant lease documents; and (c) rejection damages. Gator further submits that the amounts and priorities of the Gator Claim are correct.

### THE PRINCIPAL LIFE INSURANCE CLAIM FOR REJECTION DAMAGES

10. On July 29, 1005, Principal Life Insurance Company ("Principal") also filed a general unsecured proof of claim in these chapter 11 cases for $388,121 in rejection damages related to the Leased Premises (the "Principal Rejection Damage Claim"). A copy of the Principal Rejection Damage Claim is attached hereto as Exhibit C. Pursuant to the Principal Rejection Damage Claim, Principal alleges that it is entitled to assert a claim pursuant to certain loan documents delivered to Principal by Cardinal.[2]

11. On August 26, 2005, Gator filed an action against Principal in the Court of Common Pleas of Horry County, South Carolina (Civil Action No. 2005-CP-26-4499) (the "South Carolina Litigation") seeking, *inter alia*, a declaratory judgment that Principal had no interest in the Leased Premises, the Sub-Lease or any right to receive payment from the Debtors for the Leased Premises. Gator and Principal have each filed motions for summary judgment in the South Carolina Litigation. A copy of Gator's Memorandum in Support of Summary Judgment in the South Carolina Litigation is attached hereto as Exhibit D. If Gator prevails on its summary judgment motion, the State Court will enter a declaratory judgment that Principal has no interest in the Leased Premises, the Sub-Lease or any benefit arising therefrom. Gator believes that any such judgment by

---

[2] Upon information and belief, Cardinal did not file a proof of claim in these chapter 11 cases for rejection damages related to rejection of the Sub-Sublease.

the State Court will: (a) eliminate any alleged right to a distribution by Principal from the Debtors on the Principal Rejection Damage Claim; and (b) make clear that Gator is the appropriate party entitled to a distribution from the Debtors on the Gator Claim. The summary judgment motions have been fully briefed, argued and are under advisement with the State Court.

12. Upon information and belief, the Debtors have not at this time objected to the Principal Rejection Damage Claim. Gator believes that it is appropriate for this Court to determine at this time the amount and priority of any claims related to the Debtors' breach and rejection of the Sub-Sublease and related lease documents. However, due to the pending summary judgment decisions in the South Carolina Litigation, Gator requests that this Court require the Debtors to hold any distribution on the Gator Claim or the Principal Rejection Damage Claim until such time as the South Carolina Litigation is concluded.

WHEREFORE, Gator respectfully requests that this Court enter an Order: (a) denying the Claim Objection; (b) allowing the Gator Claim in the amounts and priorities set forth therein; (c) requiring the Debtors to hold any distribution on the Gator Claim or the Principal Rejection Damage Claim until such time as the South Carolina Litigation is concluded; and (d) granting Gator such other and further relief as is appropriate under the circumstances.

Dated: November 3, 2006

## HOLLAND & KNIGHT LLP

By: /s/ Alan M. Weiss
Alan M. Weiss
15 North Laura Street
Suite 3900
Jacksonville, FL 32202
(904) 798-5459 Telephone
(904) 358-1872 Facsimile

- and -

Douglas L. Lutz
Ohio Bar No. 0064761
Kyle R. Grubbs
Ohio Bar No. 0073947
**FROST BROWN TODD LLC**
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6800 Telephone
(513) 651-6981 Facsimile

**ATTORNEYS FOR GATOR COASTAL SHOPPING CENTRE, LLC**

## **CERTIFICATE OF SERVICE**

I certify that that service of the foregoing was made on November 3, 2006 via ECF Noticing and first class mail upon the parties listed below.

/s/ Alan M. Weiss

| Stephen D. Busey, Esq.<br>Cynthia C. Jackson, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202 | D. J. Baker, Esq.<br>Jane M. Leamy, Esq.<br>Skadden, Arps, Slate, et al.<br>Four Times Square<br>New York, NY 10036 |
|---|---|
| Margery N. Reed, Esq.<br>Duane Morris LLP<br>4200 One Liberty Place<br>Philadelphia, PA 19103-7396 | |