## EXHIBIT C – PRINCIPAL REJECTION DAMAGE CLAIM

FORM B10 (Official Form 10) (4/04)

| UNITED STATES BANKRUPTCY COURT __MIDDLE__ DISTRICT __OF FLORIDA__ | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Winn-Dixie Raleigh, Inc. f/k/a Winn-Dixie Charlotte, Inc. | Case Number: 05-03839 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U S C § 503

Name of Creditor (The person or other entity to whom the debtor owes money or property)
Principal Life Insurance Company
f/k/a Principal Mutual Life Insurance Company          410511

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☒ Check box if you have never received any notices from the bankruptcy court in this case

☐ Check box if the address differs from the address on the envelope sent to you by the court

DEBTOR: WINN - DIXIE STORES, INC
US BANKRUPTCY COURT M D -FLORIDA
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11
CLAIM NO.: 10086

THIS SPACE IS FOR COURT USE ONLY

Name and address where notices should be sent:
Margery N. Reed, Esquire        Stephen G Skrivanek, Esquire
Duane Morris LLP                The Principal Financial Group
4200 One Liberty Place          711 High Street
Philadelphia, PA 19103-7396     Des Moines, IA 50392-0001
Telephone number (215) 979-1518  Telephone number (515) 248-3757

Account or other number by which creditor identifies debtor:
Loan # 750501

Check here ☐ replaces  ☐ amends   a previously filed claim, dated _____

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other __See Attached__

   ☐ Retiree benefits as defined in 11 U S C § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of SS # _____
   Unpaid compensation for services performed
   from _____ to _____
   (date)        (date)

2. Date debt was incurred: See Attached

3. If court judgment, date obtained:

4. **Total Amount of Claim at Time Case Filed:** $ See Attached (unsecured) _____ (secured) _____ (priority) _____ See Attached (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff)
   Brief Description of Collateral
   ☐ Real Estate  ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral $ _____
   Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

6. **Unsecured Nonpriority Claim** $ See Attached
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ _____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U S C § 507(a)(3)
   ☐ Contributions to an employee benefit plan - 11 U S C § 507(a)(4)
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U S C § 507(a)(6)
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U S C § 507(a)(7)
   ☐ Taxes or penalties owed to governmental units - 11 U S C § 507 (a)(8)
   ☐ Other – Specify applicable paragraph of 11 U S C § 507 (a) (___)
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary

10. **Date Stamped Copy.** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY
RECEIVED 2005 JUL 29 PM 3:31
BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA
LOGAN & COMPANY, INC. AS AGENT

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| 7/20/05 | [signature] Stephen G Skrivanek, Counsel |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U S C §§ 152 and 3571

PHI\1475026 1

## ATTACHMENT TO PROOF OF CLAIM OF PRINCIPAL LIFE INSURANCE COMPANY f/k/a PRINCIPAL MUTUAL LIFE INSURANCE COMPANY

1. This is an attachment to and part of the proof of claim of Principal Life Insurance Company f/k/a Principal Mutual Life Insurance Company ("Principal") against Winn-Dixie Raleigh, Inc. f/k/a Winn-Dixie Charlotte, Inc. ("WD Raleigh;" and together with one or more of its affiliates, the "Debtors") in its chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Middle District of Florida at Case No. 05-03839.

2. Principal's claim (the "Claim") is based upon and is evidenced by, *inter alia*, the Lease (as defined herein) and the Loan Documents (as defined herein) (collectively, the "Claim Documents"). As the Claim Documents are voluminous, they are not attached to the Proof of Claim. Copies of the Claim Documents will be provided upon request.

3. Coastal Mall Associates ("Coastal"), as lessor, and Mountcastle Corporation ("Mountcastle Corp."), as lessee, entered into a lease dated February 1, 1985 (as amended, the "Overlease") for that certain property located at 501 16th Avenue, Conway, South Carolina 29526 (the "Land") and all improvements thereon (the "Improvements") and upon which is situated a building which at one time was known as the Debtors' store number 2124 (the "Store"; together with the Land and the Improvements (the "Property").

4. Castle Corp., as sublessor, and Winn-Dixie Charlotte, Inc. ("WD Charlotte"), as sublessee, entered into a land sublease dated May 7, 1985 (as amended, the "Land Sublease") for the Property.

5. All right, title and interest of Coastal under the Overlease have been transferred to Gator Coastal Shopping Centre, LLC ("Gator").

6. All right, title, interest and obligations of Castle Corp. under the Overlease and the Land Sublease have been transferred to Mount Castle Properties ("Castle Properties").

PH1\1476936.1 - Conway Building Lessee

7.	All right, title, interest, powers and privileges of WD Charlotte, as tenant under the Land Sublease together with all of WD Charlotte's estate in the Improvements were transferred (the "Transfer") to Realty South Investors Inc., predecessor in interest to Equivest, Inc. ("Realty South") pursuant to an Assignment of Lease dated December 12, 1986 between WD Charlotte as Seller and Realty South as Purchaser ("Land Sublease Assignment"). Pursuant to, *inter alia*, paragraph 9 of the Land Sublease and paragraph 5 of the Land Sublease Assignment, WD Raleigh remains primarily liable for the performance of all covenants, obligations and liabilities under the Land Sublease notwithstanding any transfer of its interest therein, including the Transfer.

8.	Realty South, as sublessor, and WD Charlotte, as sublessee, entered into a sub-sublease dated December 12, 1986 (as amended, the "Sub-Sublease") for, *inter alia*, the Store.

9.	All right, title, interest and obligations of Realty South under the Land Sublease, the Sub-Sublease and the Loan Documents were assumed by and transferred to Cardinal Capital Partners, Inc. ("Cardinal").

10.	Pursuant to the Land Sublease and the Sub-Sublease (collectively, the "Leases"), WD Raleigh is liable for, *inter alia*, base rent, all utilities, taxes, all maintenance expenses, and insurance (collectively, the "Rent").

11.	Winn-Dixie Stores, Inc. ("WD Stores") guaranteed all of the obligations and liabilities of WD Raleigh under the Land Sublease and the Sub-Sublease pursuant to, *inter alia*, that certain Guaranty dated as of May 17, 1985 executed by WD Inc. ("Land Sublease Guaranty") and that certain Guaranty dated as of December 12, 1986, executed by WD Stores ("Sub-Sublease Guaranty") and that certain Guarantor's Certificate and Agreement dated as of November 9, 1999 ("Guarantor's Certificate;" and together with Land Sublease Guaranty and the

Sub-Sublease Guaranty, the "Guarantees").

12. Cardinal is indebted and liable to Principal with respect to the following loans (the "Loans"):

a. a loan to Realty South in the original principal amount of Four Million Eight Hundred Thousand and 00/100 Dollars ($4,800,000.00) which is evidenced and/or secured by, *inter alia*, the documents described below (collectively, the "1990 Loan Documents")

i. that certain Real Estate Note dated as of September 18, 1990 executed by Realty South in favor of Principal in the original principal amount of Four Million Eight Hundred Thousand and 00/100 Dollars ($4,800,000.00) (the "Note");

ii. that certain Mortgage and Security Agreement dated as of September 18, 1990 by and between Realty South, as mortgagor, and Principal, as mortgagee (as amended, the "Mortgage and Security Agreement"); and

iii. that certain Assignment of Lessor's Interest in Leases dated as of September 18, 1990 by and between Realty South, as borrower, and Principal, as lender (as amended, the "Assignment of Lessor's Interest in Leases").

b. a loan to Cardinal in the original principal amount of One Million Sixty-nine Thousand Sixty-one and 00/100 ($1,069,061.00) which is evidenced and/or secured by, *inter alia*, the documents described below (collectively, the "1994 Loan Documents;" and together with the 1990 Loan Documents, the "Loan Documents"):

i. that certain Real Estate Note dated as of November 30, 1994 executed by Cardinal in favor of Principal in the principal amount of original principal amount of One Million Sixty-nine Thousand Sixty-one and 00/100 ($1,069,061.00) (as amended, the "Note"); and

ii.   that certain Mortgage and Security Agreement dated as of November 30, 1994 between Cardinal, as mortgagor, and Principal, as mortgagee (the "Mortgage and Security Agreement").

13.   Principal has the right, title and interest in and to the Claim based upon the Loan Documents.

14.   On or about May 19, 2005, this court entered an order authorizing the Debtors to reject the Sub-Sublease.

15.   This claim is filed against WD Raleigh, Inc. with respect to the Sub-Sublease in the total amount of $388,121, which amount is calculated, based upon information provided by the Borrower in accordance with § 502(b)(6) of the Bankruptcy Code, as follows:

**§ 502(b)(6)(A) Rejection Damage Claim Calculation:   $   388,121**

Greater of one year's rent reserved under lease
or 15% of balance of term, not to exceed
3 years rent reserved under lease

Calculation of 15% of Balance of Term:

| Dates | Rent |
|---|---|
| 2/21/05 to 10/31/05 | $   330,554 |
| 11/1/05 to 10/31/06 | $   391,712 |
| 11/1/06 to 10/31/07 | $   394,430 |
| 11/1/07 to 10/31/08 | $   397,229 |
| 11/1/08 to 10/31/09 | $   400,112 |
| Total Rent for Remainder of Term | $   1,914,038 |
| 15% of Balance of Term | $   287,106 |

or

Calculation of One Year's Rent Reserved:   $   388,121
(based on a per diem of $1,058.99 for 2/21/05
to 10/31/05 and $1,073.18 for 11/1/05 to 2/20/05)

16.   This Claim is separate from and in addition to any and all other proofs of claim filed by Principal in the Debtors' case.

4

17. On information and belief, one or more other persons or entities, including without limitation Gator and/or Cardinal, may file claims related to the Property and/or the Sub-Sublease (or Land Sublease). Principal hereby alleges that it has all right, title and interest in and to the Claim and all distributions on the Claim notwithstanding any other duplicative claims.

18. Principal expressly reserves and preserves its rights (a) to amend and/or supplement this proof of claim and/or file additional claims (i) for administrative expenses; (ii) for interest, attorneys' fees and costs to the extent provided under the Land Sublease and the Sub-Sublease and permitted by applicable law; and (iii) any other claims that Principal may have against the Debtors; and (b) to estimate the Claim and assert additional claims if the Claim is estimated and/or liquidated.