| | Hearing Date: | November 16, 2006 at 1:00 p.m. |
|---|---|---|
| | Obj. Deadline: | November 06, 2006 at 4:00 p.m. |

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| In re: | ) | Case No. 05-03817-3F1 |
|---|---|---|
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**JOINT RESPONSE OF (I) WELLS FARGO BANK NORTHWEST NATIONAL ASSOCIATION, AS TRUSTEE, (II) SOF INVESTMENTS, L.P., AND (III) PAUL REVERE LIFE INSURANCE COMPANY TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS, (C) OVERSTATED CLAIMS, (D) OVERSTATED MISCLASSIFIED CLAIMS, (E) MISCLASSIFIED CLAIMS, (F) DUPLICATE LIABILITY CLAIMS AND (G) AMENDED AND SUPERSEDED CLAIMS**

WELLS FARGO BANK NORTHWEST, National Association, as trustee ("Wells Fargo"), SOF Investments, L.P. as Series A Noteholder and as partial transferee of Claim No. 6665 ("SOF"), and Paul Revere Life Insurance Company as Series B Noteholder and as partial transferee of Claim No. 6665 ("Paul Revere" together with SOF, the "Noteholders" and collectively with SOF and Wells Fargo, the "Claimants") by and through their undersigned counsel hereby respond to the Debtors' *Twenty-Fourth Omnibus Objection to (a) No liability claims, (b) No liability Misclassified Claims, (c) Overstated Claims, (d) Overstated Misclassified Claims, (e) Misclassified Claims, (f) Duplicate Liability Claims and (g) Amended and Superseded claims* (the "*Omnibus Objection*") [Docket No. 11946] and respectfully state as follows:

1. This Response relates to six claims set forth in the Omnibus Objection for which disallowance is sought:

(a) Claim No. 8465 of Paul Revere in the amount of $625,888 relating to the Debtors' rejection of a lease relating to a store in Haltom City, TX (Store No. 2457);

(b) Claim No.8466 of SOF in the amount of $625,888 also relating to the Debtors' rejection of a lease relating to a store in Haltom City, TX (Store No. 2457);

(c) Claim No. 8467 of SOF in the amount of $653,965 relating to the Debtors' rejection of a lease relating to a store in North Richland Hills, TX (Store No. 2443);

(d) Claim No. 6665 in the amount of $1,832,411.24 that was originally filed by landlord WCJ Davis, LTD., Assignee of DBT Porcupine WD2 and DBT Porcupine WD3, relating to the rejection of the leases for both Store Nos. 2457 and 2443, which Claim No. 6665 was subsequently transferred pursuant to Fed. R. Bankr. Proc. 3001(e)(2): (x) to SOF in the amount of $1,392,632.54 (Docket #5311) and (y) to Paul Revere in the amount of $439,778.70 (Docket #5310);

(e) Claim No. 9532 of Wells Fargo in an amount to be determined relating to seven stores for which the lease had not yet been rejected at the time that the claim was filed. The Debtors subsequently rejected the three leases for three of the subject stores covered by this claim (Fort Worth (Store No. 2422), Willow Park, TX (Store No. 2418) and Mt Carmel, Ohio (Store No. 1705), which leases had been previously assigned to other nonaffiliated entities. See "Order Authorizing Retroactive Rejection of Nonresidential Real Property Leases that Were Assigned Prepetition" (Docket No. 9188);

(f) Claim No. 12076 of Wells Fargo in the amount of $751,973.85 relating to the Debtors' rejection of a lease relating to a store in Lawrenceville, GA (Store No. 2715).

2. <u>Response for Claim No. 8465, 8466 and 8467</u>.  As more fully set forth in its claim, Paul Revere filed Claim No. 8465 in its capacity as the holder of a Series B Note which was a beneficiary instrument under a series of lease collateral documents granted to Wells Fargo (as successor to First Security Bank National Association) in respect of Store No. 2457. As more fully set forth in its two claims addressed here, SOF filed Claim No. 8466 and Claim No. 8467, in its capacity as holder of Series A Notes which were the beneficiary instruments under two series of collateral documents granted to Wells Fargo in respect of Store Nos. 2457 and 2443, respectively. The Debtors object to all 3 claims based on their assertion of "No Liability Per Debtor's Books and Records for Rejection Damages to Holder of the Series B Note. Wells Fargo, Trustee is Proper Party To Recover Such Damages." Thus, it appears that Debtors are

not objecting to the substance of the three claims (arising from the rejection of the subject leases) but are only objecting to the standing of the Noteholders, as distinguished from Wells Fargo, to file such claims. These three claims were filed in an abundance of caution by the Noteholders. Nonetheless, the Noteholders do not object to the withdrawal of these three claims provided that such withdrawal will not prejudice the right of Wells Fargo to assert Claim Nos. 8160 and 8161.[1]

3. <u>Response for Claim No. 6665</u>. Claim No. 6665, a copy of which is attached hereto as <u>Exhibit A</u>, was filed by WCJ Davis, Ltd. a Texas limited partnership, as prepetition assignee of DBT Porcupine WD2, landlord of Store No. 2443 (North Richland Hills, TX), and DBT Porcupine WD3, landlord of Store No. 2457 (Haltom City, TX).

4. As previously noted, Claim No. 6665 was subsequently assigned pursuant to Fed. R. Bankr. Proc. 3001(e)(2) partially to SOF pursuant to that certain *Assignment Agreement and Evidence of Transfer of Claim* [Docket No. 5310] and partially to Paul Revere pursuant to that certain *Assignment Agreement and Evidence of Transfer of Claim* [Docket No. 5311]. Thus, Claim No. 6665 represents, in a single proof of claim, the claim originally asserted by WCJ Davis, Ltd. and subsequently partially assigned to both SOF and Paul Revere. Thus, Claim No. 6665 should not be disallowed, and the Omnibus Objection should be overruled.[2]

5. <u>Response for Claim No. 9532</u>. Wells Fargo filed this claim as a precaution in light of the bar date in these cases and prior to the rejection of any of the seven stores referenced in the claim. A copy of Claim No. 9532 is attached hereto as <u>Exhibit B</u>. Debtors subsequently

---

[1] Wells Fargo filed Claim No. 8160 for Store No. 2457. This Claim was subsequently partially assigned to SOF [Docket No. 5312] and to Paul Revere [Docket No. 5336]. Wells Fargo filed Claim No. 8161 for Store No. 2443. This Claim was subsequently partially assigned to SOF [Docket No. 5313] and to Paul Revere [Docket No. 5314]. These two claims have not been objected to.

[2] Claimants submit that Claim No. 6665, the landlord claim, is duplicative of the claims filed by Wells Fargo in respect of each of Store Numbers 2443 and 2457, which claims are referenced in footnote 1. These claims were originally filed by Wells Fargo prior to the assignment to SOF and Paul Revere of the landlord claim. Claimants have contacted counsel to the Debtors to seek to have a stipulation entered that will allow a single rejection claim in relation to each of the two stores.

rejected the leases for three of the stores referenced in the proof of claim: Fort Worth (Store No. 2422), Willow Park, TX (Store No. 2418) and Mt. Carmel, Ohio (Store No. 1705), which leases had been previously assigned to other nonaffiliated entities.  See *Order Authorizing Retroactive Rejection of Nonresidential Real Property Leases that Were Assigned Prepetition* [Docket No. 9188].

6. The Debtors object to Claim No. 9532 based on their assertion of "No Liability Per Debtors Books and Records."  Although Wells Fargo is not currently aware of any defaults by the assignee tenants under the three leases, the assignments by the Debtors to these entities do not by the terms of the leases relieve the original tenant Debtors from liability under the leases or the related guaranty by Debtor Winn-Dixie Stores, Inc.  Thus, Wells Fargo has an unliquidated, contingent or unmatured claim arising from the Debtors' rejection in the event that there are any unknown defaults or any defaults arise in the future.  This unliquidated, contingent, or unmatured claim constitutes a claim within the meaning of Bankruptcy Code Section 101(5) and cannot be disallowed on the basis asserted in the Omnibus Objection.  Thus, the Debtors' objection to Claim No. 9532 set forth in the Omnibus Objection should be overruled.

7. <u>Response for Claim No. 12076</u>.  Claim No. 12076, a copy of which is attached hereto as <u>Exhibit C</u>, arises from the Debtors' rejection of a Lease Agreement dated as of March 4, 1998 between Winn-Dixie Atlanta, Inc. as tenant and Principal Mutual Life Insurance Company, as landlord (as amended from time to time, the "<u>Lease</u>"), which Lease was guaranteed by Winn-Dixie Stores, Inc. pursuant to that certain Guaranty of Lease Obligations dated as of March 9, 1998 (as amended from time to time, the "<u>Lease Guaranty</u>").  The Lease and the Lease Guaranty relate to the former Winn Dixie store located in Lawrenceville, Georgia, designated as Store No. 2715.  Following the original execution of the Lease, on or around January 31, 2001,

Principal Mutual Life Insurance Company, as original landlord, transferred the Lease, the Lease Guaranty and related rights, properties and assets, subject to Claimant's rights, to a trust known as WD Lawrenceville, LLC (the "Landlord"). On information and belief, the Landlord currently owns the real property interests represented by Store Number 2715, although actions have been taken by Wells Fargo to begin the foreclosure process.

8.     Wells Fargo's right to file Claim No. 12076 and otherwise assert rights against the Debtors because of the rejection of the Lease and the existence of the Lease Guaranty arise from (i) the provisions of the collateral documents executed by the landlord in favor of Wells Fargo at the time of the Lease transactions and (ii) the provisions of Fed. R. Bankr. Proc. 3001(e)(3). At or around the time of the execution of the Lease in 1998, original landlord Principal Mutual Life Insurance Company (i) issued secured notes (the "Notes") under and in connection with a certain Indenture dated as of March 20, 1998, a certain Note Purchase Agreement dated as of March 20, 1998 and other related documents and instruments and (ii) secured the Notes pursuant to certain collateral documents (collectively, the "Lease Collateral Documents"). The Notes consist of a Series A Note currently held by an assignee of SOF and the Series B Note currently held by Paul Revere. The Lease Collateral Documents include (i) that certain Assignment of Lease and Agreement dated as of March 20, 1998 from Principal Mutual Life Insurance Company to Wells Fargo and Val T. Orton, individually, as trustees for the registered holders of the Notes (as amended from time to time, the "Lease Assignment") and (ii) that certain Deed to Secure Debt, Security Agreement and Fixture Filing from Principal Mutual Life Insurance Company, as grantor, to Claimant and Val T. Orton, not in their individual capacities but as trustees for the registered holders of the Notes (as amended from time to time, the "Mortgage"). A copy of the

Lease Assignment is attached hereto as <u>Exhibit D</u> and a copy of the Mortgage is attached hereto as <u>Exhibit E</u>.

9. Pursuant to the Lease Collateral Documents, the Landlord, among other things, granted to Wells Fargo a lien and mortgage on the relevant store and the land parcel, and assigned, transferred, conveyed and set over to Wells Fargo all of Landlord's estate, right, title and interest in, to and under the Lease and the Lease Guaranty, together will all rights, powers, privileges, options and other benefits of Landlord as lessor under the Lease, including without limitation, the specific right to "pursue and collect any claim in a bankruptcy or other insolvency proceeding involving lessee or Guarantor". See Section 1(vii) of Lease Assignment. Wells Fargo asserts that by virtue of the Lease Assignment and the other Lease Collateral Documents, Wells Fargo is entitled to file Claim No. 12076 and otherwise assert claims against the Debtors arising from the rejection of the Lease.

10. In addition, Wells Fargo is entitled to file Claim No. 12076 and otherwise assert claims against the Debtors pursuant to Fed.R.Bankr.P. 3001(e)(3) which provides:

> (3) *Transfer of Claim for Security Before Proof Filed.* If a claim other than one based on a publicly traded note, bond, or debenture has been transferred for security before proof of the claim has been filed, the transferor or transferee or both may file a proof of claim for the full amount. The proof shall be supported by a statement setting forth the terms of the transfer. If either the transferor or the transferee files a proof of claim, the clerk shall immediately notify the other by mail of the right to join in the filed claim. If both transferor and transferee file proofs of the same claim, the proofs shall be consolidated. If the transferor or transferee does not file an agreement regarding its relative rights respecting voting of the claim, payment of dividends thereon, or participation in the administration of the estate, on motion by a party in interest and after notice and a hearing, the court shall enter such orders respecting these matters as may be appropriate.

Fed.R.Bankr.P. 3001(e)(3).

11. At a minimum, the rights provided to Wells Fargo in 1998 by virtue of the Lease Assignment and the other Lease Collateral Documents constitute a transfer of a claim for

security. Thus, pursuant to Fed.R.Bankr.P. 3001(e)(3), Wells Fargo is entitled to file Claim No. 12076.[3]  It should be noted that Wells Fargo understands upon information and belief that the Landlord has filed Claim No. 12311 relating to Store No. 2715.  Notwithstanding this filing, Fed.R.Bankr.P. 3001(e)(3) provides specific authority for a transferee for security, such as Wells Fargo, to file a proof of claim.  It should be noted that Wells Fargo is currently seeking to effectuate a transaction whereby the Landlord would assign Claim No. 12311 either to Wells Fargo directly or to SOF and Paul Revere as Series A Noteholder and Series B Noteholder.  In the event that Wells Fargo is successful in that endeavor, it has told the Debtors that it would be willing to enter into a stipulation for the allowance of a single aggregate claim arising from the rejection of the lease for Store No. 2715.

12.     In conclusion, by virtue of the Lease Collateral Documents and Fed.R.Bankr.P. 3001(e)(3), Wells Fargo is entitled to assert Claim No. 12076, and hence the objections to that Claim set forth in the Omnibus Objection should not be sustained.

---

[3] The Advisory Committee Note to the Rule states that "[a]n assignee for security has been recognized as a rightful claimant in bankruptcy. *Feder. v. John Englehorn & Sons*, 202 F.2d 411 (2d Cir. 1953). An assignor's right to file a claim notwithstanding the assignment was sustained in *In re R&L Engineering Co.*, 182 F. Supp. 317 (S.D. Cal. 1960). Facilitation of the filing of proofs by both claimants as holders of interests in a single claim is consonant with equitable treatment of the parties and sound administration. See *In re Latham Lithographic Corp.*, 107 F.2d 749 (2d Cir. 1939)."

WHEREFORE, Wells Fargo, SOF and Paul Revere respectfully request that the Court (i) overrule the Omnibus Objection with respect to Claim Nos. 6665, 9532 and 12076, (ii) overrule the Omnibus Objection with respect to Claim Nos. 8465, 8466 and 8467, except to the extent that the related claims (No. 8160 and 8161) filed by Wells Fargo are enforceable and (iii) grant such other relief as is just and proper.

Dated: New York, New York
       November 3, 2006

                                  VINSON & ELKINS, LLP

                                  By:    /s/ Steven M. Abramowitz
                                        Steven M. Abramowitz
                                        Debbie E. Green

                                666 Fifth Avenue, 26th Floor
                                New York, NY  10103
                                Telephone: (212) 237-0137
                                Facsimile: (917) 206-8100

                                -and-

                                BILZIN SUMBERG BAENA PRICE &
                                AXELROD LLP

                                /s/ Mindy A. Mora
                                James C. Moon (Fla. Bar. No. 0938211)
                                Mindy A. Mora (Fla. Bar No. 678910
                                200 S. Biscayne Blvd., Suite 2500
                                Miami, FL 33131
                                Telephone: (305) 350-7383
                                Facsimile:  (305) 351-2282

                                **Attorney for Wells Fargo Bank**
                                **Northwest, N.A., SOF Investments, L.P.**
                                **and Paul Revere Life Insurance Company**

- 9 -

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing was served on Counsel for the Debtors, D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Time Square, New York, New York 10036 via electronic mail and/or First Class postage-paid U.S. Mail this 3rd day of November, 2006.

/s/  James C. Moon
James C. Moon