# EXHIBIT C

| United States Bankruptcy Court<br>Middle District of Florida, Jacksonville Division | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor  **Winn-Dixie Stores, Inc.** | Case Number  05-03817-3F1 | DEBTOR WINN - DIXIE STORES, INC<br>U S BANKRUPTCY COURT M D - FLORIDA<br>JOINTLY ADMINISTERED UNDER<br>CASE . 05-03817 (3F1)<br>CHAPTER 11 |

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case A "request" of payment of an administrative expense may be filed pursuant to 11 U S C ' 503

| Name of Creditor (*The person or entity to whom the debtor owes money or property*)<br>**Wells Fargo Bank Northwest, National Association, as Trustee.** | ☒ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars **See attached Statement** | **CLAIM NO.: 12076** |
|---|---|---|
| Name and Addresses Where Notices Should be Sent<br>Wells Fargo Bank Northwest, N.A<br>MAC U1228-120        410482<br>299 South Main Street, 12th Floor<br>Salt Lake City, UT 84111<br>{see also attached statement for additional notice parties}<br>Telephone number  801 246 5300 | ☐ Check box if you have never received any notices from the bankruptcy court in this case<br>☐ Check box if the address differs from the address on the envelope sent to you by the court | This Space Is For Court Use Only |
| Account or other number by which creditor identifies debtor<br>**Store #2715 – Lawrenceville, GA** | Check here  ☐ replaces<br>if this claim  ☐ amends  a previously filed claim, dated | |

**1. Basis for Claim:**
- ☐ Goods sold
- ☒ Services performed **See Attached Statement**
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other  Lease Rejection **See Attached Statement**

- ☐ Retiree benefits as defined in 11 U S C ' 1114(a)
- ☐ Wages, salaries, and compensations (Fill out below)
  Your SS # _____

Unpaid compensations for services performed
from _____ to _____

**2. Date debt was incurred: See Attached Statement**  |  **3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed  $751,973.85** plus any other amounts to be determined (see attached statement)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim  Attach itemized statement of all interest or additional charges  **See Attached Statement**

| **5. Secured Claim.**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff)<br>Brief Description of Collateral<br>☐ Real Estate    ☐ Motor Vehicle<br>☐ Other _____<br>Value of Collateral $ _____<br>**6. Unsecured Nonpriority Claim. $751,973.85** plus any other amounts to be determined (see attached statement)<br>☒ Check this box if  a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only party of your claim is entitled to priority | **7. Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $_<br>Specify the priority of the claim<br>☐ Wages, salaries, or commissions (up to $4000),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier --11 U S C ' 507(a)(3)<br>☐ Contributions to an employee benefit plan--11 U S C ' 507(a)(4)<br>☐ Up to $1,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use--11 U S C ' 507(a)(6)<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child--11 U S C ' 507(a)(7)<br>☐ Taxes or penalties for governmental units--11 U S C ' 507(a)(8)<br>☐ Other--Specify applicable paragraph of 11 U S C ' 507(a)(_) |
|---|---|

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

**8. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of liens  DO NOT SEND ORIGINAL DOCUMENTS  If the documents are not available, explain  If the documents are voluminous, attach a summary

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

This Space Is For Court Use Only

| Date<br>10/14/05 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>By _[signature]_<br>**Val T. Orton**<br>**Vice President** | 2005 OCT 18  AM 10: 14<br>U.S. BANKRUPTCY COURT<br>MIDDLE DISTRICT<br>OF FLORIDA<br>RECEIVED<br>LOGAN & COMPANY |
|---|---|---|

*Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571*

Winn Dixie Proof of Claim - WF- Lawrenceville GA (2) DOC

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
---------------------------------------------------------x
In re:                                          :
                                                :       Chapter 11
                                                :
WINN-DIXIE STORES, INC. et al.,                 :       Case No. 05-03817-3F
                                                :
                    Debtors.                    :       (Jointly Administered)
---------------------------------------------------------x

## ADDENDUM TO PROOF OF CLAIM FOR STORE 2715

1.  <u>Claimant</u>. Wells Fargo Bank Northwest, National Association, as Trustee ("Claimant") files this claim ("Claim") pursuant to FED. R. BANKR. P. 3002. Pursuant to the documents more fully described herein, and pursuant to other applicable law, Claimant is a creditor of Winn-Dixie Stores, Inc. ("Winn-Dixie" or "Debtor"). Claimant was formerly know as First Security Bank, National Association in the documents more fully described herein.

2.  <u>Basis for Claim</u>. This claim arises from Debtor's rejection of a Lease Agreement dated as of March 4, 1998 between Winn-Dixie Atlanta, Inc., as tenant, and Principal Mutual Life Insurance Company, as landlord (as amended from time to time, the "Lease") in relation to a Winn Dixie store located at 1404 Suwanee Road, Lawrenceville, GA 30721 (**Store Number 2715**)[1]. Debtor guaranteed the obligations of tenant under the Lease pursuant to that certain Guaranty of Lease Obligations dated as of March 9, 1998 (as amended from time to time, the "Lease Guaranty"). The Lease was ultimately rejected by order of the Bankruptcy Court dated September 8, 2005 (the "Rejection Order") (Docket #3405), and, in accordance with the Rejection Order, a so-called "Rejection Notice" dated September 14, 2005 was served on Landlord (as hereinafter defined) at or around such date. The Rejection Notice provided that the

---

[1] Claimant's records refer to the store located at this address as Store Number 1839. However, based on the address of the store as stated in the Debtor's motion to reject such lease, as well as the "Notice of Rejection of Unexpired Lease" received by the landlord, Claimant is referring to this store as number 2715 in this Proof of Claim

158176_1.DOC                                    2

Lease was deemed to be rejected on the latter of the tenth calendar day following the service of the Rejection Notice, and the date on which Debtor has vacated and surrendered possession of the premises and delivered all keys to the affected landlord, as further specified in the Rejection Notice (the "Rejection Date").

3. Following their execution in 1998, original landlord Principal Mutual Life Insurance Company (i) issued secured notes (the "Notes") under and in connection with a certain Indenture dated as of March 20, 1998, a certain Note Purchase Agreement dated as March 20, 1998 and other related documents and instruments and (ii) secured the Notes pursuant to certain collateral documents (collectively, the "Lease Collateral Documents"), including, that certain Assignment of Lease and Agreement dated as of March 20, 1998 from Principal Mutual Life Insurance Company to Claimant and Val T. Orton, individually, as trustees for the registered holders of the Notes (as amended from time to time, the "Lease Assignment") and that certain Deed to Secure Debt, Security Agreement and Fixture Filing from Principal Mutual Life Insurance Company, as grantor, to Claimant and Val T. Orton, not in their individual capacities but as trustees for the registered holders of the Notes. Under the Collateral Documents (including without limitation, Section 1(vii) of the Lease Assignment, which grants the assignees the right "pursue and collect any claim in a bankruptcy or other insolvency proceeding involving lessee or Guarantor"), the landlord has assigned to Claimant and other assignees, among other things, its rights under the Lease, the Lease Guaranty and other documents and instruments related thereto. Following the original execution of the Lease, on or around January 31, 2001, Principal Mutual Life Insurance Company, as original landlord, transferred the Lease, the Lease Guaranty and related rights, properties and assets, subject to Claimant's rights, to a trust known as WD Lawrenceville, LLC (the "Landlord"). Landlord currently owns the real property interests represented by Store

Number 2715. Claimant is filing this Claim by virtue of rights granted to it in connection with the Collateral Documents, including, without limitation, the above referenced provision in the Lease Assignment. Although Claimant has not, as of the date of this Claim, foreclosed on its collateral, Landlord is in payment default under the Collateral Documents and Claimant is filing this Claim in furtherance of its rights under the Collateral Documents in the belief it has rights to the Claim and under compulsion of the bar date provided in the Rejection Notice, in order to preserve its rights. Claimant believes that Landlord may also file a proof of claim relating to the rejection of the Lease prior to the bar date, and it is possible that individual holders of the Notes will also file proofs of claim relating to the rejection of the Lease.

4. Supporting Documents. Claimant has in this Claim summarized certain of the relevant provisions of the Lease, the Lease Guaranty, the Collateral Documents and the other documents and instruments referenced herein. Such documents and instruments are voluminous and are available upon request.

5. Amount of Claim. Under the Lease, tenant agreed to pay "Basic Rent" in the amount of $401,052.72 per annum, payable in installments of $100,263.18 each on the first day of January, April, July and October of each calendar year commencing on April 1, 1998 through the expiration of the initial term on March 31, 2018. Pursuant to Section 365(g) of the Bankruptcy Code, the rejection of the Lease under the Lease Rejection Order constitutes a breach of the Lease as of immediately before the Petition Date. Pursuant to Section 502(b)(6) of the Bankruptcy Code, the claim for damages resulting from the termination of the Lease may be limited to the rent reserved by the Lease, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of the Lease. Therefore, Claimant hereby asserts a claim in respect of "Basic Rent", that may be limited by Section 502(b)(6) of the Bankruptcy Code, in the

amount of **$751,973.85**.[2] To the extent that the claim is not limited under applicable law by Section 502(b)(6), Claimant hereby asserts a claim for all unpaid rent through the expiration of the term. Claimant also asserts a claim against Debtor, in an amount to be determined, in respect of any and all "Additional Rent" under and as defined in the Lease and all other amounts, costs, fees, charges or expenses that tenant or Debtor is obligated to pay or discharge pursuant to the Lease, the Guarantee, or the Collateral Documents, including, without limitation, any unpaid real estate taxes and also amounts owing pursuant to the following provisions of the Lease: Section 20 ("Environmental Covenants; Indemnity"), Section 21 ("General Indemnification") and Section 23(c) ("Costs upon Default and Litigation") and pursuant to Section 2.4 ("Payment of Enforcement Expenses") and Section 6.1 ("Payment of Enforcement Expenses by Guarantor") of the Lease Guarantee.

6.  Other Rights. In addition to the foregoing claims, Claimant reserves the right in the future to, from time to time, file additional proofs of claim, amend this proof of claim and to assert any and all claims that Claimant may have against the Debtor or any other debtor in the above captioned chapter 11 case. Claimant additionally claims the benefit of (a) all adequate-protection priorities, security interests, liens, mortgages, and other rights and protections granted to it or received by it from and after the Petition Date; (b) all renewals, extensions, ratifications, supplements, amendments, corrections, and other, prior, or subsequent documentation evidencing or relating to the claims of Claimant; and (c) any other filed or recorded documents. Claimant also reserves the right to file a claim for an administrative claim in respect of amounts owing in respect of the period from the Petition Date through and including the Rejection Date, and as otherwise permitted by law. The filing of this Proof of Claim is not to be construed as an

---

[2] Remaining term of 150 months on October 1, 2005 times 15%, or 22.50 months, times Basic Rent of $33,421 per month = $751,973.85

election of remedies and nothing herein shall be deemed to be a waiver of any rights against Landlord or any other person or entity in respect of the Notes and the collateral therefore.

7. No Waiver. Nothing in this Proof of Claim shall be deemed to constitute a waiver of any rights resulting from Claimant's claims, including, without limitation, the right to assert that any and all such claims are entitled to administrative priority under the Bankruptcy Code. Claimant expressly reserves the right to amend or supplement this Proof of Claim and file additional proofs of claim. Claimant notes that many of the records relating to the subject property are in the control of Landlord and, consequently, Claimant may, in the future, amend this proof of claim to, among other things, include additional amounts that are owing in connection with the Lease, such as, without limitation, other unpaid items constituting "Additional Rent" under the Lease. Also, because the Lease was with Winn-Dixie Atlanta, Inc. as tenant, which is not a debtor in these cases, Claimant reserves all rights against Winn- Dixie Atlanta, Inc. and all rights to assert that the rejection by Debtor was not proper or valid.

8. Notices. All notices to Claimant are to be sent to:

> Wells Fargo Bank Northwest, N.A.
> MAC U1228-120
> 299 South Main Street, 12th Floor
> Salt Lake City, UT 84111
>
> Telephone number: 801.246.5300
> Attention: Val T. Orton
>
> with a copy to:
>
> Steven M. Abramowitz, Esq.
> Vinson & Elkins L.L.P.
> 666 Fifth Ave., 26th Floor
> New York, New York 10103
> Telephone: (212) 237-0000
> Facsimile: (212) 237-0100