UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 05-03817-3FI |
| WINN-DIXIE STORES, INC., *et al.* ) | |
| ) | *Chapter 11* |
| Debtors.[1] ) | |
| ) | Jointly Administered |

### RESPONSE OF ALECASHTON RICHMOND, LLC *ET AL.* TO TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS

Comes AlecAshton Richmond, LLC, and Compass Capital, Richmond, LLC (formerly USC Richmond, LLC) ("Landlord"), through counsel, and in response to the Debtors' Twenty-Fourth Omnibus Objection to Claims states as follows:

1.  Landlord filed Claim No. 13408 in the amount of $815,353.21 ("Landlord's Claim") in connection with a commercial lease between Landlord and Winn-Dixie Raleigh, Inc. The Landlord's Claim reflects a claim for damages in the capped amount of $787,826.77 ("Rejection Damages Claim") arising from the rejection of the commercial lease from Landlord to Winn-Dixie Raleigh, Inc. on July 13, 2006 (the "Lease"), and a claim of $27,526.44 for pre-petition arrearages in Common Area Maintenance ("CAM") charges due under the Lease ("CAM Claim").

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in the jointly administered cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn Dixie Supermarkets, Inc.

2. Debtors have objected to Landlord's Claim on grounds stated as follows: "No liability per Debtor's Books and Records. Although Debtor remains guarantor in event default, no default has occurred."

3. The Lease was entered into on October 16, 1995 and is due to expire by its terms on October 14, 2020. The Lease provides in paragraph 24 that the Lease may be assigned, "provided the Tenant herein shall continue to remain liable and responsible for the payment of rentals and due performance of all other terms, covenants and conditions of this lease." Winn-Dixie Stores, Inc. executed a Guaranty dated February 8, 1996 guarantying the "due performance and observance by . . . 'Tenant', of all terms, covenants and conditions on the part of Tenant to be performed and observed including, without limitation, payment of rentals under the lease agreement . . ." (the "Guaranty"). By Assignment and Assumption of Lease dated October 21, 2004 (the "Assignment"), the Lease was assigned to E. W. James.

4. With respect to the Rejection Damages Claim, the rejection of the Lease constitutes a breach of the Lease giving rise to the Landlord's Claim for all amounts payable under the Lease for the remaining life of the Lease, subject to the cap set forth in 11 U.S.C. § 502(b)(6). That there has been no default under the Lease is not dispositive of the Landlord's Claim, but merely gives rise to an argument that the amount of the Landlord's Claim prior to application of the cap has been, and may continue to be, mitigated as and to the extent E. W. James continues to perform under the Lease. *See Fifth Avenue Jewelers Inc.*, 203 B.R. 372 (Bankr. W.D. Pa. 1996). E. W. James could cease to pay rent under the Lease at any time and the Debtor and Guarantor's liability pursuant to the Landlord's Claim would be, at a minimum,

all amounts payable under the Lease from that time to the expiration date of the Lease, up to the amount of the capped claim.

5. With respect to the CAM Claim, on information the Debtor believes E. W. James is responsible for payment of the CAM Claim as between Debtor and E. W. James. Notwithstanding the agreements of those parties, the Debtor and the Guarantor are obligated to Landlord to perform under the Lease, including payment of the pre-petition CAM Claim.

WHEREFORE, the Landlord respectfully requests entry of an Order overruling the Debtors' Twenty-Fourth Omnibus Objection to Claim No. 13408.

Respectfully submitted,

WYATT, TARRANT & COMBS, LLP


 /s/ Mary L. Fullington
Mary L. Fullington (KY 85335)
250 West Main Street, Suite 1600
Lexington, Kentucky  40507-1746
Telephone:  (859) 233-2012
Facsimile:   (859) 259-0649
lexbankruptcy@wyattfirm.com

COUNSEL FOR ALECASHTON RICHMOND, LLC
AND COMPASS CAPITAL, RICHMOND, LLC

4

## CERTIFICATE OF SERVICE

       The undersigned certifies that on the 3rd day of November, 2006, a true and correct copy of the foregoing Response of AlecAshton Richmond, LLC *et al.* to Twenty-Fourth Omnibus Objection to Claims was served upon all parties listed below by electronic and/or first-class, postage prepaid U.S. mail.

David J. Baker
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036

                                               /s/ Mary L. Fullington
                                               Mary L. Fullington

30430060.1