UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: )
)                    Case No. 05-03817-3FI
WINN-DIXIE STORES, INC., *et al.* )
)                    *Chapter 11*
Debtors.[1] )
)                    Jointly Administered

## RESPONSE OF PALM LAKES, LLC TO
## TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS

Comes Palm Lakes, LLC ("Landlord"), through counsel, and in response to the Debtors'

Twenty-Fourth Omnibus Objection to Claims states as follows:

1.      Landlord filed Claim No. 13409 in the amount of $358,356.41 ("Landlord's

Claim") arising from the rejection of the commercial lease between Landlord and Winn-Dixie

Raleigh, Inc. on July 13, 2006 (the "Lease").

2.      Debtors have objected to Landlord's Claim on grounds stated as follows: "No

liability on Lease assigned prior to bankruptcy filing. Although Debtor remains guarantor in

event of default, no default has occurred."

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in the jointly
administered cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc.,
Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers,
Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway
Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc.,
Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc.,
Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-
Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn Dixie Supermarkets, Inc.

3.      The Lease was entered into on May 21, 1987 and is due to expire by its terms on July 6, 2008.  The Lease provides in paragraph 24 that the Lease may be assigned, but "in the event of vacating or of any assignment or subleasing as herein permitted, the Tenant shall continue to remain liable and responsible for the payment of rentals and due performance of all other terms, covenants and conditions of this lease."  Winn-Dixie Stores, Inc. executed a Guaranty dated May 27, 1987 guarantying the "due performance and observance by . . . 'Tenant', of all terms, covenants and conditions on the part of Tenant to be performed and observed including, without limitation, payment of rentals under the lease agreement . . ." (the "Guaranty").   By Assignment and Assumption of Lease dated October 19, 2004 (the "Assignment"), the Lease was assigned to E. W. James.

4.      The rejection of the Lease constitutes a breach of the Lease giving rise to the Landlord's Claim for all amounts payable under the Lease for the remaining life of the Lease, subject to the cap set forth in 11 U.S.C. § 502(b)(6).  That there has been no default under the Lease is not dispositive of the Landlord's Claim, but merely gives rise to an argument that the amount of the Landlord's Claim prior to application of the cap has been, and may continue to be, mitigated to the extent E. W. James continues to perform under the Lease.  *See Fifth Avenue Jewelers Inc*., 203 B.R. 372 (Bankr. W.D. Pa. 1996).  E. W. James could cease to pay rent under the Lease at any time and the Debtor and Guarantor's liability pursuant to the Landlord's Claim would be, at a minimum, all amounts payable under the Lease from that time to the expiration date of the Lease, up to the amount of the capped claim.

WHEREFORE, the Landlord respectfully requests entry of an Order overruling the Debtors' Twenty-Fourth Omnibus Objection to Claim No. 13409.

Respectfully submitted,

WYATT, TARRANT & COMBS, LLP


 /s/ Mary L. Fullington
Mary L. Fullington (KY 85335)
250 West Main Street, Suite 1600
Lexington, Kentucky  40507-1746
Telephone:  (859) 233-2012
Facsimile:   (859) 259-0649
lexbankruptcy@wyattfirm.com

COUNSEL FOR PALM LAKES, LLC

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on the 3rd day of November, 2006, a true and correct copy of the foregoing Response of Palm Lakes, LLC to Twenty-Fourth Omnibus Objection to Claims was served upon all parties listed below by electronic and/or first-class, postage prepaid U.S. mail.

David J. Baker
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036


　　　　　　　　　 /s/ Mary L. Fullington
　　　　　　　　　Mary L. Fullington

30430069.1