UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-03817-f1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al*, | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**DBT PORCUPINE WD1 DE BUSINESS TRUST'S RESPONSE TO DEBTORS'
TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS**

DBT Porcupine WD1 DE Business Trust (the "Landlord") hereby responds to the Debtors' Twenty-Forth Omnibus Objection to Claims (the "Omnibus Objection") with respect to Proof of Claim No. 9645 ("Claim No. 9645"), and in support thereof states and alleges as follows:

**LANDLORD'S CLAIMS AGAINST THE ESTATE**

1.     DBT Porcupine and Winn-Dixie Montgomery, Inc., d/b/a Winn-Dixie Louisiana, Inc. ("Winn-Dixie Montgomery") were parties to that certain lease, dated March 4, 1998 (the "Lease"), for real property located in Willow Park, Texas, which property has been designated as Store No. 2418.

2.     Winn-Dixie Montgomery's obligations under the Lease are guaranteed by Winn-Dixie Stores, Inc. ("Winn-Dixie Stores") pursuant to that certain Guaranty, dated March 4, 1998, as amended and restated on June 30, 2004 (the "Guaranty").

3.     The Lease term runs through March 31, 2018 ("Termination Date").

4.     On or about June 14, 2002, the Lease was assigned to Brookshire Grocery Company ("Brookshire"). Despite the assignment, Winn-Dixie Montgomery and Winn-Dixie

CH1 11134684.1

Stores remain liable under the Lease in the event Brookshire defaults thereunder, a fact which the Debtors admit in the Omnibus Objection. *See* Omnibus Objection, Exhibit A at p. 2.

5. Prior to the claims bar date, Landlord filed contingent claims against Winn-Dixie Montgomery and Winn-Dixie Stores, Claim Nos. 9645 and 9646, respectively, in the amount of $5,533,905.92, which was the full amount then due under the Lease through the Termination Date.

6. On June 23, 2006, the Debtors filed a motion to reject the Lease (Docket # 8756), and an order approving the rejection was entered on August 13, 2006 (Docket # 9188). Consequently, Claim Nos. 9645 and 9646 are subject to the cap contained in section 502(b)(6).

7. As of the filing of this response, Brookshire is not in default under the Lease.

8. In the Omnibus Objection, the Debtors seek to disallow Claim No. 9645 even though the Debtors acknowledge their potential liability in the event Brookshire defaults under the Lease.

## CLAIM No. 9645 SHOULD NOT BE DISALLOWED

9. Landlord holds valid contingent lease rejection claims against both Winn-Dixie Montgomery and Winn-Dixie Stores, and there is no basis for disallowing Claim 9645.

10. Section 502(c) of the Bankruptcy Code provides, in part:

> There shall be estimated for purpose of allowance under this section –
>
> (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case

11 U.S.C. § 502(c).

11. Thus, Landlord is entitled to either allowance of Claim No. 9645, subject to the section 502(b)(6) cap, or an evidentiary hearing to estimate or liquidate the amount of said claim.

S*ee, e.g., In re Rhead*, 179 B.R. 169, 172 (Bankr. D.Ariz. 1995) (Chapter 11 debtors' obligation on guarantee was "unliquidated," so as to be subject to estimation, to the extent that debtors had filed objections challenging certain aspects of creditor's proof of claim); *In re Roman Catholic Archbishop of Portland in Or.*, 339 B.R. 215, 219 (Bankr. D.Or. 2006) ("When actual liquidation of claims would unduly delay administration of the bankruptcy estate, estimation is mandatory")

**RESERVATION OF RIGHTS**

12. Landlord expressly reserves the right: (i) to amend, modify, or supplement this response, as well as any of its exhibits, including by, but not limited to, additional documentation of the amount of, or in relation to, Claim No. 9645; and (ii) to present other evidence if an evidentiary hearing is held with respect to the Omnibus Objection and this response.

13. Landlord expressly reserves its right to respond or move for additional relief on any grounds that may now exist or that may exist hereafter.

WHEREFORE, Landlord respectfully requests that the Court (1) overrule the Omnibus Objection as it relates to Claim No. 9645, (2) allow Claim No. 9645, subject to section 502(b)(6), or set an evidentiary hearing to estimate or liquidate the amount of said claim, and (3) grant Landlord such other and further relief that the Court may deem just and appropriate.

      Respectfully submitted,
      DBT PORCUPINE WD1 DE BUSINESS TRUST


      By: /s/ Sara E. Lorber
         One of Its Attorneys

Sara E. Lorber
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
Tel. (312) 346-8000
Fax: (312) 269-8869

CH1 11134684.1

slorber@seyfarth.com

4

CH1 11134684.1

**CERTIFICATE OF SERVICE**

      I, Sara E. Lorber, an attorney, do hereby certify that on November 6, 2006, I electronically filed a true and correct copy of the foregoing DBT PORCUPINE WD1 DE BUSINESS TRUST'S RESPONSE TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS, and caused the same to be served (1) via electronic mail to those parties entitled to service through the ECF registration, and (2) via facsimile transmission on counsel for the Debtors at the following address:

        D.J. Baker Esq.
        Skadden, Arps, slate, Meagher & Flom LLP
        Four Times Square
        New York, NY 10036
        (212) 735-2000 (facsimile)

                      /s/ Sara E. Lorber