UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                 )     Case No. 05-03817-f1

                                    )

WINN-DIXIE STORES, INC., *et al*,       )     Chapter 11

                                  )     (Jointly Administered)

            Debtors.          )

                                  )

## WD MT CARMEL, LLC'S RESPONSE TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS

WD MT Carmel, LLC (the "Landlord") hereby responds to the Debtors' Twenty-Fourth Omnibus Objection to Claims (the "Omnibus Objection") with respect to Proof of Claim No. 13435 ("Claim No. 13435") against Winn-Dixie Raleigh, Inc., and in support thereof states and alleges as follows:

## LANDLORD'S CLAIMS AGAINST THE ESTATE

1.      Landlord and Winn-Dixie Raleigh, Inc., d/b/a Winn-Dixie Charlotte, Inc., as tenant ("Tenant"), are parties to that certain lease, dated March 4, 1998 (as amended, the "Lease"), for real property located in Mt. Carmel, Ohio, which property has been designated as Store No. 1750.  A copy of the Lease is attached as Exhibit A to Claim No. 13435.

2.      Tenant's obligations under the Lease are guaranteed by Winn-Dixie Stores, Inc. ("Guarantor") pursuant to that certain Guaranty, dated March 4, 1998, as amended and restated on June 30, 2004 (the "Guaranty").  A copy of the Guaranty is attached as Exhibit B to Claim No. 13435.

3.      The Lease term runs through March 31, 2018 ("Termination Date").

CH1 11134712.1

4.       On or about June 30, 2004, the Tenant assigned the Lease to Kroger Limited Partnership ("Kroger").  Despite the assignment, the Tenant and Guarantor remain liable under the Lease in the event Kroger defaults on the obligations thereunder.

5.       Prior to the claims bar date, Landlord filed contingent claims against the Tenant and the Guarantor, Claim Nos. 9639 and 9638, respectively, in the amount of $7,141,035.78, which was the full amount then due under the Lease through the Termination Date.

6.       On June 23, 2006, the Debtors filed a motion to reject the Lease (Docket # 8756), and an order approving the rejection was entered on August 13, 2006 (Docket # 9188). Subsequently, Landlord filed amendments to Claim Nos. 9639 and 9638, which reduce the amount of the contingent Claims to $1,071,155.37 consistent with section 502(b)(6), which amended claims have been designated as Claim Nos. 13434 and 13435.

7.       On August 15, 2006, the Debtors' filed their Seventeenth Omnibus Objection to Claims wherein they sought, among other things, to disallow Claim No. 9638.  Landlord filed a response to the Seventeenth Omnibus Objection opposing said relief and the Seventeenth Omnibus Objection to Claims remains pending in this regard.

8.       As of the filing of this response, Kroger is current on the obligations under the Lease.

## THE OMNIBUS OBJECTION

9.       In the Omnibus Objection, the Debtors seek to disallow Claim No. 13435, even though the Debtors acknowledge their potential liability in the event Kroger defaults under the Lease.

## CLAIM NO. 13435 IS NOT SUBJECT TO DISALLOWANCE

2

10.     Landlord hold a valid contingent lease rejection claim in the amount of $1,071,155.37 against Tenant, and there is no basis for disallowing said claim.

11.     Section 502(c) of the Bankruptcy Code provides, in part:

> There shall be estimated for purpose of allowance under this section –
>
>     (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case

11 U.S.C. § 502(c).

12.     Landlord is entitled to either allowance of Claim No. 13435 or an evidentiary hearing to estimate or liquidate the amount of the claim. S*ee, e.g., In re Rhead*, 179 B.R. 169, 172 (Bankr. D.Ariz. 1995) (Chapter 11 debtors' obligation on guarantee was "unliquidated," so as to be subject to estimation, to the extent that debtors had filed objections challenging certain aspects of creditor's proof of claim); *In re Roman Catholic Archbishop of Portland in Or.*, 339 B.R. 215, 219 (Bankr. D.Or. 2006) ("When actual liquidation of claims would unduly delay administration of the bankruptcy estate, estimation is mandatory")

## RESERVATION OF RIGHTS

13.     Landlord expressly reserves the right:  (i) to amend, modify, or supplement this response, as well as any of its exhibits, including by, but not limited to, additional documentation of the amount of, or in relation to, Claim No. 13435; and (ii) to present other evidence if an evidentiary hearing is held with respect to the Omnibus Objection and this response.

14.     Landlord expressly reserves its right to respond or move for additional relief on any grounds that may now exist or that may exist hereafter.

WHEREFORE, Landlord respectfully requests that the Court (1) overrule the Omnibus Objection as it relates to Claim No. 13435, (2) allow Claim No. 13435 in the amount of

CH1 11134712.1

$1,071,155.37 or set an evidentiary hearing to estimate or liquidate the amount of said claim; and

(3) grant Landlord such other and further relief that the Court may deem just and appropriate.

Respectfully submitted,

WD MT CARMEL, LLC


By: /s/ Sara E. Lorber
            One of Its Attorneys


Sara E. Lorber
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois  60603
Tel. (312) 346-8000
Fax: (312) 269-8869
slorber@seyfarth.com

4

CH1 11134712.1

5

## CERTIFICATE OF SERVICE

I, Sara E. Lorber, an attorney, do hereby certify that on November 6, 2006, I

electronically filed a true and correct copy of the foregoing WD MT CARMEL, LLC'S

RESPONSE TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS, and

caused the same to be served (1) via electronic mail to those parties entitled to service through

the ECF registration, and (2) via facsimile transmission on counsel for the Debtors at the

following address:

> D.J. Baker Esq.
> Skadden, Arps, slate, Meagher & Flom LLP
> Four Times Square
> New York, NY 10036
> (212) 735-2000 (facsimile)

/s/ Sara E. Lorber

CH1 11134712.1