UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-03817-f1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al*, | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## DANIEL G. KAMIN'S RESPONSE TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS

Daniel G. Kamin ("Kamin") hereby responds to the Debtors' Twenty-Fourth Omnibus Objection to Claims (the "Omnibus Objection"), and in support thereof states and alleges as follows:

1. Kamin has filed a number of proofs of claims against the Debtors' estates pursuant to various leases and lease guarantees, including the following claims:

| Claim No. | Claim Amount | Status |
|---|---|---|
| 9641 | $402,234.49 | |
| 9642 | $402,234.49 | Reduced by amended thirteenth omnibus claims objection order. |
| 9634 | $1,120,704.10 | |
| 9635 | $1,120,704.10 | |
| 12310 | $1,141,443.53 | |

2. In the Omnibus Objection, the Debtors, among other things, seek to disallow a scheduled $39,996.98 claim in favor of Kamin (designated in the Omnibus Objection as "Claim No. 36225) on the grounds that the "liability was scheduled in error." Omnibus Objection, Exhibit A at p. 3.

CH1 11134792.1

3. Kamin objects to the disallowance of this "claim" because (a) certain of the Debtors owe more than $39,996.98 to Kamin, (b) the Debtors have come forth with no evidence to rebut the prima facie validity of Kamin's claims, (c) Winn-Dixie Raleigh, Inc. did not schedule the $39,996.98 liability as contingent, disputed or unliquidated, and the schedules therefore constitute an admission of this liability to Kamin (*see* Exhibit A), and (d) Winn-Dixie Raleigh, Inc. cannot amend its schedules through an omnibus objection to claims. *See, e.g., In re Campbell*, 336 B.R. 430, 432 (9th Cir. 2005) (a debtor's admission of liability on the bankruptcy schedules also has consequences: the debtor might be able to withdraw that admission, but the legal and evidentiary consequences will depend on the normal rules governing admissions and estoppel"); *In re Cluff*, 313 B.R. 323, 339-40 (Bankr. D.Utah 2004) ("The formal objections do not challenge and certainly do not undermine the *prima facie* validity of the claims. . . . the Debtors originally listed these debts on their schedules as uncontested, liquidated, and non-contingent. These acknowledgments are deemed an admission of the debt under the Evidence Rules.")

4. Kamin expressly reserves the right: (i) to amend, modify, or supplement this response, as well as any of its exhibits, including by, but not limited to, additional documentation of the amount of, or in relation to, any of its claims; and (ii) to present other evidence if an evidentiary hearing is held with respect to the Omnibus Objection and this response.

5. Kamin expressly reserves its right to respond or move for additional relief on any grounds that may now exist or that may exist hereafter.

WHEREFORE, Kamin respectfully requests that the Court (1) overrule the Omnibus Objection as it relates to any claim of Kamin, including Claim No. 36225, (2) allow Claim No.

2

36225, and (3) grant Kamin such other and further relief that the Court may deem just and appropriate.

Respectfully submitted,

DANIEL G. KAMIN

By: /s/ Sara E. Lorber
One of Its Attorneys

Sara E. Lorber
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
Tel. (312) 346-8000
Fax: (312) 269-8869
slorber@seyfarth.com

## CERTIFICATE OF SERVICE

I, Sara E. Lorber, an attorney, do hereby certify that on November 6, 2006, I electronically filed a true and correct copy of the foregoing DANIEL G. KAMIN'S RESPONSE TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS, and caused the same to be served (1) via electronic mail to those parties entitled to service through the ECF registration, and (2) via facsimile transmission on counsel for the Debtors at the following address:

>D.J. Baker Esq.
>Skadden, Arps, slate, Meagher & Flom LLP
>Four Times Square
>New York, NY 10036
>(212) 735-2000 (facsimile)

/s/ Sara E. Lorber

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re: WINN-DIXIE RALEIGH, INC.    Case No.: 05-11083 (RDD)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| Creditor's Name and Mailing Address Including Zip Code | Date Claim Was Incurred and Consideration for Claim. If Claim Is Subject to Setoff, So State. | Contingent | Unliquidated | Disputed | Co-Debtor | Amount of Claim |
|---|---|---|---|---|---|---|
| **Sub Schedule: ACCOUNTS PAYABLE** | | | | | | |
| K B PROPERTIES INC<br>P O POB 4899<br>PINEHURST, NC 28374<br>Creditor: 253553 - 12<br>Vendor: 0000013717 | 02/21/2005 | | | | | $17,585.40 |
| KAMIN, DANIEL G<br>PO BOX 10234<br>PITTSBURG, PA 15232-0234<br>Creditor: 247558 - 12<br>Vendor: 0000110814 | 02/21/2005 | | | | | $276.60 |
| KAMIN, DANIEL G<br>PO BOX 10234<br>SHADYSIDE STATION<br>PITTSBURGH, PA 15232-0234<br>Creditor: 247557 - 12<br>Vendor: 0000040218 | 02/21/2005 | | | | | $39,996.98 |
| KANNAPOLIS WATER & SEWER<br>PO BOX 1190<br>KANNAPOLIS, NC 28082-1190<br>Creditor: 253580 - 12<br>Vendor: 0000110066 | 02/21/2005 | | | | | $381.83 |
| KARAVAN DOORS, INC.<br>PO BOX 569<br>FAYETTEVILLE, GA 30214-0569<br>Creditor: 253587 - 12<br>Vendor: 0000110514 | 02/21/2005 | | | | | $897.00 |
| KASCO CORPORATION<br>PO BOX 96268<br>CHICAGO, IL 60693-6268<br>Creditor: 253618 - 12<br>Vendor: 0000110082 | 02/21/2005 | | | | | $12,564.42 |
| KASCO MEAT<br>CHARLES ARTHRELL<br>1569 TOWER GROVE AVE<br>ST LOUIS, MO 63110<br>Creditor: 253619 - 12<br>Vendor: 0000776829 | 02/21/2005 | | | | | $841.21 |
| KELLEY & ABIDE COMPANY INC<br>PO BOX 13516<br>NEW ORLEANS, LA 70185-3516<br>Creditor: 253724 - 12<br>Vendor: 0000110832 | 02/21/2005 | | | | | $3,692.85 |

**PAGE TOTAL:**    **$76,236.29**