UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., *et al.*, ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |

**RESPONSE TO DEBTOR'S TWENTY-FOURTH OMNIBUS OBJECTION
TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS,
(C) OVERSTATED CLAIMS, (D) OVERSTATED MISCLASSIFIED CLAIMS,
MISCLASSIFIED CLAIMS, (F) DUPLICATE LIABILITY CLAIMS AND (G)
AMENDED AND SUPERSEDED CLAIMS**

Southland -Waco W.D. Delaware Business Trust ("Southland-Waco") and Southland Arlington W.D. Delaware Business Trust ("Southland-Arlington", and together with Southland-Waco, "Southland"), by their undersigned counsel, respectfully respond to Debtor's Twenty-Fourth Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, Misclassified Claims, (F) Duplicate Liability Claims and (G) Amended and Superseded Claims (the "Objection") filed by the above-captioned debtors and debtors-in-possession (together, the "Debtors") In support thereof, Southland states:

1. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.

2. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. Prior to the Petition Date, on August 25, 1994, certain of the Debtors entered into a lease agreement with Southland-Waco regarding the space for Store No. 2441 located at 1320 North 25th Street, Waco, Texas 76707 (the "Waco Lease").

4. Also on August 25, 1994, certain of the Debtors entered into a lease agreement with Southland-Arlington regarding the space for Store No. 2459 located at 1300 East Pioneer Parkway, Arlington, Texas 76014 (the "Arlington Lease", and together the "Leases").

5. Subsequently, the Debtors assigned both of the Leases to Fiesta Mart, Inc ("Fiesta Mart"). In connection with each assignment, the Debtors acknowledged that they remained contingently liable on all of Fiesta Mart's obligations to Southland under the Leases.

6. On June 23, 2006, the Debtors filed the Debtors' Motion for Order Authorizing Rejection of Non-Residential Real Property Leases that were Assigned Prepetition (the "Rejection Motion"). In the Rejection Motion, the Debtors requested, among other things, entry of an order rejecting the Leases.

7. The Court granted the Rejection Motion on July 13, 2006 by entering its Order Authorizing Retroactive Rejection of Non-Residential Real Property Leases That Were Assigned Prepetition.

8. After the Petition Date, Southland-Waco filed Proof of Claim No. 13404 against the Debtors in the amount of $282,155.07 (the "Waco Claim"). Southland-Arlington filed Proof of Claim No. 13415 against the Debtors in the amount of $659,244.66 (the "Arlington Claim, and together with the Waco Claim, the "Claims").

9. On information and belief, Fiesta Mart is not in default under either of the Leases. Consequently, the Claims are contingent obligations of the Debtors.

10. On October 17, 2006, the Debtors filed their Objection. In the Objection, among other things, the Debtors seek the entry of an order disallowing the Claims.

11. It is well-established that a debtor's pre-petition guarantee obligation gives rise to a claim as defined in Section 101(5) of the Bankruptcy Code. See In re Stucker, 153 B.R. 219, 222 (Bankr. N.D. Ill. 1993) ("The Debtor's pre-petition guarantee gave rise to a contingent claim as defined in 11 U.S.C. § 101(5) and buttressed by 11 U.S.C. § 101(10)(A).").

12. A creditor in whose favor a debtor has issued a guaranty holds a contingent claim against the debtor's estate, regardless of whether the obligation is likely to come due in the near future. See In re Radio-Keith-Orpheum Corp., 106 F.2d 22 (2d Cir. 1939), cert. denied, 308 U.S. 622, 60 S.Ct. 377, 84 L.Ed. 519 (1940) (Holding that even though the debtor's guarantees of leases were wholly contingent and indeterminate, the landlords had claims that could be treated by the plan of reorganization notwithstanding that the leases at issue in the case were not in default and there was no prospect of default.).

13. Southland's claims are not barred by Bankruptcy Code Section 502(e)(1), which applies only to claims asserted by a co-debtor. See In re Southern Cinemas, Inc., 256 B.R. 520, 534 (Bankr. M.D. Fla. 2000) (Holding, among other things, that creditor's guarantee claim against debtor on lease that had been assigned and rejected was general, unsecured claim subject to cap of Section 502(b)(6) of the Bankruptcy Code.).

14. The Debtors are not presently indebted to Southland in a fixed amount because, on information and belief, Fiesta Mart is not in default under either of the Leases. However, pursuant to the Debtors' guarantees of the Leases, if Fiesta Mart were to breach its obligations to Southland, the Debtors' obligations to Southland would become ripe and quantifiable. As such, while Southland cannot presently assert a claim against the Debtors in a liquidated amount, Southland has a valid contingent claim against the Debtors. Cf. 11 U.S.C. § 502(b)(1) (disallowing claims that are presently unenforceable "for a reason other than because such claim is contingent or unmatured.")

15. The Debtors concede in Exhibit A to the Objection that it "REMAINS GUARANTOR IN EVENT OF DEFAULT," yet by that same Objection have mistakenly classified the Claims as "No Liability Claims," and erroneously seek to disallow the Claims on the grounds that "no default has occurred." See Objection Exhibit A at p. 11.

16. Neither bankruptcy case law on this subject nor the Bankruptcy Code support the Debtors' requested relief in the Objection. The Debtors' assignment of the Leases to Fiesta Mart, and their subsequent rejection of the Leases pursuant to the Rejection Motion, do not impair the validity of Southland's contingent Claims.

WHEREFORE, Southland respectfully requests that the Court enter an Order allowing Proof of Claim Nos. 13404 and 13415 as contingent claims but conditioning any distribution with respect thereto on default under the Leases by Fiesta Mart, Inc.

DATED this 6 day of November, 2006.

HELD & ISRAEL

By: _____
Kimberly Held Israel, Esquire
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
afrisch@hilawfirm.com
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

Thomas C. Wolford (IL Atty. No. 6194526)
James A. Snyder (IL Atty. No. 6278484)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, Illinois 60602-3801
Phone: (312) 269-8000
Fax: (312) 269-1747