# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | Time Requested: 5 minutes |

## MOTION FOR RELIEF FROM ORDER DETERMINING
## TAX LIABILITIES AS TO RANKIN COUNTY, MISSISSIPPI

Rankin County, Mississippi, a tax lien creditor, moves the Court pursuant to Rule 9024, Federal Rules of Bankruptcy Procedure, for relief from the order dated August 10, 2006 (Docket No. 10162) granting debtor's fourth omnibus motion to determine tax liabilities (Docket No. 9133), and in support of the motion states:

1. Movant is responsible for the assessment and collection of taxes imposed by the State of Mississippi and various political subdivisions of Rankin County, Mississippi.

2. On the Petition Date, Winn-Dixie Stores, Inc. ("Winn-Dixie") owed Rankin County approximately $97,378.93 for unpaid 2005 *ad valorem* and tangible personal property taxes. Pursuant to § 27-35-1, Mississippi Statutes, Rankin County holds a perfected lien against all real and tangible personal property of Winn-Dixie located within said county to secure payment of the taxes.

3. Rankin County has not filed a proof of claim for the unpaid taxes in this case.

4.   On July 11, 2006, Winn-Dixie filed its fourth omnibus § 505(a) motion to determine tax liabilities in which Winn-Dixie sought to reduce the assessed value of its Rankin County Personal Property from $1,517,096 to $643,774, which in turn lowers its tax liabilities to Rankin County for 2004 and 2005 from $161,513.31 to $69,934.15 (Docket No. 9133). The motion further sought to apply the resulting "credit" to Winin-Dixie's future tax liabilities.

5.   The motion was not served on any particular individual or person authorized by law to receive process for Rankin County and was instead simply mailed to the following address:

> Rankin County Tax Collector
> 211 East Government Street
> Brandon, Mississippi 39042

*See* Winn-Dixie's Certificate of Service dated July 13, 2006 (Docket No. 9155).

6.   Pursuant to Rules 9014 and 7004(b), Federal Rules of Civil Procedure, service on a local government by mail is valid only if sent to "the person or office upon whom process is prescribed to be served by the law of the state in which service is made . . ." Pursuant to Rule 4(d)(6), Mississippi Rules of Civil Procedure, service on a county or county official is required to be made upon the President or the Clerk of the Board of Supervisors, neither of which received service in this instance. Rankin County did not therefore receive proper service of the motion and, as a result, the order is void as to Rankin County. *In re Worldwide Web Systems, Inc. (Valdez v. Feltman)*, 328 F.3d 1291, 1299

(11th Cir. 2003) ("[W]here service of process is insufficient, the court has no power to render judgment and the judgment is void").

7. An order granting Winn-Dixie's fourth omnibus motion to determine tax liabilities was entered "by default" on August 10, 2006 (Docket No. 10162).

8. Rankin County only recently learned of Winn-Dixie's motion and of the order August 10th order reducing Winn-Dixie's tax liability. The undersigned counsel was promptly hired to address the matter.

9. Rankin County holds numerous defenses to the debtors' fourth omnibus objection and motion to determine tax liabilities. Among others, the taxes asserted against Winn-Dixie are based on valuations submitted by Winn-Dixie itself. Winn-Dixie should therefore be estopped from challenging its own estimates of value. The time periods for challenging the *assessments* have also expired. Though § 505(a) is broad in scope, a debtor must still comply with the procedural aspects of state law. *See e.g., In re Litestream Technologies, LLC*, 337 B.R. 705, 709 (Bankr. M.D. Fla. 2006) ("Although Section 505(a) gives the debtor a renewed opportunity to contest its taxes, the standards to be applied in determining the amount of those taxes are those established by state law"). Section 505(a) may not therefore be utilized to revive an expired statute of limitations or statute of repose.

10. Moreover, Rankin County disputes Winn-Dixie's lower valuations and methods of valuing the real and personal property at issue. This is particularly true to the extent Winn-Dixie utilized distressed sales prices as the valuation yardstick.

11. Winn-Dixie's motion also sought to both reduce Rankin County's tax lien and to apply the resulting "credit" against future tax obligations. Pursuant to Rule 7001,

any action "for the recovery of money" or to determine "the validity, priority and extent" of any lien is required to be brought in the form of an adversary proceeding. This is particularly true where the secured creditor has filed no proof of claim in the case. Because Winn-Dixie failed to comply with Rule 7001, the August 10, 2006 order should be set aside.

WHEREFORE, Movant requests (i) that the order entered August 10, 2006 be vacated as to Rankin County, Mississippi, and (ii) that Rankin County be permitted to contest the debtor's motion, and (iii) that the Court grant such other relief as is appropriate.

**STUTSMAN THAMES & MARKEY, P.A.**

*/s/ Richard R. Thames*
By_____
    Richard R. Thames

Florida Bar Number 0718459
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rthames@stmlaw.net

Attorneys for Rankin County, Mississippi, Tax Collector and the Rankin County, Mississippi Board of Supervisors

## Certificate of Service

I hereby certify on November 6, 2006, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
patrick.pantangan@akerman.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

| | |
|---|---|
| Adam Ravin, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>aravin@skadden.com | D.J. Baker, Esq.<br>Skadden, Arps, Slat, Meagher, & Flom, LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>dbaker@skadden.com |

/s/ *Richard R. Thames*
_____
Attorney

61229