**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **In re:** | **Case No. 05-03817-3F1** |
| **WINN-DIXIE STORES, INC., et al.,** | **Chapter 11** |
| **Debtors.** | **Jointly Administered** |

_____/

## RESPONSE TO DEBTORS' SECOND OMNIBUS OBJECTION TO UNRESOLVED LITIGATION CLAIMS

Claimants, LORETHIA ALEXANDER, HUBERT DESSALINES, and REBECCA CUYLER, through counsel, hereby file this their Response to Debtors' Second Omnibus Objection to Unresolved Litigation Claims and state:

1. Claimants Lorethia Alexander, Hubert Dessalines, and Rebecca Cuyler, sued Winn-Dixie Stores, Inc., in the Circuit Court of the Second Judicial Circuit in and for Jefferson County, Florida claiming race discrimination and retaliation.

2. At the time Winn Dixie Stores, Inc., filed for protection under Chapter 11 of the Bankruptcy Code, the undersigned represented three other plaintiffs in discrimination and retaliation suits that were pending when the Chapter 11 proceeding was commenced. These other plaintiffs were Victoria Milton, Tamika Warthen and Herman Robinson.

3. Upon receipt of the Order Establishing Deadline for Filing Proofs of Claim dated April 28, 2005, the undersigned thought that all proof of claims had been filed by all of the above plaintiffs, including Ms. Alexander, Mr. Dessalines and Ms. Cuyler.

4. Sometime in or around November, 2005, while the undersigned was attempting to negotiate settlements for Milton, Warthen and Robinson with Winn-Dixie's counsel, the undersigned

inquired as to whether offers to settle were going to be made as to Alexander, Dessalines and Cuyler. At that time, the undersigned was first advised that proof of claims had not been filed for these three plaintiffs.

5. Immediately thereafter, proof of claims were filed on November 25, 2005 for Alexander, Dessalines and Cuyler. Although proof of claims had not been filed for these three plaintiffs, the undersigned and counsel for Winn-Dixie attempted to resolve these claims and offers were made by Winn-Dixie to settle but were rejected by Alexander, Dessalines and Cuyler.

6. Proof of claims for Alexander, Dessalines and Cuyler were filed with this Court within a matter of days after learning from Winn-Dixie's counsel that proof of claims had not been filed.

7. The failure to file claims for Alexander, Dessalines and Cuyler was the result of an attorney leaving the undersigned's firm who had filed the claims for Milton and Warthen and the undersigned thought that claims had also been filed for Alexander, Dessalines and Cuyler at the same time. The error was immediately corrected after notice.

8. No prejudice can be shown to the Debtor by accepting the late filed claims as the claims of Alexander, Dessalines and Cuyler, were known to the Debtor at the time the April 28, 2005 Order was entered and the Debtor had the opportunity to and did negotiate with the Claimants, even through they did not have claims pending, to settle their claims.

9. The failure to file the claim was the result of inadvertence and mistake in that the undersigned thought that all claims had been filed when Milton and Warthen were filed and did not learn of the error until negotiations on the Milton and Warthen claims and the undersigned inquired as to whether offers were going to be made on Alexander, Dessalines and Cuyler.

WHEREFORE, Claimants Alexander, Dessalines and Cuyler respectfully request that their claims be accepted as timely based on inadvertence and mistake, all for the reasons more fully set forth above and below.

**MEMORANDUM OF LAW**

The determination of what constitutes excusable neglect is an equitable one taking into account all relevant circumstances surrounding the failure to file a timely proof of claim. Pioneer Inv. Services Co. V. Brunswick Assoc. Ltd., Partnership, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). The following factors have been identified to determine if there is excusable neglect: (1) danger of prejudice to the debtor; (2) the length of the delay and its potential impact on the judicial proceedings and efficient court administration; (3) the source or reason for the delay; and (4) whether the movant acted in good faith. Id.; Matter of Clear Corp., 111 B.R. 20 (Bankr. D.P.R. 1990); In re Peters, 90 B.R. 588 (Bankr. N.D. N.Y. 1988); In re STN Enterprises, Inc., 94 B.R. 329 (Bankr. D. Vt. 1988); In re Murchison, 85 B.R. 37, (Bankr. N.D. Tex. 1987); In re Eagle Bus. Mfg. Inc., 62 F. 3d 730 (5th Cir. 1995). Prejudice to the debtor has been identified as being the central inquiry. In re Eagle Bus Mfg., Inc., 62 F. 3d 730 (5th Cir. 1995).

Additionally, excusable neglect has been flexibly construed to permit courts to accept late filings caused by inadvertence, mistake or carelessness. And an attorney's inadvertent failure to file a timely proof of claim can constitute excusable neglect. Pioneer 507 U.S. 380, 113 S. Ct. 1489.

In the present case, the claimants counsel believed that the proof of claims had been filed together with other proof of claims filed for other claimants and even brought the claims up during negotiations on the timely claims and negotiated with the Debtor to resolve the untimely claims. The claims were then filed within days of being notified that the claims of Alexander,

Dessalines and Cuyler had not been filed. No prejudice can be shown to the Debtor under these circumstances.

        Respectfully submitted,

        /s/ Marie A. Mattox
        Marie A. Mattox [FBN 0739685]
        310 East Bradford Road
        MARIE A. MATTOX, P. A.
        Tallahassee, FL   32303-4804
        Telephone:   (850) 383-4800
        Facsimile:   (850) 383-4801
        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and accurate copy of the foregoing has been furnished to David L. Gay of Smith, Hulsey and Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202 by CM/ECF and facsimile (904) 359-7860 and email (dgay@smithhulsey.com) this 6th day of November, 2006.

        /s/ Marie A. Mattox
        Marie A. Mattox