## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## AGREED ORDER AUTHORIZING ASSUMPTION OF AGREEMENT WITH, AND RESOLVING CLAIM OF, INFORMATION RESOURCES, INC.

These cases came before the Court upon the Debtors' Notice of Agreed Order

Authorizing Assumption of InfoScan Agreement with, and Resolving Claim No. 11820 by,

Information Resources, Inc. (the "Notice of Agreed Order") filed by Winn-Dixie Stores, Inc.

("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered

cases, as debtors and debtors-in-possession (collectively, the "Debtors") relating to (i) the

Debtors' Fourth Omnibus Motion for Order Authorizing Assumption of Executory Contracts and

Unexpired Leases and Fixing Cure Amounts filed at Docket No. 10966 (the "Assumption

Motion")[1] seeking, inter alia, authorization and approval to assume that certain Contract for

InfoScan Services between Winn-Dixie Stores, Inc. ("Winn-Dixie") and Information Resources,

Inc. ("IRI") dated March 3, 2003 (the "InfoScan Agreement"), (ii) IRI's limited objection to the

Assumption Motion filed at Docket No. 11472 (the "Limited Objection"), (iii) the Debtors'

Fifteenth Omnibus Objection to (A) No Liability Claims, (B) Overstated Claims and (C)

Overstated Misclassified Claims filed at Docket No. 9494 (the "Claim Objection"), seeking, inter

alia, a reduction of IRI's Claim No. 11820 from $2,843,892.04 to $415,200.00, and (iv) IRI's

---

[1]    All capitalized terms not defined in this Agreed Order shall have the meanings ascribed to them in the Assumption Motion.

response to the Claim Objection filed at Docket No. 10232 (the "IRI Claim Response"). The Court finds that (i) the Notice of Agreed Order was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object within 20 days of the date of service and that (ii) no party filed an objection. The Court therefore considers the entry of this Agreed Order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1.      The Assumption Motion as it pertains to the InfoScan Agreement is granted and the Limited Objection is resolved as set forth below.

2.      The Debtors are authorized to assume the InfoScan Agreement as amended by the Letter of Commitment for Data Contract between Winn-Dixie and IRI dated November 22, 2005 (the "Letter Commitment") other than the condition in the Letter Commitment that the parties thereto execute a final contract (collectively with the InfoScan Agreement, the "Contract"), pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the later of the effective date of the Debtors' joint plan of reorganization and the date of entry of this Agreed Order (the "Effective Date"). The Debtors' assumption of the Contract as of, and upon the occurrence of, the Effective Date is approved.

3.      For purposes of 11 U.S.C. § 365(b)(1), there shall be no cure or compensation amounts owed by the Debtors with respect to the Contract and the cost of assumption shall be fixed at $0.00.

4.      IRI is deemed to have waived any and all rights it may have against the Debtors for cure or compensation under the Contract except for any postpetition performance becoming due under the Contract.

5.    The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to the Contract.

6.    The Claim Objection as it pertains to IRI's Claim No. 11820 and the IRI Claim Response are each resolved as set forth below.

7.    Claim No. 11820 is allowed as a prepetition non-priority unsecured claim in the reduced amount of $2,400,000.00 and shall be treated as a Class 14: Vendor/Supplier Claim under the Debtors' joint plan of reorganization. The remaining balance of Claim No. 11820 is disallowed.

8.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Agreed Order.

9.    The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Agreed Order.

10.    Notwithstanding any provisions to the contrary in the Federal Rules of Bankruptcy Procedure, including Rule 6006(d), this Agreed Order shall take effect immediately upon entry.

11.    In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, this Agreed Order shall be null and void.

Dated this _10_ day of _November_, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

3

## Consent

The undersigned parties consent to entry of the foregoing order.

WINN-DIXIE STORES, INC., ET AL.    INFORMATION RESOURCES, INC.

By ___*s/ Rosalie Walker Gray*___          By ___*s/ Joseph D. Frank* \*___
    Rosalie Walker Gray, Esq.              Joseph D. Frank, Esq.

Skadden, Arps, Slate, Meagher & Flom LLP    Frank/Gecker LLP
Four Times Square    325 North LaSalle Street, Suite 625
New York, New York 10036    Chicago, Illinois 60610
(212) 735-3000    (312) 276-1400
(212) 735-2000 (facsimile)    (312) 276-0035 (facsimile)
rgray@skadden.com    jfrank@fgllp.com

Co-Counsel to Winn-Dixie Stores, Inc. and    Counsel to Information Resources, Inc.
its subsidiaries and affiliates

\* Counsel has authorized the use of his electronic signature.

1165044-New York Server 7A - MSW