UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

ORDER GRANTING DEBTORS' MOTION TO APPROVE STIPULATION AND
ASSUMPTION OF LEASES BETWEEN DEBTORS AND
CITICORP VENDOR FINANCE, INC.

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its debtor affiliates (collectively, the "Debtors") for an order approving (a) a stipulation (the "Stipulation") with Citicorp Vendor Finance, Inc. as successor to Gulf Coast Office Products ("Citicorp") and (b) the related assumption of the Equipment Lease Agreement between Winn-Dixie and Citicorp dated January 27, 2005, and the Cost per Copy Rental Agreement between Winn-Dixie and Citicorp dated April 7, 2004 as amended (collectively, the "Leases") (the "Motion").[1] The Court finds that (i) the Motion was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 20 days of the date of service, and (ii) no party filed an objection. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1. The Motion is granted.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Stipulation.

2. The Stipulation between the Debtors and Citicorp attached to the Motion is approved.

3. The Court's order entered at Docket No. 11220 authorizing and approving the rejection of the Leases, among others, as of September 21, 2006 (the "Rejection Order") as it pertains to the Leases is vacated and the entries for the Leases on page 2 of Exhibit A to the Rejection Order are deemed deleted in their entirety.

4. Except as it pertains to the Leases and as described above, the Rejection Order shall remain unchanged and in full force and effect.

5. The assumption of the Leases is authorized and approved subject to the occurrence of, and effective as of, the later of the effective date of the Debtors' joint plan of reorganization and the entry of and order approving this Stipulation (the "Effective Date").

6. For purposes of Section 365(b)(1) of the Bankruptcy Code, there shall be no cure or compensation amounts owed by the Debtors with respect to the Leases and the cost of assumption is fixed at $0.00. Citicorp is deemed to have waived any and all rights it may have against the Debtors for cure or compensation under the Leases except for any postpetition obligations becoming due under the Leases or any obligations that accrue post-Effective Date under the Leases..

7. Subject to the occurrence of the Effective Date, Claim Nos. 484 and 6171 are disallowed in their entirety and expunged.

8. All claims related to the Leases as between the Debtors and Citicorp are resolved other than the claims arising out of the postpetition services by Citicorp to the Debtors and postpetition and post-Effective Date obligations of the Debtors under the Leases.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

11. In the event the Debtors' joint plan of reorganization is not confirmed or does not become effective, this Agreed Order shall be null and void.

Dated this 6 day of November, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge