# PALM COAST CORNERS ASSOCIATES, L.P.
525 Pharr Road
Atlanta, Georgia 30305
(404) 231-0579 ext.15
(404) 266-3654 FAX

**F I L E D**
JACKSONVILLE, FLORIDA

NOV 0 8 2006

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

November 3, 2006

Mr. Stephen D. Busey
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
   Certified # 7005 1160 005 0703 8904

Honorable Jerry A. Funk
US Bankruptcy Court Of Middle District FL
300 North Hogan Street
Suite 3-350
Case # 05-03817-3F1
Jacksonville, Florida 32202
Certified # 7005 1160 005 0703 8898

Re:   Objection to Order to Grant
      Related Relief to Debtors on Exhibit D
      Winn-Dixie, Inc. et. al.
      Case # 05-03817-3F1
      Winn Dixie #2247
      Palm Coast, Florida

Dear Honorable Judge Funk and Mr. Busey:

Upon reviewing the "Order Correcting Order of October 4, 2006 III) Granting Related Relief to Attached Exhibit D", we hereby dispute the Proposed Cure Amount listed in Exhibit D page 22 of 24. We filed two Proofs of Claim on July 26, 2005 which were recorded by the U.S. Bankruptcy Court of Middle District of Florida on August 3, 2005. The two claims of $54,156.65 and $2,035.71 total $56,192.36. We also provided to the court a ballot for Class 13 and Class 17 on September 6, 2006 for these same above referenced amounts.

On July 10, 2006 we submitted an objection to the "Debtors Second Omnibus Motion" that our two claims totaling $56,192.36 should be included in Exhibit B page 10 of 12 of that Motion. Kindly see the attached letter. I am also enclosing a copy of these two claim forms and a schedule of individual items which total this amount.

Kindly correct Exhibit D to indicate our claim total of $56,192.36 for Class 13 - Landlord Claims and Class 17 - Small Claims. Since no payment has been made on this original balance, the amount remains the same.

Sincerely,

Julian S. Betts, Jr.
President of U C Development, Inc., G.P.
Enclosure

Danny/Bankruptcy/WinnClaim2006

## PALM COAST CORNERS SHOPPING CENTER
## WINN DIXIE OUTSTANDING AMOUNT DUE AS OF
## FEBRUARY 21, 2005 CHAPTER 11 PETITION

### CREDITOR ID: WDX-257948-B1-12; PETITION # 19952224

| Date | Type | Description | Amount |
|---|---|---|---|
| 01/12/2005 | PTA | 2004 REAL ESTATE TAX RECOVERY | $49,025.92 |
| 03/01/2005 | PCA | 2004 CAM CREDIT | ($4,651.70) |
| 02/21/2005 | OTHER | 01/01/05 - 02/21/05 REAL ESTATE TAX RECOVERY | $8,382.00 |
| 02/21/2005 | OTHER | 01/01/05 - 02/21/05 INSURANCE RECOVERY | $1,009.36 |
| 02/21/2005 | OTHER | 01/01/05 - 02/21/05 CAM RECOVERY | $391.07 |

**TOTAL CAM PREPETION CLAIM**                              **$54,156.65**

### CREDITOR ID: WDX-257947-B1-12; PETITION # 19952223

| Date | Type | Description | Amount |
|---|---|---|---|
| 01/26/2005 | WAT | 10/15/04 - 11/15/04 WATER | $483.27 |
| 02/01/2005 | WAT | 11/15/04 - 12/14/04 WATER | $442.52 |
| 02/15/2005 | WAT | 12/14/04 - 01/11/05 WATER | $463.05 |
| 03/25/2005 | WAT | 01/11/05 - 02/08/05 WATER | $481.08 |
| 07/21/2005 | WAT | 02/08/05 - 02/21/05 WATER | $165.79 |

**TOTAL WATER PREPETION CLAIM**                            **$2,035.71**

lotdata/Danny/Bankruptcy/Winn Dixie Palm Coast Ch 11.123                    11/03/2006

BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:
Winn-Dixie Stores, Inc., et al.,
Debtors.

Case No. 05-03817-3F1
Chapter 11
Jointly Administered


RECEIVED AUG 18 2006

### BALLOT FOR CLASS 13 – LANDLORD CLAIMS

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. *Amount of Claim.* For purposes of voting to accept or reject the Plan, the undersigned holds a Class 13 Landlord Claim in the amount set forth below.

Item 2. *Vote on Plan.* The undersigned hereby votes its Class 13 Landlord Claim as set forth in Item 1 to:

☒ ACCEPT (vote FOR) the Plan

☐ REJECT (vote AGAINST) the Plan

Item 3. *Releases Pursuant to Plan.* The undersigned understands that a vote to accept the Plan will operate to release any claims he/she/it may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4. *Acknowledgments and Certification.* By signing and returning this Ballot, the undersigned hereby acknowledges that he/she/it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (a) he/she/it is the holder of a Class 13 Landlord Claim or the authorized agent of such a holder and (b) he/she/it has full power and authority to vote to accept or reject the Plan.

Signature: *Julian S Betts, Jr.*
Name of claimant (print/type): Julian B. Betts, Jr for Palm Coast Assoc., LP
Name and title of signatory: President of UC Dev. Inc., GP.
If signed by authorized agent, name and title of agent: _____
Federal tax I.D. or social security number of claimant: 58-2020145
Telephone number: 404-231-0579 X16
Dated: September 5, 2006

PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.

IF YOU BELIEVE YOUR CLAIM HAS BEEN INCORRECTLY DETERMINED TO BE A CLASS 13 LANDLORD CLAIM, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE SEPTEMBER 18, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." YOUR MOTION MUST IDENTIFY THE PLAN CLASS IN WHICH YOU BELIEVE YOUR CLAIM BELONGS AND THE BASIS FOR YOUR BELIEF. IF THE DEBTORS DISAGREE, THEY WILL FILE AN OBJECTION AND SCHEDULE A HEARING BEFORE THE BANKRUPTCY COURT, ON NOTICE TO YOU. IF THE DEBTORS AGREE, THEY WILL FILE A CONSENT, ON NOTICE TO YOU. IF YOU DO NOT FILE A MOTION BY SEPTEMBER 18, 2006, YOUR CLAIM WILL BE TREATED FOR ALL PURPOSES AS A CLASS 13 LANDLORD CLAIM.

WDX-257948-VG-12

Claim Amount: $54,156.65
Claim Number: 11507

PALM COAST CORNERS ASSOC LP
C/O UNITED CORNERS INC
ATTN DANIEL WHITE, ASST CONTROLLER
525 PHARR ROAD
ATLANTA, GA 30305

ID: 13768



## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.

Please note that the Plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.

Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the <u>present or former directors, officers, or employees of any of the Debtors</u>, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address: <u>Logan & Company, Inc., Attention: Winn-Dixie Stores, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043</u>.

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 13 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Landlord Claims in Class 13 that vote on the Plan. In the event that Class 13 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Landlord Claims in Class 13 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. Your signature is required in order for your vote and your election to be counted. <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u> If the Claim(s) voted with this Ballot are held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Landlord Claim in Class 13 is entitled to elect via a Claim Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for Class 13, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Claim Reduction Form must be received on or before September 25, 2006, at 4:00 p.m. (Eastern Time), by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Claim Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. A Claim Reduction Form is included with this Ballot.

10. IF YOU RECEIVED A DAMAGED BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

**VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.**

BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:
Winn-Dixie Stores, Inc., et al.,
Debtors.

Case No. 05-03817-3F1
Chapter 11
Jointly Administered

RECEIVED AUG 19 2006

### BALLOT FOR CLASS 17 – SMALL CLAIMS

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. et al., Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. *Amount of Claim.* For purposes of voting to accept or reject the Plan, the undersigned holds a Class 17 Small Claim in the amount set forth below.

Item 2. *Vote on Plan.* The undersigned hereby votes its Class 17 Small Claim as set forth in Item 1 to:

[X] ACCEPT (vote FOR) the Plan

[ ] REJECT (vote AGAINST) the Plan

Item 3. *Releases Pursuant to Plan.* The undersigned understands that a vote to accept the Plan will operate to release any claims he/she/it may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4. *Acknowledgments and Certification.* By signing and returning this Ballot, the undersigned hereby acknowledges that he/she/it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (i) he/she/it is the holder of a Class 17 Small Claim or the authorized agent of such a holder and (ii) he/she/it has full power and authority to vote to accept or reject the Plan.

Signature: *Julian S Betts Jr*
Name of claimant (print/type): Palm Coast Assoc. L.P.
Name and title of signatory: Julian S Betts, Jr Pres UC Dev. Inc. G.P.
If signed by authorized agent, name and title of agent: _____
Federal tax I.D. or social security number of claimant: 58-2020145
Telephone number: 404-231-0579 x16
Dated: September 5, 2006

PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006.

Creditor ID: WDX-257947-VK-12

PALM COAST CORNERS ASSOC LP
ATTN DANIEL WHITE, ASST CONTROLLER
525 PHARR RD NE
ATLANTA, GA 30305

Claim Amount: $2,035.71
Claim Number: 11503

Ballot ID: 7914

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.

Please note that the Plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.

Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the <u>present or former directors, officers, or employees of any of the Debtors,</u> that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON SEPTEMBER 25, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 17 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Small Claims in Class 17 that vote on the Plan. In the event that Class 17 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Small Claims in Class 17 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote to be counted.** <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u> If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE SUB-CLASS OR CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. IF YOU RECEIVED A DAMAGED BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

# PALM COAST CORNERS ASSOCIATES, L.P.
525 Pharr Road
Atlanta, Georgia 30305
(404) 231-0579 ext.15
(404) 266-3654 FAX

July 10, 2006

Mr. Stephen D. Busey
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Honorable Jerry A. Funk
US Bankruptcy Court Of Middle District FL
300 North Hogan Street
Suite 3-350
Case # 05-03817-3F1
Jacksonville, Florida 32202

Re: Objection to Motion
Winn-Dixie, Inc. et. al.
Case # 05-03817-3F1
Winn Dixie #2247
Palm Coast, Florida

Dear Honorable Judge Funk and Mr. Busey:

Upon reviewing the "Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, And (III) Grant Related Relief", we hereby dispute the Proposed Cure Amount listed in Exhibit B page 10 of 12. We filed a two Proofs of Claim on July 26, 2005 which were recorded by the U.S. Bankruptcy Court of Middle District of Florida on August 3, 2005. The two claims of $54,156.65 and $2,035.71 total $56,192.36. I am enclosing a copy of these two claim forms and a schedule of individual items which total this amount.

Kindly correct Exhibit B to indicate our claim total of $56,192.36. Since no payment has been made on this original balance, the amount remains the same.

Sincerely,


Marvin Shams
Controller

Enclosure




Danny/Bankruptcy/WinnClaim2006

**PALM COAST CORNERS SHOPPING CENTER**
**WINN DIXIE OUTSTANDING AMOUNT DUE AS OF**
**FEBRUARY 21, 2005 CHAPTER 11 PETITION**

### CREDITOR ID: WDX-257948-B1-12; PETITION # 19952224

| Date | Type | Description | Amount |
|---|---|---|---|
| 01/12/2005 | PTA | 2004 REAL ESTATE TAX RECOVERY | $49,025.92 |
| 03/01/2005 | PCA | 2004 CAM CREDIT | ($4,651.70) |
| 02/21/2005 | OTHER | 01/01/05 - 02/21/05 REAL ESTATE TAX RECOVERY | $8,382.00 |
| 02/21/2005 | OTHER | 01/01/05 - 02/21/05 INSURANCE RECOVERY | $1,009.36 |
| 02/21/2005 | OTHER | 01/01/05 - 02/21/05 CAM RECOVERY | $391.07 |

**TOTAL CAM PREPETION CLAIM**  **$54,156.65**

### CREDITOR ID: WDX-257947-B1-12; PETITION # 19952223

| Date | Type | Description | Amount |
|---|---|---|---|
| 01/26/2005 | WAT | 10/15/04 - 11/15/04 WATER | $483.27 |
| 02/01/2005 | WAT | 11/15/04 - 12/14/04 WATER | $442.52 |
| 02/15/2005 | WAT | 12/14/04 - 01/11/05 WATER | $463.05 |
| 03/25/2005 | WAT | 01/11/05 - 02/08/05 WATER | $481.08 |
| 07/21/2005 | WAT | 02/08/05 - 02/21/05 WATER | $165.79 |

**TOTAL WATER PREPETION CLAIM**  **$2,035.71**

lotdata/Danny/Bankruptcy/Winn Dixie Palm Coast Ch 11.123                                    08/30/2006