UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | CHAPTER 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

### AFFIDAVIT OF TORONDA M. SILAS

Toronda M. Silas, being duly sworn, deposes and says:

1.  I am an attorney in the Atlanta office of the law firm of Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings" or the "Firm"). I have been duly admitted to practice law in the State of Texas since 2004 and the State of Georgia since 2006.

2.  The facts set forth below are based upon my personal knowledge, discussions with other Paul Hastings' attorneys, and the Firm's client/matter records reviewed by me or other Paul Hastings' attorneys acting under my supervision and direction. To the extent any information disclosed herein requires amendment or modification upon Paul Hastings' completion of further review or as additional information becomes available to it, a supplemental affidavit will be submitted to the Court reflecting such amended or modified information.

3.  On August 17, 2005, the United States Trustee, pursuant to Section 1103(a) of the Bankruptcy Code, appointed the Official Committee of Equity Security Holders (the "Equity Committee") to serve in these Chapter 11 cases. The Equity Committee selected Paul Hastings as counsel and Jennis & Bowen PC as co-counsel.

4. On or about September 7, 2005, the Equity Committee filed an Application for an Order Pursuant to Section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Nunc Pro Tunc Retention of Paul, Hastings, Janofsky & Walker LLP as Legal Counsel for the Official Committee of Equity Security Holders (the "Retention Application") [Docket No. 3386] and the Affidavit of Karol K. Denniston in support thereof (the "September 7 Affidavit") [Docket No. 3387]. Capitalized terms used but not defined herein have the meaning given in the September 7 Affidavit.

5. On September 14, 2005, an additional Affidavit of Karol K. Denniston [Docket No. 3455] was filed to correct a scrivener's error in the September 7 Affidavit (together, the "Denniston Affidavits").

6. On December 2, 2005, this Court entered its Order Pursuant to Section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Nunc Pro Tunc Employment and Retention of Paul, Hastings, Janofsky & Walker LLP as Legal Counsel for the Equity Security Holders Committee [Docket No. 4417], effective as of August 17, 2005.

7. I worked with Karol K. Denniston in connection with the Equity Committee representation. I respectfully submit this affidavit in connection with Paul Hastings' services as counsel to the Equity Committee.

8. Since the Denniston Affidavits were filed, the Firm has continued to research the connections between the Parties in Interest and the Firm's past and present clients. Based on this continuing review, in addition to the connections described in the

Denniston Affidavits, I have ascertained that Paul Hastings has a connection with a Party in Interest as set forth below.

9. Wells Fargo Foothill ("Foothill") is a Party in Interest whom Paul Hastings has represented in the past in matters related to the Debtors. From March 18 – 30, 2005, the Firm represented Foothill in connection with its participation in the debtor-in-possession financing provided to the Debtors in these Chapter 11 cases. Only one attorney (an associate) from the Firm worked on the matter. The Firm billed a total of $3,500.00 for its services to Foothill. Because the Firm's conflicts department thereafter considered the matter closed and because Foothill was not identified as a Party in Interest at the time the Retention Application was filed, the Firm was not aware until recently of the connection between its work for Foothill and its work for the Equity Committee. To my knowledge, in representing Foothill, the Firm did not have access to confidential information or non-public documents relating to the Debtors or the Equity Committee. Additionally, the Foothill matter was handled out of our Los Angeles office, while the Equity Committee representation was handled out of our Atlanta, San Francisco, and Washington, D.C. offices.

10. Since March 2005, Paul Hastings has not represented Foothill in any capacity in the Debtors' Chapter 11 cases. Going forward, Paul Hastings will not represent Foothill in any capacity in the Debtors' Chapter 11 cases.

11. Based on the foregoing and the Denniston Affidavits, and except as provided herein and therein, to the best of my knowledge, information and belief formed after reasonable inquiry, Paul Hastings does not: (a) represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Paul

Hastings is employed; or (b) have any connection with the Debtors, any creditors or other parties in interest, their respective attorneys and accountants, or the United States Trustee for the Middle District of Florida or any person employed by the Office of such United States Trustee.

12. Despite the efforts to identify and disclose Paul Hastings' connections with parties in interest in these cases, because Paul Hastings is an international firm with approximately 1,000 attorneys in seventeen offices, and because the Debtors are a multinational enterprise with thousands of creditors and other relationships, Paul Hastings is unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if Paul Hastings discovers additional information that requires disclosure, Paul Hastings will file a supplemental disclosure with the Court.

13. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this affidavit was executed on November 7, 2006.

Dated:   November 7, 2006

_Toronda M. Silas_
Toronda M. Silas
PAUL, HASTINGS, JANOFSKY &
WALKER LLP

SWORN TO AND SUBSCRIBED before me this 7th day of November, 2006,

_Sandra N. Marsh_
Notary Public in and for
My Commission Expires: October 19, 2008

LEGAL_US_W # 54678884.1                4