Hearing Date: November 16, 2006 at 1:00 p.m.
Objection Deadline (by consent): November 10, 2006 at 4:00 p.m.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.* | ) | Case No. 05-03817 |
| | ) | |
| Debtors. | ) | (Jointly administered) |
| | ) | |

**RESPONSE OF U.S. BANK (AS INDENTURE TRUSTEE)
TO DEBTORS' 24th OMNIBUS OBJECTION TO CERTAIN CLAIMS**

U.S. Bank National Association ("U.S. Bank"), solely in its capacity as indenture trustee (the "Trustee"), files this response to *Debtors' Twenty-Fourth Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claim, (D) Overstated Misclassified Claims, (E) Misclassified Claims, (F) Duplicate Liability Claims and (G) Amended and Superseded Claims* (the "Objection"):

## Factual Background

A.   The Indenture, the Lease, and the Notes

1.   U.S. Bank serves as the Trustee under that certain Indenture of Mortgage, dated as of June 20, 1986 (as amended, the "Indenture"), between the Commonwealth Avenue Warehouse, Inc. (the "Issuer") and Bank of New England Trust Company, National Association ("BNETC"), the predecessor trustee to U.S. Bank.  Pursuant to the Indenture, the Issuer issued 9.95% Secured Notes and

11.05% Secured Note, all due July 1, 2011, (collectively, the "Notes") in the aggregate original principal amounts of $10,650,000.00 and $2,789,663.83, respectively, on a *pari passu* basis in order to finance (i) the purchase of a fee simple interest in certain land and improvements in Jacksonville, Florida, located at the intersection of Commonwealth Road and Edgewood Avenue, as more particularly described in Schedule A to the Indenture (the "Property"), and (ii) the construction of additional improvements on the Property (together with the Property, the "Project"). The Notes are more fully described in the Indenture attached as <u>Exhibit A</u> hereto, which is incorporated herein by reference as if reproduced in full..[1]

2.    The Trustee is the duly appointed successor indenture trustee for the above-referenced Notes. This response is filed on behalf of U.S. Bank, in its capacity as Trustee, and on behalf of all holders of the Notes (the "Noteholders").

3.    Winn-Dixie Stores, Inc. (the "Debtor") leased the Project from the Issuer pursuant to that certain Lease Agreement dated as of June 20, 1986 (as may be amended, the "Lease"). A true and correct copy of the Lease is attached as <u>Exhibit B</u> hereto, which is incorporated herein by reference as if reproduced in full. In order to secure Issuer's obligations under the Indenture, Issuer, among other things, granted the Trustee a mortgage on the Project and assigned to the Trustee all of Issuer's rights under the Lease pursuant to that certain Assignment of Lease

---

[1] This narrative related to the Trust Documents (as defined herein) is a summary. The documents relating to this transaction supersede this summary. The terms and conditions of all documents executed in connection with the issuance of the Notes are expressly incorporated herein, even if not attached hereto. To the extent the summary is inconsistent with the Trust Documents and other documents executed in connection with this transaction, the Trust Documents and other documents related to this transaction shall control.

Agreement dated as of June 20, 1986 (as amended, the "Assignment") (collectively, the "Collateral").  A true and correct copy of the Assignment is attached as <u>Exhibit C</u> hereto, which is incorporated herein by reference as if reproduced in full.  Collectively, the Indenture, Lease, and Assignment, along with any other documents executed in connection with the issuance of the Notes, may be referred to as the "Trust Documents."

<u>B.    The Bankruptcy Cases, Rejection of the Lease, and the Compromise</u>

4.    The Debtor filed this Chapter 11 bankruptcy case on February 22, 2005 (the "Petition Date"), along with several affiliates and subsidiaries.  The cases are currently pending in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") and are jointly administered under Case No. 05-03817.

5.    By motion dated October 14, 2005 (the "Rejection Motion"), the Debtor sought to reject the Lease retroactively.  As a result of conversations and negotiations (primarily between the Issuer and the Debtor but also involving the Trustee), the parties reached an agreement (the "Compromise") whereby (i) the Debtor's rejection was effective as of November 4, 2005 (the "Effective Date"), (ii) the Debtor agreed to pay pro-rated rent through the Effective Date, within twenty (20) days of the Effective Date, (iii) the Debtor granted administrative expense priority to the Issuer and Trustee for the pro-rated real estate taxes (the "Pro-Rated Taxes") due under the Lease for the time period from the Petition Date through the Effective Date, to be paid in the regular course of business but on or

before March 14, 2006, and (iv) the Debtor retained the ability to challenge (with the Issuer's cooperation) the taxing authority regarding the amount of real estate taxes paid on the Project for calendar years 2004 and 2005.

6. At the hearing on November 4, 2005, the parties presented their Compromise, and the Bankruptcy Court approved the Compromise and instructed the Debtor to submit a form of order reflecting the terms of the Compromise. The Debtor submitted a proposed form of order on November 10, 2005, and the Bankruptcy Court entered the order on November 15, 2005. The Bankruptcy Court also ordered that any rejection damage claims be submitted within thirty (30) days of the Effective Date, i.e. on or before Monday, December 5, 2005.

C.   The Proof of Claim and Objection

7. The Trustee timely filed its claim (the "Claim") for all amounts which were due as of the Petition Date, including, but not limited to, rent, taxes, assessments, charges, fees, interest, Trustee's fees and expenses, indemnification obligations and any and all other amounts as set forth in the Trust Documents or at law, in equity, or otherwise. In addition, the Trustee asserted all amounts which are or may come due after the Effective Date through and including the remainder of the Lease term, including, but not limited to, rent (estimated at not less than $8,172.267.38, as a result of rent schedule attached to the Lease), real estate taxes (estimated at not less than $1,041,174.25, in light of the amount of such taxes for calendar year 2005 and including the pro-rata portion of real estate taxes for 2005 allocable to the respective periods from January 1, 2005 to the Petition Date and

from the Effective Date through December 31, 2005), other taxes, assessments, charges, fees, interest, Trustee's fees and expenses, indemnification obligations and any and all other amounts as set forth in the Trust Documents or at law, in equity, or otherwise. Without limiting either of the foregoing, the Trustee made particular claims for (i) the damages resulting from certain personal property being abandoned on the Project (estimated at not less than $50,000); (ii) the costs to return Project to good repair and condition as required by the Lease (estimated at not less than $250,000); and (iii) the costs (estimated at not less than $500,000) associated with remediating certain environmental conditions on the Project, including but not limited to petroleum, petroleum solvent, chlorobenzene and potential asbestos contamination resulting from underground fuel storage tanks, certain truck washing facilities and building materials, all as set forth more fully in that certain Draft "Phase I Environmental Site Assessment, Winn-Dixie Warehouse Distribution Facility, 5233 Commonwealth Avenue, Jacksonville, Florida 32254," dated September 10, 2004 and prepared by Matthew A. McGovern of National Assessment Corporation, a copy of which is available upon written request. A true and correct copy of the Lease is attached as <u>Exhibit D</u> hereto, which is incorporated herein by reference as if reproduced in full.

8.   On October 17, the Debtor, together with certain affiliates and subsidiaries, filed its Objection to the Claim, listing "NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS. ALSO, MISCLASSIFIED CLAIM" as the basis for disallowance and/or reclassification, whereby the Debtor seeks to expunge

the Claim and/or have the Claim reclassified as a general unsecured non-priority claim. By agreement, counsel to the Debtor extended the Trustee's response deadline from November 6 to November 10, 2006.[2]

## Argument

9. The Trustee's Claim enjoys the presumptive validity awarded it by Rule 3001(f) of the Federal Rules of Bankruptcy Procedure. The burden of proof is on the Debtor to produce evidence equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. *In re Chauncey*, 282 B.R. 34, 36 (Bankr. M.D. Fla. 2002) (Funk, J.).

10. In the case at hand, the Debtor's have failed to present evidence that rises to the level of the Claim and the Trust Documents submitted in connection therewith or this response. The only evidence underlying the Objection is a simple statement that the Debtor's books and records do not reflect an amount owing and that the claim is misclassified. Accordingly, the Objection does not contain evidence equivalent in probative value to the Claim, which was submitted under penalty of perjury and which incorporated the Trust Documents.

11. In fact, the Trust Documents expressly include the Debtor's acknowledgement that the Trustee holds a valid claim. Specifically, the Issuer previously assigned the Lease to the Trustee, whereby the Issuer transferred certain benefits to the Trustee, including the right to "receive all payments of Basic Rent, purchase prices and other sums payable to the lessor under the Lease."

---

[2] By teleconference and confirmatory email correspondence on Friday, November 3, 2006, Ms. Jane M. Leamy, Esq. of Skadden, Arps Slate Meagher & Flom LLP granted such extension.

(Assignment, ¶3.) The Debtor also expressly acknowledged and consented to the provisions of the Assignment, including agreeing to "pay and deliver to Assignee [Trustee] all Basic Rent, purchase prices, and other sums assigned to Assignee pursuant to this Agreement, without offset, deduction, defense, abatement or diminution…" (Assignment, ¶6(a).)

12.     The Trustee recognizes that the Trustee and/or the Noteholders may not appear on the Debtor's books and records (as landlord or otherwise[3]), but as is clear from the exhibits hereto, to the extent the Collateral was damaged in connection with the Debtor's rejection of the Lease, the Trustee is entitled to assert its Claim for such damages and the Debtor is obligated to honor such Claim.[4]

13.     The Trustee marked the "secured" box on the claim form because its claim is secured by, among other things, the Debtor's leasehold interest in the Project, and any right of setoff or recoupment the Trustee or any Noteholder may have. Pursuant to 11 U.S.C. § 506(b) and to the extent its claim is over-secured, the Trustee's claim shall continue to accrue fees and interest post-petition, and the Trustee reserves the right to make claim for all such fees and interest until the Claim is paid in full. Pursuant to 11 U.S.C. §506(a), the Trustee asserted an unsecured claim to the extent property of the Debtor's estate securing the Trustee's claim is of an insufficient value to pay the Claim in full. In addition, the Trustee

---

[3] Prior to the rejection of the Lease, however, the Trustee did receive payments directly from the Debtor.

[4] In light of the limited scope of the Objection (that there is no liability because the Trustee does not appear on the Debtor's books and records), the Trustee reserves its right to provide evidence (in addition to the Trust Documents) supporting the amount of damage to the Collateral at a later hearing, if needed.

asserted (and reserved rights to assert separately) any administrative claims (including without limitation the Pro-Rated Taxes) against the Debtors' estates.

WHEREFORE, for the foregoing reasons, the Trustee requests that the Bankruptcy Court overrule the Debtor's Objection, deem the Claim allowed, and grant the Trustee such further relief that equity and justice require.

Respectfully submitted,

Dated:   November 10, 2006
.        Nashville, Tennessee

WALLER LANSDEN DORTCH & DAVIS, LLP

*/s/ Robert J. Welhoelter*
David E. Lemke, Esq. *Pro Hac Vice*
Robert J. Welhoelter, Esq. *Pro Hac Vice*
511 Union Street, Suite 2700
Nashville, TN 37219
(615)244-6380
(615) 244-6804 (fax)
david.lemke@wallerlaw.com
robert.welhoelter@wallerlaw.com

*Attorneys for U.S. Bank, National Association, as Indenture Trustee*

## CERTIFICATE OF SERVICE

      In accordance with the Notice of Hearing in connection with the Objection, I hereby certify that I have served a true and correct copy of the foregoing document on the following party by email (with exhibits), facsimile (without exhibits), and by overnight mail (with exhibits) on this the 10th day of November:

D.J. Baker, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-2000 (fax)
djbaker@skadden.com
jleamy@skadden.com

                                                    */s/ Robert J. Welhoelter*
                                                    Robert J. Welhoelter, Esq.