# Exhibit B

# Lease

VOL 6150 PG 2315

OFFICIAL RECORDS

ASSIGNMENT OF LEASE AGREEMENT


From


COMMONWEALTH AVENUE WAREHOUSE, INC.


To


BANK OF NEW ENGLAND TRUST COMPANY,
NATIONAL ASSOCIATION
AND
F.W. KAWAM,
as Trustees


Dated as of June 20, 1986


Prepared by & Return to
M. Suzanne Badenhoop, Esq.
Csaplar & Bok
655 Montgomery Street
San Francisco, California  94111

VOL 6150 PG 2316

OFFICIAL RECORDS

ASSIGNMENT OF LEASE AGREEMENT, dated as of June 20, 1986, (together with all supplements and amendments hereto, called this Agreement), from COMMONWEALTH AVENUE WAREHOUSE, INC., a Florida corporation (Assignor), having an address c/o Greyhound Leasing & Financial Corporation, Greyhound Tower, Phoenix, Arizona 85077, Attention:  Division Risk Management-Real Estate, to BANK OF NEW ENGLAND TRUST COMPANY, NATIONAL ASSOCIATION, a national banking association (Trustee) and F.W. KAWAM, (Individual Trustee), both having an address c/o The Connecticut Bank and Trust Company, National Association, One Constitution Plaza, Hartford, Connecticut 06115, Attention:  Corporate Trust Department, as trustees under the Indenture of Mortgage, dated as of the date hereof (together with all supplements and amendments thereto, called the Indenture), from Assignor, as grantor, to Trustee and Individual Trustee, as trustees (Trustee and Individual Trustee, together with any separate trustees or co-trustees appointed pursuant to the Indenture and their respective successors and assigns are collectively called Assignee).

Assignor has acquired a fee simple interest in a parcel of land more particularly described in Schedule A hereto and the improvements located thereon (such parcel of land together with such improvements being herein called the Property).  Assignor, in order to finance a portion of the cost of such acquisition, is borrowing the amount of $10,057,000 from Commonwealth Life Insurance Company and Peoples Security Life Insurance Company (the Lenders), such borrowing being evidenced by its 9.95% Secured Notes Due July 1, 2011 (together with any notes issued in exchange or replacement thereof, called the Notes).  The Notes are secured by the Indenture which creates a lien on Assignor's interests in the Property, the Lease (as hereinafter defined) and certain other property. In affirmation of certain of the security provided by the Indenture and as further security for the Notes, Assignor is entering into the undertakings set forth herein.  Assignor has leased the Property to Winn-Dixie Stores, Inc., a Florida corporation (herein, together with any entity succeeding thereto by consolidation, merger or acquisition of its assets substanitally as an entirety, called Lessee), under a Lease Agreement, dated as of the date hereof (together with all supplements and amendments thereto, and any memorandum or short form thereof entered into for the purpose of recording, registration or filing, called the Lease), between Assignor, as lessor, and Lessee, as lessee.

To induce the Lenders to purchase the Notes and to induce Assignee to accept the trusts created by the Indenture, Assignor is entering into the undertakings set forth herein.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt of which is hereby acknowledged, Assignor agrees as follows:

VOL 6150 PG 2317

OFFICIAL RECORDS

1.    Assignor, in furtherance of the covenants of the
Indenture and as security for the payment of the principal of
and interest and all other sums payable on the Notes, and of
all other sums payable under the Indenture, and the performance
and observance of the provisions thereof, has assigned,
transferred, conveyed and set over, and by these presents does
assign, transfer, convey and set over to Assignee all of
Assignor's estate, right, title and interest in, to and under
the Lease, together with all estate, right, title, interest,
benefits, powers, privileges, options and other benefits of
Assignor as lessor under the Lease, including, but not by way
of limitation, the immediate and continuing (i) right to make
claim for, receive and collect and receipt for all rents,
income, revenues, issues, profits, insurance proceeds,
condemnation awards and compensation, moneys and security
payable or receivable under the Lease or pursuant to any of the
provisions thereof, whether as rents or as the purchase price
for any interest in the Property or otherwise (except sums
payable directly to any person other than the lessor under the
Lease), (ii) the right to accept any offer pursuant to the
Lease to purchase the interest of Assignor in the Property or
any part thereof (provided that such acceptance shall be
permitted by Section 4.2(a) of the Indenture), (iii) right and
power (which right and power are coupled with an interest) to
execute and deliver, as agent and attorney-in-fact of Assignor,
an appropriate deed or other instrument necessary to convey
Assignor's interest in the Property, any part thereof or any
award or compensation payable in connection with a taking
thereof to Lessee if Lessee becomes obligated to purchase the
Property, any part thereof or any award or compensation payable
in connection with a taking thereof, (iv) the right to perform
all other necessary or appropriate acts as such agent and
attorney-in-fact with respect to any purchase and conveyance
referred to in clause (iii) above, (v) the right to make all
waivers and agreements, (vi) the right to give all notices
(subject to the relevant time period), consents, releases and
other instruments and (vii) the right to give all notices of
default and to take any legal action upon the happening of a
default under the Lease (subject to Assignor's right to cure,
if any), including the commencement, conduct and consummation
of proceedings at law or in equity as shall be permitted under
any provision of the Lease or by law or in equity.

2.    While the assignment made in this Agreement is
present, direct and continuing, it has been made for the
purpose of providing security to Assignee for the performance
of Assignor's obligations under the Notes and the Indenture,
and the execution and delivery hereof shall not in any way
impair or diminish the obligations of Assignor under the
provisions of the Lease nor shall any of the obligations
contained in the Lease be imposed upon Assignee.  Upon the
payment of the principal of and all accrued interest on the

VOL 6150 PG 2318

OFFICIAL RECORDS

Notes and of all other sums payable on the Notes and under the
Indenture and this Agreement and the performance and observance
of the provisions of each thereof, or upon a release of
Assignor's interest in the Property from the lien of the
Indenture pursuant to the provisions of the Indenture, such
assignment and all rights herein assigned to Assignee shall
cease and terminate and all the estate, right, title and
interest of Assignee in and to the above-described assigned
property shall revert to Assignor, and Assignee will, at the
request of Assignor, deliver to Assignor an instrument in
recordable form cancelling this Agreement and reassigning to
Assignor the above-described assigned property.

3.    Assignor hereby designates Assignee to receive
all payments of Basic Rent, purchase prices and other sums
payable to the lessor under the Lease.  Assignor hereby
designates Assignee to receive duplicate original copies of all
notices, undertakings, demands, statements, documents and other
communications which Lessee is required or permitted to give,
make, deliver to or serve under the Lease.  Assignor hereby
directs Lessee to deliver to Assignee, at its address set forth
above or at such other address as Assignee shall designate,
duplicate original copies of all such notices, undertakings,
demands, statements, documents and other communications and no
delivery thereof by Lessee shall be of any force or effect
unless made to Assignor and also made to Assignee as provided
herein.

4.    Assignor represents and warrants to Assignee that
Assignor has not executed any other assignment of the subject
matter of this Assignment other than the Indenture and that the
Lease is in full force and effect, that no default by Assignor
has occurred thereunder and that Assignor has no knowledge of
the occurrence of any default thereunder.

5.    Assignor agrees that the assignment made herein
and the designation and direction to Lessee hereinabove set
forth are irrevocable (except as expressly provided in
paragraph 2), and that it will not take any action as lessor
under the Lease or otherwise which is inconsistent with such
assignment, or make any other assignment, designation or
direction inconsistent therewith, and that any assignment,
designation or direction inconsistent therewith shall be void.
Assignor will, from time to time upon the request of Assignee,
execute all instruments of further assurance and all such
supplemental instruments with respect to this Agreement as
Assignee may specify.

6.    Assignor hereby agrees, and hereby undertakes to
obtain the agreements of Lessee, to the following matters:

-3-

*Payment.*

( *. . . . . . . . . .*

VOL 6150 PG 2319

OFFICIAL RECORDS

(a)   Lessee consents to the provisions of this
Agreement and agrees to pay and deliver to Assignee all Basic
Rent, purchase prices and other sums assigned to Assignee
pursuant to this Agreement, without offset, deduction, defense,
deferment and, subject to the provisions of the Lease,
abatement or diminution, and will not, for any reason
whatsoever, seek to recover from Assignee any moneys paid to
Assignee by virtue of this Agreement.   Lessee agrees (i) that
all sums payable to Assignee pursuant to the preceding sentence
shall be paid by bank wire transfer of immediately available
funds by 10:00 a.m. Eastern Time on each date on which sums are
due and payable (identifying such payment as a payment pursuant
to Lease between Assignor and Lessee) to Bank of New England
Trust Company, National Association, c/o The Connecticut Bank
and Trust Company, National Association, One Constitution
Plaza, Hartford, Connecticut 06115, Attention:  Corporate
Trust Department, or such other address as may be specified by
Assignee by written notice to Lessee from time to time and
(ii) to deliver to Assignee duplicate original copies of all
notices and other instruments which it is required to, or may,
deliver to Assignor pursuant to the Lease.   No such payment or
delivery made by Lessee shall be of any force or effect
(i) unless paid to Assignee or delivered to Assignee and
Assignor as provided above and (ii) until actually received by
Assignee with respect to such payments and Assignor and
Assignee with respect to all other deliveries.

(b)   Assignor and Lessee will not enter into any
agreement subordinating, amending, modifying or terminating the
Lease  (except as provided in the Lease) without the consent
thereto in writing of Assignee and any such attempted
subordination, amendment, modification or termination without
such consent shall be void.   In the event that the Lease shall
be amended as herein permitted, such document as so amended
shall continue to be subject to the provisions of this
Agreement without the necessity of any further act by any of
the parties hereto.   Lessee will remain obligated under the
Lease in accordance with its terms, and will not take any
action to terminate (except as expressly permitted thereby),
rescind or avoid the Lease, notwithstanding the bankruptcy,
insolvency, reorganization, composition, readjustment,
liquidation, dissolution or other proceeding affecting Assignor
or any assignee of Assignor and notwithstanding any action with
respect to the Lease which may be taken by an assignee,
trustee  or receiver of Assignor or of any such assignee or by
any court in any such proceeding.

(c)   If, pursuant to the Lease, Lessee shall
offer to purchase the Property (or any part thereof or any
award or compensation payable in connection with a taking
thereof), notice of acceptance of such offer shall be deemed
validly given for all purposes if given by Assignee as

-4-

Assignment of Lease

VOL 6150 PG 2320
OFFICIAL RECORDS

permitted by paragraph 1(ii) hereof and notice by Assignor of rejection of any such offer shall be void unless accompanied by the written consent of Assignee.  If Lessee shall become obligated to purchase the Property (or any part thereof or any award or compensation payable in connection with a taking thereof) pursuant to any provision of the Lease, Lessee will accept a deed and other instruments conveying and transferring the Property (or any part thereof or any award or compensation payable in connection with a taking thereof) which are executed and delivered by Assignee as attorney-in-fact of Assignor as being in compliance with the provisions of the Lease, provided that said deed and other instruments shall otherwise be in compliance with the provisions of the Lease and the requirements of the laws of the State of Florida.  If it shall be necessary for Assignee or any other party to institute any foreclosure or other judicial proceeding in order that title to the Property (or any part thereof or any award or compensation payable in connection with a taking thereof) may be conveyed to Lessee, the time within which delivery of the deed or other instruments relating to such conveyance may be made shall be extended to the extent necessary to permit Assignee or such other party to institute and conclude such foreclosure or other judicial proceeding, and the Lease shall not terminate, but shall continue in full effect until the expiration of such period of extension.

        (d) Lessee will deliver to the Trustee, and to the registered owners of the Notes:

                (i)  Within 120 days after the end of each fiscal year of Lessee, a consolidated balance sheet of Lessee and its consolidated subsidiaries as at the end of such year, a consolidated statement of profits and losses of Lessee and its consolidated subsidiaries for such year, and a consolidated statement of change in the financial position of Lessee and its consolidated subsidiaries for such year, setting forth in each case, in comparative form, the corresponding figures for the preceding fiscal year in reasonable detail and scope and certified by independent certified public accountants of recognized national standing selected by Lessee; and within 60 days after the end of each fiscal quarter of Lessee (except for the fiscal quarter which coincides with the end of Lessee's fiscal year) a consolidated balance sheet of Lessee and its consolidated subsidiaries as at the end of such quarter, consolidated statements of profits and losses of Lessee and its consolidated

-5-

VOL 6150 PG 2321

OFFICIAL RECORDS

subsidiaries for such quarter and a consolidated statement of change in financial position of Lessee and its consolidated subsidiaries for such quarter, in reasonable detail and scope; the foregoing financial statements all being prepared in accordance with generally accepted accounting principles, consistently applied;

(ii)   With reasonable promptness such additional information (including copies of public reports, if any, filed by Lessee) regarding the business affairs and financial condition of Lessee as Trustee or any registered owner of Notes may reasonably request; and

(iii)  On July 1, 1987, and on each July 1 thereafter so long as the Notes are outstanding, a certificate signed by an authorized officer of Lessee stating that the Lease is unmodified and in full effect (or, if there have been modifications, that the Lease is in full effect as modified, and setting forth such modifications) and the dates to which Basic Rent, Additional Rent and other sums payable hereunder have been paid, and either stating that to the knowledge of the signer of such certificate no default exists thereunder or specifying each such default of which the signer has knowledge.

7.   This Agreement shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and assigns. This Agreement may be executed in two or more counterparts and shall be deemed to have become effective when and only when one or more of such counterparts shall have been signed by or on behalf of each of the parties hereto, although it shall not be necessary that any single counterpart be signed by or on behalf of each of the parties hereto, and all such counterparts shall be deemed to constitute but one and the same instrument. This Agreement shall be governed by the law of the State of Florida.

6150 2322

OFFICIAL RECORDS

    8.   The following is the Schedule A referred to in this Agreement.

    IN WITNESS WHEREOF, Assignor has caused this Agreement to be signed as of the date first above written.

COMMONWEALTH AVENUE WAREHOUSE, INC
a Florida corporation

[Seal]

By: _____
Michael J. Naughton
Vice President

Attest:

By: _____
Donald Howell
Vice President

-7-

VEL 6150 PG 2323

OFFICIAL RECORDS

## SCHEDULE A

### Legal Description

That certain piece, parcel or tract of land situate, lying and being in the City of Jacksonville, County of Duval, State of Florida, to wit:

A portion of the Southeast 1/4 of Section 7, Township 2 South, Range 26 East, Duval County, Florida, being more particularly described as follows:

For a point of reference, commence at the intersection of the Northerly right-of-way line of Commonwealth Road, as now established for a width of 60 feet, with the Westerly right-of-way line of Edgewood Avenue, as now established for a width of 100 feet; run thence South 88°00'00" West, along said Northerly right-of-way line of Commonwealth Road, a distance of 802.34 feet to the point of beginning for this description.

From the point of beginning thus described, run thence North 00°08'35" East, a distance of 1323.92 feet to the Southerly right-of-way line of 1st Street West, as now established for a width of 60 feet; run thence South 87°47'39" West, along said Southerly right-of-way line, a distance of 922.77 feet to a found iron pipe; run thence South 00°04'15" West, a distance of 1320.54 feet to a point in the aforementioned Northerly right-of-way line of Commonwealth Road; run thence North 88°00'00" East along said Northerly right-of-way line, a distance of 920.98 feet to a found iron pipe and the point of beginning.

VOL 6150 PG 2324

☞ OFFICIAL RECORDS ☜

CONSENT TO ASSIGNMENT AND AGREEMENT

WINN-DIXIE STORES, INC. hereby consents to the
foregoing Assignment of Lease and Agreement and hereby accepts
and agrees to each of the provisions set forth in paragraph 6
thereof and acknowledges and consents that its obligations
under the Lease have been assigned as security for the Notes.

                              WINN-DIXIE STORES, INC.

(Seal)

Attest:                       By: _Richard P. McCook_____
                                  Richard P. McCook
                                  Financial Vice President

By: _F.P. Hamilton_____
    F.P. Hamilton
    Assistant Secretary

-8-

VOL 6150 PG 2325

⸹ OFFICIAL RECORDS ⸙

STATE OF NEW YORK      )
                       ) ss.
COUNTY OF NEW YORK     )


        The foregoing instrument was acknowledged before me
this 24th day of June, 1986, by Richard P. McCook and F.P.
Hamilton, the Financial Vice President and Assistant Secretary,
respectively, of WINN-DIXIE STORES, INC., a Florida
corporation, on behalf of the corporation.

                        _Catherine A. Carroll_
                        Notary Public in and for
                                said State

(Notarial Seal)

My commission expires:

                        CATHERINE A. CARROLL
                        Notary Public, State of New York
                        No. 24-4860418
                        Qualified in Kings County
                        Certificate filed in New York County
                        Commission Expires March 27, 1988

VOL 6150 PG 2326

OFFICIAL RECORDS

STATE OF NEW YORK          )
                           ) ss.
COUNTY OF NEW YORK         )

     The foregoing instrument was acknowledged before me this 24th day of June, 1986, by Michael J. Naughton and Donald Howell, the Vice President and Vice President, respectively, of COMMONWEALTH AVENUE WAREHOUSE, INC., a Florida corporation, on behalf of the corporation.

*Catherine R. Carroll*
Notary Public in and for
said State

(Notarial Seal)

My commission expires:

CATHERINE A. CARROLL
Notary Public, State of New York
No. 24-4860418
Qualified in Kings County
Certificate filed in New York County
Commission Expires March 27, 1988

86- 62157
JUN 25  I 05 PM '96

FILED AND RECORD IN PUBLIC
RECORDS OF DUVAL COUNTY, FLA.

CLERK OF CIRCUIT COURT

FIRST AMENDMENT

TO

ASSIGNMENT OF LEASE AGREEMENT

dated as of June 20, 1986

From

COMMONWEALTH AVENUE WAREHOUSE, INC.

To

BANK OF NEW ENGLAND TRUST COMPANY,
NATIONAL ASSOCIATION
AND
F.W. KAWAM,
as Trustees

Dated as of November 1, 1987

Prepared by
David H. Stanley
Csaplar & Bok
655 Montgomery Street
San Francisco, California  94111

This FIRST AMENDMENT TO ASSIGNMENT OF LEASE AGREEMENT, dated as of November 1, 1987, (together with all supplements and amendments hereto, called this Amendment), from COMMONWEALTH AVENUE WAREHOUSE, INC., a Florida corporation (Assignor), having an address c/o Greyhound Financial Corporation, Greyhound Tower, Phoenix, Arizona 85077, Attention: Division Risk Management-Real Estate, to BANK OF NEW ENGLAND TRUST COMPANY, NATIONAL ASSOCIATION, a national banking association (Trustee) and F.W. KAWAM, (Individual Trustee), both having an address c/o The Connecticut Bank and Trust Company, National Association, One Constitution Plaza, Hartford, Connecticut 06115, Attention: Corporate Trust Department, as trustees under the Indenture of Mortgage, dated as of June 20, 1986, as amended as of December 1, 1987 (together with all supplements and amendments thereto, called the Indenture), from Assignor, as grantor, to Trustee and Individual Trustee, as trustees (Trustee and Individual Trustee, together with any separate trustees or co-trustees appointed pursuant to the Indenture and their respective successors and assigns are collectively called Assignee) amends and forms a part of the Assignment of Lease Agreement, dated as of July 20, 1986 (the Assignment) between Assignor and Assignee. Capitalized terms not otherwise defined herein shall have the meanings set forth in the Assignment.

Assignor has acquired a fee simple interest in a parcel of land more particularly described in Schedule A hereto and the improvements located thereon (such parcel of land together with such improvements being herein called the Property). Assignor, in order to finance a portion of the cost of such acquisition, borrowed the aggregate amount of $10,057,000 from Commonwealth Life Insurance Company and Peoples Security Life Insurance Company (the Lenders), such borrowing being evidenced by Assignor's 9.95% Secured Notes Due July 1, 2011. Assignor, to reimburse Lessee for Reimbursable Expenses incurred to make additions to and alterations of the Improvements, is borrowing the amount of $2,789,663.83 from Commonwealth Life Insurance Company, such borrowing evidenced by Assignor's Series A 11.05% Secured Notes Due July 1, 2011 (the 9.95% Secured Notes due July 1, 2011 and the Series A 11.05% Secured Notes due July 1, 2011, together with any notes issued in exchange or replacement thereof, collectively called the Notes). The Notes are equally and ratably secured by the Indenture which creates a lien on Assignor's interests in the Property, the Lease (as hereinafter defined) and certain other property. In affirmation of certain of the security provided by the Indenture and as further security for the Notes, Assignor entered into the undertakings set forth in the Assignment. Assignor leased the Property to Winn-Dixie Stores, Inc., a Florida corporation (herein, together with any entity succeeding thereto by consolidation, merger or acquisition of its assets substantially as an entirety, called Lessee), under a Lease Agreement, dated as of June 20, 1986, as amended as of November 1, 1987 (together with all supplements and amendments thereto, and any memorandum or short form thereof entered into for the purpose of recording, registration or filing, called the Lease), between Assignor, as lessor, and Lessee, as lessee.

To induce Lenders to purchase the Notes and to induce Assignee to accept the trusts created by the Indenture, Assignor has entered into the undertakings set forth in the Assignment.

(1091g/1229-9268)

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt of which is hereby acknowledged, Assignor agrees as follows:

1.   All references in the Assignment to the Notes shall be to the 9.95% Secured Notes Due July 1, 2011 and the Series A 11.05% Secured Notes Due July 1, 2011, collectively.

2.   Assignor and Assignee hereby reconfirm each and every other provision of the Assignment.

3.   The following is the Schedule A referred to in the Assignment.

IN WITNESS WHEREOF, Assignor has caused this Amendment to be signed as of the date first above written.

COMMONWEALTH AVENUE WAREHOUSE, INC., a Florida corporation

By: _____
    Printed Name:  Robert J. Fitzsimmons
    Title:  Vice President

[Seal]

Attest:

By: _____
    Printed Name: THOMAS H. REED
    Title: ASSISTANT SECRETARY

2

## CONSENT TO AMENDMENT OF ASSIGNMENT

BANK OF NEW ENGLAND TRUST COMPANY, NATIONAL ASSOCIATION and F.W. KAWAM, as Trustees, hereby consent and agree to the foregoing First Amendment to Assignment of Lease Agreement.

BANK OF NEW ENGLAND TRUST COMPANY, NATIONAL ASSOCIATION, Trustee

(Seal)

Attest:

By: _____
   Name: W. Kraus
   Title: Assistant Secretary

By: _____
   Name: F. W. Kawam
   Title: VICE PRESIDENT

_____
F.W. KAWAM, Trustee

3

CONSENT TO ASSIGNMENT AND AMENDMENT

WINN-DIXIE STORES, INC. hereby consents to the foregoing First
Amendment to Assignment of Lease Agreement and hereby confirms its acceptance
of and agreement to each of the provisions set forth in paragraph 6 of the
Assignment and acknowledges and consents that its obligations under the Lease
have been assigned as security for the Notes.

WINN-DIXIE STORES, INC.

(Seal)

Attest:

By: _____
Printed Name: J S BRYAN, JR.
Title: VICE PRESIDENT

By: _F. P. Hamilton_
Printed Name: F. P. HAMILTON
Title: Ass't, Secretary

4

SCHEDULE A

Legal Description

That certain piece, parcel or tract of land situate, lying and being in the
City of Jacksonville, County of Duval, State of Florida, to wit:

A portion of the Southeast 1/4 of Section 7, Township 2 South, Range 26 East,
Duval County, Florida, being more particularly described as follows:

For a point of reference, commence at the intersection of the Northerly
right-of-way line of Commonwealth Road, as now established for a width of 60
feet, with the Westerly right-of-way line of Edgewood Avenue, as now
established for a width of 100 feet; run thence South 88°00'00" West, along
said Northerly right-of-way line of Commonwealth Road, a distance of 802.34
feet to the point of beginning for this description.

From the point of beginning thus described, run thence North 00°08'35" East, a
distance of 1323.92 feet to the Southerly right-of-way line of 1st Street
West, as now established for a width of 60 feet; run thence South 87°47'39"
West, along said Southerly right-of-way line, a distance of 922.77 feet to a
found iron pipe; run thence South 00°04'15" West, a distance of 1320.54 feet
to a point in the aforementioned Northerly right-of-way line of Commonwealth
Road; run thence North 88°00'00" East along said Northerly right-of-way line,
a distance of 920.98 feet to a found iron pipe and the point of beginning.

STATE OF ARIZONA            )
                           )ss.
COUNTY OF MARICOPA          )


   The foregoing instrument was acknowledged before me this 11th day of
December, 1987, by  Robert J. Fitzsimmons and Thomas H. Reed, Vice
President and Assistant Secretary, respectively, of COMMONWEALTH AVENUE
WAREHOUSE, INC., a Florida corporation, on behalf of the corporation.


                                    Notary Public in and for said State


(Notarial Seal)

My Commission Expires:

   My Commission Expires Mar. 14, 1991

STATE OF CONNECTICUT

)) ss.

COUNTY OF *HARTFORD* )

     The foregoing instrument was acknowledged before me this ____ day of December, 1987, by F.W. Kawam and **VICE PRESIDENT** ____ and **V. Kreuscher**, the **VICE PRESIDENT** and *Assistant Secretary* ____, respectively, of BANK OF NEW ENGLAND TRUST COMPANY, NATIONAL ASSOCIATION, a national banking association, on behalf of the association.

                          Notary Public in and for
                                said State

(Notarial Seal)

My commission expires:

DAWN PICCOLI HEINTZ
NOTARY PUBLIC
MY COMMISSION EXPIRES MARCH 31, 1992

STATE OF ~~Florida~~                )
                                    ) ss.
COUNTY OF ~~Duval~~                 )


      The foregoing instrument was acknowledged before me this _1th_ day of December, 1987, by _Sidney Cs._ and _J. V. Hamilton,_ the _Vice President_ and _Asst Sec'y_, respectively, of WINN-DIXIE STORES, INC., a Florida corporation, on behalf of the corporation.


                                      _____
                                        Notary Public in and for
                                        said State

(Notarial Seal)

My commission expires:

WAYNE E. RIPLEY, JR.
Notary Public, State of Florida
My Comm. Exp. May 10, 1990