# Exhibit D

# Proof of Claim

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al., Case No 05-03817-3F1 Jointly Administered | Chapter 11<br>AMENDED<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Name of Debtor Against Which You Assert Your Claim
    Winn-Dixie Stores, Inc.        Case Number  05-03817

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| A  Name of Creditor (The person or other entity to whom the debtor owes money or property)<br>US Bank National Association, as Indenture Trustee<br>Corporate Trust Services (Attn: Patricia J. Kapsch)<br>PO Box 70870<br>St. Paul, MN 55170-9705    411028 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach a copy of statement giving particulars. |
| B  Name and address where notices should be sent<br>☐replaces address above ☒ additional address<br>Waller Lansden Dortch & Davis, PLLC<br>Attn: David Lemke, Esq.<br>511 Union Street, Suite 2700<br>Nashville, TN 37219<br>(615) 244-6380 (telephone)<br>(615) 244-6804 (facsimile) | ☐ Check box if you have never received any notices from the bankruptcy court in this case<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court |

DEBTOR WINN - DIXIE STORES, INC
U.S. BANKRUPTCY COURT M.D.-FLORIDA
JOINTLY ADMINISTERED UNDER
CASE  05-03817 (3F1)
CHAPTER 11

**CLAIM NO.: 12758**

THIS SPACE FOR COURT USE ONLY

| Account or other number by which creditor identifies debtor | Check here if this claim<br>☐ replaces ☒ amends & restates a previously filed claim, dated __7/27/05 |
|---|---|

**1.  Basis for Claim:**
- ☐ Goods sold to debtor(s)
- ☐ Services performed for debtor(s)
- ☐ Goods purchased from debtor(s)
- ☐ Money loaned
- ☐ Personal injury/property damage
- ☐ Other
- ☐ Taxes
- ☐ Severance agreement
- ☐ Refund
- ☒ Real property lease*
- ☐ Personal property lease
- ☐ Other contract
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☒ Wages, Salaries and compensations (Fill out below)<br>Last four digits of your SS# _____<br>Unpaid compensation for services performed from _____ to _____<br>(date)    (date)

**2**  Date debt was incurred:  June 20, 1986*

**3**  If court judgement, date obtained:

**4.**  Total Amount of Claim at Time Case Filed:  $  SEE ATTACHED*    SEE ATTACHED*    ____    SEE ATTACHED*
    (unsecured)    (secured)    (priority)    (Total)

If all or part of you claim is secured or entitled to priority, also complete Item 5 or 7 below
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim  Attach itemized statement of all interest or additional charges  SEE ATTACHED*

| **5.**  Secured Claim<br>☒ Check this box if your claim is secured by collateral (including a right to setoff)<br>Brief Description of Collateral<br>☒ Real Estate    ☐ Motor Vehicle<br>☒ Other  __SEE ATTACHED*__<br><br>Value of Collateral    $  __SEE ATTACHED*__<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any  $  SEE ATTACHED*<br><br>**6.**  Unsecured Nonpriority Claim $  SEE ATTACHED*<br>☒ Check this box if  a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority | **7**  Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority  $ _____<br>Specify the priority of the claim<br>☐ Wages, salaries, or commissions (up to $4,925), *earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(3)<br>☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(4)<br>☐ Up to $2,225 * of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(A)(6)<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507(a)(7)<br>☐ Taxes or penalties of governmental units – 11 U S C § 507(a)(8)<br>☐ Other – Specify applicable paragraph of 11 U S C § 507(a) (__)<br>* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment |
|---|---|

**8.**  Credits  The amount of all payments on this claim has been credited or deducted for the purpose of making this proof of claim

**9.**  Supporting Documents:  *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien  DO NOT SEND ORIGINAL DOCUMENTS  If the documents are not available, explain  If the documents are voluminous, attach a summary

**10.**  Date-Stamped Copy:  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
LOGAN & COMPANY, INC
AS AGENT

2005 DEC - 5  AM 9: 54
U.S. BANKRUPTCY COURT
MIDDLE DISTRICT
OF FLORIDA

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach a power of attorney, if any)<br>U.S. BANK NATIONAL ASSOCIATION, as Indenture Trustee<br><br>By _____<br>    Patricia Kapsch, Assistant Vice President |
|---|---|

*Penalty for presenting fraudulent claim*  Fine up to $500,000 or imprisonment up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.
*See Attached  *U.S. BANK NATIONAL ASSOCIATION hereby incorporates the attachments hereto, which shall for all purposes be deemed a part of this Proof of Claim.*

1162096 4

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.* | ) | Case No. 05-03817 |
| | ) | |
| Debtors. | ) | (Jointly administered) |
| | ) | |

---

ATTACHMENT TO AMENDED AND RESTATED
PROOF OF CLAIM OF U.S. BANK (AS INDENTURE
TRUSTEE) RELATING TO REJECTION OF LEASE WITH
COMMONWEALTH AVENUE WAREHOUSE, INC.

---

U.S. Bank National Association ("U.S. Bank"), in its capacity as indenture trustee (the "Trustee") for the benefit of holders of certain secured notes issued by Commonwealth Avenue Warehouse, Inc. (the "Issuer"), files this attachment as part of its proof of claim arising from the above-captioned debtors' rejection of the Lease described below.

1.     U.S. Bank serves as the Trustee under that certain Indenture of Mortgage, dated as of June 20, 1986 (as amended, the "Indenture"), between the Issuer and Bank of New England Trust Company, National Association ("BNETC"), the predecessor trustee to U.S. Bank.  Pursuant to the Indenture, the Issuer issued 9.95% Secured Notes and 11.05% Secured Note, all due July 1, 2011, (collectively, the "Notes") in the aggregate original principal amounts of $10,650,000.00 and $2,789,663.83, respectively, on a *pari passu* basis in order to finance (i) the purchase of a fee simple interest in certain land and improvements in Jacksonville, Florida, located at the intersection of Commonwealth Road and Edgewood Avenue, as more

1162096.4

particularly described in Schedule A to the Indenture (the "Property"), and (ii) the construction of additional improvements on the Property (together with the Property, the "Project"). The Notes are more fully described in the Indenture attached to the Trustee's proof of claim, dated July 27, 2005 and filed in the Debtors' bankruptcy case (the "Original Proof of Claim").[1]   The Indenture is incorporated herein by reference as if reproduced in full.

2.     The Trustee is the duly appointed successor indenture trustee for the above-referenced Notes. This proof of claim is filed on behalf of U.S. Bank, in its capacity as Trustee, and on behalf of all holders of the Notes (the "Noteholders")

3.     Winn-Dixie Stores, Inc. (the "Debtor") leased the Project from the Issuer pursuant to that certain Lease Agreement dated as of June 20, 1986 (as may be amended, the "Lease"). A true and correct copy of the Lease is attached to the Trustee's Original Proof of Claim and incorporated herein by reference as if reproduced in full. In order to secure Issuer's obligations under the Indenture, Issuer, among other things, granted the Trustee a mortgage on the Project and assigned to the Trustee all of Issuer's rights under the Lease pursuant to that certain Assignment of Lease Agreement dated as of June 20, 1986 (as amended, the "Assignment"). A true and correct copy of the Assignment is attached to the Trustee's Original Proof of Claim and incorporated herein by reference as if

---

[1] This narrative related to the Trust Documents (as defined herein) is a summary. The documents relating to this transaction supersede this summary. The terms and conditions of all documents executed in connection with the issuance of the Notes are expressly incorporated herein, even if not attached hereto. To the extent the summary is inconsistent with the Trust Documents and other documents executed in connection with this transaction, the Trust Documents and other documents related to this transaction shall control.
1162096.4

reproduced in full.  Collectively, the Indenture, Lease, and Assignment, along with any other documents executed in connection with the issuance of the Notes, may be referred to as the "Trust Documents."

4.    The Debtor filed this Chapter 11 bankruptcy case on February 22, 2005 (the "Petition Date"), along with several affiliates and subsidiaries, all of whose cases are jointly administered under Case No. 05-03817.  The cases are currently pending in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court").

5.    By motion dated October 14, 2005 (the "Rejection Motion"), the Debtor sought to reject the Lease retroactively.  As a result of conversations and negotiations (primarily between the Issuer and the Debtor but also involving the Trustee), the parties reached an agreement (the "Compromise") whereby (i) the Debtor's rejection was effective as of November 4, 2005 (the "Effective Date"), (ii) the Debtor agreed to pay pro-rated rent through the Effective Date, within twenty (20) days of the Effective Date, (iii) the Debtor granted administrative expense priority to the Issuer and Trustee for the pro-rated real estate taxes (the "Pro-Rated Taxes") due under the Lease for the time period from the Petition Date through the Effective Date, to be paid in the regular course of business but on or before March 14, 2006, and (iv) the Debtor retained the ability to challenge (with the Issuer's cooperation) the taxing authority regarding the amount of real estate taxes paid on the Project for calendar years 2004 and 2005.

1162096 4

6.    At the hearing on November 4, 2005, the parties presented their Compromise and the Bankruptcy Court approved the Compromise and instructed the Debtor to submit a form of order reflecting the terms of the Compromise. The Debtor submitted a proposed form of order on November 10, 2005, and the Bankruptcy Court entered the order on November 15, 2005. The Bankruptcy Court also ordered that any rejection damage claims be submitted within thirty (30) days of the Effective Date, i.e. on or before Monday, December 5, 2005.

7.    The Trustee files this claim for all amounts which were due as of the Petition Date, including, but not limited to, rent, taxes, assessments, charges, fees, interest, Trustee's fees and expenses, indemnification obligations and any and all other amounts as set forth in the Trust Documents or at law, in equity, or otherwise. In addition, the Trustee hereby asserts all amounts which are or may come due after the Effective Date through and including the remainder of the Lease term, including, but not limited to, rent (estimated at not less than $8,172,267.38, as a result of rent schedule attached to the Lease), real estate taxes (estimated at not less than $1,041,174.25, in light of the amount of such taxes for calendar year 2005 and including the pro-rata portion of real estate taxes for 2005 allocable to the respective periods from January 1, 2005 to the Petition Date and from the Effective Date through December 31, 2005), other taxes, assessments, charges, fees, interest, Trustee's fees and expenses, indemnification obligations and any and all other amounts as set forth in the Trust Documents or at law, in equity, or otherwise. Without limiting either of the foregoing, the Trustee makes particular claims for

1162096 4

(i) the damages resulting from certain personal property being abandoned on the Project (estimated at not less than $50,000); (ii) the costs to return Project to good repair and condition as required by the Lease (estimated at not less than $250,000); and (iii) the costs (estimated at not less than $500,000) associated with remediating certain environmental conditions on the Project, including but not limited to petroleum, petroleum solvent, chlorobenzene and potential asbestos contamination resulting from underground fuel storage tanks, certain truck washing facilities and building materials, all as set forth more fully in that certain Draft "Phase I Environmental Site Assessment, Winn-Dixie Warehouse Distribution Facility, 5233 Commonwealth Avenue, Jacksonville, Florida 32254," dated September 10, 2004 and prepared by Matthew A. McGovern of National Assessment Corporation, a copy of which is available upon written request.

8.    The Trustee believes that the amounts of all payments on this claim through the Petition Date have been credited and deducted for the purpose of making this proof of claim, but the Trustee reserves all rights to set-off and/or recoupment which it or any Noteholder may have.

9.    The Trustee has marked the "secured" box on this form because its claim is secured by, among other things, the Debtor's leasehold interest in the Project, and any right of setoff or recoupment the Trustee or any Noteholder may have. Pursuant to 11 U.S.C. § 506(b) and to the extent its claim is over-secured, the Trustee's claim shall continue to accrue fees and interest post-petition, and the Trustee reserves the right to make claim for all such fees and interest until this

1162096 4

claim is paid in full. Pursuant to 11 U.S.C. §506(a), the Trustee asserts an unsecured claim to the extent property of the Debtor's estate securing the Trustee's claim is of an insufficient value to pay the claim asserted hereunder in full.

10.   The claims set forth herein are separate and distinct from any administrative expense request or motion that the Trustee may file with respect to the Lease. The right to request any and all administrative expenses is expressly reserved and not waived, including but not limited to the Trustee's right or claim to rent, fees, taxes, charges and other amounts due under the Lease that accrued or became payable between the Petition Date and the Effective Date (including the Pro-Rated Taxes, as contemplated by the Compromise).

11.   This claim is for all claims, whether under state or federal law or equity (including any recovery from any avoidance or other bankruptcy-related actions), the Trustee may have against the Debtor. Further, this claim includes the Trustee's rights to indemnification and/or contribution under any law, statute or under the Trust Documents, whether such right to indemnity or contribution has arisen or may arise in the future. Finally, the Trustee hereby asserts all rights it may have to any third-party claims as necessary to preserve such claims to the extent such claims may affect the Trustee or Noteholders, pursuant to Bankruptcy Rule 3005, as well as state or federal laws related to subrogation.

1162096 4

12.    The Trustee reserves the right to amend or supplement this claim as necessary, including, but not limited to, adding attorney's fees, interest, amounts incurred and not paid, and/or amounts which may accrue postpetition, all to the extent allowable by law.  The Trustee also asserts that by filing this claim, it is not waiving its right to seek injunctive relief or other remedies against any of the non-debtor parties noted above.

EXECUTED UNDER PENALTY OF PERJURY.

U.S. BANK NATIONAL ASSOCIATION,
As Indenture Trustee

By: _____
    Patricia J, Kapsch,
    Assistant Vice-President

# WALLER LANSDEN DORTCH & DAVIS, PLLC

NASHVILLE CITY CENTER
511 UNION STREET. SUITE 2700
POST OFFICE BOX 198966
NASHVILLE, TENNESSEE 37219-8966
(615) 244-6380
FAX (615) 244-6804
www.wallerlaw.com

WALLER LANSDEN DORTCH & DAVIS PLLC
809 SOUTH MAIN STREET
POST OFFICE BOX 1035
COLUMBIA, TENNESSEE 38402 1035
(931) 388-6031

WALLER LANSDEN DORTCH & DAVIS LLP
AFFILIATED WITH THE PROFESSIONAL LIMITED LIABILITY COMPANY
820 SOUTH GRAND AVENUE  SUITE 900
LOS ANGELES CALIFORNIA 90071
(213) 362-3680

Darlene M. Banach
(615) 850-8474
Darlene.banach@wallerlaw.com

December 2, 2005

**VIA OVERNIGHT COURIER**

Winn-Dixie Claims Docketing Center
c/o Logan & Company, Inc.
546 Valley Road
Upper Montclair, New Jersey  07043

        Re·   In re Winn-Dixie Stores, Inc., et al., Ch. 11 Case No. 05-03817
              Proof of Claim by U.S. Bank, N A. as Indenture Trustee

Dear Sir or Madam:

        This firm represents U.S. Bank, N.A., as Indenture Trustee (the "Trustee"). Please find enclosed the Trustee's proof of claim against Winn-Dixie Stores, Inc., along with a photocopy. Please mark the photocopy as "filed" or "received" and remit it to the attention of Robert J. Welhoelter in the envelope provided. Thank you for your attention to this matter and please do not hesitate to contact Mr. Welhoelter with questions or concerns.

        Sincerely,

        *Darlene M. Banach*

        Darlene M. Banach
        Assistant to Robert J. Welhoelter

DMB

1166741 1