# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., *et al*.,<br><br><br><br>WINN-DIXIE STORES, INC.<br><br>("the Debtors") | Chapter 11<br><br>Case No. 05-03817-3Fl Jointly Administered<br><br><br><br>Case No. 05-03817-JAF<br><br>Filed Claim No.: <u>8510</u> |

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2) FOR FILED CREDITOR, DEERFIELD COMPANY, INC, IN THE AMOUNT OF $270,875.83, TO STARK SPECIAL EVENT LTD.

**To Transferor:**   DEERFIELD COMPANY, INC
ATTN: JOHN P BRICE, ESQ
c/o WYATT TARRANT & COMBS LLP
250 WEST MAIN STREET, SUITE 1600
LEXINGTON, KY 40507-1746

PLEASE TAKE NOTICE that the transfer of $270,875.83 the above-captioned general unsecured claim has been transferred to:

**Transferee:**   Stark Special Event Ltd.
Attn: Amar Ehsan
3600 South Lake Drive
St. Francis, WI 53235
Facsimile: (414) 294-7700

The evidence of transfer of claim is attached hereto. A copy of the Proof of Claim is attached hereto as Exhibit A. A copy of the Order Reducing the claim is attached hereto as Exhibit B.

No action is required <u>if you do not object</u> to the transfer of your claim. However, if you do object to the transfer of your claim, within <u>20 days</u> of the date of this notice, you must file a written objection with the Office of the Clerk, United States Bankruptcy Court, Middle District of Florida, 300 North Hogan Street, Jacksonville, FL 32202. If your objection is not timely filed, the transferee will be substituted in your place as the claimant on our records in this proceeding.

---

*(FOR CLERK'S OFFICE USE ONLY):*
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2006.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtors's Attorney ___

_____
Deputy Clerk

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:

Winn-Dixie Stores, Inc.

Debtor

Case No. 05-03817

Chapter 11

## NOTICE OF TRANSFER OF CLAIM PURSUANT TO RULE 3001(e)

PLEASE TAKE NOTICE that the claim of Deerfield Company, Inc. ("Assignor") against the Debtor in the amount of $270,875.83 (claim # 8510) and all claims of Assignor against Debtor have been transferred and assigned to Stark Special Event Ltd. ("Assignee"). The signature of Assignor on this document is evidence of the transfer of the claims and all rights thereto.

I, the undersigned Assignor of the claims described above, hereby assign and transfer my claims and all rights thereto to Stark Special Event Ltd. according to the terms of the Assignment of Claim duly executed by me on the date hereof. I have a claim against the Debtor that has not been previously transferred, and the Debtor has neither objected to nor satisfied this claim. The clerk of this Court is authorized to change the address of record regarding the claim to that of Assignee listed below.

ASSIGNEE: Stark Special Event Ltd.
Re: Winn-Dixie claim
Address: 3600 South Lake Drive
St. Francis, WI 53235
Facsimile: (414) 294-7700

By: Stark Offshore Management, LLC
Its: Investment Manager

By: _____
Daniel J. McNally, ~~General Counsel~~
Authorized Signatory

ASSIGNOR: Deerfield Company, Inc.
Address: c/o Wyatt Tarrant & Combs LLP
Attn: John P Brice ESQ
250 West Main Street, Suite 1600
Lexington, KY 40507-1746

Signature: _____
Name: Phillip H. Marshall, Jr.
Title: President
Date: 11/3/2006

# EXHIBIT A

FORM B10 (Official Form 10) (4/01)

| United States Bankruptcy Court | MIDDLE DISTRICT OF FLORIDA | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: Winn Dixie Stores, Inc. | Case Number: 05-03817-3F1 | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Deerfield Company, Inc.    410536

[ ] Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Deerfield Company, Inc.
c/o Wyatt, Tarrant & Combs, LLP
Attn: John P. Brice
250 West Main Street, Suite 1600
Lexington, KY 40507-1746

[ ] Check box if you have never received any notices from the bankruptcy court in this case.

[ ] Check box if the address differs from the address on the envelope sent to you by the court.

DEBTOR: WINN - DIXIE STORES, INC.
U.S. BANKRUPTCY COURT M.D.-FLORIDA
JOINTLY ADMINISTERED UNDER
CASE.: 05-03817 (3F1)
CHAPTER 11

CLAIM NO.: 8510

Telephone number: (859) 288-7462 - Facsimile number: (859) 259-0649

This space is for Court Use Only

Account or other number by which creditor identifies debtor:
Store No. 1611

Check here if this claim  [ ] Replace  [ ] amends  a previously filed claim, dated:

**1. Basis for Claim**
[ ] Goods sold
[ ] Services performed
[ ] Money loaned
[ ] Personal injury/wrongful death
[ ] Taxes
[X] Other - Real Estate Lease

[ ] Retiree benefits as defined in 11 U.S.C. '1114(a)
[ ] Wages, salaries, and compensation (Fill out below)
Your SS#: ___-___-___
Unpaid compensation for services performed
from _____ to _____
(date)      (date)

**2. Date debt was incurred:** Lease Dated 12/18/1992

**3. If court judgment, date obtained:** Rejection Order entered 05/19/2005

**4. Total Amount of Claim at Time Case Filed:** $278,123.18
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
[X] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
[ ] Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
[ ] Real Estate     [ ] Motor Vehicle
[ ] Other

Value of Collateral: $

Amount of arrearage and other charges at time case filed included in secured claim, if any $

**6. Unsecured Priority Claim.**
[ ] Check this box if you have an unsecured priority claim
Amount entitled to priority $
Specify the priority of the claim:
[ ] Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor=s business, whichever is earlier - 11 U.S.C. '507(a)(3).
[ ] Contributions to an employee benefit plan - 11 U.S.C. '507(a)(4).
[ ] Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. '507(a)(6).
[ ] Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. '507(a)(7).
[ ] Taxes or penalties owed to governmental units - 11 U.S.C. '507(a)(8).
[ ] Other - Specify applicable paragraph of 11 U.S.C. '507(a-____).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

7. CREDITS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
8. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
9. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is for Court Use Only
JUL 25 2010:25

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 7/25/05 | John P. Brice, Attorney |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. '152 and 3571.

30377618.1

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

## ORDER REDUCING OVERSTATED CLAIMS AS SET FORTH IN THE DEBTORS' EIGHTH OMNIBUS CLAIMS OBJECTION

These cases came before the Court for hearing on May 4, 2006, upon the Eighth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of claim listed on Exhibit A (the "Disputed Claims").[2] Several formal and informal objections to the Objection were raised or filed, as a result of which the Debtors have agreed to continue the Objection with respect to (i) claim no. 1096 filed by ACH Food Companies Inc., (ii) claim no. 4073 filed by Baker Distributing Company, LLC, (iii) claim no. 2165 filed by Barker Company Ltd., (iv) claim no. 7935 filed by CG Roxane, (v) claim no. 3135 filed by Cox North Carolina Publication, (vi) claim no. 366 filed by CSX Corporation, (vii) claim no. 11505 filed by Dales Doughnuts South, Inc., (viii) claim no. 2570 filed by J&J Snack Foods Corp., (ix) claim no. 2573 filed by Joseph Enterprises, (x) claim no. 8412 filed by

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

Meadwestvaco Corp., (xi) claim no. 8858 filed by National Lift Truck Service, (xii) claim no. 10207 filed by Nature's Bounty, Inc., (xiii) claim no 10202 filed by NBTY, Inc., (xiv) claim no. 3503 filed by New England Coffee Co., (xv) claim no. 4463 filed by New World Pasta Company, (xvi) claim no. 4938 filed by PC Woo (xvii) claim no. 10750 filed by Precision Plumbing & Air Inc., (xviii) claim no. 1052 filed by Schneider National Inc., (xix) claim no. 11818 filed by Sioux Honey Association, (xx) claim no. 11325 filed by Sunbeam Products, (xxi) claim no. 11116 filed by Sweet Blessings, (xxii) claim no. 1064 filed by TW Garner Food Co., (xxiii) claim no. 7274 filed by Vicorp Restaurants, Inc., and (xxiv) claim no. 516 filed by Zak Designs, Inc. (collectively, the "Unresolved Objections"), which claims have been removed from Exhibit A. The Debtors have withdrawn without prejudice their objection to (i) claim no. 10989 filed by Checkpoint Security Systems, Group Inc., (ii) claim no. 574 filed by Cobb Electric Membership Corp., (iii) claim no. 228 filed by Jackson EMC, (iv) claim no. 174 filed by Mackay Envelope Company, LLC, (v) claim no. 2167 filed by Pagas Mailing Services, (vi) claim no. 184 filed by Roadway Express, (vii) claim no. 955 filed by Southeast Unloading, LLC, and (viii) claim no. 11477 filed by Timberlake Consultants, Inc. (collectively, the "Withdrawn Claim Objections"), which claims have been removed from Exhibit A. Upon consideration, it is

    ORDERED AND ADJUDGED:

    1.    The Objection is sustained.

    2.    The Overstated Claims listed on Exhibit A are reduced to the amounts set forth on Exhibit A under the heading Reduced Amount and the amounts exceeding the Reduced Amount are disallowed. With respect to the Overstated Claims that are reduced by the amount of the reclamation payments listed on Exhibit

A under the heading "Reason for Reduction," if any portion of such reclamation payments remain unpaid after the last date for payment as provided in the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program, dated July 28, 2005, the holders of such Overstated Claims shall have the right to seek to have the Reduced Amount increased by the unpaid balance of the reclamation payments listed on Exhibit A.

3. Other than the Unresolved Objections and objections with respect to the Withdrawn Claim Objections, those objections that have not yet been withdrawn are overruled.

4. Each claim and the objections by the Debtors to such claim as addressed in the Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order is deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by this Order.

5. The hearing to consider the Objection with respect to the Unresolved Objections is continued until further order of the Court upon the motion of any party in interest.

6. Neither the Objection nor any disposition of the Disputed Claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any potential Avoidance Action against any of the Claimants.

7. This Order is without prejudice to the Debtors' right to object to the Disputed Claims on the ground that they were filed against the incorrect

3

Debtor and that the Debtor against which the Disputed Claims were filed should be modified.

Dated this 4 day of May, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

4

WINN-DIXIE STORES, INC., ET AL.
EIGHTH OMNIBUS CLAIMS OBJECTION
EXHIBIT A- CLAIMS TO BE REDUCED

Page: 7 of 29
Date: 05/03/2006

| Name of Claimant | Claim No. | Claim Amount | Reduced Amount | Reason for Reduction |
|---|---|---|---|---|
| **Creditor Id: 384081**<br>DAIRY FARMERS OF AMERICA INC<br>ATTN: JOEL CLARK<br>10411 CAUDILL ROAD<br>KNOXVILLE, TN 37922<br><br>Transferee: AMROC INVESTMENTS LLC<br>Counsel: ATTN STEPHEN B SUTTON, ESQ | 4209<br>Debtor: WINN-DIXIE MONTGOMERY, INC. | $978,423.70 | $852,694.74 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $7,116.73, ACCOUNTS RECEIVABLE BALANCE OF $50.43, AND RECLAMATION PAYMENTS IN PROCESS TOTALING $118,561.80. |
| **Creditor Id: 247510**<br>DAKOTA GROWERS PASTA CO<br>ATTN CURT WALEN, CONTROLLER<br>ONE PASTA AVENUE<br>CARRINGTON, ND 58421 | 9811<br>Debtor: WINN-DIXIE STORES, INC. | $116,326.86 | $70,751.60 | REDUCED AMOUNT REFLECTS ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $10,359.09 AND $1,265.37, RESPECTIVELY, AND REMOVAL OF $25,609.94 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES AND $8,340.86 FOR PRICING DIFFERENCES AND/OR SHORTAGES OF DELIVERED GOODS. |
| **Creditor Id: 410536**<br>DEERFIELD COMPANY, INC<br>C/O WYATT TARRANT & COMBS LLP<br>ATTN JOHN P BRICE, ESQ<br>250 WEST MAIN STREET, SUITE 1600<br>LEXINGTON KY 40507-1746 | 8510<br>Debtor: WINN-DIXIE STORES, INC. | $278,123.18 | $270,875.83 | REDUCED AMOUNT REFLECTS ACCURATE CALCULATION OF REJECTION DAMAGES. |
| **Creditor Id: 410362**<br>DOANE PET CARE COMPANY<br>C/O BOULT CUMMINGS CONNERS ET AL<br>ATTN AUSTIN L MCMULLEN, ESQ<br>1600 DIVISION STREET, SUITE 700<br>NASHVILLE TN 37203 | 7291<br>Debtor: WINN-DIXIE STORES, INC. | $113,788.61 | $51,928.45 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $1,874.55, ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $352.69 AND $65.49, RESPECTIVELY, AND RECLAMATION PAYMENTS IN PROCESS TOTALING $59,567.43. |
| **Creditor Id: 248716**<br>EASTMAN OUTDOORS INC<br>ATTN RANDY A MAY, CREDIT MGR<br>PO BOX 380<br>FLUSHING MI 48433 | 10920<br>Debtor: WINN-DIXIE STORES, INC. | $20,163.68 | $19,163.68 | REDUCED AMOUNT REFLECTS ACCOUNTS RECEIVABLE BALANCE OF $350.00 AND REMOVAL OF $650.00 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICE NUMBER 257932. |
| **Creditor Id: 249248**<br>EVERGREEN FUNDING CORPORATION<br>ATTN SCOTT R MCARRON, PRES<br>PO BOX 1024<br>ADDISON TX 75001<br><br>Transferee: SPCP GROUP LLC AGT OF SILVER PT CAP | 1081<br>Debtor: WINN-DIXIE PROCUREMENT, INC. | $322,524.04 | $277,542.21 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $616.77, ACCOUNTS PAYABLE CREDIT OF $1,023.84, REMOVAL OF $23,604.60 FOR ORDER NEVER RECEIVED, AND RECLAMATION PAYMENTS IN PROCESS TOTALING $19,736.62. |