UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

IN RE:                                     ) Case No. 05-03817
                                           ) (Jointly Administered)
WINN-DIXIE STORES, INC., et al.            )
                                           ) Chapter 11
                                           )
         Debtors.                          )
                                           )

## NOTICE OF TRANSFER OF CLAIM PURSUANT TO
## FEDERAL RULE OF BANKRUPTCY PROCEDURE 3001(E)(2)

1. To Transferors:
   LaSalle Bank National Association, as Trustee for Morgan Stanley Dean Witter Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2000-Prin, by and through its Primary Servicer, Principal Global Investors, LLC, a Delaware limited liability company, formerly known as Principal Capital Management, LLC, a Delaware limited liability company

   With a copies to:
   Principal Global Investors
   801 Grand Avenue
   Des Moines, IA 50392-1450
   Attention: Emily A. Hippen

   and

   Margery N. Reed, Esquire
   Duane Morris LLP
   30 South 17th Street
   Philadelphia, PA 19103-4196

2. Your right, title and interest, if any, in and to the Claim (as defined herein) against Winn Dixie Stores, Inc. and/or its affiliated (collectively, the "Debtor") in the Chapter 11 Bankruptcy Cases No. 05-03817 *et seq.* (jointly administered) (collectively, the "Case) currently pending in the United States Bankruptcy Court for the Middle District of Florida (the "Court") has been assigned and transferred to the Transferee (as defined herein). As used herein, the term **"Claim"** means those certain claims against the Debtor solely arising out of that certain Lease dated June 16, 1995 by and between Three Meadows Plaza Partnership ("Three Meadows"), as lessor and Winn-Dixie Stores, Inc., as lessee (as amended, the "Lease") and/or the property subject to or covered by the Lease (the "Property"), which is commonly known to the Debtor as **Store 2316**, together with the proofs of claim filed by Three Meadows against the Debtor in the Case and known as: (i) Claim No. 7010 filed on or about July 18, 2005; (ii) Claim No. 7050 filed on or about July 15, 2005; (iii) Claim No. 10424 filed on or about August 1, 2005; (iv)

MG570146

Claim No. 12210 filed on or about October 24, 2005; and (v) Claim No. 12394 filed on or about October 28, 2005 (collectively the "Proofs of Claim"); and all rights and benefits of the Asignor relating thereto as set forth in the Evidence of Transfer of Claim which is attached hereto as **Exhibit "A"** and the Assignment and Transfer of Claim Agreement referenced therein. This assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest.

3. All further notice relating to the Claim, and all payments or distributions of money or property in respect of the Claim, shall be delivered or made to Transferee at the following address:

Strike Force III, LLC ("Transferee")
380 S. Courtenay Parkway
Merritt Island, FL 32952

With copy to:
Nicholas V. Pulignano, Jr.
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida 32207
npulignano@marksgray.com

4. If you <u>do</u> <u>not</u> object to the transfer of your claim, no action is required. If you do object to such transfer, you must within 20 days of the date of this Notice file a written objection with the United States Bankruptcy Court for the Middle District of Florida, with a copy to Transferee and its counsel at their respective addresses listed herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November, 2006 the foregoing was filed with the Bankruptcy Court Clerk using the CM/ECF electronic filing, and a copy has been served on the Transferors and other parties listed in paragraph 1 above either by U.S. Mail, postage pre-paid, or by electronic transmission, and a copy has been served on all interested parties by the Clerk by electronic CM/ECF transmission.

**MARKS GRAY, P.A.**

/s/ **Nicholas V. Pulignano, Jr.**
Nicholas V. Pulignano, Jr.
Florida Bar No.: 0319181
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida 32207
npulignano@marksgray.com
P: (904) 398-0900
F: (904) 399-8440
Attorneys for Transferee Strike Force III, LLC

# EVIDENCE OF TRANSFER OF CLAIM FOR STORE 2316

**TO:** Winn-Dixie Stores, Inc. and the United States Bankruptcy Court for the Middle District of Florida

For good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged and intending to be legally bound thereby, LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2000-PRIN, by and through its Primary Servicer Principal Global Investors, LLC, a Delaware limited liability company, formerly known as Principal Capital Management, LLC, a Delaware limited liability company (the "Assignor") hereby acknowledges that pursuant to that certain Assignment of Transfer of Claim Agreement dated as of OCTOBER 30, 2006 between Assignor and Assignee (the "Agreement"), Assignor has unconditionally and irrevocably sold, transferred and assigned (the "Assignment") to STRIKE FORCE III, LLC, a Florida limited liability company ("Assignee") all of the Assignor's right, title and interest, if any, in and to the Claim (as defined herein) against Winn-Dixie Stores, Inc. and/or its affiliates (collectively, the "Debtor") in the chapter 11 Bankruptcy Cases No. 05-03817 *et seq.* (jointly administered) (collectively, the "Proceeding") currently pending in the United States Bankruptcy Court for the Middle District of Florida (the "Court"). As used herein, the term "**Claim**" means those certain claims against the Debtor solely arising out of or related to that certain Lease dated June 16, 1995 by and between Three Meadows Plaza Partnership ("Three Meadows"), as lessor and Winn-Dixie Stores, Inc., as lessee (as amended, the "Lease") and/or the property subject to or covered by the Lease (the "Property"), which is commonly known to the Debtor as **Store 2316**, together with the proofs of claim filed by Three Meadows against the Debtor in the

DM3\398240.3

**EXHIBIT A**

Proceeding and known as: (i) Claim No. 7010 filed on or about July 18, 2005; (ii) Claim No. 7050 filed on or about July 15, 2005; (iii) Claim No. 10424 filed on or about August 1, 2005; (iv) Claim No. 12210 filed on or about October 24, 2005; and (v) Claim No. 12394 filed on or about October 28, 2005 (collectively, the "Proofs of Claim"); and all rights and benefits of the Assignor relating thereto. This assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest.

Assignor further directs the Debtors, the Bankruptcy Court and all other interested parties that all further notice relating to the Claim, including the Proofs of Claim, and all payments or distributions of money or property in respect of the Claim, including the Proofs of Claim, shall be delivered or made to Assignee at the following address:

Strike Force III, LLC
380 S. Courtenay Parkway
Merritt Island, FL 32952

With copy to:
Nicholas V. Pulignano, Jr.
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida 32207

**IN WITNESS WHEREOF**, this **EVIDENCE OF TRANSFER OF CLAIM** is executed as of OCTOBER 30, 2006.

LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2000-PRIN

By: PRINCIPAL GLOBAL INVESTORS, LLC, a Delaware limited liability company, formerly known as Principal Capital Management, LLC, a Delaware limited liability company, in its capacity as Primary Servicer, its authorized signatory

Name: _____
Title: Kevin W. Burk
       CMBS Senior Underwriter

Name: _____
Title: David Strako
       CMBS Portfolio Analyst

2

DM3\398240.3

STATE OF IOWA    )
                 )
COUNTY OF POLK   )

On this 30th day of October, 2006, before me, the undersigned, a Notary Public in and for the said State, personally appeared David Straka and Kevin Burk to me personally known to be the identical persons whose names are subscribed to the foregoing instrument, who being by me duly sworn, did say that they are the CMBS Portfolio Analyst, and CMBS Senior Underwriter, respectively, of PRINCIPAL GLOBAL INVESTORS, LLC, a Delaware limited liability company, in its capacity as Primary Servicer, authorized signatory of LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2000-PRIN, and that the seal affixed to the instrument is the seal of PRINCIPAL GLOBAL INVESTORS, LLC; that the instrument was signed and sealed on behalf of the company by LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2000-PRIN; and that the aforesaid individuals each acknowledged the execution of the foregoing instrument to be the voluntary act and deed of PRINCIPAL GLOBAL INVESTORS, LLC, as authorized signatories of said company, by it and by them voluntarily executed.

_____
Notary Public in and for Polk County, Iowa

REBECCA S. SPORES
Commission Number 740993
My Commission Expires
May 30, 2009

## Assignment and Transfer of Claim Agreement
## Winn Dixie, Inc.
## For Store 2316

This Assignment and Transfer of Claim Agreement (the "Agreement"), dated as of OCTOBER 30, 2006, is entered into by and between LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2000-PRIN, by and through its Primary Servicer, Principal Global Investors, LLC, a Delaware limited liability company, formerly known as Principal Capital Management, LLC, a Delaware limited liability company ("Assignor") and STRIKE FORCE III, LLC, a Florida limited liability company ("Assignee").

For good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged and intending to be legally bound hereby, Assignor and Assignee hereby agree as follows.

1.  Assignor does hereby sell, transfer and assign (the "Assignment") to Assignee all of the Assignor's right, title and interest, if any, in and to the Claim (as defined herein) against Winn-Dixie Stores, Inc. and/or its affiliates (collectively, the "Debtor") in the chapter 11 Bankruptcy Cases No. 05-03817 et seq. (jointly administered) (collectively, the "Proceeding") currently pending in the United States Bankruptcy Court for the Middle District of Florida (the "Court"). As used herein, the term "Claim" means those certain claims against the Debtor solely arising out of or related to that certain Lease dated June 16, 1995 by and between Three Meadows Plaza Partnership ("Three Meadows"), as lessor and Winn-Dixie Stores, Inc., as lessee (as amended, the "Lease") and/or the property subject to or covered by the Lease (the "Property"), which is commonly known to the Debtor as **Store 2316**, together with the proofs of claim filed by Three Meadows against the Debtor in the Proceeding and known as: (i) Claim No. 7010 filed on or about July 18, 2005; (ii) Claim No. 7050 filed on or about July 15, 2005; (iii) Claim No. 10424 filed on or about August 1, 2005; (iv) Claim No. 12210 filed on or about October 24, 2005; and (v) Claim No. 12394 filed on or about October 28, 2005 (collectively, the "Proofs of Claim"); and all rights and benefits of the Assignor relating thereto. This assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest.

2.  Assignee shall be entitled to all distributions made by the Debtor or any other entity on account of the Claim. Assignee hereby expressly acknowledges that it has received and reviewed the Assignment and Transfer of Claim Agreement dated as of December 9, 2005 by and between Assignor and Three Meadows and that it understands the terms thereof. Assignee further expressly (i) acknowledges that: (a) Assignee specifically directed Assignor not to file amendments to the Claim; and (b) on the date hereof, the Assignee has reviewed the claims registry and understands that all or a portion certain of the Claim have been or hereafter may be, inter alia, reduced or disallowed, by order of court; and (ii) assumes any and all risk arising from or related to the foregoing.

3.  The Claim, including the Proofs of Claim, are hereby transferred "AS IS" AND "WHERE IS" with no recourse, warranty or representation of any kind. Without limiting the foregoing, Assignor makes no representation or warranty as to the Claim or Proofs of Claim, the proper filing thereof, or the validity of any alleged debts against the Debtor or the collectibility of the Claim or Proofs of Claim. Assignee waives any and all rights it may have against the Assignor and its attorney relating to any action taken or not taken in the Proceeding whether relating to the Claim or Proofs of Claim or otherwise.

4.  Assignee acknowledges that neither Assignor nor any agent or representative of Assignor has made any representation or warranty whatsoever to Assignee regarding the Proceeding, the Debtor (financial or otherwise), or the likelihood of recovery of the Claim. Assignee represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceeding to make an informed decision regarding the assignment and transfer of the Claim. Assignee acknowledges that Assignor may have information regarding the Claim, the Debtor or the Proceeding that is not known to Assignee (the "Information") and Assignee has not requested the Information and hereby waives and releases Assignor from any claims it may have against Assignor for its failure to disclose the Information to Assignee.

5.  Assignee hereby releases Assignor from any and all obligation to enforce the Claim or the Proofs of Claim.

6.  Assignor acknowledges that any distribution received by Assignor on account of the Claim and the Proofs of Claim from any source, whether in form of cash, securities, instrument or any other property or right, is the property of and absolutely owned by the Assignee, that Assignor holds and will hold such property in trust for the benefit of Assignee and will deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee; provided, however, that Assignee expressly releases Assignor from any liability for any distributions received by Three Meadows on account of the Claim or the Proofs of Claim.

7.  In the event of any dispute arising out of or relating to this Agreement, whether or not suit or other proceedings are commenced, and whether in mediation, arbitration, at trial, on appeal, in administrative proceedings, or in bankruptcy, the

prevailing party shall be entitled to its costs and expenses incurred, including reasonable attorney fees.

8.  The terms of this Agreement shall be binding upon, and shall inure to the benefit of, and be enforceable by and against, Assignor, Assignee and their respective successors and assigns.

9.  Assignor hereby acknowledges that Assignee may at any time further assign the Claim and the Proofs of Claim together with all rights, title and interests of Assignee under this Agreement. This Agreement may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

10.  This Agreement shall be governed by and construed in accordance with the laws of the State of Florida. Any action arising under or relating to this Agreement may be brought in any state or federal court located in the Middle District of Florida.

11.  Assignor shall, concurrently with the execution of this Agreement, execute the document attached hereto as <u>Exhibit B</u> and incorporated herein by reference, which may be filed by Assignee with the Court as evidence of the transfer and assignment of the Claim.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

IN WITNESS WHEREOF, the undersigned Assignor and Assignee have executed this Agreement, as of  _OCTOBER_ _30_, 2006.

**ASSIGNOR:**

**LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2000-PRIN**

By: PRINCIPAL GLOBAL INVESTORS, LLC, a Delaware limited liability company, formerly known as Principal Capital Management, LLC, a Delaware limited liability company, in its capacity as Primary Servicer, its authorized signatory

Name: _____
Title: _____

Name: _____
Title: _____

Address for Notice: LaSalle Bank National Association, as Trustee for Morgan Stanley Dean Witter Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2000-Prin, by and through its Primary Servicer, Principal Global Investors, LLC, a Delaware limited liability company, formerly known as Principal Capital Management, LLC, a Delaware limited liability company

With copies to:
Principal Global Investors
801 Grand Avenue
Des Moines, IA 50392-1450
Attention: Emily A. Hippen

and

Margery N. Reed, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196

**ASSIGNEE:**

STRIKE FORCE III, LLC, a Florida limited liability company

By: _____
Antonia Pastermack, Manager

By: _____
William Pastermack, Manager

Address for Notice: Strike Force III, LLC
380 S. Courtenay Parkway
Merritt Island, FL 32952

With copy to:
Nicholas V. Pulignano, Jr.
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida 32207

IN WITNESS WHEREOF, the undersigned Assignor and Assignee have executed this Agreement, as of  October 30 , 2006.

**ASSIGNOR:**

LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2000-PRIN

By: PRINCIPAL GLOBAL INVESTORS, LLC, a Delaware limited liability company, formerly known as Principal Capital Management, LLC, a Delaware limited liability company, in its capacity as Primary Servicer, its authorized signatory

Name: David Straka
Title: CMBS Portfolio Analyst

Name: Kevin Burk
Title: Kevin W. Burk
CMBS Senior Underwriter

Address for Notice:    LaSalle Bank National Association, as Trustee for Morgan Stanley Dean Witter Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2000-Prin, by and through its Primary Servicer, Principal Global Investors, LLC, a Delaware limited liability company, formerly known as Principal Capital Management, LLC, a Delaware limited liability company

With copies to:
Principal Global Investors
801 Grand Avenue
Des Moines, IA 50392-1450
Attention: Emily A. Hippen

and

Margery N. Reed, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196

**ASSIGNEE:**

STRIKE FORCE III, LLC, a Florida limited liability company

By: _____
Antonia Pastermack, Manager

By: _____
William Pastermack, Manager

Address for Notice:    Strike Force III, LLC
380 S. Courtenay Parkway
Merritt Island, FL 32952

With copy to:
Nicholas V. Pulignano, Jr.
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida 32207

DM3\398238.3

3

STATE OF IOWA     )
                  )
COUNTY OF POLK )

On this 30th day of October, 2006, before me, the undersigned, a Notary Public in and for the said State, personally appeared David Straka and Kevin Burk to me personally known to be the identical persons whose names are subscribed to the foregoing instrument, who being by me duly sworn, did say that they are the CMBS Portfolio Analyst, and CMBS Senior Underwriter, respectively, of PRINCIPAL GLOBAL INVESTORS, LLC, a Delaware limited liability company, in its capacity as Primary Servicer, authorized signatory of LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2000-PRIN, and that the seal affixed to the instrument is the seal of PRINCIPAL GLOBAL INVESTORS, LLC; that the instrument was signed and sealed on behalf of the company by LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2000-PRIN; and that the aforesaid individuals each acknowledged the execution of the foregoing instrument to be the voluntary act and deed of PRINCIPAL GLOBAL INVESTORS, LLC, as authorized signatories of said company, by it and by them voluntarily executed.



Notary Public in and for Polk County, Iowa

REBECCA S. SPORES
Commission Number 740993
My Commission Expires
May 30, 2009