# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

In re: **WINN-DIXIE PROCUREMENT INC**
Case No. **05-11082**

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| LIQUIDITY SOLUTIONS, INC<br>DBA REVENUE MANAGEMENT<br>Name of Transferee | **GONNELLA FROZEN PROD**<br>Name of Transferor |
| Name and Address where notices and payments to transferee should be sent:<br><br>LIQUIDITY SOLUTIONS, INC<br>DBA REVENUE MANAGEMENT<br>ONE UNIVERSITY PLAZA<br>SUITE 312<br>HACKENSACK, NJ 07601<br>Phone:<br>(201) 968-0001 | Court Claim # (if known): 1647<br>Amount of Claim: **$175,754.83**<br>Date Claim Filed: 5/16/2005<br><br><br>Phone: _____<br>Last Four Digits of Acct#: _____ |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/Robert Minkoff      Date: 11/14/2006
Transferee/Transferee's Agent

*Penalty for making a false statement.* Fine up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571

783135

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

In re: **WINN-DIXIE PROCUREMENT INC**
Case No. **05-11082**

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 1647 (if known) was filed or deemed filed under 11 U.S.C. § 1111 (a) in this case by the alleged transferor. As evidence of the transfer of claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 11/14/2006.

Liquidity Solutions Inc,
d/b/a Revenue Management
**Name of Transferee**

Address of Transferee:
One University Plaza
Suite 312
Hackensack, NJ 07601

**GONNELLA FROZEN PROD**
**Name of Alleged Transferor**

Address of Alleged Transferor:
**GONNELLA FROZEN PROD**
**DEPT 77-2583**
**CHICAGO, IL 60678**

~~DEADLINE TO OBJECT TO TRANSFER~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
**CLERK OF THE COURT**

783135

## ASSIGNMENT OF CLAIM

GONNELLA FROZEN PROD ("Assignor"), having offices at DEPT 77-2583, CHICAGO, IL 60678 in consideration of the sum of $_____$ ("Purchase Price"), does hereby transfer to Liquidity Solutions, Inc., as agent ("Assignee"), having offices at One University Plaza, Suite 312, Hackensack, NJ 07601 all of the Assignor's right, title and interest in and to the claim or claims of Assignor, as more specifically set forth (the "Claim") against Winn-Dixie Stores, Inc., et al., Debtor in the bankruptcy case (the "Proceedings"), in the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 05-11063 (RDD) (the "Debtor") in the currently outstanding amount of not less than $212,547.20 and all rights and benefits of the Assignor relating to the Claim, including without limitation the Proof of Claim identified below and the Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments and other property which may be paid or issued Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents and warrants that [check one of the following]:
[✓] A Proof of claim has not been filed
[ ] A Proof of claim in the amount of $_____$ has been duly and timely filed in the Proceedings (a true copy of such Proof of Claim is attached to this Assignment). If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

$475,818

Assignor further represents and warrants that the amount of the Claim is not less than $212,547.20 that the amount is a valid Class 14 Vendor/Supplier claim and that no objection to the Claim exists. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor owns and has title to the Claim free and clear of any and all liens, claims, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value. Assignor represents that it is solvent and has no other relationship to the Debtor or its principals other than a creditor. Assignor is not an insider within the meaning of 11 U.S.C. Section 101 (3) of the Bankruptcy Code and is not, and has not been, a member of any creditors' committee appointed in the Proceedings. All terms of this agreement will be kept confidential.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan or reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim.

Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court of the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

Assignor agrees to make to Assignee immediate proportional restitution and repayment of the above Purchase Price to the extent that the Claim is disallowed, reduced, subordinated or impaired for any reason whatsoever, in whole or in part, together with interest at the rate of ten percent (10%) per annum on the amount repaid for the period from the date of this assignment through the date such repayment is made. Assignor further agrees to reimburse Assignee for all losses, costs and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of such disallowance or Assignor's objection to the transfer of this Claim. IN THE EVENT ASSIGNOR HAS ASSIGNED OR ASSIGNS OR PLEDGES THIS CLAIM TO ANY THIRD PARTY, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE UPON DEMAND OF ASSIGNEE, LIQUIDATED DAMAGES IN AN AMOUNT EQUAL TO DOUBLE THE AMOUNT PAID TO ASSIGNOR HEREIN.

In the event the Claim is ultimately allowed in amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, at Assignee's option only, and Assignee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the claim amount specified above. Assignee shall remit such payment to Assignor upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection, claim, cause of action or offset by the Debtor.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder pursuant to this assignment of the Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, at its own expense, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

783135

Assignor agrees to forward to Assignee all notices received from Debtor, the court or any third party with respect to the Claim assigned herein to vote the Claim assigned herein and to take such action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this assignment of the Claim shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign, the Claim together with all right, title and interest of Assignee in and to this Assignment of Claim. All representations and warranties made herein shall survive the execution and delivery of this Assignment of the Claim and any such re-assignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim must be brought in Federal court located in the State of New York or New Jersey, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of the Claim, and in any action hereunder, Assignor waives any right to demand a trial by jury.

CONSENT AND WAIVER

Upon Assignor's delivery to Assignee of its executed signature page to this Assignment of Claim Agreement, Assignor hereby authorizes Assignee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to the Claim, while Assignee performs its due diligence on the Claim. Assignee, at its sole option, may subsequently transfer the Claim back to the Assignor if due diligence is not satisfactory, in Assignee's sole and absolute discretion pursuant to Rule 3001(e) of the FRBP transferring the Claim back to Assignor or withdrawing the transfer, at such time both Assignor and Assignee release each other of any and all obligation or liability regarding this Assignment. Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim Agreement and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this __14__ day of __November__, 2006

By: _[signature]_    _Ronald Lucchesi, Treasurer_
    Signature    Print Name/Title

_847-612-1735_
Telephone #

IN WITNESS WHEREOF, the undersigned Assignee hereto sets his hand this _____ day of _____, 2006

_[signature]_
Robert K. Minkoff
Liquidity Solutions, Inc.
201-968-0001

WINN-DIXIE STORES, INC., ET AL.
EIGHTH OMNIBUS CLAIMS OBJECTION
EXHIBIT A- CLAIMS TO BE REDUCED

Page: 8 of 29
Date: 05/03/2006

| Name of Claimant | Claim No. | Claim Amount | Reduced Amount | Reason for Reduction |
|---|---|---|---|---|
| Creditor Id: 408330<br>EXEL TRANSPORTATION SERVICES, INC<br>ATTN DICK MERRILL, SECRETARY<br>7651 ESTERS BLVD, SUITE 200<br>IRVING TX 75063 | 6989<br>Debtor: WINN-DIXIE STORES, INC. | $287,999.76 | $282,967.78 | REDUCED AMOUNT REFLECTS PAYMENTS OF $338.00 ON 11/30/04, $665.88 ON 12/29/04, $3,240 ON 2/2/05, AND $588 ON 2/7/05 BY CHECK NUMBERS 7386620, 7435315, 7437133, AND 7439356, RESPECTIVELY AND REMOVAL OF $200.10 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES. |
| Creditor Id: 381750<br>EZY TIME FOOD PRODUCTS BLENDCO INC<br>ATTN CHARLEY MCCAFFREY, PRES<br>8 JM TATUM INDUSTRIAL DRIVE<br>HATTIESBURG MS 39401 | 82<br>Debtor: WINN-DIXIE STORES, INC. | $5,789.00 | $5,144.84 | REDUCED AMOUNT REFLECTS REMOVAL OF $644.16 FOR POSTPETITION INVOICE. |
| Creditor Id: 249655<br>FLEXION MATERIAL HANDLING INC<br>ATTN MICHELLE BRAVENDER<br>PO BOX 23702<br>NEW ORLEANS, LA 70183-0702 | 11431<br>Debtor: WINN-DIXIE STORES, INC. | $3,030.19 | $2,202.30 | REDUCED AMOUNT REFLECTS REMOVAL OF $259.64 FOR POSTPETITION INVOICE AND $568.25 FOR CALCULATION ERROR. |
| Creditor Id: 374945<br>FRANKLIN BAKING CO LLC<br>ATTN MISSY WILSON, CREDIT MGR<br>132 NORTH BROAD STREET<br>THOMASVILLE GA 31792 | 9726<br>Debtor: WINN-DIXIE STORES, INC. | $5,900.19 | $3,373.15 | REDUCED AMOUNT REFLECTS REMOVAL OF $2,527.04 FOR NUMEROUS INVOICES LACKING PROOF OF DELIVERY. |
| Creditor Id: 250258<br>GARDENBURGER INC<br>ATTN RICHARD D WERBLIN, CORP CONTR<br>15615 ALTON PARKWAY, SUITE 350<br>IRVINE CA 92618 | 3677<br>Debtor: WINN-DIXIE STORES, INC. | $2,175.20 | $1,487.79 | REDUCED AMOUNT REFLECTS ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE AGGREGATING $687.41. |
| Creditor Id: 250707<br>GOLDER ASSOCIATES INC<br>PO BOX 102609<br>ATLANTA, GA 30368-0609<br>Counsel: ATTN PAUL B COHEN, ESQ. | 9847<br>Debtor: WINN-DIXIE STORES, INC. | $95,416.04 | $80,506.04 | REDUCED AMOUNT REFLECTS 7/19/05 PAYMENT OF $160.00 FOR POSTPETITION INVOICE NUMBER 127505 BY CHECK NUMBER 008078277 AND REMOVAL OF $5,750.00 AND $9,000 FOR INVOICE NUMBERS 119430 AND 124266, RESPECTIVELY, NEITHER OF WHICH IS A LIABILITY OF ANY OF THE DEBTORS. |
| Creditor Id: 250717<br>GONNELLA FROZEN PRODUCTS<br>ATTN JENNIFER SMOLZER<br>1117 E WILEY RD<br>SCHAUMBURG IL 60173 | 1647<br>Debtor: WINN-DIXIE STORES, INC. | $213,486.40 | $175,754.83 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $1,143.38 AND RECLAMATION PAYMENTS IN PROCESS TOTALING $36,588.19. |