UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

AGREED ORDER OF RESOLUTION OF THE LITIGATION
CLAIMS OF TAMPA BAY AMERICANS WITH DISABILITES
ASSOCIATION, INC., VIVIAN PETERS AND JOAN FERNANDEZ
(CLAIM NOS. 10806, 11187, 11188 AND 11189)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimants, Tampa Bay Americans with Disabilities Association, Inc., Vivian Peters and Joan Fernandez (the "Claimants"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). The Court finds that the proposed Agreed Order is for an agreed amount less than the $50,000 notice threshold established in the Claims Resolution Procedure. Accordingly, it is

ORDERED AND ADJUDGED:

1.      Claim No. 11189 filed by Claimants is allowed as an unsecured non-priority claim in the amount of $5,000.00 against Winn-Dixie Stores, Inc. in Case No. 05-03817 which the Debtors are authorized to pay in full in accordance with the Claims Resolution Procedure.

2.      This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 11189 and (ii) all other claims including, but not limited to Claim Nos. 10806, 11187 and 11188, the Claimants have or may have against the Debtors and any of their

00544257

Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

3.    The Claimants will dismiss with prejudice any legal proceeding commenced by Claimant against the Debtors in this Court or in any other forum.

4.    The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability. The Claimants, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement.

5.    The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _16_ day of _November_ 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

00544257

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By_____
        James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Debtors

By_____
        William J. Moore

1648 Osceola Street
Jacksonville, Florida 32204

Attorney for the Claimants

By_____  TBADA president
        Vivian Peters, Individually and
        as President of Tampa Bay
        Americans with Diabilites
        Association


By_____
        Joan Fernandez, Individually

00544257

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By _____
      James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Debtors

By _____
      William J. Moore

1648 Osceola Street
Jacksonville, Florida 32204

Attorney for the Claimants


By _____
      Vivian Peters, Individually and
      as President of Tampa Bay
      Americans with Diabilites
      Association


By _____
      Joan Fernandez, Individually

00544257