EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re                                      )   Case No. 05-3817-3F1
                                           )
WINN-DIXIE STORES, INC., et al.,           )   Chapter 11
                                           )
                                           )   Jointly Administered
Debtors.                                   )

## ORDER (I) AUTHORIZING DEBTORS TO REJECT LEASE FOR STORE 997, (II) ESTABLISHING REJECTION DAMAGE CLAIM BAR DATE, AND (III) GRANTING RELATED RELIEF

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 365 authorizing the Debtors to reject a non-residential real property lease for Store 997 (the "Lease") and, pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a deadline by which the landlord must file any claim for rejection damages (the "Motion")[1]. The landlord under the Lease, Woodland Hartford Assoc. LLC (the "Landlord") filed an objection (Doc. No. 8801) to the Motion. The Court has reviewed the Motion, considered the evidence and heard argument of counsel. After due deliberation and good and sufficient cause existing, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Objection is overruled.

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

3. As a result of the Subtenant's failure to pay $405,780.00 in rent due, as of March 16, 2006, under a sublease agreement (the "Sublease"), between the Debtors and Cornerstone Christian Church (the "Subtenant") the Debtors terminated the Sublease by written notice dated March 16, 2006. Since the date of the termination of the Sublease, the Subtenant has not made any payments of any sort to the Debtors or the Landlord.

4. The Debtors are authorized to reject the Lease pursuant to 11 U.S.C. § 365(a). The Lease is rejected effective June 29, 2006.

5. The Debtors must pay the Landlord rent, as set forth under the Lease, for the months of May and prorated for June, 2006 within 10 business days of the entry of this Order.

6. The Debtors must pay, in accordance with the terms of the Lease, any outstanding and accrued post-petition property taxes upon Debtors' receipt of a valid invoice for such property taxes. In addition to 2005 taxes, the Debtors are also required to pay any prorated 2006 real estate taxes that have accrued through the date of rejection.

7. The entry of this Order is without prejudice to the right of the Landlord to file a claim for rejection damages under 11 U.S.C. § 502(b)(6). The Landlord must file any rejection damage claim no later than forty-five days after entry of this Order.

8. Except as specifically provided in this Order, the Debtors shall have no further obligations under the Lease.

9. Nothing in this Order constitutes a waiver of any claims the Debtors may have against the Landlord, whether or not related to the Lease.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. As a result of the termination of the Sublease, the Subtenant and its successors in interest have no right to possession of the Premises.

Dated this 7 day of August, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

00536257.4

3