UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-03817-f1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al*, | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**PORCUPINE WD5 LLC'S RESPONSE TO DEBTORS'**
**TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS**

Porcupine WD5 LLC (the "Landlord") hereby responds to the Debtors' Twenty-Fifth Omnibus Objection to Claims (the "Omnibus Objection") with respect to Proof of Claim No. 13422 ("Claim No. 13422"), and in support thereof states and alleges as follows:

**LANDLORD'S CLAIMS AGAINST THE ESTATE**

1. Landlord and Winn-Dixie Montgomery, Inc., d/b/a Winn-Dixie Louisiana, Inc. ("Tenant") are parties to that certain lease (the "Lease"), dated March 4, 1998 (the "Lease"), for real property located in Fort Worth, Texas, which property has been designated as Store No. 2422.

2. Pursuant to a Guaranty of Lease Obligations (the "Guaranty"), dated March 4, 1998, Winn-Dixie Montgomery's obligations under the Lease are guaranteed by Winn-Dixie Stores, Inc. ("Guarantor").

1. The Lease term runs through March 31, 2018 ("Termination Date").

3. On or about June 24, 2002, the Tenant assigned the Lease to Fiesta Mart, Inc. ("Fiesta Mart"). Despite the assignment, Winn-Dixie Montgomery and Winn-Dixie Stores remain liable under the Lease in the event Fiesta Mart defaults thereunder, a fact which the Debtors admit in the Omnibus Objection. *See* Omnibus Objection, Exhibit C at p. 31.

CH1 11140816.1

2

2. Prior to the claims bar date, Landlord filed contingent claims against the Tenant and the Guarantor, Claim Nos. 9637 and 9636, respectively, in the amount of $6,309,394.92, which was the full amount then due under the Lease through the Termination Date.

3. On June 23, 2006, the Debtors filed a motion to reject the Lease (Docket # 8756), and an order approving the rejection was entered on August 13, 2006 (Docket # 9188).

4. Subsequently, Landlord filed an amended proof of claim against Winn-Dixie Montgomery, Claim No. 13422 asserting a contingent lease rejection claim in the amount of $946,409.24.

5. As of the filing of this response, Fiesta Mart is not in default under the Lease.

6. In the Omnibus Objection, the Debtors seek to disallow Claim No. 13422 even though the Debtors acknowledge their potential liability in the event Fiesta Mart defaults under the Lease.

## CLAIM No. 13422 SHOULD NOT BE DISALLOWED

7. Landlord holds valid contingent lease rejection claims against Winn-Dixie Montgomery, and there is no basis for disallowing Claim 13422.

8. Section 502(c) of the Bankruptcy Code provides, in part:

> There shall be estimated for purpose of allowance under this section –
>
> (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case

11 U.S.C. § 502(c).

9. Thus, Landlord is entitled to either allowance of Claim No. 13422, subject to the section 502(b)(6) cap, or an evidentiary hearing to estimate or liquidate the amount of said claim. S*ee, e.g., In re Rhead*, 179 B.R. 169, 172 (Bankr. D.Ariz. 1995) (Chapter 11 debtors' obligation

on guarantee was "unliquidated," so as to be subject to estimation, to the extent that debtors had filed objections challenging certain aspects of creditor's proof of claim); *In re Roman Catholic Archbishop of Portland in Or.*, 339 B.R. 215, 219 (Bankr. D.Or. 2006) ("When actual liquidation of claims would unduly delay administration of the bankruptcy estate, estimation is mandatory")

**RESERVATION OF RIGHTS**

10. Landlord expressly reserves the right: (i) to amend, modify, or supplement this response, as well as any of its exhibits, including by, but not limited to, additional documentation of the amount of, or in relation to, Claim No. 13422; and (ii) to present other evidence if an evidentiary hearing is held with respect to the Omnibus Objection and this response.

11. Landlord expressly reserves its right to respond or move for additional relief on any grounds that may now exist or that may exist hereafter.

WHEREFORE, Landlord respectfully requests that the Court (1) overrule the Omnibus Objection as it relates to Claim No. 13422, (2) allow Claim No. 9645 in the amount of $946,409.24 or set an evidentiary hearing to estimate or liquidate the amount of said claim, and (3) grant Landlord such other and further relief that the Court may deem just and appropriate.

                Respectfully submitted,
                PORCUPINE WD5 LLC


                By: /s/ Sara E. Lorber
                    One of Its Attorneys

Sara E. Lorber
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
Tel: (312) 346-8000
Fax: (312) 269-8869
slorber@seyfarth.com

and

Adam N. Frisch
HELD & ISRAEL
1301 Riverplace Blvd., Ste. 1916
Jacksonville, FL  32207-9024
Tel:  (904) 398-7038
Fax: (904) 398-4283
afrisch@hilawfirm.com

4

CH1 11140816.1

## CERTIFICATE OF SERVICE

    I, Sara E. Lorber, an attorney, do hereby certify that on November 20, 2006, I electronically filed a true and correct copy of the foregoing PORCUPINE WD5 LLC'S RESPONSE TO DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS, and caused the same to be served (1) via electronic mail to those parties entitled to service through the ECF registration, and (2) via facsimile transmission on counsel for the Debtors at the following address:

> D.J. Baker Esq.
> Skadden, Arps, slate, Meagher & Flom LLP
> Four Times Square
> New York, NY 10036
> (212) 735-2000 (facsimile)
>
> Jane M. Leamy
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Rodney Square
> P.O. Box 636
> Wilmington, Delaware 19899
> (302) 651-3001 (facsimile)

                                                                           /s/ Sara E. Lorber