## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| Debtors. ) | |
| _____ ) | |

## ALVIN B. CHAN FAMILY L.P.'S
## MOTION TO ALLOW LATE FILED CLAIM

Alvin B. Chan Family L.P. ("Movant"), moves the Court pursuant to Bankruptcy Rule 9006(b)(1) to allow the late filing of Proof of Claim No. 12940 (copy attached) and in support thereof states as follows:

1.   On February 21, 2005, Winn-Dixie Stores, Inc. (the "Debtor"), together with its affiliates, filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2.   By order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3.   On or about November 5, 1993, Winn-Dixie Montgomery, Inc., a Co-Debtor in this jointly administered action, leased from Opp Partners, Ltd. ("Opp Partners") certain real property in the city of Opp, Covington County, Alabama, said property being identified by the Debtor as store #450, located at the corner of Perry Store Road and US Highway 331 511 E. Cummings Avenue.  A copy of the Lease is attached as **Exhibit A**.

4. Concurrent with execution of the Lease, Winn-Dixie Stores, Inc., a Co-Debtor in this jointly administered action, executed a guaranty in favor of Opp Partners and its assigns of all obligations owed to Opp Partners and its assigns. A copy of the guaranty is attached as **Exhibit B**.

5. On December 29, 1994 and May 26, 1995, Opp Partners and Winn-Dixie entered into, respectively, a First and Second Amendment to Lease. Copies of the amendments are attached hereto as **Exhibits C and D**.

6. The Lease has subsequently been assigned to Movant.

7. On August 1, 2005, the Debtors filed their "Amended Motion of the Debtor's for Order Authorizing the Debtors (i) to Sell Lease Hold Interests in Targeted Stores Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (ii) to Assume and Assign Leases (iii) to Reject Targeted Leases the Debtor is Unable to Sell and (iv) Granting Related Relief" that is attached for voluminous exhibits to the Amended Motion, Exhibit A of which was a schedule of "Targeted Leases" which contained a reference to Winn-Dixie Store No. 450, the Opp, Alabama property leased from Movant.

8. On August 12, 2005, Debtors filed their "Motion for Order Under 11 U.S.C. § 365(4) Further Extending Time Within which Debtors May Assume or Reject Unexpired Leases of Non-Residential Real Property." Paragraph six of the motion stated that the Debtors would reject the leases for the remaining targeted stores on or before September 30, 2005. However, under relief requested, the Debtors stated that they sought "Entry of an Order Further Extending the Period Within Which they Must Move to Assume or Reject Unexpired Nonresidential Real Property Leases, Throughout and Including November 19, 2005."

9. On September 8, 2005, the Court entered an order "Granting the Amended Motion of the Debtors to Reject the Targeted Leases the Debtors were Unable to Sell." The order provided that the Debtors were authorized to reject any of the leases by providing no less than 10 days written notice in the form attached as Exhibit A, the rejection notice. The order stated in paragraph four that if the Debtor's intended to reject an unexpired lease the Debtors would provide affected lessors with at least 10 days notice of that intent and that the rejection would be effective without further order of the Court on the later of the tenth calendar day following service of the rejection and the date on which the Debtor vacated or surrendered possession of the premises and delivered all keys in possession of the tenant to the lessor.

10. On September 12, 2005, the Court entered its "Order Under 11 U.S.C. § 365(d)(4) Granting Further Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Real Property." The order stated in paragraph four that if the Debtor's intended to reject an unexpired lease the Debtors would provide lessor with at least 10 days notice of that intent and that the rejection would be effective without further order of the Court on the later of the tenth calendar day following service of the rejection and the date on which the Debtor vacated or surrendered possession of the premises and delivered all keys in possession of the tenant to the lessor. The order further provided that the landlord of any rejected lease had to file a proof of claim for damages arising from rejection within 30 days following the rejection date or "be forever barred from asserting any claim." The order stated that in the event that the Debtors did not file a motion to assume or send a rejection notice by September 30, 2005 that the leases would be deemed rejected as of September 30, 2005.

11. On September 15, 2005, Debtors filed a notice of filing and certificate of service in which they gave notice of filing several hundred "Notices of Rejection of Unexpired Leased" and certified that a copy of each was furnished by certified mail to affected landlords on September 14, 2005. The notice provides that the proof of claim for rejection damages must be submitted within 30 days following the rejection date or be forever barred. Movant received a copy of that notice.

12. On October 3, 2005, the Court entered a "Correcting Order" dated September 12, 2005 Granting Further Extension of Time to Assume or Reject. Though that order merely corrected typographical errors, it title and date suggested to Movant that the Debtors had been granted additional time within which to assume or reject leases.

13. Movant was not represented by counsel in this Chapter 11 case when the foregoing motions were being filed. Due to the myriad of pleadings involving the Lease, and the multiple extensions of time in which the Debtor sought to either assume or reject the Lease, Movant was never sure whether the Lease was officially rejected or the date of rejection.

14. On February 1, 2006, Movant filed its proof of claim (Claim 12940) against Winn-Dixie Stores for $160,000 in damages flowing from the Lease. According to the Debtor, Claim 12940 is untimely.

15. Movant now moves the Court to allow the late filing of its lease rejection claim against guarantor Winn-Dixie Stores, Inc. and lessee Winn-Dixie Montgomery, Inc.

16. The decision to allow a creditor to file an amended claim is within the sound discretion of this Court. See *In re Lanman*, 24 B.R. 741, 743 (Bankr. N.D. Ill. 1982). ("Bankruptcy courts may and should use discretion in allowing proofs of claim to be

amended after the time for filing the claims has elapsed"). This Court should be guided by principles of equity to ensure that substance will not give way to form and that technical considerations will not prevent substantial justice from being done. See *In re Candy Braz. Inc.*, 98 B.R. 375, 381 (Bankr. N.D. Ill. 1988).

17. Bankruptcy Rule 3003(c) provides that this Court "for cause shown may extend the time within which proofs of claim or interest may be filed."

18. In Chapter 11 cases, the doctrine of "excusable neglect" under Bankruptcy Rule 9006(b)(1) provides for the allowance of late filed claims caused by inadvertence, mistake or carelessness. See *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership.* 507 U.S. 380 (1993). The determination of what constitutes excusable neglect is "an equitable one, taking into account all relevant circumstances, including: (i) the danger of prejudice to the debtor, (ii) the length of the delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, including whether it was in the reasonable control of the movant, and (iv) whether the movant acted in good faith." *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). Extension of time under the "excusable neglect" standard is not limited to situations where the failure to timely file is due to circumstances beyond the control of the movant.

19. The existence of multiple motions extending the time for assumption or rejection of the Lease coupled with the lack of an order officially rejecting the Lease created uncertainty and confusion in the mind of Movant sufficient to constitute excusable neglect.

20. The Debtor herein will not be prejudiced by allowing the late-filed claim since it knew and expected that lease rejection would result in claims by lessors.

Conversely, the disallowance of the claim would be a windfall to the Debtors and unduly prejudice Movant.

21. Allowing Movant's claim will not result in any delay to or potential negative impact on this proceeding.

22. Movant has acted in good faith at all times and the benefit to Movant of allowing its late filed claim greatly outweighs any inconvenience or detriment to the Debtor.

WHEREFORE, Movant respectfully moves that this Court enter an order allowing Movant's late-filed claim and for such other relief as this Court deems appropriate under the circumstances.

**STUTSMAN THAMES & MARKEY, P.A.**

By /s/ Richard R. Thames
Richard R. Thames

Florida Bar Number 0718459
50 N. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Attorneys for the Alvin B. Chan Family L.P.

## Certificate of Service

I hereby certify on November 20th, 2006, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

D.J. Baker, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
dbaker@skadden.com

Adam Ravin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
aravin@skadden.com

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

/s/ Richard R. Thames
_____
Attorney

61486