# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re | ) Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| Debtors. | ) |
| | ) |

**RESPONSE OF ALVIN B. CHAN FAMILY L.P. TO DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO (A) DUPLICATE LIABILITY CLAIMS, (B) AMENDED AND SUPERSEDED CLAIMS, (C) NO LIABILITY CLAIMS, (D) NO LIABILITY MISCLASSIFIED CLAIMS, E)OVERSTATED CLAIMS, (F) OVERSTATED MISCLASSIFIED CLAIMS, (G) UNLIQUIDATED CLAIMS, (H) MISCLASSIFIED UNLIQUIDATED CLAIMS, (I) EXECUTORY CONTRACT CLAIMS AND (J) LATE CLAIMS**

Alvin B. Chan Family L.P. ("Chan Family, L.P."), by and through his undersigned counsel, files this Response of Alvin B. Chan Family, L.P., L.P. to Debtors' Twenty-fifth Omnibus Objection to (a) Duplicate Liability Claims (b) Amended and Superseded Claims, (c) No Liability Claims, (d) No Liability Misclassified Claims, (e) Overstated Claims, (f) Overstated Misclassified Claims, (g) Unlimited Claims, (h) Misclassified Unliquidated Claims, (i) Executory Contract Claims and (j) Late Claims [Docket No. 12274] and states as follows:

1. Prior to the commencement of the Debtors' Chapter 11 case, Opp Partners, Ltd. ("Opp Partners") and Winn-Dixie Montgomery, Inc. ("Winn-Dixie Montgomery") entered into a Lease dated November 5, 1993, together with a First Amendment to Lease dated December 29, 1994, and a Second Amendment to Lease dated May 26, 1995, pursuant to which Winn-Dixie Montgomery leased those certain premises located at the corner of the

intersection of Perry Store Road and U.S. Highway 331, 511 E. Cummings Avenue in Covington County, Alabama. The leased premises are also known by Debtor as Store No. 450. A copy of the Lease and Amendments are attached collectively as **Exhibit A**.

2. Winn-Dixie Montgomery's obligations under the Lease are guaranteed by Winn-Dixie Stores, Inc. ("Winn-Dixie Stores") pursuant to a Guaranty dated November 5, 1993 (the "Guaranty"). A copy of the Guaranty is attached as **Exhibit B**.

3. The Lease has subsequently been assigned to Chan Family, L.P. as reflected in the Amendments to Lease attached hereto as **Exhibit C**.

4. Debtor purportedly rejected the Lease via a Notice of Rejection of Unexpired Lease mailed September 14, 2005, although it is unclear whether Chan Family, L.P. actually received a copy of the Notice in a timely fashion.

5. At the time of the rejection of the Lease, the remaining term of the Lease was for eight years and two months.

6. Chan Family, L.P. filed proof of claim number 12940 against Winn-Dixie Stores in the amount of $160,000+ (the "Winn-Dixie Stores Proof of Claim") asserting its rights against Winn-Dixie Stores under the Guaranty.[1] The amount set forth in the proof of claim represents rent for 12 months, plus 2005 taxes, insurance and CAM charges due under the Lease.

7. By way of the Objection, the Debtors seek to disallow Chan Family, L.P.'s claim asserted in the Winn-Dixie Stores Proof of Claim on the basis that Chan Family, L.P.'s claim was filed more than thirty (30) days after the rejection of the Lease.

---

[1] A true and correct copy of the Winn-Dixie Stores Proof of Claim was filed at Claim No. 12940 with the Debtors' authorized claims agent, Logan & Company.

8. Debtors have placed Chan Family, L.P.'s claim in the wrong category, stating it is a "no liability" claim instead of a "late claim."

9. Chan Family, L.P. is filing concurrently herewith its Motion to Allow Late-Filed Claim.

10. Chan Family, L.P.'s basis for the Motion to Allow is the needless confusion created by Debtors surrounding the termination of leases, the termination being addressed in no fewer than 3 motions and 2 accompanying orders.

11. The allowance of Chan Family, L.P.'s claim will not detrimentally effect the estate since the Debtors know and expect lessors to submit rejection damage claims upon rejection. Conversely, disallowing Chan Family, L.P.'s claim, particularly in light of its Motion to Allow, would inordinately harm Chan Family, L.P..

12. Chan Family, L.P. reserves the right to assert further responses to the Objection.

WHEREFORE, the Chan Family, L.P. L.P. respectfully requests entry of an order overruling the Objection.

**STUTSMAN THAMES & MARKEY, P.A.**

By  /s/ Richard R. Thames
Richard R. Thames

Florida Bar Number 0718459
50 N. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
Rthames@stmlaw.net

Attorneys for Alvin B. Chan Family, L.P.

**Certificate of Service**

I hereby certify on November _____, 2006, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

D.J. Baker, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
dbaker@skadden.com

Adam Ravin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
aravin@skadden.com

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

   /s/ Richard R. Thames   
Attorney

61487