UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUPPLEMENT TO OBJECTION BY LANDLORDS, WESTFORK TOWER, LLC, CONCORD-FUND IV RETAIL, L.P., TA CRESTHAVEN, LLC, FLAGLER RETAIL ASSOCIATES, LTD., AND ELSTON/LEETSDALE, LLC, BY AND THROUGH THEIR PROPERTY MANAGER, TERRANOVA CORP., TO DEBTORS' ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASES AND TO PROPOSED CURE AMOUNTS (DOCKET NO. 7966)**

Landlords, WESTFORK TOWER, LLC Store No. 278, CONCORD-FUND IV RETAIL, LP Store No. 254, TA CRESTHAVEN, LLC Store No. 221, FLAGLER RETAIL ASSOCIATES LTD Store No. 353 and ELSTON/LEETSDALE, LLC Store No. 209, by and through its Property Manager and Agent, TERRANOVA CORP., (collectively the "Terranova Landlords") file this Supplement to their June 30, 2006 Objection to Winn Dixie Stores Inc. and twenty-three of its subsidiaries and affiliates (collectively , the "Debtors") Amended Omnibus Motion to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief (the "Terranova Objection") [Docket No. 7966] seeking to assume certain leases of real property (each a "Lease" and collectively "Leases") and proposing cure amounts [Docket No. 8921](the "Objection").

**BACKGROUND**

The Debtors operate Winn Dixie store nos. 278, 254, 221, 353 and 209 on the Landlord's property located in South Florida (collectively, the "Stores").

1. This Court entered an Order authorizing the Debtors to assume the leases of the Terranova Landlords on August 18, 2006 (Docket No. 10384). The only remaining issue as to the Stores is the amount of the cure to be paid by the Debtors as to each lease being assumed. Rather than merely supplement the amounts previously set forth in the Terranova Objection, the Terranova Landlords summarize and update the amounts of the cure claims as to each store as set forth below.

### CONCORD-FUND IV RETAIL, LP Store No. 254

2. The cure amount on this lease as of the date of the instant Supplement is:

| | | |
|---|---|---|
| a. | Debtors' share (77.18%) of the costs to adequately upgrade the lighting in the Debtors' parking lot under County Code Requirements and repair the condition of the electrical wiring and fixtures in the Parking lot | Undetermined |
| b. | The Debtors' share of expenses incurred for purchase of lighting fixtures in November 2003 in the amount of $27,210.66, for Debtors' parking lot lighting upgrade, plus 2005 RET reconciliation and credit for 2004 RET reconciliation | $34,441.29 |
| c. | The Debtors' unpaid share of prorated 2005 real estate taxes from 1/1/05 through the petition date | $ 7,230.63 |
| d. | Legal fees and costs, Held & Israel | $20,605.01 |
| e. | Legal fees and costs, Tew Cardenas, LLP (through 9/30/06) | $57,194.79 |
| f. | Legal fees and costs, Scruggs & Carmichael, P.A. (as of 9/30/06) | $15,916.66 |
| g. | Debtor's unpaid share total cost of re-sealing and re-striping parking lot | $12,500.00 |
| h. | Debtor's unpaid share total cost of repainting Debtors' building | $33,000.00 |

### WESTFORK TOWER, LLC Store No. 278

3. The cure amount on this lease as of the date of the instant Supplement is:

| | | |
|---|---|---:|
| a. | Prorated real estate taxes for 1/1/05 through petition | $21,036.89 |
| b. | Attorneys fees and costs, Tew Cardenas, through 9/30/06 | $16,692.46 |
| c. | August 2004 Building repairs ($990); March 2004 miscellaneous charge ($100); August 2004 Balance on CAM ($3,270.25) | $ 4,360.25 |
| d. | Legal fees and costs, Scruggs & Carmichael, P.A. (as of 9/30/06) | $ 8,732.53 |

### TA CRESTHAVEN, LLC Store No. 221

4. The cure amount on this lease as of the date of the instant Supplement is: (Terranova Landlords do not claim entitlement to attorneys' fees as part of the cure for this store):

   a. The Debtors' unpaid share of prorated real estate taxes for the period from January 1, 2005 to the Petition Date in the amount of $1,567.94;

   b. Charges incurred for false fire alarms in the amount of $2,478; and

   c. Repair costs for damages done by Debtors to parking lot sign (see invoice attached as Exhibit "3") in the amount of $3,454.86.

### FLAGLER RETAIL ASSOCIATES LTD Store No. 353

5. The amounts due on this lease are as set forth in the Terranova Objection ($2,090.59 in unpaid 2005 real estate taxes), except that Terranova Landlords do not claim entitlement to attorneys' fees as part of the cure for this store.

### ELSTON/LEETSDALE, LLC Store No. 209

6. The cure amount on this lease as of the date of the instant Supplement is:

| | | |
|---|---|---:|
| a. | The Debtors' share of unpaid 2005 real estate taxes from 1/1/06 through the petition date | $ 4,319.67 |
| b. | Attorneys fees and costs, Tew-Cardenas, | $ 7,480.71 |

|   |   |   |
|---|---|---|
| | through 9/30/06 | |
| c. | Legal fees and costs, Scruggs & Carmichael, P.A. (as of 9/30/06) | $ 6,611.29 |
| d. | Legal fees and costs, Held & Israel, P.A. | $13,922.99 |

## ARGUMENT

7.   The Terranova Landlords have updated the amount of attorneys' fees and expenses owed through September 30, 2006 in connection with the enforcement of their respective leases for the Stores in the amounts set forth on the Schedule attached to this Supplement as **Exhibit 1**.[1]  The Terranova Landlords reserve the right to further supplement the amount of attorneys' fees and expenses the Debtors must pay to cure the Leases for the Stores.

8.   With respect to Store No. 254, the Terranova Landlords supplement their description of the defaults under the Lease for Store No. 254 with the four items identified in the August 15, 2006 Terranova Corp. letter and photographs attached to this Supplement as **Exhibit 2**.  Terranova Landlords do not waive any currently pending notices of default served on the Debtors nor do they waive any continuing and/or additional post-petition defaults.

9.   With respect to Store No. 221, the Debtors must pay Terranova Landlords $3,454.86 in repair costs for sign damage described on **Exhibit 3.**

10.   All of Terranova Landlords' claims are plus interest on unpaid rent pursuant to Florida Statute §83.06(2) accruing at the rate provided in Florida Statute 55.03.

11.   Except as stated on the record at the August 10, 2006 hearing in the Debtors' case, the Landlords do not waive any of the objections set forth in the Objection and reserve the

---

[1] Store 209 is listed on the attached Exhibit 1 with the name "Palm Johnson."

right to further supplement the Objection with additional cure amounts due under the Leases of the Stores.[2]

## CONCLUSION

The Terranova Landlords respectfully request that this Court (i) sustain their objections to the Debtors' proposed cure amounts; and (ii) enter an order setting the cure amounts as listed in the Terranova Landlords' Objection and this Supplement, updated through the effective date of any assumptions; and (iii) grant the Terranova Landlords such other relief as is appropriate.

Dated: November 20, 2006

                Respectfully submitted,

                SCRUGGS & CARMICHAEL, P.A.

                /s/ Karen K. Specie, Esquire
                KAREN K. SPECIE, ESQUIRE
                Post Office Box 23109
                Gainesville, FL 32602
                Telephone: 352-376-5242
                Facsimile: 352-375-0690
                Florida Bar No. 260746
                Attorney for Terranova Corp.

                TEW CARDENAS LLP

                /s/ Thomas R. Lehman, P.A.
                THOMAS R. LEHMAN, P.A.
                Four Seasons Tower, 15th Floor
                1441 Brickell Avenue
                Miami, Florida 33131
                Telephone:  305-536-1112
                Facsimile:  305-536-1116
                Florida Bar No. 351318
                Attorneys for Terranova Corp.

---

[2] At the August 10, 2006 hearing in the Debtors' cases, the Landlords stated on the record that they waived their objections to assumption of all Leases based on the Debtors filing their motion to assume the Leases for the Stores on May 20, 2006 instead of May 19, 2006.

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that the foregoing Supplement to Objection by Landlords, Westfork Tower, LLC, Concord-Fund IV Retail, L.P., TA Cresthaven, LLC, Flagler Retail Associates, Ltd., And Elston/Leetsdale, LLC, by and through their Property Manager, Terranova Corp., to Debtors' Assumption of Non-Residential Real Property Leases and to Proposed Cure Amounts (Docket No. 7966) was electronically filed with the US Bankruptcy Court on this 20th day of November, 2006, and that a copy of this document was furnished either by electronic transmission or by United States first class mail postage prepaid to: Rosalie Walker Gray, rgray@skadden.com, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; Adam Ravin, aravin@skadden.com, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; D. J. Baker, djbaker@skadden.com, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; Cynthia C. Jackson, Esquire, cjackson@smithhulsey.com, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL 32201; Official Committee of Unsecured Creditors, c/o Dennis F. Dunne, Esquire, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; Matthew Barr, Esquire, mbarr@milbank.com, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; John B. Macdonald, Esq., john.macdonald@akerman.com, Akerman, Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202; John Longmire, Esq., jlongmire@willkie.com, Willkie Farr & Gallagher, LLP, 787 Seventh Avenue, New York, NY 10019-6099; and Elena L. Escamilla, Esquire, Office of United States Trustee B JAX, 135 W. Central Blvd., Suite 620, Orlando, FL 32801.

                                                    /s/ Terri L. Darden

c:\nrportbl\miami\bjh\473349_1.doc