UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                              CASE NO.: 3:05-bk-03817-JAF

CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

        Debtors.        Jointly Administered

RESPONSE OF SHADES CREEK PARTNERS TO
DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS
ARISING FROM UNEXPIRED LEASES OF NON-RESIDENTIAL
REAL PROPERTY (I) THAT HAVE BEEN ASSUMED, (II) THAT
HAVE BEEN ASSUMED AND ASSIGNED, OR (III) THAT ARE
THE SUBJECT OF LEASE TERMINATION AGREEMENTS

Shades Creek Partners ("Shades Creek"), by and through its undersigned counsel, responds to the Debtors' Twenty-Sixth Omnibus Objection to Claims Arising From Unexpired Leases of Non-Residential Real Property (I) That Have Been Assumed, (II) That Have Been Assumed and Assigned, or (III) That are the Subject of Lease Termination Agreements (the "Objection") and states as follows:

    1.   Shades Creek is the landlord pursuant to a lease agreement identified by the Debtors as store No. 590.

    2.   On May 23, 2005 and July 15, 2005 respectively, Shades Creek timely filed proofs of claim in the amount of $58,466.48, one against Winn-Dixie Montgomery, Inc., and the other against Winn-Dixie Stores, Inc. based on a

guaranty. The proofs of claim are identified as claim nos. 2584 and 6638.

3. On or about October 31, 2006, the Debtors filed the Objection. Shades Creek's proofs of claim are subject to the Objection as a result of being identified in Exhibit "A" of the Objection.

4. Pursuant to the Objection, the Debtors are seeking to classify Shades Creek's proofs of claim as administrative priority in the amount fixed by the Order Correcting Order Dated October 4, 2006 (I) Authorizing Assumption of Non-Residential Real Property Leases, (II) Fixing Cure Amounts and (III) Granting Related Relief to Attached Amended Exhibits A and D (the "Order") (docket No. 12183).

5. In Exhibit "A" of the Objection, the Debtors allege that the cure amount reflected in the Order for store no. 590 is $0.00, thus Shades Creek's proofs of claim should be reduced to $0.00.

6. Shades Creek objects to the Debtors' allegation in Exhibit "A" of the Objection. Pursuant to Exhibit "D" of the Order, a copy of which is attached hereto as Exhibit A, the cure amount for store no. 590 is $57,903.72. Thus, Shades Creek's proofs of claim should be fixed in the

2

amount of $57,903.72 rather than $0.00 as the Debtors propose.

7. Shades Creek respectfully requests the entry of an order classifying both its proofs of claim as administrative priority in the amount of $57,903.72.

8. Shades Creek reserves the right to amend, supplement or modify this response as deemed necessary.

DATED this 21 day of November, 2006.

HELD & ISRAEL

By: /s/
Kimberly Held Israel, Esquire
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile