UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                              CASE NO.:  3:05-bk-03817-JAF

                                    CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

        Debtors.        Jointly Administered

_____

RESPONSE OF MCW-RC FL HIGHLANDS, LLC TO
DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS
ARISING FROM UNEXPIRED LEASES OF NON-RESIDENTIAL
REAL PROPERTY (I) THAT HAVE BEEN ASSUMED, (II) THAT
HAVE BEEN ASSUMED AND ASSIGNED, OR (III) THAT ARE
THE SUBJECT OF LEASE TERMINATION AGREEMENTS

MCW-RC FL Highlands, LLC ("Highlands"), by and through
its undersigned counsel, responds to the Debtors' Twenty-
Sixth Omnibus Objection to Claims Arising From Unexpired
Leases of Non-Residential Real Property (I) That Have Been
Assumed, (II) That Have Been Assumed and Assigned, or (III)
That are the Subject of Lease Termination Agreements (the
"Objection") and states as follows:

1.   On July 29, 2005, Highlands timely filed a proof
of claim in the amount of $41,610.17.   The proof of claim
is identified as claim no. 9959.

2.   Pursuant to Exhibit "E" of the Order (A)
Disallowing No Liability Claims, (B) Disallowing No
Liability Misclassified Claims, (C) Reducing Overstated
Claims, (D) Disallowing Duplicate Liability Claims, (E)

Fixing Unliquidated Claims and (F) Fixing and Reclassifying Unliquidated Misclassified Claims, as set forth in the Debtors' Seventeenth Omnibus Claims Objection (Docket No. 10945), Highlands' proof of claim amount was fixed at $41,610.17.

3.    On or about October 31, 2006, the Debtors filed the Objection. Highlands' proof of claim is subject to the Objection as a result of being identified in Exhibit "D" of the Objection.

4.    In Exhibit "D" of the Objection, the Debtors allege that the lease was terminated by agreement, and any pre-petition claims were waived by Highlands.

5.    Pursuant to Paragraph 8 of the Lease Termination Agreement attached as Exhibit "A" to the Order Approving Debtors' Lease Termination Agreement and Granting Related Relief (Docket No. 4222), a copy of which is attached hereto as Exhibit A, Highlands "waive[d], release[d] and discharge[d] Tenant, its successors and assigns, its estate, affiliates and the Debtors **only from lease rejection claims under Section 502 of the Bankruptcy Code.**" (emphasis added). In fact, the title of Paragraph 8 of the Lease Termination Agreement reads: "Release – REJECTION CLAIMS".

6.  Proof of claim no. 9959 filed by Highlands is not a lease rejection claim under Section 502 of the Bankruptcy Code, thus Highlands did not waive, release, and discharge the Debtors from such proof of claim.

7.  Highlands is still owed $41,610.17 from the Debtors for pre-petition CAM Reconciliation, and Real Estate Taxes Reconciliation. Accordingly, Highlands' proof of claim in the amount of $41,610.17 should be allowed in its entirety.

8.  Highlands reserves the right to amend, supplement or modify this response as deemed necessary.

DATED this 21 day of November, 2006.

HELD & ISRAEL

By: _____
Kimberly Held Israel, Esquire
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

3