# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re:             ) | Case No. 05-03817-3F1 |
|             ) | |
| WINN-DIXIE STORES, INC., et al.,   ) | *Chapter 11* |
|             ) | |
| Debtors. [1]           ) | Jointly Administered |
|             ) | |

## DEBTORS' MOTION FOR ORDER APPROVING STIPULATION RESOLVING CLAIMS FILED BY COCA-COLA ENTERPRISES INC. AND COMPROMISE OF AVOIDANCE ACTIONS

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the court will consider this motion without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, and (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors")

move the Court for the entry of an order approving the Stipulation Resolving Claims

of Coca-Cola Enterprises Inc. and Compromise of Avoidance Actions (the

"Stipulation") attached as Exhibit A.

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

If no objection to the Stipulation is filed and served within the time as set forth above, the Court will be requested to enter an order in the form attached as Exhibit B without further notice or hearing.

Dated: November 21, 2006

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP

By    *s/ D. J. Baker*                         By    *s/ James H. Post*
     D. J. Baker                              Stephen D. Busey
     Sally McDonald Henry                     James H. Post
     Rosalie Walker Gray                      Cynthia C. Jackson,
     Jane M. Leamy                            Florida Bar Number 175460
Four Times Square                        225 Water Street, Suite 1800
New York, New York 10036                 Jacksonville, Florida  32202
(212) 735-3000                           (904) 359-7700
(212) 735-2000 (facsimile)               (904) 359-7708 (facsimile)
djbaker@skadden.com                      jpost@smithhulsey.com

Co-Counsel for Debtors                   Co-Counsel for Debtors

**EXHIBIT A**

## STIPULATION RESOLVING CLAIMS FILED BY COCA-COLA ENTERPRISES INC. AND COMPROMISE OF AVOIDANCE ACTIONS

This Stipulation (the "Stipulation") is made and entered into as of the date set forth below by and among Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (the "Debtors") and VR Global Partners, L.P. ("VR"), as transferee of certain claims filed by Coca-Cola Enterprises Inc. ("CCE"), and CCE.

WHEREAS, on February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and their cases are pending before the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division ("Bankruptcy Court");

WHEREAS, on or about September 22, 2005, CCE asserted a reclamation demand against the Debtors, which demand was later adjusted to the amount of $2,149,270.20 (the "Reclamation Claim");

WHEREAS, CCE opted into the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program (the "Participating Vendor Stipulation"), as approved by the August 2, 2005 Order [Docket No. 2725], and pursuant thereto, entered into an Agreement to be Bound by the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claim and Establishing Post-Petition Trade Lien Program (the "Agreement");

WHEREAS, the Debtors and CCE agreed to reduce the Reclamation Claim to $2,136,191.51, which amount the Debtors paid to CCE pursuant to the Agreement;

stipulation

WHEREAS, the Agreement, inter alia, (i) resolved the Reclamation Claim, (ii) resulted in a waiver by the Debtors of any preference claims against CCE under Section 547 of the Bankruptcy Code, except for $340,034.49 in transfers, and (iii) preserved the Debtors' rights, subject to any defenses by CCE, with respect to preference claims under Section 547 of the Bankruptcy Code based upon $340,034.49 in payments made to CCE between February 10, 2005 and the Petition Date (the "Possible Preference Claims");

WHEREAS, on July 28, 2005, CCE filed the following proofs of claim: Claim No. 8347 against Winn-Dixie Stores, Inc. in the amount of $8,530,810.49; Claim No. 8348 against Winn-Dixie Montgomery, Inc. in the amount of $8,530,810.49; Claim No. 8350 against Winn-Dixie Raleigh, Inc. in the amount of $8,530,810.49; and Claim No. 8349 against Winn-Dixie Procurement, Inc. in the amount of $8,530,810.49 (Claim Nos. 8347, 8348, 8349 and 8350 are referred to herein as the "CCE Claims"). Each of the CCE Claims consisted of an unsecured nonpriority claim of $6,381,540.29, an unsecured priority (reclamation) claim of $2,149,270.20, and a contingent indemnification claim;

WHEREAS, on May 10, 2006, CCE transferred the CCE Claims to Credit Suisse, Cayman Islands Branch ("Credit Suisse"), as evidenced by that certain Notice of Transfer of Claim Pursuant to FRBP Rule 3001(e)(2) and Evidence of Transfer of Claim filed with the Court on May 26, 2006 [Docket No. 8086];

WHEREAS, Credit Suisse transferred the CCE Claims to VR, as evidenced by that certain Notice of Transfer of Claim Pursuant to FRBP Rule 3001(e)(2) and Evidence of Transfer of Claim field with the Court on June 27, 2006 [Docket No. 88070];

WHEREAS, VR is the current owner and holder of the CCE Claims;

WHEREAS, on August 9, 2006, the Debtors filed their Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the

"Plan") [Docket No. 10058], which provides for the substantive consolidation on compromised terms of all of the Debtors' estates. The Plan further provides that all Vendor/Supplier Claims (as defined in the Plan) are designated as Class 14 Claims (as defined in the Plan);

WHEREAS, on September 12, 2006, the Debtors filed their Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims and (F) Amended and Superseded Claims ("Twenty-Second Objection"), wherein the Debtors sought to reduce and reclassify Claim Nos. 8348, 8349, and 8350;

WHEREAS, on September 25, 2006, the Debtors filed their Twenty-Third Omnibus Objection to (A) Indemnification Claims, (B) No Liability Claims, (C) No Liability Misclassified Claims, (D) Overstated Claims, (E) Overstated Misclassified Claims, (F) Unliquidated Claims, (G) Misclassified Claims, and (H) Amended and Superseded Claims ("Twenty-Third Objection"), wherein the Debtors sought to reduce and reclassify Claim No. 8347;

WHEREAS, the parties have determined that $221,910.00 in post-petition payments made by CCE to the Debtors pursuant to marketing agreements between the Debtors and CCE were overpayments by CCE;

WHEREAS, the parties seek to settle and compromise the Twenty-Second Objection, the Twenty-Third Objection, the overpayments by CCE, the Possible Preference Claims or other claims under section 547, and section 550 of the Bankruptcy Code only to the extent that it provides authority for the recovery of a preferential transfer, without further litigation.

NOW, THEREFORE, the Debtors, VR, and CCE stipulate and agree as follows:

1.    Upon entry of an order approving this Stipulation, Claim No. 8347 filed against Winn-Dixie Stores in the amount of $8,530,810.49, shall be allowed as an unsecured non-priority claim in the amount of $5,836,730.00.  The amount of Claim No. 8347 in excess of $5,836,730.00 is disallowed.  Pursuant to the terms of the Plan, Claim No. 8347 shall be treated as a Class 14 Claim.  Claim Nos. 8348, 8349 and 8350 shall be disallowed in their entirety.

2.    Effective upon entry of an order approving this Stipulation, all claims that originated as between the Debtors and CCE for products delivered to the Debtors or as between the Debtors and CCE for any credits or debits that arise pursuant to marketing agreements, which accrued pre-petition or arise from marketing agreements in effect at the time of the filing of Debtors' bankruptcy cases, are resolved by allowance of Claim No. 8347 in the amount provided in paragraph 1 above.  In addition, in consideration of the allowance of Claim No. 8347 and the waiver by CCE of the right to recover post-petition payments made by CCE to the Debtors in the amount of $221,910.00, effective upon entry of an order approving this Stipulation, CCE shall be released from the Possible Preference Claims or other claims under section 547, and section 550 of the Bankruptcy Code only to the extent that it provides authority for the recovery of a preferential transfer, that the Debtors or their estates may have against CCE.  Moreover, as further consideration, Claim No. 8347, as allowed in the amount of $5,836,730.00, shall not be subject to any rights of set-off.

3.    Each party represents that it has authority to enter into this Stipulation.

4.    This Stipulation may be executed by the undersigned in one or more counterparts, and all such counterparts collectively shall constitute one complete instrument.

stipulation                                    - 4 -

5.    The parties understand and agree that this Stipulation is being executed in settlement and compromise of disputed claims between the parties and is not to be construed as an admission of liability by either party.

6.    The Debtors agree to use their best efforts to obtain approval from the Bankruptcy Court of this Stipulation and the compromise contained herein.

Dated: November ___, 2006.

VR GLOBAL PARTNERS, L.P.

By:_____

        Richard Deitz

Its:_____

        Authorized Signatory

WINN-DIXIE STORES, INC., ET AL.

By:_____

Its:_____

COCA COLA ENTERPRISES INC.

By:_____

Its:_____

5.    The parties understand and agree that this Stipulation is being executed in settlement and compromise of disputed claims between the parties and is not to be construed as an admission of liability by either party.

6.    The Debtors agree to use their best efforts to obtain approval from the Bankruptcy Court of this Stipulation and the compromise contained herein.

Dated: November ____, 2006.


VR GLOBAL PARTNERS, L.P.


By:_____
Its:_____


WINN-DIXIE STORES, INC., ET AL.

LEGAL APPROVED
ATTY: JFc
DATE: 11/6/06

By:_____
Its:_____
Senior Vice President


COCA COLA ENTERPRISES INC.


By:_____
Its:_____

5.    The parties understand and agree that this Stipulation is being executed in settlement and compromise of disputed claims between the parties and is not to be construed as an admission of liability by either party.

6.    The Debtors agree to use their best efforts to obtain approval from the Bankruptcy Court of this Stipulation and the compromise contained herein.

Dated: November ___, 2006.


                                        VR GLOBAL PARTNERS, L.P.


                                        By:_____
                                        Its:_____


                                        WINN-DIXIE STORES, INC., ET AL.


                                        By:_____
                                        Its:_____


                                        COCA COLA ENTERPRISES INC.


                                        By:_____
                                        Its: Director, Customer Financial Services

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                   )    Case No. 05-03817-3F1
                                         )
WINN-DIXIE STORES, INC., et al.,         )    *Chapter 11*
                                         )
Debtors.                                 )    Jointly Administered
                                         )

ORDER GRANTING DEBTORS' MOTION TO APPROVE
STIPULATION RESOLVING CLAIMS FILED BY COCA-COLA
ENTERPRISES INC. AND COMPROMISE OF AVOIDANCE ACTIONS

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. and its

debtor affiliates (collectively, the "Debtors") for an order approving a stipulation with Coca-Cola

Enterprises, Inc. (the "Motion"). The Court finds that (i) the Motion was served on all interested

parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the

entry of this order within 20 days of the date of service, and (ii) no party filed an objection. The

Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1.      The Motion is granted.

2.      The Stipulation Resolving Claims Filed by Coca-Cola Enterprises Inc. and

Compromise of Avoidance Actions attached to the Motion is approved.

Dated this ____ day of _____, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge