UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

-----------------------------------------------------------X
In re:                                              :     Case No. 05-03817-3F1
                                                    :
WINN-DIXIE STORES, INC., et al.,                    :     Chapter 11
                                                    :
          Debtors.                                  :     Jointly Administered
-----------------------------------------------------------X

### RESPONSE OF WALKER, LA COMMERCIAL PROPERTIES DEVELOPMENT CO., LLC TO DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS

Walker, LA Commercial Properties Development Co., LLC ("Walker"), as and for its response to the Winn-Dixie Stores, Inc. et al.'s (the "Debtors") Twenty-Sixth Omnibus Objection to Claims (the "Objection") [Docket No. 12281] respectfully sets forth and states as follows:

1.   On or about June 10, 2006, Walker timely filed proof of claim number 3897 (the "Walker POC") in the amount of $73,543.28, relating to claims arising from a lease of non-residential real property as to which Walker was the landlord (the "Lease").

2.   The Objection to the Walker POC is based solely on the conclusory statement that the Lease was "terminated by agreement and any pre-petition claim(s) waived". (Objection, at Exhibit D p.4.) The Objection does not identify the alleged agreement with any specifics (date, signatory, terms).

LEGAL02/30149478v4

3.     Walker affirmed that it did not enter into a termination or waiver agreement with the Debtors.

4.     Upon receipt of the Objection, on November 6, 2006, counsel for Walker requested and re-requested from Debtor's counsel specific evidence to support the alleged termination and waiver. On November 15, 2006, counsel for Walker received a brief reply e mail from debtors' counsel, stating Walker's claim was correct, the claim was included in error on the list of Objected – to claims, and the Walker claim would be removed from the involved Order for relief. Copy of the referenced e mail is attached hereto as Exhibit "A". Without a formal withdrawal of the objection, given the filing deadline, and with a concern for the recognition of an e mail communication as evidence in place of debtor's counsel's timely filing a withdrawal of objection, the within response is being filed. For the aforesaid, given there should be no contest and to minimize legal costs due to movant's error, respondent respectfully requests that the Court waive for good cause shown the designation required by Local Rule 2090-1 (c).

5.     A proof of claim that is properly filed constitutes *prima facie* evidence of the validity of the underlying claim. Fed. R. Bankr. P. 3001(f). In a claim objection dispute "[t]he objecting party has the burden of going forward and introducing sufficient evidence to rebut the presumption of validity created pursuant to *Rule 3001(f)*." In re Gurley, 311 B.R. 910, 915 (Bankr. M.D. Fla. 2001) (italics in the original). As stated above, the Objection contains no evidence of the alleged termination and waiver, and the Debtors cannot provide such evidence because Walker never entered into such a termination and waiver. As such, the Objection is fatally defective and must be denied as

it is based on a false allegation and therefore it can not meet the required burden of going forward.

6.   Based on the above, the Walker POC was erroneously included in the Objection due to, at best, a mistake of fact. Accordingly, the Walker claim must remain an allowed claim and the Objection must be denied.

**WHEREFORE**, Walker respectfully requests that the Court deny the Objection as to the Walker POC in all respects, and grant Walker such other and further relief as the Court may deem just and proper.

Dated:  November 21, 2006          ALSTON & BIRD LLP

By:   */s/ Paul H. Silverman*
   Paul H. Silverman
   Catherine R. Fenoglio
   90 Park Avenue
   New York, New York 10016
   Telephone: (212) 210-9400
   Fax:  (212) 210-9444

   Attorneys for Walker, LA Commercial
   Properties Development Co., LLC