UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

CASE NO.: 05-03817-JAF

WINN-DIXIE STORES, INC., et al.,
Debtors.

Chapter 11

_____/

### CRESTVIEW CENTER, LLC AND COLONIAL MART LIMITED PARTNERSHIP, AS CO-ASSIGNEES FROM CRESTVIEW, LLC'S (STORE #558) RESPONSE TO DEBTOR'S TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS ARISING FROM UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY

NOW COMES, Crestview Center, LLC and Colonial Mart Limited Partnership, as co-assignees of Crestview, LLC., ("Landlord") by and through counsel, and files this response to the Debtors' Twenty-Sixth Omnibus Objection to Claims Arising from Unexpired Leases of Non Residential Real Property (docket # #12281) as follows:

1. Crestview Center, LLC and Colonial Mart Limited Partnership, as co-assignees of Crestview, LLC, are the landlord and Winn-Dixie Stores is the tenant, pursuant to a Lease, for the premises located at 1326 Ferdon Blvd.., in Crestview, Florida ("Store #558").

2. On the Petition Date, Landlord was owed pre-petition under the Lease on Store #558, the amount of $23,623.08 in CAM charges and $8,191.48 for real estate taxes to February 20, 2005, for a total of $31,814.56 (hereinafter "pre-petition arrearage"). This does not include attorneys' fees, interest, and cost, which are owed also.

3. On July 21, 2005, Landlord, filed Proof of Claims (claims #7359 and #7360) on the pre-petition amount owed to it under the Lease in the amount of $31,814.56.

4. On June 30, 2006, the Debtors filed the Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III)

1

Grant Related Relief (docket #8941) requesting authority to assume certain leases and pay the cure amounts on the pre-petition amounts due under the leases.

5.  In the above-referenced motion (docket #8941), the Debtors seek to fix the cure amount owed on Store #558 at $1,400.99. The cure amount is incorrect.

6.  Landlord asserts that the cure amount owed on Store #558 is $31,814.56 as of February 20, 2005, as set forth in its Proof of Claims (claims #7359 and #7360), plus interest, attorneys fees and costs.

7.  The Court entered an Order (docket #11613 and #12183) on the Debtors' Second Omnibus Motion for Authority (docket #8941) which approved Debtor's assumption of the lease, but did not rule upon the Landlord's Objection to the cure amount. Debtor and Landlord are working on resolving the cure amount, and a new hearing on the cure amount componet of the motion (docket #8941) and Order (docket #11613 and #12183) has not been set yet for hearing.

8.  Landlord does not object to the reclassification of Landlord's claims (claims #7359 and #7360) as administrative, but if Debtor's Twenty-Sixth Omnibus Objection to Claims (docket #12281) seeks to affect the dollar amount of the Landlord's claims, Landlord objects.

9.  Debtors have defaulted under the Lease.

10. Landlord is entitled to the recovery of attorneys' fees, costs, and interest. The Debtors are obligated to cure all defaults under the Lease, and compensate the Landlord for its actual pecuniary losses as a result of defaults under the Lease.

11. Interest on pre-petition Lease charges continues to run from the filing of the Debtors' petition and must be paid as a condition to assumption of the Lease.

12. Attorneys' fees and costs are also proper components of a cure claim. Attorneys'

fees and costs included in enforcement of the covenants, obligations, and condition of a Lease must be paid as a condition of assumption of the Lease.

13. At this time, Landlord cannot accurately determine the total attorneys' fees that will be involved with each Lease because these amounts will continue to accrue at least through the resolution of this matter. Landlord will provide Debtors the most accurate information on attorneys' fees as soon as it is available.

WHEREFORE, Crestview Center, LLC and Colonial Mart Limited Partnership, as co-assignees of Crestview, LLC., respectfully states that it has no objection to the reclassification of its claims (claims #7359 and #7360) to administrative claims, but does object to any ruling that alters the amount of the claims, and for such other and further relief as the Court deems just and proper.

> _/s/ Sally Fox_
> SALLY BUSSELL FOX, ESQUIRE
> Florida Bar #379360
> Emmanuel, Sheppard & Condon, P.A.
> 30 South Spring Street
> Pensacola, FL  32502
> (850) 433-6581
> sfox@esclaw.com
> Attorney for Landlord, Crestview Center, LLC
> and Colonial Mart Limited Partnership, as
> co-assignees of Crestview, LLC.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic mail service through the bankruptcy court clerk and by first class, U.S. Mail on this 21st day of November, 2006 to all parties listed below:

| | |
|---|---|
| Adam Ravin | Cynthia C. Jackson |
| Skadden, Arps, Slate, Meagher & Flom, LLP | Smith, Hulsey & Busey |
| Four Times Square | 225 Water Street, Ste. 1800 |
| New York, NY 10036 | Jacksonville, FL 32201 |

3

Elana L. Escamilla
135 W. Central Blvd., Ste. 620
Orlando, FL 32806

John B. McDonald
Akerman Senterfitt
50 N. Laura Street, Ste 2500
Jacksonville, FL 32202
Allan Wulbern
Smith, Hulsey & Busey
225 Water Street, Ste. 1800
Jacksonville, FL 32201

Dennis F. Dunne
Milbank, Tweed, Hadley
1 Chase Manhattan Plaza
New York, NY 10005
D.J. Baker
Four Times Square
New York, NY 10036

*Sally Fox*

SALLY BUSSELL FOX, ESQUIRE
Florida Bar #379360
Emmanuel, Sheppard & Condon, P.A.
30 South Spring Street
Pensacola, FL 32502
(850) 433-6581
sfox@esclaw.com
Attorney for Landlord, Crestview Center, LLC
and Colonial Mart Limited Partnership, as
co-assignees of Crestview, LLC.

S:\BeachWalk\Crestview LLC\26th Omnibus Objection\Response and Objection to 26th Omnibus Objection.doc