**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:                                                                CASE NO.: 3:05-bk-03817-JAF
                                                                      Chapter 11
WINN-DIXIE STORES, INC.,

    Debtor.
_____/

**TED GLASRUD ASSOCIATES OF DELAND, FL, INC.' S RESPONSE TO DEBTOR'S TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS ARISING FROM UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY (I) THAT HAVE BEEN ASSUMED, (II) THAT HAVE BEEN ASSUMED AND ASSIGNED, OR (III) THAT ARE THE SUJBECT OF LEASE TERMINATION AGREEMENTS AND AMENDED MOTION FOR RECONSIDERATION AND CLAIFICATION**

    Creditor, TED GLASRUD ASSOCIATES OF DELAND, FL, INC., a Florida corporation as successor in interest to W.G. Lassiter, Jr. and Mario Susnar, (hereinafter referred to as "TED GLASRUD"), hereby files its Response to the Debtor's Twenty-Sixth Omnibus Objection to Claims Arising from Unexpired Lease of Non-Residential Real Property (I) That Have Been Assume, (II) That Have Been Assumed and Assigned, or (III) That Are The Subject of Lease Termination Agreements and Amended Motion for Reconsideration and Clarification, and in support, states:

    1.    The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005.

    2.    At the time of the Petition, the Debtor had a Lease Agreement with TED GLASRUD for the real property were the Debtor's business is located at 1105 NE Jensen Beach Blvd, Jensen Beach, FL 34957.  A copy of the Lease Agreement dated October 25, 1971, and amendments thereto, are attached as composite Exhibit "A".

    3.    At the time of the Petition the Debtor was delinquent with its monthly lease

payments in the amount of $27,775.76. See statement of account attached hereto as Exhibit "B". The Debtor has continued to make the monthly post-petition lease payments, but no other payments due to TED GLASRUD.

4. On March 24, 2006, this Court entered an Agreed Order on the Motion for Relief Filed by Glasrud. Said Order gave relief from the automatic stay for TED GLASRUD to continue its State Court counterclaim against the Debtor through and including the entry of a Final Judgment. This counterclaim forms the basis for the contingent portion of the TED GLASRUD Proof of Claim. As of this date, the counterclaim is still pending and has not been resolved, nor has a final decision rendered by the State Court. The Debtor's Objections incorrectly assumes that the $210,000 claim of TED GLASRUD is only based upon its pre-petition rent and post-petition administrative claims, and ignores the fact that there are damages sought in the pending counterclaim against the Debtor.

5. Every single month, both pre-petition and post-petition, GLASRUD has sent a monthly invoice to the Debtor setting forth the rent and CAM charges due, with an attachment specifically outlining and setting forth the past due amounts for annual adjustments for excess insurance and real estate taxes and for utilities (water charges). A copy of one such statement is attached hereto and made a part hereof as Exhibit "C".

6. Based upon the twenty-one (21) post-petition monthly statements that have been sent and received by the Debtor, without any timely objection thereto, the Debtor owes TED GLASRUD for the following additional rent amounts:

| | |
|---|---|
| Balance increase real estate taxes and insurance 2003 | $     214.94 |
| Increase real estate taxes and insurance 2004 | $10,894.28 |
| Water usage May 6/10/04-2/22/05 | $  5,046.54 |
| Pd Check 8055545 | $ (1,026.83) |

| | |
|---|---|
| Pd Check 811706 | $ (262.03) |
| Increase real estate taxes and insurance 2005 | $12,888.86 |
| **TOTAL DUE FROM DEBTOR** | **$27,755.76** |

***NOTE***: *Winn Dixie previously advised TED GLASRUD that the bankruptcy court has ordered the Debtor not pay any items expenses incurred 2/25/05 or before.*

  7. In addition, there are utility charges that have gone unpaid post-petition pursuant to the subject Lease that need to be paid as part of the administrative claim due to TED GLASRUD.  Some of these post-petition utility charges may not have been billed by TED GLASRUD to the Debtor due to concerns and lack of understanding about the effect of the automatic stay and instructions directly to TED GLASRUD by the Debtor. As set forth in the *"Note"* above.  Plus, this figure changes as additional utilities are incurred and this figure will be updated prior to or at the hearing on this Motion.  Accordingly, these post-petition utility charges, if not billed, could not possibly be included in the cure amount provided to the Court by the Debtor.

  8. On October 4, 2006, this Court entered an Order (I) Authorizing Assumption of Non-Residential Real Property Leases, (II) Fixing Cure Amounts and (III) Granting Related Relief.  The Debtor's Motion upon which the foregoing Order is based contains many unexpired lease claims and the allegations therein are general in nature.  There are no specific allegations as to the specific TED GLASRUD pre-petition cure claims and post-petition administrative rent claims.  The Order determines that the "cure" amount under the TED GLASRUD lease is $15,332.98 based upon information submitted by the Debtor.  It is not clear from the information provided to the Court whether this includes the post-petition increase in the insurance and real estate taxes for 2005 in the amount of $12,888.86, as set forth in <u>Exhibit "C"</u>, and as furnished to the Debtor each month as part of the monthly

rent invoices. However, It seems to be the case that the cure amount in the aforementioned Order fails to include the 2005 insurance and real estate tax increases for 2005 because the difference between the correct amount due of **$27,755.76** and the cure amount furnished to the court is within a few hundred dollars of the 2005 insurance and real estate CAM increase charge. In the ordinary course, the increase in the real estate taxes would not have been known until TED GLASRUD received its November, 2005 tax bill for year 2005, which is obviously post-petition. The Debtor previously advised TED GLASRUD that the 2005 insurance and real estate tax CAM increase would be paid in due course. It is assumed that the Debtor made an error on its books or when informing the Court of the cure amount under the TED GLASRUD lease. The undersigned would never believe that such astute counsel for the Debtor, nor the Debtor would intentionally mislead this Court to enter an Order with the incorrect cure amount for TED GLASRUD. It is presumed that the wrong cure figure submitted by the Debtor was through mistake, inadvertence or excusable neglect on the part of the Debtor. Furthermore, it is unclear if the cure amount in the October 4, 2006 Order includes the post-petition 2005 insurance and real estate CAM increase due to the general nature of the subject Order.

9. On October 10, 2006, TED GLASRUD filed its Motion for Allowance and Payment of Administrative Claim and to Compel Rejection of Business Lease (DKT NO. 11764). This Motion sets forth many of the same arguments as pled herein, and also includes the breakdown in paragraph 6 above and a copy of Exhibit "C" that is attached hereto. The Motion also argues that the subject lease has not been previously assumed, which is now known to be in error. However, through an internal computer glitch in the offices of the undersigned, the prior pleadings purporting to assume the subject lease and

establish the cure amount were not received by the undersigned. Clearly, had such pleadings been received, then the arguments in the Motion for Allowance and Payment of Administrative Claim and to Compel Rejection of Business Lease would not have been made. It is believed that this computer error occurred as a result of the offices of the undersigned going "live" on the Southern District of Florida CM-ECF system, which has differences with the Middle District of Florida system, but it appears to have been remedied in the offices of the undersigned. Accordingly, TED GLASRUD retracts the arguments made in error and relies and supplements herein the arguments pertinent to that matter at hand.

10. The foregoing October 10, 2006 Motion for Allowance and Payment of Administrative Claim and to Compel Rejection of Business Lease is, and in all respects, should be treated as a timely objection and request for reconsideration or clarification of the October 4, 2006 Order setting forth the incorrect cure amount for the TED GLASRUD claim. The aforesaid October 10, 2006 Motion of TED GLASRUD has not been heard by the Court, nor has it been set for hearing as of this date. This Motion is also titled as TED GLASRUD's Amended Motion for Reconsideration and Clarification, as to supplement the arguments made in TED GLASRUD's Motion for Allowance and Payment of Administrative Claim and to Compel Rejection of Business Lease filed within six (6) days of the "cure" Order.

11. On October 12, 2006, the undersigned had a telephone conversation with Alan Woburn, Esquire as counsel for the Debtor to discuss TED GLASRUD's Motion for Allowance and Payment of Administrative Claim and to Compel Rejection of Business Lease. Conversations in the nature of compromise occurred and it was left off that Mr.

Wolburn would have the Debtor check their records to find out if the 2005 insurance and real estate CAM increase was, in fact, excluded from the cure amount furnished to the court, and the undersigned would contact TED GLASRUD to make sure their records are correct. TED GLASRUD herein asserts that its records are correct and they have not been paid the 2005 insurance and real estate CAM increase, nor have they ever received any objection thereto. The undersigned has yet to hear back from Mr. Wolburn with the results of the Debtor's investigation. Substantive law regarding statements of account is well established that the failure to timely object to a statement of account renders the account balance deemed admitted for all purposes.

12. Thereafter, on October 25, 2006, this Court entered an Amended Order to the October 4, 2006 Order (I) Authorizing Assumption of Non-Residential Real Property Leases, (II) Fixing Cure Amounts and (III) Granting Related Relief.

13. The above forms the basis for mistake, inadvertence and/or excusable neglect to support reconsideration and clarification of the October 4, 2006 and October 25, 2006 Orders (I) Authorizing Assumption of Non-Residential Real Property Leases, (II) Fixing Cure Amounts and (III) Granting Related Relief, as they pertain to TED GLASRUD.

14. Furthermore, TED GLASRUD timely objected to and sought relief regarding the October 4, 2006 Order of this Court, subsequently amended October 25, 2006, notwithstanding the name of the pleading. Plus, the conversation between the undersigned and counsel for the Debtor put the Debtor on timely notice of the current issue and controversy so as to equitably abate the matter pending further clarification and explanation to the undersigned and the Court as to why an incorrect cure amount was submitted to the Court by the Debtor for the TED GLASRUD claims, when monthly invoices clearly set forth

in line-item detail what was, and is, truly due.

15. Finally, there has never been any prior objection to the claims of TED GLASRUD regarding its rent and administrative claims. Once again, the current Twenty-Sixth Omnibus Objections are inclusive of numerous creditors' claims and the same are set forth in a very general and unspecific manner by the Debtor. TED GLASRUD cannot ascertain the precise nature of the objection to its claims, a substantial portion of which has yet to receive a State Court determination, and appears to have been disregarded by the Debtor in the current objections.

WHEREFORE, Creditor, TED GLASRUD ASSOCIATES OF DELAND, FL, INC., respectfully requests the Court to enter an Order Overruling the Debtor's Objections to the Claim of TED GLASRUD ASSOCIATES OF DELAND, FL, INC., and allowing the pre-petition and post-petition lease payments owed by the Debtor in the amount of **$27,755.76**, plus utility charges, as an administrative expense and directing the Debtor to pay such amount forthwith, and for any further relief this Court deems just and proper under the circumstances.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via electronic mail or regular U. S. Mail to: Debtor, Winn Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254-3699; Debtor's counsel, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32201; U.S. Trustee, 135 West Central Blvd, Suite 620, Orlando, FL 32806; and the parties on the attached Local Rule 1007-2 Parties In Interest List this 22nd day of November, 2006.

                KELLEY & FULTON, P.A.
                Attorney for Ted Glasrud Associates
                of Deland, FL, Inc.
                1665 Palm Beach Lakes Blvd.
                The Forum - Suite 1000
                West Palm Beach, Florida 33401
                Telephone No.:  (561) 491-1200
                Facsimile No.:  (561) 684-3773

                By: /s/ Craig I. Kelley
                     Craig I. Kelley, Esquire
                     Florida Bar No.: 782203

F:\CLIENTS\Rutland, Leonard\Motion.Admin.Claim.Rent.doc