Hearing Date: **November 30, 2006 at 1:00 p.m.**
Obj. Deadline: **November 23, 2006 at 4:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **WINN-DIXIE STORES, INC.,** *et al.,* | ) | **Case No.  05-03817-3F1** |
| | ) | |
| Debtor. | ) | **Jointly Administered** |
| | ) | **Re: Docket No. 12281** |

**OBJECTION OF INLAND SOUTHEAST COUNTRYSIDE**
**LIMITED PARTNERSHIP TO DEBTORS' TWENTY-SIXTH**
**OMNIBUS OBJECTION TO CLAIMS ARISING FROM UNEXPIRED**
**LEASES OF NON-RESIDENTIAL REAL PROPERTY (I) THAT HAVE**
**BEEN ASSUMED, (II) THAT HAVE BEEN ASSUMED AND ASSIGNED, OR**
**(III) THAT ARE THE SUBJECT OF LEASE TERMINATION AGREEMENTS**

Inland Southeast Countryside Limited Partnership ("Inland"), by and through its undersigned counsel, hereby objects to *Debtors' Twenty-Sixth Omnibus Objection to Claims Arising from Unexpired Leases of Non-Residential Real Property (I) That Have Been Assumed, (II) That Have Been Assumed and Assigned, or (III) That Are the Subject of Lease Termination Agreements* [Docket No. 12281] ["Claim Objection"), and in support thereof, respectfully states as follows:

**BACKGROUND**

1.       On February 21, 2005 (the "Petition Date"), the above-captioned debtors ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2.       Prior to the Petition Date, Inland and/or its predecessor in interest, as landlord, and Winn-Dixie Stores, Inc. and/or its predecessor in interest, one of the Debtors, as tenant, entered into an unexpired lease of non-residential real property (the "Lease" ) for certain

premises that is located at Countryside Winn-Dixie Shopping Center in Naples, Florida (the "Premises").

3.        On or about July 30, 2005, Inland timely filed an unsecured, non-priority claim against the Debtors in the amount of $32,506.43 ("Claim"), which represented unpaid common area maintenance ("CAM") charges ($9,661.96) and unpaid insurance charges ($22,844.47) due under the Lease as of the Petition Date.      The Claim has been designated by the Debtors as Claim No. 11030.

4.        On April 11, 2006, the Debtors filed their *Motion for Order (A) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests (B) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date and (C) Granting Related Relief* [Docket No. 7092] ("Sale Motion"), pursuant to which the Debtors sought authority to, among other things, sell and assume and assign the Lease.  In connection therewith, the Debtors proposed to pay to Inland the sum of $32,506.43 ("Proposed Cure Amount") to cure defaults that existed under the Lease.

5.        On April 25, 2006, Inland filed the *Objection to Cure Amount Proposed in Connection with Debtors' Motion for Order (a) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests (b) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date and (c) Granting Related Relief* [Docket No. 7409] ("Cure Objection").  The Cure Objection stated that the actual amount necessary to cure defaults under the Lease at that time was $65,956.27 ("Actual Cure Amount"), which is comprised of (i) real taxes totaling $9,405.73, (ii) CAM charges totaling $33,706.07, and (iii) insurance charges totaling $22,844.47.

6.      After the Cure Objection was filed, the Debtors raised the Proposed Cure Amount from $32,506.43 to $41,713.35 ("Undisputed Cure Amount").    Accordingly, the Undisputed Cure Amount satisfied the amounts set forth in the Claim as well as the real estate taxes that were asserted in the Actual Cure Amount.    The Debtors, therefore, disputed $24,242.92 of the Actual Cure Amount ("Disputed Cure Amount"), all of which related to CAM charges that were due under the Lease.

7.      On May 18, 2006, at the Debtors' request, Inland provided the Debtors with additional information and documentation in support of the Disputed Cure Amount.    *See* Exhibit A hereto.

8.      On May 18, 2006, the Court entered an *Order Approving Debtors (a) Sale of Assets Free and Clear of Liens, (b) Assumption and Assignment of Leases and (c) Related Relief (Store Nos. 643, 659 and 738*) [Docket No. 7943] ("Assignment Order"), in which it approved the assignment of the Lease to Kash N' Karry.

9.      The Assignment Order directed the Debtors to pay the Undisputed Cure Amount to Inland upon the assignment of the Lease to Kash N' Karry and to escrow the Disputed Cure Amount pending resolution by the parties or by the Court.

10.      On July 1, 2006, Inland received payment of the Undisputed Cure Amount from the Debtors.    To date, Inland has not received payment of the Disputed Cure Amount, nor has it received any response from the Debtors to documentation that Inland provided to them over five months ago to support of the Disputed Cure Amount.[1]

---

[1] Upon review of the Claim Objection, Inland contacted the Debtor to advise them of the balance due under the Lease.

11.     On October 31, 2006, the Debtors filed the Claim Objection, in which it seeks to disallow the Claim on the ground that the Claim was paid by the Debtors or waived by Inland in connection with the assignment of the Lease to Kash N' Karry.

## OBJECTIONS AND BASIS THEREFOR

12.     Inland objects to the Claim Objection on the ground that, contrary to the Debtors' assertion therein, the Lease has not been assumed or assigned "with cures paid or waived."  As detailed above, the Disputed Cure Amount has not been paid, and has not been resolved by either the Debtors and Inland or the Court.  It is premature to expunge or disallow the Claim until such time as the Disputed Cure Amount is paid and/or resolved.

WHEREFORE, Inland respectfully requests that this Court enter an order that denies the Claim Objection as to the Claim and that grants Inland such further and additional relief as the Court may deem just and proper.

Dated: November 22, 2006

/s/ R. Scott Shuker
R. Scott Shuker, Esq.
Florida Bar No. 984469
Gronek & Latham, LLP
P.O. Box 3353
Orlando, FL  32802
Telephone:  407-481-5800
Facsimile:  407-481-5801
*Attorneys for Inland Southeast Countryside*
*Limited Partnership*

Karen C. Bifferato
Christina M. Thompson
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Inland Southeast Countryside*
*Limited Partnership*

#499369

4

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on this 22nd day of November 2006, I caused a true and correct copy of the foregoing to be served on the individuals identified below in the manner as indicated.


/s/ R. Scott Shuker _____


## <u>Via Electronic Transmission, Facsimile and/or U.S. Mail</u>

Cynthia C. Jackson, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
Fax: (904) 359-7708

408985-1

## Brenda Jennings

**From:** Christina M. Thompson [CThompson@cblh.com]
**Sent:** Thursday, May 18, 2006 10:06 AM
**To:** Elizabeth M. Schule; Cynthia C. Jackson
**Cc:** Jimmy Parrish; Karen Bifferato
**Subject:** Inland/Winn-Dixie -- Naples Store

    

winndixie     winndixie cam     winndixie     winndixie ret     winndixie ret
ance.pdf (174 KB)004.pdf (900 KB)2005.pdf (982 KB)004.pdf (467 KB)005.pdf (639 KB.

Liz and Cindy,

Attached is Inland's tenant activity report for Winn-Dixie showing how the line item amounts for RET, CAM and Insurance were calculated for the cure objection. I have also attached the back-up documentation for the 2004 and 2005 CAM and RET reconciliations. Inland is still gathering the back-up documentation for the insurance, but we hope to have it to
you as soon as possible. If you have any questions, please let us know.

As a side note, I will be starting maternity leave in the very near future. In my absence, please contact Karen Bifferato (kbifferato@cblh.com) (302-888-6221).

Thanks,
Christina

Christina M. Thompson
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899 (courier 19801)
Direct Dial: (302) 884-6592
Main Number: (302) 658-9141
Facsimile: (302) 658-0380