**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | CASE NO.: 05-03817-3F1 |
| ) | |
| ) | Chapter 11 |
| WINN-DIXIE STORES, INC., et al, ) | Jointly Administered |
| ) | |
| ) | |
| Debtors. ) | |
| ) | |
| _____) | |

**LIMTED RESPONSE OF LANDLORD, T/A WESTERN, LLC (STORE NO. 217), BY AND THROUGH ITS PROPERTY MANAGER, TERRANOVA CORP., TO DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS ARISING FROM UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY (I) THAT HAVE BEEN ASSUMED, (II) THAT HAVE BEEN ASSUMED AND ASSIGNED, OR (III) THAT ARE THE SUBJECT OF LEASE TERMINATION AGREEMENTS (DOCKET NO. 12281)**

Landlord, T/A WESTERN, LLC (Store No. 217), by and through its Property Manager and Agent, TERRANOVA CORP., ("T/A WESTERN") files its Limited Response to the *Debtors' Twenty-Sixth Omnibus Objection to Claims Arising from Unexpired Leases of Non-Residential Real Property (I) That Have been Assumed, (II) That Have Been Assumed and Assigned, or (III) That are the Subject of Lease Termination Agreements* ("Twenty-Sixth Omnibus Objection," Docket No. 12281) and alleges:

**BACKGROUND**

1. Store No. 217 is located in Westfork Plaza, Broward County, Florida.

2. This Court previously authorized the Debtors to auction certain leasehold interests, including the lease on Store No. 217. The successful bidder on the leasehold on

Store No. 217 was Wal-Mart Stores, Inc. ("Wal-Mart"). Pursuant to an order of this Court approving the Debtors' assumption of the lease on Store No. 217 and their assignment of that lease to Wal-Mart, the Debtors have transferred their right, title and interest in and to the lease on Store No. 217 to Wal-Mart.

**3.** Upon this Court's approval of the Debtors' assumption and assignment of the lease on Store No. 217, and in order to facilitate the closing of the transfer of the lease on Store No. 217 to Wal-Mart, the Debtors paid into escrow all sums claimed due under this lease, including disputed and undisputed cure claims. A copy of the escrow letter dated June 16, 2006, is attached to this Limited Response as Exhibit A.

**4.** Upon the closing of the Debtors' assignment of the lease on Store No. 217 to Wal-Mart, the Debtors paid to T/A WESTERN all *undisputed* sums due under the terms of that lease, and held in escrow all sums claimed due by T/A WESTERN but disputed by the Debtors. A copy of the Escrow Agent's letter confirming the amounts paid to T/A WESTERN and the disputed amounts that remain in escrow is attached hereto and incorporated herein by reference as Exhibit B.

**5.** The disputed cure amounts that are being held in escrow are to be held until such time as there is an agreement of the parties or an evidentiary hearing on the remaining sums due and an order of this Court.

**6.** In their *Twenty-Sixth Omnibus Objection* the Debtors appear to be seeking to disallow any remaining cure claims that T/A WESTERN may have as to Store No. 217 (see paragraphs 16, 18 and 19, and Exhibit "C" to the *Twenty-Sixth Omnibus Objection*), including any claims that T/A WESTERN may have to the money being held in escrow from the sale and transfer of the lease on Store No. 217 to Wal-Mart.

**7.** T/A WESTERN has provided to the Debtors the details of the remaining cure claims that are in dispute, and remains ready, willing and able to supplement any information that the Debtors or their counsel may reasonably require in order to resolve any remaining issue pertaining to its claims on account of the lease on Store No. 217.

## ARGUMENT

**8.** This Court should overrule the Debtors' *Sixth Omnibus Objection* as it relates to all claims of T/A WESTERN pertaining to Store No. 217. T/A WESTERN'S claims are, in essence, secured by a lien on and/or direct claim to the funds being held in escrow from the closing on the sale of the Debtors' interests in the lease on Store No. 217.

**9.** T/A WESTERN has withdrawn any claim for attorneys' fees as to Store No. 217, and its remaining cure claims pertain to amounts due, or that it claims due, pursuant to the terms of the lease on Store No. 217, as it has been modified and amended over time, and as it existed as of the date of the sale and transfer to Wal-Mart.

## CONCLUSION

T/A WESTERN, by and through its agent and authorized representative, Terranova Corp., respectfully requests that this Court (i) overrule the Debtors' *Twenty-Sixth Omnibus Objection*; (ii) enter an order setting the remaining claims and cure amounts due to T/A WESTERN pertaining to the lease on Store No. 217 through the effective date of the assumption and ordering the Debtors and the Escrow Agent to pay said sum to T/A WESTERN from the escrow funds; and (iii) grant T/A WESTERN such

other relief as is appropriate.

Dated: November 22, 2006

                        Respectfully submitted,

                        SCRUGGS & CARMICHAEL, P.A.

                        /s/ Karen K. Specie, Esquire
                        KAREN K. SPECIE, ESQUIRE
                        Post Office Box 23109
                        Gainesville, FL 32602
                        Telephone: 352-376-5242
                        Facsimile: 352-375-0690
                        Florida Bar No. 260746
                        Attorney for Terranova Corp.

                        TEW CARDENAS LLP

                        /s/ Thomas R. Lehman, P.A.
                        THOMAS R. LEHMAN, P.A.
                        Four Seasons Tower, 15th Floor
                        1441 Brickell Avenue
                        Miami, Florida 33131
                        Telephone:  305-536-1112
                        Facsimile:  305-536-1116
                        Florida Bar No. 351318
                        Attorneys for Terranova Corp.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that the foregoing Supplement to Objection by Landlords, Westfork Tower, LLC, Concord-Fund IV Retail, L.P., TA Cresthaven, LLC, Flagler Retail Associates, Ltd., And Elston/Leetsdale, LLC, by and through their Property Manager, Terranova Corp., to Debtors' Assumption of Non-Residential Real Property Leases and to Proposed Cure Amounts (Docket No. 7966) was electronically filed with the US Bankruptcy Court on this 20th day of November, 2006, and that a copy of this document was furnished either by electronic transmission or by United States first class mail postage prepaid to: Rosalie Walker Gray, rgray@skadden.com, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; Adam Ravin, aravin@skadden.com, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; D. J. Baker, djbaker@skadden.com, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; Cynthia C. Jackson, Esquire, cjackson@smithhulsey.com, Smith Hulsey & Busey, 225 Water St., Suite 1800,

5

Jacksonville, FL 32201; Official Committee of Unsecured Creditors, c/o Dennis F. Dunne, Esquire, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; Matthew Barr, Esquire, mbarr@milbank.com, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; John B. Macdonald, Esq., john.macdonald@akerman.com, Akerman, Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202; John Longmire, Esq., jlongmire@willkie.com, Willkie Farr & Gallagher, LLP, 787 Seventh Avenue, New York, NY 10019-6099; and Elena L. Escamilla, Esquire, Office of United States Trustee B JAX, 135 W. Central Blvd., Suite 620, Orlando, FL 32801.

/s/ Karen K. Specie, Esq.