UNITED STATES BANKRUPTY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>**WINN-DIXIE STORES, INC., et al.,**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 05-03817-3F1<br><br>(Jointly Administered) |

CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1. I am of legal age and I am not a party to this action.

2. I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3. On or about November 21, 2006 I caused copies of:

- the **Debtors' Motion for Order Approving Stipulation Resolving Claims Filed by Coca-Cola Enterprises Inc. and Compromise of Avoidance Actions**

   to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served document as listed above is attached hereto as Exhibit B.

Dated: November 22, 2006

_____
Kathleen M. Logan

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Code: 3L

# EXHIBIT A
# SERVICE LIST

**SERVICE LIST**
**Debtors' Motion for Order Approving Stipulation
Resolving Claims Filed by Coca-Cola Enterprises
Inc. ad Compromise of Avoidance Actions**

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                                                                                **CASE:   05-03817-3F1**

| | | |
|---|---|---|
| CREDITOR ID: 279115-99 | CREDITOR ID: 279115-99 | CREDITOR ID: 535063-79 |
| COCA-COLA ENTERPRISES INC ET AL | COCA-COLA ENTERPRISES INC ET AL | ESBIN & ALTER LLP |
| C/O MILLER & MARTIN, PLLC | C/O MILLER & MARTIN PLLC | ATTN: ADAM M FEINMESSER, ESQ |
| ATTN CATHERINE A HARRISON, ESQ | ATTN: SHELLY D RUCKER, ESQ | 497 SOUTH MAIN STREET |
| 1170 PEACHTREE STREET NE, STE 800 | 832 GEORGIA AVE, STE 1000 | NEW CITY NY 10956 |
| ATLANTA GA 30309-7706 | CHATTANOOGA TN 37402-2289 | |

**Total:   3**

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

**DEBTORS' MOTION FOR ORDER APPROVING STIPULATION
RESOLVING CLAIMS FILED BY COCA-COLA ENTERPRISES
INC. AND COMPROMISE OF AVOIDANCE ACTIONS**

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the court will consider this motion without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, and (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors") move the Court for the entry of an order approving the Stipulation Resolving Claims of Coca-Cola Enterprises Inc. and Compromise of Avoidance Actions (the "Stipulation") attached as Exhibit A.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

If no objection to the Stipulation is filed and served within the time as set forth above, the Court will be requested to enter an order in the form attached as Exhibit B without further notice or hearing.

Dated: November 21, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   s/ D. J. Baker<br>    D. J. Baker<br>    Sally McDonald Henry<br>    Rosalie Walker Gray<br>    Jane M. Leamy<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By    s/ James H. Post<br>    Stephen D. Busey<br>    James H. Post<br>    Cynthia C. Jackson,<br>    Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

**EXHIBIT A**

### STIPULATION RESOLVING CLAIMS FILED BY COCA-COLA ENTERPRISES INC. AND COMPROMISE OF AVOIDANCE ACTIONS

This Stipulation (the "Stipulation") is made and entered into as of the date set forth below by and among Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (the "Debtors") and VR Global Partners, L.P. ("VR"), as transferee of certain claims filed by Coca-Cola Enterprises Inc. ("CCE"), and CCE.

WHEREAS, on February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and their cases are pending before the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division ("Bankruptcy Court");

WHEREAS, on or about September 22, 2005, CCE asserted a reclamation demand against the Debtors, which demand was later adjusted to the amount of $2,149,270.20 (the "Reclamation Claim");

WHEREAS, CCE opted into the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program (the "Participating Vendor Stipulation"), as approved by the August 2, 2005 Order [Docket No. 2725], and pursuant thereto, entered into an Agreement to be Bound by the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claim and Establishing Post-Petition Trade Lien Program (the "Agreement");

WHEREAS, the Debtors and CCE agreed to reduce the Reclamation Claim to $2,136,191.51, which amount the Debtors paid to CCE pursuant to the Agreement;

stipulation

- 2 -

WHEREAS, the Agreement, inter alia, (i) resolved the Reclamation Claim, (ii) resulted in a waiver by the Debtors of any preference claims against CCE under Section 547 of the Bankruptcy Code, except for $340,034.49 in transfers, and (iii) preserved the Debtors' rights, subject to any defenses by CCE, with respect to preference claims under Section 547 of the Bankruptcy Code based upon $340,034.49 in payments made to CCE between February 10, 2005 and the Petition Date (the "Possible Preference Claims");

WHEREAS, on July 28, 2005, CCE filed the following proofs of claim: Claim No. 8347 against Winn-Dixie Stores, Inc. in the amount of $8,530,810.49; Claim No. 8348 against Winn-Dixie Montgomery, Inc. in the amount of $8,530,810.49; Claim No. 8350 against Winn-Dixie Raleigh, Inc. in the amount of $8,530,810.49; and Claim No. 8349 against Winn-Dixie Procurement, Inc. in the amount of $8,530,810.49 (Claim Nos. 8347, 8348, 8349 and 8350 are referred to herein as the "CCE Claims"). Each of the CCE Claims consisted of an unsecured nonpriority claim of $6,381,540.29, an unsecured priority (reclamation) claim of $2,149,270.20, and a contingent indemnification claim;

WHEREAS, on May 10, 2006, CCE transferred the CCE Claims to Credit Suisse, Cayman Islands Branch ("Credit Suisse"), as evidenced by that certain Notice of Transfer of Claim Pursuant to FRBP Rule 3001(e)(2) and Evidence of Transfer of Claim filed with the Court on May 26, 2006 [Docket No. 8086];

WHEREAS, Credit Suisse transferred the CCE Claims to VR, as evidenced by that certain Notice of Transfer of Claim Pursuant to FRBP Rule 3001(e)(2) and Evidence of Transfer of Claim field with the Court on June 27, 2006 [Docket No. 88070];

WHEREAS, VR is the current owner and holder of the CCE Claims;

WHEREAS, on August 9, 2006, the Debtors filed their Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the

"Plan") [Docket No. 10058], which provides for the substantive consolidation on compromised terms of all of the Debtors' estates. The Plan further provides that all Vendor/Supplier Claims (as defined in the Plan) are designated as Class 14 Claims (as defined in the Plan);

WHEREAS, on September 12, 2006, the Debtors filed their Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims and (F) Amended and Superseded Claims ("Twenty-Second Objection"), wherein the Debtors sought to reduce and reclassify Claim Nos. 8348, 8349, and 8350;

WHEREAS, on September 25, 2006, the Debtors filed their Twenty-Third Omnibus Objection to (A) Indemnification Claims, (B) No Liability Claims, (C) No Liability Misclassified Claims, (D) Overstated Claims, (E) Overstated Misclassified Claims, (F) Unliquidated Claims, (G) Misclassified Claims, and (H) Amended and Superseded Claims ("Twenty-Third Objection"), wherein the Debtors sought to reduce and reclassify Claim No. 8347;

WHEREAS, the parties have determined that $221,910.00 in post-petition payments made by CCE to the Debtors pursuant to marketing agreements between the Debtors and CCE were overpayments by CCE;

WHEREAS, the parties seek to settle and compromise the Twenty-Second Objection, the Twenty-Third Objection, the overpayments by CCE, the Possible Preference Claims or other claims under section 547, and section 550 of the Bankruptcy Code only to the extent that it provides authority for the recovery of a preferential transfer, without further litigation.

NOW, THEREFORE, the Debtors, VR, and CCE stipulate and agree as follows:

1. Upon entry of an order approving this Stipulation, Claim No. 8347 filed against Winn-Dixie Stores in the amount of $8,530,810.49, shall be allowed as an unsecured non-priority claim in the amount of $5,836,730.00. The amount of Claim No. 8347 in excess of $5,836,730.00 is disallowed. Pursuant to the terms of the Plan, Claim No. 8347 shall be treated as a Class 14 Claim. Claim Nos. 8348, 8349 and 8350 shall be disallowed in their entirety.

2. Effective upon entry of an order approving this Stipulation, all claims that originated as between the Debtors and CCE for products delivered to the Debtors or as between the Debtors and CCE for any credits or debits that arise pursuant to marketing agreements, which accrued pre-petition or arise from marketing agreements in effect at the time of the filing of Debtors' bankruptcy cases, are resolved by allowance of Claim No. 8347 in the amount provided in paragraph 1 above. In addition, in consideration of the allowance of Claim No. 8347 and the waiver by CCE of the right to recover post-petition payments made by CCE to the Debtors in the amount of $221,910.00, effective upon entry of an order approving this Stipulation, CCE shall be released from the Possible Preference Claims or other claims under section 547, and section 550 of the Bankruptcy Code only to the extent that it provides authority for the recovery of a preferential transfer, that the Debtors or their estates may have against CCE. Moreover, as further consideration, Claim No. 8347, as allowed in the amount of $5,836,730.00, shall not be subject to any rights of set-off.

3. Each party represents that it has authority to enter into this Stipulation.

4. This Stipulation may be executed by the undersigned in one or more counterparts, and all such counterparts collectively shall constitute one complete instrument.

5. The parties understand and agree that this Stipulation is being executed in settlement and compromise of disputed claims between the parties and is not to be construed as an admission of liability by either party.

6. The Debtors agree to use their best efforts to obtain approval from the Bankruptcy Court of this Stipulation and the compromise contained herein.

Dated: November ___, 2006.

VR GLOBAL PARTNERS, L.P.

By: _Richard Deitz_____
Its: _Authorized Signatory_____

WINN-DIXIE STORES, INC., ET AL.

By: _____
Its: _____

COCA COLA ENTERPRISES INC.

By: _____
Its: _____

- 5 -

5. The parties understand and agree that this Stipulation is being executed in settlement and compromise of disputed claims between the parties and is not to be construed as an admission of liability by either party.

6. The Debtors agree to use their best efforts to obtain approval from the Bankruptcy Court of this Stipulation and the compromise contained herein.

Dated: November ___, 2006.

        VR GLOBAL PARTNERS, L.P.

        By:_____
        Its:_____

        WINN-DIXIE STORES, INC., ET AL.

        By: [signature]
        Its: Senior Vice President

LEGAL APPROVED
ATTY: JFC
DATE: 11/6/06

        COCA COLA ENTERPRISES INC.

        By:_____
        Its:_____

5. The parties understand and agree that this Stipulation is being executed in settlement and compromise of disputed claims between the parties and is not to be construed as an admission of liability by either party.

6. The Debtors agree to use their best efforts to obtain approval from the Bankruptcy Court of this Stipulation and the compromise contained herein.

Dated: November ___, 2006.

VR GLOBAL PARTNERS, L.P.

By:_____
Its:_____

WINN-DIXIE STORES, INC., ET AL.

By:_____
Its:_____

COCA COLA ENTERPRISES INC.

By: _[signature]_____
Its: Director, Customer Financial Services

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

ORDER GRANTING DEBTORS' MOTION TO APPROVE
STIPULATION RESOLVING CLAIMS FILED BY COCA-COLA
ENTERPRISES INC. AND COMPROMISE OF AVOIDANCE ACTIONS

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order approving a stipulation with Coca-Cola Enterprises, Inc. (the "Motion"). The Court finds that (i) the Motion was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 20 days of the date of service, and (ii) no party filed an objection. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1. The Motion is granted.

2. The Stipulation Resolving Claims Filed by Coca-Cola Enterprises Inc. and Compromise of Avoidance Actions attached to the Motion is approved.

Dated this ____ day of _____, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

475526-Wilmington Server 1A - MSW