Walter F. McArdle (ALA Bar No. 2446-R69W)
SPAIN & GILLON, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203-3753
Telephone: (205) 328-4100
Facsimile: (205) 324-8866
wfm@spain-gillon.com

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | * | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | * | Case No. 3-05-bk-3817 |
| Debtors. | * | (Jointly Administered) |

## RESPONSE OF SELMA HIGHWAY 80 VENTURE II TO DEBTORS' TWENTY SIXTH OMNIBUS OBJECTION TO CLAIM

Comes now Selma Highway 80 Venture II Joint Venture, Lessor of non-residential real property in the above-referenced case (hereinafter "Lessor"), and objects to the Debtors' Twenty Sixth Omnibus Objection to Claims Arising From Unexpired Leases Of Non-Residential Real Property (I) That Have Been Assumed, (II) That Have Been Assumed and Assigned, or (III) That Are The Subject Of Lease Termination Agreements (hereinafter "the objection") as follows:

1. On Page 82 of Exhibit B, the Debtors propose that the Lessor's cure claim based upon Winn Dixie's assumption of the lease with Lessor, is only $5,758.66.

2. In fact, the amount necessary to cure the default with Lessor is in the amount of $18,311.16 as of October 31, 2006. Lessor has objected to Debtor's proposed cure in the amount of $5,758.66.

3. The amount necessary to cure the Debtor's default with the Lessor will be greater than $18,311.16, due to the fact that additional attorneys fees have been and will be incurred by Lessor in continuing to monitor the case and defend the Debtors' Twenty Sixth Omnibus Objection to Claims and to prosecute and be paid on its cure claim.

4. If there has been a default in the contract at the time of assumption, then the debtor-in-possession may not assume the contract unless, at the time of assumption (a) the debtor cures or provides adequate assurance that it will promptly cure the default, except as to non-monetary defaults; (b) that the debtor compensates, or provides adequate assurance of prompt compensation to the other party to the contract for any actual pecuniary loss resulting from such defaults; and (c) the debtor provides adequate assurance of future performance. 11 U.S.C. §365(b)(1); In re Airlift Int'l, Inc., 761 F.2d 1503, 1508 (11th Cir. 1985). The Debtors are required to cure all defaults under the contract, because the Debtors assume the contract with Lessor *cum onere*, i.e. with all of the burdens attaching to the assumption. The Debtor "becomes liable for performance of the entire contract, as if bankruptcy had never intervened." Airlift International, id.

5. If a party to the lease has suffered a pecuniary loss as a result of the debtor's default, the debtor is required to either compensate or provide adequate assurance of prompt compensation to the injured party. 11 U.S.C. §365(b)(1)(B). Upon assumption of the contract, the debtor is required to perform and the debtor's breaches under the contract become administrative expense claims entitled to priority. Nancy Dreher and Joan Fenney, Bankruptcy Law Manual §8:43 (5th ed. 2006) ; see also 11 U.S.C.§§503 and 507(a)(1).

6. Lessor does not object to the reclassification of its claim to administrative status, but does object to the amount of the claim as proposed by the Debtor. The entire amount necessary to cure the default should be classified as an administrative expense.

Submitted this the 22nd day of November, 2006.

_____
Nina M. LaFleur

Nina M. LaFleur
LaFleur Law Firm
P.O. Box 861128
St. Augustine, FL 32086
Phone: 904-797-7995
FL Bar # 0107451

_____
Walter F. McArdle

Spain & Gillon, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203
Phone: (205) 581-6295
Facsimile: (205) 324-8866

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has been served upon the parties via electronic mail or U.S. Mail on this 22nd day of ~~July~~ November, 2006.

Cynthia C. Jackson, Esq.
Smith, Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, FL  32202

David J. Baker, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY  10036-6522

Dennis F. Dunne, Esq.
Millbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY  10005

Office of the United States Trustee
135 W. Central Blvd.
Suite 620
Orlando, Florida 32801

_____
Of Counsel