UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER GRANTING DEBTORS' MOTION TO APPROVE STIPULATION BETWEEN DEBTORS AND DELL MARKETING, L.P.**

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its debtor affiliates (collectively, the "Debtors") for an order approving the Debtors' stipulation (the "Stipulation") with Dell Marketing, L.P. ("Dell") relating to (a) the Debtors' Sixteenth Omnibus Objection to (A) Misclassified Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims filed at Docket No. 9746 (the "Sixteenth Objection") as it pertains to Dell's Claim No. 286 ("Claim No. 286"), (b) Dell's response to the Sixteenth Objection filed at Docket No. 10398 (the "Dell Response"), and (c) potential preference claims under Section 547 of the Bankruptcy Code, subject to any defenses by Dell, relating to $39,238.98 in payments made to Dell between February 10, 2005 and February 21, 2005 (the "Possible Preference Claims") (the "Motion").[1] The Court finds that (i) the Motion was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 20 days of the date of service, and (ii) no party filed an objection. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1. The Motion is granted.

2. The Stipulation between the Debtors and Dell attached to the Motion is approved.

3. The Sixteenth Objection as it relates to Claim No. 286 and the Dell Response are resolved as provided in this Order and in the Stipulation.

4. Claim No. 286 is allowed as a prepetition non-priority unsecured claim in the reduced amount of $137,395.71, and the balance of Claim No. 286 is disallowed.

5. The Debtors are deemed to have waived and released the Possible Preference Claims.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 22 day of November, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Stipulation.