UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., *et al.*, ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Hearing Date: November 30, 2006 |
| ) | Objection Deadline: November 23, 2006 |

**LIMITED OBJECTION OF HERITAGE SPE, LLC TO DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS ARISING FROM UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY (I) THAT HAVE BEEN ASSUMED, (II) THAT HAVE BEEN ASSUMED AND ASSIGNED, OR (III) THAT ARE THE SUBJECT OF LEASE TERMINATION AGREEMENTS**

Heritage SPE, LLC ("Heritage"), a lessor of nonresidential real property in the above-captioned bankruptcy, by its undersigned counsel, hereby responds (the "Response") to the Debtors' Twenty-Sixth Omnibus Objection to Claims Arising from Unexpired Leases of Non-Residential Real Property (I) That Have Been Assumed, (II) That Have Been Assumed and Assigned, or (III) That Are the Subject of Lease Termination Agreements (the "Omnibus Objection"), and, in support thereof, respectfully states as follows:

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157, and venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

2.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

\\FIN\227701.1

3. Prior to the Petition Date, Heritage, as lessor, and the Debtors, as lessee, entered into a lease (the "Lease") of certain non-residential real property located in a shopping center in Pompano Beach, Florida, which the Debtors have identified as Store No. 207. A copy of the Lease will be made available upon request.

4. Heritage timely filed proof of claim number 11252 (the "Claim 11252") asserting claims against the Debtors based on certain unpaid obligations under the Lease.

5. On September 21, 2006, the Court entered an order **[Docket No. 11224]** (the "Assumption Order") authorizing the Debtors to assume the Lease and fixing Heritage's cure claim in the amount of "$62,391.31, plus any other charges, obligations, or amounts that may come due under the Lease on or before the Effective Date that have not been paid."

6. Additionally, the Assumption Order provides that "[t]he Debtors shall be obligated to satisfy any and all obligations under the Lease after the Effective Date, including but not limited to paying any charges, obligations, or amounts that may relate back or have been incurred before the Effective Date but which do not come due until after the Effective Date."

7. The assumption became effective on the Effective Date of the Debtors' Chapter 11 Plan.

8. In the Objection, the Debtors have listed Claim 11252 on Exhibit B to the Objection and seek to reclassify Claim 11252 as an administrative claim to the extent that it represents components of the cure amount "to be approved by the Court and disallowing [Claim 11252] to the extent [Claim 11252 exceeds] the cure amount[] ultimately approved by the Court . . . ." See Objection at p. 6, paragraph 13.

9. Heritage objects to the Omnibus Objection to the extent that it seeks to change, amend, or otherwise alter the Assumption Order in any manner, including but not limited to any attempt to decrease, limit, disallow, or otherwise alter the amount of Heritage's cure claim as established in the Assumption Order.

10. Heritage reserves all of its rights to amend and supplement this Response and to seek payment of any unpaid components of the cure amount as established in the Assumption Order.

(Remainder of page intentionally left blank.)

WHEREFORE, Heritage respectfully requests that this Court enter an order:

A. overruling the Omnibus Objection to the extent that it is inconsistent with the Assumption Order;

B. preserving all of Heritage's rights under the Assumption Order, including all rights to receive full payment of all components of its cure claim; and

C. granting such other and further relief as the Court determines is just or appropriate.

Dated: November 22, 2006              Respectfully submitted,

By: /s/ Michael M. Schmahl
Michael M. Schmahl (ARDC # 6275860)
McGuireWoods LLP
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601
(T) (312) 750-8881
(F) (312) 920-6598

\\FIN\227701.1

## CERTIFICATE OF SERVICE

I, Michael M. Schmahl, an attorney certify that I caused a true and correct copy LIMITED OBJECTION OF HERITAGE SPE, LLC TO DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS ARISING FROM UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY (I) THAT HAVE BEEN ASSUMED, (II) THAT HAVE BEEN ASSUMED AND ASSIGNED, OR (III) THAT ARE THE SUBJECT OF LEASE TERMINATION AGREEMENTS on the parties listed below by facsimile and electronic mail on this 22nd day of November, 2006.

/s/ Michael M. Schmahl

**Service List**

Cynthia C. Jackson
Smith, Hulsey, & Busey
225 Water St., Suite 1800
Jackson, FL 32202
Facsimile: (904) 359-7708
cjackson@smithhulsey.com

\\FIN\227701.1