IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: WINN-DIXIE STORES, et al.,  )
                                   )  Chapter 11
        Debtors.                   )  Case No. 05-03817-3F1
                                   )  Jointly Administered

## STATEMENT OF ISSUES ON APPEAL

E&A Financing II, L.P. d/b/a Rockbridge Place (Store No. 2723, Claim No.

12219); E&A Southeast, L.P. d/b/a Ellis Isle (Store No. 2620, Claim No. 12224), d/b/a

Reservoir Square Shopping Center Pump N Save (Store No. 1381, Claim No. 13254),

d/b/a Edens & Avant Properties LP/Magee Shopping Center (Store No. 1360, Claim No.

12220), and d/b/a Reservoir Square Brandon MS (Store No. 1347, Claim No. 493);

Shields Plaza, Inc. d/b/a E&A Southeast LP (Store No. 1912, Claim No. 12214);

Woodberry Plaza (E&A), LLC (Store No. 1233, Claim No. 12222); Villa Rica Retail

Properties, LLC (Store No. 2716, Claim No. 11844); Halpern Enterprises, Inc. d/b/a West

Ridge, LLC (Store No. 2703, Claim No. 12077); and Bank of America, as Trustee of

Betty Holland (Store No. 2732, Claim No. 11839) ("Appellants"), pursuant to Fed. R.

Bankr. P. 8006, hereby submit this Statement of Issues, and state as follows:

1.      Whether the Bankruptcy Court erred in entering the Order Confirming

Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors.

2.    Whether the Bankruptcy Court erred in overruling the Joint Objection of Appellants to the Debtors' Plan of Reorganization filed by the Appellants on September 25, 2006 (Docket No. 11312) and the objections of similarly situated creditors and appellants.

3.    Whether the Bankruptcy Court erred in entering the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors determining that the Debtors met their burden of establishing all elements of 11 U.S.C. §1129(a).

4.    Whether the Bankruptcy Court erred in entering the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors as the Debtors' plan provides less favorable treatment to the Appellant's class 13 guaranty claims than it provides to the other claims in Class 13 in violation of 11 U.S.C. §§ 1123(a)(4) and 1129(a)(1).

5.    Whether the Bankruptcy Court erred in entering the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors as the Debtors' plan provides for an improper "deemed consolidation" that inequitably extinguishes the class 13 guaranty claims held by the Appellants.

6.    Whether the Bankruptcy Court erred in finding that the members of the Committee of Unsecured Creditors represented the interests of the Appellants in the

2

settlement negotiations that led to the extinguishment of the class 13 guaranty claims held

by the Appellants.

    Dated this 27th day of November 2006.

HELD & ISRAEL

By: _____

    Kimberly H. Israel, Esquire
    Florida Bar #162574
    Adam N. Frisch, Esquire
    Florida Bar #635308
    1301 Riverplace Blvd., Suite 1916
    Jacksonville, Florida 32207
    (904) 398-7038 Telephone
    (904) 398-4283 Facsimile
    afrisch@hilawfirm.com
    Local Counsel for Appellants

    and

KITCHENS, KELLEY, GAYNES, P.C.

    Mark A. Kelley, Esquire
    11 Piedmont Center, Suite 900
    Atlanta, Georgia 30305
    (404) 467-7718 Telephone
    (404) 364-0126 Facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing

**STATEMENT OF THE ISSUES ON APPEAL** has been furnished by the Court's

CM/ECF system and U.S. MAIL on the **27**th day of **November, 2006** to:

      Adam Ravin
      D.J. Baker
      Sally M. Henry
      SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
      Four Times Square
      New York, New York 10036

      Stephen D. Busey
      Cynthia C. Jackson
      SMITH HULSEY & BUSEY
      225 Water Street, Suite 1800
      Jacksonville, Florida 32202

In addition, all who are listed in CM/ECF for these Chapter 11 cases will be notified of the filing of this Notice of Appeal through the Court's CM/ECF system

By: _____
      Adam N. Frisch, Esquire
      Florida Bar #635308

H:\DOCS\10000\10380\Statement of Issues on Appeal.doc