### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

### AGREED ORDER OF RESOLUTION OF THE LITIGATION
### CLAIM OF DGENANE GLEMAUD (CLAIM NO. 1590)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimant, Dgenane Glemaud (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). The Court finds that the proposed Agreed Order is for an agreed amount less than the $50,000 minimum established in the Claims Resolution Procedure. Accordingly, it is

ORDERED AND ADJUDGED:

1. Claim No. 1590 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $20,000.00 against Winn-Dixie Stores, Inc. in Case No. 05-03817 to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

2. This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 1590 and (ii) all other claims the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns of the date of this Agreed Order, all of which are forever waived, discharged and released, except for **claims against** Pepsi-Cola Bottling Co. of Ft. Lauderdale-Palm

Beach, Inc., its successors, affiliates, subsidiaries, divisions and related companies and their respective employees or independent contractors, as asserted or could be asserted in the action pending in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, as Case No. 06-007469(09), Dgenane Glemaud v. Pepsi-Cola Bottling Co. of Ft. Lauderdale-Palm Beach, Inc.

3. The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability. The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.

4. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 28 day of November, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

Letter to Claimant re Agreed Order - Dgenane Glemaud (00521816-2)

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By /s/ James H. Post
James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Debtors

By /s/ Barry Alan Wilen
Barry Alan Wilen

4601 Sheridan Street, Suite 208
Emerald Hills Executive Plaza
Hollywood, FL 33021

Attorney for the Claimant

Letter to Claimant re Agreed Order - Dgenane Glemaud (00521816-2)