**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Reorganized Debtors. | ) | Jointly Administered |

**NOTICE OF HEARING ON AGREED ORDER RESOLVING CLAIMS
FILED BY NEWELL RUBBERMAID INC. AND PEPSI COLA
BOTTLING CO. OF CTRL VA, AS SET FORTH IN THE
<u>DEBTORS' NINETEENTH OMNIBUS CLAIMS OBJECTION</u>**

TO PARTIES IN INTEREST:

PLEASE TAKE NOTICE that a hearing is scheduled for **December 14, 2006, at 1:00 p.m. (prevailing Eastern Time)**, before the Honorable Jerry A. Funk, United States Bankruptcy Court for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida 32202, to consider the attached Agreed Order Resolving Claims Filed by Newell Rubbermaid Inc. and Pepsi Cola Bottling Co. of Ctrl Va, as set forth in the Debtors' Nineteenth Omnibus Claims Objection.

Only objections filed with the Court so as to be received by **December 7, 2006** and served on D. J. Baker at <u>djbaker@skadden.com</u>, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, will be considered by the Bankruptcy Court at the hearing.

You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

Dated: November 30, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ D. J. Baker*  <br>     D. J. Baker<br>     Sally McDonald Henry<br>     Rosalie Walker Gray<br>     Jane M. Leamy<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By   *s/ James H. Post*  <br>     Stephen D. Busey<br>     James H. Post<br>     Cynthia C. Jackson,<br>     Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |
| Co-Counsel for Reorganized Debtors | Co-Counsel for Reorganized Debtors |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Reorganized Debtors.[1] | ) Jointly Administered |
| | ) |

**AGREED ORDER RESOLVING CLAIMS FILED BY NEWELL RUBBERMAID INC. AND PEPSI COLA BOTTLING CO. OF CTRL VA, AS SET FORTH IN THE DEBTORS' NINETEENTH OMNIBUS CLAIMS OBJECTION**

These cases originally came before the Court for hearing on August 31, 2006, upon the Sixteenth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of claim listed on Exhibit A through C to the Objection.[2] Formal and informal responses to the Objection were raised, as a result of which the Debtors agreed to continue the Objection with respect to claim no. 7310 filed by Newell Rubbermaid Inc., among others. On October 5, 2006, the Court entered an order (Docket No. 11667) sustaining the Objection as to the proofs of claim listed on the exhibits to the order and continuing the hearing on the Objection as to the unresolved claims. Based upon the representation by counsel to the Debtors that the

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

proposed Agreed Order reflects a resolution of the Objection as to claim no. 7310 filed by Newell Rubbermaid Inc. and an agreement to allow claim no. 1060 filed by Pepsi Cola Bottling Co. of Ctrl Va, it is

ORDERED AND ADJUDGED:

1. Claim no. 7310 filed by Newell Rubbermaid Inc. is disallowed in its entirety.

2. Claim no. 1060 filed by Pepsi Cola Bottling Co. of Ctrl Va. is allowed as an unsecured non-priority claim in the amount of $1,667.98.

3. Each claim and the objections by the Debtors to such claim as addressed in the Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order is deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by this Order.

4. Neither the Objection nor any disposition of the claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any potential Avoidance Action against any of the Claimants.

5. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this ____ day of _____, 2006 in Jacksonville, Florida.

                                                Jerry A. Funk
                                                United States Bankruptcy Judge