**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **WINN-DIXIE STORES, INC.,** *et al.*, | Case No.: 3:05-bk-3817-JAF |
| Debtors. | Hearing Date: Jan. 22, 2007, 1:30 p.m. |
| _____ / | Objs. Due: Dec. 26, 2006, 4:00 p.m. |

**APPLICATION OF SOUTHERN PARTNERS FOR ALLOWANCE**
**AND PAYMENT OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM**
**PURSUANT TO 11 U.S.C. SECTIONS 365(d)(3) AND 503(b)**

Southern Partners, LP ("Southern Partners"), by and through its undersigned counsel, hereby moves (the "Application") for allowance and payment of administrative expenses pursuant to sections 365(d)(3) and 503(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), and in support hereof, Southern Partners respectfully states as follows:

**Background**

1.      On February 21, 2005 (the "Petition Date") Winn-Dixie Stores, Inc., *et al.*, (the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. By order dated April 13, 2005, venue of the Debtors' bankruptcy cases was transferred to this Court.

2.      The Debtors' cases are being jointly administered. To date, no trustee or examiner has been appointed. In addition, the Debtors are operating their properties and managing their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

0018880\125359\1008260\1

3. Prior to the Petition Date, on or about January 18, 1995, Southern Partners and the Debtors, specifically Winn-Dixie Stores, Inc., entered into a lease agreement (the "Lease"),[1] by which Southern Partners leased to the Debtors certain commercial real property located at the northeast corner of the intersection of U.S. Highway #280 and Pecan Street, City of Cordele, County of Cruise, Georgia (the "Property"). The Debtors operated one of their many retail stores on the Property (Winn Dixie Store #149). On May 11, 1998, Southern Partners and the Debtors entered into the Supplemental Lease Agreement (the "Lease Supplement"),[2] which amended and supplemented certain terms of the Lease.

4. Pursuant to the Lease, the Debtors agreed and are obligated to pay their pro rata share of real estate taxes related to the Property (the "Real Estate Tax Obligations"). See Lease at ¶ 38.

5. The Debtors currently owe post-petition Real Estate Tax Obligations to Southern Partners that will come due on December 20, 2006. Specifically, the Debtors owe Real Estate Tax Obligations to Southern Partners pursuant to the Lease, for the period January 1, 2006 through and including May 30, 2006,[3] in the amount of $10,107.30. This amount was incurred subsequent to the Petition Date, but prior to the date the Debtors rejected the Lease (the "Lease Rejection", authorized by an order of this Court on May 19, 2006 (Docket No. 7971, the "Order")).

---

[1] A copy of the Lease is available upon request.

[2] A copy of the Lease Supplement is available upon request.

[3] The Lease was rejected by the Debtors on or about May 30, 2006, as evidenced by the Debtors' letter to Southern Partners, dated May 30, 2006, attached hereto as Exhibit "A".

0018880\125359\1008260\1

6. Subsequent to the Lease Rejection, and in accordance with the Order, Southern Partners filed an amended proof of claim (Proof of Claim #13295)[4] to incorporate its lease rejection damages flowing from the Debtors' Lease Rejection, including the Real Estate Tax Obligations.

**Basis for Relief**

7. Section 365(d)(3) of the Bankruptcy Code requires a debtor to "timely perform all the obligations… arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." The clear intent and express purpose of Bankruptcy Code section 365(d)(3) is to require a debtor-in-possession to timely perform its obligations under a lease in accordance with its terms. <u>Centerpoint Properties v. Montgomery Ward Holding Corp.</u>, 268 F.3d 205, 209 (3d Cir. 2001); <u>In re ZB Co., Inc.</u>, 302 B.R. 316, 319 (Bankr. D. Del. 2003).

---

[4] A copy of Southern Partners amended proof of claim (Claim #13295) is available upon request or electronically at the Claims Agent's website (http://loganandco.com). Additionally, attached hereto as Exhibit "B" are the tax notices in support of this claim. The amount reflected in Claim #13295 for real estate taxes owed by the Debtors for the period 1/1/06 through 5/30/06 is $10,347.92. However, Southern Partners recently received a tax notice from the City of Cordele (attached hereto) which notes that the City taxes decreased by slightly more than $200. Consequently, the tax obligations of the Debtors for the period 1/1/06 through 5/30/06 have decreased to $10,107.30, as reflected herein.

0018880\125359\1008260\1

8. It is well-settled law that a landlord's claim based on a debtor's non-performance of post-petition, pre-rejection lease obligations is entitled to administrative priority and payment. See TreeSource Indus. v. Midway Engineered Wood Prods., 363 F.3d 994, 997 (9th Cir. 2004); Montgomery Ward, 268 F.3d at 211-12 (holding that tax obligations becoming due and payable post-petition, pre-rejection were entitled to administrative priority); In re Pacific-Atlantic Trading Co., 27 F.3d 401, 403 (9th Cir. 1994) (holding that a lessor's claim for rent arising during relevant period is entitled to administrative priority by its requirement of prompt and full payment under Bankruptcy Code section 365(d)(3)); In re Winn-Dixie Stores, Inc., 333 B.R. 870, 873 (M.D. Fla. 2005) (holding that "[t]he trustee (or debtor-in-possession) is required to pay as an administrative expense… those amounts [of "rent, taxes and other payments under a lease"] which accrue after the petition date" but pre-rejection of the lease); In re Lacklow Bros., Inc., 18 B.R. 770, 772 (Bankr. S.D. Fla. 1982) (holding that tax obligations accruing during post-petition, pre-rejection period were entitled to administrative priority); In re Chi Chi's, Inc., 305 B.R. 396, 400 (Bankr. D. Del. 2004) (holding that assessments that came due post-petition, pre-rejection were required to be paid in full); Fifth Ave. Jewelers, Inc. v. Great East Mall, Inc., 203 B.R. 372, 380 (Bankr. W.D. Pa. 1996) (lessor could recover as administrative expense that portion of its damages claim for the 60-day period following the petition date and preceding the deemed rejection); In re New Almanacs, Inc., 196 B.R. 244, 248 (Bankr. N.D.N.Y. 1996) (holding that landlord of Chapter 11 debtor was entitled to administrative priority for unpaid rents due post-petition, pre-rejection of lease); In re Ames Dept. Stores, Inc., 150 B.R. 107, 109 (Bankr.

S.D.N.Y. 1993) (holding that landlord has an administrative claim for taxes which accrue post-petition, but prior to rejection of lease).

9. Bankruptcy Code Section 503(b)(1)(A) mandates that the debtor must pay administrative expenses, specifically including "actual, necessary costs and expenses of preserving the estate." Southern Partners claim for post-petition, pre-lease rejection real estate taxes clearly falls within the category of allowable administrative claims because it represents the Debtors' pro rata share of property taxes in relation to the shopping center where the Debtors were tenants, through the date of the Debtors' Lease Rejection. Moreover, the Debtors' use of the Property benefited and preserved the Debtors' estates because it allowed the Debtors to continue to operate one of their retail stores post-petition at this location. Accordingly, the Debtors' Real Estate Tax Obligations constitute an actual, necessary cost of preserving the Debtors' estates.

10. Section 365(d)(3) requires the Debtors to timely perform all post-petition obligations under the Lease. Under the Lease, the Debtors are obligated to pay post-petition rent and any other charges for the leased Property, including the Real Estate Tax Obligations. Nonetheless, the Debtors have yet to pay the Real Estate Tax Obligations.

11. In light of the requirement of Section 365(d)(3) and the fact that: the Debtors are currently preparing to make distributions to other creditors in the case; the case law clearly holds that the Real Estate Tax Obligations are to be accorded administrative status; there is no hardship to the Debtors in making payment immediately as the amount in question is very likely de minimis relative to other obligations of the Debtors; and Southern Partners must timely make the tax payments to the tax agencies in just a couple of weeks (i.e. on December 20, 2006), Southern Partners contends that it is appropriate for the Debtors to immediately pay the Real Estate Tax Obligations.

12. Accordingly, Southern Partners, pursuant to Sections 365(d)(3) and 503(b), seeks allowance and immediate payment of the Real Estate Tax Obligations, on an administrative priority basis, in the amount of $10,107.30.

13. Furthermore, Southern Partners reserves its right to amend Claim #13295,[5] to include the Real Estate Tax Obligations, to the extent, if any, that the Court determines that the Real Estate Tax Obligations, in the amount of $10,107.30, should not be accorded administrative status.

---

[5] The Debtors have objected to Claim #13295 by way of the Debtors' Twenty-Second Omnibus Objection to Claims. The Debtors' objection to this claim is based on the dollar amount. In particular to this Application, the Debtors objected to inclusion in the claim of the amount of the Real Estate Tax Obligations since the tax obligations are owing but not yet due. As Southern Partners believes that the Real Estate Tax Obligations are an administrative claim, and to the extent that the Court determines that Southern Partners' claim for these tax obligations should be accorded administrative status, Southern Partners will agree to reduce the portion of Claim #13295 by this administrative claim amount. However, Southern Partners is reserving all rights to amend Claim #13295 to include the amount, if any, that the Court determines should not be accorded administrative status.

WHEREFORE, Southern Partners respectfully requests that the Court enter an order   (i) establishing that Southern Partners' claim in relation to the Real Estate Tax Obligations (in the amount of $10,107.30) is to be accorded administrative status, (ii) allowing and directing immediate payment of $10,107.30 by the Debtors to Southern Partners, with administrative expense priority, in satisfaction of the Debtors' Real Estate Tax Obligations for the period 1/1/06 through 5/30/06, and (iii) granting such other and further relief in favor of Southern Partners as the Court deems just and proper.

Dated:  December 4, 2006

Respectfully Submitted,

/s/ Jason Ward Johnson
Robert F. Higgins
Florida Bar No.: 0150244
Jason Ward Johnson
Florida Bar No.: 0186538
**LOWNDES, DROSDICK, DOSTER, KANTOR & REED, P.A.**
215 North Eola Drive
Orlando, Florida  32801
Telephone No. 407-843-4600
Facsimile No.  407-843-4444

-and-

**STRADLEY, RONON, STEVENS & YOUNG, LLP**
Mark J. Dorval (PA Bar #76785)
Michael P. Migliore (DE Bar #4331)
300 Delaware Avenue, Suite 800
Wilmington, Delaware  19801
Telephone No. 302-576-5874
Facsimile No.  302-576-5858

Counsel for Southern Partners, LP

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Application of Southern Partners for Allowance and Payment of Administrative Expense Priority Claim Pursuant to 11 U.S.C. Sections 365(d)(3) and 503(b)* was filed with the Clerk of Court by using the Case Management/Electronic Case Filing ("CM/ECF") system which will electronically serve the application, and I will also serve the foregoing in accordance with Rule 5, *Federal Rules of Civil Procedure*, made applicable by Rule 7005, *Federal Rules of Bankruptcy Procedure*, to the following: Stephen D. Busey, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; David Jennis, Esq., Jennis & Bowen, P.L., 400 North Ashley Drive, Suite 2540, Tampa, Florida 33602; John B. Macdonald, Esq., Akerman, Senterfitt & Eidson, P.A., 50 North Laura Street, Suite 2500, Jacksonville, Florida 32202; Patrick P. Patangan, Esq., Akerman, Senterfitt & Eidson, P.A., 50 North Laura Street, Suite 2500, Jacksonville, Florida 32202; Elena L. Escamilla, Esq., Assistant United States Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801; Karol K. Denniston, Esq., Paul, Hastings, Janofsky & Waler, LLP, 600 Peachtree Street, Suite 2400, Atlanta, Georgia 30308; Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Plaza, New York, New York 10005; Jane M. Leamy, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, New York 10036; and D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, New York; this 4th day of December, 2006.

/s/ Jason Ward Johnson
Jason Ward Johnson

| | |
|---|---|
| Stephen D. Busey, Esq. | David Jennis, Esq. |
| Smith Hulsey & Busey | Jennis & Bowen, P.L. |
| 225 Water Street, Suite 1800 | 400 North Ashley Drive, Suite 2540 |
| Jacksonville, Florida 32202 | Tampa, Florida 33602 |
| (904) 359-7700 | (813) 229-1700 |
| (904) 359-7708 (facsimile) | (813) 229-1707 (facsimile) |
| busey@smithhulsey.com | ecf@jennisbowen.com |
| | |
| John B. Macdonald, Esq. | Patrick P. Patangan, Esq. |
| Akerman, Senterfitt & Eidson, P.A. | Akerman, Senterfitt & Eidson, P.A. |
| 50 North Laura Street, Suite 2500 | 50 North Laura Street, Suite 2500 |
| Jacksonville, Florida 32202 | Jacksonville, Florida 32202 |
| (904) 798-3700 | (904) 798-3700 |
| (904) 798-3730 (facsimile) | (904) 798-3730 (facsimile) |
| john.macdonald@akerman.com | patrick.patangan@akerman.com |

Elena L. Escamilla, Esq.  
Assistant United States Trustee  
135 West Central Boulevard, Room 620  
Orlando, Florida 32801  
(407) 648-6465  
(407) 648-6323 (facsimile)  
elana.l.escamilla@usdoj.gov  

Cynthia C. Jackson, Esq.  
Smith Hulsey & Busey  
225 Water Street, Suite 1800  
Jacksonville, Florida 32202  
(904) 359-7700  
(904) 359-7708 (facsimile)  
cjackson@smithhulsey.com  

Jane M. Leamy, Esq.  
Skadden, Arps, Slate, Meagher & Flom, LLP  
Four Times Square  
New York, New York 10036  
(212) 735-3000  
(212) 735-2000 (facsimile)  
jleamy@skadden.com  

Karol K. Denniston, Esq.  
Paul, Hastings, Janofsky & Waler, LLP  
600 Peachtree Street, Suite 2400  
Atlanta, Georgia 30308  
(404) 815-2347  
(404) 685-5347 (facsimile)  

Dennis F. Dunne, Esq.  
Milbank, Tweed, Hadley & McCloy, LLP  
1 Chase Plaza  
New York, New York 10005  
(212) 530-5000  
(212) 530-5219 (facsimile)  
ddunne@milbank.com  

D.J. Baker, Esq.  
Skadden, Arps, Slate, Meagher & Flom, LLP  
Four Times Square  
New York, New York  
(212) 735-3000  
(212) 735-2000 (facsimile)  
dbaker@skadden.com