**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Reorganized Debtors. | ) | Jointly Administered |

**NOTICE OF HEARING ON AGREED ORDER RESOLVING CLAIM NUMBER 843 FILED BY THE NORTH CAROLINA SELF-INSURANCE SECURITY ASSOCIATION F/K/A THE NORTH CAROLINA SELF-INSURANCE GUARANTY ASSOCIATION, AS SET FORTH IN THE DEBTORS' NINETEENTH OMNIBUS CLAIMS OBJECTION**

TO PARTIES IN INTEREST:

PLEASE TAKE NOTICE that a hearing is scheduled for **December 14, 2006 at 1:00 p.m. (prevailing Eastern Time)**, before the Honorable Jerry A. Funk, United States Bankruptcy Court for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida 32202, to consider the attached Agreed Order Resolving Claim Number 843 filed by the North Carolina Self-Insurance Security Association f/k/a the North Carolina Self-Insurance Guaranty Association, as set forth in the Debtors' Nineteenth Omnibus Claims Objection.

Only objections filed with the Court so as to be received by **December 11, 2006** and served on D. J. Baker at djbaker@skadden.com, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, will be considered by the Bankruptcy Court at the hearing.

You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

Dated: December 4, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ D. J. Baker*   <br>     D. J. Baker <br>     Sally McDonald Henry <br>     Rosalie Walker Gray <br>     Jane M. Leamy <br> Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | By   *s/ James H. Post*   <br>     Stephen D. Busey <br>     James H. Post <br>     Cynthia C. Jackson, <br>     Florida Bar Number 175460 <br> 225 Water Street, Suite 1800 <br> Jacksonville, Florida  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> jpost@smithhulsey.com |
| Co-Counsel for Reorganized Debtors | Co-Counsel for Reorganized Debtors |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

**AGREED ORDER RESOLVING CLAIM NUMBER 843 FILED BY THE
NORTH CAROLINA SELF-INSURANCE SECURITY ASSOCIATION
F/K/A THE NORTH CAROLINA SELF-INSURANCE GUARANTY
ASSOCIATION, AS SET FORTH IN THE DEBTORS' NINETEENTH
OMNIBUS CLAIMS OBJECTION**

These cases originally came before the Court for hearing on October 5, 2006, upon the Nineteenth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of claim listed on Exhibit A through D to the Objection.[2] An informal response to the Objection was raised by the North Carolina Self-Insurance Security Association f/k/a The North Carolina Self-Insurance Guaranty Association, as a result of which the Debtors agreed to continue the Objection with respect to claim no. 843 filed by the North Carolina Self-Insurance Security Association, among others. On October 5, 2006, the Court entered an order (Docket No. 11667) sustaining the Objection as to the proofs of claim listed on the exhibits to

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

the order and continuing the hearing on the Objection as to claim no. 843 and other unresolved claims. Based upon the representation by counsel to the Debtors and counsel to the North Carolina Self-Insurance Security Association that the proposed Agreed Order reflects a resolution of the Objection as to claim no. 843 it is

ORDERED AND ADJUDGED:

1. Claim no. 843 filed by the North Carolina Self-Insurance Security Association is fixed and allowed as an unsecured non-priority claim in the amount of $3,000.00.

2. This Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims filed by the North Carolina Self-Insurance Security Association in these Chapter 11 cases and (ii) all other pre-petition or pre-confirmation claims that the North Carolina Self-Insurance Security Association has or may have against the Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

3. This Order shall not affect the rights or remedies the North Carolina Self-Insurance Security Association may have against the Debtors under applicable law if the Debtors should fail to fulfill their obligation under the the confirmed joint plan of reorganization to pay any and all valid North Carolina workers' compensation claims pursuant to the North Carolina Workers' Compensation Act that were incurred during the period that the Debtors maintained a license to self-insure in the State of North Carolina.

    4.       The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this ____ day of _____, 2006 in Jacksonville, Florida.

                                                                Jerry A. Funk
                                                                United States Bankruptcy Judge

Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| SMITH HULSEY & BUSEY | STUART LAW FIRM PLLC |
|---|---|
| By /s/ James H. Post<br>James H. Post | By /s/ Theresa S. Dew*<br>Catherine R. Stuart<br>Theresa S. Dew |
| Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile) | 1033 Wade Avenue, Suite 200<br>Raleigh, North Carolina 27605<br>(919) 787-6050<br>(919) 787-9988 (facsimile) |
| -and- | Attorneys for the North Carolina Self-Insurance Security Association f/k/a The North Carolina Self-Insurance Guaranty Association |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | |
| D. J. Baker<br>Sally McDonald Henry<br>Rosalie Walker Gray<br>Jane M. Leamy<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile) | *Counsel has authorized her electronic signature |
| Co-Attorneys for Debtors | |