**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |

**NOTICE OF HEARING ON AGREED ORDER**
**RESOLVING CLAIMS FILED BY LINDA PERKINS**

TO PARTIES IN INTEREST:

PLEASE TAKE NOTICE that a hearing is scheduled **for December 14, 2006 at 1:00 p.m. (prevailing Eastern time)** before the Honorable Jerry A. Funk, United States Bankruptcy Court for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida 32202, to consider the attached Agreed Order Resolving the claims filed by Linda Perkins in these cases.

Only objections filed with the Court so as to be received by **December 11, 2006** and served on Smith Hulsey & Busey, Attn:  James H. Post, Esq., 225 Water Street, Suite 1800, Jacksonville, Florida  32202, via email at jpost@smithhulsey.com, or via facsimile sent to (904) 359-7708, will be considered by the Bankruptcy Court at the hearing.

You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure, a photo ID is required for entry into the Courthouse.

Dated: December 6, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ D. J. Baker*         D. J. Baker       Sally McDonald Henry       Rosalie Walker Gray | By   *s/ James H. Post*         Stephen D. Busey       James H. Post (FBN 175460)       Leanne McKnight Prendergast |
| Four Times Square  New York, New York 10036  (212) 735-3000  (917) 777-2150 (facsimile)  djbaker@skadden.com | 225 Water Street, Suite 1800  Jacksonville, Florida  32202  (904) 359-7700  (904) 359-7708 (facsimile)  jpost@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

**AGREED ORDER OF RESOLUTION OF THE LITIGATION**
**CLAIM OF LINDA PERKINS (CLAIM NOS. 575 AND 3421)**

These cases are before the Court upon notice by Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") of a mediated settlement agreement with Claimant, Linda Perkins (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). Based upon the representation by counsel for the Debtors that the proposed Agreed Order reflects a resolution of the claim, it is

ORDERED AND ADJUDGED:

1. Claim No. 3421 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $150,000 against Winn-Dixie Montgomery, Inc. in Case No. 05-3837 to be paid in accordance with the confirmed plan of reorganization in these Chapter 11 cases.

2. This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 3421 and (ii) all other claims, including, but not limited to Claim No. 575, the Claimant has or may have against the Debtors and any of their Chapter 11 estates,

officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

3. The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Debtors in this Court or in any other forum.

4. The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability. The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement.

5. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of _____, 200__, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]