UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

## AMENDED[1] AGREED ORDER OF RESOLUTION OF THE LITIGATION CLAIM OF ROMINA GRANADO (CLAIM NO. 5879)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimant, Romina Granado (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). The Court finds that the proposed Agreed Order is for an agreed amount less than the $50,000 minimum established in the Claims Resolution Procedure. Accordingly, it is

ORDERED AND ADJUDGED:

1.      Claim No. 5879 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $2,500.00 against Winn-Dixie Stores, Inc. in Case No. 05-03817 which the Debtors are authorized to pay in full in accordance with the Claims Resolution Procedure.

2.      This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 5879 and (ii) all other claims the Claimant has or may have against the

---

[1] This Order is amended to correct paragraph 1 of the Order dated November 15, 2006 (Docket No. 12598) to state that "Claim No. 5879 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $2,500.00 ... which the Debtors are authorized to pay in full in accordance with the Claims Resolution Procedure" ... instead of "Claim No. 5879 filed by Claimant is allowed as an unsecured non-priority claim ... to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases."

00547382

Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

3.      The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Debtors in this Court or in any other forum.

4.      The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability.  The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.  This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement.

5.      The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this ___ day of _____, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

00547382

<u>Consent</u>

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By _____
    James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Debtors

KLEMICK & GAMPEL, P.A.

By _____
    Christopher Klemick

1953 S.W. 27th Ave.
Miami, Florida 33145

Attorney for the Claimant

00547382