UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| WINN-DIXIE STORES, INC., ) | Case No. 05-03817-3F1 |
| et al., ) | Chapter 11 |
| ) | Jointly Administered |
| Debtors. ) | |
| _____) | |

MOTION FOR RELIEF FROM
ORDER DISALLOWING CLAIMS NOS. 5580 AND 5581
(WINN-DIXIE STORE # 1908,
THE VILLAGE ON WHITESBURG,
HUNTSVILLE, ALABAMA)
FILED BY TRANSAMERICA LIFE INSURANCE COMPANY

The creditor, Transamerica Life Insurance Company ("Transamerica"), by its undersigned attorneys, pursuant to the provisions of Fed.R.Bankr.P. 9023 and 9024 and Fed.R.Civ.P. 59(e) and 60(a) and (b), moves for relief from the "Order Sustaining Debtors' Twenty-Sixth Omnibus Objection to Claims Arising From Unexpired Leases of Non-Residential Real Property (I) That Have Been Assumed, (II) That Have Been Assumed and Assigned, Or (III) That Are the Subject of Lease Termination Agreements," entered by the Court on November 30, 2006 (Dkt. # 12908). The grounds for

this motion, stated with particularity, and the relief or order sought are these:

   1. Transamerica filed timely proofs of claim in these cases, Claim Nos. 5580 and 5581.

   2. On November 30, 2006, the Court entered its order entitled "Order Sustaining Debtors' Twenty-Sixth Omnibus Objection to Claims Arising From Unexpired Leases of Non-Residential Real Property (I) That Have Been Assumed, (II) That Have Been Assumed and Assigned, Or (III) That Are the Subject of Lease Termination Agreement" (Dkt. # 12908). The Court entered the order as a consequence of a hearing held on November 30, 2006.

   3. Pursuant to the provisions of paragraph 5 and Exhibit D (page 3 of 4; PDF Attachment page 34 of 35) of that order, the Court disallowed Transamerica's Proofs of Claim Nos. 5580 and 5581.

   4. As the e-mail correspondence between counsel for Transamerica and the Debtors attached here as Exhibit A unequivocally shows, the Debtors' objection to Transamerica's claims was not to be heard at the hearing held on November 30, 2006. As the attached e-mail correspondence also unequivocally shows, counsel for the

Debtors has acknowledged that Transamerica's claims were included in the order and disallowed by mistake.

4. In these circumstances, Transamerica is entitled to relief from the order disallowing its claims. Accordingly, the Court should grant this motion and vacate the provisions of the November 30 order that disallow Transamerica's claims.

5. Transamerica makes this motion timely within ten days of the date of the entry of the order containing the mistake Transamerica asks be corrected.

WHEREFORE, Transamerica prays that the Court will grant its motion and enter a separate order vacating the terms of the November 30 order that purport to disallow Proofs of Claim Nos. 5580 and 5581.

          Respectfully submitted,

          C. TIMOTHY CORCORAN, III, P.A.
          400 N. Ashley Drive, Suite 2540
          Tampa, Florida  33602
          (813) 769-5020
          (813) 769-5030 (fax)
          ctcorcoran@mindspring.com
          Attorneys for Transamerica

          By */s/ C. Timothy Corcoran, III*
              C. Timothy Corcoran, III
              Florida Bar No. 0161248

Proof of Service

       I certify that today I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to those listed below.  I also certify that I have sent by United States Mail today a copy of the foregoing to any persons listed below who will not receive from the Clerk a notice of electronic filing:

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL  32254-3699

Adam Ravin, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY  10036

Cynthia C. Jackson, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL  32202

James H. Post, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL  32202

Dennis F. Dunne, Esquire
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY  10005

John B. Macdonald, Esquire
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, FL  32202

Patrick P. Patangan, Esquire
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, FL  32202

Elena L. Escamilla, Esquire
Office of the United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL  32806


*December 8, 2006*                    */s/ C. Timothy Corcoran, III*
Dated                                 C. Timothy Corcoran, III

# EXHIBIT A

# C. Timothy Corcoran, III

| | |
|---|---|
| **From:** | C. Timothy Corcoran, III [ctcorcoran@mindspring.com] |
| **Sent:** | Monday, December 04, 2006 5:28 PM |
| **To:** | 'Cynthia C. Jackson' |
| **Cc:** | 'Tana L. Copeland' |
| **Subject:** | RE: RE: FW: FW: RE: RE: FW: Order Approving Debtors' Lease Termination Agreement ( 00003554).PDF |

I figured this was just a snafu.  No need to apologize.

Please send me by e-mail attachment what you file.  I appreciate your cooperation.

Thanks, CTC

-----Original Message-----
From: Cynthia C. Jackson
Sent: Monday, December 04, 2006 12:49 PM
To: ctcorcoran@mindspring.com
Cc: Tana L. Copeland

I do not know how that happened.  I apologize and will fix it immediately.

_____

From: C. Timothy Corcoran, III [mailto:ctcorcoran@mindspring.com]
Sent: Sun 12/3/2006 5:55 PM
To: Cynthia C. Jackson
Subject: FW: FW: FW: RE: RE: FW: Order Approving Debtors' Lease Termination Agreement ( 00003554).PDF


Cynthia, the order entered by Judge Funk on November 30 (Dkt. # 12908) disallowed my client's claim, contrary to our agreement as reflected in the e-mail traffic below.  (Take a look at Exhibit D to the order.  It's on Attachment 1 to the order on page 34 of 35.)  I assume this was a simple mistake.  Please confirm that you are going to fix this so I do not have to file a motion for reconsideration.

Thanks, CTC

-----Original Message-----
From: C. Timothy Corcoran, III
Sent: Friday, November 17, 2006 5:58 PM
To: 'cjackson@smithhulsey.com'

I understand that you will be taking this objection off Judge Funk's calendar for Nov. 30 and that you are extending the time we have to respond to the debtors' objection to our claim (that was originally set for Nov. 23).  I understand that you will provide reasonable notice before a response is required by us.  I understand that you are granting this extension and continuance so you will have the time to investigate and respond to the request that I have made that the debtors withdraw their objection to our claim.

Based upon these understandings, I will not respond by Nov. 23 or appear at the hearing on Nov. 30.  Instead, I'll await further word from you.

Thanks for your cooperation.

Thanks, CTC

-----Original Message-----
From: C. Timothy Corcoran, III
Sent: Thursday, November 16, 2006 5:57 PM

1

To: CTC Office


-----Original Message-----
From: Cynthia C. Jackson [mailto:cjackson@smithhulsey.com]
Sent: Thursday, November 16, 2006 4:33 PM
To: ctcorcoran@mindspring.com
Cc: Denise Kaloudis; Adam S. Ravin
Subject: RE: RE: RE: FW: Order Approving Debtors' Lease Termination Agreement ( 00003554).PDF


We will continue hearing and objection deadline an look into it.

-----Original Message-----
From: C. Timothy Corcoran, III [mailto:ctcorcoran@mindspring.com]
Sent: Thursday, November 16, 2006 9:55 AM
To: Cynthia C. Jackson
Cc: 'Denise Kaloudis'; 'Adam S. Ravin'
Subject: RE: RE: RE: FW: Order Approving Debtors' Lease Termination Agreement ( 00003554).PDF

Thanks.  I have this tickled for Monday so I can prepare any opposition by the deadline.

Thanks, CTC

-----Original Message-----
From: Cynthia C. Jackson
Sent: Wednesday, November 15, 2006 4:45 PM
To: ctcorcoran@mindspring.com
Cc: Denise Kaloudis; Adam S. Ravin

I will look into it and get back to you.

-----Original Message-----
From: C. Timothy Corcoran, III [mailto:ctcorcoran@mindspring.com]
Sent: Thursday, November 09, 2006 3:36 PM
To: Cynthia C. Jackson
Cc: 'Denise Kaloudis'; 'Adam S. Ravin'
Subject: RE: RE: FW: Order Approving Debtors' Lease Termination Agreement ( 00003554).PDF

Ms. Jackson, I write to ask that you withdraw the debtors' objection to my client's claim as set forth in the October 31, 2006, 26th Omnibus Objection to Claims to avoid the necessity of having me oppose the debtors' objection. Here is why I ask that you do this:

You will recall that I represent Transamerica Life Insurance Company, the former owner of Winn-Dixie Store No. 1908 in Huntsville, AL.  One of the Winn-Dixie entities was the tenant.  Before the Winn-Dixie bankruptcy filing, my client sold the store to VOW, LLC. Pursuant to the purchase and sale agreement between my client and VOW, Winn-Dixie's obligations under the lease to pay CAM, taxes, insurance, etc., for 2004 that came due in 2005 after the sale are owed to my client and not to VOW.

On June 22, 2005, I filed an application for payment of administrative expenses for these amounts - some $76,222.25.  On July 5, 2005, I also filed alternative, unsecured proofs of claim for these amounts in the event Judge Funk were to deny the application for payment of administrative expenses (Dkt. # 1849).  Both the proofs of claim and the application explain the sale of the store and my client's right to payment for these amounts that came due after the sale.  Judge Funk ultimately denied the administrative expense application on November 15, 2005 (Dkts. ## 4181 & 4182).

In the meantime, the debtors and VOW entered into an agreement to terminate the lease that was filed on August 23, 2005 (Dkt. # 3142). Judge Funk entered an order on August 26, 2005, approving that agreement (Dkt. # 3236). Under the agreement, VOW was not to have a pre-petition claim.  Although nothing in the agreement purported to affect my client's rights to the monies due it, the terms of the order spoke expansively about amounts due

2

under the lease.

To avoid the necessity of seeking clarification or relief from that order, we exchanged the e-mail correspondence appearing below. In it, you gave me the necessary assurance that nothing in the order was intended to affect my client's rights. My client and I, therefore, have been awaiting confirmation and distribution on my client's unsecured claim.

On October 31, 2006, the debtors filed their 26th Omnibus Objection to Claims. In it, the debtors make objection to my client's claim on the ground "lease terminated by agreement and any pre-petition claim(s) waived." (Exhibit D, page 4 of 5, Claim No. 5581). While this objection is correct as to VOW, it is not correct as to my client. (The debtors indeed objected to the separate VOW claim two entries after my client's claim on the schedule.) Thus, as to my client, this objection is incorrect as a matter of fact and law and is contrary to the assurances you gave me in your e-mail of September 1, 2005.

I assume that the Winn-Dixie personnel or your firm's paralegals who prepared the schedules attached to the 26th Omnibus Objection to Claims were unaware of my client's right to payment for the 2004 CAM, taxes, insurance, etc., that came due in 2005 after the sale, that VOW had no right to payment of those amounts, and that the debtors and VOW had no ability to waive my client's right to payment in their lease termination agreement. I also assume that those personnel had no knowledge of our e-mail correspondence. I assume, therefore, that my client's claim was simply placed in this objection by mistake. I can certainly understand how such a mistake could be made in these circumstances.

Thus, to avoid putting my client to the expense of having me oppose the objection to its claim, I ask that you simply withdraw the debtors' objection to my client's claim. Please let me know so I can prepare such a response if I have to do so. Of course, please telephone if you would like to discuss this.

Thanks, CTC

C. Timothy Corcoran, III
C. Timothy Corcoran, III, P.A.
400 N. Ashley Drive, Suite 2540
Tampa, FL  33602
(813) 769-5020
(813) 769-5030 fax
ctcorcoran@mindspring.com

-----Original Message-----
From: C. Timothy Corcoran, III
Sent: Thursday, September 01, 2005 1:14 PM
To: 'Cynthia C. Jackson'
Cc: 'Denise Kaloudis'; 'Adam S. Ravin'

Ms. Jackson, thanks for your response. It is completely satisfactory, and I will therefore not have to be filing a motion for relief or clarification. I'm glad we didn't have to gear up for this.

Thanks, CTC

-----Original Message-----
From: Cynthia C. Jackson
Sent: Thursday, September 01, 2005 10:53 AM
To: ctcorcoran@mindspring.com
Cc: Denise Kaloudis


Judge Corcoran, I apologize for just getting back to you. Adam forwarded your email to me last week and we have just been swamped. I assure you that we have no intention of jeopardizing your client's claim by this order. We will deal with the claim in whatever manner Judge Funk directs us to. Please call me if you have any questions.


Cynthia C. Jackson

Smith Hulsey & Busey
904.359.7731


-----Original Message-----
From: Adam Ravin [mailto:ARAVIN@skadden.com]
Sent: Monday, August 29, 2005 2:51 PM
To: Cynthia C. Jackson
Cc: Denise Kaloudis; Sally McDonald Henry
Subject: Fwd: Order Approving Debtors' Lease Termination Agreement ( 00003554).PDF

Cyndi:

Please see below inquiry and the September 2nd deadline he references. Can you provide him with the assurances he needs?

Please let us know so that Denise can respond in my absence.

Thanks.

Adam S. Ravin
Skadden, Arps, Slate, Meagher & Flom LLP Four Times Square New York, NY 10036-6522
Tel:  (212) 735-3389
Fax: (917) 777-3389
aravin@skadden.com

>>> "C. Timothy Corcoran, III" <ctcorcoran@mindspring.com> 08/29/05 2:23 PM >>>
Adam, I am attaching a copy of the order Judge Funk entered on Friday approving the termination agreement between the debtors and VOW, LLC, the current owner of Store 1908 in Huntsville, AL (Dkt. # 3236).  Under this agreement, VOW, the landlord, takes out the debtors under the lease of the store.  As you recall, I represent the former owner of that store.  In the purchase and sale agreement between my client, Transamerica Life Insurance Company, and VOW, the debtors' obligations under the lease to pay CAM, taxes, insurance, etc., for 2004 that came due in 2005 are owed to my client and not to VOW.  These are the charges in our application for payment of administrative expenses (Dkt. # 1849) that I argued on August 4 and that Judge Funk took under advisement.


You may also recall that I filed an objection to the cure amount listed for Store 1908 because the amounts were inconsistent with my client's understanding and because my client was not identified as the entity owed this money (Dkt. # 2253).  VOW also filed an objection to the cure amount.


Although I did not see anything in the termination agreement between the debtors and VOW that appeared to threaten my client's position and right to seek the amounts from the debtors that we are claiming, the terms of the order that Judge Funk entered on Friday arguably does jeopardize my client's position.  It talks about waiving all claims under the lease other than those in the termination agreement.  This could be construed to mean a
waiver of my client's claim.   In addition, paragraph L of the order,
which
seems to save something for Judge Funk's separate determination, does not mention my client.


Can you assure me that nothing in Judge Funk's order is intended by the debtors to jeopardize my client's claim as asserted in the application for payment of administrative expenses and the objection to cure amount?

The
assurance I am seeking would be subject, of course, to Judge Funk's ruling on the merits

4

of the amount due my client and his ruling on whether the amount due is a prepetition, unsecured obligation or a post-petition administrative expense.  If you can give this assurance, I will be satisfied to let the matter go.  If you cannot give that assurance, however, I will need to file a motion under Rules 9023 and 9024 seeking relief from and a clarification of the order.  Given weekends and the Labor Day holiday, my deadline for filing that motion is Tuesday, September 6.  Thus, I'd like to hear from you one way or the other by noon on Friday, September 2.


Hopefully, we can resolve this easily without additional motion practice. Of course, please let me know if you have questions or if you would like to discuss this with me.


Thanks, CTC

------------------------------------------------------------------------------
To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

*****************************************************
This e-mail and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any e-mail, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*****************************************************
============================================================================
The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

Attachment(s): Order Approving Debtors' Lease Termination Agreement (00003554).PDF

5

6