UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

### AGREED ORDER RESOLVING (I) CLAIM NUMBER 366 FILED BY CSX CORPORATION, AS SET FORTH IN THE DEBTORS' EIGHTH OMNIBUS CLAIMS OBJECTION AND (II) REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE

These cases originally came before the Court for hearing on May 4 2006, upon the Eighth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of claim listed on Exhibit A to the Objection.[2] A response to the Objection was filed by CSX Corporation, as a result of which the Debtors agreed to continue the Objection with respect to claim no. 366 filed by CSX Corporation, among others. On May 4, 2006, the Court entered an order (Docket No. 7594) sustaining the Objection as to the proofs of claim listed on the exhibits to the order and continuing the hearing on the Objection as to claim no. 366 and other unresolved claims. Based upon the representation by counsel to the Debtors and counsel to CSX

---

[1]   In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]   All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

Corporation that the proposed Agreed Order reflects a resolution of (i) the Objection as to claim no. 366 and (ii) the Request for Payment of Administrative Expense filed by CSX Corporation, it is

ORDERED AND ADJUDGED:

1. Claim no. 366 filed by CSX Corporation is allowed as an unsecured non-priority claim in the amount of $70,407.09.

2. The Request for Payment of Administrative Expense filed by CSX Corporation (Docket No. 7469) shall be disallowed in its entirety.

3. This Order resolves all liabilities and obligations related to all proofs of claim and administrative expense claims filed by CSX Corporation in these Chapter 11 cases.

4. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 11 day of December, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By /s/ *James H. Post*
James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

-and-

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

D. J. Baker
Sally McDonald Henry
Rosalie Walker Gray
Jane M. Leamy
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)

Co-Counsel for Debtors

McGUIREWOODS LLP

By /s/ *Michael T. Fackler*\*
Michael T. Fackler

Florida Bar Number 0612421
John H. Maddock III
Elizabeth L. Gunn
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202-3661
(904) 798-2684
(904) 798-3266 (facsimile)
mfackler@mcguirewoods.com

Counsel to CSX Corporation

\*Counsel has authorized his electronic signature