**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |

**NOTICE OF HEARING ON AGREED ORDER**
**RESOLVING CLAIMS FILED BY STATE OF LOUISIANA**

TO PARTIES IN INTEREST:

PLEASE TAKE NOTICE that a hearing is scheduled for **December 14, 2006 at 1:00 p.m. (prevailing Eastern time)** before the Honorable Jerry A. Funk, United States Bankruptcy Court for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida 32202, to consider the attached Stipulation Regarding Settlement of Claims Between Debtors and the State of Louisiana Department of Revenue and proposed Agreed Order approving the stipulation.

You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities.  Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse as are computers, absent a specific order by the Court authorizing

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

the use of a computer.  Please take notice that as an additional security measure, a photo ID is required for entry into the Courthouse.

Dated: December 13, 2006

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP


By      *s/ D. J. Baker*                             By      *s/ James H. Post*
        D. J. Baker                                          Stephen D. Busey
        Sally McDonald Henry                                 James H. Post (FBN 175460)
        Rosalie Walker Gray                                  Leanne McKnight Prendergast

Four Times Square                                    225 Water Street, Suite 1800
New York, New York 10036                             Jacksonville, Florida  32202
(212) 735-3000                                       (904) 359-7700
(917) 777-2150 (facsimile)                           (904) 359-7708 (facsimile)
djbaker@skadden.com                                  jpost@smithhulsey.com

Co-Counsel for Debtors                               Co-Counsel for Debtors


551085

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. [1] | ) | Jointly Administered |

## STIPULATION REGARDING SETTLEMENT OF
## CLAIMS BETWEEN DEBTORS AND THE
## STATE OF LOUISIANA DEPARTMENT OF REVENUE

This stipulation is entered into between (i) Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), and (ii) The State of Louisiana, Department of Revenue (the "State of Louisiana") as follows:

### Recitals

A.    Prior to the Petition Date, the State of Louisiana asserted certain claims against Winn-Dixie Louisiana, Inc. ("WDLA")[2] for additional Louisiana Corporation Income Tax and/or Louisiana Franchise Tax ("Tax"), penalties, interest, attorney's fees, and other costs, fees and/or expenses for each of the Income and/or Franchise Tax years ending in June 1992 through June 1999, inclusive (the "1992-1999 Tax Claims").

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases:  Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] WDLA was subsequently merged into Winn-Dixie Montgomery, Inc.

B.      The State of Louisiana filed suit against WDLA seeking recovery of the 1992-1999 Tax Claims in the matters entitled (1) *John Neely Kennedy, Secretary Department of Revenue and Taxation, State of Louisiana vs. Winn-Dixie Louisiana, Inc.,* Docket No. 487-680, Division "P," Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, and (2) *Cynthia Bridges, Secretary, Department of Revenue, State of Louisiana vs. Winn-Dixie Louisiana, Inc.*, Docket No. 561-806, Division "P" [formerly "D"], Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana (these suits were consolidated by the court and are collectively referred to herein as the "Tax Litigation").

C.      The State of Louisiana has also asserted certain additional claims against the Debtors, including WDLA, for additional Tax, penalties, interest, attorney's fees, and other costs, fees and/or expenses for each of the Tax years ending in June 2000 through June 2005, inclusive (the "2000-2005 Tax Claims").

D.      The Debtors, including WDLA, denied that they owe any additional taxes or other amounts to the State of Louisiana for any of these tax periods.

E.      On February 21, 2005 (the "Petition Date"), the Debtors, including WDLA, filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

F.      The State of Louisiana filed 24 proofs of claim in these Chapter 11 cases asserting secured, unsecured and priority claims against the Debtors, as identified in Exhibit 1 attached (the "State of Louisiana Proofs of Claim").

G.      The Debtors have filed or intend to file objections to each of the State of Louisiana Proofs of Claim.

H.      The Debtors also filed or otherwise perfected Louisiana corporation income and Louisiana corporation franchise tax refund claims with the State of Louisiana exceeding the aggregate amount of $6.8 million as identified in Exhibit 2 attached (the "Winn-Dixie Tax Refund Claims").

I.      On November 9, 2006, the Bankruptcy Court entered an Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Docket No. 12440), which confirmed the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors as modified (the "Winn-Dixie Joint Plan of Reorganization") (Docket Nos. 11005, 11606 and 11765).

J.      By this Stipulation, the Debtors and the State of Louisiana (collectively, the "Parties") desire to resolve all claims and disputes arising from the Tax Litigation, the 2000-2005 Tax Claims, the State of Louisiana Proofs of Claim and the Winn-Dixie Refund Claims as follows:

**Agreement**

1.      On or before December 6, 2006, the Debtors shall serve a notice and motion for the entry of an order approving the settlement of claims between the Parties in the form attached (the "Agreed Order").  The Parties agree to use their best efforts to obtain Bankruptcy Court approval of the Agreed Order on or before December 29, 2006.  Within ten business days after the Agreed Order becomes a final order from which no timely appeal has been taken, and subject to the payment of the sums required by paragraphs 2 and 4 herein, all provisions of this Stipulation, including all releases and other agreements provided herein, will become binding and enforceable between the Parties (the "Effective Date") without any further action by or on behalf of any of the Parties.

2.      On the Effective Date, the State of Louisiana Proofs of Claim will be allowed as a single, unsecured priority tax claim in the amount of $2,814,592.42 (the "Allowed Priority Tax Claim of the State of Louisiana"), which sum shall be paid in full in cash to the State of Louisiana by the Debtors pursuant to Section 4.1(b) of the Winn-Dixie Joint Plan of Reorganization at a closing to be held within 15 days of the Effective Date (the "Settlement Closing").

3.      On the Effective Date, the Debtors will be allowed refunds for overpayments of Louisiana corporation income and franchise taxes from the State of Louisiana in the aggregate amount of $3,262,041.14, which sum shall be paid in full in cash to Winn-Dixie Montgomery, Inc. by the State of Louisiana at the Settlement Closing.

4.      On the Effective Date, all claims or causes of action which the State of Louisiana has or may have had against the Debtors or any of their Chapter 11 estates, affiliates, successors or assigns, related to (i) the State of Louisiana Proofs of Claim, (ii) the Winn-Dixie Tax Refund Claims, (iii) the Tax Litigation, (iv) the 2000-2005 Tax Claims, or (v) any and all other pre-petition or pre-confirmation claims, whether known or unknown, asserted or unasserted, shall be waived, discharged and released, including, but not limited to, any and all claims related to Louisiana corporation income and Louisiana corporation franchise tax, and any related or associated interest, penalties, audit costs, liabilities, claims, liens, delays, damages, fees or costs, for all periods ending on or before December 31, 2005, and the State of Louisiana agrees that it shall not propose to assess, assess or otherwise seek to collect, either administratively or judicially, any Louisiana corporation income or franchise taxes or any related or associated amounts for any of such tax periods, any and all such claims having been released and discharged as provided herein.

5.      On the Effective Date, all claims and causes of action which the Debtors or any of their Chapter 11 estates, affiliates, successors or assigns, has or may have had against the State of Louisiana related to (i) the State of Louisiana Proofs of Claim, (ii) Winn-Dixie Tax Refund Claims, (iii) the Tax Litigation, (iv) the 2000-2005 Tax Claims, or (v) any and all other pre-petition or pre-confirmation claims whether known or unknown, asserted or unasserted, shall be waived, discharged and released, including, but not limited to, any and all claims or requests for refunds for all Louisiana corporation income and Louisiana corporation franchise tax for all periods ending on or before December 31, 2005, and the Debtors agree that they will not request or otherwise seek to collect, either administratively or judicially, any refund for any Louisiana corporation income and Louisiana corporation franchise tax periods ending on or before December 31, 2005, any and all such refund claims having been released and discharged as provided herein.

6.      This Stipulation will be terminated in the event that the Bankruptcy Court enters an order denying its approval, unless otherwise mutually agreed by the Parties.  In the event that the Bankruptcy Court has entered no order regarding this Stipulation on or before January 31, 2007, or an approval order does not become a final order by such date due to a pending appeal, this Stipulation will be terminated unless otherwise mutually agreed by the Parties.

7.      On the Effective Date and following the payments between the parties as set forth herein, the Debtors and the State of Louisiana shall execute an agreed motion to dismiss the Tax Litigation, with prejudice, each party to bear all of its own costs and  expenses.

8.      In the event this Stipulation is terminated pursuant to paragraph 6, the parties agree that (i) this Stipulation will be null and void and the Parties will proceed as if this Stipulation had not been entered into, and (ii) nothing in this Stipulation shall be admissible for

any purpose in any litigation between the Parties or involving any of the Parties, nor shall this Stipulation give rise to any admission by, or estoppel of, any Party.

9.    The parties acknowledge and agree that (i) this Stipulation is not intended to, and does not, settle or resolve the Debtors' objections to any claim asserted or filed in these Chapter 11 cases by Pugh, Pugh & Pugh LLP, or any of its principals, including Claims Nos. 456 and 457 (the "Pugh Claims"), (ii) nothing in this Stipulation shall give rise to any admission by, or estoppel of, the Debtors in regard to their Objections to the Pugh Claims and (iii) the Debtors reserve all rights, claims and defenses in regards to the Pugh Claims.

Dated:  December 13, 2006

DEPARTMENT OF REVENUE
STATE OF LOUISIANA


By:    _s/ David M. Hansen_
          David M. Hansen

617 North Third Street
Baton Rouge, Louisiana 70802
(225) 219-2080
(225) 219-2090 (facsimile)
david.hansen@la.gov

SMITH HULSEY & BUSEY


By    _s/ James H. Post_
          Stephen D. Busey
          James H. Post (F.B.N. 175460)
          Leanne McKnight Prendergast

225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

-and-

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
D. J. Baker
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Counsel for Debtors

548051.2

**Index to Claims Filed By State of Louisiana, Department of Revenue**

| Claim No. | Claim Amount | | Amended By | Claim No. | Claim Amount | | Amended By |
|---|---|---|---|---|---|---|---|
| 455 | Secured | $ 0.00 | Claim # 12915 | 456 | Secured | $ 0.00 | |
| | Unsecured Priority | $1,072,215.45 | | | Unsecured Priority | $ 0.00 | |
| | Unsecured General | $ 268,000.00 | | | Unsecured General | $ 37,378.31 | |
| | Total | $1,340,215.45 | | | Total | $ 37,378.31 | |
| 457 | Secured | $ 0.00 | | 458 | Secured | $ 0.00 | Claim # 6206 |
| | Unsecured Priority | $ 0.00 | | | Unsecured Priority | $2,188,419.14 | |
| | Unsecured General | $17,257,265.98 | | | Unsecured General | $ 878,375.07 | |
| | Total | $17,257,265.98 | | | Total | $3,066,794.21 | |
| 459 | Secured | $ 0.00 | Claim # 12914 | 460 | Secured | $ 0.00 | Claim # 6205 |
| | Unsecured Priority | $1,154,144.02 | | | Unsecured Priority | $ 3,752.60 | |
| | Unsecured General | $ 81,814.75 | | | Unsecured General | $ 212.50 | |
| | Total | $1,235,958.77 | | | Total | $ 3,965.10 | |
| 461 | Secured | $ 0.00 | | 462 | Secured | $ 0.00 | |
| | Unsecured Priority | $ 209.47 | | | Unsecured Priority | $ 209.47 | |
| | Unsecured General | $ 49.75 | | | Unsecured General | $ 49.75 | |
| | Total | $ 259.22 | | | Total | $ 259.22 | |
| 463 | Secured | $ 0.00 | Claim # 12925 | 6205 | Secured | $ 0.00 | |
| | Unsecured Priority | $ 38,867.81 | | | Unsecured Priority | $ 473,279.11 | |
| | Unsecured General | $ 3,066.95 | | | Unsecured General | $ 0.00 | |
| | Total | $ 41,934.76 | | | Total | $ 473,279.11 | |
| 6206 | Secured | $ 0.00 | | 12912 | Secured | $ 0.00 | |
| | Unsecured Priority | $2,171,240.95 | | | Unsecured Priority | $ 686.06 | |
| | Unsecured General | $1,290,531.02 | | | Unsecured General | $ 0.00 | |
| | Total | $3,461,771.97 | | | Total | $ 686.06 | |
| 12913 | Secured | $ 0.00 | Claim # 12260 | 12914 | Secured | $ 0.00 | |
| | Unsecured Priority | $ 131,096.18 | | | Unsecured Priority | $ 168.71 | |
| | Unsecured General | $ 0.00 | | | Unsecured General | $ 83.35 | |
| | Total | $ 131,096.18 | | | Total | $ 252.06 | |
| 12915 | Secured | $ 0.00 | | 12925 | Secured | $ 0.00 | |
| | Unsecured Priority | $ 192.00 | | | Unsecured Priority | $ 21,20 | |
| | Unsecured General | $ 4,429.24 | | | Unsecured General | $ 777.21 | |
| | Total | $ 4,621.24 | | | Total | $ 798.41 | |
| 13260 | Secured | $ 0.00 | Claim # 13462 | 13261 | Secured | $ 0.00 | Claim # 13461 |
| | Unsecured Priority | $ 211,999.70 | | | Unsecured Priority | $ 544,140.46 | |
| | Unsecured General | $ 0.00 | | | Unsecured General | $ 0.00 | |
| | Total | $ 211,999.70 | | | Total | $ 544,140.46 | |
| 13262 | Secured | $ 0.00 | Claim # 13459 | 13458 | Secured | $ 0.00 | |
| | Unsecured Priority | $ 16,430.97 | | | Unsecured Priority | $ 271.39 | |
| | Unsecured General | $ 0.00 | | | Unsecured General | $ 0.00 | |
| | Total | $ 16,430.97 | | | Total | $ 271.39 | |
| 13459 | Secured | $ 0.00 | | 13460 | Secured | $ 0.00 | |
| | Unsecured Priority | $ 87,517.80 | | | Unsecured Priority | $ 271.39 | |
| | Unsecured General | $ 0.00 | | | Unsecured General | $ 0.00 | |
| | Total | $ 87,517.80 | | | Total | $ 271.39 | |
| 13461 | Secured | $ 0.00 | | 13462 | Secured | $ 0.00 | |
| | Unsecured Priority | $ 728.18 | | | Unsecured Priority | $ 80,901.69 | |
| | Unsecured General | $ 0.00 | | | Unsecured General | $ 0.00 | |
| | Total | $ 728.18 | | | Total | $ 80,901.69 | |

548066

Exhibit 1
1 of 1

Tax Refunds Filed by the Debtors with the State of Louisiana

|  | Refunds Due<br>Per Returns<br>as Filed |
|---|---|
| **Winn-Dixie Louisiana, Inc.** | |
| 1996 | (456,012) |
| 1997 | (25,618) |
| 1998 | (1,368,271) |
| 1999 | (1,705,950) |
| 2000 | - |
| 2001 | - |
| 2002 | - |
| 2003 | - |
| 2004 | (1,120,604) |
| 2005 | (1,121,439) |
|  | (5,797,894) |
| | |
| **Winn-Dixie Procurement, Inc.** | |
| 2001 | - |
| 2002 | (35,990) |
| 2003 | - |
| 2004 | (458,186) |
| 2005 | (562,475) |
|  | (1,056,651) |
| | |
|  | (6,854,545) |

Exhibit 2
1 of 1

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| _____Debtors._____) | | Jointly Administered |

**AGREED ORDER RESOLVING CLAIMS FILED BY**
**THE STATE OF LOUISIANA DEPARTMENT OF REVENUE**

These cases came before the Court upon notice of Winn-Dixie Stores, Inc. and twenty-three of subsidiaries and affiliates (collectively, the "Debtors") of the resolution of claims filed by the State of Louisiana Department of Revenue ("State of Louisiana") pursuant to a stipulation attached to the Notice dated December 13, 2006 (the "Stipulation") (Docket No. _____).[1]  Based upon the representation by counsel for the Debtors that the proposed Agreed Order reflects a resolution of the claim, it is

ORDERED AND ADJUDGED:

1.    The Stipulation between the Debtors and the State of Louisiana Department of Revenue is approved.

2.    On the Effective Date, the State of Louisiana Proofs of Claim will be allowed as a single, unsecured priority tax claim in the amount of $2,814,592.42, which sum will be paid in full in cash pursuant to Section 4.1(b) of the Winn-Dixie

---

[1] All capitalized terms not defined herein shall have the respective meanings ascribed to them in the Notice and Stipulation.

Joint Plan of Reorganization at a closing to be held within 15 days of the Effective Date (the "Settlement Closing").

3.      On the Effective Date, the Debtors will be allowed Tax Refunds from the State of Louisiana in the aggregate amount of $3,262,041.14, which sum will be paid in full in cash at the Settlement Closing.

4.      Except as expressly provided herein and subject to the terms of the Stipulation, this Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims filed by the State of Louisiana in these Chapter 11 cases and (ii) all other pre-petition or pre-confirmation claims the State of Louisiana has or may have against the Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

5.      Logan & Company, Inc., the claims agent appointed in the Debtors' Chapter 11 cases, is directed to make such revisions to the claims register as is necessary to reflect the terms of the Agreed Order.

6.      The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of _____, 2006, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

Copies furnished to:
James H. Post, Esq.
[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]
548090.2