## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

## AGREED ORDER OF RESOLUTION OF THE LITIGATION CLAIM OF FANNIE REED (CLAIM NOS. 5861, 5862, 5863, 6298, AND 6455)

These cases are before the Court upon notice by Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") of a mediated settlement agreement with Claimant, Fannie Reed (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). Based upon the representation by counsel for the Debtors that the proposed Agreed Order reflects a resolution of the claim, it is

ORDERED AND ADJUDGED:

1.    Claim No. 6455 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $70,000 against Winn-Dixie Montgomery, Inc. in Case No. 05-3837 to be paid in accordance with the confirmed plan of reorganization in these Chapter 11 cases.

2.    This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 6455 and (ii) all other claims, including, but not limited to Claim Nos. 5861, 5862, 5863 and 6298, the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

537376

3.    The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Debtors in this Court or in any other forum.

4.    The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability.  The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.  This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement.

5.    The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this __14__ day of __December__, 200_6_, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

537376