**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |

**SECOND ORDER PURSUANT TO THE SECOND OMNIBUS MOTION
(I) AUTHORIZING ASSUMPTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES AND (II) FIXING CURE AMOUNTS**

These cases originally came before the Court for hearing on August 24, 2006, upon the second omnibus motion (Docket No. 9897) of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Reorganized Debtors")[1], for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the assumption of prepetition contracts, subleases and leases, and (b) fixing the costs of assumption (the "Motion"). On August 24, 2006, the Court entered an order (Docket No. 10452) granting the Motion as to the contracts, leases and subleases listed on Exhibits A and B to the order and continuing the hearing on the Motion as to the subleases identified on the attached Exhibit A (collectively, the "Subleases"). Upon consideration, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to assume the Subleases pursuant to 11 U.S.C. § 365(a). The Debtors' assumption of the Subleases is approved.

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

3. For purposes of 11 U.S.C. § 365(b)(1), no cure or compensation amounts are owed by the Debtors with respect to the Subleases.

4. The Counter Parties listed on Exhibit A are deemed to have waived any and all claims they may have against the Debtors for cure or compensation under their respective Subleases listed on Exhibit A.

5. The requirements of 11 U.S.C. § 365(b)(1) are deemed satisfied with respect to each of the Subleases.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated December 14, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties
which received a copy of the Motion.

00552183

Exhibit A
Subleases for Assumption

| Store No. | Non-Debtor Counter Party | Non-Debtor Counter Party Address | Proposed Cure Amount |
|---|---|---|---|
| 254 – Sublease Agreement | Jose Pena (Eneida Fashions, Inc.) | Jose Pena (Eneida Fashions, Inc.), 11241 Southwest 40th Street, Miami, FL 33165 | $0.00 |
| 254 – Sublease Agreement | L & E Jewelry | L & E Jewelry 11241-D Southwest 40th Street, Miami, FL 33165 | $0.00 |
| 254 – Sublease Agreement | LA Gardenia Corporation | LA Gardenia Corporation, 11425 Southwest 41st Street, Miami, FL 33165 | $0.00 |
| 254 – Sublease Agreement | Paradise Travel Center | Paradise Travel Center, c/o Barbara Musibay, 2925 Southwest 93rd Place, Miami, FL 33165 | $0.00 |
| 254 – Sublease Agreement | Pialex Communications, Inc. | Pialex Communications, Inc., c/o Alex Martinez, 14290 Southwest 122nd Court, Miami, FL 33186 | $0.00 |

00552183