UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,                    Case No.: 3-05-bk-3817(JAF)

         Debtors.                                  Chapter 11

_____/                    Jointly Administered

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE**
**STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE**
Donna Cinnirella

      Comes now Donna Cinnirella ("Applicant"), through the undersigned attorney, and seeks administrative expense status for the Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b).  Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order confirming the joint Plan of reorganization of Winn-Dixie stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed.  In support of this application, Applicant states as follows:

**JURISDICTION AND VENUE**

    1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

**FACTUAL BACKGROUND**

    2.    Winn-Dixie Stores, Inc., et al. ("the Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition date").

3.      After the Petition Date or on or about September 7, 2005, Applicant was injured at the Winn-Dixie store No. 2311 located in Volusia County, Florida.  As a proximate result of the injury, Applicant has suffered severe damages totaling in excess of $100,000.00, which damages Applicant can support through medical records and other proof.[1]

### APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4.      Section 503(b) of the bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the state….." 11 U.S.C. § 503(b).  It is well-established that personal injury claims arising from a post-petition tort committed by the debtors are entitled to administrative expense status.  *See, Reading Co. v. Brown,* 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla. 1994).

5.      In this instance, Applicant's claim arose as a result of the business operations of one or more of the debtors after the petition Date but prior to the Confirmation Order.  As such, Applicant's claim in excess of $100,000.00 is entitled to administrative expense status under 11 U.S.C. § 503(b), and applicant seeks the entry of an order awarding such status.

### REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

---

[1] Applicant's damages may not be fully liquidated at this time.

      David L. Sweat, Esquire
      632 Dunlawton Avenue
      Port Orange, Fl. 32127

    WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an Order granting the relief requested herein and such other relief as it deems just and proper.

    Respectfully Submitted,

                                  RUE & ZIFFRA, PA

                                  /s/ David L. Sweat
                                  David L. Sweat, Esquire
                                  FBN:  0982784
                                  632 Dunlawton Avenue
                                  Port Orange, Fl. 32127
                                  (386) 788-7700
                                  (386) 788-8707
                                  tponder@rueziffra.com
                                  dsweat@rueziffra.com

## CERTIFICATE OF SERVICE

    I hereby certify that on December 18, 2006, I filed the APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., Counsel for the Office of the United State Trustee and all other parties participating in the CM/ECF System, all served electronically.

                                  /s/ David L. Sweat
                                  David L. Sweat, Esquire