F I L E D
JACKSONVILLE, FLORIDA

DEC 1 8 2006

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

IN RE:                                                                 Case: 05-03817-3F1

**WINN DIXIE STORES, INC., ET AL,**            Chapter 11 - Jointly Administered
    Debtor

Honorable Judge:
Jerry A. Funk

_____/

## APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR A POST PETITION PERSONAL INJURY CLAIM

NOW COMES, Pilar Cancio, by and through the undersigned attorney and files this Application For Allowance Of An Administrative Claim For A Post Petition Personal Injury Claim and moves this Honorable Court to Allow her post petition administrative claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction and in support thereof states:

1. On February 21, 2005 (the "Petition Date") Winn-Dixie Stores, Inc., et al., (the Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. By order dated April 13, 2005, venue of the Debtor's bankruptcy cases was transferred to this Court

2. The Debtors are operating their properties and managing their business as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3. On March 19, 2005, Ms. Cancio entered Debtor's retail store #0267 located in Key Largo, Florida to purchase various food items. While in debtor's facility, she slip and fell on some liquid sticky substance, as a direct result of Debtor's negligent maintenance. Subsequently, Ms. Pilar Cancio was transported via rescue to Fisherman's Hospital. As a direct result of her accident and after several months of treatment, Ms. Cancio was given a 3% impairment rating by Orthopedic Surgeon Dr. Stringham. Ms. Cancio is still in pain and unable to

obtain required knee surgery due to debtor's status in bankruptcy and her inability to pay out of pocket. Demand has been made for $175,000.

4. The Court has entered Orders setting out certain procedures to resolve personal injury claims.

5. On or about December 6, 2006, Ms. Cancio received a Notice of Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims. In said notice, Ms. Cancio was directed to submit her post petition personal injury claim by no later than January 5, 2007.

6. The Personal injury claim of Ms. Cancio is not yet liquidated.

7. Damages arising from a post petition tort committed by a debtor are entitled to administrative expense status. See *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984); *Seidle v. United States* (In re Airlift), 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

8. The Court may award an administrative expense priority under section 503(b) for the actual, necessary costs and expenses of preserving the estate..." 11 U.S.C Section 503(B)(1).

**WHEREFORE**, Pilar Cancio, respectfully requests that this Honorable Court enter an order:

a) Allowing her post petition administrative claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of her post petition claim, Ms. Cancio request the Court to enter an Order requiring the Debtors to pay the allowed administrative claim in full, as a condition of confirmation of their Chapter 11 Plan.

b) The Court limit notice of this Application to the Debtors, and counsel for the Unsecured Trade Creditors Committee.

c) Grant such other and further relief as this Court deems just, equitable and proper.

December 15, 2006

Respectfully submitted,

/s/ Rafael Gonzalez, Esq.
RAFAEL GONZALEZ
FLA. BAR #0511021
6600 Taft Street, Suite 307
Hollywood, Florida 33024
Telephone: 954-961-5100
Facsimile: 954-744-5827

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served by U.S. mail upon all on the following service list on December 15, 2006.

/s/ Rafael Gonzalez, Esq.
RAFAEL GONZALEZ
Attorney at Law

Smith Hulsey & Busey
James Post
225 Water Street Suite 1800
Jacksonville, Florida 32202

Milbank, Tweed Hadley & McCloy, LLP
Mathew Barr
1 Chase Manhattan Plaza
New York New York 10005

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

F I L E D
JACKSONVILLE, FLORIDA

DEC 1 8 2006

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:

Winn-Dixie Stores, Inc., et al.,[1]

Reorganized Debtors.

Case No. 05-03817-3F1

Chapter 11

Jointly Administered

## NOTICE OF (A) ENTRY OF ORDER CONFIRMING PLAN OF REORGANIZATION, (B) OCCURRENCE OF EFFECTIVE DATE OF PLAN, AND (C) BAR DATES FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS

**TO:   ALL PARTIES IN INTEREST**

**PLEASE TAKE NOTICE THAT:**

1. On November 9, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") entered its Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order"). Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated August 9, 2006, as modified by the First Modification to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated October 10, 2006 (together, the "Plan"). Copies of the Confirmation Order and the Plan may be obtained by accessing http://www.loganandco.com or http://www.flmb.uscourts.gov.

2. The conditions to consummation of the Plan set forth in Section 10.2 of the Plan were satisfied (or waived) on November 21, 2006. Thus, in accordance with the terms of the Plan, the Plan became effective on November 21, 2006 (the "Effective Date"). All references in the Plan and the Confirmation Order to the Effective Date are to November 21, 2006.

3. In accordance with Section 12.1 of the Plan, subject to the provisions of paragraph 4 below, all requests for payment of an Administrative Claim <u>or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006</u>, (other than as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4, or 12.5 of the Plan) must be made by application filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors and the Post-Effective Date Committee **no later than January 5, 2007**, which is the date forty-five (45) days after the Effective Date. The filing of an application must be made via the Bankruptcy Court's electronic filing procedures (electronic filing is mandatory for all attorneys) or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202. The service of an application on counsel for the Reorganized Debtors must be made by delivery of a copy upon James Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: jpost@smithhulsey.com; and service of an application on counsel for the Post-Effective Date Committee must be made by delivery of a copy upon Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com. In the event that the Reorganized Debtors object to an application, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. **Subject to the provisions of paragraph 4 below, an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006 that is not asserted in an application filed and served no later than January 5, 2007, shall be forever barred and deemed waived and relinquished in full, and the Reorganized Debtors shall have no obligation to pay such Claim.**

4. Notwithstanding the provisions of paragraph 3, (a) no application seeking payment of an Administrative Claim or any Claim arising between February 21, 2005 and November 21, 2006 is required with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business; *provided, however,* that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.