UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,                    Case No.: 3-05-bk-3817 (JAF)

vs.                                                 Chapter 11

TARGET CORPORATION,                                 Jointly Administered
a foreign corporation

       Defendant.
_____/

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE
### STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
(Charles Brown)

COMES NOW, CHARLES BROWN ("Applicant"), through the undersigned atttoney, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. §503(b).   Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization if Winn-Dixie Stores, Inc. And Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed.  In support of this Application, Applicant states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §157(b)(2).

### FACTUAL BACKGROUND

2.      Winn-Dixie Stores, Inc., et al (the Debotors) filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date")

3.      After the Petition Date and or about May 20, 2006, Applicant was injured at the Winn-Dixie Store #2237, 2 North U.S. 17-92, Debary, FL.  As a result of this injury, Applicant has suffered damages totaling at least $50,000, which damages Applicant can support through medical records and other proof.[1]

### APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4.      Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate...".  11 U.S.C. § 503(b).  It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status.  *See, Reading Co. v. Brown*, 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr. S.D. Fla. 1994).

---

[1] Applicant's damages may not be fully liquidated at this time.

5.      In   this  instance,  Applicant's  claim  arose  as  a  result  of  the  business operations  of  one  or  more  of  the  Debtors  after  the  Petition  Date  but  prior  to  the Confirmation Order.  As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. §503(b), and Applicant seeks the entry of an order awarding such status.

### REQUEST FOR FUTURE NOTICE

Applicant  requests  that  all  future  pleadings  and  notices  regarding  or  affecting Applicant's claim be served upon:

> Charles M. Rand, Esquire
> 407 Wekiva Springs Rd., Suite 119
> Longwood, FL 32789

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order grand the relief requested herein and such other relief as it deems just and proper.

Respectfully Submitted,

CHARLES M. RAND, P.A.


 /s/ Charles M. Rand
Charles M. Rand, Esquire
Florida Bar #310050
**CHARLES M. RAND, P.A.**
407 Wekiva Springs Road
Suite 119
Longwood, Florida 32779
407-774-1400
Attorney for Plaintiff

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 18, 2006 I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST PETITION CLAIM AND REQUEST FOR NOTICE** through CM/ECF filing system, which will cause a copy to be service on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ Charles M. Rand
Charles M. Rand, Esquire

4