UNITED STATE BANKRUPTCY COURT
DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et. al.                    Case No. 3:05-bk-03817-3F1

Debtors.                                             Chapter 11 - Jointly Administered
_____/

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS
FOR CERTAIN POST-PETITION PERSONAL INJURY CLAIMANTS**

COME NOW the Movant, KIMBERLY HARTRUM, by undersigned counsel, and pursuant to 11 U.S.C. § 503 request this Court enter and Order approving their application to have allowed administrative claims against the Estate, and to authorize payment of these claims, and would show:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code.

2. The Debtors are operating their businesses and managing their property as a debtor in possession pursuant to §1107 (a) and 1108 of the Bankruptcy Code.

3. The Court has appointed an official committee of unsecured creditors to serve in these cases.

4. The debtors assert in pleadings filed with the Court that approximately 3,200 Proofs of Claim were filed involving unliquidated personal injury or property damage claims for which litigation had been commenced or threatened against the Debtors pre-petition. The court has entered Orders setting out certain procedures to resolve personal injury claims.

5. Subsequent to the filing of the case, the Movant suffered personal injuries as a result of negligence by the Debtors.

6. The Movant have filed Proofs of Claims with the Court, reserving the right to assert administrative expense claims due to the post-petition occurrence of her claim.

7. The personal injury claim of the Movant have not yet been liquidated.

8. The Court has, or shortly will, enter and Order setting a bar date to file administrative expense claims.

9. The Court may award an administrative expense priority under § 503 (b) for the actual, necessary costs and expenses of preserving the estate... 11 U.S.C. § 503 (b)(1).

10. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status. [1]

11. The Movant respectfully requests the Court enter and Order allowing their post-petition administrative expense claims, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of their post-petition claims, the Movant request the Court enter and Order requiring the Debtors - as a condition of confirmation of their Chapter 11 Plan - to pay the allowed administrative claims in full.

12. The Movant request the Court limit notice of this Application to the Debtors, counsel for the Debtors, and counsel for the Unsecured Trade Creditors Committee.

Scott T. Kimmel
SCOTT T. KIMMEL, ESQ.
Fla. Bar No. 970761
3650 N. Federal Highway, Suite 201
Pompano Beach, FL 33064
(954) 784-1744 (phone)
(954) 784-9005 (fax)
Attorney for Movant

---

See, e.g., *Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S. Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver s negligence were administrative expenses); *Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receivor s negligence were administrative expenses); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994). As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation if its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir. 1984); *Seidle v. United States (In re Airlift),* 97 B.R. 664, (Bankr. S.D. Fla. 1989).