UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flsb.uscourts.gov

In Re:

WINN DIXIE STORES, INC., et al.,   Case No. 3:05-bk-03817-JAF

Debtors.   Chapter 11 – Jointly Administered

_____/

**APPLICATION FOR ALLOWANCE OF ADMINSITRATIVE CLAIM
FOR POST-PETITION PERSONAL INJURY CLAIMANT**

Movant, Roseanne Eliasson (the "Movant"), by and through undersigned counsel, and pursuant to 11 U.S.C. §503, respectfully requests this Court enter an Order approving this application for payment of administrative expense claim against the Estate, and to authorize payment of this claim (the "Application"), and in support thereof states as follows:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York and were transferred to this Court on April 13, 2005.

2. On November 9, 2006, this Court entered an Order confirming Debtors' Joint Plan of Reorganization (the "Confirmation Order") [CP #12440].

3. The Confirmation Order provides that pursuant to Section 12.1 of Debtors' Joint Plan of Reorganization (the "Plan"), the deadline for filing requests for payment of post-petition administrative claims is January 5, 2007 (the "Administrative Claims Bar Date").

4. On 5/12/2006, the Movant suffered personal injuries as a result of negligence by the Debtors at *Store #388, 18300 S.W. 137th Avenue, Miami, FL  33177*].

5. The personal injury claim of the Movant has yet to be liquidated.

6. Thus, pursuant to the Confirmation Order and the Plan, this Application is timely.

Kluger, Peretz, Kaplan & Berlin, P.L., 201 So. Biscayne Blvd., Suite 1700, Miami, FL 33131  305.379.9000
2385 NW EXECUTIVE CENTER DRIVE, SUITE 300, BOCA RATON, FL 33431  561.961.1831

{Bankruptcy\0110\0779/M0380906 v.1; 12/19/2006 04:44 PM}

7. The Court may award an administrative expense priority under §503(b) for the "actual, necessary costs and expenses of preserving the estate…." 11 U.S.C. §503(b)(1).

8. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

9. The Movant respectfully requests the Court enter an Order allowing this post-petition administrative expense claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction.  Upon liquidation of this post-petition claim, the Movant requests the Court enter an order requiring the Debtors to pay the allowed administrative claim in full.

10. In accordance with the Confirmation Order and Section 12.1 of the Plan, Movant has served a copy of the Application on counsel for the Reorganized Debtors and the Post-Effective Date Committee.

WHEREFORE, the Movant, Roseanne Eliasson, requests that this Court enter an Order (1) deeming the administrative claim asserted by the Movant as a timely assertion of an administrative claim subject to liquidation by either consent of the parties or a court of competent jurisdiction; (2) requiring the Debtors to pay the administrative expense claim immediately upon entry of an order allowing the claim; and (3) granting any such further relief as this Court deems just and proper.

---

[1] See, e.g., *Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding) that damages resulting from fire caused by receiver's negligence were administrative expenses); *Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968 (holding) that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 1169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).

Kluger, Peretz, Kaplan & Berlin, P.L., 201 So. Biscayne Blvd., Suite 1700, Miami, FL 33131   305.379.9000
2385 NW EXECUTIVE CENTER DRIVE, SUITE 300, BOCA RATON, FL 33431   561.961.1831

{Bankruptcy\0110\0779/M0380906 v.1; 12/19/2006 04:44 PM}

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail, in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of Florida, upon each of the parties identified below list this 19th day of December, 2006.

| | |
|---|---|
| Winn-Dixie Stores, Inc.<br>5050 Edgewood Street<br>Jacksonville, FL 32254-3699 | **D.J. Baker, Esq.**<br>Skadden Arps Slate Meagher & Flom, LLP<br>Counsel for Reorganized Debtors<br>Four Times Square<br>New York, NY 10036 |
| **Stephen D. Busey, Esq.**<br>**James H. Post, Esq.**<br>Smith, Hulsey & Busey<br>Co-Counsel for Reorganized Debtors<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202 | **Dennis F. Dunne, Esq.**<br>Milbank, Tweed, Hadley & McCloy LLP<br>Counsel for Post-Effective Date Committee<br>1 Chase Manhattan Plaza<br>New York, NY 10005 |
| **John B. MacDonald, Esq**.<br>Akerman Senterfitt<br>Co-Counsel for the Post-Effective Date Committee<br>50 North Laura Street, Ste. 2500<br>Jacksonville, FL 32202 | **Elena L. Escamilla, Esq.**<br>U.S. Trustee<br>135 W. Central Blvd., Ste. 620<br>Orlando, FL 32801 |

        KLUGER, PERETZ, KAPLAN & BERLIN, P.L.
        Attorneys for the Movant
        Miami Center, Seventeenth Floor
        201 So. Biscayne Blvd.
        Miami, Florida 33131
        Telephone: (305) 379-9000
        Facsimile: (305) 379-3428

        *By:_____s/Eyal Berger_____*
            D. Brett Marks, Esq.
            Fla. Bar No. 0099635
            bmarks@kpkb.com
            Eyal Berger, Esq.
            Fla. Bar No. 11069
            eberger@kpkb.com

Kluger, Peretz, Kaplan & Berlin, P.L., 201 So. Biscayne Blvd., Suite 1700, Miami, FL 33131  305.379.9000
2385 NW EXECUTIVE CENTER DRIVE, SUITE 300, BOCA RATON, FL 33431  561.961.1831

{Bankruptcy\0110\0779/M0380906 v.1; 12/19/2006 04:44 PM}