UNITED STATES BANKRUPTCY COURT
DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al,            Case No. 3:05-bk-03817-3F1

    Debtors.                                             Chapter 11- Jointly Administered
_____/

## APPLICATION FOR PAYMENT OF ADMINISTRATIVE CLAIM OR ALTERNATIVELY PAYMENT OF CLAIM ARISING AGAINST DEBTORS BETWEEN FEBRUARY 21, 2005 AND NOVEMBER 21, 2006

COMES NOW the Movant, Deborah Littles, pursuant to 11 U.S.C. §503 request this Court enter an Order approving her application to have allowed administrative claims against the Estate, and to authorize payment of these claims, and alleges:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code.

2. The Debtors are operating their businesses and managing their property as a debtor in possession pursuant to §1107(a) and 1108 of the Bankruptcy Code.

3. The Court has appointed an official committee of unsecured creditors to serve in these cases.

4. The Debtors assert in pleadings filed with the Court that approximately 3,200 Proofs of Claim were filed involving unliquidated personal injury or property damage claims for which litigation had been commenced or threatened against the Debtors pre-petition. The Court has entered Orders setting out certain procedures to resolve personal injury claims.

5. Subsequent to the filing of this case, the Movant suffered personal injuries as a result of negligence by the Debtors.

6. Movant, Deborah Littles, was a customer in a Save Rite located in Jacksonville, Duval County, Florida in April 2006, when she slipped and fell in a puddle of liquid that store employees knew of or should have known of.

7. Movant was injuried and has incurred medical expenses and personal injuries to date exceeding $3,000.00.

8. Movant will provide documentation of her medical expenses and personal injury

damages to debtor's claim management representative, Sedgwick Claims Management Systems.

9. The personal injury claim of the Movant has not yet been liquidated.

10. The Court has entered an Order setting a bar date to file administrative expense claims.

11. The Court may award an administrative expense priority under §503(b) for the "actual, necessary costs and expenses of preserving the estate . . ." 11 U.S.C. §503(b)(1).

12. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

13. The Movant respectfully request the Court enter an Order allowing their post-petition administrative expense claims, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of their post-petition claims, the Movant request the Court enter an Order requiring the Debtors- as a condition of confirmation of their Chapter 11 Plan- to pay the allowed administrative claims in full.

14. The Movant request the Court limit notice of this Application to the Debtors, counsel for the Debtors, and counsel for the Unsecured Trade Creditors Committee.

*Deborah Littles*
Deborah Littles
2913 West 10th Street
Jacksonville, FL 32254

---

[1] *See, e.g., Reading Co. V Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *Reading Co. V. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984); *Seidle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla. 1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by U.S. Mail to the parties listed below on this 18 day of December, 2006.

Deborah Littles
2913 West 10th Street
Jacksonville, FL 32254


James Post, Esq.
Smith Hulsey & Busey
225 Water Street, Ste 1800
Jacksonville, FL 32202


Matthew Barr, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005