## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## <u>JACKSONVILLE DIVISION</u>

| | | |
|---|---|---|
| In re | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 3:05-bk-03817-JAF |
| Debtors. | ) | Chapter 11 |
| _____ | ) | |

## PECO PALLETS, INC.'S APPLICATION
## FOR ALLOWANCE AND PAYMENT OF
## <u>CHAPTER 11 ADMINISTRATIVE EXPENSE</u>

PECO Pallets, Inc. ("PECO") moves the Court pursuant to 11 U.S.C. § 503(b) for the allowance and immediate payment of a Chapter 11 administrative expense, and in support of the application states:

1.    PECO is a nationwide lessor of wooden pallets which are used to transport and store consumer products sold in grocery stores and other retail outlets. A renter of PECO pallets is entitled by written agreement to ship its goods to customers using PECO's pallets. Such customers, often large grocery store chains such as Winn-Dixie Stores, Inc. ("Winn-Dixie"), are in turn entitled by separate written agreement with PECO to receive the pallets from the product manufacturer and to use the pallets for the transportation and storage of the underlying goods. The pallets are required to be returned to PECO when the goods are removed from the pallets and placed "on the shelf."

2.    On October 22, 2003, PECO and Winn-Dixie entered into an Agreement for Use of PECO Pallets (the "Agreement"), a copy of which is attached hereto as **Exhibit A.**

3.     Pursuant to paragraph 2 of the Agreement, Winn-Dixie is obligated to return PECO's pallets to PECO's nearest depot as soon as the goods on the pallets have been off-loaded by Winn-Dixie. Section 5 further provides that Winn-Dixie must pay PECO a replacement cost of $15 per for those pallets which Winn-Dixie loses or transfers to unauthorized recipients.

4.     On February 21, 2005 (the "Petition Date"), Winn-Dixie and its affiliates filed voluntary petitions for reorganization with this Court.

5.     The movement of PECO's Pallets is tracked electronically and by periodic audits. Recent audits have confirmed that, from the Petition Date to November 21, 2006, Winn-Dixie lost or transferred to unauthorized recipients 55,225 PECO pallets. Pursuant to Section 5 of the Agreement, Winn-Dixie is indebted to PECO for such period in the amount of $828,375, which is said number of lost and transferred pallets multiplied by the established replacement cost of $15 per pallet.

6.     Eleven U.S.C. § 503(b) provides that, "after notice and a hearing, there shall be allowed, administrative expenses, . . .including - - (1)(A) the actual, necessary costs and expenses of preserving the estate . . ."

7.     Winn-Dixie's use of PECO's pallets conferred substantial benefits on Winn-Dixie by allowing it to receive, store and transport product. Any expense associated with the loss of such pallets while in the custody and control is therefore an actual and necessary expense of preserving the estate.

WHEREFORE, PECO Pallets, Inc. requests (i) the allowance and immediate payment of a Chapter 11 administrative expense in the amount of $828,375, and (ii) such other relief as is appropriate.

**STUTSMAN THAMES & MARKEY, P.A.**


By ___*/s/ Richard R. Thames*_____
　　　Richard R. Thames

Florida Bar Number 0718459
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rthames@stmlaw.net

Attorneys for PECO Pallets, Inc.

- 3 -

### Certificate of Service

I hereby certify on December $\underline{21}$ , 2006, the foregoing pleading was transmitted

to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing

System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
patrick.pantangan@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

Adam Ravin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
aravin@skadden.com

D.J. Baker, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
dbaker@skadden.com


    ___/s/ Richard R. Thames_____
                    Attorney

61953

# EXHIBIT "A"

## AGREEMENT FOR USE OF PECO PALLETS

**THIS AGREEMENT** is made this _22_____day of _October_, 2003_ by PECO Pallet, Inc., a Delaware corporation, with its offices and principal place of business at 711 Executive Boulevard, Clarkstown Executive Park, Valley Cottage, NY ("PECO"), and **Winn-Dixie Stores, Inc_____**, a _____, with its offices and principal place of business at **Jacksonville, Florida 32092**_____("User").

1. **Authorized Recipient of PECO Pallets.** User is hereby authorized to receive pallets under load from manufacturers or distributors of goods who have entered into pallet rental agreements with PECO. User agrees to handle all PECO pallets received by it from whatever source in accordance with the terms set forth in this Agreement.

2. **Use and Return of Pallets.** User may use a PECO pallet until the last unit of the original load received by the User has been removed from the pallet. After said last unit is removed, User will return such pallet to PECO as soon thereafter as practicable. All PECO pallets, including damaged ones, must be returned at User's sole expense to the PECO depot nearest to User's facility where the pallets are offloaded. User may not ship goods on PECO pallets unless it is a party to PECO's pallet rental agreement and pays the fees specified therein. Except as expressly provided in this Section 2, user may not store goods on the pallets or use them in any other way. In lieu of return to a PECO depot, User may transfer the pallets with PECO's advance written consent to a third-party who has entered into a PECO rental agreement.

3. **Tracking of Pallets.** PECO has designed a system of tracking its pallets, which will require User to provide various information in a standardized format. User agrees to provide all such information in the manner requested of it.

4. **Ownership.** User acknowledges that PECO owns the pallets transferred to it. User will do nothing that is inconsistent with PECO's ownership, including disposing of or transferring the pallets except as expressly authorized by PECO. User agrees not to alter PECO pallets in any manner.

5. **Lost or Damaged Pallets.** User will not be responsible for damage to pallets caused by ordinary wear and tear while in the possession of User. User will pay to PECO its cost of repair for other types of damage. User will pay PECO its replacement cost of $15.00 per pallet for lost pallets or for those transferred to an unauthorized recipient.. At all reasonable times, PECO will be provided access to all of User's properties where pallets are located and to User's records at those locations for the purpose of taking inventory to establish the number of PECO pallets in its possession and to insure that PECO pallets are being handled in the manner specified in this Agreement. PECO periodically will provide User with appropriate documentation establishing any claims pursuant to this Section 5.

6. **Liability.** PECO will not be liable for any claim or damage or for any expense arising in whole or in part from the receipt or use of its pallets by User, including, but not limited to, any such claim or damage arising from the breaking of a pallet. User will indemnify PECO from any such claim, damage or expense, including reasonable attorneys' and expert fees.

7. **Termination.** Either party may terminate this Agreement by giving 30 days advance written notice of termination to the other party at the address set forth above. Upon termination, User immediately will return all PECO pallets in its possession to PECO and will pay to PECO all amounts owing to it.

8. **Governing Law and Arbitration.** This Agreement will be governed by the laws of the state of New York. Any controversy arising in whole or in part from this Agreement or the relationship of the parties shall be resolved by binding arbitration according to the commercial rules of the America Arbitration Association. Such arbitration proceedings shall be held in New York City or such other location as the parties mutually agree.

**IN WITNESS WHEREOF,** the parties have executed this Agreement on the date written above.

Date:                                    Date:

PECO Pallet, INC.                        _Oct. 22, 03_____

By_____           By_____ Ray Gordon
    MICHAEL D. TEBAY                          Winn-Dixie Stores, Inc
    PRESIDENT & CEO                           Director of Distribution