UNITED STATES BANKRUPTCY COURT
DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al,  Case No. 3:05-bk-03817-3F1

Debtors.  Chapter 11 - Jointly Administered

_____/

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS FOR CERTAIN POST-PETITION PERSONAL INJURY CLAIMANTS

COMES NOW the Movant, Carol Bowen, by undersigned counsel, and pursuant to 11 U.S.C. §503 requests this Court enter an Order approving their application to have allowed administrative claims against the Estate, and to authorize payment of these claims, and would show:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U. S. Bankruptcy Code.

2. The Debtors are operating their businesses and managing their property as a debtor in possession pursuant to § 1107(a) and 1108 of the Bankruptcy Code.

3. The Court has appointed an official committee of unsecured creditors to serve in these cases.

4. The Debtors assert in pleadings filed with the Court that approximately 3,200 Proofs of Claim were filed involving unliquidated personal injury or property damage claims for which litigation had been commenced or threatened against the Debtors pre-petition. The court has entered Orders setting our certain procedures to resolve personal injury claims.

5. Subsequent to the filing of the case, the Movant suffered personal injury as a result of negligence by the Debtors.

6. The Movant has filed a Proof of Claim, reserving the right to assert administrative claims due to the post-petition occurrence of her claim.

7. The personal injury claim of the Movant has not yet been liquidated.

8. The court, or shortly will, enter an Order setting a bar date to file administrative expense claims.

administrative expense claims.

9. The court may award an administrative expense priority under § 503(b) for the actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1).

10. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

11. The Movant respectfully requests the Court enter and Order allowing their post-petition administrative claims, subject to liquidation by either consent of the parties or a court competent jurisdiction. Upon liquidation of their post-petition claims, the Movant requests the Court enter an Order requiring the Debtors - as a condition of confirmation of their Chapter 11 Plan - to pay the allowed administrative claims in full.

12. The Movant requests the Court limit notice of this Application to the Debtors, counsel for the Debtors, and counsel for the Unsecured Trade Creditors Committee.

LAW OFFICES OF ROY L. GLASS, P.A.

*[signature]*

Roy L. Glass, Esquire
5501 Central Avenue
St. Petersburg, FL 33710
Tel:  (727) 384-8888
Fax:  (727) 345-3008
Attorney for Movant
FBN: 210781

---

[1] See e.g. Reading Co. v. Brown, 391 U. S. 471, 485, 88 S. Ct. 1759, 20 L. Ed. 2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administratice expenses); In re Piper Aircraft Corp., 169 B. R. 766 (Bkrtcy. S. D. Fla 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. Matter of Jartran, Inc., 732 F. 2d 584, 587 (7th Cir. 1984); Seidle v. United States (In re Airlift), 97 B. R. 664, 668 (Bankr. S. D. Fla 1989)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by electronic or standard mail to the parties listed below on this _____ day of December, 2006.

ROY L. GLASS, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

Adam Ravin, Esq.
Four Times Square
New York, NY 10036

Alan E. Wulbern, Esq.
225 Water Street, Ste. 1800
New York, NY 10036

Cynthia C. Jackson, Esq.
225 Water St., Ste. 1800
Jacksonville, FL 32202

James H. Post, Esq.
225 Water St., Ste. 1800
Jacksonville, FL 32202

Joshua M. Katz, Esq.
999 Peachtree St., 14th Floor
Atlanta, GA 30309

Leanne M. Prendergast, Esq.
225 Water St., Ste. 1800
Jacksonville, FL 32202

Stephen D. Busey, Esq.
225 Water St., Ste. 1800
Jacksonville, FL 32202

Kenneth C. Meeker, U. S. Trustee
135 W. Central Blvd., Ste. 620
Orlando, FL 32801

Elena L. Escamilla, Esq.
135 W. Central Blvd., Ste. 620
Orlando, FL 32801

Dennis F. Dunne, Esq.
1 Chase Manhattan Plaza
New York, NY 10005

John B. MacDonald, Esq.
50 N. Laura St., Ste. 2500
Jacksonville, FL 32202

Patrick P. Patangan, Esq.
50 N. Laura St., Ste. 2500
Jacksonville, FL 32202