IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 05-03817 |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | Jointly Administered |
| Debtor. ) | |
| _____) | |

**UNITED STATES' RESPONSE TO DEBTOR'S "AMENDED OBJECTION"
TO UNITED STATES' CLAIMS NUMBERED 10662 AND 13405**

The United States, on behalf of the Department of Health and Human Services ("DHHS"), responds to "Debtors' Amended Objection to Claims Filed by United States Department of Health and Human Services and Alternative Motion to Estimate Claims" [docket no. 12,786] filed by Winn-Dixie Stores, Inc. and twenty-three of its affiliated entities[1] who have filed for protection under Chapter 11 of the Bankruptcy Code (collectively "Debtor").  Debtor's "Amended Objection" should be overruled because it is moot and lacks a sufficient basis in fact or law.

DHHS timely filed its original proof of claim [Claim No. 10662] on August 1, 2005.  The original Proof of Claim identified three types of claims against Debtor: (1) a claim for pre-petition Medicare overpayments in the amount of $3,605.90 made by DHHS to Debtor as a supplier of pharmaceutical goods to Medicare beneficiaries (the "Supplier Overpayments Claim"), *see* 42

---

[1] Those twenty-three related entities are: Astor Products, Inc.; Crackin' Good, Inc.; Deep South Distributors, Inc.; Deep South Products, Inc.; Dixie Darling Bakers, Inc.; Dixie-Home Stores, Inc.; Dixie Packers, Inc.; Dixie Spirits, Inc.; Dixie Stores, Inc.; Economy Wholesale Distributors, Inc.; Foodway Stores, Inc.; Kwik Chek Supermarkets, Inc.; Sunbelt Products, Inc.; Sundown Sales, Inc.; Superior Food Company; Table Supply Food Stores Co., Inc.; WD Brand Prestige Steaks, Inc.; Winn-Dixie Handyman, Inc.; Winn-Dixie Logistics, Inc.; Winn-Dixie Montgomery, Inc.; Winn-Dixie Procurement, Inc.; Winn-Dixie Raleigh, Inc.; and Winn-Dixie Supermarkets, Inc.

U.S.C. § 1395gg; (2) a claim pursuant to the Medicare Secondary Payer ("MSP") statute, 42 U.S.C. § 1395y(b)(2), for reimbursement of an undetermined amount of conditional Medicare payments DHHS made on behalf of Medicare beneficiaries covered by Debtor's employer group health plans ("EGHP") (the "EGHP Claim"); and (3) a claim pursuant to the MSP statute for reimbursement of an undetermined amount of conditional Medicare payments DHHS made on behalf of Medicare beneficiaries for medical items and services related to liability claims asserted against Debtor, a self-insured entity (the "Liability Claim"). DHHS expressly reserved the right to amend its claim.

On August 7, 2006, DHHS filed its Amended Proof of Claim [Claim No. 13405] to: (1) adjust the amount of its Supplier Overpayments Claim, (2) assert a dollar value for a portion of its EGHP Claim, and (3) assert a dollar value for a portion of its Liability Claim. The Amended Proof of Claim again expressly reserved the right to amend the claim. On or about December 15, 2006, DHHS filed its Second Amended Proof of Claim. DHHS further adjusted the amounts of its claim and provided additional supporting information.

Debtor states four grounds for its objection to DHHS' Amended Proof of Claim. Debtor (1) denies all liability for DHHS' claims, (2) disputes the amount of each of DHHS' claims, (3) asserts that DHHS has not supported "a substantial number of its Claims" with "legally sufficient documentation," and (4) contends that DHHS' Amended Proof of Claim is allegedly time-barred. None of these grounds has merit.

Debtor's objection has been superceded by the Second Amended Proof of Claim and its attached declaration and supporting exhibits. For this reason alone, the Court should overrule Debtor's "Amended Objection" as moot.

Even if Debtor's "Amended Objection" were not moot, its stated grounds lack any merit and

it should be overruled. DHHS responds to Debtor's numbered grounds for objection as follows:

1. Applicable law makes Debtor liable to DHHS for the Supplier Overpayments Claim, the EGHP Claim, and the Liability Claim. Debtor's general denial of all liability is factually and legally baseless.

2-3. Although Debtor disputes "the amount of each debt alleged in the DHHS Claims" and states that DHHS has not sufficiently supported "a substantial number of its Claims," Debtor provides no explanation or basis for these assertions. Nor does Debtor identify any particular claims DHHS has allegedly failed to support. DHHS continues to adjust the amounts of its claims as more information becomes available. As DHHS explained previously in its response [docket no. 9880] to Debtor's objection to its original Proof of Claim, the precise value of DHHS' Liability Claim can only be fixed after Debtor resolves the personal injury claims of the individual liability claimants. The declaration and exhibits DHHS attached to its first Amended Proof of Claim were legally sufficient, and in any event they have now been supplemented with information attached to the Second Amended Proof of Claim.

4. DHHS' Amended Proof of Claim and Second Amended Proof of Claim are not time-barred. When DHHS timely filed its original Proof of Claim, it set forth the three bases for liability it has continued to assert in its Amended Proof of Claim and Second Amended Proof of Claim. DHHS expressly reserved the right to adjust its claim as further evidence became available.

DHHS also opposes the "Alternative Motion to Estimate" and request for third-party

injunctive relief Debtor included in its "Amended Objection" [docket no. 12,786].[2]

---

[2] Debtor's alternative motion is not properly before the Court. The single-sentence motion does not comply with the Court's requirement that all motions "include or be accompanied by a legal memorandum or brief containing argument and citations of authorities." Order Scheduling Trial, 2 [docket no. 13,051]. Given the improper nature of Debtor's alternative motion, it appears no response from DHHS is required at this time. Yet, in an abundance of caution, DHHS notifies the Court of its intention to file a response opposing Debtor's motion. To the extent any enlargement of time is needed, DHHS respectfully requests that the Court grant DHHS until January 16, 2007 to file its response.

DHHS reserves the right to address more thoroughly any of the issues raised in Debtor's "Amended Objection" and "Alternative Motion to Estimate" [docket no. 12,786] by means of a motion filed in accordance with the procedures outlined in the Court's "Order Scheduling Trial" [docket no. 13,051].

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
Civil Division

PAUL I. PEREZ
United States Attorney

/s/ Marcio W. Valladares
MARCIO W. VALLADARES
Assistant United States Attorney
United States Courthouse
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Tel: (904) 301-6324/6300
Fax: (904) 301-6363/6310
Email: Marcio.Valladares@usdoj.gov

and

Dated: December 21, 2006

/s/ Kyle A. Forsyth
J. CHRISTOPHER KOHN
RUTH A. HARVEY
KYLE A. FORSYTH
Attorneys, Civil Division
U.S. Department of Justice
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-0452
Fax: (202) 514-9163
Email: Kyle.Forsyth@usdoj.gov

Attorneys for the United States

<u>CERTIFICATE OF SERVICE</u>

I certify that on December 21, 2006, the United States' Response to Debtor's "Amended Objection" to United States' Claims Numbered 10662 and 13405 was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the parties requesting service.

<u>/s/ Marcio W. Valladares</u>
MARCIO W. VALLADARES
Assistant United States Attorney
United States Courthouse
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Tel: (904) 301-6324/6300
Fax: (904) 301-6363/6310
Email: Marcio.Valladares@usdoj.gov