## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

        Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE
### STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
Tatrisha Williams

Comes Now Tatrisha Williams ("Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b).  Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc.  and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed.  In support of this Application, Applicant states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § § 157 and 1334.  Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2.      Winn-Dixie Stores, Inc., et al. (the "Debtors") field their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3.      After the Petition Date and on or about November 7, 2005, Applicant was injured at the Winn-Dixie store No. 368 located in Palm Beach County, Florida.  As a proximate result of the injury, Applicant has suffered severe damages totaling at least $100,000.00, which

damages Applicant can support through medical records and other proof.[1]

## APPLICANT'S CLAIM IS ENTITLED TO
## ADMINISTRATIVE EXPENSE STATUS

4.   Section 503(b) of the Bankruptcy Code provides for the allowance of

administrative expense status, and its attendant priority for payment, for the "actual, necessary

costs and expenses of preserving the estate…". 11 U.S.C. § 503(b).  It is well-established that

personal injury claims arising from a post-petition tort committed by the debtor are entitled to

administrative expense status.  *See, Reading Co. v Brown*, 391 U.S. 471,485 (post-petition fire

damages resulting from trustee's negligence were entitled to administrative expense status); *In re*

*Piper Aircraft Corp.*, 169 B.R. 766 (Bankr. S.D. Fla 1994).


5.   In this instance, Applicant's claim arose as a result of the business operations of

one or more of the Debtors after the Petition Date but prior to the Confirmation Order.  As such,

Applicant's $100,000.00 claim is entitled to administrative expense status under 11 U.S.C. §

501(b), and Applicant seeks the entry of an order awarding such status.


## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's

claim be served upon:

> Chad M. Muney, P.A.
> 333 N.W. 70th Avenue
> Suite 103
> Plantation, FL 33317

---

[1] Applicant's damages may not be fully liquidated at this time.

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully Submitted,

Law Office of Chad M. Muney, P.A.

/s/ **Chad Muney**
Chad M. Muney, (FL #858501)
333 N.W. 70th Avenue
Suite 103
Plantation, FL 33317
Telephone: (954) 583-8999
Facsimile: (954) 583-2728

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2006 I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETTION CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system, which will cause a copy to e served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ **Chad Muney**
Chad M. Muney

3