UNITED STATES BANKRUPTCY COURT
DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC. et al,         Case No. 3:05-bk-03817-3F1

Debtors.

_____         Chapter 11 – Jointly Administered

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS
FOR CERTAIN POST-PETITION PERSONAL INJURY CLAIMS**

      COMES NOW the Movant, Elouise Campbell, by undersigned counsel, and pursuant to 11 U.S.C. §503 requests this Court to enter and Order approving their application to have allowed administrative claims against the Estate, and to authorize payment of these claims, and would show:

      1.    On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code.

      2.    The Debtors are operating their businesses and managing their property as a debtor in possession pursuant to §1107 (a) and 1108 of the Bankruptcy Code.

      3.    The Court has appointed an official committee of unsecured creditors to serve in these cases.

      4.    The Debtors assert in pleadings filed with the Court that approximately 3,200 Proofs of Claim were filed involving unliquidated personal injury or property damage claims for which litigation had been commenced or threatened against the Debtors pre-petition. The Court has entered Orders setting out certain procedures to resolve personal injury claims.

      5.    Subsequent to the filing of the case, the Movant suffered personal injuries as a result of negligence by the Debtors.

      6.    The personal injury claim of the Movant has not yet been liquidated.

      7.    The Court has, or shortly will, enter an Order setting a bar date to file administrative expense claims.

8. The Court may award an administrative expense priority under §503(b) for the "actual, necessary costs and expenses of preserving the estate…." 11 U.S.C. § 503(b)(1).

9. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status[1].

10. The Movant respectfully requests the Court to enter and Order allowing her post-petition administrative expense claims, subject to by either consent of the parties or a court of competent jurisdiction. Upon liquidation of her post-petition claims, the Movant requests the Court enter and Order requiring the Debtors – as a condition of confirmation of their Chapter 11 Plan – to pay the allowed administrative claims in full.

11. The Movant requests the Court limit notice of this Application to the Debtors, counsel for the Debtors, and counsel for the Unsecured Trade Creditors.

/s/ Ryan deGraffenried III, Esq.
W. RYAN deGRAFFENRIED III, ESQ.
AL Bar No.: ASB-4739-L69D
deGRAFFENRIED & ASSOCIATES, LLC
1300 McFarland Blvd NE, Ste 350
Tuscaloosa, AL 35406
Phone (205)345-1314  Fax (205) 345-4554
Attorney for Movant

---

[1] *See, e.g. Reading Co. v Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *Reading Co. v. Brown,* 391 U.S.471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefited the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United states (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Winn Dixie Stores, Inc., et al., | In re: Case No. 05-11063 |
| Debtor. | Chapter 11 |

| | |
|---|---|
| Elouise Campbell | Adversary Proceeding |
| Plaintiff | Case No.:_____ |

### MOTION FOR ADMISSION TO PRACTICE, *Pro Hac Vice*

I, W. Ryan deGraffenried III, Esq., a member in good standing of the bar in the State of Alabama, requests admission, *pro hac vice*, before the Honorable Jerry A. Funk, to represent Elouise Campbell, a plaintiff in the above referenced case.

My:  address is 1300 McFarland Blvd NE, Ste 350, Tuscaloosa, AL 35406
     email address is rdeg3@deglaw.com
     telephone number is 205-345-1314 and fax number is 205-345-4554

I agree to pay the fee of $25 upon approval by this Court admitting me to practice *pro hac vice*.

Dated this 21st day of December, 2006.

    New York, New York      /s/ W. Ryan deGraffenried III, (deG 008)

_____

### ORDER

**ORDERED,** that W. Ryan deGraffenried III, Esq., is admitted to practice, *pro hac vice,* in the above reference case, in the United States Bankruptcy Court, Southern District of New York, subject to payment of filing fee.

Dated this _____ day of _____, 2006.

    New York, New York      /s/_____
                                        UNITED STATES BANKRUPTCY JUDGE