December 20, 2006

Gloria Davis
Sedgwick Claim Management Services, Inc.
P.O. Box 24787
Jacksonville, FL  32241-4787

**RE:  Our Client:     Edmina Davis**
      **Your Insured:  Division Retail Grocery Store**
                     **Miami Division**
      **Location:      Winn-Dixie #0299**
                     **4360 Okeechobee Blvd.**
                     **West Palm Beach, FL**
      **Claim No.:     A611205703-0001-01**
      **Date of Loss:  5/20/2006**

Dear Ms. Davis:

We represent Edmina Davis, age 19, in her claim for personal injuries sustained in a slip and fall on or about May 20, 2006 in the above referenced Winn-Dixie Grocery Store in West Palm Beach, Florida.  Ms. Davis has instructed us to proceed with settlement of her claim.

### FACTS SURROUNDING THE ACCIDENT/LIABILITY

Ms. Davis went to Winn-Dixie with her God-sister Yolanda Jackson around 9:45 pm for groceries.  Edmina and Ms. Jackson went to the fruit aisle over by the oranges.  Ms. Davis recalls there was no carpet or rug in the immediate area where she slipped.  Ms. Jackson was on her right side in a store scooter.

Suddenly Edmina slipped and severely twisted her left knee.  She does not think she did hit the floor only due to grabbing onto a shelf.  When she was able to get up, with difficulty, Edmina noticed a clear fluid on the floor about the size of a dinner plate.  This is what caused her to slip and fall.  It turned out to be water.

A Store employee whom Edmina believes to be either a manager or assistant manager did come to the location of the incident, saw the water, and had it cleaned up. This employee also took an incident/accident report.

Winn-Dixie owes a duty to the public and customers they invite onto their premises to keep the premises and floors safe and free from dangerous conditions that are not or may not be known. Winn-Dixie has an affirmative duty to regularly inspect, maintain, and keep the floor clear of any unreasonably dangerous or hazardous conditions which a reasonable person exercising due caution may not be aware of.

Certainly, clear water on a tile floor is an unreasonably dangerous condition. Winn-Dixie either knew or should have known about the condition. Winn-Dixie apparently did not know about this unreasonably dangerous condition, did not remedy the condition, and did not place barricades or other warning devices in the area to protect customers.

## **INJURIES**

Edmina Davis sustained left knee sprain\strain according to the emergency room at Good Samaritan Medical Center with edema. This injury was subsequently assigned a diagnosis of Knee (Internal Derangement) – 717.9 by Dr. Russ Seger. Ms. Davis also had a moderate size effusion on the left.

## **MEDICAL TREATMENT**

Ms. Jackson drove Ms. Davis to the emergency room at Good Samaritan Hospital where she was examined and had left knee x-rays. She was placed into a knee immobilizer and discharged home with instructions and medications.

Ms. Davis continued to have pain and swelling in the knees she went to Dr. Russ Seger at Central Palm Beach Physicians for evaluation and treatment on 6/2/06. Edmina entered into treatment with Central Palm Beach Physicians at that time.

Edmina was provided a program of therapy consisting of electric muscle stimulation above and below the knee joint, hot packs, and manual therapy to increase range of motion and decrease pain levels.

MRI of the left knee was done on June 8, 2006 to rule out internal derangement and ligament Disruption. Fortunately, the MRI was normal and without evidence of internal derangement.

On June 10, 2006 increased swelling and redness was present with increased pain. This began to subside a week or so later.

Edmina moved and started a new job. She was not able to continue treatment with Dr. Seger and Central Palm Beach Physicians. She was last seen and treated on 6/19/06.

Ms. Davis made steady progress with treatment, had fluid build up for several months, and is now doing better.

### MEDICAL SPECIALS

Edmina Davis has incurred the following medical specials for evaluation and treatment of injuries sustained in this accident:

1. Good Samaritan Medical Center       $   974.50
   5/20/06
2. ER and Imaging Physicians           $   103.48
   5/20/06
3. Central Palm Beach Physicians       $2,518.12
   6/2/06 – 6/19/06

   **TOTAL**       **$3,596.10**

### PAIN AND SUFFERING

Ms. Davis experienced severe left knee pain, swelling, and stiffness for several months. Specifically, Ms. Davis suffered from patellar ligament pain, pain on the medial joint line, had patellofemoral joint Chondromalacia, and decreased range of motion for some months.

### LIMITATIONS OF EDMINA DAVIS

Before the accident, Edmina Davis was very athletic and active. After the accident she was in knee immobilizer for several weeks and had limited function with her left knee.

As a result, Edmina had difficulty standing or sitting for long periods, and had difficulty walking, bending, squatting, etc. She could not run or work out as she did before the accident.

Edina's family and social life was also diminished as a direct result of this accident and her injuries.

## LOST INCOME AND EXTRA EXPENSES

Edmina was unemployed for a week before the accident. However, she had been offered a warehouse job through Keystaff Employment Agency to start the following week after this accident at $7.20 per hour for 2 days per week.

Edmina could not take the job due to her knee. At 16 hours per week she lost $115.20 per week. Edmina is entitled to 2 months lost income for total lost income of **$921.60.**

The accident also prevented Edmina from looking for full time employment until she was sufficiently recovered to report to work.

## DEMAND FOR SETTLEMENT

There is no question that Edmina suffered left knee sprain\strain injuries with left leg pain, edema, and numbness into her toes.

Edmina has undergone medical care as a result of her injuries in this accident consisting of conservative therapy and has incurred the cost for such treatment.

In consideration of the clear liability in this case, the cost of medical care to date, the course of medical treatment, loss of income, loss of capacity, changes to and diminishment of her lifestyle, and loss of enjoyment of life after the accident, we believe that a reasonable settlement of this case is $11,500.00. This letter shall constitute a Demand for Settlement in the amount of **$11.500.00.**

Your evaluation of this Demand for Settlement of and payment in settlement of this claim should not take more than thirty (30) days from the date hereof.

Thank you for your courtesy and consideration. I look forward to working with you to resolve this claim fairly in the near future.

Sincerely,


Jan P. Weiss

JPW\bw

Enclosures:  As stated