UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re:   Winn-Dixie Stores, Inc., et.al., | ) | Case No. 05-03817-3F1 |
| | ) | |
| Reorganized Debtors. | ) | Chapter 11 |
| | ) | |
| Sarah Saparito, | ) | Jointly Administered |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| Winn-Dixie Stores, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

## APPLICATION FOR PAYMENT OF CLAIM
## AND/OR MOTION THAT THE CLAIM INVOLVING PERSONAL INJURY BE TRIED IN
## THE SOUTHERN DISTRICT OF FLORIDA

1. Plaintiff, Sarah Saparito, has filed a Complaint against Winn-Dixie Stores, Inc. that was removed from State Court and is now pending in the Southern District of Florida, Case No. 06-14348-CIV-MOORE.

2. Defendant Winn-Dixie Stores, Inc. answered the Complaint on December 8, 2006.

3. Defendant Winn-Dixie did not apply for a stay.

4. A Notice was recently issued by this Honorable Court that states "any Claim arising against the Debtors [Winn-Dixie Stores, Inc.] in the period between February 21, 2005 and November 21, 2006" . . . must be made by application filed with the Bankruptcy Court. . . no later than January 5, 2007." Dated December 6, 2006.

5. Plaintiff's claims arose between February 21, 2005 and November 21, 2006.

6. Defense counsel of record for Winn-Dixie Stores, Inc. in the case now pending in the Southern District of Florida has represented that they don't believe the reference

bankruptcy order applies to the Complaint now pending despite the language of the order.

7. The Notice was not issued to Sarah Saparito however if this Honorable Court holds that the Bankruptcy Order does apply to Plaintiff Sarah Saparito's claims involving personal injury and employment disability discrimination now pending in the Southern District, Plaintiff respectfully requests in accordance with 28 § 157 (b)(5), that this Court order that the claims be tried in the Southern District of Florida where it is now pending.

8. Defense counsel of record for Winn-Dixie Stores, Inc. for the Complaint now pending in the Southern District of Florida has no objection to the claims being heard in the Southern District of Florida where the Complaint is now pending.

9. In the alternative, Plaintiff prays that the attached Complaint serve as her application for payment of Claim.

Respectfully submitted,
Gary, Williams, Parenti, Finney,
Lewis, McManus, Watson & Sperando
221 East Osceola St.
Stuart, Florida 34994
Telephone: 772/283-8260
Facsimile: 772/219-3365

Dec. 22, 2006

By: *F. Shields McManus*
F. Shields McManus
Florida Bar No. 148176
fsm@williegary.com

Login: fmcmanus 0148176

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. Mail, facsimile, and E-mail to the following postage paid and addressed to:

James Post
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
Fax: (904) 359-7708
jpost@smithhulsey.com

Matthew Barr
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Fax: (212) 822-5194
mbarr@milbank.com

Francisco Ramos, Jr.
Spencer H. Silverglate
Clarke, Silverglate & Campbell, P.A.
799 Brickell Plaza, Suite 900
Miami, FL 33131
Fax: 305/377-3001
framos@csclawfirm.com

Dec. 22, 2006

By: _____
F. Shields McManus

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

SARAH SAPARITO

CASE NO. 20060895 CA11

Plaintiff,

ASSIGNED TO ROBERT A. HAWLEY

vs.

WINN-DIXIE STORES, INC.

Defendant.
_____/

## COMPLAINT

Plaintiff, Sarah Saparito, by and through her undersigned attorneys, sues Defendant Winn-Dixie Stores, Inc. and alleges:

1. This is an action for damages in excess of Fifteen Thousand Dollars.

2. All conditions precedent to the bringing of this action has occurred or has been performed. Sarah Saparito has met and exhausted all jurisdictional pre-requisites for the filing of this action.

3. The Plaintiff, Sarah Saparito is a resident of Indian River County, Florida and over eighteen (18) years old.

4. Defendant, Winn-Dixie Stores, Inc. (hereinafter "Winn-Dixie"), is a Florida corporation existing and operating under the laws of the State of Florida and is and was at the time of the incident alleged herein doing business in Indian River County, State of Florida.

5. This cause of action accrued in Indian River County, Florida.

6. This court has direct jurisdiction of the subject matter of this action by virtue of Chapter 760 of the Florida Statutes (Florida Civil Rights Act) and the battery and negligence

counts.

7. On or about August 21, 2006, EEOC issued a right to sue letter. See Exhibit "A" attached.

## Allegations Common to All Counts

8. On or about August 3, 2005, Sarah Saparito started work at Defendant Winn-Dixie, Store #2357, located in Vero Beach, Indian River County, Florida.

9. At the time of the interview and hiring, Sarah Saparito advised Sheila Hayes, the general manager for the store, that she was a special education student and had learning disabilities.

10. Sarah Saparito suffers from a permanent mental impairment since birth that substantially limits one or more of her major life activities.

11. Sarah Saparito has severe difficulty learning, needs assistance caring for herself, does not drive and is significantly restricted in the ability to perform a class of jobs and/or a broad range of jobs in various classes as compared to an average person having comparable training, skills and abilities.

12. At all times material, Dennis Lally was an immediate supervisor of Sarah Saparito and an assistant manager at the Winn-Dixie store.

13. Winn-Dixie's supervisor Dennis Lally was aware of Sarah Saparito's disabilities.

14. In February 2006, Sarah Saparito was crying at the end of her shift due to thinking she was fired by Dennis Lally.

15. Karen Saparito, Sarah Saparito's mother, spoke to Dennis Lally and was advised that Sarah was not fired.

16. Later in February 2006, Lou Saparito, Sarah Saparito's father, discussed Sarah's

employment with Sheila Hayes, the general manager of the store.

17. At that time, Lou Saparito advised Sheila Hayes that Dennis Lally was berating Sarah and treating her harshly.

18. Ms. Hayes advised that Dennis Lally does not have the authority to fire anyone and stated she would speak to Dennis Lally about his treatment of Sarah.

19. Prior to March 6, 2006, Winn-Dixie Sheila Hayes was hand delivered a doctor's report that stated Sarah Saparito should not push carts.

20. Shortly thereafter, Winn-Dixie general manager Sheila Hayes sent Sarah Saparito home for violating the doctor's order by pushing a cart.

21. On or about March 6 – 8 2006, Winn-Dixie supervisor Dennis Lally sent Sarah Saparito home for not pushing a cart and for not violating the doctor's orders.

22. Lou Saparito discussed the conflicting messages that Winn-Dixie was conveying to Sarah Saparito and the abuse by Winn-Dixie employee Dennis Lally of Sarah Saparito and again addressed Sarah Saparito' disability with Sheila Hayes and Sheila Hayes advised that Dennis Lally would not supervise Sarah Saparito again.

23. During Sarah Saparito's employment with Winn-Dixie, Dennis Lally introduced her to Karen Marshall, also an employee of Defendant Winn-Dixie.

24. During her employment at Winn-Dixie, Sarah had to endure being called "f**** retard", stupid "b****", lazy mother f***** and other slurs on multiple occasions.

25. On April 11, 2006, Sarah Saparito was working, on the job, was bagging and was performing her duties at Winn-Dixie.

26. Karen Marshall, a Winn-Dixie employee, started calling Sarah a retard and using other slurs against her while in the store and in front of Winn-Dixie employees.

27. Karen Marshall left store and returned with approximately five teens.

28. Karen Marshall and the teens entered the Winn-Dixie store, shopped, and then went through Sarah's line, used profanity, including calling her a "retard", and demanded that Sarah push the cart to the Winn-Dixie parking lot.

29. Sarah Saparito refused due to her documented knee injury and work restrictions that Winn-Dixie and management, including Dennis Lally had knowledge of.

30. Winn-Dixie supervisor, Dennis Lally, ordered Sarah to take the cart to the Winn-Dixie parking lot.

31. In the Winn-Dixie parking lot, Karen Marshall, Winn-Dixie's employee, and the teens mentally and physically battered and assaulted Sarah in the Winn-Dixie parking lot.

32. Winn-Dixie's employee, Karen Marshall, intentionally and without legal justification struck Sarah Saparito.

33. Dennis Lally, Winn-Dixie's supervisor, observed the physical and mental assault and battery of Sarah.

34. Dennis Lally, Winn-Dixie's supervisor, failed to do anything to stop the abuse of Sarah by Karen Marshall, a Winn-Dixie employee.

35. A customer rescued Sarah and took her inside the Winn-Dixie store.

36. The customer overheard Dennis Lally stating to Sarah Saparito that if she had not "run her mouth then none of this would have happened."

37. Winn-Dixie's employee, Karen Marshall, was convicted of battery.

38. As a result of Defendant Winn-Dixie and/or its employees and/or agents' conduct, Sarah Saparito suffered bodily injury and resulting pain and suffering, severe emotional and mental anguish, loss enjoyment of life and loss of dignity including any and all other

compensatory damages.

## COUNT I
(Disability Discrimination/Violation of Florida Civil Rights Act (FCRA) Chapter 760)

Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty eight (38) above as if set forth verbatim in this count.

39. Sarah Saparito has a statutorily covered disability. Sarah Saparito has a permanent mental impairment since birth that substantially limits one or more of her major life activities, including caring her herself, learning, working and/or driving.

40. There is a record of Sarah Saparito's impairment.

41. Defendant Winn-Dixie regarded her as having such impairment.

42. Sarah Saparito was able to perform the essential functions of the job with Winn Dixie with and/or without reasonable accommodation.

43. Sarah Saparito was unlawfully discriminated against by Defendant Winn-Dixie and/or its employees and/or agents, including Karen Marshall and Dennis Lally, because of her disability.

44. Defendant Winn-Dixie is vicariously liable for the actions and conduct of Dennis Lally.

45. Defendant Winn-Dixie is vicariously liable for the actions and conduct of Karen Marshall.

## COUNT II
(Hostile Work Environment – Violation of FCRA)

Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty five (45) above as if set forth verbatim in this count.

46. Plaintiff, Sarah Saparito, belongs to a protected group.

47. Plaintiff, Sarah Saparito, has been subject to unwelcome harassment, including repeatedly

being called "retard" and being assaulted and battered by a Winn-Dixie employee with the knowledge, consent and participation of a Winn-Dixie supervisor, Dennis Lally.

48. The harassment of Sarah Saparito was based on her disability.

49. The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of employment of Sarah Saparito.

50. Dennis Lally, Winn-Dixie's an immediate supervisory employee of Sarah Saparito, had knowledge of, condoned, and participated in the harassment of Sarah Saparito.

51. Defendant Winn-Dixie is vicariously liable for the actions of Dennis Lally an immediate supervisor of Sarah Saparito.

## COUNT III
(Battery)

Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifty one (51) above as if set forth verbatim in this count.

52. On April 11, 2006, Winn-Dixie employee, Karen Marshall, intentionally and without justification struck Sarah Saparito.

53. At all times material, Karen Marshall was acting in the course and scope of her employment with Defendant Winn-Dixie.

54. Winn-Dixie employee, Dennis Lally, had knowledge of, condoned and participated in the verbal and physical assault and battery of Sarah Saparito.

55. At all times material, Dennis Lally, was acting in the course and scope of his employment with Defendant Winn-Dixie.

56. Defendant Winn-Dixie is vicariously liable for the actions and conduct of Karen Marshall.

57. Defendant Winn-Dixie is vicariously liable for the actions and conduct of Dennis Lally.

## COUNT IV
(Negligence)

Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifty seven (57) above as if set forth verbatim in this count.

58. On April 11, 2006, Winn-Dixie's employee, Karen Marshall, intentionally and without justification struck Sarah Saparito.

59. At all times material, Karen Marshall was acting in the course and scope of her employment with Defendant Winn-Dixie.

60. Winn-Dixie employee, Dennis Lally, had knowledge of, condoned and participated in the verbal and physical assault and battery of Sarah Saparito.

61. At all times material, Dennis Lally, was acting in the course and scope of his employment with Defendant Winn-Dixie.

62. Winn-Dixie's employee, Dennis Lally, failed to take reasonable steps to protect Sarah Saparito.

63. Winn-Dixie had a duty to protect Sarah Saparito due to the employer/employee relationship and/or the acts were committed during employment and on Defendant Winn-Dixie's premises.

64. Winn-Dixie had a duty to control Karen Marshall and Dennis Lally due to the employer/employee relationship and/or the acts were committed during employment and on Defendant Winn-Dixie's premises.

65. Defendant Winn-Dixie knew or should have known of the danger to Sarah Saparito.

66. Defendant Winn-Dixie is vicariously liable for the actions and conduct of Karen

Marshall.

67. Defendant Winn-Dixie is vicariously liable for the actions and conduct of Dennis Lally.

## COUNT V
(Disability Discrimination / Violation of American with Disabilities Act (ADA))

Plaintiff incorporates each and every allegation contained in paragraphs one (1) through sixty seven (67) above as if set forth verbatim in this count.

68. Sarah Saparito has a statutorily covered disability. Sarah has a permanent mental impairment since birth that substantially limits one or more of her major life activities, including caring her herself, learning, working and/or driving.

69. There is a record of Sarah Saparito's impairment.

70. Defendant Winn-Dixie regarded her as having such impairment.

71. Sarah Saparito was able to perform the essential functions of the job with Winn-Dixie with and/or without reasonable accommodation.

72. Sarah Saparito was unlawfully discriminated against by Defendant Winn-Dixie and/or its employees and/or agents, including Karen Marshall and Dennis Lally, because of her disability.

73. Defendant Winn-Dixie is vicariously liable for the actions of Dennis Lally.

## COUNT VI
(Hostile Work Environment – Violation of ADA)

Plaintiff incorporates each and every allegation contained in paragraphs one (1) through seventy three (73) above as if set forth verbatim in this count.

74. Plaintiff, Sarah Saparito, belongs to a protected group.

75. Plaintiff, Sarah Saparito, has been subject to unwelcome harassment, including repeatedly

being called "retard" and being assaulted and battered by a Winn-Dixie employee with the knowledge, consent and participation of a Winn-Dixie supervisor, Dennis Lally.

76. The harassment of Sarah Saparito was based on her disability.

77. The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of employment of Sarah Saparito.

78. Dennis Lally, Winn-Dixie's an immediate supervisory employee of Sarah Saparito, had knowledge of, condoned, and participated in the harassment of Sarah Saparito.

79. Defendant Winn-Dixie is vicariously liable for the actions of Dennis Lally, an immediate supervisor of Sarah Saparito.

WHEREFORE, the Plaintiff Sarah Saparito, requests that this Court:

a. Award her under the Florida Civil Rights Act all compensatory and punitive damages;

b. Award her under the Florida Civil Rights Act reasonable attorneys' fees and costs in this action;

c. Award her under the Americans with Disability Act all compensatory and punitive damages;

d. Award her under the Americans with Disability Act reasonable attorneys' fees and costs;

e. Award her compensatory damages pursuant to the battery and negligence counts;

f. A trial by jury; and

g. Award her all relief to which she is entitled by law.

DATED this 1st day of November, 2006.

_____
ALTON C. HALE, JR., ESQ.
FLORIDA BAR #: 0987190
GARY, WILLIAMS, PARENTI, FINNEY, LEWIS,
MCMANUS, WATSON & SPERANDO
Attorneys for Plaintiff
221 E. Osceola St.
Stuart, FL 34994
772-283-8260

EEOC Form 161-(3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Sarah Saparito
260 13th Place #203
Vero Beach, FL 32960

From: Miami District Office - 510
2 South Biscayne Blvd
Suite 2700
Miami, FL 33131

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2006-01762 | Yolanda Ramirez, Investigator | (305) 808-1767 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- **NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_[signature]_
Federico Costales,
District Director

AUG 21 2006
(Date Mailed)

Enclosure(s)

cc: WINN DIXIE
21st
Vero Beach, FL 32960

**EXHIBIT A**