UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et. al.,                    Case No.:05-03817-3F1

Debtors.                                             Chapter 11

_____/                   Jointly Administered

**APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE
CLAIM FOR A POST PETITION PERSONAL INJURY CLAIM**

COMES NOW Karen Bowden ("Applicant"), through the undersigned attorney, and files this Application For Allowance of An Administrative Claim For a Post Petition Personal Injury Claim and Moves this Honorable Court to allow her post petition administrative claim, subject to liquidation by either consent of the parties or of a court of competent jurisdiction and in support thereof states:

1.   On February 21, 2005 (the "Petition Date") Winn-Dixie Stores, Inc., et. al., (the "Debtors") filed a voluntary petition for relief under Chapter 11of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, by order dated April 3, 2005, venue of the Debtor's bankruptcy cases was transferred to this Court.

2.   The Debtors are operating their properties and managing their business as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 ands 1108.

3.   On October 3, 2006, Karen Bowden entered Debtor's retail store # 0644 located in Holiday, Pasco County, Florida to purchase various food items.  While in debtor's facility, she slipped and fell on a wet floor in the women's restroom as a direct result of Debtor's negligent maintenance.  Ms. Bowden had to seek medical treatment and

continues to treat as result of her injuries stemming from the slip and fall in Debtor's facility.

4.  The Court has entered Orders setting out certain procedures to resolve personal injury claims.

5.  On or about December 6, 2006, Ms. Bowden received a Notice of Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims. In said notice, Ms. Bowden was directed to submit her post petition personal injury claim by no later than January 5, 2007.

6.  The personal injury claim for Ms. Bowden is not yet liquidated.

7.  Damages arising from a post petition tort committed by a debtor are entitled to administrative expense status. *See Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir. 1984); *Seidle v. United States* (In Airlift), 97 B.R. 664, 668 (Bankr. S.D. Fla. 1989).

8.  The Court may award an administrative expense priority under section 503(b) for the actual, necessary costs and expenses of preserving the estate..." 11 U.S.C. Section 503(B)(1).

WHEREFORE, Karen Bowden, respectfully requests that this Honorable Court enter an order:

a)  Allowing her post administrative claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of her post petition claim, Ms. Bowden requests the Court to enter and Order requiring the Debtors to pay the allowed administrative claim in full, as a condition of confirmation of their Chapter 11 Plan.

b)  The Court limit notice of this Application to the Debtors, and counsel for the Unsecured Trade Creditors Committee.

c)      Grant such other and further relief as this Court deems just, equitable and proper.

Respectfully submitted,

s/ Angela A. Zervos
Angela A. Zervos, Esquire
Yanchuck, Berman, Wadley & Zervos P.A.
415 South Pinellas Avenue
Tarpon Springs, Florida  34689
(727) 937-3171
Attorney for Plaintiffs
FBN: 120839/SPN: 1794848
Azervos@yanchuckberman.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December 2006, I electronically filed the foregoing through the CM/ECF filing system, which will cause a copy to be served on James Post, Esquire, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 and Matthew Barr, Esquire, Barr, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, New York, 10005.

s/ Angela A. Zervos
Angela A. Zervos, Esquire
Yanchuck, Berman, Wadley & Zervos P.A.