**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 3-05-bk-3817(JAF) |
| WINN-DIXIE STORES, INC., et.al. ) | |
| ) | Chapter 11 |
| Debtors ) | |
| ) | Jointly Administered |

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE**
(Ruth Dyle)

COMES NOW, Ruth Dyle ("Applicant"), through her undersigned attorney, and seeks administrative expenses status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expenses described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan or Reorganization of Winn-Dixie Stores, Inc. and Affirm Debtors ("Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

**FACTUAL BACKGROUND**

2. Winn-Dixie Stores, Inc., et.al. ("Debtors") filed their voluntary petitions for

relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 ("Petition Date").

3.  After the Petition Date and on or about April 7, 2005, Applicant Ruth Dyle was injured at Winn-Dixie Store Number 498, located at 155 S Hwy 29, Cantonment, FL 32533. As a proximate result of the injury, Applicant suffered severe damages totaling at least $200,000.00. Applicant can support through medical records and other proof[1].

### APPLICANT'S CLAIMS ARE ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4.  Section 506(b) of the Bankruptcy Code provides for the allowance of administrative expenses status, and its attendant priority for payment for the "actual, necessary costs and expenses of preserving the estate...". 11 U.S.C. § 503(b). It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown*, 391 U.S. 471, 485 (post-petition fire damage resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.S. Fla. 1944).

5.  In this instance, Applicant's claim arose as a result of the business operation or one or more of the Debtors after the Petition Date, but prior to the Confirmation Order. As such, Applicant's $200,000.00 claim is entitled to administrative expenses status under 11 U.S.C. § 503(b), and Applicant seek the entry of an order awarding such status.

---

[1] Applicant's damages may not be fully liquidated at this time.

**REQUEST FOR FUTURE NOTICE**

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claims be served upon:

Soloway Law Firm
901 Scenic Highway
Pensacola, FL 32503

WHEREFORE, based upon the foregoing, Applicant's requests that the Court enter an Order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully Submitted,

/s/ Daniel M. Soloway
Daniel M. Soloway
Florida Bar No. 508942
Soloway Law Firm
901 Scenic Highway
Pensacola, Florida 32503
(850) 435-0555 (T)
(850) 435-8885 (F)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 22, 2006, I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE through CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for Reorganized Debtors; Matthew Barr, Esq. and John MacDonald, Esq., counsel for Post-Effective Date Committee; Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee; and all other parties participating in the CM/ECF System, all served electronically.

/s/ Daniel M. Soloway
Daniel M. Soloway
Florida Bar No. 508942
Soloway Law Firm
901 Scenic Highway
Pensacola, Florida 32503
(850) 435-0555 (T)
(850) 435-8885 (F)