UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                            CASE NO. 05-03817-3F1

WINN DIXIE STORES, INC., ET AL.[1]                                CHAPTER 11

REORGANIZED DEBTORS                                               JOINTLY ADMINISTERED

### APPLICATION AND REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIMS

NOW INTO COURT, through undersigned counsel comes Herman Hautau and Margie Hautau, parties in interest in the above-referenced and numbered proceeding, and herein submit this application to allow their post-petition personal injury claim as an administrative expense claim pursuant to Section 503 of the Bankruptcy Code, all in accordance with the terms and provisions of the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims ("Notice of Bar Dates"), issued to creditors and parties in interest in this proceeding. In support of this application, Herman Hautau and Margie Hautau respectfully aver as follows:

---

[1] In addition to Winn-Dixie Stores, Inc, the following entities also filed voluntary petitions for relief and are debtors in these related cases: Astro Products, Inc., Kracklin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie-Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie-Packers, Inc., Dixie-Spirits, Inc., Dixie-Stores, Inc., Economy Wholesale, Distributors, Inc., Food Way Stores, Inc., Kwik Check, Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Logistics, Inc, Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

## BACKGROUND AND PROCEDURE

1.

On February 21, 2005, Winn-Dixie Stores, Inc, filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code.

2.

On November 9, 2006, the Court entered an order confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors ("Plan").

3.

According to the Notice of Bar Dates issued to creditors in this proceeding, the Plan became effective on November 21, 2006.

4.

Under the provisions of Section 12.1 of the Plan, all requests for payment of an administrative claim or any claim arising against the debtors between the period of February 21, 2005 and November 21, 2006 (other then as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4 or 12.5 of the Plan), must be made by application filed with the Court and served on counsel for the reorganized debtors and the Post-Effective Date Committee no later than January 5, 2007.

## RESERVATIONS AND OBJECTIONS TO JURISDICTION

5.

Applicants do not consent to the jurisdiction of the Bankruptcy Court with respect to the adjudication of their claims referenced in this application. Moreover, the Bankruptcy Court lacks jurisdiction to determine, liquidate, classify or estimate the

amount of applicants' tort claims as such claims are outside the scope of the jurisdiction retained by the Bankruptcy Court post-confirmation.

6.

Plaintiffs' claims are unliquidated claims for personal injuries in tort that arise under Louisiana Law and, under 28 U.S.C 157(b)(2)(B), the liquidation of such tort claims against the estate for purposes of distribution under Title 11 are not "core" proceedings.

7.

On or about April 6, 2005, petitioners, Herman and Margie Hautau, were business invitees on the premises located at 2104 Williams Boulevard, Kenner, Louisiana, which premises were owned, supervised and/or controlled by Williams Limited Partnership, Inc., Bauer & Company, Inc., Chios Development Corporation, Winn-Dixie Louisiana, Inc., Winn-Dixie Montgomery, Inc., Bradshaw Family Limited Partnership, Bradshaw Property, LLC, and Bradshaw Family Trust. Margie Hautau was walking on the subject premises in a careful and prudent manner, when suddenly, unexpectedly and without warning, she tripped and fell on uneven flooring and or/cement leading to the front of the building. Upon information and belief, the condition of the building rendered the premises defective, ruinous, and hazardous to business invitees such as applicants herein.

8.

The aforementioned parties, i.e., Williams Limited Partnership, Inc., Bauer & Company, Inc., Chios Development Corporation, Winn-Dixie Louisiana, Inc., Winn-Dixie Montgomery, Inc., Bradshaw Family Limited Partnership, Bradshaw Property, LLC, and

Bradshaw Family Trust, are liable unto applicants for their own negligence under Article 2315 of the Louisiana Civil Code and are strictly liable for the things under their care, custody and control, to-wit, the building at issue. The debtors are also liable for the damages caused to applicants by the configuration of the building and uneven flooring under Article 2322 and 660 of the Louisiana Civil Code. Debtors are also liable for the negligence of any employees, agents or subcontractors under the doctrine of respondent superior.

9.

Additionally, debtors breached their duty of care to applicants, which breaches include, but are not limited to the following:

a. Failing to properly maintain their property;

b. Failing to maintain the building in a safe condition;

c. Failing to take all precautions such as to avoid this accident;

d. Failing to discover and correct an existing dangerous condition;

e. Failing to provide business invitees, such as petitioner, with a safe place to walk, including safe entrance into the building;

f. Failing to maintain the property in accordance with Municipal, State, and other applicable codes;

g. Failing to maintain the property in good working condition;

h. Giving express or implied authorization to unsafe practices;

i. Failing to properly conduct and manage the building at issue; and

4

j. Any and all other acts of negligence and omissions that will be discovered and shown at the trial of this matter, including violations of State, City, and Municipal regulations and ordinances.

10.

As a result of her fall, petitioner Margie Hautau suffered severe injuries to the structure, tissue and muscles of her body, which include, but are not limited to, head and all other injuries that should and will be demonstrated at the time of this trial of the matter.

11.

Petitioner Margie Hautau, is entitled to compensation under Louisiana Law in an amount sufficient to reasonably compensate her for the following general and specific damages, which include, but are not limited to the following:

a. Past, present, and future physical pain, suffering and loss of function;

b. Past, present, and future mental pain, anguish and suffering;

c. Past, present, and future medical expenses which include, but are not limited to, rehabilitation costs, doctor bills, hospital bills, medical tests, pharmaceutical bills, laboratory examinations, physical examination costs, diagnostic studies, and prosthesis;

d. Past, present, and future loss of earning capacity, including, but not limited to, loss of salary, fringe benefits, vacation, sick leave, overtime, parking, health and hospitalization insurance and disability coverage;

e. Permanent disability to the musculature, ligaments and bones of the body and permanent scarring and disfigurement;

f. General damages cognizable by the laws of Louisiana, its Constitution and the Constitution of the United States of America; and

g. Petitioner Herman Hautau has lost the consortium of his wife Margie Hautau and has lost his society and his marital services as a result of the injuries she sustained in this accident and is entitled to and does plead this as an additional element of his damages.

12.

On April 5, 2006, Herman and Margie Hautau filed a Petition for Damages with the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, in proceedings entitled "Herman Hautau and Margie Hautau v. Williams Limited Partnership, Inc., Bauer & Company, Inc., Chios Development Corporation, Winn-Dixie Louisiana, Inc., Winn-Dixie Montgomery, Inc., Bradshaw Family Limited Partnership, Bradshaw Property, LLC, and Bradshaw Family Trust, " bearing docket number 629926, Division H, on the docket of that Court (the "State Court Lawsuit").[2]

13.

The first, second and third named defendants in the State Court Lawsuit (i.e., Williams Limited Partnership, Bower & Inc., and Chios Development Corporation, compromise a domestic partnership Williams) are domiciled in Orleans Parish, Louisiana, its member corporations (i.e., Bowers and Chios) are likewise domiciled in Orleans Parish, and they are authorized to do and doing business in the State of Louisiana. These named defendants were all owners of the property operated as Winn-

---

[2] On April 4, 2006, Herman and Margie Hautau also filed an identical petition with the Civil District Court in and for the Parish of Orleans, State of Louisiana, under proceedings bearing case number 2006-2877, Division F.

Dixie located at 2104 Williams Blvd., Kenner, Louisiana, where the incident at issue occurred.

14.

The fourth and fifth named defendants in the State Court Lawsuit (i.e., Winn-Dixie Louisiana, Inc., and Winn-Dixie Montgomery, Inc.) are corporations that were authorized to do and did business in the State of Louisiana and who, upon information and belief, were operators of the premises where the incident at issue occurred.

15.

The sixth, seventh and eighth named defendants in the State Court Lawsuit (i.e., Bradshaw Family Limited Partnership, Bradshaw Property, L.L.C., and Bradshaw Family Trust) comprise a domestic partnership (Bradshaw Family Limited Partnership), are domiciled in Jefferson Parish, and its partners (Bradshaw Property and Bradshaw Family Trust) are likewise domiciled in Jefferson Parish, and are authorized to do and did business in the State of Louisiana. These named defendants were, at all times material, additional owners of the property operated as Winn-Dixie located at 2104 Williams Blvd., Kenner, Louisiana, where the incident at issue in the State Court Lawsuit occurred.

16.

The afore-mentioned defendants are jointly, severely and *in solido* liable unto Herman and Margie Hautau for the damages complained of in the State Court Petition.

17.

Upon information and belief, Winn-Dixie Stores, Inc. was self-insured.

**RELIEF REQUESTED**

18.

Under the terms and provisions of the Plan, including the Notice of Entry of Bar Dates issued in this proceeding, any claim arising against the debtors between the period February 21, 2005, and November 21, 2006, (other than as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4 or 12.5 of the Plan) must be made by application filed with the Bankruptcy Court no later than January 5, 2007.

19.

As applicants' unliquidated claims in tort against the debtors arose during the time period stated in the Notice of Entry of Bar Dates, applicants submit this application for the purpose of preserving their rights to seek and obtain payment of this claim, and to preserve their rights to liquidate such claims in the State Court venue in which they are currently pending; however, applicants do not consent or agree to the determination, liquidation, or estimation of their claims by the Bankruptcy Court.

20.

Applicants further contend and would apprise the Court that the liquidation of their tort claims are the purview of and should remain for adjudication by the Civil District Court in an for the Parish of Orleans and the 24th Judicial District Court Parish of Jefferson, and that applicant should be permitted to continue with the liquidation of their claims in those forums until a final adjudication as to the amount of their claims have been made in that forum.

21.

Once applicants' claims have been liquidated and adjudicated by the Civil District Court in an for the Parish of Orleans and/or the 24th Judicial District Court in and for

Parish of Jefferson, State of Louisiana, payment can then be tendered by the debtors, and it is that payment by the debtors which applicants seek to preserve via the submission of the instant application.

WHEREFORE, Herman Hautau and Margie Hautau, pray as follows: (i) that this application be deemed good and sufficient, and that their claims for personal injuries in tort against the debtors be preserved, maintained, and allowed pending the adjudication thereof by the appropriate state court tribunal; (ii) that the defenses and/or objections of lack of jurisdiction of the Bankruptcy Court to adjudicate the amount of applicants' tort claims be maintained and/or upheld; (iii) that the debtors be directed to pay the post-petition claims of applicants once the amounts thereof have been adjudicated by the appropriate state court tribunal; and (iv) for such other and further relief as may be deemed equitable in the premises.

Respectfully submitted,

/s/ Gregory K. Crews
Gregory K. Crews
300 West Adams St., Suite 200
Jacksonville, Florida 32202
Phone: (904) 354-1750
Florida Bar No. 172772
Attorneys for Herman Hautau
and Margie Hautau

Darryl T. Landwehr (17677)
LANDWEHR LAW FIRM
1010 Common Street, Suite 1710
New Orleans, Louisiana 70112
Phone: (504) 561-8086
Attorneys for Herman Hautau
and Margie Hautau

## **CERTIFICATE OF SERVICE**

I certify that on December 22, 2006, I electronically filed the foregoing Application and Request for Payment of Administrative Claims with the Clerk of the Court by using the CM/ECF system which will send a notice electronic filing to the U. S Trustee and the following:

>James Post, Esquire
>225 Water Street, Suite 1800
>Jacksonville, Florida 32202
>
>Mathew Barr, Esquire
>Milbank, Tweed, Hadley & McClow
>#1 Chase Manhattan Plaza
>New York, New York 10005

>   /s/ Gregory K. Crews
>Gregory K. Crews
>300 West Adams St., Suite 200
>Jacksonville, Florida 32202
>Phone: (904) 354-1750
>Florida Bar No. 172772
>Attorneys for Herman Hautau
>and Margie Hautau