UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
JACKSONVILLE, FLORIDA
DEC 22 2006
CLERK, U.S. BANKRUPTCY
MIDDLE DISTRICT OF FLORIDA

In Re:

WINN DIXIE STORES, INC., et al.,   Case No. 3:05-bk-03817-3F1

Debtors.                             Chapter 11 - Jointly Administered
_____/

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR POST-PETITION PERSONAL INJURY CLAIMANT

**COMES NOW** the Movant, Lorrie Clifton, *pro se*, pursuant to 11 U.S.C. § 503, and requests this Court enter an Order approving her application to have allowed an administrative claim against the Estate, and to authorize payment of this claim, and would show:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the *United States Bankruptcy Code*.

2. The Debtors are operating their businesses and managing their property as a debtor in possession pursuant to § 1107(a) and § 1108 of the *United States Bankruptcy Code*.

3. The Court has appointed an official committee of unsecured creditors to serve in these cases.

4. The Debtors assert in pleadings filed with the Court that approximately 3,200 Proofs of Claim were filed involving unliquidated personal injury or property damage claims for which litigation had been commenced or threatened against the Debtors' pre-petition. The Court has entered Orders setting out certain procedures to resolve personal injury claims.

5. Subsequent to the filing of the case, the Movant suffered personal injuries as a result of negligence by the Debtors.

6. The personal injury claim of the Movant has not yet been liquidated.

7. The Court has entered an Order setting a bar date of January 5, 2007 to file administrative expense claims.

8. The Court may award an administrative expense priority under § 503(b) for the "actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1).

9.  Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.

10. The Movant respectfully requests the Court enter an Order allowing her post-petition administrative expense claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of her post-petition claim, the Movant requests the Court enter an Order requiring the Debtors, as a condition of confirmation of their Chapter 11 Plan, to pay the allowed administrative claim in full.

11. The Movant requests the Court limit notice of this Application to the Debtors, counsel for the Debtors, and counsel for the Unsecured Trade Creditors Committee.

_____
Lorrie Clifton, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following parties by placing a copy of same in United States mail, first class, postage prepaid and addressed as follows:

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL  32254-3699

Stephen D. Busey
225 Water Street, Suite 1800
Jacksonville, FL  32202

Adam Ravin
Four Times Square
New York, NY  10036

Kenneth C. Meeker, U.S. Trustee
135 W. Central Blvd., Suite 620
Orlando, FL  32801

Alan E. Wulbern
225 Water Street, Suite 1800
Jacksonville, FL  32202

Elena L. Escamilla
135 West Central Blvd., Suite 620
Orlando, FL  32806

Cynthia C. Jackson
225 Water Street, Suite 1800
Jacksonville, FL  32202

Dennis F. Dunne
1 Chase Manhattan Plaza
New York, NY  10005

James H. Post
225 Water Street, Suite 1800
Jacksonville, FL  32202

John B. MacDonald
50 North Laura Street, Suite 2500
Jacksonville, FL  32202

Joshua M. Katz
999 Peachtree Street, 14th Floor
Atlanta, GA  30309

Patrick P. Patangan
50 North Laura Street, Suite 2500
Jacksonville, FL  32202

Leanne M. Prendergast
225 Water Street, Suite 1800
Jacksonville, FL  32202

Done this the __18th__ day of December, 2006.

_____
Lorrie Clifton, *pro se*