UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No.: 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Reorganized Debtors | Jointly Administered |
| _____/ | |

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE
STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE**
(Lisa Yaffee and Kenneth Yaffee)

COMES NOW, LISA YAFFEE and KENNETH YAFFEE (Applicants), by and through the undersigned attorney, and seek administrative expense status for Applicants' claim against one or more of the Debtors pursuant to 11 U.S.C. §503(b). Applicants request the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Conforming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of the Application, Applicants state as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. Venue is proper pursuant to 28 U.S.C. §157(b)(2).

**FACTUAL BACKGROUND**

2. Winn-Dixie Stores, Inc., et al. (The Debtors) filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on about February 21, 2005 (the Petition date").

3.  After the Petition date and on or about September 8, 2005, Applicant, Lisa Yaffee, was injured at the Winn-Dixie Store #681, 6501 102nd Avenue in Pinellas Park, Florida. As a result of this injury, Applicant, Lisa Yaffee has suffered damages totaling at least $375,000.00, which damages Applicant can support through medical records and other proof.[1] Mr. Kenneth Yaffee is applicant's husband and maintains a loss of consortium claim. Winn-Dixie Stores, Inc., et al. was provided a complete settlement package containing all supporting documents on or about October 6, 2006.

### APPLICANTS CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4.  SECTION 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses or preserving the estate . . .". 11 U.S.C. § 503(b). It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. See, Reading Co. V. Brown, 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); In re Piper Aircraft Corp., 169 B.R. 766 (Bankr. S.D. Fla. 1994).

5.  In this instance, Applicants' claim arose as a result of the business operations of one or more of the Debtors after the Petition date but prior to the Confirmation Order. As such, Applicants' claim is entitled to administrative expense status under 11 U.S.C. §503(b), and Applicants seek the entry of an order awarding such status.

---

[1] Applicants' damages may not be fully liquidated at this time.

**REQUEST FOR FUTURE NOTICE**

Applicants request that all future pleadings and notices regarding or affecting Applicants' claim be served upon:

>NICHOLAS M. ATHANASON, ESQ.
>1236 66th Street South
>St. Petersburg, FL 33710

WHEREFORE, based upon the foregoing, Applicants request that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully Submitted,

>/s/ Nicholas M. Athanason,
>**NICHOLAS M. ATHANASON, Esq.**
>1236 66th Street North
>St. Petersburg, Fl. 33710
>(727) 347-0537
>Attorney for Plaintiff
>Florida Bar Number: 0826804
>SPN No. 01404507

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2006 I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST PETITION CLAIM AND REQUEST FOR NOTICE through CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of United Trustee, Clerk of the Court Middle District of Florida Jacksonville Division and all other parties participating in the CM/ECF System, all served electronically.

/s/ Nicholas M. Athanason
Nicholas M. Athanason, Esq.