UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al,     Case No. 3:05-bk-03817-3F1

        Debtors     Chapter 11 - Jointly Administered

_____/

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR**
**CERTAIN POST-PETITION WORKERS' COMPENSATION INJURY CLAIMANT**

COMES NOW the Movant, Rodica Basaraba, (hereinafter "Movant"), by and through the undersigned counsel, and pursuant to 11 U.S.C. SECT. 503, requests this Court enter an Order approving her application to have allowed administrative claim against the Estate, and to authorize payment of her claim, and would show:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code.

2. On 8/18/2006, Rodica Basaraba suffered a work accident and as a result requires medical care and has incurred lost wages from an accident that occurred while employed at a Winn Dixie store. It is asserted the Debtor is responsible for the accident and injury and damages. The store accident location is, upon information and belief, at Winn Dixie 305, 1515 E. Hallandale Beach Blvd., Hallandale, Florida. A workers' compensation claim is currently pending through Debtor's third party administrator, Sedgwick Claims Management Services with claim number OJCC No.: 06-030786DAL.

3. The Debtors are operating their businesses and managing their property as a debtor in

possession pursuant to § 1107(a) and § 1108 of the Bankruptcy Code.  The Court has appointed an official committee of unsecured creditors to serve in these cases.   The Court has entered Orders setting out certain procedures to resolve injury claims.

4.   Subsequent to the filing of the case, the Movant suffered injuries as a result of negligence by the Debtors and/or as a result of a work accident.  The Movant asserts the right to assert administrative expense claims due to the post-petition occurrence of their claims.

5.   The workers' compensation injury claims of the Movants have not yet been liquidated. Nonetheless, the value of the claim may be in excess of $100,000.00.

6.   The Court has entered an Order setting a bar date to file administrative expense claims.

7.   The Court may award an administrative expense priority under § 503(b) for the "actual, necessary costs and expenses of preserving the estate...." 11 U.S.C. §503(b)(1).  Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.

WHEREFORE, the Movants respectfully request the Court enter an Order allowing their post-petition administrative expense claims, subject to liquidation by either consent of the parties or a court of competent jurisdiction.   Upon liquidation of their post-petition claims, the Movants request the Court enter an Order requiring the Debtors,  as a condition of confirmation of their Chapter 11 Plan - to pay the allowed administrative claims in full.

        SAXON, GILMORE, CARRAWAY,
        GIBBONS, LASH & WILCOX, P.A.
        201 E. Kennedy Blvd., Suite 600
        Tampa, FL 33602
        Phone: (813) 314-4500
        Facsimile: (813) 314-4555
        Local Bankruptcy Counsel for Movant

        _____/s/ David J. Tong_____
        DAVID J. TONG, ESQUIRE
        Florida Bar No. 437085

        AND

        ROSENBERG & ROSENBERG, P.A.

                                                Attorney for Workers' Compensation Claim
2501 Hollywood Blvd., Suite 110
Hollywood, FL 33020
(954)963-0443/624-6649
PAUL S. ROSENBERG, ESQ.
Florida Bar No.: 0821720

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by electronic or standard U.S. Mail, to the parties listed below on this 27th day of December, 2006.

                                                /s/David J. Tong, Esq.
                                                DAVID TONG, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
225 Water St., Suite 1800
Jacksonville, FL 32202

Kenneth C. Meeker, U.S. Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801

Mathew Barr, Esq.
One Chase Manhattan Plaza
New York, NY 10005