UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al,               Case No. 3:05-bk-03817-3F1

        Debtors                                        Chapter 11 - Jointly Administered

_____/

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM
FOR CERTAIN POST-PETITION PERSONAL INJURY CLAIMANT**

COMES NOW the Movant, Makeda Woodbine (hereinafter "Movant"), by and through the undersigned counsel, and pursuant to 11 U.S.C. SECT. 503, requests this Court enter an Order approving her application to have allowed administrative claim against the Estate, and to authorize payment of her claim, and would show:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code.

2. On 02/22/06 Makeda Woodbine suffered a personal injury to her body, incurred medical expenses as a result thereof, and has pain and suffering from an accident that occurred at a Winn Dixie store. It is asserted the Debtor is responsible for the accident and injury and damages. The accident location is, upon information and belief, at the intersection of Miramar Parkway & University Drive, Miramar, Florida. A claim is currently pending through Debtor's third party administrator, Sedgwick Claims Management Services with claim number A6112016100002-01 .

3. The Debtors are operating their businesses and managing their property as a debtor in possession pursuant to § 1107(a) and § 1108 of the Bankruptcy Code. The Court has appointed an official committee of unsecured creditors to serve in these cases. The Court has entered Orders setting out certain procedures to resolve personal injury claims.

4. Subsequent to the filing of the case, the Movant suffered personal injuries as a result of negligence by the Debtors. The Movant asserts the right to assert administrative expense claims due to the post-petition occurrence of their claims.

5. The personal injury claims of the Movants have not yet been liquidated. Nonetheless, the value of the claim may be in excess of $100,000.00.

6. The Court has entered an Order setting a bar date to file administrative expense claims.

7. The Court may award an administrative expense priority under § 503(b) for the "actual, necessary costs and expenses of preserving the estate...." 11 U.S.C. §503(b)(1). Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.

WHEREFORE, the Movants respectfully request the Court enter an Order allowing their post-petition administrative expense claims, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of their post-petition claims, the Movants request the Court enter an Order requiring the Debtors, as a condition of confirmation of their Chapter 11 Plan - to pay the allowed administrative claims in full.

>SAXON, GILMORE, CARRAWAY,
>GIBBONS, LASH & WILCOX, P.A.
>201 E. Kennedy Blvd.
>Suite 600
>Tampa, FL 33602
>Phone: (813) 314-4500
>Facsimile: (813) 314-4555
>Local Bankruptcy Counsel for Movant
>
>   /s/ David J. Tong
>DAVID J. TONG, ESQUIRE
>Florida Bar No. 437085
>AND

ROSENBERG & ROSENBERG, P.A.
Attorney for Personal Injury Claim
2501 Hollywood Blvd., Suite 110
Hollywood, FL 33020
(954)963-0443/624-6649
PAUL S. ROSENBERG, ESQ.
Florida Bar No.: 0821720

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by electronic or standard U.S. Mail, to the parties listed below on this 28th day of December, 2006.

/s/David J. Tong, Esq.
DAVID TONG, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
225 Water St., Suite 1800
Jacksonville, FL 32202

Kenneth C. Meeker, U.S. Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801

Mathew Barr, Esq.
One Chase Manhattan Plaza
New York, NY 10005