# BRADLEY S. HARTMAN, P.A.

Bradley S. Hartman, Esq., Attorney and Counselor at Law

---

CERTIFIED MAIL/RETURN RECEIPT
REQUESTED:  7003 1680 0007 4919 7569

June 20, 2006

Richard J. Law
General Liability Examiner
Sedgwick
P.O. Box 24787
Jacksonville, FL 32241-4787

RE:   Our Client:       Eloise Bryant
      Date of Accident: 10/5/05
      Your Claim No.:   A511212981
      Your Insured:     Winn Dixie #204
      Location:         1035 N.W. 9th Avenue, Fort Lauderdale, FL  33311
      Our File No.:     6337

Dear Mr. Law:

You have already had the opportunity to speak to the claimant, Eloise Bryant, who was injured when she slipped on what appeared to be bloody water as she walked from nearby the seafood counter to the produce section of Winn Dixie Store # 204 located at 1035 Northwest 9th Avenue, Fort Lauderdale, Florida on the above date.

This claim therefore involves the existence of a transitory substance on the floor of Winn Dixie's business premises. Pursuant to §768.071(1) Florida Statutes, Winn Dixie owed Ms. Bryant a duty of reasonable care to maintain the premises in a reasonably safe condition for her safety, including reasonable efforts to keep the premises free from transitory substances that might foreseeably give rise to loss, injury or damage. Subsection (2)(b) of the statute provides that actual or constructive notice of the transitory substance is not a required element of proof of the claim.

Although we do not concede that the substance was open and obvious, even the existence of an open and obvious danger does not necessarily mean that the owner's duty to maintain the property in a reasonably safe condition has been discharged. *Mashni v. Lasalle Partners Management, Ltd.,* 842 So.2d 1035 (Fla. 4th DCA 2003).

She initially declined first aid treatment, and delayed seeking medical care in hope that her symptoms would subside on their own. Unfortunately, over the two week period following

---

10000 Stirling Road, Suite 1 • Cooper City, FL 33024-8038 ☎ TEL (954) 438-1000 ☎ FAX (954) 438-3000
• www.hartmanlawoffice.com •



EXHIBIT A

Richard J. Law
General Liability Examiner
Sedgwick
P.O. Box 24787
Jacksonville, FL 32241-4787
June 20, 2006
Page 2

RE:  Our Client:        Eloise Bryant
     Date of Accident:  10/5/05
     Your Claim No.:    A511212981
     Your Insured:      Winn Dixie #204
     Location:          1035 N.W. 9th Avenue, Fort Lauderdale, FL 33311
     Our File No.:      6337

the accident, Ms. Bryant had continued difficulty both with activity and sleeping comfortably, due to persistent, and even increasing, pain in her left shoulder and elbow, left foot and ankle and low back. Because of this, she sought treatment at the offices of Wallace Williamson, M.D.

Upon his initial examination, Dr. Williamson found that Ms. Bryant had tenderness to palpation in her left elbow directly over the olecranon, tenderness to palpation in her left knee over the prepatellar surface and over the medial collateral ligament, tenderness to palpation in the left ankle over the medial malleolus, and in the left foot over her first metatarsal. Dr. Williamson also examined Ms. Bryant's neck and back, and found that, while her cervical spine and thoracic spine revealed no spasm or tenderness, there was spasm and tenderness in her paravertebral muscles bilaterally. Range of motion was limited in her low back, she noted pain at the extreme ranges of motion, and straight leg raising was positive at 60 degrees on the right and 30 degrees on the left.

Based upon his initial examination and review of x-rays, it was Dr. Williamson's initial clinical impression that Ms. Bryant had sustained strain / sprain injuries of her left shoulder and elbow, left knee and ankle, and her lower back. To treat these injuries, he began her on a course of therapy intended to relieve her pain, decrease muscle spasm, remove fibrous adhesions and improve her range of motion. He also prescribed an anti-inflammatory medication as an adjunct to her therapy.

One month later, Ms. Bryant was evaluated by Dr. Williamson's associate, neurologist, Sheryl Lavender. Dr. Lavender found that Ms. Bryant continued to have spasm and tenderness involving the paravertebral muscles of her lumbar spine, with tenderness over the interspinal ligaments, and that her range of motion continued to be limited. She still had pain with motion of both her left ankle and left knee and tenderness in those areas as well as in her left shoulder. Concerned about her persistent finding in her back, she referred Ms. Bryant for an MRI of her lumbar spine to be followed by an orthopedic consultation. When the MRI examination was performed, it revealed that Ms. Bryant had posterior disk herniations throughout her lumbar spine, with facet and ligamentum flava hypertrophy. While this condition undoubtedly pre-dated Ms. Bryant's fall, there is no doubt that it left her with a compromised back and predisposed to suffer significant injury once it subjected to trauma such as that involved in the subject accident. Following the

Richard J. Law
General Liability Examiner
Sedgwick
P.O. Box 24787
Jacksonville, FL 32241-4787
June 20, 2006
Page 3

RE:   Our Client:         Eloise Bryant
      Date of Accident:   10/5/05
      Your Claim No.:     A511212981
      Your Insured:       Winn Dixie #204
      Location:           1035 N.W. 9th Avenue, Fort Lauderdale, FL 33311
      Our File No.:       6337

MRI, Ms. Bryant returned to conservative care at the offices of Broward Injury Rehabilitation Center.

She was seen by Michael Wilenksy, M.D., in orthopedic consultation and was found to have suffered an 8% impairment of the body as a whole as a result of the injuries to her lumbar spine and persistent tendinitis in her left foot.

She was also reevaluated by a board certified neurologist, Marisa Prego-Lopez, M.D., who found that her injuries left Ms. Bryant with a 10% to 11% permanent partial impairment of the body as a whole. Dr. Prego-Lopez also opined that Ms. Bryant would require follow up care of a palliative nature in the future of one to two visits per month with an estimated cost of $2,500.00 to $5,000.00 per year.

As her treatment wrapped up at Broward Injury Rehabilitation Center, Ms. Bryant felt that insufficient attention had been paid to her injury to her left foot and ankle. Accordingly, she sought a second opinion from dedicated hand and foot surgeon, Cary Chapman, M.D., at the Orthopaedic Center of South Florida. When she first saw Dr. Chapman, she advised him that she continued to have pain and swelling in the medial aspect of her left foot in the region of the arch. She indicated that the pain comes and goes, although there was no real exacerbating or relieving factors. Dr. Chapman referred Ms. Bryant immediately for an MRI scan of her left foot, which revealed that she was continuing to suffer from joint effusion and synovitis in her ankle and in her first metatarsophalangeal joint. Unfortunately, Dr. Chapman did not feel that he could do much to relieve Ms. Bryant's symptoms, other than for her to wear a more supportive shoe. He discharged her from further care with a 1% impairment rating based, solely, on the injury to her ankle and foot.

As a result of her injuries, Ms. Bryant reports that she continues to have pain in her left foot and knee, as well as her low back, for which she has to take analgesics and often use a heating pad. She is unable to sleep on her right side, without experiencing numbness on her left. Her inability to stand on her feet for a long period of time has made it difficult for her to perform both household tasks, such as heavy cleaning, and avocational activities, such as dancing.

Richard J. Law
General Liability Examiner
Sedgwick
P.O. Box 24787
Jacksonville, FL 32241-4787
June 20, 2006
Page 4

RE:  Our Client:        Eloise Bryant
     Date of Accident:  10/5/05
     Your Claim No.:    A511212981
     Your Insured:      Winn Dixie #204
     Location:          1035 N.W. 9th Avenue, Fort Lauderdale, FL 33311
     Our File No.:      6337

Based upon the foregoing, it is clear that Ms. Bryant, who has never before been injured in an accident, has suffered significant and permanent injuries as a result of the negligence of your client, Winn Dixie Stores, Inc. She is entitled to be fairly and adequately compensated for the damages which she has incurred as a result thereof. Therefore, for your review in evaluating this claim, enclosed please find copies of the following:

1. Records of Broward Injury Rehab Center, Inc., including final report of Marisa Prego-Lopez, M.D., and statement for services rendered in the amount of $6345.00.

2. Report of Michael Wilensky, M.D., and statement for services rendered in the amount of $580.00.

3. Records of Orthopaedic Center of South Florida, including the final report of Dr. Chapman and MRI of Ms. Bryant's left foot, and statement for services rendered in the total amount of $1,995.00.

4. Report of MRI of Ms. Bryant's lumbar spine and statement for services rendered by Fountain Imaging in the amount of $1,750.00.

We have evaluated this claim by comparing same with jury verdicts previously entered in cases involving similar injuries, amounts of special damage, and prognoses, and involving similar facts pertaining to liability. Based upon this evaluation, we would be willing to recommend a settlement in the amount of $60,670.00 to our client, Eloise Bryant. We feel that this would constitute a fair and equitable settlement of this matter.

Accordingly, please consider this to be our formal demand on behalf of Eloise Bryant in the above amount. Please be advised that this demand is submitted without prejudice to our client's rights to assert other and further bases of liability and/or damages should this matter proceed to litigation.

This settlement offer is conditioned upon an agreement between this firm and your company as to the language of the final release, as well as court approval in the event same is required by law.

Richard J. Law
General Liability Examiner
Sedgwick
P.O. Box 24787
Jacksonville, FL 32241-4787
June 20, 2006
Page 5

RE:    Our Client:           Eloise Bryant
       Date of Accident:    10/5/05
       Your Claim No.:      A511212981
       Your Insured:         Winn Dixie #204
       Location:              1035 N.W. 9th Avenue, Fort Lauderdale, FL 33311
       Our File No.:          6337

Inasmuch as this letter is submitted in connection with settlement negotiations, its contents shall not be admissible on behalf of the Defendant in any evidentiary proceeding involving this claim.

We feel that you should be in a position to respond to this demand within twenty (20) days from the date of this letter. Therefore, if we fail to hear from you with a view toward negotiating a settlement of this matter within twenty (20) days from the date of this letter, we shall have no alternative other than to conclude that you do not wish to discuss an amicable settlement at this time and shall proceed to institute litigation in a Court of competent jurisdiction. We are of course interested in saving all parties the expense of litigation and therefor look forward to hearing from you within the above time period.

Thank you very much.

Sincerely,

BRADLEY S. HARTMAN, P.A.

By: _____
     BRADLEY S. HARTMAN, ESQ.

BSH/dw
Enclosures
cc: client