## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **WINN-DIXIE STORES, INC., et al.,** | **Case No. 05-03817-3F1** |
| **Debtors.**[1] | **(Jointly Administered)** |

### CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1. I am of legal age and I am not a party to this action.

2. I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3. On or about December 18, 2006 I caused copies of:

- the **Agreed Order Resolving Claims Filed by Beiersdorf, Inc., Dales Doughnuts South Inc., J&J Snack Foods Corp. and Sunbeam Products, Inc., as Set Forth in the Debtors' Eighth Omnibus Claims Objection**

   to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served Order as listed above is attached hereto as Exhibit B.

Dated: December 28, 2006

_____
Kathleen M. Logan

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

# EXHIBIT A
# SERVICE LIST

**SERVICE LIST**

**Agreed Order Resolving Claims Filed by Beiefsdorf, Inc.,**
**Dales Doughnuts South Inc., JJ Snack Foods Corp. and**
**Sunbeam Products, Inc., as Set Forth in the Debtors'**
**Eighth Omnibus Claims Objection**

**DEBTOR:     WINN-DIXIE STORES, INC., ET AL.**                                      **CASE:   05-03817-3F1**

CREDITOR ID: 279205-35
BEIERSDORF INC
ATTN PAT CERONE, SR MGR
187 DANBURY RD
5232 EAST PROVIDENT DRIVE
WILTON CT 06897

CREDITOR ID: 411239-15
DALES DOUGHNUTS SOUTH INC DBA
KRISPY KREME DOUGHNUT CORP
C/O KRISPY KREME 451
ATTN CHRISTOPHER D SMITH, VP
1300 E PARK AVENUE
TALLAHASSEE FL 32301

CREDITOR ID: 384180-47
J&J SNACK FOODS CORP
PO BOX 7777-W2855
PHILADELPHIA, PA 19175

CREDITOR ID: 406135-15
J&J SNACK SALES CORP
ATTN I IRIZARRY OR H MCLAUGHLIN
6000 CENTRAL HIGHWAY
PENNSAWKEN NJ 08081

CREDITOR ID: 411198-15
SUNBEAM PRODUCTS, INC
ATTN EILEEN MCDONNELL
2381 EXECUTIVE CENTER DRIVE
BOCA RATON FL 33431

**Total:   5**

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |

### AGREED ORDER RESOLVING CLAIMS FILED BY BEIERSDORF INC., DALES DOUGHNUTS SOUTH INC., J&J SNACK FOODS CORP. AND SUNBEAM PRODUCTS, INC., AS SET FORTH IN THE DEBTORS' EIGHTH OMNIBUS CLAIMS OBJECTION

These cases originally came before the Court for hearing on May 4, 2006, upon the Eighth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of claim listed on Exhibit A to the Objection.[2] Formal and informal responses to the Objection were raised, as a result of which the Debtors agreed to continue the Objection with respect to (i) claim no. 11505 filed by Dales Doughnuts South, Inc., (ii) claim no. 2570 filed by J&J Snack Foods Corp. and (iii) claim no. 11325 filed by Sunbeam Products, Inc. (the "Overstated Claims"), among others. On May 4, 2006, the Court entered an order (Docket No. 7594) sustaining the Objection as to the proofs of claim listed on the exhibits to the order and continuing the hearing

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]    All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

on the Objection as to the Overstated Claims and other unresolved claims. Based upon the representation by counsel to the Debtors that the proposed Agreed Order reflects a resolution of the Objection as to the Overstated Claims and an agreement to increase the reduced claim amount for claim no. 5462 filed by Beiersdorf, Inc., it is

ORDERED AND ADJUDGED:

1.      Claim no. 5462 filed by Beiersdorf, Inc. is allowed as an unsecured non-priority claim in the amount of $75,463.79 and the remainder of the claim is disallowed.

2.      Claim no. 11505 filed by Dales Doughnuts South Inc. is reduced and allowed as an unsecured non-priority claim in the amount of $32,000.00 and the remainder of the claim is disallowed.

3.      Claim no. 2570 filed by J&J Snack Foods Corp. is reduced and allowed as an unsecured non-priority claim in the amount of $42,327.49 and the remainder of the claim is disallowed.

4.      Claim no. 11325 filed by Sunbeam Products, Inc. is reduced and allowed as an unsecured non-priority claim in the amount of $7,567.39 and the remainder of the claim is disallowed.

5.      Each claim and the objections by the Debtors to such claim as addressed in the Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order is deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by this Order.

6.      Neither the Objection nor any disposition of the claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any potential Avoidance Action against any of the Claimants.

7.      The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this ___ day of ___, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

477310-Wilmington Server 1A - MSW