## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **WINN-DIXIE STORES, INC., et al.,** | **Case No. 05-03817-3F1** |
| **Debtors.**[1] | **(Jointly Administered)** |

### CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1.   I am of legal age and I am not a party to this action.

2.   I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3.   On or about December 18, 2006 I caused copies of:

- the **Agreed Order Resolving Claims Filed by Protemp Services, LLC and Warner Lambert Consumer Group, as Set Forth in the Debtors' Fifteenth Omnibus Claims Objection**

   to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served Order as listed above is attached hereto as Exhibit B.

Dated: December 28, 2006

_Kathleen M. Logan_
Kathleen M. Logan

---

[1]       In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

# EXHIBIT A
# SERVICE LIST

SERVICE LIST

**Agreed Order Resolving Claims Filed by Protemp Services,
LLC and Warner Lambert Consumer Group, as Set Forth
in the Debtors' Fifteenth Omnibus Claims Objection**

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                                          **CASE:   05-03817-3F1**

CREDITOR ID: 410386-15
PFIZER, INC/WARNER LAMBERT
ATTN CAROL CARSON, COLLECTION
201 TABOR ROAD, 86-1
MORRIS PLAINS NJ 07950

CREDITOR ID: 407520-98
SPCP GROUP LLC AGT OF SILVER PT CAP
FUND LP & SILVER PT CAP OFFSHORE
ATTN BRIAN JARMAIN
2 GREENWICH PLAZA 1ST FL
GREENWICH CT 06830

CREDITOR ID: 407520-98
SPCP GROUP LLC AGT OF SILVER PT CAP
C/O TRAUB BONACQUIST & FOX LLP
ATTN: MAURA I RUSSELL, ESQ &
ANTHONY B STUMBO, ESQ
655 THIRD AVE, 21ST FL
NEW YORK NY 10017

CREDITOR ID: 384412-47
WARNER LAMBERT CONSUMER GROUP
ATTN: MARK CLARK, DIR CREDIT OPER
PO BOX  640727
PITTSBURGH, PA 15264-0727

**Total:   4**

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |

## AGREED ORDER RESOLVING CLAIMS FILED BY PROTEMP SERVICES, LLC AND WARNER LAMBERT CONSUMER GROUP, AS SET FORTH IN THE DEBTORS' FIFTEENTH OMNIBUS CLAIMS OBJECTION

These cases originally came before the Court for hearing on August 24, 2006, upon the Fifteenth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of claim listed on Exhibit A through C to the Objection.[2] Formal and informal responses to the Objection were raised, as a result of which the Debtors agreed to continue the Objection with respect to claim no. 7386 filed by Warner Lambert Consumer Group, among others. On August 24, 2006, the Court entered an order (Docket No. 10544) sustaining the Objection as to the proofs of claim listed on the exhibits to the order and continuing the hearing on the Objection as to Warner Lambert Consumer Group and other unresolved claims. Based upon the representation by counsel to the Debtors that the proposed Agreed Order reflects

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

a resolution of the Objection as to Warner Lambert Consumer Group and an agreement to increase the reduced claim amount for claim no. 275 filed by Protemp Services, LLC, it is

ORDERED AND ADJUDGED:

1.      Claim no. 275 filed by Protemp Services, LLC is allowed as an unsecured non-priority claim in the amount of $75,644.50.

2.      Claim no. 7386 filed by Warner Lambert Consumer Group is allowed as an unsecured non-priority claim in the amount of $834,156.99.

3.      Each claim and the objections by the Debtors to such claim as addressed in the Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order is deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by this Order.

4.      Neither the Objection nor any disposition of the claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any potential Avoidance Action against any of the Claimants.

5.      The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 14 day of ____, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

2

478160-Wilmington Server 1A - MSW