

# SHAKED BIONDO
### ATTORNEYS AT LAW

200 SOUTHEAST 1st STREET
SUITE 505
MIAMI, FL 33131
305.371.7326
305.371.7330 fax
www.miamiattys.com

July 7, 2006

**VIA CERTIFIED MAIL RETURN
RECEIPT REQUESTED # 7005 1820 0008 0831 8588**
Felicia Crooms
Ace American Insurance Company
P.O. Box 24787
Jacksonville, FL 32241-4787

Re:    Our Client     : Sara Zeitun
       Your Insured   : Winn-Dixie
       Claim Number : A511212970-0001-01
       D/Accident     : 10/10/2005

Dear Ms. Crooms:

As you know, the undersigned counsel and this law firm represent Sara Zeitun for serious injuries sustained as a direct and proximate result of the negligence of your insured. Please let this correspondence serve as a formal offer on behalf of Sara Zeitun.

## FACTS AND LIABILITY

On October 7, 2005, Ms. Sara Zeitun was shopping at a Winn-Dixie store when, due to the negligence of your insured, she was forced to suffer injury. Ms. Zeitun was walking down the aisle in front of the cashier when she slipped and fell on a puddle of water on the ground. As a result, she came crashing down and severely injured herself. As you know, or should know, your insured failed to maintain and/or keep the premises in a safe condition by allowing water to remain on the floor for a significant amount of time without providing any notices or warnings regarding the slippery substance to the shoppers in the store. This clear-cut negligence ultimately caused Ms. Zeitun's injuries.

## MEDICAL TREATMENT

Following the fall, Ms. Zeitun sought treatment with Dr. Walder of South Florida Pain & Rehab complaining of neck pain, lumbosacral pain, and right shoulder pain - all of which were generally achy, but occasionally of a sharp nature. During examination, Dr. Walder observed the following:

- Positive direct cervical compression
- Positive lateral cervical compression (bilaterally)
- Positive Soto-Hall (bilaterally)

EXHIBIT __A__

- Positive Braggard's test (bilaterally)
- Positive supine straight leg raise at thirty (30) degrees
- All active cervical ranges of motion severely restricted by pain
- All active thoraco-lumbar ranges of motion severely restricted by pain

Dr. Walder then diagnosed Ms. Zeitun with:

- **Cervical sprain/strain with associated cervical somatic dysfunction**
- **Lumbar sprain/strain with associated lumbar somatic dysfunction**
- **Sacroiliac sprain/strain with associated sacroiliac somatic dysfunction**
- **Shoulder sprain/strain**

Ms. Zeitun was put on a therapy regimen to eliminate her regional muscle spasm, inactivate trigger points, reduce tenderness, and return her cervical and lumbar ranges of motion to within normal limits. This would be achieved through high range interferential EMS, cold packs, continuous ultrasound, vibratory massage, and high voltage muscle stimulation.

An MRI of the cervical spine was performed on Ms. Zeitun on February 23, 2006. Dr. Jones, after reading the MRI, noted diffuse desiccation and mild narrowing that was greatest at C5-6. Ms. Zeitun was diagnosed with having:

- **A broad shallow disc protrusion (herniation) at C5-6 indenting the ventral aspect of the thecal sac**
- **An asymmetric right-sided uncovertebral spondylosis**

On February 27, 2006, Ms. Zeitun underwent her final evauation with Dr. Marshall at South Florida Pain & Rehab. At this time Ms. Zeitun was still experiencing frequent cervical pain and frequent back pain. Digital palpation of the cervical spine revealed bilateral tenderness from C3-6 with spasms palpable bilaterally and digital palpation of the lumbar spine revealed bilateral pain and spasm from L3-S1. Both ranges of motion were decreased and accompanied by pain. She still treated positive under the following tests: foraminal compression, shoulder depressor, Kemp's, Yeoman's, and Illiac compression. At this time, Dr. Marshall diagnosed her as follows:

- **Cervical Sprain/Strain,**
- **Lumbar Sprain/Strain,**
- **Restricted Motion, and**
- **Muscle Spasm.**

Dr. Marshall then stated that:

The symptoms are a <u>direct result</u> of the aforementioned accident.
There is a high likelihood of <u>further aggravation</u> and <u>re-injury</u> in the future.
Ms. Zeitun has sustained a <u>6% permanent physical impairment</u> to the body as a whole.

Ms. Zeitun is still in pain and has difficulty with movement. She does not enjoy a comfortable

evening, and then has difficulty sleeving because of her preoccupation with her pain and discomfort.

## MEDICAL DAMAGES

As a result of your insured's negligence, Sara Zeitun has incurred the following in medical damages to date:

- Open MRI (2/23/06)  $ 1,850.00

- South Florida Pain & Rehab (10/11/05-1/25/06)  $ 9,315.00

- **TOTAL**  **$ 11,165.00**

In addition to medical expenses already incurred, Dr. Marshall states that Ms. Zeitun will require approximately **$1,200.00 per year** in palliative treatment so that Ms. Zeitun can attempt to function in her everyday life.

## OFFER FOR SETTLEMENT

At this time, taking into consideration the permanent nature of these injuries, the great diminishment of Sara Zeitun's ability to enjoy life, to participate in the activities to which she had been accustomed to, and taking into consideration the negligence of your insured, we are hereby prepared to make a formal offer in the amount of one hundred eighty five thousand dollars and zero cents ($185,000.00) for settlement of this claim in lieu of costly and protracted litigation.

Enclosed please find the medical records along with the medical bills. Please review the enclosed and respond within thirty (30) days receipt hereof, to wit, August 7, 2006, by no later than 12:00 p.m. If no offer is made at the expiration of the thirty (30) days, the demand for settlement will be withdrawn.

Thank you for your time and attention to this matter.

Sincerely,

Sagi Shaked, Esq.
SS/mjm
Enclosure