UNITED STATES BANKRUPTY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., <u>et al.</u>,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 05-03817-3F1<br><br>(Jointly Administered) |

### CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1. I am of legal age and I am not a party to this action.

2. I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3. On or about December 18, 2006 I caused copies of:

- the **Agreed Order Resolving Claim Number 843 Filed by The North Carolina Self-Insurance Association F/K/A The North Carolina Self-Insurance Guaranty Association, as Set Forth in the Debtors' Nineteenth Omnibus Claims Objection**

    to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served Order as listed above is attached hereto as Exhibit B.

Dated: December 28, 2006

_____
Kathleen M. Logan

---

[1]   In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Code: 9M

# EXHIBIT A
# SERVICE LIST

**SERVICE LIST**

**Agreed Order Resolving Claim Number 843 Filed by The
North Carolina Self-Insurance Security Association F/K/A
The North Carolina Self-Insurance Guaranty Association,
as Set Forth in the Debtors' Nineteenth Omnibus Claims Obj**

**DEBTOR:** WINN-DIXIE STORES, INC., ET AL.                                                                                          **CASE:** 05-03817-3F1

| | | |
|---|---|---|
| CREDITOR ID: 257371-12<br>NORTH CAROLINA SELF INS GUAR ASSN<br>STUART LAW FIRM, PLLC<br>ATTN CATHERINE R STUART<br>1033 WADE AVENUE, SUITE 200<br>RALEIGH NC 27605-1155 | CREDITOR ID: 257371-12<br>NORTH CAROLINA SELF INS GUAR ASSN<br>C/O OFFICE OF THE ATTORNEY GENERAL<br>ATTN: ROY COOPER OR DONALD LATON, ESQS<br>DEPARTMENT OF JUSTICE<br>PO BOX 629<br>RALEIGH NC 27602-0629 | CREDITOR ID: 257371-12<br>NORTH CAROLINA SELF INS GUAR ASSN<br>ATTN STEPHEN P GENNETT<br>PO BOX 12442<br>RALEIGH NC 27605 |

**Total: 3**

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: ) Case No. 05-03817-3F1
)
WINN-DIXIE STORES, INC., et al., ) Chapter 11
)
Debtors.[1] ) Jointly Administered
)

**AGREED ORDER RESOLVING CLAIM NUMBER 843 FILED BY THE
NORTH CAROLINA SELF-INSURANCE SECURITY ASSOCIATION
F/K/A THE NORTH CAROLINA SELF-INSURANCE GUARANTY
ASSOCIATION, AS SET FORTH IN THE DEBTORS' NINETEENTH
OMNIBUS CLAIMS OBJECTION**

These cases originally came before the Court for hearing on October 5, 2006, upon the Nineteenth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of claim listed on Exhibit A through D to the Objection.[2] An informal response to the Objection was raised by the North Carolina Self-Insurance Security Association f/k/a The North Carolina Self-Insurance Guaranty Association, as a result of which the Debtors agreed to continue the Objection with respect to claim no. 843 filed by the North Carolina Self-Insurance Security Association, among others. On October 5, 2006, the Court entered an order (Docket No. 11667) sustaining the Objection as to the proofs of claim listed on the exhibits to

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

the order and continuing the hearing on the Objection as to claim no. 843 and other unresolved claims. Based upon the representation by counsel to the Debtors and counsel to the North Carolina Self-Insurance Security Association that the proposed Agreed Order reflects a resolution of the Objection as to claim no. 843 it is

ORDERED AND ADJUDGED:

1. Claim no. 843 filed by the North Carolina Self-Insurance Security Association is fixed and allowed as an unsecured non-priority claim in the amount of $3,000.00.

2. This Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims filed by the North Carolina Self-Insurance Security Association in these Chapter 11 cases and (ii) all other pre-petition or pre-confirmation claims that the North Carolina Self-Insurance Security Association has or may have against the Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

3. This Order shall not affect the rights or remedies the North Carolina Self-Insurance Security Association may have against the Debtors under applicable law if the Debtors should fail to fulfill their obligation under the the confirmed joint plan of reorganization to pay any and all valid North Carolina workers' compensation claims pursuant to the North Carolina Workers' Compensation Act that were incurred during the period that the Debtors maintained a license to self-insure in the State of North Carolina.

4. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 14 day of Dec, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

3

Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By /s/ James H. Post
James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

-and-

SKADDEN, ARPS, SLATE,
MEAGHER
& FLOM LLP

D. J. Baker
Sally McDonald Henry
Rosalie Walker Gray
Jane M. Leamy
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)

Co-Attorneys for Debtors

STUART LAW FIRM PLLC

By /s/ Theresa S. Dew*
Catherine R. Stuart
Theresa S. Dew

1033 Wade Avenue, Suite 200
Raleigh, North Carolina 27605
(919) 787-6050
(919) 787-9988 (facsimile)

Attorneys for the North Carolina Self-Insurance Security Association f/k/a The North Carolina Self-Insurance Guaranty Association

*Counsel has authorized her electronic signature

4

478415-Wilmington Server 1A - MSW