| | | |
|---|---|---|
| Raymond F. Ayres II | **LAW OFFICES** | TAMPA: 813.865.1000 |
| Dean Burnetti | OF | Facsimile: 813.664.1600 |
| Douglas K. Burnetti | **BURNETTI, P.A.** | JACKSONVILLE: 904.296.9200 |
| David C. Dismuke | | Facsimile: 904.296.9699 |
| Lina M. Lopez | 211 SOUTH FLORIDA AVENUE | LAKELAND: 863.688.8288 |
| Philip J. Slotnick | LAKELAND, FLORIDA 33801-4621 | Facsimile: 863.688.1978 |
| | | WINTER HAVEN: 863.294.1113 |
| *Board Certified Workers' Compensation | | KISSIMMEE: 866.251.1131 |
| Board Certified Civil Trial Practice | | ST. PETERSBURG: 866.251.1131 |
| | | CLEARWATER: 866.251.1131 |
| | | SEBRING: 866.251.1131 |

January 26, 2006

Sedgwick Claims Management Services, Inc.
P.O. Box 24787
Jacksonville, FL 32241-4787
Attn. Rebecca Peters

RE:   Our Client:      Mary N Watson
      Your Insured:    Winn Dixie, #0609
      DOA:             5/30/2005
      Claim Number:    A511206697-0001-01

Dear Mr. Rebecca Peters:

As you are already aware, I represent Mary N Watson in an action resulting from an accident that occurred on 5/30/2005. The purpose of this letter is to explore the possibility of settlement in this matter.

On 5/30/2005, my client was an invitee at the Winn Dixie, #0609 at 802 US Hwy 27 South, Avon Park, FL. Mrs. Watson, slipped and fell on some type of pie that was on the floor. Winn Dixie, #0609 employees should have noticed the pie that was on the floor that appeared to have been there prior to the fall and either cleaned up the pie or placed warnings in the area. As a result of this dangerous condition, my client was severely injured.

Mary presented herself to 1st Health, Inc. with chief complaints of neck pain. Prior to this accident, Mrs. Watson had suffered a neck injury for which she has had a fusion. She was seen at 1st Health, Inc. five days after the accident and was started on conservative physical therapy. MRI of the neck showed two herniations and a bulge and evidence of the previous fusion. It is opined by Terence Mahoney, M.D., Mrs. Watson's symptoms are related to her injuries of 05/30/2005. It is believed that she has reached maximum medial improvement within the limits of medical certainty, and has assigned her a whole body permanent impairment rating of 29%. This is made up of 18% for the cervical spine including the discs and 12% to the lumbar spine.

I have not begun to do a projection concerning her past or future pain and suffering. I believe that will be an issue which will be taken into account by a jury in assessing the damages to Mrs. Watson.

EXHIBIT A

I have enclosed the medical records and bills received to date and request that you review same and present an offer to settle this matter within thirty (30) days. Please understand that any settlement of this claim will be contingent upon my client's subjective satisfaction with any required release documents, which I consider an essential element of settlement.

Sincerely,
**BURNETTI, P.A.**

David C. Dismuke

DCD/tjd/ad
Enclosures
cc: Mary N Watson