UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                              Case No. 05-03817-3F1

Winn-Dixie Stores, Inc., et al.,    Chapter 11

Reorganized Debtors.                Jointly Administered

_____/

**APPLICATION FOR ALLOWANCE OF
ADMINISTRATIVE CLAIM FOR PERSONAL INJURY CLAIMANT**

COMES NOW the Movant, DIGNA GONZALEZ, by and through undersigned counsel, and pursuant to 11 U.S.C. §503 requests this Court enter an Order approving the application to have allowed an administrative claim against the Estate and to authorize payment of this claim, and would show:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the United States Bankruptcy Code.

2. The Debtors are operating their businesses and managing their property as a debtor in possession pursuant to §1107(a) and 1108 of the

Bankruptcy Code.

3. The Court has appointed an official committee of unsecured creditors to serve in these cases.

4. The Debtors assert in pleadings filed with the Court that approximately 3,200 Proofs of Claim were filed involving unliquidated personal injury or property damage claims for which litigation had been commenced or threatened against the Debtors pre-petition. The Court has entered Orders setting out certain procedures to resolve personal injury claims.

5. On December 6, 2004, Movant resolved her case for personal injury with the Debtors. Thereafter, Debtors went into bankruptcy.

6. The Movant has filed Proof of Claim with the Court, reserving the right to assert administrative expense claims.

7. The personal injury claim of the Movant has not yet been liquidated.

8. The Court has, or shortly will, enter and Order setting a bar date to file administrative expense claims.

9. The Court may award an administrative expense priority under § 503(b) for the "actual, necessary costs and expenses of preserving the estate." 11

U.S.C. § 503(b)(1).

10. Damages arising from a tort committed by a debtor are entitled to administrative expense status.[1]

11. The Movant respectfully requests the Court enter an Order allowing the administrative expense claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of the claim, the Movant requests the Court enter an Order requiring the Debtors, as a condition of confirmation of their Chapter 11 Plan – to pay the allowed administrative claim in full.

Respectfully submitted,

/s/_____
ROBERT L.F. POLSKY, ESQUIRE
Nuell & Polsky
782 N.W. 42nd Street, Suite 345
Miami, Florida 33126
Telephone (305)441-1122

---

1 See, e.g., *Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In Re Piper Aircraft Corp.*, 169 B.R. 766 (Bankruptcy, S.D. Fla. 1994). As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefited the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984); *Seidle v. United States (In Re Airlift)*, 97 B.R. 664, 668 (Bankruptcy S.D. Fla. 1989).

Facsimile (305)441-2696

Attorneys for Movant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was furnished by regular U.S. Mail to the parties listed below on December 28, 2006.

_/s/_____
**ROBERT L.F. POLSKY, ESQUIRE**

CLERK OF THE COURT
United States Courthouse
300 North Hogan Street, Suite 3-350
Jacksonville, FL 32202

JAMES POST, ESQUIRE
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
Counsel for the Reorganized Debtors

D.J. BAKER, ESQUIRE
Skadden, Arps, Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036
Co-Counsel for Reorganized Debtors

STEPHEN D. BUSEY, ESQUIRE
Smith, Hulsey & Busey

225 Water Street, Suite 1800
Jacksonville, FL 32202
Co-Counsel for Reorganized Debtors

MATTHEW BARR, ESQUIRE
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Counsel for the Post Effective Date Committee