**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**

IN RE:                                                                                                  Case: 05-03817-3F1

**WINN-DIXIE STORES, INC., ET AL,**                                        Chapter 11 - Jointly Administered
    Debtor
                                                                                                                                         Honorable Judge:   Jerry A. Funk

_____/

**APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR A POST PETITION PERSONAL INJURY CLAIM**

       NOW COMES, Edward L. Meininger, by and through the undersigned attorney and files this Application for Allowance Of An Administrative Claim For A Post Petition Personal Injury Claim and moves this Honorable Court to Allow his post petition administrative claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction and in support thereof states:

1. On February 21, 2005 (the "Petition Date") Winn-Dixie Stores, Inc., et al., ("the Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.  By order dated April 13, 2005, venue of the Debtor's bankruptcy cases was transferred to this Court.

2. The Debtors are operating their properties and managing their business as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3. On September 30, 2005, Edward L. Meininger was traveling southbound on Interstate I-95 approximately 1/16 miles north of Palmetto Park Road in Boca Raton, Palm Beach County, Florida.  While traveling southbound on Interstate I-95, he was involved in a traffic crash as a direct result of the employee driver of the debtor's vehicle/tractor-trailer combination losing control of the vehicle/tractor-trailer combination.  Subsequently, Mr. Meininger was transported by Boca Raton Fire Rescue to Boca Raton Community Hospital and he then went to see an orthopedic physician, Dr. Foltz.  Mr. Meininger suffered acute lumbar and neck strain, as well as a disc herniation at C5-C6, disc bulging at C6-C7, bulging annulus at C3-C4, bulging annuli at L1-L2 through L4-5, and a bulging annulus at L4-5 with annular tear.  Mr. Meininger underwent microdiscectomy and fusion at the C5-C6 level.  He now has traumatically caused kyphosis that will likely worsen with time.  Mr. Meininger is still in constant pain and will require additional therapy, and possible lumbar epidural injections or surgery to

      alleviate his pain. Edward L. Meininger's total medical specials to date are in excess of $37,078.00. No presuit demand has been made. Mr. Meininger's case is worth at least $750,000.00.

4. The Court has entered Orders setting out certain procedures to resolve personal injury claims.

5. On or about December 8, 2006, Mr. Meininger received a Notice of Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims. In said notice, Mr. Meininger was directed to submit his post petition personal injury claim by no later than January 5, 2007.

6. The personal injury claim of Mr. Meininger is not yet liquidated.

7. Damages arising from a post petition tort committed by a debtor are entitled to administrative expenses status. See Matter of Jartran, Inc., 732 F.2d 584, 587 (7th Cir. 1984); Seidle v. United States (In re Airlift), 97 B.R 664, 668 (Bankr. S.D. Fla. 1989).

8. The Court may award an administrative expense priority under section 503 (b) for the "actual, necessary costs and expenses of preserving the estate...." 11 U.S.C Section 503 (B)(1)

**WHEREFORE**, Edward L. Meininger, respectfully requests that this Honorable Court enter an order:

a) Allowing his post petition administrative claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of his post petition claim, Mr. Meininger requests the Court to enter an Order requiring the Debtors to pay the allowed administrative claim in full, as a condition of confirmation of their Chapter 11 plan.

b) The Court limit notice of this Application to the Debtors, and counsel for the Unsecured Trade Creditors Committee.

c) Grant such other and further relief as this Court deems just, equitable and proper.

December 27, 2006
Respectfully Submitted

                                **/s/ Jeffrey D. Kirby, Esq.**
                                **JEFFREY D. KIRBY**
                                FLA BAR #860654
                                1630 West Hillsboro Blvd

Deerfield Beach, FL 33442  
Phone: (954) 428-9333  
Fax:    (954) 428-9338

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served by U.S. mail upon all on the following service list on December 27, 2006.

**/s/ Jeffrey D. Kirby, Esq.**
JEFFREY D. KIRBY

| | |
|---|---|
| D.J. Baker<br>Sally McDonald Henry, Rosalie Walker Gray,<br>Adam S. Ravin<br>SKADDEN, ARPS, SLATE, MEAGHER,<br> & FLOM, LLP<br>Four Times Square<br>New York, NY 10036 | Stephen D. Busey<br>James H. Post, Cynthia C. Jackson,<br>Leanne Prendergast<br>SMITH HULSEY & BUSEY<br>225 Water Street<br>Suite 1800<br>Jacksonville, FL 32202 |
| John R. Bucholz, Esquire<br>KELLEY, KRONENBERG, GILMARTIN,<br> FICHTEL & WANDER<br>Plaza Royale, Suite 204<br>15600 NW 67th Avenue<br>Miami Lakes, FL 33014 | Matthew Barr<br>MILBANK, TWEED, HADLEY<br> & McCLOY, LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005 |