UNITED STATES BANKRUPTY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., <u>et al.</u>,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 05-03817-3F1<br><br>(Jointly Administered) |

### CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1. I am of legal age and I am not a party to this action.

2. I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3. On or about December 21, 2006 I caused copies of:

- the **Agreed Order Approving Stipulation By and Among Debtors, Karft Pizza Company and Kraft Foods Global, Inc. For Resolution of Claims**

    to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served Order as listed above is attached hereto as Exhibit B.

Dated: December 28, 2006

_____
Kathleen M. Logan

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Code: 4I

# EXHIBIT A
# SERVICE LIST

**Agreed Order Approving Stipulation by and Among
Debtors, Kraft Pizza Company and Kraft Foods
Global, Inc. For Resolution of Claims**

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                                                                                                   **CASE:   05-03817-3F1**

| | |
|---|---|
| CREDITOR ID: 254115-12<br>KRAFT PIZZA COMPANY<br>C/O DLA PIPER RUDNICK GRAY CARY US LLP<br>ATTN: JANICE L DUBAN, ESQ<br>203 NORTH LASALLE STREET, STE 1900<br>CHICAGO IL 60610-1293 | CREDITOR ID: 254115-12<br>KRAFT PIZZA COMPANY<br>ATTN JJASENSKY/SANDRA SCHIRMANG<br>THREE LAKES DRIVE<br>NORTHFIELD IL 60093 |

**Total:   2**

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## AGREED ORDER APPROVING STIPULATION BY AND AMONG DEBTORS, KRAFT PIZZA COMPANY AND KRAFT FOODS GLOBAL, INC. FOR RESOLUTION OF CLAIMS

This cause is before the Court upon the request of Winn-Dixie Stores, Inc. and its reorganized debtor affiliates (collectively, the "Debtors") for an order approving a stipulation with Kraft Pizza Company and Kraft Foods Global, Inc. Based upon the consent of the parties as set forth in the attached stipulation, it is

ORDERED AND ADJUDGED:

1. The attached Stipulation by and Among Debtors, Kraft Pizza Company and Kraft Foods Global, Inc. for Resolution of Claims is approved.

2. The Court retains jurisdiction to resolve any disputes arising from this Agreed Order or the Stipulation.

Dated this 21 day of December, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

479988-Wilmington Server 1A - MSW

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |

### STIPULATION BY AND AMONG DEBTORS, KRAFT PIZZA COMPANY AND KRAFT FOODS GLOBAL, INC. FOR RESOLUTION OF CLAIMS

This Stipulation (the "Stipulation") is made and entered into as of the date set forth below by and among Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors"), Kraft Pizza Company ("Kraft Pizza") and Kraft Foods Global, Inc. ("Kraft Foods").

WHEREAS, on February 21, 2005, the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code.

WHEREAS, on or about July 27, 2005, Kraft Pizza filed eight proofs of claim, each in the total amount of $1,543,573.68 (classified as $400,061.10 administrative reclamation and $1,143,512.58 unsecured non-priority), and each filed against a different Debtor.

WHEREAS, on or about July 27, 2005, Kraft Foods filed eight proofs of claim, each in the total amount of $15,484,236.09 (classified as $9,544,419.91 administrative reclamation and $5,939,816.18 unsecured non-priority), and each filed against a different Debtor.

WHEREAS, Kraft Pizza and Kraft Foods opted into the Stipulation Between

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie

Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment Of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program, as approved by the August 2, 2005 Order [Docket No. 2725], and pursuant thereto, entered into an Agreement to be Bound by the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claim and Establishing Post-Petition Trade Lien Program (the "Agreement").

WHEREAS, the Agreement, inter alia, (i) resolved Kraft Pizza's and Kraft Foods' reclamation claim and (ii) resulted in a waiver by the Debtors of any preference claims under Section 547 of the Bankruptcy Code based upon payments made to Kraft Pizza and Kraft Foods.

WHEREAS, pursuant to the Agreement, Kraft Pizza and Kraft Foods were granted a net allowed reclamation claim of $9,495,535.78, which reclamation claim has since been paid in full.

WHEREAS, on September 5, 2006, the Debtors filed their Twenty-First Omnibus Objection to Duplicate Different Debtor Claims, wherein the Debtors sought to disallow (i) claim nos. 8042 through 8048 on the grounds that they duplicate the liability of claim no. 8041 and (ii) claim nos. 8049 through 8050 and 8052 through 8056 on the grounds that they duplicate the liability of claim no. 8051.

WHEREAS, claim nos. 8042 through 8050 and 8052 through 8056 were disallowed, contingent upon the confirmation and effectiveness of the Debtors' joint plan of reorganization, by Order dated September 21, 2006.

WHEREAS, the Debtors' joint plan of reorganization was confirmed by order

---

Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-

2

entered on November 9, 2006, and became effective on November 21, 2006.

WHEREAS, after application of reclamation payments made to Kraft Pizza and Kraft Foods, the remaining amount of claim numbers 8041 and 8051 total $7,532,273.89 ($448,945.23 classified as administrative reclamation and $7,083,328.76 classified as unsecured non-priority).

WHEREAS, the parties have agreed that the remaining amounts due to Kraft Pizza and Kraft Foods asserted in claim numbers 8041 and 8051 ($7,532,273.99) will be setoff against the Debtors' alleged (and disputed by Kraft Pizza and Kraft Foods) accrued prepetition credits due from Kraft Pizza and Kraft Foods, and that claim numbers 8041 and 8051 will therefore be reduced to zero and disallowed.

WHEREAS, Kraft Pizza and Kraft Foods also dispute, in addition to the prepetition credits claimed by the Debtors as set forth above in the preceding paragraph hereof, additional prepetition credits claimed by the Debtors and whether certain other prepetition credits taken by the Debtors were proper but have agreed with the Debtors to resolve all issues relating to Kraft Pizza's and Kraft Foods' alleged liability in connection with prepetition credits by paying the Debtors $60,000, in addition to agreeing to reduce the amount of claim nos. 8041 and 8051.

WHEREAS, as set forth in this Stipulation, upon the Effective Date as defined below, the parties have agreed have agreed to resolve the application of credits and offsets against pre-petition Kraft Pizza and Kraft Foods invoices by agreeing that (i) claim nos. 8041 and 8051 will be disallowed and (ii) Kraft Pizza and Kraft Foods will pay $60,000 to the Debtors.

---

Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

3

NOW, THEREFORE, the Debtors, Kraft Pizza and Kraft Foods stipulate and agree as follows, subject to the Effective Date:

1. Kraft Pizza and Kraft Foods acknowledge that they have received reclamation payments pursuant to the Agreement totaling $9,495,535.78 with respect to their reclamation claims against the Debtors.

2. After application of reclamation payments totaling $9,495,535.78, the remaining amounts due to Kraft Pizza and Kraft Foods asserted in claim nos. 8041 and 8051 total $7,532,273.99. This remaining amount will be setoff against the Debtors' alleged accrued prepetition credits and claim numbers 8041 and 8051 will therefore be reduced to zero.

3. Upon entry of an order approving this Stipulation, claim no. 8041 filed by Kraft Pizza and claim no. 8051 filed by Kraft Foods are disallowed in their entirety.

4. Kraft Pizza and Kraft Foods shall pay the Debtors the sum of $60,000 via wire transfer within three business days after entry of a final, non-appealable order approving this Stipulation.

5. Kraft Pizza and Kraft Foods agree that any and all claims held by them against the Debtors with respect to the invoices included in claim numbers 8041 through 8056 (except for the agreed reclamation claim that has been previously paid) are waived and released. The Debtors agree that the payment by Kraft Pizza and Kraft Foods of $60,000 as provided for in this Stipulation is in full and final satisfaction and release of any and all claims held by the Debtors against Kraft with respect to the invoices included in claim numbers 8041 through 8056, including without limitation claims under 11 U.S.C. sections 547, 548 and 550 that the Debtors or their estates may have against Kraft.

6. This stipulation is expressly subject to and contingent upon its approval by the Bankruptcy Court and it becoming a final-non appealable order. The effective date of this Stipulation shall be the business day following the date upon which the condition immediately set forth above is satisfied in its entirety (the "Effective Date"). If the Effective Date does not occur, this Stipulation shall be of no further force and effect, and neither this Stipulation nor any negotiations and writings in connection with this Stipulation shall in any way be construed as or deemed to be evidence or an admission on behalf of Kraft Pizza, Kraft Foods or the Debtors regarding any claim or right that either party may have against the other.

Dated: December 11, 2006

KRAFT PIZZA COMPANY
KRAFT FOODS GLOBAL, INC.

By: *[signature]*

WINN DIXIE STORES, INC. ET.AL.

By: *[signature]*
Thomas Robbins
Senior Vice President, Merchandising

LEGAL APPROVED
ATTY: JPC
DATE: 12/14/06