UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO.:3-05-BK-3817 (JAF) |
| WINN-DIXIE STORES, INC., et al., ) | |
| ) | CHAPTER 11 |
| DEBTORS. ) | |
| ) | JOINTLY ADMINISTERED |

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES
STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE**

The Applicant, Jesus Gonzalez, by and through the undersigned attorneys, seeks administrative expense status for her post-petition claim against one or more of the Debtors in this case pursuant to 11 U.S.C. § 503(b) (2006). Mr. Gonzalez requests the entry of an order allowing the administrative expenses described below and directing the payment of such amount, as agreed upon by the parties or as determined by this Court, pursuant to the Joint Plan of Reorganization of Winn-Dixie Stores, Inc., and Affiliated Debtors, as confirmed by this Court on November 9, 2006 (hereinafter referred to as the "Confirmation Order"). In support of her application, Mr. Gonzalez states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 (2006). Venue is in accordance with 28 U.S.C. § 157(b)(2) (2006).

**FACTUAL BACKGROUND**

2. The Debtors, Winn-Dixie Stores, Inc., et al., filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005 (hereinafter referred to as the "Petition Date").

3. On April 10, 2006, subsequent to the Debtor's petitions, Mr. Gonzalez was injured during a slip and fall at the Winn-Dixie Store No. 2660 in Kissimmee, Osceola County, Florida as a result of Winn Dixie's negligence. As a proximate result of the injury, Mr. Gonzalez suffered compensatory damages which remain unliquidated, but are in good faith estimated to be $47,500.00. The damages Mr. Gonzalez suffered can be supported through medical records and other evidence. Mr. Gonzalez' damages likely include an enforceable Employee Retirement Income Security Act of 1974 (ERISA) lien pursuant to 29 U.S.C. §§ 1001-1461 (2006).

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expenses status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…." 11 U.S. C. § 503(b) (2006). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See Reading Co. v. Brown*, 391 U.S. 471 at 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968)(post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status) and *In re Piper Aircraft Corp.*, 169 B.V. 766 (Bankr. S.S. Fla. 1994).

5. In this instance, Mr. Gonzalez' claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, his claim is entitled to administrative expense status under 11 U.S.C. § 503(b) (2006), and Mr. Gonzalez seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Mr. Gonzalez requests that all future pleadings and notices regarding or affecting her claim be served upon: William McBride Law Group, P.A., 135 W. Central Blvd., Suite 1100, Orlando, FL 32801.

**WHEREFORE**, based upon the foregoing, Ms. Gonzalez requests this Court enter an Order granting the relief requested herein and such other relief as it deems just and proper.

s/ Jeanine Ullo
Jeanine Ullo, Esquire
Attorney's Bar No.: 693685
Attorney for Jesus Gonzalez
William McBride Law Group, P.A.
135 W. Central Blvd., Suite 1100
Orlando, FL 32801
Telephone No.: 407-650-1700
Facsimile No.: 407-849-0448
labuholz@aol.com

**CERTIFIFICATE OF SERVICE**

I hereby certify that on December 29, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certified that a copy of the foregoing was delivered on December 29, 2006, by U.S. Postal Service, upon: James H. Post, Esquire, Smith, Hulsey & Busey, Counsel for the Reorganized Debtors, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 and Matthew Barr, Esquire, Milbank, Tweed, Hadley & McCloy, LLP, Counsel for the Post-Effective Date Committee, 1 Chase Manhattan Plaza, New York, NY 10005.

                s/ Jeanine Ullo
                Jeanine Ullo, Esquire
                Attorney's Bar No.: 693685
                Attorney for Jesus Gonzalez
                William McBride Law Group, P.A.
                135 W. Central Blvd., Suite 1100
                Orlando, FL 32801
                Telephone No.: 407-650-1700
                Facsimile No.: 407-849-0448
                labuholz@aol.com