**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re;                                                     Case No.  3:05-bk-03817-JAF

WINN- DIXIE STORES, INC., et al.,               **Chapter 11 – Jointly Administered**

Reorganized Debtors
_____/

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM**
**FOR POST PETITION PERSONAL INJURY CLAIMANT**

Applicant, GWENDOLYN BANKS, by and through her undersigned attorney, and pursuant to 11 U.S.C. Sec. 503, respectfully requests this court enter an Order approving this application for payment of administrative Expense Claim against the Estate, and to authorize payment of this claim,  and in support thereof shows as follows:

1.  On February 21, 2005, the debtors filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York and were transferred to this Court on April 13, 2005.

2.  On November 9, 2006, this Court entered an Order Confirming Debtor's Joint Plan of Reorganization (the "Confirmation order") {CP #12440}.

3.  The Confirmation Order provides that pursuant to Sec. 12.1 of  Debtor's  Plan of Reorganization (the "Plan") the deadline for filing requests for payment of post-petition administrative claims is January 5, 2007 (the  "Administrative Bar Date").

4.  On  July 23, 2006 applicant  suffered  personal injuries  when the vehicle she was  driving was struck by a truck owned by Winn-Dixie and/or other of the Debtor companies at the intersection of County Line Road and S.R. 7 in Miami Gardens through

the negligence of the truck driver who tried to make a right hand turn  while the light was red. The Truck Driver was charged with an improper right turn. The vehicle which applicant was driving was also damaged.

5.  The personal injury claim and property damage claim has yet to be liquidated but is estimated at $50,000.00

6. Thus, pursuant to the Confirmation Order and the Plan, this application is timely.

7. The Court may award an administrative expense priority under Sec, 503 (b) (1) for the actual, necessary costs and expenses of preserving the estate…." 11 U.S.C. Sec. 503 (b) (1).

8.  Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status. See e.g. Reading Co. v. Brown, 391 U.S. 471, 485; 88 S. Ct. 1759, 20 L. Ed.2nd 751 (1968) holding that damages resulting from fire caused by receivers negligence was administrative expenses; In re Piper Aircraft Corp., 1169 B.R. 766, (Bankruptcy, S.D. Fla 1994).

9.  Applicant respectfully requests the Court enter an Order allowing the post petition administrative claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction.  Upon liquidation of the post petition claim, the applicant requests the Court enter an Order requiring the Debtors to pay the allowed administrative claim in full.

10.  In accordance with the Confirmation Order and Sec. 12.1 of the Plan, Applicant has served a copy of the application on counsel for the Reorganized Debtors and the Post-Effective Date Committee.

**Wherefore**, Applicant, GWENDOLYN BANKS, requests that the Court enter an order (1) deeming the administrative claim asserted by the applicant as a timely assertion of an administrative claim subject to liquidation by either consent of the parties or a court of competent jurisdiction; (2) requiring the Debtors to pay the administrative claim; and (3) granting such other and further relief as the court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by First Class U.S. Mail, in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of Florida, upon each of the parties identified on the below list, this 28th day of December, 2006:.

Stephen D. Bussey, Esq.
James H. Post, esq.
Smith Hulsey & Busey
Co-Counsel for Reorganized Debtors
225 Water Street, Suite 1800
Jacksonville, FL 32202

D. S. Baker, Esq.
Skadden, Arps Slate Meagher& Flom, LLP
Counsel for Reorganized Debtors
Four Times Square
New York, N.Y. 10036

John B. McDonald, Esq.
Akerman Senterfitt
Co-Counsel for Post-Effective Date
 Committee
50 North Laura Street, Suite 2500
Jacksonville, FL 32202

Dennis F. Dunne, Esq.
Millbank, Tweed, Hadley & McClay, LLP
Counsel for Post Effective Date Committee
1 Chase Manhattan Plaza
New York, NY 10005

Elena L. Escamilla, P.A.
U. S. Trustee
135 W. Central Blvd., Ste 620
Orlando, FL 32801

/s/ Morton Kosto_____,
 MORTON KOSTO, ESQ     .
Law Office of Steven E. Slootsky
2701 W.Oakland Park Blvd., Ste 100
Ft. Lauderdale, FL 33311
Tel (954) 764-7377
Fax (954) 764-1545
Fla Bar No. 044206
Attorney for  Gwendolyn Banks