## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

Case No.: 3-05-bk-3817 (JAF)

WINN-DIXIE STORES, INC., et al

Chapter 11

Debtors.

Jointly Administered

_____/

## AMENDED APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE

Comes Now, KAREN K. TORRA, ("Applicant"), by and through her undersigned

attorney, and seeks administrative expense status for Applicant's claim against one or more of

the Debtors pursuant to 11 U.S.C. section 503(b). Applicant requests the entry of an order

allowing the administrative expense described below and directing the payment of such amount

pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and

Affiliate Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In

support of this Application, Applicant states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and

1334. Venue is proper pursuant to 28 U.S.C. section 157(b)(2).

### FACTUAL BACKGROUND

2.      Winn-Dixie Stores, Inc., et al., (the "Debtors") filed their voluntary petitions for

relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005

(the "Petition Date).

3.      After the Petition Date and on or about August 26, 2005, Applicant was injured

while lawfully upon the premises of the Winn-Dixie Store, # 0311, located at

11290 State Road 84, Davie, Broward County, FL 33325. As a proximate result

of the injury, Applicant has suffered damages totaling at least $100,000.00, which

damages Applicant can support through medical records and other proof.[1]

## APPLICANT'S CLAIM IS ENTITLED TO
## ADMINISTRATIVE EXPENSE STATUS

4.    Section 503(b) of the Bankruptcy Code provides for the allowance of

administrative expense status, and its attendant priority for payment, for the

"actual, necessary costs and expenses of preserving the estate...". 11 U.S.C.

section 503(b). It is well-established that personal injury claims arising from a

post-petition tort committed by the debtor are entitled to administrative expense

status. *See, Reading Co. V. Brown,* 391 U.S. 471,485 (post-petition fire damages

resulting from trustee's negligence were entitled to administrative expense

status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994)

5.    In this instance, Applicant's claim arose as a result of the business operations of

one or more of the Debtors after the Petition Date but prior to the Confirmation

Order. As such, Applicant's claim is entitled to administrative expense status

under 11 U.S.C. section 503(b), and Applicant seeks the entry of an order

awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's

claim be served upon:

---

[1]Applicant's damages may not be fully liquidated at this time.

GLENN J. GARRETT, P.A.
6950 Cypress Road
Suite 101
Plantation, Florida 33317

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an

order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully submitted,

GLENN J. GARRETT, P.A.
Attorney for Plaintiff
6950 Cypress Road, Suite 101
Plantation, Florida 33317
(954) 792-5400 (telephone)
(954) 792-5403 (facsimile)

By:_____
GLENN J. GARRETT, ESQ.
Fla. Bar No. 464023

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2006 I filed this **AMENDED APPLICATION
FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION
CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system, which will cause
a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr,
Esq., and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L.
Escamilla, Esq., counsel for the office of the United States Trustee and all other parties
participating in the CM/ECF System, all served electronically.

GLENN J. GARRETT, P.A.

By:_____
GLENN J. GARRETT, ESQ.