UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| _____ | ) | |

APPLICATION FOR ALLOWANCE OF
ADMINISTRATIVE EXPENSE FILED BY TAYLON , LLC

Movant, Taylon LLC, by and through its undersigned counsel, hereby moves the court pursuant to 11 U.S.C. sections 365 (d)(3)and 503 (b) for allowance and payment of administrative expenses priority claim and in support hereof states as follows:

1. Debtor and its affiliates filed voluntary petitions for reorganization under Chapter 11 of the United Bankruptcy Code on February 21, 2005 (the "Petition Date").

2. Taylon LLC, a Kentucky limited liability company, is the owner of the premises located at 3430 Taylor Boulevard, Louisville, Jefferson County, Kentucky, which was identified by the Debtor as store number 1686 (the "premises), and which was leased to the Debtor pursuant to a certain lease agreement dated December 15, 1983, (the "Lease") with options for extension.  As part of the Debtors restructuring plans, this Lease was assigned to and assumed by Buehler Food, Inc., effective October 13, 2004.

3. Buehler filed for bankruptcy relief on May 4, 2005 and rejected its assigned and subleased interest in the fore premise as of June 23, 2005.  Buehler's bankruptcy action reverted the obligation to continue to pay rent and other charges under the Leases back to Winn-Dixie until the rejection of the Leases in this court.  On July 5, 2005,  Taylon received a letter and a copy of the Debtors Motion filed on June 30, 2005 as notification of the proposed lease rejection.

4. Pursuant to 11 U.S.C.§365, the Debtor was obligated to make payments due under the Leases from the Petition Date to and including the Rejection Dates, including, but not limited to, rent, maintenance, insurance and taxes.

5. The Lease, expiring on March, 13, 2010, required Debtor to pay rent for its use of the Premises in the amount of $24, 010.00 per month, pay for the property taxes, maintenance to the premises and pay the cost of insuring the premises.  Bankruptcy code provides for administrative lease rejection expenses for up to two years following notice of the rejection of the lease.  Taylon requests administrative lease rejection damages in the sum of $299,000.00 to be allow.

6. Movant has previously made claims for administrative expenses in conjunction with the filing of its aforesaid lease rejection claim.  The amounts set out herein are in addition to, and not in lieu of, any amounts set out in such lease rejection claim.

WHEREFORE, Movant prays that the court will grant its application, allow Taylon an administrative expense claim in the amount of $299,000.00, and order the Debtors to pay it immediately.

                                          Respectfully submitted,

 (s) Dennis J. Stilger
Dennis J. Stilger
KY68110
6000 Brownsboro Park Boulevard Suite H
Louisville, KY 40207
(502) 893-8557
Facsimile: (502) 894-9503
djstilger@insightbb.com
Counsel for Taylon, LLC

CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2006, a copy of the foregoing motion was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's Electronic filing system.

Skadden, Arps, Slate, Meagher & Flom, LLP
djbaker @skadden.com

James Post
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
jpost@smithhulsey.com

Matthew Barr
Milbank, Tweed, Hadley & McCloy
1 Chase Manhatten Plaza
New York, New York 10005
mbarr@milbank.com

C:\Documents and Settings\Jane\My Documents\BANKRUPTCY\Taylon v Buehler, Winn Dixie\Application for ALLOWANCE  OF ADMINISTRATIVE EXPENSES.TAYLON V. Winn-Dixie.wpd