UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., *et al.,*

Reorganized Debtors.

_____/

CASE NO.: 05-03817-3F1

Chapter 11

Jointly Administered

### APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE MILAGROS CRESPO

Comes now, **Milagros Crespo**, ("Applicant"), by and through her undersigned counsel, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. §503(b). Applicant requests the entry of an Order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334. Venue is proper pursuant to 28 U.S.C. §157(b)(2).

### FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3. After the Petition Date and on or about August 20, 2006, Applicant was injured at the Winn-Dixie (Save Rite) store located on West Vine Street, in Kissimmee, Florida. As a proximate result of the injury, Applicant has suffered damages totaling at least

$75,000, which damages Applicant can support through medical records and other proof.

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate. 11 U.S.C. §503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. See Reading Co. v. Brown, 391 U.S. 471, 485 (holding that post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); In re Piper Aircraft Corp., 169 B.R. 766 (Bank. S.D. Fla 1994).

5. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's $75,000 claim is entitled to administrative expense status under 11 U.S.C. §503(b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

> Julio C. Martinez, Jr..
> Attorneys Trial Group
> 903 N. Main St.
> Kissimmee, FL 34744

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully Submitted,

_____
JULIO C. MARTINEZ, JR.
Florida Bar No.: 0603181
Martinez, Manglardi & Diez-Arguelles, P.A.
903 N. Main Street
Kissimmee, FL  34744
(407)846-2240

## CERTIFICATE OF SERVICE

I hereby certify that on  December 29, 2006, I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE through the CM/ECF filing system, which will cause a copy to be served on  James H. Post, Esq., Counsel for the Reorganized Debtors, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; Matthew Barr, Esq., Counsel for the Post-Effective Date Committee, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 and all other parties participating in the CM/ECF System, all served electronically.

_____
JULIO C. MARTINEZ, JR.
Florida Bar No.: 0603181
Martinez, Manglardi & Diez-Arguelles, P.A.
903 N. Main Street
Kissimmee, FL  34744
(407)846-2240