UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

F I L E D
JACKSONVILLE, FLORIDA
DEC 29 2006
CLERK, U.S. BANKRUPTCY COURT
        DISTRICT OF FLORIDA

In Re:

**WINN DIXIE STORES, INC., et al.**

Debtors

Case Number: 05-03817-3F1

Chapter 11 – Jointly Administered

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE

COMES NOW, Nancy Cantrell and seeks administrative expense status for the Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests that entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order confirming the joint plan of reorganization of Winn-Dixie Stores, Inc. and affiliated debtors (the "Confirmation Order") and the provisions of the plan as confirmed. In support of this application, applicant states as follows:

### JURISDICTION AND VENUE

1. The court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2. Winn Dixie Stores, Inc., et al. filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005.

3. After the petition date on or about June 19, 2005, Applicant was injured at Winn-Dixie 0443 located in Columbus, Muscogee County, Georgia. As a proximate result of the injury, Applicant has suffered severe damages totaling at least $12,000.00, which damages Applicant can support through medical records and other proof.

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the state...". 11 U.S.C. § 503(b). It is well established that personal injury claims arising from a post-petition tort committed by the debtors are entitled to administrative expense status. *See, Reading Co. v. Brown*, 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr. S.D. Fla. 1994).

5. In this instance, Applicant's claim arose as a result of the business operations of on or more of the debtors after the petition date but prior to the Confirmation Order. As such, Applicant's $12,000.00 claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant request that all future pleading and notices regarding or affecting Applicant's claim be served upon her at 917 Southridge Drive, Columbus, Georgia 31904

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully Submitted,

Nancy Cantrell

_____
Creditor

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December 2006 filed an Applicant for Allowance of Administrative Expense Status for Post Petition Claim and Request for Notice with the Court of Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32203, and a copy was served on James H. Post, Esq., 225 Water St., Suite 1800, Jacksonville, Florida 32202, and Mathew Barr, Esq., One Chase Manhattan Plaza, New York, NY 10005.

Nancy Cantrell

Creditor