IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,   Case No. 05-03817-3F1
                                    Chapter 11
         Debtors             Jointly Administered
_____/

**UNITED STATES' RESPONSE TO DEBTORS' OBJECTION TO
IRS TAX CLAIMS AND MOTION FOR ORDER (i) DETERMINING
TAX LIABILITIES AND (ii) REQUIRING IRS TO ISSUE TAX REFUNDS**

    The United States, by undersigned counsel, hereby responds to the Debtors' Objection to IRS Tax Claims and Motion for Order (i) Determining Tax Liabilities and (ii) Requiring IRS to Issue Tax Refunds. To the extent any allegation contained in the debtors' objection is not expressly admitted, it is denied.

**I.**     **The IRS Proofs of Claim**

    The IRS holds claims against 23 of the individual debtors. The majority of the claims represent the debtors' joint and several liability resulting from consolidated income tax returns for the tax years 2000, 2001, 2002, and 2003. The IRS also holds claims against individual debtors for other tax liabilities. The amounts of the IRS claims currently range between $87,906,032.42 and $89,648,400.85.

    As alleged in the debtors' motion, the IRS proofs of claim listed on Exhibit A to the motion have been superceded by amended proofs of claim. And the claims listed on Exhibit C are actually requests for payment of administrative claims, and are not proofs of claim. But, contrary to the debtors' assertion, the claims listed on Exhibit B are not duplicative. All of the proofs of claim have some common components, but the various proofs of claim are not

identical. For example, the claim against Winn-Dixie Logistics, Inc. includes claims for employment taxes and highway vehicle taxes, which are liabilities unique to that individual debtor. In addition, even with respect to the income tax liabilities, each of the debtors is jointly and severally liable for those amounts. While the IRS will only collect the tax once, it can look to any of the debtors to collect. As such, the claims are not duplicative.

During the pendency of these bankruptcy proceedings, the debtors and the IRS were negotiating a settlement of the debtors' 2000, 2001, and 2002 income tax liabilities. But, contrary to the assertions in the debtors' motion, no agreement had been reached on any tax years. In addition, any proposed settlement of certain tax years would be subject to review by the Congressional Joint Committee on Taxation pursuant to 26 U.S.C. § 6405, and no such review has been made. Because the debtors have now initiated litigation concerning these tax liabilities, the IRS no longer has any authority to settle the liabilities. Rather, settlement authority now lies solely with the Department of Justice, Tax Division. Any negotiations held between the debtors and IRS are now irrelevant.

The debtors have not alleged any facts disputing the proofs of claim filed by the IRS. Determinations by the IRS are presumptively correct, and the debtors will bear the burden of proving those amounts incorrect. *Welch v. Helvering*, 290 U.S. 111, 115 (1933).

## II.   The Debtors' Claims for Refund

By their motion, the debtors claim that they are entitled to refunds for the 1994, 1995, 2001, 2002, and 2003, presumably for income taxes overpaid. They also claim a refund for a 2005 fuel tax credit.

The IRS has received claims for refund with respect to the fuel tax and debtors' income tax liabilities for the tax years 1994, 2002 (to the extent of $161,155), and 2003. By letter dated

June 26, 2006, the debtors mailed to the IRS Service Center in Ogden, Utah, Forms 1139 Corporation Application for Tentative Refund seeking to carry back a net operating loss from the year 2005 as well as Forms 1120X, amended income tax returns, for the years 1994, 2002, and 2003. The debtors and IRS have had numerous discussions regarding those applications. On September 22, 2006, the debtors mailed a corrected Form 1139 to the IRS.

Generally, taxpayers file a Form 1139 to tentatively carry back a net operating loss which generates a refund of tax paid in an earlier year. Such refunds are commonly referred to as "quickie refunds." Section 6411 of the Internal Revenue Code provides for the payment of those refunds on a tentative basis, despite the fact that it may ultimately be determined that the taxpayer was not entitled to that net operating loss. If the IRS disallows an application for a tentative refund, that determination is final and may not be challenged in any proceeding. Treas. Reg. 1.6411-3. Accordingly, this Court does not have jurisdiction to review the Form 1139 application.

A taxpayer may file a claim for refund for the carryback year(s), which may be subject to judicial review provided that the jurisdictional prerequisites have been met by the taxpayer. In this case, the debtors' amended income tax returns for the years 1994, 2002 (to the extent of $161,155), and 2003 constitute claims for refund. The debtors have not filed any claims for refund for the years 1995, 2001, or the additional amounts sought for 2002[1]. Pursuant to § 505(a)(2)(B), the court may not determine the right of the estate to a tax refund before the earlier of 120 days afer a proper request for refund is made to the IRS or a determination by the

---

[1]On their Form 1139 for the year 2005, the debtors are seeking that the NOL be carried back a number of years, including 1995, and the form reflects that applying the NOL to 1995 would result in a refund for that year. But applications for tentative carryback are not claims for refund. 26 U.S.C. § 6411(a).

IRS of such request. Because the debtors have not made a request for refund for those periods, this Court lacks jurisdiction to determine whether the debtors are entitled to those refunds.

Even if the debtors are entitled to refunds, any such refund would be subject to setoff of both tax debts and debts owed to other government agencies. *See, e.g.*, 26 U.S.C. § 6402(d). In this case, the IRS has claims that far exceed the amount of refunds requested by the debtors. Because no agreement has been reached on the amount of the IRS claims, it would be inappropriate to refund amounts to the debtors while they still owe amounts in excess of the claimed refunds. In addition, other government agencies have claims against the debtors. As such, it is appropriate at this time to hold the claimed refunds until the claims of the IRS and other government agencies and the debtors' refund claims are determined.

Contrary to the debtors' assertions, placing an administrative hold on the claimed refunds does not violate the automatic stay. In *Citizens Bank v. Strumpf*, 516 U.S. 16 (1985), the United States Supreme Court held that a creditor did not violate the automatic stay by placing an administrative freeze on the debtor's account pending resolution of the creditor's right of setoff. The case cited in the debtors' motion, *United States v. Reynolds*, 764 F.2d 1004 (4th Cir. 1985), predates the Supreme Court's decision in *Strumpf* and was effectively overruled by *Strumpf*.

WHEREFORE the United States requests that this Court overrule the debtors' objection to claim, dismiss the debtors' requests for refund to the extent claims for refund have not been filed with the IRS, deny the debtors' request to order a refund, and make a determination regarding the debtors' tax liabilities for the years requested.

PAUL I. PEREZ
United States Attorney


 /s/ Deborah M. Morris
Deborah M. Morris
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 353-1758
Facsimile: (202) 514-9868
Email: Deborah.M.Morris@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on December 29, 2006, the United States' Response to Debtors' Objection to IRS Tax Claims and Motion for Order (i) Determining Tax Liabilities and (ii) Requiring IRS to Issue Tax Refunds was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the parties requesting service, and was further served on the following parties, via United States mail, postage prepaid, this 29th day of December 2006:

        Smith Hulsey & Busey
        1800 Wachovia Tower
        225 Water Street, Suite 1800
        Jacksonville, FL 32202
            Attn:   Cynthia Jackson
        (also via facsimile to 904-359-7708)

        /s/ Deborah M. Morris
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 14198
        Ben Franklin Station
        Washington, D.C. 20044