## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re: WINN-DIXIE STORES, INC., et al.,          Case No.: 3-05-bk-03817 (JAF)

       Debtor(s)          Chapter 11

_____          Jointly Administered

## APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE
## STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
### (Arden Atherton)

Arden Atherton("Applicant"), seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of such, Applicant states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2.      Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3.      After the Petition Date and on or about August 6, 2006, Applicant was injured at the Winn-Dixie store No. 2348 located in St. Lucie County, Florida. As a proximate

1

result of the injury, Applicant has suffered severe damages totaling at least $250,000.00, which damages Applicant can support through medical records and other proof.

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4.    Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate. 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5.    In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's $250,000.00 claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status pursuant to Section 12 of the Debtors Chapter 11 Plan of Reorganization.

2

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

> Bryan K. Mickler, Esq.
> Law Offices of Mickler & Mickler
> 5452 Arlington Exp.
> Jacksonville, FL 32211
> Email: court@planlaw.com

**WHEREFORE**, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

> Law Offices of Mickler & Mickler
>
> By:_____
>     Bryan K. Mickler
> Attorney for Claimant
> 5452 Arlington Expressway
> Jacksonville, FL  32211
> (904) 725-0822/FAX: 725-0855
> Florida Bar No. 091790
>
>     and
>
> Anthony J. Vinsone, Esq.
> Steinger, Iscoe & Greene, P.A.
> Bank of America Bldg.
> 900 E. Prima Vista Blvd. #101
> Port St. Lucie, FL 34952
> (772) 621-9934

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2006, I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, 225 Water St., #1800, Jacksonville, FL 32202 (by U.S. Mail and CM/ECF filing),  Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

_____
                           Attorney

4