5-10 P

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

MARTIN MOUNCE and
JOY MOUNCE,

       Plaintiffs,

vs.

CASE NO.: 03-768
DIVISION : F

WINN DIXIE STORES, INC., d/b/a WINN DIXIE STORE
NUMBER 0734, SHAWN BURNS, Store Manager, and
ROYAL OAKS ASSOCIATES, L.P.,
a Virginia Limited Partnership authorized to do business
in Florida,

       Defendants.
_____/

## AMENDED COMPLAINT

Plaintiffs, MARTIN MOUNCE and JOY MOUNCE, by and through the undersigned attorneys, hereby sue Defendants, WINN DIXIE STORES, INC. d/b/a WINN DIXIE STORE NUMBER 0734 ("WINN DIXIE"), SHAWN BURNS, and ROYAL OAKS ASSOCIATES, L.P.

1. This is an action for damages which exceed $15,000.00.

2. At all times material hereto, Defendant, WINN DIXIE STORES, INC., was a Florida Corporation, doing business as WINN DIXIE STORE NUMBER 0734 in Hillsborough County, Florida.

3. At all times material hereto, Defendant, ROYAL OAKS ASSOCIATES, L.P. was a Virginia Corporation doing business in Florida.

- 1 -

EXHIBIT A

4. On March 29, 2001, Defendants, WINN DIXIE and ROYAL OAKS ASSOCIATES, were the responsible parties for the maintenance of WINN DIXIE STORE NUMBER 0734, located on Lithia Pinecrest Road, in Valrico, Florida.

5. On March 29, 2001, Defendant, SHAWN BURNS, was the manager of Winn Dixie Store Number 0734, located on Lithia Pinecrest Road in Valrico, Florida.

6. At that time and place, Plaintiff, MARTIN MOUNCE, was walking into the WINN DIXIE, when he slipped in a large puddle of water or other liquid, which caused him to fall to the ground, in an awkward position.

## COUNT I
### (WINN DIXIE STORE NUMBER 0734)

7. Plaintiff realleges Paragraphs One (1) through Five (6) above.

8. The negligent condition was known to Defendant, WINN DIXIE, or had existed for a sufficient length of time so that Defendant, WINN DIXIE, should have known of it.

9. Defendant, WINN DIXIE, was negligent in at least the following manner:

    a.) Failing to properly clean and maintain the floors;

    b.) Failing to warn MARTIN MOUNCE of the hazardous condition on the floor;

    c.) Failing to provide a safe environment for the MARTIN MOUNCE.

10. As a result of the aforesaid negligence, Plaintiff, MARTIN MOUNCE, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and

nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff, MARTIN MOUNCE, will suffer the losses in the future. Some or all of the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition, Plaintiff has significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement.

11. Likewise, Plaintiff, JOY MOUNCE, MARTIN MOUNCE'S wife, as a direct and proximate result of the aforesaid breach of duty, has suffered and will continue to suffer the loss of her husband's services, comfort, society, attention, companionship, and consortium.

**WHEREFORE**, Plaintiffs, MARTIN MOUNCE and JOY MOUNCE, demands judgment against Defendant, WINN DIXIE and SHAWN BURNS, for damages, costs, interest and such other relief as this Court deems just and proper. Further, Plaintiff demands trial by jury on all issues.

### COUNT II
### (SHAWN BURNS)

12. Plaintiff realleges Paragraphs One (1) through Five (6) above.

13. The negligent condition was known to Defendant, SHAWN BURNS, or had existed for a sufficient length of time so that Defendant, SHAWN BURNS, should have known of it.

-3-

14. Defendant, SHAWN BURNS, was negligent in at least the following manner:

    a.) Failing to properly clean and maintain the floors;

    b.) Failing to warn MARTIN MOUNCE of the hazardous condition on the floor;

    d.) Failing to provide a safe environment for the MARTIN MOUNCE.

15. As a result of the aforesaid negligence, Plaintiff, MARTIN MOUNCE, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff, MARTIN MOUNCE, will suffer the losses in the future. Some or all of the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition, Plaintiff has significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement.

16. Likewise, Plaintiff, JOY MOUNCE, MARTIN MOUNCE'S wife, as a direct and proximate result of the aforesaid breach of duty, has suffered and will continue to suffer the loss of her husband's services, comfort, society, attention, companionship, and consortium.

**WHEREFORE**, Plaintiffs, MARTIN MOUNCE and JOY MOUNCE, demands judgment against Defendants, WINN DIXIE and SHAWN BURNS, for damages, costs, interest and such other relief as this Court deems just and proper. Further, Plaintiff demands trial by jury on all issues.

### COUNT III
### (ROYAL OAKS ASSOCIATES, L.P.)

17. Plaintiff realleges Paragraphs One (1) through Five (6) above.

18. The negligent condition was known to Defendant, ROYAL OAKS ASSOCIATES, L.P., or had existed for a sufficient length of time so that Defendant, ROYAL OAKS ASSOCIATES, L.P., should have known of it.

19. Defendant, ROYAL OAKS ASSOCIATES, L.P., was negligent in at least the following manner:

    a.) Failing to properly clean and maintain the floors;

    b.) Failing to warn MARTIN MOUNCE of the hazardous condition on the floor;

    e.) Failing to provide a safe environment for the MARTIN MOUNCE.

20. As a result of the aforesaid negligence, Plaintiff, MARTIN MOUNCE, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff, MARTIN MOUNCE, will suffer the losses in the future. Some or

all of the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition, Plaintiff has significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement.

21. Likewise, Plaintiff, JOY MOUNCE, MARTIN MOUNCE'S wife, as a direct and proximate result of the aforesaid breach of duty, has suffered and will continue to suffer the loss of her husband's services, comfort, society, attention, companionship, and consortium.

**WHEREFORE**, Plaintiffs, MARTIN MOUNCE and JOY MOUNCE, demands judgment against Defendant, ROYAL OAKS ASSOCIATES, L.P., for damages, costs, interest and such other relief as this Court deems just and proper. Further, Plaintiff demands trial by jury on all issues.

Dated this ___ day of May, 2004.

**BURNETTI, P.A.**

By: _____
Philip Slotnick
Florida Bar No. 996246
211 South Florida Avenue
Lakeland, Florida 33801
(863) 680-1131
ATTORNEY FOR PLAINTIFF