# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
Henry Adair

Comes Now Henry Adair ("Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3. After the Petition Date and on or about February 28, 2006, Applicant was injured at the Winn-Dixie store located at 6033 S.R. 54, New Port Richey, Florida as a proximate result of the negligence of the Winn-Dixie entity operating the store in not

keeping the store reasonably safe. Upon information and belief, the responsible Debtor is Winn-Dixie Stores, Inc. Mr. Adair was a customer in the store when he was rammed by a motorized scooter/cart owned by Winn-Dixie. As a result of the injury, Applicant has suffered damages totaling at least $150,000.00, which damages Applicant can support through medical records and other proof. Applicant's damages may not be fully liquidated at this time. A copy of the Complaint Applicant filed is attached.

### APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

### REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

>    Scott M. McPherson, Esq.
>    5723 Main Street
>    New Port Richey, FL  34652

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

>    Respectfully Submitted,

>>    WILCOX LAW FIRM

>>    /s/ **Robert Wilcox**
>>    Robert D. Wilcox (FL #755168)
>>    6817 Southpoint Parkway, Suite 1302
>>    Jacksonville, FL 32216
>>    Telephone: (904) 281-0700
>>    Facsimile: (904) 513-9201

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2006 I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

>>    /s/ **Robert Wilcox**
>>    Robert D. Wilcox

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

HENRY N. ADAIR,

    Plaintiff,

vs.

WINN-DIXIE STORES, INC.,
A Florida Corporation,

    Defendant.
_____/

Case No.: 51-06-CA-3484WS
Division: G

## COMPLAINT

The Plaintiff, HENRY N. ADAIR, files this action against the Defendant, WINN-DIXIE STORES, INC. (hereinafter "WINN-DIXIE"), and avers as follows:

1. This is an action for damages in excess of fifteen thousand dollars ($15,000.00) arising out of negligence.

2. At all relevant times hereto, the Defendant, WINN-DIXIE, was engaged in business in Pasco County, Florida, at 6033 S.R. 54, New Port Richey, Florida 34653. The events described herein occurred at the address stated above.

3. On February 28, 2006, the Plaintiff, HENRY N. ADAIR, was an invitee at the WINN-DIXIE store referenced above and was at the check-out counter purchasing items when an unknown elderly female customer driving a motorized cart provided by the Defendant, WINN DIXIE, struck the counter and then struck the Plaintiff, HENRY N. ADAIR.

4. The Defendant, WINN-DIXIE, owed a duty to the Plaintiff, HENRY N. ADAIR, to provide a safe environment and protect invitees from foreseeable danger.

Additionally, given that WINN-DIXIE made motorized carts available to invitees, it owed a duty to insure that said carts were used only by persons capable of operating said cart in a safe and proper manner.

5. WINN-DIXIE owed a duty to intervene in instances in which it became aware that an invitee was operating one of its carts in a reckless manner.

6. The Defendant, WINN-DIXIE, breached its duty to the Plaintiff, HENRY N. ADAIR, by the following actions:

    a. Their failure to supervise/monitor the use of their motorized carts;

    b. Their failure to intervene after realizing that the unknown elderly female was recklessly operating said motorized cart.

7. The actions of the Defendant, WINN-DIXIE, by and through its agents, servants or employees enumerated in paragraph 5 above, proximately caused the severe injuries to the Plaintiff, HENRY N. ADAIR, as alleged herein.

8. As a direct proximate result of the negligence and carelessness of Defendant, WINN DIXIE, the Plaintiff, HENRY N. ADAIR, has suffered the following losses, injuries and damages:

    (a) a permanent injury within a reasonable degree of medical certainty; and/or

    (b) the aggravation of a pre-existing condition; and/or

    (c) permanent impairment and disability; and/or

    (d) impairment of ability to lead a normal life; and/or

    (e) Lost income and impairment of earning capacity; and/or

    (f) past, present, and future pain and suffering and mental and emotional anguish; and/or

(g)   past, present, and future medical expenses.

9.   The aforesaid losses, injuries, and damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, HENRY N. ADAIR, demands judgment against the Defendant, WINN-DIXIE STORES, INC., and further demands the right to trial by jury on all issues herein.

_____
SCOTT M. McPHERSON, ESQUIRE
Scott M. McPherson, P.A.
5723 Main Street
New Port Richey, Florida 34652
Tel. (727) 848-8892
Fla. Bar No. 0048940
Attorney for Plaintiff