## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                                                    Case No. 3:05-bk-03817-JAF
                                                                          Chapter 11- Jointly Administered
WINN DIXIE STORES, et al.,

        Debtor(s).
_____/

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM
### FOR POST-PETITION PERSONAL INJURY CLAIMANT

    Movant, Reyna Gomez, by and through undersigned counsel, and pursuant to 11 U.S.C. A §503, respectfully requests this Court enter an Order approving this application for payment of administrative expense claim against the Estate, and to authorize payment of this claim, (the "Application"), and in support thereof states as follows:

    1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York and were transferred to this Court on April 13, 2005.

    2. On November 9, 2006, this Court entered an Order confirming Debtors' Joint Plan of Reorganization (the "Confirmation Order") [CP#124400].

    3. The Confirmation Order provides that pursuant to Section 12.1 of Debtors' Joint Plan of Reorganization (the "Plan"), the deadline for filing requests for payment of post-petition administrative claims is January 5, 2007 (the "Administrative Claims Bar Date").

    4. On October 6, 2005, the Movant suffered personal injuries as a result of negligence by Debtors at Store #0252, 1525 Coral Way, Coral Gables, Florida 33145.

    5. The personal injury claim of the Movant has yet to be liquidated.

    6. Pursuant to the Confirmation Order and the Plan, this Application is timely.

    7. The Court may award an administrative expense priority under §503(b) for the "actual,

-1-

necessary costs and expenses of preserving the estate...." 11 U.S.C. §5039(b)(1)

8. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

9. The Movant respectfully requests the Court enter an Order allowing this post-petition administrative expense claim, subject to liquidation by either consent of the parties or a Court of competent jurisdiction. Upon liquidation of this post-petition claim, the Movant requests the Court enter an order requiring the Debtors to pay the allowed administrative claim in full.

10. In accordance with the Confirmation Order and Section 12.1 of the Plan, Movant has served a copy of the Application on counsel for the Reorganized Debtors and the Post-Effective Date Committee.

WHEREFORE, the Movant, Reyna Gomez, requests that this Court enter an Order (1) deeming the administrative claim asserted by the Movant as a timely assertion of an administrative claim subject to liquidation by either consent of the parties or a court of competent jurisdiction; (2) requiring the Debtors to pay the administrative expense claim immediately upon entry of an order allowing the claim; and (3) granting any such further relief as this Court deems just and proper.

                                      Harvey D. Rogers, P.A.
                                      Attorney for Movant
                                      28 West Flagler Street
                                      Suite 500
                                      Miami, Florida 33130
                                      Telephone: (305) 579-2100
                                      Facsimile: (305) 579-9711

By:    /s/ Nory Diaz, Esq.
       Nory Diaz, Esq.
       Florida Bar No: 176303

---

[1] See, e.g., *Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968)(holding) that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 1169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).

–3–

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a true and correct copy of the foregoing Application was faxed, mailed and/or electronically served on: James Post, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; D.J. Baker, Esq., Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; Matthew Barr, Esq., Milbank, Tweed, Hadley & McCoy LLP, 1 Chase Manhattan Plaza, New York, New York 10005; Kenneth S. Meeker, Esq., U.S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, Florida 32801; and all other parties participating in the CM/ECF System, this 2nd day of January, 2007.

/s/ Nory Diaz, Esq.
Nory Diaz, Esq.