UNITED STATES BANKRUPTCY COURT
DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al,   Case No. 3:05-bk-03817-3F1

Debtors,   Chapter 11 - Jointly Administered

_____

## APPLICATION OF CARRIE JOANN BRANNON FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS FOR CERTAIN POST-PETITION PERSONAL INJURY CLAIMANTS

COMES NOW the Movant, Carrie Joann Brannon, by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving her application to have allowed administrative claims against the Estate, and to authorize payment of these claims, and would show:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U. S. Bankruptcy Code.

2. The Debtors are operating their businesses and managing their property as a debtor in possession pursuant to §1107(a) and §1108 of the Bankruptcy Code.

3. The Court has appointed an official committee of unsecured creditors to serve in these cases.

4. The Debtors assert in pleadings filed with the Court that approximately 3,200 Proofs of Claim were filed involving unliquidated personal injury or property damage claims for which litigation had been commenced or threatened against the Debtors pre-petition. The Court has entered Orders setting out certain procedures to resolve personal injury claims.

5. Subsequent to the filing of the case, the Movant suffered personal injuries as a result of negligence by the Debtors.

6. The personal injury claim of the Movant has not yet been liquidated.

7. The Court has entered an Order setting a bar date to file administrative expense claims.

8.  The Court may award an administrative expense priority under § 503(b) for the "actual, necessary costs and expenses of preserving the estate..." 11 U.S.C. § 503(b)(1).

9.  Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

10.  The Movant respectfully requests the Court enter an Order allowing her post-petition administrative expense claims, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of their post-petition claims, the Movant requests that the Court enter an Order requiring the Debtors - as a condition of confirmation of their Chapter 11 Plan - to pay the allowed administrative claims in full.

11.  The Movant requests that the Court limit notice of this Application to the Debtors, counsel for the Debtors, and counsel for the Unsecured Trade Creditors Committee.

BROWN & SCOCCIMARO, P.C.

By: _____
Alexander R. Nemajovsky, Esq.
Bar No. 538228
Attorney for Movant

1801 Gillionville Road
P. O. Box 1646
Albany, Georgia 31702
(229) 432-9310

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994). As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possess in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984); *Seidle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla. 1989).

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by electronic or standard mail to the parties listed below on this 2nd day of January, 2007.

Winn-Dixie Storews, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

Adam Ravin, Esq.
Four Times Square
New York, NY 10036

Alan E. Wulbern, Esq.
225 Water Street, Ste. 1800
Jacksonville, FL 32202

Cynthia C. Jackson, Esq.
225 Water St., Ste. 1800
Jacksonville, FL 32202

James H. Post, Esq.
225 Water St., Ste. 1800
Jacksonville, FL 32202

Joshua M. Katz, Esq.
999 Peachtree St., 14th Floor
Atlanta, Georgia 30309

Leanne M. Prendergast, Esq.
225 Water St., Ste. 1800
Jacksonville, FL 32202

Stephen D. Bushey, Esq.
225 Wter St., Ste. 1800
Jacksonville, FL 32202

Kenneth C. Meeker, U.S. Trustee
135 W. Central Blvd., Ste. 620
Orlando, FL 32801

Elena L. Escamilla, Esq.
135 W. Central Blvd. Ste. 620
Orlando, FL 32806

Dennie F. Dunne, Esq.
1 Chase Manhattan Plaza
New York, NY 10005

John B. MacDonald, Esq.
50 N. Laura St., Ste. 2500
Jacksonville, FL 32202

Patrick P. Patangan, Esq.
50 N. Laura St., Ste. 2500
Jacksonville, FL 32202

BROWN & SCOCCIMARO, P.C.

By: _____
Alexander R. Nemajovsky
Attorney for Movant