IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al.                  Case No. 3:05-bk-03817-3F1

Debtors,                                          Chapter 11 – Jointly Administered

_____/

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR CERTAIN POST-PETITION PERSONAL INJURY CLAIMANT

COMES NOW the Movant, Denise Gilbert, by undersigned counsel, and pursuant to 11 U.S.C. § 503 requests this Court enter an Order approving her application to have allowed administrative claims against the Estate, and to authorize payment of these claims, and would show:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code.

2. The Debtors are operating their businesses and managing their property as a debtor in possession pursuant to §1107(a) and 1108 of the Bankruptcy Code.

3. The Court has appointed an official committee of unsecured creditors to serve in these cases.

4. The Debtors assert in pleadings filed with the Court that approximately 3,200 Proofs of Claim were filed involving unliquidated personal injury or property damage claims for which litigation had been commenced or threatened against the Debtors pre-petition. The Court has entered Orders setting out certain procedures

to resolve personal injury claims.

5. Subsequent to the filing of the case, the Movant suffered personal injuries as a result of negligence by the Debtors.

6. The personal injury claim of the Movant has not yet been liquidated.

7. The Court has, or shortly will, enter an Order setting a bar date to file administrative expense claims.

8. The Court may award an administrative expense priority under §503(b) for the "actual, necessary costs and expenses of preserving the estate..." 11 U.S.C. §503(b)(1).

9. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

10. The Movant respectfully requests the Court enter an Order allowing their post-petition administrative expense claims, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of their post-petition claims, the Movant requests the Court enter an Order requiring the Debtors – as a condition of confirmation of their Chapter 11 Plan – to pay the allowed administrative claims in full.

11. The Movant requests the Court limit notice of this Application to the Debtors,

---

[1] *See, e.g. Reading Co. v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy.S.D.Fla. 1994). As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984); *Seidle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr.S.D.Fla. 1989).

counsel for the Debtors, and counsel for the Unsecured Trade Creditors Committee.

    /s/ Lawrence T. King
Lawrence T. King, Esq.
Fla. Bar No. 0814288
Goozée, King & Horsley, LLP
Shades Brook Bldg., Ste. 200
3300 Cahaba Road
Birmingham, Alabama 35223
(205) 871-1310
(205) 871-1370 Fax
Attorney for Movant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by electronic or U.S. Mail, postage prepaid and properly addressed, on this 15th day of December, 2006, to:

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, FL 32202

Matthew Barr
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

    /s/ Lawrence T. King
Of Counsel