IN THE CIRCUIT COURT OF SIMPSON COUNTY, MISSISSIPPI

MARISSA STAMPLEY, BY AND
THROUGH HER MOTHER AND
NEXT FRIEND, STACY STAMPLEY                              PLAINTIFF

     vs.                                    Cause No. ___2006-123___

WINN-DIXIE STORES, INC. AND
DOE EMPLOYEE 1                                           DEFENDANT

---

## COMPLAINT

### TRIAL BY JURY REQUESTED

     COMES NOW the Plaintiff, Marissa Stampley, by and through her mother and next friend, Stacey Stampley, files her Complaint against the defendants, and in support of the same would show the following to the court:

### PARTIES

     1.    Plaintiff Marissa Stampley, (hereinafter "Plaintiff Stampley") is a minor resident citizen of the State of Mississippi.

     2.    Defendant Winn Dixie-Stores, Inc., (hereinafter "Defendant Winn-Dixie") is a foreign corporation and may be served with process of this Court at its corporate address of 5050 Edgewood Court, Jacksonville, Florida.

     3.    Defendant Doe Employee 1, the true name and capacity of which, whether individual, corporate, associate or otherwise is unknown to Plaintiff at this time. Plaintiff is informed, believes and thereon alleges that the Defendant Doe Employee 1 is responsible in some manner for the events and happenings hereinafter referred to which proximately caused Plaintiff to sustain injuries and

FILED

MAY 10 2006

damages. Plaintiff will ask leave of the court to amend and insert the exact name and identity of defendant Doe Employee when ascertained.

## VENUE AND JURISDICTION

4.    This Court has jurisdiction of this matter pursuant to Miss. Code Ann. §9-7-81 as the amount in controversy exceeds two hundred dollars ($200.00), exclusive of interests and costs.  The Plaintiff seeks no relief under any federal laws and asserts no federal claims.

5.    Venue is proper in the Circuit Court of Simpson County, Mississippi as the incident giving rise to this cause of action occurred and accrued therein.

## FACTS

6.    On or about June 25, 2005, Plaintiff was a business invitee on a premises owned and/or operated by Winn-Dixie Stores, Inc. located in Magee, Mississippi, Mississippi.  On said date, Plaintiff's hand became trapped in a gap between the automatic conveyer belt and the counter top at one of the check out lanes.  Plaintiff incurred this injury despite having exercised due care and caution in her actions.

7.    The gap was a dangerous condition in that the hand or arm of children and/or adults that frequent the store could easily become wedged in the automatic conveyer belt.  Defendant Winn-Dixie and Doe Employee 1 had actual knowledge of this dangerous condition.  In the alternative, through the exercise of due care and caution, Defendants should have had knowledge of same. Defendant Winn-Dixie caused or contributed to the creation of the dangerous condition.

## COUNT 1 – NEGLIGENCE AGAINST
## DEFENDANT WINN-DIXIE STORES, INC.

8.    The allegations of paragraphs 1 though 7 are incorporated herein by reference.

9.    Defendant Winn-Dixie at all times relevant herein and including June 25, 2005 owed duties to the Plaintiff including but not limited to the duty to maintain the premises in a safe condition for invitees such as Plaintiff; to inspect and remove any and all potential hazards to its customers, including Plaintiff; to eliminate all hazards at the premises located in Magee, Mississippi or warn customers in general and Plaintiff in particular of same; to employ, train, supervise, and manage management personnel trained regarding the identification of hazards and the elimination, guarding of, and/or warning as to identified hazards at the premises; to employ, train, supervise, and manage all employees at the premises regarding safe and reasonably prudent practices, procedures, and operations of a public establishment.

10.    At all times relevant herein Defendant Winn Dixie, breached its duties to Plaintiff of reasonable care and reasonable prudence as well as the duties set forth in the immediately proceeding paragraph. Defendant Winn-Dixie breached said duties and therefore is liable to Plaintiff for its negligence which includes but is not limited to the following:

    (a)    Failing to maintain a safe premises;

    (b)    Failing to identify and remedy known or foreseeable
            hazards;

(c)     Failing to warn of hazardous and dangerous conditions including the gap between the conveyor belt and the checkout counter;

(d)     Failing to train, manage, and/or supervise, the employee responsible for maintaining the checkout counter;

(e)     Failing to exercise reasonable care;

(f)     Failing to eliminate all hazards on the premises;

(g)     Failing to guard against hazards on the premises not eliminated;

(h)     Failing to warn regarding hazards on the premises not eliminated or guarded; and

(i)     Failing to exercise reasonable care and reasonable prudence.

11.     As a direct and proximate result or as a proximate contributing result of the acts and omissions of Defendant Winn-Dixie as described herein, Plaintiff suffered severe personal injuries and damage.

12.     At the above mentioned times and place, Defendant Doe Employee 1 was the agent, servant, representative, and/or employee of Defendant Winn-Dixie and was acting in furtherance of the businesses of said defendant and within the scope of his/her employment and/or agency.  As a result, Defendant Winn-Dixie is liable for the herein described negligent acts and/or omissions of Defendant Doe Employee 1.  Said negligent acts and/or omissions of Defendant Doe Employee 1, for which Defendant Winn-Dixie is liable, proximately caused or contributed to the June 25, 2005 incident.

## COUNT II – NEGLIGENCE AGAINST DEFENDANT DOE EMPLOYEE 1

13.    The allegations of paragraphs 1 though 7 are incorporated herein by reference.

14.    At all times relevant herein, Defendant Doe Employee 1 had the duty to exercise reasonable care and reasonable prudence while working at Winn-Dixie premises located in Magee, Mississippi. At all times relevant herein, Defendant Doe Employee 1 breached said duties and the violations of said duties were a proximate cause or a proximate contributing cause of Plaintiff's injuries on June 25, 2005. Specifically, Defendant Doe Employee was the employee responsible for the countertop in question where Plaintiff was injured. Due to the improper maintenance of the countertop, Plaintiff's hand became trapped between the conveyor belt and the countertop resulting in severe injuries to the Plaintiff.

## DAMAGES

15.    As a direct and proximate result of the above described breaches of duties, acts and/or omissions of Defendants, Plaintiff suffered injuries and damages including but not limited to the following:

      (a)    Serious, grievous, painful, and permanent injuries;

      (b)    Past medical, doctor, hospital and drug and bills;

      (c)    Past pain and suffering; and

      (d)    Past mental anguish.

WHEREFORE PREMISES CONSIDERED, Plaintiff Marissa Stampley, by and through her mother and next friend, Stacy Stampley, prays for a judgment against all defendants, both jointly and severally as follows:

a.  A monetary judgment in an amount in excess of the minimum jurisdictional limits of this Honorable Court representing an award of compensatory damages in a sum sufficient to compensate the Plaintiff for her damages in a sum to be determined by a jury;

b.  Pre-judgment and post-judgment interest as allowed by law;

c.  Taxation of all costs of this proceeding against Defendants; and

d.  Any other general or specific relief to which the Plaintiff may be entitled.

Further, Plaintiff respectfully requests trial by jury.

Plaintiff Marissa Stampley, by and through her mother and next friend, Stacey Stampley

By:    Boyd & Akin PLLC

By:    _J. Randal Wallace, Jr. (MSB 99889)_

**OF COUNSEL:**

BOYD & AKIN PLLC
POST OFFICE BOX 1297
CLINTON, MISSISSIPPI 39060
Telephone:    (601) 925-5511
Facsimile:    (601) 925-5533

- and -

E. MICHAEL MARKS, ESQ.
E. MICHAEL MARKS & ASSOCIATES
120 N. CONGRESS STREET
JACKSON, MS  39201-2605