UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN DIXIE STORES, INC., et al.,    Case No. 05-03817-3F1

Debtors.    Chapter 11 – Jointly Administered

_____/

## APPLICATION OF RICKTEVIA HOWARD FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM

Claimant Ricktevia Howard (the "Claimant"), by and through her undersigned counsel, files this application for allowance and payment of an administrative expense priority claim and in support thereof states as follows:

1. On February 21, 2005, the Debtors commenced this bankruptcy case by filing a petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors subsequently operated their businesses as debtors-in-possession.

2. On or about April 1, 2006, the Claimant was injured while shopping at Winn-Dixie store number 233. The Claimant sustained her injuries on account of the negligence of the Debtors in the operation of their business.

3. The claim of a creditor who sustains injuries as a result of the negligence of a debtor-in-possession or trustee can be afforded administrative expense priority status under Section 503(b)(1) of the United States Bankruptcy Code. See 11 U.S.C. § 503(b)(1); Reading Co. v. Brown, 391 U.S. 471 (1968) (awarding administrative expense priority status under predecessor to 11 U.S.C. § 503(b) to claim for damage arising from negligence of debtor's receiver); Ala. Surface Mining Comm'n v. N.P.

Mining Co., Inc. (In re N.P. Mining Co., Inc.), 963 F.2d 1449 (11th Cir. 1992) (following Reading in awarding administrative expense priority status under 11 U.S.C. § 503(b) to claim for penalties for post-petition environmental contamination caused by Chapter 11 debtor-in-possession's business operations); Piper Aircraft Corp. v. Calabro (In re Piper Aircraft Corp.), 169 B.R. 766 (Bankr. S.D. Fla. 1994).

4. The Claimant seeks to have allowed and paid an administrative expense priority claim in the amount of $100,000.

WHEREFORE, Ricktevia Howard respectfully requests that the Court allow and award her an administrative expense priority claim in the amount of $100,000 and grant such other and further relief as might be deemed just, proper, and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, upon the following parties on this 2nd day of January, 2007.

Matthew Barr
Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

James Post
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

D. J. Baker
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036

Respectfully submitted,

Marc Anidjar, Esq.
Anidjar & Levine, P.A.
330 S.W. Davie Boulevard
Ft. Lauderdale, FL 33315
Lead Counsel for Claimant Ricktevia Howard
Telephone: (954) 525-0050
Facsimile: (954) 525-0020

/s/David N. Stern
David N. Stern
Florida Bar No. 040398
Genovese Joblove & Battista, P.A.
200 East Broward Boulevard, Suite 1110
Ft. Lauderdale, FL 33301
Bankruptcy Counsel for Claimant Ricktevia Howard
Telephone: (954) 453-8000
Facsimile: (954) 453-8010
E-Mail: dstern@gjb-law.com