## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.   05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

### MOTION OF ALLAN URBAN FOR ORDER PERMITTING FILING OF PROOF OF CLAIM AFTER BAR DATE

Comes Now, Allan Urban (alternatively "Claimant"), by and through his undersigned counsel, and pursuant to 11 U.S.C. Section 105 and Fed. R. Bankr. P. 3003(b) and 9006(c), hereby moves this Court for entry of an order permitting him to file a proof of claim after the claims bar date for pre-petition claims and deeming such proof of claim against Debtor Winn-Dixie Stores, Inc. ("Winn-Dixie Stores") timely-filed.

### BACKGROUND

1.    On February 2, 2004, Mr. Urban was a guest and patron at a Winn-Dixie store located on Haverhill Road in West Palm Beach, Palm Beach County, Florida. While walking through the store he slipped and violently fell to the ground as a proximate result of the negligence of the Winn-Dixie entity operating the store in not keeping the premises reasonably safe. Upon information and belief, the responsible Debtor entity is Winn-Dixie Stores. As a result of the injury, Applicant has suffered damages totaling at least $100,000.00, which damages Mr. Urban can support through medical records and other proof.

2.    Mr. Urban, acting through counsel, provided written notification of the claim to Winn-Dixie Stores prior to its Chapter 11 filing.

3.      Mr. Urban first received notice of the Chapter 11 filing when his counsel, in connection with the post-petition claim of another injured party, received the *Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims dated December 6, 2006* (the "December 2006 Notice").

## MEMORANDUM OF LAW

A claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *Banco Latino International v. Lopez (In re Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507 U.S. 380, 113 S.Ct. 1489 (1993)). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997). Excusable neglect is an equitable determination that takes into account all of the circumstances of the particular case. *See Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1489 (emphasis added). Considerations include: (a) reason for the delay and whether it was in control of claimant; (b) length of delay and potential impact on judicial proceedings; (c); and danger of prejudice to debtor (d) whether claimant acted in good faith. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). *See In re PT-1 Communications, Inc.*, 292 B.R. 482, 489 (Bankr. S.D. N.Y. 2003) (equities of excusable neglect weighed in favor of the claimant because the claimant "had no reason on the basis of the facts known to it prior to the Bar Date to conclude that it had a claim against [the debtor]".) As the United States Supreme Court has noted, excusable neglect encompasses situations caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 395,113 S.Ct. at 1489.

### Reason for the Delay

Quite simply, neither Mr. Urban nor his counsel received any notice of the pending Chapter 11 cases until after the bar date. The facts here are substantially similar to those in *In re Faden*, 96 F.3d 792 (5th Cir.1996) in which the Court of Appeals for the Fifth Circuit held that a pre-petition debt in a Chapter 7 case was not dischargeable where the creditor did not receive notice of the Chapter 7 case. This Court has cited *Faden* in the context of a motion for leave to file a claim after the bar date in a jointly-administered Chapter 11 case. *Harrell*, 325 B.R. 643, 649.

### Length of Delay and Potential Impact on Judicial Proceedings

While Mr. Urban's claim will of necessity be filed substantially after the bar date, it will be filed almost immediately after he received notice of the bankruptcy filings and in a timely-enough fashion to allow him to participate in the claims resolution process. The judicial proceedings in this case will not be affected substantially, if at all, if the Court grants this Motion. Given the complexity of the myriad proceedings before the Court, the allowance of Mr. Urban's claim will neither delay nor complicate those proceedings.

### Prejudice to the Debtors

There can be little, if any, prejudice to Winn-Dixie Stores. Under the confirmed Plan of Reorganization, "payment" on Mr. Urban's claim will be in the form of shares of the reorganized Debtor entity and the marginal addition of Mr. Urban's claim will not add any expense to the Debtors. Mr. Urban will still be able to participate properly in the claims resolution process. The granting of this Motion will not deprive Winn-Dixie Stores of its ability to object to Mr. Urban's claim on its merits.

## Mr. Urban's Good Faith

Mr. Urban's actions in this case were taken in good faith. At no point has he delayed the process or otherwise "sat on his rights". He has acted properly and with diligence given his lack of knowledge of the Chapter 11 filings. Through his counsel, he is prepared to file the necessary proof of claim in a prompt and complete fashion.

## The Factors as a Whole

Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The treatment of Mr. Urban's claims as timely-filed will permit his claim to be resolved on its merits. Such relief will result in no prejudice to the Debtors, will serve to protect Mr. Urban's rights to recover for his damages, and is consistent with the interests of justice.

**Wherefore,** Allan Urban requests that the Court enter an order:

(A) granting him thirty days from the date of such order to file a proof of claim;

(B) deeming such claim as he may file within that thirty days timely-filed, and

(C) granting him such other and further relief to which he may be entitled.

Dated: January 2, 2007                     **WILCOX LAW FIRM**

/s/ **Robert D. Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
(904) 281-0700
(904) 513-9201 Fax

And

Mark Januschewski, P.A.
639 East Ocean Ave., Suite 404
Boynton Beach, FL 33435

### CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2007 I filed this **MOTION OF ALLAN URBAN FOR ORDER PERMITTING FILING OF  PROOF OF CLAIM AFTER BAR DATE** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee,  Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ **Robert Wilcox**
Robert D. Wilcox