UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: 05-03817 |
| | ) | |
| WINN-DIXIE STORES, INC., ET AL., | ) | CHAPTER 11 |
| | ) | (JOINTLY ADMINISTERED) |
| | ) | |
| DEBTORS. | ) | |

**MOTION OF GATOR COASTAL SHOPPING CENTRE, LLC
FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE PRIORITY
CLAIM PURSUANT TO SECTIONS 365(d)(3), 503(b)(1) AND 507(a)(1) OF THE
BANKRUPTCY CODE**

Gator Coastal Shopping Centre, LLC ("Gator"), by its undersigned attorneys respectfully requests that this Court enter an order, pursuant to sections 365(d)(3), 503(b)(1), and 507(a)(1) of title 11 of the United States Code (the "Bankruptcy Code"), allowing and ordering the payment of an administrative expense priority claim in the amount of $38,760.55. In support of this Motion, Gator respectfully states:

## I. BACKGROUND

1. On or about February 21, 2005 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. Gator is the owner of the shopping center known as Coastal Shopping Centre Mall ("Coastal Mall") located in Conway, South Carolina. On the Petition Date, the Debtors leased Store No. 2124 (the "Leased Premises") at Coastal Mall. On the Petition Date, the Debtors were a sub-sublessee of the Leased Premises under a sub-sublease (the "Sub-Sublease") with Cardinal Capital Partners, Inc. Employee Profit Sharing Plan & Trust ("Cardinal"), as successor to Realty South Investors, Inc. ("RSI").

CINLibrary 1694822v.3

3. On April 29, 2005, the Debtors filed their Motion for Order Authorizing (I) Retroactive Rejection of Certain Real Property Leases and (II) Abandonment of Related Personal Property (the "Rejection Motion") [DE #946] requesting the authority to reject the Sub-Sublease. On May 19, 2005, the Court entered an Order approving the Rejection Motion and rejecting the Sub-Sublease [DE #1322]. On July 29, 2005, Gator filed a proof of claim in these chapter 11 cases in the total amount of $586,477.66 (the "Gator Claim") related to the Leased Premises comprised of: (a) a general unsecured claim in the amount of (i) $7,178.08 for prepetition rent and insurance, (ii) $390,760.55 in rejection damages, and (iii) $150,000 in deferred maintenance; and (b) $38,760.55 administrative priority claim for unpaid postpetition rent and insurance.

4. On October 17, 2006, the Debtors filed the Twenty-Fourth Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims, (F) Duplicate Liability Claims and (G) Amended and Superseded Claims (the "Claim Objection") asserting that: (a) the Debtors are not liable for the Gator Claim pursuant to their books and records; and (b) the Gator Claim is misclassified [DE #11946].

5. On November 3, 2006, Gator filed the Response of Gator Coastal Shopping Centre, LLC to the Debtors' Claim Objection (the "Response") [DE #12362]. The Claim Objection remains pending as of the date hereof.[1]

6. Gator acquired title to the Coastal Mall from Coastal Centre, LLC ("Coastal") on or about February 24, 2005 by Deed. At such time, the Leased Premises were subject to a Lease

---

[1] The Debtors, Gator and the Principal Life Insurance Company have negotiated an Agreed Order with respect to the rejection damages portion of the Gator Claim. The parties are currently finalizing the Agreed Order. Gator expects that the Agreed Order will be filed in the near future. Upon entry of the Agreed Order, Gator will have; (a) an allowed general unsecured claim for rejection damages; (b) an unresolved administrative expense claim for postpetition rent and related charges pursuant to this Motion; and (c) an unresolved general unsecured claim for deferred maintenance.

between Coastal as Lessor and Mountcastle Corporation ("Mountcastle") as Lessee, dated February 1, 1985 (the "Prime Lease"). Mountcastle, as Lessee of the Prime Lease, subleased the Leased Premises, as Sub-Lessor, to Cardinal (as successor to RSI), as Sub-Lessee pursuant to a land sub-lease dated May 7, 1985 (the "Sub-Lease").[2] In turn, Cardinal, as Sub-Lessee, sub-subleased the Leased Premises, as Sub-Sublessor, to the Debtors, as Sub-Sublessee, pursuant to the Sub-Sublease, dated as of December 12, 1986.

7. The Sub-Sublease, *inter alia*, required that all payments due by Cardinal's predecessor (RSI) to Mountcastle under the Sub-Lease would be required to be paid directly to Mountcastle by the Debtors. The Sub-Sublease also required that payments of additional rent be paid to Cardinal's predecessor (RSI).

8. The Prime Lease expired by its terms on June 30, 2005. As a result, Gator as fee owner of the Leased Premises stepped into the shoes of Mountcastle under the Sub-Lease on June 30, 2005. As set forth in the Sub-Sublease, the payments due by the Debtors directly to Mountcastle pursuant to the express terms of the Sub-Sublease became due and payable to Gator as the fee owner of the Leased Premises and Prime Lessor, and as successor Sub-Lessor. In addition, the Sub-Lease terminated on or prior to February 24, 2006. Thereupon, any amounts due by the Debtors to Cardinal pursuant to the Sub-Lease became due and payable to Gator as the fee owner and prime Lessor, and as successor Sub-Sublessor.

9. The Debtors are in default under the terms of the Sub-Sublease by reason of, among other things, the failure of the Debtors to pay post-petition rent and other charges to Gator (the "Post-Petition Defaults"). As of the date hereof, the Post-Petition Defaults were not less

---

[2] Winn-Dixie Charlotte, Inc. was the original sublessee under the Sub-Lease on May 7, 1985. Through a financing arrangement Cardinal's predecessor (RSI) subsequently became the sublessee of the Sub-Lease and then entered into the Sub-Sublease with the Debtors.

than $38,760.55, representing $25,094.59 for May 2005 rent; $7,316.10 for real estate taxes incurred during the period February 22, 2005 through May 31, 2005; and $6,349.86 for insurance charges incurred during the period February 22, 2005 through May 31, 2005.

## II.   LAW AND ARGUMENT

10.   Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, that "[t]he Trustee shall timely perform all the obligations of the debtor…, arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." Thus, under section 365(d)(3) of the Bankruptcy Code, the Debtors have an affirmative obligation to pay all post-petition amounts owing to Gator under the Sub-Sublease. Lawrence P. King, Collier on Bankruptcy (15th ed. Rev. 1998), ¶365.04[3][f] at p. 365-37.

11.   In addition, because the payment of rent and other charges under the Sub-Sublease is "an actual and necessary" cost of doing business under section 503(b)(1) of the Bankruptcy Code, payment will be afforded administrative expense priority. See, e.g. In re Zagata Fabricators, Inc., 893 F.2d 624, 627-28 (3d Cir. 1990). Pursuant to section 507(a)(1) of the Bankruptcy Code, the unpaid, post-petition amounts due to Gator under the Sub-Sublease are entitled to priority as administrative claims for the "actual, necessary cost…of preserving the estate." See id. The Debtors occupied the Leased Premises resulting in substantial benefit to the Debtors, their estate and their creditors. Accordingly, the Debtors must pay to Gator all post-petition amounts due to Gator under the Sub-Sublease.

WHEREFORE, Gator respectfully requests that this Court enter an Order: (a) granting the Motion; (b) allowing and directing immediate payment of $38,760.55 for post-petition rent and other charges due under the Sub-Sublease; and (c) granting Gator such other further relief as

the Court deems just and appropriate under the circumstances.

Dated:   January 3, 2007                              Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By:   /s/ *Alan M. Weiss*
      Alan M. Weiss
      15 North Laura Street
      Suite 3900
      Jacksonville, FL  32202
      (904) 798-5459 Telephone
      (904) 358-1872 Facsimile
      alan.weiss@hklaw.com

      -and –

      Douglas L. Lutz
      Ohio Bar No. 0064761
      Kyle R. Grubbs
      Ohio Bar No. 0073947
      FROST BROWN TODD LLC
      2200 PNC Center
      201 East Fifth Street
      Cincinnati, Ohio  45202
      513-651-6800  Telephone
      513-651-6981  Facsimile
      dlutz@fbtlaw.com  Email
      kgrubbs@fbtlaw.com Email

      **ATTORNEYS FOR GATOR COASTAL
      SHOPPING CENTRE, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were served via ECF Noticing or regular U.S. Mail upon the parties below on this 3rd day of January, 2007.

/s/ Alan M. Weiss

James H. Post, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Adam S. Ravin, Esq.
Skadden, Arps, Slate, Meagher, & Flom LLP
Four Times Square
New York, NY 10036