UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:
WINN-DIXIE STORES, INC., et al.,
Debtors.
_____/

Case No.: 05-03817-3F1
Chapter 11
Jointly Administered

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
Grady Eugene Fowler

Comes now Grady Eugene Fowler ("Applicant"), through the undersigned attorney, and seeks administrative expense status for the Applicant's personal injury claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order confirming the joint Plan of reorganization of Winn-Dixie stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this application, Applicant states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc., et al. ("the Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition date"). The Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims, (Confirmation Order), provides

that pursuant to Section 12.1 of Debtors' Joint Plan of Reorganization (the Plan), the deadline for filing requests for payment of post-petition administrative claims is January 5, 2007.

3. After the Petition Date or on or about June 12th 2006, Applicant was injured at the Winn-Dixie store located at 11100 Fourth Street North, St. Petersburg, Florida 33716. As a proximate result of the Debtors negligence, Applicant suffered damages.

4. Applicant's claim has yet to be liquidated.

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

5. Section 503(b) of the bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the state….". 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtors are entitled to administrative expense status. See, *Reading Co. v. Brown*, 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr. S.D. Fla. 1994).

6. In this instance, Applicant's claim arose as a result of the business operations of one or more of the debtors after the petition Date but prior to the Confirmation Order. As such, Applicant's personal injury claim for damages is entitled to administrative expense status under 11 U.S.C. § 503(b), and applicant seeks the entry of an order allowing this post-petition administrative expense claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of this post-petition claim,

Applicant respectfully requests this Court enter an order requiring Debtors to pay the allowed administrative claim in full.

<u>REQUEST FOR FUTURE NOTICE</u>

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

>J. David Gallagher, Esquire
>505 East Jackson Street
>Suite 302
>Tampa, FL 33602

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an Order (1) deeming the administrative claim asserted by Grady Eugene Fowler as a timely assertion of an administrative claim subject to liquidation by either consent of the parties or a court of competent jurisdiction; (2) requiring Debtors to pay the administrative claim immediately upon entry of an order allowing the claim; and (3) granting all other relief requested herein and any such further relief as this Court deems just and proper.

Respectfully Submitted,

GALLAGHER, DANIEL & KEENAN, PA

/s/ J. David Gallagher
J. David Gallagher, Esquire
Florida Bar No. 0347701
dgallagher@gdk-law.com
505 East Jackson Street
Suite 302
Tampa, FL 33602
(813) 277-0003 - telephone
(813) 277-9002 - facsimile

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail this 3rd day of January, 2007 to: Counsel for the Reorganized Debtors, James H. Post, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 and Counsel for the Post-Effective Date Committee, Matthew Barr, Esquire, Milbank, Tweed, Hadley, & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005. That on January 3, 2007, I filed the foregoing APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE through the CM/ECF filing system, which will cause a copy to be served on all parties participating in the CM/ECF System, all served electronically.

/s/ J. David Gallagher
J. David Gallagher, Esquire
Florida Bar No. 0347701
dgallagher@gdk-law.com
505 East Jackson Street
Suite 302
Tampa, FL 33602
(813) 277-0003 - telephone
(813) 277-9002 - facsimile