UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                          Case No.: 3-05-bk-3817 (JAF)
                                                                                        Chapter 11
      WINN-DIXIE STORES, INC., et al.,                    Jointly Administered
                Debtors
_____/

**APPLICATION FOR ALLOWANCE OF ADMINSTRATIVE EXPENSE
STATUS FOR POST PETITION CLAIM AND REQUEST FOR NOTICE**

Laurie Gassel

Comes Now Laurie Gassel ("Applicant") by and through the undersigned attorneys and seeks administrative expense status for Applicant's claim against on or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

**JURISDICTION AND VENUE**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334. Venue is proper pursuant to 28 U.S.C. §157(b) (2).

**FACTUAL BACKGROUND**

2.     Winn-Dixie Stores, Inc. et al., (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3.     After the Petition Date and on or about August 24, 2005, Applicant was injured at the Winn-Dixie store No. 330 located in Broward County, Florida. As a proximate result of the

injury, Applicant has suffered severe damages totaling at least $50,000.00, which damages Applicant can support through medical records and other proof. Applicant's damages may not be fully liquidated at this time.

**APPLICANT'S CLAIM IS ENTITILED
TO ADMINSSTRAIVE EXPENSE STATUS**

4.     Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b). It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5.     In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's $50,000.00 claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks entry of an order awarding such status.

**REQUEST FOR FUTURE NOTICE**

Applicant request that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

Gordon T. Nicol, Esq.
7545 Centurion Parkway, Suite 108
Jacksonville, FL 32256

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting relief requested herein and such other relief as it deems just and proper.

Dated January 2, 2006.

    Respectfully Submitted

    /s/Gordon T. Nicol, Esq.
Gordon T. Nicol, Esquire
Florida Bar No.: 0818320
7545 Centurion Parkway, Suite 108
Jacksonville, Florida 32256
Ph: 904-384-4911
Fax: 904-384-4911
Attorney for Applicant
-and-
Steven Cohen, Esquire
Florida Bar No.: 217883
Glantz and Glantz, P.A.
7951 SW 6th Street
Plantation, Florida 33324
Ph: 954-424 1200
Fax: 954-424-1206

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2006 I filed this APPLICATION FOR ALLOWANCE OF ADMINSTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE through CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq., and John MacDonald, Esq., Counsel for the Post Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

    /s/Gordon T. Nicol, Esq.
Gordon T. Nicol, Esquire