UNITED STATES BANKRUPCTY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re

WINN DIXIE STORES, INC., ET AL.

REORGANIZED DEBTORS

_____

CASE NO. 05-03817-3F1

CHAPTER 11

JOINTLY ADMINISTERED

**APPLICATION FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE
EXPENSE FOR PERSONAL INJURY CLAIM OF
RITTA HOGAN CLAIM # UNKNOWN**

RITTA HOGAN, through her undersigned attorney, submits this application to allow her post-petition injury claim as an administrative expense claim pursuant to Section 504 of the Bankruptcy Code, all in accordance with the terms and provisions of the Notice of (A) Entry of Order Confirming Plan or Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims ("Notice of Bar Dates"), issue to creditors and parties in interest in this proceeding and says:

## **CASE BACKGROUND**

1. On February 21, 2005, Winn-Dixie Stores, Inc. together with its affiliates, files a voluntary petition for relief under Chapter 11 of Title 11, United States Code.

2. On November 9, 2006, the Court entered an order confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc., and Affliated Debtors ("Plan").

3. According to the Notice of Bar Dates issued to creditors in this proceeding, the Plan became effective on November 21, 2006.

4. Under the provisions of Section 12.1 of the Plan, all requests for payment of an administrative claim or any claim arising against the debtors between the period of February 21, 2005 and November 21, 2006 (other then as set forth in Section 4.1 (a), 12.1, 12.2, 12.3, 12.4 or 12.5 of the Plan), must be made by application filed with the Court and served on counsel for the reorganized debtor and the Post-Effective Date Committee no later than January 5, 2007.

5. Applicant does not consent to the jurisdiction of the Bankruptcy Court with respect to the adjudication of their claims reference in this application.  Moreover, the Bankruptcy Court lacks jurisdiction to determine, liquidate, or estimate the amount of applicants' tort claims as such claims are outside the scope of the jurisdiction retained by the Bankruptcy Court pos-confirmation.

6. Applicant's claim is an unliquidated claim for personal injuries and, under 28 U.S.C.    157(b)(2)(B), the liquidation of such tort claim against the estate of purposes of distribution under Title 11 is not a "core" proceeding.

## FACTUAL BACKGROUND

7. On or about December 9, 2006, due to the negligence of Winn-Dixie Stores, Inc., and/or its affiliates, Applicant RITTA HOGAN, was injured at Winn Dixie Store number 285, located at or near 5850 SW 73 Street, Miami, Florida.  As a proximate result, Applicant RITTA HOGAN was injured at Winn-Dixie, she has suffered damages, in the amount of ($300,000.00)  However, her damage

claim is unliquidated at this time. (All available medical bills, reports and records are available upon request).

8.  Section 503 (b) of the Bankruptcy Code provides for the allowance of administrative expense status and its attendant priority for payment for the "actual, necessary costs and expenses of preserving the estate….." 11 U.S.  503 (b).  It is well-established that personal injury claim arising from a post-petition tort committed by the debtor are entitled to administrative expense status.  See, Reading co. v. Brown, 391 U.S. 471, 485 (post-petition fire damages resulting from trustees's negligence were entitled to administrative expense status); In re Piper Aircraft Corp., 169 B.R. 766 (Bankr. S.D. Fla 1994); Matter of Jartran, Inc., 732 F.2d 584, 587 (7th Cir. 1984); Sidle v. United States (In re Airlift), 97 B.R. 664, 668 (Bankr. S.D. Fla 1989).

9.  Applicant's claim arose as a result of the business operations of one or more of the Debtors prior to the Confirmation Order.  As such, applicant's claim is entitled to administrative expense status under 11 U.S.C.  503b) and Applicant seeks entry of an order awarding such status.

**WHEREFORE**, Applicants requests that the court enter an order granting the relief requested and providing such other relief as is appropriate.

       _s/_____
       CHRISTOPHER G. KLEMICK, ESQUIRE
       LAW OFFICES OF KLEMICK AND GAMPEL, P.A.
       1953 S. W. 27th Avenue
       Miami, Florida   33145
       Telephone  :  305-856-4577
       Fbn.:    0745413

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 3rd, 2007 the foregoing Application and Request for Payment of Administrative Claims with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the U.S. Trustee and the following:  James Post, Esquire, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida     32202 Email: Jpost@smithhulsey.com; Mathew Barr, Esquire, Milbank, Tweed, Hadley & McClow, #1 Chase Manhattan Plaza, New York, New York   10005 E-mail: mbarr@milbank.com. And Hard copy Via Mail to James Post and Mathew Barr.

       CHRISTOPHER G. KLEMICK, ESQUIRE
       LAW OFFICES OF KLEMICK AND GAMPEL, P.A.
       1953 S.W. 27TH Avenue
       Miami, Florida    33145
       Telephone :  305-856-4577

       BY: _s/_____
        CHRISTOPHER G. KLEMICK