**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN- DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |

**APPLICATION FOR ALLOWANCE**
**AND PAYMENT OF ADMINISTRATIVE EXPENSE**
**FOR POST-PETITION PERSONAL INJURY CLAIM**

Consuelo Jimenez ("Applicant") moves to Court pursuant to 11 U.S.C. & 503(b)(1) and the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims [Docket No. 12991] for the allowance and payment of a Chapter 11 administrative expense for post petition personal injury claims described below and directing payment of such amount pursuant to the Order Confirming the Join Plan of Reorganization of Winn-Dixie, nad in support of the application states:

**Background**

1.      On February 21, 2005, Winn-Dixie Stores, Inc.(the "Debtor"), together with is affiliates, filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2.      By order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3. Since the Petition Date, Debtors have operated their properties and managed their business as debtors in possession pursuant to Sections 1107 and 1108 of Bankruptcy Code.

### Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28U.S.C. %% 157 and 1334. Venue is proper pursuant to 28 U.S.C. & 157 (b)(2).

### Background

5. Ms. Jimenez, was injured at the Winn-Dixie Store No. 639 located at 8438 N. Armenia Ave., Tampa Florida. As approximate result of the injury, applicant has suffered through damages which, at this point, are not fully liquidated but can and will be supported through medical records and other proof.

### Applicant's Claim is Entitle to Administrative Expense Status

6. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status and its attendant priority for payment, for the "actual, necessary cost and expenses of preserving the estate. . ." 11 U.S.C. &503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. See, Reading co. v. Brown, 391 U.S. 471, 485 ( post-petition fire damages resulting from trustee" negligence were entitle to administrative expense status); In re Piper aircraft Corp., 169 B.R. 766 ( Bankr. S.D.Fla. 1994); Matter of Jartran, Inc., 732 F.2d584, 587(7th Cir. 1984); Siedle v. United States ( In re Airlift), 97 B.R. 664, 668 (Bankr. S.D. Fla. 1989).

7. Here, one of the necessary expenses and risk of operating in the context of a Chapter 11 bankruptcy and therefore preserving the estate is the possibility of slip and fall accident or other personal injury taking place on the premises of an operating business or by vehicles operated by Debtor and involved in the transportation and distribution of company products. Such incidents

caused by the negligence of the Debtor are entitled to treatment as an administrative claim.

8.    Applicant's claim arose as a result of the business operation of one of more of the debtors after the Petition date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. & 503 (b), and Applicants seek entry an order awarding such status.

WHEREFORE, Applicants request that the Court enter and order (i) granting the relief requested herein; and (ii) providing such other relief as is appropriate.

**DARRIGO & DIAZ, P.A.**

/s/ *Nadine S. Diaz*

By_____
     Nadine S. Diaz

Florida Bar Number: 0754889
4504 N. Armenia Ave.
Tampa, FL 33603
Phone: 813-877-5548
Fax No.: 813-877-8829

**Certificate of Service**

I hereby certify on December __, 2006, the foregoing pleading was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
James Post, Esq.
Cynthia C. Jackson, Esq.
Smith Husley & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904)359-7708 ( facsmile)
busey@smithhusley.com

jpost@smithhusley.com
cjackson@smithhusley.com

D.J. Baker
Sally McDonald Henry,
Rosalie Walker Gray S. Ravin
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square, New York, New York 10036