## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et. al. | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

### PETITIONER HITZA DIEUDONNE'S (CLAIM NUMBER A611201726-0001-01) APPLICATION FOR DETERMINATION, ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM ARISING AGAINST THE REORGANIZED DEBTORS ON OR ABOUT FEBRUARY 26, 2006

COMES NOW, PETITIONER HITZA DIEUDONNE, claim number A611201726-0001-01, by and through her undersigned counsel, and files this, her APPLICATION FOR DETERMINATION, ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM ARISING AGAINST THE REORGANIZED DEBTORS ON OR ABOUT FEBRUARY 26, 2006, and in furtherance thereof would state as follows:

1. On or about December 6, 2006, the Petitioner HITZA DIEUDONNE, Claim number A611201726-0001-01, received a copy of the NOTICE OF(A) ENTRY OF ORDER CONFIRMING PLAN OF REORGANIZATION, (B) OCCURRENCE OF EFFECTIVE DATE OF PLAN, AND (C) BAR DATES FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS. This Order directed the filing of Motions/Applications for the allowance, determination and payment of Administrative Claims be filed no later than January 5, 2007 or be forever barred. As a result thereof, Petitioner files this Application. A true and correct copy of same is attached hereto as Composite Exhibit "A".

2. The Petitioner's claim arises out of a personal injury/premises liability claim wherein the Petitioner injured herself when she slipped and fell within one of the Reorganized Debtor's stores located at 11007 N.W. 7th Avenue, Miami, Florida on February 26, 2006.

3. Ms. Dieudonne thereafter retained counsel and a Notice Letter was forwarded to Winn Dixie notifying them of Ms. Dieudonne's intention to seek compensation for the damages she sustained on February 26, 2006. A copy of this letter which is dated June 12, 2006 is attached hereto as Exhibit "B".

4. This claim is now being handled by Sedgwick Claims Management Services, Inc., on behalf of Winn Dixie as evidenced by the recent correspondence received from Sedgwick on November 29, 2006. A copy of this letter is attached hereto as Exhibit "C".

5. As a result of this fall the Petitioner sustained injuries to her cervical spine, lumbar spine and left knee. The specific details relating to these injuries are more fully described in the demand letter and package forwarded to Sedgwick Claims Management Services, Inc., on or about December 29, 2006. A true and correct copy of this demand letter is attached hereto as Exhibit "D".

6. Ms. Dieudonne is seeking compensation for the injuries she sustained in this accident as well as compensation for past and future medical care. Her past medical care totals $9,539.00 to date and remains outstanding and payable to her medical providers. It is also anticipated that future medical care may cost between $2,500.00 and $5,000.00 a year throughout Ms. Dieudonne's life. She is presently thirty-four years of age. The specific details regarding the claims for medical expenses are set out in more detail in the demand letter forwarded to Sedgwick Claims and attached hereto as Exhibit "D".

7. Ms. Dieudonne's fall was reported to Winn-Dixie personnel and it is the position of the Petitioner that her injuries were caused by Winn Dixie's (the Reorganized Debtors') negligence. A determination has not yet been made by Winn Dixie with regards to their position on the liability issues in this case. This is memorialized in the letter of November 29, 2006 prepared by Sedgwick Claims and attached hereto as Exhibit "C".

8. As a result, of the foregoing, Ms. Dieudonne has made a settlement demand of $75,000.00. See Exhibit "C".

9. It is abundantly clear from the information and documentation presented herein and to Sedgwick that Ms. Dieudonne has a meritorious claim and therefore, Petitioner, HITZA DIEDONNE, claim number A611201726-0001-01, should be deemed an "Allowable Claim" in the amount of $75,000.00.

WHEREFORE, Petitioner HITZA DIEUDONNE, Claim number A611201726-001-01 prays that this Honorable Court enter an Order determining that the Petitioner, HITZA DIEUDONNE, Claim number A6112011726-001-01, maintains an Allowed Claim in the amount of $75,000.00 and direct that same be paid upon allowance by the court and finality of the Order determining and directing payment of same, and for such further relief as this Court deems just and appropriate under the circumstances.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed to: James Post, Smith Hulsey & Busey, Attorneys for the Reorganized Debtors, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, on December 29, 2006; Matthew Barr, Milbank, Tweed, Hadley & McCoy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, counsel for the Post-Effective Date Committee on December 29, 2006.

**ROTHSTEIN ROSENFELDT ADLER**
Attorneys for Petitioner
Las Olas City Centre
401 East Las Olas Blvd., Suite 1650
Fort Lauderdale, FL. 33301
Tel: (954) 522-3456; Fax: (954) 527-8663

By: _____
SCOTT A. GOLDSTEIN
FLA. BAR NO. 05409541

H:\Adler\WP51\DIEUDONNE V. WINN DIXIE\dieudonne SAG ltr winn dixie.doc

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et al.,[1]

Reorganized Debtors.

Case No. 05-03817-3F1

Chapter 11

Jointly Administered

RECEIVED
DEC 15 2006
BY:_____

### NOTICE OF (A) ENTRY OF ORDER CONFIRMING PLAN OF REORGANIZATION, (B) OCCURRENCE OF EFFECTIVE DATE OF PLAN, AND (C) BAR DATES FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS

TO:    ALL PARTIES IN INTEREST

**PLEASE TAKE NOTICE THAT:**

1.    On November 9, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") entered its Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order"). Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated August 9, 2006, as modified by the First Modification to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated October 10, 2006 (together, the "Plan"). Copies of the Confirmation Order and the Plan may be obtained by accessing http://www.loganandco.com or http://www.flmb.uscourts.gov.

2.    The conditions to consummation of the Plan set forth in Section 10.2 of the Plan were satisfied (or waived) on November 21, 2006. Thus, in accordance with the terms of the Plan, the Plan became effective on November 21, 2006 (the "Effective Date"). All references in the Plan and the Confirmation Order to the Effective Date are to November 21, 2006.

3.    In accordance with Section 12.1 of the Plan, subject to the provisions of paragraph 4 below, all requests for payment of an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006, (other than as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4, or 12.5 of the Plan) must be made by application filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors and the Post-Effective Date Committee **no later than January 5, 2007**, which is the date forty-five (45) days after the Effective Date. The filing of an application must be made via the Bankruptcy Court's electronic filing procedures (electronic filing is mandatory for all attorney or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202. The service of an application on counsel for the Reorganized Debtors must be made by delivery of a copy upon James Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: jpost@smithhulsey.com; and service of an application on counsel for the Post-Effective Date Committee must be made by delivery of a copy upon Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com. In the event that the Reorganized Debtors object to an application, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. **Subject to the provisions of paragraph 4 below, an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006 that is not asserted in an application filed and served no later than January 5, 2007, shall be forever barred and deemed waived and relinquished in full, and the Reorganized Debtors shall have no obligation to pay such Claim.**

4.    Notwithstanding the provisions of paragraph 3, (a) no application seeking payment of an Administrative Claim or any Claim arising between February 21, 2005 and November 21, 2006 is required with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business; *provided, however,* that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer



---

[1] In addition to Winn-Dixie Stores, Inc., the following entities ... Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Ba... c., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., ... unbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Pres... ndyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie ... upermarkets, Inc.

complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; and (b) no application is required with respect to Cure owing under an executory contract or unexpired lease if the amount of Cure is fixed or proposed to be fixed by order of the Bankruptcy Court pursuant to a motion to assume and fix the amount of Cure filed by the Debtors and a timely objection asserting an increased amount of Cure filed by the non-Debtor party to the subject contract or lease.

      5. In accordance with Section 12.2(a) of the Plan, all final requests for payment of Professional Fee Claims pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Reorganized Debtors, their counsel, counsel to the Creditors Committee or the Post-Effective Date Committee, the fee examiner, and other necessary parties-in-interest **no later than January 22, 2007**, which date is sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. No hearing shall be held on an application for a Professional Fee Claim until the fee examiner has completed and filed a report with respect to the Professional Fee Claim. Objections to such applications must be filed and served on the Reorganized Debtors, their counsel, and the requesting Professional or other entity on or before the date that is thirty (30) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the later of (i) the date on which the applicable application was served or (ii) the date on which the fee examiner's report with respect to the applicable Professional Fee Claim was filed.

Dated: December 6, 2006

| | |
|---|---|
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin | James H. Post, Cynthia C. Jackson, Leanne Prendergast |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| Four Times Square, New York, New York 10036 | 225 Water Street, Suite 1800, Jacksonville, Florida 32202 |
| | |
| Co-Counsel for Reorganized Debtors | Co-Counsel for Reorganized Debtors |

# ROTHSTEIN • ROSENFELDT • ADLER

ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| Las Olas City Centre | Russell S. Adler | Christina M. Kitterman | Matthew S. Sackel |
| 401 East Las Olas Blvd. | Gregory R. Barthelette | Melissa B. Lewis | Heather R. Schwarz |
| Suite 1650 | Jeffrey I. Bernstein†† | Steven N. Lippman | Christopher C. Sharp |
| Fort Lauderdale, FL 33301 | Shawn L. Birken | Arthur C. Neiwirth | Susan H. Stern |
| Phone: 954-522-3456 | Riley W. Cirulnick | Steven H. Osber | Richard B. Storfer |
| Fax: 954-527-8663 | Susan L. Dolin‡ | Kenneth D. Padowitz | Les Stracher |
| Website: www.rra-law.com | Michael A. Feiner | Michael A. Pancier | |
| | Scott A. Goldstein+ | Stuart A. Rosenfeldt† | †Admitted in FL, PA and DC |
| | JanPaul Guzman | Scott W. Rothstein | ‡Admitted in FL and OH |
| | | | ††Admitted in IL and PA |
| Scott A. Goldstein, Esq | | | ‡‡Admitted in FL, MA and NJ |
| Direct Dial: (954) 315-7270 | | | +Admitted in NY and FL |
| sgoldstein@rra-law.com | | | |

June 12, 2006

**SENT CERTIFIED MAIL,
RETURN RECEIPT REQUESTED: 70060810000005655405**

Marlo Adams
Winn-Dixie Risk Management
P.O. Box 24787
Jacksonville, Fl 32241-4787

RE:   Our Client:   Hitza Dieudonne
      Date of Loss: 2/26/2006

To Whom It May Concern:

This firm has been retained to represent the legal interests of Hitza Dieudonne, in connection with an accident, which occurred on the above referenced date. We are writing to put you on notice of a claim against you for damages and injuries our client has sustained as a result of the accident in question. Please forward this letter and the enclosed Disclosure of Insurance Policy Limits form to your insurance carrier upon your receipt. If you were not insured on the date of the incident, please contact this office and advise us of same. If you fail to respond to this letter within fifteen (15) days of its date, we will have no choice but to file a lawsuit against you for the damages and injuries our client has sustained.

Thank you in advance for your prompt attention and cooperation.

Very truly yours,

Scott A. Goldstein, Esq
:jb
w/enclosure

EXHIBIT B

## DISCLOSURE OF INSURANCE POLICY LIMITS
## PURSUANT TO FLORIDA STATUTE 627.4137

TO:  ROTHSTEIN ROSENFELDT ADLER          CLIENT: Hitza Dieudonne
     401 E. Las Olas Blvd                INSURED: Winn-Dixie
     Suite #1650                         D/LOSS: 2/26/2006
     Fort Lauderdale, Florida 33301

THIS IS TO ADVISE YOU THAT ON THE DATE OF **2/26/2006** INSURANCE COVERAGE EXISTED AS FOLLOWS:

1. The name of the insurance company is:
   _____

2. The name of each insured is:
   _____
   _____

3. The name of the insurer is:
   _____

4. The policy number(s) are: _____

5. The limits of liability coverage are:

   a) For personal injury: _____

   b) For property damage: _____

   c) For medical expense: _____

   d) For uninsured motorist: _____

   e) For personal injury protection: _____

   f) For Med Pay Coverage: _____

   g) For excess or umbrella coverage: _____

   h) Are there any policy defenses which are being claimed by the carrier? If so, set forth in detail.

   _____
   _____

A STATEMENT OF ANY POLICY OR COVERAGE DEFENSE WHICH SUCH INSURER REASONABLY BELIEVES IS AVAILABLE TO SUCH INSURER AT THE TIME OF

FILING SUCH STATEMENT AND A COPY OF ALL POLICIES OF INSURANCE WHICH MAY PROVIDE COVERAGE ARE ATTACHED HERETO. The undersigned will amend immediately any statement that is incorrect upon discovery of the correct facts.

Dated this _____ day of _____, 2006.

_____
Insured or His Insurance Agent

Address:_____

_____

Phone:_____

SUBSCRIBED TO AND SWORN BEFORE ME, A NOTARY PUBLIC OF THE STATE OF FLORIDA THIS _____ day of _____, 2005.

_____
NOTARY PUBLIC

My commission expires:

**ROTHSTEIN ROSENFELDT ADLER**
*Attorneys at Law*
401 East Las Olas Blvd, Suite 1650
Ft. Lauderdale, FL 33301

06-13076

**CERTIFIED MAIL**

7006 0810 0000 0565 5405

Marlo Adams
Risk Management
P.O. Box 24787
Jacksonville, Fl 32241-4787



**Sedgwick**

Sedgwick Claims Management Services Inc
P.O. Box 24787, Jacksonville, FL 32241-4787
Telephone: (888)784-3470 Facsimile: (904)419-5365

November 29, 2006

Scott A Goldstein
401 East Las Olas Blvd 1650
Ft Lauderdale, Fl 33301

RE: **Claimant:** Hitza Dieudonne
**Claim Number:** A611201726-0001-01
**Date of Injury:** 02/26/2006
**Location:** Miami, FL 33168
**Winn Dixie:** 0233

Dear Scott A Goldstein:

I am currently the examiner assigned to handle your client's claim. Please provide a status as to Hitza Dieudonne's injury (ies), treatment and medical progress with medical records and bills to date. Winn Dixie would like for me to obtain your client's recorded statement prior to making our final liability decision. If you are agreeable to your client providing a recorded or informal statement, please contact the undersigned to arrange a convenient date and time to secure this. If your client has already provided us with a recorded statement please disregard this request. Should you fail to provide this information, our liability decisions will be based solely upon the limited information available to us from our store investigation.

Sincerely

Felicia Holland
GL Claims Examiner II

EXHIBIT C

RECEIVED DEC 0 4 2006



| Las Olas City Centre, Suite 1650 | 5002 West Waters Avenue | 40 Central Park South | **Rothstein Rosenfeldt Adler** |
| 401 East Las Olas Boulevard | Third Floor | Suite 16-D | *Attorneys at Law* |
| Fort Lauderdale, Florida 33301 | Tampa, Florida 33634 | New York, NY 10019 | |
| Phone: 954-522-3456 | Phone: 813-222-8333 | Phone: 212-593-3349 | |
| Fax: 954-527-8663 | Fax: 813-222-8334 | Fax: 212-593-2101 | |

Reply To: Fort Lauderdale

Scott A. Goldstein, Esquire
Direct Dial: (954) 315-7203
sgoldstein@rra-law.com

December 29, 2006

Ms. Felicia Holland
Sedgwick Claims Management Services, Inc.
P.O. Box 24787
Jacksonville, FL 32241-4787

<u>**VIA CERTIFIED MAIL – RETURN RECEIPT**</u>
<u>**RECEIPT NO.:7006081000005657010**</u>

Re:  Claim Number:   A611201726-0001-01
     Date of Loss  :  February 26, 2006
     Your Insured  :  Winn Dixie 0233, Miami FL 33168
     Our Client    :  Hitza Dieudonne
     Our File No.  :  06-13076

**SETTLEMENT DEMAND**

Dear Ms. Holland:

I am writing this letter on behalf of my client, Ms. Hitza Dieudonne, in an attempt to amicably resolve the above-referenced matter.

Ms. Dieudonne was injured on February 26, 2006, while a business invitee at your insured's premises the Winn Dixie store located at 11007 N.W. 7th Avenue, Miami, Florida. While shopping in the store Ms. Diedonne slipped on a piece of plastic causing her to sustain injuries as more fully described below. This piece of plastic was approximately one inch in width and one foot long. The piece of plastic appears to have been part of a display that ended up on the floor causing my clients accident and injuries. This accident occurred at approximately 12:30 p.m. and appears to have been reported to the store manager James Jones. Ms. Dieudonne has indicated that she was shopping in the water aisle. Emergency medical personnel also treated Ms. Dieudonne at the accident scene and therefore it appears that your insured was aware that this incident did in

---

| Russell S. Adler | Scott A. Goldstein | Kenneth D. Padowitz | Grant J. Smith |
| Shawn L. Birken | Jan Paul Guzman | Michael A. Pancier | Jenessa M. Stearns |
| Harold S. Bofshever | Christina M. Kitterman | Stuart A. Rosenfeldt | Susan H. Stern |
| Robert C. Buschel | Melissa B. Lewis | Scott W. Rothstein | Richard B. Storfer |
| Riley W. Cirulnick | Steven N. Lippman | Matthew S. Sackel | Les Stracher |
| Susan L. Dolin | Arthur C. Neiwi… | …C. Sharp | Brianne M. Strohsahl |
| Michael A. Feiner | Steven H. Osb… | …er | Blondin J. Wright |

EXHIBIT D

*Ms. Felicia Holland*
*December 29, 2006*
*Page -2-*

fact take place. Ms. Dieudonne sustained injuries to her lower back and left knee which we believe was the direct result of your insured's negligence.

Ms. Dieudonne was seen by Wallace Williamson, M.D., on March 3, 2006. Dr. Williamson noted the history as described above and noted initial complaints of injuries to the lower back and left knee. Ms. Dieudonne complained of difficulty with walking, bending and moving her left leg. Upon examination Dr. Williamson noted tenderness to palpation over the medial collateral ligament. Examination of the lumbar spine revealed spasm and tenderness involving the paravertebral muscles, bilaterally, with tenderness over the lumbar interspinal ligaments with pain and restricted range of motion. Dr. Williamson's initial impression consisted of lumbosacral spine strain/sprain with myofascitis and left knee strain/sprain. Physical Therapy was initially prescribed along with pain medication and ant-inflammatory medication. Ms. Dieudonne also developed cervical pain which required physical therapy. Physical Therapy continued through July 2006.

Ms Dieudonne saw Dr. Williamson on July 11, 2006 and a final report was prepared. He noted continued neck pain, low back pain and left knee pain. Dr. Williamson's diagnosis consisted of chronic post traumatic sprain/strain injuries of the cervical and lumbosacral paraspinal soft tissues with attendant myofibrositis and segmental dysfunction; and chronic strain/sprain of the left knee. Dr. Williamson found that Ms. Dieudonne had reached Maximum Medical Improvement (MMI) with 6-7% Permanent Impairment of the body as a whole. Dr. Williamson felt that it was possible that Ms. Dieudonne would need follow-up care at the rate of one to two visits a month with a potential future cost of treatment at $2,500-$5,000 a year.

Ms. Dieudonne continued to have knee pain which resulted in an MRI on August 3, 2006. The MRI revealed small joint effusion and chondromalacia of the patella and a possible partial tear of the ACL. This also resulted in Ms. Dieudonne's need to follow-up with Orthopedic Surgeon, Michael H. Wilensky, M.D. Dr. Wilenshy saw Ms. Dieudonne on September 6, 2006 and noted chief complaints of left knee and back pain from the fall on February 26, 2006. His impression was chronic lumbar sprain/strain and post-traumatic chondromalacia of the patella of the left knee. This resulted in a final impairment rating of 5-7%.

To date Ms. Dieudonne's medical specials are as follows:

| | |
|---|---|
| Dade Injury Rehab Center | $ 7,539.00 |
| Hallandale Open MRI, LLC | $ 1,650.00 |
| Michael Wilensky, M.D. | $ 350.00 |
| **TOTAL:** | **$ 9,539.00** |

I have enclosed a copy of Ms. Dieudonne's medical records and bills for your review. It should also be noted that Ms. Dieudonne does not have medical insurance and these expenses remain outstanding.

On behalf of my client, we hereby make demand upon your insured for $75,000.00 to settle the claim being made by Ms. Dieudonne. We feel that based upon Mr. Dieudonne's damages and pain and suffering incurred to date, and that which she will suffer in the future, that this claim has a jury value in excess of this demand.

This Offer to settle may be accepted only by performing the following by **5:00p.m.** on **January 31, 2007:**

1.  Tendering a settlement draft for $75,000.00 to Rothstein Rosenfeldt Adler, 401 East Las Olas Blvd., Suite 1650, Ft. Lauderdale, Florida 33301. This Settlement draft should be made payable to Rothstein Rosenfeldt Adler Trust Account, Ms. Hitza Dieudonne. Our Federal Tax ID# is 01-0587961.

In light of the clear liability and serious injuries that were sustained by Ms. Dieudonne, we feel that this case has a jury verdict value in excess of the amount demanded. If you need any additional information or have any questions, please feel free to contact me.

Very truly yours,

ROTHSTEIN ROSENFELDT ADLER
Scott A. Goldstein, Esq.
SAG/las
w/enclosures