# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| In re: ) | |
| ) | |
| WINN-DIXIE STORES, et. al, ) | Case No. 05-03817 |
| ) | Chapter 11 |
| Debtors[1] ) | Jointly Administered |
| ) | |

## CSX TRANSPORTATION, INC.'S SECOND REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE

CSX Transportation, Inc. ("CSX"), by counsel, in support of its Second Request for Payment of Administrative Expense (the "Request"), states the following:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. § 1409.

3. The statutory basis for the relief requested is 11 U.S.C. § 503(b) and Federal Rule of Bankruptcy Procedure 9014.

### Background

4. On February 21, 2005, Winn-Dixie Stores, Inc. and numerous of its subsidiaries and affiliates (the "Debtors") filed voluntary chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").

---

[1] The debtors are Winn-Dixie Stores, Inc., Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakeries, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc. and Winn-Dixie Supermarkets, Inc.

5.     On April 19, 2005, the Debtors' bankruptcy cases were transferred from the New York Court to this Court. The Debtors' bankruptcy cases are being jointly administered under Case No. 05-03871 (Jointly Administered).

6.     On November 9, 2006, this Court entered its Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"). The Plan became effective on November 21, 2006 (the "Effective Date"). On December 6, 2006, the Debtors filed their Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before the Effective Date and Other Administrative Claims which notified creditors of the Effective Date and also the January 5, 2006 bar date for filing request for payment of administrative claims that arose during the period between February 21, 2005 and November 21, 2006.

7.     On April 27, 2006, CSX filed its Request for Payment of Administrative Expense for expenses incurred between March 1, 2005 and March 7, 2006. On December 11, 2006, this Court entered its Agreed Order Resolving (I) Claim Number 366 Filed by CSX Corporation, as Set Forth in the Debtors' Eighth Omnibus Claims Objection and (II) Request for Payment of Administrative Expense which, *inter alia*, denied CSX's Request for Payment of Administrative Expense in its entirety based on the fact that the Debtors has paid CSX's invoices comprising its administrative expense claim.

8.     Both pre and postpetition, CSX provided, and continues to provide, rail transportation services to the Debtors pursuant to rail transportation contracts CSXT 520,

CSXT 8100 and NS 76701.  Specifically, postpetition services have been provided to Winn-Dixie Stores, Inc. ("Winn-Dixie").

9. The Debtors have failed to pay CSX for postpetition services provided by CSX during the period February 21, 2005 through November 21, 2006.  The amounts due for these services include the line haul freight, finance, and demurrage charges.  A listing of the unpaid freight and incidental along with a copy of each bill corresponding to postpetition services provided to Winn-Dixie and the amounts due thereunder are attached hereto as <u>Exhibit A</u> (the "Unpaid Invoices").

10. As of the date of this Request, the Debtors have not made any payments towards the satisfaction of the Unpaid Invoices.  The total amount due and owing under the Unpaid Invoices is $21,373.64.

**Relief Requested**

11. Pursuant to 11 U.S.C. § 503(b)(1)(A), claims held by creditors for which the underlying consideration provided was an actual and necessary cost or expense to the debtor to preserve the estate are to be allowed as administrative expenses entitled to priority under 11 U.S.C. § 507(a)(1).  In chapter 11 cases, in order for a claim to obtain administrative expense status, the claim must arise from: (1) a transaction with the debtor-in possession; and (2) the goods or services supplied must have enhanced the debtor-in-possession's ability to operate as a going concern.  *See In re Colortex Indus., Inc.,* 19 F.3d 1371, 1382-1383 (11th Cir. 1994).

12. In the instant case, it is clear that the amounts due to CSX under the Unpaid Invoices constitute an administrative expense entitled to priority.  First, CSX transacted directly with the Debtors as debtors-in-possession.  Following the Debtors'

filing of their Chapter 11 bankruptcy petitions, CSX continued to provide rail transportation services at the Debtors' request and direction. Absent this transport, the Debtors would not have received and inventory and other goods necessary to allow the Debtors to operate as a retail grocery store, and as a result, would have been incapable of delivering or selling its products to its customers. It goes almost without saying that delivering inventory is instrumental to the operation of the Debtors' business. In fact, in detailing the legislative history of this section, the Third Circuit Court of Appeals noted that "such expenses must be paid first to assure the availability of the services needed to administer a liquidation or reorganization case. Absent the priority established under § 503, a debtor in possession could not keep its employees, nor obtain services necessary to its operation as it attempts to reorganize, or wind-down pending ultimate liquidation." *Pennsylvania Dept. of Envtl. Resources v. Tri-State Clinical Labs.*, 178 F.3d 685, 690 (3rd Cir. 1999) (quoting Report of the Commission on the Bankruptcy Laws of the United State, H.R. Doc. 93-137, pt. 1 , at 214 (1973)(internal quotations omitted)). It is difficult to imagine a transaction that would assist a debtor more than transporting inventory to the Debtor from which the Debtor ultimately it derives its profit; thus allowing it to retain its employees and satisfactorily reorganize under chapter 11. Due to the direct interaction with the Debtors following the filing of their bankruptcy petitions and the direct beneficial nature to the Debtors' estate of these transactions, all amounts due under the Unpaid Invoices must be allowed as an administrative expense.

[INTENTIONALLY BLANK]

WHEREFORE, CSX respectfully requests that this Court enter an order substantially in the form attached hereto as <u>Exhibit B</u> allowing its claim for $21,373.64 for amounts due under the Unpaid Invoices as an administrative expense in accordance with 11 U.S.C. § 503(b)(1)(A) and ordering Debtors to pay such claim and granting any other additional relief the Court finds justified under the circumstances.

Dated: Jacksonville, Florida
January 3, 2007

CSX TRANSPORTATION, INC.

/s/ Michael T. Fackler
Michael T. Fackler (Fla. Bar No. 0612421)
John H. Maddock III
Elizabeth L. Gunn
McGuireWoods LLP
Bank of America Tower
50 North Laura Street, Suite 3300
Jacksonville, FL 32202-3661
Tel: (904) 798-2684
Fax: (904) 798-3266
mfackler@mcguirewoods.com

*Counsel for CSX Transportation, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Request for Payment of Administrative Expense was served this 3rd day of January, 2007 (i) by first class mail, postage prepaid, on the parties listed below; and (ii) by e-mail on the parties who receive electronic notice in this case pursuant to the Court's ECF filing system.

>D.J. Baker, Esq.
>Skadden, Arps, Slate, Meagher & Flom, LLP
>Four Times Square
>New York, NY  10036-6522
>
>James Post, Esq.
>Smith Hulsey & Busey
>225 Water Street, Suite 1800
>Jacksonville, Florida  32202
>
>Matthew Barr, Esq.
>Tweed, Hadley & McCloy LLP
>1 Chase Manhattan Plaza
>New York, New York  10005
>
>Office of the United States Trustee
>Attn: Elena L. Escamilla
>135 West Central Blvd.
>Suite 620
>Orlando, FL  32806

> /s/ Elizabeth L. Gunn
>Elizabeth L. Gunn

\4367819.2