**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

IN RE:                                                                    CASE NO.: 3:05-bk-03817-JAF
                                                                                    Chapter 11
WINN-DIXIE STORES, INC.,

    Debtor.
_____/

**APPLICATION AND ALLOWANCE OF ADMINISTRATIVE CLAIM FOR POST-PETITION PERSONAL INJURY CLAIM AND REQUEST FOR NOTICE BY CREDITOR, WILLIAM T. DaROZA**

    Creditor, WILLIAM T. DaROZA, (hereinafter referred to as "Applicant"), by and through the undersigned counsel, and pursuant to 11 U.S.C. Section 503, respectfully requests this Court enter an Order approving this application for payment of administrative expense claim against the Estate, and to authorize payment of this claim, and in support states:

    1.    The Debtors filed for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005.

    2.    On November 9, 2006, this Court entered an Order Confirming the Debtors' Joint Plan of Reorganization.

    3.    The Confirmation Order provides that pursuant to Section 12.1 of the Plan, the deadline for filing all requests for payment of Administrative Claim or any claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006 is forty-five (45) days after the Effective Date to wit: January 5, 2007 (the "Administrative Claims Bar Date").

    4.    On February 26, 2006, the Applicant suffered personal injuries as a result of negligence by the Debtor at Store Number 0245 located in Stuart, FL.

5. The personal injury claim of the Applicant has yet to be liquidated.

6. Thus, pursuant to the Confirmation Order and the Plan of Reorganization, this Application is timely.

7. The Court may award an administrative expense priority under §503(b) for the "actual, necessary costs and expenses of preserving the estate…." 11 U.S.C. §503(b)(1). It is well established that personal injury claims arising form a post-petition tort committed by the Debtors are entitled to administrative expenses status. See *Reading Co. v. Brown*, 391 U.S. 471,485 (post-petition fire damages resulting from the negligence of a receiver were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 (B.R. 766 (Bankr, S.D. Fla 1994).

8. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.

9. The Applicant respectfully requests the Court enter an Order allowing this post-petition administrative expense claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of this post-petition claim, the Applicant requests the Court enter an order requiring the Debtors to pay the allowed administrative claim in full.

10. In accordance with the Confirmation Order and Section 12.1 of the Plan, Applicant has served a copy of this Application on counsel for the Reorganized Debtors c/o James Post, Esquire and the Post-Effective Date Committee c/o Matthew Barr, Esquire.

WHEREFORE, Applicant, WILLIAM T. DaROZA, respectfully requests the Court to enter an Order (1) deeming the administrative claim asserted by the Applicant as a timely assertion of an administrative claim subject to liquidation by either consent of the parties or

a court of competent jurisdiction; (2) requiring the Debtors to pay the administrative expense claim immediately upon the entry of an order allowing the claim; and (3) granting any further relief this Court deems just and proper under the circumstances.

### REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

>Craig I. Kelley, Esquire
>Kelley & Fulton, P.A.
>1665 Palm Beach Lakes Blvd
>The Forum – Suite 1000
>West Palm Beach, FL 33401
>ecf@kelleylawoffice.com
>craig@kelleylawoffice.com

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via electronic mail or regular U. S. Mail to: Debtor, Winn Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254-3699; Debtor's counsel, James Post, Esquire, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202; the Post-Effective Date Committee, Matthew Barr, Esquire, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005; U.S. Trustee, 135 West Central Blvd, Suite 620, Orlando, FL 32806; and the parties on the attached Local Rule 1007-2 Parties In Interest List this 3rd day of January, 2007.

>KELLEY & FULTON, P.A.
>Attorney for William T. DaRoza
>1665 Palm Beach Lakes Blvd.
>The Forum - Suite 1000
>West Palm Beach, Florida 33401
>Telephone No.:  (561) 491-1200
>Facsimile No.:  (561) 684-3773
>
>By:/s/ Craig I. Kelley
>     Craig I. Kelley, Esquire
>     Florida Bar No.: 782203