# BARBARA GARDNER
## 379 Kimzey Road
## Mills River, North Carolina 28759

FILED
JACKSONVILLE, FLORIDA
JAN 0 3 2007
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

December 23, 2006

Susan Baldwin
United States Bankruptcy Court
Jacksonville Division-Middle District of Florida
United States Courthouse
300 North Hogan Street
  Suite 3-350
Jacksonville, FLA 32202

**Re**: Application for Administrative Expense
  Winn-Dixie Stores, Inc.
  Case #: 3-05-BK-3817
  Claimant: Barbara Gardner
  Proof of Claim No. 9392 & 9393

Dear Susan Baldwin:

Pursuant to the phone conversation between you and my son Michael Gardner, please accept this letter along with the attached documents as my Application for Administrative expenses in support of my claim. As a result of a slip and fall, I suffered a fracture to my left wrist requiring surgery and months of therapy. To this day I have limited use of my left hand. I have attached copies of medical records and bills associated with my treatment. Be advised that Winn-Dixie had custody and control of the area where the incident took place; the area was just outside the exit door of the Winn-Dixie in question. More specifically, since Winn-Dixie either expressed or implied an invitation to me in connection with Winn-Dixie's business, I was an invitee while on the premises and/or in the store for economic benefit of Winn-Dixie. As such, I believe Winn-Dixie had an affirmative duty to protect me, not only against dangers of which Winn-Dixie knows, but also against those which with reasonable care Winn-Dixie might discover. Accordingly, Winn-Dixie should compensate me Fifty Thousand ($50,000.) dollars. Since I am 71 years old, I have limited resources and unable to afford legal representation in this matter. That being said, I respectfully request that you accept this letter has my Application for Administrative expenses.

Also be advised that my Health Insurance Carrier will be seeking reimbursement in the event that there is a recovery made by me.

Very truly yours,

*Barbara Gardner*
Barbara Gardner

CC: James Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL. 32202
  Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza,
  New York, New York 10005

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et al.,[1]

Reorganized Debtors.

Case No. 05-03817-3F1

Chapter 11

Jointly Administered

**NOTICE OF (A) ENTRY OF ORDER CONFIRMING PLAN OF REORGANIZATION, (B) OCCURRENCE OF EFFECTIVE DATE OF PLAN, AND (C) BAR DATES FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS**

TO:   ALL PARTIES IN INTEREST

**PLEASE TAKE NOTICE THAT:**

1. On November 9, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") entered its Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order"). Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated August 9, 2006, as modified by the First Modification to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated October 10, 2006 (together, the "Plan"). Copies of the Confirmation Order and the Plan may be obtained by accessing http://www.loganandco.com or http://www.flmb.uscourts.gov.

2. The conditions to consummation of the Plan set forth in Section 10.2 of the Plan were satisfied (or waived) on November 21, 2006. Thus, in accordance with the terms of the Plan, the Plan became effective on November 21, 2006 (the "Effective Date"). All references in the Plan and the Confirmation Order to the Effective Date are to November 21, 2006.

3. In accordance with Section 12.1 of the Plan, subject to the provisions of paragraph 4 below, all requests for payment of an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006, (other than as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4, or 12.5 of the Plan) must be made by application filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors and the Post-Effective Date Committee **no later than January 5, 2007**, which is the date forty-five (45) days after the Effective Date. The filing of an application must be made via the Bankruptcy Court's electronic filing procedures (electronic filing is mandatory for all attorneys) or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202. The service of an application on counsel for the Reorganized Debtors must be made by delivery of a copy upon James Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: jpost@smithhulsey.com; and service of an application on counsel for the Post-Effective Date Committee must be made by delivery of a copy upon Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com. In the event that the Reorganized Debtors object to an application, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. **Subject to the provisions of paragraph 4 below, an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006 that is not asserted in an application filed and served no later than January 5, 2007, shall be forever barred and deemed waived and relinquished in full, and the Reorganized Debtors shall have no obligation to pay such Claim.**

4. Notwithstanding the provisions of paragraph 3, (a) no application seeking payment of an Administrative Claim or any Claim arising between February 21, 2005 and November 21, 2006 is required with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business; *provided, however*, that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Voluminous attachments can be viewed at the Clerks' Office