FILED
JACKSONVILLE, FLOR

JAN 0 3 200.

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORI

Dear Clerk of United States Bankruptcy Court For Middle District of Florida of Jacksonville, Division I pray ask that this action to settle the premises liability claim be filed and added to the Bankruptcy case Winn-Dixie has filed in the civil action, Case-No. 05-038 17-3FL. Clerk of the Court this is pending civil action that an serious injury has occurred. Please feel free to contact at this number 229-300-7973 or writing after recieving this information. Please mail filed copy to address below

this 27 day of Dec. 2006

Brenda 3 [signature]

Brenda West
800 Jone Street
Valdosta, GA 3160,

-1-

Brenda West
Incident date, 06-12-2006
File No. A 6112 205298-0001-01001
Store Location, 0173
800 Jane Street
Valdosta, GA. 31601

Sedgwick Claims Services, Inc.
P.O. Box 24787
Jacksonville, FL.
32241

<u>Complaint for Damages under Georgia Law of Torts and Premises Liability and Notice of Ante Litem and Settlement</u>

Claimant <u>Brenda West</u>, Filed this Claim For the injury recieved, 06-12-2006, at <u>Winn Dixie Store Inc,</u> of <u>Valdosta, GA. Location 0173,</u> under <u>Georgia Law of Torts</u> and <u>Premises Liability.</u>

-2-

Claimant alleges she slipped on a <u>Foreign substance</u> on <u>Winn Dixie store</u> <u>06-12-2006</u> which was <u>soda water</u>. Claimant has suffered serious pain mentally and pyscially from the injury slip and fall. Claimant alleges that the cases, <u>Gunter v. Patterson, 247 Ga. App. 555, 557, 558 (544 S.E. 2d 735) (2001)</u>, <u>Gilbert v. Automotive Purchasing Services, 254 Ga. App. 770, 563 S.E. 2d 906, 2002 Ga. App</u>. An owner or occupier of land is liable to invitees for injuries caused by his failure to exercise ordinary care in keeping his premises and approaches safe. This duty of ordinary care require the owner to protect the invitee from unreasonable risks of harm of which the owner has superior knowledge and to inspect

-3-

the premises to discover possible dangerous conditions of which the Owner does not have actual knowledge. Claimant alleges damages for mental pain and suffering are allowable under Georgia law. Pain and suffering includes mental suffering, but mental suffering is not a legal item of damages unless there has been <u>physical suffering</u> as well. Anxiety, shock, and worry are examples of what might be included under mental pain and suffering, and loss of capacity to work, labor, and enjoy life, and separately from monetary earnings, may be considered as items causing mental suffering. <u>MacDonald v. United States</u>, 900 F.Supp. 423 (M.D. GA. 1995).

Claimant has been suffering from the slip and fall at Winn Dixie store where there was <u>premises liability violation</u> the store employees failed to do their duty to protect <u>invitee</u> from harm and danger. Claimant states that recovery for injury to peace, feeling or happiness includes recovery for wounded feelings and the latter is recognized as an alternate form of punitive damages. <u>Westview Cem. v. Blanchard, 234 Ga. 540, 216 S.E. 2d 776 (1975)</u>. Claimant states in the case, <u>Shepard v. Winn Dixie Stores Inc., 241 Ga. App. 746, 527 S.E. 2d 36 (1999)</u>. Require that owner/occupier make sure that premise is safe for invitees, not to place the invitees in the position of negligence as a matter of law

Claimant states that the Winn Dixie store has failure to follow the rules in the case, *Brown v. Piggly Southern Inc. 210 GA. app. 489, 436 S.E.2d 513, (1993)* regarding inspection procedures at the time of incident for Winn Dixie store has many invitees entering the store eachday the employees had to have constructive knowledge of the foreign substance on the floor. Claimant states that in the case, *Eckerd Walton, Inc. v. adams, 126 GA. app. 210 (190 S.E 2d 490)* Its that the proprietor's liability exercise of ordinary care to keep the premises safe for invitees, includes a duty to anticipate the negligence of others which is usual or likely to happen.

-6-

## Conclusion of Case

Claimant at this time ask and ready to settle this claim without filing any civil action under Georgia law of Torts for the punitive damages for the sum $45,000 to $65,000. The maximum award for punitive damages alone could be $250,000. Claimant ask that punitive damages be awarded under Georgia law Torts, OCGA-51-12-5. Claimant states that Winn Dixie Store and Employees has violated being One-Fault on the part of the defendant, an essential element of any slip and fall cases is that the Owner or Occupier of the Premises negligently create or allow to exist an unsafe hazardous condition Winn Dixie is held liable for injury.

Claimant states that the Standard Fall case against the defendants not the standards of negligence against Winn Dixie Store and Employees for the Foreign substance that caused serious injury under, <u>Sadtler v. Winn Dixie Stores, Inc., 230 GA. App. 731 498 S.E. 2d 101, 1998</u>. The evidence has weighed the cases, <u>McCray v. Bruno Inc., 219 GA. App. 206, 206 464 S.E. 2d 645</u>, <u>Robinson v. Kroger Co., 268. GA. 735, 741 (1) 493. S.E. 2d. 403 (1997)</u>. Claimant states that there strong evidence that the defendants has not did their duty for the injury not to occur. Claimant states that the defendants has not follow the rules in, <u>Kelley v. Piggly Wiggly Southern, 230 GA. App. 307 496 S.E. 2d 732, (1997)</u>.

-8-

Claimant ask that the defendants be held for the negligence and the Foreign substance on the floor under the case, Stenhouse v. Winn Dixies Store Inc., 147 Ga. app. 473, 249 S.E. 2d 276 (1978). It's the store to keep on safe and unhazard place. Claimant see that under case, McCoy v. West Building Material and Company, 232 Ga. app. 620, 621, 502 S.E. 2d 559 (1998). The True ground of liability in a slip and fall action remain the owner/occupier's superior knowledge of the hazard, not claimant. Winn Dixie Store employees had to have actual knowledge of the foreign substance on the floor that caused the serious injury. Review case, Lattoday v. Winn Dixie Atlanta Inc, 235 Ga. app. 832, S.E. 2d 597, 1999.

Claimant state that the case, <u>Sadtler v. Winn Dixie Stores, INC. 230 Ga. app 731, 498 S.E. 2d 101 1998</u>, that she cannot be helded liable for the injury and the Foreign substance on the floor claimant at this time will accept other agreements to settle this matter with in the next 10 to 14 working days with out Filing civil action. Claimant ask that all legal documents and evidence be review and contact claimant in writing or Telephone call. Claimant no longer is Represented by attorney Claimant is Pro-Se Claimant at this time and willingly to settle this claim.

This 27 day of Dec 2006.

Brenda West
Brenda West
700 Jane Street

80 -

## CERTIFICATE OF SERVICE

I Brenda West have served on certify copy, Complaint for Damages under Georgia Law of Torts and Premises Liability and Notice of Ante Litem and Settlement for Civil Action in this claim against Winn-Dixie Store of Valdosta, Ga. 31601 Served upon the Clerk of United State Bankruptcy Court for Middle District of Florida for Jacksonville, Division 300 North Hogan St, Suite 3-350, Jacksonville, Florida 32202.

This 27 day of Dec. 2006. Brenda West

229-300-7473
Brenda West
800 Jane street
Valdosta, Ga. 31601

LAW OFFICES
# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
BEAU BOWIN
DAVID D. BURNS
STEPHEN D. BUSEY
CHARMAINE T. M. CHIU
ERIC W. ENSMINGER
J. RICE FERRELLE, JR.
EARL E. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
CHARLES H. KELLER
G. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
E. OWEN McCULLER, JR.
ERIC N. McKAY
MATTHEW P. McLAUCHLIN
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND M. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY RUSSELL
ELIZABETH M. SCHULE
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
LEE D. WEDEKIND, III
HARRY M. WILSON, III
ALLAN E. WULBERN

LLOYD SMITH
(1915-1987)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

December 19, 2006

Ms. Brenda West
800 Jane Street
Valdosta, Georgia 31601

Re: In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1, Chapter 11, Jointly Administered

Dear Ms. West:

We acknowledge receipt of your letter and attachments regarding your claim against Winn-Dixie Stores, Inc.

Please be advised that your letter and attachments do not constitute a legally sufficient motion for administrative expense claim. Pursuant to Paragraph 3 of the Notice of Bar Date for Filing Administrative Claims (Docket No. 12991), an appropriate "Motion for Administrative Expense Claim" must be electronically filed with the Bankruptcy Court prior to January 5, 2006.

We suggest that you consult bankruptcy counsel if you would like advice or assistance in preparing and filing an appropriate motion for administrative expense claim.

Very truly yours,

James H. Post

JHP/tlc/552774.6



UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et al.,[1]

Reorganized Debtors.

Case No. 05-03817-3F1

Chapter 11

Jointly Administered

## NOTICE OF (A) ENTRY OF ORDER CONFIRMING PLAN OF REORGANIZATION, (B) OCCURRENCE OF EFFECTIVE DATE OF PLAN, AND (C) BAR DATES FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS

**TO:   ALL PARTIES IN INTEREST**

**PLEASE TAKE NOTICE THAT:**

1. On November 9, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") entered its Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order"). Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated August 9, 2006, as modified by the First Modification to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated October 10, 2006 (together, the "Plan"). Copies of the Confirmation Order and the Plan may be obtained by accessing http://www.loganandco.com or http://www.flmb.uscourts.gov.

2. The conditions to consummation of the Plan set forth in Section 10.2 of the Plan were satisfied (or waived) on November 21, 2006. Thus, in accordance with the terms of the Plan, the Plan became effective on November 21, 2006 (the "Effective Date"). All references in the Plan and the Confirmation Order to the Effective Date are to November 21, 2006.

3. In accordance with Section 12.1 of the Plan, subject to the provisions of paragraph 4 below, all requests for payment of an Administrative Claim **or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006**, (other than as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4, or 12.5 of the Plan) must be made by application filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors and the Post-Effective Date Committee **no later than January 5, 2007**, which is the date forty-five (45) days after the Effective Date. The filing of an application must be made via the Bankruptcy Court's electronic filing procedures (electronic filing is mandatory for all attorneys) or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202. The service of an application on counsel for the Reorganized Debtors must be made by delivery of a copy upon James Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: jpost@smithhulsey.com; and service of an application on counsel for the Post-Effective Date Committee must be made by delivery of a copy upon Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com. In the event that the Reorganized Debtors object to an application, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. **Subject to the provisions of paragraph 4 below, an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006 that is not asserted in an application filed and served no later than January 5, 2007, shall be forever barred and deemed waived and relinquished in full, and the Reorganized Debtors shall have no obligation to pay such Claim.**

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

4. Notwithstanding the provisions of paragraph 3, (a) no application seeking payment of an Administrative Claim or any Claim arising between February 21, 2005 and November 21, 2006 is required with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business; *provided, however*, that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; and (b) no application is required with respect to Cure owing under an executory contract or unexpired lease if the amount of Cure is fixed or proposed to be fixed by order of the Bankruptcy Court pursuant to a motion to assume and fix the amount of Cure filed by the Debtors and a timely objection asserting an increased amount of Cure filed by the non-Debtor party to the subject contract or lease.

5. In accordance with Section 12.2(a) of the Plan, all final requests for payment of Professional Fee Claims pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Reorganized Debtors, their counsel, counsel to the Creditors Committee or the Post-Effective Date Committee, the fee examiner, and other necessary parties-in-interest **no later than January 22, 2007**, which date is sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. No hearing shall be held on an application for a Professional Fee Claim until the fee examiner has completed and filed a report with respect to the Professional Fee Claim. Objections to such applications must be filed and served on the Reorganized Debtors, their counsel, and the requesting Professional or other entity on or before the date that is thirty (30) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the later of (i) the date on which the applicable application was served or (ii) the date on which the fee examiner's report with respect to the applicable Professional Fee Claim was filed.

Dated: December 6, 2006

| | |
|---|---|
| D. J. Baker<br>Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>Four Times Square, New York, New York 10036<br><br>Co-Counsel for Reorganized Debtors | Stephen D. Busey<br>James H. Post, Cynthia C. Jackson, Leanne Prendergast<br>SMITH HULSEY & BUSEY<br>225 Water Street, Suite 1800, Jacksonville, Florida 32202<br><br>Co-Counsel for Reorganized Debtors |

**IF YOU HAVE QUESTIONS CONCERNING THIS NOTICE, PLEASE CONTACT:**

**TANA COPELAND
LEGAL ASSISTANT
SMITH HULSEY & BUSEY
PHONE: 904-359-7850
EMAIL: tcopeland@smithhulsey.com**

WDX-537464-EF-BA

ID Number: A611205298-0001-01

WEST, BRENDA
800 E JANE ST
229-293-0281
VALDOSTA GA 31601