**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.          Case No.        05-03817(3FI)

Reorganized Debtors.                             Chapter 11

                                                             Jointly Administered

_____

**APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE**
**STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE**
Jamie B. Taylor

      Comes Now Jamie B. Taylor ("Applicant"), through the undersigned attorney, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C.§ 503(b).  Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed.  In support of this Application, Applicant states as follows:

JURISDICTION AND VENUE

      1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334.  Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

FACTUAL BACKGROUND

      2.     Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3.     After the Petition Date and on or about June 27, 2006, Applicant was injured at the Winn-Dixie Sto9re No. 0578 located in Mobile County, Alabama.  As a proximate result of the injury, Applicant has suffered severe damages totaling at least $100,000.00, which damages Applicant can support through medical records and other proof.[1]

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4.     Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate.  11 U.S.C. §503(b).  It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status.  *See, Reading Co. v. Brown,* 391 W.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5.     In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order.  As such, Applicant's $100,000.00 claim is entitled to administrative expense status under 11 U.S.C. §503(b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

---

[1] Applicant's damages may not be fully liquidated at this time.

Case 3:05-bk-03817-JAF   Doc 13990   Filed 01/03/07   Page 3 of 4

Arthur T. Powell, III, Esq.
ARTHUR T. POWELL, P.C.
920 Dauphin Street
Post Office Box 40456
Mobile, Alabama 36640-0456

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully Submitted,

/s/Arthur T. Powell, III
ARTHUR T. POWELL, III
(POWEA5539)
ATTORNEY FOR PLAINTIFF,
JAMIE B. TAYLOR
P.O. BOX 40456
MOBILE, ALABAMA  36640-0456
(251) 433-8310
(251)438-4693 - facsimile
E-mail spectrt@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2007, I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE through the CMIECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Organized Debtors, Smith, Husley & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; Matthews Barr, Esq., Counsel for the Post-Effective Date Committee, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, New York 10005 and all other parties participating in the CM/ECF System, all served electronically.

/s/Arthur T. Powell, III