F I L E D
JACKSONVILLE, FLORIDA

JAN 0 3 2007

CLERK, U. S. BANKRUPTCY COURT

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No.: 05-03817-3F1 |
| WINN DIXIE STORES, INC., et al. | Chapter 11 |
| Debtors._____/ | Jointly Administered |

### POST-PETITION CREDITOR, DORIS FORLAW'S, APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM

Creditor, DORIS FORLAW, pro se, (hereafter called "Applicant") and pursuant to 11 U.S.C. §503(b), files this Application for Allowance and Payment of Administrative Expense Priority Claim (hereafter called "Application"), and in support states:

1. On February 21, 2005 the Debtors filed their Chapter 11 Bankruptcy Petitions in the Southern District of New York, which were transferred to this Court, where they are being jointly administered.

2. This Court has jurisdiction to hear this Application pursuant to 28 U.S.C. §157 and §1334. It is a core proceeding pursuant to §1408 and §1409. Venue is proper pursuant to §157(b)(2).

3. No trustee has been appointed. The Debtors are operating their properties and managing their businesses as debtors-in-possession pursuant to 11 U.S.C. §1107 and §1108.

4. On November 9, 2006 the Court entered its Confirmation Order, and the Chapter 11 Plan became effective on November 21, 2006.

5. Section 12.1 of the Plan requires that all requests for payment of administrative claims arising against the Debtors in the period between February 21, 2005 and November 21, 2006 be made by application.

Case No.: 05-03817-3F1
Page 2

6. The Applicant has a claim which arose in that period, specifically on September 30, 2005. Her Application for that claim is timely, being filed before January 5, 2007.

7. On that date, while a patron/invitee at Winn Dixie Store #230 at 2420 North Federal Highway, Fort Lauderdale, Florida 33311, the Applicant suffered an injury due to the Debtors' negligence which necessitated knee surgery, and for which she is still receiving treatment. Pursuant to Section 768, Florida Statutes, and otherwise the Applicant has a personal injury claim against the Debtors.

8. In sum, the Applicant's claim arose as a result of the Debtors' business operations after the bankruptcy filing but before the Confirmation Order. One of the necessary expenses of the Debtors' operating their business is the risk of personal injury to patrons/invitees. Hence it is an expense which is necessary to preserve the bankruptcy estate.

9. An administrative expense priority may be awarded for the "actual, necessary costs and expenses of preserving the estate..." pursuant to 11 U.S.C. §503(b)(1).

10. Personal injury claims arising from post-petition torts by the Debtors are entitled to administrative expense status pursuant to 11 U.S.C. §503(b). See Reading Co. v. Brown, 391 U.S. 471 (1968), Alabama Surface Mining v. N.P. Mining, 963 F.2d 1449 (11th Cir. 1992), Piper Aircraft v. Calabro 169 B.R. 766 (SD. Fla. 1994), Seidle v. United States, 97 B.R. 664 (SD. Fla. 1989), and Matter of Jartran, 732 F. 2d 584 (7th Cir. 1984).

11. The Applicant's damages have not been liquidated, however it is estimated that her damages total at least $1,000,000.00. The claim is currently pending through the Debtors' third party administrator, Sedgwick Claims Management Services.

WHEREFORE the Applicant, DORIS FORLAW, requests that the Court enter an Order:

(A) Granting her Application and awarding her the relief requested;

Case No.: 05-03817-3F1
Page 3

(B) Allowing the Applicant an administrative expense priority in the amount of her personal injury damages, and authorizing payment thereon; and

(C) Such other relief as the Court deems necessary.

WHEREFORE the Applicant, DORIS FORLAW, hereby files her Petition pro se with the assistance of an attorney.

DATED this 29th day of December 2006.

Respectfully Submitted,

*Doris Forlaw*
Doris Forlaw
2829 N.E. 30th Street, Unit 102
Fort Lauderdale, FL 33306
954-565-0180

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered via U.S. Mail on the 29th day of December, 2006 to:

Clerk of Bankruptcy Court
United States Courthouse
300 North Hogan Street, Suite 3-350
Jacksonville, FL 32202

James H. Post, Esq.
Smith, Hulsey & Busey
225 Water Street, Ste. 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, Hadley & McCloy
1 Chase Manhattan Plaza
New York, NY 10005

Winn Dixie Stores
5050 Edgewood Court
Jacksonville, FL 32254

D. J. Baker, Esq.
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, NY 10036

John MacDonald, Esq.
Akerman, Senterfilt & Edison
50 North Laura Street, Ste. 2500
Jacksonville, FL 32202

Elena Escamilla, Esq.
Office of U.S. Trustee
135 West Central Blvd., Room 620
Orlando, FL 32801

Karol Denniston, Esq.
Paul, Hastings, Janofsky & Waler
600 Peachtree Street, Ste. 2400
Atlanta, GA 30308

David Jennis, Esq.
Jennis & Bowen, P.L.
400 N. Ashley Drive, Ste. 2540
Tampa, FL 33602