UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,                    Case No.:  3-05-bk-03817 (JAF)

                        Debtors.                            Chapter 11

_____/        Jointly Administered

## APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE

COMES NOW the Applicant, MELODY BAKER-WATT, by and through her undersigned attorney, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b).  Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (hereinafter the "Confirmation Order") and the provisions of the Plan as confirmed.  In support of this Application, Applicant states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is appropriate pursuant to 28 U.S.C. § 157(b)(2).

## FACTUAL BACKGROUND

2.      WINN-DIXIE STORES, INC., et al. (hereinafter "Debtors") filed its voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (hereinafter  "Petition Date").

3.      After the Petition Date and on or about November 6, 2005, MELODY BAKER-WATT, Applicant, was injured at the Winn-Dixie store located at: 5015 Gulfport Boulevard, Gulfport, Pinellas County, Florida 33707.  As a direct and proximate result of the injury, Applicant suffered severe damages totaling at least Ninety Thousand and 00/100 Dollars ($90,000.00), which damages Applicant can support through medical records and other proof.

<u>APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS</u>

4.      Section 503(b) of the Code provides for the allowance of administrative expense status, and its attendant priority of payment, for the "actual, necessary costs and expenses of preserving the estate."  11 U.S.C. § 503(b).  It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status.  <u>In re: Piper Aircraft Corp.</u>, 169 B.R. 766 (Bankr. S.D. Fla. 1994) (In the context of tort claims, administrative priority is available when the debtor-in-possession's actions give rise to liability).

5.      In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date.  As such, Applicant's Ninety Thousand and 00/100 Dollars ($90,000.00) claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

<u>REQUEST FOR FUTURE NOTICE</u>

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

Frank D. Butler, Esq.
Law Offices of Frank D. Butler, P.A.
10550 US HWY 19 North
Pinellas Park, FL 33782

WHEREFORE, based upon the foregoing, Applicant respectfully requests that this Honorable Court enter an order granting the relief requested herein and such other relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was forwarded via U.S. Mail to the following: **James H. Post Esq.**, Counsel for the Reorganized Debtors, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, this 3rd day of January, 2007.

Frank D. Butler P.A.

/s/Frank D. Butler
Frank D. Butler, Esquire
10550 U.S. Highway 19 N.
Pinellas Park, FL 33782
Phone; 727 399-2222
Fax; 727 399-2202
FBN:  940585; SBN: 1392310
Attorney for Claimant