24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 634-479                                          DIVISION "          "

TINA TOMMASEO

VERSUS

BROTHERS PETROLEUM, L.L.C., MERAUX FOOD STORES, INC., ALEX CHEVRON, INC., WINN DIXIE MONTGOMERY, INC., BOGUE CHITTO CANOEING AND TUBING CENTER, INC.

FILED: _____        _____
                                        DEPUTY CLERK

**PETITION FOR DAMAGES
AND FOR WRONGFUL DEATH AND SURVIVAL**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Tina Tommaseo, a person of the full age of majority and a displaced resident of the Parish of St. Bernard, currently residing in the State of South Carolina, who, with respect, shows the Court as follows:

I.

That made Defendants herein are: Brothers Petroleum, L.L.C., a domestic limited liability company, authorized to do and doing business in the State of Louisiana and domiciled in the Parish of Jefferson; Meraux Food Store, Inc., a domestic company, authorized to do and doing business in the State of Louisiana and domiciled in the Parish of St. Bernard; Alex Chevron, Inc., a domestic company, authorized to do and doing business in the State of Louisiana and domiciled in the Parish of St. Bernard; Winn Dixie Montgomery, Inc., a foreign company, authorized to do and doing business in the State of Louisiana with its designated principal place of business in the Parish of Jefferson; and Bogue Chitto Canoeing and Tubing Center, Inc., a domestic company, authorized to do and doing business in the State of Louisiana and domiciled in the Parish of Washington. That Defendants are liable to Plaintiff jointly and/or in solido for the following:

II.

That Brothers Petroleum, L.L.C. (herinafter referred to as "Brothers") owned and operated Brothers Food Mart #110 located at 8900 Patricia Street, City of Chalmette, State of Louisiana on August 20 and 21, 2005.

III.

That Meraux Food Store, Inc. (hereinafter referred to as "Meraux") owned and operated Meraux Food Store & Sporting Goods located at 3124 East Judge Perez Drive, City of Chalmette,

State of Louisiana on August 20 and 21, 2005.

IV.

That Alex Chevron, Inc. (hereinafter referred to as "Chevron") owned and operated the Alex Chevron gas station and food store located at 7415 West Judge Perez Drive, City of Arabi, State of Louisiana on August 20 and 21, 2005.

V.

That Winn Dixie Montgomery, Inc. (hereinafter referred to as "Winn Dixie") owned and operated the Winn Dixie grocery store located at 3300 Parish Road, City of Chalmette, State of Louisiana on August 20 and 21, 2005.

VI.

That Bogue Chitto Canoeing and Tubing Center, Inc. (hereinafter referred to as "Bogue") owned and operated the Bogue Chitto Canoeing and Tubing Center located at 10237 Choctaw River Road, City of Bogalusa, State of Louisiana on August 21, 2005.

VII.

That venue is proper in accordance to Articles 42 and 73 of the Louisiana Code of Civil Procedure.

IX.

That on or about August 21, 2005, the minor child, Brian Lafontaine, was operating a 1998 Honda Accord vehicle, with the permission and consent of its owner, Tommy Tommaseo, traveling in an easterly direction on Louisiana Highway 16 in the Parish of St. Tammany, State of Louisiana.

X.

At all pertinent times, plaintiff's minor child, Charie Billiot, was a guest passenger in the vehicle being operated by Brian Lafontaine.

XI.

That at approximately the same time, and at the same location as referenced above, in the Parish of St. Tammany, the minor child, Brian Lafontaine, lost control of the vehicle that he was operating, left the highway, struck some trees, and crashed into a ditch.

XII.

That Brian Lafontaine was intoxicated at the time of the accident, and his intoxication contributed to the accident.

XIII.

That plaintiff's minor children, Brian Lafontaine, Charie Billiot, and Chrissie Billiot were part of a group of 30 to 40 high school students from the Parish of St. Bernard, who participated in a tubing trip on the Bogue Chitto River on August 21, 2005.

XIV.

That defendants, Brothers, Chevron, and Winn Dixie all sold alcohol to minors who participated in the tubing trip. This alcohol, which was deposited into numerous, commonly accessible ice chests, formed a community of alcohol from which many of the participants, including Brian Lafontaine, partook over the course of the tubing trip.

XV.

On information and belief, that on the evening of August 20, 2005, Brothers sold alcohol to a minor named, Jared Henninger, who participated in the tubing trip. The alcohol that was purchased formed part of the community of alcohol from which Brian Lafontaine became intoxicated.

XVI.

On information and belief, that on the evening of August 20, 2005, Winn Dixie also sold alcohol to Jared Henninger. The alcohol that was purchased formed part of the community of alcohol from which Brian Lafontaine became intoxicated.

XVII.

On information and belief, that on the evening of August 20, 2005, Meraux sold alcohol to the minors, James Perez and Ronald Lemoine, both of whom participated in the tubing trip. The alcohol that was purchased formed part of the community of alcohol from which Brian Lafontaine became intoxicated.

XVIII.

On information and belief, that on the evening of August 20, 2005, Chevron sold alcohol to the minors, James Perez and Justin Hartman, both of whom participated in the tubing trip. The alcohol that was purchased formed part of the community of alcohol from which Brian Lafontaine became intoxicated.

XIX.

On information and belief, that on the morning of August 21, 2005, Chevron sold alcohol to the minor, James Perez. The alcohol that was purchased formed part of the community of alcohol from which Brian Lafontaine became intoxicated.

XX.

On information and belief, that on the morning of August 21, 2005, Meraux sold alcohol to the minor, James Perez. The alcohol that was purchased formed part of the community of alcohol from which Brian Lafontaine became intoxicated.

XXI.

On information and belief, that on the morning of August 21, 2005, Winn Dixie sold alcohol to a minor named "Candance." The alcohol that was purchased formed part of the community of alcohol from which Brian Lafontaine became intoxicated.

XXII.

That the Winn Dixie grocery store on Parish Road, City of Chalmette, State of Louisiana, was designated a meeting place for the large group of high school students, and they met early in the morning on August 21, 2005. The group left the Winn Dixie and met again at the Bogue Chitto Canoeing and Tubing Center.

XXIII.

That the group of high school students paid in advance for the tubing trip, then waited for a bus, which was to take the minors and their belongings up the Bogue Chitto River. The children would then float back on inner tubes to the location where they started.

XXIV.

On information and belief, that there was approximately a half hour wait for the bus, during which time, several of the minors consumed alcohol freely in the parking lot and in front of employees of Bogue.

XXV.

On information and belief, that some of the children did "beer bongs," drinking beer rapidly through a funnel with a long tube attached. The Bogue employees were present and observed the minors funneling beer.

XXVI.

On information and belief, that one of the minors funneling beer was Brian Lafontaine.

XXVII.

On information and belief, that when the bus arrived, these same employees helped the children load the bus with their belongings, including several ice chest filled with alcohol. The employees even checked the contents of the ice chests to make sure there were no glass bottles.

Case 3:05-bk-03817-JAF   Doc 14006-2   Filed 01/03/07   Page 8 of 16

XXVIII.

On information and belief, that although the Bogue employees observed the minors drinking recklessly and carrying ice chests full of alcohol onto private property and onto the bus, they did nothing to stop these activities.

XXIV.

On information and belief, that the woman behind the counter and another gentlemen, who identified themselves as the owners of Bogue, informed some members of the group that the Louisiana State Police had been setting up road blocks on the other side of the Bogue Chitto River to check for intoxicated motorists, and that the roadblocks could be avoided, when the children left, by going around and using Highway 16.

XXX.

On information and belief, that after the bus ride and for the next several hours, the group of high school students from St. Bernard Parish floated down the Bogue Chitto River, many of them consuming alcohol.

XXXI.

On information and belief, that the children were freely drinking from each other's ice chests, including Brian Lafontaine.

XXXII.

That when the children arrived back at the tubing center, Brian Lafontaine left the tubing center with his passengers.

XXXIII.

On information and belief, that as suggested by the owners of the tubing center, Brian Lafontaine headed east on Highway 16.

XXXIV.

That the accident occurred within a few miles of the tubing center.

XXXV.

That the aforesaid accident, was caused by the fault and/or negligence of the defendants, Brothers Petroleum, L.L.C., Meraux Food Store, Inc., Alex Chevron, Inc. and Winn Dixie Montgomery, Inc. by the following acts:

    a.    By selling alcohol to minors in violation of LSA-R.S. 14:93.11 and 9:2800.1; and

    b.    All other acts of fault and or negligence will may be shown at the trial of this matter.

XXXVI.

That the aforesaid accident, was caused by the fault and/or negligence of the defendant, Bogue Chitto Canoeing and Tubing Center, Inc., by the following acts:

a. By observing minors consuming alcohol on private property;

b. By observing minors with excessive amounts of alcohol and failing to confiscate it;

c. By observing minors with excessive amounts of alcohol and failing to report it to law enforcement officials;

d. By instructing minors on how to avoid law enforcement roadblocks; and

e. All other acts of fault and or negligence will may be shown at the trial of this matter.

XXXVII.

Subsequent to the accident, Brian Lafontaine was carried by ambulance to the Lakeview Hospital where the physicians attempted to treat him medically for his injuries.

XXXVIII.

Subsequent to the accident, Charie Billiot was carried by ambulance to the LSU Medical Center in Bogulasa where the physicians pronounced her dead.

XXXIV.

As a result of Charie Billoit and Brian Lafontaine's untimely death, and particularly under the circumstances thereof, the natural mother of the children, plaintiff, Tina Tommaseo, suffered extreme grief, mental anguish and distress; and as a result of the childrens' deaths, plaintiff, Tina Tommaseo sustained an irreparable loss in being deprived of their companionship, support, love and affection.

XL.

Plaintiff, Tina Tommaseo, shows that as a result of the aforesaid accident and resulting deaths of Charie Billoit and Brian Lafontaine, she has sustained the following damages:

a. Grief, mental anguish, and stress from the loss of her children;

b. Loss of consortium, services and society;

c. Loss of support;

d. Funeral expenses, including but not limited to any expenses associated with the burial of Charie Billoit and Brian Lafontaine incurred either prior to or subsequent to the actual burial of the children;

e. Hospital expenses;

f. Medical expenses;

g.  All damages, including but not limited to, damages for injuries, medical expenses and funeral expenses incurred as a result of the injuries sustained by and the deaths of Charie Billoit and Brian Lafontaine, pursuant to LSA-C.C. Arts. 2315.1 and 2315.2; and

h.  Any and all damages as are reasonable in the premises.

XLI.

Plaintiff shows that sole custody of her minor child, Brian Lafontaine, was awarded to the father of the child, Byron Lafontaine, although she exercised reasonable visitation of the child.

**WHEREFORE,** your plaintiff, Tina Tommaseo, prays that Defendants, Brothers Petroleum, L.L.C., Meraux Food Stores, Inc., Alex Chevron, Inc., Winn Dixie Montgomery, Inc., Bogue Chitto Canoeing and Tubing Center, Inc., be served with a certified copy of this petition, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff, Tina Tommaseo, and against Defendants, Brothers Petroleum, L.L.C., Meraux Food Stores, Inc., Alex Chevron, Inc., Winn Dixie Montgomery, Inc., Bogue Chitto Canoeing and Tubing Center, Inc., jointly and/or in solido, for such general and special damages as are reasonable in the premises, said judgment to bear legal interest from the date of judicial demand until paid, for all costs of these proceedings, and for all legal and equitable relief this Honorable Court shall deem appropriate.

RESPECTFULLY SUBMITTED,

MORRIS BART, P.L.C.
909 POYDRAS STREET, 20TH FLOOR
NEW ORLEANS, LA 70112
(504) 525-8000

BY: _____
CRAIG A. GENTRY NO. 23751

**PLEASE SERVE:**

Brothers Petroleum, L.L.C.
through its registered agent for service of process:
Imad Faiez Hamdan
829 Legion Drive
Gretna, Louisiana 70056

Meraux Food Stores, Inc.
through its registered agent for service of process:
Joel Rapp
3124 E. Judge Perez Drive
Meraux, Louisiana 70075

Alex Chevron, Inc.
through its registered agent for service of process:
Trang T. Nguyen or Qui T. Do
201 Bayou Road
Poydras, Louisiana 70085

Winn Dixie Montgomery, Inc.
through its registered agent for service of process:
Corporation Service Company
320 Somerulos St.
Baton Rouge, Louisiana 70802

Bogue Chitto Canoeing and Tubing Center, Inc.
through its registered agent for service of process:
Janice S. Lambert
15094 Highway 1075
Bogalusa, Louisiana 70427