UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                              CASE NO.:  3:05-bk-03817-JAF

                                    CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

            Debtors.    Jointly Administered

_____

REQUEST OF RONDA BERGERON FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Ronda Bergeron ("Applicant"), by and through her
undersigned counsel, requests that the Court enter an Order
for the allowance and payment of her administrative expense
claim pursuant to Bankruptcy Code § 503(b) and states as
follows:

1.   The Debtors filed voluntary petitions under
chapter 11 of the Bankruptcy Code on February 21, 2005 (the
"Petition Date").

2.   After the Petition Date and on or about May 25,
2006, Applicant was injured when she slipped and fell in
the Winn-Dixie store located on Hospital Road in New Roads,
Louisiana as a proximate result of the negligence of the
Debtors in not keeping the floors reasonably safe.
Applicant sustained injury to her back and both knees.  As
a result of the injury, Applicant has suffered estimated
damages of approximately $200,000.00 based on both the

special (medical bills, lost wages, etc.) and general (pain & suffering) damages that will accrue while Applicant undergoes treatment, which damages Applicant will be able to support through medical records and other proof. Applicant's damages may not be fully liquidated at this time.

3. Bankruptcy Code § 503(b) provides for the allowance of administrative expense status for the "actual, necessary costs and expenses of preserving the estate. . ." 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. See Reading Co. v. Brown, 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); In re Piper Aircraft Corp., 169 B.R. 766 (Bankr. S.D. Fla. 1994).

4. Applicant's claim arose as a result of the business operations of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

5. Applicant reserves the right to amend, supplement or modify this request as deemed necessary.

WHEREFORE, Applicant requests that the Court enter an order (i) granting the relief requested herein; and (ii) providing such other relief as it deems just and proper.

DATED this 4 day of January, 2007.

HELD & ISRAEL

By: _____

Kimberly Held Israel, Esquire
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile
afrisch@hilawfirm.com

and

William C. Shockey, Esquire
LA Bar #10888
J. Danielle Munro, Esquire
LA Bar # 23876
Shockey & Associates
10114 Jefferson Highway
Baton Rouge, LA  70809
(225) 291-7500 Telephone
(225) 291-7501 Facsimile

3