UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC.,
et al.,

Reorganized Debtors            Case Number: 05-03817-3F1
                               Chapter 11
                               Jointly Administered

_____/

### APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE FOR POST-PETITION PERSONAL INJURY CLAIM

The Applicant Karen Pickles, on behalf of minor Jessica Pickles, through the undersigned counsel, moves the Court, pursuant to 11 U.S.C. §503, and the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims, for the allowance and payment of Chapter 11 administrative expense for post-petition personal injury claims described below and directing payment of such amount pursuant to the Order Confirming the Joint Plan of Reorganization of Winn-Dixie, and in support of the application states:

### Jurisdiction and Venue

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334. Venue is proper pursuant to 28 U.S.C. §157(b)(2).

### Background

2.    On February 21, 2005, Winn-Dixie Stores, Inc. (the "Debtor"), together with its affiliates, filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

3. After the Petition Date, the Applicant Karen Pickles' minor child, Jessica Pickles, was injured when the Debtor provided the wrong prescription medicine to her. This incident occurred on October 24, 2006, at Winn-Dixie Store Number 28, in Madison, Florida.

4. As a proximate result of the negligence of the Debtor and its employees, the minor child was hospitalized and suffered damages that have not been fully liquidated.

### Applicant's Claim

5. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. §503(b). Personal injury claims arising from the post-petition tort committed by the Debtor are entitled to administrative expense status.

6. Here, the Debtor was operating its business to obtain revenues from prescription drug sales in the context of a Chapter 11 bankruptcy and therefore earning revenues necessary to preserve the estate.

7. The Applicant's claim arose as a result of the business operations of the Debtor after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. §503, and Applicant seeks entry of an order awarding such status.

WHEREFORE, Applicant requests that the Court enter an order granting the relief requested herein and providing such other relief as is appropriate.

        Respectfully submitted,

          /s/ James J. Dean
        JAMES J. DEAN
        Florida Bar No.: 0832121
        **MESSER, CAPARELLO & SELF, P.A.**
        P. O. Box 15579 (32317)
        2618 Centennial Place
        Tallahassee, FL 32308
        Telephone: (850) 222-0720
        Facsimile: (850) 224-4359

        Counsel for Applicant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic filing to James Post, Esq., Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 and to Matthew Barr, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 this 4th day of January, 2007.

          /s/ James J. Dean
        JAMES J. DEAN