**UNITED STATES BANKRUPTCY COURT**

**MIDDLE DISTRICT OF FLORIDA**

**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | * | **CASE NO. 05-03817-3F1** |
| | * | |
| **WINN-DIXIE STORES, INC., ET AL.** | * | **CHAPTER 11** |
| | * | |
| **Debtors** | * | **JOINTLY ADMINISTERED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR A POST-PETITION PERSONAL INJURY CLAIMANT

NOW INTO COURT, through undersigned counsel, comes and appears Applicant, LISA HENDERSON, who, pursuant to 11 U.S.C. § 503 and the Court's December 6, 2006, Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims, files this Application for Allowance of an Administrative Claim for a Post-Petition Personal Injury Claimant, subject to liquidation by either consent of the parties or a court of competent jurisdiction and in support thereof states as follows, to-wit:

1.

On February 21, 2005 (the "Petition Date"), WINN-DIXIE STORES, INC., et al., (the "Debtors") filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. By Order dated April 13, 2005, venue of the Debtors' bankruptcy case was transferred to this Court.

2.

The Debtors are operating their properties and managing their business as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3.

On May 5, 2006, LISA HENDERSON was at all times a customer and/or invitee of the Winn-Dixie supermarket located at 3803 Moss Street in Lafayette, Louisiana. As she was grocery shopping near the dairy section, a unnamed, male Winn-Dixie employee, was exiting the stock room with a cart stacked with boxes of merchandise, and as he turned the cart behind Ms. Henderson, a box from the cart fell on her, and the point of the box struck her on the neck/upper back and knocked her over. She was able to catch her fall before collapsing on the floor. The injury was reported and documented. It is asserted that the Debtor is responsible for the accident and injury and damages. Ms. Henderson treated conservatively from May 10, 2006, until August 24, 2006, and medical expenses totaled $1,176.60. A claim is currently pending through Debtor's third-party administrator, Sedgwick Claims Management Services, Inc., Claim No. A611203970-0001-01. Demand has been made for $10,000.00.

4.

The Court has entered Orders setting out certain procedures to resolve personal injury claims.

5.

On or about December 6, 2006, Ms. Henderson received a Notice of Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims. In said notice, Ms. Henderson was directed to submit her application for post-petition personal injury claim by no later than January 5, 2007.

6.

The personal injury claim of Ms. Henderson is not yet liquidated.

**7.**

Damages arising from a post-petition tort committed by a Debtor are entitled to administrative expense status. See *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984); *Seidle v. United States*, (In Re: Airlift), 97 B.R. 664, 668 (Bankr. S.D. Fla. 1989).

**8.**

The Court may award an administrative expense priority under Section 503(B) for the "actual, necessary costs and expenses of preserving the estate ...", 11 U.S.C. Section 503(B)(1).

WHEREFORE, Applicant, LISA HENDERSON, respectfully requests that this Honorable Court enter an Order allowing her post-petition administrative claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of her post-petition claim, LISA HENDERSON requests that this Court enter an Order requiring the Debtors to pay the allowed administrative claim in full, as a condition of confirmation of their Chapter 11 Plan.

AND FOR ALL OTHER JUST AND EQUITABLE RELIEF.

December 20, 2006

Respectfully submitted:

**THE GOODE LAW FIRM, A P.L.C.**
812 Johnston Street
Post Office Drawer 3366
Lafayette, Louisiana 70502-3366
Telephone: (337) 234-0600

BY: _/s/ Michael A. O'Brien_
MICHAEL S. O'BRIEN (LA Bar #10139)
Counsel for Movant, Lisa Henderson

## UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF FLORIDA

## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 05-03817-3F1 |
| | * | |
| WINN-DIXIE STORES, INC., ET AL. | * | CHAPTER 11 |
| | * | |
| Debtors | * | JOINTLY ADMINISTERED |

*******************************************************************

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _20_ day of _Dec._, 2006, I have served a copy of the foregoing Application of Lisa Henderson for Allowance of an Administrative Claim for a Post-Petition Personal Injury Claimant on counsel for the Reorganized Debtors and Post-Effective Date Committee herein and the U.S. Trustee by forwarding same via facsimile and United States Mail, postage prepaid and properly addressed, as follows:

James Post
Post, Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
Fax: (904) 359-7708

Matthew Barr
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, New York 10005
Fax: (212) 822-5194

Elena L. Escamilla, U.S. Trustee
135 West Central Boulevard, Suite 620
Orlando, Florida 32801
Fax: (407) 648-6323

_____
MICHAEL S. O'BRIEN