## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**In re:**

**WINN DIXIE STORES, INC., et al.,**           Cause No: 3-05-bk-3817(JAF)

      **Debtors:**                                           Chapter 11

_____/           Jointly Administered

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
### Betty Curry

**COMES NOW BETTY CURRY** ("Applicant"), through the undersigned attorney, and seeks administrative expense status for the Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order confirming the joint Plan of reorganization of Winn-Dixie Stores, Inc., and Affiliated Debtors ( the" Confirmation Order" ) and the provisions of the Plan as confirmed. In support of this application, Applicant states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157 (b)(2).

### FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc., et al. ("the Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition date").

3. After the Petition Date or on about August 4, 2005 Applicant was injured at the Winn-Dixie located at 2339 Highway 15 North, Laurel, Second Judicial District, Jones County, Mississippi. As a proximate result of the injury, Applicant has suffered severe damages totaling in excess of $100,000.00, which damages Applicant can support through medical records and other proof.

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the state.....". 11 U.S.C. § 503(b). It is well established that personal injury claims arising from a post-petition tort committed by the debtors are entitled to administrative expenses status. See, Reading Co. V. Brown, 391 U.S. 471, 485( post-petition fire damages resulting from trustee's negligence were entitled administrative expense status); In re: Piper Aircraft Corp., 169 B. R. 766 ( Bankr. S.D. Fla. 1994)

5. In this instance, Applicant's claim arose as a result of the business operations of one or more or the debtors after the Petition Date but prior to Confirmation Order. As such, Applicant's claim in excess of $100,000.00 is entitled to administrative expense status under 11 U.S.C. § 503(b), and applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant's request that ll future pleadings and notices regarding or affecting Applicant's claim be served upon:

Honorable Thomas L. Tullos
Attorney at Law
Post Office Drawer 567
Bay Springs, MS 39422

**WHEREFORE**, based upon the foregoing, Applicant requests that the Court enter an Order granting the relief requested herein and such other relief as it deems just and proper.

>Respectfully Submitted,
**BETTY CURRY**


>s/Thomas L. Tullos
**BY: THOMAS L. TULLOS**
**Her Attorney**


s/Thomas L. Tullos
THOMAS L. TULLOS
Attorney at Law
Post Office Drawer 567
Bay Springs, MS 39422
State Bar No. 8304
Phone: (601) 764-4258
Fax: (601)764-4126

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2007, I filed the *Application for Allowance of Administrative Expense Status for Post-Petition Claim and Request for Notice* through the CM/EFC filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganization Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., Counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

>s/Thomas L. Tullos
Thomas L. Tullos
Attorney at Law