UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re                                                                                    Chapter 11

WINN-DIXIE STORES, INC.,
et al.,                                                                                   Case No. 05-03817-3F1

      Debtors                                                    Jointly Administered

## APPLICATION OF DOROTHY C. SIMS FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR POST-PETITION PERSONAL INJURY CLAIMANT

COMES NOW, Dorothy C. Sims ("Applicant"), through the undersigned attorney, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

3. The Court confirmed Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

### APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. On or about October 27, 2006, a time between the Petition Date and the Effective Date, the Applicant was injured at a Winn-Dixie store, in Hueytown, Alabama, as a result of Winn-Dixie's negligence. The injury took place when the Defendant failed to remove the packing bands off of boxes after stocking shelves from the floor of the premises, thereby failing to maintain a reasonably safe establishment for customers to travel thereon. As a proximate result of the negligence, Applicant suffered damages. Applicant can support these damages through medical reports and other proof.

5. The Applicant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

6. The Applicant's personal injury claim has not yet been liquidated.

7. Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to the file administrative expenses claims.

8. The Court may award an administrative expense priority under §503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate..." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor are entitled to administrative expense status. *See, Reading Co. v. Brown*, 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bank S.D. Fla. 1994).

9. Pursuant to 11 U.S.C. § 503(b)(1), the Applicant respectfully requests the court enter an Order allowing the post-petition claim as an administrative claim in the amount of $74,500.00. Upon Liquidation of the Applicant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Applicant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

## REQUESTS FOR FUTURE NOTIFICATION

10. The Applicant requests that all future pleadings and notices regarding or relating to this Applicant's Application or claim be served upon:

Champ Lyons, III
Lyons, Kittrell, Rowan and Horn, LLC
1130 22nd Street South, Suite 4500
Birmingham, AL 35205
Alabama Bar No.: ASB-0355-Y80C

WHEREFORE, the Applicant respectfully requests the Court enter an Order approving the Application and granting and administrative expense priority claim in the amount of $74,500.00 and grant such other further relief the Court deems just, proper and equitable.

                                             Champ Lyons, III

Of Counsel:

**LYONS, KITTRELL, ROWAN AND HORN, LLC**
1130 22nd Street South, Suite 4500
Birmingham, AL 35205
(205) 877-8700 - ph
(205) 877-7330 - fax

## CERTIFICATE OF SERVICE

This is to certify that on this the 4th day of January, 2007, a copy of the foregoing document has been served upon counsel for all parties to this proceeding by the following method:

      X       mailing the same by first-class United States mail, properly addressed and postage pre-paid

               via facsimile

               hand delivery

| | |
|---|---|
| Matthew Barr | James Post |
| Milbank Tweed Hadley & McCoy LLP | Smith Hulsey & Busey |
| 1 Chase Manhattan Plaza | 225 Water Street, Suite 1800 |
| New York, NY 10005 | Jacksonville, FL 32202 |

                                             Of Counsel