J:\Firm\LIT\MOTION\jamarco.admin.wpd

# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| WINN DIXIE STORES, INC., et al., ) | |
| ) | Case No. 05-03817-3F1 |
| Debtors. ) | |
| _____) | |

## REQUEST OF TALLAHASSEE 99-FL, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Creditor TALLAHASSEE 99-FL, LLC, ("Tallahassee 99") by its undersigned attorneys, respectfully requests that the Court enter an Order for the allowance and payment of its administrative expense claim pursuant to 11 U.S.C. 365(d)(3) and/or 503(b), and, in support thereof, states as follows:

1.  The Debtors herein filed their petitions pursuant to Chapter 11 of the Bankruptcy Code on or about February 21, 2005.

2.  Tallahassee 99 was and is the owner of certain real property known and described as 2910 Kerry Forest Parkway, Tallahassee, Florida (the "Premises").

3.  On or about August 26, 1999, Tallahassee 99 and Debtor Winn Dixie Stores, Inc. ("Winn Dixie") entered into a written lease (the "Lease") pursuant to which Winn Dixie agreed to occupy the Premises, and pay certain sums of rent and additional rent to Tallahassee 99 as consideration for such occupancy.

4. The Lease required Winn Dixie was obligated to pay real estate taxes and common area maintenance ("CAM") charges.

5. The term of the Lease commenced on August 26, 1999 and was to expire on August 31, 2019.

6. After Winn Dixie filed its petition herein, it remained in possession of the Premises, until it rejected the Lease effective as of September 30, 2006.

7. After filing its petition herein, Winn Dixie failed to pay certain of the real estate taxes and CAM charges.

8. As of that date, Winn Dixie owed a total of $179,989.88 of additional rent to Tallahassee 99, comprised of the following:

   a. $114,982.16 of real estate taxes for the period between February 21, 2005 through September 30, 2006; and

   b. $65,007.72 of CAM charges for the period between February 21, 2005 through September 30, 2006.

9. The real estate taxes and CAM charges were and are expenses necessary to preserve Winn Dixie's estate in the post-petition, pre-rejection period. Therefore, they are administrative expenses pursuant to 11 U.S.C. 503(b).

10. Additionally, since the Lease was for non-residential real property, Winn Dixie was obligated to perform the terms of the Lease until it was rejected, in accordance with 11 U.S.C. 365(d).

Therefore, the real estate taxes and CAM charges remained obligations of Winn Dixie that are payable as administrative expenses as well.

11. At some point after February 21, 2005 but before Winn Dixie's rejection of the Lease as of September 30, 2006, Winn Dixie sold certain equipment from the Premises. Included in the equipment that was sold were several refrigeration units and a generator that the Lease expressly reserved as Tallahassee 99's property.

12. Winn Dixie's sale of the refrigeration equipment and generator constitutes claim for conversion, which, as a post-petition tort, is deemed an allowable administrative expense. See Reading Co. v. Brown, 391 U.S. 471; In re: Piper Aircraft Corp., 169 B.R. 766 (Bkrtcy S.D. Fla. 1994).

13. The value of the converted refrigeration equipment and generator is at least $1 million. Therefore, Tallahassee 99 is entitled to the allowance and payment of that amount as an administrative expense as well.

WHEREFORE, Tallahassee 99 respectfully requests the Court to: (a) allow the payment of its administrative expense claim; (b) direct Winn Dixie to pay the administrative expense claim within ten days of the entry of the order; and (c) grant such other, further and different relief as the Court deems just, equitable and proper.

Dated:   January 4, 2007

**KLEIN & SOLOMON, LLP**

By: /s/ Jeffrey M. Rosenberg
    Jeffrey M. Rosenberg
    Solomon J. Jaskiel
    Attorneys for Tallahassee 99-FL, LLC
    275 Madison Avenue, 11th Floor
    New York, New York 10016
    Tel: (212) 661-9400
    Fax: (212) 661-6606
    E-mail: jeff@kleinsolomon.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2007 I filed the within **REQUEST OF TALLAHASSEE 99-FL, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM** through the CM/ECF filing system, which will cause a copy to be served upon James H. Post, Esq., counsel for the reorganized debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the office of the U.S. Trustee and all other parties participating in the CM/ECF system, all served electronically.

    /s/ Jeffrey M. Rosenberg
    Jeffrey M. Rosenberg