UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION



In re:

WINN- DIXIE STORES INCORPORATED., et al          Case No. 05-03817-3F1

    Debtors.                                                                    Chapter 11- Jointly Administered
_____/

APPLICATION of ANGELA MACDONALD as Parent and Natural Guardian of JANE DOE, a Minor, FOR ALLOWANCE and PAYMENT OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM ( 20th Judicial State Circuit Court Case # 06-CA-005967)

Claimant Angela Macdonald ( the "Claimant"), by and through the undersigned counsel, files this application for allowance and payment of an administrative expense priority claim and in support thereof says as follows:

1. On February 21, 2005, the Debtors commenced this bankruptcy case by filing a petition for relief under Chapter 11 of the United States Bankruptcy Code and the Debtors subsequently operated their businesses as debtors- in- possession.

2. On or about July 4, 2005, the minor plaintiff JANE DOE was assaulted by an employee of Winn Dixie Stores Inc. at a grocery store operated, managed and controlled by the Debtors, their agents and employees. The Winn Dixie Store was located at 18011 South Tamiami Trail in Lee County, Fort Myers, Florida. As a result of the assault, Angela Macdonald as mother and natural guardian of her daughter claims damages in tort for negligent operation and supervision of the Winn Dixie store and its employee as well as negligent security, negligent hiring and retention. The tort claim was assigned to Sedgwick Claims Management Services Inc. which designated the claim number as A511214488-0001-01.

3. Claimant through counsel made a settlement demand to the debtors through Sedgwick for a

settlement amount ( $100,000.00- one hundred thousand dollars). In response, Sedgwick offered a structured settlement with a present money value of approximately $25,000.00 on August 28, 2006. Claimant countered with a demand for $79,000.00 in full and final settlement. At this point the claims examiners from Sedgwick stopped negotiating, stopped all correspondence and did not return phone calls left on their system.

4. Correspondence to the Debtors through Sedgwick dated Oct. 18, 2006 and Nov. 9, 2006 went unanswered. Thereafter, claimant filed a state court tort action styled Angela Macdonald as mother and natural guardian of Jane Doe, a minor v. Winn-Dixie Supermarkets, Inc., a Florida Corporation, Case # 06- CA-005967, now pending in the Circuit Court for the 20th Judicial Circuit of Florida. No answer or motion to stay has been filed in that lawsuit.

5. Thereafter, claimant received ( as did the undersigned) a notice from this Court confirming the Plan of Reorganization as of Nov. 9, 2006, the same date as claimant's counsel's last fax correspondence to Sedgwick. The bar date as is set forth in the Notice is apparently applicable to the state court tort action filed as against the Debtors. At all times, claimant through counsel acted in good faith to secure adequate compensation for her 4 year old daughter and herself while Sedgwick failed to offer any explanation for its actions after its initial offer of a structure to the mother and child.

6. The claims of a creditor who sustains injuries as the result of the negligence of a debtor -in-possession or trustee should be afforded administrative expense priority status under Section 503 (b)(1) of the United states Bankruptcy Code. Both caselaw and paragraph # 3 of this Court's NOTICE dated December 6, 2006 support payment of the claims asserted here.

7. Consistent with the prior settlement negotiations with Debtors through their claims manager, Claimant seeks to have allowed and paid the claim amount of $79,000.00 ( seventy-nine-

thousand dollars) in present money value.

Wherefore, Angela Macdonald respectfully requests this Honorable court to allow and order an administrative expense priority claim in the amount of $79,000.00 and grant other relief as may be allowed in equity and good conscience.

Respectfully submitted,

/s/ Jay Calvert Cooper
Jay Calvert Cooper
Fla Bar No. 599832
1404 Dean Street # 201
Fort Myers Fl. 33901
PH: (239) 931-9995
Fax (239) 931-9997
Email: jcalpa@yahoo.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by US Mail, postage prepaid as well as by fax and e mail on the 31st of December, 2006 on the following as directed in the Court's Notice: James Post, Smith, Hulsey and Busey, 225 Water Street, Suite 1800, Jacksonville, Fl. 32202, fax # 904-359-7708, Email jpost@smithhulsey.com and Matthew Barr, Milbank, Tweed, Hadley and McCloy LLP, 1 Chase Manhatten Plaza, New York, New York 10005, Fax # (212)-822-5194, Email mbarr@milbank.com with a hard copy to the Clerk of the Court pending receipt of an ECF filing password.

/s/ Jay Calvert Cooper
Jay Calvert Cooper
Fla. Bar No. 599832
1404 Dean Street # 201
Ft. Myers Fl. 33901
PH: (239) 931-9995
Fax (239) 931-9997
Email: jcalpa@yahoo.com