UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flsb.uscourts.gov

IN RE:

WINN-DIXIE STORES, INC., *et al.*,

      Debtors.

CHAPTER 11

Case No.: 05-03817-3F1

(Jointly Administered)

_____/

## APPLICATION OF TAMARA RODRIGUEZ FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO SECTION 503(b) OF THE BANKRUPTCY CODE

Tamara Rodriguez (*"Rodriguez"*), by and through her undersigned counsel, hereby moves this Court pursuant to section 503(b) of title 11 of the United States Code (the *"Bankruptcy Code"*) to enter an order approving this application for payment of Rodriguez's postpetition personal injury claim (the *"Rodriguez Claim"*) against Winn-Dixie Stores, Inc. and Affiliated Debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the *"Debtors"*), and authorizing payment of the Rodriguez Claim (the *"Application"*). In support of the Application, Rodriguez respectfully states as follows:

### I.   JURISDICTION

1.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.   BACKGROUND

2.   On February 21, 2005 (the *"Commencement Date"*), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York. The Debtors' cases were

transferred to the United States Bankruptcy Court for the Middle District of Florida (the *"Bankruptcy Court"*) on or about April 13, 2005. The Debtors' cases are being jointly administered for procedural purposes only.

3. On November 9, 2006, the Bankruptcy Court entered its Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the *"Confirmation Order"*).

4. The Confirmation Order provides that, in accordance with section 12.1 of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated August 9, 2006, as modified by the First Modification to the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (together, the *"Plan"*), the deadline for filing all non-professional administrative claims against the Debtors is January 5, 2007 (the *"Administrative Expense Bar Date"*).

5. After the Commencement Date, on October 5, 2005, Rodriguez suffered personal injuries as a result of the negligence of the Debtors at the Winn-Dixie Stores, Inc. located at 1630 West 49th Street, Hialeah, Florida in Miami-Dade County, Florida. The Rodriguez Claim is estimated to be valued in excess of $25,000.00, but has not yet been liquidated.

### III. RELIEF REQUESTED

6. By this Application, Rodriguez respectfully requests that the Bankruptcy Court enter an order approving this Application for payment of the Rodriguez Claim and authorizing payment of the Rodriguez Claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code, subject to liquidation either by consent of the parties or an adjudication by a court of competent jurisdiction.

7. Section 503(b)(1)(A) of the Bankruptcy Code provides, in relevant part:

(b) After notice and a hearing, there shall be allowed administrative expenses, . . . including--

(1) (A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case[.]

11 U.S.C. § 503(b)(1)(A). It is well-settled that damages arising from a postpetition tort committed by a debtor may be given administrative expense status. *See Reading Co. v. Brown*, 391 U.S. 471, 485 (1968) (granting administrative expense status to a postpetition tort claimant); *see also Piper Aircraft Corp. v. Calabro* (*In re Piper Aircraft Corp.*), 169 B.R. 766, 776 (Bankr. S.D. Fla. 1994). The Rodriguez Claim is a postpetition personal injury claim that arose due to the negligence of the Debtors. Accordingly, the Rodriguez Claim is entitled to administrative expense status.

WHEREFORE, Rodriguez respectfully requests that the Bankruptcy Court enter an order: (i) deeming the Rodriguez Claim to be a timely filed administrative expense claim that is subject to liquidation either by consent of the parties or an adjudication by a court of competent jurisdiction (preferably where all the witnesses are, in Miami-Dade County): (ii) requiring the Debtors to pay the Rodriguez Claim immediately upon the entry of an order allowing the Rodriguez Claim, and (iii) granting such other and further relief as is just, fair, and equitable.

ASSOULINE & BERLOWE, P.A.
213 E. Sheridan Street, Suite 3, Dania Beach, Florida 33004 • Telephone: (954) 929-1899 • Facsimile: (954) 922-6662

Dated: January 2, 2007                          Respectfully submitted,

                                                **ASSOULINE & BERLOWE, P.A.**
                                                213 E. Sheridan Street, Suite 3
                                                Dania Beach, Florida 33021
                                                Telephone: (954) 929-1899
                                                Facsimile: (954) 922-6662

                                                By: _____
                                                Eric N. Assouline (FBN 106143)
                                                ena@assoulineberlowe.com

                                                *Counsel for Tamara Rodriguez*

*Of Counsel:*
Robert Behar, Esq.
Law Offices of Robert Behar, P.A.
7171 Coral Way, Suite 303
Miami, FL 33155

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Application of Tamara Rodriguez for Allowance of Administrative Expense Claim Pursuant to Section 503(b) of the Bankruptcy Code* was served via U.S. Mail on this **2nd** day of January, 2007 to the parties listed below:

| | |
|---|---|
| **James H. Post, Esq.**<br>Smith, Hulsey & Busey<br>Counsel for Reorganized Debtors<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202 | **Matthew Barr, Esq.**<br>Milbank, Tweed, Hadley & McCoy, LLP<br>Counsel for Post-Effective Date Committee<br>1 Chase Manhattan Plaza<br>New York, NY 10005 |
| **John B. MacDonald, Esq.**<br>Akerman Senterfitt<br>Co-Counsel for the Post-Effective<br>Date Committee<br>50 N. Laura Street, Ste 2500<br>Jacksonville, FL 32202 | **Elena L. Escamilla, Esq.**<br>U.S. Trustee<br>135 W. Central Blvd., Ste 620<br>Orlando, FL 32801 |
| **Clerk of the Court**<br>United States Courthouse<br>300 North Hogan Street, Suite 3-350<br>Jacksonville, FL 32202 | |

                                                By: _____
                                                Eric N. Assouline