UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,                    Case No. 3:05-bk-03817-JAF

   Debtor.                                  Chapter 11 – Jointly Administered

_____/

### APPLICATION OF CATHY WEBB FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), CATHY WEBB ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1.   On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2.   The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3.   Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4.   The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5.   The Movant's personal injury claim has not yet been liquidated. The Movant estimates the claim against the Debtor to be at least **$125,000.00**.

6.   Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7.   The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ···." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.      Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.      The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

>   Cathy Webb
>   c/o Joseph A. Porcelli, Esq.
>   Law Offices of Joseph A. Porcelli, P.A.
>   4644 Glissdale Drive
>   New Port Richey, FL 34652

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

>   /s/DENNIS J. LEVINE, ESQ.
>   DENNIS J. LEVINE, ESQ.
>   Fla. Bar No. 375993
>   DENNIS LeVINE & ASSOCIATES, P.A.
>   P.O. Box 707
>   Tampa, FL 33601-0707
>   (813) 253-0777
>   (813) 253-0975 (fax)
>   Attorneys for Cathy Webb
>   c/o Joseph A. Porcelli, Esq.

---

[1] *See, e.g., Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift ),* 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this ___4th___ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

# Law Offices of Joseph A. Porcelli, P.A.

| 4644 Glissade Drive | 36235 US 19 N | 550 North Reo Street |
|---|---|---|
| New Port Richey, FL 34652 | Palm Harbor, FL 34684 | Suite 300 |
| Tele: 727-843-9223 | Tele: 727-786-5335 | Tampa, FL 33609 |
| Fax: 727-843-9445 | Fax: 727-786-5665 | Tele: 813-261-2758 |
| (Please Respond Here) | | E-Mail: LawyerFLA@aol.com |

Sent via Regular U.S. Mail

December 29, 2006

Dennis LeVine & Associates, P.A.
103 South Boulevard
Tampa, FL 33606-0777

    Re:    Cathy Webb v. Winn Dixie / Application for Administrative Expense
           DOA: November 5, 2006

Dear Mr. LeVine:

1. **NAME OF CLAIMANT:** Cathy Webb

2. **SHORT NARRATIVE DESCRIBING DATE OF INCIDENT, STORE ADDRESS and FACTS RELATED TO INCIDENT:** On November 5, 2006, Cathy Webb was walking through the fruit / vegetables section of Winn Dixie located at 955 South Pinellas Avenue in Tarpon Springs, Florida when she slipped in a puddle of water, landing on her right shoulder and right hip. She was transported to Helen Ellis Hospital via ambulance and was released with a sprained shoulder. She continues to undergo medical care and has undergone an MRI of her right shoulder, which is positive of a complete tear of the supraspinatus tendon.

3. **AMOUNT OF DAMAGE:** $125,000

4. **NAME AND ADDRESS OF PERSON DESIGNATED TO RECEIVE NOTICES IN THE EVENT DEBTORS FILE AN OBJECTION:**
Law Offices of Joseph A. Porcelli
4644 Glissade Drive
New Port Richey, FL 34652
E-Mail: lawyerfla@aol.com
Tel: 727-843-9223
Fax: 727-786-5665

Please do not hesitate to contact me at our New Port Richey office at 727-843-9223, Ext. 306, or via facsimile at 727-786-5665 or via e-mail at lawyerfla@aol.com.

Sincerely,

*Joseph A. Porcelli*
Joseph A. Porcelli, Esq.

EXHIBIT __A__