UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,                Case No. 3:05-bk-03817-JAF

　　　　Debtor.                          Chapter 11 – Jointly Administered

_____/

### APPLICATION OF MIGNORA CARDOSO FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

　　　　COMES NOW the Movant(s), Mignora Cardoso ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

　　　　1.　　On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

　　　　2.　　The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

　　　　3.　　Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

　　　　4.　　The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

　　　　5.　　The Movant's personal injury claim has not yet been liquidated.

　　　　6.　　Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

　　　　7.　　The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8. Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9. The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

> Mignora Cardoso
> c/o Norman Funt, Esq.
> Stabinski & Funt, P.A.
> 757 NW 27th Avenue, 3rd Floor
> Miami, FL  33125

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

> /s/DENNIS J. LEVINE, ESQ.
> DENNIS J. LEVINE, ESQ.
> Fla. Bar No. 375993
> DENNIS LeVINE & ASSOCIATES, P.A.
> P.O. Box 707
> Tampa, FL 33601-0707
> (813) 253-0777
> (813) 253-0975 (fax)
> Attorneys for Mignora Cardoso
> c/o Norman Funt, Esq.
> Stabinski & Funt, P.A.

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this __4th__ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

# STABINSKI & FUNT, P.A.
## ATTORNEYS AT LAW

| Miami-Dade Office | Broward Office | www.stabinski-funt.com |
|---|---|---|
| 757 NW 27th Ave., 3rd Floor<br>Miami, FL 33125<br>Tel: 305-643-3100<br>Fax: 305-643-1382 | 2860 State Road 84<br>Building 1, Suite 103<br>Ft. Lauderdale, FL 33312<br>Tel: 954-583-4432 | |

Reply to Miami-Dade Office
or to nfunt@stabinski-funt.com

November 28, 2006

Stephanie Phillips
Sedgwick Claim
P.O. Box 24787
Jacksonville, Fl 32241-4787

Re: Mignora Cardoso
D/A: 10-6-05
Claim No: A511212754 0001 01 008
Your Insured: Winn Dixie Store

Dear Ms. Phillips:

On October 6, 2005, my client Mignora Cardoso, was an invitee in Winnn-Dixie Store # 0235. She slipped and fell on squashed produce on the floor. On October 12, 2005, within six (6) days of the accident I requested that Winn-Dixie preserve security videos of the area and provide me with a copy of my client's statement. Winn Dixie, per the U.S. Postal Service Return Receipt, received my request on October 14, 2005. Do you have the video? I still want a copy of any statement given by my client. My client advises a Winn Dixie employee took photographs, but after the floor in the area of the accident was swept.

The medical reports and bills are self-explanatory. My client, as a result of Winn Dixie's negligence, sustained a fracture to her patella and has been left with deformity to her knee. Her substantial lost wages and loss of earning capacity claims are well documented with the enclosed records. Per her Board Certified Orthopedic, she is a high risk candidate for degenerative arthritis in the knee and surgery. Presently she has a 10% to 15% permanent impairment of the knee that will worsen over time.

Due to the negligence of Winn Dixie and the serious nature of the injuries resulting in significant disability, impairment, medical expense, lost wages, loss of earning capacity, loss of enjoyment of life, pain and suffering, and mental anguish over a life expectancy of more than 25 years, I am hereby demanding $195,987.00 in settlement of this claim.

If you have a reasonable response to this demand, please provide same within 20 days.

Very truly yours,

STABINSKI & FUNT, P.A.

By: _____
NORMAN FUNT, ESQ.
Of Counsel

NF/lr
enc:

EXHIBIT A