UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC.,           Case No. 3:05-bk-03817-JAF

    Debtor.                          Chapter 11 – Jointly Administered

_____/

## APPLICATION OF SIDONIA ABDULGHANI FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), SIDONIA ABDULGHANI ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1. On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2. The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3. Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4. The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5. The Movant's personal injury claim has not yet been liquidated. .

6. Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7. The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8. Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9. The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

>Sidonia Abdulghani
>c/o WM Dennis Brannon, Esq.
>Law Offices of WM Dennis Brannon, P.A.
>975 Mar Walt Drive
>Fort Walton Beach, FL 32549

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

>/s/DENNIS J. LEVINE, ESQ.
>DENNIS J. LEVINE, ESQ.
>Fla. Bar No. 375993
>DENNIS LeVINE & ASSOCIATES, P.A.
>P.O. Box 707
>Tampa, FL 33601-0707
>(813) 253-0777
>(813) 253-0975 (fax)
>Attorneys for Sidonia Abdulghani
>c/o W.M. Dennis Brannon, Esq.

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift )*, 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this __4th__ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

LAW OFFICES
# WM. DENNIS BRANNON, P. A.
975 MAR WALT DRIVE
FORT WALTON BEACH, FLORIDA

WM. DENNIS BRANNON
C. PAUL BRANNON

PERSONAL INJURY
WRONGFUL DEATH
INSURANCE
CONSTRUCTION LAW

PLEASE REPLY TO:

POST OFFICE BOX 5619
FORT WALTON BEACH, FLORIDA 32549-5619

TELEPHONE (850) 863-5297

FAX (850) 864-4526
www.wmdennisbrannon.com

December 27, 2006

Darlene Bell, Paralegal
Dennis LeVine & Associates, P.A.
103 South Boulevard
Tampa, FL 33606

**Via Facsimile & FedEx**
Fax: (813) 253-0975
Total Pages: 5
FedEx: 8493 0808 6795

RE:   Winn Dixie
       My Client:   Sidoni Abdulghani

Dear Darlene:

Thank you for the Memorandum regarding Administrative Claim Bar Date - January 5, 2007. My office is agreeable to the terms set forth in the Memorandum.

The information you require is as follows:

1. Sidonia A. Abdulghani
   820 Gibson Road
   Fort Walton Beach, FL 32547

   DOB:  November 18, 1969
   SSN:   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

2. On August 23, 2006, Ms. Abdulghani slipped in standing water on the floor of the Winn Dixie store. The water was apparently leaking or emanating from a freezer/cooler in the store. A cashier reported to Ms. Abdulghani that a store employee had been instructed by store personnel to clean up the water earlier but had not done so. The basis of the claim will either be (1) an existing defect in the freezer/cooler that caused pooling of water on the floor and which defect was known to Winn Dixie before the fall or (2) the existence of water on the floor that was known to exist by Winn Dixie before Ms. Abdulghani's fall, concerning both of which conditions Winn Dixie failed to take appropriate remedial measures to warn customers or correct.

   The store involved was store #07-0541-002. The location of that store is Oak Monte Center, 798 Beal Parkway, Fort Walton Beach, Florida 32547.

EXHIBIT  A

Darlene Bell
LeVine & Assoc.
RE: Sidonia Abdulghani
December 27, 2006
Page 2

---

    Ms. Abdulghani's injuries are:
    1. Cervical herniated nucleus pulposus (disc)
    2. Cervicalgia
    3. Lumbar herniated nucleus pulposus (disc)
    4. Aggravation of cervical and lumbar degenerative discs
    5. Lumbago
    6. Sciatica

3. Ms. Abdulghani continues to receive treatment and a final diagnosis has not been made. Accordingly, no demand has been made and neither can the amount of her damages be determined at this time. The amount of her claim is unliquidated.

4. You may use my name and address to receive any notices in the event that an objection is made to the Application.

  My e-mail address is dennis@wmdennisbrannon.com. My fax number is (850) 864-4526.

Please note that I have attached a copy of the Notice received by my client. I have also enclosed my notes derived from the notice, indicating, in part, that copies of the Application must also be served on counsel for the Reorganized Debtors and counsel for the Post-Effective Date Committee. Please confirm that in addition to filing the Application with the Court that you will serve counsel for these entities with a copy of the Application as required by the Notice.

Thank you for your cooperation and assistance.

Very truly yours,

Wm. Dennis Brannon
WDB/mlm
E-mail: dennis@wmdennisbrannon.com

Enclosures: Notice from Bankruptcy Court
      Summary of WDB notes from Notice