**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**

IN RE:                                                                                          Case: 3:05-bk-03817-JAF

**WINN DIXIE STORES, INC., ET AL,**                         Chapter 11 - Jointly Administered
    Debtor

Honorable Judge:
Jerry A. Funk

_____/

## APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR A POST PETITION PERSONAL INJURY CLAIM

    NOW COMES, Alexandra Campbell, by and through the undersigned attorney and files this Application For Allowance Of An Administrative Claim For A Post Petition Personal Injury Claim and moves this Honorable Court to Allow her post petition administrative claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction and in support thereof states:

1. On February 21, 2005 (the "Petition Date") Winn-Dixie Stores, Inc. , et al., (the Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. By order dated April 13, 2005, venue of the Debtor's bankruptcy cases was transferred to this Court

2. The Debtors are operating their properties and managing their business as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3. On June 6, 2006, Ms. Campbell suffered personal injuries as a direct result of Debtor's negligence at Debtor's retail store located in North Miami, Florida. As a direct result of her accident, Ms. Campbell suffered injuries to her right knee, ankle and left shoulder. Demand is made for $195,000.

4. Pursuant to Confirmation Order of November 9, 2006, the deadline for filing post petition administrative claims is January 5, 2007.

5. Pursuant to the Confirmation Order and the Plan, this Application is timely.

...

6. The Personal injury claim of Ms. Campbell is not yet liquidated.

7. Damages arising from a post petition tort committed by a debtor are entitled to administrative expense status. See *Matter of Jartran, Inc*., 732 F.2d 584, 587 (7th Cir. 1984); *Seidle v. United States* (In re Airlift), 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

8. The Court may award an administrative expense priority under section 503(b) for the actual, necessary costs and expenses of preserving the estate..." 11 U.S.C Section 503(B)(1).

**WHEREFORE**, Alexandra Campbell, respectfully requests that this Honorable Court enter an order:

a) Deeming the Movant's administrative claim as timely and allowing her post petition administrative claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction.

b) Upon liquidation of her post petition claim, Ms. Campbell request the Court to enter an Order requiring the Debtors to pay the allowed administrative claim in full, as a condition of confirmation of their Chapter 11 Plan.

c) Grant such other and further relief as this Court deems just, equitable and proper.

January 4, 2007

Respectfully submitted,

                    /s/ Rafael Gonzalez, Esq.
                    RAFAEL GONZALEZ
                    Rafael@RafaelGonzalezPA.com
                    FLA. BAR #0511021
                    6600 Taft Street, Suite 307
                    Hollywood, Florida 33024
                    Telephone: 954-961-5100
                    Facsimile: 954-744-5827

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was filed through the CM/ECF filing system on January 4, 2007, which shall cause a copy to be served on James H. Post, Esq., Counsel for Reorganized Debtors, Mattew Barr, Esq. and John MacDonald, Esq., Counsel for the Post Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

        /s/ Rafael Gonzalez, Esq.
RAFAEL GONZALEZ
Attorney at Law