UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,                    Case No. 3:05-bk-03817-JAF

    Debtor.                                  Chapter 11 – Jointly Administered

_____/

## APPLICATION OF HYACINTH SMITH FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

    COMES NOW the Movant(s), HYACINTH SMITH ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

    1.    On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

    2.    The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

    3.    Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

    4.    The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

    5.    The Movant's personal injury claim has not yet been liquidated. .

    6.    Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

    7.    The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ···" 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.     Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.     The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

> Hyacinth Smith
> c/o Eliot M. Bader, Esq.
> Bader, Stillman & Adler, P.L.
> 6100 West Atlantic Boulevard
> Margate, FL  33063

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

> /s/DENNIS J. LEVINE, ESQ.
> DENNIS J. LEVINE, ESQ.
> Fla. Bar No. 375993
> DENNIS LeVINE & ASSOCIATES, P.A.
> P.O. Box 707
> Tampa, FL 33601-0707
> (813) 253-0777
> (813) 253-0975 (fax)
> Attorneys for Hyacinth Smith
> c/o Eliot M. Bader, Esq.

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses)*In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift* ), 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this ___4th___ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

LAW OFFICES OF

## BADER, STILLMAN & ADLER, P.L.

6100 WEST ATLANTIC BOULEVARD

MARGATE, FLORIDA 33063

ELIOT M. BADER, P.L.
PHILIP A. STILLMAN, P.A.
BRIAN H. ADLER, P.A.

MAIN TELEPHONE 954/971-3399
TELEFAX 954/979-3101

SATELLITE OFFICES:

DELRAY BEACH
FORT PIERCE
HOLLYWOOD/NO. MIAMI BEACH
JACKSONVILLE
JUPITER/JUNO BEACH
ORLANDO
PALM BEACH GARDENS
TAMPA

REPLY TO: MARGATE

December 27, 2006

Mr. Dennis LeVine & Associates
103 South Boulevard
Tampa, FL 33606

RE: Our Client:            Ms. Hyacinth Smith
    Date of Accident:      05/25/06

Dear Mr. LeVine:

Ms. Smith sustained injuries to her left knee, back, and right shoulder when she slipped on what she believed to be oil in one of the aisles of the Winn Dixie located at 7015 University Drive, Tamarac, Forida. This was a matter of negligence on behalf of the employees and management of Winn Dixie inasmuch as it was a failure to maintain the premises and provide a safe and secure environment for customers.

The damages in this matter are unliquidated. Should you have any questions in this regard, please do not hesitate to contact me.

Very truly yours,

ELIOT M. BADER, ESQ

EMB; kr

C.C. Hyacinth Smith

EXHIBIT A