suffered severe damages for which medical treatment is ongoing and which damages Applicant can support through medical records and other proof.[1]

4.  Sharon Bagley was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future, future loss for the capacity for the enjoyment of life; incurred medical expenses for the care and treatment of her injuries. Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

5.  Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate..." 11 U.S.C. Section 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown*, 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr. S.D. Fla 1994).

6.  In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's $150,000.00 claim is entitled to administrative expense status under 11 U.S.C. Section 503(b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

John A. Sunner, Esquire
150 West Warren Avenue
Longwood, FL 32752

---

[1] Applicant's damages have not been fully liquidated at this time.