UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                         CASE NO.:   3:05-bk-03817-JAF

                                               CHAPTER 11

WINN-DIXIE STORES, INC., et al,

        Debtors.                       Jointly Administered

_____

REQUEST OF JESSE BRADY, SR. and PAMELA BRADY, his wife, FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

      Jesse Brady, Sr. ("Applicant"), and Pamela Brady ("Spouse"), by and

through their undersigned counsel, request that the Court enter an Order for

the allowance and payment of their administrative expense claims pursuant to

Bankruptcy Code Sec. 503(b) and state as follows:

      1.     The Debtors filed voluntary petitions under Chapter 11 of the

Bankruptcy Code on February 21, 2005 (the "Petition Date").

      2.     After the Petition Date and on or about September 28, 2006,

Applicant was injured when he was struck by a flatbed by two store

employees of the Winn-Dixie Store #2270, located at 125000 Lake Underhill,

Orlando, FL  32828 as a proximate result of the negligence of the Debtors in

failing to properly train and supervise and manage its employees in ensuring

the safety of its patrons and the Applicant in particular.  Applicant sustained

injury to his left foot and heel.  As a result of the injury, Applicant has suffered

estimated damages of approximately $1,000,000.00 based on both the

special (medical bills, lost wages, etc.) and general (pain and suffering)

damages that will accrue while Applicant undergoes treatment, which damages Applicant will be able to support through medical records and other proof. Applicant's damages may not be fully liquidated at this time.

3.    Further, as a result of the foregoing, Spouse sustained loss of services, consortium and companionship of her husband, the Applicant herein, due to the injuries he sustained as a result of the negligence of the Debtors as stated above and she has suffered estimated damages of approximately $100,000.00.

4.    Bankruptcy Code Sec. 503(b) provides for the allowance of administrative expense status for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. Sec. 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. See, Reading co. v. Brown, 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); In re:  Piper Aircraft Corp., 169 B.R. 766 (Bankr. S.D. Fla. 1994).

5.    Applicant's claim arose as a result of the business operations of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. Sec. 503(b), and Applicant seeks the entry of an order awarding such status.

6.    Applicant reserves the right to amend, supplement or modify this request as deemed necessary.

WHEREFORE, Applicant and Spouse request that the Court enter an Order (i) granting the relief requested herein; and (ii) providing such other and further relief as it deems just and proper.

DATED this 4th day of January, 2007.

HELD & ISRAEL

By:_____

Kimberly Held Israel, Esquire
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile
afrisch@hilawfirm.com

FRED R. ROSENTHAL, ESQ.
New York Bar # 086878
PARKER, WAICHMAN, ALONSO & MARK LLP
111 Great Neck Road, 1st Floor
Great Neck, New York  11021
(516) 466-6500 Telephone
(516) 466-6665 Facsimile
frosenthal@yourlawyer.com