UNITES STATES BANKRUPTCY COURT
DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al,         Case No.: 3:05-bk-03817-3FI

   Debtors,                             Chapter 11-Jointly Administered

_____

**APPLICATION OF HAVEN MINCEY FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS FOR CERTAIN POST-PETITION PERSONAL INJURY CLAIMANTS**

    COMES NOW the Movant, Haven Mincey, by undersigned counsel, and pursuant to 11 U.S.C. § 503 request this Court enter an Order approving her application to have allowed administrative claims against the Estate, and to authorize payment of this claim(the "Application"), and would show:

    1.    On February 21, 2005 the Debtors filed Voluntary petitions under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York and were transferred to this Court on April 13, 2005.

    2.    On November 9, 2006, this Court entered an Order confirming Debtors' Joint Plan of Reorganization (the "Confirmation Order") [CP#12440].

    3.    The Confirmation Order provides that pursuant to Section 12.1 of Debtors' Joint Plan of Reorganization (the "Plan), the deadline for filing requests for payment of post-petition administrative claims is January 5, 2007 (the "Administrative Claims Bar Date").

    4.    On 10/18/2005, the Movant suffered personal injuries as a result of negligence by the Debtors at Store # 2233, *951 State Road 434, Longwood, FL 32750.*

5. On 10/18/2005, the Movant was a public invitee shopping in the store identified above when she slipped on a foreign object negligently left on the floor by the Debtor or his agents. The Movant fell. As she fell, the shopping cart fell on her causing a fracture to her right leg and other injuries. The Movant's personal injury claim is believed to be worth between $100,000 to $200,000 including hospital bills, physician bills, and other damages for physical and mental injuries.

6. The personal injury claim of the Movant has yet to be liquidated.

7. Thus, pursuant to the Confirmation Order and the Plan, this Application is timely.

8. The Court may award an administrative expense priority under § 503(b) for the "actual, necessary costs and expenses of preserving the estate..." 11 U.S.C. § 503(b)(1).

9. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

10. The Movant respectfully requests the Court enter an Order allowing this post-petition administrative expense claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of this post-petition claim, the Movant requests the Court enter an order requiring the Debtors to pay the allowed administrative claim in full.

11. In accordance with the Confirmation Order and Section 12.1 of the Plan, Movant has served a copy of the Application on counsel for the Reorganized Debtors and the Post-Effective Date Committee.

12. The Movant requests that the Court limit notice of this Application to the Debtors, counsel for the Debtors, and counsel for the Unsecured Trade Creditors Committee.

WHEREFORE, the Movant, Haven Mincey requests that this Court enter an Order (1) deeming the administrative claim asserted by the Movant as a timely assertion of an

administrative claim subject to liquidation by either consent of the parties or a court of competent jurisdiction; (2) requiring the Debtors to pay the administrative expense claim immediately upon entry of an order allowing the claim; and (3) granting any such further relief as this Court deems just and proper.

TRICIA A. MADDEN, P.A.

\_\_\_s/Tricia A. Madden_____
Tricia A. Madden, Esq.
*Attorney for Movant*
934 E. Altamonte Dr., Bld. 1
Altamonte Springs, FL 32701
Florida Bar No.: 435937
(407)260-0440
tmaddenlawoffice@earthlink.net

---

[1] See, e.g., *Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968)(holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994). As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984); *Seidle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla. 1989).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of Application of Haven Mincey for Allowance of Administrative Claims for Certain Post-Petition Personal Injury Claimants was furnished by electronic or standard mail to the parties listed below on this 4th day of January, 2007.

James Post
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
Fax: (904)359-7708
jpost@smithhulsey.com

Matthew Barr
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Fax: (212)822-5194
mbarr@milbank.com

Rebecca Peters
Sedgwick Claims Management Services, Inc.
PO Box 24787
Jacksonville, FL 32241-4787
Fax: (904)419-5365