**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WIN DIXIE STORES, INC., et al.                    Case No. 3:05-bk-03817-3F1

        Debtors.                                    Chapter 11 – Jointly Administered
_____/

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS
## FOR CERTAIN POST-PETITION CLAIMANTS

      COME NOW the Movant, Hartford Insurance Company, as subrogee to the rights of Maxine Powell-Dacosta, by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving their application to have allowed administrative claims against the Estate, and to authorize payment of these claims, and would show:

      1.    On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U. S. Bankruptcy Code.

      2.    The Debtors are operating their businesses and managing their property as a debtor in possession pursuant to §1107(a) and 1108 of the Bankruptcy Code.

      3.    The Court has appointed an official committee of unsecured creditors to serve in these cases.

      4.    The Debtors assert in pleadings filed with the Court that approximately 3,200 Proofs of Claim were filed involving unliquidated personal injury or property damage claims for which litigation had been commenced or threatened against the Debtors pre-petition. The Court has entered Orders setting out certain procedures to resolve personal injury claims.

      5.    Subsequent to the filing of the case, the Movant suffered damages as the result of a worker's compensation injury as a result of negligence by the Debtors. Movant is subrogating to recover those damages.

      6.    The Movant has filed a Proof of Claim with the Court, reserving the right to assert administrative expense claims due to the possible post-petition occurrence of its claim.

      7.    The subrogation claim of the Movant has not yet been liquidated.

      8.    The Court has entered an Order setting a bar date to file administrative expense claims.

      9.    The Court may award an administrative expense priority under § 503(b) for the "actual, necessary costs and expenses of preserving the estate ----" 11 U.S.C. § 503(b)(1).

10. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

11. The Movant respectfully requests the Court enter an Order allowing its post-petition administrative expense claims, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of its post-petition claim, the Movant requests the Court enter an Order requiring the Debtors – as a condition of confirmation of their Chapter 11 Plan – to pay the allowed administrative claims in full.

12. The Movant requests the Court limit notice of this Application to the Debtors, counsel for the Debtors, and counsel for the Unsecured Trade Creditors Committee.

/s/ K. Travis Berry, Esquire
DENISE M. ANDERSON, ESQUIRE
Florida Bar No. 0029602
K. TRAVIS BERRY, ESQUIRE
Florida Bar No.: 0295190
Butler Pappas Weihmuller Katz Craig LLP
One Harbour Place, Suite 50
777 S. Harbour Island Blvd.
Tampa, FL 33602
Phone: (813) 281-1900
Fax: (813) 281-0900
kberry@butlerpappas.com
danderson@butlerpappas.com

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994). As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir. 1984); *Seidle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla. 1989).

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was furnished by electronic or standard mail to the parties listed below on this <u>4th</u> day of January, 2007.

James H. Post, Esquire
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, FL 32202
jpost@smithhulsey.com
(Co-Counsel for the Reorganized Debtors)

Matthew Barr, Esquire
MILBANK, TWEED, HADLEY & MCCLOY, LLP
1 Chase Manhattan Plaza
New York, NY 10005
mbarr@milbank.com
(Counsel for the Post-Effective Date)

                                                                           /s/ K. Travis Berry, Esquire
                                                                           K. TRAVIS BERRY, ESQUIRE