UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
(JACKSONVILLE DIVISION)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.* | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Judge Jerry A. Funk |
| | ) | |

**FLORIDA TAX COLLECTORS' MOTION FOR LEAVE TO FILE REQUEST
FOR PAYMENT OF ADMINISTRATIVE CLAIM WITHOUT PREJUDICE**

The Florida Tax Collectors[1] ("FTC"), by and through their undersigned counsel, file this Motion for leave to file request for payment of administrative claim without prejudice, based on the following:

1.    FTC are charged with the duty to collect property taxes before they become delinquent. See Fla. Stat. ch. 197.332. The Debtors maintain store locations throughout the state of Florida which have been assessed for both tangible personal property and real estate taxes.

2.    Notwithstanding the fact that among the first day motions the Debtors sought and obtained approval to pay *ad valorem* real estate and tangible personal property taxes, they have thus far failed to pay the post-petition 2006 taxes which were assessed on January 1, 2006 and first became due and payable on November 1, 2006. These taxes will become delinquent pursuant to state law if not paid on or before March 31, 2007.

---

[1] The "Florida Tax Collectors" consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, Walton and Washington.

3. The tangible personal property and real estate assessed for *ad valorem* tax purposes includes both property owned and leased by the Debtors. All Florida taxes are fully secured by statutory <u>first</u> liens pursuant to Florida Statutes ch. 197.122(1) and 192.053.

4. FTC request entry of an Order allowing them to file their request for payment of administrative claim without prejudice and shall not be considered a waiver of any and all defenses whatsoever: including state, federal, procedural, jurisdictional or substantive defenses, including, but not limited to, abstention, sovereign immunity, lack of jurisdiction notwithstanding the provisions of § 106 of the Bankruptcy Code, specifically § 106(b).

5. FTC are constitutional officers and, in that capacity, are "arms of the state of Florida" for sovereign immunity purposes. The same holds true for Florida Property Appraisers. The Florida Department of Revenue is clearly a representative of the State of Florida. The Eleventh Circuit has found that Congress lacks the authority pursuant to its Article I powers to abrogate sovereign immunity. <u>See</u> <u>In re Crow</u>, 394 F.3d 918 (11th Cir. 2004).

6. The Tax Injunction Act (28 U.S.C. § 1341) precludes federal courts from interfering with state and local taxes when there is a clear, speedy and efficient remedy available in state law. Additionally, 28 U.S.C. §§ 959 and 960 require the Debtors to comply with state law and pay taxes. Issues exist and motions are pending questioning the subject matter jurisdiction of this Court over Florida *ad valorem* property taxes.

7. There is now pending a motion for leave to file proof of claim without prejudice. FTC seek the same relief to allow the filing of the request for payment of administrative claim, as defined by the Plan, also without prejudice to any and all defenses in order that FTC may employ all legal/procedural means available to comply with their collective statutory duty to collect property taxes before they become delinquent.

8.     FTC recognize the necessity for an orderly and efficient administration of the Debtors' estates yet collectively, expressly do not waive their sovereign immunity nor do they agree to subject themselves or Florida taxes to the jurisdiction of this Court by filing this motion or a request for payment of administrative claim.  FTC hereby incorporate, by reference, their previous memoranda filed and oral arguments made in these jointly administered cases.

WHEREFORE, premises considered, the Florida Tax Collectors request this Court enter an Order allowing the filing of the FTC' request for payment of administrative claim to be without prejudice to any and all defenses of any kind whatsoever; and for such other relief as this Court deems just and proper.

Dated: January 4, 2007                                   Respectfully submitted,

                                                        Brian T. Hanlon, Esq.
                                                        Office of the Tax Collector
                                                        P.O. Box 3715
                                                        West Palm Beach, Florida 33402-3715
                                                        Telephone: (561) 355-2142
                                                        Facsimile: (561) 355-1110
                                                        tc_legal_services@co.palm-beach.fl.us
                                                        Florida Bar No. 962562

                                                        By:__/s/ Brian T. Hanlon_____
                                                               Co-Counsel for Florida
                                                               Tax Collectors

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the *Florida Tax Collectors' Motion for Leave to File Request for Payment of Administrative Claim Without Prejudice* has been provided by *Notice of Electronic Filing* this 4th day of January, 2007 to **Skadden, Arps, Slate, Meagher & Flom, LLP**, Attn: D. J. Baker, Esq., Attorneys for Reorganized Debtors; **Smith Hulsey & Busey**, Attn: James H. Post, Esq., Attorneys for Reorganized Debtors; **Milbank,**

**Tweed, Hadley & McCloy, LLP**, Attn: Matthew Barr, Esq., Attorneys for Post-Effective Date Committee **United States Trustee**, Attn: Elena L. Escamilla, and to all other parties receiving electronic notice.

    /s/ Brian T. Hanlon
Brian T. Hanlon, Esq.

N:\Legal Services\WIP\W\Winn-Dixie Stores\Pleadings\Motion for Leave to File Administrative Request Without Prejudice.doc