UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

---------------------------------------------------x
In re                                            :    Case No. 3:05-bk-03817-JAF
                                                 :
WINN-DIXIE STORES, INC., *et al.*,               :    Chapter 11
                                                 :
                        Debtors.                 :
---------------------------------------------------x

### APPLICATION FOR ALLOWANCE AND PAYMENT OF
### ADMINISTRATIVE EXPENSE FOR POST-PETITION LEGAL FEES

**NOW COMES**, Ostendorf, Tate, Barnett and Wells, LLP ("Applicant"), through undersigned counsel, and moves the Court pursuant to 11 USC § 503(b)(1) and the notice of (A) Entry of Order confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims [Docket No. 12991] for the allowance and payment of a Chapter 11 administrative expense for post-petition legal fees and disbursements described below and to direct payment of such amount pursuant to the Order confirming the Joint Plan of Reorganization of Winn-Dixie, and in support of the application states:

### Background

1.  On February 21, 2005, (the "Petition Date") Winn-Dixie Stores, Inc., together with its affiliates, (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.  The Court confirmed the Debtors' Plan of Reorganization and the effective date of the Plan is November 21, 2006 (the "Effective Date").

3. Between the Petition date and the Effective date, the Debtors engaged Applicant to defend the Debtors and the Debtors' estate against several personal injury suits arising out incidents resulting from the alleged negligence of the Debtors in their ordinary business operations.

4. Pursuant to its engagement, Applicant did provide various legal services in the defense of the Debtors and the Debtors' estate and also disbursed various sums in conjunction with the performance of said legal services. As of this date, the combined total of disbursements and legal fees claimed herein as an administrative expense is **ONE HUNDRED THIRTY-THREE THOUSAND NINE HUNDRED SEVENTY-THREE DOLLARS AND THIRTY-ONE CENTS ($133,973.31)**. The Applicant reserves its right to supplement and/or amend this amount as certain legal services may have already been billed for or may have already been paid for by the Debtors.

5. The documents in support of the Applicant's claim may contain information that is confidential and protected by the attorney-client privilege and are not attached hereto in order to protect said privilege. In addition, the documents in support of the Applicant's Claim are too lengthy and voluminous to attach to this application. In summary, but not in limitation thereof, the documents include but are not limited to: (a) invoices to the Debtor; (b) accounting records reflecting payments by Ostendorf Tate for the benefit of the Debtor; (c) cancelled checks; and (d) any other documents reflecting transfers to the benefit of the Debtor. These documents are available upon request by the Debtor and Court.

6. The Court may award an administrative expense priority under 11 U.S.C. § 503 (b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate..."

7.   Therefore, pursuant to 11 U.S.C. § 503 (b), Applicant respectfully requests that the Court enter an Order allowing Applicant's post-petition claim for legal fees and disbursements as an administrative expense claim. Upon satisfactory demonstration of the legal fees incurred by the Debtors and the disbursements made on the Debtors' behalf by Applicant, the Applicant requests the Court to enter an Order requiring the Debtor to pay the allowed administrative claim in full.

**WHEREFORE**, Applicant, Ostendorf, Tate, Barnett and Wells, LLP respectfully requests that this Court enter an order (i) approving the present claim and application; (ii) granting the relief requested herein to require Debtors to pay Applicant's claim; and (iii) providing any and all other relief to which Applicant may be entitled.

        **HELLER, DRAPER, HAYDEN,**
        **PATRICK & HORN, L.L.C.**

        By:  /s/ Troy Majoue
        Tristan Manthey (Bar No. 24539)
        Troy Majoue (Bar No. 29963)
        650 Poydras Street, Suite 2500
        New Orleans, LA 70170
        Telephone: 504.568.1888
        Facsimile: 504.522.0949
        *Counsel for Applicant,*
        *Ostendorf, Tate, Barnett and Wells, LLP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance and Payment of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this __4th__ day of January 2007.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-36991

James H. Post, Esq.
Smith, Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
Chase Manhattan Plaza
New York, NY 10005