**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

WINN DIXIE STORES, INC., et al.

Debtors.
_____/

Case No. 3:05-bk-03817-JAF
Chapter 11 – Jointly Administered

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM**
**FOR POST-PETITION PERSONAL INJURY CLAIMANT**

Movant, Josefina Rivera Montanez (the "Movant"), by and through her undersigned counsel, and pursuant to 11 U.S.C. §503, respectfully requests this Court enter an Order approving this application for allowance of an administrative expense claim against the Estate, and to authorize payment of this claim (the "Application"), and in support thereof states as follows:

1. On February 21, 2005, the above-referenced Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York, and were transferred to this Court on April 13, 2005.

2. On November 9, 2006, this Court entered an Order confirming Debtors' Joint Plan of Reorganization (the "Confirmation Order").

3. The Confirmation Order provides that pursuant to Section 12.1 of Debtors' Joint Plan of Reorganization (the "Plan"), the deadline for filing requests for payment of post-petition administrative claims is January 5, 2007 (the "Administrative Claims Bar Date").

4. On March 23, 2005, the Movant suffered personal injuries as a result of negligence by the Debtors at Store 0736, 3820 Tamiami Trail, Port Charlotte, Florida 33952.

5. The personal injury claim of the Movant has yet to be liquidated.

6. Thus, pursuant to the Confirmation Order and the Plan, this Application is timely.

7. The Court may award an administrative expense priority under §503(b) for the "actual, necessary costs and expenses of preserving the estate...." 11 U.S.C. §503(b)(1).

8. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status. See, e.g., Reading Co. v. Brown, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses), In re Piper Aircraft Corp., 169 B.R. 766 (Bankr. S.D. Fla. 1994).

9. The Movant respectfully requests the Court enter an Order allowing this post-petition administrative expense claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of this post-petition claim, the Movant requests the Court enter an order requiring the Debtors to pay the allowed administrative claim in full.

10. In accordance with the Confirmation Order and Section 12.1 of the Plan, Movant has served a copy of the Application on counsel for the Reorganized Debtors and the Post-Effective Date Committee.

WHEREFORE, the Movant, Josefina Rivera Montanez, requests that this Court enter an Order (1) deeming the administrative claim asserted by the Movant as a timely assertion of an administrative claim subject to liquidation by either consent of the parties or a court of competent jurisdiction; (2) requiring the Debtors to pay the administrative expense claim immediately upon entry of an order allowing the claim; and (3) granting any such further relief as this Court deems just and proper.

GOLDSTEIN, BUCKLEY, CECHMAN,
RICE & PURTZ, P.A.
Attorneys for Josefina Rivera Montanez
P.O. Box 2366
Fort Myers, FL 33902
239.334.1146
239.334.3039/Fax


_____
Brian D. Zinn, Esq.
Fla. Bar No. 12497
E-mail: bzinn@gbclaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic mail or by U.S. Mail, in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of Florida, upon each of the parties identified below this ___4th___ day of January, 2007.

Winn-Dixie Stores, Inc.
5050 Edgewood Street
Jacksonville, FL 32254-3699

Elena L. Escamilla, Esq.
U.S. Trustee
135 W. Central Blvd., Ste. 620
Orlando, FL 32801

John B. MacDonald, Esq.
Akerman Senterfitt
Co-Counsel for the Post-Effective
Date Committee
50 North Laura Street, Ste. 2500
Jacksonville, FL 32202

D.J. Baker, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Counsel for Reorganized Debtors
Four Times Square
New York, NY 10036

Stephen D. Busey, Esq.
James H. Post, Esq.
Smith, Hulsey & Busey
Co-Counsel for Reorganized Debtors
225 Water Street, Suite 1800
Jacksonville, FL 32202

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy LLP
Counsel for Post-Effective Date Committee
1 Chase Manhattan Plaza
New York, NY 10005

GOLDSTEIN, BUCKLEY, CECHMAN,
RICE & PURTZ, P.A.
Attorneys for Josefina Rivera Montanez
P.O. Box 2366
Fort Myers, FL 33902
239.334.1146
239.334.3039/Fax

_____
Brian D. Zinn, Esq.
Fla. Bar No. 12497
E-mail: bzinn@gbclaw.com