UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flsb.uscourts.gov

In Re:
WINN DIXIE STORES, INC., et al.,
Debtors.

Case No. 3:05-bk-03817-JAF
Chapter 11 – Jointly Administered

_____/

## APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR POST-PETITION PERSONAL INJURY CLAIM

Flora Barber (the "Applicant"), by and through undersigned counsel, and pursuant to 11 U.S.C. §503, respectfully requests this Court enter an Order approving this application for payment of administrative expense claim and to authorize payment of this claim (the "Application"), and in support thereof states as follows:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York and were transferred to this Court on April 13, 2005.

2. On November 9, 2006, this Court entered an Order confirming Debtors' Joint Plan of Reorganization (the "Confirmation Order") [CP #12440].

3. The Confirmation Order provides that pursuant to Section 12.1 of Debtors' Joint Plan of Reorganization (the "Plan"), the deadline for filing requests for payment of post-petition administrative claims is January 5, 2007 (the "Administrative Claims Bar Date").

4. On 9/2/2005, the Applicant suffered personal injuries as a result of negligence by the Debtors at Store #0668, 3500 N. Tamiami Trail, Sarasota, Florida 34234. As a

proximate result of the injury, Applicant has suffered damages totaling atleast $71,000.00 in damages, which has yet to be liquidated at this point, but can and will be supported through medical evidence and other documentation.

5. Thus, pursuant to the Confirmation Order and the Plan, this Application is timely.

6. The Court may award an administrative expense priority under §503(b) for the "actual, necessary costs and expenses of preserving the estate...." 11 U.S.C. §503(b)(1).

7. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status. See, *Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding) that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 1169 B.R. 766 (Bankr. S.D. Fla. 1994); *Matter of Jartran, Inc*, 732 F.2d 584,587 (7th Cir.1984); *Siedle v. United States (In Re Airlift)*, 97 B.R. 664,668 (Bankr. S.D. Fla. 1989).

8. The Applicant respectfully requests the Court enter an Order allowing this postpetition administrative expense claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of this post-petition claim, the Applicant requests the Court enter an order requiring the Debtors to pay the allowed administrative claim in full.

9. In accordance with the Confirmation Order and Section 12.1 of the Plan, Applicant has served a copy of the Application on counsel for the Reorganized Debtors and the Post-Effective Date Committee.

WHEREFORE, the Applicant, Flora Barber requests that this Court enter an Order

(1) deeming the administrative claim asserted by the Applicant as a timely assertion of an administrative claim subject to liquidation by either consent of the parties or a court of competent jurisdiction; (2) requiring the Debtors to pay the administrative expense claim immediately upon entry of an order allowing the claim; and (3) granting any such further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4th, 2007 I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR POST-PETITION PERSONAL INJURY CLAIM,** through the CM/ECF filing system, which will cause copy to be served on James H. Post, Esq, Counsel for Reorganized Debtors, Mathew Barr, Esq and John MacDonald, Esq, Counsel for Post-Effectove Date Committee, Elena L. Escamilla, Esq, counsel for the Office of the United State Trustee and all other parties participating in the CM/CEF System, all served electronically.

JODAT LAW GROUP, PA.
Attorneys for the Movant
521 Ninth Street West
Bradenton, Florida 34205
Telephone: (941)749-1901
Facsimile: (941)741-8642

By: _s/Shannan Neri_
Shannan Claire Neri, Esq.
Fla. Bar No. 0387827
Shannan.neri@Jodat Law Group.com