UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | Case No. 05-03817-3F1 |
| WINN DIXIE STORES, INC., et al. | Chapter 11 |
| Debtors | Jointly Administered |
| _____/ | |

**JOINT APPLICATION FOR PAYMENT OF ADMINISTRATIVE CLAIMS,
OR ALTERNATIVELY, JOINT MOTION FOR ENLARGEMENT
OF TIME TO OBJECT TO PROPOSED CURE AMOUNTS**

SORMI, INC. AND COMKE, INC. (sometimes hereinafter referred to as "Landlords"), by and through their undersigned attorneys, file this Joint Application for Payment of Administrative Claims, or alternatively, jointly move for the entry of an Order enlarging the period to object to Proposed Cure Amounts for reimbursement of pre-petition real property ad valorem taxes due under nonresidential real estate leases assumed by the Debtors, pursuant to sections 365(b) and 105 of the Bankruptcy Code, and Bankruptcy Rule 9006(b), in support thereof avers:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Sections 365, 503, 1124 and 105 of the Bankruptcy Code, and Bankruptcy Rule 9006.

## BACKGROUND

2. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (the "Debtors") filed voluntary petitions for reorganization relief under chapter 11 of the Bankruptcy Code. The Debtors' cases are being jointly administered for procedural purposes only (the "Chapter 11 Case").

3. Sormi, Inc. is the landlord of the Debtors pursuant to a written lease of the premises described as Winn Dixie Stores, Inc. Store No. 354, located at 308 E. Dania Beach Boulevard., Dania, Florida (the "Dania Store").

4. Comke, Inc. is the landlord of the Debtors pursuant to a written lease of the premises described as Winn Dixie Stores, Inc. Store No.203, located at 1055 W. Hallandale Beach Boulevard, Hallandale, Florida (the "Hallandale Store").

5. On behalf of the Landlords, Dacar Management, LLC ("Dacar"), serves as the property manager of Dania Store and the Hallandale Store (hereinafter collectively referred to as the "Leased Premises").

6. On January 31, 2005, Dacar sent two separate notices to Debtors that set forth the pro rata share of 2004 real property ad valorem tax reimbursement (the "2004 Tax Reimbursement") due and owing from the Debtors to Landlords on the Leased Premises (the "2004 Tax Notices"), which 2004 Tax Reimbursement was the Debtors' responsibility under the respective lease agreements. True and correct copies of the 2004 Tax Notices are attached hereto as **Composite Exhibit "A."**

STP:706707:3

7.   The Debtors' 2004 Tax Reimbursement, as set forth in the 2004 Tax Notices, is $15,114.38 for the Dania Store (the "Dania 2004 Tax Claim") and $54,803.82 for the Hallandale Store (the "Hallandale 2004 Tax Claim") (collectively hereinafter referred to as the "2004 Tax Claims").

8.   The Debtors failed to pay the 2004 Tax Claims prior to the Petition Date.

9.   On January 6, 2006, Dacar sent two separate notices to Debtors setting forth the pro rata share of 2005 real property ad valorem tax reimbursement (the "2005 Tax Reimbursement") due and owing on the Leased Premises (the "2005 Tax Notices"), which again were the Debtors' responsibility under the respective lease agreements. True and correct copies of the 2005 Tax Notices are attached hereto as **Composite Exhibit "B."**

10.   Pursuant to the 2005 Tax Notices, the Debtors' 2005 Tax Reimbursement due was $17,533.57 for the Dania Store (the "Dania 2005 Tax Claim") and $55,966.66 for the Hallandale Store (the "Hallandale 2005 Tax Claim")(Collectively hereinafter the "2005 Tax Claims").

11.   In response to the 2005 Tax Notices, on February 20, 2006, Winn Dixie Stores, Inc. wrote to Comke, Inc. (the "Winn Dixie-Comke Response") related to 2005 Tax Reimbursement, enclosing a check in the amount of $47,993.33 representing payment of the post Petition Date portion of the Hallandale 2005 Tax Claim, and explained that the remaining pre-Petition Date portion of the Hallandale 2005 Tax Claim would be paid in full if the Debtors assumed the Lease pursuant to section 365 of the

Bankruptcy Code. The remaining unpaid pre-Petition Date portion of the Hallandale 2005 Tax Claim was $7,973.33.

12. Similarly, in response to the 2005 Tax Notices, on May 26, 2006, Winn Dixie Stores, Inc. wrote to Sormi, Inc. (the "Winn Dixie-Sormi Response") related to Sormi, Inc's 2005 Tax Reimbursement, enclosing a check in the amount of $15,035.65 representing payment of the post Petition Date portion of the Dania 2005 Tax Claim, and explained that the remaining pre-Petition Date portion of the Dania 2005 Tax Claim would be paid in full if the Debtors assumed the Lease pursuant to section 365 of the Bankruptcy Code. The remaining unpaid pre-Petition Date portion of the Dania 2005 Tax Claim was $2,497.93. True and correct copies of the Winn Dixie-Comke Response and the Winn Dixie-Sormi Response are attached hereto as **Composite Exhibit "C."**

13. On June 30, 2006, the Debtors' filed their Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, And (III) Grant Related Relief [Dkt. No. 8941] (the "Second Omnibus Motion").

14. The Second Omnibus Motion sought entry of an Order (i) approving and authorizing the Debtors to assume non-residential real property leases identified on Exhibit A attached thereto, effective as of the effective date of the Debtors' joint plan of reorganization (the "Effective Date"), (ii) fixing the costs of assumption at the proposed cure amounts identified on Exhibit B attached thereto (the "Proposed Cure Amounts"), and (iii) granting related relief.

15.     Pursuant to the Second Omnibus Motion, the Debtors sought to assume the non-residential real property leases of the Dania Store, the Hallandale Store, and 510 other leases (the "Core Leases").

16.     The Second Omnibus Motion further provided at Paragraph 7 that

> To the extent any default exists under any of the Core Leases, the Debtors will satisfy Section 365(b) of the Bankruptcy Code by paying the respective landlords of the Core Leases (collectively, the "Landlords"), the cure amount, if any, promptly after the Effective Date. Attached at Exhibit B is a schedule reflecting any cure amounts the Debtors believe are owed under the Core Leases (the "Proposed Cure Amount"). All Landlords will be served with a copy of this Motion. To the extent a Landlord disputes the Proposed Cure Amount or otherwise objects to the Motion, the Landlord must file an objection with the bankruptcy Court and serve the objection on the Debtors on or before July 30, 3006 (the "Objection Deadline"). In the absence of a timely objection, the Landlords will be deemed to have consented to the assumption of the applicable Core Lease and the Proposed Cure Amount and will be (a) barred from asserting a larger claim for such cure, and (b) deemed to have waived all claims under their respective Core Lease other than the Proposed Cure Amount.

17.     Pursuant to the Second Omnibus Motion, the Proposed Cure Amount for the Dania Store was scheduled at $0.00, and the Proposed Cure Amount for the Hallandale Store was scheduled at $7,973.33.

18.     Although well prior to the filing of the Second Omnibus Motion, the Debtors' received the 2004 Tax Notices and the 2005 Tax Notices, the Proposed Cure Amounts were nevertheless incorrectly calculated and scheduled.

19.     Correctly calculated, the actual cure amount for the Dania Store was $17,612.31 (the "Dania Cure Claim"), which is the amount of the Dania 2004 Tax Claim

of $15,114.38 plus the remaining unpaid pre-Petition Date portion of the Dania 2005 Tax Claim of $2,497.93.

20.     Correctly calculated, the actual cure amount for the Hallandale Store was $62,777.15 (the "Hallandale Cure Claim"), which is the amount of the Hallandale 2004 Tax Claim of $54,803.82 plus the remaining unpaid pre-Petition Date portion of the Hallandale 2005 Tax Claim of $7,973.33.

21.     Although the Movant Landlords received notice of the Second Omnibus Motion, and timely forwarded same to its general counsel, counsel, through administrative inadvertence, failed to timely respond or arrange for a response to the Second Omnibus Motion on behalf of the Movant Landlords to correct the Proposed Cure Amounts to accurately reflect the amount of the Dania Cure Claim and the Hallandale Cure Claim.

22.     On October 4, 2006, this Court entered an Order (I) Authorizing Assumption of Non-Residential Real Property Leases, (II) Fixing Cure Amounts, and (III) Granting Related Relief , which Order was subsequently Corrected by Order dated October 25, 2006 (collectively the "Assumption Order").

23.     The Assumption Order, *inter alia*, fixed the cure amounts for the Dania Store and the Hallandale Store at the amounts set forth in the Second Omnibus Motion, authorized the Debtors to pay the Landlords any undisputed cure amounts due on the Effective Date, and retained the jurisdiction of this Court to hear and determine any disputes over (i) the amounts required to cure the Leases and (ii) non-monetary cure

objections as of the Effective Date, and all other matters arising from implementation of the Assumption Order.

24.     Notably, the Assumption Order *does not* bar non-objecting Landlords from asserting a larger claim for cure, nor does it deem as waived any cure claims other than the Proposed Cure Amount as was requested by the Debtors in the Second Omnibus Motion.

25.     The Debtors continue to operate the Dania Store and the Hallandale Store under the assumed leases

26.     On November 9, 2006, this Court entered its Order Confirming Joint Plan of Reorganization of Winn Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order").

27.     On December 6, 2006, this Court entered a Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims (the "Remaining Claims Notice").

28.     The Debtors have tendered the Proposed Cure Amount on the Hallandale Store, which amount has not been negotiated by the Hallandale Landlord.

29.     Hereinafter the Dania Cure Claim and the Hallandale Cure Claim shall be collectively referred to as the "Unpaid Tax Claims."

# ARGUMENT

## A.  Movant Landlords' Unpaid Tax Claims are Entitled to Payment as Administrative Claims

Under § 365(b)(1)(A), as complimented by Rule 9001, the debtor in possession "*may not assume*" an unexpired lease unless it cures any default existing at the time the lease is assumed. 11 U.S.C. § 365(b)(1)(A) (*emphasis added*").  Based upon the foregoing, the Debtors are obligated to pay the Movant Landlords' Unpaid Tax Claims in full as administrative claims.  *See In re Leon's Casuals Company, Inc.,* 122 B.R. 768, 771 (Bankr. S. D. Ala. 1990).

In the *Leon's Casual's* Chapter 11 case, Judge Arthur B. Briskman, considered "whether a claim for prepetion rent and property taxes is an administrative expense when the debtor assumes an unexpired lease under § 365(b)(1)." *Id* at 770.  Judge Briskman concluded that it is the debtor's duty to cure prepetition defaults under an assumed lease, and that the cure claim is entitled to administrative expense priority pursuant to § 503(b)(1)(A). *Id* at 771.

Analogous to the instant case, in *Leon's Casual's* the debtor was in prepetition default under a non-residential lease for failing to pay its pro rata share of property taxes. *Id* at 769.  The debtor filed a petition to assume the lease, and an order was entered authorizing the assumption of the lease, but contained no reference to the debtor's duty to cure the prepetition default.  *Id* at 769-770.  The landlord filed a motion to allow the amount of the prepetition default as an administrative expense, and the debtor objected

asserting that the landlord waived the right to cure by failing to include payment of prepetition claims as a condition precedent to assumption. *Id* at 770-771.

Judge Briskman granted the landlord's motion and overruled the debtor's objection finding that "[i]n keeping with § 365(b)'s policy of mutuality of obligation, the debtor has no choice as to whether to cure defaults under the lease; to protect the lessor's interest, the Bankruptcy Code requires the debtor to cure defaults. Without the cure of defaults, there can be no assumption of the lease. Accordingly, the debtor pledged to cure any prepetition defaults by assuming Lease # 25." *Id* at 770-771 (citing 2 Collier on Bankruptcy ¶ 365.01[2] at 365-14 (15th ed. 1990); *In re Airlift Int'l, Inc.*, 761 F.2d 1503, 1508 (11th Cir. 1985); and *In re Mushroom Transp. Co., Inc.*, 78 B.R. 754 (Bankr. E.D.Pa. 1987).

Based upon the holding in *Leon's Casual's*, the Debtors' in the instant case became obligated to cure the Unpaid Tax Claims upon assumption of the Hallandale Store and the Dania Store leases, and the Unpaid Tax Claims are entitled to payment as an administrative claim.

  **B.**  **Alternatively, Excusable Neglect Warrants Payment of Movant Landlords' Unpaid Tax Claims**

Pursuant to 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, the court may enlarge the time specified to perform a required act on motion made after the expiration of the specified period where the failure to act was the result of excusable neglect. In the instant case, the Movant Landlords' failure to file a limited objection to the Proposed Cure Amounts for failure of the Debtors to correctly calculate the correct

STP:706707:3

amount of the Unpaid Tax Claims was the result of excusable neglect, as more fully set forth above.

Upon receiving the Second Omnibus Motion, the Movant Landlords timely forwarded the pleading to their then acting general counsel. General counsel's administrative support staff immediately filed the pleading with the other case materials, prior to general counsel having the opportunity to review the Second Omnibus Motion and appropriately deal with same. Accordingly, general counsel was unaware of the proposed treatment of Movant Landlords' cure claims, and therefore did not discover the Debtors' failure correctly calculate the Unpaid Tax Claims as the Proposed Cure Amounts.

In finding excusable neglect, the court should consider the following: 1) the danger of prejudice to the debtor; 2) the length of the delay, including whether it was within the reasonable control of the movant; 3) whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

**Danger of Prejudice to Debtor.** One factor that must be considered in finding excusable neglect is the potential prejudice to the Debtor if an untimely claim is allowed. In the instant case, the Debtors were fully aware of the Unpaid Tax Claims prior to the Petition Date as is evidenced by the 2004 and 2005 Tax Notices (attached as Exhibits "A" and "B" hereto). The Debtors were further aware of their obligation to pay the Unpaid Tax Claims in full upon assumption pursuant to § 365(b), as is evidenced by the

STP:706707:3

Winn Dixie-Comke Response, the Winn Dixie-Sormi Response, and partial payment of the 2005 Tax Claims (attached as Exhibit "C").

Further, the Debtors have only just begun the process of paying Proposed Cure Claims, and are just now soliciting applications for administrative claims. Therefore, payment of the Unpaid Tax Claims will be contemporaneously paid by the Debtors with other like claims. Moreover, the Unpaid Tax Claims are legitimate actual costs of preserving the operation of the Hallandale Store and the Dania Store, and are the absolute obligation of the Debtors pursuant to the written lease agreements and § 365(b) of the Bankruptcy Code. Based upon the foregoing, the Movant Landlords' request for payment of the Unpaid Tax Claims does not prejudice the Debtors.

**Delay**. In the instant case, the delay requesting payment of the Unpaid Tax Claims will cause no impact on efficient administration of the Bankruptcy Case as the Debtors are in the early stages of claim administration. Further, the Movant Landlords acted immediately upon learning of the administrative oversight that led to missing the deadline to file their limited objection to the Proposed Cure Amounts.

**Good Faith**. The Movant acted in good faith by immediately acting to correct the administrative oversight upon knowledge of same.

**Equity.** The Supreme Court has noted that the equitable standard for determining whether a party's neglect of a deadline is excusable is flexible, and it is not limited to those circumstances beyond the late filing party's control. *Pioneer* at 392. The Movant in the instant case has acted in good faith, and with immediacy upon learning of the error

STP:706707:3

that caused the delay in requesting payment of the Unpaid Tax Claims. Moreover, if not required to pay the Unpaid Tax Claims, the Movant Landlords will have to absorb the real estate tax burden, which would prove a windfall to the Debtors. Such a result is contrary to the obligations of the Debtors pursuant to 11 U.S.C. § 365(b), and the mutual agreement of the parties as is set forth in the underlying lease agreements.

WHEREFORE based upon the foregoing, Movant Landlords pray for entry of an Order, requiring Debtors to pay the Unpaid Tax Claims as administrative claims, or alternatively, to require the Debtors to pay the Unpaid Tax Claims as cure claims for assumed leases pursuant to 11 U.S.C. § 365(b).

   /s/ Barbara A. Hart
RICHARD H. MALCHON, JR., ESQUIRE
Florida Bar No. 188232
BARBARA A. HART, ESQUIRE
Florida Bar No. 512036
Ruden, McClosky, Smith, Schuster
& Russell, P.A.
2700 SunTrust Financial Centre
401 East Jackson Street
Tampa, FL 33602
Tel: (813) 222-6637
Fax: (727) 502-8937
Attorneys for Movant Landlords

STP:706707:3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been forwarded via CM/ECF electronic noticing or by U.S. Mail, postage prepaid, to:

**JAMES H. POST**, Counsel for the Debtors, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; E-mail: jpost@smithhulsey.com.

**MATTHEW BARR,** Counsel for the Post Effective Date Committee, MILBANK, TWEED, HADLEY & MCCLOY, LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, E-mail: mbarr@milbank.com.

this 4th day of January 2007.

                                            _/s/ Barbara A. Hart_____
                                            Attorney