UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC, et al.                    Case No. 3:05-bk-03817-3F1

    Debtors                                                     Chapter 11 – Jointly Administered

_____/

### AMENDED APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE
### STATUS FOR POST PETITION CLAIM AND REQUEST FOR NOTICE

Comes now **Tammy Knudsen** through her undersigned counsel and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as Confirmed. In support of this application, Applicant states as follows:

### JURISDICTION AND VENUE

1.    The court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2.	Winn-Dixie Stores, Inc., et al. (the "debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005.

3.	After the Petition date and on or about May 3, 2006, Applicant was injured at the Winn-Dixie store located at 995 Sebastian Blvd. Sebastian, FL 32958, Store No. 2354 as a proximate result of the negligence of the Winn-Dixie entity operating the store in not keeping the floors reasonably safe.  As a result of the injury, Applicant has suffered damages totaling at least $200,000.00, which damages applicant can support through medical records and other proof. Discovery is ongoing and Applicant's damages may increase with future care and treatment.

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4.	Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. §503(b). It is well-established that personal injury claims arising from a post petition tort committed by the debtor are entitled to administrative status. *Reading Co. v. Brown*, 391 U.S. 471, 485 (post petition fire damages resulting from trustee's negligence were entitled to administrative expense status); In re Piper Aircraft Corp., 169 B.R. 766 (Bankr. S.D. Fla 1994).

5. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under U.S.C. §503(b) and Applicant seeks the entry of an order awarding such status.

### REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

STEPHEN C. THOMAS, ESQ.
Hayworth, Chaney & Thomas, P.A.
202 N. Harbor City Blvd., Suite 300
Melbourne, FL 32935

WHEREFORE, based upon the foregoing, Applicant requests that the court enter an order granting the relief requested herein and such other relief as it deems just and proper.

   /s/ Stephen C. Thomas
STEPHEN C. THOMAS, ESQ.
Attorney for Applicant
HAYWORTH, CHANEY & THOMAS, P.A.
202 N. Harbor City Boulevard, Suite 300
Melbourne, FL 32935
(321) 253-3300
Florida Bar No.: 0641006

I hereby certify that on January 4, 2007 I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST PETITION CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system which will cause a copy to be served on counsel for the Reorganized Debtor, James Post, Esq., 904-359-7708, Matthew Barr, Esq., 212-822-5194 and all participating parties in the CM/ECF System, all served electronically on January 4, 2007.

/s/ Stephen C. Thomas
STEPHEN C. THOMAS, ESQ.