UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,            Case No. 3:05-bk-03817-JAF

Debtor.                                Chapter 11 – Jointly Administered

_____/

## APPLICATION OF SUE ROCHETTE FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), SUE ROCHETTE ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1. On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2. The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3. Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4. The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5. The Movant's personal injury claim has not yet been liquidated. The Movant estimates the claim against the Debtor to be at least **$275,000.00.**

6. Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7. The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.   Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim.  Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.   The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

> Sue Rochette
> c/o Christopher Pavlik, Esq.
> 2639 McCormick Drive
> Clearwater, FL  33759

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

/s/DENNIS J. LEVINE, ESQ.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
DENNIS LeVINE & ASSOCIATES, P.A.
P.O. Box 707
Tampa, FL 33601-0707
(813) 253-0777
(813) 253-0975 (fax)
Attorneys for Sue Rochette
c/o Christopher Pavlik, Esq.

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift )*, 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this __4th__ day of January, 2007.

                                  /s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

Claim information

Claimant:           Sue Rochette

Narrative:          On November 10, 2005, Sue Rochette was shopping at the Winn Dixie store (#640) located in Independence Square at 1296 County Road No 1, in Dunedin, Florida. Winn Dixie's employees failed to clear the floor of any and all obstructions and negligently left a plum lying on the floor. The plum was within close proximity to the cashiers, stock clerks, and cart personnel, therefore, Winn Dixie had actual and constructive notice of the dangerous condition. As Ms. Rochette proceeded towards the cash register, she suddenly, and without warning slipped and fell forward on her left knee. It was discovered after the fall that the fall was caused by the plum left lying on the floor.

Following the fall, Ms. Rochette treated with Brian Williams, D.O., who gave Ms. Rochette a final left knee diagnosis of:
   Tear medial meniscus;
   Tear of lateral meniscus;
   Chondromalacia medial femoral condyle;
   Chondromalacia medial tibial plateau;
   Chondromalacia lateral tibial plateau;
   Synovitis; and
   Partial tear anterior cruciate ligament.

Ms. Rochette underwent a cortisone injection in the left knee and ultimately had an arthroscopy performed on the left knee with lateral and medial meniscectomies.

Claimed damages:    On behalf of Ms. Rochette, we demanded $275,000 on October 2, 2006. Ms. Rochette had $27,333.48 in outstanding medical expenses. Blue Cross Blue Shield paid $9,574.46 (asserting a lien), leaving $17,758.92 outstanding. Lost wages approximated $700.00.

Attorney to receive
notices:            Christopher R. Pavlik
                    FBN: 124516
                    2639 McCormick Drive
                    Clearwater, FL 33759
                    Office: (727) 725-9411
                    Fax:    (727) 797-0407
                    crpavlik@aol.com

EXHIBIT A