**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

WINN DIXIE STORES, INC.,                    Case No. 3:05-bk-03817-JAF

Debtor.                                     Chapter 11 – Jointly Administered

_____/

## APPLICATION OF THOMAS WOOLINGTON FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), THOMAS WOOLINGTON ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1. On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2. The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3. Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4. The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5. The Movant's personal injury claim has not yet been liquidated. The Movant estimates the claim against the Debtor to be at least **$250,000.00**.

6. Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7. The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.   Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.   The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

>Thomas Woolington
>c/o Christopher Pavlik, Esq.
>2639 McCormick Drive
>Clearwater, FL 33759

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

>/s/DENNIS J. LEVINE, ESQ.
>DENNIS J. LEVINE, ESQ.
>Fla. Bar No. 375993
>DENNIS LeVINE & ASSOCIATES, P.A.
>P.O. Box 707
>Tampa, FL 33601-0707
>(813) 253-0777
>(813) 253-0975 (fax)
>Attorneys for Thomas Woolington
>c/o Christopher Pavlik, Esq.

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994). As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this __4th__ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

Claim information

Claimant: Thomas Woolington

Narrative: On March 18, 2006, Thomas Woolington was traveling east, in the far left lane of State Road 50 in Hernando County. To his immediate right, also traveling east on State Road 50, was located a semi-tractor trailer owned by Winn Dixie and driven by a Winn Dixie employee, within the coarse and scope of his employment with Winn Dixie. As the two vehicles entered the intersection with Deltona Boulevard, a third vehicle, driven by Mary Sauerbrey made a right hand turn in front of the two vehicles, from northbound Deltona Boulevard, onto eastbound State Road 50. The Winn Dixie vehicle negligently swerved into Mr. Woolington's vehicle, impacting his vehicle on the passenger side.

Following the accident, Mr. Woolington treated with Timothy Terlep, D.C. and Gary Moskovitz, M.D. Mr. Woolington was diagnosed with a disc herniation at C5-C6 and a disc protrusion at C6-C7. Dr. Moskovitz opined that Mr. Woolington may be a surgical candidate as it related to his cervical spine.

Claimed damages: Mr. Woolington incurred $12,809.80 in total medical bills, of which, $11,402.99 were paid by Mr. Woolington's medical bills. Additionally, Mr. Woolington sustained $6,608.75 in lost wages. On behalf of Mr. Woolington we demanded $250,000 on September 18, 2006.

Attorney to receive
notices:
Christopher R. Pavlik
FBN: 124516
2639 McCormick Drive
Clearwater, FL 33759
Office: (727) 725-9411
Fax:   (727) 797-0407
crpavlik@aol.com



EXHIBIT A