UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,                   Case No. 3:05-bk-03817-JAF

    Debtor.                                Chapter 11 – Jointly Administered
_____/

### APPLICATION OF CHRISTINA CROSIER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), CHRISTINA CROSIER ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1.   On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2.   The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3.   Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4.   The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5.   The Movant's personal injury claim has not yet been liquidated. .

6.   Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7.   The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ···." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8. Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9. The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

>Christina Crosier
>c/o Christopher Pavlik, Esq.
>2639 McCormick Drive
>Clearwater, FL 33759

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

>/s/DENNIS J. LEVINE, ESQ.
>DENNIS J. LEVINE, ESQ.
>Fla. Bar No. 375993
>DENNIS LeVINE & ASSOCIATES, P.A.
>P.O. Box 707
>Tampa, FL 33601-0707
>(813) 253-0777
>(813) 253-0975 (fax)
>Attorneys for Christina Crosier
>c/o Christopher Pavlik, Esq.

---

[1] *See, e.g., Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift),* 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this __4th__ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

Claim information

Claimant:                Christina Crosier

Narrative:               On November 23, 2005, Christina Crosier was shopping at the Winn Dixie store (#681) located in Pinellas Place at 6501 102nd Avenue North, in Pinellas Park, Florida. On that date, Winn Dixie employees were unloading a pallet of ice in the subject store, when they negligently allowed loose ice to accumulate on the floor. When Ms. Crosier entered the area where the Winn Dixie employees were working, she was not warned of the presence of the ice and she stepped on the ice and fell onto her knees and elbows.

Following the fall, Ms. Crosier was diagnosed with a left knee lateral meniscus tear, a protruded disc herniation at C5-C6 and lumbar disc dysfunction. Jeffery Tedder, M.D. performed an arthroscopy on the left knee. Paul Zak, M.D. performed a nucleoplasty at L4-S1 and has provided several Xylocaine injections to the lumbar region. Gary Moskovitz, M.D. performed Xylocaine injections to the cervical spine and recommended Ms. Crosier obtain an anterior cervical discectomy and fusion at C5-C6. Ms. Crosier is currently receiving pain management care through Jairo Libreros, M.D.

Claimed damages:         Ms. Crosier has incurred approximately $85,694.46 in total medical bills, of which, none have been paid by Ms. Crosier. Additionally, Ms. Crosier sustained approximately $60,000 in lost wages. The amount of our claim is unliquidated, as no demand has been made and Ms. Crosier continues to treat.

Attorney to receive
notices:

Christopher R. Pavlik
FBN: 124516
2639 McCormick Drive
Clearwater, FL 33759
Office: (727) 725-9411
Fax:    (727) 797-0407
crpavlik@aol.com

EXHIBIT A