UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,           Case No. 3:05-bk-03817-JAF

     Debtor.                              Chapter 11 – Jointly Administered

_____/

## APPLICATION OF VERONICA REASE FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), VERONICA REASE ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1. On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2. The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3. Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4. The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5. The Movant's personal injury claim has not yet been liquidated.

6. Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7. The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ···." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.  Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.  The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

>   Veronica Rease
>   c/o Dominic O. Fariello, Esq.
>   Dominic O. Fariello, P.A.
>   1100 W. Kennedy Blvd.
>   Tampa, FL 33606

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

>   /s/DENNIS J. LEVINE, ESQ.
>   DENNIS J. LEVINE, ESQ.
>   Fla. Bar No. 375993
>   DENNIS LeVINE & ASSOCIATES, P.A.
>   P.O. Box 707
>   Tampa, FL 33601-0707
>   (813) 253-0777
>   (813) 253-0975 (fax)
>   Attorneys for Veronica Rease
>   c/o Dominic O. Fariello, Esq.

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this __4th__ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

LAW OFFICES OF

# DOMINIC O. FARIELLO, P.A.
1100 WEST KENNEDY BOULEVARD
TAMPA, FLORIDA 33606

**DOMINIC O. FARIELLO, ESQ.**
PERSONAL INJURY • CRIMINAL DEFENSE
dominicfariello@yahoo.com

(813) 251-5550
(813) 251-1808 FAX
WATS 1-800-741-1950

December 29, 2006

Dennis LeVine & Associates
103 South Blvd
Tampa, Florida 33606-1901

Re:
    Our Client:    Veronica Rease
    D/O/A:    03/21/06
    Defendant:    Winn-Dixie
    Carrier:    Sedgwick Claims Management

Dear Mr. LeVine:

The following information is enclosed:

1. Veronica Rease Veronica Yvonne Rease
   D/O/B 07-29-59
   SS #  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

2. Defendant: Winn-Dixie # 0668
   Sedgwick Claims Management claim # A611202467 (see attached letter)

3. Accident occurred on March 21, 2006, at the Winn-Dixie store # 0668,

4. Plaintiff was in the Deli/salad section when she slipped on a clear wet substance on the floor. She reported the incident and went to Sarasota Memorial for examination, evaluation and treatment. X-rays were taken and she was referred for treatment.

   The defendant was negligent in the fact that no signs of warning were posted regarding a wet surface or danger to patrons.

EXHIBIT A

Denise LeVine & Associates
December 29, 2006
Pg. 2

5. Treatment to date Dr. Mankowitz, Dr. Magrann, Physicians Group Rose Radiology, Suncoast MRI, SMH Radiology, Manatee County Hospital.

6. Injuries to neck, back, leg and hip.

7. Medicals to date $13,436.07 and continuing.

8. Last evaluation by Dr. Sonstein, Neurosurgeon, who stated Disc protrusions at C4-5, C5-6 L4-5 and L5-S1. She is being referred to Pain Management and MRI of the left hip and leg.

9. She has been unable to work since the incident

10. At the present time a demand amount has not been determined.

Persons designated to receive notices in this matter:

Dominic O. Fariello, Esquire – FLA Bar # 0576891
1100 West Kennedy Blvd
Tampa, Florida 33606
813-251-5550
Fax: 813-251-1808
E-mail: dominic-fariellolaw @ tampabay.rr.com

Should you need additional information, pleases do not hesitate to contact my paralegal, Beth Butterfield, or myself. I understand there is a time limit in which to file this action. I trust that your office can file this action timely in the Middle District Federal Court.

If there is any problem or delay please contact me immediately. Awaiting your response and confirmation. I remain.

Very truly yours,

Dominic O. Fariello, Esq.

DOF/bb