**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

WINN DIXIE STORES, INC.,                    Case No. 3:05-bk-03817-JAF

Debtor.                                      Chapter 11 – Jointly Administered

_____/

## APPLICATION OF JANIE DIMAS FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), JANIE DIMAS ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1. On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2. The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3. Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4. The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5. The Movant's personal injury claim has not yet been liquidated. The Movant estimates the claim against the Debtor to be at least **$35,000.00**.

6. Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7. The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ···." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.      Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.      The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

>       Janie Dimas
>       John Bales, Esq.
>       9700 Dr. Martin Luther King Jr. Street North, Suite 400
>       St. Petersburg, FL 33702

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

>       /s/DENNIS J. LEVINE, ESQ.
>       DENNIS J. LEVINE, ESQ.
>       Fla. Bar No. 375993
>       DENNIS LeVINE & ASSOCIATES, P.A.
>       P.O. Box 707
>       Tampa, FL 33601-0707
>       (813) 253-0777
>       (813) 253-0975 (fax)
>       Attorneys for Janie Dimas c/o John Bales, Esq.

---

[1] *See, e.g., Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994). As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift* ), 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this __4th__ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

PERSONAL AND CONFIDENTIAL
PROTECTED BY ATTORNEY/CLIENT
PRIVILEGE AND WORK PRODUCT DOCTRINE

# Memorandum

| | |
|---|---|
| To: | Dennis LeVine & Associates, P.A. |
| Case Name: | Dimas, Janie vs. Winn-Dixie Marketplace #619 d/b/a Winn-Dixie Stores, Inc. |
| File No: | 76430801 |
| From: | Justin R. Lumley |
| Date: | December 28, 2006 |
| Re: | Winn-Dixie Stores, Inc. |

- Janie Dimas
- On August 22, 2006, Ms. Bimas slipped and fell on a pink substance in the produce aisle at store #619, which is located at 4445 Sun City Center Blvd, Sun City, FL. Ms. Bimas injuries are trauma to right wrist; low back pain, trauma to right knee w/a sutured laceration; lumbar paraspinous muscle spasm; lumbar strain/sprain; lumbar disc herniation at L4-L5; left L4 and L5 hypalgesia and right S1 hypalgesia.
- $35,000.00
- John Bales Attorneys
  9700 Dr. Martin Luther King Jr. Street N., Suite 400
  St. Petersburg, FL  33702
  Telephone No:     (727) 823-9100
  Facsimile No:     (727) 579-9109
  Email:            jumley@johnbales.com
  ATTENTION:        Justin R. Lumley



EXHIBIT A