UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,           Case No. 3:05-bk-03817-JAF

Debtor.                               Chapter 11 – Jointly Administered
_____/

## APPLICATION OF DAVID L. SAYLOR FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), DAVID L. SAYLOR ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1. On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2. The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3. Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4. The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5. The Movant's personal injury claim has not yet been liquidated. The Movant estimates the claim against the Debtor to be at least **$15,000.00.**

6. Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7. The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.      Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.      The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

>David L. Saylor
>John Bales Esq.
>9700 Dr. Martin Luther King, Jr. Street North, Suite 400
>St. Petersburg, FL 33702

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

s/DENNIS J. LEVINE, ESQ.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
DENNIS LeVINE & ASSOCIATES, P.A.
P.O. Box 707
Tampa, FL 33601-0707
(813) 253-0777
(813) 253-0975 (fax)
Attorneys for David L. Saylor c/o John Bales, Esq.

---

[1] *See, e.g., Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift),* 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this __4th__ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

PERSONAL AND CONFIDENTIAL
PROTECTED BY ATTORNEY/CLIENT
PRIVILEGE AND WORK PRODUCT DOCTRINE

## Memorandum

| | |
|---|---|
| To: | Dennis LeVine & Associates |
| Case Name: | Saylor, David L. vs. Winn-Dixie Marketplace #663 d/b/a Winn-Dixie Stores, Inc. |
| File No: | 76387201 |
| From: | Justin R. Lumley |
| Date: | December 28, 2006 |
| Re: | Winn-Dixie Stores, Inc. |

- David L. Saylor
- On February 1, 2006, Mr. Saylor slipped and fell on wet floor at store #663, which is located at 2700 Recker HWY, Winter Haven, FL 33880. An employee went over the wet floor with a mop, but he did not clean it completely. There was any wet floor signs. His injuries are acute cervical sprain/strain with cervical muscle spasm and multiple cervical subluxation; status post concussion; acute thoracic sprain/strain with thoracic muscle spasm and thoracic subluxation; acute lumbosacral sprain/strain with lumbar spasm and lumbar subluxation; lumbar radiculitis, and acute sprain/strain of the bilateral sacroiliac joint.
- $15,000.00
- John Bales Attorneys
  9700 Dr. Martin Luther King Jr. Street N., Suite 400
  St. Petersburg, FL 33702
  Telephone No:   (727) 823-9100
  Facsimile No:   (727) 579-9109
  Email:          jlumley@johnbales.com
  ATTENTION:      Justin R. Lumley



EXHIBIT A