## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

          Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE
### STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
Mary Bacquain

Comes Now Mary Bacquain ("Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2.      Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3.      After the Petition Date and on or about July 16, 2006, Applicant was injured when she slipped and fell at Winn-Dixie Store  No. 202 located in Wellington Trace, Palm Beach County, Florida as a proximate result of the negligence of the Winn-

Dixie entity operating the store in failing to maintain the premises in a reasonable safe condition. Upon information and belief, the responsible Debtor is Winn-Dixie Stores, Inc. As a result of the injury, Applicant has suffered damages totaling at least $25,000.00, which damages Applicant can support through medical records and other proof. Applicant's damages may not be fully liquidated at this time.

**APPLICANT'S CLAIM IS ENTITLED TO**
**ADMINISTRATIVE EXPENSE STATUS**

4.      Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5.      In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting

Applicant's claim be served upon:

        Gary Iscoe
        Steinger & Iscoe, P.A.
        1645 Palm Beach Lakes Blvd., Suite 900
        West Palm Beach, FL  33401

        WHEREFORE, based upon the foregoing, Applicant requests that the Court enter

an order granting the relief requested herein and such other relief as it deems just and

proper.

        Respectfully Submitted,

        WILCOX LAW FIRM


        /s/ **Robert Wilcox**
        Robert D. Wilcox (FL #755168)
        6817 Southpoint Parkway, Suite 1302
        Jacksonville, FL 32216
        Telephone: (904) 281-0700
        Facsimile: (904) 513-9201


## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2007, I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system, which will cause a copy to be  served on James H. Post, Esq., Counsel  for the Reorganized Debtors, Matthew Barr, Esq. and  John MacDonald, Esq., Counsel for the Post-Effective Date Committee,  Elena L. Escamilla,  Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

        /s/ **Robert Wilcox**
        Robert D. Wilcox