UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,    Case No. 3:05-bk-03817-JAF

Debtor.    Chapter 11 – Jointly Administered

_____/

## APPLICATION OF ROSE MARIE BREECE FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), ROSE MARIE BREECE ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1. On January 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2. The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3. Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4. The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5. The Movant's personal injury claim has not yet been liquidated.

6. Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7. The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.     Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.     The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

>Rose Marie Breece
>c/o J. Reeve Bright, Esq.
>Bright Chimera & Assoc., P.A.
>135 S.E. Fifth Ave., Ste. 200
>Delray Beach, FL  33483

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

>/s/DENNIS J. LEVINE, ESQ.
>DENNIS J. LEVINE, ESQ.
>Fla. Bar No. 375993
>DENNIS LeVINE & ASSOCIATES, P.A.
>P.O. Box 707
>Tampa, FL 33601-0707
>(813) 253-0777
>(813) 253-0975 (fax)
>Attorneys for Rose Marie Breece
>c/o J. Reeve Bright, Esq.

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift )*, 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this __5th__ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

# Bright Chimera & Assoc., P.A.

J. REEVE BRIGHT, ESQ.
CATHY CHIMERA, ESQ.

135 S.E. FIFTH AVENUE
SUITE 200
DELRAY BEACH, FL 33483-4526
(561) 278-0200
FAX (561) 276-6611
e-mail: bandc@brightandchimera.com

January 2, 2007

**VIA FAX: 813-253-0975 and UPS**

Dennis J. LeVine, Esq.
Dennis LeVine & Associates, P.A.
103 South Boulevard
Tampa, FL 33606-1901

Re:  Our Client:          Rose Marie Breece
     Date of Incident:    June 5, 2005
     Debtor:              Winn-Dixie

Dear Mr. LeVine:

Debtor pursuant to the terms of the Plan of Reorganization approved by the Bankruptcy Court. It is my understanding that this claim will be filed in a timely fashion prior to the barred date of January 5, 2007.

I am unclear from the instructions received from your office as to whether you will also be serving a copy of your application on counsel for the reorganized debtor and the post effective date committee. Please advise as to whose responsibility this is so that this does not fall between the cracks.

Pursuant to your instructions, the following are the answers to your questions:

1. **Name of Claimant**: Rose M. Breece
2. **Narrative:** Date of the incident was June 5, 2005 at the Winn-Dixie store located at 14595 South Military Trail, Store No. 255, Delray Beach, Florida. The incident was triggered when a Winn-Dixie employee failed to control a set of shopping carts he was pushing and allowed them to strike the Plaintiff. The Plaintiff suffered damage to her face, including the destruction of her glasses and hearing aids and suffered cervical and back problems that required physical therapy, chiropractic treatment and attention from a neurologist. The Plaintiff was given a 9% impairment rating pursuant to the AMA Guide to Medical Impairment.

EXHIBIT _A_

Dennis J. LeVine, Esq.
Dennis LeVine & Associates, P.A.
January 2, 2007
Page Two

3. **Amount of Damages**: Medical bills - $11,372.30. The total claim is unliquidated.

4. **Address of person designated to receive notices**: J. Reeve Bright, Esq., Bright Chimera & Associates, P.A., 135 SE Fifth Avenue, Suite 200, Delray Beach, FL 33483. 561-278-0200 - FAX: 561-276-6611 - email: Reeve@BrightandChimera.com.

Sincerely,

BRIGHT CHIMERA & ASSOCIATES, P.A.

J. REEVE BRIGHT

JRB:sc

Enclosure - $200.00 check No. 2205