UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                      Case No.: 05-03817-3F1
                                                                   Chapter 11
WINN-DIXIE STORES, INC., et al.,            Jointly Administered

         Reorganized Debtors.
_____/

## APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE

COMES NOW, the Claimant, Susan Acosta, by and through undersigned counsel, and respectfully represents:

1. The Reorganized Debtors (hereafter Winn Dixie) filed for relief under Chapter 11 of the United States Code on February 21, 2005.

2. On or about May 15, 2006 Winn Dixie was the operator and in possession of a building used as a grocery store in Pinellas County, Florida.

3. On or about May 15, 2006 Claimant, Susan Acosta, went on the property as a business invitee to purchase items from the store.

4. Immediately and directly in the front of the entrance-way of Winn Dixie, the Claimant was attacked, mugged, severely beaten, and robbed by an assailant.

5. Several employees of Winn Dixie observed the beating of the Claimant and made no effort to stop the beating, or call for police assistance.

6. The Winn Dixie store at which the attack upon the Claimant occurred is in a high crime area (the corner of 62nd Street North and Dr. MLK Blvd., St. Petersburg, FL); Winn Dixie knew or should have known that it should provide security and adequate lighting in front of this location

7. Winn Dixie negligently maintained the front entrance-way of its store by failing to provide adequate lighting, failing to provide security personnel in a high crime area and failing to notify authorities of a battery taking place on the premises causing the Claimant to sustain severe injuries.

8. The negligent condition was known to Winn Dixie or had existed for a sufficient length of time so that Winn Dixie should have known of it.

9. As a result claimant was injured in and about her body and extremities, suffered pain therefrom, incurred medical expense in the treatment of the injuries, and

suffered physical and psychological handicap, and her working ability was impaired; the injuries are permanent in nature and claimant will suffer the losses and impairment in the future.

10. The Claimant is demanding payment of $1,000,000.00.

WHEREFORE, the Claimant moves this Honorable Court to enter an order requiring Winn Dixie to pay the administrative claim due in the amount of $1,000,000.00.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished either electronically or by regular U.S. Mail to: James Post, Esq., Smith, Husley & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202; Matthew Barr, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 1005; and Kenneth C Meeker, United States Trustee, 135 West Central Boulevard, Ste. 620, Orlando, FL 32801 on this 5th day of January, 2007.

LAW OFFICES OF
MARSHALL G. REISSMAN

/s/ Marshall G. Reissman
Marshall G. Reissman, Esquire
Attorney for Claimant
5150 Central Avenue
St. Petersburg, FL  33707
Telephone:  (727) 322-1999
Facsimile:  (727) 327-7999
FBN:  0310085