**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

WINN DIXIE STORES, INC.,                    Case No. 3:05-bk-03817-JAF

        Debtor.                              Chapter 11 – Jointly Administered
_____/

## APPLICATION OF BARBARA A. DEMARTINO FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

      COMES NOW the Movant(s), BARBARA A. DEMARTINO ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

      1.     On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

      2.     The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

      3.     Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

      4.     The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

      5.     The Movant's personal injury claim has not yet been liquidated. The Movant estimates the claim against the Debtor to be at least **$100,000.00.**

      6.     Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

      7.     The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.  Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.  The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

> Barbara A. DeMartino
> c/o Douglas L. Bates, Esq.
> 817 South University Drive, Suite 100
> Plantation, FL 33324

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

/s/DENNIS J. LEVINE, ESQ.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
DENNIS LeVINE & ASSOCIATES, P.A.
P.O. Box 707
Tampa, FL 33601-0707
(813) 253-0777
(813) 253-0975 (fax)
Attorneys for Barbara A. DeMartino
c/o Douglas L. Bates, Esq.

---

[1] *See, e.g., Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift ),* 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this ___5th___ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

# Law Offices of
# Koppel & Bates

A PARTNERSHIP OF PROFESSIONAL ASSOCIATIONS

DOUGLAS L. BATES
ERIC L. BERGER
WAYNE S. KOPPEL

817 SOUTH UNIVERSITY DRIVE, SUITE 100
PLANTATION, FLORIDA 33324
TEL 954 370 7878
FAX 954 370 7849
www.koppelandbates.com

January 3, 2007

**VIA FACSIMILE (813)253-0975**
**AND U.S. REGULAR MAIL**
Dennis J. LeVine, Esquire
Dennis LeVine & Associates, P.A.
103 So. Boulevard
Tampa, FL 33606-1901

RE: Our Client   : Barbara A. DeMartino
    Insured     : Winn Dixie #0218
                  2581 North Hiatus Road Cooper City, FL
    D/A         : 4/22/2005
    Our File No.: KB-05-3631

Dear Mr. LeVine:

Please allow this letter to confirm my conversation with your paralegal, Ms. Bell, relative to the filing of the application for Allowance of Administrative Claim in the above captioned case. Per her request, I have set forth the following information:

1) Name:                       Barbara DeMartino
2) Winn Dixie Location:        2581 North Hiatus Road Cooper City, FL
3) Date of Accident:           April 22, 2005
4) Description of Accident:    My client tripped and fell on a rise (4"-5") in the floor of the store.

Per her request, I have also enclosed a copy of the last demand to Sedgwick concerning potential settlement of this matter wherein we demanded the sum of $100,000.00.

Additionally, the attorney of record representing Ms. DeMartino in this firm is Douglas L. Bates, Esquire, although you can also include my name as I am admitted in the Middle District of Florida but Mr. Bates is not presently admitted there.

As I am sure you are aware the time deadline to have this Application electronically filed is this Friday, January 5, 2007. Therefore, your prompt attention to this issue is greatly appreciated.



EXHIBIT A

Mr. Dennis J. LeVine, Esquire
January 3, 2007
Page Two

     Should you have any questions or require any additional information, please feel free to call me or Mr. Bates' assistant, Laura. Thank you again for your courtesy and cooperation in this regard.

Very truly yours,

LAW OFFICES OF KOPPEL & BATES

ERIC L. BERGER

ELB:lls
Enclosure: As stated above