**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:

    WINN-DIXIE STORES, INC., et al.,

        CASE NO.: 05-03817-3F1

        Debtor.

---

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE**
**STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE**
RUTH HOLLAND

**COMES NOW**, RUTH HOLLAND ("Applicant"), by and through her undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C.§ 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C.§§ 157 and 1334. Venue is proper pursuant to 28 U.S.C.§ 157 (b)(2).

**FACTUAL BACKGROUND**

2. Winn-Dixie Stores, Inc., et al. ("the Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

1

3. After the Petition Date and on or about June 5, 2006, Applicant was injured at the Winn-Dixie Store, Store # 85, located at 407 W. Madison Street, Starke, Florida. As a proximate result of the injury, Applicant has suffered severe damages totaling at least $50,000.00, which are not fully liquidated, but which damages Applicant can support through medical records and other proof.

## APPLICANT CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate...". 11 U.S.C. § 503(b). It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown*, 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.* 169 B.R. 766 (Bankr. S.D. Fla 1994); *Matter of Jartran, Inc.*, 732 F. 2d 584, 587 (7th Cir. 1984); *Siedle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla 1989).

5. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim totaling at least **$50,000.00** is entitled to administrative expense status under 11 U.S.C. § 503 (b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

> Rehan N. Khawaja, Esquire
> Bankruptcy Law Offices of Rehan N. Khawaja
> 817 North Main Street
> Jacksonville, Florida 32202
>
> and
>
> Ronald E. Sholes, Esquire
> 964 N. Temple Avenue
> Starke, Florida 32091

**WHEREFORE**, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

*/s/ Rehan N. Khawaja*
REHAN N. KHAWAJA, ESQUIRE
Florida Bar No: 0064025
817 North Main Street
Jacksonville, Florida 32202-3094
Telephone:   (904) 355-8058
Facsimile:    (904) 355-8058

Attorney for Applicant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5th, 2007, I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system, which will cause a copy to be served on **James H. Post, Esquire**, Counsel for the Reorganized Debtors, **Matthew Barr, Esquire** and **John MacDonald, Esquire**, Counsel for the Post-Effective Date Committee, **Elena L. Escamilla, Esquire**, Counsel for the Office of the United States Trustee, and all other parties participating in the CM/ECF System, all served electronically.

REHAN N. KHAWAJA, ESQUIRE
Florida Bar No: 0064025