IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| WINN-DIXIE STORES, INC., <u>et al.</u>, ) | Case No. 05-03817 |
|     Reorganized Debtors. ) | Chapter 11 |
| ) | Jointly Administered |
| _____) | |

### DECLARATION IN SUPPORT OF UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES' REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE

Dale K. Kendrick, of the City of Atlanta, County of Fulton, and State of Georgia, declares and says as follows:

1. I am the Associate Regional Administrator, Division of Medicare Financial Management, Centers for Medicare & Medicaid Services (CMS), United States Department of Health and Human Services (DHHS) in Atlanta, Georgia, and am duly authorized to make this request for payment on behalf of DHHS.

2. On February 21, 2005, Winn-Dixie, Inc. and twenty-three of its subsidiaries (Debtor) filed a petition in the United States Bankruptcy Court for the Southern District of New York under Chapter 11 of the United States Bankruptcy Code. On April 14, 2005, Debtor's bankruptcy case was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3. Prior to February 21, 2005, Debtor sponsored employer group health plans for its employees and their dependents, collectively referred to as the "benefit plans". During the course of the Chapter 11 case, Debtor continued to provide health benefits to its employees and their dependents through the Benefit Plans.

4. Prior to February 21, 2005, Debtor also maintained liability and property insurance policies and programs, including self-insured policies and workers' compensation policies collectively referred to by the Debtor as the "insurance programs". During the course of the Chapter 11 case, Debtor continued its insurance programs.

5. On November 9, 2006, the Court entered its Order Confirming the Debtor's Plan of Reorganization (the Plan). The Plan became effective on November 21, 2006 (the effective date).

6. The Court ordered that all claims arising against the Debtor between February 21, 2005 and the effective date be filed with the Court no later than January 5, 2007.

7. DHHS' request for payment of administrative expense consists of two types: (1) a request for payment for post-petition overpayments in the amount of $931.67 made by DHHS to Debtor as a supplier of pharmaceutical goods to Medicare beneficiaries; and (2) a request for payment of an unliquidated amount pursuant to the Medicare Secondary Payer (MSP) statute, 42 U.S.C. § 1395y(b)(2), for reimbursement of an undetermined amount of conditional Medicare payments made between February 21, 2005 and the effective date, for which Debtor is responsible for payment under its benefit plans and insurance programs.

8. First, Debtor participates in the Medicare program under the supplier numbers 0556050001 through 0556050978 to supply medical goods to Medicare

beneficiaries.

9. 42 U.S.C. § 1395gg directs DHHS to recoup or otherwise recover overpayments DHHS makes to persons or entities that furnish items or services to Medicare beneficiaries.

10. The amount of DHHS' request for payment for post-petition supplier overpayments is $931.67. *See* Exhibit A attached.

11. Second, the MSP statute, 42 U.S.C. § 1395y(b)(2), directs DHHS to recover conditional Medicare payments for medical items and services when payment for those same items and services has been or can be expected to be made by a liability insurance plan, including a self-insured plan, an employer group health plan (EGHP), or a workers' compensation plan. 42 U.S.C. § 1395y(b)(2)(B); 42 C.F.R § 411 et seq.

12. A primary plan, including a self-insured entity, must reimburse DHHS for Medicare payments made with respect to an item or service if such primary plan has or had a responsibility to make payment with respect to such item or service. 42 U.S.C. § 1395y(b)(2)(B)(ii).

13. DHHS is entitled to seek reimbursement from Debtor for Medicare's conditional payments to the extent that Medicare made conditional payments on behalf of Debtor's employees or their eligible dependents for medical services while Debtor was responsible for payment of those same medical services under the Benefit Plans.

14. DHHS is entitled to seek reimbursement from Debtor for Medicare's conditional payments to the extent that Medicare made conditional payments for medical items or services for which Debtor is responsible for payment under its

insurance programs.

15. DHHS' request for payment of administrative expense pursuant to the MSP statute is unliquidated at this time.

16. DHHS will amend its request for payment of administrative expense if any proper basis exists, including, but not limited to: the discovery of additional supplier overpayments, and the identification of any conditional Medicare payments for which the Reorganized Debtor is or should be responsible for payment under its benefit plans and insurance programs.

17. The filing of this request for payment is not to be construed as a waiver of the right of the United States, or any agency or instrumentality thereof, to follow any property, or the proceeds thereof, into the hands of whomsoever the same may be, including a trustee in bankruptcy, or as a waiver of any other claim or right of action, setoff or recoupment or of any right whatsoever, that the United States or any agency or instrumentality thereof has or may have against Debtor, a trustee, or any other person. Specifically, DHHS reserves the right to set off all amounts due DHHS against any amount due to Debtor by DHHS or any other federal agency or instrumentality, including, but not limited to the Internal Revenue Service.

18. Copies of all pleadings and other papers affecting this request for payment of administrative expense should henceforth be served upon the United States Department of Justice, United States Attorney for the Middle District of Florida and upon the United States Department of Health and Human Services at the following addresses:

Ruth A. Harvey
Senior Trial Counsel
United States Department of Justice
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044

If by Federal Express or private courier:

1100 L Street, NW
Room 10062
Washington, DC 20005

Kyle Forsyth
Trial Attorney
United States Department of Justice
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044

If by Federal Express or private courier:

1100 L Street, NW
Room 10044
Washington, DC 20005

Marcio Valladares
Assistant United States Attorney
United States Attorney's Office
300 North Hogan Street
Suite 700
Jacksonville, Florida 32202

Gary Kurz
Assistant Regional Counsel
Office of the General Counsel
Dept. of Health and Human Services
61 Forsyth Street, S.W.
Suite 5M60
Atlanta, Georgia  30303-8909

Palmetto GBA DMERC
Outstanding Accounts Receivable
Winn-Dixie Stores, Inc

| SUPPLIER | DCN | SEQ | LETTER DATE | ORIG AMOUNT | ACCRUED INT | INT COLL | PRIN BAL | CCN | SERVICE DATE |
|---|---|---|---|---|---|---|---|---|---|
| POST PETITION DEBTS | | | | | | | | | |
| 0556050028 | 05214903875 | 000 | 8/8/2005 | 59.10 | 9.44 | 0.00 | 59.10 | 05158746574000 | 5/20/2005 |
| 0556050457 | 05214903887 | 000 | 8/8/2005 | 15.99 | 2.56 | 0.00 | 15.99 | 05158747383000 | 5/20/2005 |
| 0556050221 | 05357900754 | 000 | 12/30/2005 | 59.10 | 6.60 | 0.00 | 59.10 | 05300765397000 | 11/9/2005 |
| 0556050538 | 06039905062 | 000 | 2/13/2006 | 58.83 | 5.80 | 0.00 | 58.83 | 05285740261000 | 9/26/2005 |
| 0556050460 | 06053900237 | 000 | 2/27/2006 | 67.40 | 6.03 | 0.00 | 67.40 | 06002705799000 | 12/15/2005 |
| 0556050221 | 06061903136 | 000 | 3/9/2006 | 59.10 | 5.22 | 0.00 | 59.10 | 06035671288700 | 12/6/2005 |
| 0556050304 | 06061903146 | 000 | 3/9/2006 | 29.55 | 2.61 | 0.00 | 29.55 | 05167777229200 | 5/31/2005 |
| 0556050215 | 06068900210 | 000 | 3/16/2006 | 68.75 | 6.12 | 0.00 | 68.75 | 06035476243700 | 12/3/2005 |
| 0556050607 | 06068900211 | 000 | 3/16/2006 | 18.20 | 1.62 | 0.00 | 18.20 | 06010717863000 | 12/24/2005 |
| 0556050972 | 06068900212 | 000 | 3/16/2006 | 68.46 | 6.12 | 0.00 | 68.46 | 06004700689000 | 12/19/2005 |
| 0556050207 | 06096900537 | 000 | 4/13/2006 | 50.37 | 3.78 | (3.50) | 28.67 | 06012765504000 | 12/21/2005 |
| 0556050625 | 06123900926 | 000 | 5/8/2006 | 59.10 | 4.20 | 0.00 | 59.10 | 06059712578000 | 2/10/2006 |
| 0556050625 | 06153903387 | 000 | 6/9/2006 | 59.10 | 3.60 | 0.00 | 59.10 | 06107749778000 | 3/30/2006 |
| 0556050625 | 06208902538 | 000 | 8/3/2006 | 68.75 | 2.88 | 0.00 | 68.75 | 06166754355000 | 5/31/2006 |
| 0556050501 | 06245900053 | 000 | 9/11/2006 | 59.10 | 1.86 | 0.00 | 59.10 | 06163816104000 | 5/16/2006 |
| 0556050406 | 06307903040 | 000 | 11/10/2006 | 39.99 | 0.41 | 0.00 | 39.99 | 06282821373000 | 9/22/2006 |
| 0556050625 | 06324905377 | 000 | 11/27/2006 | 39.99 | 0.00 | 0.00 | 39.99 | 06271767045000 | 9/13/2006 |
| 0556050221 | 06339905415 | 000 | 12/11/2006 | 32.50 | 0.00 | 0.00 | 32.50 | 06291705752000 | 10/2/2006 |
| 0556050625 | 06339905424 | 000 | 12/11/2006 | 39.99 | 0.00 | 0.00 | 39.99 | 06303835681000 | 10/13/2006 |
| | | | | 953.37 | 68.85 | (3.50) | 931.67 | | |

1/4/2007

Exhibit A

CERTIFICATION:

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 4th day of January, 2007.

Dale K. Kendrick
Associate Regional Administrator
Division of Medicare Financial Management
Centers for Medicare & Medicaid Services
U.S. Dep't. of Health & Human Services
Atlanta, Georgia