UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | |
| | ) | Chapter 11 |
| Debtors | ) | |
| | ) | Jointly Administered |
| _____ | ) | |

MOTION OF HERITAGE MINT, LTD. FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE PRIORITY CLAIM PURSUANT TO 11 U.S.C. SECTION
503(b), AND IN THE ALTERNATIVE, SECTION 546(c)(2)(A)

Heritage Mint, Ltd., ("Heritage"), by and through its undersigned counsel, hereby moves

this Court to enter an order determining Heritage's allowed administrative priority reclamation

claim pursuant to 11 U.S.C. §546(c)(2)(A) (and alternatively pursuant to 11 U.S.C. §503(b)), and

further ordering immediate payment of the allowed claim.  This motion is based on this Court's

August 2, 2005 *order regarding reconciliation of reclamation vendors' claims* (docket 2725);

the August 25, 2005 Order Approving Stipulation Between Debtors and Heritage Mint Ltd.

Resolving Rights of Parties Under Contract (Stipulation); and the November 4, 2006 Order

Approving the Debtor's Motion for Determination of Unresolved Reclamation Claims (docket

4052).

**Procedural History**

1.     On February 21, 2005 (the "Petition Date") the debtors (collectively "Debtor")

filed  voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the Southern District of New York.  The Debtors' cases are being jointly

administered in these proceedings.  By order dated April 13, 2005, venue was transferred to this

Court.

2.      The Debtor is operating its properties and managing their business as debtors-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

3.      On August 2, 2005, the Court entered its Order Correcting Order Dated July 29, 2005 (Docket No. 2680) to Attach Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendor's Reclamation Claims and Establishing Post-Petition Trade Lien Program.

4.      On August 3, 2005, debtor entered into a Stipulation Between Debtors and Heritage Mint Ltd. Resolving Rights of Parties Under Contract ("Stipulation") concerning return of all Heritage's goods in the possession of Winn-Dixie (Docket No.  2759).  The Court approved the stipulation on August 25, 2005 (Docket No.  3209).

5.      On August 9, 2006, Debtors-in-possession filed their plan of reorganization ("Plan") and disclosure statement.  Fifty-one objections to the plan were filed and on October 13, 2006, the Court took the matter of plan confirmation under advisement.  No order on confirmation has yet been entered.

6.      On September 30, 2005, Debtor filed its Motion for Determination of Unresolved Reclamation Claims (Docket No.  3730).

7.      On November 4, 2005, the agreed gross reclamation claim of Heritage (under it's product name "WOW Dinnerware") was established by this Court's Order  approving the Debtor's Motion for Determination of Unresolved Reclamation Claims (Docket No.  4052), and ordering that the agreed upon gross reclamation amount of Heritage's reclamation claim of $197,341.68 to be deemed an established material fact and law of the case in these proceedings.

8.      Pursuant to the Court's August 2, 2005 Order (Docket No. 2680) regarding

2

reconciliation of reclamation vendor's claims, the reconciliation process described above determined the goods received by the Debtors during the Reclamation Window and the extent to which the Reclamation Invoices remain unpaid.

## Basis For Administrative Claim

8.      The amount of Heritage's administrative priority reclamation claim amount was initially established by the Court's November 4, 2006, order (docket 4052), which deemed the goods reclaimed by Heritage to have a value of $197,341.68 and the reclamation demand to have been properly made.

9.      By reason of the return of goods approved by Court's August 25, 2005, Order approving to the Stipulation between Debtor and Heritage, Heritage's unpaid administrative priority reclamation claim was reduced to $140,564.59.

10.     Heritage's administrative priority reclamation claim remains unpaid.

11.     No consumption rate as proposed in the August 2, 2005 Order (Docket No. 2680) applies to Heritage's claim, for the reason that Heritage repurchased all of its unpaid inventory in the hands of Debtor on a post-petition basis pursuant to the Stipulation.

12.     In addition, no consumption rate as proposed in the August 2, 2005 Order (Docket No. 2680)  applies to Heritage's claim, for the reason that Heritage did not opt-in to the post-petition trade lien program established by that order because Heritage's contract with Debtor concluded as of August 9, 2006.

12.     In the alternative, Heritage's post-petition payment of not less than $131,320.67 to Debtor for the return of unpaid goods pursuant to the Settlement constitutes a post-petition administrative priority claim for actual, necessary costs and expenses incurred after the Petition Date of preserving the Estates and operating the businesses of the Debtor pursuant to

11 U.S.C. § 503(b).

WHEREFORE, Heritage Mint Ltd. requests this Court enter an Order

1.      Allowing Heritage Mint Ltd.'s administrative priority reclamation claim in the amount of $140,564.59;

2.      Directing debtors to immediately pay Heritage's allowed administrative priority reclamation claim; and

3.      Granting such other and further relief to Heritage as the Court deems just and proper.

Dated: January 5, 2007.

SHUTTS & BOWEN, LLP

_____/s/ Andrew M. Brumby_____
Andrew M. Brumby, Esq.
300 South Orange Avenue, Suite 1000
P. O. Box 4956
Orlando, FL 32802-4956
Attorneys for Creditor Heritage Mint, Ltd.


Kent A. Lang
Lang & Baker, PLC
8767 E. Via De Commercio, Suite 102
Scottsdale, AZ 85258
Co-Counsel

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing Motion of Heritage Mint, Ltd. for Allowance and Payment of Administrative Expense Priority Claim Pursuant to 11 U.S.C. Section 503(b), and in the Alternative, Section 546(c)(2)(A), by regular U.S. Mail and/or electronic means to the parties listed below this 5th day of January 2007.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL  32254-3699

Stephen D. Busey, Esq.
James H. Post, Esq.
Smith, Hulsey & Busey
Co-Counsel for Reorganized Debtors
225 Water St., Suite 1800
Jacksonville, FL  32202

Elena L. Escamilla, Esq.
U.S. Trustee
135 W. Central Blvd., Suite 620
Orlando, FL  32801

D. J. Baker, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Counsel for Reorganized Debtors
Four Time Square
New York, NY 10036

Dennis F. Dunne, Esq.
Matthew Barr, Esq.
Milbank, Tweed, Hadley & McCloy LLP
Counsel for Post-Effective Date Committee
One Chase Manhattan Plaza
New York, NY  10005

John B. MacDonald, Esq.
Akerman Senterfitt
Co-counsel for Post-Effective Date Committee
50 North Laura Street, Ste. 2500
Jacksonville, FL  32202

/s/ Andrew M. Brumby
       Counsel

ORLDOCS 10823433 1