UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al.,   Case No. 3:05-bk-03817-JAF

Debtors.   Chapter 11 – Jointly Administrated

_____/

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR POST-PETITION PERSONAL INJURY CLAIMANT

Movant, ANA ROSA JEAN (the "Movant"), by and through undersigned counsel, and pursuant to 11 U.S.C. §503, respectfully request this Court enter an Order approving this application for payment of administrative expense claim against the Estate, and to authorize payment of this claim (the "Application"), and in support thereof states as follows:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York and were transferred to this Court on April 13, 2005.

2. On November 9, 2006, Court entered an Order confirming Debtors' Joint Plan of Reorganization (the "Confimation Order") [CP#12440].

3. The Confirmation Order provides that pursuant to Section 12.1 to Debtors' Joint Plan of Reorganization (the "Plan"), the deadline for filing requests for payment of post-petition administrative claims is January 5, 2007 (the "Administrative Claims Bar Date").

4. On December 4, 2003, the Movant suffered personal injuries as a result of negligence by the Debtor's store located at 1201 East 10th Avenue, Hialeah, Miami-Dade County, Florida.

5. The personal injury claim of the Movant has yet to be liquidated.

6. Thus, pursuant to the Confirmation Order and the Plan, this Application is timely.

7. The Court may award an administrative expense priority under §503(b) for the "actual, necessary costs and expenses of preserving the estate...." 11 U.S.C. §503(b)(1).

8. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.

9. The Movant respectfully requests the Court enter an Order allowing this post-petition administrative expense claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of this post-petition claim, the Movant requests the Court enter an order requiring the Debtors to pay the allowed administrative claim in full.

10. In accordance with the Confirmation Order and Section 12.1 of the Plan, Movant has served a copy of the Application on counsel for the Reorganized Debtors and the Post-Effective Date Committee.

WHEREFORE, the Movant, **ANA ROSA JAEN**, requests that this Court enter an Order (1) deeming the administrative claim asserted by the Movant as a timely assertion of an administrative claim subject to liquidation by either consent of the

parties or a court of competent jurisdiction; (2) requiring the Debtors to pay the administrative expense claim immediately upon entry of an order allowing the claim; and (3) granting any such further relief as this Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via electronically mail or regular U.S. mail to: James Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Fl 32202 and Matthew Barr, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005, this 2 day of January, 2007.

*Ana R. Jaen*
ANA ROSA JEAN