IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>WINN-DIXIE STORES, INC. et al.,<br><br>Debtor. | CASE NO. 05-03817-3F1<br><br>CHAPTER 11<br><br>Jointly Administered |

**REQUEST OF CAROLINA ENTERPRISES, INC. FOR THE ALLOWANCE/PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER CODE SECTIONS 365(d)(3), 503(b) AND 507(a)(2)**

Carolina Enterprises, Inc. ("Landlord"), by and through its undersigned counsel, and requests that it be allowed an Administrative Expense Claim herein in the amount of $8,544.68 in accordance with Code Sections 365(d)(3), 503(b) and 507(a)(2), and that such Claim be paid in accordance with the terms of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors and the Court's Order confirming said Plan. For grounds, the Landlord states as follows:

1. The Landlord, as landlord, and Winn-Dixie Raleigh, Inc., as successor-in-interest to Winn-Dixie Charlotte, Inc. ("Tenant"), as tenant, were parties to a Lease dated February 25, 1993 (the "Lease") for the rental of certain nonresidential real estate located at 1611 South Irby Street, Florence, South Carolina, and more particularly described in the Lease (the "Premises") at which the Debtors operated a Winn-Dixie grocery store (Store #2116). A copy of the Lease is attached hereto as Exhibit A.

2. The Debtors filed their Chapter 11 petitions on February 21, 2005 (the "Petition Date").

C-1016920v2 11651.01011

3.  The Lease was rejected effective as of May 3, 2005 (the "Rejection Date") when the Tenant tendered possession of the Premises to the Landlord by delivering the keys thereto via Federal Express, all in accordance with the Court's May 19, 2005 Order Authorizing (I) Retroactive Rejection of Certain Real Property Leases and (II) Abandonment of Related Personal Property.

4.  Code Section 365(d)(3) expressly requires the Debtors to timely perform their obligations under the Lease, as follows:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).

5.  The Debtors have paid some, but not all, of their obligations arising under the Lease from and after the Petition Date through the Rejection Date, notwithstanding the mandate set forth in Code Section 365(d)(3). The Debtors have failed to pay the Landlord the following post-petition occupancy charges required to be paid under the Lease in the amount of $8,544.68 for the period from the Petition Date through the Rejection Date:

| | |
|---|---:|
| Common Area Maintenance (Lease paragraph 31)<br>($1,749.55 in total charges X 58.22% of the total area of the center) | $1,018.59 |
| Real Estate Taxes (Lease paragraph 37)<br>[($48,314.58 in total taxes /365 days per year)<br>X 58.22% of the total area of the center X 72 post-petition, pre-rejection days) | $5,548.69 |
| Insurance (Lease paragraph 15)<br>[($17,218 in total charges/365days per year)<br>X 58.22%of the total area of the center X 72 post-petition, pre-rejection days] | $1,977.40 |
| | $8,544.68 |

Copies of invoices supporting these charges are attached hereto as Exhibit B.

6. The Landlord is entitled to a claim against the Debtors in the amount of $8,544.68, with such claim having administrative expense priority pursuant Code Sections 503(b) and 507(a)(2).

7. The filing of this Request is not necessary pursuant to section 12.1 of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated August 9, 2006, (the "Plan") because these amounts due Landlord pursuant to this Request have not been disputed and are payable and should have been paid by the Debtors in the ordinary course of business. Nevertheless, out of an abundance of caution, the Landlord is filing this Request.

WHEREFORE, Carolina Enterprises, Inc. requests that its Administrative Expense Claim in the amount of $8,544.68 be allowed pursuant to Code Sections 365(d)(3), 503(b) and 507(a)(2) and paid in accordance with the terms of the Plan and the Court's Order confirming said Plan.

Dated: January 5, 2007.

/s/ Alan M. Weiss
HOLLAND & KNIGHT, LLP
Alan M. Weiss
Florida State Bar No. 340219
50 North Laura Street
Suite 3900
Jacksonville, FL, 32202
Phone: (904) 353-2000
Fax: (904) 358-1872

Of Counsel
B. Chad Ewing
N.C. Bar No. 27811
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **REQUEST OF CAROLINA ENTERPRISES, INC. FOR THE ALLOWANCE/PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER CODE SECTIONS 365(d)(3), 503(b) AND 507(a)(2)** has been served upon each of the parties to this action by facsimile and by depositing same in the United States mail, postage prepaid, in an envelope(s) addressed as follows:

Reorganized Debtors
James Post
Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, Florida 32202
Fax: (904) 359-7708
Email: jpost@smithhulsey.com

Post-Effective Date Committee
Matthew Bar
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, New York 10005
Fax: (212) 822-5194
Email: mbarr@milbsank.com

This 5th day of January, 2007.

/s/Alan M. Weiss
Alan M. Weiss

# 4281280_v1

C-1016920v2 11651.01011

4