**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF FLORIDA**
**JACKSONVILLE, FLORIDA**

In Re:

WINN DIXIE STORES, INC.                Case No.  3:05-bk-03817-3F1

    Debtors.                             Chapter 11 – Jointly Administered

_____/

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS**
**FOR CERTAIN POST-PETITION PERSONAL INJURY CLAIMANTS**

    COMES NOW, the Movant, GERALD BUSH,  by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving their application to have allowed administrative claims against the Estate, and to authorize payment of these claims, and would show:

    1.    On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code.

    2.    The Debtors are operating their businesses and managing their property as a debtor in possession pursuant to §1107(a) and 1108 of the Bankruptcy Code.

    3.    The Court has appointed an official committee of unsecured creditors to serve in these cases.

    4.    The Debtors assert in pleadings filed with the Court that approximately 3,200 Proofs of Claim were filed involving unliquidated personal injury or property damage claims for which litigation had been commenced or threatened against the Debtors per-petition.  The Court has entered Orders setting out certain procedures to resolve personal injury claims.

    5.    Subsequent to the filing of the case, on June 4, 2006 the Movant suffered personal injuries as a result of negligence by the Debtors.

    6.    The personal injury claim of the Movant has not yet been liquidated.

    7.    The Court has, or shortly will, enter an Order setting a bar date to file an administrative expense claim.

    8.    The Court may award an administrative expense priority under §503(b) for the "actual, necessary costs and expenses of preserving the estate …"   11 USC §503(b)(1).

9. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

10. The Movant respectfully requests the Court enter an Order allowing their post-petition administrative expense claim, subject to liquidation by either consent of the parties or a Court of competent jurisdiction. Upon liquidation of their post-petition claim, the Movant requests the Court enter an Order requiring the Debtors – as a condition of confirmation of their Chapter 11 Plan – to pay the allowed administrative claims in full.

11. The Movant requests the Court limit notice of the Debtors, and counsel for the Unsecured Trade Creditors Committee.

          LAWLOR, WINSTON & JUSTICE, P.A.
          **Attorneys for Plaintiff GERALD BUSH**
          2701 West Oakland Park Boulevard
          Suite 100
          Fort Lauderdale, FL 33311
          954-525-2345

          By:    /s/ Morris S. Finkel
               MORRIS S. FINKEL, ESQ.
               Fl. Bar #: 210651

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471,485,88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *Reading Co. v. Brown,* 391 U.S. 471,485,88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R.766 (Bkrtcy. S.D. Fla. 1994). As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefited the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F,2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla 1989).

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing was furnished by electronic or standard mail to the parties listed below on this 5th day of January, 2007.

          LAWLOR, WINSTON & JUSTICE, P.A.
**Attorneys for Plaintiff**
2701 West Oakland Park Boulevard
Suite 100
Fort Lauderdale, FL   33311
954-525-2345


By:____/s/ Morris S. Finkel_____
      MORRIS S. FINKEL, ESQ.
      Fl. Bar #: 210651


Winn-Dixie Store, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

Stephen D. Busey, Esq.
225 Water St., Ste. 1800
Jacksonville, FL  32202

Adam Ravin, Esq.
Four Times Square
New York, NY  10036

Kenneth C. Meeker, US Trustee
135 W. Central Blvd. Ste. 620
Orlando, FL 32081

Alan E. Wulbern, Esq.
225 Water St., Ste 1800
Jacksonville, FL  32202

Elena L. Escamilla, Esq.
135 W. Central Blvd. Ste. 620
Orlando, FL  32806

Cynthia C. Jackson, Esq.
225 Water St., Ste 1800
Jacksonville, FL  32202

Dennis F. Dunne, Esq.
1 Chase Manhattan Plaza,
New York, NY 10005

James H. Post, Esq.
225 Water St., Ste 1800
Jacksonville, FL  32202

John B. MacDonald, Esq.
50 N. Laura St., Ste. 2500
Jacksonville, FL  32202

Joshua M. Katz, Esq.
999 Peachtree St., 14th Flr
Atlanta, GA  30309

Patrick P. Pantangan, Esq.
50 N. Laura St., Ste. 2500
Jacksonville, FL  32202

Leanne M. Prendergast, Esq.
225 Water St., Ste 1800
Jacksonville, FL  32202