**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.
_____

Case No. 05-03817-3F1

*Chapter 11*

Jointly Administered

**APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE**

**CREDITOR NO.: WDX-538526-EF-BA**
**NORMAN, DEBBIE**

Comes now Debbie Norman (the "Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an Order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plain as confirmed. In support of this Application, Applicant states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

**FACTUAL BACKGROUND**

2. Winn-Dixie Stores, Inc. et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 2, 2005 (the "Petition Date").

3. After the Petition Date and on or about August 26, 2006 Applicant was injured at the Winn-Dixie store located at Lofton Square in Yulee, Florida. As a proximate result of the injury, Applicant has suffered severe damages totaling in excess of $39,500.00 which damages Applicant can support through medical records and other proof.[1]

### APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate..." 11 U.S.C. § 503(b)(1). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. See, *Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's $39,500.00 claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

### REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

> J.Scott Nooney & Associates, P.A.
> Michael K. Roberts, Esq.
> 3535 Hendricks Avenue
> Jacksonville, Florida 32207

---

[1] Applicant's damages may not be fully liquidated at this time.

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully Submitted.

    /S/ Michael K. Roberts
Michael Roberts, Esq.
Florida Bar No.: 779741
Law Offices of J. Scott Nooney & Associates, P.A.
3535 Hendricks Avenue
Jacksonville, Florida  32207
Telephone: (904) 398-1992

## CERTIFICATE OF SERVICE

I hereby certify that on January, 4, 2007, I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST PETITION CLAIM AND REQUEST FOR NOTICE through the CM/ECF filing system.  A copy of which was served on James H. Post, Esq., Counsel for the Reorganized Debtors, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; Matthew Barr, Esq., Counsel for the Post-Effective Date Committee, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 by United States mail, postage prepaid this 4th day of January, 2007.

    /S/ Michael K. Roberts
Michael K. Roberts, Esq.