**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

WINN DIXIE STORES, INC.,                    Case No. 3:05-bk-03817-JAF

      Debtor.                                    Chapter 11 – Jointly Administered

_____/

**APPLICATION OF PAULA A. YEOMAN FOR ALLOWANCE OF**
**ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)**

      COMES NOW the Movant, PAULA A. YEOMAN ("Movant"), by and through her undersigned attorneys, and pursuant to 11 U.S.C. §503, requests this Honorable Court enter an Order approving this application for allowance of an administrative claim against the Estate, and to authorize payment of the claim.  In support hereof, Movant says:

      1.      On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

      2.      The Court confirmed the Debtor's Plan of Reorganization.  The effective date of the Plan is November 21, 2006 ("Effective Date").

      3.      Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence.  As a proximate result of the negligence, Movant has suffered damages, a summary of which injuries and damages I is attached hereto and incorporated by reference as Exhibit "A."

4.      The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5.      The Movant's personal injury claim has not yet been liquidated.

6.      Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7.      The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate . . ." 11 U.S.C. § 503(b)(1).  Damages for injuries arising from a post-petition tort committed by a debtor are entitled to administrative expense status.  *See*, Reading Co. V. Brown, 391 U.S. 471 (1968); In Re Jartran, Inc., 732 F.2d 584 (7th Cir. 1984).

8.      Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim.  Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a Court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.      The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

> Charles F. Schmitt, Esquire
> Law Offices of Fred Tromberg
> 4925 Beach Boulevard
> Jacksonville, Florida 32207

-2-

WHEREFORE, the movant, PAULA A. YEOMAN, respectfully prays this Honorable Court enter an order approving the allowance of her post-petition personal injury claim as an administrative expense, and granting such other relief as is just and proper.

/s/ Wendell Finner
Wendell Finner, Florida Bar No. 93882
234 9th Avenue South
Jacksonville Beach, Florida 32250-6537
(904) 242-7070
(904) 242-7054 fax
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was sent via the electronic case filing service and by electronic mail to James Post, Esquire, jpost@smithhulsey.com and Matthew Barr, Esquire, mbarr@milbank.com this 5th day of January, 2007.

/s/ Wendell Finner

# EXHIBIT "A"

**Yeoman v. Winn Dixie**

**Date of Incident**:                    August 6, 2006

**Location of Incident**:            Winn Dixie Store
                                                   3000 Dunn Avenue
                                                   Jacksonville, FL  32218

**Description of Incident/Injury:**

On the above-referenced date, the Plaintiff, Paula A. Yeoman, was patronizing the Winn Dixie Store located at 3000 Dunn Avenue in Jacksonville, Florida, whereupon she suffered an unprovoked assault and subsequent battery by Terrance Diaz, a Winn Dixie employee.  Winn Dixie was negligent in its hiring, retention, and/or supervision of said employee, a convicted felon still on probation for fleeing/alluding a law enforcement officer. This incident occurred only days after Mr. Diaz was released from thirty (30) days of incarceration associated with the previously-referenced felony conviction for which the Store Manager of the Winn Dixie at issue had knowledge and retained Mr. Diaz as an employee nonetheless, placing him into contact with the general public – notwithstanding his criminal record illustrating a clear lack of respect for (police) authority – without adequate supervision.

**Damages**:

In addition to various physical trauma arising from the above-referenced incident, Ms. Yeoman has been diagnosed with post-traumatic stress syndrome and other associated post-incident psychological anguish.

**Status of the Case**:

No demand has yet been made.  Medical treatment is on-going.  Damages at this time are unliquidated.

**Counsel for Ms. Yeoman**:

Charles F. Schmitt, Esquire
Law Offices of Fred Tromberg
4925 Beach Boulevard
Jacksonville, FL  32207
(904) 396-5321
(904) 396-5730 (fax)