# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,                    Case No. 3:05-bk-03817-JAF

    Debtor.                                  Chapter 11 – Jointly Administered

_____/

## APPLICATION OF ELAINE BARCLAY FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

      COMES NOW the Movant(s), ELAINE BARCLAY ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

      1.     On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

      2.     The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

      3.     Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

      4.     The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

      5.     The Movant's personal injury claim has not yet been liquidated. .

      6.     Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

      7.     The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ···." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8. Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9. The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

> Elaine Barclay
> c/o Daniel J. Leeper, Esq.
> Law Office of Daniel J. Leeper & Silvia Jimenez Leeper
> 5450 First Ave., North, Suite B
> St. Petersburg, FL 33710

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

/s/DENNIS J. LEVINE, ESQ.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
DENNIS LeVINE & ASSOCIATES, P.A.
P.O. Box 707
Tampa, FL 33601-0707
(813) 253-0777
(813) 253-0975 (fax)
Attorneys for Elaine Barclay
c/o Daniel J. Leeper, Esq.

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this __5th__ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

# LAW OFFICE OF
## Daniel J. Leeper and Silvia Jimenez Leeper

**Personal Injury Law**                     **Marital & Family Law**

January 3, 2007

Dennis LeVine and Associates
103 South Boulevard                      **VIA FACSIMILE**
Tampa, FL 33606-1901                 **813.253.0975**

RE:    Personal Injury Claim of Elaine Barclay
       Date of Loss: January 21, 2006
       Location:    Winn Dixie Store number 0699, 2020 34th Street North, St. Petersburg, FL

Dear Mr. LeVine:

Please let this correspondence confirm that I am retaining your firm on behalf of Ms. Barclay to file the necessary Application with the bankruptcy court regarding her slip and fall that occurred on January 21, 2006 at the Winn Dixie store listed above.

For the brief particulars, Ms. Barclay slipped on multiple green grapes that accumulated in the produce section floor adjacent to a grape display. In addition to the obvious dangerous condition of the grapes on the floor, the manager advised Ms. Barclay that the floor had just been waxes and polished which rendered the floor especially slippery. As such, she slipped forward injuring her low back, middle back, right leg, and right arm/shoulder.

The claim is being handled by Sedgwick Claims Management and their claim number is A611200686-0001-01. No demand has been made to date and the full extent of the damages is still unliquidated at this time. I agree with your office that I should be designated as the person to receive notices regarding the claim. My address, telephone number and facsimile number are listed below. My e-mail address is dleeper@tamapbay.rr.com.

Please advise if you require anything further to complete and file the Application. Please also confirm that you will send out the necessary copies to the parties who are required to receive notice of the application. Otherwise, we will assume that you will timely file the Application.

Sincerely,

Daniel J. Leeper
Esquire

cc: Ms. Elaine Barclay, 2810 Tifton Street South, Gulfport, FL 33711

EXHIBIT A