UNITED STATES BANKRUPTYC COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al.,         Case No. 3:05-bk-03817-JAF

Debtors.                                 Chapter 11 – Jointly Administered
_____/

APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM
FOR POST-PETITION PERSONAL INJURY CLAIMANT

Movant, AMY REED (the "Movant"), by and through undersigned counsel, and pursuant to 11 U.S.C. §503, respectfully requests this Court enter an Order approving this application for payment of administrative expense claim against the Estate, and to authorize payment of this claim (the "Application"), and in support thereof, states as follows:

1. On February 21, 2005, the Debtors filed Voluntary Petitioners under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York and were transferred to this Court on April 13, 2005.

2. On November 9, 2006, this Court entered an Order Confirming Debtors' Joint Plan of Reorganization (the "Confirmation Order") [CP #12440].

3. The Confirmation Order provides that pursuant to Section 12.1 of the Debtors' Joint Plan of Reorganization (the "Plan"), the deadline for filing requests for payment of post-petition administrative claims is January 5, 2007 (the "Administrative Claims Bar Date").

4. On August 13, 2006, the Movant suffered personal injuries as a result of the negligence by the Debtors at Store #2258, located in Volusia County, Florida.

5. The personal injury claim of the Movant has yet to be liquidated.

6. Thus, pursuant to the Confirmation Order and the Plan, this Application is timely.

7. The Court may award an administrative expense priority under §503(b) of the "actual, necessary costs and expenses of preserving the estate …" 11 U.S.C. §503(b)(1).

8. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

9. The Movant respectfully requested the Court enter an Order allowing this post-petition administrative expense claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of this post-petition claim, the Movant requests the Court enter an Order requiring the Debtors to pay the allowed administrative claim in full.

10. In accordance with Confirmation Order and Section 12.1 of the Plan, Movant has served a copy of the Application on counsel for the Reorganized Debtors and the Post-Effective Date Committee.

WHEREFORE, the Movant, AMY REED, requests that this Court enter an order (1) deeming the administrative claim asserted by the Movant as a timely assertion of an administrative claim subject to liquidation by either consent of the parties or a court of competent jurisdiction; (2) requiring the Debtors to pay the administrative expense claim immediately upon entry of an Order allowing the claim; and (3) granting any such further relief as this Court deems just and proper.

---

[1] See, e.g. *Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding) that damages resulting from fire caused by receiver's negligence were administrative expenses); *Reading Co. v. Brown*, 391 U.S. 741, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968 (holding) that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 1169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).

Respectfully submitted this 5th day of January 2007.

/s/ Brian J. Gillis
BRIAN J. GILLIS
Fla. Bar No. 0793639
BOGIN, MUNNS & MUNNS
2601 Technology Drive
P.O. Box 2807 (32802-2807)
Orlando, Florida 32804
Tel. 407-578-1334
Fax 407-578-2181
Attorneys for Amy Reed

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing application for administrative claim for post-petition personal injury claimant was served by Electronic Notice through the CM/ECF System and U.S. mail to James H. Post, Esq., Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Counsel for the Reorganized Debtors; Matthew Barr, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 1005, Counsel for the Post-Effective Date Committee; U.S. Trustee by Electronic Notice through the CM/ECF System this 5th day of January, 2007.

/s/ Brian J. Gillis
BRIAN J. GILLIS