UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:                                             Case No.: 3-05-bk-3817 (JAF)

WINN-DIXIE STORES, INC., et al                     Chapter 11

                                                   Jointly Administered

### APPLICATION OF JOAN BRADY AND PHIL BRADY FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM

Claimants Joan Brady and Phil Brady ("Claimants"), through undersigned counsel, file this application for allowance and payment of an administrative expense priority claim and in support state as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. sec. 157 and 1334. Venue is proper pursuant to 28 U.S.C. sec. 157(b)(2).

2. Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date"). The Debtor subsequently operated as a debtor-in-possession.

3. On March 24, 2006, Claimant Joan Brady was injured while shopping at Winn Dixie Store located at the corner of Southwest 67th Avenue and Southwest 40th Street in Miami, Florida. Claimant Joan Brady sustained injuries on account of the negligence of the Debtors in the operation of their business. Claimant Joan Brady was injured when Debtors' employees failed to keep and maintain clean and safe premises. As a result of Claimant Joan Brady's injuries, her husband, Claimant Phil Brady, suffered loss of consortium injuries.

4. The claim of a creditor who sustains injuries as a result of the negligence of a debtor-in-possession or trustee can be afforded administrative expense priority status under

Section 503(b)(1) of the United States Bankruptcy Code. See 11 U.S.C. sec. 503(b)(1); *Reading v. Brown*, 391 U.S. 471 (1968)(awarding administrative expenses priority status under predecessor to 11 U.S.C. sec. 503(b) to claim for damage arising from negligence of debtors receiver); *Ala Surface Mining Comm'n v. N.P. Mining Co., Inc.* 963 F.2d 1449 (11th Cir. 1992); Piper Aircraft Corp. v. Calabro, 169 B.R. 766 (S.D. Fla. 1994).

5. The Claimants seek to have allowed and paid administrative expense priority claim in the amount of $175,000.

## REQUEST FOR FUTURE NOTIFICATION

Claimants respectfully request all future notices and information be sent to:

MARK A. ROMANCE, ESQ.
Richman Greer, P.A.
201 S. Biscayne Boulevard, 10th Floor
Miami, FL 33131
Telephone: 305-373-4000
Facsimile: 305-373-4099

WHEREFORE, Joan Brady and Phil Brady respectfully request that the Court allow and award an administrative expense priority claim in the amount of $175,000 and grant such other and further relief as might be deemed just and proper.

RICHMAN GREER, P.A.

Mark A. Romance (Fl #021520)
email: mromance@richmangreer.com
200 S. Biscayne Boulevard, Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

## CERTIFICATE OF SERVICE

      I hereby certify that on January 5, 2007, I filed this APPLICATION OF JOAN BRADY AND PHIL BRADY FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM THROUGH THE CM/ECF filing system, which will cause a copy to be served on James H. Post, Esquire, Counsel for the Recognized Debtors; Matthew Barr, Esquire and James McDonald, Esquire, Counsel for Post-Effective Date Committee, Elena L. Escamilla, Esquire counsel for the Office of United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

                                                        Mark A. Romance