UNITED STATE BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES INC., et al.,   Case No. 05-03817-3F1

    Reorganized Debtors.   Chapter 11 - Jointly Administered

_____/

## APPLICATION OF VALERIE RELL FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant, VALERIE RELL ("Movant"), by and through her undersigned attorney, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application for an allowed administrative claim against the Estate, and to authorize payment of the claim, and as grounds would show:

1. On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2. The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3. Between the Petition Date and the Effective Date, Movant was injured at a Winn-Dixie Store as a result of Winn-Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4. The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5. The Movant's personal injury claim has not yet been liquidated.

6. Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7. The Court may award an administrative expense priority under §503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate..." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.      Pursuant to 11 U.S.C. §503 (b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claim (either through settlement by the parties or a judgement entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.      The Movat requests that all future pleadings and notices regarding or related to the Movant's Application or claim be served upon:

>Valerie Rell
>c/o John J. Maceluch, Jr., Esq.
>Desmond & Maceluch, P.A.
>1210 East Park Avenue
>Tallahassee, Florida 32301
>(850)222-7100 tele.
>(850)222-6651 fax

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

>/s/ SEAN T. DESMOND, ESQ.
>SEAN T. DESMOND, ESQ.
>Desmond & Maceluch, P.A.
>Florida Bar No.: 299870
>1210 East Park Avenue
>Tallahassee, Florida 32301
>(850)222-7100 tele.
>(850)222-6651 fax
>Attorneys for Valerie Rell
>c/o John J. Maceluch, Jr., Esq.

---

[1] *See, e.g., Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d. 751 (1968), (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.,* 169 B.R. 766, (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded adminstrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir. 1984); *Seidle v. United States (In re Airlift),* 97 B.R. 664, 668 (Bkrtcy. S.D. Fla. 1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing document was furnished by facsimile and/or First Class U.S. Mail to the parties listed below on the 4th, day of January, 2007.

/s/ SEAN T. DESMOND, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, Florida 32254-3699

James H. Post
SMITH HULSEY & BUSEY
225 Water Street
Suite 1800
Jacksonville, Florida 32202
(904) 359-7708
jpost@smithhusley.com

D. Jan Baker
Rosalie Walker Gray, Adam S. Ravin
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
(212) 735-2000

Matthew Barr
MILBANK TWEED HANDLEY & MCCOY, LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413
(212) 822-5194
mbarr@milbank.com

# EXHIBIT "A"

**VALERIE RELL**
**Date of Accident:**     6/20/05
**Store Location:**     Winn-Dixie # 0186, Crawfordville, Florida

**Facts:** The Claimant, Valerie Rell, was in the check-out line when she went back to retrieve and additional item when she slipped and fell as a result of liquid on the floor. There were no warning signs and she did not see the liquid.

**Alleged Negligence:** The Respondent conducted improper control and maintenance of the premises, failure to exercise reasonable care thus creating an unsafe or dangerous and hazardous condition, and/or failure to remove the dangerous condition.

**Injuries:** Possible cervical and lumbar herniation with corresponding nerve damage. The Claimant is still seeking medical treatment.

**Amount of Damages:**     Amount is unliquidated as of this time.

**Contact:** John J. Maceluch, Jr., Esq.
DESMOND & MACELUCH, P.A.
1210 East Park Avenue
Tallahassee, Florida 32301
(850)222-7100 tele.
(850)222-6651 fax
john@desmacelaw.com