**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

CASE NO.: 3:05-bk-03817-3F1

WINN DIXIE STORES, INC., et al,

Chapter 11 – Jointly Administered

Debtors.

_________________________________/

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS FOR CERTAIN POST-PETITION PERSONAL INJURY CLAIMS**

COME NOW, the Movant, Eleith Murray, by undersigned counsel, and pursuant to U.S.C. §503 request this Court enter an Order approving her application to have allowed administrative claims against the Estate, and to authorize payment of these claims, and would show:

1. On February 21, 2005, the debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code.

2. The debtors are operating their businesses and managing their property as a debtor in possession pursuant to §1107(a) and 1108 of the Bankruptcy Code.

3. The Court has appointed an official committee of unsecured creditors to serve in these cases.

4. The Debtors assert in pleadings filed with the Court that Proofs of Claim were filed involving unliquidated personal injury or property damage claims for which litigation had been commenced or threatened against the Debtors pre-petition. The Court has entered Orders setting out certain procedures to resolve personal injury claims.

5. Subsequent to the filing of the case, the Movant suffered personal injuries as a result of negligence by the Debtors.

6. The Movant seeks the right to assert administrative expense claims due to the post-petition occurrence of their claims.

7. The personal injury claim of the Movant has not yet been liquidated.

8. The Court has, or shortly will, enter an Order setting a bar date to file administrative expense claims.

9. The Court may award an administrative expense priority under §503(b) for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. §503(b)(1).

10. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expenses status.[1]

11. The Movant respectfully requests the Court enter an Order allowing her post-petition administrative expense claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of their post-petition claims, the Movant requests the Court enter an Order requiring the Debtors – as a condition of confirmation of their Chapter 11 Plan – to pay the allowed administrative claims in full.

12. The Movant requests the Court limit notice of this Application to the Debtors, counsel for the Debtors, and counsel for the Unsecured Trade Creditors Committee.

Botsford & White, LLC
3595 Sheridan Street, Suite 208
Hollywood, FL 33021
Telephone: (954) 374-1420
Facsimile: (954) 374-1422
Attorney for Movant

By: ___/s/ BRUCE BOTSFORD________
BRUCE BOTSFORD, ESQ.
Fla. Bar No.: 31127

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefited the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984); *Seidle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla. 1989).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was furnished by electronic or standard mail to the parties listed below on this ______ day of January, 2007.

__/s/ BRUCE BOTSFORD____________
BRUCE BOTSFORD, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

Adam Ravin, Esq.
Four Times Square
New York, NY 10036

Alan E. Wulbern, Esq.
225 Water Street, Suite 1800
Jacksonville, FL 32202

Cynthia C. Jackson, Esq.
225 Water Street, Suite 1800
Jacksonville, FL 32202

James H. Post, Esq.
225 Water Street, Suite 1800
Jacksonville, FL 32202

Joshua M. Katz, Esq.
999 Peachtree Street, 14th Floor
Atlanta, GA 30309

Leanne M. Pendergast, Esq.
225 Water Street, Suite 1800
Jacksonville, FL 32202

Stephen D. Busey, Esq.
225 Water Street, Suite 1800
Jacksonville, FL 32202

Kenneth C. Meeker, U.S. Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801

Elena L. Escamilla, Esq.
135 W. Central Blvd., Suite 620
Orlando, FL 32801

Dennis F. Dunne, Esq.
1 Chase Manhattan Plaza
New York, NY 10005

John B. MacDonald, Esq.
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202

Patrick P. Patangan, Esq.
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202