**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

WINN DIXIE STORES, INC.,                    Case No. 3:05-bk-03817-JAF

        Debtor.                                    Chapter 11 – Jointly Administered

_____/

## APPLICATION OF RUTH ROMERO FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

      COMES NOW the Movant(s), RUTH ROMERO ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

      1.     On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

      2.     The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

      3.     Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

      4.     The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

      5.     The Movant's personal injury claim has not yet been liquidated. .

      6.     Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

      7.     The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ····" 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8. Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9. The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

>Ruth Romero
>c/o Alexis Izquierdo, Esq.
>Alexis Izquierdo, P.A.
>102 E. 49th Street
>Hialeah, FL  33013

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

/s/DENNIS J. LEVINE, ESQ.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
DENNIS LeVINE & ASSOCIATES, P.A.
P.O. Box 707
Tampa, FL 33601-0707
(813) 253-0777
(813) 253-0975 (fax)
Attorneys for Ruth Romero
c/o Alexis Izquierdo, Esq.

---

[1] *See, e.g., Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift),* 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this ___5th___ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005



# ALEXIS IZQUIERDO
Professional Association
*A Personal Injury Law Firm*
Alexis Izquierdo, Esq.

Izquierdo Law Building
102 East 49th Street
Hialeah, Florida 33013
Telephone (305) 826-9994
Facsimile (305) 826-1119
aizquierdo@izquierdolaw.com
Izquierdolaw.com

January 4, 2006

Dennis J. LeVine & Associates, P.A.
103 South Boulevard
Tampa, FL 33608

Facsimile and U. S. Mail
1-813-253-0975

| | | |
|---|---|---|
| RE: | My Client: | Ruth Romero |
| | D/O/A: | 01-09-2006 |
| | Claim No.: | A611200266-0001-01 |
| | Location No.: | 3890 West 18th Avenue, Hialeah, FL 33102 |
| | Winn Dixie: | 0240 |

Dear Ms. Bell:

On January 9, 2006, Ms. Ruth Romero was shopping in a Winn-Dixie Supermarket located at 3890 West 18th Avenue in Hialeah, Florida when she slipped and fell a piece of ham which was left negligently left on the floor. Winn-Dixie owed a duty to Ms. Romero, to keep the premises in a reasonable safe condition. Ms. Romero was a customer lawfully on the premises. Winn-Dixie failed to up hold this standard necessity of care. Due to the fall, Ms. Romero sustained a right knee fracture of the patella with ligament damage. A complaint was filed on behalf of Ms. Romero on November 10, 2006.

In the event that the Debtors file an objection to the Application, you may designate Alexis Izquierdo as the attorney representative to whom notices shall be sent. Please file the Application for Administrative Expense with the Bankruptcy Court upon receipt of this correspondence.

I greatly appreciated your attention in this matter. Should you have any questions, please do not hesitate to contact my office and ask for myself or Mr. Santiago Martinez.

Very truly yours,

Alexis Izquierdo

AI/sm
Enclosure: Copy of Complaint
Cc: Rebecca Peters, Claims Examiner II, Sedgwick Claims Management
P.O. Box 24787, Jacksonville, FL 32241.

EXHIBIT A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

RUTH ROMERO and
ELISEO PEREZ, her husband,

  Plaintiff,

vs.

WINN DIXIE STORES, INC.,
a Florida corporation.

  Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, RUTH ROMERO and ELISEO PEREZ, by and through their undersigned attorney, and sues Defendant, WINN DIXIE STORES, INC., a Florida profit corporation, authorized to transact business within the State of Florida, and alleges:

1. This is an action for damages in excess of the jurisdictional limits of this Court exclusive of costs and attorneys' fees.

2. That at all times material hereto, Plaintiff, RUTH ROMERO, is a resident of Miami-Dade County, Florida and is otherwise sui juris.

3. That at all time material hereto, Plaintiff, ELISEO PEREZ, is a resident of Miami-Dade County, Florida and is otherwise sui juris.

4. That at all times material hereto, Defendant, WINN DIXIE STORES, INC., a foreign profit corporation, authorized to transact business within the State of Florida

with a registered agent in Florida, managed, maintained, controlled and/or operated the store #240 located at 3890 West 18 Avenue, Hialeah, Miami-Dade County, Florida.

## FACTS GIVING RISE TO THIS CLAIM

5. That on or about January 9, 2006, Plaintiff, RUTH ROMERO, was visiting the WINN DIXIE store located at 3890 West 18 Avenue, Hialeah, Florida. Said store was owned and/or maintained by Defendant, WINN DIXIE STORES, INC.

6. On the above date, Plaintiff was an invitee of the Defendant's grocery store.

7. On the above date, the Plaintiff, RUTH ROMERO, while visiting the Defendant's grocery store, slipped and fell over a piece of ham and/or garbage which was negligently left on the floor resulting in very severe and permanent injuries requiring in numerous surgeries and thousands of dollars in medical expenses.

## COUNT I NEGLIGENCE

8. Plaintiff realleges paragraphs 1 through 7 as if fully set forth herein

9. On or about January 9, 2006, the Defendant possessed a duty to invitees, including Plaintiff, RUTH ROMERO, to maintain its premises in a reasonably safe condition.

10. Defendant, WINN DIXIE STORES, INC. breached its duty to Plaintiff, RUTH ROMERO by failing to properly maintain the subject property in a reasonable safe condition.

11. As a direct and proximate result of the negligence of Defendant, WINN DIXIE STORES, INC., the Plaintiff, RUTH ROMERO, sustained severe bodily injuries, all of which have caused and will continue to cause physical pain, suffering, disability, disfigurement, mental anguish, inconvenience, and loss of capacity for enjoyment of life, experienced in the past, and/or to be experienced in the future, loss of earnings and/or of earning

capacity in the future. In addition, the Plaintiff has incurred and will continue to incur medical, rehabilitation, and related expenses.

### DAMAGES TO ELISEO PEREZ

12. That as a result of Defendant's negligence, Plaintiff, ELISEO PEREZ, husband of RUTH ROMERO, has suffered a loss of affection, solace, comfort, companionship, conjugal life, fellowship, society, and assistance of his wife, RUTH ROMERO, and he will continue to suffer these losses in the future.

**WHEREFORE** Plaintiff, demands judgment against Defendant, WINN DIXIE STORES, INC., for compensatory damages, court costs, pre-judgment interest and all other damages this Court deems just and equitable.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Complaint has been served upon Defendant, WINN DIXIE STORES, INC. along with the Summons, Request to Produce and Interrogatories this ___10___ day of November, 2006.

LAW OFFICES OF ALEXIS IZQUIERDO, P.A.
Attorney for Plaintiff
102 East 49th Street
Hialeah, Florida 33013
Telephone: (305) 826-9994
Facsimile: (305) 826-1119

By: _____
ALEXIS IZQUIERDO
FBN: 994634

3