**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| IN RE | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | Case No. 05-03817-3F1 |
| Debtors. | (Jointly Administered) |

### KRG WATERFORD LAKES, LLC'S APPLICATION FOR PAYMENT OF ADMINISTRATIVE RENT RELATED TO CALENDAR YEAR 2006

KRG Waterford Lakes, LLC ("KRG Waterford"), a creditor and party-in-interest in this bankruptcy case, moves for allowance and payment of administrative rent pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b). In support of its Application, KRG Waterford states as follows:

### I. BACKGROUND

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (b)(2)(B), and (b)(2)(O).

2. On or about October 10, 1995, Faison Capital Development, Inc., as landlord, and Winn-Dixie Stores, Inc. (the "Debtor"), as tenant, entered into a lease agreement (the "Lease") covering certain real property and improvements located at a shopping center in Orlando, Florida (the "Premises"), which Lease is subject to a Short Form Lease entered into by the parties on October 10, 1995, First Amendment to Lease dated April 24, 1996, Second Amendment to Lease dated September 5, 1996, Amendment to Short Form Lease dated August 21, 1997, Third Amendment to Lease dated August 22, 1997, and Supplemental Lease Agreement executed on August 22, 1997. Through a series of subsequent transactions, the lease was assigned to KRG

Waterford, the landlord as of February 21, 2005. True and correct copies of the relevant documents are attached hereto as **Collective Exhibit A**.[1]

3. The Lease provides for the Debtor, as tenant, to pay KRG Waterford, as landlord, additional rent for reimbursement of the pro-rata share for common area maintenance expenses ("CAM"), real property taxes, and shopping center insurance ("Additional Rent"). (*See* Lease, Section 3(c).)

4. Winn-Dixie Stores, Inc. and various affiliated debtors filed voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code on February 21, 2005 (the "Petition Date").

5. On June 30, 2006 the Debtor filed its *Second Omnibus Motion (I) To Assume Non-Residential Real Estate Leases, (II) Fix Cure Amounts And (III) Grant Related Relief* (the "Assumption Motion") [Docket No. 8941]. The Lease was included among the leases that the Debtor sought to assume pursuant to the Assumption Motion.

6. On July 28, 2006, KRG Waterford filed a limited objection to the cure amount (the "Cure Objection") [Docket No. 9689], which the Debtor had asserted was zero. KRG Waterford expressly reserved the right to address any unresolved post-petition obligations at a later date, if needed. (*See* Cure Objection at 2 n.2.)

7. By Order dated October 25, 2006, the Debtor assumed the Lease effective as of November 21, 2006, the Effective Date of the Confirmed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Assumption Order") [Docket No. 12183]. The Assumption Order did not resolve KRG Waterford's cure objection.

---

[1] Due to the voluminous nature of the Exhibits, the Exhibits have only been served on those parties requesting electronic service pursuant to this Court's *Order (A) Establishing Notice Procedures on a Final Basis and (B) Continuing Hearing with Respect to Scheduling Omnibus Hearings.* Copies of the Exhibits will be made available upon request directed to Counsel for KRG Waterford.

8. On December 6, 2006, the Debtor and KRG Waterford resolved the claim for unpaid Additional Rent related to the calendar year 2004. A true and correct copy of an email memorializing the essential terms of this settlement agreement is attached hereto as **Exhibit B**. As of the filing date of this Application, no Agreed Order has been submitted to the Court for approval.

9. At the time of the settlement agreement, there was no unpaid Additional Rent related to the calendar year 2005. The settlement agreement, however, did not address unpaid Additional Rent related to the period from January 1, 2006 through November 21, 2006 ("Unpaid 2006 Additional Rent").[2]

10. Pursuant to Section 12.1 of the Plan, all requests for payment of an Administrative Claim or any claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006 must be made by application filed with the Bankruptcy Court no later than January 5, 2007, which is forty-five (45) days after the Effective Date.

## II. RELIEF REQUESTED

11. Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b), KRG Waterford Lakes moves for allowance of all Unpaid 2006 Additional Rent.

12. The trustee or debtor-in-possession is required to perform all obligations under leases of non-residential real property until the lease is rejected. 11 U.S.C. §365(d)(3). In order to assume such leases, the trustee or debtor-in-possession is required to cure any defaults. 11 U.S.C. § 365(b)(1).

13. This Court has adopted an accrual approach for the determination of when rental obligations arise under a non-residential real property lease. (*See Findings of Fact and*

---

[2] As a practical matter, there is no way it could have since the full amount of Additional Rent related to calendar year 2006 had not yet accrued.

*Conclusions of Law* of 11/15/2005 at 2 [Docket No. 4181].) Thus, Unpaid 2006 Additional Rent falls within paragraph 12.1 of the Plan.

14. The parties have agreed that $109,576.00 represents the Debtor's pro-rata share for 2004 CAM charges. All that remains for the Debtor to cure this obligation is for the Court to enter an appropriate Order and the Debtor to remit the remaining balance of $14,000.00.

15. As to the period from January 1, 2006 through November 21, 2006, the Debtor's pro-rata share of Additional Rent sums to $193,023.87, which is itemized as follows:

|     |                   |              |
| --- | ----------------- | ------------ |
| (a) | CAM               | $89,040.98   |
| (b) | Real Estate Taxes | $81,702.64   |
| (c) | Insurance         | $22,280.25   |

A true and correct copy of a reconciliation of the Additional Rent for the period from January 1, 2006 through November 21, 2006 is attached hereto as **Exhibit C**.

16. To date, the Debtors have paid $88,793.00 towards Additional Rent for the period from January 1, 2006 through November 21, 2006.

17. Therefore, the Unpaid 2006 Additional Rent comes to $104,230.87.

WHEREFORE, KRG Waterford requests that the Court (i) set the Debtor's unpaid cure obligation related to Unpaid 2006 Additional Rent for Store 2270 in the amount of $104,230.87; (ii) order the Debtor to immediately pay the total cure amount to KRG Waterford and (iii) award KRG Waterford any additional and further relief to which it may be entitled.

DATED: January 5, 2007

          Respectfully submitted,

          BROAD AND CASSEL

          */s/ Roy S. Kobert*
          Roy S. Kobert, P.A. (Florida Bar #: 777153)
          BROAD AND CASSEL
          390 North Orange Avenue, Suite 1400
          P.O. Box 4961
          Orlando, Florida  32802-4961
          (407) 839-4200 Telephone
          (407) 650-0927 Facsimile
          rkobert@broadandcassel.com

          Florida Counsel for KRG Faison-Waterford Lakes Village Limited Partnership

          and

          ICE MILLER LLP

          Henry A. Efroymson
          Mark A. Bogdanowicz
          ICE MILLER LLP
          One American Square, Suite 3100
          Indianapolis, Indiana  46282-0200
          (317) 236-2100 Telephone
          (317) 236-2219 Facsimile
          henry.efroymson@icemiller.com
          mark.bogdanowicz@icemiller.com

          Counsel for KRG Faison-Waterford Lakes Village Limited Partnership

1877672.1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the parties listed below and upon the parties listed in the *Court's Order (A) Establishing Notice Procedures on a Final Basis and (B) Continuing Hearing with Respect to Scheduling Omnibus Hearings*, via electronic-mail and/or U.S. First-Class Mail this 5th day of January, 2007:

> James Post
> Smith Hulsey & Busey
> 225 Water Street, Suite 1800
> Jacksonville, Florida 32202
> jpost@smithhulsey.com
>
> Matthew Barr
> Milbank, Tweed, Hadley & McCloy LLP
> 1 Chase Manhattan Plaza
> New York, New York 10005
> mbarr@milbank.com
>
> D.J. Baker
> Sally McDonald Henry, Rosalie Walker Gray,
> Adam S. Ravin
> Skadden, Arps, Slate, Meagher & Flom LLP
> Four Times Square, New York New York 10036
> djbaker@skadden.com

            *Roy S. Kobert*
            Roy S. Kobert, P.A. (Florida Bar #: 777153)

BROAD AND CASSEL
390 North Orange Avenue, Suite 1400
P.O. Box 4961
Orlando, Florida 32802-4961
(407) 839-4200 Telephone
(407) 650-0927 Facsimile
rkobert@broadandcassel.com