UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**REQUEST OF KEMPER INSURANCE COMPANIES FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM**

Kemper Insurance Companies ("Kemper"), by their undersigned counsel, make and file this, their Request of Kemper Insurance Companies for Allowance and Payment of Administrative Claim (the "Administrative Claim"). As and for its Administrative Claim, Kemper respectfully states as follows:

**BACKGROUND**

1. Kemper has underwritten a program of insurance for Winn Dixie and its affiliated debtors (the "Debtors") (the "Insurance Program"). Under the terms of this Insurance Program, Kemper issued numerous policies of insurance for the benefit of the Debtors and its additional insureds (if any), which may include general liability, workers compensation and other specified coverages required by the Debtors to do business (together with all related schedules and endorsements, the "Policies").

2. In connection with the Policies, Kemper and the Debtors executed and/or delivered various agreements, including but not limited to confirmation letters, Finance

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwick Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc. and Winn-Dixie Supermarkets, Inc.

Agreements, Claim Service Agreements and other addenda and undertakings between the parties setting forth the obligations of the parties to each other with respect to the Insurance Program (collectively, the "Agreements").

3. Pursuant to the Policies and Agreements, and subject to the terms and conditions set forth therein, Kemper agreed to provide insurance and related services. Also, pursuant to the Policies and Agreements, the Debtors agreed, *inter alia*, to pay specified premium, loss reimbursement expenses, deposits and other specified charges.

4. Certain of the Policies are auditable. That is to say, the amount of premium payable by the Debtors under the Insurance Program is subject to audit (as specified in the Agreements), and may be revised, up or down, to reflect changes to underwriting factors like number of employees, payroll, sales levels and number of automobiles. Certain of the Policies are loss sensitive. That is to say, additional debits or credits may become owing, based upon ongoing claims experience under the Policies.

5. Kemper timely filed its proofs of claim in this proceeding (the "Kemper Claim"). Because the amounts owing under the Policies and Agreements are subject to audit and revision – up or down – Kemper filed these claims as partially unliquidated. In its claims Kemper also reserved the right to amend the claims, or pursue a judicial estimation of such claims pursuant to 11 U.S.C. § 502(c).

6. Kemper noted in its Kemper Claim that its claims against the Debtors are secured to the extent of any credits now or hereafter owing to the Debtors under the Insurance Program, Policies and/or Agreements, with such credits serving as Kemper's collateral. Kemper further reserved all rights of setoff and/or recoupment to the fullest extent possible. Finally, Kemper asserted first and fourth level priorities, to the extent applicable.

7.  Kemper and the Debtors are currently working to reconcile Kemper's claims, including those claims arising from the assumption of certain of the Policies. Kemper is filing this Administrative Claim as a protective proof of claim in the event that the parties cannot mutually resolve the issues related to the Kemper Claim and the assumption of certain of the Policies.

**KEMPER SHOULD BE ALLOWED AN UNLIQUIDATED ADMINISTRATIVE CLAIM**

8.  To the extent the Kemper Claim is allocable to post-petition periods of coverage, that portion of the claim is entitled to administrative expense priority. *See In re MEI Diversified, Inc.*, 106 F.3d 829, 832 (8th Cir. 1997).

9.  As noted above, the Kemper Claim has been filed as unliquidated. However, for purposes of notice, Kemper refers to the terms of the Policies and Agreements, as well as the Kemper Claim, as to additional amounts that may become owing under the insurance program. Kemper reserves the right to amend this Administrative Claim at any time hereafter, either to amend the balance, or to update such liquidated balance to reflect the most current claims experience, audited premium and/or projections of liability under the program. Finally, Kemper reserves the right, at any time hereafter, to seek a judicial estimation of this claim pursuant to 11 U.S.C. § 502(c).

10. Until such time as the Kemper Claim has been fully liquidated, this Administrative Claim should be allowed in an unliquidated amount.

**Notice**

11. Notice of this Administrative Claim has been provided to (a) counsel for the Reorganized Debtors; (b) counsel to the Post-Effective Date Committee; and (c) all other parties

receiving notice electronically by the Court in these cases. No other or further notice need be given.

WHEREFORE, Kemper respectfully requests that the Court enter an order (i) allowing Kemper an administrative priority claim in an unliquidated amount for that portion of the Kemper Claim allocable to the post-petition period, (ii) reserving Kemper's right to seek payment of additional administrative expenses as they arise, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: January 5, 2007

Respectfully submitted,

BERGER SINGERMAN, P.A.
350 E. Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900
Fax (954) 523-2872

By: /s/ Arthur J. Spector
    Arthur J. Spector
    Florida Bar No. 620777
    aspector@bergersingerman.com
    Leslie Gern Cloyd
    Florida Bar No. 303305
    lcloyd@bergersingerman.com

and

David J. Fischer
Jeffrey L. Gansberg
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive
Chicago, Illinois 60606
(312) 201-2000
fischer@wildmanharrold.com
gansberg@wildmanharrold.com

Attorneys for Kemper Insurance Companies