**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

WINN DIXIE STORES, INC.,                    Case No. 3:05-bk-03817-JAF

　　　　Debtor.                                              Chapter 11 – Jointly Administered

_____/

## APPLICATION OF PATRICIA STURGIS FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), PATRICIA STURGIS ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1.　　On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2.　　The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3.　　Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4.　　The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5.　　The Movant's personal injury claim has not yet been liquidated. The Movant estimates the claim against the Debtor to be at least **$25,000.00**.

6.　　Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7.　　The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ····" 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.      Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.      The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

>    Patricia Sturgis
>    c/o William P. Pope
>    Pope, McMillan, Kutteh, Privette, Edwards & Scheick, P.A.
>    113 N. Center Street, Ste. 200
>    Post Office Drawer 1776
>    Statesville, NC 38687-1776

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

>    /s/DENNIS J. LEVINE, ESQ.
>    DENNIS J. LEVINE, ESQ.
>    Fla. Bar No. 375993
>    DENNIS LeVINE & ASSOCIATES, P.A.
>    P.O. Box 707
>    Tampa, FL 33601-0707
>    (813) 253-0777
>    (813) 253-0975 (fax)
>    Attorneys for Patricia Sturgis
>    c/o William P. Pope, Esq.

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this __5th__ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

LAW OFFICES

# POPE McMILLAN KUTTEH PRIVETTE EDWARDS & SCHIECK
THE JAMES IREDELL BUILDING
113 NORTH CENTER STREET, SUITE 200
STATESVILLE, NORTH CAROLINA 28677

ANDREA EDWARDS*
CONSTANTINE H. KUTTEH*
WILLIAM H. MCMILLAN
WILLIAM P. POPE
ANTHONY S. PRIVETTE
CHARLES A. SCHIECK
SETH A. JOHNSON
*DRC CERTIFIED MEDIATOR

MAILING ADDRESS
POST OFFICE DRAWER 1776
STATESVILLE, NC 28687-1776
TELEPHONE: (704) 873-2131
TELECOPIER: (704) 878-6360

FEDERAL ID NO. 56-1637260
e-mail: kjolly@popemcmillan.com

January 4, 2007

Dennis LeVine
Dennis LeVine & Associates, P.A.
103 So. Boulevard
Tampa, FL 33606

  RE: Application for Administrative Expenses
    Winn –Dixie Stores, Inc., Case No.: 05-03817-3F1
    Middle District of Florida, Jacksonville Division

Dear Dennis:

Thank you for your willingness to assist us in the preparation and filing of an application for administrative expenses in the Winn-Dixie case. We were made aware of this deadline only yesterday and appreciate your assistance in filing a timely application.

Pursuant to your memorandum, the information you require is as follows:

  - Claimant: Patricia Sturgis

  - Background: This claim arises from an incident July 3, 2005, in a Winn-Dixie store located at 1650 East Broad Street in Statesville, North Carolina. Ms. Sturgis had finished shopping and was pushing a full cart, when she stepped in some type of light brown or tan liquid, which she now believes was pancake syrup. Her left foot slipped forward, her right foot twisted and she fell first onto her right leg and then onto her left leg. She pulled herself upright by the handle of the grocery cart. Two store employees came to assist with the cleanup, and attempted to clean Ms. Sturgis' shoes. One of the men, believed to be the assistant store manager, advised her they would make a report of the accident and turn it over to the insurance company. She had no further contact from the store or insurance company.



POPE MCMILLAN KUTTEH PRIVETTE EDWARDS & SCHEICK, P.A.

Dennis LeVine
January 4, 2007
Page 2

---

Our firm contacted the store on July 15, 2005, to advise of our representation, received no reply, and then contacted the legal department of Winn-Dixie. Ms. Sturgis' medical care has been ongoing for several months. The extended treatment time is due to her diabetes - any type of injuries such as the scrapes and bruises she sustained in this fall do not heal quickly or easily. Her primary care doctor, Fred Marks, examined her, gave her a tetanus shot and began a round of antibiotics for the scrapes and open wound on her right knee and also prescribed pain medication. Her right knee continued to drain for some time and finally healed but left a knot and discoloration. It continues to cause her general aches, sharp, stinging pains on occasion, and numbness. The knot on her left leg has not gone away either. Dr. Marks told her he believed a nerve was under pressure, and that she probably would have the knots, discoloration, pain and discomfort for the rest of her life. It is his opinion there is no treatment that will help her. Because Ms. Sturgis is a diabetic, she is acutely aware of the healing issues associated with diabetes; accordingly she has suffered some serious distress and worry, in addition to pain.

- Demand: We have made demand of $25,000.00 to settle this claim.

- Notice: William P. Pope
  PopeMcMillan Kutteh Privette Edwards & Scheick, P.A.
  113 N. Center Street
  Post Office Drawer 1776
  Statesville, NC  28687-1776
  704-873-2131
  704-872-7629 (facsimile)
  wpope@popemcmillan.com

Upon completion of the application and confirmation that it has been timely filed, a firm check will be forwarded to you.

Once again, thank you. Please contact me with any questions you may have.

Very truly yours,

POPE MCMILLAN KUTTEH PRIVETTE EDWARDS & SCHEICK, P.A.

Kari B. Jolly
Paralegal