UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 05-03817-JAF |
| | (*Jointly Administered*) |
| WINN DIXIE STORES, et al. | |
| | CHAPTER 11 |
| Debtors. | |
| _____/ | |

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM**
**FOR POST-PETITION PERSONAL INJURY CLAIMANT**

Movant, Gloria Barnes (the "Movant"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 503, respectfully requests this Court enter an Order approving this application for payment of administrative expense claim against the Estate, and to authorize payment of this claim (the "Application"), and in support thereof states as follows:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York and were transferred to this Court on April 13, 2005.

2. On November 9, 2006, this Court entered an Order confirming Debtors' Joint Plan of Reorganization (the "Confirmation Order") [CP #12440].

3. The Confirmation Order provides that pursuant to Section 12.1 of Debtors' Joint Plan of Reorganization (the "Plan"), the deadline for filing requests for payment of post-petition administrative claims is January 5, 2007 (the "Administrative Claims Bar Date").

4. On or about November 17, 2006, the Movant suffered personal injuries as a result of negligence by the Debtors at the Winn Dixie store located at 1201 East 10th Avenue, Hialeah, FL 33010, in Miami-Dade County, Florida.

CASE NO.: 05-03817-JAF

5. The personal injury claim of the Movant has yet to be liquidated.

6. Pursuant to the Confirmation Order and the Plan, this Application is timely.

7. The Court may award an administrative expense priority under § 503(b) for the "actual, necessary costs and expenses of preserving the estate...." 11 U.S.C. § 503(b)(1).

8. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

9. The Movant respectfully requests the Court enter an Order allowing this post-petition administrative expense claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. The Movant also requests that any order entered granting this Motion also directs the Debtors to pay the allowed liquidated administrative expense claim in full within ten (10) days of any final, non-appealable order liquidating this post-petition administrative expense claim.

10. In accordance with the Confirmation Order and Section 12.1 of the Plan, Movant has served a copy of the Application on counsel for the Reorganized Debtors and the Post-Effective Date Committee.

**WHEREFORE**, Movant, Gloria Barnes, requests this Court enter an Order (1) deeming the administrative expense claim asserted by the Movant as a timely assertion of an administrative expense claim subject to liquidation by either consent of the parties or a court of competent jurisdiction; (2) requiring the Debtors to pay the allowed liquidated administrative expense claim in full within ten (10) days of any final, non-appealable order liquidating this post-petition

---

[1] See, e.g. *Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding) that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 1169 B.R. 766 (Bankr. S.D. Fla. 1994).

J:\DOCS\CLIENTS\5136\5136-5\00228022.WPD

CASE NO.: 05-03817-JAF

administrative expense claim, and (3) granting such further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished electronically upon all parties where indicated and via U.S. Regular mail on all parties listed below on the 5th day of January, 2007:

James Post, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201
Via email: jpost@smithhulsey.com

Cynthia C. Jackson, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201
Via email: cjackson@smithhulsey.com

John B. MacDonald, Esquire
Akerman Senterfitt
50 North Laura Street, Suite 2500
Jacksonville, FL 32202

Elena L. Escamilla, Esquire/U.S. Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL 32801

Matthew Barr, Esquire
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Via email: mbarr@milbank.com

David J. Baker, Esquire
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036
Via email: djbaker@skadden.com

Winn-Dixie Stores, Inc.
5050 Edgewood Street
Jacksonville, FL 32254-3699

    s/ Daniel N. Gonzalez
Daniel N. Gonzalez, Esquire
Fla. Bar No: 0592749
Dgonzalez@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
Attorneys for the Movant

J:\DOCS\CLIENTS\5136\5136-5\00228022.WPD