UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                                     CASE NO. 05-03817-3F1

WINN DIXIE STORES, INC., ET AL.[1]               CHAPTER 11

REORGANIZED DEBTORS                   JOINTLY ADMINISTERED

## APPLICATION AND REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIMS

NOW INTO COURT, through undersigned counsel comes Wandeh Yatak, wife of and Mansour Yatak, parties in interest in the above-referenced and numbered proceeding, and herein submit this application to allow their post-petition personal injury claims as an administrative expense claim pursuant to Section 503 of the Bankruptcy Code, all in accordance with the terms and provisions of the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims ("Notice of Bar Dates"), issued to creditors and parties in interest in this proceeding. In support of this application, Wandeh Yatak, wife of and Mansour Yatak respectfully aver as follows:

---

[1] In addition to Winn-Dixie Stores, Inc, the following entities also filed voluntary petitions for relief and are debtors in these related cases: Astro Products, Inc., Kracklin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie-Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie-Packers, Inc., Dixie-Spirits, Inc., Dixie-Stores, Inc., Economy Wholesale, Distributors, Inc., Food Way Stores, Inc., Kwik Check, Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Logistics, Inc, Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

## BACKGROUND AND PROCEDURE

1.

On February 21, 2005, Winn-Dixie Stores, Inc, filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code.

2.

On November 9, 2006, the Court entered an order confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors ("Plan").

3.

According to the Notice of Bar Dates issued to creditors in this proceeding, the Plan became effective on November 21, 2006.

4.

Under the provisions of Section 12.1 of the Plan, all requests for payment of an administrative claim or any claim arising against the debtors between the period of February 21, 2005 and November 21, 2006 (other then as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4 or 12.5 of the Plan), must be made by application filed with the Court and served on counsel for the reorganized debtors and the Post-Effective Date Committee no later than January 5, 2007.

## RESERVATIONS AND OBJECTIONS TO JURISDICTION

5.

Applicants do not consent to the jurisdiction of the Bankruptcy Court with respect to the adjudication of their claims referenced in this application. Moreover, the Bankruptcy Court lacks jurisdiction to determine, liquidate, classify or estimate the amount of applicants' tort claims as

such claims are outside the scope of the jurisdiction retained by the Bankruptcy Court post-confirmation.

6.

Plaintiffs' claims are unliquidated claims for personal injuries in tort that arise under Louisiana Law and, under 28 U.S.C 157(b)(2)(B), the liquidation of such tort claims against the estate for purposes of distribution under Title 11 are not "core" proceedings.

7.

On February 5, 2006, Winn-Dixie operated that certain retail grocery store at 3645 Lapalco Blvd., Harvey, Louisiana. (Winn-Dixie Store No. 1425).

8.

On February 5, 2006, Wandeh Yatak was a customer at the above grocery store.

9.

On February 5, 2006, Wandeh Yatak was caused to slip and fall due to a foreign substance on the floor, believed to be baby food, while shopping at Winn-Dixie Store No.1425 located in Harvey, Louisiana.

10.

The accident referred to above, and the resulting injury and damages, were caused solely and proximately by the fault and negligence of Winn-Dixie which fault and negligence consists of the following:

- A. In failing to use reasonable care to keep the aisles, passageways and floors in a reasonably clean and safe condition;
- B. In failing to use reasonable care to keep the premises free of hazardous conditions that reasonably might give rise to damages;
- C. In failing to properly inspect the premises;

D. In failing to establish proper procedures for maintenance and inspection of the premises;

E. In creating or having actual or constructive notice of a hazardous condition on its premises, which presented an unreasonable risk of harm to Petitioner and that risk of harm was reasonably foreseeable;

F. In allowing a dangerous condition to remain in the aisle, passageway and/or floor for an unreasonable length of time thereby creating an unreasonable and foreseeable risk and hazard of injury to Petitioner;

G. Other acts of fault or negligence that will be proved at the trial of this matter.

11.

As a result of said accident, Wandeh Yatak sustained severe and disabling injuries including but not limited to, injury to the bones, muscles, tendons, ligaments and soft tissue of her back and neck, lower extremity, internal organs and other parts of her body to be described with particularity at the trial of this matter, all of which required medical attention, diagnosis, treatment and surgery and which caused her a great deal of inconvenience, disruption of her normal day to day activities, some of which are or may be permanent and may require additional surgery and or further medical intervention and treatment.

12.

As a result of the accident and injuries referred to above, Wandeh Yatak has suffered mental anguish, physical pain, disability, medical expenses and loss of income, impairment of earning capacity, and will continue to suffer such losses in the future.

13.

Petitioner, Wandeh Yatak is therefore entitled to damages for the items set out above in such amounts as are reasonable in the premises.

14.

Mansour Yatak is married to Wandeh Yatak.

15.

As a result of Wandeh Yatak's involvement and resulting damages from this accident, her husband, Mansour Yatak is entitled to recover, in his own right, loss of consortium, service and society.

16.

Upon information and belief, Winn-Dixie Stores, Inc. was self-insured.

## RELIEF REQUESTED

17.

Under the terms and provisions of the Plan, including the Notice of Entry of Bar Dates issued in this proceeding, any claim arising against the debtors between the period February 21, 2005, and November 21, 2006, (other than as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4 or 12.5 of the Plan) must be made by application filed with the Bankruptcy Court no later than January 5, 2007.

18.

As applicants' unliquidated claims in tort against the debtors arose during the time period stated in the Notice of Entry of Bar Dates, applicants submit this application for the purpose of preserving their rights to seek and obtain payment of this claim, and to preserve their rights to liquidate such claims in the appropriate State Court venue; however, applicants do not consent or agree to the determination, liquidation, or estimation of their claims by the Bankruptcy Court.

19.

Applicants further contend and would apprise the Court that the liquidation of their tort claims are the purview of and should be adjudicated by the 24th Judicial District Court Parish of Jefferson, and that applicants should be permitted to initiate and proceed with the liquidation of

their claims in those forums until a final adjudication as to the amount of their claims have been made in that forum.

20.

Once applicants' claims have been liquidated and adjudicated by the 24th Judicial District Court in and for Parish of Jefferson, State of Louisiana, payment can then be tendered by the debtors, and it is that payment by the debtors which applicants seek to preserve via the submission of the instant application.

WHEREFORE, Wandeh Yatak, wife of and Mansour Yatak, pray as follows: (i) that this application be deemed good and sufficient, and that their claims for personal injuries in tort against the debtors be preserved, maintained, and allowed pending the adjudication thereof by the appropriate state court tribunal; (ii) that the defenses and/or objections of lack of jurisdiction of the Bankruptcy Court to adjudicate the amount of applicants' tort claims be maintained and/or upheld; (iii) that the debtors be directed to pay the post-petition claims of applicants once the amounts thereof have been adjudicated by the appropriate state court tribunal; and (iv) for such other and further relief as may be deemed equitable in the premises.

Respectfully submitted,

/s/ Gregory K. Crews
Gregory K. Crews
Attorney for Applicant
300 West Adams St., Suite 200
Jacksonville, Florida 32202
(904) 354-1750
Florida Bar No. 172772

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007, I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE through the CM/ECF filing system which will cause a copy to be served on James Post, Esquire, Counsel for the Reorganized Debtors, Matthew Barr, Esquire and John MacDonald, Esquire, Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esquire, counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ Gregory K. Crews
Gregory K. Crews
300 West Adams St., Suite 200
Jacksonville, Florida 32202
Phone: (904) 354-1750
Florida Bar No. 172772
Attorneys for Applicant

7