UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3-05-bk-3817 |
| **Winn-Dixie Stores, Inc., <u>et al</u>.,** ) | |
| ) | Chapter 11 |
| **Reorganized Debtors** ) | |
| ) | Jointly Administered |
| ) | |
| ) | |
| ) | |

## APPLICATION FOR ADMINISTRATIVE EXPENSES

Randall Morgan (hereinafter referred to as the "Claimant"), an attorney with Hill, Hill, Carter, Franco, Cole & Black, P.C. of Montgomery Alabama, applies to this Honorable Court for Administrative Expenses pursuant to 11 U.S.C. § 503(b) (2005). The Claimant shows unto this Honorable Court the following in support of his application:

## JURISDICTION

This Court has jurisdiction over the matters asserted in this Application for Administrative Expenses pursuant to 28 U.S.C. § 1334(a) and (b) (2006). Further, this Honorable Court has jurisdiction granted to it by the District Court through application of 28 U.S.C. § 157(a) (2006).

This Honorable Court has venue over the matters asserted in this Application for Administrative Expenses pursuant to 28 U.S.C. § 1408(1) (2006).

## FACTS

1.  Winn-Dixie Stores, Inc., et al., (hereinafter referred to as the "Reorganized Debtors") petitioned the District Court for the Southern District of New

York for Chapter 11 Bankruptcy on February 21st, 2005. On April 13th, 2005, the petition was transferred to this Honorable Court. On November 9th, 2006, this Honorable Court confirmed the Joint Plan of Reorganization of the Reorganized Debtors. On November 21st, 2006, the Reorganization Plan became effective as to the Reorganized Debtors.

2.  Prior to February 21st, 2005, Claimant was retained by the Reorganized Debtors to defend lawsuits brought against the Reorganized Debtors. Claimant performed a variety of legal services as a General Counsel for the Reorganized Debtors between February 21st, 2005 and November 21st, 2006. The relationship between Claimant and the Reorganized Debtors was and is currently a continuing attorney-client relationship.

3.  Legal services in the estimated amount of $15,700.00 were provided to the Reorganized Debtors between February 21st, 2005 and November 21st, 2006. The totality of the estimated amount of legal services performed included a multitude of actions filed by various Plaintiffs against the Reorganized Debtors.

### Analysis

11 U.S.C. § 503(b) (2005) states the following:

After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including –,
(1) (A) The actual, necessary costs and expenses of preserving the estate

[. . .]

It is well settled that an attorney, employed by a Chapter 11 debtor, is entitled to "compensation for legal services performed which resulted in a substantial contribution to a Chapter 11 case." Matter of Romano, 52 B.R. 590 (Bkrtcy. Fla. 1985).

It is equally well settled that legal services performed at the "request of, and with the knowledge and consent of, the Debtor" are compensable as an Administrative Expense. Matter of Fidelity Standard Mortgage Corp., 43 B.R. 654 (Bkrtcy. Fla. 1984).

Claimant submits to this Court that the legal services provided by him to the Reorganized Debtors resulted in a substantial contribution to the Reorganized Debtor's Chapter 11 case, as defined within the text of Matter of Romano, 52 B.R. 590, and as a means of preserving the bankruptcy estate, as defined within 11 U.S.C. § 503(b)(1)(A) (2005). Claimant vigilantly defended various lawsuits brought against the Reorganized Debtors during the time period of February 21st, 2005 and November 21st, 2006. If not for the services of Claimant, the bankruptcy estate of the Reorganized Debtors would be significantly depleted by the totality of claims filed by various Plaintiffs. Further, all retained legal services between Claimant and the Reorganized Debtors were at the request of and with the consent of the Reorganized Debtors, as that term is understood in Matter of Fidelity Standard Mortgage Corp., 43 B.R. 654. Claimant respectfully requests that this Honorable Court order that Claimant's Application for Administrative Expenses be granted.

Based on the foregoing, Claimant requests that this Court enter an order granting the relief requested and such other relief as it deems just and proper.

        /s/ *Randall Morgan*
        RANDALL MORGAN

HILL, HILL, CARTER, FRANCO,
 COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:  (334) 834-7600
Facsimile:  (334) 832-7419
Email:  rmorgan@hillhillcarter.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 5th day of January, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

| | |
|---|---|
| James Post, Esq.<br>Smith Hulsey & Busey<br>225 Water Street<br>Suite 1800<br>Jacksonville, Florida 32202 | Matthew Barr, Esq.<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, New York 10005 |

        /s/ *Randall Morgan*
        RANDALL MORGAN