UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,        Case No. 3:05-bk03817-JAF

Debtor.        Chapter 11 – Jointly Administered

_____/

### APPLICATION OF JOYCE FOREMAN FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), JOYCE FOREMAN ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1. On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2. The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3. Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4. The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5. The Movant's personal injury claim has not yet been liquidated. The Movant estimates the claim against the Debtor to be at least **$350,000.00**.

6. Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7. The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ···." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.      Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.      The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

> Joyce Foreman
> c/o Scott A. Dartez, Esq.
> Perrin, Landry, deLaunay, Dartez & Ouellet
> P.O. Box 53597
> Lafayette, LA  70505

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

/s/DENNIS J. LEVINE, ESQ.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
DENNIS LeVINE & ASSOCIATES, P.A.
P.O. Box 707
Tampa, FL 33601-0707
(813) 253-0777
(813) 253-0975 (fax)
Attorneys for Joyce Foreman
c/o Scott A. Dartez, Esq.

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift )*, 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this ___5th___ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

# PERRIN, LANDRY, deLAUNAY, DARTEZ & OUELLET

WARREN A. PERRIN
DONALD D. LANDRY
GERALD C. deLAUNAY*
SCOTT A. DARTEZ
JEAN OUELLET**
* MEDIATOR/ARBITRATOR
** QUEBEC (1990)

ATTORNEYS AT LAW
A PARTNERSHIP OF LAW CORPORATIONS
P.O. BOX 53597
LAFAYETTE, LOUISIANA 70505

OFFICES:

225 LA RUE FRANCE
LAFAYETTE, LA 70508
(337) 233-5832
(337) 237-8500
FAX (337) 235-4382

Writer's e-mail:
dartez@plddo.com

ERATH, LA
(337) 937-5468

January 4, 2007

MAURICE, LA
(337) 893-2797

BROUSSARD, LA
(337) 839-1140

Dennis J. Levine & Associates
Attn: Darlene
103 South Boulevard
Tampa, FL 33606
Also Via Telefax Number 813/253-0975

HOUMA, LA
(985) 851-7805

Re: Joyce Foreman Falling Merchandise Claim
Date: 05/31/06
Location: Winn-Dixie Store No. 1558
2210 Veterans Memorial Drive, Abbeville, LA

Dear Darlene:

This is to confirm our conversation of today wherein you agreed to electronically file an application with the Bankruptcy Court on behalf of Joyce Foreman as referenced above. You indicated that you need the following information before you can e-file her claim:

1. Client's Name - Joyce Foreman
2. Store No. - Winn-Dixie 1558
3. Address of Store - 2210 Veterans Memorial Drive, Abbeville, LA 70510
4. Date of Incident - 05/31/06
5. Brief Summary of Events - On or about May 31, 2006, Joyce Foreman was shopping at the Winn-Dixie Store Number 1558 located on Veterans Memorial Drive in Abbeville, Louisiana. Upon entering the Winn-Dixie premises, Joyce Foreman proceeded towards the soft drink aisle. As Joyce Foreman was reviewing prices of the various soft drinks located on the shelves, she tripped and fell over the bottom wooden pallet of a Sprite display positioned in the aisle. The wooden pallet located under the Spite display created a hazard in the aisle as the wooden pallet extended at least 18 inches beyond the stacks of Sprite. As Joyce Foreman walked with her attention on the shelves of the soft drinks, she tripped and fell on the protruding wooden pallet, violently falling to the ground. As a result of her accident, Joyce Foreman suffered a fracture in her lumbar spine and underwent back surgery.

V:\SharonN\DARTEZ CLIENTS\F CLIENTS\FOREMAN, JOYCE\Ltr to Levine.wpd

EXHIBIT A