UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

```
F I L E D
J..........LE, FLORIDA

JAN 0 4 2007

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
```

| | |
|---|---|
| GINA PENNER MOORE  ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CASE NO: 05-03817-3F1 |
| ) | Chapter 11 |
| WINN DIXIE SUPERMARKETS, ) | |
| INC., et al. ) | |
| DEFENDANTS. ) | |

## NOTICE AND APPLICATION OF CLAIM

Comes now the Plaintiff and request an application for claim having already filed said claim in this court and the Circuit Court of Tuscaloosa County, Alabama on July 29, 2005 for accident that occurred on September 5, 2003 in the Winn Dixie premises wherefore holding Winn Dixie liable for injuries incurred prior to bankruptcy filing. The amount of said claim is $1,000,000,000.00+. Plaintiff is seeking monetary compensation and reimbursement for the amount of $1,000,000,000.00+ in this claim and request that this honorable court uphold this claim for said amount. Plaintiff is filing this in response to letter dated 12-6-06 (copy within).

1. Copy of pending court case is attached herein.

2. The Plaintiff reserves the right to amend claim, add to, and respond at further date.

3. That the Plaintiff is currently Pro Se and reserves the right to request payment for legal counsel should the need arise in the future. The reserve amount requested would be 40% of amount of settlement.

WHEREFORE, Plaintiff demands judgement against Defendants in an amount the jury would award for compensatory and punitive damages, plus cost.

*Gina Penner-Moore*
Gina Penner Moore
Plaintiff Pro Se
7 Oakwood Court
Tuscaloosa, AL 35401
1-205-758-5419

Claimant ID: WDX-399805-L1
MOORE, GINA PENNER
7 OAKWOOD COURT
TUSCALOOSA AL 35401

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| In re: | ) | Case No. 05-03817-3F1 |
|---|---|---|
|  | ) |  |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
|  | ) |  |
| Debtors.[1] | ) | Jointly Administered |
|  | ) |  |

NOTICE OF DEBTORS' OMNIBUS OBJECTION
TO UNRESOLVED LITIGATION CLAIMS

| CLAIM(S) SUBJECT TO OBJECTION ||
|---|---|
| **Claim No.:** 6792 | **Claim Amount:** $1,000,000.00 |

1. PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed on June 22, 2006 their Omnibus Objection to Unresolved Litigation Claims (the "Objection") with the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

2. The Objection constitutes notice that the Debtors have objected to and dispute one or more of your claims listed above under CLAIM(S) SUBJECT TO OBJECTION because the Debtors (a) contest the legal basis of each claim and (b) dispute the amount of each claim. In addition, the Debtors may also object to your claim based upon one more of the following grounds: (i) claims which are not supported by legally sufficient documentation; (ii) claims which were not filed prior to the applicable proof of claim bar date; (iii) claims which are required to be reclassified as unsecured; (iv) claims which appear to be duplicative of other claims filed against the Debtors; (v) claims which appear to have been amended and superseded by later filed claims; and/or (vi) claims which have been settled or withdrawn.

3. The Objection is being made at this time only to confirm that your claims listed above under CLAIM(S) SUBJECT TO OBJECTION have been objected to and are in dispute at this time.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

4. **This Objection does NOT require you to file any response or attend any hearing at this time. NO hearing has been noticed or scheduled on the Objection at this time.**

5. The Debtors will continue to utilize the Claims Resolution Procedures, including the mediation procedures authorized by the Bankruptcy Court, to settle or liquidate the Unresolved Litigation Claims. The Debtors reserve the right, however, to prosecute one or more of the objections at such time that the Debtors deem appropriate. Therefore, in the future, you may receive a separate notice of hearing to adjudicate one or more of the objections against you and you will be given an opportunity to respond to such objection at such time.

6. You may disregard this Notice and the Objection IF your litigation claim has already been resolved by the entry of an Agreed Order through the Claims Resolution Procedure.

7. In addition to the reasons set forth above for the Objection to your claim, the Debtors may seek to object to your claim(s) on other grounds (or to any other claims that you have filed) at a later date. In addition, to the extent determinable, the Debtors may seek to modify the Debtor against which your claim was filed in order to reflect that the claim is filed against the Debtor believed to be potentially liable for the amounts asserted in the claim. You will receive a separate notice of any additional objections the Debtors seek to assert and you will be given an opportunity to respond to those objections at such time.

8. The Debtors reserve their rights with respect to any potential preference and avoidance actions under chapter 5 of the Bankruptcy Code.

9. **If you have any questions regarding the Notice or the Objection to your claim(s), you may contact Tana Copeland of Smith Hulsey & Busey at (904) 359-7850 or tcopeland@smithhulsey.com.** A copy of the Objection and/or your proof of claim can be obtained, without charge, from the Debtors' claim agent's website: www.loganandco.com, or if you do not have access to a computer, from Smith Hulsey & Busey, at the Debtors' expense, by calling the number listed above.

Dated: June 22, 2006

SMITH HULSEY & BUSEY

By____/s/ James H. Post_____
    Stephen D. Busey
    James H. Post, F.B.N. 175460
    Cynthia C. Jackson

225 Water Street, Suite 1800
Jacksonville, Florida 32202

Co-counsel for Debtors



UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al.,[1] | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

NOTICE OF (A) ENTRY OF ORDER CONFIRMING PLAN OF REORGANIZATION,
(B) OCCURRENCE OF EFFECTIVE DATE OF PLAN, AND (C) BAR DATES FOR FILING CLAIMS
ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS

TO:   ALL PARTIES IN INTEREST

PLEASE TAKE NOTICE THAT:

1.      On November 9, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") entered its Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order"). Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated August 9, 2006, as modified by the First Modification to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated October 10, 2006 (together, the "Plan"). Copies of the Confirmation Order and the Plan may be obtained by accessing http://www.loganandco.com or http://www.flmb.uscourts.gov.

2.      The conditions to consummation of the Plan set forth in Section 10.2 of the Plan were satisfied (or waived) on November 21, 2006. Thus, in accordance with the terms of the Plan, the Plan became effective on November 21, 2006 (the "Effective Date"). All references in the Plan and the Confirmation Order to the Effective Date are to November 21, 2006.

3.      In accordance with Section 12.1 of the Plan, subject to the provisions of paragraph 4 below, all requests for payment of an Administrative Claim <u>or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006</u>, (other than as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4, or 12.5 of the Plan) must be made by application filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors and the Post-Effective Date Committee **no later than January 5, 2007**, which is the date forty-five (45) days after the Effective Date. The filing of an application must be made via the Bankruptcy Court's electronic filing procedures (electronic filing is mandatory for all attorneys) or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202. The service of an application on counsel for the Reorganized Debtors must be made by delivery of a copy upon James Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: jpost@smithhulsey.com; and service of an application on counsel for the Post-Effective Date Committee must be made by delivery of a copy upon Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com. In the event that the Reorganized Debtors object to an application, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. **Subject to the provisions of paragraph 4 below, an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006 that is not asserted in an application filed and served no later than January 5, 2007, shall be forever barred and deemed waived and relinquished in full, and the Reorganized Debtors shall have no obligation to pay such Claim.**

4.      Notwithstanding the provisions of paragraph 3, (a) no application seeking payment of an Administrative Claim or any Claim arising between February 21, 2005 and November 21, 2006 is required with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business; *provided, however,* that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; and (b) no application is required with respect to Cure owing under an executory contract or unexpired lease if the amount of Cure is fixed or proposed to be fixed by order of the Bankruptcy Court pursuant to a motion to assume and fix the amount of Cure filed by the Debtors and a timely objection asserting an increased amount of Cure filed by the non-Debtor party to the subject contract or lease.

5. In accordance with Section 12.2(a) of the Plan, all final requests for payment of Professional Fee Claims pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Reorganized Debtors, their counsel, counsel to the Creditors Committee or the Post-Effective Date Committee, the fee examiner, and other necessary parties-in-interest **no later than January 22, 2007**, which date is sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. No hearing shall be held on an application for a Professional Fee Claim until the fee examiner has completed and filed a report with respect to the Professional Fee Claim. Objections to such applications must be filed and served on the Reorganized Debtors, their counsel, and the requesting Professional or other entity on or before the date that is thirty (30) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the later of (i) the date on which the applicable application was served or (ii) the date on which the fee examiner's report with respect to the applicable Professional Fee Claim was filed.

Dated: December 6, 2006

| | |
|---|---|
| D. J. Baker<br>Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>Four Times Square, New York, New York 10036 | Stephen D. Busey<br>James H. Post, Cynthia C. Jackson, Leanne Prendergast<br>SMITH HULSEY & BUSEY<br>225 Water Street, Suite 1800, Jacksonville, Florida 32202 |
| Co-Counsel for Reorganized Debtors | Co-Counsel for Reorganized Debtors |

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

GINA PENNER MOORE,             *
                               *
    PLAINTIFF,                 *
                               *
VS.                            *
                               *     CASE NO.: CV05-1037
WINN DIXIE SUPERMARKETS, INC.; *
ROOSEVELT ASKEW; Fictitious    *
Defendants A, B and C being the persons, *
partnerships, corporations, or entities who *
owned, operated, managed and/or *
supervised the premises on which Plaintiff *
was injured whose true and correct names *
are unknown to Plaintiff at this time; *
Fictitious Defendants D, E and F, being *
those persons, firms, corporations, *
associations or entities who by contract or *
agreement operated, managed and/or *
supervised the premises on which the *
Plaintiff was injured whose true and correct *
names are unknown to Plaintiff at this time; *
Fictitious Defendants G, H and I being the *
persons, firms, corporations, and/or *
associations or entities whose negligent *
and/or wanton conduct caused and/or *
contributed to Plaintiff's injuries described *
herein whose true and correct names are *
unknown to Plaintiff at this time; Fictitious *
Defendants J, K and L are those persons, *
firms, corporations, associations or entities *
who maintained, repaired and/or inspected *
the premises on which Plaintiff was injured *
whose true and correct names are unknown *
to Plaintiff at this time; Fictitious *
Defendants M, N and O being the persons, *
firms, corporations, associations or entities *
who by contract or agreement maintained, *
repaired, and/or inspected the premises on *
which Plaintiff was injured whose true and *
correct names are unknown to Plaintiff at *
this time; Fictitious Defendants P, Q and R *
being those employees, agents and/or *
servants of Defendants named and/or *
fictitiously described herein whose *

negligence and/or wantonness caused *
and/or contributed to or failed to prevent *
Plaintiff's fall and injuries described herein *
whose names are unknown to Plaintiff at *
this time; Fictitious Defendants S, T and U *
were employees agents, servants and/oror *
representatives of any Defendants named *
and/or fictitiously described herein; *
Fictitious Defendants V, W and X are those *
employees, agents, and/or servants of *
Defendants named and/or fictitiously *
described herein who hired, trained and/or *
supervised Defendant's employees *
described herein whose names are **
unknown to Plaintiff at this time.,

DEFENDANTS.

## COMPLAINT

Comes now Plaintiff and brings this Complaint against Defendants and in support thereof states as follows:

1. Plaintiff is an adult resident of Tuscaloosa County, Alabama.

2. At all times material to this Complaint, Defendant Winn Dixie Supermarkets, Inc. was a corporation doing business in Tuscaloosa, Tuscaloosa County, Alabama.

3. At all times material to this Complaint, Defendant Roosevelt Askew was an adult resident of Tuscaloosa County, Alabama, employed by Winn Dixie Supermarkets, Inc.

4. Fictitious Defendants A, B and C are those persons, firms, corporations, associations, or entities who owned, operated, managed and/or supervised the premises on which Plaintiff was injured whose true and correct names are unknown to Plaintiff at this time but which will be substituted by amendment when ascertained.

5. Fictitious Defendants D, E and F are those persons, firms, corporations, associations or entities who by contract or agreement operated, managed and/or supervised the

premises on which Plaintiff was injured whose true and correct names are unknown to Plaintiff at this time but which will be substituted by amendment when ascertained.

6. Fictitious Defendants G, H and I are those persons, firms, corporations, associations or entities whose negligent and/or wanton conduct caused Plaintiff's injuries described herein whose true and correct names are unknown to Plaintiff at this time but which will be substituted by amendment when ascertained.

7. Fictitious Defendants J, K and L are those persons, firms, corporations associations or entities who maintained, repaired and/or inspected the premises on which Plaintiff was injured whose true and correct names are unknown to Plaintiff at this time but which will be substituted by amendment when ascertained.

8. Fictitious Defendants M, N and O are those persons, firms, corporations, associations or entities who by contract or agreement maintained, repaired, and/or inspected the premises on which Plaintiff was injured whose true and correct names are unknown to Plaintiff at this time but which will be substituted by amendment when ascertained.

9. Fictitious Defendants P, Q and R are those employees, agents, and/or servants of Defendants named and/or fictitiously described herein whose negligence and/or wantonness caused and/or contributed to or failed to prevent Plaintiff's fall and injuries described herein whose true and correct names are unknown to Plaintiff at this time but which will be substituted by amendment when ascertained.

10. Fictitious Defendants S, T and U are employees, agents, servants and/or representatives of any Defendants named and/or fictitiously described herein.

11. Fictitious Defendants V, W and X are those employees, agents, and/or servants of Defendants named and/or fictitiously described herein who hired, trained and/or supervised

Defendant's employees described herein whose true and correct names are unknown to Plaintiff at this time but which will be substituted by amendment when ascertained.

12. On or about September 26, 2003, Plaintiff was a business invitee in a store owned, operated, managed and/or supervised by Defendants located in Tuscaloosa, Tuscaloosa County, Alabama, when she fell in Defendants' store premises.

13. Defendants negligently and/or wantonly:

- A. failed to exercise reasonable care of its premises to protect Plaintiff;
- B. caused a dangerous condition to exist on its premises;
- C. allowed a dangerous condition to exist on its premises;
- D. failed to warn of a dangerous condition existing on its premises;
- E. failed to formulate, adopt and/or and publish appropriate standards, procedures, and/or policies to maintain, inspect, and/or clean the floors of its premises and/or appropriately stock inventory;
- F. failed to follow and/or enforce appropriate standards, procedures, and/or policies to maintain, inspect, and/or clean the floors of its premises and/or appropriately stock inventory;
- G. failed to inspect the floors and/or aisles of its premises;
- H. failed to clean the floors and/or aisles of its premises;
- I. failed to clear its aisles of obstructions which might cause injury to business invitees;
- J. failed to maintain the floors and/or aisles of its premises in a reasonably safe condition;
- K. failed to formulate, adopt and/or publish appropriate standards, procedures, and/or policies to stock its inventory;
- L. failed to formulate, adopt and/or publish appropriate standards, procedures, and/or policies to hire, train and/or supervise its employees.
- M. failed to properly hire, train and/or supervise its employees;
- N. failed to purchase, use and/or maintain appropriate equipment in the process of stocking its inventory;
- O. failed to formulate, adopt and/or publish appropriate standards, procedures, and/or policies to warn business invitees of dangerous condition existing on its premises;
- P. failed to follow and/or enforce appropriate standards, procedures, and/or policies to warn business invitees of dangerous conditions existing on its premises; and,
- Q. failed to warn Plaintiff that the condition existed on the premises.
- R. caused Plaintiff's injuries.

14. As a result of Defendants individual, combined and concurring negligent and/or wanton conduct, Plaintiff suffered personal injury, incurred medical expense, lost wages, suffered mental anguish, pain, emotional distress, inconvenience and other such damages.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount the jury would award for compensatory and punitive damages, plus costs.

Gina Penner Moore
Plaintiff Pro Se
7 Oakwood Court
Tuscaloosa, AL 35401
205-~~228~~-5419
758

## JURY DEMAND

Plaintiff demands a trial by struck jury.

Gina Penner Moore
Plaintiff Pro Se