UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | Case No.: 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al. | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

## AMENDED
## MOTION/APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM

COMES NOW, LISA ANN GAHAGAN and SEAN GAHAGAN, her husband, by and through their undersigned attorney hereby files this Application/Motion for Administrative Expense Claim against the Reorganized Debtors corresponding to a claim arising within the period between February 21, 2005 and November 21, 2006 and in support thereof, states as follows:

1. Pursuant to the Court's notice of (A) Entry of order confirming plan of reorganization, (B) Occurrence of effective date of plan, and (C) Bar dates for filing claims arising before effective date and other administrative claims and in accordance with Section 12.1 of the Plan, all requests for payment of Administrative Claims arising against Debtors in the period between February 21, 2005 and November 21, 2006, must be made by application filed with the bankruptcy Court and served upon counsel for the reorganized Debtors and the Post-Effective Date Committee no later than January 5, 2007.

2. The pending personal injury claim of LISA ANN GAHAGAN and SEAN GAHAGAN, as her husband, falls within this claims period with an accident date of August 12, 2005.

3. On or about August 12, 2005, the Claimant, LISA ANN GAHAGAN, was struck by a motor vehicle owned by the Debtor, WINN-DIXIE, causing injuries to the Claimant, as well as a loss of consortium claim for her husband, SEAN GAHAGAN. The

automobile accident and the resulting injuries and damages to the Claimants were due to the carelessness and negligence of WINN-DIXIE, it's agents, representatives and/or employees. A claim has been initiated regarding the personal injuries and damages suffered by LISA ANN GAHAGAN and SEAN GAHAGAN, however, the Claimant is not aware of the claim number, as Winn-Dixie failed to respond to the notice of claim letter (per Florida Statute §627.4137) which was sent out by George Zednek, Esq., on October 7, 2006. The amount of the Administrative Claim is believed to be $250,000.00. There has been no suit filed in the matter and no Court Judgment obtained.

4. Notwithstanding the provisions of paragraph 3, (a) no application seeking payment of an Administrative Claim or any Claim arising between February 21, 2005 and November 21, 2006 is required with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business; *provided, however,* that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; and (b) no application is required with respect to Cure owing under an executory contract or unexpired lease if the amount of Cure is fixed or proposed to be fixed by order of the Bankruptcy Court pursuant to a motion to assume and fix the amount of Cure filed by the Debtors and a timely objection asserting an increased amount of Cure filed by the non-Debtor party to the subject contract or lease.

5. In accordance with Section 12.2(a) of the Plan, all final requests for payment of Professional Fee Claims pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Reorganized Debtors, their counsel, counsel to the Creditors Committee or the Post-Effective Date Committee, the fee examiner and other necessary parties-in-interest **no later than January 22, 2007**, which is sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. No hearing shall be held on an application for a

Professional Fee Claim until the fee examiner has completed and filed a report with respect to the Professional Fee Claim. Objections to such applications must be filed and served on the Reorganized Debtors, their counsel, and the requesting Professional or other entity on or before the date that is thirty (30) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the later of (Ii) the date on which the applicable application was served or (ii) the date on which the fee examiner's report with respect to the applicable Professional Fee Claim was filed.

WHEREFORE, the Claimants, LISA ANN GAHAGAN and SEAN GAHAGAN, her husband, respectfully requests that this Motion/Application for Administrative Expense claim corresponding to this personal injury claim be granted and that said claim be recognized as formally asserted against the Reorganized Debtors, thereby obligating said Reorganized debtors to recognize and honor said claim.

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was furnished to JAMES H. POST, ESQ., of Smith Hulsey & Busey, Counsel for Reorganized Debtor, located at 225 Water Street, Suite 1800, Jacksonville, Florida 32202; MATTHEW BARR, ESQ./DENNIS F. DUNNE, ESQ., of Milbank, Tweed, Hadley & McCloy, LLP, Counsel for the Post-Effective Date Committee, located at 1 Chase Manhattan Plaza, New York, New York 1005, on this 5th day of January, 2007.

G. WILLIAM ALLEN, JR., ESQUIRE
Attorney for Claimants, GAHAGAN
310 Southeast 13th Street
Fort Lauderdale, Florida 33316
(954) 522-4433

**G. WILLIAM ALLEN, JR., ESQ.**
Florida Bar No.: 186411