UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,                Case No. 05-03817-3F1

Debtors                                          Chapter 11

_____/

APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE
STATUS FOR POST PETITION CLAIM AND REQUEST FOR NOTICE

**CREDITOR NO.: WDX-5377712-EF-BA**
**DIANE WASSUNG, Applicant**

Comes now DIANE WASSUNG, (the "Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an Order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Conforming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed in support of this Application. Applicant states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

**FACTUAL BACKGROUND**

2. Winn-Dixie Stores, Inc. et al. (the "Debtor") filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code on or about February 2, 2005 (the "Petition Date").

3. After the Petition Date and on or about September 29, 2005, Applicant was injured at the Winn-Dixie Store located in 1115 N. Summit Street, Cresent City, Florida 32112, #196. As a proximate result of the injury, Applicant has suffered severe damages totaling in excess of $175,000.00 which damages Applicant can support through medical records and other proof.[1]

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 403(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expenses status. See, *Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1750, 20 L.Ed 2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In Re: Piper-Aircraft Corp.,* 169 B.R. 766 Bankr. S.D. Fla 1994).

5. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's $175,000.00 claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

Barnes, Barnes & Cohen, P.A.
1843 Atlantic Boulevard
Jacksonville, FL 32207

---

[1] Applicant's damages may not be fully liquidated at this time.

**WHEREFORE**, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully submitted,

*e/Glenn E. Cohen*
Florida Bar No. 0187695
Barnes, Barnes & Cohen, P.A.
1843 Atlantic Boulevard
Jacksonville, FL 32207
(904) 396-5181
(904) 396-9008 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on January 5th, 2007, I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE through CM/ECF and U.S. Mail, to James H. Post., Esq., counsel for the Reorganized Debtors, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202; Matthew Barr, Esq., Counsel for the Post-Effective Date Committee, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, New York 10005 and all other parties.

*e/Glenn E. Cohen*
Attorney for Applicant

---

1 Applicant's damages may not be fully liquidated at this time.