UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                            CASE NO. 05-03817-3F1

WINN-DIXIE STORES, INC., ET AL,                   CHAPTER 11

REORGANIZED DEBTORS                               JOINTLY ADMINISTERED


**APPLICATION FOR PAYMENT OF CLAIM ARISING AGAINST
THE DEBTORS IN THE PERIOD BETWEEN
FEBRUARY 21, 2005 AND NOVEMBER 21, 2006**

**COMES NOW** Joyce M. Jackson, Pro Se, pursuant to the Notice of (A) Entry of Order

Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for

Filing Claims Arising Before Effective Date and Other Administrative Claims dated December 6,

2006, and makes application for the payment of her claim against Winn-Dixie Montgomery, Inc.,

and in support thereof would show the following:

1.     On June 8, 2005 Joyce M. Jackson, also known as Joyce McIntosh Jackson, slipped

and fell at a Winn-Dixie Montgomery, Inc. retail grocery store facility located at 3188 West

Northside Drive, Jackson, Mississippi 39213. Ms. Jackson suffered severe and permanent injuries

as a result of her fall.

2.     On September 21, 2006 Joyce M. Jackson filed a lawsuit alleging negligence against

Winn-Dixie Montgomery, Inc. in the Circuit Court of the First Judicial District of Hinds County,

Mississippi. On October 3, 2006 that action was removed by the defendant to the United States

District Court for the Southern District of Mississippi. Ms. Jackson seeks damages in an amount not

less than $250,000.00 and hereby makes application for payment of the same. A true and correct

copy of Ms. Jackson's Amended Complaint is attached hereto as Exhibit A and incorporated herein.

Respectfully submitted,

*Joyce M. Jackson*

JOYCE M. JACKSON, PRO SE
3732 ALBERMARLE ROAD
JACKSON, MS 39213
601-981-7089

## CERTIFICATE OF SERVICE

I, Joyce M. Jackson, do hereby certify that I have this day caused the foregoing to be electronically transmitted and / or mailed, U.S. Mail, postage pre-paid, to the following:

James Post, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Matthew Barr, Esquire
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

January 3, 2007.

*Joyce M. Jackson*

JOYCE M. JACKSON

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

JOYCE M. JACKSON                                              **PLAINTIFF**

VS.                              **CIVIL ACTION NO. 3:06cv553 - HTW-LRA**

**WINN-DIXIE MONTGOMERY, INC.,**
**AND DOES 1 THRU 5**                                  **DEFENDANTS**

## AMENDED COMPLAINT
### (Jury Trial Requested)

     **COMES NOW** the plaintiff, Joyce M. Jackson, and files her amended complaint against Winn-Dixie Montgomery, Inc. and Does 1 thru 5, inclusive, defendants, and for cause therefor would respectfully show unto the Court the following:

### PARTIES

1.    a)    Plaintiff is an adult resident citizen of the First Judicial District of Hinds County, Mississippi whose residence and mailing address is 3732 Albermarle Road, Jackson, Mississippi 39213;

    b)    The defendant Winn-Dixie Montgomery, Inc., is a Florida corporation doing business in the State of Mississippi whose registered agent for service of process is CSC of Rankin County, Inc., Mirror Lake Plaza, 2829 Lakeland Drive, Suite 1502, Flowood, Mississippi 39232;

    c)    Does 1-5, inclusive, the true name or capacity of which, whether individual, corporate, associate, or otherwise are unknown to plaintiff at this time. Plaintiff therefore sues said defendants by such fictitious names. Plaintiff is informed, believes, and thereon alleges that each

amended complaint JJ05136.wpd

*Exhibit A*

of the Doe defendants is responsible in some manner for the events and happenings hereinafter referred to which proximately caused plaintiff to sustain injuries and damages. Plaintiff will ask leave of court to amend and insert the exact name and identity of each of the Doe defendants when ascertained.

## JURISDICTION AND VENUE

2.      Plaintiff avers that the Circuit Court of the First Judicial District of Hinds County, Mississippi has proper jurisdiction and is the proper venue for this action pursuant to Miss. Code Ann. § 9-7-81 and § 11-11-3. Alternatively, plaintiff avers that the proper jurisdiction and venue lies with the United States District Court for the Southern District of Mississippi.

## FACTUAL BACKGROUND

3.      On June 8, 2005, the defendant Winn-Dixie Montgomery, Inc., (hereinafter "Winn-Dixie") owned, operated, controlled and / or managed a retail grocery store facility located at 3188 West Northside Drive, Jackson, Mississippi 39213 under the trade name Save Rite.

4.      On June 8, 2005, plaintiff was a patron at the defendant's store aforesaid. As she was entering the store plaintiff lost her footing on the  defendant's wet and slippery floor.

5.      Plaintiff sustained serious and permanent bodily injuries, including but not limited to, her right knee, left wrist, elbows and shoulders.  Plaintiff sought and received medical treatment. Plaintiff has suffered greatly of mind and body.

## DEFENDANTS' NEGLIGENCE

6.      The negligent acts and / or omissions of the defendant as set forth hereinafter constitute the sole proximate cause of plaintiff's injuries and damages.

7.      The defendant was negligent in its method of operation so as to create an

unreasonable risk of injury to plaintiff and other members of the public.

8.      The defendant was negligent in that they failed to properly maintain a reasonably safe entrance and walkway area.

9.      The defendant was negligent in failing to provide a reasonablely safe environment for patrons such as plaintiff.

10.     The defendant was negligent in failing to warn plaintiff and other patrons of the dangerous and hazardous condition of the subject floor area.

11.     The defendant was negligent in failing to properly police the subject store area within a reasonable time after it knew or should have known that the floor was slippery and presented a danger to patrons such as plaintiff.

12.     The defendant was negligent in failing to warn plaintiff and other patrons of the probability of injury due to the dangerous condition of the subject floor.

## DAMAGES

13.     Plaintiff realleges and incorporates by reference the allegations, matters and things set forth herein above in paragraphs 1 through 12 as if set forth fully hereinafter.

14.     As a direct and proximate result of the negligent actions of the defendants as more fully set forth herein above, and as will be shown at the trial of this case, plaintiff has suffered and will continue to suffer in the future the following injuries and damages, to wit:

     a)    Serious, grievous, painful and permanent injuries to her person;
     b)    Past and future doctor, drug and medical bills;
     c)    Past and future difficulties sleeping and an extensive loss of sleep;
     d)    Past and future extreme suffering;
     e)    Past and future loss of the enjoyment of life, since she is unable to engage in, perform as proficiently, and / or enjoy as much many activities, pastimes and / or hobbies in which she engaged, performed proficiently, and / or enjoyed prior to the incident described above.
     f)    Past and future extreme pain;

g)    Past and future extreme mental anguish;

h)    Past and future loss of income and loss of wage earning capacity;

I)    Psychological and psychiatric injuries; and

j)    Past and future humiliation, distress, embarrassment and mortification.

15.    Plaintiff has been required to spend, and in the future will be required to spend for necessary medical expenses, in an attempt to get well, a sum not less than $34,107.33.

16.    Plaintiff has sustained a loss of income, and the ability to produce income, in an amount not less than $6,000.00.

17.    Plaintiff is entitled to judgment of and from the defendants, jointly and severally, for compensatory damages in an amount not less than $250,000.00, plus interest as provided by law and the costs of this action.

**WHEREFORE**, plaintiff demands judgment of and from the defendant in an amount not less than $250,000.00, plus interest as provided by law and the costs of this action.

Respectfully submitted,

**JOYCE M. JACKSON**

By: s/Bernard C. Jones, Jr.
**BERNARD C. JONES, JR., MB#3186
JONES LAW FIRM, P.A.
1102 W. WOODROW WILSON AVENUE
POST OFFICE BOX 11325
JACKSON, MISSISSIPPI 39283-1325
601-969-5703 / FAX 601-948-0788**

amended complaint JJ05136.wpd                                    4

## CERTIFICATE OF SERVICE

I, Bernard C. Jones, Jr., hereby certify that on November 6, 2006 I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of the filing to the following: Leland S. Smith, Esquire and I hereby certify that I have mailed by United States Postal Service to the following non-ECF participants: _____N/A_____.

s/Bernard C. Jones, Jr.
**BERNARD C. JONES, JR.**