In re:

WINN-DIXIE STORES, INC., et. al.          CASE NO: 3-05-bk-03817 (JAF)

                                        Chapter 11

                                        Jointly Administered

_____

## APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE AVIS RICHARDSON

**COMES NOW**, AVIS RICHARDSON, ("Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. SECT. 503 (b). Applicant requests the entry of an order allowing to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. And Affiliated Debtors (the "Confirming Order") and the provisions of the Plan as confirmed. In support of the Application, Applicant states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter to 28 U.S.C SECT 157 and 1334. Venue is proper pursuant to 28 U.S.C SECT 157 (b)(2).

### FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc. et. al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3. After the Petition Date and on or about May 29, 2006, Applicant was injured at the Winn-Dixie store located in Orlando, Florida. As a proximate result of the injury, Applicant has suffered severe damages totaling at least $100,000.00,

which damages Applicant can be supported through medical records and other proof. (1, please see below)

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate." 11 U.SC. SECT. 503 (b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown* 391 U.S. 471, 485 (providing an expansive interpretation of what is an "actual, necessary cost" entitled to priority and holding that damages in negligence to a third party arising out of the receiver's administration of the estate give rise to an "actual and necessary cost"); *In re Pipe Aircraft Corp.,* 169 B.R. 766 (Bankr. S. D. Fla. 1994).

5. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's $100,000.00 claim is entitled to administrative expense status under 11 U.S.C. SECT. 503 (b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

(1) Applicant's damages may be fully liquidated at this time

Robert D. Melton, Esq.

Robert D. Melton, PA

P O BOX 1032

Orlando, Fl. 32802

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting relief requested herein and such other relief as it deems just and proper.

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq. Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq. Counsel for the Office of United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

ROBERT D MELTON, ESQUIRE
(Fla. Bar # 54218)
ROBERT D. MELTON, P.A.
P.O. Drawer 1032
Orlando, FL 32802-1032
(407) 841-4400
Attorney for Plaintiff

/tr