## UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re                                                    CASE NO. 05-03817-3F1

WINN DIXIE STORES, INC., ET AL.[1]                       CHAPTER 11

REORGANIZED DEBTORS                                      JOINTLY ADMINISTERED

_____

### AMENDED APPLICATION FOR ALLOWANCE
### AND PAYMENT OF ADMINISTRATIVE
### EXPENSE FOR POST-PETITION PERSONAL INJURY CLAIM

JOHN CLARK, through his undersigned attorney, submits this application to allow his post-

petition personal injury claim as an administrative expense claim pursuant to Section 503 of the

Bankruptcy Code, all in accordance with the terms and provisions of the Notice of (A) Entry of

Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar

Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims ("Notice

of Bar Dates"), issued to creditors and parties in interest in this proceeding and says:

#### CASE BACKGROUND

1.      On February 21, 2005, Winn-Dixie Stores, Inc. together with its affiliates, filed a

voluntary petition for relief under Chapter 11 of Title 11, United States Code.

---

[1] In addition to Winn-Dixie Stores, Inc, the following entities also filed voluntary petitions for relief and are debtors in these related cases: Astro Products, Inc., Kracklin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie-Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie-Packers, Inc., Dixie-Spirits, Inc., Dixie-Stores, Inc., Economy Wholesale, Distributors, Inc., Food Way Stores, Inc., Kwik Check, Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Logistics, Inc, Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.     On November 9, 2006, the Court entered an order confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors ("Plan").

3.     According to the Notice of Bar Dates issued to creditors in this proceeding, the Plan became effective on November 21, 2006.

4.     Under the provisions of Section 12.1 of the Plan, all requests for payment of an administrative claim or any claim arising against the debtors between the period of February 21, 2005 and November 21, 2006 (other then as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4 or 12.5 of the Plan), must be made by application filed with the Court and served on counsel for the reorganized debtors and the Post-Effective Date Committee no later than January 5, 2007.

## RESERVATIONS AND OBJECTION TO JURISDICTION

5.     Applicant does not consent to the jurisdiction of the Bankruptcy Court with respect to the adjudication of their claims referenced in this application. Moreover, the Bankruptcy Court lacks jurisdiction to determine, liquidate, classify or estimate the amount of applicants' tort claims as such claims are outside the scope of the jurisdiction retained by the Bankruptcy Court post-confirmation.

6.     Applicant's claim is an unliquidated claim for personal injuries and, under 28 U.S.C. § 157(b)(2)(B), the liquidation of such tort claim against the estate for purposes of distribution under Title 11 is not a "core" proceeding.

## Factual Background

7.     After the petition date and on or about September 28, 2005, due to the negligence of Winn-Dixie Stores, Inc. and/or its affiliates, Applicant was injured at the Winn-Dixie Store number 2213, located at 4417 Northwest Blichton Road, Ocala, Florida. As a proximate result, Applicant

has suffered damages, he believes, of $250,000.  However, his damage claim is unliquidated at this time.

### Applicant's Claim Is Entitled To Administrative Expense Status

8.      Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status and its attendant priority for payment for the "actual, necessary costs and expenses of preserving the estate ..."  11 U.S.C. § 503(b).  It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. See, *Reading co. v. Brown,* 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla. 1994); *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir. 1984); *Siedle v. United States (In re Airlift), 97 B.R. 664, 668 (Bankr. S.D. Fla 1989).*

9.      Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order.  As such, applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b) and Applicant seeks entry of an order awarding such status.

WHEREFORE, Applicants requests that the court enter an order granting the relief requested and providing such other relief as is appropriate.

/s/Gregory K. Crews
Gregory K.  Crews
Attorney for Applicant
300 West Adams St., Suite 200
Jacksonville, Florida 32202
(904) 354-1750
Florida Bar No.  172772

-3-

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007, I filed this   AMENDED APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE through the CM/ECF filing system which will cause a copy to be served on James Post, Esquire, Counsel for the Reorganized Debtors, Matthew Barr, Esquire and John MacDonald, Esquire, Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esquire, counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

*/s/ Gregory K. Crews*
Gregory K. Crews
300 West Adams St., Suite 200
Jacksonville, Florida 32202
Phone: (904) 354-1750
Florida Bar No. 172772
Attorneys for Applicant

-4-