UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISON

| | |
|---|---|
| In re: | * |
| | * Case No.: 3-05-bk-3817(JAF) |
| WINN-DIXIE STORES, INC., et al., | * |
| | * Chapter 11 |
| Debtors. | * |
| | * Jointly Administered |
| ************************************ | |

APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS
FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
*Helena Distefano*

NOW INTO COURT, through undersigned counsel comes Helena Distefano and hereby moves this Court for an order seeking administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C.§ 503 (b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the plan as confirmed. In support of this Application. Applicant states as follows:

JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C §§157 and 1334. Venue is proper pursuant to 28 U.S.C.§ 157 (b)(2).

FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc., et al, (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3. After the Petition Date and on or about August 4, 2006, Applicant was injured when several bottles fell from a top shelf in the sales area at the Winn-Dixie Store located at 4627 West Bank Expressway in Marrero, Louisiana. The said accident was caused by the negligence of the Winn-Dixie entity operating the store in not keeping the sales area reasonably safe for patrons such as claimant. Upon information and belief, the responsible debtor is Winn Dixie Stores, Inc. As a result of the injury, Applicant has suffered damages not expected to exceed $50,000.00, which damages Applicant can support through medical records and other evidence. Applicant has provided previous written notification of the claim to the Debtors and its claims agent. Applicant's damages are not fully liquidated at this time.

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate . . . "11 U.S.C.§ 503 (b). It is well established that personal injury claims arising from a post petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co., v. Brown,* 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date, but prior to the Confirmation Order.

As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C.§ 503 (b), and Applicant seeks the entry of an order awarding such status.

<u>REQUEST FOR FUTURE NOTICE</u>

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

> Pierre F. Gaudin
> Gaudin & Gaudin
> 1088 Fourth Street
> Gretna, LA 70094

WHERERFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully submitted:

*Signed Pierre F. Gaudin*

_____
PIERRE F. GAUDIN (LA BAR NO. 5976)
GAUDIN & GAUDIN
1088 FOURTH STREET
P.O. BOX 156
GRETNA, LOUISIANA  70054
TELEPHONE: (504)  368-6500

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that ON January 5, 2007, I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR PRE-PETITION CLAIM AND REQUEST FOR NOTICE through the CM/ECF filing system, which will cause a copy to be served on James H, Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq. counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

*Signed Pierre F. Gaudin*

_____
PIERRE F. GAUDIN