## TRANSIT PASS MARKETING AGREEMENT

THIS TRANSIT PASS MARKETING AGREEMENT is made as of December 15, 2004, by and between JACKSONVILLE TRANSPORTATION AUTHORITY, a public body corporate and politic ("JTA"), and WINN-DIXIE STORES, INC., a Florida corporation ("WDI").

## WITNESSETH

WHEREAS, JTA desires to have points of sale for its one-day and four day Super Bowl transit passes ("Passes") in Jacksonville area grocery stores; and

WHEREAS, WDI is an official Super Bowl sponsor, and is willing to be the exclusive grocery store point-of-sale for, and market, the Passes at its Jacksonville area grocery stores; and

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, JTA and WDI do hereby agree as follows:

## I. PROVISION OF MARKETING SERVICES

1. WDI hereby agrees to offer for sale the Passes in its forty-eight Jacksonville area stores (which area includes Duval and surrounding counties) for the period commencing January 1, 2005 and continuing on a daily basis through February 6, 2005 (the "Sales Period"). WDI shall be responsible to train its store managers and sales personnel with respect to the marketing of the Passes, including basic information concerning the Passes and their use according to the information provided to WDI by JTA as set forth below, and the distribution of JTA Super Bowl pocket guides to each purchaser of Passes. Passes will be available for sale at the customer service counter in each applicable WDI store.

2. JTA shall be provided a single address and point of contact for delivery of inventory of Passes from time to time for all sales to be made hereunder. The point of contact is Mrs. Terry Derreberry, and the delivery address for inventory is 7596 Centurion Parkway, Jacksonville, Florida 32256, (904) 783-5852. JTA will provide an initial inventory and JTA will certify the amount of the inventory which must be confirmed by Winn-Dixie. In the event of dispute related to the number of Passes provided, the parties will reconcile the amount prior to sale. WDI shall report levels of inventory on a weekly basis during the Sales Period to JTA so that JTA may continuously maintain adequate inventory levels. The point of contact for JTA is Linda Lillibridge, 100 North Myrtle, Jacksonville, Florida 32207, (904) 630-3159; fax (904) 633-3166.

3. WDI shall be responsible for safekeeping of the Passes, and shall account to JTA for all sales of Passes at the face value shown thereon (one-day and four-day passes accounted for separately). Remittance of sales proceeds shall occur on each weekday during the Sales Period. Lost or stolen Passes shall be the responsibility of WDI. Unsold Passes must be returned to JTA on or before the fifth business day after the end of the Sales Period; all non-returned Passes shall be considered to have been sold by WDI and the sales price thereof must be paid to JTA on or before such fifth business day following the end of the Sales Period. JTA shall not be responsible

1

for any costs of training, cost of sales, or other direct or indirect costs to WDI as a result of WDI's work under this Agreement or otherwise.

4.  WDI shall include information concerning the sale of the Passes in its newspaper print adds commencing on Sunday, January 9, 2005 and throughout the Sales Period. WDI shall include information concerning the sale of the Passes on its Web site and in its radio and television advertising, if available, or other publicity, commencing January 6, 2005 and continuing throughout the Sales Period. WDI shall provide information concerning the Passes on its in-store messaging service during the Sales Period.

5.  WDI acknowledges and agrees that the sole compensation to which it is entitled under this Agreement is the acknowledgment given to WDI in advertisements that JTA publishes in connection with the sales of the Passes, which advertisements shall be solely within the discretion of JTA as to form, content, media, frequency, timing and all other matters. Notwithstanding the foregoing, on request of JTA, WDI shall provide its logo and store location information (in such media as JTA may require) to be used in such advertisements, and to the extent timely provided, only such information shall be used to refer to WDI and its stores.

## II. JTA OBLIGATIONS

1.  JTA will respond as promptly as possible to each request of WDI for additional inventory of Passes.

2.  JTA shall provide information concerning the Passes and their use to WDI so that WDI may undertake the training of its employees as set forth herein.

3.  JTA shall include reference to WDI and its stores in advertisements, circulars, brochures, the JTA Super Bowl pocket guide and other media which JTA determines to use to market the Passes, including identifying WDI as the official retailer of Passes on the JTA Web site. JTA shall provide in-store signage for point-of-sale purposes for the Passes.

## III. TERM OF AGREEMENT

The term of this Agreement shall commence on December 15, 2004 and shall be effective therefrom until and including the date on which WDI delivers all of the unused Passes and remittance for all other Passes to JTA following the end of the Sales Period. This Agreement is subject to termination by JTA upon one days prior written notice, whether or not there is a default or breach by WDI, and shall be subject to immediate termination by either party hereto upon the occurrence of an event of default by the other party. Upon written notice of termination by JTA, all further sales of Passes shall immediately stop unless otherwise directed in writing by JTA.

## IV. DEFAULTS AND REMEDIES

1.  Upon a breach of any of the obligations of WDI or JTA hereunder, the non-breaching party shall have all of the rights and remedies provided under law, including, but not limited to, rights and remedies under the Uniform Commercial Code as in effect in the State of

2

Florida. In addition, the non-breaching party shall have all of the other rights and remedies specified elsewhere in this Agreement.

2. For the purposes of this Article and for the purposes of Article III regarding termination of this Agreement, an event of insolvency with respect to either party hereto shall be deemed to be a default under this Agreement by such party. The term "event of insolvency" shall mean, with respect to any person, any of the following: (a) the insolvency of such person; (b) the making of a general assignment for the benefit of creditors of such person, the appointment of a receiver for the business or assets of such person, or the application for the appointment of a receiver therefor; (c) the filing of a petition by or on behalf of, or against such person in any bankruptcy court or under any bankruptcy or insolvency law; or (d) the dissolution, liquidation or winding up of business of such person.

## V. MISCELLANEOUS

1. Mediation. In the event of any controversy arising from this contract, the parties shall submit such controversy to mediation, as defined in Section 44.301(1), Florida Statutes, prior to the filing of any suit, action, or other legal proceeding. The mediation shall be conducted as if it were a court-ordered mediation under Section 44.301, Florida Statutes, in any action filed in the courts of record in the State of Florida and Duval County.

2. Indemnification. In consideration of ten dollars ($10.00), receipt and sufficiency of which is hereby acknowledged by WDI, WDI hereby indemnifies and saves harmless and defend the JTA, its members, officers and employees with counsel acceptable to the JTA, from all liabilities, wages, losses and costs (including reasonable attorney fees) based on: (1) personal injury, bodily injury (injury/death), or property damages (including destruction) or (2) claims, damages and expenses of any kind to the extent arising from or in connection with any negligent, reckless or intentional wrongful misconduct of or by WDI, its agents, employees or assigns in providing the services called for herein.

3. Notices. Except as otherwise provided herein, any notices or demands that are required by law or under the terms of this Agreement shall be given or made by WDI or JTA in writing and shall be given by hand delivery, telegram or similar communication, or by certified or registered mail (return receipt requested), and addressed to the contact person for each respective party set forth above. Such notices shall be deemed to have been given in the case of telegrams or similar communications when sent, and in the case of certified or registered mail, on the third day after such communication has been deposited in the United States mail with postage prepaid. The above addresses may be changed at any time by giving thirty (30) days prior notice as provided above.

4. Entire Agreement. This Agreement and the work orders shall constitute the entire Agreement between JTA and WDI relating to the transactions contemplated herein.

5. Compliance with Laws. WDI shall comply with applicable laws, regulations, ordinances and rules of governmental agencies in the performance of its obligations hereunder, at WDI's sole cost and expense. WDI shall secure all required licenses and permits necessary to the performance of this Agreement at its sole cost and expense.

6. **Applicable Law.** This Agreement and the rights of all parties hereunder shall be construed and enforced in accordance with the laws of Florida, including, but not limited to the Florida Uniform Commercial Code.

7. **Severability.** If any provision of this Agreement shall be declared by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions shall continue in full force and effect.

8. **Assignments.** This Agreement is binding upon the parties hereto and their respective successors and assigns. Neither party shall assign this Agreement without the other party's express written consent. Any such assignment must contain a provision allowing such other party to assert against any assignee, any and all defenses, setoffs or counterclaims which such other party would be entitled to assert against the assigning party.

9. **Modifications; Waivers.** This Agreement may be modified or amended only by a writing signed by each of the parties hereto. No delay or omission of either party to exercise any right, power or remedy hereunder shall be construed to waive any default or breach, or to constitute acquiescence therein. No waiver of any default or breach hereunder shall extend to or affect any subsequent default or breach or other existing default or breach.

10. **Force Majeure.** Neither JTA nor WDI shall be liable for any delay or failure in performance caused by and during the continuance of acts beyond such party's control, including, without limitation, acts of God, war, vandalism, strikes, labor disputes, sabotage, hurricanes, fires, floods, shortages or delays in acquiring parts, equipment or transportation, acts of governmental agencies or interruptions of utility services.

11. **Waiver of Jury Trial; Consent to Jurisdiction.** WDI and JTA hereby knowingly, voluntarily and intentionally waive any right either may have to a trial by jury in respect of any litigation based on this Agreement or arising out of, under or in connection with the services to be provided hereunder, or any course of conduct, course of dealing, statement or actions of any party hereto. WDI and JTA further agree that any suit, action or other legal proceeding arising out of or relating to this Agreement may be brought, at the option of JTA, in a court of record of the State of Florida in Duval County, or in the United States District Court for the Middle District of Florida, or in any other court of competent jurisdiction, and each party hereby consents to the jurisdiction of each such court over any such suit, action or proceeding and waives any objection which it or they may have to the laying of venue of any such suit, action or proceeding and any of such courts. These provisions are a material inducement for JTA and WDI entering into the transactions contemplated hereby.

IN WITNESS WHEREOF, each of the parties hereto has caused its duly authorized officers to execute and deliver this Agreement on or as of the date first above written.

WINN-DIXIE STORES, INC.

By: _David J. Henry_
Title: _Senior VP/Marketing_

By: _Joanne R. Gage_
Title: _VP Advertising & Marketing_

JACKSONVILLE TRANSPORTATION AUTHORITY

By: _Mike Miller_
Title: _Director, External Affairs_

Approved as to form:

_____
JTA General Counsel

I certify that the expenditure contemplated by the foregoing Agreement has been duly authorized and the provision has been made for the payment of the moneys here to be paid

By: _A. E. Cerio_
Title: ~~Chief Financial Officer~~
CONTROLLER

LEGAL APPROVED
ATTY: _JJJ_
DATE: _1/3/05_

5