UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                    Case No.: 3-05-bk-03817-3FI

WINN-DIXIE STORES, INC., et al.,          Chapter 11 - Jointly Administered

Debtors.

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR CERTAIN POST-PETITION STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE**

The law firm of McConnaughhay, Duffy, Coonrod, Pope & Weaver, P.A. ("Applicant") seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

## FACTUAL BACKGROUND

2.   Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3.   Diane Watkins was injured while working at the Winn-Dixie store in Gulf Breeze, Florida, and subsequently filed a workers' compensation claim against Winn-Dixie. (<u>Diane Watkins v. Winn-Dixie Stores, Inc.</u>, Case No. 05-016091DWL, date of accident May 27, 2004, Sedgwick Claims Management Services, Inc. Claim No. A411208035.) Applicant was hired on behalf of Winn-Dixie through Sedgwick Claims Management Services to protect its interests in this matter. Applicant's representation of Winn-Dixie continued after the Petition Date, incurring legal fees and expenses. Applicant's unpaid invoice Nos. 89001 and 91973 for legal services rendered and expenses incurred in this matter for the period from February 21, 2005 through November 21, 2006, which total $746.85, are attached (note that $348.65 was paid on invoice No. 89001). (Applicant's damages may not be fully liquidated at this time.)

4.   Rose Richardson and Waldo Richardson filed a lawsuit against Winn-Dixie Stores regarding an injury at a Winn-Dixie store in Citrus County, Florida. (<u>Rose Richardson and Waldo Richardson v. Winn-Dixie Stores, Inc.</u>, Citrus County Circuit Court Case No. 2004-CA-35, date of accident August 21, 2001, Sedgwick Claims Management Services, Inc. Claim No. A111212108-0001-01). Applicant was hired on behalf of Winn-Dixie through Sedgwick Claims Management Services to protect its interests in this matter. Applicant's representation of Winn-Dixie continued after the Petition Date, incurring legal fees and

expenses. Applicant's invoice Nos. 91971 for legal services rendered and expenses incurred in this matter for the period from February 21, 2005 through November 21, 2006, which total $36.20, is attached. (Applicant's damages may not be fully liquidated at this time.)

5. Carl Forehand filed a lawsuit against Winn-Dixie regarding an injury sustained at Winn-Dixie store No. 0184 in Gadsden County, Florida. (<u>Carl Forehand v. Winn-Dixie Stores, Inc.</u>, Gadsden County Circuit Court Case No. 05-120-CAA, date of accident January 29, 2001, Sedgwick Claims Management Services, Inc. Claim No. A111201297). Applicant was hired on behalf of Winn-Dixie through Sedgwick Claims Management Services to protect its interests in this matter. Applicant's representation of Winn-Dixie continued after the Petition Date, incurring legal fees and expenses. Applicant's invoice No. 91972 for legal services rendered and expenses incurred in this matter for the period from February 21, 2005 through November 21, 2006, which total $55.16, is attached. (Applicant's damages may not be fully liquidated at this time.)

6. Bobbie Fountain filed a lawsuit against Winn-Dixie regarding an injury sustained at Winn-Dixie store No. 0086 in Leon County, Florida. (<u>Bobbie Fountain v. Winn-Dixie Stores, Inc.</u>, Leon County, Florida, Circuit Court Case No. 03-2238, date of accident September 1, 2001, Sedgwick Claims Management Services, Inc. Claim No. A111213799). Applicant was hired on behalf of Winn-Dixie through Sedgwick Claims Management Services to protect its interests in this matter. Applicant's representation of Winn-Dixie continued after the Petition Date, incurring legal fees and expenses. Applicant's invoice No. 92190 for legal services rendered and expenses incurred in this matter for the period from

February 21, 2005 through November 21, 2006, which total $425.56, is attached. (Applicant's damages may not be fully liquidated at this time.)

### APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

7. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate. . . . " 11 U.S.C. § 503(b). It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. See, Reading Co. v. Brown, 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); In re Piper Aircraft Corp., 169 B.R. 766 (Bankr. S.D. Fla 1994).

8. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim totaling at least $1,263.77 is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

### REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

McConnaughhay, Duffy, Coonrod, Pope & Weaver, P.A.
Post Office Drawer 229
Tallahassee, Florida 32302-0229

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

McCONNAUGHHAY, DUFFY,
COONROD, POPE & WEAVER, P.A.


**s/Brian S. Duffy**
Brian S. Duffy
Florida Bar No. 0180007
Post Office Drawer 229
1709 Hermitage Blvd., Suite 200 (32308)
Tallahassee, Florida 32302-0229
Telephone: (850) 222-8121
Facsimile: (850) 222-4359
bduffy@mcconnaughhay.com

Attorney for Creditor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2007, I filed the foregoing Application for Allowance of Administrative Claim for Certain Post-petition Status for Post-petition Claim and Request for Notice through the CM/ECF filing system, which caused a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

**s/Brian S. Duffy**
Brian S. Duffy

ATTACHMENTS