UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No.: 05-03817-3F1 |
| | ) |
| Winn-Dixie Stores, Inc., et al.,[1] | ) |
| | ) Chapter 11 |
| Reorganized Debtors. | ) |
| | ) Jointly Administered |
| | ) |
| | ) MOTION FOR APPLICATION AND |
| | ) REQUEST FOR PAYMENT OF |
| | ) CLAIM |
| | ) |

      The Party in Interest, Creditor "Toya Brown", by and through her undersigned counsel, pursuant to Rule 6(b), Federal Rules of Civil Procedure, and Rule 3.01 (g), Local Rules, United States District Court, Middle District of Florida, hereby moves this Court for entry of an Order granting application and request for payment of claim, and states:

      1.    On or about November 9, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division entered its Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc., and Affiliated Debtors. Consequently, the Party in Interest's response is due on or before January 5, 2006.

      2.    On or about October 1, 2005, the Creditor was injured in Winn-Dixie Store #12, 12333 Sago Avenue, Jacksonville, Florida 32218. Further, these injuries have resulted in personal injury for which Creditor has a legal claim against Winn-Dixie Store,

Inc., and Affiliate Debtors for which damages demanded (Attachment A) of Sedgwick Claims Management Services, Inc. are recoverable.

3. The Creditor's counsel respectfully requests that this Court enter an order granting APPLICATION AND REQUEST FOR PAYMENT OF CLAIM.

Respectfully submitted,

**Davis Law Group, P.A.**
Attorneys at Law


  s/Kevin M. Cobbin
Kevin M. Cobbin, Esquire
Florida Bar Number:0645206
255 Liberty Street, Suite A
Jacksonville, Florida 32202
Telephone: (904) 354-0104
Facsimile:   (904) 354-0122

Attorney for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and/or filed by hand delivery. I further certify that on the same day a copy of the foregoing document and notice of filing was furnished to the following, either by the CM/ECF system to the CM/ECF participants or by U.S. Mail and fax to the non-CM/ECF participants:

James Post, Esquire
Smith Hulsey & Busey
225 Waters Street, Suite 1800
Jacksonville, FL 32202

Matthew Barr, Millbank, Tweed,
Hadley & McCloy LLP
1 Chase Manhattan Plaza,
 New York, New York 10005


  s/ Kevin M. Cobbin
Kevin M. Cobbin, Esquire

2

# ATTACHMENT A

January 1, 2007


Richard J. Law
Sedgwick Claims Management Services
General Liability Examiner
P.O. Box 24787
Jacksonville, FL 32241-4787

Re:   My Client:    Toya Brown
      Y/Insured:    Winn-Dixie Stores, Inc. (Winn-Dixie Store #12)
      Y/Claim No:   A511213213
      D/A:          October 1, 2005

Dear Mr. Law:

As you know, this law firm represents Mrs. Toya Brown, with regard to the personal injuries she sustained as a result of the above-reference incident. Liability on the part of your insured Winn-Dixie Stores, Inc., is clear in this case, as are my client's related injuries and damages.

## **LIABILITY**

On October 1, 2005, Mrs Brown was shopping in Winn-Dixie Store #12. On this particular day, while walking down the food aisles, Mrs. Brown slipped on a grape or an unknown foreign substance left in the aisle which caused her legs to slip from under her and her body to crash onto the floor. The impact of the fall was extremely hard and was witnessed by other customers in the store. The result of the fall caused Mrs. Brown to injure both of her back and hip.

The owner or occupant of a premises owes an invitee the duty of ordinary care in maintaining the premises in a reasonable and safe condition, and of giving invitees timely notice of latent perils. The owner or occupants were negligent in failing to remove the unknown liquid substance, failing to warn invitees of the danger of the substance and failing to maintain the property in other than a dangerous condition.


Please find enclosed a copy of the medical records depicting my client's injuries and treatment (see exhibit A) following her incident.

4

## MEDICALS

### *BAPTIST OCCUPATIONAL HEALTH AND SPORTS MEDICINE*

On April 6, 2005, Mrs. Brown reported to Baptist Occupational Health and Sports Medicine for an initial examination of her back and hip.  She has been seen by her primary care physician but he did not treat her for her injuries.  She was seen by a Dr. Czerkawski and he placed her on a treatment plan.  Mrs. Brown had x-rays and MRI taken of her injured regions.  She was instructed to continued to treat with him and order for follow-up treatment.

On August 24, 2006, Dr. Czerkawski made the following final diagnosis: 1) Lumbar radiculitis with ongoing low back pain and 2) Right paracentral disc protrusion L, S1.  Mrs. Brown was released and Given a 5% MMI of her whole person.

## DAMAGES

My Client's special damages are as follow:

| | |
|---|---|
| Baptist Occupational Health and sports medicine} | $ 1,113.00 |
| **TOTAL** | $ 1,113.00 |

Mrs. Brown was born March 1, 1964, and is a 42 year old married female. As outlined in the compilation of medical reports, this incident has caused significant changes in the quality of my client's daily living.  Prior to the accident, Mrs. Brown enjoyed an active work life, traveling, cooking, grocery shopping, walking, exercising and taking care of her family.  However since the accident Mrs. Brown has been in constant pain and has had difficulty walking, working, having intercourse with her husband, and sleeping.  Furthermore, she can no longer participate in many of the activities she enjoyed before the accident.  Activities that are now restricted and are exacerbated by the incident are things such as walking, traveling, standing for periods of time, lifting, sleeping, exercise, driving, etc...

We are mindful that no amount of money is adequate to compensate Mrs. Brown for the damage she has sustained, we hereby demand TWENTY THOUSAND ($20,000.00) dollars to amicably settle this matter.

Respectfully,


Kevin M. Cobbin, Esq.

Enclosures

cc: Mrs. Toya Brown