### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,                          Case No. 3:05-bk-03817-JAF

       Debtor.                                          Chapter 11 – Jointly Administered

_____/

### APPLICATION OF MARIE RICHELIEU FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), MARIE RICHELIEU ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1.      On  February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2.      The Court confirmed the Debtors' Plan of Reorganization.  The effective date of the Plan is November 21, 2006 ("Effective Date").

3.      Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence.  As a proximate result of the negligence, Movant suffered damages.  A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4.      The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5.      The Movant's personal injury claim has not yet been liquidated.  The Movant estimates the claim against the Debtor to be at least **$75,000.00**.

6.      Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set  for post-petition claimants to file administrative expense claims.

7.      The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ····" 11 U.S.C. § 503(b)(1).  Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.      Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim.   Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.      The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

> Marie Richelieu
> c/o Arvid J. Peterson, III, Esq.
> Law Offices of Arvid J. Peterson, III
> 370 Camino Gardens Boulevard, Suite 327
> Boca Raton, FL  33432

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

> /s/DENNIS J. LEVINE, ESQ.
> DENNIS J. LEVINE, ESQ.
> Fla. Bar No. 375993
> DENNIS LeVINE & ASSOCIATES, P.A.
> P.O. Box 707
> Tampa, FL 33601-0707
> (813) 253-0777
> (813) 253-0975 (fax)
> Attorneys for Marie Richelieu
> c/o Arvid J. Petersom III, Esq.

---

[1] *See, e.g., Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994)..  As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift* ), 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this ___5th___ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

LAW OFFICES OF

# ARVID J. PETERSON, III

ARVID J. PETERSON, III

370 WEST CAMINO GARDENS BLVD.
SUITE 327
Boca Raton, Florida  33432

TELEPHONE
(561) 394-9228

January 4, 2006

<u>Via Fax and U.S Mail</u>
Dennis LeVine, Esq.
Dennis LeVine & Associates
103 South Blvd.
Tampa, Florida  33606-1901

Re: My Client       : Marie Richelieu
    Date of Loss    : 8-12-05
    At Fault Party  : Winn-Dixie

Dear Denis:

It was nice talking to you today and thank you for agreeing to file the necessary paperwork and serving the documents as required by the Bankruptcy Court.

I would respond to your fax as follows:

<u>Name of Claimant</u>:  Marie Richelieu

<u>Short Narrative</u>:  On August 12, 2005, Marie Richelieu was shopping at the Winn-Dixie store located at 3434 North Federal Highway, Pompano Beach, Florida.  The store has been identified as store # 207.  While in the above-described Winn-Dixie store, Marie Richelieu slipped on a puddle of water or alternatively, a clear liquid.  The puddle was approximately three feet in diameter.  There area where the fall occurred was under the exclusive control of the Winn-Dixie, who failed to correct the dangerous condition that they knew or should have known existed. Alternatively, Winn-Dixie failed to provide warning of said dangerous condition.

<u>Damages</u>:  No demand has been made.  However, I believe the special and general damages are approximately $75,000.00.  As such, the amount is not liquidated.

<u>Name and address of the person designated to receive notices in the event the Debtors file an objection to the Application</u>:  Arvid J. Peterson, III, Esq., 370 Camino Gardens Blvd., Suite 327,

EXHIBIT A

Boca Raton, Florida 33432. E-mail: ajpistolpete@bellsouth.net Fax: (561) 394-2954.

Thank you again for your assistance.

Very truly yours,

Arvid J. Peterson, III

AJP/lp

Enclosure