

IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

WINDWARD PETROLEUM INC.,
successor in interest to
JACKSON OIL PRODUCTS CO.

   Plaintiff,

v.                                      NO.: CH-06-0794-2

RIVER ENTERPRISES LUBE, L.L.C.,
d/b/a TEN MINUTE OIL CHANGE,
MARK C. JOHNSON and TIM MICHELOTTI,
personal guarantors,

   Defendants.

## COMPLAINT FOR BREACH OF CONTRACT
## AND TO ENFORCE PERSONAL GUARANTEES

TO THE HONORABLE CHANCELLORS OF THE CHANCERY COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS:

Comes now Plaintiff Windward Petroleum, Inc., successor in interest to Jackson Oil Products Co., (hereinafter "Windward"), and respectfully states its cause of action against the Defendant River Enterprises Lube, L.L.C. d/b/a Ten Minute Oil Change (hereinafter "Ten Minute Oil Change") as follows:

### I.
### PARTIES

1. Plaintiff Windward is a corporation organized under the laws of the state of Mississippi with its principal place of business at 980 N. Bierdeman Road, Jackson, Mississippi 39208. Windward is engaged in the business of

distribution of oil products and equipment in Tennessee and elsewhere. Windward Petroleum, Inc. acquired Jackson Oil Products Co. and is a successor in interest to Jackson Oil Products Co.

2. Defendant Ten Minute Oil Change is a limited liability company organized and existing under the laws of Tennessee. Ten Minute Oil Change's principal place of business is located at 7751 Wolf River Parkway, Germantown, Shelby County, Tennessee.

3. Defendants Mark C. Johnson and Tim Michelotti are residents of Memphis, Shelby County, Tennessee. Mr. Johnson and Mr. Michelotti are personal guarantors of distributorship agreements between Ten Minute Oil Change and Windward.

## II.
## JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred upon this Court in the exercise of its inherent equity jurisdiction by T.C.A. § 16-11-103 and in its concurrent jurisdiction at law by T.C.A. § 16-11-102.

5. Venue is conferred upon this Court by T.C.A. § 20-4-101 because this cause of action is a residence judicial district and defendant can be found in this judicial district.

2

M EM 947136 v1
0-0 04/19/2006

## III.
## FACTS GIVING RISE TO CAUSE OF ACTION

6. Ten Minute Oil Change is a merchant in the business of providing consumer automotive repair and service, specifically oil change service.

7. Ten Minute Oil Change entered into several Supply Agreements with Castrol of North America, Inc. ("Castrol"), in 2002 - 2004 for the supply of automotive motor oil, lubricants, greases, fluids and cleaners for several of its Memphis-area locations, including South Germantown Road, Bartlett, Union Avenue, Poplar Avenue, and Goodman Road (hereinafter the "locations"). (attached collectively hereto as Exhibit A).

8. The Supply Agreements set forth that Castrol would be the "exclusive supplier" of all synthetic motor oils used by Ten Minute Oil Change. (See Exhibit A at ¶ 1).

9. The Supply Agreements further provide that Ten Minute Oil Change acknowledged that Castrol "may use various Distributors to distribute Castrol products within specified geographic areas…" and that Ten Minute Oil Change "shall not mix or blend Castrol brand motor oils… with other products…" (Exhibit A at ¶¶ 4, 6).

3

M EM 947136 v1
0-0 04/19/2006

10. Castrol designated Windward as the distributor of Castrol products to Ten Minute Oil Change.

11. From 2002 - 2004, Windward and Ten Minute Oil Change entered into a series of Castrol Distributor Loan Program ("DLP") Agreements for the locations. (collectively attached hereto as Exhibit B.)

12. The DLP Agreements provided that Windward would loan Ten Minute Oil Change certain equipment ("equipment") in exchange for providing Windward a security interest in the equipment and for Ten Minute Oil Change's purchase of minimum quantities of Castrol products from Windward. (See Exhibit B.)

13. The DLP Agreements further provided that Ten Minute Oil Change agreed "to purchase and to make timely payment for minimum quantities [of Castrol products]... for a loan term of five (5) years from [Windward]." (Exhibit B).

14. The DLP Agreements provided that Ten Minute Oil Change agreed that the equipment would be used "for the storage, handling, dispensing and sale of Castrol products ONLY; and [Ten Minute Oil Change] and [Windward] each agree[d] to use the items for such purposes only." (Exhibit B at ¶ 3).

15. On June 23, 2003, Defendants Mark C. Johnson and Tim Michelotti executed a Personal Guaranty for Ten Minute Oil Change's obligations to

4

Windward. (attached hereto as Exhibit C).

16. From 2002 - 2004, Windward and Ten Minute Oil Change also entered into a series of Equipment Lease Agreements for some of the locations. (collectively attached hereto as Exhibit D).

17. The Equipment Lease Agreements provided that certain equipment would be leased to Ten Minute Oil Change in exchange for the purchase of minimum quantities of Castrol products. (See Exhibit D at ¶ 3).

18. The Equipment Lease Agreements set forth that if Ten Minute Oil Change failed to pay for the purchase of any product when due or breached the Agreements, "[Ten Minute Oil Change shall…be required to purchase the Equipment [from Windward] at the current Buyout value." (See Exhibit D at ¶ 10).

19. The Supply, DLP and Equipment Lease Agreements provide for the payment of all of Windward's costs and expenses, including attorney's fees and interest, incurred in Windward's exercise of its rights under the Agreements. (Exhibit (Supply) at ¶ 9; Exhibit (DLP) at ¶ 10; Exhibit (equip lease) at ¶ 9).

20. As of March 28, 2006, Ten Minute Oil Change has an outstanding balance of $104,168.83, including accrued interest, for accounts receivable for its required purchase of minimum quantities of Castrol products from Windward. A summary of Ten Minute Oil Change's total balance is attached hereto as Exhibit E.

M EM 947136 v1
0-0 04/19/2006

The balance continues to increase and also accrues interest.

## IV.
## CAUSES OF ACTION

### BREACH OF CONTRACT

21. Ten Minute Oil Change's commingling of Castrol products with other manufacturers' products amounts to a breach of the DLP Agreements' provisions that the equipment leased to Ten Minute Oil Change was "for the storage, handling, dispensing and sale of Castrol products ONLY..." (See Exhibit B).

22. Ten Minute Oil Change's failure to timely repay its accounts receivable amounts to a breach of the terms of the DLP Agreements, which has proximately caused Windward damages in the amount of $104,168.83.

23. Ten Minute Oil Change's failure to pay for the purchase of Castrol products when due, amounts to breach of the Equipment Lease Agreements. which requires Ten Minute Oil Change to purchase of the Equipment at buyout value.

24. Windward, as a designated Distributor of Castrol products, is a third-party beneficiary of the Supply Agreements between Ten Minute Oil Change and Castrol.

25. Ten Minute Oil Change's commingling of Castrol products with other manufacturers' products amounts to a breach of the Supply Agreement that Castrol be the "exclusive supplier" of Ten Minute Oil Change's products.

M EM 947136 v1
0-0 04/19/2006

26. Ten Minute Oil Change's default in payment for Castrol products amounts to a breach of the Supply Agreements.

27. Windward is entitled to all costs and expenses, including attorney's fees and interest, incurred in Windward's exercise of its rights under the Supply, DLP and Equipment Lease Agreements. (Exhibit (DLP) at ¶ 10; Exhibit (equip lease) at ¶ 9).

28. Defendants Mark C. Johnson and Tim Michelotti are jointly and severally liable as guarantors for Ten Minute Oil Change's breach of the distribution agreements with Windward.

## V.
## PRAYER FOR RELIEF

1. Wherefore, premises considered, Windward prays that a copy of this complaint and a summons be issued and served upon Ten Minute Oil Change and that Ten Minute Oil Change be required to answer within the time and manner provided by the Tennessee Rules of Civil Procedure; and

2. At the hearing of this cause upon the merits, that Windward be awarded a monetary judgment in the amount of compensatory damages suffered by Plaintiff, $104,168.83 as of March 28, 2006 plus additional principal and accrued interest, attorneys' fees, costs.

3. Plaintiffs have such other relief, both special and general, that they

may be entitled to.

 

Respectfully submitted,

*/s/ Michael Richards*

Michael Richards (#7973)
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901) 526-2000
Attorney for Plaintiff
Windward Petroleum, Inc.