**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,

        Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE
STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE**
Stephanie Smith

       Comes Now Stephanie Smith ("Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

**JURISDICTION AND VENUE**

      1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

**FACTUAL BACKGROUND**

      2.     Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

      3.     After the Petition Date and on or about April 22, 2005, Applicant was injured at Winn-Dixie Store #1086 located in Beaufort, South Carolina as a proximate result of the negligence of the Winn-Dixie entity operating the store in failing to maintain

the premises in a reasonable safe condition. A more detailed explanation is attached as Exhibit A. Upon information and belief, the responsible Debtor is Winn-Dixie Stores, Inc. As a result of the injury, Applicant has suffered damages totaling at least $17,575.30, which damages Applicant can support through medical records and other proof. Applicant's damages may not be fully liquidated at this time.

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4.      Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5.      In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting

Applicant's claim be served upon:

> Davidovic Law Firm
> 2201-B Boundar Street
> Suite 205
> Beaufort, South Carolina  29902.

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter

an order granting the relief requested herein and such other relief as it deems just and

proper.

Respectfully Submitted,

WILCOX LAW FIRM


/s/ **Robert Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
Telephone: (904) 281-0700
Facsimile: (904) 513-9201


## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2007, I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system, which will cause a copy to be  served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and  John MacDonald, Esq., Counsel for the Post-Effective Date Committee,  Elena L. Escamilla,  Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.


/s/ **Robert Wilcox**
Robert D. Wilcox

EXHIBIT A

# Compensatory Damages of Stephanie Smith

RE: **Stephanie Smith v. Winn-Dixie Stores, Inc., House Detail Services, Inc., Bergenson**
Date of Loss: April 22, 2005
Case No. 05-03817-3F1 US Bankruptcy Court Middle District of Florida Jacksonville Division

## Introduction

This Brochure has been prepared by Davidovic Law Firm of Beaufort, South Carolina for the purposes of showing the facts in this case. This brochure has been prepared in the spirit of full disclosure.

This Brochure is for settlement purposes and for this case only and shall not be used for any other purpose(s).

## I N D E X

1 Facts
2 Liability
3 Medical Records
4 Stephanie Smith's Injuries
5 Compensatory Damages of Stephanie Smith
6 Loss of Consortium of Stephanie Smith's Husband
7 Exhibits

## 1 Facts

On April 22, 2005 Stephanie Smith was at the Winn-Dixie (#1086, 320 Robert Smalls Parkway, Beaufort, SC). Stephanie was walking, slipped and fell on the wet floor between register #1 and the customer service counter. According to the store, the Bergenson's vendor was using too much water to mop the floor that had been mopped. Derek Haman/Co-Mgr. of Winn-Dixie stated that the vendor did not use any caution signs. Stephanie was carrying her items in her hands, slipped and fell, landing on her right knee and injured her knee.

Stephanie Smith's fall was hard and she suffered multiple bodily injuries. She noted immediate onset of pain with a limp secondary to the pain, she has swelling on the medial interior of her right knee.

## 2 Liability

This incident was caused by Winn-Dixie Stores, Inc, House Detail Services, Inc., Bergenson. Liability is clear and absolute. Winn-Dixie Stores, Inc., House Detail Services, Inc., Bergenson violated laws, rules and regulations.

## 3 Medical Records (Ex. 1)

1

As a result of this fall, Stephanie Smith suffered bodily injuries as are hereinafter more particularly set forth:

**04/22/05 BMH EDM Mary Appleby RN:**
".. .Fell and injured R knee...Severity 9"

**04/22/05 BMH EDM RN. GS:**
".. .Fell and injured R knee... Pain 8.. .Slipped on floor"

**04/22/05 BMH EDM RN. LKS:**
"... Fell, slipped on wet floor... Right Knee"

**04/22/2005 BMH Emergency Department, Freier Jr, Dale**
"... She noted immediate onset of pain ... limp secondary to the pain... She has no injury to that knee.. She has noted a mild amount of swelling on the medial inferior aspect of her right knee.. There is mild swelling over the medial aspect of her proximal tibia... There is mild tenderness to palpation along the medial superior tibia...The patient does have some mild swelling suggesting a contusion and there is mild tenderness to palpation of this area as well The patient was placed in an Ace wrap and offered crutches to use for comfort. She is instructed to keep her leg elevated while resting.
DIAGNOSIS: Right knee contusion
TREATMENT PLAN: .. Ace wrap.. crutches.. keep leg elevated while resting.. Ibuprofen

**4 Stephanie Smith's Injuries**
As a result of this fall, Stephanie Smith suffered bodily injuries as are hereinafter more particularly set forth:
Injured R knee
Pain 8
Pain Severity 9
Limp secondary to the pain
Mild amount of swelling on the medial inferior aspect of right knee
Mild swelling over the medial aspect of her proximal tibia
Mild tenderness along the medial superior tibia
Right knee contusion
Pain to the right knee

The above injuries were caused by the April 22, 2005 fall and such injuries have adversely affected her activities and her enjoyment of living. Stephanie Smith should be fully compensated for all economic and human losses she suffered, which have impaired her life through tortfeasors' negligence and recklessness.

**5 Compensatory Damages of Stephanie Smith**

**5.1 Past Medical Expenses (Ex. 2)**

| | |
|---|---|
| 04/22/05 BMH EDM Mary Appleby RN: | 306.00 |
| 04/22/2005 BMH Emergency Department, Freier Jr, Dale | 138.00 |
| Medical Records & Bills | 24.85 |

| Medications (Ibuprofen, Ace wrap, Tylenol) | | 18.70 |
|---|---|---|
| **Past Medical Expenses** | **$** | **487.55** |

**5.2 Past Travel Expenses**

| 06/01/04 BMH | 11 Miles |
|---|---|
| Medications | 20 Miles |

| Past Travel Expenses: 31 miles x $0.485 | **$15.00** |
|---|---|

**5.3 Past Pain, Suffering, Emotional Distress, Impairment of Enjoyment of Life**
Adverse consequences of this incident have continued to this day.
Stephanie will continue to suffer from above injuries caused by no fault of her own.
As a result of her above sustained injuries in the incident of April 22, 2005 she has had pain,
suffering, distress, inconvenience and an impairment of her enjoyment of life:
From April 22, 2005 through December 31, 2006 (619 days at $25.00 per day): $15475

| 5.4 Compensatory Damages of Stephanie Smith in excess of: | $15977.55 |
|---|---|
| 6. Loss of Consortium of Stephanie Smith's husband | $1597.75 |

**7 Exhibits:**
Ex. 1 - Medical Records
Ex. 2 - Medical Bills