THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 630-138

DIVISION " "

GINA WILTZ, wife of, and TIMOTHY WILTZ,
on behalf of their minor son, RYAN WILTZ

VS.

BROTHERS PETROLEUM, L.L.C., MEREAUX FOOD STORE, INC., ALEX CHEVRON, INC., WINN DIXIE MONTGOMERY, INC., BOGUE CHITTO CANOEING AND TUBING CENTER, INC. and INFINITY INSURANCE COMPANY

FILED_____          _____
                                              DEPUTY CLERK

## PETITION FOR DAMAGES

The petition of Gina Wiltz and Timothy Wiltz (both persons of the full age of majority and displaced residents of St. Bernard Parish, now domiciled in Jefferson Parish, State of Louisiana), on behalf of their minor son, Ryan Wiltz, respectfully represents:

I.

Defendant, Brothers Petroleum, L.L.C., is a Louisiana limited liability company, which is, and was at all times pertinent hereto, domiciled in the Parish of Jefferson, State of Louisiana

II.

Brothers Petroleum, L.L.C. owned and operated Brothers Food Mart #110 (hereinafter "Brothers") located at 8900 Patricia Street, Chalmette, Louisiana 70043 on August 20th and 21st of 2005.

III.

Defendant, Mereaux Food Store, Inc., is a Louisiana Corporation, which is, and was at all times pertinent hereto, domiciled in the Parish of St. Bernard, State of Louisiana.

IV.

Mereaux Food Store, Inc. owned and operated Mereaux Food Store & Sporting Goods (hereinafter "MFS") located at 3124 East Judge Perez Drive, Chalmette, Louisiana 70075 on August 20th and 21st of 2005.

1

V.

Defendant, Alex Chevron, Inc., is a Louisiana Corporation, which is, and was at all times pertinent hereto, domiciled in the Parish of St. Bernard, State of Louisiana.

VI.

Alex Chevron Inc. owned and operated the Alex Chevron gas station and food store located at 7415 West Judge Perez Drive, Arabi, Louisiana 70032 on August 20th and 21st of 2005.

VII.

Defendant, Winn Dixie Montgomery, Inc., is a Florida Corporation, which is, and was at all times pertinent hereto, domiciled in the County of Montgomery, State of Alabama. Winn Dixie Montgomery Inc.'s designated principal place of business in Louisiana is in the Parish of Jefferson.

VIII.

Winn Dixie Montgomery, Inc. owned and operated the Winn Dixie grocery store located at 3300 Paris Road, Chalmette, Louisiana 70043 on August 20th and 21st of 2005.

IX.

Defendant, Bogue Chitto Canoeing and Tubing Center, Inc., is a Louisiana Corporation, which is, and was at all times pertinent hereto, domiciled in the Parish of Washington, State of Louisiana.

X.

Bogue Chitto Canoeing and Tubing Center, Inc., owned and operated The Bogue Chitto Canoeing and Tubing Center located at 10237 Choctaw River Rd., Bogalusa, Louisiana 70427 on August 21, 2005.

XI.

Infinity Insurance Company is a foreign (non-Louisiana) insurance company, which was licensed to do business in the State of Louisiana at all times pertinent hereto. At the time of the accident that forms the basis of this lawsuit, the vehicle being driven by Brian Lafontaine was owned by Tommy Tomasseo and was insured under a policy of automobile liability insurance issued to Mr. Tomasseo by Infinity Insurance Company.

*VENUE*

Venue in this Court is premised on La-C.C.P., articles 42 and 73, inasmuch as Brothers and Winn Dixie are domiciled in the Parish of Jefferson, State of Louisiana.

XII.

On or about August 21, 2005, Ryan Wiltz, then 16 years of age, suffered a traumatic brain injury while he was a passenger in a vehicle being driven by Brian Lafontaine and owned by Lafontaine's grandfather, Tommy Tomasseo.

XIII.

The accident occurred on Louisiana Highway 16 near Sun, Louisiana, in St. Tammany Parish, when Lafontaine, heading eastbound, lost control of the 1998 Honda Accord. The vehicle slid across the westbound lane of traffic, hit some trees and crashed into a ditch alongside the westbound lane of Highway 16. Ryan Wiltz was partially ejected from the back window and suffered a massive head injury, along with other injuries.

XIV.

In addition to Brian Lafontaine and Ryan Wiltz, there were 3 other passengers in the vehicle: Rachel Gabb, Charie Billiot and Chrissy Billiot. Chrissy Billiot was injured and Charie Billiot and Rachel Gabb died at the scene of the accident. Brian Lafontaine died later as a result of his injuries.

XV.

Brian Lafontaine was intoxicated at the time of this accident, and his intoxication contributed to this accident.

XVI.

Ryan Wiltz and the individuals identified in paragraph XIV were part of a group of approximately 30-40 high school students from St. Bernard Parish, who participated in a tubing trip on the Bogue Chitto River on August 21, 2005.

XVII.

Brothers, MFS, Alex Chevron and Winn Dixie *all* sold alcohol to minors who participated in the tubing trip. This alcohol, which was deposited into numerous, commonly accessible ice chests, formed a community of alcohol from which many of the participants, including Brian Lafontaine, partook over the course of the tubing trip. As such, all of these merchants are liable.

XVIII.

On the night of August 20, 2005, Brothers sold alcohol to a minor named Jared Henninger, who participated in the tubing trip. This alcohol formed part of the community of alcohol from

which Brian Lafontaine became intoxicated.

### XIX.

On the night of August 20, 2005, Winn Dixie also sold alcohol to Jared Henninger. This alcohol formed part of the community of alcohol from which Brian Lafontaine became intoxicated.

### XX.

On the night of August 20, 2005, Mereaux Food Store sold alcohol to minors named James Perez and Ronald Lemoine, both of whom participated in the tubing trip. This alcohol formed part of the community of alcohol from which Brian Lafontaine became intoxicated.

### XXI.

On the night of August 20, 2005, Alex Chevron sold alcohol to minors named James Perez and Justin Hartman, both of whom participated in the tubing trip. This alcohol formed part of the community of alcohol from which Brian Lafontaine became intoxicated.

### XXII.

On the morning of August 21, 2005, Alex Chevron sold alcohol to James Perez. This alcohol formed part of the community of alcohol from which Brian Lafontaine became intoxicated.

### XXIII.

On the morning of August 21, 2005, Mereaux Food Store sold alcohol to James Perez. This alcohol formed part of the community of alcohol from which Brian Lafontaine became intoxicated

### XXIV.

On the morning of August 21, 2005, Winn Dixie sold alcohol to a minor named "Candace." Upon information and belief, this alcohol formed part of the community of alcohol from which Brian Lafontaine became intoxicated.

### XXV.

The Winn Dixie on Paris Avenue was the designated meeting place for the large group of high school students, and they met there early in the morning on August 21, 2005. The group left there and then met again at the Bogue Chitto Canoeing and Tubing Center.

### XXVI.

The group paid in advance for the tubing trip, then they waited for a bus, which was to take the kids and their belongings up the Bogue Chitto River. The kids would then float back on inner tubes to the location where they started.

XXVII.

There was an approximate 30-minute wait during which several of the minors drank alcohol freely in the parking lot and in front of employees of the tubing center. Some of the kids even did "beer bongs," drinking beer rapidly through a funnel. The employees of the tubing center were present and observed the minors funneling beer.

XXVIII.

One of the minors funneling beer was Brian LaFontaine.

XXIX.

When the bus arrived, these same employees helped the kids load the bus with their belongings, including several ice chests filled with beer. The employees even went so far as to check the contents of the ice chests to make sure there was no glass in any of them.

XXX.

And although employees of the Bogue Chitto Canoeing and Tubing Center observed minors drinking recklessly and carrying excessive amounts of alcohol onto private property and onto the bus, they did nothing to stop it.

XXXI.

Additionally, the woman behind the counter and another gentleman, who identified themselves as the owners, informed some members of the group that the Louisiana State Police had been setting up road blocks on the other side of the Bogue Chitto to check for intoxicated drivers, and that the roadblocks could be avoided, when the teenagers left, by going around and using Highway 16.

XXXII.

After the bus ride and for the next several hours, the group of high school students from St. Bernard Parish floated down the Bogue Chitto River, many of them consuming alcohol. All the while the kids were freely drinking from each other's ice chests, including Brian LaFontaine.

XXXIII.

When the kids arrived back at the tubing center, Ryan Wiltz got into the car with Lafontaine, Gabb and the Billiot sisters. As was suggested by the owners of the tubing center, Brian Lafontaine headed east on Highway 16. The accident occurred within a few miles of the tubing center.

XXXIV.

The aforedescribed accident was occasioned by the negligence of the defendants, Brothers Petroleum, L.L.C., Mereaux Food Store, Inc., Alex Chevron, Inc. and Winn-Dixie Montgomery, Inc., by the following acts:

1) Selling alcohol to minors in violation of LSA-R.S. 14:93.11 and 9:2800.1; and

2) Any and all other acts of negligence which may be proven at trial.

XXXV.

The aforedescribed accident was occasioned by the negligence of the defendant, Bogue Chitto Canoeing and Tubing Center, Inc., by its following acts:

1) Observing minors consuming alcohol on private property;

2) Observing minors with excessive amounts of alcohol and failing to confiscate it;

3) Observing minors with excessive amounts of alcohol and failing to report it to law enforcement;

4) Instructing minors on how to avoid law enforcement roadblocks; and

5) Any and all other acts of negligence which may be proven at trial.

XXXVI.

As a result of the aforedescribed accident, petitioner, Ryan Wiltz, sustained personal injuries for which he is entitled to recover from defendants for all general and special damages which may be proven at trial and are deemed reasonable in the premises, including but not limited to the following items of damage:

1) Medical Expenses, past, present and future;

2) Expenses related to life care planning;

3) Mental and Physical Pain and Suffering, past, present and future;

4) Loss of Wages (past and future) and loss of earning capacity;

5) Loss of future insurability;

6) Past and future functional impairment and or physical disability; and

7) Any other damages which may be proven at trial.

WHEREFORE, petitioners, Timothy Wiltz and Gina Wiltz, on behalf of their minor son, Ryan Wiltz, pray that defendants, Brothers Petroleum, L.L.C., Mereaux Food Store, Inc., Alex

Chevron, Inc., Winn-Dixie Montgomery, Inc., Bogue Chitto Canoeing & Tubing Center, Inc. and Infinity Insurance Company, be duly cited to appear and answer, and after all legal delays, that judgment be rendered herein in favor of your petitioners and against the defendants, jointly, severally and in solido in the full amount of those special damages and general damages as pleaded herein and which may be proven at trial and are deemed reasonable in the premises, with legal interest from date the date of judicial demand, plus all court costs and expert witness fees;

Petitioners further pray for all general and equitable relief in the premises.

RESPECTFULLY SUBMITTED,

**RICHARD C. TRAHANT(#22653)**
ATTORNEY AT LAW
2908 Hessmer Ave.
Metairie, LA 70002
(504) 780-9891

- And -

**SCOTT LaBARRE (#17659)**
ATTORNEY AT LAW
3500 North Hullen St.
Metairie, Louisiana 70002
(504) 456-8640

7

THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.                                                                                                                              DIVISION " "

GINA WILTZ, wife of, and TIMOTHY WILTZ,
on behalf of their minor son, RYAN WILTZ

VS.

BROTHERS PETROLEUM, L.L.C., MERAUX FOOD STORE, INC., ALEX CHEVRON, INC., WINN DIXIE MONTGOMERY, INC., BOGUE CHITTO CANOEING AND TUBING CENTER, INC. and INFINITY INSURANCE COMPANY

FILED_____                                                       _____
                                                                                                              DEPUTY CLERK

## VERIFICATION

STATE OF LOUISIANA

PARISH OF JEFFERSON

      BEFORE ME, the undersigned Notary, personally came and appeared:

**TIMOTHY WILTZ and GINA WILTZ**

who, after being duly sworn, did depose and say that they are the petitioners in the above and foregoing Petition for Damages, that they have read same and that all allegations contained therein are true and correct to the best of their knowledge, information and belief.

_____
TIMOTHY WILTZ

_____
GINA WILTZ

SWORN TO SUBSCRIBED BEFORE ME

THIS _11th_ DAY OF _April_, 2006.

_____
NOTARY PUBLIC

8