UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:   Case No: 05-03817-3F1

Winn-Dixie Stores, Inc., et al.,   Chapter 11

Reorganization Debtors   Jointly Administered
_____/

## APPLICATION FOR ADMINISTRATIVE EXPENSES
(Post Petition Tort Claim)

COMES NOW, Plaintiff / Applicant TAMMARA ANDERSON, by and through the undersigned counsel and pursuant to 11 U.S. Code Section 503, The Florida Rules of Bankruptcy Procedure, and to Section 12.1 of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc., ratified by this honorable court on November 9, 2006, and files this Application for Administrative Expenses for Post Petition Tort Claim and in support thereof states as follows:

1. Defendant Winn-Dixie Stores, Inc. (hereinafter referred to as "Winn-Dixie") filed its Petition for Bankruptcy pursuant to Chapter 11 U.S. Code with this honorable court on or about February 21, 2005.

2. The terms of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. pertaining to said petition hereinafter referred to as ("The Plan") took effect on November 21, 2006 the terms of which are fully incorporated and referenced as if fully stated herein.

3. Plaintiff / Applicant TAMMARA ANDERSON resides at 360A ½ 14th Street North St. Petersburg, Florida and was and is at all times material to this cause of



action a resident of Pinellas County Florida, over the age of 18 and otherwise Sui Juris.

4. Winn-Dixie, at all times material to this cause of action, was and is a "For Profit" corporation organized under the laws of the State of Florida, licensed to transact business in the State of Florida, operating supermarkets in Pinellas County Florida.

5. At all times material hereto, the Defendant, owed a duty to the public and, specifically, to the Plaintiff, TAMMARA ANDERSON, to keep its property and/or the property under its care, custody and/or control in a reasonably safe condition, warn of dangerous conditions, make reasonable inspections to discover non-obvious dangerous conditions, make reasonable inspections to discover non-obvious dangerous conditions and thereafter make them safe.

6. On July 26, 2006 TAMMARA ANDERSON was shopping at the Winn-Dixie supermarket located at 2020 34th Street North, St. Petersburg, Pinellas County, Florida.

7. While walking in the produce section of the aforementioned Winn-Dixie supermarket TAMMARA ANDERSON slipped on a clear liquid that was lying on the floor at that location, and fell to the ground.

8. As a result of the aforesaid slip and fall TAMMARA ANDERSON incurred permanent bodily injury.

9. At all times material hereto, the Defendant, Winn-Dixie breached its duty to the Plaintiff, MEADOWS, to maintain their premises in reasonably safe condition in the following manner:

a) Failed to make the dangerous and unsafe condition safe; and/or

b) Failed to warn of the dangerous and unsafe condition; and/or

c) Failed to make detailed inspections; and/or

d) Ignored an unsafe and dangerous condition they knew about or should have known about; and/or

e) Failed to inspect and correct a known hazard or ongoing problem; and/or

f) Failing to maintain their property in a heightened safety condition; and/or

g) Failing to act when they knew or should have known of the dangerous condition; and/or

h) Was otherwise negligent at the time and place complained of.

10. As direct and proximate result, of the Defendant's acts, omissions, and conduct Plaintiff, TAMMARA ANDERSON, suffered bodily injury, resulting in pain and suffering, disfigurement, disability, physical impairment, mental anguish, inconvenience, loss of capacity for the enjoyment of life, lost wages and earning ability, and expenses of medical treatment--both past and expected future medical expenses.

WHEREFORE, the Plaintiff, MEADOWS, demands judgment for money damages including costs and attorney's fees against the Defendant, MACONI, trial by jury or judge for all issues so triable and any other relief this Honorable Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via facsimile and overnight express delivery to James Post, Esquire c/o Smith, Hulsey and Busey 225 Water Street, Suite 1800 Jacksonville, Florida 32202 and to Matthew Barr, co/o Milbank, Tweed, Hadley & McCloy, LLP 1 Chase Manhattan Plaza, New York, New York 10005 on this 2nd day of January, 2007.

*[signature]*

CHRISTOPHER DeBARI, ESQ.
(Signing for the Firm)
PAPA & GIPE, P.A.
1724 Gulf to Bay Blvd.
Clearwater, FL 33755
PH: 727-461-4357
FAX: 727-443-3030
Florida Bar No: 0180009
Attorney for Plaintiff(s)

Cc: James Post, Esquire
　　Smith, Hulsey and Busey
　　225 Water Street
　　Suite 1800
　　Jacksonville, Florida
　　32202

　　Matthew Barr, Esquire
　　Milbank, Tweed, Hadley & McCloy, LLP
　　1 Chase Manhattan Plaza
　　New York, New York 10005