**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

WINN DIXIE STORES, INC.,            Case No. 3:05-bk-03817-JAF

    Debtor.                              Chapter 11 – Jointly Administered

_____/

## APPLICATION OF JULIE HARRY FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), JULIE HARRY ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1. On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2. The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3. Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4. The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5. The Movant's personal injury claim has not yet been liquidated. .

6. Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7. The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8. Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9. The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

>Julie Harry
>c/o Dwayne C. Jefferson, Esq.
>Dwayne C. Jefferson & Associates, LLC
>P.O. Box 78385
>St. Louis, MO  63178

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

>/s/DENNIS J. LEVINE, ESQ.
>DENNIS J. LEVINE, ESQ.
>Fla. Bar No. 375993
>DENNIS LeVINE & ASSOCIATES, P.A.
>P.O. Box 707
>Tampa, FL 33601-0707
>(813) 253-0777
>(813) 253-0975 (fax)
>Attorneys for Julie Harry
>c/o Dwayne C. Jefferson, Esq.

---

[1] *See, e.g., Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift),* 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this __5th__ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF WASHINGTON

STATE OF LOUISIANA

NO.   93916                                                                                                      DIV. " "

JULIE HARRY

V.

ALTON JOHNSON
WINN-DIXIE STORES, INC., WINN-DIXIE LOUISIANA, INC.,
WINN-DIXIE MONTGOMERY, INC. and XYZ INSURANCE COMPANY

FILED_____                                          _____
                                                                                              DEPUTY CLERK

## PETITION

Plaintiff, Julie Harry, as and for her Petition against Defendants, ALTON JOHNSON, WINN-DIXIE STORES, INC., WINN-DIXIE LOUISIANA, INC., WINN-DIXIE MONTGOMERY, INC. and XYZ INSURANCE COMPANY, represents as follows:

1.

Julie Harry is a natural person of the full age of majority, domiciled in Washington Parish, Louisiana.

2.

Made Defendants in this action are:

a. **ALTON JOHNSON**, a natural person of the full age of majority, who is domiciled in Washington Parish, Louisiana, and employed by the Winn-Dixie Defendants at all times relevant hereto;

b. **WINN-DIXIE STORES, INC.** a foreign corporation licensed to do, and doing, business in the State of Louisiana;

c. **WINN-DIXIE LOUISIANA, INC.**, a foreign corporation licensed to do, and doing, business in the State of Louisiana;

d. **WINN-DIXIE MONTGOMERY, INC.**, a foreign corporation licensed to do, and doing, business in the State of Louisiana

e. **XYZ INSURANCE COMPANY**, upon information and belief, a foreign carrier, licensed to do, and doing, business in the State of Louisiana.

3.

5.

Specifically, on the evening of May 13th, Mrs. Harry visited Winn-Dixie Store No. 1452 in order to shop for groceries during Defendants' highly publicized 1-day sale.

6.

As part of their advertising blitz, Defendants' informed consumers that Chek brand beverages would be sold by the case for only $0.99.

7.

Anticipating high demand for this loss leader, Defendants stacked cases of Chek — one on top of the other — on wooden pallets (as if Defendants' had used front-end loaders to transport fully loaded pallets from the warehouse to the aisle).

8.

Given this display, Defendants permitted consumers to pull lower level cases out from underneath higher stacked cases, which caused higher stack containers to fall down which, in due time, caused individual aluminum containers to rupture — spilling liquid onto the grocery store floor.

9.

Upon reaching the display pallets of Chek beverages, Julie Harry slipped on flooring that was slick with Chek beverage fluid, and fell.

10.

At all times relevant hereto, the Winn-Dixie Defendants were the exclusive manufacturer, distributor, marketer and seller of Chek brand beverages.

11.

Likewise, at all relevant times, Alton Johnson was the on-duty manager of Winn-Dixie Store No. 1452.

12.

Yet, at not time did Defendants shrink wrap any of the lower level cases, place any

14.

The above-described accident and Plaintiffs' resulting harm was caused solely and proximately by Defendants' negligence in the following illustrative, but not necessarily exclusive particulars:

a. failing to use ordinary care to prevent injury to the Plaintiff;

b. failing to properly remove fluid that posed an unreasonable risk of harm to invitees;

c. failing to warn of a dangerous situation which it knew or should have known existed;

d. failing to properly clean up an area traversed, or likely to be traversed, by invitees;

e. failing to properly place "walk off" mats in an area traversed, or likely to be traversed, by invitees;

f. failing to adequately and properly train employees to properly display merchandise so as to protect invitees;

g. failing to use ordinary care by taking further precautions for the protection of the public; and

h. any and all other acts or omissions that my be gleaned from discovery, or proven at trial.

15.

At all times relevant hereto, Alton Johnson was (and is) the agent and employee of the Winn-Dixie Defendants and, in both doing and not doing the things described herein, was acting with their permission and consent — such that the Winn-Dixie Defendants are vicariously liable for the acts and omissions of Alton Johnson.

16.

Upon information and belief, at all times relevant hereto, XYZ Insurance Company issued a policy of insurance covering Defendants for the occurrence described herein — such that XYZ Insurance Company is jointly, severally and solidarily liable for the acts and omissions of its insureds.

17.

c. past, present and future disfigurement and physical disability;

d. past, present and future loss of enjoyment of life;

e. past medical expenses; and

f. future medical expenses.

18.

Plaintiffs aver amicable demand to no avail.

WHEREFORE, Julie Harry respectfully requests that ALTON JOHNSON, WINN-DIXIE STORES, INC., WINN-DIXIE LOUISIANA, INC., WINN-DIXIE MONTGOMERY, INC. and XYZ INSURANCE COMPANY be cited to appear and that Plaintiff be granted judgment holding Defendants jointly, severally and solidarily liable for:

a. all general, actual, consequential, incidental, and compensatory damages in an amount not less than that which will make Plaintiff whole as pleaded more specifically herein, revealed during the course of discovery and/or shown at the time of trial;

b. all costs of these proceedings;

c. pre and post-judgment interest at the maximum rate permitted by law; and

d. such further relief to which Petitioner is entitled and/or as the Court deems appropriate in the circumstance.

RESPECTFULLY SUBMITTED, this 12th day of May, 2006.

DWAYNE C. JEFFERSON (23799)
P.O. Box 78385
St Louis, MO  63178
Telephone: 504.382.6047
Facsimile: 314.802.3480

**COUNSEL FOR JULIE HARRY**

PLEASE SERVE :