UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
(JACKSONVILLE DIVISION)

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*,) | (Jointly Administered) |
| ) | |
| Debtors. ) | Judge Jerry A. Funk |
| _____) | |

**FLORIDA TAX COLLECTORS' REQUEST FOR PAYMENT OF
ADMINISTRATIVE CLAIM WITH RESERVATION OF RIGHTS**

The Florida Tax Collectors[1] ("FTC"), by and through their undersigned counsel and pursuant to the *Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims* and Section 12.1 of the Confirmed Plan, file this request for payment of administrative claim with reservation of rights as follows:

**REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM**

1. FTC, subject to their collective, express reservation of rights and defenses, and subject to their previously-filed *Motion For Leave To File Request For Payment Of*

---

[1] The "Florida Tax Collectors" consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, Walton and Washington.

1

*Administrative Claim Without Prejudice* ("Motion for Leave") [Docket No. 14139], file this request for payment of administrative claim as follows.

2.      Winn-Dixie Stores, Inc., *et al.* (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3.      After the Petition Date, on January 1, 2006 and by operation of state law (see Florida Statutes ch. 197.122(1) and 192.053), the Debtors incurred *ad valorem* tangible personal property and real estate taxes throughout the state of Florida. On information and belief, in or around March, 2006, the Debtors or their representatives filed tangible personal property tax returns, sworn under the pains and penalties of perjury, with the Florida Property Appraisers. Pursuant to Florida law, Truth in Millage ("TRIM") Notices were sent to the Debtors by the Property Appraisers.

4.      On or about November 1, 2006, the Florida Property Appraisers certified their tangible personal property and real estate tax rolls to their respective Tax Collector for collection. FTC sent the 2006 tangible personal property and real estate tax bills to the Debtors for payment. These are post-petition taxes over which this Court has no jurisdiction and must be paid in accordance with state and federal law.

5.  Section 503(b)(1)(B) of the Bankruptcy Code provides for the allowance of administrative expense status for "any tax." Assuming jurisdiction is proper, this claim of the FTC is entitled to priority status for payment purposes pursuant to 11 U.S.C. § 507(a)(1).

**AMOUNT OF 2006 REAL ESTATE AND TANGIBLE PERSONAL PROPERTY TAXES**

6.  The Debtors have filed sworn tax returns and have received TRIM Notices and tax bills relating to their 2006 tangible personal property tax obligations. It is estimated that the total amount of tangible personal property taxes due through March 2006 ("Gross Tax Amount") is approximately $4,700,000 (four million seven hundred thousand dollars). The amount claimed by FTC, however, is for every 2006 tangible personal property tax bill generated within each and every tax roll for all Debtors whether now known or later discovered. All the records of the FTC in support of this claim are currently within the custody and control of the Debtors and need not be attached to this request for payment of administrative claim.

7.  The Debtors have real estate tax payment obligations on both real estate owned by the Debtors and real estate leased by the Debtors. This Court has previously determined that real estate taxes are an administrative expense. The Debtors are in dispute with various landlords relative to lease obligations and FTC are not privy to these negotiations and are unaware of any inclusion of property tax obligations within the landlord disputes. Therefore, the amount of real estate taxes alleged due and owing within this request for payment of administrative claim is difficult to ascertain at this time. However, based upon the 2005 actions of the Debtors and various landlords, it is estimated that the outstanding real estate taxes due for 2006 to be

approximately $2,000,000 (two million dollars). This amount is based upon the real estate tax payments received by FTC during the pendency of this case for tax year 2005 resulting in an amount due through the Confirmation Date of approximately $1,830,179.05. However, the Debtors, within their Plan, claim objections and motion to determine taxes, seek reduction of various taxes for years 2004 and 2005 with a request for offset against the 2006 tax year. The aforementioned real estate tax figure is based upon an assumption that real estate taxes on leased properties **may** be paid by the landlords notwithstanding the Debtors' obligations to pay the taxes pursuant to the terms of the various leases. The amount claimed by FTC, however, is for every 2006 real estate tax bill generated within each and every tax roll for all Debtors whether now known or later discovered. All the records of the FTC in support of this claim are currently within the custody and control of the Debtors and need not be attached to this request for payment of administrative claim.

### RESERVATION OF RIGHTS

8. This request for payment of administrative claim is filed with reservation of rights as it relates to any waiver of sovereign immunity of the state of Florida and its constitutional officers, including all Tax Collectors and Property Appraisers. Congress lacks any authority under its Article I powers to provide for either waiver of sovereign immunity in Section 106 of the Bankruptcy Code or determination of property taxes pursuant to Section 505 of the Bankruptcy Code. FTC file this request as their ministerial duty to pursue and collect property taxes needed to fund local government as dictated by the Florida Constitution and Florida law, to comply with this Court's ordered deadline, and to assist in the orderly administration of the

estate including presentment and preservation of issues/disputes for the Court's determination. FTC, by filing this document, cannot and do not waive sovereign immunity or voluntarily submit either themselves, the state of Florida, the Florida Department of Revenue, or any Florida property appraiser to the jurisdiction of this Court.  The determination of Florida property taxes is an inherent state right and power that Congress has not delegated to this Court.  This request for payment is filed subject to the Motion for Leave which has been filed prior to the filing of this request and subject to the motions pending relating to the pre-petition claims and appeal of the confirmation of the Debtors' Plan.

WHEREFORE, premises considered, FTC request this Court enter an Order granting the relief requested herein, and for such other relief as this Court deems just and proper.

Dated: January 5, 2007                                         Respectfully submitted,

Brian T. Hanlon, Esq.
Office of the Tax Collector
P.O. Box 3715
West Palm Beach, Florida 33402-3715
Telephone: (561) 355-2142
Facsimile: (561) 355-1110
tc_legal_services@co.palm-beach.fl.us
Florida Bar No. 962562

By:____/s/ Brian T. Hanlon_____
        Co-Counsel for Florida
        Tax Collectors


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the *Florida Tax Collectors' Request for Payment of Administrative Claim With Reservation of Rights* has been provided by *Notice of Electronic Filing* this 5th day of January, 2007 to **Skadden, Arps, Slate, Meagher & Flom,**

**LLP**, <u>Attn: D. J. Baker, Esq.</u>, Attorneys for Reorganized Debtors; **Smith Hulsey & Busey**, <u>Attn: James H. Post, Esq.</u>, Attorneys for Reorganized Debtors; **Milbank, Tweed, Hadley & McCloy, LLP**, <u>Attn: Matthew Barr, Esq.</u>, Attorneys for Post-Effective Date Committee **United States Trustee**, <u>Attn: Elena L. Escamilla</u>, and to all other parties receiving electronic notice.

                                                      ___/s/ Brian T. Hanlon____
                                                      Brian T. Hanlon, Esq.

N:\Legal Services\WIP\W\Winn-Dixie Stores\Pleadings\Request for Payment of Administrative Expense.doc