UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    ) Case No. 3:05-bk-03817-JAF
                                          )
WINN DIXIE STORES, INC., et al.,          ) Chapter 11
                                          )
        Debtors.                          )

## APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE FOR POST-PETITION PERSONAL INJURY CLAIM

Mary Rich ("Applicant") moves the Court pursuant to 11 U.S.C. § 503(b)(1) and the Notice of (A) Entry of Order Confirming Plain of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing claims Arising Before Effective Date and Other Administrative Claims [Docket No. 12991] for the allowance and payment of a Chapter 11 administrative expense for post-petition personal injury claims described below and directing payment of such amount pursuant to the Order Confirming the Joint Plain of Reorganization of Winn-Dixie, and in support of the application states:

### BACKGROUND

1. On February 21, 2005, Winn-Dixie Stores, Inc, (the "Debtor"), together with its affiliates, filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. By order dated April 13, 2005, venue was transferred to the Untied States Bankruptcy Court for the Middle District of Florida.

3. Since the Petition Date, Debtors have operated their properties and managed their business as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

## JURSIDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

5. After the Petition Date and on or about March 8, 2005, Applicant was injured at the Winn-Dixie Store #521, Dalraida Shopping Center, located at 3881 Atlanta Highway, Montgomery, Alabama. As a proximate result of the injury, Applicant has suffered damages which, at this point, are not fully liquidated but can and will be supported through medical records and other proof.

## Applicant's Claim is Entitled to Administrative Expense Status

6. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate..." 11 U.S.C. § 503(b). It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. See, *Reading Co. v. Brown*, 391 U.S. 471, 485, (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr. S.D. Fla. 1994); *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984); *Siedle v. Untied States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla. 1989).

7. Here, one of the necessary expenses and risks of operating in the context of a Chapter 11 bankruptcy and therefore preserving the estate is the possibility of slip and fall accident or other personal injury taking place on the premises of an operating business or by vehicles operated by Debtor and involved in the transportation and

distribution of company products. Such incidents caused by the negligence of the Debtor are entitled to treatment as an administrative claim.

8. Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks entry of an order awarding such status.

WHEREFORE, Applicant requests that the Court enter an order (1) granting the relief requested herein; and (ii) providing such other relief as is appropriate.

*James E. Rich*
James E. Rich, for Mary Rich,
Applicant, Pro Se
4536 Woodledge Drive
Montgomery, AL 36109
334/272-0681

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing documents on those listed below by placing same in the United States Mail, postage prepaid and properly addressed on this the 4th day of January, 2007.

Stephen D. Busey
James Post
Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Ste. 1800
Jacksonville, FL 32202

David Jennis
Jennis & Bowen
600 North Ashley Drive, Ste. 2540
Tampa, FL 33602

John B. MacDonald
Patrick Patangan
Akerman, Senterfitt & Eidson
50 North Laura Street, Ste. 2500
Jacksonville, FL 32202

Elana L. Escamilla
Assistant Untied States Trustee
135 West Central Blvd., Room 620
Orlando, FL 32801

Adam Ravin
D.F. Baker
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, NY 10036

Karol K. Denniston
Paul, Hastings, Janofsky & Waler
600 Peachtree Street, Ste. 2400
Atlanta, GA 30308

Matthew Barr
Dennis F. Dunne
Milbank, Tweed, Hadley & McCloy
1 Chase Plaza
New York, NY 10005

*/s/ James E. Rich*
James E. Rich, for Mary Rich,
Applicant, Pro Se