**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | * | Chapter 11 |
| | * | |
| WINN-DIXIE STORES, INC., et al., | * | Case No. 05-03817-3F1 |
| | * | |
| Debtors. | * | (Jointly Administered) |
| | * | |

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES**

COMES NOW, the Georgia Department of Revenue, by and through counsel, Thurbert E. Baker, Attorney General for the State of Georgia, and files its Application for Allowance of Administrative Expenses by showing and stating the following:

1.  This case was commenced by the Debtors filing of voluntary petitions under chapter 11, title 11, United States Code (the "Bankruptcy Code") on February 21, 2005.

2.  The Georgia Department of Revenue collects sales and use taxes and withholding taxes from businesses operating in the State of Georgia. Georgia sales and use taxes and withholding taxes are collected and held in trust for the State of Georgia. O.C.G.A. §§ 48-7-108, 48-8-30, 48-8-32 & 48-8-33. Trust fund taxes are not property of the bankruptcy estate. 11 U.S.C. § 541 (d). Begier v. I.R.S., 496 U.S. 53, 110 S.Ct. 2258 (1990); United States v. Seneca Oil Co., 906 F.2d 1445 (10th Cir. 1990); In re Koppinger, 113 B.R. 588 (Bankr. D.N.D. 1990). Sales and use taxes and withholding taxes are remitted on a monthly basis. Sales and use taxes collected during a given month are paid to the Georgia Department of Revenue on or before the 20th day of the following month. O.C.G.A. § 48-8-49 (a). Withholding taxes collected during a given month are paid to

the Georgia Department of Revenue on or before the 15th day of the following month. O.C.G.A. § 48-7-103(b).

3. The records of the Department indicate that the sales and use tax number of Winn-Dixie Logistics, Inc. is still active but it has not filed sales and use tax returns for March of 2006 through November of 2006. As a result, the Department has estimated the sales and use tax liability, including interest and penalties, of Winn-Dixie Logistics, Inc. for March of 2006 through November of 2006 in the total amount of $32,580.00.

4. The records of the Department indicate that the sales and use tax number and the withholding tax number of Winn-Dixie Procurement, Inc. are still active but that it has not filed sales and use tax returns and withholding tax returns for March of 2006 through November of 2006. As a result, the Department has estimated the withholding tax liability and sales and use tax liability, including interest and penalties, of Winn-Dixie Logistics, Inc. in the total amount of $40,095.00.

5. The records of the Department indicate that the sales and use tax number of Dixie Packers, Inc. is still active but it has not filed sales and use tax returns for February of 2005 through November of 2006. As a result, the Department has estimated the sales and use tax liability, including interest and penalties, of Dixie Packers, Inc. for February of 2005 through November of 2006 in the total amount of $3,000.00.

6. The records of the Department indicate that the state tax identification number of Dixie-Home Stores, Inc. is still active but that it failed to file a return for corporate net worth taxes for the fiscal year ending June 30, 2006 and has not filed a return for corporate net worth taxes for the fiscal year ending June 30, 2007. As a result, the Department has estimated the corporate net worth tax liability of Dixie-Home Stores,

Inc. for the fiscal year ending June 30, 2006 and the corporate net worth tax liability incurred for the fiscal year ending June 30, 2007 up to November 21, 2006 in the amount of $20.00.

7. The records of the Department indicate that the state tax identification number of Crackin' Good, Inc. is still active but that it failed to file returns for corporate net worth taxes and corporate income taxes for the fiscal year ending June 30, 2006 and has not filed a return for corporate income taxes or corporate net worth taxes for the fiscal year ending June 30, 2007. As a result, the Department has estimated the corporate income tax liability and corporate net worth tax liability of Crackin' Good, Inc. for the fiscal year ending June 30, 2006 and the corporate income tax liability and corporate net worth tax liability incurred for the fiscal year ending June 30, 2007 up to November 21, 2006 in the amount of $150,200.00.

8. The records of the Department indicate that the state tax identification number of Deep South Products, Inc. is still active but that it failed to file returns for corporate net worth taxes and corporate income taxes for the fiscal year ending June 30, 2006 and has not filed a return for corporate income taxes or corporate net worth taxes for the fiscal year ending June 30, 2007. As a result, the Department has estimated the corporate income tax liability and corporate net worth tax liability of Deep South Products, Inc. for the fiscal year ending June 30, 2006 and the corporate income tax liability and corporate net worth tax liability incurred for the fiscal year ending June 30, 2007 up to November 21, 2006 in the amount of $450,200.00. In addition, the Department's records indicate that the sales and use tax number of Deep South Products, Inc. is still active but that it failed to file sales and use tax returns for December of 2005

through November of 2006.  As a result, the Department has estimated the sales and use tax liability of Deep South Products, Inc. for December of 2005 through November of 2006 in the total amount of $1,000.00.  Finally, the records of the Department reveal that the Debtor has a liability of $308.47 for March of 2005 sales and use taxes.  The Debtor remitted a check to satisfy its March of 2005 sales and use tax liability but the check was not honored by the bank.

9.  Based on the sales and use tax returns filed by Winn-Dixie Stores, Inc., the records of the Department indicate that the Debtor has underpaid its sales and use taxes for June, July, September, and October of 2005.  The Department's records indicate that Winn-Dixie Stores, Inc. has an outstanding sales and use tax obligation including interest and penalties in the total amount of $136,386.00.

10.  The taxes, penalties and interest due from the Debtor constitute administrative expenses.  11 U.S.C. § 503(b)(1)(B).  In re Allied Mechanical Services, Inc., 885 F.2d 837 (11th Cir. 1989).

WHEREFORE, for all of the above and foregoing reasons, the Georgia Department of Revenue respectfully requests that it be allowed an administrative expense claim in the amount of $813,789.47 or such amount as is shown due upon the Debtor filing the above missing returns.

This __5th___ day of January, 2007.

    Respectfully submitted,

    THURBERT E. BAKER    033887
    Attorney General

    DANIEL M. FORMBY    269350
    Deputy Attorney General

    /s/ John B. Ballard, Jr.  
JOHN B. BALLARD, JR.    035550  
Senior Assistant Attorney General


    /s/ Oscar B. Fears, III  
OSCAR B. FEARS, III    257020  
Assistant Attorney General


PLEASE ADDRESS ALL
COMMUNICATIONS TO:

OSCAR B. FEARS, III
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone:  (404) 656-3303

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served a copy of the foregoing APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES upon:

James Post, Esq.
Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, Florida 32202

Mathew Barr, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chasse Manhattan Plaza
New York, New York 10005

D.J. Baker, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, New York 10036

by placing the same into the United States mail with adequate, first-class postage placed thereon.

This __5th___ day of January, 2007.

      /s/ Oscar B. Fears, III
      OSCAR B. FEARS, III
      Assistant Attorney General