**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

WINN DIXIE STORES, INC., et al,   Case No. 3:05-bk-03817-3F1

Debtors.   Chapter 11 – Jointly Administered

_____/

## APPLICATION OF FRAZIER, HUBBARD, BRANDT, TRASK & YACAVONE, L.L.P. FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION ATTORNEYS FEES AS STATE COURT COUNSEL FOR THE DEBTORS)

COMES NOW the Movant(s), **FRAZIER, HUBBARD, BRANDT, TRASK & YACAVONE, L.L.P.** ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2. The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3. Pursuant to the Court's Order Authorizing Debtors to Retain and Compensate Professionals used in the Ordinary Course of Business entered on March 4, 2005, the Debtors were authorized to retain the Movant to represent it as defense counsel in pending state court actions.

4. Between the Petition Date and the Effective Date, Movant rendered legal services for the Debtors in defending the Debtors in several cases against claims asserted by individuals allegedly injured at Winn Dixie stores.

5. The Movant's work resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtors' Plan of Reorganization.

6. Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7. The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1).

8. Attorneys fees and costs incurred by ordinary course counsel for a Chapter 11 debtor for work arising post-petition are entitled to administrative expense status.

9. Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition attorneys fees and costs incurred on behalf of the Debtors as an administrative expense claim, which total at least $10,905.48. The Movant further requests the Court enter an Order requiring the Debtors to pay the allowed administrative claim in full. A summary of the amount of attorneys fees and costs sought, and the cases worked on, is set forth in Exhibit "A" attached hereto.

10. The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

> Frazier, Hubbard, Brandt, Trask & Yacavone, L.L.P
> c/o James L. Yacavone, III, Esq.
> 595 Main Street
> Dunedin, FL 34698

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, directing the Debtors to pay same, and for such further relief as the Court finds just.

/s/ Dennis J. LeVine, Esq.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
DENNIS LeVINE & ASSOCIATES, P.A.
P.O. Box 707
Tampa, FL 33601-0707
(813) 253-0777 (phone)
(813) 253-0975 (fax)
dennis@bcylaw.com
Attorneys for the Movant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this 5th day of January, 2007.

/s/ Dennis J. LeVine, Esq.
DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL   32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL   32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY   10005

# Frazer, Hubbard, Brandt, Trask & Yacavone, L.L.P.
Attorneys At Law
595 Main Street, Dunedin FL 34698
Tel. 727-733-0494  Fax 727-733-2991

## MEMORANDUM

To:       Dennis J. Levine, Esq.

From:     James L. Yacavone, III, Esq.

Date:     1/2/2007

Subject:  Winn-Dixie Administrative Claims

Please pardon the informality of this memo, but it is easier to do this myself than to dictate it.

As we discussed, I would like to retain you to submit a claim for administrative expenses in the Winn-Dixie (WD) bankruptcy on behalf of my firm.

According to our records, the following amounts represent billed and unbilled time and expenses which the firm incurred in defending WD between 2/21/05 and 11/21/06 (except where indicated) in the following files. Frankly, there does not seem to be any rhyme or reason to WD's payments. I submitted interim bills on some of these cases for time and expenses incurred between 2/21/05 and 11/21/06 and have received payment. I have excluded all time and expenses for which I received payment. Bill time and expenses represents time and expenses for which I have generated a bill and sent it to WD. Unbilled time and expenses represents time and expenses that have been incurred and not billed.

Grady v. Winn-Dixie Stores, Inc.
Claim # A211213905
I am defending WD in a personal injury case pending in the Circuit Court for Pinellas County, Florida, Case No. 04-6703-CI-21. This was a pre-petition bankruptcy claim and settled following bankruptcy at a bankruptcy court ordered mediation.

| | | |
|---|---|---|
| Billed fees    | $ 906.25 | (Bill dated 11/15/06 |
| Billed costs   | $ 347.56 | (Bill dated 11/15/06 |
| Unbilled fees  | $ 762.50 | |
| Unbilled costs | $  16.08 | |

Vallejo v. Winn-Dixie Stores, Inc.
Claim # A511208382-0001-01
I am defending WD in a personal injury case pending in the Circuit Court for Hillsborough County, Florida, Case No. 06-009621, Division B. As far as I can tell, this is a post-petition claim. All time and expenses are unbilled.
	Unbilled fees	$2,311.00
	Unbilled costs	$  148.09

Elliott v. Winn-Dixie Stores, Inc.
Claim # A211206841
This was a pre-petition personal injury claim filed in the Circuit Court for Pasco County, Florida, Case No. 51-2005CA000417WSG. Plaintiff submitted a proof of claim which was approved by the bankruptcy court, and I simply processed the payment and am in the process of obtaining a dismissal of the state court action. All time is unbilled.

	Unbilled fees	$ 174.00
	Unbilled costs	$    1.18

Bowen v. Winn-Dixie Stores, Inc.
Claim # A611201178
This is a post-petition personal injury claim I am defending. The case is pending in the Circuit Court for Pinellas County, Florida, Case No. CASE NO. 06-3283-CI-11. There is no unbilled time.

	Billed fees	$5,084.50	(Bill dated 12/19/06)
	Billed costs	$ 675.03	(Bill dated 12/19/06)

Gemmitti v. Winn-Dixie Stores, Inc.
Claim # A211210022
This is a pre-petition claim for personal injuries pending in the Circuit Court for Pinellas County. Case No. 03-8356-CI-20. The Plaintiff filed a claim and has agreed to accept the bankruptcy settlement. There are third part claims filed by WD that need to be resolved.

	Billed fees	$ 425.00	(Bill dated 11/12/06)
	Billed costs	$   2.37	(Bill dated 11/12/06)

	Unbilled fees	$  50.00
	Unbilled costs	$   1.92

I hope this is sufficient information. I have to take depositions in Everglades City tomorrow and Thursday. You can reach me on my cell phone at 727-480-5356. Your help is greatly appreciated.

2