### IN THE UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 05-03817-3F1 |
| WINN-DIXIE STORES, INC. et al,<br>    Debtors. | Chapter 11 |
| _____/ | Jointly Administered |

### APPLICATION OF ANTOINETTE K. LEWIS FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

**COMES NOW** the Movant, ANTOINETTE K. LEWIS ("Movant"), by and through the undersigned attorney and, pursuant to 11 U.S.C. Section 503, hereby requests this Honorable Court to enter an Order approving this application her application to have an administrative claim against the Estate, and to authorize payment of the claim, and in support thereof would state as follows:

1.  On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2.  The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3.  Between the Petition Date and the Effective Date, Movant (a minor whose legal guardian is Lillie Shore) was injured at a Winn-Dixie store as a result of Winn-Dixie's negligence. As a proximate result of the negligence, Movant suffered damages totaling at least $20,000.00. A summary of the incident and damages set forth in Exhibit "A" attached hereto.

4.  The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5.  The Movant's personal injury case has not yet been liquidated.

6.  Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7.  The Court may award an administrative expense priority under Section 503(b) if the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate". 11 U.S.C. Section 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor are entitled to administrative expense status. See <u>Reading Co. v. Brown</u>, 391 U.S. 471, 485, 88 S.Ct. 1759.

    8.  Pursuant to 11 U.S.C. Section 503(b)(1), the Movant respectfully requests the Court to enter an Order allowing this post-petition claim as an administrative expense claim.  Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests that the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

    9.  The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

Antoinette Lewis
c/o Robert W. Elrod, Jr., Esq.
233 East Bay Street, #1032
Jacksonville, FL 32202

    **WHEREFORE,** the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

**DATED: January 5, 2007**　　　　　　　　　　　　　**ROBERT W. ELROD, P.A.**

/s/ Robert W. Elrod, Jr.
**ROBERT W. ELROD, JR.**
Florida Bar No.: 184446
233 East Bay Street
1032 Blackstone Building
Jacksonville, Florida 32202
(904) 356-1282/Fax:356-6268
Attorney for Movant

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on January 5, 2007, I filed this Application through the CM/ECF filing system which will cause a copy of the foregoing to be electronically served on James Post, Attorney for the reorganized Debtors, Matthew Barr, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee all all other parties participating in the CM/ECF system this 5th day of January, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Robert W. Elrod, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　**ATTORNEY**