UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
JACKSONVILLE
FLORIDA

2007 JAN -5 A 9: 50

U S BANKRUPTCY COURT
MIDDLE DISTRICT
FLORIDA

In re:                                    Case No. 3-05-BK-3817

Winn-Dixie Stores, Inc. et al             Chapter 11

Reorganized Debtors                       Jointly Administered

## ADMINISTRATIVE EXPENSE CLAIM

1. On or about November 7, 2002, plaintiff, **KAYWAIANA BUSBY-DUNN**, was shopping at Winn-Dixie Store in Baton Rouge, Louisiana.

2. While shopping in Winn-Dixie Store, plaintiff, **KAYWAINA BUSBY-DUNN**, entered the store to drop off a prescription to the pharmacy and was detained by merchant for suspicion for shoplifting as she was exiting the store.

3. The plaintiff, **KAYWAINA BUSBY-DUNN**, was interrogated by the police and no stolen merchandise was discovered, and no inventory tag was on her person.

4. As a result of this accident, plaintiff, **KAYWAINA BUSBY-DUNN**, sustained damages in the amount of forty-five thousand ($45,000) dollars, which is inclusive of pain and suffering, mental anguish, and any other damages to be proven at trial on the matter. More specifically aggravating a pre-existing condition by causing plaintiff's Sickle Cell Anemia to go into crisis, defaming the plaintiff who is a minister in her reputation in the community, hives, emotional distress, and humiliation and embarrassment.

5. The defendant, Winn-Dixie Stores, Inc., et al is responsible to the plaintiff, **KAYWAIANA BUSBY-DUNN**, because they did so grossly and flagrantly, carelessly, negligently, and recklessly maintain the Winn-Dixie Store,

such that the defendant is liable to plaintiff for neglecting to repair and maintain a properly functioning shoplifting detection device; negligently hiring persons such as the unknown employee known as "Rene" and Kelvin Wales; failing to properly instruct, train, and supervise employee such as Rene and Kelvin Wales; in possessing knowledge actual and/or constructive that the building had an object of ruin, a defective shoplifting detection device, yet failing to repair it; detaining the plaintiff for an unreasonable and excessive period of time in excess of 60 minutes; publicity that unreasonably places the plaintiff in a false light before the public; accusing the plaintiff verbally of a crime in the presence of third parties; and any and all other acts and omissions to be proven through discovery or at the trial of this matter, all of which were in contravention of the exercise of due cause and procedure.

**WHEREFORE,** the plaintiff, **KAYWAIANA BUSBY-DUNN**, prays that after due Proceedings are had that Judgment be rendered in favor of the plaintiff, **KAYWAIANA BUSBY-DUNN**, and against the defendants for an amount of forty-five thousand ($45,000) for pain and suffering, mental anguish and any other damages that may be proven at trial and for the cost of these proceedings.

                                              **RESPECTFULLY SUBMITTED:**

                                              */s/ Kaywaiana B. Dunn*
                                              **KAYWAIANA BUSBY-DUNN**
                                              3156 Jackson Avenue
                                              Baton Rouge, Louisiana 70802
                                              Telephone: (225) 387-9106

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 3-05-BK-3817 |
| Winn-Dixie Stores, Inc. et al | Chapter 11 |
| Reorganized Debtors | Jointly Administered |

## ORDER

**CONSIDERING THE FOREGOING** Administrative Claims Expense request against the above named debtor:

**IT IS ORDERED** that the Administrative Claims Expense request in the amount of forty-five thousand ($45,000) dollars for pain and suffering, mental anguish, and any other damages that may be proven at trial on the matter, along with cost for these proceedings is granted.

**DONE AND SIGNED** this _____ day of _____ 2007.

_____
BANKRUPTCY JUDGE,
FLORIDA MIDDLE DISTRICT