UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 3:05-bk-03817-3F1 |
| WINN-DIXIE STORES, INC., et al. | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors, | ) | |

### APPLICATION OF GLORIA LAURITA HALL FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS FOR CERTAIN POST-PETITION PERSONAL INJURY CLAIMANTS

COMES NOW the Movant, Gloria Laurita Hall, by undersigned counsel, and pursuant to 11 U.S.C. §503 requests this Court enter an Order approving her application to have allowed administrative claims against the Estate, and to authorize payment of these claims, and would show:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code.

2. The Debtors are operating their business and managing their property as a debtor pursuant to §1107(a) and §1108 of the Bankruptcy Code.

3. The Court has appointed an official committee of unsecured creditors to serve in these cases.

4. The Debtors assert in pleadings filed with the Court that approximately 3,200 Proofs of Claim were filed involving unliquidated personal injury or property damage claims for which litigation had been commenced or threatened against the Debtors pre-petition. The Court has entered Orders setting out certain procedures to resolve personal injury claims.

5. On August 16, 2005, Glorida Laurita Hall was a patron of Winn Dixie Store Number 1588 located at 1588 Airline Highway, Destrehan, LA. She was walking to the register when suddenly and without warning she tripped and fell over a register panel that was on the floor in the middle of the aisle way. Winn Dixie's investigation revealed that the MSI inventory crew was using that register as a power outlet and failed to remove the panel from the floor and place it in its proper location, thus creating the danger that lead to Ms. Hall's fall an resulting injuries. As a direct result of the fall, she

sustained various injuries to her neck, elbow, thigh and shoulder. Ms. Hall's subject personal injury claim is believed to be worth $50,000.00.

6. Subsequent to the filing of this case, the Movant suffered personal injuries as a result of negligence by the Debtors.

7. The personal injury claim of the Movant has not yet been liquidated.

8. The Court has entered an Order setting a bar date to file administrative expense claims.

9. The Court may award an administrative expense priority under §503(b) for the "actual, necessary costs and expenses of preserving the estate..."11 U.S.C. 503(b)(1).

10. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.

11. The Movant respectfully requests the Court enter an Order allowing her post-petition administrative expense claims, subject to liquidation be either consent of the parties or a court of competent jurisdiction. Upon liquidation of their post-petition claims, the Movant requests that the Court enter an Order requiring the Debtors – as a condition of confirmation of their Chapter 11 Plan – to pay the allowed administrative claims in full.

12. The Movant requests that the Court limit notice of this Application to the Debtors, counsel for the Debtors, and counsel for the Unsecured Trade Creditors Committee.

DANIELL, UPTON, PERRY & MORRIS, P.C. –
Attorneys for Movant

By: /s/ Mark Upton
Mark J. Upton, Esquire
Federal Bar No:     UPTOM-8001
Florida Bar No:     0545864
P.O. Box 1800
Daphne, Alabama 36526
Ph: 251-625-0046
Fx: 251-625-0464
Email: mju@dupm.com