UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

WINN DIXIE STORES, INC., et al,        Case No. 05-03817-3F1

        Debtors.        Chapter 11 - Jointly Administered
_____/

APPLICATION OF ADRIAN TERRY FOR ALLOWANCE AND PAYMENT
OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM

      Claimant, Adrian Terry, (hereinafter the "Claimant"), by and through his undersigned counsel, files this application for allowance and payment of an administrative expense priority claim and in support thereof states as follows:

      1.    On February 21, 2005, the Debtors commenced this bankruptcy case by filing a petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors subsequently operated their business as debtors-in-possession.

      2.    On or about August 14, 2006, the Claimant was injured while shopping at Winn-Dixie store located Normandy Square, 7921 Normandy Boulevard, Jacksonville, Florida. The Claimant sustained injuries due to the negligence of the Debtors in the operation of their business.

      3.    The claim of a creditor who sustains injuries as a result of the negligence of a debtor-in-possession or trustee can be afforded administrative expense priority status under Section 503(b)(1) of the United States Bankruptcy Code. See 11 U.S.C. § 503(b)(1); Reading Co. v. Brown, 391 U.S. 471 (1968) (awarding administrative expense priority status under predecessor to 11 U.S.C. § 503(b) to claim for damage

arising from negligence of Debtor's receiver); Ala. Surface Mining Comm'n v. N.P. Mining Co., Inc. (In re N.P. Mining Co., Inc.), 963 F.2d 1449 (11th Cir. 1992) (following Reading in awarding administrative expense priority status under 11 U.S. C. §503(b) to claim for penalties for post-petition environmental contamination caused by Chapter 11 debtor-in-possession's business operations); Piper Aircraft Corp. v. Calabro (In re Piper Aircraft Corp.), 169 B.R. 766 (Bankr. S.D. Fla, 1944).

4.  The Claimant seeks to have allowed and paid an administrative expense priority claim in the amount of $75,000.00.

WHEREFORE, Adrian Terry respectfully requests that the Court allow and award him an administrative expense priority claim in the amount of $75,000.00 and grant such other and further relief as might be deemed just, proper, and equitable.

Respectfully Submitted,

**REGINALD LUSTER, P.A.**
Attorneys at Law

   s/ Reginald Luster
**REGINALD LUSTER, ESQUIRE**
Florida Bar No: 0750069
1751 University Boulevard South
Jacksonville, Florida  32216
Telephone: (904) 354-0104
Facsimile:   (904) 354-0122

Attorney for Adrian Terry

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on <u>January 5, 2007</u>, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that on the same day a copy of the foregoing document and notice of electronic filing was furnished to the following, either by the CM/ECF system to the CM/ECF participants or by U.S. Mail to the non-CM/ECF participants:

        D.J. Baker, Esquire;
        Sally McDonald Henry, Esquire; Rosalie Walker Gray, Esquire;
        Adam S. Ravin, Esquire
        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
        Four Times Square
        New York, New York 10036

        Stephen D. Busey, Esquire
        James H. Post, Esquire; Cynthia C. Jackson, Esquire;
        Leanne Prendergast, Esquire
        SMITH HULSEY & BUSEY
        255 Water Street, Suite 1800
        Jacksonville, Florida 32202

                **s/ Reginald Luster**
                Reginald Luster, Esquire