UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,                Case No. 3:05-bk-03817-3F1

Reorganized Debtors.                            Chapter 11 – Jointly Administered

_____/

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR
## CERTAIN POST-PETITION PERSONAL INJURY CLAIMANT

COMES NOW, the Movant, HONOR RAMSEY (hereinafter "Movant"), by and through undersigned counsel, and pursuant to 11 U.S.C. SECT. 503, requests this Court enter an Order approving her applicant to have allowed administrative claim against the Estate, and to authorize payment of his claim, and would show:

1.      On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code.

2.      On January 13, 2006, HONOR RAMSEY suffered personal injury to her body, incurred medical expenses as a result thereof, and has pain and suffering from an accident that occurred at a Winn-Dixie store.    It is asserted that the Debtor is responsible for the accident, injury and damages.    The accident location is, upon information and belief, Winn-Dixie #0631, Lakeland Highlands Road, Lakeland, Florida. A claim is currently pending through Debtor's third-party administrator, Sedgwick Claims

Management, Inc., P.O. Box 24787, Jacksonville, FL  32241-4787, under Claim No. A611200399-0001-01.

3.    The Debtors are operating their businesses and managing their property as a debtor in possession pursuant to § 1107(a) and § 1108 of the Bankruptcy Code. The Court has appointed an official committee of unsecured creditors to serve in these cases.  The Court has entered Orders setting out certain procedures to resolve personal injury claims.

4.    Subsequent to the filing of the case, the Movant suffered personal injuries as a result of the negligence by the Debtors.  The Movant asserts the right to asserts administrative expense claims due to the post-petition occurrence of his claims.

5.    The personal injury claims of the Movants have not yet been liquidated. Nonetheless the value of the claim may be in excess of $100,000.00.

6.    The Court has entered an Order setting a bar date to file administrative expense claims.

7.    The Court may award an administrative expense priority under § 503(b)(1) for the "actual, necessary costs and expenses of preserving the estate..."  11 U.S.C. § 503(b)(1).  Damage arising from a post-petition tort committed by a debtor are entitled to administrative expense status.

WHEREFORE, the Movants respectfully request the Court enter an Order allowing their post-petition administrative expense claims, subject to liquidation by either consent of the parties or a court of competent jurisdiction.  Upon liquidation of their post-petition claims, the Movants request the Court enter an Order requiring the Debtors, as

a condition of confirmation of their Chapter 11 Plan – to pay the allowed administrative claims in full.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic or standard U.S. Mail to the parties listed below on this 5th day of January, 2007.

By:    ___/s/ Edward H. Zebersky_____

ZEBERSKY & PAYNE, LLP
Attorneys for Movant, HONOR RAMSEY
4000 Hollywood Boulevard, #675 South
Hollywood, FL  33021
954-989-6333
Facsimile 954-989-7781
Florida Bar No. 0908370

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL  32254-3699

James H. Post
Smith, Hulsey & Busey
225 Water Street.  Suite 1800
Jacksonville, FL  32202

Kenneth C. Meeker, U.S. Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL  32801

Matthew Barr
Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY  10005