**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |

**APPLICATION OF HERITAGE SPE, LLC FOR ALLOWED ADMINSTRATIVE**
**CLAIMS**

Heritage SPE, LLC, and Heritage Property Investment Trust (collectively "Heritage"), lessors of certain commercial real property located in shopping centers in these jointly administered chapter 11 cases, hereby requests payment pursuant to 11 U.S.C. §§ 362(d)(3) and 503(a) of all remaining post-petition obligations owed by the Debtors to Heritage as administrative expenses, and, in support thereof, respectfully states as follows:

**JURISDICTION**

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157, and venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

**BACKGROUND**

2.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3.  On November 9, 2006, the Court entered the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") confirming the Debtors' joint plan of reorganization (the "Plan").

4.      On November 21, 2006 (the "Effective Date"), the Plan became effective. Pursuant to the Plan, Heritage has until and including January 5, 2007, to assert its administrative claims against the Debtors.

5.      Prior to the Petition Date, Heritage, as lessor, and the Debtors, as lessee, entered into certain leases (collectively, the "Leases") of non-residential real property located in a shopping centers in Pompano Beach, Florida, and Charlotte, North Carolina, which the Debtors have identified as Store No. 207 and Store No. 2106 respectively. For ease of reference, the lease for Store No. 207 shall be referred to as the "Shopper's Haven Lease" and the lease for Store No. 2106 shall be referred to as the "McMullen Creek Lease". Copies of the Leases will be made available upon request.

6.      Pursuant to each of the Leases, the Debtors were obligated to pay to Heritage minimum rent plus additional monetary obligations under the Leases, including but not limited to common area maintenance expenses ("CAM"), real estate tax reimbursements, and attorney's fees, as additional rent.

### SHOPPER'S HAVEN LEASE EXPENSES (STORE NO. 207)

7.      On the Effective Date, the Debtors assumed the Shopper's Haven Lease pursuant to an Order (the "Assumption Order") [**Docket No. 11224**] previously entered by the Court on September 21, 2006.

8.      Pursuant to the Assumption Order, on the Effective Date, the Debtors were required to pay, as a cure amount, to Heritage "$62,391.31, plus any other charges, obligations, or amounts that may come due under the [Shopper's Haven] Lease on or before the Effective Date that have not been paid."[1]

---

1 The reorganized Debtors are obligated to pay additional amounts that come due after the Effective Date. As of the

9. After the entry of the Assumption Order, the Debtors failed to pay minimum rent in the amount of $768.34 and a CAM charge of $5,064.48, which came due on October 1, 2006. Therefore, pursuant to the Assumption Order, the Debtors were to pay Heritage the amount of $68,224.13 on the Effective Date.

10. On or about November 27, 2006, Heritage received a payment of $52,404.76.

11. Therefore, Heritage is currently owed $15,819.37 (the "Unpaid Shopper's Haven Charges") for charges due under the Shopper's Haven Lease that were incurred prior to the Effective Date.

12. Additionally, Heritage is entitled under the Shopper's Haven Lease to recover all reasonable attorneys' fees and expenses incurred in asserting and collecting these administrative claims.

### McMULLEN CREEK LEASE EXPENSES (STORE NO. 2106)

13. Prior to the Effective Date, the Debtors rejected the McMullen Creek Lease pursuant to a Notice of Rejection of Unexpired Lease (the "Rejection Notice") [a copy of the Rejection Notice is included in **Docket No. 3462**] sent by the Debtors to Heritage on or about September 14, 2005.

14. Pursuant to a prior Order [**Docket No, 3405**] entered by the Court on September 8, 2005, the Rejection Notice became effective on the later of (i) the tenth (10th) calendar day following the service of the Rejection Notice; and (ii) the date on which the Debtors have (a) vacated and surrendered possession of the premises; and (b) delivered the keys to the leased premises to Heritage.

---

filing of this request, there are unpaid charges due under the Shopper's Haven Lease of at least $43,410.89 which became due on January 1, 2007. These charges are obligations of the reorganized Debtors, and Heritage is not seeking payment of these post-Effective Date amounts in this Motion.

3

15. On October 3, 2005, the Debtors vacated and surrendered possession of the premises leased pursuant to the McMullen Creek Lease. Therefore, the McMullen Lease was rejected on October 3, 2005 (the "Rejection Date").

16. The Debtors have failed to pay Heritage various charges totaling at least $44,073.07 (the "Unpaid McMullen Creek Charges") that accrued after the Petition Date and before the Rejection Date. The Unpaid McMullen Creek Charges are itemized as follows:

| Date | Charge Description | Amount |
| --- | --- | --- |
| 3/1/05 | Monthly CAM Expense | $563.10 |
| 7/27/05 | CAM Reconciliation Partial 2005 (Prorated) | $17,436.20 |
| 7/27/05 | Real Estate Tax 2005 Estimate (Prorated) | $15,152.72 |
| 8/22/05 | Real Estate Tax 2005 Adjustment | $55.06 |
| 10/1/05 | CAM Expense (Prorated) | $309.16 |
| 10/1/05 | Minimum Rent (Prorated) | $2,528.95 |
| 2/28/06 | CAM Reconciliation Partial | $1,812.86 |

|  | 2005 (Prorated) |  |
|---|---|---|
| 8/15/06 | Real Estate Tax Reconciliation 2005 (Prorated) | $6,215.02 |
| **Total** |  | **$44,073.07** |

17.     Additionally, Heritage is entitled under the McMullen Creek Lease to recover all reasonable attorneys' fees and expenses incurred in asserting and collecting these administrative claims.

## RELIEF REQUESTED

18.     Pursuant to 11 U.S.C. § 365(d)(3), the Debtors are required (with certain exceptions not relevant here) to "timely perform" all of its obligations "arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected…."

19.     Additionally, pursuant to 11 U.S.C. § 503(b), the "actual, necessary costs and expenses of preserving" the Debtors' estates are to be allowed as administrative expenses.

20.     The Debtors failed to pay the Unpaid Shopper's Haven Charges and the Unpaid McMullen Creek Charges under 11 U.S.C. §365(d)(3) and the Assumption Order, and Heritage is entitled to allowed administrative claims for these amounts plus all reasonable attorneys' fees and expenses incurred in collecting these amounts under the Leases pursuant to 11 U.S.C. §§ 365(d) and 503. See In re Winn-Dixie Stores, Inc., 333 B.R. 870 (Bankr. M.D. Fla. 2005); In re Microvideo Learning Systems, Inc., 232 B.R. 602, 604-05 (Bankr. S.D.N.Y. 1999) (noting that "§365(d)(3) allows landlords to make a claim for post petition rent without meeting the requirements of

§503(b)(1)" and that "the landlord should be able to move to compel payment and, absent cause shown by the debtor, the court should direct the debtor to immediately pay the claim"), aff'd, 254 B.R. 90 (S.D.N.Y. 1999), aff'd, 227 F.3d 474 (2d Cir. 2000).

    WHEREFORE, Heritage respectfully requests that this Court enter an order: (i) allowing Heritage's administrative expense claims for the Unpaid Shopper's Haven Charges and the Unpaid McMullen Creek Charges in the combined amount of $59,892.44 plus all reasonable attorneys' fees and expenses incurred in asserting or collecting these administrative claims, and granting such other and further relief, including the payment of reasonable attorneys' fees and costs, as this Court deems just or appropriate.

Dated: January 5, 2007                        Respectfully submitted,

By: /s/ Michael M. Schmahl
Michael M. Schmahl (ARDC # 6275860)
McGuireWoods LLP
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601
(T) (312) 750-8881
(F) (312) 920-6598

## CERTIFICATE OF SERVICE

    I, Michael M. Schmahl, an attorney certify that I caused a true and correct copy of the APPLICATION OF HERITAGE SPE, LLC FOR ALLOWED ADMINSTRATIVE CLAIMS on the parties listed below by facsimile and electronic mail on this 5th day of January, 2007.

/s/ Michael M. Schmahl

### Service List

| | |
|---|---|
| Matthew Barr | James H. Post |
| Milbank, Tweed, Hadley & McCloy LLP | Smith, Hulsey, & Busey |
| 1 Chase Manhattan Plaza | 225 Water St., Suite 1800 |
| New York, NY 10005 | Jackson, FL 32202 |
| Facsimile: (212) 822-5194 | Facsimile: (904) 359-7708 |
| mbarr@milbank.com | jpost@smithhulsey.com |