# United States Bankruptcy Court
Middle District of Florida
JACKSONVILLE DIVISION

In re:

    Winn-Dixie Stores, et al,                  Case No. **3-05-bk-3817**

              Debtors.                      Chapter 11 - Jointly Administered

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR CERTAIN POST-PETITION PERSONAL INJURY CLAIMANT

**COMES NOW** the Movant, **LEIGH WADE**, ("Movant"), by and through undersigned counsel, and pursuant to 11 U.S.C. §503(b), respectfully requests this Court enter an Order approving this application for Allowance of Administrative Claim for Certain Post-petition Personal Injury Claimant ("Application,"), against the estate, and to authorize payment of her claim, and in support thereof states as follows and would show:

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §157(b)(2).

2.    On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York, and were transferred to this Court on April 13, 2005

3.    On November 9, 2006, the Court entered an Order confirming Debtors' Joint Plan of Reorganization ("Confirmation Order") [CP#12440]; the Confirmation Order provides that pursuant to Section 12.1 to Debtors' Joint Plan of Reorganization ("Plan"), the deadline for filing requests for payment of post-petition administrative claims is January 5, 2007 (the "Administrative Claims Bar Date").

4. On September 30, 2005, the Movant suffered personal injuries to her body, incurred medical expenses as a result thereof, and has experienced pain and suffering from an accident that occurred at a Winn-Dixie store. It is asserted that Debtor is responsible for the accident, injury, and damages as said accident was a result of negligence by the Debtors' store. The accident location is, upon information and belief, the Winn-Dixie store located at 5440 U.S. Hwy 90 West, Mobile, Mobile County, Alabama. A claim is currently pending through Debtor's third-party administrator, Sedgwick Claims Management Services, with claim #A511212510000101013.

5. The personal injury claim of Movant has yet to be liquidated, nonetheless, the value of the claim may be in excess of $125,000.00.

6. Thus, pursuant to the Confirmation Order and the Plan, this Application is timely.

7. The Court may award an administrative expense priority under §503(b) for the "actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. §503(b)(1).

8. Damages arising from a post-petition tort committed by a debtor are entitled to an administrative expense status.

9. The Movant respectfully requests the Court enter an Order allowing this post-petition administrative expense claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of this post-petition claim, the Movant requests the Court enter an Order requiring Debtors to pay the allowed administrative claim in full.

10. In accordance with the Confirmation Order and Section 12.2 of the Plan, Movant has served a copy of the Application on counsel for Reorganized Debtors and the Post-Effective Date Committee.

**WHEREFORE** the Movant, **LEIGH WADE**, requests that this Court enter an Order approving her application and allowing her post-petition claim as an administrative expense claim, and deeming said claim as a timely assertion of an administrative claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of her post-petition claims, the Movant requests the Court enter an Order requiring the Debtors, as a condition of confirmation of their Chapter 11 Plan, to pay the administrative expense claim in full immediately upon entry of an order allowing the claim; and granting any such further relief as this Court deems just and proper.

Respectfully submitted this 5th day of January, 2007.

**LEIGH WADE, Movant**

by:

/s/ Meredith N. Brasca   
Meredith N. Brasca, Esq.  
The Weaver Law Group, P.A.  
FL Bar No. 0012827  
2633 Herschel Street  
Jacksonville, FL 32204  
Tel No.: 904-389-2022  
Tel No.: 904-389-4044  
Of Counsel  
mnbrasca@aol.com  

/s/ Jeff Gale   
Jeff Gale, Esq.  
Gale and Gale, P.C.  
Executive Center II  
917 Western America Circle  
Suite 205  
Mobile, AL 36609  
Tel: (251) 460-0400  
Fax: (251) 460-0495  
Attorney for Movant  
je@galeandgale.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the forgoing has been served by electronic or standard US Mail this 5th day of January, 2007, to the parties listed below:

Elena L. Escamilla
United States Trustee
Elena.L.Escamilla@usdoj.gov

James H. Post
Smith, Hulsey & Buse
225 Water Street, Suite 1800
Jacksonville, FL 32202
jpost@smithhulsey.com

Matthew Barr
Millbank, Tweed, Hadley & MccLoy, LLP
1 Chase Manhattan Plaza
New York, NY, 10005
mbarr@millbank.com

Winn-Dixe Stores
5050 Edgewood Court
Jacksonville, FL 32254-3699

By:     /s/ Meredith N. Brasca
          Meredith N. Brasca
          The Weaver Law Group
          Florida Bar No. 0012827
          2633 Herschel Street
          Jacksonville, Florida 32204
          Tel. (904) 389-2022
          Fax (904) 389-4048
          mnbrasca@aol.com

FORM B10 (Official Form 10) (10/05)
Case 3:05-bk-03817-JAF    Doc 14458    Filed 01/05/07    Page 5 of 6

| United States Bankruptcy Court  MIDDLE District of FLORIDA JACKSONVILLE | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Winn-Dixie Stores, Inc. Et Al | Case Number: 05-03817 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**Leigh Wade C/O Gale & Gale, P.C.**
**Executive Center II**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

Name and address where notices should be sent: Gale & Gale, P.C.
917 Western America Circle, Suite 205
Mobile, AL 36609

Telephone Number: 1(251) 460-4000

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☒ Personal injury/wrongful death
☐ Taxes
☐ Other: _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS#: _____
  Unpaid compensation for services performed
  from _____ to _____
       (date)       (date)

**2. Date debt was incurred:** 9/30/2005

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured NonPriority Claim:** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ **125,000.00**

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
  Brief description of collateral:
  ☐ Real Estate  ☐ Motor Vehicle
  ☐ Other _____
  Value of Collateral: $ _____
  Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)( ___ ).

* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ _____ (unsecured)  $ _____ (secured)  $ **125,000.00** (priority)  $ **125,000.00** (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
7. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
8. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 12/29/2006 | [signature] Jerry Gale, Attorney for Leigh Wade |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

PROOF OF CLAIM

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

As a consequence of Leigh Wade's September 30, 2005 accident at a Winn Dixie store located at 5440 US Hwy 90 West in Mobile, Alabama, Ms. Wade suffered serious injury to her right shoulder and back.

The following are Ms. Wade's related medical charges incurred:

| | |
|---|---:|
| USA Knollwood Hospital | $113.00 |
| Mobile Infirmary | 11,358.81 |
| Infirmary Home Medical | 143.40 |
| Mobile Surgery Center | 1,000.00 |
| Anesthesia Services | 2,156.00 |
| Encore Rehabilitation | 1,092.00 |
| Mobile Open MRI | 3,300.00 |
| The Orthopaedic Group | 6,527.00 |
| Wal-Mart Pharmacy | 35.60 |
| Mobile County Health Department Pharmacy | 19.10 |
| Total Charges: | $26,267.46 |

It is also my understanding that additional surgery to her shoulder is recommended by her treating physician and the cost is estimated to be $5,000.00.

Based on the above medical charges incurred and future medical expenses anticipated, as well has her claim for pain, suffering and inconvenience under Alabama law, Ms. Wade is claiming the total amount of **$125,000.00** for her claim against Winn-Dixie arising out of the above accident.