**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |

**MOTION OF CWCAPITAL ASSET MANAGEMENT LLC
FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE
PRIORITY CLAIM PURSUANT TO 11 U.S.C. SECTIONS 365(D)(3) AND 503(B)**

CWCapital Asset Management LLC, as the Special Servicer for LB UBS 2001-C2 Commercial Mortgage Pass-Through Certificates (the "Trust"), by and through its undersigned counsel, hereby moves (the "Motion") for allowance and payment of an administrative expense priority claim pursuant to sections 365(d)(3) and 503(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), and in support hereof, the Trust respectfully states as follows:

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. By order dated April 13, 2005, venue of the Debtors' bankruptcy cases was transferred to this Court.

2. On November 9, 2006, this Court entered the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order").

3. Pursuant to the terms of the Confirmation Order, January 5, 2007 was established as the bar date for Administrative Claims.

4.     Prior to the Petition Date, on or about October 29, 1997, Lenoir Partners, L.L.C. (the "Landlord") and Debtor Winn-Dixie Charlotte, Inc. (the "Debtor Tenant") entered into a Lease (the "Lease"), by which Landlord leased to Debtor Tenant certain commercial real property located on the southwest corner of the intersection of Morganton Boulevard and Fairview Drive, Lenoir, Caldwell Co., North Carolina (the "Property"). On January 23, 1998, Landlord and Debtor Tenant entered into a letter agreement, which amended certain of the terms of the Lease.[1]

5.     The Lease requires Debtor Tenant to pay Debtor Tenant's pro rata share of the expense of maintaining the common areas (collectively, the "CAM Obligations") of the Property. See Exhibit A, Lease ¶ 3(c)(1). In addition, the Lease requires Debtor Tenant to pay a pro rata portion of the real estate taxes. See Exhibit A, Lease ¶ 3(c)(2). Furthermore, the Lease requires Debtor Tenant to pay a pro rata portion of the property insurance premiums for insurance coverage on the Property. See Exhibit A, Lease ¶ 3(c)(3).

6.     The Debtor Tenant rejected the Lease, effective as of September 25, 2005 (the "Rejection Date").

7.     Certain amounts that are the Debtor Tenant's responsibility to pay have arisen since the Petition Date but prior to the Rejection Date, but have not yet been satisfied by Debtor Tenant. Specifically, the CAM Obligations for the period from the Petition Date through the Rejection Date total $2,285.48. The Debtor Tenant is also obligated to pay its portion of the property insurance premiums for the period between the Petition Date and the Rejection Date, which total $2,679.15. In addition, the Debtor Tenant is obligated to pay its pro rata portion of the real property taxes relating to the period from the Petition Date to the Rejection Date, which total $11,020.36. Thus,

---

[1]     A copy of the Lease, together with the letter agreement, is attached hereto as Exhibit A.

the Debtor Tenant's post-petition, pre-rejection unpaid obligations under the Lease total $15,984.99 (the "Administrative Claim Amount").[2]

8.  On or about October 20, 2005, the Landlord filed a proof of claim, which included a claim for the Administrative Claim Amount ("Claim No. 12094").

9.  Pursuant to a Notice of Transfer and Assignment of Claim for Security and Waiver of Notice Pursuant to Bankruptcy Rule 3001(e)(2), which was filed with the Court on or about May 25, 2006, the Landlord assigned Claim No. 12094 to the Trust.

10. On or about August 15, 2006, the Debtors filed an objection to Claim No. 12094, asserting that it "includes both pre and postpetition periods."

### Request

11. Section 365(d)(3) of the Bankruptcy Code requires Debtors to "timely perform all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." The clear and express intent and purpose of Bankruptcy Code section 365(d)(3) is to require a trustee or debtor-in-possession to timely perform debtor's obligations under a lease in accordance with its terms. See Centerpoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 268 F.3d 205, 209 (3d Cir. 2001); In re ZB Co., Inc., 302 B.R. 316, 319 (Bankr. D. Del. 2003).

12. It is well-settled that a landlord's claims based on a debtor's non-performance of post-petition, pre-rejection lease obligations are entitled to administrative priority and payment. See TreeSource Indus. v. Midway Engineered Wood Prods. (In re TreeSource Indus.), 363 F.3d 994, 997

---

[2] An itemized chart with these charges, together with certain supporting invoices, are attached hereto as Exhibit B.

(9th Cir. 2004); Montgomery Ward, 268 F.3d at. 211-12 (holding that tax obligations becoming due and payable post-petition, pre-rejection were entitled to administrative priority); In re Lacklow Bros., Inc., 18 B.R. 770, 772 (Bankr. S.D. Fla. 1982) (holding that tax obligations accruing during post-petition, pre-rejection period were entitled to administrative priority); In re Rhodes, Inc., 321 B.R. 80 (Bankr. N.D. Ga. 2005) (same); In re Pacific-Atlantic Trading Co., 27 F.3d 401, 403 (9th Cir. 1994) (holding that a lessor's claim for rent arising during relevant period is entitled to administrative priority by its requirement of prompt and full payment under Bankruptcy Code section 365(d)(3)); In re DVI, Inc., 308 B.R. 703, 707 (Bankr. D. Del. 2004) (same); In re Chi Chi's, Inc., 305 B.R. 396, 400 (Bankr. D. Del. 2004) (holding that assessments that came due post-petition, pre-rejection were required to be paid in full); In re Rebel Rents, Inc., 291 B.R. 520, 533 (Bankr. C.D. Cal. 2003) (equipment lessor entitled to administrative priority for claim relating to debtor's post-petition use of equipment); In re Wright, 256 B.R. 858, 860 (Bankr. W.D.N.C. 2001) (lessor entitled to administrative expense claim for any postpetition damages flowing from debtors' breach in belatedly rejecting lease); Fifth Ave. Jewelers, Inc. v. Great East Mall, Inc. (In re Fifth Ave. Jewelers, Inc.), 203 B.R. 372, 380 (Bankr. W.D. Pa. 1996) (lessor could recover as administrative expense that portion of its damages claim for the 60-day period following the petition date and preceding the deemed rejection); In re New Almacs, Inc., 196 B.R. 244, 248 (Bankr. N.D.N.Y. 1996) (holding that landlord of Chapter 11 debtor was entitled to administrative priority for unpaid rents due post-petition, pre-rejection of lease); In re Ames Dept. Stores, Inc., 150 B.R. 107, 109 (Bankr. S.D.N.Y. 1993) (holding that landlord has administrative claim for taxes which accrue post-petition but prior to rejection of lease); see also In re Worths Stores Corp., 135 B.R. 112, 115 (Bankr. E.D. Mo. 1991); In re ABC Books & School Supplies, 121 B.R. 329, 332 (Bankr. S.D. Ohio 1990); In re National Oil Co., 80 B.R. 525, 527 (Bankr. D. Colo. 1987).

WHEREFORE, the Trust requests that the Court enter an order (i) allowing and directing immediate payment, with administrative expense priority, of $15,984.99 to the Trust for the Debtor Tenant's unpaid post-petition, pre-rejection obligations under the Lease; and (ii) granting such other and further relief as the Court deems just and proper.

**STUTSMAN THAMES & MARKEY, P.A.**

By /s/ *Richard R. Thames*
Richard R. Thames

Florida Bar Number 0718459
50 N. Laura St., Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
RRT@stmlaw.net

-and-

Gregory A. Cross, Esq.
Brent W. Procida, Esq.
Heather Deans Foley, Esq.
**Venable LLP**
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7400 (Phone)
(410) 244-7742 (Facsimile)

Attorneys for CWCapital Asset Management, LLC

## Certificate of Service

I hereby certify on January 5, 2007, the foregoing was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

D.J. Baker, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
dbaker@skadden.com

Adam Ravin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
aravin@skadden.com

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

/s/ Richard R. Thames
_____
Attorney

62159