# United States Bankruptcy Court
Middle District of Florida
JACKSONVILLE DIVISION

In re:

    Winn-Dixie Stores, et al,                  Case No. **3-05-bk-3817**

            Debtors.                     Chapter 11 - Jointly Administered

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR CERTAIN POST-PETITION PERSONAL INJURY CLAIMANT**

**COMES NOW** the Movant, **CAROL WILTON**, ("Movant"), by and through undersigned counsel, and pursuant to 11 U.S.C. §503(b), respectfully requests this Court enter an Order approving this application for Allowance of Administrative Claim for Certain Post-petition Personal Injury Claimant ("Application,"), against the estate, and to authorize payment of her claim, and in support thereof states as follows and would show:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §157(b)(2).

2. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York, and were transferred to this Court on April 13, 2005

3. On November 9, 2006, the Court entered an Order confirming Debtors' Joint Plan of Reorganization ("Confirmation Order") [CP#12440]; the Confirmation Order provides that pursuant to Section 12.1 to Debtors' Joint Plan of Reorganization ("Plan"), the deadline for filing requests for payment of post-petition administrative claims is January 5, 2007 (the "Administrative Claims Bar Date").

4. On August 1, 2006, the Movant suffered personal injuries to her body, incurred medical expenses as a result thereof, and has experienced pain and suffering from an accident that occurred at Winn-Dixie Store #1406, when Movant slipped in watermelon juice leaking from the display. It is asserted that Debtor is responsible for the accident, injury, and damages as said accident was a result of negligence by the Debtors' store. The accident location is, upon information and belief, the Winn-Dixie store located at 4041 Williams Boulevard, Kenner, Jefferson Parrish, Louisiana. A claim is currently pending through Debtor's third-party administrator, Sedgwick Claims Management Services, with claim #A611207038.

5. The personal injury claim of Movant has yet to be liquidated, nonetheless, the value of the claim may be in excess of $15,000.00.

6. Thus, pursuant to the Confirmation Order and the Plan, this Application is timely.

7. The Court may award an administrative expense priority under §503(b) for the "actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. §503(b)(1).

8. Damages arising from a post-petition tort committed by a debtor are entitled to an administrative expense status.

9. The Movant respectfully requests the Court enter an Order allowing this post-petition administrative expense claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of this post-petition claim, the Movant requests the Court enter an Order requiring Debtors to pay the allowed administrative claim in full.

10. In accordance with the Confirmation Order and Section 12.2 of the Plan, Movant has served a copy of the Application on counsel for Reorganized Debtors and the Post-Effective Date Committee.

**WHEREFORE** the Movant, **CAROL WILTON**, requests that this Court enter an Order approving her application and allowing her post-petition claim as an administrative expense claim, and deeming said claim as a timely assertion of an administrative claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of her post-petition claims, the Movant requests the Court enter an Order requiring the Debtors, as a condition of confirmation of their Chapter 11 Plan, to pay the administrative expense claim in full immediately upon entry of an order allowing the claim; and granting any such further relief as this Court deems just and proper.

Respectfully submitted this 5th day of January, 2007.

**CAROL WILTON Movant**

by:

/s/ Meredith N. Brasca             /s/ Phyllis C. Coci
Meredith N. Brasca, Esq.           Phyllis C. Coci, Esq.
The Weaver Law Group, P.A.         LSBA #4219
FL Bar No. 0012827                 3422 Cleary Avenue
2633 Herschel Street               Suite E
Jacksonville, FL 32204             Metairie, LA 70002
Tel No.: 904-389-2022              Tel: (504) 889-0292
Tel No.: 904-389-4044              Fax: (504) 889-0287
Of Counsel                         Attorney for Movant
mnbrasca@aol.com                   pcoci@phylliscoci.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the forgoing has been served by electronic or standard US Mail this 5th day of January, 2007, to the parties listed below:

Elena L. Escamilla
United States Trustee
Elena.L.Escamilla@usdoj.gov

James H. Post
Smith, Hulsey & Buse
225 Water Street, Suite 1800
Jacksonville, FL 32202
jpost@smithhulsey.com

Matthew Barr
Millbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY, 10005
mbarr@millbank.com

Winn-Dixie Stores
5050 Edgewood Court
Jacksonville, FL 32254-3699

By:   /s/ Meredith N. Brasca
        Meredith N. Brasca
        The Weaver Law Group
        Florida Bar No. 0012827
        2633 Herschel Street
        Jacksonville, Florida 32204
        Tel. (904) 389-2022
        Fax (904) 389-4048
        mnbrasca@aol.com