## UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:

| | |
|---|---|
| **WINN DIXIE STORES, INC, ET AL.,** | **CASE NO: 05-03817-3F1** |
| Reorganized Debtors | CHAPTER 11 |

_____\\

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST PETITION CLAIM AND REQUEST FOR NOTICE ISABEL COLON

COMES NOW, ISABEL COLON ("Applicant") by and through her undersigned attorney, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. Sec 503 (b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plain of Reorganization of Winn-Dixie Stores, Inc, and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plain as confirmed. In support of this Application, Applicant states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 29 U.S.C. Sec 157 and 1334. Venue is proper pursuant to 28 U.S.C. Sec 157 (b)(2).

### FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc., et. al (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3. After the Petition date on or about June 29, 2005, Applicant was injured at the Winn-Dixie Store # 243, located in Hialeah, Florida. As a proximate result of the injury, Applicant has suffered severe damages totaling at least $125,000.00, which are not fully liquidated, but which

**damages Applicant can support through medical records and other proof.**

4. **Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. Sec 503(b). It is well established that personal injury claims arising from a post-petition tort committed by the debtors are entitled to administrative expense status. See,** *Reading Co. v. Brown*, **391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status);** *In re Piper Aircraft Corp.* **169 B.R. 766 (Bankr. S. D. Fla. 1994);** *Matter of Jartran, Inc.,* **732 F. 2d 584, 587 (7th Cir. 1984);** *Siedle v. United States (In re Airlift),* **97 B.R. 664, 668 (Bankr. S.D. Fla. 1989).**

5. **In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim totaling at least $125,000. is entitled to administrative expense status under 11 U.S.C. Sec 503 (b), and Applicant seeks the entry of an order awarding such status.**

**WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.**

---

**Omar Ortega, Esquire**
**Florida Bar No: 095117**
**Dorta & Ortega, P.A.**
**800 S. Douglas Road, Suite 149**
**Coral Gables, Florida 33134**
**Telephone (305) 461-5454**
**Facsímile (305) 461-5226**

**Attorney for the Applicant**

## *CERTIFICATE OF SERVICE*

**I HEREBY CERTIFY that on January 5, 2007, I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM through the CM/ECF filing system, which Hill cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq., and John Macdonald, Esquire, Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., Counsel for the Office of the United States Trustee, and all other parties participating in the CM/EMF System, all served Electronically.**

_____
**OMAR ORETEGA, ESQ.
FLORIDA BAR NO: 095117**