IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WINN-DIXIE STORES, INC., *et al.*, | § | CASE NO. 05-03817-JAF |
| | § | Chapter 11 |
| DEBTORS. | § | Jointly Administered |

**REQUEST OF SPRING PLAZA LIMITED PARTNERSHIP FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Spring Plaza Limited Partnership ("SPLP"), by and through its undersigned counsel, requests the Court to enter an Order for the allowance and payment of its administrative expense claim pursuant to Bankruptcy Code §§ 365(d) (3) and 503(b) and states as follows:

1. On February 21, 2005, the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code.

2. At the time the Debtors filed their Chapter 11 Petition, SPLP and one of the Debtors, Winn Dixie Louisiana, Inc. ("Debtor"), were parties to a lease agreement originally dated May 20, 1991 (the "Lease"), under which SPLP leased certain premises to Debtor located in Ocean Springs, Mississippi (the "Premises").

3. Between February 21, 2005 and November 21, 2006, the Effective Date of the Debtors' confirmed plan of reorganization, Debtor continued to lease, operate and utilize the Premises (Debtor has assumed the Lease). While Debtor paid rend during this period, it did not pay to SPLP certain escalation (for, inter alia, CAM and insurance charges and taxes) payments which were due.

4. Bankruptcy Code § 503(b)(1)(A) requires the payment of administrative expenses, including the "actual, necessary costs and expenses of preserving the estate." The post-petition escalation charges under the Lease were for the benefit of the Debtors' bankruptcy estate because

the charges were incurred in connection with Debtor's continuing post-petition operation of its business at the Premises.

5. Further, Bankruptcy Code § 365(d)(3) requires a debtor in possession to timely perform the obligations of a non-residential lease of real property until such lease is assumed or rejected. Payment of the escalation charges due under the Lease is an obligation of Debtor under the Lease, thus Debtor should pay said sum forthwith.

6. Accordingly, SPLP seeks allowance and payment of an administrative claim pursuant to Bankruptcy Code §§ 365(d) and 503(b) in the estimated amount of $40,000.00.

7. SPLP reserves the right to amend, supplement or modify this request as deemed necessary.

DATED this 5th day of January, 2007.

Respectfully submitted,

**VOLPE, BAJALIA, WICKES, ROGERSON & WACHS**

By: */s/ John T. Rogerson, III*
John T. Rogerson, III
Florida Bar No. 832839
1301 Riverplace Blvd., Suite 1700
Jacksonville, FL  32207
Telephone: (904) 355-1700
Facsimile: (904) 355-1797
jrogerson@vbwr.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was provided electronically or by first class U.S. Mail, postage prepaid, to Stephen D. Busey, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; and D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036, on this 5th day of January, 2006.

/s/ *John T. Rogerson, III*
Attorney