UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,                    Case No. 3:05-bk-03817-JAF

    Debtor.                                  Chapter 11 – Jointly Administered
_____/

## APPLICATION OF JUSTINE GREEN PEYNADO FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), Justine Green Peynado ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1.   On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2.   The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3.   Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4.   The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5.   The Movant's personal injury claim has not yet been liquidated. . 

6.   Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7.   The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ···." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.     Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.     The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

>   Justine Green Peynado
>   c/o Bernard F. Grall, Esq.
>   P.O. Box 690218
>   7555 20th Street
>   At Tara Plantation
>   Vero Beach, FL 32969-0218

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

>   /s/DENNIS J. LEVINE, ESQ.
>   DENNIS J. LEVINE, ESQ.
>   Fla. Bar No. 375993
>   DENNIS LeVINE & ASSOCIATES, P.A.
>   P.O. Box 707
>   Tampa, FL 33601-0707
>   (813) 253-0777
>   (813) 253-0975 (fax)
>   Attorneys for Justine Green Peynado
>   c/o Bernard F. Grall, Esq.

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this ___5th___ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

January 5, 2007

**VIA FAX# 813-253-0975**

Dennis J. LeVine, Esq.
Dennis LeVine & Associates, P.A.
103 South Boulevard
Tampa, FL   33606-1901

      RE:   Peynado v. Winn Dixie

Dear Mr. LeVine:

Please be advised that our law firm represents Ms. Justine Green Peynado for injuries she sustained in a slip and fall accident which occurred on April 5, 2006 at the Winn Dixie store located at 415 21st Street, Vero Beach, Florida in Indian River County.

Ms Peynado was injured when she slipped and fell in a puddle of water which apparently leaked from a frozen food freezer case that was malfunctioning.  Our investigation revealed that this was a long standing problem and that Winn Dixie had failed to repair the freezer case which continually exposed the general public to a dangerous condition.  Ms. Peynado sustained injuries to her left knee, hip and back and was required to undergo surgery to her left knee.  She has also undergone extensive medical care for treatment for her back and hip pain.  At the present time, Ms. Peynado has not reached a plateau of maximum medical improvement, therefore her damages have not been determined and they are unliquidated.

Bernard F. Grall, Jr., Esq. is the attorney of record handling this case of behalf of Ms. Peynado. Joseph R. Williams is Mr. Grall's paralegal and can also be contacted with any questions in regard to this case.  Mr. Grall and Mr. Williams' telephone number is: 772-569-0000, fax number is: 772-569-3316.

Best personal regards,

GRALL, FANARO & GLENN

By: _____
    Joseph R. Williams
       Paralegal
JRW/jps

EXHIBIT A

# GRALL, FANARO & GLENN
### ATTORNEYS AND COUNSELORS AT LAW

BERNARD F. GRALL, JR.
RONALD S. FANARO
GEORGE A. GLENN
ERIN E. GRALL

POST OFFICE BOX 690218
7555 20TH STREET
AT TARA PLANTATION
VERO BEACH, FLORIDA 32969-0218
TELEPHONE (772) 569-0000
FAX NO. (772) 569-3316

January 5, 2007

**VIA FAX# 813-253-0975**

Dennis J. LeVine, Esq.
Dennis LeVine & Associates, P.A.
103 South Boulevard
Tampa, FL 33606-1901

RE: Peynado v. Winn Dixie

Dear Mr. LeVine:

Please be advised that our law firm represents Ms. Justine Green Peynado for injuries she sustained in a slip and fall accident which occurred on April 5, 2006 at the Winn Dixie store located at 415 21st Street, Vero Beach, Florida in Indian River County.

Ms Peynado was injured when she slipped and fell in a puddle of water which apparently leaked from a frozen food freezer case that was malfunctioning. Our investigation revealed that this was a long standing problem and that Winn Dixie had failed to repair the freezer case which continually exposed the general public to a dangerous condition. Ms. Peynado sustained injuries to her left knee, hip and back and was required to undergo surgery to her left knee. She has also undergone extensive medical care for treatment for her back and hip pain. At the present time, Ms. Peynado has not reached a plateau of maximum medical improvement, therefore her damages have not been determined and they are unliquidated.

Bernard F. Grall, Jr., Esq. is the attorney of record handling this case of behalf of Ms. Peynado. Joseph R. Williams is Mr. Grall's paralegal and can also be contacted with any questions in regard to this case. Mr. Grall and Mr. Williams' telephone number is: 772-569-0000, fax number is: 772-569-3316.

We will be forwarding your check in the amount of $250.00 in the immediate future. Thank you for your assistance. If you have any questions, please call.

Best personal regards,

GRALL, FANARO & GLENN

By: *[signature]*
Joseph R. Williams
Paralegal

JRW/jps