**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

WINN DIXIE STORES, INC.,                           Case No. 3:05-bk-03817-JAF

     Debtor.                                                Chapter 11 – Jointly Administered

_____/


**APPLICATION OF MARIA ROSALES FOR ALLOWANCE OF ADMINISTRATIVE**
**CLAIM (POST-PETITION PERSONAL INJURY CLAIM)**

COMES NOW the Movant(s), Maria Rosales ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

     1.     On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

     2.     The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

     3.     Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

     4.     The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

     5.     The Movant's personal injury claim has not yet been liquidated. The Movant estimates the claim against the Debtor to be at least **$250,000.00**.

     6.     Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

     7.     The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ····" 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.      Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim.   Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.      The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:


Maria Rosales
c/o Gregg S. Kamp, Esq.
Gregg S. Kamp, P.A.
P.O. Box 6235
Lakeland, FL  33807


WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.


/s/DENNIS J. LEVINE, ESQ.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
DENNIS LeVINE & ASSOCIATES, P.A.
P.O. Box 707
Tampa, FL 33601-0707
(813) 253-0777
(813) 253-0975 (fax)
Attorneys for Maria Rosales
c/o Greg S. Kamp, P.A.

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift )*, 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this ____5th____ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

## Avni Patel

| | |
|---|---|
| **From:** | DANIELLE WILLIAMS [daniellewill@msn.com] |
| **Sent:** | Friday, January 05, 2007 10:35 AM |
| **To:** | Avni Patel |
| **Subject:** | Application for Maria Rosales |
| **Importance:** | High |

Avni,

Pursuant to my telephone conversation with Mr. Levine a few moments ago, the following is the information requested:

CLIENT:        MARIA ROSALES

LOCATION:        WINN DIXIE STORE # 0706

DATE OF INCIDENT:    MAY 27, 2005

DESCRIPTION:        Mrs. Rosales was walking to the register & the drink cooler was leaking water. She had just returned a gallon of rotten milk & was going to the cooler to get a drink. Water is clear & Mrs. Rosales did not see it leaking from the cooler & she slipped & fell. They were told by the cashier that "the custodian is lazy & didn't do the job." More than one employee witnessed the incident & when they asked for assistance they said they "wouldn't call an ambulance or help them." She was transported by an ambulance to South Florida Baptist Hospital.

DEMAND AMOUNT:    $250,000.00

Should you need anything further, please do not hesitate to contact our office.

Sincerely,

Danielle R. Williams
Paralegal for
Gregg S. Kamp, P.A.

*The information contained in this transmission is an attorney privilege and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is strictly prohibited. In addition, unauthorized use of information in this transmission may violate federal securities laws. If you have received this communication in error, please notify me immediately by telephone, reply to this communication and delete this communication immediately.*

EXHIBIT ___A___