IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**CYNTHIA GRIFFIN,**　　　　　　　　　　　　CASE NO.  06-CA
　　　　　　　　　　　　　　　　　　　　　　　　FLA BAR NO. 0739685
　　**Plaintiff,**

v.

**WINN-DIXIE STORES, INC.,**

　　**Defendant.**
_____/

## COMPLAINT

　　Plaintiff CYNTHIA GRIFFIN hereby sues Defendant, WINN DIXIE STORES, INC., and alleges:

　　1.　　This is an action for damages which exceed Fifteen Thousand Dollars ($15,000.00).

　　2.　　Plaintiff, CYNTHIA GRIFFIN, at all times pertinent hereto, has been a resident of Leon County, Florida.  She has also been an "employee" as that term is defined under §448.102, et seq., Florida Statutes, of Defendant.  Specifically Plaintiff is a person who performed services for and under the control and direction of the Defendant, who was Plaintiff's employer, for wages or other remuneration.  She is thus sui juris.

　　3.　　Defendant, WINN DIXIE STORES, INC., has at all times done business within the State of Florida and in particular in Leon County, Florida.  At all times pertinent hereto, Defendant has been an "employer" as that term is defined under §448.101, et seq. Florida Statutes.  Specifically, Defendant is a private individual, firm, partnership, institution, corporation, or association that employs ten or more persons.

4. Plaintiff was initially employed with Defendant in or around November 2005. Plaintiff was fired in March 2006 after reporting and/or objecting to violations of laws, rules and/or regulations by Defendant.

5. During the course of Plaintiff's employment with Defendant, Plaintiff noted that meat from the meat department had been left outside in the heat for an extended period, as part of a sale promotion, and Plaintiff - wanting to protect the public from poisoning or the toxic effects of spoiled meat - directed that the unrefrigerated meat be discarded in a dumpster.

6. Plaintiff performed her duties in an admirable and outstanding manner, but was fired when she objected to the violation of a rule, law or regulation.

6. Due to her reporting of a violation of a law, rule or regulation, or to her objection to engaging in conduct constituting a violation of a law, rule or regulation, Defendant fired Plaintiff.

7. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a reasonable fees for her services. Defendants should be required to pay said fee and any costs associated with this case.

## COUNT I- VIOLATION OF CHAPTER 448, FLORIDA STATUTES

8. Paragraphs 1-7 are incorporated herein by reference.

9. This is an action brought under §448.101, et seq., Florida Statutes.

10. As set forth in greater detail above, in 2006, Plaintiff objected to certain practices of Defendant that were in violation of state and federal laws. After she objected, Defendant fired her. She was terminated after she objected to and/or refused to participate in practices of Defendant that were in violation of one or more laws, rules or regulations.

11. Plaintiff was terminated because she engaged in certain behavior. Specifically, Plaintiff:

(1) disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the Defendant that is in violation of a law, rule, or regulation, and Plaintiff, in writing, brought the activity, policy, or practice to the attention of a supervisor or the Defendant and afforded the Defendant a reasonable opportunity to correct the activity, policy, or practice; or

(2) provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the Defendant; or

(3) objected to, or refused to participate in, any activity, policy, or practice of the Defendant which is in violation of a law, rule, or regulation.

12. The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

13. As a direct and proximate cause of Plaintiff's participation in the Whistle Blowing activities identified herein, she has been damaged, which damages include but are not limited to lost wages and other tangible job benefits plus attorneys fees and costs, and every other kind of damage allowed by law. She has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is also entitled to injunctive relief.

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

(a) An injunction restraining continuing violations of §448.101 et seq.;

(b) Reinstatement to the same position that Plaintiff held before the retaliatory personnel actions or to an equivalent position;

(c) Reinstatement of full fringe benefits and seniority rights, to the extent such were available to her;

(d) Compensation for loss wages, benefits, and other remuneration;

(e) Damages as allowed by law;

(f) Attorney's fees, costs and cost of this action, and

(g) Any other relief deemed just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this _____ day of September 2006.

Respectfully submitted,

_____
Marie A. Mattox; FBN 0739685
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
ATTORNEYS FOR PLAINTIFF