UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,                    Case No. 3:06-bk-03817-JAF

    Debtor.                                      Chapter 11 – Jointly Administered

_____/

**APPLICATION OF ALVIN ALEXIS FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)**

    COMES NOW the Movant(s), Alvin Alexis ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

    1.    On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

    2.    The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

    3.    Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

    4.    The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

    5.    The Movant's personal injury claim has not yet been liquidated.

    6.    Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

    7.    The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ···." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor

are entitled to administrative expense status.[1]

8.    Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

9.    The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

>   Alvin Alexis
>   c/o Michael C. Darnell, Esq.
>   Murray, Darnell & Associates, LLC
>   1540 N. Broad Street
>   New Orleans, LA 70119

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

>   /s/DENNIS J. LEVINE, ESQ.
>   DENNIS J. LEVINE, ESQ.
>   Fla. Bar No. 375993
>   DENNIS LeVINE & ASSOCIATES, P.A.
>   P.O. Box 707
>   Tampa, FL 33601-0707
>   (813) 253-0777
>   (813) 253-0975 (fax)
>   Attorneys for Alvin Alexis
>   c/o Michael C. Darnell, Esq.

---

[1] *See, e.g., Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift* ), 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this __5th__ day of January, 2007

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

FIRST CITY COURT FOR THE PARISH OF ORLEANS

RECEIVED
FIRST CITY COURT
NEW ORLEANS

2006 AUG -8 P 2: 11

STATE OF LOUISIANA

NO. 06-51944    SECTION: A    DOCKET:

ALVIN ALEXIS

VERSUS

WINN DIXIE STORES, INC. AND FRONT END MANAGER STEVE STEPHENS

FILED:_____    _____
                                  DEPUTY CLERK

### PETITION FOR DAMAGES

The petition for Alvin Alexis, a person of the full age of majority and a resident of Orleans Parish, State of Louisiana, through undersigned counsel, respectfully avers:

**I.**

Made defendants herein are:

a) Winn Dixie Stores, Inc., a business corporation, authorized to do and doing business in the State of Louisiana; and

b) Steve Stephens, a person of the full age of majority and, upon information and belief, a resident of Orleans Parish, Louisiana.

**II.**

On or about August 8, 2005, plaintiff Alvin Alexis, was a customer at Winn Dixie Store #1419, located at 500 N. Carrollton Avenue, New Orleans, LA.

**III.**

As plaintiff Alvin Alexis walked in the soda & spring water aisle, he slipped and fell on water that was on the floor.

**IV.**

Steve Stephens, at all material times material and relevant herein, was the front end manager of Winn Dixie Store #1419 and was responsible for the overall management of the store including clean up of the floors and maintenance of the aisle ways of the store, and the supervisor of employees whose duties were to check the aisles and passageways to see that they were uncluttered and free of obstacles or other substances posing dangers to shoppers.

1

EXHIBIT A

V.

As a result of the above described accident, plaintiff, Alvin Alexis, suffered the following damages:

a) Medical expenses, past, present and future;

b) Injuries to his back, neck and other parts of his body;

c) Physical pain and suffering, past, present and future;

d) Loss of enjoyment of life, past, present and future;

e) Mental anguish, past, present and future;

f) Lost wages, past, present and future; and

VI.

The above stated damages were caused by the legal fault of defendant Winn Dixie Stores, Inc. and its employees, including Steve Stephens, store manager, in the following particulars:

a) Failing to remove liquids and/or other substances on the floor which created dangerous areas for customers to walk;

b) Failure to implement the proper monitoring program to check on substances and/or fluids existing on the floors where customers may tread;

c) Failure of its employees to pay attention and observe substances in the pathways of customers patronizing the store;

d) Failure of it and its employees to act as prudent and reasonable persons would and should under similar circumstances;

e) Failure to see what its employees should have seen had they been observant and concerned about the well being of customers in the store;

f) Failure to warn;

g) Other acts of negligence to be proven at the trial on the merits of this matter.

VII.

At all times material and relevant herein particularly on or about August 8, 2005, defendant, Steve Stephens, was an employee of Winn Dixie Stores, Inc. and was acting within the scope of his employment, at the time of this accident. Defendant, Winn Dixie Stores, Inc., is therefore, responsible under the theory of respondent-superior.

2

## VIII.

At all times material and relevant herein, Winn Dixie Stores, Inc. was a corporation authorized to do business and operating in the Parish of Orleans. At all times material and relevant herein, Winn Dixie Stores Inc. had in effect insurance or self insurance providing coverage for the negligence of its employees and binding itself to pay all damages caused by it unto plaintiff herein.

## IX.

Defendant Winn Dixie Stores Inc. its employees, including Steve Stephens, and its insurer, are liable unto plaintiff for damages sustained herein jointly, severally and in solido.

**WHEREFORE**, plaintiff, Alvin Alexis prays that defendants, Winn Dixie Stores, Inc. and Steve Stephens be duly cited and served with this petition and that after all delays and legal proceedings are had, there be judgment rendered in favor of plaintiff, Alvin Alexis, and against defendants, Winn Dixie Stores, Inc., Steve Stephens, jointly, severally and in solido, in an amount to be determined by this honorable court, and defendants be cast with all costs of these proceedings.

Respectfully submitted,

**Murray, Darnell & Associates, L.L.C.**

_____
Michael C. Darnell, T.A., Bar No. 4554
Edwin R. Murray, T.A., Bar No. 17069
1540 North Broad Street
New Orleans, Louisiana 70119
Telephone: (504) 945-0042
Facsimile: (504) 942-5968

**PLEASE SERVE DEFENDANTS:**

Winn Dixie Stores, Inc.
through its registered agent for service of process:
Corporation Service Company
320 Somerulos St.
Baton Rouge, LA 70802-6129

Steve Stephens
Winn Dixie Store
500 N. Carrollton Avenue
New Orleans, LA 70119

F:\Alexis.Alv\Pleading\Petition for Damages Slip and Fall.wpd

3

## FIRST CITY COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO.                    SECTION:                    DOCKET:

### ALVIN ALEXIS

### VERSUS

### WINN DIXIE STORES, INC. AND FRONT END MANAGER STEVE STEPHENS

FILED:_____    _____
                                  DEPUTY CLERK

### REQUEST FOR NOTICE

**CLERK OF COURT**
**PARISH OF ORLEANS**

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, we hereby request written notice of the date set for trial of the above numbered and entitled cause, or of the date set for trial of any pleadings or motions therein, at least ten (10) days before any trial date.

We also request notice of the signing of any final judgment, the rendition of any interlocutory order or judgment, or of any judgment refusing to grant a new trial, in said cause as provided by Articles 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

Murray, Darnell & Associates, LLC

_____
Michael C. Darnell, Bar No. 4554
Edwin R. Murray, Bar No. 15069
1540 N. Broad St.
New Orleans, LA 70119
Telephone: (504) 945-0042
Facsimile: (504) 942-5968

F:\Alexis.Alv\Pleading\Request for Notice.wpd