# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re ) | Case No. 3-05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| Debtors. ) | |
| ) | |

## APPLICATION FOR ALLOWANCE
## AND PAYMENT OF ADMINISTRATIVE EXPENSE
## FOR POST-PETITION PERSONAL INJURY CLAIM

Debra Smith ("Applicant") moves the Court pursuant to 11 U.S.C. § 503(b)(1) and the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims [Docket No. 12991] for the allowance and payment of a Chapter 11 administrative expense for postpetition personal injury claims described below and directing payment of such amount pursuant to the Order Confirming the Joint Plan of Reorganization of Winn-Dixie, and in support of the application states:

### Background

1. On February 21, 2005, Winn-Dixie Stores, Inc. (the "Debtor"), together its affiliates, filed voluntary petitions under Chapter 11 of the Bankruptcy Codes in the United States Bankruptcy Court for the Southern District of New York.

2. By order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3.  Since the Petition Date, Debtors have operated their properties and managed their business as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

### Jurisdiction and Venue

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § § 157 and 1334.  Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### Background

5.  After the Petition Date and on or about July 1, 2005, Applicant was injured at the Winn-Dixie Store No. 0565 located at 400 North Navy Boulevard in Pensacola, Florida.  As a proximate result of the injury, Applicant has suffered damages which, at this point, are not fully liquidated but can and will be supported through medical records and other proof.

### Applicant's Claim is Entitled to Administrative Expense Status

6.  Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate. . ." 11 U.S.C. § 503(b).  It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status.  See, Reading Co. v. Brown, 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla. 1994); *Matter of Jartran, Inc.;* 732 F.2d 584, 587 (7th Cir. 1984); *Siedle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla. 1989).

7.	Here, one of the necessary expenses and risks of operating in the context of a Chapter 11 bankruptcy and therefore preserving the estate is the possibility of slip and fall accident or other personal injury taking place on the premises or an operating business or by vehicles operated by Debtor and involved in the transportation and distribution of company products.  Such incidents caused by the negligence of the Debtor are entitled to treatment as an administrative claim.

8.	Applicant's claim arose as a result of the business operations or one or more of the Debtors after the Petition Date but prior to the Confirmation Order.   As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503 (b), and Applicant seeks entry of an order awarding such status.

**WHEREFORE,** Applicant requests that the Court enter an order (i) granting the relief requested herein; and (ii) providing such other relief as is appropriate.

**CHRISTINE C. HARDIN**
**ATTORNEY AT LAW**
3 West Garden Street, Suite 204
Pensacola, Florida 32502
Florida Bar Number: 563811
(850)432-5981 office telephone
(850)432-4583 facsimile
Attorney for Applicant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the original Application for Allowance and Payment of Administrative Expense for Post-Petition Personal Injury Claim has been filed with the Clerk of the Court and a copy of the same has been furnished to James H. Post, Esquire, Counsel for the Reorganized Debtors, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; Matthew Barr, Esquire, Counsel for the Post-Effective Date Committe, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 via facsimile and U.S. Overnight Mail on this _____ day of January, 2007.

**CHRISTINE C. HARDIN**
**ATTORNEY AT LAW**
3 West Garden Street, Suite 204
Pensacola, Florida 32502
Florida Bar Number: 563811
(850)432-5981 office telephone
(850)432-4583 facsimile
Attorney for Applicant