

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

WINN-DIXIE STORES, INC., et al.            Case No.: 05-03817-3F1
                                            Chapter 11
Reorganized Debtors.
_____/              Jointly Administered


## FILING OF CLAIM BY NANCY CAROL HAMON (ID#: A611205524-0001-01)

TO: ALL PARTIES IN INTEREST

PLEASE TAKE NOTICE THAT:

    NANCY CAROL HAMON, by and through her undersigned counsel hereby timely files her Claim in response to a Notice dated December 6, 2006.

    NANCY CAROL HAMON files this Claim without waiving her right to proceed directly against the Trustee in Bankruptcy for WINN DIXIE STORES, INC. in the Monroe County Circuit Court.

    A copy of NANCY CAROL HAMON's claim arising out of the ordinary course of business of tortfeasor, WINN DIXIE STORES, INC., is attached as Exhibit "A" to this Notice of Claim and incorporated by reference herein.

    I HEREBY CERTIFY that the foregoing has been provided via Federal Express or other overnight service to the Clerk of the Court, United States Courthouse, 300 North Hogan Street, Suite 3-350, Jacksonville, FL 32202 on January 2, 2007 for timely delivery to the Clerk of the Bankruptcy Court on or prior to January 5, 2007; and copies were provided by fax and e-mail on January 2, 2007 to Stephen D. Busey, James H. Post, Cynthia C. Jackson, Leanne Predergast (Co-counsel for Reorganized Debtors), at Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202, Fax: (904) 359-7708, e-mail: jpost@smithhulsey.com; by fax and e-mail on January 2, 2007 to Matthew Barr (Counsel for Post Effective Date Committee), Milbank, Tweed Hadley

& McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, e-mail: mbarr@milbank.com; and by U.S. Mail on January 2, 2007 to: D.J. Baker, Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin (Co-counsel for Reorganized Debtors), at Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036.

                        **McLUSKEY & McDONALD, P.A.**
                        **Attorneys for NANCY CAROL HAMON**
                        **The Barrister Building**
                        **8821 S.W. 69th Court**
                        **Miami, FL 33156**
                        **Telephone: (305) 662-6160**
                        **Facsimile: (305) 662-6164**

By: _____
                        **J. Lane Middleton, Esq.**
                        **Florida Bar No. 284769**

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT IN AND FOR MONROE COUNTY, FLORIDA

CASE NO.

NANCY CAROL HAMON,

    Plaintiff,

vs.

BIG PINE SHOPPING CENTER, LLC, a
Florida Limited Liability Company, and
Trustee in Bankruptcy for the WINN DIXIE
STORES, INC., a Florida corporation

    Defendants.
_____/

## COMPLAINT FOR COMPENSATORY DAMAGES AND REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff, NANCY CAROL HAMON (hereafter "HAMON"), by and through her undersigned counsel and sues the Defendants, BIG PINE SHOPPING CENTER, LLC, a Florida Limited Liability Company (hereafter "BIG PINE SHOPPING"), and Trustee in Bankruptcy for the WINN DIXIE STORES, INC., a Florida corporation (hereafter "WINN DIXIE"), for damages and alleges:

## GENERAL ALLEGATIONS

1.    This is an action for damages far in excess of this court's minimal jurisdictional limits to wit: $15,000.00, exclusive of interest, costs and attorney's fees.

2.    At all times material, Plaintiff HAMON was and is a resident of Monroe County, Florida and is otherwise sui juris.

-1-


EXHIBIT A

3. At all times material, Defendant, BIG PINE SHOPPING was a limited liability company, organized and existing under and by virtue of the laws of the State of Florida.

4. At all times material, Defendant, BIG PINE SHOPPING, owned, either solely or jointly with another entity, the store and the ramp walkways located in front of the WINN DIXIE store at the Big Pine Shopping Center in Big Pine Key, Florida.

5. At all times material, Defendant, BIG PINE SHOPPING, maintained, either solely or jointly with another entity, the store and the ramp walkways located in front of the WINN DIXIE store at the Big Pine Shopping Center in Big Pine Key, Florida.

6. At all times material, Defendant, BIG PINE SHOPPING, controlled, either solely or jointly with another entity, the entrances to and the ramp walkways located in front of the WINN DIXIE store at the Big Pine Shopping Center in Big Pine Key, Florida.

7. At all times material, Defendant, WINN DIXIE, was a Florida corporation licensed to do and doing business in the state of Florida and more particularly at its store in Big Pine Key, Monroe County, Florida.

8. At all times material, prior to the subject accident, WINN DIXIE had filed an action for Bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division.

9. At all times material, the subject accident and claim of NANCY CAROL HAMON occurring on June 18, 2006 is a post petition claim for damages that is an obligation which is payable by WINN DIXIE in the ordinary course of business.

10. At all times material, WINN DIXIE is subject to the provisions of 29 U.S.C.A. Section 959, entitled <u>Trustees and Receivers Sueable; Management; State Laws</u>.

11. In particular, Defendant, WINN DIXIE is subject to the provisions of Sub-

-2-


EXHIBIT A
46/12055 24-0001-01

paragraph (A) which states, "Trustees, Receivers or Managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such action shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury."

12.     At all times material, NANCY CAROL HAMON, was injured on the premises of Defendant, WINN DIXIE, during the ordinary course of business connected with WINN DIXIES's use of the property.

13.     At all times material, Defendant, WINN DIXIE, leased from BIG PINE SHOPPING the store premises, including the ramp walkways located in front of its store located at the Big Pine Shopping Center in Big Pine Key, Florida; Plaintiff is not in possession of a copy of the lease, but reasonably believes both WINN DIXIE and BIG PINE SHOPPING possess a copy of the lease instrument.

14.     At all times material, Defendant, WINN DIXIE, maintained, either solely or jointly with another entity, its store and the ramp walkways located in front of its store at the Big Pine Shopping Center in Big Pine Key, Florida.

15.     At all times material, Defendant, WINN DIXIE, controlled, either solely or jointly with another entity, the store premises and the ramp walkways located at the Big Pine Shopping Center in Big Pine Key, Florida.

16.     At all times material, on June 18, 2006, the Plaintiff, NANCY CAROL HAMON, was walking on the Defendants' east ramp walkway as a customer and business invitee.

McLUSKEY & McDONALD, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • EMAIL inquiry@mmlawmiami.com


EXHIBIT A
A611205524-0001-01

17. At all times material, Plaintiff, NANCY CAROL HAMON, was exiting the WINN DIXIE grocery store, pushing a grocery cart with groceries she had purchased from Defendant, WINN DIXIE, when she was suddenly caused to trip and fall because of a hazardous concrete ramp walkway directly in her path of travel.

18. Plaintiff has complied with all conditions precedent to the maintenance of this action or, in the alternative, same have been waived by the Defendants.

## COUNT I

### NEGLIGENCE AS TO DEFENDANT BIG PINE SHOPPING CENTER, LLC

Plaintiff adopts by reference the allegations in Paragraphs 1 through 18 as if fully set forth herein, and further alleges:

19. At all times material, Defendant, BIG PINE SHOPPING, owned, controlled and leased to Defendant, WINN DIXIE, the store premises, including the entrance to the ramp and the ramp walkway where this accident occurred.

20. At all times material on June 18, 2006, Plaintiff HAMON, was a customer on the Defendant's premises as a business invitee, who was conducting herself in a reasonable and prudent manner.

21. At all times material, due to the Plaintiff's status as a business invitee, the Defendant, BIG PINE SHOPPING, had a duty to provide Plaintiff with a reasonably safe ramp walkway for entry and exit to the premises of the WINN DIXIE, to properly maintain its premises in a reasonably safe condition and to adequately warn her of any and all hazardous conditions on the property.

22. At all times material, it was reasonably foreseeable that a business invitee on the premises, more specifically Plaintiff, HAMON, would have no knowledge of the

-4-


EXHIBIT A
A611205524-001-01

Defendant's hazardous broken, concrete ramp walkway remaining in that condition which created the dangerous condition.

23. The hazardous condition was either known to Defendant, BIG PINE SHOPPING, or had existed for a sufficient length of time so that Defendant, BIG PINE SHOPPING, should have known of it.

24. Defendant, BIG PINE SHOPPING, negligently breached its duty of care to the Plaintiff by one or more of the following acts or omissions:

    a. Allowing the broken concrete exit walkway to remain in disrepair and poorly maintained so as to create a hazardous condition; and/or

    b. Failing to cure a hazardous condition of which the Defendant actually knew or reasonably should have known existed; i.e., the broken concrete walkway, guardrail and hole with loose rocks at entrance/exit area of walkway ramp to the WINN DIXIE store; and/or

    c. Failing to warn Plaintiff, HAMON, with warnings, signs, orange cones or other markings to warn her of these hazardous conditions; and

    d. Failing to timely correct these hazardous conditions, including the broken guardrail; and

    e. Failing to maintain the ramp walkway within accepted engineering and safety standards; and

    f. Other negligence of BIG PINE SHOPPING to be discovered.

25. As a direct and proximate result of Defendant, BIG PINE SHOPPING's negligence, Plaintiff, NANCY CAROL HAMON, sustained injuries in and about her body; suffered pain therefrom, suffered physical impediments, has sustained permanent injury

-5-


EXHIBIT A
A611205524-0001-01

within a reasonable degree of medical probability and/or permanent loss of bodily function, has incurred medical and related expenses in the treatment of those injuries, as well as lost the capacity for the enjoyment of life. The injuries suffered by Plaintiff, NANCY CAROL HAMON are continuing in nature and Plaintiff, NANCY CAROL HAMON will continue to suffer pain, physical handicap and permanent injury in the future, will be further compelled to expend great sums of money for medical care and treatment for these injuries, and will continue to suffer the loss of activities she has become accustomed to and the enjoyment of life.

### COUNT II

### NEGLIGENCE AS TO DEFENDANT TRUSTEE IN BANKRUPTCY FOR THE WINN DIXIE STORES, INC., a Florida corporation

Plaintiff adopts by reference allegations in Paragraphs 1 through 18 as if fully set forth herein, and further alleges:

26. At all times material, Defendant, WINN DIXIE, was the Lessee of the premises and was in control of the area where Plaintiff, NANCY CAROL HAMON, tripped and fell.

27. At all times material, it was reasonably foreseeable that a business invitee on the Defendant's premises, more specifically, Plaintiff HAMON, would have no knowledge of the hazardous, broken, concrete walkway remaining in that condition which created the dangerous condition.

28. The hazardous condition was either known to the Defendant, WINN DIXIE or had existed for a sufficient length of time so that Defendant, WINN DIXIE, should

-6-

McLUSKEY & McDONALD, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • EMAIL inquiry@mmlawmiami.com



have known of it.

29.     Defendant, WINN DIXIE, breached its duty of care to the Plaintiff, NANCY CAROL HAMON, by one or more of the following acts or omissions of negligence:

a.    Allowing the broken concrete exit walkway to remain in disrepair and poorly maintained so as to create a hazardous condition; and/or

b.    Failing to cure a hazardous condition of which the Defendant actually knew or reasonably should have known existed; i.e., the broken concrete walkway, guardrail and hole with loose rocks at the entrance/exit area of the walkway ramp to the WINN DIXIE store; and/or

c.    Failing to warn Plaintiff, HAMON, with warnings, signs, orange cones or other markings to warn her of these hazardous conditions; and

d.    Failing to timely correcting these hazardous conditions, including the broken guardrail and concrete ramp entrance; and

e.    Failing to maintain the ramp walkway within accepted engineering and safety standards; and

f.    Failing to timely report and request prompt repair of the ramp walkway's hazardous condition to the Co-defendant/Landlord BIG PINE SHOPPING, from the date the ramp entrance guardrail and concrete were damaged prior to this accident of June 16, 2006.

g.    Other negligence of WINN DIXIE to be discovered.

30.    As a direct and proximate result of Defendant, WINN DIXIE's negligence, Plaintiff, NANCY CAROL HAMON, sustained injuries in and about her body; suffered

-7-



pain therefrom, suffered physical impediments, has sustained permanent injury within a reasonable degree of medical probability and/or permanent loss of bodily function, has incurred medical and related expenses in the treatment of those injuries, as well as lost the capacity for the enjoyment of life. The injuries suffered by the Plaintiff, NANCY CAROL HAMON, are continuing in nature and Plaintiff will continue to suffer pain, physical handicap and permanent injury in the future, will be further compelled to expend great sums of money for medical treatment for these injuries, and will continue to suffer losses of activities she is accustomed to as well as the enjoyment of life.

WHEREFORE, Plaintiff, NANCY CAROL HAMON, prays for judgment against the Defendants, BIG PINE SHOPPING and WINN DIXIE, in an amount in excess of $15,000.00, and all taxable costs of this action.

## REQUEST FOR JURY TRIAL

The Plaintiff, NANCY CAROL HAMON, hereby requests trial by jury of all issues so triable as a matter of right.

McLUSKEY & McDONALD, P.A.
Attorneys for NANCY CAROL HAMON
The Barrister Building
8821 S.W. 69th Court
Miami, FL 33156
Telephone: (305) 662-6160
Facsimile: (305) 662-6164

By: _____
J. Lane Middleton, Esq.
Florida Bar No. 284769



-8-