January 4th, 2007

J. Adrian Barrow
P.O. Box 350423
Jacksonsville, Fl 32235-0423
Phone: (h) - 904-928-0579
© - 904-571-4696

**To: Messrs. D.J. Baker, James H. Post, Matthew Barr, & Clerk of Court**

D.J. Baker (djbaker@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Co-Counsel for Reorganized Debtors

F I L E D
JACKSONVILLE, FLORIDA

JAN 0 5 2007

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

James H. Post (jpost@smithhulsey.com)
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
Co-Counsel for Reorganized Debtors

Matthew Barr (mbarr@milbank.com)
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Counsel for The Post-Effective Date Committee

Clerk of the Court (For Filing Re: Winn-Dixie Stores, Inc., ET AL; CASE No. 05-03817-3F1)
United States Courthouse
300 North Hogan St.
Suite 3-350
Jacksonville, Florida 32202

CC:    HONORABLE JERRY A. FUNK
       UNITED STATES BANKRUPTCY COURT
       MIDDLE DISTRICT OF FLORIDA
       300 North Hogan Street, Courtroom 4D
       JACKSONVILLE DIVISION
       Jacksonville, Florida 32202
       In: re: WINN-DIXIE STORES, INC., ET AL.,
       CASE No. 05-03817-3F1
       Chapter 11

**SUBJECT:**
Filing Application for Claim Cure for J. Adrian Barrow:
Regarding My Original August 15, 2006 Objection To Winn-Dixie Stores, Inc. (Debtor) Submitting for Rejection of (i) the prepetition employment-related contract of former employee.

Dear Messrs. D.J. Baker, James H. Post, Matthew Barr, and Clerk of Court

I, J. Adrian Barrow, now file my application for payment of the Balance of my Claim Cure this date, January 4th, 2007 to be received no later than January 5th, 2007 per the instructions received by mail from Logan & Company, Claims & Noticing Agent.

In brief, on August 15, 2006, I filed my original Objection to the appropriate parties. The Honorable Judge Jerry A. Funk did remove my prepetition Executory Contract from the list of those to be rejected so as to be considered at a later date in order to move forward with the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors.

As information, I received Partial Cure of my Claim in the form of the new issue of Winn-Dixie stock. My Claim was for Full restitution as a "secured creditor" per my Contract.

As of today, January 4th, 2007, I have not received official notification from the Bankruptcy Court on the decision regarding my Claim. Respectfully, I look forward to receiving the Honorable Jerry A. Funk's decision.

For Convenience, I have attached my original Objection letter of August 15, 2006 and attachments regarding my Claim.

Regards,

J. Adrian Barrow

J. Adrian Barrow, SPHR

Attachments:
Attachment A - August 15, 2006 Objection letter
Attachment 1 - Copy of J. Adrian Barrow's January 2004 Executed Release Contract, Page 1
Attachment 2 - Copy of VP HR's letter of 12/15/03 confirming "secure" MSP & SRP Funds (2 pgs.)
Attachment 3 - Final amended SRP secured Remaining Claim No. 7349 of $227,244.34 (front)
Attachment 4 - Final amended MSP secured Remaining Claim No. 7339 of $237,218.00 (front)

August 15, 2006

J. Adrian Barrow
P.O. Box 350423
Jacksonville, Fl 32235-0423
Phone: (h) - 904-928-0579
© - 904-571-4696

**To: Messrs. D.J. Baker, James H. Post & Clerk of Court**

D.J. Baker (djbaker@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036

James H. Post (jpost@smithhulsey.com)
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Clerk of the Court (For Filing Re: Winn-Dixie Stores, Inc., ET AL; CASE No. 05-03817 – 3F1)
United States Courthouse
300 North Hogan St.
Suite 3-350
Jacksonville, Florida 32202

CC:    HONORABLE JERRY A. FUNK
       UNITED STATES BANKRUPTCY COURT
       MIDDLE DISTRICT OF FLORIDA
       300 North Hogan Street, Courtroom 4D
       JACKSONVILLE DIVISION
       Jacksonville, Florida 32202
       In: re: WINN-DIXIE STORES, INC., ET AL.,
       CASE No. 05-03817 – 3F1
       Chapter 11

**SUBJECT:**
Filing My Objection To Winn-Dixie Stores, Inc. (Debtor) Submitting for Rejection of (i) the prepetition employment-related contract of former employee...
J. Adrian Barrow/Contract – Release Agreement Executed January 5, 2004

Dear Messrs. Baker, Post, and Clerk of Court

I, J. Adrian Barrow, file my objection this date, August 15, 2006, to be received before 4:00 p.m. on August 17th, 2006 per your instructions. As I did not receive the notification letter of the desire of the Debtor to reject my prepetition contract (Release Agreement) until Wednesday afternoon, August 9, 2006, I am filing the objection on my own behalf, as there was not adequate time to do otherwise and meet your response deadline in a timely manner. This objection and support documents are also being sent to the Clerk of Court with a copy to the Honorable Jerry A. Funk.

To begin, Dedra Dogan, employed with Winn-Dixie Stores, Inc. in July 2003 as Vice-President of Human Resources for Corporate and Field, eliminated my position, Director of Human Resources, Field Operations in October, 2003. Ms. Dogan subsequently finalized my Release agreement from the Company, which provided that my retirement funds regarding my Supplemental Retirement Plan and Management Security Plan funds (i.e., SRP and MSP, respectively) would be "secure."

In support of my objection NOT to reject my contract, I present to D.J. Baker, James H. Post, the Clerk of the Court with a copy to the Honorable Jerry A. Funk the following pertinent documents attached, information, and reasons asking the Honorable Jerry A. Funk to give great consideration of the facts to uphold my contract, and treat my claim as a "secured creditor."

Attachment 1 – Copy of Executed Release of January 5, 2004, page one, paragraph #7 states as follows...

"7. If WINN-DIXIE is currently engaged in or subsequently becomes engaged in any business dealings which might negatively impact the SRP and MSP accounts of J. Adrian Barrow, said funds will be specifically excluded from the business dealings."

Attachment 2 – Dedra Dogan, Vice-President of Human Resources for Corporate and Field's confirmation letter of 12/15/03 to J. Adrian Barrow advising of Secure SRP and MSP, paragraph #4, second sentence and the next to last paragraph, second and third sentence states as follows...

(a) Letter's Paragraph #4, second sentence, "I will, however, add the paragraph you have requested which secures your SRP and MSP accounts from the business dealings which may have the potential to negatively impact either of those accounts."
(b) Letter's last paragraph, second and third sentence, "Please accept my apologies for the delayed response. The MSP and SRP requests required more research and input than previously expected."

Attachment 3 – Final amended SRP secured Remaining Claim No. 7349 of $227,244.34
Attachment 4 – Final amended MSP secured Remaining Claim No. 7339 of $237,218.00

Having over 20 years of business experience and performing contract negotiations, I submit that my Contract is legal, binding and enforceable. Therefore, I ask the Honorable Jerry A. Funk give great consideration NOT to reject my prepetition Contract for the reasons below. (These reasons may or may not be all-inclusive.)

1. Executed Release - The Release is a written contract executed between a Vice-President of the Debtor Company and an employee with over 30 years of combined service with Winn-Dixie in good faith and for consideration outlined therein which the Debtor makes the promise that said MSP and SRP funds will be excluded from any current or subsequent business dealings that would negatively impact these accounts.
2. Vice-President of Human Resources' Letter of 12/15/03 to J. Adrian Barrow - The Vice-President of Human Resources for Corporate and Field stated specifically in her letter of 12/15/03 to me states in Paragraph #4, second sentence, "I will, however, add the paragraph you have requested which secures your SRP and MSP accounts from the business dealings which may have the potential to negatively impact either of those accounts." This letter's next to last paragraph, second and third sentence, "Please accept my apologies for the delayed response. The MSP and SRP requests required more research and input than previously expected."
3. Business Dealing - Additionally, in fact, a Business Dealing did transpire by the action of the Debtor (Winn-Dixie) filing Bankruptcy whereby the Debtor failed to execute their duties and responsibilities of "specific performance" regarding the Release agreement item #7 restated as follows: "7. If WINN-DIXIE is currently engaged in or subsequently becomes engaged in any business dealings which might negatively impact the SRP and MSP accounts of J. Adrian Barrow, said funds will be specifically excluded from the business dealings."
4. Duty to Act - Upon the execution of said Release, the Company and its representatives became legally obligated to specifically perform their duties and responsibilities to ensure that these specific SRP & MSP funds were "secured" and excluded from such business dealings.
5. Release Agreement and Letter – these items provide the basis for qualifying my claims as a "secured creditor" collateralized by the Executed Release, and the supporting Vice-President

of Human Resources letter of 12/15/03 confirming and so stating the intent to secure these funds for J. Adrian Barrow.

6. Plan of Reorganization (POR) Submitted by Winn-Dixie To The Court - I located the proposed POR from the Logan & Company website. In it, the Company outlines its proposal to provide partial economic relief to those classified as retirees who are MSP and SRP participants as non-secured creditors through monetary payment and the issuance of New Company Stock. I also received a form letter addressed to Retirees who participated in SRP and MSP from Dedra Dogan, Group Vice-President of Human Resources, providing information on what the company plans to do for retirees in this regard. In addition to providing this partial form of relief to retirees, I may be the only one with a specific contract in place to address ensuring my MSP and SRP funds are "secured."
   a. Since Winn-Dixie has made available funds and/or issuing new stock (partial remedy) for those with retirement claims, it is acceptable that my claim/s be treated as a secured creditor for full monetary value of my MSP and SRP funds, not partial remedy, stated herein in a similar manner in accordance with my Release Agreement in order to resolve this matter.
7. Support of Family - With the Execution of my Release and retirement from the Company, the current and future retirement plans for my family and myself were made based on this agreement.
8. Remaining Claims - My secured SRP and MSP claims submitted and filed with Logan & Company are provided in Attachments 3 & 4 as aforementioned.

To recap, I was employed with Winn-Dixie for over 30 years, initially hired as a bag boy, earning promotions throughout store operations to Store Manager, subsequently promoted to Division Human Resources Manager, and later selected from among 12 Division Human Resources Managers to join Corporate Headquarters as the overall Company Human Resources Coordinator. My last position was the Director of Human Resources for Field Operations whereupon the elimination of my position, I had the assurance that my retirement SRP & MSP monies were fully secured.

In closing, I respectfully look forward to hearing from the Honorable Jerry A. Funk regarding my objection.

Regards,

s/ J. Adrian Barrow

J. Adrian Barrow, SPHR

Attachments:
Attachment 1 - Copy of J. Adrian Barrow January 2004 Executed Release Contract, Page 1
Attachment 2 - Copy of VP HR letter of 12/15/03 confirming "secure" MSP & SRP Funds (2 pgs.)
Attachment 3 - Final amended SRP secured Remaining Claim No. 7349 of $227,244.34 (front)
Attachment 4 – Final amended MSP secured Remaining Claim No. 7339 of $237,218.00 (front)

## RELEASE

This document sets forth certain understandings and agreements reached by and between J. Adrian Barrow acting on his own behalf (hereinafter referred to as "Associate" or "J. Adrian Barrow"), and WINN-DIXIE STORES, INC., including its affiliated companies, its officers, directors, agents, attorneys and employees (hereinafter referred to as "WINN-DIXIE").

Under the terms set forth in this Agreement, the Associate's position has been eliminated and his WINN-DIXIE employment will be terminated as of January 10, 2004. In consideration of an amicable end to their employment relationship, WINN-DIXIE, agrees to do the following upon the execution of this Release, some of which J. Adrian Barrow agrees WINN-DIXIE is not otherwise required to do. 

1. Continue to pay Associate's current monthly salary until January 9, 2004. The salary payment for January will be prorated.

2. Pay J. Adrian Barrow in a lump sum the equivalent of 26 weeks of pay in the total amount of $52,266.00 less legal and authorized deductions. No deductions will be made for 401(k), SRP or FSA.

3. At any time WINN-DIXIE is contacted by an employer or prospective employer of J. Adrian Barrow concerning him, WINN-DIXIE will only verify dates of employment and last position held.

4. WINN-DIXIE will not contest the application for any and all unemployment benefits he may be entitled to in accordance with applicable state unemployment laws and regulations.

5. WINN-DIXE will pay Lee Hecht Harrison to provide J. Adrian Barrow outplacement support through his participation in the Career Transition Seminar Program.

6. WINN-DIXIE will allow J. Adrian Barrow to draft a retirement article to be published in *The WINNing Spirit* employee periodical.

7. If WINN-DIXIE is currently engaged in or subsequently becomes engaged in any business dealings which might negatively impact the SRP and MSP accounts of J. Adrian Barrow, said funds will be specifically excluded from the business dealings.

In consideration for the foregoing special arrangements and other valuable consideration received from WINN-DIXIE, full receipt of which is hereby acknowledged and full acquittance and discharge therefor given, J. Adrian Barrow agrees to the following:

1. I, J. Adrian Barrow, on behalf of myself and any and all of my heirs, executors, legal representatives, agents and assigns, hereby release WINN-DIXIE and its related corporations and their officers, directors, shareholders, agents, employees, parents, subsidiaries, affiliates, successors, and assigns from any and all claims arising under the Age Discrimination in Employment Act of 1967, as amended, 29



ATTACHMENT 2

DEDRA DOGAN
VP Corporate & Field Human Resources

December 15, 2003

Mr. J. Adrian Barrow
P.O. Box 350423
Jacksonville, FL 32235-0423

Dear Adrian:

The following information is provided as a supplement to my verbal response to your memorandum dated *12/15/2003* (erroneously). I believe the actual date was 11/15/2003.

1. You have expressed the retirement date of January 10, 2004 is agreeable.

2. Upon our receipt of the signed Release on or before January 10, 2004, you will receive separation pay with only normal legal deductions applied. 401(k), SRP and FSA will not be deducted.

3. We are unable to approve your request for a lump-sum payout of your SRP funds due to your previous election of a 10-year distribution of those funds.

4. We are unable to approve your request to continue to pay MSP premiums for the balance of Fiscal Year 2004. I will, however, add the paragraph you have requested which secures your SRP and MSP accounts from the business dealings which may have the potential to negatively impact either of those accounts.

5. Upon our receipt of the signed Release, I will provide a Letter of Termination so you may participate in the benefit plans provided by your spouse's employer.

6. At any time over the course of the next month, you may provide a retirement article to me which I will submit to the Editor in Chief of the WINNing Spirit.

7. You have expressed the employment reference or inquiry wording is agreeable.

8. You have expressed the "unemployment" wording is agreeable.

WINN-DIXIE STORES, INC., 5050 EDGEWOOD COURT, P.O. BOX B, JACKSONVILLE, FLORIDA 32203-0297, PHONE (904) 783-5000

WD 22-244

9. Upon our receipt of your signed Release, we will engage the outplacement assistance of the Lee Hecht Harrison firm. Contact information and an explanation of services will be provided at that time.

10. Thank you for your openness to consulting with me on human resources matters. I will definitely keep your offer in mind.

The new deadline for the return of the signed document is January 10, 2004. Please accept my apologies for the delayed response. The MSP and SRP requests required more research and input than previously expected.

Enclosed you will find two copies of the third revision of the Release document for your review.

Sincerely,

Dedra

Enclosures

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ATTACHMENT 3

In re: ) Case No. 05-03817-3F1
)
WINN-DIXIE STORES, INC., et al., ) Chapter 11
)
Debtors.[1] ) Jointly Administered
)

## NOTICE OF DEBTORS' SECOND OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 AND 9014 TO CERTAIN (A) DUPLICATE CLAIMS AND (B) AMENDED AND SUPERSEDED CLAIMS

Creditor ID: WDX-403591-2B-94
BARROW, JEFFERY A
PO BOX 350423
JACKSONVILLE FL 32235-0423

Creditor ID: WDX-403591-2B
BARROW, JEFFERY A
PO BOX 350423
JACKSONVILLE FL 32235-0423

| CLAIM TO BE DISALLOWED & EXPUNGED | REMAINING CLAIM |
|---|---|
| Claim No.: 5743<br>Claim Amount: $227,244.34<br>Asserted Debtor: Winn-Dixie Stores, Inc.<br><br>Reason For Disallowance: Amended by Claim Listed in Remaining Claim Column. | Claim No.: 7349<br>Claim Amount: $227,244.34<br>Asserted Debtor: Winn-Dixie Stores, Inc. |

1. PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed on December 20, 2005 their Second Omnibus Objection Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 and 9014 to Certain (A) Duplicate Claims and (B) Amended and Superseded Claims (the "Objection") with the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

2. The Objection requests that the Bankruptcy Court expunge and disallow one or more of your claims listed above under CLAIMS(S) TO BE DISALLOWED & EXPUNGED on the ground that the claim was amended and superseded by another claim that is listed as the REMAINING CLAIM above. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not receive any distribution in these cases or the opportunity to vote on a chapter 11 plan with respect to such claim. The REMAINING CLAIM listed above is not affected by the Objection.

3. If you do NOT oppose the disallowance and expungement of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

4. If you DO oppose the disallowance and expungement of your claim (s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you MUST file and serve a written response to the Objection that is received on

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ATTACHMENT 4

In re:  ) Case No. 05-03817-3F1
)
WINN-DIXIE STORES, INC., et al., ) Chapter 11
)
Debtors.[1] ) Jointly Administered

## NOTICE OF DEBTORS' SECOND OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 AND 9014 TO CERTAIN (A) DUPLICATE CLAIMS AND (B) AMENDED AND SUPERSEDED CLAIMS

Creditor ID: WDX-406361-2B-MS
BARROW, JEFFERY A
PO BOX 350423
JACKSONVILLE FL 32235

Creditor ID: WDX-406361-2B
BARROW, JEFFERY A
PO BOX 350423
JACKSONVILLE FL 32235

| CLAIM TO BE DISALLOWED & EXPUNGED | REMAINING CLAIM |
|---|---|
| Claim No.: 5795<br>Claim Amount: $105,105.00<br>Asserted Debtor: Winn-Dixie Stores, Inc.<br><br>Reason For Disallowance: Amended by Claim Listed in Remaining Claim Column. | Claim No.: 7339<br>Claim Amount: $237,218.00<br>Asserted Debtor: Winn-Dixie Stores, Inc. |

1. PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed on December 20, 2005 their Second Omnibus Objection Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 and 9014 to Certain (A) Duplicate Claims and (B) Amended and Superseded Claims (the "Objection") with the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

2. The Objection requests that the Bankruptcy Court expunge and disallow one or more of your claims listed above under CLAIMS(S) TO BE DISALLOWED & EXPUNGED on the ground that the claim was amended and superseded by another claim that is listed as the REMAINING CLAIM above. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not receive any distribution in these cases or the opportunity to vote on a chapter 11 plan with respect to such claim. The REMAINING CLAIM listed above is not affected by the Objection.

3. If you do NOT oppose the disallowance and expungement of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

4. If you DO oppose the disallowance and expungement of your claim (s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you MUST file and serve a written response to the Objection that is received on

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.