FILED
JACKSONVILLE, FLORIDA

JAN 0 8 2007

CLERK, U.S. BANKRUPTCY COURT

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                  CASE NO. 05-03817-3F1

Winn-Dixie Stores, Inc., et al                          CHAPTER 11

Claim Arising Against Debtors Between February 21, 2005 and November 21, 2006

ID Number: A611207861-0001-01

## APPLICATION

This is my application for compensation of a claim from a fall at a Winn Dixie store in Meridian, Mississippi on my right side on August 21, 2006, which caused injury to my right shoulder, right knee, back, right ankle, right elbow, and I have neck and upper chest pain.

The claim was being handled through Sedgwick Claims Management Services, Inc. My last correspondence with Sedgwick was November 3, 2006, and I was not aware that the claim would not be handled through Sedgwick. I received a letter from Melanie Martin, CSA, Risk Management, Winn Dixie on September 15, 2006, and was not told about a necessity to file a claim through the bankruptcy. My claim number is A611207861. *I have a medical bill of $1,611.05 for the day I fell and it has not been paid.*

I still hurt a lot and need further medical care which I have not been able to afford and I have previously informed Winn Dixie about my continuing injury and need for medical care.

*Betty Turner*
Betty Turner
133 County Road 1401
Quitman, Mississippi 39355

CERTIFICATE OF SERVICE

I do hereby certify that I have this date faxed a true and correct copy of the above Application, Claim Arising Against Debtors Between February 21, 2005 and November 21, 2006 to James Post, Smith Hulsey & Busey, Fax: 904-359-7708 (attempted), email: jpost*hulsey*smith*hulsey*com*; and Matthew Barr, Milbank, Tweed, Hadley & McCloy, LLP, Fax: 212-822-5194.

This the 4th day of January, 2007.

Betty Turner
Betty Turner

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| In re: | Case No. 05-03817-3F1 |
|---|---|
| Winn-Dixie Stores, Inc., et al.,[1] | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

### NOTICE OF (A) ENTRY OF ORDER CONFIRMING PLAN OF REORGANIZATION, (B) OCCURRENCE OF EFFECTIVE DATE OF PLAN, AND (C) BAR DATES FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS

TO:    ALL PARTIES IN INTEREST

PLEASE TAKE NOTICE THAT:

1. On November 9, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") entered its Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order"). Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated August 9, 2006, as modified by the First Modification to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated October 10, 2006 (together, the "Plan"). Copies of the Confirmation Order and the Plan may be obtained by accessing http://www.loganandco.com or http://www.flmb.uscourts.gov.

2. The conditions to consummation of the Plan set forth in Section 10.2 of the Plan were satisfied (or waived) on November 21, 2006. Thus, in accordance with the terms of the Plan, the Plan became effective on November 21, 2006 (the "Effective Date"). All references in the Plan and the Confirmation Order to the Effective Date are to November 21, 2006.

3. In accordance with Section 12.1 of the Plan, subject to the provisions of paragraph 4 below, all requests for payment of an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006, (other than as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4, or 12.5 of the Plan) must be made by application filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors and the Post-Effective Date Committee **no later than January 5, 2007**, which is the date forty-five (45) days after the Effective Date. The filing of an application must be made via the Bankruptcy Court's electronic filing procedures (electronic filing is mandatory for all attorneys) or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202. The service of an application on counsel for the Reorganized Debtors must be made by delivery of a copy upon James Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: jpost@smithhulsey.com; and service of an application on counsel for the Post-Effective Date Committee must be made by delivery of a copy upon Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com. In the event that the Reorganized Debtors object to an application, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. **Subject to the provisions of paragraph 4 below, an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006 that is not asserted in an application filed and served no later than January 5, 2007, shall be forever barred and deemed waived and relinquished in full, and the Reorganized Debtors shall have no obligation to pay such Claim.**

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

4. Notwithstanding the provisions of paragraph 3, (a) no application seeking payment of an Administrative Claim or any Claim arising between February 21, 2005 and November 21, 2006 is required with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business; *provided, however,* that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; and (b) no application is required with respect to Cure owing under an executory contract or unexpired lease if the amount of Cure is fixed or proposed to be fixed by order of the Bankruptcy Court pursuant to a motion to assume and fix the amount of Cure filed by the Debtors and a timely objection asserting an increased amount of Cure filed by the non-Debtor party to the subject contract or lease.

5. In accordance with Section 12.2(a) of the Plan, all final requests for payment of Professional Fee Claims pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Reorganized Debtors, their counsel, counsel to the Creditors Committee or the Post-Effective Date Committee, the fee examiner, and other necessary parties-in-interest **no later than January 22, 2007**, which date is sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. No hearing shall be held on an application for a Professional Fee Claim until the fee examiner has completed and filed a report with respect to the Professional Fee Claim. Objections to such applications must be filed and served on the Reorganized Debtors, their counsel, and the requesting Professional or other entity on or before the date that is thirty (30) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the later of (i) the date on which the applicable application was served or (ii) the date on which the fee examiner's report with respect to the applicable Professional Fee Claim was filed.

Dated: December 6, 2006

| | |
|---|---|
| D. J. Baker<br>Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>Four Times Square, New York, New York 10036<br><br>Co-Counsel for Reorganized Debtors | Stephen D. Busey<br>James H. Post, Cynthia C. Jackson, Leanne Prendergast<br>SMITH HULSEY & BUSEY<br>225 Water Street, Suite 1800, Jacksonville, Florida 32202<br><br>Co-Counsel for Reorganized Debtors |

# IF YOU HAVE QUESTIONS CONCERNING THIS NOTICE, PLEASE CONTACT:

**TANA COPELAND**
**LEGAL ASSISTANT**
**SMITH HULSEY & BUSEY**
**PHONE: 904-359-7850**
**EMAIL: tcopeland@smithhulsey.com**

WDX-537344-EF-BA

**ID Number: A611207861-0001-01**

TURNER, BETTY
133 COUNTY ROAD 1401
QUITMAN MS 39355