FILED
JACKSONVILLE
FLORIDA

UNITED STATES BANKRUPTCY COURT

2007 JAN 10 A 10: 17

MIDDLE DISTRICT OF FLORIDA

U S BANKRUPTCY COURT
MIDDLE DISTRICT
OF FLORIDA

JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES,            Case No. 05-3817-3F1

    Debtor.
_____/

**ORIGINAL**

TRANSCRIPT OF PROCEEDINGS

    Hearing re: Twentieth Omnibus Objection to (a) Duplicate Different Debtor Claims and (b) Duplicate Liability Claims, filed Debtors, before the Honorable Jerry A. Funk, United States Bankruptcy Judge, to commence at 1:00 p.m., on Thursday, December 14, 2005, Courtroom 4D, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida, as reported by Gayle J. Featheringill, CVR-CM-PNSC, Notary Public, State of Florida at Large.

- - -

**STATEWIDE REPORTING SERVICE**
606 BLACKSTONE BUILDING
JACKSONVILLE, FLORIDA 32202
(904) 353-7706                    249-9952
EXPERTS IN MEDICAL, TECHNICAL & EXPEDITED TRANSCRIPTS

TABLE OF CONTENTS

PAGE

- -

E X H I B I T S

(None offered)

- - -

APPEARANCES

STEPHEN D. BUSEY, Esquire

ELENA KETCHUM, Attorney-at-law

- - -

P R O C E E D I N G S

1
2  December 14, 2006                                    1:40 p.m.
3                              - - -
4       THE COURT:  Twentieth Omnibus Objection to
5  Duplicate Different Debtor Claims and Duplicate
6  Liability Claims.
7       MR. BUSEY:  Your Honor, the Court heard
8  this Twentieth Omnibus Objection on October 5
9  and again on November 30, and by orders entered
10 on those dates has sustained the objection to
11 all claims other than those of E & A Financing
12 and Liquidity Solutions, which were continued
13 until today.
14      These two groups of claimants are landlords
15 who hold lease claims and guarantee claims and
16 who argued at the Confirmation Hearing that
17 their claims, their guarantee claims, should
18 not be disregarded in the manner proposed by
19 the Plan of Reorganization.
20      By this objection, we object to the
21 guarantee claims as being not allowable because
22 of the Plan of Reorganization.
23      This was originally continued before the
24 Confirmation Hearing because the resolution of
25 this objection would be determined by the

Case 3:05-bk-03817-JAF   Doc 14637   Filed 01/10/07   Page 4 of 8

4

1  confirmation.
2      And the Court has now considered the
3  confirmation, entered a confirmation order
4  approving the plan which, in effect, should
5  cause a disallowance to these guarantee claims
6  as being duplicate.
7      We understand that these claims are
8  appealing the confirmation order and have
9  whatever rights that will flow from that, but,
10 for the time being, the order has not been
11 stayed and operates as issue preclusion on this
12 issue, and we ask the Court, as you did last
13 time, with other objecting landlords, to enter
14 an order granting this objection.
15     THE COURT: Yes.
16     MS. KETCHUM: Good afternoon, Your Honor.
17 Elena Ketchum, from the law form of Stichter,
18 Riedel, Blain & Prosser, in Tampa.
19     I'm making an appearance for Liquidity
20 Solutions, Inc., and the E & A entities, of
21 which there are many. I won't name them now.
22 Villa Ricka Retail Properties, L.L.C.; Halpern
23 Enterprises, Inc., doing business as West
24 Ridge; and Bank of America as trustee of Betty
25 Holland, and the claims that flow from all

```
 1    those, which are listed both in the objection
 2    and, I believe in the proposed order to the
 3    exhibits.  And I won't go through the exercise
 4    of naming them all, since they're listed in
 5    there.
 6         The basis for the debtors' objection is the
 7    elimination of these guarantee claims pursuant
 8    to the deemed substantive consolidation, which
 9    was outlined in the plan and confirmed by order
10    of the Court.
11         There's no other basis for the objection to
12    these claims by the Liquidity Solutions or what
13    I'll call the E & A entities, which includes
14    all of those that I listed above.
15         In addition to the objections filed by
16    Liquidity and E and A to the claims on the
17    objection, those parties also filed objections,
18    as the Court is well aware, to the Disclosure
19    Statement, the plan, and confirmation of the
20    plan.
21         For the record, Your Honor, we would just
22    adopt the arguments that are set forth in the
23    written objections filed with the Court, both
24    to the omnibus objection, Disclosure Statement,
25    and plan, and those argued at the Confirmation
```

```
 1   Hearing.
 2        We understand that the arguments made at
 3   confirmation, the Court rejected those
 4   arguments, so we seek the remedy on the
 5   appellate level along with the confirmation
 6   order at this time.
 7        And we do -- the debtor is correct.  I
 8   think we've all agreed that the disallowance of
 9   this claim -- of these claims will not affect
10   or prejudice the rights of those who have
11   appealed the confirmation order.
12        MR. BUSEY:  Just so the record's clear,
13   Your Honor, as you noted in your own rulings,
14   there is in the plan no deemed substantive
15   consolidation.
16        THE COURT:  Right.  I was going to correct
17   that, but I think I'll stand on what I said in
18   writing and not say something that would
19   conflict today.  But that's my position; I
20   stand on that.
21        And for the same reason, I will sustain the
22   objection, and the claims are disallowed.  Look
23   to you for the order.
24        MS. KETCHUM:  Thank you, Your Honor.
25        THE COURT:  Thank you.  Glad to have you
```

```
1      over here.
2              MS. KETCHUM:  Thank you.
3                          (Whereupon, at 1:46
4                          o'clock p.m., on Thursday,
5                          December 18, 2006, the
6                          hearing in the above-
7                          entitled Matter was
8                          closed.)
9                                  - - -
```

# C E R T I F I C A T E

STATE OF FLORIDA  )
COUNTY OF DUVAL   )

      I, Gayle J. Featheringill, CVR-CM-PNSC, Certified Verbatim Reporter and Notary Public, State of Florida at Large, do hereby certify that the attached material represents the original Record of proceedings before the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division, before the Honorable Jerry A. Funk, United States Bankruptcy Judge, in the matter of WINN-DIXIE STORES, INC.; such Record is an accurate and complete recordation of the proceedings which took place. A transcript of this Record has been produced January 5, 2006, the original of which was delivered to the Records Custodian.

 

GAYLE J. FEATHERINGILL, CVR-CM-PNSC, Notary Public, State of Florida at Large.