UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., *et al.*,   CASE NO.: 05-03817-3F1

Reorganized Debtors.   Chapter 11

_____/   Jointly Administered

## MOTION TO ALLOW LATE FILED APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM JEANNE CELLI

Comes now, **Jeanne Celli,** ("Applicant"), by and through her undersigned counsel, and seeks leave of court to file a late application for allowance of an administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. §503(b). Applicant requests the entry of an Order allowing the late filing of the application for administrative expenses pursuant to the Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Motion, Applicant states as follows:

1. Applicant never received any notice about the deadline to file an application for administrative expenses or about the need to file such application.

2. Counsel for Applicant never received any notice about the deadline to file an application for administrative expenses with the Court or about the need to file such application.

3. On December 9, 2005, Counsel for Applicant provided written notice to Winn Dixie Claims Service that Applicant was represented by Counsel regarding her auto accident of September 7, 2005. *See* Affidavit of Jennefer Martinez, attached herein.

4. On or about October 13, 2006, Counsel sent a demand via certified mail to Winn Dixie's insurance company, Sedgwick Claims Management Services. *See* Affidavit of Jennefer Martinez, attached herein.

5. From November 9, 2006 to December 19, 2006, Counsel's legal assistant, Jennefer Martinez, communicated with Sedgwick Claims Management Services several times regarding the claim and the supporting medical records and bills. *See* Affidavit of Jennefer Martinez, attached herein.

6. It was not until January 10, 2007 that Domenii Gaglardi, from Sedgwick Claims Management Services, informed Counsel that an application for administrative expenses needed to be filed by January 5, 2007. *See* Affidavit of Jennefer Martinez, attached herein.

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting Applicant's Motion to allow the late filed claim or for such other relief as it deems just and proper.

Respectfully Submitted,

_____
JULIO C. MARTINEZ, JR.
Florida Bar No.: 0603181
Martinez, Manglardi & Diez-Arguelles, P.A.
903 N. Main Street
Kissimmee, FL 34744
(407)846-2240

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2007, I filed this MOTION TO ALLOW LATE FILED APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM through the CMIECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; Matthew Barr, Esq., Counsel for the Post-Effective Date Committee, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 and all other parties participating in the CM/ECF System, all served electronically.

_____
JULIO C. MARTINEZ, JR.
Florida Bar No.: 0603181
Martinez, Manglardi & Diez-Arguelles, P.A.
903 N. Main Street
Kissimmee, FL 34744
(407)846-2240

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., *et al.*,

Reorganized Debtors.

_____/

CASE NO.: 05-03817-3F1

Chapter 11

Jointly Administered

## APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
## JEANNE CELLI

Comes now, **Jeanne Celli**, ("Applicant"), by and through her undersigned counsel, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. §503(b). Applicant requests the entry of an Order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

### JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334. Venue is proper pursuant to 28 U.S.C. §157(b)(2).

### FACTUAL BACKGROUND

8. Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

9. After the Petition Date and on or about September 7, 2005, Applicant was injured at the Winn-Dixie (Save Rite) store No. 2660, located on West Vine Street, in Kissimmee, Florida. As a proximate result of the injury, Applicant has suffered

3

damages totaling at least $100,000, which damages Applicant can support through medical records and other proof.

APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

10. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate. 11 U.S.C. §503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. See Reading Co. v. Brown, 391 U.S. 471, 485 (holding that post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); In re Piper Aircraft Corp., 169 B.R. 766 (Bank. S.D. Fla 1994).

11. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's $100,000 claim is entitled to administrative expense status under 11 U.S.C. §503(b), and Applicant seeks the entry of an order awarding such status.

REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

    Julio C. Martinez, Jr.,
    Attorneys Trial Group
    903 N. Main St.
    Kissimmee, FL 34744

4

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully Submitted,

*/s/ Julio C. Martinez, Jr.*

JULIO C. MARTINEZ, JR.
Florida Bar No.: 0603181
Martinez, Manglardi & Diez-Arguelles, P.A.
903 N. Main Street
Kissimmee, FL  34744
(407)846-2240

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2007, I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE through the CMIECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; Matthew Barr, Esq., Counsel for the Post-Effective Date Committee, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 and all other parties participating in the CM/ECF System, all served electronically.

*/s/ Julio C. Martinez, Jr.*

JULIO C. MARTINEZ, JR.
Florida Bar No.: 0603181
Martinez, Manglardi & Diez-Arguelles, P.A.
903 N. Main Street
Kissimmee, FL  34744
(407)846-2240

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., *et al.*,

CASE NO.: 05-03817-3F1

Reorganized Debtors.

Chapter 11

_____/   Jointly Administered

## AFFIDAVIT OF JENNEFER MARTINEZ

The undersigned, being first duly sworn, states that:

1. Since Jan 31, 2005 until present, I have worked as a paralegal to Julio C. Martinez, Esq., 903 N. Main St., Kissimmee, Florida 34744.
2. On December 9, 2005, we sent a letter to Winn Dixie Claims Service advising that we represented Mrs. Celli. See letter attached hereto as Exhibit A.
3. On December 29, 2005, we received correspondence from Sedgwick Claims Management Services, Inc. letting us know that Save Rite, Winn Dixie, Store #: 2660 was self insured for $2,000,000.00, as well as a request for medical authorization, wage loss authorization, and permission to obtain statement from client, Jeanne Celli. See letter attached hereto as Exhibit B.
4. On or about October 13, 2006, we sent a demand to Sedgwick Claims Management Services, P.O Box 24787, Jacksonville, FL 32241-4787. Demand was signed for by Gene Goldbolt at Sedgwick Claims Management Services on October 23, 2006. See demand attached hereto as Exhibit C.
5. On November 9, 2006, we received a call from Domenii Gaglardi, from Sedgwick Claims Management Services, Inc. She requested the bills documented on the lien ledger for Blue Cross Blue Shield.
6. On November 22, 2006, we mailed a letter to Sedgwick Claims Management Services, Inc.with attached bills and EOB's by certified mail, return receipt requested. The letter was signed for on November 28, 2006, by Gene Goldbolt at Sedgwick Claims Management Services, Inc. See letter attached hereto as Exhibit D.
7. On November 29, 2006, we received a call from Domenii Gaglardi, from Sedgwick Claims Management Services, Inc. informing us that she needed more information to finish the evaluation of the claim. Specifically, she needed the Mediquip prescription.
8. On December 19, 2006, we faxed to Domenii Gaglardi the prescription list and explanation of the Mediquip bill. See letter attached hereto as Exhibit E.
9. On January 9, 2007, we left message for Domenii Gaglardi to check on case status.
10. On January 10, 2007, we received a phone call from Domenii Gaglardi in which she informed us for the first time that we are barred from recovery if we did not file the application for administrative expenses by January 5, 2007. She stated that she did not find out until November 15, 2006 and we had not spoken after that. I informed her that

we have a note of our conversation on November 29, 2006, in which she requested more information but said nothing of the deadline for filing the claim.

DATED this __10__ day of January 2007

Jennefer Martinez
Attorneys Trial Group
903 N. Main Street
Kissimmee, Florida 34741
(470) 846-2240

STATE OF FLORIDA
COUNTY OF OSCEOLA

    The foregoing instrument was acknowledged before me this __10th__ day of January 2007, by __Jennefer Martinez__, who is personally known to me or who has produced _____ as identification and who did (did not) take an oath.

Magaly Bennett
Notary Public



Magaly Bennett
My Commission DD182289
Expires March 28, 2007



# ATTORNEYS
## TRIAL GROUP
*Martinez, Manglardi, Diez-Arguelles & Tejedor*

Julio C. Martinez, Jr.
Attorney at law

December 9, 2005

Winn Dixie Claims Service
P. O. Box 24787
Jacksonville, FL 32241-4787

    RE:    Our Client    :    Jeanne Celli
             Your Insured :    Save Rite
             D/Accident    :    09/07/2005

Dear Sir or Madam:

Please be advised that we have been retained to represent Mrs. Jeanne Celli with regard to the above-referenced claim.

Pursuant to Florida Statute § 627.4137, we would appreciate you providing us with the following information with regard to your insured's policy:

    a.    Name of insurers;
    b.    Name of insured(s);
    c.    Limits of liability;
    d.    A copy of the policy;
    e.    Any coverage defenses that the insurer may believe or has reason to believe may be available to the at the time of this statement;
    f.    Any and all statements taken of my client; and
    g.    Copy of the waiver of the signed rejection form for uninsured motorist coverage.

We look forward to receiving the above-mentioned information. Also, please refrain from any further contact with our client, and direct any and all inquiries to the attention of the undersigned. Thank you for your attention to this matter.

Sincerely,

Julio C. Martinez, Jr.

JCM\sc

Exhibit "A"

903 North Main Street • Kissimmee, Florida 34744 • Telephone (407) 846-2240
www.attorneystrialgroup.com



## Sedgwick

Sedgwick Claims Management Services, Inc.
P.O. Box 24787, Jacksonville, Fl. 32241-4787
Telephone 904-419-5345  Facsimle 904-419-5365

December 29, 2005

Attorneys Trial Group
Attn: Julio C. Martinez, Jr. Esquire
903 North Main Street
Kissimmee, Florida 34744

Re:  Date of Incident  : 9/7/2005
     Your Client       : Jeanne Celli
     Claim #           : A511211671
     Location          : Winn Dixie Store # 2660    1532 W. Vine Street
                                                    Kissimmee, Florida 34741
     Division          : Save Rite 33

Dear Mr. Martinez:

I acknowledge your letter of representation regarding     Jeanne Celli
Sedgwick Claims Management Services, Inc. is the third-party administrator of claims for Winn-Dixie Stores, Inc. Winn-Dixie is self-insured for Premises Liability with a $2,000,000.00 retention. There is no Premises Medical Payments coverage to pay expenses as incurred. If Winn Dixie has any liability they will only make a onetime liability payment when a settlement is reached.

I am the examiner assigned to this claim. Please provide a status as to your client's treatment and medical progress with medical records and bills to date. To verify medical information and obtain information on any past injury, Winn Dixie requests we obtain a medical authorization from your client. Please have your client complete the medical authorization form enclosed and return it to me with a list of names and address of all medical providers who have seen or treated your client for this incident. If your client is claiming lost wages I need to verify the claim with his/her employer(s). Please have your client complete the Wage Authorization form and provide information as to his/her employer(s).

Liability is not clear at this time. Winn Dixie requires that I obtain your clients statement before they can make any decisions regarding liability. Please advise me of a convenient time for your client to do this over the phone. If your client has already provided us with a recorded statement please disregard. Should you fail to provide this information our liability decisions will be based solely upon the limited information available to us.

Thank you for your assistance and cooperation.

Sincerely,

*Richard J. Law*

Richard J. Law
General Liability Examiner
Encl.

Obtaining the medical & wage information is for the purpose of evaluating your claim and does not assume liability on Winn-Dixie or Sedgwick Claims Management Services, Inc. to pay or reimburse an expenses incurred as a result of this incident.

exhibit E

# ATTORNEYS
## TRIAL GROUP
*Martinez, Manglardi, Diez-Arguelles & Tejedor*

Julio C. Martinez, Jr.
*Attorney at law*

October 13, 2006

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
70060810000103471594

Richard Law
Sedgwick Claims
P. O. Box 24787
Jacksonville, FL 32241-4787

| | | |
|---|---|---|
| RE: | Our Client: | Jeanne Celli |
| | Insured: | Save Rite, Store # 2660 |
| | Claim No: | A511211671 |
| | D/Accident: | 09/07/2005 |

Dear Mr. Law:

Please be advised that we are now in a position to recommend that our client, Jeanne Celli, accept the sum of $100,000.00 to settle her outstanding liability claim against your insured, Save Rite.

Liability for this accident lies solely with Save Rite. On September 7, 2005, Mrs. Celli was a Save Rite's customer walking through the ice cream isle, when she slipped on a puddle of water that seeped from a freezer and fell to the floor. Save Rite failed to maintain the property and reasonably safe condition and negligently failed to warn customers of the dangerous condition.

Initially, Mrs. Celli thought her symptoms would subside with rest and over the counter pain medication. However, by September 14, 2005, her symptoms had worsened to the point where she presented to Mark J. Round, M.D at Osceola Physician Management in Kissimmee, Florida. At that time her chief complaints were back pain, and neck pain with radiating symptoms. Dr. Round examined Mrs. Celli, placed a back brace, prescribed pain medication, and recommended that she undergo radiological studies, and consult with an Orthopaedic physician.

On October 11, 2005, Mrs. Celli presented to Paul Maluso, M.D at Regional Orthopaedic Associates in Kissimmee, Florida. At that time her chief complaints were low back pain with extreme spasms, pain in her neck, and numbness that goes down into her right arm and right shoulder. Dr. Maluso examined Mrs. Celli and diagnosed a cervical sprain/strain, lumbosacral sprain/strain, status post T12 kyphoplasty and T5 vertebroplasty, and degenerative disc disease of the lumbar spine. Dr. Maluso recommended that she undergo a bone scan to rule out a compression fracture, as well as other radiological studies, and follow up with him when results are ready, and also to undergo an extensive course of physical therapy. Enclosed please find a copy of the medical records from Regional Orthopaedic Associates.

Exhibit "C"

On October 27, 2005, Mrs. Celli presented to Osceola Regional Medical Center as recommended by Dr. Maluso to undergo a whole body bone scan. The bone scan revealed a **"mild increase in activity in T12 consistent with the history of vertebroplasty."** Enclosed please find a copy of the radiology report from Osceola Regional Medical Center.

On November 18, 2005, Mrs. Celli presented to Mid-Florida Imaging as recommended by Dr. Maluso to undergo an MRI of the cervical and lumbar spine. The MRI of the cervical spine revealed a **"C4-5 level osteophyte narrowing right neural foramen, C5-6 osteophyte narrowing right neural foramen."** The MRI of the lumbar spine revealed a **"chronic appearing anterior wedging of the T12 vertebra, T10-11, T11-12, and L1-2 loss of disc eight and hydration, L2-3 disc bulge in combination with and ligamentum flavum producing central stenosis, L3-4 slight posterolisthesis of L3 on L4 with disc bulge and hypertrophy of facets, L4-5 disc bulge and spondylosis flattening anterior thecal sac and in combination with facet arthropathy producing bilateral neural foramen stenosis."** Enclosed please find a copy of the radiology reports from Mid-Florida Imaging.

On November 28, 2005, Mrs. Celli presented to Stuart Farber, M.D to undergo an EMG nerve conduction study. The EMG study revealed a **"prolongation of the right median sensory peak latency, reduced amplitude and slow CV indicating mild carpal tunnel syndrome."** Enclosed please find a copy of the EMG study.

On January 12, 2006, Mrs. Celli followed up with Dr. Maluso. Dr. Maluso discussed with her various options, and recommended and administered an epidural block injection of the cervical spine. Enclosed please find Dr. Maluso's office note of January 12, 2006.

As a result of the accident of September 7, 2005, Mrs. Celli has incurred the following medical expenses:

| | |
|---|---|
| Stuart Farber, M.D | $525.00 |
| Osceola Regional Medical Center | $2,894.25 |
| Osceola Radiology Associates | $125.00 |
| Mark J. Round, M.D | $654.00 |
| Paul Maluso, M.D | $1,903.66 |
| Mid-Florida Imaging | $2,523.26 |
| **TOTAL:** | **$8,625.17** |

Enclosed please copies of the bills and lien ledger documenting the above medical expenses. Please be advised that Mrs. Celli carried health insurance with Blue Cross Blue Shield at the time of the accident, and as such a lien has been imposed in the **amount of $4,022.65.** In light of the injuries sustained, Mrs. Celli will continue to incur medical expenses in the future.

No wage loss claim will be presented at this time.

exhibit C

Sedgwick Claims
Page-2-
Re: Jeanne Celli

    We trust you now possess everything necessary to properly evaluate this claim. In light of the circumstances, we believe our demand is more than reasonable. Certainly, a jury would value this claim far in excess of the demanded sum. We therefore trust you will remit a draft in the amount of $100,000.00 within thirty (30) days from the date hereof. A full release will be executed, however, the demand is non-negotiable and the release is not in any way to include any type of hold harmless and/or indemnification language or clauses.

    Thank you for your attention to this matter.

Very truly yours,

Julio C. Martinez, Jr.

JCM/jm
Enclosures

cc: Jeanne Celli

exhibit C



exhibit C



# ATTORNEYS
## TRIAL GROUP
*Martinez, Manglardi, Diez-Arguelles & Tejedor*

*Julio C. Martinez, Jr.*
*Attorney at law*

November 22, 2006

Domenii Gaglardi
Winn Dixie Claims Service
P. O. Box 24787
Jacksonville, FL 32241-4787

Re:  Our Client    :   Jeanne Celli
     D/Accident    :   09/07/2005
     Your Insured  :   Save Rite
     Claim No.     :   A511211671

Dear Mrs. Gaglardi:

Pursuant to our conversation of November 9, 2006, enclosed please find Blue Cross Blue Shield Explanation of Benefits documenting the medical expenses related to the above referenced claim.

Mrs. Celli's medical expenses are as follows:

| MEDICAL PROVIDER: | DOS: | CHARGES: |
|---|---|---|
| Paul Maluso, M.D | 10/11/05, 10/31/05, 11/4/05, 11/9/05, 11/21/05, 11/16/05, 11/30/05, 12/05/05, 12/08/05, 12/14/05, 12/19/05, 01/06/06, 01/11/06, 01/12/06, 01/18/06 | $3,098.00 |
| Mid-Florida Imaging | 11/18/05 | $2,523.26 |
| Mark Round, M.D | 09/14/05, 11/22/05 | $190.00 |
| Stuart Farber, M.D | 11/28/05 | $525.00 |
| Medequip, Inc. | 1/12/06 | $350.00 |
| Osceola Regional Medical Center | 10/27/05 | $2,894.25 |
| Osceola Radiology Assoc. | 10/27/05 | $125.00 |
| Prescriptions | (Pay to subscriber/BCBS) | $1,869.38 |
| **TOTAL:** | | **$11,574.89** |

Enclosed please also find Blue Cross Blue Shield's lien ledger in the amount of $4,082.81. The pay to subscriber listed on the ledger is the prescriptions for Mrs. Celli. She used Target Pharmacy, which is not in the plan's network; therefore she would pay the bill and then get reimbursed. Please also note that she had a $1,000.00 deductible, which was applied to four dates of service charges for Dr. Maluso.

We trust you now possess everything necessary to properly evaluate this claim. Please contact me upon receipt of this letter so that we may discuss an amicable resolution so this matter.

Thank you for your attention in this regard.

Sincerely,

*Jm (for)*
*Julio C. Martinez, Jr.*

JCM/jm

---

903 North Main Street • Kissimmee, Florida 34744 • Telephone (407) 846-2240
www.attorneystrialgroup.com

Exhibit B

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

**For delivery information visit our website at www.usps.com**

7005 1820 0006 4816 3416

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, June 2002 — See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Winn Dixie Clowns
P.O. Box 24787
Jacksonville, Fl.
32241

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Kim Hollett_   ☐ Agent ☐ Addressee

B. Received by (Printed Name)  GENE GOSS   Date of Delivery NOV 28 20

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)
7005 1820 0006 4816 3416

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M

exhibit D



**ATTORNEYS TRIAL GROUP**
*Martinez, Manglardi, Diez-Arguelles & Tejedor*

*Julio C. Martinez, Jr.*
*Attorney at law*

# FACSIMILE TRANSMITTAL

DATE:     Thursday, December 19, 2006

TO:        Domenii Gaglardi

RECIPIENT'S FACSIMILE NO.:  1- 904-419-5365

FROM:    Jennefer Martinez @ Attorneys Trial Group

RE:        Jeanne Celli     Claim #: A511211671

# OF PAGES TO FOLLOW:   3 pages

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via regular U.S. mail. Thank you.

COMMENTS:

Attached please find the prescription print out from Mrs. Celli's pharmacy, Target. The prescriptions underlined are the medications that apply to her accident. Please note that the Mediquip bill pertains to a back brace that was prescribed by Dr. Maluso. His office ordered the back brace and Mrs. Celli picked up the brace when it arrived at his office. I have requested the prescriptions, and back brace request from Dr. Maluso and left several messages and I have yet to receive them. I do not wish to delay this claim any longer and feel that you have everything needed to evaluate this claim. Please call me upon receipt of this fax to further discuss an amicable resolution to this matter. Thank you for your attention in this regard.

Thanks, Jennefer Martinez

*Exhibit 'E'*

P. 1

\* \* \* Communication Result Report ( Dec. 19. 2006 12:05PM ) \* \* \*

1) Attorneys Trial Group
2)

Date/Time: Dec. 19. 2006 12:01PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 9991 | Memory TX | 19044195365 | P. 4 | OK | |

Reason for error
E. 1) Hang up or line fail          E. 2) Busy
E. 3) No answer                     E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

## ATTORNEYS
### TRIAL GROUP
Martinez, Manglardi, Diez-Arguelles & Tejedor

Julio C. Martinez, Jr.
Attorney at law

### FACSIMILE TRANSMITTAL

DATE:  Thursday, December 19, 2006

TO:  Domenli Gaglardi

RECIPIENT'S FACSIMILE NO.:  1- 904-419-5365

FROM:  Jennefer Martinez @ Attorneys Trial Group

RE:  Jeanne Celli    Claim #: A511211671

# OF PAGES TO FOLLOW:  3 pages

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via regular U.S. mail. Thank you.

COMMENTS:

Attached please find the prescription print out from Mrs. Celli's pharmacy, Target. The prescriptions underlined are the medications that apply to her accident. Please note that the Mediquip bill pertains to a back brace that was prescribed by Dr. Maluso. His office ordered the back brace and Mrs. Celli picked up the brace when it arrived at his office. I have requested the prescriptions, and back brace request from Dr. Maluso and left several messages and I have yet to receive them. I do not wish to delay this claim any longer and feel that you have everything needed to evaluate this claim. Please call me upon receipt of this fax to further discuss an amicable resolution to this matter. Thank you for your attention in this regard.

Thanks,  Jennefer Martinez

903 North Main Street • Kissimmee, Florida 34744 • Telephone (407) 846-2240
www.attorneystrialgroup.com

exhibit E