UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.                Case No.: 3-05-bk-3817 (JAF)

Debtors.                                        Chapter 11

_____/                Jointly Administered

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
Beverly Jones

Comes Now Beverly Jones ("Applicant") through the undersigned attorney, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. §503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the plan as Confirmed. In support of this Application, Applicant states as follows:

### TIMELINESS

1. Beverly Jones was injured as result of a slip and fall accident at a Winn Dixie in Lauderhill, Florida, on Sunday, February 5, 2006. Her injuries were such that she required emergency transportation to the hospital from the floor of the store. Beverly Jones, through undersigned counsel, notified Winn Dixie of her loss on in writing on February 7, 2006. A written demand was submitted on June 6, 2006, following which time undersigned counsel and the adjuster Winn Dixie, Inc. assigned to this claim, Felicia Holland, GL Claims Examiner II, Sedgwick Claims

1

Management Services, Inc., began active negotiations. At no time did the negotiations cease. On January 9, 2007, undersigned counsel contacted Adjuster Holland by telephone to continue the negotiations of Ms. Jones's bodily injury claim. Adjuster Holland advised that undersigned counsel should have received paperwork from regarding from the bankruptcy court, and directed undersigned counsel to contact Tana Copeland, Legal Assistant to Smith, Hulsey & Busey. In contacting Smith, Hulsey & Busey, paralegal Kim Ward e-mailed a copy of the Notice of (A) Entry of Order Confirming Plan or Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims to undersigned counsel, who had not seen said Notice. It is firmly believed that said Notice was received at undersigned counsel's office on or about December 12, 2006, and was inadvertently and accidently shredded with a copy of a draft of undersigned counsel's first Federal Brief in an unrelated matter before being read or placed on the diary as more fully described in Beverly Jones's Motion for Enlargement of Time to File a Proof of Claim under Rule 9006(b)(1), and for an Order Accepting her Claim as Timely Filed.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1344. Venue is proper pursuant to 28 U.S.C. §157(b)(2).

## FACTUAL BACKGROUND

3.      Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

4.      After the Petition Date and on or about February 5, 2006, Applicant was injured at the Winn-Dixie located at 1531 Northwest 40 Avenue, Lauderhill, Florida. As a proximate result

of the injury, Applicant has suffered damages totaling at least $65,000.00, which damages Applicant can support through medical records and other proof.[1]

### APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

5.  Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual necessary costs and expenses of preserving the estate...". 11 U.S.C. § 503(b). it is well-established that personal injury claims arising form a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown*, 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr. S.D. Fla 1994).

6.  In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim totaling at least $65,000.00 is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

### REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

> Julie A. Hager, Esq.
> 7 SW 11 Court
> Ft. Lauderdale, FL 33315
> E-mail: JAHager@bellsouth.net

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order

---

[1] Applicant's damages may not be fully liquidated at this time.

granting the relief requested herein and such other relief as it deems just and proper.

Respectfully Submitted,

*Julie A. Hager*

Julie A. Hager, Esq.
Florida Bar No. 042048
7 SW 11 Court
Ft. Lauderdale, FL 33315
Telephone: (954) 764-8100
Facsimile: (954) 467-0370
E-mail: Jahager@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2007 I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for Reorganized Debtors, Smith Hulsey & Busey, by U.S. Mail, facsimile, and e-mail to: 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: jpost@smithhulsey.com, and Counsel for the Post-Effective Date Committee, Matthew Barr, Esq., Milbank, Tweed, Hadley & McCloy LLP, by U.S. Mail, facsimile, and e-mail to: 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com, and all other parties participating in the CM/ECF System, all served electronically.

*Julie A. Hager*

Julie A. Hager, Esq.
Florida Bar No. 042048
7 SW 11 Court
Ft. Lauderdale, FL 33315
Telephone: (954) 764-8100
Facsimile: (954) 467-0370
E-mail: Jahager@bellsouth.net