UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.                Case No.: 3-05-bk-3817 (JAF)

Debtors.                                        Chapter 11

_____/                Jointly Administered

### MOTION OF BEVERLY JONES FOR ENLARGEMENT OF TIME TO FILE A PROOF OF CLAIM UNDER RULE 9006(b)(1) AND FOR ORDER ACCEPTING CLAIM AS TIMELY FILED

Comes Now, Beverly Jones (alternatively "Claimant"), by and through her undersigned counsel, and pursuant to 11 U.S.C. Section 105 and Fed. R. Bankr. P. 3003(b) and 9006(c), hereby moves this Court for entry of an order permitting her to file a proof of claim after the bar date for post-petition claims under Rule 9006(b)(1), and further, that it deem such proof of claim against Debtor Winn-Dixie Stores, Inc. ("Winn-Dixie") as timely filed.

### BACKGROUND

1. On or about February 5, 2006, Applicant was injured at a Winn-Dixie located at 1531 Northwest 40 Avenue, Lauderhill, Florida. While walking through the store, she slipped and violently fell to the ground as a proximate result of the negligence of the Winn-Dixie entity operating the store in not keeping the premises reasonably safe. Her injuries were such that she required emergency transportation to the hospital. As a result of the

injury, Applicant has suffered damages totaling at least $65,000.00, which damages Ms. Jones can support through medical records and other proof.

2.   Beverly Jones, through undersigned counsel, notified Winn Dixie of her loss in writing on February 7, 2006. A written demand was submitted on June 6, 2006, following which the adjuster Winn Dixie, Inc. assigned to this claim, Felicia Holland, GL Claims Examiner II, Sedgwick Claims Management Services, Inc., and undersigned counsel began active negotiations. At no time did the negotiations cease. On January 9, 2007, undersigned counsel contacted Adjuster Holland by telephone to continue the active negotiations of Ms. Jones's bodily injury claim. Adjuster Holland advised that undersigned counsel should have received paperwork from the bankruptcy court, and directed undersigned counsel to contact Tana Copeland, Legal Assistant to Smith, Hulsey & Busey. In contacting Smith, Hulsey & Busey, paralegal Kim Ward e-mailed a copy of the Notice of (A) Entry of Order Confirming Plan or Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims to undersigned counsel, who had not seen said Notice (hereinafter, "the Notice").

## MEMORANDUM OF LAW

3.   "Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure empowers a Bankruptcy Court to grant a motion for late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick*

*Assoc. Ltd. P'ship*, 507 U.S. 380 (1993). The aim of reorganization under Chapter 11 of the Code is rehabilitating a debtor and avoiding forfeitures by creditors. *Id.* at 389. Courts are entrusted to accept tardy filings in accordance with the equities of the situation to further the public policy of preserving rather than forfeiting rights. *Id.* at 390. "Bankruptcy courts are courts of equity. The excusable neglect standard of Rule 9006(b)(1) is part of the equitable framework within which the bankruptcy courts operate." *In re Dennis Chira*, 343 B.R. 361, 371 (Bankr. S.D. Fla. 2006). Rule 9006(b)(1) grants a reprieve to out-of-time filings that were delayed because of negligence. *Pioneer*, 507 U.S. at 388.

4.  A claim filed after a bar date will be deemed timely filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *Banco Latino Int'l v. Lopez (In re Banco Latino Int'l)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993)). See also, *In re Pappalardo*, 210 B.R. 634, 647-48 (Bankr. S.D. Fla. 1997). Excusable neglect is an equitable determination that takes into account all of the circumstances of the particular case. *Pioneer*, 507 U.S. at 395. Considerations include: (a) reason for the delay and whether it was in control of claimant; (b) length of delay and potential impact on judicial proceedings; (c) danger of prejudice to debtor, and (d) whether the claimant acted in good faith. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). Excusable neglect encompasses situations caused by "inadvertence, mistake, or carelessness, as well by intervening circumstances beyond the party's control." *Pioneer,* 507 U.S. at 395. Excusable neglect may be extended

to inadvertent delays, and is a somewhat "elastic concept." *Id.* at 392. It is not limited strictly to omissions caused by circumstances beyond the control of the movant. *Id.* The flexible approach to excusable neglect under F.R.B.P. 9006(b) comports with the underlying policies under Chapter 11 which emphasize negotiation and reorganization. *In re Pappalardo,* 210 B.R. 634, 646 (Bankr. S.D. Fla. 1997).

5. In the case of *In re Broadmoor Country Club & Apartments*, 158 B.R. 146 (Bankr. W.D. Mo. 1993), the court held that the failure to file a timely proof of claim was the result of excusable neglect warranting an extension of time to file under Bankruptcy Rule 9006, although the error and delay were entirely within reasonable control of the creditor's counsel. The proof of claim was filed only eight days late, the debtor was not prejudiced because there was no adverse impact on the court's administration, and the creditor's good faith was not questioned because excusable neglect is not limited to those circumstances where untimely filing is due to circumstances beyond an attorney's control. The almost identical circumstances apply here, except Beverly Jones' proof of claim was filed only five days (three business days) late.

## REASON FOR THE DELAY

6. Upon investigation and belief, the Notice was received at undersigned counsel's office on or about December 12, 2006, and was set on her desk for her review. (Beverly Jones faxed a copy that she received on or about the same time, and the copy was attached to the Notice received from counsel for Winn Dixie.) Undersigned counsel, her

school aged children, and her husband were extremely ill that week. While staying up into the night, and staying home during the day with sick children, undersigned counsel was trying to finish her first Federal brief in an unrelated matter, and, as a sole practitioner, manage her law office. It is firmly believed that said Notice was inadvertently and accidently shredded with a copy of a draft of undersigned counsel's first Federal brief in an unrelated matter before being read or placed on the diary. (Typically deadlines are diaried by undersigned counsel's paralegal, however, because undersigned counsel does not practice bankruptcy whatsoever, her paralegal was unfamiliar with the diary requirements, and instead placed the Notice on undersigned counsel's desk with a copy of a rough draft of the brief that was then in progress.) Admittedly, the only relevance in detailing the reason for the delay is to demonstrate the lack of bad faith on behalf of undersigned counsel and her client.

7. Undersigned counsel did not learn of the deadline until contacting Adjuster Holland for routine negotiations on January 9, 2007.

**LENGTH OF DELAY AND POTENTIAL IMPACT ON JUDICIAL PROCEEDINGS**

8. The length of delay in this case is minimal (the bar date was Friday, January 5, 2007); this motion is being filed five days (three business days) later. Beverly Jones's case will not disrupt the judicial process. Winn Dixie has known about her claim since the day of the accident when it summoned emergency medical assistance for Beverly Jones. The judicial proceedings in this case will not be affected substantially, if at all, if the Court grants this Motion. Given the complexity of the proceedings before the Court, allowing Ms. Jones

to file her claim will not delay or further complicate the proceedings.

## PREJUDICE TO THE DEBTORS

9.    There can be little, if any, prejudice to Winn-Dixie Stores. Beverly Jones has always fully cooperated with Winn Dixie and its adjustment company, Sedgwick Claims Management Services, Inc. Under the confirmed Plan of Reorganization, "payment" on Ms. Jones's claim will be in the form of shares of the reorganized Debtor entity. The addition of Beverly Jones's claim will not add any expense to the Debtors. Ms. Jones will still be able to participate properly in the claims resolution process, and the granting of this Motion will not deprive Winn-Dixie Stores of its ability to object to Ms. Jones's claim on it merits.

## GOOD FAITH OF MOVANT

10.    This Motion and Beverly Jones's Application was filed immediately after her counsel realized that there was a deadline for filing her application (the next day), and in a timely enough fashion to allow her to participate in the claims resolution process. A careless mistake is not bad faith. *In re Pappalardo,* 210 B.R. 647 (Bankr. S.D. Fla. 1997) (citation omitted). There was not strategic purpose in missing the deadline, and no intent to ignore the court's decision. *See Pioneer*, 507 U.S. at 387-88, n17.

## THE FACTORS AS A WHOLE

11.    In applying the *Pioneer* test, courts place the greatest weight on whether there is any prejudice to the other parties by allowing a late claim. *In re Tannen Twoers Acquisition Corp.*, 235 B.R. 748, 758 (Bankr. N.J. 2001). "There is no prejudice when all

6

of the parties can be placed in the same situation that they would have been in had the error not occurred." *Id.* (citation omitted). In the instant case, it can be reasonably concluded that allowing Jones to file a late claim would not result in prejudice to Winn Dixie, or to the other creditors in the proceeding. The treatment of Ms. Jones's claims as timely filed will permit her claim to be resolved on its merits. *See Pepper v. Litton*, 308 U.S. 295, 305 (1939) (Equitable powers have been invoked to the end that "substance will not give way to form," and "technical considerations will not prevent substantial justice from being done"). Such relief will not cause prejudice to the Debtors, will serve to protect Ms. Jones's rights to recover for her damages, and is consistent with the furtherance of justice.

WHEREFORE, Applicant Beverly Jones respectfully requests that the Court enter an order permitting her to file a proof of claim five days (three business days) after the bar date for post-petition claims, and that it accept her proof of claim against Debtor Winn-Dixie Stores, Inc. as timely filed.

Date: January 10, 2007

Respectfully Submitted,

*/s/ Julie A. Hager*

Julie A. Hager, Esq.
Florida Bar No. 042048
7 SW 11 Court
Ft. Lauderdale, FL 33315
Telephone: (954) 764-8100
Facsimile: (954) 467-0370
E-mail: Jahager@bellsouth.net

7

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2007 I filed this MOTION OF BEVERLY JONES FOR ENLARGEMENT OF TIME TO FILE A PROOF OF CLAIM UNDER RULE 9006(b)(1) AND FOR ORDER ACCEPTING CLAIM AS TIMELY FILED through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for Reorganized Debtors, Smith Hulsey & Busey, by U.S. Mail, facsimile, and e-mail to: 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: jpost@smithhulsey.com, and Counsel for the Post-Effective Date Committee, Matthew Barr, Esq., Milbank, Tweed, Hadley & McCloy LLP, by U.S. Mail, facsimile, and e-mail to: 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com, and all other parties participating in the CM/ECF System, all served electronically.

_/s/ Julie A. Hager_

Julie A. Hager, Esq.
Florida Bar No. 042048
7 SW 11 Court
Ft. Lauderdale, FL 33315
Telephone: (954) 764-8100
Facsimile: (954) 467-0370
E-mail: Jahager@bellsouth.net