UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

### AGREED ORDER APPROVING MUTUAL RELEASE AND SETTLEMENT AGREEMENT RESOLVING CURE OBJECTION FILED BY CROWDER FAMILY JOINT VENTURE (STORE NO. 1328)

This cause came before the Court on the Limited Objection to Proposed Cure Amounts in Debtors' Motion for Order (A) Authorizing Sale of Assets Free and Clear of Liens, Claims and Interest and Exempt from Taxes, (B) Authorizing Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief filed by Crowder Family Joint Venture ("Crowder") (Docket No. 2255) with respect to Store 1328 (the "Cure Objection"), the Motion to Compel Payment of Cure Amounts filed by Crowder (Docket No. 7531) with respect thereto ("Motion") and the attached Mutual Release and Settlement Agreement resolving the Cure Objection and the Motion. Based upon the consent of the parties set forth in the attached Mutual Release and Settlement Agreement, it is

ORDERED AND ADJUDGED:

1. The Mutual Release and Settlement Agreement is approved.

2. The Cure Objection and Motion are voluntarily withdrawn.

3. Pursuant to the attached Mutual Release and Settlement Agreement, Debtor will pay Crowder $70,000 as an allowed administrative expense claim in full satisfaction of any right to cure Crowder has or may have under 11 U.S.C. § 365 or otherwise.

4. This Agreed Order resolves all liabilities and obligations related to any and all proofs of claim and administrative expense claims filed by Crowder in these Chapter 11 cases, all of which are forever waived, discharged and released.

5. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order and the attached Mutual Release and Settlement Agreement.

Dated this _8_ day of January, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00553492

Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

PHELPS DUNBAR LLP

By  *s/ Douglas C. Noble**
       Douglas C. Noble

111 East Capitol Street, Suite 600
Jackson, Mississippi 39201
(601) 352-2300
(601) 360-9777 (facsimile)
doug.noble@phelps.com

Counsel for Crowder Family Joint Venture

SMITH HULSEY & BUSEY

By  *s/ Cynthia C. Jackson*
       Cynthia C. Jackson, F.B.N. 498882

225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for Reorganized Debtors

*Counsel has authorized their electronic signature.

# MUTUAL RELEASE AND SETTLEMENT AGREEMENT

This Mutual Release and Settlement Agreement ("Agreement") is entered into as of the _____ day of November, 2006, by CROWDER FAMILY JOINT VENTURE ("CFJV") and WINN-DIXIE MONTGOMERY, INC. and WINN-DIXIE STORES, INC. (collectively, the "Debtors") in their capacities as debtors and debtors-in-possession in the jointly administered Chapter 11 reorganization cases styled *In re: Winn-Dixie Stores, Inc., et al.*, pending in the U.S. Bankruptcy Court for the Middle District of Florida, Jacksonville Division (respectively, the "BK Case" and "BK Court").

WHEREAS, prior to the Debtors' filing of the BK Case, the Debtors were lessee and guarantor, respectively, under the Lease Agreement dated September 13, 1989, as amended, for non-residential real property located in Yazoo City, Mississippi, known as Winn-Dixie Store No. 1328 (the "Lease").

WHEREAS, after commencement of the BK Case, the Debtors assumed and assigned the Lease pursuant to a motion filed under § 365 of the Bankruptcy Code and order of the BK Court; CFJV filed an objection to the motion asserting that the Debtors owed money to CFJV to cure the Lease obligations (the "Cure Amounts") and thereafter filed a Motion to Compel Payment of Cure Amounts ("Motion").

WHEREAS, the Debtors disputed CFJV's claims as to the Cure Amounts and also asserted related pre-petition claims against CFJV for amounts the Debtors alleged CFJV owed under the Lease. The parties hereto have agreed to compromise and resolve these and all other matters related to the Motion, Store No. 1328, the Lease and the Cure Payments.

NOW THEREFORE, for and in consideration of the mutual promises and covenants contained herein, and for other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, CFJV and the Debtors agree as follows:

1. Debtors agree to pay CFJV $70,000.00) as an allowed administrative expense claim against the Debtors in the BK Case. The Debtors shall take all necessary action to ensure that the claim is allowed and paid as soon as is practicable.

2. CFJV agrees to withdraw the Motion based upon the terms and conditions of this Agreement, and the parties agree that this Agreement fully resolves all remaining matters between them with respect to the Lease, Store No. 1328 and the BK Case.

3. The parties understand that the effectiveness of this Agreement is contingent upon approval of its terms and conditions by the BK Court pursuant to a final, non-appealable order entered in the BK Case. The Debtors shall take all necessary actions to seek and obtain such approval, and CFJV shall cooperate fully with the Debtors to effect such approval. The parties further agree to take all further actions necessary to effectuate this Agreement.

4. CFJV and the Debtors, for each of their respective past, present, and future estates affiliates, subsidiaries, parents, departments, divisions, successors and assigns, do hereby mutually release and forever discharge each other, and each other's past, present, and future

JO.99345216.1                                    1

12/06/2006 10:01   9043706748                WDREALESTATE                           PAGE  02/03

employees, stockholders, officers, directors, partners, agents, brokers, contractors, servants, affiliates, subsidiaries, parents, departments, divisions, successors and assigns, from any and all claims or counterclaims, remedies, liabilities, debts, suits, demands, actions, costs, expenses, fees, controversies, set-offs, third party actions, obligations, causes of action, damages, including, but not limited to, punitive or exemplary, or actions of any nature whatsoever, whether at law, equity, administrative, arbitration or otherwise, whether known or unknown, which they may now have, have ever had, or in the future have, in any way relating to or arising out of the Motion, the Lease, Store No. 1328 or the BK Case.

5.  CFJV and the Debtors, further agree to forever refrain and desist from asserting, prosecuting, pressing or aiding against the other, and each other's representatives and attorneys, assigns, officers, directors, estates, subsidiaries, parents, and affiliates any suit, demand, action, motion or cause of action or claim of whatsoever kind, character or description, either directly or indirectly, for and in any and all matters released herein.

6.  Each of the parties acknowledges, covenants and warrants that there has been no assignment of any right or claim released herein and that each will defend and hold the other harmless from any costs and expenses, including reasonable attorneys' fees, incurred by the other as a result of any such assignments.

7.  The invalidity or unenforceability of any one or more provisions of this Agreement shall not affect the validity or enforceability of the remaining provisions.

8.  Each party to the Agreement acknowledges that it has read the Agreement in its entirety; that it has had the benefit of legal counsel in connection with his execution of the Agreement; and that the Agreement is entered into freely and voluntarily.

9.  In the event that one of the parties is required, in its reasonable discretion, to take action to enforce the terms of this Agreement, then the prevailing party shall be entitled to also recover from the other party all reasonable and necessary costs, including the fees and expenses of professionals of such enforcement actions.

10. This Agreement constitutes and contains the entire Agreement and understanding as to the subject matter hereof. This Agreement supersedes any and all prior agreements and understandings between the parties pertaining to the subject matter hereof and cannot be modified without the written consent of both parties; provided, however, that it is understood that all documents required to be executed in order to effectuate the terms and agreements made herein are part of this agreement and are not superceded by anything stated herein. The Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same instrument among CFJV and each of the Debtors.

11. The Agreement shall be in all respects governed, construed, applied and enforced in accordance with the laws of the State of Mississippi.

**IN WITNESS WHEREOF**, CFJV and the Debtors execute this Agreement as of the date set forth above.

JO.99345216.1                                2

| CROWDER FAMILY JOINT VENTURE | WINN-DIXIE MONTGOMERY, INC. |
|---|---|
| By: *Kathy Crowder Kirchmayr* | By: _____ |
| Kathy Crowder Kirchmayr | Name: _____ |
| And | Its: _____ |
| SUNSET REAL ESTATE, LP | |
| By: *Margaret Crowder Moore* | |
| Margaret Crowder Moore | |
| General Partner | |

LEGAL APPROVED
ATTY: CBE
DATE: 1/4/07

WINN-DIXIE STORES, INC.

By: _____

Name: _____

Its: _____

LEGAL APPROVED
ATTY: CBE
DATE: 12/4/06

547842

JO.99345216.1                                3

**BAE SYSTEMS**
**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: baldws             Page 1 of 1              Date Rcvd: Jan 08, 2007
Case: 05-03817                Form ID: pdfdoc          Total Served: 1

The following entities were served by first class mail on Jan 10, 2007.
aty        +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
             Jacksonville, FL 32202-4494
The following entities were served by electronic transmission.
NONE.                                                                                     TOTAL: 0
            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jan 10, 2007**                    **Signature:** *Joseph Speetjens*