**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **WINN-DIXIE STORES, INC.,** *et al.*, | **Case No.:   05-03817-3FI** |
| Debtors. | **(Jointly Administered)** |

_____/

**TAMARA RODRIGUEZ'S MOTION FOR CLARIFICATION**
**AS TO ORDER STRIKING APPLICATION FOR**
**TAMARA RODRIGUEZ'S ADMINISTRATIVE EXPENSE CLAIM (DOC. NO. 1455)**

Tamara Rodriguez (*"Rodriguez"*), by and through her undersigned counsel, hereby moves this Court for clarification as to this Court's Order Striking Rodriguez's Administrative Expense Claim (the *"Rodriguez Claim"*) (hereinafter the "Order", which is Doc. No. 14552), which states it is for a Second Amended Application (which was never filed), and as grounds states as follows:

1. Pursuant to this Court's Notice[1], dated December 6, 2006, all administrative claim applicants had to have their administrative claims filed by no later than January 5, 2007.  See Notice, ¶ 3.

2. Rodriguez filed her claim "in paper form" by FedEx on January 2, 2006, which was received by the Clerk of the Bankruptcy Court on January 3, 2007.  (Doc. No. 14075)

3. On January 4, 2007, the Clerk notified the undersigned that Rodriguez's claim would be stricken because it was not filed electronically.  The Clerk further advised that

---

[1]   The full name of this notice is Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims (hereinafter "Notice").

the same filing could be refiled electronically. Later that day, Rodriguez filed her claim electronically. (Doc. No. 14177).

4. On January 5, 2007, this Court issued an order striking the "Second Amended" Application for Administrative Expense Claim of Rodriguez because it was filed in paper form. (Doc. No. 14552) However, no such titled filing (Second Amended) was ever made for Rodriguez. Only the original paper (Doc. No. 14075) and later electronic form (Doc. No. 14177) of the original application was filed.

5. Rodriguez therefore seeks clarification that only her paper form application (Doc. No. 14075), and not her electronically filed application (Doc. No. 14177), has been stricken.

WHEREFORE, Rodriguez respectfully requests that this Court enter an order deeming the Rodriguez Claim that was electronically filed on January 4, 2007 be deemed filed and not stricken, notwithstanding this Court's Order striking Rodriguez's paper form application, and for such other relief as this Court deems just, fair, and equitable.

Dated: January 11, 2007            Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
213 E. Sheridan Street, Suite 3
Dania Beach, Florida 33021
Telephone: (954) 929-1899
Facsimile: (954) 922-6662

By: */s/ Eric N. Assouline*
Eric N. Assouline (FBN 106143)
ena@assoulineberlowe.com

*Counsel for Tamara Rodriguez*

*Of Counsel:*
Robert Behar, Esq.
Law Offices of Robert Behar, P.A.
7171 Coral Way, Suite 303
Miami, FL 33155

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Application of Tamara Rodriguez for Allowance of Administrative Expense Claim Pursuant to Section 503(b) of the Bankruptcy Code* was served electronically via CM/ECF this 11th day of January, 2007 to the parties listed below:

**James H. Post, Esq.**
Smith, Hulsey & Busey
Counsel for Reorganized Debtors
225 Water Street, Suite 1800
Jacksonville, FL 32202

**Matthew Barr, Esq.**
Milbank, Tweed, Hadley & McCoy, LLP
Counsel for Post-Effective Date Committee
1 Chase Manhattan Plaza
New York, NY 10005

**John B. MacDonald, Esq.**
Akerman Senterfitt
Co-Counsel for the Post-Effective
Date Committee
50 N. Laura Street, Ste 2500
Jacksonville, FL 32202

**Elena L. Escamilla, Esq.**
U.S. Trustee
135 W. Central Blvd., Ste 620
Orlando, FL 32801

**Clerk of the Court**
United States Courthouse
300 North Hogan Street, Suite 3-350
Jacksonville, FL 32202

By: */s/ Eric N. Assouline*
　　　Eric N. Assouline