UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,   Case No. 3:05-bk-03817-JAF

Debtor.   Chapter 11 – Jointly Administered

_____/

### APPLICATION OF MAVIS PIERSON & JIMMIE PIERSON FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), MAVIS PIERSON & JIMMIE PIERSON ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1. On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2. The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3. Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4. The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5. The Movant's personal injury claim has not yet been liquidated. .

6. Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7. The Movant learned of the administrative claims bar date after the bar date and/or the Movant's failure to file the application for an administrative claim prior to the bar date resulted from excusable neglect. A separate Motion pursuant to Bankruptcy Rule 9006 requesting the Movant's claim be deemed as timely filed will be filed with the Court.

8. The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

9. Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

10. The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

>Mavis Pierson & Jimmie Pierson
>c/o William J. Crain, Esq.
>Northlake Corporate Park, Suite 103
>1001 Service Road East, Hwy. 190
>P.O. Box 1810
>Covington, LA 70434

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

>/s/DENNIS J. LEVINE, ESQ.
>DENNIS J. LEVINE, ESQ.
>Fla. Bar No. 375993
>DENNIS LeVINE & ASSOCIATES, P.A.
>P.O. Box 707
>Tampa, FL 33601-0707
>(813) 253-0777
>(813) 253-0975 (fax)
>Attorneys for Verna & William Dingley
>c/o William J. Crain, Esq.

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this __11th__ day of January, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

# JONES FUSSELL, L.L.P.
### ATTORNEYS AT LAW
NORTHLAKE CORPORATE PARK, SUITE 103
1001 SERVICE ROAD EAST, HIGHWAY 190
P.O. BOX 1810
COVINGTON, LOUISIANA 70434

WILLIAM J. JONES, JR.
HOWARD R. FUSSELL
A. WAYNE BURAS
JEFFREY D. SCHOEN
MARGARET H. KERN
WILLIAM J. CRAIN*
LELAND R. GALLASPY
CALVIN P. BRASSEAUX
PAUL J. MAYRONNE
*ALSO LICENSED IN TEXAS

TELEPHONE (985) 892-4801
FAX (985) 892-4925

January 10, 2007

**VIA FEDERAL EXPRESS**
**AND VIA FAX (813) 253-0777**

Mr. Dennis Lavine

    Re:  Mavis Pierson, et al vs.
           Winn Dixie Montgomery, Inc.
           21st JDC, Tangipahoa Parish

Dear Dennis:

    Thank you very much for speaking with me yesterday and this morning regarding the referenced matter. I would appreciate you filing an Application For Administrative Expense with the Bankruptcy Court relative to the Piersons' claim. I understand that the deadline for filing was January 5, 2007 and the attached affidavit (draft) explains the delay. I also understand that a motion to file a late-filed application will be prepared and filed by you.

    The following information is provided pursuant to your memorandum dated January 4, 2007:

1. Claimants: Mavis Pierson and Jimmie Pierson
2. Accident Sumary: The accident occurred on July 31, 2005. At that time Ms. Pierson slipped and fell in front of an ice machine located in Winn-Dixie store no. 1540 in Ponchatoula, Louisiana. Depositions of Winn-Dixie personnel taken on October 9, 2006 revealed that the employees had prior knowledge of ice on the floor and failed to remove the ice (which melted and puddled) prior to Ms. Pierson's accident. The store manager acknowledged that he felt that they were responsible for the circumstances which resulted in Ms. Pierson's fall.

January 10, 2007
Page 2

> Ms. Pierson suffered neck and back injuries as a result of the accident. She underwent back surgery to remove a herniated disc and to fuse her spine at a couple of levels.

3.  Amount of Damages: The amount of the claim is unliquidated. Ms. Pierson is still undergoing treatment.

4.  Person Designated to Receive Notices: Notices should be sent to William J. Crain, P.O. Box 1810, Covington, Louisiana 70434; email address: wc@jonesfussell.com.

Please let me know the status of the application process as you go forward. I understand that the application will be filed today and I appreciate your attention to this matter. I am enclosing a draft of an Affidavit that I will finalize after you have a chance to review it and contact me with your thoughts. If you have any questions or need anything else, don't hesitate to call.

With best regards, I am,

Very truly yours,

JONES FUSSELL, L.L.P.

BY: _____
    WILLIAM J. CRAIN

WJC:jbb
Enclosures

**AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

    BEFORE ME, the undersigned Notary Public, personally came and appeared ("Affiant"):

**WILLIAM J. CRAIN**

who first being duly sworn did depose and state that:

    He is an attorney licensed to practice in the State of Louisiana. He is the attorney of record for the plaintiffs, Mavis Pierson and Jimmie Pierson, in the matter bearing the following caption (the "Pierson suit"):

    "Mavis Pierson & Jimmie Pierson vs. Winn-Dixie Montgomery, Inc., 21st JDC, No. 2005-3621, Div. F., Tangipahoa Parish". Mavis Pierson was injured in Winn-Dixie store number 1540 in Ponchatoula, Louisiana on July 31, 2005. Affiant filed suit against Winn Dixie Montgomery, Inc. on November 4, 2005. A copy of the petition is attached to this affidavit as <u>Exhibit 1</u>. Discovery propounded by Winn Dixie was answered on May 9, 2006 and copies are attached to this affidavit as <u>Exhibit 2</u>, <u>in globo</u>. Amended answers to discovery were provided on September 15, 2006 and are attached to this affidavit as <u>Exhibit 3</u>. Depositions of Winn Dixie personnel, namely Charles Bair and Todd Bankston, were taken on October 9, 2006 and copies of the notices of said depositions are attached as <u>Exhibit 4</u>. On November 13, 2006, Winn-Dixie took the depositions of plaintiffs, Mavis and Jimmie

Pierson. Throughout this process the pendency of the Winn-Dixie bankruptcy was never mentioned to Affiant.

Affiant learned on January 9, 2006 in a telephone conversation with counsel for Winn-Dixie in the Pierson suit, that the bankruptcy court in <u>In re: Winn-Dixie Stores, Inc., et al, United State Bankruptcy Court, Middle District of Florida, Jacksonville Division</u>, set a January 5, 2007 deadline for filing an Administrative Claim in the Bankruptcy and that such filing would be necessary to continue the case described above.

After getting the name of Tana Copeland, legal assistant with the law firm Smith Hulsey & Busey, and talking to her by telephone on the afternoon of January 9, 2007, Ms. Copeland e-mailed a <u>Notice of (A) Entry of Order Confirming Plan Of Reorganization, (B) Occurrence Of Effective Date Of Plan, and (C) Dates For Filing Claims Arising Before Effective Date And Other Administrative Claims</u> (the "Notice"). January 9, 2007 is the first date that Affiant received the Notice with the filing date of January 5, 2007. Affiant immediately contacted Mr. Dennis LeVine, one of the attorneys suggested by Ms. Copeland, to file the appropriate application and pleadings. Affiant is not licensed in Florida and does not have an electronic filing password.

Affiant respectfully requests that the application of Mavis and Jimmie Pierson be allowed to proceed as if timely filed.

_____
WILLIAM J. CRAIN

SWORN TO AND SUSCRIBED
BEFORE ME, NOTARY, THIS
10TH DAY OF JANUARY, 2007.

_____
NOTARY PUBLIC

# DRAFT

```
                                              2005-0003621
MAVIS PIERSON AND                  NUMBER:              DIV.: F
JIMMIE PIERSON

VERSUS                             21ST  JUDICIAL DISTRICT COURT

                                   PARISH OF TANGIPAHOA

WINN-DIXIE MONTGOMERY, INC.        STATE OF LOUISIANA

FILED:    NOV 0 4 2005             S/BARBARA YERBY
                                   ─────────────────────────
                                   DEPUTY CLERK
```

### PETITION FOR DAMAGES

The petition of Mavis Pierson ("Ms. Pierson") and Jimmie Pierson ("Mr. Pierson"), both persons of the full age of majority and domiciled in the Parish of Tangipahoa, State of Louisiana, respectfully represents as follows:

1.

Made defendant herein is Winn-Dixie Montgomery, Inc. ("Winn-Dixie"), a foreign corporation, authorized and doing business in the State of Louisiana. Winn-Dixie is bound and indebted unto petitioners for the following reasons:

2.

On or about July 31, 2005 at approximately 3:30 p.m., petitioner, Ms. Pierson, was shopping at the business premises known as Winn-Dixie store number 1540 in Ponchatoula, Louisiana (the "store"). The store is owned by Winn-Dixie.

3.

As Ms. Pierson walked past the freezer containing bag ice, she unexpectedly slipped and fell to the floor. Further inspection revealed a large puddle of water located on the floor in front of the freezer. Following the fall, the back of Ms. Pierson's clothes, where she hit the floor, were wet.

4.

The severe impact of the fall caused significant damages and injuries hereinafter described. Petitioner alleges that

-1-



employees of Winn-Dixie knew or should have known of the water puddle or the conditions causing the water puddle prior to the accident and failed to remove it or correct the conditions.

6.

Petitioner further alleges that the water puddle created an unreasonable risk of injury to petitioner.

7.

Petitioner alleges that the damages and injuries sustained by Ms. Pierson were caused solely, legally and proximately by the negligence of the defendant, which acts of negligence consisted particularly, but not exclusively, of the following:

1. Failing to insure that the floor was dry;
2. Failing to insure that the freezer was working properly;
3. Failing to follow instructions to clean up the puddle prior to the accident;
4. Failing to have an appropriate maintenance or clean-up schedule;
5. Failing to follow any established maintenance or clean-up schedules;
6. Allowing the water puddle to form in the aisle area of the store;
7. Failing to have a non-skid mat in the area of the freezer;
8. Other acts of negligence to be shown at the trial of this matter.

8.

Petitioner shows that as a result of the aforedescribed accident, she has sustained painful, serious and permanent injuries, including, but not limited to, disc injuries to her neck and back.

9.

Petitioner shows that as a result of the aforedescribed accident she has been forced to seek medical treatment and

continues to be under the care and treatment of doctors at the present time, and she has and will incur expenses in connection therewith for which defendant is responsible.

10.

Petitioner shows that as a result of the aforedescribed accident, her present/future social, recreational, and economic pursuits have been and will be severely hindered and restricted, all for which defendant is responsible.

11.

Petitioner further shows that the above described injuries have caused her agonizing pain, severe physical and mental shock, emotional distress and other items of general damages which petitioner is entitled to recover from the defendant.

12.

Petitioner, Jimmie Pierson, alleges that he is the husband of Mavis Pierson and has suffered damages, including, but not limited to, loss of services and loss of love and affection as a result of Ms. Pierson's injuries, and for which he is entitled to compensation from the defendant.

13.

Petitioner represents that the damages sustained as a result of the July 31, 2005 accident total in excess of the amount required for trial by jury.

WHEREFORE, petitioners pray that a copy of this petition be served on the defendant, Winn-Dixie Montgomery, Inc., and that it be required to appear and answer the petition according to law, and after due proceedings had that there be judgment herein in favor of petitioners, Mavis Pierson and Jimmie Pierson, and against the defendant, Winn-Dixie Montgomery, Inc., awarding unto petitioners all damages reasonable under the premises, legal

interest from the date of judicial demand until paid and all costs of these proceedings.

Petitioner further prays for all such other relief as law, equity and the nature of the case may permit.

Respectfully Submitted,

JONES FUSSELL, L.L.P.

BY: _____
WILLIAM J. CRAIN (#17534)
P.O. Box 1810
Covington, La. 70434
(985) 892-4801

**PLEASE SERVE:**

Winn-Dixie Montgomery, Inc.
through its registered agent:

Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802-6129

-4-