UNITES STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN Re:  Winn Dixie Stores, Inc., et al.          Case No. 3:05-bk-03817-JAF

  Debtors.                                       Chapter 11 – Jointly Administered

**APPLICATION OF KASSIDIE CASAGRAND FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR POST-PETITION PERSONAL INJURY CLAIMANT**

COMES NOW, Kassidie Casagrand (the "Movant"), by and through undersigned counsel, and pursuant to 11 U.S.C. §503, respectfully requests this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and in support thereof states as follows:

1. On February 1, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the Bankruptcy Code ("Petition Date").

2. The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006. ("Effective Date").

3. Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie Store, Store number 710 in Pasco County, Florida as a result of Winn Dixie's negligence. As a approximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4. The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5. The Movant's personal injury claim has not yet been liquidated.

6. Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7. The Movant learned of the administrative claims bar date after the bar date and/or the Movant's failure to file the application for an administrative claim prior to the bar date resulted from excusable neglect. A separate Motion pursuant to Bankruptcy Rule 9006 requesting the Movant's claim be deemed as timely filed will be filed with the Court.

8. The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

9. Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully request the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring Debtor to pay the allowed administrative claim in full.

10. The Movant request that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

> Christine E. Pejot, Esq.
> PEJOT WILSON LAW
> 11911 Pine Forest Drive
> New Port Richey, FL 34654

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

> /s/ **CHRISTINE E. PEJOT, ESQ.**
> Christine E. Pejot, Esq.
> Fla. Bar. No. 777501
> Pejot Wilson Law
> 11911 Pine Forest Drive
> New Port Richey, Fl. 34654
> 727-857-1223 telephone
> 727-856-8513 facsimile
> Attorney for Movant

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994). As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in possession; and (2) that transaction benefited the debtor-in possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984); *Seidle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankrcy. S.D. Fla. 1989).

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on the 12th day of January, 2007.

      /s/ **CHRISTINE E. PEJOT, ESQ.**

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

**EXHIBIT A**

1.The claimant is Kassidie Casagrand.

2.On August 19, 2005, Ms. Kassidie Casagrand slipped and fell on produce and or other food substances in the aisle in the frozen food section at Winn Dixie Store 710, located at 14134 U.S. Highway 19 North, Hudson, Pasco County, Florida 34667. Winn Dixie failed to adequately maintain the premises. The negligent condition was known to Winn Dixie or had existed for a sufficient length of time so that Winn Dixie should have known of it. As a proximate cause of the negligence, the claimant has suffered injuries resulting in pain and suffering, medical expense and other damages.

3.The amount of damages is unliquidated at this time.

4.Notices should be provided to: Christine E. Pejot, Esq., PEJOT WILSON LAW, 11911 Pine Forest Drive, New Port Richey, FL 34654, phone 727-857-1223, fax 727-856-8513, cpejot@pejotwilson.com