UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al,    Case No.: 3:05-bk-03817-3F1

       Debtors    Chapter 11 – Jointly Administered

_____/

**MOTION OF JOANN PINDER FOR ENLARGEMENT OF TIME TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE – POST PETITION PERSONAL INJURY CLAIM AND TO ACCEPT CLAIM AS TIMELY FILED**

Comes now Joann Pinder ("Movant"), by and through her undersigned counsel, pursuant to 11 USC §105, and Federal Rules of Bankruptcy Procedure 3003(b) and 9006(c), moves for entry of an Order enlarging the time for her to file an administrative expense application for her post-petition personal injury claim after the bar date, and to accept her claim as timely filed, and as grounds therefore would show as follows:

    1.   On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code.

    2.   On September 21, 2006 Joanne Pinder suffered a personal injury to her body, incurred medical expenses as a result thereof, and has pain and suffering from an accident that occurred at a Winn Dixie store. It is asserted the Debtor is responsible for the accident and injury and damages. The store accident location is, upon information and belief, at Winn Dixie #257, 9840 Military Trail, Boynton Beach, Florida 33436. A claim is currently pending through Debtor's third party administrator, Sedgwick Claims Management Services with claim number A611208942.

3. The Debtors are operating their businesses and managing their property as a debtor in possession pursuant to § 1107(a) and § 1108 of the Bankruptcy Code. The Court has appointed an official committee of unsecured creditors to serve in these cases. The Court has entered Orders setting out certain procedures to resolve personal injury claims.

4. Subsequent to the filing of the case, the Movant suffered personal injuries as a result of negligence by the Debtors. The Movant asserts the right to assert administrative expense claims due to the post-petition occurrence of their claims.

5. The personal injury claims of the Movant have not yet been liquidated. Nonetheless, the value of the claim may be in excess of $100,000.00.

6. The bar date for filing administrative expense claims was January 5, 2007. Movant filed her application for administrative expense priority (Doc. #14642) on January 10, 2007.

7. The Movant's application for administrative expense priority was filed late due to excusable neglect. Movant previously engaged Michael K. Bregman, Esq. as her personal injury counsel, to pursue recovery against the Debtors for her injuries. Prior to January 5, 2007, Movant, through Mr. Bregman, submitted a claim to the Debtor's third party administrator, Sedgwick Claims Management Services, as set forth in paragraph 2 herein. That claim is currently pending.

8. Mr. Bregman also represents two other claimants against the Debtors, and they timely filed their claims (Doc. Doc. # 13959 and 14028) through the undersigned bankruptcy counsel. Mr. Bregman had engaged the undersigned bankruptcy counsel in late December 2006 to file administrative expense priority claims for his clients, through the ECF system with the bankruptcy court. When the documents were transmitted by Mr. Bregman to the undersigned

bankruptcy counsel, two of the documents were completed applications for allowance of administrative expense priority, and each was timely filed by the undersigned bankruptcy counsel (Doc. # 13959 and 14028). Along with these two applications was an additional document transmitted to the undersigned bankruptcy counsel by Mr. Bregman. That document was a letter template which mentioned the Movant's name and the date of the accident. A copy of that document is attached hereto as Exhibit "A." Not realizing that an application for administrative expense priority was to be filed on behalf of the Movant against the Debtors, due to not receiving a completed application for allowance of administrative expense priority to file on behalf of Movant, the undersigned bankruptcy counsel filed only the two applications set forth above.

9. The morning of January 5, 2007, by electronic mail transmission, the undersigned bankruptcy counsel had his assistant send to Mr. Bregman an invoice for filing the two applications, together with copies of the applications' docketing information.

10. Late on Monday, January 8, 2007, Mr. Bregman telephoned bankruptcy counsel to inquire about the Pinder application. Bankruptcy counsel determined that no application had been filed for Ms. Pinder, because no application for administrative expense priority had been received by bankruptcy counsel. Bankruptcy counsel then obtained the information from Mr. Bregman and filed the claim on January 10, 2007.

11. Rule 9006(b), Federal Rules of Bankruptcy Procedure, provides that an enlargement of time to perform a required act may be permitted "where the failure to act was a result of excusable neglect". In *Pioneer Inv. Services Co. v. Brunswick Assoc., Ltd.*, 507 U.S. 380 (1993), the Supreme Court examined the excusable neglect standard. In *Brunswick*, the Court concluded that the determination of excusable neglect by a bankruptcy court "is at bottom

an equitable one, taking account of all relevant circumstances surrounding the party's omission. 507 U.S. at 395 (footnote omitted). The court is to consider "the danger of prejudice to the Debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. (citation and footnote omitted).

12. Excusable neglect encompasses situations caused by "inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control". *Id.* It is not limited strictly to omissions caused by circumstances beyond the control of the movant. *Id.* at 392.

13. In the instant case, the Debtors appear to have been self insured, and relied on a claims management service to administer personal injury claims. Movant sought administrative expense priority for a post-petition accident occurring in one of the Debtors' retail stores. Her claim is currently pending through the third party administrator, so the Debtors have, at all times material hereto, been aware of her claim, the extent of her injuries, and that she seeks damages for a post-petition event. The Debtors will receive an unjustified windfall if it is freed from Movant's claim due to the late filing. The Debtors, already administering Movant's claim through its third party administrator, is in no way prejudiced by allowing her claim to rise or fall on its own legitimacy as a personal injury claim against the Debtors.

14. The Movant filed her application three business days after the deadline. The undersigned bankruptcy counsel did not have sufficient information to file her claim in a timely fashion, because it was not provided by her personal injury attorney. Although the document sent to bankruptcy counsel identified Movant and set forth a date of loss, it did not identify the Debtors, the retail store of the Debtors in which the incident occurred, the third party

administrator's claim number, or provide any other information to enable bankruptcy counsel to file an administrative expense application for the Movant. Once Movant's bankruptcy counsel learned of the omitted filing, the information was obtained and the application was filed. The slight delay in filing the application did not prejudice the Debtor and shows that the Movant acted diligently to assert her application.

15. Allowing the tardily filed administrative expense claim of Movant to stand will not unduly impact the Debtors' reorganization proceedings. This claim is an unliquidated one for post-petition personal injuries, and can be liquidated either through agreement with the Debtors, acting through its third party claims administrator, or through judicial proceedings in state court, as will all other administrative expense claims for post-petition personal injury raised against the Debtors.

16. The Movant has set forth the reason for the delay. Movant at all times acted in good faith, as did her counsel. The inadvertence of the personal injury counsel of Movant in providing not a completed claims application, but rather an incomplete letter template with sketchy information on it, was an innocent mistake. The undersigned bankruptcy counsel promptly filed the administrative claim after he learned of the mistake, and the short three business day delay in filing was still timely enough to allow Movant to participate in the claims resolution process through the third party administrator. Moreover, there was no strategic purpose in missing the deadline, and no intent to ignore the Court's order requiring the filing of administrative expense applications by post-petition personal claimants. Indeed, the same personal injury attorney and the undersigned bankruptcy counsel filed two timely applications and would certainly have filed Movant's application timely had the undersigned bankruptcy counsel been aware of it.

17. The Debtors and other parties in interest are not prejudiced by allowing Movant's application to be considered as timely filed. Debtors have at all times been aware of Movant's personal injury claim, and cannot be said to have relied to their detriment on a hard and fast deadline for filing administrative claims, when this claim was filed only three business days late. The Debtors are in no worse position than if this claim had been timely filed and will not suffer any prejudice whatsoever. No other creditor in the proceeding will be affected, because post-petition claims are not subject to adjustment in the confirmed plan of reorganization in this case. Granting an enlargement of time and treating Movant's application as timely filed will permit her personal injury claim to be resolved on the merits. She suffered significant personal injuries and should be given an opportunity to seek redress for her damages.

WHEREFORE, Movant, Joann Pinder, respectfully requests that the Court enter an Order enlarging the time for her to file her administrative expense priority claim, and deeming her administrative expense claim (Doc. # 14642) to have been timely filed.

Respectfully submitted,.

SAXON, GILMORE, CARRAWAY,
GIBBONS, LASH & WILCOX, P.A.
201 E. Kennedy Blvd., Suite 600
Tampa, FL 33602
Phone: (813) 314-4500
Facsimile: (813) 314-4555
Local Bankruptcy Counsel for Movant

/s/David J. Tong, Esq.
DAVID J. TONG, ESQUIRE
Florida Bar No. 437085

AND

                                                       LAW OFFICES OF
MICHAEL K. BREGMAN, P.A.
Attorney for Personal Injury Claimant
370 West Camino Gardens Boulevard
Suite 342
Boca Raton, FL 33432
Phone: (561) 826-0564
Facsimile: (561) 353-1504
MICHAEL K. BREGMAN, ESQ.
Florida Bar No.: 0129496

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by electronic or standard U.S. Mail, to the parties listed below on this 12th day of January, 2007.

                                                /s/David J. Tong, Esq.
                                                DAVID J. TONG, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
225 Water St., Suite 1800
Jacksonville, FL 32202

Kenneth C. Meeker, U.S. Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801

Mathew Barr, Esq.
One Chase Manhattan Plaza
New York, NY 10005