# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
Janice Jackson

Comes Now Janice Jackson ("Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3. After the Petition Date and on or about July 1, 2005, Applicant was injured at the Winn-Dixie store located in Lauderhill, Florida as a proximate result of the negligence of the Winn-Dixie entity operating the store in failing to maintain the

premises in a reasonable safe condition. Upon information and belief, the responsible Debtor is Winn-Dixie Stores, Inc. As a result of the injury, Applicant has suffered damages totaling at least $65,000.00, which damages Applicant can support through medical records and other proof. Applicant's damages may not be fully liquidated at this time.

4. Applicant has previously informed Winn-Dixie of her claim, and had in fact filed a lawsuit in Florida state court asserting the claim. A copy of the Complaint, Winn-Dixie's Answer and related documents from that lawsuit are attached as Exhibit "A".

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

5. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

6. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

**REQUEST FOR FUTURE NOTICE**

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

>Thomas & Pearl, P.A.
>2404 Northeast 9th Street
>Fort Lauderdale, Florida  33304.

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully Submitted,

WILCOX LAW FIRM

/s/ **Robert Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
Telephone: (904) 281-0700
Facsimile: (904) 513-9201

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2007, I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ **Robert Wilcox**
Robert D. Wilcox

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JANICE L. JACKSON,

      Plaintiff,

vs.

WINN-DIXIE, INC.,

      Defendant.
_____/

CASE NO.

Florida Bar Number 699748

## COMPLAINT

Plaintiff, JANICE L. JACKSON, sues Defendant, WINN-DIXIE, INC., ( hereinafter referred to as "WINN-DIXIE"), for damages, and alleges as follows:

1. This is an action for damages in excess of **FIFTEEN THOUSAND ($15,000.00) DOLLARS**, exclusive of interest and costs.

2. The cause of action arose from a Florida activity within the purview of Florida Statute §48.193.

3. At all times material hereto, Plaintiff, JANICE L. JACKSON, is and was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

4. At all times material hereto, Defendant, WINN-DIXIE, was a corporation existing under the laws of the State of Florida.

5. At all times material hereto, Defendant, WINN-DIXIE, owned, operated and/or maintained its main operation located in Miami-Dade County, Florida.

6. On or about July 1, 2005, Plaintiff, JANICE L. JACKSON, was lawfully upon the Defendant, WINN-DIXIE'S, retail grocery store #0205, located at 18350 N. W. 7th Avenue, Miami, Miami-Dade County, Florida, as a patron and business customer.

*Janice L. Jackson vs. Winn-Dixie, Inc.*
11th Judicial Circuit Court
Miami-Dade County, Florida

7. At all times material hereto, the Defendant, WINN-DIXIE, had a duty to inspect and maintain the aforesaid premises in a reasonably safe condition and to exercise reasonable care for the safety and protection of its patrons, and more particularly herein, Plaintiff, JANICE L. JACKSON.

8. At that time and place, Plaintiff, JANICE L. JACKSON, was caused to slip and fall on a wet floor near the check out counter due to water escaping from a display of flowers.

9. Defendant, WINN-DIXIE, knew, or should have known that customers and/or business invitees would traverse said area.

10. As a result of Plaintiff's fall, she suffered serious bodily injury.

11. Defendant, WINN-DIXIE, was negligent, including, but not limited to negligently allowing its employees, agents, and/or representatives, to leave water on the floor, which created a dangerous condition, to be left in a public area where business invitees, in particular, Plaintiff, would traverse, which dangerous condition caused Plaintiff to fall and sustain serious personal injuries.

12. The negligent condition was know to Defendant, WINN-DIXIE, or had existed for a sufficient length of time so that Defendant should have known of it.

13. As a direct and proximate result of the negligence of the Defendant, the Plaintiff, JANICE L. JACKSON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, physical impairment, inconvenience, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of

*Janice L. Jackson vs. Winn-Dixie, Inc.*
11th Judicial Circuit Court
Miami-Dade County, Florida

earnings, loss of ability to earn money, loss of ability to perform household services, and/or aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer the losses in the future.

    **WHEREFORE**, Plaintiff, JANICE L. JACKSON, demands judgment against the Defendant, WINN-DIXIE, INC., together with costs incurred, and further demands trial by jury of all issues so triable as a matter of right by a jury.

DATED: June 28, 2006

                                 THOMAS & PEARL, P.A.
                                 Attorneys for Plaintiff
                                 2404 N. E. 9th Street
                                 Fort Lauderdale, Florida 33304
                                 Telephone: (954) 563-9225
                                 Facsimile: (954) 563-9497

                                 By: _____
                                          CHARLES A. MANCUSO, ESQ.
                                          Florida Bar Number 699748
                                          For the Firm

VERIFIED RETURN OF SERVICE

**STATE OF FLORIDA    DADE    CIRCUIT COURT**

Case Number: 06-13084 CA 24

Plaintiff: **JANICE L. JACKSON**
    vs.
Defendant: **WINN-DIXIE , INC.**

For: CHARLES A. MANCUSO    THOMAS & PEARL

Received by AJS PROCESS SERVICE, INC. on 7/24/06 at 8:00 am, to be served on: WINN-DIXIE, INC. at REG. AGENT: CORPORATION SERVICE COMPANY, 1201 HAYS ST., TALLAHASSEE, FL 32301.

I, **ERIC LARSON**, who, being duly sworn, depose and say that
    on 7/24/06 at 3:00 pm,

I executed service by **delivering** a true copy of the
    **SUMMONS AND COMPLAINT**,
        in accordance with state statutes in the manner stated below:

    **REGISTERED AGENT SERVICE:** By serving pursuant to F.S. .48.091
    Served: **KEN FARMER**, Clerk, for R.A.

COMMENTS:

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare, under penalties of perjury pursuant to f.s. 92.525, that I have read the foregoing document and that the facts stated in it are true to the best of my knowledge and belief.

ERIC LARSON
PROCESS SERVER # 063
2ND JUDICIAL CIRCUIT
Appointed in accordance
with State Statutes

AJS PROCESS SERVICE, INC.
4150 NW 7TH AVE.
MIAMI    FL 33127
(305)758-5717
JOB SERIAL NUMBER:1957

return to nck

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JANICE L. JACKSON,

      Plaintiff,

vs.

WINN-DIXIE, INC.,

      Defendant.
_____/

CASE NO. 06-013084 CA (24)

Florida Bar Number 699748

## PLAINTIFF'S REPLY TO AFFIRMATIVE DEFENSES

Plaintiff, JANICE L. JACKSON, replies to the affirmative defenses alleged by the Defendant, WINN-DIXIE, INC., as set forth in Defendant's Answer And Affirmative Defenses, dated August 11, 2006, specifically as follows:

1. Plaintiff denies each and every allegation alleged by Defendant as an affirmative defense not specifically admitted herein.

2. Plaintiff denies each and every allegation alleged by Defendant as an affirmative defense as set forth in Defendant's first, third, fifth sixth and seventh affirmative defenses, and Plaintiff further demands strict proof thereof.

3. Defendant's affirmative defense as set forth in Defendant's second affirmative defense is a partial misstatement of the law. The collateral source defense is only applicable to collateral sources that have made payments to or on behalf of Plaintiffs that do not have the right of subrogation. For collateral sources that have made payments to or on behalf of Plaintiffs that have the right of subrogation, the collateral source defense does not apply. Notwithstanding Defendant's partial misstatement of the law, Plaintiff denies each and every allegation alleged by

*Janice L. Jackson vs. Winn-Dixie, Inc.*
Case No. 06-013084 CA (24). 11th Judicial Circuit Court
Miami-Dade County, Florida

Defendant as an affirmative defense as set forth in Defendant's second affirmative defense and

Plaintiff further demands strict proof thereof.

    4.    Plaintiff is unable to respond to Defendant's fourth affirmative defense as Plaintiff

is unable to respond to any allegations involving "Wal-Mart".

I HEREBY CERTIFY that on this 7th day of September, 2006, a true and correct copy of the foregoing was furnished via First Class U.S. Mail, postage prepaid, to **Gregory A. Victor, Esquire**, Adorno & Yoss, LLP, Attorneys for Defendant, 2525 Ponce De Leon Boulevard, Suite 400, Miami, Florida 33134 - Telephone: (305) 460-1082 - Facsimile: (305) 460-1422.

                        THOMAS & PEARL, P.A.
                        Attorneys for Plaintiff
                        2404 N. E. 9th Street
                        Fort Lauderdale, Florida 33304
                        Telephone: (954) 563-9225
                        Facsimile: (954) 563-9497

By: _____
      CHARLES A. MANCUSO, ESQ.
      Florida Bar Number 699748
      For the Firm

2

G:\WPFILES\CAM\LIT\Jackson-Janice-S&F\Reply-Affirmative-Defenses

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JANICE L. JACKSON,

      CASE NO.: 06-13084 CA (24)

   Plaintiff,
vs.

WINN-DIXIE, INC.,
A Florida corporation,

   Defendant.                                 FLA. BAR NO. 306371
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, WINN-DIXIE STORES, INC. ("Winn-Dixie"), incorrectly sued herein as Winn-Dixie, Inc., answers the correspondingly numbered paragraphs in the Complaint as follows:

1. Denied.

2. Admitted for purposes of establishing jurisdiction and venue. Denied that the incident occurred as alleged.

3. Unknown, therefore denied.

4. Admitted.

5. Admitted that Winn-Dixie lawfully conducted business in Miami-Dade County, Florida. The balance of the allegations are denied in the specific form alleged.

6. Unknown, therefore denied.

7. Admitted that Winn-Dixie had all duties imposed by Florida law.

8. Denied.

9. Admitted that Winn-Dixie was aware that its customers and business invitees would walk upon its floor during its regular business hours.

{GAV/214019.0008/M1533016_1}

ADORNO & YOSS, LLP
2525 PONCE DE LEON BLVD. • SUITE 400 • MIAMI, FLORIDA 33134-6012 • TELEPHONE 305-460-1000 • TELEFAX 305-460-1422

Janice Lee Jackson vs. Winn-Dixie
CASE NO.:   06-13084 CA (24)

10.   Denied.

11.   Denied.

12.   Denied.

13.   Denied.

All allegations in the Complaint not specifically admitted above by Winn-Dixie are denied and Winn-Dixie demands strict proof thereof.

### AFFIRMATIVE DEFENSES

1. The Plaintiff was guilty of negligence which was the proximate cause of the alleged accident and alleged resulting damages. The Plaintiff's claim is therefore barred or subject to reduction pursuant to the Doctrine of Comparative Negligence.

2. Winn-Dixie is entitled to a set-off of all amounts paid or payable by all collateral sources or expenses, bills or other obligations incurred as a result of the alleged accident.

3. All injuries or damages alleged to have been sustained by the Plaintiff were caused by negligent, intentional or other acts or omissions of third-parties, agencies, persons, entities, forces or instrumentalities outside and beyond the control of Winn-Dixie.

4. The acts or omissions alleged in the Complaint as attributable to Wal-Mart were not the proximate causes of the plaintiff's alleged damages.

5. Winn-Dixie had neither actual or constructive notice or knowledge of the alleged defective or dangerous condition referred to in the Complaint.

Janice Lee Jackson vs. Winn-Dixie
CASE NO.:   06-13084 CA (24)

6. The defect or dangerous condition alleged to have been present at Winn-Dixie's premises was an open and obvious danger.

7. Plaintiff's knowledge of the alleged dangerous condition was superior to or at least equal to Winn-Dixie's alleged knowledge, thus, Winn-Dixie had no duty to warn the plaintiff of any such condition.

All allegations in the Complaint not specifically admitted above by Winn-Dixie are denied and Winn-Dixie demands strict proof thereof.

### DEMAND FOR JURY TRIAL

Winn-Dixie demands a trial by a jury of all issues so triable.

WHEREFORE, Winn-Dixie demands entry of judgment in its favor plus costs incurred in defending this action.

Respectfully submitted,

ADORNO & YOSS, LLP

_____
GREGORY A. VICTOR
2525 Ponce De Leon Boulevard
Suite 400
Miami, Florida 33134
PH:   (305) 460-1082
FAX:  (305) 460-1422
Attorney for Winn-Dixie

{GAV/214019.0008/M1533016_1}

3

Janice Lee Jackson vs. Winn-Dixie
CASE NO.:   06-13084 CA (24)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Winn-Dixie's Answer and Affirmative was served by fax and mail this 11 day of AUGUST, 2006 to:

Charles A. Mancuso
THOMAS & PEARL, P.A.
2404 N.E. 9th Street
Ft. Lauderdale, Florida 33304
Ph:    (954) 563-9225
Fax:   (954) 563-9497
**Counsel for Plaintiff**

_____
Gregory A. Victor

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JANICE L. JACKSON,

   Plaintiff,

vs.

WINN-DIXIE, INC.,

   Defendant.
_____/

CASE NO. 06-013084 CA (24)

Florida Bar Number 699748

## PLAINTIFF'S REPLY TO AFFIRMATIVE DEFENSES

Plaintiff, JANICE L. JACKSON, replies to the affirmative defenses alleged by the Defendant, WINN-DIXIE, INC., as set forth in Defendant's Answer And Affirmative Defenses, dated August 11, 2006, specifically as follows:

1. Plaintiff denies each and every allegation alleged by Defendant as an affirmative defense not specifically admitted herein.

2. Plaintiff denies each and every allegation alleged by Defendant as an affirmative defense as set forth in Defendant's first, third, fifth sixth and seventh affirmative defenses, and Plaintiff further demands strict proof thereof.

3. Defendant's affirmative defense as set forth in Defendant's second affirmative defense is a partial misstatement of the law. The collateral source defense is only applicable to collateral sources that have made payments to or on behalf of Plaintiffs that do not have the right of subrogation. For collateral sources that have made payments to or on behalf of Plaintiffs that have the right of subrogation, the collateral source defense does not apply. Notwithstanding Defendant's partial misstatement of the law, Plaintiff denies each and every allegation alleged by

*Janice L. Jackson vs. Winn-Dixie, Inc.*
Case No. 06-013084 CA (24). 11th Judicial Circuit Court
Miami-Dade County, Florida

Defendant as an affirmative defense as set forth in Defendant's second affirmative defense and

Plaintiff further demands strict proof thereof.

    4.    Plaintiff is unable to respond to Defendant's fourth affirmative defense as Plaintiff

is unable to respond to any allegations involving "Wal-Mart".

    I HEREBY CERTIFY that on this 7th day of September, 2006, a true and correct copy of the foregoing was furnished via First Class U.S. Mail, postage prepaid, to **Gregory A. Victor, Esquire**, Adorno & Yoss, LLP, Attorneys for Defendant, 2525 Ponce De Leon Boulevard, Suite 400, Miami, Florida 33134 - Telephone: (305) 460-1082 - Facsimile: (305) 460-1422.

                                      THOMAS & PEARL, P.A.
                                      Attorneys for Plaintiff
                                      2404 N. E. 9th Street
                                      Fort Lauderdale, Florida 33304
                                      Telephone:  (954) 563-9225
                                      Facsimile:   (954) 563-9497

                              By: _____
                                    CHARLES A. MANCUSO, ESQ.
                                    Florida Bar Number 699748
                                    For the Firm