## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

WINN-DIXIE STORES, INC. et al.,                              Case No. 05-bk-03817-JAF

      Debtors                                                        Chapter 11

_____/

### MOTION BY MAVIS PIERSON & JIMMIE PIERSON TO ENLARGE
### TIME TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM

COMES NOW the movants, MAVIS PIERSON & JIMMIE PIERSON ("Movants"), by and through her undersigned counsel, and pursuant to Bankruptcy Rule 9006(b) hereby moves this Court for an Order enlarging the time to file their Application for Administrative Expense, and would show:

1.      The Debtors filed Chapter 11 on February 21, 2005.

2.      On or about July 31, 2005, the Movant was injured in the Winn Dixie store located in Ponchatoula, Louisiana as a result of negligence on the part of the Debtors.

3.      The Movants filed suit against the Debtors in state court in Louisiana on November 4, 2005.  The Movants were represented in the state court lawsuit by Attorney William J. Crain. Discovery was served and several depositions were taken in the state court case.

4.      The Debtors had notice and actual knowledge of the accident and the injuries suffered by the Movant.

5.      The Debtors' state court counsel did not advise the Movants' state court counsel of the Debtors' pending bankruptcy case in Florida.

6.      The Movants did not have any actual knowledge of the bankruptcy case.

7.      Pursuant to the Order confirming the Debtors' Chapter 11 Plan, the Bankruptcy Court set by January 5, 2007 as the Bar Date for claimants, including post-petition personal injury claimants, to file Applications for Administrative Expense with the Court.

8.      The Debtor apparently sent a Notice regarding the Administrative Claims Bar Date to post-petition claimants.  Neither the Debtors, their counsel or agent served the Movants or their state court counsel with any notice of the Bar Date Order <u>prior</u> to the claims bar date,  nor were the Movants otherwise aware of the Administrative Claims bar date prior to the bar date.

9.      On January 9, 2007, the Movants' state court attorney first became aware of the Administrative Claim bar date.  At the time, the Movants and their state court counsel were unaware of the Administrative Claim Bar Date.

10.      The Movants' state court counsel moved promptly to determine the status of the bankruptcy case and whether the Movants had received  any notice of the Administrative Claims bar date.  The Movants advised their counsel they had not received a Notice of the Administrative Claims bar date.

11.      On January 10, 2007, the Movants filed an Application for Administrative Expense with the Court.

12.      The Court should allow the Movants to file the Application for administrative claim against the Debtors past the Administrative Claim bar date, and deem the Application as timely filed because, *inter alia*, the Movants did not receive actual notice of the Administrative Claims bar date, or in the alternative, the failure to file an Application for Administrative Expense prior to the bar date was the result of excusable neglect.

2

13.    Affidavits in support of this Motion are attached hereto or will be filed in support hereof.

### Legal Argument

The Movants were involved in a serious accident caused by the negligence of the Debtors. This accident occurred **post-petition**.  The Movants filed a lawsuit in state court in Louisiana in late 2005.  In this process, the Movants were represented by counsel.

The Movants were known creditor of the Debtors.  Therefore, the Movants were entitled to actual notice of the Administrative Claims bar date. In re Charter Company, 125 B.R. 650 (Bkrtcy. M.D. Fla. 1991)(due process requires that a debtor's known creditors be given actual notice of the claims bar date).  The Movants were not given actual notice of the Administrative Claims Bar Date prior to the expiration of the bar date.

Under Bankruptcy Rule 9006, the Court can allow the Movant's late filed claim or pleading, and deem the claim or pleading as timely filed, based upon excusable neglect.  The legal standard for determining excusable neglect is set forth in Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 113 S.Ct. 1489 (1993).  In Pioneer, the Supreme Court held that a bankruptcy court may extend the bar date for cause to "permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect." Pioneer, 507 U.S. at 385, 113 S.Ct. at 1492. The determination as to whether a party's neglect of a deadline is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the parties omission." Id. Factors to be considered when determining the existence of "excusable neglect" include: prejudice to the debtor; the length of delay and its potential impact on the judicial proceedings; the reason for the delay; and whether the movant acted in good faith. Id.  Many Courts have applied the excusable

3

neglect analysis in <u>Pioneer Investment Services Co.</u> to time limits for filing administrative expense claims. <u>See</u>, <u>e.g.</u>, <u>In re Rand  Energy Co.</u>, 256 B.R. 712 (Bankr. N.D. Tex. 2000).

In this case, both the law and the equities favor the Court extending the Administrative Claim bar date to allow the Movants to file an administrative claim, and deem their claim as timely filed, for the following reasons:

(A)    The Movants were  known creditors holding a pre-petition claim.  The Debtors  failed to serve a Notice of the Administrative Claims bar date on the Movants or their state court counsel, or otherwise advise the Movants of the administrative claims bar date until **after** the bar date. Therefore, the Debtors failed to provide the Movants with actual notice of the bar date in a timely fashion, which deprived the Debtors' of their due process rights.

(B)    The Movants' claim should be deemed timely filed based upon excusable neglect.

(I)    There is no prejudice to the Debtors or the Estate if the bar date is extended to allow the Movants to file the Administrative Claim.  Since the filing of Chapter 11 case, the Debtors, through their agent (Segwick) and state court counsel, have been liquidating post-petition personal injury claims (either by litigating or adjusting) in the ordinary course of their business.  The Debtors have indicated they will continue to adjust and pay the post-petition personal injury claims in the same manner as they have done in the past.  Further, since these are post-petition claims, which are entitled to payment in full, allowing them to go forward will not effect the distribution to the pre-petition unsecured creditors.

(ii)    There has been no significant delay in the Movant filing this Motion.   The Motion has been filed less than one week after the Administrative Claim bar date.

(iii)    The judicial process has not been impacted in any way, and allowing the Movants to assert their Administrative Claim will have no impact on the administration of this case.

4

(iv)    Public policy does not weigh against the relief sought by the Movants.

(v)    The Movants' claim constitutes a post-petition personal injury tort claim.  As such, the Movants' claim cannot be adjudicated in the Bankruptcy Court (however, the personal injury claim could be resolved through a Court approved claims resolution process).

(vi)    The granting the Movants' request to have his claim be deemed timely filed is not prejudicial to the Debtors in any way.

In conclusion, the Debtors did not serve the Movants or their state court counsel with notice of the Administrative Claims bar date until **after** the bar date.  Further, neither the Movants nor their state court counsel received any notice of the bankruptcy case or the Administrative Claim bar date. Therefore, the Movants were not properly put on notice as to the bar date.  Further, once advised of the bar date, the Movants and their counsel have acted promptly and in good faith.  Granting the relief sought would not prejudice either the Debtors or creditors.   As a matter of equity, this Court should extend the bar date to allow the Movants' Administrative Expense Application in the above case to be deemed as timely filed.

WHEREFORE, the Movants respectfully request this Court for an Order enlarging time such that the Application for Administrative Expense and filed herein will be deemed to be timely filed, and for such other relief as the Court finds just.

_____/s/ Dennis J. LeVine_____
DENNIS J. LeVINE, ESQ.
FBN 375993
Dennis LeVine & Associates, P.A.
P. O. Box 707
Tampa, FL  33601
(813) 253-0777
(813) 253-0975 (fax)
Attorneys for the Movant

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing Motion to Enlarge Time to File Proof of Claim upon the parties listed on the attached list on this 15th day of January, 2007.

_____/s/ Dennis J. LeVine_____
DENNIS J. LeVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005