UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al,      Case No. 3:05-bk-03817-3F1

    Debtors      Chapter 11 - Jointly Administered

_____/

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM
FOR CERTAIN POST-PETITION PERSONAL INJURY CLAIMANT**

    COMES NOW the Movant, Catherine Watson (hereinafter "Movant"), by and through the undersigned counsel, and pursuant to 11 U.S.C. SECT. 503, requests this Court enter an Order approving her application to have allowed administrative claim against the Estate, and to authorize payment of her claim, and would show:

1. On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of theU.S. Bankruptcy Code.

2. On or about September 10, 2005, Defendant was the owner and in possession of a business in Escambia County, Florida that was used as a supermarket known as Winn Dixie Store 3498 and located at 155 S Highway 29, Cantonment, Florida.

At that time and place, Plaintiff went on said property as a customer of the Defendant. Defendant negligently maintained the floor in the produce department of said supermarket so that Plaintiff was caused to slip and fall on lettuce and negligently failed to correct a dangerous condition. Further, Defendant negligently failed to warn Plaintiff of a dangerous condition and negligently failed to inspect the premises.

3. The Debtors are operating their businesses and managing their property as a debtor in possession pursuant to § 1107 (a) and § 1108 of the Bankruptcy Code. The Court has appointed an official commitee of unsecured creditors to serve in these cases. The Court has entered Orders setting out certain procedures to resolve personal injury claims.

4. Subsequent to the filing of the case, the Movant suffered personal injuries as a result of the negligence by the Debtors. The Movant asserts the right to assert administrative expense claims due to the post-petition occurrence of their claims. This case is in litigation and currently debtor is represented by council. Plaintiff's council was not notified of the proof of claim requirement.

5. The personal injury claims of the Movants have not yet been liquidated. Nonetheless, the value of the claim may be in excess of $100,000.00.

6. The Court has entered an Order setting a bar date to file administrative expense claims.

7. The Court may award an administrative expense priority under § 503(b) for the "actual, necessary costs and expenses of preserving the estate...." 11 U.S.C. §503(b)(1). Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.

WHEREFORE, the Movants respectfully request the Court enter an Order allowing their post-petition administrative expense claims, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of their post-petition claims, the Movants request the Court enter an Order requiring the Debtors, as a condition of confirmation of their Chapter 11 Plan - to pay the allowed administrative claims in full.

>Daniel Stewart, P.A.
>4519 Hwy 90
>Pace, FL 32571
>(850) 994-4887
>Florida Bar No. 319392

>\_\_\_/s/ Daniel Stewart_____
>DANIEL STEWART, ESQUIRE
>Florida Bar No. 319392

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by electronic or standard U.S. Mail, to the parties listed below on this 12th day of January 2007.

                    /s/ Daniel Stewart
                   DANIEL STEWART, ESQUIRE

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
225 Water St., Suite 1800
Jacksonville, FL 32202

Kenneth C. Meeker, U.S. Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801

Mathew Barr, Esq.
One Chase Manhattan Plaza
New York, NY 10005