UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |

NOTICE OF AGREED ORDER (A) RESOLVING REJECTION DAMAGES CLAIMS OF GATOR COASTAL SHOPPING CENTRE, LLC; (B) RESOLVING CERTAIN REJECTION DAMAGES CLAIMS OF PRINCIPAL LIFE INSURANCE COMPANY; AND (C) CONTINUING HEARING ON OTHER CLAIMS OF GATOR COASTAL SHOPPING CENTRE, LLC

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

The Court will consider this matter without further notice or hearing unless a party in interest files an objection within 3 business days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy by email and fax on (i) Winn-Dixie Stores, Inc. c/o Jay Castle, Esq., 5050 Edgewood Court, Jacksonville, Florida 32254, JayCastle@winn-dixie.com, (ii) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com and (iii) Rosalie Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, rgray@skadden.com.

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors") give notice of the proposed entry of the attached Agreed Order (A) Resolving Rejection Damages Claims of Gator Coastal Shopping Centre, LLC; (B) Resolving Certain

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Rejection Damages Claims of Principal Life Insurance Company; and (C) Continuing Hearing on Other Claims of Gator Coastal Shopping Centre, LLC.

If no objection to the proposed Agreed Order is filed and served within the time set forth above, the Court will be requested to enter the Agreed Order without further notice or hearing.

Dated: January 19, 2007

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D.J. Baker*<br>    D. J. Baker<br>    Sally McDonald Henry<br>    Rosalie Walker Gray<br>    Adam S. Ravin | By  *s/ James H. Post*<br>    Stephen D. Busey<br>    James H. Post<br>    Cynthia C. Jackson |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(917) 777-2150 (facsimile)<br>djbaker@skadden.com | Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |
| Co-Counsel for Reorganized Debtors | Co-Counsel for Reorganized Debtors |

3

## Certificate of Service

I certify that a copy of this document has been furnished electronically and by facsimile to Post-Effective Date Committee, c/o Matthew Barr, Esq. and Michael Comerford, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, mbarr@milbank.com, mcomerford@milbank.com, this 19th day of January, 2007.

_____*Adam Ravin*_____
Attorney

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Reorganized Debtors. ) | Jointly Administered |
| ) | |

**AGREED ORDER (A) RESOLVING REJECTION DAMAGES CLAIMS OF GATOR COASTAL SHOPPING CENTRE, LLC; (B) RESOLVING CERTAIN REJECTION DAMAGES CLAIMS OF PRINCIPAL LIFE INSURANCE COMPANY; AND (C) CONTINUING HEARING ON OTHER CLAIMS OF GATOR COASTAL SHOPPING CENTRE, LLC**

This cause originally came before the Court upon the Fifteenth, Seventeenth and Twenty-Fourth Omnibus Objections (the "Objections") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to several proofs of claim listed on exhibits annexed to the Objections, including, but not limited to: (a) Claim Number 10215 filed by Gator Coastal Shopping Centre, LLC ("Gator") related to the rejection of the Leases and other related claims; (b) Claim Numbers 10086 and 11149 filed by the Principal Life Insurance Company ("Principal") for alleged damages arising from the rejection of the Leases; and (c) Claim Numbers 8902, 8903[1] and 11157 filed by CCP Employee Profit Sharing Plan & Trust ("Cardinal") and transferred to Principal for damages arising from the rejection of the Leases.[2] On or about August 14, 2006, Principal filed a Response to the Fifteenth Omnibus Objection relating to Claim Number 11149, and the Debtors continued the hearing indefinitely on the objection to such claim. On or about November 3, 2006, Gator filed a Response to the Twenty-

---

[1] A portion of Claim Number 8903 was transferred to Principal (the part being transferred to Principal, to be identified as "Partial Claim Number 8903"). This Agreed Order addresses only Partial Claim Number 8903; and does not affect the remaining portion of Claim Number 8903.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection and/or the Gator Response.

Fourth Omnibus Objection (the "Gator Response"). On or about November 3, 2006, the Debtors agreed to extend indefinitely the deadline by which Principal may file a response to the Twenty-Fourth Omnibus Objection. The Debtors thereafter agreed to continue the Objections with respect to (a) Claim Number 10215 filed by Gator (the "Gator Claim"), and (b) Claim Number 10086 filed by Principal, Claim Number 8902 assigned to Principal by Cardinal, and Claim Number 11157 assigned to Principal by Cardinal, among others (Claim Numbers 10086, 8902, 11157 and Partial Claim Number 8903 are collectively referred to as the "Principal Claims").

Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. Claim Number 10215 shall be reduced to $195,938.53 reflective of the disallowance of that portion of the Gator Claim attributable to alleged rejection damages. The remaining amount of $195,938.53 asserted in Claim Number 10215 will be addressed at such future hearing as the parties may agree or upon notice of either party. Principal waives any and all interest in Claim Number 10215.

2. The Claims Agent is directed to register a claim in the name of Gator Coastal Shopping Centre, LLC in the amount of $247,539.03 against Winn-Dixie Stores, Inc., which claim shall be (a) treated as an Allowed Class 13 Landlord Claim and (b) assigned a mailing address of 1595 N.E. 163rd Street, North Miami Beach, Florida 33162 for purposes of distribution.

3. The Principal Claims shall be resolved as follows: (a) Claim Number 10086 shall be reduced and allowed as a Class 13 Landlord Claim in the amount of $143,000, (b) Claim Number 11149 shall be disallowed in its entirety, (c) Claim Numbers 8902 and 11157 filed by Cardinal and assigned to Principal shall be disallowed in their entirety, and (d) Partial Claim Number 8903 shall be disallowed. Gator waives any and all interest in Claim Number 10086.

2

4.  On or before thirty (30) days after the entry of this Agreed Order, Principal and Gator will file the necessary pleadings and documents to dismiss the South Carolina Litigation (hereinafter defined) with prejudice and release of record the Leasehold Mortgages (hereinafter defined).

5.  Effective upon this Agreed Order becoming final and non-appealable ("Effective Date"), each of Principal and Gator (each a "Claimant") hereby intentionally and irrevocably, now and forever fully, finally and totally remises, releases, acquits, satisfies, and forever discharges the other Claimant for any and all matters arising out of or related to: (i) the action pending in the Court of Common Pleas for Horry County, South Carolina, known as Gator Coastal Shopping Centre, LLC vs. Principal Life Insurance Company, Civil Action No. 2005-CP-26-4499 ("South Carolina Litigation"), (ii) certain real property located in the City of Conway, Horry County, South Carolina, containing approximately 3.56 acres, together with all improvements thereon which was the subject of the South Carolina Litigation (the "Premises"), (iii) Winn-Dixie's Store, formerly known as Store 2124 situated on the Premises ("Store"), (iv) the leases and leasehold mortgages related to the Premises (the "Leasehold Mortgages"), and (v) the Debtors' chapter 11 cases ("Bankruptcy Cases"). Such release extends to all manner of claims, rights, demands, liabilities, action and actions, cause and causes of actions, liabilities, suits, liens, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, interest and penalties whatsoever, in law or in equity, or in admiralty or Bankruptcy arising out of or relating in any way to the South Carolina Litigation, the Premises, the Store, the Leasehold Mortgages, and the Bankruptcy Cases, whether under any state, foreign or federal statutory or common law, whether known or unknown, matured or un-matured, foreseen or unforeseen, and whether or not accrued or asserted, which either Claimant and/or any

officer, director, stockholder, legal representative, trustee, receiver, principal, successor, or assign or affiliate or partner of such Claimant, ever had, now has, or hereafter can, shall or may have, against the other Claimant whether directly, representatively, derivatively or in any other capacity, from the beginning of the world to the Effective Date. The release provisions of this paragraph are intended and agreed by each Claimant to be given the broadest and least restrictive interpretation. Nevertheless, the foregoing provisions of this paragraph shall not release each Claimant from its obligations under Paragraph 4 of this Agreed Order.

6. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this ____ day of _____, 2007 in Jacksonville, Florida.

                                                                                 _____
                                                                                 Hon. Jerry A. Funk
                                                                                 United States Bankruptcy Judge

Principal and Gator each hereby acknowledge and agree to the terms and provisions of this Agreed Order, and have caused this Agreed Order to be executed and delivered by their respective undersigned officers, duly authorized, as of December 20, 2006.

PRINCIPAL LIFE INSURANCE COMPANY
(F.K.A. Principal Mutual Life Insurance Company), an Iowa corporation
By:   PRINCIPAL REAL ESTATE INVESTORS, LLC, a Delaware
      limited liability company, its authorized signatory

By: _____
Its: H. J. Winegar
     Senior Commercial Mortgage Servicer

And

By: _____
Its: C. N. Giles
     Assistant Managing Director
     Commercial Mortgage Servicing


Gator Coastal Shopping Centre LLC,
a Delaware limited liability company

By:   Gator Coastal Centre Partners, Ltd.,
      a Florida limited partnership, its sole member

By:   Gator Coastal Centre Investors, Inc.,
      a Florida corporation, its sole general partner

      By: _____
          James A. Goldsmith
      Its: President

Principal and Gator each hereby acknowledge and agree to the terms and provisions of this Agreed Order, and have caused this Agreed Order to be executed and delivered by their respective undersigned officers, duly authorized, as of December 20, 2006.

PRINCIPAL LIFE INSURANCE COMPANY
(F.K.A. Principal Mutual Life Insurance Company), an Iowa corporation
By:   PRINCIPAL REAL ESTATE INVESTORS, LLC, a Delaware
       limited liability company, its authorized signatory

   By: _____

   Its: _____

And

   By: _____

   Its: _____



Gator Coastal Shopping Centre LLC,
a Delaware limited liability company

By:   Gator Coastal Centre Partners, Ltd.,
      a Florida limited partnership, its sole member

By:   Gator Coastal Centre Investors, Inc.,
      a Florida corporation, its sole general partner

   By: _____
       James A. Goldsmith
   Its: President

5

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| SMITH HULSEY & BUSEY | FROST BROWN TODD LLC |
| By /s/ James H. Post<br>James H. Post<br>Florida Bar Number 175460 | By: /s/ Douglas L. Lutz *<br>Douglas L. Lutz |
| 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile) | 2200 PNC Center<br>201 East Fifth Street<br>Cincinnati, Ohio 45202<br>(513) 651-6724<br>(513) 651-6981 (facsimile) |
| -and- | |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Attorneys for Gator Coastal Shopping Centre, LLC |
| D. J. Baker<br>Sally McDonald Henry<br>Rosalie Walker Gray<br>Adam S. Ravin<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile) | DUANE MORRIS LLP<br><br>By /s/ Margery N. Reed*<br>Margery N. Reed<br><br>30 South 17th Street<br>Philadelphia, PA 19103-4196<br>(215) 979-1518<br>(215) 979-1020 (facsimile) |
| Co-Counsel for Reorganized Debtors | Attorneys for Principal Life Insurance Company |

* Counsel have authorized their electronic signature

CINLibrary 0101031.0540818 1698397v.3