**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
|     Reorganized Debtors. | ) | Jointly Administered |

**NOTICE OF FILING**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates, as reorganized debtors, give notice of filing the attached First and Final Application of DJM Asset Management, LLC/The Food Partners, LLC for Allowance of Fees and Expenses for the period from June 10, 2005 through November 21, 2006.

Dated: January 19, 2007

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By   *s/ D. J. Baker* <br>     D. J. Baker <br>     Sally McDonald Henry <br>     Rosalie Walker Gray | By   *s/ Cynthia C. Jackson* <br>     Stephen D. Busey <br>     James H. Post <br>     Cynthia C. Jackson (FBN 498882) |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (917) 777-2150 (facsimile) <br> djbaker@skadden.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Counsel for Reorganized Debtors | Co-Counsel for Reorganized Debtors |

00554868

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Debtors.[1] | ) | Jointly Administered |

**SUMMARY OF FIRST AND FINAL FEE APPLICATION OF DJM ASSET
MANAGEMENT, LLC/THE FOOD PARTNERS, LLC FOR ALLOWANCE AND
PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED
(JUNE 10, 2005 THROUGH NOVEMBER 21, 2006)**

| | |
|---|---|
| Name of applicant: | DJM Asset Management, LLC/The Food Partners, LLC |
| Authorized to provide professional services to: | Winn-Dixie Stores, Inc., et al., Debtors |
| Date of retention: | June 10, 2005 |
| Period for which compensation and reimbursement are sought: | 06/10/05 – 11/21/06 |
| Amount of compensation sought as actual, reasonable, and necessary: | $3,664,414.30 |
| Amount of reimbursement sought as actual, reasonable, and necessary: | $98,905.30 |
| Additional compensation sought subject to completion of pending transactions | $12,661.20 |
| This is: | ___ an Interim Application   _X_ a Final Application |

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Debtors.[1] | ) | Jointly Administered |

### FIRST AND FINAL FEE APPLICATION OF DJM ASSET MANAGEMENT, LLC AND THE FOOD PARTNERS, LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED

DJM Asset Management, LLC ("DJM") and The Food Partners, LLC ("TFP") (collectively "DJM/TFP"), special real estate consultants for Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, while they were debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" or the "Company"), files this first and final fee application for allowance and payment of compensation for services rendered and reimbursement of expenses incurred (the "Application"). In support of this Application, DJM/TFP respectfully represents the following:

### JURISDICTION

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding under 28

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

U.S.C. § 157(b)(2).  The relief requested may be granted in accordance with the provisions of 11 U.S.C. §§ 330 and 331.

## BACKGROUND

A.   The Chapter 11 Cases

2. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").  By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.  The Debtors' cases are being jointly administered for procedural purposes only.

3. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors operated their businesses and managed their properties as debtors-in-possession under Bankruptcy Code sections 1107(a) and 1108.

4. On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases under Bankruptcy Code sections 1102 and 1103.  On August 17, 2005, an official committee of equity holders (the "Equity Committee") was appointed to serve in these cases under Bankruptcy Code sections 1102 and 1103, but the Equity Committee was subsequently disbanded.

5. The Debtors filed monthly operating reports and paid their quarterly fees. Ordinary course administrative obligations are being paid in the ordinary course of the Debtors' business, and fees and expenses incurred by professionals are or are anticipated to be paid under procedures previously established by the New York Court.

Case 3:05-bk-03817-JAF   Doc 14801   Filed 01/19/07   Page 5 of 11

6. On November 9, 2006, this Court entered an order (the "Confirmation Order") confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

7. On November 21, 2006, the Plan went effective.

B. <u>Retention of DJM/TFP.</u>

8. On May 13, 2005, the Debtors filed the Application for Authority to Retain DJM/TFP as Special Real Estate Consultants to the Debtors (the "Employment Application"). A copy of the Employment Application is attached to this Application as Exhibit A.

9. The Employment Application was supported by the Declarations of Andrew B. Graiser and Matthew S. Morris, copies of which are included as part of Exhibit A.

10. On June 10, 2005, the Court entered its order (the "Employment Order") authorizing the Debtors to retain DJM/TFP. A copy of the Employment Order is attached to this Application as Exhibit B.

COMPENSATION AND REIMBURSEMENT REQUESTED

11. By this Application DJM/TFP requests that this Court authorize and order (a) allowance of compensation for services rendered by DJM/TFP on behalf of the Debtors in the amount of $ 3,664,414.30, representing 100% of the fees earned, and payment of $647,498.00 of such fees, the amount not previously paid, (b) allowance of up to $12,661.20 of additional fees pending completion of certain transactions as set forth in paragraph 14 (d) below and (c) allowance of actual necessary expenses incurred by DJM/TFP in connection with the rendition of such services in the amount of $98,905.30, representing 100% of expenses incurred by DJM/TFP.

12. All services performed by DJM/TFP were performed for and on behalf of the

Debtors and not for or on behalf of any other individual or entity. These services were rendered in discharge of DJM/TFP's responsibilities as special real estate consultants for the Debtors in these cases. DJM/TFP's services have been substantial, necessary and of significant benefit to the Debtors and their estates.

13. Except as referenced in paragraph 8 of the Employment Order with regard to payments between Blackstone and DJM/TFP, no agreement or understanding exists between DJM/TFP and any other entity for the sharing of compensation to be received for services rendered in connection with these cases. See Exhibit B.

## SUMMARY OF SERVICES RENDERED AND FEES

14. Since the entry of the Employment Order, DJM/TFP has worked closely with the Debtors and their advisors to maximize the return for estate creditors and has acted at all times in the best interests of creditors and other parties in interest in these cases. DJM/TFP's services have been directed toward a number of real estate related tasks necessary to achieve this result. To meet the Debtors' needs, DJM/TFP provided real estate services on a continuous basis, as requested and directed by the Debtors. At periods in this process, certain of DJM/TFP's professionals working on the cases were required to devote the majority of their time to this matter, often to the exclusion of other clients. As a result of the efforts of the Debtors, DJM/TFP, and the Debtors' other professionals, the Debtors' were able to achieve significant proceeds and savings from various real estate transactions, as detailed below:

(a) Disposition of Leaseholds

DJM/TFP assisted the Debtors and the Debtor's other professionals in structuring and implementing a marketing and auction process for the disposition of certain of the Debtors' leasehold assets and related inventory and furniture, fixtures and equipment. In that regard, DJM/TFP provided advice as to the form of marketing materials and transaction documents, including assisting in the drafting of assignment of lease

4

agreements, termination of lease agreements, purchase and sale agreements and auction bid procedures. DJM/TFP further assisted the Debtors and the Debtors' other professionals in negotiations with various landlords to obtain approvals of such bid procedures.

DJM/TFP aggressively marketed the Debtors' leasehold assets for sale and negotiated with potential assignees and purchasers and negotiated with landlords to terminate leases and/or obtain necessary related lease modifications or consents. DJM/TFP worked closely with the Debtors and the Debtors' other professionals to prepare for, attend and participate in auctions for the leaseholds. Throughout that process DJM/TFP provided advice to the Debtors designed to maximize the price paid for such assets.

As a result of DJM/TFP's efforts, the Debtors realized $35,341,366 in gross proceeds from the disposition of leaseholds. As set forth in Section II B 1 of the Real Estate Consulting Agreement (the "Agreement") attached as Exhibit A to the Employment Application, DJM's fee for lease dispositions is equal to the greater of (i) 2.0% of such gross proceeds and (ii) 2.0% of the dividend that would have been paid to the applicable landlord if the lease had been rejected. As set forth on composite Exhibit C-1, DJM has billed the Debtors $707,827.32 for lease dispositions, calculated as 2.0% of gross proceeds received. The Debtors have paid that amount. Pursuant to the Plan, landlord claims (Class 13 claims) will be paid at a rate of 70.6%. As set forth in Exhibit C-1, DJM/TFP is requesting payment of an additional amount of $214,103, relating to instances where the fee calculated as 2.0% of the Class 13 distribution is greater than that calculated as 2.0% of the gross proceeds received for a lease.

Pursuant to this Application DJM/TFP seeks Court approval of fees in the total sum of $921,930.32 for lease disposition services rendered and requests that the Court order the payment of the unpaid amount of $214,103 as described above.

(b)     Sale of Owned Properties

DJM/TFP assisted the Debtors on numerous occasions related to the closing on the sale of certain of their owned properties. In that regard, DJM/TFP provided advice as to the form of marketing materials and transaction documents, including assisting in the drafting of purchase and sale agreements and auction bid procedures. DJM/TFP aggressively marketed the Debtors' owned properties for sale, showed the properties to potential purchasers and negotiated with potential purchasers. DJM/TFP worked closely with the Debtors and the Debtors' other professionals to prepare for and attend and participate in auctions for such properties. Throughout that process DJM/TFP provided advice to the Debtors designed to maximize the price paid for such assets.

As a result of DJM/TFP's efforts, the Debtors realized $89,356,948.98 in gross proceeds from the sale of owned properties. As set forth in Section II B 2 of the Agreement, DJM's fee for owned property sales is 2.0% of such gross proceeds. As set forth on composite Exhibit C-2, DJM has billed the Debtors $1,787,138.98 for owned

5

property sales, calculated as 2.0% of gross proceeds received. The Debtors have paid that amount.

Pursuant to this Application DJM/TFP seeks Court approval of fees in the total sum of $1,787,138.98 for fee-owned property disposition services rendered.

(c)    Claim Reductions/Waivers and Rent Reductions

DJM/TFP negotiated with landlord of leases ultimately assumed by the Debtors to obtain pre-petition claim waivers/reductions and rent reductions. As a result of DJM/TFP's efforts, the Debtors realized $270,042 in claim reductions/waivers and a net present value, using a 6% per annum discount factor, of $10, 223,139 in rent reductions. As set forth in Section II B 3 and 4(a) of the Agreement, DJM's fee for claim reductions is 3.0% of the amount reduced or waived and for rent reductions the fee is 3.0% of the net present value, using a 6% discount factor, of rent reduced. As set forth on composite Exhibit C-3, DJM has billed the Debtors $8,101 for claim reductions/waivers and $306,694 for rent reductions. The Debtors have not yet paid that amount.

Pursuant to this Application DJM/TFP seeks Court approval of fees in the total sum of $314,795 for claim reduction/waiver and rent reduction services rendered and requests that the Court order the payment of that amount as described above.

(d)    Sublease Terminations

DJM/TFP negotiated with landlords of certain leases where the Debtors had subleased the premises to third parties. As requested by the Debtors, DJM/TFP negotiated terminations of these leases. As set forth in Section II B 4(b) of the Agreement, DJM's fee for such terminations is an amount equal to one half (1/2) of one month's occupancy cost for each applicable lease. As set forth on composite Exhibit C-4, DJM billed the Debtors $221,469 for termination fees related to subleased properties. The Debtors have paid $161,950.10 of that amount stating that no fees were due for stores numbers 1096, Goose Creek, SC, 1261, Summerville, SC and 1857, Dalton, GA. The debtors also stated that transactions were not completed for stores 893, Washington, NC and 1564, Oakdale, LA and that when complete, the total fee for those two stores would be $12,661.20. DJM/TFP agrees with the revised amounts.

Pursuant to this Application DJM/TFP seeks Court approval of fees in the total sum of $161,950.10 for termination of subleased property services rendered as set forth above and requests that the Court approve and orders the payment of the additional amount of up to $12,661.20, provided that the above-referenced transactions are completed.

6

(e) <u>Expense Reimbursement.</u>

Section III B of the Agreement provides that DJM/TFP will be reimbursed by the Debtors for reasonably incurred marketing expenses, not to exceed a budget approved by the Debtors, and for reasonably incurred travel expenses. DJM/TFP has billed the Debtors for such expense reimbursement the total amount of $98,905.30 as set forth on composite Exhibit C-5. The Debtors have paid that amount.

Pursuant to this Application DJM/TFP seeks Court approval of such expense reimbursement in the total sum of $98,905.30.

(f) <u>Valuation Services</u>

On three occasions DJM performed leasehold valuation services for the Debtors. As set forth on composite Exhibit C-6, in March 2005 the Debtors requested a valuation of certain leaseholds, the fee for which, pursuant to a separate agreement, was $200,000. That amount was paid. In April 2006 the Debtors requested an update of the 2005 valuation and a valuation of certain other leaseholds, the fee for which, pursuant to separate agreement, was $160,000. That amount was paid. In November and December 2006, the Debtors requested valuations of all of the Debtors' leaseholds in connection with a review of fresh start accounting. The fee for that work, pursuant to separate agreement, was $118,600. That amount was billed but not yet paid.

Pursuant to this Application DJM/TFP seeks Court approval of fees in the total sum of $478,600 for leasehold valuation services rendered and requests that the Court order the payment of the unpaid amount of $118,600, as set forth above.

WHEREFORE, DJM/TFP requests that the Court (i) approve DJM/TFP's fees in the amount of $3,664,414.30, and expenses in the amount of $98,905.30, (ii) authorize payment of $647,498.00, the presently unpaid portion of such fees, (iii) approve and order the payment of up to $12,661.20 of fees subject to the completion of certain sublease termination transactions as set forth in paragraph 14(d) above and (iv) grant DJM/TFP such other and further relief as the Court deems just and proper.

[Signature page follows.]

Dated: January 17, 2007

        DJM ASSET MANAGEMENT, LLC

        By: _____
         Emilio Amendola, Co-President
         445 Broad Hollow Road, Suite 417
         Melville, NY 11747
         Tel: 631-927-0023
         Fax: 631-752-1231
         Email: emendola@djmrealty.com


        THE FOOD PARTNERS, LLC


        By: _____
         Matthew S. Morris, Principal
         5335 Wisconsin Avenue, NW, Suite 410
         Washington, DC 20015
         Tel: 202-589-0434
         Fax: 202-589-0433.
         Email: msmorris@thefoodpartners.com

Dated: January __, 2007

                    DJM ASSET MANAGEMENT, LLC

                    By: _____
                        Emilio Amendola, Co-President
                        445 Broad Hollow Road, Suite 417
                        Melville, NY 11747
                        Tel: 631-927-0023
                        Fax: 631-752-1231
                        Email: emendola@djmrealty.com

THE FOOD PARTNERS, LLC

By: _____
     Matthew S. Morris, Principal
     5335 Wisconsin Avenue, NW, Suite 410
     Washington, DC 20015
     Tel: 202-589-0434
     Fax: 202-589-0433
     Email: msmorris@thefoodpartners.com