**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**NOTICE OF FILING**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates, as reorganized debtors, give notice of filing the attached Third Interim and Final Application of Deloitte Consulting LLP for Fresh-Start Accounting Services to the Debtors for Allowance of Fees and Expenses for the period from March 14, 2006 through November 21, 2006.

Dated: January 19, 2007

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By   *s/ D. J. Baker*  <br>     D. J. Baker<br>     Sally McDonald Henry<br>     Rosalie Walker Gray | By   *s/ Cynthia C. Jackson*  <br>     Stephen D. Busey<br>     James H. Post<br>     Cynthia C. Jackson (FBN 498882) |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(917) 777-2150 (facsimile)<br>djbaker@skadden.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Counsel for Reorganized Debtors | Co-Counsel for Reorganized Debtors |

00554868

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Debtors. | ) | Jointly Administered |

**SUMMARY SHEET ACCOMPANYING THIRD INTERIM AND FINAL FEE APPLICATION OF DELOITTE CONSULTING LLP FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM MARCH 14, 2006 THROUGH NOVEMBER 21, 2006**

Name of Applicant: Deloitte Consulting LLP

Authorized to Provide Services to: Winn-Dixie Stores, Inc., et al.

Time Period for Current Interim
Application: October 1, 2006 through November 21, 2006

Current Interim Application: Fees Incurred: $44,314.70
Expenses Requested: $5,930.01

Prior Interim Applications:

March 14, 2006 through May 31, 2006 -
Fees Incurred: $117,294.80
Expenses Requested: $16,931.53

June 1, 2006 through September 30, 2006 -
Fees Incurred: $113,714.60
Expenses Requested: $5,919.41

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Debtors.[1] | ) | Jointly Administered |

**THIRD INTERIM AND FINAL FEE APPLICATION FOR**
**ALLOWANCE OF FEES AND EXPENSES OF DELOITTE CONSULTING LLP**
**TO PROVIDE FRESH-START ACCOUNTING SERVICES**
**TO THE DEBTORS FOR THE PERIOD FROM**
**MARCH 14, 2006 THROUGH NOVEMBER 21, 2006**

TO:   THE HONORABLE JERRY A. FUNK
       UNITED STATES BANKRUPTCY JUDGE

Deloitte Consulting LLP ("Deloitte Consulting") hereby applies to this Court for final allowance of fees and expenses of Deloitte Consulting as providers of fresh-start accounting services to Winn-Dixie Stores, Inc., et al. (the "Debtors"), for the period from March 14, 2006 through November 21, 2006 (the "Compensation Period"), pursuant to sections 330 and 331 of title 11 of the United States Code, as amended (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, Deloitte Consulting states:

**Jurisdiction And Venue**

1.    On March 4, 2005, the Court signed the Order Approving Interim Compensation Procedures for Professionals (the "Interim Compensation Order"). The

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Interim Compensation Order states, inter alia, "Approximately every 120 days, each of the Professionals shall serve and file with the Court an application for interim or final approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested."

2. Deloitte Consulting files this Application in compliance with this provision of the Interim Compensation Order.

3. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105, 327, 330 and 331 of the Bankruptcy Code and Rules 2002(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

## **Background**

4. On February 21, 2005, the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code 11 U.S.C. §§101-1330, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By Order dated April 13, 2005, the New York Court transferred venue of these cases to this Court. Any orders entered by the New York Court remain in full force and effect before this Court, unless otherwise ordered by this Court. These cases are jointly administered for procedural purposes only.

5. The Debtors continue to manage and operate the business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6. On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to Bankruptcy Code §1103.

7. On April 18, 2006, Debtors' counsel filed an application for authority to employ Deloitte Consulting as providers of fresh start accounting services to the Debtors.

8. On May 4, 2006, the Court authorized the employment of Deloitte Consulting as providers of fresh start accounting services to the Debtors nunc pro tunc to March 14, 2006.

## Relief Requested

9. On July 21, 2006, Deloitte Consulting filed its First Interim Fee Application for Allowance of Fees and Expenses for the first interim period from March 14, 2006 through May 31, 2006 (the "First Fee Application"). On August 10, 2006, Judge Funk signed an Order approving Deloitte Consulting's First Fee Application, which is the report of Stuart, Maue, Mitchell & James, Ltd. (the "Fee Examiner"). On September 22, 2006, the Fee Examiner filed its final report regarding Deloitte Consulting's First Fee Application. On October 5, 2006, Deloitte Consulting filed its response to the final report of the Fee Examiner.

10. With respect to the first interim period from March 14, 2006 through May 31, 2006, Deloitte Consulting filed one (1) monthly fee statement requesting a total of $117,294.80 in professional fees and $ $16,931.53 in expenses, comprised as follows:

|  | *Fees* | *Expenses* |
|---|---|---|
| For the period from March 14, 2006 through May 31, 2006 | $117,294.80 | $16,931.53 |
| **TOTAL for the First Interim Period** | **$117,294.80** | **$16,931.53** |

11. On November 20, 2006, Deloitte Consulting filed its Second Interim Fee Application for Allowance of Fees and Expenses for the second interim period from June 1, 2006 through September 30, 2006 (the "Second Fee Application").  On December 14, 2006, Judge Funk signed an Order approving Deloitte Consulting's Second Fee Application, subject to the report of the Fee Examiner, which has been received by Deloitte Consulting but not yet filed with the Court by the Fee Examiner.

12. With respect to the second interim period from June 1, 2006 through September 30, 2006, Deloitte Consulting filed four (4) monthly fee statements requesting a total of $113,714.60 in professional fees and $5,919.41 in expenses, comprised as follows:

|  | *Fees* | *Expenses* |
|---|---|---|
| For the period from June 1, 2006 through June 30, 2006 | $79,297.80 | $5,085.14 |
| For the period from July 1, 2006 through July 31, 2006 | $4,192.40 | $834.27 |
| For the period from August 1, 2006 through August 31, 2006 | $26,862.00 | $ - |
| For the period from September 1, 2006 through September 30, 2006 | $3,362.40 | $ - |
| **TOTAL for the Second Interim Period** | **$113,714.60** | **$5,919.41** |

13. With respect to this third interim application for the period from October 1, 2006 through November 21, 2006, Deloitte Consulting filed two (2) monthly fee statements requesting a total of $44,314.70 in professional fees and $5,930.01 in expenses, comprised as follows:

|  | *Fees* | *Expenses* |
|---|---|---|

| | | |
|---|---|---|
| For the period from October 1, 2006 through October 31, 2006 | $34,871.50 | $4,038.51 |
| For the period from November 1, 2006 through November 21, 2006 | $9,443.20 | $1,891.50 |
| **TOTAL for the Third Interim Period** | **$44,314.70** | **$5,930.01** |

14. Of the $44,314.70 in professional fees for this third interim period, $35,451.76, representing 80% of the fees for the months of October 1, 2006 through November 21, 2006, no longer remains within the 20 day mandated period of review for the monthly fees and expenses of case professionals.

15. Of the $5,930.01 in expenses incurred for this third interim period, $5,930.01, representing 100% of the expenses for the months of October 1, 2006 through November 21, 2006, no longer remains within the 20 day mandated period of review for the monthly fees and expenses of case professionals.

16. With respect to this final application, Deloitte Consulting requests approval of fees and expenses for the period from March 14, 2006 through November 21, 2006 for a total of $275,324.10 in professional fees and $28,780.95 in expenses, comprised as follows:

| | *Fees* | *Expenses* |
|---|---|---|
| The First Fee Application - for the period from March 14, 2006 through May 31, 2006 | $117,294.80 | $16,931.53 |
| The Second Fee Application - for the period from June 1, 2006 through September 30, 2006 | $113,714.60 | $5,919.41 |
| The Third Fee Application - for the period from October 1, 2006 through November 21, 2006 | $44,314.70 | $5,930.01 |
| **TOTAL for the Period from March 14, 2006 through November 21, 2006** | **$275,324.10** | **$28,780.95** |

17. Attached hereto as **Exhibit A** is a summary of time by individual for each of the three interim periods.

18. Attached hereto as **Exhibit B** is a narrative description of the services rendered in the period covered by this application.

19. Attached hereto as **Exhibit C** is a summary of the time by matter category incurred during the period covered by this application, divided for each of the three interim periods.

20. Attached hereto as **Exhibit D** are the time details indicating the date, responsible individual, matter category, time, rate, and fees earned for the period covered by this application, for the third interim period only.[2]

21. Attached hereto as **Exhibit E** are the expenses incurred by Deloitte Consulting for the period covered by this application, divided for each of the three interim periods.

## The Requested Compensation Should Be Allowed

22. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
> (A) the time spent on such services;
> (B) the rates charged for such services;

---

[2] The time detail for the other two interim fee applications has been previously filed with the Court.

>(C) whether the services were necessary to the administration of, or beneficial at the time at which the services was rendered toward the completion of, a case under this title;
>(D) whether the services were preformed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
>11 U.S.C. §330(a)(3).

23. In the instant case, Deloitte Consulting respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, necessary for, beneficial to, and in the best interest of the Debtors, their estates and their creditors. Deloitte Consulting further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtors, their estates and their creditors and were constantly performed in a timely manner commensurate with the complexity, importance and nature of the issues involved. Accordingly, the compensation sought herein is warranted.

24. All professional services for which compensation is being sought in this application were performed solely for and on behalf of the Debtors.

25. Some services incidental to the tasks performed by Deloitte Consulting in these Chapter 11 cases have been performed by personnel employed by or associated with affiliates or subsidiaries of Deloitte Consulting, including those located outside of the United States. The fees and expenses with respect to such services are included in the fee applications of Deloitte Consulting. Deloitte Consulting has no agreement to share its revenues from the services for which it has been retained with any nonaffiliated entity.

26. All of the services for which compensation is sought in this Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the request of, or on behalf of, any other person or entity.

27. In accordance with, and in furtherance of, the Administrative Interim Compensation Order, Deloitte Consulting has submitted its detailed monthly time and expenses records to the Office of the United States Trustee, D.J. Baker of Skadden, Arps, Slate, Meagher & Flom, LLP, Sarah Robinson Borders of King & Spalding, LLP, the Debtors, and the Creditor's Committee.

**WHEREFORE**, Deloitte Consulting requests that this Court (i) enter an Order awarding Deloitte Consulting fees in the amount of $275,324.10 and expenses of $28,780.95 for a total amount of $304,105.05 in connection with services rendered to the Debtors for the period from March 14, 2006 through November 21, 2006, and (ii) grant such other relief as is just and necessary.

Dated: January 19, 2007

Deloitte Consulting LLP

BY: /s/ Kirk Blair

Kirk Blair
Partner

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Debtors. | ) | Jointly Administered |

**ORDER APPROVING THIRD INTERIM AND FINAL APPLICATION OF DELOITTE CONSULTING LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(MARCH 14, 2006 THROUGH NOVEMBER 21, 2006)**

These cases came before the Court upon the application dated January 19, 2007 (the "Final Application") of Deloitte Consulting LLP ("Deloitte Consulting") for an order under 11 U.S.C. §§ 330 and 331 (i) allowing compensation for professional services rendered on behalf of the Debtors in the amount of $275,324.10, and authorizing payment of compensation not previously received, and (ii) allowing actual, necessary expenses incurred in connection with the rendition of such professional services in the amount of $28,780.95, and authorizing reimbursement of expenses not previously received, for the period from March 14, 2006 through November 21, 2006 (the "Application Period"). A hearing on the Final Application was held on _____, 2007. The Court has read the Final Application, considered the representations of counsel and has determined that notice of the Final Application was good and sufficient under the circumstances and that no other or further notice need be given.

Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.  The Final Application is granted.

2.  The fees earned and the expenses incurred during the Application Period, as set forth in the Final Application, are approved and allowed on a final basis.

3.  The Debtors are authorized and directed to pay to Deloitte Consulting (to the extent not previously paid) the sums of: (i) $275,324.10, representing fees earned during the Application Period and (ii) $28,780.95, representing expenses incurred during the Application Period.

Dated this _____ day of _____, 2007 in Jacksonville, Florida

_____
Jerry A. Funk
United States Bankruptcy Judge