UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

## ORDER DENYING FLORIDA TAX COLLECTORS' MOTION FOR LEAVE TO FILE PROOFS OF CLAIM WITHOUT PREJUDICE

This case came before the Court upon Florida Tax Collectors'[2] Motion for Leave to File Proofs of Claim without Prejudice (the "Motion for Leave"). The Court conducted a hearing on the matter on October 5, 2006. The Court afforded the parties additional time to submit post-hearing memoranda. Upon the arguments of the parties, the Court finds it appropriate to deny the Motion for Leave.

### Background

On February 21, 2005 the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code. The Debtors' cases are being jointly administered for procedural

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] The Florida Tax Collectors consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Escambia, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, and Walton (collectively, "Florida Tax Collectors").

purposes only. By order dated April 28, 2005 (the "Claims Bar Date Order") the Court set August 1, 2005 as the last date for all parties who have pre-petition claims against the Debtors to file and serve a proof of claim. The bar date applicable to governmental entities was August 22, 2005.

On August 17, 2005 the Florida Tax Collectors filed Motion to Extend Claims Bar Date by which they sought an extension until November 7, 2005 to file claims for the Debtors' 2005 ad valorem real property and tangible personal property taxes. On August 18, 2005 the Court entered Order Granting the Florida Tax Collectors' Motion to Extend Claims Bar Date. The Order required that the Florida Tax Collectors' claims for 2005 ad valorem real and tangible personal property taxes be filed by November 7, 2005. On November 4, 2005 the Court entered Order Granting the Florida Tax Collectors' Second Motion to Extend Claims Bar date. That Order required that the Florida Tax Collectors' claims for 2005 ad valorem real and tangible personal property taxes be filed by November 23, 2005.

On August 22, 2005 the Miami-Dade County Tax Collector filed proof of claim number 11669 in the amount of $59,951.54. On November 21, 2005 the Florida Tax Collectors filed the Motion for Leave by which they requested that the Court enter an order (i) allowing their proof of claim "to be filed without prejudice to any and all further amendments, modifications, and/or adjustments of any type relative to the amounts due," and (ii) declaring that the filing of their proof of claim is "without prejudice... [to] any defenses whatsoever.... including...abstention, sovereign immunity, and lack of jurisdiction." On November 21 or November 22, 2005 the Florida Tax Collectors,

2

including the Miami-Dade County Tax Collector, filed proof of claim 12566 in the amount of $68,455,687.91.[3]

### Standard for Post Bar Date Amendments

A bankruptcy court must carefully scrutinize a post bar date amendment to ensure that the amended claim is not an "attempt to file a new claim under the guise of an amendment." In re Int'l Horizons, Inc., 751 F.2d 1213, 1216 (11th Cir. 1985). However, an amendment to claim is freely allowed where "the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." Id. (citation omitted). To the extent the Florida Tax Collectors elect to file an amended proof of claim, such amendment will be subject to the factors set forth in Int'l Horizons.

### Attempted Preservation of Sovereign Immunity

The Florida Tax Collectors also seek to have the filing of the proof of claim without prejudice to sovereign immunity and other defenses. A state agency which files a proof of claim in a bankruptcy case waives its sovereign immunity from the adjudication of that claim. Gardner v. State of New Jersey, 329 U.S. 565, 573 (1947). "It is traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide by the consequences of that procedure ... When the State becomes the actor and files a claim against the fund it waives any immunity which it otherwise might have had respecting the adjudication of

---

[3] At the October 13, 2006 confirmation hearing of these cases the Florida Tax Collectors introduced a composite exhibit which established that the Debtors owe outstanding 2004 tangible personal property taxes to Brevard and Miami-Dade Counties and outstanding 2004 real property taxes to Pasco County. The Debtors also owe 2005 tangible personal property taxes and real property taxes to the 55 counties who

the claim." Id. at 573-574. The Florida Tax Collectors assert that notwithstanding Gardner, they reserved or preserved their sovereign immunity by filing the Motion for Leave prior to filing their claim. A state's attempted reservation of sovereign immunity by the inclusion of certain language in a pleading, despite the filing of a proof of claim, is ineffective. In re Barrett Refining Corp., 221 B.R. 795, 812 (Bankr. W.D. Okla. 1998). Accordingly, the Florida Tax Collectors' attempted reservation of sovereign immunity despite the filing of their proof of claim is without effect. Based upon the foregoing, the Court finds it appropriate to deny the Motion for Leave. It is

**ORDERED:**

Motion for Leave to File Proofs of Claim without Prejudice is denied.

**DATED** this 19 day of January, 2007 in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

---

make up the Florida Tax Collectors. Additionally, the 2006 ad valorem taxes became due on November 1, 2006.

4