UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: ) Case No. 05-03817-3F1
)
WINN-DIXIE STORES, INC., et al., ) Chapter 11
)
Debtors.[1] ) Jointly Administered
)

### ORDER GRANTING IN PART AND DENYING IN PART FLORIDA TAX COLLECTORS' MOTION TO DISMISS DEBTORS' OBJECTION TO FLORIDA TAX CLAIMS AND MOTION FOR ORDER DETERMINING TAX LIABILITIES

This case came before the Court upon Motion to Dismiss Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities (the "Motion to Dismiss") filed by the Florida Tax Collectors[2], Debtor's Reply to the Motion to Dismiss, and Florida Tax Collectors' Memorandum of Law in Support of Pending Motions. The Court conducted a hearing on the matter on October 5, 2006 (the "Hearing"). The Court afforded the parties additional time to submit post-hearing memoranda. Upon the

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] The Florida Tax Collectors consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Escambia, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, and Walton (collectively, "Florida Tax Collectors").

arguments of the parties, the Court finds it appropriate to grant in part the Motion to Dismiss.

**Background**

On February 21, 2005 (the "Petition Date") the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code. The Debtors' cases are being jointly administered for procedural purposes only. By order dated April 28, 2005 (the "Claims Bar Date Order") the Court set August 1, 2005 as the last date for all parties who have pre-petition claims against the Debtors to file and serve a proof of claim. The bar date applicable to governmental entities was August 22, 2005.

On August 17, 2005 the Florida Tax Collectors filed Motion to Extend Claims Bar Date by which they sought an extension until November 7, 2005 to file claims for the Debtors' 2005 ad valorem real property and tangible personal property taxes. On August 18, 2005 the Court entered Order Granting the Florida Tax Collectors' Motion to Extend Claims Bar Date. The Order required that the Florida Tax Collectors claims for 2005 ad valorem real and tangible personal property taxes be filed by November 7, 2005. On November 4, 2005 the Court entered Order Granting the Florida Tax Collectors Second Motion to Extend Claims Bar date. That Order required that the Florida Tax Collectors' claims for 2005 ad valorem real and tangible personal property taxes be filed by November 23, 2005.

On August 22, 2005 the Miami-Dade County Tax Collector filed Proof of Claim 11669 in the amount of $59,951.54. On November 22, 2005 the Florida Tax Collectors

filed Proof of Claim 12566 in the amount of $68,455,687.91. Claims 11669 and 12566 (collectively, the "Florida Tax Claims") are for 2004 and 2005 taxes.[3]

On August 8, 2006 Debtors filed Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities[4] (the "Objection and Motion"), requesting that the Court: (i) determine the correct market values for the properties identified in the Objection and Motion, in order to determine the Debtors' liabilities to the Florida Tax Collectors for the tax years 2004, 2005, and 2006; (ii) determine the appropriate rate for any interest due from the Debtors; (iii) authorize the Debtors to offset excess amounts paid to the Florida Tax Collectors for prior years against liabilities for other years; and (iv) extinguish any liens against the Debtors' properties once the underlying taxes are paid.

On August 28, 2006 the Florida Tax Collectors filed the Motion to Dismiss. By the Motion to Dismiss, the Florida Tax Collectors set forth numerous arguments asking the Court to dismiss the Objection and Motion.[5] The Florida Tax Collectors assert that: (i) the Tax Injunction Act precludes the Court from determining the Debtors' tax liabilities; ii) the Court lacks jurisdiction to determine the Debtors' tax liabilities under the Eleventh Amendment to the United States Constitution; (iii) the Tenth Amendment to

---

[3] At the October 13, 2006 confirmation hearing of these cases the Florida Tax Collectors introduced a composite exhibit which established that the Debtors owe outstanding 2004 tangible personal property taxes to Brevard and Miami-Dade Counties and outstanding 2004 real property taxes to Pasco County. The Debtors also owe 2005 tangible personal property taxes and real property taxes to the Florida Tax Collectors. Additionally, the 2006 ad valorem taxes became due on November 1, 2006.

[4] The Motion seeks relief pursuant to 11 U.S.C. § 505.

[5] The Court notes that the memoranda filed by the Florida Tax Collectors were not models of clarity. The Court endeavored to address every colorable argument set forth therein. To the extent that this Order fails to address every such argument, the Court nonetheless considered them and found them to be unpersuasive.

the Constitution precludes the Court from determining the Debtors' tax liabilities; (iv) the Debtors failed to satisfy the jurisdictional prerequisites set forth in 11 U.S.C. § 505(a)(2)(B); (v) the Debtors waived their right to contest the 2004 and 2005 taxes under § 505 because they failed to timely contest the taxes under Florida law; (vi) 28 U.S.C. §§ 959 and 960 require the Debtors to challenge their 2006 tax liabilities through the Florida state process and before state tribunals rather than in this Court under § 505; (vii) the Debtors have no standing to contest, and the Court has no authority to consider, taxes against property owned by third parties; (viii) the Debtors should be required to file an adversary proceeding and name the Florida property appraisers and the Florida Department of Revenue as defendants; and (ix) the Objection and Motion fail to state a claim against the Florida Tax Collectors.[6] The Court will address each argument in turn.

### I. Does the Tax Injunction Act Preclude the Court from Adjudicating the Objection and Motion?

The Florida Tax Collectors argue that 28 U.S.C. § 1341 (the "Tax Injunction Act") precludes the Court from adjudicating the Objection and Motion. The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Florida Tax Collectors contend that the Tax Injunction Act trumps § 505[7] under the canon of

---

[6] Although the Florida Tax Collectors assert in the Motion to Dismiss that the Objection and Motion should be dismissed because it fails to state a claim against them, in their post-hearing memorandum they state "[the Florida Tax Collectors] do not contend that [they] are not necessary parties to this proceeding...[the Florida Tax Collectors] are in fact necessary parties." (Florida Tax Collectors Supplemental Memorandum of Law, p.10.) The Court therefore deems this argument abandoned.

[7] Section 505 provides:

construction that specific legislation controls over general laws. Section 505 is the more specific law. Unlike the Tax Injunction Act, § 505 applies only in bankruptcy proceedings and only in certain circumstances. The Tax Injunction Act does not preclude the determination of state tax liability where federal courts have jurisdiction under [§ 505] of the Bankruptcy Code. City Vending of Muskogee, Inc., v. Oklahoma Tax Comm., 898 F.2d 122, 123 (10th Cir. 1990). The Tax Injunction Act does not preclude the Court from adjudicating the Objection and Motion.

## II. Sovereign Immunity

The Florida Tax Collectors argue that the Objection and Motion are barred by the Eleventh Amendment to the United States Constitution, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign State." A state agency which files a proof of claim in a bankruptcy case waives its sovereign immunity from the adjudication of that claim. Gardner v. State of New Jersey, 329 U.S. 565, 573 (1947). By filing the Florida

---

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(2) The court may not so determine—

   (A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title; or

     (B) any right of the estate to a tax refund, before the earlier of--

        (i)    120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or

        (ii) a determination by such governmental unit of such request.

Tax Claims, the Florida Tax Collectors waived sovereign immunity with respect to the adjudication of those claims.[8]

### III. Tenth Amendment

The Florida Tax Collectors argue that a determination of the Debtors' tax liabilities by this Court would usurp a state function in violation of the Tenth Amendment to the United States Constitution. The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the States respectively, or to the people." U.S. CONST. amend. X. Article I of the United States Constitution delegates to Congress the authority to establish "uniform Laws on the subject of Bankruptcies throughout the United States." U.S. CONST. art. I, § 8, cl. 4. Because the United States Constitution delegates to Congress the authority to enact uniform laws on the subject of bankruptcy, the Court will not be usurping a state function in violation of the Tenth Amendment by reassessing the Debtors' taxes pursuant to § 505. Moreover, because any determination the Court makes as to the value of the Debtors' property in Florida will be based on Florida law, the Court will not be usurping a state function in violation of the Tenth Amendment. See Lake Worth Generation, LLC, 318 B.R. 894, 907 (Bankr. M.D. Fla. 2004) (noting that "[a bankruptcy c]ourt's obligation to determine the value of [a d]ebtor's property and taxes based on that

---

[8] Even if the Florida Tax Collectors had not filed a proof of claim, the Eleventh Amendment is not implicated here because the Court is exercising its in rem jurisdiction only in adjudicating the Debtors' tax liabilities under § 505. See In re Fla. Furniture Ind., Inc., 342 B.R. 838, 841 (Bankr. M.D. Fla. 2005)(a court's abililty to determine a debtor's tax liability pursuant to § 505 is solely an exercise of its in rem jurisdiction); Lake Worth Generation, LLC, 318 B.R. 894, 907 (Bankr. M.D. Fla. 2004 )(noting that relief sought in debtor's § 505 motion was adjudication pursuant to the court's in rem jurisdiction). A bankruptcy court's exercise of in rem jurisdiction only does not infringe upon a state's sovereign immunity. See Tenn. Student Asst. Corp. v. Hood, 124 S.Ct. 1905 (2004) (noting that when a bankruptcy court's jurisdiction of the res is unquestioned the exercise of its in rem jurisdiction to discharge a debt does not infringe state sovereignty).

valuation in accordance with Florida law guarantees that [the c]ourt will not be usurping a State function in violation of the Tenth Amendment."

### IV. Jurisdictional Requirements of 11 U.S.C. § 505

There are two exceptions to § 505(a)(1)'s grant of authority to determine tax liabilities. Section 505(a)(2)(A) prevents a court from re-adjudicating tax claims that were already contested and finally adjudicated in a court of competent jurisdiction prior to the commencement of the case. The Florida Tax Claims have not been adjudicated in such a manner. Additionally, section 505(a)(2)(B) provides that where a trustee or debtor-in-possession seeks a refund of paid taxes, the debtor must first request the refund from the taxing authorities and grant them up to 120 days to review the request. The Florida Tax Collectors assert that to the extent the Debtors seek to have the Court reduce the already paid 2004 or 2005[9] taxes and apply that amount to another tax year, the Court does not have jurisdiction to do so because the Debtors failed to seek a refund in accordance with Florida law. The Debtors assert they are seeking an offset rather than a refund and are therefore not required to request a refund prior to seeking relief in this Court.

In In re Custom Distrib. Servs., Inc., the Third Circuit Court of Appeals addressed the issue. 224 F.3d 235 (3rd Cir. 2000). In that case the debtor filed a Chapter 11 case in October, 1994. In June, 1996 the debtor sought a reassessment of its real estate tax obligations and tax refunds/and or offsets for 1992-1997. The debtor had paid the taxes in full for 1992-1994, partially paid for 1995, and had not paid at all for 1996 and 1997. Id. at 238. The bankruptcy court revalued the property for 1992-1997, reduced the

assessments, and ordered the city to refund any overpayments, less any amount, which could be applied against other delinquencies. Id. at 239.

The city appealed, asserting for the first time that § 505(a)(2)(B) precluded the bankruptcy court from deciding the debtor's entitlement to a refund because the debtor did not properly request refunds under New Jersey law. The district court affirmed, ruling that § 505(a)(2)(B) was not a jurisdictional statute but was instead a defense that the city waived by not raising it in the bankruptcy court. Id.

The city appealed to the Third Circuit. After conducting a thorough review of the legislative history of §505(a)(2)(b)(i), the case law interpreting it, and weighing policy considerations, the court concluded that the "properly requests" language in that section creates a jurisdictional bar against adjudicating refund claims which are raised for the first time in a bankruptcy proceeding. Id. at 243. However, the court held that where a refund is sought as an offset, the debtor need not first file a claim with the taxing authority. Even so, the court adopted an important caveat to the exception: a debtor's claim for such an offset must be asserted within the statute of limitations for an appeal of the assessment. Because the debtor did not (and at that time could not) appeal the tax assessments for the 1992-1994 tax years within the time requirements under New Jersey law, the court held that the debtor's claim for offsets based on overpayments for those years was time-barred and as such, the bankruptcy court was without jurisdiction. Id. at 244-245.

---

9    The Florida Tax Collectors assert that some of the 2005 ad valorem real estate taxes have been paid.

8

The Court finds that <u>Custom Distribution</u> is well reasoned, instructive, insightful, and the Court agrees with its holding.[10] Because the time period for an appeal of the 2004 and 2005 taxes has expired pursuant to Florida law[11], to the extent the Debtors seek to reduce their 2004 or 2005 tax liability for taxes they have already paid and apply any

---

[10] The Court notes the Debtors' reliance on the case of <u>United States v. Kearns (In re Kearns)</u>, 177 F.3d 706 (8th Cir. 1999) for their assertion that § 505(a)(2)(B) does not preclude the Court from determining their 2004 and 2005 tax liability and applying any overpayment to other years. In that case the debtor filed an individual Chapter 11 bankruptcy case during 1990. The Internal Revenue Service filed a proof of claim for the debtor's 1989 taxes for unreported embezzlement income. The debtor later sought to offset the IRS claim in an amount equal to tax savings attributable to deductions for restitution payments he made in tax years 1990-1994. The bankruptcy court held that despite the fact that the debtor had not timely filed for a refund for the 1990-1994 years, it still had jurisdiction under § 505(a)(2) to determine the tax liability for those years, including any offsets. The Bankruptcy Appellate Panel for the Eighth Circuit reversed, holding that the bankruptcy court lacked jurisdiction over the 1990-1994 tax years. <u>In re Kearns</u>, 219 B.R. 823, 826 (8th Cir. B.A.P. 1998). The Eighth Circuit Court of Appeals reversed the Bankruptcy Appellate Panel. <u>Kearns</u>, 177 F.3d at 710. The court noted that

> we cannot share an interpretation of the Bankruptcy Code that precludes a debtor from having the benefit of carrying back deductions that are intimately related to the tax liability. In our view, the bankruptcy court correctly recognized the applicability in this case of a corollary to the rule that embezzled funds constitute income to the embezzler: "[T]o the extent that the victim recovers back the misappropriated funds, there is of course a reduction in the embezzler's income.". <u>Id.</u> quoting <u>United States v. Wells</u>, 549 U.S. 482 (1961).

The court held that § 505 "confer[red] on the bankruptcy court[] jurisdiction to determine tax liability beyond the year stated in the proof of claim [because] that liability involve[d] deductions resulting from repayment of embezzled funds" despite the fact that the debtor had not previously sought a refund. <u>Id.</u> In rejecting the Internal Revenue Service's argument that the restitution deduction was inappropriate because the debtor failed to file for the refund within the statute of limitations period set forth in the Internal Revenue Code, the court stated "if, when, the claims of the IRS and a debtor involve the same tax liabilities, it is 'without purpose and irrational' to deny jurisdiction over refunds absent a formal request by the debtor, it would be doubly so to apply a statutory bar to the debtor's claim for determination of tax liability." <u>Id.</u> at 711 (internal citation omitted). While the Court agrees with that portion of the <u>Kearns</u> holding which does not require the debtor to have previously sought a refund, the Court finds the remaining portion of the holding unavailing.

[11] The time for the Debtors to contest the 2004 and 2005 taxes has expired. <u>See</u> FLA. STAT. ANN. § 194.171(2)(West 2005).

9

reduction as an offset to other taxes, the Court does not have jurisdiction to do so.[12] Accordingly, the Court will dismiss the portion of the objection, which seeks such relief.

### V. Have Debtors Waived their Rights Under Section 505?

The Florida Tax Collectors argue that the Debtors have waived their right to contest the 2004 and 2005 property taxes pursuant to § 505 because they are time-barred from contesting those tax years under § 194.171(2) of the Florida Statutes.

> The broad grant of jurisdiction contained in § 505 makes no reference to time periods imposed by state law.... [A] debtor as representative of the bankruptcy estate is allowed to contest tax debts in the bankruptcy court even though his prior inaction would bar him from contesting them elsewhere. This is permitted on the ground that taxes with their priority pose a special problem for creditors, and creditors should not be prejudiced by a debtor's inaction.

In re Piper Aircraft Corp., 171 B.R. 415, 418 (Bankr. S.D. Fla. 1994). Notwithstanding the fact that Debtors are time-barred from contesting their 2004 and 2005 tax liabilities, pursuant to § 194.171(2), they have not waived their right to contest those liabilities pursuant to 11 U.S.C. § 505.[13]

### VI. Debtors' Ability to Challenge the 2006 Assessments

The Florida Tax Collectors also assert that 28 U.S.C. §§ 959 and 960 require the Debtors to challenge their 2006 taxes within the Florida statutory process before state tribunals. While those sections respectively require a debtor in possession to manage and

---

[12] The Court notes that Custom Distribution deals with the issue of taxes which were already paid. The Court addresses the issue of whether it has jurisdiction over the Debtors' request for a reduction of the unpaid 2004 and 2005 taxes in Section V.

10

operate its property in accordance with the laws of the state in which its property is situated and to pay its taxes on or before the due date under non-bankruptcy law, they do not limit the Debtors' right to contest their 2006 tax liability in this Court pursuant to 11 U.S.C. § 505.

### VII. Debtors' Standing to Contest and the Court's Jurisdiction to Adjudicate Taxes on Leased Properties

The Florida Tax Collectors argue that the Debtors have no standing under § 505 to contest whether taxes are owed on leased property. They also assert that the Debtors would not be the proper party to contest the taxes in state circuit court pursuant to Fla. Stat. § 194.181 and the Court may therefore not re-determine the taxes on leased property.[14] Debtors assert that under the lease of each Florida property at issue, they are obligated to pay all ad valorem taxes owed and that most of the leases permit the Debtors to contest the taxes on the assessed property. To the extent that the Debtors are obligated for the taxes under the respective leases and the leases provide the Debtors authority to contest those taxes, the Debtors have standing to so under § 505 and Fla. Stat. 194.181(a).

The Florida Tax Collectors also argue that by seeking to have the Court value leased property, the Debtors are asking the Court to exert jurisdiction over both the

---

[13] However, as the Court previously concluded, to the extent the Debtors seek to reduce their already paid 2004 or 2005 taxes and "offset" any such reduction to another year, they are precluded from doing so.

[14] Fla. Stat. § 194.181(1) provides in pertinent part:

The plaintiff in any tax suit shall be:
(a) The taxpayer or other person contesting the assessment of any tax, the payment of which he or she is responsible for under a statute or a person who is responsible for the entire tax payment pursuant to a contract and has the written consent of the property owner, or the condominium association, cooperative association, or homeowners' association as defined in s. 723.075 which operates the units subject to the assessment;

11

property and the persons owning the property and that such is not permissible. The Debtors are attempting to determine the taxes they owe to the Florida Tax Collectors who have affirmatively asserted claims against the Debtors for the taxes due on leased property. The Court has jurisdiction to make this determination.

### VIII. Must the Debtors file an Adversary Complaint or Join the Florida Property Appraisers and the Florida Department of Revenue as Parties?

The Florida Tax Collectors argue that the Debtors must dismiss the Objection and Motion and instead file an adversary proceeding naming the Florida property appraisers and the Florida Department of Revenue as Defendants. The Florida Tax Collectors contend that Bankruptcy Rule 7001 requires that the matter be brought as an adversary proceeding because the Debtors seek a determination of the extent of the Florida Tax Collectors' statutory liens, request injunctive relief, and request a declaratory decision regarding "just value." Bankruptcy Rule 3007 provides that "[i]f an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." The Florida Tax Collectors' assertion is therefore meritless.

The Florida Tax Collectors argue that the Debtors should be required to join as necessary parties the Florida property appraisers and the Florida Department of Revenue. They assert that the Florida property appraisers must be joined because the Debtors are contesting the valuation and assessment of the subject property. While not directly adjudicating the issue, a bankruptcy court in this district has given its imprimatur to a tax collector's request that a property appraiser be joined in a proceeding seeking the reduction of ad valorem and non-ad valorem taxes pursuant to 11 U.S.C. § 505. See In re Polygraphex Systems, Inc., 275 B.R. 408 (Bankr. M.D. Fla. 2002). In that case the

debtor filed an objection to a county's claim for ad valorem taxes, serving only the tax collector. Id. at 410. The tax collector asserted in its response that complete relief could not be accorded without joining the property appraiser. Id. At the hearing on the objection to claim, the court "[found] merit" with the tax collector's position and permitted the debtor to file an amended objection. Id. The court noted that pursuant to Fla. Stat. § 192.001(3) the property appraiser was the party responsible for determining the value of property and thereafter determining the tax on the property. Id. at 411. The court also noted the requirement in § 194.181 of the Florida Statutes that the county property appraiser be named as a party defendant in a suit brought in the state circuit court contesting the assessment of any property. Id. The Court finds that the property appraisers should be joined in this matter for the reasons set forth in Polygraphex Systems.[15]

The Florida Tax Collectors assert that the Florida Department of Revenue must be joined because the Debtors are contesting the assessments on the basis that they do not conform to the "just valuation" standard of the Florida constitution. Section 194.181(5) of the Florida Statutes requires that "[i]n any suit in which the assessment of any tax.... is contested on the ground that it is contrary to the State Constitution, the official of the state government responsible for overall supervision of the assessment and collection of such tax, shall be made a party defendant of such suit." Whether the assessments conform to the "just valuation" standard of the Florida constitution is a question of fact,

---

[15] The Court notes the case of Blue Cactus Post, L.C., 229 B.R. 379 (Bankr. N.D. Tex. 1999) where the court held that the appraisal district was not a necessary party to a § 505 matter because, while the appraiser was responsible for determining the value of property pursuant to the Texas Property Tax Code, the proceeding was brought pursuant to the Bankruptcy Code, which permitted the Court to disregard the state's procedural requirements. The Court is not persuaded by the reasoning of Blue Cactus.

not one of constitutionality. The Debtors are not required to join the Florida Department of Revenue. Upon the foregoing, it is

**ORDERED:**

1. Florida Tax Collectors' Motion to Dismiss Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities is granted in part and denied in part.

2. Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities is dismissed to the extent it seeks to apply any reduction of already paid 2004 or 2005 taxes to another year.

3. In all other respects the Florida Tax Collectors' Motion to Dismiss Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities is denied.

4. The Debtors are directed to serve a copy of the Objection and Motion and this Order upon the appropriate property appraisers within thirty days from the date of ths Order. The property appraisers shall file a response to the Objection and Motion within thirty days of service.

**DATED** this 19 day of January, 2007 in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge