# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
|  | ) |  |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
|  | ) |  |
| Debtors.[1] | ) | Jointly Administered |
|  | ) |  |

## ORDER DENYING FLORIDA TAX COLLECTORS' MOTION TO ABSTAIN FROM CONSIDERATION OF DEBTORS' OBJECTION TO FLORIDA TAX CLAIMS AND MOTION FOR ORDER DETERMINING TAX LIABILITIES

This case came before the Court upon Motion to Abstain from Consideration of Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities filed by the Florida Tax Collectors[2] (the "Motion to Abstain") and Debtors' Reply to Florida Tax Collectors Motion to Abstain (the "Reply"). The Court conducted a hearing on the matter on October 5, 2006. The Court afforded the parties additional time to submit post-hearing memoranda. Upon the arguments of the parties, the Court finds it appropriate to deny the Motion to Abstain.

---

[1]  In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]  The Florida Tax Collectors consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Escambia, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, and Walton (collectively, "Florida Tax Collectors").

## Background

On February 21, 2005 the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code. The Debtors' cases are being jointly administered for procedural purposes only. By order dated April 28, 2005 (the "Claims Bar Date Order") the Court set August 1, 2005 as the last date for all parties who have pre-petition claims against the Debtors to file and serve a proof of claim. The bar date applicable to governmental entities was August 22, 2005.

On August 17, 2005 the Florida Tax Collectors filed Motion to Extend Claims Bar Date by which they sought an extension until November 7, 2005 to file claims for the Debtors' 2005 ad valorem real property and tangible personal property taxes. On August 18, 2005 the Court entered Order Granting the Florida Tax Collectors' Motion to Extend Claims Bar Date. The Order required that the Florida Tax Collectors claims for 2005 ad valorem real and tangible personal property taxes be filed by November 7, 2005. On November 4, 2005 the Court entered Order Granting the Florida Tax Collectors Second Motion to Extend Claims Bar date. That Order required that the Florida Tax Collectors' claims for 2005 ad valorem real and tangible personal property taxes be filed by November 23, 2005.

On August 22, 2005 the Miami-Dade County Tax Collector filed proof of claim number 11669 in the amount of $59,951.54. On November 22, 2005 the Florida Tax Collectors filed proof of claim 12566 in the amount of $68,455,687.91. Claims 11669 and 12566 (collectively, the "Florida Tax Claims") are for 2004 and 2005 taxes.[3]

---

[3] At the October 13, 2006 confirmation hearing of these cases the Florida Tax Collectors introduced a composite exhibit which established that the Debtors owe outstanding 2004 tangible personal property taxes to Brevard and Miami-Dade Counties and outstanding 2004 real property taxes to Pasco County. The

On August 8, 2006 the Debtors filed Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities[4] (the "Objection and Motion"), requesting that the Court: (a) determine the correct market values for the properties identified in the Objection and Motion, in order to determine the Debtors' liabilities to the Florida Tax Collectors for the tax years 2004, 2005, and 2006; (b) determine the appropriate rate for any interest due from the Debtors; (c) authorize the Debtors to offset excess amounts paid to the Florida Tax Collectors for prior years against liabilities for other years; and (d) extinguish any liens against the Debtors' properties once the underlying taxes are paid.

**Is Abstention Appropriate?**

On August 28, 2006 the Florida Tax Collectors filed the Motion to Abstain. On October 3, 2006 the Debtors filed the Reply. The Florida Tax Collectors request that the Court exercise its discretion and abstain from considering the Objection and Motion under 11 U.S.C. § 505 and 28 U.S.C. § 1334(c)(1). Section 1334 provides in pertinent part:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1) (2005).

Unless abstention would serve the interests of creditors and debtors, bankruptcy courts should not decline to determine the amount and liability of taxes. In re Parsons, 153 B.R. 585, 587 (M.D. Fla. 1993). The Court finds that the best interests of the Debtors and

---

Debtors also owe 2005 tangible personal property taxes and real property taxes to the Florida Tax Collectors. Additionally, the 2006 ad valorem taxes became due on November 1, 2006.

[4] The Motion seeks relief pursuant to 11 U.S.C. § 505.

creditors would be served by having the Florida Tax Claims determined at one time and in one forum, rather than in some fifty five forums throughout the state.  Because the time within which the Debtors may contest their tax liabilities for 2004 and 2005 has expired under Florida law[5], no alternate forum exists for the Debtors to contest their tax liabilities.  The Debtors' inability to contest such liabilities would significantly impact the Debtors' estates and their creditors.[6]

Upon the foregoing, it is

**ORDERED:**

Florida Tax Collectors' Motion to Abstain from Consideration of Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities is denied.

**DATED** this 19 day of January, 2007 in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

---

[5] The time for the Debtors to contest the 2004 and 2005 taxes has expired.  See Fla. Stat. 194.171(2).

[6] The Florida Tax Collectors urge the Court to utilize the following factors set forth in ANC Rental Corp., 316 B.R. 153 (Bankr. D. Del. 2004) in determining whether to abstain from exercising jurisdiction over the Objection and Motion: 1) the complexity of the tax issue; 2) the need to administer the bankruptcy case in an orderly and efficient manner; 3) the burden on the bankruptcy court's docket; 4) the length of time required for trial and decision; 5) the asset and liability structure of the debtor; 6) the prejudice to the debtor and the potential prejudice to the taxing authority.  The Court finds that the most important of the foregoing factors in the instant case is the prejudice to the Debtors versus the potential prejudice to the Florida Tax Collectors.  Because the time within which the Debtors may contest their tax liabilities for 2004 and 2005 has expired under Florida law, no alternate forum exists for the Debtors to contest their tax liabilities.  Such a situation constitutes overwhelming prejudice to the Debtors.  While the Florida Tax Collectors may suffer some prejudice if the Court elects not to abstain, such prejudice is minimal when compared to the Debtors' plight.  Additionally, the Court finds that the remaining factors either weigh in favor of the Court exercising jurisdiction or fail to offset the overwhelming prejudice to the Debtors.