## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| _____ | ) | |

### SUMMARY OF SIXTH INTERIM AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (SMITH HULSEY & BUSEY)

1.     Name of Applicant:  **Smith Hulsey & Busey**

2.     Role of Applicant:  **Co-Counsel to the Debtors**

3.     Date Case Filed:  **February 21, 2005**

5.     Date of Application for Employment:  **April 18, 2005**

6.     Date of Order Approving Employment:  **April 20, 2005**

7.     Date of this Application:  **January 22, 2007**


**Sixth Interim Application:**

| | |
|---|---|
| Dates Covered by Sixth Interim Application | 10/1/06 – 11/21/06 |
| Total Fees Requested for this Period | $521,453.50 |
| Balance Remaining in Fee Retainer Account, Not Yet Received | N/A |
| Fees Paid or Advanced for this Period | $261,634.00 |
| **NET AMOUNT OF FEES REQUESTED FOR THIS PERIOD** | **$259,819.50** |
| Total Expense Reimbursement Requested for this Period | $ 22,157.41 |
| Balance Remaining in Expense Retainer Account, Not Yet Received | N/A |

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases:  Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

| | |
|---|---|
| Expenses Paid or Advanced for this Period | $ 16,181.88 |
| **NET AMOUNT OF EXPENSE REIMBURSEMENT REQUESTED FOR SIXTH INTERIM PERIOD** | **$    5,975.53** |

**Final Application:**

| | |
|---|---|
| Dates Covered by Final Application | 3/28/05 – 11/21/06 |
| Total Fees Requested for Final Application Period | $5,645,516.50 |
| Total Expense Reimbursement Requested for Final Application Period | 206,743.64 |
| **TOTAL AWARD REQUESTED BY THIS FINAL APPLICATION** | **$5,852,260.14** |

## HISTORY OF FEES AND EXPENSES

| | | |
|---|---|---|
| 1. | Dates, sources, and amounts of retainers received: | N/A |
| 2. | Dates, sources and amounts of third-party payments received: | N/A |
| 3. | Prior fee and expense awards: | $5,309,133.23 |

**First Interim Application for Compensation and Reimbursement of Expenses**

| | |
|---|---|
| Dates covered by First Interim Application: | March 28, 2005 through April 30, 2005 |
| Amount of fees requested: | $  124, 944.50 |
| Amount of expenses requested: | 3,318.02 |
| Amounts of fees awarded: | 124,944.50 |
| Amount of expenses awarded: | 3,318.02 |
| Amount of fee retainer authorized to be used: | N/A |
| Amount of expense retainer authorized to be used: | N/A |
| Fee award, net of retainer: | 124,944.50 |
| Expense award, net of retainer: | 3,318.02 |
| Date of First Interim Application award: | August 4, 2005 |
| Amount of fees actually paid: | 124,944.50 |
| Amount of expenses actually paid: | 3,318.02 |
| Portion of fees requested but not awarded: | 0 |
| Portion of expenses requested but not awarded: | 0 |

2

**Second Interim Application for Compensation and Reimbursement of Expenses**

| | |
|---|---|
| Dates covered by Second Interim Application: | May 1, 2005 through September 30, 2005 |
| Amount of fees requested: | $1,428,768.50 |
| Amount of expenses requested: | 59,029.21 |
| Amounts of fees awarded: | 1,428,768.50 |
| Amount of expenses awarded: | 59,029.21 |
| Amount of fee retainer authorized to be used: | N/A |
| Amount of expense retainer authorized to be used: | N/A |
| Fee award, net of retainer: | 1,428,768.50 |
| Expense award, net of retainer: | 59,029.21 |
| Date of Second Interim Application award: | December 1, 2005 |
| Amount of fees actually paid: | 1,428,768.50 |
| Amount of expenses actually paid: | 59,029.21 |
| Portion of fees requested but not awarded: | 0 |
| Portion of expenses requested but not awarded: | 0 |

**Third Interim Application for Compensation and Reimbursement of Expenses**

| | |
|---|---|
| Dates covered by Third Interim Application: | October 1, 2005 through January 31, 2006 |
| Amount of fees requested: | $985,669.00 |
| Amount of expenses requested: | 22,215.64 |
| Amounts of fees awarded: | 985,669.00 |
| Amount of expenses awarded: | 22,215.64 |
| Amount of fee retainer authorized to be used: | N/A |
| Amount of expense retainer authorized to be used: | N/A |
| Fee award, net of retainer: | 985,669.00 |
| Expense award, net of retainer: | 22,215.64 |
| Date of Third Interim Application award: | April 6, 2006 |
| Amount of fees actually paid: | 985,669.00 |
| Amount of expenses actually paid: | 22,215.64 |
| Portion of fees requested but not awarded: | 0 |
| Portion of expenses requested but not awarded: | 0 |

3

**Fourth Interim Application for Compensation and Reimbursement of Expenses**

| | |
|---|---|
| Dates covered by Fourth Interim Application: | February 1, 2006 through May 31, 2006 |
| Amount of fees requested: | $1,213,531.50 |
| Amount of expenses requested: | 48,370.34 |
| Amounts of fees awarded: | 1,213,531.50 |
| Amount of expenses awarded: | 48,370.34 |
| Amount of fee retainer authorized to be used: | N/A |
| Amount of expense retainer authorized to be used: | N/A |
| Fee award, net of retainer: | 1,213,531.50 |
| Expense award, net of retainer: | 48,370.34 |
| Date of Fourth Interim Application award: | August 10, 2006 |
| Amount of fees actually paid: | 1,213,531.50 |
| Amount of expenses actually paid: | 48,370.34 |
| Portion of fees requested but not awarded: | 0 |
| Portion of expenses requested but not awarded: | 0 |


**Fifth Interim Application for Compensation and Reimbursement of Expenses**

| | |
|---|---|
| Dates covered by Fifth Interim Application: | June 1, 2006 through September 30, 2006 |
| Amount of fees requested: | $1,371,633.50 |
| Amount of expenses requested: | 51,659.02 |
| Amounts of fees awarded: | 1,371,633.50 |
| Amount of expenses awarded: | 51,653.02 |
| Amount of fee retainer authorized to be used: | N/A |
| Amount of expense retainer authorized to be used: | N/A |
| Fee award, net of retainer: | 1,371,633.50 |
| Expense award, net of retainer: | 51,563.02 |
| Date of Fifth Interim Application award: | November 28, 2006 |
| Amount of fees actually paid: | 1,371,633.50 |
| Amount of expenses actually paid: | 51,653.02 |
| Portion of fees requested but not awarded: | 0 |
| Portion of expenses requested but not awarded: | 0 |

4

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**SIXTH INTERIM AND FINAL APPLICATION**
**OF SMITH HULSEY & BUSEY FOR ALLOWANCE**
**OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Pursuant to Section 331 of the Bankruptcy Code (the "Code"), Smith Hulsey & Busey applies for entry of an order allowing (i) sixth interim compensation to the firm for services rendered and costs advanced ("Sixth Interim Application") as bankruptcy co-counsel for Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (collectively, the "Debtors") for the period from October 1, 2006 through November 21, 2006 ("Sixth Interim Application Period"), for services rendered during the Sixth Interim Application Period in the amount of $521,453.50 and reimbursement for costs advanced in the amount of $22,157.41 and (ii) final compensation to the firm for services rendered and costs advanced ("Final Application") as bankruptcy co-counsel for the Debtors for the period from March 28, 2005 through November 21, 2006 ("Final Application Period"), for services rendered during the Final Application Period in the amount of $5,645,516.50 and reimbursement for costs advanced in the amount of $206,743.64.

1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").  By order dated April 13, 2005, the

New York Court transferred venue of these cases to this Court. By order dated November 9, 2006, the Bankruptcy Court confirmed the Debtors' joint plan of reorganization.

2.      On April 20, 2005, the Court authorized the Debtors to retain Smith Hulsey as co-counsel in this case *nunc pro tunc* to March 28, 2005.

3.      By order dated November 9, 2006, the Bankruptcy Court confirmed the Debtors' joint plan of reorganization, which became effective as of November 21, 2006 (the "Effective Date").

4.      By order dated December 14, 2005, the Court appointed the firm of Stuart, Maue, Mitchell & James, Ltd. as fee auditors (Docket No. 4599) (the "Stuart Maue Order"). Pursuant to the Stuart Maue Order, Smith Hulsey has submitted each of its interim applications to Stuart Maue and will submit this final application. Stuart Maue discovered discrepancies in Smith Hulsey's applications as set forth below and, as a result, Smith Hulsey has reduced the fees requested in its final fee application by $484.00:

        a.      Because of mathematical errors, Smith Hulsey's second interim fee overstated fees in the amount of $1,217.00. Stuart Maue noted a double billing entry in Smith Hulsey's second interim fee application for one of its associates for .60 hours ($114.00). There was also a double billing entry error in Smith Hulsey's fourth interim fee application for one of its associates for .60 hours ($99.00).

        b.      Smith Hulsey understated its time in Smith Hulsey's third interim fee application in the amount of $946.00.

2

5.      Section 12.2(a) of the Debtors' confirmed plan requires that final fee applications covering fees earned and expenses incurred prior to the Effective Date be filed with the Court and served on necessary parties no later than 60 days after the Effective Date.

6.      Pursuant to section 12.2(b) of the confirmed plan, the Debtors may pay reasonable professional fees and expenses in connection with services rendered to them after the Effective Date without application to or approval by the Court.  The applications therefore do not extend to fees earned and expenses incurred after November 21, 2006, the Effective Date.

## I.  SIXTH INTERIM APPLICATION
### Legal Services Rendered by Smith Hulsey & Busey

7.      In accordance with Final Order Approving Interim Compensation Procedures for Professionals entered by the New York Court on March 15, 2005 (Docket No. 434) (the "Fee Order"), Smith Hulsey has been paid $277,815.88 by the Debtors, which represents 80% of the fees ($261,634.00) and 100% of the costs ($16,181.88) actually incurred by Smith Hulsey for the period of October 1, 2006 through October 31, 2006.  The total amount of fees sought by this Sixth Interim Application is $65,408.50 (representing the holdback for October) and $200,386.63, representing all fees and costs for November 1 through November 21, 2006.

8.      Smith Hulsey seeks allowance of fees for services provided to the Debtors during this Sixth Interim Application Period in the following areas of its representation:

| Areas of Representation | Total Fees | Total Hours |
|---|---|---|
| Asset Disposition | $    2,306.00 | 10.1 |
| Automatic Stay (Relief Actions) | 16,406.00 | 59.0 |
| Business Operations/Strategic Planning | 4,033.50 | 10.7 |
| Case Administration | 27,522.00 | 159.9 |
| Claim Admin. (General) | 49,399.50 | 241.5 |
| Claims Litigation | 91,020.50 | 313.9 |
| Claims Admin. (Reclamation/Trust Funds) | 708.00 | 3.2 |
| Claims Admin. (PACA/PASA) | 396.50 | 1.3 |
| Employee Matters (General) | 7,207.00 | 19.8 |
| Executory Contracts | 7,130.50 | 28.6 |
| Financing | 2,464.50 | 9.4 |
| General Corporate Advice | 1,258.00 | 3.4 |
| Leases (Real Property) | 112,038.00 | 505.1 |
| Litigation (General) | 5,502.00 | 22.4 |
| Regulatory and SEC Matters | 5,140.00 | 22.9 |
| Reorganization Plan/Plan Sponsors | 107,298.50 | 333.6 |
| Reports and Schedules | 52.00 | .4 |
| Retention/Fee Matters (Smith Hulsey) | 4,162.00 | 16.4 |
| Retention/Fee Matters (Others) | 1,737.50 | 8.5 |
| Tax Matters | 75,275.00 | 256.2 |
| U.S. Trustee Matters | 396.50 | 1.3 |
| Totals | $521,453.50 | 2027.6 |

4

9.    The services rendered by Smith Hulsey in connection with these matters included:

(a)    **Asset Disposition.**[2]

Smith Hulsey assisted the Debtors and their advisors in connection with the marketing and sale of the Montgomery Distribution Center and outparcels located in Jacksonville and Live Oak, Florida.

(b)    **Automatic Stay (Relief and Enforcement Actions).**

During this Sixth Interim Application Period, Smith Hulsey represented the Debtors in defense of 10 motions for relief from the automatic stay filed by creditors asserting personal injury, employee, landlord, secured and contract claims.  The defense of these actions included the negotiation of settlement and standstill agreements and one evidentiary hearing which resulted in the dismissal of the motion for relief from stay filed on behalf of personal injury claimant Larry Green.

Smith Hulsey responded to communications from attorneys representing creditors demanding or seeking stay relief and, in most instances, persuaded these prospective movants not to seek such relief.  In addition, Smith Hulsey coordinated with the Debtors and local counsel for the Debtors on issues and strategies necessary to enforce the automatic stay in connection with actions which were prosecuted or threatened to be prosecuted in violation of 11 U.S.C. § 362.

---

[2]  For purposes of this Sixth Interim Application, Smith Hulsey has combined its billing categories of "Asset Dispositions (General)," "Asset Dispositions (Inventory)" and "Asset Dispositions (Real Property)."

5

(c)      **Business Operations/Strategic Planning**.

Smith Hulsey participated in weekly conferences with the Debtors' senior management and their advisors to coordinate the restructuring of business operations and the Chapter 11 proceedings and to prepare for court hearings in the bankruptcy.

(d)      **Case Administration**.

Smith Hulsey (i) responded daily to requests for information from interested parties made in correspondence, telephone calls, pleadings and other papers, monitored filings and communicated with the Debtors regarding these matters, and (ii) coordinated the Debtors' restructuring and provided information regarding hearings (including preparing weekly agendas) for the Bankruptcy Court, the Clerk of the Bankruptcy Court, the Creditors' Committee, the United States Trustee and the DIP Lender.

(e)      **Claims Administration**.[3]

During this Sixth Interim Application Period, Smith Hulsey continued to pursue the litigation claims resolution process to facilitate the liquidation of approximately 2500 litigation claims.  As of November 17, 2006, those procedures had resulted in the resolution of 1526 litigation claims asserting an aggregate liability of $168.7 million by agreed orders, for a total settlement amount of $16.6 million ($1.9 million in cash and the balance in allowed claims).

Smith Hulsey coordinated the mediations required under the claims resolution procedure, including the coordination of information used for such mediations by the Debtors' defense counsel and claims adjusters.  As of November 10, 2006, the 33 mediations held under the Claims Resolution Procedure had resulted in the settlement of 30 claims having an aggregate

---

[3] For purposes of this fee application, Smith Hulsey has combined its billing categories for "Claims Administration (General)" and "Claims Litigation."

liability of $21.3 million for a settlement amount of approximately $5.1 million in allowed claims ($5,000 of which was paid in cash).

Smith Hulsey continued to provide legal analysis and counseling to the Debtors necessary to address the treatment of Medicare and Medicaid liens and claims in connection with the resolution of personal injury claims, including the filing and prosecution of objections to proofs of claim for Medicare liability filed by the Medicare and Medicaid Lien claimants.

Smith Hulsey prosecuted claims and adversary proceedings against material claimants, including the United Stated Department of Health and Human Services, United States Department of Treasury, Food Lion and Visagent.

Smith Hulsey represented the Debtors in the resolution of material claims, including the settlement of the State of Louisiana, the Estate of Christine Bass, Gooding's Supermarkets, Tampa Bay ADA, and the MSP/SRP claims.

Smith Hulsey also prosecuted the Debtors' nineteenth, twentieth, twenty-first, twenty-second, twenty-third, twenty-fourth and twenty-fifth Omnibus Objections to Claims.

(f)      **Claims Administration (Reclamation/PACA).** [4]

As part of the claims administration in this case, Smith Hulsey communicated with creditors regarding their reclamation claims and prosecuted the Debtors' objections to the remaining reclamation claims.

(g)      **Employee Matters (General).**

Smith Hulsey represented the Debtors in preparing for and in evidentiary hearings on their (i) motion for approval of a retention bonus program for the Debtors' Chief Executive

---

[4] For purposes of this fee application, Smith Hulsey has combined its billing categories of "Claims Administration (Reclamation/Trust Funds) and "Claims Administration (PACA)."

Officer, (ii) motion to transfer retirement plan assets from T. Rowe Price Trust to the Debtors and (iii) omnibus objection to claims by employees for retiree benefits under the Debtors' management security plans.

       (h)       **Executory Contracts**.

Smith Hulsey assisted the Debtors in connection with their motions to assume and reject over 200 executory contracts.

       (i)       **Financing**.

Smith Hulsey advised the Debtors in connection with obtaining exit financing and approval by the Bankruptcy Court.

       (j)       **General Corporate Advice**.

Smith Hulsey provided advice to the Company regarding Florida law corporate issues in connection with the Company's amendments to its Bylaws and Articles of Incorporation.

       (k)       **Leases (Real Property)**.

Smith Hulsey represented the Debtors in hearings on motions to assume over 600 leases and motions to reject approximately 80 leases. Smith Hulsey defended the Debtors against the efforts of the landlord for Store No. 254 to terminate the lease and evict the Debtors from the leased premises. Smith Hulsey defended the Debtors against efforts by the landlord for Store 1417 to recover monies from the Debtors and in the landlord's objection to confirmation. Since confirmation and prior to the Effective Date, Smith Hulsey has assisted the Debtors in resolving approximately 108 outstanding cure objections with their landlords. Smith Hulsey communicated daily with landlords regarding the Debtors' performance under the leases, cure amounts and rejection damages.

(l)      **Litigation (General).**

Smith Hulsey represented the Debtors in connection with an adversary proceeding to collect debts from Aronov Realty and its principals.

(m)      **Regulatory and SEC Matters.**

Smith Hulsey counseled the Debtors regarding the State of Florida's efforts to cancel liquor licenses held by the Debtors for future use.

(n)      **Reorganization Plan/Plan Sponsors.**

Smith Hulsey represented the Debtors in preparing for and hearing twenty Rule 3018 motions.   Smith Hulsey had principal responsibility in preparing for and handling the confirmation hearing and the defense of more than fifty objections to confirmation, including those of the Department of Justice, the United States Trustee, the Florida Tax Collectors and many landlords.   In the process of securing confirmation, Smith Hulsey conducted extensive legal research regarding plan solicitation, classification and other confirmation issues.

(o)      **Reports and Schedules.**

Smith Hulsey assisted the Debtors in filing monthly operating reports.

(p)      **Retention/Fee Matters (Smith Hulsey).**

Smith Hulsey prepared and presented Smith Hulsey's fifth interim fee application and communicated with the fee auditor regarding fee issues.

(q)      **Retention/Fee Matters (Others).**

Smith Hulsey assisted and consulted the Debtors' professionals in filing and hearings on their interim fee applications.   Smith Hulsey advised the Debtors regarding the Creditors' Committee's application to amend the retention agreements of their financial advisors.

(r)     **Taxes.**

Smith Hulsey prepared extensive briefing in response to the Florida Tax Collectors'
motions to abstain and to dismiss the Debtors' motion to determine the Debtors' tax liabilities,
including post-hearing briefs required by the Court.  Smith Hulsey prepared an objection to the
IRS Claims together with a motion asking the Court to direct the IRS to refund over $40 million
to the Debtors.

(s)     **U.S. Trustee Matters.**

Smith Hulsey communicated with the Office of the United States Trustee regarding
monthly operating statements.

**Compensation and Reimbursement Requested by Smith Hulsey**

10.     By this Sixth Interim Application, Smith Hulsey requests interim compensation
for services rendered of $521,453.50 (less $261,634.00 previously paid by the Debtors for this
period) and reimbursement of expenses of $22,157.41 (less $16,181.88 previously paid by the
Debtors) incurred in connection with this case from the October 1, 2006 through November 21,
2006.

11.     During the Sixth Interim Application Period from October 1, 2006 through
November 21, 2006, Smith Hulsey devoted 1,567.7 hours of attorney time, 42.4 hours of summer
associate time and 417.5 hours of legal assistant time to the representation of the Debtors,
resulting in an average hourly rate of $257.18.  Attached as Schedule A is a daily summary of
Smith Hulsey's services rendered for the Sixth Interim Application Period in its representation of
the Debtors, including time devoted each day by individual attorneys and legal assistants.  This

daily summary is condensed from individual time slips, completed as services were rendered, which contain a description of those services.

12.     Attached as Schedule B is a summary of the total time devoted by each attorney and legal assistant during the Sixth Interim Application Period between October 1, 2006 through November 21, 2006, together with a computation of the value of that time at the ordinary hourly rates of Smith Hulsey that were in effect during the time the services were rendered.  The fees requested by this Sixth Interim Application were determined by the computation of the total time at those ordinary hourly rates.

13.     In connection with the rendering of these services, Smith Hulsey advanced expenses on behalf of the Debtors in the amount of $22,157.41 for long distance toll charges, duplicating expenses, postage, express delivery, travel expense and other items, on which Smith Hulsey seeks approval for the Debtors' reimbursement in the amount of $22,157.41.  These expenses are described more particularly in Schedule A and are summarized in Schedule C.

## II.  FINAL APPLICATION
### Legal Services Rendered by Smith Hulsey & Busey

14.     Smith Hulsey seeks allowance of fees for services provided to the Debtors during this Final Application Period in the following areas of its representation:

| Areas of Representation | Total Fees | Total Hours |
|---|---|---|
| Asset Disposition | $723,245.50 | 3118.6 |
| Automatic Stay (Relief Actions) | 473,829.00 | 1742.3 |
| Business Operations/Strategic Planning | 55,603.00 | 154.8 |
| Case Administration | 307,993.50 | 1709.2 |

11

| | | |
|---|---|---|
| Change of Venue | 20,607.50 | 77.5 |
| Claim Admin. (General) | 824,210.50 | 3601.1 |
| Claims Litigation | 607,633.00 | 2151.4 |
| Claims Admin. (Reclamation/Trust Funds) | 113,679.50 | 459.8 |
| Claims Admin. (PACA/PASA) | 18,515.50 | 74.0 |
| Creditor Meetings/Statutory Committees | 133,513.00 | 394.8 |
| Disclosure Statement/Voting Issues | 19,921.50 | 66.2 |
| Employee Matters (General) | 46,221.50 | 146.0 |
| Environmental Matters | 15,323.00 | 45.6 |
| Executory Contracts | 94,397.50 | 363.5 |
| Financing | 17,122.00 | 53.0 |
| General Corporate Advice | 13,009.00 | 40.6 |
| Insurance | 18,000.00 | 67.6 |
| Leases (Real Property) | 952,975.00 | 3992.0 |
| Litigation (General) | 89,716.00 | 316.8 |
| Regulatory and SEC Matters | 16,573.50 | 50.9 |
| Reorganization Plan/Plan Sponsors | 499,389.00 | 1493.6 |
| Reports and Schedules | 4,129.50 | 20.9 |
| Retention/Fee Matters (Smith Hulsey) | 44,185.50 | 179.8 |
| Retention/Fee Matters (Others) | 100,880.00 | 446.4 |
| Secured Claims | 106.00 | 0.4 |
| Tax Matters | 360,975.50 | 1333.8 |
| U.S. Trustee Matters | 14,455.50 | 50.9 |
| Utilities | 59,790.50 | 208.4 |
| Totals | $5,645,516.50[5] | 22,358.5 |

[5] Smith Hulsey reduced the total fees requested by this final application by $484.00 as a result of Stuart Maue's review of Smith Hulsey's interim fee applications and Smith Hulsey's agreement to reduce its fees by such amount.

**Compensation and Reimbursement Requested by Smith Hulsey**

15.     By this Final Application, Smith Hulsey requests compensation, to the extent not already paid, for services rendered of $5,645,516.50 and reimbursement of expenses, to the extent not already paid, of $206,743.64 incurred in connection with this case from the March 28, 2005 through November 21, 2006.

16.     During the Final Application Period from March 28, 2005 through November 21, 2006, Smith Hulsey devoted 17,551.6 hours of attorney time, 303.3 hours of summer associate time and 4,503.6 hours of legal assistant time to the representation of the Debtors, resulting in an average hourly rate of $252.50.  Attached as Schedule D is a summary of the total time devoted by each attorney and legal assistant during the Final Application Period between March 28, 2005 through November 21, 2006, together with a computation of the value of that time at the ordinary hourly rates of Smith Hulsey that were in effect during the time the services were rendered.  The fees requested by this Final Application were determined by the computation of the total time at those ordinary hourly rates.

17.     The daily time detail for the matters to which professionals of Smith Hulsey devoted time during the Final Application Period, as well as the detail of expenses incurred during the Final Application Period, were attached to each of the previously filed interim fee applications and are attached as Schedule A with respect to the Sixth Interim Application. Moreover, Smith Hulsey described in each of its prior interim fee applications the services rendered during each application period and has described in this application the services rendered during the Sixth Interim Application Period.  All of the detail and descriptions for the

prior interim application periods are incorporated by reference and, together with the detail for the Sixth Interim Application Period, are offered in support of this Final Application.

18.    In connection with the rendering of these services, Smith Hulsey advanced expenses on behalf of the Debtors in the amount of $206,743.64 for long distance toll charges, duplicating expenses, postage, express delivery, travel expense and other items, on which Smith Hulsey seeks approval for the Debtors' reimbursement in the amount of $206,743.64.  These expenses are summarized in Schedule E.

<u>**Application of Legal Standards to the Services of Smith Hulsey**</u>

19.    In considering the criteria of Bankruptcy Code section 330 and <u>In the Matter of First Colonial Corp. of America</u>, 544 F.2d 1291 (5th Cir. 1977), for the determination of a reasonable attorney's fee, the following considerations justify the allowance of a fee to Smith Hulsey in the amount of its hourly rates, in addition to those matters which are otherwise apparent to the Court from its familiarity with this case:

a.    Apparent from Smith Hulsey's application, the time and labor required by the representation was significant.  A material demand was placed upon the available services of Smith Hulsey, which demand precluded employment of Smith Hulsey on other matters.

b.    Because the volume of services required of Smith Hulsey, the demand placed on its resources was intense and extraordinary, resulting in its lawyers and staff working beyond ordinary business hours on a regular basis for the benefit of the estate. Included in this demand was the need to investigate, research, respond to discovery, prepare

14

and resolve the dozens of matters scheduled for hearing almost every week before the Court.

        c.        The requested fee is Smith Hulsey's customary fee in commercial bankruptcy matters of this kind and there exists no reason in the circumstances of this case to award a lesser fee for the services rendered.

        d.        Additionally, consideration of the difficulty and intensity of the case, the skill of Smith Hulsey in performing its legal services, and the experience, reputation and ability of Smith Hulsey, all support an award of a fee to Smith Hulsey in an amount equivalent to its hourly rates for the time devoted to the case.

Smith Hulsey has made no arrangement regarding the sharing of compensation for services rendered in connection with this Chapter 11 case.

## Coordination With Co-Counsel

20.      The Debtors have directed a division of responsibilities between Smith Hulsey and its bankruptcy co-counsel, Skadden, Arps, Slate, Meagher & Flom LLP, to ensure the most efficient rendition of bankruptcy services with a minimum of overlap of effort.  Smith Hulsey and Skadden Arps have worked diligently to avoid duplication of efforts and to assure the timely and efficient accomplishment of the Debtors' objectives.  Mindful of Smith Hulsey's lower rates, the Debtors have asked Smith Hulsey to assume principal responsibility for court approval of asset sales, lease dispositions, the Section 505 process, claims administration and communications with the United States Trustee, and significant responsibility for reclamation and stay litigation.  Because of the sheer volume of work, Smith Hulsey from time to time has drawn upon the resources of Skadden Arps, obtaining assistance when necessary to timely accomplish the Debtors' objectives.  The close coordination between Smith Hulsey and Skadden

15

Arps, coupled with Smith Hulsey's geographical proximity to the Court and more advantageous rates, and the experience of Skadden Arps, have together served the best interests of the Debtors by providing the best of services at a reasonable cost.

WHEREFORE, Smith Hulsey respectfully requests the Court to (i) approve all previously authorized compensation of Smith Hulsey and reimbursement of its expenses,  (ii) allow as Sixth Interim compensation in the amount of $521,453.50 for professional services rendered and reimbursement for costs advanced in the amount of $22,157.41 and (iii) allow as final compensation in the amount of $5,645,516.50 for professional services rendered and reimbursement of costs advanced in the amount of $206,743.64.

Dated: January 22, 2007.

SMITH HULSEY & BUSEY

By_____s/ Cynthia C. Jackson_
     Stephen D. Busey
     James H. Post
     Cynthia C. Jackson

Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Co-Counsel for the Reorganized Debtors

00553876

## Schedule B

| Name | Years experience | Hours | Rate | Amount |
|------|------|------|------|------|
| **Shareholders:** | | | | |
| Stephen D. Busey | 37 | 230.3 | 405.00 | $ 93,271.50 |
| James H. Post | 32 | 219.3 | 370.00 | 81,141.00 |
| John R. Smith | 32 | 8.2 | 370.00 | 3,034.0 |
| Cynthia C. Jackson | 21 | 331.3 | 305.00 | 101,046.50 |
| James A. Bolling | 14 | .8 | 295.00 | 236.00 |
| Charles H. Keller | 9 | 1.4 | 275.00 | 385.00 |
| Allan E. Wulbern | 7 | 124.8 | 270.00 | 33,696.00 |
| Subtotal: | | 916.1 | | $312,810.00 |
| | | | | |
| **Associates:** | | | | |
| Leanne McKnight Prendergast | 11 | 183.7 | 260.00 | 47,762.00 |
| Beau Bowin | 4 | 247.1 | 240.00 | 59,304.00 |
| David L. Gay | 3 | 75.0 | 220.00 | 16,500.00 |
| Megan R. Harper | 1 | 141.4 | 165.00 | 23,331.00 |
| Joy A. Tenhagen | 1 | 4.4 | 165.00 | 726.00 |
| Subtotal: | | 651.6 | | $147,623.00 |
| | | | | |
| **Summer Associates:** | | | | |
| Meghan R. Wojeski | 2 | 42.4 | 135.00 | 5,724.00 |
| Subtotal: | | 42.4 | | 5,724.00 |
| | | | | |
| **Paralegals:** | | | | |
| Kimberly S. Ward | 19 | 213.2 | 130.00 | 27,716.00 |
| Tana L. Copeland | 2 | 204.3 | 135.00 | 27,580.50 |
| Subtotal | | 417.5 | | $55,296.50 |
| **Total Fees** | | | | $521,453.50 |
| **Total Hours** | | 2,027.6 | | |
| **Blended Hourly Rate** | | | $257.18 | |

## **Schedule C**

| Expenses | Total Amount |
|---|---|
| Document Duplicating (69,666 pages @ $0.15) | $10,449.90 |
| Express Mail | 44.53 |
| Facsimile (116 pages @ $1.00) | 116.00 |
| Information and Research (Westlaw) | 3,669.73 |
| Meals | 1,296.29 |
| Outside Document Duplicating Costs | 1,619.65 |
| Postage | 1,859.85 |
| Telephone | 2,144.96 |
| Transcript Charges | 956.50 |
| Total | $22,157.41 |

## Schedule D

| Name | Years experience | Hours | Rate | Amount |
|------|------|-------|------|--------|
| **Shareholders:** | | | | |
| John E. Thrasher | 34 | 1.5 | 500.00 | $      750.00 |
| Stephen D. Busey | 37 | 1313.4 | 405.00 | 531,927.00 |
| Stephen D. Busey | 37 | 731.5 | 395.00 | 288,942.50 |
| James H. Post | 32 | 1690.2 | 370.00 | 625,374.00 |
| James H. Post | 32 | 1286.0 | 355.00 | 456,530.00 |
| John R. Smith | 32 | 54.7 | 370.00 | 20,239.00 |
| John R. Smith | 32 | 0.8 | 355.00 | 284.00 |
| Tim E. Sleeth | 30 | 10.8 | 370.00 | 3,996.00 |
| Tim E. Sleeth | 30 | 35.7 | 355.00 | 12,673.50 |
| Cynthia C. Jackson | 21 | 2034.4 | 305.00 | 620,492.00 |
| Cynthia C. Jackson | 21 | 1935.5 | 295.00 | 570,972.50 |
| E. Owen McCuller, Jr. | 21 | 2.4 | 305.00 | 732.00 |
| Bryan L. Putnal | 21 | 2.9 | 305.00 | 884.50 |
| James A. Bolling | 14 | 58.9 | 295.00 | 17,375.50 |
| William E. Kuntz | 33 | 22.5 | 295.00 | 6,637.50 |
| Charles H. Keller | 9 | 28.9 | 275.00 | 7,947.50 |
| Charles H. Keller | 9 | 24.6 | 265.00 | 6,519.00 |
| Allan E. Wulbern | 7 | 452.0 | 270.00 | 122,040.00 |
| Subtotal: | | 9686.7 | | $3,294,316.50 |
| | | | | |
| **Associates:** | | | | |
| Leanne McKnight Prendergast | 11 | 1309.3 | 260.00 | 340,418.00 |
| Leanne McKnight Prendergast | 11 | 774.0 | 250.00 | 193,500.00 |
| Charles A. Beard | 9 | 1.7 | 250.00 | 425.00 |
| Bert J. Millis | 7 | 2.5 | 250.00 | 625.00 |
| Charmaine T.M. Chiu | 6 | 4.1 | 250.00 | 1,025.00 |
| Beau Bowin | 4 | 982.3 | 240.00 | 235,752.00 |
| Beau Bowin | 4 | 618.1 | 220.00 | 135,982.00 |
| Beau Bowin | 4 | 651.4 | 205.00 | 133,537.00 |
| Beau Bowin | 4 | 177.1 | 190.00 | 33,649.00 |
| Eric N. McKay | 4 | 297.1 | 240.00 | 71,304.00 |
| Eric N. McKay | 4 | 336.8 | 225.00 | 75,780.00 |

| Name | Years experience | Hours | Rate | Amount |
|------|------------------|-------|------|--------|
| David L. Gay | 3 | 426.8 | 220.00 | 93,896.00 |
| Eric W. Ensminger | 2 | 13.2 | 205.00 | 2,706.00 |
| Matthew P. McLauchlin | 4 | 67.5 | 205.00 | 13,837.50 |
| David D. Burns | 1 | 9.2 | 190.00 | 1,748.00 |
| David D. Burns | 1 | 53.5 | 165.00 | 8,827.50 |
| Elizabeth M. Schule | 1 | 849.6 | 195.00 | 165,672.00 |
| Elizabeth M. Schule | 1 | 722.3 | 190.00 | 137,237.00 |
| Elizabeth M. Schule | 1 | 305.6 | 165.00 | 50,424.00 |
| Megan R. Harper | 1 | 210.6 | 165.00 | 34,749.00 |
| Joy A. Tenhagen | 1 | 10.1 | 165.00 | 1,666.50 |
| Thomas G. Wilson, III | 1 | 42.1 | 165.00 | 6,946.50 |
| Subtotal: | | 7864.9 | | $1,739,707.00 |
| **Summer Associates:** | | | | |
| Christopher Dix | 1 | 7.0 | 135.00 | 945.00 |
| Elizabeth S. Paulk | 1 | 7.8 | 135.00 | 1,053.00 |
| Megan B. Ryan | 1 | 11.7 | 135.00 | 1,579.50 |
| Meghan R. Wojeski | 2 | 89.4 | 135.00 | 12,069.00 |
| Meghan R. Wojeski | 2 | 84.9 | 130.00 | 11,037.00 |
| Joy R. Abrisch | 2 | 22.2 | 130.00 | 2,886.00 |
| David M. Applegate | 1 | 65.2 | 130.00 | 8,476.00 |
| Thomas G. Wilson, III | 2 | 3.1 | 130.00 | 403.00 |
| Matthew Crist | 1 | 12.0 | 130.00 | 1,560.00 |
| Subtotal: | | 303.3 | | $40,008.50 |
| **Paralegals:** | | | | |
| Tana L. Copeland | 2 | 1260.4 | 135.00 | 170,154.00 |
| Tana L. Copeland | 2 | 1037.1 | 120.00 | 124,452.00 |
| Kimberly S. Ward | 19 | 1248.3 | 130.00 | 162,279.00 |
| Kimberly s. Ward | 19 | 936.4 | 120.00 | 112,368.00 |
| Therese M. Lee | 15 | 8.1 | 130.00 | 1,053.00 |
| Patrice T. De Wees | 19 | 13.3 | 125.00 | 1,662.50 |
| Subtotal | | 4503.6 | | $571,968.50 |
| **Total Fees** | | | | $5,645,516.50[1] |
| **Total Hours** | | 22,358.5 | | |
| **Blended Hourly Rate** | | | $252.50 | |

---

[1]    Smith Hulsey reduced the total fees requested by the final application by $484.00 as a result of Stuart Maue's review of Smith Hulsey's interim fee applications and Smith Hulsey's agreement to reduce its fees by such amount.

## Schedule E

| Expenses | Total Amount |
|---|---|
| Certification/Filing Fees | $      675.00 |
| Conference Room at Omni Hotel for Auction | 5,350.29 |
| Deposition/Court Reporter | 1,375.00 |
| Document Duplicating (437,593 pages @ $0.15) | 65,638.95 |
| Express Mail | 4,244.67 |
| Facsimile (1815pages @ $1.00) | 1,815.00 |
| Information and Research (Westlaw/Other Databases) | 40,286.37 |
| Meals | 5,958.80 |
| Messenger Service | 91.66 |
| Miscellaneous/Expert Witness Fees | 1,250.00 |
| Outside Document Duplicating Costs | 35,706.20 |
| Postage | 19,383.08 |
| Telephone | 21,640.99 |
| Transcript Charges | 3,123.26 |
| Travel Expenses | 204.37 |
| Total | $206,743.64 |

**<u>Certificate of Service</u>**

I certify that a copy of this document was furnished by mail and/or electronically to Elena L. Escamilla, Esq., Assistant U.S. Trustee, 135 West Central Boulevard, Room 620, Orlando, Florida  32801, Linda K. Cooper, Stuart, Maue, Mitchell & James, Ltd., 3840 McKelvey Road, St. Louis, Missouri  63044, Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia  30303, D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York  10036, Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York  10005, Jonathan N. Helfat, Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, 29th Floor, New York, New York  10169, and Laurence B. Appel, Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, Florida  32254-3699, this 22nd day of January, 2007.



                                    *s/ Cynthia C. Jackson*

                                         Attorney