## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## __JACKSONVILLE DIVISION__

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

## __NOTICE OF FILING__

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates, as reorganized debtors, give notice of filing the attached Third Interim and Final Application of Togut, Segal & Segal LLP for Allowance of Fees and Expenses for the period from February 28, 2005 through November 21, 2006.

Dated:  January 22, 2007


SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


By ___*s/ D. J. Baker*___
     D. J. Baker
     Sally McDonald Henry
     Rosalie Walker Gray

Four Times Square
New York, New York 10036
(212) 735-3000
(917) 777-2150 (facsimile)
djbaker@skadden.com

Co-Counsel for Reorganized Debtors


SMITH HULSEY & BUSEY


By ___*s/ Cynthia C. Jackson*___
     Stephen D. Busey
     James H. Post
     Cynthia C. Jackson (FBN 498882)

225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for Reorganized Debtors

00554868

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

```
-------------------------------------------------------x          Fees Sought:        $2,945.00
                                                      :        Expenses Sought:           $88.43
In re:                                                :      Aggregate Sought:          $3,033.43
                                                      :
WINN-DIXIE STORES, INC., et al.,                      :      Case No. 05-03817-3F1
                                                      :      Chapter 11
                              Debtors.                :      Jointly Administered
                                                      :
-------------------------------------------------------x
```

TO THE HONORABLE JERRY A. FUNK,
UNITED STATES BANKRUPTCY JUDGE:

### Schedule of Fees

| Name of Professional(s) | Year Admitted | Year Fee Incurred | Hourly Rate | Hours Engaged | Total Value(s) |
|---|---|---|---|---|---|
| **PARTNERS** | | | | | |
| NEIL BERGER | 1987 | 2005 | $635 | 2.2 | $1,397.00 |
| **ASSOCIATES** | | | | | |
| RENEE RANDAZZO | 2005 | 2005 | $190 | 1.1 | 209.00 |
| **PARALEGALS** | | | | | |
| DAWN PERSON | N/A | 2005 | $190 | 6.4 | 1,216.00 |
| DAWN PERSON | N/A | 2006 | $205 | .6 | 123.00 |
| **TOTALS:** | | | | **10.3** | **$2,945.00** |

---

1     The rates charged herein are the same rates charged in all other cases on which this firm is engaged.

**HEARING DATE:** TBD
**HEARING TIME:** TBD
**OBJECTION DEADLINE:** TBD

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

-------------------------------------------------------------x
                                                 :

In re:                                     :         Case No. 05-03817-3F1
                                            :
WINN-DIXIE STORES, INC., *et al.*,   :         Chapter 11
                                            :
                          Debtors.  :         Jointly Administered
                                            :
-------------------------------------------------------------x

TO THE HONORABLE JERRY A. FUNK,
UNITED STATES BANKRUPTCY JUDGE:

## THIRD INTERIM AND FINAL APPLICATION OF TOGUT, SEGAL & SEGAL LLP FOR SERVICES RENDERED AS CONFLICTS COUNSEL FOR THE DEBTORS AND FOR REIMBURSEMENT OF EXPENSES

        Togut, Segal & Segal LLP ("TS&S"), as conflicts counsel for Winn-Dixie Stores, Inc. and the other above-captioned debtors (collectively, "Winn-Dixie" or the "Debtors") when these cases were pending in the Southern District of New York (the "New York Bankruptcy Court"), respectfully submits this third interim and final application (the "Application") for fees and expenses.  In support of this Application, TS&S states:

I.      **FEES AND EXPENSES FOR WHICH ALLOWANCE IS SOUGHT**

        1.      This Application is made pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure for allowance, on a final basis of:  (i) amounts previ-

ously awarded by this Court to TS&S pursuant to TS&S' first fee application dated July 12, 2005 (the "First Interim Fee Application") and second fee application dated November 10, 2005 (the "Second Interim Fee Application", together with the First Interim Fee Application, the "Prior Fee Applications");  and (ii) compensation incurred by TS&S in connection with the preparation and filing of its Second Interim Fee Application in the amount of $2,945, and reimbursement of its expenses incurred therewith in the amount of $88.43.

2.     Pursuant to the May 19, 2005 Order authorizing TS&S' retention (the "May 19 Order"), a copy of which is annexed hereto as Exhibit "1", TS&S was able "to seek compensation for services provided between February 28, 2005 and April 13, 2005, and reimbursement for associated expenses, together with any fees and expenses incurred in connection with seeking such compensation and reimbursement".

3.     TS&S attorneys and paraprofessionals expended a total of 10.3 hours rendering services in connection with the Second Interim Fee Application for which compensation is sought.  A schedule setting forth the number of hours expended by the firm's partners, associates and paraprofessionals, their respective hourly rates, and the year in which each attorney was admitted to practice is annexed hereto as Exhibit "2".  A schedule specifying the type of expenses for which TS&S is seeking reimbursement and the total amount of each category is annexed hereto as Exhibit "3".

4.     TS&S maintains computerized records of the daily time slips completed by all attorneys and paraprofessionals.  In support of this Application, copies of these computerized records are annexed hereto as Exhibit "4".

5.     As confirmed by the Certification of Neil Berger, a member of TS&S, attached as Exhibit "5", all of the services rendered by TS&S for which allowance

2

of compensation and reimbursement of expenses on a final basis is sought herein were
rendered in connection with the Debtors' chapter 11 cases.

## II.    BACKGROUND OF DEBTORS' CASES AND RETENTION OF TS&S[1]

6.    On February 21, 2005 (the "Petition Date"), the Debtors each filed
voluntary petitions for reorganization relief under chapter 11 of title 11 of the Bank-
ruptcy Code in the New York Bankruptcy Court and continued to operate their busi-
nesses and manage their properties as debtors-in-possession pursuant to sections
1107(a) and 1108 of the Bankruptcy Code.

7.    On March 1, 2005, an official committee of unsecured creditors (the
"Committee") was appointed to serve in these cases pursuant to sections 1102 and 1103
of the Bankruptcy Code.  On August 17, 2005, an official committee of equity holders
was appointed to serve in these cases but it was subsequently disbanded.

8.    On March 30, 2005, the New York Bankruptcy Court entered an
Order authorizing the Debtors' retention of TS&S on an interim basis, *nunc pro tunc* to
February 28, 2005, to perform services for the Debtors on the matters for which Skad-
den, Arps, Slate, Meagher & Flom LLP ("Skadden") could not represent the Debtors
due to conflicts, and to perform other discrete duties as would be assigned to TS&S by
Skadden (the "TS&S Interim Order").

9.    By an Order of the New York Bankruptcy Court entered on April
13, 2005, as amended on April 14, 2005 (the "Venue Transfer Date"), the Debtors' cases
were transferred to the United States Bankruptcy Court for the Middle District of Flor-

---

[1]    More detailed descriptions of:  (i) the Debtors' business operations and the commencement of the
Debtors' chapter 11 cases;  and (ii) TS&S' qualifications to provide services to the Debtors are set forth at
length in the Prior Fee Applications and other pleadings filed in this Court.  Those descriptions are incor-
porated herein by reference.

ida, Jacksonville Division (the "Florida Bankruptcy Court"). The Debtors' cases have been administered by the Florida Bankruptcy Court since that time.

10.     On November 9, 2006, the Florida Bankruptcy Court entered an Order confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"). The Effective Date of the Plan was November 21, 2006.

11.     The Florida Bankruptcy Court has jurisdiction over this Application under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

III.     **PRIOR TS&S FEE APPLICATIONS[2]**

12.     On July 12, 2005, TS&S filed with the Florida Bankruptcy Court the First Interim Fee Application for the allowance of compensation of $105,606.50 for services rendered on behalf of the Debtors for the period February 28, 2005 to April 13, 2005, and for reimbursement of $756.84 for expenses incurred in connection with services during that period. On August 4, 2005, the Florida Bankruptcy Court entered an Order approving the First Interim Fee Application and authorizing the Debtors to pay TS&S the amounts sought therein (the "First Fee Order").

13.     On November 10, 2005, TS&S filed with the Florida Bankruptcy Court the Second Interim Fee Application for the allowance of compensation of $15,190 for services rendered to the Debtors in connection with the preparation and filing of the First Interim Fee Application, and for reimbursement of $1,307.54 in associated expenses. On December 1, 2005, the Florida Bankruptcy Court entered an Order approv-

---

[2]     The services rendered for which TS&S previously requested and received interim compensation and reimbursement of expenses are described with particularity in the Prior Fee Applications, and those descriptions are respectfully incorporated herein by reference.

ing the Second Interim Fee Application and authorizing the Debtors to pay TS&S the amounts sought therein (the "Second Fee Order, together with the First Fee Order, the "Prior Fee Orders"). The Prior Fee Orders are jointly annexed hereto as Exhibit "6".

14.     TS&S has received payment from the Debtors of the compensation and expenses awarded by the Florida Bankruptcy Court pursuant to the Prior Fee Orders.

## IV.     THE COMPENSATION REQUESTED

15.     TS&S recorded 10.3 hours of services in connection with the preparation and filing of the Second Interim Fee Application, resulting in total charges of $2,945. TS&S was required to:  (i) draft and revise the application and its exhibits;  and (ii) correspond with Skadden and the Debtors' other retained professionals regarding the status and filing of the application.

16.     The work encompassed by this Application for which TS&S seeks compensation was performed efficiently and at the lowest cost to the Debtors' estates. The blended hourly rate for the compensation sought by this Application is $294.50. TS&S respectfully submits that the compensation requested and reimbursement of expenses sought by this Application is also consistent with the May 19 Order and satisfies the criteria that are considered by Bankruptcy Courts in determining allowances of compensation.

17.     In addition to the fees sought, TS&S incurred $88.43 in out-of-pocket expenses in connection with the preparation and filing of the Second Interim Fee Application.  TS&S respectfully submits that the fees and expenses in the annexed time slip entries are fair and reasonable.

18.     No part of the compensation to be received pursuant to this Application will be shared with any other person or firm, and no other agreements, either express or implied, to share any compensation received as attorneys for the Debtors has been, or will be, made by TS&S.

19.     TS&S also requests that the Florida Bankruptcy Court approve on a final basis the compensation previously awarded and expenses paid pursuant to the Prior Fee Orders, totaling $122,860.88.

20.     TS&S has submitted this "abbreviated application for allowance and payment of compensation and reimbursement of expenses for the fees and costs connected with the final allowance of the fees herein awarded" in accordance with the First Fee Order.

21.     No prior application for the relief sought herein has been made by TS&S to this or any other court.

22.     Copies of this Application have been served on:  (i) the Debtors;  (ii) co-counsel for the Debtors;  (iii) counsel for the Committee;  (iv) the United States Trustee;  and (v) counsel for the Debtors' secured lenders.

**[Continued on Following Page]**

**WHEREFORE**, TS&S respectfully requests that this Court enter an Order: (i) granting the Application and awarding to TS&S, on a final basis (a) the compensation and expenses already paid totaling $122,860.88, pursuant to the Prior Fee Orders, and (b) a final additional allowance of $2,945 as compensation for professional services rendered to the Debtors in connection with the preparation and filing of the Second Interim Fee Application, and $88.43 for reimbursement of expenses incurred therewith; (ii) authorizing and directing the Debtors to pay to TS&S any amounts awarded in this Application to the extent not previously paid;  and (iii) granting such other relief as may be just and proper.

Dated:    New York, New York
          January 10, 2007

WINN-DIXIE, *et al.*
Conflicts Counsel to the Debtors
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Albert Togut
ALBERT TOGUT (AT-9759)
NEIL BERGER (NB-3599)
Members of the Firm
One Penn Plaza, Suite 3335
New York, New York  10119
(212) 594-5000

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### FINAL ORDER AUTHORIZING
### RETENTION OF TOGUT, SEGAL & SEGAL LLP AS
### CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION

These cases came before the Court for hearing on May 19, 2005, upon the

application of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned

jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for

entry of an order authorizing the Debtors to retain the law firm of Togut Segal & Segal LLP

("TS&S") as their conflicts counsel (the "Application").[1]  The Court has reviewed the

Application, the supporting affidavit of Albert Togut, Esq. (the "Togut Affidavit"), and the

interim order authorizing such retention entered on March 3, 2005 by the United States

Bankruptcy Court for the Southern District of New York (the "Interim Order"); and the Court

has considered the evidence and heard the argument of counsel.  After due deliberation and

finding proper notice has been given, the Court determines that good cause exists to grant the

relief and that granting the relief is in the best interest of these estates and creditors.

Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.    The Application is granted as set forth in this Order.

---

[1]    All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Application.

2.     In accordance with Section 327(a) of the Bankruptcy Code, the Debtors are authorized, to employ and retain TS&S as their conflicts counsel, nunc pro tunc to February 28, 2005, but ending on April 13, 2005, to perform services for the matters which Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden, Arps") cannot handle due to conflicts, and to perform other discrete duties as are assigned to TS&S by Skadden, Arps as generally described in the Application and the Togut Affidavit.

3.     TS&S shall be entitled to seek compensation for services provided between February 28, 2005 and April 13, 2005, and reimbursement for associated expenses, together with any fees and expenses incurred in connection with seeking such compensation and reimbursement, upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court.

4.     The Debtors are not authorized to obtain services from TS&S after April 13, 2005 unless authorized by further order of this Court upon application by the Debtors.

5.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated May 19, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

EXHIBIT "2"

## Case No. 05-03817-3F1
## WINN-DIXIE STORES, INC., *et al.*, Debtors.
## Jointly Administered
## Chapter 11

### SUMMARY OF PROFFESSIONAL FEES
### FOR TOGUT, SEGAL & SEGAL LLP

| Name of Professional(s) | Year Admitted | Year Fee Incurred | Hourly Rate | Hours Engaged | Total Value(s) |
|---|---|---|---|---|---|
| **PARTNERS** | | | | | |
| NEIL BERGER | 1987 | 2005 | $635 | 2.2 | $1,397.00 |
| **ASSOCIATES** | | | | | |
| RENEE RANDAZZO | 2005 | 2005 | $190 | 1.1 | 209.00 |
| **PARALEGALS** | | | | | |
| DAWN PERSON | N/A | 2005 | $190 | 6.4 | 1,216.00 |
| DAWN PERSON | N/A | 2006 | $205 | .6 | 123.00 |
| **TOTALS:** | | | | 10.3 | $2,945.00 |

<u>**EXHIBIT "3"**</u>

**Case No. 05-03817-3F1**
**WINN-DIXIE STORES, INC.,** *et al.***, Debtors.**
**Jointly Administered**
**Chapter 11**

**SUMMARY OF EXPENSES FOR TOGUT, SEGAL & SEGAL LLP**

| <u>Expense</u> | <u>Amount</u> |
|----------------|--------------:|
| Fax | $0.18 |
| Photocopies | 76.00 |
| Postage | 12.25 |
| **TOTAL:** | <u>**$88.43**</u> |

# Togut, Segal & Segal LLP
## Client Billing Report

Winn-Dixie
10/1/2005...11/30/2006

12/15/2006
5:10:53 PM

-------------------------------------------- **Billable** --------------------------------------------

| Date Slip Number | | T/E | Hours Rate | Slip Billing | Amount Status |
|---|---|---|---|---|---|
| | **Matter: Fee Application/Fee Statements** | | | | |
| 10/3/05 | nberger / Inter Off Memo<br>Fee Application/Fee Statements | T | 0.3<br>635.00 | | 190.50<br>Billable |
| #155912 | Memo's w/ DP and AT re fee payment. | | | | |
| 11/9/05 | rrandazzo / Draft Documents<br>Fee Application/Fee Statements | T | 0.9<br>190.00 | | 171.00<br>Billable |
| #156543 | Draft second interim fee application and NB certification (.5) and review Orders and docket to prepare same (.2) and review and revise same (.2) | | | | |
| 11/9/05 | dperson / Review Docs.<br>Fee Application/Fee Statements | T | 0.7<br>190.00 | | 133.00<br>Billable |
| #161243 | Reviewed fees and expenses incurred during second interim fee period to determine if amounts were due and owing TSS in response to request of D Hart @ Skadden. | | | | |
| 11/9/05 | dperson / Review Docs.<br>Fee Application/Fee Statements | T | 0.4<br>190.00 | | 76.00<br>Billable |
| #161244 | Numerous communications with D Hart @ Skadden.re: second interim fee period amounts due and owing. | | | | |
| 11/9/05 | dperson / Comm. Profes.<br>Fee Application/Fee Statements | T | 0.3<br>190.00 | | 57.00<br>Billable |
| #161245 | Numerous email exchanges with NB re: Preparation of 2nd Interim application, cover sheet, exhibits etc. re: fees incurred during 2nd fee period | | | | |
| 11/9/05 | dperson / Prep Filing/Svc<br>Fee Application/Fee Statements | T | 1.3<br>190.00 | | 247.00<br>Billable |
| #161246 | Prepared exhibits, cover sheet, time reports, certificate of service, Proposed Order etc in preparation for submission of 2nd Interim Application | | | | |
| 11/9/05 | dperson / Comm. Profes.<br>Fee Application/Fee Statements | T | 0.4<br>190.00 | | 76.00<br>Billable |
| #161250 | Numerous communications w/RR re: preparations for filing of 2nd Interim Application | | | | |

# Togut, Segal & Segal LLP
## Client Billing Report

Winn-Dixie
10/1/2005...11/30/2006

*12/15/2006*
*5:10:53 PM*

............................................. **Billable** .............................................

| Date Slip Number | | T/E | Hours Rate | Slip Billing | Amount Status |
|---|---|---|---|---|---|
| 11/9/05 | rrandazzo / OC/TC strategy<br>Fee Application/Fee Statements | T | 0.2<br>190.00 | | 38.00<br>Billable |
| #161261 | Confer with DP regarding drafting second interim fee application and NB certification | | | | |
| 11/9/05 | dperson / Comm. Profes.<br>Fee Application/Fee Statements | T | 0.2<br>190.00 | | 38.00<br>Billable |
| #161306 | Communications with NB re: 2nd Interim fee Application and submission of amounts due and owing for noticing purposes. | | | | |
| 11/10/05 | nberger / Draft Documents<br>Fee Application/Fee Statements | T | 1.9<br>635.00 | | 1,206.50<br>Billable |
| #156759 | Draft and revise TS&S fee app - 2d (1.5);  Instructions to DP re same (.2);  Review draft Notice of Hearing (.2). | | | | |
| 11/10/05 | dperson / Comm. Profes.<br>Fee Application/Fee Statements | T | 0.2<br>190.00 | | 38.00<br>Billable |
| #161322 | Communications with K. Lamaina re: Notice of Hearing, Order submission and related matters re: 2nd Fee Application | | | | |
| 11/10/05 | dperson / Review Docs.<br>Fee Application/Fee Statements | T | 0.3<br>190.00 | | 57.00<br>Billable |
| #161324 | Reviewed proposed Notice of Hearing, re: 2nd Fee Application | | | | |
| 11/10/05 | dperson / Prep Filing/Svc<br>Fee Application/Fee Statements | T | 1.6<br>190.00 | | 304.00<br>Billable |
| #161350 | Prepared 2nd Interim Fee Application, exhibits, Cover Sheet, Proposed Granting Order, certificate of service etc. | | | | |
| 11/10/05 | dperson / Prep Filing/Svc<br>Fee Application/Fee Statements | T | 0.4<br>190.00 | | 76.00<br>Billable |
| #161352 | Email exchanges with Cyndi Jackson and Kimberly Lamaina re:submission of 2nd Interim Fee Application, exhibits, Cover Sheet, Proposed Granting Order, certificate of service etc. | | | | |

# Togut, Segal & Segal LLP
## Client Billing Report

Winn-Dixie
10/1/2005...11/30/2006

*12/15/2006*
*5:10:53 PM*

### Billable

| Date<br>Slip Number | | T/E | Hours<br>Rate | Slip<br>Billing | Amount<br>Status |
|---|---|---|---|---|---|
| 11/11/05 | dperson / Comm. Profes.<br>Fee Application/Fee Statements | T | 0.2<br>190.00 | | 38.00<br>Billable |
| #161378 | Communications with Tana Copeland @ Smith Hulsley re: filing of TSS 2nd Interim Application | | | | |
| 11/30/05 | dperson / Review Docs.<br>Fee Application/Fee Statements | T | 0.2<br>190.00 | | 38.00<br>Billable |
| #162378 | Reviewed final fee order in preparation for hearing | | | | |
| 12/19/05 | dperson / Comm. Profes.<br>Fee Application/Fee Statements | T | 0.2<br>190.00 | | 38.00<br>Billable |
| #168435 | Communications with NB re: status of payment of final awarded fees and expenses | | | | |
| 3/6/06 | dperson / Review Docs.<br>Fee Application/Fee Statements | T | 0.3<br>205.00 | | 61.50<br>Billable |
| #188038 | Reviewed previous fee orders and payments to determine if TSS would need to file an additional application | | | | |
| 3/6/06 | dperson / Comm. Profes.<br>Fee Application/Fee Statements | T | 0.1<br>205.00 | | 20.50<br>Billable |
| #188040 | Communications with NB re: Review of previous fee orders and payments to determine if TSS would need to file an additional application | | | | |
| 3/13/06 | dperson / Comm. Profes.<br>Fee Application/Fee Statements | T | 0.2<br>205.00 | | 41.00<br>Billable |
| #188433 | Communications with K. Lamaina re: third interim fee applications | | | | |

| | Matter Total: | | 10.30 | | 2,945.00 |
|---|---|---|---|---|---|

# Togut, Segal & Segal LLP
## Client Billing Report

Winn-Dixie
10/1/2005...11/30/2006

12/15/2006
5:10:53 PM

### Billable

| Date<br>Slip Number | | T/E | Hours<br>Rate | Slip<br>Billing | Amount<br>Status |
|---|---|---|---|---|---|
| | **Matter:  General** | | | | |
| 10/1/05 | atogut / Fax | E | 0.0 | | 0.18 |
| | General | | 0.18 | | Billable |
| #150413 | TS&S monthly facsimile transmissions for October 2005. | | | | |
| 11/1/05 | atogut / Postage | E | 0.0 | | 12.25 |
| | General | | 12.25 | | Billable |
| #161835 | TS&S monthly postage for November 2005. | | | | |
| 11/1/05 | atogut / Photocopies | E | 0.0 | | 76.00 |
| | General | | 76.00 | | Billable |
| #161924 | TS&S monthly photocopies for November 2005. | | | | |

|  | | |
|---|---|---|
| Matter Total: | 0.00 | 88.43 |
| Total Time Bill: | | 2,945.00 |
| Total Time Non Bill: | | |
| Total Costs Bill: | | 88.43 |
| Total Costs Non Bill: | | |
| Total Non Billable: | | |
| Total Billable: | | 3,033.43 |
| Grand Total: | | 3,033.43 |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

```
-------------------------------------------------------------x
                                          :
In re:                                    :        Case No. 05-03817-3F1
                                          :
WINN-DIXIE STORES, INC., et al.,          :        Chapter 11
                                          :
                         Debtors.         :        Jointly Administered
                                          :
-------------------------------------------------------------x
```

## CERTIFICATION

Neil Berger, on behalf of Togut, Segal & Segal LLP ("TS&S"), bankruptcy conflicts counsel for Winn-Dixie Stores, Inc., et al., the above-captioned debtors (the "Debtors"), hereby certifies that:

1.      I am a member of TS&S.

2.      I am the professional designated by TS&S with the responsibility in the Debtors cases for compliance with the guidelines that pertain to applications for compensation and expense reimbursement (the "Guidelines").

3.      I have read TS&S' third interim and final application pursuant to the May 19, 2005 Order (the "May 19 Order") authorizing the Debtors' retention of TS&S on a final basis and permitting TS&S to seek compensation for its services and reimbursement of expense incurred in connection with such services (the "Application").

4.      The fees and disbursements sought in the Application in connection with the preparation and filing of the Second Interim Fee Application[1] are billed at rates and in accordance with practices customarily employed by TS&S and

---

[1]        Capitalized terms not defined herein shall have the meanings set forth in the Application.

accepted by TS&S clients.

       5.     Copies of the Application have been served upon the parties designated in the March 4, 2005 Order of the New York Bankruptcy Court establishing procedures for interim compensation and reimbursement of expenses.

       6.     To the best of my knowledge, information and belief, with respect to the services and disbursements for which reimbursement is sought:  (i) TS&S does not make a profit on such services or disbursements;  (ii) TS&S does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay;  and (iii) TS&S requests reimbursements only for the amount billed to TS&S by the third-party vendor and paid by it to such vendor.

       7.     With respect to photocopying and facsimile transmission expenses, TS&S' charges do not exceed the maximum rate set by the Guidelines promulgated by the United States Trustee (there is no charge for incoming and local facsimile transmissions).  These charges are intended to cover TS&S' direct operating costs for photocopying and facsimile facilities, which costs are not incorporated into the TS&S hourly billing rates.  Only clients who actually use photocopying, facsimile, and other such office services are separately charged for the same.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying, facsimile, and document production facilities and

**[Concluded on Following Page]**

2

services.

Dated:    New York, New York
          January16, 2007

                              WINN-DIXIE, *et al.*
                              Debtors and Debtors in Possession,
                              By their Conflicts Counsel,
                              TOGUT, SEGAL & SEGAL LLP
                              By:

                              /s/ Neil Berger
                              NEIL BERGER (NB-3599)
                              Member of the Firm
                              One Penn Plaza, Suite 3335
                              New York, New York  10119
                              (212) 594-5000

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

---------------------------------------------------------x
                              :

In re:                         :        Case No. 05-03817-3F1

                         :

WINN-DIXIE STORES, INC., *et al.*,       :
                  Chapter 11
                         :

           Debtors.       :        Jointly Administered

                         :

---------------------------------------------------------x

**ORDER APPROVING FINAL APPLICATION OF TOGUT, SEGAL & SEGAL
LLP PURSUANT TO ORDER DATED MAY 19, 2005 FOR SERVICES
RENDERED AS BANKRUPTCY CONFLICTS COUNSEL TO THE
DEBTORS AND FOR REIMBURSEMENT OF EXPENSES**

These cases came before the Court upon the application dated July 12,

2005 (the "Application"), made pursuant to this Court's May 19, 2005 Order, of

Togut, Segal & Segal LLP ("TS&S"), as bankruptcy conflicts counsel for Winn-

Dixie Stores, Inc. and the other above-captioned debtors and debtors in

possession (collectively, "Winn-Dixie" or the "Debtors"), for an order (i) allowing

compensation for professional services rendered on behalf of the Debtors in the

amount of $105,606.50; and (ii) allowing actual, necessary expenses incurred in

connection with the rendition of such professional services in the amount of

$756.84, for the period February 28, 2005 through April 13, 2005, (the

"Application Period"). A hearing on the Final Application was held on August 4,

2005. The Court has read the Application, considered the representations of

counsel, and has determined that notice of the Application was good and

sufficient under the circumstances, and that no other or further notice need be

given.

Accordingly, it is

**ORDERED AND ADJUDGED THAT:**

1.  The Application is granted; and

2.  The fees earned and the expenses incurred by TS&S during the Application Period, as set forth in the Application, are approved and allowed; and

3.  The Debtors are authorized and directed to pay to TS&S (to the extent not previously paid) the sums of: (i) $105,606.50, representing fees earned TS&S during and in connection with the Application Period; and (ii) $756.84, representing expenses incurred by TS&S during the Application Period; and

4.  The relief granted in this Order is without prejudice to the rights of TS&S to submit an abbreviated application for allowance and payment of compensation and reimbursement of expenses for the fees and costs connected with the final allowance of the fees herein awarded; and

5.  All fees and expenses are subject to review by the fee examiner to be appointed by the Court, parties in interest and this Court, and no determination is made at this time as to reasonableness. Fees and expenses awarded pursuant to this Order may be subject to disgorgement.

Dated this ___4___ day of August 2005 in Jacksonville, Florida

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Application.



# HONORABLE JERRY A. FUNK
# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE

**Thursday**
**December 1, 2005**
**1:00 P.M.**

## PRO MEMO

**CASE NO. 05-3817-3F1      WINN-DIXIE STORES, INC.**

Debtor Atty: Stephen D. Busey/Cynthia C. Jackson/D.J. Baker/James Post

Second Interim Fee Application for Togut, Segal & Segal LLP  (4142)

For the period: 07/12/05 through 09/30/05

Fee: $15,190.00

Expenses: $1,307.54

*Approved*

APPEARANCES:
US TRUSTEE:                          ELENA ESCAMILLA
UNSEC. CRED:                         JOHN B. MACDONALD/PATRICK PATANGAN
                                     MATTHEW S. BARR
TOGUT, SEGAL & SEGAL, LLP:           NEIL BERGER

RULING: