**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**NOTICE OF FILING**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates, as reorganized debtors, give notice of filing the attached Sixth Interim and Final Application of Carlton Fields, P.A. for Allowance of Fees and Expenses for the period from February 21, 2005 through November 21, 2006.

Dated: January 22, 2007

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| | |
| By   *s/ D. J. Baker*   <br>   D. J. Baker<br>   Sally McDonald Henry<br>   Rosalie Walker Gray | By   *s/ Cynthia C. Jackson*   <br>   Stephen D. Busey<br>   James H. Post<br>   Cynthia C. Jackson (FBN 498882) |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(917) 777-2150 (facsimile)<br>djbaker@skadden.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Counsel for Reorganized Debtors | Co-Counsel for Reorganized Debtors |

00554868

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | ) CASE NO. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |

**SIXTH INTERIM APPLICATION OF CARLTON FIELDS, P.A.,
AS SPECIAL COUNSEL FOR THE DEBTORS, FOR ALLOWANCE AND PAYEMNT
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**AND**

**FINAL APPLICATION OF CARLTON FIELDS, P.A.,
AS SPECIAL COUNSEL FOR THE DEBTORS, FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Carlton Fields, P.A. ("Carlton Fields"), makes these applications pursuant to Sections 330 and 331 of the Bankruptcy Code (the "Code") for the entry of an order allowing it interim compensation for services rendered and costs advanced as special counsel for the Debtors ("Winn Dixie") (i) for the sixth interim period from October 1, 2006 through November 21, 2006[1] (the "sixth interim period"); and (ii) for compensation for services rendered and reimbursement of expenses incurred for the period from February 21, 2005 to November 21, 2006 (the "entire case period"). By its sixth interim application, Carlton Fields is seeking interim compensation for services rendered in the amount of $211,556.00 and reimbursement for costs advanced in the amount of $24,734.81. By its final application, Carlton Fields is seeking compensation for services rendered in the amount of $1,885,043.15 and reimbursement for costs advanced in the amount of $126,333.24.

---

[1] The sixth interim period also includes invoices covering periods prior to October 1, 2006, but which were not previously submitted in prior interim fee petitions. These include invoice numbers 443155, 443171, 440031, 440032, 440034, 418821, 433460, 429679 and 412671.

MIA#2555386.1

## Legal Services Rendered by Carlton Fields

1. On February 21, 2005 (the "Petition Date"), Winn Dixie filed a petition for reorganization under Chapter 11 of the Code.

2. On May 19, 2005, the Court authorized Winn Dixie to retain Carlton Fields as special counsel in this case *nunc pro tunc* to the Petition Date.

3. By these applications, Carlton Fields seeks interim compensation for services rendered and expenses advanced for the sixth interim period and for the entire case period.

4. Carlton Fields seeks allowance and payment of fees for services provided to Winn Dixie in the following areas of representation: (i) preparing and making claims on landlords to pay for damages to multiple stores from the 2004 and 2005 hurricanes; (ii) protecting Winn Dixie's exclusive use rights in shopping centers through enforcement of its right to be free of competition in selling groceries in particular centers; (iii) general assistance on questions regarding leases, landlord negotiations, real estate, and related matters; and (iv) obtaining retention as special counsel, preparation of fee applications, and matters in connection with same.

## Application of Legal Standards to the Services of Carlton Fields

5. In considering the criteria on *In the Matter of First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), for the determination of a reasonable attorney's fee, the following considerations support the allowance of the fees requested:

    a. <u>The Time and Labor Required</u>. As set forth above, Carlton Fields has expended 738.40 hours providing legal services on behalf of, and for the benefit of Winn Dixie in numerous matters.

    b. Carlton Fields has made substantial effort to (i) restrict the number of attorneys involved in the Winn Dixie matters so as to maximize familiarity with the issues

involved and avoid wasted time, and (ii) assign the performance of all tasks to the least senior attorney capable of performing such tasks.

   c. <u>The Novelty and the Difficulty of the Questions</u>. Although Carlton Fields would not consider all of its work to be exceptionally novel or difficult, the issues of the enforceability of Winn Dixie's exclusive use rights in shopping centers have involved some very novel and difficult questions under Florida law.

   d. <u>The Customary Fee</u>. The requested fees for the attorneys working on these matters reflects, in many instances, discounts from Carlton Fields' customary billing rates for matters of this kind.

   e. <u>The Skills Requisite to Perform the Legal Services Properly</u>. Alan Grunspan is the attorney in charge of Carlton Fields' legal work for Winn Dixie. Mr. Grunspan has been representing Winn Dixie on many Florida real estate and lease related issues, including litigation in these areas, since 1997. Since Mr. Grunspan joined Carlton Fields in December 2004, Carlton Fields has provided extensive legal services to Winn Dixie, much of it relating to litigation involving the protection of the Debtors' exclusive use rights in shopping centers. Mr. Grunspan has been practicing law for over twenty (20) years and has extensive experience in these areas. Carlton Fields has performed the work set forth in this Application with its customary skill and diligence.

   f. <u>The Experience, Reputation and Ability of the Attorneys</u>. Carlton Fields has practiced law in Florida continuously for more than a century and has grown to be one of the largest law firms in the State of Florida, specializing in all phases of commercial practice, including litigation, real estate, leasing, bankruptcy, and land use, condominium, and zoning law. Carlton Fields' experience and reputation are well known.

g.  The "Undesirability" of the Case.  Representing Winn Dixie is by no means undesirable and Carlton Fields is proud to have the privilege of serving as special counsel for Winn Dixie in the various matters covered by this Application.

h.  The Nature and Length of Professional Relationship with Client.  Prior to this proceeding, Mr. Grunspan has been representing Winn Dixie since 1997. Carlton Fields has been representing Winn Dixie since Mr. Grunspan joined the firm in December 2004.

i.  Awards in Similar Cases.  The compensation prayed for by Carlton Fields is commensurate with allowances in similar cases for work of this caliber. The fees sought as interim compensation are entirely reasonable in that the services rendered were of high quality and compensation requested is based on hourly rates which in many instances are below the rates Carlton Fields customarily charges commercial clients for services of the same kind and quality.

j.  Whether the Fee is Fixed or Contingent.  The fees requested are based upon fixed hourly rates and are not contingent. The delay experienced in receiving its fees has been considered by some courts as a reason for enhancing attorneys' fees. See, e.g., In re Penn Cent. Transp. Co., 23 B.R. 499 (E.D. Pa. 1982). Although there is an Order in place providing for monthly billing and payment of fees at 80% where no objection is interposed, even under this procedure, there has been some delay.

k.  Time Limitations Imposed by Client or Other Circumstances.  There have been no extreme time limitations imposed by the client thus far.

l.  The Preclusion of Other Employment by Counsel Due to Acceptance of this Case.  Carlton Fields is aware of no other employment which has been precluded by virtue of having accepted representation as special counsel for Winn Dixie.

        m.    As further support for the fees requested, Carlton Fields respectfully requests that the Court take into account that Carlton Fields maintains a large suite of offices in a prime commercial location with library facilities; sophisticated office equipment, including word processing equipment; subscriptions to computerized research services; and a large support staff, including secretaries, clerks, paraprofessionals, and other support personnel. A firm with resources of this nature and level is necessary to adequately represent the interests of Winn Dixie in the various matters being handled by Carlton Fields. Consequently, a substantial portion of whatever hourly compensation may be allowed by this Court will merely defray substantial overhead charges which have already been incurred and paid in cash during the time which has elapsed since Carlton Fields was appointed to serve as special counsel for Winn Dixie these proceedings.

    6.    Carlton Fields has made no arrangement regarding the sharing of compensation for services rendered in connection with this Chapter 11 case.

### Compensation and Reimbursement Requested for the Sixth Interim Period

    7.    By its sixth interim application, Carlton Fields requests interim compensation for services rendered of $211,556.00 and reimbursement of expenses of $24,734.81 incurred during this sixth interim period.

    8.    During the sixth interim period, Carlton Fields devoted 655.90 hours of attorney time, and 204.70 hours of legal assistant time to the representation of Winn Dixie. Attached as Schedule A are the invoices that include the contemporaneous daily time entries covering professional services rendered by Carlton Fields during this sixth interim period, including time devoted each day by the individual attorneys and legal assistants. The time entries have been redacted, as appropriate, to the extent necessary to avoid revealing confidential information protected by the attorney-client and/or work product privileges.

9. In addition, the invoices attached as Schedule A also reflect the time devoted by each attorney and legal assistant, together with a computation of the value of that time at the hourly rates that were in effect for this matter during the time the services were rendered. The fees requested by this application were determined by the computation of the total time at those ordinary hourly rates.

10. In connection with the rendering of these services, Carlton Fields advanced expenses on behalf of the Debtors in the amount of $24,734.81 for long distance toll charges, duplicating expenses, postage, express delivery, travel expense and other similar items. By this application, Carlton Fields seeks reimbursement of the foregoing expenses. These expenses are described more particularly in Schedule A.

### Compensation and Reimbursement Requested for the Entire Case Period

11. By its Final Application, Carlton Fields requests that this Court authorize and order, with respect to the entire case period, (a) final allowance and payment, to the extent not already paid, of compensation equal to $1,885,043.15 in fees, for professional services rendered by Carlton Fields as counsel to Debtors, representing 100% of the fees earned; and (b) final allowance and reimbursement, to the extent not already reimbursed, of $126,333.24, representing 100% of the actual and necessary out-of-pocket disbursements made and charged incurred by Carlton Fields as counsel to Debtors.

12. During the entire case period, Carlton Fields devoted 6,308.20 hours of attorney time, and 1,175.10 hours of legal assistant time to the representation of Winn Dixie. The daily time detail for the numerous matters on which professionals of Carlton Fields spent time during the entire case period, as well as detail of the expenses incurred during the entire case period, were attached to each of the previously filed interim fee applications. Moreover, Carlton Fields described in each of its prior interim fee applications the services rendered during each

application period and has described herein the services rendered during the sixth interim period. All of the detail and descriptions for the prior interim application periods are incorporated herein by reference and, together with the detail and descriptions contained herein for the sixth interim period, are offered in support of this Final Application.

13.     Carlton Fields submits that the aggregate fees sought in the Final Application represent "reasonable compensation for actual, necessary services rendered" in accordance with section 330(a)(1)(A) of the Bankruptcy Code. In addition, Carlton Fields submits that the aggregate expenses for which reimbursement is sought in the Final Application represent "actual, necessary expenses" under section 330(a)(1)(B) of the Bankruptcy Code.

WHEREFORE, Carlton Fields respectfully requests that (i) with respect to the sixth interim period, the Court enter an Order (a) making an interim award to it in the total sum of $236,290.81, representing $211,556.00 in fees and $24,734.81 in reimbursable expenses; (b) authorizing and directing Winn Dixie and the related Debtors to pay Carlton Fields $236,290.81 (less any amount already paid for this interim period pursuant to the monthly billing procedure), which represents the amount of the fees and expenses requested in the sixth interim period pursuant to the procedure established in Judge Drain's March 15, 2005 Final Order Approving Interim Compensation Procedures for Professionals; (ii) with respect to the entire case period, the Court to enter an Order (a) making an award to it, and allowing it the total sum of $2,011,376.39, representing $1,885,043.15 in fees and $126,333.24 in reimbursable expenses; (b) authorizing and directing Winn Dixie and the related Debtors to pay Carlton Fields $2,011,376.39 (less any amount already paid for the entire case period pursuant to the monthly billing procedure), which represents the amount of the fees and expenses requested in the entire case period pursuant to the procedure established in Judge Drain's March 15, 2005 Final Order

Approving Interim Compensation Procedures for Professionals; and (iii) granting it such other and further relief as the Court deems just and proper in connection with this Application.

Dated: January 22, 2007.

                                    CARLTON FIELDS, P.A.
                                    Special Counsel for Debtors
                                    100 SE 2nd Street, Suite 4000
                                    Miami, Florida 33131
                                    Telephone:   (305) 530-0050
                                    Facsimile:    (305) 530-0055

By: _____/s/ James D. Silver /ARF_____
        JAMES D. SILVER
        Florida Bar Number 373702

MIA#2555386.1                                              8

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN DIXIE STORES, INC., et al., ) Case No. 05-03817-3F1
 )
 ) Chapter 11
    Debtors. ) Jointly Administered
 )
_____/

## CERTIFICATE OF MAILING

I CERTIFY that on the 22 day of January, 2007, I caused to be served the Sixth Interim Application and of Carlton Fields, P.A., as Special Counsel for the Debtors, for Allowance and Payment of Compensation and Reimbursement of Expenses, by having a true and correct copy sent via U. S. Mail to the parties listed below:

Elena L. Escamilla
Office of the United States Trustee
135 West Central Blvd., Room 620
Orlando, Florida 32801
Telephone: 407-648-6465
Facsimile: 407-648-6323
Elena.L.Escamilla@usdoj.gov

Kenneth C. Meeker
Assistant U.S. Trustee
Office of the United States Trustee
135 West Central Blvd., Room 620
Orlando, Florida 32801
Telephone: 407-648-6301
Facsimile: 407-648-6323
ken.meeker@usdoj.gov

Winn-Dixie Stores, Inc.
Attention: Laurence B. Appel
5050 Edgewood Court
Jacksonville, Florida 32254-3699
Telephone: 904-783-5000
Facsimile: 904-783-5059
LarryAppel@winn-dixie.com

CARLTON FIELDS, P.A.
4000 International Place - 100 S.E. Second Street – Miami - Florida 33131-9101

MIA#2555932.1

001147

Winn-Dixie Stores, Inc.
Attn: Jay F. Castle
5050 Edgewood Court
Jacksonville, FL 32254-3699
Telephone: 904-783-5000
Facsimile: 904-783-5059
jacastle@winn-dixie.com

Skadden, Arps, Slate, Meagher & Flom LLP
Attention: D.J. Baker
Four Times Square
New York, New York 10036
Telephone: 212-735-2150
Facsimile: 917-777-2150
djbaker@skadden.com

Otterbourg, Steindler, Houston & Rosen, P.C.
Attention: Jonathan N. Helfat
230 Park Avenue, 29th Floor
New York, New York 10169
Telephone: 212-661-9100
Facsimile: 212-682-6104
Jhelfat@oshr.com

Milbank, Tweed, Hadley & McCloy LLP
Attention: Matthew Barr
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: 212-530-5000
Facsimile: 212-530-5219
Mbarr@milbank.com

King & Spalding, LLP
Attention: Sarah Robinson Borders
191 Peachtree Street
Atlanta, Georgia 30303
Telephone: 404-572-4600
Facsimile: 404-572-5149
sborders@kslaw.com

Case No. 05-03817-3F1

Stuart, Maue, Mitchell & James, Ltd.
Attn: Linda K. Cooper
3840 McKelvey Road
St. Louis, MO 63044
Telephone: 314-291-3030
Facsimile: 314-291-6546
l.cooper@smmj.com

                              Respectfully submitted,

                              CARLTON FIELDS, P.A.
                              Special Counsel for Debtors
                              100 SE 2nd Street, Suite 4000
                              Miami, Florida 33131
                              Telephone:   (305) 530-0050
                              Facsimile:    (305) 530-0055
                              **jsilver@carltonfields.com**

                         By: _____
                              JAMES D. SILVER
                                Florida Bar Number 373702