# EXHIBIT "C"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,                    Case No.: 3:05-bk-03817-JAF

    Debtors.                                        Chapter 11

                                                    Jointly Administered
_____/

**ORDER, UNDER 11 U.S.C. §§ 330 AND 331, GRANTING FIFTH
INTERIM AND FINAL APPLICATION OF AKERMAN SENTERFITT,
CO-COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR INTERIM ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES
INCURRED DURING PERIOD FROM OCTOBER 1, 2006, THROUGH
AND INCLUDING NOVEMBER 21, 2006, AND FINAL ALLOWANCE
OF COMPENSATION FOR SERVICES RENDERED AND FOR
REIMBURSEMENT OF EXPENSES INCURRED DURING PERIOD
FROM APRIL 22, 2005, THROUGH AND INCLUDING NOVEMBER 21, 2006**

THESE CASES are before the Court on the Fifth Interim and Final Application (the "Application") of Akerman Senterfitt ("Akerman"), co-counsel for the official committee of unsecured creditors (the "Committee") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession in the above captioned cases (collectively, "Winn-Dixie" or the "Debtors"), for entry of an order, pursuant to 11 U.S.C. §§ 330(a) and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 effective January 30, 1996 (the "U.S. Trustee Guidelines"), the Final Order Approving Interim Compensation Procedures for Professionals, dated March 15, 2005 (Docket No. 434) (the "Interim Compensation Order"), and the Order Authorizing Debtors to Employ and

{JA305656;1}

Retain Stuart, Maue, Mitchell & James, LTD. as Fee Examiner, dated December 14, 2005 (Docket No. 4599)(the "Fee Examiner Order"), (a) allowing (i) compensation for professional services rendered from October 1, 2006, through and including November 21, 2006 (the "Fifth Interim Compensation Period"), in the aggregate amount of $31,550.00, and (ii) reimbursement of expenses incurred in connection with rendering such services in the aggregate amount of $3,712.19, for a total award of $35,262.19 and (b) authorizing and directing the Debtors to pay to Akerman $12,597.20, which is the total amount outstanding and unpaid by the Debtors to Akerman pursuant to the Interim Compensation Order for professional services rendered and expenses incurred during the Fifth Interim Compensation Period, and (c) the final allowance of compensation for services rendered during the inclusive period of April 22, 2005, through November 21, 2006 (the "Final Compensation Period"), in the amount of $501,760.00, and reimbursement of expenses incurred in connection with the rendition of such services in the amount of $36,713.28, for a total award of $538,473.28. The Court having reviewed the Application and having heard the statements of counsel in support of the relief requested therein; and finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after notice and a hearing to consider the Application on _____, 2007; and upon the record and the evidence presented and after due deliberation thereon; and due and proper notice of the Application having been given; and sufficient cause appearing therefor, the Court finds and concludes that the final compensation sought by Akerman for its services rendered to the Committee for the Final Compensation Period as set forth in Akerman's First, Second, Third, Fourth, and Fifth Interim Compensation Applications, is reasonable and appropriate for such services,

which were actual, necessary services rendered by Akerman for the Committee in connection with these cases, and that the expenses for which Akerman seeks reimbursement for such period were actual, necessary expenses incurred in connection with such services, all of which compensation for services and reimbursement of expenses is properly allowable under 11 U.S.C. § 330. Upon the foregoing, it is

**ORDERED**

1. The Application is granted.

2. Akerman is allowed (a) interim compensation for professional services rendered as counsel to the Committee during the Fifth Interim Compensation Period in the amount of $31,550.00 and (b) reimbursement of expenses incurred in connection with rendering such services in the amount of $3,712.19, for a total award of $35,262.19.

3. The Debtors are authorized and directed to pay to Akerman within five days from the date of entry of this Order $12,597.20, which is the total amount outstanding to Akerman and unpaid by the Debtors pursuant to the Interim Compensation Order for professional services rendered and expenses incurred during the Fifth Interim Compensation Period.

4. The interim compensation and reimbursement of expenses allowed to Akerman on its First Application by this Court's Order of December 1, 2005 (Docket No. 4421), its Second Application by this Court's Order of April 6, 2006 (Docket No. 6966), its Third Application by this Court's Order of August 10, 2006 (Docket No. 10159), and its Fourth Application by this Court's Order of December 14, 2006 (Docket No. 13110), is hereby confirmed, and Akerman is hereby allowed compensation totaling $501,760.00 for services rendered to the Committee in connection with these cases from April 22,

2005, through November 21, 2006, and $36,713.28 for reimbursement of expenses in connection with such services, for a total award of $538,473.28.

DATED this ____ day of _____, 2007, in Jacksonville, Florida.

_____
JERRY A. FUNK
United States Bankruptcy Judge