**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**NOTICE OF FILING**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates, as reorganized debtors, give notice of filing the attached Final Application of Kirschner & Legler, P.A. for Allowance of Fees and Expenses for the period from February 22, 2005 through November 21, 2006.

Dated:  January 22, 2007

SKADDEN, ARPS, SLATE, MEAGHER                SMITH HULSEY & BUSEY
& FLOM LLP


By    *s/ D. J. Baker*                     By    *s/ Cynthia C. Jackson*
     D. J. Baker                                   Stephen D. Busey
     Sally McDonald Henry                          James H. Post
     Rosalie Walker Gray                           Cynthia C. Jackson (FBN 498882)

Four Times Square                            225 Water Street, Suite 1800
New York, New York 10036                     Jacksonville, Florida  32202
(212) 735-3000                               (904) 359-7700
(917) 777-2150 (facsimile)                   (904) 359-7708 (facsimile)
djbaker@skadden.com                          cjackson@smithhulsey.com

Co-Counsel for Reorganized Debtors           Co-Counsel for Reorganized Debtors

00554868

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| _____ | ) | |

**SUMMARY OF FINAL APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**(KIRSCHNER & LEGLER, P.A.)**

1.      Name of Applicant:  **Kirschner & Legler, P.A.**

2.      Role of Applicant:  **Special Corporate Finance Counsel**

3.      Date Case Filed: **February 21, 2005**

5.      Date of Application for Employment:  **February 22, 2005**

6.      Date of Order Approving Employment:  **March 15, 2005**

7.      Date of this Application:  **January 22, 2007**

**Final Application:**

| | |
|---|---|
| Dates Covered by Final Application | 2/21/05 – 11/21/06 |
| Total Fees Requested for Final Application Period | $290,049.00 |
| Total Expense Reimbursement Requested for Final Application Period | 397.49 |
| **TOTAL AWARD REQUESTED BY THIS FINAL APPLICATION** | **$290,446.49** |

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

## <u>HISTORY OF FEES AND EXPENSES</u>

1.     Prior fee and expense awards:                                $290,446.49

### First Interim Application for Compensation and Reimbursement of Expenses

| | |
|---|---|
| Dates covered by First Interim Application: | February 22, 2005 through May 31, 2005 |
| Amount of fees requested: | $  93,264.00 |
| Amount of expenses requested: | 130.26 |
| Amounts of fees awarded: | 93,264.00 |
| Amount of expenses awarded: | 130.26 |
| Date of First Interim Application award: | August 4, 2005 |
| Amount of fees actually paid: | 93,264.00 |
| Amount of expenses actually paid: | 130.26 |

### Second Interim Application for Compensation and Reimbursement of Expenses

| | |
|---|---|
| Dates covered by Second Interim Application: | June 1, 2005 through September 30, 2005 |
| Amount of fees requested: | $145,710.00 |
| Amount of expenses requested: | 121.57 |
| Amounts of fees awarded: | 145,710.00 |
| Amount of expenses awarded: | 121.57 |
| Date of Second Interim Application award: | December 1, 2005 |
| Amount of fees actually paid: | 145,710.00 |
| Amount of expenses actually paid: | 121.57 |

### Third Interim Application for Compensation and Reimbursement of Expenses

| | |
|---|---|
| Dates covered by Third Interim Application: | October 1, 2005 through January 31, 2006 |
| Amount of fees requested: | $49,230.00 |
| Amount of expenses requested: | 101.69 |
| Amounts of fees awarded: | 49,230.00 |
| Amount of expenses awarded: | 101.69 |
| Date of Third Interim Application award: | April 6, 2006 |
| Amount of fees actually paid: | 49,230.00 |
| Amount of expenses actually paid: | 101.69 |

2

**Fourth Interim Application for Compensation and Reimbursement of Expenses**

| | |
|---|---|
| Dates covered by Fourth Interim Application: | February 1, 2006 through May 31, 2006 |
| Amount of fees requested: | $1,845.00 |
| Amount of expenses requested: | 43.97 |
| Amounts of fees awarded: | 1,845.00 |
| Amount of expenses awarded: | 43.97 |
| Date of Fourth Interim Application award: | August 10, 2006 |
| Amount of fees actually paid: | 1,845.00 |
| Amount of expenses actually paid: | 43.97 |

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

## FINAL APPLICATION OF KIRSCHNER & LEGLER, P.A. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Pursuant to Section 331 of the Bankruptcy Code (the "Code"), Kirschner & Legler, P.A. applies for entry of an order allowing final compensation to the firm for services rendered and costs advanced as special corporate finance counsel for Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (collectively, the "Debtors") for the period from February 22, 2005 through November 21, 2006 for services rendered in the amount of $290,049.00 and reimbursement for costs advanced in the amount of $397.49.

### Legal Services Rendered by Kirschner & Legler

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").  By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.  By order dated November 9, 2006, the Bankruptcy Court confirmed the Debtors' joint plan of reorganization.

2.      On March 4, 2005, the Court authorized the Debtors to retain Kirschner & Legler as special corporate finance counsel in this case on an interim basis.  On March 15, 2005, the Court entered a final order authorizing Kirschner & Legler's retention.

3.      By order dated November 9, 2006, the Bankruptcy Court confirmed the Debtors' joint plan of reorganization, which became effective as of November 21, 2006 (the "Effective Date").

4.      By order dated December 14, 2005, the Court appointed the firm of Stuart, Maue, Mitchell & James, Ltd. as fee auditors (Docket No. 4599) (the "Stuart Maue Order").  Pursuant to the Stuart Maue Order, Kirschner & Legler has submitted each of its interim applications to Stuart Maue and will submit this final application.

5.      Section 12.2(a) of the Debtors' confirmed plan requires that final fee applications covering fees earned and expenses incurred prior to the Effective Date be filed with the Court and served on necessary parties no later than 60 days after the Effective Date.

6.      Pursuant to section 12.2(b) of the confirmed plan, the Debtors may pay reasonable professional fees and expenses in connection with services rendered to them after the Effective Date without application to or approval by the Court.  The applications therefore do not extend to fees earned and expenses incurred after November 21, 2006, the Effective Date.

7.      Kirschner & Legler seeks allowance of fees for services provided to the Debtors during this Final Application Period in the following areas of its representation:

8.    Kirschner Legler seeks allowance of fees for services provided to the Debtors in the following areas of representation:

| Areas of Representation | Total Fees | Total Hours |
|---|---|---|
| Asset Disposition | $135,090.00 | 300.2 |
| Bankruptcy Proceeding – General Matters | 17,070.00 | 38.6 |
| DIP Credit Agreement | 2,827.50 | 6.5 |
| DIP Financing | 40,146.00 | 91.5 |
| DIP Store Sales/Closing | 44,682.00 | 101.5 |
| Sale of Harahan Distribution Center | 34,212.00 | 77.2 |
| Schreiber Dispute | 16,021.50 | 36.2 |
| Totals | $290,049.00 | 651.7 |

**Compensation and Reimbursement Requested by Kirschner & Legler**

9.    By this Final Application, Kirschner & Legler requests compensation, to the extent not already paid, for services rendered of $290,049.00 and reimbursement of expenses, to the extent not already paid, of $397.49 incurred in connection with this case from the February 22, 2005 through November 21, 2006.

10.    During the Final Application Period from February 22, 2005 through November 21, 2006, Kirschner & Legler devoted 651.7 hours of attorney time to the representation of the Debtors, resulting in an average hourly rate of $445.07. Attached as Schedule A is a summary of the total time devoted by each attorney between February 22, 2005 through November 21, 2006, together with a computation of the value of that time at the ordinary hourly rates of Kirschner & Legler that were in effect during the time

6

the services were rendered.    The fees requested by this Final Application were determined by the computation of the total time at those ordinary hourly rates.

11.    The daily time detail for the matters to which professionals of Kirschner & Legler devoted time, as well as the detail of expenses incurred during February 22, 2005 through November 21, 2006, were attached to each of the previously filed interim fee applications.    Moreover, Kirschner & Legler described in each of its prior interim fee applications the services rendered during each application period.    All of the detail and descriptions for the prior interim application periods are incorporated by reference and are offered in support of this Final Application.

12.    In connection with the rendering of these services, Kirschner & Legler advanced expenses on behalf of the Debtors in the amount of $397.49 for express delivery and courier services, on which Kirschner & Legler seeks approval for the Debtors' reimbursement in the amount of $397.49.    These expenses are summarized in Schedule B.

**Application of Legal Standards to the Services of Kirschner & Legler**

13.    In considering the criteria of Bankruptcy Code section 330 and In the Matter of First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977), for the determination of a reasonable attorney's fee, the following considerations justify the allowance of a fee to Kirshner & Legler in the amount of its hourly rates, in addition to those matters which are otherwise apparent to the Court from its familiarity with this case:

7

a. Apparent from Kirschner & Legler's application, the time and labor required by the representation was significant. A material demand was placed upon the available services of Kirschner & Legler, which demand precluded employment of Kirschner & Legler on other matters.

b. The demand placed on Kirschner & Legler's resources was intense.

c. The requested fee is Kirschner & Legler's customary fee in commercial bankruptcy matters of this kind and there exists no reason in the circumstances of this case to award a lesser fee for the services rendered.

d. Additionally, consideration of the difficulty and intensity of the case, the skill of Kirschner & Legler in performing its legal services, and the experience, reputation and ability of Kirschner & Legler, all support an award of a fee to Kirschner & Legler in an amount equivalent to its hourly rates for the time devoted to the case.

Kirschner & Legler has made no arrangement regarding the sharing of compensation for services rendered in connection with this Chapter 11 case.

WHEREFORE, Kirschner & Legler respectfully requests the Court to (i) approve all previously authorized compensation of Kirschner & Legler and reimbursement of its expenses and (ii) allow as final compensation in the amount of $290,049.00 for

professional services rendered and reimbursement of costs advanced in the amount of $397.49.

Dated: January 22, 2007.

KIRSCHNER & LEGLER, P.A.


By      *s/ Kenneth M. Kirschner*
              Kenneth M. Kirschner

Florida Bar Number 171188
300A Wharfside Way
Jacksonville, Florida  32207
(904) 346-3200
(904) 346-3299 (facsimile)

Special Counsel to the Debtors

00555576

9

**Schedule A**

| Name | Years experience | Hours | Rate | Amount |
|------|------------------|-------|------|--------|
| **Shareholders:** | | | | |
| Kenneth M. Kirschner | 37 | 437.3 | 450.00 | $196,785.00 |
| Kenneth M. Kirschner | 37 | 214.4 | 435.00 | 93,264.00 |
| **Total Fees** | | | | $290,049.00 |

10

**<u>Schedule B</u>**

| <u>Expenses</u> | | <u>Total Amount</u> |
|---|---|---|
| Express Mail | | 122.02 |
| Messenger Services | | 275.47 |
| | Total | $397.49 |

<u>Certificate of Service</u>

I certify that a copy of this document was furnished by mail and/or electronically to the Elena L. Escamilla, Assistant U.S. Trustee, 135 West Central Boulevard, Room 620, Orlando, Florida  32801, Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia  30303, D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York  10036, Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York   10005, Jonathan N. Helfat, Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, 29th Floor, New York, New York  10169, and Laurence B. Appel, Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, Florida 32254-3699, this 22nd day of January, 2007.



_____ *s/ Kenneth M. Kirschner* _____
Attorney