### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., <u>et.al.</u>      Case No. 05-03817-3F1

                                  Chapter 11

        Reorganized Debtors.     Jointly Administered

_____/

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE
### EXPENSE CLAIM FOR POST-PETITION PERSONAL INJURY

Pursuant to 11.U.S.C.§ 503, Gertrude Carran ("Claimant") hereby applies for and requests that the Court enter an Order approving this Application for allowance and payment of an administrative expense claim in the above-styled case, and as grounds therefor says:

1.      On March 30, 2006, Claimant suffered personal injury and damages when she fell in a store operated by the Debtor and located in Lake Placid, Florida. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968).

2.      On November 9, 2006, this Court entered an Order confirming the Debtors' Plan of Reorganization. [Docket #12440].

3.      Almost one month later, on December 6, 2006, Debtor's counsel transmitted a Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims (the "Notice").

4.      The Notice established January 5, 2007 as the deadline for filing requests for payment of administrative expense claims.

5.       The timing of the Notice and the short deadline were prejudicial to Claimant in that:

a.       The time between December 6, 2006 (the Notice transmittal date) and January 5, 2007 ( the bar date) is only 30 days, without providing "mailing time;"

b.       The Notice was transmitted during the holiday season; therefore, several days were "lost" due to slower mail delivery and several additional days were holidays

c.       Accordingly, Claimant effectively had less than 30 days to respond to the Notice.

6.       Claimant is uncertain as to the date on which the Notice actually was received; however, she has attempted to act with diligence after she receiving the Notice.

7.       The Debtor will not be prejudiced by the tardy filing because the Debtor has had actual knowledge of Claimants' claim for several months as a result of the state court litigation, which already is in progress.

8.       On August 29, 2006, Claimant sent her claim, a copy of which is attached hereto as Exhibit A, to the Debtor's insurance administrator, Sedgwick Claims Management Services.

9.       Thereafter, Claimant instituted suit, naming "Winn-Dixie Supermarkets, Inc." as Defendant.  The Complaint was amended September 7, 2006 to reflect the Defendant as, "Winn-Dixie Stores, Inc."   Copies of the Complaint and Amended Complaint (collectively, the "Complaint") are attached hereto as Exhibit B.

10.       The Debtor answered the Complaint and asserted defenses thereto; however, the Debtor did not disclosing the existence of the bankruptcy case or advise of the automatic stay. A copy of the Answer is attached hereto as Exhibit C.

11.       Neither Claimant nor her counsel had knowledge of the bankruptcy case.

12. In short, the Debtor had actual knowledge of the claim and of Claimant's intent to pursue collection of said claim.

13. The claim must be liquidated in state court and should continue before the Court in which the matter was filed.

14. Under the facts set forth above, the Debtor should be estopped to complain about the tardy filing of the Administrative Expense Application.

15. Pursuant to 11 U.S.C. § 503(a), the Court may allow a tardily filed request for payment of administrative expense for cause, which Claimant respectfully submits she has set forth above.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application was served on James Post, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202 and Matthew Barr, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 this 25th day of January 2007.

Marsha G. Rydberg
Florida Bar Number 220973
The Rydberg Law Firm, P.A.
201 N. Franklin Street, Suite 1625
Tampa, FL  33602
(813) 221-2800
(813) 221-2420 – facsimile
Attorneys for Carran

# Exhibit A



LAW OFFICE OF

# GERALD LEFEBVRE

ATTORNEY AT LAW





1910 SOUTH PARROTT AVENUE
(HIGHWAY 441 SOUTH)
OKEECHOBEE, FLORIDA 34974
TELEPHONE (863) 763-3333
TOLL FREE (888) 529-4658
TELECOPIER (863) 763-9561

PRACTICE LIMITED TO PERSONAL
INJURY AND WRONGFUL DEATH
WEBSITE: www.accidentattorneyoffice.com
E-MAIL: gerald@accidentattorneyoffice.com

August 29, 2006

SEDGWICK
Attn: Claims Management Services
Post Office Box 24787
Jacksonville, FL 32241-4787

**Sent Via Certified Mail**

RE:  Our Client    : **GERTRUDE CARRAN**
     D/Accident    : June 30, 2006
     Your insured  : Winn-Dixie #0746
     Claim No.     : A611206006-0001-01

Dear Sir or Madam:

Please be advised that I represent Gertrude Carran in connection with the injuries she has sustained in the incident occurring on June 30, 2006, in Lake Placid, Florida.

Pursuant to F.S. 627.4137, please forward to me a certified copy of your insured's declaration sheet and policy effective as of the date of the accident.

Also pursuant to F.S. 627.4137, I am writing to you to request that you provide the following information to us within thirty (30) days of your receipt of this request:

1.    Whether your company did or might have provided liability insurance coverage for **your insured** under any policy, as of the day of the accident in question.

      *This request includes any liability insurance provided by any excess, umbrella, homeowners, personal, or commercial insurance policy;*

2.    Your company's exact name;

3.    The names of each insured as listed on any such liability policy;

4.    The limits of the liability coverage;

FLORIDA BAR BOARD CERTIFIED CIVIL TRIAL LAWYER - CERTIFIED BY NATIONAL BOARD OF TRIAL ADVOCACY

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.
August 29, 2006
Page Two

5.  Any statement of the policy regarding any coverage defenses which might reasonably be available to your company; and,

6.  **The name and coverage of *any known* insurer for your insured.**

In closing, let me thank you in advance for your cooperation.

Sincerely,

GERALD LEFEBVRE

GL/mg

(7004 1350 0005 4227 9500)

# Exhibit B

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL
## IN AND FOR OKEECHOBEE COUNTY, FLORIDA

CASE NO.:

GERTRUDE CARRAN, individually,
and her husband, NICK CARRAN,
individually

      Plaintiffs,

vs.

WINN-DIXIE SUPERMARKETS, INC.,
a corporation authorized to transact
business in the State of Florida,

      Defendant.

_____/

# COMPLAINT

### Count I

COMES NOW, the Plaintiff, GERTRUDE CARRAN, and sues the Defendant,

WINN-DIXIE SUPERMARKETS, INC. and alleges:

1.     This is an action for damages that exceed $15,000.00.

2.     That at all times herein relevant the Defendant, WINN-DIXIE

    SUPERMARKETS, INC., was in actual or constructive possession of the "Winn-

    Dixie" grocery store located at 70 Plaza Avenue, Lake Placid, Florida 33852.

3.     Defendant, WINN-DIXIE SUPERMARKETS, INC. is and was a Florida

    corporation authorized to do business in the State of Florida at all times herein

    relevant. Furthermore, at all times herein relevant it had agents and transacted

    business within Okeechobee County, Florida.

4.     On June 30, 2006, the Plaintiff, GERTRUDE CARRAN, entered the retail store to

LAW OFFICE OF
**iERALD LEFEBVRE**
ATTORNEY AT LAW

0 SOUTH PARROTT AVENUE
EECHOBEE, FLORIDA 34974
(863) 763-3333
FAX (863) 763-9661

purchase groceries and other retail items. While looking for "tylenol" she stepped

on a piece of banana which was laying on the floor in the aisle where the tylenol

was located. Resultantly, her foot slid and she fell to the ground.

5.   The Plaintiff, GERTRUDE CARRAN was injured as a result of the slip and fall.

6.   The banana constituted a dangerous and unsafe condition of the premises.

7.   Furthermore, that dangerous condition existed on the premises for a sufficient

period of time such that the Defendant knew or should have known of its

existence and removed it from the premises.

8.   The unsafe, condition constituted an unreasonably dangerous condition to patrons

that entered the grocery store.

9.   Furthermore, that dangerous condition was caused by agents or employees of the

Defendant, WINN-DIXIE SUPERMARKETS, INC.

10.   Said condition was either caused directly by agents or employees of the

Defendant, WINN-DIXIE SUPERMARKETS, INC. or because said agents or

employees negligently failed to properly inspect and/or maintain the unsafe

premises.

11.   Furthermore, the Defendant, WINN-DIXIE SUPERMARKETS, INC. owed a duty

to the Plaintiff, GERTRUDE CARRAN and to other patrons of the premises to

insure that its floors were in good and safe condition, but negligently breach this

duty of care.

12.   That as a proximate result of the foregoing negligent acts or negligent failures to

act the Plaintiff, GERTRUDE CARRAN suffered bodily injury and resulting pain

and suffering, disability, disfigurement, mental anguish, loss of capacity for the

enjoyment of life, expense of hospitalization, medical and nursing care and

LAW OFFICE OF
GERALD LEFEBVRE
ATTORNEY AT LAW

110 SOUTH PARROTT AVENUE
OKEECHOBEE, FLORIDA 34974
(863) 763-3333
FAX (863) 763-9561

treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, GERTRUDE CARRAN, demands judgment for damages against the Defendant, WINN-DIXIE SUPERMARKETS, INC. and a trial by jury on all issues so triable.

<u>Count II</u>

COMES NOW, the Plaintiff, NICK CARRAN, and sues the Defendant, WINN-DIXIE SUPERMARKETS, INC. and alleges:

13. This is an action for damages that exceed $15,000.00.

14. That at all times herein relevant the Defendant, WINN-DIXIE SUPERMARKETS, INC., was in actual or constructive possession of the "Winn-Dixie" grocery store located at 70 Plaza Avenue, Lake Placid, Florida 33852.

15. Defendant, WINN-DIXIE SUPERMARKETS, INC. is and was a Florida corporation authorized to do business in the State of Florida at all times herein relevant. Furthermore, at all times herein relevant it had agents and transacted business within Okeechobee County, Florida.

16. On June 30, 2006, the Plaintiff, GERTRUDE CARRAN, entered the retail store to purchase groceries and other retail items. While looking for "tylenol" she stepped on a piece of banana which was laying on the floor in the aisle where the tylenol was located. Resultantly, her foot slid and she fell to the ground.

17. The Plaintiff, GERTRUDE CARRAN was injured as a result of the slip and fall.

18. The banana constituted a dangerous and unsafe condition of the premises.

19. Furthermore, that dangerous condition existed on the premises for a sufficient

LAW OFFICE OF
GERALD LEFEBVRE
ATTORNEY AT LAW

10 SOUTH PARROTT AVENUE
KEECHOBEE, FLORIDA 34974
(863) 763-3333
FAX (863) 763-8561

period of time such that the Defendant knew or should have known of its existence and removed it from the premises.

20. The unsafe, condition constituted an unreasonably dangerous condition to patrons that entered the grocery store.

21. Furthermore, that dangerous condition was caused by agents or employees of the Defendant, WINN-DIXIE SUPERMARKETS, INC.

22. Said condition was either caused directly by agents or employees of the Defendant, WINN-DIXIE SUPERMARKETS, INC. or because said agents or employees negligently failed to properly inspect and/or maintain the unsafe premises.

23. Furthermore, the Defendant, WINN-DIXIE SUPERMARKETS, INC. owed a duty to the Plaintiff, GERTRUDE CARRAN and to other patrons of the premises to insure that its floors were in good and safe condition, but negligently breach this duty of care.

24. That as a proximate result of the foregoing negligent acts or negligent failures to act the Plaintiff, GERTRUDE CARRAN suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

25. That at all times herein relevant the Plaintiff, NICK CARRAN, was and is the lawful spouse of the Plaintiff, GERTRUDE CARRAN.

26. That as a result of the injuries sustained by the Plaintiff, GERTRUDE CARRAN,

LAW OFFICE OF
GERALD LEFEBVRE
ATTORNEY AT LAW
110 SOUTH PARROTT AVENUE
OKEECHOBEE, FLORIDA 34974
(863) 763-3333
FAX (863) 763-9661

the Plaintiff, NICK CARRAN, has lost her care, comfort, consortium, attention and society. In addition, he has rendered and will continue to render valuable nursing services to her. Furthermore, said losses will continue in the future.

WHEREFORE, Plaintiff, NICK CARRAN, demands judgment for damages against the Defendant, WINN-DIXIE SUPERMARKETS, INC. and a trial by jury on all issues so triable.

**GERALD LEFEBVRE, ESQUIRE**
Florida Bar No.: 0219681
Attorney for Plaintiff(s)
1910 South Parrott Avenue
Okeechobee, Florida 34974
(863) 763-3333
Fax: (863) 763-9561

GL/mg

LAW OFFICE OF
GERALD LEFEBVRE
ATTORNEY AT LAW

10 SOUTH PARROTT AVENUE
KEECHOBEE, FLORIDA 34974
(863) 763-3333
FAX (863) 763-9561

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL
## IN AND FOR OKEECHOBEE COUNTY, FLORIDA

CASE NO.: 2006-CA-224

GERTRUDE CARRAN, individually,
and her husband, NICK CARRAN,
individually

      Plaintiffs,

vs.

WINN-DIXIE STORES, INC.,
a corporation authorized to transact
business in the State of Florida,

      Defendant.

_____/

# AMENDED COMPLAINT

### Count I

COMES NOW, the Plaintiff, GERTRUDE CARRAN, and sues the Defendant,

WINN-DIXIE STORES, INC. and alleges:

1.     This is an action for damages that exceed $15,000.00.

2.     That at all times herein relevant the Defendant, WINN-DIXIE STORES, INC.,

was in actual or constructive possession of the "Winn-Dixie" grocery store

located at 70 Plaza Avenue, Lake Placid, Florida 33852.

3.     Defendant, WINN-DIXIE STORES, INC. is and was a Florida corporation

authorized to do business in the State of Florida at all times herein relevant.

Furthermore, at all times herein relevant it had agents and transacted business

within Okeechobee County, Florida.

4.     On June 30, 2006, the Plaintiff, GERTRUDE CARRAN, entered the retail store to

LAW OFFICE OF
**ERALD LEFEBVRE**
ATTORNEY AT LAW

3 SOUTH PARROTT AVENUE
EECHOBEE, FLORIDA 34974
(863) 763-3333
FAX (863) 763-9561

purchase groceries and other retail items. While looking for "tylenol" she stepped on a piece of banana which was laying on the floor in the aisle where the tylenol was located. Resultantly, her foot slid and she fell to the ground.

5. The Plaintiff, GERTRUDE CARRAN was injured as a result of the slip and fall.

6. The banana constituted a dangerous and unsafe condition of the premises.

7. Furthermore, that dangerous condition existed on the premises for a sufficient period of time such that the Defendant knew or should have known of its existence and removed it from the premises.

8. The unsafe, condition constituted an unreasonably dangerous condition to patrons that entered the grocery store.

9. Furthermore, that dangerous condition was caused by agents or employees of the Defendant, WINN-DIXIE STORES, INC.

10. Said condition was either caused directly by agents or employees of the Defendant, WINN-DIXIE STORES, INC. or because said agents or employees negligently failed to properly inspect and/or maintain the unsafe premises.

11. Furthermore, the Defendant, WINN-DIXIE STORES, INC. owed a duty to the Plaintiff, GERTRUDE CARRAN and to other patrons of the premises to insure that its floors were in good and safe condition, but negligently breach this duty of care.

12. That as a proximate result of the foregoing negligent acts or negligent failures to act the Plaintiff, GERTRUDE CARRAN suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a

LAW OFFICE OF
3ERALD LEFEBVRE
ATTORNEY AT LAW
110 SOUTH PARROTT AVENUE
KEECHOBEE, FLORIDA 34574
(863) 763-3333
FAX (863) 763-9561

previously existing condition. The losses are either permanent or continuing and

the Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, GERTRUDE CARRAN, demands judgment for

damages against the Defendant, WINN-DIXIE STORES, INC. and a trial by jury on all

issues so triable.

### Count II

COMES NOW, the Plaintiff, NICK CARRAN, and sues the Defendant, WINN-

DIXIE STORES, INC. and alleges:

13. This is an action for damages that exceed $15,000.00.

14. That at all times herein relevant the Defendant, WINN-DIXIE STORES, INC.,

    was in actual or constructive possession of the "Winn-Dixie" grocery store

    located at 70 Plaza Avenue, Lake Placid, Florida 33852.

15. Defendant, WINN-DIXIE STORES, INC. is and was a Florida corporation

    authorized to do business in the State of Florida at all times herein relevant.

    Furthermore, at all times herein relevant it had agents and transacted business

    within Okeechobee County, Florida.

16. On June 30, 2006, the Plaintiff, GERTRUDE CARRAN, entered the retail store to

    purchase groceries and other retail items. While looking for "tylenol" she stepped

    on a piece of banana which was laying on the floor in the aisle where the tylenol

    was located. Resultantly, her foot slid and she fell to the ground.

17. The Plaintiff, GERTRUDE CARRAN was injured as a result of the slip and fall.

18. The banana constituted a dangerous and unsafe condition of the premises.

19. Furthermore, that dangerous condition existed on the premises for a sufficient

    period of time such that the Defendant knew or should have known of its

LAW OFFICE OF
GERALD LEFEBVRE
ATTORNEY AT LAW

10 South Parrott Avenue
Kissimmee, Florida 34974
(863) 763-3333
Fax (863) 763-0561

existence and removed it from the premises.

20.   The unsafe, condition constituted an unreasonably dangerous condition to patrons
      that entered the grocery store.

21.   Furthermore, that dangerous condition was caused by agents or employees of the
      Defendant, WINN-DIXIE STORES, INC.

22.   Said condition was either caused directly by agents or employees of the
      Defendant, WINN-DIXIE STORES, INC. or because said agents or employees
      negligently failed to properly inspect and/or maintain the unsafe premises.

23.   Furthermore, the Defendant, WINN-DIXIE STORES, INC. owed a duty to the
      Plaintiff, GERTRUDE CARRAN and to other patrons of the premises to insure
      that its floors were in good and safe condition, but negligently breach this duty of
      care.

24.   That as a proximate result of the foregoing negligent acts or negligent failures to
      act the Plaintiff, GERTRUDE CARRAN suffered bodily injury and resulting pain
      and suffering, disability, disfigurement, mental anguish, loss of capacity for the
      enjoyment of life, expense of hospitalization, medical and nursing care and
      treatment, loss of earnings, loss of ability to earn money and aggravation of a
      previously existing condition. The losses are either permanent or continuing and
      the Plaintiff will suffer the losses in the future.

25.   That at all times herein relevant the Plaintiff, NICK CARRAN, was and is the
      lawful spouse of the Plaintiff, GERTRUDE CARRAN.

26.   That as a result of the injuries sustained by the Plaintiff, GERTRUDE CARRAN,
      the Plaintiff, NICK CARRAN, has lost her care, comfort, consortium, attention
      and society. In addition, he has rendered and will continue to render valuable

LAW OFFICE OF
GERALD LEFEBVRE
ATTORNEY AT LAW

10 SOUTH PARROTT AVENUE
OKEECHOBEE, FLORIDA 34974
(863) 763-3333
Fax (863) 763-9001

nursing services to her. Furthermore, said losses will continue in the future.

WHEREFORE, Plaintiff, NICK CARRAN, demands judgment for damages against the Defendant, WINN-DIXIE STORES, INC. and a trial by jury on all issues so triable.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been sent via U.S. Mail and fax this _7th_ day of _September_, 2006, to the following:

**JENNIFER L. MARINO, ESQUIRE:** 501 East Kennedy Blvd., Suite 1700, Tampa, FL 33602; (813) 228-7411; Fax: (813) 229-8313.

**GERALD LEFEBVRE, ESQUIRE**
Florida Bar No.: 0219681
Attorney for Plaintiff(s)
1910 South Parrott Avenue
Okeechobee, Florida 34974
(863) 763-3333
Fax: (863) 763-9561

GL/mg

LAW OFFICE OF
:RALD LEFEBVRE
ATTORNEY AT LAW

SOUTH PARROTT AVENUE
ICHOBEE, FLORIDA 34974
(863) 763-3333
FAX (863) 763-9561

Exhibit C

*McRae*

# IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## IN AND FOR OKEECHOBEE COUNTY, FLORIDA

GERTRUDE CARRAN, individually, and her
husband, NICK CARRAN, individually,

      Plaintiffs,

vs.                               CASE NO.: 2006-CA-224

WINN-DIXIE STORES, INC., a corporation
authorized to transact business in the State of
Florida,

      Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

    COMES NOW Defendant, WINN-DIXIE STORES, INC., by and through its

undersigned counsel, and responds to Plaintiffs' Amended Complaint, and show unto this

honorable Court as follows:

## COUNT I

    1.    Admitted for jurisdictional purposes only, otherwise denied.

    2.    Denied in the form alleged, however, admitted that Defendant, operated a Winn-

Dixie grocery store located at 70 Plaza Avenue, Lake Placid, Florida 33852.

    3.    Denied in the form alleged, except admitted that the Defendant is and was a

Florida corporation authorized to do business in the State of Florida, and that the Defendant

transacted business within Okeechobee County, Florida.

    4.    Without knowledge as to the reason Mrs. Carran was in the grocery store. The

balance of this paragraph is denied.

    5.    Denied.

    6.    Without knowledge, therefore denied.

26.    Denied.

## FIRST AFFIRMATIVE DEFENSE

The negligence of Plaintiff in failing to exercise ordinary care while walking through an area known by her to contain an unsafe condition, was the sole or contributing legal cause of Plaintiff's injuries, if any, and Plaintiff assumed the risk thereof by doing so, as a result of which Plaintiff's recovery should be barred or in whole or in proportion to her own negligence.

## SECOND AFFIRMATIVE DEFENSE

At the time and place of the alleged Amended Complaint, Plaintiff, GERTRUDE CARRAN, was herself negligent, and said negligence either directly caused or substantially contributed to the injuries and damage alleged by the Plaintiff, so that Plaintiff's claims are either totally barred by said negligence or Plaintiff's recovery, if any, must be reduced in proportion of such negligence.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's injuries or damages are the result of pre-existing physical conditions of which of this Defendant has no liability, and not the result of any negligence alleged in the Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff may not recover any damages wherein benefits have been paid or available from any collateral sources as defined by Florida Statute Section 768.76, or as otherwise defined by law.

## FIFTH AFFIRMATIVE DEFENSE

Any recovery should be reduced or barred to the extent of any available insurance coverage, including benefits available through a guaranty association or other governmental authority, available to any individual or entity which may be wholly or partially responsible for

3

the damages alleged in connection with the subject matter of the incident described in the Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

No dangerous, negligent or unsafe condition existed at the time and place where Plaintiff allegedly fell and was injured, or, if such condition did exist, it did not exist for such a period of time as to provide an actual or constructive notice thereof to Defendant, and as such Defendant is not liable for any damages sustained by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant had taken at the time of Plaintiff's alleged accident injury, all reasonable and necessary steps to protect against or warrant the condition alleged to have existed, and as such, Defendant is not liable for Plaintiff' s injuries, if any.

## EIGHTH AFFIRMATIVE DEFENSE

That the injuries allegedly suffered by Plaintiff were due to circumstances, condition or events beyond the control of Defendant not reasonably foreseeable by a prudent person.

## NINTH AFFIRMATIVE DEFENSE

Defendant states that to the extent that Plaintiff's medical expenses were written off or reduced in exchange for payment by any source, Plaintiff is not entitled to recover those damages.

## TENTH AFFIRMATIVE DEFENSE

Without admitting any liability or negligence, this defendant asserts that the alleged condition complained of was open and obvious, or readily discernable to the naked eye and the Plaintiff knew or should have known of its existence, and therefore, this Defendant is not liable to the Plaintiff.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing has been furnished by U.S. Mail to Gerald Lefebvre, Esq., 1910 South Parrott Avenue, Okeechobee, Florida 34974, Attorney for Plaintiffs, on September 12, 2006.

Jennifer L. Marino
Florida Bar No: 0012852
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, FL 33601
(813) 228-7411
Fax No: (813) 229-8313
Attorneys for Defendant

5