Hearing Date: February 22, 2007 at 1:30 p.m.
Obj. Deadline: February 12, 2007 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Reorganized Debtors.[1] | ) Jointly Administered |
| | ) |

**AMENDED OBJECTION TO CLAIM NUMBER 13619
FILED BY PHOENIX JR., INC., AS SET FORTH IN THE
DEBTORS' TWENTY-NINTH OMNIBUS OBJECTION**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries, reorganized debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), file this amended objection (the "Objection") to claim number 13619 filed by Phoenix Jr., Inc., as set forth on Exhibit F to the Debtors' Twenty-Ninth Omnibus Objection to (A) Improperly Filed Claims, (B) No Liability Claims, (C) No Liability Misclassified Claim, (D) Late Claims, (E) Late With Remaining Claims, (F) Overstated Claims and (G) Overstated Misclassified Claims (the "Original Objection"). In support of this Objection, the Debtors respectfully represent as follows:

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**BACKGROUND**

A.  The Chapter 11 Filings

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). During these cases, the Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  The Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Chapter 11 Plan") was confirmed by order entered on November 9, 2006 and became effective on November 21, 2006.

3.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

4.  The statutory predicates for the relief requested are sections 502 and 507 of the Bankruptcy Code and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.  Proofs of Claim

5.  By Order dated April 28, 2005 (the "Claims Bar Date Order"), this Court set August 1, 2005 as the last date for all parties who have or assert (or believe they may have or assert) prepetition claims against one or more of the Debtors to file and serve a written proof of claim with respect to any such claim. The bar date applicable to governmental units was August 22, 2005. To date, over 13,700 proofs of claim (the "Proofs of Claim") have been filed against the Debtors in these cases. Notice of the Claims Bar Date Order and the applicable bar date was

provided by mail and publication in accordance with the procedures outlined in the Claims Bar Date Order.

6. In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors. The Debtors and their advisors have reviewed the Proofs of Claim filed in these cases (including supporting documentation) and have compared the claims asserted in the Proofs of Claim with the Books and Records to determine the validity of the asserted claims.

## RELIEF REQUESTED

7. By this Objection, the Debtors object to claim number 13619 filed by Phoenix Jr., Inc. (the "Phoenix Claim"), and, for the reasons described below, seek entry of the attached proposed order, pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rules 3007 and 9014, reducing the Phoenix Claim.

## BASIS FOR RELIEF

8. The Debtors object to the Phoenix Claim and seek entry of an order reducing the Phoenix Claim from $2,247,615.23 to $1,644,220.46.[2] The proposed reduced amount reflects removal of (i) $296,425.00 for inappropriate tenant default charges, (ii) $228,681.63 for overstated rejection damages, (iii) $735.50 for overstated prepetition costs and (iv) $77,552.64, classified as administrative priority, which amount was paid on January 15, 2007 by check number 8299703.

---

[2] In the Original Objection, the Debtors sought to reduce the Phoenix Claim from $2,247,615.23 to $1,837,346.59.

## RESERVATION OF RIGHTS

9. The Debtors expressly reserve the right to amend, modify, or supplement these objections and to file additional objections to the Disputed Claims or any other claims (filed or not) which may be asserted against the Debtors.

10. The Debtors reserve their rights with respect to potential preference and avoidance actions under chapter 5 of the Bankruptcy Code (the "Avoidance Actions") against the Claimant, and this Objection does not constitute a waiver of the Debtors' right to pursue such Avoidance Actions.

## RESPONSES TO THE OBJECTION

A.    Filing and Service of Responses

11. Pursuant to the Claim Objection Procedures Order, to contest an Objection the claimant must file a written response to the Objection (a "Response") with the United States Bankruptcy Court for the Middle District of Florida (the "Court"), via the Court's electronic filing procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202 no later than **February 12, 2007, at 4:00 p.m. (Eastern time)** (the "Response Deadline"). In addition, a copy of the Response must be served on the following party on or before the Response Deadline:

Counsel for the Debtors:

D. J. Baker Esq.
Skadden, Arps, Slate, Meagher
& Flom LLP
Four Times Square
New York, New York 10036
(212) 735-2000 (facsimile)
djbaker@skadden.com

B.       Timely Response Required; Hearing; Replies

12.    If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the claimant. If no consensual resolution is reached, a hearing has been noticed for **February 22, 2007, at 1:30 p.m. (Eastern Time)**, or such other date and time as parties filing responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing. The Debtors reserve the right to seek to adjourn a hearing with respect to a specific objection and any Response to such objection.

13.    If a claimant whose claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors will present to the Court an appropriate order reducing the claim, without further notice to the claimant.

WHEREFORE the Debtors respectfully request that the Court (i) grant the relief requested by this Objection, (ii) enter the attached proposed order reducing the Phoenix Claim to $1,644,220.46 and (iii) grant such other and further relief as is just and proper.

Dated: January 25, 2007

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*  <br> D. J. Baker <br> Sally McDonald Henry <br> Rosalie Walker Gray <br> Jane M. Leamy <br> Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | By  *s/ James H. Post*  <br> Stephen D. Busey <br> James H. Post <br> Cynthia C. Jackson, <br> Florida Bar Number 175460 <br> 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> jpost@smithhulsey.com |
| Co-Counsel for Reorganized Debtors | Co-Counsel for Reorganized Debtors |

5

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                              )   Case No. 05-03817-3F1
                                                    )
WINN-DIXIE STORES, INC., et al.,     )   Chapter 11
                                                    )
Reorganized Debtors.                       )   Jointly Administered
                                                    )

**<u>ORDER REDUCING CLAIM NUMBER 13619 FILED BY PHOENIX JR. INC.</u>**

These cases came before the Court for hearing on February 22, 2007, upon the Amended Objection to Claim Number 13619 Filed by Phoenix Jr., Inc. as set forth in the Twenty-Ninth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors").[1]  Upon consideration, it is

ORDERED AND ADJUDGED:

1.   The Objection is sustained.

2.   Claim number 13619 filed by Phoenix Jr., Inc. is reduced to $1,644,220.46 (the "Reduced Claim Amount"), and the amount exceeding the Reduced Claim Amount is disallowed.

Dated this ____ day of February, 2007 in Jacksonville, Florida.

                                                                            _____
                                                                            Jerry A. Funk
                                                                            United States Bankruptcy Judge

---

[1]   All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.