UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re                              )        Case No. 3:05-bk-03817-JAF

WINN-DIXIE STORES, INC., et al.,   )        Chapter 11

                Debtors.           )

_____)

**MOTION TO ALLOW LATE
FILED APPLICATION OF MICHAEL STINNIE**
**(Post-petition Personal Injury Claim)**

Bradley R. Markey, as counsel for Michael Stinnie ("Stinnie"), moves the Court

pursuant to the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B)

Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before

Effective Date and Other Administrative Claims [Docket No. 12991], to allow a late filed

application for administrative expense and in support states:

1.      On February 21, 2005, Winn-Dixie Stores, Inc. (the "Debtor"), together with

its affiliates, filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United

States Bankruptcy Court for the Southern District of New York.

2.      By order dated April 13, 2005, venue was transferred to the United States

Bankruptcy Court for the Middle District of Florida.

3.      Since the Petition Date, Debtors have operated their properties and managed

their business as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy

Code.

**Jurisdiction and Venue**

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

**Background**

5.    After the Petition Date and on or about April 7, 2005, Stinnie was injured at the Winn-Dixie Store No.2293 located at 1936 Anson Lane in Orlando, Florida. As a proximate result of the injury, Stinnie suffered damages totaling at least $25,000.00 which damages are not fully liquidated at this point but can and will be supported through medical records and other proof.

6.    On February 8, 2006, Stinnie filed suit against, among others, Debtor in *Michael Stinnie v. Winn-Dixie Stores, Inc,*. Circuit Court, Ninth Judicial Circuit, Orange County, Florida, Case No.: 06-CA-1153.

7.    Counsel for Stinnie, Eben Self, and Debtor began settlement negotiations on or around September 15, 2006 which negotiations continued for several months.

8.    On or about December 27, 2006, Debtor and Stinnie reached a verbal settlement agreement under which Debtor would pay $20,000.00 on the claim. Counsel for Stinnie was assured that the case was settled and that the settlement paperwork would be finalized.

9.    On Thursday, January 18, 2007, Debtor's counsel contacted Mr. Self and informed him that the Debtor would not be paying the settlement amount due to the fact that

Stinnie did not file an application for allowance and payment of administrative expense for post-petition personal injury claim.

10.    Mr. Self believed that since the case was settled he did not need to file an application.

11.    On Monday, January 22, 2007, counsel for Stinnie retained bankruptcy counsel to inquire about filing an application for allowance and payment of administrative expense for post-petition personal injury claim.  A copy of the proposed application is attached hereto as **Exhibit A**.

13.    In Chapter 11 cases, the doctrine of "excusable neglect" under Bankruptcy Rule 9006(b)(1) provides for the allowance of late filed claims caused by inadvertence, mistake or carelessness. See *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993). The determination of what constitutes excusable neglect is "an equitable one, taking into account all relevant circumstances, including: (i) the danger of prejudice to the debtor, (ii) the length of the delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, including whether it was in the reasonable control of the movant, and (iv) whether the movant acted in good faith." *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005).

14.    The Debtor herein will not be prejudiced in any way by the filing of the proposed application as Debtor already had actual knowledge of the amount and nature of the claim due and in fact had agreed to settle the claim and make payment to Stinnie.

15.    The length of the delay between the deadline and this Motion is less than twenty-five days and any delay to or potential negative impact on this proceeding is minimal.

16.    Stinnie has acted in good faith at all times and the benefit to Stinnie of allowing it to file a late application greatly outweighs any inconvenience or detriment to the Debtor.

WHEREFORE, Stinnie respectfully moves that this Court enter an order (i) to allow Stinnie to file the attached application for allowance and payment of administrative expense for post-petition personal injury claim; (ii) to deem the application attached as Exhibit A filed; and (iii) for such other relief as this Court deems appropriate under the circumstances.

**STUTSMAN THAMES & MARKEY, P.A.**

*/s/ Bradley R. Markey*

By_____
           Bradley R. Markey

Florida Bar Number 0984213
50 N. Laura Street, Suite 1600
Jacksonville, Florida  32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Attorneys for Michael Stinnie

## Certificate of Service

I hereby certify on January 15, 2007, the foregoing pleading was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
James Post, Esq.
Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com
jpost@smithhulsey.com
cjackson@smithhulsey.com

John B. Macdonald, Esq.
Patrick Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com
patrick.patangan@akerman.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Adam Ravin, Esq.
D.J. Baker, Esq.
Skadden, Arps, Slate, Meagher & Flom
LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
aravin@skadden.com
dbaker@skadden.com

Matthew Barr, Esq.
Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
mbarr@milbank.com
ddunne@milbank.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

*/s/ Bradley R. Markey*

_____

Attorney

62362

# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |

**APPLICATION FOR ALLOWANCE**
**AND PAYMENT OF ADMINISTRATIVE EXPENSE**
**FOR POST-PETITION PERSONAL INJURY CLAIM**

Michael Stinnie ("Applicant"), moves the Court pursuant to 11 U.S.C. § 503(b)(1) and the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims [Docket No. 12991] for the allowance and payment of a Chapter 11 administrative expense for postpetition personal injury claims described below and directing payment of such amount pursuant to the Order Confirming the Joint Plan of Reorganization of Winn-Dixie, and in support of the application states:

1.     On February 21, 2005, Winn-Dixie Stores, Inc. (the "Debtor"), together with its affiliates, filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2.     By order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3.      Since the Petition Date, Debtors have operated their properties and managed their business as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

## Jurisdiction and Venue

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

## Background

5.      After the Petition Date and on or about April 7, 2005, Applicant was injured at the Winn-Dixie Store No.2293 located at 1936 Anson Lane in Orlando, Florida.  As a proximate result of the injury, Applicant has suffered damages totaling at least $25,000.00 which damages are not fully liquidated at this point but can and will be supported through medical records and other proof.

6.      The claims by Applicant against, among others, Debtor are currently pending in *Michael Stinnie v. Winn-Dixie Stores, Inc,.* Circuit Court, Ninth Judicial Circuit, Orange County, Florida, Case No.: 06-CA-1153.

## Applicant's Claim is Entitled to Administrative Expense Status

7.      Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate . . ." 11 U.S.C. § 503(b).  It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are

entitled to administrative expense status. See, *Reading Co. v. Brown*, 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr. S.D. Fla. 1994); *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7ᵗʰ Cir. 1984); *Siedle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla. 1989).

8.    Here, one of the necessary expenses and risks of operating in the context of a Chapter 11 bankruptcy and therefore preserving the estate is the possibility of slip and fall accident or other personal injury taking place on the premises of an operating business or by vehicles operated by Debtor and involved in the transportation and distribution of company products. Such incidents caused by the negligence of the Debtor are entitled to treatment as an administrative claim.

9.    Applicant's claim arose as a result of the business operations of one of more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks entry of an order awarding such status.

WHEREFORE, Applicant requests that the Court enter an order (i) granting the relief requested herein; and (ii) providing such other relief as is appropriate.

**STUTSMAN THAMES & MARKEY, P.A.**

*/s/ Bradley R. Markey*
By_____
      Bradley R. Markey

Florida Bar Number 0984213
50 N. Laura Street, Suite 1600
Jacksonville, Florida  32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Attorneys for Applicant

## Certificate of Service

I hereby certify on January __, 2007, the foregoing pleading was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
James Post, Esq.
Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com
jpost@smithhulsey.com
cjackson@smithhulsey.com

John B. Macdonald, Esq.
Patrick Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com
patrick.patangan@akerman.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Adam Ravin, Esq.
D.J. Baker, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
aravin@skadden.com
dbaker@skadden.com

Matthew Barr, Esq.
Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
mbarr@milbank.com
ddunne@milbank.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

*/s/ Bradley R. Markey*

_____
Attorney

62386