FILED
JACKSONVILLE, FLORIDA

JAN 29 2007

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, DIVISION

In re:                                    Case No. 05-03817-3F1

Winn-Dixie Stores, Inc., et al.,          Chapter 11

Reorganized Debtors.                      Jointly Administered

## MOTION FOR EXTENSION OF TIME

The Creditors, ELIZABETH WIMBERLY, and GRADY WIMBERLY, by and through their undersigned attorney, moves for an extension of time to respond to Reorganized Debtor, Winn-Dixie Stores, Inc.'s Bar Dates for Filing Claims Arising Before Effective Date, and as ground therefor would state:

1. That the Creditors' attorney had major surgery and was out of the office from November 21, 2006 to December 21, 2006, and did not receive notification of such a deadline for submitting a motion to this Court for consideration of the Creditors' claim. *(See attached Affidavit of Excusable Negligence in support of this motion)*

2. The deadline for submitting a motion to this Court for consideration of the Creditors' claim was January 5, 2007. However, due to the Creditors' attorney's surgery and the Debtor's counsel's failure to provide the Law Offices of W. George Allen with notification of such a deadline, the Creditors therefore request an extension of Thirty (30) days, retroactive from January 5, 2007, for which to file a claim with the Bankruptcy Court in the Reorganized Debtor, Winn-Dixie Stores, Inc.'s bankruptcy matter, and to have the Creditors' claim considered for payment.

WHEREFORE, ELIZABETH and GRADY WIMBERLY, request this Court to enter an Order extending the time for ELIZABETH and GRADY WIMBERLY, for Thirty (30) days, in

order to file a claim against the Reorganized Debtors, Winn-Dixie Stores, Inc., and have

ELIZABETH and GRADY WIMBERLY's, claim considered for payment.

## CERTIFICATE OF SERVICE

    I CERTIFY that a true and correct copy of the foregoing has been furnished by Certified U.S. Mail to: **Stephen D. Busey**, Smith, Husley & Busey, Co-Counsel for Reorganized Debtor, 225 Water Street, Suite 1800, Jacksonville, FL 32202; **Logan & Company, Inc.**, Debtor Claim Center, 546, Valley Road, Upper Montclair, New Jersey 07043; **D. J. Baker**, Skadden, Arps, Slate, Meagher & Flom LLP, Co-Counsel for Reorganized Debtors, Four Times Square, New York, New York 10036, **John Buchholz, Esq.**, Kelly, Kronenberg, Gilmartin, Fichtel & Wander, P.A., 1500 N.W. 67th Avenue, Suite 204, Miami Lakes, FL 33014, on this 26 day of January 2007.

                                                                  LAW OFFICES W. GEORGE ALLEN
                                                                  Attorneys for Claimant
                                                                  800 S.E. 3rd Avenue, Penthouse
                                                                  Fort Lauderdale, FL 33316
                                                                  Telephone:    (954) 463-6681
                                                                  Facsimile:    (954) 463-6685

By: _____
                  **W. George Allen, Esq.**
                  Fla. Bar No. 001337

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, DIVISION

In re:

Winn-Dixie Stores, Inc., et al.,

Reorganized Debtors.

Case No. 05-03817-3F1

Chapter 11

Jointly Administered

## AFFIDAVIT OF EXCUSABLE NEGLIGENCE

STATE OF FLORIDA

COUNTY OF BROWARD

BEFORE ME, an officer duly authorized to take acknowledgments, personally appeared W. GEORGE ALLEN, ESQUIRE, attorney for the above Claimant, who after being duly sworn and cautioned, upon his oath states:

1. That I am the attorney for Elizabeth and Grady Wimberly, who are Creditors of the above Reorganized Debtor, Winn-Dixie Stores, Inc.

2. That my client, Elizabeth Wimberly, slipped and fell in Winn-Dixie Store number 0204, located at 2525 N. Federal Highway, Fort Lauderdale, Broward County, Florida, on October 31, 2005, for which a claim number was assigned. My client subsequently filed a lawsuit against Winn-Dixie Stores, Inc. on July 19, 2006, which is currently pending in Broward County, 17th Judicial Circuit Court.

3. That there has been a lawsuit pending since the time specified in paragraph 2, and the opposing counsels failed to notify me of any action that needed to be taken by me on behalf of my clients regarding the Winn-Dixie Stores, Inc., bankruptcy matter.

4. That Winn-Dixie Stores, Inc., knew or should have known that there was a pending claim of Elizabeth and Grady Wimberly, as a result of the aforementioned lawsuit filed.

5. That Winn-Dixie Stores, Inc., hired the Law Offices of Kelly, Kronenberg, Gilmartin, Fichtel & Wander, P.A., to defend said claim.

6. That to date, Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective

Date and other Administrative claims, has not been served to my law firm.

7. That defense counsel hired by Winn-Dixie Stores, Inc., to represent Winn-Dixie Stores, Inc., regarding the aforementioned claim, never served this Law Firm with Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and other Administrative claims.

8. That on January 12, 2007, Winn-Dixie Stores, Inc.'s, defense counsel took the deposition of Claimant, Elizabeth Wimberly.

9. That I was not adequately notified of the deadline to file a claim for payment of an Administrative Claim until Monday, January 22, 2007, via a telephone call from defense counsel, John Buchholz, Esq., who represents Winn-Dixie in the aforementioned civil lawsuit matter.

10. Furthermore, I had major surgery, and was on medical leave from November 21, 2006 to December 21, 2006. Upon return to work, I did not see a notice regarding Winn-Dixie Stores, Inc.'s bankruptcy reorganization, nor was I made aware of a notice of the same being sent to my office.

11. I was unaware of a January 5, 2007, deadline to submit a claim via electronic filing procedures to the U.S. Bankruptcy Court, until January 22, 2007.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
W. GEORGE ALLEN, ESQ.

Sworn to and subscribed before me
this 23rd day of January, 2007.

_____
Notary Public

_____
Printed Name of Notary

My Commission expires:

SAMANTHA WILSON-SMITH
MY COMMISSION # DD 309310
EXPIRES: April 11, 2008
Bonded Thru Notary Public Underwriters