UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | Case No.: 05-03817-3F1 |
| | : | |
| WINN-DIXIE STORES, INC., et al. | : | Chapter 11 |
| | : | |
| Reorganized Debtors. | : | Jointly Administered |
| | : | |

## CLAIMANTS' LISA AND SEAN GAHAGANS' RESPONSE TO DEBTORS' TWENTY-NINTH OMNIBUS OBJECTION TO (A) IMPROPERLY FILED CLAIMS, (B) NO LIABILITY CLAIMS, (C) NO LIABILITY MISCLASSIFIED CLAIM (D) LATE CLAIMS, (E) LATE WITH REMAINING CLAIMS (F) OVERSTATED CLAIMS AND (G) OVERSTATED MISCLASSIFIED CLAIMS

COME NOW, the Claimants, LISA ANN GAHAGAN and SEAN GAHAGAN, her husband, Creditor ID #558314, by and through their undersigned attorney hereby files this Response to the Debtors' Twenty-ninth Omnibus Objection to (A) Improperly Filed Claims, (B) No Liability Claims, (C) No Liability Misclassified Claim (D) Late Claims, (E) Late with Remaining Claims (F) Overstated Claims and (G) Overstated Misclassified Claims, and would state:

1. On or about December 27, 2006, the undersigned attorney filed on behalf of the Claimants a Proof of Claim form with Logan & Company. Attached hereto and made a part hereof is a true and correct copy of said letter.

2. The Claimants advised that they were aware that the claim deadline was August 1, 2005, however, our automobile accident did not occur until August 12, 2005, which is after the deadline and that the Proof of Claim was being filed in an abundance of caution.

3. The letter further advised Logan & Company that in addition to the Proof of Claim, the Claimant was also filing the Motion/Application for Administrative Expense Claim. Logan &

Company was provided with a copy of the Motion/Application for Administrative Expense Claim which was filed on or about December 27, 2006 (see attached). Claimants were not aware that said Motion had to be e-filed and therefore the first Motion/Application was struck. Subsequently, the undersigned e-filed an Amended Motion/Application for Administrative Expense Claim on January 5, 2007, and by filing same, has complied with all known requirements to present a claim.

4. In Debtors' Twenty-ninth Omnibus Objection to (A) Improperly Filed Claims, (B) No Liability Claims, (C) No Liability Misclassified Claim (D) Late Claims, (E) Late with Remaining Claims (F) Overstated Claims and (G) Overstated Misclassified Claims, they state that the Claimants' did not file the proper forms to comply with the bankruptcy proceeding, however, the Claimants' did completely comply. They not only filed a Proof of Claim, but also filed the original and Amended Motion/Application for Administrative Expense Claim.

5. In that the Claimants have fully and completely complied with all known requirements, the Debtors Objection to the claims of LISA ANN GAHAGAN and SEAN GAHAGAN, her husband, Creditor ID #558314, should be struck as there is no evidence presented by the Debtors that support that this claim should be disallowed, reduced or reclassified. Especially, since the Debtors were notified by letter of December 27, 2006 (see attached) that the Claimants were filing both the Proof of Claim and The Motion/Application for Administrative Expense Claim. This Objection to the GAHAGAN's claim is baseless and filed to purposely delay this matter, or with the hopes that a Response would not be filed so that the claim could eventually be dismissed..

WHEREFORE, the Claimants, LISA ANN GAHAGAN and SEAN GAHAGAN, her husband, Creditor ID #558314, respectfully request that this Court deny the Debtors Twenty-ninth Omnibus Objection to (A) Improperly Filed Claims, (B) No Liability Claims, (C) No Liability Misclassified Claim (D) Late Claims, (E) Late with Remaining Claims (F) Overstated Claims and

(G) Overstated Misclassified Claims, as it pertains to these Claimants, and to allow the Claimants' claim in this matter.

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was furnished to D.J. BARKER, ESQ., of Skadden, Arps, Slate, Meagher & Flom, LLP, Co-counsel for Reorganized Debtors, located at Four Times Square, New York, New York, 10036 and to JAMES H. POST, ESQ., of Smith Hulsey & Busey, Co-counsel for Reorganized Debtor, located at 225 Water Street, Suite 1800, Jacksonville, Florida 32202, on this 30th day of January, 2007.

G. WILLIAM ALLEN, JR., ESQUIRE
Attorney for Claimants, GAHAGAN
310 Southeast 13th Street
Fort Lauderdale, Florida 33316
(954) 522-4433

G. WILLIAM ALLEN, JR., ESQ.
Florida Bar No.: 186411

cc: LOGAN & COMPANY, INC.
ATTN: WINN-DIXIE CLAIM CENTER
546 Valley Road
Upper Montclair, New Jersey 07043

# G. WILLIAM ALLEN, JR.
*Attorney at Law*
*310 Southeast 13th Street*
*Fort Lauderdale, Florida 33316*
*Telephone (954) 522-4433*
*Fax (954) 523-9958*

Certified, Return Receipt Requested

December 27, 2006

LOGAN & COMPANY, INC.
**ATTN: WINN-DIXIE CLAIM CENTER**
546 Valley Road
Upper Montclair, New Jersey 07043

RE:  Our Client:  **LISA ANN GAHAGAN and SEAN GAHAGAN, her husband**
     Debtor:      WINN-DIXIE STORES, INC.
     Driver:      Fritz Cima
     D/Accident:  8/12/05
     Policy No:   3983

Dear Sir/Madam:

We have been retained to represent the above named client, as a result of the motor vehicle accident on the above captioned date. We are not sure whether there is an actual insurance policy that would provide benefits to our client as a result of this accident, or if Winn-Dixie was a self-insured company at the time of the accident (the "policy number" listed above was on the accident report). Therefore, we are filing a claim with the bankruptcy court in order to protect our clients' claims.

According to the Proof of Claim form that we obtained from your web site, the claim deadline was August 1, 2005, however, our automobile accident did not occur until August 12, 2005, which is after the deadline. In an abundance of caution, we are attaching the Proof of Claim form which we have completed and request that it be filed appropriately, or at least checked in.

We are also attaching a copy of the Motion/Application for Administrative Expense Claim which we are filing with the Bankruptcy Court in Jacksonville, for your information only.

If there is something else that needs to be filed, or if you need additional information, please contact us immediately.

Thank you for your assistance.

                                                        Very Truly Yours,

                                                        G. WILLIAM ALLEN, JR.

GWA/kg
cc:    Lisa Gahagan
        Above stated addressee by standard US Mail

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al. Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |

Name of Debtor Against Which You Assert Your Claim:

Debtor Name: **WINN-DIXIE STORES, INC., et al** Case No. **05-03817-3F1**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**A. Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):

LISA ANN GAHAGAN and SEAN GAHAGAN, her husband
c/o G. WILLIAM ALLEN, JR., ESQ.
310 Southeast 13th Street
Fort Lauderdale, Florida 33316

954-522-4433 Telephone No. of Creditor
954-523-9958 Fax No. of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

**B.** Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above ☐ additional address

Name: _____
Company/Firm: _____
Address: _____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☒ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

Account or Other Number by Which Creditor Identifies Debtor: _____

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

**1. Basis for Claim**
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☒ Personal injury/property damage
☐ Other _____
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN: _____
Unpaid compensation for services performed from _____ to _____ (date) (date)

**2. Date debt was incurred:** August 12, 2005

**3. If claim is based on a Court Judgment, date obtained:** N/A

**4. Total Amount of Claim at Time Case Filed:** 250,000.00
$_____ (unsecured) $_____ (secured) $_____ (priority) $_____ (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $_____
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**9. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

Date: 12/27/2006

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:

Print: G. William Allen, Jr.  Title: Attorney
Signature: *G. William Allen, Jr.*

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | Case No.: 05-03817-3FI |
| WINN-DIXIE STORES, INC., et al. | : | Chapter 11 |
| Reorganized Debtors. | : | Jointly Administered |

## MOTION/APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM

COMES NOW, LISA ANN GAHAGAN and SEAN GAHAGAN, her husband, by and through their undersigned attorney hereby files this Application/Motion for Administrative Expense Claim against the Reorganized Debtors corresponding to a claim arising within the period between February 21, 2005 and November 21, 2006 and in support thereof, states as follows:

1. Pursuant to the Court's notice of (A) Entry of order confirming plan of reorganization, (B) Occurrence of effective date of plan, and (C) Bar dates for filing claims arising before effective date and other administrative claims and in accordance with Section 12.1 of the Plan, all requests for payment of Administrative Claims arising against Debtors in the period between February 21, 2005 and November 21, 2006, must be made by application filed with the bankruptcy Court and served upon counsel for the reorganized Debtors and the Post-Effective Date Committee no later than January 5, 2007.

2. The pending personal injury claim of LISA ANN GAHAGAN and SEAN GAHAGAN, as her husband, falls within this claims period with an accident date of August 12, 2005.

3. On or about August 12, 2005, the Claimant, LISA ANN GAHAGAN, was struck by a motor vehicle owned by the Debtor, WINN-DIXIE, causing injuries to the Claimant, as well as a loss of consortium claim for her husband, SEAN GAHAGAN. The

automobile accident and the resulting injuries and damages to the Claimants were due to the carelessness and negligence of WINN-DIXIE, it's agents, representatives and/or employees. A claim has been initiated regarding the personal injuries and damages suffered by LISA ANN GAHAGAN and SEAN GAHAGAN, however, the Claimant is not aware of the claim number, as Winn-Dixie failed to respond to the notice of claim letter (per Florida Statute §627.4137) which was sent out by George Zednek, Esq., on October 7, 2006. The amount of the Administrative Claim is believed to be $250,000.00. There has been no suit filed in the matter and no Court Judgment obtained.

4. Notwithstanding the provisions of paragraph 3, (a) no application seeking payment of an Administrative Claim or any Claim arising between February 21, 2005 and November 21, 2006 is required with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business; *provided, however,* that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; and (b) no application is required with respect to Cure owing under an executory contract or unexpired lease if the amount of Cure is fixed or proposed to be fixed by order of the Bankruptcy Court pursuant to a motion to assume and fix the amount of Cure filed by the Debtors and a timely objection asserting an increased amount of Cure filed by the non-Debtor party to the subject contract or lease.

5. In accordance with Section 12.2(a) of the Plan, all final requests for payment of Professional Fee Claims pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Reorganized Debtors, their counsel, counsel to the Creditors Committee or the Post-Effective Date Committee, the fee examiner and other necessary parties-in-interest **no later than January 22, 2007,** which is sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. No hearing shall be held on an application for a

Professional Fee Claim until the fee examiner has completed and filed a report with respect to the Professional Fee Claim. Objections to such applications must be filed and served on the Reorganized Debtors, their counsel, and the requesting Professional or other entity on or before the date that is thirty (30) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the later of (Ii) the date on which the applicable application was served or (ii) the date on which the fee examiner's report with respect to the applicable Professional Fee Claim was filed.

WHEREFORE, the Claimants, LISA ANN GAHAGAN and SEAN GAHAGAN, her husband, respectfully requests that this Motion/Application for Administrative Expense claim corresponding to this personal injury claim be granted and that said claim be recognized as formally asserted against the Reorganized Debtors, thereby obligating said Reorganized debtors to recognize and honor said claim.

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was furnished to JAMES H. POST, ESQ., of Smith Hulsey & Busey, Counsel for Reorganized Debtor, located at 225 Water Street, Suite 1800, Jacksonville, Florida 32202; MATTHEW BARR, ESQ./DENNIS F. DUNNE, ESQ., of Milbank, Tweed, Hadley & McCloy, LLP, Counsel for the Post-Effective Date Committee, located at 1 Chase Manhattan Plaza, New York, New York 1005, on this 27th day of December, 2006.

G. WILLIAM ALLEN, JR., ESQUIRE
Attorney for Claimants, GAHAGAN
310 Southeast 13th Street
Fort Lauderdale, Florida 33316
(954) 522-4433

G. William Allen Jr.
G. WILLIAM ALLEN, JR., ESQ.
Florida Bar No.: 186411

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X Elizabeth Doctil  ☐ Agent  ☐ Addressee<br>B. Received by (*Printed Name*)   C. Date of Delivery 1/1/3 |
| 1. Article Addressed to:<br><br>Winn-Dixie Claims<br>546 Valley Road<br>Upper Montclair, NJ<br>07043<br>12/27/06 N/Claim | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7003 1680 0000 2130 9482 |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                              :         Case No.: 05-03817-3F1
                                                    :
WINN-DIXIE STORES, INC., et al.                     :         Chapter 11
                                                    :
Reorganized Debtors.                                :         Jointly Administered
_____                  :

**AMENDED
MOTION/APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM**

COMES NOW, LISA ANN GAHAGAN and SEAN GAHAGAN, her husband, by and through their undersigned attorney hereby files this Application/Motion for Administrative Expense Claim against the Reorganized Debtors corresponding to a claim arising within the period between February 21, 2005 and November 21, 2006 and in support thereof, states as follows:

1. Pursuant to the Court's notice of (A) Entry of order confirming plan of reorganization, (B) Occurrence of effective date of plan, and (C) Bar dates for filing claims arising before effective date and other administrative claims and in accordance with Section 12.1 of the Plan, all requests for payment of Administrative Claims arising against Debtors in the period between February 21, 2005 and November 21, 2006, must be made by application filed with the bankruptcy Court and served upon counsel for the reorganized Debtors and the Post-Effective Date Committee no later than January 5, 2007.

2. The pending personal injury claim of LISA ANN GAHAGAN and SEAN GAHAGAN, as her husband, falls within this claims period with an accident date of August 12, 2005.

3. On or about August 12, 2005, the Claimant, LISA ANN GAHAGAN, was struck by a motor vehicle owned by the Debtor, WINN-DIXIE, causing injuries to the Claimant, as well as a loss of consortium claim for her husband, SEAN GAHAGAN. The

automobile accident and the resulting injuries and damages to the Claimants were due to the carelessness and negligence of WINN-DIXIE, it's agents, representatives and/or employees. A claim has been initiated regarding the personal injuries and damages suffered by LISA ANN GAHAGAN and SEAN GAHAGAN, however, the Claimant is not aware of the claim number, as Winn-Dixie failed to respond to the notice of claim letter (per Florida Statute §627.4137) which was sent out by George Zednek, Esq., on October 7, 2006. The amount of the Administrative Claim is believed to be $250,000.00. There has been no suit filed in the matter and no Court Judgment obtained.

4. Notwithstanding the provisions of paragraph 3, (a) no application seeking payment of an Administrative Claim or any Claim arising between February 21, 2005 and November 21, 2006 is required with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business; *provided, however,* that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; and (b) no application is required with respect to Cure owing under an executory contract or unexpired lease if the amount of Cure is fixed or proposed to be fixed by order of the Bankruptcy Court pursuant to a motion to assume and fix the amount of Cure filed by the Debtors and a timely objection asserting an increased amount of Cure filed by the non-Debtor party to the subject contract or lease.

5. In accordance with Section 12.2(a) of the Plan, all final requests for payment of Professional Fee Claims pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Reorganized Debtors, their counsel, counsel to the Creditors Committee or the Post-Effective Date Committee, the fee examiner and other necessary parties-in-interest **no later than January 22, 2007,** which is sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. No hearing shall be held on an application for a

Professional Fee Claim until the fee examiner has completed and filed a report with respect to the Professional Fee Claim. Objections to such applications must be filed and served on the Reorganized Debtors, their counsel, and the requesting Professional or other entity on or before the date that is thirty (30) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the later of (Ii) the date on which the applicable application was served or (ii) the date on which the fee examiner's report with respect to the applicable Professional Fee Claim was filed.

WHEREFORE, the Claimants, LISA ANN GAHAGAN and SEAN GAHAGAN, her husband, respectfully requests that this Motion/Application for Administrative Expense claim corresponding to this personal injury claim be granted and that said claim be recognized as formally asserted against the Reorganized Debtors, thereby obligating said Reorganized debtors to recognize and honor said claim.

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was furnished to JAMES H. POST, ESQ., of Smith Hulsey & Busey, Counsel for Reorganized Debtor, located at 225 Water Street, Suite 1800, Jacksonville, Florida 32202; MATTHEW BARR, ESQ./DENNIS F. DUNNE, ESQ., of Milbank, Tweed, Hadley & McCloy, LLP, Counsel for the Post-Effective Date Committee, located at 1 Chase Manhattan Plaza, New York, New York 1005, on this 5th day of January, 2007.

G. WILLIAM ALLEN, JR., ESQUIRE
Attorney for Claimants, GAHAGAN
310 Southeast 13th Street
Fort Lauderdale, Florida 33316
(954) 522-4433

G. WILLIAM ALLEN, JR., ESQ.
Florida Bar No.: 186411