## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |

### NOTICE OF ISSUANCE OF SUBPOENAS

Pursuant to Rule 7045, Federal Rules of Civil Procedure, as incorporated by Rule 7034(c), Federal Rules of Bankruptcy Procedure, notice is hereby given of the issuance of the attached subpoenas commanding the production of documents from the non-party witness(es) described therein.

**STUTSMAN THAMES & MARKEY, P.A.**

By /s/ *Bradley R. Markey*
Bradley R. Markey

Florida Bar No. 0984213
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Attorneys for Zuppardo Real Estate Co., Inc.

## Certificate of Service

I hereby certify on January 30, 2007, the foregoing pleading was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
James Post, Esq.
Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com
jpost@smithhulsey.com
cjackson@smithhulsey.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Adam Ravin, Esq.
D.J. Baker, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
aravin@skadden.com
dbaker@skadden.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

John B. Macdonald, Esq.
Patrick Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com
patrick.patangan@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Matthew Barr, Esq.
Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
mbarr@milbank.com
ddunne@milbank.com

/s/ Bradley R. Markey
_____
Attorney

62462

Issued by the
# UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re                                                                       **SUBPOENA IN A CIVIL CASE**

WINN-DIXIE STORES, INC., et al.,
          Debtors.                                      Case Number:  05-03817-JAF

**TO:   AON RISK SERVICES, INC. OF FLORIDA**
      7650 W. Courtney Campbell Causeway
      Suite 800
      Tampa, Florida 33607-1481

☐   YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |

☐   YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

✓   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

| PLACE<br>Liberty Court Reporting<br>Suncoast Center<br>4100 W. Kennedy Boulevard, Suite 204<br>Tampa, Florida 33609 | DATE AND TIME<br>February 28, 2007 at 11:00 a.m. |
|---|---|

**SEE EXHIBIT A**

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE | DATE |
|---|---|
| [signature]   , Attorney for Zuppardo Real Estate Co., Inc. | January 30, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bradley R. Markey, Esq.
Stutsman Thames & Markey, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **EXHIBIT "A"**

1.  As used herein, the term "document" means originals, drafts, or exact copies thereof, of any kind of written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different in any way from the original, including without limitation any paper, correspondence, e-mail, telegram, telex, facsimile, contract, note, memorandum, report, receipt, technical study or report, test result, diary, voice processing card or disk, video recording tape, calendar, book, ledger, list, graph, chart, book account, survey, computer printout, invoice, record, tape, transcripts, letter, agreement or inventory, which you have or have had access to, or of which you have had knowledge.

2.  As used herein, the term "or" and the term "and" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

3.  As used herein, the term "Winn-Dixie" refers to the debtor, Winn-Dixie Stores, Inc., or any of its present or former affiliates, subsidiaries, officers, directors, agents, lawyers, employees or other representatives.

4.  As used herein, the terms "you", "your" and "AON" refers to AON Risk Services, Inc. of Floriday, or any of its present or former affiliates, subsidiaries, officers, directors, agents, lawyers, employees or other representatives.

5.  As used herein, the term "Store No. 1403" refers to the Winn-Dixie Store located at 1841 Almonaster Avenue in New Orleans, Louisiana.

6.  As used herein, the term "Zuppardo" refer to Zuppardo Real Estate Co., Inc. or any of its present or former affiliates, subsidiaries, officers, directors, agents, lawyers, employees or other representatives.

7.  As used herein, "Petition Date" means February 21, 2005.

## **Documents**

1. Identify all policies procured, produced, placed or provided by you for Winn Dixie and covering property located at 1841 Almonaster Avenue in New Orleans, Louisiana (Store No. 1403) since January 1998.

2. All documents relating to claims for coverage submitted by or on behalf of Winn Dixie relating to damage of any kind including damages caused by Hurricane Katrina on or around August 25 and 26, 2005.

3. Identify all insurance policies procured, produced, placed or provided by you on behalf of Winn Dixie where Zuppardo is or was the certificate holder, additional insured, additional interest holder or third party beneficiary of any kind.

4. All documents reflecting communications and correspondence between you and Winn Dixie relating to property insurance covering damages to Store No. 1403 since 1998.

5. All documents reflecting communications and correspondence between you and any insurance company or producer who provided property damage insurance or procured such insurance coverage for Winn Dixie covering damage to Store No. 1403 since 1998.

6. Copies of all certificates of property insurance or evidence of property insurance coverage relating to Store No. 1403 reflecting any coverage for the period between January 2005 and January 2006.

62285

Issued by the
# UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re

**SUBPOENA IN A CIVIL CASE**

WINN-DIXIE STORES, INC., et al.,
          Debtors.

Case Number:  05-03817-JAF

**TO:   LEXINGTON INSURANCE COMPANY**
      **100 Summer Street**
      **Boston, Massachusetts 02110**

☐   YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |

☐   YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

✓   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| FAB Court Reporters<br>50 Congress Street, Suite 415<br>Boston, Massachusetts 02109 | February 28, 2007 at 11:00 a.m. |

**SEE EXHIBIT A**

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matterson which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]*  Attorney for Zuppardo Real Estate Co., Inc. | January 30, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bradley R. Markey, Esq.
Stutsman Thames & Markey, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000

| | PROOF OF SERVICE | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A"

a.  As used herein, the term "document" means originals, drafts, or exact copies thereof, of any kind of written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different in any way from the original, including without limitation any paper, correspondence, e-mail, telegram, telex, facsimile, contract, note, memorandum, report, receipt, technical study or report, test result, diary, voice processing card or disk, video recording tape, calendar, book, ledger, list, graph, chart, book account, survey, computer printout, invoice, record, tape, transcripts, letter, agreement or inventory, which you have or have had access to, or of which you have had knowledge.

b.  As used herein, the term "or" and the term "and" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

c.  As used herein, the term "Winn-Dixie" refers to the debtor, Winn-Dixie Stores, Inc., or any of its present or former affiliates, subsidiaries, officers, directors, agents, lawyers, employees or other representatives.

d.  As used herein, the terms "you", "your" and "Lexington" refers to Lexington Insurance Company, or any of its present or former affiliates, subsidiaries, officers, directors, agents, lawyers, employees or other representatives.

e.  As used herein, the term "Store No. 1403" refers to the Winn-Dixie Store located at 1841 Almonaster Avenue in New Orleans, Louisiana.

f.  As used herein, the term "Zuppardo" refer to Zuppardo Real Estate Co., Inc. or any of its present or former affiliates, subsidiaries, officers, directors, agents, lawyers, employees or other representatives.

g.  As used herein, "Petition Date" means February 21, 2005.

## **Documents**

1.      Identify all policies procured, produced, placed or provided by you for Winn Dixie and covering property located at 1841 Almonaster Avenue in New Orleans, Louisiana (Store No. 1403) since January 1998.

2.      All documents relating to claims for coverage submitted by or on behalf of Winn Dixie relating to damage of any kind including damages caused by Hurricane Katrina on or around August 25 and 26, 2005.

3.      Identify all insurance policies procured, produced, placed or provided by you on behalf of Winn Dixie where Zuppardo is or was the certificate holder, additional insured, additional interest holder or third party beneficiary of any kind.

4.      All documents reflecting communications and correspondence between you and Winn Dixie relating to property insurance covering damages to Store No. 1403 since 1998.

5.      All documents reflecting communications and correspondence between you and any insurance company or producer who provided property damage insurance or procured such insurance coverage for Winn Dixie covering damage to Store No. 1403 since 1998.

6.      Copies of all certificates of property insurance or evidence of property insurance coverage relating to Store No. 1403 reflecting any coverage for the period between January 2005 and January 2006.

62464