Hearing Date:  March 8, 2007, 1:00 p.m.
Objection Deadline: February 26, 2007, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| The Reorganized Debtors[1]. | ) | Jointly Administered |

## DEBTORS' OBJECTION TO CLAIMS FILED BY
## CITY OF FITZGERALD AND TANGIPAHOA PARISH

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors

and debtors-in-possession in the above captioned case (collectively, the "Reorganized

Debtors"), object under 11 U.S.C. §§ 502, 506 and 507 and Fed. R. Bankr. P. 3007 and

9014 (the "Objection"), to the claims filed by the City of Fitzgerald and Tangipahoa Parish

listed on the attached Exhibits A and B (collectively, the "Disputed Claims"), and seek entry

of an order disallowing the claims.  In support of this Objection, the Debtors respectfully

request as follows:

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary

petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being

jointly administered for procedural purposes only.

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      By order dated November 9, 2006 (the "Confirmation Order"), the Court confirmed the Debtors' joint plan of reorganization (the "Plan"), which became effective on November 26, 2006 (the "Effective Date").

3.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and Article XI, 11.1(a) of the Plan.   Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §157(b)(2).

4.      The statutory predicates for the relief requested are sections 502, 506 and 507 of the Bankruptcy Code and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7.      By Order dated April 28, 2005 (the "Claims Bar Date Order"), this Court set August 1, 2005 as the last date for all parties who have or assert (or believe they may have or assert) prepetition claims against one or more of the Debtors to file and serve a written proof of claim with respect to any such claim.   The bar date applicable to governmental units was August 22, 2005.   Notice of the Claims Bar Date Order and the applicable bar date was provided by mail and publication in accordance with the procedures outlined in the Claims Bar Date Order.   Despite the notice, all of the Disputed Claims were filed after the Claims Bar Date.

8.      Since the Petition Date, the Debtors have filed six omnibus objections to tax claims and motions for order determining tax values and liabilities (collectively, the "Tax Claims Objections").   By the Tax Claims Objections, in addition to requesting a reduction in amounts, the Debtors seek authority to offset overpayments made to the relevant taxing authorities in prior years against present liabilities.   In the event a taxing authority filed a response to any of the Tax Claims Objections, the Debtors have continued the hearing on the objection and the response.   To date, the Court has entered orders disallowing all tax claims

2

objected to by the Tax Claims Objections to the extent the respective taxing authorities did not file a response, and authorizing the Debtors to offset against such claims and liabilities overpayments made by the Debtors in prior years.

9.      The liability asserted by the City of Fitzgerald in the Disputed Claim identified on Exhibit A has already been adjudicated and determined by order of the Court dated July 27, 2006, which granted the Debtors Third Omnibus Objection to Tax Claims and Motion to Determine Liabilities (Docket No. 9618).  Accordingly, the claim of the City of Fitzgerald has been precluded by the prior adjudication of this Court (in the same amount as the City's Disputed Claim).

10.     The Disputed Claims of Tangipahoa Parish listed on Exhibit B assert amounts allegedly due post petition and, as such, should have been asserted in an application for payment of an administrative claim rather than by a proof of claim.  See Local Rule 3071.1. The deadline for filing administrative claim applications was January 5, 2007 and Tangipahoa Parish filed no such application.  Moreover, the liabilities asserted in these claims by Tangipahoa Parish are addressed in the Debtors' Fifth Omnibus Objection to Tax Claims and Motion to Determine Tax Liabilities.

11.     Each of the Disputed Claims and the Debtors' objections asserted to these claims constitute a separately contested matter as contemplated by Bankruptcy Rule 9014. The Debtors request that any order entered by the Court with respect to an objection asserted in the Objection shall be deemed a separate order with respect to each Disputed Claim.

12.     The Debtors reserve the right to amend, modify or supplement the Objection and to file additional objections to the Disputed Claims, or any other claims which may be asserted against the Debtor.

13.    To contest the Objection, a claimant must file a written response (a "Response") with the Court via the Court's electronic filing procedures no later than February 26, 2007, and serve a copy on Cynthia C. Jackson, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, (904) 359-7708 (facsimile), cjackson@smithhulsey.com.

14.    If a Response is properly and timely filed and served, a hearing is scheduled to adjudicate the Objection on March 8, 2007, unless resolved or adjourned by the Debtor.

15.    If a claimant whose claim is subject to the Objection fails to file or serve a timely response, the Debtors will present an appropriate order at the March 8, 2007 hearing, disallowing the claim without further notice.

**Conclusion**

Wherefore, for the foregoing reasons, the Debtors ask the Court to enter an order disallowing the Disputed Claims.

Dated:  January 30, 2007

SKADDEN, ARPS, SLATE, MEAGHER    SMITH HULSEY & BUSEY
& FLOM LLP

By  *s/ D. J. Baker*                    By  *s/ Cynthia C. Jackson*
    D. J. Baker                            Stephen D. Busey
    Sally McDonald Henry                   James H. Post
    Rosalie Walker Gray                    Cynthia C. Jackson, F.B.N. 498882

Four Times Square                        225 Water Street, Suite 1800
New York, New York 10036                 Jacksonville, Florida 32202
(212) 735-3000                           (904) 359-7700
(212) 735-2000 (facsimile)               (904) 359-7708 (facsimile)
djbaker@skadden.com                      cjackson@smithhulsey.com

Co-Counsel for the Reorganized Debtors   Co-Counsel for the Reorganized Debtors
00555275

**WINN-DIXIE STORES, INC., ET AL.**
**DEBTORS' OBJECTION TO CLAIMS FILED BY**
**CITY OF FITZGERALD AND TANGIPAHOA PARISH**
**EXHIBIT A - CLAIM TO BE DISALLOWED AS COURT**
**HAS DETERMINED TAX LIABILITY IN PRIOR ORDER**

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| **Creditor Id:** 317468 | 13631 | $3,131.58 | LATE-FILED.  LIABILITY DETERMINED BY 7/27/06 THIRD OMNIBUS TAX OBJECTION ORDER. |
| CITY OF FITZGERALD TAX COLLECTOR | **Debtor:** **WINN-DIXIE STORES, INC.** | | |
| 116 N JOHNSON STREET | | | |
| FITZGERALD  GA  31750 | | | |

| | | |
|---|---|---|
| **Total Claims to be Disallowed:** | **1** | |
| **Total Amount to be Disallowed:** | **$3,131.58** | **Plus Unliquidated Amounts, If Any** |

WINN-DIXIE STORES, INC., ET AL.
DEBTORS' OBJECTION TO CLAIMS FILED BY
CITY OF FITZGERALD AND TANGIPAHOA PARISH
EXHIBIT B - IMPROPERLY FILED CLAIMS TO BE DISALLOWED
(TAX LIABILITY DETERMINATION PENDING BEFORE THE COURT)

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| **Creditor Id:** 262497<br>PARISH OF TANGIPAHOA SHERIFFS OFF<br>ATTN DANIEL H EDWARDS<br>PO BOX 942<br>AMITE LA 70422 | 13625<br>**Debtor:** WINN-DIXIE STORES, INC. | $13,052.81 | CLAIMANT INDICATES THAT CLAIM WAS INCURRED AFTER DEBTORS' FEBRUARY 21, 2005 PETITION DATE. CLAIM TO BE DISALLOWED BECAUSE NOT PROPERLY ASSERTABLE ON PROOF OF CLAIM FORM. ADMINISTRATIVE EXPENSE CLAIMS INCURRED AFTER THE PETITION DATE WERE REQUIRED TO BE ASSERTED BY APPLICATIONS FILED WITH THE BANKRUPTCY COURT BY JANUARY 5, 2007. ALSO, DETERMINATION OF TAX LIABILITY IS PENDING IN FIFTH OMNIBUS TAX OBJECTION. |
| **Creditor Id:** 262497<br>PARISH OF TANGIPAHOA SHERIFFS OFF<br>ATTN DANIEL H EDWARDS<br>PO BOX 942<br>AMITE LA 70422 | 13626<br>**Debtor:** WINN-DIXIE STORES, INC. | $340,620.62 | CLAIMANT INDICATES THAT CLAIM WAS INCURRED AFTER DEBTORS' FEBRUARY 21, 2005 PETITION DATE. CLAIM TO BE DISALLOWED BECAUSE NOT PROPERLY ASSERTABLE ON PROOF OF CLAIM FORM. ADMINISTRATIVE EXPENSE CLAIMS INCURRED AFTER THE PETITION DATE WERE REQUIRED TO BE ASSERTED BY APPLICATIONS FILED WITH THE BANKRUPTCY COURT BY JANUARY 5, 2007. ALSO, DETERMINATION OF TAX LIABILITY IS PENDING IN FIFTH OMNIBUS TAX OBJECTION. |
| **Creditor Id:** 262497<br>PARISH OF TANGIPAHOA SHERIFFS OFF<br>ATTN DANIEL H EDWARDS<br>PO BOX 942<br>AMITE LA 70422 | 13627<br>**Debtor:** WINN-DIXIE STORES, INC. | $15,112.05 | CLAIMANT INDICATES THAT CLAIM WAS INCURRED AFTER DEBTORS' FEBRUARY 21, 2005 PETITION DATE. CLAIM TO BE DISALLOWED BECAUSE NOT PROPERLY ASSERTABLE ON PROOF OF CLAIM FORM. ADMINISTRATIVE EXPENSE CLAIMS INCURRED AFTER THE PETITION DATE WERE REQUIRED TO BE ASSERTED BY APPLICATIONS FILED WITH THE BANKRUPTCY COURT BY JANUARY 5, 2007. ALSO, DETERMINATION OF TAX LIABILITY IS PENDING IN FIFTH OMNIBUS TAX OBJECTION. |
| **Creditor Id:** 262497<br>PARISH OF TANGIPAHOA SHERIFFS OFF<br>ATTN DANIEL H EDWARDS<br>PO BOX 942<br>AMITE LA 70422 | 13628<br>**Debtor:** WINN-DIXIE STORES, INC. | $12,209.28 | CLAIMANT INDICATES THAT CLAIM WAS INCURRED AFTER DEBTORS' FEBRUARY 21, 2005 PETITION DATE. CLAIM TO BE DISALLOWED BECAUSE NOT PROPERLY ASSERTABLE ON PROOF OF CLAIM FORM. ADMINISTRATIVE EXPENSE CLAIMS INCURRED AFTER THE PETITION DATE WERE REQUIRED TO BE ASSERTED BY APPLICATIONS FILED WITH THE BANKRUPTCY COURT BY JANUARY 5, 2007. ALSO, DETERMINATION OF TAX LIABILITY IS PENDING IN FIFTH OMNIBUS TAX OBJECTION. |
| **Creditor Id:** 262497<br>PARISH OF TANGIPAHOA SHERIFFS OFF<br>ATTN DANIEL H EDWARDS<br>PO BOX 942<br>AMITE LA 70422 | 13629<br>**Debtor:** WINN-DIXIE STORES, INC. | $675,463.74 | CLAIMANT INDICATES THAT CLAIM WAS INCURRED AFTER DEBTORS' FEBRUARY 21, 2005 PETITION DATE. CLAIM TO BE DISALLOWED BECAUSE NOT PROPERLY ASSERTABLE ON PROOF OF CLAIM FORM. ADMINISTRATIVE EXPENSE CLAIMS INCURRED AFTER THE PETITION DATE WERE REQUIRED TO BE ASSERTED BY APPLICATIONS FILED WITH THE BANKRUPTCY COURT BY JANUARY 5, 2007. ALSO, DETERMINATION OF TAX LIABILITY IS PENDING IN FIFTH OMNIBUS TAX OBJECTION. |
| **Creditor Id:** 262497<br>PARISH OF TANGIPAHOA SHERIFFS OFF<br>ATTN DANIEL H EDWARDS<br>PO BOX 942<br>AMITE LA 70422 | 13630<br>**Debtor:** WINN-DIXIE STORES, INC. | $25,724.06 | CLAIMANT INDICATES THAT CLAIM WAS INCURRED AFTER DEBTORS' FEBRUARY 21, 2005 PETITION DATE. CLAIM TO BE DISALLOWED BECAUSE NOT PROPERLY ASSERTABLE ON PROOF OF CLAIM FORM. ADMINISTRATIVE EXPENSE CLAIMS INCURRED AFTER THE PETITION DATE WERE REQUIRED TO BE ASSERTED BY APPLICATIONS FILED WITH THE BANKRUPTCY COURT BY JANUARY 5, 2007. ALSO, DETERMINATION OF TAX LIABILITY IS PENDING IN FIFTH OMNIBUS TAX OBJECTION. |

**Total Claims to be Disallowed:** 6

**Total Amount to be Disallowed:** $1,082,182.56    **Plus Unliquidated Amounts, If Any**