**AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

BEFORE ME, the undersigned Notary Public, personally came and appeared ("Affiant"):

**WILLIAM J. CRAIN**

who first being duly sworn did depose and state that:

He is an attorney licensed to practice in the State of Louisiana since 1986. He is the attorney of record for the plaintiffs, Mavis Pierson and Jimmie Pierson, in the matter bearing the following caption (the "Pierson suit"):

"Mavis Pierson & Jimmie Pierson vs. Winn-Dixie Montgomery, Inc., 21st JDC, No. 2005-3621, Div. F., Tangipahoa Parish".

Mavis Pierson was injured in Winn-Dixie store number 1540 in Ponchatoula, Louisiana on July 31, 2005. Affiant filed suit against Winn Dixie Montgomery, Inc. on November 4, 2005. A copy of the petition is attached to this affidavit as Exhibit 1. Discovery propounded by Winn Dixie was answered on May 9, 2006 and copies are attached to this affidavit as Exhibit 2, in globo. Amended answers to discovery were provided on September 15, 2006 and are attached to this affidavit as Exhibit 3. Depositions of Winn Dixie personnel, namely Charles Bair and Todd Bankston, were taken on October 9, 2006 and copies of the notices of said depositions are attached as Exhibit 4. On November 13, 2006, Winn-Dixie took the depositions of plaintiffs, Mavis and Jimmie

Pierson. Throughout this process, the pendency of the Winn-Dixie bankruptcy was <u>never</u> mentioned or made known to Affiant. Affiant first learned of a bankruptcy in a telephone conversation with Mavis Pierson in December, 2006, just before Christmas.

Affiant closed his office from December 21, 2006 through January 3, 2006. Several attempts were made to contact counsel for Winn-Dixie immediately before December 21, 2006 to see what, if anything, there was to my client's telephone conversation regarding Winn-Dixie and a bankruptcy. Affiant's calls were not returned.

Affiant learned after the holidays, on January 9, 2006 in a telephone conversation with counsel for Winn-Dixie in the Pierson suit, that the bankruptcy court in <u>In re: Winn-Dixie Stores, Inc., et al</u>, <u>United State Bankruptcy Court, Middle District of Florida, Jacksonville Division</u>, had set a January 5, 2007 deadline for filing an Administrative Claim in the Bankruptcy, and that such filing would be necessary to continue the case described above.

Affiant does not practice, and never has practiced, any bankruptcy law. The few times that Affiant has received notices of a bankruptcy involved deadlines to file a proof of claim, with periods ranging from at least 90 to 120 days. Affiant was not aware that a claim arising and filed after the Winn Dixie bankruptcy could be subject to a bar date in the previously filed bankruptcy. In the Pierson case, no-one ever mentioned that

Winn-Dixie was in bankruptcy. The Pierson case has been defended by local counsel (and presumably non-bankruptcy counsel) as in any typical personal injury case.

After getting the name of Tana Copeland, legal assistant with the law firm Smith Hulsey & Busey, and talking to her by telephone on the afternoon of January 9, 2007, Ms. Copeland e-mailed a <u>Notice of (A) Entry of Order Confirming Plan Of Reorganization, (B) Occurrence Of Effective Date Of Plan, and (C) Dates For Filing Claims Arising Before Effective Date And Other Administrative Claims</u> (the "Notice"). January 9, 2007 is the first date that Affiant received the Notice with the filing date of January 5, 2007. Affiant immediately contacted Mr. Dennis LeVine, to file the appropriate application and related pleadings. Affiant is not licensed in Florida and does not have an electronic filing password.

_____
WILLIAM J. CRAIN

SWORN TO AND SUSCRIBED
BEFORE ME, NOTARY, THIS
29th DAY OF JANUARY, 2007.

_____
NOTARY PUBLIC