**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |

**MOTION FOR CLARIFICATION OF ORDER GRANTING**
**AMENDED MOTION FOR RETROACTIVE APPROVAL**
**OF ASSIGNMENT AND TERMINATION AGREEMENTS**

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries

and affiliates, as reorganized debtors and debtors-in-possession (collectively, the

"Reorganized Debtors"), file this motion pursuant to Rule 60, F.R.C.P., as made

applicable by 9024, Fed. R. Bankr. Proc., for clarification of the Court's order

dated October 5, 2006 (Docket No. 11661) which approved the Reorganized

Debtors' Amended Motion for Retroactive Approval of Assignment and

Termination Agreements for Non-Residential Real Property Leases and Subleases

Docket (Docket No. 1133) (the "Amended Motion") and in support state:

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**Background**

1.      On February 21, 2005 (the "Petition Date"), the Reorganized Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). During these cases, the Reorganized Debtors operated their businesses and managed their properties as debtors-in-possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

2.      The Joint Plan of Reorganization (as modified, the "Chapter 11 Plan") was confirmed by order entered on November 9, 2006 and became effective on November 21, 2006.

3.      The Court has jurisdiction over this matter under 28 U.S.C. §§157 and 1334.  This is a core proceeding under 28 U.S.C. §§157(b)(2).

4.      On September 25, 2006, the Reorganized Debtors filed the Amended Motion asking the Court to retroactively approve agreements the Reorganized Debtors entered into post-petition with a number of landlords and subtenants at stores Winn-Dixie subleased.  One of these agreements was between the Reorganized Debtors, the landlord for Store No. 893, Pearl Brittan, Inc. (the "893 Landlord") and the subtenant operating Store No. 893 under a sublease with the Reorganized Debtors, McKinney Foods of Wayne Co., Inc. (the "893 Subtenant").  A copy of the Amended Motion is attached as Exhibit A.

5.      In paragraph 6 of the Amended Motion, the Reorganized Debtors assert that by each of the agreements, the respective landlord and subtenant "waives any and all claims they may have against the Reorganized Debtors."

2

6.      By Order dated October 5, 2006, the Court approved the Amended Motion.  Paragraph 2 of the Order approves each of the agreements.

7.      Counsel for the Reorganized Debtors recently learned that, despite the language in paragraph 6 of the Amended Motion, the 893 Agreement provides that the Debtor agreed that 893 Landlord's proof of claim number 10636 will be allowed in the amount of $1,000,000.

8.      Even though the 893 Agreement provides the 893 Landlord with a claim, the agreement nevertheless is in the best interest of the Reorganized Debtors.  In 1993, the Reorganized Debtors subleased Store 893 to the 893 Subtenant.  The 893 Subtenant pays the Reorganized Debtors approximately $13,000 less in rent each month than the Reorganized Debtors are obligated to pay the 893 Landlord, resulting in a shortfall of approximately $156,000 a year or about $1,560,00 for the remaining 10 year Lease term. Because of the rent shortfall, it is in the Reorganized Debtors' best interest to remove itself from the middle and allow the 893 Subtenant to lease the premises directly from the 893 Landlord.  The 893 Landlord is willing to allow the 893 Subtenant to remain on the premises under the terms of the amended 893 Sublease and accept reduced rent (a reduction of over $1,072,000 for the Sublease term) in exchange for an allowed unsecured claim against the Reorganized Debtors in the amount of $1,000,000.

9.      The 893 Agreement is in the best interest of the estate because (i) the 893 Landlord is otherwise entitled to evict the 893 Subtenant and if the 893 Subtenant were evicted, the 893 Subtenant may have an uncapped administrative claims against the Reorganized Debtors for business interruption or lost profits and (ii) the 893 Landlord has a rejection damage claim of $696,110 under the 893 Lease  in any event.

10.      By this Motion, the Reorganized Debtors ask the Court to enter an order clarifying the prior order by approving the 893 Agreement and allowing proof of claim number 10636 as a Class 13 Landlord Claim (as defined in the Plan) in the amount of $1,000,000.

Dated:  January 31, 2007.

SKADDEN, ARPS, SLATE, MEAGHER     SMITH HULSEY & BUSEY
& FLOM LLP

By___*s/ D. J. Baker*_____     By___*s/ Cynthia C. Jackson*_____
     D. J. Baker                     Stephen D. Busey
     Sally McDonald Henry             James H. Post
     Rosalie Walker Gray              Cynthia C. Jackson, F.B.N. 498882

Four Times Square                 225 Water Street, Suite 1800
New York, New York 10036          Jacksonville, Florida 32202
(212) 735-3000                    (904) 359-7700
(212) 735-2000 (facsimile)        (904) 359-7708 (facsimile)
djbaker@skadden.com               cjackson@smithhulsey.com

Co-Counsel for Reorganized Debtors     Co-Counsel for Reorganized Debtors

00552938

4