F I L E D
JACKSONVILLE, FLORIDA
JAN 3 1 2007
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Reorganized Debtors | ) | Jointly Administered |

## RESPONSE OF CLAIMANT TO ALLEGEDLY IMPROPERLY FILED CLAIM

KRISTEN FAGG, a minor, by and through her Mother and next friend, CONNIE CARTWRIGHT, who is acting pro se in this matter, files their Response to the Debtors' Twenty-ninth Omnibus Objection to their allegedly Improperly Filed Claim, as follows:

1.   As a single mother trying to work to support her minor daughter, CONNIE CARTWRIGHT is not able to personally attend any hearing on this issue without severe hardship and likely loss of her employment. She requests this Honorable Court rule on her Response as filed, and excuse her from personally attending any hearing thereon.

2.   KRISTEN FAGG was injured at a Winn-Dixie Store in Brandon, Florida on October 15, 2006. This was well *after* the February 21, 2005 petitions for bankruptcy relief filed by the Debtors herein, and the accompanying Automatic Stay of all actions "that was or could have been commenced before the commencement of the case under this title" 11 U.S.C. Section 362 (a)(1).

3.   The recognized general rule in bankruptcy is that the automatic stay in bankruptcy has no effect on an injury that occurs post-petition. *See* <u>Pettibone Corp. vs. Ramirez</u> (<u>In re: Pettibone Corp.</u>), 90 B.R. 918 at 930 (Bankr. N.D. Ill., 1988).

4.   Nevertheless, your Claimants were served with a Notice from this Court dated December 6, 2006, *requiring* "any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006 (with certain exceptions not including KRISTEN FAGG's claim) be asserted in an application filed and served no later than January 5, 2007, *"or be deemed as waived in full"*. This provision was cited by the claims adjusters from Sedgwick Claims Management Services who responded to KRISTEN FAGG'S claim.

5.   In response to this Notice and specifically in order to avoid the waiver of their claim, KRISTEN FAGG and her mother and next friend, CONNIE CART-

WRIGHT, timely filed and served their claim in bankruptcy court.

6. The Debtors Object to this claim as an "improperly filed administrative claim". However, this claim is patently *not* an *administrative claim* in any manner.

    a. This claim does not fit the general definition in bankruptcy of an administrative claim;

    b. This claim is *specifically excluded* as an Administrative Claim within this bankruptcy matter in Article XII, Paragraph 12.1, of the proposed Plan herein, as a *"post-petition obligation that is contingent or disputed...arising from personal injury..."*; and further,

    c. This claim was not filed as an administrative expense claim. It was filed as an unsecured, non-priority unliquidated *injury* claim.

7. Debtors attempts to mis-characterize this post-petition unliquidated injury claim as an "Administrative Claim" is therefore not consistent with Debtors other filings in this matter, and was either filed by Debtors as a significant error, or is an attempt by the Debtors to perpetrate a fraud upon this Bankruptcy Court and against these Claimants and the many other similar Claimants whose post-petition injury claims have been wrongly objected to for this identical reason.

8. The claim of KRISTEN FAGG, a minor, through her Mother and next friend, CONNIE CARTWRIGHT, is *not* a claim properly subject to discharge by this Court. As a post-petition unliquidated injury claim, it is *not* properly within the Stay afforded to Debtors by this Court, the Debtor's threats to bar the same in their December 6, 2006 Notice notwithstanding.

9. This claim should be referred back to the State Court jurisdiction of Florida as a claim non-dischargeable in this proceeding.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this pleading has been served by U.S. Mail on: D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square New York, NY 10036, Counsel for Debtors, this 29 day of Jan , 2007.

*Connie Cartwright*
CONNIE CARTWRIGHT, pro se
P.O. Box 6094
Brandon, FL 33508
(813) 657-0023