**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |

**DEBTORS' AMENDED OBJECTION TO CLAIM N0.10302 FILED BY FAIRFIELD PARTNERS LIMITED PARTNERSHIP AND COUNTERCLAIM**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), object to Claim No. 10302 filed by Fairfield Partners, Limited Partnership ("Fairfield Partners") and in support thereof say:

1. The Debtors dispute the amount of the debt alleged in the Claim No. 10302.

2. The claimant failed to attach legally sufficient documentation substantiating the basis for its Claim.

3. With this objection, the Debtors also assert a counterclaim against claimant for damages in excess of $281,896.80.

4. Pursuant to Federal Rule of Bankruptcy Procedure 3007, "[i]f an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

becomes an adversary proceeding."

5. The relief sought by the Debtors in this objection and counterclaim is (i) a judgment for damages in the amount of $281,896.80, plus interest and attorneys' fees, against the claimant as set forth in the counterclaim below, (ii) the disallowance and reduction of Claim No. 10302 in the amount of such judgment and (iii) the further disallowance and reduction of Claim No. 10302 in the amounts of $18,333.85 and $15,705.66 for the alleged 2003 and 2005 common area maintenance charges which lack proper documentation.

## Counterclaim

6. This action arises out of and relates to Winn-Dixie's Chapter 11 case. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b).

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

8. On February 21, 2005, Winn-Dixie Stores, Inc., and twenty-three of its subsidiaries and affiliates, including Winn-Dixie Montgomery, Inc., filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

9. On November 9, 2006, this Court entered an Order (the "Confirmation Order") confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors as modified (the "Plan") (Docket Nos. 8856, 12440). Pursuant to the Confirmation Order, the Court retained jurisdiction over all matters arising out of and related to the Debtors' Chapter 11 cases.

10. The Plan became effective on November 21, 2006. (Docket No. 12745).

11. Jake Aronov and Owen Aronov are partners of Fairfield Partners. Fred Berman is a member of BB&W, L.L.C., which is also a partner of Fairfield Partners.

12. Fairfield Partners owned a shopping center in Fairfield, Alabama, the "Flint Ridge Centre."

13. Between 1985 and 1992, Winn-Dixie operated a grocery store in the Midfield Shopping Center in Midfield, Alabama. Winn-Dixie leased the real estate for its Midfield store pursuant to a long-term lease which, by its terms, was effective until May 2005 (the "Midfield Lease").

14. In 1992, Fairfield Partners proposed that Winn-Dixie relocate its Midfield Store to the Flint Ridge Centre. Winn-Dixie was still obligated, however, to pay rent under the Midfield Lease until May 2005, even if it vacated the Midfield store early. Therefore, in order to provide incentive to Winn-Dixie to relocate the store, Fairfield Partners agreed to pay a portion of Winn-Dixie's rent under the Midfield Lease for the remaining term of the Midfield Lease.

15. On November 17, 1992, Jake Aronov, Owen Aronov and Fred Berman, in furtherance of the business objectives of and for the benefit of Fairfield Partners, executed and delivered to Winn-Dixie an agreement, a copy of which is attached as Exhibit A, by which they promised to make monthly payments to Winn-Dixie during the remaining term of its unexpired Midfield lease (the "Incentive Payment Agreement").

16. In reliance on the Fairfield Partners' agreement to pay a portion of the rent under the Midfield Lease, Winn-Dixie relocated its store from the Midfield Shopping Center to the Flint Ridge Centre and entered into a lease agreement with Fairfield Partners.

17. Under the Incentive Payment Agreement, Fairfield Partners promised to pay Winn-Dixie a sum equal to $11,770 per month, less any applicable credits.[2]

18. The Incentive Payment Agreement provided for a monthly credit in an amount equal to 48% of any proceeds Winn-Dixie received from subleasing the Midfield property. Winn-Dixie subleased the Midfield property from December 1995 until November 1999. As a result, the monthly payment obligation under the Incentive Payment Agreement was reduced by a credit of approximately $4,907 per month, for a net monthly payment of $6,863, from December 1995 until the termination of the sublease in November 1999.

19. Upon the termination of the sublease in November 1999, Winn-Dixie no longer received proceeds from any sublease of the Midfield property, and Fairfield Partners was no longer entitled to a credit against its monthly payment obligation under the Incentive Payment Agreement. As a result, Fairfield Partners monthly payment obligation under the Incentive Payment Agreement reverted to approximately $11,770 in November 1999.

20. Fairfield Partners, however, continued paying Winn-Dixie the reduced amount of $6,863 per month as payments under the Incentive Payment Agreement from November 1999 until August 2004. As a result, Fairfield Partners still owes Winn-Dixie $281,896.80 under the Incentive Payment Agreement (the "Arrearage").

---

[2] The Incentive Payment Agreement provided for a monthly payment to Winn-Dixie of a sum equal to the Midfield lease monthly rental ($16,479) and common area maintenance charges ($291) in excess of $5,000 from October 1, 1993 until the Midfield lease expired in May 2005. The monthly payment under the Incentive Payment Agreement was therefore $11,770 ($16,479 + $291 - $5,000 = $11,770).

21. The Incentive Payment Agreement requires payment "within ten (10) days after demand from Winn-Dixie."

22. On July 20, 2004, Winn-Dixie demanded payment of the Arrearage from Fairfield Partners in compliance with the terms of the Incentive Payment Agreement.

23. Fairfield Partners failed and refused to pay the Arrearage.

24. The Arrearage is due and payable.

## Count One
(Promissory Note )

25. This is an action against pursuant to 11 U.S.C. § 542(b) and Rule 7001, Federal Rules of Bankruptcy Procedure.

26. Winn-Dixie incorporates and realleges herein the allegations of paragraphs 1 through 24 of the Counterclaim.

27. The Incentive Payment Agreement constitutes a promissory note.

28. The Incentive Payment Agreement was entered into by Jake Aronov, Owen Aronov and Fred Berman for the benefit of Fairfield Partners. As a matter of law, therefore, the Incentive Payment Agreement also constitutes an obligation of Fairfield Partners.

29. Winn-Dixie owns and holds the Incentive Payment Agreement.

30. Fairfield Partners failed to pay the amount due under the Incentive Payment Agreement when due.

31. Fairfield Partners owes Winn-Dixie $281,896.80 that is due with interest from July 20, 2004 under the Incentive Payment Agreement.

32. All conditions precedent to the maintenance of this action have been fulfilled or have been waived.

33. Under the Incentive Payment Agreement, Fairfield Partners is obligated to reimburse Winn-Dixie for all costs incurred in this action, including reasonable attorneys' fees.

34. Winn-Dixie is obligated to pay the undersigned a reasonable fee for services rendered and has incurred attorneys' fees in connection with the enforcement of the Incentive Payment Agreement.

WHEREFORE, Winn-Dixie demands judgment against Fairfield Partners in the amount of $281,896.80 plus interest, attorneys' fees and costs and such further relief as is just and proper.

## Count Two
(Breach of Contract )

35. This is an action pursuant to 11 U.S.C. § 542(b) and Rule 7001, Federal Rules of Bankruptcy Procedure.

36. Winn-Dixie incorporates and realleges herein the allegations of paragraphs 1 through 24 of the Counterclaim.

37. The Incentive Payment Agreement was entered into by Jake Aronov, Owen Aronov and Fred Berman for the benefit of Fairfield Partners. As a matter of law, therefore, the Incentive Payment Agreement also constitutes an obligation of Fairfield Partners.

38. Fairfield Partners breached the Incentive Payment Agreement by failing to pay the Arrearage on or after July 20, 2004.

39. As a proximate result of Fairfield Partners' breach of the Incentive Payment Agreement, Winn-Dixie has suffered damages in excess of $281,896.80 plus interest.

40. All conditions precedent to the maintenance of this action have been fulfilled or have been waived.

41. Under the Incentive Payment Agreement, Fairfield Partners is obligated to reimburse Winn-Dixie for all costs incurred in this action, including reasonable attorneys' fees.

42. Winn-Dixie is obligated to pay the undersigned a reasonable fee for services rendered and has incurred attorneys' fees in connection with the enforcement of the Incentive Payment Agreement.

WHEREFORE, Winn-Dixie demands judgment for damages against Fairfield Partners in the amount of $281,896.80 plus interest, attorneys' fees and costs and such further relief as is just and proper.

**Count Three**
(Breach of Contract – Fairfield Partners as a joint venture partner)

43. This is an action pursuant to 11 U.S.C. § 542(b) and Rule 7001, Federal Rules of Bankruptcy Procedure.

44. Winn-Dixie incorporates and realleges herein the allegations of paragraphs 1 through 24 of the Counterclaim.

45. Fairfield Partners formed a joint venture with Jake Aronov, Owen Aronov and Fred Berman to effectuate their common objective of causing Winn-Dixie to relocate its store to the Flint Ridge Centre. The Incentive Payment Agreement was signed in furtherance of the objectives of the joint venture. Fairfield Partners, as a member of the

7

joint venture with a joint right of control, is jointly liable for the debts and obligations of the joint venture, including the Incentive Payment Agreement.

46. Fairfield Partners breached the Incentive Payment Agreement by failing to pay the Arrearage on or after July 20, 2004.

47. As a proximate result of Fairfield Partners' breach of the Incentive Payment Agreement, Winn-Dixie has suffered damages in excess of $281,896.80 plus interest.

48. All conditions precedent to the maintenance of this action have been fulfilled or have been waived.

49. Under the Incentive Payment Agreement, Fairfield Partners is obligated to reimburse Winn-Dixie for all costs incurred in this action, including reasonable attorneys' fees.

50. Winn-Dixie is obligated to pay the undersigned a reasonable fee for services rendered and has incurred attorneys' fees in connection with the enforcement of the Incentive Payment Agreement.

51. WHEREFORE, Winn-Dixie demands judgment for damages against Fairfield Partners in the amount of $281,896.80 plus interest, attorneys' fees and costs and such further relief as is just and proper.

**Count Four**
(Unjust Enrichment )

52. This is an action for unjust enrichment.

53. Winn-Dixie incorporates and realleges herein the allegations of paragraphs 1 through 24 of the Counterclaim.

8

54. Based upon the foregoing, Fairfield Partners accepted the benefits of the Incentive Payment Agreement without payment of the full value thereof to Winn-Dixie.

55. Under these circumstances, Fairfield Partners would be unjustly enriched in excess of $281,896.80 by retaining such benefits.

WHEREFORE, Winn-Dixie demands judgment for damages against Fairfield Partners in the amount of $281,896.80 plus interest, attorneys' fees and costs and such further relief as is just and proper.

SMITH HULSEY & BUSEY

By   */s/Leanne McKnight Prendergast*
    Stephen D. Busey
    James H. Post
    Leanne McKnight

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Attorneys for Reorganized Debtors

554877

Certificate of Service

I certify that a copy of the foregoing has been furnished electronically or by mail to David L. Pollack, Esq., Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market St., 51st Floor, Philadelphia, Pennsylvania, 19103, this 31st day of January, 2007.

                                        */s/ Leanne McKnight Prendergast*
                                                 Attorney