IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|  |  |
|---|---|
| IN RE: \* \* \* | |
| WINN-DIXIE STORES, INC., et al \* \* | CASE NUMBER: 05-03817-3F1 |
| Debtors, \* \* \* | |

**PETITIONER'S <u>AMENDED</u> MOTION FOR EXTENSION OF TIME TO FILE CLAIM AND REQUEST FOR RELIEF FROM STAY**

Comes now your Petitioner, SIBYL E. HESTER, the Plaintiff in the case styled <u>Sibyl E. Hester v. Winn-Dixie</u>, bearing case number CV-2006-001085-SHS pending in the Circuit Court of Mobile County, Alabama, and respectfully requests this Honorable Court to allow Petitioner and extension of time in which to file a claim against the Debtors, and seeks relief from the stay in proceedings ordered by this Court. As grounds for this Motion, Petitioner states as follows:

1. On or about November 3, 2005, Petitioner was an invitee of the WINN-DIXIE store #0578 located on Moffett Road in Mobile, Alabama. Petitioner was injured when she tripped and fell over the base of a scale which was situated adjacent to the bakery counter and protruding into the walkway. Petitioner sustained severe injury to her right shoulder as a result of her fall. Petitioner's injury was reported to the subject WINN-DIXIE store on November 3, 2005.

2. Through counsel, William Saliba, Esq., Petitioner filed a Complaint in the

1

      Circuit Court of Mobile County, Alabama on March 30, 2006 in the case styled <u>Sibyl E. Hester v. Winn-Dixie</u>, bearing case number CV-2006-001085-SHS.

3. WINN-DIXIE MONTGOMERY, INC. filed an Answer to the Petitioner's Complaint on or around May 3, 2006. WINN-DIXIE made no mention or reference whatsoever to this pending bankruptcy proceeding in its Answer to the Petitioner's Complaint. The normal course of the case progressed including, but not limited to, discovery between the parties, depositions, the Petitioner's filing of a Petition for Writ of Mandamus to the Alabama Supreme Court, and WINN-DIXIE's filing of a Motion for Summary Judgment.

4. In November 2006, William Saliba, Esq. filed a Motion to withdraw as counsel for Petitioner. The undersigned counsel filed a Notice of Appearance on behalf of Petitioner on November 9, 2006 in the Circuit Court of Mobile County, Alabama.

5. Petitioner presented a demand for settlement to WINN-DIXIE's counsel on November 22, 2006. Petitioner and WINN-DIXIE had oral argument on WINN-DIXIE's Motion for Summary Judgment on December 1, 2006. Petitioner is presently awaiting a trial setting.

6. On January 30, 2007, counsel for WINN-DIXIE contacted the undersigned counsel for Petitioner in response to several calls about the settlement demand, and WINN-DIXIE's counsel advised Petitioner's counsel that WINN-DIXIE would not respond because Petitioner had not made a claim in the bankruptcy proceeding. In reviewing Petitioner's file, the undersigned

counsel located this Court's "Notice of (a) Entry of Order Confirming Plan of Reorganization, (b) Occurrence of Effective Date of Plan, and (c) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims" dated December 6, 2006. The undersigned counsel apparently received the Notice on December 11, 2006, but has no recollection of personally seeing the Notice.

7. Petitioner's counsel does not practice bankruptcy law, and has never represented any debtor or creditor in bankruptcy. Therefore, Petitioner's counsel is unfamiliar with the rules of bankruptcy. In reviewing Petitioner's file, there is no evidence that Petitioner, nor her prior counsel, ever received any notice of WINN-DIXIE's pending bankruptcy prior to the Notice dated December 6, 2006. Had Petitioner and her counsel been ware of WINN-DIXIE's pending bankruptcy proceeding prior to that time, the appropriate proof of claim and/or motions for relief from stay would have been more timely filed.

8. It is the undersigned counsel's understanding that the Notice dated December 6, 2006 is notice of a requirement of an informal proof of claim, considering the fact that WINN-DIXIE has been aware of the Petitioner's claim since November 3, 2005, and has actively participated in litigation, and the Petitioner has not received any other filings, e-filings, or other documentation from this Court notifying Petitioner of the pending action in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division.

9. While it is clear that this Court's Notice dated December 6, 2006 clearly applies to Petitioner's claim, Petitioner's failure to file a timely claim pursuant to the Notice is excusable neglect.  Furthermore, WINN-DIXIE will not be prejudiced, in any way, by the filing of Petitioner's claim, which is merely an informal proof of claim.

10. While it is understandable that the Court has to set parameters on the filing of claims, the Petitioner should not be denied Due Process of law because of the failure of counsel to file a timely notice of an informal claim.  Furthermore, other than the form Notice received by Petitioner's counsel on December 11, 2006, Petitioner was unaware of WINN-DIXIE's bankruptcy proceedings, or the strict deadline for filing claims.  Given the fact that the undersigned counsel received the Notice on December 11, 2006, and given the Christmas and New Year holiday schedule, Petitioner had only 14 business days in which to file her claim before this Court's imposed filing deadline.  During that time, Petitioner's counsel was also under a strict deadline to file a Petition for Writ of Mandamus with the Alabama Supreme Court, as well as other year-end deadlines and commitments.  Thus, Petitioner's right to Due Process of law was strictly altered by numerous conditions beyond her control.

11. Petitioner also represents unto this Court that the undersigned counsel is not licensed to practice law in the State of Florida and, therefore, did not have appropriate means to file this Motion via the Court's CM/ECF filing procedure.  The undersigned counsel forwarded the original of this Motion

        to the Court via Federal Express, and the Motion was docketed by the Court on January 31, 2007. However, the undersigned counsel was advised by this Court that the Motion would be returned for improper filing. Thus, the undersigned counsel was required to submit application for a login and password for filing with this Court's CM/ECF filing system, which caused another delay in this filing.

12.     The parties will not be prejudiced by the Court's granting of Petitioner's request for an extension of time in which to file her claim against the Debtors, and requesting a relief from the stay in proceedings ordered by this Court, and the ends of justice will be served thereby.

WHEREFORE, your Petitioner, SIBYL E. HESTER, prays that (a) this Court will issue an Order allowing her to proceed in the Circuit Court of Mobile County, Alabama with her claim for benefits arising from the injuries she sustained on November 3, 2005; (b) that Petitioner be given relief from the stay in Bankruptcy in order to proceed against the insurance carrier for WINN-DIXIE; and (c) for such other further and different relief to which Petitioner may be entitled, the premises considered.

                                                    EATON G. BARNARD & ASSOCIATES, P.C.
                                                    Attorney for Petitioner, SIBYL E. HESTER

                                                    s/ *Eaton G. Barnard*
                                                    EATON G. BARNARD
                                                    1904 Dauphin Island Parkway
                                                    Mobile, Alabama  36605
                                                    (251) 478-6899
                                                    (251) 478-7198 - Fax
                                                    eaton@ebarnardlaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that I have on this the 1st day of February, 2007 electronically filed the foregoing document with the Clerk of the Court using the electronic filing system, and have served a copy of same via electronic transmission, and/or by mailing a copy of same by United States mail, with first class postage pre-paid, to the following:

James H. Post, Esq.
SMITH HULSEY & BUSEY
225 Water Street - Suite 1800
Jacksonville, Florida  32202

Matthew Barr, Esq.
MILBANK, TWEED HADLEY & McCLOY, LLP
1 Chase Manhattan Plaza
New York, New York  10005

s/ *Eaton G. Barnard*
EATON G. BARNARD
EATON G. BARNARD & ASSOCIATES, P.C.
Attorney for Petitioner, SIBYL E. HESTER