**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) <br> ) <br> WINN DIXIE STORES, INC., et. al., ) <br> ) <br> Debtors. ) <br> _____ ) | Case No.: 05-03817-3F1 <br> Chapter 11 <br> Jointly Administered |

**RYAN MALONE'S MOTION
FOR CONTINUANCE OF EVIDENTIARY HEARING**

COMES NOW, the movant, Ryan Malone by and through undersigned counsel and moves the Court for an order continuing the hearing on the Ryan Malone's Motion for Relief from Automatic Stay, currently set for February 20, 2007 at 10:00 a.m., and in support thereof, states:

1. The movant is a creditor that in 1994 commenced a state court lawsuit (Case No. 44-2004-CA-400-P) seeking recovery for substantial personal injury against the debtor.

2. On or about January 23, 2007, Ryan Malone filed an Amended Motion for Relief from Automatic Stay, by which he requested that the Court lift the automatic stay in this case so that he may pursue his case against the Debtor as filed in state court in Monroe County, Florida. The movant seeks relief from the stay pursuant to 11 U.S.C. §362(d)(1) for cause, specifically because there is no harm to the chapter 11 estate in determining the allowable amount of the claim in state court since 28 U.S.C. §1334(c)(2) and 28 U.S.C. §157(b)(2)(O) mandate that such a claim may be determined only in state court.

3. On or about January 24, 2007, this Court entered an Order setting an evidentiary hearing on Ryan Malone's Motion for Relief from Automatic Stay.

4. Needing additional time during which to prepare for said evidentiary hearing, and because of personal obligations, the undersigned files this Motion for Continuance.

5. The undersigned has conferred with counsel for the debtor by way of correspondence of February 1, 2007, and upon telephone call, inquiring as to opposing counsel's position on the instant motion. The undersigned, as of the filing of this motion, has not heard from opposing counsel in this regard, but will notify the Court of any communication from opposing counsel in this regard.

6. The movant, Ryan Malone, would request that a period of two (2) weeks elapse before the evidentiary hearing is rescheduled. Such time is sufficient for adequate preparation as outlined herein.

7. The Court, upon good cause shown, may grant a request for a continuance. *United States Bankruptcy Court for the Middle District of Florida, Local Bankruptcy Rule 5071-1(a)*.

8. Although the instant motion is being filed approximately nineteen (19) days before the hearing, the undersigned begs utilization of this Court's discretion in those times of unusual circumstances, especially since it is not anticipated that the evidentiary hearing will be 'lengthy', though adequate preparation is of course desired. *See L.B.R. 5071-1(e)*.

9. The good cause supporting the instant motion is found in the need for more time to prepare for the evidentiary hearing, such a hearing naturally affecting the course of Mr. Malone's case, and also because the undersigned has several sets of depositions and court appearances in the days immediately preceding the subject hearing.

10. Further, the undersigned is to attend a wedding on the holiday weekend before the subject hearing, an event in which the undersigned is closely-involved.

11.  In accordance with the local rules, Ryan Malone waives those time limitations set forth in 11 U.S.C. §362(e). *See L.B.R. 5071-1(g).*

WHEREFORE, Ryan Malone respectfully requests a continuance of the evidentiary hearing currently set for 10:00 a.m. on February 20, 2007, as well as any further relief this Honorable Court deems just and proper.

Dated: February 1, 2007

VERNIS & BOWLING OF THE FLORIDA KEYS, P.A.

By: /s/ Curtis W. Mollohan
    Curtis W. Mollohan

Islamorada Professional Center
81990 Overseas Highway, 3rd Floor
Islamorada, FL 33036
(T) (305) 664-4675
(F) (305) 664-5414

Attorneys for Ryan Malone

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Ryan Malone's Motion for Continuance has been furnished electronically and/or by mail to D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP. and James H. Post, Esq., Smith Hulsey & Busey, *counsel to Debtor*, and the U.S. Trustee per Rule 1007 D, this 1ST day of February, 2007.

                                 Respectfully Submitted:
                                 VERNIS & BOWLING OF THE FLORIDA KEYS, P.A.

By: _____
      Curtis W. Mollohan
      Florida Bar No.: 684090
      81990 Overseas Highway, 3rd Floor
      Islamorada, Florida 33036
      Tel. 305-664-4675
      Fax. 305-664-5414
      Email. Cmollohan@Florida-Law.com

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re: )
) Case No.: 05-03817-3F1
WINN DIXIE STORES, INC., et. al.,   ) Chapter 11
) Jointly Administered
Debtors. )
_____)

**ORDER ON RYAN MALONE'S MOTION FOR CONTINUANCE**

This cause is before the Court upon Ryan Malone's (the "Movant") Motion for Continuance, filed on February 1, 2007 (the "Motion"). The Court finds that good cause has been shown for the requested continuance. Accordingly, it is

ORDERED that:

1. The Motion for Continuance is _____;

2. The currently set evidentiary hearing on February 20, 2007, is hereby continued to _____;

and

3. _____
_____.

Dated this _____ day of February, 2007, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cc:

1