**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors[1]. | ) | Jointly Administered |

## MOTION FOR RECONSIDERATION

Winn-Dixie Stores, Inc. and twenty three of its subsidiaries and affiliates, as reorganized debtors (collectively, the "Debtors"), file this motion pursuant to Rule 59, F.R.C.P., as made applicable to this contested matter by Rule 9023, F.R.B.P., for reconsideration of the Court's order dated January 19, 2007, granting in part and denying in part the Florida Tax Collectors'[2] Motion to Dismiss, and in support state:

1.  On August 22, 2005, the Miami-Dade County Tax Collector filed proof of claim number 11669 against the Debtors in the amount of $59,951.54. On November 22,

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] The "Florida Tax Collectors" consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Escambia, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, Walton and Washington.

2005, the Florida Tax Collectors filed proof of claim number 12566 in the amount of $68,455,687.91 for ad valorem taxes for the years 2005 and 2005.

2.  On August 8, 2006, the Debtors filed an objection to the Florida Tax Collectors' claims and a motion for an order determining tax liabilities (the "Objection and Motion") asking the Court to (i) determine the Debtors' liabilities to the Florida Tax Collectors, (ii) determine the appropriate interest rate, (iii) authorize the Debtors to offset excess amounts paid to the Florida Tax Collectors in prior years against future liabilities, and (iv) extinguish any liens once the taxes are paid.

3.  On August 28, 2006, the Florida Tax Collectors filed a Motion to Dismiss the Objection and Motion on a number of grounds, including (i) that the Florida property appraisers are indispensable parties to the proceeding, and (ii) that the Court lacks jurisdiction to authorize the Debtors to offset excess taxes paid against different years and liabilities (the "Motion to Dismiss) (Docket No. 10609).

4.  By order dated January 19, 2007[3], the Court granted the Motion to Dismiss in part and denied the motion in part (the "Tax Order") (Docket No. 14815). By the Tax Order, the Court granted the Motion to Dismiss to the extent the Florida Tax Collectors claimed that (i) the Florida property appraisers should be joined as parties, and (ii) the Court lacks jurisdiction to authorize the Debtors to offset overpayments the Debtors made in 2004 and 2005 against taxes due in subsequent tax years.

5.  The Debtors will amend the Objection and Motion to include the Florida property appraisers and the Department of Revenue and will ask the Court to direct the

---

[3] This Order was signed on January 19, 2007 but not entered on the docket until January 22, 2007.

appraisers to change the tax rolls to reflect any change in value of the Debtors' properties adjudicated by the Court.[4]

6.    In concluding that the Court lacked *jurisdiction* to authorize offsets, the Court adopted the reasoning of the Third Circuit Court of Appeals in *In re Custom Distrib. Servs., Inc.*, 224 F.3d 235 (3rd Cir. 2000). In *Custom* the Third Circuit held that Section 505(a)(2)(b)(i) creates a jurisdictional bar to tax refund claims that are first asserted in the bankruptcy proceedings. *Custom* also held, under the reasoning of *In re Dunhill Medical, Inc.* (Bankr. D. N.J.), that it had jurisdiction to adjudicate a tax offset (as opposed to a refund), as long as the offset was asserted in the bankruptcy proceeding within the "time requirements for refunds". *Custom*, 224 F.3d at 244 (citing *Dunhill*). Applying New Jersey law, *Custom* concluded that it lacked jurisdiction to determine the debtor's right to an offset because the debtor did not file the motion for offset within the time required to request a *refund* under New Jersey law (finding that under New Jersey law, the debtor's "failure to comply with the time prescriptions for filing an appeal" "bars the maintenance of an action for refund" 224 F3d at 244).

7.    Based upon *Custom's* reasoning, this Court concluded that it also lacked jurisdiction to determine the Debtors' right to offset overpayments made in 2004 and 2005 against amounts due for 2006 because the Debtors were outside the time requirements of Fla. Stat. Sect. 194.171(2). That statute provides:

> No action shall be brought *to contest a tax assessment* after 60 days from the date the assessment being contested is certified for collection . . . (emphasis added).

---

[4] The Debtors had not requested that the property appraisers change the tax rolls by their original Objection and Motion because the appraisers were not parties to the proceeding. Since the Court has ruled that the appraisers must be joined, the Debtors will request this additional relief.

8.      The Debtors acknowledge that they are time-barred from *contesting* their tax assessments under this Florida Statute. The Debtors acknowledged this in their response to the Florida Tax Collector's motion to abstain (Docket No. 11598). As this Court concluded in the Tax Order, however, Section 505 permits the Court to adjudicate a debtors' tax liability notwithstanding that the debtor is time-barred from contesting the assessment under state law. *See, e.g. In re Piper Aircraft Corp.*, 171 BR 415 (Bankr. S.D. Fla. 1994). The question under 505(a)(2)(b)(i) is not whether the motion was filed within the time period to contest tax assessments but rather whether the motion was filed within the time to request a refund and unlike the law in New Jersey, however, this 60-day statute—Fla. Stat. 197.171(2)—does not provide the time limitation for seeking *a refund*.[5]

9.      In Florida, a taxpayer's ability to *seek a refund* (as opposed to contest the tax assessment) is governed by Section 197.182, Florida Statutes, which provides a period of *four years* from January 1 of the tax year in which the overpayment was made, here (until 2008):

> (1)(a) Except as provided in paragraph (b), the department[6] shall pass upon and order refunds when payment of taxes assessed on the county tax rolls has been made voluntarily or involuntarily under any of the following circumstances:
>
> 1.  When an overpayment has been made.

---

[5] To the extent *Custom* could be interpreted as holding that Section 505(a)(2)(B) requires that the offset or refund request must be filed within the period for *contesting the underlying tax* rather than the period for seeking a refund, the decision is erroneous. Section 505(a)(2)(B) expressly requires only that the debtor "properly request such refund" and not that they "properly contest the underlying tax." See, *In re Ryan*, 64 F3d 1516, 1520 (11th Cir. 1995) ("[I]n order to decide whether [debtors] can bring action [under 505] in the bankruptcy court for refund of their 1990 tax overpayment we must ascertain whether they had previously presented an administrative [refund] claim . . . that was timely filed").

[6] The department referred to by this statute is the Florida Department of Revenue and out of an abundance of caution, the Debtors will amend the Objection and Motion to include the Department of Revenue.

4

>   2. When a payment has been made when no tax was due.
>
>   3. When a bona fide controversy exists between the tax collector and the taxpayer as to the liability of the taxpayer for the payment of the tax claimed to be due, the taxpayer pays the amount clamed by the tax collector to be due, and it is finally adjudged by a court of competent jurisdiction that the taxpayer was not liable for the payment of the tax or any part thereof
>
>   . . .
>
>   (c) Claims for refunds shall be made in accordance with the rules of the department. *No refund shall be granted unless claim is made thererfor within 4 years of January 1 of the tax year for which the taxes were paid.*

10. As set forth in the Objection and Motion, there is a bona fide controversy between the Florida Tax Collectors and the Debtors as to the taxes due. Once this dispute is adjudicated, the Debtors will have until 2008 for 2004 taxes and 2009 for 2005 taxes to seek a refund or offset. Accordingly, under the holdings of both *Custom* and *Dunhill*, the Court has jurisdiction to authorize the Debtors to exercise an offset in connection with the Objection and Motion under Section 505(a)(2)(b)(i).

11. Even if the Court determines that it has no jurisdiction to authorize the offsets, the Debtors ask the Court to simply determine the correct taxable values for 2004 and 2005, regardless of whether or not those taxes were paid. The Debtors will then pursue further relief resulting from any overpayment through the Florida administrative process.

Conclusion

For the foregoing reasons, the Debtors request that the Court reconsider the Tax Order and enter an order determining that the Court has jurisdiction to authorize the Debtors to exercise a tax offset or in the alternative, that the Court has authority to exercise jurisdiction to determine the 2004 and 2005 tax liabilities regardless of whether the taxes have been paid or not.

Dated: February 1, 2007

SMITH HULSEY & BUSEY

By   /s/ Cynthia C. Jackson
      Stephen D. Busey
      Cynthia C. Jackson

Florida Bar Number: 498882
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Counsel for Reorganized Debtors

00556123.3