# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |

## AGREED ORDER AUTHORIZING ASSUMPTION OF AGREEMENT WITH GENERAL ELECTRIC CAPITAL CORPORATION AND RESOLVING RELATED CLAIM

These cases are before the Court upon (i) the second omnibus motion to assume executory contracts and unexpired leases (the "Assumption Motion") filed at Docket No. 9897 by Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") as it relates to equipment lease number 4126213 (together with the schedules executed thereunder, the "Master Lease") between the Debtors and General Electric Capital Corporation/GE Capital Commercial Equipment Financing ("GE") described on page 6 of Exhibit A to the Assumption Motion, (ii) the response to the Assumption Motion (the "Assumption Response") filed at Docket No. 10360 by GE, (iii) the fifteenth omnibus claims objection (the "Claims Objection") filed at Docket No. 9494 by the Debtors as it relates to Claim No. 10710 filed by GE in connection with the Master Lease, and (iv) the response to the Claims Objection (the "Claims Response") filed at Docket No.

---

[1]   In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

10380 by GE. As a result of the Assumption Response and the Claims Response, and in an effort to give the parties more time to reach a consensual resolution of their differences, the Debtors and GE agreed to continue the Assumption Motion with respect to the Master Lease and the Claims Objection with respect to Claim No. 10380. Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1.      The Assumption Motion (as it pertains to the Master Lease), the Assumption Response, the Claims Objection (as it pertains to Claim No. 10710), and the Claims Response are resolved as set forth below.

2.      The Debtors are authorized to assume, and are hereby deemed to have assumed, the Master Lease pursuant to 11 U.S.C. § 365(a). The Debtors' assumption of the Master Lease is approved.

3.      Claim No. 10710 filed by GE is allowed in the reduced amount of $26,292.79 (the "Allowed Claim") and the remaining balance of Claim No. 10710 is disallowed. The Allowed Claim shall have administrative expense status and, on or as soon as is reasonably practicable after the date of entry of this Order, shall be paid as cure to GE in full satisfaction of the Debtors' prepetition obligations with respect to the Master Lease under section 365 of the Bankruptcy Code. Payment of the Allowed Claim shall be made by check made out to "General Electric Corp." as payee and sent to GE at the following address:

> GE Capital Solutions
> Attention: William Wilson
> Litigation Specialist
> 44 Old Ridgebury Rd.
> Danbury, CT 06810

4.      For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amount owed by the Debtors with respect to the Master Lease is the Allowed Claim

described above, and GE is deemed to have waived any and all claims it may have against the Debtors for cure or compensation under the Master Lease except for the Allowed Claim and any postpetition performance becoming due under the Master Lease.

5.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.    The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

7.    Notwithstanding any provisions to the contrary in the Federal Rules of Bankruptcy Procedure, including Rule 6006(d), this Order shall take effect immediately upon entry.


Dated this ___ day of ___ 2007 in Jacksonville, Florida.


Jerry A. Funk
United States Bankruptcy Judge

3

<u>Consent</u>

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY                     MORITT HOCK HAMROFF &
                                         HOROWITZ


By */s/ James H. Post*                   By  */s/ Leslie A. Berkoff*  *
    James H. Post                            Leslie A. Berkoff


Florida Bar Number 175460                400 Garden City Plaza
225 Water Street, Suite 1800             Garden City, NY  11530
Jacksonville, Florida 32202              (516) 873-2000
(904) 359-7700                           (516) 873-2010 (facsimile)
(904) 359-7708 (facsimile)

-and-                                    Counsel for General Electric Capital
                                         Corporation

SKADDEN, ARPS, SLATE,                    *Counsel has authorized her electronic
MEAGHER & FLOM LLP                       signature

D. J. Baker
Sally McDonald Henry
Rosalie Walker Gray
Jane M. Leamy
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)

Co-Counsel for Reorganized Debtors