UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## AGREED ORDER OF RESOLUTION OF THE LITIGATION CLAIMS OF JOSE URBANO AND ANNA URBANO (CLAIM NOS. 12903 AND 12906)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimants, Jose Urbano and Anna Urbano (the "Claimants"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). Based upon the consent of the parties appearing below, and it appearing to the Court that the proposed Agreed Order is for an agreed amount less than the $250,000 notice threshold established in the Claims Resolution Procedure and the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, as modified (the "Plan"), it is

ORDERED AND ADJUDGED:

1. Claim No. 12903 filed by Jose Urbano and Anna Urbano is allowed in the amount of $50,000.00 as a Class 16 Other Unsecured Claim under the Plan.

2. Claim No. 12906 filed by Anna Urbano is disallowed.

3. This Agreed Order resolves (i) all liabilities and obligations related to Claim Nos. 12903 and 12906 and (ii) all other claims the Claimants have or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents,

00552647

successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

4. Pursuant to the Plan, distributions will be made on the allowed Claim (i) to the person and address as set forth in the proof of claim form filed on behalf of the Claimants and (ii) at such time as required by the Plan.

5. The Claimants will dismiss with prejudice any legal proceeding commenced by Claimants against the Debtors in this Court or in any other forum.

6. The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability. The Claimants, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement.

7. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 2 day of February, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimants and file a proof of service.]

00552647

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By _____
    James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

**Attorneys for the Reorganized Debtors**

By _____
    Ralph L. McGrath

600 South Andrews Avenue, Suite 600
Fort Lauderdale, Florida 33301

Attorney for the Claimants

00552647