UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.* | ) | (Jointly Administered) |
| | ) | Judge Jerry A. Funk |
| Debtors. | ) | |
| | ) | |

**FLORIDA TAX COLLECTORS' STATEMENT OF ISSUES ON APPEAL REGARDING NOTICE OF APPEAL OF ORDER GRANTING IN PART AND DENYING IN PART FLORIDA TAX COLLECTORS' MOTION TO DISMISS DEBTORS' OBJECTION TO FLORIDA TAX CLAIMS AND MOTION FOR <u>ORDER DETERMINING TAX LIABILITIES (DOCKET NO. 14893)</u>**

The Florida Tax Collectors[1] ("FTC"), by and through their undersigned counsel, hereby file this statement of the issues on appeal in this matter.

1. Did the Bankruptcy Court err in finding Section 505 of the Bankruptcy Code is the more specific law in relation to the Tax Injunction Act?

2. Has Congress exceeded it's authority by providing that the filing of a proof of claim results in the waiver of sovereign immunity as provided in Section 106 of the Bankruptcy Code?

---

[1] The "Florida Tax Collectors" consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, Walton and Washington.

1

3.      Did the Bankruptcy Court err when relying on <u>Gardner v. State of New Jersey</u>, 329 U.S. 565, 573 (1947) in finding that the FTC had waived the sovereign immunity of the state of Florida?

4.      Did the Bankruptcy Court err in finding that the state function to tax and fund government would not be usurped if "value" was determined pursuant to state law?

5.      Did the Bankruptcy Court err in failing to find the Debtors' were "time barred" from contesting the unpaid 2004 and 2005 property taxes?

6.      Did the Bankruptcy Court err in finding the 2006 post-petition taxes incurred by the Debtors could be contested in the bankruptcy court pursuant to Section 505 of the Bankruptcy Code?

7.      Did the Bankruptcy Court err in determining the Debtors have standing to determine property taxes on leased property?

8.      Did the Bankruptcy Court err in determining that the Florida Department of Revenue is not a necessary party?

9.      Has the Bankruptcy Court erred by failing to give full faith and credit to the laws of the state of Florida?

10.     Does the United States Constitution provide Congress with the power to create within the Bankruptcy Code an alternative federal *ad valorem* property tax assessment and determination process?

11.     Is §505 of the Bankruptcy Code as applied to FTC an infringement, in violation of the Tenth and Eleventh Amendments to the United States Constitution, of the inherent right of the state of Florida to tax citizens and fund local government?

Dated: February 5, 2007

Respectfully submitted,

Brian T. Hanlon, Esq.
Office of the Tax Collector
P.O. Box 3715
West Palm Beach, Florida 33402-3715
Telephone: (561) 355-2142
Facsimile: (561) 355-1110
tc_legal_services@co.palm-beach.fl.us
Florida Bar No. 962562

By:__/s/ Brian T. Hanlon_____
        Co-Counsel for Florida
        Tax Collectors

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the *Florida Tax Collectors' Statement of Issues on Appeal Regarding Notice of Appeal of Order Granting in Part and Denying in Part Florida Tax Collectors' Motion to Dismiss Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 14893)* this 5th day of February, 2007 to **Skadden, Arps, Slate, Meagher & Flom, LLP**, Attn: D. J. Baker, Sally McDonald Henry and Rosalie Walker Gray, Attorneys for Debtors; **Smith Hulsey & Busey**, Attn: Stephen D. Busey, James H. Post and Cynthia C. Jackson, Attorneys for Debtors; **United States Trustee**, Attn: Elena L. Escamilla, and to all other parties receiving electronic notice.

   __/s/ Brian T. Hanlon_____
   Brian T. Hanlon, Esq.

N:\Legal Services\WIP\W\Winn-Dixie Stores\Pleadings\Appeals\to District Court\Order Granting in Part & Denying in Part Motion to Dismiss Objection to Claim\Statement of Issues on Appeal.doc