UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

**WINN-DIXIE STORES, INC.,**                    **CASE NO.: 05-03817-3F1**
**et al.,**                                      **Chapter 11**

     **Debtors.**

_____/

## MOTION FOR LEAVE TO FILE
### AMENDED MOTION FOR ENLARGEMENT OF TIME ALLOWED FOR FILING MOTION FOR ADMINISTRATIVE EXPENSE CLAIM, AND REQUEST FOR FUTURE NOTICE, AMENDED MOTION FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM, AND AMENDED RESPONSE TO DEBTOR'S TWENTY-NINTH OMNIBUS OBJECTION TO IMPROPERLY FILED CLAIMS

**COMES NOW,** the claimant/creditor, **MAYHELA N. ALVERNIA**, by and through undersigned counsel, and pursuant to Rule 9004-3, and Rule 9006 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. Section 105, and 11 U.S.C. Section 503, moves this honorable court to grant her leave to file her Amended Motion for Enlargement of Time Allowed for Filing Motion for Administrative Expense Claim, and for a Request for Future Notice, Amended Motion for Payment of Administrative Expense Claim, and Amended Response to Debtor's Twenty-Ninth Omnibus Objection to Improperly Filed Claims, and as good grounds therefore states as follows:

1.  On January 26, 2007 , undersigned counsel electronically filed on behalf of the claimant/creditor, **MAYHELA N. ALVERNIA**, a Motion for Enlargement Time Allowed for Filing Motion for Administrative Expense Claim, a Motion for Administrative Expense Claim, and a Response to Debtor's Twenty-Ninth Omnibus Objection to

1

CASE NO.: 05-03817-3F1

Improperly Filed Claims.  A copy of the motions is attached hereto
and marked as Composite Exhibit "A".

2.  On January 29, 2007, the Court found that the Motion for
Payment of Administrative Expense Claim and Motion for Enlargement
of Time for Filing Motion for Administrative Expense Claim and
Response to Debtor's Twenty-Ninth Omnibus Objection to Improperly
filed Claims filed by the undersigned counsel on behalf of **MAYHELA
N. ALVERNIA**, did not contain an original signature pursuant to
local Rule 9011-4(c), and ordered that same be stricken from the
record.

3.  Undersigned counsel filed the above motions via the
Court's Electronic Filing System using the user login and password
provided by Michael C.S. Schumpert, Training Coordinator/Data
Quality Analyst, U.S. Bankruptcy Court, Jacksonville Division.
However, due to excusable neglect failed to include the required
symbol "/s/", and to type the name of undersigned counsel on the
signature line above the typed name of undersigned counsel.

4.  It is respectfully submitted that the above described
motions were filed by the undersigned counsel using his user login
and password, and that the failure to include the "/s/" and type
the undersigned's name on the line normally provided for signature
above the typed name on the signature block was due to excusable
neglect.

5.  Undersigned counsel has at all times acted in good faith
and represents to the Court that this motion has not been filed for

2

**CASE NO.: 05-03817-3F1**

any dilatory or improper purpose but rather to promote the interest of justice, and further, that the Debtor would not be unfairly prejudiced in any way by the granting of the relief requested.

**WHEREFORE,** based on the above and foregoing, the creditor, **MAYHELA N. ALVERNIA**, requests that this Honorable Court grant the relief requested and allow the filing of her amended motions, allow her claim to proceed on the merits, and provide such other and further relief as it deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

**IT IS CERTIFIED** that a true and correct copy of the above and foregoing was filed through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for Reorganized Debtors, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; Matthew Barr, Esq., Counsel for the Post-Effective Date Committee, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, and all other parties participating in the CM/ECF System, all served electronically, on this  6th  day of February, 2007.

LAW OFFICE OF ARMANDO A. PEREZ
Attorney for **MAYHELA N. ALVERNIA**
701 S.W. 27th Avenue
InterAmerican Plaza, Suite 1205
Miami, FL 33135
(305) 644-3009


By: /s/ARMANDO A. PEREZ
        ARMANDO A. PEREZ, ESQ.

3

FLORIDA BAR NO.: 373192

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

**WINN-DIXIE STORES, INC.,**                           **CASE NO.: 05-03817-3F1**
**et al.,**                                            **Chapter 11**

    **Debtors.**

_____/

### AMENDED MOTION FOR ENLARGEMENT OF TIME ALLOWED FOR FILING MOTION FOR ADMINISTRATIVE EXPENSE CLAIM, AND REQUEST FOR FUTURE NOTICE

**COMES NOW,** the claimant/creditor, **MAYHELA N. ALVERNIA**, by and through undersigned counsel, and pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. Section 105, and 11 U.S.C. Section 503, moves this honorable court to allow the late filing of her Motion for Administrative Expense Claim, and for a Request for Future Notice, and as good grounds therefore states as follows:

1. On or about March 18, 2006,   **MAYHELA N. ALVERNIA** , was injured at the Winn-Dixie store no.: 254, located at 11241 S.W. 40th Street, Miami, FL 33165.

2. As she was leaving the store she passed by the ice machine and slipped on some water that had dripped from the ice machine to the floor in front of the ice machine where shoppers were walking by.  When she fell to the floor she struck the left side of her body causing her to suffer multiple injuries for which she has received medical attention and as a consequence has incurred

4

CASE NO.: 05-03817-3F1

Rescue, Hospital and Medical expenses.  The water had apparently

COMPOSITE EXHIBIT "A"

been on the floor for some time, however it was clear so that it could not readily be seen by the claimant.  There were no signs warning of this danger to the public, and the Debtor, **WINN-DIXIE**, knew or should have known of the danger to which it exposed the claimant.

3.  Undersigned counsel was retained by **MAYHELA N. ALVERNIA** on March 20, 2006, and on March 22, 2006, the Debtor, **WINN-DIXIE STORES**, was notified of the claim that was being presented on behalf of **MAYHELA N. ALVERNIA**, for the damages suffered as a consequence of the accident of March 18, 2006.

4.  Subsequent to the above referenced notice of legal representation of **MAYHELA N. ALVERNIA'S** claim, the office of undersigned counsel continued communications with the Debtor through its agent, Sedgwick Claims Management Services, Inc.

5.  On March 28, 2006, the Debtor, through Sedgwick Claims Management Services, Inc. requested a recorded statement from the claimant, **MAYHELA N. ALVERNIA**, status as to her treatment and medical progress, medical records and bills to date.

6.  Since the claimant was still under medical treatment, and only hospital records and bills were available, it was agreed that her statement would not be scheduled until she finished her medical treatment.

7.  The claimant/creditor finished her treatment on June 28,

CASE NO.: 05-03817-3F1

2006, and a Final Medical Report was submitted by the medical provider explaining the nature and degree of the injuries suffered. However, because the claimant's Final Medical Report indicated that she had suffered a traumatic tear of the medial meniscus of the left knee joint, besides other soft tissue injuries, it was recommended that she have an MRI examination which was performed on December 12, 2006.  The results of the MRI were received by the undersigned on January 8, 2007 by fax from the MRI provider.

8.   There was no further communication or correspondence between the office of undersigned counsel and Sedgwick Claims Management Services after the agreement to wait for a statement from the claimant until the medical treatment was finished.   In fact, Sedgwick never notified the office of undersigned counsel that **WINN-DIXIE** had filed a petition for relief as a Debtor in bankruptcy.

9.   Around mid December 2006, the claimant/creditor received notification directly from the U.S. Bankruptcy Court informing her of the pending bankruptcy case filed by the Debtor, **WINN-DIXIE,** and she called the office of undersigned counsel to inform us of the pending bankruptcy case.

10.  Upon receipt of the advice that **WINN-DIXIE** had filed a petition for bankruptcy, undersigned counsel obtained the bankruptcy case number and on December 18, 2006 filed a Proof of Claim on behalf of the creditor, **MAYHELA ALVERNIA**, with the U.S. Bankruptcy Court, Middle District of Florida, Jacksonville

6

Division, along with supporting documentation for the claim, and provided copy of same to Logan & Company, Inc. and the law office of Smith, Hulsey & Busey.

11.  Undersigned counsel did not receive any notice about the deadline to file an application for administrative expenses or about the need to file such application until after the expiration of the deadline.  The office of undersigned counsel was closed during the last week of December 2006.

12.  It is respectfully submitted that any delay in the filing of the Motion for Administrative Claims was caused by excusable neglect for which an enlargement of the deadline period is requested.

13.  The Debtor, through its agent, Sedgwick Claims Management Services, has for some time been aware of the claim presented on behalf of **MAYHELA ALVERNIA**, and it is respectfully submitted that to allow her claim to proceed in the Bankruptcy Court would not result in any unfair prejudice to the Debtor.

14.  The claimant/creditor and undersigned counsel have at all times acted in good faith and the delay in filing the Motion for Administrative Expense Claim and this motion has not been for any dilatory or improper purpose but rather to promote the interest of justice.

15.  Undersigned counsel respectfully requests that he be provided copy of all future pleadings and notices regarding or affecting this claim.

CASE NO.: 05-03817-3F1

**MEMORANDUM OF LAW**

16.  Rule 9006(b) of the Federal Rules of Bankruptcy Procedure provides in pertinent part as follows:

> "**Enlargement. (1) In general**. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permitting the act to be done where the failure to act was the result of excusable neglect"

17.  Courts are entrusted to accept tardy filings in accordance with the equities of the situation to further the public policy of preserving rather than forfeiting rights. **Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship**, 507 U.S. 380 (1993).

18.  Bankruptcy courts are courts of equity, and the excusable neglect standard of Rule 9006(b) is part of the equitable framework within which the bankruptcy courts operate. **In re Dennis Chira**, 343 B.R. 361, 371 (Bankr. S.D. Fla. 2006).

**WHEREFORE,** based on the above and foregoing, the creditor, **MAYHELA N. ALVERNIA**, requests that this Honorable Court grant the relief requested and allow an enlargement to the previously ordered deadline for the filing of her Motion for Administrative Expense Claim, allow her claim to proceed on the merits, and provide such other and further relief as it deems just and proper under the

8

CASE NO.: 05-03817-3F1

circumstances.

## CERTIFICATE OF SERVICE

**IT IS CERTIFIED** that a true and correct copy of the above and foregoing was filed through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for Reorganized Debtors, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; Matthew Barr, Esq., Counsel for the Post-Effective Date Committee, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, and all other parties participating in the CM/ECF System, all served electronically, on this  6th  day of February, 2007.

LAW OFFICE OF ARMANDO A. PEREZ
Attorney for **MAYHELA N. ALVERNIA**
701 S.W. 27th Avenue
InterAmerican Plaza, Suite 1205
Miami, FL 33135
(305) 644-3009

By: /s/ARMANDO A. PEREZ
     ARMANDO A. PEREZ, ESQ.
     FLORIDA BAR NO.: 373192

9

**CASE NO.: 05-03817-3F1**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC.,                          CASE NO.: 05-03817-3F1
et al.,                                           Chapter 11

    Debtors.

_____/

## AMENDED MOTION FOR ADMINISTRATIVE EXPENSE CLAIM, AND REQUEST FOR FUTURE NOTICE

**COMES NOW,** the claimant/creditor, **MAYHELA N. ALVERNIA**, by and through undersigned counsel, and pursuant to 11 U.S.C. Section 105, and 11 U.S.C. Section 503, files this Amended Motion for Administrative Expense Claim, and for a Request for Future Notice, and as good grounds therefore states as follows:

1. On or about March 18, 2006, **MAYHELA N. ALVERNIA**, was injured at the Winn-Dixie store no.: 254, located at 11241 S.W. 40th Street, Miami, FL 33165.

2. On February 21, 2005, the Debtors commenced this bankruptcy case filing a petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors subsequently operated their business as debtors in possession.

3. The claimant/creditor, through undersigned counsel, filed

10

CASE NO.: 05-03817-3F1

a Proof of Claim on December 18, 2006. On January 25, 2007, through the electronic filing system, she filed her Motion for Administrative Expense Claim, (See docket document no.: 14874), however, we were informed by the clerk of the Court that the text of the motion did not go through and requested that the motion be refiled. On January 26, 2007, the Motion for Enlargement of Time Allowed for Filing Motion for Administrative Expense Claim, and Request for Future Notice was filed electronically.

4.   For the good grounds explained in her Motion for Enlargement of Time Allowed for Filing Motion for Administrative Expense Claim, and Request for Future Notice, the claimant/creditor seeks to have allowed and paid an administrative expense claim in the amount $55,000.00.

**WHEREFORE,** based on the above and foregoing, the claimant/creditor, **MAYHELA N. ALVERNIA**, requests that this Honorable Court grant the relief requested and grant her Amended Motion for Administrative Expense Claim, and provide such other and further relief as it deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

**IT IS CERTIFIED** that a true and correct copy of the above and foregoing was filed through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for Reorganized Debtors, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; Matthew Barr, Esq., Counsel for

**CASE NO.: 05-03817-3F1**

the Post-Effective Date Committee, Milbank, Tweed, Hadley & McCloy

LLP, 1 Chase Manhattan Plaza, New York, New York 10005, and all

other parties participating in the CM/ECF System, all served

electronically, on this __6th__ day of February, 2007.

                                LAW OFFICE OF ARMANDO A. PEREZ
                                Attorney for **MAYHELA N. ALVERNIA**
                                701 S.W. 27th Avenue
                                InterAmerican Plaza, Suite 1205
                                Miami, FL 33135
                                (305) 644-3009

                                By:/s/ ARMANDO A. PEREZ
                                      ARMANDO A. PEREZ, ESQ.
                                      FLORIDA BAR NO.: 373192

12

CASE NO.: 05-03817-3F1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC.,                    CASE NO.: 05-03817-3F1
et al.,                                     Chapter 11

    Debtors.

_____/

### AMENDED RESPONSE TO DEBTOR'S TWENTY-NINTH OMNIBUS OBJECTION TO IMPROPERLY FILED CLAIMS, AS TO CREDITOR, MAYHELA N. ALVERNIA

COMES NOW, the creditor, **MAYHELA N. ALVERNIA**, by and through undersigned counsel, and files this Amended Response to the Debtor's Twenty-Ninth Omnibus Objection to Improperly Filed Claims, as to creditor, **MAYHELA N. ALVERNIA**, and states as follows:

1. The creditor, **MAYHELA N. ALVERNIA**, is opposed to the Debtor's Twenty-Ninth Omnibus Objection to Improperly Filed Claims, as it applies to her, and hereby adopts and incorporates her Motion for Enlargement of Time Allowed for Filing Motion for Administrative Claim, and Request for Notice. A copy of the creditors' motion is attached herewith and marked as Exhibit "A".

13

**CASE NO.: 05-03817-3F1**

2.   It is respectfully submitted that the creditors' motion for enlargement presents good grounds to deny the relief requested by the Debtor as to creditor, **MAYHELA N. ALVERNIA.**

**WHEREFORE,** based on the above and foregoing, the creditor, **MAYHELA N. ALVERNIA**, requests that this Honorable Court deny the Debtors' Twenty-Ninth Omnibus Objection to Improperly Filed Claims, as to her, grant an enlargement to the previously ordered deadline for the filing of her Motion for Administrative Expense Claim, allow her claim to proceed on the merits, and provide such other and further relief as it deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

**IT IS CERTIFIED** that a true and correct copy of the above and foregoing was filed through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Co-Counsel for Reorganized Debtors, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; D.J. Baker, Esq., Co-Counsel for Reorganized Debtors, Four Times Square, New York, New York 10036, Matthew Barr, Esq., Counsel for the Post-Effective Date Committee, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, and all other parties participating in the CM/ECF System, all served electronically, on this __6th__ day of February, 2007.

LAW OFFICE OF ARMANDO A. PEREZ
Attorney for **MAYHELA N. ALVERNIA**
701 S.W. 27th Avenue

14

**CASE NO.: 05-03817-3F1**

InterAmerican Plaza, Suite 1205
Miami, FL 33135
(305) 644-3009


By:/s/ ARMANDO A. PEREZ
     ARMANDO A. PEREZ, ESQ.
     FLORIDA BAR NO.: 373192


EXHIBIT "A"
UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC.,          CASE NO.: 05-03817-3F1
et al.,                       Chapter 11

    Debtors.
_____/

### MOTION FOR ENLARGEMENT OF TIME ALLOWED FOR FILING MOTION FOR ADMINISTRATIVE EXPENSE CLAIM, AND REQUEST FOR FUTURE NOTICE

**COMES NOW,** the claimant/creditor, **MAYHELA N. ALVERNIA**, by and through undersigned counsel, and pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. Section 105, and 11 U.S.C. Section 503, moves this honorable court to allow the late filing of her Motion for Administrative Expense Claim, and for a Request for Future Notice, and as good grounds therefore states as follows:

1.  On or about March 18, 2006,    **MAYHELA N. ALVERNIA**, was injured at the Winn-Dixie store no.: 254, located at 11241 S.W.

40th Street, Miami, FL 33165.

2.  As she was leaving the store she passed by the ice machine and slipped on some water that had dripped from the ice machine to the floor in front of the ice machine where shoppers were walking by.  When she fell to the floor she struck the left side of her body causing her to suffer multiple injuries for which she has received medical attention and as a consequence has incurred Rescue, Hospital and Medical expenses.  The water had apparently been on the floor for some time, however it was clear so that it could not readily be seen by the claimant.  There were no signs warning of this danger to the public, and the Debtor, **WINN-DIXIE**, knew or should have known of the danger to which it exposed the claimant.

3.  Undersigned counsel was retained by **MAYHELA N. ALVERNIA** on March 20, 2006, and on March 22, 2006, the Debtor, **WINN-DIXIE STORES**, was notified of the claim that was being presented on behalf of **MAYHELA N. ALVERNIA**, for the damages suffered as a consequence of the accident of March 18, 2006.

4.  Subsequent to the above referenced notice of legal representation of **MAYHELA N. ALVERNIA'S** claim, the office of undersigned counsel continued communications with the Debtor through its agent, Sedgwick Claims Management Services, Inc.

5.  On March 28, 2006, the Debtor, through Sedgwick Claims Management Services, Inc. requested a recorded statement from the claimant, **MAYHELA N. ALVERNIA**, status as to her treatment and medical progress, medical records and bills to date.

16

6.  Since the claimant was still under medical treatment, and only hospital records and bills were available, it was agreed that her statement would not be scheduled until she finished her medical treatment.

7.  The claimant/creditor finished her treatment on June 28, 2006, and a Final Medical Report was submitted by the medical provider explaining the nature and degree of the injuries suffered. However, because the claimant's Final Medical Report indicated that she had suffered a traumatic tear of the medial meniscus of the left knee joint, besides other soft tissue injuries, it was recommended that she have an MRI examination which was performed on December 12, 2006.  The results of the MRI were received by the undersigned on January 8, 2007 by fax from the MRI provider.

8.  There was no further communication or correspondence between the office of undersigned counsel and Sedgwick Claims Management Services after the agreement to wait for a statement from the claimant until the medical treatment was finished.  In fact, Sedgwick never notified the office of undersigned counsel that **WINN-DIXIE** had filed a petition for relief as a Debtor in bankruptcy.

9.  Around mid December 2006, the claimant/creditor received notification directly from the U.S. Bankruptcy Court informing her of the pending bankruptcy case filed by the Debtor, **WINN-DIXIE,** and she called the office of undersigned counsel to inform us of the pending bankruptcy case.

CASE NO.: 05-03817-3F1

10.  Upon receipt of the advice that **WINN-DIXIE** had filed a petition for bankruptcy, undersigned counsel obtained the bankruptcy case number and on December 18, 2006 filed a Proof of Claim on behalf of the creditor, **MAYHELA ALVERNIA**, with the U.S. Bankruptcy Court, Middle District of Florida, Jacksonville Division, along with supporting documentation for the claim, and provided copy of same to Logan & Company, Inc. and the law office of Smith, Hulsey & Busey.

11.  Undersigned counsel did not receive any notice about the deadline to file an application for administrative expenses or about the need to file such application until after the expiration of the deadline.  The office of undersigned counsel was closed during the last week of December 2006.

12.  It is respectfully submitted that any delay in the filing of the Motion for Administrative Claims was caused by excusable neglect for which an enlargement of the deadline period is requested.

13.  The Debtor, through its agent, Sedgwick Claims Management Services, has for some time been aware of the claim presented on behalf of **MAYHELA ALVERNIA**, and it is respectfully submitted that to allow her claim to proceed in the Bankruptcy Court would not result in any unfair prejudice to the Debtor.

14.  The claimant/creditor and undersigned counsel have at all times acted in good faith and the delay in filing the Motion for Administrative Expense Claim and this motion has not been for any

18

CASE NO.: 05-03817-3F1

dilatory or improper purpose but rather to promote the interest of justice.

15.    Undersigned counsel respectfully requests that he be provided copy of all future pleadings and notices regarding or affecting this claim.

### MEMORANDUM OF LAW

16.  Rule 9006(b) of the Federal Rules of Bankruptcy Procedure provides in pertinent part as follows:

> "**Enlargement. (1) In general**.  Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permitting the act to be done where the failure to act was the result of excusable neglect"

17.    Courts are entrusted to accept tardy filings in accordance with the equities of the situation to further the public policy of preserving rather than forfeiting rights.  **Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship**, 507 U.S. 380 (1993).

18.  Bankruptcy courts are courts of equity, and the excusable neglect standard of Rule 9006(b) is part of the equitable framework within which the bankruptcy courts operate.  **In re Dennis Chira**, **343 B.R. 361, 371 (Bankr. S.D. Fla. 2006)**.

**WHEREFORE,** based on the above and foregoing, the creditor,

**CASE NO.: 05-03817-3F1**

**MAYHELA N. ALVERNIA**, requests that this Honorable Court grant the relief requested and allow an enlargement to the previously ordered deadline for the filing of her Motion for Administrative Expense Claim, allow her claim to proceed on the merits, and provide such other and further relief as it deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

**IT IS CERTIFIED** that a true and correct copy of the above and foregoing was filed through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for Reorganized Debtors, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; Matthew Barr, Esq., Counsel for the Post-Effective Date Committee, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, and all other parties participating in the CM/ECF System, all served electronically, on this __6th__ day of February, 2007.

```
                         LAW OFFICE OF ARMANDO A. PEREZ
                         Attorney for MAYHELA N. ALVERNIA
                         701 S.W. 27th Avenue
                         InterAmerican Plaza, Suite 1205
                         Miami, FL 33135
                         (305) 644-3009
```

**CASE NO.: 05-03817-3F1**

By:/s/ ARMANDO A. PEREZ
      ARMANDO A. PEREZ, ESQ.
      FLORIDA BAR NO.: 373192