UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                              ) Case No. 05-03817-3F1
                                                    )
WINN-DIXIE STORES, INC., et al.,                    ) Chapter 11
                                                    )
Reorganized Debtors.[1]                             ) Jointly Administered
                                                    )

## AGREED ORDER RESOLVING CLAIM NUMBER 12306 FILED BY HARTWELL PARTNERSHIP, AS SET FORTH IN THE DEBTORS' THIRTEENTH OMNIBUS CLAIMS OBJECTION

These cases originally came before the Court for hearing on July 13, 2006, upon the Thirteenth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors").[2] Included among the several proofs of claim that were the subject of the Objection was claim number 12306 filed by Hartwell Partnership. Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. Claim no. 12306 filed by Hartwell Partnership is allowed as an unsecured non-priority claim in the amount of $512,222.38, and the remainder of claim no. 12306 is disallowed.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

2.  The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 6 day of February, 2007 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

<u>Consent</u>

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

JOHNSON, HEARN, VINEGAR,
GEE & GLASS, PLLC

By /s/ *James H. Post*
James H. Post

By *Jean Winborne Boyles* *
Jean Winborne Boyles

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

P.O. Box 1776
Raleigh, North Carolina 27602
(813) 273-4360

Counsel for Hartwell Partnership

-and-

*Counsel has authorized her electronic signature

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

D. J. Baker
Sally McDonald Henry
Rosalie Walker Gray
Jane M. Leamy
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)

Co-Counsel for the Debtors