## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                                    Case No. 05-03817-3F1

Winn-Dixie Store, Inc., et al.,                           Chapter 11

Reorganized Debtors.                                      Jointly Administered

---

## CLAIMANTS', LINDA HOGAN AND DWIGHT HOGAN,
## MOTION FOR LEAVE TO FILE PROOF OF CLAIMS AGAINST DEBTORS

---

**COME NOW** claimants, Linda Hogan and Dwight Hogan, and move this Honorable

Court to allow them to file the Proof of Claim (attached hereto as Exhibits A and B), after the

January 5, 2006 deadline.  In support of this Motion, claimants state as follows:

1.      Claimants are currently plaintiffs in an action styled <u>Linda Hogan and Dwight</u>

<u>Hogan v. Winn-Dixie Montgomery, Inc.</u> filed in the Bessemer Division of the Jefferson County

Circuit Court, Jefferson County, Alabama, case number CV-05-1576, as a result of injuries

sustained at a Winn Dixie store on April 15, 2005.  This action was filed on December 15, 2005.

2.      On April 21, 2005, prior to filing the above-referenced action, counsel for

claimants contacted counsel for Winn-Dixie Montgomery, Inc. in Birmingham, Alabama to

determine whether or not claimants' action would be subject to Winn-Dixie's bankruptcy

proceedings.  Counsel for claimants was advised that claimants could proceed in state court

outside of bankruptcy and that the claimants' action did not fall within the time frame which

would require claimants to pursue their claims against Winn Dixie Montgomery, Inc. through

this Court.

3.      On December 15, 2005, claimants filed their complaint.  In its answer, filed on

January 3, 2006, Winn-Dixie Montgomery, Inc. did not raise the issue of bankruptcy. On

February 6, 2006, Winn Dixie Montgomery, Inc. responded to claimants' written discovery

requests. Winn Dixie Montgomery, Inc. did not raise the bankruptcy issue in any of the

discovery responses they filed. Counsel for the parties have appeared before Judge Dan King on

October 27, 2006 and again on January 12, 2007 for status conferences. Winn Dixie

Montgomery Inc.'s attorneys did not take up the bankruptcy issue at either hearing. Winn Dixie

Montgomery Inc. has never filed any motion or other pleading intended to inform the Court or

the claimants that their case should be stayed or dismissed due to the bankruptcy proceedings.

Winn-Dixie Montgomery, Inc. has not raised this issue in any pleadings, during discovery in this

case, or at any time during the litigation of this matter.

　　　　4.　　　Prior to February 6, 2007, counsel for claimants did not receive any

correspondence or notices from Winn-Dixie's bankruptcy counsel.

　　　　5.　　　As recently as February 5, 2007, the claimants and Winn-Dixie Montgomery, Inc.

have actively been engaged in settlement negotiations. (*See* correspondence dated February 5,

2007, January 12, 2007 and January 4, 2007 attached hereto as Exhibits C, D, and E).

　　　　6.　　　On February 6, 2007, counsel for claimants learned that claimants' claims may be

barred because no proof of claim was submitted and demanding that the state court action be

dismissed on or before February 13, 2007. (*See* correspondence from Winn-Dixie's bankruptcy

counsel dated February 6, 2007, attached hereto as Exhibit F).

　　　　7.　　　According to the February 6, 2007 letter from Winn Dixie's bankruptcy counsel,

under this Court's order confirming the Joint Plan of Reorganization by the Debtors, all claims

were required to be filed on or before January 5, 2007.

　　　　8.　　　For the foregoing reasons, claimants did not file a timely proof of claim with this

Honorable Court. Claimants have pursued their state court action against Winn Dixie

Montgomery for over one year during which time there has been no indication from Winn Dixie

Montgomery that claimants' claims were improperly before the state court and should be pursued

through this Court. Claimants' failure to file a timely proof of claim is not the result of

negligence but instead is the result of the aforementioned extraordinary circumstances. It is

fundamentally unfair to the claimants and against the interests of justice for Winn Dixie's

counsel to assert that the claimants' claims should have been pursued in this Honorable Court

now, over a month after the deadline to file a proof of claim has passed.

**WHEREFORE, PREMISES CONSIDERED**, claimants pray that, in light of the

extraordinary circumstances surrounding this matter, this Honorable Court will allow them to file

their attached proofs of claim and proceed against the Debtors.


/s/   W. Whitney Seals
W. WHITNEY SEALS
Attorney for Claimants

**OF COUNSEL:**

**PATE & COCHRUN, LLP**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___ DAY OF _____, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following;

David L. Gay, Esq.
**SMITH, HULSEY & BUSEY**
1800 Wachovia Bank Tower
P.O. Box 53315
Jacksonville, FL 32201-3315

Todd N. Hamilton, Esq.
**SMITH, SPIRES & PEDDY, PC**
2015 2nd Avenue North, Suite 200
Birmingham, AL 35203

Steven M. Brom, Esq.
**SMITH, SPIRES & PEDDY, PC**
2015 2nd Avenue North, Suite 200
Birmingham, AL 35203

Logan & Company, Inc.
Attention: Winn-Dixie Claim Center
546 Valley Road
Upper Montclair, New Jersey 07043

and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following non-CM/ECF participants:

SAME AS ABOVE.

/s/   W. Whitney Seals
OF COUNSEL

# EXHIBIT "A"

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT Middle | DISTRICT OF Florida | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor | Case Number |
|---|---|
| Winn Dixie Stores, Inc., reorganized debtors | 05-03817-3F1 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Linda Hogan | | |
| Name and address where notices should be sent:<br>W. Whitney Seals, Esq.<br>Pate & Cochrunm LLP<br>P.O. Box 10448<br>Birmingham, AL  35202-0448<br>Telephone number: (205) 323-3900 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces   ☐ amends   if this claim   a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☑ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #:
  Unpaid compensation for services performed
  from _____ to _____
  (date)              (date)

**2. Date debt was incurred:**
April 15, 2005

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:  $** 50,000.00
_____ (unsecured)  _____ (secured)  _____ (priority)  _____ (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate   ☐ Motor Vehicle
- ☐ Other._____

Value of Collateral:   $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6. Unsecured Nonpriority Claim $** 50,000.00

☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority   $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a(____).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8.  Credits:**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9.  Supporting Documents:**  *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:**   To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 02/08/2007 | W. Whitney Seals, Esq.     W. [signature] |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571

# EXHIBIT "B"

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT  Middle     DISTRICT OF  Florida | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>Winn Dixie Stores, Inc., reorganized debtors | Case Number<br>05-03817-3F1 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Dwight Hogan<br><br>Name and address where notices should be sent:<br>W. Whitney Seals, Esq.<br>Pate & Cochrun, LLP<br>P.O. Box 10448<br>Birmingham, AL  35202-0448<br>Telephone number: (205) 323-3900 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends    a previously filed claim, dated:_____ |

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☒ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #:
  Unpaid compensation for services performed
  from _____ to _____
      (date)     (date)

**2. Date debt was incurred:**
April 15, 2005

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 25,000.00

| (unsecured) | (secured) | (priority) | (Total) |
|---|---|---|---|

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ 25,000.00
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $ _____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date<br>02/08/2007 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>W. Whitney Seals, Esq.    *W. Seals* |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# EXHIBIT "C"

# PATE & COCHRUN, L.L.P.

### ATTORNEYS AT LAW

R. GORDON PATE
JULIA TRUESDELL COCHRUN
W. WHITNEY SEALS

P.O. BOX 10448
BIRMINGHAM, ALABAMA 35202
TELEPHONE: 205/323-3900
FACSIMILE: 205/323-3906

PHYSICAL ADDRESS
400 TITLE BLDG.
BIRMINGHAM, ALABAMA
35203
filings@plc-law.com

whitney@plc-law.com

February 5, 2007

Steven M. Brom, Esq.
**SMITH, SPIRES & PEDDY, PC**
2015 2nd Avenue North, Suite 200
Birmingham, AL 35203

RE:   *HOGAN V. WINN DIXIE, ET AL*
In the Circuit Court of Jefferson County – Bessemer Division - CV-05-1576

Dear Steven:

I enjoyed seeing you at the Shelby County Courthouse. If you will recall, we discussed that Ms. Hogan was waiting to hear a response concerning her demand in this matter.

Please discuss this with your client and get back with us at your earliest convenience.

Very truly yours,

**PATE & COCHRUN, LLP**

W. Seals

W. Whitney Seals

WWS/alb
cc:   R. Gordon Pate, Esq.

# EXHIBIT "D"

# PATE & COCHRUN, L.L.P.

### ATTORNEYS AT LAW
P.O. BOX 10448
BIRMINGHAM, ALABAMA 35202
TELEPHONE: 205/323-3900
FACSIMILE: 205/323-3906

R. GORDON PATE
JULIA TRUESDELL COCHRUN
W. WHITNEY SEALS

PHYSICAL ADDRESS
400 TITLE BLDG.
BIRMINGHAM, ALABAMA
35203
filings@plc-law.com

whitney@plc-law.com

January 12, 2007

Steven M. Brom, Esq.
**SMITH, SPIRES & PEDDY, PC**
2015 2nd Avenue North, Suite 200
Birmingham, AL 35203

> RE:     *HOGAN V. WINN DIXIE, ET AL*
>         In the Circuit Court of Jefferson County – Bessemer Division - CV-05-1576

Dear Steven:

I believe that Ms. Hogan would accept $20,000 to settle this matter. I am still trying to gett in touch with her to authorize this counter offer, but based on our past conversations, I believe she will agree.

Please discuss this with your client and get back with us at your earliest convenience.

Very truly yours,

**PATE & COCHRUN, LLP**

**DICATED BUT NOT READ**
W. Whitney Seals

WWS/alb
cc:     R. Gordon Pate, Esq.

# EXHIBIT "E"

LAW OFFICES
# SMITH, SPIRES & PEDDY, P.C.
**2015 SECOND AVENUE NORTH**
**SUITE 200**
**BIRMINGHAM, ALABAMA 35203**
www.ssp-law.com

JAN 08 2007

THOMAS S. SPIRES
A. JOE PEDDY
TODD N. HAMILTON
THOMAS COLEMAN, JR.
BRYAN SCOTT TYRA*
CLARENCE RIVERS, IV
J. CRAIG LEWIS*
ROBERT B. STEWART**

TELEPHONE (205) 251-5885
FAX (205) 251-8642
E-mail: Todd@ssp-law.com

THOMAS M. LITTLE*
JENNIFER W. PICKETT
MELANIE F. LYERLY
STEVEN M. BROM
MARK F. PENASKOVIC
AMY A. WEEMS

•PAUL G. SMITH
(1936 – 2004)

*Also admitted in Georgia*
** *Also admitted in Mississippi*

Firm Administrator
DONNA C. BOWEN

January 4, 2007

W. Whitney Seals, Esq.
**PATE & COCHRUN, LLP**
P.O. Box 10448
Birmingham, Alabama 35202-0448

RE:   *Linda and Dwight Hogan v. Winn Dixie Stores, Inc., et al.*
      In the Circuit Court of Jefferson County, Alabama, Bessemer Div.
      Civil Action No.: CV 05-1576
      **OUR FILE:   23002.256     WD HOGAN**

Dear Whitney:

I am in receipt of your most recent letter offering to settle the above-referenced matter for the sum of $25,000.00. I am in disappointed in your clients' response and was hoping to see a more significant reduction in your clients' demand based on Mrs. Hogan's alleged injuries and medical bills.

I believe our prior offer to settle for $10,000.00 is quite reasonable given the evidence in this matter. Nevertheless, my client has authorized me to extend an offer to settle this matter in its entirety for $12,000.00. If this is not acceptable to your clients, I must see a more significant reduction in their demand if we are to continue our settlement discussions and resolve this case. I look forward to hearing from you in this regard.

Very truly yours,

SMITH, SPIRES & PEDDY, P.C.

Todd N. Hamilton

TNH/psw

EXHIBIT "F"

SMITH HULSEY & BUSEY

LAW OFFICES
1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
BEAU BOWIN
DAVID D. BURNS
STEPHEN D. BUSEY
CHARMAINE T. M. CHIU
ERIC W. ENSMINGER
J. RICE FERRELLE, JR.
KARL E. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KAUL
CHARLES H. KELLER
C. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
H. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
C. OWEN McCULLER, JR.
ERIC N. McKAY
MATTHEW P. McLAUCHLIN
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND M. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY RUSSELL
ELIZABETH M. SCHULE
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN H. SMITH, JR.
LEE D. WEDEKIND, III
HARRY M. WILSON, III
ALLAN C. WULBERN

LLOYD SMITH
(1915-1987)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

February 6, 2007

R. Gordon Pate, Esq.
Pate & Cochran, Esq.
P.O. Box 10448
Birmingham, AL 35202-0448

Re:   In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy
      Court, Middle District of Florida, Jacksonville Division; Case No. 05-
      03817-3F1, Chapter 11, Jointly Administered

      Linda Hogan v. Winn-Dixie Stores, Inc., in the Twenty-Third Circuit
      Court in and for Jefferson County, Alabama Case No. CV-05-1576

Dear Mr. Pate:

      This firm represents Winn-Dixie Stores, Inc. in the referenced Chapter 11
proceedings.

      We have been advised that you are presently prosecuting the referenced state
court action in violation of the Administrative Claims Bar Date established by the
Bankruptcy Court in the referenced case. For the reasons set forth below, your
continued prosecution of the state court action is in violation of the permanent
injunction provisions of Section 524 of the Bankruptcy Code and the Bankruptcy
Court's Confirmation Order.

      On February 21, 2005, Winn-Dixie Stores, Inc. and its affiliates (the
"Debtors") filed voluntary petitions for reorganization under Chapter 11 of the
Bankruptcy Code. On November 21, 2006, the Bankruptcy Court entered an order
confirming the Joint Plan of Reorganization filed by the Debtors, as modified (the
"Plan").

      Pursuant to Section 1141(d) of the Code, the order confirming the Plan (the
"Confirmation Order") discharges the Debtors from all debts arising prior to

SMITH HULSEY & BUSEY

R. Gordon Pate, Esq.
February 6, 2007
Page 2

Confirmation, including all debts or claims arising against the Debtors between February 21, 2005 and November 21, 2006 ("Administrative Expense Claims"). Each creditor whose claim has been discharged is now barred pursuant to Section 524(a) of the Code, from instituting or continuing any action or employing any process against the Debtors to collect or recover such debts. Any action taken or order entered with respect to any discharged debt without Bankruptcy Court authorization is void as a matter of law.

Pursuant to the Confirmation Order, an Administrative Claims Bar Date Notice was sent to all parties in interest, including your client, advising them that administrative expense claims must be filed with the Bankruptcy Court on or before January 5, 2007 and that the failure to do so would result in such claim being time-barred and relinquished. The Administrative Expense Claim Bar Date Notice was also published in national and regional newspapers.

No timely application for an administrative expense claim was filed by or on behalf of Ms. Hogan with the Bankruptcy Court. As a result, the claim she is now asserting in the referenced state court action is time-barred and relinquished as set forth in the Confirmation Order.

Accordingly, your continued prosecution of the state court action against the Debtor is in violation of Section 524 of the Code and the Bankruptcy Court's Confirmation Order. We therefore demand that you dismiss the referenced state court action on or before February 13, 2007 and that a copy of such dismissal be served upon me. If we do not receive a dismissal notice by February 13, we will file a complaint against you and your client in the Bankruptcy Court for sanctions and take such other actions as are appropriate.

Please call me if you have any questions regarding this matter.

Very truly yours,

David L. Gay

By facsimile and mail
(205) 323-3906
c: Todd N. Hamilton, Esq.
DLG/mam/00557155