UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

## AMENDED MOTION FOR PAYMENT OF AN ADMINISTRATIVE CLAIM AND MOTION TO ALLOW LATE FILED CLAIM

COMES NOW, the Claimants, Elizabeth Wimberly and Grady L. Wimberly, by and through their undersigned counsel, and files this their Amended Motion for Payment of an Administrative Claim and Motion to Allow Late Filed Claim, and states as follows:

1. That the Claimants, Elizabeth Wimberly and Grady L. Wimberly, hereinafter known as "Claimants," hereby amends their Motion for Payment of Administrative Claim filed electronically or about January 29, 2007, to read "MOTION FOR PAYMENT OF UNSECURED CLAIM AND MOTION TO ALLOW LATE FILED CLAIM."

2. That the Claimants, are residents of Broward County, Florida.

3. That on or about October 31, 2005, at approximately 10:00 a.m., Elizabeth Wimberly, walked into Winn-Dixie Stores, Inc.=s store #0204, located at 2525 N. Federal Highway, Fort Lauderdale, Broward County, Florida; and Elizabeth Wimberly, who was a business invitee of Winn-Dixie Stores, Inc., slipped on the wet floor and fell violently onto the floor.

4. That notice of a claim was provided to Winn-Dixie Stores, Inc., subsequent to the accident on October 31, 2005, for which claim number, A511213537-0001-01, was assigned. Specifically, a Notice of Claim letter was sent via Certified Mail to Winn-Dixie Stores, Inc., on November 9, 2005.

5. That due to the Claimants, and Winn-Dixie Stores, Inc.=s inability to reach a settlement agreement regarding the personal injury matter, on July 19, 2006, the Claimants, filed a lawsuit against Winn-Dixie Stores, Inc., which is currently pending in Broward County, 17th Judicial Circuit Court, case number 06-010650. (*See attached Complaint as Exhibit "A"*)

6. That there has been a lawsuit between Winn-Dixie Stores, Inc., and the Claimants, since July 19, 2006; and due to the pending civil lawsuit, the Claimants, should have been listed by Winn-Dixie Stores, Inc., as Creditors or Claimants in their bankruptcy matter, which they failed to do.

7. That the undersigned attorney never received notice from Winn-Dixie Store, Inc.'s attorneys, or the Bankruptcy Court that a proof of claim or any other documents was to be filed electronically on or before January 5, 2007. *(See attached Affidavit of Excusable Neglect as Exhibit "B")*

8. That on or about January 22, 2007, the undersigned counsel was notified via telephone from Winn-Dixie Stores, Inc.'s counsel, John Buchholz, Esq., that a proof of claim was to be filed electronically on or before January 5, 2007.

9. That Winn-Dixie Stores, Inc., knew or should have known that there was a claim pending, and that the aforementioned lawsuit is presently pending in the 17th Judicial Circuit Court; however, Winn-Dixie Stores, Inc., failed to list the Claimants among their list of Creditors/Claimants.

10. That when the undersigned attempted to file said documents via electronically with the Bankruptcy Court, on behalf of the Claimants, the Claimants were not listed among the Bankruptcy Court's list of Creditors/Claimants, and the party had to be added by the undersigned in order to file the documents electronically.

11. That due to the negligence of Winn-Dixie Stores, Inc., the Claimant, Elizabeth Wimberly, sustained serious, and grievous injuries, requiring her to seek medical attention and treatment for which she has incurred, and will incur expenses in the future.

12. That Winn-Dixie Stores, Inc., was negligent, in that there were no warning, or hazard signs posted, in or around the area where the Claimant, Elizabeth Wimberly fell to warn of the danger, unsafe, and hazardous condition.

13. That as a result of the negligence of the Winn-Dixie Stores, Inc., the Claimant, Elizabeth Wimberly, was injured, wounded, bruised, and shocked in and about her body and nervous system, and suffered other injuries, all of which are permanent, and continuing in their nature.

14. That as a further result of the negligence of Winn-Dixie Stores, Inc., the Claimant, Elizabeth Wimberly, suffered physical handicaps and disabilities in connection with her usual activities and recreations, and will continue to suffer such handicaps, losses and disabilities in the future.

15. That as a result of the injury, disability, pain and suffering of the Claimant, Elizabeth Wimberly, due to the negligence of Winn-Dixie Stores, Inc., the Claimant, Grady L. Wimberly, lost the sex, society, and services of his wife during the time she was treated for her injury and said loss continues, and will continue in the future.

16. That the Claimant, Elizabeth Wimberly, accumulated more than $10,000.00, in medical expenses, which is not including out of pocket expenses and incurred attorney=s fees and cost.

17. That the Claimants would be greatly prejudiced with no fault of their own, if not allowed receive payment of their unsecured claim against the debtor, Winn-Dixie Stores, Inc.

WHEREFORE, the Claimants, Elizabeth Wimberly, and Grady L. Wimberly, are requesting that this Court enter and Order Allowing the Claimants to receive payment of their unsecured claim against Winn-Dixie Stores, Inc., and that a judgement against Winn-Dixie Stores, Inc., in an amount of One Hundred and Three Thousand ($103,000.00) Dollars be awarded to the Claimants, plus costs, and for such other and further relief as this Court deems just.

LAW OFFICES OF W. GEORGE ALLEN
Attorneys for Creditors
800 Southeast 3rd Avenue, Penthouse
Fort Lauderdale, Florida 33316
Office: 954-463-6681/Fax: 954-463-6685


By: */S/ W. George Allen*
W. GEORGE ALLEN, ESQUIRE
FBN: 001337