UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, DIVISION

In re:                                                          Case No. 05-03817-3F1

Winn-Dixie Stores, Inc., et al.,                      Chapter 11

Reorganized Debtors.                                Jointly Administered
_____

AFFIDAVIT OF EXCUSABLE NEGLIGENCE

STATE OF FLORIDA

COUNTY OF BROWARD

BEFORE ME, an officer duly authorized to take acknowledgments, personally appeared W. GEORGE ALLEN, ESQUIRE, attorney for the above Claimant, who after being duly sworn and cautioned, upon his oath states:

1. That I am the attorney for Elizabeth and Grady Wimberly, who are Creditors of the above Reorganized Debtor, Winn-Dixie Stores, Inc.

2. That my client, Elizabeth Wimberly, slipped and fell in Winn-Dixie Store number 0204, located at 2525 N. Federal Highway, Fort Lauderdale, Broward County, Florida, on October 31, 2005, for which a claim number was assigned. My client subsequently filed a lawsuit against Winn-Dixie Stores, Inc. on July 19, 2006, which is currently pending in Broward County, 17th Judicial Circuit Court.

3. That there has been a lawsuit pending since the time specified in paragraph 2, and the opposing counsels failed to notify me of any action that needed to be taken by me on behalf of my clients regarding the Winn-Dixie Stores, Inc., bankruptcy matter.

4. That Winn-Dixie Stores, Inc., knew or should have known that there was a pending claim of Elizabeth and Grady Wimberly, as a result of the aforementioned lawsuit filed.

5. That Winn-Dixie Stores, Inc., hired the Law Offices of Kelly, Kronenberg, Gilmartin, Fichtel & Wander, P.A., to defend said claim.

6. That to date, Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and other Administrative claims, has not been served to my law firm.

7. That defense counsel hired by Winn-Dixie Stores, Inc., to represent Winn-Dixie Stores, Inc., regarding the aforementioned claim, never served this Law Firm with Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and other Administrative claims.

8. That on January 12, 2007, Winn-Dixie Stores, Inc.=s, defense counsel took the deposition of Claimant, Elizabeth Wimberly.

9. That I was not adequately notified of the deadline to file a claim for payment of an Administrative Claim until Monday, January 22, 2007, via a telephone call from defense counsel, John Buchholz, Esq., who represents Winn-Dixie in the aforementioned civil lawsuit matter.

10. Furthermore, I had major surgery, and was on medical leave from November 21, 2006 to December 21, 2006. Upon return to work, I did not see a notice regarding Winn-Dixie Stores, Inc.=s bankruptcy reorganization, nor was I made aware of a notice of the same being sent to my office.

11. I was unaware of a January 5, 2007, deadline to submit a claim via electronic filing procedures to the U.S. Bankruptcy Court, until January 22, 2007.

FURTHER AFFIANT SAYETH NAUGHT.

/S/ W. George Allen
W. GEORGE ALLEN, ESQ.

Sworn to and subscribed before me
this 23rd day of January, 2007.

/S/ Samantha Wilson-Smith
Notary Public

Samantha Wilson-Smith
Printed Name of Notary

My Commission expires: 4/11/08