UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC. et al.,

      Debtors.

_____/

CASE NO.: 3:05-bk-03817-JAF
Chapter 11
Jointly Administered

## MOTION OF WELLS FARGO BANK, N.A., AS TRUSTEE, TO ENJOIN DISTRIBUTIONS TO WOODLAND HARTFORD ASSOCIATES, LLC, TO APPROVE TRANSFER OF CLAIMS AND FOR OTHER RELIEF

Wells Fargo Bank, N.A., f/k/a Wells Fargo Bank Minnesota, N.A., as successor in interest to Norwest Bank Minnesota, National Association, as Trustee, on behalf of and in trust for the registered holders of First Union National Bank – Chase Manhattan Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 1999-C2 ("Wells Fargo"), by and through undersigned counsel, hereby moves to enjoin Debtors from making any distribution to Woodland Hartford Associates, LLC ("Woodland Hartford") on account of Claim Nos. 13560 and 13561 in the amount of $1,200,229.80 and Claim No. 9213 in the amount of $45,415.70 (the "Claims"), to approve a transfer of the Claims to Wells Fargo and for other relief.

Wells Fargo states the following in support of this motion:

1.      Wells Fargo is the Trustee of a REMIC trust that owns a Promissory Note executed by Woodland Hartford, dated as of September 16, 1998, a duly recorded first Deed of Trust, a duly recorded Assignment of Rents and other loan documents and security instruments evidencing and securing a loan in the original principal amount of $5,501,754.00 (the "Loan").[1]

_____

[1] First Union National Bank (now Wachovia) was the original lender. First Union assigned the loan documents to Norwest Bank Minnesota National Association, as Trustee, Wells Fargo's
(cont.)

Woodland Hartford is the obligor of the Loan.  The Loan is currently in default due to non-payment by Woodland Hartford of principal and interest, among other defaults.  A foreclosure sale is scheduled for February 26, 2007 in Chesapeake, Virginia.  True and correct copies of the Promissory Note, the Deed of Trust (excerpts), the Assignment of Leases and the Notice of Default are attached hereto as Exhibits A-D.

2.      The principal asset securing the Loan is a shopping center located in Chesapeake, Virginia.  This center is the site of Winn-Dixie Store No. 997.  Debtor Winn-Dixie Raleigh, Inc. is the lessee of the store under a Lease dated November 12, 1997 and a Supplemental Lease Agreement dated as of November 19, 1998 (the "Winn-Dixie Lease").  True and correct copies of the Lease (excerpts) and Supplemental Lease Agreement are attached as Exhibits E and F hereto.

3.      On or about September 18, 2006, Woodland Hartford filed Claim Nos. 13560 and 13561.  These claims are for lease rejection damages.  True and correct copies of the Proofs of Claim for these Claims are attached hereto as Exhibits G and H.  These Claims were filed pursuant to this Court's August 7, 2006 Order (I) Authorizing Debtors to Reject Lease for Store 997, (II) Establishing Rejection Damage Claim Bar Date, and (III) Granting Related Relief.  A true and correct copy of the August 7, 2006 Order is attached as Exhibit I hereto.  These Claims have been disputed by Debtors as to amount and have not yet been allowed.[2]  Claim No. 9213 is

---

predecessor as trustee of the REMIC trust.  This transfer was accomplished by the Allonge and Assignment of Deed of Trust and Security Agreement and Assignment of Leases attached hereto as Exhibits J and K.

[2] Wells Fargo is not certain of the status of Claim No. 13560.  It may have been disallowed as improperly filed against Winn-Dixie Stores, Inc. rather than Winn-Dixie Raleigh, Inc. or as a duplicate of Claim No. 13561.

- 2 -

a pre-petition unsecured claim for real estate taxes. It was filed on or about July 29, 2005. Wells Fargo is unsure of the status of this claim.

4.    Claim Nos. 13560 and 13561 are for rejection damages based on non-payment of rent due under the Winn-Dixie Lease. These damages are the amount of the rent remaining due under the Winn-Dixie Lease subject to the cap imposed by 11 U.S.C. § 502(b)(6). Pursuant to the Deed of Trust and the Assignment of Rents, Woodland Hartford made an absolute assignment of the rents, and all proceeds thereof, to First Union (now Wells Fargo).[3] Prior to Woodland Hartford's default, Woodland Hartford held a license to collect the rents. However, this license automatically expired when Woodland Hartford defaulted. *See* Deed of Trust, ¶ H (assigning to Grantor the "Winn-Dixie Lease" and all "rents . . . issues, profits . . . revenue, income, rights and other benefits "); Deed of Trust, § 1.1 (defining "Rents" to include all "existing and future Rents" and providing that, upon default by Woodland Hartford, "Grantor's license [to collect rents] shall automatically terminate" and Beneficiary [the holder of the Deed of Trust] becomes the owner of the Rents and is entitled to collect the Rents directly from tenants). *See also* Assignment of Leases, pp. 1-3.

5.    Under Virginia law, it is not necessary for a lender holding an assignment of rents to obtain a judgment, order or other judicial remedy in order to perfect and enforce its right to receive the rents derived from the real property. Section 55-220.1, Virginia Statutes (Exhibit L hereto),

---

[3] In addition to an assignment of rents, Wells Fargo also holds assignments of various other property interests and rights, including, without limitation, "all cash funds, deposit accounts and other rights and evidence of rights to cash" (Deed of Trust, ¶ G), "contracts or agreements now or hereafter entered into by Grantor [Woodland Hartford] (Deed of Trust, ¶ I), "all present and future funds, accounts, instruments, accounts receivable, documents, causes of action, claims, general intangibles . . . notes or chattel paper" (Deed of Trust, ¶ K), and "all proceeds, products, substitutions and accessions (including claims and demands therefor) for the conversion, voluntary or involuntary, of any of the foregoing" (Deed of Trust, ¶ O).

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

provides that the recording of the deed or trust or other instrument "shall fully perfect the interest of the grantee . . . without the necessity of (i) furnishing notice to the assignor or lessee, (ii) obtaining possession of the real property, (iii) impounding the rents, (iv) securing the appointment of a receiver, or (v) taking any other affirmative action."

6.      Wells Fargo's counsel has been advised that Claims 13560 and 13561 are in the process of being settled and may be settled and paid imminently.  Wells Fargo, therefore, requests an injunction to prevent Debtors, and their agents, from making any transfers, distributions or payments to Woodland Hartford on account of any of the Claims, pending the transfer of the Claims to Wells Fargo, as Trustee or its assign.[4]  Pursuant to applicable tax regulations, a REMIC trust cannot acquire ownership of stock without jeopardizing its tax status. Accordingly, Wells Fargo, as Trustee, intends to assign and/or sell the Claims to another entity in order to comply with applicable tax regulations.  Accordingly, it is requested that the Court extend the injunction until such time as Wells Fargo is able to effectuate a transfer of the Claims.

7.      Wells Fargo, as Trustee, did not have notice of the "Distribution Record Date." The Distribution Record Date should not be enforced against Wells Fargo because it lacked notice of the setting of the Distribution Record Date.  Further, the Distribution Record Date, by its terms, applies to "Allowed Claims."  The subject Claims were not Allowed Claims prior to the Distribution Record Date, and, to the knowledge of movant, still have not been allowed. Further, the subject transfer is not a voluntary transfer by the record holder of the Claims but, rather, an involuntary transfer as a matter of law, as a result of Woodland Hartford's default.  For

---

[4] Wells Fargo, concurrently herewith, is filing a Notice of Transfer of Claims.  This motion, in addition to an injunction, seeks approval of the transfer.

- 4 -

these reasons, the Distribution Record Date should not be enforced against Wells Fargo, and this Court should approve a transfer of the Claims to Wells Fargo or its assign.

8.      In the event that Debtors have made any distributions on the Claims prior to the filing of this motion and the Notice of Transfer of Claims, the Court should rescind such distributions and order Debtors to cancel any shares of Winn-Dixie common stock issued to Woodland Hartford and to take all other action necessary to assure that all distributions are made to Wells Fargo.

**WHEREFORE**, for the reasons stated above, Wells Fargo, respectfully requests that the Court grant this motion, enjoin Debtors from making any distributions to Woodland Hartford, approve the transfer of the Claims to Wells Fargo or its assignee, and grant such other and further relief as the Court deems just and proper.

Dated:          February 9, 2007
                Miami, Florida

SHUTTS & BOWEN LLP
Attorneys for Wells Fargo Bank, as Trustee
1500 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
Telephone:  (305) 358-6300
Facsimile:  (305) 381-9982

By:___ */s/ Adrian J. Villaraos* _____
        Peter H. Levitt
        Florida Bar No. 650978
        Adrian J. Villaraos
        Florida Bar No. 688789

- 5 -

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing and exhibits has been served on this

9th day of February, 2007, either by electronic transmission or by first class U.S. Mail, postage

prepaid, to:

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, Florida 32254-3699

Wayne M. Singletary, Esq.
Schuyler Stewart Smith
118 W. Adams St., Suite 800
Jacksonville, Florida 32202
*Attorneys for Woodland Hartford Associates, LLC*

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32201
*Attorneys for the Debtors*

Adam Ravin, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, New York 10036
*Attorneys for the Debtors*

Elena L. Escamilla, Esq.
135 W Central Blvd., Ste 620
Orlando, FL 32806
*Attorney for the United States Trustee*

Kenneth C. Meeker
United States Trustee
135 West Central Boulevard
Suite 620
Orlando, FL 32801

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
*Attorneys for the Official Committee of
Unsecured Creditors*

John B. Macdonald, Esq.
Akerman Senterfitt
50 North Laura Street
Suite 2500
Jacksonville, FL 32202
*Attorneys for the Official Committee of Unsecured
Creditors*

        */s/ Adrian J. Villaraos*
        OF COUNSEL

- 6 -