# EXHIBITS G – L TO MOTION OF WELLS FARGO BANK, N.A., AS TRUSTEE, TO ENJOIN DISTRIBUTIONS TO WOODLAND HARTFORD ASSOCIATES, LLC, TO APPROVE TRANSFER TO CLAIMS AND FOR OTHER RELIEF

# EXHIBIT "G"

**B10** (Official Form 10) (4/05)

UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

# PROOF OF CLAIM

Name of Debtor WINN-DIXIE STORES, INC — Case Number 05-03817-3F1

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case A Arequest@ of payment of administrative expenses may be filed pursuant to 11 U S C §503

Name of Creditor (The person or other entity to whom the debtor owes money or property)

WOODLAND HARTFORD ASSOCIATES, LLC

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check box if you have never received any notices from the bankruptcy court in this case

☐ Check box if the address differs from the address on the envelope sent to you by the court

Name and address where notices should be sent
The Law Offices of Joel Shafferman, LLC
80 Wall Street, Suite 910
New York, NY 10005
Attn Joel M Shafferman, Esq

452127

Telephone Number 212-509-1802

DEBTOR WINN - DIXIE STORES, INC
US BANKRUPTCY COURT M D -FLORIDA
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11
**CLAIM NO.: 13560**

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR
WDX-2689-B2-07 Store #997

Check here ☐ replaces
if this claim ■ amends a previously filed claim dated May, 18, 2006

**1. Basis for Claim**

- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other (Describe briefly) **Lease Rejection Damages. Based on 15% of Total Rents Reserved Under Lease ($7,911,966.11) = $1,186,794.92**
- ☐ Retiree benefits as defined in 11 U S C §1114(a)
- ☐ Wages, salaries, and compensation (Fill out below)
- ☐ Your social security number ____________
- ☐ Unpaid compensations for services performed from from ________ (date) to ________ (date)

**2. Date debt was incurred:** Post Petition Rejection Damage Claim

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $1,200,229.80 (unsecured) $________ (secured) $________ (priority) $1,200,229.80 (total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

**5. Secured Claim.**

☐ Check this box if your claim is secured by collateral (including a right of setoff)
Brief Description of Collateral
☐ Real Estate ☐ Motor Vehicle
☐ Other Proceeds of Personal Injury Action

Value of Collateral $________

Amount of arrearage and other charges at time case filed included in secured claim, if any $________

**6. Unsecured Nonpriority Claim** $1,200,229.80

☐ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

**7. Unsecured Priority Claim.**

☐ Check this box if you have unsecured priority claim
Amount entitled to priority $________
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $10,000)*, earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever earlier - 11 U S C § 507(a)(3)
☐ Contributions to an employee benefit plan - 11 U S C §507(a)(4)
☐ Up to $2,225 * of deposits toward purchase, lease or rental of property or services for personal, family or household use -- 11 U S C §507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child- 11 U S C §507(a)(7)
☐ Taxes or penalties of governmental units - 11 U S C § 507(a)(8)
☐ Other Specify applicable paragraph of 11 U S C §507(a)(____)

** Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect cases commenced on or after the date of adjustment $10,000 and 180-day limits apply to cases file on or after 4/20/05 Pub L 109-8*

**8. Credits:** The amount of all payments on this claim has been credited and deducted for making this proof of claim.
**9. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS. If documents are not available, explain.
If documents are voluminous, attach a summary
**10. Date Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED LOGAN & COMPANY AS AGENT
2006 SEP 18 AM 10: 04
U.S. BANKRUPTCY CT. MIDDLE DISTRICT OF FLORIDA

Date
September 15, 2006

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)

Joel M Shafferman, Esq — attorney in fact

**Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 and 3571.**

**B10** (Official Form 10) (4/98) (Reverse)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor there may be exceptions to these general rules*

## DEFINITIONS

***Debtor***

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

***Creditor***

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed

***Proof-of Claim***

A form telling, the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim) This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

***Secured Claim***

A claim is a secured claim to the extent that the creditor has a lien on the property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck. boat, television set, or other item of property, A lien may have been obtained through a court proceeding before a bankruptcy case began, in some states a court judgment is a lien In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.*)

***Unsecured Claim***

If a claim is not a secured claim it is an unsecured claim A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

***Unsecured Priority Claim***

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims*

## ITEMS TO BE COMPLETED IN PROOF OF CLAIM FORM (IF NOT ALREADY FILLED IN)

**Debtor:**

Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number If you received a notice of the case from the court, all of this information is near the top of the notice

**Information about Creditor:**

Complete the section giving the name. address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**

Check the type of debt for which the proof of claim is being filed If the type of debt is not listed, check -Other" and briefly describe the type of debt If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**

Fill in the date when the debt first was owed by the debtor

**3. Court Judgments:**

If you have a court for this debt, state the date the court entered the Judgment.

**4. Total Amount of Claim at Time Case Filed:**

Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**

Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured (See DEFINITIONS, above)

**6. Unsecured Priority Claim:**

Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority (See DEFINITIONS, above) A claim may be partly priority and partly nonpriority, if, for example. the claim is for more than the amount given priority by the law Check the appropriate place to specify the type of priority claim.

**7. Credits:**

By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**8. Supporting Documents:**

You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents If documents are not available, you must attach an explanation of why they are not available.

# EXHIBIT A

**Exhibit "A" To Rejection Damage Proof of Claim**

Case: WINN-DIXIE RALEIGH, INC.
Case No. 05-03839.
Location: Store No. 997 (the "Lease") which is located at Cedar Road and Las Gaviotas. Boulevard, Chesapeake, Virginia.
Rejection Date: June 29, 2006.

Compare and take the greater of (A) and (B)

| | |
|---|---|
| A: One year's Base Rent and Additional Rent | $575,501.72 (See breakdown on page 2) |
| **B: 15% of Remaining Term of Lease (not to exceed 3 years)** | **$1,186,794.92** |
| Remaining Balance at Date of Petition | $7,911,966.11 (See calculation on page 2) |
| **PLUS: Actual pre petition Claim (based upon POC amount as revised by Response to Objection to POC (17th Omnibus Objection)** | **$13,324.90** |
| **PLUS: Claim for costs incurred in connection with repair damages caused by presence of subtenant at the Premises, including structural damages and legal fees** | **$Unknown Amount** |
| **KNOWN TOTAL:** | **$1,200,229.80** |

Case: WINN-DIXIE RALEIGH, INC.
Case No. 05-03839.
Location. Store No. 997 (the "Lease") which is located at Cedar Road and Las Gaviotas. Boulevard, Chesapeake, Virginia.
Rejection Date: June 29, 2006.
Lease Term: November 19, 1998 – November 18, 2018 (from attached supplemental lease agreement).
Petition Date: February 21, 2005.

| | |
|---|---|
| Yearly BASE RENT: | **$472,938.96** |
| Per Diem BASE RENT: | $1,295.72 |
| DAYS FROM PETITION DATE TO END OF INITIAL TERM: | 5,018.20 |
| REMAINING BASE RENT | <u>$6,501,938.91</u> |

| | |
|---|---|
| Yearly ADDITIONAL Rent | $102,562.76 (see breakdown below) |
| Per Diem ADDITIONAL Rent | $280.99 |
| REMAINING RENT | **$7,911,966.11** (base & additional rent) |
| Yearly BASE Rent | **<u>$472,938.96</u>** |

| | |
|---|---|
| Annual real property taxes | $69,576.20 |
| Annual storm water fees | $2,986.56 |
| Insurance | <u>$30,000.00</u> |
| Yearly Additional Rent: | $102,562.76 |
| **TOTAL YEARLY RENT** | **$575,501.72** |

# EXHIBIT B

**Exhibit "B" To Rejection Damage Proof of Claim**

1. Basis for Claim: Woodland Hartford Associates, LLC ("Woodland") asserts a claim based on the rejection of the Debtors/Tenants' interest under a Supplemental Lease Agreement (the "Lease"), a copy of which is attached hereto. The Lease was rejected pursuant to that certain order entered on or about August 7, 2006. The Lease relates the located at Cedar Road and Las Gaviotas Boulevard, Chesapeake, Virginia.

2 Classification of Claim: Woodland's claim is a general unsecured claim, except as may be determined under applicable federal or state law and/or as determined by a court to constitute a secured, administrative or priority claim.

3. Total Amount of Claim: The amount of Woodland's claim is the amount indicated in Box 4 of the Proof of Claim to which this exhibit is attached.

4. Supporting Documents: See attached.

**Note: Reservation of Rights:** This proof of claim is filed with full reservation if rights and remedies, including the right to assert additional, modified, supplementary and/or amended proofs of claim and/or documents obtained from the Debtors or others through discovery or otherwise and with full reservation of (i) Woodland's rights and/or claims against any party other than the Debtors; and (ii) Woodland's interest in any property, including property of the estate. Without in any way limiting the foregoing, Woodland reserves the right to assert any claim it may have against the Debtors or against any other property other than Debtors and their estates. This proof of claim is filed without prejudice to any cause of action against the Debtors

not constituting a "Claim" under 11 U.S.C.§101(5). Woodland also may have and hereby reserves all rights to assert certain recoupment, set-off and other related rights.

## SUPPLEMENTAL LEASE AGREEMENT

**THIS SUPPLEMENTAL LEASE AGREEMENT** (the "Agreement") is made this 19th day of November, 1998, between WINN-DIXIE RALEIGH, INC , a Florida corporation, (hereinafter the "Tenant") and WOODLAND HARTFORD ASSOCIATES, L.L.C., a New York limited liability company (hereinafter the "Landlord")

**WHEREAS,** Tenant and Landlord entered into a Lease dated November 21, 1997, as amended and/or evidenced by: (a) Memorandum of Lease dated November 21, 1997, recorded in Book 3605, page 380 at the Clerk , Circuit Court, Chesapeake, Virginia (the "Lease") for the use and occupancy of the Premises described therein;

**NOW, THEREFORE,** pursuant to the provisions of the Lease, Tenant and Landlord mutually agree as follows

1 The Commencement Date of the Term is November 19, 1998

2 The Term shall expire at midnight Eastern Time on November 18, 2018, unless earlier terminated or later extended as provided for in the Lease

3. All undefined capitalized terms used herein are as defined in the Lease

**IN WITNESS WHEREOF**, the parties hereto have signed and sealed this Agreement on the date first set forth above

Signed, sealed and delivered
in the presence of

1)____________________
Print Name>

2)____________________
Print Name>

*As to Landlord*

WOODLAND HARTFORD ASSOCIATES, L.L.C.,
a New York limited liability company
Woodland Hartford Management Corp [signature]
By: [signature]
Name>
Its ~~President~~ MANAGING MEMBER

*Landlord*

1)____________________
Print Name>

2)____________________
Print Name>

*As to Tenant*

WINN-DIXIE RALEIGH, INC
a Florida corporation

By:____________________
Name>
Its President

*Tenant*

997 raleigh sla
12/8/ admn

STATE OF NEW YORK )
COUNTY OF BRONX )

The foregoing instrument was acknowledged before me this 14TH day of DECEMBER, 1998, by BARRY LEVITES, as ~~[illegible]~~ President of WOODLAND HARTFORD ASSOCIATES, ~~L.L.C~~ a New York ~~limited liability company~~, on behalf of the company, who is ( ) personally known to me or ~~has ( ) produced~~ corporation ~~as identification.~~

MAUREEN FARRELL
Printed Name: MAUREEN FARRELL
Notary Public, State and County aforesaid.
My Commission Expires: 9/30/99
Notary ID No. 01FA4705728
(NOTARIAL SEAL)

MAUREEN FARRELL
NOTARY PUBLIC STATE OF NY
QUALIFIED WESTCHESTER CNTY
[illegible]
COMMISSION EXP. 9/30/99

STATE OF FLORIDA )
COUNTY OF DUVAL )

The foregoing instrument was acknowledged before me this _____ day of ________________, 1998, by ____________________, as ________ President of WINN-DIXIE RALEIGH, INC., a Florida corporation, on behalf of the corporation, who is ( ) personally known to me or has ( ) produced ________________________ as identification.

______________________________
Printed Name. ______________________
Notary Public, State and County aforesaid.
My Commission Expires: ______________
Notary ID No. ____________________
(NOTARIAL SEAL)

997 raleigh.sla
12/8/98fm

**CONSENT**

FIRST UNION NATIONAL BANK the owner and holder of a mortgage upon the Shopping Center, hereby consents to the terms and conditions of this Supplemental Lease Agreement.

FIRST UNION NATIONAL BANK

By:______________________________________
Name> ....................................
Its President

STATE OF _______________ )
COUNTY OF ______________ )

The foregoing instrument was acknowledged before me this ______ day of _______________, 1998, by ________________________ as ____________________ of FIRST UNION NATIONAL BANK on behalf of the bank, who is ( ) personally known to me or has ( ) produced ______________________________ as identification.

__________________________________
Printed Name ______________________
Notary Public, State and County aforesaid.
My Commission Expires:______________
Notary ID No : ____________________
(NOTARIAL SEAL)

O:\NEWFORMS\LEASE\SLA

997 raleigh sla

# EXHIBIT "H"

B10 (Official Form 10) (4/05)

UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

# PROOF OF CLAIM

Name of Debtor WINN-DIXIE RALEIGH, INC

Case Number 05-03839-3F1

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case A Arequest@ of payment of administrative expenses may be filed pursuant to 11 U S C §503

Name of Creditor (The person or other entity to whom the debtor owes money or property)

WOODLAND HARTFORD ASSOCIATES, LLC

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check box if you have never received any notices from the bankruptcy court in this case

☐ Check box if the address differs from the address on the envelope sent to you by the court

Name and address where notices should be sent
The Law Offices of Joel Shafferman, LLC
80 Wall Street, Suite 910
New York, NY 10005
Attn Joel M Shafferman, Esq

452127

Telephone Number 212-509-1802

DEBTOR WINN - DIXIE STORES, INC
U S BANKRUPTCY COURT M D -FLORIDA
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11
**CLAIM NO.: 13561**

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR
WDX-2689-B2-07 Store #997

Check here ☐ replaces
if this claim ■ amends a previously filed claim dated May 18, 2006

**1. Basis for Claim**

☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly) **Lease Rejection Damages. Based on 15% of Total Rents Reserved Under Lease ($7,911,966.11) = $1,186,794.92**

☐ Retiree benefits as defined in 11 U S C §1114(a)
☐ Wages, salaries, and compensation (Fill out below)
☐ Your social security number ______________
☐ Unpaid compensations for services performed from
from ____________ to ____________
(date) (date)

**2. Date debt was incurred:** Post Petition Rejection Damage Claim

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $1,200,229.80 (unsecured) $______ (secured) $______ (priority) $1,200,229.80 (total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

**5. Secured Claim.**

☐ Check this box if your claim is secured by collateral (including a right of setoff)
Brief Description of Collateral
☐ Real Estate ☐ Motor Vehicle
☐ Other Proceeds of Personal Injury Action

Value of Collateral $________

Amount of arrearage and other charges at time case filed included in secured claim, if any $__________

**6. Unsecured Nonpriority Claim** $1,200,229.80

☐ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

**7. Unsecured Priority Claim.**

☐ Check this box if you have unsecured priority claim
Amount entitled to priority $______________
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $10,000)*, earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever earlier - 11 U S C § 507(a)(3)
☐ Contributions to an employee benefit plan - 11 U S C §507(a)(4)
☐ Up to $2,225 * of deposits toward purchase, lease or rental of property or services for personal, family or household use -- 11 U S C §507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child- 11 U S C §507(a)(7)
☐ Taxes or penalties of governmental units - 11 U S C § 507(a)(8)
☐ Other Specify applicable paragraph of 11 U S C §507(a)(____)

** Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect cases commenced on or after the date of adjustment $10,000 and 180-day limits apply to cases file on or after 4/20/05 Pub L 109-8*

**8. Credits:** The amount of all payments on this claim has been credited and deducted for making this proof of claim.
**9. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien
DO NOT SEND ORIGINAL DOCUMENTS. If documents are not available, explain.
If documents are voluminous, attach a summary.
**10. Date Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
2006 SEP 18 AM 10:04
MIDDLE DISTRICT OF FLORIDA

Date
September 15, 2006

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)

Joel M Shafferman, Esq attorney in fact

**Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 and 3571.**

**B10** (Official Form 10) (4/98) (Reverse)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor there may be exceptions to these general rules*

## DEFINITIONS

***Debtor***
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

***Creditor***
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed

***Proof-of Claim***
A form telling, the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim) This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

***Secured Claim***
A claim is a secured claim to the extent that the creditor has a lien on the property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck. boat, television set, or other item of property, A lien may have been obtained through a court proceeding before a bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim (See also *Unsecured Claim* )

***Unsecured Claim***
If a claim is not a secured claim it is an unsecured claim A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full

***Unsecured Priority Claim***
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims) The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## ITEMS TO BE COMPLETED IN PROOF OF CLAIM FORM (IF NOT ALREADY FILLED IN)

**Debtor:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check -Other" and briefly describe the type of debt If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court for this debt, state the date the court entered the Judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the total amount of the entire claim If interest or other charges in addition to the principal amount of the claim are included check the appropriate place on the form and attach an itemization of the interest and charges

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed A claim may be partly secured and partly unsecured (See DEFINITIONS, above).

**6. Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority, if, for example. the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim

**7. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**8. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents If documents are not available, you must attach an explanation of why they are not available.

# EXHIBIT A

**Exhibit "A" To Rejection Damage Proof of Claim**

Case: WINN-DIXIE RALEIGH, INC.
Case No. 05-03839.
Location: Store No. 997 (the "Lease") which is located at Cedar Road and Las Gaviotas. Boulevard, Chesapeake, Virginia.
Rejection Date· June 29, 2006.

Compare and take the greater of (A) and (B)

| | |
|---|---|
| A: One year's Base Rent and Additional Rent | $575,501.72 (See breakdown on page 2) |
| **B: 15% of Remaining Term of Lease (not to exceed 3 years)** | **$1,186,794.92** |
| Remaining Balance at Date of Petition | $7,911,966.11 (See calculation on page 2) |
| **PLUS: Actual pre petition Claim (based upon POC amount as revised by Response to Objection to POC (17th Omnibus Objection)** | **$13,324.90** |
| **PLUS: Claim for costs incurred in connection with repair damages caused by presence of subtenant at the Premises, including structural damages and legal fees** | **$Unknown Amount** |
| **KNOWN TOTAL:** | **$1,200,229.80** |

Case: WINN-DIXIE RALEIGH, INC.
Case No. 05-03839.
Location: Store No. 997 (the "Lease") which is located at Cedar Road and Las Gaviotas. Boulevard, Chesapeake, Virginia.
Rejection Date: June 29, 2006.
Lease Term: November 19, 1998 – November 18, 2018 (from attached supplemental lease agreement).
Petition Date: February 21, 2005.

| | |
|---|---|
| Yearly BASE RENT: | **$472,938.96** |
| Per Diem BASE RENT: | $1,295.72 |
| DAYS FROM PETITION DATE TO END OF INITIAL TERM: | 5,018.20 |
| REMAINING BASE RENT | $6,501,938.91 |

| | |
|---|---|
| Yearly ADDITIONAL Rent | $102,562.76 (see breakdown below) |
| Per Diem ADDITIONAL Rent | $280.99 |
| REMAINING RENT | **$7,911,966.11** (base & additional rent) |
| Yearly BASE Rent | **$472,938.96** |

| | |
|---|---|
| Annual real property taxes | $69,576.20 |
| Annual storm water fees | $2,986.56 |
| Insurance | $30,000.00 |
| Yearly Additional Rent: | $102,562.76 |
| **TOTAL YEARLY RENT** | **$575,501.72** |

# EXHIBIT B

**Exhibit "B" To Rejection Damage Proof of Claim**

1. Basis for Claim: Woodland Hartford Associates, LLC ("Woodland") asserts a claim based on the rejection of the Debtors/Tenants' interest under a Supplemental Lease Agreement (the "Lease"), a copy of which is attached hereto. The Lease was rejected pursuant to that certain order entered on or about August 7, 2006. The Lease relates the located at Cedar Road and Las Gaviotas Boulevard, Chesapeake, Virginia.

2. Classification of Claim: Woodland's claim is a general unsecured claim, except as may be determined under applicable federal or state law and/or as determined by a court to constitute a secured, administrative or priority claim.

3. Total Amount of Claim: The amount of Woodland's claim is the amount indicated in Box 4 of the Proof of Claim to which this exhibit is attached.

4. Supporting Documents: See attached.

**Note: Reservation of Rights**: This proof of claim is filed with full reservation if rights and remedies, including the right to assert additional, modified, supplementary and/or amended proofs of claim and/or documents obtained from the Debtors or others through discovery or otherwise and with full reservation of (i) Woodland's rights and/or claims against any party other than the Debtors; and (ii) Woodland's interest in any property, including property of the estate. Without in any way limiting the foregoing, Woodland reserves the right to assert any claim it may have against the Debtors or against any other property other than Debtors and their estates. This proof of claim is filed without prejudice to any cause of action against the Debtors

not constituting a "Claim" under 11 U.S.C.§101(5). Woodland also may have and hereby reserves all rights to assert certain recoupment, set-off and other related rights.

# SUPPLEMENTAL LEASE AGREEMENT

**THIS SUPPLEMENTAL LEASE AGREEMENT** (the "Agreement") is made this 19th day of November, 1998, between WINN-DIXIE RALEIGH, INC , a Florida corporation, (hereinafter the "Tenant") and WOODLAND HARTFORD ASSOCIATES, L L.C , a New York limited liability company (hereinafter the "Landlord").

**WHEREAS,** Tenant and Landlord entered into a Lease dated November 21, 1997, as amended and/or evidenced by. (a) Memorandum of Lease dated November 21, 1997, recorded in Book 3605, page 380 at the Clerk , Circuit Court, Chesapeake, Virginia (the "Lease") for the use and occupancy of the Premises described therein,

**NOW, THEREFORE,** pursuant to the provisions of the Lease, Tenant and Landlord mutually agree as follows

1 The Commencement Date of the Term is November 19, 1998

2. The Term shall expire at midnight Eastern Time on November 18, 2018, unless earlier terminated or later extended as provided for in the Lease.

3 All undefined capitalized terms used herein are as defined in the Lease

**IN WITNESS WHEREOF,** the parties hereto have signed and sealed this Agreement on the date first set forth above.

Signed, sealed and delivered
in the presence of

1)________________________
Print Name>. . . . . . . . . .

2)________________________
Print Name>. . . . . . . .

*As to Landlord*

WOODLAND HARTFORD ASSOCIATES, L L C ,
a New York limited liability company
Woodland Hartford Management Corp its managing member
By: [signature]
Name> [signature]
Its ~~President~~ MANAGING MEMBER

*Landlord*

1)________________________
Print Name> . .. .

2)________________________
Print Name>. .. . .

*As to Tenant*

WINN-DIXIE RALEIGH, INC
a Florida corporation

By ________________________
Name> . . . . . . . . . .
Its President

*Tenant*

997 raleigh sla
12/8/98dm

STATE OF NEW YORK )
COUNTY OF BRONX )

The foregoing instrument was acknowledged before me this 14th day of DECEMBER, 1998, by BARRY LEVITES, as ~~MANAGING MEMBER~~ President of WOODLAND HARTFORD ASSOCIATES, ~~LLC~~ a New York ~~limited liability company~~ corporation, on behalf of the company, who is ( ) personally known to me or ~~has ( ) produced~~ ________ ~~as identification.~~

MAUREEN FARRELL
Printed Name. MAUREEN FARRELL
Notary Public, State and County aforesaid
My Commission Expires: 9/30/99
Notary ID No. 01FA4705728
(NOTARIAL SEAL)

MAUREEN FARRELL
NOTARY PUBLIC STATE OF NY
QUALIFIED WESTCHESTER CNTY
#01FA4705728
COMMISSION EXP. 9/30/99

STATE OF FLORIDA )
COUNTY OF DUVAL )

The foregoing instrument was acknowledged before me this _____ day of ________________, 1998, by ____________________, as ________ President of WINN-DIXIE RALEIGH, INC , a Florida corporation, on behalf of the corporation, who is ( ) personally known to me or has ( ) produced ____________________________ as identification

______________________________
Printed Name ____________________
Notary Public, State and County aforesaid.
My Commission Expires.____________
Notary ID No. ____________________
(NOTARIAL SEAL)

**CONSENT**

FIRST UNION NATIONAL BANK the owner and holder of a mortgage upon the Shopping Center, hereby consents to the terms and conditions of this Supplemental Lease Agreement.

FIRST UNION NATIONAL BANK

By.________________________________________
Name> . .. ... .. . .. . . . . ... ....
Its President

STATE OF _______________ )
COUNTY OF _____________ )

The foregoing instrument was acknowledged before me this ______ day of _______________, 1998, by ________________________ as ____________________ of FIRST UNION NATIONAL BANK on behalf of the bank, who is ( ) personally known to me or has ( ) produced ________________________________ as identification.

___________________________________
Printed Name ______________________
Notary Public, State and County aforesaid.
My Commission Expires:______________
Notary ID No . ______________________
(NOTARIAL SEAL)

O \NEWFORMS\LEASE\SLA

# The Law Offices of Joel Shafferman, LLC

80 Wall Street, Suite 910
New York, New York 10005
Phone. 212-509-1802
Fax 212-509-1831

3701 Henry Hudson Parkway
Suite 1E
Riverdale, New York 10463

September 15, 2006

BY FEDERAL EXPRESS
Winn-Dixie Claims Docketing Center
Logan & Company, Inc.
546 Valley Road
Upper Montclair, New Jersey 07043

Re: Winn Dixie Stores, Inc. Chapter 11 Case No. 05-03817-3F1
Winn Dixie Raleigh, Inc. Chapter 11 Case No. 05-03839-3F1

Dear Madam or Sir:

We have enclosed two (2) originals and two (2) copies of proofs of claim filed on behalf of our client, Woodland Hartford Associates, LLC, in the above-referenced Chapter 11 cases.

Please accept the originals for filing and return the copies to me in enclosed self-addressed stamped envelope.

Should you have any questions, please contact me at the above number.

Respectfully Submitted,

Joel M. Shafferman

JMS/jz

# EXHIBIT "I"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**ORDER (I) AUTHORIZING DEBTORS TO REJECT LEASE FOR STORE 997, (II) ESTABLISHING REJECTION DAMAGE CLAIM BAR DATE, AND (III) GRANTING RELATED RELIEF**

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 365 authorizing the Debtors to reject a non-residential real property lease for Store 997 (the "Lease" and, pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure establishing a deadline by which the landlord must file any claim for rejectior damages (the "Motion")[1]. The landlord under the Lease, Woodland Hartford Assoc LLC (the "Landlord") filed an objection (Doc. No. 8801) to the Motion. The Cour has reviewed the Motion, considered the evidence and heard argument of counsel After due deliberation and good and sufficient cause existing, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Objection is overruled.

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion

3. As a result of the Subtenant's failure to pay $405,780.00 in rent due, as of March 16, 2006, under a sublease agreement (the "Sublease"), between the Debtors and Cornerstone Christian Church (the "Subtenant") the Debtors terminated the Sublease by written notice dated March 16, 2006. Since the date of the termination of the Sublease, the Subtenant has not made any payments of any sort to the Debtors or the Landlord.

4. The Debtors are authorized to reject the Lease pursuant to 11 U.S.C. § 365(a). The Lease is rejected effective June 29, 2006.

5. The Debtors must pay the Landlord rent, as set forth under the Lease, for the months of May and prorated for June, 2006 within 10 business days of the entry of this Order.

6. The Debtors must pay, in accordance with the terms of the Lease, any outstanding and accrued post-petition property taxes upon Debtors' receipt of a valid invoice for such property taxes. In addition to 2005 taxes, the Debtors are also required to pay any prorated 2006 real estate taxes that have accrued through the date of rejection.

7. The entry of this Order is without prejudice to the right of the Landlord to file a claim for rejection damages under 11 U.S.C. § 502(b)(6). The Landlord must file any rejection damage claim no later than forty-five days after entry of this Order.

8. Except as specifically provided in this Order, the Debtors shall have no further obligations under the Lease.

9. Nothing in this Order constitutes a waiver of any claims the Debtors may have against the Landlord, whether or not related to the Lease.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. As a result of the termination of the Sublease, the Subtenant and its successors in interest have no right to possession of the Premises.

Dated this 7 day of August, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

00536257.4

# EXHIBIT "J"

**ALLONGE**

TO PROMISSORY NOTE IN THE PRINCIPAL AMOUNT FIVE MILLION FIVE HUNDRED ONE THOUSAND SEVEN HUNDRED FIFTY FOUR AND NO/100 DOLLARS ($5,501,754.00) DATED SEPTEMBER 16, 1998 FROM WOODLAND HARTFORD ASSOCIATES LLC, A NEW YORK LIMITED LIABILITY COMPANY TO FIRST UNION NATIONAL BANK, A NATIONAL BANKING ASSOCIATION.

PAY TO THE ORDER OF * ______________________, A ______________________ WITHOUT REPRESENTATION OR RECOURSE.

FIRST UNION NATIONAL BANK

By: ______________________
Name: Craig M. Lieberman
Title: Director/Vice President

*Pay to the order of Norwest Bank Minnesota, National Association, as Trustee for the registered holders of First Union National Bank-Chase Manhattan Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates Series, 1999-C2 (without recourse, representation of warranty, express or implied)

CW&TJ:\Docs\Nclib1\Hmarcill\0051992.01

# EXHIBIT "K"

Prepared By:
WHEN RECORDED RETURN TO:
KC WILSON & ASSOCIATES
23232 PERALTA DR. STE. 218
LAGUNA HILLS, CA 92653

BK 3985 PG 814

043826

## ASSIGNMENT OF DEED OF TRUST AND SECURITY AGREEMENT, AND ASSIGNMENT OF LEASES

FUNB

17

6219902

THIS ASSIGNMENT OF DEED OF TRUST AND SECURITY AGREEMENT, AND ASSIGNMENT OF LEASES AND RENTS (this "Assignment"), made and entered into as of the 24 day of May 1999, is by FIRST UNION NATIONAL BANK, having an office at One First Union Center DC-6, Charlotte, North Carolina ("Assignor"), in favor of * , a ________ having an office a 1031 10 Ave SE, Minneapolis, MN 55414 ("Assignee").

INVESTOR NUMBER:
LOAN NUMBER: 82-5999870
FILE NUMBER: A
DOCUMENT NUMBER: 2
DATE:

WITNESSETH:

WHEREAS, Assignor is the present legal and equitable owner and holder of a promissory note, dated as of September 16, 1998, executed by Woodland Hartford Associates LLC, a New York limited liability company ("Borrower"), and made payable to the order of First Union National Bank ("First Union") in the stated principal amount of Five Million Five Hundred One Thousand Seven Hundred Fifty Four and NO/100 Dollars ($5,501,754.00) (the "Note") in connection with the refinancing of certain real property situated in the City of Chesapeake and Commonwealth of Virginia as more particularly described on Exhibit A annexed hereto and made a part hereof (the "Premises"); and

WHEREAS, the Note is secured by Deed of Trust and Security Agreement, and Assignment of Leases and Rents, both as hereinafter defined; and

WHEREAS, the parties hereto desire that Assignor assign to Assignee, its successors and assigns, all of Assignor's right, title and interest in and to the Deed of Trust and Security Agreement and Assignment of Leases and Rents.

NOW, THEREFORE, in consideration of the premises above set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and agreed, Assignor and Assignee hereby covenant and agree as follows:

1. Assignment. Assignor does hereby transfer, assign, grant, and convey to Assignee, its successors and assigns, all of the right, title and interest of Assignor in and to the following documents and does hereby grant and delegate to Assignee, its successors and assigns, any and all of the duties and obligations of Assignor under the following documents from and after the date hereof:

a. That certain Deed of Trust and Security Agreement and Assignment of Leases and Rents, dated as of September 16, 1998 from Borrower to First Union in the stated principal amount of Five Million Five Hundred One Thousand Seven Hundred Fifty Four and

* ... as
... Union
... Pass-
... Series, 1999-C2

5

0051987.01

NO/100 Dollars (the "Deed of Trust"), encumbering the Premises, together with the notes and bonds secured thereby and recorded in the City of Chesapeake's Clerk's office; and on 9/17/99 Doc# 330054 BK 3741 Pg 003

b. That certain Assignment of Leases and Rents dated as of September 16, 1998 from Borrower to First Union (the "Assignment of Leases"), assigning to First Union all existing and future leases and rents relating to the Premises and recorded in the City of Chesapeake's Clerk's office. on 9/17/99 Doc# 330055 BK 3741 Pg 071

2. Representations and Warranties of Assignor. This Assignment is an absolute assignment. This Assignment is made without recourse, representation or warranty, express or implied.

3. Governing Law. This Assignment shall be governed by and construed in accordance with the laws of the State of Virginia.

4. Successors and Assigns. This Assignment shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

5. Headings. The headings of the paragraphs of this Assignment have been included only for convenience, and shall not be deemed in any manner to modify or limit any of the provisions of this Assignment or used in any manner in the interpretation of this Agreement.

6. Interpretation. Whenever the context so requires in this Assignment, all words used in the singular shall be construed to have been used in the plural (and vice versa), each gender shall be construed to include any other genders, and the word "person" shall be construed to include a natural person, a corporation, a firm, a partnership, a joint venture, a trust, an estate or any other entity.

7. Partial Invalidity. Each provision of this Assignment shall be valid and enforceable to the fullest extent permitted by law. If any provision of this Assignment or the application of such provision to any person or circumstances shall, to any extent, be invalid or unenforceable, then the remainder of this Assignment, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected by such invalidity or unenforceability.

[Signature page immediately follows]

BK 3985 PG 816

IN WITNESS WHEREOF, Assignor has executed this Assignment as of the date above first written.

ASSIGNOR:

FIRST UNION NATIONAL BANK

By: ______________________________
Name: Craig M. Lieberma
Title: Director/Vice President

STATE OF NORTH CAROLINA )
) ss.
COUNTY OF MECKLENBURG )

On the 16 day of JULY, 1999, before me, SYDNEY E. DANIELS, the undersigned officer, personally appeared Craig M. Lieberman, as Director/Vice President of First Union National Bank, a national banking association, who executed the foregoing instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

SYDNEY E. DANIELS NOTARY PUBLIC MECKLENBURG COUNTY, N.C.

Sydney E. Daniels
Notary Public

[SEAL]
My commission expires: 2/18/04

Notary Public

BK 3985 PG 818

EXHIBIT A

ALL THAT certain lot, piece or parcel of land, situate in the Pleasant Grove Borough of the City of Chesapeake, Virginia, and designated as "PARCEL 18", consisting of 8.426 acres, as shown on that certain plat entitled, "Subdivision Plat of Las Gaviotas Commerce Center", dated October 27, 1987, and prepared by Centerline Associates, Ltd., which plat is recorded in the Clerk's Office of the Circuit Court of the City of Chesapeake, Virginia, on December 2, 1987 in Map Book 89, at page 69, being more particularly described as follows:

BEGINNING at a pin (S) on the eastern right-of-way of Las Gaviotas Boulevard and at the common property line of this Parcel, and the northwest corner of Parcel C, as shown on the aforementioned plat of subdivision, said point of being distant 202.43 feet from the northern right-of-way of Cedar Road; thence proceeding in a northerly direction along said Las Gaviotas Boulevard right-of-way along a bearing of N 49° 55' 25" E 328.13 feet to a pin (S); a point of curvature, thence along a curve to the left, having a radius of 636.64 feet and an arc length of 174.03 feet to a pin (F); thence turning and leaving said Las Gaviotas Boulevard right-of-way, S 40° 04' 35' E 674.63 feet to a pin (F) on the western right-of-way of Rountree Drive right-of-way; thence turning and proceeding in a southerly direction along said Rountree Drive right-of-way, S 44° 47' 23" W 253.19 feet to a pin (S); a point of curvature, thence along a curve to the left, having a radius of 150.00 feet and an arc length of 126.35 feet to a pin (S); a point of tangency, thence S 03° 28' 22" E 101.55 feet to a pin (S); a point of curvature, thence along a curve to the right, having a radius of 100.00 feet and an arc length of 93.19 feet to a pin (F); a point of tangency, thence turning and leaving said Rountree Drive right-of-way, N 40° 04' 35' W 400.50 feet to a pin (F); thence S 49° 55' 25" W 160.00 feet to a pin (S); a point of curvature, thence along a curve to the left, having a radius of 30.00 feet and an arc length of 47.12 feet to a pin (S); a point of tangency in the northern right-of-way line of Cedar Road, (Var. R/W), thence proceeding in a northerly direction along Cedar Road, N 40° 04' 35" W 110.00 feet to a pin (S); thence turning leaving said Cedar Road right-of-way along a curve to the left, having a radius of 30.00 feet and an arc length of 47.12 feet to a pin (S); a point of tangency, thence N 49° 55' 25" E 160.00 feet to a pin (S); thence N 40° 04' 35" W 405.00 feet to the point of beginning. Said Parcel contains 8.426 acres.

RECORDED WITH CERTIFICATE ANNEXED

99 OCT 26 PM 3:21

CHESAPEAKE, VA.

TESTE: [signature]

CLERK, CIRCUIT COURT

# EXHIBIT "L"

previous | next

§ 55-220.1. Perfection of lien or interest in leases, rents and profits.

The recordation pursuant to § 55-106, in the county or city in which the real property is located, of any deed, deed of trust or other instrument granting, transferring or assigning the interest of the grantor, transferor, assignor, pledgor or lessor in leases, rents or profits arising from the real property described in such deed, deed of trust or other instrument, shall fully perfect the interest of the grantee, transferee, pledgee or assignee as to the assignor and all third parties without the necessity of (i) furnishing notice to the assignor or lessee, (ii) obtaining possession of the real property, (iii) impounding the rents, (iv) securing the appointment of a receiver, or (v) taking any other affirmative action. The lessee is authorized to pay the assignor until the lessee receives written notification that rents due or to become due have been assigned and that payment is to be made to the assignee. This section shall apply to all instruments of record before, on or after July 1, 1992.

(1992, c. 67; 1993, c. 427.)

---

**previous** | **next** | **new search** | **table of contents** | **home**