UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,                        Case No. 3:05-bk-03817-JAF

Debtor.                                          Chapter 11 – Jointly Administered
_____/

## APPLICATION OF GERDA LEONCE FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), GERDA LEONCE ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1.      On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2.      The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3.      Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4.      The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5.      The Movant's personal injury claim has not yet been liquidated. The Movant estimates the claim against the Debtor to be at least $30,000.00.

6.      Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7.      The Movant asserted her post-petition claim by **timely** filing a Proof of Claim with the Court (Claim No. 13762). The Movant was unaware that the claim should have been asserted in an Application instead of a Proof of Claim. This Application asserts the exact same claim, and relates back to, the timely filed Proof of Claim. A Motion requesting the Court to

deem this Application as timely will be filed with the Court.

8. The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

9. Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

10. The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

> Gerda Leonce
> c/o Evan D. Frankel, Esq.
> Law Offices of Evan D. Frankel, P.A.
> 8025 Biscayne Boulevard
> Miami, FL 33138

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

> /s/DENNIS J. LEVINE, ESQ.
> DENNIS J. LEVINE, ESQ.
> Fla. Bar No. 375993
> DENNIS LeVINE & ASSOCIATES, P.A.
> P.O. Box 707
> Tampa, FL 33601-0707
> (813) 253-0777
> (813) 253-0975 (fax)
> Attorneys for Gerda Leonce
> c/o Evan D. Frankel, Esq.

---

[1] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994). As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift )*, 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this ___9th___ day of February.

                      /s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

# Law Offices of Evan D. Frankel, P.A.

**EVAN D. FRANKEL**
ATTORNEY AT LAW

8025 BISCAYNE BOULEVARD - MAILING ADDRESS
MIAMI, FLORIDA 33138

2012 HOLLYWOOD BOULEVARD
HOLLYWOOD, FLORIDA 33020

DADE 305-759-6100
FAX 305-758-7122

BROWARD 954-922-4042
FAX 954-921-1244

February 2, 2007

Dennis LeVine & Associates, P.A.
103 South Boulevard
Tampa, Florida 33606-1901

RE: Claim Against Winn Dixie
Client: Gerda Leonce
D/A: 3-17-06

Dear Mr. LeVine:

Ms. Gerda Leonce slipped and fell in Winn Dixie, walking towards the evaporate milk aisle on what appeared to be a yellow liquid while shopping on 3-17-06. Ms. Leonce did not notice any fallen bottles. She fell backwards on her buttocks and was assisted by Winn Dixie store manager who called an ambulance. Ms. Gerda Leonce was transported to Jackson Memorial Hospital Emergency Room where she was treated, kept for an overnight stay, and released the following day. Ms. Leonce was advised to seek treatment from her private physician. Dr. Amir Kermani, the client's treating physician is of the opinion our client will retain a six percent (6%) permanent partial impairment to the body as a whole. The diagnosis is Lumbar Sprain/Strain.

Ms. Gerda Leonce has an outstanding balance for medical services amount of $14,418.36. Our demand amount is $30,000.

The person designated to receive notices is the undersigned attorney. The corrected e-mail address is evanlaw@comcast.net and fax number is 305-758-7122.

Sincerely,
LAW OFFICES OF EVAN D. FRANKEL, P.A.


EVAN D. FRANKEL
Attorney at Law
EDF/fnf

EXHIBIT A

TOLL-FREE 1-800-394-3826 • EVANLAW@BELLSOUTH.NET
EVAN

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT Middle DISTRICT OF Florida | PROOF OF CLAIM |
|---|---|

Name of Debtor: Winn-Dixie Stores, Inc., et. al
Case Number: 05-03817-3F1

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Gerda Leonce

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Law Offices of Evan D. Frankel, P.A.
8025 Biscayne Blvd.
Miami, FL 33138
Telephone number: (305) 759-6100

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor: 8741

Check here ☐ replaces
if this claim ☐ amends a previously filed claim, dated:____

1. Basis for Claim
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☒ Personal injury/wrongful death
   ☐ Taxes
   ☐ Other ____

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of your SS #: ____
   Unpaid compensation for services performed
   from ____ to ____
   (date)      (date)

2. Date debt was incurred: 03/17/2006
3. If court judgment, date obtained:

4. Classification of Claim. Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $ 30,000.00
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

Unsecured Priority Claim
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

Secured Claim
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other ____
Value of Collateral: $____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

5. Total Amount of Claim at Time Case Filed: $ 30,000.00 ____ ____ 30,000.00
   (unsecured) (secured) (priority) (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date: 01/04/2007
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
*Evan Frankel, Esq.* EVAN D. FRANKEL, ESQ.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.