UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,           Case No. 3:05-bk-03817-JAF

    Debtor.                              Chapter 11 – Jointly Administered

_____/

## APPLICATION OF LINDA NOLAN FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), LINDA NOLAN ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1. On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2. The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3. Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4. The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5. The Movant's personal injury claim has not yet been liquidated.

6. Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 was set for post-petition claimants to file administrative expense claims.

7. The Movant learned of the administrative claims bar date after the bar date, and/or the Movant's failure to file the application for an administrative claim prior to the bar date resulted from excusable neglect. A separate Motion pursuant to Bankruptcy Rule 9006 requesting the Movant's claim be deemed as timely filed will be filed with the Court.

8. The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

9. Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

10. The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

> Linda Nolan
> c/o Rolando Guerra, Esq.
> John Bales Attorneys
> 9700 Dr. Martin Luther King, Jr. Street North
> Suite 400
> St. Petersburg, FL 33702

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

> /s/DENNIS J. LEVINE, ESQ.
> DENNIS J. LEVINE, ESQ.
> Fla. Bar No. 375993
> DENNIS LeVINE & ASSOCIATES, P.A.
> P.O. Box 707
> Tampa, FL 33601-0707
> (813) 253-0777
> (813) 253-0975 (fax)
> Attorneys for Linda Nolan
> c/o Rolando Guerra, Esq.

---

[1] *See, e.g., Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift ),* 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this ___9th___ day of February, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

## Dennis J. LeVine

**From:** RGG (Rolando G. Guerra) [rguerra@johnbales.com]
**Sent:** Wednesday, February 07, 2007 9:55 AM
**To:** Dennis J. LeVine
**Cc:** ANT (Alisa N. Teetor); RGG (Rolando G. Guerra)
**Subject:** Linda Nolan v Winn Dixie

Dennis,
Per our recent conversation I am responding to the 4 questions in your memo as follows:
1. Linda Nolan
2. This incident occurred on 11/27/05 at Winn Dixie store #702 in Brooksville Fl. Ms Nolan slipped and fell on water near the flower display due to WD's failure to properly maintain the store. She has herniations in her neck and back with surgery recommendations.
3. 3. Suit has been file in April of 2006. The damages are in excess of $15000 and are unliquidated.
4. John Bales Attorneys is designated to receive objections to the Application.

I am revising the affidavits and will get them to you in the near future. Please go forward with the Mot for extension of time.
If you need anything further from us, let me know. Thanks again for your assistance.
Rolando G.Guerra jr.

EXHIBIT A

2/7/2007