UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,

Debtor.
_____/

Case No. 3:05-bk-03817-JAF

Chapter 11 – Jointly Administered

### AMENDED APPLICATION OF AVIS RICHARDSON FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), AVIS RICHARDSON ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1. On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2. The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3. Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4. The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5. The Movant personal injury claim has not yet been liquidated. The Movant estimates the claim against the Debtor to be at least $100,000.00.

6.     Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7.     On January 5, 2007 the Movant filed an Application for Administrative Expense (through Attorney Robert Melton)(Docket No. 14352)(see attached). This Application inadvertently was not signed by Attorney Melton. As such, on January 19, 2007, the Court entered and Omnibus Objection to the lack of Signature(Docket No.14799). This Amended Application relates back to the Application timely filed on January 5, 2007.[1]

8.     The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[2]

9.     Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

---

[1] Fed. R. Civ.P. 15(c) deals with the relation back of amendments of pleadings. A creditor may amend a claim if it meets Rule 15(c)'s standard of arising out of a timely filed claim's "conduct, transaction or occurrence. "*In re Unroe*, 937 F. 2d346, 349 (7th Cir. 1991); *In re Kolstad*, 928 F. 2d 171, 176 fn. (5th Cir.), cert. *denied*, 502 U.S. 958, 112 S. Ct. 419 116 L. Ed 2d 439 (1991) (late filed claim may be allowed as an amendment to a timely filed claim, so long as claimant is not "attempting to stray beyond the perimeters of the original proof of claim..." and so long as "the degree and incidence of prejudice, if any, caused by [the claimant's] delay" is not too great). In this case, the signed Amended Application does not raise any new claims, and clearly relates back to the timely filed unsigned Application. *In re International Horizons*, Inc., 751 F.2d 1213, 1216 (11th Cir. 1985)(amendments to proofs of claim are permitted to cure the defects in a claim already filed, to describe a claim with greater particularly or to plead a new theory of recovery on the facts of the original claim); *In re Pyramid Bldg. Co.*, 87 B.R. 38, 40 (Bankr. N.D. Ohio 1988).

[2] *See, e.g., Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States (In re Airlift )*, 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

10. The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

> Avis Richardson
> c/o Robert D. Melton, Esq.
> Robert D. Melton, P.A.
> Post Office Drawer 1032
> Orlando, FL  32802

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

/s/DENNIS J. LEVINE, ESQ.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
DENNIS LeVINE & ASSOCIATES, P.A.
P.O. Box 707
Tampa, FL 33601-0707
(813) 253-0777
(813) 253-0975 (fax)
Attorneys for Avis Richardson
c/o Robert D. Melton, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this ___9th___ day of February, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005

In re:

WINN-DIXIE STORES, INC., et. al.     CASE NO: 3-05-bk-03817 (JAF)

Chapter 11

Jointly Administered

### APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE AVIS RICHARDSON

**COMES NOW**, AVIS RICHARDSON, ("Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. SECT. 503 (b). Applicant requests the entry of an order allowing to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. And Affiliated Debtors (the "Confirming Order") and the provisions of the Plan as confirmed. In support of the Application, Applicant states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter to 28 U.S.C SECT 157 and 1334. Venue is proper pursuant to 28 U.S.C SECT 157 (b)(2).

### FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc. et. al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3. After the Petition Date and on or about May 29, 2006, Applicant was injured at the Winn-Dixie store located in Orlando, Florida. As a proximate result of the injury, Applicant has suffered severe damages totaling at least $100,000.00,

which damages Applicant can be supported through medical records and other proof. (1, please see below)

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate." 11 U.SC. SECT. 503 (b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown* 391 U.S. 471, 485 (providing an expansive interpretation of what is an "actual, necessary cost" entitled to priority and holding that damages in negligence to a third party arising out of the receiver's administration of the estate give rise to an "actual and necessary cost"); *In re Pipe Aircraft Corp.*, 169 B.R. 766 (Bankr. S. D. Fla. 1994).

5. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's $100,000.00 claim is entitled to administrative expense status under 11 U.S.C. SECT. 503 (b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

(1) Applicant's damages may be fully liquidated at this time

2

Robert D. Melton, Esq.

Robert D. Melton, PA

P O BOX 1032

Orlando, Fl. 32802

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting relief requested herein and such other relief as it deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq. Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq. Counsel for the Office of United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

ROBERT D MELTON, ESQUIRE
(Fla. Bar # 54218)
ROBERT D. MELTON, P.A.
P.O. Drawer 1032
Orlando, FL 32802-1032
(407) 841-4400
Attorney for Plaintiff

/tr