## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
## MURDOCKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

        Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

## RESPONSE IN LIMITED OPPOSITION TO DEBTORS' TWENTY-NINTH OMNIBUS OBJECTION TO CLAIMS

### *Lisa Murdock - Claim No. 13695*

Comes Now, Lisa Murdock ("Ms. Murdock" or "Applicant"), through the undersigned attorneys, and responds as follows to Debtor's Twenty-Ninth Omnibus Objection to Claims ("Debtors' Objection"). In limited opposition to the Debtors' Objection, Applicant states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2.      Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3.      After the Petition Date, Ms. Murdock was injured at a Winn-Dixie store (the "Incident"), and filed both a Proof of Claim and an Application for Allowance of Administrative Expense Status for Post-Petition Claim and Request for Notice (the "Application") for damages as a result of the Incident.

## DEBTORS' TWENTY-NINTH OMNIBUS OBJECTION

4.      Applicant has reviewed the Debtors' Objection and views it as an objection only to the Applicant's Proof of Claim, and not to the Application. Correspondingly, the Debtors' Objection apparently seeks only the disallowance of Ms. Murdock's Proof of Claim on the basis that because the Incident occurred post-petition, the filing of the Proof of Claim was not procedurally proper. While the Debtor's reserve in the Debtors' Objection the right to amend to assert an objection to the substance of the Applicant's claim for damages based upon the Incident, the current Objection is procedural and directed only to the Proof of Claim.

5.      To the extent that the Debtors' Objection seeks the entry of an order disallowing only the Proof of Claim, while not affecting the Application, then Ms. Murdock consents to the relief sought in the Debtors' Objection. To the extent the Debtors' Objection seeks any relief with regard to the Application, then Applicant opposes the Objection and requests a hearing on the merits of Debtors' position.

6.      Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b). In this instance, the Incident occurred as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b) and any objection to it must be disallowed.

**WHEREFORE**, based upon the foregoing, Applicant Lisa Murdock consents to the entry of an order disallowing the Proof of Claim but opposes the entry of any order

disallowing or otherwise affecting the Application for Allowance of Administrative

Expense Status for Post-Petition Claim and Request for Notice.

      Respectfully Submitted,          WILCOX LAW FIRM


/s/ **Robert Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Murdocksonville, FL 32216
Telephone: (904) 281-0700
Facsimile: (904) 513-9201


## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2007 I filed this **RESPONSE IN LIMITED OPPOSITION TO DEBTORS' TWENTY-NINTH OMNIBUS OBJECTION TO CLAIMS** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ **Robert Wilcox**
Robert D. Wilcox