UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                          CASE NO. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.                     Chapter 11

    Reorganized Debtors                               Jointly Administered
_____/

**RESPONSE BY JULIE BECKER IN OPPOSITION TO DEBTOR'S TWENTY-NINTH OMNIBUS OBJECTION TO (A) IMPROPERLY FILED CLAIMS, (B) NO LIABILITY CLAIMS, (C) NO LIABILITY MIS-CLASSIFIED CLAIMS, (D) LATE CLAIMS, (E) LATE WITH REMAINING CLAIMS, (F) OVERSTATED CLAIMS, AND (G) OVERSTATED MIS-CLASSIFIED CLAIMS**

TO:    THE HONORABLE JERRY A. FUNK
        UNITED STATES BANKRUPTCY JUDGE

Julie Becker, ("Claimant") by and through her undersigned counsel, hereby files this Response by Julie Becker in Opposition to Debtor's Twenty-Ninth Objection to (A) Improperly Filed Claims, (B) No Liability Claims, (C) No Liability Mis-Classified Claims, (D) Late Claims, (E) Late With Remaining Claims, (F) Overstated Claims, and (G) Overstated Mis-Classified Claims, and will respectfully set forth and show:

**PROCEDURAL CONTEXT**

1.    Winn-Dixie Stores, Inc., and twenty-three of its subsidiaries, filed Voluntary Petitions pursuant to Chapter 11 of the Bankruptcy Code, with this Court on February 21, 2005.

2.    By previous Order of this Court, dated April 28, 2005, a claims bar date for filing Proofs of Claim for pre-Petition claims was set at August 1, 2005 ("Pre-petition Bar Date"). In addition, this Court had set as January 5, 2007, the time period in which to file applications for administrative expense claims that have incurred after the Petition date ("Administrative Bar Date").

3.    Claimant, through counsel, had filed for an administrative expense claim on or about December 17, 2006. Through mistake, inadvertence and excusable neglect, Claimant's administrative expense claim was memorialized through use of the document entitled "Proof of Claim – Unsecured," a true copy of which is attached to this Response and made a part hereof (hereinafter referred to as the "Claim"). The Claim was assigned claim number 558332.

4.    The Claim is clear on its face in paragraph "3" that the basis for the Claim arises from facts

and circumstances that occurred after the Debtors filed their bankruptcy Petition, and more specifically on December 12, 2006. The Claim sets forth as follows in this regard:

> 3. The debt is contingent upon proof of liability and damages in a negligence lawsuit to be filed by claimant against debtor for personal injuries arising out of an incident that occurred on 12/12/06 at Winn-Dixie store located at 1055 W. Hallandale Beach Boulevard, Hallandale, Florida.

5. The Debtors objected to the Claim pursuant to the Debtors' Twenty-Ninth Omnibus Objection to (A) Improperly Filed Claims, (B) No Liability Claims, (C) No Liability Mis-Classified Claims, (D) Late Claims, (E) Late With Remaining Claims, (F) Overstated Claims, and (G) Overstated Mis-Classified Claims ("Objection"). According to the Objection, the Debtors recognize that the Claim references that the facts and circumstances that created the Claim occurred after the Debtors filed their bankruptcy Petition. As stated in the Objection, the basis for the Objection is that a Proof of Claim form should not have been used, and that administrative expense claims were to be asserted by application for an administrative expense claim filed with the Bankruptcy Court by the Administrative Bar Date.

6. It has been recognized that where a proof of claim form on its face provided sufficient notice of the administrative nature of the claim, and therefore put other parties on notice of the claim's nature, and if the claim was timely filed within the administrative claim bar date, then to deny the administrative claim simply because it has been memorialized in a proof of claim form, elevates form over substance and should be avoided. In Re: Fas Mart Convenience Stores, Inc., 320 B.R. 587 (Bankr. E.D. VA 2004); In Re: Sage Richmond, LLC, 285 B.R. 364 (Bankr. E.D. VA 2002).

7. Within the context of a Chapter 11 case, the U.S. Supreme Court has recognized that creditors may even be permitted to file claims late where the failure to timely file same was a result of excusable neglect, inadvertence, mistake, or carelessness. Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 113 S. Ct. 1489 (1993).

8. In the present matter before the Court, Claimant's Claim was timely filed before the Administrative Bar Date, but Claimant inadvertently used the wrong form. This is a stronger case to allow the Claim than facts and circumstances set forth in the Pioneer case, and is more in line with the holdings

-3-

in the case authorities of In re Fas Mart and In re Sage Richmond.

**WHEREFORE**, for the foregoing reasons, it is respectfully prayed that this Court enter an Order (a) denying the Debtors' Objection; (b) allowing Claimant's Claim as an administrative claim; and (c) for such other and further relief as this Court may deem just and proper under the circumstances.

**I HEREBY CERTIFY** that on February 12, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

BEHAR, GUTT & GLAZER, P.A.
Attorneys for Julie Becker
2999 N.E. 191st Street, Fifth Floor
Aventura, Florida 33180
Telephone: (305) 931-3771
Fax: (305) 931-3774

By:_____
 BRIAN S. BEHAR / FBN: 727131
 ROBERT J. EDWARDS /FBN: 007544

S:\100000.00\Unassigned Files\Ben (BSB)\Response.Opposition.becker.wpd

**SERVICE LIST**

D.J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, New York  10036

James H. Post, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida  32202

Lawrence S. Ben, Esquire
1720 Harrison Street, Suite 7-A
Hollywood, Florida  33020

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

Winn-Dixie Stores, Inc., et al.,

CASE NO.: 05-03817-3F1

Chapter 11
Jointly Administered

Reorgarnized Debtors.

## PROOF OF CLAIM - UNSECURED

1. The undersigned is the attorney and authorized agent for the Claimant, JULIE BECKER.

2. The Debtor is presently indebted to the Claimant in this case in the amount of two hundred thousand ($200,000.00) dollars.

3. The debt is contingent upon proof of liability and damages in a negligence lawsuit to be filed by Claimant against Debtor for personal injuries arising out of an incident that occurred on 12/12/06 at Winn Dixie Store located at 1055 West Hallandale Beach Blvd., Hallandale, FL.

4. This claim is not subject to any setoff.

5. The Claimant holds no security interest as shown on the attachments, as it has been returned and this claim is filed as an unsecured claim.

1

CHIKOVSKY, BEN & SCHAFER, P.A.

*[signature]*

Lawrence S. Ben
1720 Harrison St., Ste. 7A
Hollywood, FL 33020
(954) 921-0101
Fla Bar No.: 300888
Attorney for Creditor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Proof of claim was sent by U.S. Mail (Certified Mail-Return Receipt) this **17th** day of **December, 2006** to all parties listed below.

*[signature]*

LAWRENCE S. BEN

Service List:

Clerk of the Bankruptcy Court
300 North Hogan Street
Suite 3-350
Jacksonville, Florida 32202

James Post
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(Co-Counsel for Reorganized Debtors)