UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN DIXIE STORES, INC., er al.,          Case No. 05-03817-3F1

Debtors.                                  Chapter 11 – Jointly Administered

_____/

MOTION BY SANDRA AND EUGENE MARCHESE FOR

LEAVE TO SUBMIT LATE MOTION FOR

ALLOWANCE OF ADMINISTRATIVE EXPENSE

PRIORITY CLAIM

Sandra Marchese and Eugene Marchese, by and through their undersigned attorneys, file this Motion for Leave to Submit Late Motion for Allowance and Payment of Administrative Expense Priority Claim and state as follows in support thereof:

1. On February 21, 2005, the Debtors commenced this bankruptcy case by filing a petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors subsequently operated their business as debtors-in-possession.

2. On or about September 27, 2005, Sandra Marches was injured at the Winn-Dixie Store located in Pasco County, Florida and suffered severe damages, incurred medical and surgical expenses and suffered pain and suffering totaling at least $100,000.00.

3. On November 21, 2005, Maney and Gordon, PA ("Claimaint's Counsel") sent a certified letter to the Debtor advising them of the claim and Claimant's Counsel's involvement. This letter directed Debtor to direct all correspondent to Claimant's Counsel.

4. In December 2006, Debtor's filed a notice ("Bar Notice") stating that all persons asserting administrative claims were required to file and serve an application for payment of such claims by January 5, 2007.

5. Debtors did not serve the Bar Notice upon Claimant's Counsel.

6. Just prior to the January 5, 2007 application due date, Claimant's Counsel obtained a copy of the Bar Notice and contacted a legal assistant at Smith Hulsey & Busey, co-counsel for the Debtor, as the Bar Notice said to contact them with any questions concerning the Bar Notice.

7. Claimant's Counsel was advised by representatives of Smith Hulsey & Busey that Claimant's Counsel was **not** to file the administrative claim with the Bankruptcy Court. Claimaint's Cousnel was instructed to submit proof of claims to Logan & Company and that would meet the requirements set forth in the Bar Notice.

8. Claimant's Counsel later came to learn that the instructions received from Smith Husley & Busey were incorrect and that Claimaint's claim was improperly filed when Claimant's Counsel received Notice of Hearing for the February 22, 2007 for Debtor's Twenty-Ninth Omnibus Objection.

9. The claims of Sandra Marchese and her husand, Eugene Marchese, should be deemed timely filed for four independent reasons. First, the Debtors failed to provided proper notice of the Bar Notice to Claimant's Counsel. See Mullane v.

Central Hanover Bank & Trust Co., 339 U.S. 306 (1950) (discussing the due process requirement of tailored notice); In re: Spring Valley Farms, Inc., 863 F.2d 832 (11th Cir. 1989) (holding that specific notice is required before a claim can be discharged). Second, the Debtors were aware of the subject claim prior to the Bar Notice date via receipt of the initial notice of claim sent by Claimant's Counsel on November 21, 2005, which constitutes a timely and cognizable informal claim. See In re: L. Meyere & Son Seafood Corp., 188 B.R. 315 (Bankr. S.D. Fla. 1995)(Allowing informal proof of claim). Third, the deadline should be extended under Bankruptcy Rile 9006(b)1) in light of the absence of prejudice to the Debtors, the Claimant's good faith and the timeliness of this motion. See Pioneer Inv. Svcs. Co. v. Brunswick Assocs. Ltd. P'ships, 507 U.S. 380 (1993); In reL E.S. Bankest, L.C., 321 B.R. 588 (Bankr. S.D. Fla. 2005). Lastly, the deadline should be extended due to the fact that Claimant was provided with incorrect information relating to the application from Debtor's co-counsel, the entity to whom questions regarding the Bar Notice were to be directed.

WHEREFORE, Claimants Sandra Marchese and Eugene Marchese respectfully requests that the Court deem their previously filed Claim No. 13666 filed as timely.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via U.S. Mail, postage prepaid, upon the following parties this 12th day of February, 2007.

Case 3:05-bk-03817-JAF    Doc 15117    Filed 02/12/07    Page 4 of 6

Matthew Barr

Milbank Tweed Hadley & McCloy LLP

1 Chase Manhattan Plaza

New York, NY 10005

James Post

Smith Hulsey & Busey

225 Water Street, Suite 1800

Jacksonville, FL 32202

D.J. Baker

Skadden Arps Slate Meagher & Flom LLP

Four Times Square

New York, NY 10036

Respectfully submitted,

_____
RICHARD D. GIGLIO, ESQ.
Maney & Gordon, P.A.
101 East Kennedy Boulevard, Suite 3170
Tampa, FL 33602
Counsel for Sandra and Eugene Marchese
Telephone (813) 221-1366
Facsimile (813) 223-5920

**MANEY & GORDON, P.A.**
ATTORNEYS AND COUNSELORS AT LAW

*Richard Henry Maney*‡
*Jeffrey "Jack" Gordon*■ ◆
*Richard Giglio*
*Suzanne Vasquez*‡

*Lawrence Hodz*
*Maud Poudat*
*Christian A. Zeller*

*of Counsel*
*John V.A. Holmes* ‡
*Edwin P. Krieger* ˙

‡ *Board Certified Immigration and Nationality Lawyer*

■ *Board Certified Civil Trial Lawyer*

◆ *Certified Circuit Court Arbitrator*

˙ *Also admitted in Colorado*

November 21, 2005

**VIA CERTIFIED MAIL 7004 2510 0001 3295 3640**
**RETURN RECEIPT REQUESTED**

Winn Dixie Supermarkets
Sedgewick Claims
P.O. Box 24787
Jacksonville, Florida 32241-4787

    RE:    Our Client    :    Sandra Marchese
           Date of Loss    :    September 27, 2005
           Your Claim Number  :  A511212367-0001-01 002
           Your Insured    :    Rebecca Peters

Dear Sir or Madam:

    Please be advised that this office represents the above-referenced individual with respect to injuries received arising out of the above-referenced incident.

    Pursuant to Florida Statute 627.4137, I hereby request a statement, under oath, given by a corporate officer or claims manager, providing the following information:

    1.    *The name of the insurer.*

    2.    *The name of each insured.*

    3.    *The limits of liability coverage.*

    4.    *A statement of any policy or coverage defense which your firm reasonably believes is available at the time of filing this requested information.*

    5.    *A copy of the policy.*

    Please direct all correspondence and communication concerning this claim to this office.

    Your prompt attention to this matter is greatly appreciated.

                                  Sincerely yours,

                                  MANEY & GORDON, P.A.

                                  RICHARD D. GIGLIO
                                  Attorney at Law

RDC/dlc

*Bank of America Plaza*
*101 E. Kennedy Blvd.*
*Suite 3170*
*Tampa, Florida 33602*
*(813) 221-1366*
*Fax: (813) 223-5920*

*9421 Tradeport Drive*
*Orlando, Florida 32827*
*(407) 857-1300*
*Fax: (407) 857-9110*

*info@maneygordon.com*
*http://www.maneygordon.com*

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.42 |

Postmark Here

Sent To: Winn Dixie / Sedgewick Claims
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, June 2002    See Reverse for Instructions

7004 2510 0001 3295 3640

---

□ Agent
□ Addressee
Printed Name: ammerdiener
C. Date of Delivery: NOV ? 2005
dress different from item 1? □ Yes
delivery address below: □ No

lail   □ Express Mail
       □ Return Receipt for Merchandise
  ail  □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number (Transfer from service label)
7004 2510 0001 3295 3640

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540