**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE: WINN-DIXIE STORES, INC. ET AL.                    CASE NO.  05-03817-3F1

**MOTION TO LIFT AUTOMATIC STAY**

COMES NOW Sharon Craddieth, next friend and natural mother of Ashley Craddieth, and files this her Motion to Lift Automatic Stay showing unto the Court as follows:

1. On August 20, 2005, Ashley Craddieth, accompanied by her mother, Sharon Craddieth, was shopping in Winn-Dixie in Columbus, Mississippi, when she slipped and fell in a puddle of water.

2. At the time of the incident, Winn-Dixie was insured under a policy of liability insurance, and said policy provided liability coverage for the incident causing injury to Ashley Craddieth.

3. On September 16, 2005, counsel for movant forwarded notice of representation of movant's claim to Ms. Gloria Davis of Sedgwick Claims Management Services, Inc., and in that correspondence requested acknowledgment of receipt of the notice of representation within seven (7) days of receipt of said notice.  (See Group Exhibit A).

4. Consistent with the request, Ms. Gloria Davis of Sedgwick Claims Management Services, Inc., acknowledged receipt of the notice of representation on September 19, 2005.  (See Group Exhibit A).

5. Unbeknownst to counsel undersigned, Winn-Dixie filed a petition for relief under the United States Bankrtupcy Code, and the case is now pending in this Court.

6. Undersigned counsel was not aware of the pending bankruptcy case until the document styled *Notice of (A) Entry of Order Confirming Plaint of Reorganization, (B) Occurrence of*

*Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims* was produced by Plaintiff on February 1, 2007, and counsel undersigned has promptly made application to the Clerk of this Court for a password and login assignment to comply with the Court's mandate to file all documents electronically.

7. Movant now seeks to lift the automatic stay to the extent of available liability insurance. She avers that lifting the stay to said extent would not, in any way, harm or prejudice the Debtors or the Debtors' estate.

8. Copies of all relevant documents have been attached as Group Exhibit A.

**WHEREFORE PREMISES CONSIDERED**, Sharon Craddieth, next friend of Ashley Craddieth, moves for entry of this Court's order lifting the automatic stay herein to allow her to proceed with the provision that any recovery therein shall be satisfied solely from the aforesaid liability insurance policy.

    Respectfully submitted,

    **SHARON CRADDIETH, NEXT FRIEND OF ASHLEY CRADDIETH, A MINOR**

    BY:   /s/ Angela Turner-Lairy
              **ANGELA TURNER-LAIRY**
              **MISSISSIPPI BAR NO. 100187**

              **ATTORNEY FOR CREDITOR**

**OF COUNSEL:**
**TURNER & ASSOCIATES, P.L.L.C.**
**POST OFFICE DRAWER 1500**
**WEST POINT, MISSISSIPPI 39773**
**TELEPHONE NO. (662) 494-6611**
**FACSIMILE NO. (662) 494-4818**

# **CERTIFICATE OF SERVICE**

I, the undersigned Angela Turner-Lairy, attorney of record for Plaintiff herein, do hereby certify that electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing of the foregoing *Motion to Lift Automatic Stay* to:

> James Post, Esq.
> Smith, Husley & Busey
> 225 Water Street, Suite 1800
> Jacksonville, Florida 3220
> [jpost@smithhulsey.com]
>
> Mattew Barr, Esq.
> Millbank, Tweed, Hadley & McCloy LLP
> 1 Chase Manhattan Plaza
> New York, New York 10005
> [mbarr@milbank.com]

SO CERTIFIED this the 12th day of February, 2007.

/s/ Angela Turner-Lairy
**ANGELA TURNER-LAIRY**