UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Reorganized Debtors. ) | Jointly Administered |

## AGREED ORDER APPROVING STIPULATION BETWEEN DEBTORS AND MASTERFOODS USA, A DIVISION OF MARS, INC.

This cause is before the Court upon the Debtors' Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims and (F) Amended and Superseded Claims (the "Twenty-Second Objection"), filed at Docket No. 10873 by Winn-Dixie Stores, Inc. and its twenty-three debtor subsidiaries (the "Debtors"), as it pertains to claims (the "Claims") filed by Masterfoods USA, a division of Mars, Inc. ("Masterfoods") on behalf of itself and its affiliated entities and divisions M&M Mars ("M&M"), Kal Kan Foods Inc. ("Kal Kan"), and Uncle Bens Inc. ("Uncle Bens" and, together with M&M and Kal Kan, the "Divisions") and amounts owed to the Debtors by the Divisions (the "Amounts Owed to Debtors"). Based upon the consent of the parties set forth in the attached stipulation between the Debtors, Masterfoods, and the Divisions (the "Stipulation"),[1] it is

ORDERED AND ADJUDGED:

1. The Stipulation attached to this Order is approved.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Stipulation.

2. The Twenty-Second Objection as it relates to the Claims and the Amounts Owed to Debtors is resolved as provided in this Order and in the Stipulation.

3. Claim No. 4397 filed against Winn-Dixie by M&M and Masterfoods is disallowed in its entirety.

4. Claim No. 4398 filed against Winn-Dixie by Kal Kan and Masterfoods is disallowed in its entirety.

5. Claim No. 4399 filed against Winn-Dixie by Uncle Bens and Masterfoods is disallowed in its entirety.

6. On the eleventh (11th) day following the entry of an order approving this Stipulation, from which no appeal has been taken, (a) M&M and/or Masterfoods shall permit the Debtors to deduct $125,732 from postpetition invoices from M&M; (b) Kal Kan and/or Masterfoods shall permit the Debtors to deduct $29,768 from postpetition invoices from Kal Kan; and (c) Uncle Bens and/or Masterfoods shall permit the Debtors to deduct $4,500 from postpetition invoices from Uncle Bens.

7. Effective upon entry of this Order and upon issuance of the credits described in paragraph 6 above, all claims as between the Debtors, Masterfoods, and its Divisions, including any and all claims by the Debtors pursuant to Sections 547 and 550 of the Bankruptcy Code, for products delivered to the Debtors, as of the Petition Date, and for payments made by the Debtors to Masterfoods or its Divisions for such products, are fully and finally released and resolved as provided in this Stipulation.

8. The parties to the Stipulation are authorized to execute and deliver any and all additional documents and do any and all things reasonably necessary to carry out the intent of the parties pursuant to this Stipulation.

9. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 13 day of February, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

---------------------------------------------------x
                                    :
In re:                              :   Chapter 11
                                    :
WINN-DIXIE STORES, INC., et al.,    :   Case No. 05-03817-3F1
                                    :
           Reorganized Debtors.     :
                                    :   Jointly Administered
---------------------------------------------------:

**STIPULATION BETWEEN DEBTORS AND MASTERFOODS USA,
A DIVISION OF MARS, INC.**

This Stipulation (the "Stipulation") is made and entered into as of the date set forth below by and among Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates as reorganized debtors and debtors in possession in the above-styled jointly administered bankruptcy cases (the "Debtors") and Masterfoods USA, a division of Mars, Inc. ("Masterfoods"), on behalf of itself and its affiliated entities and divisions M&M Mars ("M&M"), Kal Kan Foods Inc. ("Kal Kan"), and Uncle Bens Inc. ("Uncle Bens" and, together with M&M and Kal Kan, the "Divisions"):

WHEREAS, on February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"); and

WHEREAS, Masterfoods and its Divisions are manufacturers of various products and the Debtors operate retail grocery stores and purchase these products from Masterfoods and the Divisions; and

WHEREAS, on June 22, 2005, Masterfoods and the Divisions filed the following claims against Winn-Dixie: (i) Claim No. 4397 filed by M&M and Masterfoods, asserting a non-priority

1187908.03-New York Server 7A                                    MSW - Draft January 4, 2007 - 10:18 AM

unsecured claim in the amount of $216,249.10 ("Claim No. 4397"); (ii) Claim No. 4398 filed by Kal Kan and Masterfoods, asserting a non-priority unsecured claim in the amount of $338,837.09 ("Claim No. 4398"); and (iii) Claim No. 4399 filed by Uncle Bens and Masterfoods, asserting a non-priority unsecured claim in the amount of $73,160.78 ("Claim No. 4399" and, together with Claim No. 4397 and Claim No. 4398, the "Claims"); and

WHEREAS, on September 12, 2006, the Debtors filed the Debtors' Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims and (F) Amended and Superseded Claims (the "Twenty-Second Objection"), seeking, inter alia, the disallowance of the Claims and asserting that the Debtors were owed sums by the Divisions (the "Amounts Owed to Debtors"); and

WHEREAS, Masterfoods requested, and the Debtors agreed, to continue the Twenty-Second Objection as to the Claims so as to provide Masterfoods and its Divisions with additional time to review the Claims and the Amounts Owed to Debtors; and

WHEREAS, the Debtors, Masterfoods, and its Divisions wish to resolve all remaining issues between and among the parties concerning the Claims and the Amounts Owed to Debtors;

NOW THEREFORE, the parties hereby stipulate and agree as follows:

1. Upon entry of an order by the Court approving this Stipulation, the Twenty-Second Objection as it relates to the Claims and the Amounts Owed to Debtors shall be deemed resolved in accordance with the terms of this Stipulation.

2. Upon entry of an order by the Court approving this Stipulation, Claim No. 4397, Claim No. 4398, and Claim No. 4399 shall be disallowed in their entirety.

3. On the eleventh (11th) day following the entry of an order approving this Stipulation,

from which no appeal has been taken, (a) M&M and/or Masterfoods shall permit the Debtors to deduct $125,732 from postpetition invoices from M&M; (b) Kal Kan and/or Masterfoods shall permit the Debtors to deduct $29,768 from postpetition invoices from Kal Kan; and (c) Uncle Bens and/or Masterfoods shall permit the Debtors to deduct $4,500 from postpetition invoices from Uncle Bens.

4. Effective upon entry of an order approving this Stipulation and upon issuance of the credits described in paragraph [3] above, all claims as between the Debtors, Masterfoods, and its Divisions, including any and all claims by the Debtors pursuant to Sections 547 and 550 of the Bankruptcy Code, for products delivered to the Debtors, as of the Petition Date, and for payments made by the Debtors to Masterfoods or its Divisions for such products, are fully and finally released and resolved as provided in this Stipulation.

5. Notwithstanding anything to the contrary contained in this Stipulation, the effectiveness of this Stipulation shall be expressly subject to, and contingent upon, approval by the Court pursuant to the entry of a final and non-appealable order approving this Stipulation.

6. Each signatory to this Stipulation expressly warrants and represents that he or she has full authority to bind the party on whose behalf said signatory is executing this Stipulation. This Stipulation will be binding upon and inure to the benefit of the successors and assigns of the parties to the Stipulation.

7. This Stipulation may be executed in several counterparts and/or by facsimile or pdf signature, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument.

8. The parties to this Stipulation shall execute and deliver any and all additional documents and do any and all things reasonably necessary to carry out the intent of the parties

pursuant to this Stipulation.

Dated: January 17, 2007

                MASTERFOODS USA, A DIVISION OF MARS, INC., ON BEHALF OF ITS AFFILIATED ENTITIES AND DIVISIONS M&M MARS, KAL KAN FOODS INC., AND UNCLE BENS INC.

By: _____
      Allan Cascais
      Customer Financial Services Director

WINN DIXIE STORES, INC. ET.AL.

By: _____
      Thomas Robbins
      Senior Vice President, Merchandising