UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
(JACKSONVILLE DIVISION)

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Judge Jerry A. Funk |
| _____ ) | |

**FLORIDA TAX COLLECTORS' RESPONSE TO
DEBTORS' MOTION FOR RECONSIDERATION**

The Florida Tax Collectors[1] ("FTC"), by and through their undersigned counsel, file this response to the Debtors' *Motion for Reconsideration* (the "Motion") [Docket No. 14985] of the Court's January 19, 2007 *Order Granting in Part and Denying in Part Florida Tax Collectors' Motion to Dismiss Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities* (the "Order") [Docket No. 14815], as follows:

1.      The Motion filed by the Debtors is an incorrect interpretation of Florida law. The Florida Supreme Court, in the case of <u>Ward v. Brown</u>, 894 So. 2d 811 (Fla. 2004), addressed a similar attempt at a semantic argument made by a taxpayer seeking to apply the four-year statute of limitations of Chapter 197.182 of the Florida Statutes rather than the statute of non claim set forth in Chapter 194.171. It is undisputed that the sole issue of fact in this case is the Debtors' attempt to challenge the judgment of the various Florida Property Appraisers in determining value for *ad valorem* tax purposes. Acceptance of the Debtors' legal position will turn Florida

---

[1] The "Florida Tax Collectors" consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, Walton and Washington.

*ad valorem* tax law on its head resulting in the "disarray" referenced by the United States Supreme Court in <u>Rosewell v. LaSalle Nat'l Bank</u>, 450 U.S. 503 (1981).

2.  The Debtors admit that the time to contest the 2004 and 2005 taxes has expired. In addition, the Debtors admit that they are seeking to "ask the Court to simply determine the correct taxable values for 2004 and 2005, regardless of whether or not those taxes were paid." (<u>See</u> Paragraph 11, page 5 of the Motion.) The Debtors are challenging the various Property Appraisers' judgments regarding value. In <u>Ward</u>, the Supreme Court of Florida, like this Court, addressed the legislative intent to provide a quick solution to taxation issues to allow counties to continue to function and count on tax revenues. <u>Ward</u> at 814.

3.  The importance of collecting the revenue of the undisputed portion of taxes while taxpayers challenge a disputed portion is recognized by the Supreme Court of Florida in <u>Ward</u>. The Debtors are attempting to use § 505 of the Bankruptcy Code as a procedural mechanism to avoid compliance with Florida law. This strategy will continue to result in the accrual of interest and attorneys' fees to the detriment of the estate and other creditors.

4.  The other cases cited in the Motion provide no additional support for the Debtors' position. In <u>In re Piper Aircraft</u>, 171 B.R. 415 (Bankr. S.D. Fla. 1994), Judge Mark did not address the prerequisites of § 505(a)(2) of the Bankruptcy Code. The case of <u>In re Ryan (United States v. Ryan)</u>, 64 Fed. 3rd 1516 (11th Cir. 1995) involved the dispute of an IRS tax claim. The resolution of federal tax issues within a federal court is clearly factually and legally distinguishable from this case and provides no support for the arguments of the Debtors. The Debtors have failed to comply with the statutory prerequisites of §§ 505(a)(2)(A) or (B). Thus, this Court lacks jurisdiction pursuant to § 505, and the Debtors have no cause of action pursuant to § 541(a) of the Bankruptcy Code. The relief requested in the Motion should be denied.

WHEREFORE, premises considered, FTC request this Court enter an Order denying the relief requested in the Debtors' Motion, and for such other relief as this Court deems just and proper.

Dated: February 15, 2007

Respectfully submitted,

Brian T. Hanlon, Esq.
Office of the Tax Collector
P.O. Box 3715
West Palm Beach, Florida 33402-3715
Telephone: (561) 355-2142
Facsimile: (561) 355-1110
tc_legal_services@co.palm-beach.fl.us
Florida Bar No. 962562

By: /s/ Brian T. Hanlon
    Co-Counsel for Florida
    Tax Collectors

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the *Florida Tax Collectors' Response to Debtors' Motion for Reconsideration* has been provided by *Notice of Electronic Filing* this 15th day of February, 2007 to **Skadden, Arps, Slate, Meagher & Flom, LLP**, Attn: D. J. Baker, Esq., Attorneys for Reorganized Debtors; **Smith Hulsey & Busey**, Attn: James H. Post, Esq., Attorneys for Reorganized Debtors; **Milbank, Tweed, Hadley & McCloy, LLP**, Attn: Matthew Barr, Esq., Attorneys for Post-Effective Date Committee **United States Trustee**, Attn: Elena L. Escamilla, and to all other parties receiving electronic notice.

/s/ Brian T. Hanlon
Brian T. Hanlon, Esq.

N:\Legal Services\WIP\W\Winn-Dixie Stores\Pleadings\Response to Motion for Reconsideration of Order on Motion to Dismiss.doc