UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et.al.          Case No. 05-03817-3F1
                                         Chapter 11
    Reorganized Debtors.                 Jointly Administered
_____/

## MOTION TO ALLOW LATE FILED APPLICATION OF
## GERTURDE CARRAN AND REQUEST FOR EXPEDITED HEARING
(Post-petition Personal Injury Claim)

Gertrude Carran ("Claimant") moves the Court for an Order authorizing her late filed Application for Allowance of Administrative Expense Claim for Post-Petition Personal Injury (the "Application"), which was filed with this Court January 26, 2007 [Docket #14877], requests an expedited hearing on this Motion, and as grounds therefor says:

1. On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. By Order, dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3. Since that time, the Debtor has operated property and managed its business as debtor in possession.

4. On March 30, 2006, Claimant suffered personal injury and damages when she fell in a store operated by the Debtor and located in Lake Placid, Florida. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968).

5. On August 29, 2006, Claimant sent her claim, a copy of which is attached to the Application as Exhibit A, to the Debtor's insurance administrator, Sedgwick Claims Management Services.

6. Thereafter, Claimant instituted suit, naming "Winn-Dixie Supermarkets, Inc." as Defendant. The Complaint was amended September 7, 2006 to reflect the Defendant as "Winn-Dixie Stores, Inc." Copies of the Complaint and Amended Complaint (collectively, the "Complaint") are attached to the Application as Exhibit B.

7. The Debtor answered the Complaint and asserted defenses thereto; however, the Debtor did not disclose the existence of the bankruptcy case or advise of the automatic stay. A copy of the Answer was attached to the Application as Exhibit C.

8. At no time before their receipt of the Notice referenced below, did Claimant nor her state court counsel have knowledge of this bankruptcy case.

9. On November 9, 2006, this Court entered an Order confirming the Debtors' Plan of Reorganization. [Docket #12440]. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

10. Instead of transmitting the Notice to post-petition claimants immediately (which would have provided almost 60 days until the bar date for administrative expenses), the Debtor waited almost one month to file a Notice, dated December 6, 2006 and entitled Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims (the "Notice").

11. The Certificate of Service for the Notice, which is dated even later, bears a date of December 13, 2006 [Docket #13067], and the Certificate of Service does not reflect service either on the Claimant or on her state court counsel.

12. Claimant is uncertain of the exact date on which she or her counsel received the Notice.

13. The timing of the Notice and the short bar date prejudiced Claimant in that:

   a. Claimant effectively had less than 30 days to respond to the Notice;

   b. Ordinarily Bankruptcy Courts provide more than 30 days Notice of a claims bar date;

   c. The Notice was transmitted during the holiday season; therefore, several days were "lost" due to slow mail delivery and holidays;

14. In Chapter 11 cases, the doctrine of "excusable neglect," pursuant to Bankruptcy Rule 9006(b)(1), permits a Court to allow late filed claims resulting from inadvertence, mistake or carelessness. *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S.380 (1993). "Excusable neglect" is an equitable concept requiring consideration of the danger of prejudice to the Debtor, the length of the delay and its impact on the judicial proceedings, the reason for the delay and movant's good faith. *In re Harrell,* 325 B.R.643 (Bankr.M.D.Fla.2005).

15. The twenty (20) day delay between the bar date and Claimant's filing of her Administrative Expense Application has little or no impact on the Debtor.

16. The Debtor will not be prejudiced by the tardy filing because the Debtor was involved in the state court litigation for months; indeed, the case already had been through an unsuccessful mediation.

17. In short, the Debtor had actual knowledge of the claim and of Claimant's intent to pursue collection of said claim.

18. Under the facts set forth above, the Debtor should be estopped to complain about the tardy filing of the Administrative Expense Application.

19. Notwithstanding Claimant's pending Administrative Expense Application, on February 7, 2007, Debtor's state court counsel filed a pleading in that Court, entitled, "Notice of Discharge of Debt and Prosecution of Action in Violation of 11 U.S.C. §524.

20. The undersigned wrote a letter and spoke with the Debtor's state court counsel, asking the Debtor to withdraw the Notice of Discharge until the Bankruptcy Court resolved the Administrative Expense Application.

21. Debtor's state court counsel advised that Debtor's bankruptcy counsel instructed her to file and prosecute the Notice of Discharge; therefore, she could not accommodate Claimant and allow the Bankruptcy Court to consider the Application.

22. Although the Bankruptcy Court cannot liquidate Claimant's personal injury claim, it does have the right to permit late filed administrative expense claims and to determine whether a particular debt has been discharged.

23. Because the Debtor is unwilling to defer prosecution of the Notice of Discharge until after the Bankruptcy Court has resolved the matter in accordance with its normal process, the Claimant must request that the Court expedite its consideration of this Motion.

24. Pursuant to 11 U.S.C. § 503(a), Claimant respectfully requests this Court to allow her late-filed request for payment of administrative expense, for cause, and further requests that the Court direct the Debtor to withdraw the Notice of Discharge and allow the claim to be liquidated promptly in the state court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served on James Post, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202 and Matthew Barr, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 this 15th day of February 2007.

Marsha G. Rydberg
Florida Bar Number 220973
The Rydberg Law Firm, P.A.
201 N. Franklin Street, Suite 1625
Tampa, FL  33602
(813) 221-2800
(813) 221-2420 – facsimile
Attorneys for Carran