**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                      )        Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,            )        Chapter 11

        Debtors.                            )        Jointly Administered

_____ )

## AGREED ORDER OF RESOLUTION OF THE LITIGATION CLAIM OF BARBARA HOUSTON (CLAIM NO. 10254)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimant, Barbara Houston (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). The Court finds that the proposed Agreed Order is for an agreed amount less than the $50,000 notice threshold established in the Claims Resolution Procedure. Accordingly, it is

ORDERED AND ADJUDGED:

1.      Claim No. 10254 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $4,500.00 against Winn-Dixie Raleigh, Inc. in Case No. 05-03839 to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

2.      This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 10254 and (ii) all other claims the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

00519516

3.      The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Debtors in this Court or in any other forum.

4.      The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability.  The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.  This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement.

5.      The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _15_ day of _February_ 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge


Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

00519516

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY                          GAUDIN AND GAUDIN

By _____                   By _____
      James H. Post                                Pierre F. Gaudin
                                                   ELIZABETH
                                                   LSBA 1906
Florida Bar Number 175460                    Post Office Box 156
225 Water Street, Suite 1800                 1088 Fourth Street
Jacksonville, Florida 32202                  Gretna, Lousiana 70053
(904) 359-7700
(904) 359-7708 (facsimile)                   Attorney for the Claimant

Attorneys for the Debtors

00519516