UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:05-bk-03817-JAF
CHAPTER 11

In re
WINN DIXIE STORES, INC.

_____Debtor(s)._____/

APPLICATION AND OR MOTION OF SHIRLEY CHOPIN FOR ALLOWANCE OF ADMINISTRATIVE
CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Applicant/Movant, Shirley Chopin, by and through its

undersigned attorney and pursuant to 11 U.S.C. § 503, requests this honorable

Court to enter an Order approving this application to have an allowed

administrative claim against the Estate, and to authorize payment of the

claim, and would show:

1.    On February 21, 2005 the Debtors filed Voluntary Petitions under

Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2.    The Court confirmed the Debtors' Plan of Reorganization.  The

effective date of the Plan is November 21, 2006 ("Effective Date").

3.    Between the Petition Date and the Effective Date, Movant was

injured at a Winn-Dixie store as a result of Winn-Dixie's negligence. As a

proximate result of the negligence, Movant suffered damages.  A summary of

the incident and damages is set forth in Exhibit "A" attached hereto.

4.    The Movant's injury and damages resulted from the ordinary

business operations of the Debtors between the Petition Date and the

Effective Date of the Debtors' Plan of Reorganization.

5.    The Movant's personal injury claim has not yet been liquidated.

Movant estimates the claim against the Debtors to be at least $300,000.00

6.    Pursuant to the Plan of Reorganization confirmed by the Court, a

bar date of January 5, 2007 was set for post-petition claimants to file

administrative expense claims.

7.    The Movant learned of the administrative claims bar date after

the bar date, and/or the Movant's failure to file the application for an

administrative claim prior to the bar date resulted from excusable neglect. Additionally, Movant was not afforded the proper notice and opportunity to be heard in that Movant was never notified that the Debtors had filed file bankruptcy protection.  A separate Motion pursuant to Bankruptcy Rule 9006 requesting the Movant's Application to be deemed timely filed will be filed with the Court.

8.    The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C.(b)(1).  Damages for injuries arising from a post-petition tort committed by a debtor are entitled to administrative expense status.

9.    Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests this honorable Court to enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a Court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtors to pay the allowed administrative claim in full.

10.    Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

> Shirley Chopin
> c/o Steven J. Rando, Esquire
> Law Offices of Steven J. Rando, L.L.C.
> 3530 Canal Street
> New Orleans LA 70119

DATED:  February 16, 2007.

> SCHUYLER·STEWART·SMITH
>
> /s/ Michael E. Cecil
> _____
> Michael E. Cecil
> Attorney for Creditor
> 118 W. Adams St., #800
> Jacksonville, FL 32202
> Phone:    (904) 353-5884
> TollFree: (866) 353-5884
> Fax:      (904) 353-5994
> Florida Bar #722855

## CERTIFICATE OF SERVICE

I CERTIFY that a copy has been furnished either by electronic or standard first class mail on February 16, 2007 to: Winn-Dixie Stores, Inc, Debtor, 5050 Edgewood Court, Jacksonville, FL 32254-3699; Adam Ravin, Esquire, Four Times Square, New York, NY 10036; Cynthia C .Jackson, Esquire, James H. Post, Esquire, Leanne McKnight Prendergast, Esquire, Stephen D. Busey, Esquire, 225 Water Street, Suite 1800, Jacksonville, FL 32201; Dennis F. Dunne, Esquire, 1 Chase Manhattan Plaza, New York, NY 10005; John B Macdonald, Esquire, Patrick P. Patangan, Esquire, 50 N. Laura Street, Suite 2500, Jacksonville, FL 32202; counsel for the Debtor's postpetition secured lenders; the other parties in interest named on the Master Service List maintained in these cases; and Corner Stone Christian Center, Subtenant, 215 Las Gaviotas Boulevard, Chesapeake, VA 23322.

SCHUYLER·STEWART·SMITH

/s/ Michael E. Cecil
_____
Michael E. Cecil
Attorney for Creditor
118 W. Adams St., #800
Jacksonville, FL 32202
Phone:    (904) 353-5884
TollFree: (866) 353-5884
Fax:      (904) 353-5994
Florida Bar #722855