UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                              CASE NO.: 3:05-bk-03817-JAF

                                    CHAPTER 11

WINN-DIXIE STORES, INC., et. al.,

         Debtors.      Jointly Administered

_____

RESPONSE OF PHOENIX JR., INC. TO DEBTORS' TWENTY-NINTH OMNIBUS OBJECTION TO (A) IMPROPERLY FILED CLAIMS, (B) NO LIABILITY CLAIMS, (C) NO LIABILITY MISCLASSIFIED CLAIM, (D) LATE CLAIMS, (E) LATE WITH REMAINING CLAIMS, (F) OVERSTATED CLAIMS AND (G) OVERSTATED MISCLASSIFIED CLAIMS

Phoenix Jr., Inc. ("Phoenix"), by and through its undersigned counsel, responds to the Debtors' Twenty-Ninth Omnibus Objection to (A) Improperly Filed Claims, (B) No Liability Claims, (C) No Liability Misclassified Claim, (D) Late Claims, (E) Late with Remaining Claims, (F) Overstated Claims, and (G) Overstated Misclassified Claims (the "Objection") and states as follows:

1. On October 25, 2006, Phoenix timely filed a proof of claim in the amount of $2,247,615.23 which is identified as claim no. 13619.

2. On or about January 19, 2007, the Debtors filed the Objection. Phoenix's proof of claim no. 13619 is subject to the Objection as a result of being identified in Exhibit "F" of the Objection.

3. On or about January 25, 2007, the Debtors filed the Amended Objection to Claim Number 13619 Filed by Phoenix Jr., Inc., as set forth in the Debtors' Twenty-Ninth Omnibus Objection (the "Amended Objection").

4. In the Amended Objection, the Debtors allege that Phoenix's proof of claim amount should be reduced to $1,644,220.46. The Debtors allege that the reduced amount is a result of the removal of $296,425.00 for inappropriate tenant default charges, $228,681.63 for overstated rejection damages, $735.50 for overstated pre-petition costs, and $77,552.64, classified as administrative priority, which amount was paid by the Debtors.

5. Phoenix objects to the removal of $296,425.00 from its proof of claim. Phoenix believes that $296,425.00 accurately reflects the necessary amount of repairs to the store that the Debtors are responsible for pursuant to the lease. Thus, no portion of the $296,425.00 should be removed from Phoenix's proof of claim.

6. Phoenix believes its proof of claim amount should only be reduced to $1,940,645.46 rather than the $1,644,220.46 that the Debtors propose.

7. Phoenix reserves the right to amend, supplement or modify this response as deemed necessary.

DATED this 19 day of February, 2007.

HELD & ISRAEL

By: /s/
Kimberly Held Israel, Esquire
Florida Bar #47287
khisrael@hilawfirm.com
Adam N. Frisch, Esquire
Florida Bar #635308
afrisch@hilawfirm.com
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile