UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et. al., | ) | *Chapter 11* |
| Reorganized Debtors. | ) | Jointly Administered |

### JUDY MILLER'S RESPONSE TO DEBTORS TWENTY-NINTH OMNIBUS OBJECTION TO (A) IMPROPERLY FILED CLAIMS, (B) NO LIABILITY CLAIMS, (C) NO LIABILITY MISCLASSIFIED CLAIM, (D) LATE CLAIMS, (E) LATE WITH REMAINING CLAIMS, (F) OVERSTATED CLAIMS AND (G) OVERSTATED MISCLASSIFIED CLAIMS

Judy Miller responds to Debtors Twenty-Ninth Omnibus Objection and for the reasons set for the below, seek entry of an order denying debtor's objections disallowing, reducing or reclassifying the disputed claims. In support of this response, Judy Miller respectfully represents as follows:

1. That Judy Miller received a notice of (a) Entry of Order Confirming Plan or Reorganization, (b) Occurrence of Effective Date of Plan, and (c) Barred Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims on December 6, 2006.

2. Judy Miller's counsel for a personal injury action sent a form B-10, Proof of Claim to attorneys for Creditor, Winn Dixie.

3. Counsel of record, realizing its error in filing form B-10 filed on January 5, 2007, an Application for Allowance of Administrative Expense Status for Post Petition Claim and Request for Notice via electronic filing.

4. Judy Miller had in fact properly filed her claim against Debtor, Winn Dixie, as shown in Exhibit "A" attached.

WHEREFORE, Judy Miller, respectfully requests that the Court deny debtor's relief requested by their objection and allow Judy Miller's properly filed claim.

**I HEREBY CERTIFIED THAT** a copy of the foregoing was served upon the following counsel via facsimile and U.S. Mail.

D.J. Baker, Sally McDonald Henry, Rosalie Walker Gray, and Jane M. Leamy
Four Times Square
New York, New York 10036
Via Facsimile 212-735-2000

Stephen D. Busey, James H. Post, and Cynthia C. Jackson
225 Water Street, Suite 1800
Jacksonville, FL 32202
Via Facsimile 904-359-7708

Dennis J. LeVine, Esquire
103 S. Boulevard
Tampa, FL 33606-1901
Via Facsimile 813-253-0975


Dated February 8, 2007.


BARNES, BARNES & COHEN, P.A.


BY:   _s/ Glenn E. Cohen_
      Glenn E. Cohen
      Florida Bar No.: 0187695
      1843 Atlantic Boulevard
      Jacksonville, FL 32207
      Telephone:   904-396-5181
      Facsimile:   904-396-9008

# File a Motion:

3:05-bk-03817-JAF Winn-Dixie Stores, Inc CASE FILED prior to 10/17/05

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 3 (Jacksonville) |
| Judge: JAF | Assets: y | Case Flag: LEAD, JNTADMN, TRANSIN, APPEAL |

## U.S. Bankruptcy Court

## Middle District of Florida

Notice of Electronic Filing

The following transaction was received from Cohen, Glenn E. entered on 1/5/2007 at 12:17 PM EST and filed on 1/5/2007
**Case Name:** Winn-Dixie Stores, Inc
**Case Number:** 3:05-bk-03817-JAF
**Document Number:** 14338

**Docket Text:**
Application for Payment of Administrative Expenses Amount Requested: $200,000.00 Filed by Glenn E. Cohen on behalf of Creditor Judy Miller (Cohen, Glenn)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:S:\Firm Docs\WD Bankruptcy\App for BR - Miller.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1021488240 [Date=1/5/2007] [FileNumber=16500720-0
] [1c4c2ae57dad0a90fd1d91043c050d15c2a7f01c67b752644d56d84fff7aa82f607
80c8cdfb4a62df2479 31b819e593e80e7442ad2431562ad8961fec3eccc3e]]

3:05-bk-03817-JAF Notice will be electronically mailed to:

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,                Case No. 05-03817-3F1

Debtors                                          Chapter 11
_____/

## APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE STATUS FOR POST PETITION CLAIM AND REQUEST FOR NOTICE

**CREDITOR NO.: WDX-5377712-EF-BA**
**JUDY MILLER, Applicant**

Comes now JUDY MILLER, (the "Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an Order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Conforming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed in support of this Application. Applicant states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc. et al. (the "Debtor") filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code on or about February 2, 2005 (the "Petition Date").

3. After the Petition Date and on or about June 12, 2006, Applicant was injured at the Winn-Dixie Store located at 1531 Monument Road, Jacksonville, Florida, #54. As a proximate result of the injury, Applicant has suffered severe damages totaling in excess of $200,000.00, which damages Applicant can support through medical records and other proof.[1]

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 403(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expenses status. See, *Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1750, 20 L.Ed 2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In Re: Piper-Aircraft Corp.*, 169 B.R. 766 Bankr. S.D. Fla 1994).

5. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's $200,000.00 claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

> Barnes, Barnes & Cohen, P.A.
> 1843 Atlantic Boulevard
> Jacksonville, FL 32207

---

[1] Applicant's damages may not be fully liquidated at this time.

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully submitted,

*e/Glenn E. Cohen*
Florida Bar No. 0187695
Barnes, Barnes & Cohen, P.A.
1843 Atlantic Boulevard
Jacksonville, FL 32207
(904) 396-5181
(904) 396-9008 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on January 5th, 2007, I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE through CM/ECF and U.S. Mail, to James H. Post., Esq., counsel for the Reorganized Debtors, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202; Matthew Barr, Esq., Counsel for the Post-Effective Date Committee, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, New York 10005 and all other parties.

*e/Glenn E. Cohen*
Attorney for Applicant

---

1 Applicant's damages may not be fully liquidated at this time.