UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et. al., | ) | *Chapter 11* |
| Reorganized Debtors. | ) | Jointly Administered |

### KAREN BEERE'S RESPONSE TO DEBTORS TWENTY-NINTH OMNIBUS OBJECTION TO (A) IMPROPERLY FILED CLAIMS, (B) NO LIABILITY CLAIMS, (C) NO LIABILITY MISCLASSIFIED CLAIM, (D) LATE CLAIMS, (E) LATE WITH REMAINING CLAIMS, (F) OVERSTATED CLAIMS AND (G) OVERSTATED MISCLASSIFIED CLAIMS

Karen Beere responds to Debtors Twenty-Ninth Omnibus Objection and for the reasons set for the below, seek entry of an order denying debtor's objections disallowing, reducing or reclassifying the disputed claims. In support of this response, Karen Beere respectfully represents as follows:

1.      That Karen Beere received a notice of (a) Entry of Order Confirming Plan or Reorganization, (b) Occurrence of Effective Date of Plan. and (c) Barred Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims on December 6, 2006.

2.      Karen Beere's counsel for a personal injury action sent a form B-10, Proof of Claim to attorneys for Creditor, Winn Dixie.

3.      Counsel of record, realizing its error in filing form B-10 filed on January 5, 2007, an Application for Allowance of Administrative Expense Status for Post Petition Claim and Request for Notice via electronic filing.

4.      Karen Beere had in fact properly filed her claim against Debtor, Winn Dixie, as shown in Exhibit "A" attached.

WHEREFORE, Karen Beere, respectfully requests that the Court deny debtor's relief requested by their objection and allow Karen Beere's properly filed claim.

**I HEREBY CERTIFIED THAT** a copy of the foregoing was served upon the following counsel via facsimile and U.S. Mail.

D.J. Baker. Sally McDonald Henry, Rosalie Walker Gray, and Jane M. Leamy
Four Times Square
New York, New York 10036
Via Facsimile 212-735-2000

Stephen D. Busey, James H. Post, and Cynthia C. Jackson
225 Water Street, Suite 1800
Jacksonville, FL 32202
Via Facsimile 904-359-7708

Dennis J. LeVine, Esquire
103 S. Boulevard
Tampa, FL 33606-1901
Via Facsimile 813-253-0975

Dated February 8, 2007.

BARNES. BARNES & COHEN, P.A.

BY:     *s/ Glenn E. Cohen*
Glenn E. Cohen
Florida Bar No.: 0187695
1843 Atlantic Boulevard
Jacksonville, FL 32207
Telephone:   904-396-5181
Facsimile:   904-396-9008

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,                    Case No. 05-03817-3F1

Debtors                                             Chapter 11
_____/

## APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE STATUS FOR POST PETITION CLAIM AND REQUEST FOR NOTICE

**CREDITOR NO.: WDX-5377712-EF-BA**
**KAREN BEERE, Applicant**

Comes now KAREN BEERE, (the "Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an Order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Conforming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed in support of this Application. Applicant states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc. et al. (the "Debtor") filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code on or about February 2, 2005 (the "Petition Date").

3. After the Petition Date and on or about July 20, 2006, Applicant was injured at the Winn-Dixie Store located at 5207 Normandy Boulevard, Jacksonville, Florida. As a proximate result of the injury, Applicant has suffered severe damages totaling in excess of $75,001.00 which damages Applicant can support through medical records and other proof.[1]

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4.    Section 403(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expenses status. See, *Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1750, 20 L.Ed 2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In Re: Piper-Aircraft Corp.,* 169 B.R. 766 Bankr. S.D. Fla 1994).

5.    In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's $75,001.00 claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

Barnes, Barnes & Cohen, P.A.
1843 Atlantic Boulevard
Jacksonville, FL 32207

1 Applicant's damages may not be fully liquidated at this time.

**WHEREFORE**, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully submitted,

*e/Glenn E. Cohen*
Florida Bar No. 0187695
Barnes, Barnes & Cohen, P.A.
1843 Atlantic Boulevard
Jacksonville, FL 32207
(904) 396-5181
(904) 396-9008 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on January 5th, 2007, I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE through CM/ECF and U.S. Mail, to James H. Post., Esq., counsel for the Reorganized Debtors, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202; Matthew Barr, Esq., Counsel for the Post-Effective Date Committee, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, New York 10005 and all other parties.

*e/Glenn E. Cohen*
Attorney for Applicant

---

1 Applicant's damages may not be fully liquidated at this time.

## File a Motion:

3:05-bk-03817-JAF Winn-Dixie Stores, Inc CASE FILED prior to 10/17/05

Type: bk                     Chapter: 11 v              Office: 3 (Jacksonville)
Judge: JAF                   Assets: y                  Case Flag: LEAD, JNTADMN,
                                                         TRANSIN, APPEAL

### U.S. Bankruptcy Court

### Middle District of Florida

Notice of Electronic Filing

The following transaction was received from Cohen, Glenn E. entered on 1/5/2007 at 12:06 PM EST
and filed on 1/5/2007
**Case Name:**       Winn-Dixie Stores, Inc
**Case Number:**     3:05-bk-03817-JAF
**Document Number:** 14331

**Docket Text:**
Application for Payment of Administrative Expenses Amount Requested: $75,001.00 Filed by Glenn E.
Cohen on behalf of Creditor Karen Beere (Cohen, Glenn)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**S:\Firm Docs\WD Bankruptcy\App for BR - Beere.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1021488240 [Date=1/5/2007] [FileNumber=16500511-0
] [3a4f8f91fe70eaff69744a5a86721c5e4e5bcb31ab702dbbc84e1dc88eb51d20a47
fcf41118b53c803849a54c84e93a3c2bc5f3f7546150415f188f6ee8e0951]]

**3:05-bk-03817-JAF Notice will be electronically mailed to:**