UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| Reorganized Debtors. | ) Jointly Administered |

## ORDER APPROVING STIPULATION RESOLVING
## CLAIM NO. 6667 FILED BY GORTON'S, INC.

These causes originally came before the Court for hearing upon the Nineteenth Omnibus Objection to Claims (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"). Included among the several proofs of claim that were the subject of the Objection was claim number 6667 filed by Gorton's, Inc. Based upon the consent of the parties set forth in the attached stipulation between the Debtors and Gorton's (the "Stipulation"), it is

ORDERED AND ADJUDGED:

1. The Stipulation attached to this Order is approved.

Dated this 20 day of February, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

484881-Wilmington Server 1A - MSW

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

---------------------------------------------------x
In re:                                           :   Chapter 11
                                                 :
WINN-DIXIE STORES, INC., et al.,                 :   Case No. 05-03817-3F1
                                                 :
Reorganized Debtors.                             :
                                                 :   Jointly Administered
---------------------------------------------------:

## STIPULATION RESOLVING CLAIM NO. 6667 FILED BY GORTON'S, INC.

This Stipulation (the "Stipulation") is made and entered into as of the date set forth below by and among Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates as reorganized debtors in the above-styled jointly administered bankruptcy cases (the "Debtors") and Gorton's, Inc. ("Gorton's"):

WHEREAS, on February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

WHEREAS, Gorton's opted into the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment Of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program, as approved by the August 2, 2005 Order [Docket No. 2725], and pursuant thereto, entered into an Agreement to be Bound by the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claim and Establishing Post-Petition Trade Lien Program (the "Agreement").

WHEREAS, the Agreement, *inter alia*, (i) resolved Gorton's reclamation claim and (ii) resulted in a waiver by the Debtors of any preference claims under Section 547 of the Bankruptcy Code based upon payments made to Gorton's.

WHEREAS, after offsets were made to Gorton's allowed reclamation claim, the net allowed reclamation claim to Gorton's was zero.

WHEREAS, on July 15, 2005, Gorton's filed proof of claim no. 6667 in an amount not less than $313,668.16.

WHEREAS, on August 30, 2006, the Debtors filed their Nineteenth Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Workers Compensation Claims and (D) Workers Compensation Misclassified Claims, wherein the Debtors sought to disallow and reclassify claim no. 6667 on the ground that the Debtors' books and records reflected a credit balance due to the Debtors of $57,556.57 more than the asserted amount of claim no. 6667.

WHEREAS, as set forth in this Stipulation, the parties have agreed to resolve all issues relating to the application of credits and offsets that accrued pre-petition against Gorton's invoices for various Gorton's products by agreeing that (i) claim no. 6667 will be disallowed, and (ii) the Debtors shall be permitted to deduct the sum of $53,926.05 from future invoices received from Gorton's.

NOW, THEREFORE, the Debtors and Gorton's stipulate and agree as follows:

1. Upon entry of an order approving this Stipulation, claim no. 6667 shall be disallowed in its entirety.

2. Within three business days after execution of this Stipulation, the Debtors shall be permitted to deduct the sum of $53,926.05 from future Gorton's invoices.

3. Effective upon entry of an order approving this Stipulation and upon deduction in full of the amount set forth in paragraph 2 above, all claims (as defined under Bankruptcy Code section 101(5)) as between the Debtors and Gorton's which accrued pre-petition, including, *inter alia*, for products delivered to the Debtors and for

payments made to Gorton's for such products, are fully and finally resolved and released by each of the Debtors and Gorton's.

4. Each party represents that it has authority to enter into this Stipulation.

5. This Stipulation may be executed in several counterparts and/or by facsimile or pdf signature, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument.

Dated: February 14, 2007

McDERMOTT, WILL & EMERY LLP

By _____
Jason J. DeJonker
227 West Monroe Street
Chicago, Illinois 60606
(312) 372-3000
(312) 778-7575 (facsimile)
jdejonker@mwe.com

Counsel to Gorton's, Inc.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By _____
D. J. Baker
Rosalie Walker Gray
Jane M. Leamy
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

- 3 -

– and –

SMITH HULSEY & BUSEY

By  Stephen D. Busey
    James H. Post
    Cynthia C. Jackson,
    Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Co-Counsel for Reorganized Debtors