**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRIC OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | Case No. 05-03817-3F1 |
| | ) | |
| **WINN-DIXIE STORES, INC., et al.,** | ) | *Chapter 11* |
| | ) | |
| **Reorganized Debtors.** | ) | Jointly Administered |

### APPLICATION AND OR MOTION OF LORETTA MARTIN FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW Loretta Martin (hereinafter "Claimant") by and through her undersigned counsel and pursuant to 11 U.S.C §503, requests this Honorable Court to enter an Order approving this application to have an allowed administrative claim to Winn Dixie and/or Winn Dixie Stores, Inc, and to authorize payment of the claim, and would show:

**1.** On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

**2.** The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

**3.** Between the Petition Date and the Effective Date, Claimant sustained a slip and fall injury on April 11, 2005 in Debtors' Winn Dixie Store located at Langston Place 500-1 Old Greenville Highway, Clemson, South Carolina 29631, wherein Claimant slipped and fell on liquid Pine-Sol that had puddle on the cleaning product isle floor. Claimant sustained severe injuries and continues to treat extensively for these injuries. Claimant is currently scheduled to undergo knee surgery. A list of Claimant's medical providers to date is set forth in Exhibit "A" attached hereto.

**4.** The Claimant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtors' Plant of Reorganization.

**5.** The Claimant's personal injury claim has not yet been liquidated. Claimant estimates the claim against the Debtors to be at least $125,000.00.

**6.** Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

**7.** The Claimant asserted her post-petition claim by timely filing a Proof of Claim with the Court (Claim Nos. 13771 & 13783). The Claimant was unaware that the claim should have been asserted in an Application instead of a Proof of Claim. This Application asserts the exact same claim, and relates back to, the timely filed Proof of Claim. A Motion requesting the Court to deem this Application as timely will be filed with the Court.

**8.** The Court may award an administrative expense priority under §503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C.(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor are entitled to administrative expense status.

**9.** Pursuant to 11. U.S.C. §503(b)(1), the Claimant respectfully requests this Honorable Court to enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Claimant's post-petition claims (either through settlement by the parties or a judgement entered by a Court of competent jurisdiction), the Claimant request the Court enter an Order requiring the Debtors to pay the allowed administrative claim in full.

**10**. Claimant requests that all future pleadings and notices regarding or related to this Claimant's Application or claim be served upon:

                THE MIMS LAW FIRM

                s/Henry J. Mims
                Henry J. Mims (SC #065755)
                Attorney for Creditor
                100 East Poinsett Street
                Greer, South Carolina 29651
                (864)877-0463
                (864-877-6980- fax

February 20, 2007
Greer, South Carolina

## **CERTIFICATE OF MAILING**

   I HEREBY CERTIFY that true and correct copies of this document, was served either by electronic or United States mail, proper postage affixed thereto to the following:

D.J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New Your, New York 10036

James Post, Esquire
Stephen D. Busey, Esquire
Smith, Hulsey & Busey
225 Water Street, Suite 1880
Jacksonville, FL 32202

Matthew Barr, Esquire
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, New York 10005

              s/Henry J. Mims
              Henry J. Mims
              The Mims Law Firm
              100 E. Poinsett Street
              Greer, S.C.  29651

Dated: February 20, 2007

Greer, South Carolina