UNTTED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                         CASE NO. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.                Chapter 11

    Reorganized Debtors                       Jointly Administered

_____/

MOTION TO (A) CONTINUE HEARING SCHEDULED FEBRUARY 22, 2007, AND (B)
RE-CLASSIFY AND ALLOW AS ADMINISTRATIVE EXPENSE CLAIM
A CERTAIN PROOF OF CLAIM FILED BY FAYE OATES

TO:    THE HONORABLE TERRY A. FUNK
       UNITED STATES BANKRUPTCY JUDGE

Faye Oates ("Claimant"), by and through her undersigned counsel, hereby files this

Motion to (a) continue the hearing set in this matter on February 22, 2007, and (b) re-classify and

allow as an administrative expense a Proof of Claim filed by Faye Oates , and will respectfully

set forth and show:

    1.    Winn-Dixie Stores, Inc., and twenty-three of its subsidiaries ("Debtors"), filed

Voluntary Petitions pursuant to Chapter 11 of the Bankruptcy Code, with this Court on February

21, 2005.

    2.    Claimant was injured on July 1, 2005, in a slip and fall in the Winn-Dixie store in

Newton, North Carolina.  A claim was duly made by Claimant's personal injury counsel, Gary F.

Young, and the claim was assigned claim number A511208355-0001-01.

    3.    At the time of the injury, Claimant's mailing address was 1230 Shannonbrook

Drive, Newton, North Carolina 28658.  She resided in Newton at the time because her husband

was deployed to Iraq as a member of the United States Army.  In September 2005, Claimant's

husband returned from Iraq, and he was assigned to Fort Carson in the vicinity of Colorado

Springs, CO. Claimant resided in Colorado Springs with her husband from September 2005 until February 2006. In September 2005, when Claimant moved to Colorado, she opened P.O. Box 1166 in Newton, North Carolina 28658, and in Colorado she resided at 900 Saturn Drive, Apt. 806, Colorado Springs, CO 80906. In February 2006, she returned to her permanent address of 1230 Shannonbrook Drive, Newton, North Carolina 28658. In May 2006, Claimant joined her husband at Fort Bragg, North Carolina, where he was then stationed. Fort Bragg is a 3 – 4 hour drive from Newton, North Carolina. Claimant's husband is now deployed to Afghanistan with the 82nd Airborne Division. Claimant has continued to live at Fort Bragg, and her address is 210 Le Blanc Street, Fort Bragg, North Carolina 28307.

4.      Mr. Young filed Claimant's personal injury claim and had received a settlement offer from Sedgwick Claims Management Services, Inc. All communications were between Mr. Young and Sedgwick Claims Management Services, Inc. The Debtors would only have Claimant's address through documents presented to Sedgwick Claims Management Services, Inc.

5.      Claimant did not receive any bankruptcy notices or correspondence in this case until she received the Debtor's Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims. This document, dated December 6, 2006, was received by Claimant at her Fort Bragg address on January 3, 2007. It was addressed to "Faye Oates" at P.O. Box 1166, Newton, North Carolina 28658, and the U.S. Post Office forwarded the document to Claimant's address at 210 Le Blanc Street, Fort Bragg, North Carolina 28307-2120. (The post office box (1166) at Newton, North Carolina was closed in March 2006.) A copy of the address side of the mailing packet is attached hereto as Exhibit A and is made a part hereof.

Claimant immediately faxed the contents to Mr. Young, who conferred that afternoon with the undersigned. A Proof of Claim was overnighted on January 3, 2007, for filing, which Proof of Claim was filed January 4, 2007 (the "Bankruptcy Claim"). A copy of this filed Bankruptcy Claim is attached hereto as Exhibit B and is made a part hereof.

6.      Through mistake, inadvertence and excusable neglect, Claimant's administrative expense Bankruptcy Claim was filed as a general, unsecured proof of claim.

7.      The Bankruptcy Claim is clear on its face that its basis arises from facts and circumstances that occurred after the Debtors filed their bankruptcy Petition, and more specifically on July 1, 2005. Attached to the Bankruptcy Claim was a copy of a letter from Mr. Young to Becky Peters of Sedgwick Claims Management Services, Inc., dated July 26, 2006, that set forth the facts surrounding the personal injury claim. Also enclosed was a statement from a store employee, an outline of medical bills, and other information documenting the personal injury claim. These documents are attached hereto as part of the Bankruptcy Claim filed in this proceeding as B-2 through B-7.

8.      The Debtors objected to the Bankruptcy Claim pursuant to the Debtors' Twenty-Ninth Omnibus Objection to (A) Improperly Filed Claims, (B) No Liability Claims, (C) No Liability Misclassified Claim, (D) Late Claims, (E) Late With Remaining Claims, (F) Overstated Claims, and (G) Overstated Misclassified Claims ("Objection"). According to the Objection, the Debtors recognize that the Bankruptcy Claim references that the facts and circumstances that created the Bankruptcy Claim occurred after the Debtors filed their bankruptcy Petition. As stated in the Objection, the basis for the Objection is that a Proof of Claim form should not have been used, and that administrative expense claims were to be asserted by application for an administrative expense claim filed with the Bankruptcy Court by the Administrative Bar Date.

9.    The Objection was mailed to "Faye Oats" at 1230 Shannonbrook Drive, Newton, North Carolina 28658 on January 22, 2007, according to the address side of the envelope, a copy of which is attached hereto as Exhibit C and made a part hereof.  (It is believed that the Post Office corrected the spelling of Claimant's name.)  This document was forwarded to Claimant's address at 210 Le Blanc Street, Fort Bragg, North Carolina 28307-2120.  Claimant received the Objection on February 8, 2007, just four days before the deadline set forth in the Objection for filing responses.

10.    An examination of the Creditor Matrix on PACER does not show a listing for Claimant at any address.  Likewise, an examination of the Certificate of Service for the Objection on PACER does not show Claimant's name or Mr. Young's name listed at any address.  The Debtors' mailing procedures are confusing.

11.    The confusing mailing procedures, coupled with the Claimant's moves, which are certainly justified because of her husband's military service, resulted in her receiving documents too late to meaningfully respond.

12.    It has been recognized that where a proof of claim form on its face provided sufficient notice of the administrative nature of the claim, and therefore put other parties on notice of the claim's nature, and if the claim was timely filed within the administrative claim bar date, then to deny the administrative claim simply because it has been memorialized in a proof of claim form, elevates form over substance and should be avoided.  *In Re: Fas Mart Convenience Stores, Inc.*, 320 B.R. 587 (Bankr., E.D. Va. 2004); *In Re: Sage Richmond, LLC,* 285 B.R. 364 (Bankr., E.D. Va. 2002).

13.    Within the context of a Chapter 11 case, the U.S. Supreme Court has recognized that creditors may even be permitted to file claims late where the failure to timely file same was

a result of excusable neglect, inadvertence mistake, or carelessness. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 113 S. Ct. 1489 (1993).

14. In the present matter before the Court, Claimant's Bankruptcy Claim was timely filed before the Administrative Bar Date, but Claimant inadvertently used the wrong form. This is a stronger case to allow the Claim than facts and circumstances set forth in *Pioneer*, and is more in line with the holdings in the case authorities of *In re Fas Mart* and *In re Sage Richmond.*

15. It is entirely appropriate and fair for this Court to treat, re-classify, and allow as timely filed, Claimant's Bankruptcy Claim as an administrative expense claim. Of course, should the Court grant this Motion, it would be without prejudice to the Debtors' contesting the Bankruptcy Claim on its merits.

16. A continuance is appropriate for Claimant's counsel and Debtors' counsel to confer and for Claimant to retain Florida counsel as may be required.

WHEREFORE, for the foregoing reasons, it is respectfully prayed that this Court enter an Order granting the Claimant's motion to continue, or, in the alternative, treating, re-classifying and allowing as timely filed her Bankruptcy Claim as an administrative expense claim. Claimant also asks for such other and further relief as this Court may deem just and proper under the circumstances.

Respectfully submitted this 20th day of February, 2007.

J. Samuel Gorham, III
NC State Bar No. 1692
Gorham, Crone, Green & Steele, LLP
Post Office Box 2507
Hickory, NC  28603-2507
Telephone:  (828) 322-5505

## CERTIFICATE OF SERVICE

I do hereby certify that on February 20, 2007, I served a copy of the foregoing Motion on

the party(ies) or attorney(s) listed below by mailing the copy in a properly addressed, first-class,

postage prepaid envelope via facsimile and First-Class U.S. Mail to the address(es) shown

below:

D.J. Baker, Esquire                       Facsimile:  (212) 735-2000
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, New York 10036

James H. Post, Esquire                    Facsimile:  (904) 359-7708
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202

This 20th day of February, 2007.

J. Samuel Gorham, III
NC State Bar No. 1692
Gorham, Crone, Green & Steele, LLP
Post Office Box 2507
Hickory, NC  28603-2507
Telephone:  (828) 322-5505

STATE OF NORTH CAROLINA

COUNTY OF CATAWBA

## **VERIFICATION**

Faye Oates, being first duly sworn, deposes and says that she has read the foregoing Motion and that she is the Claimant herein, and as such is authorized and qualified to verify the foregoing motion, that she knows the contents thereof, and that the same are true to her own knowledge, except as to those made upon information and belief and as to those she believes them to be true and correct.

This 20th day of February 2007.

_Faye Oates_
Faye Oates

Sworn to and subscribed before me, a Notary Public, this the 20th day of February 2007.

_Ann B. Banks_
Notary Public

(NOTARY SEAL)

My commission Expires: _02-21-2010_

ANN B. BANKS
NOTARY
PUBLIC
CATAWBA COUNTY, NC

A



FIRST CLASS
U.S. POSTAGE
**PAID**
HACKENSACK, NJ
PERMIT NO. 1181

Logan & Company, Inc.
Claims & Noticing Agent
P.O. Box 43802
Upper Montclair, NJ 07043

**DATED MATERIALS ENCLOSED**

WDX-536733-EF-BA

OATES, FAYE
PO BOX 1166
NEWTON NC 28658

Fax
828-323-3973
attn. Ann

New A
210 Le
Fort
Telephone: 9

OATE156  286562004 1206 03 12/21/06
NOTIFY SENDER OF NEW ADDRESS
OATES
210 LE BLANC ST
FORT BRAGG NC 28307-2120

**FORM B10** (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT ___Middle___ DISTRICT OF ___Florida___ | PROOF OF CLAIM |
|---|---|

| Name of Debtor: <br> **Winn-Dixie Stores, Inc., et al.** | Case Number: <br> **05-03817-3FI** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

FILED
JACKSONVILLE
FLORIDA

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**Faye Oats**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

2007 JAN ~4 A 10: 13

U.S. BANKRUPTCY COURT
MIDDLE DISTRICT
OF FLORIDA

Name and address where notices should be sent:

Faye Oats
1230 Shannonbrook Drive
Newton, North Carolina 28658
Telephone number:

THIS SPACE IS FOR COURT USE ONLY

| Last four digits of account or other number by which creditor identifies debtor: | Check here ☐ replaces <br> if this claim ☐ amends   a previously filed claim. dated:_____ |
|---|---|

| 1.   Basis for Claim | |
|---|---|
| ☐ Goods sold <br> ☐ Services performed <br> ☐ Money loaned <br> ☐ Personal injury/wrongful death <br> ☐ Taxes <br> ☐ Other ——————— | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) <br> ☐ Wages, salaries, and compensation (fill out below) <br> Last four digits of your SS #: _____ <br> Unpaid compensation for services performed <br> from _____ to _____ <br>        (date)              (date) |

| 2.   Date debt was incurred: <br>              07/01/2005 | 3.   If court judgment, date obtained: |
|---|---|

4. **Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $___12,000.00___

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:

☐ Real Estate  ☐ Motor Vehicle  ☐ Other_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5.   Total Amount of Claim at Time Case Filed: | $   12,000.00 <br> (unsecured) | _____ <br> (secured) | _____ <br> (priority) | 12,000.00 <br> (Total) |
|---|---|---|---|---|

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 6.   **Credits:**   The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. <br><br> 7.   **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. <br><br> 8.   **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date <br><br> 01/03/2007 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): <br><br> *[signature]*   Gary F. Young, Attorney |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B-2

# LOVEKIN, YOUNG & ORNDOFF

### ATTORNEYS AT LAW

27 FIRST AVENUE, N.E.
HICKORY, NORTH CAROLINA 28601

STEPHEN L. LOVEKIN
GARY F. YOUNG
JASON A. ORNDOFF

MAILING ADDRESS:
P.O. BOX 2087
Hickory, NC 28603

Telephone (828) 322-5435
FAX (828) 322-3973
1-800-241-2001

July 26, 2006

Becky Peters
General Liability Examiner II
Sedgwick Claims Management
Post Office Box 24787
Jacksonville, Florida 32241-4787

*1-888-784-3470 ext. 5356*
*(904) 419-5365 fax*

RE:    Our Client     :    Faye Oates
       Date of Loss   :    July 1, 2005
       Your Insured   :    Winn Dixie (Newton)
       Claim Number:       A511208355-0001-01

Dear Ms. Peters:

Please find enclosed medical bills, records and a demand, which we are submitting on behalf of our client Faye Oates, who was injured on July 1, 2005 inside your insured's place of business. Ms. Oates was shopping at the Winn-Dixie located in Newton, North Carolina when she fell in cooking oil. Assistant manager, Jonathan Dunigan completed a Customer Accident Reporting Form. He acknowledged that a bottle of cooking oil had been dropped on the floor, breaking at the top causing the oil to leak out onto the floor. In the report Mr. Dunigan indicated that there were no warning signs up at the time.

When Ms. Oates fell she struck her head on a meat case and dropped to the floor. She had immediate pain to her head and left hip and was transported by ambulance to Catawba Valley Medical Center for further treatment and evaluation.

Due to the severe pain to her head a CT scan was ordered as was x-rays of her hip. Fortunately the tests were normal. She was diagnosed with contusions to the scalp and hip and given a prescription for Mepergan. She was to return to the emergency room if her symptoms worsened.

B-3

The following day she developed pain in the right side of her neck. She continued to have pain in her head and left hip. On July 6, 2005 she consulted with her family physician; who noted trouble moving her head from side to side due to neck discomfort. She had right trapezius muscle tenderness to palpation and internal and external rotation of the hip caused discomfort. She was diagnosed with right trapezius muscle strain and left hip discomfort. She was given medication for the pain and advised to use a heating pad and to do neck stretches. She was to return if the pain did not resolve itself.

Over the next several weeks Ms. Oates' pain continued. She also noted swelling in the neck. She returned to her family doctor and was diagnosed with persistent right neck muscle strain. She was to have her neck x-rayed and given Flexeril for spasms.

The x-rays did not demonstrate any abnormalities; however, she continued to suffer from pain and swelling in the neck region for several more weeks. When she returned to her family doctor on August 25, 2005 she noted some improvement.

Due to the negligence of Winn-Dixie not providing a safe environment for its patrons Ms. Oates injured her neck, neck and left hip. She continues to have occasional flare-ups of pain in her neck with certain activities. Backing this case is the legal principle that when injuries are caused to another party due to negligence then they must make their victim whole again. The legal system has found the only way to this is by compensation. In an effort to settle this claim without further legal action we respectfully submit a demand of $12,000.00 to bring this to an amicable resolution.

Once you have an opportunity to review this information please contact our office so that we may discuss settlement of this case.

Sincerely yours,

Gary F. Young
Attorney at Law

Enclosures

B-4

RE: FAYE OATES
DATE OF LOSS: JULY 1, 2005
MEDICAL EXPENSES

---

Catawba County EMS
    Account Number: 2005-07-01 0701A                              348.00

Catawba Valley Medical Center
    Account Number: V001299136                                  1,948.82

Catawba Valley Emergency Physicians
    Account Number: 8022568                                       239.00

Catawba Radiology Associates
    Account Number: 27712                                         217.00

Newton Family Physicians
    Account Number: 2239500312111                                 355.00

Over-the-counter medications                                          50.00


TOTAL MEDICAL EXPENSES                                            $3,157.82

# CUSTOMER ACCIDENT REPORTING FORM

*'berence* " 565655          B-6                                    Page 1 of 2

## mgr2-2079

**From:** mgr2-2079@retail.winn-dixie.com
**Sent:** Friday, July 01, 2005 9:23 PM
**To:** WD Jax Claims; Safety Administrators; mgr2-2079@retail.winn-dixie.com
**Subject:** Customer Accident Reported 7/1/2005 9:22:53 PM

### Customer Accident Reporting Form Submitted

Submitted at 7/1/2005 9:22:53 PM by mgr2-2079@retail.winn-dixie.com

From:          mgr2-2079@retail.winn-dixie.com

| Division: | **Northern** | Location #: | **2079** |
|---|---|---|---|
| Department: | **meat** | Mgr. on Duty: | Jonathan Dunigan |
| Incident Date: | **07/01/2005** | Incident Time: | 8:45 |
| Notified Date: | 07/01/2005 | Reported By: | Jonathan Dunigan |
| Store Phone: | (828) 465-3810 | Title: | Assistant Manager |

### Customer Information

| Customer Name: | Faye Oats | | |
|---|---|---|---|
| Address: | 1230 Shannonbrook Drive | | |
| City, State Zip: | Newton, NC  28658 | | |
| Home Phone: | (828) 465-9284 | Work Phone: | () - |
| DOB: | | Gender: | Female |

### Incident

| Description: | | | |
|---|---|---|---|
| The Lady slipped and fell on some cooking oil. She hit her head on the meat case. When I got to her she said that her head hurt really bad. When the EMS got here she said that her head and her hip was hurting. She was shopping for groceries and she was wearing flip flops. | | | |
| Witness: | Diannie | Phone Number: | (704)489-0504 |
| Witness: | | Phone Number: | ()- |
| Cause of Injury: (i.e.: slip/fall, trip/fall) | | slip/fall | |
| Body Part Injured: (i.e.: knee, lower back) | | Head and Hip | |
| Nature of Injury: (i.e.: cut, bruise | | | |
| If Slip/Fall, Condition of Floors | | oil was on the floor | |
| Was Equipment Involved?: | | No | |
| Vendor/3rd Party Involved?: | | No | |
| Photographs Taken?: | | No | |

7/1/2005

B-7

| Was EMS Called? | Yes | Customer Transported? | Yes |
|---|---|---|---|
| First Aid Given? | Yes | | |
| Comments of Customer: | | | |

The cooking oil was on the floor
it had been droped and busted
at the top, there were no
signs up at the time

Jonathan Dunigan

Rae Lynn Pope (704) 587-4026

7/1/2005

C - 1

LOGAN & COMP
CLAIMS & NOTICING AGENT
P.O. BOX 43802
UPPER MONTCLAIR, NJ 07043

Creditor ID: WDX-558319-4Q-15

Oates
OATES, FAYE

OATE230    286582043 1506 04 02/02/07
NOTIFY SENDER OF NEW ADDRESS
OATES
210 LE BLANC ST
FORT BRAGG NC 28307-2120

DATED MATERIAL ENCLOSED

C. 2

UNITEL
PITNEY BOWES
02 1A    $ 01.35°
0004615937    JAN 22 2007
MAILED FROM ZIP CODE 07043

S & NOTICING AGENT
OX 43802
R MONTCLAIR, NJ 07043

Creditor ID: WDX-558319-4Q-15

Oates
OATES, FAYE

OATE230    286582043  1506  04  02/02/07
NOTIFY SENDER OF NEW ADDRESS
OATES
210 LE BLANC ST
FORT BRAGG NC 28307-2120

:D MATERIAL ENCLOSED