**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

**AGREED ORDER APPROVING STIPULATION
RESOLVING CLAIMS BY AND AMONG THE DEBTORS,
WOOLBRIGHT/SSR MARKETPLACE, GOODING'S
<u>SUPERMARKETS, INC. AND LCH OPPORTUNITIES, LLC</u>**

This cause is before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its reorganized debtor affiliates (the "Debtors") for an order approving a stipulation with Woolbright/SSR Marketplace ("Woolbright"), Gooding's Supermarkets, Inc. ("Gooding's Supermarkets") and LCH Opportunities, LLC ("LCH") (the "Stipulation").[1] Based upon the consent of the parties as set forth in the attached Stipulation, it is:

ORDERED AND ADJUDGED:

1. The Stipulation is approved.

2. Gooding's Supermarket's claim number 8850 is disallowed.

---

[1] All capitalized terms not defined herein shall have the respective meanings ascribed to them in the Stipulation.

3. Logan & Company, Inc., the claims agent appointed in the Debtors' Chapter 11 cases, is directed to make such revisions to the claims register as is necessary to reflect the terms of the Agreed Order.

4. The Court shall retain jurisdiction to resolve any disputes arising from this Agreed Order or the Stipulation.

Dated this 21 day of February, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to
serve a copy of this order on
all parties in interest.

00553134.3

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | *Chapter 11* |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |

STIPULATION REGARDING SETTLEMENT OF
CLAIMS BY AND AMONG DEBTORS,
WOOLBRIGHT/SSR MARKETPLACE, GOODING'S
SUPERMARKETS, INC. AND LCH OPPORTUNITIES, LLC

Winn-Dixie Stores, Inc., ("Winn-Dixie") and twenty-three of its reorganized debtor affiliates (collectively, the "Debtors"), Woolbright/SSR Marketplace, LLC ("Woolbright"), Gooding's Supermarkets, Inc. ("Gooding's Supermarkets") and LCH Opportunities, LLC ("LCH") stipulate as follows:

Recitals

A.   On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

B.  On June 29, 2006, the Debtors filed their joint plan of reorganization (the "Plan") (Doc. No. 8856).

C.  On November 9, 2006, the Court entered an order approving the Plan (the "Confirmation Order") (Doc. No. 12440). The effective date of the Plan was November 21, 2006 (Doc. No. 12745).

D.  On November 20, 2006, Winn-Dixie commenced an adversary proceeding in this Court (the "Adversary Proceeding") by filing a complaint (the "Complaint") against Woolbright and Gooding's Supermarkets in which Winn-Dixie alleged that:

1.  Prior to the Petition Date, Winn-Dixie operated a grocery store in Orlando, Florida, known by the Debtors as Store No. 2386 (the "Premises").

2.  Winn-Dixie leased the Premises from Orlando Marketplace, Ltd. ("Orlando Marketplace") under a lease dated April 13, 1982 (the "Lease") pursuant to an assignment of the Lease from Winn-Dixie's predecessor Gooding's Supermarkets.

3.  Orlando Marketplace entered into a contract to sell the Premises to defendant Woolbright.

4.  On September 20, 2004, before the sale of the Premises from Orlando Marketplace to Woolbright was complete, Winn-Dixie and Woolbright entered into a lease buyout agreement (the "Lease Buyout Agreement").

5.  The purpose of the Lease Buyout Agreement was to (i) terminate the Lease and all rights and obligations arising from the Lease, and

(ii) replace those rights and obligations with the rights and obligations specifically defined in the Lease Buyout Agreement.

6. Pursuant to the Lease Buyout Agreement, Winn-Dixie agreed to pay Woolbright the sum of $322,353.24, payable in monthly installments of $32,235.32 each.

7. The Lease Buyout Agreement became effective prior to January 6, 2005.

8. As of the Petition Date, Winn-Dixie was the only entity obligated to Woolbright under the Lease Buyout Agreement.

9. Pursuant to the terms of the Lease Buyout Agreement, neither Winn-Dixie nor Gooding's Supermarkets have any further liability to Woolbright under the Lease.

E. In the Adversary Proceeding, Winn-Dixie sought a declaration that (i) the Lease Buyout Agreement terminated and replaced the Lease, (ii) Gooding's Supermarkets has no liability to Woolbright under the Lease, (iii) Winn-Dixie has no liability to Gooding's Supermarkets for indemnification and, in the event Gooding's Supermarkets is deemed to have a claim, an order should be entered disallowing Gooding's Supermarkets' Claim Number 8850 pursuant to 11 U.S.C. § 502(e)(1).

F. On December 20, 2006, Gooding's Supermarkets filed its answer and affirmative defense to the Complaint.

G. Winn-Dixie granted Woolbright an extension of time to file an answer to the Complaint.

H. Claim Number 8850, which is the subject of Winn-Dixie's Complaint in the Adversary Proceeding, seeks indemnification from Winn-Dixie for Gooding's Supermarkets' potential liability to Woolbright under the Lease.

I. On January 23, 2006, Woolbright filed an unsecured proof of claim in Winn-Dixie's Chapter 11 case (Claim No. 12880) seeking $351,353.24 for Winn-Dixie's alleged breach of the Lease Buyout Agreement.[2] Woolbright subsequently transferred Claim Number 12880 to LCH.

J. By order entered on October 12, 2006 (Doc. No. 11892), Claim Number 12880 was allowed at the reduced amount of $327,993.63 and paid pursuant to the Plan.

K. By this Stipulation, the parties seek to (i) resolve all liabilities and obligations related to Gooding's Supermarkets' Claim Number 8850, and (ii) resolve all claims asserted, or which could have been asserted by Woolbright, Gooding's Supermarkets or LCH against the Debtors or their respective estates with respect to the Lease or the Lease Buyout Agreement.

**Agreement**

Subject to the entry of an order of the Bankruptcy Court approving this Stipulation, the parties agree as follows:

1. Gooding's Supermarkets' Claim Number 8850 will be disallowed in its entirety.

---

[2] Woolbright also filed claim number 4053 which was disallowed on March 3, 2006, and replaced by claim number 12880 (Doc. No. 6405).

4

2. All prepetition or administrative expense claims asserted, or which could have been asserted, by Gooding's Supermarkets or Woolbright against the Debtors, the Reorganized Debtors or their respective estates, or by Woolbright or LCH against Gooding's with respect to the Lease or the Lease Buyout Agreement will be released and discharged, except Claim Number 12880 which was allowed by order entered on October 12, 2006 (Doc. No. 11892).

3. Nothing herein shall prejudice or be construed as a release of LCH's rights relating to Claim No. 12880 or such other rights, if any, LCH may have against the Debtors.

4. Within 10 days after the entry of an order of the Bankruptcy Court approving this Stipulation, the Debtors, Woolbright and Gooding's Supermarkets will file a stipulation dismissing the Adversary Proceeding, pursuant to Rule 7041(a)(1), Federal Rules of Bankruptcy Procedure with prejudice and with each party to bear its own attorneys' fees, costs and expenses.

5. This Stipulation is expressly subject to and contingent upon the entry of an order of approval by the Bankruptcy Court and such order becoming a final non-appealable order. This Stipulation will be terminated in the event that the Bankruptcy Court enters an order denying its approval, unless otherwise mutually agreed by the parties. In the event that the Bankruptcy Court has entered no order regarding this Stipulation on or before March 31, 2007, or an approval order does not become a final order by such date due to a pending appeal, this Stipulation will be terminated unless otherwise mutually agreed by the parties.

6. In the event this Stipulation is terminated pursuant to paragraph 5 above, this Stipulation shall be of no further force and effect, and neither this Stipulation nor any negotiations and writings in connection with this Stipulation shall in any way be construed as or deemed to be evidence or an admission by any of the parties regarding any claim or right that any such party may have against the other.

Dated: February 20, 2007.

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  /s/ D. J. Baker  <br>D. J. Baker  <br>Sally McDonald Henry  <br>Rosalie Walker Gray | By  /s/ James H. Post  <br>Stephen D. Busey  <br>James H. Post  <br>Beau Bowin |
|  | Florida Bar Number 175460 |
| Four Times Square  <br>New York, New York 10036  <br>(212) 735-3000  <br>(212) 735-2000 (facsimile)  <br>djbaker@skadden.com | 225 Water Street, Suite 1800  <br>Jacksonville, Florida 32202  <br>(904) 359-7700  <br>(904) 359-7708 (facsimile)  <br>jpost@smithhulsey.com |
| Co-Counsel for Reorganized Debtors | Co-Counsel for Reorganized Debtors |

| | |
|---|---|
| LOWNDES DROSDICK DOSTER KANTOR & REED | RUDEN, McCLOSKY, SMITH, SCHUSTER AND RUSSELL, P.A. |
| By  *s/ Matt E. Beal* *<br>     Matt E. Beal | By  *s/ Richard H. Malchon, Jr.* *<br>     Richard H. Malchon, Jr. |
| Florida Bar Number 865310<br>450 South Orange Avenue<br>Suite 800<br>Orlando, Florida 32801<br>(407) 843-4600<br>(407) 843-4444 (facsimile)<br>matt.beal@lowndes-law.com | Florida Bar Number 188232<br>401 East Jackson Street<br>Suite 2700<br>Tampa, Florida 33602<br>(813) 221-8027<br>(813) 229-9138 (facsimile)<br>richard.malchon@ruden.com |
| Counsel for Gooding's Supermarkets, Inc. | and |
| DLA PIPER US LLP | TOBIN & REYES, P.A. |
| By  *s/ Vincent J. Roldan* *<br>     Thomas R. Califano<br>     Vincent J. Roldan | By  *s/ Ricardo A. Reyes* *<br>     Ricardo A. Reyes |
| 1251 Avenue of the Americas<br>New York, New York 10020-1104<br>(212) 335-4569<br>(212) 884-8569 (facsimile)<br>vincent.roldan@dlapiper.com | Florida Bar Number 864056<br>5355 Town Center Road, Suite 204<br>Boca Raton, Florida 33486<br>(561) 620-0656<br>(561) 620-0657 (facsimile)<br>rar@tobinreyes.com |
| Counsel for LCH Opportunities, LLC | Counsel for Woolbright/SSR Marketplace LLC |

*Counsel have authorized their electronic signatures.