UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:05-bk-03817-JAF
CHAPTER 11

In re
WINN DIXIE STORES, INC.

_____Debtor(s)._____/

MOTION OF SHIRLEY CHOPIN FOR ALLOWANCE OF LATE FILED ADMINISTRATIVE EXPENSE
AS TIMELY FILED (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Applicant/Movant, Shirley Chopin, by and through its
undersigned attorney and pursuant to Federal Bankruptcy Rule of Procedure
9006, requests this honorable Court to enter an Order Granting her Motion to
Allow Late Administrative Expense as Timely Filed against the Estate, and to
authorize payment of the claim, and would show:

1.    On February 21, 2005 the Debtors filed Voluntary Petitions under
Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2.    The Court confirmed the Debtors' Plan of Reorganization.  The
effective date of the Plan is November 21, 2006 ("Effective Date").

3.    Between the Petition Date and the Effective Date, Movant was
injured at a Winn-Dixie store as a result of Winn-Dixie's negligence. As a
proximate result of the negligence, Movant suffered damages.  A summary of
the incident and damages is set forth in Exhibit "A" attached hereto.

4.    The Movant's injury and damages resulted from the ordinary
business operations of the Debtors between the Petition Date and the
Effective Date of the Debtors' Plan of Reorganization.

5.    The Movant's personal injury claim has not yet been liquidated.
Movant estimates the claim against the Debtors to be at least $300,000.00

6.    Pursuant to the Plan of Reorganization confirmed by the Court, a
bar date of January 5, 2007 was set for post-petition claimants to file
administrative expense claims.

2

7.     The Movant learned of the administrative claims bar date after the bar date, and/or the Movant's failure to file the application for an Administrative claim prior to the bar date resulted from excusable neglect. Additionally, Movant was not afforded the proper notice and opportunity to be heard in that Movant was never notified that the Debtors had filed for bankruptcy protection.

8.     Movant has retained the undersigned counsel to represent her in this matter and believe under the circumstances she should be allowed to argue the merits of her post-petition personal injury claim against the Debtors' Estate.

Wherefore, Movant, Shirley Chopin, respectfully requests this honorable Court to grant her Motion to allow Late Administrative Expense as Timely Filed against the Estate and for such other and further relief and the Court deems just and appropriate.

DATED:  February 21, 2007.

SCHUYLER·STEWART·SMITH


/s/ Michael E. Cecil
_____
Michael E. Cecil
Attorney for Creditor
118 W. Adams St., #800
Jacksonville, FL 32202
Phone:    (904) 353-5884
TollFree: (866) 353-5884
Fax:      (904) 353-5994
Florida Bar No.: 722855

3

<u>CERTIFICATE OF SERVICE</u>

I CERTIFY that a copy has been furnished either by electronic or standard first class mail on February 21, 2007 to: Winn-Dixie Stores, Inc, Debtor, 5050 Edgewood Court, Jacksonville, FL 32254-3699; Adam Ravin, Esquire, Four Times Square, New York, NY 10036; Cynthia C .Jackson, Esquire, James H. Post, Esquire, Leanne McKnight Prendergast, Esquire, Stephen D. Busey, Esquire, 225 Water Street, Suite 1800, Jacksonville, FL 32201; Dennis F. Dunne, Esquire, 1 Chase Manhattan Plaza, New York, NY 10005; John B Macdonald, Esquire, Patrick P. Patangan, Esquire, 50 N. Laura Street, Suite 2500, Jacksonville, FL 32202; counsel for the Debtor's postpetition secured lenders; the other parties in interest named on the Master Service List maintained in these cases; and Corner Stone Christian Center, Subtenant, 215 Las Gaviotas Boulevard, Chesapeake, VA 23322.

SCHUYLER·STEWART·SMITH

/s/ Michael E. Cecil
_____

Michael E. Cecil
Attorney for Creditor
118 W. Adams St., #800
Jacksonville, FL 32202
Phone:    (904) 353-5884
TollFree: (866) 353-5884
Fax:      (904) 353-5994
Florida Bar #722855