UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: ) Case No. 05-03817-3F1
)
WINN-DIXIE STORES, INC., et al., ) Chapter 11
)
Reorganized Debtors. ) Jointly Administered
)

## ORDER APPROVING STIPULATION BY AND AMONG DEBTORS, KEN ROBINSON AND CACTUS HOLDINGS REGARDING CLAIM NUMBER 5067, AS SET FORTH IN THE DEBTORS' SEVENTH OMNIBUS OBJECTION

These cases originally came before the Court for hearing upon the Seventh Omnibus Objection to Claims (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"). Included among the several proofs of claim that were the subject of the Objection was claim number 5067 filed by Ken Robinson. Based upon the consent of the parties set forth in the attached stipulation between the Debtors, Ken Robinson and Cactus Holdings (the "Stipulation"), it is

ORDERED AND ADJUDGED:

1. The Stipulation attached to this Order is approved.

2. Claim No. 5067 filed by Ken Robinson in the amount of $25,414.33 is reclassified as follows: $20,935.42 shall be reclassified as an administrative priority claim and $4,478.91 shall remain classified as an unsecured non-priority claim.

Dated this ㆍ2ㆍ2 day of February, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

485479-Wilmington Server 1A - MSW

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |

## STIPULATION BY AND AMONG DEBTORS, KEN ROBINSON AND CACTUS HOLDINGS REGARDING CLAIM NUMBER 5067, AS SET FORTH IN THE DEBTORS' SEVENTH OMNIBUS OBJECTION TO OVERSTATED CLAIMS

This Stipulation (the "Stipulation") is made and entered into as of the date set forth below by and among Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors"), Ken Robinson of Florida and Cactus Holdings Group, LLC.

WHEREAS, on February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code.

WHEREAS, on or about July 1, 2005, Ken Robinson of Florida, a division of White Electrical Construction Co., ("Ken Robinson") filed an unsecured non-priority proof of claim in the amount of $25,414.33 ("Claim No. 5067").

WHEREAS, on or about August 9, 2005, Ken Robinson transferred Claim No. 5067 to Cactus Holdings Group, LLC ("Cactus Holdings"), pursuant to Notice of Transfer of Claim Other Than for Security (Docket No. 2994).

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

WHEREAS, on or about March 21, 2006, the Debtors filed the Seventh Omnibus Objection to Overstated Claims (Docket No. 6620) (the "Objection"), wherein the Debtors sought, *inter alia*, to reduce Claim No. 5067 from $25,414.33 to $6,152.90 on the ground that "the reduced amount reflects removal of $19,261.43 for postpetition charges" (the "Postpetition Charges").

WHEREAS, as of the date hereof, the Postpetition Charges have not been paid by the Debtors.

WHEREAS, Cactus Holdings informally responded to the Objection asserting that as transferee of Claim No. 5067, it was entitled to receive payment of the Postpetition Charges.

WHEREAS, Ken Robinson has agreed that Cactus Holdings should receive payment of the Postpetition Charges, despite the fact that (i) Claim No. 5067 included charges that were incurred after the Petition Date and (ii) the Postpetition Charges will be payable in full as an administrative expense of the Debtors' estates.

WHEREAS, the Debtors, Ken Robinson and Cactus Holdings desire to provide for the disposition of Claim No. 5067.

NOW, THEREFORE, the Debtors, Ken Robinson and Cactus Holdings stipulate and agree as follows:

1.  Upon entry of an Order by the Court approving this Stipulation, Claim No. 5067 filed by Ken Robinson in the amount of $25,414.33 is hereby reclassified as follows: $20,935.42 shall be reclassified as an administrative priority claim and $4,478.91 shall remain classified as an unsecured non-priority claim.

[SIGNATURES ON FOLLOWING PAGE]

Dated: December 12, 2006

        KEN ROBINSON OF FLORIDA

       By: _____ 12-2-06
        Sam I. DuBose
        Corporate Secretary
        P.O. Box 19629
        1730 Chattahoochen Ave.
        Atlanta, GA 30318
        (888) 519-4483 (telephone)

        CACTUS HOLDINGS GROUP, LLC

       By: _____
        Vijay Krish
        Vice President
        19487 Roble Ct.
        Saratoga, CA 95070
        (408) 868-1507 (telephone)
        vkrish@cactuscollect.com

       WINN DIXIE STORES, INC. ET.AL.
       By its attorneys


       By: _____
        Stephen D. Busey
        James H. Post
        Cynthia C. Jackson,
        Florida Bar Number 175460
        SMITH HULSEY & BUSEY
        225 Water Street, Suite 1800
        Jacksonville, Florida 32202
        (904) 359-7700 (telephone)
        (904) 359-7708 (facsimile)
        jpost@smithhulsey.com

       Co-Attorneys for Debtors

         - and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

D. J. Baker
Sally McDonald Henry
Rosalie Walker Gray
Jane M. Leamy
Four Times Square
New York, New York 10036
(212) 735-3000 (telephone)
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Attorneys for Debtors