**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.   05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**MOTION OF ANA CORDOBA FOR ORDER**
**DEEMING  PROOF OF CLAIM TIMELY FILED**
Claim No. 13802

**Comes Now**, Ana Cordoba ("Ms. Cordoba"), by and through the undersigned counsel, and pursuant to 11 U.S.C. Section 105 and Fed. R. Bankr. P. 3003(b) and 9006(c), hereby moves this Court for entry of an order deeming her proof of claim No. 13802 (the "Cordoba Claim") timely-filed.

**BACKGROUND**

1.     On or about March 28, 2004, Ms. Cordoba was injured due to the negligence of Winn-Dixie Stores, Inc. and suffered damages of at least $200,000.00 as a proximate result.

2.     In December 2004, Ms. Cordoba filed a Complaint in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, which was assigned Case No. 05-2267 CA 01 25. Ms. Cordoba was represented in that lawsuit (the "State Court Action") by Michael J. Schwartz, Esq.

3.     Winn-Dixie Stores, Inc. was served with a copy of the Complaint in the State Court Action on February 17, 2005. In the Complaint, Ms. Cordoba sought recovery for her substantial injuries, and those injuries also form the basis for Claim No. 13802. Winn-Dixie Stores, Inc. filed a Motion to Stay the prosecution of Ms. Cordoba's State Court Action on March 2, 2005. The Motion to Stay did not identify a legal or

other requirement for Ms. Cordoba to file a proof of claim in this court.

4.      The Debtors in these cases, including Debtor Winn-Dixie Stores, Inc. filed Schedules on April 7, 2005, Amended Schedules on July 21, 2005, and Second Amended Schedules on November 3, 2005 (collectively "Debtors' Schedules"). Upon information and belief after a review of the Debtors' Schedules, neither Winn-Dixie Stores, Inc. nor any other Debtor listed Ms. Cordoba as a creditor.

5.      During the course of the State Court Action, several motions came up for hearing including the Motion to Stay and a Motion to Compel. Prior to the hearing on the Motion to Stay on August 25, 2005, Mr. Schwartz had a conversation with defense counsel in which defense counsel insisted that the Motion to Stay was not strictly necessary because the stay was automatic. Again, there was no mention of any need for Ms. Cordoba to file a proof of claim.

6.      At all times during the State Court Action, and as set forth in the Affidavit of Michael J. Schwartz attached hereto as Exhibit "A", it was Mr. Schwarz's belief that since Ms. Cordoba's case was contingent on a finding of liability and the entry of a judgment, it would proceed as normal when Winn Dixie emerged from bankruptcy.

7.      Defense counsel for Winn Dixie Stores, Inc. in the State Court Action, presumably unintentionally, did nothing to disabuse Mr. Schwartz of that belief. It was not until the Motion to Compel was called up for hearing again on January 18, 2007 that Mr. Schwartz and counsel for Winn Dixie Stores, Inc. spoke again and defense counsel stated that he would contact bankruptcy counsel for Debtor Winn Dixie Stores, Inc. to find out how to handle the ongoing litigation.

8.      Defense counsel subsequently advised Mr. Schwartz that the Debtors'
bankruptcy counsel had taken the position that the claim had to have been filed in
bankruptcy court or it would be extinguished. As a result, Mr. Schwartz then contacted
bankruptcy counsel, Robert D. Wilcox, in order to determine if the claim could still be
filed or if it could be filed late.

9.      Ms. Cordoba filed her claim on or about February 3, 2006. (Claim No.
12369).

### MEMORANDUM OF LAW

A claim filed after a bar date will be deemed timely-filed if the claimant can
demonstrate that the late filing was the result of "excusable neglect." *Banco Latino
International v. Lopez (In re Banco Latino International)*, 404 F.3d 1295, 1296 (11th
Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507 U.S.
380, 113 S.Ct. 1489 (1993)). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla.
1997). Excusable neglect is an equitable determination that takes into account all of the
circumstances of the particular case. *See Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1489
(emphasis added). Considerations include: (a) reason for the delay and whether it was
in control of claimant; (b) length of delay and potential impact on judicial proceedings;
(c); and danger of prejudice to debtor (d) whether claimant acted in good faith. *In re
Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). *See In re PT-1 Communications,
Inc.*, 292 B.R. 482, 489 (Bankr. S.D. N.Y. 2003) (equities of excusable neglect weighed
in favor of the claimant because the claimant "had no reason on the basis of the facts
known to it prior to the Bar Date to conclude that it had a claim against [the debtor]".)
As the United States Supreme Court has noted, excusable neglect encompasses

situations caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 395,113 S.Ct. at 1489.

### Reason for the Delay

Quite simply, Ms. Cordoba received no notice of the need to file a proof of claim in the pending Chapter 11 cases until very recently. As stated above, it appears that none of the Debtors listed a liquidated, unliquidated, or contingent debt to Ms. Cordoba in the Debtors' Schedules. Ms. Cordoba's counsel learned of the need to file a proof of claim well after the bar date, and has acted promptly thereafter.

### Length of Delay and Potential Impact on Judicial Proceedings

Ms. Cordoba' Claim was filed soon after Attorney Schwartz learned of the need for her to do so. Her claim was also filed in a timely enough fashion to allow her claim to be included in the Claims Resolution process which is continuing.

### Prejudice to the Debtors

There is little, if any, actual prejudice to Debtor Winn-Dixie Stores, Inc. under the Debtors' confirmed Plan of Reorganization, all distributions on general unsecured claims are made in the form of shares of the reorganized entity. Second, Ms. Cordoba is ready and able to participate in the claims resolution process. Third, the granting of this Motion will not deprive Winn-Dixie Stores of its ability to object to the Claim on its merits.

### Ms. Cordoba's Good Faith

There is no evidence that Ms. Cordoba's actions in this case were undertaken in anything other than good faith. Ms. Cordoba has acted properly and with reasonable diligence given her lack of knowledge of the impact of the Chapter 11 filings on her

State Court Action.

## The Factors as a Whole

Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The treatment of Ms. Cordoba' Claim as timely-filed will permit the Claim to be resolved on their merits. Such relief will result in no prejudice to the Debtors, will serve to protect Ms. Cordoba' rights to recover for her damages, and is consistent with the interests of justice.

## REQUEST FOR FUTURE NOTICE

Ms. Cordoba requests that all future pleadings and notices regarding or affecting Claim No. 13802 be served upon both the undersigned and:

Michael J. Schwartz
Freud & Schwartz
999 Brickell Ave Ste 1000
Miami Florida 33131-3044

## PRAYER FOR RELIEF

**Wherefore,** Ms. Cordoba requests that the Court enter an order deeming her Claim No. 13802 timely-filed, and granting him such other and further relief to which he may be entitled.

Dated: February 23, 2007

**WILCOX LAW FIRM**                    **FREUD & SCHWARTZ**

/s/ **Robert D. Wilcox**                   Michael J. Schwartz
Robert D. Wilcox (FL #755168)       999 Brickell Ave Ste 1000
6817 Southpoint Parkway, Suite 1302   Miami Florida 33131-3044
Jacksonville, FL 32216                 (305) 371-9191
(904) 281-0700                          (305) 371-9197 Fax
(904) 513-9201 Fax

**CERTIFICATE OF SERVICE REGARDING MOTION OF ANA CORDOBA
<u>FOR ORDER DEEMING  PROOF OF CLAIM TIMELY FILED</u>**

I hereby certify that on February 24, 2007, I caused a copy of the foregoing *Motion of Ana Cordoba for Order Deeming  Proof of Claim Timely Filed* to be  served on the Debtor by  James H. Post, Esq.,  Debtor's Counsel,  John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors,  Elena L. Escamilla,  Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically.


<u>/s/</u> **Robert Wilcox**
Robert D. Wilcox

EXHIBIT A

UNITED STATES BANKRUPTCY COURT, MIDDLE DISTRICT OR FLORIDA

CASE NO.: 3-05-BK-3817

IN RE:

WINN DIXIE STORES, INC.,

Debtor,

_____/

### AFFIDAVIT OF MICHAEL J. SCHWARTZ

Comes now the undersigned who after first being duly sworn deposes and says:

1. I am the attorney who filed the proof of claim in this bankruptcy case.

2. I am also the attorney who represents the Plaintiff in a personal injury action, Ana Cordoba v. Winn Dixie Stores, Inc., Case No.: 05-2267 CA 01 25 filed in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.

3. That personal injury action was filed in December of 2004 and served on the Defendant on February 17, 2005.

4. On March 2, 2005, the Defendant, through counsel, served a motion to stay.

5. The motion did not state anything about having to file a claim in the bankruptcy court.

6. During the course of litigation in state court, motions came up for hearing including the motion to stay which was noticed for hearing on August 23, 2005 and a motion to compel that was noticed for November 28, 2006.

7. Prior to the hearing on the motion on August 25, 2005, undersigned counsel had a conversation with defense counsel in which defense counsel insisted that the stay was automatic and no proceedings could take place at that time.

8. The same thing occurred prior to the court's motion, judgment and notice of dismissal for lack of prosecution which was heard on September 21, 2006.

9.    It was not until the motion to compel was called up for hearing again on January 18, 2007 that undersigned counsel and counsel for Winn Dixie spoke again and defense counsel stated that he would contact bankruptcy counsel for Winn Dixie to find out how to handle the ongoing litigation.

10.    Defense counsel then advised undersigned counsel that Winn Dixie's bankruptcy counsel had taken the position that the claim had to be filed in bankruptcy court.

11.    That resulted in the filing of the proof of claim in this court on or about February 6, 2007.

12.    At no time did undersigned counsel see or receive any notice that the claim the undersigned is pursuing for Ms. Cordoba had to be filed in the bankruptcy court.

FURTHER AFFIANT SAYETH NAUGHT.

_____
MICHAEL J. SCHWARTZ

STATE OF FLORIDA
                                    SS:
COUNTY OF MIAMI-DADE

        BEFORE     ME,     the     undersigned     authority, appeared Michael J. Schwartz, who is personally known to me or who has produced _____ as identification, and acknowledged that he executed the foregoing instrument, stated that the facts contained therein are true and did take an oath.

        WITNESS my hand and seal in the State and County aforesaid, this 14th day of February, 2007.

                                    _____
                                    Notary Public,
                                    Print Name:
                                    My Commission Expires:

TRACY L. WALKER
Notary Public - State of Florida
My Commission Expires Jul 4, 2010
Commission # DD 570860
Bonded By National Notary Assn.