**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.   05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**MOTION OF LADONNA ROSS FOR ORDER DEEMING
APPLICATION FOR ADMINISTRATIVE EXPENSE TIMELY FILED**

Comes Now, LaDonna Ross (alternatively "Ms. Ross" or "Applicant"), by and

through undersigned counsel, and pursuant to 11 U.S.C. Sections 105 and 503(a) and

Fed. R. Bankr. P. 9006(b)(1), hereby moves this Court for entry of an order deeming the

Amended Application for Administrative Expense she filed on January 29, 2007 (the

"Application") timely-filed. The Application is attached as Exhibit "A"[1].

**BACKGROUND**

1.     On or about May 15, 2005, Ms. Ross was injured at the Winn-Dixie store

located at 710 Academy Drive, Bessemer, Alabama as a proximate result of the

negligence of the Winn-Dixie entity operating the store, believed to be Winn-Dixie

Montgomery, Inc. Ms. Ross was injured when she slipped and fell as a result of water

that had been leaking from a freezer. As a result of the accident, Ms. Ross has suffered

extensive physical damages.

2.     Ms. Ross, acting through her Alabama counsel J. Callen Sparrow, Esq.,

promptly provided written notification of the claim to Winn-Dixie Montgomery, Inc.

3.     Mr. Sparrow also filed on Ms. Ross' behalf a lawsuit styled *LaDonna*

*Ross v. Winn-Dixie Montgomery, Inc.* in the United States District Court for Northern

---

[1] Ms. Ross' claim is directed against Debtor Winn-Dixie Montgomery, Inc. as the operator of the Bessemer Alabama Winn-Dixie Store. The Application is styled as an Amended Application, but is her only Application.

District of Alabama, Southern Division, Case No. 2:06-cv-0682-TMP.

4.      As set forth in the Affidavit of J. Callen Sparrow attached as Exhibit "B", at some time in December 2006 Mr. Sparrow received a notice establishing a bar date for filing certain types of claims (the "Notice"). Initially, he simply did not understand the Notice to be establishing a bar date that would affect Ms. Ross. Upon further review, Mr. Sparrow mistakenly concluded that Ms. Ross' claim fell outside the relevant claim period of February 21, 2005 to November 21, 2006 (the "Post-Petition Period").

5.      Mr. Sparrow first became aware that the Notice did affect Ms. Ross' claim when he was preparing for the deposition of her treating orthopedic surgeon after the January 5, 2007 deadline. When Mr. Sparrow became aware of the applicability of the Notice to Ms. Ross' claim, he contacted the undersigned Florida counsel for a clarification of the Notice. Mr. Sparrow and the undersigned counsel promptly filed Ms. Ross's Application.

## **MEMORANDUM OF LAW**

The Bankruptcy Code provides that "(a)n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause". *11 U.S.C. Section 503(a)*. As in the case of a pre-petition claim filed after a bar date, bankruptcy courts have used the "excusable neglect" standard of Fed. R. Bankr. P. 9006(b)(1) in the context of a Section 503(a) application for administrative expense. *See In re: Bicoastal Corp*., 147 B.R. 258 (M.D. Fla. 1992). *See also In re Reams Broad. Corp., 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993)*.

This Court is permitted to exercise its discretion "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond

the movant's control". *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507 U.S. 380, 391, 113 S. Ct. 1489 (1993).

In *Pioneer*, the United States Supreme Court explicitly rejected a narrow interpretation of the term "excusable neglect" under Rule 9006(b)(1). *Pioneer*, 507 U.S. at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control"). A pre-petition claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *Banco Latino International v. Lopez (In re Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer*). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997).

As noted previously by this Court, *Pioneer* mandates a "balancing test" of four considerations. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). Those considerations include: (a) the reason for the delay and whether it was in control of claimant; (b) the length of delay and potential impact on judicial proceedings; (c); the danger of prejudice to debtor, and (d) whether the claimant acted in good faith. *Harrell*, 325 B.R. 646.

### Reason for the Delay

As set forth in J. Callen Sparrow's Affidavit attached as Exhibit "B", the failure to timely file Ms. Ross' claim is the result of inadvertence due to his mistaken interpretation of the Notice. There is no evidence of anything more than a mistake.

### Length of Delay and Potential Impact on Judicial Proceedings

Ms. Ross's Application was filed less than thirty days after the deadline, and less

than sixty days of the publication of the Notice. Because, inter alia, the Court has confirmed a Plan of Reorganization approved by the Debtors' creditors, the judicial proceedings in this case will not be affected substantially if the Court grants this Motion.

### Prejudice to the Debtors

There can be little, if any, prejudice to Winn-Dixie Stores if this Motion is granted. The Debtors' had actual notice of Ms. Ross' personal injury claim prior to the January 5, 2007 bar date. Significantly, the granting of this Motion will not deprive the Debtors' of their ability to object to Ms. Ross's Application on its merits. The fact that the Debtors will have to deal with the merits of Ms. Ross' Application, as opposed to having is stricken on procedural grounds, is not "prejudice" of a type this Court should consider in its analysis under *Pioneer*. Upon information and belief, the Debtors have not completed their reconciliation and negotiations relating to the large number of personal injury claims relating to the Debtors' activities during the Post-Petition Period.

### Ms. Ross's Good Faith

Ms. Ross's actions in this case were, without question, undertaken in good faith. At no point has she delayed the process or otherwise "sat on her rights", and there is and can be no suggestion that she has acted improperly in any fashion. Similarly, Mr. Sparrow's inadvertent failure to file the Application cannot be interpreted as the result of some calculated attempt to gain procedural or other advantage. Instead, the failure was an honest mistake.

### The Factors as a Whole

Each of the foregoing equitable considerations weighs in favor of the granting

of the relief sought in this Motion. The treatment of Ms. Ross's Application as timely-filed will permit her claim to be resolved on its merits. Such relief will result in no prejudice to the Debtors, will serve to protect Ms. Ross's rights to recover for her damages, and is consistent with the interests of justice.

**Wherefore,** LaDonna Ross requests that the Court enter an order:

(A) deeming the Application filed on her behalf on January 29, 2007 timely-filed, and

(B) granting her such other and further relief to which she may be entitled.

Dated: February 25, 2007                         **WILCOX LAW FIRM**

/s/ **Robert D. Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
(904) 281-0700
(904) 513-9201 Fax

J. Callen Sparrow, Esq.
Henninger Garrison Davis
2224 1st Avenue North
Birmingham, Alabama 35203
(205) 326-3336
(205)-326-3332 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2007 I filed this **MOTION OF LADONNA ROSS FOR ORDER DEEMING APPLICATION FOR ADMINISTRATIVE EXPENSE TIMELY FILED** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee,  Elena L. Escamilla,  Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ **Robert Wilcox**
Robert D. Wilcox

EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

        Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

### AMENDED APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
LaDonna Mashell Ross

Comes Now LaDonna Mashell Ross ("Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2.    Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3.    After the Petition Date and on or about May 15, 2005, Applicant was injured at the Winn-Dixie store located at 710 Academy Drive, Bessemer, Alabama as a proximate result of the negligence of the Winn-Dixie entity operating the store. Ms. Ross

was injured when she slipped and fell as a result of water that had been leaking from a freezer. As a result of the injury, Applicant has suffered damages totaling at least $10,000.00, which damages Applicant can support through medical records and other proof. Applicant's damages may not be fully liquidated at this time.

### APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4.      Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5.      In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b) and Applicant seeks the entry of an order awarding such status.

### REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon both the undersigned Florida counsel and:

J. Callen Sparrow
Heninger Garrison Davis, LLC
P.O. Box 11310
2224 1st Avenue North
Birmingham, AL 35023

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter

an order granting the relief requested herein and such other relief as it deems just and

proper.

Respectfully Submitted,

WILCOX LAW FIRM

**/s/ Robert Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
Telephone: (904) 281-0700
Facsimile: (904) 513-9201

And

J. Callen Sparrow
Heninger Garrison Davis, LLC
P.O. Box 11310
2224 1st Avenue North
Birmingham, AL 35023

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2007, I filed this **AMENDED APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system, which will cause a copy to be  served on James H. Post, Esq., Counsel  for the Reorganized Debtors, Matthew Barr, Esq. and  John MacDonald, Esq., Counsel for the Post-Effective Date Committee,  Elena L. Escamilla,  Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

**/s/ Robert Wilcox**
Robert D. Wilcox

3

EXHIBIT B

## AFFIDAVIT OF J. CALLEN SPARROW

Before me the undersigned authority personally appeared, **J. Callen Sparrow**, being duly sworn did depose and say as follows:

I, J. Callen Sparrow, represent LaDonna Ross the case styled, *LaDonna Ross v. Winn-Dixie Montgomery, Inc.*, United States District Court for Northern District of Alabama, Southern Division; CV 2:06-cv-0682-TMP.  This case arises from injuries sustained by Ms. Ross while on the premises of Winn-Dixie on May 15, 2005.

Some time in December 2006, I received a notice establishing a bar date for filing claims arising before Effective Date and other Administrative Claims.  Initially, I simply did not understand the notice to be establishing a bar date that would affect my client.  Upon further review, I mistakenly believed Ms. Ross' claim to fall outside the relevant period of February 21, 2005 to November 21, 2006.

In the process of preparing to take the deposition of my client's treating orthopedic surgeon, I finally realized that Ms. Ross' claim did, in fact, fall within the relevant time frame as set forth in the Notice.  This occurred subsequent to January 5, 2007, and, at that time, I immediately contacted counsel in Florida to assist me in determining whether something could be done to correct the mistake that I had made.

Every statement contained in the above and foregoing affidavit is true and correct to the best of my knowledge.

This the 12th day of February 2007.

J. Callen Sparrow

Sworn to and subscribed before me on this the 12th day of February 2007.

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: May 28, 2007
BONDED THRU NOTARY PUBLIC UNDERWRITERS

MY COMMISSION EXPIRES:_____

Notary Public