# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:                   )   Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,   )   *Chapter 11*

Reorganized Debtors.        )   Jointly Administered

## ORDER APPROVING STIPULATION
## RESOLVING CLAIMS OF DIAL CORPORATION

These causes originally came before the Court for hearing upon the Nineteenth Omnibus Objection to Claims (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"). Included among the several proofs of claim that were the subject of the Objection were claim numbers 9618 and 9623 filed by Dial Corporation. Based upon the consent of the parties set forth in the attached stipulation between the Debtors and Dial Corporation (the "Stipulation"), it is

ORDERED AND ADJUDGED:

1.    The Stipulation attached to this Order is approved.

2.    Claim numbers 9618 and 9623 are disallowed in their entirety.

Dated this ____ day of March, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

485320-Wilmington Server 1A - MSW

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

------------------------------------------------x
:
In re:                                          :       Chapter 11
                                                :
WINN-DIXIE STORES, INC., et al.,                :       Case No. 05-03817-3F1
                                                :
Reorganized Debtors.                            :
                                                :       Jointly Administered
                                                :
------------------------------------------------:

## STIPULATION RESOLVING CLAIMS OF DIAL CORPORATION

This Stipulation (the "Stipulation") is made and entered into as of the date set forth below by and among Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates as reorganized debtors in the above-styled jointly administered bankruptcy cases (the "Debtors") and Dial Corporation ("Dial"):

WHEREAS, on February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

WHEREAS, Dial opted into the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment Of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program, as approved by the August 2, 2005 Order [Docket No. 2725], and pursuant thereto, entered into an Agreement to be Bound by the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claim and Establishing Post-Petition Trade Lien Program (the "Agreement").

WHEREAS, pursuant to the Agreement, Dial was granted a net allowed reclamation claim of $317,767.52, which net reclamation claim has since been paid in full.

WHEREAS, on July 28, 2005, Dial filed (a) proof of claim nos. 9615-9619, each an unsecured non-priority claim in the amount of $147,530.78, and each filed against a different Debtor and (b) proof of claim nos. 9620-9624, each an unsecured priority (reclamation) claim in the amount of $331,398.83, and each filed against a different Debtor.

WHEREAS, on August 22, 2006, the Debtors filed their Eighteenth Omnibus Objection to Duplicate Different Debtor Claims, wherein the Debtors sought to disallow (i) claim nos. 9615-9617 and 9619 on the grounds that they duplicate the liability of claim no. 9618 and (ii) claim nos. 9620-9622 and 9624 on the grounds that they duplicate the liability of claim no. 9623.

WHEREAS, claim nos. 9615-9617, 9619, 9620-9622 and 9624 were disallowed, contingent upon the confirmation and effectiveness of the Debtors' joint plan of reorganization, by Order dated September 21, 2006.

WHEREAS, on August 30, 2006, the Debtors filed their Nineteenth Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Workers Compensation Claims and (D) Workers Compensation Misclassified Claims, wherein the Debtors sought to (i) disallow claim no. 9618 on the ground that the Debtors' books and records reflected a credit balance due to the Debtors of $236,403.33 more than the claim amount, and (ii) disallow claim no. 9623 on the ground that the net reclamation had been paid.

WHEREAS, as set forth in this Stipulation, the parties have agreed to resolve the application of credits and offsets against pre-petition Dial invoices by agreeing that (i) claim nos. 9618 and 9623 will be disallowed, and (ii) the Debtors shall be permitted to deduct the sum of $30,862.00 from future invoices received from Dial.

2

NOW, THEREFORE, the Debtors and Dial stipulate and agree as follows:

1.    The amount of claim no. 9618 will be setoff against the Debtors' accrued prepetition credits and claim no. 9618 will be reduced to zero and disallowed.

2.    Dial shall permit the Debtors to deduct from future Dial invoices an amount arrived at by the following calculation:

| | |
|---|---|
| Total pre-petition amount due to the Debtors after offsets against claim no. 9618: | $236,403.00 |
| Less invalid deductions by the Debtors: | ($57,727.00) |
| Adjusted balance: | $178,676.00 |
| Less deductions of pre-petition amounts taken by the Debtors from post-petition payments: | ($147,814.00) |
| Remaining pre-petition balance due to the Debtors: | $30,862.00 |

3.    Upon entry of an order approving this Stipulation, claim nos. 9618 and 9623 are disallowed in their entirety.

4.    The Debtors shall be permitted to deduct the sum of $30,862.00 from future Dial invoices.

5.    Effective upon entry of an order approving this Stipulation and upon deduction in full of the amount set forth in paragraph 4 above, all claims between the Debtors and Dial for any credits or offsets against Dial invoices which accrued pre-petition and any and all claims by the Debtors pursuant to Sections 547 and 550 of the Bankruptcy Code, are fully and finally resolved and released by each of the Debtors and Dial.

6.    Each party represents that it has authority to enter into this Stipulation.

3

7.     This Stipulation may be executed in several counterparts and/or by facsimile or pdf signature, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument.

8.     The Court shall retain jurisdiction to resolve any disputes arising from this Stipulation.

Dated: February 21ᵈ, 2007

SNELL & WILMER LLP

By

Peter Rathwell
One Arizona Center
Phoenix, Arizona 85004
(602) 382-6203
(602) 382-6070 (facsimile)
prathwell@swlaw.com

Counsel to Dial Corporation

[SIGNATURES CONTINUED ON FOLLOWING PAGE]

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By _____
    D. J. Baker
    Rosalie Walker Gray
    Jane M. Leamy
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

      - and –

SMITH HULSEY & BUSEY


By  Stephen D. Busey
     James H. Post
     Cynthia C. Jackson,
     Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Co-Attorneys for Debtors

5