# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et.al.                Case No. 05-03817-3F1
                                               Chapter 11
          Reorganized Debtors.                 Jointly Administered

_____/

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE
## EXPENSE CLAIM FOR POST-PETITION PERSONAL INJURY

Pursuant to 11.U.S.C.§ 503, Grisel Ledesma ("Claimant") hereby applies for

and requests that the Court enter an Order approving this Application for

allowance and payment of an administrative expense claim in the above-styled

case, and as grounds therefor says:

1.    On January 6, 2006, Claimant suffered personal injury and damages

when she fell in a store operated by the Debtor and located in Tampa, Florida.

Damages sustained from a post-petition tort committed by the Debtor have

administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471, 88 S.Ct.

1759, 20 L.Ed.2d 751 (1968).

2.    On November 9, 2006, this Court entered an Order confirming the

Debtors' Plan of Reorganization. [Docket #12440].

3.    The Court established January 5, 2007 as the deadline for filing

requests for payment of administrative expense claims.

4.    On January 17, 2006, Claimant's attorney sent the Debtor a Letter of Representation regarding her claim. A copy of Claimant's January letter is attached hereto as Exhibit A.

5.    On February 2, 2006, Debtor's insurance adjustors, Sedgwick Claims Management Services, Inc. ("Sedgwick"), responded to Claimants' counsel, requesting a recorded statement from the Claimant; however, Sedgwick failed to advise Claimant or her counsel of the bankruptcy.  A copy of the February Sedgwick letter is attached hereto as Exhibit B.

6.    On July 17, 2006, Sedgwick again corresponded with Claimants' counsel requesting additional information; however, again, Sedgwick failed to advise Claimant about the bankruptcy.  A copy of the July Sedgwick letter is attached hereto as Exhibit C.

7.    Claimant never received any information from Debtor, Debtor's Attorney, nor from Sedgwick regarding Debtor's bankruptcy.

8.    Neither Claimant nor her counsel had knowledge of the bankruptcy.

9.    Neither claimant nor her counsel received actual notice of the claims bar date.

10.    In short, the Debtor and Debtor's agent, Sedgwick, had actual knowledge of the claim and of Claimant's intent to pursue collection of said claim,

yet failed to inform Claimant of the pending bankruptcy proceedings and failed to provide actual notice of the claims bar date.

11.    The Claimant, a known creditor of the Debtor, was entitled to **actual notice** of the claims bar date before her claim could be extinguished. *City of New York v. New York, N.H. & H.R. Co.,* 344 U.S.293, 73 S.Ct.299, 97 L.Ed.333(1953); *In re Premier Membership Services, LLC.,* 276 B.R.709, 713 (Bkrtcy.S.D.Fla. 2002). Courts consistently have ruled that lack of notice of the claims bar date or of the confirmation hearing, prevents a late claim from being barred. *In re Premier Membership Services, LLC.,*276 B.R.709,713(Bkrtcy.S.D.Fla.2002); *In re Tannen Towers Acquisition Corp.,*235 B.R.748,753(D.N.J.1999). The Debtor is not discharged from the debt of a Claimant, who was known to the Debtor and who failed to receive notice of the claims bar date. That is true even if the Claimant had actual knowledge of the existence of the bankruptcy proceedings. *In re Spring Valley Farms, Inc.,* 863 F.2d 832, 835 (11th Cir. 1989).

12.    The Debtor will not be prejudiced by the tardy filing because the Debtor has had actual knowledge of Claimants' claim for several months as a result of ongoing communications between, Sedgwick and Claimant.

13.    The claim must be liquidated in state court and should continue before the Court in which the matter was filed.

14.    Under the facts set forth above, the Debtor should be estopped to complain about the tardy filing of the Administrative Expense Application.

15.    Pursuant to 11 U.S.C. §503(a), the Court may allow a tardily filed request for payment of administrative expense for cause, which Claimant respectfully submits she has set forth above.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application was served on James Post, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202 and Matthew Barr, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 this 2nd day of March 2007.


Marsha G. Rydberg
Florida Bar Number 220973
The Rydberg Law Firm, P.A.
201 N. Franklin Street, Suite 1625
Tampa, FL  33602
(813) 221-2800
(813) 221-2420 – facsimile
Attorneys for Ledsma

# Exhibit A

# W. DeHart Ayala, Jr.
### ATTORNEY AT LAW

1924 W. DR. MARTIN LUTHER KING BLVD.
TAMPA, FL 33607

TELEPHONE 813-871-6200
FACSIMILE  813-871-6226

January 17, 2006

## CERTIFIED U.S. MAIL 7001 2510 0000 6893 5362

Store Manager
Winn-Dixie
4479 Gandy Blvd
Tampa, FL 33611

      Re:   Grisel Ledesma
             DOA: 1/11/06

Dear Sir or Madam:

We represent Grisel Ledesma who was seriously injured in a slip and fall accident on January 11, 2006. Ms. Ledesma was shopping in your store when she stepped in a slippery lotion that was on the floor. Winn-Dixie and/or its employees negligently maintained its premises and failed to warn Ms. Ledesma of this hazardous condition on the premises.

Please turn this letter over to your insurance company with a request that they contact me within 10 days from receipt of this letter. Thanking you in advance for your assistance in this matter.

Very truly yours,

W. DeHart Ayala, Jr.

WDA/ad

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STORE MANAGER
Winn-Dixie
4479 Grady Blvd
TAMPA, FL 33611

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
J.W. Woodard                        1-21-6

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)

7001 2510 0000 6893 5362

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-154



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

| | |
|---|---|
| Postage | $ .39 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.64 |

Postmark Here

OFFICIAL

Sent To STORE MGR WINN DIXIE
Street, Apt No; 4475 Grady BLVD
or PO Box No.
City, State, ZIP+4 TAMPA FL 33611

7001 2510 0000 8493 5362

# Exhibit B



## Sedgwick

**Sedgwick Claims Management Services Inc**
P.O. Box 24787,  Jacksonville,FL 32241-4787
Telephone (888)784-3470 Facsimile (904)419-5365

February 02, 2006

W. DeHart Ayala, Jr.
1924 W. Dr. Martin Luther King Blvd.
TampaFL 33607

| | | |
|---|---|---|
| RE: | **Claimant:** | **Grisel Ledesma** |
| | **Date of Injury:** | **01/11/2006** |
| | **Location:** | **Winn Dixie #643** |
| | | **Gandy Plaza 4479 Gandy Blvd.** |
| | | **Tampa,FL 33611** |
| | **Division:** | **Orlando** |
| | **Claim Number: A611200329-0001-01** | |

Dear Sir or Madam:

Sedgwick Claims Management Services, Inc., is the third-party administrator for Winn-Dixie Stores, Inc. Winn-Dixie Stores, Inc. is self-insured for Liability with a $2,000,000.00 retention. There is no medical payments coverage.

I am the examiner handling this claim. Please provide a status as to Grisel Ledesma's treatment and medical progress with medical records and bills to date. I will need your client to complete the enclosed Medical and/or Wage Authorization form and return it to me. Winn Dixie requires that I obtain your client's recorded statement before we make any decisions determining liability. Please contact the undersigned to arrange a convenient date and time to secure this information. If your client has already provided us with a recorded statement please disregard. Should you fail to provide this information our liability decisions will be based solely upon the limited information available to us.

I would also like to request you assistance with a recorded statement from your client. This can be performed via conference call. I can provide an interpreter if needed.

Thank you for your assistance and prompt attention to this matter. If you have any questions feel free to contact me directly at (904)419-5337.

Sincerely,

Katelyn Kim
Claims Examiner II

Encl.

**Obtaining the medical & wage information is for the purpose of evaluating your claim and does not assume liability on Winn-Dixie or Sedgwick Claims Management Services, Inc. to pay or reimburse any expenses incurred as a result of this incident.**

Exhibit C



## Sedgwick

**Sedgwick Claims Management Services Inc**
P.O. Box 24787,  Jacksonville,FL 32241-4787
Telephone: 904-419-5300 Facsimile: (904)419-5365

July 17, 2006

W. DeHart Ayala, Jr., Esq.
1924 W. Dr. Martin Luther King          VIA USPS
Tampa, FL 33607

RE:  **Claimant:       Grisel Ledesma**
     **Claim Number: A611200329-0001-01**
     **Date of Injury:  01/11/2006**
     **Location:        Winn Dixie #: Tampa,FL 33611**

Dear W. DeHart Ayala, Jr., Esq.:

I am the new Claims Examiner assigned to investigate this incident. Sedgwick Claims
Management Services Inc. operates the Winn-Dixie Claims Service Center.

Please provide status of treatment and medical progress regarding your client.
Additionally, I request that you forward the medical records and bills that you have to
date in order for me to begin evaluating this claim.  Please forward along with those
reports and bills, copies of your client's medical records for the five (5) years preceding
this accident.

The above information will be greatly appreciated and will also facilitate the settling of
this claim.

My direct line is (904) 419-4726.

Sincerely,

*Stephanie*

Stephanie Phillips
Claims Examiner II