# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et.al.

      Reorganized Debtors.

_____/

Case No. 05-03817-3F1
Chapter 11
Jointly Administered

## MOTION TO ALLOW LATE FILED APPLICATION OF FOR PAYMENT OF ADMINISTRATIVE EXPENSE OF GRISEL LEDESMA
### (Post-petition Personal Injury Claim)

Grisel Ledesma ("Claimant") moves the Court for an Order authorizing her late filed Application for Allowance of Administrative Expense Claim for Post-Petition Personal Injury (the "Application"), and as grounds therefor says:

1.    On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2.    By Order, dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3.    Since that time, the Debtor has operated property and managed its business as Debtor-in-Possession.

4.      On January 11, 2006, Claimant suffered personal injury and damages when she fell in a store operated by the Debtor and located on Gandy Boulevard in Tampa, Florida. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968).

5.      On January 17, 2006, Claimant's attorney sent the Debtor a Letter of Representation regarding her claim; a copy of that letter is attached hereto as Exhibit A.

6.      On February 2, 2006, Debtor's insurance adjustors, Sedgwick Claims Management Services, Inc. ("Sedgwick"), responded to Claimants' counsel, requesting a recorded statement from the Claimant; however, Sedgwick failed to advise Claimant or her counsel of the bankruptcy.   A copy of the February Sedgwick letter is attached hereto as Exhibit B.

7.      On July 17, 2006, Sedgwick again corresponded with Claimants' counsel requesting additional information; however, again, Sedgwick failed to advise Claimant about the bankruptcy.   A copy of the July Sedgwick letter is attached hereto as Exhibit C.

8.      The Debtor will not be prejudiced by the tardy filing because the Debtor has had actual knowledge of Claimants' claim for several months as a result of ongoing communications with the Debtor's and Claimant's counsel.

9.    Claimant never received any information from the Debtor or Sedgwick regarding Debtor's bankruptcy and neither she nor her counsel had any knowledge of the bankruptcy.

10.    On November 9, 2006, this Court entered an Order confirming the Debtors' Plan of Reorganization. [Docket #12440].    The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

11.    Instead of transmitting its Notice of (A)Entry of Order Confirming Plan of Reorganization, (B)Occurrence of Effective Date of Plan, and (C)Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims (the "Notice") to post-petition claimants immediately (which would have provided almost 60 days until the bar date for filing administrative expenses), the Debtor waited almost one month to file the Notice, which is dated December 6, 2006.

12.    The Certificate of Service for the Notice, bears a date of December 13, 2006 [Docket #13067] and that Certificate of Service does not reflect service either on the Claimant or on her counsel.

13.    Neither the Claimant, nor her counsel, received the Notice.

14.    Even if the Claimant has received the Notice (and she did not) the timing of the Notice and the short bar date would have prejudiced Claimant in that:

a.    Claimant effectively would have had less than 30 days to respond to the Notice;

        b.      Ordinarily Bankruptcy Courts provide more than 30 days Notice of a claims bar date;

        c.      The Notice was transmitted during the holiday season; therefore, several days were "lost" due to slow mail delivery and holidays.

15.    Further, Claimant was prejudiced by the lack of disclosure of the bankruptcy either by the Debtor or by Sedgwick.

16.    In Chapter 11 cases, the doctrine of "excusable neglect," pursuant to Bankruptcy Rule 9006(b)(1), permits a Court to allow late filed claims resulting from inadvertence, mistake or carelessness. *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S.380 (1993).

17.    "Excusable neglect" is an equitable concept requiring consideration of the danger of prejudice to the Debtor, the length of the delay and its impact on the judicial proceedings, the reason for the delay and movant's good faith. *In re Harrell,* 325 B.R.643 (Bankr.M.D.Fla.2005).

18.    The delay between the bar date and Claimant's filing of this Motion and her Administrative Expense Application has little or no impact on the Debtor.

19.    In short, the Debtor had actual knowledge of the claim and of Claimant's intent to pursue collection of said claim.

20.    More importantly, the Claimant, a known creditor of the Debtor, was entitled to **actual notice** of the claims bar date before her claim could be extinguished. *City of New York v. New York, N.H. & H.R. Co.,* 344 U.S. 293, 73

S.Ct. 299, 97 L.Ed. 333 (1953); *In re Premier Membership Services, LLC* 276 B.R. 709, 713 (Bkrtcy.S.D.Fla.,2002).

21.    Courts consistently have ruled that when there is no notice of the claims bar date or of the confirmation hearing, a late claim is not barred.  *In re Premier Membership Services, LLC., 276 B.R. 709, 713 (Bkrtcy.S.D.Fla.,2002); In re Tannen Towers Acquisition Corp., 235 B.R. 748, 753 (D.N.J.1999).*

22.    The Debtor was not discharged from the debt of the Claimant, who was known to the Debtor, and who failed to receive notice of the administrative claims bar date.  That is true even if the Claimant had actual knowledge (which she did not) of the existence of the bankruptcy. *In re Spring Valley Farms, Inc*., 863 F. 2d 832, 835 (11th Cir.1989).

23.    Although the Bankruptcy Court cannot liquidate Claimant's personal injury claim, it does have the right to permit late filed administrative expense claims and to determine whether a particular debt has been discharged.

24.    The Claimant moves for entry of an order determining her claim has not been discharged.

25.    Pursuant to 11 U.S.C. § 503(a), Claimant respectfully requests this Court to allow her late-filed request for payment of administrative expense, for cause, and allow the claim to be liquidated promptly in the state court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served on James Post, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202 and Matthew Barr, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 this 2nd day of March 2007.

Marsha G. Rydberg
Florida Bar Number 220973
The Rydberg Law Firm, P.A.
201 N. Franklin Street, Suite 1625
Tampa, FL 33602
(813) 221-2800
(813) 221-2420 – facsimile
Attorneys for Grisel Ledesma

# Exhibit A

# W. DeHart Ayala, Jr.
### ATTORNEY AT LAW

1924 W. DR. MARTIN LUTHER KING BLVD.
TAMPA, FL 33607

TELEPHONE 813-871-6200
FACSIMILE 813-871-6226

January 17, 2006

**CERTIFIED U.S. MAIL 7001 2510 0000 6893 5362**

Store Manager
Winn-Dixie
4479 Gandy Blvd
Tampa, FL 33611

      Re:   Grisel Ledesma
           DOA: 1/11/06

Dear Sir or Madam:

    We represent Grisel Ledesma who was seriously injured in a slip and fall accident on January 11, 2006. Ms. Ledesma was shopping in your store when she stepped in a slippery lotion that was on the floor. Winn-Dixie and/or its employees negligently maintained its premises and failed to warn Ms. Ledesma of this hazardous condition on the premises.

    Please turn this letter over to your insurance company with a request that they contact me within 10 days from receipt of this letter. Thanking you in advance for your assistance in this matter.

                  Very truly yours,

                  W. DeHart Ayala, Jr.

WDA/ad

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STORE MANAGER
Winn-Dixie
4479 Grandy Blvd
Tampa, FL 33611

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

J.W. Woodard   1-21-6

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7001 2510 0000 6893 5362

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-154



# Exhibit B



## Sedgwick

**Sedgwick Claims Management Services Inc**
P.O. Box 24787,  Jacksonville,FL 32241-4787
Telephone (888)784-3470 Facsimile (904)419-5365

February 02, 2006

W. DeHart Ayala, Jr.
1924 W. Dr. Martin Luther King Blvd.
TampaFL 33607

RE:  **Claimant:    Grisel Ledesma**
      **Date of Injury:01/11/2006**
      **Location:       Winn Dixie #643**
                        **Gandy Plaza 4479 Gandy Blvd.**
                        **Tampa,FL 33611**
      **Division:      Orlando**
      **Claim Number: A611200329-0001-01**

Dear Sir or Madam:

Sedgwick Claims Management Services, Inc., is the third-party administrator for Winn-Dixie
Stores, Inc. Winn-Dixie Stores, Inc. is self-insured for Liability with a $2,000,000.00 retention.
There is no medical payments coverage.

I am the examiner handling this claim.  Please provide a status as to Grisel Ledesma's treatment
and medical progress with medical records and bills to date.  I will need your client to complete
the enclosed Medical and/or Wage Authorization form and return it to me.  Winn Dixie requires
that I obtain your client's recorded statement before we make any decisions determining liability.
Please contact the undersigned to arrange a convenient date and time to secure this information.
If your client has already provided us with a recorded statement please disregard.   Should you
fail to provide this information our liability decisions will be based solely upon the limited
information available to us.

I would also like to request you assistance with a recorded statement from your client.  This can
be performed via conference call.  I can provide an interpreter if needed.

Thank you for your assistance and prompt attention to this matter.  If you have any questions feel
free to contact me directly at (904)419-5337.

Sincerely,

Katelyn Kam
Claims Examiner II

Encl.

**Obtaining the medical & wage information is for the purpose of evaluating your claim and
does not assume liability on Winn-Dixie or Sedgwick Claims Management Services, Inc. to
pay or reimburse any expenses incurred as a result of this incident.**

Exhibit C



**Sedgwick**

**Sedgwick Claims Management Services Inc**
P.O. Box 24787,   Jacksonville, FL 32241-4787
Telephone: 904-419-5300 Facsimile: (904)419-5365

July 17, 2006

W. DeHart Ayala, Jr., Esq.
1924 W. Dr. Martin Luther King          VIA USPS
Tampa, FL 33607

RE:  **Claimant:         Grisel Ledesma**
     **Claim Number:  A611200329-0001-01**
     **Date of Injury:   01/11/2006**
     **Location:         Winn Dixie #: Tampa, FL 33611**

Dear W. DeHart Ayala, Jr., Esq.:

I am the new Claims Examiner assigned to investigate this incident. Sedgwick Claims
Management Services Inc. operates the Winn-Dixie Claims Service Center.

Please provide status of treatment and medical progress regarding your client.
Additionally, I request that you forward the medical records and bills that you have to
date in order for me to begin evaluating this claim.  Please forward along with those
reports and bills, copies of your client's medical records for the five (5) years preceding
this accident.

The above information will be greatly appreciated and will also facilitate the settling of
this claim.

My direct line is (904) 419-4726.

Sincerely,

*Stephanie*

Stephanie Phillips
Claims Examiner II