## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**IN RE: WINN DIXIE STORES, INC.**,          )   Bankruptcy Case No:
**et. al.**, Debtors.                                    )   05-02817-3F1/Chapter 11

### AMENDED MOTION TO EXTEND DEADLINE

COMES NOW, Janett Reeves, unsecured creditor in the above-styled action, by and through her attorney, Dan A. Goldberg, and respectfully moves this Honorable Court to extend the deadline within which to file an Application For Administrative Expense Claim, and, as the basis therefore, would state the following:

1. That Janett Reeves, unsecured creditor, retained Goldberg & Associates, P.C., on or about November 27, 2006, on a premises liability case and advised the latter that a claim had already been filed with the subject Winn Dixie Stores, Inc.;

2. That Janet Reeves received <u>no</u> oral or written notice, whether by the subject store, its employees and/or agents of the necessity of filing either a Proof of Claim Form or Application For Administrative Expense Claim and <u>only</u> became aware of such filing recently when our office was advised of such and informed her;

3. That on or about December 1, 2006, our office contacted, the subject store and was advised to contact Sedgwick CMS, third-party administrator therefore and was never informed of the necessity of filing either a Proof of Claim Form or Application For Administrative Expense Claim;

4. That on or about December 1, 2006, our office contacted Sedgwick CMS, informed such of our representation, was told by the latter that a claim had previously been filed by Janett Reeves with the subject store and to forward a letter of representation, but that our office was never informed of the necessity of filing either a Proof of Claim Form or Application For Administrative Expense Claim;

5. That our office forwarded, via U.S. mail on December 1, 2006, and via facsimile on December 4, 2006, a letter of representation to Sonni Starbird at Sedgwick CMS in Jacksonville, Florida;

6. That our office received on or about January 29, 2007, correspondence from Sedgwick CMS, dated January 24, 2007, advising our office that a Motion For Administrative Expense Claim needed to be filed with the relevant Bankruptcy Court no later than January 5, 2007, this letter representing the <u>first notice</u> to either Janett Reeves or our office as such pertains to the need of such a filing;

7. That our office drafted and forwarded a Proof of Claim Form, via U.S. mail on February 20, 2007, to the relevant United States Bankruptcy Court, D.J. Baker, Esquire (listed counsel for Winn Dixie Stores, Inc.), Stephen D. Busey, Esquire (listed bankruptcy counsel, for Winn Dixie Stores, Inc., with the firm of Smith, Hulsey & Busey), and Yolanda Davis with Sedgwick CMS, as well as via facsimile on February 20, 2007, to James H. Post, Esquire, also with the firm of Smith, Hulsey & Busey;

8. That our office received on or about February 26, 2007, correspondence from James H. Post, Esquire, dated February 22, 2007, informing our office of its receipt of the Proof of Claim Form but advising that an electronically-filed Motion For Administrative Expense Claim needed to be filed with the relevant Bankruptcy Court no later than January 5, 2007;

9. That Janett Reeves was caused to suffer bodily injuries, including but not limited to, her back, knees, etc., and has been caused to incur medical expenses, as a result of the subject premises liability case, and should not be denied recompense for the subject store, its employees and/or its agents, including but not limited to Sedgwick CMS, failing to advise her or her attorney of the need to electronically-file a Motion For Administrative Expense Claim needed to be filed with the relevant Bankruptcy Court within a prescribed period of time;

10. That our office has obtained, aind is currently obtaining, medical documentation, etc., to assist Janett Reeves in her premises liability claim;

11. That Winn Dixie Stores, Inc., will not be prejudiced by the granting of the subject motion as such had adequate, prior notice of the subject claim and ample time to investigate such should it needed.

WHEREFORE, PREMISES CONSIDERED, Janett Reeves, unsecured creditor, prays that this Honorable Court will grant her Amended Motion To Extend Deadline and allow her to electronically-file a Motion For Administrative Expense Claim within a time certain from the Order date.

Respectfully submitted,

/s/Dan A. Goldberg
GOLDBERG & ASSOCIATES, P.C.
505 North 20th Street/Suite 325
Birmingham, Alabama 35203
(205) 322-4700

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the below listed parties by electronically filing said document on the ECF system, which will in turn serve all interested parties, or by placing same in the United States Mail, this day, March 1, 2007, postage prepaid and properly addressed.

_____

/s/ Dan A. Goldberg

James H. Post, Esq.                              United States Bankruptcy Clerk
Smith, Hulsey & Busey                            300 North Hogan Street
P.O. Box 53315                                   Suite 3-350
Jacksonville, FL  32201                          Jacksonville, FL  32202