# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

## NOTICE OF FILING

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors in possession, give notice of filing of the attached Final Report of the Review and Analysis prepared by Stuart Maue, Fee Examiner, of the Third Interim Fee Application of Deloitte and Touche LLP, for Period from June 1, 2006, through and including September 30, 2006.

Dated: March 5, 2007.

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| | |
| By  *s/ D. J. Baker*  <br>   D. J. Baker <br>   Sally McDonald Henry <br>   Rosalie Gray | By  *s/ Cynthia C. Jackson*  <br>   Stephen D. Busey <br>   James H. Post <br>   Cynthia C. Jackson |
| | |
| Four Times Square <br> New York, NY  10036 <br> (212) 735-3000 <br> (917) 777-2150 (facsimile) <br> djbaker@skadden.com | Florida Bar Number 498882 <br> 225 Water Street, Suite 1800 <br> Jacksonville, FL  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| | |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

### Fee Examiner's Report for Third Interim Fee Application of Deloitte and Touche LLP, for Period from <u>June 1, 2006, through and including September 30, 2006</u>

Stuart Maue, acting in its capacity as fee examiner in the above-captioned proceeding, submits the final written report of its review and analysis of the Third Interim Fee Application of Deloitte and Touche LLP, for the period from June 1, 2006, through and including September 30, 2006.

1. On December 14, 2005, the Court entered an order effective December 1, 2005, authorizing the employment and retention of Stuart Maue to serve as fee examiner and to review all fee applications filed with the Court and the statements submitted by professionals retained by Wachovia Bank, N.A. in its capacity as agent for itself and other postpetition lenders (the "Agent").

2.   Stuart Maue conducted a review and analysis of the Third Interim Application of Deloitte and Touche LLP and submits the Final Report which is attached, marked as Attachment 1, and incorporated by reference.

Respectfully Submitted,

STUART MAUE

By _____
Linda K. Cooper
3840 McKelvey Road
St. Louis, Missouri  63044
314-291-3030
314-291-6546 (facsimile)

Fee Examiner

ATTACHMENT 1

# Final Report of the Review and Analysis of

# Third Interim Fee Application Submitted by

**DELOITTE AND TOUCHE LLP**
of
Jacksonville, Florida

For the Interim Period

**June 1, 2006 Through September 30, 2006**



In the Matter Entitled

*In re: Winn-Dixie Stores, Inc., et al.*

United States Bankruptcy Court
Middle District of Florida
Jacksonville Division

Case No. 05-03817-3F1



Issued

**March 1, 2007**

## DELOITTE AND TOUCHE LLP

### SUMMARY OF FINDINGS

#### Third Interim Fee Application (June 1, 2006 Through September 30, 2006)

**A.    Amounts Requested and Computed**

| | |
|---|---:|
| Fees Requested | $4,566.00 |
| Expenses Requested | 0.00 |
| TOTAL FEES AND EXPENSES REQUESTED | $4,566.00 |
| Fees Computed | $4,566.00 |
| Expenses Computed | 0.00 |
| TOTAL FEES AND EXPENSES COMPUTED | $4,566.00 |

**B.    Professional Fees**

**1.    Compliance With Billing Guidelines**

| Page No. | | Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| 7 | Intraoffice Conferences | 0.20 | $35.00 | * |

**2.    Fees to Examine for Necessity, Relevance, and Reasonableness**

| Page No. | | Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| 8 | Personnel Who Billed 10.00 or Fewer Hours | 1.90 | $  332.50 | 7% |
| 9 | Deloitte and Touche Retention and Compensation | 15.80 | 2,765.00 | 61% |
| 9 | Response to Fee Examiner Report | 0.60 | 105.00 | 2% |

_____
* Less than 1%

*Stuart Maue*
**SUMMARY OF FINDINGS (Continued)**

    **C.**    **Adjustment to Eliminate Overlap Between Categories**

        **1.**    **Fees**

| Page No. | | Before Adjustment for Overlap | | Overlap | | After Adjustment for Overlap | |
|---|---|---|---|---|---|---|---|
| | | Hours | Fees | Hours | Fees | Hours | Fees |
| 8 | Personnel Who Billed 10.00 or Fewer Hours | 1.90 | $332.50 | 0.00 | $0.00 | 1.90 | $332.50 |

*Stuart Maue*

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ................................................................................................. 1

II. PROCEDURES AND METHODOLOGY ........................................................... 2
    A. Appendix A ................................................................................................ 2
    B. Overlap Calculation .................................................................................... 2

III. RECOMPUTATION OF FEES AND EXPENSES ............................................... 3

IV. REVIEW OF FEES ................................................................................................ 4
    A. Technical Billing Discrepancies .................................................................. 4
    B. Compliance With Billing Guidelines ........................................................... 4
        1. Firm Staffing and Rates .................................................................. 4
            a) Timekeepers and Positions ................................................ 4
            b) Hourly Rate Increases ........................................................ 5
        2. Time Increments ............................................................................. 5
        3. Complete and Detailed Task Descriptions ..................................... 6
        4. Blocked Entries ............................................................................... 6
        5. Multiple Professionals at Hearings and Conferences ..................... 7
            a) Intraoffice Conferences ..................................................... 7
            b) Nonfirm Conferences, Hearings, and Other Events ........... 7
    C. Fees to Examine for Necessity, Relevance, and Reasonableness ................ 8
        1. Personnel Who Billed 10.00 or Fewer Hours ................................. 8
        2. Long Billing Days ........................................................................... 8
        3. Administrative/Clerical Activities .................................................. 9
        4. Travel .............................................................................................. 9
        5. Summary of Projects ...................................................................... 9

V. REVIEW OF EXPENSES ................................................................................... 11

*Stuart Maue*

**I.      INTRODUCTION**

The United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, entered an order effective December 1, 2005, authorizing the employment and retention of Stuart, Maue, Mitchell & James, Ltd. ("Stuart Maue") to serve as fee examiner in the jointly administered cases entitled: *In re: Winn-Dixie Stores, Inc., et al.,* Case No. 05-03817-3F1. The order authorized and directed Stuart Maue to review all fee applications filed with the Court and to review the statements submitted by professionals retained by Wachovia Bank, N.A. in its capacity as agent for itself and other postpetition lenders (the "Agent").

The review and analysis of the professionals' fee applications are pursuant to the applicable standards of 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the local rules of this Court (the "Local Rules"), and the United States Trustee Guidelines for Reviewing Applications for the Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "U.S. Trustee Guidelines"). The statements submitted by the professionals retained by the Agent are reviewed and analyzed pursuant to a reasonableness standard as referenced in 11 U.S.C. § 328 and the Bankruptcy Rules.

Stuart Maue conducted a review and analysis of the Third Interim Fee Application for Allowance of Fees and Expenses of Deloitte and Touche LLP ("Deloitte and Touche") for the period from June 1, 2006, through September 30, 2006 (the "Application"). Deloitte and

Touche, located in Jacksonville, Florida, are providers of risk assessment, quality assessment, and journal entry testing services to the debtors.

Stuart Maue prepared an initial written report of the review and analysis of the Application and provided it to Deloitte and Touche and the U.S. Trustee for review prior to completing the final written report. Stuart Maue did not receive a response from Deloitte and Touche to the third initial report.

## II.  PROCEDURES AND METHODOLOGY

### A.  Appendix A

Stuart Maue's procedures and methodology for reviewing fees and expenses and for information regarding the exhibits are presented in Appendix A provided with this report.

### B.  Overlap Calculation

During Stuart Maue's review and analysis, a task or entry may be included in more than one category and appear on more than one exhibit. For example, a task or entry may be classified as both blocked billing and intraoffice conference. When a task or entry is included in more than one category, "overlap" occurs among the hour and fee calculations for those categories. In order to ensure that the hours and fees for a task or entry are not "counted" more than once in any reduction of fees, Stuart Maue

*Stuart Maue*
**II. PROCEDURES AND METHODOLGY  (Continued)**

calculated the overlap.[1]  The overlap calculation is displayed in Section D of the Summary of Findings and includes the totals for each category before and after the calculation for overlap and the total dollar amount of the overlap in each category.

**III.   RECOMPUTATION OF FEES AND EXPENSES**

Deloitte and Touche requested the following professional fees in its Application:

| | |
|---|---|
| Professional Fees Requested: | $4,566.00 |
| Expense Reimbursement Requested: | 0.00 |
| Total Fees and Expenses: | $4,566.00 |

Stuart Maue recomputed the total fees requested in the Application and the recomputation revealed no difference between the amount requested and the amount computed. The Application included no request for reimbursement of expenses.

---

[1] The overlap calculation does not include the categories for hourly rate increases or days billed in excess of 12.00 hours.  The classification of these categories is based on the total hours and fees billed for the category and not on individual entries within the category.  A review of these two categories allows a determination of the reasonableness of the total fees attributable to hourly rate increases and the time billed in excess of 12.00 hours.  Overlap calculations for hourly rate increases and long billing days are available upon request to Stuart Maue.

## IV. REVIEW OF FEES

### A. Technical Billing Discrepancies

Stuart Maue examined the billing entries for apparent irregularities such as double billing, wrong case billings, and missing task descriptions. No technical billing discrepancies were found.

### B. Compliance With Billing Guidelines

Stuart Maue reviewed and analyzed the fees and billing entries for compliance with the standards for compensation as set forth in the U.S. Trustee Guidelines. The following discusses the firm's compliance with these guidelines.

#### 1. Firm Staffing and Rates

> **The following information should be provided in every fee application: (iii) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11.** U.S. Trustee Guidelines (b)(1)(iii)

##### a) Timekeepers and Positions

In the Application, Deloitte and Touche provided the names, positions, and hourly rates of the firm's professionals and paraprofessionals who billed time to this matter. Deloitte and Touche staffed this matter with three professionals, including two managers and one senior consultant.

*Stuart Maue*

### IV. REVIEW OF FEES  (Continued)

Deloitte and Touche billed a total of 28.40 hours during their third interim billing period. The following table displays the total hours and fees billed by each timekeeper, the position of each timekeeper, their hourly billing rates, the hours and fees computed by position, and the percentage of total hours and fees for each position:

| Position and Timekeeper | Hourly Billing Rate | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|---|
| Manager: | | | | | |
| John D. G. Peterson | $175.00 | 16.40 | | $2,870.00 | |
| Steven T. Roebuck | $175.00 | 1.90 | | 332.50 | |
| Subtotal - Managers | | 18.30 | 64% | $3,202.50 | 70% |
| Senior Consultant: | | | | | |
| Kaushal Giriraj Mudaliar | $135.00 | 10.10 | | $1,363.50 | |
| Subtotal – Senior Consultants | | 10.10 | 36% | $1,363.50 | 30% |
| TOTAL | | 28.40 | 100% | $4,566.00 | 100% |

The blended hourly rate for the Deloitte Consulting professionals is $160.77.

**b)   Hourly Rate Increases**

Deloitte and Touche has not increased the hourly rates of any timekeepers in this or prior Applications.

**2.   Time Increments**

**Time entries should be kept contemporaneously with the services rendered in time periods of tenths of an hour.   U.S. Trustee Guidelines (b)(4)(v)**

**IV. REVIEW OF FEES (Continued)**

All the billing entries in the Application contained a time allotment and were billed in tenths-of-an-hour increments.

**3.   Complete and Detailed Task Descriptions**

> **Services should be noted in detail… Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference.** U.S. Trustee Guidelines (b)(4)(v)

Activity descriptions should identify each service separately and sufficiently so that the benefit derived from such service may be ascertained, and it may be determined that the time expended was reasonable and necessary.

Deloitte and Touche's activity descriptions were sufficiently detailed, identified the parties involved, and included the type of activity and the subject or purpose of the activity.

**4.   Blocked Entries**

> **Services should be noted in detail and not combined or "lumped" together, with each service showing a separate time entry; however, tasks performed in a project which total a de minimis amount of time can be combined or lumped together if they do not exceed .5 hours on a daily aggregate.** U.S. Trustee Guidelines (b)(4)(v)

Deloitte and Touche did not lump or combine its activity descriptions into an entry with a single time increment.

*Stuart Maue*
**IV.  REVIEW OF FEES  (Continued)**

**5. Multiple Professionals at Hearings and Conferences**

**If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees.**  U.S. Trustee Guidelines (b)(4)(v)

When two or more firm timekeepers bill to attend a meeting, hearing, or other event, the task descriptions should identify and explain the role of each timekeeper who billed for that attendance and the need for multiple attendees. Neither the Application nor the task descriptions explained the need for multiple attendees at conferences, hearings, or events.

   **a)      Intraoffice Conferences**

Intraoffice conferences are necessary and appropriate; however, frequent internal conferring may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  Stuart Maue identified only one entry describing an intraoffice conference. On June 26, 2006, manager Steven T. Roebuck billed 0.20 hour with associated fees of $35.00 to confer with senior consultant Kaushal Mudaliar in regard to "action items."

   **b)      Nonfirm Conferences, Hearings, and Other Events**

Stuart Maue did not identify any instances in the Deloitte Touche billing entries where two or more firm professionals or paraprofessionals billed to attend the same hearing, meeting or other event.

IV.  REVIEW OF FEES  (Continued)

C.  **Fees to Examine for Necessity, Relevance, and Reasonableness**

Stuart Maue reviewed the Application and has identified several billing practices to examine for necessity, relevance, and reasonableness under the standards of Section 330 of the Bankruptcy Code.

1.  **Personnel Who Billed 10.00 or Fewer Hours**

    A review of the fee entries of timekeepers who bill relatively few hours to a matter allows a determination of whether these timekeepers are duplicating the work of others, whether the use of these timekeepers increases the cost to the estate because of orientation or the "getting up-to-speed" that may be required, or whether the small amount of time billed contributed to the advancement of the case.

    Of the three timekeepers who billed during this third interim period, only one Deloitte and Touche professional billed 10.00 or fewer hours, namely manager Steven T. Roebuck, who billed a total of 1.90 hours and $332.50 in associated fees. Mr. Roebuck billed solely to the firm's "Journal Entry Testing – Quarterly Testing and Reporting" matter category.

2.  **Long Billing Days**

    Stuart Maue did not identify any Deloitte and Touche professionals who billed more than 12.00 hours in a single day.

    **3.**      **Administrative/Clerical Activities**

Activities associated with the day-to-day operation of the professional firm are considered to be administrative in nature and, as such, are reflected in the hourly rates charged by the firm.

Clerical activities include tasks that may be effectively performed by administrative assistants, secretaries, or support personnel.  The performance of clerical or secretarial tasks by attorneys, accountants, paralegals, and other paraprofessionals generally constitutes nonbillable time and should be delegated to nonbilling personnel.  Courts have held that time spent performing administrative or clerical activities such as filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, photocopying, scanning documents, training, assignment of tasks to staff members, or "supervising" any of the foregoing, is not compensable.

Stuart Maue did not identify any entries in the Application that described administrative or clerical activities.

    **4.**      **Travel**

Stuart Maue did not identify any entries in the Application describing travel.

    **5.**      **Summary of Projects**

Deloitte and Touche categorized its services into two projects including "Journal Entry Testing – Quarterly Testing and Reporting" and "Preparation of

IV.  REVIEW OF FEES  (Continued)

Fee and Expense Applications."  Upon review, Stuart Maue determined that all entries in the latter category included task descriptions referencing activities that were either related to the retention and compensation of Deloitte and Touche or to the response to the fee examiner report.  For purposes of this report, Stuart Maue created two separate project categories for those entries, namely, "Deloitte Touche Retention and Compensation" and "Response to Fee Examiner Report."

Entries describing tasks related to the "Deloitte Touche Retention and Compensation" total 15.80 hours with $2,765.00 in associated fees.  Entries describing tasks related to the "Response to Fee Examiner's Report" total 0.60 hours with $105.00 in associated fees.  Entries describing tasks related to "Journal Entry Testing – Quarterly Testing and Reporting" total 12.00 hours with $1,696.00 in associated fees.  Exhibits of these project categories displaying a summary of hours and fees by individual and exhibits of each project displaying the full text of each entry are available upon request to Stuart Maue.

*Stuart Maue*

## V. REVIEW OF EXPENSES

Deloitte and Touche did not request reimbursement of any expenses in the Application.