Hearing Date: March 22, 2007, 1:30 p.m.
Objection Deadline: March 15, 2007, 4:00 p.m.

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' MOTION FOR FINAL DECREE
## CLOSING SUBSIDIARY CASES EFFECTIVE AS OF MARCH 31, 2007

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as reorganized debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of a final decree under 11 U.S.C. §§ 105(a) and 350(a) and Fed. R. Bankr. P. 3022 closing all of the Debtors' subsidiary cases (Case Nos. 05-03818 through 05-03840) as of March 31, 2007, and leaving open only the jointly administered case of Winn-Dixie Stores, Inc., et al. (Case No. 05-03817) (the "Motion"). In support of this Motion, the Debtors state as follows:

### Background

1.       On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").

---

[1]       In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  During these cases, the Debtors operated their businesses and managed their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.      The statutory predicates for the relief requested by this Motion are Sections 105(a) and 350(a) of the Bankruptcy Code, supported by Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

5.      By this Motion, the Debtors request that the Court close all of the subsidiary cases (Case Nos. 05-03818 through 05-03840) and enter a final decree with respect to such closed cases.  The jointly administered case of Winn-Dixie Stores, Inc., et al. (Case No. 05-03817) will remain open pending further order of the Court upon completion of proceedings in that case.

## Basis for Relief

6.      All twenty-four of the Debtors filed chapter 11 petitions on February 21, 2005.  Winn-Dixie Stores, Inc. is the parent company of the Debtors.  The twenty-three other companies are direct or indirect subsidiaries of Winn-Dixie Stores, Inc. and, thus, are "affiliates" of Winn-Dixie Stores, Inc. as that term is defined in Section 101(2) of the Bankruptcy Code.  The

cases of the Debtors have been jointly administered by this Court under Case No. 05-03817.

Accordingly, all proceedings in these cases have been conducted in Case No. 05-03817.[2]

       7.       By order dated November 9, 2006, the Court confirmed the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Plan"). The Plan became effective in accordance with its terms on November 21, 2006, at which time the Debtors formally emerged from Chapter 11.

       8.       The Plan included a compromise of disputed issues regarding whether or not substantive consolidation was appropriate in the case. For this reason Section 2.2 of the Plan provided that "for purposes of distributions under the Plan," the "separate chapter 11 cases of the Debtors shall be consolidated into the case of Winn-Dixie as a single consolidated case."

       9.       The remaining proceedings in these cases essentially consist of matters relating to claims allowance and disallowance, distributions with respect to allowed claims, and other aspects of plan implementation. None of such matters involves issues that would require separate proceedings by any particular Debtor in the separate case of a particular Debtor.

       10.     The claims objection process has been and will continue to be administered by management of Winn-Dixie Stores, Inc. for all of the subsidiary Debtors in the jointly administered case of Winn-Dixie Stores, Inc., et al. No claims objection proceedings have been brought, and none will be needed, in any separate case of any of the subsidiary Debtors.

---

[2]     From a review of the dockets of each separate case, it appears that the only material filings of record in each case are the statement of financial affairs and the schedules of assets, liabilities and contracts of the applicable subsidiary Debtor. The statements and schedules are publicly available on the website of the Debtors' claims agent, Logan & Company, Inc., www.loganandco.com, and may be viewed there free of charge if there is a continuing need for any party to do so.

11.    In addition, management of Winn-Dixie Stores, Inc. will continue to be responsible for distributions and other implementation matters under the Plan.  The Plan does not require the involvement of any of the subsidiary Debtors in that process.  Other than certain cash distributions required by the Plan, which are made by Winn-Dixie Stores, Inc. from consolidated cash accounts, the claims of creditors are being treated primarily with stock of Winn-Dixie Stores, Inc., and not with any consideration issued by any of the subsidiary Debtors.

12.    Moreover, sixteen of the twenty-three subsidiary Debtors no longer exist as separate corporate entities.  As authorized by Section 6.12 of the Plan, since the Effective Date, the following companies have either been dissolved, merged out of existence or otherwise terminated in accordance with applicable state law:  Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., and Winn-Dixie Handyman, Inc.  (Evidence of such action is attached hereto as Exhibit A).

13.    In short, there is no reason to maintain the separate cases of the subsidiary Debtors.   If circumstances change, Section 350(b) of the Bankruptcy Code permits the Court to reopen any of the closed cases at any time.[3]

## **Applicable Authority**

14.    Section 350(a) of the Bankruptcy Code provides that "[a]fter the estate is fully administered and the court has discharged the trustee, the court shall close the case."

---

[3]    The Debtors acknowledge that there are pending appeals of the confirmation order.  The effectiveness of the confirmation order has not been stayed, and the prosecution of the appeals does not require the maintenance of the separate cases.  Moreover, given the ability of the Court to reopen the cases, the closing of the cases will not by itself prejudice the outcome of the appeal.

Bankruptcy Rule 3022, which provides procedural guidelines for closing chapter 11 cases, provides that "[a]fter an estate is fully administered . . . the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Further, section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

15.     Factors that the court should consider in determining whether an estate has been fully administered include (a) whether the order confirming the plan has become final, (b) whether deposits required by the plan have been distributed, (c) whether the property proposed by the plan to be transferred has been transferred, (d) whether the debtor or the successor of the debtor under the plan has assumed the business of the management of the property dealt with by the plan, (e) whether payments under the plan have commenced, and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved. See generally Collier Bankruptcy Manual, 15th ed. rev., part § 350.02[2]; see also In re Mold Makers, Inc., 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

16.     An analysis of such factors with respect to the separate cases of the subsidiary Debtors supports the conclusion that such separate cases should be closed. The Plan has become effective, and as a result the liabilities and properties of the Debtors have been substantively consolidated on compromise terms. There have been no proceedings in the separate cases of the subsidiaries and none are needed for the issues remaining in these cases. Winn-Dixie Stores, Inc. is responsible for implementation of the Plan and is administering the claims allowance and disallowance process and handling distributions to creditors. None of the subsidiary Debtors has any separate involvement in such matters.

17.    Maintenance of the subsidiary cases will serve no useful purpose but will impose continuing financial burdens on the Debtors for fees under 28 U.S.C. § 1930.  Closing the subsidiary cases by no later than March 31, 2007 will allow the Reorganized Debtors to reduce a substantial expense, benefiting the creditors who now hold the equity ownership of the Debtors.

## Notice

18.    Notice of this Motion has been provided to (a) counsel to the Office of the United States Trustee and (b) the other parties in interest named on the Master Service List maintained in these cases.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) close all of the subsidiary cases and issue a final decree with respect to such closed cases in the form of Exhibit B attached hereto and (ii) grant such other and further relief as the Court deems just and proper.


Dated:  March 5, 2007

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP

By    _s/ D. J. Baker_                              By    _s/ Cynthia C. Jackson_
      D. J. Baker                                        Stephen D. Busey
      Sally McDonald Henry                        James H. Post
      Rosalie Walker Gray                           Cynthia C. Jackson (Bar # 498882)
Four Times Square                                    225 Water Street, Suite 1800
New York, New York 10036                     Jacksonville, Florida  32202
(212) 735-3000                                          (904) 359-7700
(212) 735-2000 (facsimile)                        (904) 359-7708 (facsimile)
djbaker@skadden.com                              cjackson@smithhulsey.com

Co-Counsel for Reorganized Debtors       Co-Counsel for Reorganized Debtors