UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |

**MOTION TO ALTER OR AMEND ORDER DATED 2/22/07 OR, IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION OF POST-PETITION ADMINISTRATIVE CLAIM OF CENTRAL REFRIGERATED SERVICES, INC.**

Pursuant to Rules 9023 and 9024, Federal Rules of Bankruptcy Procedure, Central Refrigerated Services, Inc. ("**Central**") moves this Court for an Order amending its Order dated February 22, 2007 and entitled ORDER (A) DISALLOWING IMPROPERLY FILED CLAIMS, . . . (Docket 15277) as corrected by this Court's Order dated February 26, 2007 and entitled ORDER CORRECTING ORDER DATED FEBRUARY 22, 2007 (A) DISALLOWING IMPROPERLY FILED CLAIMS . . . (Docket 15301) (collectively "**Orders Disallowing Claims**") to exclude Central from the effect of such Orders Disallowing Claims, or, in the alternative, for an Order allowing the reconsideration of Central's post-petition administrative claim. In support of these alternative motions, Central states as follows:

1. Central is a trucking company that provided transportation services for the Debtor during the post-petition period that are evidenced by three separate invoices as follows:

| DATE | ORDER NO. | REFERENCE NO. | AMOUNT |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 06/20/2006 | 5222883 | 0862163M | $3,799.60 |
| 07/11/2006 | 5229920 | 0870017M | 350.00 |
| 07/19/2006 | 5231573 | 0871756M | 6,111.00 |

In total, the Debtor received transportation services in the amount of $10,260.60 from Central during the post-petition period.

    2.    Central has received no notice or information from the Debtor objecting to or disputing the nature or amount of transportation services provided by Central to the Debtor, or otherwise suggesting that such services were not requested by the Debtor in its ordinary course of business.

    3.    Central mistakenly attempted to evidence its unpaid administrative claim by filing a Proof of Claim in this case.

    4.    Consistent with the NOTICE OF (A) ENTRY OF ORDER CONFIRMING PLAN OF REORGANIZATION, (B) OCCURRENCE OF EFFECTIVE DATE OF THE PLAN, AND (C) BAR DATES FOR FILING CLAIMS ARISING BEFORE THE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS, Central understands that it did not have to file any application for payment of its administrative claim because such claim was incurred in the ordinary course of the Debtors' business and is not disputed.

    5.    After the bar date for filing applications for administrative claims, the Debtor objected to Central's claim as improperly filed because it was evidence by a Proof of Claim and not by an application filed on or before the bar date.

6.    Even though Central was not required to file an application for undisputed administrative claims incurred in the ordinary course, the Orders Disallowing Claims effectively disallow Central's claim.

7.    Absent advance notice that its claim is disputed or was not incurred in the ordinary course of the Debtors' business, it is improper to disallow Central's claim simply because it was improperly evidence by a Proof of Claim, or because a timely application should have been made with other disputed administrative claims.

WHEREFORE, Central respectively moves this Court for an Order excluding it from the effect of the Orders Disallowing Claims or, in the alternative, reconsidering Central's administrative claim as an undisputed claim incurred in the ordinary course of the Debtors' business.

DATED this 5th day of March, 2007.

                RICHARDS, BRANDT, MILLER
                &amp; NELSON

                /s/ Michael N. Emery
                MICHAEL N. EMERY
                Attorneys for Central Refrigerated Services, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 5, 2007 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and sent the same by e-mail of such filing to the following:

>James Post,
>Smith Hulsey & Busey
>225 Water Street, Suite 1800
>Jacksonville, FL 32202
>E-mail: **jpost@smithhulsey.com**
>
>Matthew Barr
>Milbank, Tweed, Hadley & McCloy LLP
>1 Chase Manhattan Plaza
>New York, NY 10005
>E-mail: **mbarr@milbank.com**

>/s/ Michael N. Emery

G:\EDSI\DOCS\15474\0001\J01619.WPD