UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:
Winn Dixie Stores, Inc., et.al.
                Debtor(s).  /

Case No. 05-03817-3FI
Chapter 11-Jointly Administered

## APPLICATION OF RUBY BANKS FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM

COMES NOW, RUBY BANKS (Claimant), by and through the undersigned counsel and files this application for allowance and payment of administrative expense priority claim and in support thereof states as follows:

1. On February 21, 2005, the Debtors commenced this bankruptcy case by filing a petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors subsequently operated their businesses as debtors-in-possession.

2. On or about October 9, 2005, the Claimant was injured while shopping at Winn-Dixie Store number 274. The Claimant sustained her injuries on account of negligence of the Debtors in the operation of their business.

3. The claim of a creditor who sustains injuries as a result of the negligence of a debtor-in-possession or trustee can be afforded administrative expense priority status under Section 503(b)(1) of the United States Bankruptcy Code. See 11USC§503(b)(1); Reading Co. v. Brown, 391 U.S. 471 (1968) (awarding administrative expense priority status under predecessor to 11 USC §503(b) to claim for damage arising from negligence of debtor's receiver); Ala. Surface Mining Comm'n v. N.P. Mining Co., Inc. 963 F.2d 1449 911th Cir. 1992) (following Reading in awarding administrative expense priority status under 11 USC §503(b) to claim for penalties for post-petition environmental contamination caused by Chapter 11 debtor-in-possession's business operations: Piper Aircraft corp. v. Calabro, 169 B.R. 766 (Bankr. S.D. Fla. 1994).

4. The Claimant seeks to have allowed and paid an administrative expense priority claim in the amount of $100,000.00.

WHEREFORE, for the above stated reasons, Claimant respectfully requests that the Court allow and award her an administrative expense priority claim in the amount of

$100,000.00 and grant such other and further relief as might be deemed just, proper and equitable.

I HEREBY CERTIFY, that I am a member of the Bar of the United States District Court for the Middle District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing has been provided by U.S. Mail to Matthew Barr, 1 Chase Manhattan Plaza, New York, NY, James Post, 225 Water Street, Suite 1800, Jacksonville, Fl 32203, D.J. Baker Four Times Square, New York, NY 10036 on this 25th day of February, 2007

JAMES ALAN POE, P.A.
Attorney for Claimant
9500 S. Dadeland Blvd., Suite 610
Miami, FL 33156    (305)670-3950
By: /s/
James A. Poe, Esq.    F.B.N. 107956