**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |

**DEBTORS' AMENDED OBJECTION TO CLAIM**
**N0. 5590 FILED BY METRO-GOLDWYN-MAYER**
**HOME ENTERTAINMENT, LLC AND COUNTERCLAIM**

Winn-Dixie Stores, Inc. and twenty-three of its reorganized debtor affiliates (collectively, the "Debtors"), object to Claim No. 5590 filed by Metro-Goldwyn-Mayer Home Entertainment, LLC ("MGM"), and in support thereof say:

1.  The Debtors dispute the amount of the debt alleged in the Claim No. 5590.

2.  With this objection, the Debtors also assert a counterclaim against claimant for damages in excess of $212,688.97.

3.  Pursuant to Rule 3007, Federal Rules of Bankruptcy Procedure, "[i]f an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding."

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

4.      The relief sought by the Debtors in this objection and counterclaim is (i) a judgment for damages in the amount of $212,688.97 plus interest against the claimant as set forth in the counterclaim below and (ii) the disallowance of Claim No. 5590.

**Counterclaim**

5.      This is an action pursuant to 11 U.S.C. § 542(b) and Rule 7001, Federal Rules of Bankruptcy Procedure.

6.      This action arises out of and relates to the Debtors' Chapter 11 cases. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

7.      On February 21, 2005, Winn-Dixie Stores, Inc., and twenty-three of its subsidiaries and affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

8.      On November 9, 2006, this Court entered an Order (the "Confirmation Order") confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors as modified (the "Plan") (Docket Nos. 8856, 12440). Pursuant to the Confirmation Order, the Court retained jurisdiction over all matters arising out of and related to the Debtors' Chapter 11 cases.

9.      The Plan became effective on November 21, 2006. (Docket No. 12745).

10.     Prior to the Petition Date, the Debtors sold MGM products in the Debtors' stores pursuant to an agreement between the parties (the "Agreement").

11.     Pursuant to the Agreement, the Debtors are entitled to payment from MGM for: (i) refunds for unsold MGM products; (ii) coupons; (iii) a credit memorandum; and (iv) a debit memo bill.

12. As set forth in the summary attached as Exhibit A, the total amount due from MGM to the Debtors under the Agreement is $212,688.97.

13. MGM breached the Agreement by failing to pay the Debtors the amount due under the Agreement.

14. As a proximate result of MGM's breach of the Agreement, the Debtors have suffered damages in excess of $212,688.97 plus interest.

15. All conditions precedent to the maintenance of this action have been fulfilled or have been waived.

16. The Debtors are obligated to pay the undersigned a reasonable fee for services rendered, have incurred attorneys' fees in connection with the enforcement of the Agreement, and reserve the right to amend this counterclaim to seek attorneys' fees and costs.

WHEREFORE, the Debtors demand judgment for damages against MGM in the amount of $212,688.97 plus interest and such further relief as is just and proper.

SMITH HULSEY & BUSEY

By    /s/Leanne McKnight Prendergast
     Stephen D. Busey
     James H. Post
     Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Attorneys for the Reorganized Debtors

559485

<u>Certificate of Service</u>

I certify that a copy of the foregoing has been furnished electronically or by mail to Alan M. Weiss, Esq., Holland & Knight LLP, 50 North Laura Street, Suite 3900, Jacksonville, Florida 32202; and Lawrence M. Jacobson, Esq., Glickfeld, Fields & Jacobson LLP, 9401 Wilshire Boulevard, Suite 525, Beverly Hills, California 90212, this 7th day of March, 2007.

                                                             */s/ Leanne McKnight Prendergast*
                                                                              Attorney