UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

WINN-DIXIE STORES, INC. et al.,            Case No. 05-bk-03817-JAF

    Debtors                                        Chapter 11
_____/

## MOTION BY LINDA NOLAN TO ENLARGE TIME TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM

COMES NOW the movant, LINDA NOLAN ("Movant"), by and through her undersigned counsel, and pursuant to Bankruptcy Rule 9006(b) hereby moves this Court for an Order enlarging the time to file their Application for Administrative Expense, and would show:

1. The Debtors filed Chapter 11 on February 21, 2005.

2. On or about November 27, 2005, the Movant was injured in the Winn Dixie store No. 702 located in Brooksville, Florida. as a result of negligence on the part of the Debtors.

3. The Movant was represented by the law firm of John Bales.

4. On May 8, 2006, a lawsuit was filed by the Movant against the Debtors in state court in Hernando County, Florida. As such, the Debtors had notice and actual knowledge of the accident and the injuries suffered by the Movant.

5. During the pendency of the state court action, neither Ms. Nolan nor her attorneys were advised that the Winn Dixie bankruptcy case had any effect on the state court action. In addition, neither Ms. Nolan nor her attorneys were advised there was a deadline in the Winn Dixie bankruptcy case effecting the state court case.

6. Prior to January 5, 2007, the Debtors did not advise the Movant or her counsel of any deadline for filing a claim in the Debtors' pending bankruptcy case. In fact, in February, 2006, a representative of Sedgwick CMS, the Debtors' agent, advised counsel for the Movant that since this was a post-petition claim, it was not subject to any aspect of Winn Dixie's bankruptcy case.

7. Prior to January 5, 2007, the Movant did not have any knowledge of a deadline in the bankruptcy case.

8. Pursuant to the Order confirming the Debtors' Chapter 11 Plan, the Bankruptcy Court set January 5, 2007 as the Bar Date for certain post petition claimants, including post-petition personal injury claimants, to file Applications for Administrative Expense with the Court.

9. While the Debtors apparently sent a Notice regarding the January 5, 2007 Administrative Claims Bar Date to post-petition claimants, neither the Debtors, their counsel or agents ever served the Movant or their state court counsel with any notice of the Bar Date Order prior to the January 5, 2007 bar date.

10. On January 25, 2007, the Movant's state court attorney became aware of the Administrative Claim bar date for the first time based on a letter received from Attorney Jennifer Marino. At the time, the Movant and her state court counsel were unaware of the existence of the Administrative Claim Bar Date.

11. The Movant's state court counsel moved promptly to determine the status of the bankruptcy case, and whether the Movant had received any notice of the Administrative Claims bar date.

12. On February 9, 2007, the undersigned filed an Application for Administrative Expense with the Court on behalf of the Movant.

13. The Court should allow the Movant to file the Application for administrative claim

2

against the Debtors past the Administrative Claim bar date, and deem the Application as timely filed because, *inter alia*, the Movant did not receive notice of the Administrative Claims bar date, or in the alternative, the failure to file an Application for Administrative Expense prior to the bar date was the result of excusable neglect.

14.   Affidavits in support of this Motion is attached hereto or will be filed in support hereof.

### Legal Argument

The Movant were involved in a serious accident caused by the negligence of the Debtors. This accident occurred **post-petition**. The Movant was represented by counsel. The Movant discussed the case with Sedgwick, the Debtors' agent, and subsequently filed a lawsuit in state court. As such, the Movant was a known creditor of the Debtors. As a known claimant, the Movant was entitled to actual notice of the Administrative Claims bar date. In re Charter Company, 125 B.R. 650 (Bkrtcy. M.D. Fla. 1991)(due process requires that a debtor's known creditors be given actual notice of the claims bar date). In this case, the Movant was not given actual notice of the Administrative Claims Bar Date prior to the expiration of the bar date.

Based on principals of due process, this Motion should be granted. The Movant was a known creditors holding a post-petition claim. The Debtors failed to serve a Notice of the Administrative Claims bar date on the Movant or her counsel, or otherwise advise the Movant of the administrative claims bar date prior to the bar date.

In addition, and as separate and alternative grounds, the Court can allow the Movant's late filed claim or pleading, and deem the claim or pleading as timely filed, based upon excusable neglect under Bankruptcy Rule 9006. The legal standard for determining excusable neglect is set

3

forth in <u>Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd.</u>, 507 U.S. 380, 113 S.Ct. 1489 (1993). In <u>Pioneer</u>, the Supreme Court held that a bankruptcy court may extend the bar date for cause to "permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect." <u>Pioneer</u>, 507 U.S. at 385, 113 S.Ct. at 1492. The determination as to whether a party's neglect of a deadline is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the parties omission." <u>Id.</u> Factors to be considered when determining the existence of "excusable neglect" include: prejudice to the debtor; the length of delay and its potential impact on the judicial proceedings; the reason for the delay; and whether the movant acted in good faith. <u>Id.</u> Many Courts have applied the excusable neglect analysis in <u>Pioneer Investment Services Co.</u> to time limits for filing administrative expense claims. <u>See, e.g.</u>, <u>In re Rand Energy Co.</u>, 256 B.R. 712 (Bankr. N.D. Tex. 2000).

In this case, both the law and the equities favor the Court extending the Administrative Claim bar date to allow the Movants to file an administrative claim and deem their administrative expense claim as timely filed based upon excusable neglect, for the following reasons:

(i) There is no prejudice to the Debtors or the Estate if the bar date is extended to allow the Movants to file the Administrative Claim. Since the filing of Chapter 11 case, the Debtors, through their agent (Segwick) and state court counsel, have been liquidating post-petition personal injury claims (either by litigating or adjusting) in the ordinary course of their business. The Debtors have indicated that they will continue to adjust and pay the post-petition personal injury claims in the same manner as they have done in the past. Further, since these are **post-petition** claims, allowing them to go forward will not effect the distribution to the pre-petition unsecured creditors.

(ii) There has been no significant delay in the Movant filing this Motion. The Application was filed within 14 days of the Movant's counsel becoming aware of the existence of an

4

Administrative Claim bar date.

(iii)    The judicial process has not been impacted in any way, and allowing the Movants to assert their Administrative Claim will have no impact on the administration of this case.

(iv)    Not only did the Movant not receive any notice of the bar date, but the Movant and her counsel relied on representations made by the Debtors' agents that there was no requirement to file any pleadings in the bankruptcy case.

(v)    The Movant's claim constitutes a post-petition personal injury tort claim. As such, the Movant's claim could not be adjudicated in the Bankruptcy Court in any event (however, the personal injury claim could be resolved through a Court approved claims resolution process).

(vi)    Public policy does not weigh against the relief sought by the Movants.

In conclusion, the Debtors did not serve the Movant or her counsel with notice of the Administrative Claims bar date. Granting the Movant's request to have this claim be deemed timely filed is not prejudicial to the Debtors in any way. Further, neither the Movant nor her counsel received any notice of the bankruptcy case or the Administrative Claim bar date. Therefore, the Movant was not properly put on notice as to the bar date. Further, once advised of the bar date, the Movant and her counsel have acted promptly and in good faith. Granting the relief sought would not prejudice either the Debtors or creditors. As a matter of equity, this Court should extend the bar date to allow the Movants' Administrative Expense Application in the above case to be deemed as timely filed.

WHEREFORE, the Movant respectfully requests this Court for an Order enlarging time such that the Application for Administrative Expense and filed herein will be deemed to be timely filed, and for such other relief as the Court finds just.

/s/ Dennis J. LeVine
DENNIS J. LeVINE, ESQ.
FBN 375993
Dennis LeVine & Associates, P.A.
P. O. Box 707
Tampa, FL 33601
(813) 253-0777
(813) 253-0975 (fax)
Attorneys for the Movant, Linda Nolan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing Motion to Enlarge Time to File Proof of Claim upon the parties listed on the attached list on this 9th day of February, 2007.

/s/ Dennis J. LeVine
DENNIS J. LeVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005