UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC. et al.,

Case No: 05-bk-0387-3F1

**Debtors.**                                           **Chapter 11**
_____/

### AFFIDAVIT IN SUPPORT OF MOTION BY LINDA NOLAN TO ENLARGE TIME TO FILE PROOF OF CLAIM

COMES NOW the affiant, Devry R. Pruett, who being duly sworn, states as follows:

1. I am an attorney licensed to practice in the State of Florida since 2002.

2. I have personal knowledge of the facts set forth herein.

3. My practice does not involve bankruptcy law.

4. I exclusively practiced personal injury law with John Bales Attorneys (f/k/a Bales Weinstein) from January 30, 2006 to January 19, 2007.

5. In December 2005, John Bales Attorneys was retained by Linda Nolan to represent her for the serious injuries she received as a result of an incident on November 27, 2005 at the Winn-Dixie store located in Brooksville, Florida.

6. On or about February 9, 2006, when I was the lead attorney on Linda Nolan's case, I discussed Linda Nolan's case with the claims adjuster Stephanie Philips of Sedgwick CMS. Ms. Philips advised that any claims occurring after February 21, 2005 were not subject to any Winn-Dixie's bankruptcy case. Therefore, because Linda Nolan's claim occurred on November 27, 2005, it was not subject to any Winn Dixie bankruptcy. Accordingly, I as well as

all others at John Bales Attorneys relied upon this representation from Winn Dixie's claim adjuster and did not file anything with the Winn Dixie bankruptcy.

7. On May 8, 2006, John Bales Attorneys filed suit against Winn-Dixie in state court in Hernando County, Florida.

8. During the pendency of the state court lawsuit, neither I nor anyone else at John Bales Attorneys was advised that any Winn Dixie bankruptcy case affected the Linda Nolan case or that a deadline existed to file something in any Bankruptcy Court. Winn-Dixie did not file a Notice of Bankruptcy in the state court action.

9. Neither I nor anyone else at John Bales Attorneys was aware that any Winn-Dixie bankruptcy had any effect to Linda Nolan's case, including any cut off date of January 5, 2007.

10. John Bales Attorneys did not previously receive a copy of any pleadings, Orders, or Notices in the bankruptcy case, including any Orders or Notices setting a bar date to file an application for a post-petition personal injury claim.

11. Linda Nolan never advised me of receipt of any pleadings, Orders, or Notices in the bankruptcy case, including any Orders or Notices setting a bar date to file an application for a post-petition personal injury claim.

FURTHER AFFIANT SAITH NOT.

_____
Affiant

STATE OF Florida
COUNTY OF Pinellas

SWORN and SUBSCRIBED before me, this 23 day of February, 2007 by Devry Pruett, who is personally known to me, or who produced _____ as identification.

_____
Notary Public – State of Florida at Large
My Commission Expires:



Alisa Teetor
Commission # DD540776
Expires April 16, 2010
Bonded Troy Fain - Insurance, Inc 800-385-7019