### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In Re:

**WINN-DIXIE STORES, INC. et al.,**

Case No: 05-bk-0387-3F1

Debtors.                                             Chapter 11
_____/

### AFFIDAVIT IN SUPPORT OF MOTION BY LINDA NOLAN
### TO ENLARGE TIME TO FILE PROOF OF CLAIM

COMES NOW the affiant, Rolando G. Guerra, Jr., of John Bales Attorneys, who being duly sworn, states as follows:

1. I am an attorney licensed to practice in the State of Florida since 1986.

2. I have personal knowledge of the facts set forth herein.

3. My practice does not involve bankruptcy law.

4. I practice law exclusively in the area of personal injury law.

5. On January 22, 2007, I became the lead attorney on the case for Linda Nolan when Devry Pruett became associated with another personal injury law firm.

6. On or about January 25, 2007, I became aware of the existence of a potential deadline to file something with the Bankruptcy Court by correspondence from Attorney Jennifer Marino, as attached hereto as Exhibit "A". This was the first time that anyone at John Bales Attorneys was aware that any Winn-Dixie bankruptcy may affect the Linda Nolan claim.

7. On January 31, 2007, I contacted Attorney Dennis LeVine in Tampa, Florida to request his assistance in this bankruptcy case.

8. Upon receipt of the January 25, 2007 letter from Attorney Jennifer Marino, I requested Mr. LeVine to prepare an Application for Administrative Expense and any other necessary pleadings on behalf of Linda Nolan. I understand that an Application for Administrative Expense has been filed by Attorney Denise LeVine with the Court on behalf of Linda Nolan

9. I have been advised that Linda Nolan did not receive a copy of any pleadings, Orders, or Notices in the bankruptcy case, including any Orders or Notices setting a bar date to file an application for a post-petition personal injury claim. She did not have any knowledge of a bar date to file claims with the Bankruptcy Court.

10. Once I was advised of the pendency of a bankruptcy case and a bar date, I acted promptly and in good faith to assert a claim in the Bankruptcy Court on behalf of Linda Nolan. FURTHER AFFIANT SAITH NOT.

_____
Affiant

STATE OF Florida
COUNTY OF Pinellas

SWORN and SUBSCRIBED before me, this 14 day of February, 2007 by Rolando G. Guerra, Jr. who is personally known to me, or who produced _____ as identification.

_____
Alisa Teetor
Notary Public – State of Florida at Large
My Commission Expires:



Alisa Teetor
Commission # DD540776
Expires April 16, 2010
Bonded Troy Fain - Insurance, Inc 800-385-7019

# EXHIBIT A



# FOWLER WHITE
# BOGGS BANKER

ATTORNEYS AT LAW

ESTABLISHED 1943

Jennifer L. Marino
Direct Dial: 813-222-1157
jlmarino@fowlerwhite.com

January 25, 2007

VIA: FACSIMILE AND U.S. MAIL
Rolando G. Guerra, Jr., Esq.
A. Bales Professional Association
9700 Martin Luther King Jr. Blvd. N
Suite 400
St. Petersburg, Florida 33702

Re:   Nolan v. Winn-Dixie
      Our File No.: 06-2024

Dear Mr. Guerra:

I am receipt of your Notice of Appearance with reference to the above. I have been requested by my client to advise you as follows:

Winn-Dixie emerged from bankruptcy on 11/21/06. All claims that Winn Dixie was aware of that occurred between 2/22/05 and 11/21/06 were mailed a Notice. This Notice stated that in order to have your claim considered you needed to file a Motion for an Administrative Expense Claim with the Bankruptcy Court by 1/5/07. Winn Dixie also put advertisements in national and regional newspapers to notify claimants who had yet to notify Winn Dixie of their claim. The deadline for filing your administrative expense claim has expired so Winn Dixie is unable to consider your claim. If you have questions you should consult with bankruptcy counsel.

You may contact James Post at Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, Florida 32202. His numbers are (904) 359-7783 and via facsimile (904) 359-7712.