## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

WINN-DIXIE STORES, INC. et al.,                      Case No. 05-bk-03817-JAF

         Debtors                                      Chapter 11
_____/

## MOTION BY ODESSA WHITE TO DEEM APPLICATION FOR ADMINISTRATIVE EXPENSE TO RELATE BACK TO TIMELY FILED PROOF OF CLAIM, AND RESPONSE TO THE DEBTORS' OBJECTION TO CLAIM

COMES NOW the movant, ODESSA WHITE ("Movant"), by and through her undersigned counsel, and pursuant to Bankruptcy Rule 9006(b) and other applicable law hereby move this Court for an Order deeming her Application for Administrative Expense to relate back to a timely filed Proof of Claim and to deem the Application as timely filed, or in the alternative, deem the Application as timely filed under Rule 9006(b), and would show:

1.      The Debtors filed Chapter 11 on February 21, 2005.

2.      On or about October 17, 2006, the Movant was injured in the Winn Dixie store located on State Road 19 in Eustis, Florida as a result of negligence on the part of the Debtors.

3.      The Movant is represented in their claim against the Debtors by Attorney Ronald H. Watson.

4.      The Debtors had notice and actual knowledge of the accident and the injuries suffered by the Movant.

5.      Pursuant to the Order confirming the Debtors' Chapter 11 Plan, the Bankruptcy Court set January 5, 2007 as the Bar Date for certain claimants whose claims arose after the filing

date and before the effective date of the Plan (including post-petition personal injury claimants) to file Applications for Administrative Expense with the Court.

      6.     The Movant's attorney received notice of the January 5, 2007 bar date.

      7.     The Movant's attorney, who is not a regular practitioner in Bankruptcy Court, found the notice to be confusing, since it referenced the filing of a proof of claim. As a result, he asserted the Movant's post-petition claim by preparing and filing a Proof of Claim. This Proof of Claim was filed on December 21, 2006 (identified as Claim No.13671). A copy of the Proof of Claim is attached hereto.

      8.     The Movant's attorney did not realize the post-petition claim should have been asserted by a pleading known as an application for administrative expense.

      9.     On or about January 19, 2007, the Debtors filed their Twenty-Ninth Omnibus Objection to Claims (the "Objection"). This Objection was served on the Movant's attorney.

      10.     Upon receipt of the Objection, the Movant's counsel noted th objection to the Movant's claim, and moved promptly to determine the status of the Movant's post-petition claim in the bankruptcy case.

      11.     On February 9, 2007, the Movant filed an Application for Administrative Expense with the Court.

      12.     The Court should allow the Movant to file the Application for administrative claim against the Debtors after the Administrative Claim bar date, and deem the Application as timely filed because, *inter alia*, the Movant filed a claim with the Bankruptcy Court prior to January 5, 2007 which asserted all of the information required by the Court in its Notice.

      13.     In the alternative, the Court should allow the Movant to file the Application for administrative claim against the Debtors after the Administrative Claim bar date, and deem the

2

Application as relating back to the date of the timely filed Proof of Claim, since the failure to file an Application for Administrative Expense prior to the bar date was the result of excusable neglect.

14.     Affidavits in support of this Motion are attached hereto or will be filed in support hereof.

## Legal Argument

The Movant was involved in a serious accident caused by the negligence of the Debtors. This accident occurred **post-petition**.    The accident occurred in late October, 2006, after confirmation of the Plan and in close proximity to the effective date of the Plan.    The Movant's counsel received a copy of the January 5, 2007 bar date notice. Prior to the bar date, the Movant's counsel filed a Proof of Claim instead of an Application for administrative expense.

Bankruptcy Rule 7015 incorporates Federal Rule 15(a), which states that an amended claim relates back to the date of the original pleading if the substance of the amendment concerns the same transaction, conduct or occurrence in the original pleading. "Bankruptcy Rule 7015, which applies to adversary proceedings, may be applied to contested matters at the bankruptcy court's discretion through Bankruptcy Rule 9014." Matter of Best Refrigerated Exp., Inc., 192 B.R. 503 (Bkrtcy. D. Neb. 1996)  In determining whether an amended proof of claim filed after the bar date related back to a timely filed claim, the Court in Matter of Best Refrig. stated:

> "the *Pioneer* factors shall be considered to determine whether the circumstances of this case merit permitting an amendment to a proof of claim. The test for excusable neglect set forth under *Pioneer* embodies both the liberal approach that circuit courts have encouraged bankruptcy courts to follow and the most universal factors that have been considered by other courts when evaluating whether to permit an amendment to a proof of claim. Even though *Pioneer* deals with Rule 9006, the *Pioneer* test is appropriate because the hurdles to overcome in obtaining allowance of an amendment to a timely proof of claim after a claims bar date should not be higher than the hurdles determined by the Supreme Court for obtaining allowance of an untimely original proof of claim."

The 11th Circuit has considered the standard for allowing amendments to claims: "[I]n a bankruptcy case, amendment of a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *In re International Horizons, Inc.,* 751 F.2d 1213, 1216 (11th Cir.1985). An amendment is permitted "only where the original claim provided notice ⋯ of the existence, nature, and amount of the claim and that it was the creditor's intent to hold the estate liable." *In re International Horizons, Inc.,* 751 F.2d 1213, 1217 (11th Cir.1985).

Based on the foregoing, the Movant requests the Court to find that the Application relates back to the timely filed claim, and to deem the Application as timely filed.

In addition, and as separate grounds, under Bankruptcy Rule 9006 the Court can allow the Movant's late filed claim or pleading and deem the claim or pleading as timely filed based upon excusable neglect. The legal standard for determining excusable neglect is set forth in <u>Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd.</u>, 507 U.S. 380, 113 S.Ct. 1489 (1993). In <u>Pioneer</u>, the Supreme Court held that a bankruptcy court may extend the bar date for cause to "permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect." <u>Pioneer</u>, 507 U.S. at 385, 113 S.Ct. at 1492. The determination as to whether a party's neglect of a deadline is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the parties omission." <u>Id.</u> Factors to be considered when determining the existence of "excusable neglect" include: prejudice to the debtor; the length of delay and its potential impact on the judicial proceedings; the reason for the delay; and whether the movant acted in good faith. <u>Id.</u> Many Courts have applied the excusable neglect analysis in <u>Pioneer Investment Services Co.</u> to time limits for filing administrative expense claims. <u>See, e.g.,</u> <u>In re Rand Energy Co.</u>, 256 B.R. 712

4

(Bankr. N.D. Tex. 2000).

In this case, both the law and the equities favor the Court deeming the timely filed Proof of Claim as a timely filed Administrative Claim. The Movant's claim should be deemed timely filed based upon excusable neglect, based on the following:

(i)    There is no prejudice to the Debtors or the Estate if the bar date is extended to allow the Movants to file the Administrative Claim. Since the filing of Chapter 11 case, the Debtors, through their agent (Segwick) and state court counsel, have been liquidating post-petition personal injury claims (either by litigating or adjusting) in the ordinary course of their business. The Debtors have indicated that they will continue to adjust and pay the post-petition personal injury claims in the same manner as they have done in the past. Further, since these are post-petition claims, entitled to payment in full, allowing them to go forward will not effect the distribution to the pre-petition unsecured creditors.

(ii)    There has been no significant delay in the Movant filing this Motion. The Motion has been filed one month after the Administrative Claim bar date.

(iii)    The judicial process has not been impacted in any way, and allowing the Movant to assert their Administrative Claim will have no impact on the administration of this case.

(iv)    Public policy does not weigh against the relief sought by the Movant.

(v)    The Movant's claim constitutes a post-petition personal injury tort claim. As such, the Movant's claim cannot be adjudicated in the Bankruptcy Court (however, the personal injury claim could be resolved through a Court approved claims resolution process).

In conclusion, the granting the Movant's request to have his claim be deemed timely filed is not prejudicial to the Debtors in any way. The Movant timely asserted her post-petition claim by making a filing with the Bankruptcy Court prior to January 5, 2007. The only issue is that the claim

arguably was filed with the Court on the wrong form.  Once advised that the wrong form had been used, the Movant and their counsel acted promptly and in good faith.  Granting the relief sought would not prejudice either the Debtors or creditors.  As a matter of equity, this Court should extend the bar date to allow the Movants' Administrative Expense Application in the above case to be deemed as timely filed.

WHEREFORE, the Movant respectfully request this Court for an Order deeming their Application for Administrative Expense as relating back to a timely filed Proof of Claim, and to deem the Application as timely filed, and for such other relief as the Court finds just.

_____/s/ Dennis J. LeVine_____
DENNIS J. LeVINE, ESQ.
FBN 375993
Dennis LeVine & Associates, P.A.
P. O. Box 707
Tampa, FL  33601
(813) 253-0777
(813) 253-0975 (fax)
Attorneys for Movant, Odessa White

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing Motion to Deem Application for Administrative Expense to Relate Back to Timely filed Proof of Claim, and Response to the Debtors' Objection to Claim, upon the parties listed on the attached list on this 9th day of March, 2007.

/s/ Dennis J. LeVine
DENNIS J. LeVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005