**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

WINN DIXIE STORES, INC.,                    Case No. 3:05-bk-03817-JAF

Debtor.                                     Chapter 11 – Jointly Administered
_____/

## APPLICATION OF KATHERINE SOLOMON FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

COMES NOW the Movant(s), KATHERINE SOLOMON ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

1.   On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

2.   The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

3.   Between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages. A summary of the incident and damages is set forth in Exhibit "A" attached hereto.

4.   The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

5.   The Movant's personal injury claim has not yet been liquidated. The Movant estimates the claim against the Debtor to be at least $50,000.00.

6.   Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

7.   The Movant asserted her post-petition claim by **timely** filing a Proof of Claim with the Court (Claim No. 13758). The Movant was unaware that the claim should have been asserted in an Application instead of a Proof of Claim. This Application asserts the exact same claim, and relates back to, the timely filed Proof of Claim. A Motion requesting the Court to

deem this Application as timely will be filed with the Court.

8.  The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

9.  Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

10. The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

> KATHERINE SOLOMAN
> C/O LEWIS, MORTELL & LEWIS
> ATTN JD LEWIS, ESQ
> 1115 E OCEAN BLVD
> STUART, FL 34996

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

> /s/DENNIS J. LEVINE, ESQ.
> DENNIS J. LEVINE, ESQ.
> Fla. Bar No. 375993
> DENNIS LeVINE & ASSOCIATES, P.A.
> P.O. Box 707
> Tampa, FL 33601-0707
> (813) 253-0777
> (813) 253-0975 (fax)
> Attorneys for Katherine Solomon
> c/o J.D. Lewis III, Esq.

---

[1] See, e.g., Reading Co. v. Brown, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); In re Piper Aircraft Corp., 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994). As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. Matter of Jartran, Inc., 732 F.2d 584, 587 (7th Cir.1984); Seidle v. United States (In re Airlift ), 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this ___9th___ day of March.


/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005



LAW OFFICES OF

# LEWIS, MORTELL & LEWIS

A PARTNERSHIP OF P.A.'S

J.D. LEWIS III, ESQ. • J.D. LEWIS IV, ESQ. • LEE J. BAGGETT, ESQ.
MICHAEL J. MORTELL, ESQ., Board Certified Civil Trial Lawyer

February 27, 2007

**_Via Regular Mail and Facsimile: 813-253-0975_**

Darlene Bell
Dennis Levine & Associates, P.A.
103 South Boulevard
Tampa, FL 33606-1901

Re: My Client: Katherine Solomon
Date of Accident: 8-28-06
Location: Winn Dixie No. 0364A
8320 SE Salerno Rd.
Stuart, FL
Winn Dixie Claim No. 611208104-0001-01

Dear Ms. Bell:

Pursuant to our conversation, above you will find the information you requested. Be advised that my client was a patron with Winn Dixie on the above referenced dated when she was walking near the hot deli and floral departments when all of a sudden she was in the air and fell to the floor. When she came to her senses, she noticed there was a boy mopping the floor some distance from her. When the store manager appeared, he literally cursed out the boy in front of my client for not having any warning signs posted. The floor was so wet that my client's clothes were soaked.

As a result of this fall, my client received a fracture to her knee and is currently treating with a physician for the same. Hopefully this is enough information for you to file an application on behalf of Ms. Solomon with the United States Bankruptcy Court.

If there is anything else you need, please do not hesitate to write or call.

Sincerely,
LEWIS, MORTELL & LEWIS

J.D. Lewis III, Esq.

jef

1115 EAST OCEAN BLVD., STUART, FL 34996-2517 • REPLY TO: P.O. DRAWER 476, STUART, FL 34995-0476
772-286-7861 • ST. LUCIE COUNTY 772-335-1996 • 1-800-338-4459 • FAX 772-288-2013 • LMLATTY@ADELPHIA.NET

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT **MIDDLE DISTRICT** FOR THE DISTRICT OF **FLORIDA** | | PROOF OF CLAIM |
|---|---|---|
| In Re: **Name of Debtor:** (Specify Debtor Name) **Winn-Dixie Stores, Inc** | Case No: **Case Number:** (Specify Case Number) **05-03817-3F1** | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): **KATHERINE SOLOMAN** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | |
|---|---|---|
| If address differs from above, please complete the following: Creditor Name: **C/O LEWIS, MORTELL & LEWIS** Address: **1115 E. OCEAN BLVD** City/St/Zip: **STUART, FL 34996** | Telephone: **(772) 286-7841** | This Space is for Court Use Only |

Account or other number by which creditor identifies debtor:     Check here if ☐ replaces ☐ amends a previously filed claim, dated _____

1. **Basis for Claim**
   - ☐ Goods sold
   - ☐ Services performed
   - ☐ Money loaned
   - ☒ Personal injury/wrongful death
   - ☐ Taxes
   - ☐ Other
   - ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Last four digits of your SS# ____
     Unpaid compensation for services performed
     from _____ to _____
     (date)       (date)

2. Date debt was incurred: **8/25/06**
3. If court judgment, date obtained: **NO**

4. Total Amount of Claim at Time Case Filed: $ **50,000** | $_____ | $_____ | $_____
   (unsecured)   (secured)   (priority)   (TOTAL)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. Unsecured Nonpriority Claim $ **50,000**
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).
   ☐ Up to $ 2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub.L. 109-8.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date **1/8/07** | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *[signatures]* | This Space is for Court Use Only |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

Post-it® Fax Note 7671 | Date **2/20** | # of pages ▶ **1**
To **DARLENE BELL** | From **JD Lewis III ESQ**
Co./Dept. | Co.
Phone # | Phone #

TOTAL P.01