UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC. et al.,                     Case No. 05-bk-03817-3F1

Debtors                                              Chapter 11

_____/

**AFFIDAVIT IN SUPPORT OF MOTION BY LAURA FELTON
TO ENLARGE TIME TO FILE PROOF OF CLAIM**

COMES NOW the affiant, Ronald H. Watson, who being duly sworn, states as follows:

1. I am an attorney licensed to practice in Florida since 1970.

2. I have personal knowledge of the facts set forth herein.

3. My practice does not involve bankruptcy law except to occasionally file a claim for a personal injury client.

4. On August 11, 2006, my firm was retained by Laura Felton to represent her for injuries she received as a result of accident at the Winn Dixie store located in Eustis, Florida. The incident occurred on July 24, 2006.

5. On August 15, 2006, I sent a letter to Winn Dixie or its agents on behalf of Laura Felton notifying them of the claim and my representation.

6. During the pendency of the claim with Winn Dixie I received a notice December 11, 2006, regarding the order confirming plan of reorganization.

7. On or about December 11, 2006, I became aware of the existence of a deadline to file something in Bankruptcy Court by January 5, 2007. I was aware that Winn Dixie was in Chapter 11 proceedings before that date but did not know how this affected current claims.

8. As I read the notice received December 11, 2006, and the notice that my secretary obtained from the bankruptcy website, Mega cases-Winn Dixie Stores, I understood that a claim had to be filed before the deadline of January 5, 2007, which we did by cover letter dated December 18, 2006. Not being familiar with the bankruptcy practice (except for filing claims) and failing to read the notice carefully enough I did not note that for claims after the filing date we needed to do another process of payment of Administrative claim. When I saw that terminology, I thought that Administrative claim pertained to costs of the proceedings such as attorney's fees and other administrative costs which would be for example in probate cases. I did not realize that it applied to claims against the debtor occurring after the filing date.

9. Upon receipt of debtors objections to the claims and notice of hearing I saw an objection to my client's claim. I contacted the debtors attorney on January 25, 2007, and he informed me that we needed to file Administrative Claim. On January 29, 2007, I contacted Attorney Dennis LeVine and subsequently retained him to represent my clients in this bankruptcy matter.

10. Before December 11, 2006, neither myself nor my client had received any notices regarding the bankruptcy. My client has advised me that she did not have any knowledge of any bar date for filing claims.

11.   Upon being advised of the status of the bankruptcy case, I requested Mr. LeVine to prepare an Application for Administrative Expense and any other necessary pleadings on behalf of Laura Felton. I understand that an Application for Administrative Expense has been filed with the Court on behalf of Laura Felton.

12.   Once I was advised that the claim was not the proper form for asserting our claim and that it would have to be done by administrative claim and motion I acted promptly in good faith to serve claim in bankruptcy court on behalf of Laura Felton.

FURTHER AFFIANT SAITH NOT.

_____
Ronald H. Watson

STATE OF FLORIDA
COUNTY OF LAKE

SWORN to and SUBSCRIBED before me, this 20th day of February, 2007, by Ronald H. Watson, who is personally known to me.



_____
Notary Public – State of Florida At Large

TINA M. MCNEIL
MY COMMISSION # DD339925
EXPIRES: July 21, 2008
Fl. Notary Discount Assoc. Co.
1-800-3-NOTARY

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing Affidavit in Support of Motion to Enlarge Time to File Proof of Claim upon Parties listed below on this _____ day of _____, 2007.

_____
Dennis LeVine, Attorney