UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

AGREED ORDER APPROVING STIPULATION
BETWEEN THE DEBTORS AND THE UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN SERVICES

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its reorganized debtor affiliates (collectively, the "Debtors") for an order approving a stipulation with the United States, on behalf of the United States Department of Health and Human Services, Centers for Medicare & Medicaid Services ("DHHS"). Based upon the consent of the parties set forth in the attached stipulation (the "Stipulation")[1], it is

ORDERED AND ADJUDGED:

1. The Stipulation is approved.

2. Claim Number 13665 filed by DHHS is allowed as a prepetition, non-priority claim in the total amount of $905,446.98 against Winn-Dixie Stores, Inc. The balance of Claim Number 13665 is disallowed. The Allowed Claim is authorized to be setoff against and satisfied from funds held by the Internal Revenue Service.

---

[1] All capitalized terms not defined herein shall have the respective meanings ascribed to them in the Stipulation.

3. Claim Numbers 10662 and 13405 are disallowed as amended and superseded.

4. Logan & Company, Inc., the claims agent appointed in the Debtors' Chapter 11 cases, is directed to make such revisions to the claims register as is necessary to reflect the terms of the Agreed Order.

Dated this __8__ day of _March_, 2007, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copies furnished to:
James H. Post, Esq.
[James H. Post is directed to serve a copy of this order on any party in interest who has not received the order through the CM/ECF system and to file a proof of service.]

558305

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors.[1] | ) | Jointly Administered |

### STIPULATION BETWEEN THE DEBTORS AND THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES

Winn-Dixie Stores, Inc., ("Winn-Dixie") and twenty-three of its reorganized debtor affiliates (collectively, the "Debtors"), and the United States, on behalf of the United States Department of Health and Human Services, Centers for Medicare & Medicaid Services, ("DHHS") enter into this stipulation (the "Stipulation") as follows:

### Recitals

A.   On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

B.  On June 29, 2006, the Debtors filed their joint plan of reorganization (the "Plan") (Doc. No. 8856).

C.  On November 9, 2006, the Court entered an order approving the Plan, as modified (the "Confirmation Order") (Doc. No. 12440). The effective date of the Plan was November 21, 2006 (Doc. No. 12745).

D.  DHHS filed three proofs of claim in these chapter 11 cases: (i) Claim No. 10662, in the amount of $3,446.98, plus undetermined sums, (ii) Claim No. 13405, which amended Claim No. 10662 to the amount of $1,089,044.41, plus undetermined sums, and (iii) Claim No. 13665, which amended Claim No. 13405 to the amount of $1,378,214.19, plus undetermined sums. Claim No. 13665, the successor to Claim Nos. 10662 and 13405, is referred to herein as the "DHHS Proof of Claim."

E.  The DHHS Proof of Claim is comprised of three components: (i) a claim in the aggregate amount of $3,446.98 for alleged prepetition overpayments by DHHS to the Debtors as suppliers of pharmaceuticals to Medicare beneficiaries, (ii) a claim arising under the Medicare Secondary Payer Statute, 42 U.S.C. §1395y(b), in an undetermined amount in excess of $311,383.73 for payments made by DHHS on behalf of persons covered by the Debtors' employee benefit plans, and (iii) a claim arising under the Medicare Secondary Payer Statute, 42 U.S.C. §1395y(b), in an undetermined amount in excess of $1,063,383.48 for payments made by DHHS on behalf of Medicare beneficiaries who asserted, or could have asserted, liability claims against the Debtors which arose prior to the Petition Date (the "Medicare Eligible Personal Injury Claimants").

F.    The Debtors have objected to the DHHS Proof of Claim.

G.    By this Stipulation and except as stated in paragraph H, the parties seek to resolve (i) all liabilities and obligations related to the DHHS Proof of Claim, (ii) all prepetition obligations of the Debtors pursuant to the Medicare Secondary Payer Statute, 42 U.S.C. §1395y, related to the Debtors' responsibility to pay for medical items and services in connection with their employer group health plans and liability claims; and (iii) the Debtors' Objections to the DHHS Proof of Claim.

H.    This Stipulation does not resolve the Debtors' prepetition liability, if any, for amounts owed pursuant to 42 U.S.C. §1395y(b) in connection with workers compensation claims for any present or former employees of the Debtors.

## Agreement

Subject to the entry of a Bankruptcy Court order approving this Stipulation, the parties agree as follows:

1.    Claim No. 13665 will be allowed as a prepetition, non-priority claim in the amount of $905,446.98 (the "Allowed Claim").

2.    The Allowed Claim is secured by setoff and will be satisfied from funds held by the Internal Revenue Service.

3.    Claim Numbers 10662 and 13405 will be disallowed as amended and superseded.

4.    Except as provided in paragraphs 5 and 6, all other liabilities and obligations related to the DHHS Proof of Claim that DHHS has or may have against the Debtors arising prior to the Petition Date are waived, discharged and released. This release includes, but is not limited to, all claims against the Debtors for recovery of

conditional payments pursuant to the Medicare Secondary Payer Statute, 42 U.S.C. §1395y(b)(2) et seq., for amounts that have been paid or will be paid on behalf of Medicare Eligible Personal Injury Claimants for Medicare covered items and services pertaining to their prepetition liability claims against the Debtors.

5. The releases set forth in this Stipulation do not extend to any of the following: (a) any claim arising under criminal law; (b) any criminal, civil or administrative claims, rights or defenses arising under Title 26, United States Code (Internal Revenue Code); (c) any claims, rights or defenses arising under 31 U.S.C. §§3801 et seq. (Program Frauds Civil Remedies Act), 42 U.S.C. §1320a-7a (Civil Monetary Penalties Statute), or any common law cause of action for fraud; (d) any claim arising in connection with workers compensation benefits; (e) any post-petition liabilities of the Debtors; and (f) any claim by any agency other than the Department of Health and Human Services, Centers for Medicare & Medicaid Services.

6. In further consideration of this Stipulation, DHHS agrees not to pursue recovery of conditional payments from any of the Medicare Eligible Personal Injury Claimants based upon amounts those Medicare Eligible Personal Injury Claimants receive from the Debtors as prepetition creditors in this bankruptcy case. This Stipulation does not affect or impair the United States' right to pursue recovery of conditional payments based upon amounts those Medicare Eligible Personal Injury Claimants have received or will receive from any person or entity other than the Debtors.

7. The parties understand that the United States may not know whether an individual is a Medicare Eligible Personal Injury Claimant and that it is the responsibility of the Medicare Eligible Personal Injury Claimant to establish that any amounts are subject to this Stipulation. The releases in this Stipulation do not vest any right to appeal, right to seek a waiver, or any other cause of action in any person who receives a release pursuant to this Stipulation.

8. This Stipulation is subject to and contingent upon the entry of an order of approval by the Bankruptcy Court and such order becoming a final non-appealable order. This Stipulation will be terminated in the event the Bankruptcy Court enters an order denying its approval, unless otherwise mutually agreed by the parties. In the event that the Bankruptcy Court has entered no order regarding this Stipulation on or before April 31, 2007, or an order approving this Stipulation does not become a final order by such date due to a pending appeal, this Stipulation will be terminated unless otherwise mutually agreed by the parties.

9. In the event this Stipulation is terminated pursuant to paragraph 8 above, this Stipulation shall be of no further force and effect, and neither this Stipulation nor any negotiations and writings in connection with this Stipulation shall in any way be construed as or deemed to be evidence or an admission by any of the parties regarding any claim or right that any such party may have against the other.

10. The parties agree to execute and deliver any and all additional documents and do any and all things reasonably necessary to carry out the intent of the parties pursuant to this Stipulation.

Dated: March 7, 2007

PETER D. KEISLER
Assistant Attorney General
Civil Division

PAUL I. PEREZ
United States Attorney

MARCIO W. VALLADARES
Assistant United States Attorney
United States Courthouse
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Tel: (904) 301-6324/6300
Fax: (904) 301-6363/6310
Email: Marcio.Valladares@usdoj.gov

J. CHRISTOPHER KOHN
RUTH A. HARVEY
KYLE A. FORSYTH

Attorneys, Civil Division
U.S. Department of Justice
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-0452
Fax: (202) 514-9163
Email: Kyle.Forsyth@usdoj.gov

Attorneys for the United States

SMITH HULSEY & BUSEY

By _____
Stephen D. Busey
James H. Post (F.B.N. 175460)
Leanne McKnight Prendergast

225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Attorneys for Reorganized Debtors

558661