FILED
JACKSONVILLE, FLORIDA

MAR 0 9 2007

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.
_____/

Case No:    05-093817-3F1

Chapter 11

Jointly Administered

### BROWARD COUNTY PROPERTY APPRAISER'S RESPONSE TO DEBTOR'S OBJECTION TO FLORIDA TAX CLAIMS, PER THE COURT ORDER OF FEBRUARY 14, 2007

COMES NOW LORI PARRISH, in her official capacity as BROWARD COUNTY PROPERTY APPRAISER ("Property Appraiser"), and files this response to Debtor's Objection to Florida Tax Claims, pursuant to the Court Order of February 14, 2007.

In response thereto, the Property Appraiser states:

### APPLICABLE LAW

The following Florida Statutes (in relevant part, emphasis added) relate to the valuation issue before the Court:

> **§193.011 Factors to consider in deriving just valuation.--**
>
> In arriving at just valuation as required under s. 4, Art. VII of the State Constitution, the property appraiser shall take into consideration the following factors:
>
> (1) The present cash value of the property, which is the amount a willing purchaser would pay a willing seller, exclusive of reasonable fees and costs of purchase, in cash or the immediate equivalent thereof in a transaction at arm's length;
>
> (2) The highest and best use to which the property can be expected to be put in the immediate future and the present use of the property, taking into

1

consideration any applicable judicial limitation, local or state land use regulation, or historic preservation ordinance, and considering any moratorium imposed by executive order, law, ordinance, regulation, resolution, or proclamation adopted by any governmental body or agency or the Governor when the moratorium or judicial limitation prohibits or restricts the development or improvement of property as otherwise authorized by applicable law. The applicable governmental body or agency or the Governor shall notify the property appraiser in writing of any executive order, ordinance, regulation, resolution, or proclamation it adopts imposing any such limitation, regulation, or moratorium;

(3) The location of said property;

(4) The quantity or size of said property;

(5) The cost of said property and the present replacement value of any improvements thereon;

(6) The condition of said property;

(7) The income from said property; and

(8) The net proceeds of the sale of the property, as received by the seller, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements. When the net proceeds of the sale of any property are utilized, directly or indirectly, in the determination of just valuation of realty of the sold parcel or any other parcel under the provisions of this section, the property appraiser, for the purposes of such determination, shall exclude any portion of such net proceeds attributable to payments for household furnishings or other items of personal property.

**§193.052 Preparation and serving of returns.--**

(1) The following returns shall be filed:

    (a) Tangible personal property; and

    (b) Property specifically required to be returned by other provisions in this title.

...

(3) A return for the above types of property shall be filed in each county which is the situs of such property, as set out under s. 192.032.

(4) All returns **shall be completed by the taxpayer in such a way as to correctly reflect the owner's estimate of the value of property owned** or otherwise taxable to him or her and covered by such return. All forms used for

returns shall be prescribed by the department and delivered to the property appraisers for distribution to the taxpayers. ...

**§194.181  Parties to a tax suit.--**

(1) The plaintiff in any tax suit shall be:

(a) The taxpayer or other person contesting the assessment of any tax, the payment of which he or she is responsible for under a statute or a person who is responsible for the entire tax payment pursuant to a contract and has the written consent of the property owner, or the condominium association, cooperative association, or homeowners' association as defined in s. 723.075 which operates the units subject to the assessment; ...

**194.301  Presumption of correctness.--**

In any administrative or judicial action in which a taxpayer challenges an ad valorem tax assessment of value, the property appraiser's assessment <u>shall be presumed correct</u>. This presumption of correctness is lost <u>if the taxpayer shows by a preponderance of the evidence that either the property appraiser has failed to consider properly the criteria in s. 193.011 or if the property appraiser's assessment is arbitrarily based on appraisal practices which are different from the appraisal practices generally applied by the property appraiser to comparable property within the same class and within the same county</u>. If the presumption of correctness is lost, the taxpayer shall have the burden of proving by a preponderance of the evidence that the appraiser's assessment is in excess of just value. If the presumption of correctness is retained, the taxpayer shall have the burden of proving by clear and convincing evidence that the appraiser's assessment is in excess of just value.

## RESPONSE

I.  **REAL PROPERTY IN BROWARD COUNTY WAS CORRECTLY ASSESSED**

Debtor is seeking a reduction in the assessed value of two parcels of real property in Broward County, Florida (parcels 11029-06-0010 and 19104-68-0010) for tax years 2004, 2005 and 2006.[1] Debtor relies on the unsupported spreadsheet values (Exhibits A and B) proposed by Assessment Technologies, Ltd. ("ATL").

ATL's review process contains only general platitudes claiming the subject properties

---

[1] Note: The Debtor (including all related entities) was not the owner at any time material hereto of any of the real property at issue in Broward County. Debtor was a leasee (tenant) in said properties.

3

were "systematically over-estimated" in assessment value. See Exhibit C. However, the ATL explanation contains no specifics and is thus without any means of verifying. Certainly, the information provided in the ATL report lack even the minimum requirements under any appraisal standard -- either the State of Florida's statutory assessment scheme or standard appraisal methodologies used by licensed appraisers -- to explain the reduction to real property values.

This entirely fictional nature of this purported methodology is best illustrated using one of the properties marked for reduction in the ATL report: parcel 11029-06-0010. Citing "M" (Market) as the basis for reduction, ATL represents parcel 11029-06-0010 was over-assessed in 2004 at $7,585,640 and 2005 at $7,406,910. Instead, ATL states the correct assessed value should be $5,563,087 for 2004 and for 2005. ATL, however, ignored the actual market data that this specific subject property was sold on May 27, 2004,[2] for $8,488,400. Clearly, since the property sold for far in excess of the ATL value, ATL could not have relied upon actual market data despite any claims to the contrary. The Property Appraiser's assessments for all years material hereto, by contrast reflect a just value assessment based upon actual market value, and minus a deduction for reasonable costs of sale.

The lack of data underlying ATL's "A" (Appraised Asset) basis for reduction is equally specious. No foundation is set forth except for general statements that ATL reviewed "other appraisals" of the property, but without setting forth methodology, the date of the appraisal, standards applied, and other essential factors.

Significantly, Debtor (and ATL) made no attempt to overcome the Property Appraiser's presumption of correctness as to valuation, as set forth in Section 194.301, Florida Statutes. Additionally, by relying on ATL, the Debtor wholly failed to meet the evidentiary burden under

---

[2] Deed recorded on May 28, 2004, at Broward County Official Record Book 37569, Page 700.

4

Section 194.301 as it made no attempt to show the Broward County Property Appraiser either failed to consider the statutory factors or treated these parcels differently from similar parcels in Broward County.

Accordingly, the real property values challenged in Broward County should remain intact as no legitimate, credible or reasonable grounds for reduction were set forth in the ATL report.

## II. TANGIBLE PERSONAL PROPERTY IN BROWARD COUNTY WAS CORRECTLY ASSESSED

Debtor is seeking a reduction in the assessed value of personal property located in Broward County in tax years 2004, 2005 and 2006. On this point, ATL's claim that the subject properties were "systematically over-estimated" in assessment value is preposterous. ATL seems to ignore the overriding key point: the Property Appraiser's assessed values for personal property merely reflected the value of the personal property as submitted annually by the Debtor to the Property Appraiser, pursuant to Section 193.052(4), Florida Statutes.

In short: the Broward County Property Appraiser's 2004, 2005 and 2006 assessments reflect only the Debtor's sworn estimate of the value, and adjusted for depreciation, per the Florida Department of Revenue's depreciation schedules. If the Broward County values merely reflect the Debtor's own claim of value, any claim now of purported "over-assessment" of personal property lacks credibility.

Finally, as with the real property assessments, the Debtor again made no attempt to overcome the Property Appraiser's presumption of correctness as to valuation, as set forth in Section 194.301, Florida Statutes. By relying on ATL, the Debtor wholly failed to meet the evidentiary burden under Section 194.301 as it made no attempt to show the Broward County Property Appraiser either failed to consider the statutory factors or treated these parcels differently from similar parcels in Broward County.

5

The Debtor's request to reduce the personal property assessment should be denied as it lacks any credible basis under either Florida law or recognized appraisal methodologies for granting the request reduction.

### DEMAND FOR RELIEF

**WHEREFORE,** based upon the foregoing, Property Appraiser Lori Parrish requests that this Honorable Court enter a decision as to the requested assessment adjustment that is deemed just and proper.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served by first class U.S. Mail upon D.J. Baker, Esq., and Cynthia C. Jackson, Esq., designated Co-Counsel for the Debtors, this 6th day of March, 2007.

Respectfully submitted,

LORI PARRISH, CFA
BROWARD COUNTY PROPERTY APPRAISER

by: RONALD M. GUNZBURGER
Florida Bar No. 745250
General Counsel
Broward County Property Appraiser's Office
115 S. Andrews Avenue, Room 111
Fort Lauderdale, Florida 33301
Telephone: 954.357.6934
Fax: 954.357.6804
Email: ron@bcpa.net