UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:
Winn-Dixie Stores, Inc., et.al.      Case No. 05-03817-3F1
                                      Chapter 11
    Reorganized Debtors.           Jointly Administered
_____/

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM
FOR POST-PETITION PERSONAL INJURIES BY MIRIAM GONZALEZ**

Pursuant to 11 U.S.C. § 503, Miriam Gonzalez ("Claimant") hereby requests that the Court enter an Order approving this application for allowance of an administrative expense claim, and as grounds therefor says:

1. On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3. Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4. On June 18, 2005, the Claimant suffered personal injury and damages when she was injured at the premises of the Debtor. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471(1968).

5. On August 31, 2006, the Claimant initiated an action against the Debtor in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County styled

Case No. 05-03 817-3F1

Miriam Gonzalez versus Winn Dixie Supermarkets Inc., Case No. 06-17647-CA-01 (the "Action"). A copy of the Amended Complaint is attached as Exhibit A.

6.  On September 1 2006, state court counsel to the Debtor, John Buchholz ("Buchholz"), contacted counsel to Claimant, Keith Chasin ("Chasin"), and advised that although the Debtor was the subject of a bankruptcy case, because the subject claim arose post-petition, the bankruptcy case did not affect the Action and that there was no automatic stay in effect.

7.  The Action proceeded in the ordinary course - the pleadings have closed, discovery has been initiated and settlement negotiations have occurred. A copy of the state court docket in respect of the Action is attached as Exhibit B (the "Docket"). As evidenced by the Docket, there have been no filings in the Action suggesting a bar or discharge in effect which would preclude the prosecution of the Action.

8.  On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

9.  On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

10. Neither the Claimant nor Chasin received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims. A copy of the Affidavits of the Claimant and Chasin are attached as Composite Exhibit C.

Wherefore, Claimant requests that the Court enter an Order approving this application for allowance of an administrative expense claim.

2

Case No. 05-03 817-3F1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served on **James Post, Esquire**, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202, **Matthew Barr, Esquire**, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 and **John R. Buchholz, Esquire**, Kelley Kronenberg, 15600 N.W. 67th Avenue, Suite 204, Miami Lakes, Florida 33014, this 12th day of March, 2007.

        TABAS, FREEDMAN, SOLOFF &
        MILLER, P.A.

    By:  */s/ Joel L. Tabas*
        Joel L. Tabas
        Florida Bar No. 516902
        jtabas@tfsmlaw.com
        Attorneys for Claimant
        919 Ingraham Building
        25 Southeast Second Avenue
        Miami, Florida  33131-1538
        Telephone: (305) 375-8171
        Telefax: (305) 381-7708

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 06-17647 CA 04

MIRIAM GONZALEZ,

    Plaintiff,

vs.

WINN-DIXIE STORES, INC.

    Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, MIRIAM GONZALEZ, sues the Defendant, WINN-DIXIE STORES, INC., and alleges:

1. This is an action for damages in excess of the Fifteen Thousand Dollar ($15,000.00) jurisdictional limits of this Court, exclusive of interest and costs.

2. At all times material hereto, MIRIAM GONZALEZ, was a resident of Miami, Miami-Dade County, Florida.

3. At all times material hereto, the Defendant, WINN-DIXIE STORES, INC., was a Florida corporation licensed to do business, and doing business, in Miami-Dade County, Florida.

4. On or about June 18, 2005, Defendant was the owner or lessee, and in possession of, a building located at 15450 N.W. 77 Court, Hialeah, Miami-Dade County, Florida, that was used as a WINN-DIXIE STORES.

5. At that time and place, Plaintiff, MIRIAM GONZALEZ, was a business

EXHIBIT "A"

invitee of the Defendant, having gone there to purchase groceries.

6. At that time and place, Defendant, WINN-DIXIE STORES, INC., negligently maintained the premises by allowing water to leak from the freezer, and there was another foreign substance on the floor, so that Plaintiff slipped and fell as the result of the water and the foreign substance on the floor, as she was shopping.

7. The negligent condition was known to Defendant or had existed for a sufficient length of time so that Defendant should have known of it.

8. The Defendant, WINN-DIXIE STORES, INC. did not have adequate procedures in place to maintain the area, and keep the area safe for business invitees such as Plaintiff, MIRIAM GONZALEZ, and thereby the Plaintiff's accident was foreseeable.

9. That the Defendant, WINN-DIXIE STORES, INC., is the cause of this incident because they did not have reasonable inspection procedures, or adequate maintenance, and through their negligence, they were the proximate cause of Plaintiff's injuries.

10. The Defendant, WINN-DIXIE STORES, INC., by and through their negligent maintenance of the store furnishings, including but not limited to, the freezer and the floor, actually caused the water on the floor by failing to have their freezer in the produce section maintained and by failing to maintain the floor.

11. As a result, Plaintiff, MIRIAM GONZALEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff,

MIRIAM GONZALEZ, will suffer the losses in the future.

WHEREFORE, the Plaintiff prays for judgment against the Defendant as to all issues and Plaintiff further requests a trial by jury and an award of court costs.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 26th day of September, 2006, to: **John R. Buchholz, Esquire**, KELLEY KRONENBERG, 15600 NW 67th Avenue, Suite 204, Miami Lakes, Florida 33014.

CHASIN & STINSON
9100 South Dadeland Boulevard
One Datran Center, PH-1, Suite 1704
Miami, Florida 33156
Tele: (305) 670-1833
Fax: (305) 670-1834

By:_____
MONICA GALINDO STINSON, ESQ.
Florida Bar No. 145785

 

**Clerk of Courts**
11th Judicial Circuit of Florida
Miami-Dade County

## Civil / Family / Probate Justice System Docket Information

**GONZALEZ, MIRIAM vs WINN DIXIE SUPERMARKETS INC**
* Click on BOOK/PAGE of a particular docket to see the image if it is available *

**Case Number (LOCAL):** 2006-17647-CA-01
**Case Number (STATE):** 13-2006-CA-017647-0000-01
**Filing Date:** 8/31/2006
**Dockets Retrieved:** 36
**Judicial Section:** 04

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 02/21/07 | | NOTICE: | OF CANCELLATION OF DEPOSITION |
| 02/06/07 | | MOTION TO COMPEL | |
| 02/06/07 | | NOTICE OF HRG SPECIAL APPT | 02/28/2007 02:45 PM |
| 02/02/07 | | MULTIPLE SUBPOENAS FILED | 2 |
| 01/31/07 | | NOTICE OF FILING: | EXECUTED JURAT PAGE |
| 01/23/07 | | NOTICE OF TAKING DEPOSITION | |
| 01/22/07 | | NOTICE OF PRODUCTION | |
| 01/19/07 | | NOTICE OF TAKING DEPOSITION | |
| 01/16/07 | | NOTICE OF INTERROGATORY | |
| 01/16/07 | | REQUEST FOR PRODUCTION | |
| 01/10/07 | | NOTICE OF HRG SPECIAL APPT | 02/28/2007 02:45 PM |
| 01/08/07 | | NOTICE OF PRODUCTION | |
| 01/03/07 | | NOTICE OF ANSWER TO INTERROGATORIES | |
| 01/02/07 | | SUBPOENA RETURNED | |
| 12/13/06 | | NOTICE OF TAKING DEPOSITION | |
| 12/12/06 | | NOTICE OF ANSWER TO INTERROGATORIES | |
| 12/12/06 | | RESPONSE TO REQUEST FOR PRODUCTION | |
| 12/12/06 | | TEXT | DEF'S PRIVILEGE LOG |
| 12/01/06 | | NOTICE OF PRODUCTION | |
| 11/14/06 | | RESPONSE TO REQUEST FOR PRODUCTION | |
| 11/07/06 | | NOTICE OF ANSWER TO INTERROGATORIES | |
| 10/30/06 | | NOTICE OF UNAVAILABILITY/ABSENCE | |
| 10/19/06 | | ANSWER TO AMENDED COMPLAINT | DN01 |
| 10/10/06 | | NOTICE OF INTERROGATORY | |

EXHIBIT "B"

| Date | Description | Details |
|---|---|---|
| 10/10/06 | NOTICE OF TAKING DEPOSITION | |
| 10/10/06 | REQUEST FOR PRODUCTION | |
| 09/26/06 | AMENDED COMPLAINT | |
| 09/26/06 | DEMAND FOR JURY TRIAL | |
| 09/25/06 | NOTICE OF HEARING- | MOTIONS 10/05/2006 09:30 AM |
| 09/25/06 | TEXT | MTN TO DISMISS |
| 08/31/06 | CIVIL COVER | |
| 08/31/06 | COMPLAINT | |
| 08/31/06 | DEMAND FOR JURY TRIAL | |
| 08/31/06 | NOTICE OF INTERROGATORY | |
| 08/31/06 | REQUEST FOR PRODUCTION | |
| 08/31/06 | SUMMONS ISSUED | DN01 |

BEGIN NEW SEARCH                                                                                          ALL PARTIES

## AFFIDAVIT OF MIRIAM GONZALEZ

STATE OF FLORIDA            )
                            ) SS
COUNTY OF MIAMI-DADE        )

BEFORE ME, the undersigned authority personally appeared MIRIAM GONZALEZ who is more than 18 years of age, and who resides at 8340 N.W. 168 Street, Miami, Florida 33016, and who after being duly sworn under oath deposes and states as follows:

1. My name is MIRIAM GONZALEZ and I was involved in a slip and fall accident which occurred at Winn Dixie Stores, 15450 N.W. 77 Court, Hialeah, Miami-Dade County, Florida, on June 18, 2005, wherein I sustained personal injuries.

2. That I never received any written or oral notice advising me of any deadline to file a claim with the Winn Dixie Bankruptcy Estate in order for my claim against Winn Dixie Store to go forward.

FURTHER AFFIANT SAYETH NAUGHT.

_____
MIRIAM GONZALEZ, Affiant

The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this _22_ day of _February_, 2007, by MIRIAM GONZALEZ, who personally appeared before me at the time of notarization, and who is <u>personally known to me</u> or has produced _____ as identification and who did/did not take an oath.

NOTARY PUBLIC:

SIGN _____

PRINT _Aida Andujar_
       State of _Florida_ at Large
       (Seal)

My Commission Expires:



AIDA ANDUJAR
Notary Public - State of Florida
My Commission Expires Dec 17, 2010
Commission # DD 588207
Bonded By National Notary Assn.

EXHIBIT
COMPOSITE
"C"

1

## AFFIDAVIT OF KEITH CHASIN

STATE OF FLORIDA            )
                            SS
COUNTY OF MIAMI DADE        )

BEFORE ME, the undersigned authority personally appeared KEITH CHASIN, of the law firm of CHASIN & STINSON, located at 9100 South Dadeland Boulevard, One Datran Center, Penthouse 1, Suite 1704, Miami, Florida 33156, who after being duly sworn under oath deposes and states as follows:

1. My name is KEITH CHASIN and I am the attorney representing Miriam Gonzalez in a lawsuit arising out of an accident which occurred at Winn Dixie Stores, located at 15450 N.W. 77th Court, Hialeah, Miami-Dade County, Florida, on June 18, 2005.

2. That the undersigned has been practicing law in the State of Florida since 1982 and has been located at the above address for approximately the last five (5) years.

3. That at no point did the undersigned receive any written or oral notice of any Bankruptcy Court Order or deadline from any party prior to the administrative claim bar of January 5, 2007.

4. Sometime in late January the undersigned was contacted by John R. Buchholz, Esquire, the attorney for Winn Dixie in the law suit filed on behalf of Miriam Gonzalez in Miami-Dade Circuit Court, Case No: 06-17647 CA 04. At that time Mr. Buchholz advised the undersigned that there had been no claim filed with the Bankruptcy Estate on behalf of Ms. Gonzalez and that the claim was therefore barred. The undersigned advised Mr. Buchholz that he had never received any notice requiring a filing with the Bankruptcy Estate.

1

5.   That the undersigned has spoken with his client, Miriam Gonzalez, and Ms. Gonzalez has advised him that she never received any written or oral notice of any claims filing deadline regarding her claim against Winn Dixie.

FURTHER AFFIANT SAYETH NAUGHT.

_____
KEITH CHASIN, ESQ., Affiant

The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this 17 day of February, 2007, by KEITH CHASIN, who personally appeared before me at the time of notarization, and who is personally known to me or has produced _____ as identification and who did/did not take an oath.

NOTARY PUBLIC:

SIGN _____

PRINT PATRICIA A. MORRISON
State of FLORIDA at Large
(Seal)

My Commission Expires:



Patricia A. Morrison
My Commission DD254073
Expires September 28, 2007

2