UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:
Winn-Dixie Stores, Inc., et.al.                                    Case No. 05-03817-3F1
                                                                   Chapter 11
      Reorganized Debtors.                                      Jointly Administered
_____/

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM
FOR POST-PETITION PERSONAL INJURIES BY
<u>YNES HERRERA AND JUAN QUINTANA</u>**

Pursuant to 11 U.S.C. § 503, Ynes Herrera and Juan Quintana ("Claimants") hereby request that the Court enter an Order approving this application for allowance of an administrative expense claim, and as grounds therefor says:

1.    On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2.    By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3.    Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4.    On April 8, 2006, the Claimants suffered personal injury and damages when Claimant Herrera was injured at the premises of the Debtor. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471(1968).

5.    On October 13, 2006, the Claimants initiated an action against the Debtor in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County styled Ynes

Case No. 05-03 817-3F1

Herrera and Juan Quintana versus Winn Dixie Stores, Inc., Case No. 06-18682-CA-23 (the "Action"). A copy of the Amended Complaint is attached as Exhibit A.

6.  The Action proceeded in the ordinary course - the pleadings have closed and discovery has been initiated. A copy of the state court docket in respect of the Action is attached as Exhibit B (the "Docket"). As evidenced by the Docket, there have been no filings in the Action suggesting a bar or discharge in effect which would preclude the prosecution of the Action.

7.  On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

8.  On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

9.  Neither the Claimants nor their counsel in the Action, David F. Baron ("Baron") received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims. A copy of the Affidavits of the Claimant and Baron are attached as Composite Exhibit C.

Wherefore, Claimants request that the Court enter an Order approving this application for allowance of an administrative expense claim.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served on **James Post, Esquire**, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202, **Matthew Barr, Esquire**, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan

2

Tabas, Freedman, Soloff & Miller, P.A. • The Ingraham Building, 25 Southeast Second Avenue, Suite 919, Miami, Florida 33131-1538 • (305) 375-8171

Case No. 05-03 817-3F1

Plaza, New York, NY 10005 and **John R. Buchholz, Esquire**, Kelley Kronenberg, 15600 N.W. 67th Avenue, Suite 204, Miami Lakes, Florida 33014, this 12th day of March, 2007.

                      TABAS, FREEDMAN, SOLOFF &
                      MILLER, P.A.

By: */s/ Joel L. Tabas*
    Joel L. Tabas
    Florida Bar No. 516902
    jtabas@tfsmlaw.com
    Attorneys for Claimants
    919 Ingraham Building
    25 Southeast Second Avenue
    Miami, Florida  33131-1538
    Telephone: (305) 375-8171
    Telefax: (305) 381-7708

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 06-18682 CA 23

YNES HERRERA and
JUAN QUINTANA, her husband,

    Plaintiffs,

vs.

WINN DIXIE STORES, INC.,
A Florida Corporation,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, YNES HERRERA and JUAN QUINTANA, her husband, sue the Defendant, WINN DIXIE STORES, INC., a Florida corporation, and allege:

1. This is an action for damages which exceeds $15,000.00, exclusive of interest and costs.

2. At all times material hereto, the Defendant, WINN DIXIE STORES, INC., is and was a Florida corporation doing business in Miami-Dade, Florida.

3. At all times material hereto, the Plaintiffs, YNES HERRERA and JUAN QUINTANA, her husband, have been residents of Miami-Dade County, Florida.

**EXHIBIT "A"**

LAW OFFICES OF DAVID F. BARON, P.A.
ONE DATRAN CENTER • PENTHOUSE 1 • SUITE 1704 • 9100 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • DADE: (305) 670-1833 • BROWARD: (954) 760-0827

1

03/08/2007 15:34   3056701834   CHASIN STINSON BARON   PAGE 09

## FACTS SUPPORTING SLIP AND FALL LIABILITY

The Plaintiffs reaver and reallege allegations 1 through 3 above as though fully set forth herein.

4. On or about April 8, 2006, the Plaintiff, YNES HERRERA, was a business invitee at WINN DIXIE STORES, INC., store #231, located NW 57th Avenue and Miami Gardens Drive, Miami Dade County, Florida, when she slipped and fell on a slippery substance, foreign object, that was left in the shampoo aisle floor.

5. Defendant, WINN DIXIE STORES, INC., a Florida corporation, had a duty to the public in general and to the Plaintiff in particular, to keep the store clean and safe for patrons.

6. Defendant negligently maintained the floor on the property by allowing a slippery substance on the floor so that Plaintiff fell on the property, in breach of its duty to provide a safe and clean store.

7. The negligent condition was known to the Defendant or had existed for a sufficient length of time so that Defendant should have known of it.

8. As a result, Plaintiff, YNES HERRERA, sustained personal injury and mental anguish, lost enjoyment of life, has incurred medical expenses and lost earnings, aggravation of a previously existing condition, has scarring, disfigurement and morbidity, and these conditions are permanent or continuing in nature. The Plaintiff, YNES HERRERA, will incur future medical bills and expenses, and will have impaired future earnings.

WHEREFORE, the Plaintiff, YNES HERRERA, prays for judgment against the Defendant, WINN DIXIE STORES, INC., a Florida corporation, as to all issues and Plaintiff further requests a trial by jury of all issues so triable as of right by jury, and an award of court costs.

## COUNT II - LOSS OF CONSORTIUM OF JUAN QUINTANA

The Plaintiff, JUAN QUINTANA, sues the Defendant, WINN DIXIE STORES, INC., a Florida corporation, and alleges:

9. At all times material hereto, Plaintiff, JUAN QUINTANA, was married to the Plaintiff, YNES HERRERA.

10. As a result of his wife's injuries as afore-alleged, JUAN QUINTANA, has lost the care, comfort and society of his wife on an either permanent or continuing basis.

WHEREFORE, the Plaintiff, JUAN QUINTANA, prays for judgment against the Defendant, WINN DIXIE STORES, INC., a Florida corporation, as to all issues and Plaintiff further requests a trial by jury of all issues so triable as of right by jury, and an award of court costs.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed this 13th day of October, 2006, to John R. Buchholz, Esquire, 15600 NW 67th Avenue, Suite 204, Miami Lakes, Florida 33014.

DAVID F. BARON, P.A.
One Datran Center, Suite 1704
9100 South Dadeland Boulevard
Miami, Florida 33156

By: _____
DAVID F. BARON - 297089

 

Clerk of Courts
11th Judicial Circuit of Florida
Miami-Dade County

## Civil / Family / Probate Justice System Docket Information

**HERRERA, YNES vs WINN DIXIE SUPERMARKETS INC**
* Click on BOOK/PAGE of a particular docket to see the image if it is available *

| | | |
|---|---|---|
| Case Number (LOCAL): | 2006-18682-CA-01 | Filing Date: 9/14/2006 |
| Case Number (STATE): | 13-2006-CA-018682-0000-01 | Dockets Retrieved: 27 |
| | | Judicial Section: 23 |

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 02/01/07 | | SUBPOENA RETURNED | |
| 01/31/07 | | REQUEST: | FOR COPIES |
| 01/23/07 | | NOTICE OF PRODUCTION | |
| 01/18/07 | | REQUEST FOR PRODUCTION | |
| 01/17/07 | | MULTIPLE SUBPOENAS FILED | 2 |
| 01/16/07 | | NOTICE OF PRODUCTION | |
| 01/09/07 | | NOTICE OF PRODUCTION | |
| 01/09/07 | | REQUEST: | FOR COPIES |
| 12/28/06 | | NOTICE OF FILING: | ANSWS TO INTERRS |
| 12/28/06 | | REQUEST FOR PRODUCTION | |
| 12/28/06 | | RESPONSE TO REQUEST FOR PRODUCTION | |
| 12/27/06 | | NOTICE OF PRODUCTION | |
| 11/27/06 | | ANSWER AND AFFIRMATIVE DEFENSE | ATTORNEY:88888888 DN01 |
| 11/16/06 | | ORDER: | GRANTING MTN TO DISMISS COMPLAINT (20-DAYS TO AMEND) |
| 10/30/06 | | NOTICE OF INTERROGATORY | |
| 10/30/06 | | NOTICE OF UNAVAILABILITY/ABSENCE | |
| 10/30/06 | | REQUEST FOR PRODUCTION | |
| 10/19/06 | | NOTICE OF INTERROGATORY | |
| 10/19/06 | | REQUEST FOR PRODUCTION | |
| 10/16/06 | | AMENDED COMPLAINT | |
| 10/16/06 | | DEMAND FOR JURY TRIAL | |
| 10/12/06 | | SERVICE RETURNED | BADGE # 63 S 09/28/2006 DN01 |
| 10/11/06 | | MOTION TO DISMISS | WINN DIXIE STORES,INC. |
| 09/14/06 | | CIVIL COVER | |
| 09/14/06 | | COMPLAINT | |
| 09/14/06 | | DEMAND FOR JURY TRIAL | |

EXHIBIT "B"

| | | |
|---|---|---|
| 09/14/06 | SUMMONS ISSUED | DN01 |
| BEGIN NEW SEARCH | | ALL PARTIES |

## AFFIDAVIT OF YNES HERRERA

STATE OF FLORIDA           )
                           ) SS
COUNTY OF MIAMI-DADE       )

BEFORE ME, the undersigned authority personally appeared Ynes Herrera who resides at 319 NW 109th Avenue, Apartment 8, Miami, Florida 33172, who after being duly sworn under oath deposes and states as follows:

1. My name is Ynes Herrera and I was involved in a slip and fall accident which occurred at Winn Dixie Stores, store #231, located NW 57th Avenue and Miami Gardens Drive, Miami Dade County, Florida, on April 8, 2006, wherein I sustained personal injuries.

2. That I never received any notice from the Court or any lawyers advising me that I was required to file a claim with the Bankruptcy Estate in order for my claim against Winn Dixie Store to go forward.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Ynes Herrera, Affiant

The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this 15 day of February, 2007, by Ynes Herrera, who personally appeared before me at the time of notarization, and who is personally known to me or has produced personally known as identification and who did/did not take an oath.

NOTARY PUBLIC:

SIGN _____

PRINT  Juan Cordoves

State of Florida at Large
(Seal)

My Commission Expires:

V. CORDOVES
Comm# DD0241278
Expires 12/9/2007
Florida Notary Assn., Inc

**EXHIBIT COMPOSITE "C"**

## AFFIDAVIT OF DAVID F. BARON

STATE OF FLORIDA            )
                            ) SS
COUNTY OF MIAMI DADE        )

BEFORE ME, the undersigned authority personally appeared DAVID F. BARON, of the law firm of David F. Baron, P.A., located at 9100 S. Dadeland Blvd., Penthouse 1, Suite 1704, Miami, Florida 33156, who after being duly sworn under oath deposes and states as follows:

1. My name is David F. Baron and I am the attorney representing Ynes Herrera in a lawsuit arising out of an accident which occurred at Winn Dixie Stores, store #231, located at NW 57th Avenue and Miami Gardens Drive, Miami Dade County, Florida, on April 8, 2006.

2. That the undersigned has been practicing law in the State of Florida since 1980 and has been located at the above address for approximately the last five (5) years.

3. That at no point did the undersigned receive any notice of Bankruptcy regarding the claim of *Ynes Herrera v. Winn Dixie Store*, until sometime in late January when he was contacted by John R. Buchholz, Esquire, the attorney for Winn Dixie in the law suit filed on behalf of Ynes Herrera in Miami Dade Circuit Court, Case No: 06-18682 CA 23. At that time Mr. Buchholz advised the undersigned that there had been no claim filed with the Bankruptcy Estate on behalf of Ms. Herrera and that the claim was

1

therefore barred. The undersigned advised Mr. Buchholz that he had never received any notice requiring a filing with the Bankruptcy Estate.

4. That the undersigned has spoken with his client, Ynes Herrera, and Ms. Herrera has advised him that she never received any notice requiring her to file a claim with the Bankruptcy Estate in her claim against Winn Dixie.

5. Apparently, pursuant to the Orders of the Bankruptcy Court, the undersigned has now learned that a claim had to be filed with the Court in the Bankruptcy case involving Winn Dixie, but said information had never been provided to the undersigned nor was any notice received by the undersigned regarding the need to file such a claim.

FURTHER AFFIANT SAYETH NAUGHT.

_____
David F. Baron, Esquire, Affiant

The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this 14 day of Feb, 2007, by David F. Baron, who personally appeared before me at the time of notarization, and who is personally known to me or has produced Personally Known as identification and who did/did not take an oath.

NOTARY PUBLIC:

SIGN _____

PRINT Vivian Cordoves

State of Florida at Large
(Seal)

V. CORDOVES
Comm# DD0241278
Expires 12/9/2007
Florida Notary Assn., Inc

My Commission Expires:

2