UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

| | |
|---|---|
| Winn-Dixie Stores, Inc., et.al. | Case No. 05-03817-3F1 |
| | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |
| _____/ | |

**MOTION (I) FOR RELIEF FROM BAR DATE FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS, FROM SECTION 524 AND FROM ORDER CONFIRMING PLAN OF REORGANIZATION AND (II) TO ALLOW LATE FILED APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM OF YNES HERRERA AND JUAN QUINTANA**
(Post-petition Personal Injury Claim)

Pursuant to Federal Rule of Bankruptcy Procedure 9024, Miriam Gonzalez and Juan Quintana ("Claimants") move the Court for an order granting them relief from the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims ("Bar Notice"), for relief from Bankruptcy Code Section 524, for relief from the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors ("Confirmation Order") and, pursuant to Sections 503(a) and Rule 9006(b), authorizing the Claimants to file the Application for Allowance of Administrative Expense Claim for Post-Petition Personal Injury attached hereto as Exhibit A (the "Application"), and state as follows:

1.   On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2.   By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

Case No. 05-03817-3F1

3. Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4. On April 8, 2006, the Claimants suffered personal injury and damages when Claimant Herrera was injured at the premises of the Debtor. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471(1968).

5. On September 14, 2006, the Claimants initiated an action against the Debtor in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County styled Ynes Herrera and Juan Quintana versus Winn Dixie Stores, Inc., Case No. 06-18682-CA-23 (the "Action"). A copy of the Amended Complaint is attached as Exhibit B.

6. The Action proceeded in the ordinary course - the pleadings have closed and discovery has been initiated. A copy of the state court docket in respect of the Action is attached as Exhibit C (the "Docket"). As evidenced by the Docket, there have been no filings in the Action suggesting a bar or discharge in effect which would preclude the prosecution of the Action.

7. On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

8. On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

9. Neither the Claimants nor their counsel in the Action, David F. Baron ("Baron"), received notice of the Confirmation Order or the Bar Notice or any other notice

Case No. 05-03817-3F1

of a bar date for administrative claims. A copy of the Affidavits of the Claimant and Baron are attached as Composite Exhibit D.

10. On February 6, 2007, David L. Gay ("Gay"), counsel to the Debtor, sent a letter to Baron, a copy of which is attached as Exhibit E (the "Gay Letter"). The Gay Letter stated that the prosecution of the Action was in violation of the Bar Notice and Section 524 and requested dismissal of the Action.

11. Baron immediately responded to Gay by letter dated February 8, 2007, a copy of which is attached as Exhibit F, in which Baron advised that neither he nor the Claimants received any notice of a bar to the filing of administrative claims.

12. Claimants have been prejudiced by the failure to receive notice of the bar date and by the lack of disclosure of the bar date in the Action or by state court counsel to the Debtor.

13. The Debtor will not be prejudiced by the late filing of the Application because the Debtor has had actual knowledge of Claimants' claims since at least September 14, 2006 and the Debtor has actively litigated the Action.

14. Furthermore, the Debtor is estopped from asserting the Claimants' claims are barred as a result of the failure of state court counsel to Winn Dixie to advise Claimants of the bar date.

15. Rule 9024 incorporates Federal Rule of Civil Procedure 60(b)(6), which provides that "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment."

3

16. The failure to receive notice warrants relief in favor of the Claimants from the Confirmation Order, the Bar Notice and Section 524.

17. Section 503(a) allows a claimant to tardily file an administrative claim for cause. The deadline provided in Section 503(a) is not jurisdictional and the term "cause" provides the bankruptcy court with wide discretion to allow belated administrative claim filings in the interests of justice. *In re Heartland Steel, Inc.,* 2003 WL 23100035 (Bankr. S.D. Ind. Dec. 16, 2003).

18. The failure to receive notice are cause to authorize Claimants to tardily file their Application.

19. Rule 9006(b)(1) permits a court to allow late filed claims resulting from excusable neglect resulting from inadvertence, mistake or carelessness. *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993).

20. "Excusable neglect" is an equitable concept requiring consideration of the danger of prejudice to the Debtor, the length of the delay and its impact on the judicial proceedings, the reason for the delay and movant's good faith. *Pioneer.*

21. The failure to receive notice constitutes excusable neglect warranting allowance of the late filing of the Application.

22. The Debtor will not be prejudiced by the allowance of the late filed claim as the Debtor was aware of the Claimants' claims and any damages that are awarded pursuant to the Action will be paid in cash in accordance with the Joint Plan of Reorganization. Similarly, the delay between the bar date and Claimants' filing of this Motion and the Application has no impact on the Debtor.

23.     Furthermore, as known creditors of the Debtor, the Claimants were entitled to actual notice of the claims bar date before their claims could be extinguished. *In re Hillsborough Holdings Corp.,* 172 B.R. 108 (Bankr. M.D. Fla. 1994).

24.     Courts have consistently held that a late claim is not barred if there is no notice of the claims bar date.  *In re Premier Membership Services, LLC*, 276 B.R. 709, 713 (Bankr. S.D. Fla. 2002).

25.     As established by the Affidavits attached as Exhibit D, neither the Claimants nor Baron received notice of the administrative claims bar date.

26.     Thus, even though the Claimants had actual knowledge of the existence of the bankruptcy case, the Debtor was not discharged from the debt of the Claimants, who were known to the Debtor, and who failed to receive notice of the administrative claims bar date. *In re Spring Valley Farms, Inc.*, 863 F. 2d 832, 835 (11th Cir.1989).

27.     Although this Court cannot liquidate Claimants' personal injury claims, the Court has the authority to permit late filed administrative expense claims and to determine whether a particular debt has been discharged.

Wherefore, pursuant to Rule 9024, the Claimants request an order granting them relief from the Bar Notice, Section 524, and the Confirmation Order and, pursuant to Section 503(a) and Rule 9006(b), authorizing the Claimants to file the Application and allow the claim to be liquidated in the Action.

Case No. 05-03817-3F1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served on **James Post, Esquire**, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202, **Matthew Barr, Esquire**, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 and **John R. Buchholz, Esquire**, Kelley Kronenberg, 15600 N.W. 67th Avenue, Suite 204, Miami Lakes, Florida 33014, this 12th day of March, 2007.

    TABAS, FREEDMAN, SOLOFF &
    MILLER, P.A.

By: */s/ Joel L. Tabas*
    Joel L. Tabas
    Florida Bar No. 516902
    jtabas@tfsmlaw.com
    Attorneys for Claimants
    919 Ingraham Building
    25 Southeast Second Avenue
    Miami, Florida 33131-1538
    Telephone: (305) 375-8171
    Telefax: (305) 381-7708

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1538 • (305) 375-8171

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:
Winn-Dixie Stores, Inc., et.al.

Reorganized Debtors.
_____/

Case No. 05-03817-3F1
Chapter 11
Jointly Administered

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM
FOR POST-PETITION PERSONAL INJURIES BY
YNES HERRERA AND JUAN QUINTANA**

Pursuant to 11 U.S.C. § 503, Ynes Herrera and Juan Quintana ("Claimants") hereby request that the Court enter an Order approving this application for allowance of an administrative expense claim, and as grounds therefor says:

1. On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3. Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4. On April 8, 2006, the Claimants suffered personal injury and damages when Claimant Herrera was injured at the premises of the Debtor. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471(1968).

5. On October 13, 2006, the Claimants initiated an action against the Debtor in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County styled Ynes

**EXHIBIT**

**"A"**

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1558 • (305) 375-8171

Case No. 05-03 817-3F1

Herrera and Juan Quintana versus Winn Dixie Stores, Inc., Case No. 06-18682-CA-23 (the "Action"). A copy of the Amended Complaint is attached as Exhibit A.

6. The Action proceeded in the ordinary course - the pleadings have closed and discovery has been initiated. A copy of the state court docket in respect of the Action is attached as Exhibit B (the "Docket"). As evidenced by the Docket, there have been no filings in the Action suggesting a bar or discharge in effect which would preclude the prosecution of the Action.

7. On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

8. On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

9. Neither the Claimants nor their counsel in the Action, David F. Baron ("Baron") received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims. A copy of the Affidavits of the Claimant and Baron are attached as Composite Exhibit C.

Wherefore, Claimants request that the Court enter an Order approving this application for allowance of an administrative expense claim.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served on **James Post, Esquire**, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202, **Matthew Barr, Esquire**, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan

Case No. 05-03 817-3F1

Plaza, New York, NY 10005 and **John R. Buchholz, Esquire**, Kelley Kronenberg, 15600 N.W. 67th Avenue, Suite 204, Miami Lakes, Florida 33014, this 12th day of March, 2007.

          TABAS, FREEDMAN, SOLOFF &
          MILLER, P.A.

    By: _/s/ Joel L. Tabas_
        Joel L. Tabas
        Florida Bar No. 516902
        jtabas@tfsmlaw.com
        Attorneys for Claimants
        919 Ingraham Building
        25 Southeast Second Avenue
        Miami, Florida 33131-1538
        Telephone: (305) 375-8171
        Telefax: (305) 381-7708

3

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 06-18682 CA 23

YNES HERRERA and
JUAN QUINTANA, her husband,

    Plaintiffs,

vs.

WINN DIXIE STORES, INC.,
A Florida Corporation,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, YNES HERRERA and JUAN QUINTANA, her husband, sue the Defendant, WINN DIXIE STORES, INC., a Florida corporation, and allege:

1. This is an action for damages which exceeds $15,000.00, exclusive of interest and costs.

2. At all times material hereto, the Defendant, WINN DIXIE STORES, INC., is and was a Florida corporation doing business in Miami-Dade, Florida.

3. At all times material hereto, the Plaintiffs, YNES HERRERA and JUAN QUINTANA, her husband, have been residents of Miami-Dade County, Florida.



EXHIBIT "B"

LAW OFFICES OF DAVID F. BARON, P.A.
ONE DATRAN CENTER • PENTHOUSE I • SUITE 1704 • 9100 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • DADE (305) 670-1833 • BROWARD (954) 760-9822

1

## FACTS SUPPORTING SLIP AND FALL LIABILITY

The Plaintiffs reaver and reallege allegations 1 through 3 above as though fully set forth herein.

4. On or about April 8, 2006, the Plaintiff, YNES HERRERA, was a business invitee at WINN DIXIE STORES, INC., store #231, located NW 57th Avenue and Miami Gardens Drive, Miami Dade County, Florida, when she slipped and fell on a slippery substance, foreign object, that was left in the shampoo aisle floor.

5. Defendant, WINN DIXIE STORES, INC., a Florida corporation, had a duty to the public in general and to the Plaintiff in particular, to keep the store clean and safe for patrons.

6. Defendant negligently maintained the floor on the property by allowing a slippery substance on the floor so that Plaintiff fell on the property, in breach of its duty to provide a safe and clean store.

7. The negligent condition was known to the Defendant or had existed for a sufficient length of time so that Defendant should have known of it.

8. As a result, Plaintiff, YNES HERRERA, sustained personal injury and mental anguish, lost enjoyment of life, has incurred medical expenses and lost earnings, aggravation of a previously existing condition, has scarring, disfigurement and morbidity, and these conditions are permanent or continuing in nature. The Plaintiff, YNES HERRERA, will incur future medical bills and expenses, and will have impaired future earnings.

WHEREFORE, the Plaintiff, YNES HERRERA, prays for judgment against the Defendant, WINN DIXIE STORES, INC., a Florida corporation, as to all issues and Plaintiff further requests a trial by jury of all issues so triable as of right by jury, and an award of court costs.

## COUNT II - LOSS OF CONSORTIUM OF JUAN QUINTANA

The Plaintiff, JUAN QUINTANA, sues the Defendant, WINN DIXIE STORES, INC., a Florida corporation, and alleges:

9. At all times material hereto, Plaintiff, JUAN QUINTANA, was married to the Plaintiff, YNES HERRERA.

10. As a result of his wife's injuries as afore-alleged, JUAN QUINTANA, has lost the care, comfort and society of his wife on an either permanent or continuing basis.

WHEREFORE, the Plaintiff, JUAN QUINTANA, prays for judgment against the Defendant, WINN DIXIE STORES, INC., a Florida corporation, as to all issues and Plaintiff further requests a trial by jury of all issues so triable as of right by jury, and an award of court costs.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed this 13th day of October, 2006, to John R. Buchholz, Esquire, 15600 NW 67th Avenue, Suite 204, Miami Lakes, Florida 33014.

DAVID F. BARON, P.A.
One Datran Center, Suite 1704
9100 South Dadeland Boulevard
Miami, Florida 33156

By: _____
DAVID F. BARON - 297089




Clerk of Courts
11th Judicial Circuit of Florida
Miami-Dade County

## Civil / Family / Probate Justice System Docket Information

**HERRERA, YNES vs WINN DIXIE SUPERMARKETS INC**
* Click on BOOK/PAGE of a particular docket to see the image if it is available *

**Case Number (LOCAL):** 2006-18682-CA-01

**Case Number (STATE):** 13-2006-CA-018682-0000-01

**Filing Date:** 9/14/2006

**Dockets Retrieved:** 27

**Judicial Section:** 23

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 02/01/07 | | SUBPOENA RETURNED | |
| 01/31/07 | | REQUEST: | FOR COPIES |
| 01/23/07 | | NOTICE OF PRODUCTION | |
| 01/18/07 | | REQUEST FOR PRODUCTION | |
| 01/17/07 | | MULTIPLE SUBPOENAS FILED | 2 |
| 01/16/07 | | NOTICE OF PRODUCTION | |
| 01/09/07 | | NOTICE OF PRODUCTION | |
| 01/09/07 | | REQUEST: | FOR COPIES |
| 12/28/06 | | NOTICE OF FILING: | ANSWS TO INTERRS |
| 12/28/06 | | REQUEST FOR PRODUCTION | |
| 12/28/06 | | RESPONSE TO REQUEST FOR PRODUCTION | |
| 12/27/06 | | NOTICE OF PRODUCTION | |
| 11/27/06 | | ANSWER AND AFFIRMATIVE DEFENSE | ATTORNEY:88888888 DN01 |
| 11/16/06 | | ORDER: | GRANTING MTN TO DISMISS COMPLAINT (20-DAYS TO AMEND) |
| 10/30/06 | | NOTICE OF INTERROGATORY | |
| 10/30/06 | | NOTICE OF UNAVAILABILITY/ABSENCE | |
| 10/30/06 | | REQUEST FOR PRODUCTION | |
| 10/19/06 | | NOTICE OF INTERROGATORY | |
| 10/19/06 | | REQUEST FOR PRODUCTION | |
| 10/16/06 | | AMENDED COMPLAINT | |
| 10/16/06 | | DEMAND FOR JURY TRIAL | |
| 10/12/06 | | SERVICE RETURNED | BADGE # 63 S 09/28/2006 DN01 |
| 10/11/06 | | MOTION TO DISMISS | WINN DIXIE STORES,INC. |
| 09/14/06 | | CIVIL COVER | |
| 09/14/06 | | COMPLAINT | |
| 09/14/06 | | DEMAND FOR JURY TRIAL | |

EXHIBIT "C"

| | | |
|---|---|---|
| 09/14/06 | SUMMONS ISSUED | DN01 |
| BEGIN NEW SEARCH | | ALL PARTIES |

### AFFIDAVIT OF YNES HERRERA

STATE OF FLORIDA      )
                      ) SS
COUNTY OF MIAMI-DADE  )

BEFORE ME, the undersigned authority personally appeared Ynes Herrera who resides at 319 NW 109th Avenue, Apartment 8, Miami, Florida 33172, who after being duly sworn under oath deposes and states as follows:

1. My name is Ynes Herrera and I was involved in a slip and fall accident which occurred at Winn Dixie Stores, store #231, located NW 57th Avenue and Miami Gardens Drive, Miami Dade County, Florida, on April 8, 2006, wherein I sustained personal injuries.

2. That I never received any notice from the Court or any lawyers advising me that I was required to file a claim with the Bankruptcy Estate in order for my claim against Winn Dixie Store to go forward.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Ynes Herrera, Affiant

The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this 15 day of February, 2007, by Ynes Herrera, who personally appeared before me at the time of notarization, and who is personally known to me or has produced _personally known_ as identification and who did/did not take an oath.

NOTARY PUBLIC:

SIGN  _____

PRINT _Juan Cordoves_

State of _Florida_ at Large
(Seal)

My Commission Expires:


V. CORDOVES
Comm# DD0341278
Expires 12/8/2007
Florida Notary Assn., Inc

**EXHIBIT COMPOSITE "D"**

### AFFIDAVIT OF DAVID F. BARON

STATE OF FLORIDA        )
                                            SS
COUNTY OF MIAMI DADE )

BEFORE ME, the undersigned authority personally appeared DAVID F. BARON, of the law firm of David F. Baron, P.A., located at 9100 S. Dadeland Blvd., Penthouse 1, Suite 1704, Miami, Florida 33156, who after being duly sworn under oath deposes and states as follows:

1. My name is David F. Baron and I am the attorney representing Ynes Herrera in a lawsuit arising out of an accident which occurred at Winn Dixie Stores, store #231, located at NW 57th Avenue and Miami Gardens Drive, Miami Dade County, Florida, on April 8, 2006.

2. That the undersigned has been practicing law in the State of Florida since 1980 and has been located at the above address for approximately the last five (5) years.

3. That at no point did the undersigned receive any notice of Bankruptcy regarding the claim of *Ynes Herrera v. Winn Dixie Store*, until sometime in late January when he was contacted by John R. Buchholz, Esquire, the attorney for Winn Dixie in the law suit filed on behalf of Ynes Herrera in Miami Dade Circuit Court, Case No: 06-18682 CA 23. At that time Mr. Buchholz advised the undersigned that there had been no claim filed with the Bankruptcy Estate on behalf of Ms. Herrera and that the claim was

1

therefore barred. The undersigned advised Mr. Buchholz that he had never received any notice requiring a filing with the Bankruptcy Estate.

4. That the undersigned has spoken with his client, Ynes Herrera, and Ms. Herrera has advised him that she never received any notice requiring her to file a claim with the Bankruptcy Estate in her claim against Winn Dixie.

5. Apparently, pursuant to the Orders of the Bankruptcy Court, the undersigned has now learned that a claim had to be filed with the Court in the Bankruptcy case involving Winn Dixie, but said information had never been provided to the undersigned nor was any notice received by the undersigned regarding the need to file such a claim.

FURTHER AFFIANT SAYETH NAUGHT.

_____
David F. Baron, Esquire, Affiant

The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this 14 day of Feb, 2007, by David F. Baron, who personally appeared before me at the time of notarization, and who is personally known to me or has produced Personally Known as identification and who did/did not take an oath.

NOTARY PUBLIC:

SIGN _____

PRINT  Vivian Cordoves
State of Florida at Large
(Seal)

V. CORDOVES
Comm# DD0241278
Expires 12/9/2007
Florida Notary Assn., Inc

My Commission Expires:

2

LAW OFFICES

# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
BEAU BOWIN
DAVID D. BURNS
STEPHEN D. BUSEY
CHARMAINE T. M. CHIU
ERIC W. ENSMINGER
J. RICE FERRELLE, JR.
CARL E. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
CHARLES H. KELLER
G. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
C. OWEN McCULLER, JR.
ERIC N. McKAY
MATTHEW P. McLAUCHLIN
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND H. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY HUBBELL
ELIZABETH M. SCHULE
JOEL SETTENBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
LEE D. WEDEKIND, III
HARRY M. WILSON, III
ALLAN E. WULBERN

LLOYD SMITH
(1916-1987)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

February 6, 2007

David F. Baron, Esq.
Chasin & Stinson
9100 South Dadeland Blvd., 2nd Floor
One Datran Center, PH 1, Suite 1704
Miami, FL 33156

Re: In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1, Chapter 11, Jointly Administered

Ynes Herrera v. Winn-Dixie Stores, Inc., in the Eleventh Circuit Court in and for Miami-Dade County, Florida Case No. 06-18682-CA-23

Dear Mr. Baron:

This firm represents Winn-Dixie Stores, Inc. in the referenced Chapter 11 proceedings.

We have been advised that you are presently prosecuting the referenced state court action in violation of the Administrative Claims Bar Date established by the Bankruptcy Court in the referenced case. For the reasons set forth below, your continued prosecution of the state court action is in violation of the permanent injunction provisions of Section 524 of the Bankruptcy Code and the Bankruptcy Court's Confirmation Order.

On February 21, 2005, Winn-Dixie Stores, Inc. and its affiliates (the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. On November 21, 2006, the Bankruptcy Court entered an order confirming the Joint Plan of Reorganization filed by the Debtors, as modified (the "Plan").

**EXHIBIT**

"E"

LAW OFFICES
## SMITH HULSEY & BUSEY

David F. Baron, Esq.
February 6, 2007
Page 2

  Pursuant to Section 1141(d) of the Code, the order confirming the Plan (the "Confirmation Order") discharged the Debtors from all debts arising prior to Confirmation, including all debts or claims arising against the Debtors between February 21, 2005 and November 21, 2006 ("Administrative Expense Claims"). Each creditor whose claim has been discharged is now barred, pursuant to Section 524(a) of the Code, from instituting or continuing any action or employing any process against the Debtors to collect or recover such debts. Any action taken or order entered with respect to any discharged debt without Bankruptcy Court authorization is void as a matter of law.

  Pursuant to the Confirmation Order, an Administrative Claims Bar Date Notice was sent to all parties in interest, including your client, advising them that administrative expense claims must be filed with the Bankruptcy Court on or before January 5, 2007 and that the failure to do so would result in their claim being time-barred and relinquished. The Administrative Expense Claim Bar Date Notice was also published in national and regional newspapers.

  No timely application for an administrative expense claim was filed by or on behalf of Ms. Herrera with the Bankruptcy Court. As a result, the claim she is now asserting in the referenced state court action is time-barred and relinquished as set forth in the Confirmation Order.

  Accordingly, your continued prosecution of the state court action against the Debtor is in violation of Section 524 of the Code and the Bankruptcy Court's Confirmation Order. We therefore demand that you dismiss the referenced state court action on or before February 13, 2007, and that a copy of such dismissal be served upon me. If we do not receive a dismissal notice by February 13, we will file a complaint against you and your client in the Bankruptcy Court for sanctions and take such other actions as are appropriate.

  Please call me if you have any questions regarding this matter.

Very truly yours,

David L. Gay

By facsimile and mail
(305) 670-1834
c: John R. Buchholz, Esq.
DLG/mam/00557124

LAW OFFICES OF
# DAVID F. BARON, P.A.

ONE DATRAN CENTER
PENTHOUSE 1, SUITE 1704
9100 SOUTH DADELAND BOULEVARD
MIAMI, FLORIDA 33156-7818

DADE (305) 670 - 1833
BROWARD (954) 730 - 0022
FAX (305) 670 - 1834
E-MAIL: Magic59A@aol.com

DAVID F. BARON
Board-Certified Civil Trial Lawyer

MONICA GALINDO STINSON
Of Counsel

February 8, 2007

**VIA FACSIMILE (305) 774-6632**

John R. Buchholz, Esquire
15600 NW 67th Avenue, Suite 204
Miami Lakes, Florida 33014

RE:    Herrera v. Winn Dixie Stores, Inc.

Dear Mr. Buchholz:

In response to your letter of January 30, 2007, I have reviewed my file and found that we received no notice regarding the need to file a motion with the Bankruptcy Court in regards to this case. Is it your claim that you sent me in this matter or that the attorney for Winn Dixie in the bankruptcy proceeding sent me notice?

I have engaged bankruptcy counsel and we will file documents in the bankruptcy proceeding regarding the fact that we did not receive notice.

I look forward to your response.

Very truly yours,

David F. Baron

DFB/vpc
cc: Joel Tabas, Esquire

EXHIBIT "F"