UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**AGREED ORDER RESOLVING CURE OBJECTION FILED BY
EQUITY ONE, INC. AND CERTAIN OF ITS AFFILIATES (STORE NOS.
51, 54, 361, 371, 627, 717, 1353, 2383 and 2601 [FORMER STORE NO. 64])**

This cause came before the Court on the Limited Objection to Cure Amounts Proposed in Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts and (III) Grant Related Relief filed by Equity One, Inc., Equity One Alpha Corp., Equity One Monument, Inc., Equity One Commonwealth, Inc., Equity One Delta, Inc., Equity One Lantana, Inc., Equity One West Lake, Inc., Salerno Village Shopping Center, LLC, Equity One Point Royale, Inc., UIRT – Skipper Palms, LLC, Equity One Summerlin, Inc., Equity One Louisiana Portfolio, LLC, and IRT Partners, LP (collectively "Equity One") (Docket No. 9694) with respect to Store Nos. 51, 54, 249, 271, 361, 364, 365, 371, 572, 627, 717, 1353, 2383 and 2601 (former Store No. 64) (the "Cure Objection"). Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objection is overruled as to Store Nos. 51, 54, 361, 371, 627,


717, 1353, 2383 and 2601(former Store No. 64).[A]

2. All Proofs of Claim listed in Exhibit A of this Order were filed by Equity One and are allowed as administrative claims in the amounts set forth in Exhibit A. The payments Debtors have made to date on these amounts are also set forth in Exhibit A.

3. Proof of Claim number 10937 filed by Equity One is allowed as an administrative claim in the amount of $20,056.19, $19,966.63 of which the Debtors have paid. Within fourteen (14) days of entry of this Agreed Order, Winn-Dixie will pay $89.56 in full satisfaction of any right to cure pertaining to Store No. 54 that Equity One has or may have under 11 U.S.C. § 365 or otherwise.

4. Proof of Claim number 11258 filed by Equity One is allowed as an administrative claim in the amount of $10,520.46, $8,686.19 of which the Debtors have paid. Within fourteen (14) days of entry of this Agreed Order, Winn-Dixie will pay $1,834.27 in full satisfaction of any right to cure pertaining to Store No. 371 that Equity One has or may have under 11 U.S.C. § 365 or otherwise.

5. Proof of Claim number 10931 filed by Equity One is allowed as an administrative claim in the amount of $23,389.03, $23,037.36 of which

---

[A] This Order only resolves the Cure Objection as to Store Nos. 51, 54, 361, 371, 627, 717, 1353, 2383 and 2601 (former Store No. 64) and proof of claim numbers 10933, 10937, 10929, 11256, 11258, 10939, 10938, 10936 and 10931. This Order does not resolve the Cure Objection as to the other Equity One stores referenced therein or other proofs of claim, filed by Equity One, Inc., and any such proofs of claim are excepted from this Order.

the Debtors have paid. Within fourteen (14) days of entry of this Agreed Order, Winn-Dixie will pay $351.67 in full satisfaction of any right to cure pertaining to Store No. 2383 that Equity One has or may have under 11 U.S.C. § 365 or otherwise.

6. This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store Nos. 51, 54, 361, 371, 627, 717, 1353, 2383 and 2601 (former Store No. 64) filed by Equity One in these Chapter 11 cases and (ii) all other pre-petition or pre-effective date claims pertaining to Store Nos. 51, 54, 361, 371, 627, 717, 1353, 2383 and 2601 (former Store No. 64) Equity One has or may have against the Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

7. Post-effective date liabilities and obligations will be handled by the parties in accordance with the applicable lease terms and ordinary course practices.

8. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this 12 day of March, 2007, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00556861

## **EXHIBIT A**

| Store No. | Landlord Name | Administrative Claim Number | Administrative Claim Amount | Cure Paid to Date | Remaining Cure to be Paid |
|---|---|---|---|---|---|
| 51 | Equity One (Alpha), Corp. | 10933 | $22,012.66 | $22,012.66 | PAID IN FULL |
| 54 | Equity One (Monument), Inc. | 10937 | $20,056.19 | $19,966.63 | $89.56 |
| 2601 (former 64) | Equity One (Commonwealth), Inc. | 10929 | $30,154.32 | $30,154.32 | PAID IN FULL |
| 361 | Equity One (West Lake), Inc. | 11256 | $11,771.99 | $11,771.99 | PAID IN FULL |
| 371 | Equity One (Point Royale), Inc. | 11258 | $10,520.46 | $8,686.19 | $1,834.27 |
| 627 | UIRT – Skipper Palms, LLC | 10939 | $60,559.18 | $60,559.18 | PAID IN FULL |
| 717 | Equity One (Summerlin), Inc. | 10938 | $24,208.91 | $24,208.91 | PAID IN FULL |
| 1353 | Equity One (Louisiana Portfolio), LLC | 10936 | $55,460.11 | $55,460.11 | PAID IN FULL |
| 2383 | IRT Partners, LP | 10931 | $23,389.03 | $23,037.36 | $351.67 |

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| **GREENBERG TAURIG, P.A.** | **SMITH HULSEY & BUSEY** |
| By _s/ Mark D. Bloom*_<br>Mark D. Bloom, F.B.N. 303836 | By _s/ Cynthia C. Jackson_<br>Cynthia C. Jackson, F.B.N. 498882 |
| 1221 Brickell Avenue<br>Miami, Florida 33131<br>(305) 579-0500<br>(305) 579-0717 (facsimile)<br>bloomm@gtlaw.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Counsel for Equity One, Inc. and affiliates | Co-Counsel for Reorganized Debtors |

*Counsel has authorized their electronic signature.

00556861