**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARK GRANITO,                                    CASE NO.:
    Plaintiff,                                  Chapter 11
                                                 Jointly Administered
v.

WINN DIXIE STORES, INC.,
    Defendant.
_____/

**MOTION TO ALLOW LATE FILED APPLICATION OF FOR**
**PAYMENT OF ADMINISTRATIVE EXPENSE OF MARK GRANITO**

Mark Granito ("Claimant") moves the Court for an Order authorizing his late filed Application for Allowance of Administrative Expense Claim for Personal Injury (the "Application"), and as grounds therefore says:

1. On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3. Since that time, the Debtor has operated property and managed its business in Debtor-in-Possession.

4. On March 13, 2003, Claimant suffered personal injury and damages when he fell in a store operated by the Debtor located on South Woodland Boulevard in Deland, Florida. Damages

1

sustained from a tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown,* 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968).

5. On April 16, 2003, Claimant's attorney sent the Debtor a Letter of Representation regarding his claim; a copy of that letter is attached hereto as Exhibit A.

6. On April 25, 2003, Debtor's insurance adjusters, Sedgwick Claims Management Services, Inc. ("Sedgwick"), responded to Claimants' counsel, requesting status of claimants treatment, medical progress and copies of the records and bills. A copy of the Sedgwick letter is attached as Exhibit B.

7. On May 28, 2004, Sedgwick again corresponded with Claimant's counsel requesting additional information. A copy of the May Sedgwick letter is attached as Exhibit C.

8. Claimant never received any information from the Debtor or Sedgwick regarding Debtor's bankruptcy in this matter or any filing deadlines that pertained to this claim.

9. The Debtor was aware of the subject claim and will not be prejudiced by the tardy filing because the Debtor has had actual knowledge of the Claimant's claim for several years as a result of ongoing communications with the Debtor's and Claimant's counsel.

10. Further, Claimant was prejudiced by the lack of disclosure of the bankruptcy by the Debtor or by Sedgwick *pertaining to this claim*.

2

11. In Chapter 11 cases, the doctrine of "excusable neglect", pursuant to Bankruptcy Rule 9006(b)(1), permits a Court to allow late filed claims resulting from inadvertence, mistake or carelessness. *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S.380(1993).

12. "Excusable Neglect" is an equitable concept requiring consideration of the danger of prejudice to the Debtor, the length of the delay and its impact on the judicial proceedings, the reason for the delay and movant's good faith. *In re Harrell,* 325 B.R. 643(Bankr.M.D.Fla.2005).

13. The Debtor had actual knowledge of the claim and of Claimant's intent to pursue collection of said claim.

14. More importantly, the Claimant, a known creditor of the Debtor, was entitled to **actual notice** of the claims bar date before his claim could be extinguished. *City of New York v. New York, N.H. & H.R. Co.,* 344 U.S. 293, 73 S.Ct.299,97 L.Ed 333(1953); *In re Premier Membership Services, LLC* 276 B.R. 709,713 (Bkrtcy.D.S.Fla.,2002).

15. Courts consistently have ruled that when there is no notice of the claims bar date or of the confirmation hearing, a late claim is not barred. *In re Premier Membership Services, LLC.,* 276 B.R. 709, 713 (Bkrtcy.S.D.Fla.,2002); *In re Tannen Towers Acquisition Corp.,* 235 B.R.. 748,753 (D.N.J.1999),

16. The Debtor was not discharged from the debt of the Claimant, who was known to the Debtor, and who failed to receive

3

notice of the administrative claims bar date. That is true even if the Claimant had actual knowledge (which he did not) of the existence of the bankruptcy. *In re Spring Valley Farms, Inc.*, 863 F.2d 832,835 (11th Cir.1989).

17. Although the Bankruptcy Court cannot liquidate Claimant's personal injury claim, it does have the right to permit late filed administrative expense claims and to determine whether a particular debt has been discharged.

18. The Claimant moves for entry of an order determining his claim has not been discharged.

19. The Claimant is filing an Application for Payment of Landlord Class 13 Claim simultaneously with this Motion.

20. Pursuant to 11 U.S.C.§ 503(a), Claimant respectfully requests this Court to allow his late-filed Application for payment of administrative expense, for cause, and allow the claim to be liquidated promptly in the state court.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the forgoing was served on James Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202 and Matthew Barr, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, New York 10005, this 7th day of March, 2007.

By___s/s Mark A. Zimmerman_____
Mark A. Zimmerman
Florida Bar No.: 203491
JAMES & ZIMMERMAN
Attorneys at Law
Post Office Box 208
DeLand, Florida 32721-0208
386-734-1200
Attorneys for Claimant

4

                    UNITED STATES BANKRUPTCY COURT
                      MIDDLE DISTRICT OF FLORIDA
                         JACKSONVILLE DIVISION

IN RE:                                  )    CASE NO. 05-03817-EFI
                                        )
Winn-Dixie Stores, Inc., <u>et. al</u>.       )    Chapter 11
                                        )
Reorganized Debtors.                    )    Jointly Administered
_____ )

## APPLICATION FOR PAYMENT OF A CLASS 13 LANDLORD CLAIM

In accordance with the Motion to Allow Late Filed Application for Payment of Administrative Expense of Mark Granito dated March 7, 2007, the Claimant, **MARK GRANITO**, is requesting payment of a Class 13 Landlord Claim for personal injuries arising against the Debtors for a slip and fall incident that occurred on March 13, 2003 in store number 2341A operated by the Debtor located at 2801 South Woodland Boulevard, in Deland, Volusia County, Florida. This incident resulted in injuries and damages relating to the Claimant's low back, tail and disc abnormalities. A written demand with attached documentation was furnished to the Debtor's claims department documenting the extent of injury and damage.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by overnight mail to the Clerk of the Court, United States Courthouse, 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202; via facsimile transmittal (904-359-7708) and U.S. Mail to James Post, Smith Hulsey & Busy,

225 Water Street, Suite 1800, Jacksonville, Florida 32202, and via facsimile transmittal (212-822-5194) and U.S. Mail to Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, Chase Manhattan Plaza, New York, New York 10005, this <u>7th</u> day of <u>March</u>, 2007.

            _s/s Mark Granito_____
            MARK GRANITO, Claimant

            _s/s Mark A. Zimmerman___
            Mark A. Zimmerman, Esquire
            JAMES & ZIMMERMAN, P.L.
            Florida Bar No. 203491
            Post Office Box 208
            DeLand, FL  32721-0208
            (386) 734-1200
            ATTORNEY FOR CLAIMANT



**Sedgwick**

Sedgwick Claims Management Services, Inc.
P. O. Box 24787, Jacksonville, FL 32241-4787
Telephone 904-419-5300  Facsimile 904-419-5365

"ATTORNEY-CLIENT PRIVILEGED COMMUNICATION"
"CONFIDENTIAL INFORMATION-UNAUTHORIZED USE OR DISCLOSURE PROHIBITED"

May 28, 2004

Craig T. James
James & Zimmerman, LLP
431 E. New York Ave. P.O. Box 208
Deland, FL  32721-0208

RE:        Claimant: Mark Granito
           Claim #:  A311202892-0001-01
           Date of Accident: 03/13/2003
           Division:  Jacksonville
           Location: Winn-Dixie store #2341A
                     2701 S. Woodland Blvd   Deland, FL

Dear Craig T. James:

I am the adjuster assigned to this file.

Please provide a status as to Mark Granito's treatment and medical progress along with your theory of liability. Additionally, I request that you forward the medical records and bills that you have to date in order for me to begin evaluating this claim. Please forward along with those reports and bills, copies of your client's medical records for the five-(5) years preceding this incident.

The above information will be greatly appreciated and will also facilitate the settling of this claim.

My direct line is 904-419-6718.

Sincerely,

Gail Anderson
Examiner II

7

# James & Zimmerman, LLP
## ATTORNEYS AT LAW

Craig T. James
Mark A. Zimmerman
Lawrence A. Welch
Stephan H. Tarr

431 EAST NEW YORK AVENUE
POST OFFICE BOX 208
DELAND, FLORIDA 32721-0208
FACSIMILE: 386 734-1295
PHONE: 386 734-1200

517 Deltona Boulevard
Suite D
Deltona, FL 32725-8017
Facsimile: 386 574-0770
Phone: 386 574-0660

April 16, 2003

Reply to: DeLand

Priscilla Bines
Sedgwick Claims Management Services, Inc.
P.O. Box 24787
Jacksonville, FL 32241-4787

Re: Our Client:        Mark Granito
    Your Insured:      Winn-Dixie Supermarket
    Your File Number:  A311202892
    Date of Incident:  March 13, 2003

Dear Ms. Bines:

This is to advise that this firm represents Mark Granito in regard to an accident which occurred on March 13, 2003, at the Winn-Dixie Supermarket in Deland, Florida.

Pursuant to Section 627.4137, Florida Statutes, please provide me with the following information with regard to each known policy of insurance, including excess or umbrella insurance, which does or may provide liability insurance coverage for this claim:

a. Name of the insurer(s).

b. Name of each insured.

c. Limits of liability coverage.

d. A statement of any policy or coverage defense which you reasonably believe is available under any of the policies which may provide liability insurance coverage for this claim.

e. A copy of any and all policies which provide or may provide liability insurance coverage for this claim.

Priscilla Bines
April 16, 2003
Page 2

    Please be advised that the statement providing the requested information must be made under oath by a corporate officer and must be provided within thirty (30) days of this request. In addition, a statement by the corporate officer must be amended immediately upon discovery of any facts calling for an amendment to said statement.

    If you have any questions, please do not hesitate to contact me.

Sincerely,

Craig T. James

CTJ:ml



**Sedgwick**
Sedgwick Claims Management Services, Inc.
P.O. Box 24787, Jacksonville, FL 32241-4787
Telephone 904 419-5300   Facsimile 904 419-5365/5359

April 25, 2003

Craig T. James
431 E. New York Ave.
Deland, FL 3271-0208

RE:   Claimant:   Mark Granito
      DOL:        03/13/2003
      Location:   Winn Dixie #2341A
                  2701 S. Woodland Blvd
                  Deland, FL
      Division:   Winn-Dixie Jacksonville Division No. 1
      Claim #:    A311202892

Dear Mr. James:

I acknowledge your letter pertaining to your representation of Mark Granito.

Sedgwick Claims Management Services, Inc., is the third-party administrator of claims for Winn-Dixie Stores. Winn-Dixie Stores are self-insured for Premises Liability with a $2,000,000.00 retention. There is no medical payments coverage.

I am the adjuster assigned to this file. Please provide a status as to Mark Granito's treatment and medical progress. Additionally, I request that you forward the medical records and bills that you have to date in order for me to begin evaluating this claim.

The above information will be greatly appreciated and will also facilitate the settling of this claim.

My direct line is (904) 419-5367.

Sincerely,

Priscilla Bines
General Liability Claims Examiner II