**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

WINN-DIXIE, INC. et al,                    CASE NO. 05-bk-03817-JAF

      Debtors                              Chapter 11

**MOTION (I) FOR RELIEF FROM BAR DATE FOR FILING CLAIMS ARISING BEFORE
EFFECTIVE DATE OF OTHER ADMINISTRATIVE CLAIMS, FROM SECTION 524 AND
FROM ORDER CONFIRMING PLAN OF REORGANIZATION AND (II) TO ALLOW LATE
FILE APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM OF JACQUELINE
FREEMAN**

Pursuant to Federal Rule of Bankruptcy Procedure 9024, Jacqueline Freeman (Claimant) moves the Court for an order granting her relief from the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Affective Date and Other Administrative Claims ("Bar Notice"), for relief from Bankruptcy Code Section 524, for relief from the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors ("Confirmation Order") and, pursuant to Sections 503(a) and Rule 9006(b), authorizing the Claimant to file the Application for Allowance of Administrative Expense Claim for Post-Petition Injury attached hereto as Exhibit A (the "Application" and state as follows:

1.)    On February 21, 2005, Winn-Dixie Stores, Inc. together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy code in the United States Bankruptcy Court for the Southern District of New York;

2.)    By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida;

3.)    Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4.)    On July 24, 2005, the Claimant suffered personal injury and damages when Jacqueline Freeman was injury at the premises of Debtor. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471 (1968).

5.)     On February 21, 2006, the Claimant initiated an action against the Debtor in the 13th Judicial District of Louisiana, Evangeline Parish, which action is captioned as Jacqueline Freeman versus Winn-Dixie Louisiana, Inc., Docket No. 67,699; "B" . The Claimant is represented by counsel James H. Peltier, Jr. A copy of the docket is attached. (Exhibit "A") As such, the Debtors had notice and actual knowledge of the accident and the injuries suffered by the Claimant. Winn-Dixie is represented by Louisiana counsel, David J. Calogero

6.)     The Action proceeded in the ordinary course with pleadings and the discovery process. The claim is scheduled for a jury trial on May 27 & 28, 2007.(See Court Order, Exhibit "B". During the pendency of the state and court action, neither Claimant, Jacqueline Freeman, nor her Counsel were advised that the Winn-Dixie bankruptcy proceedings had any effect on the state court action. In fact, counsel for Winn-Dixie, David Calogero advised counsel for claimant, at one point and time, that the claim would not be involved in the bankruptcy action. A motion for Stay was never filed by Winn-Dixie in the state record pursuant to the Claimant's Action.

7.)     On October 26, 2006, a setting conference was held to establish a trial date. Counsel for Winn-Dixie attended said setting conference allowing the trial date to be set without advising the court or the Claimant that this Claim was part of the bankruptcy and pushing the case forward as opposed to staying the proceedings under guidelines of the Federal Bankruptcy Court. (Attached Exhibit C-Notice of Conference)

8.)     Counsel for Winn-Dixie urged counsel for claimant to finalize the monetary value of the damages and perfect the demand for settlement negotiations prior to a trial of this claim. Additionally, conversations of scheduling a mediation of this claim prior to trial were discussed by telephone and furthermore confirmed through correspondence. Counsel for Winn-Dixie, David Calogero and counsel for Claimant, James H. Peltier, Jr., exchanged monetary amounts regarding the total damages suffered by the Claimant. (Please see attached Exhibits "D" 1-Correspondence from Winn-Dixie counsel, David Calogero, dated July 18, 2006; D2- Correspondence from Winn-Dixie counsel, David Calogero dated September

20, 2006; D3- Correspondence from Winn-Dixie counsel, David Calogero, dated October 12, 2006; D4- Correspondence from Winn-Dixie Counsel, David Calogero dated November 15, 2006; D5- Correspondence/demand of Claimant forwarded by James H. Peltier, Jr. , dated December 20, 2006 w/attached medical summary of Claimant; D6- Correspondence from, Winn-Dixie counsel, David Calogero pursuant to medical billing, dated January 2, 2007; and D-7- Correspondence from Winn-Dixie Counsel, David Calogero pursuant to medicals dated January 18, 2007. (As of January 18, 2007, counsel for Winn-Dixie, David Calogero, continued to represent that Winn-Dixie was awaiting the final medical billing statements to substantiate the exiting total so that his client could evaluate.)

9.)     Claimant faxed her counsel a copy of the notice she received which was related to Winn-Dixie's bankruptcy. Claimant's counsel from all correspondence understood that the Defendant Winn-Dixie and the Claimant would be further negotiating the settlement of her claim prior to  the Court Ordered trial date of May 27 & 28, 2007 were going to occur.

10.)    Pursuant to the Order confirming the Debtor's Chapter 11 Plan, the Bankruptcy Court set January 5, 2007, as the Bar Date for certain post petition claimants, including post-petition injury claimants, to file Applications for Administrative Expense with the Court.

11.)    Paralegal to James H. Peltier, Jr., mailed a registration form to the United States Bankruptcy Court, Middle District of Florida. (See attached correspondence and form- Exhibit "E". This request was made in effort to access any information regarding the financial status of Winn-Dixie. Counsel for Claimant awaited correspondence from the court containing an identification number and access number for the bankruptcy system.

12.)    On January 18, 2007, Counsel for Winn-Dixie notified counsel of the exact medical billing records he had and was requesting additional records to substantiate the total reflected in the medical summary provided to him by the Claimant in her demand.

13.)    Counsel for claimant received correspondence dated February 6, 2007, from Winn-Dixie counsel, David L. Gay of Smith, Husey & Busey the second week of February, 2007, requesting that counsel for Claimant dismiss her claim from the state court due to the fact that Claimant did not file an administrative expense claim on the behalf of Ms. Freeman.

14.)    That same week, counsel for Claimant received a Notice of Discharge of Debt and Prosecution of Action in Violation of 11 U.S.C. 524, from local state counsel for Winn-Dixie, David Cologero, dated February 7, 2007.

15.)    Claimant has been prejudiced by the failure to receive proper notice of the bar date and by the lack of disclosure of the bar date in the state Action or to the state Court by Defendant Debtor, Winn-Dixie. Counsel for Winn-Dixie disregarded communicating this to the state court or to counsel for the Claimant.

16.)    The Debtor will not be prejudiced by the late filing of the Application because the Debtor had specific and detailed knowledge of the Claimants' claims since at February 2006. Debtor has actively litigated the state court Action in every sense of the word, never mentioning that the claim was under the mandate of Federal Bankruptcy law.

17.)    Winn-Dixie failed to notify the state court as well as the Claimant and/or Claimant's attorney that this claim was in confines of the bankruptcy proceedings. This neglect warrants relief from the Confirmation Order, the Bar Notice and Section 524. Counsel for Claim relied on representations of counsel for Winn-Dixie. Negotiations and settlement discussions before an impending Trial date are part of the legal process. Counsel for Winn-Dixie never advised Counsel for the Claimant that this claim was included in the bankruptcy proceedings.

18.)    Section 503(a) allows a claimant to tardily file an administrative claim for cause. The deadline provided in Section 503(a) is not jurisdictional the term "cause" provides the bankruptcy court with wide discretion to allow belated administrative claim filings in the interest of justice. *In re Heartland Steel, Inc.* 2003 WL23100035 (Bank).S.D. Ind. Dec. 16, 2003).

19.)     Rule 9006(b)(1) permits a court to allow late filed claims resulting from excusable neglect resulting from inadvertence, mistake or carelessness. Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380 (1993).

20.)     The failure of state counsel for Winn-Dixie to advise the court as well as the Claimant and/or Claimant's Counsel that the state Action was indeed a part of the bankruptcy proceedings constitutes excusable neglect warranting allowance of the late filing of the Application. The failure of Claimant's counsel to have proper notice to respond and timely file the Application is excusable neglect warranting allowance of the late filing. Claimant should not be prejudiced as a result.

21.)     The Debtor will not be prejudiced by the allowance of the lat filed claim as the Debtor was aware of the Claimant's claim and any damages that are awarded pursuant to the Action will be paid in cash in accordance with the Joint Plan of Reorganization. Similarly, the delay between the bar date and Claimant's filing of this Motion and the Application has not impact on the Debtor.

22.)     Although this Court cannot liquidate Claimant's personal injury claims, the Court has the authority to permit late file administrative expense claims and to determine whether a particular debt has been discharged. The Claimants claim constitutes a post-petition injury tort claim. As such, the Claimant's claim could not be adjudicated in the Bankruptcy Count in any event (however, the personal injury claim could be resolved through a Court approved claims resolution process.)

23.)     The state court Action is still set forth for May 27 & 28, 2007.

24.)     Failure to allow Claimant to late file the Application will effectively dismiss the plaintiff's claim and bar her from any relief as there are no other defendants in the state court Action. To barr the Claimant from relief would be an injustice.

Wherefore, pursuant to Rule 9024, the Claimant requests an order granting her relief from the Bar Notice, Section 524, and the Confirmation Order and, pursuant to Section 503(a) and Rule 9006(b) authorizing the Claimant to file the Application and allow the claim to be liquidated in the Action.

## CERTIFICATE OF SERVICE

I certify that I have on this _____ day of _____, 2007, served a copy of the David Gay, Smith, Hulsey & Busey, 225 Water Street, Ste. 1800, Jacksonville, FL 32202, David Calogero, 810 South Buchanan Street, P.O. Drawer 2908, Lafayette, Louisiana 70502-2908; and Matthew Barr, Milibank, Tweed, Hadley and McCly, L.L.P. 1 Chase Manhattan Plaza, New York, 10005 and John R. Buchholz, Kelley Kroneberg, 15600 N.W. 67th Avenue, Suite 204, Miami Lakes, Florida 33014, this 13th day of March, 2007.


_____
JAMES H. PELTIER, JR., #23893

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

WINN-DIXIE, INC. et al,                          CASE NO. 05-bk-03817-JAF

    Debtors                                  Chapter 11

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM FOR POST-PETITION PERSONAL INJURIES BY JAQUELINE FREEMAN

Pursuant to 11 U.S.C. 503, Jacqueline Freeman ("Claimant") hereby request that the Court enter an Order approving this application for allowance of an administrative expense claim, and as grounds therefore says:

1.  On February 21, 2005, Winn- Dixie Stores, Inc. together with its affiliates (collectively, the "Debtor"), voluntarily filed petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2.  By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3.  Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4.  On July 24, 2005, the Claimant suffered personal injuries and damages when Claimant Jacqueline Freeman was injured at the premises of the Debtor. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. Reading Co. v. Brown, 391 U.S. 471 (1968).

5.  On February 21, 2006, the Claimant initiated an action against the Debtor in the 13th Judicial District Court of Louisiana, Parish of Evangeline, said Action is

captioned, Jacqueline Freeman versus Winn-Dixie Louisiana, Inc., Docket No. 67,699; "B".

6.     The Action proceeded in the ordinary course with a trial date fixed for May 27th & 28th, 2007. Counsel for Winn-Dixie did not file a pleading or suggest to the court nor Claimant that prosecution of this Action would not commence.

7.     On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007, for administrative expense applications. Winn-Dixie did not advise the Action Court nor the Claimant that this Order would effect the Claimant's proceeding.

8.     Neither the Court, the Claimant, nor her counsel in the state court Action, were advised that the bankruptcy proceeding would effect the ongoing Action. Furthermore, settlement and/or the upcoming trial of this claim were represented to counsel by agents for Winn-Dixie as proceeding normally to be resolved by settlement or the trial of this matter scheduled for May 27th & May 28, 2007.

Wherefore, Claimant request that the Court enter an Order approving this application for allowance of an administrative expense claim.


## CERTIFICATE OF SERVICE

I certify that I have on this _____ day of _____, 2007, served a copy of the David Gay, Smith, Hulsey & Busey, 225 Water Street, Ste. 1800, Jacksonville, FL 32202, David Calogero, 810 South Buchanan Street, P.O. Drawer 2908, Lafayette, Louisiana 70502-2908; and Matthew Barr, Milibank, Tweed, Hadley and McCly, L.L.P. 1 Chase Manhattan Plaza, New York, 10005 and John R. Buchholz, Kelley Kroneberg, 15600 N.W. 67th Avenue, Suite 204, Miami Lakes, Florida 33014, this 13th day of March, 2007.


_____
JAMES H. PELTIER, JR., #23893

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et.al.                          Case No. 05-03817-3F1
                                                         Chapter 11
     Reorganized Debtors.                         Jointly Administered
_____/

**MOTION (I) FOR RELIEF FROM BAR DATE FOR FILING CLAIMS ARISING
BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS, FROM
SECTION 524 AND FROM ORDER CONFIRMING PLAN OF REORGANIZATION
AND (II) TO ALLOW LATE FILED APPLICATION FOR
ADMINISTRATIVE EXPENSE CLAIM OF YNES HERRERA AND JUAN QUINTANA**
(Post-petition Personal Injury Claim)

Pursuant to Federal Rule of Bankruptcy Procedure 9024, Miriam Gonzalez and Juan

Quintana ("Claimants") move the Court for an order granting them relief from the Notice of

(A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of

Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other

Administrative Claims ("Bar Notice"), for relief from Bankruptcy Code Section 524, for relief

from the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and

Affiliated Debtors ("Confirmation Order") and, pursuant to Sections 503(a) and Rule

9006(b), authorizing the Claimants to file the Application for Allowance of Administrative

Expense Claim for Post-Petition Personal Injury attached hereto as Exhibit A (the

"Application"), and state as follows:

    1.    On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates

(collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy

Code in the United States Bankruptcy Court for the Southern District of New York.

    2.    By Order dated April 13, 2005, venue was transferred to the United States

Bankruptcy Court for the Middle District of Florida.

Case No. 05-03817-3F1

3.     Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4.     On April 8, 2006, the Claimants suffered personal injury and damages when Claimant Herrera was injured at the premises of the Debtor. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471(1968).

5.     On September 14, 2006, the Claimants initiated an action against the Debtor in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County styled *Ynes Herrera and Juan Quintana versus Winn Dixie Stores, Inc.*, Case No. 06-18682-CA-23 (the "Action"). A copy of the Amended Complaint is attached as Exhibit B.

6.     The Action proceeded in the ordinary course - the pleadings have closed and discovery has been initiated. A copy of the state court docket in respect of the Action is attached as Exhibit C (the "Docket"). As evidenced by the Docket, there have been no filings in the Action suggesting a bar or discharge in effect which would preclude the prosecution of the Action.

7.     On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

8.     On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

9.     Neither the Claimants nor their counsel in the Action, David F. Baron ("Baron"), received notice of the Confirmation Order or the Bar Notice or any other notice

2

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1538 • (305) 375-8171

Case No. 05-03817-3F1

of a bar date for administrative claims. A copy of the Affidavits of the Claimant and Baron are attached as Composite Exhibit D.

10.    On February 6, 2007, David L. Gay ("Gay"), counsel to the Debtor, sent a letter to Baron, a copy of which is attached as Exhibit E (the "Gay Letter"). The Gay Letter stated that the prosecution of the Action was in violation of the Bar Notice and Section 524 and requested dismissal of the Action.

11.    Baron immediately responded to Gay by letter dated February 8, 2007, a copy of which is attached as Exhibit F, in which Baron advised that neither he nor the Claimants received any notice of a bar to the filing of administrative claims.

12.    Claimants have been prejudiced by the failure to receive notice of the bar date and by the lack of disclosure of the bar date in the Action or by state court counsel to the Debtor.

13.    The Debtor will not be prejudiced by the late filing of the Application because the Debtor has had actual knowledge of Claimants' claims since at least September 14, 2006 and the Debtor has actively litigated the Action.

14.    Furthermore, the Debtor is estopped from asserting the Claimants' claims are barred as a result of the failure of state court counsel to Winn Dixie to advise Claimants of the bar date.

15.    Rule 9024 incorporates Federal Rule of Civil Procedure 60(b)(6), which provides that "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment."

3

Case No. 05-03817-3F1

16.     The failure to receive notice warrants relief in favor of the Claimants from the Confirmation Order, the Bar Notice and Section 524.

17.     Section 503(a) allows a claimant to tardily file an administrative claim for cause. The deadline provided in Section 503(a) is not jurisdictional and the term "cause" provides the bankruptcy court with wide discretion to allow belated administrative claim filings in the interests of justice. *In re Heartland Steel, Inc.,* 2003 WL 23100035 (Bankr. S.D. Ind. Dec. 16, 2003).

18.     The failure to receive notice are cause to authorize Claimants to tardily file their Application.

19.     Rule 9006(b)(1) permits a court to allow late filed claims resulting from excusable neglect resulting from inadvertence, mistake or carelessness. *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380 (1993).

20.     "Excusable neglect" is an equitable concept requiring consideration of the danger of prejudice to the Debtor, the length of the delay and its impact on the judicial proceedings, the reason for the delay and movant's good faith. *Pioneer.*

21.     The failure to receive notice constitutes excusable neglect warranting allowance of the late filing of the Application.

22.     The Debtor will not be prejudiced by the allowance of the late filed claim as the Debtor was aware of the Claimants' claims and any damages that are awarded pursuant to the Action will be paid in cash in accordance with the Joint Plan of Reorganization. Similarly, the delay between the bar date and Claimants' filing of this Motion and the Application has no impact on the Debtor.

4

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1538 • (305) 375-8171

Case No. 05-03817-3F1

23.    Furthermore, as known creditors of the Debtor, the Claimants were entitled to actual notice of the claims bar date before their claims could be extinguished. *In re Hillsborough Holdings Corp.*, 172 B.R. 108 (Bankr. M.D. Fla. 1994).

24.    Courts have consistently held that a late claim is not barred if there is no notice of the claims bar date. *In re Premier Membership Services, LLC*, 276 B.R. 709, 713 (Bankr. S.D. Fla. 2002).

25.    As established by the Affidavits attached as Exhibit D, neither the Claimants nor Baron received notice of the administrative claims bar date.

26.    Thus, even though the Claimants had actual knowledge of the existence of the bankruptcy case, the Debtor was not discharged from the debt of the Claimants, who were known to the Debtor, and who failed to receive notice of the administrative claims bar date. *In re Spring Valley Farms, Inc.*, 863 F. 2d 832, 835 (11th Cir.1989).

27.    Although this Court cannot liquidate Claimants' personal injury claims, the Court has the authority to permit late filed administrative expense claims and to determine whether a particular debt has been discharged.

Wherefore, pursuant to Rule 9024, the Claimants request an order granting them relief from the Bar Notice, Section 524, and the Confirmation Order and, pursuant to Section 503(a) and Rule 9006(b), authorizing the Claimants to file the Application and allow the claim to be liquidated in the Action.

5

Case No. 05-03817-3F1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served on **James Post, Esquire**, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202, **Matthew Barr, Esquire**, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 and **John R. Buchholz, Esquire**, Kelley Kronenberg, 15600 N.W. 67th Avenue, Suite 204, Miami Lakes, Florida 33014, this 12th day of March, 2007.

TABAS, FREEDMAN, SOLOFF &
MILLER, P.A.

By:  _/s/ Joel L. Tabas_
   Joel L. Tabas
   Florida Bar No. 516902
   jtabas@tfsmlaw.com
   Attorneys for Claimants
   919 Ingraham Building
   25 Southeast Second Avenue
   Miami, Florida 33131-1538
   Telephone: (305) 375-8171
   Telefax: (305) 381-7708

6

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:
Winn-Dixie Stores, Inc., et.al.                              Case No. 05-03817-3F1
                                                             Chapter 11
        Reorganized Debtors.                                 Jointly Administered
_____/

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM
## FOR POST-PETITION PERSONAL INJURIES BY
## YNES HERRERA AND JUAN QUINTANA

Pursuant to 11 U.S.C. § 503, Ynes Herrera and Juan Quintana ("Claimants") hereby

request that the Court enter an Order approving this application for allowance of an

administrative expense claim, and as grounds therefor says:

1.      On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates

(collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy

Code in the United States Bankruptcy Court for the Southern District of New York.

2.      By Order dated April 13, 2005, venue was transferred to the United States

Bankruptcy Court for the Middle District of Florida.

3.      Since that time, the Debtor operated property and managed its business as

Debtor-in-Possession.

4.      On April 8, 2006, the Claimants suffered personal injury and damages when

Claimant Herrera was injured at the premises of the Debtor. Damages sustained from a

post-petition tort committed by the Debtor have administrative expense priority. *Reading

Co. v. Brown*, 391 U.S. 471(1968).

5.      On October 13, 2006, the Claimants initiated an action against the Debtor in

the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County styled Ynes

EXHIBIT

"A"

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1536 • (305) 375-8171

Case No. 05-03 817-3F1

Herrera and Juan Quintana versus Winn Dixie Stores, Inc., Case No. 06-18682-CA-23 (the "Action"). A copy of the Amended Complaint is attached as Exhibit A.

      6.    The Action proceeded in the ordinary course - the pleadings have closed and discovery has been initiated. A copy of the state court docket in respect of the Action is attached as Exhibit B (the "Docket"). As evidenced by the Docket, there have been no filings in the Action suggesting a bar or discharge in effect which would preclude the prosecution of the Action.

      7.    On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

      8.    On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

      9.    Neither the Claimants nor their counsel in the Action, David F. Baron ("Baron") received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims. A copy of the Affidavits of the Claimant and Baron are attached as Composite Exhibit C.

      Wherefore, Claimants request that the Court enter an Order approving this application for allowance of an administrative expense claim.

<u>**CERTIFICATE OF SERVICE**</u>

      **I HEREBY CERTIFY** that a copy of the foregoing was served on **James Post, Esquire**, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202, **Matthew Barr, Esquire**, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan

2

Case No. 05-03 817-3F1

Plaza, New York, NY 10005 and **John R. Buchholz, Esquire,** Kelley Kronenberg, 15600

N.W. 67th Avenue, Suite 204, Miami Lakes, Florida 33014, this 12th day of March, 2007.

TABAS, FREEDMAN, SOLOFF &
MILLER, P.A.

By:  /s/ Joel L. Tabas
  Joel L. Tabas
  Florida Bar No. 516902
  jtabas@tfsmlaw.com
  Attorneys for Claimants
  919 Ingraham Building
  25 Southeast Second Avenue
  Miami, Florida  33131-1538
  Telephone: (305) 375-8171
  Telefax: (305) 381-7708

3

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1538 • (305) 375-8171

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO:   06-18682 CA 23

YNES HERRERA and
JUAN QUINTANA, her husband,

      Plaintiffs,

vs.

WINN DIXIE STORES, INC.,
A Florida Corporation,

      Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, YNES HERRERA and JUAN QUINTANA, her husband, sue the Defendant, WINN DIXIE STORES, INC., a Florida corporation, and allege:

    1.    This is an action for damages which exceeds $15,000.00, exclusive of interest and costs.

    2.    At all times material hereto, the Defendant, WINN DIXIE STORES, INC., is and was a Florida corporation doing business in Miami-Dade, Florida.

    3.    At all times material hereto, the Plaintiffs, YNES HERRERA and JUAN QUINTANA, her husband, have been residents of Miami-Dade County, Florida.



**EXHIBIT**

**"B"**

LAW OFFICES OF DAVID F. BARON, P.A.
ONE DATRAN CENTER • PENTHOUSE I • SUITE 1704 • 9100 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • DADE (305) 670-1833 • BROWARD (954) 986-9122

IN THE CIRCUIT COURT OF THE 11h
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO:    06-18682 CA 23

YNES HERRERA and
JUAN QUINTANA, her husband,

      Plaintiffs,

vs.

WINN DIXIE STORES, INC.,
A Florida Corporation,

      Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, YNES HERRERA and JUAN QUINTANA, her husband, sue the

Defendant, WINN DIXIE STORES, INC., a Florida corporation, and allege:

    1.    This is an action for damages which exceeds $15,000.00, exclusive of

interest and costs.

    2.    At all times material hereto, the Defendant, WINN DIXIE STORES, INC.,

is and was a Florida corporation doing business in Miami-Dade, Florida.

    3.    At all times material hereto, the Plaintiffs, YNES HERRERA and JUAN

QUINTANA, her husband, have been residents of Miami-Dade County, Florida.



**EXHIBIT**

**"B"**

LAW OFFICES OF DAVID F. BARON, P.A.
ONE DATRAN CENTER • PENTHOUSE I • SUITE 1704 • 9100 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • DADE (305) 670-1833 • BROWARD (954) 760-9123

## FACTS SUPPORTING SLIP AND FALL LIABILITY

The Plaintiffs reaver and reallege allegations 1 through 3 above as though fully set forth herein.

4.    On or about April 8, 2006, the Plaintiff, YNES HERRERA, was a business invitee at WINN DIXIE STORES, INC., store #231, located NW 57th Avenue and Miami Gardens Drive, Miami Dade County, Florida, when she slipped and fell on a slippery substance, foreign object, that was left in the shampoo aisle floor.

5.    Defendant, WINN DIXIE STORES, INC., a Florida corporation, had a duty to the public in general and to the Plaintiff in particular, to keep the store clean and safe for patrons.

6.    Defendant negligently maintained the floor on the property by allowing a slippery substance on the floor so that Plaintiff fell on the property, in breach of its duty to provide a safe and clean store.

7.    The negligent condition was known to the Defendant or had existed for a sufficient length of time so that Defendant should have known of it.

8.    As a result, Plaintiff, YNES HERRERA, sustained personal injury and mental anguish, lost enjoyment of life, has incurred medical expenses and lost earnings, aggravation of a previously existing condition, has scarring, disfigurement and morbidity, and these conditions are permanent or continuing in nature. The Plaintiff, YNES HERRERA, will incur future medical bills and expenses, and will have impaired future earnings.

2

WHEREFORE, the Plaintiff, YNES HERRERA, prays for judgment against the Defendant, WINN DIXIE STORES, INC., a Florida corporation, as to all issues and Plaintiff further requests a trial by jury of all issues so triable as of right by jury, and an award of court costs.

## COUNT II - LOSS OF CONSORTIUM OF JUAN QUINTANA

The Plaintiff, JUAN QUINTANA, sues the Defendant, WINN DIXIE STORES, INC., a Florida corporation, and alleges:

9.      At all times material hereto, Plaintiff, JUAN QUINTANA, was married to the Plaintiff, YNES HERRERA.

10.     As a result of his wife's injuries as afore-alleged, JUAN QUINTANA, has lost the care, comfort and society of his wife on an either permanent or continuing basis.

WHEREFORE, the Plaintiff, JUAN QUINTANA, prays for judgment against the Defendant, WINN DIXIE STORES, INC., a Florida corporation, as to all issues and Plaintiff further requests a trial by jury of all issues so triable as of right by jury, and an award of court costs.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed this 13th day of October, 2006, to John R. Buchholz, Esquire, 15600 NW 67th Avenue, Suite 204, Miami Lakes, Florida 33014.

DAVID F. BARON, P.A.
One Datran Center, Suite 1704
9100 South Dadeland Boulevard
Miami, Florida 33156

By: _____
DAVID F. BARON - 297089

3




Clerk of Courts
11th Judicial Circuit of Florida
Miami-Dade County

Home | Online Services | Meet the Clerk | Contact Us | miamidade.gov

## Civil / Family / Probate Justice System Docket Information

### HERRERA, YNES vs WINN DIXIE SUPERMARKETS INC
\* Click on BOOK/PAGE of a particular docket to see the image if it is available \*

| | |
|---|---|
| **Case Number (LOCAL):** | 2006-18682-CA-01 |
| **Case Number (STATE):** | 13-2006-CA-018682-0000-01 |

**Filing Date:** 9/14/2006

**Dockets Retrieved:** 27

**Judicial Section:** 23

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 02/01/07 | | SUBPOENA RETURNED | |
| 01/31/07 | | REQUEST: | FOR COPIES |
| 01/23/07 | | NOTICE OF PRODUCTION | |
| 01/18/07 | | REQUEST FOR PRODUCTION | |
| 01/17/07 | | MULTIPLE SUBPOENAS FILED | 2 |
| 01/16/07 | | NOTICE OF PRODUCTION | |
| 01/09/07 | | NOTICE OF PRODUCTION | |
| 01/09/07 | | REQUEST: | FOR COPIES |
| 12/28/06 | | NOTICE OF FILING: | ANSWS TO INTERRS |
| 12/28/06 | | REQUEST FOR PRODUCTION | |
| 12/28/06 | | RESPONSE TO REQUEST FOR PRODUCTION | |
| 12/27/06 | | NOTICE OF PRODUCTION | |
| 11/27/06 | | ANSWER AND AFFIRMATIVE DEFENSE | ATTORNEY:88888888 DN01 |
| 11/16/06 | | ORDER: | GRANTING MTN TO DISMISS COMPLAINT (20-DAYS TO AMEND) |
| 10/30/06 | | NOTICE OF INTERROGATORY | |
| 10/30/06 | | NOTICE OF UNAVAILABILITY/ABSENCE | |
| 10/30/06 | | REQUEST FOR PRODUCTION | |
| 10/19/06 | | NOTICE OF INTERROGATORY | |
| 10/19/06 | | REQUEST FOR PRODUCTION | |
| 10/16/06 | | AMENDED COMPLAINT | |
| 10/16/06 | | DEMAND FOR JURY TRIAL | |
| 10/12/06 | | SERVICE RETURNED | BADGE # 63 S 09/28/2006 DN01 |
| 10/11/06 | | MOTION TO DISMISS | WINN DIXIE STORES,INC. |
| 09/14/06 | | CIVIL COVER | |
| 09/14/06 | | COMPLAINT | |
| 09/14/06 | | DEMAND FOR JURY TRIAL | |

EXHIBIT

"C"

09/14/06                 SUMMONS ISSUED                      DN01

BEGIN NEW SEARCH                                        ALL PARTIES

## AFFIDAVIT OF YNES HERRERA

STATE OF FLORIDA       )
                     SS

COUNTY OF MIAMI-DADE   )

       BEFORE ME, the undersigned authority personally appeared Ynes Herrera who

resides at 319 NW 109th Avenue, Apartment 8, Miami, Florida 33172, who after being

duly sworn under oath deposes and states as follows:

       1.      My name is Ynes Herrera and I was involved in a slip and fall accident

which occurred at Winn Dixie Stores, store #231, located NW 57th Avenue and Miami

Gardens Drive, Miami Dade County, Florida, on April 8, 2006, wherein I sustained

personal injuries.

       2.      That I never received any notice from the Court or any lawyers advising

me that I was required to file a claim with the Bankruptcy Estate in order for my claim

against Winn Dixie Store to go forward.

     FURTHER AFFIANT SAYETH NAUGHT.

                                         _____
                                         Ynes Herrera, Affiant

     The foregoing instrument was acknowledged before me, an officer duly
authorized in the State and County aforesaid, to take acknowledgments, this _15_ day
of ___Febuary__ 2007, by Ynes Herrera, who personally appeared before me at the
time of notarization, and who is personally known to me or has produced
_personally_known_ as identification and who did/did not take an oath.

                          NOTARY PUBLIC:

     SIGN           _____

     PRINT         Juan . Cordoves
                   State of ___Florida___ at Large
                   (Seal)

My Commission Expires:

V. CORDOVES
Comm# DD0241278
Expires 12/8/2007
Florida Notary Assn., Inc

                                                    ┌─────────────────┐
                                                    EXHIBIT
                                                 COMPOSITE
                                                    "D"

## AFFIDAVIT OF DAVID F. BARON

STATE OF FLORIDA       )
                              SS
COUNTY OF MIAMI DADE    )

BEFORE ME, the undersigned authority personally appeared DAVID F. BARON, of the law firm of David F. Baron, P.A., located at 9100 S. Dadeland Blvd., Penthouse 1, Suite 1704, Miami, Florida 33156, who after being duly sworn under oath deposes and states as follows:

1.      My name is David F. Baron and I am the attorney representing Ynes Herrera in a lawsuit arising out of an accident which occurred at Winn Dixie Stores, store #231, located at NW 57th Avenue and Miami Gardens Drive, Miami Dade County, Florida, on April 8, 2006.

2.      That the undersigned has been practicing law in the State of Florida since 1980 and has been located at the above address for approximately the last five (5) years.

3.      That at no point did the undersigned receive any notice of Bankruptcy regarding the claim of *Ynes Herrera v. Winn Dixie Store*, until sometime in late January when he was contacted by John R. Buchholz, Esquire, the attorney for Winn Dixie in the law suit filed on behalf of Ynes Herrera in Miami Dade Circuit Court, Case No: 06-18682 CA 23. At that time Mr. Buchholz advised the undersigned that there had been no claim filed with the Bankruptcy Estate on behalf of Ms. Herrera and that the claim was

1

therefore barred. The undersigned advised Mr. Buchholz that he had never received any notice requiring a filing with the Bankruptcy Estate.

4.    That the undersigned has spoken with his client, Ynes Herrera, and Ms. Herrera has advised him that she never received any notice requiring her to file a claim with the Bankruptcy Estate in her claim against Winn Dixie.

5.    Apparently, pursuant to the Orders of the Bankruptcy Court, the undersigned has now learned that a claim had to be filed with the Court in the Bankruptcy case involving Winn Dixie, but said information had never been provided to the undersigned nor was any notice received by the undersigned regarding the need to file such a claim.

FURTHER AFFIANT SAYETH NAUGHT.

_____

David F. Baron, Esquire, Affiant

The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this 14 day of Feb , 2007, by David F. Baron, who personally appeared before me at the time of notarization, and who is personally known to me or has produced Personally Known as identification and who did/did not take an oath.

NOTARY PUBLIC:

SIGN

PRINT        Vivian Cordoves

State of Florida at Large
(Seal)

V. CORDOVES
Comm# DD0241278
Expires 12/9/2007
Florida Notary Assn., Inc

My Commission Expires:

2

LAW OFFICES

SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
BEAU BOWIN
DAVID D. BURNS
STEPHEN D. BUSEY
CHARMAINE T. M. CHIU
ERIC W. ENSMINGER
J. RICE FERRELLE, JR.
EARL E. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
CHARLES H. KELLER
G. PRESTON REYES
RICHARD E. KLEIN
WILLIAM C. KUNTZ
LAUREN PARSONS LANGHAM
K. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
C. OWEN McCULLER, JR.
ERIC N. McKAY
MATTHEW F. McLAUCHLIN
BERT J. MILLS
STEPHEN D. MOORE, JR.
RAYMOND M. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY HUBBELL
ELIZABETH H. SCHULZ
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
LEE D. WEDEKIND, III
HARRY H. WILSON, III
ALLAN E. WULBERN

LLOYD SMITH
(1918-1967)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9008

February 6, 2007

David F. Baron, Esq.
Chasin & Stinson
9100 South Dadeland Blvd., 2nd Floor
One Datran Center, PH 1, Suite 1704
Miami, FL 33156

Re:    In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy
       Court, Middle District of Florida, Jacksonville Division; Case No. 05-
       03817-3F1, Chapter 11, Jointly Administered

       Ynes Herrera v. Winn-Dixie Stores, Inc., in the Eleventh Circuit Court
       in and for Miami-Dade County, Florida Case No. 06-18682-CA-23

Dear Mr. Baron:

       This firm represents Winn-Dixie Stores, Inc. in the referenced Chapter 11
proceedings.

       We have been advised that you are presently prosecuting the referenced state
court action in violation of the Administrative Claims Bar Date established by the
Bankruptcy Court in the referenced case. For the reasons set forth below, your
continued prosecution of the state court action is in violation of the permanent
injunction provisions of Section 524 of the Bankruptcy Code and the Bankruptcy
Court's Confirmation Order.

       On February 21, 2005, Winn-Dixie Stores, Inc. and its affiliates (the
"Debtors") filed voluntary petitions for reorganization under Chapter 11 of the
Bankruptcy Code. On November 21, 2006, the Bankruptcy Court entered an order
confirming the Joint Plan of Reorganization filed by the Debtors, as modified (the
"Plan").

EXHIBIT

"E"

LAW OFFICES
## SMITH HULSEY & BUSEY

David F. Baron, Esq.
February 6, 2007
Page 2

Pursuant to Section 1141(d) of the Code, the order confirming the Plan (the "Confirmation Order") discharged the Debtors from all debts arising prior to Confirmation, including all debts or claims arising against the Debtors between February 21, 2005 and November 21, 2006 ("Administrative Expense Claims"). Each creditor whose claim has been discharged is now barred, pursuant to Section 524(a) of the Code, from instituting or continuing any action or employing any process against the Debtors to collect or recover such debts. Any action taken or order entered with respect to any discharged debt without Bankruptcy Court authorization is void as a matter of law.

Pursuant to the Confirmation Order, an Administrative Claims Bar Date Notice was sent to all parties in interest, including your client, advising them that administrative expense claims must be filed with the Bankruptcy Court on or before January 5, 2007 and that the failure to do so would result in their claim being time-barred and relinquished. The Administrative Expense Claim Bar Date Notice was also published in national and regional newspapers.

No timely application for an administrative expense claim was filed by or on behalf of Ms. Herrera with the Bankruptcy Court. As a result, the claim she is now asserting in the referenced state court action is time-barred and relinquished as set forth in the Confirmation Order.

Accordingly, your continued prosecution of the state court action against the Debtor is in violation of Section 524 of the Code and the Bankruptcy Court's Confirmation Order. We therefore demand that you dismiss the referenced state court action on or before February 13, 2007, and that a copy of such dismissal be served upon me. If we do not receive a dismissal notice by February 13, we will file a complaint against you and your client in the Bankruptcy Court for sanctions and take such other actions as are appropriate.

Please call me if you have any questions regarding this matter.

Very truly yours,

David L. Gay

By facsimile and mail
(305) 670-1834
c: John R. Buchholz, Esq.
DLG/mam/00557124

LAW OFFICES OF

# DAVID F. BARON, P.A.

ONE DATRAN CENTER
PENTHOUSE 1, SUITE 1704
9100 SOUTH DADELAND BOULEVARD
MIAMI, FLORIDA 33156-7818

DADE (305) 670 - 1833
BROWARD (954) 760 - 0022
FAX (305) 670 - 1834
E-MAIL: MagicSBA@aol.com

DAVID F. BARON
Board-Certified Civil Trial Lawyer

MONICA GALINDO STINSON
Of Counsel

February 8, 2007

**VIA FACSIMILE (305) 774-6632**

John R. Buchholz, Esquire
15600 NW 67th Avenue, Suite 204
Miami Lakes, Florida 33014

RE:   Herrera v. Winn Dixie Stores, Inc.

Dear Mr. Buchholz:

In response to your letter of January 30, 2007, I have reviewed my file and found that we received no notice regarding the need to file a motion with the Bankruptcy Court in regards to this case. Is it your claim that you sent me in this matter or that the attorney for Winn Dixie in the bankruptcy proceeding sent me notice?

I have engaged bankruptcy counsel and we will file documents in the bankruptcy proceeding regarding the fact that we did not receive notice.

I look forward to your response.

Very truly yours,

David F. Baron

DFB/vpc
cc: Joel Tabas, Esquire

EXHIBIT

"F"