## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,                Case No.:  3-05-bk-3817 (JAF)

     Debtors.                    /                Chapter 11

                                           Jointly Administered

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXSPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
(Beth Ann Semunk)

COMES NOW Valerie Marie Gordon ("Applicant"), through the undersigned attorney, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. 503(b).  Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc., and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed.  In support of this Application, Applicant states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. 157 and 1334.  Venue is proper pursuant to 28 U.S.C. 157(b)(2).

### FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc., et al.  (the "Debtors") filed their

voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date"). After the Petition Date and on or about August 11, 2006, Applicant was injured at Winn-Dixie Store No. 1453, 6800 Greenwell Springs, Baton Rouge, Louisiana. Applicant, a 44 year old female, was shopping in the store when she slipped and fell on a trailing stream of water coming from a leaking and dysfunctional freezer. She suffered pain in her back, left hand, neck and shoulders. Winn-Dixie had the duty to maintain the freezer, to clean up any water leaks and to warn customers of the leak, all of which it failed to do. As a proximate result of the injury, Applicant has suffered damages totaling in excess of $20,000.00, which damages Applicant can support through medical records and other proof. Applicant's damages may not be fully liquidated at this time.

### APPLICANT'S CLAIM IS ENTITLED TO
### <u>ADMINISTRATIVE EXPENSES STATUS</u>

3. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. 503 (b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. See, Reading Co. v. Brown, 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); In re Piper Aircraft Corp., 169 B.R. 766 (Bankr. S.D. Fla. 1994).

4. In this instance, Applicant's claim arose as a result of the business

operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order.  As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. 503(b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

> Attorney Larry Dersona
> 4420 North Boulevard
> Suite 102
> Baton Rouge, Louisiana 70806
> Tel: (225) 336-0961
> Fax:(225) 336-1981

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

> **ATTORNEY LARRY DERSONA**
> 4420 North Boulevard
> Suite 102
> Baton Rouge, Louisiana 70806
> Tel:  (225) 336-0961
> Fax: (225) 336-1981
> Attorney for Applicant
>
> /s/  Larry Dersona_____
> Larry Dersona
> Louisiana Bar Roll No. 17820

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 5, 2007 I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. And John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

              **/s/ Larry Dersona**
              **Larry Dersona**