## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DISTRICT

In re:

WINN-DIXIE STORES, INC., et al.,

　　　　Debtors.

_____/

Case No.:  05-093817-3F1

Chapter 11

Jointly Administered

### ESCAMBIA COUNTY PROPERTY APPRAISER'S RESPONSE
### TO DEBTOR'S OBJECTION TO FLORIDA TAX CLAIMS,
### <u>PER THE COURT ORDER OF FEBRUARY 14, 2007</u>

**COMES NOW** Chris Jones, in his official capacity as ESCAMBIA COUNTY

PROPERTY APPRAISER ("Property Appraiser"), and files this response to Debtor's

Objection to Florida Tax Claims, pursuant to the Court Order of February 14, 2007.

In response thereto, the Property Appraiser states:

### <u>SUBSTANTIVE JURISDICTIONAL LAW OBJECTION</u>

The Property Appraiser objects on the grounds of lack of subject matter

jurisdiction because these claims were not in compliance with Section 194.17, Florida

Statutes which provides that only the circuit court in the county where the property is

located has jurisdiction and venue to hear and assessment challenge.

In addition, the following Florida Statutes relate to the valuation issue before the

Court:

**§193.011  Factors to consider in deriving just valuation.—**

In arriving at just valuation as required under s. 4, Art. VII of the State
Constitution, the property appraiser shall take into consideration the
following factors:

(1)  The present cash value of the property, which is the amount a willing
purchaser would pay a willing seller, exclusive of reasonable fees and

costs of purchase, in cash or in the immediate equivalent thereof in a transaction at arm's length;

(2)  The highest and best use to which the property can be expected to be put in the immediate future and the present use of the property, taking into consideration any applicable judicial limitation, local or state land use regulation, or historic preservation ordinance, and considering any moratorium imposed by executive order, law, ordinance, regulation, resolution, or proclamation adopted by any governmental body or agency or the Governor when the moratorium or judicial limitation prohibits or restricts the development or improvement of property as otherwise authorized by applicable law. The applicable governmental body or agency or the Governor shall notify the property appraiser in writing of any executive order, ordinance, regulation, resolution, or proclamation it adopts imposing any such limitation, regulation, or moratorium;

(3)  The location of said property;

(4)  The quantity or size of said property;

(5)  The cost of said property and the present replacement value of any improvements thereon;

(6)  The condition of said property;

(7)  The income from said property; and

(8)  The net proceeds of the sale of the property, as received by the seller, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements.  When the net proceeds of the sale of any property are utilized, directly or indirectly, in the determination of just valuation of realty of the sold parcel or any other parcel under the provisions of this section, the property appraiser, for the purposes of such determination, shall exclude any portion of such net proceeds attributable to payments for household furnishings or other items of personal property.

**§193.052  Preparation and serving of returns.—**

(1)  The following returns shall be filed:

    (a)  Tangible personal property; and

    (b)  Property specifically required to be returned by other provisions in this title.

2

(2)  A return for the above types of property shall be filed in each county which is the situs of such property, as set out under s. 192.032.

(3)  All returns **shall be completed by the taxpayer in such a way as to correctly reflect the owner's estimate of the value of property owned** or otherwise taxable to him or her and covered by such return.  All forms used for returns shall be prescribed by the department and delivered to the property appraisers for distribution to the taxpayers.  . . .

**§194.181  Parties to a tax suit.–**

(1)  The plaintiff in any tax suit shall be:

(a)  The taxpayer or other person contesting the assessment of any tax, the payment of which he or she is responsible for under a statute or a person who is responsible for the entire tax payment pursuant to a contract and has the written consent of the property owner, or the condominium association, cooperative association, or homeowners' association as defined in s. 723.075 which operates the units subject to the assessment; …

**194.301  Presumption of correctness.--**

In any administrative or judicial action in which a taxpayer challenges an ad valorem tax assessment of value, the property appraiser's assessment shall be presume correct.  This presumption of correctness is lost if the taxpayer shows by a preponderance of the evidence that either the property appraiser has failed to consider properly the criteria in s. 193.011 or if the property appraiser's assessment is arbitrarily based on appraisal practices which are different from the appraisal practices generally applied by the property appraiser to comparable property within the same class and within the same county.  If the presumption of correctness is lost, the tax payer shall have the burden of proving by a preponderance of the evidence that the appraiser's assessment is in excess of just value.  If the presumption of correctness is retained, the taxpayer shall have the burden of proving by clear and convincing evidence that the appraiser's assessment is in excess of just value.

## RESPONSE

I.    **REAL PROPERTY IN ESCAMBIA COUNTY WAS CORRECTLY ASSESSED.**

Debtor is seeking a reduction in the assessed value of parcels of real property in Escambia County, Florida for tax years 2004, 2005 and 2006.[1]

The Debtor's review process contains only general platitudes claiming the subject properties were "systematically over-estimated" in assessment value.  However, the Debtor's explanation contains no specifics and is thus without any means of verifying. Certainly, the information provided by the Debtors lacks even the minimum requirements under any appraisal standard – either the State of Florida's statutory assessment scheme or standard appraisal methodologies used by licensed appraisers – to explain the reduction to real property values.

The lack of date underlying the Debtor's basis for reduction is equally specious. No foundation is set forth except for general statements that there was a review of other appraisals of the property, but without setting forth methodology, the date of the appraisal, standards applied, and other essential factors.

Significantly, Debtor made no attempt to overcome the Property Appraiser's presumption of correctness as to valuation, as set forth in Section 194.301, Florida Statutes. Additionally, the Debtor wholly failed to meet the evidentiary burden under Section 194.301 as it made no attempt to show the Escambia County Property Appraiser either failed to consider the statutory factors or treated these parcels differently from similar parcels in Broward County.

---

[1] Note:  The Debtor (including all related entities) was not the owner at any time material hereto of any of the real property at issue in Escambia County.  Debtor was a lessee (tenant) in said properties.

Accordingly, the real property values challenged in Escambia County should remain intact as no legitimate, credible or reasonable grounds for reduction were set forth by the Debtors.

II.    **TANGIBLE PERSONAL PROPERTY IN ESCAMBIA COUNTY WAS CORRECTLY ASSESSED.**

Debtor is seeking a reduction in the assessed value of personal property located in Escambia County in tax years 2004, 2005 and 2006. On this point, Debtor's claim that the subject properties were "systematically over-estimated" in assessment value is preposterous. Debtor seems to ignore the overriding key point: the Property Appraiser's assessed values for personal property merely reflected the value of the personal property as submitted annually by the Debtor to the Property Appraiser, pursuant to Section 193.052(4), Florida Statutes.

In short, the Escambia County Property Appraiser's 2004, 2005 and 2006 assessments reflect only the Debtor's sworn estimate of the value, and adjusted for depreciation, per the Florida Department of Revenue's depreciation schedules. If the Escambia County values merely reflect the Debtor's own claim of value, any claim now of purported "over-assessment" of personal property lacks credibility.

Finally, as with the real property assessments, the Debtor again made no attempt to overcome the Property Appraiser's presumption of correctness as to valuation, as set forth in Section 194.301, Florida Statutes. The Debtor wholly failed to meet the evidentiary burden under Section 194.301 as it made no attempt to show the Escambia County Property Appraiser either failed to consider the statutory factors or treated these parcels differently from similar parcels in Escambia County.

The Debtor's request to reduce the personal property assessment should be denied as it lacks any credible basis under either Florida law or recognized appraisal methodologies for granting the request reduction.

## DEMAND FOR RELIEF

**WHEREFORE,** based upon the foregoing, Property Appraiser David Ward requests that this Honorable Court enter a decision affirming the valuations of the Property Appraiser.  If the Court determines that there is subject matter jurisdiction, the Property Appraiser requests' that an evidentiary hearing be held on all matters before this related to the valuation of property in Jefferson County.

/ s / Thomas M. Findley_____
THOMAS FINDLEY
Florida Bar Number 0797855
C. SHA'RON JAMES
Florida Bar Number 0548111
Messer, Caparello & Self, P.A.
P.O. Box 15579
2618 Centennial Place (32308)
Tallahassee, FL  32317
Telephone:  (850) 222-0720
Facsimile:  (850) 224-4359

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 16, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following: GAYLORD WOOD, Wood & Stewart, P.A., gaylord@bellsouth.net; D.J. BAKER, SALLY MCDONALD HENRY and ROSALILE WALKER GRAY, Skadden, Arps, Slate, Meagher & Flom, LLP, djbaker@skaddencom; STEPHEN D. BUSEY, JAMES H. POST and CYNTHIA C. JACKSON,

cjackson@smithhulsey.com; JAMES POST, Smith, Hulsey & Busey, counsel for the Reorganized Debtors, jpost@smithhulsey.com; BRIAN FITZGERALD, Hillsborough County Attorney's Office, counsel for Florida Property Tax Collectors, fitzgeraldb@hillsboroughcounty.org; LOREN LEVY, Levy Law Firm, counsel for certain Florida Property Appraisers, levylawfirm@comcast.net; JOHN DENT, Dent & Associates, counsel for other Florida Property Appraisers, jdent@dentjohnson.com; Ronald Gunzburger, counsel for the Broward County Property Appraiser, ron@bcpa.net; and KENNETH P. HAZOURI, BART R. VALDES, deBeaubien, Knight, Simmons, Mantzaris & Neal, LLP, Attorneys for Bill Donegan, bvaldes@dbksmn.com.


/ s / Thomas M. Findley
THOMAS FINDLEY