**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DISTRICT**

In re:

WINN-DIXIE STORES, INC., et al.,

        Debtors.

_____/

Case No.: 05-093817-3F1

Chapter 11

Jointly Administered

**JEFFERSON COUNTY PROPERTY APPRAISER'S RESPONSE**
**TO DEBTOR'S OBJECTION TO FLORIDA TAX CLAIMS,**
**PER THE COURT ORDER OF FEBRUARY 14, 2007**

COMES NOW David Ward, in his official capacity as JEFFERSON COUNTY PROPERTY APPRAISER ("Property Appraiser"), and files this response to Debtor's Objection to Florida Tax Claims, pursuant to the Court Order of February 14, 2007.

In response thereto, the Property Appraiser states:

**SUBSTANTIVE JURISDICTIONAL LAW OBJECTION**

The Property Appraiser objects on the grounds of lack of subject matter jurisdiction because these claims were not in compliance with Section 194.17, Florida Statutes which provides that only the circuit court in the county where the property is located has jurisdiction and venue to hear an assessment challenge.

In addition, under Florida law there is a presumption of correctness as to the valuation of property by the property appraiser:

> **194.301  Presumption of correctness.--**
>
> In any administrative or judicial action in which a taxpayer challenges an ad valorem tax assessment of value, the property appraiser's assessment shall be presume correct.  This presumption of correctness is lost if the taxpayer shows by a preponderance of the evidence that either the

property appraiser has failed to consider properly the criteria in s. 193.011 or if the property appraiser's assessment is arbitrarily based on appraisal practices which are different from the appraisal practices generally applied by the property appraiser to comparable property within the same class and within the same county.  If the presumption of correctness is lost, the tax payer shall have the burden of proving by a preponderance of the evidence that the appraiser's assessment is in excess of just value.  If the presumption of correctness is retained, the taxpayer shall have the burden of proving by clear and convincing evidence that the appraiser's assessment is in excess of just value.

## **RESPONSE**

**TANGIBLE PERSONAL PROPERTY IN
JEFFERSON COUNTY WAS CORRECTLY ASSESSED.**

Debtor is seeking a reduction in the assessed value of personal property located in Jefferson County in tax years 2004, 2005 and 2006. On this point, Debtor's claim that the subject properties were "systematically over-estimated" in assessment value is preposterous. Debtor seems to ignore the overriding key point: the Property Appraiser's assessed values for personal property merely reflected the value of the personal property as submitted annually by the Debtor to the Property Appraiser, pursuant to Section 193.052(4), Florida Statutes.

In short, the Jefferson County Property Appraiser's 2004, 2005 and 2006 assessments reflect only the Debtor's sworn estimate of the value, and adjusted for depreciation, per the Florida Department of Revenue's depreciation schedules. If the Jefferson County values merely reflect the Debtor's own claim of value, any claim now of purported "over-assessment" of personal property lacks credibility.

Finally, the Debtor again made no attempt to overcome the Property Appraiser's presumption of correctness as to valuation, as set forth in Section 194.301, Florida Statutes. The Debtor wholly failed to meet the evidentiary burden under Section 194.301

as it made no attempt to show the Jefferson County Property Appraiser either failed to consider the statutory factors or treated these parcels differently from similar parcels in Jefferson County.

The Debtor's request to reduce the personal property assessment should be denied as it lacks any credible basis under either Florida law or recognized appraisal methodologies for granting the request reduction.

## DEMAND FOR RELIEF

**WHEREFORE,** based upon the foregoing, Property Appraiser David Ward requests that this Honorable Court enter a decision affirming the valuations of the Property Appraiser. If the Court determines that there is subject matter jurisdiction, the Property Appraiser requests' that an evidentiary hearing be held on all matters before this related to the valuation of property in Jefferson County.

/ s / Thomas M. Findley_____
THOMAS FINDLEY
Florida Bar Number 0797855
C. SHA'RON JAMES
Florida Bar Number 0548111
Messer, Caparello & Self, P.A.
P.O. Box 15579
2618 Centennial Place (32308)
Tallahassee, FL  32317
Telephone:  (850) 222-0720
Facsimile:  (850) 224-4359

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 16, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following: GAYLORD WOOD, Wood & Stewart, P.A.,

gaylord@bellsouth.net; D.J. BAKER, SALLY MCDONALD HENRY and ROSALILE WALKER GRAY, Skadden, Arps, Slate, Meagher & Flom, LLP, djbaker@skaddencom; STEPHEN D. BUSEY, JAMES H. POST and CYNTHIA C. JACKSON, cjackson@smithhulsey.com; JAMES POST, Smith, Hulsey & Busey, counsel for the Reorganized Debtors, jpost@smithhulsey.com; BRIAN FITZGERALD, Hillsborough County Attorney's Office, counsel for Florida Property Tax Collectors, fitzgeraldb@hillsboroughcounty.org; LOREN LEVY, Levy Law Firm, counsel for certain Florida Property Appraisers, levylawfirm@comcast.net; JOHN DENT, Dent & Associates, counsel for other Florida Property Appraisers, jdent@dentjohnson.com; Ronald Gunzburger, counsel for the Broward County Property Appraiser, ron@bcpa.net; and KENNETH P. HAZOURI, BART R. VALDES, deBeaubien, Knight, Simmons, Mantzaris & Neal, LLP, Attorneys for Bill Donegan, bvaldes@dbksmn.com.

/ s / Thomas M. Findley  
THOMAS FINDLEY