**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DISTRICT**

In re:

WINN-DIXIE STORES, INC., et al.,

    Debtors.

_____/

Case No.: 05-093817-3F1

Chapter 11

Jointly Administered

**ESCAMBIA COUNTY PROPERTY APPRAISER'S AMENDED RESPONSE**
**TO DEBTOR'S OBJECTION TO FLORIDA TAX CLAIMS,**
**PER THE COURT ORDER OF FEBRUARY 14, 2007**

**COMES NOW** Chris Jones, in his official capacity as ESCAMBIA COUNTY PROPERTY APPRAISER ("Property Appraiser"), and files this amended response to Debtor's Objection to Florida Tax Claims, pursuant to the Court Order of February 14, 2007.

In response thereto, the Property Appraiser states:

**OBJECTION TO SUBJECT MATTER JURISDICTION**

The Property Appraiser objects on the grounds of lack of subject matter jurisdiction because these claims were not in compliance with Section 194.171, Florida Statutes, which provides that no action shall be brought to contest a tax assessment after 60 days from the certification of the tax rolls. *Ward v. Brown*, 894 So. 2d 811 (Fla. 2004).

1

**RESPONSE**

I. **REAL PROPERTY IN ESCAMBIA COUNTY WAS CORRECTLY ASSESSED.**

Debtor is seeking a reduction in the assessed value of parcels of real property in Escambia County, Florida for tax years 2004, 2005 and 2006.[1] The Debtor claims that such properties were "systematically over-estimated" in assessment value. However, the Debtor's explanation contains no specifics.

Significantly, Debtor makes no attempt to overcome the Property Appraiser's presumption of correctness as to valuation, as set forth in Section 194.301, Florida Statutes. Additionally, the Debtor cannot meet the evidentiary burden under Section 194.301. The Escambia County Property Appraiser has considered all of the statutory factors and the assessment enjoys the statutory presumption of correctness.

Accordingly, the real property values challenged in Escambia County should remain intact as no legitimate, credible or reasonable grounds for reduction were set forth by the Debtors.

II. **TANGIBLE PERSONAL PROPERTY IN ESCAMBIA COUNTY WAS CORRECTLY ASSESSED.**

Debtor is seeking a reduction in the assessed value of personal property located in Escambia County in tax years 2004, 2005 and 2006. On this point, Debtor's claim that the subject properties were "systematically over-estimated" in assessment value is preposterous. Debtor seems to ignore the overriding point: the Property Appraiser's assessed values for personal property merely reflected the value of the personal property

---

[1] Note: The Debtor (including all related entities) was not the owner at any time material hereto of any of the real property at issue in Escambia County. Debtor was a lessee (tenant) in said properties.

2

as submitted annually by the Debtor to the Property Appraiser, pursuant to Section 193.052(4), Florida Statutes.

In short, the Escambia County Property Appraiser's 2004, 2005 and 2006 assessments reflect only the Debtor's sworn estimate of the value, and adjusted for depreciation, per the Florida Department of Revenue's depreciation schedules. If the Escambia County values merely reflect the Debtor's own claim of value, any claim now of purported "over-assessment" of personal property lacks credibility.

Finally, as with the real property assessments, the Debtor makes no attempt to overcome the Property Appraiser's presumption of correctness as to valuation, as set forth in Section 194.301, Florida Statutes. The Debtor cannot meet the evidentiary burden under Section 194.301. The Escambia County Property Appraiser has considered all of the statutory factors and the assessment enjoys the statutory presumption of correctness.

The Debtor's request to reduce the personal property assessment should be denied as it lacks any credible basis under either Florida law or recognized appraisal methodologies for granting the requested reduction.

## **DEMAND FOR RELIEF**

**WHEREFORE,** based upon the foregoing, Property Appraiser Chris Jones requests that this Honorable Court enter a decision affirming the valuations of the Property Appraiser. If the Court determines that there is subject matter jurisdiction, the Property Appraiser requests that an evidentiary hearing be held on all matters before this Court related to the valuation of property in Escambia County.

/ s / Thomas M. Findley_____
THOMAS FINDLEY
Florida Bar Number 0797855
C. SHA'RON JAMES
Florida Bar Number 0548111
Messer, Caparello & Self, P.A.
P.O. Box 15579
2618 Centennial Place (32308)
Tallahassee, FL  32317
Telephone:  (850) 222-0720
Facsimile:  (850) 224-4359

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 19, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following: GAYLORD WOOD, Wood & Stewart, P.A., gaylord@bellsouth.net; D.J. BAKER, SALLY MCDONALD HENRY and ROSALILE WALKER GRAY, Skadden, Arps, Slate, Meagher & Flom, LLP, djbaker@skaddencom; STEPHEN D. BUSEY, JAMES H. POST and CYNTHIA C. JACKSON, cjackson@smithhulsey.com; JAMES POST, Smith, Hulsey & Busey, counsel for the Reorganized Debtors, jpost@smithhulsey.com; BRIAN FITZGERALD, Hillsborough County Attorney's Office, counsel for Florida Property Tax Collectors, fitzgeraldb@hillsboroughcounty.org; LOREN LEVY, Levy Law Firm, counsel for certain Florida Property Appraisers, levylawfirm@comcast.net; JOHN DENT, Dent & Associates, counsel for other Florida Property Appraisers, jdent@dentjohnson.com; Ronald Gunzburger, counsel for the Broward County Property Appraiser, ron@bcpa.net; and KENNETH P. HAZOURI, BART R. VALDES, deBeaubien, Knight, Simmons, Mantzaris & Neal, LLP, Attorneys for Bill Donegan, bvaldes@dbksmn.com.

/ s / Thomas M. Findley_____
THOMAS FINDLEY