UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**PINELLAS COUNTY PROPERTY APPRAISER'S RESPONSE
TO, AND MOTION TO DISMISS, DEBTOR'S OBJECTION TO FLORIDA TAX
CLAIMS AND MOTION FOR ORDER DETERMINING TAX LIABILITIES**

COMES NOW, JIM SMITH, in his official capacity as PINELLAS COUNTY PROPERTY APPRAISER ("Property Appraiser"), and files this Response to, and Motion to Dismiss, Debtor's Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities.

In response thereto the Property Appraiser states as follows:

Debtor is seeking a reduction in the assessments of its Tangible Personal Property ("TPP") accounts, as well as reductions in the assessments of real property, in Pinellas County The Debtor is not the owner of any of the real property parcels in Pinellas County, listed on Exhibits A & B.  The Debtor seeks reductions as set forth in Debtor's Exhibit A to the Objection for tax years 2004 and 2005, as well as designation by the court of 2006 values (see Exhibit B to Debtor's Objection).  Such reductions are sought pursuant to 11 U.S.C. § 505.

**I    Debtor has not timely challenged the assessments under Florida Statutes § 194.171, nor demonstrated standing to challenge the real property assessments under Florida Statutes § 194.181(1).**

First, the Debtor has not properly or timely challenged any of the assessments of the real estate parcels and TPP accounts identified in Debtor's Exhibit A & B, for any of the years in

1

question in state court, as required by Florida Statute § 194.171.  The failure of the Debtor to timely contest the 2004, 2005, or 2006 taxes, results in a waiver of Debtor's rights to challenge these assessments because the Florida jurisdictional statute of non-claim, Section 194.171(2), Florida Statutes, has expired.  See Ward v. Brown, 894 So. 2d 811 (Fla. 2004), and Markham v. Neptune Hollywood Beach Club, 527 So. 2d 814 (Fla. 1988).

Second, with respect to the real estate parcels located within Pinellas County, the Debtor is not the owner of such parcels.  Pursuant to §194.181(1), Fla. Stat., the Debtor would only be able to challenge the assessment of properties which it leases if it is "responsible for the entire tax payment pursuant to a contract and has the written consent of the property owner."  The Debtor has provided no evidence demonstrating that it was either "responsible for the entire tax payment pursuant to a contract" or that it has "written consent of the property owner" to challenge any of the real property parcels' assessments.  Therefore, the Debtor has not demonstrated that it has standing to challenge the assessment of the real estate parcels.

Finally, Debtor seeks a reduction by this court of the 2006 values as well.  The Objection, asking this court to reduce the 2006 assessments to the TPP accounts and certain real property parcels was filed August 8, 2006.  At the time of filing the Objection there was more than sufficient time for the Debtor to pursue its administrative options at the Value Adjustment Board and to timely challenge such assessments in circuit court under Fla. Stat. § 194.171.  There is simply no reason why the Debtor could not comply with the State of Florida's statute of non-claim, Fla. Stat. § 194.171.  The Florida Supreme Court has clearly stated the jurisdictional non-claim statute must be strictly enforced.  See Markham v. Neptune Hollywood Beach Club, 527 So. 2d 814 (Fla. 1988).  As such, at the time of filing the Objection, the Debtor/taxpayer had a remedy under Florida law.  The only reason that the Debtor no longer has such remedies

available for the 2006 year, is due to its own failure to timely act and to instead pursue a remedy in this court before it was appropriate. Debtor's knowing attempt to avoid determination of the assessment in state court as to the 2006 assessments when such remedies were available should prevent consideration of such values now in this court. See In re Psychiatric Hospitals of Florida Inc., 217 B.R. 645, 649 (M.D. Fla. 1997).

**II   Debtor cannot seek reductions of assessments when the taxes have already been paid in full.**

If this Court finds that it has jurisdiction to determine the value of the TPP accounts and real property parcels for tax years 2004-2006, despite the Debtor's failure to comply with § 194.171, Fla. Stat., the court should consider only those accounts or parcels where the taxes have not been paid. See In re Custom Distrib. Servs, Inc., 224 F. 3d 235 (3d Cir. 2000). As this Court properly decided in its Order dated January 19, 2007, the court does not have jurisdiction to reduce the tax liability for taxes already paid. As to all of the real property parcels challenged in Pinellas County, the taxes have been paid for tax years 2004 and 2005. The taxes on all real property parcels, other than parcels 28/28/16/00000/330/0200[1] and 25/30/15/98331/000/0010, have been paid for tax year 2006, as of the date of filing this response. As such, these parcels are not subject to reduction by this court.

With respect to the reductions sought of the TPP accounts, the taxes on all of the TPP accounts for tax year 2004 have been paid, and thus, the court lacks jurisdiction to reduce any of those assessments.[2]

**III   Applicable Law**

Although the challenge to the assessments has been raised in this bankruptcy proceeding pursuant to 11 U.S.C. §505, the court must determine the assessment value consistent with state

---

[1] However, Debtor is no challenging the assessments on this parcel for 2006.
[2] Additionally, TPP account numbers 093614, 153750, and 143337, no longer existed for the 2006 year.

3

law principles.  See In re Liuzzo, 204 B.R. 235, 237 (N.D. Fla. 1996).  As such, pursuant to § 194.301, Fla. Stat., the Property Appraiser's assessments come to this court with the presumption of correctness.

   Section 194.301, Florida Statutes provides:

> In any administrative or judicial action in which a taxpayer challenges an ad valorem tax assessment of value, the property appraiser's assessment shall be presumed correct.  This presumption of correctness is lost if the taxpayer shows by a preponderance of the evidence that either the property appraiser has failed to consider properly the criteria in s. 193.011 or if the property appraiser's assessment is arbitrarily based on appraisal practices which are different from the appraisal practices generally applied by the property appraiser to comparable property within the same class and within the same county.  If the presumption of correctness is lost, the taxpayer shall have the burden of proving by a preponderance of the evidence that the appraiser's assessment is in excess of just value.  If the presumption of correctness is retained, the taxpayer shall have the burden of proving by clear and convincing evidence that the appraiser's assessment is in excess of just value. (Emphasis added).

To lose the presumption of correctness the Debtor must show by a preponderance of the evidence that either a) the Property Appraiser failed to properly consider the eight criteria of § 193.011, Fla. Stat., or b) the property appraiser's assessment is arbitrarily based on appraisal practices which are different from the appraisal practices generally applied by the property appraiser to comparable property within the same class and within the same county. Furthermore this court must apply the burden of proof set forth in § 194.301, above, to taxpayer's request for a reduction.

IV **Real Property in Pinellas County Was Properly Assessed and the Assessments Must be Upheld.**

With respect to the real property parcels, the Debtor cites as its basis for reduction a spreadsheet of values (Exhibits A and B) proposed by Assessment Technologies, Ltd. ("ATL"). The values provided in the spreadsheet are completely unsupported in the record, with only cursory and general description of the review process.  The spreadsheets also identify that the

4

basis for adjustment of the assessed values in Pinellas County, was the use of other appraiser's valuation analysis. However, the ATL report lacks any information from which the court could determine if such values from alleged other appraisals are based upon a proper consideration by ATL of the statutory criteria of s. 193.011. Additionally, although ATL states that the value was determined by review of an appraisal of the asset, by placing an "A" next to the challenged parcel, it provides no evidentiary foundation from which the court could determine the reliability of such values. Without setting forth the methodology, date of appraisal, interest valued, standards applied and other essential factors, the values represented by ATL could be wholly irrelevant to the tax years at issue. For example if the appraisal reviewed by ATL is for a much earlier assessment date and values a leased-fee, instead of fee-simple interest, the value from that appraisal would be inapplicable under Florida law to the determination of the just value of the parcel in the years at issue. The Court is simply unable to make any such analysis because no support is provided- just a value. Thus, the values submitted by the Debtor are not supported by competent substantial evidence. Such suggested values are particularly suspect as the new values suggested for the real property parcels, where tax years 2004, 2005 and 2006 are challenged, are identical in amount. There is certainly no support in the record, or in the Pinellas County market, to suggest that property values remained the same between 2004, 2005, and 2006.

      There are two examples which certainly call into question ATL's review process and the alleged appraisals relied upon in determining the suggested values. The first relates to parcel number 29-30-15-66372-000-0010. The Property Appraiser's records, based upon the documentary stamps paid on the transfer of the property in 2001[3], show that the property sold in 2001 for $6,062,300. The Property Appraiser's assessment on this property was $5,700,000 for

---

[3] See Official Records Book 11392, Page 864, of the Official Records of Pinellas County.

2004, $5,750,000 for 2005, and $6,375,000 for 2006.  Yet, Debtors ask this court to adopt their tax representative's proposed value of $4,518,088 for 2004-2006.  It is commonly known, that like most of Florida, property values in Pinellas County have been going up significantly in the past five years.  Not only does the Debtor suggest a value much lower than the 2001 purchase price, but the Debtor's tax representative offers the court absolutely no support for its position that the value of the property remained unchanged over a three year period.  A similar situation presents itself with parcel number 28/31/16/00000/430/0400.  This parcel was assessed by the Property Appraiser in 2004 at $1,375,000, in 2005 at $1,480,000, and in 2006 at $1,650,000.  This parcel was purchased in 2002[4] for $1,385,000.  Debtor however suggests that the proper value is $894,330 for all three years.  Again there is not substantial evidence in the record supporting this suggested assessment reduction, much less that the value was unchanged over a three year period.

The Debtor's Objection makes no attempt to show that the Pinellas County Property Appraiser either failed to consider the statutory factors or treated the Debtors parcels differently from similar parcels in Pinellas County.  As there are no allegations to support a loss of the presumption of correctness, the Debtor must show by clear and convincing evidence that the assessments exceed just value.  See § 194.301, Fla. Stat.

Generalized statements that the Property Appraiser "systematically over-estimated" assessment values, and a general description of the review process does not meet the taxpayer's burden of showing by clear and convincing evidence that the assessments exceed just value.  As such, the assessments of the real property must remain intact.

---

[4] See Official Records Book 12001, Page 2127, of the Official Records of Pinellas County.

**V    The Tangible Personal Property accounts in Pinellas County were Properly Assessed.**

Although the taxes on all of the TPP accounts in Pinellas County have not been paid for the 2005 tax year, these assessments should also remain intact. The Debtor is required by Florida law, s. 193.052(4), Fla. Stat., to file a TPP return with the Property Appraiser each year, and in fact the Debtor did file such a return on each TPP account for tax years 2005 and 2006. Generally, the Property Appraiser's assessment of the TPP begins with original costs from the taxpayers returns which are then adjusted using depreciation schedules and trending factors, the methodology recommended by the Department of Revenue for the State of Florida. As the assessments are based in large part upon sworn TPP returns filed by the Debtors, their current untimely claim that the assessments are over-estimated lacks credibility. Debtors have at no point filed an amended return with the Property Appraiser as to any account.

Finally, as with the real property assessments, the Debtor has made no effort to overcome the Property Appraiser's presumption of correctness under, §194.301, Florida Statutes. The Debtors have shown neither a failure by the Property Appraiser to properly consider the eight criteria in Fla. Stat. § 193.011, or that the Property Appraiser treated these accounts differently from similar TPP accounts in Pinellas County. Instead, Debtor has merely provided an overly general description by ATL of its review process, as it relates to the TPP, and referenced alleged appraisals of the property. This review process provides generalizations only, and absolutely no evidentiary support from which this court could find that the Debtor has satisfied its evidentiary burden under § 194.301, Florida Statutes. Additionally, the evidence in support of the proposed values consists only of ATL's general review process and attached table. Such evidence is wholly insufficient to demonstrate that ATL's assessment comports with the requirements of

Florida law in valuing TPP at just value, much less that the presumption of correctness is overcome.

The Debtor's request to reduce the personal property assessments should be denied as it lacks any credible basis under Florida law to grant such reductions.

VI  **Incorporation by Reference and Joinder**

The Property Appraiser further adopts and incorporates by reference all defenses, affirmative defenses, matters of avoidance and grounds for dismissal alleged by the Florida tax Collectors and any additional Property Appraisers of the State of Florida responding to the Debtor's Objection and Motion, and to this Court's Order.

## DEMAND FOR RELIEF

**WHEREFORE**, based upon the foregoing, Jim Smith, Property Appraiser for Pinellas County, requests this Honorable Court to dismiss both the objection to tax claims and motion to determine tax liability filed by the Debtor, and to deny the requested assessment adjustments and to deem the Property Appraiser's assessments just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic transmission on this 19th day of March, 2007 to:

| Party | Attorney |
|---|---|
| Winn-Dixie Stores, Inc. and Affiliated Debtors | Skadden, Arps, Slate, Meagher & Flom, LLP<br>D.J. Baker, Esq.<br>Four Times Square<br>New York, NY 10036<br>Tel: 212-735-3000<br>djbaker@skadden.com<br><br>Smith Hulsey & Busey<br>Stephen D. Busey, Esq.<br>Cynthia C. Jackson, Esq. |

|  |  |
|---|---|
|  | 225 Water Street, Suite 1800,<br>Jacksonville, FL 32202<br>cjackson@smithhulsey.com |
| Florida Tax Collectors | Brian T. Hanlon<br>Palm Beach County Tax Collector<br>Post Office Box 3715<br>West Palm Beach, FL 33402-3715<br>Tel: 561-355-2142 |
|  | Brian T. FitzGerald, Esq.<br>Hillsborough County Attorneys Office<br>Post Office Box 1110<br>Tampa, FL 33601-1110<br>Tel: 813-272-5670 |
| United States Trustee: | Kenneth C. Meeker, Esq.<br>Office of the United States Trustee<br>135 W. Central Boulevard, Room 620<br>Orlando, FL 32801<br>Tel: 407-648-6301 |
| Official Committee of<br>Unsecured Creditors | Akerman Senterfitt<br>John B. MacDonald, Esq.<br>50 N. Laura Street, Suite 2500<br>Jacksonville, FL 32202<br>Tel: 904-798-3700 |
|  | Milbank, Tweed, Hadley & McCloy, LLP<br>Matthew S. Barr, Esq.<br>One Chase Manhattan Plaza<br>New York, NY 10005<br>Tel: 212-530-5000 |
| To counsel for certain<br>Florida Property<br>Appraisers | The Levy Law Firm<br>levylawfirm@comcast.net<br><br>Gaylord A. Wood<br>pleadings@woodstuartpa.com<br><br>Dent & Associates<br>jdent@dentjohnson.com |
| Counsel for Broward<br>County Property<br>Appraiser | Ronald Gunzburger<br>ron@bcpa.net |

| | |
|---|---|
| Counsel for Polk County Property Appraiser | Michael Martin<br>mike@martinpa.com |
| Counsel for Orange County Property Appraiser | Kenneth Hazouri<br>khazouri@dbksmm.com |

/s/ Christina M. LeBlanc
Christina M. LeBlanc
Senior Assistant County Attorney
Fla. Bar #548669
Pinellas County Attorney's Office
315 Court Street, Sixth Floor
Clearwater, FL  33764
Telephone: 727-464-3354/Fax: 727-464-4147
cleblanc@pinellascounty.org
Counsel for Defendant, Jim Smith