**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
www.flmb.uscourts.gov

| | |
|---|---|
| In Re: | Case No. 3:05-bk-03817-JAF |
| Winn Dixie Stores, Inc., et al, | Chapter 11 |
| _____Debtors._____/ | Jointly Administered |

**CLAIMANT'S MOTION TO FILE APPLICATION FOR CLAIM AFTER THE JANUARY 5, 2007 DEADLINE FOR CAUSE AND, OR IN THE ALTERNATIVE, FOR AN ORDER ALLOWING HER TO PROCEED AGAINST DEBTOR IN STATE COURT AND FINDING THAT ANY JUDGMENT OBTAINED THEREIN IS NOT DISCHARGED**

COMES NOW, Claimant, Susan Miranda ("Ms. Miranda"), by and through undersigned counsel, and files this, her Motion to File Application for Claim After the January 5, 2007 Deadline for Cause and, or in the Alternative, for an Order Allowing Her to Proceed Against Debtor in State Court and Finding that any Judgment Obtained Therein is Not Discharged, and as grounds therefore respectfully states:

**FACTS SUPPORTING THE RELIEF REQUESTED**

1. As more fully set forth in the affidavits attached hereto and made a part hereof, on August 19, 2006, Ms. Miranda, while shopping in a Winn Dixie supermarket, slipped and fell on water that existed on the floor of the store and sustained injuries therefrom.

2. Ms. Miranda immediately thereafter reported the fall to the Store Manager, Luis Rodriguez, and caused a written report to be prepared. Ms. Miranda was unaware that Winn Dixie Stores, Inc. had filed a bankruptcy or that it was a debtor in bankruptcy, and at no time did Store Manager Rodriguez so advise her.

3. Thereafter, Ms. Miranda retained the services of attorney Jeffrey R. Davis, Esquire to represent her in her claim for damages inasmuch as no one from Winn Dixie supermarkets contacted her in the weeks that followed her slip and fall.

4. On September 14, 2006 attorney Davis sent a notice letter to the Winn Dixie supermarket store and to the attention of Luis Rodriguez, the manager of the store.

5. On or about October 4, 2006, attorney Davis was contacted via telephone by Richard Law, a claims adjuster with Sedgwick Claims Management Services, Inc. on behalf of Winn Dixie Store #388.  Mr. Law advised he was the adjuster handling the subject premises liability case, requested information about the claim and provided attorney Davis a claim number, his contact information and notice that he would mail attorney Davis a letter acknowledging his representation of Ms. Miranda. Attorney Davis was unaware that Winn Dixie Stores, Inc. had filed a bankruptcy or that it was a debtor in bankruptcy, and at no time during the October 4, 2006 telephone conversation did Claims Adjuster Richard Law so advise him.

6. On or about October 30, 2006 attorney Davis received the promised letter (dated October 4, 2006) acknowledging his representation, which letter provided information about Winn Dixie's status as a self-insured entity and enclosed authorization forms to obtain medical records and wage and salary records of Ms. Miranda.  Nothing in the letter stated or even suggested that Winn Dixie Stores, Inc. had filed a

bankruptcy, or that it was a debtor in bankruptcy.  A true and correct copy of this letter is attached hereto and made a part hereof as Exhibit A.

   7.   Attorney Davis replied to this letter with his own dated November 1, 2006, and thereafter sent several other items of written correspondence in the months following, providing medical records and medical bills.  Copies of the noted reply and written correspondence are attached hereto as Composite Exhibit B and made a part hereof.  At no time during these months did Winn Dixie Stores, Inc., Sedgwick Claims Management Services, Inc. or any of their agents or employees ever advise attorney Davis or Ms. Miranda that Winn Dixie Stores, Inc. had filed a bankruptcy, that it was a debtor in bankruptcy, or of need to file any application or proof of claim or of the existence of any deadline to so file.

   8.   For the very first time, by letter dated February 1, 2007 from Sedgwick Claims Management Services, Inc. General Liability Examiner Richard Law, attorney Davis was advised (a) that Winn Dixie Stores, Inc. had filed a bankruptcy, (b) that it emerged therefrom on November 21, 2006, (c) that all claimants with claims arising between February 22, 2005 and November 21, 2006 of which Winn Dixie was aware were mailed a notice that stated that all such claimants were required to file an application no later than January 5, 2007, and (d) that Ms. Miranda's claim could not be considered because the deadline to file an application with the court had expired.  A true and correct copy of this letter is attached hereto as Exhibit C and

made a part hereof. Additionally, the Affidavit of Susan Miranda and the Affidavit of attorney Jeffrey R. Davis are attached hereto as Exhibit D and Exhibit E, respectively and made parts hereof.

### ARGUMENT IN SUPPORT OF THE RELIEF REQUESTED

9. Having not received any notice from the Debtor of the existence of the bankruptcy case, the proposed treatment of her claim, or of an opportunity to object, Ms. Miranda, an administrative creditor whose name, address, attorney's name, attorney's address, attorney's telephone number and fax number were all known to the Debtor, is not bound by the terms of the Debtor's confirmed plan.

10. The case law that supports Ms. Miranda's position are legion. There is ample support found in United States Supreme Court Case law, the 11th Circuit Court of Appeals case law, as well the case law of this court.

11. Beginning with the United States Supreme Court, *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and *New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953) both support Ms. Miranda as discussed below. The 11th Circuit Court precedent includes *Southtrust Bank of Alabama v. Thomas* (*In re Thomas*), 883 F.2d 991 (11th Cir.1989), as well as *Spring Valley Farms, Inc. v. Crow*, 863 F.2d 832 (11th Cir.1989). Particularly relevant 10th Circuit Court precedent is found in *Reliable Elec. Co., Inc. v. Olson Cons. Co. (In re Reliable*

*Elec. Co.*), 726 F.2d 620 (10th Cir.1984), and lastly this court's own prior ruling in *Westchester Surplus Lines Insurance Co. v. Surfside Resort and Suites, Inc.*, 344 B.R. 179 (Bankr. M.D.Fla.2006) is instructive.

12. In the *Mullane* case, the U.S. Supreme Court stated that "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane, supra*, 339 U.S. at 314, 70 S.Ct. at 657, citing *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); *Grannis v. Ordean*, 234 U.S. 385 (1914); *Priest v. Las Vegas*, 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751 (1914); *Roller V. Holly*, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520 (1900).

13. In the *New York* case, *supra*, the U.S. Supreme Court stated "[t]he statutory command for notice embodies a basic principle of justice – that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *New York,* 344 U.S. at 297.  The Supreme Court held that a creditor's claim could not be forever barred when the creditor did not receive reasonable notice. *Id.* at 297.

14. In the *Southtrust Bank of Alabama* case, *supra*, the 11th Circuit held that due process under the Fifth Amendment to the United States Constitution prevents actions taken against the interests of a creditor without notice.  *See also In re Hamilton*, 179 B.R. 749 (Bkrtcy.S.D.Ga.1995), citing to *Bowen v.*

*U.S. (In re Bowen)*, 174 B.R. 840 (Bkrtcy.S.D.Ga.1994), which cites to the *Southtrust Bank of Alabama* case. The *Hamilton* court stated that "[d]ue process plays an important role in determination of the effect of failure to file a proof of claim" (*see In re Hamilton*, 179 B.R. at 753), that "[a] non-filing creditor without notice of bankruptcy will not have its claim discharged in bankruptcy", and that "[d]ue process and res judicata work together to protect creditors without notice from being bound to the terms of a plan while binding creditors with notice who elect not to take part in the bankruptcy process." (*Id.*)

15. In the *Spring Valley Farms* case, the 11th Circuit elaborated on the U.S. Supreme Court case *New York, supra*, stating "[t]he language in *City of New York* clearly is not grounded in goals unique to the former bankruptcy act. The Court's emphasis on notice and opportunity to be heard underlines a due process concern." *Spring Valley Farms, Inc. v. Crow*, 863 F.2d at 835. The 11th Circuit then held that the due process concerns prevented the Chapter 11 debtor from discharging the creditor's debt when the debtor failed to provide notice of the bar date for filing claims. *Id*.

16. In the case of *Reliable Elec. Co., Inc. v. Olson Cons. Co. (In re Reliable Elec. Co.)*, 726 F.2d 620 (10th Cir.1984), the 10th Circuit Court, consistent with the U.S. Supreme Court view in *New York, supra*, held that to discharge a claim of a creditor in a reorganization case without reasonable notice of confirmation is a plain violation of the Fifth Amendment.

17. In *Westchester Surplus Lines Insurance Co. v. Surfside Resort and Suites, Inc.*, 344 B.R. 179 (Bankr. M.D.Fla.2006), this court stated that "[i]n a Chapter 11 bankruptcy case, all creditors and interested parties are entitled to notice of the time fixed for filing objections to the debtor's disclosure statement and plan of reorganization", and that "[i]t is axiomatic that notice is the bedrock of any procedurally proper bankruptcy case" (citing to the *Mullane* U.S. Supreme Court case and quoting therefrom, the "right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Id.* at 187. This court went on to say, this time quoting from *In re Ionosphere Clubs, Inc.*, 101 B.R. 844 (Bankr.S.D.N.Y.1989), that "[i]t is indubitable, then that "anyone holding a direct financial interest in the outcome of a case should be able to participate to protect their interest". *Westchester Surplus Lines Insurance Co. v. Surfside Resort and Suites, Inc.*, 344 B.R. at 188.

18. Other case law that supports Ms. Miranda in this matter are cited hereinafter, and show that these basic tenets of notice and due process are foundational and are applicable, no matter which Chapter the case is filed under. *See In re Aquaproof Roofing Co., Inc.*, 119 B.R. 864 (Bkrtcy.M.D.Fla.1990) judgment creditor with actual notice of chapter 11 case and who filed a proof of claim therein, but who never received any official notices during bankruptcy case, was not bound by the confirmed reorganization plan – citing to *In re Reliable Elec.*

*Co., Inc., supra*, and *Broomall Industries, Inc.*, 786 F.2d 401 (Fed.Cir.1986); *In re Bicoastal Corporation*, 147 B.R. 807 (Bkrtcy.M.D.Fla.1992), where Chapter 11 debtor had no notice of potential claim, notice by publication was sufficient; *In re Manzanares*, 345 B.R. 773 (Bkrtcy.S.D.Fla.2006) no asset Chapter 7 case – the purpose of a debtor's obligation to identify all persons or entities which may hold a claim against the estate is to provide adequate notice to creditors of the potential effect the bankruptcy might have on their rights – debtor who seeks the benefit of a discharge has a duty to notify creditors affected by the discharge to allow them an opportunity to object; *In re Fillard Apartments, Ltd.*, 96 B.R. 397 (Bkrtcy.S.D.Fla.1989) in a Chapter 11 case - the test for waiver rests on a determination of the intent of the party waiving its right; *In re Westbrook*, 246 B.R. 412 (Bkrtcy.N.D.Ala.1999) Chapter 13 case - creditor was afforded due process when it had ample and clear notice of the terms of the debtor's plan and of the date and time of the confirmation hearing; and *North Alabama Anesthesiology Group, P.C. v. Zickler (In re North Alabama Anesthesiology Group, P.C.)*, 154 B.R. 752, 756 (N.D.Ala.1993) Chapter 11 case – in dicta, if creditor did not receive notice of confirmation hearing, the plan could have no effect on his claims against non-debtor guarantors; *Spring Valley Farms, Inc. v. Crow*, 85 B.R. 593 (N.D.Ala.1988) affirming a bankruptcy court order in a Chapter 11 case that allowed claimants to proceed against debtor for pre-confirmation claims of which debtor was aware at the time of the filing of its petition and finding that any judgments obtained in such proceedings were not discharged, regardless of whether claimant was notified of the bankruptcy

case, where none of the other required notices were given to claimant, where claimant did not receive notice of the time and manner in which to file claims, notice of the setting of the confirmation hearing, or notice of the bar date.

### Conclusion

19. It is clear that the Debtor in this case had knowledge of Ms. Miranda's claim and how to communicate with her through attorney Davis.  After acknowledging her claim in writing, as well as the fact of attorney Davis's representation of her, and instead of advising her of the existence of the bankruptcy, the existence of the proposed plan, the imminent modification thereto, the proposed treatment of her claim thereunder, the date, time and location of the hearing on confirmation, or her right to file a claim and the manner and deadline related thereto, the Debtor did none of these things.  Rather, the Debtor remained silent as to these issues while communicating with Ms. Miranda through attorney Davis, purporting to process her claim through its normal channels.  In reality, however, the Debtor was all the while sandbagging Ms. Miranda, actively concealing the fact of the bankruptcy from her and the rights afforded her under its own proposed plan, and watching the pages of the calendar turn in the hopes that she would not become the wiser before the deadline to file her application for claim had expired.  Ms. Miranda was denied proper notice under the bankruptcy code, as well as her due process rights under the Fifth Amendment to the United States Constitution.

WHEREFORE Administrative Creditor, Susan Miranda, respectfully prays that this Honorable Court enter an order allowing her to file an application for administrative claim after the January 5, 2007 deadline and, or in the alternative, for an order allowing her to proceed against Debtor in state court and finding that any judgment obtained herein is not discharged on the ground set forth above.

## CERTIFICATE of SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on the 21st day of March 2007, to the persons on the attached Service List.

Respectfully Submitted,

/s/ James Schwitalla_____
James Schwitalla, Esq.
F.B.N. 911488
Attorney for Susan Miranda
Park Place II
12954 S.W. 133 Court
Miami, Florida 33186
Office (305) 278-0811
Fax (305) 278-0812

**SERVICE LIST**

Notice will be electronically mailed to:

jpost@smithhulsey.com

Notice will be sent via regular U.S. Mail and Facsimile to:

James H. Post, Esq.
c/o Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, FL 32202
Fax (904) 359-7708