## AFFIDAVIT OF JEFFREY R. DAVIS

STATE OF FLORIDA:
      : §:
COUNTY OF MIAMI-DADE:

1. That I am Jeffrey R. Davis, an attorney licensed to practice law in the State of Florida.

2. That on or about September 14, 2006, I was retained by Susan Miranda for representation in a claim for personal injuries against Winn Dixie Supermarkets.

3. That on September 14, 2006, my office sent a notice letter to Winn Dixie Supermarkets, 18300 S.W. 137th Avenue, Perrine, Florida 33177 and specifically sent the same to the attention of Luis Rodriguez, the manager of the store.

4. That on or about October 4, 2006, I was contacted over the telephone by Richard Law, a claims adjuster with Sedgwick Claims Management Services, Inc. on behalf of Winn Dixie Store No. 388. At that time, Mr. Law advised that he was the adjuster handling the subject premises liability case and requested information about the claim, including the extent of my client's injuries and damages. Mr. Law further provided me with a claim number and his contact information and advised me that he would be sending me a representation acknowledgment letter that day. That at no time during that conversation did Mr. Law ever mention anything about the status of Winn Dixie being in bankruptcy or that there was any need to file a specific Proof of Claim of any kind.

5. That on or about October 30, 2006, my office received an October 4, 2006 letter

EXHIBIT E 1 of 3

Affidavit of Jeffrey R. Davis
Page 2

from Sedgwick Claims Management Services, Inc. acknowledging my letter of representation and providing information about Winn Dixie's status as a self-insured entity. Further, the letter from Richard J. Law, General Liability Examiner, enclosed various authorization forms to obtain medical records and wage and salary forms from the claimant. No mention of Winn Dixie's status in bankruptcy was made in the letter, nor were any of the enclosures Proof of Claim forms or any bankruptcy forms of any kind.

6. The undersigned replied to the request of Sedgwick Claims and continued to provide medical records and medical bills during the following months. At no time did Winn Dixie and/or their representative, Sedgwick Claims ever advise the undersigned of any bankruptcy proceeding or the need to file a Proof of Claim. Further, no additional information was ever provided to the undersigned regarding any deadlines or dates for compliance with filing a Proof of Claim.

7. That on or about January 31, 2007, after sending numerous records and documents to Richard Law of Sedgwick Claims during Ms. Miranda's medical treatment, the undersigned presented a settlement demand to Winn Dixie.

8. That by letter of February 1, 2007, Richard Law, of Sedgwick Claims Management, Inc., for the very first time, advised that Winn Dixie had been in bankruptcy and that the deadline for filing a claim had been January 5, 2007.

**EXHIBIT** E 2 of 3

Affidavit of Jeffrey R. Davis
Page 3

9. That at no time was the undersigned ever advised by Winn Dixie or their agents, representatives of third-party administrators that a bankruptcy action was pending or that this subject claim was not going to be honored due to a specific filing deadline.

10. That the first notice received by the undersigned regarding the bankruptcy and/or deadline was after the deadline had passed.

FURTHER Affiant sayeth naught.

DATED this __1st__ day of __March__, 2007.

_____
Jeffrey R. Davis, Esq.
Florida Bar No. 599956

**SWORN TO AND SUBSCRIBED** before me by Jeffrey R. Davis, Esq. who is personally known to me, this __1st__ day of __March__, 2007.

_____
NOTARY PUBLIC, STATE OF FLORIDA

Michelle Vazquez
PRINTED NAME OF NOTARY PUBLIC

MICHELLE VAZQUEZ
MY COMMISSION #DD297553
EXPIRES: APR 05, 2008
Bonded through 1st State Insurance

DD997553
COMMISSION NUMBER

MY COMMISSION EXPIRES: 04/05/2008

EXHIBIT E 3 of 3