UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Reorganized Debtors. ) | Jointly Administered |
| ) | |

**AGREED ORDER RESOLVING CURE OBJECTION
FILED BY GARDENS PARK PLAZA, LTD. (STORE NO. 333)**

This cause came before the Court on the Limited Objection and Amended Limited Objection to Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts and (III) Grant Related Relief filed by Gardens Park Plaza, Ltd. ("Gardens Park") (Docket Nos. 9428 and 9707) with respect to Store No. 333 (the "Cure Objections") and Debtors' Twenty-Sixth Omnibus Objection to Claims Arising From Unexpired Leases of Non-Residential Real Property (I) That Have Been Assumed, (II) That Have Been Assumed and Assigned, or (III) That are the Subject of Lease Termination Agreements (Docket No. 12281). Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objections are overruled.

2. Proof of Claim number 4968 filed by Gardens Park is allowed as an administrative claim in the amount of $108,303.00, $95,647.00 of which Winn-Dixie Stores, Inc. and its affiliate debtors (collectively, the "Reorganized Debtors") have paid. Within thirty (30) days of entry of this Agreed Order, the Reorganized Debtors

will pay $12,656.00 in full satisfaction of any right to cure Gardens Park has or may have under 11 U.S.C. § 365 or otherwise.

3. Proof of claim 11551 filed by Gardens Park Plaza 219 is disallowed.

4. This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims filed by Gardens Park in these Chapter 11 cases including and not limited to the claims asserted in Docket Number 14493 and (ii) all other pre-petition or pre-effective date claims Gardens Park has or may have against the Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

5. Post-effective date liabilities and obligations will be handled by the parties in accordance with the applicable lease terms and ordinary course practices.

6. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this 21 day of March, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00555681

## **Consent**

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| ELK, BANKIER, CHRISTU & BAKST, LLP | SMITH HULSEY & BUSEY |
| By  *s/ Rilyn A. Carnahan**  <br>Rilyn A. Carnahan, F.B.N. 614831 | By  *s/ Cynthia C. Jackson*  <br>Cynthia C. Jackson, F.B.N. 498882 |
| 222 Lakeview Avenue, Suite 1330<br>West Palm Beach, FL 33401<br>(561) 238-9900<br>(561) 238-9920 (facsimile)<br>rcarnahan@ebcblaw.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Counsel for Gardens Park Plaza, Ltd. | Co-Counsel for Reorganized Debtors |

*Counsel has authorized their electronic signature.

00555681