## UNITED STATES BANKRUPTCY COURT
## IN THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Case No. 05-03817-3Fl |
| | ) |
| Reorganized Debtors. | ) Chapter 11 |
| | ) |
| | ) Jointly Administered |

### RESPONSE OF CLAIRE L. TALMADGE (CLAIM NO. 10427) TO DEBTORS' OMNIBUS OBJECTION TO UNRESOLVED LITIGATION CLAIMS BASED ON INSUFFICIENT DOCUMENTATION OR LATE FILED PROOFS OF CLAIM

Creditor/Claimant CLAIRE L. TALMADGE responds, through counsel, to the Debtors' Omnibus Objection as follows:

1. Debtors have objected to and disputed the claim of Claire L. Talmadge (Claim No. 10427) on the ground that it was not supported by legally sufficient documentation.

2. Creditor/Claimant Claire L. Talmadge maintains that the documentation submitted with the claim was, in fact, legally sufficient to support her claim which is then presumptively correct.

3. Alternatively and as additional documentation the creditor/claimant submits the following:

    a. On or about October 5, 2004 Claire L. Talmadge patronized the Winn-Dixie Montgomery Inc. store at Riverside Market in New Orleans, Louisiana (Store No. 1430) when, as she was leaving with her purchases, the automatic doors at the exit to the store closed upon her, trapping her and smashing and pinning her arm between the door and her shopping cart until store personnel could force the door open and free her, causing permanent damage and disfigurement to her body and psyche.

    b. On February 21, 2005 Winn-Dixie Montgomery, Inc. and related debtors filed for relief under chapter 11 of Title 11 of the U.S. Code and Claire L. Talmadge filed a timely proof of claim (No. 10427) on July 29, 2005 for the personal injuries described above. Proof of injury, treatment and medical expense was submitted to Debtors' claim administrator, who informed the undersigned attorney that

resolution was dependent upon an omnibus compromise with Medicare regarding the claims, such as Ms. Talmadge's, where benefits had been used to treat the injuries caused by Debtors' negligence.

 c. Additional and supplemental documentation is available, a portion of which is attached as Exhibit A hereto.

 4. The Debtors had a duty to all store patrons to ensure that its automatic doors would not close upon any of them and cause injury. The fact that the doors did close upon Claire L. Talmadge and injure her speaks for itself. The specific injuries caused to her right elbow, shoulder and hand by the enxtending pinning to the cart by the defective door include permanent nerve damage and disfigurement, pain, weakness, increased rheumatism on her right side and post-traumatic stress syndrome related to both automatic and elevator doors.

 5. The claim should be allowed as filed.

Respectfully submitted,

JOHN S. WINKLER, P.A.

/s/ John S. Winkler
_____
JOHN S. WINKLER
Florida Bar No. 559830
2515 Oak Street
Jacksonville, FL 32204
(904) 384-9918
Attorney for Creditor/Claimant
Claire L. Talmadge

**CERTIFICATE OF SERVICE**

I DO HEREBY CERTIFY that a copy hereof has been furnished to Smith Hulsey & Busey, Attn: David L. Gay, 225 Water Street, Suite 1800, Jacksonville, FL 32202 by U.S. Mail and facsimile to (904)359-7708 this 26th day of March, 2007.

/s/ John S. Winkler
_____
Attorney