**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**IN RE:**

| | |
|---|---|
| **WINN-DIXIE STORES, INC., et al.,** | **CASE NO. 3:05-bk-03817-JAF** |
| | **CHAPTER 11** |
| **DEBTORS.** | **JOINTLY ADMINISTERED** |

_____/

**MICHELLE SEVERSON'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

**COMES NOW** Movant, MICHELLE SEVERSON, by and through the undersigned attorneys, moves for relief from the automatic stay pursuant to 11 U.S.C. §362(d) and Federal Rule of Bankruptcy Procedure 4001, and as grounds therefore states:

1. The Movant is an unsecured Creditor of Debtors who in 2005 commenced a state court lawsuit in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida under Case No. 01-05-CA-329, Division J, naming the Debtors amongst the defendants and seeking a recovery for the Movant's substantial injuries.

2. The Debtors filed voluntary petitions commencing this Chapter 11 case on February 21, 2005.

3. The automatic stay provisions of 11 U.S.C. §362(a) put the state court trial on hold.

4. The Bankruptcy Court in the above-captioned matter has established a claims resolution procedure. Pursuant to the Resolution Procedure Order, Movant completed the

Questionnaire sent to her in this bankruptcy proceeding and returned same to the Debtors. A copy of the Questionnaire, without enclosures, is attached hereto and incorporated herein as Exhibit "A."

5. Pursuant to the Notice of Debtors' Omnibus Objection to Unresolved Litigation Claims filed June 22, 2006, a copy of which is attached hereto and incorporated herein as Exhibit "B," Debtors notified Movant that Movant's claim no. 13238 is disputed.

6. On March 21, 2007, Movant and Debtors engaged in mediation pursuant to the Resolution Procedure Order. The parties reached an impasse. A copy of the Mediation Report indicating the same is attached hereto and incorporated herein as Exhibit "C."

7. The Movant now seeks relief from the stay pursuant to 11 U.S.C. §362(d)(1) for cause, specifically because there is no harm to the Chapter 11 estate in determining the allowable amount of the claim in state court in 28 U.S.C. §1334(c)(2) and 28 U.S.C. §157(b)(2)(O) mandate that such a claim may be determined only in state court.

8. The full filing fee for the instant motion was paid concurrently with electronic filing.

WHEREFORE the Movant, MICHELLE SEVERSON, requests relief from the automatic stay allowing her to proceed with the trial of the state court suit through verdict, judgment, and appeal, and to return to this Court for any further relief in the nature of collection of the judgment.

RESPECTFULLY SUBMITTED this 26th day of March, 2007.

        DANIEL L. HIGHTOWER, P.A.

        */s/Kenneth M. Hesser*
        KENNETH M. HESSER
        Florida Bar No. 375720
        MARIANNE R. HOWANITZ
        Florida Bar No. 936014
        7 East Silver Springs Boulevard, Suite 300
        Ocala, Florida  34470
        Telephone:(352) 629-7777
        Facsimile:  (352) 629-6431
        Email: ken@danhightower.com
        Email: marianne@danhightower.com
        Attorneys for Creditor, Michelle Severson

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via U.S. Mail, postage prepaid, upon the Debtors and via CM/ECF electronic notification upon the Debtors' attorney, the U.S. Trustee, and Rule 1007D parties in interest only this 26th day of March, 2007.

        */s/Kenneth M. Hesser*
        OF COUNSEL