**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

WINN-DIXIE STORES, INC. et al.,                    Case No. 05-bk-03817-JAF

      Debtors                                                              Chapter 11

_____

**MOTION BY KASSIDIE CASAGRAND TO ENLARGE**
**TIME TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM**

    COMES NOW the movant, KASSIDE CASAGRAND ("Movant"), by and through her undersigned counsel, and pursuant to Bankruptcy Rule 9006(b) hereby move this Court for an Order enlarging the time to file their Application for Administrative Expense, and would show:

    1.    The Debtors filed Chapter 11 on February 21, 2005.

    2.    On or about August 19, 2005, Kassidie Casagrand was injured in the Winn Dixie store located in 14134 U.S. Highway 19 North, Hudson, Pasco County, Florida 34667 as a result of negligence on the part of the Debtors.

    3.    The Movant was represented by Attorney Christine E. Pejot, Esq.

    4.    As early as September, 2005, the Debtors had notice and actual knowledge of the accident and the injuries suffered by the Movant, when the Movant's counsel sent a notice of claim and insurance disclosure request to Winn Dixie or its agents on behalf of Kassidie Casagrand. In fact, in February, 2006, counsel for the Movant sent an initial demand package, including but not limited to photographs and medical records, to Winn Dixie or its agent.

5. Prior to January 5, 2007, the Debtors did not advise the Movant or her counsel of the Debtors' pending bankruptcy case.

6. Pursuant to the Order confirming the Debtors' Chapter 11 Plan, the Bankruptcy Court set January 5, 2007 as the Bar Date for certain post petition claimants, including post-petition personal injury claimants, to file Applications for Administrative Expense with the Court.

7. While the Debtors apparently sent a Notice regarding the January 5, 2007 Administrative Claims Bar Date to post-petition claimants, neither the Debtors, their counsel or agents ever served the Movant or her state court counsel with any notice of the Bar Date Order prior to the January 5, 2007 bar date. The Movant did not receive a Notice of the Administrative Claims bar date.

8. On January 11, 2007, the Movants' state court attorney became aware of the Administrative Claim bar date for the first time based on a routine call to Winn Dixie's agents for an update on the status of the demand. At the time, the Movant and her state court counsel were unaware of the existence of the Administrative Claim Bar Date.

9. The Movants' state court counsel acted promptly to determine the status of the bankruptcy case, and whether the Movant had received any notice of the Administrative Claims bar date.

10. On January 12, 2007, the undersigned filed an Application for Administrative Expense with the Court on behalf of the Movants.

11. The Court should allow the Movant to file the Application for administrative claim against the Debtors past the Administrative Claim bar date, and deem the Application as timely filed

because, *inter alia*, the Movant did not receive notice of the Administrative Claims bar date, or in the alternative, the failure to file an Application for Administrative Expense prior to the bar date was the result of excusable neglect.

12. The Affidavit of Kassidie Casagrand in support of this Motion is attached hereto as Exhibit "A". The Affidavit of the Movant's counsel in support of this Motion is attached hereto as Exhibit "B".

## Legal Argument

The Movant was involved in a serious accident caused by the negligence of the Debtors. This accident occurred **post-petition**. The Movant was represented by counsel, and asserted their claim in writing to the Debtors or it agents. As such, the Movant was a known creditor of the Debtors. As known claimants, the Movant was entitled to actual notice of the Administrative Claims bar date. In re Charter Company, 125 B.R. 650 (Bkrtcy. M.D. Fla. 1991)(due process requires that a debtor's known creditors be given actual notice of the claims bar date). In this case, the Movant was not given actual notice of the Administrative Claims Bar Date prior to the expiration of the bar date.

Based on principals of due process, this Motion should be granted. The Movant was a known creditor holding a post-petition claim. The Debtors failed to serve a Notice of the Administrative Claims bar date on the Movant or her counsel, or otherwise advise the Movant of the administrative claims bar date prior to the bar date.

In addition, and as separate and alternative grounds, the Court can deem the Movant's claim or pleading as timely filed based upon excusable neglect under Bankruptcy Rule 9006. The legal standard for determining excusable neglect is set forth in Pioneer Inv. Services Co. v. Brunswick

Assocs. Ltd., 507 U.S. 380, 113 S.Ct. 1489 (1993). In Pioneer, the Supreme Court held that a bankruptcy court may extend the bar date for cause to "permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect." Pioneer, 507 U.S. at 385, 113 S.Ct. at 1492. The determination as to whether a party's neglect of a deadline is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the parties omission." Id. Factors to be considered when determining the existence of "excusable neglect" include: prejudice to the debtor; the length of delay and its potential impact on the judicial proceedings; the reason for the delay; and whether the movant acted in good faith. Id. Many Courts have applied the excusable neglect analysis in Pioneer Investment Services Co. to time limits for filing administrative expense claims. See, e.g., In re Rand Energy Co., 256 B.R. 712 (Bankr. N.D. Tex. 2000).

In this case, both the law and the equities favor the Court extending the Administrative Claim bar date to allow the Movant to file an administrative claim and deem their administrative expense claim as timely filed based upon excusable neglect, for the following reasons:

(i) There is no prejudice to the Debtors or the Estate if the bar date is extended to allow the Movant to file the Administrative Claim. Since the filing of Chapter 11 case, the Debtors, through their agent (Segwick) and state court counsel, have been liquidating post-petition personal injury claims (either by litigating or adjusting) in the ordinary course of their business. The Debtors have indicated that they will continue to adjust and pay the post-petition personal injury claims in the same manner as they have done in the past. Further, since these are **post-petition** claims, allowing them to go forward will not effect the distribution to the pre-petition unsecured creditors.

(ii) There has been no significant delay in the Movant filing this Motion. The Application was filed within one week after the Administrative Claim bar date.

4

(iii)   The judicial process has not been impacted in any way, and allowing the Movants to assert their Administrative Claim will have no impact on the administration of this case.

(iv)   Public policy does not weigh against the relief sought by the Movants.

(v)   The Movants' claim constitutes a post-petition personal injury tort claim. Notwithstanding that (the personal injury claim could be resolved through a Court approved claims resolution process), the Movants' claim cannot be adjudicated in the Bankruptcy Court.

In conclusion, the Debtors did not serve the Movant or her counsel with notice of the Administrative Claims bar date. Granting the Movant's request to have their claim be deemed timely filed is not prejudicial to the Debtors in any way. Further, neither the Movant nor her counsel received any notice of the bankruptcy case or the Administrative Claim bar date. Therefore, the Movant was not properly put on notice as to the bar date. In addition, once advised of the bar date, the Movant and her counsel have acted promptly and in good faith. Granting the relief sought would not prejudice either the Debtors or creditors. As a matter of equity, this Court should extend the bar date to allow the Movants' Administrative Expense Application in the above case to be deemed as timely filed.

WHEREFORE, the Movant respectfully request this Court for an Order enlarging time such that the Application for Administrative Expense and filed herein will be deemed to be timely filed, and for such other relief as the Court finds just.

      /s/ Dennis J. LeVine
DENNIS J. LeVINE, ESQ.
FBN 375993
Dennis LeVine & Associates, P.A.
P. O. Box 707
Tampa, FL  33601
(813) 253-0777
(813) 253-0975 (fax)
Attorneys for the Movant, Kassidie Casagrand

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing Motion to Enlarge Time to File Application for Administrative Expense upon the parties listed on the attached list on this 26th day of March, 2007.

      /s/ Dennis J. LeVine
DENNIS J. LeVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005