UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC. et al                Case No. 05-bk-03817-3F1

      Debtors                                                    Chapter 11
_____/

## AFFIDAVIT IN SUPPORT OF MOTION BY CHRISTINE E. PEJOT TO ENLARGE TIME TO FILE PROOF OF CLAIM

COMES NOW the affiant, Christine E. Pejot, who, being duly sworn, states as follows:

1. I am an attorney licensed to practice in Florida since 2004.

2. I have personal knowledge of the facts set forth herein.

3. My practice does not involve bankruptcy law.

4. In August 2005, my firm was retained by Kassidie Casagrand to represent her for the serious injuries she received as a result of accident at the Winn Dixie store located in Hudson Square, 14134 U.S. 19 North, Hudson, FL 34667. The incident occurred on August 25, 2005.

5. On September 7, 2005, I sent a notice of claim and insurance disclosure request to Winn Dixie or its agents on behalf of Kassidie Casagrand.

1

6. On February 22, 2006, I sent an initial demand package, including but not limited to, photographs and medical records, to Winn Dixie or its agents on behalf of Kassidie Casagrand.

7. During the pendency of the negotiations with Winn Dixie or its agents, I was not advised that that a deadline existed to file something with the Bankruptcy Court.

8. Prior to January 5, 2007, neither my client nor I had any knowledge that that a deadline existed to file something with the Bankruptcy Court.

9. On or about January 11, 2007, I became aware of the existence of a deadline to file something with the Bankruptcy Court by making a routine call to Winn-Dixie's agents for an update on the status of the demand. This provided me my first knowledge that this Court had issued an Order requiring claims to be submitted to the Court on or before January 5, 2007.

10. On January 12, 2007, I communicated with the administrative office of the Court in Jacksonville, Florida, to obtain a password for the purpose of filing the appropriate forms on behalf of Kassidie Casagrand, and on the same date, I filed an Application for Payment of Administrative Expenses.

11. On February 21, 2007, I contacted Attorney Dennis LeVine in Tampa, Florida to request his assistance in this bankruptcy case.

12. Prior to January 12, 2007, I did not previously receive a copy of any pleadings in the bankruptcy case, including any Orders or Notices setting a bar date to file an application for a post-petition personal injury claim. My client has advised me that she did not previously receive a copy of any pleadings, Orders or Notices in the bankruptcy case, including any Orders setting a bar date to file an application for a post-petition

personal injury claim. My client has advised me that she had not received any notice of Winn Dixie filing bankruptcy, and she had no notice or knowledge of a bar date to file claims with the Bankruptcy Court.

13. Upon being advised of the status of the bankruptcy case, I requested Mr. LeVine to prepare an Application for Administrative Expense and/or any other necessary pleadings on behalf of Kassidie Casagrand. I understand that an Application for Administrative Expense has been with the Court on behalf of Kassidie Casagrand.

14. Once I was advised of the pendency of a bankruptcy case and a bar date, I acted promptly and in good faith to assert a claim in the Bankruptcy Court on behalf of Kassidie Casagrand. FURTHER AFFIANT SAITH NOT.

_____
Affiant

STATE OF FLORIDA
COUNTY OF PINELLAS

SWORN to and SUBSCRIBED before me, this 16 day of March, 2007, by Christine E. Pajot, who is personally known to me, or who produced FDLIC P230-165-7395-0 as identification.

_____
Notary Public - State of Florida At Large
My Commission Expires:



DIANA J. WYMAN
Commission DD 633469
Expires February 16, 2011

3