UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors.[1] | ) | Jointly Administered |

**AGREED ORDER APPROVING STIPULATION RESOLVING
CLAIM NO. 470 FILED BY INGRAM ENTERTAINMENT INC.**

This matter is before the Court upon the Debtors' Nineteenth Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Workers' Compensation Claims and (D) Workers' Compensation Misclassified Claims (the "Objection") as it pertains to (i) Claim No. 470 filed by Ingram Entertainment Inc. (Docket No. 10689) and (ii) Ingram Entertainment Inc.'s response to the Objection (Docket No. 11257). Based upon the consent of the parties as set forth in the attached stipulation (the "Stipulation"), it is

ORDERED AND ADJUDGED:

1. The Stipulation is approved.

2. Claim No. 470 filed by Ingram Entertainment Inc. is disallowed.

3. Ingram Entertainment Inc. is directed to pay to Winn-Dixie Stores, Inc. the sum of $445,000 in full satisfaction of its prepetition obligations to the Debtors

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

with respect to the transactions relating to Claim No. 470. Ingram Entertainment Inc. shall make such payment within 3 business days of the entry of this Order by check made payable to Winn-Dixie Stores, Inc. and delivered by overnight delivery service to Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254, attention David Young.

4. Logan & Company, Inc., the claims agent appointed in the Debtors' Chapter 11 cases, is directed to make such revisions to the claims register as are necessary to reflect the terms of this Order.

5. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 27 day of March, 2007, in Jacksonville, Florida.

---

Jerry A. Funk
United States Bankruptcy Judge

Copies furnished to:

James H. Post, Esq.

[James H. Post is directed to serve a copy of this order on any party in interest who has not received the order through the CM/ECF system and to file a proof of service.]

561377.2

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors.[1] | ) | Jointly Administered |

**STIPULATION BETWEEN THE
DEBTORS AND INGRAM ENTERTAINMENT INC.**

Winn-Dixie Stores, Inc., ("Winn-Dixie") and twenty-three of its reorganized debtor affiliates (collectively, the "Debtors"), and Ingram Entertainment Inc. ("Ingram") enter into this stipulation (the "Stipulation") as follows:

**Recitals**

A.   On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

B.   On June 29, 2006, the Debtors filed their joint plan of reorganization (the "Plan") (Docket No. 8856).

C.   On November 9, 2006, the Court entered an order approving the Plan, as modified (the "Confirmation Order") (Docket No. 12440). The effective date of the Plan was November 21, 2006 (the "Effective Date") (Docket No. 12745).

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

D.   Prior to the Petition Date, the Debtors sold Ingram products in Winn-Dixie stores pursuant to an agreement between the parties.

E.   Ingram filed five proofs of claim in these chapter 11 cases: Claim Nos. 468, 469, 470, 473 and 474. Claim Nos. 468, 469, 473 and 474 have been disallowed as duplicative of Claim No. 470 (Docket Nos. 5219, 11219).

F.   Winn-Dixie asserts that Ingram owes it $890,346.56 as a result of the transactions between the parties.

G.   Ingram asserts that Winn-Dixie owes it $195,417.68 as a result of the transactions between the parties.

## Agreement

Subject to the entry of a Bankruptcy Court order approving this Stipulation, the parties agree as follows:

1.   Claim No. 470 is disallowed.

2.   Ingram shall pay to Winn-Dixie Stores, Inc. the sum of $445,000 within 3 business days of the entry of the Bankruptcy Court order approving this Stipulation by check made payable to Winn-Dixie Stores, Inc. and delivered by overnight delivery service to Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254, attention David Young.

3.   Effective upon the entry of an Order approving this Stipulation and the payment provided for in paragraph 2 above, all claims which the Debtors or Ingram had or may have had against each other in connection with or related to the products delivered by Ingram to the Debtors on or before the Effective Date, including all

2

payments required to be made by the Debtors or Ingram to each other in connection with such products, are fully waived, discharged and released pursuant to this Stipulation.

4. The parties to this Stipulation consent to the exclusive jurisdiction of the Bankruptcy Court to interpret, implement and enforce the provisions of this Stipulation.

5. The parties agree to execute and deliver any and all additional documents and do any and all things reasonably necessary to carry out the intent of the parties pursuant to this Stipulation.

Dated: March 26, 2007

| HOLLAND & KNIGHT LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   s/ Alan M. Weiss*  <br>       Alan M. Weiss | By   s/ Leanne McKnight Prendergast  <br>       Stephen D. Busey  <br>       James H. Post  <br>       Leanne McKnight Prendergast |
| Florida Bar No. 340219<br>50 North Laura Street<br>Suite 3900<br>Jacksonville, Florida 32202<br>(904) 353-2000<br>(904) 358-1872 (facsimile)<br>Alan.weiss@hklaw.com | Florida Bar No. 59544<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>lprendergast@smithhulsey.com |
| Attorneys for Ingram Entertainment Inc. | Attorneys for Reorganized Debtors |

* Counsel has authorized the use of his electronic signature

561556

3