**UNITED STATES BANKRUPTCY COURT**

**MIDDLE DISTRICT OF FLORIDA**
(Jacksonville Division)

| | | |
|---|---|---|
| IN RE: WINN-DIXIE STORES, INC., ET AL | * * | CASE NO. 05-03817-3F1 |
| | * | CHAPTER 11 |
| REORGANIZED DEBTORS | * * | JOINTLY ADMINISTERED |
| | * * | |

*********************************************************************************

**MEMORANDUM OF CLAIMANT, LENA CHAHBOUDAGIANTZ, CLAIMAINT ID: WDX-416784-LB-L1, IN OPPOSITION TO THE DEBTORS' OMNIBUS OBJECTION TO UNRESOLVED LITIATION CLAIMS BASED ON INSUFFICIENT DOCUMENTATION OR LATE FILED PROOFS OF CLAIM**

Presently pending before this Honorable Court and set for hearing on April 5, 2007, is the Debtors' Objection to the Claims asserted herein by Lena Chahboudagiantz, Claimant ID Number WDX-416784-LB-L1. Ms. Chahboudagiantz respectfully submits that the Debtors' objection to her claim lacks merit and should be overruled.

The claims asserted herein by Ms. Chahboudagiantz are associated with claims for recovery of personal injuries suffered as a result of an incident which occurred on or about June 20, 2003, at a Winn Dixie store location within the County of Pearl River, State of Mississippi. As has already been documented in connection with this matter, the Complaint for Damages was filed against Winn Dixie Stores, Inc. in the Fifteenth Circuit Court District for the County of Pearl River, State of Mississippi, on or about June 17, 2005, said litigation bearing Docket Number 2005-0256. Please see a copy of the Complaint attached hereto as Exhibit 1.

On or about August 1, 2005, Winn Dixie Stores, Inc. presented to the Mississippi State Court for filing, a "Notice of Filing," attaching a copy of the Notice of Commencement of Bankruptcy Case. This was the first occasion on which undersigned counsel was advised that Winn Dixie Stores, Inc. was asserting the provisions of the Bankruptcy Code in response to the claims asserted by Ms. Chahboudagiantz. Please see Exhibit 2. Obviously, the receipt by undersigned counsel of this Notice subsequent to August 1, 2005, precluded the filing of a Notice of Claim so as to be received by the Debtors on or before August 1, 2005.

Subsequently, Ms. Chahboudagiantz did receive the "Proof of Claim for Special Bar Date: November 30, 2005, at 5:00 o' clock p.m.," a copy which is attached hereto as Exhibit 3. The content of the Proof of Claim form received by Ms. Chahboudagiantz indicates that this Notice of Claim for Special Bar Date was due to be filed on or before November 30, 2005, and further set forth a statement that the November 30, 2005, special bar date was applicable to "subsequently identified claimants." Ms. Chahboudagiantz contends that she is a "subsequently identified claimant."

Further in this regard, on or about November 22, 2005, the duly executed Proof of Claim form, with supporting documentation was forwarded to the Winn Dixie Claims Docketing Center, care of Logan and Company, Inc., 546 Valley Road, Upper Montclair, New Jersey, 07043, and said correspondence having been received by the Docketing Center on or about November 28, 2005. Please see Exhibit 4. Thus, the Proof of Claim was timely submitted.

Ms. Chahboudagiantz would further suggest that actions taken by and/or on behalf of the Debtors subsequent to submission of the Proof of Claim form serve as a

waiver of any objection as to the time limits of the filing of the Proof of Claim form. On or about March 24, 2006, in response to the request of the claims agent, Ms. Chahboudagiantz submitted a duly executed Questionnaire for Litigation Claimants. Please see Exhibit 5. Additionally, by way of correspondence dated May 8, 2006, the claims adjuster with Sedgwick Claims Managing Services, Inc. assigned to this matter requested dates for mediation of the claims asserted by Ms. Chahboudagiantz. Please see Exhibit 6. Subsequently, the undersigned counsel requested that the claims agent provide dates for the proposed mediation. Please see Exhibit 7. Thereafter, counsel for the Debtors tentatively scheduled a mediation of this matter to go forward on Thursday, December 7, 2006, in Jacksonville, Florida. Please see Exhibit 8.

Contemporaneous therewith, for the first time, the Debtors suggested that the Claimant's claim may be barred as a Proof of Claim form was not timely submitted. By way of correspondence dated September 21, 2006, undersigned counsel requested any documentation with respect to whether Ms. Chahboudagiantz was timely provided with a notice of the deadline within which to submit a Proof of Claim form. Please see Exhibit 9. Since that time, however, undersigned counsel has been provided with no documentation whatsoever.

As noted, Ms. Chahboudagiantz would respectfully submit that she falls into the class of "subsequently identified claimants" and the bar date for filing of her Proof of Claim form was not until November 30, 2005. As her Proof of Claim was properly submitted and filed on or about November 28, 2005, same was timely submitted. Moreover, the actions taken by the Debtors acknowledging this claim and failing to

timely assert any issues regarding the time limits of filing the Proof of Claim form constitute a waiver on the part of the Debtors to assert any such argument.

Accordingly, Lena Chahboudagiantz would respectfully request this Honorable Court overrule the objections brought by the Debtors as to her Proof of Claim form. In the alternative, Lena Chahboudagiantz would respectfully request this Honorable Court continue the hearing on this matter pending further discovery as to the issue of when Lena Chahboudagiantz received notice of her requirement to file a Proof of Claim form.

**Respectfully Submitted,**
**ROME, ARATA & BAXLEY, L.L.C.**


BY: _/s W. Chad Stelly_
**W. CHAD STELLY, LA. #21140**
**BLAKE G. ARATA, JR. #1697**
**C. PERRIN ROME, III #17774**
**650 Poydras Street, Suite 2017**
**New Orleans, Louisiana 70130**
**Telephone: (504) 522-9980**
**Facsimile: (504) 522-9971**
**Counsel for Lena Chahboudagiantz**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by placing same in the United States mail, postage pre-paid and properly addressed on this 21st day of March, 2007.

_/s/ W. Chad Stelly_
**W. CHAD STELLY, ESQ.**