

# Sedgwick

Sedgwick Claims Management Services, Inc.
P.O. Box 24787, Jacksonville, FL 32241-4787
Telephone 904 419-5300    Facsimile 904 419-5365/5359

May 8, 2006

R___e, A_ata & Baxley, LLC
W. Chad Stelly, Esquire
650 Poydras Street
Suite 2107
NEW ORLEANS, LA 70130

Re:     Claim Number:      A311207644
        Claimant Name:     Lena Chahboudagiantz
        POC Number:        12630

Dear W. Chad Stelly, Esquire,

    I am writing you to inform you and your client of some important changes to the claims resolution process that pertain to the settlement of Winn Dixie bankruptcy claims.

    An amended claims resolution procedure has been approved by Judge Jerry A. Funk in the United States Bankruptcy Court Middle District of Florida Jacksonville Division. The <u>first important change</u> is that **mediation is a prerequisite to the filing of motions for relief from the automatic stay in order to liquidate claims in other forums.** <u>This does not mean that mediation is required to settle the claim</u> but it is mandatory before any attempt is made to lift the stay and attempt to litigate the claim in state court.

    It is our desire to make a good faith effort to settle every meritorious claim in a good faith manner. The <u>second important change</u> is that total amount of cash available to settle claims on a de minimis (cash) basis has been raised. The initial sum of money granted for such cash settlements was about to be exhausted so the court agreed to raise the aggregate amount available from $1.5 million to $2.5 million. This is a limited amount of funding and will not be available when the aggregate amount of $2.5 million has been exhausted. The de minimis (cash) settlement option is available subject to the following restrictions in that any proposed settlement payment cannot be more than "the lesser of either (a) 50% of any reserve established by the Debtors for the claims prior to September 1, 2005 or (b) $5,000.00." Claims settled on a de minimis basis can be paid out promptly and at 100 cents on the dollar.



EXHIBIT 6

We encourage you to continue to communicate with us and discuss settlement. If you do not choose to settle on a de minimis (cash) basis then the only other option is to settle your client's claim on an allowed general unsecured non-priority basis. The order states that, "all such settlements shall be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases."

A confirmed reorganization plan(s) is not in place at this point. The amount, percentage, or method of the ultimate payout to holders of allowed unsecured non-priority claims in this case will not be known until a confirmed plan is in place, the date of which is uncertain.

**Please note, however, our evaluation of your claim will not be subject to any anticipated payout on your claim. Regardless of the amount, percentage or method of the ultimate payout in the confirmed plan, we will not agree to settle any claim for an amount that is above the objective settlement value of such claim. Any attempt to increase the value of any claim due to an expected pay-out for allowed general unsecured claims of less than 100 cents on the dollar will be denied.**

Those claims that are litigated to a judgment will be paid out in accordance with the confirmed plan(s) of reorganization. At no point in the future will your client's claim be paid at 100 cents on the dollar except for currently available de minimis funds. Your client's claim will always be subject to the jurisdiction of the bankruptcy court.

We look forward to working with you and encourage you to contact the examiner handling this claim as soon as possible. At some point in this process an Omnibus Objection will be entered with the court, and the judge will be asked to disallow all claims that have not been settled. For this reason we ask that you communicate with us for discussions about the possible settlement of your client's claim.

If you have any questions, please call me at 904/419-5344.


Sincerely,

*C. Everett Brooks*
General Liability Examiner III