**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. [1] | ) | Jointly Administered |

**STIPULATION BETWEEN THE DEBTORS AND**
**METRO-GOLDWYN-MAYER HOME ENTERTAINMENT LLC**

Winn-Dixie Stores, Inc. and twenty-three of its reorganized debtor affiliates (collectively, the "Debtors") and Metro-Goldwyn-Mayer Home Entertainment LLC ("MGM") enter into this stipulation (the "Stipulation") as follows:

**Recitals**

A.     On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

B.     On June 29, 2006, the Debtors filed their joint plan of reorganization (the "Plan") (Docket No. 8856).

C.     On November 9, 2006, the Court entered an order approving the Plan, as modified (Docket No. 12440).  The effective date of the Plan was November 21, 2006 (the "Effective Date") (Docket No. 12745).

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

D.      Prior to the Petition Date, the Debtors sold MGM products in Winn-Dixie stores pursuant to an agreement between the parties.

E.      MGM filed Claim No. 5590 in these chapter 11 cases. The Debtors objected to Claim No. 5590 (Docket Nos. 10689, 15413) and asserted a counterclaim against MGM (Docket 15413).

### Agreement

The Debtors and MGM agree as follows:

1.      Upon execution of this Stipulation, The Debtors shall promptly take appropriate steps to obtain an order of the United States Bankruptcy Court approving this Stipulation and the settlement and releases set forth herein ("the Approval Order").  If the Court declines or fails to enter the Approval Order, or if the Approval Order is reversed or vacated on appeal, then this Stipulation and the terms and releases set forth herein shall be of no further force or effect.

2.      MGM shall pay to Winn-Dixie Stores, Inc. the sum of $35,000 ("the Settlement Sum") within ten business days after the Approval Order becomes final. Payment of the Settlement Sum shall be by check made payable to Winn-Dixie Stores, Inc. and delivered by overnight delivery service to Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254, attention David Young.  For purposes of this Stipulation, the Approval Order shall become final on the first business day that is at least eleven days after entry of the Approval Order, unless an appeal has been filed from the Approval Order, in which case the Approval Order shall become final on the first business day after the later of (a) the entry or issuance of an order confirming the Approval Order or dismissal of the appeal ("Dispositive Appellate Event"), and (b) the deadline for any further appeals from or applications for review of the Approval Order or

any Dispositive Appellate Event.

3.      Effective upon the finality of the Approval Order and payment of the Settlement Sum:

        a.      All claims which the Debtors, their bankruptcy estates, trustees, parents, subsidiaries, affiliates, agents, representatives or attorneys ("the Debtor Parties") had or may have against MGM, its parents, subsidiaries, affiliates, agents, representatives or attorneys ("the MGM Parties"), which arose on or before the date of this Stipulation, including (but not limited to) all payments required to be made to Debtor Parties  and all preference or other avoidance claims, are fully waived, discharged and released.

        b.      All claims which the MGM Parties had or may have against the Debtor Parties, which arose on or before the date of this Stipulation, including (but not limited to) all payments required to be made to the MGM Parties, are fully waived, discharged and released.

        c.      Claim No. 5590 shall be disallowed.

4.      Nothing in this Stipulation releases or discharges any of the parties' obligations, agreements, representations, warranties or undertakings set forth herein.

5.      While the Debtors' attempts to obtain the Approval Order are pending, MGM shall have an open extension of time to respond to the Debtors' Amended Objection and Counterclaim.  If the court denies the Approval Order, then MGM's response to the Debtors' Amended Objection and Counterclaim shall be due fifteen (15) days from the date of entry of the court's order denying the Approval Order.

6.      Miscellaneous Provision:

        a.      This Stipulation reflects a compromise of disputed claims.  It does

3

not constitute, and may not be construed as, an admission of any fact or liability by any party.

b.    The parties shall execute such further documents and take such further actions as may be reasonably necessary to carry into effect the provisions of this Stipulation.

c.    Each party to this Stipulation has been represented by independent counsel of its own choosing in negotiating the settlement reflected by this Stipulation, and in drafting this Stipulation.  The parties and their attorneys have made whatever investigation of the facts concerning this Stipulation they believe to be necessary, and they have relied upon their own and their attorneys' investigations and not upon any representations of the other party or any other person in deciding to enter into this Stipulation, except for any representations expressly set forth in this Stipulation.  Notwithstanding the foregoing, each party expressly represents that it has read and understands this Stipulation in its entirely, that it knows and fully understands this Stipulation's contents and the significance thereof, and that it is aware that the other party is entering into this Stipulation in reliance upon this representation.

d.    The language of this Stipulation is the product of the mutual effort of the parties and their attorneys.  This Stipulation shall be construed fairly as to all parties, and it shall not be construed for or against any party on the basis of the extent to which that party participated in drafting it.

e.    This Stipulation constitutes a single, integrated contract expressing the parties' entire agreement concerning its subject matter. All prior discussions, writings and negotiations concerning the subject matter of this Stipulation have

been merged and integrated into, and are superseded by, this Stipulation. This Stipulation may be modified or amended only by written agreement executed by all parties.

f.    Each Party shall bear its own costs, expenses and attorneys' fees in connection with the Adversary Proceeding, the disputes resolved by this Stipulation and the claims released by this Stipulation. Neither Party shall make any claim for any such costs, expenses or fees against any of the parties that such Party is releasing pursuant to this Stipulation.

g.    Each person whose signature is affixed hereto in a representative capacity represents and warrants that he or she is authorized to execute this Stipulation on behalf of and to bind the persons and/or entities on whose behalf his or her signature is affixed.

Dated:  March 29, 2007

HOLLAND & KNIGHT LLP                      SMITH HULSEY & BUSEY


By____*s/ Alan M. Weiss*____             By ____*s/ Leanne McKnight Prendergast*____
    Alan M. Weiss                            Stephen D. Busey
                             James H. Post
                             Leanne McKnight Prendergast

Florida Bar No. 340219
50 North Laura Street                    Florida Bar No. 59544
Suite 3900                               225 Water Street, Suite 1800
Jacksonville, Florida 32202              Jacksonville, Florida  32202
(904) 353-2000                           (904) 359-7700
(904) 358-1872 (facsimile)              (904) 359-7708 (facsimile)
Alan.weiss@hklaw.com                     lprendergast@smithhulsey.com

Attorneys for Metro-Goldwyn-Mayer        Attorneys for Reorganized Debtors
Home Entertainment LLC

* Counsel has authorized the use of his
electronic signature
562167