UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |

**AGREED ORDER RESOLVING (I) CLAIM NOS. 12331 AND 12332 FILED BY WELLS FARGO BANK NORTHWEST N.A., (II) CLAIM NOS. 13183 AND 13298 FILED BY MERRILL LYNCH PIERCE FENNER & SMITH INC., (III) CLAIM NO. 13187 FILED BY MERRILL LYNCH LP HOLDINGS, INC. AND (IV) CLAIM NO. 13004 FILED BY CAPX REALTY, LLC**

These cases came before the Court for hearing (i) upon the Thirteenth Omnibus Objection of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"),[2] which objection included among the several claims subject to dispute the claim of Wells Fargo Bank Northwest, N.A. filed as Claim No. 12331, (ii) upon the Fifteenth Omnibus Objection, which objection included as one of the several claims subject to dispute the claim of Wells Fargo Bank Northwest, N.A. filed as Claim No. 12332 and the claim of Merrill Lynch LP Holdings, Inc. filed as Claim No. 13187, (iii) upon the Sixteenth Omnibus Objection, which objection included as one of the several claims subject to dispute the claim of CAPX Realty, LLC filed as Claim No. 13004, (iv) upon the Twenty-

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

Second Omnibus Objection, which objection included as one of the several claims subject to dispute the claim of Merrill Lynch, Pierce, Fenner & Smith, Inc. filed as Claim No. 13183 and (v) upon the Twenty-Fifth Omnibus Objection, which objection included as one of the several claims subject to dispute the claim of Merrill Lynch Pierce Fenner & Smith, Incorporated, filed as Claim No. 13298. All of the claims at issue are held by or were transferred to Merrill Lynch, Pierce Fenner & Smith, Inc. or Merrill Lynch LP Holdings, Inc. Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. Claim no. 12332 (Adamsville, Store No. 593) is allowed as an unsecured non-priority claim in the amount of $844,260.99 (plan class 13), and the remainder of claim no. 12332 is disallowed.

2. Claim no. 13187 (Bennettsville, Store No. 2130) is allowed as an unsecured non-priority claim in the amount of $887,027.04 (plan class 13), and the remainder of claim no. 13187 is disallowed.

3. Claim no. 13298 (Rocky Mount, Store No. 983) is allowed as an unsecured non-priority claim in the amount of $717,829.00 (plan class 13), and the remainder of claim no. 13298 is disallowed.

4. Claim no. 12331 (Vestavia, Store No. 532) is allowed as an unsecured non-priority claim in the amount of $1,718,729.54 (plan class 13), and the remainder of claim no. 12331 is disallowed.

5. Claim no. 13004 (Orlando, Store No. 2294) is allowed as an unsecured non-priority claim in the amount of $1,209,574.95 (plan class 13), and the remainder of claim no. 13004 is disallowed.

6. Claim no. 13183 (Bennettsville, Store No. 2130 and Hiram, Store No. 1829) is disallowed in its entirety.

7. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 29 day of March, 2007 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| SMITH HULSEY & BUSEY | MORRISON & FOERSTER LLP |
|---|---|
| By /s/ James H. Post<br>James H. Post | By /s/ Larren M. Nashelsky*<br>Larren M. Nashelsky |
| Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile) | 1290 Avenue of the Americas<br>New York, New York 10014<br>(212) 506-7365<br>(212) 468-7900 (facsimile) |
| -and- | Counsel for Merrill Lynch, Pierce, Fenner & Smith, Inc. |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | *Counsel has authorized his electronic signature |
| D. J. Baker<br>Sally McDonald Henry<br>Rosalie Walker Gray<br>Jane M. Leamy<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile) | |
| Co-Counsel for Reorganized Debtors | |