UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                         ) Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,   ) Chapter 11

          Reorganized Debtors.[1]       ) Jointly Administered

_____)

### AGREED ORDER RESOLVING THE ADMINISTRATIVE CLAIM FILED BY MICHONE HAWKES

This case is before the Court upon the objection of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the administrative claim (the "Claim") filed by Michone Hawkes (the "Claimant") (Docket No. 13646). Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Claim is allowed as an administrative claim in the amount of $20,000.00 under the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, as modified (the "Plan").

2. Distributions will be made on the allowed Claim pursuant to Sections 4.1 and 9.2 of the Plan to the Claimant in care of the person and at the address as set forth in the consent to this Agreed Order.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

00560397

3. This Agreed Order resolves (i) all liabilities and obligations related to the Claim and (ii) all other prepetition or post-petition claims the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

4. The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Debtors in this Court or in any other forum.

5. The Debtors do not, by this Agreed Order, acknowledge the validity of any claim or make any admission of liability. The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.

6. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 29 day of March, 2007, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on any party in interest who has not received the order through the CM/ECF system and to file a proof of service.]

00560397

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| SMITH HULSEY & BUSEY | GOLDMAN, DASZKAL, CUTLER, BOLTON & KIRBY |
|---|---|
| By /s/ James H. Post | By /s/ Jeff Kirby |
| James H. Post | Jeff Kirby |
| Florida Bar Number 175460 | Florida Bar Number 860654 |
| 225 Water Street, Suite 1800 | 1630 W. Hillsboro Blvd. |
| Jacksonville, Florida 32202 | Deerfield Beach, FL 33442 |
| (904) 359-7700 | (954) 428-9333 |
| (904) 359-7708 (facsimile) | (954) 428-9338 (facsimile) |
| Attorneys for the Reorganized Debtors | Attorneys for Michone Hawkes |

00560397