UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |

MOTION TO ALLOW LATE
FILED APPLICATION OF MAGDA SALINAS
(Post-petition Personal Injury Claim)

Bradley R. Markey, as counsel for Magda Salinas ("Salinas"), moves the Court pursuant to the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims [Docket No. 12991], to allow a late filed application for administrative expense and in support states:

1. On February 21, 2005, Winn-Dixie Stores, Inc. (the "Debtor"), together with its affiliates, filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. By order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3. Since the Petition Date, Debtors have operated their properties and managed their business as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

## Background

5. After the Petition Date and on or about July 14, 2006, Salinas was injured at the Winn-Dixie Store No. 0265 located at 1101 S. Military Trail in Deerfield Beach, Florida. As a proximate result of the injury, Salinas suffered damages which, at this point, are not fully liquidated but can and will be supported through medical records and other proof.

6. Ronald A. Alter, counsel for Salinas on her injury claim, placed Debtor on notice of Ms. Salinas' injury on July 21, 2006. On August 24, 2006, Sedgwick Claims Management Services, Inc. ("Sedgwick Claims") sent an acknowledgment letter to Alter stating that Winn Dixie was self-insured for liability for $2,000,000 and there was no medical payment coverage. This letter did not state that Salinas claim was in any way under a "bankruptcy umbrella" and Alter had no reason to believe it would be since the incident occurred post petition.

7. Sedgwick Claims hired an investigator to examine the accident and to take the statement of Ms. Salinas on September 25, 2006.

8. On March 12, 2007, Alter sent a letter to Katelyn Brim of Sedgwick Claims to inquire if she still handled the file so he could send her information regarding possibly resolving Salinas' injury claim amicably.

9. On March 21, 2007, Alter received a letter from Sedgwick Claims stating "Winn-Dixie emerged from bankruptcy on 11/21/06 and all claims that were aware of that occurred between 2/22/05 and 11/21/06 were mailed a notice." The letter further stated that the deadline for filing an administrative expense was January 5, 2007.

10. Neither Alter or Ms. Salinas received any notice regarding the filing of an administrative expense.

11. Alter did not know about the January 5, 2007 deadline. Alter cooperated with Winn Dixie, he permitted Ms. Salinas' statement to be taken and believed his claim was being treated like any other personal injury claim.

12. On Wednesday, March 28, 2007, counsel for Salinas retained bankruptcy counsel to inquire about filing an application for allowance and payment of administrative expense for post-petition personal injury claim. A copy of the proposed application is attached hereto as **Exhibit A**.

13. In Chapter 11 cases, the doctrine of "excusable neglect" under Bankruptcy Rule 9006(b)(1) provides for the allowance of late filed claims caused by inadvertence, mistake or carelessness. See *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993). The determination of what constitutes excusable neglect is "an equitable one, taking into account all relevant circumstances, including: (i) the danger of prejudice to the debtor, (ii) the length of the delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, including whether it was in the reasonable control of the movant, and (iv) whether the movant acted in good faith." *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005).

14. The Debtor herein will not be prejudiced in any way by the filing of the proposed application as Debtor already had actual knowledge of the amount and nature of the claim due.

15. Salinas has acted in good faith at all times and the benefit to Salinas of allowing her to file a late application greatly outweighs any inconvenience or detriment to the Debtor.

WHEREFORE, Salinas respectfully moves that this Court enter an order (i) to allow Salinas to file the attached application for allowance and payment of administrative expense for post-petition personal injury claim; (ii) to deem the application attached as Exhibit A filed; and (iii) for such other relief as this Court deems appropriate under the circumstances.

**STUTSMAN THAMES & MARKEY, P.A.**

By /s/ Bradley R. Markey
Bradley R. Markey

Florida Bar Number 0984213
50 N. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Attorneys for Magda Salinas

## Certificate of Service

I hereby certify on March 30, 2007, the foregoing pleading was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
James Post, Esq.
Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com
jpost@smithhulsey.com
cjackson@smithhulsey.com

John B. Macdonald, Esq.
Patrick Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com
patrick.patangan@akerman.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Adam Ravin, Esq.
D.J. Baker, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
aravin@skadden.com
dbaker@skadden.com

Matthew Barr, Esq.
Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
mbarr@milbank.com
ddunne@milbank.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

/s/ Bradley R. Markey
---
Attorney

63201