## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.   05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

### MOTION OF VIOLA ISHEM FOR LEAVE TO FILE
### APPLICATION FOR ADMINISTRATIVE EXPENSE

Comes Now, Viola Ishem (alternatively "Ms. Ishem" or "Applicant"), by and through undersigned counsel, and pursuant to 11 U.S.C. Sections 105 and 503(a) and Fed. R. Bankr. P. 9006(b)(1), hereby moves this Court for entry of an order allowing her to file the Application for Administrative Expense (the "Application") attached as Exhibit "A".

### BACKGROUND

1. On or about November 28, 2005, after losing all of her possessions, including her home and automobile, as a result of hurricane Katrina, Viola Ishem suffered a broken ankle at Winn-Dixie Store #1502 operated by Debtor Winn-Dixie Stores, Inc. ("Winn-Dixie") located at 2985 Gause Blvd, Slidell, Louisiana 70461.

2. Because of the injury sustained at Winn-Dixie, on or about August 5, 2006, Ms. Ishem retained Lousiana attorney G. Karl Bernard, Esquire to seek all general and equitable relief to which she may be justly entitled.

3. On August 11, 2006, Attorney G. Karl Bernard wrote to Winn-Dixie to notify it of the aforementioned claim. As a result of the August 11th letter, Mr. Bernard was contacted by Winn-Dixie's General Liability Claims Representative, Kelly Sullivan, who requested and was provided medical information regarding Ishem's injury.

1

4.     In response to the medical information provided, Ms. Sullivan requested time to evaluate the information in light of Ishem's claim. To preserve Ishem's right to seek relief, undersigned counsel on November 28, 2006, filed a Petition for Damages in St. Tammany Parish, Louisiana naming Winn-Dixie as a defendant.

5.     However, in the spirit of cooperation and in an effort to quickly resolve Ishem's claim, Mr. Bernard did not request service on Winn-Dixie when said Petition was filed. Service was not requested until February 2007, after it was clear to Mr. Bernard that a non-judicial resolution of Ishem's claim was not forthcoming. After Winn-Dixie was served, Winn Dixie, via its representative, first informed Mr. Bernard of the Administrative Claims Bar Date at issue, and took the position that Ms. Ishem's claim was time-barred.

## MEMORANDUM OF LAW

The Bankruptcy Code provides that "(a)n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause". *11 U.S.C. Section 503(a)*. As in the case of a pre-petition claim filed after a bar date, bankruptcy courts have used the "excusable neglect" standard of Fed. R. Bankr. P. 9006(b)(1) in the context of a Section 503(a) application for administrative expense. *See In re: Bicoastal Corp.*, 147 B.R. 258 (M.D. Fla. 1992). *See also In re Reams Broad. Corp., 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993).*

This Court is permitted to exercise its discretion "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the movant's control". *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507 U.S. 380, 391, 113 S. Ct. 1489 (1993).

In *Pioneer*, the United States Supreme Court explicitly rejected a narrow interpretation of the term "excusable neglect" under Rule 9006(b)(1). *Pioneer*, 507 U.S. at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control"). A pre-petition claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *Banco Latino International v. Lopez (In re Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer*). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997).

As noted previously by this Court, *Pioneer* mandates a "balancing test" of four considerations. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). Those considerations include: (a) the reason for the delay and whether it was in control of claimant; (b) the length of delay and potential impact on judicial proceedings; (c); the danger of prejudice to debtor, and (d) whether the claimant acted in good faith. *Harrell*, 325 B.R. 646.

### Reason for the Delay

As set forth above, the failure to timely file Ms. Ishem's claim was the lack of notice of the bar date. In contrast, Winn-Dixie had actual notice of the claim well before the bar date.

### Length of Delay and Potential Impact on Judicial Proceedings

Mr. Ishem's claim is being filed promptly after Attorney G. Karl Bernard learned of the problem. Because, inter alia, the Court has confirmed a Plan of Reorganization approved by the Debtors' creditors, the judicial proceedings in this case will not be

3

affected substantially if the Court grants this Motion.

## Prejudice to the Debtors

There can be little, if any, prejudice to Winn-Dixie Stores if this Motion is granted. The Debtors' had actual notice of Ms. Ishem's personal injury claim prior to the January 5, 2007 bar date. Significantly, the granting of this Motion will not deprive the Debtors' of their ability to object to Ms. Ishem's Application on its merits. The fact that the Debtors will have to deal with the merits of Ms. Ishem's Application, as opposed to having is stricken on procedural grounds, is not "prejudice" of a type this Court should consider in its analysis under *Pioneer*. Upon information and belief, the Debtors have not completed their reconciliation and negotiations relating to the large number of personal injury claims relating to the Debtors' activities during the Post-Petition Period.

## Ms. Ishem's Good Faith

Ms. Ishem's actions in this case were, without question, undertaken in good faith. At no point has she delayed the process or otherwise "sat on her rights", and there is and can be no suggestion that she has acted improperly in any fashion. Similarly, Mr. Sparrow's inadvertent failure to file the Application cannot be interpreted as the result of some calculated attempt to gain procedural or other advantage. Instead, the failure was an honest mistake.

## The Factors as a Whole

Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The treatment of Ms. Ishem's Application as timely-filed will permit her claim to be resolved on its merits. Such relief will result in no

prejudice to the Debtors, will serve to protect Ms. Ishem's rights to recover for her damages, and is consistent with the interests of justice.

**Wherefore,** Viola Ishem requests that the Court enter an order:

(A) deeming the Application filed on her behalf on January 29, 2007 timely-filed, and

(B) granting her such other and further relief to which she may be entitled.

Dated: April 3, 2007                    **WILCOX LAW FIRM**

/s/ **Robert D. Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
(904) 281-0700
(904) 513-9201 Fax

And

G. Karl Bernard, Esquire
1615 Poydras St. Suite 971
New Orleans, Louisiana 70112
(504) 412-9953

### CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2007 I filed this **MOTION OF VIOLA ISHEM FOR LEAVE TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ **Robert Wilcox**
Robert D. Wilcox

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE
STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE**
Viola Ishem

Comes Now Viola Ishem ("Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

**FACTUAL BACKGROUND**

2. Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3. After the Petition Date and on or about November 28, 2005, Applicant was injured at the Winn-Dixie Store #1502 located at 2985 Gause Blvd, Slidell, Louisiana as a proximate result of the negligence of the Winn-Dixie entity operating the

store in failing to maintain the premises in a reasonable safe condition. Upon information and belief, the responsible Debtor is Winn-Dixie Stores, Inc. As a result of the accident in which she suffered, inter alia, a broken ankle, Applicant has suffered damages totaling at least $50,000.00, which damages Applicant can support through medical records and other proof. Applicant's damages may not be fully liquidated at this time.

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4.    Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5.    In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon the undersigned counsel and:

> G. Karl Bernard, Esquire
> 1615 Poydras St. Suite 971
> New Orleans, Louisiana 70112
> (504) 412-9953

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully Submitted,

WILCOX LAW FIRM

/s/ **Robert Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
Telephone: (904) 281-0700
Facsimile: (904) 513-9201

And

G. Karl Bernard, Esquire
1615 Poydras St. Suite 971
New Orleans, Louisiana 70112
(504) 412-9953

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2007, I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ **Robert Wilcox**
Robert D. Wilcox