THE HONORABLE JERRY A. FUNK
UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE HONORABLE BARRY WILLET
JEFFERSON CIRCUIT COURT JUDGE
DIVISION ONE
700 W. JEFFERSON STREET
LOUISVILLE, KY 40211

THE HONORABLE CHARLES R. SIMPSON III
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
601 W. BROADWAY
LOUISVILLE, KY 40202-2249

F I L E D
JACKSONVILLE, FLORIDA

APR 0 2 2007

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

ERNEST S. ALLEN
4515 STONYBROOK
LOUISVILLE, KY 40299

## Case No. 05-03817-3F1

The reason for this letter is the concern of the delay of payment that I'm suppose to receive concerning the Winn-Dixie bankruptcy court involving my case, due to the fact that I was late filing my claim. You will be receiving legal documentation stating that it was not my fault but the negligence of the two different attorneys' I had representing me at the time and that I have written and signed contracts with both attorneys'.

Attorney Martin Z. Kasdan, Jr and Attorney Marlin Jones from law offices from Louisville, Kentucky were my attorney's to represent me during my case against the Bankruptcy court concerning Winn-Dixie. You will be receiving legal documentation from me about both attorneys' showing negligence in filing my case in a timely manner. I have legal documentation which shows attorney Martin Kasdan knew that Winn-Dixie had filed for bankruptcy and he did not notify me period and he also withdrew from my case 4 months later after receiving an Automatic Stay from Winn-Dixie attorneys'. Attorney Marlin Jones did not file my claim as we agreed upon. According to the 9th Amendment with this type of situation, I'm due consideration on Merits of my case.

Thank you, Ernest S. Allen

*Ernest S Allen*

| | | |
|---|---|---|
| **NO. 02-CI-08551** | FILED IN CLERK'S OFF. JEFFERSON CIRCUIT CT | **JEFFERSON CIRCUIT COURT** |
| | 2005 FEB 24  P 3: 35 | **DIVISION ONE (1)** |
| **ERNEST S. ALLEN** | TONY MILLER, CLERK 6 | **PLAINTIFF** |
| v. | **NOTICE OF WINN-DIXIE CHARLOTTE, INC.'S FILING OF VOLUNTARY BANKRUPTCY PETITION AND ENTRY OF AUTOMATIC STAY** | |
| **WINN-DIXIE CHARLOTTE, INC.; MOORE SECURITY, INC.; MOORE SECURITY, LLC; AND TALMAY ANDERSON** | | **DEFENDANTS** |

\*\*\* \*\*\* \*\*\*

PLEASE TAKE NOTICE that on February 21, 2005, Defendant, Winn-Dixie Charlotte, Inc. and/or Winn-Dixie Stores, Inc., the named and/or proper Defendant in the above-entitled action, filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code, commencing a bankruptcy case being jointly administered under the style: In Re: Winn-Dixie Stores, Inc., No. 05-11063, in the United States Bankruptcy Court for the Southern District of New York.

PLEASE TAKE FURTHER NOTICE that 11 U.S.C. §362(a)(1) provides that the filing of a Voluntary Petition operates as a stay, applicable to all entities, of the continuation, including the issuance or employment of process, of a judicial action or proceeding against the debtor that was or could have been commenced before the filing of the Petition, or to recover a claim against the debtor that arose before the filing of the Petition.

This 24th day of February, 2005.

Respectfully submitted,

_____
R. Hite Nally
WEBER & ROSE, P.S.C.
2400 Aegon Center
400 West Market Street
Louisville, Kentucky 40202
(502) 589-2200
Attorney for Defendant
Winn-Dixie Charlotte, Inc.

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was mailed, postage paid, this 24th day of February, 2005, to:

Martin Z. Kasdan, Jr., Esq.
Attorney at Law
Starks Building, Suite 995
455 S. Fourth Avenue
Louisville, Kentucky 40202
Attorney for Plaintiff

C.A. Dudley Shanks, Esq.
327 Guthrie Green
Louisville, Kentucky 40202-1879
Attorney for Defendants
Moore Security, Inc. and Talmay Anderson

_____
R. Hite Nally

S:\Client Files\Winn-Dixie.2151\Allen, Ernest.283\notice01.205.wpd

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT Southern DISTRICT OF New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Winn-Dixie Charlotte, Inc. | Case Number: 05-11063 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Ernest S. Allen

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Ernest S. Allen
4515 Stony Brook Drive/ Louisville KY 40299

☑ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number: (502)495-2260

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces  ☐ amends  a previously filed claim, dated:_____

1. Basis for Claim
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☑ Personal injury/wrongful death
   ☐ Taxes
   ☐ Other _____

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
      Last four digits of SS #: _____
      Unpaid compensation for services performed
      from _____ to _____
           (date)         (date)

2. Date debt was incurred:
   November 12, 2002 (Suit filed)

3. If court judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $ 827,634
   (unsecured)   (secured)   (priority)   (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate  ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. Unsecured Nonpriority Claim $ 827,634
   ☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 12-1-05 | Ernest S Allen |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT   Southern   DISTRICT OF New York | PROOF OF CLAIM |

Name of Debtor: Winn-Dixie Charlotte, Inc.
Case Number: 05-11063

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Ernest S. Allen

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Ernest S. Allen
4515 Stony Brook Drive/ Louisville KY 40299

☑ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number: (502)495-2260

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces   ☐ amends   a previously filed claim, dated:_____
if this claim

1. **Basis for Claim**
   - ☐ Goods sold
   - ☐ Services performed
   - ☐ Money loaned
   - ☑ Personal injury/wrongful death
   - ☐ Taxes
   - ☐ Other _____
   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Last four digits of SS #: _____
     Unpaid compensation for services performed
     from _____ to _____
     (date)            (date)

2. **Date debt was incurred:** November 12, 2002 (Suit filed)

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ 827,634 _____ _____ _____ _____
   (unsecured)     (secured)     (priority)     (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other_____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim** $ 827,634
   ☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

Date: 12-1-05

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
Ernest S. Allen

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## CONTINGENCY FEE AGREEMENT

The undersigned hereby employs Marlin A. Jones on the following claim:

Nature of Claim: PERSONAL INJURY

Client agrees to pay Marlin Jones 33-1/3% of any settlement obtained in said case if same is settled before filing suit, and 40% of any settlement, verdict, or recovery obtained in said action after filing suit, plus all costs and expenses. Client understands that he is responsible for the costs and expenses of the case. If Marlin Jones advances any of the costs and expenses, clients agree to pay a reasonable rate of interest on said advanced expenses, which shall not exceed the rate charged by _____ Bank to Marlin Jones. Client also agrees not to make any settlement of this case unless a representative of Marlin Jones's office is present.

If settlement of this case is made by a structured settlement, attorney fees will be computed on the basis of a percentage of the total costs of the settlement. All legal fees shall be paid out of the initial cash payment.

IN THE EVENT OF NO RECOVERY, CLIENTS SHALL OWE MARLIN JONES NOTHING FOR SERVICES RENDERED, BUT SHALL REIMBURSE MARLIN JONES FOR ALL COSTS AND EXPENSES ADVANCED.

CLIENT AGREES THAT MARLIN JONES HAS MADE NO PROMISES OR GUARANTEES REGARDING THE OUTCOME OF THIS CASE, AND THAT MARLIN JONES MAY WITHDRAW IF AFTER INVESTIGATION THE CASE DOES NOT APPEAR IN HIS OPINION TO HAVE SUFFICIENT MERIT.

Executed on the ___24___ day of ___May___, 2005.

Client signature: _Ernest Allen_   Street address: _4515 Stony Brook Dr_

Client printed name: _Ernest S/ Allen_   City, State, Zip: _Louisville KY 40299_

Telephone: _495 2260_   Date of Birth: _9-26-30_   SSN: _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_

Alternate Telephone: _468 8971_

Attorney Signature: _Marlin G. Jones_

```
************************************Case 3:05-bk-03817-JAF***Doc 15813***Filed 04/02/07***Page 7 of 11***************************
*                                              TRANSACTION REPORT                                                    P.01      *
*                                              -----------------                              -AUG-22-2005 MON 10:30 PM         *
*                                                                                                                               *
*   DATE  START      RECEIVER           TX TIME    PAGES TYPE          NOTE                              M#  DP                *
*-------------------------------------------------------------------------------------------------------------------------------*
*   AUG-22 10:30 PM 5848500             xx'xx"      0   SEND          BUSY                              464                    *
*-------------------------------------------------------------------------------------------------------------------------------*
*                                                  TOTAL :            OS PAGES:   0                                             *
*                                                                                                                               *
********************************************************************************************************************************
```

Ernest (S) Allen          8-22-05

HOME-PH 495-2260   CELL# 468 8179

ATTORNEY - JONES

I WANT TO KNOW WHAT GOING ON WITH MY CASE WILL YOU PLEASE CALL ME ONE CALL THATS ALL

Looking, to, here from you

S/S Ernest S Allen

# Marlin A. Jones
Attorney at Law
1807 ONE RIVERFRONT PLAZA · 401 WEST MAIN STREET · LOUISVILLE
KENTUCKY 40202

Phone: (502) 584-8500   Facsimile: (502) 584-1119
Email: marlinjones@lycos.com

October 4, 2005

Ernest Allen
4515 Stony Brook Drive
Louisville Ky 40299

RE: Ernest Allen v. Winn Dixie

Mr. Allen,

    Enclosed please find the video tape of your deposition that you requested in our discussion of October 3, 2005. Also, I wish to recap that Defendant Winn-Dixie filed for bankruptcy pursuant to Chapter 11 of the bankruptcy code on February 21, 2005. Subsequent to that, Jefferson Circuit Court Judge Barry Willet entered an automatic stay of the case until such time as the bankruptcy was resolved. Pursuant to the stay order, I took no action on your case. On October 3, 2005, the parties had a status conference before Judge Willett, and the Court scheduled another pre-trial conference for 90 days out. I did not attend the status conference. As of October 3, 2005, you ended my representation, and requested your file, which I then tendered to you.

    Though you have terminated my representation, I thought it prudent to inform you that you must have a claim before the bankruptcy court in order receive any compensation if Winn Dixie's situation does not change. I have enclosed two completed Proof of Claim Forms with an attached Circuit Court Complaint. You must sign and date the forms, attach the Complaint, and send the documents to the Bankruptcy Court in New York. I have provided an addressed envelope. Please stamp and include the self addressed envelope if you wish to receive return confirmation of your claim.

Yours truly,

*/s/ Marlin Jones*
Marlin Jones

# KENTUCKY BAR ASSOCIATION

514 WEST MAIN STREET
FRANKFORT, KENTUCKY 40601-1883

(502) 564-3795
FAX (502) 564-3225



## CONFIDENTIAL

Earnest Allen
4515 Stoneybrook Drive
Louisville, KY 40299

RE: Marlin Andre Jones, Esq.
KBA File No. 13561

The KBA has received your complaint concerning the above-named Respondent. The complaint will be processed in accordance with the Rules of the Supreme Court of Kentucky. The Disciplinary Clerk has sent a copy of your complaint to the attorney by certified mail.

Once a response is filed with the Disciplinary Clerk, and after an investigation of your complaint is completed, all available information concerning your complaint will be referred to the Inquiry Commission. The Commission will determine whether the complaint should be dismissed or whether a charge of professional misconduct should issue. In a small number of cases, the Commission determines that a private letter of reproval to the lawyer is the appropriate method of concluding an investigation. You will be notified in writing when the Commission has reached a decision on your complaint.

This file will be assigned to Cary B. Howard, Esq. extension 283.

Should you have any questions concerning this case, please contact the KBA at the address and phone number set forth above, and have the above-referenced KBA file number available if you call.

*This document has been received, filed and distributed pursuant to SCR 3.157 and SCR 3.290:*

**Distribution to:**

__x__ Complainant

__x__ Counsel for KBA

Susan Greenwell
DISCIPLINARY CLERK

DATE: Nov. 1, 2005

## **CONTRACT**

I, **ERNEST ALLEN**, ("Client"), of Jefferson County, Kentucky, do hereby retain **MARTIN Z. KASDAN, JR.**, Attorney-At-Law, to represent me in my claims for damages arising out of an incident at Winn-Dixie, which took place on November 11, 2001, in Jefferson County, Kentucky. I agree to pay my attorney one-third (1/3) of any recovery of damages arising out of this accident, whether such recovery is by negotiation or litigation. Both Client and Attorney agree that the amount from which the attorney fee shall be figured does not include any past or present medical expenses paid, unless the amount of or responsibility for such expenses becomes contested.

I, **ERNEST ALLEN**, understand that I am responsible for prompt payment of out-of-pocket costs regarding my claim, including medical reports and charts, long distance telephone calls, court costs, deposition costs, and such other costs as may reasonably be incurred to develop and prove my claim. I acknowledge that no promise or guaranty of any amount of recovery, or any recovery at all, has been made to me.

By my signature below, I acknowledge that I have read this contract, that I understand the terms and conditions of this contract, and that I have received a copy for my file.

_____
ERNEST ALLEN, Client
DATE: 10-22-02

_____
MARTIN Z. KASDAN, JR., Attorney
DATE: 10/9/02

**MEMORANDUM**
FROM
MARTIN Z. KASDAN, JR.
ATTORNEY AT LAW
STARKS BUILDING, SUITE 995
455 S. FOURTH AVE.
LOUISVILLE, KY 40202
(502) 583-0906
E-MAIL: MZK_ATTY@YAHOO.COM

TO: Mr. Ernest Allen
DATE: 06/15/05
RE: Allen v. Winn-Dixie, et al.

I am enclosing a copy of a Motion and Order to allow me to withdraw as your attorney in the above matter. Your filing of a Bar Complaint against me regarding an alleged conspiracy between myself and the other attorneys in this case makes it clear that I cannot continue as your attorney.

Arrangements may be made to pick up your file by calling Attorney Don Meade, at 569-2888; Priddy, Isenberg, Miller & Meade; Suite 800 Republic Building, 429 Muhammad Ali Blvd., Louisville KY 40202. I have arranged for this firm to hold your file so that you will not need to come to my office. Based on your behavior toward me in my office on several occasions, most recently including cursing at me and throwing documents at me, I believe this is the better course of action.

cc: Hon. Don Meade

Ex. F