UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al.* ) | |
| ) | Case No. 05-3817-3F1 |
| Reorganized Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |

## UNOPPOSED MOTION TO AMEND PROOF OF CLAIM *NUNC PRO TUNC* TO CORRECT NAME

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Clayton Crossings, LLC, a creditor and party in interest in the above captioned bankruptcy case, by and through counsel, and files this Motion to Amend Proof of Claim to Correct Name. In support of its motion, Clayton Crossings, LLC states as follows:

1.	On February 21, 2005, Winn-Dixie Stores, Inc., *et al.* (the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York. On April 3, 2005, the Debtors' jointly administered cases were transferred to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division.

2.	Clayton Crossings, LLC is the owner and landlord of the location wherein Winn-Dixie Store #923 was located.

3.	On or about February 22, 2006 counsel for Clayton Crossings, LLC filed an amended proof of claim, Claim number 12943, setting forth its unsecured claim in the amount of $313,214.30 in the Debtors' case. Claim number 12943 was allowed under 11 U.S.C. § 502.

4. Claim number 12943, however, inadvertently identified the creditor as "Sunstate Equities, Inc." Sunstate Equities, Inc. was the original lessor under the lease for Store # 923, that is the basis of Claim number 12943. However, in 1991, Sunstate Equities, Inc. assigned its interest in the lease to Greenwood Commons Associates, and later in 1998, Clayton Crossings, LLC was formed by the partners of Greenwood Commons Associates to hold the property underlying the lease. The Debtors were informed of the change in 1998. Thus, the proper name of the creditor on Claim number 12943 should have been Clayton Crossings, LLC.

5. Attached hereto as **Exhibit A** and incorporated herein by reference are true and accurate copies of the deeds and assignments evidencing that Clayton Crossings, LLC is the proper party creditor in this case.

6. "Amendments to proofs of claims are freely allowed where the purpose is simply to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery." *In re Gateway Investments Corp.*, 114 B.R. 784, 786 (Bankr. S.D. Fla. 1990) (citing, *In re South Atlantic Financial Corp.*, 767 F.2d 814, 819 (11th Cir. 1985); *In re Int'l Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir. 1985)).

7. In the present case, Claim number 12943 was timely filed and allowed, thus the Court was aware of the existence of the claim, the nature of the claim, the amount of the claim, and the intent to hold the Debtors liable on the claim. Moreover, because the Debtors recognized claim number 12943 as the claim related to Store # 923 they were not confused by the error. As such, amendment of the claim *nunc pro tunc* to properly identify Clayton Crossings, LLC as the proper party creditor should be allowed. See, *In re Gateway, supra* (and cases cited therein).

8. On November 21, 2006, the Debtors' Plan of Reorganization was confirmed by the Court. Logan & Company, Inc. is the claims agent in the case. Wells Fargo Bank, N.A. is the disbursing agent under the Plan, and American Stock Transfer & Trust Company is the stock transfer agent under the Plan.

9. Pursuant to the terms of the Plan, 14,489 shares of the Debtors' New Common Stock were issued and distributed in the name of Sunstate Equities, Inc., in consideration of Claim number 12943.

10. As noted above, Clayton Crossing, LLC is the proper party creditor for Claim number 12943.

11. As such, Clayton Crossing, LLC moves this Court for an Order, directing Logan & Company, Inc., as claims agent, Wells Fargo Bank, N.A., as disbursing agent, and American Stock Transfer & Trust Company, as stock transfer agent to amend their respective records with respect to Claim number 12943 to reflect Clayton Crossings, LLC as the proper claimant on such claim and the owner of the 14,489 shares of the Debtor's New Common Stock issued under the Plan. No change of address is needed.

12. The undersigned has conferred with counsel for the Debtors regarding the relief sought by this Motion. Counsel for the Debtors, on the precise facts presented, has stated that the Debtors are unopposed to the entry of an Order granting the relief sought herein.[1]

**WHEREFORE**, Clayton Crossings, LLC respectfully requests that this Court enter an order amending Claim number 12943 *nunc pro tunc* to correctly identify Clayton Crossings, LLC as the creditor holding the claim, and directing Logan & Company, Inc., as claims agent, Wells Fargo Bank, N.A., as

---

[1] On the facts presented, the name correction is not a transfer or a claim prohibited by the "distribution record date" provisions of the Debtors' Plan of Reorganization.

disbursing agent, and American Stock Transfer & Trust Company, as stock transfer agent to amend their respective records with respect to Claim number 12943 to reflect Clayton Crossings, LLC as the proper claimant on such claim and the owner of the 14,489 shares of the Debtor's New Common Stock issued under the Plan.

This the 4th day of April, 2007.

/s/ Byron L. Saintsing
Byron L. Saintsing (NC Bar No. 16035)
of SMITH DEBNAM NARRON
  WYCHE SAINTSING & MYERS, LLP
Post Office Box 26268
Raleigh, North Carolina  27611
Telephone: (919) 250-2000
Facsimile: (919) 250-2211
Email: Bsaintsing@smithdebnamlaw.com

Counsel for CLAYTON CROSSINGS, LLC

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al.* ) | |
| ) | Case No. 05-3817-3F1 |
| Reorganized Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |

## CERTIFICATE OF SERVICE

I, Byron L. Saintsing, of SMITH DEBNAM NARRON WYCHE SAINTSING & MYERS, L.L.P., Attorneys at Law, hereby certify:

That I am, and at all times hereinafter-mentioned was, more that eighteen (18) years of age;

That on the 4th day of April, 2007, I served copies of the foregoing UNOPPOSED MOTION TO AMEND PROOF OF CLAIM *NUNC PRO TUNC* TO CORRECT NAME upon the following by mailing a copy thereof, postage prepaid:

David J. Baker
Rosalie Walker Gray
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036
Attorney for Debtor

Cynthia C. Jackson
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

United States Trustee-JAX
135 W. Central Boulevard, Suite 620
Orlando, FL 32801

I certify under penalty of perjury that the foregoing is true and correct.

This the 4th day of April, 2007.

/s/ Byron L. Saintsing
Byron L. Saintsing

ASSIGNMENT OF LEASE

STATE OF NORTH CAROLINA

COUNTY OF WAKE

For and in consideration of the sum of one dollar ($1.00) and other valuable consideration, the receipt of which is hereby acknowledged, SUNSTATES EQUITIES, INC., a Florida corporation, ("Assignor"), does hereby bargain, sell, grant, convey, transfer, set over, and assign to GREENWOOD COMMONS ASSOCIATES, a North Carolina General Partnership, ("Assignee"), its successors and assigns, all of Assignor;s right title and interest as Landlord in and to that certain Lease dated February 27, 1990 by and between Sunstates Equities, Inc., a Florida corporation ("Landlord") and Winn-Dixie Raleigh, Inc., a Florida corporation duly qualified to transact business in North Carolina ("Tenant"), a short form of which is recorded in Book 1160, Page 719 of the Office of Register of Deeds for Johnston County, North Carolina, as modified by First Amendment to Lease dated February 5, 1991 and First Amendment to Short Form Lease also dated February 5, 1991. The originals of said Lease, Short Form Lease, First Amendment to Lease and First Amendment to Short Form Lease are attached hereto. Assignee hereby covenants and agrees to fulfill, perform and observe each and every duty, condition and obligation of Landlord under said Lease.

IN WITNESS WHEREOF, the parties hereto have caused this Assignment of Lease to be duly executed as of the _15th_ day of March, 1991.

ATTEST:

_Janet M. Britt_
Assistant Secretary

(Corporate Seal)

ASSIGNOR:
SUNSTATES EQUITIES, INC.

By: _____
James B. Brinkley
Vice-President

WITNESSES:

_____
_____

ASSIGNEE:
GREENWOOD COMMONS ASSOCIATES

By: _____(Seal)
W. B. Nivison

By: _____(Seal)
C. B. Tillman

By execution hereinbelow, Winn-Dixie Raleigh, Inc. hereby agrees and consents to this Assignment to Greenwood Commons Associates and releases Sunstates Equities, Inc. from all duties, conditions and obligations of Landlord under said Lease, as amended.

ATTEST:

_____
Secretary

(Corporate Seal)

WINN-DIXIE RALEIGH, INC.

By: _____
Title _Vice President - Div. Mgr._

DATE OF EXECUTION

_3/6/91_

Exhibit _A_

DIVISION OF
GREENWOOD COMMONS ASSOCIATES,
A NORTH CAROLINA GENERAL PARTNERSHIP

This Division of Partnership Agreement (the "Agreement") is executed as of this 11th day of August, 1998, among **WILLIAM B. NIVISON, MILDRED L. NIVISON, ARTHUR E. NIVISON, GEORGIA W. NIVISON, C. BRANTLEY TILLMAN** and **CAROL B. TILLMAN** (collectively, the "Partners").

RECITALS

A.  The Partners are the sole partners of Greenwood Commons Associates, a North Carolina general partnership (the "Partnership").

B.  The Partnership has for many years engaged in the purchase, development, management, and operation of commercial real estate in North Carolina.

C.  The Partners have agreed upon a division of the Partnership so that the business of buying, operating, managing and selling a portion of the improved real estate property known as Clayton Crossings Shopping Center located in Clayton, Johnston County, North Carolina (the "Clayton Crossings S/C") shall be conducted by a separate entity that will be a North Carolina limited liability company under the name of the Clayton Crossings, LLC ("Clayton Crossings"), while the remaining business of purchasing, developing, operating, managing and selling other real properties of the Partnership will continue to be conducted by the Partnership, all in order to accommodate the requirements of the Partnership's and Clayton Crossings' lenders.

NOW, THEREFORE, for one dollar and other good and valuable considerations, the receipt and sufficiency which are hereby acknowledged, the Partners agree as follows:

1.  *Division.* Clayton Crossings shall be divided from the Partnership effective as of August 13, 1998 and after the division, both Clayton Crossings and the Partnership shall continue to exist.

2.  *Clayton Crossings, LLC.* The members and owners of all of the capital and economic interests in Clayton Crossings shall be the Partners. The Partners shall each hold an identical percentage interest in the capital and profits of Clayton Crossings as each held in the Partnership. Accordingly, for Federal tax purposes, Clayton Crossings shall be considered a continuation of the Partnership pursuant to section 708(b)(2)(B) of the Internal Revenue Code of 1986, as amended. The articles of organization of Clayton Crossings and the operating agreement of Clayton Crossings are attached hereto as <u>exhibits A</u> and <u>B</u>, respectively.

3.  *Division of Assets.* As of the date hereof, the Partnership shall transfer to Clayton Crossings only the following assets: (i) Clayton Crossings S/C, subject to all existing indebtedness that is secured by the Clayton Crossings S/C; (ii) all right, title and interest in and to the leases held by the Partnership that involve Clayton Crossings S/C; (iii) all deposits attributable to the Clayton Crossings S/C, including lease or security deposits and telephone deposits; and (iv) any other personal property of whatever kind or nature used or generated from the operation and leasing of the Clayton Crossings S/C. Other than aforesaid, all remaining assets of the Partnership shall remain vested in the Partnership. All income and expenses attributable to the Clayton Crossings S/C shall be prorated as of the date first above written. Such income and expenses shall include rents, real estate taxes, insurance, utilities and payroll.

105135.2

4.  *Publication of Notice of Division*. Within thirty (30) days following the execution of this Agreement, the Partners will jointly announce the division of the Partnership and the formation of Clayton Crossings, and copies of such announcements will be mailed to all customers, suppliers, tenants and other persons and firms presently dealing with the Partnership. All expenses in connection with such announcement and mailing shall be borne equally between the Partnership and Clayton Crossings.

5.  *Miscellaneous*.

    a.  The section headings contained in this Agreement are for convenience only and shall in no way enlarge or limit the scope or meaning of the various and several paragraphs thereof.

    b.  This Agreement, together with all exhibits hereto, embodies the entire agreement between the parties hereto and supersedes any prior understandings or written or oral agreements between the parties concerning the subject matter hereof.

    c.  The terms and provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

    d.  All exhibits described herein and attached hereto are fully incorporated into this Agreement by this reference for all purposes.

    e.  This Agreement may be executed in multiple counterparts, each of which shall be deemed to be an original.

    f.  This Agreement shall be enforced, construed and interpreted in accordance with the laws and judicial decisions of the state of North Carolina.

[remainder of page left intentionally blank]

IN WITNESS WHEREOF, the Partners have executed this Agreement under seal as of the day and year first above written.

_____(SEAL)
William B. Nivison

_____(SEAL)
Mildred L. Nivison

_____(SEAL)
Arthur E. Nivison

_____(SEAL)
Georgia W. Nivison

_____(SEAL)
C. Brantley Tillman

_____(SEAL)
Carol B. Tillman

22290

BOOK1735 PAGE310

| | |
|---|---|
| Revenue: $0 | (For Recording Data) |

Parcel Identifier/Tax Account/PIN No.:   1659-62-8147   05025 002D

Brief Description for the Index:   Lot 1A, Clayton Crossings

After recording, mail to:   Steven I. Reinhard, Esq., Ragsdale, Liggett & Foley, P.L.L.C.
P. O. Box 31507, Raleigh, North Carolina 27622

Prepared by:   Steven I. Reinhard, Esq., Ragsdale, Liggett & Foley, P.L.L.C.

## NORTH CAROLINA GENERAL WARRANTY DEED

This Deed is made as of this the 13th day of August, 1998, by and between GREENWOOD COMMONS ASSOCIATES, a North Carolina general partnership ("Grantor") and CLAYTON CROSSINGS, LLC, a North Carolina limited liability company ("Grantee"), with a mailing address of c/o Commercial Properties, Inc., 1648F North Market Drive, Raleigh, North Carolina 27609.

For valuable consideration paid by the Grantee to the Grantor, the receipt and sufficiency of which is hereby acknowledged, the Grantor has and by these presents does hereby grant, bargain, sell and convey unto the Grantee in fee simple absolute all of that certain lot or parcel of land (the "Premises") located in the Town of Clayton, Johnston County, North Carolina and more particularly described as follows:

BEING ALL OF Lot 1A as shown on a plat of survey entitled "Revised Final Plat Division of Lot 1 of Clayton Crossings subdivision" dated October 2, 1991, and recorded in Plat Book 35, Page 397, Johnston County Registry, together with an easement for ingress, egress and regress over that certain area labeled "Cross-Access Easement for Lots 1A and 1B and Lot 2" as depicted on the aforesaid recorded plat.

This deed is being executed in connection with the division of the Grantor in a tax free transaction pursuant to section 708(b)(2)(B) of the Internal Revenue Code of 1986, as amended.

TO HAVE AND TO HOLD the Premises and all privileges and appurtenances thereto belonging to the Grantee in fee simple absolute.

And the Grantor covenants with the Grantee that Grantor is seized of the Premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that the Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the following exceptions to title:

1. Taxes for the year 1998, and subsequent years not yet due and payable.

2. Easements, restrictions and other matters of record.

106463.1

BOOK1735 PAGE312

GRANTEE:

CLAYTON CROSSINGS, LLC    (SEAL)
a North Carolina limited liability company

By: _____ (SEAL)
    W.B. Nivison, manager

By: _____ (SEAL)
    C. Brantley Tillman, manager

By: _____ (SEAL)
    Arthur E. Nivison, manager

STATE OF NORTH CAROLINA
COUNTY OF WAKE

I, Steven I. Reinhard, a notary public for the above county and state, do hereby certify that W.B. Nivison, general partner of Greenwood Commons Associates, a North Carolina general partnership, personally appeared before me this day and acknowledged the due execution of the foregoing instrument on behalf of and as the act of the general partnership.

Witness my hand and notarial seal, this the 13th day of August, 1998.

_____
Notary Public

My Commission Expires:    3/30/2002

STATE OF NORTH CAROLINA
COUNTY OF WAKE

I, Steven I. Reinhard, a Notary Public in and for said County and State, do hereby certify that W.B. Nivison, C. Brantley Tillman and Arthur E. Nivison, as managers of Clayton Crossings, LLC, a North Carolina limited liability company, personally appeared before me this day and acknowledged the due execution of the foregoing instrument on behalf of and as the act of the limited liability company.

Witness my hand and notarial seal, this the 13th day of August, 1998.

_____
Notary Public

My Commission Expires:    3/30/2002

State of North Carolina-Johnston County
The foregoing certificate(s) of _____
Steven I. Reinhard
Page _____ of ____ Notary(ies) Public is (are) certified to be correct.
This instrument was presented for registration and recorded
in Book 1735 Page 310
This Aug 13 98 1:30 PM
Phyllis N Wall                    _____
Register of Deeds                Deputy Register of Deeds

885

*[Stamp: AUG 19 1998]*

*[Handwritten notations]*

**CLAYTON CROSSINGS, LLC**
**c/o COMMERCIAL PROPERTIES, INC.**
1648F North Market Drive
Raleigh, North Carolina 27609

*8/19/98 OK to Change*

August 13, 1998

Ms. Laura E. Baughman
Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32203-0297

Re: Store Number 923, Clayton Crossings Shopping Center, Clayton, North Carolina

Dear Ms. Baughman:

Pursuant to your letter of July 23, 1998, to Ms. McConnell, please be advised that effective today, all future rental payments regarding the subject lease should be mailed to Clayton Crossings, LLC, at the address set forth above.

The name, address, phone number and contact person of the management company for the shopping center is as follows:

C. Brantley Tillman
Commercial Properties, Inc.
1648F North Market Drive
Raleigh, North Carolina 27609
Telephone: 919-872-5702
Facsimile: 919-954-8859

Additionally, the name and address of anyone who should be provided with a copy of any and all notices as provided for under the lease shall be as follows:

C. Brantley Tillman
Clayton Crossings, LLC
c/o Commercial Properties, Inc.
1648F North Market Drive
Raleigh, North Carolina 27609

and to:

107406.1

Ms. Laura E. Baughman
August 13, 1998
Page 2

                        Mr. Arthur E. Nivison
                        M & W Properties, Inc.
                        701 East Six Forks Road
                        Raleigh, North Carolina 27609

       The undersigned further hereby certifies to Winn-Dixie Stores, Inc. that the tax identification number for the landlord Clayton Crossings, LLC is **56-2090268**.

Please advise if you have any questions.

                        Very truly yours,

                        CLAYTON CROSSINGS, LLC

                        */s/ C. Brantley Tillman*

                        C. Brantley Tillman
                        Manager