**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**(Orlando)**

In re:

WINN-DIXIE STORES, INC. et al.,                                    Case No.  05-bk-03817-JAF

      Debtors                                                                        Chapter 11

_____/

## MOTION BY ALBA DAMIAN TO ENLARGE TIME TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM

COMES NOW the Movant, ALBA DAMIAN (DAMIAN), by and through the undersigned counsel, and pursuant to Bankruptcy Rule 9006(b) hereby move this Court for an Order enlarging the time to file their Application for Administrative Expense, and would show:

1.      The Debtors filed Chapter 11 on February 21, 2005.

2.      On or about October 28, 2006, ALBA DAMIAN, was injured in the Winn Dixie store located at 291 W. Camino Real, Boca Raton, Florida, 33432.

3.      DAMIAN is represented by the Law Firm of Vastola, Schulz & Harvey.

4.      On or about November 1, 2006, the Debtors had notice and actual knowledge of the accident and the injuries suffered by DAMIAN.

5.      Prior to January 5, 2007, the Debtors did not advise DAMIAN of the Debtor's pending bankruptcy case.

6.      Prior to January 5, 2007, DAMIAN did not have any actual knowledge of the bankruptcy case.

7.      Pursuant to the Order confirming the Debtors' Chapter 11 Plan, the Bankruptcy Court set January 5, 2007 as the Bar date for certain post petition claimants, including post-petition personal injury claimants, to file application for Administrative Expense with the Court.

8.      While the Debtors apparently sent a Notice regarding the January 5, 2007 Administrative Claims Bar date to post-petition claimants.  Neither the Debtors, their counsel, or agents ever served DAMIAN or their state court counsel with any notice of the Bar date order prior to January 5, 2007 Bar date.

9.      On February 6, 2007, DAMIAN'S attorney became aware of the Administrative Claim Bar date for the first time.  At that time, DAMIAN and her counsel were unaware of the existence of the Administrative Claim Bar date.

10.     DAMIAN'S state court counsel acted promptly to determine the status of the bankruptcy case, and whether DAMIAN'S had received any notice of the Administrative Claims bar date.

11.     DAMIAN did not receive a Notice of the Administrative Claims Bar date.

12.     The undersigned filed a timely Application for Administrative Expense with the Court on behalf of DAMIAN. Due to the electronic filing requirements, counsel was required to obtain a login and password which it did not receive until April 3, 2007.

13.     The Court should allow DAMIAN to file the Application for Administrative Claim against Debtors past the Administrative Claim Bar date, and deem the Application as timely filed because, inter alia, DAMIAN did not receive notice of the Administrative Claims Bar date, or in the alternative, the failure to file an Application for Administrative Expense prior to the Bar date was the result of excusable neglect.

14.     The Affidavit of ALBA DAMIAN in support of this Motion is attached hereto.

**<u>Legal Argument</u>**

DAMIAN was involved in a serious accident caused by the negligence of the Debtors. This accident occurred **post-petition.**  DAMIAN was represented by counsel and asserted her claim in writing to the Debtors or its agents.  As such, DAMIAN was a known creditor of the Debtors.  As a known claimant, DAMIAN was entitled to actual notice of the Administrative Claims Bar date.  <u>In re Charter Company</u>, 125 B.R. 650 (Bkrtcy. M.D. Fla. 1991) (due process requires that a debtor's known creditors be given actual notice of the Administrative Claims Bar date prior to the expiration of the Bar date.

Based on principals of due process, this Motion should be granted.  DAMIAN was a known creditor holding a post-petition claim.  The Debtors failed to serve a Notice of the Administrative Claims Bar date on DAMIAN or their counsel, or otherwise advise DAMIAN of the Administrative Claims Bar date prior to the Bar date.

In addition, and as a separate and alternative grounds, the Court can deem DAMIAN'S claim or pleadings as timely filed based I upon excusable neglect under Bankruptcy Rule 9006. The legal standard for determining excusable neglect is set forth in <u>Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd</u>., 507 U.S. 380, 113 S.Ct. 1489 (1993).  In <u>Pioneer</u>, the Supreme Court held that a bankruptcy court may extend the Bar date for cause to "permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect." <u>Pioneer</u>, 507 U.S. at 385, 113 S.Ct. at 1492.  The determination as to whether a party's neglect of a deadline is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the parties omission."  <u>Id.</u>  Factors to be considered when determining the existence of "excusable neglect" include:  prejudice to the debtor, the length of delay and its potential impact on the judicial proceedings; the reason for the delay; and whether

the movant acted in good faith. Id.  Many courts have applied the excusable neglect analysis in

Pioneer Investment Services Co. to time limits for filing administrative expense claims. See, e.g.,

In re Rand Energy Co., 256 B.R. 712 (Bankr. N.D. Tex. 2000).

In this case, both the law and the equities favor the Court extending the Administrative

Claim Bar date to allow DAMIAN to file an administrative claim and deem her administrative

expense claim as timely filed based upon excusable neglect, for the following reasons:

(i)     There is no prejudice to the Debtors or the Estate if the Bar date is extended to

allow DAMIAN to file the Administrative Claim.  Since the filing of Chapter 11 case, the

Debtors, through their agent and state court counsel, have been liquidating post-petition personal

injury claims (either by litigating or adjusting) in the ordinary course of their business.  The

Debtors have indicated that they will continue to adjust and pay the post-petition personal injury

claims, allowing them to go forward will not effect the distribution to the pre-petition unsecured

creditors.

(ii)     There has been no significant delay in DAMIAN filing this Motion.  The

application was filed approximately one month after the Administrative Claims Bar date.

(iii)     The judicial process has not been impacted in any way, and allowing DAMIAN to

assert her Administrative Claim will have no impact on the administration of this case.

(iv)     Public policy does not weigh against the relief sought by DAMIAN.

(v)     DAMIAN'S claim constitutes a post-petition personal injury tort claim.  As such,

DAMIAN's claim cannot be adjudicated in the Bankruptcy Court (however, the personal injury

claim could be resolved through a Court approved claims resolution process).

In conclusion, the Debtors did not properly serve DAMIAN or their counsel with notice

of the Administrative Claims Bar date.  Granting DAMIAN's request to have her claim be

deemed timely filed is not prejudicial to the Debtors in any way.  Further, neither DAMIAN or

her counsel receive any notice of the bankruptcy case or the Administrative Claim Bar date. Therefore, DAMIAN was not properly put on notice as to the bar date.  In addition, once advised of the bar date, DAMIAN and her counsel have acted promptly and in good faith.  Granting the relief sought would not prejudice either the Debtors or creditors.  As a matter of equity, this Court should extend the bar date to allow DAMIAN'S Administrative Expense Application in the above case to be deemed as timely filed.

WHEREFORE, DAMIAN respectfully request this Court for an Order enlarging time such that the Application for Administrative Expense and filed herein will be deemed to be timely filed, and for such other relief as the Court finds just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished upon the parties listed on the attached list on this 6th day of April, 2007.

VASTOLA, SCHULZ & HARVEY
Attorney for the Plaintiff
The Atrium Building – Suite 202
631 U.S. Highway One
North Palm Beach, Florida 33408
(561) 721-2500
(561) 721-2501 facsimile

By: /s/ Joseph C. Schulz, Esq.
Joseph C. Schulz, Esq.
Florida Bar No:  0660620

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL  32254-3699