UNITED STATES BANKRUPTY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

**WINN-DIXIE STORES, INC., et al.,**

Debtors.[1]

**Chapter 11**

**Case No. 05-03817-3F1**

**(Jointly Administered)**

## CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1.   I am of legal age and I am not a party to this action.

2.   I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3.   On or about April 5, 2007 I caused copies of:

•   the **Debtors' Objection to Claim No. 13740 Filed by IRT Partners, L.P. and Claim No. 13741 Filed by Equity One (Hunter's Creek) Inc.**

to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served notice as listed above is attached hereto as Exhibit B.

Dated: April 6, 2007

_____
Kathleen M. Logan

---

[1]       In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Code: IR

EXHIBIT A
SERVICE LIST

Debtors' Objection to Claim No. 13740 Filed by
IRT Partners, L.P. and Claim No. 13741 Filed
by Equity One (Hunter's Creek) Inc.

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**

CASE:   05-03817-3F1

CREDITOR ID: 558229-W9
EQUITY ONE (FLORIDA PORTFOLIO)
SUCCESSOR BY MERGER TO
EQUITY ONE (HUNTER'S CREEK) INC
1600 NE MIAMI GARDENS DRIVE
NORTH MIAMI BEACH FL 33179

CREDITOR ID: 411171-15
EQUITY ONE (HUNTER'S CREEK) INC
C/O GREENBERG TRAURIG, PA
ATTN MARK BLOOM, ESQ
1221 BRICKELL AVENUE
MIAMI FL 33131

CREDITOR ID: 558228-W9
IRT PARTNERS L.P.
C/O EQUITY ONE
1600 NE MIAMI GARDENS DRIVE
NORTH MIAMI BEACH FL 33179

CREDITOR ID: 410788-15
IRT PARTNERS LP
C/O GREENBERG TRAURIG, PA
ATTN MARK BLOOM, ESQ
1221 BRICKELL AVENUE
MIAMI FL 33131

CREDITOR ID: 558386-99
MILBANK TWEED HADLEY & MCCLOY LLP
ATTN: MICHAEL COMERFORD, ESQ
1 CHASE MANHATTAN PLAZA
NEW YORK NY 10005-1413

CREDITOR ID: 397685-99
MILBANK TWEED HADLEY & MCCOY LLP
ATTN: MATTHEW S BARR, ESQ
1 CHASE MANHATTAN PLAZA
NEW YORK NY 10005-1413

Total:   6

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**DEBTORS' OBJECTION TO CLAIM NO. 13740 FILED BY IRT PARTNERS, L.P. AND
CLAIM NO. 13741 FILED BY EQUITY ONE (HUNTER'S CREEK) INC.**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors"), object for the reasons set forth below to the allowance of Claim No. 13740 (the "IRT Claim") filed by IRT Partners, L.P. ("IRT") on January 5, 2007 and Claim No. 13741 (the "Hunter's Creek Claim" and, collectively with the IRT Claim, the "Claims") filed by Equity One (Hunter's Creek) Inc. ("Hunter's Creek") on January 5, 2007.[1]  In making these objections, the Debtors reserve, without waiver, the right to assert further or additional objections to the Claims.

**Background**

A.    The Chapter 11 Filings

1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). During these cases, the Debtors operated their businesses and managed their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1]    In accordance with Sections 1.15 and 9.1 of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, which was confirmed by order of the Court entered at Docket No. 12440 on November 9, 2006 and became effective on November 21, 2006, the deadline for objecting to the Claims is April 5, 2007.

2.   The Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Chapter 11 Plan") was confirmed by order of the Court entered at Docket No. 12440 on November 9, 2006 (the "Confirmation Order") and became effective on November 21, 2006 (the "Effective Date").

B.   The Claims

3.   Prior to the Petition Date, certain of the Debtors were party to (a) a lease with IRT as landlord relating to the Debtors' store number 2087 in Stanley, North Carolina (the "Stanley Lease") and (b) a lease with Hunter's Creek as landlord relating to the Debtors' store number 2391 in Orlando, Florida (the "Orlando Lease" and, collectively with the Stanley Lease, the "Leases").

4.   On September 8, 2005, the Court entered at Docket No. 3405 an order, inter alia, (a) authorizing but not obligating the Debtors to reject the Leases (the "Rejection Order") and (b) providing that the landlord to a rejected Lease was required to file a proof of claim for damages arising from the rejection of the Lease within thirty (30) days following the date upon which the rejection of the Lease became effective (the "Rejection Damages Bar Date").

5.   Pursuant to the Rejection Order, the Debtors rejected each of the Stanley Lease and the Orlando Lease effective as of September 30, 2005, and the Rejection Damages Bar Date with respect to each of the Leases was established as October 30, 2005.

6.   On October 31, 2005, IRT and Equity One, both affiliates of Equity One, Inc. ("Equity One"), filed a joint motion seeking to extend the Rejection Damages Bar Date to November 15, 2005 due to the alleged effects of Hurricane Wilma upon Equity One and its counsel (the "Extension Motion").  The Extension Motion remains pending before the Court.

7.   On November 15, 2005, (a) IRT filed Claim No. 12484 as an unsecured non-priority claim in the amount of $20,364.24 for alleged rejection damages relating to the Stanley Lease (the

2

"Stanley Rejection Claim") and (b) Hunter's Creek filed Claim No. 12486 as an unsecured non-priority claim in the amount of $87,498.69 for alleged rejection damages relating to the Orlando Lease (the "Orlando Rejection Claim" and, collectively with the Stanley Rejection Claim, the "Rejection Claims").

8.    On October 31, 2006, the Debtors filed at Docket No. 12274 its twenty-fifth omnibus claims objection (the "Twenty-Fifth Objection") seeking, inter alia, (a) the reduction of the Stanley Rejection Claim to $11,636.71 and (b) the reduction of the Orlando Rejection Claim to $16,913.96.

9.    On November 30, 2006, the Court entered at Docket No. 12902 an order with respect to the Twenty-Fifth Objection (the "Twenty-Fifth Order"), inter alia, (a) reducing the Stanley Rejection Claim to $11,636.71 and disallowing the amounts exceeding the reduced Stanley Rejection Claim and (b) reducing the Orlando Rejection Claim to $16,913.96 and disallowing the amounts exceeding the reduced Orlando Rejection Claim.   Neither IRT nor Hunter's Creek appealed the Twenty-Fifth Order.

10.    Pursuant to the Chapter 11 Plan, the Debtors provided distributions of "New Common Stock" (as defined in the Chapter 11 Plan) to IRT and Hunter's Creek on account of the Rejection Claims.   Specifically, on or about December 22, 2006, the Debtors made a distribution of 782 shares of New Common Stock to Hunter's Creek on account of the Orlando Rejection Claim via the mailing of a direct registration statement to counsel for Hunter's Creek at the following address: Greenberg Traurig PA. Attn: Mark Bloom, Esq., 1221 Brickell Avenue, Miami FL 33131. Similarly, on or about January 9, 2007, the Debtors made a distribution of 538 shares of New Common Stock to IRT on account of the Stanley Rejection Claim via the mailing of a direct registration statement to counsel to IRT at the following address: Greenberg Traurig PA. Attn: Mark Bloom, Esq., 1221 Brickell Avenue, Miami FL 33131.

3

11.    On January 5, 2007, (a) IRT filed the IRT Claim as an unsecured non-priority claim in the amount of $185,244.67 for alleged rejection damages relating to the Stanley Lease and purportedly as an amendment of the Stanley Rejection Claim and (b) Hunter's Creek filed the Hunter's Creek Claim as an unsecured non-priority claim in the amount of $878,478.41 for alleged rejection damages relating to the Orlando Lease and purportedly as an amendment of the Orlando Rejection Claim.

## Objections to the Claims

12.    Although they purport to amend the Rejection Claims, the Claims, which were filed more than a month after the Effective Date and seek amounts that are significantly higher than the filed and reduced amounts of the Rejection Claims that they purport to amend,[2] are, in fact, new claims for rejection damages and not amendments to the Rejection Claims. The Claims were each filed more than a year after the established Rejection Damages Bar Date, and, as such, were untimely and should be disallowed in their entirety.[3]

---

[2]    In this vein, each Claim seeks more than nine (9) times the filed amount of the Rejection Claim it purports to amend. Moreover, the IRT Claim seeks more than fifteen (15) times the reduced amount of the Stanley Rejection Claim and the Hunter's Creek Claim seeks more than fifty-one (51) times the reduced amount of the Orlando Rejection Claim.

[3]    Each of the Claims makes reference to the January 5, 2007 deadline for filing administrative claims (the "Administrative Claim Deadline") indicated in Paragraph 3 of the notice filed by the Debtors at Docket No. 12991 on December 6, 2006 (the "Effective Date Notice"). Presumably, IRT and Hunter's Creek will argue that the Claims were timely filed because they were filed by the Administrative Claim Deadline. However, the Administrative Claim Deadline is inapplicable to the Claims, which are for rejection damages and governed by the Rejection Damages Bar Date. Importantly, the Effective Date Notice does not, itself, establish the Administrative Claim Deadline (which is established by the Chapter 11 Plan and the Confirmation Order), but merely gives notice of it. In providing notice of the Administrative Claim Deadline, paragraph 3 of the Effective Date Notice states, in pertinent part, that "[i]n accordance with Section 12.1 of the [Chapter 11] Plan … all requests for payment of an Administrative Claim [as defined in the Chapter 11 Plan] or any Claim [as defined in the Chapter 11 Plan] arising against the Debtors in the period between February 21, 2005 and November 21, 2006, (other than as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4 or 12.5 of the [Chapter 11] Plan) must be made by application filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors [as defined in the Chapter 11 Plan] and the Post-Effective Date Committee [as defined in the Chapter 11 Plan] no later than January 5, 2007." Effective Date Notice, at ¶ 3. Section 12.1 of the Chapter 11 Plan (the Section cited by the Effective Date Notice as governing the Administrative Claim Deadline), in turn, provides that "[a]ll requests for payment of an Administrative Claim [as defined in the Chapter 11 Plan] (other than as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4 or 12.5 of the [Chapter 11] Plan) must be made by

13.    To the extent that the Court is inclined to view the Claims as being in the nature of amendments to the Rejection Claims, the Claims should, nevertheless, be disallowed in their entirety. Viewed as amendments to the Rejection Claims, the Claims reflect an impermissible attempt to collaterally attack the Twenty-Fifth Order, which has never been appealed by IRT, Hunter's Creek, or any other party. Notably, the Twenty-Fifth Order reduced the amounts of the Rejection Claims and disallowed the amounts exceeding the reduced Rejection Claims. See Twenty-Fifth Order, at ¶ 6. In filing the Claims, IRT and Hunter's Creek are, therefore, attempting to increase their respective Rejection Claims in contravention of the terms of the Twenty-Fifth Order. For this reason alone, the Claims should be disallowed in their entirety.

14.    Just as significant, IRT and Hunter's Creek each accepted distributions under the Chapter 11 Plan on account of their Rejection Claims. Pursuant to Section 4.3(g) of the Chapter 11 Plan (which is applicable to landlord claims such as the Rejection Claims), the distributions made

---

application filed … and served … no later than forty-five (45) days after the Effective Date." Chapter 11 Plan, at § 12.1 (emphasis added). Similarly, Paragraph 61 of the Confirmation Order provides that "[e]xcept as otherwise provided in Section 4.1(a), 12.1, 12.2, 12.3, 12.4 or 12.5 of the Plan, all requests for payment of an Administrative Claim must be made by application filed … and served … no later than forty-five (45) days after the Effective Date, or shall be forever barred and deemed waived and relinquished in full." Confirmation Order, at ¶ 61 (emphasis added). Moreover, the other Chapter 11 Plan Sections (i.e. Sections 4.1(a), 12.1, 12.2, 12.3, 12.4 or 12.5) referenced in Section 12.1 of the Chapter 11 Plan, Paragraph 61 of the Confirmation Order, and Paragraph 3 of the Effective Date Notice relate to administrative claims. Accordingly, it is clear that the Administrative Claim Deadline relates only to the filing of administrative claims and does not apply to rejection damage claims such as the Claims. Neither does the Effective Date Notice's reference to "any Claim [as defined in the Chapter 11 Plan] arising against the Debtors in the period between February 21, 2005 and November 21, 2006" bring the Claims within the purview of the Administrative Claims Deadline. To begin, the Administrative Claim Deadline is established pursuant to Section 12.1 of the Chapter 11 Plan and Paragraph 61 of the Confirmation Order, and not pursuant to the Effective Date Notice (which merely provides notice of the Administrative Claim Deadline). Moreover, pursuant to Sections 365(g) and 502(g) of the Bankruptcy Code, the rejections of the Leases constituted prepetition breaches of the Leases giving rise to prepetition claims. See 11 U.S.C. §§ 365(g), 502(g). Thus, the Claims are deemed to have arisen prepetition and are not within the scope of the referenced language. Finally, it is also worth noting that, pursuant to Section 7.1 of the Chapter 11 Plan and Paragraph 40 of the Confirmation Order, the deadline for filing rejection damages for contracts and leases that were rejected pursuant to the Chapter 11 Plan was thirty (30) days after entry of the Confirmation Order – i.e. December 9, 2007 (the "Plan Rejection Deadline"). Of course, the Claims are not subject to the Plan Rejection Deadline but are subject to the earlier Rejection Damages Bar Date because the Leases were rejected pursuant to the Rejection Order and not the Chapter 11 Plan. However, even assuming that the Plan Rejection Deadline were applicable, the Claims would still not have been timely filed.

under the Chapter 11 Plan are "in full satisfaction, settlement, release, and discharge of and in exchange for" the claims for which the distributions are made.  See Chapter 11 Plan, at § 4.3(g). Having accepted the benefits of the distributions made under the Chapter 11 Plan, IRT and Hunter's Creek cannot now seek to ignore the fact that those distributions are "in full satisfaction , settlement, release, and discharge of and in exchange for" the Rejection Claims.  Yet, by filing the Claims and, thereby, attempting to amend and increase the Rejection Claims, IRT and Hunter's Creek have, in fact, sought to do just that.  Accordingly, the Claims should be disallowed in their entirety.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter the Proposed Order attached as Exhibit A to this Objection disallowing the Claims in their entirety and (ii) grant such other and further relief as the Court deems just and proper.

Dated:   April 5, 2007

SKADDEN, ARPS, SLATE, MEAGHER                SMITH HULSEY & BUSEY
& FLOM LLP


By    s/ D.J. Baker                              By     s/ James H. Post
       D. J. Baker                                      Stephen D. Busey
       Rosalie Walker Gray                              James H. Post
       Jane M. Leamy                                    Cynthia C. Jackson
       David M. Turetsky                                Florida Bar Number 175460

Four Times Square                               225 Water Street, Suite 1800
New York, New York 10036                        Jacksonville, Florida  32202
(212) 735-3000                                  (904) 359-7700
(917) 777-2150 (facsimile)                      (904) 359-7708 (facsimile)
djbaker@skadden.com                             jpost@smithhulsey.com

Co-Counsel for Reorganized Debtors              Co-Counsel for Reorganized Debtors

6

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER DISALLOWING CLAIM NO. 13740 FILED BY IRT PARTNERS, L.P. AND
CLAIM NO. 13741 FILED BY EQUITY ONE (HUNTER'S CREEK) INC.**

These cases came before the Court upon the objection of Winn-Dixie Stores, Inc.

and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to Claim No.

13740 filed by IRT Partners, L.P. and Claim No. 13741 filed by Equity One (Hunter's Creek)

Inc. (the "Objection").  Upon consideration, it is

ORDERED AND ADJUDGED:

1.      The Objection is sustained.

2.      Claim No. 13740 is disallowed in its entirety.

3.      Claim No. 13741 is disallowed in its entirety.

Dated this _____ day of _____, 2007 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

1221914-New York Server 7A - MSW