# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., ) | |
| ) | *Chapter 11* |
| Reorganized Debtors. ) | |
| ) | Jointly Administered |
| ) | |

## MOTION FOR ORDER VOIDING TAX DEED

Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors") move the Court for entry of an order enforcing the automatic stay and voiding a tax deed issued by the Sheriff of the Parish of East Baton Rouge, Louisiana (the "Parish") for a store owned by Winn-Dixie's subsidiary, Winn-Dixie Properties, LLC and in support state:

1. By order dated November 9, 2006, the Court confirmed the Reorganized Debtors' Joint Plan of Reorganization (Docket No. 12440) (the "Plan") which became effective on November 21, 2006 (the "Effective Date"). Under Article VI, Section 6.12 of the Plan, as of the Effective Date, Winn-Dixie and its affiliated debtors were authorized to incorporate a new entity to hold title to their real estate assets. On October 10, 2006, Winn-Dixie formed Winn-Dixie Properties, LLC for this purpose.

2. Article VI, Section 6.11 of the Plan provides, except as otherwise set forth in the Plan or the Confirmation Order[1] that at the Effective Date all of the estate assets revest in the Reorganized Debtors "free and clear of all Liens, Claims, and Interests...."[2]

---

[1] Neither the Plan nor the Confirmation Order provide otherwise except as to the exit facility with Wachovia Bank, N.A.

[2] A "Lien" is defined by the Plan to include "a charge against or interest in property of the Debtors to secure payment of a debt or performance of an obligation." A "Claim" is defined by the Plan to include "the right to payment, whether or not such right is reduced to judgment."

3. On March 27, 2001, Winn-Dixie, as the owner trustee of the Dixon Realty Trust 1991-1 (the "Dixon Trust"), sold a grocery store (Store Number 1577) located in the East Baton Rouge Parish, Louisiana which is located on the immovable property described on the attached Exhibit A (the "Baton Rouge Store") to Winn-Dixie Louisiana, Inc. On January 15, 2005, Winn-Dixie Louisiana, Inc. merged into Winn-Dixie Montgomery, Inc., a direct subsidiary of Winn-Dixie.

4. Despite the transfer of ownership from the Dixon Trust to Winn-Dixie Louisiana, Inc. and its merger into Winn-Dixie Montgomery, Inc., as of June 2006, the East Baton Rouge Parish Assessor's records and the East Baton Rouge Parish Sheriff's records reflected that the Baton Rouge Store was still owned by the Dixon Trust. The Parish conducted a tax sale of the Baton Rouge Store in June 2006 and on June 21, 2006, the Parish issued a tax deed for the Baton Rouge Store (the "Tax Deed") to Mooring Tax Asset Group V, LLC ("Mooring") asserting that the Dixon Trust had failed to pay 2005 ad valorem taxes owed on the Baton Rouge Store. For these reasons, there is a cloud on the title of the Baton Rouge Store.

5. On November 21, 2006, Winn-Dixie Montgomery transferred its title to the Baton Rouge Store to Winn-Dixie Properties in accordance with the Plan.

6. Winn-Dixie has informed the Parish that (i) the true owner of the Baton Rouge Store at the time the Parish conducted the tax sale and issued the Tax Deed was Winn-Dixie Montgomery, Inc. and not the Dixon Trust, (ii) Winn-Dixie Montgomery, Inc. was a Chapter 11 debtor at the time (and the transfer was thus void under 11 U.S.C. §362) and (iii) Winn-Dixie Montgomery, Inc. had paid the 2005 ad valorem taxes as determined by the Bankruptcy Court to be owed on the Baton Rouge Store.

7. Because the Parish issued the Tax Deed to Mooring in violation of the automatic stay, the Tax Deed is void. *Borg-Warner Acceptance Corp. v. Hall*, 685 F.3d. 1306 (11th Cir. 1982). The Debtors therefore ask the Court to enter an order (1) setting

aside and voiding the Tax Deed to Mooring, and (ii) declaring that Winn-Dixie Properties, LLC's title to the Baton Rouge Store is free and clear of the Tax Deed.

8. The Parish agrees with the relief sought by this motion.

9. The Reorganized Debtors will serve a copy of this motion (and attached order) on Mooring.

## Conclusion

For the foregoing reasons, the Reorganized Debtors ask the Court to enter an order substantially in the form attached, voiding the tax sale and the Tax Deed and declaring that Winn-Dixie Properties, LLC's title to the Baton Rouge Store is free and clear of the Tax Deed and for such further relief as the Court deems just.

Dated: April 6, 2007.

SMITH HULSEY & BUSEY

By    /s/ Cynthia C. Jackson
     Stephen D. Busey
     Cynthia C. Jackson

Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Counsel for the Reorganized Debtors

00562273.6

# EXHIBIT A

## LEGAL DESCRIPTION

Store #1577
13002 Coursey Blvd.
Baton Rouge, Louisiana

A Certain Tract or Parcel of Land Containing 7.413± Acres, Together With All Rights, Privileges, Servitudes, Appurtenances And Advantages Thereunto Belonging or in Otherwise Appertaining, Located in Section 57, T-7-S, R-2-E, Greensburg Land District, East Baton Rouge Parish, Louisiana, And Being **TRACT X-1-B** of The M. G. Harelson Property, Also Being More Fully Described as Follows:

Commencing at the intersection of the southern right-of-way line of Coursey Boulevard and the eastern right-of-way line of Stumberg Lane proceed along the southern right-of-way line of Coursey Boulevard South 80°12'44" East, a distance of 334.01 feet; thence proceed along the arc of a curve to the right, having a radius of 1859.86 feet, a delta of 02°57'36", a chord bearing of south 78°43'44" East, a chord length of 96.07 feet, a distance of 96.08 feet to the POINT OF BEGINNING;

Thence proceed along the arc of a curve to the right, having a radius of 1859.86 feet, a delta of 07°02'06", a chord bearing of South 73°43'52" East, a chord length of 228.22 feet, a distance of 228.36 feet to a point and corner; Thence proceed South 09°42'27" West, a distance of 153.67 feet to a point and corner; Thence proceed South 80°17'33" East, a distance of 93.00 feet to a point and corner; Thence proceed South 09°42'27" West, a distance of 616.83 feet to a point and corner; Thence proceed North 80°17'33" West, a distance of 479.50 feet to a point and corner; Thence proceed North 09°42'27" East, a distance of 92.33 feet to a point and corner; Thence proceed South 80°17'33" East, a distance of 62.50 feet to a point and corner; Thence proceed North 09°42'27" East, a distance of 210.09 feet to a point and corner; Thence proceed North 80°17'33" West, a distance of 83.50 feet to a point and corner; Thence proceed North 09°42'27" East, a distance of 258.38 feet to a point and corner; Thence proceed South 80°15'07" East, a distance of 134.28 feet to a point and corner; Thence proceed North 20°51'35" East, a distance of 240.41 feet to the POINT OF BEGINNING.

Said **TRACT X-1-B** is more fully shown and described on a resubdivision map by GWS Engineering, Inc. dated April 23, 1999, recorded as Original 164, Bundle 11002 of the official records of East Baton Rouge Parish, Louisiana.

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| Reorganized Debtor. ) | Jointly Administered |
| ) | |

**ORDER GRANTING THE MOTION**
**FOR ORDER VOIDING TAX SALE**

This cause came before the Court on the motion for an order voiding the tax sale and a tax deed (the "Motion") filed by Winn-Dixie Stores, Inc. and its affiliated debtors. Upon consideration, it is

ORDERED AND ADJUDGED:

1. The Motion is granted.

2. The Tax Deed issued by the Parish on June 21, 2006 for the Baton Rouge Store to Mooring Tax Asset Group V, LLC and recorded in the Official Records of East Baton Rouge Parish, Louisiana, as original 288, bundle 11851 is null and void and the tax sale and Tax Deed are set aside *ab initio*.

3. The Parish and the Clerk of Court of East Baton Rouge Parish are authorized and directed to cancel the Tax Deed and to revise the records of East Baton Rouge Parish, including the Conveyance Records to so reflect that the tax sale and Tax Deed to Mooring are null and void.

Dated this _____ day of April, 2007, in Jacksonville, Florida.

                                                                      Jerry A. Funk
                                                                       United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.