## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.   05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

### MOTION OF AMELIA LIXIE FOR LEAVE TO FILE
### APPLICATION FOR ADMINISTRATIVE EXPENSE

Comes Now, Amelia Lixie (alternatively "Ms. Lixie" or "Applicant"), by and through undersigned counsel, and pursuant to 11 U.S.C. Sections 105 and 503(a) and Fed. R. Bankr. P. 9006(b)(1), hereby moves this Court for entry of an order allowing her to file the Application for Administrative Expense as Exhibit "A" (the "Application").

### BACKGROUND

1.    On or about November 22, 2005, Ms. Lixie was injured at the Winn-Dixie store located at 301 N. Nob Hill Road in Plantation, Florida as a proximate result of the negligence of the Winn-Dixie entity operating the store. Ms. Lixie was injured when she slipped and fell as a result of grapes that were negligently left on the store floor. As a result of the accident, Ms. Lixie has suffered extensive physical damages.

2.    On December 7, 2006 Ms. Lixie retained Daniel R. Maier, Esq. to represent her with regard to the accident. *See Affidavit of Daniel R. Maier attached as Exhibit "B", paragraph 5.*

3.    On December 20, 2006 Attorney Maier sent a demand letter to Sedgwick Claims Management Services as agent for Winn Dixie Stores, Inc., acting through her counsel Daniel R. Maier, Esq., promptly provided written notification of the claim to Winn-Dixie, Sedgwick Claims Management. *Id., paragraph 6.*

4.      On Friday March 23, 2007 Attorney Maier called Felicia Holland at Sedgwick Claims Management Services who informed him the deadline was January 5, 2007 to file Application for Administrative Expenses. *Id., paragraph 7.*

5.      As set forth in his Affidavit, March 23, 2007 was the first time Attorney Maier received notice or was otherwise made aware of the January 5, 2007 deadline to file a claim for and Administrative Expense. *Id., paragraph 7.*

6.      When Mr. Maier became aware of the problem, he promptly contacted the undersigned Florida counsel for assistance in filing this Motion.

## MEMORANDUM OF LAW

The Bankruptcy Code provides that "(a)n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause". *11 U.S.C. Section 503(a).* As in the case of a pre-petition claim filed after a bar date, bankruptcy courts have used the "excusable neglect" standard of Fed. R. Bankr. P. 9006(b)(1) in the context of a Section 503(a) application for administrative expense. *See In re: Bicoastal Corp.*, 147 B.R. 258 (M.D. Fla. 1992). *See also In re Reams Broad. Corp., 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993).*

This Court is permitted to exercise its discretion "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the movant's control". *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507 U.S. 380, 391, 113 S. Ct. 1489 (1993).

In *Pioneer*, the United States Supreme Court explicitly rejected a narrow interpretation of the term "excusable neglect" under Rule 9006(b)(1). *Pioneer*, 507 U.S. at 388 ("Congress plainly contemplated that the courts would be permitted, where

appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control"). A pre-petition claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *Banco Latino International v. Lopez (In re Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer*). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997).

As noted previously by this Court, *Pioneer* mandates a "balancing test" of four considerations. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). Those considerations include: (a) the reason for the delay and whether it was in control of claimant; (b) the length of delay and potential impact on judicial proceedings; (c); the danger of prejudice to debtor, and (d) whether the claimant acted in good faith. *Harrell*, 325 B.R. 646.

In this instance the Applicant simply had no notice of the January 5, 2007 bar date. Because the accident did not occur until so shortly before the bar date, it is understandable why she did not receive any notice. The facts here are substantially similar to those in *In re Faden*, 96 F.3d 792 (5th Cir.1996) in which the Court of Appeals for the Fifth Circuit held that a pre-petition debt in a Chapter 7 case was not dischargeable where the creditor did not receive notice of the Chapter 7 case. This Court has cited *Faden* in the context of a motion for leave to file a claim after the bar date in a jointly-administered Chapter 11 case. *In re Harrell*, 325 B.R. 643, 649 (Bankr. M.D. Fla. 2005).

### Reason for the Delay

As set forth in Daniel R. Maier's Affidavit attached as Exhibit "B", the failure

to timely file Ms. Lixie's claim is the result of a complete lack of notice of a January 5, 2007 deadline.

### Length of Delay and Potential Impact on Judicial Proceedings

If this motion is granted, Ms. Lixie's Application will be filed shortly after the deadline. Because, inter alia, the Court has confirmed a Plan of Reorganization approved by the Debtors' creditors, the judicial proceedings in this case will not be affected substantially if the Court grants this Motion.

### Prejudice to the Debtors

There can be little, if any, prejudice to Winn-Dixie Stores if this Motion is granted. The Debtors' had actual notice of Ms. Lixie's personal injury claim prior to the January 5, 2007 bar date. Significantly, the granting of this Motion will not deprive the Debtors' of their ability to object to Ms. Lixie's Application on its merits. The fact that the Debtors will have to deal with the merits of Ms. Lixie's Application, as opposed to having is stricken on procedural grounds, is not "prejudice" of a type this Court should consider in its analysis under *Pioneer*. Upon information and belief, the Debtors have not completed their reconciliation and negotiations relating to the large number of personal injury claims relating to the Debtors' activities during the Post-Petition Period.

### Ms. Lixie's Good Faith

Ms. Lixie's actions in this case were, without question, undertaken in good faith. At no point has she delayed the process or otherwise "sat on her rights", and there is and can be no suggestion that she has acted improperly in any fashion. Similarly, Mr. Maier's inadvertent failure to file the Application cannot be interpreted as the result of some calculated attempt to gain procedural or other advantage. Instead, the failure was

a result of excusable neglect.

### The Factors as a Whole

Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The treatment of Ms. Lixie's Application as timely-filed will permit her claim to be resolved on its merits. Such relief will result in no prejudice to the Debtors, will serve to protect Ms. Lixie's rights to recover for her damages, and is consistent with the interests of justice.

**Wherefore,** Amelia Lixie requests that the Court enter an order:

(A) granting this motion and allowing Amelia Lixie to file the Application in the form attached as Exhibit "A";

(B) deeming the attached Application to be timely-filed; and

(B) granting her such other and further relief to which she may be entitled.

Dated: April 7, 2007                    **WILCOX LAW FIRM**

                                        /s/ **Robert D. Wilcox**
                                        Robert D. Wilcox (FL #755168)
                                        6817 Southpoint Parkway, Suite 1302
                                        Jacksonville, FL 32216
                                        (904) 281-0700
                                        (904) 513-9201 Fax

                                        Daniel R. Maier, P.A.
                                        915 Middle River Drive
                                        Sixth Floor
                                        Ft. Lauderdale, FL  33304
                                        (954) 566-3330
                                        (954) 566-7980 Fax

### CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2007 I filed this **MOTION OF AMELIA LIXIE FOR LEAVE TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq.,

Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ **Robert Wilcox**
Robert D. Wilcox

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,

          Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE**
**STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE**
Amelia Lixie

       Comes Now Amelia Lixie ("Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

**JURISDICTION AND VENUE**

       1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

**FACTUAL BACKGROUND**

       2.     Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

       3.     After the Petition Date and on or about November 22, 2005, Ms. Lixie was injured at the Winn-Dixie store located at 301 N. Nob Hill Road in Plantation, Florida as a proximate result of the negligence of the Winn-Dixie entity operating the store. Ms.

Lixie was injured when she slipped and fell as a result of grapes that were negligently left on the store floor. As a result of the accident in which she suffered, inter alia, a broken ankle, Applicant has suffered physical injuries and damages totaling at least $25,000.00, which damages Applicant can support through medical records and other proof. Applicant's damages may not be fully liquidated at this time.

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4.      Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5.      In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting

Applicant's claim be served upon the undersigned counsel and:

> Daniel R. Maier, P.A.
> 915 Middle River Drive
> Sixth Floor
> Ft. Lauderdale, FL  33304
> (954) 566-3330
> (954) 566-7980 Fax

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter

an order granting the relief requested herein and such other relief as it deems just and

proper.

Respectfully Submitted,

> WILCOX LAW FIRM
>
>
> /s/ **Robert Wilcox**
> Robert D. Wilcox (FL #755168)
> 6817 Southpoint Parkway, Suite 1302
> Jacksonville, FL 32216
> Telephone: (904) 281-0700
> Facsimile: (904) 513-9201
>
>      And
>
> Daniel R. Maier, P.A.
> 915 Middle River Drive
> Sixth Floor
> Ft. Lauderdale, FL  33304
> (954) 566-3330
> (954) 566-7980 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2007, I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system, which will cause a copy to be  served on James H. Post, Esq., Counsel  for the Reorganized Debtors, Matthew Barr, Esq. and  John MacDonald, Esq., Counsel for the Post-Effective Date Committee,

Elena L. Escamilla,  Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ **Robert Wilcox**

Robert D. Wilcox

# EXHIBIT B

**AFFIDAVIT OF DANIEL R. MAIER IN SUPPORT OF
MOTION TO ALLOW FOR LATE FILING OF
APPLICATION FOR ADMINISTRATIVE EXPENSES**

COMES NOW DANIEL R. MAIER, ESQUIRE, who first being duly sworn, states as follows:

1.    I am an attorney licensed to practice in Florida since 1987.

2.    I have personal knowledge of the facts set forth herein.

3.    My practice is exclusively in the area of personal injury law and insurance coverage issues.

4.    My practice does not involve bankruptcy law.

5.    On December 7, 2005, I was retained by Amelia Lixie to represent her for injuries she received as the result of an accident occurring at the Winn Dixie store located at 301 North Nob Hill Road, Plantation, Florida.  The date of the accident was November 22, 2005.

6.    On December 20, 2006, I sent a demand letter to the adjusting entity representing Winn Dixie, Sedgwick Claims Management Services.

7.    On Friday, March 23, 2007, I called Felicia Holland at Sedgwick Claims Management Services to follow up on the status of the claim.

8.    At that time, I was informed for the first time that there had been a January 5, 2007 deadline required to file an Application for Administrative Expenses.

9.    Immediately upon being made aware of this filing deadline, the undersigned prepared an Application for Administrative Expenses and a Motion to Allow for Late Filing of Administrative Expenses, along with this affidavit, and retained bankruptcy attorney, Robert Wilcox, to

N:\WORK\CLIENTS.PI\Lixie.Amelia\affidavit.drm.wpd

expedite the filing.

10.    The undersigned has one other active case against Winn-Dixie. It is a pre-bankruptcy personal injury case.  The undersigned was aware of the notice process and carefully tracked and complied with required deadlines in that matter.

11.    The undersigned has a mail tracking system and filing system in place that is designed to bring deadlines such as this to the attention of the undersigned.

12.    The undersigned has no record of receipt of any notice of the January 5, 2007 deadline for filing of the Application for Administrative Expenses.  Had the undersigned received notice of the deadline of the Application for Administrative Expenses, I would have immediately calendared the deadline, completed the necessary application, and filed it with the Court.

13.    As of the filing of this affidavit, the Application for Administrative Expenses has been filed with the Court.

14.    Immediately upon being advised of the passing of the January 5, 2007 deadline for filing the Application for Administrative Expenses, the undersigned acted promptly and in good faith to assert a claim in the Bankruptcy Court on behalf of Amelia Lixie.  The failure to timely comply with the January 5, 2007 deadline is as a result of excusable neglect.

FURTHER AFFIANT SAYETH NAUGHT.

DANIEL R. MAIER

BEFORE ME, the undersigned authority, on this 5th day of _____
_____ April _____, 2007, personally appeared DANIEL R. MAIER, who is personally known to me.

Notary Public _____ Florida

BECKY L. FORBES
MY COMMISSION # DD 334770
EXPIRES: July 24, 2008
Bonded Thru Notary Public Underwriters

My commission expires:

N:\WORK\CLIENTS.PI\Lixie.Amelia\affidavit.drm.wpd