# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## PROPERTY APPRAISERS' RESPONSE TO DEBTOR'S OBJECTION TO FLORIDA TAX CLAIMS AND MOTION FOR ORDER DETERMINING TAX LIABILITIES

Pursuant to this Court's Order Granting in Part and Denying in Part Florida Tax Collectors' Motion to Dismiss Debtor's Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities, this Response is filed on behalf of ED CRAPO, as Property Appraiser of Alachua County, Florida, MELANIE HENSLEY, as Property Appraiser of Citrus County, Florida, ERVIN A. HIGGS, as Property Appraiser of Monroe County, Florida, DAVID NOLTE, as Property Appraiser of Indian River County, Florida, PETE SMITH, as Property Appraiser of Okaloosa County, Florida, JIM TODORA, as Property Appraiser of Sarasota County, Florida, MIKE WELLS, as Property Appraiser of Pasco County, Florida, and KENNETH M. WILKINSON, as Property Appraiser of Lee County, Florida.

## 1. <u>Failure to Properly Commence and Serve Adversary Proceeding</u>

This Court correctly found in its Order that, pursuant to Bankruptcy Rule 7001, Winn-Dixie's Objection should be treated as an adversary proceeding. However, pursuant to Bankruptcy Rule 7003, an adversary proceeding is commenced in the same manner as any other federal civil case, i.e., by filing a complaint. *See* Rule 3, Federal Rules of Civil Procedure.

While Winn-Dixie sent the Property Appraisers copies of this Court's Order, Winn-Dixie did not file or serve a Complaint commencing an adversary proceeding, as required by the Bankruptcy Rules.

Moreover, Winn-Dixie did not properly serve all of the Property Appraisers.  While, pursuant to Bankruptcy Rule 7004(b), some Property Appraisers were served by first-class mail, some property appraisers only received notice by electronic mail.  Local Rule 7005-3 only allows service by electronic means if the party to be served is a Filing User or otherwise consents in writing to electronic service.  At the time, the property appraisers had not consented to electronic service, and were not Filing Users.

Finally, Winn-Dixie should not be permitted to challenge the assessments of 65 different county property appraisers in one proceeding.  Winn-Dixie's objections did not arise out of the same transaction or occurrence or series of transactions or occurrences.  The Property Appraisers assessed the property in their respective jurisdictions independent of one another based on their own independent appraisal judgment.  Pursuant to Bankruptcy Rule 7020, the claims against the Property Appraisers should not be joined, but should be severed and tried separately under Bankruptcy Rule 7021.  Thus, this Court should decline to take any further action on Winn-Dixie's Objection and Motion and should instead order Winn-Dixie to file separate complaints against each property appraiser with which it has a dispute.

## 2.  <u>The Court should abstain from determining Debtor's state tax liabilities.</u>

Title 28, section 1334(c)(1) of the U.S. Code allows a district court to abstain from hearing a proceeding out of respect for state law.  Property tax is a matter of state law from which bankruptcy courts may properly abstain.  In fact, 11 U.S.C. §505(a)(1), which authorizes the district courts to determine the amount or legality of any tax, is discretionary, in that it only

provides that the court "may" determine the amount or legality of the tax.  *See In re New Haven Projects Ltd. Liability Co.*, 225 F. 3d 283, 288 (2d Cir. 2000).  In the instant case, because Winn Dixie's claims are untimely under state law, and because the determination of Winn Dixie's taxes on a statewide basis will potentially create inequity within and between the taxing jurisdictions, this Court should decline to hear Winn Dixie's objections to the taxes.

In *New Haven*, the Second Circuit emphasized that bankruptcy courts have discretionary authority to determine a debtor's taxes.  The court listed six factors that a bankruptcy court should consider in determining whether to exercise its authority to determine taxes:

(1)  the complexity of the tax issue;

(2)  the need to administer the bankruptcy case in an expeditious fashion;

(3)  the burden on the bankruptcy court's docket;

(4)  the length of time necessary to conduct the hearing and to render a decision thereafter;

(5)  the asset and liability structure of the debtor; and

(6)  the potential prejudice to the debtor, the taxing authority and the creditors.

*See id.* at 289.  The court noted that, by exercising its authority to reduce the debtor's property taxes, it would be giving the debtor a second bite at the apple at the expense of the taxing authority, an outside creditor.  *See id.* at 290.

In the instant case, the issues are very complex, since the debtor is challenging the assessment of real and tangible personal property, in multiple years, and in 65 different taxing jurisdictions.  Because each Property Appraiser is required to consider the location of the property, the calculations used by each Property Appraiser will vary depending on the market in which the property is being assessed.  Discovery will be lengthy, and thus the case will probably

not be resolved in an expeditious manner.  Moreover, the taxing authorities will be prejudiced

because their budgets have already been determined based on the Property Appraisers' original

assessments.  The counties' interest should be taken into consideration like any other outside

creditor.

More importantly, if the Court adjusts Winn Dixie's property taxes on a statewide basis,

it may affect the uniformity of assessments within each taxing jurisdiction.  In *In re Metromedia*

*Fiber Network, Inc.*, 299 B.R. 251, 282 (Bankr. S.D.N.Y. 2003), the court noted that adjusting

the debtor's assessments on a multi-jurisdictional basis would be highly discriminatory in favor

of the debtor because the methodology used would be different from the methodology to which

all other similarly situated taxpayers are subjected in the various tax jurisdictions.  The court

went on to state that "any uniform valuation of the debtors' Taxable Property determined by this

Court is bound to be at variance with state or local methodologies mandated by local law or

practice, and with assessment valuation by the defendants of other taxpayer properties within

their respective jurisdictions, producing disparate and discriminatory results." *Id.* at 283.  The

court thus abstained, finding that:

> Ad Valorem property taxation is governed by local law, and there is compelling
> local interest in "uniformity of assessment" in fairly allocating the local tax
> burden.  Imposition by this Court of a standardized valuation methodology would
> entail a high risk of conflict with many if not all of the differing local tax laws as
> applied by the numerous local tax authorities here involved.

*Id.* at 284;  *see also In re ANC Rental Corp.*, 316 B.R. 153, 159 (Bankr. D. Del. 2004).

One bankruptcy court has held that a court may not abstain or decline jurisdiction over

property taxes if the debtor has missed a statutory deadline, and thus has no remedy to challenge

its taxes in state court.  *See In re Hospitality Ventures/Lavista v. Dekalb County, Georgia*, 314

B.R. 843 (Bankr. N.D. Ga. 2004).  In that case, the court pointed out that, pursuant to 11 U.S.C.

4

§505(1)(2), the only two limitations on the court's jurisdiction were that the taxes must not have been paid, and that they must not have been contested and adjudicated prior to bankruptcy. *See id.* at 857. However, since that case was decided, it has been legislatively overruled by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which added a third limitation. Since the effective date of that Act, bankruptcy courts no longer have jurisdiction to determine the amount or legality of an ad valorem tax if the applicable time period for contesting or redetermining that amount under any law has expired. *See* 11 U.S.C. §505(a)(2)(C) (2006). Because Winn Dixie did not challenge its property taxes by the state law deadline set forth in §194.171, Fla. Stat., had Winn Dixie filed its Title 11 case prior to the effective date of the amendment to §505(a)(2), it would have been completely barred from challenging its ad valorem taxes in this tribunal. However, even though the amendment was not yet in effect when this case was filed, the amendment certainly evidences a legislative intent to discourage bankruptcy courts from hearing property tax challenges that are untimely under state law.

### 3. <u>Assessment of Real Property Owned by Non-Debtors</u>

The Debtor has asked this Court to reduce the tax liabilities of third parties who are not debtors in this bankruptcy case. The court lacks jurisdiction to reduce the assessments of property owned by non-debtors. In addition, under state law, Winn Dixie lacks standing to challenge the assessments of property owned by third parties. However, if this Court does decide to exercise jurisdiction over this matter, it should decline to enter a final judgment, as the assessment of property owned by non-debtors is, at best, a non-core matter that should ultimately be decided by the district court.

### *Lack of Jurisdiction*

Title 28, section 1334(b) grants the district courts jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11.  Winn Dixie has attempted to challenge the assessment of real property that it does not own.  The local taxing authorities' assessment of property that is owned by someone other than the debtor is not a matter within the bankruptcy court's jurisdiction since it is not related to the title 11 case.  *See U.S. v. Huckabee*, 783 F. 2d 1546, 1549 (11th Cir. 1986) (holding that the jurisdiction of the bankruptcy courts does not extend to the separate liabilities of taxpayers who are not debtors under the Bankruptcy Code).

In support of its contention that the bankruptcy court has jurisdiction to determine the tax assessments of property owned by non-debtors, Winn Dixie cites to *In re Wolverine Radio Co.*, 930 F. 2d 1132 (6th Cir. 1991).  This citation is odd, to say the least, since the court in *Wolverine* expressly pointed out that the consensus has shifted away from extending section 505(a) to parties other than the debtor.  *See id.* at 1138.  In fact, the *Wolverine* court acknowledged that "in the last few years virtually all of the courts which have considered the issue have concluded that section 505(a) does not extend the bankruptcy court's jurisdiction to parties other than the debtor" and specifically cited to the 11th Circuit's decision in *Huckabee*.  Thus, under *Huckabee,* regardless of the Debtor's contractual obligations, the non-debtor owners are legally responsible for payment of the taxes, and this Court does not have jurisdiction to alter the non-debtors' tax liabilities.

### *Lack of Standing*

Section 194.181, Fla. Stat. provides that the proper plaintiff in any [ad valorem] tax suit shall be "the taxpayer or other person contesting the assessment of any tax, the payment of which

he or she is responsible for under a statute or a person who is responsible for the entire tax

payment pursuant to a contract and has the written consent of the property owner . . ."  The term

"taxpayer" is defined by §192.001(13), Fla. Stat. as "the person or other legal entity in whose

name property is assessed."  The real property referred to in Winn Dixie's Objection and Motion

is not owned by Winn Dixie, nor is it assessed to Winn Dixie.  Winn Dixie has not established

that it is contractually obligated to pay the taxes on those properties, or that the owners have

consented to having their assessments litigated in and decided by this bankruptcy court.  Thus,

Winn Dixie lacks standing to challenge the assessment of real property owned by non-debtors in

this action.

### *Lack of Authority Over Non-Core Matter*

The determination of a non-debtor's tax liabilities is not a core proceeding.  *See Celotex*

*Corp. v. AIU Ins. Co.*, 152 B.R. 667, 673 (Bankr. M.D. Fla. 1993) (holding that a proceeding

involving only a private right and merely "related to" a case under Title 11 is non-core).  While

disputes involving property of the estate are considered core proceedings, *see id.*, in the instant

case, Winn Dixie seeks a reduction of the assessment of property not owned by the estate.  Thus,

pursuant to 28 U.S.C. §157(c)(1), this Court may not enter a final judgment on the property

owned by non-debtors, but must submit its proposed findings and conclusions to the district

court.

### 4.  2004 and 2005 Assessments

As discussed below, this Court properly dismissed the Debtor's claims regarding its 2004

and 2005 property tax assessments because the court lacks jurisdiction to adjudicate the amount

of taxes if the taxes have been paid and the debtor has not brought a proper refund request

pursuant to state law.  In addition, the Debtor's claim for a refund of property taxes in past years

for which no proof of claim has been filed is required to be brought in state court, according to the Eleventh Amendment to the United States Constitution. The claim is also barred by the doctrine of laches since the Debtor unreasonably sat on its known right to challenge its assessments for several years before attempting to bring them in this Court.

### *Lack of Jurisdiction*

The bankruptcy court may not determine the debtor's right to a tax refund until 120 days after the trustee makes a refund request from the appropriate governmental unit, or until the governmental unit makes a determination on the request. *See* 11 U.S.C. §505(a)(2)(B). The reason for this limitation was explained in *In re Cumberland Farms, Inc.*, 175 B.R. 138, 142 (Bankr. D. Mass. 1994):

> The policy behind the statute's distinction between paid and unpaid taxes seems obvious. As asserted in the briefs filed here in support of the motion, recovery of taxes paid many years before raises havoc with the financial stability of a city or town, particularly a small one. A municipality can take appropriate action to collect unpaid taxes. It obviously cannot spend the money before collection. Once the money is in the coffers, however, it soon goes out.

In this case, Winn Dixie is seeking to offset taxes allegedly overpaid in 2004 and 2005 against the Tax Collectors' proofs of claim filed for the unpaid 2006 taxes. Section 197.182(1)(c), Fla. Stat. requires claims for ad valorem tax refunds to be made in accordance with the rules of the Department of Revenue, which are set forth in Reg. 12D-13.009, Florida Administrative Code. Because Winn Dixie has not followed this procedure, the Court lacks jurisdiction to determine whether it is entitled to a refund of its 2004 and 2005 property taxes, regardless of whether that refund would then be applied to its 2006 tax liability.

Winn Dixie claims that this limitation on jurisdiction does not apply when the refund is sought as an offset of other tax liabilities. However, the cases cited by Winn Dixie are inapplicable. In the *In re Guardian Trust Co.*, 260 B.R. 404, 407 (S.D. Miss. 2000) case, the IRS

filed a proof of claim for the debtor's 1988, 1989 and 1991 income taxes. The trustee claimed that the debtor was entitled to a refund in 1991, and wanted to apply that refund to the 1988-90 tax liabilities. *See id.* The court noted that the IRS had committed itself to expending resources by filing its proof of claim. *See id.* at 414. The court thus found that the bankruptcy court had jurisdiction over the refund request because "once the IRS has committed itself to expending resources to resolve the taxpayer's liability *for the year in question*, no additional burden is levied by arming the bankruptcy court with the jurisdiction to order a refund should those liability issues be resolved in favor of the taxpayer." *Id.* [emphasis added].

In the instant case, the Tax Collectors have only filed proofs of claim for the year 2006, but the debtor is asking this Court to exercise jurisdiction over the 2004 and 2005 assessments as well. By filing its proof of claim for the 2006 taxes, the Tax Collector did not commit to expending resources to litigate the 2004 and 2005 assessments as well. More importantly, the Property Appraisers, who will be the key litigants in any action to challenge the 2004 and 2005 assessments, have not filed proofs of claim or in any way committed resources to defend their 2004 and 2005 assessments, as the IRS did in the *Guardian Trust* case.

The holding of the other case cited by the Debtor, *United States of America v. Kearns*, 177 F.3d 706 (8th Cir. 1999), is very narrow. In that case, although the IRS only filed a proof of claim for 1989 taxes, the court allowed the taxpayer to take deductions from his 1989 taxes for restitution payments made in later years. *See id.* at 708-09. The court held that the bankruptcy court has jurisdiction to determine tax liability beyond the year stated in the proof of claim when that liability involves deductions resulting from repayment of embezzled funds. *See id.* at 710. Obviously, that holding would not apply to the instant case. Also, the court noted that, since the IRS had filed a proof of claim for 1989 and stipulated to the tax implications of the restitution

payments, the IRS would incur no additional burden if the bankruptcy court were to adjudicate

the issue.  In the instant case, the burden on the Property Appraisers to litigate the assessments of

Winn Dixie's property in three separate tax years, in sixty-five different counties, many of which

are not located in the Middle District or the vicinity of this Court, will be tremendously

burdensome.

Moreover, as pointed out by this Court in its Order, the Third Circuit has held that even if

the taxpayer seeking an offset is not required to go through the procedural process of seeking a

refund in state court, the taxpayer is still bound by the state law time periods for seeking a

refund.  *See In re Custom Distribution Services, Inc.*, 224 F.3d 235, 244 (3d Cir. 2000).  Under

Florida law, an action challenging a property appraiser's assessment must be brought within 60

days of the certification of the tax roll.  *See* §194.171, Fla. Stat.  Thus, the Debtor's claim is

untimely.

In its Motion for Reconsideration, the Debtor asserts that the applicable time period is the

4-year statute of limitations for refund actions of section 197.182, Fla. Stat.  However, the 4-year

statute of limitations only applies to certain narrow circumstances, such as when a refund is

sought due to an accidental overpayment or mathematical error.  *See* §197.182(1)(a), Fla. Stat.;

Reg. 12D-13.009(2), Fla. Admin. Code.  When a taxpayer is challenging a property appraiser's

assessment of value, the 60 day statute of non-claims of section 194.171 applies, regardless of

how the action is characterized in the complaint.  *See Ward v. Brown*, 894 So. 2d 811 (Fla.

2003).  Thus, the Court properly dismissed the Debtor's claim for an offset of its 2004 and 2005

assessments for lack of jurisdiction.

### *Sovereign Immunity*

The Property Appraisers are constitutional officers of the State of Florida, and are entitled to sovereign immunity from any suit in federal court pursuant to the Eleventh Amendment to the United States Constitution.  Because Winn Dixie has paid its 2004 and 2005 taxes in the Property Appraisers' jurisdictions and is effectively seeking a refund of those taxes, Winn Dixie's Objection and Motion constitutes an action against the state, which may only be brought in state court.  The Property Appraisers have not waived their sovereign immunity for those tax years, and thus Winn Dixie's action to challenge those tax assessments must be brought in state court.

### *Laches by Estoppel*

Although Winn Dixie knew of its right to challenge its 2004-2006 taxes in state court, it failed to do so and is guilty of laches by estoppel.  *See Allison v. United States of America*, 232 B.R. 195, 201 (Bankr. D. Mont. 1998).

### 5. <u>Insufficiency of Winn Dixie's Data</u>

Winn Dixie would have this Court reduce the Property Appraisers' assessments based solely on the bare generalized assertions of a company hired to obtain a tax reduction for Winn Dixie in this case.  As pointed out by Attorney Gaylord Wood in his response on behalf of other property appraisers in this litigation, ATL has apparently been hired on a contingent fee basis, and thus has a direct interest in the outcome of this litigation.  The Debtor has not indicated who at ATL rendered its opinion of the value of Winn Dixie's property, or whether they are even licensed appraisers.  Moreover, they claim that their adjusted figures are based, in part, on independent third-party appraisals, but they do not indicate who completed the appraisals or when, and those appraisals have not been made available to the Property Appraisers or the Court.

### Burden of Proof

This Court is required to apply state substantive law in determining whether to reduce the Property Appraisers' assessments. *See In re Litestream Technologies, LLC,* 337 B.R. 705, 709-10 (Bankr. M.D. Fla. 2006).  The Debtor has not alleged that the Property Appraiser failed to consider the factors of section 193.011, Fla. Stat, or that the assessments were arbitrarily based on appraisal practices that were different from the appraisal practices generally applied by the Property Appraisers to comparable property within the same class and within the same counties. Thus, absent any such allegation or proof, the Debtor has the burden of proving *by clear and convincing evidence* that the assessments exceeded the just value of the property.  *See* §194.301, Fla. Stat.  A mere difference of opinion is not enough.  *See In re Steffen*, 342 B.R. 861, 865 (Bankr. M.D. Fla. 2006).

### Tangible Personal Property

ATL claims that the Property Appraiser's use of depreciation schedules caused it to overvalue the Debtor's property.  However, ATL apparently used its own valuation indices to value the property, and ATL provides no evidence to indicate that the Property Appraisers' depreciation schedules are wrong, and that its indices are correct.  ATL claims that it "understands" that the Property Appraiser only accounted for ordinary depreciation, but does not explain what other forms of depreciation were supposedly not accounted for.  Essentially, ATL would have this Court reduce the Property Appraisers' assessments based solely on its hollow representation that its own indexes are more reliable, but ATL has not give the Property Appraisers or the Court any information to allow them to make that determination for themselves.

***Real Property***

ATL's adjustments to the real property values are supposedly based on sales of properties by the Debtor and third parties.  Of course, no information about those sales is included in the Motion, nor have they provided any of the appraisals upon which ATL supposedly relied.  In a proper sales comparison approach, the sales used are evaluated and adjusted for time of sale, location, size, age, condition, construction quality and many other factors.  *See, e.g., In re Litestream Technologies, LLC*, 337 B.R. at 710 (Bankr. M.D. Fla. 2006) (holding that the property appraiser did not abuse his discretion by disregarding price paid for property 5 months after the assessment date).  Rather than provide that information, the Debtor apparently thinks we should all just trust their hired gun to come up with the right number for the assessments.

***Statutory Requirements for Valid Appraisal***

Under Florida law, the Court cannot adopt the Debtor's opinion of value unless the Debtor's appraisal properly considers the factors of §193.011, Fla. Stat.  *See Countryside Country Club v. Smith,* 573 So.2d 14, 16 (Fla. 2d DCA 1991).  If the Debtor does not prove to the Court that it has properly considered each of those factors, then the Court cannot establish the value of the property.  *See* §194.301, Fla. Stat.  It must either uphold the Property Appraiser's assessment or remand the assessment to the Property Appraiser with instructions as to how to assess the property differently on remand.  *See id.*  In this case, not only does the Debtor fall far short of establishing that the Property Appraisers' assessments exceed just value, but the Debtor makes no attempt to prove that its own opinion of value meets the requirements of state law, as set forth in §193.011, Fla. Stat.

## Conclusion

For the foregoing reasons, the Property Appraisers of the respective counties listed above would request that this Court:

a.     dismiss the Debtor's claims as they relate to the 2004 and 2005 assessments and real property owned by non-debtors; and

b.     abstain from a determination of the remaining assessments.

If the Court decides to proceed with a determination of any of the matters raised by the Debtor, the Property Appraisers would respectfully request that the Debtor be required to commence separate adversary proceedings against each Property Appraiser in the appropriate district, so that each Property Appraiser will have a full and fair opportunity to obtain the necessary discovery and defend their individual assessment.

DENT & JOHNSON, CHARTERED
3415 Magic Oak Lane
Post Office Box 3259
Sarasota, Florida  34230
Phone:  (941) 952-1070
Fax:   (941) 952-1094
E-mail:  sjohnson@dentjohnson.com


 /s/ SHERRI L. JOHNSON
SHERRI L. JOHNSON
Florida Bar No. 0134775


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic transmission or by U.S. first class mail, postage pre-paid on this 9th day of April, 2007 to:

| **Party** | **Attorney** |
|---|---|
| Winn-Dixie Stores, Inc. and Affiliated Debtors | Skadden, Arps, Slate, Meagher & Flom, LLP<br>D.J. Baker, Esq.<br>Four Times Square<br>New York, NY  10036<br>Tel:  212-735-3000<br><br>Smith Hulsey & Busey<br>Stephen D. Busey, Esq.<br>Cynthia C. Jackson, Esq.<br>225 Water Street, Suite 1800,<br>Jacksonville, FL  32202 |
| Florida Tax Collectors | Brian T. Hanlon, Esq.<br>Palm Beach County Tax Collector<br>Post Office Box 3715<br>West Palm Beach, FL  33402-3715<br>Tel:  561-355-2142<br><br>Brian T. FitzGerald, Esq.<br>Hillsborough County Attorneys Office<br>Post Office Box 1110<br>Tampa, FL  33601-1110<br>Tel:  813-272-5670 |
| United States Trustee | Kenneth C. Meeker, Esq.<br>Office of the United States Trustee<br>135 W. Central Boulevard, Room 620<br>Orlando, FL  32801<br>Tel:  407-648-6301 |
| Official Committee of Unsecured Creditors | Akerman Senterfitt<br>John B. MacDonald, Esq.<br>50 N. Laura Street, Suite 2500<br>Jacksonville, FL  32202<br>Tel:  904-798-3700<br><br>Milbank, Tweed, Hadley & McCloy, LLP<br>Matthew S. Barr, Esq.<br>One Chase Manhattan Plaza<br>New York, NY  10005<br>Tel:  212-530-5000 |

Lori Parrish, CFA
Broward County Property Appraiser

Ronald M. Gunzburger, Esq.
General Counsel
Broward County Property Appraiser's Office
115 S. Andrews Avenue, Room 111
Fort Lauderdale, FL  33301
Tel:  954-357-6804

Bill Donegan, CFA
Orange County Property Appraiser
           &
Jim Ford, CFA
Brevard County Property Appraiser

Bart R. Valdes, Esq.
deBeaubien, Knight, Simmons,
Mantzaris & Neal, LLP
500 N. West Shore Blvd., Suite 940
Tampa, FL  33609
Tel:  813-288-9650

Kenneth P. Hazouri, Esq.
deBeaubien, Knight, Simmons,
Mantzaris & Neal, LLP
332 North Magnolia Avenue
P.O. Box 87
Orlando, FL  32802-0087
Tel:  407-422-2454

Marsha M. Faux, CFA, ASA
Polk County Property Appraiser

Michael D. Martin, Esq.
Martin Law Office
P.O. Box 367
Lakeland, FL  33802-0367
Tel:  863-686-6700

Property Appraisers of Collier, Hendry,
Hernando, Lake, Levy, Martin,
Miami-Dade, Palm Beach, Seminole,
St. Johns, Sumter & Volusia Counties

Gaylord A. Wood, Jr., Esq.
Law Offices of Wood & Stuart, P.A.
P.O. Box 1987
Bunnell, FL  32110-1987
Tel:  386-437-9400

Jim Smith
Pinellas County Property Appraiser

Christina M. LeBlanc, Esq.
Senior Assistant County Attorney
315 Court Street, Sixth Floor
Clearwater, FL  33764
Tel:  727-464-3354

| | |
|---|---|
| Property Appraisers of Santa Rosa, Madison, Escambia and Jefferson Counties | Thomas Findley, Esq.<br>C. Sha'ron James, Esq.<br>Messer, Caparello & Self, P.A.<br>2618 Centennial Place<br>P.O. Box 15579<br>Tallahassee, FL  32317<br>Tel:  850-222-0720 |
| Property Appraisers of Baker, Bradford, Columbia, Clay, DeSoto, Flagler, Gadsen, Hardee, Highlands, Hillsborough, Jackson, Leon, Marion, Nassau, Okeechobee, Osceola, Putnam, Suwannee, Taylor, Wakulla, Walton & Washington Counties | Loren E. Levy, Esq.<br>The Levy Law Firm<br>1828 Riggins Lane<br>Tallahassee, FL 32308<br>Tel:  850-219-0220<br><br>Charles R. Forman, Esq.<br>Forman, Hanratty & Montgomery<br>320 N.W. Third Avenue<br>Ocala, FL  34475<br>Tel: 352-732-3915 |

DENT & JOHNSON, CHARTERED
3415 Magic Oak Lane
Post Office Box 3259
Sarasota, Florida  34230
Phone:  (941) 952-1070
Fax:   (941) 952-1094
E-mail:  sjohnson@dentjohnson.com


 /s/ SHERRI L. JOHNSON
SHERRI L. JOHNSON
Florida Bar No. 0134775


Y:\P54-6272\Response to Objection.doc