**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No.: **05-03817-3F1** |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

## 23 PROPERTY APPRAISERS' MOTION TO ABSTAIN

COMES NOW the Property Appraisers for Baker County, Bradford County, Clay County, Columbia County, DeSoto County, Flagler County, Gadsden County, Hardee County, Highlands County, Hillsborough County, Jackson County, Leon County, Marion County, Nassau County, Okeechobee County, Osceola County, Putnam County, St. Lucie County, Suwannee County, Taylor County, Wakulla County, Walton County, and Washington County ("23 Property Appraisers"), by and through the undersigned counsel and pursuant to Title 28, United States Code, Section 1334(c), and Federal Rules of Bankruptcy Procedure 5011(b) and 9014, respectfully move this Court to abstain from adjudicating the valuation of the subject parcels of real property and tangible personal property, owned or leased by debtors, Winn-Dixie Stores, Inc., et al. ("Winn Dixie"), and in support thereof state as follows:

1. Under section 1334(c)(1), this Court has the broad discretion to abstain "in the interest of justice, or in the interest of comity with State Courts or respect of State law." 28 U.S.C. § 1334(c); In re VonGrabe, 332 B.R. 40 (Bankr. M.D. Fla. 2005). This Court also may abstain from exercising its discretionary power to determine a debtor's tax liability pursuant to Section 505 of the Bankruptcy Code, which provides, in pertinent part, that bankruptcy courts "*may* determine the amount or legality of any tax . . . ." 11 U.S.C. § 505 (emphasis added); In re New Haven Projects Ltd. Liab. Co., 225 F. 3d 283 (2d Cir. 2000); In re East Coast Brokers &

1

Packers, Inc., 142 B.R. 499 (Bankr. M.D. Fla. 1992); but see Hospitality Ventures/Lavista, 314 B.R. 843 (Bankr. N.D. Ga. 2004) (holding that use of word "may" in Section 505 does not confer upon bankruptcy courts discretion to abstain from hearing tax disputes, except as permitted by 28 U.S.C. § 1334). The factors by which bankruptcy courts determine when it is appropriate to abstain from a determination in a tax dispute include: (1) the complexity of the tax issues to be decided; (2) the need to administer the bankruptcy case in an orderly and efficient manner; (3) the burden on the Bankruptcy Court's docket; (4) the length of time required for trial and decision; (5) the asset and liability structure of the debtor; and (6) the prejudice to the debtor and potential prejudice to the taxing authority. See In re Galvano 116 B.R. 367 (Bankr. E.D.N.Y. 1990) (citing In re Hunt, 95 B.R. 442, 445 (Bankr. N.D. Tex. 1989)). Under the circumstances of this case, the 23 Property Appraisers respectfully request this Court to abstain from entertaining the valuation of the subject parcels of property owned or leased by Winn Dixie.

       2. In re Cumberland Farms, 175 B.R. 138 (Bankr. D. Mass. 1994), contains similar facts to the present case. There, Cumberland Farms brought proceedings "against thirteen Massachusetts municipalities and one Maine municipality to contest the valuations of some forty-seven parcels of real estate." Id. at 139. At issue were real estate taxes from 1988-1993. In the first part of its decision, the court concluded that it did not have any jurisdiction to entertain a challenge to refund requests for years where the debtor did not challenge the taxes through state procedure. Id. at 243-44. Taxes were paid in all years except 1992. After concluding that it did not have jurisdiction for all years except 1992's unpaid taxes, the court nevertheless concluded that it would abstain from adjudicating a debtor's challenge to unpaid taxes because the amount of the 1992 taxes were relatively small in relation to the over-all size

of the debtor's operations, and the potential benefits to creditors would be slight or non-existent. Id. at 143.

      3.  In re Metromedia Fiber Network, Inc., 299 B.R. 251 (Bankr. S.D.N.Y. 2003) also contains similar facts to the present matter.  In Metromedia, the debtors sought to have to bankruptcy court impose a common market value methodology imposed in twelve taxing jurisdictions, claiming that the fair market methodology imposed in those jurisdictions was unfair. Id. at 282.  In the words of the court:

> As stated in the debtors' Omnibus Memorandum (2-3):
>
> The suggested method of valuation is a simple and straight forward—fair market value.  Recent telecommunications assets have clearly demonstrated that the value of those assets have [sic] fallen drastically from their original cost to build, which is often the methodology employed by the states for tax purposes.

Id.  In coming to its decision that "abstention is appropriate 'where uniformity of assessment is of significant importance' to the defendants respective taxing schemes," the court in Metromedia relied upon In re New Haven Projects, 225 F.3d at 283, and the legislative history of Section 505.  Id. at 282 (citations omitted).  With respect to the importance of uniformity of assessment, the court noted that determination of local property taxes is:

> inherently and quintessentially local in the sense that fair allocation of the cost of government amongst the universe of local taxpayers is and must be a product of local political, legislative, executive and administrative decision making.  The fundamental objective of taxation at the state and local level must be to apportion the tax burden equitably in accordance with the local political decision-making process.  Where some form or definition of market value is the touchstone for assessment, fair allocation among the tax base may depend more on the application to all affected taxpayers of uniform standards for assessing value than on an economist's ideal calculation of fair market value.  An ideal calculation of fair market value (assuming such were possible) of taxable property comprising a multi-state communications system by a panel of experts (or a federal judge) may result in a valuation for

> assessment purposes which is highly discriminatory in favor of (or, conceivably, against) the multi-state taxpayer simply because the methodology to which all other similarly situated taxpayers are subjected in various tax jurisdictions. Stated differently, in fairly apportioning the costs of government through property taxation, depending on the system adopted by the taxing state or local jurisdiction, it may not matter whether property is assessed at 80%, or 100%, or 120% of the current fair market value, so long as the same methodology is used to assess all similar property within the taxing jurisdiction.

Id. In light of these policy considerations, the Metromedia court chose not to intervene, *inter alia*, in the interest of local taxing authorities formulating their own method of taxation. Id. at 283.

      4. In the area of state ad valorem taxation, bankruptcy courts have recognized that state substantive law applies in determining the value of the property at issue. See In re Quality Beverage Co., Inc., 170 B.R. 310 (Bankr. S.D. Tex. 1994); In re Fairchild Aircraft Corp., 124 B.R. 488 (Bankr. W.D. Tex. 1991), receded from on other grounds by In re Super Van, Inc., 161 B.R. 184 (Bankr. W.D. Tex. 1993); In re AWB Assocs., G.P., 144 B.R. 270 (Bankr. E.D. Pa. 1992). As the court stated in In re Fairchild Aircraft Corp.:

> The valuation of property for purposes of determining property taxes must be consistent with state law principles, as the valuation is merely part and parcel of the adjudication of the tax due and owing, a question controlled by state law. <u>The valuation law with which bankruptcy courts are most familiar (that arising out of Section 506(a) and the case law which construes the application of that section) does not here apply. Instead, the bankruptcy court gives full faith and credit to the law of the state upon which the tax is based.</u> *Arkansas Corp. Commission v. Thompson*, 313 U.S. 132, 142, 61 S.Ct. 888, 891, 85 L.Ed. 1244 (1941) ('manifestly, whether or not taxes are 'legally due and owing' to a state depends upon the valid laws of the state'); *In re Pine Knob Investments*, 20 B.R. 714, 716 (Bankr. E. D. Mich.1982); *see In re Ishpeming Hotel Co.*, 70 B.R. 629, 633 (Bankr. W. D. Mich. 1986).

124 B.R. at 492 (emphasis added, footnote omitted).  Florida bankruptcy courts have reached the same conclusion.  See In re Steffan, 342 B.R. 861 (Bankr. M.D. Fla. 2006); In re Litestream Technologies, LLC, 337 B.R. 705 (Bankr. M.D. Fla. 2006); see also In re Cable & Wireless USA, Inc., 331 B.R. at 568 (applying presumption of correctness under Florida law).  In adjudicating the value of Winn Dixie's real and tangible personal property, therefore, Florida substantive law controls.

    5. The Florida Constitution mandates the just valuation of all property for ad valorem tax purposes.  Art. VII, § 4, Fla. Const.  The Florida Supreme Court has held that the phrase "just valuation" is synonymous with "fair market value."  Valencia Center, Inc. v. Bystrom, 543 So.2d 214, 216 (Fla. 1989) (citing Walter v. Schuler, 176 So.2d 81 (Fla. 1965)).  Fair market value means "the price at which a property, if offered for sale on the open market, with a reasonable time for the seller to find a purchaser, would transfer for cash or its equivalent, under prevailing market conditions between parties who have knowledge of the uses to which the property may be put, both seeking to maximize their gains and neither being in a position to take advantage of the exigencies of the other."  Fla. Admin. Code R. 12D-1.002(2) (2006).

    6. The polestar of determining just valuation lies in ascertaining the valuation of the subject property as of January 1 of the taxable year.  Lake Worth Towers, Inc. v. Gerstung, 262 So.2d 1 (Fla. 1972); Bystrom v. Equitable Life Assurance Soc'y, 416 So.2d 1133 (Fla. 3d DCA 1982), review denied, 429 So.2d 5 (Fla. 1983); § 192.042, Fla. Stat. (2006).  The property appraiser is required to assess all property located within the county anew each year.  Escambia Chemical Corp. v. Fisher, 277 So.2d 307 (Fla. 1st DCA 1973); § 192.042 Fla. Stat. (2006). A taxpayer's attack on the property appraiser's assessment "must stand or fall on its own validity,

unconnected with the assessment of any prior or subsequent years." Keith Investments v. James, 220 So.2d 695, 690 (Fla. 4th DCA 1969).

       7. The core issue in any action challenging an ad valorem tax assessment is the amount of the assessment, not the methodology utilized in arriving at the valuation. Bystrom v. Whitman, 488 So.2d 520 (Fla. 1986). In reaching his or her conclusion of value, the property appraiser is required to consider, but not necessarily use, each of the eight criteria set forth in section 193.011, Florida Statutes (2006). Mazourek v. Wal-Mart Stores, Inc., 831 So.2d 85 (Fla. 2002); Oyster Pointe Resort Condo. Ass'n v. Nolte, 524 So.2d 415 (Fla. 1988). The appraiser determines the actual assessment by following either the cost approach, market approach, income approach, or some combination thereof. Whitman, 488 So.2d at 521. The particular method of valuation and the weight to be given to each criterion is left to the property appraiser's discretion, Dep't of Revenue v. Howard, 916 So.2d 640 (Fla. 2005), and his or her determination will not be disturbed on review as long as each criterion has been lawfully considered and the assessed value is within the range of reasonable appraisals. Schultz v. TM Florida-Ohio Realty Ltd. P'ship, 577 So.2d 573 (Fla. 1991). A mere difference of opinion as to value is insufficient to overturn the property appraiser's assessment and judgment. Keith Investments, 220 So.2d at 697.

       8. Provided that the property appraiser considers the criteria set forth in section 193.011, therefore, his or her assessed value of the subject property is presumed correct. Mazourek, 831 So.2d at 89. Section 193.011 provides that:

> **Factors to consider in deriving just valuation.**—In arriving at just valuation as required under s. 4, Art. VII of the State Constitution, the property appraiser shall take into consideration the following factors:
>   (1) The present cash value of the property, which is the amount a willing purchaser would pay a willing seller, exclusive of

6

reasonable fees and costs of purchase, in cash or the immediate equivalent thereof in a transaction at arm's length;

(2) The highest and best use to which the property can be expected to be put in the immediate future and the present use of the property, taking into consideration any applicable judicial limitation, local or state land use regulation, or historic preservation ordinance, and considering any moratorium imposed by executive order, law, ordinance, regulation, resolution, or proclamation adopted by any governmental body or agency or the Governor when the moratorium or judicial limitation prohibits or restricts the development or improvement of property as otherwise authorized by applicable law. The applicable governmental body or agency or the Governor shall notify the property appraiser in writing of any executive order, ordinance, regulation, resolution, or proclamation it adopts imposing any such limitation, regulation, or moratorium;

(3) The location of said property;

(4) The quantity or size of said property;

(5) The cost of said property and the present replacement value of any improvements thereon;

(6) The condition of said property;

(7) The income from said property; and

(8) The net proceeds of the sale of the property, as received by the seller, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements. When the net proceeds of the sale of any property are utilized, directly or indirectly, in the determination of just valuation of realty of the sold parcel or any other parcel under the provisions of this section, the property appraiser, for the purposes of such determination, shall exclude any portion of such net proceeds attributable to payments for household furnishings or other items of personal property.

9. In Florida, the property appraiser's presumption of correctness is codified in section 194.301, Florida Statutes (2006), which provides:

> **Presumption of correctness.**—In any administrative or judicial action in which a taxpayer challenges an ad valorem tax assessment of value, the property appraiser's assessment shall be presumed correct. This presumption of correctness is lost if the taxpayer shows by a preponderance of the evidence that either the property appraiser has failed to consider properly the criteria in s. 193.011 or if the property appraiser's assessment is arbitrarily based on appraisal practices which are different from the appraisal

practices generally applied by the property appraiser to comparable property within the same class and within the same county. If the presumption of correctness is lost, the taxpayer shall have the burden of proving by a preponderance of the evidence that the appraiser's assessment is in excess of just value. If the presumption of correctness is retained, the taxpayer shall have the burden of proving by clear and convincing evidence that the appraiser's assessment is in excess of just value. In no case shall the taxpayer have the burden of proving that the property appraiser's assessment is not supported by any reasonable hypothesis of a legal assessment. If the property appraiser's assessment is determined to be erroneous, the Value Adjustment Board or the court can establish the assessment if there exists competent, substantial evidence in the record, which cumulatively meets the requirements of s. 193.011. If the record lacks competent, substantial evidence meeting the just value criteria of s. 193.011, the matter shall be remanded to the property appraiser with appropriate directions from the Value Adjustment Board or the court.

10. Under Florida law, Winn Dixie could not challenge its ad valorem assessments in 23 Florida counties in the same lawsuit. Instead, 23 separate lawsuits would have to be filed because the assessment, and manner of assessment of property in one county, is irrelevant to the validity of the assessment in another county. See Straughn v. GAC Properties, Inc., 360 So.2d 385 (Fla. 1979); Spooner v. Askew, 345 So.2d 1055 (Fla. 1977). Property appraisers have considerable discretion in assessing property within their respective jurisdictions and are not compelled to use the same methodology for particular property types by the Florida Department of Revenue. See § 195.062, Fla. Stat. (2003); Dep't of Revenue v. Ford, 438 So.2d 798 (Fla. 1983).

11. In sum, a proceeding in this Court does not provide a speedy and efficient manner of adjudicating Winn Dixie's ad valorem assessments in the 23 Florida counties. To adequately respect Florida law, this Court would need to adjudicate the ad valorem assessments in 23 separate counties without regard to the assessment or manner of assessment used in another county by applying the presumption of correctness under section 194.301 and evaluating whether

the property appraiser properly considered the assessment criteria of section 193.011. No single methodology of assessment would necessarily be applicable in all 23 counties under Florida law. Moreover, the net impact on the additional funds available to satisfy Winn Dixie's creditors would be negligible at best. Accordingly, this Court should abstain from adjudicating the valuation of the subject parcels of real property and tangible personal property.

WHEREFORE, 23 Property Appraisers, by and through the undersigned counsel and pursuant to Title 28, United States Code, Section 1334(c), and Federal Rules of Bankruptcy Procedure 5011(b) and 9014, respectfully move this Court to abstain from adjudicating the valuation of the subject parcels of real property and tangible personal property.

Respectfully submitted,

*/s/ Loren E. Levy*
Loren E. Levy, Esq.
Fla. Bar No. 0814441
The Levy Law Firm
1828 Riggins Lane
Tallahassee, Florida 32308
Phone: (850) 219-0220
Facsimile: (850) 219-0177
levylawfirm@comcast.net

Counsel for Florida Property Appraisers of Baker, Bradford, Clay, Columbia, DeSoto, Flagler, Gadsden, Hardee, Highlands, Hillsborough, Jackson, Leon, Nassau, Marion, Okeechobee, Osceola, Putnam, St. Lucie, Suwannee, Taylor, Wakulla, Walton, and Washington Counties.

Charles R. Forman, Esq.
Fla. Bar No. 229253
Forman, Hanratty & Montgomery
320 N.W. Third Avenue
Ocala, Florida 34475
Phone: (352) 732-3915
Facsimile: (352) 351-1690
vthomas@atlantic.net

Co-counsel for Marion County Property Appraiser

William D. Shepherd, Esq.
Fla. Bar No. 938289
601 East Kennedy Blvd, Floor 15
Tampa, Florida 33602
Phone: (813) 272-6100
Facsimile: (813) 276-2710
shephrdw@hcpafl.org

Co-counsel for Hillsborough County Property Appraiser

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by *Notice of Electronic Filing* on this **9th** day of April, 2007, to:

| **Party** | **Attorney** |
|---|---|
| Winn-Dixie Stores, Inc. and Affiliated Debtors | Skadden, Arps, Slate, Meagher & Flom, LLP<br>D.J. Baker, Esq.<br>Four Times Square<br>New York, NY 10036<br>Tel: 212-735-3000<br>djbaker@skadden.com<br><br>Smith Hulsey & Busey<br>Stephen D. Busey, Esq.<br>Cynthia C. Jackson, Esq.<br>225 Water Street, Suite 1800,<br>Jacksonville, FL 32202<br>cjackson@smithhulsey.com |
| Florida Tax Collectors | Brian T. Hanlon, Esq.<br>Palm Beach County Tax Collector<br>Post Office Box 3715<br>West Palm Beach, FL 33402-3715<br>Tel: 561-355-2142<br>tc_legal_services@co.palm-beach.fl.us<br><br>Brian T. FitzGerald, Esq.<br>Hillsborough County Attorneys Office |

|  |  |
|---|---|
|  | Post Office Box 1110<br>Tampa, FL 33601-1110<br>Tel: 813-272-5670<br>fitzgeraldb@hillsboroughcounty.org |
| United States Trustee | Kenneth C. Meeker, Esq.<br>Office of the United States Trustee<br>135 W. Central Boulevard, Room 620<br>Orlando, FL 32801<br>Tel: 407-648-6301<br>ken.meeker@usdoj.gov |
| Official Committee of<br>Unsecured Creditors | Akerman Senterfitt<br>John B. MacDonald, Esq.<br>50 N. Laura Street, Suite 2500<br>Jacksonville, FL 32202<br>Tel: 904-798-3700<br>john.macdonald@akerman.com |
|  | Milbank, Tweed, Hadley & McCloy, LLP<br>Matthew S. Barr, Esq.<br>One Chase Manhattan Plaza<br>New York, NY 10005<br>Tel: 212-530-5000 |
| Lori Parrish, CFA<br>Broward County Property Appraiser | Ronald M. Gunzburger, Esq.<br>General Counsel<br>Broward County Property Appraiser's Office<br>115 S. Andrews Avenue, Room 111<br>Fort Lauderdale, FL 33301<br>Tel: 954-357-6804<br>ron@bcpa.net |
| Bill Donegan, CFA<br>Orange County Property Appraiser<br>&<br>Jim Ford, CFA<br>Brevard County Property Appraiser<br>Tel: 813-288-9650 | Bart R. Valdes, Esq.<br>deBeaubien, Knight, Simmons,<br>Mantzaris & Neal, LLP<br>500 N. West Shore Blvd., Suite 940<br>Tampa, FL 33609<br>bvaldes@dbksmn.com |
|  | Kenneth P. Hazouri, Esq.<br>deBeaubien, Knight, Simmons,<br>Mantzaris & Neal, LLP<br>332 North Magnolia Avenue<br>P.O. Box 87<br>Orlando, FL 32802-0087<br>Tel: 407-422-2454 |

| | |
|---|---|
| Marsha M. Faux, CFA, ASA<br>Polk County Property Appraiser | Michael D. Martin, Esq.<br>Martin Law Office<br>P.O. Box 367<br>Lakeland, FL 33802-0367<br>Tel: 863-686-6700<br>mike@martinpa.com |
| Property Appraisers of Collier, Hendry, Hernando, Lake, Levy, Martin, Miami-Dade, Palm Beach, Seminole, St. Johns, Sumter and Volusia Counties | Gaylord A. Wood, Jr., Esq.<br>Law Offices of Wood & Stuart, P.A.<br>P.O. Box 1987<br>Bunnell, FL 32110-1987<br>Tel: 386-437-9400<br>pleadings@woodstuartpa.com |
| Jim Smith<br>Pinellas County Property Appraiser | Christina M. LeBlanc, Esq.<br>Senior Assistant County Attorney<br>315 Court Street, Sixth Floor<br>Clearwater, FL 33764<br>Tel: 727-464-3354<br>cleblanc@co.pinellas.fl.us |
| Property Appraisers of Santa Rosa, Madison, Escambia and Jefferson Counties | Thomas Findley, Esq.<br>C. Sha'ron James, Esq.<br>Messer, Caparello & Self, P.A.<br>2618 Centennial Place<br>P.O. Box 15579<br>Tallahassee, FL 32317<br>Tel: 850-222-0720<br>tfindley@lawfla.com |
| Property Appraisers of Alachua, Citrus, Monroe, Indian, Okaloosa, Sarasota, Pasco and Lee Counties | Sherri L. Johnson, Esq.<br>Dent & Johnson, Chartered<br>3415 Magic Oak Lane<br>P.O. Box 3259<br>Sarasota, Florida 34230<br>Tel: 941-952-1070<br>sjohnson@dentjohnson.com |