**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Reorganized Debtors. | ) Jointly Administered |
| | ) |

**ORDER APPROVING STIPULATION RESOLVING (I) OBJECTION TO CLAIM NOS. 2948 AND 9854 AND (II) REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM FILED BY THE OHIO BUREAU OF WORKERS' COMPENSATION**

These cases originally came before the Court upon (i) the Twenty-Second Omnibus Objection to Claims, (ii) the Twenty-Third Omnibus Objection to Claims (collectively, the "Objections") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and (iii) the Request for Payment of Chapter 11 Administrative Expense Claim (Docket No. 14125) filed by the Ohio Bureau of Workers' Compensation (the "Administrative Expense Claim"). Included among the several proofs of claim that were the subject of the Objections were claim numbers 2948 and 9854 filed by the Ohio Bureau of Workers' Compensation. Based upon the consent of the parties set forth in the attached stipulation between the Debtors and the Ohio Bureau of Workers' Compensation (the "Stipulation"), it is

ORDERED AND ADJUDGED:

1. The Stipulation attached to this Order is approved.

2. Claim nos. 2948 and 9854 filed by the Ohio Bureau of Workers' Compensation are disallowed in their entirety.

3. The Administrative Expense Claim is disallowed in its entirety.

Dated this ___9___ day of April, 2007, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

490663-Wilmington Server 1A - MSW

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: Winn Dixie Stores, Inc. et al. | : Chapter 11 |
| | : |
| | : Case No. 3:05-bk-03817- JAF |
| | : |
| Reorganized Debtors. | : Jointly Administered |

**STIPULATION RESOLVING (I) OBJECTION TO CLAIM NOS. 2948 AND 9854 AND (II) REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM FILED BY THE OHIO BUREAU OF WORKERS' COMPENSATION**

This Stipulation (the "Stipulation") is made and entered into as of the date set forth below by and among Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates as reorganized debtors in the above-styled jointly administered bankruptcy cases (the "Debtors") and the Ohio Bureau of Workers' Compensation ("Ohio BWC") (collectively, the "Parties"):

**Background and Procedural History**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. On or about February 23, 2005, the Court entered an Order (Docket No. 50), authorizing the Debtors to pay their pre-petition workers' compensation claims.

3. On or about May 26, 2005, Ohio BWC filed Claim No. 2948 based upon the Debtors' alleged liability for self insured assessments pursuant to Ohio Revised Code §4123.75.

4. On or about July 29, 2005, Ohio BWC filed Claim No. 9854 based upon the Debtors' alleged liability for self insured assessments pursuant to Ohio Revised Code §4123.35.

5. On or about September 12, 2006, the Debtors filed the Twenty-Second Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Overstated Claims, (D) Overstated Misclassified Claims, (E) Misclassified Claims and (F) Amended and Superseded Claims (the "Twenty-Second Objection"), wherein the Debtors sought to disallow Claim No. 2948 on the ground that it was amended by Claim No. 9854.

6. On or about September 28, 2006, Ohio BWC filed a Response and Memorandum in Opposition to the Twenty-Second Objection.

7. On or about September 25, 2006, the Debtors filed the Twenty-Third Omnibus Objection to (A) Indemnification Claims, (B) No Liability Claims, (C) No Liability Misclassified Claims, (D) Overstated Claims, (E) Overstated Misclassified Claims, (F) Unliquidated Claims, (G) Misclassified Claims and (H) Amended and Superseded Claims (the "Twenty-Third Objection"), wherein the Debtors sought to disallow Claim No. 9854 on the grounds of no liability.

8. On or about October 16, 2006, Ohio BWC filed a Response and Memorandum in Opposition to the Twenty-Third Objection.

9. On or about January 4, 2007, Ohio filed its Request for Payment of Chapter 11 Administrative Expense Claim (Docket No. 14125) (the "Administrative Expense Claim").

10. The Debtors have represented to Ohio BWC that they intend to continue to comply with their workers' compensation obligations under applicable Ohio law.

11. The Debtors and Ohio BWC have discussed the matters set forth above and have agreed to resolve their disputes with respect to the Objections and the Responses as set forth below.

### Stipulation

Based on their agreement, the Debtors and the Ohio BWC hereby agree and stipulate to the following.

12. The recitals set forth above in Paragraphs 1 through 11 are incorporated by reference.

13. Upon entry of an order approving this Stipulation, Claim No. 2948, Claim No. 9854 and the Administrative Expense Claim shall be disallowed in their entirety.

14. Notwithstanding anything to the contrary in this Stipulation, or the Debtors' confirmed plan of reorganization (the "Plan"), to the extent that any of the Debtors were obligated under applicable Ohio workers' compensation laws immediately prior to the Petition Date, the applicable Debtors shall continue to maintain their obligations under Ohio workers' compensation laws by, including but not limited to, (a) paying valid workers' compensation claims as a self-insured employer under applicable Ohio workers' compensation laws in Ohio Revised Code §4123.01 et seq.; (b) paying all applicable self-insured assessments payable to Ohio BWC pursuant to applicable Ohio workers' compensation laws in Ohio Revised Code §4123.01 et seq. and in the pertinent sections of the Ohio Administrative Code; and (c) paying all required payments, if any, to reimburse the Disabled Workers' Relief Fund as set forth in Ohio Revised Code §4123.411. It is agreed and understood that nothing in this Stipulation requires

the Debtors to retain self-insured status with respect to any current or future business operations in Ohio, such that Winn-Dixie may elect to be a state fund participant as contemplated under Ohio law.

15. This stipulation constitutes the entire agreement and understanding of the Parties.

16. This stipulation was negotiated at arms' length and was mutually drafted by the Parties. None of the Parties is to be considered the drafter of this Stipulation or any provision hereof that would or might cause any ambiguity or uncertainty in a provision of this stipulation to be construed against the drafter hereof.

17. Nothing in this Stipulation releases or discharges the rights of the Parties to enforce the provisions of this Stipulation, or to bring claims, actions, demands, or causes of action of any kind resulting from any breach or of other dispute concerning the interpretation, administration, or enforcement of this Stipulation.

18. This Stipulation may be executed in counterparts and delivered by facsimile, in which case this Stipulation shall include each such executed and delivered counterpart, each of which shall be deemed to be a part of a single original instrument.

19. The Stipulation may not be modified, changed, amended, waived, or assigned except by order of this Court.

20. This Court shall retain jurisdiction over the Parties with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

21. The Parties agree to submit to this Stipulation to the Bankruptcy Court for approval. The Stipulation shall not be effective unless and until approved by Order of the Bankruptcy Court. Once approved, it shall be binding on all parties-in-interest as well as their successors and assigns.

Dated: April 4, 2007

          MARC DANN (0039425)
          Attorney General of Ohio


By   /s/ Amy K. Kaufman
    Amy K. Kaufman (0073837)
Assistant Attorney General
Collections Enforcement
150 East Gay Street, 21st Floor
Columbus, Ohio 43215
(614) 728-4324
(614) 752-9070 (facsimile)

Counsel to Ohio Bureau of Workers' Compensation


SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


By   /s/ Jane M. Leamy
    D. J. Baker
    Rosalie Walker Gray
    Jane M. Leamy
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)

- and -

5

SMITH HULSEY & BUSEY

By  Stephen D. Busey
    James H. Post
    Cynthia C. Jackson,
    Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Co-Counsel for Debtors