UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |

## REORGANIZED DEBTORS' MOTION FOR ORDER APPROVING STIPULATION REGARDING CLAIMS AND INSURANCE POLICIES OF KEMPER INSURANCE COMPANIES

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, and (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Reorganized Debtors"), pursuant to Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure and Sections 105, 502, 506, and 507, of the Bankruptcy Code move the Court for the

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

entry of an order approving the Stipulation Regarding Claims and Insurance Policies of Kemper Insurance Companies (the "Stipulation") attached as Exhibit A.

If no objection to the Stipulation is filed and served within the time as set forth above, the Court will be requested to enter an order in the form attached as Exhibit B without further notice or hearing.

Dated: April 10, 2007

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   s/ D. J. Baker<br>    D. J. Baker<br>    Sally McDonald Henry<br>    Rosalie Walker Gray<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com<br><br>Co-Attorneys for Reorganized Debtors | By   s/ Cynthia C. Jackson<br>    Stephen D. Busey<br>    James H. Post<br>    Cynthia C. Jackson,<br>    Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com<br><br>Co-Attorneys for Reorganized Debtors |

**Exhibit A**

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |

STIPULATION REGARDING CLAIMS AND
INSURANCE POLICIES OF KEMPER INSURANCE COMPANIES

This Stipulation (the "Stipulation") is made and entered into as of the date set forth below by and among Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates as reorganized debtors in the above-styled jointly administered bankruptcy cases (the "Reorganized Debtors") and Lumbermens Mutual Casualty Company, American Motorists Insurance Company, American Protection Insurance Company, and American Manufacturers Mutual Insurance Company (individually or collectively, together with their affiliates, the "Kemper Insurance Companies" or "Kemper"):

A. Prior to February 21, 2005 (the "Petition Date"), Kemper provided insurance for the benefit of Winn-Dixie and its subsidiaries. The insurance provided included (i) workers compensation insurance policies and related ancillary agreements providing coverage for periods from September 1, 2000 to September 1, 2003, Policy Numbers 5BA 168 138-00, 5BA 130 101-

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc. and Winn-Dixie Supermarkets, Inc.

00, and 5BA 130 101-01 (the "Assumed Policies"); (ii) insurance policies for periods between August 1, 1989 and January 1, 1994, Policy Numbers 5BG 038 011-00, 3CL 976 359-00, 3CL 976 753-00, 3CL 976 753-01, and 3CL 976-753-00 (the "Early Policies"); and (iii) excess general liability policies, excess automobile liability policies, and excess workers compensation liability policies for the periods from September 1, 2000 to September 1, 2003, Policy Numbers 5AA 045 710-00, 5AA 045 710-01, F5D 047 576-00, F5d 047 576-01, F5d 047 577-00, F5D 047 577-01, F5D 047 578-00, F5D 047 578-01, and 5SC 142 111-00 (collectively, together with the Early Policies, the "Unassumed Policies"). The Assumed Polices and the Unassumed Policies are sometimes hereinafter referred to as the "Insurance Policies."

B. The Reorganized Debtors' obligations to Kemper under the Assumed Policies and certain of the Unassumed Policies are backed by letters of credit, the aggregate face amount of which has recently been reduced by $8,346,000 to $32,370,000 (the "Letters of Credit").

C. Kemper holds the approximate amount of $75,000 as a credit for future obligations of the Reorganized Debtors under the Unassumed Contracts.

D. On or about July 29, 2005, Kemper filed claim nos. 8726 - 8743 and 10182 -10187 (the "Kemper Claims"), each in an unliquidated amount and each filed against a different debtor in the Chapter 11 cases of Winn-Dixie and its debtor subsidiaries. The Kemper Claims were on account of the Insurance Policies, and certain related agreements issued by Kemper for the benefit of Winn-Dixie and its subsidiaries.

E. On August 22, 2006, Winn-Dixie and its debtor subsidiaries filed their Eighteenth Omnibus Objection to Duplicate Different Debtor Claims, wherein they sought to disallow claim nos. 8727 – 8743 and 10182 - 10187 on the ground that they duplicated the liability of claim no. 8726.

-3-

F. Claim nos. 8727 – 8743 and 10182 - 10187 were disallowed, contingent upon the confirmation and effectiveness of the joint plan of reorganization for Winn-Dixie and its debtor subsidiaries, by Order dated September 21, 2006.

G. On September 25, 2006, Winn-Dixie and its debtor subsidiaries filed their Twenty-Third Omnibus Objection to (A) Indemnification Claims, (B) No Liability Claims, (C) No Liability Misclassified Claims, (D) Overstated Claims, (E) Overstated Misclassified Claims, (F) Unliquidated Claims, (G) Misclassified Claims, and (H) Amended and Superseded Claims ("Twenty-Third Objection"), wherein they sought to disallow claim no. 8726 on the grounds that no amount was due to Kemper and that certain policies were to be assumed pursuant to the Motion to Assume (as defined below).

H. On or about September 15, 2006, Winn-Dixie and its debtor subsidiaries filed their Fourth Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts (the "Motion to Assume").  In the Motion to Assume, Winn-Dixie and its debtor subsidiaries indicated their intent to assume certain of the Insurance Policies.  Specifically, they sought to assume the Assumed Policies.

I. In the Motion to Assume, Winn-Dixie and its debtor subsidiaries estimated that the cure amounts for the Assumed Policies were $0.

J. On or about September 28, 2006, Kemper filed its Limited Objection of Lumbermens Mutual Casualty Company to Debtors' Fourth Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts.

K. On or about January 5, 2007, Kemper filed its Request of Kemper Insurance Companies for Allowance and Payment of Administrative Claim asserting an administrative claim in an unliquidated amount (the "Kemper Administrative Claim").

L.  Subsequent to discussions by and between the Reorganized Debtors and Kemper, the parties have agreed to resolve issues related to claim no. 8726, the Kemper Administrative Claim, and the Insurance Policies, including, but not limited to, the Assumed Policies.

NOW THEREFORE, the parties stipulate and agree as follows:

1. Upon entry of an order approving this Stipulation, claim no. 8726 is disallowed in its entirety.

2. Upon entry of an order approving this Stipulation, the Kemper Administrative Claim is disallowed in its entirety.

3. Upon entry of an order approving this Stipulation, the Assumed Policies are assumed by the Reorganized Debtors pursuant to 11 U.S.C. § 365(a). Without determining whether cure is due under the Assumed Policies pursuant to 11 U.S.C. § 365(b)(1), the Reorganized Debtors and Kemper shall timely perform all of their past due (if any), current, and future obligations in the ordinary course in accordance with the terms of the Assumed Policies, including making any payments to the extent required by the Assumed Policies. The Letters of Credit shall remain fully available to Kemper to support the past, current and future obligations of Winn-Dixie and its subsidiaries to Kemper under, related to, or in connection with, the Assumed Policies to the same extent as the Letters of Credit were available prior to the Petition Date, and Kemper's rights in and to the Letters of Credit shall not be any anyway impaired or diminished with respect to the Assumed Policies as a result of the filing for relief under the Bankruptcy Code by Winn-Dixie and its debtor subsidiaries, the assumption of the Assumed Policies, or the confirmation and/or effectiveness of the Plan of Reorganization for Winn-Dixie and its debtor subsidiaries.

-5-

4. Kemper agrees that as long as the Reorganized Debtors are continuing to perform fully their obligations under, related to, or in connection with, the Assumed Policies, including their obligations to pay claims, Kemper will conduct annually a collateral review with respect to the letter of credit support needed for the Assumed Policies using the standards and procedures regularly used by Kemper in performing such collateral review and request amendments to the Letters of Credit reducing their aggregate amount outstanding to the extent indicated by such review.

5. Upon entry of an order approving this Stipulation, the Unassumed Policies and together with any claims service agreements, deferral agreements, finance agreements, deductible reimbursement agreements, and other undertakings between the parties applicable to the Unassumed Policies (collectively with the Unassumed Policies, the "Unassumed Contracts") shall be subject to the following treatment: (a) Kemper shall continue to have the obligation to pay covered claims arising under the Unassumed Policies to the extent coverage is provided in such policies; provided, however, this Stipulation shall not expand the scope of, or alter in any other way, the obligations of Kemper under each of the Unassumed Policies, and Kemper shall retain any and all defense to coverage that Kemper may have, including the right to contest and/or litigate with any party, including the Reorganized Debtors, the existence, primacy and/or scope of available coverage under any applicable Unassumed Policy; (b) without negating the provisions of clause 5(a) above, neither party shall be obligated to make any payment to the other party with respect to any payment obligation arising out of or related to any Unassumed Contract, including without limitation, any premium, return premium, dividend, returned or recalled dividend, or credit for monies previously paid, and Kemper shall not be entitled to draw on any Letter of Credit to collect any such amount.

6. Except for the rights, claims, and obligations provided herein or expressly retained under paragraph 5 above, Kemper and Winn-Dixie, on behalf of itself and the other Reorganized Debtors, do hereby absolutely, fully and forever, release, relieve, waive, relinquish and discharge each other of and from any and all manner of actions, causes of action, suits, debts, deficiencies, liabilities, demands, defaults, claims, obligations, costs, expenses, sums of money, controversies, damages, accounts, reckonings, and liens of every kind or nature whatsoever, whether known or unknown, direct or indirect, claimed or unclaimed, suspected or unsuspected, choate or inchoate, liquidated or unliquidated, contingent or determined, in law or in equity, from the beginning of time, relating to or arising out of the Unassumed Contracts, including, but not limited to, all claims and causes of action for further amounts owing under the Unassumed Contracts; provided, however, that the Parties do not release and expressly preserve all of their rights under this Stipulation.

7. To the extent necessary, the automatic stay and/or discharge injunction, or other applicable injunction, are modified to allow the implementation and execution of this Stipulation and to allow Kemper to continue to make payments as appropriate under the Insurance Policies.

8. Notwithstanding anything to the contrary, the effectiveness of this Stipulation shall be subject to and contingent upon entry of an order approving this Stipulation.

9. Each signatory to this Stipulation expressly warrants and represents that he or she has full authority to bind the party on whose behalf said signatory is executing this Stipulation. This Stipulation will be binding upon and inure to the benefit of the successors and assigns of the parties to the Stipulation.

-7-

10. This Stipulation may be executed in several counterparts and/or by facsimile or pdf signature, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument.

11. The parties to this Stipulation shall execute and deliver any and all additional documents and do any and all things reasonably necessary to carry out the intent of the parties pursuant to this Stipulation.

Dated: April          , 2007

STIPULATED AND AGREED:

WINN DIXIE STORES, INC.            LUMBERMENS MUTUAL CASUALTY CO.

By:_____           By:_____

Its:_____          Its:_____

Case 3:05-bk-03817-JAF    Doc 15893    Filed 04/10/07    Page 11 of 14

**<u>Exhibit B</u>**

583677-New York Server 5A - MSW

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

ORDER GRANTING REORGANIZED DEBTORS' MOTION TO APPROVE
STIPULATION REGARDING CLAIMS AND INSURANCE
POLICIES OF KEMPER INSURANCE COMPANIES

These cases came before the Court upon the motion (the "Motion")[1] of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its debtor affiliates (collectively, the "Reorganized Debtors") for an order approving the Reorganized Debtors' stipulation (the "Stipulation") with Lumbermens Mutual Casualty Company, American Motorists Insurance Company, American Protection Insurance Company, and American Manufacturers Mutual Insurance Company (individually or collectively, together with their affiliates, "Kemper") relating to (a) the Debtors' Twenty-Third Omnibus Objection to (A) Indemnification Claims, (B) No Liability Claims, (C) No Liability Misclassified Claims, (D) Overstated Claims, (E) Overstated Misclassified Claims, (F) Unliquidated Claims, (G) Misclassified Claims, and (H) Amended and Superseded Claims ("Twenty-Third Objection"), as it pertains to Kemper's Claim No. 8726 ("Claim No. 8726") filed at Docket No. 11324 (the "Twenty-Third Objection"); (b) the Debtors' Fourth Omnibus Motion For Order Authorizing Assumption Of Executory Contracts and Unexpired Leases and Fixing Cure Amounts filed at Docket No. 10966 (the "Fourth Omnibus Assumption Motion"); (c)

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Stipulation.

Kemper's Limited Objection of Lumbermens Mutual Casualty Company to Debtors' Fourth Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts filed at Docket No. 11485 (the "Kemper Objection"); and (d) Request of Kemper Insurance Companies for Allowance and Payment of Administrative Claim (the "Kemper Administrative Claim") . The Court finds that (i) the Motion was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 20 days of the date of service, and (ii) no party filed an objection. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1. The Motion is granted.

2. The Stipulation between the Reorganized Debtors and Kemper attached to the Motion is approved.

3. The Twenty-Third Objection as it relates to Claim No. 8726 is resolved as provided in the Stipulation.

4. The Kemper Administrative Claim is resolved as provided in the Stipulation.

5. The Fourth Omnibus Assumption Motion and the Kemper Objection as it relates to the Assumed Policies are resolved as provided in the Stipulation.

6. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this ____ day of _____, 2007, in Jacksonville, Florida.

```
                                    _____
                                    Jerry A. Funk
                                    United States Bankruptcy Judge
```

3