UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al            Case No. 05-03817-3F1
    Reorganized Debtors                     Chapter 11
_____/            Jointly Administered

## MOTION TO ALLOW LATE FILED CLAIM

**COMES NOW,** Lilian Melendez Ifran (hereinafter referred to as "claimant"), by and through undersigned counsel, pursuant to Section 12.1 of the Plan and the Notice of December 6, 2006 of (A) Entry of Order Confirming Plan or Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for filing claims arising before Effective Date and Other administrative claims, and moves this Court to allow the attached late filed proof of claim to be filed.

**FACTUAL BACKGROUND**:

1. On November 6, 2005, Lilian Melendez Ifran was injured as a result of a fall in a Winn-Dixie store.

2. Attorney, E. Dennis Brod, who represents the claimant in her civil case against Winn-Dixie attempted to contact Winn-Dixie regarding her claim but was advised to communicate only with Sedgwick Claims Management Services, Inc. (See affidavit from E. Dennis Brod, attached hereto as Exhibit "A").

3. Mr. Brod was advised that he would be receiving a notice regarding filing a claim.

4. Having not received the notice to file the claim, Mr. Brod contacted Sedgwick again and was informed that the notices were being sent by the Law offices of Smith, Hulsey & Busey.

5. Mr. Brod contacted the firm of Smith, Hulsey & Busey and spoke with Tana Copeland, the claims administrator who advised Mr. Brod that the notice had been sent in December of 2006. However, it was mailed to 1455 NW 14th Street, Miami, FL 33125, which is an address which Mr. Brod had not been at in many years. In fact, the building that the notice was sent to was torn down several years ago. The movant has no idea where the debtor obtained the information.

6. Mr. Brod has always kept his address current with The Florida Bar. It appears that through some error or oversight by the Debtor that the old addressed was used.

7. Further, Smith, Hulsey & Busey mailed a copy of the notice to the claimant, Lilian Melendez Ifran to an old address of the claimant. The claimant never received any notice.

8. The claimant has a viable liability claim against Winn-Dixie.

9. The claimant should not be prejudiced for filing a late proof of claim, as she never received notice of the deadline to file the claim.

10. In an abundance of caution, the claimant, Lilian Melendez Ifran, files this motion.

11. Paragraph 3 of the December 6, 2006 Notice requires that all requests for payment of any Administrative Claim or any Claim arising against the

Debtors in the period between February 21, 2005 and November 21, 2006 must be made by application filed with the Bankruptcy Court and served on the counsel for the Reorganized Debtors and Post-Effective date Committee no later than January 5, 2007.

12. Lilian Melendez Ifran's claim against Winn-Dixie, is a disputed, non-priority, non-security debt. The claim has not been barred by the Statute of Limitations in the State of Florida.

**WHEREFORE**, the claimant, Lilian Melendez Ifran requests that this Court allow the attached Proof of Claim to be filed in this matter.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that a true and correct copy of the foregoing was served upon the following via U.S. Mail this 10th day of April 2007: James Post, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202; Matthew Barr, Milbank, Tweed, Hadley & McCoy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005.

Respectfully Submitted:

**EMMANUEL PEREZ & ASSOCIATES, P.A.**
Bankruptcy Attorney for Claimant
901 Ponce De Leon Blvd.
Suite 303
Coral Gables, FL  33134
Tel. 305-442-7443
Fax.305-441-9218

By: /s/ Emmanuel Perez_____
    Emmanuel Perez, Esq.
    Florida Bar No. 586552