# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | |
| WINN-DIXIE STORES, INC., et al., | Case No.: 3-05-bk-3817 (JAF) |
| Debtors. | Chapter 11 |
| | Jointly Administered |

## PERKINS' MOTION FOR A DETERMINATION THAT THEIR CLAIMS ARE NOT DISCHARGED OR, ALTERNATIVELY, FOR ENLARGEMENT OF TIME TO FILE PROOF OF CLAIM, INCORPORATED MEMORANDUM OF LAW. AND REQUEST FOR FUTURE NOTICE

Comes Now, GERALDINE W. PERKINS and ROBERT PERKINS, her husband, (collectively, the "PERKINS"), pursuant to the Due Process Clause of the United States Constitution or, alternatively, Bankruptcy Rules 3003(b)(3) and 9006(b) and 11 U.S.C. 105, and move for entry of an Order determining that their claims are not affected by the discharge in favor of Debtor, WINN DIXIE STORES, INC. ("WINN DIXIE" or "Debtor"), entered in these proceedings,[1] or, alternatively, for enlargement of time to file a proof of claim.[2] In support of this motion, the PERKINS state as follows:

---

[1] PERKINS believe that this is properly a contested matter and not an adversary proceeding. Neither of the two closest subsections of Bankruptcy Rule 7001, requiring an adversary proceeding be filed to object to or revoke a discharge (subsection 4) or to determine dischargeability of a debt under 11 U.S.C. §523(c) (subsection 6)(see comments to rule), seemingly, apply here. However, in the event the Court determines Bankruptcy Rule 7001 does apply, the PERKINS requests the court to treat this contested matter as an adversary proceeding or, alternatively, grant it leave to file an adversary proceeding.

[2] PERKINS have moved in the alternative because, if their claims are determined to be unaffected by WINN DIXIE'S discharge, PERKINS would, seemingly, not need to file a proof of claim but could seek to liquidate and collect their claims in state court judicial proceedings.

*In re: WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 2*

## Jurisdiction and Venue

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.    Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

## The Incident and Injury

3.    On August 18, 2002, GERALDINE W. PERKINS ("MS. PERKINS"), was an invitee of DIXIE at its store number 257 located at 9840 South Military Trail, Boynton Beach, Florida 33467 (the "Premises"). Through the negligence of WINN DIXIE and its agents and/or employees in not properly maintaining the Premises, a dangerous condition, namely a wet, slick, and/or slippery floor caused by laundry detergent or other slippery substance, was allowed to continue when WINN DIXIE knew of said condition or, due to the passage of time, should have known of said condition.

4.    As a direct and proximate result of this dangerous condition MS. PERKINS slipped and fell on the ground and suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life as was prior to accident, expenses of hospitalization, medical treatment, and loss of earnings for period following accident. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future. ROBERT PERKINS suffered a loss of consortium.

## Notice to WINN DIXIE

5.    At the time of the incident, MS. PERKINS complained to the WINN DIXIE store manager, Bill Draves, about the incident  and, the PERKINS are informed and believe an incident report was prepared by WINN DIXIE.

*In re: WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 3*

6.      The PERKINS hired Lance C. Ivey, Esquire and the law firm of Lytal, Reiter, Clark, Fountain & Williams, Trial lawyers, LLP  ("Plaintiff's Counsel) to prosecute their claim.

7.      On October 3, 2002, Plaintiff's Counsel forwarded correspondence to WINN DIXIE'S Risk Management Division advising it of Plaintiff's Counsel's retention and requesting insurance information.  A copy of this correspondence is attached hereto as Exhibit "A."

8.      An administrator/adjuster for WINN DIXIE responded to this correspondence on October 16, 2002 requesting additional information (which was provided) and subsequently, on October 28, 2002, wrote to Plaintiff's counsel to disclaim liability on behalf of WINN DIXIE.  A copy of this correspondence is attached (without enclosures) hereto as Composite Exhibit "B." Accordingly, WINN DIXIE was well aware that PERKINS were asserting a claim for personal injury.

### The Bankruptcy and Failure to Notify the PERKINS of Bar Date

9.      WINN DIXIE and affiliated entitles filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 approximately 1.5 years before the running of the statute of limitations on the PERKINS' claim.

10.     Notwithstanding the fact that WINN DIXIE had actual knowledge of the fact that PERKINS believed they had a claim for personal injury caused by WINN DIXIE'S negligence and had retained an attorney and, therefore, WINN DIXIE should reasonably have been alerted to the possibility that the PERKINS might reasonably file a claim against it, WINN DIXIE failed to schedule the PERKINS, or either of them, as unsecured creditors.

11.     After MS. PERKINS, medical condition came to a point were it was possible to

assess the extent of her injuries and the need for future care and, thus, the amount of her damages, on February 20, 2006, Plaintiff's counsel forwarded correspondence to WINN DIXIE offering to settle the claim.  A copy of this correspondence is attached (without enclosures) hereto as Exhibit "C."

12.     In response to this February 20, 2006 correspondence, WINN DIXIE corresponded with Plaintiff's counsel on February 27, 2006.  A copy of this correspondence is attached hereto as Exhibit "D."  By virtue of this correspondence, PERKINS, through Plaintiff's counsel, received notice for the first time that WINN DIXIE had filed for bankruptcy protection and that the deadline for filing proof of claim had already run August 1, 2005, approximately 6 months earlier.[3] PERKINS has never received previously received actual or constructive notice of the bankruptcy or the deadline to file proof of claim and have never received actual or constructive notice of the approval of the disclosure statement, the proposal of a plan, or the confirmation hearing.  It is also noteworthy that the February 27, 2006 correspondence never suggested that the PERKINS' claims had been discharged.

14.     Prior to the expiration of the statute of limitations, Plaintiff's Counsel initiated a state court law suit.  Recently, state court counsel for WINN DIXIE advised Plaintiff's counsel that the PERKINS' claims had purportedly been discharged and threatened punitive measures against Plaintiff's Counsel.  This prompted the retention of the undersigned counsel and the preparation of

---

[3]     Plaintiff's Counsel had heard rumblings about the possibility that WINN DIXIE would file bankruptcy but did not become aware of the actual filing until receipt of the February 27, 2006 correspondence.

*In re: WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 5*

this motion.[4]

WHEREFORE, PERKINS respectfully requests the Court to enter an Order determining that PERKINS' claim is not discharged or, in the alternative, enlarging the time frame to allow for the filing of a proof of claim.

## MEMORANDUM OF LAW

### I. No Discharge of Perkins' Claim

In a case, like here, involving a Chapter 11 proceeding filed by a corporate debtor, the Eleventh Circuit ruled, in In re Spring Valley Farms, Inc., 863 F.2d 832 (11th Cir. 1989), that due process prevents Section 1141 of the Bankruptcy from being read to extinguish claims of creditors who have not received notice of the deadline for filing a proof of claim as required by Bankruptcy Rule 2002 (a)(8).[5] Id. at 834-835 (citing Sheftelman v. Standard Metals Corp., 839 F.2d 1383, 1386 (10th Cir.1987) (notice under Rule 2002(a) "must also be given to satisfy due process requirements," even when creditor had actual notice of bankruptcy); Reliable Elec. Co., Inc. v. Olson Const. Co., 726 F.2d 620, 622-23 (10th Cir.1984) (discharging of debt under § 1141 violated due process when creditor with knowledge of the bankruptcy did not receive statutory notice of confirmation hearing);

---

[4]     On or about August 1, 2006, Plaintiff's counsel retained attorney David Langley, Esquire, who has represented several other personal injury claimants having claims against WINN DIXIE, for the purposes of taking appropriate action on behalf of PERKINS relating to the WINN DIXIE bankruptcy. A copy of correspondence from Plaintiff's Counsel to Mr. Langley reflecting this retention, is attached (without enclosures) hereto as Exhibit "E." PERKINS is informed and believes that Mr. Langley has failed to take any action on the PERKINS' claim. On March 28, 2007, PERKINS, through Plaintiff's Counsel retained the undersigned attorney.

[5]     Now, Bankruptcy Rule 2002(a)(7) is the pertinent provision.

City of New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953) (discharge provision of bankruptcy code did not operate against claim of creditor who never received actual notice of bar date for filing a claim);  In re Intaco Puerto Rico, Inc. 494 F.2d 94, 99 (1st Cir.1974) ("[T]he fact that the creditor may, as here, be generally aware of the pending reorganization, does not itself impose upon him an affirmative duty to intervene in that matter and present his claim.");  In re Harbor Tank Storage, 385 F.2d 111, 115 (3d Cir.1967) ("[A] creditor has every right to assume that he will be sent all notices to which he is entitled under the Act.")).  This was the case even thought the creditors in Spring Valley knew of the bankruptcy proceeding.

The Eleventh Circuit in Spring Valley, supra, relying heavily on City of New York , supra emphasized that its holding "embodies a basic principle of justice-that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights."  In re Spring Valley, Inc., supra at 835; see also in re Anchor Glass Container, 325 B.R. 892, 895-96 (Bankr. M.D. Fla. 2005) ("[a] known claim arises from facts that would alert the reasonable debtor to the **possibility** that a claim might reasonably be filed against it" and "[i]f the debtor knows of a creditor's claim and the debtor fails to give actual notice of the claims bar date, Section 1141 of the Bankruptcy Code does not discharge the debt of the creditor.")(emphasis added)(citations omitted).

It bears repeating, that, even though their claims were well known to WINN DIXIE,[6]

---

[6]     It can not be seriously suggested that WINN DIXIE'S adjuster's unilateral finding of no fault on the part of WINN DIXIE could lead WINN DIXIE to **reasonably** conclude that there was no **possibility** that the PERKINS, having retained a prominent personal injury firm, would disagree with the adjuster and would maintain their claim.  If plaintiffs having negligence claims regularly threw in the towel because an adjuster for a defendant or the defendant's insurance company denied a claim, the state circuit courthouses would be pretty empty places.

PERKINS did not receive actual notice of the claims bar date until approximately six months after that date.  They also did not even know of the WINN DIXIE bankruptcy until after the claims bar date.  Thus, the PERKINS' situation is even more compelling than the one the creditors in <u>Spring Valley</u>, <u>supra</u> found themselves in.  The PERKINS would be deprived of their constitutional right due process if their claims were discharged under these circumstances.  For these reasons, the Court should determine that the discharge in favor of WINN DIXIE does not affect the PERKINS' claims.

## II.  Alternatively, Court Should Enlarge Time Frame for Filing

Rule 9006(b) of the Federal Rules of Bankruptcy Procedure allows a bankruptcy court to enlarge the time for filing a proof of claim after the time has expired where the failure to act timely was due to "excusable neglect."   The Supreme Court has held that the determination of whether excusable neglect is present is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." <u>Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership</u>, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)(enlargement of time to file a proof of claim was proper due to excusable neglect).   These circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Id</u>. Here, there is no danger or prejudice to WINN DIXIE, and the impact on the judicial proceedings are too minute to be measurable.[7] Cases construing <u>Pioneer</u> make clear that the mere length of delay alone is not in any way dispositive,

---

[7]       PERKINS expect to file a proof of claim in the modest (particularly relative to aggregate of claims in this bankruptcy proceeding) amount of $200,000.

except to the extent that the delay affects judicial proceedings.  <u>In re Premier Membership Services,</u> <u>LLC</u>, 276 B.R. 709, 715 (Bankr. S.D. Fla. 2002) (citing <u>Sacred Heart Hospital</u>, 186 B.R. at 895 (even a long and logically unjustified delay which has no significant impact on the debtor's case should often be deemed excusable); <u>In re Pappalardo</u>, 210 B.R. 634, 646 (Bankr. S.D. Fla. 1997). " [C]ourts have permitted late claims as much as two years after the bar date where there was no effect on judicial administration." <u>In re Premier Membership Services</u>, <u>supra.</u> at 715 (citing <u>In re</u> <u>Beltrami Enterprises, Inc.</u>, 178 B.R. 389 (Bankr.M.D.Pa.1994)).  In allowing a late filled claim, the <u>Premier Membership Services</u> court focused on the fact that there was no notice of the bar date to the creditors, the late filing of the claim did not in any way delay or interfere with confirmation of the debtors' plan, and that, as of the filing of the motion for enlargement of time, there still remained substantial matters to be resolved in th case post-confirmation.  <u>In re Premier Membership Services,</u> <u>supra</u> at 715.  The United States Supreme Court, in <u>Pioneer Inv. Services Co.</u>, <u>supra</u>, in finding that enlargement of time to file a proof of claim was proper due to excusable neglect, similarly gave great weight to the fact that the notice of the bar dates was deficient.  <u>See</u>, <u>Pioneer Inv. Services Co.</u>, 507 U.S. at 398; <u>See also</u>, <u>Matter of Pine Associates, Inc.</u> 35 B.R. 49, 51 (Bnkr. Conn. 1983) ("There is clear and convincing authority that where a debtor fails to list a creditor so that the creditor does not receive notice by mail and lacks actual knowledge of the barring event, the court has no discretion to deny an application by such creditor to file a late claim") (citing <u>City of New York</u>, <u>supra</u>)

The only real delay that matters here, the delay in not filing the claim before the bar date, was caused by the Debtor's failure to give the PERKINS actual notice of the bar date, a circumstance which was completely out of the PERKINS' control.  PERKINS and their counsel

*In re:  WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 9*

have, at all times acted in good faith.  Accordingly, if the court determines that the PERKINS'

claims are discharged, it should enlarge he time for them to file a proof of claim.

## **REQUEST FOR FUTURE NOTICE**

PERKINS requests that all future pleadings and notices regarding or affecting PERKINS's

claim be served upon the undersigned counsel

Respectfully Submitted,

**BARRY S. BALMUTH, P.A.**

**/s/ Barry S. Balmuth**
**BARRY S. BALMUTH, ESQUIRE**
Florida Bar No.: 868991
Centurion Tower - Eleventh Floor
1601 Forum Place, Suite 1101
West Palm Beach, Florida 33401
Telephone: (561) 242-9400
Facsimile: (561) 478-2433
E-mail: blamuthlaw@alum.emory.edu

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11th, 2007 I filed **PERKINS' MOTION FOR A DETERMINATION**

**THAT THEIR CLAIMS ARE NOT DISCHARGED OR, ALTERNATIVELY, FOR**

**ENLARGEMENT OF TIME TO FILE PROOF OF CLAIM, INCORPORATED**

**MEMORANDUM OF LAW.  AND REQUEST FOR FUTURE NOTICE** through the CM/ECF

filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the

Reorganized Debtors, Matthew Barr, Esq., and John MacDonald, Esq., Counsel for the Post-

*In re: WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 10*


Effective Date Committee, Elena L. Escamilla, Esq., Counsel for the Office of the United States

Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ **Barry S. Balmuth**
**BARRY S. BALMUTH, ESQUIRE**


Motion for determination or to enlarge time to file claim.wpd



MARCI FUENTES BALL
MARK W CLARK, P.A.
DONALD R. FOUNTAIN, P.A.
TODD FRONRATH
DAVID M. GASPARI
LANCE C. IVEY
NANCY LA VISTA
JULIE H. LITTKY-RUBIN
LAKE LYTAL, JR., P.A.
LAKE H. LYTAL, III
MICHAEL OVERBECK
DAVID C. PRATHER
BRUCE M. RAMSEY
JOSEPH J. REITER, P.A.
KEVIN C. SMITH
SCOTT B. SMITH
WILLIAM S. WILLIAMS, P.A.
GREGORY T. ZELE

**TRIAL LAWYERS LLP**

Direct Line:   (561) 820-2224

PARALEGAL STAFF:
JAMES E. COOK
LAWRENCE GORDON
BARBARA L. HOXTER
W. JAMES KEELEY
CHRIS LYTAL
JAMES E. WILLIAMS

CHIEF INVESTIGATOR:
MARTY KERNER, M.S.

NURSING CONSULTANTS:
ROXANN BILLINGSLEA, R.N., B.S.N
CYNTHIA MAZZUTO, R.N.
KATHERINE A. SPANGLER, R.N.

October 3, 2002

CERTIFIED MAIL - RETURN RECEIPT REQUESTED
ARTICLE NO. 7160 3901 9844 0015 0866

Risk Management Division
Winn Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

**Certified Article Number**

**7160 3901 9844 0015 0866**

**SENDERS RECORD**

IN RE:   Claimant    :   Geraldine W. Perkins
         D/Accident :   8/18/2002
         Type/Incident: Slip and Fall
         Location    :   Winn Dixie Store #257
                         9840 S. Military Trail
                         Boynton Beach, FL
         Our File   :   02/0407

Dear Sir/Madam:

Attorney Lance C Ivey of this office has been retained to represent Geraldine W. Perkins relative to injuries she sustained in a slip and fall incident with your insured, Winn Dixie Stores, on 8/18/2002.

Please consider this letter as our request pursuant to Florida Statute 627.4137, that within thirty (30) days, you provide us with a statement, under oath, of the following information with regard to each known policy of liability insurance, including excess or umbrella insurance:

a.   The name of the insurer;

b.   The name of each insured;

c.   The limits of liability coverage;

d.   A statement of any policy or coverage defense which said insurer reasonably believes is available to said insurer;

e.   A copy of the insurance policy;
f.   The number of vehicles listed on each policy.

EXHIBIT A

*Risk Management*
*Winn Dixie Store*
*October 3, 2002*
*Page 2*

Thank you for your anticipated cooperation and assistance in regard to the above.

Very truly yours,

W. Jim Keeley
Paralegal/Investigator
WJK/LCI/dfd

cc:   Geraldine W. Perkins

COMPLETE THIS SECTION ON DELIVERY

2. Article Number

7160 3901 9844 0015 0866

3. Service Type   CERTIFIED MAIL

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

1. Article Addressed to:

Risk Management Division
Winn Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

A. Received by: (Please Print Clearly)    B. Date of Delivery

RICHARD W. TAYLOR

C. Signature

☐ Agent
☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

Reference Information

IN 0461 Perkins v. WD

LCM/WJK
# 021 0407

PS Form 3811, July 2001    Domestic Return Receipt

Certified Mail
Receipt for
US Postal Service

Total Postage & Fee
Restricted Delivery
Return Receipt Fee
Certified Fee
Postage

PS Form 3800, June 2000

RETURN
RECEIPT
SERVICE

REFERENCE:
IN 0461 P

SENDER: (reversed text)

Risk Management Division
Winn Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-

7160 3901 9844 0015 0866



## Sedgwick

**Sedgwick Claims Management Services Inc**
P.O. Box 24787 Jacksonville, FL 32241-4787
Telephone (888)784-3470 Facsimile (904)419-5365

October 16, 2002

Attorney Lance C. Ivey
PO Box 4056
West Palm Beach, FL 33402-4056

RECEIVE
OCT 2 1 2002
L.C.I.

| Re: | Claimant: | Geraldine W. Perkins |
|---|---|---|
| | Date of Injury: | 08/18/2002 |
| | Location: | Winn Dixie # 03-0257-001 |
| | | 9840 S Military Trail |
| | | Boynton Beach, FL 33436 |
| | Division: | Miami |
| | Claim Number: | A211211353-0001-01 |

Dear Sir or Madam:

Sedgwick Claims Management Services, Inc., is the third-party administrator for Winn-Dixie Stores, Inc. Winn-Dixie Stores, Inc. is self-insured for Liability with a $2,000,000.00 retention. There is no medical payments coverage.

I am the examiner handling this claim. Please provide a status as to Geraldine W. Perkins's treatment and medical progress with medical records and bills to date. I will need your client to complete the enclosed Medical and/or Wage Authorization form and return it to me.

**Winn Dixie requires that I obtain your client's recorded statement before we make any decisions determining liability. Please contact the undersigned to arrange a convenient date and time to secure this information. Should you fail to provide this information our liability decisions will be based solely upon the limited information available to us.**

Thank you for your assistance and prompt attention to this matter. If you have any questions feel free to contact me directly at 904-419-5368.

Sincerely,

Kerry Ledbetter
Kerry Ledbetter
General Liability Examiner II

Encl.

**Obtaining the medical & wage information is for the purpose of evaluating your claim and does not assume liability on Winn-Dixie or Sedgwick Claims Management Services, Inc. to pay or reimburse any expenses incurred as a result of this incident.**

Composite
**EXHIBIT** B



## Sedgwick

**Sedgwick Claims Management Services Inc**
P.O. Box 24787 Jacksonville, FL 32241-4787
Telephone: (888)784-3470 Facsimile: (904)419-5365

October 28, 2002



Attorney Lance C. Ivey
PO Box 4056
West Palm Beach, FL 33402-4056

Re: **Claimant:**        **Geraldine W. Perkins**
    **Claim Number:** **A211211353-0001-01**
    **Date of Injury:** **08/18/2002**
    **Location:**       **Winn Dixie #257 – Boynton Beach, FL**

Dear Attorney Ivey:

We have completed our investigation regarding the above reference incident.  We find no fault on the part of Winn-Dixie for the injuries received by Geraldine W. Perkins in their store on or about 08/18/2002.  Therefore, Winn-Dixie will not be able to assist with the payment of any medical expenses incurred as a result of the incident.

Your client will need to handle any medical expenses through their health insurance or Medicare/Medicaid.

If you have any information to the contrary, please submit it to us for further evaluation. I can be reached at (904) 419-5368 if you have any questions.

Sincerely,

Kerry Ledbetter

Kerry Ledbetter
General Liability Examiner II



ATTORNEYS
MARCI FUENTES BALL
MARK W. CLARK, P.A.
DONALD R. FOUNTAIN, P.A.
TODD FRONRATH
DAVID M. GASPARI
BARRY N. HEISLER, II*
GREGORY P. HUBER
LANCE C. IVEY
DARLA L. KEEN**
W. HAMPTON KEEN
NANCY LA VISTA
JULIE H. LITTKY-RUBIN
LAKE LYTAL, JR., P.A.
LAKE H. LYTAL, III
DAVID C. PRATHER
JOSEPH J. REITER, P.A.***
KEVIN C. SMITH
SCOTT B. SMITH
WILLIAM S. WILLIAMS, P.A.
GREGORY T. ZELE***
  *   *Also admitted in Maryland
  **  Also admitted in Kentucky
  *** Also admitted in New York

**LYTAL, REITER, CLARK FOUNTAIN & WILLIAMS**

*Our Commitment:*
*The Justice You Deserve. The Integrity You Expect.*

Direct Line: (561) 820-2255

PARALEGALS
ROBERT BRADSHAW
LAWRENCE GORDON
W. JAMES KEELEY
TERESA KRELLNER
NELSON R. LOPEZ
JENNIFER B. SAWTELL
TRISH WARREN, CLA
JAMES E. WILLIAMS

CHIEF INVESTIGATOR
MARTY KERNER, M.S.

NURSE PARALEGALS
ROXANN BILLINGSLEA, R.N., B.S.N.
CYNTHIA MAZZUTO, R.N.
PATTI K. SPAETH, R.N.
KATHERINE A. SPANGLER, R.N., M.S.

February 20, 2006

<u>**VIA U.S. REGULAR AND CERTIFIED MAIL - RETURN RECEIPT REQUESTED**
**ARTICLE NO.7160 3901 9844 3033 8418**</u>

Winn Dixie Claim Dept.
**ATTN: Cary Ledbetter**
8649 Baypine Road
Bldg. 7, Suite 300
Jacksonville, FL 32256

Certified Article Number
7160 3901 9844 3033 8418
SENDERS RECORD

| Re: | Injured Party | : | Geraldine W. Perkins |
| | Clients | : | Geraldine W. Perkins |
| | D/Incident | : | 08/18/02 |
| | Type/Incident | : | Slip and Fall |
| | Your File # | : | #A211211353 |
| | Our File # | : | 02/0407 |

Dear Ms. Ledbetter:

I have prepared the following demand package for your convenience and review. Enclosed, you will find all medical records, radiographic studies and medical bills to assist you in your evaluation of this claim.

As you may already know, on August 18, 2002, Geraldine sustained severe injuries as a result of a slip-and-fall accident which occurred at Winn Dixie located at 9840 South Military Trail, Boynton Beach, FL 33467. Ms. Perkins was getting a bottle of liquid detergent off of the shelf and unbeknownst to her, the floor was wet and she fell. As a result of the fall, she landed on the ground and hit her head. As you know, your client prepared an accident report.

**EXHIBIT** C

Her injuries included post-concussion syndrome, severe headaches, nausea and vomiting the first few days after the fall, forgetfulness, dizziness, lightheadedness and numbness in her right arm and right leg due to the extensive neck and back injuries.

Her subjective complaints were confirmed by radiographic studies and objective electrical testing. As a result of her severe pain, Ms. Perkins underwent numerous epidural injections with Dr. Quinone and she further sought treatment with Board Certified Neurologist, Reed Stone, M.D., Board Certified Orthopedic Surgeon, Eric S. Fishman, M.D. to name a few. Please see the enclosed records.

According to Dr. Stone, whom is a very conservative physician in this community, Ms. Perkins has sustained a 20% percent impairment to the whole person as a result of the injuries sustained in this fall. According to Dr. Stone, Ms. Perkins may ultimately require surgery.

At this time, Ms. Perkins has authorized me to resolve this matter for $200,000.00. If you would like to amicably resolve this matter within twenty (20) days, please contact me within that period. If you are going to request any additional information, please do so well-prior to the twenty day time limit, as their will be no extensions.

I look forward to your professional and timely response.

Very truly yours,



Lance C. Ivey
LCI/bm
Encls.

cc: Geraldine W. Perkins



## Sedgwick

**Sedgwick Claims Management Services, Inc.**
P. O. Box 24787, Jacksonville, FL 32241-4787
Telephone 904-419-5300  Facsimile 904-419-5365



February 27, 2006

Attorney Lance C. Ivey
Lytal, Reiter, Clark, Fountain & William
PO Box 4056
West Palm Beach, FL  33402-4056

RE:           Claimant: Geraldine Perkins
              Claim #:  A211211353-0001-01
              Date of Accident: 08/18/2002
              Division: Retail Grocery Store-Miami Division
              Location: Winn-Dixie #0257
                      9840 S Military Trail  Boynton Beach, FL

Dear Sir:

In response to your demand letter dated, 02/20/05, please be advised that your
client's claim was denied for lack of constructive notice back on October 28, 2002.

Winn-Dixie Stores, Inc., and its subsidiaries, filed for reorganization under Chapter
11 in the United States Bankruptcy Court, Southern District of New York, on
February 21, 2005 and the deadline date for filing a Proof of Claim form was
08/01/05.

Sincerely,

Kerry Ledbetter
General Liability Examiner III
(904) 419-5368

**EXHIBIT** D

**ATTORNEYS**
MARCI FUENTES BALL
MARK W. CLARK, P.A.
DONALD R. FOUNTAIN, P.A.
TODD FRONRATH
BARRY N. HEISLER, II *
GREGORY P. HUBER
LANCE C. IVEY
DARLA L. KEEN **
W. HAMPTON KEEN
NANCY LA VISTA, P.A.
JULIE H. LITTKY-RUBIN, P.A.
LAKE LYTAL, JR., P.A.
LAKE H. LYTAL, III, P.A.
DAVID C. PRATHER, P.A.
JOSEPH J. REITER, P.A. ***
KEVIN C. SMITH, P.A.
SCOTT B. SMITH
WILLIAM S. WILLIAMS, P.A.
GREGORY T. ZELE***
•   Also Admitted in Maryland
••  Also admitted in Kentucky
••• Also admitted in New York



**LYTAL, REITER, CLARK FOUNTAIN & WILLIAMS**

*Our Commitment:*
*The Justice You Deserve. The Integrity You Expect.*

**Direct Line: (561) 820-2255**

**August 1, 2006**

**VIA FEDERAL EXPRESS**

**PARALEGALS**
ROBERT BRADSHAW
VICKI L. BROWN
LAWRENCE GORDON
W. JAMES KEELEY
TERESA KRELLNER
NELSON R. LOPEZ
JENNIFER B. SAWTELL
JAMES E. WILLIAMS

**CHIEF INVESTIGATOR**
MARTY KERNER, M.S.

**NURSE PARALEGALS**
ROXANN BILLINGSLEA, R.N., B.S.N.
CYNTHIA MAZZUTO, R.N.
PATTI K. SPAETH, R.N.
KATHERINE A. SPANGLER, R.N., M.S.

David Langley, Esq.
8181 West Broward Blvd., Suite #204
Ft. Lauderdale, FL 33324

Re:    Perkins (Geraldine) v. Winn-Dixie Stores, Inc.
       Date of Incident:     8/18/2002
       Location of Incident:  Winn-Dixie Store
                              9840 South Military Trail
                              Boynton Beach, FL
       Type of Incident:     Slip and Fall
       Our File No:          02/0407

Dear Mr. Langley:

This letter supplements our previous fax transmittal to you and your recent phone conversation with
my paralegal, W. Jim Keeley regarding the captioned matter. I represent Geraldine Perkins who
sustained severe injuries as a result of a slip and fall incident that occurred at the captioned location.
Mrs. Perkins was getting a bottle of liquid detergent off the shelf when unbeknownst to her the floor
was wet and she fell, sustaining head injuries. An incident report was filed with management of the
store.

As previously discussed with you, we have researched all bankruptcy records using Pacer and have
determined that our client's claim was never shown as being discharged. Neither our office nor our
client, Geraldine Perkins, ever received notice of the bankruptcy even though Winn-Dixie had been
placed on prior notice of this matter.

As requested, I am enclosing at this time copies of the following documents:

1.     All certified letters sent to defendant, Winn-Dixie Stores, Inc., placing them
       on notice of this incident. Note that a separate letter was sent directly to Mr.
       Bill Draves, Manager of Store No. 257, where the incident occurred;

2.     Copies of correspondence received from Sedgwick Claims Service
       acknowledging receipt of this claim; and

**EXHIBIT** 𝐸

Northbridge Center • 10th Floor • 515 N. Flagler Drive • West Palm Beach, FL 33401 Tel (561) 655-1990
P.O. Box 4056, West Palm Beach, Florida 33402-4056 • (800) 654-2024 • Spanish Line (561) 833-1964 • Fax (561) 832-2932

*David Langley, Esquire*
*August 1, 2006*
*Page 2*

3.   A copy of our letter dated February 20, 2006 to Ms. Cary Ledbetter of the Winn-Dixie Claims Department submitting demand for settlement. It was at this point that I learned of Winn-Dixie's bankruptcy.

As you advised my paralegal, W. Jim Keeley, you would immediately complete research of this claim and file a petition in regard to opening the bankruptcy file for the submitting of this claim.

As Mr. Keeley discussed with you, we have an August 17, 2006 statute of limitation date, therefore I will be filing suit to protect our client's interest in this matter but will hold back in service of this complaint pending the outcome of your petition.

If you have any questions at all regarding this matter, please contact myself or Mr. Keeley.

Very truly yours,


Lance C. Ivey
LCI/dpb

Enclosures

**FedEx** Express

**US Airbill**

Tracking Number: 8581 0876 5773

Senders Copy

**1 From** *Please print and press hard.*

Date 08/01/06

Sender's Name W. Jim Keeley

Sender's FedEx Account Number 213B-2110-5

Company LYTAL & REITER

Address 515 N FLAGLER DR STE 1000

Phone (561) 655-1990

City WEST PALM BEACH   State FL   ZIP 33401-4350

**2 Your Internal Billing Reference** First 24 characters will appear on invoice.

02/0407

**3 To**

Recipient's Name DAVID Langley Esq.   Phone (954) 356-0450

Company DAVID W. Langley P.A.

Recipient's Address 8181 W. Broward

Address Suite 204

City Fort Lauderdale   State FL   ZIP 33324

Dept/Floor/Suite/Room 034018 0055

Ship and track packages at fedex.com
Manage your account. Access all the tools you need.

**4a Express Package Service**   *Packages up to 150 lbs.*

☐ FedEx Priority Overnight
☐ FedEx Standard Overnight
☐ FedEx First Overnight

☐ FedEx 2Day
☒ FedEx Express Saver

**4b Express Freight Service**   *Packages over 150 lbs.*

☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

**5 Packaging**

☒ FedEx Envelope
☐ FedEx Pak
☐ FedEx Box
☐ FedEx Tube
☐ Other

**6 Special Handling**   *Include FedEx address in Section 3.*

☐ SATURDAY Delivery
☐ HOLD Weekday at FedEx Location
☐ HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
☐ No   ☐ Yes
☐ Dry Ice   ☐ Cargo Aircraft Only

**7 Payment** Bill to:

☐ Sender
☐ Recipient
☐ Third Party
☐ Credit Card
☐ Cash/Check

**8 NEW Residential Delivery Signature Options**

☐ No Signature Required
☐ Direct Signature
☐ Indirect Signature

Total Packages   Total Weight   Total Declared Value $ .00

519   FedEx Use Only

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.