## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.   05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

### MOTION OF EDITH DASTAS TO ALLOW
### FILING OF APPLICATION FOR ADMINISTRATIVE EXPENSE

Comes Now, Edith Dastas (alternatively "Ms. Dastas" or "Applicant"), by and through undersigned counsel, and pursuant to 11 U.S.C. Sections 105 and 503(a) and Fed. R. Bankr. P. 9006(b)(1), hereby moves this Court for entry of an order allowing her to file the Application for Administrative Expense attached hereto as Exhibit "A" (the "Application").

### BACKGROUND

1.      On or about August 25, 2006, Ms. Dastas was injured at the Winn-Dixie store located at 14655 SW 104th Street in Miami, Florida 33186 as a proximate result of the negligence of the Winn-Dixie entity operating the store. Ms. Dastas was injured when she slipped and fell on the store floor. As a result of the accident, Ms. Dastas has suffered extensive physical damages.

2.      On September 26, 2007, Ms. Dastas, acting through her counsel Alex R. Sierra, Esq., provided written notification of the claim to the Debtors' claims agent, Sedgwick Claims Management. A copy of that certified letter is attached as Exhibit "B".

3.      On October 26, 2007, Attorney Sierra sent a follow up letter to Sedgwick Claims Management. A copy of that second letter is attached as Exhibit "C".

4.      On November 29, Attorney Sierra sent another follow up letter via U.S.

Mail and facsimile to Sedgwick Claims Management to inquire about Ms. Dastas' claim. A copy of that third letter and the facsimile confirmation is attached as Exhibit "D".

5.      On February 22, 2007 Attorney Sierra sent a fourth letter via U.S. Mail and facsimile to Sedgwick Claims Management about Ms. Dastas' claim. A copy of that fourth letter and the facsimile confirmation is attached as Exhibit "E".

6.      In early March 2007 Attorney Sierra received a letter dated March 2, 2007 from Sedgwick Claims informing him that the deadline was January 5, 2007 to file an Application for Administrative Expenses and that the Debtors would not consider Ms. Dastas' claim.  A copy of the Sedgwick Claims letter is attached as Exhibit "F".

7.      Applicant avers and can support through Affidavit that neither attorney Sierra nor she was made aware of the deadline to file Application of Administrative Expenses.  Their first notice of the January 5, 2007 deadline was in March 2007.

## MEMORANDUM OF LAW

The Bankruptcy Code provides that "(a)n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause". *11 U.S.C. Section 503(a)*. As in the case of a pre-petition claim filed after a bar date, bankruptcy courts have used the "excusable neglect" standard of Fed. R. Bankr. P. 9006(b)(1) in the context of a Section 503(a) application for administrative expense. *See In re: Bicoastal Corp.*, 147 B.R. 258 (M.D. Fla. 1992). *See also In re Reams Broad. Corp., 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993).*

This Court is permitted to exercise its discretion "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the movant's control". *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507

U.S. 380, 391, 113 S. Ct. 1489 (1993).

In *Pioneer*, the United States Supreme Court explicitly rejected a narrow interpretation of the term "excusable neglect" under Rule 9006(b)(1). *Pioneer*, 507 U.S. at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control"). A pre-petition claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *Banco Latino International v. Lopez (In re Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer*). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997).

As noted previously by this Court, *Pioneer* mandates a "balancing test" of four considerations. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). Those considerations include: (a) the reason for the delay and whether it was in control of claimant; (b) the length of delay and potential impact on judicial proceedings; (c); the danger of prejudice to debtor, and (d) whether the claimant acted in good faith. *Harrell*, 325 B.R. 646.[1]

### Reason for the Delay

Quite simply, neither Ms. Dastas nor her counsel received any notice of the January 5, 2007 bar date for filing administrative expense applications. The facts here are analogous to those in *In re Faden*, 96 F.3d 792 (5th Cir.1996) in which the Court of Appeals for the Fifth Circuit held that a pre-petition debt in a Chapter 7 case was not dischargeable where the creditor did not receive notice of the Chapter 7 case. This Court

---

[1] Although Ms. Dastas' believes she can clearly satisfy the *Pioneer* requirements and prevail on that basis, there is also a constitutional issue of lack of notice, which issue Ms. Dastas does not waive.

has cited *Faden* in the context of a motion for leave to file a claim after the bar date in a jointly-administered Chapter 11 case. *Harrell*, 325 B.R. 643, 649.

## **Reason for the Delay**

As set forth above, the failure to timely file Ms. Dastas' claim is the Debtors' responsibility for failing to recognize that they had received written notice of Ms. Dastas' claim on three separate occasions prior to January 5, 2007. Despite those multiple notices, including one via certified letter, the Debtors failed to provide notice of the bar date to Ms. Dastas or her counsel.

## **Length of Delay and Potential Impact on Judicial Proceedings**

The allowance of Ms. Dastas's Application will not adversely affect the Debtors, and any delay is the Debtors' responsibility. The judicial proceedings in this case will not be affected substantially if the Court grants this Motion.

## **Prejudice to the Debtors**

There can be little, if any, prejudice to Winn-Dixie Stores if this Motion is granted. The Debtors' had actual notice of Ms. Dastas' personal injury claim prior to the January 5, 2007 bar date. Significantly, the granting of this Motion will not deprive the Debtors' of their ability to object to Ms. Dastas' Application on its merits. The fact that the Debtors will have to deal with the merits of Ms. Dastas' Application, as opposed to having is stricken on procedural grounds, is not "prejudice" of a type this Court should consider in its analysis under *Pioneer*. Upon information and belief, the Debtors have not completed their reconciliation and negotiations relating to the large number of personal injury claims relating to the Debtors' activities during the Post-Petition Period.

## **Ms. Dastas' Good Faith**

Ms. Dastas's actions in this case were, without question, undertaken in good faith. It's hard to imagine what more Attorney Sierra could reasonably have done to apprise the Debtors of Ms. Dastas' claim for damages. At no point has Ms. Dastas delayed the process or otherwise "sat on her rights", and there is and can be no suggestion that she has acted improperly in any fashion.

## **The Factors as a Whole**

Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The treatment of Ms. Dastas' Application as timely-filed will permit her claim to be resolved on its merits. Such relief will result in no prejudice to the Debtors, will serve to protect Ms. Dastas' rights to recover for her damages, and is consistent with the interests of justice.

**Wherefore,** Edith Dastas requests that the Court enter an order:

(A) deeming the Application timely-filed, and

(B) granting her such other and further relief to which she may be entitled.

Dated: April 12, 2007          **WILCOX LAW FIRM**

/s/ **Robert D. Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
(904) 281-0700
(904) 513-9201 Fax


And

Alex R. Sierra, Esquire
10271 Sunset Drive
Suite 103
Miami, FL 33173

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2007 I filed this **MOTION OF EDITH DASTAS FOR ORDER DEEMING APPLICATION FOR ADMINISTRATIVE EXPENSE TIMELY FILED** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee,  Elena L. Escamilla,  Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ **Robert Wilcox**
Robert D. Wilcox

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,

      Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE**
**STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE**
Edith Dastas

    Comes Now Edith Dastas ("Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

**JURISDICTION AND VENUE**

    1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

**FACTUAL BACKGROUND**

    2.    Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

    3.    On or about August 25, 2006, Ms. Dastas was injured at the Winn-Dixie store located at 14655 SW 104th Street in Miami, Florida 33186 as a proximate result of the negligence of the Winn-Dixie entity operating the store. Ms. Dastas was injured when

she slipped and fell on the store floor. As a result of the accident, Ms. Dastas has suffered extensive physical damages in excess of $125,000.00, which damages Applicant can support through medical records and other proof. Applicant's damages may not be fully liquidated at this time.

**APPLICANT'S CLAIM IS ENTITLED TO
ADMINISTRATIVE EXPENSE STATUS**

4.      Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5.      In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting

Applicant's claim be served upon the undersigned counsel and:

        Alex R. Sierra, Esquire
        10271 Sunset Drive
        Suite 103
        Miami, FL 33173
        (305) 595-9711
        (305) 595-8116 Fax

    WHEREFORE, based upon the foregoing, Applicant requests that the Court enter

an order granting the relief requested herein and such other relief as it deems just and

proper.

    Respectfully Submitted,        WILCOX LAW FIRM

                              /s/ **Robert Wilcox**
                              Robert D. Wilcox (FL #755168)
                              6817 Southpoint Parkway, Suite 1302
                              Jacksonville, FL 32216
                              Telephone: (904) 281-0700
                              Facsimile: (904) 513-9201

                              Alex R. Sierra, Esquire
                              10271 Sunset Drive
                              Suite 103
                              Miami, FL 33173
                              (305) 595-9711
                              (305) 595-8116 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2007, I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

                              /s/ **Robert Wilcox**
                              Robert D. Wilcox

EXHIBIT B

**LAW OFFICES**
## ALEX R. SIERRA
**10271 Sunset Drive**
**Suite 103**
**Miami, Florida 33173**

TELEPHONE: (305) 595-9711

FACSIMILE: (305) 595-8116

September 25, 2006

Winn-Dixie
14655 S.W. 104th Street
Miami, Florida 33186

SENT VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
RECEIPT NO.: 7004 2890 0004 0584 8508

Re:    Our Client:    Edith Dastas
       D/I:           08/25/06

Dear Ladies and Gentlemen:

Please be advised that we represent the above-captioned client as a result of the incident referred to above wherein our client was injured.

This loss may be covered by your insurance company and you should notify them <u>immediately</u> of the incident if you have not already done so. Please note that your failure to notify your company may result in a <u>denial</u> of insurance coverage for failure to cooperate with them.

To hasten the resolution of this matter, please place the name and address of your insurance company as well as your policy number in the spaces provided for below and return this letter to us in the enclosed, self-addressed stamped envelope.

Finally, please provide me with a copy of any film that may have been taken of the incident and/or preserve the film for future reference.

Thank you for your cooperation.

Very truly yours,

**ALEX R. SIERRA, ESQ.**

NAME OF INSURANCE COMPANY:    _____

ADDRESS OF INSURANCE COMPANY:    _____

_____

POLICY NO:    _____  _____

ARS/tms
Encl.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

WINN - DIXIE
14655 S.W. 104 Street
Miami, FL 33186

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☑ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☑ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

7004 2890 0004 0584 8508

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT C

# LAW OFFICES
## ALEX R. SIERRA
**10271 Sunset Drive**
**Suite 103**
**Miami, Florida 33173**

TELEPHONE: (305) 595-9711                                  FACSIMILE: (305) 595-8116

October 26, 2006

Winn-Dixie
14655 S.W. 104th Street
Miami, Florida 33186

Re:    Our Client:    Edith Dastas
       D/I:           08/25/06

Dear Ladies and Gentlemen:

A review of this file shows that we advised you of our representation of Edith Dastas for damages arising out of a slip and fall incident which occurred on your premises on August 25, 2006 by way of a certified letter sent to you on September 25, 2006 and received by you on September 26, 2006. Therein, I requested information regarding your insurance carrier, etc. To date, I have not had a reply to my letter, a copy of which is enclosed for your ready reference.

Please give this matter your prompt attention by providing us with the requested information.

Very truly yours,

**ALEX R. SIERRA, ESQ.**

ARS/tms
Encl.

**LAW OFFICES**
## ALEX R. SIERRA
**10271 Sunset Drive**
**Suite 103**
**Miami, Florida 33173**

TELEPHONE: (305) 595-9711                          FACSIMILE: (305) 595-8116

September 25, 2006

Winn-Dixie                              SENT VIA CERTIFIED MAIL
14655 S.W. 104th Street                 RETURN RECEIPT REQUESTED
Miami, Florida 33186                    RECEIPT NO.: 7004 2890 0004 0584 8508

Re:    Our Client:    Edith Dastas
       D/I:           08/25/06

Dear Ladies and Gentlemen:

Please be advised that we represent the above-captioned client as a result of the incident referred
to above wherein our client was injured.

This loss may be covered by your insurance company and you should notify them _immediately_ of
the incident if you have not already done so.  Please note that your failure to notify your company
may result in a _denial_ of insurance coverage for failure to cooperate with them.

To hasten the resolution of this matter, please place the name and address of your insurance
company as well as your policy number in the spaces provided for below and return this letter to
us in the enclosed, self-addressed stamped envelope.

Finally, please provide me with a copy of any film that may have been taken of the incident and/or
preserve the film for future reference.

Thank you for your cooperation.

Very truly yours,

ALEX R. SIERRA, ESQ.

NAME OF INSURANCE COMPANY:        _____
ADDRESS OF INSURANCE COMPANY:     _____

_____

POLICY NO:  _____ _____

ARS/tms
Encl.

# EXHIBIT D

# LAW OFFICES
## ALEX R. SIERRA
**10271 Sunset Drive**
**Suite 103**
**Miami, Florida 33173**

TELEPHONE: (305) 595-9711

FACSIMILE: (305) 595-8116

### TELECOPY MEMORANDUM

DATED:     11/29/06          RE:     OUR CLIENT:        EDITH DASTAS
                                     YOUR INSURED:      WINN-DIXIE
                                     CLAIM NO:          UNKNOWN
                                     D/A:               08/25/06

ATTN:      CLAIMS DEPARTMENT
OF:        Sedgwick CMS
FAX:       (904) 419-5365

NUMBER OF PAGES INCLUDING THIS SHEET:      3

### COMMENTS:

Enclosed is our letter of representation and request pursuant to Florida Statute 627.4137.

_____

If you should have any questions regarding this fax or any of its contents or did not receive all of the pages indicated above, please contact our office as soon as possible.  Thank you.

Teresita

**LAW OFFICES**
**ALEX R. SIERRA**
10271 Sunset Drive
Suite 103
Miami, Florida 33173

TELEPHONE: (305) 595-9711

FACSIMILE: (305) 595-8116

November 29, 2006

*Sent via fax and U.S. mail*
Sedgwick CMS
P.O. Box 24787
Jacksonville, Florida 32241-4787

Attn:   Claims Department

Re:     Our Client:      Edith Dastas
        Your Insured:    Winn-Dixie
        Claim No:        Unknown
        D/O/Incident:    08/25/06

Dear Ladies and Gentlemen:

Please be advised that we represent Ms. Edith Dastas for damages arising out of an incident which occurred at the Winn-Dixie store located at 14655 S.W. 104 Street in Miami, Florida on August 25, 2006. Please address all future correspondence or calls in reference to this claim to us.

Our investigation reveals that our client was injured due to your insured's negligence. Our client was injured in the incident and is presently under medical care and attention for her injuries. Please note that there will be no claim for lost wages as our client was not employed at the time of the incident.

Enclosed you will find our request pursuant to Florida Statute 627.4137 which is self-explanatory.

If you have any questions regarding this claim at this time, kindly contact me at your convenience.

Very truly yours,

*Alex R. Sierra*

**ALEX R. SIERRA, ESQ.**

ARS/tms
Encl.

**LAW OFFICES**
**ALEX R. SIERRA**
**10271 Sunset Drive**
**Suite 103**
**Miami, Florida 33173**

TELEPHONE: (305) 595-9711                                            FACSIMILE: (305) 595-8116

November 29, 2006

*__Via facsimile and U.S. mail__*
Sedgwick CMS
P.O. Box 24787
Jacksonville, Florida 32241-4787

Attn:   Claims Department

Re:    Our Client:    Edith Dastas
       Your Insured:  Winn-Dixie
       D/O/Incident:  08/25/06
       Claim No:      Unknown

Dear Ladies and Gentlemen:

Please be advised that pursuant to Florida Statute 627.4137 the undersigned, on behalf of the above-captioned client, hereby requests that you provide the following information <u>under oath</u>, within thirty (30) days from the date hereof:

    A.    The name of the insurers;
    B.    The name of each insured;
    C.    The limits of liability coverage on each policy;
    D.    A statement of any coverage or policy defense which said insurer reasonably
          believes is available to said insurer filing the statement at the time of the filing
          of said statement; and
    E.    A copy of each policy.

We hereby also request that the statement referred to be amended immediately upon discovery of facts calling for an amendment to said statement.

Very truly yours,

**ALEX R. SIERRA, ESQ.**

ARS/tms

# HP LaserJet *3330*

Best Family Lawyer
3055958116
Nov-29-2006  11:31AM



---

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 711 | 11/29/2006 | 11:30:38AM | Send | 19044195365 | 1:03 | 3 | OK |

---

**LAW OFFICES**
**ALEX R. SIERRA**
10271 Sunset Drive
Suite 103
Miami, Florida 33173

TELEPHONE: (305) 595-9711                    FACSIMILE: (305) 595-8116

**TELECOPY MEMORANDUM**

| DATED: | 11/29/06 | RE: | OUR CLIENT: | EDITH DASTAS |
|--------|----------|-----|-------------|--------------|
| | | | YOUR INSURED: | WINN-DIXIE |
| | | | CLAIM NO: | UNKNOWN |
| | | | D/A: | 08/25/06 |

ATTN:    CLAIMS DEPARTMENT
OF:      Sedgwick CMS
FAX:     (904) 419-5365

NUMBER OF PAGES INCLUDING THIS SHEET:    3

**COMMENTS:**

Enclosed is our letter of representation and request pursuant to Florida Statute 627.4137.

If you should have any questions regarding this fax or any of its contents or did not receive all of the pages indicated above, please contact our office as soon as possible.  Thank you.

Teresita

# EXHIBIT E

**LAW OFFICES**
# ALEX R. SIERRA
**10271 Sunset Drive**
**Suite 103**
**Miami, Florida 33173**

TELEPHONE: (305) 595-9711

FACSIMILE: (305) 595-8116

## TELECOPY MEMORANDUM

DATED:      02/22/07          RE:    OUR CLIENT:      Edith Dastas
                                     YOUR INSURED:    Winn-Dixie
                                     CLAIM NO:        A611211143
                                     D/I:             08/25/06

ATTN:      Yolanda Davis
OF:        Sedgwick CMS
FAX:       (904) 419-5365

NUMBER OF PAGES INCLUDING THIS SHEET:          2

## COMMENTS:

Enclosed is our letter of this date.

---

If you should have any questions regarding this fax or any of its contents or did not receive all of the pages indicated above, please contact our office as soon as possible.  Thank you.

Teresita

**LAW OFFICES**
# ALEX R. SIERRA
**10271 Sunset Drive**
**Suite 103**
**Miami, Florida 33173**

TELEPHONE: (305) 595-9711

FACSIMILE: (305) 595-8116

February 22, 2007

*Sent via facsimile and U.S. mail*
Sedgwick CMS
P.O. Box 24787
Jacksonville, FL 32241-4787

Attn:   Yolanda Davis

Re:     Our Client:      Edith Dastas
        Your Insured:  Winn-Dixie
        Claim No:       A611211143
        D/I:                08/25/06

Dear Ms. Davis:

As you know, on November 29, 2006 we advised you of our representation of Ms. Edith Dastas for damages arising out of an incident which occurred at the Winn-Dixie store located at 14655 S.W. 104th Street in Miami, Florida. Together with our letter of representation, we forwarded a request pursuant to Florida Statute 627.4137. Please note that we have not had a reply to our request and that it is overdue. Kindly provide me with the information requested at your earliest convenience.

Please also advise me if there is a video depicting my client's slip and fall. If so, please provide me with a copy of it and I will reimburse you for any costs associated with the reproduction.

I look forward to hearing from you soon.

Very truly yours,

**ALEX R. SIERRA, ESQ.**

ARS/tms

# HP LaserJet *3330*

Best Family Lawyer
3055958116
Feb-23-2007   6:12PM



---

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 600 | 2/23/2007 | 6:11:18PM | Send | 19044195365 | 0:46 | 2 | OK |

LAW OFFICES
**ALEX R. SIERRA**
10271 Sunset Drive
Suite 103
Miami, Florida 33173

TELEPHONE: (305) 595-9711
FACSIMILE: (305) 595-8116

### TELECOPY MEMORANDUM

DATED:   02/22/07   RE:   OUR CLIENT:   Edith Dastas
                            YOUR INSURED:   Winn-Dixie
                            CLAIM NO:   A611211143
                            D/I:   08/25/06

ATTN:   Yolanda Davis
OF:   Sedgwick CMS
FAX:   (904) 419-5365

NUMBER OF PAGES INCLUDING THIS SHEET:   2

### COMMENTS:

Enclosed is our letter of this date.

If you should have any questions regarding this fax or any of its contents or did not receive all of the pages indicated above, please contact our office as soon as possible. Thank you,

Teresita

EXHIBIT F



# Sedgwick

**Sedgwick Claims Management Services Inc**
P.O. Box 24787,  Jacksonville, FL 32241-4787
Telephone: (888)784-3470 Facsimile: (904)419-5365

March 2, 2007

Law Offices Alex R. Sierra
10271 Sunset Drive, Suite 103
Miami, Florida 33173

RE:  **Claimant:**      **Edith Dastas**
      **Claim Number: A611211143-0001-01**
      **Date of Injury:  08/25/2006**
      **Location:       0287 Miami, Florida**

Dear Mr. Sierra:

Sedgwick Claims Management Services, Inc. is the third-party administrator for Winn-Dixie Stores, Inc.

Winn-Dixie Stores, Inc. emerged from bankruptcy on November 21, 2006.  All claims that we were aware of that occurred between February 22, 2005 and November 21, 2006 were mailed a notice.  This notice stated that in order to have your clients claim considered, you needed to file a motion for an Administrative Expense Claim with the Bankruptcy Court by January 5, 2007.  We also put advertisements in national and regional newspapers to notify claimants who had yet to notify us of their claim. According to our records you did not file a motion on behalf of your client.  The deadline for filing the administrative expense claim has expired so we are unable to consider your claim.  If you have questions you should consult with bankruptcy counsel.

Sincerely,
*Yolanda Davis*

Yolanda Davis
Claims Examiner II