Hearing Date: 5/17/07 at 1:30 p.m.
Obj. Deadline: 05/07/07 at 4:00 p.m.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors[1]. | ) | Jointly Administered |

## DEBTORS' OMNIBUS OBJECTION TO
## IMPROPERLY FILED PROOFS OF CLAIM

Debtor, Winn-Dixie Stores, Inc., on behalf of itself and its reorganized subsidiaries and affiliates (collectively, the "Debtors") objects to the claims listed on the attached Exhibit A (the "Objection") on the grounds that each such claim is based on an alleged personal injury which arose post-petition and was therefore required to be asserted by an administrative expense application (the "Improperly Filed Claims").  In support of this Objection, Debtors say:

1.      Each of the Improperly Filed Claims asserts personal injury claims which were allegedly incurred after the Petition Date.  The claimants, therefore, were required to assert such claims by administrative claim applications filed with the Court, not on

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.  With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

proof of claim forms.  See Local Rule 3071-1.[2]  The deadline for filing administrative claim applications was January 5, 2007.

2.     This Objection is made without prejudice to any timely or untimely application for administrative expense claim filed by any of the claimants listed on Exhibit A, or any motions related to such applications.

## Separate Contested Matter

Each of the disputed claims and the Debtors' objections asserted above constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Debtors request that any order entered by the Court with respect to an objection asserted in this Objection be deemed a separate order with respect to each disputed claim.

## Reservation of Rights

In making this objection, the Debtors reserve, without waiver, the right to assert further or additional objections to the Improperly Filed Claims.

## Response Deadline

If you do NOT oppose the disallowance of your claim(s) listed on Exhibit A to the Objection, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance of your claim(s) listed on Exhibit A to the Objection then you MUST file and serve a written response to the Objection that is received on or before **4:00 p.m. Eastern Time on May 7, 2007** (the "Response

---

[2]     See also Official Form 10, Proof of Claim, which states that "this form should not be used to make a claim for an administrative expense arising after the commencement of the case.  A 'request' for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503."

Deadline"). The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.

Responses will be deemed timely filed _only if_ the original response is _actually received_ on or before the Response Deadline by the Bankruptcy Court via the Court's electronic filing procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202.

In addition, a copy of the response must be served on or before the Response Deadline on the Debtors' attorneys, Smith Hulsey & Busey, Attn: David L. Gay, Esq., 225 Water Street, Suite 1800, Jacksonville, Florida   32202, via email at dgay@smithhulsey.com, or via facsimile sent to (904) 359-7708.

WHEREFORE the Debtors respectfully request that the Court (i) grant the relief requested by this Objection, (ii) enter the Proposed Order attached as Exhibit B, and (iii) grant such other and further relief as is just and proper.

Dated: April 17, 2007

SMITH HULSEY & BUSEY


By _s/ David L. Gay_
         Stephen D. Busey
         James H. Post
         David L. Gay

Florida Bar Number 839221
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Counsel for Reorganized Debtors

00563265.6

3

**<u>EXHIBIT A</u>**

**WINN-DIXIE STORES, INC., ET AL.**
**EXHIBIT A**

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| BATES, JEANNINE TROIONI | 13810 | Unliquidated | IMPROPERLY FILED CLAIMS |
| | Debtor: **WINN-DIXIE STORES, INC.** | | |
| CLARK, JOSEPHINE | 13798 | $50,000.00 | IMPROPERLY FILED CLAIMS |
| | Debtor: **WINN-DIXIE STORES, INC.** | | |
| CRIST, CARMIE | 13801 | Unliquidated | IMPROPERLY FILED CLAIMS |
| | Debtor: **WINN-DIXIE STORES, INC.** | | |
| HINES, ANGELA | 13811 | $250,000.00 | IMPROPERLY FILED CLAIMS |
| | Debtor: **WINN-DIXIE STORES, INC.** | | |
| JONES, VALERIA | 13804 | $100,000.00 | IMPROPERLY FILED CLAIMS |
| | Debtor: **WINN-DIXIE STORES, INC.** | | |
| MCNEAR, MARIE | 13803 | $100,000.00 | IMPROPERLY FILED CLAIMS |
| | Debtor: **WINN-DIXIE STORES, INC.** | | |
| REEVES, JANETT | 13806 | $100,000.00 | IMPROPERLY FILED CLAIMS |
| | Debtor: **WINN-DIXIE STORES, INC.** | | |
| TARVER BLOND, KATHY | 13812 | Unliquidated | IMPROPERLY FILED CLAIMS |
| | Debtor: **WINN-DIXIE STORES, INC.** | | |
| TORRES, JOSE A III | 13809 | $150,000.00 | IMPROPERLY FILED CLAIMS |
| | Debtor: **WINN-DIXIE STORES, INC.** | | |
| WATSON, CATHERINE | 13789 | Unliquidated | IMPROPERLY FILED CLAIMS |
| | Debtor: **WINN-DIXIE STORES, INC.** | | |

| | | | |
|---|---|---|---|
| **Total Claims to be Disallowed:** | **10** | | |
| **Total Amount to be Disallowed:** | **$750,000.00** | **Plus Unliquidated Amounts, If Any** | |

**<u>EXHIBIT B</u>**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                    )        Case No.  05-03817-3F1

WINN-DIXIE STORES, INC., *et al.*,        )        Chapter 11

              Reorganized Debtors.       )        Jointly Administered

## ORDER ON DEBTORS' OMNIBUS
## OBJECTION TO IMPROPERLY FILED PROOFS OF CLAIM

This matter came before the Court for hearing on May 17, 2007, upon the Debtors' Omnibus Objection to Improperly Filed Proofs of Claim (the "Objection") filed by Winn-Dixie Stores, Inc, on behalf of itself and its reorganized subsidiaries and affiliates (collectively the "Debtors") to the proofs of claim identified on Exhibit A to the Objection.  No responses to the Objection were filed.  It is therefore

ORDERED AND ADJUDGED:

1.      The Objection is sustained.

2.      The claims identified on Exhibit A are disallowed in their entirety.

3.      This Order is without prejudice to the rights, claims or defenses which the Debtors or the claimants have or may have with respect to any timely or untimely applications for administrative expense claims or any motions related to such applications.

4.      The Objection gives rise to a separate contested matter as to each claim identified on Exhibit A, as contemplated by Rule 9014, Federal Rules of Bankruptcy Procedure.  This Order is deemed to be a separate Order with respect to each such claim. Any stay of this Order pending appeal by any claimant whose claim is subject to this

Order shall only apply to the contested matter involving such claim and shall not act to stay the applicability or finality of this Order with respect to the other contested matters subject to this Order.

5.      This Order is without prejudice to the Reorganized Debtors' right to object to any of the claims on any further or separate grounds.

Dated this _____ day of May, 2007 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

00563895