UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.    05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

# APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM FOR POST-PETITION PERSONAL INJURIES BY CATHERINE WATSON

Pursuant to 11 U.S.C. § 503, Catherine Watson ("Claimant") hereby requests that the Court enter an Order approving this application for allowance of an administrative expense claim, and as grounds therefore says:

1. On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3. Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4. On September 10, 2005, the Claimant suffered personal injury and damages when she was injured at the premises of the Debtor. Damages sustained from a

1

post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471 (1968).

5. On December 15, 2005, the Claimant initiated an action against the Debtor in the Circuit Court in and for Escambia County, Florida styled <u>CATHERINE WATSON v. WINN-DIXIE STORES, INC. D/b/a WINN DIXIE STORE #498</u> (the "Action"). A copy of the Complaint is attached as **Exhibit "A"**.

6. The action proceeded in the ordinary course - the pleadings were filed, discovery was being had and the parties were proceeding toward settlement negotiations and/or civil jury trial. A copy of the state court docket in respect to the Action is attached as **Exhibit "B"** (the "Docket").

8. On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

9. On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

10. Dan Stewart did not receive notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims. A copy of the Affidavit of Dan Stewart is attached hereto as Composite **Exhibit "C"**.

WHEREFORE, Claimant requests that the Court enter an order approving this application for allowance of an administrative expense claim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served on **James Post, Esq.**, Smith, Hulsey & Busey, 225 Water Street, Ste. 180, Jacksonville, FL 32202, **Matthew Barr, Esq.**, Milbank, Tweed, Hadley and mcCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10006 and **John R. Buchholz, Esq.**, Kelley Kroneberg, 15600 N.W. 67th Ave., Ste. 204, Miami Lakes, FL 33014, this 18th day of April, 2007 by fax and regular U.S. Mail.

S/Daniel Stewart

DANIEL STEWART
Florida Bar Number 319392
*Dan Stewart, P.A.*
4519 Highway 90
Pace, Florida 32571-2043
Phone 850/994-4887
Fax 850/994-4541
Attorney for the Claimant

# EXHIBIT "A"

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

CATHERINE WATSON,

    Plaintiff,

vs.

CASE NO. 2005-CA-002312-D

WINN DIXIE STORES, INC. d/b/a
WINN DIXIE STORE #498

    Defendant.
_____/

## COMPLAINT

Plaintiff, CATHERINE WATSON, sues Defendant, WINN DIXIE STORES, INC., d/b/a WINN DIXIE STORE #498, and says:

1. This is an action for damages that exceed $15,000.00.

2. On or about September 10, 2005, Defendant was the owner and in possession of a business in Escambia County, Florida that was used as a supermarket known as Winn Dixie Sotre 3498 and located at 155 S Highway 29, Cantonment, Florida.

3. At that time and place, Plaintiff went on said property as a customer of the Defendant.

4. Defendant negligently maintained the floor in the produce department of said supermarket so that Plaintiff was caused to slip and fall on lettuce and negligently failed to correct a dangerous condition. Further, Defendant negligently failed to warn Plaintiff of a dangerous condition and negligently failed to inspect the premises.

5. The negligent condition was created by the Defendant, known to Defendant or had existed for a sufficient length of time so that Defendant should have known of it.

6. As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization,

medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, CATHERINE WATSON, demands, judgment for damages, costs, lost interest against Defendant and trial by jury.

_____
DANIEL STEWART, ESQUIRE
DAN STEWART, P.A.
4519 Highway 90
Pace, FL 32571
(850) 994-4887
Attorney for Plaintiff
Florida Bar Number 319392

# EXHIBIT "B"

# Escambia County Florida Clerk of the Circuit Court
## Courtviewer Records Search
### CASE

| | |
|---|---|
| Case Number  2005 CA 002312 | Case Judge  ALLEN, MICHAEL |
| Case Type  CIRCUIT CIVIL | File Date  12/13/2005 |
| Case Action Code  NEGLIGENCE | Case Status  CLOSED |

### PARTIES

| Rcd | Party Type | Name | Race | Gender | D.O.B. / D.O.D. |
|---|---|---|---|---|---|
| 1 | Plaintiff | WATSON, CATHERINE  Attorney: STEWART, DANIEL | | | |
| 2 | Defendant | WINN DIXIE STORES INC  DBA: WINN DIXIE STORE #498  Attorney: PALMER 3, ROBERT C | | | |

### CHARGES

None

### DISPOSITIONS

| Rcd | Status | Status Date | Disposition Code | Disp Date | Judge |
|---|---|---|---|---|---|
| 1 | CLOSED | 12/13/2005 | Other - **CIVIL** | 09/15/2006 | ALLEN, MICHAEL |

### DOCKETS

| Rcd | Date | Description | Document Tag # |
|---|---|---|---|
| 1 | 12/13/2005 | COMPLAINT/PETITION FILED | 1 |
| 2 | 12/13/2005 | CIVIL COVER SHEET | 3 |
| 3 | 12/14/2005 | CIRCUIT CIVIL FILING FEE Receipt: 569127 Date: 12/14/2005 | |
| 4 | 12/15/2005 | SUMMONS ISSUED TO ATTY | 2 |
| 5 | 12/29/2005 | SUMMONS RETURNED SERVED ON WINN DIXIE | 4 |
| 6 | 01/13/2006 | ANSWER & AFFIRMATIVE DEFENSES | 5 |
| 7 | 01/17/2006 | NOTICE OF SERVICE OF INTERROGATORIES | 6 |
| 8 | 02/13/2006 | REQUEST FOR PRODUCTION | 7 |
| 9 | 02/13/2006 | NOTICE OF SERVICE OF INTERROGATORIES | 8 |
| 10 | 02/21/2006 | NOTICE OF PRODUCTION FROM NON-PARTY | 9 |
| 11 | 02/24/2006 | NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES | 10 |
| 12 | 02/24/2006 | RESPONSE TO REQUEST FOR PRODUCTION | 11 |
| 13 | 03/01/2006 | REQUEST FOR COPIES | 12 |
| 14 | 03/13/2006 | CERTIFICATE OF NON OBJECTION | 13 |
| 15 | 04/28/2006 | NOTICE OF PRODUCTION FROM NON-PARTY | 14 |
| 16 | 05/05/2006 | REQUEST FOR COPIES | 15 |
| | | CERTIFICATE OF NON OBJECTION | 16 |

| 17 | 05/16/2006 | | 17 |
|---|---|---|---|
| 18 | 09/15/2006 | NOTICE OF FILING NOTICE | 18 |
| 19 | 09/15/2006 | NOTICE OF COMMENCEMENT OF BANKRUPTCY CASES | |
| 20 | 09/19/2006 | CIVIL COUNT/PARTY DISPOSED BY OTHER MEANS | |

### EVENTS

No Information available - See Dockets

### FINANCIAL SUMMARY

| Rcd | Docket Application | Owed | Paid | Dismissed | Due |
|---|---|---|---|---|---|
| 1 | Filing Fee | $255.00 | $255.00 | $0.00 | $0.00 |
| | TOTAL | $255.00 | $255.00 | $0.00 | $0.00 |

### RECEIPTS

| Rcd | Date | Receipt | Received From | Payment Amount | Applied Amount | Change Returned |
|---|---|---|---|---|---|---|
| 1 | 12/14/2005 | 569127 | STEWART, DANIEL | $255.00 | $255.00 | $0.00 |

### TICKLERS

| Rcd | Entry Date | Description | Days Due | Due Date | Notices | Extensions | Completed Date |
|---|---|---|---|---|---|---|---|
| 1 | 12/13/2005 | SUMMONS - BUSINESS | 0 | 12/13/2005 | 0 | 0 | 12/15/2005 |
| 2 | 12/13/2005 | SUMMONS - NATURAL | 0 | 12/13/2005 | 0 | 0 | 12/15/2005 |
| 3 | 12/13/2005 | THIRD TICKLER | 0 | 12/13/2005 | 0 | 0 | 12/15/2005 |

### CITATIONS

None

### ADDITIONAL CIVIL

None

### CLAIMANTS

None

### ADDITIONAL FIELDS

None

[ Search Again ]

**Disclaimer**

While the Clerk's Office has attempted to preserve the accuracy of the online versions of the records, this information is not official and the Escambia County Clerk of Court will not be responsible for any inaccuracies that may be encountered.

For security and analytic purposes, information about searches conducted through the Internet index provided will be logged. Information collected from these logs will be used to maintain and improve this service.

By using this service, in any form, the user agrees to indemnify and hold harmless the Escambia County Clerk of Court and anyone involved in storing, retrieving, or displaying this information for any damage of any type that may be caused by retrieving this information over the Internet.

http://205.152.130.14/cv_web_1.asp?ulname=Watson&ufname=Catherine&ucasetype2=&ucase=&ucit=&ufromdate=&utodate=&ucasetype=

http://205.152.130.14/cv_web_1b.asp?ucase_id=36099421                                    4/12/2007

# EXHIBIT "C"

## AFFIDAVIT OF DAN STEWART, ESQ.

STATE OF FLORIDA          )
                          )
COUNTY OF SANTA ROSA      )

BEFORE ME, the undersigned authority personally appeared DAN STEWART, of the law firm of DAN STEWART, P.A., located at 4519 Highway 90, Pace, Florida 32571, who after being duly sworn under oath deposes and states as follows:

1. My name is DAN STEWART and I am the attorney representing Catherine Watson in a lawsuit arising out of an accident which occurred at Winn Dixie Stores, located at 155 S Highway 29, Cantonment, Florida, on September 10, 2005.

2. That the undersigned has been practicing law in the State of Florida since 1981 and has been located at the above address for approximately the last five (5) years.

3. That at no point did I receive any written or oral notice of any Bankruptcy Court Order or deadline from any counsel prior to the administrative claim bar of January 5, 2007.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DAN STEWART, ESQ., Affiant

The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this 18th day of April, 2007, by DAN STEWART, who personally appeared before me at the time of notarizations, and who is personally known or has produced _____ as identification and who did/did not take an oath.

BARBARA F. SPONBURGH
MY COMMISSION # DD 216123
EXPIRES: September 28, 2007
Bonded Thru Notary Public Underwriters

_____
NOTARY PUBLIC
My COMMISSION EXPIRES:_____

4