UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.    05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

## MOTION (1) FOR RELIEF FROM BAR DATE FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS, FROM SECTION 524 AND FROM ORDER CONFIRMING PLAN OF REORGANIZATION AND (II) TO ALLOW LATE FILED APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM OF CATHERINE WATSON
(Post-petition Personal Injury Claim)

Pursuant to Federal Rule of Bankruptcy Procedure 9024, Catherine Watson

("Claimant") moves the Court for an order granting her relief from the Notice of (A)

Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of

Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other

Administrative Claims ("Bar Notice"), for relief from Bankruptcy Code Section 524, for

relief from the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores,

Inc. And Affiliated Debtors ("Confirmation Order") and, pursuant to Sections 503(a) and

Rule 9006(b), authorizing the Claimant to file the Application for Allowance of

Administrative Expense Claim for Post-Petition Personal Injury attached hereto as

**Exhibit "A"** (the "Application"), and states as follows:

1

1.     On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code of the United Staes Bankruptcy Court for the Southern District of New York.

2.     By Order dated April 13, 2005, venue was transferred to the United Staes Bankruptcy Court for the Middle District of Florida.

3.     Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4.     On September 10, 2005, the Claimant suffered personal injury and damages when she was injured at the premises of the Debtor.  Damages sustained post-petition tort committed by the Debtor have administrative expense priority.

5.     On December 15, 2005, the Claimant initiated an action against the Debtor in the Circuit Court in and for Escambia County, Florida styled <u>Catherine Watson v. Winn Dixie Stores, Inc. d/b/a Winn Dixie #3498</u>, Case No.2005-CA-002312-D (the "Action").  A copy of the Complaint is attached hereto as **Exhibit "B"**.

6.     On November 9, 2006, this Court entered the Confirmation Order.  The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

7.     On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

8.    Dan Stewart, Esq. Did not receive notification from any attorney for the Debtor in the state court case identified in paragraph 5 herein advising of any pending bankruptcy matters or Bar Notices.

9.    Dan Stewart, Esq. did not receive notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims.  A copy of the Affidavit of Dan Stewart, Esq. Is attached as **Composite Exhibit "C"**.

10.    On February 9, 2007, David L. Gay ("Gay"), counsel to the Debtor, sent a letter to Stewart, a copy of which is attached as **Exhibit "D"** (the "Gay Letter").  The Gay Letter stated that the prosecution of the Action was in violation of the Bar Notice and Section 524 and requested dismissal of the Action.

11.    Stewart immediately responded to Gay by letter of February 13, 2007, a copy of which is attached as **Exhibit "E"**.

12.    Claimant has been prejudiced by the failure to receive notice of the bar date and by the lack of disclosure of the bar date in the Action or by state court counsel to the Debtor.

13.    The Debtor will not be prejudiced by the late filing of the Application because the Debtor has had actual knowledge of the Claimant's claim since at least September 10, 2005 (the date of injury - See the Customer Accident Reporting Form Submitted attached hereto as **Exhibit "F"** and the Applicant's recorded statement dated December 6, 2005 attached hereto as **Exhibit "G"**.

3

14.    Furthermore, the Debtor is estopped from asserting the Claimant's claim is barred as a result of the representations made by counsel to the Debtor as described above.

15.    Rule 9024 incorporates Federal Rule of Civil Procedure 60(b)(6), which provides that "On Motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order or proceeding for ... any other reason justifying relief from the operation of the judgment.

16.    The failure to receive notice and the representations of counsel warrant relief in favor of the Claimant from the Confirmation Order, the Bar Notice and Section 524.

17.    Section 503(a) allows a claimant to tardily file an administrative claim for cause. The deadline provdied in Section 503(a) is not jurisdictional and the term "cause" provides the bankruptcy court with wide discretion to allow belated administrative claim filings in the interests of justice. *In re Heartland Steel, Inc.*, 2003 WL 23100035 (Bankr. S.D. Ind. Dec. 16, 2003).

18.    The failure to receive notice and the representations of counsel are cuase to authorize Claimant to tardily file her Application.

19.    Rule 9006(b)(1) permits a court to allow late filed claims resulting from excusable neglect resulting from inadvertence, mistake or carelessness. *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993).

4

20.    "Excusable neglect" is an equitable concept requiring consideration of the danger of prejudice to the Debtor, the length of the delay and its impact on the judicial proceedings, the reason for the delay and movant's good faith. *Pioneer*.

21.    The failure to receive notice and the representations of counsel constitute excusable neglect warranting allowance of the late filing of the Application.

22.    The Debtor will not be prejudiced by the allowance of the late filed claim as the Debtor was aware of the Claimant's claim and any damages that are awarded pursuant to the Action will be paid in cash in accordance with the Joint Plan of Reorganization. Similarly, the delay between the bar date and Claimant's filing of this Motion and the Application has no impact on the Debtor.

23.    Furthermore, as a known creditor of the Debtor, the Claimant was entitled to actual notice of the claims bar date before her claim could be extinguished. *In re Hillsborough Holdings Corp*. 172 B.R. 108 (Bankr. M.D. Fla. 1994).

24.    Courts have consistently held that a late claim is barred if there is no notice of the claims bar date. *In re Premier Membership Services, LLC*, 276 B.R. 709, 713 (Bankr. S.D. Fla. 2002).

25.    As established by the Affidavits attached as **Exhibit "C"**, neither Dan Stewart received no notice of the administrative claims bar date.

26.    Although this Court cannot liquidate Claimant's personal injury claim, the Court has the authority to permit late filed administrative expense claims and to

5

determine whether a particular debt has been discharged.

WHEREFORE, pursuant to Rule 9024, the Claimant requests an order granting her relief from the Bar Notice, Section 524, and the Confirmation Order and, pursuant to Sections 503(a) and Rule 9006(b), authorizing the Claimant to file the Application and allow the claim to be liquidated in the Action.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served on **James Post, Esq.,** Smith, Hulsey & Busey, 225 Water Street, Ste. 180, Jacksonville, FL 32202, **Matthew Barr, Esq.,** Milbank, Tweed, Hadley and mcCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10006 and **John R. Buchholz, Esq.,** Kelley Kroneberg, 15600 N.W. 67th Ave., Ste. 204, Miami Lakes, FL 33014, this 18th day of April, 2007 by fax and regular U.S. Mail.

S/Daniel Stewart

_____

DANIEL STEWART
Florida Bar Number 319392
*Dan Stewart, P.A.*
4519 Highway 90
Pace, Florida 32571-2043
Phone 850/994-4887
Fax 850/994-4541
Attorney for the Claimant

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.   05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE
CLAIM FOR POST-PETITION PERSONAL INJURIES
BY CATHERINE WATSON**

Pursuant to 11 U.S.C. § 503, Catherine Watson ("Claimant") hereby requests that

the Court enter an Order approving this application for allowance of an administrative

expense claim, and as grounds therefore says:

1.     On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates

(collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy

Code in the United States Bankruptcy Court for the Southern District of New York.

2.     By Order dated April 13, 2005, venue was transferred to the United States

Bankruptcy Court for the Middle District of Florida.

3.     Since that time, the Debtor operated property and managed its business as

Debtor-in-Possession.

4.     On September 10, 2005, the Claimant suffered personal injury and

damages when she was injured at the premises of the Debtor.  Damages sustained from a

1

post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471 (1968).

5.      On December 15, 2005, the Claimant initiated an action against the Debtor in the Circuit Court in and for Escambia County, Florida styled <u>CATHERINE WATSON v. WINN-DIXIE STORES, INC. D/b/a WINN DIXIE STORE #498</u> (the "Action"). A copy of the Complaint is attached as **Exhibit "A"**.

6.      The action proceeded in the ordinary course - the pleadings were filed, discovery was being had and the parties were proceeding toward settlement negotiations and/or civil jury trial. A copy of the state court docket in respect to the Action is attached as **Exhibit "B"** (the "Docket").

8.      On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

9.      On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

10.     Dan Stewart did not receive notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims. A copy of the Affidavit of Dan Stewart is attached hereto as Composite **Exhibit "C"**.

WHEREFORE, Claimant requests that the Court enter an order approving this application for allowance of an administrative expense claim.

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served on **James Post, Esq.,** Smith, Hulsey & Busey, 225 Water Street, Ste. 180, Jacksonville, FL 32202, **Matthew Barr, Esq.,** Milbank, Tweed, Hadley and mcCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10006 and **John R. Buchholz, Esq.,** Kelley Kroneberg, 15600 N.W. 67th Ave., Ste. 204, Miami Lakes, FL 33014, this ___18th___ day of April, 2007 by fax and regular U.S. Mail.

S/Daniel Stewart

DANIEL STEWART
Florida Bar Number 319392
*Dan Stewart, P.A.*
4519 Highway 90
Pace, Florida 32571-2043
Phone 850/994-4887
Fax 850/994-4541
Attorney for the Claimant

# EXHIBIT "A"

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

CATHERINE WATSON,

      Plaintiff,

vs.

CASE NO. 2005- CA- 002312-D

WINN DIXIE STORES, INC. d/b/a
WINN DIXIE STORE #498

      Defendant.

_____/

## COMPLAINT

Plaintiff, CATHERINE WATSON, sues Defendant, WINN DIXIE STORES, INC., d/b/a

WINN DIXIE STORE #498, and says:

1. This is an action for damages that exceed $15,000.00.

2. On or about September 10, 2005, Defendant was the owner and in possession of a

~~business in Escambia County, Florida that was used as a supermarket known as Winn Dixie Sotre~~

3498 and located at 155 S Highway 29, Cantonment, Florida.

3. At that time and place, Plaintiff went on said property as a customer of the Defendant.

4. Defendant negligently maintained the floor in the produce department of said supermarket

so that Plaintiff was caused to slip and fall on lettuce and negligently failed to correct a dangerous

condition. Further, Defendant negligently failed to warn Plaintiff of a dangerous condition and

negligently failed to inspect the premises.

5. The negligent condition was created by the Defendant, known to Defendant or had existed

for a sufficient length of time so that Defendant should have known of it.

6. As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization,

medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, CATHERINE WATSON, demands, judgment for damages, costs, lost interest against Defendant and trial by jury.

DANIEL STEWART, ESQUIRE
DAN STEWART, P.A.
4519 Highway 90
Pace, FL 32571
(850) 994-4887
Attorney for Plaintiff
Florida Bar Number 319392

# EXHIBIT "B"

Escambia Clerk of the Circuit Court

# Escambia County Florida Clerk of the Circuit Court
## Courtviewer Records Search
### CASE

| | | | |
|---|---|---|---|
| **Case Number** | 2005 CA 002312 | **Case Judge** | ALLEN , MICHAEL |
| **Case Type** | CIRCUIT CIVIL | **File Date** | 12/13/2005 |
| **Case Action Code** | NEGLIGENCE | **Case Status** | CLOSED |

### PARTIES

| Rcd | Party Type | Name | Race | Gender | D.O.B. / D.O.D. |
|---|---|---|---|---|---|
| 1 | **Plaintiff** | **WATSON** , CATHERINE | | | |
| | | *Attorney: STEWART , DANIEL* | | | |
| 2 | **Defendant** | **WINN DIXIE STORES INC** | | | |
| | | *DBA : WINN DIXIE STORE #498* | | | |
| | | *Attorney: PALMER 3 , ROBERT C* | | | |

### CHARGES

None

### DISPOSITIONS

| Rcd | Status | Status Date | Disposition Code | Disp Date | Judge |
|---|---|---|---|---|---|
| 1 | CLOSED | 12/13/2005 | Other - **CIVIL** | 09/15/2006 | ALLEN , MICHAEL |

### DOCKETS

| Rcd | Date | Description | Document Tag # |
|---|---|---|---|
| 1 | 12/13/2005 | COMPLAINT/PETITION FILED | 1 |
| 2 | 12/13/2005 | CIVIL COVER SHEET | 3 |
| 3 | 12/14/2005 | CIRCUIT CIVIL FILING FEE Receipt: 569127 Date: 12/14/2005 | |
| 4 | 12/15/2005 | SUMMONS ISSUED TO ATTY | 2 |
| 5 | 12/29/2005 | SUMMONS RETURNED SERVED ON WINN DIXIE | 4 |
| 6 | 01/13/2006 | ANSWER & AFFIRMATIVE DEFENSES | 5 |
| 7 | 01/17/2006 | NOTICE OF SERVICE OF INTERROGATORIES | 6 |
| 8 | 02/13/2006 | REQUEST FOR PRODUCTION | 7 |
| 9 | 02/13/2006 | NOTICE OF SERVICE OF INTERROGATORIES | 8 |
| 10 | 02/21/2006 | NOTICE OF PRODUCTION FROM NON-PARTY | 9 |
| 11 | 02/24/2006 | NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES | 10 |
| 12 | 02/24/2006 | RESPONSE TO REQUEST FOR PRODUCTION | 11 |
| 13 | 03/01/2006 | REQUEST FOR COPIES | 12 |
| 14 | 03/13/2006 | CERTIFICATE OF NON OBJECTION | 13 |
| 15 | 04/28/2006 | NOTICE OF PRODUCTION FROM NON-PARTY | 14 |
| 16 | 05/05/2006 | REQUEST FOR COPIES | 15 |
| | | CERTIFICATE OF NON OBJECTION | 16 |

Escambia Clerk of the Circuit Court

| 17 | 05/16/2006 | | 17 |
| 18 | 09/15/2006 | NOTICE OF FILING NOTICE | 18 |
| 19 | 09/15/2006 | NOTICE OF COMMENCEMENT OF BANKRUPTCY CASES | |
| 20 | 09/19/2006 | CIVIL COUNT/PARTY DISPOSED BY OTHER MEANS | |

## EVENTS

No Information available - See Dockets

## FINANCIAL SUMMARY

| Rcd | Docket Application | Owed | Paid | Dismissed | Due |
|---|---|---|---|---|---|
| 1 | Filing Fee | $255.00 | $255.00 | $0.00 | $0.0C |
| | **TOTAL** | **$255.00** | **$255.00** | **$0.00** | **$0.00** |

## RECEIPTS

| Rcd | Date | Receipt | Received From | Payment Amount | Applied Amount | Change Returned |
|---|---|---|---|---|---|---|
| 1 | 12/14/2005 | 569127 | STEWART, DANIEL | $255.00 | $255.00 | $0.0C |

## TICKLERS

| Rcd | Entry Date | Description | Days Due | Due Date | Notices | Extensions | Completed Date |
|---|---|---|---|---|---|---|---|
| 1 | 12/13/2005 | SUMMONS - BUSINESS | 0 | 12/13/2005 | 0 | 0 | 12/15/2005 |
| 2 | 12/13/2005 | SUMMONS - NATURAL | 0 | 12/13/2005 | 0 | 0 | 12/15/2005 |
| 3 | 12/13/2005 | THIRD TICKLER | 0 | 12/13/2005 | 0 | 0 | 12/15/2005 |

## CITATIONS

None

## ADDITIONAL CIVIL

None

## CLAIMANTS

None

## ADDITIONAL FIELDS

None

[ Search Again ]

### Disclaimer

While the Clerk's Office has attempted to preserve the accuracy of the online versions of the records, this Information is not official and the Escambia County Clerk of Court will not be responsible for any inaccuracies that may be encountered.

For security and analytic purposes, information about searches conducted through the Internet Index provided will be logged. Information collected from these logs will be used to maintain and improve this service.

By using this service, in any form, the user agrees to indemnify and hold harmless the Escambia County Clerk of Court and anyone involved in storing, retrieving, or displaying this information for any damage of any type that may be caused by retrieving this information over the Internet.

http://205.152.130.14/cv_web_1.asp?
ulname=Watson&ufname=Catherine&ucasetype2=&ucase=&ucit=&ufromdate=&utodate=&ucasetype=

# EXHIBIT "C"

## AFFIDAVIT OF DAN STEWART, ESQ.

STATE OF FLORIDA       )
                              )
COUNTY OF SANTA ROSA   )

      BEFORE ME, the undersigned authority personally appeared DAN STEWART, of the law firm of DAN STEWART, P.A., located at 4519 Highway 90, Pace, Florida 32571, who after being duly sworn under oath deposes and states as follows:

      1.     My name is DAN STEWART and I am the attorney representing Catherine Watson in a lawsuit arising out of an accident which occurred at Winn Dixie Stores, located at 155 S Highway 29, Cantonment, Florida, on September 10, 2005.

      2.     That the undersigned has been practicing law in the State of Florida since 1981 and has been located at the above address for approximately the last five (5) years.

      3.     That at no point did I receive any written or oral notice of any Bankruptcy Court Order or deadline from any party prior to the administrative claim bar of January 5, 2007.

      FURTHER AFFIANT SAYETH NAUGHT.

                          DAN STEWART, ESQ., Affiant

      The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this 18th day of April, 2007, by DAN STEWART, who personally appeared before me at the time of notarizations, and who is personally known or has produced _____ as identification and who did/did not take an oath.

BARBARA F. SPONBURGH
MY COMMISSION # DD 216123
EXPIRES: September 28, 2007
Bonded Thru Notary Public Underwriters

NOTARY PUBLIC
My COMMISSION EXPIRES:_____

4

# EXHIBIT "B"

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

CATHERINE WATSON,

      Plaintiff,

vs.

CASE NO. 2005- CA- 002312-D

WINN DIXIE STORES, INC. d/b/a
WINN DIXIE STORE #498

      Defendant.

_____/

## COMPLAINT

Plaintiff, CATHERINE WATSON, sues Defendant, WINN DIXIE STORES, INC., d/b/a

WINN DIXIE STORE #498, and says:

1. This is an action for damages that exceed $15,000.00.

2. On or about September 10, 2005, Defendant was the owner and in possession of a

business in Escambia County, Florida that was used as a supermarket known as Winn Dixie Sotre

3498 and located at 155 S Highway 29, Cantonment, Florida.

3. At that time and place, Plaintiff went on said property as a customer of the Defendant.

4. Defendant negligently maintained the floor in the produce department of said supermarket

so that Plaintiff was caused to slip and fall on lettuce and negligently failed to correct a dangerous

condition. Further, Defendant negligently failed to warn Plaintiff of a dangerous condition and

negligently failed to inspect the premises.

5. The negligent condition was created by the Defendant, known to Defendant or had existed

for a sufficient length of time so that Defendant should have known of it.

6. As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization,

medical and nursing care and treatment, loss of earnings, loss of ability to earn money and

aggravation of a previously existing condition. The losses are either permanent or continuing and

Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, CATHERINE WATSON, demands, judgment for damages, costs,

lost interest against Defendant and trial by jury.

DANIEL STEWART, ESQUIRE
DAN STEWART, P.A.
4519 Highway 90
Pace, FL 32571
(850) 994-4887
Attorney for Plaintiff
Florida Bar Number 319392

# EXHIBIT "C"

## AFFIDAVIT OF DAN STEWART, ESQ.

STATE OF FLORIDA         )
                              )
COUNTY OF SANTA ROSA   )

     BEFORE ME, the undersigned authority personally appeared DAN STEWART, of the law firm of DAN STEWART, P.A., located at 4519 Highway 90, Pace, Florida 32571, who after being duly sworn under oath deposes and states as follows:

     1.      My name is DAN STEWART and I am the attorney representing Catherine Watson in a lawsuit arising out of an accident which occurred at Winn Dixie Stores, located at 155 S Highway 29, Cantonment, Florida, on September 10, 2005.

     2.      That the undersigned has been practicing law in the State of Florida since 1981 and has been located at the above address for approximately the last five (5) years.

     3.      That at no point did I receive any written or oral notice of any Bankruptcy Court Order or deadline from ~~any party~~ *any counsel* prior to the administrative claim bar of January 5, 2007.

     FURTHER AFFIANT SAYETH NAUGHT.

                               _____
                               DAN STEWART, ESQ., Affiant

     The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this 18 day of April, 2007, by DAN STEWART, who personally appeared before me at the time of notarizations, and who is personally known or has produced _____ as identification and who did/did not take an oath.

BARBARA F. SPONBURGH
MY COMMISSION # DD 216123
EXPIRES: September 28, 2007
Bonded Thru Notary Public Underwriters

                               NOTARY PUBLIC
                               My COMMISSION EXPIRES:_____

4

# EXHIBIT "D"

LAW OFFICES

# SMITH  HULSEY  &  BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
BEAU BOWIN
DAVID D. BURNS
STEPHEN D. BUSEY
CHARMAINE T. M. CHIU
ERIC W. ENSMINGER
J. RICE FERRELLE, JR.
EARL E. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
CHARLES H. KELLER
G. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
E. OWEN McCULLER, JR.
ERIC N. McKAY
MATTHEW P. McLAUCHLIN
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND M. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY RUSSELL
ELIZABETH H. SCHULE
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
LEE D. WEDEKIND, III
HARRY M. WILSON, III
ALLAN E. WULBERN

LLOYD SMITH
(1915-1987)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

February 9, 2007

Daniel Stewart, Esq.
P.O. Box 696
Milton, FL 32572

Re:     In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy
        Court, Middle District of Florida, Jacksonville Division; Case No. 05-
        03817-3F1, Chapter 11, Jointly Administered

        Catherine Watson v. Winn-Dixie Stores, Inc., in the First Judicial Circuit
        Court in and for Escambia County Florida Case No. 2005-CA-002312

Dear Mr. Stewart:

This firm represents Winn-Dixie Stores, Inc. in the referenced Chapter 11 proceedings.

We have been advised that you are presently prosecuting the referenced state court action in violation of the Administrative Claims Bar Date established by the Bankruptcy Court in the referenced case. For the reasons set forth below, your continued prosecution of the state court action is in violation of the permanent injunction provisions of Section 524 of the Bankruptcy Code and the Bankruptcy Court's Confirmation Order.

On February 21, 2005, Winn-Dixie Stores, Inc. and its affiliates (the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. On November 21, 2006, the Bankruptcy Court entered an order confirming the Joint Plan of Reorganization filed by the Debtors, as modified (the "Plan").

Pursuant to Section 1141(d) of the Code, the order confirming the Plan (the "Confirmation Order") discharged the Debtors from all debts arising prior to Confirmation, including all debts or claims arising against the Debtors between February 21, 2005 and November 21, 2006 ("Administrative Expense Claims"). Each creditor whose claim has been discharged is now barred, pursuant to Section 524(a) of the Code, from instituting or continuing any action or employing any process against the Debtors to collect or recover



LAW OFFICES

SMITH HULSEY & BUSEY

Daniel Stewart, Esq.
February 9, 2007
Page 2

such debts. Any action taken or order entered with respect to any discharged debt without Bankruptcy Court authorization is void as a matter of law.

Pursuant to the Confirmation Order, an Administrative Claims Bar Date Notice was sent to all parties in interest, including your client, advising them that administrative expense claims must be filed with the Bankruptcy Court on or before January 5, 2007 and that the failure to do so would result in their claim being time-barred and relinquished. The Administrative Expense Claim Bar Date Notice was also published in national and regional newspapers.

No timely application for an administrative expense claim was filed by or on behalf of Ms. Watson with the Bankruptcy Court. As a result, the claim she is now asserting in the referenced state court action is time-barred and relinquished as set forth in the Confirmation Order.

Accordingly, your continued prosecution of the state court action against the Debtor is in violation of Section 524 of the Code and the Bankruptcy Court's Confirmation Order. We therefore demand that you dismiss the referenced state court action at this time. If you continue to prosecute the state court action, we will file a complaint against you and your client in the Bankruptcy Court for sanctions and take such other actions as are appropriate.[1]

Please call me if you have any questions regarding this matter.

Very truly yours,

David L. Gay

By facsimile and mail
(850) 994-4541
c: Robert C. Palmer, III, Esq.
DLG/mam/00557043

---

[1] We understand that a motion to allow a late filed application for administrative expense claim may have been filed with the Bankruptcy Court on behalf of your client. Please be advised that the filing of such a motion does not, by itself, have any legal effect on the foregoing -- unless and until the Bankruptcy Court enters an order granting such a motion, you are precluded by law from taking any action in prosecution of the state court action.

# EXHIBIT "E"





# Dan Stewart, PA
## Attorney at Law

*Protecting Your Legal Rights Since 1981*

Tax ID 59-2245923

dan@stewartlawfirm.com

4519 Highway 90

Pace, Florida 32571

(850) 994-4887

(850) 936-9648

(Fax) 994-4541

February 13, 2007

**VIA FAX/U.S. MAIL**

David L. Gay, Esq.
Smith, Hulsey & Busey
1800 Wachovia Bank Tower
P.O. Box 53315
Jacksonville, FL 32201-3315

RE:   **Catherine Watson v. Winn Dixie Stores, Inc.**

Dear Mr. Gay:

I am in receipt of your letter dated February 9, 2007. Please be advised that we filed for appropriate leave with the bankruptcy court and are not pursuing an action in state court.

Sincerely,

Dan Stewart

DS:bfs

# EXHIBIT "F"

**mgr1-0498**

**From:**    mgr1-0498@retail.winn-dixie.com
**Sent:**    Saturday, September 10, 2005 6:17 PM
**To:**      WD Jax Claims; Safety Administrators; mgr1-0498@retail.winn-dixie.com
**Subject:** Customer Accident Reported 9/10/2005 7:17:11 PM

## Customer Accident Reporting Form Submitted

Submitted at 9/10/2005 7:17:11 PM by mgr1-0498@retail.winn-dixie.com

From:          mgr1-0498@retail.winn-dixie.com

| Region: | New Orleans | Location #: | 0498 |
|---------|-------------|-------------|------|
| Department: | produce | Mgr. on Duty: | lee golden |
| Incident Date: | 09/10/2005 | Incident Time: | 600 pm |
| Notified Date: | 09/10/2005 | Reported By: | lee golden |
| Store Phone: | (850) 968-3388 | Title: | asst. mgr |

## Customer Information

| Customer Name: | catherine watson | | |
|----------------|------------------|--|--|
| Address: | 870 highway 29 n. apt 84 | | |
| City, State Zip: | cantonment , fl 32533 | | |
| Home Phone: | (850) 937-8870 | Work Phone: | () - |
| DOB: | 09/22/1946 | Gender: | Female |

## Incident

| Description: | | | |
|--------------|--|--|--|
| slipped on lettuce in produce | | | |
| Witness: | dorothy henderson | Phone Number: | (850)602-4382 |
| Witness: | | Phone Number: | ()- |
| Cause of Injury: (i.e.: slip/fall, trip/fall) | | slip/fall | |
| Body Part Injured: (i.e.: knee, lower back) | | rt. knee lft elbow | |
| Nature of Injury: (i.e.: cut, bruise | | bruise | |
| If Slip/Fall, Condition of Floors | | dry | |
| Was Equipment Involved?: | | No | |
| Vendor/3rd Party Involved?: | | No | |
| Photographs Taken?: | | No | |
| Was EMS Called? | No | Customer Transported? | No |
| First Aid Given? | No | | |
| Comments of Customer: | | | |

slipped in produce on some lettuce need to keep floor clean

# EXHIBIT "G"

1511211730-0001-01 12/06/2005 CM RICHARDL
NON RECORDED STATEMENT

Today's date: December 6, 2005
Claim number: A511211730
Attorney's name: Dan Stewart
Customer's name: Catherine Watson
Address: 870 Highway 29 N., Apt. 84
          Cantonment, Florida 32533
DOB: 9/22/46
SSN:  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
Store Number: 498
Store Address:    155 S. Hwy 29
               Cantonment, Florida 32533
Date of incident: 9/10/05
What time of day did this happen? 6:00pm
Married? If so name of your spouse's name:,
Leonard Eugene Watson
Dependents: None
Employed: No
Who do you work for? n/a
What kind of work do you do for them
What is you income? n/a
Have you missed any work because of this
incident? n/a

------------------------------------ NOTES ----------------

vent/Clmnt/Claim   Date      Tp Examiner
------------------ --------- -- ------------------------------------------------

Your height: 4' 7"
Your weight: 197 lbs
What were you wearing? Pants and blouse for
church
What kind of shoes? Patent leather, low heal
dress shoes for church
Was anyone with you? No
In your own words tell what happened: Came in
the store and went to the produce area to her
left. Picked up some baby carrots, cherry
tomatoes, and was in the area of the leafy
vegetable when she suddenly did the splits, one
leg forward and the other back and was on the
floor. She says she wound up on her back lying
on the floor. Another workman customer named
Dorothy came to her and then helped her get up.
She stood there a while before the manager
came. She then went with the manager and filled
out a report. She checked out and went church.
At the store she noticed her right knee and
lower back hurting. She did not ask for any
medical help and none was offered. The next day
she said hurt all over very bad. Her knee,
lower back, shoulder and her thumbs. She went
to her doctor and had to see the other doctor
in the office as her regular doctor was not
available at that time. She was examined and
x-rayed from head to toe. She claims she has
bulged disks in her back now, has had her left
thumb tendon replaced, has to have a knee
replacement, and is going to have the other
thumb operated on as well. She admits to having
arthritis problems before this but it never
hurt like it does now. She also admits to an
auto accident several years ago with injury to
her lower back in that accident. She went to
church after the incident and some of the
people at church notice she seemed dizzy and
asked her if she was alright. She told them
about falling in Winn Dixie and they helped her
sit down and rest.
What was the weather like at the time? Nice
Are you a regular shopper at this store? Yes,
shops there several times a week.
How was the traffic inside the store? Average
Where in or around the store did this incident
happen? Produce department, near the green
leafy products.

```
---------------------------------- NOTES ----------------------------------

vent/Clmnt/Claim  Date      Tp Examiner
-----------------  --------  -- ----------------------------------------------
```

What was your reason for going to this store?
Get some produce, baby carrots, cherry
tomatoes, etc.
What is the floor made of? Tile with mats.
What was the condition of the floor? Green
leafy things all over the floor
Were you carrying anything? Carrots and cherry
tomatoes
Were you pushing a cart or buggy? No
Did you see anything on the floor before you
fell? No
Did you see anything on the floor after you
fell? Yes, green leafy things and wetness.
Do you know what was on the floor? Some kind of
green leafy things
Do you know how long it was on the floor? No
Do you know where the liquid or object came
from? Appeared to be a box of the leafy things
on the floor.
Were there any tracks or foot prints on or
around the liquid? Did not look for any.
Was the liquid clear and clean looking or was
it dirty? n/a
What color was the liquid or object on the
floor? Green
What is the color of the floor? Did not recall
the color of the floor
Were there any wet floor signs or warning signs
near this? No
Were there any witnesses? Did not know if the
other customer saw it or just came to her after
it happened.
How soon did the witness(es) arrive after the
accident? Soon
Did anyone assist or help you? Dorothy, another
customer.
Were there any employees in the area? Not that
she saw and no one came for quite a while
Are you required to wear eyeglasses?
Do you use any kind of walking aid? No
Did you drink any alcoholic drinks before this
incident? No
Were you on any kind of medication or drugs at
the time? No
Did you hit your head on anything? No
Did you loose consciousness at any time? Not
sure
Was first aid offered or provided? From who? No

```
----------------------------------- NOTES -----------------------------------

vent/Clmnt/Claim  Date          Tp Examiner
------------------  ----------  ----------------------------------------------

                                Did you ask them to call for medical help? No
                                Were you able to continue shopping? No, checked
                                out after doing report and went to church.
                                [Time Note Created :11:38 AM ]
----------------------------------------------------------------------------
```