# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

IN RE:

WINN-DIXIE STORES, INC., et al,

CASE NO.: 05-03817-3F1

Debtor.

## MOTION TO ALLOW LATE FILED APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM
SHARON MURRAY

**COMES NOW**, the Applicant, **SHARON MURRAY**, by and through her undersigned seeks leave of Court to file a late application for allowance of an administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. §503(b). Applicant requests the entry of an Order allowing the late filing of the application for administrative expenses pursuant to the Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In Support of the Motion, Applicant states as follows:

1. On or about August 4, 2006, applicant sustained injuries at the Debtor's store number 2602.

2. Applicant retained the law firm of Charlie J. Gillete, Jr., P.A., to prosecute her personal injury claim against the Debtor.

3. Neither the Applicant, nor her personal injury attorney, Mr. Gillette, received any

1

notice about the deadline to file an application for administrative expenses or about the need to file such application.

4. Applicant filed her claim with Sedgwick Claims Management Services, Inc. and her claim was assigned to one Richard Law.

5. Applicant and her personal injury were recently informed by Segdwick Claims Management Services, that an application for administrative expenses needed to be filed by January 5, 2007.

6. In Chapter 11 cases, the doctrine of "excusable neglect" under Bankruptcy Rule 9006(b)(1) provides for allowance of late filed claims caused by inadvertence, mistake or carelessness. See *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993). The determination of what constitutes excusable neglect is "an equitable one, taking into account all relevant circumstances, including: (i) the danger of prejudice to the debtor, (ii) the length of the delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, including whether it was in the reasonable control of the movant, and (iv) whether the movant acted in good faith." *In re Harrell*, 325 B.R. 643, 646 (Bank. M.D. Fla. 2005).

7. The Debtor herein will not be prejudiced in any way by the filing of the proposed application as Debtor already had actual knowledge of the amount and nature of the claim due.

8. The Applicant herein has acted in good faith at all times and the benefit of allowing her to file a late application greatly outweighs any inconvenience or detriment to the Debtor.

**WHEREFORE,** based upon the foregoing, Applicant requests that the Court enter an order to allow her to file the attached application for allowance and payment of administrative expenses for

post-petition personal injury claim, to deem the application attached herewith as filed, and for such other relief as it deems just and proper.

Respectfully submitted,

_____
REHAN N. KHAWAJA, ESQUIRE
Florida Bar No. 0064025
817 North Main Street
Jacksonville, Florida 32202-3094
Telephone:   (904) 355-8055
Facsimile:    (904) 355-8058

Attorney for Applicant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20th, 2007, I filed this **MOTION TO ALLOW LATE FILED APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM** along with the **APPLICATION APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system, which will cause a copy to be served on **James H. Post, Esquire**, Counsel for the Reorganized Debtors, **Matthew Barr, Esquire** and **John MacDonald, Esquire**, Counsel for the Post-Effective Date Committee, **Elena L. Escamilla, Esquire**, Counsel for the Office of the United States Trustee, and all other parties participating in the CM/ECF System, all served electronically.

*/s/ Rehan N. Khawaja*
REHAN N. KHAWAJA, ESQUIRE
Florida Bar No: 0064025

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

IN RE:

WINN-DIXIE STORES, INC., et al.,

CASE NO.: 05-03817-3F1

Debtor.

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
SHARON MURRAY

**COMES NOW**, SHARON MURRAY ("Applicant"), by and through her undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C.§ 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C.§§ 157 and 1334. Venue is proper pursuant to 28 U.S.C.§ 157 (b)(2).

### FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc., et al. ("the Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

1

3. After the Petition Date and on or about August 4, 2006, Applicant was injured at the Winn-Dixie Store, Store # 2602, located in Florida. As a proximate result of the injury, Applicant has suffered severe damages totaling at least $15,000.00, which are not fully liquidated, but which damages Applicant can support through medical records and other proof.

## APPLICANT CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate...". 11 U.S.C. § 503(b). It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown*, 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.* 169 B.R. 766 (Bankr. S.D. Fla 1994); *Matter of Jartran, Inc.*, 732 F. 2d 584, 587 (7th Cir. 1984); *Siedle v. United States (In re Airlift)*, 97 B.R. 664, 668 (Bankr. S.D. Fla 1989).

5. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim totaling at least **$15,000.00** is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

2

**Rehan N. Khawaja, Esquire**
Bankruptcy Law Offices of Rehan N. Khawaja
817 North Main Street
Jacksonville, Florida 32202

and

**Charlie J. Gillette, Jr., Esquire**
Charlie J. Gillette, Jr., P.A.
603 North Market Street
Jacksonville, Florida 32202

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

/s/ Rehan N. Khawaja
REHAN N. KHAWAJA, ESQUIRE
Florida Bar No: 0064025
817 North Main Street
Jacksonville, Florida 32202-3094
Telephone:    (904) 355-8058
Facsimile:    (904) 355-8058

Attorney for Applicant