UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

WINN DIXIE STORES, et al.

Debtors.
_____/

CASE NO.: 05-03817-3F1
(*Jointly Administered*)

CHAPTER 11

**MOTION (I) FOR RELIEF FROM BAR DATE FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS, FROM SECTION 524 AND FROM ORDER CONFIRMING PLAN OF REORGANIZATION AND (II) TO ALLOW LATE FILED APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM OF CARRIE WILLIAMS AND DEVON WILLIAMS**
(Post-petition Personal Injury Claim)

Pursuant to Federal Rule of Bankruptcy Procedure 9024, Carrie Williams and Devon Williams ("Claimants") move the Court for an order granting them relief from the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims ("Bar Notice"), for relief from Bankruptcy Code Section 524, for relief from the Order Confirming Joint Plan of Reorganization of Winn Dixie Stores, Inc. and Affiliated Debtors ("Confirmation Order") and, pursuant to Sections 503(a) and Rule 9006(b), authorizing the Claimants to file the Application for Allowance of Administrative Expense Claim for Post-Petition Personal Injury attached hereto as Exhibit 1 (the "Application"), and states as follows:

1. On February 21, 2005, Winn Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy

CASE NO.: 05-03817-3F1

Court for the Middle District of Florida.

3.  Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4.  On April 10, 2005, Carrie Williams suffered a personal injury and damages when she was injured at the premises of the Debtor. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown, 391* U.S. 471 (1968).

5.  On March 22, 2007, the Claimants initiated an action against the Debtor in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County styled Carrie Williams and Devon Williams versus Winn-Dixie Stores, Inc., Case No. 07-07155-CA-25 (the "Action"). A copy of the Complaint is attached as Exhibit A to the Application.

6.  On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

7.  On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

8.  Between May 2005 and April 11, 2007, the Claimants, via their state court counsel in the Action, namely Dan Bandklayder, Esq., were negotiating a settlement with Sedgwick Claims Management Services, Inc. ("Sedgwick"). *See* the Affidavit of Dan Bandklayder, Esq., attached as Exhibit "B" to the Application. Sedgwick is the Debtor's insurance claims management service.

9.  Between November 9, 2006, and April 11, 2007, neither the Claimants nor their state court counsel in the Action, Mr. Bandklayder, received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims from Sedgwick or Winn Dixie

CASE NO.: 05-03817-3F1

Stores.[1] *See* the Affidavit of Mr. Bandklayder and the Affidavits of the Claimants, attached as Exhibits "B" and "C" to the Application, respectively.

10. Despite the foregoing, on April 11, 2007, Sedgwick mailed Mr. Bandklayder a letter (the "Sedgwick Letter") advising him that the deadline to file administrative expense claims had expired on January 5, 2007, and as a result Sedgwick could not consider the Claimants' claims. A copy of the Sedgwick Letter is attached as Exhibit "D" to the Application.

11. Immediately upon receipt of the Sedgwick Letter, Mr. Bandklayder contacted the undersigned.

12. Claimants have been prejudiced by the failure to receive notice of the bar date and by the lack of disclosure of the bar date in the Action or by Sedgwick, who had been attempting to settle the Claimants' claims since May 2005.

13. The Debtor will not be prejudiced by the late filing of the Application because the Debtor has had actual knowledge of Claimants' claims since at least May 2005 and the Debtor, through Sedgwick, has been attempting to settle the Claimants' claims.

14. Rule 9024 incorporates Federal Rule of Civil Procedure 60(b)(6), which provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal

---

[1] However, on April 2, 2007, Mr. Bandklayder did receive a letter from David Gay, Esq. (the "Gay Letter"), regarding another personal injury case that Mr. Bandklayder filed, on behalf Reinaldo Perez and Taeme Perallo, against Winn Dixie Stores (the "Perez Action"). A copy of the Gay Letter is attached as Exhibit "E" to the Application. The Gay Letter stated that the prosecution of the Perez Action was in violation of the Bar Notice and Section 524 and requested dismissal of the Perez Action. Irrespective of Mr. Bandklayder's notice of the Bar Notice on April 2, 2007, via the Gay Letter, such notice was still received by Mr. Bandklayder past the deadline to file an administrative claim.

CASE NO.: 05-03817-3F1

representative from a final judgment, order, or proceeding for ... any other reason justifying relief from the operation of the judgment."

15. The failure to receive notice warrants relief in favor of the Claimants from the Confirmation Order, the Bar Notice and Section 524.

16. Section 503(a) allows a claimant to tardily file an administrative claim for cause. The deadline provided in Section 503(a) is not jurisdictional and the term "cause" provides the bankruptcy court with wide discretion to allow belated administrative claim filings in the interests of justice. *In re Heartland Steel, Inc.*, 2003 WL 23100035, pg. 2 (Bankr. S. D. Ind. Dec. 16, 2003).

17. The failure to receive notice are cause to authorize Claimants to tardily file their Application.

18. Rule 9006(b)(1) permits a court to allow late filed claims resulting from excusable neglect resulting from inadvertence, mistake or carelessness. *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 389 (1993).

19. "Excusable neglect" is an equitable concept requiring consideration of the danger of prejudice to the Debtor, the length of the delay and its impact on the judicial proceedings, the reason for the delay and movant's good faith. *Id.*

20. The failure to receive notice constitute excusable neglect warranting allowance of the late filing of the Application.

21. The Debtor will not be prejudiced by the allowance of the late filed claim as the Debtor was aware of the Claimants' claims and any damages that are awarded pursuant to the Action will be paid in cash in accordance with the Joint Plan of Reorganization. Similarly, the delay

CASE NO.: 05-03817-3F1

between the bar date and Claimants filing of this Motion and the Application has no impact on the Debtor.

22.     Furthermore, as a known creditor of the Debtor, the Claimants were entitled to actual notice of the claims bar date before their claim could be extinguished. *In re Hillsborough Holdings Corp.,* 172 B.R. 108, 110 (Bankr. M.D. Fla. 1994).

23.     Courts have consistently held that a late claim is not barred if there is no notice of the claims bar date. *In re Premier Membership Services, LLC,* 276 B.R. 709, 713 (Bankr. S.D. Fla. 2002).

24.     As established by the Affidavits attached as Exhibits "B" and "C" to the Application, neither Mr. Bandklayder or the Claimants received notice of the administrative claims bar date.

25.     The Debtor was not discharged from the debt of the Claimants, who was known to the Debtor, and who failed to receive notice of the administrative claims bar date. *In re Spring Valley Farms, Inc.,* 863 F. 2d 832,835 (11th Cir.1989).

26.     Although this Court cannot liquidate Claimant's personal injury claim, the Court has the authority to permit late filed administrative expense claims and to determine whether a particular debt has been discharged.

WHEREFORE, pursuant to Rule 9024, the Claimants request an order granting them relief from the Bar Notice, Section 524, and the Confirmation Order and, pursuant to Sections 503(a) and Rule 9006(b), authorizing the Claimants to file the Application and allow the claim to be liquidated in the Action.

CASE NO.: 05-03817-3F1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished electronically upon all parties where indicated and via U.S. Regular mail on all parties listed below on the 20th day of April, 2007:

James Post, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201
Via email: jpost@smithhulsey.com

Cynthia C. Jackson, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201
Via email: cjackson@smithhulsey.com

John B. MacDonald, Esquire
Akerman Senterfitt
50 North Laura Street, Suite 2500
Jacksonville, FL 32202

Elena L. Escamilla, Esquire/U.S. Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL 32801

Matthew Barr, Esquire
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Via email: mbarr@milbank.com

David J. Baker, Esquire
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036
Via email: djbaker@skadden.com

Winn-Dixie Stores, Inc.
5050 Edgewood Street
Jacksonville, FL 32254-3699

   s/ Daniel N. Gonzalez
Daniel N. Gonzalez, Esquire
Fla. Bar No: 0592749
Dgonzalez@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
Attorneys for the Claimants

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

WINN DIXIE STORES, et al.

Debtors.
_____/

CASE NO.: 05-03817-3F1
(*Jointly Administered*)

CHAPTER 11

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM FOR POST-PETITION PERSONAL INJURIES BY CARRIE WILLIAMS AND DEVON WILLIAMS

Pursuant to 11 U.S.C. § 503, Carrie Williams and Devon Williams ("Claimants") hereby request that the Court enter an Order approving this application for allowance of an administrative expense claim, and as grounds therefore state as follows:

1. On February 21, 2005, Winn Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3. Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4. On April 10, 2005, Carrie Williams suffered a personal injury and damages when she was injured at the premises of the Debtor. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471 (1968).

5. On March 22, 2007, the Claimants initiated an action against the Debtor in the Circuit

**Exhibit "1"**

CASE NO.: 05-03817-3F1

Court for the Seventeenth Judicial Circuit in and for Broward County styled Carrie Williams and Devon Williams versus Winn Dixie Stores, Inc., Case No. 07-07155-CA-25 (the "Action"). A copy of the Complaint is attached as Exhibit A.

6. On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

7. On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

8. Between May 2005 and April 11, 2007, the Claimants, via their state court counsel in the Action, namely Dan Bandklayder, Esq., were negotiating a settlement with Sedgwick Claims Management Services, Inc. ("Sedgwick"). *See* the Affidavit of Dan Bandklayder, Esq., attached as Exhibit "B." Sedgwick is the Debtor's insurance claims management service.

9. Between November 9, 2006, and April 11, 2007, neither the Claimants nor their state court counsel in the Action, Mr. Bandklayder, received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims.[1] *See* the Affidavit of Mr. Bandklayder and the Affidavits of the Claimants, attached as Exhibits "B" and "C," respectively.

10. Despite the foregoing, on April 11, 2007, Sedgwick mailed Mr. Bandklayder a letter

---

[1] However, on April 2, 2007, Mr. Bandklayder did receive a letter from David Gay, Esq. (the "Gay Letter"), regarding another personal injury case that Mr. Bandklayder filed, on behalf Reinaldo Perez and Taeme Perallo, against Winn Dixie Stores (the "Perez Action"). A copy of the Gay Letter is attached as Exhibit "D." The Gay Letter stated that the prosecution of the Perez Action was in violation of the Bar Notice and Section 524 and requested dismissal of the Perez Action. Irrespective of Mr. Bandklayder's notice of the Bar Notice on April 2, 2007, via the Gay Letter, such notice was still received by Mr. Bandklayder past the deadline to file an administrative claim.

CASE NO.: 05-03817-3F1

(the "Sedgwick Letter") advising him that the deadline to file administrative expense claims had expired on January 5, 2007, and as a result Sedgwick could not consider the Claimants' claims. A copy of the Sedgwick Letter is attached as Exhibit "E."

WHEREFORE, the Claimants request that this Court enter an Order approving this application for allowance of an administrative expense claim.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished electronically upon all parties where indicated and via U.S. Regular mail on all parties listed below on the 20th day of April, 2007:

| | |
|---|---|
| James Post, Esquire<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32201<br>Via email: jpost@smithhulsey.com | Matthew Barr, Esquire<br>Milbank, Tweed, Hadley & McCloy, LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Via email: mbarr@milbank.com |
| Cynthia C. Jackson, Esquire<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32201<br>Via email: cjackson@smithhulsey.com | David J. Baker, Esquire<br>Skadden Arps Slate Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036<br>Via email: djbaker@skadden.com |
| John B. MacDonald, Esquire<br>Akerman Senterfitt<br>50 North Laura Street, Suite 2500<br>Jacksonville, FL 32202 | Winn-Dixie Stores, Inc.<br>5050 Edgewood Street<br>Jacksonville, FL 32254-3699 |

CASE NO.: 05-03817-3F1

Elena L. Escamilla, Esquire/U.S. Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL 32801

                                                  s/ Daniel N. Gonzalez
                                                Daniel N. Gonzalez, Esquire
                                                Fla. Bar No: 0592749
                                                Dgonzalez@melandrussin.com
                                                MELAND RUSSIN & BUDWICK, P.A.
                                                3000 Wachovia Financial Center
                                                200 South Biscayne Boulevard
                                                Miami, Florida 33131
                                                Telephone: (305) 358-6363
                                                Telecopy: (305) 358-1221
                                                Attorneys for the Claimants

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 0707155

CARRIE WILLIAMS and
DEVON WILLIAMS, her husband,

    Plaintiffs,

v.

WINN-DIXIE STORES, INC.,

    Defendant.

_____/

## COMPLAINT

The Plaintiffs, CARRIE WILLIAMS and DEVON WILLIAMS, her husband, through undersigned counsel, sue the Defendant, WINN-DIXIE STORES, INC., and allege:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00, exclusive of interest, costs and attorney's fees.

2. Venue is proper in Broward County, Florida because the cause of action sued upon arose in Broward County, Florida.

### PARTIES

3. The Plaintiffs, CARRIE WILLIAMS and DEVON WILLIAMS, her husband, are and, at all times material to this action, were over 18 years of age, *sui juris* and residing together in Broward County, Florida as lawful husband and wife.

4. The Defendant, WINN-DIXIE STORES, INC. ("WINN DIXIE") is and, at all times

Exhibit "A"

material to this action, was a corporation organized in Florida which maintains an office for the transaction of its usual business in Broward County, Florida.

## GENERAL FACTUAL ALLEGATIONS

5. On October 7, 2006, WINN-DIXIE was the owner and in possession of a Winn-Dixie Marketplace located at 1531 NW 40th Avenue in Lauderhill, Florida that operated as a retail grocery store.

6. At said time and place, WILLIAMS was lawfully upon the premises of the Winn-Dixie Marketplace as a business invitee.

7. At said time and place, WILLIAMS was caused to slip on a foreign substance, *i.e.*, liquid, that was on the floor of the Winn-Dixie Marketplace in the juice aisle.

8. As a direct and proximate result of the accident, WILLIAMS fell and, as a result, sustained severe injuries, including, but not limited to, a right shoulder acromial fracture, right shoulder impingement and right wrist dequervain's tendonitis.

## COUNT I:
## NEGLIGENCE AGAINST WINN-DIXIE

9. Plaintiffs reallege and incorporate by reference the allegations contained in Paragraph Nos. 1 through 8, as if fully set forth herein.

10. At all times material hereto, WINN-DIXIE had a duty to maintain its premises in a reasonably safe condition for the safety of business invitees on the premises including, but not limited to, WILLIAMS.

11. WINN-DIXIE carelessly and negligently breached its duty in ways which include, but are not necessarily limited to, the following:

    a. failing to maintain the floor on its property in a safe condition to ensure that

WILLIAMS would not slip and fall as a result of the liquid and/or other foreign substances;

b. failing to properly inspect the floor;

c. failing to maintain the premises in a good and safe condition;

d. failing to keep the premises free from transitory foreign objects and substances that might foreseeably give rise to loss, injury or damage;

e. failing to warn WILLIAMS regarding the liquid and/or other foreign substances; and

f. was otherwise negligent.

12. WINN-DIXIE knew about the liquid and/or other foreign substance on the floor, or it existed for a sufficient length of time such that WINN-DIXIE should have known about it.

13. As a direct and proximate result of the negligence of WINN-DIXIE, WILLIAMS sustained severe and permanent bodily injuries, pain and suffering, disability, disfigurement, mental anguish, aggravation of one or more pre-existing conditions, loss of capacity for the enjoyment of life, lost earnings and earning capacity, and expenses of medical, hospitalization, surgical and rehabilitation care and treatment. These losses are either permanent or continuing and WILLIAMS will continue to suffer these losses into the future.

## COUNT II:
## CONSORTIUM CLAIM AGAINST WINN-DIXIE

14. Plaintiffs reallege and incorporate by reference the allegations contained in Paragraph Nos. 1 through 8 and 9 through 13, as if fully set forth herein.

15. At all times material hereto, CARRIE WILLIAMS and DEVON WILLIAMS were lawfully married, and lived together in Broward County, Florida as husband and wife.

*COMPLAINT*
*Williams v. Winn-Dixie*
*Page 4 of 4*

16.   As a direct and proximate result of WINN-DIXIE's negligent acts, as set forth above, DEVON WILLIAMS has sustained damages including, but not limited to, the loss of his wife's comfort, society, support and consortium, as well as expenses of his wife's medical, hospitalization, surgical and rehabilitation care and treatment. These losses are either permanent or continuing, and DEVON WILLIAMS will continue to suffer these losses in the future.

WHEREFORE, the Plaintiffs, CARRIE WILLIAMS and DEVON WILLIAMS, demand judgment against the Defendant, WINN-DIXIE STORES, INC., for all damages recoverable under Florida law, taxable costs and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues triable as of right by a jury.

Dated this 19th day of March 2007.

> ANANIA, BANDKLAYDER, BLACKWELL,
> BAUMGARTEN, TORRICELLA & STEIN
> *Attorneys for Plaintiff*
> 100 Southeast Second Street, Suite 4300
> Miami, Florida 33131
> Telephone: (305) 373-4900
> Facsimile: (305) 373-6914
>
> By: /s/ Daniel K. Bandklayder fcc
> Daniel K. Bandklayder, Esq.
> Florida Bar No.: 286265

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                              CASE NO.: 05-03817-3F1
                                                    (*Jointly Administered*)
WINN DIXIE STORES, et al.
                                                    CHAPTER 11
        Debtors.
_____/

STATE OF FLORIDA           )
                           )SS:
COUNTY OF MIAMI-DADE       )

## AFFIDAVIT OF DAN BANDKLAYDER, ESQ.

BEFORE ME, the undersigned authority, personally appeared, Dan Bandklayder, Esq., who after being duly sworn, deposes and says:

1. My name is Dan Bandklayder, Esq., and I am a shareholder of Anania, Bandklayder, Blackwell, Baumgarten, Torricella, and Stein P.A., and counsel to Carrie Williams and Devon Williams in the lawsuit styled Carrie Williams and Devon Williams v. Winn-Dixie Stores, Inc., case no. 07-07155-CA-25 (the "Action"), pending in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.

2. I have been actively engaged in the practice of law in the State of Florida for approximately 25 years.

3. At no point in time did I receive any written or oral notice of any Bankruptcy Court Order or deadline from any party prior to the administrative claim bar of January 5, 2007.

4. On April 2, 2007, I did receive a letter from David Gay, Esq. (the "Gay Letter"), regarding another personal injury case that I filed, on behalf Reinaldo Perez and Taeme Perallo, against Winn Dixie Stores (the "Perez Action"). A copy of the Gay Letter is attached as Exhibit "1." The Gay Letter stated that the prosecution of the Perez Action was in violation of the Bar Notice and Section 524 and requested dismissal of the Perez Action.

5. In addition, on April 11, 2007, Sedgwick Claims Management Services, Inc. ("Sedgwick"), mailed me a letter (the "Sedgwick Letter") advising me that the deadline to file administrative expense claims had expired on January 5, 2007, and as a result Sedgwick could not consider the claims of Carrie Williams and Devon Williams. A copy of the Sedgwick Letter is attached as Exhibit "2."

6. Despite being in settlement negotiations with Sedgwick since May 2005, Sedgwick

1

never advised me of the Bar Notice prior to April 11, 2007.

7.   I have conferred with Carrie Williams and Devon Williams who have both advised me that neither received any written or oral notice of any claims filing deadline regarding their claim against Winn Dixie.

FURTHER AFFIANT SAYETH NOT

_____
Dan Bandklayder, Affiant

SWORN TO AND SUBSCRIBED before me this 20th day of April, 2007, by Daniel Bandklayder, Esq., who: ☒ is personally known to me;  ☐ produced a current driver's license as identification; or ☐ produced _____ as identification.

_____
SIGNATURE OF NOTARY

Isabel L. Mas
PRINTED NAME OF NOTARY
My Commission Expires: Feb. 8, 2011

[Notary Seal: ISABEL L. MAS, Notary Public - State of Florida, My Commission Expires Feb 8, 2011, Commission # DD 638316, Bonded Through National Notary Assn.]

2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:  CASE NO.: 05-03817-3F1
 (*Jointly Administered*)
WINN DIXIE STORES, et al.
 CHAPTER 11
    Debtors.
_____/

STATE OF FLORIDA    )
    )SS:
COUNTY OF MIAMI-DADE    )

### AFFIDAVIT OF CARRIE WILLIAMS

BEFORE ME, the undersigned authority, personally appeared, Carrie Williams, who after being duly sworn, deposes and says:

1. My name is Carrie Williams. I am more than 18 years of age and I reside at 3024 SW 9th ST. Fort Laud., FL.

2. I was involved in a slip and fall accident which occurred at a Winn Dixie Store located at 1531 NW 40 Ave., Lauderhill Florida, on April 10, 2005.

3. I never received any written or oral notice prior to April 12, 2007, advising me of any deadline to file a claim with the Winn-Dixie Bankruptcy Estate in order my claim against Winn-Dixie Stores to go forward.

FURTHER AFFIANT SAYETH NOT

    _Carrie Williams_
    Carrie Williams, Affiant

SWORN TO AND SUBSCRIBED before me this __19__ day of April, 2007, by Carrie Williams, who: ☒ is personally known to me; ☐ produced a current driver's license as identification; or ☐ produced _____ as identification.

    _[signature]_
    SIGNATURE OF NOTARY

    _Baranda Vickers_
    PRINTED NAME OF NOTARY
    My Commission Expires:

[Notary seal: BARANDA VICKERS, MY COMMISSION # DD433366, EXPIRES: May 24, 2009, 1-800-3-NOTARY, Fl. Notary Discount Assoc Co.]

1

Firm Clients\5159\5159-1\00262453.WPD.

**EXHIBIT "C"**



**Sedgwick Claims Management Services Inc**
P.O. Box 24787, Jacksonville, FL 32241-4787
Telephone: (888)784-3470 Facsimile: (904)419-5365

April 11, 2007

Daniel Bandklayder, Esq.
100 SE 2nd St. Bank of America, Suite 4300
Miami, FL 33131-2144
VIA FAX & USPS: 305-373-6914

RE:  Claimant:       Carrie Williams
     Claim Number:   A511205128-0001-01
     Date of Injury: 04/10/2005
     Location:       Lauderhill, FL 33313  Winn Dixie #:304

Dear Daniel Bandklayder, Esq.:

This will acknowledge receipt of your demand letter for $35,000.

Winn-Dixie emerged from bankruptcy on 11/21/06. <u>All claims that Winn-Dixie Stores, Inc. were aware of that occurred between 02/22/05 and 11/21/06 were mailed a notice</u>. Some specific groups of claimants were excluded, for example, third party claims where Winn-Dixie is indemnified or has no liability.

This notice stated that all requests for payment of an Administrative Claim or any Claim arising against the Debtors in this period must file an application with the Bankruptcy Court no later than January 5, 2007. <u>Winn-Dixie also put advertisements in national and regional newspapers to notify claimants who had yet to notify us of their claim.</u>

The deadline for filing your administrative expense claim has expired so we are unable to consider this claim. If you have any questions, please consult with a bankruptcy attorney.

Sincerely,

*Stephanie*

Stephanie Phillips
Claims Examiner III

**EXHIBIT "D"**

LAW OFFICES
# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
BEAU BOWIN
DAVID O. BURNS
STEPHEN D. BUSEY
CHARMAINE T. M. CHIU
ERIC W. ENSMINGER
J. RICE FERRELLE, JR.
EARL E. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT G. KALIL
CHARLES H. KELLER
G. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
E. OWEN McCULLER, JR.
ERIC N. McKAY
MATTHEW P. McLAUCHLIN
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND M. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY RUSSELL
ELIZABETH M. SCHULE
JOEL BETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
LEE D. WEDEKIND, III
HARRY M. WILSON, III
ALLAN E. WULBERN

LLOYD SMITH
(1916-1987)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

April 2, 2007

Daniel K. Bandklayder, Esq.
Anania, Bandklayder, Blackwell,
Baumgarten, Torricella & Stein
Bank of America Tower, Suite 4300
100 S.E. Second Street
Miami, FL 33131

Re:  In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1, Chapter 11, Jointly Administered

Reinaldo Perez v. Winn-Dixie Stores, Inc., in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, Case No. 07-07851-CA-32

Dear Mr. Bandklayder:

This firm represents Winn-Dixie Stores, Inc. in the referenced Chapter 11 proceedings.

We have been advised that you are prosecuting the referenced state court action in violation of the Administrative Claims Bar Date established by the Bankruptcy Court in the referenced case. For the reasons set forth below, your prosecution of the state court action is in violation of the permanent injunction provisions of Section 524 of the Bankruptcy Code and the Bankruptcy Court's Confirmation Order.

On February 21, 2005, Winn-Dixie Stores, Inc. and its affiliates (the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. On November 21, 2006, the Bankruptcy Court entered an order confirming the Joint Plan of Reorganization filed by the Debtors, as modified (the "Plan").

Pursuant to Section 1141(d) of the Code, the order confirming the Plan (the "Confirmation Order") discharged the Debtors from all debts arising prior to Confirmation, including all debts or claims arising against the Debtors between February 21, 2005 and November 21, 2006 ("Administrative Expense Claims"). Each creditor whose claim has

**EXHIBIT "E"**

LAW OFFICES
# SMITH HULSEY & BUSEY

Daniel K. Bandklayder, Esq.
April 2, 2007
Page 2

been discharged is now barred, pursuant to Section 524(a) of the Code, from instituting or continuing any action or employing any process against the Debtors to collect or recover such debts. Any action taken or order entered with respect to any discharged debt without Bankruptcy Court authorization is void as a matter of law.

Pursuant to the Confirmation Order, an Administrative Claims Bar Date Notice was served on all known creditors as of December 6, 2006, advising them that administrative expense claims must be filed with the Bankruptcy Court on or before January 5, 2007 and that the failure to do so would result in their claim being time-barred and relinquished. The same Administrative Expense Claim Bar Date Notice was also served on all unknown creditors, such as your client, by publication in national and regional newspapers.

No timely application for an administrative expense claim was filed by or on behalf of Mr. Perez with the Bankruptcy Court. As a result, the claim he is now asserting in the referenced state court action is time-barred and relinquished as set forth in the Confirmation Order.

Accordingly, your continued prosecution of the state court action against the Debtor is in violation of Section 524 of the Code and the Bankruptcy Court's Confirmation Order. We therefore demand that you dismiss the referenced state court action on or before April 13, 2007 and that a copy of such dismissal be served upon me. Failure to file a dismissal by April 13, 2007 may subject you to sanctions in the Bankruptcy Court.

Please call me if you have any questions regarding this matter.

Very truly yours,

David L. Gay

By mail and facsimile
(305) 373-6914
c: Michael Garica, Esq.
DLG/mam/00562055