UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

WINN DIXIE STORES, et al.

Debtors.

_____/

CASE NO.: 05-03817-3F1
(*Jointly Administered*)

CHAPTER 11

## MOTION (I) FOR RELIEF FROM BAR DATE FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS, FROM SECTION 524 AND FROM ORDER CONFIRMING PLAN OF REORGANIZATION AND (II) TO ALLOW LATE FILED APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM OF REINALDO PEREZ AND TAEME PERALLO
(Post-petition Personal Injury Claim)

Pursuant to Federal Rule of Bankruptcy Procedure 9024, Reinaldo Perez and Taeme Perallo

("Claimants") move the Court for an order granting them relief from the Notice of (A) Entry of Order

Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for

Filing Claims Arising Before Effective Date and Other Administrative Claims ("Bar Notice"), for

relief from Bankruptcy Code Section 524, for relief from the Order Confirming Joint Plan of

Reorganization of Winn Dixie Stores, Inc. and Affiliated Debtors ("Confirmation Order") and,

pursuant to Sections 503(a) and Rule 9006(b), authorizing the Claimants to file the Application for

Allowance of Administrative Expense Claim for Post-Petition Personal Injury attached hereto as

Exhibit "1" (the "Application"), and states as follows:

1.      On February 21, 2005, Winn Dixie Stores, Inc., together with its affiliates

(collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in

the United States Bankruptcy Court for the Southern District of New York.

2.      By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy

CASE NO.: 05-03817-3F1

Court for the Middle District of Florida.

3.    Since that time, the Debtor operated property and managed its business as Debtor -in-Possession.

4.    On October 7, 2006, Reinaldo Perez suffered a personal injury and damages when he was injured at the premises of the Debtor. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown, 391* U.S. 471 (1968).

5.    On March 19, 2007, the Claimants initiated an action against the Debtor in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County styled Reinaldo Perez and Taeme Perallo versus Winn-Dixie Stores, Inc., Case No. 07-07851-CA-32 (the "State Court Action"). A copy of the Complaint is attached as Exhibit "A" to the Application.

6.    On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

7.    On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

8.    On April 3, 2005, David Gay, Esq., counsel to the Debtor, sent a letter (the "Gay Letter") to the Claimants state court counsel in the State Court Action, namely Dan Bandklayder, Esq. The Gay Letter is attached as Exhibit "B" to the Application. The Gay Letter stated that the prosecution of the State Court Action was in violation of the Bar Notice and Section 524 and requested dismissal of the State Court Action.

9.    Thereafter, on April 4, 2007, the Debtor's filed a Notice of Discharge of Debt and Prosecution of Action in Violation on 11 U.S.C. § 524 (the "State Court Notice"), in the State Court Action. A copy of the State Court Notice is attached as Exhibit "C" to the Application.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.

3000 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363
Firm Clients\5159\5159-2\00262631.WPD.

CASE NO.: 05-03817-3F1

10.     Prior to receipt of the Gay Letter, neither the Claimants nor their state court counsel in the State Court Action, Mr. Bandklayder, received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims from the Debtor. *See* the Affidavit of Mr. Bandklayder and the Affidavit of Reinaldo Perez, attached as Exhibits "D" and "E" to the Application respectively.

11.     Immediately upon receipt of the Gay Letter, Mr. Bandklayder contacted the undersigned.

12.     Claimants have been prejudiced by the failure to receive notice of the bar date and by the lack of disclosure of the bar date in the State Court Action.

13.     The Debtor will not be prejudiced by the late filing of the Application because the Debtor has had actual knowledge of Claimants' claims since at least October 7, 2006.

14.     Rule 9024 incorporates Federal Rule of Civil Procedure 60(b)(6), which provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... any other reason justifying relief from the operation of the judgment."

15.     The failure to receive notice warrants relief in favor of the Claimants from the Confirmation Order, the Bar Notice and Section 524.

16.     Section 503(a) allows a claimant to tardily file an administrative claim for cause. The deadline provided in Section 503(a) is not jurisdictional and the term "cause" provides the bankruptcy court with wide discretion to allow belated administrative claim filings in the interests of justice. *In re Heartland Steel, Inc.,* 2003 WL 23100035, pg. 2 (Bankr. S. D. Ind. Dec. 16,2003).

17.     The failure to receive notice are cause to authorize Claimants to tardily file their

CASE NO.: 05-03817-3F1

Application.

18.     Rule 9006(b)(1) permits a court to allow late filed claims resulting from excusable neglect resulting from inadvertence, mistake or carelessness. *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 389 (1993).

19.     "Excusable neglect" is an equitable concept requiring consideration of the danger of prejudice to the Debtor, the length of the delay and its impact on the judicial proceedings, the reason for the delay and movant's good faith. *Id.*

20.     The failure to receive notice constitute excusable neglect warranting allowance of the late filing of the Application.

21.     The Debtor will not be prejudiced by the allowance of the late filed claim as the Debtor was aware of the Claimants' claims and any damages that are awarded pursuant to the Action will be paid in cash in accordance with the Joint Plan of Reorganization.  Similarly, the delay between the bar date and Claimants filing of this Motion and the Application has no impact on the Debtor.

22.     Furthermore, as a known creditor of the Debtor, the Claimants were entitled to actual notice of the claims bar date before their claim could be extinguished. *In re Hillsborough Holdings Corp.,* 172 B.R. 108, 110 (Bankr. M.D. Fla. 1994).

23.     Courts have consistently held that a late claim is not barred if there is no notice of the claims bar date. *In re Premier Membership Services, LLC,* 276 B.R. 709, 713 (Bankr. S.D. Fla. 2002).

24.     As established by the Affidavits attached as Exhibits "D" and "E" to the Application neither Mr. Bandklayder or the Claimants received notice of the administrative claims bar date.

CASE NO.: 05-03817-3F1

25.    The Debtor was not discharged from the debt of the Claimants, who was known to the Debtor, and who failed to receive notice of the administrative claims bar date. *In re Spring Valley Farms, Inc.,* 863 F. 2d 832,835 (11th Cir.1989).

26.    Although this Court cannot liquidate Claimant's personal injury claim, the Court has the authority to permit late filed administrative expense claims and to determine whether a particular debt has been discharged.

WHEREFORE, pursuant to Rule 9024, the Claimants request an order granting them relief from the Bar Notice, Section 524, and the Confirmation Order and, pursuant to Sections 503(a) and Rule 9006(b), authorizing the Claimants to file the Application and allow the claim to be liquidated in the State Court Action.

**[REMAINDER OF PLEADING INTENTIONALLY LEFT BLANK]**

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD,  MIAMI, FLORIDA  33131  •  TELEPHONE (305) 358-6363
Firm Clients\5159\5159-2\00262631.WPD.

CASE NO.: 05-03817-3F1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished electronically upon all parties where indicated and via U.S. Regular mail on all parties listed below on the 20th day of April, 2007:

James Post, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201
Via email: jpost@smithhulsey.com

Cynthia C. Jackson, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201
Via email: cjackson@smithhulsey.com

John B. MacDonald, Esquire
Akerman Senterfitt
50 North Laura Street, Suite 2500
Jacksonville, FL 32202

Elena L. Escamilla, Esquire/U.S. Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL 32801

Matthew Barr, Esquire
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Via email: mbarr@milbank.com

David J. Baker, Esquire
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036
Via email: djbaker@skadden.com

Winn-Dixie Stores, Inc.
5050 Edgewood Street
Jacksonville, FL 32254-3699

 s/ Daniel N. Gonzalez
Daniel N. Gonzalez, Esquire
Fla. Bar No: 0592749
Dgonzalez@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
Attorneys for the Claimants

Firm Clients\5159\5159-2\00262631.WPD.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                          CASE NO.: 05-03817-3F1
                                                (*Jointly Administered*)

WINN DIXIE STORES, et al.
                                                CHAPTER 11

      Debtors.
_____/

## APPLICATION FOR ALLOWANCE
## OF ADMINISTRATIVE EXPENSE CLAIM FOR POST-PETITION
## PERSONAL INJURIES BY REINALDO PEREZ AND TAEME PERALLO

Pursuant to 11 U.S.C. § 503, Reinaldo Perez and Taeme Perallo ("Claimants") request that

the Court enter an Order approving this application for allowance of an administrative expense

claim, and as grounds therefore state as follows:

1.      On February 21, 2005, Winn Dixie Stores, Inc., together with its affiliates

(collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in

the United States Bankruptcy Court for the Southern District of New York.

2.      By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy

Court for the Middle District of Florida.

3.      Since that time, the Debtor operated property and managed its business as Debtor -in-

Possession.

4.      On October 7, 2006, Reinaldo Perez suffered a personal injury and damages when

he was injured at the premises of the Debtor.  Damages sustained from a post-petition tort committed

by the Debtor have administrative expense priority. *Reading Co. v. Brown, 391* U.S. 471 (1968).

5.      On March 19, 2007, the Claimants initiated an action against the Debtor in the Circuit

**Exhibit "1"**

CASE NO.: 05-03817-3F1

Court for the Eleventh Judicial Circuit in and for Miami-Dade County styled Reinaldo Perez and Taeme Perallo versus Winn-Dixie Stores, Inc., Case No. 07-07851-CA-32 (the "State Court Action"). A copy of the Complaint is attached as Exhibit A.

6.      On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

7.      On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

8.      On April 3, 2005, David Gay, Esq., counsel to the Debtor, sent a letter (the "Gay Letter") to the Claimants state court counsel in the State Court Action, namely Dan Bandklayder, Esq. A copy of the Gay Letter is attached as Exhibit "B." The Gay Letter stated that the prosecution of the State Court Action was in violation of the Bar Notice and Section 524 and requested dismissal of the State Court Action.

9.      Thereafter, on April 4, 2007, the Debtor's filed a Notice of Discharge of Debt and Prosecution of Action in Violation on 11 U.S.C. § 524 (the "State Court Notice"), in the State Court Action. A copy of the State Court Notice is attached as Exhibit "C."

10.     Prior to receipt of the Gay Letter, neither the Claimants nor their state court counsel in the State Court Action, Mr. Bandklayder, received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims from the Debtor. *See* the Affidavit of Mr. Bandklayder and the Affidavits of the Claimants, attached as Exhibits "D" and "E," respectively.

11.     Claimants have been prejudiced by the failure to receive notice of the bar date and by the lack of disclosure of the bar date in the State Court Action.

CASE NO.: 05-03817-3F1

12.    The Debtor will not be prejudiced by the late filing of the Application because the

Debtor has had actual knowledge of Claimants' claims since at least October 7, 2006.

WHEREFORE, the Claimants request that this Court enter an Order approving this

application for allowance of an administrative expense claim.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished electronically upon all parties where indicated and via U.S. Regular mail on all parties listed below on the 20th day of April, 2007:

James Post, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201
Via email: jpost@smithhulsey.com

Matthew Barr, Esquire
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Via email: mbarr@milbank.com

Cynthia C. Jackson, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201
Via email: cjackson@smithhulsey.com

David J. Baker, Esquire
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036
Via email: djbaker@skadden.com

John B. MacDonald, Esquire
Akerman Senterfitt
50 North Laura Street, Suite 2500
Jacksonville, FL 32202

Winn-Dixie Stores, Inc.
5050 Edgewood Street
Jacksonville, FL 32254-3699

Elena L. Escamilla, Esquire/U.S. Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL 32801

  s/ Daniel N. Gonzalez
Daniel N. Gonzalez, Esquire
Fla. Bar No: 0592749
Dgonzalez@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
Attorneys for the Claimants

Firm Clients\5159\5159-2\00262636.WPD

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 07-07851 CA 32

REINALDO PEREZ and
TAEME PERALLO, his wife,

       Plaintiffs,

v.

WINN-DIXIE STORES, INC.,

       Defendant.

_____/

THE ORIGINAL FILED
ON MAR 19 2007
IN THE OFFICE OF
CIRCUIT COURT DADE CO
CIVIL DIVISION

## COMPLAINT

The Plaintiffs, REINALDO PEREZ and TAEME PERALLO, his wife, through undersigned

counsel, sue the Defendant, WINN-DIXIE STORES, INC., and allege:

## JURISDICTION AND VENUE

1.    This is an action for damages in excess of $15,000.00, exclusive of interest, costs and

attorney's fees.

2.    Venue is proper in Miami-Dade County, Florida because the cause of action sued

upon arose in Miami-Dade County, Florida.

## PARTIES

3.    The Plaintiffs, REINALDO PEREZ ("PEREZ") and TAEME PERALLO

("PERALLO"), his wife, are and, at all times material to this action, were over 18 years of age, *sui*

*juris* and residing together in Miami-Dade County, Florida as lawful husband and wife.

4.    The Defendant, WINN-DIXIE STORES, INC. ("WINN DIXIE") is and, at all times

material to this action, was a corporation organized in Florida which maintains an office for the

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

**Exhibit "A"**

transaction of its usual business in Miami-Dade County, Florida.

## GENERAL FACTUAL ALLEGATIONS

5.    On October 7, 2006, WINN-DIXIE was the owner and in possession of a Winn-Dixie

Marketplace located at 6770 SW 40th Street in Miami, Florida that operated as a retail grocery store.

6.    At said time and place, PEREZ was lawfully upon the premises of the Winn-Dixie

Marketplace as a business invitee.

7.    At said time and place, PEREZ was caused to slip on a foreign substance, *i.e.*, dry dog

food, that was on the floor of the Winn-Dixie Marketplace.

8.    As a direct and proximate result of the accident, PEREZ fell and, as a result, sustained

severe injuries, including, but not limited to, a tear of the medial meniscus of his right knee, which

required surgical repair.

## COUNT I:
## NEGLIGENCE AGAINST WINN-DIXIE

9.    Plaintiffs reallege and incorporate by reference the allegations contained in Paragraph

Nos. 1 through 8, as if fully set forth herein.

10.    At all times material hereto, WINN-DIXIE had a duty to maintain its premises in a

reasonably safe condition for the safety of business invitees on the premises including, but not

limited to, PEREZ.

11.    WINN-DIXIE carelessly and negligently breached its duty in ways which include, but

are not necessarily limited to, the following:

  a.    failing to maintain the floor on its property in a safe condition to ensure that

        PEREZ would not slip and fall as a result of the dog food and/or other foreign

        substances;

b.    failing to properly inspect the floor;

c.    failing to maintain the premises in a good and safe condition;

d.    failing to keep the premises free from transitory foreign objects and substances that might foreseeably give rise to loss, injury or damage;

e.    failing to warn PEREZ regarding the dog food and/or other foreign substances; and

f.    was otherwise negligent.

12.    WINN-DIXIE knew about the dog food and/or other foreign substance on the floor, or it existed for a sufficient length of time such that WINN-DIXIE should have known about it.

13.    As a direct and proximate result of the negligence of WINN-DIXIE, PEREZ sustained severe and permanent bodily injuries, pain and suffering, disability, disfigurement, mental anguish, aggravation of one or more pre-existing conditions, loss of capacity for the enjoyment of life, lost earnings and earning capacity, and expenses of medical, hospitalization, surgical and rehabilitation care and treatment. These losses are either permanent or continuing and PEREZ will continue to suffer these losses into the future.

## COUNT II:
### TAEME PERALLO'S CLAIM AGAINST WINN-DIXIE

14.    Plaintiffs reallege and incorporate by reference the allegations contained in Paragraph Nos. 1 through 8 and 9 through 13, as if fully set forth herein.

15.    At all times material hereto, REINALDO PEREZ and TAEME PERALLO were lawfully married, and lived together in Miami-Dade County, Florida as husband and wife.

16.    As a direct and proximate result of WINN-DIXIE's negligent acts, as set forth above, TAEME PERALLO has sustained damages including, but not limited to, the loss of her husband's

comfort, society, support and consortium, as well as expenses of her husband's medical,

hospitalization, surgical and rehabilitation care and treatment. These losses are either permanent or

continuing, and TAEME PERALLO will continue to suffer these losses in the future.

WHEREFORE, the Plaintiffs, REINALDO PEREZ and TAEME PERALLO, demand

judgment against the Defendant, WINN-DIXIE STORES, INC., for all damages recoverable under

Florida law, taxable costs and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues triable as of right by a jury.

Dated this 19th day of March, 2007.

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN, TORRICELLA & STEIN
*Attorneys for Plaintiff*
100 Southeast Second Street, Suite 4300
Miami, Florida 33131
Telephone: (305) 373-4900
Facsimile: (305) 373-6914

By: _____
Daniel K. Bandklayder, Esq.
Florida Bar No.: 286265

LAW OFFICES

# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
BEAU BOWEN
DAVID D. BURNS
STEPHEN D. BUSEY
CHARRAINE T. M. CHIU
ERIC W. ENSMINGER
J. RICE FERRELLE, JR.
EARL E. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
CHARLES H. KELLER
G. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.

JOHN F. MACLENNAN
RAYMOND R. MAGLEY
E. OWEN McCULLER, JR.
ERIC N. McKAY
MATTHEW P. McLAUCHLIN
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND M. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY RUSSELL
ELIZABETH H. SCHULE
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
LEE D. WEDEKIND, III
HARRY M. WILSON, III
ALLAN E. WULBERN

LLOYD SMITH
(1916-1987)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

April 2, 2007

Daniel K. Bandklayder, Esq.
Anania, Bandklayder, Blackwell,
Baumgarten, Torricella & Stein
Bank of America Tower, Suite 4300
100 S.E. Second Street
Miami, FL 33131

> Re:  In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy
> Court, Middle District of Florida, Jacksonville Division; Case No. 05-
> 03817-3F1, Chapter 11, Jointly Administered
>
> Reinaldo Perez v. Winn-Dixie Stores, Inc., in the Eleventh Judicial Circuit
> Court in and for Miami-Dade County, Florida, Case No. 07-07851-CA-32

Dear Mr. Bandklayder:

This firm represents Winn-Dixie Stores, Inc. in the referenced Chapter 11
proceedings.

We have been advised that you are prosecuting the referenced state court action in
violation of the Administrative Claims Bar Date established by the Bankruptcy Court in
the referenced case. For the reasons set forth below, your prosecution of the state court
action is in violation of the permanent injunction provisions of Section 524 of the
Bankruptcy Code and the Bankruptcy Court's Confirmation Order.

On February 21, 2005, Winn-Dixie Stores, Inc. and its affiliates (the "Debtors")
filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code.
On November 21, 2006, the Bankruptcy Court entered an order confirming the Joint Plan of
Reorganization filed by the Debtors, as modified (the "Plan").

Pursuant to Section 1141(d) of the Code, the order confirming the Plan (the
"Confirmation Order") discharged the Debtors from all debts arising prior to Confirmation,
including all debts or claims arising against the Debtors between February 21, 2005 and
November 21, 2006 ("Administrative Expense Claims"). Each creditor whose claim has

Exhibit "B"

LAW OFFICES

## SMITH HULSEY & BUSEY

Daniel K. Bandklayder, Esq.
April 2, 2007
Page 2

been discharged is now barred, pursuant to Section 524(a) of the Code, from instituting or continuing any action or employing any process against the Debtors to collect or recover such debts. Any action taken or order entered with respect to any discharged debt without Bankruptcy Court authorization is void as a matter of law.

Pursuant to the Confirmation Order, an Administrative Claims Bar Date Notice was served on all known creditors as of December 6, 2006, advising them that administrative expense claims must be filed with the Bankruptcy Court on or before January 5, 2007 and that the failure to do so would result in their claim being time-barred and relinquished. The same Administrative Expense Claim Bar Date Notice was also served on all unknown creditors, such as your client, by publication in national and regional newspapers.

No timely application for an administrative expense claim was filed by or on behalf of Mr. Perez with the Bankruptcy Court. As a result, the claim he is now asserting in the referenced state court action is time-barred and relinquished as set forth in the Confirmation Order.

Accordingly, your continued prosecution of the state court action against the Debtor is in violation of Section 524 of the Code and the Bankruptcy Court's Confirmation Order. We therefore demand that you dismiss the referenced state court action on or before April 13, 2007 and that a copy of such dismissal be served upon me. Failure to file a dismissal by April 13, 2007 may subject you to sanctions in the Bankruptcy Court.

Please call me if you have any questions regarding this matter.

Very truly yours,

David L. Gay

By mail and facsimile
(305) 373-6914
c: Michael Garica, Esq.
DLG/mam/00562055

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

REINALDO PEREZ and TAEME PERALLO,          GENERAL JURISDICTION DIVISION
his wife,
                                            CASE NO. 07-07851 CA 32
      Plaintiffs,

v.

WINN DIXIE STORES, INC.

      Defendant.

---

## NOTICE OF DISCHARGE OF DEBT AND PROSECUTION OF ACTION IN VIOLATION OF 11 U.S.C. SECTION 524

      Defendant, Winn Dixie Stores, Inc. ("Winn Dixie"), gives notice that, for the reasons set

forth in the attached correspondence served upon Plaintiffs' counsel by the Bankruptcy Counsel

for Winn Dixie Stores, Inc., this action is being prosecuted by plaintiff in violation of the

permanent injunction provisions of 11 U.S.C. Section 524 and in violation of the Confirmation

Order entered by the United States Bankruptcy Court for the Middle District of Florida in Case

No. 05-03817 on November 21, 2006.  As a matter of law, all actions taken or orders entered in

violation of 11 U.S.C. Section 524 are void.

      Dated: April 4, 2007.

**EXHIBIT "C"**

Respectfully submitted,

Michael Alexander Garcia
Fla. Bar No. 0161055
FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

## CERTIFICATE OF SERVICE

Faxed on

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 4th

day of April, 2007 to Daniel K. Bandklader, Esq., Anania Bandklader et al., Bank of America

Tower, Suite #4300, 100 S.E. 2nd Street, Miami, Florida 33131.

MICHAEL ALEXANDER GARCIA

[mag] W:\72548\NOTIC566.MAG{4/4/7-16:20}

2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                      CASE NO.: 05-03817-3F1
                                            (*Jointly Administered*)

WINN DIXIE STORES, et al.

                                            CHAPTER 11

            Debtors.
_____/

STATE OF FLORIDA            )
                            )SS:
COUNTY OF MIAMI-DADE        )

### AFFIDAVIT OF DAN BANDKLAYDER, ESQ.

BEFORE ME, the undersigned authority, personally appeared, Dan Bandklayder, Esq., who after being duly sworn, deposes and says:

1.    My name is Dan Bandklayder, Esq., and I am a shareholder of Anania, Bandklayder, Blackwell, Baumgarten, Torricella, and Stein P.A., and counsel to Reinaldo Perez and Taeme Perallo in the lawsuit styled Reinaldo Perez and Taeme Perallo v. Winn-Dixie Stores, Inc., case no. 07-07851-CA-32 (the "State Court Action"), pending in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2.    I have been actively engaged in the practice of law in the State of Florida for approximately 28 years.

3.    At no point in time did I receive any written or oral notice of any Bankruptcy Court Order or deadline from any party prior to the administrative claim bar of January 5, 2007.

4.    I have conferred with Reinaldo Perez and Taeme Perallo who have both advised me that neither received any written or oral notice of any claims filing deadline regarding their claim

**INTENTIONALLY LEFT BLANK**


**INTENTIONALLY LEFT BLANK**

**EXHIBIT "D"**

against Winn Dixie.

FURTHER AFFIANT SAYETH NOT

Dan Bandklayder, Affiant

SWORN TO AND SUBSCRIBED before me this 20th day of April, 2007, by Daniel Bandklayder, Esq., who: ☑ is personally known to me;  ☐ produced a current driver's license as identification; or ☐ produced _____ as identification.

ISABEL L. MAS
Notary Public - State of Florida
My Commission Expires Feb 8, 2011
Commission # DD 638316
Bonded Through National Notary Assn.

Isabel J. Mas
SIGNATURE OF NOTARY

Isabel L. Mas
PRINTED NAME OF NOTARY
My Commission Expires: Feb 8, 2011

2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

WINN DIXIE STORES, et al.

        Debtors.

_____/

CASE NO.: 05-03817-3F1
(*Jointly Administered*)

CHAPTER 11

STATE OF FLORIDA        )
                           )SS:
COUNTY OF MIAMI-DADE    )

### AFFIDAVIT OF REINALDO PEREZ

BEFORE ME, the undersigned authority, personally appeared, Reinaldo Perez, who after being duly sworn, deposes and says:

1.    My name is Reinaldo Perez.  I am more than 18 years of age and I reside at _21147 S.W. 89th Path, Cutler Bay, FL._.

2.    I was involved in a slip and fall accident which occurred at a Winn Dixie Store #249 located at _Bird Rd + 67 Ave, Miami_, Florida, on October 7, 2006.

3.    I never received any written or oral notice prior to April 3, 2007, advising me of any deadline to file a claim with the Winn-Dixie Bankruptcy Estate in order my claim against Winn-Dixie Stores to go forward.

FURTHER AFFIANT SAYETH NOT

_____
Reinaldo Perez, Affiant

SWORN TO AND SUBSCRIBED before me this _____ day of April, 2007, by Reinaldo Perez, who: ☑ is personally known to me; ☐ produced a current driver's license as identification; or ☐ produced _____ as identification.

_____
SIGNATURE OF NOTARY

Missel Arocha
_____
PRINTED NAME OF NOTARY

My Commission
MISSEL AROCHA
MY COMMISSION # DD486435
EXPIRES: October 27, 2009
FL Notary Discount Assoc. Co.

1

**EXHIBIT "E"**