UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 05-03817-3F1<br><br>(Jointly Administered) |

CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1. I am of legal age and I am not a party to this action.

2. I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3. On or about April 24, 2007 I caused copies of:

- the **Reorganized Debtors' Objection to Claim No. 13794 Filed by County of Sullivan**

    to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served objection as listed above is attached hereto as Exhibit B.

Dated: April 26, 2007

_____
Kathleen M. Logan

---

[1]   In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Code: GA

EXHIBIT A
SERVICE LIST

Code: GA

**SERVICE LIST**
**Reorganized Debtors' Objection to Claim**
**No. 13794 Filed by County of Sullivan**

**DEBTOR:** **WINN-DIXIE STORES, INC., ET AL.**    **CASE:** **05-03817-3F1**

CREDITOR ID: 266719-14
COUNTY OF SULLIVAN
ATTN JEANIE GAMMON/G SCAREM
3258 HIGHWAY 126, STE 101
BLOUNTVILLE TN 37617-4566


**Total: 1**

Code: GA

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |

**REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 13794
FILED BY COUNTY OF SULLIVAN**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates, reorganized debtors-in-possession in the above captioned cases (the "Debtors"), object for the reasons set forth below to the allowance of Claim No. 13794 (the "Claim") filed by the County of Sullivan ("Sullivan") on January 25, 2007. In making these objections, the Reorganized Debtors reserve the right to assert further or additional objections to the Claim.

**Background**

A. **The Chapter 11 Filings**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). During these cases, the Debtors operated their businesses and managed their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of such reorganized debtors were closed on March 22, 2007.

2. The Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Chapter 11 Plan") was confirmed by order of the Court entered at Docket No. 12440 on November 9, 2006 (the "Confirmation Order") and became effective on November 21, 2006 (the "Effective Date").

B.  The Claim

3. By order dated April 28, 2005 and entered at Docket No. 932 (the "Claims Bar Date Order"), and pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure, this Court confirmed August 22, 2005 (the "Government Bar Date") as the last date for all governmental units who have or assert, or who believe that they may have or assert, prepetition claims against one or more of the Debtors to file a written proof of claim with respect to any such claim.

4. On or about May 2, 2005, the Debtors, through their claims agent, Logan & Company, Inc., caused notice of the Government Bar Date to be sent to Sullivan, among other government creditors, by first class mail. Notice of the Government Bar Date was also provided by publication on or about May 27, 2005. The notice was in accordance with the procedures outlined in the Claims Bar Date Order.

5. On January 25, 2007, Sullivan filed the Claim as an unsecured priority claim in the amount of $5,077.80 for business taxes allegedly owed by the Debtors for the tax period running from January 1, 2004 through January 31, 2004.

**Objections to the Claim**

6. The Claim was untimely filed. As described in greater detail above, government units holding prepetition claims were required to file a proof of claim by the Government Bar Date. Moreover, Sullivan was provided with actual notice of the Government Bar Date by mail and

received constructive notice of the Government Bar Date through publication in several newspapers on or about May 27, 2005.

7. The Claims Bar Date Order provided that any government holder of a claim against the Debtors who was required but failed to file a proof of claim for such claim on or before the Government Bar Date would be forever barred from asserting such claim against the Debtors. Furthermore, Section 502(b)(9) of the Bankruptcy Code provides that a claim asserted in a proof of claim shall be allowed, except to the extent that "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9).

8. The Claim was filed by Sullivan over sixteen (16) months after the Bar Date. The Claim is not enforceable against the Debtors because it was filed after the Government Bar Date.

WHEREFORE, based upon the foregoing, the Reorganized Debtors respectfully request that the Court (i) enter the Proposed Order attached as Exhibit A to this Objection disallowing the Claim in its entirety and (ii) grant such other and further relief as the Court deems just and proper.

Dated: April 24, 2007

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   s/ D.J. Baker  <br>   D. J. Baker  <br>   Rosalie Walker Gray  <br>   David M. Turetsky | By   s/ James H. Post  <br>   Stephen D. Busey  <br>   James H. Post (FBN 175460)  <br>   Cynthia C. Jackson |
| Four Times Square  <br>New York, New York 10036  <br>(212) 735-3000  <br>(917) 777-2150 (facsimile)  <br>djbaker@skadden.com | 225 Water Street, Suite 1800  <br>Jacksonville, Florida 32202  <br>(904) 359-7700  <br>(904) 359-7708 (facsimile)  <br>jpost@smithhulsey.com |
| Co-Counsel for Reorganized Debtors | Co-Counsel for Reorganized Debtors |

3

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Reorganized Debtors. | ) Jointly Administered |

**ORDER DISALLOWING CLAIM NO. 13794**
**FILED BY COUNTY OF SULLIVAN**

These cases came before the Court upon the objection of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates to Claim No. 13794 filed by the County of Sullivan (the "Objection"). Upon consideration, it is

ORDERED AND ADJUDGED:

1. The Objection is sustained.

2. Claim No. 13794 is disallowed in its entirety.

Dated this ____ day of _____, 2007 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

1227202-New York Server 7A - MSW