**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

WINN DIXIE STORES, INC.,                    Case No. 3:05-bk-03817-JAF

    Debtor.                                                   Chapter 11 – Jointly Administered

_____/

**APPLICATION OF JOYCE PERKINS FOR ALLOWANCE OF**
**ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)**

    COMES NOW the Movant(s), JOYCE PERKINS ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

    1.    On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code ("Petition Date").

    2.    The Court confirmed the Debtors' Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

    3.    On or about November 15, 2006, between the Petition Date and the Effective Date, Movant was injured at a Winn Dixie store located at 1515 E. Hallendale Beach Blvd., Hallendale, Florida as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages.

    4.    The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

    5.    The Movant's personal injury claim has not yet been liquidated.

    6.    Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

    7.    The Movant learned of the administrative claims bar date after the bar date and/or the Movant's failure to file the application for an administrative claim prior to the bar date resulted from excusable neglect. A separate Motion pursuant to Bankruptcy Rule 9006 requesting the Movant's claim be deemed as timely filed will be filed with the Court.

8.     The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

9.     Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

10.    The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:

| | |
|---|---|
| Joyce Perkins | Dennis J. LeVine, Esq. |
| c/o Fred Chikovsky, Esq. | P.O. Box 707 |
| 1720 Harrison Street, Suite 7A | Tampa, FL 33601-0707 |
| Hollywood, FL 33020 | |

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

                                                /s/DENNIS J. LEVINE, ESQ.
                                                DENNIS J. LEVINE, ESQ.
                                                Fla. Bar No. 375993
                                                DENNIS LeVINE & ASSOCIATES, P.A.
                                                P.O. Box 707
                                                Tampa, FL 33601-0707
                                                (813) 253-0777
                                                (813) 253-0975 (fax)
                                                Attorneys for Joyce Perkins

---

[1] *See, e.g., Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968)(holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr. S.D. Fla. 1994). As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States* (In re Airlift), 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this  27th  day of April, 2007.

/s/DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005