UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |

AGREED ORDER RESOLVING CLAIMS FILED BY
TENNESSEE DEPARTMENT OF REVENUE, AS SET FORTH IN THE
DEBTORS' ELEVENTH, TWENTY-EIGHTH AND TWENTY-NINTH
OMNIBUS CLAIMS OBJECTIONS

These cases came before the Court for hearing (i) on June 15, 2006, upon the Eleventh Omnibus Objection of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"),[2] which objection included among the claims subject to dispute the claims of the Tennessee Department of Revenue ("Tennessee") filed as numbers 222, 11683, 11684 and 12826, (ii) on January 24, 2007, upon the Twenty-Eighth Omnibus Objection of the Debtors, which objection included among the claims subject to dispute the claims of Tennessee filed as numbers 13642 and 13643, and (iii) on February 22, 2007, upon the Twenty-Ninth Omnibus Objection of the Debtors, which objection included among the claims subject to dispute the claims of Tennessee filed as numbers 13641, 13644 and 13645.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

The Debtors and Tennessee desire to resolve all issues with respect to the claims subject to the Eleventh, Twenty-Eighth and Twenty-Ninth Omnibus Objections and all other open claims filed by Tennessee pursuant to this Agreed Order. Therefore, based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. Claim number 222 is disallowed as amended and superseded by claim number 13791.

2. Claim number 11683 is disallowed as amended and superseded by claim number 13642 and claim number 13790.

3. Claim number 11684 is disallowed as amended and superseded by claim number 13641 and claim number 13792.

4. Claim number 12826 is disallowed as amended and superseded by claim number 13644 and claim number 13793.

5. Claim number 13640 is allowed in the amount of $0.00.

6. Claim number 13641 is disallowed as amended and superseded by claim number 13792.

7. Claim number 13642 is disallowed as amended and superseded by claim number 13790.

8. Claim number 13643 is disallowed, subject to the provisions of paragraph 15 below.

9. Claim number 13644 is disallowed as amended and superseded by claim number 13793.

10. Claim number 13645 is reduced to $200.00 and allowed as an administrative claim in the reduced amount. The balance of claim number 13645 is disallowed.

11. Claim number 13790 is disallowed, subject to the provisions of paragraph 15 below.

12. Claim number 13791 is fixed and allowed as a priority claim in the amount of $39,582.62.

13. Claim number 13792 is fixed and allowed as a priority claim in the amount of $52,874.48.

14. Claim number 13793 is fixed and allowed as a priority claim in the amount of $46,177.17. The balance of claim number 13793 is disallowed.

15. With respect to the tax obligations asserted in claim number 13643 and claim number 13790 for the period after February 21, 2005, the Debtors shall comply with the laws of the State of Tennessee in connection with the filing of tax returns or extensions and the payment of taxes; and in the event of a failure of compliance by the Debtors, Tennessee reserves the right to reassert claims for such tax obligations in the Bankruptcy Court, and the Debtors reserve the right to object to such claims.

16. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 25 day of April, 2007 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

<u>Consent</u>

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| SMITH HULSEY & BUSEY | TENNESSEE ATTORNEY GENERAL & REPORTER |
| By <u>/s/ James H. Post</u><br>James H. Post | By <u>/s/ Gill R. Geldreich</u>  *<br>Gill R. Geldreich |
| Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>Email: <u>jpost@smithhulsey.com</u> | Tennessee Bar Number 020775<br>P. O. Box 20207<br>Nashville, Tennessee 37202<br>(615) 532-2546<br>(615) 741-3334 (facsimile)<br>Email: <u>Gill.Geldreich@state.tn.us</u> |
| -and- | Counsel for Tennessee Department of Revenue |
| SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP | *Counsel has authorized his electronic signature |
| D. J. Baker<br>Rosalie Walker Gray<br>Jane M. Leamy<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile) | |
| Co-Counsel for Reorganized Debtors | |

1207063-New York Server 7A - MSW