**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Reorganized Debtors.[1] ) | Jointly Administered |

**REORGANIZED DEBTORS' OBJECTION TO
CLAIM NO. 13797 FILED BY TALLAHASSEE 99-FL, LLC**

Winn-Dixie Stores, Inc., on behalf of itself and its reorganized subsidiaries and affiliates (collectively, the "Debtors"), objects for the reasons set forth below to the allowance of Claim No. 13797 (the "Claim") filed by Tallahassee 99-FL, LLC c/o Jamarco Realty, LLC ("Claimant") on January 30, 2007. In making these objections, the Debtors reserve the right to assert further or additional objections to the Claim.

**Background**

A.  The Chapter 11 Filings

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").

2. The Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Chapter 11 Plan") was confirmed by order of the Court entered at Docket No. 12440

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of such reorganized debtors were closed on March 22, 2007.

on November 9, 2006 (the "Confirmation Order") and became effective on November 21, 2006 (the "Effective Date").

B.     The Claim

3.     By order dated April 28, 2005 and entered at Docket No. 932 (the "Claims Bar Date Order"), this Court set August 1, 2005 (the "Bar Date") as the last date for all parties (other than governmental units) who have or assert, or who believe that they may have or assert, pre-petition claims against one or more of the Debtors to file a written proof of claim with respect to any such claim.

4.     On or about May 2, 2005, the Debtors, through their claims agent, Logan & Company, Inc., caused notice of the Bar Date to be sent to Claimant, among other creditors, by first class mail. Notice of the Bar Date was also provided by publication on or about May 27, 2005. The notice was in accordance with the procedures outlined in the Claims Bar Date Order.

5.     As evidence of its receipt of notice of the Bar Date, Claimant filed Claim No. 9761 on July 28, 2005. Claim No. 9761 asserted an unsecured claim in an undetermined amount arising from the lease by Claimant to the Debtors of the premises known as Store #124. Claim No. 9761 specifically stated: "Pre-petition obligations were fulfilled."

6.     The lease of Store #124 was subsequently rejected by the Debtors. As a result, Claimant had the opportunity to file another proof of claim against the Debtors for rejection damages. It did so on October 30, 2007, with Claim No. 13622, which was filed prior to the rejection damages bar date established by the lease rejection order. Although Claim No. 13622 primarily asserted rejection damages, it also asserted (contrary to the statement in Claim No. 9761) a pre-petition claim for unpaid real estate taxes in the amount of $8,915.77. There was no mention in Claim No. 13622 of any other pre-petition obligation owed by the Debtors with respect to the lease of Store #124.

7. Nevertheless, on January 30, 2007, Claimant filed the Claim as an unsecured non-priority claim in the amount of $98,139.79 for pre-petition common area maintenance charges allegedly due under the lease of Store #124 for the period of January 1, 2001 through the Petition Date.

## Objections to the Claim

8. The Claim was untimely filed. As described in greater detail above, all parties (other than governmental units and subsequently identified parties who received notice of a special bar date) were required to file a proof of claim by the Bar Date. Moreover, Claimant was provided with actual notice of the Bar Date by mail and received constructive notice of the Bar Date through publication in several newspapers on or about May 27, 2005. As stated above, its receipt of that notice is evidenced by its timely filing of Claim No. 9761.

9. The Claims Bar Date Order provided that any holder of a claim against the Debtors who was required but failed to file a proof of claim for such claim on or before the Bar Date would be forever barred from asserting such claim against the Debtors. Furthermore, Section 502(b)(9) of the Bankruptcy Code provides that a claim asserted in a proof of claim shall be allowed, except to the extent that "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9).

10. The Claim was filed by Claimant approximately sixteen (16) months after the Bar Date. The Claim is not enforceable against the Debtors because it was filed after the Bar Date. Moreover, it contradicts the statement on Claim No. 9761 that "[p]re-petition obligations were fulfilled." Although the pre-petition charges alleged in the Claim are not proper components of a rejection damage claim, Claimant took the opportunity in Claim No. 13622, prior to the rejection damages bar date, to assert a pre-petition real estate tax obligation, and it might have done the same with the pre-petition charges alleged in Claim No. 13797. Still, in disregard of even that later bar

3

date, it waited another three months to identify and assert the pre-petition charges alleged in Claim No. 13797.

11. In addition to the foregoing, the Debtors dispute any liability with respect to the Claim. The lease for Store #124 did not specifically address "common area maintenance" responsibilities or procedures. As to the maintenance responsibilities imposed upon the Debtors as tenants, the Debtors consistently made maintenance payments to vendors when billed during the years preceding the Petition Date. No bills were ever presented to the Debtors for the charges at issue in Claim No. 13797, although those charges curiously date back to January 1, 2001.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter the Proposed Order attached as Exhibit A to this Objection disallowing the Claim in its entirety and (ii) grant such other and further relief as the Court deems just and proper.

Dated:   April 27, 2007

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   _s/ D.J. Baker_<br>    D. J. Baker<br>    Rosalie Walker Gray<br>    David M. Turetsky | By   _s/ James H. Post_<br>    Stephen D. Busey<br>    James H. Post (FBN 175460)<br>    Cynthia C. Jackson |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(917) 777-2150 (facsimile)<br>djbaker@skadden.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |
| Co-Counsel for Reorganized Debtors | Co-Counsel for Reorganized Debtors |

**Exhibit A**

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Reorganized Debtors. | ) Jointly Administered |

## ORDER DISALLOWING CLAIM NO. 13797 FILED BY TALLAHASSEE 99-FL, LLC

These cases came before the Court upon the objection of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates to Claim No. 13797 filed by Tallahassee 99-FL, LLC (the "Objection"). Upon consideration, it is

ORDERED AND ADJUDGED:

1. The Objection is sustained.

2. Claim No. 13797 is disallowed in its entirety.

Dated this ____ day of _____, 2007 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.