## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors[1]. | ) | Jointly Administered |

## DEBTORS' OBJECTION TO CLAIMS FILED BY THE
## COUNTY OF BURKE AND THE PARISH OF EVANGELINE

Winn-Dixie Stores, Inc. and its affiliates (collectively, the "Reorganized Debtors"), object under 11 U.S.C. §§ 502, 506 and 507 and Fed. R. Bankr. P. 3007 and 9014 (the "Objection"), to the claims filed by the County of Burke (the "Burke Claim") and the Parish of Evangeline (the "Evangeline Claim") listed on the attached Exhibit A (collectively, the "Disputed Claims"), and seek entry of an order disallowing the claims.  In support of this Objection, the Debtors respectfully request as follows:

1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc  With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

2.      By order dated November 9, 2006 (the "Confirmation Order"), the Court confirmed the Debtors' joint plan of reorganization (the "Plan"), which became effective on November 26, 2006 (the "Effective Date").

3.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and Article XI, 11.1(a) of the Plan.   Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §157(b)(2).

4.      The statutory predicates for the relief requested are sections 502, 506 and 507 of the Bankruptcy Code and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.      By Order dated April 28, 2005 (the "Claims Bar Date Order"), this Court set August 1, 2005 as the last date for all parties who have or assert (or believe they may have or assert) prepetition claims against one or more of the Debtors to file and serve a written proof of claim with respect to any such claim.   The bar date applicable to governmental units was August 22, 2005.   Notice of the Claims Bar Date Order and the applicable bar date was provided by mail and publication in accordance with the procedures outlined in the Claims Bar Date Order.   Despite the notice, the Burke Claim was filed after the Claims Bar Date and should be disallowed.

6.      In accordance with Section 12.1 of the Plan all requests for payment of an Administrative Claim or any other Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006, were required to be filed by January 5, 2007 (the "Administrative Claims Bar Date).   Claimants were required to assert such claims by an administrative application filed with this Court, not on proof of claim forms.   See Local Rule

3071-1.[2]  Notice of the Administrative Claims Bar Date was provided by mail and by publication.  Despite the notice, the Evangeline Claim was filed by proof of claim form and after the Administrative Claim Bar Date and should be disallowed.

7.     Moreover since the Petition Date, the Debtors have filed six omnibus objections to tax claims and motions for order determining tax values and liabilities (collectively, the "Tax Claims Objections").  By the Tax Claims Objections, in addition to requesting a reduction in amounts, the Debtors seek authority to offset overpayments made to the relevant taxing authorities in prior years against present liabilities.  In the event a taxing authority filed a response to any of the Tax Claims Objections, the Debtors have continued the hearing on the objection and the response.  To date, the Court has entered orders disallowing all tax claims objected to by the Tax Claims Objections to the extent the respective taxing authorities did not file a response, and authorizing the Debtors to offset against such claims and liabilities overpayments made by the Debtors in prior years.

8.     The liability asserted by the County of Burke in the Disputed Claims identified on Exhibit A has already been adjudicated and determined by order of the Court dated June 15, 2006, which granted the Debtors Second Omnibus Objection to Tax Claims and Motion to Determine Liabilities (Docket No. 8567).   The liability asserted by the Parish of Evangeline in the Disputed Claims identified on Exhibit A has already been adjudicated by the Court's order dated August 10, 2006, which granted the Debtors Fourth Omnibus Objection to Tax Claims and Motion to Determine Liabilities (Docket No. 10162) and the order dated November 30, 2006, which granted the Debtors' Objection to Late Filed and Disputed Ad Valorem Tax Claims and Motion to Allow Remaining Claims Subject to Setoff

---

[2]   See also Official Form 10, Proof of Claim, which states that "this form should not be used to make a claim for an administrative expense arising after the commencement of the case.  A 'request' for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503."

(Docket No. 12925).    Accordingly, the Disputed Claims should be disallowed on the additional ground that they have been precluded by the prior adjudication of this Court.[3]

9.    Each of the Disputed Claims and the Debtors' objections asserted to these claims constitute a separately contested matter as contemplated by Bankruptcy Rule 9014. The Debtors request that any order entered by the Court with respect to an objection asserted in the Objection shall be deemed a separate order with respect to each Disputed Claim.

10.    The Debtors reserve the right to amend, modify or supplement the Objection and to file additional objections to the Disputed Claims, or any other claims which may be asserted against the Debtor.

11.    To contest the Objection, a claimant must file a written response (a "Response") with the Court via the Court's electronic filing procedures no later than July 2, 2007, and serve a copy on Cynthia C. Jackson, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, (904) 359-7708 (facsimile), cjackson@smithhulsey.com.

12.    If a Response is properly and timely filed and served, a hearing is scheduled to adjudicate the Objection on July 12, 2007, unless resolved or adjourned by the Debtor.

13.    If a claimant whose claim is subject to the Objection fails to file or serve a timely response, the Debtors will present an appropriate order at the July 12, 2007 hearing, disallowing the claim without further notice.

---

[3] To the extent the Burke Claim alleges liability for Store No. 2076, that Store was sold August 11, 2005 and all taxes thereon were satisfied at the closing.

**<u>Conclusion</u>**

Wherefore, for the foregoing reasons, the Debtors ask the Court to enter an order disallowing the Disputed Claims.

Dated:  April 27, 2007

SKADDEN, ARPS, SLATE, MEAGHER     SMITH HULSEY & BUSEY
& FLOM LLP

By____*s/ D. J. Baker*_____     By____*s/ Cynthia C. Jackson*_____
    D. J. Baker                              Stephen D. Busey
    Sally McDonald Henry                     James H. Post
    Rosalie Walker Gray                      Cynthia C. Jackson, F.B.N. 498882

Four Times Square                    225 Water Street, Suite 1800
New York, New York 10036             Jacksonville, Florida 32202
(212) 735-3000                       (904) 359-7700
(212) 735-2000 (facsimile)           (904) 359-7708 (facsimile)
djbaker@skadden.com                  cjackson@smithhulsey.com

Co-Counsel for the Reorganized Debtors    Co-Counsel for the Reorganized Debtors
00564110

5

**<u>EXHIBIT A</u>**

**WINN-DIXIE STORES, INC., ET AL.**
**OBJECTION TO CLAIMS FILED BY COUNTY**
**OF BURKE AND PARISH OF EVANGELINE**

Page: 1 of 1
Date: 04/19/2007

| Name of Claimant | Date Claim Filed | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|---|
| **Creditor Id:** 244198<br>COUNTY OF BURKE TAX COLLECTOR<br>ATTN LAURA GORDON, DEPUTY TAX COLL<br>PO BOX 219<br>MORGANTON NC 28680-0219 | 01/29/07<br><br>**Debtor:** **WINN-DIXIE STORES, INC.** | 13795 | $4,840.48 | NO LIABILITY PER DEBTOR'S BOOKS AND RECORDS FOR 2005 PRE AND POSTPETITION PERIODS FOR STORES 2076 AND 2095. STORE NUMBER 2076 WAS SOLD TO FOOD LION 8/11/05. ALL TAXES OWED BY DEBTOR WERE SATISFIED AT THE CLOSING. COURT RULED STORE 2095'S TAX LIABILITY FOR 2004 TO BE $1,264.50 AND FOR 2005 TO BE $1,117.38 ON EXHIBIT B OF 6/15/06 ORDER ON DEBTORS' (I) SECOND OMNIBUS OBJECTION TO TAX CLAIMS AND (II) MOTION REQUESTING DETERMINATION OF TAX VALUES AND LIABILITIES (DOCKET NUMBER 8567). ACCORDINGLY, DEBTOR'S OVERPAYMENT FOR 2004 PAYMENT SATISFIED 2005 AMOUNT OWED. ALSO, LATE-FILED CLAIM. |
| **Creditor Id:** 492829<br>PARISH OF EVANGELINE, LA<br>ATTN WAYNE MOREIN, 22039<br>200 COURT STREET, SUITE 100<br>VILLE PLATTE LA 70586 | 02/01/07<br><br>**Debtor:** **WINN-DIXIE MONTGOMERY, INC.** | 13799 | $11,088.06 | CLAIMANT INDICATES THAT CLAIM WAS INCURRED AFTER DEBTORS' FEBRUARY 21, 2005 PETITION DATE. CLAIM TO BE DISALLOWED BECAUSE NOT PROPERLY ASSERTABLE ON PROOF OF CLAIM FORM. ADMINISTRATIVE EXPENSE CLAIMS INCURRED AFTER THE PETITION DATE WERE REQUIRED TO BE ASSERTED BY APPLICATIONS FILED WITH THE BANKRUPTCY COURT BY JANUARY 5, 2007. ALSO, DETERMINATION OF TAX LIABILITY FOR STORE 1571 WAS RESOLVED BY 8/10/06 FOURTH OMNIBUS TAX OBJECTION ORDER EXHIBIT B. |
| **Total Claims to be Disallowed:** | 2 | | | |
| **Total Amount to be Disallowed:** | $15,928.54 | **Plus Unliquidated Amounts, If Any** | | |