**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In Re: | Case No.: 05-03817-3F1 |
| **Winn-Dixie Stores, Inc., et al.** | Chapter 11 |
| **Reorganized Debtors** | Jointly Administered |

**CLAIMANT VALERIA JONES' RESPONSE TO DEBTOR'S OMNIBUS OBJECTION TO IMPROPERLY FILED PROOFS OF CLAIM AND MOTION TO ENLARGE TIME TO FILE PROOF OF CLAIM**

COMES NOW Valeria Jones [hereinafter "Claimant"] by and through undersigned counsel and hereby files this response motion to the Debtors Winn Dixie and/or Winn Dixie Stores, Inc. and its affiliates [hereinafter "Debtors"] objection to the Claimant's claim. In support of this response motion, Claimant shows the following:

1.      The Debtor's neglectfully failed to issue proper notice of the administrative expense claim deadline of January 5, 2007. As a result of this neglect, and for reasons set forth herein, Claimant Valeria Jones' injury claims must be allowed in their entirety as timely filed by extending the bar date of January 5, 2007 to allow equitable consideration the Claimant's Administrative Expense Application and Motion. First, the Claimant's counsel sent notice of her claim to the Debtors in a letter dated May 22, 2006. This notice of claim letter sent by counsel was received by the Debtors' (Winn Dixie) representative. With notice of this claim the Debtors failed to give Claimant's counsel proper and actual notice of the bankruptcy proceeding or the application deadline of January 5, 2007. Second, the Debtors will not be prejudiced by an extension of the application deadline and the enlargement of time to file this injury claim is a matter of equity and fairness."The cornerstone of the bankruptcy courts has always been the doing of equity." Further, "[T]he bankruptcy court is not bound to rigidly adhere to procedural

formalities and ignore the underlying equities." In re The Charter Company, 116 Bankr. 829, 832 (M.D. Fla. 1990); In re Interstate Restr. Systems, Inc., 61 Bankr. 945, 948 (S.D. Fla. 1986).

2. The relevant facts concerning the Claimant's personal injury claim are as follows: Claimant Valeria Jones had a slip and fall sustaining injuries on April 22, 2006, in Debtor's Winn Dixie Store #0520, Selma, Alabama wherein Claimant slipped and fell on water. Claimant sustained injuries to her back and right hip.  As a result of her fall Claimant sustained personal injuries including hip and back pain. Following her fall Claimant was seen at Vaughn Regional Medical Center where she incurred a bill in the amount of $1,025.25; bills from Rehab Associates in the amount of $4,542.00; bills from Taylor Internal Medicine in the amount of $1,883.86. Claimant's medical bills thereby total $7,451.11 for the injury sustained at the Winn Dixie store. These medical bills and exhibits were previously forwarded with the claim and attached with prior motions and expense claims.

3. "Courts uniformly hold that, when the debtor knows of a creditor's claim, the debtor must give actual notice of the relevant dates to that creditor." In re Gencor Industries Inc. 298 Bankr. 902, 914 (M.D. Fla. 2003); In re Charter Company, 125 Bankr. 650 (M.D. Fla. 1991),  The court in In re Gencor Industries held further:

> "The Eleventh Circuit Court of Appeals, in Spring Valley, adopted this [notice] rule and held that Section 1141 does not discharge the debt of a known creditor who failed to receive actual notice of the claims bar date as required by Bankruptcy Rule 2002(a)(8), even if the creditor had actual knowledge of the general existence of the bankruptcy proceeding. In re Spring Valley Farms, Inc., 863 F.2d 832, 835 (11th Cir. 1989). Therefore, in the Eleventh Circuit, a known creditor ***must*** receive actual notice of the claims bar date in order for the creditor's claim to be discharged upon confirmation."

Id. at 914-915;

Claimant Jones is a known creditor. Through counsel, Claimant sent a letter via U.S. Mail to Winn-Dixie dated May 22, 2006 notifying them of this claim and that Claimant was now

represented by counsel. This notice letter dated May 22, 2006 is attached as Exhibit "A." On or about February 19, 2007 Claimant filed a Motion for an Administrative Expense Claim with supporting documentation in the Bankruptcy Court, only forty-four days after the claim application deadline.

4.  In the case of In Re Grand Union Company the court held that where a personal injury claimant was sent notice of the claims bar date but claimant's attorney was not, this was deemed insufficient notice of the claims bar date. When a claimant is represented by counsel, mailing notice to the claimant is insufficient to bar a claim and the claimant is not bound by the legal effects of the confirmation plan and should be allowed to file a late proof of claim. Like Claimant Jones, the plaintiffs/claimants in Grand Union sustained personal injuries on the defendant's premises. Likewise, their local counsel had sent notice of these personal injury claims to the defendant/debtors. In fact, the debtor Grand Union had sent direct mail notice to the plaintiffs but had failed to inform their counsel of the claims bar date. The Court in Grand Union held specifically:

> "Direct mailing of the bar date notice to the movants did not satisfy the due process requirement of adequate notice... I find that Grand Union's direct mailing of the notice to the movants was not 'reasonably calculated... to apprise the movants of the claims bar date and of its significance... I believe that... mailing of the bar date notice to a personal injury claimant whose exclusive representation by counsel is specifically known by the debtor is equally inadequate."
>
> In Re Grand Union Company, 204 Bankr. 864, 872 (D. Del. 1997). *See also*, In re Hillsborough Holdings Corp. 172 Bankr. 108 M.D. Fla. 1994)(there was insufficient notice of the claims bar date where personal injury claimant's counsel received the motion and order setting out the claims bar date but claimant was not served with "actual personal notice" of the claims bar date and claimant should not be penalized for mistake of counsel); and In re Charter Company, 125 Bankr. 650 (M.D. Fla. 1991)(due process requires that a debtor's known creditors be given "actual notice" of the claims bar date. *See also* In re Gencor Industries Inc., *supra.*

Claimant Jones was represented by the undersigned counsel and asserted her claim in

writing. [See Exhibit "A"]. Counsel for the Claimant Jones sent notice of this claim yet counsel never received notice from Debtors Winn-Dixie Stores, Inc., Sedgwick Claims Management Services, Inc. and/or its representatives of any deadlines or specifically the January 5, 2007 administrative claim bar deadline ordered by this Court for filing claims in the U.S. Bankruptcy Court. Further, "[A] claimant who is not apprised with reasonable notice of the bar date, is not bound by the legal effects of the confirmation of the plan and should be allowed to file a late proof of claim." *Cited in* Greyhound Lines, Inc. v. Rogers, 62 F.3d 730, 735 (5th Cir.1995). Claimant was a known creditor of the Debtors who required adequate and actual notice of the bar date to her counsel. Based on case law and principals of equity and due process, the Debtor's motion should be denied as the Claimant was a known creditor holding a post-petition personal injury claim, asserted her claim in writing through counsel to the Debtors Winn Dixie and/or its agents, and was represented by counsel who did not receive actual notice of the bar date from the Debtors. With such facts and standing, due process requires that direct notice should have been sent to counsel advising of all relevant dates and deadlines which may bar Claimant's personal injury claims. Moreover, as a matter of fairness, disallowing this claim would only reward the Debtors for neglectfully disregarding the notice of claim letter sent to the debtor's representative store Winn Dixie, as shown above.

5. In addition, and as separate and alternative grounds, the Court can deem the Claimant's claim or pleading as timely filed based upon excusable neglect under Bankruptcy Rule 9006. The legal standard for determining excusable neglect is set forth in Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd., 507 U. S. 380, 113 S. Ct. 1489 (1993). In Pioneer, the Supreme Court held that a bankruptcy court may extend the bar date for cause to "permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable

neglect." <u>Pioneer</u>, 507 at 113 S. Ct. At 1492.  The determination as to whether a party's neglect of a deadline is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the parties omission." <u>Id.</u>  Factors to be considered when determining the existence of "excusable neglect" include: prejudice to the debtor; length of delay and its potential impact on the judicial proceedings; the reason for the delay; and whether the movant acted in good faith. <u>Id.</u> Many Courts have applied the excusable neglect analysis in <u>Pioneer Investment Services Co.</u> to time limits for filing administrative expense claims.  <u>See, e.g., In re Rand Energy Co.</u>, 256 Bankr. 712 (N. D. Tex 2000).

In our case, both the law and the equity favors the Court extending the Administrative Claim bar date to allow the Claimant to file an administrative claim and deem her administrative expense claim as timely filed based upon excusable neglect, for the following reasons:

(A) The Debtors can show no prejudice if the administrative claim date of January 5, 2007 is extended to allow Claimant to file her administrative personal injury claim. Moreover, since the filing of the Chapter 11 case, the Debtors, through their agent Segwick Insurance adjusters and counsel, have been liquidating post-petition personal injury claims in the ordinary course of their business.  Debtors will continue to adjust and pay the post-petition personal injury claims in the same matter as they have done in the past and Claimant can resolve her claims through this equitable process.  Further, since there are post-petition claims, allowing them to go forward will not effect the distribution the pre-petition unsecured creditors.

(B) There has been no significant delay in the Claimant filing this Motion.  The Motion and Application was filed less than forty-four days after the

    Administrative Claim bar date of January 5, 2007.

(C) Public policy and fairness favors the relief sought by the Claimant. Moreover, a bar of the Claimant's claim will severely prejudice the Claimant; extinguish her opportunity to resolve her valid claims; and reward the Debtors for their neglectful failure to issue proper notice to a known creditor of the claim deadline of January 5, 2007.

(D) The Claimant's claim constitutes a post-petition personal injury tort claim. As such, the Claimant's claim cannot be adjudicated in the Bankruptcy Court (however, the personal injury claim could be resolved through a Court approved claims resolution process).

  WHEREFORE, above premises considered, in consideration of the Debtor's neglect to issue proper notice with actual knowledge of the Claimant's claim, Claimant respectfully requests that this Honorable Court deny the debtor's objection and order that Claimant Valeria Jones' injury claims are allowed in their entirety as timely filed by extending the bar date of January 5, 2007 to allow equitable consideration the Claimant' Administrative Expense Claim Application and Proof of Claim..

  Respectfully submitted this 27th day of April, 2007.

OF COUNSEL:

**McPhillips, Shinbaum, L.L.P.**
516 S. Perry Street      /s/ Aaron J. Luck
P.O. Box 64      Aaron J. Luck
Montgomery, AL 36101-0064      Attorney for the Claimant
PH.(334) 262-1911
FAX(334) 263-2321

**CERTIFICATE OF SERVICE**

   I hereby certify that I have served a copy of the document(s) above via U.S. Mail, postage prepaid, to the person(s) listed below, on this the 27<u>th</u> day of April, 2007:

David L. Gay, Esq.
Stephen D. Busey, Esq.
Smith, Hulsey, & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
dgay@smithhulsy.com

Matthew Barr, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, New York 10005
mbarr@milbank.com

D. J. Baker, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, New York 10036

               /s/ Aaron J. Luck
               OF COUNSEL