**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In Re: | Case No.: 05-03817-3F1 |
| **Winn-Dixie Stores, Inc., et al.** | Chapter 11 |
| **Reorganized Debtors** | Jointly Administered |

### CLAIMANT MARIE MCNEAR'S RESPONSE TO DEBTORS' OMNIBUS OBJECTION TO IMPROPERLY FILED PROOFS OF CLAIM AND MOTION TO ENLARGE TIME TO FILE PROOF OF CLAIM

COMES NOW Marie McNear [hereinafter "Claimant"] by and through undersigned counsel and hereby files this response motion to the Debtors' Winn Dixie and/or Winn Dixie Stores, Inc. and its affiliates [hereinafter "Debtors"] objection to the Claimant's claim and motion to enlarge the time to file her proof of claim for lack of adequate notice of the claims bar date. In support of this response motion, Claimant shows the following:

1.  The Debtor's neglectfully failed to issue proper notice of the administrative expense claim deadline of January 5, 2007 to counsel. As a result of this neglect, and for reasons set forth herein, Claimant Marie McNear's injury claims must be allowed in their entirety as timely filed by extending the bar date of January 5, 2007 to allow equitable consideration the Claimant's Administrative Expense Application and Motion. First, the Claimant's counsel sent notice of her claim to the Debtors in a certified letter dated September 11, 2006. This notice of claim letter sent by counsel (by certified mail return receipt) was received by the Debtors' (Winn Dixie) representative on September 13, 2006 [See Exhibit "A"]. With notice of this claim the Debtors failed to give Claimant's counsel proper and actual notice of the bankruptcy proceeding or the application deadline of January 5, 2007. Second, the Debtors will not be prejudiced by an extension of the application deadline and the enlargement of time to file this injury claim is a

matter of equity and fairness. "The cornerstone of the bankruptcy courts has always been the doing of equity." Further, "[T]he bankruptcy court is not bound to rigidly adhere to procedural formalities and ignore the underlying equities." In re The Charter Company, 116 Bankr. 829, 832 (M.D. Fla. 1990); In re Interstate Restr. Systems, Inc., 61 Bankr. 945, 948 (S.D. Fla. 1986).

2. The relevant facts concerning the Claimant's personal injury claim are as follows: Claimant Marie McNear had a slip and fall sustaining injuries on August 20, 2006 in Debtor's Winn Dixie Store located at 4724 Mobile Hwy., Montgomery, Alabama wherein Claimant slipped and fell on water that had puddled on the bread isle floor. Claimant sustained a back injury and re-aggravated a recent pre-existing hernia repair. As a result of her fall, Claimant sustained personal injuries including hip and back pain and aggravated a pre-existing injury wherein claimant had hernia repair surgery on or about July of 2006 performed by Dr. James Dockery, M.D. Following her fall, Claimant was seen at Baptist Medical Center East ER where she incurred a bill in the amount of $1,499.05; bills from Dr. Stuart Hendon in the amount of $496.00; bills from surgeon Dr. James Dockery in the amount of $136.00, bills from Innerfit Rehabilitation, Inc. in the amount of $2,022.00, and bills from Dr. Thomas Murphy in the amount of $835.00. Claimant's medical bills thereby totaled $4,988.05 for the injury sustained at the Winn Dixie store. These medical bills and exhibits were previously forwarded with the claim and attached with prior motions and expense claims.

3. "Courts uniformly hold that, when the debtor knows of a creditor's claim, the debtor must give actual notice of the relevant dates to that creditor." In re Gencor Industries Inc. 298 Bankr. 902, 914 (M.D. Fla. 2003); In re Charter Company, 125 Bankr. 650 (M.D. Fla. 1991), The court in In re Gencor Industries held further:

> "The Eleventh Circuit Court of Appeals, in Spring Valley, adopted this [notice] rule and held that Section 1141 does not discharge the debt of a known creditor who

failed to receive <u>actual notice</u> of the claims bar date as required by Bankruptcy Rule 2002(a)(8), even if the creditor had actual knowledge of the general existence of the bankruptcy proceeding. <u>In re Spring Valley Farms, Inc</u>., 863 F.2d 832, 835 (11th Cir. 1989). Therefore, in the Eleventh Circuit, a known creditor **must** receive actual notice of the claims bar date in order for the creditor's claim to be discharged upon confirmation."

<u>Id</u>. at 914-915.

Claimant McNear is a known creditor whose counsel should have received actual notice of the claims bar date. Through counsel, Claimant sent a letter via certified mail return receipt to the Montgomery Winn Dixie Store location where this injury occurred and to its manager dated September 11, 2006 regarding this claim specifically requesting that this representative *"forward this letter to your insurance carrier and have them contact me (counsel) upon receipt."* <u>This notice letter was apparently neglectfully disregarded by the Debtors and/or their representatives</u>. A representative of the Winn Dixie store where this injury occurred signed for and acknowledged acceptance this certified notice of claim letter from the Claimant's counsel <u>on September 13, 2006</u>. [See Exhibit "A"][*Counsel's notice of claim letter dated September 11, 2006 and the certified mail return receipt "green card" is attached as Exhibit "A."* ]. The Debtors representative at their store received notice of this claim on September 13th yet apparently never sent notice of this claim to the Debtors and/or their adjusters Sedgwick Claims Management Services. On or about February 19, 2007 Claimant filed a Motion for an Administrative Expense Claim with supporting documentation in the Bankruptcy Court, only forty-four days after the claim application deadline.

    4.       In the case of <u>In Re Grand Union Company</u> the court held that where a personal injury claimant was sent notice of the claims bar date but claimant's attorney was not, this was deemed insufficient notice of the claims bar date. When a claimant is represented by counsel, mailing notice to the claimant is insufficient to bar a claim and the claimant is not bound by the

legal effects of the confirmation plan and should be allowed to file a late proof of claim. Like Claimant McNear, the plaintiffs/claimants in Grand Union sustained personal injuries on the defendant's premises. Likewise, their local counsel had sent notice of these personal injury claims to the defendant/debtors. In fact, the debtor Grand Union had sent direct mail notice to the plaintiffs but had failed to inform their counsel of the claims bar date. The Court in Grand Union held specifically:

> "Direct mailing of the bar date notice to the movants did not satisfy the due process requirement of adequate notice... I find that Grand Union's direct mailing of the notice to the movants was not 'reasonably calculated... to apprise the movants of the claims bar date and of its significance... I believe that... mailing of the bar date notice to a personal injury claimant whose exclusive representation by counsel is specifically known by the debtor is equally inadequate."
>
> In Re Grand Union Company, 204 Bankr. 864, 872 (D. Del. 1997). *See also*, In re Hillsborough Holdings Corp. 172 Bankr. 108 M.D. Fla. 1994)(there was insufficient notice of the claims bar date where personal injury claimant's counsel received the motion and order setting out the claims bar date but claimant was not served with "actual personal notice" of the claims bar date and claimant should not be penalized for mistake of counsel); and In re Charter Company, 125 Bankr. 650 (M.D. Fla. 1991)(due process requires that a debtor's known creditors be given "actual notice" of the claims bar date. *See also* In re Gencor Industries Inc., *supra.*

Claimant McNear was represented by the undersigned counsel and asserted her claim in writing, which was received by the Debtors Winn Dixie and/or its agents on September 13, 2006. [See Exhibit "A"]. Counsel for the Claimant McNear sent notice of this claim yet counsel never received notice from Debtors Winn-Dixie Stores, Inc., Sedgwick Claims Management Services, Inc. and/or its representatives of any deadlines or specifically the January 5, 2007 administrative claim bar deadline ordered by this Court for filing claims in the U.S. Bankruptcy Court. Further, "[A] claimant who is not apprised with reasonable notice of the bar date, is not bound by the legal effects of the confirmation of the plan and should be allowed to file a late proof of claim." *Cited in* Greyhound Lines, Inc. v. Rogers, 62 F.3d 730, 735 (5th Cir.1995). Claimant was a known

creditor of the Debtors who required adequate and actual notice of the bar date to her counsel. Based on case law and principals of equity and due process, the Debtor's motion should be denied as the Claimant was a known creditor holding a post-petition personal injury claim, asserted her claim in writing through counsel to the Debtors Winn Dixie and/or its agents, and was represented by counsel who did not receive actual notice of the bar date from the Debtors. With such facts and standing, due process requires that direct notice should have been sent to counsel advising of all relevant dates and deadlines which may bar Claimant's personal injury claims. Moreover, as a matter of fairness, disallowing this claim would only reward the Debtors for neglectfully disregarding the notice of claim letter sent to the debtor's representative store Winn Dixie, as shown above.

5.   In addition, and as separate and alternative grounds, the Court can deem the Claimant' claim or pleading as timely filed based upon "excusable neglect" under Bankruptcy Rule 9006.  The legal standard for determining excusable neglect is set forth in <u>Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd.</u>, 507 U. S. 380, 113 S. Ct. 1489 (1993).  In <u>Pioneer</u>, the Supreme Court held that a bankruptcy court may extend the bar date for cause to "permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect." <u>Pioneer</u>, 507 at 113 S. Ct. At 1492.  The determination as to whether a party's neglect of a deadline is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the parties omission." <u>Id.</u>  Factors to be considered when determining the existence of "excusable neglect" include: prejudice to the debtor; length of delay and its potential impact on the judicial proceedings; the reason for the delay; and whether the movant acted in good faith. <u>Id.</u> Many Courts have applied the excusable neglect analysis in <u>Pioneer Investment Services Co.</u>  to time limits for filing administrative expense claims.  See,

e.g., In re Rand Energy Co., 256 Bankr. 712 (N. D. Tex 2000).

In our case, both the law and the equity favors the Court extending the Administrative Claim bar date of January 5, 2007 to allow the Claimant to file an administrative claim and deem her administrative expense claim as timely filed based upon excusable neglect, for the following reasons:

- (A) Debtors can show no prejudice if the administrative claim date of January 5, 2007 is extended to allow Claimant to file her administrative personal injury claim. Moreover, since the filing of the Chapter 11 case, the Debtors, through their agent Sedgwick Claims Management Services, Inc., their examiners, adjusters and counsel, have been liquidating post-petition personal injury claims in the ordinary course of their business. Debtors will continue to adjust and pay the post-petition personal injury claims in the same matter as they have done in the past and Claimant can resolve her claims through this equitable process. Further, since there are post-petition claims, allowing them to go forward will not effect the distribution the pre-petition unsecured creditors.
- (B) There has been no significant delay by the Claimant filing this Motion. The Motion and Application was filed in February, 2007, less than forty-four days after the Administrative Claim bar date of January 5, 2007.
- (C) Public policy and fairness favors the relief sought by the Claimant. Moreover, a bar of the Claimant's claim will severely prejudice the Claimant; extinguish her opportunity to resolve her valid injury claims through due process; and reward the Debtors for their neglectful failure to issue proper notice to a known creditor of the claim deadline of January 5, 2007.

(D)     Claimant's claim constitutes a post-petition personal injury tort claim. As such, the Claimant's claim cannot be adjudicated in the Bankruptcy Court (however, the personal injury claim could be resolved through a Court approved claims resolution process).

WHEREFORE, above premises considered, in light of the Debtor's neglect to issue proper notice to counsel, with actual knowledge of the Claimant's claim, Claimant respectfully requests that this Honorable Court deny the debtor's objection and order that Claimant Marie McNear's injury claims are allowed in their entirety as timely filed by enlarging/extending the bar date of January 5, 2007 to allow equitable consideration the Claimant' Administrative Expense Claim Application and Proof of Claim.

Respectfully submitted this 27 day of April, 2007.

OF COUNSEL:

**McPhillips, Shinbaum, L.L.P.**
516 S. Perry Street                        /s/ James G. Bodin
P.O. Box 64                                JAMES G. BODIN
Montgomery, AL  36101-0064                 Attorney for the Claimant
PH.(334) 262-1911
FAX(334) 263-2321

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the document(s) above via U.S. Mail, postage prepaid, to the person(s) listed below, on this the 27 day of April, 2007:

David L. Gay, Esq.
Stephen D. Busey, Esq.
Smith, Hulsey, & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
dgay@smithhulsey.com

Matthew Barr, Esq.
Milbank, Tweed, Hadley & McCloy, LLP

1 Chase Manhattan Plaza
New York, New York 10005
mbarr@milbank.com

                                                    /s/ James G. Bodin
                                                    OF COUNSEL