UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et.al.                    Case No. 05-03817-3F1

Reorganized Debtors.                               Chapter 11

_____/            Jointly Administered

**MOTION (I) FOR RELIEF FROM BAR DATE FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS, FROM SECTION 524 AND FROM ORDER CONFIRMING PLAN OF REORGANIZATION AND (II) TO ALLOW LATE FILED APPLICATION FOR <u>ADMINISTRATIVE EXPENSE CLAIM OF SYDNEY HILTON</u>**
(Post-petition Personal Injury Claim)

Pursuant to Federal Rule of Bankruptcy Procedure 9024, SYDNEY HILTON (Claimant) moves the Court for an order granting her relief from the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims ("Bar Notice"), for relief from Bankruptcy Code Section 524, for relief from the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors ("Confirmation Order") and, pursuant to Sections 503(a) and Rule 9006(b), authorizing the Claimant to file the Application for Allowance of Administrative Expense attached hereto as Exhibit A (the "Application"), and states as follows:

1. On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3. Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4. On September 20, 2006, the Claimant suffered personal injury and damages when Claimant was injured at the premises of the Debtor. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471(1968).

5. On September 26, 2006, Triquana Powell of Debtor's claims office forwarded a letter to the Claimant requesting that Claimant or her attorney contact the debtor regarding her accident. On October 16, 2006, the undersigned law firm through its secretary and paralegal, Yafah Alexander, forwarded Notice of Claimant's claim to the debtor certified mail, return receipt requested. On November 1, 2006, Richard Law of Sedgwick claims, the debtor's claims adjusters, forwarded a letter to the undersigned firm requesting further information regarding the claim.  On November 11, 2006, the undersigned law firm through its secretary and paralegal, Yafah Alexander, forwarded Notice of Claimant's claim to Sedgwick claims, the debtor's claims adjusters.

6. On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

7. On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

8. Neither John Agnetti, Esq., the assigned attorney nor the assigned secretary, Ms. Alexander, received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims prior to the bar date. The undersigned attorney who was handling a number of pre-petition claims filed with this court, did receive such notice, but the undersigned had no notice or knowledge of the existence of this post petition claim The Claimant received notice of the bar date, but did not understand its legal significance. The claimant did not provide a copy to me of this notice until after the deadline had passed.

9. In March of 2007, Ms. Alexander and Mr. Agnetti became aware for the first time that the deadline for the filing of Claimant's claim had expired pursuant to said Bar Date when they received correspondence concerning the bar date from Sedgwick relating to two other post petition claims.

10. Claimant has been prejudiced by the lack of disclosure of the bar date in the multiple claim adjustment communications with the representatives of the Debtor.

11. The Debtor will not be prejudiced by the late filing of the Application because the Debtor has had actual knowledge of Claimant's claim since at least September of 2006 and the Debtor has actively adjusted this claim.

12. Furthermore, the Debtor is estopped from asserting the Claimant's claim is barred as a result of the failure of Winn Dixie and its representatives to advise Claimant of the bar date.

13. Rule 9024 incorporates Federal Rule of Civil Procedure 60(b)(6), which provides that "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment."

14. The failure to receive notice warrants relief in favor of the Claimant from the Confirmation Order, the Bar Notice and Section 524.

15. Section 503(a) allows a claimant to tardily file an administrative claim for cause. The deadline provided in Section 503(a) is not jurisdictional and the term "cause" provides the bankruptcy court with wide discretion to allow belated administrative claim filings in the interests of justice. *In re Heartland Steel, Inc.,* 2003 WL 23100035 (Bankr. S.D. Ind. Dec. 16, 2003).

16. The failure to receive notice is a cause which authorizes Claimant to tardily file her Application.

17. Rule 9006(b)(1) permits a court to allow late filed claims resulting from excusable neglect resulting from inadvertence, mistake or carelessness. *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993). Bankruptcy courts have used the "excusable neglect" standard of Fed. R. Bankr. P. 9006(b)(1) in the context of a Section 503(a) application for administrative expense. *See In re: Bicoastal Corp.*, 147 B.R. 258 (M.D. Fla. 1992). *See also In re Reams Broad. Corp., 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993).*

18. "Excusable neglect" is an equitable concept requiring consideration of the danger of prejudice to the Debtor, the length of the delay and its impact on the judicial proceedings, the reason for the delay and movant's good faith. *Pioneer.*

19. The Claimant's lack of understanding of the legal significance of the notice, the failure to receive any notice by Mr. Agnetti and Ms. Alexander and the failure of the undersigned to receive notice of the existence of this pending post petition claim constitute excusable neglect warranting allowance of the late filing of the Application.

20. The Debtor will not be prejudiced by the allowance of the late filed claim as the Debtor was aware of the Claimant's claim and any damages that are awarded pursuant to the Action will be paid in cash in accordance with the Joint Plan of Reorganization. Similarly, the delay between the bar date and Claimant's filing of this Motion and the Application has no impact on the Debtor.

21. Furthermore, as a known creditor of the Debtor, the Claimant was entitled to actual notice of the claims bar date before her claim could be extinguished. *In re Hillsborough Holdings Corp.,* 172 B.R. 108 (Bankr. M.D. Fla. 1994).

22. Courts have consistently held that a late claim is not barred if there is no notice of the claims bar date. *In re Premier Membership Services, LLC*, 276 B.R. 709, 713 (Bankr. S.D. Fla. 2002).

23. As established by the Affidavits attached as Exhibit B, neither the assigned attorney nor paralegal received notice of the administrative claims bar date and the Claimant did not understand its legal significance.

24. Although this Court cannot liquidate Claimant's personal injury claim, the Court has the authority to permit late-filed administrative expense claims and to determine whether a particular debt has been discharged.

Wherefore, pursuant to Rule 9024, the Claimant requests an order granting her relief from the Bar Notice, Section 524, and the Confirmation Order and, pursuant to Section 503(a) and Rule 9006(b), authorizing the Claimant to file the Application and allow the claim to be liquidated in the Action.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2007, I filed the foregoing through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the

United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

                                        Hoffman, Larin & Agnetti, P.A.
                                        909 North Miami Beach Blvd.
                                        Suite 201
                                        Miami, FL 33162
                                        (305) 653-5555
                                        davidp@hlalaw.com

                                        _____
                                             /s/ David L. Perkins