UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Reorganized debtors. | Jointly Administered |

## AFFIDAVIT OF FRANK F. FERNANDEZ III

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority, personally appeared Frank F. Fernandez III, Esquire, who, after being duly sworn, deposes and says:

1. My name is Frank F. Fernandez, III, I am over eighteen years of age and have personal knowledge of the matters set forth herein.

2. I am an attorney with The Fernandez Firm located at 1922 East 4th Avenue, in Tampa, Hillsborough County, Florida.

3. I am a licensed member and in good standing with the Florida Bar.

4. My primary area of practice is personal injury law. I have been practicing in this area of the law exclusively for over ten (10) years.

5. I have been retained to represent Mrs. Hyecha and Mr. Linc Marshall in their respective claims for damages against the Winn-Dixie Supermarket resulting from a fall-down that occurred on its business premises on November 22, 2005. As a result of that incident, Mrs. Marshall suffered a broken right hip which, despite surgery, multiple medical procedures and the best efforts of her medical providers has rendered her permanently handicapped.

6. Based upon my education, training and experience in handling similar personal injury claims, the undersigned counsel is of the opinion that the subject personal injury case has substantial value and a reasonable possibility of success on the merits.

7. On November 29, 2005, the undersigned counsel provided Winn-Dixie with written notice of Mr. and Mrs. Marshall's claims, via certified mail return receipt requested #7004 2890 0004 3479 6474. Certified notice of these claims was received and accepted by the Winn-Dixie on December 5, 2005.

EXHIBIT B

8. Throughout the course of the next eleven (11) months, and until as recently October 2, 2006, Winn Dixie's claims representative continued to correspond with the undersigned counsel providing requested case information and seeking updates on Mrs. Marshall's treatment status. At no point did Debtor's claims representative mention that its corporation had filed for bankruptcy or that it had received an Order -- as early as November 9, 2006 -- confirming a joint plan of reorganization which established tort claim filing deadlines.

9. On or about December 11, 2006, my office apparently received a one page, two-sided document titled "Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan and (C) Bar Date for Filing Claims arising before Effective Date and Other Administrative Claims."

10. Standard practice at The Fernandez Firm for the receipt and acknowledgment of U.S. Mail is as follows:

- The daily mail is opened by the firm's receptionist/legal assistants, date stamped on the back of the last page, sorted by case name and delivered to the individual handling attorney.

- Upon receipt and review of my daily mail, the undersigned counsel initials the top right-hand corner of the first page of all documents received, including pleadings, to verify my receipt and review of all documents.

- After review of the mail, the undersigned counsel then returns all initialed mail to his legal assistants who review all documents and pleadings to identify, note and initial in pencil all deadlines on the face of document.

- The firm's legal assistants then calendar all noted dates/deadlines in firm tasks on our firm computer system and then the documents are placed, alphabetically, in a filing bin and are later filed by the firm's receptionist/legal assistants accordingly.

- All pleadings and court orders -- such as the subject Notice -- are filed separate and apart from the main file folder in a hard, light green, legal file which clearly identifies the case name, file number, date of accident, type of case and specifies that it is the "Pleadings" folder.

- One week before any date/deadline arrives, the firm's computer system automatically notifies the firm's handling attorneys multiple times daily, and throughout the week of the approaching deadline.

- As a precautionary measure -- so that no statute of limitation, important date or deadline is overlooked -- the undersigned's firm also creates, maintains, updates and regularly reviews a monthly "Litigation Schedule" document. This schedule is furnished to all firm staff and attorneys and identifies all discovery deadlines, statutes of limitation, notices of intent deadlines, trial and pretrial dates, mediation and hearing dates and depositions scheduled in all cases.

11. Contrary to Fernandez Firm standard operating procedure, the subject Notice was apparently placed directly in the correspondence section of Ms. Marshall's main liability file by an unknown member of our law firm's staff. Consequently, this document was inadvertently and erroneous filed as correspondence on December 11, 2006, without being reviewed by the undersigned counsel and without being properly calendared by the Firm's legal assistants.

12. As a result of this clerical error, the undersigned counsel never received Notice of the Court's Bankruptcy Order or the January 5, 2007 deadline to file administrative claims at any time prior to expiration of said deadline.

13. It was not until January 15, 2007, while the undersigned was reviewing the correspondence section of Ms. Marshall's file to determine if our firm had received insurance disclosure from another potential co-defendant, Amamark Uniform Services, that I discovered, for the first time, the subject Notice.

14. Pursuant to Debtor's Notice, the undersigned counsel had from ostensible receipt on December 11, 2006 through and until January 5, 2007 -- or less than eighteen (18) business days, many of which fell during the Christmas and New Year holidays -- in which to file an administrative claim.

15. Upon discovery of the inadvertently misfiled Notice, the undersigned counsel immediately attempted to contact Debtor's counsel, Stephen D. Busey, Esquire and James H. Post, Esquire. Unfortunately, both gentlemen were unavailable, and the undersigned left voicemail messages for both counsel.

16. Upon discovery of the inadvertently misfiled Notice, the undersigned counsel also immediately tried to contact the Bankruptcy Court's assigned case manager, Susan Baldwin, in an attempt to comply with the Court's mandatory electronic filing requirements. However, due to January 15, 2007 being a holiday (Dr. Martin Luther King, Jr's birthday), the undersigned counsel was unable able to reach Ms. Baldwin and unable to complete the Court-approved electronic filing training necessary to receive a user password and login number and electronically file an administrative claim.

17. In a good faith attempt to immediately file the subject administrative claim, the undersigned counsel faxed and mailed an "Application and Request for Payment of Claim" to Debtor's Counsel and the Court on January 15, 2007.

18. On that same date, the undersigned also contacted bankruptcy counsel, Camille J. Iurillo, Esquire, seeking her assistance should the Debtor refuse to stipulate to an enlargement of time for Mrs. Marshall to file an administrative claim. If such a stipulation is refused, the undersigned and Ms. Iurillo will file the appropriate motion, seeking relief.

19. On Tuesday, January 16, 2007, one day after discovery of Debtor's notice and the Martin Luther King federal holiday, Mrs. Marshall's administrative claim was electronically filed with the United States Bankruptcy Court.

20. The above-detailed filing error was apparently due, in part, to the fact that our law firm's staff is inexperienced in, and totally unfamiliar with, Bankruptcy Court procedures and deadlines. Because of this error, the undersigned counsel did not timely receive Notice of the Winn-Dixie's Bankruptcy, much less its Re-organization plan or the Court-ordered deadline to file administrative claims and/or personal injury claims.

21. The Debtor, Winn-Dixie, will not suffer unfair prejudice by the inadvertent late filing of this claim, as it has been aware and on notice of Mr. and Mrs. Marshall's claims for more than thirteen (13) months.

22. The ten (10) day delay in filing was beyond Mr. and Mrs. Marshall's control.

*FURTHER AFFIANT SAYETH NAUGHT.*

_____
Frank F. Fernandez, III, Esquire

Sworn to and subscribed before me this  18th  day of January, 2007, in the State and County last aforesaid.

_____
Notary Signature

Notary Name: (type or print)
My Commission Expires:

MEGHAN E. PHILLIPS
Notary Public - State of Florida
My Commission Expires May 23, 2009
Commission # DD 433096
Bonded By National Notary Assn.