# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

IN RE: **WINN DIXIE STORES, INC.,**  ) Bankruptcy Case No:
**et. al.**, Debtors.                ) 05-03817-3F1/Chapter 11

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM FOR POST-PETITION PERSONAL INJURY

COMES NOW, Janett Reeves, Applicant, in the above-styled action, by and through her attorney, Dan A. Goldberg, and respectfully requests this Honorable Court to enter an Order, pursuant to 11 U.S.C. Section 503(b), approving the subject Application For Allowance of Administrative Expense Claim For Post-Petition Personal Injury, and, as the basis therefore, would state the following:

1. That Winn Dixie Stores, Inc., Debtors, filed voluntary petitions for relief, under Chapter 11 of the United States Bankruptcy Code, on February 21, 2005;

2. That Janett Reeves, Applicant, suffered personal injury on or about August 15, 2005, when she was caused to slip and fall, on a foreign substance, at the Winn Dixie Stores, Inc., Store Number 0464, located at Carter Hill Road in Montgomery (Montgomery County), Alabama;

3. That personal injury claims, arising from a post-petition tort and committed by the Debtor, are entitled to administrative expense status. Reading Co. v. Brown, 391 U.S. 471, 485;

4. That on November 9, 2006, this Honorable Court entered an Order, confirming the Debtors' Plan of Reorganization, and established January 5, 2007, as the deadline for filing applications for payments of administrative expense claims for post-petition personal injury claims;

5. That Janett Reeves, Applicant, retained Goldberg & Associates, P.C., on or about November 27, 2006, on a premises liability case and advised the latter that a claim had already been filed with the subject Winn Dixie Stores, Inc., and that said store never informed her of the necessity of filing either a Proof of Claim Form or Application For Administrative Expense Claim;

6. That on or about December 1, 2006, our office contacted, the subject store and was advised to contact Sedgwick CMS, third-party administrator therefore and was never informed of the necessity of filing either a Proof of Claim Form or Application For Administrative Expense Claim;

7. That on or about December 1, 2006, our office contacted Sedgwick CMS, informed such of our representation, was told by the latter that a claim had previously been filed by Janett Reeves with the subject store and to forward a letter of representation, but that our office was never informed of the necessity of filing either a Proof of Claim Form or Application For Administrative Expense Claim;

8. That our office forwarded, via U.S. mail on December 1, 2006, and via facsimile on December 4, 2006, a letter of representation to Sonni Starbird at Sedgwick CMS in Jacksonville, Florida (**Exhibit A/Pages 1-2**);

9. That our office received on or about January 29, 2007, correspondence from Sedgwick CMS, dated January 24, 2007, advising our office that a Motion For Administrative Expense Claim needed to be filed with the relevant Bankruptcy Court no later than January 5, 2007, this letter representing the *first notice* that our office was cognizant of as such pertains to such a filing (**Exhibit B/Page 1**);

10. That our office drafted and forwarded a Proof of Claim Form, via U.S. mail on February 20, 2007, to the relevant United States Bankruptcy Court, D.J. Baker, Esquire (listed counsel for Winn Dixie Stores, Inc.), Stephen D. Busey, Esquire (listed bankruptcy counsel, for Winn Dixie Stores, Inc., with the firm of Smith, Hulsey & Busey), and Yolanda Davis with Sedgwick CMS, as well as via facsimile on February 20, 2007, to James H. Post, Esquire, also with the firm of Smith, Hulsey & Busey (**Exhibit C/Pages 1-5**);

11. That our office received on or about February 26, 2007, correspondence from James H. Post, Esquire, dated February 22, 2007, informing our office of its receipt of the Proof of Claim Form but advising that an electronically-filed Motion For Administrative Expense Claim needed to be filed with the relevant Bankruptcy Court no later than January 5, 2007 (**Exhibit D/Page 1**);

12. That Janett Reeves was caused to suffer bodily injuries, including but not limited to, her back, knees, etc., and has been caused to incur medical expenses, as a result of the subject premises liability case, and should not be denied recompense for the subject store, its employees and/or its agents, including but not limited to Sedgwick CMS, in failing to advise her or her attorney of the need to electronically-file a Motion and/or Application For Administrative Expense Claim with this Honorable Court by January 5, 2007;

13. That our office has expended time, effort and monies in obtaining medical documentation, etc., to assist Janett Reeves in her premises liability claim;

14. That Winn Dixie Stores, Inc., Debtors, will not be prejudiced by the entering an Order, approving the subject Application For Allowance of Administrative Expense Claim For Post-Petition Personal Injury, as Debtors had actual, adequate, prior notice of the subject claim and had ample time to investigate such should it needed.

WHEREFORE, PREMISES CONSIDERED, Janett Reeves, Applicant, prays that this Honorable Court will enter an Order, pursuant to 11 U.S.C. Section 503(b), approving the subject Application For Allowance of Administrative Expense Claim For Post-Petition Personal Injury.

Respectfully submitted,

/s/Dan A. Goldberg
GOLDBERG & ASSOCIATES, P.C.
505 North 20th Street/Suite 325
Birmingham, Alabama 35203
(205) 322-4700

## ALL EXHIBITS WILL FOLLOW IN HARD-COPY FORM

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the below listed parties by electronically filing said document on the ECF system, which will in turn serve all interested parties, or by placing same in the United States Mail, this day, March 1, 2007, postage prepaid and properly addressed.

/s/ Dan A. Goldberg

| | |
|---|---|
| James H. Post, Esq.<br>Smith, Hulsey & Busey<br>P.O. Box 53315<br>Jacksonville, FL  32201 | United States Bankruptcy Clerk<br>300 North Hogan Street<br>Suite 3-350<br>Jacksonville, FL  32202 |