UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et.al. Case No. 05-03817-3F1

Reorganized Debtors. Chapter 11

______________________________/ Jointly Administered

**AMENDED MOTION (I) FOR RELIEF FROM BAR DATE FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS, FROM SECTION 524 AND FROM ORDER CONFIRMING PLAN OF REORGANIZATION AND (II) TO ALLOW LATE FILED APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM OF NORALIE KEKLLAS**

(Post-petition Personal Injury Claim)

Pursuant to Federal Rule of Bankruptcy Procedure 9024, NORALIE KEKLLAS (Claimant) moves the Court for an order granting her relief from the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims ("Bar Notice"), for relief from Bankruptcy Code Section 524, for relief from the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors ("Confirmation Order") and, pursuant to Sections 503(a) and Rule 9006(b), authorizing the Claimant to file the Application for Allowance of Administrative Expense attached hereto as Exhibit A (the "Application"), and states as follows:

1. On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3. Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4. On June 3, 2005, the Claimant suffered personal injury and damages when

Claimant was injured at the premises of the Debtor. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown,* 391 U.S. 471(1968).

5. On October 12, 2005, the undersigned law firm through its assigned secretary and paralegal, forwarded two Notice of Claimant's claim to the debtor certified mail, return receipt requested. On October 20, 2005, Sedgwick, Debtor's claims adjusters, sent a letter to the undersigned firm disclosing the details of debtor's insurance coverage. On November 16, 2005, a Sedgwick adjuster, Katelyn Brim, called the firm's assigned paralegal requesting an informal statement and was provided with information concerning the Claimant's injuries and health care providers. On January 30, 2006, the undersigned firm provided a medical authorization to Sedgwick. On March 1, 2006, an adjuster from Sedgwick called to re-schedule the informal statement of the Claimant. On March 7, 2006, Ms. Brim of Sedgwick wrote to the undersigned firm requesting further information on the claim. On August 4, 2006 and September 20, 2006, adjusters from Sedgwick called Ms. Alexander, the assigned secretary and paralegal for information concerning the status of Claimant's treatment. On November 30, 2006 and December 1, 2006, Ernestine Wilson of Sedgwick forwarded letters to the undersigned firm requesting information concerning the status of Claimant's treatment. In none of these multiple telephonic and written communications, did the debtor or its representative, Sedgwick, ever mention the bar date.

6. On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

7. On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

8. Neither John Agnetti nor the assigned secretary, Ms. Alexander, received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims. The undersigned firm has no information that the Claimant has received notice of the bar date in that the law firm has not been able to communicate with the Claimant since March of 2006 despite numerous attempts by Ms. Alexander and her predecessor to reach the Claimant by phone and letter. The undersigned attorney, who

was handling a number of pre-petition claims filed with this court, did receive such notice, but the undersigned had no notice or knowledge of the existence of this post petition claim. A copy of the Affidavits of the undersigned, Mr. Agnetti and Ms. Alexander are attached hereto as Composite Exhibit B.

9. A letter dated March 2, 2007, from Ernestine Wilson of Sedgwick, advised Ms. Alexander and Mr. Agnetti for the first time that the deadline for the filing of Claimant's claim had expired pursuant to said Bar Date.

10. Claimant has been prejudiced by the lack of disclosure of the bar date in the multiple claim adjustment communications with the representatives of the Debtor and counsel.

11. The Debtor will not be prejudiced by the late filing of the Application because the Debtor has had actual knowledge of Claimant's claim since at least October of 2005 and the Debtor has actively adjusted this claim.

12. Furthermore, the Debtor is estopped from asserting the Claimant's claims are barred as a result of the failure of Winn Dixie and its claims representatives, Sedgwick, to advise Claimant's counsel of the bar date.

13. Rule 9024 incorporates Federal Rule of Civil Procedure 60(b)(6), which provides that "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment."

14. The failure to receive notice warrants relief in favor of the Claimant from the Confirmation Order, the Bar Notice and Section 524.

15. Section 503(a) allows a claimant to tardily file an administrative claim for cause. The deadline provided in Section 503(a) is not jurisdictional and the term "cause" provides the bankruptcy court with wide discretion to allow belated administrative claim filings in the interests of justice. *In re Heartland Steel, Inc.,* 2003 WL 23100035 (Bankr. S.D. Ind. Dec. 16, 2003).

16. The failure to receive notice is a cause that authorizes Claimant to tardily file her Application.

17. Rule 9006(b)(1) permits a court to allow late filed claims resulting from excusable neglect resulting from inadvertence, mistake or carelessness. *Pioneer Inv.*

*Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380 (1993). Bankruptcy courts have used the “excusable neglect” standard of Fed. R. Bankr. P. 9006(b)(1) in the context of a Section 503(a) application for administrative expense. *See In re: Bicoastal Corp*., 147 B.R. 258 (M.D. Fla. 1992). *See also In re Reams Broad. Corp., 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993).*

18. "Excusable neglect" is an equitable concept requiring consideration of the danger of prejudice to the Debtor, the length of the delay and its impact on the judicial proceedings, the reason for the delay and movant's good faith. *Pioneer.*

19. The failure to receive notice Mr. Agnetti and Ms. Alexander and the failure of the undersigned to receive notice of the existence of this pending post petition claim constitute excusable neglect warranting allowance of the late filing of the Application.

20. The Debtor will not be prejudiced by the allowance of the late filed claim as the Debtor was aware of the Claimant’s claim and any damages that are awarded pursuant to the Action will be paid in cash in accordance with the Joint Plan of Reorganization. Similarly, the delay between the bar date and Claimant’s filing of this Motion and the Application has no impact on the Debtor.

21. Furthermore, as a known creditor of the Debtor, the Claimant was entitled to actual notice of the claims bar date before her claim could be extinguished. *In re Hillsborough Holdings Corp.*, 172 B.R. 108 (Bankr. M.D. Fla. 1994).

22. Courts have consistently held that a late claim is not barred if there is no notice of the claims bar date. *In re Premier Membership Services, LLC*, 276 B.R. 709, 713 (Bankr. S.D. Fla. 2002).

23. As established by the Affidavits attached as Exhibit B, neither the assigned attorney nor paralegal received notice of the administrative claims bar date.

24. Thus, even though there may have been actual knowledge of the existence of the bankruptcy case, the Debtor was not discharged from the debt of the Claimant, who was known to the Debtor, but who failed to receive notice of the administrative claims bar date. *In re Spring Valley Farms, Inc.*, 863 F. 2d 832, 835 (11th Cir.1989).

25. Although this Court cannot liquidate Claimant’s personal injury claim, the Court has the authority to permit late-filed administrative expense claims and to determine whether a particular debt has been discharged.

Wherefore, pursuant to Rule 9024, the Claimant requests an order granting her relief from the Bar Notice, Section 524, and the Confirmation Order and, pursuant to Section 503(a) and Rule 9006(b), authorizing the Claimant to file the Application and allow the claim to be liquidated in the Action.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2007, I filed the foregoing through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

Hoffman, Larin & Agnetti, P.A.
909 North Miami Beach Blvd.
Suite 201
Miami, FL 33162
(305) 653-5555
davidp@hlalaw.com

/s/ David L. Perkins

David L. Perkins