UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et.al.  Case No. 05-03817-3F1

Reorganized Debtors.  Chapter 11

_____/  Jointly Administered

### AFFIDAVIT OF DAVID L. PERKINS, ESQ.

**STATE OF FLORIDA** )
                      SS
**COUNTY OF MIAMI-DADE** )

BEFORE ME, the undersigned authority personally appeared David L. Perkins who after being duly sworn, deposes and says as follows:

1. My name is David L. Perkins and I am an associate in the law firm of Hoffman, Larin & Agnetti, P.A. handling various personal injury cases after they are placed into litigation. I make this affidavit based on my personal knowledge.

2. My job responsibilities included the handling a number of pre-petition Winn Dixie cases through the bankruptcy claims procedure. In that regard, I did receive a copy of the proposed Plan and later a copy of the Notice of the Order Providing an Administrative Claims Bar Date.

3. I was not aware that the pre-suit department of said law firm was handling the post petition claim of NORALIE KEKLLAS. Had I been so aware, I would have taken steps to timely file her Administrative Claim before the bar date.

4. I did not become aware of said claim until mid April when it was brought to my attention by Ms. Alexander who had received a communication denying the claim because of the bar date from the adjusters at Sedgwick.

FURTHER AFFIANT SAYETH NOT

_____
DAVID L. PERKINS

The foregoing was acknowledged before an officer duly authorized in the State and County aforesaid to take acknowledgements this 30th day of April 2007 by David L. Perkins who personally appeared before me at the time of notarization and who is personally known to me.

NOTARY PUBLIC

_____
State of Florida at Large

My commission expires:



RICHARD COGSWELL
Notary Public - State of Florida
My Commission Expires Feb 22, 2008
Commission # DD292700
Bonded By National Notary Assn.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et.al.             Case No. 05-03817-3F1

Reorganized Debtors.                 Chapter 11

_____/     Jointly Administered

## AFFIDAVIT OF YAFAH ALEXANDER

**STATE OF FLORIDA**           )
                                       SS
**COUNTY OF MIAMI-DADE**    )

       BEFORE ME, the undersigned authority personally appeared Yafah Alexander who after being duly sworn, deposes and says as follows:

       1.      My name is Yafah Alexander and I am employed as a secretary / paralegal in the pre-suit department of the law firm of Hoffman, Larin & Agnetti, P.A. I make this affidavit based on my personal knowledge.

       2.      My job duties included the handing of the claim of NORALIE KEKLLAS under the supervision John Agnetti Esq.

       3.      On October 12, 2005, the undersigned law firm through its assigned secretary and paralegal, forwarded two Notice of Claimant's claim to the debtor certified mail, return receipt requested. On October 20, 2005, Sedgwick, Debtor's claims adjusters, sent a letter to the undersigned firm disclosing the details of debtor's insurance coverage. On November 16, 2005, a Sedgwick adjuster, Katelyn Brim, called the firm's assigned paralegal requesting an informal statement and was provided with information concerning the Claimant's injuries and health care providers. On January 30, 2006, the undersigned firm provided a medical authorization to Sedgwick. On March 1, 2006, an adjuster from Sedgwick called to re-schedule the informal statement of the Claimant. On March 7, 2006, Ms. Brim of Sedgwick wrote to the undersigned firm requesting further information on the claim. On August 4, 2006 and September 20, 2006, I spoke to adjusters from Sedgwick concerning the status of Claimant's treatment. On November

30, 2006 and December 1, 2006, Ernestine Wilson of Sedgwick forwarded letters to the undersigned firm requesting information concerning the status of Claimant's treatment. In none of these multiple telephonic and written communications, did the debtor or its representative, Sedgwick, ever mention the bar date.

4. Neither I nor John Agnetti, received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims until I received a letter dated March 2, 2007, from Ernestine Wilson of Sedgwick, claiming that the deadline for the filing of Claimant's claim had expired pursuant to said Bar Date.

5. I have had no information that the Claimant has received notice of the bar date in that the law firm has not been able to communicate with the Claimant since March of 2006 despite numerous attempts by myself and my predecessor to reach the Claimant by phone and letter.

FURTHER AFFIANT SAYETH NOT

_____
YAFAH ALEXANDER

The foregoing was acknowledged before an officer duly authorized in the State and County aforesaid to take acknowledgements this 30th day of April 2007 by Yafah Alexander who personally appeared before me at the time of notarization and who is personally known to me.

_____
NOTARY PUBLIC

_____
State of Florida at Large

My commission expires:

RICHARD COGSWELL
Notary Public - State of Florida
My Commission Expires Feb 22, 2008
Commission # DD292700
Bonded By National Notary Assn.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et.al.                   Case No. 05-03817-3F1

Reorganized Debtors.                           Chapter 11

_____/      Jointly Administered

### AFFIDAVIT OF JOHN AGNETTI, ESQ.

**STATE OF FLORIDA**                )
                                          SS
**COUNTY OF MIAMI-DADE**    )

BEFORE ME, the undersigned authority personally appeared John Agnetti who after being duly sworn, deposes and says as follows:

1. My name is John Agnetti and I am a partner in the law firm of Hoffman, Larin & Agnetti, P.A. and supervise the pre-suit department thereof. I make this affidavit based on my personal knowledge.

2. The claim of NORALIE KEKLLAS was handled by Yafah Alexander and her predecessor under my supervision.

3. Neither I nor Yafah Alexander received any notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims until Ms. Alexander received a letter dated March 2, 2007, from Ernestine Wilson of Sedgwick, adjusters for the Debtor, claiming that the deadline for the filing of Claimant's claim had expired pursuant to said Bar Date.

FURTHER AFFIANT SAYETH NOT



_____
JOHN B. AGNETTI

The foregoing was acknowledged before an officer duly authorized in the State and County aforesaid to take acknowledgements this 30th day of April 2007 by John Agnetti who personally appeared before me at the time of notarization and who is personally known to me.

NOTARY PUBLIC

_____

State of Florida at Large

My commission expires:



RICHARD COGSWELL
Notary Public - State of Florida
My Commission Expires Feb 22, 2008
Commission # DD292700
Bonded By National Notary Assn.