UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et.al.                    Case No. 05-03817-3F1
                                                   Chapter 11
    Reorganized Debtors.                           Jointly Administered
_____/

## MOTION TO SCHEDULE OMNIBUS HEARING REGARDING MOTIONS TO ALLOW LATE FILED ADMINISTRATIVE CLAIMS

Miriam Gonzalez, Yness Herrera and Juan Quintana (the "Claimants") move the Court for an order scheduling a single omnibus hearing for all late filed administrative claimants who assert that they did not receive notice of the administrative claims bar date and state as follows:

1. The Claimants suffered post-petition personal injury and damages at the premises of a Winn Dixie Store. Damages sustained from a post-petition tort committed by a debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471 (1968).

2. On November 9, 2006, this Court entered an Order (the "Confirmation Order") Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors ("Winn Dixie"). The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

3. On December 6, 2006, a Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims (the "Bar Notice") was issued which established a bar date of January 5, 2007 for administrative expense applications.

Case 3:05-bk-03817-JAF   Doc 16196   Filed 05/02/07   Page 2 of 7

Case No. 05-03817-3F1

4.      Neither the Claimants nor their counsel received notice of the Confirmation Order, the Bar Notice or any other notice of a bar date for administrative claims. Notwithstanding this lack of receipt, Kathleen M. Logan of Logan & Company, Inc. executed a certificate of service (the "Certificate of Service") which asserts that the Claimants and their counsel were served with the Bar Notice.  A copy of the Certificate of Service and the attached pages reflecting the Claimants and their counsel on the service list are attached as Composite Exhibit A (C.P. # 13200).

5.      Upon learning of the administrative claims bar date, the Claimants took immediate steps to assert their administrative claim status, including the filing of motions for relief (the "Motions for Relief") from the Bar Notice, Section 524, and the Confirmation Order and also sought, pursuant to Sections 503(a) and Rule 9006(b), to allow their late filed applications for administrative claim.  Copies of the motions and applications are attached as Composite Exhibit B (C.P. #'s 15465 to 15468).

6.      Winn Dixie has asserted that the Claimants are barred by the Bar Notice and Section 524 from pursuing their claims against Winn Dixie.  Attached as Exhibit E to the Motions for Relief (Exhibit B hereto) are correspondence from Winn Dixie's counsel to the Claimants' counsel stating that the Claimants prosecution of their respective state court actions are in violation of the Bar Notice and Section 524 and requesting dismissal of those actions.[1]

---

[1] Notwithstanding Winn Dixie's assertion that the Claimants cannot prosecute their state court actions and that such actions must be dismissed, Winn Dixie has recently initiated discovery in Ms. Gonazlez' state court action.  Attached as Composite Exhibit C is a Notice of Production from Non-Party and a Subpoena Duces Tecum Without

2

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1538 • (305) 375-8171

Case No. 05-03817-3F1

7.    Review of other motions to allow late filed administrative claims reveals that there are a plethora of other administrative claimants who did not receive the Bar Notice, but who are also reflected on the Certificate of Service as having been served. Thus, the following claimants (the "Other Claimants") have filed motions to allow late filed administrative claims which assert lack of notice, yet the Certificate of Service asserts that such claimants were served: Kassidie Casagrand (C.P. #15707); Shirley Chopin (C.P. #15268); Alba Damian (C.P. #15867); Verna and William Dingley (C.P. #15255); Dana Ealy (C.P. #14898); Jacqueline Freeman (C.P. #15489); Linda and Dwight Hogan (C.P. #15076); Valeria Jones (C.P. #15145); Amelia Lixie (C.P. 15877); Sandra and Eugene Marchese (C.P. #15117); Louise A. McGrew (C.P. #14589); Marie McNear (C.P. #15191); Susan Miranda (C.P. #15578); Sharon Murray (C.P. #16004); Linda Nolan (C.P. #15423); Maria Orozco (C.P. #14869); Mavis and Jimmie Pierson (C.P. #14675); Janett Reeves (C.P. #15360); Alice Ross (C.P. 16003); Magda Salinas (C.P. #15791); Carmela Villavicencio (C.P. #15052); Catherine Watson (C.P. #15969); Carrie and Devon Williams (C.P. #16005) Elizabeth and Grady Wimberly (C.P. #15078); Yvette Rodriquez (C.P. #16093), Aretheria Ashe (C.P. #16140); Jennifer Annette (C.P. #16141); Freddie Grimsley (C.P. #16142); and Sydney Hilton (C.P. #16143).

---

Deposition issued by Winn Dixie's counsel on April 20, 2007. Also, Winn Dixie's state court defense counsel could have simply filed a pleading or sent a letter to opposing counsel regarding the administrative bar date in each state court action advising the Claimants and others of the bar date. This would have been a simple way to provide notice. Winn Dixie did send a letter <u>after</u> the bar date had passed to notify the Claimants' counsel that their clients' claims were barred, but for some reason chose a different (and seemingly defective) procedure to notify Claimants prior to the bar date. See Exhibit E to Exhibit B hereto.

3

Case No. 05-03817-3F1

8.  The denial of the Claimants' claims without notice is a denial of due process.

*See, e.g., In re Spring Valley Farms, Inc.*, 863 F. 2d 832, 834 (11th Cir.1989):

> Considerable support exists for plaintiffs' assertion that due process prevents Section 1141 from being read to extinguish their claims when no notice of the bar date for filing a proof of claim has been sent in compliance with Bankruptcy Rule 2002(a)(8). *See Sheftelman v. Standard Metals Corp.,* 839 F.2d 1383, 1386 (10th Cir.1987) (notice under Rule 2002(a) "must also be given to satisfy due process requirements," even when creditor had actual notice of bankruptcy); *Reliable Elec. Co., Inc. v. Olson Const. Co.,* 726 F.2d 620, 622-23 (10th Cir.1984) (discharging of debt under § 1141 violated due process when creditor with knowledge of the bankruptcy did not receive statutory notice of confirmation hearing). Relevant case law also exists under the former Bankruptcy Code. *See City of New York v. New York, N.H. & H.R. Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953) (discharge provision of bankruptcy code did not operate against claim of creditor who never received actual notice of bar date for filing a claim); *In re Intaco Puerto Rico, Inc.,* 494 F.2d 94, 99 (1st Cir.1974) ("[T]he fact that the creditor may, as here, be generally aware of the pending reorganization, does not itself impose upon him an affirmative duty to intervene in that matter and present his claim."); *In re Harbor Tank Storage,* 385 F.2d 111, 115 (3d Cir.1967) ("[A] creditor has every right to assume that he will be sent all notices to which he is entitled under the Act.").

9.  Relevant to each motion to allow a late filed claim is the fact that there are numerous other claimants who did not receive the Bar Notice. Accordingly, scheduling the Motions for Relief and the Other Claimants' motions will provide these claimants adequate opportunity to prove lack of receipt of the Bar Notice and entitlement to their late filed application for administrative claim.

10. Judicial economy will result if a single hearing is scheduled.

11. Undersigned counsel has contacted some (but not all) of the Other Claimants' counsel and each desired to have the hearings on all the subject motions scheduled

4

Case No. 05-03817-3F1

together. Additionally, undersigned counsel has served each of the Other Claimants' counsel with a copy of this motion.

12. Undersigned counsel has contacted counsel to Winn Dixie who has refused to schedule an omnibus hearing as requested herein.

13. Because the hearing on the motions to allow late filed administrative claims will be evidentiary, the Claimants also seek a scheduling order which provides for discovery and related deadlines and which schedules the omnibus hearing as evidentiary.

Wherefore, the Claimants request an order scheduling a single omnibus evidentiary hearing and setting discovery and related deadlines for the Claimants, the Other Claimants, and any other late filed administrative claimant who asserts that it did not receive the Bar Notice.[2]

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was served either electronically or by U.S. Mail this 2nd day of May, 2007 on: **James Post, Esq.**, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL 32202; **Matthew Barr, Esq.**, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; **John R. Buchholz, Esq.**, Kelley Kronenberg, 15600 N.W. 67th Avenue, Suite 204, Miami Lakes, FL 33014; **Kassidie Casagrand, c/o Christine E. Pejot, Esq.**, 1911 Pine Forest Dr., New Port Richey, FL 34654; **Dennis J. LeVine, Esq.**, P.O. Box 707, Tampa, FL 33601-0707l;

---

[2] If the Court grants the relief requested herein, the Claimants request that the Court require counsel to Winn Dixie to identify and include in the notice scheduling the omnibus hearing on all other similarly situated claimants who are not identified in this motion.

5

Case No. 05-03817-3F1

**Shirley Chopin, c/o Steven J. Rando, Esq.**, 3530 Canal St., New Orleans, LA 70119; **Chad A. Dean, Esq.**, 118 West Adams St., Suite 800, Jacksonville, FL 32202; **Alba Damian**, 340 N.W. 19th St., Apt. #308, Boca Raton, FL 33432; **Joseph C. Schulz, Esq.**, 631 US Highway 1, Suite 202, North Palm Beach, FL 33408; **Verna & William Dingley, c/o Adam S. Goldstein, Esq.**, 3909 Central Ave., St. Petersburg, FL 33713; **Dana Ealy, c/o David N. Stern, Esq.**, 200 E. Broward Blvd., 11th Floor, Ft. Lauderdale, FL 33301; **Jacqueline Freeman, c/o James H. Peltier, Jr., Esq.**, P.O. Box 4162, Baton Rouge, LA 70821; **Linda & Dwight Hogan**, 5704 5th St., Lipscomb, AL 35020; **Wallace W. Seals, Esq.**, P.O. Box 10448, Birmingham, AL 35202-0448; **Valeria Jones, c/o Aaron J. Luck, Esq.**, P.O. Box 64, Montgomery, AL 36101; **Amelia Lixie, c/o Daniel R. Maier, Esq.**, 915 Middle River Dr., 6th Floor, Ft. Lauderdale, FL 33304; **Robert D. Wilcox, Esq.**, 6817 Southpoint Parkway, Suite 1302, Jacksonville, FL 32216; **Sandra & Eugene R. Marchese**, 5423 James St., New Port Richey, FL 34652-3958; **Richard D. Giglio, Esq.**, 101 E. Kennedy Blvd., Suite 3170, Tampa, FL 33602; **Louise A. McGrew**, 1055 South, Scott St., Mobile, AL 36603; **Henry H. Caddell, Esq.**, 1911 Government, Mobile, AL 36606; **Marie McNear, c/o James G. Bodin, Esq.**, P.O. Box 64, Montgomery, AL 36101; **Susan A. Miranda, c/o James Schwitalla, Esq.**, 12954 SW 133 Ct., Miami, FL 33186; **Sharon Murray, c/o Rehan N. Khawaja, Esq.**, 817 N. Main St., Jacksonville, FL 32202; **Linda Nolan, c/o Rolando Guerra, Esq.**, 9700 Dr. MLK, Jr. St. N., Suite 400, St. Petersburg, FL 33702; **Maria Orozco, c/o Philip J. Slotnick, Esq.**, 9950 Princess Palm Ave., Suite 101, Tampa, FL 33619; **Mavis & Jimmie Pierson, c/o William J. Crain, Esq.**, Northlake

Case No. 05-03817-3F1

Corporate Pk., Suite 103, 1001 Service Road E., Hwy. 190 , Covington, LA 70434; **Janett Reeves, c/o Dan A. Goldberg, Esq.**, 505 N. 20th St., Suite 325, Birmingham, AL 35203; **Alice Ross, c/o Rehan N. Khawaja, Esq.**, 817 N. Main St., Jacksonville, FL 32202; **Magda Salinas, c/o Bradley R. Markey, Esq.**, 50 N. Laura St., Suite 1600, Jacksonville, FL 32202-3614; **Carmela Villavicencio, c/o Jose Francisco, Esq.**, 6100 Blue Lagoon Dr., Suite 360, Miami, FL 33126; **Edward Freire, Esq.**, 1800 W. 49th St., Suite 311, Hialeah, FL 33012; **Catherine S. Watson**, 870 Hwy. 29 N., #84, Cantonment, FL 32633-0000; **George D. Stewart, Esq.**, 4519 Hwy. 90, Pace, FL 32571; **Carrie & Devon Williams, c/o Daniel N. Gonzalez, Esq.**, 200 S. Biscayne Blvd., Suite 3000, Miami, FL 33131; **Elizabeth Wimberly, c/o Willie G. Allen, Esq.**, 800 S.E. 3rd Ave., PH, Fort Lauderdale, FL 33316; **Artheria Ashe, Jennifer Annette, Freddie Grimsley, Sydney Hilton c/o David L. Perkins, Esq.**, 909 N. Miami Beach Blvd., Suite 201, N. Miami Beach, FL 33162; **Yvette Rodriguez**, 7803 Tidewater Trail, Tampa, FL 33687; and **Camille J. Iurillo, Esq.**, 600 First Ave. North, Suite 308, St. Petersburg, FL 33701.

       TABAS, FREEDMAN, SOLOFF &
       MILLER, P.A.

By: */s/ Joel L. Tabas*
     Joel L. Tabas
     Florida Bar No. 516902
     jtabas@tfsmlaw.com
     Attorneys for Claimants
     919 Ingraham Building
     25 Southeast Second Avenue
     Miami, Florida 33131-1538
     Telephone: (305) 375-8171
     Telefax: (305) 381-7708