UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et.al.                    Case No. 05-03817-3F1
                                                   Chapter 11
         Reorganized Debtors.                      Jointly Administered

_____/

### MOTION (I) FOR RELIEF FROM BAR DATE FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS, FROM SECTION 524 AND FROM ORDER CONFIRMING PLAN OF REORGANIZATION AND (II) TO ALLOW LATE FILED APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM OF MIRIAM GONZALEZ
(Post-petition Personal Injury Claim)

Pursuant to Federal Rule of Bankruptcy Procedure 9024, Miriam Gonzalez ("Claimant") moves the Court for an order granting her relief from the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims ("Bar Notice"), for relief from Bankruptcy Code Section 524, for relief from the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors ("Confirmation Order") and, pursuant to Sections 503(a) and Rule 9006(b), authorizing the Claimant to file the Application for Allowance of Administrative Expense Claim for Post-Petition Personal Injury attached hereto as Exhibit A (the "Application"), and states as follows:

1.     On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2.     By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

**EXHIBIT
COMPOSITE
"B"**

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1538 • (305) 375-8171

3.    Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4.    On June 18, 2005, the Claimant suffered personal injury and damages when she was injured at the premises of the Debtor. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471(1968).

5.    On August 31, 2006, the Claimant initiated an action against the Debtor in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County styled Miriam Gonzalez versus Winn Dixie Supermarkets Inc., Case No. 06-17647-CA-01 (the "Action"). A copy of the Amended Complaint is attached as Exhibit B.

6.    On September 1, 2006, state court counsel to the Debtor, John Buchholz ("Buchholz"), contacted counsel to Claimant, Keith Chasin ("Chasin"), and advised that although the Debtor was the subject of a bankruptcy case, because the subject claim arose post-petition, the bankruptcy case did not affect the Action and that there was no automatic stay in effect.

7.    Accordingly, the Action proceeded in the ordinary course - the pleadings have closed, discovery has been initiated and settlement negotiations have occurred. A copy of the state court docket in respect of the Action is attached as Exhibit C (the "Docket"). As evidenced by the Docket, there have been no filings in the Action suggesting a bar or discharge in effect which would preclude the prosecution of the Action.

2

Case No. 05-03817-3F1

8.      On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

9.      On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

10.      Neither the Claimant nor Chasin received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims. A copy of the Affidavits of the Claimant and Chasin are attached as Composite Exhibit D.

11.      On February 6, 2007, David L. Gay ("Gay"), counsel to the Debtor, sent a letter to Chasin, a copy of which is attached as Exhibit E (the "Gay Letter"). The Gay Letter stated that the prosecution of the Action was in violation of the Bar Notice and Section 524 and requested dismissal of the Action.

12.      Chasin immediately contacted Buchholz, who stated he was unaware of the Confirmation Order, the Bar Notice or any other bar to the prosecution of the Action.

13.      Chasin immediately responded to Gay by letter dated February 7, 2007, a copy of which is attached as Exhibit F, in which Chasin reaffirmed that Buchholz had advised him that the Action was not affected by the bankruptcy case, that the Debtor had offered to settle the Action, and that neither Chasin nor the Claimant received any notice of a bar to the filing of administrative claims.

14.      Claimant has been prejudiced by the failure to receive notice of the bar date and by the lack of disclosure of the bar date in the Action or by state court counsel to the Debtor.

3

15.    The Debtor will not be prejudiced by the late filing of the Application because the Debtor has had actual knowledge of Claimant's claim since at least August 31, 2006 and the Debtor has actively litigated the Action.

16.    Furthermore, the Debtor is estopped from asserting the Claimant's claim is barred as a result of the representations made by counsel to the Debtor as described above.

17.    Rule 9024 incorporates Federal Rule of Civil Procedure 60(b)(6), which provides that "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment."

18.    The failure to receive notice and the representations of counsel warrant relief in favor of the Claimant from the Confirmation Order, the Bar Notice and Section 524.

19.    Section 503(a) allows a claimant to tardily file an administrative claim for cause. The deadline provided in Section 503(a) is not jurisdictional and the term "cause" provides the bankruptcy court with wide discretion to allow belated administrative claim filings in the interests of justice. *In re Heartland Steel, Inc.,* 2003 WL 23100035 (Bankr. S.D. Ind. Dec. 16, 2003).

20.    The failure to receive notice and the representations of counsel are cause to authorize Claimant to tardily file her Application.

21.    Rule 9006(b)(1) permits a court to allow late filed claims resulting from excusable neglect resulting from inadvertence, mistake or carelessness. *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993).

4

Case No. 05-03817-3F1

22.    "Excusable neglect" is an equitable concept requiring consideration of the danger of prejudice to the Debtor, the length of the delay and its impact on the judicial proceedings, the reason for the delay and movant's good faith. *Pioneer.*

23.    The failure to receive notice and the representations of counsel constitute excusable neglect warranting allowance of the late filing of the Application.

24.    The Debtor will not be prejudiced by the allowance of the late filed claim as the Debtor was aware of the Claimant's claim and any damages that are awarded pursuant to the Action will be paid in cash in accordance with the Joint Plan of Reorganization. Similarly, the delay between the bar date and Claimant's filing of this Motion and the Application has no impact on the Debtor.

25.    Furthermore, as a known creditor of the Debtor, the Claimant was entitled to actual notice of the claims bar date before her claim could be extinguished. *In re Hillsborough Holdings Corp.,* 172 B.R. 108 (Bankr. M.D. Fla. 1994).

26.    Courts have consistently held that a late claim is not barred if there is no notice of the claims bar date. *In re Premier Membership Services, LLC,* 276 B.R. 709, 713 (Bankr. S.D. Fla. 2002).

27.    As established by the Affidavits attached as Exhibit D, neither the Claimant nor Chasin received notice of the administrative claims bar date.

28.    Thus, even though the Claimant had actual knowledge of the existence of the bankruptcy case, the Debtor was not discharged from the debt of the Claimant, who was known to the Debtor, and who failed to receive notice of the administrative claims bar date. *In re Spring Valley Farms, Inc.*, 863 F. 2d 832, 835 (11th Cir.1989).

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1538 • (305) 375-8171

Case No. 05-03817-3F1

29.     Although this Court cannot liquidate Claimant's personal injury claim, the Court has the authority to permit late filed administrative expense claims and to determine whether a particular debt has been discharged.

Wherefore, pursuant to Rule 9024, the Claimant requests an order granting her relief from the Bar Notice, Section 524, and the Confirmation Order and, pursuant to Sections 503(a) and Rule 9006(b), authorizing the Claimant to file the Application and allow the claim to be liquidated in the Action.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served on **James Post, Esquire**, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202, **Matthew Barr, Esquire**, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 and **John R. Buchholz, Esquire**, Kelley Kronenberg, 15600 N.W. 67th Avenue, Suite 204, Miami Lakes, Florida 33014, this 12th day of March, 2007.

TABAS, FREEDMAN, SOLOFF &
MILLER, P.A.

By:   _/s/ Joel L. Tabas_____
        Joel L. Tabas
        Florida Bar No. 516902
        jtabas@tfsmlaw.com
        Attorneys for Claimant
        919 Ingraham Building
        25 Southeast Second Avenue
        Miami, Florida  33131-1538
        Telephone: (305) 375-8171
        Telefax: (305) 381-7708

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1538 • (305) 375-8171

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:
Winn-Dixie Stores, Inc., et.al.                      Case No. 05-03817-3F1
                                                     Chapter 11
     Reorganized Debtors.                            Jointly Administered
_____/

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM
### FOR POST-PETITION PERSONAL INJURIES BY MIRIAM GONZALEZ

Pursuant to 11 U.S.C. § 503, Miriam Gonzalez ("Claimant") hereby requests that the

Court enter an Order approving this application for allowance of an administrative expense

claim, and as grounds therefor says:

1.     On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates

(collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy

Code in the United States Bankruptcy Court for the Southern District of New York.

2.     By Order dated April 13, 2005, venue was transferred to the United States

Bankruptcy Court for the Middle District of Florida.

3.     Since that time, the Debtor operated property and managed its business as

Debtor-in-Possession.

4.     On June 18, 2005, the Claimant suffered personal injury and damages when

she was injured at the premises of the Debtor. Damages sustained from a post-petition tort

committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391

U.S. 471(1968).

5.     On August 31, 2006, the Claimant initiated an action against the Debtor in

the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County styled



EXHIBIT

"A"

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1538 • (305) 375-8171

Case No. 05-03 817-3F1

Miriam Gonzalez versus Winn Dixie Supermarkets Inc., Case No. 06-17647-CA-01 (the "Action"). A copy of the Amended Complaint is attached as Exhibit A.

6.     On September 1 2006, state court counsel to the Debtor, John Buchholz ("Buchholz"), contacted counsel to Claimant, Keith Chasin ("Chasin"), and advised that although the Debtor was the subject of a bankruptcy case, because the subject claim arose post-petition, the bankruptcy case did not affect the Action and that there was no automatic stay in effect.

7.     The Action proceeded in the ordinary course - the pleadings have closed, discovery has been initiated and settlement negotiations have occurred. A copy of the state court docket in respect of the Action is attached as Exhibit B (the "Docket"). As evidenced by the Docket, there have been no filings in the Action suggesting a bar or discharge in effect which would preclude the prosecution of the Action.

8.     On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

9.     On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

10.    Neither the Claimant nor Chasin received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims. A copy of the Affidavits of the Claimant and Chasin are attached as Composite Exhibit C.

Wherefore, Claimant requests that the Court enter an Order approving this application for allowance of an administrative expense claim.

2

Case No. 05-03 817-3F1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served on **James Post, Esquire**, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202, **Matthew Barr, Esquire**, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 and **John R. Buchholz, Esquire**, Kelley Kronenberg, 15600 N.W. 67th Avenue, Suite 204, Miami Lakes, Florida 33014, this 12th day of March, 2007.

TABAS, FREEDMAN, SOLOFF &
MILLER, P.A.

By:  /s/ Joel L. Tabas
Joel L. Tabas
Florida Bar No. 516902
jtabas@tfsmlaw.com
Attorneys for Claimant
919 Ingraham Building
25 Southeast Second Avenue
Miami, Florida  33131-1538
Telephone: (305) 375-8171
Telefax: (305) 381-7708

3

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO:  06-17647 CA 04

MIRIAM GONZALEZ,

     Plaintiff,

vs.

WINN-DIXIE STORES, INC.

     Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

    The Plaintiff, MIRIAM GONZALEZ, sues the Defendant, WINN-DIXIE

STORES, INC., and alleges:

    1.    This is an action for damages in excess of the Fifteen Thousand Dollar

($15,000.00) jurisdictional limits of this Court, exclusive of interest and costs.

    2.    At all times material hereto, MIRIAM GONZALEZ, was a resident of

Miami, Miami-Dade County, Florida.

    3.    At all times material hereto, the Defendant, WINN-DIXIE STORES, INC.,

was a Florida corporation licensed to do business, and doing business, in Miami-Dade

County, Florida.

    4.    On or about June 18, 2005, Defendant was the owner or lessee, and in

possession of, a building located at 15450 N.W. 77 Court, Hialeah, Miami-Dade County,

Florida, that was used as a WINN-DIXIE STORES.

    5.    At that time and place, Plaintiff, MIRIAM GONZALEZ, was a business

EXHIBIT

"B"

invitee of the Defendant, having gone there to purchase groceries.

6.    At that time and place, Defendant, WINN-DIXIE STORES, INC.,
negligently maintained the premises by allowing water to leak from the freezer, and there
was another foreign substance on the floor, so that Plaintiff slipped and fell as the result
of the water and the foreign substance on the floor, as she was shopping.

7.    The negligent condition was known to Defendant or had existed for a
sufficient length of time so that Defendant should have known of it.

8.    The Defendant, WINN-DIXIE STORES, INC. did not have adequate
procedures in place to maintain the area, and keep the area safe for business invitees such
as Plaintiff, MIRIAM GONZALEZ, and thereby the Plaintiff's accident was foreseeable.

9.    That the Defendant, WINN-DIXIE STORES, INC., is the cause of this
incident because they did not have reasonable inspection procedures, or adequate
maintenance, and through their negligence, they were the proximate cause of Plaintiff's
injuries.

10.    The Defendant, WINN-DIXIE STORES, INC., by and through their
negligent maintenance of the store furnishings, including but not limited to, the freezer
and the floor, actually caused the water on the floor by failing to have their freezer in the
produce section maintained and by failing to maintain the floor.

11.    As a result, Plaintiff, MIRIAM GONZALEZ, suffered bodily injury and
resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for
the enjoyment of life, expense of hospitalization, medical and nursing care and treatment,
loss of earnings, loss of ability to earn money, and aggravation of a previously existing
condition. The losses are either permanent or continuing in nature and Plaintiff,

~~MIRIAM GONZALEZ, will suffer the losses in the future.~~

WHEREFORE, the Plaintiff prays for judgment against the Defendant as to all issues and Plaintiff further requests a trial by jury and an award of court costs.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 26th day of September, 2006, to: **John R. Buchholz, Esquire**, KELLEY KRONENBERG, 15600 NW 67th Avenue, Suite 204, Miami Lakes, Florida 33014.

CHASIN & STINSON
9100 South Dadeland Boulevard
One Datran Center, PH-1, Suite 1704
Miami, Florida 33156
Tele:   (305) 670-1833
Fax:    (305) 670-1834

By:_____
     MONICA GALINDO STINSON, ESQ.
     Florida Bar No. 145785



Clerk of Courts
11th Judicial Circuit of Florida
Miami-Dade County

Home | Online Services | Meet the Clerk | Contact Us | miamidade.gov

## Civil / Family / Probate Justice System Docket Information

**GONZALEZ, MIRIAM vs WINN DIXIE SUPERMARKETS INC**
* Click on BOOK/PAGE of a particular docket to see the image if it is available *

| | |
|---|---|
| **Case Number (LOCAL):** | 2006-17647-CA-01 |
| **Case Number (STATE):** | 13-2006-CA-017647-0000-01 |

**Filing Date:** 8/31/2006

**Dockets Retrieved:** 36

**Judicial Section:** 04

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 02/21/07 | | NOTICE: | OF CANCELLATION OF DEPOSITION |
| 02/06/07 | | MOTION TO COMPEL | |
| 02/06/07 | | NOTICE OF HRG SPECIAL APPT | 02/28/2007 02:45 PM |
| 02/02/07 | | MULTIPLE SUBPOENAS FILED | 2 |
| 01/31/07 | | NOTICE OF FILING: | EXECUTED JURAT PAGE |
| 01/23/07 | | NOTICE OF TAKING DEPOSITION | |
| 01/22/07 | | NOTICE OF PRODUCTION | |
| 01/19/07 | | NOTICE OF TAKING DEPOSITION | |
| 01/16/07 | | NOTICE OF INTERROGATORY | |
| 01/16/07 | | REQUEST FOR PRODUCTION | |
| 01/10/07 | | NOTICE OF HRG SPECIAL APPT | 02/28/2007 02:45 PM |
| 01/08/07 | | NOTICE OF PRODUCTION | |
| 01/03/07 | | NOTICE OF ANSWER TO INTERROGATORIES | |
| 01/02/07 | | SUBPOENA RETURNED | |
| 12/13/06 | | NOTICE OF TAKING DEPOSITION | |
| 12/12/06 | | NOTICE OF ANSWER TO INTERROGATORIES | |
| 12/12/06 | | RESPONSE TO REQUEST FOR PRODUCTION | |
| 12/12/06 | | TEXT | DEF'S PRIVILEGE LOG |
| 12/01/06 | | NOTICE OF PRODUCTION | |
| 11/14/06 | | RESPONSE TO REQUEST FOR PRODUCTION | |
| 11/07/06 | | NOTICE OF ANSWER TO INTERROGATORIES | |
| 10/30/06 | | NOTICE OF UNAVAILABILITY/ABSENCE | |
| 10/19/06 | | ANSWER TO AMENDED COMPLAINT | DN01 |
| 10/10/06 | | NOTICE OF INTERROGATORY | |

**EXHIBIT**

"C"

| Date | Document | Details |
|---|---|---|
| 10/10/06 | NOTICE OF TAKING DEPOSITION | |
| 10/10/06 | REQUEST FOR PRODUCTION | |
| 09/26/06 | AMENDED COMPLAINT | |
| 09/26/06 | DEMAND FOR JURY TRIAL | |
| 09/25/06 | NOTICE OF HEARING- | MOTIONS 10/05/2006 09:30 AM |
| 09/25/06 | TEXT | MTN TO DISMISS |
| 08/31/06 | CIVIL COVER | |
| 08/31/06 | COMPLAINT | |
| 08/31/06 | DEMAND FOR JURY TRIAL | |
| 08/31/06 | NOTICE OF INTERROGATORY | |
| 08/31/06 | REQUEST FOR PRODUCTION | |
| 08/31/06 | SUMMONS ISSUED | DN01 |

BEGIN NEW SEARCH                                                    ALL PARTIES

## AFFIDAVIT OF MIRIAM GONZALEZ

STATE OF FLORIDA        )

                             SS

COUNTY OF MIAMI-DADE    )

BEFORE ME, the undersigned authority personally appeared MIRIAM GONZALEZ who is more than 18 years of age, and who resides at 8340 N.W. 168 Street, Miami, Florida 33016, and who after being duly sworn under oath deposes and states as follows:

1.      My name is MIRIAM GONZALEZ and I was involved in a slip and fall accident which occurred at Winn Dixie Stores, 15450 N.W. 77 Court, Hialeah, Miami-Dade County, Florida, on June 18, 2005, wherein I sustained personal injuries.

2.      That I never received any written or oral notice advising me of any deadline to file a claim with the Winn Dixie Bankruptcy Estate in order for my claim against Winn Dixie Store to go forward.

FURTHER AFFIANT SAYETH NAUGHT.

_____

MIRIAM GONZALEZ, Affiant

The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this _22_ day of _February_, 2007, by MIRIAM GONZALEZ, who personally appeared before me at the time of notarization, and who is _personally known to me_ or has produced _____ as identification and who did/did not take an oath.

NOTARY PUBLIC:

SIGN    _____

PRINT   _Aida Andujar_

          State of _Florida_ at Large

          (Seal)

My Commission Expires:

AIDA ANDUJAR
Notary Public - State of Florida
My Commission Expires Dec 17, 2010
Commission # DD 588207
Bonded By National Notary Assn.

EXHIBIT
COMPOSITE
"D"

1

## AFFIDAVIT OF KEITH CHASIN

STATE OF FLORIDA      )
                          SS
COUNTY OF MIAMI DADE   )

BEFORE ME, the undersigned authority personally appeared KEITH CHASIN, of the law firm of CHASIN & STINSON, located at 9100 South Dadeland Boulevard, One Datran Center, Penthouse 1, Suite 1704, Miami, Florida 33156, who after being duly sworn under oath deposes and states as follows:

1. My name is KEITH CHASIN and I am the attorney representing Miriam Gonzalez in a lawsuit arising out of an accident which occurred at Winn Dixie Stores, located at 15450 N.W. 77th Court, Hialeah, Miami-Dade County, Florida, on June 18, 2005.

2. That the undersigned has been practicing law in the State of Florida since 1982 and has been located at the above address for approximately the last five (5) years.

3. That at no point did the undersigned receive any written or oral notice of any Bankruptcy Court Order or deadline from any party prior to the administrative claim bar of January 5, 2007.

4. Sometime in late January the undersigned was contacted by John R. Buchholz, Esquire, the attorney for Winn Dixie in the law suit filed on behalf of Miriam Gonzalez in Miami-Dade Circuit Court, Case No: 06-17647 CA 04. At that time Mr. Buchholz advised the undersigned that there had been no claim filed with the Bankruptcy Estate on behalf of Ms. Gonzalez and that the claim was therefore barred. The undersigned advised Mr. Buchholz that he had never received any notice requiring a filing with the Bankruptcy Estate.

5.    That the undersigned has spoken with his client, Miriam Gonzalez, and Ms.

Gonzalez has advised him that she never received any written or oral notice of any claims filing

deadline regarding her claim against Winn Dixie.

FURTHER AFFIANT SAYETH NAUGHT.

_____
KEITH CHASIN, ESQ., Affiant

The foregoing instrument was acknowledged before me, an officer duly authorized in the

State and County aforesaid, to take acknowledgments, this _17_ day of _February_ 2007,

by KEITH CHASIN, who personally appeared before me at the time of notarization, and who is

personally known to me or has produced _____ as identification

and who did/did not take an oath.

NOTARY PUBLIC:

SIGN    _____

PRINT    _PATRICIA A. MORRISON_
         State of _FLORIDA_    at Large
         (Seal)

My Commission Expires:

Patricia A. Morrison
My Commission DD254073
Expires September 28, 2007

2

Case 3:05-bk-03817-JAF    Doc 16196-2    Filed 05/02/07    Page 18 of 63
03/12/200 Case 3:05-bk-03817-JAF    Document 15465 GRACE Filed 03/12/2007    Page 18 of 21 AGE    02
03/08/2007  14:55    3056701834                    CHASIN STINSON BARON                    PAGE  02

LAW OFFICES

# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-2315

| | | |
|---|---|---|
| CHARLES A. BEARD | JOHN F. MacLENNAN | LLOYD SMITH |
| JAMES A. BOLLING | RAYMOND R. MAGLEY | (1916-1971) |
| BEAU BOWIN | E. OWEN McCULLER, JR. | |
| DAVID D. BURNS | ERIC N. McKAY | MARK HULSEY |
| STEPHEN D. BUSEY | MATTHEW F. McLAUGHLIN | JOHN E. THRASHER |
| CHARMAINE T. M. CHIU | BERT J. MILLIS | OF COUNSEL |
| ERIC W. ENZMINGER | STEPHEN R. MOORE, JR. | |
| J. NICK FERNELLE, JR. | RAYMOND H. O'STEEN, JR. | TELEPHONE |
| EARL E. GODEE, JR. | JAMES H. POST | 904-359-7700 |
| MICHAEL H. HARMON | LEANNE McKNIGHT PRENDERGAST | |
| JEANNE E. HELTON | BRYAN L. PUFNAL | FACSIMILE |
| DAVID J. HULL | E. LANNY RUSSELL | 904-359-7708 |
| CYNTHIA C. JACKSON | ELIZABETH M. SCHULE | 904-353-9908 |
| SCOTT R. RAUL | JOEL SETTEMBRINI, JR. | |
| CHARLES H. KELLER | TIM E. SLEETH | |
| G. PRESTON KEYES | JOHN R. SMITH, JR. | |
| RICHARD E. KLEIN | LEE D. WEDEKIND, III | |
| WILLIAM E. KUNTZ | HARRY M. WILSON, III | |
| LAUREN PARSONS LANGHAM | ALLAN E. WULBERN | |
| H. RICHARD LEWIS, JR. | | |

February 6, 2007

Monica Galindo Stinson, Esq.
Chasin & Stinson
9100 South Dadeland Blvd., 2nd Floor
One Datran Center, PH 1, Suite 1704
Miami, FL 33156

Re:   In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy
Court, Middle District of Florida, Jacksonville Division; Case No. 05-
03817-3F1, Chapter 11, Jointly Administered

Miriam Gonzalez v. Winn-Dixie Stores, Inc., in the Eleventh Circuit
Court in and for Miami-Dade County, Florida Case No. 06-17647-CA-
04

Dear Ms. Stinson:

This firm represents Winn-Dixie Stores, Inc. in the referenced Chapter 11
proceedings.

We have been advised that you are presently prosecuting the referenced state
court action in violation of the Administrative Claims Bar Date established by the
Bankruptcy Court in the referenced case.  For the reasons set forth below, your
continued prosecution of the state court action is in violation of the permanent
injunction provisions of Section 524 of the Bankruptcy Code and the Bankruptcy
Court's Confirmation Order.

On February 21, 2005, Winn-Dixie Stores, Inc. and its affiliates (the
"Debtors") filed voluntary petitions for reorganization under Chapter 11 of the
Bankruptcy Code.  On November 21, 2006, the Bankruptcy Court entered an order
confirming the Joint Plan of Reorganization filed by the Debtors, as modified (the
"Plan").

EXHIBIT

"E"

Case 3:05-bk-03817-JAF   Doc 16196-2   Filed 05/02/07   Page 19 of 63
03/12/20Case 3:05-bk-03817-JAF   Document 15466N Filed 03/12/2007   Page 19 of 21GE  03

03/08/2007  14:55   3056701834                CHASIN STINSON BARON              PAGE  03

LAW OFFICES

SMITH HULSEY & BUSEY

Monica Galindo Stinson, Esq.
February 6, 2007
Page 2

Pursuant to Section 1141(d) of the Code, the order confirming the Plan (the "Confirmation Order") discharged the Debtors from all debts arising prior to Confirmation, including all debts or claims arising against the Debtors between February 21, 2005 and November 21, 2006 ("Administrative Expense Claims"). Each creditor whose claim has been discharged is now barred, pursuant to Section 524(a) of the Code, from instituting or continuing any action or employing any process against the Debtors to collect or recover such debts. Any action taken or order entered with respect to any discharged debt without Bankruptcy Court authorization is void as a matter of law.

Pursuant to the Confirmation Order, an Administrative Claims Bar Date Notice was sent to all parties in interest, including your client, advising them that administrative expense claims must be filed with the Bankruptcy Court on or before January 5, 2007 and that the failure to do so would result in their claim being time-barred and relinquished. The Administrative Expense Claim Bar Date Notice was also published in national and regional newspapers.

No timely application for an administrative expense claim was filed by or on behalf of Ms. Gonzalez with the Bankruptcy Court. As a result, the claim she is now asserting in the referenced state court action is time-barred and relinquished as set forth in the Confirmation Order.

Accordingly, your continued prosecution of the state court action against the Debtor is in violation of Section 524 of the Code and the Bankruptcy Court's Confirmation Order. We therefore demand that you dismiss the referenced state court action on or before February 13, 2007, and that a copy of such dismissal be served upon me. If we do not receive a dismissal notice by February 13, we will file a complaint against you and your client in the Bankruptcy Court for sanctions and take such other actions as are appropriate.

Please call me if you have any questions regarding this matter.

Very truly yours,

David L. Gay

By facsimile and mail
(305) 670-1834
c: John R. Buchholz, Esq.
DLG/mam/00557111

February 7, 2007

**Via Facsimile:  (904) 359-7708**

David L. Gay, Esquire
Smith Hulsey & Busey
1800 Wachovia Bank Tower
225 Water Street
Post Office Box 53315
Jacksonville, Florida 32201-3315

Re:     *In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy Court*
        *Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1,*
        *Chapter 11 Jointly Administered*

        *Miriam Gonzalez vs. Winn-Dixie Stores, Inc., in the Eleventh Circuit Court in*
        *and for Miami-Dade County, Florida, Case No. 06-17647 CA 04*

Dear Mr. Gay:

        This responds to yours of February 6, 2007, threatening to have a complaint filed against this law firm and our client in the Bankruptcy Court for "sanctions" for the Winn-Dixie case which is presently being litigated in Miami-Dade County Circuit Court.

        First, the date of filing of this complaint was September 1, 2006.

        Second, the complaint alleges an accident which occurred on June 18, 2005. As such, at the time this action was filed, we were advised by Winn-Dixie's attorney, John Buchholz, that this case *was not affected by the bankruptcy proceedings*, because this was a post-petition accident.

        Third, there has been no filing in the state case of any "stay" of litigation.

        Fourth, Winn-Dixie has attempted to settle this claim by offering Ms. Gonzalez $10,000.

EXHIBIT

"F"

Fifth, this law firm never received any notice of a bankruptcy petition which covered this claim, and inasmuch as Winn-Dixie knew that this plaintiff was represented by counsel, why wasn't a notice to file a claim sent here?

Sixth, Mrs. Gonzalez denies that a notice of claim was sent to her personally.

We have never sought to violate the bankruptcy proceeding, and to date, we have received no notice that this claim is even covered by the bankruptcy – if so, why was Winn-Dixie actively defending itself herein? One would think that Winn-Dixie has acted in bad faith and would be judicially estopped to claim that Mrs. Gonzalez knew or should have known to file a notice of claim in a bankruptcy proceeding when she had no knowledge that this claim might be affected by same. As such, the only entity that should be sanctioned is Winn-Dixie. Kindly advise if you withdraw your letter, or if we need a judge with competent jurisdiction to determine whether, in fact, this action is stayed.

I would ask Winn-Dixie's attorney – you or Mr. Buchholz – to respond no later than February 9, 2007 with the legal basis for seeking to halt this state court litigation.

Very truly yours,

Keith Chasin

KC/pam
cc:    John R. Buchholz, Esquire  [by fax: (305) 774-6632]
Lit-Gay

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et.al.                         Case No. 05-03817-3F1
                                                        Chapter 11
            Reorganized Debtors.                        Jointly Administered
_____/

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM
### FOR POST-PETITION PERSONAL INJURIES BY MIRIAM GONZALEZ

Pursuant to 11 U.S.C. § 503, Miriam Gonzalez ("Claimant") hereby requests that the

Court enter an Order approving this application for allowance of an administrative expense

claim, and as grounds therefor says:

1.      On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates

(collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy

Code in the United States Bankruptcy Court for the Southern District of New York.

2.      By Order dated April 13, 2005, venue was transferred to the United States

Bankruptcy Court for the Middle District of Florida.

3.      Since that time, the Debtor operated property and managed its business as

Debtor-in-Possession.

4.      On June 18, 2005, the Claimant suffered personal injury and damages when

she was injured at the premises of the Debtor. Damages sustained from a post-petition tort

committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391

U.S. 471(1968).

5.      On August 31, 2006, the Claimant initiated an action against the Debtor in

the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County styled

Case No. 05-03 817-3F1

Miriam Gonzalez versus Winn Dixie Supermarkets Inc., Case No. 06-17647-CA-01 (the "Action"). A copy of the Amended Complaint is attached as Exhibit A.

6.     On September 1 2006, state court counsel to the Debtor, John Buchholz ("Buchholz"), contacted counsel to Claimant, Keith Chasin ("Chasin"), and advised that although the Debtor was the subject of a bankruptcy case, because the subject claim arose post-petition, the bankruptcy case did not affect the Action and that there was no automatic stay in effect.

7.     The Action proceeded in the ordinary course - the pleadings have closed, discovery has been initiated and settlement negotiations have occurred. A copy of the state court docket in respect of the Action is attached as Exhibit B (the "Docket"). As evidenced by the Docket, there have been no filings in the Action suggesting a bar or discharge in effect which would preclude the prosecution of the Action.

8.     On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

9.     On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

10.    Neither the Claimant nor Chasin received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims. A copy of the Affidavits of the Claimant and Chasin are attached as Composite Exhibit C.

Wherefore, Claimant requests that the Court enter an Order approving this application for allowance of an administrative expense claim.

2

Case No. 05-03 817-3F1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served on **James Post, Esquire**, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202, **Matthew Barr, Esquire**, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 and **John R. Buchholz, Esquire**, Kelley Kronenberg, 15600 N.W. 67th Avenue, Suite 204, Miami Lakes, Florida 33014, this 12th day of March, 2007.

TABAS, FREEDMAN, SOLOFF & MILLER, P.A.

By:  _/s/ Joel L. Tabas_____
Joel L. Tabas
Florida Bar No. 516902
jtabas@tfsmlaw.com
Attorneys for Claimant
919 Ingraham Building
25 Southeast Second Avenue
Miami, Florida  33131-1538
Telephone: (305) 375-8171
Telefax: (305) 381-7708

3

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 06-17647 CA 04

MIRIAM GONZALEZ,

     Plaintiff,

vs.

WINN-DIXIE STORES, INC.

     Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, MIRIAM GONZALEZ, sues the Defendant, WINN-DIXIE

STORES, INC., and alleges:

1.    This is an action for damages in excess of the Fifteen Thousand Dollar

($15,000.00) jurisdictional limits of this Court, exclusive of interest and costs.

2.    At all times material hereto, MIRIAM GONZALEZ, was a resident of

Miami, Miami-Dade County, Florida.

3.    At all times material hereto, the Defendant, WINN-DIXIE STORES, INC.,

was a Florida corporation licensed to do business, and doing business, in Miami-Dade

County, Florida.

4.    On or about June 18, 2005, Defendant was the owner or lessee, and in

possession of, a building located at 15450 N.W. 77 Court, Hialeah, Miami-Dade County,

Florida, that was used as a WINN-DIXIE STORES.

5.    At that time and place, Plaintiff, MIRIAM GONZALEZ, was a business

**EXHIBIT**

"A"

invitee of the Defendant, having gone there to purchase groceries.

6.    At that time and place, Defendant, WINN-DIXIE STORES, INC., negligently maintained the premises by allowing water to leak from the freezer, and there was another foreign substance on the floor, so that Plaintiff slipped and fell as the result of the water and the foreign substance on the floor, as she was shopping.

7.    The negligent condition was known to Defendant or had existed for a sufficient length of time so that Defendant should have known of it.

8.    The Defendant, WINN-DIXIE STORES, INC. did not have adequate procedures in place to maintain the area, and keep the area safe for business invitees such as Plaintiff, MIRIAM GONZALEZ, and thereby the Plaintiff's accident was foreseeable.

9.    That the Defendant, WINN-DIXIE STORES, INC., is the cause of this incident because they did not have reasonable inspection procedures, or adequate maintenance, and through their negligence, they were the proximate cause of Plaintiff's injuries.

10.    The Defendant, WINN-DIXIE STORES, INC., by and through their negligent maintenance of the store furnishings, including but not limited to, the freezer and the floor, actually caused the water on the floor by failing to have their freezer in the produce section maintained and by failing to maintain the floor.

11.    As a result, Plaintiff, MIRIAM GONZALEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff,

MIRIAM GONZALEZ, will suffer the losses in the future.

WHEREFORE, the Plaintiff prays for judgment against the Defendant as to all issues and Plaintiff further requests a trial by jury and an award of court costs.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 26th day of September, 2006, to: **John R. Buchholz, Esquire**, KELLEY KRONENBERG, 15600 NW 67th Avenue, Suite 204, Miami Lakes, Florida 33014.

CHASIN & STINSON
9100 South Dadeland Boulevard
One Datran Center, PH-1, Suite 1704
Miami, Florida 33156
Tele:  (305) 670-1833
Fax:   (305) 670-1834


By:_____
    MONICA GALINDO STINSON, ESQ.
    Florida Bar No. 145785



**Clerk of Courts**
11th Judicial Circuit of Florida
Miami-Dade County

Home    Online Services    Meet the Clerk    Contact Us    miamidade.gov

## Civil / Family / Probate Justice System Docket Information

### GONZALEZ, MIRIAM vs WINN DIXIE SUPERMARKETS INC
* Click on BOOK/PAGE of a particular docket to see the image if it is available *

| | |
|---|---|
| **Case Number (LOCAL):** | 2006-17647-CA-01 |
| **Case Number (STATE):** | 13-2006-CA-017647-0000-01 |

**Filing Date:** 8/31/2006
**Dockets Retrieved:** 36
**Judicial Section:** 04

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 02/21/07 | | NOTICE: | OF CANCELLATION OF DEPOSITION |
| 02/06/07 | | MOTION TO COMPEL | |
| 02/06/07 | | NOTICE OF HRG SPECIAL APPT | 02/28/2007 02:45 PM |
| 02/02/07 | | MULTIPLE SUBPOENAS FILED | 2 |
| 01/31/07 | | NOTICE OF FILING: | EXECUTED JURAT PAGE |
| 01/23/07 | | NOTICE OF TAKING DEPOSITION | |
| 01/22/07 | | NOTICE OF PRODUCTION | |
| 01/19/07 | | NOTICE OF TAKING DEPOSITION | |
| 01/16/07 | | NOTICE OF INTERROGATORY | |
| 01/16/07 | | REQUEST FOR PRODUCTION | |
| 01/10/07 | | NOTICE OF HRG SPECIAL APPT | 02/28/2007 02:45 PM |
| 01/08/07 | | NOTICE OF PRODUCTION | |
| 01/03/07 | | NOTICE OF ANSWER TO INTERROGATORIES | |
| 01/02/07 | | SUBPOENA RETURNED | |
| 12/13/06 | | NOTICE OF TAKING DEPOSITION | |
| 12/12/06 | | NOTICE OF ANSWER TO INTERROGATORIES | |
| 12/12/06 | | RESPONSE TO REQUEST FOR PRODUCTION | |
| 12/12/06 | | TEXT | DEF'S PRIVILEGE LOG |
| 12/01/06 | | NOTICE OF PRODUCTION | |
| 11/14/06 | | RESPONSE TO REQUEST FOR PRODUCTION | |
| 11/07/06 | | NOTICE OF ANSWER TO INTERROGATORIES | |
| 10/30/06 | | NOTICE OF UNAVAILABILITY/ABSENCE | |
| 10/19/06 | | ANSWER TO AMENDED COMPLAINT | DN01 |
| 10/10/06 | | NOTICE OF INTERROGATORY | |

**EXHIBIT**

"B"

| 10/10/06 | NOTICE OF TAKING DEPOSITION | |
| 10/10/06 | REQUEST FOR PRODUCTION | |
| 09/26/06 | AMENDED COMPLAINT | |
| 09/26/06 | DEMAND FOR JURY TRIAL | |
| 09/25/06 | NOTICE OF HEARING- | MOTIONS 10/05/2006 09:30 AM |
| 09/25/06 | TEXT | MTN TO DISMISS |
| 08/31/06 | CIVIL COVER | |
| 08/31/06 | COMPLAINT | |
| 08/31/06 | DEMAND FOR JURY TRIAL | |
| 08/31/06 | NOTICE OF INTERROGATORY | |
| 08/31/06 | REQUEST FOR PRODUCTION | |
| 08/31/06 | SUMMONS ISSUED | DN01 |

BEGIN NEW SEARCH                                                    ALL PARTIES

## AFFIDAVIT OF MIRIAM GONZALEZ

STATE OF FLORIDA         )
                             SS

COUNTY OF MIAMI-DADE   )

      BEFORE ME, the undersigned authority personally appeared MIRIAM GONZALEZ who is more than 18 years of age, and who resides at 8340 N.W. 168 Street, Miami, Florida 33016, and who after being duly sworn under oath deposes and states as follows:

    1.    My name is MIRIAM GONZALEZ and I was involved in a slip and fall accident which occurred at Winn Dixie Stores, 15450 N.W. 77 Court, Hialeah, Miami-Dade County, Florida, on June 18, 2005, wherein I sustained personal injuries.

    2.    That I never received any written or oral notice advising me of any deadline to file a claim with the Winn Dixie Bankruptcy Estate in order for my claim against Winn Dixie Store to go forward.

    FURTHER AFFIANT SAYETH NAUGHT.

MIRIAM GONZALEZ, Affiant

    The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this _22_ day of _February_, 2007, by MIRIAM GONZALEZ, who personally appeared before me at the time of notarization, and who is _personally known to me_ or has produced _____ as identification and who did/did not take an oath.

NOTARY PUBLIC:

SIGN _____

PRINT _Aida Andujar_

State of _Florida_ at Large
(Seal)

My Commission Expires:

AIDA ANDUJAR
Notary Public - State of Florida
My Commission Expires Dec 17, 2010
Commission # DD 588207
Bonded By National Notary Assn.

EXHIBIT
COMPOSITE
"C"

1

## AFFIDAVIT OF KEITH CHASIN

STATE OF FLORIDA            )
                            SS
COUNTY OF MIAMI DADE        )

BEFORE ME, the undersigned authority personally appeared KEITH CHASIN, of the law firm of CHASIN & STINSON, located at 9100 South Dadeland Boulevard, One Datran Center, Penthouse 1, Suite 1704, Miami, Florida 33156, who after being duly sworn under oath deposes and states as follows:

1.      My name is KEITH CHASIN and I am the attorney representing Miriam Gonzalez in a lawsuit arising out of an accident which occurred at Winn Dixie Stores, located at 15450 N.W. 77th Court, Hialeah, Miami-Dade County, Florida, on June 18, 2005.

2.      That the undersigned has been practicing law in the State of Florida since 1982 and has been located at the above address for approximately the last five (5) years.

3.      That at no point did the undersigned receive any written or oral notice of any Bankruptcy Court Order or deadline from any party prior to the administrative claim bar of January 5, 2007.

4.      Sometime in late January the undersigned was contacted by John R. Buchholz, Esquire, the attorney for Winn Dixie in the law suit filed on behalf of Miriam Gonzalez in Miami-Dade Circuit Court, Case No: 06-17647 CA 04.  At that time Mr. Buchholz advised the undersigned that there had been no claim filed with the Bankruptcy Estate on behalf of Ms. Gonzalez and that the claim was therefore barred.  The undersigned advised Mr. Buchholz that he had never received any notice requiring a filing with the Bankruptcy Estate.

1

5.    That the undersigned has spoken with his client, Miriam Gonzalez, and Ms.

Gonzalez has advised him that she never received any written or oral notice of any claims filing

deadline regarding her claim against Winn Dixie.

FURTHER AFFIANT SAYETH NAUGHT.

KEITH CHASIN, ESQ., Affiant

The foregoing instrument was acknowledged before me, an officer duly authorized in the

State and County aforesaid, to take acknowledgments, this _11_ day of _February_, 2007,

by KEITH CHASIN, who personally appeared before me at the time of notarization, and who is

personally known to me or has produced _____ as identification

and who did/did not take an oath.

NOTARY PUBLIC:

SIGN _____

PRINT    PATRICIA A. MORRISON
State of _FLORIDA_    at Large
(Seal)

My Commission Expires:


Patricia A. Morrison
My Commission DD254073
Expires September 28, 2007

2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et.al.                    Case No. 05-03817-3F1
                                                   Chapter 11
     Reorganized Debtors.                     Jointly Administered
_____/

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM
## FOR POST-PETITION PERSONAL INJURIES BY
## <u>YNES HERRERA AND JUAN QUINTANA</u>

Pursuant to 11 U.S.C. § 503, Ynes Herrera and Juan Quintana ("Claimants") hereby request that the Court enter an Order approving this application for allowance of an administrative expense claim, and as grounds therefor says:

1.      On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2.      By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3.      Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4.      On April 8, 2006, the Claimants suffered personal injury and damages when Claimant Herrera was injured at the premises of the Debtor. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471(1968).

5.      On October 13, 2006, the Claimants initiated an action against the Debtor in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County styled Ynes

Case No. 05-03 817-3F1

Herrera and Juan Quintana versus Winn Dixie Stores, Inc., Case No. 06-18682-CA-23 (the "Action"). A copy of the Amended Complaint is attached as Exhibit A.

6.      The Action proceeded in the ordinary course - the pleadings have closed and discovery has been initiated. A copy of the state court docket in respect of the Action is attached as Exhibit B (the "Docket"). As evidenced by the Docket, there have been no filings in the Action suggesting a bar or discharge in effect which would preclude the prosecution of the Action.

7.      On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

8.      On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

9.      Neither the Claimants nor their counsel in the Action, David F. Baron ("Baron") received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims. A copy of the Affidavits of the Claimant and Baron are attached as Composite Exhibit C.

Wherefore, Claimants request that the Court enter an Order approving this application for allowance of an administrative expense claim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served on **James Post, Esquire**, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202, **Matthew Barr, Esquire**, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan

2

Case No. 05-03 817-3F1

Plaza, New York, NY 10005 and **John R. Buchholz, Esquire**, Kelley Kronenberg, 15600

N.W. 67th Avenue, Suite 204, Miami Lakes, Florida 33014, this 12th day of March, 2007.

TABAS, FREEDMAN, SOLOFF &
MILLER, P.A.

By: _/s/ Joel L. Tabas_____
 Joel L. Tabas
 Florida Bar No. 516902
 jtabas@tfsmlaw.com
 Attorneys for Claimants
 919 Ingraham Building
 25 Southeast Second Avenue
 Miami, Florida  33131-1538
 Telephone: (305) 375-8171
 Telefax: (305) 381-7708

3

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO:   06-18682 CA 23

YNES HERRERA and
JUAN QUINTANA, her husband,

    Plaintiffs,

vs.

WINN DIXIE STORES, INC.,
A Florida Corporation,

    Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, YNES HERRERA and JUAN QUINTANA, her husband, sue the

Defendant, WINN DIXIE STORES, INC., a Florida corporation, and allege:

    1.    This is an action for damages which exceeds $15,000.00, exclusive of

interest and costs.

    2.    At all times material hereto, the Defendant, WINN DIXIE STORES, INC.,

is and was a Florida corporation doing business in Miami-Dade, Florida.

    3.    At all times material hereto, the Plaintiffs, YNES HERRERA and JUAN

QUINTANA, her husband, have been residents of Miami-Dade County, Florida.



**EXHIBIT**

"A"

LAW OFFICES OF DAVID F. BARON, P.A.
ONE DATRAN CENTER · PENTHOUSE 1 · SUITE 1704 · 9100 SOUTH DADELAND BOULEVARD · MIAMI, FLORIDA 33156 · DADE: (305) 670-1633 · BROWARD: (954) 760-9122

1

## FACTS SUPPORTING SLIP AND FALL LIABILITY

The Plaintiffs reaver and reallege allegations 1 through 3 above as though fully set forth herein.

4.    On or about April 8, 2006, the Plaintiff, YNES HERRERA, was a business invitee at WINN DIXIE STORES, INC., store #231, located NW 57th Avenue and Miami Gardens Drive, Miami Dade County, Florida, when she slipped and fell on a slippery substance, foreign object, that was left in the shampoo aisle floor.

5.    Defendant, WINN DIXIE STORES, INC., a Florida corporation, had a duty to the public in general and to the Plaintiff in particular, to keep the store clean and safe for patrons.

6.    Defendant negligently maintained the floor on the property by allowing a slippery substance on the floor so that Plaintiff fell on the property, in breach of its duty to provide a safe and clean store.

7.    The negligent condition was known to the Defendant or had existed for a sufficient length of time so that Defendant should have known of it.

8.    As a result, Plaintiff, YNES HERRERA, sustained personal injury and mental anguish, lost enjoyment of life, has incurred medical expenses and lost earnings, aggravation of a previously existing condition, has scarring, disfigurement and morbidity, and these conditions are permanent or continuing in nature. The Plaintiff, YNES HERRERA, will incur future medical bills and expenses, and will have impaired future earnings.

WHEREFORE, the Plaintiff, YNES HERRERA, prays for judgment against the Defendant, WINN DIXIE STORES, INC., a Florida corporation, as to all issues and Plaintiff further requests a trial by jury of all issues so triable as of right by jury, and an award of court costs.

## COUNT II - LOSS OF CONSORTIUM OF JUAN QUINTANA

The Plaintiff, JUAN QUINTANA, sues the Defendant, WINN DIXIE STORES, INC., a Florida corporation, and alleges:

9.     At all times material hereto, Plaintiff, JUAN QUINTANA, was married to the Plaintiff, YNES HERRERA.

10.     As a result of his wife's injuries as afore-alleged, JUAN QUINTANA, has lost the care, comfort and society of his wife on an either permanent or continuing basis.

WHEREFORE, the Plaintiff, JUAN QUINTANA, prays for judgment against the Defendant, WINN DIXIE STORES, INC., a Florida corporation, as to all issues and Plaintiff further requests a trial by jury of all issues so triable as of right by jury, and an award of court costs.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed this 13th day of October, 2006, to John R. Buchholz, Esquire, 15600 NW 67th Avenue, Suite 204, Miami Lakes, Florida 33014.

DAVID F. BARON, P.A.
One Datran Center, Suite 1704
9100 South Dadeland Boulevard
Miami, Florida 33156

By: _____
DAVID F. BARON - 297089

3




**Clerk of Courts**
11th Judicial Circuit of Florida
**Miami-Dade County**

Home | Online Services | Meet the Clerk | Contact Us | miamidade.gov

## Civil / Family / Probate Justice System Docket Information

**HERRERA, YNES vs WINN DIXIE SUPERMARKETS INC**
* Click on BOOK/PAGE of a particular docket to see the image if it is available *

| Case Number (LOCAL): | 2006-18682-CA-01 | Filing Date: 9/14/2006 |
|---|---|---|
| Case Number (STATE): | 13-2006-CA-018682-0000-01 | Dockets Retrieved: 27 |
| | | Judicial Section: 23 |

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 02/01/07 | | SUBPOENA RETURNED | |
| 01/31/07 | | REQUEST: | FOR COPIES |
| 01/23/07 | | NOTICE OF PRODUCTION | |
| 01/18/07 | | REQUEST FOR PRODUCTION | |
| 01/17/07 | | MULTIPLE SUBPOENAS FILED | 2 |
| 01/16/07 | | NOTICE OF PRODUCTION | |
| 01/09/07 | | NOTICE OF PRODUCTION | |
| 01/09/07 | | REQUEST: | FOR COPIES |
| 12/28/06 | | NOTICE OF FILING: | ANSWS TO INTERRS |
| 12/28/06 | | REQUEST FOR PRODUCTION | |
| 12/28/06 | | RESPONSE TO REQUEST FOR PRODUCTION | |
| 12/27/06 | | NOTICE OF PRODUCTION | |
| 11/27/06 | | ANSWER AND AFFIRMATIVE DEFENSE | ATTORNEY:88888888 DN01 |
| 11/16/06 | | ORDER: | GRANTING MTN TO DISMISS COMPLAINT (20-DAYS TO AMEND) |
| 10/30/06 | | NOTICE OF INTERROGATORY | |
| 10/30/06 | | NOTICE OF UNAVAILABILITY/ABSENCE | |
| 10/30/06 | | REQUEST FOR PRODUCTION | |
| 10/19/06 | | NOTICE OF INTERROGATORY | |
| 10/19/06 | | REQUEST FOR PRODUCTION | |
| 10/16/06 | | AMENDED COMPLAINT | |
| 10/16/06 | | DEMAND FOR JURY TRIAL | |
| 10/12/06 | | SERVICE RETURNED | BADGE # 63 S 09/28/2006 DN01 |
| 10/11/06 | | MOTION TO DISMISS | WINN DIXIE STORES,INC. |
| 09/14/06 | | CIVIL COVER | |
| 09/14/06 | | COMPLAINT | |
| 09/14/06 | | DEMAND FOR JURY TRIAL | |

```
EXHIBIT

"B"
```

09/14/06                    SUMMONS ISSUED                    DN01

BEGIN NEW SEARCH                                              ALL PARTIES

## ~~AFFIDAVIT OF YNES HERRERA~~

STATE OF FLORIDA    )
            ) SS
COUNTY OF MIAMI-DADE )

  BEFORE ME, the undersigned authority personally appeared Ynes Herrera who resides at 319 NW 109th Avenue, Apartment 8, Miami, Florida 33172, who after being duly sworn under oath deposes and states as follows:

  1. My name is Ynes Herrera and I was involved in a slip and fall accident which occurred at Winn Dixie Stores, store #231, located NW 57th Avenue and Miami Gardens Drive, Miami Dade County, Florida, on April 8, 2006, wherein I sustained personal injuries.

  2. That I never received any notice from the Court or any lawyers advising me that I was required to file a claim with the Bankruptcy Estate in order for my claim against Winn Dixie Store to go forward.

  FURTHER AFFIANT SAYETH NAUGHT.

             _____
             Ynes Herrera, Affiant

  The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this _15_ day of __February__ 2007, by Ynes Herrera, who personally appeared before me at the time of notarization, and who is personally known to me or has produced _personally known_ as identification and who did/did not take an oath.

         NOTARY PUBLIC:

SIGN   _____

PRINT  _Juan Cordoves_
       State of __Florida__ at Large
       (Seal)

My Commission Expires:

V. CORDOVES
Comm# DD0241278
Expires 12/9/2007
Florida Notary Assn., Inc

EXHIBIT
COMPOSITE
"C"

## AFFIDAVIT OF DAVID F. BARON

STATE OF FLORIDA               )
                               )   SS
COUNTY OF MIAMI DADE           )

BEFORE ME, the undersigned authority personally appeared DAVID F. BARON, of the law firm of David F. Baron, P.A., located at 9100 S. Dadeland Blvd., Penthouse 1, Suite 1704, Miami, Florida 33156, who after being duly sworn under oath deposes and states as follows:

1. My name is David F. Baron and I am the attorney representing Ynes Herrera in a lawsuit arising out of an accident which occurred at Winn Dixie Stores, store #231, located at NW 57th Avenue and Miami Gardens Drive, Miami Dade County, Florida, on April 8, 2006.

2. That the undersigned has been practicing law in the State of Florida since 1980 and has been located at the above address for approximately the last five (5) years.

3. That at no point did the undersigned receive any notice of Bankruptcy regarding the claim of *Ynes Herrera v. Winn Dixie Store*, until sometime in late January when he was contacted by John R. Buchholz, Esquire, the attorney for Winn Dixie in the law suit filed on behalf of Ynes Herrera in Miami Dade Circuit Court, Case No: 06-18682 CA 23. At that time Mr. Buchholz advised the undersigned that there had been no claim filed with the Bankruptcy Estate on behalf of Ms. Herrera and that the claim was

1

therefore barred. The undersigned advised Mr. Buchholz that he had never received any notice requiring a filing with the Bankruptcy Estate.

4.    That the undersigned has spoken with his client, Ynes Herrera, and Ms. Herrera has advised him that she never received any notice requiring her to file a claim with the Bankruptcy Estate in her claim against Winn Dixie.

5.    Apparently, pursuant to the Orders of the Bankruptcy Court, the undersigned has now learned that a claim had to be filed with the Court in the Bankruptcy case involving Winn Dixie, but said information had never been provided to the undersigned nor was any notice received by the undersigned regarding the need to file such a claim.

FURTHER AFFIANT SAYETH NAUGHT.

_David F. Baron, Esquire, Affiant_

The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this 14 day of Feb        , 2007, by David F. Baron, who personally appeared before me at the time of notarization, and who is personally known to me or has produced Personally Known as identification and who did/did not take an oath.

NOTARY PUBLIC:

SIGN

PRINT    Vivian Cordoves

State of Florida at Large
(Seal)

V. CORDOVES
Comm# DD0241278
Expires 12/9/2007
Florida Notary Assn., Inc

My Commission Expires:

2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., et.al.                     Case No. 05-03817-3F1
                                                    Chapter 11
           Reorganized Debtors.                     Jointly Administered
_____/

## MOTION (I) FOR RELIEF FROM BAR DATE FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS, FROM SECTION 524 AND FROM ORDER CONFIRMING PLAN OF REORGANIZATION AND (II) TO ALLOW LATE FILED APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM OF YNES HERRERA AND JUAN QUINTANA
(Post-petition Personal Injury Claim)

Pursuant to Federal Rule of Bankruptcy Procedure 9024, Miriam Gonzalez and Juan Quintana ("Claimants") move the Court for an order granting them relief from the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims ("Bar Notice"), for relief from Bankruptcy Code Section 524, for relief from the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors ("Confirmation Order") and, pursuant to Sections 503(a) and Rule 9006(b), authorizing the Claimants to file the Application for Allowance of Administrative Expense Claim for Post-Petition Personal Injury attached hereto as Exhibit A (the "Application"), and state as follows:

1.      On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2.      By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3.      Since that time, the Debtor operated property and managed its business as

Debtor-in-Possession.

4.      On April 8, 2006, the Claimants suffered personal injury and damages when

Claimant Herrera was injured at the premises of the Debtor. Damages sustained from a

post-petition tort committed by the Debtor have administrative expense priority. *Reading*

*Co. v. Brown*, 391 U.S. 471(1968).

5.      On September 14, 2006, the Claimants initiated an action against the Debtor

in  the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County styled

Ynes Herrera and Juan Quintana versus Winn Dixie Stores, Inc., Case No. 06-18682-CA-

23 (the "Action"). A copy of the Amended Complaint is attached as Exhibit B.

6.      The Action proceeded in the ordinary course - the pleadings have closed and

discovery has been initiated. A copy of the state court docket in respect of the Action is

attached as Exhibit C (the "Docket"). As evidenced by the Docket, there have been no

filings in the Action suggesting a bar or discharge in effect which would preclude the

prosecution of the Action.

7.      On November 9, 2006, this Court entered the Confirmation Order. The

Confirmation Order established a bar date of January 5, 2007 for administrative expense

applications.

8.      On December 6, 2006, the Bar Notice was issued which established a bar

date of January 5, 2007 for administrative expense applications.

9.      Neither the Claimants nor their counsel in the Action, David F. Baron

("Baron"), received notice of the Confirmation Order or the Bar Notice or any other notice

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1538 • (305) 375-8171

Case No. 05-03817-3F1

of a bar date for administrative claims. A copy of the Affidavits of the Claimant and Baron
are attached as Composite Exhibit D.

10.    On February 6, 2007, David L. Gay ("Gay"), counsel to the Debtor, sent a
letter to Baron, a copy of which is attached as Exhibit E (the "Gay Letter"). The Gay Letter
stated that the prosecution of the Action was in violation of the Bar Notice and Section 524
and requested dismissal of the Action.

11.    Baron immediately responded to Gay by letter dated February 8, 2007, a
copy of which is attached as Exhibit F, in which Baron advised that neither he nor the
Claimants received any notice of a bar to the filing of administrative claims.

12.    Claimants have been prejudiced by the failure to receive notice of the bar
date and by the lack of disclosure of the bar date in the Action or by state court counsel to
the Debtor.

13.    The Debtor will not be prejudiced by the late filing of the Application because
the Debtor has had actual knowledge of Claimants' claims since at least September 14,
2006 and the Debtor has actively litigated the Action.

14.    Furthermore, the Debtor is estopped from asserting the Claimants' claims are
barred as a result of the failure of state court counsel to Winn Dixie to advise Claimants of
the bar date.

15.    Rule 9024 incorporates Federal Rule of Civil Procedure 60(b)(6), which
provides that "On motion and upon such terms as are just, the court may relieve a party or
a party's legal representative from a final judgment, order, or proceeding for . . . any other
reason justifying relief from the operation of the judgment."

3

Case No. 05-03817-3F1

16.    The failure to receive notice warrants relief in favor of the Claimants from the Confirmation Order, the Bar Notice and Section 524.

17.    Section 503(a) allows a claimant to tardily file an administrative claim for cause. The deadline provided in Section 503(a) is not jurisdictional and the term "cause" provides the bankruptcy court with wide discretion to allow belated administrative claim filings in the interests of justice. *In re Heartland Steel, Inc.,* 2003 WL 23100035 (Bankr. S.D. Ind. Dec. 16, 2003).

18.    The failure to receive notice are cause to authorize Claimants to tardily file their Application.

19.    Rule 9006(b)(1) permits a court to allow late filed claims resulting from excusable neglect resulting from inadvertence, mistake or carelessness. *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380 (1993).

20.    "Excusable neglect" is an equitable concept requiring consideration of the danger of prejudice to the Debtor, the length of the delay and its impact on the judicial proceedings, the reason for the delay and movant's good faith. *Pioneer.*

21.    The failure to receive notice constitutes excusable neglect warranting allowance of the late filing of the Application.

22.    The Debtor will not be prejudiced by the allowance of the late filed claim as the Debtor was aware of the Claimants' claims and any damages that are awarded pursuant to the Action will be paid in cash in accordance with the Joint Plan of Reorganization. Similarly, the delay between the bar date and Claimants' filing of this Motion and the Application has no impact on the Debtor.

4

23.    Furthermore, as known creditors of the Debtor, the Claimants were entitled to actual notice of the claims bar date before their claims could be extinguished. *In re Hillsborough Holdings Corp.,* 172 B.R. 108 (Bankr. M.D. Fla. 1994).

24.    Courts have consistently held that a late claim is not barred if there is no notice of the claims bar date. *In re Premier Membership Services, LLC*, 276 B.R. 709, 713 (Bankr. S.D. Fla. 2002).

25.    As established by the Affidavits attached as Exhibit D, neither the Claimants nor Baron received notice of the administrative claims bar date.

26.    Thus, even though the Claimants had actual knowledge of the existence of the bankruptcy case, the Debtor was not discharged from the debt of the Claimants, who were known to the Debtor, and who failed to receive notice of the administrative claims bar date. *In re Spring Valley Farms, Inc.*, 863 F. 2d 832, 835 (11th Cir.1989).

27.    Although this Court cannot liquidate Claimants' personal injury claims, the Court has the authority to permit late filed administrative expense claims and to determine whether a particular debt has been discharged.

Wherefore, pursuant to Rule 9024, the Claimants request an order granting them relief from the Bar Notice, Section 524, and the Confirmation Order and, pursuant to Section 503(a) and Rule 9006(b), authorizing the Claimants to file the Application and allow the claim to be liquidated in the Action.

5

Case No. 05-03817-3F1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served on **James Post,**

**Esquire**, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202,

**Matthew Barr, Esquire**, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan

Plaza, New York, NY 10005 and **John R. Buchholz, Esquire**, Kelley Kronenberg, 15600

N.W. 67th Avenue, Suite 204, Miami Lakes, Florida 33014, this 12th day of March, 2007.

TABAS, FREEDMAN, SOLOFF &
MILLER, P.A.

By: _/s/ Joel L. Tabas_____
    Joel L. Tabas
    Florida Bar No. 516902
    jtabas@tfsmlaw.com
    Attorneys for Claimants
    919 Ingraham Building
    25 Southeast Second Avenue
    Miami, Florida  33131-1538
    Telephone: (305) 375-8171
    Telefax: (305) 381-7708

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1538 • (305) 375-8171

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                    Case No. 05-03817-3F1
Winn-Dixie Stores, Inc., et.al.                           Chapter 11
                                                          Jointly Administered
     Reorganized Debtors.
_____/

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM
### FOR POST-PETITION PERSONAL INJURIES BY
### YNES HERRERA AND JUAN QUINTANA

Pursuant to 11 U.S.C. § 503, Ynes Herrera and Juan Quintana ("Claimants") hereby request that the Court enter an Order approving this application for allowance of an administrative expense claim, and as grounds therefor says:

1.     On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (collectively, the "Debtor"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2.     By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3.     Since that time, the Debtor operated property and managed its business as Debtor-in-Possession.

4.     On April 8, 2006, the Claimants suffered personal injury and damages when Claimant Herrera was injured at the premises of the Debtor. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. *Reading Co. v. Brown*, 391 U.S. 471(1968).

5.     On October 13, 2006, the Claimants initiated an action against the Debtor in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County styled Ynes

> **EXHIBIT**
>
> "A"

Case No. 05-03 817-3F1

Herrera and Juan Quintana versus Winn Dixie Stores, Inc., Case No. 06-18682-CA-23 (the "Action"). A copy of the Amended Complaint is attached as Exhibit A.

6.    The Action proceeded in the ordinary course - the pleadings have closed and discovery has been initiated. A copy of the state court docket in respect of the Action is attached as Exhibit B (the "Docket"). As evidenced by the Docket, there have been no filings in the Action suggesting a bar or discharge in effect which would preclude the prosecution of the Action.

7.    On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007 for administrative expense applications.

8.    On December 6, 2006, the Bar Notice was issued which established a bar date of January 5, 2007 for administrative expense applications.

9.    Neither the Claimants nor their counsel in the Action, David F. Baron ("Baron") received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims. A copy of the Affidavits of the Claimant and Baron are attached as Composite Exhibit C.

Wherefore, Claimants request that the Court enter an Order approving this application for allowance of an administrative expense claim.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served on **James Post, Esquire**, Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202, **Matthew Barr, Esquire**, Milbank, Tweed, Hadley and McCloy, LLP, 1 Chase Manhattan

2

Case No. 05-03 817-3F1

Plaza, New York, NY 10005 and **John R. Buchholz, Esquire**, Kelley Kronenberg, 15600

N.W. 67th Avenue, Suite 204, Miami Lakes, Florida 33014, this 12th day of March, 2007.

TABAS, FREEDMAN, SOLOFF &
MILLER, P.A.

By:  _/s/ Joel L. Tabas_
      Joel L. Tabas
      Florida Bar No. 516902
      jtabas@tfsmlaw.com
      Attorneys for Claimants
      919 Ingraham Building
      25 Southeast Second Avenue
      Miami, Florida  33131-1538
      Telephone: (305) 375-8171
      Telefax: (305) 381-7708

3

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 06-18682 CA 23

YNES HERRERA and
JUAN QUINTANA, her husband,

    Plaintiffs,

vs.

WINN DIXIE STORES, INC.,
A Florida Corporation,

    Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, YNES HERRERA and JUAN QUINTANA, her husband, sue the Defendant, WINN DIXIE STORES, INC., a Florida corporation, and allege:

1.    This is an action for damages which exceeds $15,000.00, exclusive of interest and costs.

2.    At all times material hereto, the Defendant, WINN DIXIE STORES, INC., is and was a Florida corporation doing business in Miami-Dade, Florida.

3.    At all times material hereto, the Plaintiffs, YNES HERRERA and JUAN QUINTANA, her husband, have been residents of Miami-Dade County, Florida.



**EXHIBIT**

"B"

LAW OFFICES OF DAVID F. BARON, P.A.
ONE DATRAN CENTER • PENTHOUSE 1 • SUITE 1704 • 9100 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • DADE (305) 670-1833 • BROWARD: (954) 760-9127

1

## FACTS SUPPORTING SLIP AND FALL LIABILITY

The Plaintiffs reaver and reallege allegations 1 through 3 above as though fully set forth herein.

4.    On or about April 8, 2006, the Plaintiff, YNES HERRERA, was a business invitee at WINN DIXIE STORES, INC., store #231, located NW 57th Avenue and Miami Gardens Drive, Miami Dade County, Florida, when she slipped and fell on a slippery substance, foreign object, that was left in the shampoo aisle floor.

5.    Defendant, WINN DIXIE STORES, INC., a Florida corporation, had a duty to the public in general and to the Plaintiff in particular, to keep the store clean and safe for patrons.

6.    Defendant negligently maintained the floor on the property by allowing a slippery substance on the floor so that Plaintiff fell on the property, in breach of its duty to provide a safe and clean store.

7.    The negligent condition was known to the Defendant or had existed for a sufficient length of time so that Defendant should have known of it.

8.    As a result, Plaintiff, YNES HERRERA, sustained personal injury and mental anguish, lost enjoyment of life, has incurred medical expenses and lost earnings, aggravation of a previously existing condition, has scarring, disfigurement and morbidity, and these conditions are permanent or continuing in nature. The Plaintiff, YNES HERRERA, will incur future medical bills and expenses, and will have impaired future earnings.

WHEREFORE, the Plaintiff, YNES HERRERA, prays for judgment against the Defendant, WINN DIXIE STORES, INC., a Florida corporation, as to all issues and Plaintiff further requests a trial by jury of all issues so triable as of right by jury, and an award of court costs.

## COUNT II - LOSS OF CONSORTIUM OF JUAN QUINTANA

The Plaintiff, JUAN QUINTANA, sues the Defendant, WINN DIXIE STORES, INC., a Florida corporation, and alleges:

9.     At all times material hereto, Plaintiff, JUAN QUINTANA, was married to the Plaintiff, YNES HERRERA.

10.     As a result of his wife's injuries as afore-alleged, JUAN QUINTANA, has lost the care, comfort and society of his wife on an either permanent or continuing basis.

WHEREFORE, the Plaintiff, JUAN QUINTANA, prays for judgment against the Defendant, WINN DIXIE STORES, INC., a Florida corporation, as to all issues and Plaintiff further requests a trial by jury of all issues so triable as of right by jury, and an award of court costs.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed this 13th day of October, 2006, to John R. Buchholz, Esquire, 15600 NW 67th Avenue, Suite 204, Miami Lakes, Florida 33014.

DAVID F. BARON, P.A.
One Datran Center, Suite 1704
9100 South Dadeland Boulevard
Miami, Florida 33156

By: _____
    DAVID F. BARON - 297089

3




Clerk of Courts
11th Judicial Circuit of Florida
Miami-Dade County

Home | Online Services | Meet the Clerk | Contact Us | miamidade.gov

## Civil / Family / Probate Justice System Docket Information

**HERRERA, YNES vs WINN DIXIE SUPERMARKETS INC**
* Click on BOOK/PAGE of a particular docket to see the image if it is available *

| Case Number (LOCAL): | 2006-18682-CA-01 | Filing Date: 9/14/2006 |
|---|---|---|
| | | Dockets Retrieved: 27 |
| Case Number (STATE): | 13-2006-CA-018682-0000-01 | Judicial Section: 23 |

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 02/01/07 | | SUBPOENA RETURNED | |
| 01/31/07 | | REQUEST: | FOR COPIES |
| 01/23/07 | | NOTICE OF PRODUCTION | |
| 01/18/07 | | REQUEST FOR PRODUCTION | |
| 01/17/07 | | MULTIPLE SUBPOENAS FILED | 2 |
| 01/16/07 | | NOTICE OF PRODUCTION | |
| 01/09/07 | | NOTICE OF PRODUCTION | |
| 01/09/07 | | REQUEST: | FOR COPIES |
| 12/28/06 | | NOTICE OF FILING: | ANSWS TO INTERRS |
| 12/28/06 | | REQUEST FOR PRODUCTION | |
| 12/28/06 | | RESPONSE TO REQUEST FOR PRODUCTION | |
| 12/27/06 | | NOTICE OF PRODUCTION | |
| 11/27/06 | | ANSWER AND AFFIRMATIVE DEFENSE | ATTORNEY:88888888 DN01 |
| 11/16/06 | | ORDER: | GRANTING MTN TO DISMISS COMPLAINT (20-DAYS TO AMEND) |
| 10/30/06 | | NOTICE OF INTERROGATORY | |
| 10/30/06 | | NOTICE OF UNAVAILABILITY/ABSENCE | |
| 10/30/06 | | REQUEST FOR PRODUCTION | |
| 10/19/06 | | NOTICE OF INTERROGATORY | |
| 10/19/06 | | REQUEST FOR PRODUCTION | |
| 10/16/06 | | AMENDED COMPLAINT | |
| 10/16/06 | | DEMAND FOR JURY TRIAL | |
| 10/12/06 | | SERVICE RETURNED | BADGE # 63 S 09/28/2006 DN01 |
| 10/11/06 | | MOTION TO DISMISS | WINN DIXIE STORES,INC. |
| 09/14/06 | | CIVIL COVER | |
| 09/14/06 | | COMPLAINT | |
| 09/14/06 | | DEMAND FOR JURY TRIAL | |

EXHIBIT

"C"

09/14/06                    SUMMONS ISSUED                    DN01

BEGIN NEW SEARCH                                              ALL PARTIES

## AFFIDAVIT OF YNES HERRERA

STATE OF FLORIDA               )
                               ) SS
COUNTY OF MIAMI-DADE           )

BEFORE ME, the undersigned authority personally appeared Ynes Herrera who

resides at 319 NW 109th Avenue, Apartment 8, Miami, Florida 33172, who after being

duly sworn under oath deposes and states as follows:

1.     My name is Ynes Herrera and I was involved in a slip and fall accident

which occurred at Winn Dixie Stores, store #231, located NW 57th Avenue and Miami

Gardens Drive, Miami Dade County, Florida, on April 8, 2006, wherein I sustained

personal injuries.

2.     That I never received any notice from the Court or any lawyers advising

me that I was required to file a claim with the Bankruptcy Estate in order for my claim

against Winn Dixie Store to go forward.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Ynes Herrera, Affiant

The foregoing instrument was acknowledged before me, an officer duly
authorized in the State and County aforesaid, to take acknowledgments, this _15_ day
of _February_ 2007, by Ynes Herrera, who personally appeared before me at the
time of notarization, and who is personally known to me or has produced
_Personally Known_ as identification and who did/did not take an oath.

NOTARY PUBLIC:

SIGN _____

PRINT _____
State of _Florida_ at Large
(Seal)

My Commission Expires:

V. CORDOVES
Comm# DD0241278
Expires 12/9/2007
Florida Notary Assn., Inc

EXHIBIT
COMPOSITE
"D"

## AFFIDAVIT OF DAVID F. BARON

STATE OF FLORIDA        )
                        SS
COUNTY OF MIAMI DADE    )

BEFORE ME, the undersigned authority personally appeared DAVID F. BARON, of the law firm of David F. Baron, P.A., located at 9100 S. Dadeland Blvd., Penthouse 1, Suite 1704, Miami, Florida 33156, who after being duly sworn under oath deposes and states as follows:

1.    My name is David F. Baron and I am the attorney representing Ynes Herrera in a lawsuit arising out of an accident which occurred at Winn Dixie Stores, store #231, located at NW 57th Avenue and Miami Gardens Drive, Miami Dade County, Florida, on April 8, 2006.

2.    That the undersigned has been practicing law in the State of Florida since 1980 and has been located at the above address for approximately the last five (5) years.

3.    That at no point did the undersigned receive any notice of Bankruptcy regarding the claim of *Ynes Herrera v. Winn Dixie Store,* until sometime in late January when he was contacted by John R. Buchholz, Esquire, the attorney for Winn Dixie in the law suit filed on behalf of Ynes Herrera in Miami Dade Circuit Court, Case No: 06-18682 CA 23. At that time Mr. Buchholz advised the undersigned that there had been no claim filed with the Bankruptcy Estate on behalf of Ms. Herrera and that the claim was

1

therefore barred. The undersigned advised Mr. Buchholz that he had never received any notice requiring a filing with the Bankruptcy Estate.

4.      That the undersigned has spoken with his client, Ynes Herrera, and Ms. Herrera has advised him that she never received any notice requiring her to file a claim with the Bankruptcy Estate in her claim against Winn Dixie.

5.      Apparently, pursuant to the Orders of the Bankruptcy Court, the undersigned has now learned that a claim had to be filed with the Court in the Bankruptcy case involving Winn Dixie, but said information had never been provided to the undersigned nor was any notice received by the undersigned regarding the need to file such a claim.

FURTHER AFFIANT SAYETH NAUGHT.

David F. Baron, Esquire, Affiant

The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this 14 day of Feb , 2007, by David F. Baron, who personally appeared before me at the time of notarization, and who is personally known to me or has produced _Personally Known_ as identification and who did/did not take an oath.

NOTARY PUBLIC:

SIGN

PRINT

State of Florida at Large
(Seal)

V. CORDOVES
Comm# DD0241278
Expires 12/9/2007
Florida Notary Assn., Inc

My Commission Expires:

2

LAW OFFICES

# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
BEAU BOWIN
DAVID D. BURNS
STEPHEN D. BUSEY
CHARHAINET M. CHIU
ERIC W. CASHINGER
J. RICE FERRELLE, JR.
EARL E. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
CHARLES H. KELLER
Q. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
C. OWEN McCULLER, JR.
ERIC N. McKAY
MATTHEW F. McLAUCHLIN
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND H. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY HUBBELL
ELIZABETH M. SCHULE
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
LEE D. WEDEKIND, III
HARRY M. WILSON, III
ALLAN C. WULBERN

LLOYD SMITH
(1919-1987)

MARK HULSEY
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

February 6, 2007

David F. Baron, Esq.
Chasin & Stinson
9100 South Dadeland Blvd., 2ⁿᵈ Floor
One Datran Center, PH 1, Suite 1704
Miami, FL 33156

Re:    In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy
Court, Middle District of Florida, Jacksonville Division; Case No. 05-
03817-3F1, Chapter 11, Jointly Administered

Ynes Herrera v. Winn-Dixie Stores, Inc., in the Eleventh Circuit Court
in and for Miami-Dade County, Florida Case No. 06-18682-CA-23

Dear Mr. Baron:

This firm represents Winn-Dixie Stores, Inc. in the referenced Chapter 11
proceedings.

We have been advised that you are presently prosecuting the referenced state
court action in violation of the Administrative Claims Bar Date established by the
Bankruptcy Court in the referenced case. For the reasons set forth below, your
continued prosecution of the state court action is in violation of the permanent
injunction provisions of Section 524 of the Bankruptcy Code and the Bankruptcy
Court's Confirmation Order.

On February 21, 2005, Winn-Dixie Stores, Inc. and its affiliates (the
"Debtors") filed voluntary petitions for reorganization under Chapter 11 of the
Bankruptcy Code. On November 21, 2006, the Bankruptcy Court entered an order
confirming the Joint Plan of Reorganization filed by the Debtors, as modified (the
"Plan").

---

**EXHIBIT**

"E"

---

LAW OFFICES

SMITH HULSEY & BUSEY

David F. Baron, Esq.
February 6, 2007
Page 2

Pursuant to Section 1141(d) of the Code, the order confirming the Plan (the "Confirmation Order") discharged the Debtors from all debts arising prior to Confirmation, including all debts or claims arising against the Debtors between February 21, 2005 and November 21, 2006 ("Administrative Expense Claims"). Each creditor whose claim has been discharged is now barred, pursuant to Section 524(a) of the Code, from instituting or continuing any action or employing any process against the Debtors to collect or recover such debts. Any action taken or order entered with respect to any discharged debt without Bankruptcy Court authorization is void as a matter of law.

Pursuant to the Confirmation Order, an Administrative Claims Bar Date Notice was sent to all parties in interest, including your client, advising them that administrative expense claims must be filed with the Bankruptcy Court on or before January 5, 2007 and that the failure to do so would result in their claim being time-barred and relinquished. The Administrative Expense Claim Bar Date Notice was also published in national and regional newspapers.

No timely application for an administrative expense claim was filed by or on behalf of Ms. Herrera with the Bankruptcy Court. As a result, the claim she is now asserting in the referenced state court action is time-barred and relinquished as set forth in the Confirmation Order.

Accordingly, your continued prosecution of the state court action against the Debtor is in violation of Section 524 of the Code and the Bankruptcy Court's Confirmation Order. We therefore demand that you dismiss the referenced state court action on or before February 13, 2007, and that a copy of such dismissal be served upon me. If we do not receive a dismissal notice by February 13, we will file a complaint against you and your client in the Bankruptcy Court for sanctions and take such other actions as are appropriate.

Please call me if you have any questions regarding this matter.

Very truly yours,

David L. Gay

By facsimile and mail
(305) 670-1834
c: John R. Buchholz, Esq.
DLG/mam/00557124

LAW OFFICES OF
# DAVID F. BARON, P.A.

ONE DATRAN CENTER
PENTHOUSE 1, SUITE 1704
9100 SOUTH DADELAND BOULEVARD
MIAMI, FLORIDA 33156-7818

DADE (305) 670 - 1833
BROWARD (954) 780 - 0022
FAX (305) 670 - 1834
E-MAIL: Magic59A@aol.com

DAVID F. BARON
Board-Certified Civil Trial Lawyer

MONICA GALINDO STINSON
Of Counsel

February 8, 2007

**VIA FACSIMILE (305) 774-6632**

John R. Buchholz, Esquire
15600 NW 67th Avenue, Suite 204
Miami Lakes, Florida 33014

RE:    Herrera v. Winn Dixie Stores, Inc.

Dear Mr. Buchholz:

In response to your letter of January 30, 2007, I have reviewed my file and found that we received no notice regarding the need to file a motion with the Bankruptcy Court in regards to this case. Is it your claim that you sent me in this matter or that the attorney for Winn Dixie in the bankruptcy proceeding sent me notice?

I have engaged bankruptcy counsel and we will file documents in the bankruptcy proceeding regarding the fact that we did not receive notice.

I look forward to your response.

Very truly yours,

David F. Baron

DFB/vpc
cc: Joel Tabas, Esquire

EXHIBIT

"F"