**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.    05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**MOTION OF DEBRA KUNZ TO DEEM APPLICATION**
**FOR ADMINISTRATIVE EXPENSE TIMELY FILED**

Comes Now Debra Kunz (the "Movant"), pursuant to 11 U.S.C. §§ 105 and 503(b), to file this, her motion for the entry of an order (the "Motion") deeming the Application for Administrative Expense Status (attached as hereto as Exhibit "A") (the "Application") timely filed and in accordance with the Court's Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Doc. 12440), which, *inter alia*, established an administrative claims bar date, and as support therefor, says

**BACKGROUND**

1.  On or about September 18, 2006, the Applicant suffered serious bodily injuries in Alachua County, Florida after she was rear-ended by a Winn-Dixie tractor trailer truck that was owned and operated by Winn-Dixie Logistics, Inc. ("Winn-Dixie Logistics").[1]

2.  Joshua Rosen, Esq., who was retained by the Movant to represent her in the personal injury action against Winn-Dixie Logistics, contacted the claims administration agent for Winn-Dixie Logistics, namely Sedgwick Claims Management Services, Inc. (Sedgwick), on or about September 21, 2007.  Mr. Rosen notified Sedgwick that he represents the Movant, and requested that Sedgwick send all correspondence regarding the Movant's claim to his attention.

3. Because Sedgwick appeared to be amenable to settle the Movant's claims without court intervention, Mr. Rosen did not file a state court action on behalf of the Movant for the injuries caused by the Accident.

4. Upon information and belief, Mr. Rosen's office received a notice of a bar date referencing the name "Kuntz" as the claimant sometime in December of 2006. As set forth in the affidavit attached hereto as Exhibit B, the name "Kuntz" was not recognized by Mr. Rosen's litigation management system, or his staff. It appears as though Sedgwick mistakenly entered the name "Kuntz" (as opposed to Kunz) as the claimant in its internal claims processing system. Accordingly, it no notice of the Administrative Claims Bar Date referencing the Movant was ever generated or sent to the Movant or to Mr. Rosen.

5. Due to Sedgwick's mistake, the notice containing the Administrative Claims Bar Date for the Movant's claim did not come to Mr. Rosen's attention until April 5, 2007; 90 days after the Administrative Claims Bar Date.

## MEMORANDUM OF LAW

It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (1968) (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr.S.D.Fla. 1994). Moreover, the Bankruptcy Code provides that "(a)n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." 11 U.S.C. § 503(a). In the case of a post-petition claim filed after a bar date, bankruptcy courts have used the "excusable neglect" standard of Fed. R.

---

[1] Winn-Dixie Logistics is one of the Affiliated Debtors identified in Article 1.25 of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc., and Affiliated Debtors.

Bankr. P. 9006(b)(1) in the context of a Section 503(a) application for administrative expense. *See, In re: Bicoastal Corp.*, 147 B.R. 258 (MD. Fla. 1992); *In re: Reams Broad. Corp.*, 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993). In essence, the court is permitted to exercise its discretion "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the movant's control." *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.,* 507 U.S. 380 (1993)

In *Pioneer*, the United States Supreme Court explicitly rejected a narrow interpretation of the term "excusable neglect" under Rule 9006(b)(1). *Id.* at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control"). A post-petition claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *See, Banco Lation International v. Lopez (In re: Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (*citing Pioneer*); *See also In re: Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997).

As noted previously by this Court, *Pioneer* mandates a "balancing test" of four considerations. *See, In re: Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). Those considerations include: (a) the reason for the delay and whether it was in control of the claimant; (b) the length of delay and potential impact on judicial proceedings; (c) the danger of prejudice to debtor; and (d) whether the claimant acted in good faith. *Id.* at *646.*

**Movant's Failure to File Administrative Claim was the Result of Excusable Neglect**

    **a.**    **Delay was Outside the Control of the Movant**.

As set forth above, neither Movant nor Mr. Rosen received actual notice of an Administrative Claims Bar Date that referenced the Movant. In fact, Mr. Rosen became aware of the Administrative Claims Bar Date on or about April 5, 2007. In contrast, Winn-Dixie Logistics and Sedgwick both had actual notice of the Movant's claims and the Movant's attorney of record well in advance of the Administrative Claims Bar Date, but misnamed the Movant in its internal system thus preventing the attention such a notice would require once received by the intended recipient. Neither the Movant nor Mr. Rosen had any reason to believe an Administrative Claims Bar Date applied to the Movant until the notice (naming "Kuntz" as the claimant") was brought to the attention of Plaintiff's Counsel in April, 2007. As attested to by affidavit of Mr. Rosen, he had no knowledge of the Administrative Claims Bar Date as it pertained to the Movant until April 5, 2007. *See* Exhibit B, ¶ 5. As such, the delay in filing the attached Application was not within the control of the Movant.

### b.     Length of Delay and Potential Impact on Judicial Proceedings

The Application is being filed promptly after the notice naming the wrong claimant was brought to Mr. Rosen's attention. Because, *inter alia*, the Court has confirmed Winn-Dixie's Plan of Reorganization approved by the Winn-Dixie's creditors, the judicial proceedings in this case will not be affected substantially if the Court grants this Motion.

### c.     No Prejudice to the Debtors

There can be little, if any, prejudice to Winn-Dixie if the Application is deemed timely filed. Winn-Dixie has had actual notice of the Movant's personal injury claims prior to the Administrative Claims Bar Date. Indeed, Winn-Dixie Logistics, through Sedgwick, engaged in significant discussions with Mr. Rosen regarding the value of the Movant's claims. Winn-Dixie knew that it would be exposed to post-petition claims (such as the Movant's) prior to

filing its Joint Plan of Reorganization, which provided for treatment of the Movants' claims. As such, Winn-Dixie will not be prejudiced should the Court allow the Application.

Moreover, allowing the Application will not deprive Winn-Dixie of its ability to defend against the Movant's claims on the merits; on the other hand, <u>not</u> allowing the Application will deprive the Movant any and all recourse for her claims.

### d. The Movant's Application is Filed in Good Faith

The Movant's actions in this case were, without question, undertaken in good faith. At no point did the Movant delay the reorganization process or otherwise "sat on her rights"; and there is and can be no suggestion that she has acted improperly in any fashion. Similarly, Mr. Rosen's inadvertent failure to file the Application prior to the Administrative Claims Bar Date cannot be attributed to him or to the Movant. Instead, the failure was Sedgwick's mistake resulting in the Movant and Mr. Rosen's failure to receive any notice of the claims bar date.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

**Conclusion**

Each of the foregoing equitable considerations weighs heavily in favor of the granting of the relief sought in this Motion. The treatment of the Movant's Application as timely- filed will permit her claims to be resolved on its merits. Such relief will in no way prejudice Winn-Dixie, Inc. or its Affiliated Debtors, and will serve to protect the Movant's rights to recover for her damages, and is consistent with the letter and policy of the United States Bankruptcy Code.

**Wherefore,** Debra Kunz respectfully requests that the Court enter an order:

(a) Deeming the Application attached as Exhibit "A" timely filed on or before the January 5, 2007 Administrative Claims Bar Date;

(b) Granting the Movant any such other and further relief to which they may be entitled.

Dated: May 3, 2007

WILCOX LAW FIRM

/s/ Robert Wilcox
Robert D. Wilcox
Fla. Bar. No. 755168
6817 Southpoint Parkway
Suite 1302
Jacksonville, Florida 32216

**CERTIFICATE OF SERVICE**

I hereby certify that on May  3 , 2007 I filed this **MOTION OF DEBRA KUNZ TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq., and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ Robert Wilcox

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Case No. | 05-03817-3FI |
| | ) | | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 | |
| | ) | | |
| Debtors | ) | Jointly Administered | |

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS AND REQUEST FOR SERVICE OF DEBRA KUNZ

Comes Now Debra Kunz (the "Applicant"), and seeks administrative expense status for her post-petition claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Specifically, Applicant requests the entry of an order allowing the administrative expense described below and directing payment of such amount pursuant to the Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Doc.12440) and the provisions of the Debtors Joint Plan of Reorganization as confirmed. In support of her Application, the Applicant says:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

## FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc. and its affiliated companies (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3. On or about September 18, 2006, the Applicant suffered serious bodily injuries in Alachua County, Florida after she was rear-ended by a Winn-Dixie tractor trailer truck that

was owned and operated by Winn-Dixie Logistics, Inc. ("Winn-Dixie Logistics").[2] At the time this Application is made, the Applicant has incurred more than $16,000.00 in medical bills, with estimated future medical expenses and pain in suffering estimated well in excess of that amount, which damages Applicant can support through medical records and other evidence. The Applicant's damages may not be fully liquidated at this time.

### APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4.      It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (1968) (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr.S.D.Fla. 1994).

5.      In this instance, Applicant's claim arose from the business operations of Winn-Dixie Logistics after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to status as an administrative expense under 11 U.S.C. § 503(b), and the Applicant seeks the entry of an order granting administrative status for the Applicants claim, as described herein.

### REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon the undersigned counsel and:

Joshua Rosen, Esq.
5250 17th Street, Unit 8
Sarasota, Florida 34235-8244

---

[2]     Winn-Dixie Logistics is one of the Affiliated Debtors identified in Article 1.25 of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc., and Affiliated Debtors.

**Wherefore,** based upon the foregoing, Applicant respectfully requests that the Court enter an order granting administrative status for the claims described herein, and any and all other relief the Court may deem appropriate.

Respectfully Submitted,

WILCOX LAW FIRM

/s/ Robert Wilcox
Robert D. Wilcox
Fla. Bar. No. 755168
6817 Southpoint Parkway
Suite 1302
Jacksonville, Florida 32216

Joshua Rosen, Esq.
5250 17th Street, Unit 8
Sarasota, Florida 34235-8244

## CERTIFICATE OF SERVICE

I hereby certify that on May _3_, 2007 I filed this **MOTION OF DONA TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq., and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ Robert Wilcox

# EXHIBIT B

AFFIDAVIT OF JOSHUA ROSEN

Before me the undersigned authority personally appeared Joshua Rosen, being duly sworn did depose and say as follows:

1. I, Joshua Rosen, FBN 0083453, represent Debra Kunz in the matter of *Debra Kunz v. Winn Dixie Logistics*. Suit has not been filed in the matter. The case arises from injuries sustained by Mrs. Kunz who was rear-ended by a Winn Dixie Semi Truck in Alachua County, Florida on September 18, 2006.

2. I did not receive notice of a bar date for filing of claims in this matter.

3. On September 21, 2006, I notified Winn-Dixie's agent, Sedgwick Claims Management Services, Inc. (Sedgwick) that I represented Mrs. Kunz and requested they send all correspondence regarding Mrs. Kunz's claim to my attention.

4. Sedgwick mistakenly entered the claimant name as "Kuntz." Apparently, some time in December 2006, my office was sent a notice of bar date referencing the name "Kuntz." No notice to Mrs. Kunz was received. Accordingly, no notice to Mrs. Kunz was filed, seen by me, or responded to.

5. Due to the mistake of Winn Dixie's corporate claims management company, the Notice containing bar date did not come to my attention until April 5, 2007, 90 days after the bar date.

Every statement contained in the above and foregoing affidavit is true and correct to the best of my knowledge as of this 24th day of April, 2007.

_____
Joshua Rosen

Sworn and subscribed before me on this the 24th day of April, 2007.
My Commission Expires: 5/27/07  _____
Emily Tennenbaum, Notary Public



Emily Tennenbaum
MY COMMISSION # DD194671 EXPIRES
May 27, 2007
BONDED THRU TROY FAIN INSURANCE, INC