# RUBIN & RUBIN

**Send Post Mail to:**
Post Office Box 395
Stuart, FL 34995

Attorneys and Counselors

520 S. Federal Hwy
Stuart, FL 34994

www.rubinandrubin.com

(772) 283-2004

**Guy Bennett Rubin, Esq.**
e-mail: guy.rubin@rubinandrubin.com

(772) 283-2009 fax

---

April 4, 2007

David Gay, Esq.
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202

Re:   CASE No.: 05-03817-3F1

Dear Mr. Gay:

Upon review of the documents provided by the Debtor at the document inspection on September 22, 2006, it is clear your client has not produced all of the documents responsive to Visagent's requests. Please consider this letter an attempt to resolve this deficiency short of filing a motion to compel with the court.

Winn-Dixie produced numerous boxes of materials at this inspection. The documents clearly were not in the same condition as kept in the normal course of business. Invoicing and emails were mixed in the same boxes with correspondence. There was no apparent organization to the documents produced. Our staff was simply placed in a room with the boxes and advised they could begin the review. Clearly, the documents were not originals, but copies which had been Bates stamped in advance of our arrival.

There were no designations correlating the documents produced as responsive to specific numbered interrogatories or requests to produce as required under the Federal rules. As you pointed out in your email of March 30, 2007, "Bankruptcy Rule 7034(d) requires [the responding party] to "specify the records from which the answer may be derived or ascertained" and that a "specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Yet, knowing of this requirement, you asserted in your interrogatory responses to Nos. 6 through 9 that the answers may be derived or ascertained from documents to be produced by Winn-Dixie and that he burden of deriving or ascertaining the answer is substantially the same for Visagent as it is for Debtors.

Furthermore, the responses to Visagent's requests for production are inadequate. Specifically, as to Request No. 1, Winn-Dixie agreed to produce only sales and purchases in the secondary market, not all items requested. As to Request No. 4, Winn-Dixie agreed to produce only agreements with Dayman

– not all of the requested items. As to Request Nos. 5 through 9, and 11 through 18, Winn-Dixie agreed to produce documents only through June 28, 2004, not to present date as requested.

Lastly with regard to Winn-Dixie responses, the Debtor asserted blanket objections which are insufficient as a matter of law. Specifically, Winn-Dixie refused to respond to interrogatories 12, 13 and 14 due to over-breadth and that the information will not lead to admissible evidence.

This response is inadequate. Unless you agree to provide an adequate response within the next 10 days, we will be forced to file a motion to compel.

Please note that I have afforded you and your client repeated opportunities to provide deposition dates for the corporate representative deposition. However I have not been provided any dates. Since you inspected the documents yesterday and you have now been provided with responses to all outstanding discovery by Winn-Dixie as per the Court's Order, we will set the deposition for April 30 and May 1, 2007.

Sincerely,

Signed in the absence of
Guy Bennett Rubin, Esq.
o expedite delivery.

Guy Bennett Rubin