LAW OFFICES
# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
BEAU BOWIN
DAVID D. BURNS
STEPHEN D. BUSEY
CHARMAINE T. M. CHIU
ERIC W. ENSMINGER
J. RICE FERRELLE, JR.
EARL F. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
CHARLES H. KELLER
B. PRESTON KEYES
RICHARD R. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
C. OWEN McCULLER, JR.
ERIC N. McKAY
MATTHEW P. McLAUGHLIN
BERT J. MILLS
STEPHEN D. MOORE, JR.
RAYMOND H. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
C. LANNY RUSSELL
ELIZABETH M. SCHULE
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
LEE D. WEDEKIND, III
HARRY N. WILSON, III
ALLAN E. WULBERN

LLOYD SMITH
(1915-1971)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

April 16, 2007

Guy Bennett Rubin, Esq.
Rubin & Rubin
P.O. Box 395
Stuart, Florida 34995

    Re:    In re Winn-Dixie Stores, Inc., et al.; U. S. Bankruptcy Court,
           Middle District of Florida; Case No. 05-03817-3F1, Chapter 11

Dear Mr. Rubin:

    We received your April 4 letter. Winn-Dixie responded to Visagent's discovery requests over six months ago. However, it was not until the day after we asserted that Visagent's supplemental discovery responses were inadequate that Visagent, for the first time, voiced any dissatisfaction with Winn-Dixie's responses.

    Notwithstanding the foregoing, we respond as follows:

### Winn-Dixie's Responses to Visagent's Document Requests

    Pursuant to Rule 7034, the producing party must produce the documents "as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." The documents responsive to Visagent's request for production which were kept in a "hard-copy format" were Bates stamped and produced as they were kept in the usual course of business.

    Some of the documents Winn-Dixie produced were not kept in a physical "hard-copy" format in the usual course of business, but were stored only in an electronic format. Visagent did not designate the form or forms in which it wanted the electronically stored information produced. Therefore, pursuant to Rule 7034, Winn-Dixie was required to produce electronically stored information either in a form in which it is ordinarily maintained or in a form or forms that are reasonably usable. Despite Winn-Dixie's initial

LAW OFFICES
## SMITH HULSEY & BUSEY

Guy Bennett Rubin, Esq.
April 16, 2007
Page 2

production in compliance with Rule 7034, Winn-Dixie will produce the data in a usable electronic form.

You also claim that Winn-Dixie's responses to Document Requests 1, 4, 5 through 9, and 11 through 18 are inadequate. Document Request 1 asks for all documentation regarding purchases or sales of any goods in the secondary markets in which any electronic means were utilized. Although Winn-Dixie objected to Visagent's overly broad interpretation of the term "electronic means," Winn-Dixie produced documents relating to purchases and sales in the secondary market. The response therefore is not only adequate, but exactly what Visagent requested.

Document Request 4 asked for all emails, faxes, memos, correspondence or any other communications between the Debtor and Dayman & Associates. Winn-Dixie and Dayman & Associates' communicated on matters not related to Visagent or the subject matter of its claim in this matter. Therefore, because Visagent's request is overly broad are not likely to lead to the discovery of admissible evidence, Winn-Dixie stands on its objection.

You also assert that Winn-Dixie's responses to Document Requests 5 through 9, and 11 through 18 are inadequate because Winn-Dixie produced documents through June 28, 2004, not present, as requested. Winn-Dixie objected to these Requests as overly broad and burdensome. Because the term of the Visagent contract with Winn-Dixie expired on June 28, 2004, any request regarding time periods thereafter is irrelevant, and therefore overly broad. Winn-Dixie stands on its objection to these requests.

### Winn-Dixie's Responses to Visagent's Interrogatories

Rule 7033(d) states that where the answer to an interrogatory may be derived or ascertained from the business records of the responding party, and the burden of deriving or ascertaining the answer is substantially the same for both parties, the responding party may specify the records from which the answer may be derived or ascertained and afford the requesting party the opportunity to inspect such records.

The answer to Interrogatories 6 through 9 may be derived from business records already produced by Winn-Dixie and the burden of deriving the answer is substantially similar for both parties. The Bates Stamp numbers for those records are V0001 through V3709. Furthermore, Winn-Dixie will produce the information set forth in these documents in a usable electronic form.

LAW OFFICES
## SMITH HULSEY & BUSEY

Guy Bennett Rubin, Esq.
April 16, 2007
Page 3

Similarly, the answer to Interrogatories 12, 13 and 14 may be derived from records Winn-Dixie has already produced. Despite Winn-Dixie's initial response in compliance with Rule 7033, the answer to Interrogatories 12 and 13 is none. Winn-Dixie will review the information at its disposal and provide a supplemental answer to Interrogatory 14.

### Scheduling of the Deposition of Winn-Dixie's Corporate Representative

Our understanding is that you have agreed to cancel your re-notice of deposition for April 30, 2007 and that we will attempt to tentatively schedule the deposition for mid May with the understanding that the deposition will be rescheduled if Visagent has failed to, no later than twenty days proceeding the deposition date, comply with the order on Winn-Dixie's motion to compel.

Sincerely,

David L. Gay

DLG/mam
00563156