**Guy Rubin**
**From:** Guy Rubin
**Sent:** Tuesday, April 17, 2007 1:49 PM
**To:** David L. Gay
**Cc:** Paul Harden; Gladys LaForge
**Subject:** Your letter date April 16, 2007

Mr. Gay:

Responding to your April 16th letter, first let me clarify your apparent misunderstanding regarding the scheduling of the WD corporate representative. We spoke by telephone on Thursday, April 5th at approximately 1:40 p.m. During this conversation, I told you I would consider moving the deposition date to mid-May, *if the April 30th date is not convenient, provided you first supply dates to clear in mid-May*. You have not advised me that the April 30th date is inconvenient, nor have you provided alternate dates in mid-May. Therefore, the April 30th notice stands and will not be cancelled. I expect to proceed on that date unless the court enters an order of protection. Furthermore, as I also explained to you, WD is not the arbiter of whether Visagent has complied with the court's discovery order. Visagent has complied fully. There is no reason to delay the deposition any further. Finally, you advised that you would let me know by Friday, April 13th whether WD is asserting non-compliance with the court's discovery order as it relates to Visagent's document production. I have not heard from you in this regard.

With regard to WD discovery insufficiencies, you acknowledge Rule 7034 requires the producing party to label and organize the documents to correspond with the requests. However neither the documents we were provided for review, nor the copies we received were labeled in any manner to correspond with any particular request. Additionally, with regard to the documents WD produced in hard-copy format, they were not produced in their original form. My staff was provided a room with boxes of copies of documents with Bates stamp numbers already affixed. We wish to examine and review the original records including all documents in hard-copy format, in the file jackets, folders, boxes or whatever manner they are normally kept in the regular course of business. Please advise as once whether WD is willing to comply with the requirements addressed in this paragraph.

The other issues you addressed will be the subject of a forthcoming motion to compel.

Sincerely,


Guy Bennett Rubin



From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors

520 S. Federal Highway
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.