LAW OFFICES

# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
BEAU BOWIN
DAVID D. BURNS
STEPHEN D. BUSEY
CHARMAINE T. M. CHIU
ERIC W. ENSMINGER
J. RICE FERRELLE, JR.
EARL E. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
CHARLES H. KELLER
G. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
E. OWEN McCULLER, JR.
ERIC N. McKAY
MATTHEW P. McLAUCHLIN
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND M. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY RUSSELL
ELIZABETH M. SCHULE
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
LEE D. WEDEKIND, III
HARRY M. WILSON, III
ALLAN E. WULBERN

LLOYD SMITH
(1915-1987)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

April 19, 2007

Guy Bennett Rubin, Esq.
Rubin & Rubin
P.O. Box 395
Stuart, Florida 34995

Re:  In re Winn-Dixie Stores, Inc., et al.; U. S. Bankruptcy Court,
     Middle District of Florida; Case No. 05-03817-3F1, Chapter 11

Dear Mr. Rubin:

In response to your April 17 email, apparently we have different recollections of the agreement reached regarding the scheduling of the deposition of Winn-Dixie's corporate representative. Regardless, Visagent has not complied with the Bankruptcy Court's order granting Winn-Dixie's motion to compel discovery from Visagent. The protective order therefore precludes Visagent from deposing Winn-Dixie's corporate representative.

By email on March 30, we identified a number of areas in which Visagent's supplemental discovery responses failed to comply with the order. We further informed you that until we had an opportunity to review the 20,000 pages of documents Visagent said it would be producing, we could not determine the extent of Visagent's compliance with the order. We will inform you of the results of that document review by April 23.

The protective order precludes Visagent from deposing Winn-Dixie's witnesses until 20 days after Visagent complies with the order compelling Visagent to respond to Winn-Dixie's discovery requests. When Visagent has complied with the Court's order, Winn-Dixie will make its corporate representative available for deposition. Because Visagent has not complied with the order, Winn-Dixie will not produce its corporate representative for deposition on April 30.

You also object to the manner is which we produced the documents to Visagent, arguing that Winn-Dixie must identify which documents are responsive to which of

**LAW OFFICES**
## SMITH HULSEY & BUSEY

Guy Bennett Rubin, Esq.
April 19 2007
Page 2

Visagent's requests. Pursuant to Rule 7034, Winn-Dixie had the option of producing the documents in that manner or in the manner in which the documents were kept in the normal course of business. As previously mentioned, some of the documents Winn-Dixie produced were maintained in hard copy. Over six months ago, in accordance with Rule 7034, we produced copies of those documents in the manner in which they were maintained. However, in response to your recent request, we will produce the originals of those documents to the extent they are still in Winn-Dixie's possession, custody or control. We will contact you no later than April 27 to schedule that production.

Sincerely,

David L. Gay

DLG/mam
00564220