**Guy Rubin**

| | |
|---|---|
| **From:** | Guy Rubin |
| **Sent:** | Wednesday, April 25, 2007 11:27 AM |
| **To:** | 'David L. Gay' |
| **Cc:** | Gladys LaForge; Kristen Gallas; Paul Harden |
| **Subject:** | Visagent Corporate Rep. Deposition |

Mr. Gay:

Responding to your April 19th letter, it is now April 25th and you have not advised of any objections or non-compliance issues in connection with the documents produced, which you promised by April 23rd. Therefore I assume there are none.

With regard to the issues raised in your March 30th letter, as to Interrogatory Number 4, the supplemental answer provides the total annual dollar volume of all purchases and sales of consumer packaged goods *including the total dollar volume for all purchases and sales attributable to the Debtors.* Your interrogatory does not ask for a breakdown between the total annual dollar volume and those attributable to the Debtors.

Regarding Interrogatory Numbers 5, the supplemental answer states that Visagent does not keep information in the manner requested in the interrogatory. We went beyond that by advising you that some portions of the information you seek may be derived from some of the documents produced. As I explained to you, we do not know which documents have such information and we would have to do the same review as you to obtain this information.

Regarding Interrogatory Numbers 9 - 11, 15, and 17, we have not only identified specific documents in each of these supplemental answers which we believe support Visagent's claims, we have identified and provided thousands of other documents that may tend to support the claims. Your interrogatories are broadly worded and the supplemental answers are likewise broadly worded. Judge Funk instructed Visagent to answer to best of its ability and that is what we have done. As I have explained to you at least twice, there may be tangentially supporting information in some or all of these volumes of documents, depending on the defenses, which we don't have at the moment. We have responded by identifying with specificity all of the documents we *know* support the claims and we have identified all the rest of the produced documents as potentially supporting the claims.

Visagent is in compliance. Your logic would have us go to the court to ask for an advisory opinion of the court to affirm our belief, or conversely, make you the arbiter of our compliance. You have the burden to file a motion if you believe there has been further non-compliance. Our production was completed as of April 6th when your copy service obtained copies of the supplemental production. The scheduled deposition is in compliance with the Court's discovery order.

Since we are in disagreement on these points, and since you know I will be coming from Stuart for the deposition on Monday, I hereby request that you stipulate to a Certificate of Non-Appearance from the court reporter if you do not intend to appear as noticed.

Otherwise I will be wasting a full day on travel and will be compelled to seek monetary sanctions in my motion to compel. Please advise of your response to this request by tomorrow afternoon.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
520 S. Federal Highway
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.