**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

**DEBTORS' SECOND MOTION
TO COMPEL DISCOVERY FROM VISAGENT**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as the Reorganized Debtors (collectively, the "Winn-Dixie"), move the Court pursuant to Bankruptcy Rule 7037, and Local Rule 7037-1, for an order (i) compelling Visagent Corporation to respond to Winn-Dixie's discovery requests and (ii) requiring Visagent to pay Winn-Dixie's costs in bringing this motion. In support of its motion, Winn-Dixie says:

1. Visagent has asserted a claim (Claim No. 9953) against Winn-Dixie for alleged breach of the parties' June 28, 2001 Service Agreement and other statutory and tort claims. The amount of the claim is $131,875,000.

2. Winn-Dixie has objected to Visagent's claim (Docket No. 9131). Winn-Dixie denies that it breached any duty to Visagent, and asserts that Visagent failed to adequately perform under the parties' Agreement.

3. Visagent operated an electronic exchange for the diverting of groceries. Diverting is the secondary market for groceries, in which sales do not involve an original manufacturer. Diverters include brokers of diverted groceries, as well as retailers, like Winn-Dixie.

4. Pursuant to the Agreement, Winn-Dixie agreed to use Visagent's exchange for diversions using internet or similar electronic means.

5. Visagent claims that Winn-Dixie breached the Agreement by underutilizing the Visagent exchange, and ultimately causing Visagent to go out of business.

6. Winn-Dixie asserts that Visagent did not perform under the Agreement. Visagent's exchange was not useful because there were not enough diverters using the exchange—and diverters did not use the exchange because Visagent's senior people were operating a competing diverting business during the course of the Agreement (and had previously operated a competing diverting business). Furthermore, Visagent represented to Winn-Dixie and other diverters that "Visagent has no ownership or affiliated interest with any manufacturer, retailer or diverter organization."

7. On August 16, 2006, Winn-Dixie served on Visagent Winn-Dixie's First Set of Interrogatories (the "Interrogatories") and First Request for Production of Documents (the "Document Requests").

8. On September 28, 2006, Visagent served its responses to Winn-Dixie's discovery requests. Visagent's responses, citing various objections, failed to answer a number of the Interrogatories or to produce documents responsive to the Document Requests.

9. On November 3, Visagent produced approximately 1,300 documents.

10. On December 6, Visagent advised Winn-Dixie that an extra box of documents to produce had been found, and thereafter produced approximately 3,000 additional documents.

11. By letters of December 7 and December 19, Winn-Dixie notified Visagent that its responses were insufficient and requested that Visagent provide adequate responses. Visagent did not respond to the letters.

12. On January 18, 2007, Winn-Dixie moved to compel Visagent to fully respond to Winn-Dixie's discovery requests and for a protective order (the "Motion to Compel") (Docket No. 14777).

13. On February 5 and 6, counsel for Winn-Dixie and Visagent discussed the issues raised in Winn-Dixie's motion to compel, pursuant to which Visagent agreed to provide several supplemental responses, but maintained its objections to numerous other requests.

14. The Motion to Compel was set for hearing on January 24. In response to Visagent's request, Winn-Dixie continued the hearing to February 8. On February 7, Visagent filed an emergency motion to continue that hearing (Docket No. 15056). The Court granted Visagent's motion to continue but also granted Winn-Dixie's motion for a protective order, ordering that Visagent could not depose any of Winn-Dixie's witnesses until the Court ruled on the Motion to Compel, and if granted, not until 20 days after Visagent complies with Court's order (Docket No. 15073).

15. On February 22, the Court conducted a hearing on Winn-Dixie's Motion to Compel. On February 26, the Court entered an order overruling Visagent's objections to Interrogatories 4, 5, 7 through 11, 15, and 17, and Document Requests 5, 6, 8, 9, 12, 17 and 21, and directing Visagent to fully respond these Interrogatories and Document Requests (Docket No. 15302).

16. On March 21, Visagent served its supplemental responses to Winn-Dixie's discovery requests.

17. Visagent's supplemental response to the Document Requests stated that Visagent would make documents available for inspection and copying in Stuart, Florida, although Visagent never maintained an office there. Winn-Dixie objected to the Stuart venue, and Visagent ultimately agreed to produce the documents in Jacksonville on April 3.

18. At the scheduled inspection on April 3, Visagent did not produce any documents. Instead, Visagent offered to allow Winn-Dixie's attorney to view computer files containing scanned images of approximately 16,000 documents. Visagent refused Winn-Dixie's attorney's request to inspect originals of these documents. Visagent also refused to produce the information in the documents in the electronic format in which Visagent claims the documents where kept in the usual course of Visagent's business.

19. On April 4, Winn-Dixie requested copies of the 16,000 scanned images. Visagent allowed Winn-Dixie to copy the scanned images on April 6.

20. Notwithstanding Visagent's supplemental responses, Visagent has still not provided adequate responses to Winn-Dixie's discovery requests.

21. On March 30, Winn-Dixie notified Visagent of the insufficiencies in Visagent's supplemental responses. Visagent did not respond to Winn-Dixie's correspondence.

22. Visagent's responses to Winn-Dixie's discovery requests are insufficient as follows:

Document Requests

1. Form of Production:

Bankruptcy Rule 7034 requires a producing party to produce documents as they are kept in the usual course of business or organize and label them to correspond with the categories in the request.

Visagent initially produced documents bearing Bates Stamp numbers WD1 to WD4202. Pursuant to its supplemental response, Visagent purported to produce documents bearing Bates Stamp numbers WD4203 to WD20535. These documents were not produced as they were kept in the usual course of business nor were they organized or labeled to correspond with the categories in the request.

Additionally, Bankruptcy Rule 7034 provides that, unless otherwise agreed by the parties or ordered by the Court, a party producing *electronically stored information* must produce the information in the form in which it is ordinarily maintained, or in a form which is reasonably usable. The Advisory Committee Notes to the 2006 amendments to Rule 34 state that if the responding party "ordinarily maintains the information in a way that make it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature."

Visagent has stated that the documents produced pursuant to its supplemental response to the Document Requests represent information stored on a computer database. Instead of producing this electronically stored information in a usable electronic format, Visagent printed the information, totaling approximately 16,000 documents, Bates stamped the documents, and scanned the documents back into a computer. Visagent has

refused to produce the information in an electronic format, purposefully frustrating Winn-Dixie's ability to electronically search the information.

To the extent that the information was ordinarily maintained in a searchable format, Visagent is required to produce the information in a format which does not significantly degrade this feature.

2. <u>Document Requests 5, 6, 8, and 9</u>:

In response to these Document Requests, Visagent produced 16,000 pages of documents, bearing Bates Stamp numbers WD4203 to WD20535. Those documents purportedly represent all transactions conducted through the Visagent exchange for the requested period. In addition to Winn-Dixie's general objection to the form of this production, the documents produced are not responsive to the requests.

> <u>Document Request No. 5</u>: All documents evidencing the allegations in the complaint you filed in the Circuit Court Action.
>
> <u>Visagent's Response</u>: Visagent specifically objects as overly broad and vague.
>
> <u>Visagent's Supplemental Response</u>: Available for inspection and copying.

[Visagent's complaint alleges that under the terms of the Visagent Service Agreement, Winn-Dixie was obligated to exclusively utilize Visagent's grocery exchange for the procurement and sale of all merchandise it acquired or sold through the internet of similar electronic means from and through the secondary market, and that Winn-Dixie breached this obligation. The documents Visagent produced in response to the Document Request do not address Winn-Dixie's obligations under the Visagent Service Agreement or the alleged breach of any such obligations. If Visagent has no additional responsive documents, Visagent should respond to that affect.]

> <u>Document Request No. 6</u>: All documents evidencing the damages you alleged in the complaint filed in the Circuit Court Action.
>
> <u>Visagent's Response</u>: Visagent specifically objects as overly broad and vague.
>
> <u>Visagent's Supplemental Response</u>: Available for inspection and copying.

[Visagent's complaint alleges that as a result of Winn-Dixie's purported breach of the Visagent Service Agreement, Visagent suffered damages in the amount of 2% of all transactions in which Winn-Dixie participated in the purchase or sale of goods in the secondary market, other than through Visagent's grocery exchange. The documents Visagent produced in response to the Document Request do not address Visagent's alleged damages. If Visagent has no additional responsive documents, Visagent should respond to that affect.]

>Document Request No. 8: All documents evidencing the statements set forth in the Response, including the averments in the Affidavit of I. Mark Rubin as attached thereto.
>
>Visagent's Response: Visagent specifically objects as overly broad and vague.
>
>Visagent's Supplemental Response: Available for inspection and copying.

[I. Mark Rubin, in his affidavit, alleges that the terms of the Visagent Service Agreement obligated Winn-Dixie to utilize Visagent's grocery exchange as the exclusive means to transact of its sales and purchases in the secondary market that had been previously handled through in-house diverters, conducted by any means of electronic transmission, including through the internet, private networks and sales facilitated by and through the use of email and fax machines. The documents Visagent produced in response to the Document Request do not address Winn-Dixie's obligations under the Visagent Service Agreement and do not address Mr. Rubin's allegations regarding the types of precluded electronic transmissions. If Visagent has no additional responsive documents, Visagent should respond to that affect.]

>Document Request No. 9: All documents evidencing the statements set forth in the Amended Statement of Claim.
>
>Visagent's Response: Visagent specifically objects as overly broad and vague.
>
>Visagent's Supplemental Response: Available for inspection and copying.

[Visagent's Amended Statement of Claim, in addition to reiterating the allegations set forth in Visagent's complaint, alleges that Winn-Dixie violated state and federal laws in connection with trade secrets and proprietary information belonging to Visagent. The Amended Statement of Claim also alleges that Winn-Dixie fraudulently or negligently encouraged and induced Visagent to provide development, training and services toward the development of trading programs while perpetrating a scheme to usurp business opportunities brought to it by Visagent. The documents Visagent produced in response to the Document Request do not address any violations of state or federal laws or any

7

fraudulent or negligent conduct by Winn-Dixie. If Visagent has no additional responsive documents, Visagent should respond to that affect.]

    3. <u>Document Requests 12, 13, 15, 19, and 21</u>:

Because Visagent has refused to produce electronically stored information in a reasonably usable (searchable) form in accordance with Rule 7034, Winn-Dixie cannot, without undue burden and expense, ascertain whether the more than 20,000 documents Visagent has produced are responsive to these Document Requests.

<u>Document Request No. 12</u>: All documents evidencing, relating or referring to any purchases or sales of any goods listed in or sold through the Grocery Exchange for the period January 1, 2001 to August 31, 2004.

<u>Visagent's Response</u>: Visagent specifically objects as overly broad and vague, and not calculated to lead to discovery of admissible evidence.

<u>Visagent's Supplemental Response</u>: Available for inspection and copying.

<u>Document Request No. 13</u>: All documents evidencing, relating or referring to any purchases or sales of any goods by the Debtors transacted through the Grocery Exchange for the period January 1, 2001 to August 31, 2004.

<u>Visagent's Response</u>: Visagent specifically objects as overly broad and vague. Subject to the general objections and specific objections asserted, Visagent will produce the documents relating to sales and purchases by the Debtor through the Grocery Exchange.

<u>Document Request No. 15</u>: For the period January 1, 2001 to August 1, 2004, all documents evidencing, relating or referring to the dollar amount of Winn-Dixie's purchases and sales in the secondary market of full truckloads.

<u>Visagent's Response</u>: Visagent specifically objects as overly broad and vague. Subject to the general objections and specific objections asserted, Visagent will produce the documents relating to sales and purchases by the Debtor in the secondary market.

<u>Document Request No. 19</u>: For the period of January 1, 2001 through August 31, 2004, all documents evidencing, relating or referring to (i) the

8

dollar amount of goods each user listed on the Grocery Exchange, (ii) the dollar amount of goods each user bought using the Grocery Exchange, and (iii) the dollar amount of goods each user sold on the Grocery Exchange.

Visagent's Response: Visagent specifically objects as overly broad and vague. Subject to the general objections and specific objections asserted, Visagent will produce the documents relating to the requested documents to the extent they exist.

Document Request No. 21: All documents that evidence any portion of the $131,875,000 you claim in your Amended Statement of Claim that Winn-Dixie owes you.

Visagent's Response: Visagent specifically objects as overly broad and vague.

Visagent's Supplemental Response: Available for inspection and copying.

4. Document Requests 16, 17, 18, and 20:

Visagent agreed to produce documents responsive to each of these Document Requests; however, Visagent has not produced such documents.

Document Request No. 16: All reports, records, ledgers, journals, account statements, and all summaries, records, audits, and analysis thereof, relating to any payments made to Visagent by or on account of the Debtors, and any payments, incomes, or revenues Visagent received as a result of purchases or sales of goods by the Debtors through or in relation to the Grocery Exchange.

Visagent's Response: Visagent specifically objects as overly broad and vague. Subject to the general objections and specific objections asserted, Visagent will produce the documents relating to funds received by or on behalf of Debtor and other documents relating to such funds.

Document Request No. 17: All complaints by anyone about the Grocery Exchange for the period January 1, 2001 to August 31, 2004.

Visagent's Response: Visagent specifically objects as overly broad and vague.

Visagent's Supplemental Response: Available for inspection and copying.

Document Request No. 18: All lists of, or documents identifying, all users of the Grocery Exchange for the period January 1, 2001 and August 31, 2002.

Visagent's Response: Visagent specifically objects as overly broad and vague. Subject to the general objections and specific objections asserted, Visagent will produce a list of users on the exchange for the time period specified.

Document Request No. 20: Your annual and quarterly financial statements covering any portion of the period June 28, 2001 through July 1, 2004.

Visagent's Response: Visagent specifically objects as overly broad and vague. Subject to the general objections and specific objections asserted, Visagent will produce the financial statements for the time period specified.

Interrogatories

In each of the following Interrogatory responses, Visagent has invoked the provision of Rule 33 allowing Visagent to answer the interrogatory by specifying business records from which the answer may be derived or ascertained. However, Bankruptcy Rule 7033(d) states that such a specification "shall be in sufficient detail to permit the interrogating party to locate and to identify, *as readily as can the party served*, the records from which the answer may be ascertained." In each response, Visagent has cited *thousands* of pages of documents produced by Visagent and by Winn-Dixie, and in some cases all documents produced by both parties, without making such specification, and further has referenced other unspecified documents that Visagent has yet to produce.

Interrogatory No. 5: State (i) the total dollar volume of all purchases and sales of full or truckload quantities of consumer packaged goods, and (ii) the total dollar volume of all purchases and sales of less than full or truckload quantities of consumer packaged goods, which were transacted through or in relation to the Grocery Exchange for the period 2001

10

through present, including the total dollar volume for all purchases and sales attributable to the Debtors.

Visagent's Response:   Visagent objects to this interrogatory as unintelligible as stated.  Without waiver of this objection, as to (i) See answer to Interrogatory No. 4 (Visagent doesn't have "immediate access" to this information, but will look into it), as to (ii) unknown

Visagent's Supplemental Response:  Subject to the qualifying responses to Interrogatory No. 4 above, (i) VISAGENT does not track or keep records of purchases and sales by "full or truckload quantities," (ii) VISAGENT does not track or keep record of purchase and sales of "less than full or truckload quantities."  Furthermore, some aspects of the information requested by this interrogatory may be derived or ascertained from documents VISAGENT will produce pursuant to **VISAGENT CORPORATION'S SUPPLEMENTAL RESPONSE TO DEBTORS' FIRST REQUEST FOR PRODUCTION** and the burden of deriving or ascertaining the answer is substantially the same for Debtors as it is for VISAGENT.

Interrogatory No. 9:  State all facts, events, circumstances and identify all documents which support your allegations in the complaint you filed in the Circuit Court Action and the Amended Statement of Claim, that Winn-Dixie breached its contractual obligation to exclusively utilize Visagent's services for eCommerce as provided in the Service Agreement.

Visagent's Response:  Objection, overbroad.  Discovery ongoing.

Visagent's Supplemental Response:   VISAGENT CORPORATION, hereinafter referred to as VISAGENT, was in the business of providing services to facilitate e-Commerce business to business transactions to the retail consumer packaged goods industry.  After many months of negotiations and the investment of substantial monetary and human capital by VISAGENT, a contract entitled SERVICE AGREEMENT was executed by both VISAGENT and WINN-DIXIE, a grocery retailer, on June 15, 2001 with an effective date of June 28, 2001.  A copy of the contract has heretofore been provided to Winn-Dixie.
    During the term of the SERVICE AGREEMENT, WINN-DIXIE was obligated to exclusively utilize VISAGENT'S services for the procurement and sale of all merchandise it acquired or sold, "through the internet or similar electronic means" from and through secondary market, which is comprised of all sources (buyers and sellers) of merchandise other than direct purchases and returns from original product manufacturers.  WINN-DIXIE breached its contractual obligation to

11

exclusively utilize VISAGENT'S services by conducting business with third parties that were otherwise to be conducted under terms of the contract and/or conducting business with third parties that was protected by the terms of the contract.

VISAGENT'S contentions are supported by the negotiations resulting in the execution of the Service Agreement, correspondence pre-dating the Service Agreement, WINN-DIXIE inter-company memoranda, the actual terms of the Service Contract, the actions of both sides leading up to and after the execution of the Service Agreement, the introduction of methods, technology and protocol; to WINN-DIXIE by Visagent, discussions and communications between employees of WINN-DIXIE and VISAGENT as to the implementation of the program, verification of VISAGENT'S position by the actions of WINN-DIXIE employees, requests by WINN-DIXIE to be released from exclusivity provisions of the SERVICE AGREEMENT, all correspondence between the parties, and communications of Tom Barr, Winn-Dixie Alternate Source Manager to members of Visagent and to Alternate Source Vendors and contract entered between WINN-DIXIE and VICTORY during the exclusivity period of the SERVICE AGREEMENT.

See Documents:    V001-4202 and WD00001-10333
                  Service Agreement
                  User Agreements

As to identity of additional documents that may support VISAGENT'S allegations, the answer to this interrogatory my be derived or ascertained from documents Visagent will produce to VISAGENT CORPORATION'S SUPPLEMENTAL RESPONSE TO DEBTORS' FIRST REQUEST FOR PRODUCTION and the burden of deriving or ascertaining the answer is substantially the same for Winn-Dixie as it is for VISAGENT.

Interrogatory No. 10: State all facts, events, circumstances and identify all documents which support your allegations in the complaint you filed in the Circuit Court Action and the Amended Statement of Claim that as a result of Winn-Dixie's breach as alleged in the Circuit Court Action, Visagent has suffered damages in the amount of 2% of all transactions in which Winn-Dixie has participated in the purchase or sale of goods in the secondary market, other than those through the Exchange.

Visagent's Response: Objection, overbroad. Discovery ongoing. Without waiver of this objection, see Service Agreement and User Agreement.

<u>Visagent's Supplemental Response</u>:   WINN-DIXIE breached its contractual obligation to exclusively utilize VISAGENT'S services as provided in the SERVICE AGREEMENT, dated June 15, 2001, with an effective date of June 28, 2001 and User Agreement provided to Debtor. See detailed response to Interrogatory 9 above.

<u>See Documents</u>:   V0001-4202 and WD00001-10333

As to identity of additional documents that may support VISAGENT'S allegations, the answer to this interrogatory my be derived or ascertained from documents Visagent will produce to VISAGENT CORPORATION'S SUPPLEMENTAL RESPONSE TO DEBTORS' FIRST REQUEST FOR PRODUCTION and the burden of deriving or ascertaining the answer is substantially the same for Winn-Dixie as it is for VISAGENT.

<u>Interrogatory No. 11</u>:  State all facts, events, circumstances and identify all documents which support your allegations in the Amended Statement of Claim that Winn-Dixie was obligated to utilize the services of Visagent for the procurement and sale of all merchandise it acquired or sold, through any means utilizing facsimile, from or through the secondary market.

<u>Visagent's Response</u>:   Objection, overbroad.  Discovery ongoing. Without waiver of this objection, generally, see Service Agreement, all User Agreements, June 20, 2001 letter from Daryl Mills to All Alternate Source Venders, September 21, 2001 letter from Robert Carlson to All Secondary Sources.

<u>Visagent's Supplemental Response</u>:  See responses to Interrogatories 9 and 10 above.  Additionally, and specifically relating to document identification, see June 20, 2001 letter from Daryl Mills to All Alternate Source Venders; September 21, 2001 letter from Robert Carlson to all Secondary Sources.

<u>See Documents</u>:   V0001-4202 and WD 00001-10333

As to identity of additional documents that may support VISAGENT'S allegations, the answer to this interrogatory my be derived or ascertained from documents Visagent will produce to VISAGENT CORPORATION'S SUPPLEMENTAL RESPONSE TO DEBTORS FIRST REQUEST FOR PRODUCTION and the burden of deriving or ascertaining the answer is substantially the same for Debtors as it is for VISAGENT.

<u>Interrogatory No. 15</u>:  State all facts, events, circumstances and identify all documents which support your statements in the Amended Statement of Claim that Winn-Dixie intentionally, fraudulently or negligently encouraged and induced Visagent to continue to provide development, training and services toward the development of the Outside Sales Catalog and other trading programs despite the fact Winn-Dixie had no intention to use the Visagent exchange as promised.

<u>Visagent's Response</u>:  Objection, overbroad.  Discovery ongoing.  Without waiver of this objection, Visagent responds that it provided training as evidenced by written and multimedia presentation materials in 2003 and 2004.  Visagent also provided case studies data analysis and project plans to Debtor's employees in connection with the OSC.

<u>Visagent's Supplemental Response</u>:  Throughout the SERVICE CONTRACT period VISAGENT had several meetings and exchanges with WINN-DIXIE personnel regarding the implementation of unique, industry specific technology which would increase both companies' profit margin.  WINN-DIXIE acquired trade sensitive materials, not generally known to other persons, under the fraudulent misrepresentation that they would renew their prior Service Agreement.  This information was given to competitors of VISAGENT by WINN-DIXIE.

<u>See Documents</u>:      V09941-V09944 Memo from I. Mark Rubin to Ed Mieskoski dated April 14, 2003

V10285-V10286 Memo from I. Mark Rubin to Phillip Payment dated June 2, 2003

V10280-V10281
V10207-V10208
V09949
V09875
V09893
V10265-V10279 WD Alternate Souring Program presented by Visagent May 2003
V0001-V4202
WD00001-10333

Additionally, the answer to this interrogatory may be derived or ascertained from documents Visagent will produce and the burden of deriving or ascertaining the answer is substantially the same for Visagent as it is for Debtors.  Discovery is just commencing and Visagent

14

acknowledges the obligation to supplement these responses periodically throughout the discovery process.

Interrogatory No. 17: State all facts, events, circumstances and identify all documents which support the statements in the Affidavit that the Service Agreement precluded Winn-Dixie Stores, Inc. from transacting purchases or sales of goods in the secondary market through the use of electronic transmission, including private networks, email and fax machines, other than through Visagent's Grocery Exchange.

Visagent's Response: Objection, overbroad. Discovery ongoing. Without waiver of this objection, see the answers to Interrogatory No. 11 and the Service Agreement.

Visagent's Supplemental Response: See responses to Interrogatories No. 9, 10, 11 and 15 above.

**See Documents:**    Service Agreement
             User Agreements
             WD00001-10333
             V0001-4202

The answer to this interrogatory may be derived or ascertained from documents Visagent will produce and the burden of deriving or ascertaining the answer is substantially the same for Visagent as it is for Debtors. Discovery is ongoing. Visagent acknowledges the obligation to supplement these responses periodically throughout the discovery process.

23.   For the foregoing reasons, Winn-Dixie requests that the Court enter an order (i) compelling Visagent to provide complete answers to Interrogatory Nos. 5, 9, 10, 11, 15, and 17, and produce all documents in response to Document Request Nos. 5 through 9, 12, 13, and 15 through 21, (ii) requiring Visagent to pay Winn-Dixie's costs in bringing this motion, and (iii) granting such other relief is just.

## Rule 26(c) and Rule 37(a)(2)(A) Certification

The undersigned certifies that he has in good faith attempted to confer with Visagent's attorney in an effort to resolve the issues raised in Winn-Dixie's motions without Court action.

SMITH HULSEY & BUSEY

By  */s/ David L. Gay*
      Stephen D. Busey
      James A. Bolling
      David L. Gay

Florida Bar Number 893221
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
dgay@smithhulsey.com

Counsel for Reorganized Debtors

## Certificate of Service

I certify that a copy of the foregoing document was furnished by mail and/or electronically to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, Post Office Box 395, Stuart, Florida 34995 and **Paul M. Harden, Esq.**, Rubin & Rubin, 1301 Riverplace Boulevard, Suite 2601, Jacksonville, Florida 32207, this 4th day of May, 2007.

*/s/ David L. Gay*
Attorney

00564783