**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                              Case No.  05-03817-3F1
                                        )
WINN-DIXIE STORES, INC., et al.,                    Chapter 11
                                        )
          Reorganized Debtors.                      Jointly Administered
—————————————————————)

**NOTICE OF FILING IN CONNECTION WITH DEBTORS'**
**SECOND MOTION TO COMPEL DISCOVERY FROM VISAGENT**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as the

Reorganized Debtors (collectively, the "Debtors"), give notice of filing the following documents:

Debtors' First Set of Interrogatories to Visagent

Debtors' First Request for Production of Documents to Visagent

Visagent's Responses to Debtors' First Set of Interrogatories

Visagent's Responses to Debtors' First Request for Production

Visagent's Supplemental Responses to Debtors' First Set of Interrogatories

Visagent's Supplemental Responses to Debtors' First Request for Production

SMITH HULSEY & BUSEY


By  */s/ David L. Gay*
          Stephen D. Busey
          James A. Bolling
          David L. Gay

Florida Bar Number 893221
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
dgay@smithhulsey.com

Counsel for Reorganized Debtors

## **Certificate of Service**

I certify that a copy of the foregoing document was furnished by mail and/or electronically to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, Post Office Box 395, Stuart, Florida  34995 and **Paul M. Harden, Esq.**, Rubin & Rubin, 1301 Riverplace Boulevard, Suite 2601, Jacksonville, Florida  32207, this 4th day of May, 2007.

*/s/ David L. Gay*

Attorney

00565074

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |

## DEBTORS' FIRST SET OF INTERROGATORIES TO VISAGENT

To:   Visagent Corporation
      c/o Guy Bennett Rubin, Esq.
      Rubin & Rubin
      Post Office Box 395
      Stuart, Florida 34995

Pursuant to Rule 7033, Federal Rules of Bankruptcy Procedure, you are required

to answer the interrogatories set forth below.

SMITH HULSEY & BUSEY

By
    Stephen D. Busey
    James A. Bolling

Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for Debtors

---

[1]   In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

## Definitions and Instructions

1.    "You," "your," "yours" and "Visagent" mean Visagent Corporation, its officers, directors, agents, servants, attorneys, employees or anyone acting on its behalf.

2.    "Debtor" or "Debtors" mean Winn-Dixie Stores, Inc. and those affiliated entities as set forth above, and the officers, directors, agents, servants, attorneys or employees thereof, and anyone acting on their behalf.

3.    "Debtors" mean the debtors and debtors-in-possession in the jointly administered bankruptcy case styled In re Winn-Dixie, Inc., et. al.; United States Bankruptcy Court, Middle District of Florida; Chapter 11; Case No. 05-03817-3F1.

4.    "Service Agreement" means the Agreement entered into by and between Winn-Dixie Stores, Inc. and Visagent Corporation with effective date of June 28, 2001.

5.    "User Agreement" means the Visagent Surplus Goods Exchange User Agreement referenced in the Service Agreement.

6.    "Letter of Intent" means the Letter of Intent referenced in the Service Agreement.

7.    "Confidentiality Agreement" means the Confidentiality Agreement referenced in the Service Agreement.

8.    "Grocery Exchange" means the Visagent Grocery Exchange referenced in the Service Agreement.

9.    "Circuit Court Action" means the action styled as *Visagent Corporation, a Florida Corporation v. Winn-Dixie Stores, Inc., a Florida Corporation*; Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida; Case No. 16-2004-CA-6101.

10.    "Amended Statement of Claim" means the Notice of Filing Amended Statement of Claim by Visagent Corporation served in the above-styled bankruptcy case on or about July 23, 2006.

11.    "Response" means the Visagent Corporation's Response to Debtor's Fourteenth Omnibus Objection to No Liability Claims served in the above-styled bankruptcy case on or about July 23, 2006.

12.    "Affidavit" means the affidavit of I. Mark Rubin served July 17, 2006 as attached to the Response.

2

13.    The phrase "relating or referring to" means constituting, comprising, containing, consisting of, setting forth, proposing, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

14.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of this request any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

15.    In the event that any document identified by you for in response to these interrogatories is withheld on the basis of any claim of privilege (i) identify the document by date, author, subject matter and type of document (i.e., letter, memorandum, report, etc.), (ii) provide the names and current addresses of all persons to whom the document was distributed or shown, (iii) state the general subject matter of the document and (iv) state the nature of the privilege asserted.

16.    "Debtor's First Request for Production of Documents" refers to the request for production of documents served by Debtors in this proceeding on Visagent on even date herewith.

17.    The terms "document" or "documents" refer to the original, drafts or copies of written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different in any way from the original, including, without limitation, any paper, correspondence, telegram, telex, facsimile, contract, notebook, manual, account, invoice, report, record, transcript, letter, memorandum, statement, check, check stub, note, chart, log, ledger, computer disk, drawing, sketch, inventory or survey, whether written, typed, printed, punched, filmed or marked in any way, and any recording, tape or wire, film, photograph, movie or other graphic matter, however produced or reproduced, any and all mechanical or electronic sound recordings or transcripts thereof, including electronic mail and any documents stored on computers, backup tapes, computer disks or CD-ROM, which you have within your possession or control.

18.    The term "identify" when used with reference to an individual person means to state (i) the person's full name, (ii) the person's present or last known business address and telephone number, (iii) the person's present or last known home address and telephone number and (iv) the person's present employer and position.

19.    The term "identify" when used with reference to a person other than an individual person means to state (i) such person's name, (ii) whether such person is a corporation, partnership or other organization, (iii) such person's

present or last know address and telephone number and (iv) such person's principal place of business.

20.    The term "identify" when used with reference to a document means to state (i) the date that such document bears, or if not dated, the date that it was prepared, (ii) the identity of the person who prepared such document, (iii) the present location and identity of the custodian of the original of such document and all known copies thereof, and (iv) the type of document or means to identify the document with sufficient particularity to meet the requirements for inclusion in a request for production of documents under Rule   7034, Federal Rules of Bankruptcy Procedure.

21.    "State with specificity" or "describe with specificity" means to (i) state the substance of the facts supporting your response, (ii) identify documents supporting your response, and (iii) identify all witnesses who have knowledge or information supporting your response, listing the information or knowledge that each such witness possesses.

22.    If subsequent to serving an answer to any interrogatory, you obtain or become aware of additional information pertaining to that interrogatory that renders your answer in some material respect incomplete or incorrect and the additional or corrective information has not otherwise been made known to plaintiffs during the discovery process or in writing, you shall, within ten days and in no event later than five days before trial, serve a supplemental sworn answer setting forth such information.

## Interrogatories

1.      Identify all persons supplying any information used in preparing answers to these interrogatories and state for which interrogatory(ies) such information was supplied.

2.      Identify all current and former Visagent employees who have knowledge of the negotiation of and work performed by Visagent or the Debtors under the Service Agreement, User Agreement, Letter of Intent, or the Confidentiality Agreement, and for each, identify their position, job description, the number of years employed, and the matter in regard to which the person has knowledge.

3.     Identify all current and former Visagent employees who have knowledge of any of the allegations in the complaint you filed in the Circuit Court Action, the Amended Statement of Claim, or Response, including any matters relevant thereto, and for each, identify their position, job description, the number of years employed, and the matter in regard to which the person has knowledge.

4.     State the total annual dollar volume of all purchases and sales of consumer packaged goods, as set forth in the Service Agreement, transacted through or in relation to the Grocery Exchange for the period 2001 through present, including the total dollar volume for all purchases and sales attributable to the Debtors.

5.      State (i) the total dollar volume of all purchases and sales of full or truckload quantities of consumer packaged goods, and (ii) the total dollar volume of all purchases and sales of less than full or truckload quantities of consumer packaged goods, which were transacted through or in relation to the Grocery Exchange for the period 2001 through present, including the total dollar volume for all purchases and sales attributable to the Debtors.

6.      State the total dollar volume of all of Winn-Dixie's purchases and sales on the secondary market of full or truckload quantities of consumer packaged goods for the period June 28, 2001 through June 27, 2004.

7.    Identify all officers, directors, and managers of Visagent for the period 2001 though present including their position, job description, and number of years in that position, and identify for each all former or current affiliations to or relationship with any company or other legal entity presently or formerly involved in the diverting of grocery products.

8.    Identify all officers, directors, and managers of Global Food Resources, Inc. for the period 2001 though present including their position, job description, and number of years in that position, and identify for each all former or current affiliations to or relationship with any company or other legal entity presently or formerly involved in the diverting of grocery products.

9.      State all facts, events, circumstances and identify all documents which support your allegations in the complaint you filed in the Circuit Court Action and the Amended Statement of Claim, that Winn-Dixie breached its contractual obligation to exclusively utilize Visagent's services for eCommerce as provided in the Service Agreement.

10.     State all facts, events, circumstances and identify all documents which support your allegations in the complaint you filed in the Circuit Court Action and the Amended Statement of Claim that as a result of Winn-Dixie's breach as alleged in the Circuit Court Action, Visagent has suffered damages in the amount of 2% of all transactions in which Winn-Dixie has participated in the purchase or sale of goods in the secondary market, other than those through the Exchange.

11.    State all facts, events, circumstances and identify all documents which support your allegations in the Amended Statement of Claim that Winn-Dixie was obligated to utilize the services of Visagent for the procurement and sale of all merchandise it acquired or sold, through any means utilizing facsimile, from or through the secondary market.

12.    State all facts, events, circumstances and identify all documents which support your allegations in the Amended Statement of Claim that Winn-Dixie violated state and federal laws in connection with trade secrets and proprietary information belonging to Visagent based upon the Winn-Dixie Outside Sales Catalog program.

13.    State all facts, events, circumstances and identify all documents which support your statements in the Amended Statement of Claim that Visagent used its contacts and relationships to introduce compatible trade partners to Winn-Dixie and that Winn-Dixie attempted to, and did build business relationships with some or all of these trade partners by circumventing Visagent, including the identity of each trade partner, the date the introductions took place, and the manner in which the introductions took place.

14.    State all facts, events, circumstances and identify all documents which support your statements in the Amended Statement of Claim that Visagent performed extensive services without compensation for Winn-Dixie base upon promises that all Outside Sales Catalog business would be conducted by and through a Visagent exchange, and that Visagent developed a business model for Winn-Dixie and trained its employees in this regard.

15.    State all facts, events, circumstances and identify all documents which support your statements in the Amended Statement of Claim that Winn-Dixie intentionally, fraudulently or negligently encourages and induced Visagent to continue to provide development, training and services toward the development of the Outside Sales Catalog and other trading programs despite the fact Winn-Dixie had no intention to use the Visagent exchange as promised.

16.    State all facts, events, circumstances and identify all documents which support your statements in the Amended Statement of Claim that Winn-Dixie perpetrated a scheme to usurp the business opportunities brought to it by Visagent, and that Winn-Dixie stole advanced technical trading knowledge and industry know-how from Visagent.

17.    State all facts, events, circumstances and identify all documents which support the statements in the Affidavit that the Service Agreement precluded Winn-Dixie Stores, Inc. from transacting purchases or sales of goods in the secondary market through the use of electronic transmission, including private networks, email and fax machines, other than through Visagent's Grocery Exchange.

18.    State all facts, events, circumstances and identify all documents which support the statements in the Affidavit that the volume of the secondary market sales was projected by Winn-Dixie at a minimum of $175,000,000 annually in the first year of the service agreement and projected to increase in the two years following.

19.    State the names and positions or job descriptions of each manager and executive referred to in Paragraph 9 of the Affidavit, the date that each conversation took place, and the subject matter of the conversations.

20.    Please describe with specificity the bases for and computation of the $131,875,000 you claim in your Amended Statement of Claim that Winn-Dixie owes you.

STATE OF _____    )
                                                        )
COUNTY OF _____    )

      Before me, the undersigned authority, personally appeared _____,

who, being by me first duly sworn, deposes and says that _____ is _____

of Visagent Corporation, _____ is authorized on behalf of Visagent Corporation, to

execute the answers to these interrogatories and the foregoing answers to

interrogatories are true and correct to the best of _____ knowledge and belief.


_____

Sworn to and subscribed before me this _____ day of _____,2006, by _____
_____, who is known to me or who produced _____
_____ as identification.


_____
Print Name:_____
Notary Public, State and County Aforesaid
Commission No.:_____
My Commission Expires:_____

15

### Certificate of Service

I certify that a copy of the foregoing has been furnished by facsimile and U.S. Mail to Guy Bennett Rubin, Rubin & Rubin, 520 S. Federal Highway, PO Box 395, Stuart, Florida, 34995, and Paul M. Harden, Rubin & Rubin, 1301 Riverplace Blvd., Suite 2601, Jacksonville, Florida, 32207, this 16th day of August, 2006.

Attorney

539850.1

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:                                          Case No.  05-03817-3F1

)

WINN-DIXIE STORES, INC., et al.,                Chapter 11

)

Debtors.[1]                                     Jointly Administered

_____)

## DEBTORS' FIRST REQUEST TO VISAGENT
## CORPORATION FOR PRODUCTION OF DOCUMENTS

Debtors, pursuant to Rule 34, Federal Rules of Civil Procedure, made

applicable to these proceedings by Rule 9014 and Rule 7034, Federal Rules of

Bankruptcy Procedure, request that Visagent Corporation produce and permit

them to inspect and copy the documents specified below at the offices of Smith

Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida.

---

[1]   In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor
Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling
Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy
Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc.,
Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige
Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc.,
Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

## **Definitions and Instructions**

A.    "Communication" or "communications" mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information, whether orally or face-to-face or by telephone, mail, personal delivery, document or otherwise.

B.    "Documents" shall have the same meaning as in Rule 34, Federal Rules of Civil Procedure, and shall include, without limiting the generality of the foregoing, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, including audio and video recordings and computer stored information such as word processing documents and e-mail. The foregoing definition includes originals and drafts of documents and all copies that are different in any way from the original.

C.    "You," "your," "yours" and "Visagent" mean Visagent Corporation, its officers, directors, agents, servants, attorneys, employees or anyone acting on its behalf.

2

D.    "Debtor" or "Debtors" mean the debtors and debtors-in-possession in the jointly administered bankruptcy case styled In re Winn-Dixie Stores, Inc., et. al.; United States Bankruptcy Court, Middle District of Florida; Chapter 11; Case No. 05-03817-3F1, and the officers, directors, agents, servants, attorneys, and employees thereof, and anyone acting on their behalf.

E.    "Service Agreement" means the Agreement entered into by and between Winn-Dixie Stores, Inc. and Visagent Corporation with an effective date of June 28, 2001.

F.    "User Agreement" means the Visagent Surplus Goods Exchange User Agreement referenced in the Service Agreement.

G.    "Letter of Intent" means the Letter of Intent referenced in the Service Agreement.

H.    "Confidentiality Agreement" means the Confidentiality Agreement referenced in the Service Agreement.

I.    "Grocery Exchange" means the Visagent Grocery Exchange referenced in the Service Agreement.

J.    The "Circuit Court Action" means the action styled as *Visagent Corporation, a Florida Corporation v. Winn-Dixie Stores, Inc., a Florida Corporation*; Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida; Case No. 16-2004-CA-6101.

K.    "Amended Statement of Claim" means the Notice of Filing Amended Statement of Claim by Visagent Corporation served in the above-styled bankruptcy case on or about July 23, 2006.

L.    As used herein "Response" means Visagent Corporation's Response to Debtor's Fourteenth Omnibus Objection to No Liability Claims served in the above-styled bankruptcy case on or about July 23, 2006.

M.    The phrase "relating or referring to" means constituting, comprising, containing, consisting of, setting forth, proposing, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

N.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of this request any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

O.    In response to this request, you are required to furnish all information and documents in your possession, custody or control, or in the possession, custody or control of your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf. This request specifically includes documents in the possession, custody or control of your past or present attorneys, including in-house counsel and outside counsel.

P.      Pursuant to Rule 26(b)(5), Federal Rules of Civil Procedure, identify each document that you withhold from production under any claim of privilege or other immunity, and for each such document please state:

1.      The date of the document;
2.      The author of the document;
3.      The identity of each person who received or was furnished a copy of the document;
4.      The subject matter of the document; and
5.      Each ground upon which the privilege is claimed.

### Documents Requested

1.      The Service Agreement, and all versions, revisions, supplements, attachments, addenda, and amendments thereto.

2.      The User Agreement, and all versions, revisions, supplements, attachments, addenda, and amendments thereto.

3.      The Letter of Intent, and all versions, revisions, supplements, attachments, addenda, and amendments thereto.

4.      The Confidentiality Agreement, and all versions, revisions, supplements, attachments, addenda, and amendments thereto.

5.      All documents evidencing the allegations in the complaint you filed in the Circuit Court Action.

6.      All documents evidencing the damages you alleged in the complaint filed in the Circuit Court Action.

7.      All documents evidencing the Proofs of Claim filed by Visagent Corporation or affiliated legal entities in the above-styled bankruptcy case.

8.    All documents evidencing the statements set forth in the Response, including the averments in the Affidavit of I. Mark Rubin as attached thereto.

9.    All documents evidencing the statements set forth in the Amended Statement of Claim.

10.    All documents relating or referring to the Outside Sales Catalog program, as referred to in the Amended Statement of Claim.

11.    All documents evidencing, relating or referring to any communications between Visagent and the Debtors for the period January 1, 2001 to August 31, 2004.

12.    All documents evidencing, relating or referring to any purchases or sales of any goods listed in or sold through the Grocery Exchange for the period January 1, 2001 to August 31, 2004.

13.    All documents evidencing, relating or referring to any purchases or sales of any goods by the Debtors transacted through the Grocery Exchange for the period January 1, 2001 to August 31, 2004.

14.    For the period January 1, 2001 to August 1, 2004, all documents evidencing, relating or referring to the dollar breakdown between Winn-Dixie's purchases and sales in the secondary market of (i) full truckload purchases and sales versus (ii) less than full truckload purchases and sales.

15.    For the period January 1, 2001 to August 1, 2004, all documents evidencing, relating or referring to the dollar amount of Winn-Dixie's purchases and sales in the secondary market of full truckloads.

16.    All reports, records, ledgers, journals, account statements, and all summaries, records, audits, and analysis thereof, relating to any payments made to Visagent by or on account of the Debtors, and any payments, incomes, or revenues Visagent received as a result of purchases or sales of goods by the Debtors through or in relation to the Grocery Exchange.

17.    All complaints by anyone about the Grocery Exchange for the period January 1, 2001 to August 31, 2004.

18.    All lists of, or documents identifying, all users of the Grocery Exchange for the period January 1, 2001 and August 31, 2002.

19.    For the period of January 1, 2001 through August 31, 2004, all documents evidencing, relating or referring to (i) the dollar amount of goods each user listed on the Grocery Exchange, (ii) the dollar amount of goods each user bought using the Grocery Exchange, and (iii) the dollar amount of goods each user sold on the Grocery Exchange.

20.    Your annual and quarterly financial statements covering any portion of the period June 28, 2001 through July 1, 2004.

21.    All documents that evidence any portion of the $131,875,000 you claim in your Amended Statement of Claim that Winn-Dixie owes you.

22. All documents identified in, referred to or utilized in any manner in responding to Debtor's First Set of Interrogatories to Visagent.

SMITH HULSEY & BUSEY

By: _____
Stephen D. Busey
James A. Bolling

Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for Debtors

8

### Certificate of Service

I certify that a copy of the foregoing has been furnished by facsimile and U.S. Mail to Guy Bennett Rubin, Esq., Rubin & Rubin, 520 S. Federal Highway, PO Box 395, Stuart, Florida, 34995, and Paul M. Harden, Esq., Rubin & Rubin, 1301 Riverplace Blvd., Suite 2601, Jacksonville, Florida, 32207, this 16th day of August, 2006.

_____
Attorney

00539835

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

## VISAGENT CORPORATION'S RESPONSE TO DEBTOR'S FIRST SET OF INTERROGATORIES[1]

Visagent Corporation responds to Winn-Dixie Stores, Inc.'s first set of interrogatories as follows:

1.    Identify all person supplying any information used in preparing answers to these interrogatories and state for which interrogatory(ies) such information was supplied.

Answer:          I. Mark Rubin
                 Guy Bennett Rubin, Esq.

2.  Identify all current and former Visagent employees who have knowledge of negotiation of and worked performed by Visagent of the Debtors under Service Agreement, User Agreement, Letter of Intent, or the Confidentiality Agreement, and for each, identify their position, job description, the number of years employed, and the manner in regard to which the person has knowledge.

Answer:    Objection. This interrogatory is overbroad and compound. Without waiver of said objection, Visagent provides the following responsive information:

I. Mark Rubin          Chief Executive Officer, 5, SA, UA, LOI, CA, OP

---

[1] Visagent replies to all interrogatories requesting information in support of claims made in this action with the understanding that discovery has only recently commenced and is ongoing. Visagent reserves the right to supplement its responses as it receives discovery materials from Debtor and non-parties.

| | |
|---|---|
| Robert Warren | Chief Operations Officer, 5, SA, UA, LOI, CA, OP |
| Simon Garwood | Vice President, Business Development, 4, SA, UA, OP, |
| Tom Bixby | Chief Information Officer, 4, SA, UA, OP, |
| Robert Handmaker | Director, User Services, 2, SA, UA, OP |
| Robert Trader | Director, Client Relations, 1, OP |
| Claudia Villarreal | Vice President, 1, OP |
| Mark Slater | Chief Financial Officer, 2, OP |

Code Legend:

| | |
|---|---|
| Service Agreement | SA |
| User Agreement | UA |
| Letter of Intent | LOI |
| Confidentiality Agreement | CA |
| Operations, Knowledge of | OP |

3. Identify all current and former Visagent employees who have knowledge of any of the allegations in the complaint you filed in the Circuit Court Action., the Amended Statement of Claim, or Response, including any matters relevant thereto, and for each, identify their position, job description, the number of years employed, and the matter in regard to which the person has knowledge.

Answer:

All persons identified in the answer to Interrogatory No. 2, and

| | |
|---|---|
| Don Welde | Senior Vice President, 1, OP |
| Phillip Trickey | Business Analyst, 2, OP |

4. State the total annual dollar volume of all purchases and sales of Consumer packaged goods, as set forth in the Service Agreement, transacted through or in relation to the Grocery Exchange for the period 2001 through present, including the total dollar volume for all purchases and sales attributable to the Debtors.

Visagent does not have immediate access to the answer to this Interrogatory but will research and supplement this response as soon as the information is available.

5. State (i) the total dollar volume of all purchases and sales of full or truckload quantities of consumer packaged goods, and (ii) the total dollar volume of all purchases and sales of less than full or truckload quantities of consumer packaged good, which were transacted through or in relation to the Grocery Exchange for the period 2001 through present, including the total dollar volume for all purchases and sales attributable to the Debtors.

Answer:   Visagent objects to this interrogatory as unintelligible as stated. Without waiver of this objection, as to (i) See answer to Interrogatory No. 4, as to (ii) unknown.

6. State the total dollar volume of all of Winn-Dixie's purchases and sales on the secondary market of full truckload quantities of consumer packaged goods for the period June 28, 2001 through June 27, 2004.

Answer:   Unknown

7. Identify all officers, directors, and managers of Visagent for the period 2001 through present including their position, job description, and number of years in that position, and identify for each all former or current affiliations to or relationship with any company or other legal entity presently or formerly involved in the diverting of grocery products.

Answer:   Objection. This interrogatory is overbroad and compound as to time frames requested, and vague as to the terms "affiliations", "relationship" and "diverting of grocery products". Without waiver of this objection, Visagent provides the following information:

All persons identified in the answer to Interrogatory Nos. 2 and 3, and in addition,

Directors:
Robert Schiller-3
Charles Clarkson-3
Steven Barth-4
James Hardwick-1
Steve McLaughlin-4

3

8. Identify all officers, directors, and managers of Global food Resources, Inc. for the period 2001 through present including their position job description, and number of years in that position, and identify for each all former or current affiliations to or relationship with any company or other legal entity presently or formerly involved in the diverting of grocery products.

    Answer:    Objection. This interrogatory is overbroad and compound as to time frames requested, and vague as to the terms "affiliations", "relationship" and "diverting of grocery products". Further, objection as to information requested relating to the internal operations of entities not parties to this action, as beyond the scope of proper discovery in this adversarial proceeding.

9. State all facts, events, circumstances and identify all documents which support your allegations in the complaint you filed in the Circuit Court Action and the Amended Statement of Claim, that Winn- Dixie breached its contractual obligation to exclusively utilize Visagent's services for eCommerce as provided in the Service Agreement.

    Answer:    Objection, overbroad. Discovery ongoing.

10. State all facts, events, circumstances and identify all documents which support your allegations in the complaint you filed in the Circuit Court Action and Amended Statement of Claim that is a result of Winn-Dixie's breach as alleged in the Circuit Court Action, Visagent has suffered damages in the amount of 2% of all transactions in which Winn-Dixie has participated in the purchase of sale of goods in the secondary market, other than those through the Exchange.

    Answer:    Objection, overbroad. Discovery ongoing. Without waiver of this objection, see Service Agreement and User Agreement.

11. State all facts, events, circumstances and identify all documents which support your allegations in the amended Statement of Claim that Winn-Dixie was obligated to utilize the services of Visagent for the

procurement and sale of all merchandise it acquired or sold, through any means utilizing facsimile, from or through the secondary market.

Answer: Objection, overbroad. Discovery ongoing. Without waiver of this objection, generally, see Service Agreement, all User Agreements, June 20, 2001 letter from Daryl Mills to All Alternate Source Venders, September 21, 2001 letter from Robert Carlson to All Secondary Sources.

12. State all facts, events, circumstances and identify all documents which support your allegations in the Amended Statement of Claim that Winn-Dixie violated state and federal laws in connection with trade secrets and proprietary information belonging to Visagent based upon the Winn-Dixie Outside Sales Catalog program.

Answer: Objection, overbroad. Discovery ongoing. Without waiver of this objection, see fully negotiated unsigned 2004 Service Agreement between Visagent and Debtor, Confidentiality Agreement dated April 24, 2001, Amendment to Visagent SGE User Agreement.

Violation of Confidentiality Agreement in circumvention of Visagent by attempting to conduct trading activity while Visagent was introducing proprietary and confidential information, practices, methods and third parties to Debtor. Debtor, through its representative, Les Wulfert, admitted that it had tried to do this and later, its Senior Officer, Richard Judd, admitted that it would not do business with Visagent but that it would conduct business in the same manner as confidentially proposed by Visagent, on its own.

Trading Partners:

C&S Wholesale, Giant Eagle, Rite Aid, Eckerd Drugs, Safeway and others.

13. State all facts, events, circumstances and identify all documents which support your statements in the Amended Statement of Claim that Visagent used its contacts and relationships to introduce compatible trade partners to Winn-Dixie and that Winn-Dixie attempted to, and

did build business relationships with some or all of those trade partners by circumventing Visagent, including the identity of each trade partner, the date the introductions took place, and manner in which the introductions took place.

      Answer:      See answer to Interrogatory No. 12.

14. State all facts, events, circumstances and identify all documents which support your statements in the Amended Statement of Claim that Visagent performed extensive services without compensation for Winn-Dixie based upon promises that all Outside Sales Catalog business would be conducted by and through a Visagent exchange, and that Visagent developed a business model for Winn-Dixie and trained its employees in this regard.

      Answer:      Provided Debtor with proprietary information, process plans and models for the implementation and facilitation of the OSC. Visagent conducted training sessions for Debtor's Supervisors, Category Managers and BDM's in the business model and processes.

15. State all facts, events, circumstances and identify all document which support your statements in the Amended Statement of Claim that Winn-Dixie intentionally, fraudulently, or negligently encouraged and induced Visagent to continue to provide development training and services toward the development of the Outside Sales Catalog and other trading programs despite the fact that Winn-Dixie had no intention to use the Visagent exchange as promised.

      Answer:      Objection, overbroad. Discovery ongoing. Without waiver of this objection, Visagent responds that it provided training as evidenced by written and multimedia presentation materials in 2003 and 2004. Visagent also provided case studies data analysis and project plans to Debtor's employees in connection with the OSC.

16. State all facts, events, circumstances and identify all documents which support your Statements in the Amended Statement of Claim that Winn-Dixie perpetrated a scheme to usurp the business opportunities brought to it by Visagent, and that Winn-Dixie stole advanced technical trading knowledge and industry know-how from Visagent.

Answer:    Objection, overbroad. Discovery ongoing. Without waiver of this objection, See the answers to Interrogatory No. 12 through 15.

17. State all facts, events, circumstances and identify all documents which support the statements in the Affidavit that the Service Agreement precluded Winn-Dixie Stores, Inc. from transacting purchases or sales of goods in the secondary market through the use of electronic transmission, including private networks, email and fax machines, other than through Visagent's Grocery Exchange.

Answer:    Objection, overbroad. Discovery ongoing. Without waiver of this objection, See the answers to Interrogatory No. 11 and the Service Agreement.

18. State all facts events, circumstances and identify all documents which support the statements in the Affidavit that the volume of the secondary market sales was projected by Winn-Dixie at a minimum of $175,000,000 annually in the first year of the service Agreement and projected to increase in the two years following.

Answer:    See the following documents: Document produced by WD with Bates Stamp No. V10249, May 14, 2001 email from Mathew Laney, WD Finance Manager to Visagent, WD Sales History By Customer Reports for periods 2000 and 2001.

19. State the names and positions or job descriptions of each manager and executive referred to in Paragraph 9 of the Affidavit, the date that each conversation took place, and the subject matter of the conversation.
Answer:

Larry Appel - General Counsel 2003-4, Debtor's failure to comply with the Service Agreement

Chris Wilson, staff counsel, 2004, Debtor's failure to comply with the Service Agreement

Richard Judd V.P., 2004, Debtor's failure to comply with the Service Agreement

Philip Payment V.P., 2002-2003, Debtor's failure to comply with the Service Agreement

Ed Mieskowski, Director, 2001-2003, Debtor's failure to comply with the Service Agreement

Seth Gaynor, Director, 2003-2004, Debtor's failure to comply with the Service Agreement

Les Wulfert, Director, 2003-2004, Debtor's failure to comply with the Service Agreement

20. Please describe with specificity the basis for and computation of the $131,875,000 you claim in your Amended Statement of Claim that Winn-Dixie owes you.

Breach of contract claim:

| | |
|---|---|
| 3 Year Cumulative Transaction Volume (based upon average of $200M/yr) | $600,000,000 |
| 3 Year Growth in Transaction Volume (based upon 15% annual increase) | +$103,000,000 |
| Deduction for Victory Volume | - $90,000,000 |
| Total   Volume | $613,000,000 |

$613,000,000 x Visagent Fee (.02) = $12,260,000

Violation of state and federal theft of trade secrets:

Estimated damages at 2% of all WD business transacted past and future through Outside Sales Catalog (OSC) business,

**Estimated Damages - OSC**

| | |
|---|---|
| Year 1 (at a rate of $50M after first 6 months) | $30,000,000 |
| Year 2  (20% increase over annual volume rate of $50M) | +$60,000,000 |
| Year 3  (20% increase over annual volume of Y2) | +$72,000,000 |
| Total Volume | $162,000,000 |

$162,000,000 x Visagent Fee (.02) =  $3,240,000

Plus, trebling and/or punitive damages,

Plus, damages resulting from justifiable reliance by Visagent on assurances from Debtors that it would enter into additional contractual relationship, causing Visagent to expend significant additional resources in 2003 and 2004 in connection with the

development of programs for WD and the training of WD employees to use such programs. WD then used the information imparted to it, intentionally breaching non-circumvention and non-disclosure provisions, to its own advantage, and to the detriment of Visagent. The combination of these actions caused Visagent's insolvency, resulting in the loss of a company with a net worth estimated at between $115,000,000 and $120,000,000.

Discovery is ongoing as to specifics related to the above estimates and calculations.

**AS TO OBJECTIONS:**

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)

## CERTIFICATE OF SERVICE

I certify that a true copy was sent via U.S. Mail and via electronic filing to counsel for the Debtor this 26 day of Sept, 2006.

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Attorney for Plaintiff

Copy furnished to:

Stephen D. Busey
James H. Post
Cynthia C. Jackson
**Smith Hulsey & Busey**
225 Water Street
Suite 1800
Jacksonville, FL 32202
Tel: (904) 359-7700
Fax: (904) 359-7708

STATE OF _Duval_ )

COUNTY OF _Florida_ )

Before me, the undersigned authority, personally appeared _I. Mark Rubin_, who, being by me first duly sworn, deposes and says that _he_ is _President_ of Visagent Corporation, _he_ is authorized on behalf of Visagent Corporation, to execute the answers to these interrogatories and the foregoing answers to interrogatories are true and correct to the best of _his_ knowledge and belief.

_I. Mark Rubin, President_
_Visagent Corporation_

Sworn to and subscribed before me this _27th_ day of _September_ 2006, by _I. Mark Rubin_, who is known to me ~~or who produced~~ as identification.

Print Name: _Nayeli Munoz Carpenter_
Notary Public, State and County Aforesaid
Commission No.:_____
My Commission Expires:_____

Nayeli Munoz Carpenter
My Commission DD208971
Expires April 29, 2007

15

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

## VISAGENT CORPORATION'S RESPONSE TO DEBTOR'S FIRST REQUEST FOR PRODUCTION

Visagent Corporation responds to Winn-Dixie Stores, Inc.'s first Request to Produce as follows:

General Objections:

Visagent objects to each of the requests as overly broad and further objects to the extent any request seeks privileged attorney-client or attorney work-product materials. Visagent further objects to the definitions and instructions in the preface to the request for production as overly broad and inconsistent with the requirements of the Federal Rules of Civil Procedure.

General Notes:

Visagent will make documents available for inspection and copying at 1661 Stockton Street, Jacksonville, FL 32204. Each of the numbered paragraphs below, correspond to the same numbered request in Debtor's First Request For Production.

1.  Subject to the general objections stated herein, Visagent will produce the Service Agreement.

2.  Subject to the general objections stated herein, Visagent will produce the User Agreement.

3.  Subject to the general objections stated herein, Visagent will produce the Letter of Intent.

1

4.                Subject to the general objections stated herein, Visagent will produce the Confidentiality Agreement.

5.                Visagent specifically objects as overly broad and vague.

6.                Visagent specifically objects as overly broad and vague.

7.                Visagent specifically objects as overly broad and vague. Subject to the general and specific objections asserted, Visagent will produce the Proof of Claim it filed in this bankruptcy proceeding.

8.                Visagent specifically objects as overly broad and vague.

9.                Visagent specifically objects as overly broad and vague.

10.             Visagent specifically objects as overly broad and vague. Subject to the general and specific objections asserted, Visagent will produce the documents relating to the Outside Sales Catalog program.

11.             Visagent specifically objects as overly broad and vague. Subject to the general and specific objections asserted, Visagent will produce the correspondence between it and the Debtor for the requested time period.

12.             Visagent specifically objects as overly broad and vague, and not calculated to lead to the discovery of admissible evidence.

13.             Visagent specifically objects as overly broad and vague. Subject to the general and specific objections asserted, Visagent will produce the documents relating to sales and purchases by Debtor through the Grocery Exchange.

14.             Visagent specifically objects as overly broad and vague. Subject to the general and specific objections asserted, none.

15.             Visagent specifically objects as overly broad and vague. Subject to the general and specific objections asserted, Visagent will produce the documents relating to sales and purchases by Debtor in the secondary market.

16.             Visagent specifically objects as overly broad and vague. Subject to the general and specific objections asserted, Visagent will

produce the documents relating to funds received by or on behalf of Debtor and other documents relating to such funds.

17.     Visagent specifically objects as overly broad and vague.

18.     Visagent specifically objects as overly broad and vague. Subject to the general and specific objections asserted, Visagent will produce a list of users on the exchange for the time period specified.

19.     Visagent specifically objects as overly broad and vague. Subject to the general and specific objections asserted, Visagent will produce the documents relating to the requested documents to the extent they exist.

20.     Visagent specifically objects as overly broad and vague. Subject to the general and specific objections asserted, Visagent will produce the financial statements for the time period specified.

21.     Visagent specifically objects as overly broad and vague.

22.     Visagent specifically objects as overly broad and vague. Subject to the general and specific objections asserted, Visagent will produce the documents relating to the requested documents to the extent they exist.

## CERTIFICATE OF SERVICE

I certify that a true copy was sent via U.S. Mail and via electronic means to counsel for the Debtor this 28th day of September 2006.

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Attorney for Plaintiff

Copy furnished to:

Stephen D. Busey
James H. Post
Cynthia C. Jackson
**Smith Hulsey & Busey**
225 Water Street
Suite 1800
Jacksonville, FL 32202
Tel: (904) 359-7700
Fax: (904) 359-7708

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

IN RE:                                      )        CASE NO.: 05-03817-3F1
                                            )
WINN-DIXIE STORES, INC. et al   )        Chapter 11
                                            )
        Debtors.                            )        Jointly Administered

## VISAGENT CORPORATION'S SUPPLEMENTAL RESPONSE TO DEBTOR'S FIRST SET OF INTERROGATORIES[1]

Visagent Corporation files this supplemental response to Winn-Dixie Stores, Inc.'s first set of interrogatories as follows:

4.  State the total annual dollar volume of all purchases and sales of Consumer packaged goods, as set forth in the Service Agreement, transacted through or in relation to the Grocery Exchange for the period 2001 through present, including the total dollar volume for all purchases and sales attributable to the Debtors.

    Supplemented Answer:

    VISAGENT transaction volume is measured by Sale/Sell Price plus freight and other costs plus VISAGENT'S fees. The result is reported as the Purchase/Buy Price. Accordingly, total annual dollar volume of all purchases is the accurate measure of VISAGENT transaction volume and is reflected as follows:

|      |                 |
|------|-----------------|
| 2001 | $651,894.17     |
| 2002 | $1,811,509.38   |
| 2003 | $6,498,409.52   |
| 2004 | $4,264,402.67   |

5.  State (i) the total dollar volume of all purchases and sales of full or truckload quantities of consumer packaged goods, and (ii) the total

---

[1] VISAGENT replies to all interrogatories requesting information in support of claims made in this action with the understanding that discovery has only recently commenced and is ongoing. VISAGENT reserves the right to supplement its responses as it receives discovery materials from Debtor and non-parties.

dollar volume of all purchases and sales of less than full or truckload quantities of consumer packaged good (sic), which were transacted through or in relation to the Grocery Exchange for the period 2001 through present, including the total dollar volume for all purchases and sales attributable to the Debtors.

Supplemented Answer:

Subject to the qualifying response to Interrogatory No. 4 above, (i) VISAGENT does not track or keep records of purchases and sales by "full or truckload quantities." (ii) VISAGENT does not track or keep records of purchases and sales of "less than full or truckload quantities." Furthermore, some aspects of the information requested by this interrogatory may be derived or ascertained from documents VISAGENT will produce pursuant to **VISAGENT CORPORATION'S SUPPLEMENTAL RESPONSE TO DEBTOR'S FIRST REQUEST FOR PRODUCTION** and the burden of deriving or ascertaining the answer is substantially the same for Debtors as it is for VISAGENT.

7.  Identify all officers, directors, and managers of Visagent for the period 2001 through present including their position, job description, and number of years in that position, and identify for each all former or current affiliations to or relationship with any company or other legal entity presently or formerly involved in the diverting of grocery products.

Supplemented Answer:

Officers:

I. Mark Rubin, President and Chief Executive Officer of Visagent from 1998 to 2004.

Robert Warren, Executive Vice President of Visagent from 2000 to 2004.
He previously served as President of Royal Knight Distributors, Inc., a diverter, from 1994 to 2000.

Thomas Bixby, Chief Information Officer of Visagent from 2001 to 2004.

Mark Slater, Chief Financial Officer of Visagent from 2002 to 2004.

Simon Garwood, Vice President of Business Development for Visagent from 2000 to 2004.
He previously served as an account executive for Royal Knight Distributors, Inc., a diverter, from 1997 to 2000.

Don Welde, Senior Vice President for Special Projects for Visagent from 2003 to 2004.

Directors:

I. Mark Rubin, CEO Visagent Corporation

Steven A. Barth, President, HCM Management Inc.

Charles A. Clarkson, Partner, C & M Investments

Steven M. McLaughlin, Executive Vice President and Chief Technology Officer, MediaBay.com

Robert Schiller, Chief Operating Officer and Chief Financial Officer, Armor Holdings, Inc.

Robert Warren, Executive Vice President, Visagent Corporation
Prior affiliation set forth above.

8. Identify all officers, directors, and managers of Global food (sic) Resources, Inc. for the period 2001 through present including their position job description, and number of years in that position, and identify for each all former or current affiliations to or relationship with any company or other legal entity presently or formerly involved in the diverting of grocery products.

   Supplemented Answer:

   I. Mark Rubin, President, 2001 to Present.

   Jyoti Chawla, Vice President, 2001 to 2002. Previous affiliations unknown.

   Hank Van Joslin, Vice President, 2002 to 2004. Previous affiliations unknown.

9. State all facts, events, circumstances and identify all documents which support your allegations in the complaint you filed in the Circuit Court Action and the Amended Statement of Claim, that Winn- Dixie breached its contractual obligation to exclusively utilize Visagent's services for eCommerce as provided in the Service Agreement.

Supplemented Answer:

VISAGENT CORPORATION, hereinafter referred to as VISAGENT, was in the business of providing services to facilitate e-Commerce business-to-business transactions to the retail consumer packaged goods industry. After many months of negotiations and the investment of substantial monetary and human capital by VISAGENT, a contract entitled SERVICE AGREEMENT was executed by both VISAGENT and WINN-DIXIE, a grocery retailer, on June 15, 2001 with an effective date of June 28, 2001. A copy of the contract has heretofore been provided to Debtors.

During the term of the SERVICE AGREEMENT, WINN-DIXIE was obligated to exclusively utilize VISAGENT'S services. for the procurement and sale of all merchandise it acquired or sold, "through the internet or similar electronic means" from and through the secondary market, which is comprised of all sources (buyers and sellers) of merchandise other than direct purchases and returns from original product manufacturers. WINN-DIXIE breached its contractual obligation to exclusively utilize VISAGENT's services by conducting business with third parties that were otherwise to be conducted under the terms of the contract and/or conducting business with third parties that was protected by the terms of the contract.

VISAGENT'S contentions are supported by the negotiations resulting in the execution of the Service Agreement, correspondence pre-dating the Service Agreement, WINN-DIXIE inter-company memoranda, the actual terms of the Service Contract, the actions of both sides leading up to and after the execution of the Service Agreement, the introduction of methods, technology and protocol to WINN-DIXIE by VISAGENT, discussions and communications between employees of WINN-DIXIE and VISGENT as to the implementation of the program, verification of VISAGENT'S position by the actions of WINN-DIXIE employees, requests by WINN-DIXIE to be

4

released from the exclusivity provisions of the SERVICE AGREEMENT, all correspondence between the parties, and communications of Tom Barr, Winn Dixie Alternate Source Manager to members of VISAGENT and to Alternate Source Vendors and contract entered between WINN-DIXIE and VICTORY during the exclusivity period of the SERVICE AGREEMENT.

See Documents:  V0001-4202 and WD00001-10,333
                    Service Agreement
                    User Agreements

As to identity of additional documents that may support VISAGENT'S allegations, the answer to this interrogatory may be derived or ascertained from documents Visagent will produce pursuant to **VISAGENT CORPORATION'S SUPPLEMENTAL RESPONSE TO DEBTOR'S FIRST REQUEST FOR PRODUCTION** and the burden of deriving or ascertaining the answer is substantially the same for Debtors as it is for VISAGENT.

10. State all facts, events, circumstances and identify all documents which support your allegations in the complaint you filed in the Circuit Court Action and Amended Statement of Claim that is a result of Winn-Dixie's breach as alleged in the Circuit Court Action, Visagent has suffered damages in the amount of 2% of all transactions in which Winn-Dixie has participated in the purchase of sale of goods in the secondary market, other than those through the Exchange.

Supplemented Answer:

WINN-DIXIE breached its contractual obligation to exclusively utilize VISAGENT's services as provided in the SERVICE AGREEMENT, dated June 15, 2001, with an effective date of June 28, 2001 and User Agreement provided to Debtor. See detailed response to Interrogatory 9 above.

Documents:      V0001-4202
                WD00001-10,333

As to identity of additional documents that may support Visagent's allegations, the answer to this interrogatory may be derived or ascertained from documents Visagent will produce pursuant to **VISAGENT CORPORATION'S SUPPLEMENTAL RESPONSE**

**TO DEBTOR'S FIRST REQUEST FOR PRODUCTION** and the burden of deriving or ascertaining the answer is substantially the same for Debtors as it is for Visagent.

11. State all facts, events, circumstances and identify all documents which support your allegations in the amended Statement of Claim that Winn-Dixie was obligated to utilize the services of Visagent for the procurement and sale of all merchandise it acquired or sold, through any means utilizing facsimile, from or through the secondary market.

Supplemented Answer:

See responses to Interrogatories 9 and 10 above. Additionally, and specifically relating to document identification, see June 20, 2001 letter from Daryl Mills to All Alternate Source Venders; September 21, 2001 letter from Robert Carlson to all Secondary Sources.
WD00001-10,333
V0001-4202

As to identity of additional documents that may support Visagent's allegations, the answer to this interrogatory may be derived or ascertained from documents Visagent will produce pursuant to its **VISAGENT CORPORATION'S SUPPLEMENTAL RESPONSE TO DEBTOR'S FIRST REQUEST FOR PRODUCTION** and the burden of deriving or ascertaining the answer is substantially the same for Debtors as it is for Visagent.

15. State all facts, events, circumstances and identify all document (sic) which support your statements in the Amended Statement of Claim that Winn-Dixie intentionally, fraudulently, or negligently encouraged and induced Visagent to continue to provide development training and services toward the development of the Outside Sales Catalog and other trading programs despite the fact that Winn-Dixie had no intention to use the Visagent exchange as promised.

Supplemented Answer:

Throughout the SERVICE CONTRACT period VISAGENT had several meetings and exchanges with WINN-DIXIE personnel regarding the implementation of unique, industry specific technology which would increase both companies' profit margin. WINN DIXIE acquired trade sensitive materials, not generally

6

known to others persons, under the fraudulent misrepresentation that they would renew their prior Service Agreement. This information was given to competitors of VISAGENT by WINN-DIXIE.

Documents:

V09941-V09944 Memo from I. Mark Rubin to Ed Mieskoski dated April 14, 2003

V10285-V10286 Memo from I. Mark Rubin to Phillip Payment dated June 2, 2003

V10280-10281
V10207-V10208
V09949
V09875
V09893
V10265-10279   WD Alternate Sourcing Program presented by Visagent May 2003
V0001-4202
WD00001-10,333

Additionally, the answer to this interrogatory may be derived or ascertained from documents Visagent will produce and the burden of deriving or ascertaining the answer is substantially the same for Visagent as it is for Debtors.

Discovery is just commencing and Visagent acknowledges the obligation to supplement these responses periodically throughout the discovery process.

17. State all facts, events, circumstances and identify all documents which support the statements in the Affidavit that the Service Agreement precluded Winn-Dixie Stores, Inc. from transacting purchases or sales of goods in the secondary market through the use of electronic transmission, including, email and fax machines, other than through Visagent's Grocery Exchange.

Supplemented Answer:

See responses to Interrogatories No. 9, 10, 11 and 15 above.

Documents:
Service Agreement
User Agreements
WD00001-10,333

V0001-4202

The answer to this interrogatory may be derived or ascertained from documents Visagent will produce and the burden of deriving or ascertaining the answer is substantially the same for Visagent as it is for Debtors. Discovery is ongoing. Visagent acknowledges the obligation to supplement these responses periodically throughout the discovery process.

**FOR THE CORPORATION**
**AND AS TO OBJECTIONS:**

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)

## CERTIFICATE OF SERVICE

I certify that a true copy was sent via U.S. Mail and via electronic filing to counsel for the Debtor this 21 day of March, 2007.

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Attorney for Plaintiff

Copy furnished to:

Stephen D. Busey
James H. Post
Cynthia C. Jackson
**Smith Hulsey & Busey**
225 Water Street
Suite 1800
Jacksonville, FL 32202
Tel: (904) 359-7700

8

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

## VISAGENT CORPORATION'S SUPPLEMENTAL RESPONSE TO DEBTOR'S FIRST REQUEST FOR PRODUCTION

Visagent Corporation responds to Winn-Dixie Stores, Inc.'s first Request to Produce as follows:

General Objections:

Visagent objects to each of the requests as overly broad and further objects to the extent any request seeks privileged attorney-client or attorney work-product materials. Visagent further objects to the definitions and instructions in the preface to the request for production as overly broad and inconsistent with the requirements of the Federal Rules of Civil Procedure.

General Notes:

Visagent will make documents available for inspection and copying at 520 South Federal Highway, Stuart, Fl 34995. Each of the numbered paragraphs below, correspond to the same numbered request in Debtor's First Request For Production.

Document Request No. 5: All documents evidencing the allegations in the complaint you filed in the Circuit Court Action.

Supplemented Answer: Available for inspection and copying.

Document Request No. 6: All documents evidencing the damages you alleged in the Complaint filed in the Circuit Court Action.

Supplemented Answer:   Available for inspection and copying.

<u>Document Request No. 8:</u>  All documents evidencing the statements set forth in the Response, including the averments in the affidavit of I. Mark Rubin as attached thereto.

Supplemented Answer: Available for inspection and copying.

<u>Document Request No. 9:</u>   All documents evidencing the statements set forth in the Amended Statement of Claim.

Supplemented Answer: Available for inspection and copying.

<u>Document Request No. 12:</u>   All documents evidencing, relating or referring to any purchases or sales of any goods listed in or sold through the Grocery Exchange for the period January 1, 2001 to August 31, 2004.

Supplemented Answer: Available for inspection and copying.

<u>Document Request No. 17:</u>   All complaints to anyone about the Grocery Exchange for the period January 1, 2001 to August 31, 2004.

. Supplemented Answer: Available for inspection and copying.

<u>Document Request No. 21:</u>   All documents that evidence any portion of the $131, 875,000 you claim in your Amended Statement of Claim that Winn-Dixie owes you.

Supplemented Answer: Available for inspection and copying.

2

## CERTIFICATE OF SERVICE

I certify that a true copy was sent via U.S. Mail and via electronic means to counsel for

the Debtor this 21st day of March, 2007.

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Attorney for Plaintiff

Copy furnished to:

Stephen D. Busey
James H. Post
Cynthia C. Jackson
**Smith Hulsey & Busey**
225 Water Street
Suite 1800
Jacksonville, FL 32202
Tel: (904) 359-7700
Fax: (904) 359-7708

3