UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| Reorganized Debtors. | ) Jointly Administered |

## ORDER GRANTING REORGANIZED DEBTORS' MOTION TO APPROVE STIPULATION REGARDING CLAIMS AND INSURANCE POLICIES OF KEMPER INSURANCE COMPANIES

These cases came before the Court upon the motion (the "Motion")[1] of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its debtor affiliates (collectively, the "Reorganized Debtors") for an order approving the Reorganized Debtors' stipulation (the "Stipulation") with Lumbermens Mutual Casualty Company, American Motorists Insurance Company, American Protection Insurance Company, and American Manufacturers Mutual Insurance Company (individually or collectively, together with their affiliates, "Kemper") relating to (a) the Debtors' Twenty-Third Omnibus Objection to (A) Indemnification Claims, (B) No Liability Claims, (C) No Liability Misclassified Claims, (D) Overstated Claims, (E) Overstated Misclassified Claims, (F) Unliquidated Claims, (G) Misclassified Claims, and (H) Amended and Superseded Claims ("Twenty-Third Objection"), as it pertains to Kemper's Claim No. 8726 ("Claim No. 8726") filed at Docket No. 11324 (the "Twenty-Third Objection"); (b) the Debtors' Fourth Omnibus Motion For Order Authorizing Assumption Of Executory Contracts and Unexpired Leases and Fixing Cure Amounts filed at Docket No. 10966 (the "Fourth Omnibus Assumption Motion"); (c)

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Stipulation.

Kemper's Limited Objection of Lumbermens Mutual Casualty Company to Debtors' Fourth Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts filed at Docket No. 11485 (the "Kemper Objection"); and (d) Request of Kemper Insurance Companies for Allowance and Payment of Administrative Claim (the "Kemper Administrative Claim") . The Court finds that (i) the Motion was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 20 days of the date of service, and (ii) no party filed an objection. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1. The Motion is granted.

2. The Stipulation between the Reorganized Debtors and Kemper attached to the Motion is approved.

3. The Twenty-Third Objection as it relates to Claim No. 8726 is resolved as provided in the Stipulation.

4. The Kemper Administrative Claim is resolved as provided in the Stipulation.

5. The Fourth Omnibus Assumption Motion and the Kemper Objection as it relates to the Assumed Policies are resolved as provided in the Stipulation.

6. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 7 day of May, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

3