**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et. al. | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## MOTION OF JIMMIE EVANS (CLAIM NUMBER A711201193-0001-01) FOR LEAVE TO FILE AND/OR FOR ENLARGEMENT OF TIME TO FILE APPLICATION FOR ADMINISTRATIVE CLAIM, AND FOR DETERMINATION, ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM ARISING AGAINST THE REORGANIZED DEBTORS ON OR ABOUT FEBRUARY 26, 2006

COMES NOW, Petitioner Jimmie Evans ("Evans" or "Petitioner"), Claim Number A711201193-0001-01, by and through his undersigned counsel, and hereby files this, Motion for Leave to File a Late Filed Administrative Claim and/or for Enlargement of Time to File An Administrative Claim and for Determination and Allowance and Payment of the Administrative Claim pursuant to 11 U.S.C. §105 and F.R.B.P. 3003(c), 9006(c) and 11 U.S.C. §503, and to accept same as timely filed, and in furtherance thereof states as follows:

1. On Feb 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of Title 11, United States Code.

2. The Debtors are operating their businesses and managing their property as a Debtor in Possession pursuant to §1107(a) and §1108 of the Bankruptcy Code. The Court has appointed an Official Committee of Unsecured Creditors to serve in these cases. The Court has entered Orders setting out certain procedures to resolve personal injury claims.

07-14891

1

3.      Petitioner Evans is a Creditor of the Debtor by virtue of a post-petition injury that occurred at the premises of the Debtor located at 680 North Federal Highway, Ft. Lauderdale, Florida 33304 on February 08, 2006.

4.      The Petitioner Evans claim arises out of personal injury/premises liability where the Petitioner slipped and fell within the store.

5.      As a result of this fall, the Petitioner fractured his right wrist which resulted in surgery and permanent nerve damage to his right extremity.

6.      Petitioner thereafter retained counsel and a Notice Letter was forwarded to Winn Dixie notifying them of Petitioner's intention to seek compensation for the damages he sustained on February 08, 2006. (A copy of this letter which is dated February 28, 2006 is attached hereto as Exhibit "A").

7.      According to the Bankruptcy Court, on November 21, 2006, an Order of Confirmation was issued and a Notice of same was served on December 6, 2006, which required all Administrative Claimants with claims arising against the Debtor during the period of February 22, 2005 and November 21, 2006 to file a request or application for an Administrative Claim no later than January 5, 2007 (the "Notice"). However, Movant did not learn of the requirement until after the deadline.

8.      Despite having timely notified Winn-Dixie of the claim on or about February 28, 2006, State Court counsel for Petitioner Evans, Evan R. Krakower, Esq. at 10001 W. Oakland Park Blvd., Suite 200, Sunrise, FL, 33351 did not receive any Notice or pleadings regarding the deadline.

9.      The undersigned counsel has spoken with the Clerk of the U.S. Bankruptcy Court in charge of the Winn Dixie file, and has determined that there is nothing in the Court docket

which would assist in determining whether or not mail was returned to sender, and that all servicing takes place from Counsel for the Debtor. However, Debtor's counsel advised Petitioner State Court Counsel that he was not able to give full and complete information and data to the State Court Counsel for the Petitioner regarding receipt of the claim and service of the Notice.

10.    Petitioner is seeking compensation for the injuries he sustained in this accident as well as compensation for past and future medical care. His past medical care totals $18,080.01 to date and remains outstanding and payable to his medical providers. It is also anticipated that future medical care may cost approximately $500.00 a year throughout Petitioner's life. He is presently sixty-one years of age.

11.    Petitioner's fall was reported to Winn-Dixie personnel and it is the position of the Petitioner that his injuries were caused by Winn Dixie's (the Reorganized Debtor's) negligence. A determination has not yet been made by Winn Dixie with regards to their position on the liability issues in this case.

12.    As a result, of the foregoing, Petitioner is making a demand of $100,000.00.

## MEMORANDUM OF LAW IN SUPPORT

13.    It is abundantly clear from the information and documentation presented herein and to Sedgwick that Petitioner has a meritorious claim and therefore, Petitioner, Evans, claim number A711201193-0001-01, should be deemed an "Allowable Claim" in the amount of $100,000.00.

14.    Pursuant to Fed. R. Bankr. P. 3003(c)(3), "the Court shall fix and or cause shown may extend the time within proofs of claim or interest may be filed. Further, Fed. R. Bankr. P. 9006(b)(2) states that the Court, regarding an act to be done within a specified period of time,

may "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

15.    Fed. R. Bankr. P. 9006(b)(1) is the rule concerning requests for enlargement of time for filing a proof of claim in a bankruptcy case. This rule is the center of discussion in the Supreme Court case of *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership.* 507 U.S. 380 (U.S., 1993). The case defines "excusable neglect" and explicitly rejects the contention that excusable neglect applies only to situations beyond the creditor's reasonable control, as narrowly defined by the 4th, 7th, 8th, and 11th Circuits, by stating ". . .Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the parties control." *Id.* at 387-388.

16.    In addition, the *Pioneer* Court concluded that the determination of excusable neglect by a bankruptcy court "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer* 507 U.S. at 395.  In addition, excusable neglect takes in to account situations caused by "inadvertence, mistake or carelessness, as well as circumstances beyond the party's control" Id.

17.    The Supreme Court confirmed that the factors to take into consideration when deciding whether a party's omission is a case of excusable neglect, are as follows:

    (a) danger of prejudice to the debtor;

    (b) the length of the delay and its potential impact on judicial proceedings;

    (c) the reason for the delay, and

    (d) whether the movant acted in good faith.

    *Id.* at 395.

18.    In *Pioneer*, the Court noted that "excusable neglect" can encompass situations where failure to file timely is based on neglect. In the matter of *In Re: Palpalordo*, a creditor filed a Motion for an Enlargement of Time to File a Proof of Claim 7 months after the claim's bar date. The Creditor was not listed on the Schedules nor was the 341 Notice served upon him. The Debtor filed an amendment which later added the Creditor, but the Creditor stated it did not know about the bankruptcy until later even though there were extensive newspaper articles in the business section of the paper discussing the bankruptcy. The Court felt that even though 7 months delay was significant, the delay did not impede the judicial proceedings. The reason for delay was partly because of both the Debtor and Creditor, and there was no bad faith on the part of the Creditor. The case of *In Re Premier Membership Services, LLC*, 276 B.R. 709 (Bankr. S.D. Fla. 2002) is a case where a Debtor did not list the creditor on the Service lists. Again, the Court expressed concern with prejudice to the Debtor if allowing the late filed claim and not with prejudice to the Creditor. The Court found that there was no evidence that the Creditor was given actual notice of the Claim's bar date and also noted that the Debtor and Creditor were both responsible for the delay. The instant case is similar to those above, in that this Petition failed to receive any Notice; was a post-Petition creditor with Counsel who the Debtor did not Notice. Also, there is no prejudice to the Debtor since the amount of the claim will not adversely impact the Debtor.

19.    In the case of *Eagle Bus Mfg. Inc.* 62 F.3d 730, 740(5th Cir. 1995), the Court found that the filing of a Proof of Claim 6 – 8 months after the deadline, was not prejudicial to the Debtor and that it did not adversely impact judicial proceedings, where the movant acted in good faith and there was a legitimate reason for the delay. Again similar to the instant facts.

20.    In the case of *In re Intelligent Medical Imaging, Inc.*, 262 B.R. 142 (S.D. FL

2001), the Bankruptcy Court, in analyzing the case of *Pioneer*, stated:

> In applying the *Pioneer* test, courts place the *greatest weight* on
> whether any prejudice to the other parties will occur by allowing a late
> claim. [citation omitted]. There is no "prejudice" when all the parties
> can be placed in the same situation that they could have been if the
> error had not occurred".

21.    The *Intelligent Medical Imaging* Court conceded that allowing the tax collector

to file a late secured claim would cause no prejudice to the Debtor, but emphasized that the late

claim "would produce substantial prejudice to the other creditors. . . in that it would greatly

reduce the distribution to other unsecured creditors." 262 B.R. at 146. The Court thereafter

granted the Motion since it would not prejudice the Debtor.

22.    The Court in the matter of *Earth Rock, Inc.*, 153 B.R. 61 (Bankr. Idaho 1993), the

Court noted that the notion of neglect is flexible and elastic.

23.    Additionally, the Court similarly allowed a late filed claim in the matter of *In Re:

Charter Co.*, 113 B.R. 725 (Bankr. M.D. Fla. 1990). In that case, there was a lateness in the

notification.

24.    The Claim should be deemed timely filed for three independent reasons. First, the

Debtors failed to provide the Claimant with proper notice of the bar date by failing to serve the

Bar Notice upon Claimant's known legal counsel. See <u>Mullane v. Central Hanover Bank &

Trust Co.</u>, 339 U.S. 306 (1950) (discussing due process requirement of tailored notice); <u>In re

Spring Valley farms, Inc.</u>, 863 F.2d 832 (11th Cir. 1989) (holding that specific notice is required

before a claim can be discharged). Second, the Debtors were aware of the subject claim prior to

the bar date through their receipt of the Initial Claim letter (Exhibit "A"), which constituted a

timely and cognizable informal claim. See <u>In re L. Meyer & Son Seafood Corp.</u>, 188 B.R. 315

(Bankr. S.D. Fla. 1995) (allowing informal proof of claim).  Third, the deadline should be extended under Fed. R. Bank. P. 9006(b)(1), particularly in light of the absence of prejudice to the Debtors, the Claimant's good faith, and the timeliness of this motion.  See Pioneer Inv. Svcs. Co. v. Brunswick Assocs. Ltd. P'ships, 507 U.S. 380 (1993); In re E.S. Bankest, L.C., 321 B.R. 588 (Bankr. S.D. Fla. 2005).

25.    Attached hereto as Exhibit "B" is the Affidavit of Evan R. Krakower, Esq.  The Affidavit evidences that Mr. Krakower was the attorney for the Petitioner Evans, that he communicated to Winn-Dixie in an appropriate manner, that he never received any response, and he did not receive a copy of the Notice of a) Entry of Order Confirming Plan of Reorganization, b) Occurrence of Effective Date of Plan, and c) Bar Dates for Filing Claims arising before Effective Date and other Administrative Claims.

26.    The Affidavit further evidences that upon learning of the Notice and deadline he immediately contacted David Gay, Esq. as Debtors' Counsel on February 21, 2007.  Debtors' counsel advised he would check in to the situation and get back to Attorney Krakower.  He heard from Debtors' Counsel after 7 days and was advised that his Client was not a listed creditor who received notice with relation to Petitioner Evans, and that there was a lacking of service upon him, but that Debtors' Counsel could not do anything, that a Motion needed to be filed.  Attorney Krakower requested the undersigned to assist the Petitioner for the purpose of this Motion.

27.    As the Court can see from the Affidavit of Attorney Krakower, the Debtor has failed to properly provide Notice to the Petitioner through counsel, and therefore this Court should grant Petitioner Evans Motion for Leave to file a Late Filed Administrative Proof of Claim. The sums to be paid are not prejudicial to the Debtor, the matter was timely submitted, if any delay or failure occurred with relation to the processing of this claim by Winn-Dixie, the

Debtor, at the time of the initial notification on February 28, 2006, that rests solely with the Debtor, and not with Petitioner's State Court counsel.

28.    The Debtors will receive an unjustified windfall if it is freed from Movant's claim due to the late filing. The Debtors, already administering Movant's claim through its third party administrator, is in no way prejudiced by allowing the claim to rise or fall on its own legitimacy as a personal injury claim against the Debtors.

29.    The Debtors and other parties in interest are not prejudiced by allowing Movant's application to be considered as timely filed. Debtors have at all times been aware of Movant's personal injury claim, and cannot be said to have relied to their detriment on a hard and fast deadline for filing administrative claims. The Debtors are in no worse position than if this claim had been timely filed and will not suffer any prejudice whatsoever. No other creditor in the proceeding will be affected, because post-petition claims are not subject to adjustment in the confirmed plan of reorganization in this case. Granting an enlargement of time and treating Movant's application as timely filed will permit Petitioner Evans' personal injury claim to be resolved on the merits. Evans suffered significant personal injuries and should be given an opportunity to seek redress for his damages.

WHEREFORE, it is respectfully requested that this Court:

1.    Allow a Late Filed Administrative Claim on behalf of the Petitioner Jimmie Evans.

2.    Determine that Petitioner Jimmie Evans is entitled to an Administrative Proof of Claim, and the amount thereof; and

3.    Direct that said Administrative claim be paid and for such further relief as may be appropriate under the circumstances.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed

to: **David Gay, Esq.** of Smith, Hulsey & Busey, Attorneys for the Reorganized Debtors, 225

Water Street, Suite 1800, Jacksonville, Florida 32202; **Matthew Barr, Esq.**, Tweed, Hadley &

McCoy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, counsel for the Post-

Effective Date Committee on May 9th, 2007.


ROTHSTEIN ROSENFELDT ADLER
Attorneys for Petitioner Jimmie Evans
Las Olas City Centre
401 E. Las Olas Blvd., Suite 1650
Ft. Lauderdale, Florida 33301
(954) 522-3456 Telephone
(954) 524-4455 Direct Facsimile

By: _____
    ARTHUR C. NEIWIRTH, ESQ.
    Fla. Bar. No.: 289061



LAW OFFICES

## EVAN R. KRAKOWER, P.A.

10001 WEST OAKLAND PARK BLVD.
SUITE 200
SUNRISE, FLORIDA 33351

SUNRISE: (954) 748-4606
TOLL FREE: (877) 741-8209
FAX: (954) 748-4913

February 28, 2006

Winn Dixie
680 North Federal Highway
Ft Lauderdale, FL 33304

Attention: Manager

RE:   OUR CLIENT:          Jimmie Evans
      DATE OF ACCIDENT:    02/08/2006

Dear Sir/Madam:

Please be advised that the undersigned represents the above captioned individual with regard to injuries and damages sustained in a incident on your premises.

Our investigation reveals that the injuries sustained by our client were caused due to your negligence. This letter should be forwarded to your insurance carrier in order that your interests are protected. If you are not insured, please contact our office immediately.

Thank you for your anticipated cooperation in this matter.

Sincerely,

EVAN R. KRAKOWER
ERK/km

EXHIBIT:A



# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In Re:

WINN-DIXIE STORES, INC., et. al.,

       Debtor,

_____/

CASE NO.: 05-03817-3F1
CHAPTER 11 PROCEEDING

Jointly Administered

**AFFIDAVIT IN SUPPORT OF PETITIONER JIMMIE EVANS (CLAIM NUMBER A711201193-0001-01) LEAVE TO FILE AND/OR FOR ENLARGEMENT OF TIME TO FILE APPLICATION FOR ADMINISTRATIVE CLAIM, AND FOR DETERMINATION, ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM ARISING AGAINST THE REORGANIZED DEBTORS ON OR ABOUT FEBRUARY 26, 2006 BY EVAN R. KRAKOWER, ESQ.**

STATE OF FLORIDA    :
                       SS
COUNTY OF DUVAL    :

    BEFORE ME, the undersigned authority, personally appeared Evan R. Krakower, Esq. ("Affiant"), who being sworn upon his oath deposes and states on personal knowledge that:

    1.    This Affidavit is submitted in support of Petitioner Jimmie Evans (Claim Number A711201193-0001-01) Leave to File and/or for Enlargement of Time to File Application for Administrative Claim, and for Determination, Allowance and Payment of Administrative Claim Arising Against the Reorganized Debtors on or About February 26, 2006.

    2.    I am counsel for Petitioner Jimmie Evans and have personal knowledge of the facts contained in this Affidavit and of the facts regarding sums claimed pursuant to the Claim (Claim Number A711201193-0001-01) which is the subject matter of this action.

    3.    As of this date, Petitioner Evans' claim totals $100,000.00 as a result of past medical

- 1 -

expenses of $18,080.01 and $500.00 a year for the remainder of Petitioner's life and other damages.
He is presently sixty-one years of age.

4.      I acknowledge that the deadline to file Petitioner's Administrative Claim has passed as
of January 5, 2007; however, despite having timely notified Winn Dixie of Petitioner's claim on or
about February 28, 2006, I did not receive any notice of the Bankruptcy or of a Claim Bar date.

5.      I phoned Debtor's Counsel when I learned of the potential for a Bar date issue on
February 21, 2007. Debtors' counsel (David Gay, Esq.) advised he would check in to the situation
and get back to me. I heard from Mr. Gay within 7 days and was advised that Petitioner Evans <u>was</u>
<u>not</u> a listed creditor who received notice or service, that Debtors' Counsel could not do anything and
that a Motion needed to be filed.

6.      It should be noted that I maintained offices at 10001 W. Oakland Park Blvd., Suite
200, Sunrise, FL, 33351 for more than 17 years. Throughout the entire tenure of my tenancy in this
building, there has been a significant ongoing and continual problem with relation to receipt of mail.
In the Ft. Lauderdale/Sunrise area, there exists an address which is similar to but not close to my
office. That address is 1001 W. Oakland Park Blvd., rather than 10001. As a result, oftentimes mail
is delivered to that address, and unless same is by chance caught by a tenant who is willing to take the
time to forward it on, or by other means, mail delivered to that address is routinely not forwarded on
to the undersigned counsel and is returned to sender. I have received notification of this type of
circumstance from parties sending mail on numerous occasions, though I am not certain if that
occurred in this instance.

7.      In addition, I have not read in any newspaper of general circulation anything regarding

- 2 -

the deadline for filing of claims of Winn Dixie.

8.    I have attempted to amicably resolve this matter by speaking with Debtor's counsel prior to retention of bankruptcy counsel for filing of this matter and Debtor's counsel acknowledged that Petitioner Evans was not listed as a creditor nor received notice of the Court's entry of Order.

9.    I spoke with counsel for Debtor on February 21, 2007, and thereafter followed up on approximately February 28, 2007.

## FURTHER AFFIANT SAYETH NOT.

_____
Affiant: EVAN R. KRAKOWER, ESQ.

STATE OF FLORIDA    )
                    SS
COUNTY OF DUVAL     )

The foregoing instrument was sworn to, and subscribed before me this 4th day of ~~April,~~ May 2007, by EVAN R. KraKauer    [ ✓ ] who is personally known to me [   ] who produced _____ as identification and who did take an oath.

_____
Notary Public
My Commission Expires:



JENNIFER NICOLE TAGGART
MY COMMISSION # DD554647
EXPIRES March 22 2011
(407) 398-0153    FloridaNotaryService.com

- 3 -

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: ) Case No. 05-03817-3F1
WINN-DIXIE STORES, INC., et. al. ) Chapter 11
Reorganized Debtors. ) Jointly Administered

MOTION OF JIMMIE EVANS (CLAIM NUMBER A711201193-0001-01) FOR
LEAVE TO FILE AND/OR FOR ENLARGEMENT OF TIME TO FILE
APPLICATION FOR ADMINISTRATIVE CLAIM, AND FOR
DETERMINATION, ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
CLAIM ARISING AGAINST THE REORGANIZED
DEBTORS ON OR ABOUT FEBRUARY 26, 2006
COMES NOW, Petitioner Jimmie Evans ("Evans" or "Petitioner"), Claim Number
A711201193-0001-01, by and through his undersigned counsel, and hereby files this, Motion for
Leave to File a Late Filed Administrative Claim and/or for Enlargement of Time to File An
Administrative Claim and for Determination and Allowance and Payment of the Administrative
Claim pursuant to 11 U.S.C. §105 and F.R.B.P. 3003(c), 9006(c) and 11 U.S.C. §503, and to accept
same as timely filed, and in furtherance thereof states as follows:
1. On Feb 21, 2005, the Debtors filed Voluntary Petitions under Chapter I 1 of Title
11, United States Code.
2. The Debtors are operating their businesses and managing their property as a
Debtor in Possession pursuant to § 1107(a) and § 1108 of the Bankruptcy Code. The Court has
appointed an Official Committee of Unsecured Creditors to serve in these cases. The Court has
entered Orders setting out certain procedures to resolve personal injury claims.
07-14891 1
Case No. 05-03817-3F1
3. Petitioner Evans is a Creditor of the Debtor by virtue of a post-petition injury that
occurred at the premises of the Debtor located at 680 North Federal Highway, Ft. Lauderdale,
Florida 33304 on February 08, 2006.
4. The Petitioner Evans claim arises out of personal injury/premises liability where
the Petitioner slipped and fell within the store.
5. As a result of this fall, the Petitioner fractured his right wrist which resulted in
surgery and permanent nerve damage to his right extremity.
6. Petitioner thereafter retained counsel and a Notice Letter was forwarded to Winn
Dixie notifying them of Petitioner's intention to seek compensation for the damages he sustained
on February 08, 2006. (A copy of this letter which is dated February 28, 2006 is attached hereto
as Exhibit "A").
7. According to the Bankruptcy Court, on November 21, 2006, an Order of
Confirmation was issued and a Notice of same was served on December 6, 2006, which required
all Administrative Claimants with claims arising against the Debtor during the period of
February 22, 2005 and November 21, 2006 to file a request or application for an Administrative
Claim no later than January 5, 2007 (the "Notice"). However, Movant did not learn of the
requirement until after the deadline.
8. Despite having timely notified Winn-Dixie of the claim on or about February 28,
2006, State Court counsel for Petitioner Evans, Evan R. Krakower, Esq. at 10001 W. Oakland
Park Blvd., Suite 200, Sunrise, FL, 33351 did not receive any Notice or pleadings regarding the
deadline.
9. The undersigned counsel has spoken with the Clerk of the U.S. Bankruptcy Court
in charge of the Winn Dixie file, and has determined that there is nothing in the Court docket
07-14891 2
Case No. 05-03817-3F1
which would assist in determining whether or not mail was returned to sender, and that all
servicing takes place from Counsel for the Debtor. However, Debtor's counsel advised
Petitioner State Court Counsel that he was not able to give full and complete information and
data to the State Court Counsel for the Petitioner regarding receipt of the claim and service of the
Notice.
10. Petitioner is seeking compensation for the injuries he sustained in this accident as
well as compensation for past and future medical care. His past medical care totals $18,080.01 to
date and remains outstanding and payable to his medical providers. It is also anticipated that
future medical care may cost approximately $500.00 a year throughout Petitioner's life. He is
presently sixty-one years of age.
11. Petitioner's fall was reported to Winn-Dixie personnel and it is the position of the
Petitioner that his injuries were caused by Winn Dixie's (the Reorganized Debtor's) negligence.
A determination has not yet been made by Winn Dixie with regards to their position on the
liability issues in this case.
12. As a result, of the foregoing, Petitioner is making a demand of $100,000.00.
MEMORANDUM OF LAW IN SUPPORT
13. It is abundantly clear from the information and documentation presented herein

and to Sedgwick that Petitioner has a meritorious claim and therefore, Petitioner, Evans, claim number A711201193-0001-01, should be deemed an "Allowable Claim" in the amount of $100,000.00.

14. Pursuant to Fed. R. Bankr. P. 3003(c)(3), "the Court shall fix and or cause shown may extend the time within proofs of claim or interest may be filed. Further, Fed. R. Bankr. P. 9006(b)(2) states that the Court, regarding an act to be done within a specified period of time,

07-14891 3
Case No. 05-03817-3F1

may "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

15. Fed. R. Bankr. P. 9006(b)(1) is the rule concerning requests for enlargement of time for filing a proof of claim in a bankruptcy case. This rule is the center of discussion in the Supreme Court case of Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership. 507 U.S. 380 (U.S., 1993). The case defines "excusable neglect" and explicitly rejects the contention that excusable neglect applies only to situations beyond the creditor's reasonable control, as narrowly defined by the 4 h, 7a', 8'', and 11`h Circuits, by stating "...Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the parties control." Id. at 387-388.

16. In addition, the Pioneer Court concluded that the determination of excusable neglect by a bankruptcy court "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer 507 U.S. at 395. In addition, excusable neglect takes in to account situations caused by "inadvertence, mistake or carelessness, as well as circumstances beyond the parties' control" Id.

17. The Supreme Court confirmed that the factors to take into consideration when deciding whether a party's omission is a case of excusable neglect, are as follows:
(a) danger of prejudice to the debtor;
(b) the length of the delay and its potential impact on judicial proceedings;
(c) the reason for the delay, and
(d) whether the movant acted in good faith.
Id. at 395.

07-14891 4
Case No. 05-03817-3F1

18. In Pioneer, the Court noted that "excusable neglect" can encompass situations where failure to file timely is based on neglect. In the matter of In Re: Palpalordo, a creditor filed a Motion for an Enlargement of Time to File a Proof of Claim 7 months after the claim's bar date. The Creditor was not listed on the Schedules nor was the 341 Notice served upon him. The Debtor filed an amendment which later added the Creditor, but the Creditor stated it did not know about the bankruptcy until later even though there were extensive newspaper articles in the business section of the paper discussing the bankruptcy. The Court felt that even though 7 months delay was significant, the delay did not impede the judicial proceedings. The reason for delay was partly because of both the Debtor and Creditor, and there was no bad faith on the part of the Creditor. The case of In Re Premier Membership Services, LLC, 276 B.R. 709 (Bankr. S.D. Fla. 2002) is a case where a Debtor did not list the creditor on the Service lists. Again, the Court expressed concern with prejudice to the Debtor if allowing the late filed claim and not with prejudice to the Creditor. The Court found that there was no evidence that the Creditor was given actual notice of the Claim's bar date and also noted that the Debtor and Creditor were both responsible for the delay. The instant case is similar to those above, in that this Petition failed to receive any Notice; was a post-Petition creditor with Counsel who the Debtor did not Notice. Also, there is no prejudice to the Debtor since the amount of the claim will not adversely impact the Debtor.

19. In the case of Eagle Bus Mfg. Inc. 62 F.3d 730, 740(5th Cir. 1995), the Court found that the filing of a Proof of Claim 6 - 8 months after the deadline, was not prejudicial to the Debtor and that it did not adversely impact judicial proceedings, where the movant acted in good faith and there was a legitimate reason for the delay. Again similar to the instant facts.

07-14891 5
Case No. 05-03817-3F1

20. In the case of In re Intelligent Medical Imaging, Inc., 262 B.R. 142 (S.D. FL 2001), the Bankruptcy Court, in analyzing the case of Pioneer, stated:
In applying the Pioneer test, courts place the greatest weight on whether any prejudice to the other parties will occur by allowing a late claim. [citation omitted]. There is no "prejudice" when all the parties can be placed in the same situation that they could have been if the error had not occurred".

21. The Intelligent Medical Imaging Court conceded that allowing the tax collector to file a late secured claim would cause no prejudice to the Debtor, but emphasized that the late claim "would produce substantial prejudice to the other creditors. . . in that it would greatly reduce the distribution to other unsecured creditors." 262 B.R. at 146. The Court thereafter granted the Motion since it would not prejudice the Debtor.

22. The Court in the matter of Earth Rock, Inc., 153 B.R. 61 (Bankr. Idaho 1993), the Court noted that the notion of neglect is flexible and elastic.

23. Additionally, the Court similarly allowed a late filed claim in the matter of In Re: Charter Co., 113 B.R. 725 (Bankr. M.D. Fla. 1990). In that case, there was a lateness in the notification.

24. The Claim should be deemed timely filed for three independent reasons. First, the Debtors failed to provide the Claimant with proper notice of the bar date by failing to serve the Bar Notice upon Claimant's known legal counsel. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950) (discussing due process requirement of tailored notice); In re Spring Valley farms, Inc., 863 F.2d 832 (11th Cir. 1989) (holding that specific notice is required before a claim can be discharged). Second, the Debtors were aware of the subject claim prior to the bar date through their receipt of the Initial Claim letter (Exhibit "A"), which constituted a timely and cognizable informal claim. See In re L. Meyer & Son Seafood Corp., 188 B.R. 315
07-14891 6

(Bankr. S.D. Fla. 1995) (allowing informal proof of claim). Third, the deadline should be extended under Fed. R. Bank. P. 9006(b)(1), particularly in light of the absence of prejudice to the Debtors, the Claimant's good faith, and the timeliness of this motion. See Pioneer Inv. Svcs. Co. v. Brunswick Assocs. Ltd. P'ships, 507 U.S. 380 (1993); In re E.S. Bankest, L.C., 321 B.R. 588 (Bankr. S.D. Fla. 2005).

25. Attached hereto as Exhibit "B" is the Affidavit of Evan R. Krakower, Esq. The Affidavit evidences that Mr. Krakower was the attorney for the Petitioner Evans, that he communicated to Winn-Dixie in an appropriate manner, that he never received any response, and he did not receive a copy of the Notice of a) Entry of Order Confirming Plan of Reorganization, b) Occurrence of Effective Date of Plan, and c) Bar Dates for Filing Claims arising before Effective Date and other Administrative Claims.

26. The Affidavit further evidences that upon learning of the Notice and deadline he immediately contacted David Gay, Esq. as Debtors' Counsel on February 21, 2007. Debtors' counsel advised he would check in to the situation and get back to Attorney Krakower. He heard from Debtors' Counsel after 7 days and was advised that his Client was not a listed creditor who received notice with relation to Petitioner Evans, and that there was a lacking of service upon him, but that Debtors' Counsel could not do anything, that a Motion needed to be filed. Attorney Krakower requested the undersigned to assist the Petitioner for the purpose of this Motion.

27. As the Court can see from the Affidavit of Attorney Krakower, the Debtor has failed to properly provide Notice to the Petitioner through counsel, and therefore this Court should grant Petitioner Evans Motion for Leave to file a Late Filed Administrative Proof of Claim. The sums to be paid are not prejudicial to the Debtor, the matter was timely submitted, if any delay or failure occurred with relation to the processing of this claim by Winn-Dixie, the
07-14891 7

Debtor, at the time of the initial notification on February 28, 2006, that rests solely with the Debtor, and not with Petitioner's State Court counsel.

28. The Debtors will receive an unjustified windfall if it is freed from Movant's claim due to the late filing. The Debtors, already administering Movant's claim through its third party administrator, is in no way prejudiced by allowing the claim to rise or fall on its own legitimacy as a personal injury claim against the Debtors.

29. The Debtors and other parties in interest are not prejudiced by allowing Movant's application to be considered as timely filed. Debtors have at all times been aware of Movant's personal injury claim, and cannot be said to have relied to their detriment on a hard and fast deadline for filing administrative claims. The Debtors are in no worse position than if this claim had been timely filed and will not suffer any prejudice whatsoever. No other creditor in the proceeding will be affected, because post-petition claims are not subject to adjustment in the confirmed plan of reorganization in this case. Granting an enlargement of time and treating Movant's application as timely filed will permit Petitioner Evans' personal injury claim to be resolved on the merits. Evans suffered significant personal injuries and should be given an opportunity to seek redress for his damages.

WHEREFORE, it is respectfully requested that this Court:

1. Allow a Late Filed Administrative Claim on behalf of the Petitioner Jimmie Evans.

2. Determine that Petitioner Jimmie Evans is entitled to an Administrative Proof of Claim, and the amount thereof; and

3. Direct that said Administrative claim be paid and for such further relief as may be appropriate under the circumstances.
07-14891 8

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed to: David Gay, Esq. of Smith, Hulsey & Busey, Attorneys for the Reorganized Debtors, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; Matthew Barr, Esq., Tweed, Hadley & McCoy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, counsel for the Post-

Effective Date Committee on May 9t', 2007.
ROTHSTEIN ROSENFELDT ADLER
Attorneys for Petitioner Jimmie Evans
Las Olas City Centre
401 E. Las Olas Blvd., Suite 1650
Ft. Lauderdale, Florida 33301
(954) 522-3456 Telephone
(954) n5- 455 irect F simile
By. .~.0

ARTHUR-EIWIRTH, ESQ.
Fla. Bar. No.: 289061
07-14891 9
LAW OFFICES
EVAN R. KRAKOWER, P.A.
10001 WEST OAKLAND PARK BLVD.   SUNRISE: (954)    748-4606
SUITE 200          TOLL FREE: (877)  741-8209
SUNRISE, FLORIDA 33351    Fax: (954)           748-4913
February 28, 2006
Winn Dixie
680 North Federal Highway
Ft Lauderdale, FL 33304
Attention: Manager
RE: OUR CLIENT: Jimmie Evans
DATE OF ACCIDENT: 02/08/2006
Dear Sir/Madam:
Please be advised that the undersigned represents the above captioned
individual with regard to injuries and damages sustained in a incident
on your premises.
Our investigation reveals that the injuries sustained by our client were
caused due to your negligence. This letter should be forwarded to your
insurance carrier in order that your interests are protected. If you are
not insured, please contact our office immediately.
Thank you for your anticipated cooperation in this matter.
Sincerely,
EVAN R. KRAKOWER
ERK/km
EXHIBIT:A
UNITED STATES :BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE D.1VI.SION'
www..tlmb.uscoo~.gov
1n Re.
WIIVN-]7U~IE STO;Ct'ES,1NC,, ct. al.,
;Debtor,
C.AS'L• N~O.: OS-03817-3F1.
Cl"IAPTER 1.1 PROCEEDING
Tointly Administered

i w:Z!-~ ~~t~l~ t ~ _~~
L ~ ' _ ~ _~. ~~~~ ~i~~:11 lli ~1'~ ~l~l~:L~! !*;~~1!
DIMMMAEON, "LOWANCEANDQUYMENI OF ADMMSTRATIY-E
ARMING AkWST THE -RE QRGAMM"WOUTORS (INOR
FEBRUARX A64 2006 BXYVAN-'R. hKORMAJEWMAKM
WYJ"SOI

BE1~QRE ME, the undersigned authority, personally appeared Evan R, Krakower, Lsy,
("Aunt"), who being sworn upon his oath deposes and states on personal knowledge that:
1. This Affidavit is submitted in support of Petitioner ~'immie Evans (Claim Number
A711201193-0001-01) L' cave to l~ile and/or for Enlargement of Time to :l:ile Application for
Administrative Claim, and :for Determination, Allowance and Payment o£ Admnistrative Claim
Arising Against the Reo.rganixed Debtors on or About February 26, 2006,
2. I am counsel far Petitioner I'immie Evans and have personal knowledge of the ;facts
contained in this Affidavit and of the facts regarding sums claimed pursuant to the Claim (Claim
Number A71120I193-0001-01) which is the subject matter o£this action,
3, A$ of this date, Petitioner Evans'. claim totals $100,000.00 as a result of past medical
1

Z~S'd SSbbbZSbS6~ol ~Z6t~+8~Z+~S6 Md1~2l8MO~Id~lJl ~cwo.~~ 8~~60 Z00Z-b0-J,dW

expenses of $18,080.01 and $500.00 a year for the remainder of Petitioner's life and other damages: He is presently sixty-one years of age.

4. I acknowledge that the deadline to file' Petitioner's Administrative Claim has passed as of January 5, 2007; however, despite having timely notified Winn Dixie of Petitioner's claim on or about February 28, 2006, 1 did not receive any notice of the Bankruptcy or of a Claim Bar date.

5. I phoned Debtor's Counsel when I learned of the potential for a Bar date issue on February 21, 2007, Debtors' counsel (David Gay, Esq.) advised he would check in to the situation and get back to me. I heard from Mr, Gay within 7 days and was advised that ' Petitioner: Evans AM =t a listed creditor who received notice or service, that Debtors' Counsel could not do anything and that a Motion needed to be filed,

6. It should be noted that I maintained offices at 10001 W. Oakland.Park I31vd.., Suite 200, Sunrise, FL, 33351 for more than 17 years. Throughout the entire tenure of my tenancy in this building, there has been a significant ongoing and continual problem with relation to receipt of mail, In the Ft. Lauderdale/Sunrise area, there exists an address which is similar to but not close to my office, That address is 1001 W. Oakland Park :Blvd,, rather than 10001, As a result, oftentimes mail is delivered to that address, and unless same is by chance caught by a tenant who is willing to take the time to forward it on, or by other means, mail delivered to that address is routinely not forwarded on to the undersigned counsel and is returned to sender. I have received notification of this type of circumstance from parties sending mail on numerous occasions, though I am not certain if that occurred in this instance.

7. In addition, I have not read in any newspaper of general circulation anything regarding


2

)-/9'd SSbbt72St7S6:01 2S6b+8bZ+bS6 Mu1'ZI3MO>Id~JN 3,wojd 8i7:60 Lae2-t7O-J,uw

the deadline for a&ling of claims aF Winn Dixie.

8. 1< have attempted to amicably resolve this matter by speaking with Debtor's counsel prior to retention of bankruptcy counsel for filing. ofthis matter and Debtor's counsel acknowledged that Petitioner Cvans was not listed as a creditor nor received notice ofthe Court's entry of Order.,

9, T spoke with counsel for D~tor on February 2T, Z007, and thereat~er followed up o>,t approximately kebruary 28, 2007,

:H'URTH.ER ,~1;~~A,IV'~ SAYEx'~# >`TOT.

A

Af6ant: EVAN R. KRAKOWER, ESQ,

STA,T.E OF k'i:,ORtDA          )

          SS

GOt7N'TY OF DTJVAL          )

The foregoing instrument was sworn to, and subscribed before me this `~ da o£ ~'~

y ;

2007, by ~~~ ~f~~~ [ /] who is personally known to me

C ]who produced as identification and'who did take an oath.


otary P i

M,y c:,ommrss~o>n ,expires;

•0~17an-olas

-3

F.~cpIRES March 22 2011


;~ MY COMMI8510N # DD954847

JENNIFCR NICOLE TAOC;ARY

KlaxlrNOrwyBrrvia~com

L~L'd SSt~bb2SfiS6~cl £t6~+8~L+t~S6 Md1~2~3M0~iti~~1 g.wo-~~ 8~~60 L00Z-bB-J,tiW