# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et. al. | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## PETITIONER NENAD SIMIC'S (CLAIM NUMBER A511203602-0001-01) FOR LEAVE TO FILE AND/OR FOR ENLARGEMENT OF TIME TO FILE APPLICATION FOR ADMINISTRATIVE CLAIM, AND FOR DETERMINATION, ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM ARISING AGAINST THE REORGANIZED DEBTORS ON OR ABOUT FEBRUARY 26, 2006

COMES NOW, Petitioner Nenad Simic ("Simic" or "Petitioner"), Claim Number A511203602-0001-01, by and through his undersigned counsel, and hereby files this Motion for Leave to File a Late Filed Administrative Claim and/or for Enlargement of Time to File An Administrative Claim and for Determination and Allowance and Payment of the Administrative Claim pursuant to 11 U.S.C. §105 and F.R.B.P. 3003(c), 9006(c) and 11 U.S.C. §503, and to accept same as timely filed, and in furtherance thereof states as follows:

1.    On Feb 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of Title 11, United States Code.

2.    The Debtors are operating their businesses and managing their property as a Debtor in Possession pursuant to §1107(a) and §1108 of the Bankruptcy Code.  The Court has appointed an Official Committee of Unsecured Creditors to serve in these cases.  The Court has entered Orders setting out certain procedures to resolve personal injury claims.

1

3.      The Petitioner Simic is a Creditor of the Debtor by virtue of a post-petition injury that occurred when he slipped and fell within one of the Debtor's stores located at 277 South Pompano Parkway, Pompano Beach, Florida 33069 on March 23, 2005.

4.      Petitioner thereafter retained counsel and initial communication was made to Winn Dixie on April 8, 2005. Communication was responded to on September 1, 2005 and follow-up was made on November 29, 2006 by Petitioner represented by State Court counsel; however, no further communication, including Notice of the Claim Bar Date, was received. (Copies of April 8, 2005, September 1, 2005 and November 29, 2006 letters are attached as Exhibits A, B, and C respectively).

5.      According to the Bankruptcy Court, on November 21, 2006, an Order of Confirmation was issued and a Notice of same was served on December 6, 2006, which required all Administrative Claimants arising against the Debtor during the period of February 22, 2005 and November 21, 2006 to file a request or application for an Administrative Claim no later than January 5, 2007. However Movant did not learn of the requirement until after the deadline.

6.      Upon speaking with counsel for the Debtor, State Court counsel was advised that this Administrative Claimant was in fact listed and Notice was sent to him. However, it is clear that the State Court counsel for Petitioner Simic did not receive the Notice despite having timely notified Winn-Dixie of the claim on or about March 23, 2005 and having communicated with Sedgewick claims on behalf of the Debtor, otherwise timely filing would have been made.

7.      The undersigned counsel has spoken with the Clerk of the U.S. Bankruptcy Court in charge of the Winn Dixie file, and has determined that there is nothing in the Court docket which would assist in determining whether or not the mail was returned to sender, and that all servicing takes place from the Counsel for Debtor. However, State Court counsel has noted in

the Affidavit he was not able to obtain full and complete information and data from Debtors' counsel relaying to the Petitioner.

8.      Petitioner is seeking compensation for the injuries he sustained in this accident as well as compensation for past and future medical care. There is no prejudice to the Debtor, the size of the claim is not significant and is covered by the Debtor's self insurance and only has a total claim of $25,000.00 with out-of-pocket medical expenses of less than $7,000.00.

9.      Petitioner's fall was reported to Winn-Dixie personnel and it is the position of the Petitioner that his injuries were caused by Winn Dixie's (the Reorganized Debtor's) negligence. A determination has not yet been made by Winn Dixie with regards to their position on the liability issues in this case.

10.     It is abundantly clear from the information and documentation presented herein that Petitioner has a meritorious claim and therefore, Petitioner Simic, claim number A511203602-0001-01, should be deemed an "Allowable Claim" in the amount of $25,000.00.

## MEMORANDUM OF LAW IN SUPPORT

11.     Pursuant to Fed. R. Bankr. P. 3003(c)(3), "the Court shall fix and or cause shown may extend the time within proofs of claim or interest may be filed. Further, Fed. R. Bankr. P. 9006(b)(2) states that the Court, regarding an act to be done within a specified period of time, may "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

12.     Fed. R. Bankr. P. 9006(b)(1) is the rule concerning requests for enlargement of time for filing a proof of claim in a bankruptcy case. This rule is the center of discussion in the Supreme Court case of *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership.* 507 U.S. 380(U.S., 1993). The case defines "excusable neglect" and explicitly rejects the contention that

excusable neglect applies only to situations beyond the creditor's reasonable control, as narrowly defined by the 4th, 7th, 8th, and 11th Circuits, by stating ". . .Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the parties control." *Id.* at 387-388.

13.     In addition, the *Pioneer* Court concluded that the determination of excusable neglect by a bankruptcy court "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer* 507 U.S. at 395.   In addition, excusable neglect takes in to account situations caused by "inadvertence, mistake or carelessness, as well as circumstances beyond the party's control" Id.

14.     The Supreme Court confirmed that the factors to take into consideration when deciding whether a party's omission is a case of excusable neglect, are as follows:

(a) danger of prejudice to the debtor;

(b) the length of the delay and its potential impact on judicial proceedings;

(c) the reason for the delay, and

(d) whether the movant acted in good faith.

*Id.* at 395.

15.     In *Pioneer*, the Court noted that "excusable neglect" can encompass situations where failure to file timely is based on neglect.   In the matter of *In Re Palpalordo*, a creditor filed a Motion for an Enlargement of Time to File a Proof of Claim 7 months after the claim's bar date. The Creditor was not listed on the Schedules nor was the 341 Notice served upon him. The Debtor filed an amendment which later added the Creditor, but the Creditor stated it did not know about the bankruptcy until later even though there were extensive newspaper articles in the

business section of the paper discussing the bankruptcy. The Court felt that even though 7 months delay was significant, the delay did not impede the judicial proceedings. The reason for delay was partly because of both the Debtor and Creditor, and there was no bad faith on the part of the Creditor. The case of *In Re Premier Membership Services, LLC*, 276 B.R. 709 (Bankr. S.D. Fla. 2002) is a case where a Debtor did not list the creditor on the Service lists. Again, the Court expressed concern with prejudice to the Debtor if allowing the late filed claim and not with prejudice to the Creditor. The Court found that there was no evidence that the Creditor was given actual notice of the Claim's bar date and also noted that the Debtor and Creditor were both responsible for the delay. The instant situation is similar in that Petitioner did not receive Notice and was a post-petition creditor which the Debtor was aware. There is also no prejudice to the Debtor since the Claim is not significant and will not impact the Debtor or even other creditors.

16.     In the case of *Eagle Bus Mfg. Inc.* 62 F.3d 730, 740 (5th Cir. 1995), the Court found that the filing of a Proof of Claim 6 – 8 months after the deadline, was not prejudicial to the Debtor and that it did not adversely impact judicial proceedings, where the movant acted in good faith and there was a legitimate reason for the delay. Again similar to the instant facts.

17.     In the case of *In re Intelligent Medical Imaging, Inc.*, 262 B.R. 142 (S.D. FL 2001), the Bankruptcy Court, in analyzing the case of *Pioneer*, stated:

> In applying the *Pioneer* test, courts place the *greatest weight* on whether any prejudice to the other parties will occur by allowing a late claim. [citation omitted]. There is no "prejudice" when all the parties can be placed in the same situation that they could have been if the error had not occurred".

18.     The *Intelligent Medical Imaging* Court conceded that allowing the tax collector to file a late secured claim would cause no prejudice to the Debtor, but emphasized that the late claim "would produce substantial prejudice to the other creditors. . . in that it would greatly

reduce the distribution to other unsecured creditors." 262 B.R. at 146. The Court thereafter granted the Motion since it would not prejudice the Debtor.

19.     The Court in the matter of *Earth Rock, Inc.*, 153 B.R. 61 (Bankr. Idaho 1993), the Court noted that the notion of neglect is flexible and elastic.

20.     Additionally, the Court similarly allowed a late filed claim in the matter of *In Re: Charter Co.,* 113 B.R. 725 (Bankr. M.D. Fla. 1990). In that case, there was a lateness in the notification.

21.     The Claim should be deemed timely filed for three independent reasons. First, the Debtors failed to provide the Claimant with proper notice of the bar date by failing to serve the Bar Notice upon Claimant's known legal counsel. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950) (discussing due process requirement of tailored notice); In re Spring Valley farms, Inc., 863 F.2d 832 (11th Cir. 1989) (holding that specific notice is required before a claim can be discharged). Second, the Debtors were aware of the subject claim prior to the bar date through their receipt of the Initial Claim (See Exhibits A, B, and C), which constituted a timely and cognizable informal claim. See In re L. Meyer & Son Seafood Corp., 188 B.R. 315 (Bankr. S.D. Fla. 1995) (allowing informal proof of claim). Third, the deadline should be extended under Fed R. Bank. P. 9006(b)(1), particularly in light of the absence of prejudice to the Debtors, the Claimant's good faith, and the timeliness of this motion. See Pioneer Inv. Svcs. Co. v. Brunswick Assocs. Ltd. P'ships, 507 U.S. 380 (1993); In re E.S. Bankest, L.C., 321 B.R. 588 (Bankr. S.D. Fla. 2005).

22.     Attached hereto is Exhibit D as the Affidavit of Evan R. Krakower, Esq. The Affidavit evidences that Mr. Krakower was the attorney for the Petitioner Simic, that he communicated to Winn-Dixie in an appropriate manner, that he received responses but that he

did not receive a copy of the Notice of a) Entry of Order Confirming Plan of Reorganization, b) Occurrence of Effective Date of Plan, and c) Bar Dates for Filing Claims arising before Effective Date and other Administrative Claims.

23.      The Affidavit further evidences that upon learning of the Notice and deadline he immediately contacted David Gay, Esq. as Debtors' Counsel on February 21, 2007. Debtors' counsel advised he would check in to the situation and get back to Attorney Krakower. He heard from Debtors' Counsel after 7 days and was advised that his Client was a listed creditor who received notice with relation to Petitioner Simic, and that there was no information regarding whether the Notice was received or returned, but that Debtors' Counsel could not do anything, that a Motion needed to be filed. Attorney Krakower requested the undersigned to assist the Petitioner for the purpose of this Motion.

24.      As the Court can see from the Affidavit of Attorney Krakower, the Debtor has failed to properly provide Notice to the Petitioner through counsel, and therefore this Court should grant Petitioner Simic's Motion for Leave to file a Late Filed Administrative Proof of Claim. The sums to be paid are not prejudicial to the Debtor, the matter was timely submitted, if any delay or failure occurred with relation to the processing of this claim by Winn-Dixie, the Debtor, at the time of the initial notification on April 8, 2005, that rests solely with the Debtor, and not with Petitioner's State Court counsel.

25.      The Debtors will receive an unjustified windfall if it is freed from Movant's claim due to the late filing. The Debtors, already administering Movant's claim through its third party administrator, is in no way prejudiced by allowing the claim to rise or fall on its own legitimacy as a personal injury claim against the Debtors.

26.      The Debtors and other parties in interest are not prejudiced by allowing Movant's

application to be considered as timely filed. Debtors have at all times been aware of Movant's personal injury claim, and cannot be said to have relied to their detriment on a hard and fast deadline for filing administrative claims, when this claim. The Debtors are in no worse position than if this claim had been timely filed and will not suffer any prejudice whatsoever. No other creditor in the proceeding will be affected, because post-petition claims are not subject to adjustment in the confirmed plan of reorganization in this case. Granting an enlargement of time and treating Movant's application as timely filed will permit Petitioner Simic' personal injury claim to be resolved on the merits. Simic suffered significant personal injuries and should be given an opportunity to seek redress for his damages.

WHEREFORE, it is respectfully requested that this Court:

1.     Allow a Late Filed Administrative Claim on behalf of the Petitioner Nenad Simic.

2.     Determine that Petitioner Nenad Simic is entitled to an Administrative Proof of Claim, and the amount thereof; and

3.     Direct that said Administrative claim be paid and for further relief as may be appropriate under the circumstances.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed to: **David Gay, Esq.** of Smith, Hulsey & Busey, Attorneys for the Reorganized Debtors, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; **Matthew Barr, Esq.**, Tweed, Hadley & McCoy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, counsel for the Post-Effective Date Committee on May 9th, 2007.

ROTHSTEIN ROSENFELDT ADLER
Attorneys for Petitioner Jimmie Simic
Las Olas City Centre
401 E. Las Olas Blvd., Suite 1650
Ft. Lauderdale, Florida 33301
(954) 522-3456 Telephone
(954) 524-4455 Direct Facsimile
By: _____
    ARTHUR C. NEIWIRTH, ESQ.
    Fla. Bar. No.: 289061



EXHIBIT "A"

LAW OFFICES

# EVAN R. KRAKOWER, P.A.

10001 WEST OAKLAND PARK BLVD.
SUITE 200
SUNRISE, FLORIDA 33351

Sunrise: (954) 748-4606
Toll Free: (877) 741-8209
Fax: (954) 748-4913

April 8, 2005

Winn Dixie
277 South Pompano Parkway
Pompano Beach, FL 33069

Attention:  Manager

RE:  OUR CLIENT:          Nenad Simic
     DATE OF ACCIDENT:    03/23/2005

Dear Sir/Madam:

Please be advised that the undersigned represents the above captioned individual with regard to injuries and damages sustained in a incident on your premises.

Our investigation reveals that the injuries sustained by our client were caused due to your negligence.  This letter should be forwarded to your insurance carrier in order that your interests are protected. If you are not insured, please contact our office immediately.

Thank you for your anticipated cooperation in this matter.

Sincerely,

EVAN R. KRAKOWER
ERK/km

EXHIBIT:A



EXHIBIT "B"

7/C



**Sedgwick**

Sedgwick Claims Management Services, Inc.
P.O. Box 24787, Jacksonville, FL 32241-4787
Telephone 904 419-5300    Facsimile 904 419-5365

September 1, 2005

Evan R. Krakower, P.A.
10001 West Oakland Park Blvd. Suite 200
Sunrise, FL  33351

RE:
|  |  |
|---|---|
| Claimant: | Nenad Simic |
| Date of Incident: | 03/23/2005 |
| Claim #: | A511203602-0001-01 |
| Location: | 277 S. Pompano Pkwy |
|  | Pompano Beach, FL 33069 |

Dear Attorney Krakower:

In response to your request for coverage disclosure, I provide the following:

|  |  |
|---|---|
| Insured: | Winn-Dixie Stores, Inc. |
| Carrier Name: | ACE American Insurance Company |
| Policy Number: | XSLG21708069 |
| Policy Dates: | 07/01/04-06/30/05 |
| Retention: | $2,000,000.00 |
| Policy limits: | $3,500,000.00 |

Sincerely,

Stephanie Knight
Examiner II

SK:



EXHIBIT "C"

LAW OFFICES

# EVAN R. KRAKOWER, P.A.

10001 WEST OAKLAND PARK BLVD.
SUITE 200
SUNRISE, FLORIDA 33351

SUNRISE: (954) 748-4606
TOLL FREE: (877) 741-8209
FAX: (954) 748-4913

November 29, 2006

Sedgwick Claims
PO Box 24787
Jacksonville, FL 32241-4787

Attn: Gloria Davis

RE:   OUR CLIENT:        Nenad Simic
      DATE OF LOSS:      3/23/05
      CLAIM NUMBER:      A511203602 0001 01

Dear Ms. Davis:

Pursuant to your request, enclosed please find the following medical bills and records incurred by my client as a result of this accident:

| | | |
|---|---|---|
| 1) | Dr. Drew Karp | $6,165.00 |
| 2) | Lost Wages (8wks @100wk) | $  800.00 |
| TOTAL | | $6,965.00 |

Please note in Dr. Karp's final report that our client sustained a permanent impairment of 8-10% to the body as a whole.

Upon receipt and review, please contact my office so that we may discuss same.

Sincerely,

EVAN R. KRAKOWER
ERK/ml

EXHIBIT:C



EXHIBIT "D"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In Re:

WINN-DIXIE STORES, INC., et. al.,

Debtor,
_____/

CASE NO.: 05-03817-3F1
CHAPTER 11 PROCEEDING

Jointly Administered

### AFFIDAVIT IN SUPPORT OF PETITIONER NENAD SIMIC'S (CLAIM NUMBER A511203602-0001-01) LEAVE TO FILE AND/OR FOR ENLARGEMENT OF TIME TO FILE APPLICATION FOR ADMINISTRATIVE CLAIM, AND FOR DETERMINATION, ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM ARISING AGAINST THE REORGANIZED DEBTORS ON OR ABOUT FEBRUARY 26, 2006 BY EVAN R. KRAKOWER, ESQ.

STATE OF FLORIDA   :
                 SS
COUNTY OF DUVAL   :

BEFORE ME, the undersigned authority, personally appeared Evan R. Krakower, Esq. ("Affiant"), who being sworn upon his oath deposes and states on personal knowledge that:

1.     This Affidavit is submitted in support of Petitioner Nenad Simic's (Claim Number A511203602-0001-01) Leave to File and/or for Enlargement of Time to File Application for Administrative Claim, and for Determination, Allowance and Payment of Administrative Claim Arising Against the Reorganized Debtors on or About February 26, 2006.

2.     I am counsel for Petitioner Nenad Simic and have personal knowledge of the facts contained in this Affidavit and of the facts regarding sums claimed pursuant to the Claim (Claim Number A511203602-0001-01) which is the subject matter of this action.

3.     As of this date, Petitioner Simic's claim totals $25,000.00

- 1 -

4.      I acknowledge that the deadline to file Petitioner's Administrative Claim has passed as of January 5, 2007; however, despite having timely notified Winn Dixie of Petitioner's claim on or about April 8, 2005 and a response of Sedgwick on behalf of the Debtor, I did not receive any Notice of the Claim Bar Date.

5.      I phoned Debtor's Counsel when I learned of the potential for a Bar Date issue on February 21, 2007. Debtors' counsel (David Gay, Esq.) advised he would check in to the situation and get back to me. I heard from Mr. Gay within 7 days, and was advised that Petitioner Simic was listed as a creditor who received notice, that he had no information if service was returned and that Debtors' Counsel could not do anything and that a Motion needed to be filed.

6.      It should be noted that I maintained offices at 10001 W. Oakland Park Blvd., Suite 200, Sunrise, FL, 33351 for more than 17 years. Throughout the entire tenure of my tenancy in this building, there has been a significant ongoing and continual problem with relation to receipt of mail. In the Ft. Lauderdale/Sunrise area, there exists an address which is similar to but not close to my office. That address is 1001 W. Oakland Park Blvd., rather than 10001. As a result, oftentimes mail is delivered to that address, and unless same is by chance caught by a tenant who is willing to take the time to forward it on, or by other means, mail delivered to that address is routinely not forwarded on to the undersigned counsel and is returned to sender. I have received notification of this type of circumstance from parties sending mail on numerous occasions, though I am not certain if that occurred in this instance.

7.      I have requested information from Debtor's counsel regarding return of the Notice of Entry of Order Confirming Plan of Reorganization, etc., but was not provided with that information. Further, there are no certificates of return mail of record with the Bankruptcy Court.

- 2 -

8.    In addition, I have not read in any newspaper of general circulation anything regarding the deadline for filing of claims of Winn Dixie.

9.    I have attempted to amicably resolve this matter by speaking with Debtors' counsel prior to retention of bankruptcy counsel for filing of this matter and Debtors' counsel who had no confirmation that I, on behalf of Petitioner Simic, received notice of the Court's entry of the Notice.

10.    I spoke with counsel for Debtor on February 21, 2007, and thereafter followed up on approximately February 28, 2007.

### FURTHER AFFIANT SAYETH NOT.

Affiant: EVAN R. KRAKOWER, ESQ.

STATE OF FLORIDA    )
                                      SS
COUNTY OF DUVAL    )

The foregoing instrument was sworn to, and subscribed before me this __4th__ day of ~~April~~ May, 2007, by __EVAN R. KRAKOWER__ [✓] who is personally known to me [ ] who produced _____ as identification and who did take an oath.

Notary Public

My Commission Expires:



JENNIFER NICOLE TAGGART
MY COMMISSION # DD654547
EXPIRES March 22 2011
(407) 398-0153    FloridaNotaryService.com

- 3 -

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: ) Case No. 05-03817-3F1
WINN-DIXIE STORES, INC., et. al. ) Chapter 11
Reorganized Debtors. ) Jointly Administered

PETITIONER NENAD SIMIC'S (CLAIM NUMBER A511203602-0001-01) FOR
LEAVE TO FILE AND/OR FOR ENLARGEMENT OF TIME TO FILE
APPLICATION FOR ADMINISTRATIVE CLAIM, AND FOR
DETERMINATION, ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
CLAIM ARISING AGAINST THE REORGANIZED
DEBTORS ON OR ABOUT FEBRUARY 26, 2006

COMES NOW, Petitioner Nenad Simic ("Simic" or "Petitioner"), Claim Number
A511203602-0001-01, by and through his undersigned counsel, and hereby files this Motion for
Leave to File a Late Filed Administrative Claim and/or for Enlargement of Time to File An
Administrative Claim and for Determination and Allowance and Payment of the Administrative
Claim pursuant to 11 U.S.C. §105 and F.R.B.P. 3003(c), 9006(c) and 11 U.S.C. §503, and to accept
same as timely filed, and in furtherance thereof states as follows:

1. On Feb 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of Title
11, United States Code.

2. The Debtors are operating their businesses and managing their property as a
Debtor in Possession pursuant to § 1107(a) and § 1108 of the Bankruptcy Code. The Court has
appointed an Official Committee of Unsecured Creditors to serve in these cases. The Court has
entered Orders setting out certain procedures to resolve personal injury claims.

07-14892 1
Case No. 05-03817-3F1

3. The Petitioner Simic is a Creditor of the Debtor by virtue of a post-petition injury
that occurred when he slipped and fell within one of the Debtor's stores located at 277 South
Pompano Parkway, Pompano Beach, Florida 33069 on March 23, 2005.

4. Petitioner thereafter retained counsel and initial communication was made to
Winn Dixie on April 8, 2005. Communication was responded to on September 1, 2005 and
follow-up was made on November 29, 2006 by Petitioner represented by State Court counsel;
however, no further communication, including Notice of the Claim Bar Date, was received.
(Copies of April 8, 2005, September 1, 2005 and November 29, 2006 letters are attached as
Exhibits A, B, and C respectively).

5. According to the Bankruptcy Court, on November 21, 2006, an Order of
Confirmation was issued and a Notice of same was served on December 6, 2006, which required
all Administrative Claimants arising against the Debtor during the period of February 22, 2005
and November 21, 2006 to file a request or application for an Administrative Claim no later than
January 5, 2007. However Movant did not learn of the requirement until after the deadline.

6. Upon speaking with counsel for the Debtor, State Court counsel was advised that
this Administrative Claimant was in fact listed and Notice was sent to him. However, it is clear
that the State Court counsel for Petitioner Simic did not receive the Notice despite having timely
notified Winn-Dixie of the claim on or about March 23, 2005 and having communicated with
Sedgewick claims on behalf of the Debtor, otherwise timely filing would have been made.

7. The undersigned counsel has spoken with the Clerk of the U.S. Bankruptcy Court
in charge of the Winn Dixie file, and has determined that there is nothing in the Court docket
which would assist in determining whether or not the mail was returned to sender, and that all
servicing takes place from the Counsel for Debtor. However, State Court counsel has noted in

07-14892 2
Case No. 05-03817-3F1

the Affidavit he was not able to obtain full and complete information and data from Debtors'
counsel relaying to the Petitioner.

8. Petitioner is seeking compensation for the injuries he sustained in this accident as
well as compensation for past and future medical care. There is no prejudice to the Debtor, the
size of the claim is not significant and is covered by the Debtor's self insurance and only has a
total claim of $25,000.00 with out-of-pocket medical expenses of less than $7,000.00.

9. Petitioner's fall was reported to Winn-Dixie personnel and it is the position of the
Petitioner that his injuries were caused by Winn Dixie's (the Reorganized Debtor's) negligence.
A determination has not yet been made by Winn Dixie with regards to their position on the
liability issues in this case.

10. It is abundantly clear from the information and documentation presented herein
that Petitioner has a meritorious claim and therefore, Petitioner Simic, claim number
A511203602-0001-01, should be deemed an "Allowable Claim" in the amount of $25,000.00.

MEMORANDUM OF LAW IN SUPPORT

11. Pursuant to Fed. R. Bankr. P. 3003(c)(3), "the Court shall fix and or cause shown
may extend the time within proofs of claim or interest may be filed. Further, Fed. R. Bankr. P.
9006(b)(2) states that the Court, regarding an act to be done within a specified period of time,

may "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

12. Fed. R. Bankr. P. 9006(b)(1) is the rule concerning requests for enlargement of time for filing a proof of claim in a bankruptcy case. This rule is the center of discussion in the Supreme Court case of Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership. 507 U.S. 380(U.S., 1993). The case defines "excusable neglect" and explicitly rejects the contention that

07-14892 3

Case No. 05-03817-3F1

excusable neglect applies only to situations beyond the creditor's reasonable control, as narrowly defined by the 4th, 7th, 8th, and 11th Circuits, by stating "...Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the parties control." Id. at 387-388.

13. In addition, the Pioneer Court concluded that the determination of excusable neglect by a bankruptcy court "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer 507 U.S. at 395. In addition, excusable neglect takes in to account situations caused by "inadvertence, mistake or carelessness, as well as circumstances beyond the party's control" Id.

14. The Supreme Court confirmed that the factors to take into consideration when deciding whether a party's omission is a case of excusable neglect, are as follows:

(a) danger of prejudice to the debtor;

(b) the length of the delay and its potential impact on judicial proceedings;

(c) the reason for the delay, and

(d) whether the movant acted in good faith.

Id. at 395.

15. In Pioneer, the Court noted that "excusable neglect" can encompass situations where failure to file timely is based on neglect. In the matter of In Re Palpalordo, a creditor filed a Motion for an Enlargement of Time to File a Proof of Claim 7 months after the claim's bar date. The Creditor was not listed on the Schedules nor was the 341 Notice served upon him. The Debtor filed an amendment which later added the Creditor, but the Creditor stated it did not know about the bankruptcy until later even though there were extensive newspaper articles in the

07-14892 4

Case No. 05-03817-3F1

business section of the paper discussing the bankruptcy. The Court felt that even though 7 months delay was significant, the delay did not impede the judicial proceedings. The reason for delay was partly because of both the Debtor and Creditor, and there was no bad faith on the part of the Creditor. The case of In Re Premier Membership Services, LLC, 276 B.R. 709 (Bankr. S.D. Fla. 2002) is a case where a Debtor did not list the creditor on the Service lists. Again, the Court expressed concern with prejudice to the Debtor if allowing the late filed claim and not with prejudice to the Creditor. The Court found that there was no evidence that the Creditor was given actual notice of the Claim's bar date and also noted that the Debtor and Creditor were both responsible for the delay. The instant situation is similar in that Petitioner did not receive Notice and was a post-petition creditor which the Debtor was aware. There is also no prejudice to the Debtor since the Claim is not significant and will not impact the Debtor or even other creditors.

16. In the case of Eagle Bus Mfg. Inc. 62 F.3d 730, 740 (5th Cir. 1995), the Court found that the filing of a Proof of Claim 6 - 8 months after the deadline, was not prejudicial to the Debtor and that it did not adversely impact judicial proceedings, where the movant acted in good faith and there was a legitimate reason for the delay. Again similar to the instant facts.

17. In the case of In re Intelligent Medical Imaging, 262 B.R. 142 (S.D. FL 2001), the Bankruptcy Court, in analyzing the case of Pioneer, stated:

In applying the Pioneer test, courts place the greatest weight on whether any prejudice to the other parties will occur by allowing a late claim. [citation omitted]. There is no "prejudice" when all the parties can be placed in the same situation that they could have been if the error had not occurred".

18. The Intelligent Medical Imaging Court conceded that allowing the tax collector to file a late secured claim would cause no prejudice to the Debtor, but emphasized that the late claim "would produce substantial prejudice to the other creditors. . . in that it would greatly

07-14892 5

Case No. 05-03817-3F1

reduce the distribution to other unsecured creditors." 262 B.R. at 146. The Court thereafter granted the Motion since it would not prejudice the Debtor.

19. The Court in the matter of Earth Rock, Inc., 153 B.R. 61 (Bankr. Idaho 1993), the Court noted that the notion of neglect is flexible and elastic.

20. Additionally, the Court similarly allowed a late filed claim in the matter of In Re: Charter Co., 113 B.R. 725 (Bankr. M.D. Fla. 1990). In that case, there was a lateness in the notification.

21. The Claim should be deemed timely filed for three independent reasons. First, the Debtors failed to provide the Claimant with proper notice of the bar date by failing to serve the

Bar Notice upon Claimant's known legal counsel. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950) (discussing due process requirement of tailored notice); In re Spring Valley farms, Inc., 863 F.2d 832 (11th Cir. 1989) (holding that specific notice is required before a claim can be discharged). Second, the Debtors were aware of the subject claim prior to the bar date through their receipt of the Initial Claim (See Exhibits A, B, and C), which constituted a timely and cognizable informal claim. See In re L. Meyer & Son Seafood Corp., 188 B.R. 315 (Bankr. S.D. Fla. 1995) (allowing informal proof of claim). Third, the deadline should be extended under Fed R. Bank. P. 9006(b)(1), particularly in light of the absence of prejudice to the Debtors, the Claimant's good faith, and the timeliness of this motion. See Pioneer Inv. Svcs. Co. v. Brunswick Assocs. Ltd. P'ships, 507 U.S. 380 (1993); In re E.S. Bankest, L.C., 321 B.R. 588 (Bankr. S.D. Fla. 2005).

22. Attached hereto is Exhibit D as the Affidavit of Evan R. Krakower, Esq. The Affidavit evidences that Mr. Krakower was the attorney for the Petitioner Simic, that he communicated to Winn-Dixie in an appropriate manner, that he received responses but that he

07-14892 6

Case No. 05-03817-3F1

did not receive a copy of the Notice of a) Entry of Order Confirming Plan of Reorganization, b) Occurrence of Effective Date of Plan, and c) Bar Dates for Filing Claims arising before Effective Date and other Administrative Claims.

23. The Affidavit further evidences that upon learning of the Notice and deadline he immediately contacted David Gay, Esq. as Debtors' Counsel on February 21, 2007. Debtors' counsel advised he would check in to the situation and get back to Attorney Krakower. He heard from Debtors' Counsel after 7 days and was advised that his Client was a listed creditor who received notice with relation to Petitioner Simic, and that there was no information regarding whether the Notice was received or returned, but that Debtors' Counsel could not do anything, that a Motion needed to be filed. Attorney Krakower requested the undersigned to assist the Petitioner for the purpose of this Motion.

24. As the Court can see from the Affidavit of Attorney Krakower, the Debtor has failed to properly provide Notice to the Petitioner through counsel, and therefore this Court should grant Petitioner Simic's Motion for Leave to file a Late Filed Administrative Proof of Claim. The sums to be paid are not prejudicial to the Debtor, the matter was timely submitted, if any delay or failure occurred with relation to the processing of this claim by Winn-Dixie, the Debtor, at the time of the initial notification on April 8, 2005, that rests solely with the Debtor, and not with Petitioner's State Court counsel.

25. The Debtors will receive an unjustified windfall if it is freed from Movant's claim due to the late filing. The Debtors, already administering Movant's claim through its third party administrator, is in no way prejudiced by allowing the claim to rise or fall on its own legitimacy as a personal injury claim against the Debtors.

26. The Debtors and other parties in interest are not prejudiced by allowing Movant's

07-14892 7

Case No. 05-03817-3F1

application to be considered as timely filed. Debtors have at all times been aware of Movant's personal injury claim, and cannot be said to have relied to their detriment on a hard and fast deadline for filing administrative claims, when this claim. The Debtors are in no worse position than if this claim had been timely filed and will not suffer any prejudice whatsoever. No other creditor in the proceeding will be affected, because post-petition claims are not subject to adjustment in the confirmed plan of reorganization in this case. Granting an enlargement of time and treating Movant's application as timely filed will permit Petitioner Simic' personal injury claim to be resolved on the merits. Simic suffered significant personal injuries and should be given an opportunity to seek redress for his damages.

WHEREFORE, it is respectfully requested that this Court:

1. Allow a Late Filed Administrative Claim on behalf of the Petitioner Nenad Simic.

2. Determine that Petitioner Nenad Simic is entitled to an Administrative Proof of Claim, and the amount thereof; and

3. Direct that said Administrative claim be paid and for further relief as may be appropriate under the circumstances.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed to: David Gay, Esq. of Smith, Hulsey & Busey, Attorneys for the Reorganized Debtors, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; Matthew Barr, Esq., Tweed, Hadley & McCoy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, counsel for the Post-Effective Date Committee on May 9'h, 2007.

ROTHSTEIN ROSENFELDT ADLER
Attorneys for Petitioner Jimmie Simic
Las Olas City Centre
401 E. Las Olas Blvd., Suite 1650
Ft. Lauderdale, Florida 33301
(954) 522-3456 Telephon
(954) 645,5,Drctimile
By: I

ARTHUR C.1J1 IWIRTH, ESQ.
Fla. Bar. No.: 289061
07-14892 8
LAW OFFICES
EVAN R. KRAKOWER, P.A.
10001 WEST OAKLAND PARK BLVD.
SUITE 200
SUNRISE, FLORIDA 33351
April 8, 2005
Winn Dixie
277 South Pompano Parkway
Pompano Beach, FL 33069
Attention: Manager
RE: OUR CLIENT: Nenad Simic
DATE OF ACCIDENT: 03/23/2005
SUNRISE: (954) 748-4606
TOLL FREE: (877) 741-8209
FAx: (954) 748-4913
Dear Sir/Madam:
Please be advised that the undersigned represents the above captioned
individual with regard to injuries and damages sustained in a incident
on your premises.
Our investigation reveals that the injuries sustained by our client were
caused due to your negligence. This letter should be forwarded to your
insurance carrier in order that your interests are protected. If you are
not insured, please contact our office immediately.
Thank you for your anticipated cooperation in this matter.
Sincerely,
EVAN R. KRAKOWER
ERK/km
mom EXHIBIT:A
t/,t
Sedgwick
Sedgwick Claims Management Services, Inc.
P.O. Box 24787, Jacksonville, FL 32241-4787
Telephone 904 419-5300 Facsimile 904 419-5365
September 1, 2005
Evan R. Krakower, P.A.
10001 14'est Oakland Park Blvd. Suite 200
Sl.1nr1Se, FL 33351
-4 c,
R.F.:
Claimant:          Nenad Simic
Date of Incident:     03/23/2005
Claim #:    A511203602-0001-01
Location:  277 S. Pompano Pkwy
           Pompano Beach, FL 33069
Dear Attorney Krakower:
In response to your request for coverage disclosure, I provide the following:
Insured:   Winn-Dixie Stores, Inc.
Carrier Name:        ACE American Insurance Company
Policy Number:       XSLG21708069
Policy Dates:        07/01/04-06/30/05
Retention:           $2,000,000.00
Policy limits:       $3,500,000.00
Sincerely,
Stephanie Kni4ht
Examiner 11
SK.
-map EXHIBIT:B
LAW OFFICES
EVAN R. KRAKOWER, P.A.
10001 WEST OAKLAND PARK BLVD.
SUITE 200
SUNRISE, FLORIDA 33351
November 29, 2006
Sedgwick Claims
PO Box 24787
Jacksonville, FL 32241-4787

Attn: Gloria Davis
RE: OUR CLIENT: Nenad Simic
DATE OF LOSS: 3/23/05
CLAIM NUMBER: A511203602 0001 01
Dear Ms. Davis:
SUNRISE: (954) 748-4606
Tou FREE: (877) 741-8209
F" (954) 748-4913
Pursuant to your request, enclosed please find the following medical
bills and records incurred by my client as a result of this accident:
1) Dr. Drew Karp $6,165.00
2) Lost Wages (8wks @100wk) $ 800.00
TOTAL $6,965.00
Please note in Dr. Karp's final report that our client sustained a
permanent impairment of 8-10% to the body as a whole.
Upon receipt and review, please contact my office so that we may discuss
same.
Sincerely,
EVAN R. KRAKOWER
ERK/ml
EXHIBIT:C
UNITED STATES :DA'L~IKRUPTCY COURT
MIbbLE bIST1tICT OF FLO.R;fAA
J'ACKSONYILLE DiVISi:O.N
www,.tl,mb. uscourrs. gov
In Re:
                        CASE 1Y0.: OS-038I,7-3:F].
WINN-DIXIE STORES, xN'C,, et, al.,
                        C:EIAPTER :1.1 :P:ROCEED.iNG
Debtor,              Jointly Administered


0
          .~y M C~~1:1~ t-.-.   D JI!-.'-I.~.U.l-'~~
A-YIT ><N SL P


LEAYE TO MULE jjNMIA FQH EjNLAMXMXpjj Qj ME IQ
_~I ~ ~~I:1~ a ~.!~C~l;r M_~fJ~1~.~.f].~~:~I ±7~_t!~~ 1'`~ M :1!~4 MA'/_~~1J~1 !~_IL;~~1~ ,t.~~
ICI ~I~+'~! ~~./.:r M-C~1:II:~
~~~/:~~1;4.;!/:~~;I!);~:~_~.u I_,-1.~~ ~~J_;~L;~~~!!~;!!~~_M_t~:r M.I% ~[!J!1~e1-i_
AIUS~~C AGA~IST T,HE REORG,~L~~]~D DEBTORS_t3N OR ABOUT
FEBI,tU'A~~Y 26.,006 )I3X EYA~i,~L_K~t,A~~4~'_I~E)~.,_)~SQr.
S`CA'LE OF FL.ORTDA
SS
COUNTY OF D'CJ'VA'L ,
BEFO~ItE N1E, the undersigned authority, personally appeared Evan R~ .K.rakower, Esq,
("A~iant"), who being sworn upon his oath deposes and states on personal knowledgo that.
1, This Affidavit is submitted in support of Petitioner N'enad Simic's (Claim Number
AS11.203602-000'1-01) )C.eave to File and/or for Enlargement of Time to File Application for
Administrative Claim, artd for Determination, Allowance and Payment of Adrt~i.~nistrativc Claim
Arising Against the It,eorganized Aebtors on or About February 26, 2006,
2. I am counsel .for Petitioner Nenad Simic and have personal knowledge o£~the Facts
contained in this Affidavit and of the !'acts regarding sums claimed pursuant to the Claim (Claim
Number AS :1.1203602-0001-01) which is the subject matter of this action,
3, As of this date, Petitioner Simic's claim totals $25,000.00
1
ZiZ'd SS~~bZSbS6~~I ~T6fi+8bZ+~S6 Md1~~13M0~Iti~lJl ~cwo.~~ 8b~60 ZeeZ-bB-J,d6J
4. 1: acknowledge that the deadline to file Petitioner's Administrative Claim has passed as
of January 5, 2007; however, despite having timely notified Winn Dixie of Petitioner's claim on or
about April 8, 2005 and a response of Sedgwick on behalf of the Debtor, I did not receive any Notice
of the Claim Bar ;Date.
5. I phoned Debtor's Counsel when I learned of the potential for a Bar Date issue on
February 21, 2007. Debtors' counsel (David Gay, Esq.) advised he would check in to the situation
and get back to me. I heard from Mr. Gay within 7 days, and was advised that Petitioner Simic was
listed as a creditor who received notice, that he had no information if service was returned and, that
Debtors' Counsel could not do anything and that a Motion needed to be filed,
It should be noted that I maintained offices at 10001 W. Oakland Park Blvd., Suite
200, Sunrise, FL, 33351 for more than 17 years, Throughout the entire tenure of my tenancy in this
building, there has been a significant ongoing and continual problem with relation to receipt of mail..

In the Ft. Lauderdale/Sunrise area, there exists an address which is similar to but not close to my office. That address is 1001 W. Oakland Park Blvd., rather than 10001. Asa result, oftentimes mail is delivered to that address, and unless same is by chance caught by a tenant who is willing to take the time to forward it on, or by other means, mail delivered to that address is routinely not forwarded on to the undersigned counsel and is returned to sender. I have received notification of this type of circumstance from parties sending mail on numerous occasions, though I am not certain if that occurred in this instance.

7. I have requested information from Debtor's counsel regarding return of the Notice of Entry of Order Confirming Plan. of Reorganization, etc., but was not provided with that information. Further, there are no certificates of return mail of record with the Bankruptcy Court.

-2

Z S'd SS"t,2St' 6:01 £Z617+8t7L+0S6 MU1r~ 3MONU1 D 3:=JA 80:60 LO02-bO-,cUW

8. lE'n additian,l have not read i>n any newspaper of general circulation anything regarding the deadline far filing of claims of Winn Dixie.

9. I have attempted to amicably resolve this matter by speaking with Debtors' counsel prior to retention o£ bankruptcy counsel For filing of this matter and Debtors' counsel who had no confirmation that l:, on behalf of Petitioner Simic, received notice of the Court's entry ofthe'Notice, Y0. ~; spoke with counsel for Debtor on lebruary 2:[, 2007, and tl~erea~er followed up on approximately February 28, 2007.

~~URTBE1i. A1El~1NT SAYET~ r1'O'~'.

Affiant; EVAN k. >C{1tA>CCOW~R~, ESQ.


(tita.=~~

The foregoing instrument was sworn to, and subscribed before me this `~'`~'_ .day of ~4prt1, 200?, by ~ ,~ n a, ~r~ K~,LC~ [ /~ who is personally known to roe [ ]who produced as identification and who did take an oath.

tasy 1'ubli

My Commission l~xpires;

~

' .

.~

'
lEh1NIFER NICOLE TA(3C~ART

~~~ MY COMM18810N N 174864547

r EXPIRES March 21 2011

1 yP1-p~p3 ~~prnl~Wpl~ 8~n~~o~n

3

Z~b'd SSbbb2SbS6~~l ~T6i~+8)~Z+bS6 Md1~~13M0>ltj~l~l 3~w~~.~ 8b~60 L00Z-bB-J,dW