**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,

        Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

**MOTION OF JANICE L. JACKSON TO DEEM APPLICATION**
**FOR ADMINISTRATIVE EXPENSE TIMELY FILED**

Comes Now Janice L. Jackson (the "Applicant"), pursuant to 11 U.S.C. §§ 105 and 503(b), to file this, her motion for the entry of an order (the "Motion") deeming the Application for Administrative Expense Status she filed on January 12, 2007 (the "Application") timely filed and in accordance with the Court's Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Doc. 12440), which, *inter alia*, established an administrative claims bar date of January 5, 2007.

**BACKGROUND**

1.      On or about July 1, 2005, the Applicant suffered bodily injuries while in the Debtors' store located in Lauderhill, Florida as a proximate result of the negligence of a Winn-Dixie entity operation of the store in failing to maintain the premises in a reasonably safe condition.  As a result of the injury, Applicant has suffered damages totaling at least $65,000.00, which damages Applicant can support through medical records and other proof. Applicant's damages may not be fully liquidated at this time.

2.      Brian Pearl, Esq., an attorney with the Law Firm of Thomas & Pearl, P.A. ("Mr. Pearl"), was retained by the Applicant to represent her in the personal injury action against

Winn-Dixie.  Mr. Pearl filed a complaint in the Circuit Court in and for Miami-Dade County, Florida against Winn-Dixie, Inc. on or about June 28, 2006 (the "State Court Complaint").

3.       The Law Firm of Thomas & Pearl received approximately eight (8) notices of Stay of proceedings from this Court regarding lawsuits it had commenced against Winn-Dixie on behalf of its several clients throughout South Florida, including the Applicant.

4.       It is unfortunate that the Order from the Bankruptcy Court regarding the deadline to file administrative claims (the "Order") was calendared incorrectly by a temporary secretary.  As such, the Applicant's Application was filed on January 12, 2007 (Doc. 14712), as opposed to January 5, 2007 as directed by the Order.  Attached hereto as Exhibit "1" is the docketed Application as it appears in the Court's electronic docketing system.

## <u>MEMORANDUM OF LAW</u>

It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status.  *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (1968) (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr.S.D.Fla. 1994).  Moreover, the Bankruptcy Code provides that "(a)n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause."  11 U.S.C. § 503(a).  In the case of a post-petition claim filed after a bar date, bankruptcy courts have used the "excusable neglect" standard of Fed. R. Bankr. P. 9006(b)(1) in the context of a Section 503(a) application for administrative expense.  *See, In re: Bicoastal Corp.*, 147 B.R. 258 (MD. Fla. 1992); *In re: Reams Broad. Corp.*, 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993).  In essence, the court is permitted to exercise its discretion "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by

intervening circumstances beyond the movant's control." *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.,* 507 U.S. 380 (1993)

In *Pioneer*, the United States Supreme Court explicitly rejected a narrow interpretation of the term "excusable neglect" under Rule 9006(b)(1). *Id.* at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control"). A post-petition claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *See, Banco Lation International v. Lopez (In re: Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (*citing Pioneer*); *See also In re: Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997).

As noted previously by this Court, *Pioneer* mandates a "balancing test" of four considerations. *See, In re: Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). Those considerations include: (a) the reason for the delay and whether it was in control of the claimant; (b) the length of delay and potential impact on judicial proceedings; (c) the danger of prejudice to debtor; and (d) whether the claimant acted in good faith. *Id. at 646.*

## REASON FOR THE DELAY

In this case, the reason for the delay was an administrative error. A temporary secretary made a mistake and mis-calendered the due date, thus preventing the Mr. Pearl from timely filing the Application. Attached hereto as Exhibit "2" is a copy of an affidavit from Mr. Pearl attesting that the failure to file the Application was due to this error. The failure to file the Application by January 5, 2007 was the result of simple human error.

### LENGTH OF DELAY AND IMPACT ON THE CHAPTER 11 CASE

In addition, the Application was promptly filed after the mistake was brought to Mr. Pearl's attention, and only seven days after the bar date.  See Doc. 14712.  Because, *inter alia*, the Court has confirmed Winn-Dixie's Plan of Reorganization approved by the Winn-Dixie's creditors, the judicial proceedings in this case will not be affected substantially if the Court allows the Application.

### LACK OF PREJUDICE TO THE DEBTORS AND THEIR ACTUAL NOTICE

There can be little, if any, prejudice to Winn-Dixie if the Application is deemed timely filed.  Winn-Dixie had actual notice of the Applicant's claim, in the form of  the State Court Complaint several months prior to the bar date. Winn-Dixie knew that it would be exposed to post-petition claims (such as the Applicant's) prior to filing its Joint Plan of Reorganization, which provided for treatment of the Applicant's claims.[1]  As such, Winn-Dixie will not be prejudiced should the Court allow the Application.

Moreover, allowing the Application will not deprive the Debtors' of their ability to defend against the Applicant's claims on the merits; on the other hand, not allowing the Application will deprive the Applicant any and all recourse for her claims.

### MS.  JACKSON'S ACTIONS WERE UNDERTAKEN IN GOOD FAITH

Lastly, Ms. Jackson's actions in this case were, without question, undertaken in good faith.  She did not personally cause her Application to be filed late. At no point did she delay the reorganization process or otherwise "sit on her rights"; and there is and can be no suggestion that she has acted improperly in any fashion.  In addition, Mr. Pearl acted in good faith, filing the Application as soon as he learned of the calendaring problem.

## <u>CONCLUSION</u>

Each of the foregoing equitable considerations weighs heavily in favor of the granting of the relief sought in this Motion.  The treatment of the Application as timely- filed will permit the Applicant's claims to be resolved on its merits.  Such relief will in no way prejudice Winn-Dixie, Inc. or its Affiliated Debtors, and will serve to protect the Applicant's rights to recover for her damages, and is consistent with the letter and policy of the United States Bankruptcy Code.

**Wherefore,** Janice Jackson respectfully requests that the Court enter an order:

(a)    Deeming the Application attached as Exhibit "1" timely filed;

(b)    Granting the Applicant any such other and further relief to which she may be entitled.

Respectfully Submitted,                    WILCOX LAW FIRM

<u>/s/</u> **Robert Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
Telephone: (904) 281-0700
Facsimile: (904) 513-9201

---

[1]    Attached to the Application (Doc. 14712) as Exhibit A is the Applicant's State Court Complaint, together with a return of service, Winn-Dixie's Answer to the Complaint, as well as the Applicant's Reply to Winn-Dixie's Affirmative Defenses. These documents clearly show Winn-Dixie's notice of Ms. Jackson's claim.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May  13  , 2007 I filed this **MOTION OF JANICE L. JACKSON TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq., and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

<u>/s/</u> **Robert Wilcox**
Robert D. Wilcox

# EXHIBIT 1

premises in a reasonable safe condition. Upon information and belief, the responsible Debtor is Winn-Dixie Stores, Inc. As a result of the injury, Applicant has suffered damages totaling at least $65,000.00, which damages Applicant can support through medical records and other proof. Applicant's damages may not be fully liquidated at this time.

4.     Applicant has previously informed Winn-Dixie of her claim, and had in fact filed a lawsuit in Florida state court asserting the claim. A copy of the Complaint, Winn-Dixie's Answer and related documents from that lawsuit are attached as Exhibit "A".

## APPLICANT'S CLAIM IS ENTITLED TO
## ADMINISTRATIVE EXPENSE STATUS

5.     Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

6.     In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting

Applicant's claim be served upon:

> Thomas & Pearl, P.A.
> 2404 Northeast 9th Street
> Fort Lauderdale, Florida  33304.

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter

an order granting the relief requested herein and such other relief as it deems just and

proper.

Respectfully Submitted,

> WILCOX LAW FIRM
>
> /s/ **Robert Wilcox**
> Robert D. Wilcox (FL #755168)
> 6817 Southpoint Parkway, Suite 1302
> Jacksonville, FL 32216
> Telephone: (904) 281-0700
> Facsimile: (904) 513-9201

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2007, I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system, which will cause a copy to be  served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and  John MacDonald, Esq., Counsel for the Post-Effective Date Committee,  Elena L. Escamilla,  Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

> /s/ **Robert Wilcox**
> Robert D. Wilcox

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JANICE L. JACKSON,                         CASE NO.

     Plaintiff,                          Florida Bar Number 699748

vs.

WINN-DIXIE, INC.,

     Defendant.
_____/

## COMPLAINT

Plaintiff, JANICE L. JACKSON, sues Defendant, WINN-DIXIE, INC., ( hereinafter

referred to as "WINN-DIXIE"), for damages, and alleges as follows:

1.     This is an action for damages in excess of **FIFTEEN THOUSAND ($15,000.00)**

**DOLLARS,** exclusive of interest and costs.

2.     The cause of action arose from a Florida activity within the purview of Florida

Statute §48.193.

3.     At all times material hereto, Plaintiff, JANICE L. JACKSON, is and was a

resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris.*

4.     At all times material hereto, Defendant, WINN-DIXIE, was a corporation existing

under the laws of the State of Florida.

5.     At all times material hereto, Defendant, WINN-DIXIE, owned, operated

and/or maintained its main operation located in Miami-Dade County, Florida.

6.     On or about July 1, 2005, Plaintiff, JANICE L. JACKSON, was lawfully upon the

Defendant, WINN-DIXIE'S, retail grocery store #0205, located at 18350 N. W. 7th Avenue,

Miami, Miami-Dade County, Florida, as a patron and business customer.

*Janice L. Jackson vs. Winn-Dixie, Inc.*
11th Judicial Circuit Court
Miami-Dade County, Florida

7.     At all times material hereto, the Defendant, WINN-DIXIE, had a duty to inspect

and maintain the aforesaid premises in a reasonably safe condition and to exercise reasonable

care for the safety and protection of its patrons, and more particularly herein, Plaintiff, JANICE

L. JACKSON.

8.     At that time and place, Plaintiff, JANICE L. JACKSON, was caused to slip and

fall on a wet floor near the check out counter due to water escaping from a display of flowers.

9.     Defendant, WINN-DIXIE, knew, or should have known that customers and/or

business invitees would traverse said area.

10.     As a result of Plaintiff's fall, she suffered serious bodily injury.

11.     Defendant, WINN-DIXIE, was negligent, including, but not limited to

negligently allowing its employees, agents, and/or representatives, to leave water on the floor, which

created a dangerous condition, to be left in a public area where business invitees, in particular,

Plaintiff, would traverse, which dangerous condition caused Plaintiff to fall and sustain serious

personal injuries.

12.     The negligent condition was know to Defendant, WINN-DIXIE, or had existed for

a sufficient length of time so that Defendant should have known of it.

13.     As a direct and proximate result of the negligence of the Defendant, the Plaintiff,

JANICE L. JACKSON, suffered bodily injury and resulting pain and suffering, disability,

disfigurement, physical impairment, inconvenience, mental anguish, loss of capacity for the

enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of

*Janice L. Jackson vs. Winn-Dixie, Inc.*
11th Judicial Circuit Court
Miami-Dade County, Florida

earnings, loss of ability to earn money, loss of ability to perform household services, and/or

aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will

suffer the losses in the future.

**WHEREFORE,** Plaintiff, JANICE L. JACKSON, demands judgment against the Defendant,

WINN-DIXIE, INC., together with costs incurred, and further demands trial by jury of all issues so

triable as a matter of right by a jury.

DATED: June 28, 2006

THOMAS & PEARL, P.A.
Attorneys for Plaintiff
2404 N. E. 9th Street
Fort Lauderdale, Florida 33304
Telephone: (954) 563-9225
Facsimile: (954) 563-9497

By: _____
      CHARLES A. MANCUSO, ESQ.
      Florida Bar Number 699748
      For the Firm

## VERIFIED RETURN OF SERVICE

**STATE OF FLORIDA   DADE   CIRCUIT COURT**

Case Number: 06-13084 CA 24

Plaintiff: JANICE L. JACKSON
vs.
Defendant: WINN-DIXIE , INC.

For: CHARLES A. MANCUSO   THOMAS & PEARL

Received by AJS PROCESS SERVICE, INC. on 7/24/06 at 8:00 am,
to be served on: WINN-DIXIE,INC. at REG. AGENT: CORPORATION SERVICE
COMPANY, 1201 HAYS ST., TALLAHASSEE, FL 32301.

I, ERIC LARSON, who, being duly sworn, depose and say that
on 7/24/06 at 3:00 pm,

I executed service by delivering a true copy of the
SUMMONS AND COMPLAINT,
in accordance with state statutes in the manner stated below:

REGISTERED AGENT SERVICE: By serving pursuant to F.S. 48.091
Served: KEN FARMER, Clerk, for R.A.

COMMENTS:

I certify that I have no interest in the above action, am of legal age
have proper authority in the jurisdiction in which this service was made
declare, under penalties of perjury pursuant to f.s. 92.525, that I have
read the foregoing document and that the facts stated in it are true to
best of my knowledge and belief.

ERIC LARSON
PROCESS SERVER # 063
2ND JUDICIAL CIRCUIT
Appointed in accordance
with State Statutes

AJS PROCESS SERVICE, INC.
4150 NW 7TH AVE.
MIAMI  FL 33127
(305)758-5717
JOB SERIAL NUMBER:1957

return to nc JC

Case 3:05-br-03817-JAF   Document 3412   Filed 05/03/2007   Page 25 of 25

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JANICE L. JACKSON,                              CASE NO. 06-013084 CA (24)

    Plaintiff,                              Florida Bar Number 699748

vs.

WINN-DIXIE, INC.,

    Defendant.
_____/

## PLAINTIFF'S REPLY TO AFFIRMATIVE DEFENSES

Plaintiff, JANICE L. JACKSON, replies to the affirmative defenses alleged by the

Defendant, WINN-DIXIE, INC., as set forth in Defendant's Answer And Affirmative Defenses,

dated August 11, 2006, specifically as follows:

1.    Plaintiff denies each and every allegation alleged by Defendant as an affirmative

defense not specifically admitted herein.

2.    Plaintiff denies each and every allegation alleged by Defendant as an affirmative

defense as set forth in Defendant's first, third, fifth sixth and seventh affirmative defenses, and

Plaintiff further demands strict proof thereof.

3.    Defendant's affirmative defense as set forth in Defendant's second affirmative

defense is a partial misstatement of the law. The collateral source defense is only applicable to

collateral sources that have made payments to or on behalf of Plaintiffs that do not have the right

of subrogation. For collateral sources that have made payments to or on behalf of Plaintiffs that

have the right of subrogation, the collateral source defense does not apply. Notwithstanding

Defendant's partial misstatement of the law, Plaintiff denies each and every allegation alleged by

01/12/2007 15:01 FAX                                                                 ☑ 006/011

Case 3:05-bk-03817-JAF   Document 16338-2   Filed 05/13/07   Page 16 of 16
Case 3:05-bk-03817-JAF   Document 16338-2   Filed 05/13/07   Page 16 of 25

*Janice L. Jackson vs. Winn-Dixie, Inc.*
Case No. 06-013084 CA (24). 11th Judicial Circuit Court
Miami-Dade County, Florida

Defendant as an affirmative defense as set forth in Defendant's second affirmative defense and

Plaintiff further demands strict proof thereof.

4.      Plaintiff is unable to respond to Defendant's fourth affirmative defense as Plaintiff

is unable to respond to any allegations involving "Wal-Mart".

I HEREBY CERTIFY that on this _7th_ day of ~~August~~ September, 2006, a true and correct copy
of the foregoing was furnished via First Class U.S. Mail, postage prepaid, to **Gregory A. Victor,
Esquire**, Adorno & Yoss, LLP, Attorneys for Defendant, 2525 Ponce De Leon Boulevard, Suite
400, Miami, Florida 33134 - Telephone: (305) 460-1082 - Facsimile: (305) 460-1422.

<div style="margin-left:40%">

THOMAS & PEARL, P.A.
Attorneys for Plaintiff
2404 N. E. 9th Street
Fort Lauderdale, Florida 33304
Telephone:  (954) 563-9225
Facsimile:  (954) 563-9497


By: _____

    CHARLES A. MANCUSO, ESQ.
    Florida Bar Number 699748
    For the Firm

</div>

G:\WPFILES\CAM\LIT\Jackson-Janice-S&F\Reply-Affirmative-Defenses                    2

01/12/2007  15:02 FAX                                                                                  ☒007/011
Case 3:05-bk-03817-3AF7-JA Document 16338-2 Filed 05/13/07 Page 17 of 25
Case 3:05-bk-03817-JAF Document 14782 Filed 01/12/2007 Page 14 of 16

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JANICE L. JACKSON,

        CASE NO.: 06-13084 CA (24)

    Plaintiff,

vs.

WINN-DIXIE, INC.,
A Florida corporation,

    Defendant.                 FLA. BAR NO. 306371
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

    The Defendant, WINN-DIXIE STORES, INC. ("Winn-Dixie"), incorrectly sued herein as

Winn-Dixie, Inc., answers the correspondingly numbered paragraphs in the Complaint as follows:

    1.    Denied.

    2.    Admitted for purposes of establishing jurisdiction and venue. Denied that the incident

occurred as alleged.

    3.    Unknown, therefore denied.

    4.    Admitted.

    5.    Admitted that Winn-Dixie lawfully conducted business in Miami-Dade County,

Florida. The balance of the allegations are denied in the specific form alleged.

    6.    Unknown, therefore denied.

    7.    Admitted that Winn-Dixie had all duties imposed by Florida law.

    8.    Denied.

    9.    Admitted that Winn-Dixie was aware that its customers and business invitees would

walk upon its floor during its regular business hours.

{GAV/214019.0008/M1533016_1}

ADORNO & YOSS, LLP
2525 PONCE DE LEON BLVD. • SUITE 400 • MIAMI, FLORIDA 33134-6012 • TELEPHONE 305-460-1000 • TELEFAX 305-460-1422

Janice Lee Jackson vs. Winn-Dixie
CASE NO.:   06-13084 CA (24)

10.   Denied.

11.   Denied.

12.   Denied.

13.   Denied.

All allegations in the Complaint not specifically admitted above by Winn-Dixie are denied
and Winn-Dixie demands strict proof thereof.


## AFFIRMATIVE DEFENSES

1.   The Plaintiff was guilty of negligence which was the proximate cause of the alleged
accident and alleged resulting damages. The Plaintiff's claim is therefore barred or subject to
reduction pursuant to the Doctrine of Comparative Negligence.

2.   Winn-Dixie is entitled to a set-off of all amounts paid or payable by all collateral
sources or expenses, bills or other obligations incurred as a result of the alleged accident.

3.   All injuries or damages alleged to have been sustained by the Plaintiff were caused by
negligent, intentional or other acts or omissions of third-parties, agencies, persons, entities, forces or
instrumentalities outside and beyond the control of Winn-Dixie.

4.   The acts or omissions alleged in the Complaint as attributable to Wal-Mart were not
the proximate causes of the plaintiff's alleged damages.

5.   Winn-Dixie had neither actual or constructive notice or knowledge of the alleged
defective or dangerous condition referred to in the Complaint.

{GAV/2140190.0008/M1533016_1}

2

ADORNO & YOSS, LLP
2525 PONCE DE LEON BLVD.  • SUITE 400 • MIAMI, FLORIDA 33134-6012 • TELEPHONE 305-460-1000 • TELEFAX 305-460-1422

Janice Lee Jackson vs. Winn-Dixie
CASE NO.:    06-13084 CA (24)

6. The defect or dangerous condition alleged to have been present at Winn-Dixie's premises was an open and obvious danger.

7. Plaintiff's knowledge of the alleged dangerous condition was superior to or at least equal to Winn-Dixie's alleged knowledge, thus, Winn-Dixie had no duty to warn the plaintiff of any such condition.

All allegations in the Complaint not specifically admitted above by Winn-Dixie are denied and Winn-Dixie demands strict proof thereof.

## DEMAND FOR JURY TRIAL

Winn-Dixie demands a trial by a jury of all issues so triable.

WHEREFORE, Winn-Dixie demands entry of judgment in its favor plus costs incurred in defending this action.

Respectfully submitted,

**ADORNO & YOSS, LLP**

GREGORY A. VICTOR
2525 Ponce De Leon Boulevard
Suite 400
Miami, Florida 33134
PH:    (305) 460-1082
FAX:  (305) 460-1422
Attorney for Winn-Dixie

{0AV/2140I9.0008/M1533016_1}

3

Janice Lee Jackson vs. Winn-Dixie
CASE NO.: 06-13084 CA (24)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Winn-Dixie's Answer and Affirmative

was served by fax and mail this __11__ day of AUGUST, 2006 to:

Charles A. Mancuso
THOMAS & PEARL, P.A.
2404 N.E. 9th Street
Ft. Lauderdale, Florida 33304
Ph:    (954) 563-9225
Fax:   (954) 563-9497
**Counsel for Plaintiff**


Gregory A. Victor

ADORNO & YOSS, LLP
2525 PONCE DE LEON BLVD. • SUITE 400 • MIAMI, FLORIDA 33134-6012 • TELEPHONE 305-460-1000 • TELEFAX 305-460-1422

01/12/2007 15:01 FAX                                                          ☒ 005/011

Case 3:05-bk-03817-3AF-JA Document 16338-2 Filed 05/13/07 Page 21 of 25     Case 3:05-bk-03817-JAF Document 16338-2 Filed 05/13/07 Page 25 of 16

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JANICE L. JACKSON,                             CASE NO. 06-013084 CA (24)

              Plaintiff,                       Florida Bar Number 699748

vs.

WINN-DIXIE, INC.,

              Defendant.

_____/

## PLAINTIFF'S REPLY TO AFFIRMATIVE DEFENSES

Plaintiff, JANICE L. JACKSON, replies to the affirmative defenses alleged by the

Defendant, WINN-DIXIE, INC., as set forth in Defendant's Answer And Affirmative Defenses,

dated August 11, 2006, specifically as follows:

1.     Plaintiff denies each and every allegation alleged by Defendant as an affirmative

defense not specifically admitted herein.

2.     Plaintiff denies each and every allegation alleged by Defendant as an affirmative

defense as set forth in Defendant's first, third, fifth sixth and seventh affirmative defenses, and

Plaintiff further demands strict proof thereof.

3.     Defendant's affirmative defense as set forth in Defendant's second affirmative

defense is a partial misstatement of the law. The collateral source defense is only applicable to

collateral sources that have made payments to or on behalf of Plaintiffs that do not have the right

of subrogation. For collateral sources that have made payments to or on behalf of Plaintiffs that

have the right of subrogation, the collateral source defense does not apply. Notwithstanding

Defendant's partial misstatement of the law, Plaintiff denies each and every allegation alleged by

01/12/2007 15:01 FAX                                                                                    006/011

Case 3:05-bk-03817-JAF Document 16358-2 Filed 05/13/07 Page 22 of 25
Case 3:05-bk-03817-JAF Document 16358-2 Filed 05/13/07 Page 16 of 16

*Janice L. Jackson vs. Winn-Dixie, Inc.*
Case No. 06-013084 CA (24). 11th Judicial Circuit Court
Miami-Dade County, Florida

Defendant as an affirmative defense as set forth in Defendant's second affirmative defense and

Plaintiff further demands strict proof thereof.

      4.      Plaintiff is unable to respond to Defendant's fourth affirmative defense as Plaintiff

is unable to respond to any allegations involving "Wal-Mart".

      I HEREBY CERTIFY that on this _7th_ day of ~~August~~ September, 2006, a true and correct copy
of the foregoing was furnished via First Class U.S. Mail, postage prepaid, to **Gregory A. Victor,
Esquire**, Adorno & Yoss, LLP, Attorneys for Defendant, 2525 Ponce De Leon Boulevard, Suite
400, Miami, Florida 33134 - Telephone: (305) 460-1082 - Facsimile: (305) 460-1422.

                         THOMAS & PEARL, P.A.
                         Attorneys for Plaintiff
                         2404 N. E. 9th Street
                         Fort Lauderdale, Florida 33304
                         Telephone:  (954) 563-9225
                         Facsimile:  (954) 563-9497

                         By: _____

                               CHARLES A. MANCUSO, ESQ.
                               Florida Bar Number 699748
                               For the Firm

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

        Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
### Janice Jackson

Comes Now Janice Jackson ("Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2.      Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3.      After the Petition Date and on or about July 1, 2005, Applicant was injured at the Winn-Dixie store located in Lauderhill, Florida as a proximate result of the negligence of the Winn-Dixie entity operating the store in failing to maintain the

EXHIBIT 2

## AFFIDAVIT

I am an attorney at the Law Firm of Thomas & Pearl, P.A. attorney of record for Plaintiff, Janice L. Jackson.

    1.    The complaint involved was filed in Broward County, Florida, Circuit Court to writ: *Janice L. Jackson v. Winn-Dixie, Inc.* Case Number: 06-013084 CA (24) on July 6, 2006.

    2.    Thomas & Pearl, P.A. received approximately eight (8) Stays of Proceedings regarding personal injuries accidents pending in Palm Beach, Broward and Miami-Dade County, Florida of Circuit Courts.

    3.    The Order from the Bankruptcy Court regarding filing deadlines for Janice L. Jackson was mis-diaried on the calendar by a temporary secretary.

    4.    All other pending Winn-Dixie, Inc. cases were properly diaried.

    5.    Immediately upon learning of the mistake, counsel for the Plaintiff retained counsel in Jacksonville to represent the Plaintiff before this honorable court.

    6.    There has been no other nor will there be any prejudice against the Winn-Dixie, Inc. for allowing an extension for file a claim by Janice L. Jackson.

FURTHER AFFIANT SAITH NOT.

BRIAN S. PEARL, ESQUIRE

STATE OF FLORIDA   )
COUNTY OF BROWARD   )

The foregoing instrument was acknowledged before me this _____ day of February, 2007 by BRIAN S. PEARL, ESQUIRE, who is personally known to me and did take an oath.

VICKI KNOWLES
Notary Public - State of Florida
Commission Expires Sep 10, 2010
Commission # DD 593220
Bonded By National Notary Assn.

NOTARY PUBLIC

Sign:
Print:
State of Florida at Large
My Commission Expires:

(SEAL)

G:\WPFILES\CAM\LIT\00-SETTLED-CASES\Jackson-Janice-S&P\Affidavit of CAM