# UNUNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

## MOTION OF JOANNA NAQUIN AND LLOYD NAQUIN TO DEEM APPLICATION FOR ADMINISTRATIVE EXPENSE TIMELY FILED

Now Comes Joanna Naquin and Lloyd Naquin (the "Movants"), by and through undersigned counsel, to file this, their motion for the entry of an order (the "Motion") deeming the Application for Administrative Expense Status (attached as hereto as Exhibit A) (the "Application") timely filed and in accordance with the Court's Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Doc. 12440), which, *inter alia*, established an administrative claims bar date of January 5, 2007.

## BACKGROUND

1. On or about April 10, 2005, Joanna Naquin sustained personal injuries to her lower back, shoulders, left leg and left knee at Winn-Dixie Store # 1437 operated by Winn-Dixie Stores, Inc. (one of the Affiliated Debtors), located at 2841 South Clairborne Avenue, New Orleans, Louisiana ("Winn-Dixie"). In addition, Lloyd Naquin suffered consortium damages resulting from the damages Joanna Naquin sustained as a result of Winn-Dixie's negligence.

2. On or about May 9, 2005, Movants retained Mr. R. Ray Orrill, Jr. of New Orleans, Louisiana ("Mr. Orrill") to prosecute any and all claims arising from, among other actions, the negligence of Winn-Dixie.

3. Shortly after their retention, Mr. Orrill engaged in a dialogue with, and exchanged information regarding Movants' claims and injuries with the third-party administrator for Winn-Dixie, namely Sedgwick Claims Management Services, Inc. ("Sedgwick"). In fact, Sedgwick contacted Mr. Orrill to obtain further information, including a recorded statement from the injured plaintiff, "…before we [Sedgwick] make any decisions determining eligibility." At no time did Sedgwick or Winn-Dixie inform Mr. Orrill that Winn-Dixie had shortly theretofore filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on February 21, 2005 (the "Petition Date").

4. On April 5, 2006, the Movants, who were unsatisfied with the direction informal settlement negotiations with Sedgwick were headed, filed a Petition for Damages for Personal Injuries in the case styled *Joanna Naquin and Lloyd Naquin versus Winn Dixie Louisiana, Inc., d/b/a Winn-Dixie Store # 1437, Case No. 2006-2904, Division "N"* now pending in the Civil District Court for the Parish of Orleans, Louisiana (the "State Court Action").

5. Thereafter, and by information and belief, Winn-Dixie through Sedgwick, retained the law firm of Trinchard & Trinchard, LLC to represent it against the claims asserted by the Movants in the State Court Action. After filing a motion for and receiving an order extending time to file an answer to the Movants' Petition for Damages, Winn-Dixie filed an answer to the Movant's petition on May 9, 2006. In so doing, Winn-Dixie failed to assert dischargeability due to bankruptcy as an affirmative defense to the

Movants' claims in the State Court Action, or otherwise inform Plaintiffs' Counsel that Winn-Dixie was, in fact, protected by the automatic stay, or was even a debtor in a bankruptcy proceeding.

6. Winn-Dixie, through its counsel, Trinchard & Trinchard, LLC, defended the State Court Action in due course --- which included, but was not limited to, propounding interrogatories and requests for production of documents directed at the Movants on May 9, 2006; with the Movants responding to the same on July 10, 2006. By all appearances, the State Court Action was proceeding toward resolution or trial (as the case may be).

7. In the meantime, on Monday, August 29, 2005, Hurricane Katrina made landfall just east of Orleans Parrish, Louisiana devastating the city of New Orleans and its surrounding areas. As a result, Mr. Orrill's office was temporarily relocated to Baton Rouge, Louisiana for several months through 2006. At all times material, Sedgwick and/or Trinchard & Trinchard LLC was informed to the best of Mr. Orrill's ability of where notice of any matters affecting his clients should be sent. The Movants, however, were displaced to Arkansas, where they remain today.

8. From the time Movants responded to Winn-Dixie's discovery (on July 10, 2006), no other activity occurred on the Movants' case until on or about February 6, 2007, when Plaintiffs' Counsel received a letter from attorney David L. Gay of the Law Firm of Smith, Hulsey & Busey informing him that the State Court Action was proceeding in violation of 11 U.S.C. § 524 and the Confirmation Order due to the Movants' failure to timely file an application for administrative expense status on or

3

before January 5, 2007 (the "Administrative Claims Bar Date"). A copy of this correspondence is attached hereto as Exhibit B.

9. However, Mr. Orrill did not receive any notice of the Administrative Claims Bar Date. Indeed, neither the Movants (who were and continue to be displaced in Arkansas as a result of Hurricane Katrina), nor Mr. Orrill knew anything of the Winn-Dixie bankruptcy proceedings in Jacksonville, Florida.[1]

## MEMORANDUM OF LAW

It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (1968) (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr.S.D.Fla. 1994). Moreover, the Bankruptcy Code provides that "(a)n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." 11 U.S.C. § 503(a). In the case of a post-petition claim filed after a bar date, bankruptcy courts have used the "excusable neglect" standard of Fed. R. Bankr. P. 9006(b)(1) in the context of a Section 503(a) application for administrative expense. *See, In re: Bicoastal Corp.*, 147 B.R. 258 (MD. Fla. 1992); *In re: Reams Broad. Corp.*, 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993). In essence, the court is permitted to exercise its discretion "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the movant's control." *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.,* 507 U.S. 380 (1993)

---

[1] This is certainly not difficult to believe considering that a mere five months after the Movants' accident, Hurricane Katrina was, and continues to be the priority of the day in Orleans Parrish, Louisiana.

4

In *Pioneer*, the United States Supreme Court explicitly rejected a narrow interpretation of the term "excusable neglect" under Rule 9006(b)(1). *Id.* at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control"). A post-petition claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *See, Banco Lation International v. Lopez (In re: Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (*citing Pioneer*); *See also In re: Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997).

As noted previously by this Court, *Pioneer* mandates a "balancing test" of four considerations. *See, In re: Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). Those considerations include: (a) the reason for the delay and whether it was in control of the claimant; (b) the length of delay and potential impact on judicial proceedings; (c) the danger of prejudice to debtor; and (d) whether the claimant acted in good faith. *Id. at 646.*

**Movant's Failure to File Administrative Claim was Excusable Neglect**

**a.     Delay was Outside the Control of the Movants**.

As set forth above, neither Movants nor Mr. Orrill received any notice of an Administrative Claims Bar Date in the Winn-Dixie bankruptcy case. In fact, Mr. Orrill had no knowledge that Winn-Dixie had invoked the protection of the bankruptcy court at all. By contrast, Winn-Dixie and Sedgwick both had actual notice of the Movants' claims and the Movants' attorney of record well in advance of the Administrative Claims Bar Date; continued to defend against the Movants' claims in a typical manner as if

5

Winn-Dixie had not filed a petition for bankruptcy protection (e.g. did not inform Mr. Orrill of the imposition of the automatic stay after the Petition Date); and did not inform Plaintiffs' Counsel that this Court had exclusive jurisdiction over the Movant's claims. Neither the Movants nor Mr. Orrill had any reason to believe it was necessary to apply to this Court for resolution of the claims asserted by the Movants in the State Court Action until Mr. Orrill received correspondence from Winn-Dixie's bankruptcy counsel (Exhibit B). As attested to by affidavit of R. Ray Orrill, Esq. with the law firm of Orrill, Cordell & Beary, LLC, 1010 Common St., 31st Floor, New Orleans, Louisiana 70112 (the "Plaintiffs' Firm"), Mr. Orrill had no knowledge of the Administrative Claims Bar Date or of the Winn-Dixie bankruptcy proceeding. A copy of the affidavit is attached hereto as Exhibit C. As such, the delay in filing the Application was not within the control of the Movants.

      **b.**    **Length of Delay and Potential Impact on Judicial Proceedings**

The Application is being filed promptly after the Plaintiffs' Firm received correspondence from Winn-Dixie's bankruptcy counsel. Because, *inter alia*, the Court has confirmed Winn-Dixie's Plan of Reorganization approved by the Winn-Dixie's creditors, the judicial proceedings in this case will not be affected substantially if the Court grants this Motion.

      **c.**    **Prejudice to the Debtors**

There can be little, if any, prejudice to Winn-Dixie if the Application is deemed timely filed. Winn-Dixie had actual notice of the Movants' personal injury claims prior to the January 5, 2007 bar date. Indeed, Winn-Dixie, through its defense counsel, engaged in significant discussions with Mr. Orrill (or his firm) regarding the value of the

6

Movants' claims <u>and</u> has had an opportunity to independently evaluate the evidence against it through the discovery process afforded by the State Court Action. Winn-Dixie knew the extent of any potential monetary exposure the Movants' claims presented prior to filing its Joint Plan of Reorganization, which provided for treatment of the Movants' claims.

Moreover, allowing the Application will not deprive the Winn-Dixie of its ability to defend against the Movants' claims on the merits; on the other hand, <u>not</u> allowing the Application will deprive the Movants any and all recourse for their claims.

### d.     The Movants' Application is Filed in Good Faith

The Movants' actions in this case were, without question, undertaken in good faith. At no point have the Movants delayed the reorganization process or otherwise "sat on their rights", and there is and can be no suggestion that they have acted improperly in any fashion. Similarly, Mr. Orrill's inadvertent failure to file the Application prior to the Administrative Claims Bar Date cannot be attributed to him or to the Movants. Instead, the failure was an honest mistake resulting from Movants' and Mr. Orrill's (and his firm) failure to receive any notice of the claims bar date.[2]

### Conclusion

Each of the foregoing equitable considerations weighs heavily in favor of the granting of the relief sought in this Motion. The treatment of the Movants' Application as timely- filed will permit their claims to be resolved on its merits. Such relief will in no way prejudice Winn-Dixie, Inc. or its Affiliated Debtors, and will serve to protect the

---

[2]     It should be also noted that there are apparently a number of claims in Louisiana where, similarly, neither claimants nor their counsel received notices of the Administrative Claims Bar Date, post-Hurricane Katrina.

7

Movants' rights to recover for their damages, and is consistent with the letter and policy of the United States Bankruptcy Code.

**Wherefore,** Joanna Naquin and Lloyd Naquin request that the Court enter an order:

    (A)   deeming the Application attached as Exhibit "A" timely filed;

    (B)   granting the Movants' any such other and further relief to which they may be entitled.

Dated: May 13, 2007

                            **WILCOX LAW FIRM**

                            /s/Brett A. Mearkle
                            Brett A. Mearkle
                            Fla. Bar. No. 644706
                            6817 Southpoint Parkway
                            Suite 1302
                            Jacksonville, Florida 32216

## CERTIFICATE OF SERVICE

      I hereby certify that on May   13  , 2007 I filed this **MOTION OF JOANNA NAQUIN AND LLOYD NAQUIN FOR LEAVE TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq., and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

                            /s/Brett A. Mearkle

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., et al.,<br><br>          Debtors. | Case No.: 3-05-bk-3817 (JAF)<br><br>Chapter 11<br><br>Jointly Administered |

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS AND REQUEST FOR SERVICE OF JOANNA NAQUIN AND LLOYD NAQUIN

     Now Comes Joanna and Lloyd Naquin (the "Applicants"), and seeks administrative expense status for their post-petition claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Specifically, Applicants request the entry of an order allowing the administrative expense described below and directing payment of such amount pursuant to the Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Doc.12440) and the provisions of the Debtors Joint Plan of Reorganization as confirmed. In support of their Application, the Applicants say:

### JURISDICTION AND VENUE

     1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

     2.     Winn-Dixie Stores, Inc. and its affiliated companies (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

     3.     On or about April 10, 2005, Joanna Naquin sustained personal injuries to her lower back, shoulders, left leg and left knee caused by Winn-Dixie Store # 1437, which is operated by Winn-Dixie Stores, Inc. (one of the Affiliated Debtors), located at 2841 South

Clairborne Avenue, New Orleans, Louisiana ("Winn-Dixie"). In addition, Lloyd Naquin suffered consortium damages resulting from the damages Joanna Naquin sustained as result of Winn-Dixie's negligence.

At the time of filing this Application, the Applicants have incurred more than $150,000.00 in damages, of which include, but is not limited to, medical bills and future medical expenses. It is anticipated that the Applicants claims for pain and suffering and loss of consortium may be well in excess of that amount. The Applicants can support through medical records and other evidence the damages they have sustained. The Applicants' damages may not be fully liquidated at this time.

### APPLICANTS' CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4.  It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (1968) (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr.S.D.Fla. 1994).

5.  In this instance, Applicants' claims arose from the business operations of Winn-Dixie after the Petition Date but prior to the Confirmation Order. As such, Applicants' claims are entitled to status as an administrative expense under 11 U.S.C. § 503(b), and the Applicants seeks the entry of an order granting administrative status for the Applicants' claims, as described herein.

### REQUEST FOR FUTURE NOTICE

Applicants request that all future pleadings and notices regarding or affecting Applicants' claim be served upon the undersigned counsel and:

Stephen D. Collins
Orrill, Cordell & Beary, LLC
412 W. University Avenue, Ste. 206
LaFayette, Louisiana 70506

**Wherefore,** based upon the foregoing, Applicants respectfully request that the Court enter an order granting administrative status for the claims described herein, and any and all other relief the Court may deem appropriate.

Respectfully Submitted,

## Wilcox Law Firm

/s/ Brett A. Mearkle
Brett A. Mearkle
Fla. Bar. No.644706
6817 Southpoint Parkway
Suite 1302
Jacksonville, Florida 32216

Stephen D. Collins
Orrill, Cordell & Beary, LLC
412 W. University Avenue, Ste. 206
LaFayette, Louisiana 70506

### CERTIFICATE OF SERVICE

I hereby certify that on May __13__, 2007 I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS AND REQUEST FOR SERVICE OF JOANNA NAQUIN AND LLOYD NAQUIN** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq., and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ Brett A. Mearkle

# EXHIBIT B

LAW OFFICES

# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
BEAU BOWIN
DAVID D. BURNS
STEPHEN D. BUSEY
CHARMAINE T. M. CHIU
ERIC W. ENSMINGER
J. RICE FERRELLE, JR.
EARL E. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
CHARLES H. KELLER
G. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
E. OWEN McCULLER, JR.
ERIC N. McKAY
MATTHEW P. McLAUCHLIN
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND M. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY RUSSELL
ELIZABETH M. SCHULE
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
LEE D. WEDEKIND, III
HARRY M. WILSON, III
ALLAN E. WULBERN

LLOYD SMITH
(1915-1987)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

February 6, 2007

Ray Orrill, Jr., Esq.
Orrill, Cordell, & Beary, LLC
1010 Common Street, 31st Floor
New Orleans, Louisiana 70112

    Re:    In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1, Chapter 11, Jointly Administered

            Joanna Naquin v. Winn-Dixie Stores, Inc., in the Civil District Court in and for Orleans Parish, Louisiana, Case No. 06-2904N

Dear Mr. Orrill:

       This firm represents Winn-Dixie Stores, Inc. in the referenced Chapter 11 proceedings.

       We have been advised that you are presently prosecuting the referenced state court action in violation of the Administrative Claims Bar Date established by the Bankruptcy Court in the referenced case. For the reasons set forth below, your continued prosecution of the state court action is in violation of the permanent injunction provisions of Section 524 of the Bankruptcy Code and the Bankruptcy Court's Confirmation Order.

       On February 21, 2005, Winn-Dixie Stores, Inc. and its affiliates (the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. On November 21, 2006, the Bankruptcy Court entered an order confirming the Joint Plan of Reorganization filed by the Debtors, as modified (the "Plan").

LAW OFFICES
# SMITH HULSEY & BUSEY

Ray Orrill, Jr., Esq.
February 6, 2007
Page 2

Pursuant to Section 1141(d) of the Code, the order confirming the Plan (the "Confirmation Order") discharged the Debtors from all debts arising prior to Confirmation, including all debts or claims arising against the Debtors between February 21, 2005 and November 21, 2006 ("Administrative Expense Claims"). Each creditor whose claim has been discharged is now barred, pursuant to Section 524(a) of the Code, from instituting or continuing any action or employing any process against the Debtors to collect or recover such debts. Any action taken or order entered with respect to any discharged debt without Bankruptcy Court authorization is void as a matter of law.

Pursuant to the Confirmation Order, an Administrative Claims Bar Date Notice was sent to all parties in interest, including your client, advising them that administrative expense claims must be filed with the Bankruptcy Court on or before January 5, 2007 and that the failure to do so would result in their claim being time-barred and relinquished. The Administrative Expense Claim Bar Date Notice was also published in national and regional newspapers.

No timely application for an administrative expense claim was filed by or on behalf of Ms. Naquin with the Bankruptcy Court. As a result, the claim she is now asserting in the referenced state court action is time-barred and relinquished as set forth in the Confirmation Order.

Accordingly, your continued prosecution of the state court action against the Debtor is in violation of Section 524 of the Code and the Bankruptcy Court's Confirmation Order. We therefore demand that you dismiss the referenced state court action on or before February 13, 2007, and that a copy of such dismissal be served upon me. If we do not receive a dismissal notice by February 13, we will file a complaint against you and your client in the Bankruptcy Court for sanctions and take such other actions as are appropriate.

Please call me if you have any questions regarding this matter.

Very truly yours,

David L. Gay

By facsimile and mail
(504) 299-8735
c: Clare Trinchard, Esq.
DLG/tlc/00557100

# EXHIBIT C

AFFIDAVIT OF R. RAY ORRILL, JR.

Before me the undersigned authority personally appeared R. Ray Orrill, Jr., being duly sworn did depose and say as follows:

1. I, R. Ray Orrill, Jr., Louisiana Bar No. 10239 and the Law Firm of Orrill, Cordell & Beary, L.L.C. (the "Law Firm") were retained by Joanna Naquin and Lloyd Naquin (the "Naquin's") on May 9, 2005 in connection with a personal injury incident that occurred on April 10, 2005 at the Winn-Dixie Store located at 2841 South Claiborne Avenue, New Orleans, Louisiana.

2. Shortly after I was retained by the Naquins, but before August 29, 2005, the Law Firm had been in contact with Sedgwick Claims Management Services, Inc. ("Sedgwick"), the third party administrator for Winn-Dixie, for the purpose of exchanging contact information and to reach a possible settlement for the Naquin's claims prior to the filing of a Petition for Damages for Personal Injuries. At no time during any of these discussions between the Law Firm and Sedgwick did Sedgwick inform the Law Firm that Winn-Dixie Inc. had filed a petition for relief under Ch. 11 of the United States Bankruptcy Code. The Law Firm and Sedgwick exchanged information regarding the Naquin's claims, which included, but was not limited to contact information and the location of the Naquins before August 29, 2005.

3. On August 29, 2005, Hurricane Katrina devastated the parishes of Orleans, Jefferson, St. Tammany, St. Bernard and Plaquemines. As a result, I, as well as the Law Firm, was temporarily relocated to Baton Rouge, Louisiana. The Naquins were displaced to Arkansas.

4. On April 5, 2006, a Petition for Damages for Personal Injuries was filed in the Civil District Court for the Parish of Orleans, Louisiana by the Law Firm on behalf of the Naquins' seeking redress against Winn-Dixie in the case styled *Joanna Naquin and Lloyd Naquin versus Winn Dixie Louisiana, Inc., d/b/a Winn-Dixie Store # 1437, Case No. 2006-2904, Division "N"* (the "Louisiana Case").

5. Neither I, nor did any member of the Law Firm received any notice from Sedgwick or Winn-Dixie Inc. that Winn-Dixie filed a petition for relief under Ch. 11 of the United States Bankruptcy Code or the imposition of the automatic stay; an affirmative defense of dischargeability due to bankruptcy was not affirmatively plead in Winn-Dixie's answer in the Louisiana Case.

7. At all times pertinent, it was my understanding from the representations of Winn-Dixie, through its defense counsel, Trinchard & Trinchard, LLC, that the Louisiana Case was properly prosecuted and proceeding in Civil Court in Orleans Parrish, Louisiana.

8. I, nor the Law Firm, was given notice of the Winn-Dixie Bankruptcy Case, the Confirmation Order, or the Administrative Claims Bar Date until I received correspondence from David Gay on February 16, 2007.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

9. Due to the representations of Winn-Dixie, through its defense counsel, Trinchard & Trinchard LLC, in the Louisiana Case, coupled with the fact that no notice was given to me or the Law Firm of the Winn-Dixie Bankruptcy Case, and because the Naquins were (and continue to be) displaced in Arkansas, and thus did not receive notice of the Administrative Claims Bar Date, the Administrative Claims Bar Date did not come to my or the Law Firm's attention until after February 12th, 2007.

Every statement contained in the above and foregoing affidavit is true and correct to the best of my knowledge as of this 10th day of May, 2007.

_____
R. Ray Orrill, Jr.

Sworn and subscribed before me on this the 10th day of May, 2007.

_____
Notary Public
Aaron Ahlquist #29063