IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE: | * * * | CASE NUMBER: |
| WINN-DIXIE STORES, INC., et al | * * | 05-03817-3F1 |
| Debtors, | * * * |  |

**CLAIMANT'S MOTION TO SCHEDULE OMNIBUS HEARING
REGARDING MOTION TO ALLOW A LATE FILED ADMINISTRATIVE CLAIM**

Comes now SIBYL E. HESTER, (hereinafter referred to as "Claimant"), and requests the Court schedule an omnibus hearing on her late filed administrative claim and, as grounds therefore, states as follows:

1.   Claimant suffered an injury on the premises of a Winn-Dixie store in Mobile, Alabama on November 3, 2005.

2.   On Wednesday, December 6, 2006, a Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims, (hereinafter referred to as "Bar Notice"), was issued by this Court which established a bar date of January 5, 2007 for administrative expense applications. Apparently, the Claimant's counsel received the Bar Notice from the Court on Monday, December 11, 2006. (See Affidavit of Claimant's counsel attached hereto as Exhibit "A"). A copy of the Bar Notice is attached hereto as Exhibit "B". (Claimant's counsel's

1

      office date-stamps the date of all mail received at the bottom of the page as reflected).

3. Claimant did not file her Motion for Extension of Time to File Claim and Request for Relief from Stay until February 1, 2007. (It should be noted that Claimant forwarded her claim via Federal Express to the Bankruptcy Court on January 30, 2007 but, because the claim was not filed via the Court's electronic filing system, the claim was rejected and/or dismissed).

4. Winn-Dixie asserts that the Claimant's claim is barred by the Bar Notice, and Section 524 of the U.S. Bankruptcy Code.

5. Rule 9006(b)(1) of the Bankruptcy Rules states, in pertinent part, as follows:

> ... when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion... (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of <u>excusable neglect</u>.

(Emphasis added).

6. The United States Supreme Court has identified several factors which should be considered when determining whether or not a party's neglect of the bar date is "excusable". <u>Pioneer Investment Services Company v. Brunswick Associated Limited Partnership</u>, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74, 61 USLW 4263 (1993). Foremost, the <u>Pioneer</u> Court determined that the decision of what is considered to be "excusable" neglect should be the determination is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission". <u>Id</u>. 507 U.S. 380 at p.

395. The other factors which the <u>Pioneer</u> Court said should be considered are: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; and (3) the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.  <u>Id</u>.

7. In the case at bar, there is absolutely no danger of prejudice to the debtor, Winn-Dixie.  Of significance is the fact that this is a Chapter 11 reorganization bankruptcy proceeding, as opposed to a Chapter 7 dissolution and distribution proceeding.  In Chapter 7 proceedings, the goal is the prompt closure and distribution of the debtor's assets.  Under Chapter 11, the goal is one "of rehabilitating the debtor and avoiding forfeitures by creditors".  <u>Id</u>.  507 U.S. 380 at p. 389.

8. Winn-Dixie cannot complain that the Claimant's delay in filing this claim had any impact on the judicial proceedings.  In fact, it appears that, for whatever reason, the Bar Notice gave Claimants an inordinately short period of time in which to file a claim.  That is, the Bar Notice was mailed on Wednesday, December 6, 2006.  The Bar Notice was not delivered to Claimant's counsel until Monday, December 11, 2006.  This gave Claimant only 17 actual business days in which to file her claim, (given the Federally recognized holidays of December 25th, January 1st, and January 2nd during that period).  In actuality, the Claimant's counsel's office closed for the Christmas holiday on December 22, 2006, and did not reopen until December 27, 2006.  Claimant's counsel's office closed again on December 29, 2006 for the New

Years holiday, and did not reopen until January 2, 2007. Therefore, Claimant's counsel actually had only 14 business days in which to file the claim.

9. Claimant's counsel does not deny that his office received the Bar Notice on December 11, 2006. However, for unknown reasons, counsel, himself, never saw the Bar Notice until after he was advised by local defense counsel of this bankruptcy proceeding on January 30, 2007. It was on January 30, 2007 that Claimant's counsel located the Bar Notice and took immediate action to file a claim.

10. The Claimant's claim was actually filed on February 1, 2007, which was 25 actual days late, (19 business days late, and within 52 days of receipt of the Bar Notice). Importantly, Claimant's counsel was not acting in bad faith in not filing the claim. Claimant's counsel simply did not see the Bar Notice, and was not aware of Winn-Dixie's pending bankruptcy proceeding, until Winn-Dixie's counsel advised Claimant's counsel on January 30, 2007 that the Claimant's claim was not timely filed.

11. As soon as Claimant's counsel was aware of Winn-Dixie's bankruptcy proceeding, he filed a claim on behalf of the Claimant.

12. The undersigned counsel has contacted counsel for Winn-Dixie on numerous occasions, requesting that counsel schedule an omnibus hearing as requested herein. Despite repeated requests for such hearing, Winn-Dixie's counsel has failed and/or refused to respond to said requests.

WHEREFORE, the Claimant, SIBYL E. HESTER, requests an Order scheduling a single omnibus evidentiary hearing.

        EATON G. BARNARD & ASSOCIATES, P.C.
        Attorney for Claimant, SIBYL E. HESTER

        s/ *Eaton G. Barnard*
        EATON G. BARNARD
        1904 Dauphin Island Parkway
        Mobile, Alabama  36605
        (251) 478-6899
        (251) 478-7198 - Fax
        eaton@ebarnardlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 14th day of May, 2007 electronically filed the foregoing document with the Clerk of the Court using the electronic filing system, and acknowledge that a copy of same will be forwarded via electronic transmission to all counsel of record in this case.

        s/ *Eaton G. Barnard*
        EATON G. BARNARD
        EATON G. BARNARD & ASSOCIATES, P.C.
        Attorney for Claimant, SIBYL E. HESTER

**EXHIBIT "A"**

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | CASE NUMBER: |
| WINN-DIXIE STORES, INC., et al | * | 05-03817-3F1 |
| | * | |
| Debtors, | * | |
| | * | |

**AFFIDAVIT OF EATON G. BARNARD**

STATE OF ALABAMA    )
COUNTY OF MOBILE    )

Personally appeared before me, the undersigned Notary Public, the Affiant, EATON G. BARNARD, who, after being duly sworn on oath, does hereby state as follows:

1. My name is EATON G. BARNARD. I am a licensed practicing attorney in the State of Alabama. I am over the age of nineteen (19) years and, otherwise, competent to provide the testimony herein.

2. I am counsel of record for the Claimant, SIBYL E. HESTER, who is the Plaintiff in the case styled <u>Sibyl E. Hester v. Winn-Dixie</u>, bearing case number CV-2006-001085-SHS pending in the Circuit Court of Mobile County, Alabama.

3. The case of <u>Sibyl E. Hester v. Winn-Dixie</u> was referred to me on November 8, 2006. On November 9, 2006, I filed a Notice of Appearance on behalf of the Plaintiff, Sibyl E. Hester, in the Circuit Court of Mobile County, Alabama.

4. On November 14, 2006, I wrote a letter to Ms. Hester's treating physician

      requesting an impairment rating and restrictions.

5. On November 22, 2006, I dictated letters to Ms. Hester's health insurance carrier, and I prepared a settlement demand letter on behalf of Ms. Hester which was sent to Winn-Dixie's counsel on that date.

6. On November 27, 2006, November 28, 2006, and November 29, 2006, I worked on preparing a responses to Winn-Dixie's Motion for Summary Judgment, and the response was filed with the Court on November 29, 2006.

7. On December 1, 2006, a hearing was held on Winn-Dixie's Motion for Summary Judgment.

8. On December 5, 2006, I called Winn-Dixie's counsel, who was not available, and I left him a message concerning the case and the Court's ruling.

9. On December 5, 2006, I sent a letter to Winn-Dixie's counsel with a copy of the subrogation claim letter from Ms. Hester's health insurance carrier.

10. Between December 11, 2006 and January 29, 2007, I made, at least, two calls to Winn-Dixie's counsel concerning a response to Ms. Hester's settlement demand. I never received a response to any of my phone calls until January 30, 2007. Up until January 30, 2007, at no time did Winn-Dixie's counsel mention Winn-Dixie's pending bankruptcy proceeding, or anything related to the pending bankruptcy.

11. On January 30, 2007, when I spoke to Winn-Dixie's counsel, it was at that time that I was first made aware of the fact that (a) Winn-Dixie was in bankruptcy, (b) there was a deadline for filing claims, and (c) we had missed the deadline for filing claims.

12. On January 30, 2007, I contacted several bankruptcy lawyers in an attempt to determine the process for filing an administrative claim. I drafted an administrative claim and forwarded it to the Bankruptcy Court via Federal Express on January 30, 2007. On January 31, 2007, I faxed a copy of the administrative claim to the Bankruptcy Court, and was told that the Bankruptcy Court would accept neither a paper version or a faxed version of the claim and, in fact, both filings were rejected and/or dismissed because they were submitted to the Court in improper form.

13. On January 31, 2007 and February 1, 2007, I made application to the United States Bankruptcy Court for the Middle District of Florida to e-file documents with the Court. After I qualified for e-filing documents in that Court, I e-filed our request for an extension to file a late claim.

14. It appears that the notice of the bar date was sent to my office on January 5, 2006, and was received in my office on December 11, 2006. However, I did not see the notice, or know that the notice had been sent to my office, until January 30, 2007, when I reviewed the file personally, and found the notice in the pleadings portion of my file.

15. As evidenced by the actions I took in this file, at no time did I intend to delay filing a notice of claim or, in any way, act without due diligence with regard to my client or her case.

Further Affiant saith not.

*s/ Eaton G. Barnard*
EATON G. BARNARD, Affiant

STATE OF ALABAMA )
COUNTY OF MOBILE )

    I, the undersigned Notary Public in and for said State and County, hereby certify that EATON G. BARNARD, whose name is signed to the foregoing Affidavit, and who is known to me, after being duly sworn, acknowledged before me on this day that, being informed of the content of said Affidavit, he executed the same voluntarily on the day the same bears date.

    Sworn to and subscribed before me this the 14th day of May, 2007.

(SEAL)            *s/ Angelee M. Glasscock*
                NOTARY PUBLIC
                My Commission Expires: 08/03/2010

EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al.,[1] | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

NOTICE OF (A) ENTRY OF ORDER CONFIRMING PLAN OF REORGANIZATION,
(B) OCCURRENCE OF EFFECTIVE DATE OF PLAN, AND (C) BAR DATES FOR FILING CLAIMS
ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS

TO:   ALL PARTIES IN INTEREST

PLEASE TAKE NOTICE THAT:

1.   On November 9, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") entered its Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order"). Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated August 9, 2006, as modified by the First Modification to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated October 10, 2006 (together, the "Plan"). Copies of the Confirmation Order and the Plan may be obtained by accessing http://www.loganandco.com or http://www.flmb.uscourts.gov.

2.   The conditions to consummation of the Plan set forth in Section 10.2 of the Plan were satisfied (or waived) on November 21, 2006. Thus, in accordance with the terms of the Plan, the Plan became effective on November 21, 2006 (the "Effective Date"). All references in the Plan and the Confirmation Order to the Effective Date are to November 21, 2006.

3.   In accordance with Section 12.1 of the Plan, subject to the provisions of paragraph 4 below, all requests for payment of an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006, (other than as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4, or 12.5 of the Plan) must be made by application filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors and the Post-Effective Date Committee **no later than January 5, 2007**, which is the date forty-five (45) days after the Effective Date. The filing of an application must be made via the Bankruptcy Court's electronic filing procedures (electronic filing is mandatory for all attorneys) or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202. The service of an application on counsel for the Reorganized Debtors must be made by delivery of a copy upon James Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: jpost@smithhulsey.com; and service of an application on counsel for the Post-Effective Date Committee must be made by delivery of a copy upon Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com. In the event that the Reorganized Debtors object to an application, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. **Subject to the provisions of paragraph 4 below, an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006 that is not asserted in an application filed and served no later than January 5, 2007, shall be forever barred and deemed waived and relinquished in full, and the Reorganized Debtors shall have no obligation to pay such Claim.**

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

RECEIVED DEC 1 1 2006

4. Notwithstanding the provisions of paragraph 3, (a) no application seeking payment of an Administrative Claim or any Claim arising between February 21, 2005 and November 21, 2006 is required with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business; provided, however, that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; and (b) no application is required with respect to Cure owing under an executory contract or unexpired lease if the amount of Cure is fixed or proposed to be fixed by order of the Bankruptcy Court pursuant to a motion to assume and fix the amount of Cure filed by the Debtors and a timely objection asserting an increased amount of Cure filed by the non-Debtor party to the subject contract or lease.

5. In accordance with Section 12.2(a) of the Plan, all final requests for payment of Professional Fee Claims pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Reorganized Debtors, their counsel, counsel to the Creditors Committee or the Post-Effective Date Committee, the fee examiner, and other necessary parties-in-interest no later than January 22, 2007, which date is sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. No hearing shall be held on an application for a Professional Fee Claim until the fee examiner has completed and filed a report with respect to the Professional Fee Claim. Objections to such applications must be filed and served on the Reorganized Debtors, their counsel, and the requesting Professional or other entity on or before the date that is thirty (30) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the later of (i) the date on which the applicable application was served or (ii) the date on which the fee examiner's report with respect to the applicable Professional Fee Claim was filed.

Dated: December 6, 2006

D. J. Baker  
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP  
Four Times Square, New York, New York 10036  

Co-Counsel for Reorganized Debtors

Stephen D. Busey  
James H. Post, Cynthia C. Jackson, Leanne Prendergast  
SMITH HULSEY & BUSEY  
225 Water Street, Suite 1800, Jacksonville, Florida 32202  

Co-Counsel for Reorganized Debtors

**IF YOU HAVE QUESTIONS CONCERNING THIS NOTICE, PLEASE CONTACT:**

LEGAL ASSISTANT  
SMITH HULSEY & BUSEY  
PHONE: 904-359-7850  
EMAIL: tcopeland@smithhulsey.com

WDX-538197-EF-BA

ID Number: A511213691-0001-01

HESTER SIBLY  
C/O EATON G. BARNARD, ESQ.  
EATON BARNARD AND ASSOC PC  
1904 DAUPHIN ISLAND PKWY.  
MOBILE AL 36605