UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| WINN-DIXIE STORES, INC., *et al*., ) | Case No. 3:05-bk-003817-JAF | |
| ) | Chapter 11 | |
| Debtors. ) | Jointly Administered | |
| _____) | | |

MOTION FOR
RELIEF FROM ORDER DISALLOWING
CLAIM OF LEAH BROWN (PROOF OF CLAIM # 12825)

The personal injury claimant, Leah Brown ("Claimant"), by her undersigned attorneys, pursuant to the provisions of Fed.R.Bank.P. 9024 and Fed.R.Civ.P. 60(b), moves for relief from the court's order entered on August 24, 2006 (Dkt. # 10543), disallowing her Proof of Claim No. 12825. The grounds for this requested relief, stated with particularity, are as follows:

       1.      Claimant sustained personal injuries as a result of a "slip and fall" accident on May 14, 2004, while shopping at a Winn-Dixie store in Sebring, Florida.

       2.      The debtors filed these bankruptcy cases on February 21, 2005. The debtors scheduled Claimant as a creditor in the cases.

       3.      The Claimant filed Proof of Claim No. 12825 on account of the claim. Although Claimant filed the proof of claim some five months after the claims bar date, the Claimant is contemporaneously filing her Motion to Allow Late Filed Claim, which requests that the court deem the claim to be timely filed.

4. On June 22, 2006, the debtors filed an omnibus objection to claims (Dkt. # 8702). The debtors included Claimant's Proof of Claim No. 12825 among the claims to which they made objection. The grounds alleged in the objection as to Claimant's claim were "No Liability – Disputed Claim; Insufficient Proof of Claim Documentation; Late Claim."

5. The omnibus objection contained a legend calling for a response and noticing a hearing for August 24, 2006.

6. Claimant neither filed a response nor appeared at the hearing. As a consequence, the court entered an order on August 24, 2006 (Dkt. # 10543), which included Claimant's Proof of Claim No. 12825 among the claims disallowed by default.

7. By this motion, Claimant seeks relief from the order disallowing her claim and requests that the court enter an order vacating as to her claim the order of August 24, 2006 (Dkt. # 12825).

8. In support of this motion, Claimant is contemporaneously filing her Response to Debtors' Objection to Claim of Leah Brown (Proof of Claim # 12825). In that response, Claimant sets forth the details of her claim in the "Liability and Damages Narrative" attached to the response as Exhibit A. The response demonstrates that the basis of the debtors' objection – "No Liability – Disputed Claim; Insufficient Proof of Claim Documentation" – is baseless. In addition, before the debtors made their objection to Claimant's claim, Claimant had provided to debtors' claims agent information and documentation as to the claim as required by the court's ordered claims

resolution procedure. For these reasons, Claimant has demonstrated that she has a meritorious claim.

9. As shown in Claimant's Motion to Allow Late Filed Claim, which she is contemporaneously filing, the debtors' objection based upon "Late Claim" is also meritless.

10. In support of this motion, Claimant is contemporaneously filing the Declaration of Thomas J. DeBari, who is one of Claimant's undersigned attorneys. The Declaration demonstrates "mistake," "inadvertence," or "excusable neglect" and "other [good] reason," within the meaning of Fed.R.Bank.P. 9024 and Fed.R.Civ.P. 60(b)(1) and (6), justifying relief from the order disallowing Claimant's claim.

11. Claimant is filing this motion within a reasonable time after the entry of the August 24, 2006, order disallowing her claim and well before one year after the entry of that order, all as required by Fed.R.Civ.P. 60(b), notwithstanding the fact that Fed.R.Bank.P. 9024 specifically provides that a motion "for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b)." Although Claimant has entitled this motion as "Motion for Relief from Order Disallowing Claim," it is in fact a motion seeking reconsideration of an order disallowing her claim that was entered without a contest and by default.

12. In these circumstances, the debtors, the estates, and other creditors have suffered no prejudice if the court enters an order vacating the order disallowing Claimant's claim and allowing her to litigate the merits of the claim. The debtors have

known about Claimant's claim since before they filed their bankruptcy cases. As a review of the docket activities in these cases reveals, the debtors have only recently begun to deal with claims issues, and there remain many unresolved and disputed claims. The relief Claimant seeks here will simply allow her claim to be treated and dealt with the others.

13. As a matter of fundamental fairness and equity, Claimant's claim should be determined on its merits rather than on the "technicality" of her failure to file a response to the debtors' meritless objection to her claim and the entry of an order disallowing her claim by default. Indeed, the debtors, the estates, and other creditors would gain an unjustified windfall if Claimant's claim were to be disallowed in these circumstances.

WHEREFORE, the Claimant prays that the court will grant her motion, grant relief from the order disallowing her claim, and enter an order vacating as to her the order disallowing her claim entered on August 24, 2006 (Dkt. # 10543).

Respectfully submitted,

| | |
|---|---|
| Thomas J. DeBari | C. TIMOTHY CORCORAN, III, P.A. |
| tdebari@hdalaw.com | 400 N. Ashley Drive, Suite 2540 |
| Florida Bar No. 0952140 | Tampa, FL  33602 |
| HARBSMEIER, DeZAYAS, DeBARI, | (813) 769-5020 |
| HALEY-GLEASON & McCALL, LLP | (813) 769-5030 (fax) |
| 5116 South Lakeland Drive | ctcorcoran@mindspring.com |
| Post Office Box 6455 (33807) | Attorneys for Claimant |
| Lakeland, FL  33813 | |
| (863) 619-7330 | |
| (863) 619-7303 (fax) | By */s/ C. Timothy Corcoran, III* |
| | C. Timothy Corcoran, III |
| and | Florida Bar No. 0161248 |

4

PROOF OF SERVICE

       I certify that today I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that I have sent by U. S. Mail today a copy of the foregoing to any person listed below who will not receive from the Clerk a notice of electronic filing:

| | |
|---|---|
| Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL  32254-3699 | D. J. Baker, Esquire<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>Four Times Square<br>New York, NY  10036 |
| Cynthia C. Jackson, Esquire<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL  32202 | James H. Post, Esquire<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL  32202 |
| Dennis F. Dunne, Esquire<br>Milbank, Tweed, Hadley & McCloy, LLP<br>1 Chase Manhattan Plaza<br>New York, NY  10005 | John B. Macdonald, Esquire<br>Akerman, Senterfitt & Eidson, P.A.<br>50 North Laura Street, Suite 2500<br>Jacksonville, FL  32202 |
| Patrick P. Patangan, Esquire<br>Akerman, Senterfitt & Eidson, P.A.<br>50 North Laura Street, Suite 2500<br>Jacksonville, FL  32202 | Elena L. Escamilla, Esquire<br>Office of the United States Trustee<br>135 W. Central Boulevard, Suite 620<br>Orlando, FL  32806 |
| Logan & Company, Inc.<br>Claims Agent<br>546 Valley Road<br>Upper Montclair, NJ  07043 | Sedgwick Claims Management Services, Inc.<br>Post Office Box 24787<br>Jacksonville, FL  32241-4787 |

*May 17, 2007*                     */s/ C. Timothy Corcoran, III*
Dated                                   C. Timothy Corcoran, III