UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WINN-DIXIE STORES, INC., *et al*., | ) | Case No. 3:05-bk-003817-JAF |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

MOTION TO ALLOW LATE FILED CLAIM
OF LEAH BROWN (PROOF OF CLAIM # 12825)

The personal injury claimant, Leah Brown ("Claimant"), by her

undersigned attorneys, moves for an order deeming her Proof of Claim No. 12825 as

timely filed.  The grounds for this requested relief, stated with particularity, are as

follows:

1.      Claimant sustained personal injuries as a result of a "slip and fall"

accident on May 14, 2004, while shopping at a Winn-Dixie store in Sebring, Florida.

Claimant retained other attorneys, Burnetti, P.A., to represent her in her claim against

Winn-Dixie.  Claimant's attorneys put Winn-Dixie on notice of the claim.  Winn-Dixie

claims representatives and Claimant's attorneys communicated about the claim.

2.      The debtors filed these bankruptcy cases on February 21, 2005.

The debtors scheduled Claimant as a creditor in the cases and listed her address in care of

Burnetti, P.A.

3.      On February 7, 2005, the undersigned Thomas J. DeBari and the

law firm of Harbsmeier, DeZayas, DeBari, Haley-Gleason & McCall, LLP, replaced the

Burnetti firm in Claimant's representation.  In early May 2005, Mr. DeBari gave notice to Winn-Dixie that he and his firm had assumed Claimant's representation and began a series of correspondence and telephone calls with Winn-Dixie, Logan & Company, Inc. (Winn-Dixie's claims agent), and Sedgwick Claims Management Services, Inc. (Winn-Dixie's claims management agent) that continued through June 2006 in an attempt to negotiate a settlement of the claim.  On October 28, 2005, Mr. DeBari mailed to the claims agent a "claims questionnaire" on Claimant's behalf pursuant to the court's ordered claims resolution procedure.

4.      The court set August 1, 2005, as the claims bar date in these cases.

5.      The first time Mr. DeBari or anyone at his firm learned of this claims bar date was on October 27, 2005, when the Claimant herself brought to Mr. DeBari's offices the pre-printed proof of claim form that had been addressed to her former attorneys.  Despite giving notice to Winn-Dixie and its claims representatives of Mr. DeBari's involvement in the case as Claimant's attorneys in early May 2005, neither the debtors nor their agents informed Mr. DeBari of the claims bar date.

6.      Mr. DeBari completed a proof of claim on Claimant's behalf and mailed it to the claims agent with a cover letter dated December 28, 2005.  Claimant's proof of claim was assigned No. 12825.

7.      In these circumstances, the debtors were – and always were – on notice of Claimant's claim notwithstanding the fact the Claimant filed her proof of claim some five months after the claims bar date.

2

8.      In these circumstances, Claimant's late filing is excusable. Alternatively, the correspondence and communications between Claimant's attorneys and debtors' agents about the claim that occurred before the claims bar date constitute the filing by Claimant of an informal proof of claim.

9.      The fact that Claimant filed her proof of claim some five months after the claims bar date has caused no prejudice to the debtors, the estates, or other creditors.  As a review of the docket activities in these cases reveals, the debtors have only recently begun to deal with claims issues, and there remain many unresolved and disputed claims.  Deeming Claimant's claim to be timely filed will simply allow her claim to be treated and dealt with the others.

10.     As a matter of fundamental fairness and equity, Claimant's claim should be determined on its merits rather than on the "technicality" of being filed some five months late.  Concededly, claims bar dates serve and foster fundamental purposes of bankruptcy law and policy.  Nevertheless, strictly enforcing the claims bar date against Claimant in these circumstances fosters none of those purposes.  The debtors and their claims agents knew all about Claimant's claim and continued to process and negotiate it on its merits both before and after the claims bar date.  The court should simply allow that process to play itself out.

11.     The material facts alleged above are contained in the Declaration of Thomas J. DeBari, which the Claimant is filing contemporaneously in support of this motion.

3

WHEREFORE, the Claimant prays that the court will grant her motion

and enter an order deeming Proof of Claim No. 12825 as timely filed.

Respectfully submitted,

Thomas J. DeBari
tdebari@hdalaw.com
Florida Bar No. 0952140
HARBSMEIER, DeZAYAS, DeBARI,
HALEY-GLEASON & McCALL, LLP
5116 South Lakeland Drive
Post Office Box 6455 (33807)
Lakeland, FL  33813
(863) 619-7330
(863) 619-7303 (fax)

and

C. TIMOTHY CORCORAN, III, P.A.
400 N. Ashley Drive, Suite 2540
Tampa, FL  33602
(813) 769-5020
(813) 769-5030 (fax)
ctcorcoran@mindspring.com
Attorneys for Claimant


By */s/ C. Timothy Corcoran, III*
          C. Timothy Corcoran, III
          Florida Bar No. 0161248

4

PROOF OF SERVICE

       I certify that today I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that I have sent by U. S. Mail today a copy of the foregoing to any person listed below who will not receive from the Clerk a notice of electronic filing:

| | |
|---|---|
| Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL  32254-3699 | D. J. Baker, Esquire<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>Four Times Square<br>New York, NY  10036 |
| Cynthia C. Jackson, Esquire<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL  32202 | James H. Post, Esquire<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL  32202 |
| Dennis F. Dunne, Esquire<br>Milbank, Tweed, Hadley & McCloy, LLP<br>1 Chase Manhattan Plaza<br>New York, NY  10005 | John B. Macdonald, Esquire<br>Akerman, Senterfitt & Eidson, P.A.<br>50 North Laura Street, Suite 2500<br>Jacksonville, FL  32202 |
| Patrick P. Patangan, Esquire<br>Akerman, Senterfitt & Eidson, P.A.<br>50 North Laura Street, Suite 2500<br>Jacksonville, FL  32202 | Elena L. Escamilla, Esquire<br>Office of the United States Trustee<br>135 W. Central Boulevard, Suite 620<br>Orlando, FL  32806 |
| Logan & Company, Inc.<br>Claims Agent<br>546 Valley Road<br>Upper Montclair, NJ  07043 | Sedgwick Claims Management Services, Inc.<br>Post Office Box 24787<br>Jacksonville, FL  32241-4787 |

*May 17, 2007*
Dated

*/s/ C. Timothy Corcoran, III*
C. Timothy Corcoran, III