UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WINN-DIXIE STORES, INC., *et al*., | ) | Case No. 3:05-bk-003817-JAF |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

RESPONSE TO DEBTORS' OBJECTION TO
CLAIM OF LEAH BROWN (PROOF OF CLAIM # 12825)

The personal injury claimant, Leah Brown ("Claimant"), by her undersigned attorneys, responds to and opposes the debtors' objection to his Proof of Claim No. 12825 and states as follows:

1. Claimant filed Proof of Claim No. 12825 on account of a personal injury sustained by Claimant on May 14, 2004, at a Winn-Dixie store in Sebring, Florida.

2. Claimant provided information about the claim to the debtors' claims agent in accordance with the Claims Resolution Procedure required by the court. The debtors and Claimant, however, have not yet engaged in mediation as to the claim.

3. On June 22, 2006, the debtors filed an omnibus objection to claims and included Claimant's Proof of Claim No. 12825 in the schedule of claims to which they objected (Dkt. # 8702). The debtors objected to the claim on the grounds of "No Liability – Disputed Claim; Insufficient Proof of Claim Documentation; Late Claim."

4. For the reasons summarized in the attached Exhibit A, entitled "Liability and Damages Narrative," the claim has merit and debtors' objection to the merits of the claim and its documentation should be overruled.

5. For the reasons contained in the Motion to Allow Late Filed Claim, which Claimant is filing contemporaneously, the proof of claim should be deemed to be timely filed and the debtors' objection to the claim on that ground should be overruled.

6. In addition, Claimant requests that the court order the debtors to mediate the claim so that the parties can amicably resolve the dispute or, if not, so that Claimant may satisfy the court's prerequisites for moving for stay relief to liquidate the claim in state court.

Respectfully submitted,

Thomas J. DeBari
tdebari@hdalaw.com
Florida Bar No. 0952140
HARBSMEIER, DeZAYAS, DeBARI,
HALEY-GLEASON & McCALL, LLP
5116 South Lakeland Drive
Post Office Box 6455 (33807)
Lakeland, FL  33813
(863) 619-7330
(863) 619-7303 (fax)

and

C. TIMOTHY CORCORAN, III, P.A.
400 N. Ashley Drive, Suite 2540
Tampa, FL  33602
(813) 769-5020
(813) 769-5030 (fax)
ctcorcoran@mindspring.com
Attorneys for Claimant

By */s/ C. Timothy Corcoran, III*
    C. Timothy Corcoran, III
    Florida Bar No. 0161248

## PROOF OF SERVICE

    I certify that today I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that I have sent by U. S. Mail today a copy of the foregoing to any person listed below who will not receive from the Clerk a notice of electronic filing:

| | |
|---|---|
| Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL  32254-3699 | D. J. Baker, Esquire<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>Four Times Square<br>New York, NY  10036 |
| Cynthia C. Jackson, Esquire<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL  32202 | James H. Post, Esquire<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL  32202 |
| Dennis F. Dunne, Esquire<br>Milbank, Tweed, Hadley & McCloy, LLP<br>1 Chase Manhattan Plaza<br>New York, NY  10005 | John B. Macdonald, Esquire<br>Akerman, Senterfitt & Eidson, P.A.<br>50 North Laura Street, Suite 2500<br>Jacksonville, FL  32202 |
| Patrick P. Patangan, Esquire<br>Akerman, Senterfitt & Eidson, P.A.<br>50 North Laura Street, Suite 2500<br>Jacksonville, FL  32202 | Elena L. Escamilla, Esquire<br>Office of the United States Trustee<br>135 W. Central Boulevard, Suite 620<br>Orlando, FL  32806 |
| Logan & Company, Inc.<br>Claims Agent<br>546 Valley Road<br>Upper Montclair, NJ  07043 | Sedgwick Claims Management Services, Inc.<br>Post Office Box 24787<br>Jacksonville, FL  32241-4787 |

| | |
|---|---|
| *May 17, 2007*<br>Dated | */s/ C. Timothy Corcoran, III*<br>C. Timothy Corcoran, III |

EXHIBIT A
TO
RESPONSE TO DEBTORS' OBJECTION TO
CLAIM OF LEAH BROWN (PROOF OF CLAIM # 12825)

LIABILITY AND DAMAGES NARRATIVE

  Leah Brown is a 45-year-old female who sustained bodily injury on or about May 14, 2004, while a lawful business invitee on premises owned/possessed by Winn-Dixie Stores located in Sebring, Highlands County, Florida. According to our investigation Ms. Brown slipped and fell as a result of obscured standing water on the floor of the subject premises. Winn-Dixie, when questioned as to liability, sought to deflect a portion of culpability to its independent cleaning contractor, Best Choice Cleaning, Inc. Ms. Brown did settle her claims as to Best Choice Cleaning, Inc., for the gross amount of $48,250.00.

  Ms. Brown's initial injuries/aggravations included her right ankle, right knee, right hip, right shoulder, neck and left wrist.

  Immediately after the accident, Ms. Brown was transported to Highlands Regional Medical Center where she was prescribed Vicodin for pain and advised to continue care with her primary treating physician. Ms. Brown treated with a variety of providers including the Watson Clinic; First Health, Orthopedic Center of Brandon; Lakeland Open MRI; Chiropractic Center of Lakeland; and Brandon Ambulatory Surgery Center. Additionally, Ms. Brown underwent a regimen of massage therapy with Monica Edwards, L.M.T.

  Ms. Brown's primary treating orthopedic surgeon, Fabio Fiore, M.D., opined in his February 15, 2005, report that Ms. Brown sustained a permanent injury as a result of subject accident and, as a result, Ms. Brown underwent surgery to repair a right medial meniscus tear on February 24, 2005. Post-surgical convalescent plans included 15-20 physical therapy sessions at an approximate cost of $3,350.00 exclusive of medications, laboratory work and other diagnostic tests. Importantly, Dr. Fiore has also opined that Ms. Brown will require a total knee replacement in the near future due to the subject accident, the cost of which may vary greatly depending on the type of meniscus required and other unforeseeable complications. Dr. Fiore has been able to opine, however, that hospital charges alone could cost approximately $27,569.00 with total medical charges in the range of $60,000.00 to $85,000.00. Dr. Fiore further opined that Ms. Brown may require post-surgical physical therapy at the estimated rate of $175.00 per visit with approximately 28 recommended visits for a total or $4,900.00. Ms. Brown would also be unable to work, drive or perform routine household duties for approximately 6-8 weeks following her surgery.

At one point Ms. Brown's out-of-pocket medical expenses exceeded the sum of $33,000.00. These amounts have been paid from the settlement proceeds of the Best Choice Cleaning, Inc., claim.

Again, Ms. Brown was able to resolve her claims as they pertain to Best Choice Cleaning, Inc. Winn-Dixie, however, never tendered any settlement offer of substance and as such her claims as to Winn-Dixie remain unresolved.