UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Reorganized Debtors. ) | Jointly Administered |
| ) | |

**SECOND ORDER[1] CORRECTING ORDER DATED NOVEMBER 30, 2006, DOCKET NO. 12908, SUSTAINING DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS ARISING FROM UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY (I) THAT HAVE BEEN ASSUMED, (II) THAT HAVE BEEN ASSUMED AND ASSIGNED, OR (III) THAT ARE THE SUBJECT OF LEASE TERMINATION AGREEMENTS TO ATTACH AMENDED EXHIBITS 1 AND D**

These cases came before the Court for hearing on November 30, 2006, upon the Objection (the "Objection") of Winn-Dixie Stores, Inc. and its affiliates (collectively, the "Reorganized Debtors") to the proofs of claim listed on Exhibits A through D (collectively, the "Lease Claims"). Several formal and informal responses to the Objection were filed or raised (collectively, the "Unresolved Responses"), as a result of which the Reorganized Debtors have agreed to continue the Objection with respect to the claims listed on Exhibit 1, which claims have been removed from Exhibits A through D. Upon consideration, it is

ORDERED AND ADJUDGED:

1. The Objection is sustained.

---

[1] This order was previously corrected by an Order dated December 20, 2006. Exhibit A is amended to correct the Court Ordered Cure Amounts for Claim Nos. 8778 and 8779. Claim No. 8778 is allowed at $91,146.17 and Claim No. 8779 is allowed at $45,062.41.

2. The Fixed Assumed Lease Claims listed on Exhibit A shall be reclassified and treated as Administrative Claims fixed in the amounts set forth on Exhibit A, and shall be disallowed to the extent they exceed the approved cure amounts.

3. The Pending Assumed Lease Claims listed on Exhibit B shall be reclassified and treated as Administrative Claims to the extent such claims represent components of cure amounts to be approved by order of this Court, and shall be disallowed to the extent they exceed such cure amounts.

4. The Assigned Lease Claims listed on Exhibit C shall be disallowed.

5. The Terminated Lease Claims listed on Exhibit D shall be disallowed.

6. Each claim and the objections by the Reorganized Debtors to such claim as addressed in the Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order is deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by this Order.

7. Neither the Objection nor any disposition of the Lease Claims pursuant to this Order constitutes a waiver of the Reorganized

Debtors' right to pursue any potential Avoidance Action against any of the Claimants.

8. This Order is without prejudice to the Reorganized Debtors' right to file any further objection they may have to the Lease Claims, including objections on the ground that a Lease Claim was filed against the incorrect Reorganized Debtor or that the Reorganized Debtor against which the Lease Claim was filed should be modified.

Dated this __18__ day of ~~April~~ May, 2007 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

00548178.3