UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                    Chapter 11

WINN-DIXIE STORES, INC., et al.,                          Case No. 05-03817-3F1
                                                          Jointly Administered

     Reorganized Debtors.

_____/

## MOTION TO ENLARGE TIME FOR DENISE SYDNOR TO FILE AN APPLICATION FOR AN ADMINISTRATIVE EXPENSE CLAIM

Denise Sydnor ("Ms. Sydnor"), by and through her undersigned counsel, hereby files her Motion to Enlarge Time for Denise Sydnor to File an Application for an Administrative Expense Claim (the "Motion") and requests that this Court enlarge the time for her to file an application for an administrative expense claim. In support of her Motion, Ms. Sydnor represents as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. §157.

3.      Venue of the Debtors' Chapter 11 cases and this Motion in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

4.      The statutory predicates for the relief sought herein include Sections 105(a), 503(a), and 1141 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

5.     The Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005.

6.     On February 22, 2005, this Court entered an order jointly administering the Debtors' Chapter 11 cases under Case No. 05-03817-3F1.

7.     Pursuant to an order of this Court, Smith Hulsey & Busey ("Smith Hulsey") serves as counsel to the Debtors in their Chapter 11 cases.

8.     Sedgwick Claims Management Services Inc. ("Sedgwick") is the third party claims administrator for the Debtors. *See* June 27, 2006 letter from Katelyn Brim, Claims Examiner with Sedwick, to DCA Homes, Inc. ("Sedwick June 27 Letter") attached hereto as Exhibit A and incorporated herein by reference and June 29, 2006 letter from Katelyn Brim, Claims Examiner with Sedwick, to Randolph H. Strauss ("Sedgwick June 29 Letter") attached hereto as Exhibit B and incorporated herein by reference.

9.     Ms. Sydnor has an administrative expense claim against the Debtors in connection with a slip and fall which occurred as a result of a leaking faucet on the outside wall of Winn-Dixie store number 377 located at 4201 NW 88th Avenue in the Pine Plaza, Sunrise, Florida 33321 (the "Store"). *See* Affidavit of Denise Sydnor ("Sydnor Affidavit") attached hereto as Exhibit C and incorporated herein by reference.

10.     Immediately following the slip and fall, Ms. Sydnor was hospitalized and underwent surgery to repair her right elbow, more specifically, the transverse fracture through the olecranon process of the proximal ulna. *See* Sydnor Affidavit.

2

11.    On May 1, 2006, Ms. Sydnor retained Randolph H. Strauss (Mr. Strauss) of the Law Offices of Randolph H. Strauss, P.A. to file a lawsuit against the Debtors in connection with the injuries she sustained as a result of the slip and fall. *See* Affidavit of Randolph H. Strauss ("Strauss Affidavit") attached hereto as <u>Exhibit D</u> and incorporated herein by reference.

12.    Mr. Strauss did *not* file a notice of appearance or any other notice in the Debtors' bankruptcy cases directing the Debtors to provide notices to him in lieu of Ms. Sydnor. *See* Sydnor Affidavit and Strauss Affidavit.

13.    On May 19, 2006, Mr. Strauss sent a letter via facsimile and U.S. Mail to Katelyn Brim at Sedgwick advising the Debtors of Ms. Sydnor's administrative expense claim. *See* Strauss Affidavit and May 19, 2006 letter from Mr. Strauss to Katelyn Brim, Claims Examiner with Sedwick, attached hereto as <u>Exhibit E</u> and incorporated herein by reference.

14.    On June 27, 2006, Katelyn Brim of Sedgwick, on behalf of the Debtors, copied Mr. Strauss on a letter to DCA Homes, Inc., the Debtors' landlord at the Store (the "Landlord"), acknowledging Ms. Sydnor's claim and notifying the Landlord of Ms. Sydnor's claim. *See* Strauss Affidavit and Sedgwick June 27 Letter.

15.    On June 29, 2006, Katelyn Brim of Sedwick, on behalf of the Debtors, sent a letter to Mr. Strauss acknowledging Ms. Sydnor's claim. *See* Strauss Affidavit and Sedgwick June 29 Letter.

16.    The Debtors filed their Joint Plan of Reorganization on August 9, 2006 and their First Modification of Joint Plan of Reorganization on October 13, 2006

3

(collectively, the "Plan").

17.    The Plan was not served on Ms. Sydnor or Mr. Strauss.  *See* Sydnor
Affidavit and Strauss Affidavit.

18.    This Court entered an Order Confirming Joint Plan of Reorganization (the
"Confirmation Order") on November 9, 2006.

19.    January 5, 2007 was established as the administrative expense claims bar
date (the "Bar Date").

20.    The Debtors were required to serve notice of entry of the Confirmation
Order, the occurrence of the Effective Date of the Plan, and the bar date for filing
administrative expense claims upon all parties in interest.

21.    On December 6, 2006, ***one month after*** the Confirmation Order was
entered, the Debtors sent the Notice of (A) Entry of Order Confirming Plan of
Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing
Claims Arising Before Effective Date and Other Administrative Claims (the "Bar Date
Notice") to Logan & Company, Inc. ("Logan"), its notice agent, for service upon all
parties in interest.

22.    On December 18, 2006, Kathleen Logan ("Ms. Logan") of Logan filed a
Certificate of Service attesting that "on or about December 6, 2006" she mailed the Bar
Date Notice to the parties listed on Exhibit A attached to the Certificate of Service
[Docket No. 13200].  Mr. Strauss is listed on page 255 of Exhibit A attached to the
Certificate of Service, however, Mr. Strauss never received the Bar Date Notice.  In fact,
Mr. Strauss' office closed for the holidays on December 23, 2006 and did not reopen

4

until January 8, 2007, three days after the Bar Date. *See* Strauss Affidavit.

23.    The Debtors did not mail the Bar Date Notice to Ms. Sydnor. *See* Sydnor Affidavit and Exhibit A attached to Docket No. 13200.

24.    On March 16, 2007, Mr. Strauss filed a Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida against the Debtors, Pine Plaza of Sunrise, Inc., and Glacier Water, Inc. in connection with Ms. Sydnor's injuries from the slip and fall (Case No. CACE 07 05947 (09)) (the "State Court Action").

25.    The Debtors retained Adorno & Yoss, LLP ("Adorno") to represent them in the State Court Action.

26.    On April 13, 2007, David Gay ("Mr. Gay") of Smith Hulsey sent a letter to Mr. Strauss advising him that he was prosecuting the State Court Action in violation of the January 5, 2007 administrative expense claims bar date, Section 524 of the Bankruptcy Code, and the Confirmation Order.

27.    On April 16, 2007, Adorno filed an Answer and Affirmative Defenses on behalf of the Debtors in the State Court Action.

28.    On April 23, 2007, Mr. Strauss sent a letter to Mr. Gay requesting proof that the Bar Date Notice was served upon him and Ms. Sydnor.

29.    On April 26, 2007, Adorno filed in the State Court Action a Notice of Discharge of Debt and Prosecution of Action in Violation of 11 U.S.C. §524.

30.    On May 1, 2007, Mr. Gay sent a letter to Mr. Strauss advising him that Logan mailed the Bar Date Notice to him, on behalf of Ms. Sydnor, on or about

December 6, 2006. *See* Strauss Affidavit and May 1, 2007 letter from Mr. Gay to Mr. Strauss attached hereto as Exhibit F and incorporated herein by reference.

31.    Upon discovering the foregoing, Ms. Sydnor and Mr. Strauss promptly retained the undersigned counsel to file this Motion and an application on behalf of Ms. Sydnor for an administrative expense claim. A copy of Denise Sydnor's Application for Allowance and Payment of Administrative Expense Claim is attached hereto as Exhibit G and incorporated herein by reference.

### Relief Requested and Grounds Therefor

32.    By this Motion, Ms. Sydnor seeks the entry of an order enlarging the time for her to file an administrative expense claim against the Debtors.

33.    Injuries sustained from a post-petition tort committed by the debtor are entitled to administrative expense priority. *See Reading Co. v. Brown*, 391 U.S. 471 (1968). *See also, In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr. S.D. Fla. 1994). Since Ms. Sydnor's injuries occurred on April 22, 2006, fourteen (14) months after the Petition Date, but prior to confirmation of the Debtors' Plan, Ms. Sydnor's claim is entitled to administrative expense priority.

34.    Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court *for cause*." (emphasis added).

35.    The term "cause" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. However, the deadline provided in Section 503(a) of the Bankruptcy Code is not jurisdictional and the Bankruptcy Court has broad discretion to allow a tardy

administrative expense claim in the interests of justice.  *See In re Heartland Steel, Inc.*,

2003 WL 23100035 (Bankr. S.D. Ind. 2003).

36.     Ms. Sydnor submits that there are several grounds upon which this Court

could find cause to enlarge the time for her to file an administrative expense claim.

I.      **The Debtors Failed to Provide Denise Sydnor, a Known Creditor, With Actual Notice of the Bar Date**

37.     Known creditors are entitled to actual notice of the bar date.  *See In re*

*Anchor Glass Container Corporation*, 325 B.R. 892, 895 (Bankr. M.D. Fla. 2005); *In re*

*Hillsborough Holdings Corporation*, 172 B.R. 108, 111 (Bankr. M.D. Fla. 1994); *In re*

*The Charter Co.*, 113 B.R. 725, 727 (M.D. Fla. 1990); *In re R.H. Macy & Co., Inc.*, 161

B.R. 355, 360 (Bankr. S.D.N.Y. 1993) citing *City of New York v. New York, N.H. & H.R.*

*Co.*, 344 U.S. 293 296 (1953).  This is true even where the creditor may have actual

knowledge of the pendency of the bankruptcy.  *City of New York v. New York, N.H. &*

*H.R. Co.*, 344 U.S. 293 296 (1953).

38.     A known creditor is one whose identity is either known or "reasonably

ascertainable by the debtor.  *In re Anchor Glass Container Corporation*, 325 B.R. 892,

895 (Bankr. M.D. Fla. 2005) citing *Tulsa Professional Collection Ser., Inc. v. Pope*, 485

U.S. 478, 490 (1988).  A known claim arises from facts that would alert the reasonable

debtor to the possibility that a claim might reasonably be filed against it.  *In re Anchor*

*Glass Container Corporation*, 325 B.R. 892, 895 (Bankr. M.D. Fla. 2005).

39.     Rule 2002(g) of the Bankruptcy Rules reinforces the requirement that

known creditors are entitled to receive actual notice.  It provides that a debtor shall send

all notices directly to the creditor unless the creditor's agent directs otherwise in a request

filed with the Bankruptcy Court. *See* Rule 2002(g) of the Bankruptcy Rules. *See also, In re R.H. Macy & Co., Inc.*, 161 B.R. at 359 citing *In re Solvation, Inc.*, 48 B.R. 670, 673 (Bankr. D.Mass. 1985).

40.     The Debtors have had notice of Ms. Sydnor's claim since May 19, 2006, approximately eight (8) months prior to the bar date.  In fact, the Debtors retained Adorno to defend them in the State Court Action brought by Ms. Sydnor.  Accordingly, Ms. Sydnor is a known creditor.

41.     As a known creditor, the Debtors were required to provide Ms. Sydnor with actual notice of the Bar Date since Mr. Strauss did *not* file a notice of appearance or any other notice in the bankruptcy cases directing otherwise.

42.     The Debtors did not provide Ms. Sydnor with actual notice of the Bar Date. *See* Sydnor Affidavit and Exhibit A attached to the Certificate of Service filed by Kathleen Logan of Logan & Company, Inc. [Docket No. 13200].

43.     Instead, the Debtors waited a month after the Confirmation Order was entered before forwarding the Bar Date Notice to Logan for service upon Mr. Strauss. The Debtors' actions in failing to provide Ms. Sydnor, a known creditor, with actual notice of the Bar Date and delaying service to Mr. Strauss of the Bar Date Notice were calculated to take advantage of the fact that most businesses are closed for extended periods of time at the holidays.  Mr. Strauss never received the Bar Date Notice which was purportedly served upon him.  Mr. Strauss didn't learn that the Bar Date was January 5, 2007, until April 13, 2007, when he received a letter from Mr. Gay advising him that he was prosecuting the State Court Action in violation of the Bar Date.

44.     Courts have consistently ruled that when there is no notice of the claims bar date, a late claim is not barred. *In re Premier Membership Services, LLC*, 276 B.R. 709, 713 (Bankr. S.D. Fla. 2002).

45.     Therefore, the Debtors' failure to provide Ms. Sydnor, as a known creditor, with actual notice of the Bar Date is an independent and sufficient ground upon which this Court could find cause to enlarge the time for her to file an administrative expense claim.

46.     If the debtor knows of a creditor's claim and the debtor fails to give actual notice of the claims bar date, Section 1141 of the Bankruptcy Code does not discharge the debt of the creditor. *In re Anchor Glass Container Corporation*, 325 B.R. 892, 895-96 (Bankr. M.D. Fla. 2005) citing *In re Gencor Indus., Inc.*, 298 B.R. 902, 914-15 (Bankr. M.D. Fla. 2003) citing *In re Spring Valley Farms, Inc.*, 863 F.2d 832, 835 (11th Circ. 1989). Therefore, Ms. Sydnor's administrative expense claim is not discharged.

## II.     Ms. Sydnor's Failure to Timely File an Application for an Administrative Expense Claim Was the Result of Excusable Neglect

47.     Courts routinely apply the excusable neglect standard set forth in Bankruptcy Rule 9006(b)(1) in determining whether cause exists. *See In re Gottchalk*, 78 F.3d 593, 1996 WL 83877, *2 (9th Cir. 1996); *In re West Delta Oil Co.*, 2002 WL 506814, *4 (E.D. La. 2002); *In re Gurley*, 235 B.R. 626, 631-32 (Bankr. W.D. Tenn. 1999); *In re Reams Broadcasting Corporation*, 153 B.R. 520, 523 (Bankr. N.D. Ohio 1993); and *In re Aargus Polybag Co., Inc.* 172 B.R. 586, 589 (Bankr. N.D. Ill. 1994). *See e.g., In re Hillsborough Holdings Corporation*, 172 B.R. 108 (Bankr. M.D. Fla. 1994); *In re Bicoastal Corp.*, 147 B.R. 258, 261 (Bankr. M.D. Fla. 1992).

48.     Bankruptcy Rule 9006(b)(1) provides in pertinent part that:

. . . when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion. . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

49.     The Supreme Court of the United States held that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388 (1993). The determination, the Court held, is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Among the factors court should consider are: (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.*

50.     The claimant is not required to prove that the tardily filed administrative expense claim was due to extraordinary circumstances. *See In re Singson*, 41 F.3d 316, 318 (7th Cir. 1994) (analyzing Bankruptcy Rule 9006(b)(1) in the context of an application for compensation of special counsel for services rendered beyond those approved by court).

51.     Applying the excusable neglect standard set forth in Bankruptcy Rule 9006(b)(1) and *Pioneer* to the instant case, cause exists to enlarge the time for Ms. Sydnor to file an administrative expense claim.

**No Prejudice to the Debtors**

52.    There is no danger of prejudice to the Debtors in this case.  The Debtors were well aware of Ms. Sydnor's claim prior to the Bar Date.  The Debtors had been advised of the existence of Ms. Sydnor's claim on several occasions prior to the Bar Date.    In fact, the Debtors, through Sedwick, acknowledged the existence of Ms. Sydnor's claim.  The Debtors cannot acknowledge the existence of Ms. Sydnor's claim, not provide Ms. Sydnor with actual notice of the Bar Date, and then assert that her claim is barred.

53.    The Debtors may assert that the prejudice to them is significant because Ms. Sydnor's claim was not accounted for in the confirmed Plan.  This argument lacks merit because courts have held that there is no prejudice to a debtor where the plan does not set aside money to pay the claim at issue.  *See In re O'Brien Environmental Energy, Inc.,* 188 F.3d 116, 126 (3d Cir. 1999) ("We believe that *Pioneer* requires a more detailed analysis of prejudice which would account for more than whether the Plan set aside money to pay the claim at issue.  Otherwise, virtually all late filings would be condemned by this factor." citing *In re R.H. Macy & Co.*, 166 B.R. 799, 802 (S.D.N.Y. 1994)).

**Delay and Impact on Judicial Proceedings are Minimal**

54.    The length of delay in filing Ms. Sydnor's claim is minimal.  Once Ms. Sydnor discovered the Bar Date, she took immediate action to retain the undersigned counsel and rectify the situation.

55.    The delay will not impact the efficient administration of the Debtors' bankruptcy cases as Ms. Sydnor's application can be dealt with in the ordinary course of

11

the administration of the Debtors' bankruptcy cases along with all of the other timely filed applications.

### Delay Caused by Lack of Actual Notice to Ms. Sydnor and Was Not Within the Reasonable Control of Ms. Sydnor

56.    The delay in filing Ms. Sydnor's claim was caused by the Debtors' failure to provide Ms. Sydnor, a known creditor, with actual notice of the Bar Date.  Therefore, the delay was not within Ms. Sydnor's control.

### Ms. Sydnor Acted in Good Faith

57.    Ms. Sydnor has acted in good faith with respect to the assertion of her claim.  Through counsel, Ms. Sydnor provided the Debtors with notice of her claim and filed the State Court Action.  As soon as she learned from Mr. Strauss that Smith Hulsey was asserting that her claim was barred because she did not timely file an application for an  administrative expense claim with the Bankruptcy Court, she retained the undersigned counsel to prepare and file an application for an administrative expense claim and the instant Motion.

58.    It is the Debtors who appear not to have acted in good faith in this case. The Debtors failed to provide Ms. Sydnor, a known creditor, with actual notice of the Bar Date and waited a month after the Confirmation Order was entered before forwarding the Bar Date Notice to Logan for service upon Mr. Strauss.  The Debtors' actions in delaying service to Mr. Strauss of the Bar Date Notice were calculated to take advantage of the fact that most businesses are closed for extended periods of time at the holidays.  Mr. Strauss never received the Bar Date Notice which was purportedly served upon him and didn't learn that the Bar Date was January 5, 2007, until April 13, 2007, when he

received a letter from Mr. Gay advising him that he was prosecuting the State Court Action in violation of the Bar Date.

**III.      The Debtors Failed to Mail the Bar Date Notice to Creditors and Parties in Interest in Accordance with Rule 2002(f) of the Local Rules of Bankruptcy Procedure for the Middle District of Florida**

59.      Rule 2002-1(f) of the Local Rules of Bankruptcy Procedure for the Middle District of Florida provides that "[i]f the Court directs an attorney for a party to serve an order, it shall be served within three (3) days of its having been entered by the Court and the attorney shall thereafter promptly file a proof of such service in accordance with the provisions of Local Rule 7005-1."

60.      The Confirmation Order was entered by this Court on November 9, 2006. The Debtors waited nearly one month after the entry of the Confirmation Order to send the Bar Date Notice to Logan for service upon all parties in interest.  The Debtors' actions in delaying service of the Bar Date Notice for a month until the holiday season, whether intentional or not, has the appearance of taking advantage of the fact that most businesses are closed for extended periods of time at the holidays.  The Debtors' actions prejudiced the rights of holders of administrative expense claims.

61.      The Debtors' failure to serve the Bar Date Notice in accordance with the Local Rules of this Court, thus causing prejudice the rights of holders of administrative expense claims, constitutes cause to enlarge the time for her to file an administrative expense claim.

13

WHEREFORE, Denise Sydnor respectfully requests the entry of an order:

A.     granting this Motion;

B.     enlarging the time for her to file an administrative expense claim against

the Debtors; and

C.     providing such other and further relief as is just and proper.

Dated this 21st day of May, 2007.

/s/ Amy Denton Harris
Stephen R. Leslie
Florida Bar No. 0000349
Amy Denton Harris
Florida Bar No. 0634506
Stichter, Riedel, Blain & Prosser, P.A.
110 E. Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Facsimile: (813) 229-1811
Email:  sleslie@srbp.com
        aharris@srbp.com
Attorneys for Denise Sydnor and Randolph
Strauss

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon the following either electronically via the Court's CM/ECF system or by U.S. Mail on this 21st day of May, 2007:

Stephen D. Busey, Esquire
James H. Post, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
Facsimile: (904) 359-7708

Matthew Barr, Esquire
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, New York 10005
Facsimile: (212) 822-5194

Elena L. Escamilla, Esquire
Office of the United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, Florida 32801

/s/ Amy Denton Harris
Attorney

15