UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                Chapter 11

WINN-DIXIE STORES, INC., et al.,                      Case No. 05-03817-3F1
                                                      Jointly Administered
   Reorganized Debtors.
_____/

### AFFIDAVIT OF DENISE SYDNOR IN SUPPORT OF MOTION TO ENLARGE TIME FOR DENISE SYDNOR TO FILE AN APPLICATION FOR AN ADMINISTRATIVE EXPENSE CLAIM

STATE OF FLORIDA        )
                        ) ss.
COUNTY OF BROWARD       )

BEFORE ME, the undersigned authority, personally appeared Denise Sydnor, who, being duly sworn, deposes and states:

1. I am over 21 years of age and am otherwise *sui juris*. I make this affidavit of my own personal knowledge.

2. I make this affidavit in support of my Motion to Enlarge the Time to File an Administrative Expense Claim.

3. On April 22, 2006, I sustained extensive injuries to my right elbow in a slip and fall which occurred as a result of a leaking faucet on the outside wall of Winn-Dixie store number 377 located at 4201 NW 88th Avenue in the Pine Plaza, Sunrise, Florida 33321.

4. I was hospitalized immediately following the slip and fall and underwent

**Exhibit "C"**

surgery to repair my right elbow.

5. After the surgery, I continued to receive follow-up treatment for my injuries.

6. I have incurred substantial medical bills in connection with the surgery and follow-up treatment.

7. On May 1, 2006, I retained Randolph H. Strauss (Mr. Strauss) of the Law Offices of Randolph H. Strauss, P.A. to represent me in filing a lawsuit against the Debtors in connection with the injuries I sustained as a result of the slip and fall.

8. On March 16, 2007, Mr. Strauss filed a Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida against the Debtors, Pine Plaza of Sunrise, Inc., and Glacier Water, Inc. in connection the injuries I sustained as a result of the slip and fall (Case No. CACE 07 05947 (09)) (the "State Court Action").

9. I am obligated to pay attorney's fees and costs to Mr. Strauss in connection with his representation of me.

10. I never asked Mr. Strauss to file a notice with the Bankruptcy Court directing the Debtors to provide notices to him instead of me in the State Court Action.

11. I never received copies of the Plan, the Bar Date Notice, or any other document notifying me that January 5, 2007 was the deadline for me to file an administrative expense claim against the Debtors.

12. As soon as I learned from Mr. Strauss that the Debtors' bankruptcy counsel was asserting that my claim was barred because I did not timely file an application for an administrative expense claim with the Bankruptcy Court, Mr. Strauss

application for an administrative expense claim with the Bankruptcy Court, Mr. Strauss and I retained Stichter, Riedel, Blain & Prosser, P.A. to prepare and file, on my behalf, an application for an administrative expense claim and a motion to allow the tardily filed claim.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Denise Sydnor

SWORN TO AND SUBSCRIBED BEFORE ME this 16th day of May, 2007, by Denise Sydnor who is personally known to me or who produced _____ as identification and who did take an oath.

Shari L. Kershaw
Name (printed)

SHARI L. KERSHAW
MY COMMISSION # DD 606754
EXPIRES: August 5, 2009
Bonded Thru Budget Notary Services

_____
Notary Public

My Commission Expires:
August 5, 2009