UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                          Chapter 11

WINN-DIXIE STORES, INC., et al.,                Case No. 05-03817-3F1
                                                Jointly Administered
Reorganized Debtors.
_____/

AFFIDAVIT OF RANDOLPH STRAUSS IN SUPPORT OF MOTION
TO ENLARGE TIME FOR DENISE SYDNOR TO FILE AN
APPLICATION FOR AN ADMINISTRATIVE EXPENSE CLAIM

STATE OF FLORIDA        )
                        ) ss.
COUNTY OF BROWARD       )

BEFORE ME, the undersigned authority, personally appeared Randolph H. Strauss, who, being duly sworn, deposes and states:

1. I am over 21 years of age and am otherwise *sui juris*. I make this affidavit of my own personal knowledge.

1. I am an attorney with the Law Offices of Randolph H. Strauss, P.A. located at 4301 NE 1st Terrace, Suite 1, Fort Lauderdale, Florida 33334.

2. I am duly authorized to practice law in the State of Florida.

3. I make this affidavit in support of Denise Sydnor's Motion to Enlarge the Time to File an Administrative Expense Claim.

4. On April 22, 2006, Denise Sydnor ("Ms. Sydnor") sustained extensive injuries to her right elbow in a slip and fall which occurred as a result of a leaking faucet

**Exhibit "D"**

on the outside wall of Winn-Dixie store number 377 located at 4201 NW 88th Avenue in the Pine Plaza, Sunrise, Florida 33321.

5. Ms. Sydnor was hospitalized immediately following the slip and fall and underwent surgery to repair her right elbow.

6. After the surgery, Ms. Sydnor continued to receive follow-up treatment for her injuries.

7. Ms. Sydnor has incurred substantial medical bills in connection with the surgery and follow-up treatment.

8. On May 1, 2006, Ms. Sydnor retained me to represent her in filing a lawsuit against the Debtors in connection with the injuries she sustained as a result of the slip and fall.

9. On March 16, 2007, I filed a Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida against the Debtors, Pine Plaza of Sunrise, Inc., and Glacier Water, Inc. in connection the injuries Ms. Sydnor sustained as a result of the slip and fall (Case No. CACE 07 05947 (09)) (the "State Court Action").

10. Ms. Sydnor is obligated to pay me for attorney's fees and costs in connection with this representation.

11. On May 19, 2006, I sent a letter via facsimile and U.S. Mail to Katelyn Brim at Sedgwick Claims Management Services Inc. ("Sedwick"), the Debtors' third party claims administrator, advising the Debtors of Ms. Sydnor's administrative expense claim.

12. On June 27, 2006, Katelyn Brim of Sedgwick sent me a copy of a letter addressed to the Debtor's landlord acknowledging Ms. Sydnor's claim and notifying the landlord of Ms. Sydnor's claim.

13. On June 29, 2006, Katelyn Brim of Sedwick sent me a letter acknowledging Ms. Sydnor's claim.

14. I did *not* file a notice of appearance or any other notice in the Debtors' bankruptcy cases directing the Debtors to provide notices to me in lieu of Ms. Sydnor because Ms. Sydnor never asked me to do so.

15. I never received copies of the Plan, the Bar Date Notice, or any other document notifying me that January 5, 2007 was the deadline to file an administrative expense claim against the Debtors.

16. I did not learn that January 5, 2007 was the Bar Date until April 13, 2007 when I received a letter from the Debtors' bankruptcy counsel asserting that I was prosecuting the State Court Action in violation of the Bar Date. As soon as I learned that January 5, 2007 was the Bar Date, I sent a letter to the Debtor's bankruptcy counsel requesting proof that the Debtors' served Ms. Sydnor and me with the Bar Date Notice.

17. On May 1, 2007, I learned from Debtors' bankruptcy counsel that the Debtors' noticing agent, Logan & Company, Inc., purportedly mailed a copy of the Bar Date Notice to me on December 6, 2006. Notwithstanding that fact, my office closed for the holidays on December 23, 2006 and did not reopen until January 8, 2007, three days after the Bar Date. In any event, I never received the Bar Date Notice or any other document notifying me that January 5, 2007 was the deadline to file an administrative

3

expense claim against the Debtors.

18. Ms. Sydnor and I retained Stichter, Riedel, Blain & Prosser, P.A. to prepare and file, on Ms. Sydnor's behalf, an application for an administrative expense claim and a motion to allow the tardily filed claim.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Randolph H. Strauss

SWORN TO AND SUBSCRIBED BEFORE ME this 16th day of May, 2007, by Denise Sydnor who is personally known to me or who produced _____ as identification and who did take an oath.

Shari L. Kershaw
Name (printed)

_____
Notary Public

SHARI L. KERSHAW
MY COMMISSION # DD 606754
EXPIRES: August 5, 2009
Bonded Thru Budget Notary Services

My Commission Expires:
August 5, 2009