UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                    Chapter 11

WINN-DIXIE STORES, INC., et al.,                          Case No. 05-03817-3F1
                                                          Jointly Administered
    Reorganized Debtors.
_____/

APPLICATION FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Denise Sydnor ("Ms. Sydnor"), by and through her undersigned counsel, hereby files her Application for Allowance and Payment of Administrative Expense Claim (the "Application") and seeks the entry of an order allowing her administrative expense claim and directing the Debtors to pay her administrative expense claim pursuant to the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors. In support of her Application, Ms. Sydnor represents as follows:

**Jurisdiction and Venue**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

2.    This is a core proceeding pursuant to 28 U.S.C. §157.

3.    Venue of the Debtors' Chapter 11 cases and this Application in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

4.    The statutory predicate for the relief sought herein is Section 503(b) of the United States Bankruptcy Code (the "Bankruptcy Code").

**Exhibit "G"**

## Background

5. The Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005.

6. On February 22, 2005, this Court entered an order jointly administering the Debtors' Chapter 11 cases under Case No. 05-03817-3F1.

7. On April 22, 2006, Denise Sydnor ("Ms. Sydnor") sustained extensive injuries to her right elbow in a slip and fall which occurred as a result of a leaking faucet on the outside wall of Winn-Dixie store number 377 located at 4201 NW 88th Avenue in the Pine Plaza, Sunrise, Florida 33321. Ms. Sydnor was hospitalized immediately following the slip and fall and underwent surgery to repair her right elbow, more specifically, the transverse fracture through the olecranon process of the proximal ulna. After the surgery, Ms. Sydnor continued to receive follow-up treatment for her injuries.

8. Ms. Sydnor has incurred substantial medical bills in connection with the surgery and follow-up treatment.

9. On May 1, 2006, Ms. Sydnor retained Randolph H. Strauss (Mr. Strauss) of the Law Offices of Randolph H. Strauss, P.A to file a lawsuit against the Debtors in connection with the injuries she sustained as a result of the slip and fall.

10. On March 16, 2007, Mr. Strauss filed a Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida against the Debtors, Pine Plaza of Sunrise, Inc., and Glacier Water, Inc. in connection with Ms. Sydnor's injuries from the slip and fall (Case No. CACE 07 05947 (09)) (the "State Court Action").

## Relief Requested and Grounds Therefor

11. By this Motion, Ms. Sydnor seeks the entry of an order allowing her administrative expense claim and directing the Debtors to pay her administrative expense claim pursuant to the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors.

12. Section 503(b) of the Bankruptcy Code provides for the allowance and payment of administrative expenses ". . . including the actual, necessary costs and expenses of preserving the estate . . ."

13. Injuries sustained from a post-petition tort committed by a debtor are entitled to administrative expense priority. *See Reading Co. v. Brown*, 391 U.S. 471 (1968). *See also, In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr. S.D. Fla. 1994).

14. Since Ms. Sydnor's injuries occurred on April 22, 2006, fourteen (14) months after the Petition Date, but prior to confirmation of the Debtors' plan, Ms. Sydnor's claim is entitled to administrative expense priority.

[Remainder of this page left blank intentionally.]

WHEREFORE, Denise Sydnor respectfully requests the entry of an order:

A.  approving the Application;

B.  allowing her administrative expense claim;

C.  directing the Debtors' to pay her administrative expense claim; and

D.  providing such other and further relief as is just and proper.

Dated this 21st day of May, 2007.

/s/ Amy Denton Harris
Stephen R. Leslie
Florida Bar No. 0000349
Amy Denton Harris
Florida Bar No. 0634506
Stichter, Riedel, Blain & Prosser, P.A.
110 E. Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Facsimile: (813) 229-1811
Email: sleslie@srbp.com
       aharris@srbp.com
Attorneys for Denise Sydnor and Randolph Strauss

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon the following either electronically via the Court's CM/ECF system or by U.S. Mail on this 21st day of May, 2007:

Stephen D. Busey, Esquire
James H. Post, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
Facsimile: (904) 359-7708

Matthew Barr, Esquire
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, New York 10005
Facsimile: (212) 822-5194

Elena L. Escamilla, Esquire
Office of the United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, Florida 32801

/s/ Amy Denton Harris
Attorney