1

1               UNITED STATES BANKRUPTCY COURT
                 MIDDLE DISTRICT OF FLORIDA
2                   JACKSONVILLE DIVISION

3

4    In Re:

5                              CASE NO:   05-3817-3F1
     WINN-DIXIE STORES, INC.
6

7          Debtors.
     _____/
8

9

10               TRANSCRIPT OF PROCEEDINGS

11

12          Hearing re:  Motion for Reconsideration of the

13   Court's Order dated January 19, 2007, filed by the

14   Debtors, before the Honorable Jerry A. Funk,

15   U.S. Bankruptcy Judge, commencing at 1:30 p.m., on

16   March 8, 2007, at the United States Courthouse,

17   Room 4D, 300 North Hogan Street, Jacksonville, Florida,

18   as reported by Elizabeth M. Masters, RPR, and a Notary

19   Public in and for the State of Florida at Large.

20

21                         - - -

22

23

24               STATEWIDE REPORTING SERVICE
                  606 BLACKSTONE BUILDING
25               JACKSONVILLE, FLORIDA 32202
                     (904) 353-7706

2

1                          A P P E A R A N C E S

2

3

4

5        BRIAN T. HANLON, ESQUIRE

6
              General Counsel, Tax Collector
7             Post Office Box 3715
              West Palm Beach, Florida  33402-3715
8
              Attorney for Florida Tax Collectors.
9

10

11

12
         STEPHEN BUSEY, ESQUIRE
13
              Smith, Hulsey & Busey
14            225 Water Street, Suite 1800
              Jacksonville, Florida  32202
15
              Attorney for Debtors.
16

17

18
                                  - - -
19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S
 2   March 8, 2007                              1:30 p.m.
 3                          - - -
 4   ...
 5           THE COURT:  The next matter is a Motion for
 6       Reconsideration of the Court's Order dated
 7       January 19, 2007.  I believe it was filed by the
 8       Debtors.
 9           MR. BUSEY:  Thank you, Your Honor.
10           By this motion the Debtors ask the Court to
11       reconsider a ruling of the several rulings this
12       Court made in its order granting in part and
13       denying in part the Florida Tax Collectors' Motion
14       to Dismiss, the objection and motion of the
15       Debtors -- the objection of the Debtors to the
16       Florida Tax Collectors' proofs of claim and their
17       motion under 505 to determine the Debtors' tax
18       liabilities to the Florida Tax Collectors.
19           This is not an evidentiary hearing but it's a
20       legal argument.  And I have an appendix I would
21       like to provide to the Court and to opposing
22       counsel.
23           THE COURT:  Very well.
24           MR. BUSEY:  Your Honor, in this appendix are a
25       number of matters which are relevant to what we're
```

1        asking the Court to do today.

2            The first is our Motion for Reconsideration.

3            The second tab is the Florida Tax Collectors'

4        response to the Motion for Reconsideration.

5            The third tab is Your Honor's order, which is

6        the subject of the Motion for Reconsideration,

7        which you entered on January 19th, 2007.

8            And I ask the Court, if you would, to turn to

9        page 10 of your order.  On page 10 is the section

10       that you designated as Roman Numeral V, in which

11       you address the argument that the -- made by the

12       Florida Tax Collectors that the Debtors could not

13       proceed to challenge their taxes under 2004, 2005,

14       2006 for the reason that they were time-barred

15       under Florida Statute 194.171(2), which provides

16       that a contest must be made in sixty days.

17           And in addressing that argument, you ruled

18       that that was not a good argument, and you denied

19       the argument based on the fact that Section 505

20       does not contain a time period.

21           And the Piper Aircraft case held to the same

22       effect.  And you quoted Piper Aircraft, in which

23       you said "That the broad grant of jurisdiction

24       contained in 505 makes no reference to time periods

25       imposed by state law."

1           "A Debtor, as a representative of the

2       bankruptcy estate, is allowed to contest tax debts

3       in the bankruptcy court even though his prior

4       inaction would bar them from contesting them

5       elsewhere.  This is permitted on the ground that

6       taxes with their priority pose a special problem

7       for creditors, and creditors should not be

8       prejudiced by the Debtor's inaction."

9           You adopted that ruling.  And you held,

10      "Notwithstanding the fact that the Debtors are

11      time-barred from contesting their 2004 and 2005 tax

12      liabilities, pursuant to Section 194.171(2), they

13      have not waived their right to contest those

14      liabilities pursuant to Section 505."

15          This is a predicate to our Motion for

16      Reconsideration, Your Honor, because it's important

17      to note the law which you held and is consistent

18      with other case law that, under the code, prior to

19      the 2005 amendments, even though a Debtor is time

20      barred under state law, a Debtor can seek 505

21      relief in a bankruptcy proceeding.

22          Now, let's look at the ruling that we're

23      addressing.  If you could turn back to page 7 of

24      your order, it's where you address the In Re Custom

25      Distributing case, which was a Third Circuit Court

1    of Appeals case in 2000.  On page 7 and on page 8,

2    you do an analysis of that case.

3         And you come to a conclusion, on the top of

4    page 9, in which you stated, "The Court finds that

5    Custom Distribution is well-reasoned, instructive,

6    insightful, and the Court agrees with its holding

7    because the time period for an appeal of the 2004

8    and 2005 taxes has expired pursuant to Florida law.

9         "To the extent the Debtors seek to reduce

10   their 2004 and 2005 tax liability for taxes they

11   have already paid and apply any reduction as an

12   offset to other taxes, the Court does not have

13   jurisdiction to do so.  Accordingly, the Court will

14   dismiss that portion of the objection, which seeks

15   such relief."

16        And you say, in footnote 12, "The Court notes

17   that Custom Distribution deals with the issue of

18   taxes that were already paid.  The Court will

19   address the issue of whether it has jurisdiction

20   over the Debtors' request for reduction of the

21   unpaid 2004 and 2005 taxes in Section V," which is

22   what we just referred to.

23        Now, I want to make a point here, Your Honor,

24   before I go on.  If you would look under the next

25   tab, tab 4.  Section 505 is available to the

1        Debtor.  That is, the Court may determine the

2        amount of legality of any tax under 505, whether

3        paid or unpaid.  It doesn't make any difference

4        under the statute whether it's been paid or unpaid.

5             Now, let's go back to your ruling.  I wanted

6        to show you why I think that the Court has

7        misapplied in the ruling that you made on page 9

8        that you just read, that you misapplied the Custom

9        case.

10            Let's turn to the Custom case, which is under

11       tab 5.  And, more precisely, if you would turn to

12       page 9 of the Westlaw printout and let's look at

13       the analysis in Custom to which you were referring

14       in your order.

15            On page 9 of the Custom decision, the Court

16       said, "In evaluating Custom's request for an

17       offset, In Re Dunhill Medical is instructive."

18            And then Custom does an analysis of Dunhill,

19       which is the genesis of the Custom ruling, which

20       was the basis for your ruling.

21            And it says, at the bottom of that paragraph,

22       "But the Court added a caveat.  Although the

23       Debtor's claim for an offset was properly asserted

24       for purposes of Section 505, the Court must

25       nevertheless apply for each of the tax years at

1    issue the Internal Revenue Code's time requirements

2    for refund of an overpaid tax because the

3    timeliness of the refund claim is jurisdictional."

4         The Court could thus consider the Debtor's

5    refund request only if it had filed a claim for

6    refund within the statute of limitations periods

7    provided in the code.

8         So what the Dunhill case said was, under 505,

9    the Court can consider on paid taxes a request for

10   refund if the refund was requested in accordance

11   with the law requirements for the timing for refund

12   requests.  Not the original contest, the refund

13   request.

14        And then the Custom case goes on to say,

15   "There's no reason why the analysis in Dunhill

16   should not apply with equal force to real property,

17   taxes and state law."

18        And we agree with that.  The question is,

19   under Florida law, what's the time period in which

20   the Debtors may apply for a refund?  Because that's

21   the language that was used in Dunhill.

22        And then if you go back -- let's go back to

23   your order on page 9.  We think this is where the

24   logic flipped.

25        And we acknowledge, Your Honor, we did not

1       bring this to the Court's attention at the time we

2       made this argument and, therefore, you wouldn't

3       have had reason to pick up on it, because we

4       weren't aware that you were going to make that

5       ruling.

6           But if you look at page 9, in making the

7       ruling that we're asking you to reconsider here, in

8       footnote 11, you said, "Because the time period for

9       an appeal of the 2004 and 2005 taxes has expired

10      pursuant to Florida law, then they can't do it."

11      And you cite 194.171(2), which is the time for

12      contest, not the time for refund.

13          And we think what you should have done here is

14      looked at the time for refund under Florida law,

15      opine the analysis of Dunhill and Custom, and

16      instead of referring to 194.171(2), you should have

17      referred to 197.182.

18          And let's look at those statutes.  Under tab 6

19      is the statute to which you refer, 194.171, which

20      says that, if you're going to contest a tax, you

21      have to bring it within sixty days.

22          But under tab 7 is the time for refunds, the

23      statute of limitations for a refund request.

24          And this says that the department -- under

25      197.182, the department shall pass on and order

1    refunds.  And the time period prescribed for

2    refunds under this statute is four years if, if,

3    you comply with one of the requirements under

4    197.182(1)(a)(1) through (5).  And you have to have

5    complied with one of those requirements to be

6    eligible for this four-year statute and for a

7    refund.

8        And one of the requirements is, in 197.182(1)

9    (a)(3), "When a bona fide controversy exists

10   between the tax collector and the taxpayer as to

11   the liability of the taxpayer for the payment of

12   the tax claimed to be due, the taxpayer pays the

13   amount" -- which Winn-Dixie did -- "claimed by the

14   tax collector to be due and it is finally adjudged

15   by a court of competent jurisdiction" -- that's

16   this Court -- "that the taxpayer was not liable for

17   the payment of the tax."

18       And so if this Court, exercising its 505

19   powers, determines that a tax paid by the Debtor

20   was wrong and he's entitled to a refund, under

21   Florida Statute 197.182, the Debtor has four years

22   to claim that refund.  And that's the statute.

23       If you looked at the language out of Dunhill

24   and the language out of Custom that we think the

25   Court should have looked at, this is the statute we

1       should have looked at, not 194.171.

2            In response to this argument, in the Florida

3       Tax Collectors' response, I would bring the Court's

4       attention to the Supreme Court of Florida's

5       decision in 2004, in Ward v. Brown.

6            And in this case -- of which was not a

7       bankruptcy case, and that can be very material --

8       in this case, the taxpayer was seeking a refund

9       under the statute I just referred to within four

10      years but had not timely originally contested it

11      under 194.171.

12           And so the issue before the Supreme Court was,

13      if you didn't timely contest it in the first

14      instance, can you seek a refund under the four-year

15      statute, thus avoiding your failure to challenge it

16      within sixty days?

17           And the Supreme Court said:  No, you can't do

18      that; that would frustrate the intent of the

19      legislature in letting there be timely contest.

20           And, in fact, they say, on the last page of

21      the decision, "We agree with the trial and

22      appellate courts that the classification argument

23      is merely an attempt to circumvent the petitioner's

24      failure to properly and timely challenge the tax

25      assessment of their properties, as required by

1    194.171."

2         You couldn't go through the back door when you

3    hadn't gotten through the front door.  And that was

4    the holding of the Supreme Court.

5         And so upon the reasoning of this case, the

6    Florida Tax Collectors' response to our argument

7    is:  Well, you can't do a four-year statute if you

8    haven't originally met the sixty-day statute.

9         And that's the crux.  Because under 505, by

10   reason of your holding in Part V of your order,

11   under 505, a Debtor does need the front door, even

12   though the Debtor did not do it within sixty days

13   under state law.

14        Because 505 provides access to the Debtor to

15   challenge the tax.  And as long as the Debtor is

16   properly before the Court on 505, consistent with

17   this Court's ruling on Part V of your order, then

18   we have a bona fide dispute, we have a Court of

19   competent jurisdiction, and the Debtor is entitled

20   to a refund, if the Court orders it, and has four

21   years to do that.

22        And that's why 197.182 is the proper statute

23   that you should have cited, we think, in your

24   footnote 11.  That's the statute of limitation

25   period to which Dunhill referred, the period of

1    time to seek a refund.

2        We ask the Court to reconsider your ruling,

3    finding that the statute we referred to, the

4    four-year statute, is applicable for seeking a

5    refund; that the Debtors were properly and timely

6    before the Court under 505 in the first instance to

7    challenge it, as the Piper court held and as you

8    held in Part V, and permit us to challenge it, and

9    permit us, if we overpaid it, to get a refund

10   within the Florida statute of limitations period.

11       THE COURT:   Thank you.

12       MR. HANLON:   Good afternoon, Your Honor.

13   Brian Hanlon on behalf of the Florida Tax

14   Collectors.

15       One thing I agree with Mr. Busey on is the

16   crux of the issue is the application of the

17   four-year statute of limitations, or what I'll

18   refer to as the sixty-day statute of nonclaim.   I

19   believe the Court got it right.

20       The key in evaluating this issue, Your Honor,

21   like Mr. Busey, I think we go back to the facts.

22       Now, the Debtors, in their motion, state, in

23   paragraph 17 of their -- what I'll refer to as the

24   505 motion to determine taxes on objection to claim

25   states, and I quote, "The Debtors are not seeking

1    tax refunds."  That's their pleading, Judge.

2         This morning we heard an argument that they

3    are entitled to a refund under this refund statute.

4    That's very important.  The Debtors indicated to

5    this Court they are not seeking a refund.

6         Then they go on in that motion to contest the

7    assessed value.  And that's really three different

8    types of relief.  First is a challenge to the

9    assessment.  And they cite four different reasons

10   why the property appraiser improperly determined

11   just value.  And that's a summary of what they're

12   claiming.  But it's a value.  Then they ask for a

13   determination regarding interest, and then a

14   determination of how the reduced values and reduced

15   taxes should be applied.

16        So those are the three aspects of their 505

17   claim objection combination.

18        So here they first tell the Court:  We are not

19   seeking a refund, and now they're asking the Court

20   to reconsider a decision in a well-reasoned opinion

21   based on the fact that they're entitled to a

22   refund.

23        This is not unusual, and it's happened before

24   in Florida courts.

25        The Florida Supreme Court, in Ward v. Brown,

1    which was submitted in our original reply on their

2    Motion to Dismiss, discussed that.  And there are

3    various other cases throughout the state of Florida

4    on the lower courts where this has always been

5    dismissed.

6        Now, if I may refer the Court, to really try

7    to get to the heart of the issue, to another case

8    out of the Fourth District Court of Appeal,

9    Department of Revenue v. Stafford.  The citation of

10   that case is 646 So.2d 803.

11       And in that case, it's another situation where

12   the FDIC was seeking to come in and reduce taxes.

13   And they have the same argument.  The sixty-day

14   time limit had expired, we're seeking a refund, the

15   taxes were paid.  And this is a refund statute,

16   and, therefore, 197.182 should be applied.

17       And the Court goes through an extensive

18   analysis of the two aspects of it.  But, basically,

19   Your Honor, if I may summarize it, the Court said,

20   if it looks like a duck and it quacks like a duck,

21   it's a duck.  And it was a challenge to the value.

22       And in that regard, the Fourth District Court

23   of Appeals indicated that 197.182 does not

24   contemplate an attack on the judgment of the

25   property appraiser.

1        And that's what they're doing, they're

2   attacking the judgment of the property appraiser on

3   value.

4        The Fourth DCA says 197.182, the statute

5   they're relying on this afternoon, does not

6   contemplate an attack on the judgment of the

7   property appraiser based on the amount of the

8   assessment as grounds for a refund.

9        Let me refer to an attorney general opinion,

10   091-31, 1991, an attorney general opinion.  It goes

11   on to cite the Florida Administrative Code.  There

12   is a rule in the Florida Administrative Code which

13   expressly addresses this issue, Judge.

14        Rule 12D-13.009 specifically states that

15   refunds for an overpayment challenge are only due

16   -- and 197.182 provides for refunds -- excuse me,

17   Judge, I'm reading from the case -- and 197.182

18   provides for refunds when an overpayment has been

19   made.

20        Now, this section of the Florida

21   Administrative Code describes an overpayment.  And

22   an overpayment is defined by the Florida

23   Administrative Code as a payment where a tax was

24   due, tax was due, and where the assessed value, as

25   defined in Section 192.001 -- in other words, the

1   assessed value determined by the property

2   appraiser -- was correct.

3        So you have a correct assessed value, you're

4   applying for an overpayment for some other reason,

5   and you're going to have the four-year statute of

6   limitations.

7        When you are contesting the judgment of the

8   property appraiser relative to value, which is

9   exactly what they're doing, the sixty-day time

10  limit is what applies.

11       Now, that was discussed in the Ward case,

12  discussed by the Fourth DCA.  And if I may read

13  this one small paragraph, it defines the issue

14  very, very well:  Despite the respondent FDIC's

15  attempts to invoke 197.182 as a jurisdictional

16  basis for relief, we would petition that it would

17  be illogical and unreasonable to have two such

18  disparate periods of limitations, sixty days in

19  194.171 and four years in 197.182, and disparate

20  requirements concerning payment of taxes applicable

21  to the same cause of action, a property appraiser's

22  valuation decision.

23       Principles of statutory construction support

24  this conclusion.  A law should be construed

25  together with any other law relating to the same

1    purpose such that they are in harmony.

2         Courts should avoid a construction which

3    places in conflict statutes which cover the same

4    general field.  The law favors a rational, sensible

5    construction.  The rational and sensible

6    construction is at Section 194.171 and is the only

7    statute which applies when an assessment decision

8    is to be challenged.

9         Because respondent FDIC admittedly did not

10   comply with the jurisdictional prerequisites, the

11   second amended complaint should have been dismissed

12   for the lack of subject matter jurisdiction.

13        It's exactly the same facts we have here,

14   Judge.  They've admitted in their pleadings,

15   they've stated for affirmative relief, challenging

16   the assessed value.  In other words, the decision

17   by the property appraisers on their value.

18        The sixty-day time limit applies.  You cannot

19   come in and say:  Well, we didn't bring this up

20   before.  You cannot make a pleading to this Court

21   requesting relief and then go back and suggest that

22   the relief was under this order for refunds.

23        The second aspect of the order for refunds,

24   Your Honor, that's an order for refunds to the

25   Department of Revenue.  Which that is another gray

1    area we have here, is whether or not they're going

2    to bring in the Department of Revenue or not.  The

3    Court indicated they didn't have to.  They've

4    indicated they're going to.  I'm not sure if they

5    did or didn't in their amended, brought in the

6    Department of Revenue.

7         So that's an administrative process for a

8    refund when the assessed value determined by the

9    property appraiser is correct.

10        There's another level of relief to the

11   Department of Revenue assuming -- not assuming but

12   as a statutory prerequisite that the judgment of

13   the property appraiser is correct.

14        Here, they're attacking the judgment of the

15   property appraiser by their own pleadings, their

16   own motion.  And the Court was absolutely correct

17   in applying the sixty-day time period.

18        Thank you, Your Honor.

19        THE COURT:  Any response?

20        MR. BUSEY:  Yes, Your Honor.

21        Two points in response.  First of all, with

22   regard to the offset versus refund distinction.

23   Counsel is correct, the Debtors are seeking an

24   offset, not literally a refund.  But that is a

25   distinction without a difference under the analysis

1    of Custom.

2         If you look at page 9 of the Custom decision,

3    you will see it says that Custom argues, in the

4    alternative, that 505(a)(2)(b) limitations do not

5    apply here because it's seeking an offset rather

6    than a refund.  So they were seeking an offset in

7    Custom.

8         And they went ahead and talked about the

9    analysis in Dunhill that I read to the Court, "That

10   although a Debtor's claim for an offset was

11   properly asserted for purposes of 505, the Court

12   must nevertheless apply for each of the tax years

13   at issue the Internal Revenue Code's time

14   requirements for refund."

15        So although an offset was being sought, the

16   case said, if you look at the statute regarding the

17   time requirements for a refund.  And they say it

18   three times in that paragraph, the time

19   requirements for a refund when you're seeking an

20   offset.  So that distinction that counsel made is

21   not material to our argument.

22         The second point is the Florida Tax

23   Collectors again argue Ward and Stafford.  Both

24   cases hold the same thing.  You can't come in the

25   back door, that is, the four-year statute, if you

1    did not timely come in the front door, that is, the

2    sixty-day challenge.

3         We don't disagree with those rulings and that

4    jurisprudence.  The distinction of our situation

5    from those cases is neither of those cases involve

6    the Debtor timely coming in the front door under

7    Section 505 and seeking an offset and applying the

8    four-year refund limitation statute.

9         So our case is different.  And that's the

10   whole point.  And counsel really didn't address

11   this argument.

12        If we are timely in the front door because of

13   505 and this Court's ruling in Part V of your

14   order, consistent with Piper, which makes us timely

15   on paid taxes, then we have four years to seek a

16   refund.  And this Court has jurisdiction to do it.

17   And we ask the Court to reconsider that ruling.

18        THE COURT:  Anything further from your side?

19        MR. HANLON:  Just briefly, Your Honor, if I

20   may.

21        I just caution the Court, Dunhill also agrees

22   with Custom Distribution as far as application of

23   the time period.  And all of the cases cited by the

24   Debtors in their motion, the original motion and so

25   on, all concern Internal Revenue cases where you

1   have Internal Revenue taxes.  Some are trust fund

2   taxes, where you have the offset ability within the

3   Internal Revenue Code, which is not the situation

4   here.  The cases are clearly factually

5   distinguishable through Florida ad valorem property

6   tax law.

7        THE COURT:  Okay.  All right, Mr. Busey,

8   anything else on this issue?

9        MR. BUSEY:  In the Custom case, if you read

10  it, when it talks about -- if you're seeking an

11  offset, then the Dunhill analysis.  If you're

12  seeking an offset, then you look at the time

13  requirements under the code, the Internal Revenue

14  Code, for a refund.

15        The Custom case, the Third Circuit, goes on

16  in the next paragraph and says, "There's no reason

17  why this same analysis should not apply to real

18  estate taxes under state law."

19        THE COURT:  Okay.  I'll look over all the

20  cases and think about what everybody has said and

21  get an order out in due course.

22        MR. BUSEY:  Thank you, Your Honor.

23        THE COURT:  Hearing is concluded, or this

24  matter is concluded.

25        MR. HANLON:  Thank you, Your Honor.

23

1              (Whereupon, the hearing was concluded at 2:00

2       p.m.)

3                            - - -

4  ...

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

24

```
 1              C E R T I F I C A T E

 2   STATE OF FLORIDA  )

 3   COUNTY OF DUVAL    )

 4              I, Elizabeth M. Masters, Registered

 5   Professional Reporter and Notary Public, State of

 6   Florida at Large, do hereby certify that the attached

 7   excerpt represents the proceedings before the United

 8   States Bankruptcy Court, Middle District of Florida,

 9   Jacksonville Division, before the Honorable Jerry A.

10   Funk, Bankruptcy Judge, in the matter of In Re:

11   Winn-Dixie Stores, Inc.; such transcript is an accurate

12   recordation of the proceedings which took place.  A

13   transcript of this proceedings has been produced on May

14   8, 2007

15

16

17                              STATEWIDE REPORTING SERVICE

18

19                              _____

20                              ELIZABETH M. MASTERS

21

22

23

24

25
```