# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| **In re** | **Case No. 05-03817-3F1** |
| **WINN-DIXIE STORES, INC.,** *et al.,* | **Chapter 11** |
| **Reorganized Debtors** | **(Jointly Administered)** |

## AFFIDAVIT OF SHARON BEBOUT IN SUPPORT OF MOTION TO ENLARGE TIME TO FILE ADMINISTRATIVE CLAIM REQUEST

STATE OF FLORIDA
COUNTY OF PALM BEACH

BEFORE ME, the undersigned authority, personally appeared Sharon Bebout ("Affiant"), who, after being duly sworn, deposes and says:

1.    Affiant is over eighteen years of age and has personal knowledge of the matters set forth herein.

2.    On September 10, 2006, Affiant sustained personal injuries and/or property damage resulting from an accident which occurred on the business premises of the Winn-Dixie Supermarket #255 located at 14595 S. Military Trial, Delray Beach, Florida. On September 10, 2006, immediately following the incident, Affiant filled out an incident report to a man who identified himself as the Winn Dixie assistant store manager (the "Incident Report"), which Winn Dixie kept, and Affiant never received a copy. As a result of said accident, Movant sustained back, neck and right arm injuries.

3.    As a result of said accident, Affiant sustained back, neck and right arm injuries.

4.    Affiant initially retained the legal services of the law offices of Abramowitz & Pomerantz, P.A. ("A&P") on November 14, 2006. Subsequently, Affiant replaced A&P with Kogan & DiSalvo, P.A. ("K&D") (A&P and K&D will be collectively referred to herein as "State Court Counsel").

5.    At no time did Affiant receive notice of the bankruptcy or notice of the claims bar date.

6.    Affiant has reviewed the facts set forth in the Motion to Enlarge Time to File
Administrative Claim Request, and certifies that all facts as stated therein are true
and correct.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Sharon Bebout

Sworn to and subscribed before
Me this 1⁷ᵗʰday of May,
2007, in the State and County
Last aforesaid

_____
Notary Signature

_Robin Marie Coggin_
Notary Name (type or print)
My Commission Expires:_____

Robin Marie Coggin
My Commission DD271441
Expires February 20, 2008

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| **In re** | **Case No. 05-03817-3F1** |
| **WINN-DIXIE STORES, INC.,** *et al.,* | **Chapter 11** |
| **Reorganized Debtors** | **(Jointly Administered)** |

## AFFIDAVIT OF DARRYL B. KOGAN IN SUPPORT OF MOTION TO ENLARGE TIME TO FILE ADMINISTRATIVE CLAIM REQUEST

STATE OF FLORIDA
COUNTY OF PALM BEACH

BEFORE ME, the undersigned authority, personally appeared Darryl B. Kogan, Esquire ("Affiant"), who, after being duly sworn, deposes and says:

1.    Affiant is over eighteen years of age and has personal knowledge of the matters set forth herein.

2.    Affiant is an attorney with Kogan & DiSalvo, PA. located at 7900 Glades Road, Suite 330, Boca Raton, Florida 33434.

3.    Affiant is a licensed member and in good standing with the Florida Bar.

4.    Affiant's primary area of practice is personal injury law. Affiant has been practicing law for over 20 years.

5.    Affiant has been retained to represent Sharon Bebout in her claim for personal injuries and/or property damage resulting from an accident which occurred on a Winn Dixie Supermarket's business premises #255 located at 14595 S. Military Trial, Delray Beach, Florida 33484 on September 10, 2006. As a result of said accident, Ms. Bebout sustained back, neck and right arm injuries.

6.    Ms. Bebout initially retained the legal services of the law offices of Abramowitz & Pomerantz, P.A. ("A&P") on November 14, 2006. Subsequently, Ms. Bebout replaced A&P with Kogan & DiSalvo, P.A. ("K&D") (A&P and K&D will be collectively referred to herein as "State Court Counsel").

/5

7.      Based upon Affiant's education, training and experience in handling similar personal injury claims, Affiant is of the opinion that the subject personal injury case has substantial value and a reasonable possibility of success on the merits.

8.      On November 30, 2006, Lyle M. Konig of A&P provided Winn-Dixie with notice of the subject claim via mail.

9.      On February 1, 2007, Sedgwick Claims Management Services, Inc., ("Sedgwick"), acknowledged receipt of the November 30, 2006 letter, however Sedwick advised Ms. Bebout and State Court Counsel of the claims bar date after the bar date to give Ms. Bebout and State Court Counsel notice of such date. The second paragraph of the Sedgwick letter stated that "Winn-Dixie emerged from bankruptcy on 11/21/06. All claims that Winn-Dixie Stores, Inc. were aware of that occurred between 02/22/05 and 11/21/06 were mailed a notice." The third paragraph of the Sedgwick letter stated, pursuant to the notice, "that all requests for payment of an Administrative Claim or any Claim arising against the Debtors in this period must file an application with the Bankruptcy Court no later than January 5, 2007." Lastly, the fourth paragraph of the Sedgwick letter stated that "the deadline for filing your administrative expense claim has expired so we are unable to consider this claim."

10.     On March 21, 2007, Affiant contacted Tana Copeland of Sedgwick Claims Management Services, Inc. regarding Ms. Bebout's claim, and she indicated that she would check whether notice ever was sent to Ms. Bebout, and would either call back or have attorney Logan call tomorrow with a response.

11.     Affiant received no response, so on April 19, 2007, Affiant called Ms. Copeland and found out the file had been transferred to David Gay. Affiant called Mr. Gay and was told to look up on the docket if notice was sent to Ms. Bebout. Affiant promptly reviewed the court's docket.

12.     At no point prior to the claims bar date did the Debtor provide Affiant, State Court Counsel, A&P, or Ms. Bebout with any notice of the bankruptcy or of the claims bar date, despite the notice of the subject claim that State Court Counsel provided to the Debtor on November 30, 2006.

13.     In a good faith attempt to immediately file the subject administrative claim, an Application and Request for Payment of Claim to Debtor's Counsel and the Court has been filed.

14.     The Debtor, Winn-Dixie, will not suffer unfair prejudice by the late filing of this claim, as it has been aware and on notice of Ms. Bebout's claim since at least November 30, 2006, when the first notice of the claim was sent to the Debtor.

15.     Furthermore, the delay in filing this claim was beyond Ms. Bebout's control.

16.  Affiant has reviewed the facts set forth in the Motion to Enlarge Time to File
     Administrative Claim Request, and certifies that all facts as stated therein are true
     and correct.

FURTHER AFFIANT SAYETH NAUGHT.



_____
Darryl B. Kogan, Esquire

Sworn to and subscribed before
Me this 15th day of May,
2007, in the State and County
Last aforesaid

_____
Notary Signature

_____
Notary Name (type or print)
My Commission Expires:_____

Robin Marie Coggin
My Commission DD271441
Expires February 20, 2008

IDOCS:916.133:573392.1

17

Law Offices
## Abramowitz & Pomerantz, P.A.

BELLE TERRE OF SUNRISE, SUITE 101
7800 WEST OAKLAND PARK BOULEVARD
SUNRISE, FLORIDA 33351
BROWARD (954) 572-7200
DADE (305) 949-7100
PALM BEACH (561) 833-5544
TELEFAX (954) 748-6488

PLEASE REPLY TO:
SUNRISE

DADE COUNTY OFFICE
SECOND FLOOR
6129 SOUTHWEST 70TH STREET
MIAMI, FLORIDA 33143

RICHARD ABRAMOWITZ*
HOWARD L. POMERANTZ
LYLE M. KOENIG**
PAUL C. BUCKLEY*
SAMUEL A. COFFEY

*ALSO MEMBER NEW YORK BAR
**ALSO MEMBER MINNESOTA BAR

November 30, 2006

Winn-Dixie Store #255
Attn: Manager Joel Henning
14595 S. Military Trail
Delray Beach, Florida 33484

ATTN: CLAIM DEPARTMENT

Re:  Claimant   : Sharon Bebout
     Insured    : Winn-Dixie Store #255
     Policy No. : Please Provide
     D/A        : 09/10/06
     Location   : Winn-Dixie Store #255

Dear Sir or Madam:

Please be advised that the above named claimant has retained our firm in a claim for insurance benefits and damages arising from personal injuries and/or property damage resulting from an accident which occurred on the above date at the above location. We understand that your company provides liability insurance coverage to the insured(s) named above, who are potential defendants in an action for damages arising out of said accident.

If you are interested in entering into settlement negotiations concerning this claim, please contact the undersigned at your earliest convenience. If no communication is received from you within 15 days of the date of this letter, we will assume you are not interested in settling this claim and will proceed accordingly.

Please do not communicate directly with the above named claimant. Any communication concerning this claim should be directed to the undersigned. You are further advised that any medical authorizations from the claimant now in your possession are hereby revoked.

Pursuant to Florida Statutes §627.4137, we request that you provide us in a sworn statement all the information required by law, including but not limited to the following:

     1.   Name and address of your insured(s) and policy
          number(s).

Exh. A
Page 18

2.  Effective date of policy, name and address of the
    insurer of each known policy, property damage liability
    limits, bodily injury liability limits and, uninsured
    motorists limits.

3.  Whether or not any other liability or umbrella coverage
    is available through any other carrier or through your
    own company.

4.  A true and correct copy of each policy of insurance.

5.  A statement of any policy or coverage defense which you
    or any known insurer reasonably believes is available
    at the time of filing such statement.

6.  Limits of liability coverage for each known policy.

The above information must be provided by you within 30 days of your
receipt of this correspondence. Said Florida Statute states that the
above information must be presented within 30 days of receipt of this
correspondence. It would also be appreciated if you could provide us
with the effective date of said policy or claim number and whether
there is medical payments coverage included in said policy.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

ABRAMOWITZ & POMERANTZ, P.A.

LYLE M. KOENIG
LMK/so

Exh. A
Page 19

February 1, 2007

Lyle M. Koenig
7800 W Oakland Park Blvd Ste 101
Sunrise, FL 33351

Re: Claimant:      Sharon Bebout
    Date of Injury:  9-17-06
    Location:      Miami
    Winn Dixie #:  255
    Claim Number:  A611208814

Dear Mr. Koenig:

This will acknowledge receipt of your letter dated November 30, 2006.

Winn-Dixie emerged from bankruptcy on 11/21/06. All claims that Winn-Dixie Stores, Inc. were aware of that occurred between 02/22/05 and 11/21/06 were mailed a notice. Some specific groups of claimants were excluded, for example, third party claims where Winn-Dixie is indemnified or has no liability.

This notice stated that all requests for payment of an Administrative Claim or any Claim arising against the Debtors in this period must file an application with the Bankruptcy Court no later than January 5, 2007. Winn-Dixie also put advertisements in national and regional newspapers to notify claimants who had yet to notify us of their claim.

The deadline for filing your administrative expense claim has expired so we are unable to consider this claim. If you have any questions, please consult with a bankruptcy attorney.

Sincerely,

Kelly Sullivan
Sedgwick CMS

Exh. _B_
Page _20_

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF FLORIDA

### JACKSONVILLE DIVISION

| | |
|---|---|
| **In re** | **Case No. 05-03817-3F1** |
| **WINN-DIXIE STORES, INC., et al.,** | **Chapter 11** |
| **Debtors.** | **(Jointly Administered)** |

## APPLICATION AND REQUEST FOR PAYMENT OF CLAIM

COME NOW SHARON BEBOUT (hereinafter referred to as "Applicant" or "Claimant"), by and through the undersigned attorney, hereby files this Application and Request for Payment of Claim and seeks administrative expense status for Applicant's claim against one or more of the Debtors, pursuant to 11 U.S.C. §503(b). Applicant requests the entry of an order allowing the administrative expenses described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Store, Inc. and Affiliated Debtors (hereinafter referred to as the "Confirmation Order") and the provisions of the Plan as confirmed. In support of the Application, Applicant states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

Exh. _C_
Page _21_

## FACTUAL BACKGROUND

2.    Winn-Dixie Stores, Inc., et al. (hereinafter referred to as the "Debtors") filed their

voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about

February 21, 2005 (hereinafter referred to as the "Petition Date").

3.    After the Petition Date, Applicant, Ms. Bebout, has a claim against the Debtor resulting

from personal injuries and/or property damage resulting from an accident which occurred

on its business premises #255 located at 14595 S. Military Trail, Delray Beach, Florida

33484 on September 10, 2006. As a result of said accident, Applicant sustained back,

neck and right arm injuries.

## APPLICANT'S CLAIM IS ENTITLED TO
## ADMINISTRATIVE EXPENSE STATUS

4.    Applicant's claim is a contingent and unliquidated personal injury claim.

5.    Section 503(b) of the Bankruptcy Code provides for the allowance of administrative

expense status, and its attendant priority for payment, for the "actual, necessary costs and

expenses of preserving the estate...." 11 U.S.C. § 503(b). It is well established that

personal injury claims arising from a post-petition tort committed by the debtor are

entitled to administrative expense status. See, Reading Co. v. Brown, 391 U.S. 471, 485

(post-petition fire damages resulting from trustee's negligence were entitled to

administrative expense status); see also, In re Piper Aircraft Corp., 169 B.R. 766 (Bankr.

S.D.Fla.1994).

6.    In this instance, Applicant's claim arose as a result of the business operation of one or

more of the Debtors after the Petition Date but prior to the Confirmation Order. As such,

Applicant's claim is entitled to administrative expense status under 11 U.S. § 503(b) and

Applicant seeks the entry of an order awarding such status.

## APPLICANT FURTHER NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's

claim be served upon:



Exh. _C_
Page _22_

DARRYL B. KOGAN, ESQUIRE
Florida Bar No. 380180
7900 Glades Road, Suite 330
Boca Raton, FL 33434
email: dbkogan@kogan-disalvo.com
(561) 477-9000 telephone
(561) 477-8592 facsimile

and

MICHAEL S. KOGAN, ESQUIRE
California State Bar No. 128500
Ervin Cohen & Jessup, LLP
9401 Wilshire Blvd., 9th Fl.
Beverly Hills, CA  90212
email: mkogan@ecjlaw.com
(310) 273-6333 telephone
(310) 859-2325 facsimile

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an

order granting the relief requested herein and such other relief as it deems just and proper.

Dated this 23rd day of May 2007.

ERVIN COHEN & JESSUP, LLP


/s/Michael S. Kogan
MICHAEL S. KOGAN
California State Bar No. 128500
Ervin Cohen & Jessup, LLP
9401 Wilshire Blvd., 9th Fl.
Beverly Hills, CA  90212
email: mkogan@ecjlaw.com
(310) 273-6333 telephone
(310) 859-2325 facsimile

Exh. _C_
Page _23_

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2007, I filed the within Application and Request for Payment of Claim through the CM/ECF filing system, which will cause a copy to be served upon James H. Post, counsel for the reorganized debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the office of the U.S. Trustee and all other parties participating in the CM/ECF system, all served electronically.

ERVIN COHEN & JESSUP, LLP

/s/Michael S. Kogan
MICHAEL S. KOGAN
California State Bar No. 128500
Ervin Cohen & Jessup, LLP
9401 Wilshire Blvd., 9th Fl.
Beverly Hills, CA 90212
email: mkogan@ecjlaw.com
(310) 273-6333 telephone
(310) 859-2325 facsimile

Exh. C
Page 24