## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

### AGREED ORDER RESOLVING CURE OBJECTION
### AND CLAIM NUMBER 11578 FILED BY TIGER
### CROSSING GP D/B/A UNIVERSITY CROSSING (STORE NO. 470)

This cause originally came before the Court on (a) the Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief (the "Debtors' Second Omnibus Motion") filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively the "Reorganized Debtors") (Docket No. 8941), (b) the response to Debtors' Second Omnibus Motion filed by Tiger Crossing GP d/b/a University Crossing ("Tiger Crossing") (Docket No. 9700) with respect to Store No. 470 (the "Cure Objection"), (c) the Fourteenth Omnibus Objection to (A) No Liability Claims and (B) No Liability Misclassified Claims (the "Debtors' Objection") (Docket No. 9131) filed by the Reorganized Debtors as to the proofs of claim listed on the exhibits to the Debtors' Objection, and (d) Tiger Crossing's response to the Debtors' Objection (Docket No. 9739).

On August 10, 2006, the Court entered an Order Disallowing (A) No Liability Claims and (B) No Liability Misclassified Claims as Set Forth in the Debtors' Fourteenth

Omnibus Claims Objection (Docket No. 10161) sustaining the Debtors' Objection as to the proofs of claims listed on the exhibits to the order and continuing the hearing on the Debtors' Objection as to claim number 11578 filed by Tiger Crossing and other unresolved claims. Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1.     The Cure Objection is overruled.

2.     Claim number 11578 filed by Tiger Crossing with respect to Store No. 470 is disallowed in its entirety.

3.     This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store No. 470 filed by Tiger Crossing in these Chapter 11 cases and (ii) all other pre-petition or pre-effective date claims pertaining to Store No. 470 that Tiger Crossing has or may have against the Reorganized Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

4.     This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this __*23*__ day of May, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00567100

2

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

EPSTEIN BECKER & GREEN, P.C.    SMITH HULSEY & BUSEY

By___*s/ Annette Kerlin McBrayer*____    By___*s/ Cynthia C. Jackson*_____
    Annette Kerlin McBrayer        Cynthia C. Jackson, F.B.N. 498882

945 East Paces Ferry Road, Suite 2700    225 Water Street, Suite 1800
Atlanta, GA 30326    Jacksonville, Florida 32202
(404) 923-9000    (904) 359-7700
(404) 923-9099 (facsimile)    (904) 359-7708 (facsimile)
amcbrayer@ebglaw.com    cjackson@smithhulsey.com

Counsel for Tiger Crossing GP d/b/a    Co-Counsel for Reorganized Debtors
University Crossing

*Counsel has authorized her electronic signature.

00567100

3