UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                          CASE NO. **05-03817-3F1**

**WINN DIXIE STORES, INC., et al,**             Chapter 11

    Debtors.                                 Jointly Administered
_____/

## APPLICATION FOR PAYMENT OF ADMINISTRATIVE CLAIM
## FOR POST-PETITION PERSONAL INJURY

Odalys Rodriguez

Comes now Odalys Rodriguez ("Applicant"), through the undersigned attorney, and seeks payment as an Administrative Claim for the Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order confirming the joint Plan of reorganization of Winn-Dixie stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this application, Applicant states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc., et al. ("the Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition date").

1

3. After the Petition Date or on or about April 5, 2006, Applicant was injured in a Winn-Dixie store. As a proximate result of the injury, Applicant has suffered severe damages totaling in excess of $40,000.00, which damages Applicant can support through medical records and other proof.

### APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 503(b) of the bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate.....". 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtors are entitled to administrative expense status. See, *Reading Co. v. Brown*, 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr. S.D. Fla. 1994).

5. In this instance, Applicant's claim arose as a result of the business operations of one or more of the debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim in excess of $100,000.00 is entitled to administrative expense status under 11 U.S.C. § 503(b), and applicant seeks the entry of an order awarding such status and directing payment of said administrative claim.

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an Order granting the relief requested herein and such other relief as it deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that all interested parties, listed below, have been served with a copy of this filing either electronically or via First Class U.S. Mail, postage prepaid this 24th day of May, 2007.

/s/ Edward P. Jackson
EDWARD P. JACKSON
Attorney for Applicant
Florida Bar No. 286648
255 N. Liberty Street
Jacksonville, Florida 32202
Telephone: (904) 358-1952
Facsimile: (904) 358-1288

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO. 05-03817 – 3F1**
Chapter 11 / Jointly Administered

In Re:

**WINN-DIXIE STORES, et al.,**

    Reorganized Debtors,

_____/

**AFFIDAVIT OF ELSA M. RODRIGUEZ**

**STATE OF FLORIDA**
**COUNTY OF MIAMI-DADE**

    **BEFORE ME**, the undersigned authority, personally appeared **ELSA M. RODRIGUEZ**, who after being duly sworn by me, deposes and says as follows:

1. My name is **ELSA M. RODRIGUEZ**.

2. I am over the age of eighteen (18) years of age and otherwise competent.

3. I am employed by the law firm of Ruiz & Rodriguez, and I am in charge of the personal injury claims department of the law firm.

4. In my capacity as the head of the personal injury claims deparment, I was involved in the processing of the personal injury claim of ODALYS RODRIGUEZ against the **WINN DIXIE STORES, INC.**

5. ODALYS RODRIGUEZ was injured as a result of a fall she sustained while shopping at a **WINN DIXIE SUPERMARKET** on April 5, 2006. The fall is contended to have been caused by the negligence of the employees and/or agents of **WINN DIXIE STORES, INC.**

6. My initial contact with the **WINN DIXIE STORES, INC**. representative was with Ms. MELANIE ALM of SEDGWICK CLAIM MANAGEMENT SERVICE, INC.

7. Subsequent to dealing with MELANIE ALM, I dealt with STEPHANIE PHILLIPS, a claims examiner with SEDGWICK CLAIM MANAGEMENT SERVICE, INC.

8. On November 2, 2006, I submitted the medical reports, records and bills received from the medical providers who treated ODALYS RODRIGUEZ for her injuries as part of a claims package.

9. On November 11, 2006, via a letter, Ms. PHILLIPS acknowledged the receipt of our claims package and advised our office that she would be reviewing the reports, records and bills we submitted to her and would be contacting our office within the next sixty (60) days for possible settlement.

10. On February 15, 2007, I called Ms. PHILLIPS and left a message on her voice mail requesting that she call me.

11. After not receiving a response to my voice message of February 15, 2007, on March 29, 2007 I left another message on Ms. PHILLIPS' voice mail.

12. Finally, on April 4, 2007, I was able to make telephonic contact with Ms. PHILLIPS, at which time she advised me that the claim file had been transferred to DOMENIC GAGLIARDI.

13. I faxed a letter to Ms. GAGLIARDI after I was unable to reach her via telephone on the same day, April 4, 2007. Later that day, Ms. GAGLIARDI called and told me that she could not negotiate our claim because our office had not returned a claim which was required pursuant to an order entered by the Court, Middle District of Florida, Jacksonville, Florida, on November 21, 2006.

14. When I was advised of this fact on April 4, 2007, I was extremely surprised, since I had not received a copy of the order or any documentation requiring the filing of our claim with the bankruptcy court.

15. During my conversation with Ms. GAGLIARDI, she requested that I contact TANA COPELAND, a legal secretary with the law firm of SMITH, HULSEY AND BUSSEY, who was representing WINN DIXIE STORES, INC. in the bankruptcy court.

16. After explaining what has transpired in this claim and reiterating that I had not received a notice to file the claim from the law firm, Ms. COPELAND suggested I leave a message for Mr. DAVID GAY to call me on this matter.

17. On April 5, 2007, Mr. GAY returned my call and we spoke concerning what had occurred with this claim. On April 10, 2007, Mr. GAG faxed me

a copy of the notice setting the deadline for the filing of claims with the bankruptcy court along with a Certificate of Service dated December 18, 2006 from a representative of LOGAN AND COMPANY INC., the claims and noticing agent for **WINN DIXIE STORES, INC.**

18. Although the Certificate of Service lists our correct address, this notice was never received by my department.

19. All of the above stated, is within my personal first hand knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

_____
**ELSA M. RODRIGUEZ, Affiant**

**SWORN TO AND SUBSCRIBED** on this _18_ day of May, 2007, in the City of Miami, Miami-Dade County, Florida, by **ELSA M. RODRIGUEZ**, the Affiant, who is personally known by me (✓) or who presented her _____ for purposes of identification.

My Commission Expires:

_____
Notary Public, State of Florida at Large

NOTARY PUBLIC-STATE OF FLORIDA
Amparo O. Tojeiro
Commission #DD397002
Expires: FEB. 16, 2009
Bonded Thru Atlantic Bonding Co., Inc.