## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                              )          Case No. 05-03817-3F1
                                                    )
WINN-DIXIE STORES, INC., et al.,                    )          *Chapter 11*
                                                    )
Reorganized Debtors.                                )          Jointly Administered
                                                    )
_____                 )

## AGREED ORDER RESOLVING CURE OBJECTION
## FILED BY TERRANOVA CORP. ON BEHALF OF
## FLAGLER RETAIL ASSOCIATES, LTD. (STORE NO. 353)

This cause came before the Court on the Objection to Debtors' Assumption of Non-Residential Real Property Leases and to Proposed Cure Amounts (Docket No. 8921) and the Supplement to Objection to Debtors' Assumption of Non-Residential Real Property Leases and to Proposed Cure Amounts (Docket No. 12717) filed by Westfork Tower, LLC, Concord-Fund IV Retail, LP, TA Cresthaven, LLC, Flagler Retail Associates, Ltd. ("Flagler"), and Elston/Leetsdale, LLC, by and through their Property Manager, Terranova Corp. ("Terranova") with respect to Store Nos. 278, 254, 221, 353 and 209 (the "Cure Objections"). Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1.      The Cure Objections are overruled as to Store No. 353.[1]

_____

[1] This Order only resolves the Cure Objections as to Store No. 353 and proof of claim number 4934 filed by Flagler Retail Associates, Ltd. (the landlord for Store No. 353). This Order does not resolve the Cure Objections or proofs of claim filed by Westfork Tower, LLC (the landlord for Store No. 278), Concord-Fund IV Retail, LP (the landlord for Store No. 254), TA Cresthaven, LLC (the landlord for Store No. 221), Elston/Leetsdale, LLC (the landlord for Store No. 209) and Terranova Corp.

2.    Proof of Claim number 4934 filed by Flagler with respect to Store No. 353 is allowed as an administrative claim in the amount of $4,452.59, which Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors") have paid in full.

3.    This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store No. 353 filed by Flagler or Terranova in these Chapter 11 cases and (ii) all other pre-petition or pre-effective date claims pertaining to Store No. 353 that Flagler or Terranova have or may have against the Reorganized Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

4.    Post-effective date liabilities and obligations will be handled by the parties in accordance with the applicable lease terms and ordinary course practices.

5.    This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this 30 day of May, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00565147

2

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SCRUGGS & CARMICHAEL, P.A.        SMITH HULSEY & BUSEY

By___*s/Karen K. Specie*_____        By___*s/ Cynthia C. Jackson*_____
     Karen K. Specie, F.B.N. 260746             Cynthia C. Jackson, F.B.N. 498882

Post Office Box 23109        225 Water Street, Suite 1800
Gainesville, FL 32602        Jacksonville, Florida 32202
(352) 376-5242        (904) 359-7700
(352) 375-0690 (facsimile)        (904) 359-7708 (facsimile)
specie@scruggs-carmichael.com        cjackson@smithhulsey.com

Co-Counsel for Terranova Corp., as agent        Co-Counsel for Reorganized Debtors
for Flagler Retail Associates, Ltd.

*Counsel has authorized her electronic signature.

00565147

3