IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                )        Case No.:  05-03817-3F1
                                      )
WINN-DIXIE STORES, INC.,              )        Chapter 11
et al.,                               )
                                      )
        Reorganized Debtors           )        Jointly Administered
                                      )

## MOTION TO ENLARGE TIME
## TO FILE ADMINISTRATIVE CLAIM REQUEST

The Movant, SULMA S. MARADIAGA, (hereinafter referred to as "Movant" or "Tort

Claimant"), by and through the undersigned attorney, hereby files this Motion to Enlarge Time to

File Administrative Claim Request (hereinafter referred to as "Motion") and in support states as

follows:

### Jurisdictional Allegations

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue of the Debtors' Chapter 11

cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The

statutory predicates for the relief sought herein are pursuant to 11 U.S.C. §§ 105(a), 503(a), 1141

and Rules 4001, 9006(b) and 9014 of the Federal Rules of Bankruptcy Procedure.

### Relevant Facts and Basis for Relief Requested

2.      The Debtors filed voluntary petitions for relief under Chapter 11 of the

Bankruptcy Code on February 21, 2005.

3.      The Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated

Debtors was filed on August 9, 2006, and was modified by the First Modification of Joint Plan of

Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, dated October 13, 2006 (collectively referred to as "The Plan").

4.     Movant, Ms. Maradiaga, has a claim against the Debtor resulting from a slip and fall that occurred on its business premises on April 16, 2006. *See*, Exhibit A, Affidavit of Leo D. Gomez, attached hereto ("Gomez Affidavit"). On April 16, 2006, immediately following the incident, Movant filled out an Incident Report, which Debtor kept, and Movant never received a copy. As a result of said slip and fall, Movant suffered severe and permanent injuries to her neck and back. *See*, Exhibit B, Affidavit of Sulma S. Maradiaga ("Maradiaga Affidavit").

5.     Movant retained the legal services of Fiol, Gomez & Blackburn, P.A. (hereinafter referred to as "State Court Counsel") on April 16, 2006. *See*, Gomez Affidavit; *see also*, Maradiaga Affidavit.

6.     On April 24, 2006, Leo D. Gomez, Esquire of Fiol, Gomez & Blackburn, P.A. (hereinafter referred to as "Mr. Gomez") provided Winn-Dixie with notice of the subject claim via regular mail. *See*, Exhibit C, attached hereto; *see also*, Gomez Affidavit.

7.     Then, on June 30, 2006, Mr. Gomez provided Winn Dixie with another notice and request for insurance policy information of the subject claim via regular mail. *See*, Exhibit D, attached hereto.

8.     On August 24, 2006, Mr. Gomez provided Sedgwick Claims Management Services, Inc. with notice of the subject claim and request for insurance policy information via facsimile. *See*, Exhibit E, attached hereto; *see also*, Gomez Affidavit.

9.     Finally, Mr. Gomez received a letter from Sedgwick Claims Management Services, Inc., dated September 28, 2006, wherein Sedgwick Claims Management Services, Inc.

acknowledged the notice previously sent by Mr. Gomez and provided liability coverage information. *See*, Exhibit F, attached hereto, *see also*, Gomez Affidavit.

10.     On November 9, 2006, the Court entered an Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (hereinafter referred to as "Confirmation Order").

11.     On December 1, 2006, Mr. Gomez provided Rebecca Peters of Sedgwick Claims Management Services, Inc. (hereinafter referred to as "Ms. Peters") with a demand letter summarizing Winn Dixie's liability and the tort claimant's injuries, via certified mail, return receipt number 7005 0390 0000 0912 1816. *See*, Exhibit G, attached hereto.

12.     After confirmation of Debtors' Plan of Reorganization, a Notice of a bar date for filing administrative claims was issued on December 6, 2006. This Notice set January 5, 2007, as the bar date for filing such administrative claims.

13.     Mr. Gomez received a letter from Sedgwick Claims Management Services, Inc., dated December 11, 2006 acknowledging receipt of the tort claimant's demand letter and providing formal denial of the tort claimant's claim. *See*, Exhibit H, attached hereto.

14.     On, April 10, 2007, Lovann Ramirez of Fiol, Gomez & Blackburn, P.A. (hereinafter referred to as "Ms. Ramirez") contacted the adjuster, Ms. Peters, via telephone, in good faith to attempt to negotiate settlement of the claim prior to filing suit. At which time, Ms. Ramirez was informed by Ms. Peters that Smith, Hulsey & Busey was handling bankruptcy issues for Winn-Dixie. *See*, Exhibit I, Affidavit of Lovann Ramirez, attached hereto ("Ramirez Affidavit").

15.     Thereafter, on April 10, 2007, Ms. Ramirez spoke with David Gay, Esquire of Smith, Hulsey & Busey (hereinafter referred to as "Mr. Gay"), wherein she was advised by Mr.

3

Gay that Winn-Dixie was involved in a bankruptcy situation from February 21, 2005 through November 21, 2006 and if the tort claimant's claim fell within this period the tort claimant would have needed to complete a Notice of Claim Form. Mr. Gay also advised Ms. Ramirez that it was too late for the tort claimant to complete a Notice of Claim because the bar date was January 5, 2007. *See*, Ramirez Affidavit.

16. On April 10, 2007, Debtor advises the Movant and State Court Counsel for the first time of the January 5, 2007 claims bar date; even though, the Debtor was on notice of the claim four separate times: 1) Mr. Gomez provided Debtor with notice of the claim on April 24, 2006; 2) Mr. Gomez provided Debtor with another notice of the claim on June 30, 2006; 3) Mr. Gomez notified Sedgwick Claims Management Services, Inc. of the claim on August 24, 2006; and 4) Mr. Gomez provided Sedgwick Claims Management Services, Inc. with the tort claimant's demand letter on December 1, 2006. *See*, Gomez Affidavit; *see also*, Maradiaga Affidavit. Debtor waited until after the bar date to give the Movant and State Court Counsel notice of the bankruptcy. Debtor also failed to provide a Notice of Claim Form for the tort claimant to file her claim properly, prior to the January 5, 2007 bar date.

17. As a result, the Movant and State Court Counsel first became aware of Winn-Dixie's bankruptcy filing upon Ms. Ramirez's telephone discussions with Ms. Peters and Mr. Gay, on April 10, 2007, after the bar date had passed. *See*, Ramirez Affidavit.

18. After discovering the bar date, State Court Counsel swiftly moved forward with filing an Application for Administrative Expense. A copy of the Application and Request for Payment of Claim is attached hereto as "Exhibit J."

## An Enlargement of the Time to File the Administrative Expense Claim Request is Justified

### A. The Debtors failed to provide the Movant or State Court Counsel with a Notice of the Bar Date

4

19.     The Debtors were required to serve the Notice on the Movant, Sulma S. Maradiaga. *See,* City of New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 296 (1953). Additionally, pursuant to Fed. R. Bankr. P. 2002(g), the Debtors were required to give notice directly to the Movant as Movant's attorney (or other agent) had not directed otherwise in a request filed with this Court. *See,* In re R.H. Macy & Co., Inc., 161 B.R. 355, 360 (Bankr. S.D.N.Y. 1993).

20.     The Debtors were well aware of the claim of Sulma S. Maradiaga prior to the bar date. First, the Movant completed an Incident Report on April 16, 2006, immediately following the slip and fall, which entered the Debtors' records on that date. Second, Mr. Gomez provided the Debtor with notice of the Movant's claim on April 24, 2006. Third, Mr. Gomez provided the Debtor with another notice of the Movant's claim on June 30, 2006. Fourth, Mr. Gomez notified Sedgwick Claims Management Services, Inc. of the Movant's claim on August 24, 2006. Lastly, Mr. Gomez provided the Movant's demand letter to Sedgwick Claims Management Services, Inc., on December 1, 2006. The Debtors had ample time to notify the Movant and State Court Counsel of the bankruptcy prior to the January 5, 2007 bar date, but failed to do so.

21.     Although the Debtors were aware of the Movant's claim, at no time prior to the bar date did the Debtors request that an administrative claim be filed and **at no time did the Debtors send the Administrative Bar Date Notice to the Movant or to State Court Counsel**. *See,* Gomez Affidavit. Instead, the Debtors conveniently waited until after the bar date to inform State Court Counsel that an administrative claim should have been filed.

22.     A Debtor cannot discharge a claim or preclude a creditor from receiving a distribution from its bankruptcy case if it failed to provide the creditor with notice of the bar date. *See,* In re Grand Union Co., 204 B.R. 864 (Bankr. D. Del. 1997) ("inadequate notice of the

5

bar date, in and of itself, is a separate ground upon which a late proof of claim is allowed to be filed").

23.     Therefore, the Movant is entitled to an enlargement of time of the bar date to file her claim.

B.     **Alternatively, the Movant has Established "Excusable Neglect" Under Fed.R.Bankr.P. 9006(b)**

24.     Section 503(a) of the Bankruptcy Code provides that "an entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court *for cause*" (emphasis added). The Bankruptcy Code does not specifically define what "cause" justifies a tardily-filed administrative expense request. However, Courts routinely apply Bankruptcy Rule 9006(b) to permit the enlargement of time for filing a section 503(a) Bankruptcy Rule administrative request after the deadline has passed, "where the failure to act was the result of excusable neglect." *See*, In re Gottchalk, 78 F.3d 593, 1993 WL 83877, *2 (9th Cir. 1996); In re West Delta Oil Co., 2002 WL 506814, *4 (E.D. La. 2002); In re Gurley, 235 B.R. 626, 631-2 (Bankr. W.D. Tenn. 1999); and In re Aargus Polybag Co., Inc., 172 B.R. 586, 589 (Bankr. N.D. Ill. 1994).

25.     In Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), the U.S. Supreme Court rejected the contention that Bankruptcy Rule 9006(b)(1) required a showing that a movant's failure to comply with the bankruptcy court's deadline was caused by circumstances beyond its reasonable control. Instead, the Supreme Court concluded that:

> [T]he determination [of what types of neglect will be considered excusable] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on

6

> judicial proceedings, the reason for the delay, including whether it
> was within the reasonable control of the movant, and whether the
> movant acted in good faith.

Id. at 381. Accordingly, courts are "permitted, where appropriate, to accept late filings caused

by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the

party's control." Id. at 1499. This "excusable neglect" standard for filing a late proof of claim

established by Pioneer has also been applied to determine whether the late filing of an

administrative expense request was the result of "excusable neglect." See, Gottchalk, 78 F.3d at

593; West Delta Oil, 2002 WL 506814 at *4; Gurley, 235 B.R. at 631-2; and Aargus, 172 B.R. at

589.

26.    The factors to be considered in determining "excusable neglect" are:   (1) the

danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial

proceedings; (3) the reason for the delay, including whether it was within the reasonable control

of the movant; and (4) whether the movant acted in good faith.

27.    The creditor is not required to prove that the circumstances surrounding the late

filing were extraordinary. See, In re Singson, 41 F.3d 316, 318 (7th Cir. 1994). As the Supreme

Court in Pioneer explained:

> [B]y empowering the courts to accept late filing where the failure
> to act was the result of excusable neglect, Rule 9006(b)(1),
> Congress plainly contemplated that the courts would be permitted,
> where appropriate, to accept late filings caused by inadvertence,
> mistake, or carelessness, as well as by intervening circumstances
> beyond the party's control.

Pioneer, 507 U.S. at 388. The Supreme Court also explained that this flexible understanding of

excusable neglect accords with the policies underlying Chapter 11 and the bankruptcy rules. Id.

at 389. Specifically, whereas the aim of a Chapter 7 liquidation is the prompt closure and

distribution of the debtor's estate, Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and avoiding the forfeitures by creditors. Id.

## I.    No Danger of Prejudice to the Debtors

28.    Prejudice to the Debtors must be material and cannot be vague or speculative. *See,* In re Pettibone Corp., 162 B.R. 791, 804-5 (Bankr. N.D.Ill. 1994). Here, the danger of prejudice to the Debtors is non-existent.

29.    The Debtors were well aware of the claim prior to the bar date. The Debtors were advised on four separate occasions: 1) Mr. Gomez provided Debtor with notice of the claim on April 24, 2006; 2) Mr. Gomez provided Debtor with notice of the claim on June 30, 2006; 3) Mr. Gomez notified Sedgwick Claims Management Services, Inc. of the claim on August 24, 2006; and 4) Mr. Gomez provided Sedgwick Claims Management Services, Inc. with the tort claimant's demand letter on December 1, 2006. *See,* Gomez Affidavit. In addition, the Debtors are required under the Code and the Plan to pay administrative claims in full. The Debtors cannot attempt to avoid their requirements to pay administrative claims by completely ignoring all of the notices of the Movant's claim, and by waiting until the bar date passes to advise State Court Counsel of the existence of the bankruptcy.

30.    Furthermore, despite Debtors' knowledge of the existence of Movant's claim, Debtors did not serve Movant's State Court Counsel with a copy of the Plan of Reorganization or with a copy of the Order on Plan of Reorganization. As a result, the Movant had no opportunity to prepare and file an administrative claim because she had no knowledge of the bankruptcy.

31.    It is anticipated that Debtors will argue that Movant's claim was not accounted for in the funding of the Plan. This argument, however, is of no merit and should bear no weight. Courts have held that such a narrow analysis inappropriate because it treats prejudice as nothing

8

more than the loss of a windfall and would therefore result in the denial of all motions regarding late filed claims under Pioneer and Rule 9006(b).    *See,* In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 126 (3d Cir. 1999).

32.    The Debtors encompass an experienced national grocery store chain, represented by experienced claims representatives and legal counsel, who were well aware of Movant's claim since April 16, 2006, or should have been, since the Movant completed an Incident Report immediately following the slip and fall on April 16, 2006. They are, therefore, aware of the fact that claims, such as the claim of the Movant, develop as part of the Debtors' business practice and that such claims should be reasonably anticipated to arise subsequent to the bar date. It is reasonably certain that such claims would arise post-petition in the course of Debtors' doing business as a national grocery store chain.

33.    In addition, the Debtors must be held accountable for their own records and records in this case evidence the existence of the Movant's claim prior to the bar date. Not only did the Movant complete an Incident Report, which entered the Debtors' records on April 16, 2006, but the Movant and State Court Counsel gave notice of the claim to the Debtor and Sedgwick Claims Management Services, Inc. on four separate occasions, prior to the bar date.

## II.    The Length of Delay and its Potential Impact on Judicial Proceedings

34.    The length of delay here and its impact on these cases is de minimus. After first discovering the missed deadline, Movant has taken immediate action to rectify the situation. This distinguishes Movant from those claimants that consciously fail to file claims in the face of known bar dates.    *See e.g.* Aargus Polybag, 172 B.R. at 591 (*eight month delay found unreasonable where creditor consciously disregarded bar date and did not affirmatively file any motion based upon excusable neglect, but only raised the argument in a responsive pleading*).

35.    Permitting the filing will not impact the administration of the grocery store chain. Consideration of Movant's claim can be undertaken in the ordinary course, along with all of the other administrative expenses requests filed in the case during the administrative claim allowance process, which is presently occurring.  Furthermore, Debtors will have more than sufficient time to determine whether there are grounds to object to the claim.

36.    Moreover, the delay will not have an impact on the administration of the Chapter 11 case and the Debtors were well aware, or should have been, based on its own records, that Movant's claim existed prior to the bar date.

## III.    The Reason for Delay and Whether the Delay Was Within the Creditor's Reasonable Control

37.    Movant notified Winn-Dixie of the slip and fall immediately following the incident on April 16, 2006, by submitting to it an Incident Report prior to the bar date. Subsequently, State Court Counsel notified Winn-Dixie of the subject claim on April 24, 2006, prior to the bar date.  The Debtor failed to notify the Movant and State Court Counsel of the bankruptcy until after the bar date had passed; even though, the Debtor had been given notice of the Movant's claim on four separate occasions, not including the Incident Report that was submitted to them on April 16, 2006.  However, Movant and State Court Counsel were not notified of the bankruptcy filing until Ms. Ramirez spoke with Ms. Peters of Sedgwick Claims Management Services, Inc. and Mr. Gay, counsel for the Debtors, on April 10, 2007.  *See*, Gomez Affidavit; *see also*, Maradiaga Affidavit and Ramirez Affidavit.

38.    As a result of the Debtors' failure to notify the Movant or State Court Counsel until after the bar date had passed, the Movant was unable to timely file an administrative claim by the bar date, January 5, 2007.  Therefore, the delay was not within the Movant's reasonable control.  Instead, the delay was clearly caused by the Debtor's failure to give notice of the

10

bankruptcy and the claims bar date to the Movant and State Court Counsel. State Court Counsel gave Winn-Dixie notice of the subject claim on April 24, 2006, which would have allowed the Movant ample time to file an administrative claim by the January 5, 2007 bar date, had she known of the bankruptcy filing. Furthermore, Winn-Dixie had notice of the Movant's slip and fall since the day the incident occurred on April 16, 2006, wherein the Movant immediately completed an Incident Report. This Incident Report should have become part of Debtors' records, as the Movant did not receive a copy of same. Therefore, the Movant's identity as well as the subject claim was certainly reasonably ascertainable by the Debtors. *See,* In re Anchor Glass Container Corp., 325 B.R. 892, 895-6 (Bankr. M.D. Fla. 2005).

39.    There is a clear reason for the delay in the timely filing of a request for payment of an administrative expense. The delay was caused solely by the Debtor's failure to act. The Movant and State Court Counsel were not notified of the bankruptcy filing until well after the bar date, even though Winn Dixie had notice of the subject claim well before the bar date. The Movant was never given an opportunity to prepare and file an Application for Administrative Expense, because neither she nor her State Court Counsel had any knowledge of the bankruptcy.

### IV.    Movants Acted in Good Faith

40.    The Movant has acted in good faith since the date of the incident, on April 16, 2006. Immediately following the slip and fall, the Movant submitted an Incident Report to Winn-Dixie, on April 16, 2006. Then, the Movant retained State Court Counsel's legal services, on April 16, 2006. *See,* Gomez Affidavit; *see also,* Maradiaga Affidavit.

41.    Despite State Court Counsel's numerous correspondence communications with Sedgwick Claims Management Services, Inc., State Court Counsel did not receive any information regarding the bankruptcy filing nor a Notice of Claim Form from Sedgwick Claims

Management Services, Inc. and only learned of the bankruptcy through Ms. Ramirez's conversations with Ms. Peters of Sedgwick Claims Management Services, Inc. and Debtors' counsel, Mr. Gay, on April 10, 2007. *See*, Gomez Affidavit; *see also*, Ramirez Affidavit. Therefore, the Movant had no other alternative than to file this Motion. The Movant has again acted quickly and in good faith by filing this Motion to Enlarge Time.

42.    Moreover, it is the Debtors who appear to have not acted in good faith. The Movant completed an Incident Report immediately following the slip and fall, and Debtor did not provide a copy of the same to the Movant. Debtors' had numerous opportunities to inform Movant and her State Court Counsel of the bar date; however, Debtors never mentioned the existence of the bankruptcy to Movant or to her State Court Counsel. Movant and her State Court Counsel only learned of the bankruptcy filing by contacting counsel for Debtors and speaking with David Gay, Esquire and not until well after the bar date had passed. *See*, Gomez Affidavit; *see also*, Maradiaga Affidavit and Ramirez Affidavit.

WHEREFORE, the Movant respectfully requests that this Court enter an Order: granting

the **Motion to Enlarge Time to File Administrative Claim Request**; permitting Movant's

Application and Request for Payment of Claim to be considered timely filed; and granting such

other and further relief as the Court deems just and proper.

Dated this 31st day of May, 2007.

                                        IURILLO & ASSOCIATES, P.A.

                                        /s/ Camille J. Iurillo
                                        CAMILLE J. IURILLO, ESQUIRE
                                        Fla. Bar No. 902225
                                        Sterling Square
                                        600 1st Avenue North, Suite 308
                                        St. Petersburg, FL 33701
                                        ciurillo@iurillolaw.com
                                        (727) 895-8050 telephone
                                        (727) 895-8057 facsimile
                                        Counsel for Fiol, Gomez & Blackburn, P.A.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of May, 2007, a true and correct copy of the foregoing has been sent via Facsimile and the United States Postal Service to: **David Gay, Esquire, Stephen D. Busey, Esquire,** and **James H. Post, Esquire,** Smith, Hulsey & Busey 225 Water Street, Suite 1800, Jacksonville, Florida 32202, **Facsimile: 904-359-7708**; and **Matthew Barr, Esquire,** Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, New York 10005, **Facsimile: 212-822-5194.**

                                        IURILLO & ASSOCIATES, P.A.

                                        /s/ Camille J. Iurillo
                                        CAMILLE J. IURILLO, ESQUIRE
                                        Fla. Bar No. 902225
                                        Sterling Square
                                        600 1st Avenue North, Suite 308
                                        St. Petersburg, FL 33701
                                        ciurillo@iurillolaw.com
                                        (727) 895-8050 telephone
                                        (727) 895-8057 facsimile
                                        Counsel for Fiol, Gomez & Blackburn, P.A.