IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No.: 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | Chapter 11 |
| Reorganized Debtors | Jointly Administered |

### AFFIDAVIT OF LEO D. GOMEZ IN SUPPORT OF MOTION TO ENLARGE TIME TO FILE ADMINISTRATIVE CLAIM REQUEST

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority, personally appeared Leo D. Gomez, Esquire ("Affiant"), who, after being duly sworn, deposes and says:

1. Affiant is over eighteen years of age and has personal knowledge of the matters set forth herein.

2. Affiant is an attorney with Fiol, Gomez & Blackburn, P.A. located at 1515 North Marion Avenue, 1st Floor, Tampa, Florida 33602.

3. Affiant is a licensed member and in good standing with the Florida Bar.

4. Affiant's primary area of practice is Personal Injury Law. Affiant has been practicing law for over 20 years.

5. Affiant has been retained to represent Sulma S. Maradiaga in her claim for damages against the Winn-Dixie Supermarket, resulting from a slip and fall that occurred on its business premises on April 16, 2006. As a result of said slip and fall, Ms. Maradiaga sustained severe and permanent injuries to her neck and back.

6. Based upon Affiant's education, training and experience in handling similar personal injury claims, Affiant is of the opinion that the subject personal injury case has substantial value and a reasonable possibility of success on the merits.

7. On April 24, 2006, Affiant provided Winn-Dixie with notice of Ms. Maradiaga's claim via regular mail.

8. On June 30, 2006, Affiant provided Winn-Dixie with a second notice of Ms. Maradiaga's claim via regular mail.



9. On August 24, 2006, Affiant mailed a notification of Ms. Maradiaga's claim and request for insurance policy information to Sedgwick Claims Management Services, Inc.

10. Affiant received a letter from Sedgwick Claims Management Services, Inc., dated September 28, 2006, wherein Sedgwick Claims Management Services, Inc. acknowledged receipt of the notice previously sent by Affiant and provided liability coverage information.

11. On April 10, 2007, Affiant first learned of the bankruptcy filing when one of his employees, Lovann Ramirez, had a telephone conversation with counsel for the Debtors. Thereafter, Affiant was advised by Ms. Ramirez that Winn-Dixie was involved in a bankruptcy situation from February 21, 2005 through November 21, 2006, and the bar date was January 5, 2007.

12. At no point prior to the claims bar date did the Debtor provide Affiant with any notice of the bankruptcy or of the claims bar date, despite the notice of the subject claim that Affiant provided to the Debtor on four separate occasions.

13. In a good faith attempt to immediately file the subject administrative claim, an Application and Request for Payment of Claim to Debtor's Counsel and the Court was faxed and mailed on ~~April~~ May 31st, 2007.

14. The Debtor, Winn-Dixie, will not suffer unfair prejudice by the late filing of this claim, as it has been aware and on notice of Ms. Maradiaga's claim since at least April 24, 2006, when the first notice of the claim was sent to the Debtor.

15. Furthermore, the delay in filing this claim was beyond Ms. Maradiaga's control.

16. Affiant has reviewed the facts set forth in the Motion to Enlarge Time to File Administrative Claim Request, and certifies that all facts as stated therein are true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Leo D. Gomez, Esquire

Sworn to and subscribed before
Me this 2nd day of May,
2007, in the State and County
Last aforesaid.

_____
Notary Signature

Marta Rodriguez
Notary Name (type or print)
My Commission Expires: _____

Marta Rodriguez
My Commission DD263121
Expires December 05, 2007

2