Fiol, Gomez & Blackburn, P.A.
Attorneys at Law

1515 North Marion Street
1st Floor
Tampa, Florida 33602

Alejandro Fiol †
Leo D. Gomez \*\*
Catherine E. Blackburn \*

December 1, 2006

† admitted in New York
\* admitted in Ohio
\*\* certified mediator

**Certified Mail – Return Receipt 7005 0390 0000 0912 1816**

Rebecca Peters
Sedgwick Claims Management
P.O. Box 24787
Jacksonville, FL 32241

RE: Our Client: Sulma S. Maradiaga
Our File #: 060108
Your Insured: Winn Dixie #2659
Your Claim #: A611203277-0001-01
Date/Loss: 4/16/06

Dear Ms. Peters:

As you know, I represent Ms. Maradiaga as a result of injuries she sustained because of your insured's negligence on April 16, 2006. At the time of the incident, Ms. Maradiaga was inside the Save Rite store at 2525 E. Hillsborough Ave., Tampa, FL 33610. As she walked by the cash register area she slipped on a clear colored detergent which had obviously been spilled or left otherwise attended to by store personnel, on the floor. Consequently, our client's legs "split" in opposite directions causing her to land on her left knee and left hand. Her mother attempted to catch her as she fell but was unable to.

It is our contention the property owners should have cleaned up the detergent and/or provided warning signs of spilled detergent to protect customers while walking through the store. It is your insured's responsibility to maintain the premises in a safe condition at all times. Your insured failed to satisfactorily discharge that duty and as a result, Ms. Maradiaga suffered significant injuries.

## LIABILITY

Please be advised our theory of liability is the following:

1. Your insured failed to exercise reasonable care for the safety of Ms. Maradiaga;
2. Your insured negligently failed to maintain the area in question clean, allowing it to present a potential safety hazard to store patrons;

**EXHIBIT G**

Phone: (813) 223-6773
Fax: (813) 223-7702
www.AdvocatesForYou.com

3. Your insured negligently failed to inspect the subject area. Had an inspection occurred a reasonable person would have discovered the potentially dangerous conditions;
4. Your insured negligently failed to adequately warn Ms. Maradiaga of the existing danger to her safety and welfare.

## MEDICAL

Immediately following the accident, Ms. Maradiaga felt pain in her left knee and hand. As the pain did not subside, she sought the medical attention of Bay Area Injury Rehab. on April 20, 2006. Upon her arrival Ms. Maradiaga was examined by David J. Sassano M.D, complaining of neck, back and bilateral lower leg pain. On this date, Dr. Sassano gave the following impression:

1. Cervical, dorsal and lumbosacral sprain/strain;
2. Bilateral lower leg pain.

Dr. Sassano prescribed physical therapy, Flexeril and Ibuprofen to Ms. Maradiaga for relief of pain and improvement of mobility. He ordered X-rays of the cervical and lumbar spine. I am enclosing a copy of the initial visit and all follow-up office visit reports for your review.

On April 20, 2006 Ms. Maradiaga went to Clear View Diagnostic. X-rays were performed, which fortunately failed to show any fractures.

Due to constant and severe pain in her neck, our client underwent a cervical MRI on May 10, 2006. It revealed the following:

1. Reversal of the upper lordosis. (strongly suggestive of chronic muscle spasm).

On May 25, 2006 Ms. Maradiaga returned to Bay Area Injury Rehab complaining of back pain and was again examined by Dr. Sassano. After completing his examination Dr. Sassano gave the following impression:

1. Cervical and dorsal sprain/strain;
2. Lumbar spine sprain/strain.

On July 18, 2006, our client presented to Dr. Sassano for a comprehensive MMI evaluation. Dr. Susanno opined Ms. Maradiaga sustained a permanent impairment rating of 9% (nine percent) to her person. He added Mr. Maradiaga will incur estimated future costs for physical therapy and medication of $2,000.00 annually. Dr. Sassano's final impression was as follows:

1. Cervical, dorsal and lumbosacral sprain/strain.

Ms. Maradiaga has been negatively impacted as a result of Save Rite's negligence. She had a cesarean procedure prior to the accident and subsequently suffered heavy menstrual flow with pain as a result of the fall. Presently she continues to experience neck, back and left knee pain.

Ms. Maradiaga has incurred the following medical damages:

| Medical Providers | Total Amount of Bill |
|---|---|
| Bay Area Injury Rehab | $ 5,445.50 |
| Clear View Diagnostic | $ 2,437.98 |
| Total Amount of Medical Bills: | $ 7,883.48 |

| Medical Providers | Total Amount of Bill |
|---|---|
| Future Medical Treatment [$2,000.00 x 45 Years (Life Expectancy)] | $ 90,000.00 |
| Total Amount of Medical Bills: | $ 90,000.00 |

## DEMAND

On the basis of the foregoing damages, we recommend settling Ms. Maradiaga's claim for one hundred thousand ($100,000.00).

**This settlement demand is also conditioned upon an agreement between our office and your company regarding the language of the final release.**

This offer to negotiate settlement will remain open for fifteen (15) days from the date of your receipt of this letter. In the event that Save Rite does not see fit to settle this claim, we will plan to take this case to a jury.

Please accept this as our formal conditional demand to settle our client's claim for one hundred thousand dollars ($100,000.00). We look forward to hearing from you regarding your answer within fifteen (15) days of the date of your receipt of this letter.

Sincerely,

Leo D. Gómez

LDG/caa