UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. **05-03817-3F1**

In re:                                        )

                                              )   Chapter 11

WINN-DIXIE STORES, INC., et al.,              )

                                              )

        Debtors.                              )

---

**AMENDED MOTION FOR RECONSIDERATION OF ORDER ON DEBTORS' OMNIBUS OBJECTION TO UNRESOLVED LITIGATION CLAIMS BASED ON INSUFFICIENT DOCUMENTATION OR LATE FILED PROOFS OF CLAIM, AS SAID ORDER APPLIES TO CLAIM NUMBER 8637 OF DIANA LEA ALVAREZ**

    Diana Lea Alvarez moves the court, pursuant to 11USC §502(j) and Bankruptcy Rule 3008, to reconsider it's Order on Debtors' Omnibus Objection to Unresolved Ligation Claims Based on Insufficient Documentation or Late Filed Proofs of Claim, to the extent that it denies Movant's Claim number 8637 and would show,

    1.    Movant timely filed her Proof of Claim for a pre-petition personal injury on July 27, 2005 in the amount of $50,000.00, which claim was assigned number 8637.

    2.    Supporting documentation is attached to this Proof of Claim..

    3.    On or about June 22, 2006, the Debtor filed it's Debtors Omnibus Objection to Unresolved Litigation Claims.

    4.    This objection combined eight different objections to approximately 1700 claims. The eight (8) different categories were lettered (a) through (h).

    5.    The reason stated for the Debtor's objection to Movant's claim was  "no liability - disputed claim", which was category (b).  The objection to Movant's claim was not for insufficient documentation (category (c)) nor for being filed late (category (d)).

    6.    Further, this objection stated, in paragraph eight (8), that no relief was being requested at that time and that no hearing was set.

    7.    On or about March 5, 2007, Debtor filed a "Notice of Hearing on Debtor's Omnibus Objection to Unresolved Ligation Claims Based on Insufficient Documentation or Late Filed Proofs of Claim".  This hearing notice, on it's face, only applied to objection categories (c) and (d).

    8.    Movant's claim was timely filed and had sufficient documentation attached to

it. Additionally, Movant has provided documentation to Debtor's claim management company, Sedgwick, further documenting her claim.

    9.  On Debtor's objection, filed on June 22, 2006, Movant's claim was not objected to on either the bases of insufficient documentation or as a late filed Proof of Claim.

    10.  Because it appeared on it's face that the Notice of Hearing did not apply to Movant, Movant did not notice that she was listed as a claimant on the attachment to the Notice of Hearing.

    11.  Claimant was not aware of the hearing scheduled on April 5, 2007 regarding her claim.

    12.  Claimant did not attend said hearing.

    13.  Movant's claim was denied by the above referenced order entered on April 9, 2007.

    14.  Bankruptcy rule 3008 and 11 USC§502(j) allow the court to reconsider a claim which has been disallowed based excusable the neglect of a Claimant. *In re: Bicoastal Corporation*, 126 B. R. 613 (Bankr. M.D. Fla. 1991). The court may reconsider the disallowance of the claim for cause, including excusable neglect or "any other reason justifying relief". Because of the classification of the objection to Movant's claim in the objection itself was changed in the Notice of Hearing, Movant's failure to be aware that the Notice of Hearing applied to her Claim is, at the least, excusable neglect.

    15.  Movant has a meritorious defense, as shown by her Claim, and its attached documentation, as well as the documentation provided to Sedgwick.

    WHEREFORE, the Movant prays the court to enter an order reconsidering the disallowance of Claim number 8637.

## CERTIFICATE OF SERVICE

    ALL INTERESTED PARTIES, listed below, have been notified of this filing by either electronically or via First Class U.S. Mail, postage prepaid this 7th day of June, 2007.

    /s/ Edward P. Jackson
**EDWARD P. JACKSON**
Attorneys for Debtor
516 W. Adams Street
Jacksonville, Florida 32202
(904) 358-1952
(904) 356-9614 Facsimile
FLORIDA BAR #286648

Copies to:

D.J. Baker, Esquire, Four Times Square, New York, New York 10036
James H. Post, Esquire, 225 Water Street, Suite 1800, Jacksonville, FL 32202