# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

## VISAGENT CORPORATION'S SECOND MOTION TO COMPEL REGARDING VISAGENT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND FOR AN AWARD OF ATTORNEYS FEES AND SANCTIONS

Visagent Corporation (hereinafter "Visagent"), a claimant herein, moves the Court pursuant to Federal Rules of Civil Procedure 26 and 37 and Local Rule 7037-1, for an order compelling Winn-Dixie Stores, Inc. and twenty-three (23) of its subsidiaries and affiliates, as the Reorganized Debtors (hereinafter the "Debtors"), to fully respond to Visagent's discovery requests. In support of the motion, Visagent states:

1. Visagent, an unsecured creditor, holds Claim No. 9953 against Debtors in the sum of $131,875,000.00. In the Amended Notice of Claim, filed herein, Visagent contends that Debtors materially and substantially breached an exhaustively negotiated Service Agreement entered into between the parties on June 15, 2001, effective June 28, 2001. Under the terms of this Agreement, Debtors were obligated for three (3) years to exclusively utilize the services of Visagent for the procurement and sale of all merchandise it acquired or sold, through internet or similar electronic means, including any means utilizing facsimile, from and through the secondary market. The secondary market is comprised of all sources (buyers and sellers) of merchandise other than direct purchases and returns from original product manufacturers. Visagent avers that Debtors

breached their contractual obligation in failing to exclusively utilize Visagent's services as provided for in the Agreement and as a result Visagent suffered damages as per the Agreement in the amount of 2% of all transactions in which Debtors participated in the purchase or sale of goods in the secondary market, other those exempted by the Agreement. Additionally, Visagent claims that Debtors violated federal and state laws in connection with usurpation of trade secrets, proprietary information and business opportuntites belonging to Visagent, which were provided to Debtors based on false promises by the Debtors of a continued business arrangement between the parties. Visagent relied on the unrealized inducements and promises of the Debtors to its detriment and suffered catastrophic damages as a direct consequence of Debtors' actions.

2.      Debtors objected to Visagent's claims alleging that they did not breach a duty to Visagent and Visagent failed to adequately perform under the terms of the Agreement.

3.      On July 23, 2006, Visagent served upon the Debtors a First Request for Production, Interrogatories and Requests for Admissions. The inadequate responses to the First Request for Production and Interrogatories are the subject of Visagent's First Motion to Compel, which is presently scheduled for hearing before this Court on June 14, 2007.

4.      On April 18, 2007, Visagent Corporation served a Second Request for Production of Documents, a copy of which is attached hereto as Exhibit A. Upon request of Debtors, the time to respond to the Request for Production was extended for one (1) week. Several days after the due date, the Debtors responded on May 29, 2007, a copy of which is attached hereto as Exhibit B. There were ten (10) separate requests. Debtors

agreed to produce the requested documents from Requests 1, 2 and 10 and, with objection, agreed to produce documents sought in Requests 4, 6, 7 and 8, albeit within a restricted timeframe, which is one of the subjects of the June 14, 2007 hearing on Visagent's First Motion to Compel. Debtors objected to Requests 5 and 9, but indicated that they do not have any responsive documents to these two (2) requests. Debtors objected to Document Request 3.

5.      The specific requests, objections and responses thereto for Requests 1, 2, 4, 6, 7, 8 and 10 are listed below:

Document Request No. 1:    A true and accurate copy of the Service Agreement "signed by a duly authorized representative of the Debtors" as referred to in Debtor's answer to Request No. 2 to Visagent's First Request For Admissions.

Response to Document Request No. 1:    Debtors will produce any such documents in their possession, custody or control which Debtors have not already produced.

Document Request No. 2:    All minutes, synopses, correspondence, emails or any other documentation referencing or relating to any joint Visagent/Winn Dixie meetings, seminars, training sessions, or conferences, or any internal meetings, seminars, training sessions, or conferences relating to any aspect of Visagent's services.

Response to Document Request No. 2:    Debtors will produce any such documents in their possession, custody or control which Debtors have not already produced.

<u>Document Request No. 4</u>:    Personnel files of all Winn Dixie employees assigned to secondary market department, alternate source department, or any other employee who was assigned or has knowledge of relationship or contract between Winn Dixie and Visagent, including but not limited to the personnel files of:

>Tom Barr
>Darryl Mills
>Phil Payment
>Melissa Fowler
>Kevin Gates
>Seth Gaynor
>Glenn Hamilton
>Dick Judd
>Dan LeFever
>Ed Mieskoski
>David Mulcoch
>Justin Struther
>Les Wulfert

<u>Objection to Document Request No. 4</u>:    Debtors object to this request because it is overly broad and burdensome and will not lead to the discovery of admissible evidence. The Debtors also object to this request to the extent it seeks access to information protected by the named individuals' rights to privacy under the Florida Constitution.

<u>Response to Document Request No. 4</u>:    Subject to their objections and the Protective Order regarding Confidential Information, Debtors will produce the personal files of Winn-Dixie employees having knowledge of the relationship pr contract between Winn-Dixie and Visagent to the extent such files relate to Visagent and to the extent such documents are in the Debtors' possession, custody or control.

Document Request No. 6:    Any and all communications between Victory and Winn Dixie regarding Winn Dixie's access to and use of the "NTS" between 7/10/02 and 1/31/05.

Objection to Document Request No. 6:    Debtors object to this request because it is overly broad as to the time frame identified.

Response to Document Request No. 6:    Subject to their objection, Debtors will produce any such documents in their possession, custody or control which Debtors have not already been produced, for the period July 10, 2002 to June 28, 2004.

Document Request No. 7:    Copies of all documents reflecting Winn Dixie's access to "NTS" and Victory's maintenance and customization of "NTS" on behalf of Winn Dixie from 7/10/02 until 1/31/05.

Objection to Document Request No. 7:    Debtors object to this request because it is overly broad as to the time frame identified.

Response to Document Request No. 7:    Subject tot heir general objections, Debtors will produce any such documents in their possession, custody or control which debtors have not already produced, for the period July 10, 2002 to June 28, 2004.

Document Request No. 8:    Any and all documents reflecting communications from Winn Dixie to Alternate Source Vendors from 6/15/01 to 1/01/05 including, but not limited to, correspondence, emails, facsimiles, and instant messages.

<u>Objection to Document Request No. 8</u>:       Debtors object to this request because (i) it is overly broad and burdensome, (ii) it will not lead to the discovery of admissible evidence, and (iii) it is vague due to the term "Alternative Source Vendor."

<u>Response to Document Request No. 8</u>:       Subject to their objections, Debtors will produce any such documents in their possession, custody or control which Debtors have not already produced, for the period June 28, 2001 to June 28, 2004.

<u>Document Request No. 10</u>:   All documents concerning or referencing due diligence or any other investigation by Winn Dixie regarding Visagent or any of its officers, directors and/or employees.

<u>Response to Document Request No. 10</u>:       Debtors will produce copies of any such documents in their possession, custody or control which Debtors have not already produced.

6.      On May 29, 2007, Guy Rubin, Esq. sent an e-mail to counsel for Debtors as follows:

"....I would like to inspect the original files for all documents identified in your responses to Visagent's 2nd Request for Production. Please advise when I can inspect the documents early next week...."

A copy of this e-mail is attached hereto as Exhibit C.

7.      On May 31, 2007, Mr. Rubin sent an e-mail to counsel for Debtors requesting a response to the previous request. A copy of this transmission is attached hereto as Exhibit D.

8.     On the same day, counsel for Debtors responded by e-mail to Guy Rubin Esq.'s request as follows:

"...We will confer with our client and contact your office with dates for the inspection of documents..."

A copy of this e-mail is attached hereto as Exhibit E.

9.     On June 4, 2007, Mr. Rubin once again wrote to counsel for Debtors via e-mail stating:

"...You have not responded with my request for a date this week to inspect the documents referenced in the WD response to Visagent's second request to produce. I would like to inspect the documents this Wednesday, June 6th. Please provide a location for the inspection and an acknowledgement that all documents in originally kept form will be available for inspection and copying if necessary..."

A copy of this e-mail is attached hereto as Exhibit F.

10.     On the following day, June 5, 2007, counsel for the Debtors responded by e-mail as follows (attached as Exhibit G):

"....As stated in my May 31 response to your request for a date to inspect the documents, we will confer with our client and contact your office with dates for the inspection of documents. The documents will not be available for inspection tomorrow, June 6th. In keeping with the requirements set forth in Rule 7034, the documents will be produced either as they were kept in the usual course of business or will be organized and labeled to correspond with categories in the request...." Mr. Rubin thereafter advised counsel for debtors that unless a date for inspection was established a motion would be filed. On

June 7, 2007, this deponent left a message at 2:25pm for debtor's counsel again requesting said date.

11.    Although the documents requested in the above specified Requests have been promised to be produced by Debtors, they categorically refuse to provide Visagent with a date certain for inspection. Although they agree to produce the documents, such a promise without a firm date for compliance is tantamount to meaningless overtures and smacks of lip service to discovery compliance. "„,(A) party who agrees to produce documents must fulfill its agreement even though there may be unresolved disputes with respect to production of all of the documents called for in a discovery request..." VIPRE Systems LLC v. NITV LLC, 2007 WL 1231825, MD FL 2007.

12.    Visagent's request for a date to inspect the promised documents is a simple and uncomplicated matter. It should not require judicial intervention to resolve a mere issue of scheduling, but Debtors have chosen to take this path by virtue of their recalcitrance and unwillingness to proffer a date for the inspection of documents they agreed to produce. Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion. ISO Claims Services, Inc. v. Appraisal.com Inc., 2007 WL 678014, MD FL 2007. Furthermore, "discovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery @ p. 1.

13.    Visagent respectfully requests an award of attorney fees and sanctions against Debtors. This is Visagent's Second Motion to Compel, both of which have been precipitated by Debtors' truculence and oppositional behavior. Establishing a date for an

inspection of documents should not be the subject of judicial intervention, yet Debtors' refuse to cooperate.

## CERTIFICATE OF GOOD FAITH

I HEREBY CERTIFY that both Guy Rubin, Esq. and I personally made a good faith effort to resolve the issues set forth by way of this Motion prior to filing same. As outlined in the Memorandum, the issues raised could not be resolved.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of this Motion has been filed via U.S. Mail and that a true and correct copy of the foregoing has been furnished by US regular Mail to: David L. Gay, Smith, Hulsey & Busey, 225v Water Street, Suite 1800, Jacksonville, Florida 32202 on the 7 th day of June 2007.

Gladys C. Laforge, Esq.
NY Attorney Reg#1707868
Guy Bennett Rubin, Esq. (FBN 691305)
Attorneys for Plaintiffs
**RUBIN & RUBIN**
P.O. Box 395
Stuart, Florida 34995
Telephone:    (772) 283-2004
Facsimile:    (772) 283-2009

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

IN RE:

WINN-DIXIE STORES, INC. et al    )

Debtors.

)
)
)
)
)
)

CASE NO.: 05-03817-3F1

Chapter 11

Jointly Administered

## VISAGENT CORPORATION'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Visagent Corporation hereby serves its second request for production of documents to Debtor pursuant to Bankruptcy Rules 7026, 7033 and 7034.

For the purposes of these requests, "secondary market" is defined as all sources (buyers and sellers) of merchandise other than direct purchases and returns from original product manufacturers or their authorized representatives. The request for production requires the production of all existing hard-copies of documentation included in each request AND also requires the production of all data stored upon any electronic device including computer hard drive(s), tapes or tape drives, or any other form of media containing the information requested.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    A true and accurate copy of the Service Agreement "signed by a duly authorized representative of the Debtors" as referred to in Debtor's answer to Request No. 2 to Visagent's First Request For Admissions.

2.    All minutes, synopses, correspondence, emails or any other documentation referencing or relating to any joint Visagent/Winn Dixie meetings, seminars, training



sessions, or conferences, or any internal meetings, seminars, training sessions, or conferences relating to any aspect of Visagent's services.

3.    All documentation referencing the Winn Dixie Charity Golf Tournament from January 1, 2001 to December 31, 2005, including but not limited to notes, correspondence, invitations, lists of participants, lists of vendors, lists of donors, payments for registration.

4.    Personnel files of all Winn Dixie employees assigned to secondary market department, alternate source department, or any other employee who was assigned or has knowledge of relationship or contract between Winn Dixie and Visagent, including but not limited to the personnel files of:

> Tom Barr
> Darryl Mills
> Phil Payment
> Melissa Fowler
> Kevin Gates
> Seth Gaynor
> Glenn Hamilton
> Dick Judd
> Dan LeFever
> Ed Mieskoski
> David Mulcoch
> Justin Struther
> Les Wulfert

5.    Copies of all licenses or any other form of permission given to Winn Dixie by Victory for access to its "Network Trading System" (NTS) from 7/10/02 through 1/31/05.

6.      Any and all communications between Victory and Winn Dixie regarding Winn Dixie's access to and use of the "NTS" between 7/10/02 and 1/31/05.

7.      Copies of all documents reflecting Winn Dixie's access to "NTS" and Victory's maintenance and customization of "NTS" on behalf of Winn Dixie from 7/10/02 until 1/31/05.

8.      Any and all documents reflecting communications from Winn Dixie to Alternate Source Vendors from 6/15/01 to 1/01/05 including, but not limited to, correspondence, emails, facsimiles, and instant messages.

9.      Any and all contracts, invoices, letters and communications of any kind for services from January 1, 2001 to January 1, 2005 between Winn Dixie and any company hired to transport goods in the secondary market.

10.     All documents concerning or referencing due diligence or any other investigation by Winn Dixie regarding Visagent or any of its officers, directors and/or employees.

## CERTIFICATE OF SERVICE

I certify that a true copy was sent via U.S. Mail and via electronic filing to Clerk of the Bankruptcy Court and to counsel for the Debtor this ___ day of April, 2007.

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Attorney for Plaintiff

Copy furnished to:

Stephen D. Busey
James H. Post
Cynthia C. Jackson
**Smith Hulsey & Busey**
225 Water Street
Suite 1800
Jacksonville, FL 32202
Tel: (904) 359-7700
Fax: (904) 359-7708

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:                                            Case No. 05-03817-3F1

                  )

WINN-DIXIE STORES, INC., et al.,                  Chapter 11

                  )

        Reorganized Debtors.             Jointly Administered

_____)

### DEBTORS' RESPONSE TO VISAGENT CORPORATION'S
### SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Winn-Dixie Stores, Inc., on behalf of itself and its reorganized subsidiaries and affiliates (collectively, the "Debtors"), responds to Visagent Corporation's second request for the production of documents, below.

### General Objections

Debtors object to these document requests to the extent they seek the disclosure of information protected by the attorney-client privilege or the work product doctrine. Debtors will make documents available for inspection at a mutually convenient time in the offices of Smith Hulsey & Busey. The responses below are subject to these General Objections.

### Specific Objections and Responses

Document Request No. 1: A true and accurate copy of the Service Agreement "signed by a duly authorized representative of the Debtors" as referred to in Debtors' answer to Request No. 2 to Visagent's First Request for Admissions.



EXHIBIT
B

<u>Response to Document Request No. 1</u>:   Debtors will produce any such

documents in their possession, custody or control which Debtors have not already

produced.

> <u>Document Request No. 2</u>:   All minutes, synopses,
> correspondence, emails or any other documentation
> referencing or relating to any joint Visagent/Winn-Dixie
> meetings, seminars, training sessions, or conferences, or
> any internal meetings, seminars, training sessions or
> conferences relating to any aspect of Visagent's services.

<u>Response to Document Request No. 2</u>:   Debtors will produce any such

documents in their possession, custody or control which Debtors have not already

produced.

> <u>Document Request No. 3</u>:   All documentation
> referencing the Winn-Dixie Charity Golf Tournament
> from January 1, 2001 to December 31, 2005, including
> but not limited to notes, correspondence, invitations, list
> of participants, list of vendors, list of donors, payments
> for registration.

<u>Objection to Document Request No. 3</u>:  Debtors object to this request because

it is overly broad and burdensome and will not lead to the discovery of admissible

evidence.

> <u>Document Request No. 4</u>:  Personnel files of all Winn-
> Dixie employees assigned to secondary market
> department, alternate source department, or any other
> employee who was assigned or has knowledge of
> relationship or contract between Winn-Dixie and
> Visagent, including but not limited to the personnel files
> of:
>> Tom Barr
>> Darryl Mills
>> Phil Payment

2

Melissa Fowler
Kevin Gates
Seth Gaynor
Glenn Hamilton
Dick Judd
Dan LeFever
Ed Mieskoski
David Mulcoch
Justin Struther
Les Wulfert

Objection to Document Request No. 4: Debtors object to this request because it is overly broad and burdensome and will not lead to the discovery of admissible evidence. The Debtors also object to this request to the extent it seeks access to information protected by the named individuals' rights to privacy under the Florida Constitution.

Response to Document Request No. 4: Subject to their objections and the Protective Order regarding Confidential Information, Debtors will produce the personal files of Winn-Dixie employees having knowledge of the relationship or contract between Winn-Dixie and Visagent to the extent such files relate to Visagent and to the extent such documents are in the Debtors' possession, custody or control.

> Document Request No. 5: Copies of all licenses or any other form of permission given to Winn-Dixie by Victory for access to its "Network Trading System" (NTS) from 7/10/02 through 1/31/05.

Objection to Document Request No. 5: Debtors object to this request because it is overly broad as to the time frame identified.

Response to Document Request No. 5: Debtors do not have any such documents in their possession, custody or control.

3

> Document Request No. 6: Any and all communications between Victory and Winn-Dixie regarding Winn-Dixie's access to and use of the "NTS" between 7/10/02 and 1/31/05.

Objection to Document Request No. 6: Debtors object to this request because it is overly broad as to the time frame identified.

Response to Document Request No. 6: Subject to their objections, Debtors will produce any such documents in their possession, custody or control which Debtors have not already produced, for the period July 10, 2002 to June 28, 2004.

> Document Request No. 7: Copies of all documents reflecting Winn-Dixie's access to "NTS" and Victory's maintenance and customization of "NTS" on behalf of Winn-Dixie from 7/10/02 until 1/31/05.

Objection to Document Request No. 7: Debtors object to this request because it is overly broad as to the time frame identified.

Response to Document Request No. 7. Subject to their general objections, Debtors will produce any such documents in their possession, custody or control which Debtors have not already produced, for the period July 10, 2002 to June 28, 2004.

> Document Request No. 8: Any and all documents reflecting communication from Winn-Dixie to Alternative Source Vendors from 6/15/01 to 1/1/05 including, but not limited to, correspondence, emails, facsimiles, and instant messages.

Objection to Document Request No. 8: Debtors object to this request because (i) it is overly broad and burdensome, (ii) it will not lead to the discovery of

4

admissible evidence, and (iii) it is vague due to the undefined term "Alternative
Source Vendor."

Response to Document Request No. 8:  Subject to their objections, Debtors
will produce any such documents in their possession, custody or control which
Debtors have not already produced, for the period June 28, 2001 to June 28, 2004.

> Document Request No. 9:  Any and all contracts,
> invoices, letters and communications of any kind for
> services from January 1, 2001 to January 1, 2005
> between Winn-Dixie and any company hired to transport
> goods in the secondary market.

Objection to Document Request No. 9: Debtors object to this request because
it is overly broad and will not lead to the discovery of admissible evidence.

Response to Document Request No. 9:  Debtors do not have any such
documents in their possession, custody or control.

Document Request No. 10:  All documents concerning or referencing due diligence or any other investigation by Winn-Dixie regarding Visagent or any of its officers, directors and/or employees.

Response to Document Request No. 10:  Debtors will produce copies of any such documents in their possession, custody or control which Debtors have not already produced.


SMITH HULSEY & BUSEY

By _____
    Stephen D. Busey
    James A. Bolling
    David L. Gay

Florida Bar Number 839221
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
dgay@smithhulsey.com

Counsel for Reorganized Debtors

6

## Certificate of Service

I hereby certify that a copy of the foregoing has been furnished **by mail and
facsimile** to Guy Bennett Rubin, Esq., Rubin & Rubin, Post Office Box 395, Stuart,
Florida and Paul M. Harden, Esq., Rubin & Rubin, 1301 Riverplace Boulevard, Suite
2601, Jacksonville, Florida 32207, this 29th day of May, 2007.

_____
Attorney

00564700

7

**Kristen Gallas**

| | |
|---|---|
| **From:** | Gladys LaForge |
| **Sent:** | Wednesday, June 06, 2007 9:27 AM |
| **To:** | Kristen Gallas |
| **Subject:** | FW: Visagent v WD |

**From:** Guy Rubin
**Sent:** Tuesday, May 29, 2007 5:52 PM
**To:** David L. Gay
**Cc:** Gladys LaForge; Kristen Gallas; Paul Harden
**Subject:** Visagent v WD

Mr. Gay,

I would like to inspect the original files for all documents identified in your responses to Visagent's 2nd Request For Production. Please advise when I can inspect the documents early next week.

Regarding the interrogatories, it certainly seems as though your client continues to play games. In this instance, by my calculations your response is late. I have the date you were electronically served as April 18, 2007 and the due date for response as May 18th plus three days mailing. (if you have a different calculation please advise) Yet you waited until after the due date to respond, only to object, asserting the request to be defective instead of advising of that position when you got the request. I believe you have waived any objection that may have applied to this request. I plan to bring this gamesmanship to the Court's attention at the Omnibus hearing. In an effort to get some discovery and move this matter forward in the meantime, without waiving any rights, what time frame do you consider to be "on an expedited basis"?

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
520 S. Federal Highway
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.



EXHIBIT
C

**Kristen Gallas**

| | |
|---|---|
| **From:** | Gladys LaForge |
| **Sent:** | Wednesday, June 06, 2007 9:25 AM |
| **To:** | Kristen Gallas |
| **Subject:** | FW: Visagent v WD |

---

**From:** Guy Rubin
**Sent:** Thursday, May 31, 2007 5:12 PM
**To:** David L. Gay
**Cc:** Gladys LaForge; Kristen Gallas; Paul Harden; Nayeli Carpenter
**Subject:** FW: Visagent v WD

Mr. Gay,

Please respond to my email below sent to you Tuesday afternoon regarding production matters.  Thank you.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
520 S. Federal Highway
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law.  If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure.  Thank you.

---

**From:** Guy Rubin
**Sent:** Tuesday, May 29, 2007 5:52 PM
**To:** 'David L. Gay'
**Cc:** Gladys LaForge; Kristen Gallas; Paul Harden
**Subject:** Visagent v WD

Mr. Gay,

I would like to inspect the original files for all documents identified in your responses to Visagent's 2nd Request For Production.  Please advise when I can inspect the documents early next week.

Regarding the interrogatories, it certainly seems as though your client continues to play games. In this instance, by my calculations your response is late.  I have the date you were electronically served as April 18, 2007 and the due date for response as May 18th plus three days mailing. (if you have a different calculation please advise) Yet you waited until after the due date to respond, only to object, asserting the request to be defective instead of advising of that position when you got the request. I believe you have waived any objection that may have applied to this request.  I plan to bring this gamesmanship to the Court's attention at the Omnibus hearing. In an effort to get some discovery and move this matter forward in the meantime, without waiving any rights, what time frame do you consider to be "on an expedited basis"?

1

EXHIBIT

Blumberg No. 5119

D

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
520 S. Federal Highway
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law.  If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure.  Thank you.

Thank you.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
520 S. Federal Highway
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law.  If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure.  Thank you.

---

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Thursday, May 31, 2007 5:17 PM
**To:** Guy Rubin
**Subject:** RE: Visagent v WD

Mr. Rubin,

We will confer with our client and contact your office with dates for the inspection of documents.

In response to your comments regarding Winn-Dixie's objections to Visagent's second interrogatories, on May 18 we requested, and you granted, a one week extension of the response deadline.  A copy of the email correspondence wherein you granted the extension is attached.  Accordingly, Winn-Dixie's responses and objections were timely.

Winn-Dixie will, without waiver of any objection to the number of interrogatories, provide responses to those interrogatories Visagent identifies from its second  interrogatories, not to exceed the number of interrogatories allowed by Rule 7033, no later than 10 days following receipt of such interrogatories.

**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:guy.rubin@rubinandrubin.com]
**Sent:** Tuesday, May 29, 2007 5:52 PM
**To:** David L. Gay
**Cc:** Gladys LaForge; Kristen Gallas; Paul Harden
**Subject:** Visagent v WD

Mr. Gay,



## Kristen Gallas

**From:**    Gladys LaForge
**Sent:**    Wednesday, June 06, 2007 9:24 AM
**To:**      Kristen Gallas
**Subject:** FW: Visagent v WD document inspection

---

**From:** Guy Rubin
**Sent:** Monday, June 04, 2007 5:52 PM
**To:** David L. Gay
**Cc:** Nayeli Carpenter; Gladys LaForge; Paul Harden; Kristen Gallas
**Subject:** RE: Visagent v WD document inspection

Mr. Gay,

You have not responded with my request for a date this week to inspect the documents referenced in
WD response to Visagent's second request to produce. I would like to inspect the documents this
Wednesday, June 6th.  Please provide a location for the inspection and an acknowledgement that all
documents in originally kept form will be available for inspection and copying if necessary.

Thank you.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
520 S. Federal Highway
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information,
protected under state and federal law.  If you received this message in error, or are not an intended recipient,
please delete this message and contact my office advising of the in advertent disclosure.  Thank you.

---

> **From:** David L. Gay [mailto:dgay@smithhulsey.com]
> **Sent:** Thursday, May 31, 2007 5:17 PM
> **To:** Guy Rubin
> **Subject:** RE: Visagent v WD
>
> Mr. Rubin,
>
> We will confer with our client and contact your office with dates for the inspection of documents.
>
> In response to your comments regarding Winn-Dixie's objections to Visagent's second interrogatories, on
> May 18 we requested, and you granted, a one week extension of the response deadline.  A copy of the
> email correspondence wherein you granted the extension is attached.  Accordingly, Winn-Dixie's
> responses and objections were timely.



6/7/2007

Winn-Dixie will, without waiver of any objection to the number of interrogatories, provide responses to those interrogatories Visagent identifies from its second interrogatories, not to exceed the number of interrogatories allowed by Rule 7033, no later than 10 days following receipt of such interrogatories.

**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:guy.rubin@rubinandrubin.com]
**Sent:** Tuesday, May 29, 2007 5:52 PM
**To:** David L. Gay
**Cc:** Gladys LaForge; Kristen Gallas; Paul Harden
**Subject:** Visagent v WD

Mr. Gay,

I would like to inspect the original files for all documents identified in your responses to Visagent's 2nd Request For Production. Please advise when I can inspect the documents early next week.

Regarding the interrogatories, it certainly seems as though your client continues to play games. In this instance, by my calculations your response is late. I have the date you were electronically served as April 18, 2007 and the due date for response as May 18th plus three days mailing. (if you have a different calculation please advise) Yet you waited until after the due date to respond, only to object, asserting the request to be defective instead of advising of that position when you got the request. I believe you have waived any objection that may have applied to this request. I plan to bring this gamesmanship to the Court's attention at the Omnibus hearing. In an effort to get some discovery and move this matter forward in the meantime, without waiving any rights, what time frame do you consider to be "on an expedited basis"?

From the desk of:

Guy Bennett Rubin, Esq.

Rubin & Rubin, Attorneys and Counselors

520 S. Federal Highway

Stuart, Florida 34994

772.283.2004

6/7/2007

772.283.2009 fax

guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law.  If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure.  Thank you.

The information contained in this communication may be confidential, is intended only for the use of the recipient (s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

6/7/2007

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Tuesday, June 05, 2007 11:21 AM
**To:** Guy Rubin
**Subject:** RE: Visagent v WD document inspection

Mr. Rubin,

As stated in my May 31 response to your request for a date to inspect the documents, we will confer with our client and contact your office with dates for the inspection of documents. The documents will not be available for inspection tomorrow, June 6.

In keeping with the requirements set forth in Rule 7034, the documents will be produced either as they were kept in the usual course of business or will be organized and labeled to correspond with categories in the request.


**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com


---

**From:** Guy Rubin [mailto:guy.rubin@rubinandrubin.com]
**Sent:** Monday, June 04, 2007 5:52 PM
**To:** David L. Gay
**Cc:** Nayeli Carpenter; Gladys LaForge; Paul Harden; Kristen Gallas
**Subject:** RE: Visagent v WD document inspection

Mr. Gay,

You have not responded with my request for a date this week to inspect the documents referenced in WD response to Visagent's second request to produce. I would like to inspect the documents this Wednesday, June 6th. Please provide a location for the inspection and an acknowledgement that all documents in originally kept form will be available for inspection and copying if necessary.

Thank you.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
520 S. Federal Highway
Stuart, Florida 34994
772.283.2004


EXHIBIT
G

772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Thursday, May 31, 2007 5:17 PM
**To:** Guy Rubin
**Subject:** RE: Visagent v WD

Mr. Rubin,

We will confer with our client and contact your office with dates for the inspection of documents.

In response to your comments regarding Winn-Dixie's objections to Visagent's second interrogatories, on May 18 we requested, and you granted, a one week extension of the response deadline. A copy of the email correspondence wherein you granted the extension is attached. Accordingly, Winn-Dixie's responses and objections were timely.

Winn-Dixie will, without waiver of any objection to the number of interrogatories, provide responses to those interrogatories Visagent identifies from its second interrogatories, not to exceed the number of interrogatories allowed by Rule 7033, no later than 10 days following receipt of such interrogatories.

**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

**From:** Guy Rubin [mailto:guy.rubin@rubinandrubin.com]
**Sent:** Tuesday, May 29, 2007 5:52 PM
**To:** David L. Gay
**Cc:** Gladys LaForge; Kristen Gallas; Paul Harden
**Subject:** Visagent v WD

Mr. Gay,

I would like to inspect the original files for all documents identified in your responses to Visagent's 2nd Request For Production. Please advise when I can inspect the documents early next week.