### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| | | |
| Reorganized Debtors[1]. | ) | Jointly Administered |

### DEBTORS' RESPONSE IN OPPOSITION TO
### MOTION TO SCHEDULE OMNIBUS HEARING REGARDING
### MOTIONS TO ALLOW LATE FILED ADMINISTRATIVE CLAIMS

Debtor, Winn-Dixie Stores, Inc., on behalf of itself and its reorganized subsidiaries and affiliates (collectively, the "Debtors"), files this response in opposition to the Motion to Schedule Omnibus Hearing Regarding Motions to Allow Late Filed Administrative Claims (Docket No. 16196) (the "Motion") filed on behalf of three personal injury claimants, Miriam Gonzalez, Ynes Herrera and Juan Quintana (the "Three Personal Injury Claimants") and says:

1.      On February 21, 2005, the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code.

2.      On November 9, 2006, this Court entered an Order (the "Confirmation

---

[1]  In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.  With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

Order") confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Plan"), which became effective on November 21, 2006.

3.     Pursuant to Section 1141(d) of the Code, the Confirmation Order discharged the Debtors from all debts arising prior to Confirmation, including all debts or claims arising against the Debtors between February 21, 2005 and November 21, 2006 ("Administrative Claims").  Each creditor whose claim was discharged is barred, pursuant to Section 524(a) of the Code, from instituting or continuing any action against the Debtors to collect or recover such debts.

4.     Pursuant to the Confirmation Order, an Administrative Claims Bar Date Notice (the "Bar Date Notice") was sent by mail to all parties in interest, including the Three Personal Injury Claimants, advising them that administrative expense claims must be filed with the Bankruptcy Court on or before January 5, 2007 and that the failure to do so would result in their claim being time-barred and relinquished.  A copy of the Bar Date Notice is attached as Exhibit A. The Bar Date Notice was also published in national and regional newspapers.

5.     The Bar Date Notice was served by Logan & Company, the bankruptcy administration specialists appointed as claims agent for the Bankruptcy Court by Order entered on March 4, 2005 (Docket No. 255).   As a result of Logan & Company's mailing of the Bar Date Notice, over 930 personal injury claimants whose alleged injuries arose during the Administrative Expense Claim period filed timely applications for administrative expense claims.   Only approximately 88 of such claimants (9%) failed to meet the Bar Date and, therefore, filed motions for leave to

file late administrative claims.   Only approximately 35 of those claimants (4%) alleged in their late claim motions that they or their attorneys did not receive actual notice of the Bar Date.  Moreover, several of those 35 claimants have settled or are in negotiations with the Debtors to settle their claims.

6.      In the Motion before this Court, the Three Personal Injury Claimants have requested this Court to schedule an "omnibus evidentiary hearing" for their late filed claims and the late filed claims of 29 other personal injury claimants who allegedly did not receive actual notice of the Bar Date Notice.  The Motion should be denied because:

a.      As a matter of law, each motion to allow a late filed administrative claim filed in these cases constitutes a separate contested matter as contemplated by Rule 9014, Federal Rules of Bankruptcy Procedure.

b.      The determination of whether to allow the filing of a late claim is required to be made on a case by case basis.  *See In re Guillebeaux,* 361 B.R. 87, 91 (Bankr.M.D.N.C.2007) (in determining whether to allow a late claim, "each claim must be individually evaluated according to its circumstances").

c.      If an evidentiary hearing on one or more of these motions to allow late filed claims becomes necessary, each such hearing will require evidence unique to each claim of "excusable neglect."   Included in the evidence each claimant will need to present at each such hearing will be (i) evidence which rebuts the presumption of receipt of the properly mailed bar date notice, (ii) evidence of the claimant's particular procedures for handling

mail and/or their attorneys' procedures, and (iii) any additional evidence which might arguably support each claimant's assertion of excusable neglect.

d.      The Debtors have been and are continuing to negotiate with individual claimants in an attempt to consensually resolve the late filed claims without the necessity of any evidentiary hearing.

For the foregoing reasons, the Debtors respectfully request that the Court deny the Motion to Schedule an Omnibus Hearing on 32 motions to allow late filed Administrative Expense Claims.

Dated:   June 8, 2007.

SMITH HULSEY & BUSEY

By: *s/ James H. Post*
       James H. Post
       Leanne McKnight Prendergast

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Attorneys for Reorganized Debtors

<u>Certificate of Service</u>

I certify that a copy of the foregoing has been furnished electronically and/or by mail to (i) Joel L. Tabas, Esq. and Amber Donner, Esq., Tabas, Freedman, Soloff & Miller, P.A., 919 Ingraham Building, 25 Southeast Second Avenue, Miami, Florida 33131-1538; (ii) David L. Perkins, Esq., Hoffman, Larin & Agnetti, P.A., 909 North Miami Beach Blvd., Suite 201, Miami, Florida 33162; (iii) Marsha G. Rydberg, Esq., The Rydberg Law Firm, P.A., 201 N. Franklin Street, Suite 1625, Tampa, Florida 33602; and (iv) Stephen R. Leslie, Esq. and Amy Denton Harris, Esq., Stichter Riedel Blain & Prosser, P.A., 110 East Madison Street, Suite 200, Tampa, Florida 33602 this 8th day of June, 2007.



*s/James H. Post*
Attorney

568080

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., <u>et al.</u>,[1] | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

### NOTICE OF (A) ENTRY OF ORDER CONFIRMING PLAN OF REORGANIZATION, (B) OCCURRENCE OF EFFECTIVE DATE OF PLAN, AND (C) BAR DATES FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS

**TO:     ALL PARTIES IN INTEREST**

**PLEASE TAKE NOTICE THAT:**

1.      On November 9, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") entered its Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order"). Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated August 9, 2006, as modified by the First Modification to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated October 10, 2006 (together, the "Plan"). Copies of the Confirmation Order and the Plan may be obtained by accessing http://www.loganandco.com or <u>http://www.flmb.uscourts.gov</u>.

2.      The conditions to consummation of the Plan set forth in Section 10.2 of the Plan were satisfied (or waived) on November 21, 2006. Thus, in accordance with the terms of the Plan, the Plan became effective on November 21, 2006 (the "Effective Date"). All references in the Plan and the Confirmation Order to the Effective Date are to November 21, 2006.

3.      In accordance with Section 12.1 of the Plan, subject to the provisions of paragraph 4 below, all requests for payment of an Administrative Claim <u>or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006,</u> (other than as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4, or 12.5 of the Plan) must be made by application filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors and the Post-Effective Date Committee **no later than January 5, 2007**, which is the date forty-five (45) days after the Effective Date. The filing of an application must be made via the Bankruptcy Court's electronic filing procedures (electronic filing is mandatory for all attorneys) or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202. The service of an application on counsel for the Reorganized Debtors must be made by delivery of a copy upon James Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: jpost@smithhulsey.com; and service of an application on counsel for the Post-Effective Date Committee must be made by delivery of a copy upon Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: <u>mbarr@milbank.com</u>. In the event that the Reorganized Debtors object to an application, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. **Subject to the provisions of paragraph 4 below, an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006 that is not asserted in an application filed and served no later than January 5, 2007, shall be forever barred and deemed waived and relinquished in full, and the Reorganized Debtors shall have no obligation to pay such Claim.**

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

4.      Notwithstanding the provisions of paragraph 3, (a) no application seeking payment of an Administrative Claim or any Claim arising between February 21, 2005 and November 21, 2006 is required with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business; *provided, however*, that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; and (b) no application is required with respect to Cure owing under an executory contract or unexpired lease if the amount of Cure is fixed or proposed to be fixed by order of the Bankruptcy Court pursuant to a motion to assume and fix the amount of Cure filed by the Debtors and a timely objection asserting an increased amount of Cure filed by the non-Debtor party to the subject contract or lease.

5.      In accordance with Section 12.2(a) of the Plan, all final requests for payment of Professional Fee Claims pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Reorganized Debtors, their counsel, counsel to the Creditors Committee or the Post-Effective Date Committee, the fee examiner, and other necessary parties-in-interest **no later than January 22, 2007**, which date is sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. No hearing shall be held on an application for a Professional Fee Claim until the fee examiner has completed and filed a report with respect to the Professional Fee Claim. Objections to such applications must be filed and served on the Reorganized Debtors, their counsel, and the requesting Professional or other entity on or before the date that is thirty (30) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the later of (i) the date on which the applicable application was served or (ii) the date on which the fee examiner's report with respect to the applicable Professional Fee Claim was filed.

Dated:  December 6, 2006

| | |
|---|---|
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin | James H. Post, Cynthia C. Jackson, Leanne Prendergast |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| Four Times Square, New York, New York 10036 | 225 Water Street, Suite 1800, Jacksonville, Florida  32202 |
| | |
| Co-Counsel for Reorganized Debtors | Co-Counsel for Reorganized Debtors |

# IF YOU HAVE QUESTIONS CONCERNING THIS NOTICE, PLEASE CONTACT:

**TANA COPELAND**
**LEGAL ASSISTANT**
**SMITH HULSEY & BUSEY**
**PHONE:  904-359-7850**
**EMAIL: tcopeland@smithhulsey.com**