**IN THE BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al,

Debtors.

Case No.: 3:05-bk-3817-JAF
*Chapter 11*
Jointly Administered

**MOTION FOR (A) RELIEF FROM BAR DATE FOR FILING CLAIMS
ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE
CLAIMS, FROM SECTION 524 AND FROM ORDER CONFIRMING PLAN OF
REORGANIZATION AND (B) TO ALLOW LATE FILED APPLICATION FOR
ADMINISTRATIVE EXPENSE CLAIM OF DOROTHY ASHMORE**
(Post-petition personal injury claim)

Pursuant to Federal Rule of Bankruptcy Procedure 9024, Dorothy Ashmore, by and

through her undersigned attorneys, moves this Court for an order granting her relief from the

Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective

Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other

Administrative Claims, (Docket No.12991) . ("Bar Notice"), for relief from Bankruptcy Code

Section 524, for relief from the Order Confirming Joint Plan of Reorganization of Winn-Dixie

Stores, Inc., and Affiliated Debtors (Docket No.  12440) ("Confirmation Order) and, pursuant to

Sections 503(a) and Rule 9006(b), authorizing the Claimant to file the Application for Allowance

of Administrative Expense Claim for Post-Petition Personal Injury attached hereto as Exhibit "A"

(the "Application") and states as follows:

1.      On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates

(collectively, the "Debtor") filed voluntary petitions for reorganization relief under Chapter 11 of

title 11 of the United States Code U.S.C. § §101-1330, as amended.

2.      At all times pertinent to this Motion, Debtor has operated and managed its business as Debtor in Possession.

3.      On or about May 9, 2005, Claimant Dorothy Ashmore was electrocuted or shocked by a display case located in Debtor's store at 3625 Highway 14, Millbrook, Alabama 36054. Damages sustained from a post-petition tort committed by the Debtor have administrative expense priority. <u>Reading Co. v. Brown</u>, 391 U.S. 471 (1968).

4.      On or about February 3, 2006, Steven P. Floyd ("Floyd") began communicating with Sedgwick Claims Management Services, Inc., the third party claims administrator for Winn Dixie Stores, Inc. regarding Ms. Ashmore's claim. The claim had previously been denoted with a claim number of A511205703-0001-01. Claims communications continued between Floyd and Sedgwick through 2006.

5.      On November 9, 2006, this Court entered the Confirmation Order. The Confirmation Order established a bar date of January 5, 2007, for administrative expense applications.

6.      According to the Certificate of Service appearing on the Bankruptcy Court Docket, Document No. 13200, the Bar Notice was mailed on or about December 6, 2006, establishing an administrative claim bar date of January 5, 2007.

7.      Neither Claimant nor Claimant's attorney Stephen Floyd ("Floyd") received notice of the Confirmation Order or the Bar Notice or any other notice of a bar date for administrative claims. Copies of Affidavits signed by Claimant and Floyd attesting to their lack of notice are attached as composite Exhibit "B".

8.      On or about May 9, 2007, Floyd filed a Complaint in the Circuit Court of Elmore County, Alabama on behalf of Dorothy Ashmore against Winn Dixie, Inc., and other defendants. A copy of the Complaint as filed is attached as Exhibit "C".

9.      On May 21, 2007, Floyd received a letter from David L. Gay, co-counsel for Debtor advising Floyd of the administrative bar date and demanding the dismissal of Debtor from the state court action. A copy of the May 21, 2007 letter is attached as Exhibit "D".

10.     Floyd responded on May 22, 2007, attesting to his lack of knowledge of the administrative bar date and to the fact that filing a timely claim with the bankruptcy court would have been far easier and cheaper than the independent state court suit. A copy of his letter is attached as Exhibit "E".

11.     Claimant has been severely prejudiced by the failure to receive notice of the bar date.

12.     Debtor will not be prejudiced by the late filing of the Application because Debtor has had actual knowledge of Claimant's claim since at least February of 2006.

13.     U.S. Bankruptcy Rule 9024 incorporated Federal Rules of Civil Procedure 60(b)(6) which provides that "[o]n motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment."

14.     Claimant and her counsel's failure to receive any notice of the bar date warrant relief in favor of Claimant from the Confirmation Order, the Bar Notice and Section 524.

15.     Section 503(a)provides that a claimant may tardily file an administrative claim if they are permitted by the court for cause. The deadline as provided by Section 503(a) is not jurisdictional and the term "cause" provides the bankruptcy court with wide discretion to allow belated administrative claims filings in the interest of justice. In re Heartland Steel, Inc., 2003 WL 23100035 (Bankr. S.D. Ind. Dec. 16, 2003)

16.     The failure of claimant and her counsel to receive notice are cause to authorize Claimant to tardily file her Application.

17.    U.S. Bankruptcy Rule 9006(b)(1) grants the court discretion to allow late filed claims resulting from excusable neglect.

18.    "Excusable neglect" is an equitable concept requiring consideration of factors such as (1) whether the delay will prejudice debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform and (4) whether the creditor acted in good faith. Pioneer Investment Services Co., v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993) as quoted in In re Hillsborough Holdings Corp. 172 B.R. 109 (Bankr. M.D., Fla. 1994).

19.    The Supreme Court further expounded upon the concept of excusable neglect in Pioneer, when they stated the following:

> [B]y empowering the courts to accept late filing where the failure to act was the result of excusable neglect, Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond party's control.

Pioneer, 507 U.S.  at 388. The Court went on to explain in the Pioneer case that while the provisions of Chapter 7 liquidation focus on prompt closure and distribution, the provisions of Chapter 11 are centered around the reorganization of the Debtor with an aim toward rehabilitation and avoiding creditor forfeitures. *See* Pioneer at 389.

20.    In this case, the failure to receive notice by either Claimant or Floyd was a circumstance beyond the party's control and would allow for the late filing of the Application under the provisions of Rule 9006(b)1.

21.    Furthermore, the Claimant proceeded in good faith to act in an expedient manner to file the claim upon finding out the Administrative Bar Date. Floyd is an attorney in the State of Alabama and is not admitted to practice before the U.S. Bankruptcy Court for the Middle District of Florida; therefore upon finding out of the administrative bar deadline he immediately contacted

undersigned counsel's office to try and expedite the filing of a Motion to allow the filing of a late Application. Unfortunately due to Mr. Barker's travel schedule he and Floyd were unable to communicate until June 1, 2007. On June 1, Floyd wrote Debtor's counsel, Mr. Gay, and informed him that his firm would be represented in the Bankruptcy Court by Earl M. Barker, Jr. and that upon Mr. Barker's return on June 5, 2007, pleadings would be filed with the Court on Ms. Ashmore's behalf. A copy of the letter is attached as Exhibit "F".

22.     Debtor will not be prejudiced by allowing the late filing of the Application. Prejudice to the Debtor must be material and cannot be vague or speculative. In re Pettibone Corp., 162 B.R. 791, 804-805 (Bankr. N.D. Ill 1994). Since Debtor has been aware of Claimant's claim for over a year and any damages that are awarded pursuant to the Action will be paid in cash in accordance with the Joint Plan of Reorganization there is no material prejudice. Similarly the delay between the bar date and Claimant's filing of this Motion and the Application has no impact on the Debtor.

23.     Moreover, as a known creditor of the Debtor the Claimant was entitled to actual notice of the claims bar date before her claim could be extinguished. In re Hillsborough Holdings Corp. 172 B.R. 109 (Bankr. M.D., Fla. 1994). Likewise, courts have consistently held that a late claim is not barred if there is no notice of the claims bar date. In re Premier Membership Services, LLC, 276 B.R. 709,713 (Bankr S.D. Fla. 2002).

24.     As established by the Affidavits attached as Exhibit "B", neither the Claimant nor Floyd received notice of the administrative claims bar date.

25.     Thus, even though the Claimant had actual knowledge of the existence of the bankruptcy case, her failure to receive notice of the administrative bar date denies the Debtor from discharge of Claimant's known debt. See In re Spring Valley Farms, Inc., 863 F.2d 832, 835 (11th Cir. 1989).

26.     Although this Court cannot liquidate Claimant's personal injury claim, the Court has the authority to permit late filed administrative expense claims and to determine whether a particular debt has been discharged.

**WHEREFORE,** pursuant to Rule 9024, Claimant requests an order granter her relief from the Bar Notice, Section 524, and the Confirmation Order and, pursuant to Sections 503(a) and Rule 9006(b) authorizing the Claimants to file the application and allow the claim to be liquidated in the Action.

### CERTIFICATE OF SERVICE

A copy of the foregoing was served on D. J. Baker at djbaker@skadden.com, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, New York 10036 and on James H. Post at jpost@smithhulsey.com, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, along with all other interested parties being served electronically this 11th day of June, 2007, by email and facsimile.

Slott, Barker & Nussbaum
334 East Duval Street
Jacksonville, Florida 32202
(904) 353-0033 (Telephone)
(904) 355-4148 (Telecopy)
embarker@bellsouth.net (Email)

/s/ Earl M. Barker, Jr.
Earl M. Barker, Jr.
Florida Bar No. 110140
Hollyn J. Foster
Florida Bar No. 0020883

Attorneys for Dorothy Ashmore