

## IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

| | |
|---|---|
| DOROTHY ASHMORE and<br>VIRGIL ASHMORE,<br><br>    Plaintiff,<br>v.<br><br>WINN DIXIE, INC., CROSBY<br>ELECTRIC COMPANY INC.,<br>DEFENDANTS "A", "B" and "C",<br>fictitious individual, firm or<br>entity responsible as<br>principal for the acts complained<br>of in this Complaint, whose identity<br>is otherwise unknown to the<br>Plaintiff, but will be added by<br>Amendment when ascertained,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    CASE No.:   CV-2007 - _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW, the Plaintiffs, DOROTHY ASHMORE and VIRGIL ASHMORE by and

through their attorney of record, Steven P. Floyd, pleads and alleges as follows:

## FACTS

1.    Plaintiffs **DOROTHY ASHMORE** and **VIRGIL ASHMORE** are residents of Alabama, Autauga County and respectively Wife and Husband.

2.    Defendant **WINN DIXIE INC., hereinafter "WINN DIXIE"** is a company operating under the laws of Alabama and the owners of certain real property, 3625 Highway 14, Millbrook AL, 36054. Said store is believed to be "Store # 0451A."

3.    Defendant **WINN DIXIE** conducts business in Elmore County, Alabama.

4.    At all times relevant, **WINN DIXIE**, owns, operates, manages and/or leases certain property known as "WINN DIXIE" located at 3625 Highway 14, Millbrook AL, 36054. Said property is operated and advertised as a grocery store.

5.    Defendant WINN DIXIE is possibly a debtor in bankruptcy and any judgment would be enforced only as allowed by law.

6. At all times relevant, the Plaintiff Dorothy Ashmore was an invitee of **WINN DIXIE** at the above address.

7. Defendant **CROSBY ELECTRIC COMPANY, INC., hereinafter "CROSBY ELECTRIC"** is a company operating under the laws of Alabama and located at 6012 East Shirley Lane, Montgomery AL, 36117.

8. Defendant **CROSBY ELECTRIC** does business in Elmore County Alabama.

9. **Defendant "A"** is the person, firm or entity responsible for the electrocution of the Plaintiff, **DOROTHY ASHMORE**, in that they were negligent and/or wanton in the care, repair, construction and/or maintenance of the produce cooler and/or electric display of Defendant **WINN DIXIE and/or CROSBY ELECTRIC**.

10. **Defendant "B"** is the person, firm or entity under the control and/or supervision of Defendant "A", Defendant "C", **WINN DIXIE and/or CROSBY ELECTRIC**, and/or an employee and/or an individual under the supervision of the Defendants and was negligent and/or wanton in the care, repair, construction, and/or maintenance of the produce cooler and/or electric display of Defendant **WINN DIXIE and/or CROSBY ELECTRIC**.

11. **Defendant "C"** is the person, firm or entity responsible for the electrocution of Plaintiff, **DOROTHY ASHMORE**, in that they were negligent and/or wanton in their conduct relating to the failure to investigate, mitigate or warn the Plaintiff, **DOROTHY ASHMORE**, of any potential hazard or dangerous condition as it pertains to said care, repair, construction, and/or maintenance of the produce cooler and/or electric display of Defendant **WINN DIXIE and/or CROSBY ELECTRIC**.

12. Said produce cooler and/or electric display and store property is open to the general public and/or the invitees of the Defendants.

13. That Defendant Winn Dixie stood to gain an "economic benefit" from the Plaintiff **DOROTHY ASHMORE'S** presence on the Defendant's premises.

14. That the Plaintiff **DOROTHY ASHMORE** was invited onto the premises of the Defendant for a purpose related to the business of the Defendant.

15. That regardless of whether the Plaintiff **DOROTHY ASHMORE** made a purchase on the occasion of her visit to the grocery store, the Defendant **WINN DIXIE** still owed the Plaintiff a duty to maintain the premises in a reasonably safe condition.

16. Said grocery store maintains regular business hours each week during which it solicits and expects the public to come onto its premises for the purpose of inspecting and/or purchasing its merchandise.

## COUNT I

17.   On or about the 9th day of May, 2005, the Plaintiff, **DOROTHY ASHMORE**, was an invitee at said grocery store.

18.   On or about the 9th day of May, 2005, the Plaintiff, **DOROTHY ASHMORE** entered said grocery store and proceeded to a seasonal display of strawberries in a produce cooler and/or electrical display.

19.   The Plaintiff picked up one basket of strawberries without incident. As the Plaintiff was reaching for another basket of strawberries, she was electrocuted and/or shocked by said produce cooler and/or electrical display.

20.   That the danger posed by said produce cooler and/or electrical display was not obvious.

21.   Plaintiff's said electrocution and/or shock was the proximate result of the Defendants negligence and/or wantonness, in that said Defendants failed to provide a reasonably safe environment.

22.   The Plaintiff's shopping was made hazardous by the improperly installed, maintained and/or functioning produce cooler and or electrical display.

23.   Said produce cooler display was under the care and charge of the Defendants and the Defendants knew or should have known said produce cooler display was prone to electrocution.

24.   Defendants allowed said produce cooler display to remain hazardous and in a state of disrepair without removing or abating the danger and/or warning the Plaintiff of said danger it posed.

25.   That the Defendants owed the Plaintiff the duty to maintain the premises, including but not limited to the electrical wiring and components of said grocery store in a reasonably safe condition.

26.   As a proximate result of the Defendant's said negligence and/or wantonness, the Plaintiff, **DOROTHY ASHMORE**, was caused to suffer neck, left arm, back, hip pain, pain and suffering, and mental anguish. The Plaintiff contends she now suffers fibromyalgia and said condition is directly related to the electrocution and/or shock she received on the property of the Defendant.

27.   The capacity of the Plaintiff to enjoy life and participate in social and physical activities in which she previously engaged was reduced immediately following the accident and may be permanently reduced.

28. Plaintiff avers said Defendants had a duty to act and breached said duty proximately resulting in her injuries.

WHEREFORE, the Plaintiff, DOROTHY ASHMORE, demands judgment against all Defendants for compensatory and punitive damages in an amount in excess of Seventy-five Thousand and NO/100 Dollars ($75,000.00), plus interest and Court costs.

## COUNT II

29. Plaintiff, DOROTHY ASHMORE, incorporates the prior paragraphs of her complaint into this her paragraph 29 in its entirety.

30. On or about the 9th day of May, 2005 the Plaintiff, DOROTHY ASHMORE, was electrocuted and/or shocked

31. Plaintiff's said electrocution and or shock was the proximate result of Defendant CROSBY'S or Defendant's "A" and "B" negligence and/or wantonness, in that said Defendants failed to wire, test, evaluate, or maintain the produce cooler and/or electrical display.

32. Said produce cooler display was under the care and charge of the above Defendants and said Defendants knew or should have known said produce cooler and/or electrical display was prone to electrocution and/or electrical shocks.

33. Defendants allowed said produce cooler display to remain hazardous and in a state of disrepair without removing or abating the danger and/or warning the Plaintiff of said danger it posed.

34. As a proximate result of the Defendant's said negligence and/or wantonness, the Plaintiff, DOROTHY ASHMORE, was caused to suffer neck, left arm, back, hip pain, pain and suffering, and mental anguish. The Plaintiff contends she now suffers fibromyalgia and said condition is directly related to the electrocution and/or shock she received on the property of the Defendant WINN DIXIE.

35. The capacity of the Plaintiff to enjoy life and participate in social and physical activities in which she previously engaged was reduced immediately following the accident and may be permanently reduced.

36. Plaintiff avers said Defendants had a duty to act and breached said duty proximately resulting in her injuries.

WHEREFORE, the Plaintiff, **DOROTHY ASHMORE**, demands judgment against all Defendants for compensatory and punitive damages in an amount in excess of Seventy-five Thousand and NO/100 Dollars ($75,000.00), plus interest and Court costs.

## COUNT III

37.  Plaintiff, **DOROTHY ASHMORE**, incorporates the prior paragraphs of her complaint into this her paragraph 37 in its entirety.

38.  Plaintiff, **DOROTHY ASHMORE** makes claim against **Defendant "A"**, is the person, firm or entity responsible for the electrocution and/or electrical shock of Plaintiff, **DOROTHY ASHMORE**, in that they were negligent and/or wanton in the care, repair, construction and/or maintenance of the produce cooler and/or electrical display of the Defendant **WINN DIXIE and/or CROSBY ELECTRIC**.

39.  Plaintiff, **DOROTHY ASHMORE** makes claim against **Defendant "B"**, the person, firm or entity under the control and/or supervision of Defendant "A", Defendant "C", **WINN DIXIE and/or CROSBY ELECTRIC**, and/or an employee and/or an individual under the supervision of the Defendants and was negligent and/or wanton in the care, repair, construction, and/or maintenance of the produce cooler and/or electrical display of Defendant **WINN DIXIE and/or CROSBY ELECTRIC**.

40.  Plaintiff, **CHERYL HORD** makes claim against **Defendant "C"**, the person, firm or entity responsible for the electrocution and/or electrical shock of Plaintiff, **DOROTHY ASHMORE**, in that they were negligent and/or wanton in their conduct relating to the failure to warn, mitigate, or determine the presence of a potential hazard or dangerous condition as it pertains to the produce display cooler of Defendant **WINN DIXIE and/or CROSBY ELECTRIC**.

41.  Plaintiff avers said Defendants had a duty to act and breached said duty proximately resulting in her injuries and damges.

WHEREFORE, the Plaintiff, **DOROTHY ASHMORE**, demands judgment against all Defendants for compensatory and punitive damages in an amount in excess of Seventy-five Thousand and NO/100 Dollars ($75,000.00), plus interest and Court costs.

## COUNT IV

42.     The Plaintiff, **VIRGIL ASHMORE** incorporates by reference the allegations of the preceding paragraphs into this Paragraph 42 of the Complaint.

43.     As a proximate result of the Defendants said negligence and/or wantonness, Plaintiff, **VIRGIL ASHMORE**, was caused to lose the consortium and society of his spouse, **DOROTHY ASHMORE**.

44.     Plaintiffs claim compensatory and punitive damages of Defendant due to their negligent and/or wanton conduct.

WHEREFORE, Plaintiff, **VIRGIL ASHMORE** demands judgment against all Defendants,

in a sum in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00), in compensatory

and punitive damages which the jury believes would be fair and just together with the costs of this

action.

Respectfully submitted this the 9th day of May, 2007.


s/ Steven P. Floyd____
Steven P. Floyd   [FLO 025]

Post Office Drawer 1227
Millbrook, Alabama 36054
Telephone:     (334) 285-4488
Facsimile:     (334) 285-4552

**ATTORNEY FOR PLAINTIFFS**




Defendants may be served at its registered agent:

Winn-Dixie,
c/o CSC Lawyers incorporating SVC Inc.

150 S. Perry Street
Montgomery, AL 36104

Crosby Electric Company, Inc.
K Alton Crosby, II
6012 E Shirley Lane
Montgomery, AL 36117

## JURY DEMAND

Plaintiff demands trial by jury for all counts.

/s Steven P. Floyd
Steven P. Floyd
Of Counsel



**AlaFile E-Notice**

29-CV-2007-900058.00

To:  STEVEN FLOYD
     sfloyd@gwa.ntcmail.net

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

DOROTHY CAROL ASHMORE ET AL v. WINN DIXIE ET AL
29-CV-2007-900058.00

The following complaint was FILED on 5/9/2007 4:50:58 PM

Notice Date:     5/9/2007 4:50:58 PM

**LARRY DOZIER**
**CIRCUIT COURT CLERK**
ELMORE COUNTY, ALABAMA
8935 HIGHWAY 231 NORTH
WETUMPKA, AL 36092

334-567-1123
larry.dozier@alacourt.gov