LAW OFFICES

# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
BEAU BOWIN
DAVID D. BURNS
STEPHEN D. BUSEY
CHARMAINE T. M. CHIU
ERIC W. ENSMINGER
J. RICE FERRELLE, JR.
EARL E. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
CHARLES H. KELLER
G. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
E. OWEN McCULLER, JR.
ERIC N. McKAY
MATTHEW P. McLAUCHLIN
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND M. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY RUSSELL
ELIZABETH M. SCHULE
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
LEE D. WEDEKIND, III
HARRY M. WILSON, III
ALLAN E. WULBERN

LLOYD SMITH
(1815-1887)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

May 21, 2007

Stephen P. Floyd, Esq.
Guy Rodney Willis & Assoc.
P.O. Box 1227
Millbrook, AL 36054

Re:  In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1, Chapter 11, Jointly Administered

Dorothy Ashmore v. Winn-Dixie Stores, Inc., in the 19th Judicial Circuit Court in and for Elmore County, Alabama, Case No. CV-2007-900058

Dear Mr. Floyd:

This firm represents Winn-Dixie Stores, Inc. in the referenced Chapter 11 proceedings.

We have been advised that you are presently prosecuting the referenced state court action in violation of the Administrative Claims Bar Date established by the Bankruptcy Court in the referenced case. For the reasons set forth below, your continued prosecution of the state court action is in violation of the permanent injunction provisions of Section 524 of the Bankruptcy Code and the Bankruptcy Court's Confirmation Order.

On February 21, 2005, Winn-Dixie Stores, Inc. and its affiliates (the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. On November 21, 2006, the Bankruptcy Court entered an order confirming the Joint Plan of Reorganization filed by the Debtors, as modified (the "Plan").

LAW OFFICES
# SMITH HULSEY & BUSEY

Stephen P. Floyd, Esq.
May 21, 2007
Page 2

Pursuant to Section 1141(d) of the Code, the order confirming the Plan (the "Confirmation Order") discharged the Debtors from all debts arising prior to Confirmation, including all debts or claims arising against the Debtors between February 21, 2005 and November 21, 2006 ("Administrative Expense Claims"). Each creditor whose claim has been discharged is now barred, pursuant to Section 524(a) of the Code, from instituting or continuing any action or employing any process against the Debtors to collect or recover such debts. Any action taken or order entered with respect to any discharged debt without Bankruptcy Court authorization is void as a matter of law.

Pursuant to the Confirmation Order, an Administrative Claims Bar Date Notice was sent to all parties in interest, including your client, both at her residence and care of your firm, advising them that administrative expense claims must be filed with the Bankruptcy Court on or before January 5, 2007 and that the failure to do so would result in their claim being time-barred and relinquished. The Administrative Expense Claim Bar Date Notice was also published in national and regional newspapers.

No timely application for an administrative expense claim was filed by or on behalf of Ms. Ashmore with the Bankruptcy Court. As a result, the claim she is now asserting in the referenced state court action is time-barred and relinquished as set forth in the Confirmation Order.

Accordingly, your continued prosecution of the state court action against the Debtor is in violation of Section 524 of the Code and the Bankruptcy Court's Confirmation Order. We therefore demand that you dismiss the Debtors from the referenced state court action on or before June 1, 2007, and that a copy of such dismissal be served upon me. If we do not receive a dismissal notice by June 1, we will file a complaint against you and your client in the Bankruptcy Court for sanctions and take such other actions as are appropriate.

Please call me if you have any questions regarding this matter.

Yours truly,

David L. Gay

By facsimile and mail
(334) 285-4552
c: Randall Morgan, Esq.
DLG/mam/00567199