UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Reorganized Debtors. ) | Jointly Administered |
| ) | |

## AGREED ORDER RESOLVING CURE OBJECTION FILED BY RILEY PLACE, LLC (STORE NO. 507)

This cause came before the Court on the (a) Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors") (Docket No. 8941), (b) Objection to the Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts and (III) Grant Related Relief filed by Riley Place, LLC ("Riley Place") (Docket No. 9480) with respect to Store No. 507 (the "Cure Objection"), (c) Debtors' Twenty-Sixth Omnibus Objection to Claims Arising from Unexpired Leases of Non-Residential Real Property (I) That Have Been Assumed, (II) That Have Been Assumed and Assigned, or (III) That Are the Subject of Lease Termination Agreements as it relates to claim numbers 7355 and 7356 filed by Riley Place (Docket No. 12281) (the "Debtors' Objection") and (d) Riley Place's Response to the Debtors' Objection (Docket No. 12765).

On December 20, 2006, the Court entered an order (Docket No. 13344) correcting the November 30, 2006 Docket No. 12908 order, which sustained the Debtors' Objection

as to the proofs of claims listed on the exhibits to the order and continued the hearing on the Debtors' Objection as to claim numbers 7355 and 7356 filed by Riley Place and other unresolved claims. Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objection is overruled.

2. Proof of Claim number 7356 filed by Riley Place with respect to Store No. 507 is reduced and allowed as an administrative claim in the amount of $32,734.51, which the Reorganized Debtors have paid in full. Proof of claim number 7355 filed by Riley Place and claim number 34086 scheduled on behalf of Riley Place with respect to Store No. 507 are disallowed in their entirety.

3. Within fourteen (14) business days of entry of this Agreed Order, Riley Place will pay the Reorganized Debtors $52,345.68 in full satisfaction of any claim for repairs or reimbursement for all hurricane damages that have occurred as of the date of this Agreed Order with respect to Store No. 507.

4. This Agreed Order resolves all liabilities and obligations related to (i) all claims scheduled on behalf of Riley Place with respect to Store No. 507, (ii) all proofs of claim and administrative expense claims pertaining to Store No. 507 filed by Riley Place in these Chapter 11 cases and (iii) all other pre-petition or pre-effective date claims pertaining to Store No. 507 that Riley Place has or may have against the Reorganized Debtors and any of their Chapter 11 estates or affiliates including, without limitation, any claims for repairs or reimbursement for all hurricane damages that have occurred as of the date of this Agreed Order with respect to Store No. 507, all of which are forever waived, discharged and released.

5. Post-effective date liabilities and obligations will be handled by the parties in accordance with the applicable lease terms and ordinary course practices.

6. The Reorganized Debtors will provide documentation reasonably requested by Riley Place to assist Riley Place in recovering from insurance as to the hurricane damage claim between the Reorganized Debtors and Riley Place, which is resolved by this Agreed Order. The documentation will be provided by the Reorganized Debtors within fourteen (14) business days from the entry of this Agreed Order. The Reorganized Debtors will have no claim to the hurricane damage insurance proceeds, if any, recovered by Riley Place once the Reorganized Debtors have received the sums set forth in paragraph 3 above.

7. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this 11 day of June, 2007, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00568701

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| EMMANUEL SHEPPARD & CONDON | SMITH HULSEY & BUSEY |
|---|---|
| By    s/ Sally B. Fox* | By    s/ Cynthia C. Jackson |
| Sally B. Fox | Cynthia C. Jackson, F.B.N. 498882 |
| 30 South Spring Street | 225 Water Street, Suite 1800 |
| Pensacola, FL 32502 | Jacksonville, Florida 32202 |
| (850) 433-6581 | (904) 359-7700 |
| (850) 444-3991 (facsimile) | (904) 359-7708 (facsimile) |
| sfox@esclaw.com | cjackson@smithhulsey.com |
| Counsel for Riley Place, LLC. | Co-Counsel for Reorganized Debtors |

*Counsel has authorized her electronic signature.

00568701