**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Reorganized Debtors. ) | Jointly Administered |
| _____) | |

**AGREED ORDER RESOLVING CURE OBJECTION FILED BY**
**CANTONMENT PARTNERS LTD., NOM FRANKLIN, LTD. AND**
**MANDEVILLE PARTNERS, LTD. (STORE NOS. 498, 550 AND 1446)**

This cause came before the Court on the Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors") (Docket No. 8941) and the Limited Objection to Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts and (III) Grant Related Relief filed by Clanton Partners, Ltd., WYE Partners, Ltd., Cantonment Partners, Ltd. ("Cantonment"), Nine Mile Partners, Ltd., NOM Franklin, Ltd. ("NOM Franklin"), 98 Palms Center, Ltd., Mandeville Partners, Ltd. ("Mandeville"), Opelika Partners, Ltd., Golden Springs Partners, Ltd., and 59 West Partners, Ltd. (Docket No. 9703) with respect to Store Nos. 411, 494, 498, 506, 550, 560, 1446, 437, 447, and 538 (the "Cure Objection"). Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objection is overruled as to Store Nos. 498, 550 and 1446.[1]

2. Proof of claim number 9996 filed by Cantonment with respect to Store No. 498 is allowed as an administrative claim in the amount of $9,896.02, $7,896.02 of which the Reorganized Debtors have paid to Cantonment. Within fourteen (14) business days of entry of this Agreed Order, the Reorganized Debtors will pay NOM Properties, Inc.[2] $2,000.00 in full satisfaction of any right to cure Cantonment has or may have under 11 U.S.C. § 365 or otherwise with respect to Store No. 498.

3. Proof of claim number 9997 filed by NOM Franklin with respect to Store No. 550 is allowed as an administrative claim in the amount of $9,220.09, which the Reorganized Debtors have paid in full.

4. Proof of claim number 10001 filed by Mandeville with respect to Store No. 1446 is allowed as an administrative claim in the amount of $89,791.56, which the Reorganized Debtors have paid in full.

5. This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store Nos. 498, 550 and 1446 filed by Cantonment, NOM Franklin and Mandeville in these Chapter 11 cases and (ii) all other pre-petition or pre-effective date claims pertaining to Store Nos. 498, 550 and 1446 that Cantonment, NOM Franklin and Mandeville have or may have against the

---

[1] This Agreed Order only resolves the Cure Objection as to Store Nos. 498, 550 and 1446 and proof of claim number 9996 filed by Cantonment Partners, Ltd. (the landlord for Store No. 498), proof of claim number 9997 filed by NOM Franklin, Ltd./Hueytown (the landlord for Store No. 550) and proof of claim number 10001 filed by Mandeville Partners, Ltd. (the landlord for Store No. 1446). This Order does not resolve the Cure Objection or proofs of claim filed by Clanton Partners, Ltd., WYE Partners, Ltd., Nine Mile Partners, Ltd., 98 Palms Center, Ltd., Opelika Partners, Ltd., Golden Springs Partners, Ltd., and 59 West Partners, Ltd. (the landlords for Store Nos. 411, 494, 506, 560, 437, 447, and 538).

[2] NOM Properties, Inc. is the property management company for Cantonment Partners, Ltd. (the landlord for Store No. 498). The Reorganized Debtors will remit the $2,000.00 payment to NOM Properties, Inc. at 1689 Paysphere Circle, Chicago, Illinois 60674-1689.

2

Reorganized Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

6. Post-effective date liabilities and obligations will be handled by the parties in accordance with the applicable lease terms and ordinary course practices.

7. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this /2 day of June, 2007, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00567721

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| HARWELL HOWARD HYNE GABBERT & MANNER, P.C. | SMITH HULSEY & BUSEY |
| By   *s/ David P. Canas* *<br>        David P. Canas | By    *s/ Cynthia C. Jackson*<br>        Cynthia C. Jackson, F.B.N. 498882 |
| 315 Deaderick Street, Suite 1800<br>Nashville, TN 37238<br>(615) 256-0500<br>(615) 251-1058 (facsimile)<br>dpc@h3gm.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Counsel for Cantonment Partners, Ltd., NOM Franklin, Ltd. and Mandeville Partners, Ltd. | Co-Counsel for Reorganized Debtors |

*Counsel has authorized his electronic signature.

00567721