UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

AGREED ORDER RESOLVING CURE OBJECTION
FILED BY KIMCO DELAWARE, INC. AND CROSS
COUNTRY ASSOCIATES, LP (STORE NOS. 263 AND 299)

This cause came before the Court on the Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors") (Docket No. 8941), the Statement of Kimco Landlords Regarding Cure Amounts Owed (Docket No. 10817) and the Amended Statement of Kimco Landlords Regarding Cure Amounts Owed (Docket No. 10840) filed by Kimco Delaware, Inc. ("Kimco"), Milton Cooper, Palm Aire Marketplace, LLC, Cross Country Associates, LP ("Cross Country"), and Kimco Delaware, Inc., Joan Eigen and the Trust under the Will of Allen Kimmell with respect to Store Nos. 228, 263, 283, 299, and 368 (the "Cure Objection"). Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objection is overruled as to Store Nos. 263 and 299.[1]

---

[1] This Order only resolves the Cure Objection as to Store Nos. 263 and 299 and proof of claim number 9929 filed by Kimco (the landlord for Store No. 263) and scheduled claim number 31067 scheduled on behalf of Kimco Development Corp. with respect to Store No. 263. This Order does not resolve the Cure Objection as to Store Nos. 228, 283 and 368, the proofs of claim filed by Milton Cooper, Palm Aire Marketplace, LLC and Kimco Delaware, Inc., Joan Eigen and the Trust under the Will of Allen Kimmell (the landlords for Store Nos. 228, 283 and 368) or any

2. Proof of claim number 9929 filed by Kimco with respect to Store No. 263 is allowed as an administrative claim in the amount of $78,474.04, $77,415.64 of which the Reorganized Debtors have paid to Kimco. Scheduled claim number 31067 scheduled on behalf of Kimco Development Corp.[2] with respect to Store No. 263 is disallowed in its entirety. Within fourteen (14) business days of entry of this Agreed Order, the Reorganized Debtors will pay Kimco Development Corp.[3] $1,058.40 in full satisfaction of any right to cure Kimco has or may have under 11 U.S.C. § 365 or otherwise with respect to Store No. 263.

3. The cure amount for Store No. 299 is fixed at $16,572.43, $13,581.27 of which the Reorganized Debtors have paid to Cross Country. Within fourteen (14) business days of entry of this Agreed Order, the Reorganized Debtors will pay Cross Country $2,991.16 in full satisfaction of any right to cure Cross Country has or may have under 11 U.S.C. § 365 or otherwise with respect to Store No. 299.

4. This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store Nos. 263 and 299 filed by Kimco and Cross Country in these Chapter 11 cases and (ii) all other pre-petition or pre-effective date claims pertaining to Store Nos. 263 and 299 filed by Kimco and Cross Country against the Reorganized Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

5. Post-effective date liabilities and obligations will be handled by the parties

---

other claims filed by Kimco Corporation and its affiliates/subsidiaries in these Chapter 11 cases.
[2] Kimco Development Corp. is an affiliate of Kimco Delaware, Inc. (the landlord for Store No. 263).
[3] The Reorganized Debtors will pay the $1,058.40 to Kimco Development Corp c/o Kimco Realty Corp., 3333 New Hyde Park Rd., Suite 100, New Hyde Park, NY 11042. Kimco Development Corp. is and affiliate of Kimco Delaware, Inc. (the landlord for Store No. 263).

in accordance with the applicable lease terms and ordinary course practices. Nothing contained in this Agreed Order shall be construed as an admission of liability for either party or be considered the "ordinary course" practices.

6. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this _19_ day of June, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00567757

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| **MORGAN, LEWIS & BOCKIUS LLP** | **SMITH HULSEY & BUSEY** |
| By  *s/ Neil E. Herman*\*  <br>     Neil E. Herman | By  *s/ Cynthia C. Jackson*  <br>     Cynthia C. Jackson, F.B.N. 498882 |
| 101 Park Avenue <br> New York, New York 10178 <br> (212) 309-6669 <br> (212) 309-6001 (facsimile) <br> nherman@morganlewis.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Counsel for Kimco Delaware, Inc. and Cross Country Associates, LP | Co-Counsel for Reorganized Debtors |

\*Counsel has authorized his electronic signature.

00567757