UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Reorganized Debtors. ) | Jointly Administered |
| ) | |

**AGREED ORDER RESOLVING CURE OBJECTIONS
FILED BY PALM AIRE MARKETPLACE, LLC
AND MILTON COOPER (STORE NOS. 228 AND 283)**

This cause came before the Court on the Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors") (Docket No. 8941) and the Statement of Kimco Landlords Regarding Cure Amounts Owed (Docket No. 10817) and the Amended Statement of Kimco Landlords Regarding Cure Amounts Owed (Docket No. 10840) both filed by Kimco Delaware, Inc., Milton Cooper, Palm Aire Marketplace, LLC ("Palm Aire"), Cross Country Associates, LP, and Kimco Delaware, Inc., Joan Eigen and the Trust under the Will of Allen Kimmell with respect to Store Nos. 228, 263, 283, 299, and 368 (collectively, the "Cure Objections"). Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objections are overruled as to Store Nos. 228 and 283.[1]

---

[1] This Agreed Order only resolves the Cure Objections as to Store Nos. 228 and 283 and proof of claim numbers 9927 filed by Palm Aire Marketplace, LLC (the landlord for Store No. 228) and 9935 filed by Milton Cooper (the landlord for Store No. 283). This Agreed Order does not resolve the Cure Objections as to Store Nos. 263, 299 and

2. Proof of claim number 9927 filed by Palm Aire with respect to Store No. 228 is allowed as an administrative claim in the amount of $41,894.89, $36,382.89 of which the Reorganized Debtors have paid to Palm Aire. Within fourteen (14) business days of entry of this Agreed Order, the Reorganized Debtors will pay Palm Aire $5,512.00 in full satisfaction of any right to cure Palm Aire has or may have under 11 U.S.C. § 365 or otherwise with respect to Store No. 228.

3. Proof of claim number 9935 filed by Milton Cooper with respect to Store No. 283 is allowed as an administrative claim in the amount of $148,076.72, $143,445.72 of which the Reorganized Debtors have paid to Milton Cooper. Within fourteen (14) business days of entry of this Agreed Order, the Reorganized Debtors will pay Milton Cooper $4,631.00 in full satisfaction of any right to cure Milton Cooper has or may have under 11 U.S.C. § 365 or otherwise with respect to Store No. 283.

4. This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store Nos. 228 and 283 filed by Palm Aire and Milton Cooper in these Chapter 11 cases and (ii) all other pre-petition or pre-effective date claims pertaining to Store Nos. 228 and 283 that Palm Aire and Milton Cooper have or may have against the Reorganized Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

5. Post-effective date liabilities and obligations will be handled by the parties in accordance with the applicable lease terms and ordinary course practices. Nothing contained in this Agreed Order shall be construed as an admission of liability for either

---

368, the proofs of claim filed by Kimco Delaware, Inc., Cross Country Associates, LP and Kimco Delaware, Inc., Joan Eigen and the Trust under the Will of Allen Kimmell (the landlords for Store Nos. 263, 299 and 368) or any other claims filed by Kimco Corporation and its affiliates/subsidiaries in these Chapter 11 cases.

party or be considered the "ordinary course" practices.

6. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this 19 day of June, 2007, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

## **Consent**

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| **MORGAN, LEWIS & BOCKIUS LLP** | **SMITH HULSEY & BUSEY** |
| By_____*s/ Neil E. Herman*_____<br>　　　　Neil E. Herman | By_____*s/ Cynthia C. Jackson*_____<br>　　　Cynthia C. Jackson, F.B.N. 498882 |
| 101 Park Avenue<br>New York, New York 10178<br>(212) 309-6669<br>(212) 309-6001 (facsimile)<br>nherman@morganlewis.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Counsel for Palm Aire Marketplace, LLC<br>and Milton Cooper | Co-Counsel for Reorganized Debtors |

*Counsel has authorized his electronic signature.