**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC. et al.,                    Case No. 05-bk-03817-JAF

       Debtors                                                          Chapter 11
_____/

**MOTION BY JOYCE PERKINS TO DEEM APPLICATION FOR ADMINISTRATIVE EXPENSE TO RELATE BACK TO TIMELY FILED PROOF OF CLAIM, AND RESPONSE TO THE DEBTORS' OBJECTION TO CLAIM**

    COMES NOW the movant, JOYCE PERKINS ("Movant"), by and through her undersigned counsel, and pursuant to Bankruptcy Rule 9006(b) and other applicable law hereby move this Court for an Order deeming her Application for Administrative Expense to relate back to a timely filed Proof of Claim and to deem the Application as timely filed, or in the alternative, deem the Application as timely filed under Rule 9006(b), and would show:

    1.    The Debtors filed Chapter 11 on February 21, 2005.

    2.    On or about November 15, 2006, the Movant was injured in the Winn Dixie store located at 1515 E. Hallandale Beach Blvd., Hallandale, Florida as a result of negligence on the part of the Debtors.

    3.    The Movant is represented in their claim against the Debtors by Attorney Fred Chikovsky.

    4.    The Debtors had notice and actual knowledge of the accident and the injuries suffered by the Movant.

    5.    Pursuant to the Order confirming the Debtors' Chapter 11 Plan, the Bankruptcy

Court set January 5, 2007 as the Bar Date for certain claimants whose claims arose after the filing date and before the effective date of the Plan (including post-petition personal injury claimants) to file Applications for Administrative Expense with the Court.

6. Neither the Movant nor the Movant's attorney received notice of the January 5, 2007 bar date.

7. After sending several letters to the Debtors, the Movant's attorney received a letter from the Debtors' claim agent in April, 2007 advising of the bankruptcy filing and the above-referenced bar date.

8. Upon receipt of this letter, the Movant's counsel moved promptly to determine the status of the Movant's post-petition claim in the bankruptcy case.

9. On April 27, 2007 the Movant filed an Application for Administrative Expense with the Court.

10. The Court should allow the Movant to file the Application for administrative claim against the Debtors after the Administrative Claim bar date, and deem the Application as timely filed because, *inter alia*, the Movant was not provided notice of the bar date.

11. In the alternative, the Court should allow the Movant to file the Application for administrative claim against the Debtors after the Administrative Claim bar date, and deem the Application as timely filed, since the failure to file an Application for Administrative Expense prior to the bar date was the result of excusable neglect.

12. Affidavits of the Movant and the Movant's attorney in support of this Motion are attached hereto as Exhibits "A" and "B".

**Legal Argument**

The Movant was involved in a serious accident caused by the negligence of the Debtors. This accident occurred **post-petition**. The accident occurred in November, 2006, on or about the date of confirmation of the Debtor's Plan and in close proximity to the effective date of the Plan. Neither the Movant nor her counsel received a copy of the January 5, 2007 bar date notice.

The Movant was not given actual notice of the Administrative Claims Bar Date prior to the expiration of the bar date. The Movant was a known creditor of the Debtors. Therefore, the Movant was entitled to actual notice of the Administrative Claims bar date. In re Charter Company, 125 B.R. 650 (Bkrtcy. M.D. Fla. 1991)(due process requires that a debtor's known creditors be given actual notice of the claims bar date).

In addition, and as separate grounds, under Bankruptcy Rule 9006 the Court can allow the Movant's late filed claim or pleading and deem the claim or pleading as timely filed based upon excusable neglect. The legal standard for determining excusable neglect is set forth in Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 113 S.Ct. 1489 (1993). In Pioneer, the Supreme Court held that a bankruptcy court may extend the bar date for cause to "permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect." Pioneer, 507 U.S. at 385, 113 S.Ct. at 1492. The determination as to whether a party's neglect of a deadline is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the parties omission." Id. Factors to be considered when determining the existence of "excusable neglect" include: prejudice to the debtor; the length of delay and its potential impact on the judicial proceedings; the reason for the delay; and whether the movant acted in good faith. Id. Many Courts have applied the excusable neglect analysis in Pioneer Investment Services Co. to time limits for filing administrative expense claims. See, e.g., In re Rand Energy Co., 256 B.R. 712

(Bankr. N.D. Tex. 2000).

In this case, both the law and the equities favor the Court deeming the Application as timely filed. The Movant's Application should be deemed timely filed based upon excusable neglect, based on the following:

(I)    There is no prejudice to the Debtors or the Estate if the bar date is extended to allow the Movants to file the Administrative Claim. Since the filing of Chapter 11 case, the Debtors, through their agent (Segwick) and state court counsel, have been liquidating post-petition personal injury claims (either by litigating or adjusting) in the ordinary course of their business. The Debtors have indicated that they will continue to adjust and pay the post-petition personal injury claims in the same manner as they have done in the past. Further, since these are <u>post-petition</u> claims, entitled to payment in full, allowing them to go forward will not effect the distribution to the pre-petition unsecured creditors.

(ii)    There has been no significant delay in the Movant filing this Motion. The Application was filed less than one month after the Movant learned of the Administrative Claim bar date.

(iii)    The judicial process has not been impacted in any way, and allowing the Movant to assert their Administrative Claim will have no impact on the administration of this case.

(iv)    Public policy does not weigh against the relief sought by the Movant.

(v)    The Movant's claim constitutes a post-petition personal injury tort claim. As such, the Movant's claim cannot be adjudicated in the Bankruptcy Court (however, the personal injury claim could be resolved through a Court approved claims resolution process).

In conclusion, granting the Movant's request to have her claim be deemed timely filed is not prejudicial to the Debtors in any way. The Movant had no prior notice of the January 5, 2007

bar date. Once advised of this bar date, the Movant and her counsel acted promptly and in good faith. Granting the relief sought would not prejudice either the Debtors or creditors. As a matter of equity, this Court should extend the bar date to allow the Movant's Administrative Expense Application in the above case to be deemed as timely filed.

WHEREFORE, the Movant respectfully request this Court for an Order deeming their Application for Administrative Expense as relating back to a timely filed Proof of Claim, and to deem the Application as timely filed, and for such other relief as the Court finds just.

_____/s/ Dennis J. LeVine_____
DENNIS J. LeVINE, ESQ.
FBN 375993
Dennis LeVine & Associates, P.A.
P. O. Box 707
Tampa, FL  33601
(813) 253-0777
(813) 253-0975 (fax)
Attorneys for Movant, Joyce Perkins

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing Motion to Deem Application for Administrative Expense to Relate Back to Timely filed Proof of Claim, and Response to the Debtors' Objection to Claim, upon the parties listed on the attached list on this 19th day of June, 2007.

                                                    /s/ Dennis J. LeVine
                                                 DENNIS J. LeVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699


James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202


Matthew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005