**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-bk-03817-3F1 |
| | ) | Chapter 11 |
| WINN-DIXIE STORES, INC., et al. | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

## AFFIDAVIT IN SUPPORT OF MOTION BY JOYCE PERKINS TO ENLARGE TIME TO FILE PROOF OF CLAIM

COMES NOW, the affiant, Fred Chikovsky, Esquire, who, being duly sworn, states as follows:

1.      I am an attorney licensed to practice in the State of Florida since 1981.

2.      I have personal knowledge of the facts set forth herein.

3.      My practice does not involve bankruptcy law.

4.      On November 23, 2006, my firm was retained by Joyce Perkins to represent her for injuries she received as a result of an accident at the Winn Dixie store located in Hallandale, Florida. The incident occurred on November 15, 2006.

5.      On November 27, 2006, I advised Winn- Dixie of my representation on behalf of Joyce Perkins. Due to lack of response, I sent Winn-Dixie a second letter, on January 11, 2007, and a third letter on February 23, 2007.

6.      On March 15, 2007, I sent a fourth letter to Winn-Dixie's regional office.

7.      I was not advised that a deadline existed to file something with the Bankruptcy Court regarding Joyce Perkins.

8.      Prior to January 5, 2007, neither my client nor I had any knowledge that a deadline existed to file something with the Bankruptcy Court regarding Joyce Perkins.

9.      On or about April 4, 2007, I became aware of the existence of a deadline to file something with the Bankruptcy Court regarding Joyce Perkins by a letter received from Sedgwick Claims Management Services, Inc. who is the third party administrator for Winn-Dixie Stores, Inc.

10.      On or about April 12, 2007, I contacted Attorney Dennnis LeVine in Tampa, Florida to request his assistance in this bankruptcy case.

11.      Prior to January 5, 2007, I did not receive a copy of any pleadings in the bankruptcy case, including any Orders or Notices setting a bar date to file an application for a post-petition personal injury claim regarding Joyce Perkins. My client has advised me that she did not previously receive a copy of any pleadings, Orders or Notices in the bankruptcy case, including any Orders setting a bar date to file an application for a post-petition personal injury claim. My client has advised me that she had not received any notice of Winn Dixie filing bankruptcy and she had no notice or knowledge of a bar date to file claims with the Bankruptcy Court.

12.      Upon being advised of the status of the bankruptcy case, I requested Mr. LeVine to prepare an Application for Administrative Expense and any other necessary pleadings on behalf of Joyce Perkins. I understand that an Application for Administrative Expense has been filed with the Court on behalf of Joyce Perkins.

13.   Once I was advised of the pendency of a bankruptcy case and a bar date regarding

Joyce Perkins, I acted promptly and in good faith to assert a claim in the

Bankruptcy Court on behalf of Joyce Perkins.

FURTHER THE AFFIANT SAITH NOT.

_____
Fred Chikovsky, Esquire

STATE OF _F/OR/DA_

COUNTY OF _BROWARD_        ss

    SWORN to and SUBSCRIBED before me, this _18th_ day of _May_ ,
2007, by _Fred Chikovsky_ , who is personally known to
me, ~~or who produced~~ _____ as
~~identification.~~

My term expires _June 25_ , 20_08_        _____
                                Notary Public

CANDACE C. NARDINI
MY COMMISSION # DD302296
EXPIRES: June 25, 2008
Fl. Notary Discount Assoc. Co.