UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:  CASE NO. 05-03817-3F1
CHAPTER 11

WINN-DIXIE STORES, INC., et al.,
_____/

**PLAINTIFF'S AMENDED MOTION TO ALLOW LATE FILING OF
ADMINISTRATIVE  EXPENSE CLAIM**

The Plaintiff, LUISA B. SUAREZ, respectfully moves this Honorable Court for an Order Allowing Late Filing of Administrative Expense Claim and states:

1. On or about March 2006, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC"), and the Florida Commission on Human Relations ("FCHR"). On August 22, 2006, the EEOC issued a "Letter of Determination," ("LOD"), finding that Defendant discriminated against Plaintiff because of her religion.

2. Movant filed a complaint on or about August 2006, and the Debtor answered the complaint on February 14, 2007. Counsel for the Debtor did not file a suggestion of bankruptcy, but stated as a response to the complaint that the Court lacked jurisdiction because the Debtor filed bankruptcy.  Counsel for the Debtor went on to respond to the balance of the complaint in its answer. Debtor's counsel should have filed a suggestion of bankruptcy in August of 2006 and failed to do so. Debtor's counsel at that time should of informed the Movant about the pending bankruptcy and about any deadlines required in the Order Confirming Joint Plan of Reorganization.

3. The Debtor and its counsel were aware that the Movant was represented by counsel. At no time was Plaintiff or Counsel for the Plaintiff or the Movant notified of

any deadlines that had to be complied with in the bankruptcy proceedings from either the Bankruptcy Court, Sedgwick Claims Management nor defense counsel in the Circuit case. At no time was counsel for the Movant notified of any bankruptcy deadlines that needed to be met.

4. Counsel for the Movant became aware of the deadline while discussing legal issues with a colleague.

5. At no time did the claimant waive or relinquish any rights.

Wherefore the Plaintiff, LUISA B. SUAREZ, respectfully requests this Court to enter an Order Allowing the Late Filing of the Administrative Expense Claim.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and have made a good faith attempt to resolve the issues prior to the filing of the Motion and that a true and correct copy of this Motion was sent by mail on June 20, 2007 to: Tishia A. Green, Esquire, c/o Constangy, Brooks& Smith, LLC, 100 North Tampa Street, Suite 3350, Post Office Box 1840, Tampa, FL 33601-1840, United States Trustee, Jax, 11, 135 West Central Blvd., Suite 620, Orlando, FL 32801, James H. Post, Esqurie, Attorney for Plaintiff, 225 Water Street, Suite 1800, Jacksonville, FL 32202, and Eddy O. Marban, Esquire, Ocean Bank Building, Suite 350, 782 N.W. LeJuene Road, Miami, FL 33126.

LAW OFFICES OF MICHAEL J. BROOKS, MICHAEL A. FRANK
& RODOLFO H. DE LA GUARDIA, JR.
Attorneys for the Plaintiff
Suite 620 • Union Planters Bank Building
10 Northwest LeJeune Road
Miami, FL 33126-5431
Telephone    (305) 443-4217
Facsimile    (305) 443-3219


By   /s/ Michael J. Brooks
     Michael J. Brooks, Esquire
     Florida Bar No. 434442