UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                          **Chapter 11**

**WINN-DIXIE STORES, INC., et al.,**            **Case No. 05-03817-3F1**
                                                **Jointly Administered**

     **Reorganized Debtors.**
_____/

## MOTION TO ENLARGE TIME FOR DIANA CLARK TO FILE AN APPLICATION FOR AN ADMINISTRATIVE EXPENSE CLAIM

Diana Clark, by and through her undersigned counsel, hereby files her Motion to Enlarge Time for Diana Clark to File an Application for an Administrative Expense Claim (the "Motion") and requests that this Court enlarge the time for her to file an application for an administrative expense claim. In support of her Motion, Diana Clark represents as follows:

### Jurisdiction and Venue

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

2.     This is a core proceeding pursuant to 28 U.S.C. §157.

3.     Venue of the Debtors' Chapter 11 cases and this Motion in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

4.     The statutory predicates for the relief sought herein include Sections 105(a), 503(a), and 1141 of the United States Bankruptcy Code (the "Bankruptcy Code")

and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

5.     The Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005.

6.     On February 22, 2005, this Court entered an order jointly administering the Debtors' Chapter 11 cases under Case No. 05-03817-3F1.

7.     Pursuant to an order of this Court, Smith Hulsey & Busey, ("Smith Hulsey") serves as counsel to the Debtors in their Chapter 11 cases.

8.     Sedgwick Claims Management Services Inc. ("Sedgwick") is the third party claims administrator for the Debtors. *See* December 8, 2005 letter from Felicia Crooms, Claims Examiner with Sedgwick, to Diana Clark ("Sedgwick December 8 Letter") attached hereto as Exhibit A and incorporated herein by reference and January 25, 2006, letter from Felicia Holland, Claims Examiner with Sedgwick, to William Tison ("Sedgwick January 25 Letter") attached hereto as Exhibit B and incorporated herein by reference.

9.     Diana Clark has an administrative expense claim against the Debtors in connection with extensive injuries she sustained to her left knee on December 3, 2005 in a slip and fall which occurred as a result of a dangerous condition inside the Winn-Dixie store located at 725 Martin Luther King Boulevard, in the North Grove Shopping Center, Seffner, Florida 33584 (the "Store"). *See* Affidavit of Diana Clark ("Diana Clark Affidavit") attached hereto as Exhibit C and incorporated herein by reference.

2

10.      Immediately following the slip and fall, an employee of the Debtors filled out an incident report and took down Diana Clark's information, including her address as listed on her driver's license. *See* Diana Clark Affidavit.

11.      Diana Clark was then transported to the hospital where she was hospitalized and eventually underwent surgery to repair her left knee, more specifically, a comminuted stellate fracture with displacement of the patella on the left. *See* Diana Clark Affidavit.

12.      After the surgery, Diana Clark continued to receive follow-up treatment for her injuries. *See* Diana Clark Affidavit.

13.      Prior to the slip and fall, Diana Clark resided at 113 Valrico Station Road, Apartment 11, Valrico, Florida 33594. *See* Diana Clark Affidavit. After Diana Clark was discharged from the hospital, she moved in with her mother, Katie Clark, because she was unable walk up and down the stairs at her apartment. *See* Diana Clark Affidavit and Affidavit of Katie Clark ("Katie Clark Affidavit") attached hereto as <u>Exhibit D</u> and incorporated herein by reference. Diana Clark's lease for her apartment did not expire until approximately April 2006 so Diana Clark kept the apartment and her mother began picking up her mail from the apartment. *See* Diana Clark Affidavit and Katie Clark Affidavit.

14.      On December 5, 2005, Diana Clark retained William Tison ("Mr. Tison") of the Law Offices of Tison & Grant, P.A. to represent her in filing a lawsuit against the Debtors in connection with the injuries she sustained as a result of the slip and fall. *See* Diana Clark Affidavit and Affidavit of William Tison ("Tison Affidavit") attached hereto

3

as Exhibit E and incorporated herein by reference. Subsequently, on November 3, 2006, Diana Clark and Mr. Tison affiliated Lee Pitisci ("Mr. Pitisci") of the Law Offices of Pitisci, Dowell, Markowitz & Murphy to assist with filing the lawsuit. *See* Diana Clark Affidavit, Tison Affidavit, and Affidavit of Lee Pitisci ("Pitisci Affidavit") attached hereto as Exhibit F and incorporated herein by reference.

15.     Neither Mr. Tison nor Mr. Pitisci filed a notice of appearance or any other notice in the Debtors' bankruptcy cases directing the Debtors to provide notices to one or both of them in lieu of Diana Clark. *See* Diana Clark Affidavit, Tison Affidavit, and Pitisci Affidavit.

16.     On December 8, 2005, Felicia Crooms of Sedgwick, on behalf of the Debtors, sent a letter to Diana Clark acknowledging Diana Clark's administrative expense claim. *See* Diana Clark Affidavit and Sedgwick December 8 Letter.

17.     On January 6, 2006, Mr. Tison sent a letter via Certified U.S. Mail, Return Receipt Requested, to Felicia Crooms at Sedgwick advising the Debtors of Diana Clark's administrative expense claim. *See* Tison Affidavit and January 6, 2006, letter from Mr. Tison to Felicia Crooms, Claims Examiner with Sedgwick, attached hereto as Exhibit G and incorporated herein by reference.

18.     In or about the middle of January 2006, Katie Clark, on behalf of Diana Clark, made a written request to the U.S. Postal Service to forward, for a period of one year, Diana Clark's mail from her apartment located at 113 Valrico Station Road, Apartment 11, Valrico, Florida 33594 to Katie Clark's residence located at 13378 Gavin Rd., Dover, FL 33527. *See* Diana Clark Affidavit and Katie Clark Affidavit.

4

19.    In or about January 2006, Diana Clark began receiving her mail at Katie Clark's residence. *See* Diana Clark Affidavit. Diana Clark continued to receive her mail at Katie Clark's residence until January 2007. *See* Diana Clark Affidavit and Katie Clark Affidavit.

20.    On January 25, 2006, Felicia Holland of Sedgwick, on behalf of the Debtors, sent a letter to Mr. Tison acknowledging Diana Clark's administrative expense claim. *See* Diana Clark Affidavit and Sedgwick January 25 Letter.

21.    On January 30, 2006, Felicia Holland of Sedgwick, on behalf of the Debtors, sent a facsimile to Mr. Tison ("Sedgwick January 30 Fax") acknowledging Diana Clark's administrative expense claim and requesting a recorded statement from Diana Clark in connection with her administrative expense claim. *See* Tison Affidavit and Sedgwick January 30 Fax attached hereto as Exhibit H and incorporated herein by reference.

22.    On February 9, 2006, Felicia Holland of Sedgwick, on behalf of the Debtors, sent a facsimile to Mr. Tison ("Sedgwick February 9 Fax") acknowledging Diana Clark's administrative expense claim and requesting a recorded statement from Diana Clark in connection with her administrative expense claim. *See* Tison Affidavit and Sedgwick February 9 Fax attached hereto as Exhibit I and incorporated herein by reference.

23.    On March 7, 2006, Felicia Holland of Sedgwick, on behalf of the Debtors, sent a facsimile to Mr. Tison ("Sedgwick March 7 Fax") acknowledging Diana Clark's administrative expense claim and requesting a recorded statement from Diana Clark in

5

connection with her administrative expense claim. *See* Tison Affidavit and Sedgwick March 7 Fax attached hereto as Exhibit J and incorporated herein by reference.

24.     On May 12, 2006, Felicia Holland of Sedgwick, on behalf of the Debtors, sent a facsimile to Mr. Tison ("Sedgwick May 12 Fax") acknowledging Diana Clark's administrative expense claim and requesting a recorded statement from Diana Clark in connection with her administrative expense claim. *See* Tison Affidavit and Sedgwick May 12 Fax attached hereto as Exhibit K and incorporated herein by reference.

25.     The Debtors filed their Joint Plan of Reorganization on August 9, 2006, and their First Modification of Joint Plan of Reorganization on October 13, 2006 (collectively, the "Plan").

26.     The Plan was not served on Diana Clark, Mr. Tison, or Mr. Pitisci. *See* Diana Clark Affidavit, Tison Affidavit, and Pitisci Affidavit.

27.     This Court entered an Order Confirming the Joint Plan of Reorganization (the "Confirmation Order") on November 9, 2006.

28.     January 5, 2007, was established as the administrative expense claims bar date (the "Bar Date").

29.     The Debtors were required to serve notice of entry of the Confirmation Order, the occurrence of the Effective Date of the Plan, and the Bar Date for filing administrative expense claims upon all parties in interest.

30.     On December 6, 2006, *one month after* the Confirmation Order was entered, the Debtors sent the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing

6

Claims Arising Before Effective Date and Other Administrative Claims (the "Bar Date Notice") to Logan & Company, Inc. ("Logan"), its notice agent, for service upon all parties in interest.

31.     On December 18, 2006, Kathleen Logan ("Ms. Logan") of Logan filed a Certificate of Service attesting that "on or about December 6, 2006" she mailed the Bar Date Notice to the parties listed on Exhibit A attached to the Certificate of Service [Docket No. 13200]. Diana Clark is listed with an address of "113 Valrico Station Rd Apt 11, Valrico FL 33594" on page 302 of Exhibit A attached to the Certificate of Service. In or about December 2006, Diana Clark was still receiving her mail at Katie Clark's residence by virtue of the U.S. Postal Service's mail forward. *See* Diana Clark Affidavit and Katie Clark Affidavit. Notwithstanding the listing of Diana Clark on page 302 of Exhibit A attached to the Certificate of Service, Diana Clark never received the Bar Date Notice. *See* Diana Clark Affidavit and Katie Clark Affidavit.

32.     Mr. Tison is also listed on page 302 of Exhibit A attached to the Certificate of Service, however, Mr. Tison was on vacation for the holidays from December 23, 2006 through January 8, 2007 and did not receive the Bar Date Notice until after the Bar Date. *See* Tison Affidavit.

33.     Mr. Pitisci was not served with a copy of the Bar Date Notice. *See* Docket No. 13200, Exhibit A.

34.     On May 11, 2007, Mr. Pitisci forwarded a demand settlement package to Felicia Crooms at Sedgwick in an effort to settle Diana Clark's slip and fall case.

35.     On May 22, 2007, in response to Mr. Pitisci's May 11, 2007 correspondence, Felicia Crooms of Sedgwick sent correspondence to Mr. Tison advising him that Diana Clark's claim was barred by the Bar Date and the Confirmation Order.

36.     On May 30, 2007, Mr. Tison forwarded the May 22, 2007 correspondence from Felicia Crooms to Mr. Pitisci.

37.     Mr. Pitisci and Diana Clark promptly retained the undersigned counsel to file this Motion and an application on behalf of Diana Clark for an administrative expense claim. A copy of Diana Clark's Application for Allowance and Payment of Administrative Expense Claim is attached hereto as Exhibit L and incorporated herein by reference.

**Relief Requested and Grounds Therefor**

38.     By this Motion, Diana Clark seeks the entry of an order enlarging the time for her to file an administrative expense claim against the Debtors.

39.     Injuries sustained from a post-petition tort committed by the debtor are entitled to administrative expense priority. *See Reading Co. v. Brown*, 391 U.S. 471 (1968). *See also, In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr. S.D. Fla. 1994). Since Diana Clark's injuries occurred on December 5, 2005, ten (10) months after the Petition Date, but prior to confirmation of the Debtors' Plan, Diana Clark's claim is entitled to administrative expense priority.

40.     Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court *for cause*." (emphasis added).

41.    The term "cause" is not defined in either the Bankruptcy Code or the Bankruptcy Rules.  However, the deadline provided in Section 503(a) of the Bankruptcy Code is not jurisdictional and the Bankruptcy Court has broad discretion to allow a tardy administrative expense claim in the interests of justice.  *See In re Heartland Steel, Inc.*, 2003 WL 23100035 (Bankr. S.D. Ind. 2003).

42.    Diana Clark submits that there are several grounds upon which this Court could find cause to enlarge the time for her to file an administrative expense claim.

**I.    The Debtors Failed to Provide Diana Clark, a Known Creditor, With Actual Notice of the Bar Date**

42.    Known creditors are entitled to actual notice of the bar date.  *See In re Anchor Glass Container Corporation*, 325 B.R. 892, 895 (Bankr. M.D. Fla. 2005); *In re Hillsborough Holdings Corporation*, 172 B.R. 108, 111 (Bankr. M.D. Fla. 1994); *In re The Charter Co.*, 113 B.R. 725, 727 (M.D. Fla. 1990); *In re R.H. Macy & Co., Inc.*, 161 B.R. 355, 360 (Bankr. S.D.N.Y. 1993) citing *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293 296 (1953).  This is true even where the creditor may have actual knowledge of the pendency of the bankruptcy.  *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293 296 (1953).

43.    A known creditor is one whose identity is either known or "reasonably ascertainable by the debtor.  *In re Anchor Glass Container Corporation*, 325 B.R. 892, 895 (Bankr. M.D. Fla. 2005) citing *Tulsa Professional Collection Ser., Inc. v. Pope*, 485 U.S. 478, 490 (1988).  A known claim arises from facts that would alert the reasonable

9

debtor to the possibility that a claim might reasonably be filed against it. *In re Anchor Glass Container Corporation*, 325 B.R. 892, 895 (Bankr. M.D. Fla. 2005).

44.    Rule 2002(g) of the Bankruptcy Rules reinforces the requirement that known creditors are entitled to receive actual notice. It provides that a debtor shall send all notices directly to the creditor unless the creditor's agent directs otherwise in a request filed with the Bankruptcy Court. *See* Rule 2002(g) of the Bankruptcy Rules. *See also, In re R.H. Macy & Co., Inc.*, 161 B.R. at 359 citing *In re Solvation, Inc.*, 48 B.R. 670, 673 (Bankr. D.Mass. 1985).

45.    The Debtors have had notice of Diana Clark's claim since December 5, 2005, approximately ten (10) months prior to the Bar Date. Accordingly, Diana Clark is a known creditor.

46.    As a known creditor, the Debtors were required to provide Diana Clark with actual notice of the Bar Date since neither Mr. Tison nor Mr. Pitisci filed a notice of appearance or any other notice in the bankruptcy cases directing otherwise.

47.    In or about December 2006, when Logan purportedly mailed a copy of the Bar Date Notice to Diana Clark, Diana Clark was receiving all mail sent to her address at Katie Clark's residence pursuant to the U.S. Postal Service's mail forward. *See* Diana Clark Affidavit and Katie Clark Affidavit. Notwithstanding the listing of Diana Clark on page 302 of Exhibit A attached to the Certificate of Service, Diana Clark never received actual notice of the Bar Date. *See* Diana Clark Affidavit.

48.    Although the Debtors served Mr. Tison with a copy of the Bar Date Notice, the Debtors waited a month after the Confirmation Order was entered before

10

forwarding the Bar Date Notice to Logan for service upon Mr. Tison. The Debtors' actions in delaying service to Mr. Tison of the Bar Date Notice were calculated to take advantage of the fact that most businesses are closed for extended periods of time at the holidays. Mr. Tison did not receive the Bar Date Notice until after the Bar Date. *See* Tison Affidavit.

49.     The Debtors did not serve Mr. Pitisci with a copy of the Bar Date Notice. *See* Docket No. 13200, Exhibit A.

50.     Mr. Tison and Mr. Pitisci did not learn that January 5, 2007, was the Bar Date until May 22, 2007, when Mr. Tison received a letter from Felicia Crooms, a claims administrator with Sedgwick, informing him that Diana Clark's claim was barred.

51.     Courts have consistently ruled that when there is no notice of the claims bar date, a late claim is not barred. *In re Premier Membership Services, LLC*, 276 B.R. 709, 713 (Bankr. S.D. Fla. 2002).

52.     Therefore, the Debtors' failure to provide Diana Clark, as a known creditor, with actual notice of the Bar Date is an independent and sufficient ground upon which this Court could find cause to enlarge the time for her to file an administrative expense claim.

53.     If the debtor knows of a creditor's claim and the debtor fails to give actual notice of the claims bar date, Section 1141 of the Bankruptcy Code does not discharge the debt of the creditor. *In re Anchor Glass Container Corporation*, 325 B.R. 892, 895-96 (Bankr. M.D. Fla. 2005) citing *In re Gencor Indus., Inc.*, 298 B.R. 902, 914-15 (Bankr.

11

M.D. Fla. 2003) citing *In re Spring Valley Farms, Inc.*, 863 F.2d 832, 835 (11th Circ. 1989).    Therefore, Diana Clark's administrative expense claim is not discharged.

## II.    Diana Clark's Failure to Timely File an Application for an Administrative Expense Claim Was the Result of Excusable Neglect

54.    Courts routinely apply the excusable neglect standard set forth in Bankruptcy Rule 9006(b)(1) in determining whether cause exists. *See In re Gottchalk*, 78 F.3d 593, 1996 WL 83877, *2 (9th Cir. 1996); *In re West Delta Oil Co.*, 2002 WL 506814, *4 (E.D. La. 2002); *In re Gurley*, 235 B.R. 626, 631-32 (Bankr. W.D. Tenn. 1999); *In re Reams Broadcasting Corporation*, 153 B.R. 520, 523 (Bankr. N.D. Ohio 1993); and *In re Aargus Polybag Co., Inc.* 172 B.R. 586, 589 (Bankr. N.D. Ill. 1994).    *See e.g., In re Hillsborough Holdings Corporation*, 172 B.R. 108 (Bankr. M.D. Fla. 1994); *In re Bicoastal Corp.*, 147 B.R. 258, 261 (Bankr. M.D. Fla. 1992).

55.    Bankruptcy Rule 9006(b)(1) provides in pertinent part that:

> . . . when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion. . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

56.    The Supreme Court of the United States held that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388 (1993).    The determination, the Court held, is "an equitable one, taking account of all relevant circumstances surrounding the party's

omission." *Id.* at 395.  Among the factors court should consider are: (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.*

57.    The claimant is not required to prove that the tardily filed administrative expense claim was due to extraordinary circumstances. *See In re Singson*, 41 F.3d 316, 318 (7th Cir. 1994) (analyzing Bankruptcy Rule 9006(b)(1) in the context of an application for compensation of special counsel for services rendered beyond those approved by court).

58.    Applying the excusable neglect standard set forth in Bankruptcy Rule 9006(b)(1) and *Pioneer* to the instant case, cause exists to enlarge the time for Diana Clark to file an administrative expense claim.

**No Prejudice to the Debtors**

59.    There is no danger of prejudice to the Debtors in this case.  The Debtors were well aware of Diana Clark's claim prior to the Bar Date.  The Debtors had been advised of the existence of Diana Clark's claim on several occasions prior to the Bar Date.  In fact, the Debtors, through Sedgwick, acknowledged the existence of Diana Clark's claim on multiple occasions.  Based upon principles of waiver and estoppel, the Debtors cannot acknowledge the existence of Diana Clark's claim, not provide Diana Clark with actual notice of the Bar Date, and then assert that her claim is barred.

60.    The Debtors may assert that the prejudice to them is significant because Diana Clark's claim was not accounted for in the confirmed Plan.  This argument lacks

13

merit because courts have held that there is no prejudice to a debtor where the plan does not set aside money to pay the claim at issue. *See In re O'Brien Environmental Energy, Inc.,* 188 F.3d 116, 126 (3d Cir. 1999) ("We believe that *Pioneer* requires a more detailed analysis of prejudice which would account for more than whether the Plan set aside money to pay the claim at issue. Otherwise, virtually all late filings would be condemned by this factor." citing *In re R.H. Macy & Co.,* 166 B.R. 799, 802 (S.D.N.Y. 1994)).

### Delay and Impact on Judicial Proceedings are Minimal

61.     The length of delay in filing Diana Clark's claim is minimal. Once Diana Clark discovered the Bar Date, she took immediate action to retain the undersigned counsel and rectify the situation.

62.     The delay will not impact the efficient administration of the Debtors' bankruptcy cases as Diana Clark's application can be dealt with in the ordinary course of the administration of the Debtors' bankruptcy cases along with all of the other timely filed applications.

### Delay Caused by Lack of Actual Notice to Diana Clark and Was Not Within the Reasonable Control of Diana Clark

63.     The delay in filing Diana Clark's claim was caused by the Debtors' failure to provide Diana Clark, a known creditor, with actual notice of the Bar Date. Therefore, the delay was not within Diana Clark's control.

14

**Diana Clark Acted in Good Faith**

64.     Diana Clark has acted in good faith with respect to the assertion of her claim. Through counsel, Diana Clark provided the Debtors with notice of her claim. As soon as she learned that Smith Hulsey was asserting that her claim was barred because she did not timely file an application for an administrative expense claim with the Bankruptcy Court, she retained the undersigned counsel to prepare and file an application for an administrative expense claim and the instant Motion.

65.     It is the Debtors who appear not to have acted in good faith in this case. The Debtors failed to provide Diana Clark, a known creditor, with actual notice of the Bar Date and waited a month after the Confirmation Order was entered before forwarding the Bar Date Notice to Logan for service upon Mr. Tison. The Debtors' actions in delaying service to Mr. Tison of the Bar Date Notice were calculated to take advantage of the fact that most businesses are closed for extended periods of time at the holidays. Mr. Tison did not learn that January 5, 2007, was the Bar Date until May 22, 2007, when he received a letter from Felicia Crooms of Sedgwick informing him that Diana Clark's claim was barred.

**III.   The Debtors Failed to Mail the Bar Date Notice to Creditors and Parties in Interest in Accordance with Rule 2002(f) of the Local Rules of Bankruptcy Procedure for the Middle District of Florida**

66.     Rule 2002-1(f) of the Local Rules of Bankruptcy Procedure for the Middle District of Florida provides that "[i]f the Court directs an attorney for a party to serve an order, it shall be served within three (3) days of its having been entered by the Court and

15

the attorney shall thereafter promptly file a proof of such service in accordance with the provisions of Local Rule 7005-1."

67.    The Confirmation Order was entered by this Court on November 9, 2006. The Debtors waited nearly one month after the entry of the Confirmation Order to send the Bar Date Notice to Logan for service upon all parties in interest. The Debtors' actions in delaying service of the Bar Date Notice for a month until the holiday season, whether intentional or not, has the appearance of taking advantage of the fact that most businesses are closed for extended periods of time at the holidays. The Debtors' actions prejudiced the rights of holders of administrative expense claims.

68.    The Debtors' failure to serve the Bar Date Notice in accordance with the Local Rules of this Court, thus causing prejudice the rights of holders of administrative expense claims, constitutes cause to enlarge the time for Diana Clark to file an administrative expense claim.

16

WHEREFORE, Diana Clark respectfully requests the entry of an order:

A.      granting this Motion;

A.      enlarging the time for her to file an administrative expense claim

         against the Debtors; and

B.      providing such other and further relief as is just and proper.

Dated this 25th day of June, 2007.

        /s/ Amy Denton Harris
        Stephen R. Leslie
        Florida Bar No. 0000349
        Amy Denton Harris
        Florida Bar No. 0634506
        Stichter, Riedel, Blain & Prosser, P.A.
        110 E. Madison Street, Suite 200
        Tampa, Florida 33602
        Telephone: (813) 229-0144
        Facsimile: (813) 229-1811
        sleslie@srbp.com
        aharris@srbp.com
        Attorneys for Diana Clark and Lee Pitisci

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon the following either electronically via the Court's CM/ECF system or by U.S. Mail on this 25th day of June, 2007:

Stephen D. Busey, Esquire
James H. Post, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL   32202
Facsimile: (904) 359-7708

Matthew Barr, Esquire
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY   10005
Facsimile: (212) 822-5194

Elena L. Escamilla, Esquire
Office of the United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL   32801


/s/ Amy Denton Harris
Amy Denton Harris
Florida Bar No. 0634506

18