UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                            Chapter 11

WINN-DIXIE STORES, INC., et al.,          Case No. 05-03817-3F1
                                                                       Jointly Administered
    Reorganized Debtors.
_____/

### AFFIDAVIT OF DIANA CLARK IN SUPPORT OF MOTION TO ENLARGE TIME FOR DIANA CLARK TO FILE AN APPLICATION FOR AN ADMINISTRATIVE EXPENSE CLAIM

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

    BEFORE ME, the undersigned authority, personally appeared Diana Clark, who, being duly sworn, deposes and states:

    1.    I am over 21 years of age and am otherwise *sui juris*. I make this affidavit of my own personal knowledge.

    2.    I make this affidavit in support of my Motion to Enlarge the Time to File an Administrative Expense Claim.

    3.    On December 3, 2005, I sustained extensive injuries to my left knee in a slip and fall which occurred as a result of a dangerous condition inside the Winn-Dixie store located at 725 Martin Luther King Jr. Boulevard, in the North Grove Shopping Center, Seffner, Florida 33584.

    4.    Immediately following the slip and fall, an employee of the Debtors filled out an incident report and took down my information, including my address as listed on

**Exhibit "C"**

my driver's license.

5. I was then transported to the hospital where I was hospitalized and eventually underwent surgery to repair my left knee.

6. After the surgery, I continued to receive follow-up treatment for my injuries.

7. I have incurred substantial medical bills in connection with the surgery and follow-up treatment.

8. Prior to the slip and fall, I resided at 113 Valrico Station Road, Apartment 11, Valrico, Florida 33594.

9. After I was discharged from the hospital, I moved in with my mother, Katie Clark, because I was unable walk up and down the stairs at my apartment. My lease for my apartment did not expire until approximately April 2006 so I kept the apartment and my mother began picking up my mail from the apartment.

10. On December 5, 2005, I retained William Tison ("Mr. Tison") of the Law Offices of Tison & Grant, P.A. to represent me in filing a lawsuit against the Debtors in connection with the injuries I sustained as a result of the slip and fall.

11. On November 3, 2006, Mr. Tison and I affiliated Lee Pitisci ("Mr. Pitisci") of the Law Firm of Pitisci, Dowell, Markowitz & Murphy to assist in filing a lawsuit against the Debtors in connection with the injuries I sustained as a result of the slip and fall.

12. I am obligated to pay attorney fees and costs to Mr. Tison and Mr. Pitisci

in connection with their representation of me.

13.     I never asked Mr. Tison or Mr. Pitisci to file a notice with the Bankruptcy Court directing the Debtors to provide notices to one or both of them instead of me.

14.     In or about the middle of January 2006, I asked my mother to have my mail forwarded from my apartment located at 113 Valrico Station Road, Apartment 11, Valrico, Florida 33594 to my mother's residence located at 13378 Gavin Rd., Dover, FL 33527.

15.     In or about January 2006, I began receiving my mail at my mother's residence. I continued to receive my mail at my mother's residence until January 2007.

16.     The Debtors were on notice of my administrative expense claim because: (i) an employee of the Debtors took my information immediately following the slip and fall, (ii) the Debtor's third party claims administrator, Sedgwick Claims Management Services, Inc. ("Sedgwick") acknowledged my claim and assigned it a claim number, and (iii) Sedgwick sent correspondence requesting information regarding my claim.

17.     Notwithstanding the Debtors' notice of my administrative expense claim, I never received copies of the Plan, the Bar Date Notice, or any other document notifying me that January 5, 2007, was the deadline for me to file an administrative expense claim against the Debtors.

18.     In fact, in or about December 2006, when Logan purportedly mailed a copy of the Bar Date Notice to me, I was receiving all mail sent to my address at my mother's residence pursuant to the U.S. Postal Service's mail forward. Notwithstanding

the Debtors' listing of me on page 302 of Exhibit A attached to the Certificate of Service, I never received actual notice of the Bar Date.

19. As soon as I learned from Mr. Tison that the Debtors were asserting that my claim was barred because I did not timely file an application for an administrative expense claim with the Bankruptcy Court, Mr. Tison, Mr. Pitisci, and I retained Stichter, Riedel, Blain & Prosser, P.A. to prepare and file, on my behalf, an application for an administrative expense claim and a motion to allow the tardily filed claim.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DIANA CLARK

SWORN TO AND SUBSCRIBED BEFORE ME this 22nd day of June, 2007, by DIANA CLARK, who is personally known or who produced _____ as identification and who did take an oath.

JANICE P. HARRIS
MY COMMISSION # DD 645418
EXPIRES: April 14, 2011
Bonded Thru Notary Public Underwriters

_____
Name (printed)

_____
Notary Public (signature)

My Commission Expires: