UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                    Chapter 11

WINN-DIXIE STORES, INC., et al.,          Case No. 05-03817-3F1
                                          Jointly Administered
Reorganized Debtors.
_____/

### AFFIDAVIT OF WILLIAM TISON IN SUPPORT OF MOTION TO ENLARGE TIME FOR DIANA CLARK TO FILE AN APPLICATION FOR AN ADMINISTRATIVE EXPENSE CLAIM

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority, personally appeared William Tison, who, being duly sworn, deposes and states:

1. I am over 21 years of age and am otherwise *sui juris*. I make this affidavit of my own personal knowledge.

2. For all times relevant hereto, I was an attorney with the Law Offices of Tison & Grant, P.A. located in Tampa, Florida.

3. I am duly authorized to practice law in the State of Florida.

4. I make this affidavit in support of Diana Clark's Motion to Enlarge the Time to File an Administrative Expense Claim.

5. On December 3, 2005, Diana Clark ("Ms. Clark") sustained extensive injuries to her left knee in a slip and fall which occurred as a result of a dangerous condition inside the Winn-Dixie store located at 725 Martin Luther King Jr. Boulevard, in the North Grove Shopping Center, Seffner,

**Exhibit "E"**

Florida 33584.

6. Ms. Clark went to the hospital immediately following the slip and fall and eventually underwent surgery to repair her left knee.

7. After the surgery, Ms. Clark continued to receive follow-up treatment for her injuries.

8. Ms. Clark has incurred substantial medical bills in connection with the surgery and follow-up treatment.

9. On December 5, 2005, Ms. Clark retained me to represent her against the Debtors in connection with the injuries she sustained as a result of the slip and fall.

10. Ms. Clark is obligated to pay myself and Mr. Pitisci for attorney fees and costs in connection with this representation.

11. On January 6, 2006, I sent a letter via Certified U.S. Mail to Felicia Crooms at Sedgwick Claims Management Services, Inc. ("Sedgwick"), the Debtors' third party claims administrator, advising the Debtors of Ms. Clark's administrative expense claim.

12. On January 25, 2006, Felicia Holland sent me a letter acknowledging Ms. Clark's claim.

13. On January 30, 2006, Felicia Holland sent me a facsimile acknowledging Ms. Clark's claim and requested a recorded statement.

14. On February 9, 2006, Felicia Holland sent me a facsimile acknowledging

Ms. Clark's claim and requested a recorded statement.

15. On March 7, 2006, Felicia Holland sent me a facsimile acknowledging Ms. Clark's claim and requested a recorded statement.

16. On May 12, 2006, Felicia Holland sent me a facsimile acknowledging Ms. Clark's claim and requested a recorded statement.

17. I did *not* file a notice of appearance or any other notice in the Debtors' bankruptcy cases directing the Debtors to provide notices to me in lieu of Ms. Clark because Ms. Clark never asked me to do so.

18. On November 3, 2006, I affiliated Lee Pitisci of the Law Firm of Pitisci, Dowell, Markowitz & Murphy to assist in filing a lawsuit against the Debtors in connection with injuries to Ms. Clark as a result of the slip and fall.

19. I never received copies of the Plan; however, my office did receive a copy of the Bar Date Notice December 12, 2006.

20. Noting the primary file was being handled by Mr. Pitisci, my paralegal forwarded the Bar Date Notice to Mr. Pitisci's office on or about December 27, 2006, in my absence, as I was on vacation and not in the office from December 23, 2006, to January 8, 2007.

21. I never personally saw the Bar Date Notice before my paralegal forwarded it, along with several other documents, to Mr. Pitisci's office on December 27, 2006.

22. I did not learn that January 5, 2007, was a Bar Date, until May 22, 2007, when I received a letter from Debtors' third party administrator, Felicia Crooms, informing me Ms. Clark's claim was barred. I immediately forwarded the correspondence to Mr. Pitisci for his review.

23. Immediately upon learning of the Bar Date, Ms. Clark, Mr. Pitisci, and myself retained Stichter, Riedel, Blain & Prosser, P.A. to prepare and file, on Ms. Clark's behalf, an application for an administrative expense claim and a motion to allow the tardily filed claim.

FURTHER AFFIANT SAYETH NAUGHT.

_____
WILLIAM TISON

SWORN TO AND SUBSCRIBED BEFORE ME this 4th day of June, 2007, by William Tison ~~DIANA CLARK~~, who is personally known or who produced _____

_____ as identification and who did take an oath.

Janice P. Harris
Name (printed)

_____
Notary Public (signature)

My Commission Expires:

JANICE P. HARRIS
MY COMMISSION # DD 645418
EXPIRES: April 14, 2011
Bonded Thru Notary Public Underwriters