## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re: WINN-DIXIE STORES, INC., et al.,                 Case No.: 3-05-bk-03817 (JAF)

        Debtor(s)                                          Chapter 11

_____          Jointly Administered

## APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE
### (Robin Jackson)

Robin Jackson ("Applicant"), seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of such, Applicant states as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2.     Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3.     After the Petition Date and on or about October 3, 2006, Applicant was injured at a Winn Dixie grocery located Louisiana. As a proximate result of the injury, Applicant

has suffered severe damages totaling at least $250,000.00, which damages Applicant can support through medical records and other proof.

## APPLICANT'S CLAIM IS ENTITLED TO

## ADMINISTRATIVE EXPENSE STATUS

4.      Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate. 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5.      In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's $250,000.00 claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status pursuant to Section 12 of the Debtors Chapter 11 Plan of Reorganization.

2

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

> Bryan K. Mickler, Esq.
> Law Offices of Mickler & Mickler
> 5452 Arlington Exp.
> Jacksonville, FL 32211
> Email: court@planlaw.com

**WHEREFORE**, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

Law Offices of Mickler & Mickler

By:_____
          Bryan K. Mickler
Attorney for Claimant
5452 Arlington Expressway
Jacksonville, FL  32211
(904) 725-0822/FAX: 725-0855
Florida Bar No. 091790

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2007, I filed this APPLICATION FOR ALLOWANCE OF

ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR

NOTICE through the CM/ECF filing system, which will cause a copy to be served on James H. Post,

Esq., Counsel for the Reorganized Debtors, 225 Water St., #1800, Jacksonville, FL 32202 (by U.S.

Mail and CM/ECF filing),  Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-

Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States

Trustee and all other parties participating in the CM/ECF System, all served electronically.

_____
Attorney

5

# A F F I D A V I T

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

BEFORE ME, personally came and appeared

### Kristina L. F. Ohlmeyer and Raleigh L. Ohlmeyer, III

Who, first being duly sworn, deposed and said that:

1.  Affiants are attorneys representing Robin Jackson (hereinafter "Claimant") for her claims against Winn-Dixie. A letter of representation by Ohlmeyer & Ohlmeyer was sent on October 3, 2006 to the Winn-Dixie Claims department. Prior to filing a state court action, Affiant Kristina Ohlmeyer spoke with a supervisor in the claims department, Sonnie Songbird, giving contact information including address, phone (cell of Kristina Ohlmeyer and office) and fax numbers.

2.  A state court action was filed on behalf of Claimant against Winn-Dixie in Civil District Court of Orleans Parish, Louisiana on November 13, 2006.

3.  On November 28, 2006, counsel for Winn-Dixie, Robert Peyton, spoke with Kristina Ohlmeyer by telephone requesting an informal extension to file responsive pleadings and was granted same by Affiant. Mr. Peyton was given contact information for Ohlmeyer & Ohlmeyer including Mrs. Ohlmeyer's cell phone number.

4.  Mr. Peyton's secretary (or paralegal), Toni, contacted Affiants' office at least three times (the first call December 4, 2006) regarding deposition dates and filing an answer. Mrs. Ohlmeyer spoke with Toni regarding dates, received available dates from Claimant and made calls to Mr. Peyton's office with same. After attempts to contact Mr. Peyton were unsuccessful, on January 18, 2007, Affiants sent Mr. Peyton a letter inquiring as to responsive pleadings.

5.  The next correspondence Affiants received, dated February 14, 2007, which was mailed to Mrs. Ohlmeyer's former firm and faxed to Affiants' current fax, was from Winn-Dixie's bankruptcy attorney stating any action/claims by Claimant were barred because the Administrative Claims Bar Date of January 5, 2007 had passed. Affiants never received notice of the Administrative Claims Bar Date, or any other notice from regarding the bankruptcy.

6.  Affiant Mrs. Ohlmeyer called Mr. David Gay and indicated Affiants needed time to inquire as to the events that precipitated his letter because no notice of the Administrative Claims Bar Date was received by Affiants. In an abundance of caution and an act of good faith, Affiants also filed a Motion to Stay the state court proceeding. Affiants also

inquired with Mr. Peyton as to when he informed his client of Claimant's state court action and our representation of her in same. To date, no response has been received.

7.   Affiants received a copy of the service list by Winn-Dixie's bankruptcy attorney listing Affiants with no street address, only the city, state, and zip code. Claimant's address was also incorrect. (See Exhibit A)

8.   Due to the impact of Hurricane Katrina, Claimant's contact information has not been consistent. To Affiants' knowledge and information, Claimant was displaced for many months after Katrina, has changed her place of residence at least three times, has had her phones periodically disconnected numerous times, and changed her employment. All of these changes have caused Affiants to be unable to reach Claimant numerous times in the course of her pending litigation.

9.   To Affiants' knowledge and information, Claimant informed Winn-Dixie, at the time of her accident and subsequently when speaking with the claims representative, that her residence was only temporary due to Hurricane Katrina and later, after Affiants were retained, asked claims representative to contact Affiants directly.


Kristina L. F. Ohlmeyer                           Raleigh L. Ohlmeyer, III


**SWORN to and SUBSCRIBED before me
this \_\_th day of May 2007.**


**Notary Public**


**Steven E. Bain, Notary Public
Notary ID Number 51856
State of Louisiana
My commission is for life.**

MAR-08-2007 THU 11:40 AM          FAX NO.                              P. 06/06

Case 3:05-bk-03817-JAF   Doc 17000   Filed 06/25/07   Page 7 of 8
Case 3:05-bk-03817-JAF   Document 13200   Filed 12/16/2006   Page 897 of 1422
Page 897 of 1422

SERVICE LIST
Notice of (A) Entry of Order Confirming Plan of
Reorganization, (B) Occurrence of Effective Date
of Plan, and (C) Bar Dates for Filing claims Arising
before Effective Date and Other Administrative Claims

DEBTOR:   WINN-DIXIE STORES, INC., ET AL.

CASE:   05-03817-3F1

CREDITOR ID: 536240-BA
JACKSON, LUCY
C/O LAW OFFICES OF DAVID B KESLER
ATTN: DAVID B KESLER, ESQ
5 SIXTY FIFTH STREET SOUTH
ST. PETERSBURG FL 33707

CREDITOR ID: 536200-BA
JACKSON, MARY
724 EARL COURT NORTH
JACKSONVILLE FL 32219

CREDITOR ID: 240115-06
JACKSON, MS TAX COLLECTOR
DODIE FAIR
PO BOX 1727
JACKSON MS 39215

CREDITOR ID: 379695-78
JACKSON, R WAYNE
6020 FOREST GREEN ROAD
PENSACOLA FL 32505

CREDITOR ID: 555967-BC
JACKSON, RHONDA
308 WINDSOR DR.
LA PLACE LA 70068

CREDITOR ID: 555972-BC
JACKSON, RUTH
PO BOX 1332
CRAWFORDVILLE FL 32326

CREDITOR ID: 536211-BA
JACKSON, SONIA
1056 WALLACE COURT
JACKSONVILLE FL 32254

CREDITOR ID: 391891-55
JACKSON, TIFFANY
C/O J SCOTT NOONEY & ASSOCIATES
ATTN J SCOTT NOONEY, ESQ
3535 HENDRICKS AVENUE
JACKSONVILLE FL 32207

CREDITOR ID: 538243-BA
JACKSON, WILLETTE
C/O WARREN C. DEAGANO, JR.
WARREN G. DEAGANO, JR.
2300 ENERGY CENTRE
1100 POYDAS STREET
NEW ORLEANS LA 70163

CREDITOR ID: 536207-BA
JACKSON, LYNEESHA
625 8TH STREET
FRANKLIN LA 70538

CREDITOR ID: 538241-BA
JACKSON, MARY
THE LAW OFFICES OF J. SCOTT NOONEY
ATTN: CHRISTINA BROWN
3535 HENDRICKS AVENUE
JACKSONVILLE FL 32207-3303

CREDITOR ID: 555961-BC
JACKSON PATRICIA
5704 A VILLAS LANE
MONTGOMERY AL 36116

CREDITOR ID: 388036-54
JACKSON, RENEE
PO BOX 673174
MARIETTA, GA 30006

CREDITOR ID: 538243-BA
JACKSON, ROBIN MARIE
C/O KRISTINA L. F. OHLMEYER
RALEIGH L. OHLMEYER
NEW ORLEANS LA 70163

CREDITOR ID: 394790-57
JACKSON, SANDRA BLAINE
C/O MICHAEL ANTHONY REMY PA
ATTN MICHAEL A REMY, ESQ
2121 PONCE DE LEON BLVD, SUITE 550
CORAL GABLES FL 33134

CREDITOR ID: 151870-09
JACKSON, TAIKEA M
617 WHIDDON STREET
TIFTON GA 31794

CREDITOR ID: 555974-BC
JACKSON, TONYA
1816 WILSON AVENUE
BRUNSWICK GA 31520

CREDITOR ID: 403183-15
JACKSON'S GREASE TRAP SERVICES
ATTN BOBBIE BREAUX, OFF MGR
PO BOX 1007
KENNER LA 70063-1007

CREDITOR ID: 555969-BC
JACKSON, LYNEESHA
625 8TH STREET
FRANKLIN LA 70538

CREDITOR ID: 555966-BC
JACKSON, MONIQUE
2720 62ND TERR. N APT. A
SAINT PETERSBURG FL 33702

CREDITOR ID: 555957-BC
JACKSON, PAULETE
2131 NW 3RD AVE
MIAMI FL 33157

CREDITOR ID: 536200-BA
JACKSON, RENEE
11538 TORI LN
JACKSONVILLE FL 32218

CREDITOR ID: 536210-BA
JACKSON, ROBIN MARIE
P.O. BOX 1396
MARRERO LA 70073

CREDITOR ID: 555956-BC
JACKSON, SHERRY
P.O. BOX 134
MARION MI 49665

CREDITOR ID: 311176-05
JACKSON, TERESA R
PO BOX 1654
ALACHUA FL 32616-1654

CREDITOR ID: 536212-BA
JACKSON, WILLETTE
6218 2ND AVE APT A
MARRERO LA 70072

CREDITOR ID: 242522-12
JACKSONVILLE BUSINESS JOURNAL
1200 RIVERPLACE BLVD, SUITE 201
JACKSONVILLE, FL 32207

EXHIBIT A