UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: WINN-DIXIE STORES, INC., et al., | Case No.: 3-05-bk-03817-JAF |
| Debtor(s) | Chapter 11 |
| | Jointly Administered |

MOTION TO ALLOW AS TIMELY FILED APPLICATION FOR ALLOWANCE OF
AN ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND
REQUEST FOR NOTICE
(Robin Jackson)

Robin Jackson ("Applicant"), pursuant to 11 U.S.C. §§ 105; 503(a) and Fed.Bankr.R.Pro. 9006(b)(1). Applicant requests the entry of an order allowing as timely filed the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of such, Applicant states as follows:

**FACTUAL BACKGROUND**

Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date"). After the Petition Date and on or about October 3, 2006, Applicant was injured at a Winn Dixie grocery located Louisiana. As a proximate result of the injury, Applicant has suffered severe damages totaling at least $250,000.00, which damages Applicant can support through medical records and other proof.

Applicant retained the law firm of Ohlmeyer and Ohlmeyer and a letter of representation was sent to the Winn-Dixie Claims Department on October 3, 2006. The attorneys for Ms. Jackson also

1

spoke with a representative of the Winn-Dixie Claims Department after the letter of representation was sent to Winn-Dixie. Ms. Jackson eventually filed suit against Winn-Dixie in Civil District Court of Orleans Parish, LA on November 13, 2006.

As a result of the suit being filed, Winn-Dixie retained Robert Peyton, Esq. as Counsel. During November of 2006, Counsel for Applicant in the State Court action spoke with Mr. Peyton on several occasions to coordinate the filing of responsive pleadings and discovery.

In February of 2007, Counsel for Winn-Dixie informed Ms. Jackson's Counsel that the claim was barred due to the terms of the Confirmed Chapter 11 Plan that had been proposed by Winn-Dixie. Counsel for Ms. Jackson had never received any notice of the Plan or its provisions. As evidenced by the Affidavit of both attorneys for Ms. Jackson, the Notice of the Winn-Dixie Plan was never received due to an incorrect address being used by the Winn-Dixie Claims Department, which in turn caused an incorrect address to be placed upon the Notice of the Winn-Dixie Plan and its provisions.

## MEMORANDUM OF LAW ON EXCUSABLE NEGLECT OR MISTAKE

In this case, the Claimant's attorney failed to file an application for administrative expense prior to the deadline of January 5, 2007 due to excusable neglect and/or mistake. Federal Courts have used the excusable neglect standard in the context of allowing an administrative claim under 11 U.S.C. § 503(a). See *In re Bicostal Corp.* 147, B.R. 258 (Bankr.M.D.Fla. 1992).

Fed.R.Civ.P. 60(b), as incorporated in Fed.R.Bankr.P. 9024, provides the basis for the Court to grant relief to the applicant based upon excusable neglect. Rule 60(b)(1), permits courts to relieve a party from judgments or other orders for reasons of "mistake, inadvertence, surprise, or excusable neglect," but only on motion made within one year of the judgment. Rule 60(b), "excusable neglect"

is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. *Pioneer Investment Services Company, Petitioner V. Brunswick Associates Limited Partnership et al.*, 507 U.S. 380, 394; 113 S. Ct. 1489, 1497 (1993). The Supreme Court in *Pioneer* determined that excusable neglect was an 'elastic concept' and was not limited strictly to omissions caused by circumstances beyond the control of the movant. *Pioneer*, 507 U.S. at 392; 113 S.Ct. at 1496.

The Supreme Court then identified several factors to be utilized by the Court in determining whether excusable neglect was present in a factual situation. These included the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395; 113 S.Ct. at 1498.

All of these factors favor the granting of the relief to the Applicant. Initially, the danger to the Applicant is obvious. The Applicant's claim for her personal and financial injuries would be barred under the terms of the confirmed Plan. That would be a tremendous prejudice to the Applicant and would result in a further compounding of the financial and physical toll of the injuries suffered.

There would also be no delay to the Chapter 11 process if the Court were to allow the late filed Administrative Claim. The claims process has only recently begun for Administrative Claims, with the large majority being handled by the insurance adjusters for the Debtor at a future date. There would be no need for extensive court hearings or further delay to the completion of the Chapter 11 process.

As stated earlier, the reason for the non-filing of the Administrative Application was the incorrect address on the mailout of the Chapter 11 Plan by the Debtor in Possession. The Debtor had the correct address due the filing of the suit in Louisiana by the Applicant, but misidentified the address

for the attorney for the Applicant in the mailout. Additionally, the Applicant has been displaced over the last two years due the effects of Hurricane Katrina, making it hard for her attorney's to reach her and file the Administrative Expense Application prior to this date. Based upon the above, the Applicant has acted in good faith in her attempt to file the Administrative Expense Application.

### REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

>Bryan K. Mickler, Esq.
>Law Offices of Mickler & Mickler
>5452 Arlington Exp.
>Jacksonville, FL 32211
>Email: court@planlaw.com

**WHEREFORE**, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

>Law Offices of Mickler & Mickler
>
>By: _____
>    Bryan K. Mickler
>Attorney for Claimant
>5452 Arlington Expressway
>Jacksonville, FL 32211
>(904) 725-0822/FAX: 725-0855
>Florida Bar No. 091790

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2007, I filed this APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, 225 Water St., #1800, Jacksonville, FL 32202 (by U.S. Mail and CM/ECF filing), Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

_____
Attorney