UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Reorganized Debtors. ) | Jointly Administered |
| ) | |

**AGREED ORDER RESOLVING CURE OBJECTION FILED BY BENDERSON DEVELOPMENT COMPANY, LLC. (STORE NOS. 637, 651, 656, 660 and 737)**

This cause came before the Court on the (a) Amended Omnibus Motion for Order to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors") (Docket No. 7966), (b) Limited Objection to the Debtors' Amended Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts and (III) Grant Related Relief filed by Benderson Development Company, LLC ("Benderson") (Docket No. 8910) with respect to Store Nos. 637, 651, 656, 660 and 737 (the "Cure Objection"), (c) Debtors' Twelfth Omnibus Objection to (A) Overstated Claims, (B) Overstated Misclassified Claims and (C) No Liability Misclassified Claims (Docket No. 8116) and (d) Debtors' Thirteenth Omnibus Objection to (A) No Liability Claims, (B) Overstated Claims, (C) Unliquidated Claims and (D) Amended and Superseded Claims (Docket No. 8425).

The Court issued its Order (I) Authorizing Assumption of Non-Residential Real Property Leases, (II) Fixing Cure Amounts and (III) Granting Related Relief (Docket No. 11930), which fixed the cure amounts for Benderson Store Nos. 637, 651, 656, 660 and 737,

but did not address the proofs of claim filed by Benderson entities. Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objection is overruled.

2. Proof of Claim number 10145 filed by Benderson[1] with respect to Store No. 637 is allowed as an administrative claim in the amount of $50,219.80, which the Reorganized Debtors have paid in full.

3. Proof of Claim number 10139 filed by Benderson[2] with respect to Store No. 651 is allowed as an administrative claim in the amount of $78,071.85, which the Reorganized Debtors have paid in full.

4. Proof of Claim number 10142 filed by Benderson[3] with respect to Store No. 656 is allowed as an administrative claim in the amount of $19,398.85, which the Reorganized Debtors have paid in full.

5. Proof of Claim number 10140 filed by Benderson[4] with respect to Store No. 660 is allowed as an administrative claim in the amount of $201,393.26, which the Reorganized Debtors have paid in full.

6. Proof of Claim number 10141 filed by Benderson[5] with respect to Store No. 737 is allowed as an administrative claim in the amount of $183,384.77, which the

---

[1] Proof of claim number 10145 was filed on behalf of the entity named Ronald Benderson 1995 Trust and Benderson 85-1 Trust as tenants in common, known as Ron-Ben Associates by parent company Benderson Development Company, Inc. (the landlord for Store No. 637).
[2] Proof of claim number 10139 was filed on behalf of the entity named Buffalo-LOL Associates Ltd. and Buffalo-WD Associates, Ltd. by parent company Benderson Development Company, Inc. (the landlord for Store No. 651).
[3] Proof of claim number 10142 was filed on behalf of the entity named Benderson 85-1 Trust and Ronald Benderson 1995 Trust as tenants in common (known as Buffalo-Manne Associates) by parent company Benderson Development Company, Inc. (the landlord for Store No. 656).
[4] Proof of claim number 10140 was filed on behalf of the entity named Randall Benderson 1993-1 Trust and WR-II Associates, Ltd. as tenants in common by parent company Benderson Development Company, Inc. (the landlord for Store No. 660).
[5] Proof of claim number 10141 was filed on behalf of the entity named NB/85 Associates by parent company Benderson Development Company, Inc. (the landlord for Store No. 737).

Reorganized Debtors have paid in full.

7. This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store Nos. 637, 651, 656, 660 and 737 filed by Benderson and its affiliated entities in these Chapter 11 cases and (ii) all other pre-petition or pre-effective date claims pertaining to Store Nos. 637, 651, 656, 660 and 737 that Benderson and its affiliated entities have or may have against the Reorganized Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released; provided, however, that 2006 year end adjustments for common area maintenance, taxes, insurance and similar charges, if any, will be handled by the parties in accordance with the applicable lease terms and ordinary course practices.

8. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this 25 day of June, 2007, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00554243

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| KELLEY DRYE & WARREN, LLP | SMITH HULSEY & BUSEY |
|---|---|
| By___*s/ Robert L. LeHane**___<br>Robert L. LeHane | By___*s/ Cynthia C. Jackson*___<br>Cynthia C. Jackson, F.B.N. 498882 |
| 101 Park Avenue<br>New York, NY 10178<br>(212) 808-7573<br>(212) 808-7897 (facsimile)<br>rlehane@kelleydrye.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Counsel for Benderson Development Company, LLC | Co-Counsel for Reorganized Debtors |

*Counsel has authorized his electronic signature.

00554243

4