F I L E D
JACKSONVILLE, FLORIDA

JUN 2 9 2007

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:   WINN DIXIE STORES            NO. 3:05-BK-3817-JAF

## MOTION TO REFER PERSONAL INJURY CLAIM OF SUSAN COSSE TO STATE COURT
(Pre-petition injury; post-petition claim)

Susan Cosse, in proper person, moves the court to refer her personal injury claim, Susan Cosse v Park Plaza Shopping Center, LLC and its insurer, United National Group, No. 100,442 E, 34th Judicial District Court for the Parish of St Bernard, State of Louisiana, to the 34th Judicial District Court for trial and in support states:

### Jurisdiction and venue

1. This court has jurisdiction over this matter pursuant to 28 USC secs. 157 and 1334. Venue is proper pursuant to 28 USC sec. 157(b)(2).

### State court procedural history

2. Mover suffered a slip/fall incident that occurred on December 19, 2002 at the entry to the Winn-Dixie store at the Park Plaza Shopping Center in Chalmette, La. She filed her state court case on November 21, 2003.

3. On October 27, 2006 she filed a First Supplemental and Amended Petition in order to name Winn-Dixie Stores, Inc. as a joint tortfeasor in which case the amended petition would relate back to the original petition. This petition was

served on Winn-Dixie on or about Nove 2, 2007.

3A. Mover got no notice of any deadlines.

4. On December 7, 2006 mover was notified of the bankruptcy by Winn-Dixie's local attorney.

5. Mover believes that Winn-Dixie emerged from bankruptcy on November 21, 2006.

### "Execusable neglect" and no prejudice to Winn-Dixie

6. Mover contends that the delay in filing is due to "excusable neglect" under the *Pioneer* doctrine. Winn-Dixie investigated the incident the same day it occurred "in anticipation of litigation." As shown below, it has remained involved in the matter such that it has suffered no prejudice.

7. Mover was contacted by Winn-Dixie itself by letter dated the day after the incident. On that same day, Winn-Dixie advised its landlord, Park Plaza, that Park Plaza was responsible for the claim because the fall occurred outside the store.

8. On January 2, 2003, Sedgwick Claims, the third-party administrator for Winn-Dixie, wrote Central Claims Service, the claims administrator for Park Plaza, advising that the fall happened in the parking lot, asking for a written acknowledgment that Central Claims would handle the claim, and that Winn-Dixie be included in any release.

9. On January 13, 2003 Park Plaza's insurer wrote Winn-Dixie that it had assigned Central Claims to the matter.

10. Nevertheless, on January 20, 2003, Sedgwick wrote mover asking for her medical records. Shortly thereafter, mover complied.

11. On February 4, 2003 Central Claims (Park Plaza), apparently still uncertain about where the fall occurred, and, therefore, of the liability, wrote Sedgwick about several possible locations for the fall, e.g., the doorway or the ramp, and asked for Winn-Dixie's investigative materials.

12. On March 12, 2003, Central Claims wrote Sedgwick that the claim now appeared to be in its jurisdiction due the location of the fall being the sidewalk immediately in front of the front door. The letter again sought Winn-Dixie's investigative materials. This same date, Central Claims wrote mover's attorney in order to pin down the exact location of the fall and copied Sedgwick.

13. On May 13, 2003 Park Plaza's insurer rejected mover's claim.

13A. On January 11, 2005 Park Plaza deposed mover, but the site of the fall could not be determined.

14. On February 3, 2006 Park Plaza's attorney forwarded mover's subpoena duces tecum to Winn-Dixie. On May 3, 2006 Sedgwick provided Winn-Dixie's trip/fall records for one month on either side of the date of the

-3-

accident.

15. Accordingly, because Winn-Dixie has had actual knowledge of this potential claim since the day it happened, has remained current, and still has its records, it will suffer no prejudice.

### Minimal impact on judicial proceedings

16. While the length of the delay is considerable, its impact on the judicial proceedings is minimal because post-petition claims, e.g., R. 15791 and 15808, are still being filed so that Winn-Dixie has the procedural mechanisms in place to address this claim.

### Mover not wholly in control of delay and in good faith

17. Mover had thought that Winn-Dixie would have video film or some other means of pinpointing the place where her fall started as opposed to where she actually landed. In the meantime, all indications were that liability, if any, lay with the landlord, Park Plaza, so that it did not make sense to sue Winn-Dixie. However, when mover realized film, etc., was not to be had, she decided to sue Winn-Dixie and let the two potential tortfeasors sort out the liability between them. (There was also the intervening hurricane (Katrina) which displace mover's attorneys for more than a year.)

WHEREFORE, mover prays that this matter be referred to the 34th JDC, State of Louisiana, for trial and all other proceedings.

Respectfully submitted,

Susan Cosse, In proper person
C/o 1510 Veterans Blvd
Metairie, La 70005
504/832-0585

*Susan Cosse*