UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Reorganized Debtors. ) | Jointly Administered |
| _____ ) | |

**AGREED ORDER RESOLVING CURE OBJECTION
FILED BY KRUSCH PROPERTIES, LLC (STORE NO. 2039)**

This cause came before the Court on the Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Debtors' Motion") filed Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors") (Docket No. 1961) and the objection to the Debtors' Motion filed by Developers Diversified Realty Corporation, Krusch Properties, LLC ("Krusch"), RMC Property Group, BV Belk Properties and Four Florida Shopping Centers, LP with respect to Store Nos. 417, 739, 1255, 2718, 2735, 2039, 748, 2001, 2003, and 360 (Docket No. 2171) (the "Cure Objection").

This cause also came before the Court for hearing upon the Fourteenth Omnibus Objection to (A) No Liability Claims and (B) No Liability Misclassified Claims (the "Fourteenth Omnibus Objection") filed by the Reorganized Debtors (Docket No. 9131). The Reorganized Debtors agreed to continue the Fourteenth Omnibus Objection with respect to claim number 8888 filed by Brown Investment Properties for the benefit of

Krusch Properties, LLC. On August 10, 2006, the Court entered an Order Disallowing (A) No Liability Claims and (B) No Liability Misclassified Claims, as Set Forth in the Debtors' Fourteenth Omnibus Claims Objection (Docket No. 10161) sustaining the Fourteenth Omnibus Objection as to the proofs of claim listed on the exhibits to the order and continuing the hearing on the Fourteenth Omnibus Objection as to claim number 8888 and other claims. Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objection is resolved with respect to Store No. 2039.[1]

2. Proof of claim number 8888 filed by Brown Investment Properties for the benefit of Krusch Properties, LLC with respect to Store No. 2039 is allowed as an administrative claim in the amount of $4,641.31. Within fourteen (14) business days of entry of this Agreed Order, the Reorganized Debtors will pay Brown Investment Properties[2] $4,641.31 in full satisfaction of any right to cure Krusch has or may have under 11 U.S.C. §365 or otherwise with respect to Store No. 2039.

3. This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims, including and not limited to the claims asserted in Docket No. 14424, pertaining to Store No. 2039 filed by Brown Investment Properties and Krusch in these Chapter 11 cases and (ii) all other pre-petition or pre-effective date claims pertaining to Store No. 2039 that Brown Development Properties and

---

[1] This Agreed Order only resolves the Cure Objection as to Store No. 2039 and proof of claim number 8888 filed by Brown Investment Properties for the benefit of Krusch Properties, LLC (the landlord for Store No. 2039). This Agreed Order does not resolve the Cure Objection or proofs of claim filed by Developers Diversified Realty Corporation (the property management company for Store Nos. 417, 739, 1255, 2718, and 2735), RMC Property Group (the landlord for Store No. 748), BV Belk Properties (the landlord for Store Nos. 2001 and 2003) and Four Florida Shopping Centers, LP (the landlord for Store No. 360).

[2] Brown Investment Properties, the property management company for Krusch Properties, LLC, filed proof of claim number 8888 for the benefit of Krusch Properties, LLC (the landlord for Store No. 2039).

2

Krusch have or may have against the Reorganized Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

4. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this 2 day of ~~June~~ July, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00571056

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| **KELLEY DRYE & WARREN, LLP** | **SMITH HULSEY & BUSEY** |
| By  *s/ Robert L. LeHane*\*  <br>     Robert L. LeHane | By  *s/ Cynthia C. Jackson*  <br>     Cynthia C. Jackson, F.B.N. 498882 |
| 101 Park Avenue <br> New York, NY 10178 <br> (212) 808-7573 <br> (212) 808-7897 (facsimile) <br> rlehane@kelleydrye.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Counsel for Krusch Properties, LLC | Co-Counsel for Reorganized Debtors |

\*Counsel has authorized his electronic signature.

00571056