# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## AGREED ORDER OF RESOLUTION OF THE LITIGATION CLAIM OF MARIE RABUS (CLAIM NO. 9925)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and of its affiliates (collectively, the "Reorganized Debtors") and claimant, Marie Rabus (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). Based upon the consent of the parties appearing below, and it appearing to the Court that the proposed Agreed Order is for an agreed amount less than the $250,000 notice threshold established in the Claims Resolution Procedure and the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, as modified (the "Plan"), it is

ORDERED AND ADJUDGED:

1. Claim No. 9925 filed by Claimant is allowed in the amount of $50,000.00 as a Class 16 Other Unsecured Claim under the Plan.

2. This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 9925 and (ii) all other claims the Claimant has or may have against the Reorganized Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

00516678

3. Pursuant to the Plan, distribution will be made on the allowed Claim (i) to the person and address as set forth in the proof of claim form filed on behalf of the Claimant and (ii) at such time as required by the Plan.

4. The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Reorganized Debtors in this Court or in any other forum and pay all applicable court costs, if any.

5. The Reorganized Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability. The Claimant, not the Reorganized Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement, except those Medicare liens or claims released by the United States Department of Health and Human Services pursuant to the Agreed Order entered by this Court on March 9, 2007 (Docket No. 15439).

6. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 17 day of July, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

00516678

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By_____
James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Reorganized Debtors

BRUSH & PUJOL, P.A.

By_____
Robert M. Brush

842 South Missouri Avenue
Lakeland, Florida 33815

Attorney for the Claimant

00516678