# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |

## WINN-DIXIE'S OBJECTION TO CLAIM NO. 13815 FILED BY SUMTER COUNTY TREASURER

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates ("Winn-Dixie"), object to the allowance of Claim No. 13815 (the "Claim") filed by Sumter County Treasurer ("Sumter") on June 7, 2007 on the grounds that (i) the Claim is late-filed, (ii) Winn-Dixie's books and records reflect no liability for the Claim, (iii) Sumter has provided no backup documentation, and (iv) any alleged liability is time-barred by applicable state law. Winn-Dixie reserves the right to assert further or additional objections to the Claim.

## Background

A.    The Chapter 11 Filings

1.    On February 21, 2005 (the "Petition Date"), Winn-Dixie filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., EconomyWholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.  With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

2.      The Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Chapter 11 Plan") was confirmed by order of the Court entered on November 9, 2006 (the "Confirmation Order") and became effective on November 21, 2006 (the "Effective Date").

B.      The Claim

3.      By Order dated April 28, 2005 (the "Claims Bar Date Order"), and pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure, this Court confirmed August 22, 2005 (the "Government Bar Date") as the last date for all governmental units who have or assert, or who believe that they may have or assert, prepetition claims against Winn-Dixie to file a written proof of claim with respect to any such claim.

4.      On or about May 2, 2005, Winn-Dixie, through its claims agent, Logan & Company, Inc., caused notice of the Government Bar Date to be sent to Sumter, among other government creditors, by first class mail.  Notice of the Government Bar Date was also provided by publication on or about May 27, 2005.  The notice was in accordance with the procedures outlined in the Claims Bar Date Order.

5.      On June 7, 2007, Sumter filed the Claim as an unsecured priority claim in the amount of $17,567.27 for property taxes allegedly owed by the Debtors for the tax period ending December 31, 1999.

## Objections to the Claim

6.      The claim was filed over twenty-two months after the Government Bar Date and should be disallowed for that reason alone.

7.    In addition to being late-filed, the claim should be disallowed because (i) Winn-Dixie's books and records reflect no liability for the Claim, and (ii) Sumter provided no documentation to support the Claim.

8.    In addition to the grounds asserted above, any underlying liability is time-barred.  The Claim asserts a liability which allegedly accrued in 1999.  Under South Carolina Property Tax Code Section 12-54-85(A), Sumter had only until 2002 to assert such liability.

WHEREFORE, based upon the foregoing, Winn-Dixie respectfully requests that the Court (i) enter the proposed Order attached as Exhibit A to this Objection disallowing the Claim in its entirety and (ii) grant such other and further relief as the Court deems just and proper.

Dated: July 18, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By ___*s/ D. J. Baker*___
       D. J. Baker
       Sally McDonald Henry
       Rosalie Walker Gray
       Jane M. Leamy
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Counsel for Reorganized Debtors

SMITH HULSEY & BUSEY

By___*s/ Cynthia C. Jackson*___
       Stephen D. Busey
       James H. Post
       Cynthia C. Jackson,
Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for Reorganized Debtors

00571469

**<u>EXHIBIT A</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |

**ORDER DISALLOWING CLAIM NO. 13815**
**<u>FILED BY SUMTER COUNTY TREASURER</u>**

These cases came before the Court upon the objection of Winn-Dixie Stores, Inc. and

twenty-three of its subsidiaries and affiliates to Claim No. 13815 filed by the Sumter County

Treasurer (the "Objection").  Upon consideration it is

ORDERED AND ADJUDGED:

1.      The Objection is sustained.

2.      Claim No. 13815 is disallowed in its entirety.

Dated this _____ day of _____, 2007 in Jacksonville, Florida

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Objection

00571469

## **Certificate of Service**

I certify that a copy of this document has been furnished by mail to County of Sumter,

Treasurer, Attention:  Carolina B. Richardson, Property Tax, Post Office Box 1775, Sumter,

South Carolina  29151-1775, this 18th day of July, 2007.


_____*s/ Cynthia C. Jackson*_____
Attorney