UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |

AGREED ORDER RESOLVING CLAIMS FILED BY
GEORGIA DEPARTMENT OF REVENUE, AS SET FORTH IN THE
DEBTORS' SIXTH, ELEVENTH, TWELFTH AND FOURTEENTH
OMNIBUS CLAIMS OBJECTIONS

These cases came before the Court for hearing (i) on April 6, 2006, upon the

Sixth Omnibus Objection of Winn-Dixie Stores, Inc. and twenty-three of its

subsidiaries and affiliates (collectively, the "Debtors"),[2] which objection included

among the claims subject to dispute the remaining open claims of the Georgia

Department of Revenue ("Georgia") filed as numbers 4434, 10626 and 11090, (ii) on

June 15, 2006, upon the Eleventh Omnibus Objection of the Debtors, which

objection included among the claims subject to dispute the remaining open claim of

Georgia filed as number 4439, (iii) on June 29, 2006, upon the Twelfth Omnibus

Objection of the Debtors, which objection included among the claims subject to

dispute the remaining open claim of Georgia filed as number 4437, and (iv) on

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in
related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep
South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers,
Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway
Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc.,
Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks,
Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery,
Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie
Supermarkets, Inc.  With the exception of Winn-Dixie Stores, Inc., the related cases of these
reorganized debtors were closed on March 22, 2007.

[2]     All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to
them in the Objection.

August 10, 2006, upon the Fourteenth Omnibus Objection of the Debtors, which

objection included among the claims subject to dispute the remaining open claim of

Georgia filed as number 11089.    The Debtors and Georgia desire to resolve all

issues with respect to the remaining open claims of Georgia subject to the Sixth,

Eleventh, Twelfth and Fourteenth Omnibus Objections pursuant to this Agreed

Order. Therefore, based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1.    Under the Sixth Omnibus Objection, claim numbers 4434 and 10626

are disallowed in full; and claim number 11090 is reduced and allowed in the amount

of $2,543.47 (priority), and the remaining amount is disallowed in full.

2.    Under the Eleventh Omnibus Objection, claim number 4439 is

disallowed in full.

3.    Under the Twelfth Omnibus Objection, claim number 4437 is reduced

and allowed in the amount of $4,078.24 (priority), and the remaining amount is

disallowed in full.

4.    Under the Fourteenth Omnibus Objection, claim number 11089 is

reduced and allowed in the amount of $6,280.53 (priority), and the remaining

amount is disallowed in full.

5.    The Debtors and Georgia reconfirm that claim numbers 4436 and

10991 were previously disallowed by Order of the Court entered under the Sixth

Omnibus Objection; claim numbers 4438 and 10625 were previously disallowed by

Order of the Court entered under the Eleventh Omnibus Objection; and claim

number 4435 was previously reclassified and fixed in the allowed amount of $23.95

(unsecured non-priority) and claim number 10990 was previously fixed in the

allowed amount of  $30.00 (priority) under the Seventeenth Omnibus Objection.

6.    This Order resolves all claims of Georgia against the Debtors for the period ending on February 21, 2005.  Claims asserted by Georgia in its Application for Allowance of Administrative Expenses dated January 5, 2007, relating to the period after February 21, 2005, will be dealt with in a separate Order.

7.    The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 18 day of July, 2007 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

3

<u>Consent</u>

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| SMITH HULSEY & BUSEY | GEORGIA DEPARTMENT OF REVENUE |
| | |
| By /s/ James H. Post | By /s/ Oscar B. Fears, III                * |
|     James H. Post |     Oscar B. Fears |
| | |
| Florida Bar Number 175460 | Georgia Bar Number 25020 |
| 225 Water Street, Suite 1800 | 40 Capitol Square, SW |
| Jacksonville, Florida 32202 | Atlanta, Georgia 30334 |
| (904) 359-7700 | (404) 656-3303 |
| (904) 359-7708 (facsimile) | (404) 657-3239 (facsimile) |
| Email: jpost@smithhulsey.com | Email: bfears@law.ga.gov |
| | |
| -and- | Counsel for Georgia Department of Revenue |
| | |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | *Counsel has authorized his electronic signature |
| | |
| D. J. Baker | |
| Rosalie Walker Gray | |
| Jane M. Leamy | |
| Four Times Square | |
| New York, New York 10036 | |
| (212) 735-3000 | |
| (212) 735-2000 (facsimile) | |
| | |
| Co-Counsel for Reorganized Debtors | |

4