**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

## <u>NOTICE OF FILING</u>

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors

in possession, give notice of filing of the attached Final Report of the Review and Analysis

prepared by Stuart Maue, Fee Examiner, of the Final Fee Application of Deloitte

Consulting LLP, Consultants to the Debtors, for the final period from May 16, 2005, through and

including January 31, 2006.

Dated:  July 24, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


By     *s/ D. J. Baker*
    D. J. Baker
    Sally McDonald Henry
    Rosalie Gray

Four Times Square
New York, NY  10036
(212) 735-3000
(917) 777-2150 (facsimile)
djbaker@skadden.com


Co-Counsel for Debtors

SMITH HULSEY & BUSEY


By     *s/ Cynthia C. Jackson*
    Stephen D. Busey
    James H. Post
    Cynthia C. Jackson

Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, FL  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com


Co-Counsel for Debtors

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

## Fee Examiner's Report for Final Fee Application of
## Deloitte Consulting LLP

Stuart Maue, acting in its capacity as fee examiner in the above-captioned proceeding, submits the final written report of its review and analysis of the Deloitte Consulting LLP Final Fee Application for the period from May 16, 2005, through January 31, 2006

1.     On December 14, 2005, the Court entered an order effective December 1, 2005, authorizing the employment and retention of Stuart Maue to serve as fee examiner and to review all fee applications filed with the Court and the statements submitted by professionals retained by Wachovia Bank, N.A. in its capacity as agent for itself and other postpetition lenders (the "Agent").

3.     Stuart Maue reviewed the fees and expenses requested by Deloitte Consulting LLP in all prior interim periods and filed a written report for each interim fee application with the Court.

4.     The attached report includes a Summary of Findings for Final Period, which displays the fees and expenses requested by Deloitte Consulting LLP by interim and final periods.  Also displayed are differences, if any, between the amounts requested by the firm

-1-

and the amounts computed by Stuart Maue and any reductions in the fees and expenses taken by the firm in its fee applications or in its responses to the initial Stuart Maue reports. In addition, the fees and expenses identified by category from each interim report along with a total for the final period are shown in this summary.

STUART MAUE

By _____
Linda K. Cooper
3840 McKelvey Road
St. Louis, Missouri  63044
314-291-3030
314-291-6546 (facsimile)

Fee Examiner

**ATTACHMENT 1**

# Final Report of the
# Review and Analysis of

# Final Fee Application Submitted by

DELOITTE CONSULTING LLP
of
Boston, Massachusetts

For the Final Period

**May 16, 2005 Through January 31, 2006**



In the Matter Entitled

### *In re:  Winn-Dixie Stores, Inc., et al.*

**United States Bankruptcy Court**
**Middle District of Florida**
**Jacksonville Division**

**Case No. 05-03817-3F1**



Issued

**May 14, 2007**

*Stuart Maue*

## TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION ................................................................................. 1

II.   PROCEDURES AND METHODOLOGY ...................................................... 2
      A.    Appendix A ................................................................................. 2
      B.    Overlap Calculation ...................................................................... 2

III.  SUMMARY OF FINDINGS FOR FINAL PERIOD....................................... 4
      A.    Total Fees and Expenses and Differences ............................................ 6
      B.    Reductions by Firm and Revised Requested Amounts .............................. 6
      C.    Professional Fees.......................................................................... 7
      D.    Expenses..................................................................................... 8

*Stuart Maue*

## I.   __INTRODUCTION__

The United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, entered an order effective December 1, 2005, authorizing the employment and retention of Stuart, Maue, Mitchell & James, Ltd. ("Stuart Maue") to serve as fee examiner in the jointly administered cases entitled:   *In re: Winn-Dixie Stores, Inc., et al.,* Case No. 05-03817-3F1.   The order authorized and directed Stuart Maue to review all fee applications filed with the Court and to review the statements submitted by professionals retained by Wachovia Bank, N.A. in its capacity as agent for itself and other postpetition lenders (the "Agent").

The review and analysis of the professionals' fee applications are pursuant to the applicable standards of 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the local rules of this Court (the "Local Rules"), and the United States Trustee Guidelines for Reviewing Applications for the Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "U.S. Trustee Guidelines"). The statements submitted by the professionals retained by the Agent are reviewed and analyzed pursuant to a reasonableness standard as referenced in 11 U.S.C. § 328 and the Bankruptcy Rules.

Stuart Maue conducted a review and analysis of the "Final  Fee Application for Allowance of Fees and Expenses of Deloitte Consulting LLP as Consultants to the Debtors for the Period from May 16, 2005 through January 31, 2006" (the "Final Application").  Deloitte

*Stuart Maue*

## I.  INTRODUCTION  (Continued)

Consulting LLP ("Deloitte Consulting") located in Boston, Massachusetts, are consultants to the debtors.

Deloitte Consulting filed three interim fee applications during the period from May 16, 2005, to January 31, 2006.  Those interim applications were submitted to Stuart Maue and reports regarding the review and analysis of those applications were prepared and filed with the Court.  The Final Application filed by Deloitte Consulting did not include any additional fees or expenses outside those included in the three previously filed interim applications.

This report includes the Summary of Findings for the final period, which displays the totals for the fee and expense categories by interim period and by final period.  The Summary of Findings also displays the fee and expense discrepancies identified in the interim reports and voluntary reductions included in the fee applications or reductions as a result of responses to the Stuart Maue interim reports.

## II.    PROCEDURES AND METHODOLOGY

### A.    Appendix A

Stuart Maue's procedures and methodology for reviewing fees and expenses and for information regarding the exhibits are presented in Appendix A provided with this report.

### B.    Overlap Calculation

During Stuart Maue's review and analysis, a task or entry may be included in more than one category and appear on more than one exhibit.  For example, a task or

*Stuart Maue*

**II.  PROCEDURES AND METHODOLOGY  (Continued)**

entry may be classified as both blocked billing and intraoffice conference.  When a task

or entry is included in more than one category, "overlap" occurs among the hour and

fee calculations for those categories.  In order to ensure that the hours and fees for a

task or entry are not "counted" more than once in any reduction of fees, Stuart Maue

calculated the overlap.[1]

---

[1] The overlap calculation does not include the categories for hourly rate increases or days billed in excess of 12.00 hours.  The classification of these categories is based on the total hours and fees billed for the category and not on individual entries within the category. A review of these two categories allows a determination of the reasonableness of the total fees attributable to hourly rate increases and the time billed in excess of 12.00 hours. Overlap calculations for hourly rate increases and long billing days are available upon request to Stuart Maue.

*Stuart Maue*

### III.   <u>SUMMARY OF FINDINGS FOR FINAL PERIOD</u>

The Summary of Findings for the Final Application displays the fees and expenses requested for each interim application and the totals for the Final Application.  The summary also includes any differences between the fees and expenses requested and the fees and expenses as computed by Stuart Maue for each interim period and the sum of the discrepancies for the Final Application.

The Summary of Findings also displays the voluntary reductions, if any, the case professional included in the interim applications[2] and the reductions, if any, included in the case professional's responses to the fee examiner's reports for the interim and final applications.

The fee and expense categories identified by Stuart Maue in each interim report and the fees and expenses for each category are also displayed in the Summary of Findings for the Final Application.  The totals shown in each category have been adjusted for overlap unless otherwise noted.

Deloitte Consulting requested the following professional fees and expenses in its Final Application:

---

[2] Only those reductions that were from the fee and expense entries submitted in the interim applications are included in this voluntary reduction amount.  If the firm referenced a reduction in fees or expenses but the fee and expense entries that made up those reductions were not included in the application, those reductions are not included in the Summary of Findings for the final period.

*Stuart Maue*

### III.  SUMMARY OF FINDINGS FOR FINAL PERIOD  (Continued)

|                                    |                |
|------------------------------------|----------------|
| Professional Fees Requested:       | $3,375,000.00  |
| Expense Reimbursement Requested:   | 393,353.00     |
| Total Fees and Expenses:           | $3,768,353.00  |

The total fees incurred by the firm were $3,437,771.20; however, Deloitte Consulting reduced its fee request by $62,771.20 in the third interim application.  The reduction was displayed as a deduction from the total fees and was identified as "Adjustment to fees pursuant to previously agreed upon cap."  The Third Interim Application did not identify the fee entries that were specifically included in the reduction; therefore, the fees and the amounts summarized in the final report and the attached exhibits are based on the unreduced fee entries.

Stuart Maue compared the total fees and expenses requested in the Final Application with the fees and expenses requested in each of the three interim applications.  The comparison revealed that there is no difference between the amount requested in the Final Application and the total amounts requested in the interim applications.

For each interim application, Stuart Maue recomputed the fees and expenses and identified any discrepancies between the amounts requested and the amounts computed.  The recomputation of the Deloitte Consulting fees by interim period revealed there are no differences between the amounts requested and the amounts computed.

The Summary of Findings for the final period for Deloitte Consulting is shown on the following pages:

*Stuart Maue*

### III.  SUMMARY OF FINDINGS FOR FINAL PERIOD  (Continued)
Deloitte Consulting LLP

**A.**    **Total Fees and Expenses and Differences**

|  | First Interim<br>5/16/2005 – 5/31/2005 | Second Interim<br>6/1/2005 – 9/30/2005 | Third Interim<br>10/1/2005 – 1/31/2006 | TOTAL<br>5/16/2005– 1/31/2006 |
|---|---|---|---|---|
| Fees Requested: | $185,867.30 | $1,861,795.10 | $1,327,337.60 | $3,375,000.00 |
| Expenses Requested: | 21,533.00 | 225,828.00 | 145,992.00 | 393,353.00 |
| Total Requested: | $207,400.30 | $2,087,623.10 | $1,473,329.60 | $3,768,353.00 |
| Fees Computed: | $185,867.30 | $1,861,795.10 | $1,390,108.80 | $3,437,771.20 |
| Expenses Computed: | 21,533.00 | 225,828.00 | 145,992.00 | 393,353.00 |
| Total Computed: | $207,400.30 | $2,087,623.10 | $1,536,100.80 | $3,831,124.20 |
| Difference in Fees: | $0.00 | $0.00 | ($62,771.20) | ($62,771.20) |
| Difference in Expenses: | 0.00 | 0.00 | 0.00 | 0.00 |
| Total Difference: | $0.00 | $0.00 | ($62,771.20) | ($62,771.20) |

**B.**    **Reductions by Firm and Revised Requested Amounts**

|  | First Interim | Second Interim | Third Interim | TOTAL |
|---|---|---|---|---|
| Fees Requested: | $185,867.30 | $1,861,795.10 | $1,327,337.60 | $3,375,000.00 |
| Reduction by Firm: | 0.00 | 0.00 | 0.00 | 0.00 |
| Revised Requested Fees: | $185,867.30 | $1,861,795.10 | $1,327,337.60 | $3,375,000.00 |
| Expenses Requested: | $21,533.00 | $225,828.00 | $145,992.00 | $393,353.00 |
| Reduction by Firm: | 0.00 | 0.00 | 0.00 | 0.00 |
| Revised Requested Expenses: | $21,533.00 | $225,828.00 | $145,992.00 | $393,353.00 |
| Total Revised Fees and Expenses: | $207,400.30 | $2,087,623.10 | $1,473,329.60 | $3,768,353.00 |

*Stuart Maue*

**III.  SUMMARY OF FINDINGS FOR FINAL PERIOD  (Continued)**
Deloitte Consulting LLP

## C.   Professional Fees

| | First Interim | | | Second Interim | | | Third Interim | | | TOTAL | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Hours | Fees | % | Hours | Fees | % | Hours | Fees | % | Hours | Fees | % |
| **Difference in Fees:** | | | | | | | | | | | | |
| Adjustment Pursuant to Previously Agreed Cap | -- | $0.00 | * | -- | $0.00 | * | -- | ($62,771.20) | * | -- | ($62,771.20) | * |
| **Reductions in Fees Based on Response:** | | | | | | | | | | | | |
| None | 0.00 | $0.00 | * | 0.00 | $0.00 | * | 0.00 | $0.00 | * | 0.00 | $0.00 | * |
| **Fee Categories:** | | | | | | | | | | | | |
| Potential Double Billing | 1.40 | $504.00 | * | 3.50 | $849.20 | * | 0.50 | $180.00 | * | 5.40 | $1,533.20 | * |
| Admin/Clerical Tasks by Professionals | 5.60 | $1,177.40 | * | 13.60 | $3,786.00 | * | 3.70 | $782.50 | * | 22.90 | $5,745.90 | * |
| Nonfirm Conferences[3] | 145.90 | $50,295.60 | 27% | 460.00 | $152,888.30 | 8% | 242.00 | $71,880.10 | 5% | 847.90 | $275,064.00 | 8% |
| Nonfirm Conferences - Multiple Attendees | 85.40 | $26,837.40 | 14% | 304.70 | $93,621.00 | 5% | 140.80 | $37,622.00 | 3% | 530.90 | $158,080.40 | 5% |
| Intraoffice Conferences[3] | 156.00 | $47,552.30 | 26% | 1,136.63 | $343,348.20 | 18% | 784.20 | $241,899.50 | 17% | 2,076.83 | $632,800.00 | 18% |
| Intraoffice Conferences - Multiple Attendees | 141.40 | $43,099.20 | 23% | 1,104.60 | $333,412.30 | 18% | 772.30 | $237,985.80 | 17% | 2,018.30 | $614,497.30 | 18% |
| Training Winn-Dixie Store Personnel | 0.00 | $0.00 | * | 1,112.70 | $290,685.60 | 16% | 577.80 | $147,432.20 | 11% | 1,690.50 | $438,117.80 | 13% |
| Personnel Who Billed 10.00 or Fewer Hours | 3.60 | $1,091.20 | * | 10.60 | $4,877.00 | * | 9.50 | $4,125.00 | * | 23.70 | $10,093.20 | * |
| Fees Attributable to Hourly Rate Increases[3] | -- | $0.00 | * | -- | $30,502.20 | 2% | -- | $48,044.60 | 3% | -- | $78,546.80 | 2% |
| Days Billed in Excess of 12.00 Hours Per Day[3] | 0.00 | $0.00 | * | 815.10 | $207,708.20 | 11% | 576.90 | $135,068.90 | 10% | 1,392.00 | $342,777.10 | 10% |
| **Summary of Fee Projects:** | | | | | | | | | | | | |
| Deloitte Consulting Retention/Compensation | 34.40 | $9,909.50 | 5% | 310.00 | $100,489.10 | 5% | 132.40 | $48,479.00 | 3% | 476.80 | $158,877.60 | 5% |
| Other Professionals Retention/Compensation | 0.00 | $0.00 | * | 0.00 | $0.00 | * | 0.00 | $0.00 | * | 0.00 | $0.00 | * |
| Response to Fee Examiner Report | 0.00 | $0.00 | * | 0.00 | $0.00 | * | 0.00 | $0.00 | * | 0.00 | $0.00 | * |

---

[3] Fee categories not adjusted to eliminate overlap between categories.
* Less than 1%

*Stuart Maue*

### III.  SUMMARY OF FINDINGS FOR FINAL PERIOD  (Continued)
Deloitte Consulting LLP

D.    **Expenses**

| | First Interim | | Second Interim | | Third Interim | | TOTAL | |
|---|---|---|---|---|---|---|---|---|
| | Expenses | % | Expenses | % | Expenses | % | Expenses | % |
| **Difference in Expenses:** | | | | | | | | |
| None | $0.00 | * | $0.00 | * | $0.00 | * | $0.00 | * |
| **Expense Categories:** | | | | | | | | |
| Travel Expenses - Airfare | $9,264.00 | 43% | $73,250.00 | 32% | $48,187.00 | 33% | $130,701.00 | 33% |
| Travel Expenses - Lodging | $7,848.00 | 36% | $87,619.00 | 39% | $50,805.00 | 35% | $146,272.00 | 37% |
| Travel Expenses - Meals | $1,660.00 | 8% | $19,489.00 | 9% | $13,098.00 | 9% | $34,247.00 | 9% |
| Travel Expenses - Car Rental/Taxi Fares | $1,886.00 | 9% | $35,827.00 | 16% | $26,019.00 | 18% | $63,732.00 | 16% |
| Travel Expenses - Parking | $518.00 | 2% | $4,624.00 | 2% | $4,199.00 | 3% | $9,341.00 | 2% |
| Travel Expenses - Mileage/Tolls | $90.00 | * | $248.00 | * | $643.00 | * | $981.00 | * |
| Other Travel Expenses | $164.00 | * | $2,183.00 | * | $1,058.00 | * | $3,405.00 | * |
| Courier Services | $0.00 | * | $167.00 | * | $0.00 | * | $167.00 | * |
| Office Supplies | $74.00 | * | $1,005.00 | * | $163.00 | * | $1,242.00 | * |
| Cellular Telephone/Mobile E-Mail/Blackberry | $29.00 | * | $1,031.00 | * | $1,275.00 | * | $2,335.00 | * |
| Amenities | $0.00 | * | $43.00 | * | $0.00 | * | $43.00 | * |
| Travel Expenses Not Associated With Billed Fees | $0.00 | * | $0.00 | * | $486.00 | * | $486.00 | * |
| **Expense  - Compliance/Reasonableness:**[4] | | | | | | | | |
| Office Supplies | $74.00 | * | $1,005.00 | * | $163.00 | * | $1,242.00 | * |
| Cellular Telephone/Mobile E-Mail/Blackberry | $29.00 | * | $1,031.00 | * | $1,275.00 | * | $2,335.00 | * |
| Amenities | $0.00 | * | $43.00 | * | $0.00 | * | $43.00 | * |
| Travel Expenses Not Associated With Billed Fees | $0.00 | * | $0.00 | * | $486.00 | * | $486.00 | * |
| **Reductions in Expenses Based on Response:** | | | | | | | | |
| None | $0.00 | * | $0.00 | * | $0.00 | * | $0.00 | * |

---

[4] These expenses are included in the "Expense Categories" Section above; however, the amounts in this section have been adjusted for overlap.

* Less than 1%

# Appendix A

# Procedures and Methodology for Review and Analysis of

Fee Applications Submitted by

## VARIOUS CASE PROFESSIONALS



In the Matter Entitled

## *In re: Winn-Dixie Stores, Inc., et al.*

**United States Bankruptcy Court**
**Middle District of Florida**
**Jacksonville Division**

**Case No. 05-03817-3F1**



Issued

**February 21, 2006**

*Stuart Maue*

# TABLE OF CONTENTS

<u>Page No.</u>

I.  REVIEW PROCEDURES AND METHODOLOGY ......................................... 1

    A.  Reconciliation of Fees and Expenses ...................................................... 1

    B.  Review and Analysis of Fees and Expenses............................................ 1

    C.  Exhibits to the Report ............................................................................ 2

        1.  Embedded Time/Assigned Task Hours ........................................ 3

        2.  Calculation of Hours and Fees on Exhibits.................................. 3

            a)  Ranges of Hours and Fees ............................................... 4

            b)  Proportional Hours and Fees ........................................... 5

            c)  Combined Hours and Fees ............................................... 6

        3.  Overlapping Categories ............................................................... 7

*Stuart Maue*

## I.    REVIEW PROCEDURES AND METHODOLOGY

Stuart Maue reviewed and analyzed the fees and expenses in each case professional's fee application using the following methodology:

- Reconciliation of hours, fees, and expenses (i.e., recalculation of the bills).
- Review and analysis of activities and projects, and the expenses in the fee applications.

A written report of the review and analysis was prepared for the Court, the case professionals, and the United States Trustee.

### A.    Reconciliation of Fees and Expenses

Stuart Maue ascertained the arithmetic accuracy of the fee applications through manual and computer recomputation of fees and expenses.  Using the hourly rates provided by the firms, the total hours and fees submitted on the fee applications were recomputed.  If there were discrepancies between the amounts billed and the amounts computed, they were reconciled whenever possible, and discrepancies that could not be reconciled were itemized.  Similarly, expense amounts were also recomputed and any discrepancies itemized.

### B.    Review and Analysis of Fees and Expenses

The review and analysis of the fees were pursuant to the applicable standards of 11. U.S.C.  §§ 330 and 331, the Federal Rules the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the local rules of this Court (the "Local Rules"), and the United States Trustee Guidelines for Reviewing Applications for the

*Stuart Maue*

**I.  REVIEW PROCEDURES AND METHODOLOGY (Continued)**

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "U.S. Trustee Guidelines").  The statements submitted by the professionals retained by the Agent were reviewed and analyzed pursuant to a reasonableness standard as referenced in 11 U.S.C. § 328, and the Bankruptcy Rules.

**C.**    **Exhibits to the Report**

The billing entries for particular activities and projects identified by Stuart Maue were grouped into categories and are displayed in exhibits attached to the written report.

The exhibits of technical billing discrepancies, compliance with the U.S. Trustee billing guidelines, and fees examined for reasonableness contain the identified activity within each entry's full text even when other activities in the entry are unrelated to the category.  The categorized activity on the exhibit is underlined.  The exhibits also include a summary of hours and fees by individual and by matter.  Additionally, the hours and fees displayed on the exhibits are summarized into the following groups: isolated hours and fees, blocked hours and fees, maximum hours and fees, proportional hours and fees, and combined hours and fees.

In the fee applications, the firms categorized their activities into projects which generally were not modified by Stuart Maue during its review and analysis.  In a few cases, fees related to the retention and compensation of the firm and other case professionals may have been recategorized by Stuart Maue and identified by a new project name.  If recategorization of firm projects occurred, the report for that case

*Stuart Maue*

**I.  REVIEW PROCEDURES AND METHODOLOGY (Continued)**

professional discusses the categories that were modified and identifies the new project. The full text of each entry in the firms' project categories is not included in these exhibits, but is available upon request.

**1.      Embedded Time/Assigned Task Hours**

The time assigned by the firms to a billing entry as a whole is the "entry hours" and the time assigned by the firms to a single task within the whole entry is referred to as "task hours."  Time increments assigned to tasks within a larger entry are referred to as "embedded time."  When a firm has assigned a time increment to a single entry containing only one task, then entry hours and task hours are equivalent.  Sometimes a firm's billing entries contain multiple tasks with a specific time increment assigned to each task.  Portions of such an entry may be "blocked" or "lumped" when two or more tasks are combined and assigned a single time increment.  An entry is not blocked when each task of the entry has its own assigned task hours.  If an entry contains some tasks with task hours and some without task hours, the difference between the sum of the task hours and the entry hours are apportioned among the remaining tasks.  See "Proportional Hours and Fees" below.

**2.      Calculation of Hours and Fees on Exhibits**

Although billing standards generally prohibit the use of blocked billing entries, professionals occasionally group billing entries together and assign a

*Stuart Maue*

**I.  REVIEW PROCEDURES AND METHODOLOGY (Continued)**

single time increment to the entry.  Stuart Maue employs several methods to clarify such entries.  Those methods are as follows:

a)      <u>**Ranges of Hours and Fees**</u>

One method utilized by Stuart Maue identifies and displays a range of hours and fees on summary exhibits.  When a firm has assigned a discrete time increment to a task, such tasks are "isolated."  To calculate a range of hours, all isolated entries for a particular category are identified and the total hours associated with these entries is the "minimum," because this is the very least number of hours associated with the category.  When a firm has not assigned a discrete time increment to each task in an entry, such entries are blocked.  All blocked entries containing tasks related to the category are also identified, and the total hours associated with these entries is added to the minimum.  The resulting total or "maximum" represents the most number of hours associated with the category.  The timekeepers' hourly rates are applied to each entry to determine the minimum and maximum hours and to calculate the minimum and maximum fees.  Neither the minimum nor maximum of hours and associated fees in a particular category is intended to be an exact representation of the hours or fees billed for that category.  The precise number of hours billed for a category generally falls somewhere within the minimum/maximum range.

*Stuart Maue*

**I.  REVIEW PROCEDURES AND METHODOLOGY (Continued)**

b)      <u>**Proportional Hours and Fees**</u>

Another method utilized by Stuart Maue apportions equal amounts of time to each task described in a blocked entry.  For example, an entry with 1.40 hours assigned might read:

> Telephone call with CAB re 2004 examination (0.20); telephone call with DEF re XYZ's motion for relief from stay; telephone call with ABC regarding DIP financing (0.60); review the XYZ relief from stay motion; telephone call with John Smith re same; telephone call with Robert Short re same.

This example contains two sets of blocked entries:  first, the telephone call with DEF and the telephone call with ABC and, second, the review of the XYZ motion for relief from stay and the telephone call with Mr. John Smith and the telephone call with Mr. Robert Short.  The 0.20 hour for the telephone call to CAB remains as initially assigned by the firm to that task.  In the first set of blocked tasks, the task hour of 0.60 is apportioned equally, and 0.30 hour is assigned to the telephone call with DEF and 0.30 hour is assigned to the telephone call with ABC. The difference between the entry hours of 1.40 and the 0.80 hour of the first three tasks is 0.60 hour.  This task hour of 0.60 is then apportioned equally among the remaining set of blocked tasks (0.20 hour to the review and 0.20 hour to each of the telephone calls to Mr. John Smith and Robert Short).  The hours and fees assigned to tasks in a blocked

*Stuart Maue*

entry using this method are shown as the "proportional" hours and fees in the summary exhibits to the report.

c)      **Combined Hours and Fees**

Another method for analyzing blocked billing entries calculates total hours for a category by combining the hours for all isolated entries (i.e., the "minimum" hours) with the apportioned hours for all blocked entries (i.e., the "proportional" hours).   The sum is the "combined" hours for the category which is shown on the summary exhibits to the report.   If some or all of the tasks associated with a category have proportional time assigned, the hours and fees are "combined."

Combined fees are calculated by applying the timekeepers' hourly rates to the isolated and proportional hours.   The combined hours and fees for a category may not reflect the actual hours and fees billed for the category.   However, combined hours and fees may be useful in assessing the reasonableness and necessity of the fees billed when considered with the range of hours and fees.

The written review and analysis refers to hours and fees associated with various categories.   These are either the isolated hours and fees or the combined hours and fees, as defined above.   Please refer to the summary exhibit to the report for each category to determine

*Stuart Maue*

**I.  REVIEW PROCEDURES AND METHODOLOGY (Continued)**

whether the hours and fees associated with the category are isolated or combined.

3.      <u>**Overlapping Categories**</u>

When a billing entry appears on more than one exhibit, "overlap" occurs among the hour and fee calculations for those categories.  Each exhibit refers to all other exhibits on which the entry appears.  Upon request, Stuart Maue will calculate overlap among categories to ensure that a task or entry is not counted more than once in any reduction of fees.