IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESPONSE OF CONSOLIDATED BISCUIT CO. TO DEBTOR'S
AMENDED OBJECTION TO CLAIM NO. 13321 AS SET FORTH
IN DEBTOR'S TWENTY-SEVENTH OMNIBUS OBJECTION**

For its response to Debtor's Amended Twenty-Seventh Omnibus Objection to Claims (the "**Amended Objection**"), Creditor Consolidated Biscuit Co. ("**Consolidated**") herein states as follows:

1. Consolidated timely filed Claim No. 13321 in the amount of $623,822.68 (the "**Claim**").

2. As evidenced from the exhibit attached to the Claim, Consolidated's Claim consists of the following components:

| **Component** | **Amount** |
|---|---|
| Ingredients purchased from Debtors that Debtors were contractually obligated to re-purchase from Consolidated | $ 22,532.09 |
| Packaging materials purchased from Debtors that Debtors were contractually obligated to re-purchase from Consolidated | $ 601,290.59 |
| **Total** | $ 623,822.68 |

      3.      Debtors have now amended their objection to assert that the Claim was filed after the bar date.

      4.      In connection with its purchase of the Debtors' bakery in Valdosta, Georgia on January 18, 2005, Consolidated was obligated to also purchase from Debtors packaging materials for Winn-Dixie products at a cost of $1,143,220.00 and products/raw materials at a cost of $658,425.00.

      5.      On January 18, 2005, Consolidated entered into a Contract Packaging Agreement with Debtors (a copy of which is attached to the Claim), whereby Debtors agreed, upon termination of the Contract Packaging Agreement, to re-purchase from Consolidated any packaging materials that were purchased from Debtors and not consumed in the production of products during the term of the Contract Packaging Agreement.  The packaging materials that are included in the Claim are the packaging materials that were purchased from Debtors and not consumed in the production of products during the term of the Contract Packaging Agreement.  Debtors also agreed to re-purchase from Consolidated any ingredients that Consolidated had on hand on the date of termination that were unique to the products that Consolidated was producing for Debtors.  The ingredients which are included in the Claim were ingredients that Consolidated purchased from Debtors at the time of its acquisition of the Valdosta bakery and are unique to the products that Consolidated produced for Debtors.

      6.      The Contract Packaging Agreement was terminated by the mutual agreement of the parties on December 16, 2005.  However, by the express terms of the Agreement, Debtors' obligation to repurchase the packaging materials and ingredients survived the termination.

7. The documents attached to the Claim, contain detailed information supporting the Claim, based on the cost of the packaging materials and ingredients originally paid to Debtors on January 18, 2005.

8. The Contract Packaging Agreement was an executory contract. This court's Order dated April 28, 2005 establishing the general bar date makes an exception for executory contracts. The Order provides that Proofs of Claims based upon executory contracts "must be filed by the later of (a) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this court or pursuant to notice procedures approved by this court and (b) the General Bar Date."

9. Debtors never served Consolidated with any notice formally rejecting the Contract Packaging Agreement, and it was not until November 9, 2006, when this court confirmed Debtors' Joint Plan of Reorganization that there was a formal order of this court rejecting the Contract Packaging Agreement between Debtors and Consolidated along with all other executory contracts of creditors that had not been previously rejected. Creditors were given 30 days from the date of the order to file proofs of claim based on executory contracts that were rejected pursuant to the order. Consolidated's Claim was filed well before this date.

WHEREFORE, Consolidated Biscuit Co. prays that the Objection and the Amended Objection be overruled as to Consolidated's Claim; that the Claim be allowed in full as an

unsecured claim in the amount of $623,822.68; and that Consolidated may have such other and further relief as may be just and warranted in the premises.

Dated:  July 25, 2007                                EASTMAN & SMITH LTD.

/s/  Kenneth C. Baker
Henry N. Heuerman (0017962)
hnheuerman@eastmansmith.com
Kenneth C. Baker (0011853)
kcbaker@eastmansmith.com
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, Ohio 43699-0032
Telephone: (419) 241-6000
Facsimile:  (419) 247-1777
Attorneys for Consolidated Biscuit Co.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **Response of Consolidated Biscuit Co. to Debtor's Amended Objection to Claim No. 13321 As Set Forth in Debtor's Twenty-Seventh Omnibus Objection** was served this 25th day of July, 2007, via the Court's electronic noticing system upon all those participating therein, and via overnight FedEx delivery, shipping prepaid, to the following:  D. J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, New York 10036, and via electronic mail Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202, Counsel for Debtors.

/s/  Kenneth C. Baker
An Attorney for Creditor
Consolidated Biscuit Co.

H:\HOME\NECallahan\HNH\CONSOBIS\winn-dixie bkrptcy\pleadings\response to debtors amended objection - july 2007.doc