United States Bankruptcy Court
Middle District of Florida
Jacksonville Division


In re:                                          *Case No. 05-03817-3F1
                                                *
Winn-Dixie Stores, et al.,                      *
                                                *
Reorganized Debtors                             *Jointly Administered


## AFFIDAVIT

1.

My name is Alon Barzakay.

2.

I am over eighteen years of age and otherwise competent.

3.

I am the attorney representing Sean Leon for personal injuries arising from an injury sustained on November 7, 2006.

4.

On November 7, 2006, Mr. Leon, a thirty-three (33) year old man, went shopping at Winn-Dixie #207, located at 3435 N. Federal Highway in Pompano Beach Florida. On said date, he slipped and fell on spilled jello or a jello like substance on the floor injuring his neck and right wrist. He is being treated by Jeffrey L. Kugler, M.D., Jane E. Bistline, M.D., and James Jack, D.C. The doctors have each told him that as a result of his fall at Winn-Dixie he has sustained permanent injuries to his neck and right wrist.

5.

At the time of his fall, a Winn-Dixie store manager came to the scene of the incident and took down Mr. Leon personal information informing him that someone from Winn-Dixie would be in touch with him.

6.

On November 9, 2006, having not heard from Winn-Dixie, Mr. Leon retained our law firm, Carner & Barzakay, LLC, to represent him in his claim for injuries sustained in the accident of November 7, 2007.

7.

November 9, 2006, Carner & Barzakay, LLC notified Winn-Dixie in writing of the firm's representation of Mr. Leon regarding his fall at store #207 on November 7, 2009.

8.

Winn-Dixie received Carner & Barzakay, LLC's notice of claim letter on November 14, 2006 as evidenced by the returned receipt. See copy of Notice Letter and Return Receipt attached hereto as Exhibit #1.

9.

On November 29, 2006, Richard J. Law of Sedgwick Claims Management Services, Inc., wrote to Carner & Barzakay, LLC., acknowledging our letter representing Sean Leon and advising that it was the "third-party administrator for Winn-Dixie Stores, Inc." and the "Winn-Dixie is self-inured for Premises Liability with a $2,000,000.00 retention." Mr. Law's letter went on to request a status of Mr. Leon's treatment and medical progress. Despite having full knowledge of Mr. Leon's claim at no point did Mr. Law indicate this claim was affected in any way buy the Winn-Dixie bankruptcy proceeding which was already underway. See letter dated November 29, 2006 from Sedgwick Claims attached hereto as Exhibit #2

10.

On June 15, 2007, Carner & Barzakay, LLC, provided Sedgwick Claims copies of Mr. Leons medical records and bills along with its pre-litigation demand of $45,000.00.

11.

On June 22, 2007, Carner & Barzakay, LLC, received a letter from James M. Winstead, of Sedgwick Claims not only acknowledging receipt of our demand and supporting documentation, but now for the first time mentions Winn-Dixie's bankruptcy proceedings. The letter stated that all claims they were aware of occurring between February 22, 2005 and November 21, 2006 were mailed a notice identifying January 5, 2007 as the deadline to file a motion for an Administrative Expense Claim with the Bankruptcy Court. See letter dated June 22, 2007 from Sedgwick Claims attached hereto as Exhibit #3.

12.

At absolutely no point in time prior to June 22, 2007 did I as the attorney for Mr. Leon receive the notice mentioned for the first time in the aforementioned June 22, 2007 letter.

13.

All of the foregoing is within my personal, first hand knowledge.

Before me, a Notary Public in and for the above County and State, personally appeared Alon Barzakay, Esq. and he acknowledged to me that he subscribed his name to the foregoing instrument as his free act and deed the \_\_\_ day of July 22, 2007.

_____
NOTARY PUBLIC

JAMIE L. COX
MY COMMISSION # DD600544
EXPIRES: Oct. 1, 2010
(407) 398-0153    Florida Notary Service.com