UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 3:05-BK-03817-JAF |
| | ) | |
| WINN DIXIE STORES, INC., ET AL., | ) | CHAPTER 11 |
| | ) | |
| DEBTORS. | ) | JOINTLY ADMINISTERED |

## MOTION OF INTERESTED PARTY, MITCHELL BABB, FOR ENLARGEMENT OF TIME TO FILE ADMINISTRATIVE EXPENSE CLAIM AGAINST DEBTORS

Pursuant to Section 105 of the Bankruptcy Code and Rules 3003(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure, Interested Party, Mitchell Babb ("Mr. Babb"), requests that this Court enter an order enlarging the time for Mr. Babb to file an administrative expense claim for his post-petition personal injury claim.  In support of his request, Mr. Babb states as follows:

### FACTS SUPPORTING THE RELIEF REQUESTED

1.      On February 21, 2005, Winn-Dixie Stores, Inc., et al. (the "Debtors" or "Winn-Dixie") filed for Chapter 11 bankruptcy protection in this Court.

2.      On May 18, 2006, Mr. Babb, while shopping in Winn Dixie Supermarket #517, located at 3925 Crosshaven Drive, Birmingham, Alabama, slipped and fell on a greasy substance that existed on the floor of the store and sustained injuries. Mr. Babb suffered a severe injury to his shoulder which required surgery and extensive therapy.

3.      Mr. Babb immediately reported the fall to the Store Manager, Danny E. Whitfield ("Whitfield"), and caused a written report (the "Injury Report") containing Mr. Babb's mailing address to be prepared.  Mr. Babb was unaware that Winn-Dixie had filed bankruptcy or that it

was a debtor in bankruptcy, and at no time did Whitfield so advise him.  A true and correct copy
of the Injury Report is attached hereto and incorporated herein as Exhibit "A."

4.      Thereafter, Mr. Babb retained the services of J. Michael Campbell, Esq.
("Attorney Campbell") to represent him in his claim for damages inasmuch as no one from
Winn-Dixie contacted Mr. Babb in the weeks that followed his slip and fall.

5.      By letter dated July 31, 2006 (the "Demand Letter") addressed to Winn Dixie, at
3925 Crosshaven Drive, Birmingham, Alabama  35243, Attorney Campbell served notice upon
Winn Dixie of Mr. Babb's claim and of Attorney Campbell's legal representation of Mr. Babb.
A true and correct copy of the Demand Letter is attached hereto and incorporated herein as
Exhibit "B."

6.      Winn Dixie did not respond to the Demand Letter in any way nor did it notify Mr.
Babb or Attorney Campbell regarding Debtors' Chapter 11 bankruptcy filing.

7.      The Debtors' proposed Chapter 11 Plan (the "Plan") was confirmed by this Court
on November 9, 2006.  Shortly thereafter, on December 6, 2006, the Debtors filed a Notice of
(A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of
Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other
Administrative Claims (the "Notice").

8.      The Notice is two (2) pages long and contains five (5) separate single spaced
paragraphs in small print.  It is not a simple document.  The first paragraph states that Debtors'
Plan has been confirmed; the second paragraph states that the Plan has become effective; the
third paragraph states that all requests for an administrative claim or any claim during the period
between the petition date and the confirmation date must be filed by January 5, 2007; the fourth
paragraph states that no request for an administrative claim or any claim during the period

between the petition date and the confirmation date is required to be filed with respect to an undisputed post-petition obligation that has already been paid or is payable by the Debtors in the ordinary course of business; and the fifth paragraph states that all requests for payment of professional fees must be filed by January 22, 2007.

9.      No claim form is attached to the Notice as would normally be enclosed with a pre-petition notice to creditors to file claims.  Moreover, the Notice was purportedly served by regular mail less than a month before the January 5, 2007 bar date, and the period between the mailing of the Notice and the bar date included several holidays.

10.     On December 13, 2006, the Debtors filed a Certificate of Service [Docket No. 13067] (the "Certificate") indicating that the Debtors had mailed a copy of the Notice to each of the parties listed on a Master Service List attached to the Certificate.  Despite receiving the Injury Report containing Mr. Babb's mailing address and the Demand Letter containing Attorney Campbell's mailing address, neither Mr. Babb nor Attorney Campbell are listed on the Master Service List.

11.     On January 8, 2007, the Debtors filed a Supplemental Certificate of Service (the "Supplemental Certificate") indicating that the Debtors had mailed a copy of the Notice to each of the parties listed on a Service List attached to the Supplemental Certificate.  Again, neither Mr. Babb nor Attorney Campbell are listed on the Service List attached to the Supplemental Certificate.  The Supplemental Certificate demonstrates that as to some creditors, the Notice was not mailed until one week before the bar date set forth in such Notice.

12.      Despite having notice of Mr. Babb's claim and Mr. Campbell's representation of Mr. Babb by virtue of the Demand Letter (dated July 31, 2006, pre-confirmation and before the Notice was filed), neither Mr. Babb nor Attorney Campbell are listed on the service lists

accompanying the Certificate or the Supplemental Certificate.  However,  Mr. Babb did receive a

copy of the Notice in the mail.  The Notice is dated December 6, 2006, but the date on which it

was received by Mr. Babb cannot be determined.

13.     Mr. Babb did not understand the importance of the Notice.  Mr. Babb did not

communicate directly with Attorney Campbell himself regarding the Notice.  Instead, Mr. Babb

appears to have hand-delivered the Notice to some undetermined person at Attorney Campbell's

office on some unknown date during the busy end of December holiday season.

14.     Around the time that Mr. Babb delivered the Notice to Attorney Campbell's

office, the husband of Attorney Campbell's only secretary passed away unexpectedly.  Due to the

death of her husband, Attorney Campbell's secretary took leave from work and did not return

until the middle of January, 2007.  Amid the disorganization that ensued, the Notice was

apparently placed directly into Mr. Babb's file without Attorney Campbell having reviewed the

Notice.

15.     After Mr. Babb was released from treatment for his injury, Attorney Campbell

again wrote Winn Dixie Stores, Risk Management, at P.O. Box B., Jacksonville, Florida 32203,

on June 4, 2007, further advising of his representation of Mr. Babb.  A true and correct copy of

Attorney Campbell's June 4, 2007 letter is attached hereto and incorporated herein as Exhibit

"C."

16.     On June 7, 2007, by way of a letter dated June 5, 2007 from Sedgwick Claims

Management Services, Inc. (the "Sedgwick Letter"), Attorney Campbell learned, for the first

<u>time</u>, that Winn-Dixie had filed bankruptcy[1].  The Sedgwick Letter received by Attorney

Campbell states:

> "Winn-Dixie emerged from bankruptcy on 11/21/06.  All claims that
> Winn-Dixie Stores, Inc. were aware of that occurred between 02/22/05
> and 11/21/06 were mailed a notice.  Some specific groups of claimants
> were excluded, for example, third party claims where Winn-Dixie is
> indemnified or has no liability.
>
> This notice stated that all requests for payment of an Administrative
> Claim or any Claim arising against the Debtors in this period must file
> an application with the Bankruptcy Court no later than January 5, 2007.
> Winn-Dixie also put advertisements in national and regional newspapers
> to notify claimants who had yet to notify us of their claim.
>
> The deadline for filing your administrative expense claim has expired so
> we are unable to consider this claim.  If you have any questions, please
> consult with a bankruptcy attorney."

A true and correct copy of the Sedgwick Letter is attached hereto and incorporated herein as

Exhibit "D."

17.    Only after receiving the Sedgwick Letter did Attorney Campbell actually become

aware of Winn-Dixie's bankruptcy case and the bar date for filing Mr. Babb's administrative

claim against Debtors.

### RELIEF REQUESTED

18.    Mr. Babb now requests that the Court enter an order allowing him to file an

administrative expense claim for his post-petition personal injury claim after the claims bar date

on the basis that the Notice was inadequate or not reasonably calculated to provide actual notice

to Mr. Babb, a known creditor, of the bar date to file his claim against Debtors.  Alternatively, if

the Court finds that the Notice was adequate, Mr. Babb requests that the Court allow him to file

---

[1] The Sedgwick Letter references Claimant: Mitchell Babb; Claim # A611204440-0001-01, Date of accident: 05/19/2006, Division: Winn Dixie Montgomery, Location: Winn Dixie #517, 3925 Cross Haven Drive, Birmingham, AL

an administrative claim against the Debtors pursuant to the excusable neglect doctrine as articulated by the United States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993).

### *The Notice does not constitute adequate Notice to Mr. Babb because neither he nor his known counsel are reflected on the Certificate or Supplemental Certificate*

19.     The Bankruptcy Code provides that all creditors must receive 20 days notice of, among other things, the meeting of creditors (which establishes the 90 day period for filing claims in a chapter 7, 12 or 13 case) and the time for filing claims in a chapter 9 or 11 case but it does not define the term "notice."  Fed. R. Bankr. P. 2002.  Although notice is not defined by the Bankruptcy Code, bankruptcy courts "sensibly assume that the general norms of fair notice, as set forth in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950);  *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 489-91 (1988);  *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 797-800 (1983), and other such cases, apply to bankruptcy as to other settings in which a person's legal right is extinguished if he fails to respond to a pleading."  *Fogel v. Zell*, 221 F.3d 955, 962 (7th Cir. 2000).

20.     Neither the Certificate nor the Supplemental Certificate certifies that Mr. Babb or Attorney Campbell received the Notice.  The Supplemental Certificate indicates that the Notice was not mailed in some instances until December 28, 2006.  Accordingly, the Notice did not comport with the requirements of Federal Bankruptcy Rule 2002 and was inadequate.   As such, the Notice was not adequate notice to Mr. Babb, and he should be entitled to an enlargement of time to file a proof of claim after the bar date.

### *The Notice is otherwise deficient and was not properly served*

21.     "Fair or adequate notice has two basic elements:  content and delivery."  *Id.*   "If the notice is unclear, the fact that it was received will not make it adequate," *Id.*; if the notice is

not received, it is "inadequate unless the means chosen to deliver it was reasonable." *Id.* at 963.

22.     Under the first element, content of the notice, the United States Supreme Court has held that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. at 314 ..  To this end, the "notice must be of such nature as reasonably to convey the required information . . . " *Id.* (citing to *Grannis v. Ordean*, 234 U.S. 385 (1914)).  "Whether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'" *In re Grand Union Co.*, 204 B.R. 864, 871 (Bank. D. Del. 1997).  In this case, the form of notice, stating the administrative claims bar date in the fourth of five single-spaced paragraphs in small print (and stating multiple other events), was inadequate to clearly apprise Mr. Babb, a non-lawyer, of the deadline to file his application.

23.     Under the second element, delivery of notice, the United States Supreme Court has held that "even creditors who have knowledge of a [bankruptcy case] have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred." *City of New York v. New York, New Haven & Hartford R.R.*, 344 U.S. 293, 297 (1953).  In *New York*, the city of New York was a known creditor with liens against a railroad that filed bankruptcy.  *Id.* at 293.  The city knew that the railroad was in bankruptcy but it did not file a timely claim because it never received notice by mail.  *Id.*  The Supreme Court held that the city "acted reasonably in waiting" to receive notice before filing its claim; therefore, it was allowed to file a late claim.  *Id.* at 297.

24.     Here, the delivery of the Notice was inadequate, as the Notice was not properly served.   By virtue of the Demand Letter, Debtors knew and were on notice of Attorney Campbell's representation of Mr. Babb well before the Notice was filed and the bar date established.     Nonetheless, neither the Certificate nor the Supplemental Certificate reflect Attorney Campbell on the service lists, and Attorney Campbell did not receive the Notice from Debtors or the Court.   Bankruptcy courts have held that where, as here, the Debtor is on notice of a personal injury claimant being represented by counsel as the result of correspondence from such counsel to debtors or its agent, notice <u>must</u> be delivered to a creditor's attorney to meet the due process requirement of adequate notice as set out in *Mullane*.  *See In re Grand Union*, 204 B.R. 864 (Bank. D. Del. 1997).

25.     In *Grand Union*, the Bankruptcy Court considered motions filed by several personal injury claimants for leave to file late claims against the debtor based upon the excusable neglect doctrine.  *Id.* at 866-870.   After finding that certain of the claimants were not entitled to file late claims pursuant to the excusable neglect doctrine, the Bankruptcy Court held that: the debtor did not give adequate notice of the bar date to the claimants because it mailed the bar date notice directly to the claimants rather than to their known attorneys; the Bankruptcy Rules did not allow the debtor to send the bar date notices directly to the creditors instead of their known attorneys; and the debtor's direct mailing of the bar date notices to creditors who were represented by counsel was a violation of the ethical rule prohibiting direct communication with a represented party.  *Id.* at 872-881.   For these reasons, the Bankruptcy Court granted the claimants motions to file late claims against the debtor.  *Id.*

26.     The facts in this case are similar to those in *Grand Union*.  Like the claimants in *Grand Union*, Mr. Babb is a layperson who did not, and should not be expected to, understand

the purpose of the Notice mailed to him by the Debtors.  For this reason, Mr. Babb did not communicate with Attorney Campbell regarding the Notice but instead just dropped it off at Attorney Campbell's office during the busy December holiday season.

27.    The Notice delivered by Mr. Babb to Attorney Campbell's office was placed directly into Mr. Babb's file without further review.  The dropped off Notice did not raise a red flag in the same manner that it would have been had it properly arrived in the mail from the Bankruptcy Court.

28.    In addition, Mr. Babb is not the only creditor who holds an administrative claim against the Debtors that has not been timely filed.  While the Debtors will certainly argue that the content and delivery of the Notice was adequate to inform all of the Debtors' creditors of the bar date, even a cursory review of the filings in this case reveals a docket thick with motions to allow late filed administrative claims against the Debtors.

29.    For these reasons, Mr. Babb requests that this Court find that the Notice was inadequate to apprise Mr. Babb of the bar date to file his administrative claim against the Debtors and therefore, Mr. Babb should be allowed to file a late claim against the Debtors for the personal injury he suffered on Winn-Dixie's premises.

### *Mr. Babb should be permitted to file a late proof of claim under the excusable neglect doctrine*

30.    In addition, Rule 9006(b) of the Federal Rules of Bankruptcy Procedure provides that an enlargement of time to perform a required act may be permitted "where the failure to act was a result of excusable neglect."  The phrase "excusable neglect" is not defined in the Bankruptcy Court but its meaning was articulated by the Supreme Court in its *Pioneer* decision.

31.    In *Pioneer*, the Supreme Court examined the excusable neglect standard and concluded that the determination of excusable neglect by a bankruptcy court "is at bottom an

equitable one, taking account of all relevant circumstances surrounding the party's omission."
507 U.S. at 395 (footnote omitted).  The bankruptcy court is to consider "the danger of prejudice
to the Debtor, the length of the delay and its potential impact on judicial proceedings, the reason
for the delay, including whether it was within the reasonable control of the movant, and whether
the movant acted in good faith."  *Id.* (citation and footnote omitted).

32.     Excusable neglect is not limited strictly to omissions caused by circumstances
beyond the control of the party seeking relief.  *Id.* at 392.  Excusable neglect also encompasses
situations caused by "inadvertence, mistake or carelessness."  *Id.*

33.     The Debtors, already administering Mr. Babb's claim through their third party
administrator, will not be prejudiced if Mr. Babb is allowed to file an administrative claim at this
time.  Rather, the Debtors will receive an unjustified windfall if the Court finds that Mr. Babb
does not have an allowed administrative claim against the Debtors.

34.     In this case, the Debtors appear to have been self-insured.  They relied on a claims
management service to administer personal injury claims.  The Debtors have been aware of Mr.
Babb's claim since the date of the Injury Report on May 18, 2006 and they have also been aware
of Attorney Campbell's representation of Mr. Babb since the date of the Demand Letter on July
31, 2006.  The Debtors have further been apprised of the extent of Mr. Babb's injuries and that he
seeks damages for a post-petition injury.

35.     Allowing Mr. Babb's administrative claim against the Debtors will not unduly
impact the Debtors' reorganization proceedings either.  Mr. Babb's claim is an unliquidated one
for post-petition personal injuries.  It can be liquidated either through agreement with the
Debtors, acting through their third party claims administrator, or through judicial proceedings in

state court.  This disposition is no different than the disposition of all other similar, but timely

filed, administrative expense claims against the Debtors

36.    No other creditors of the Debtors will be adversely affected if Mr. Babb is

allowed to assert his administrative claim at this time because post-petition claims are not subject

to adjustment in the confirmed plan of reorganization in this case.  Granting an enlargement of

time and treating Mr. Babb's application as timely filed will permit his personal injury claim to

be resolved on the merits.  He suffered significant personal injuries and should be given an

opportunity to seek redress for his damages.

37.    The reason for Mr. Babb's delay in filing his administrative claim against the

Debtors is principally due to the lack of actual notice to Attorney Campbell.  Even though the

Debtors were aware that Attorney Campbell represented Mr. Babb, the Debtors did not mail a

copy of the Notice to Attorney Campbell.  Furthermore, although Mr. Babb did receive a copy of

the Notice and deliver it to Attorney Campbell's office, this type of delivery of the Notice did not

effectively communicate the Notice to counsel, constituting excusable neglect.  *See Grand*

*Union*, 204 B.R. at 870 (where personal injury claiming received bar date notice but only

dropped off notice with his counsel's law partner, court determined notice was not effectively

communicated to counsel, which constituted excusable neglect warranting grant of motion

seeking leave to file late proof of claim).

38.    Finally, Mr. Babb has acted in good faith in pursuing his claim against the

Debtors.  He filed a report with Winn-Dixie on the day of his injury and later retained Attorney

Campbell to pursue such claim against Winn-Dixie.  There can be no suggestion that Mr. Babb

acted improperly.  At no time prior to Attorney Campbell's receipt of the Sedgwick Letter on

June 7, 2007 did Mr. Babb or Attorney Campbell know that they had to take some action to

preserve Mr. Babb's claim against the Debtors, nor did Attorney Campbell have any actual knowledge that Winn-Dixie was in bankruptcy until that time.

39.    In addition, Mr. Babb has attached herewith as Exhibit "E" to this motion his Application for Payment of Administrative Expense Claim for Post-Petition Personal Injury, which shall be deemed filed contemporaneously herewith.

WHEREFORE, Mitchell Babb requests that this Court enter an order enlarging the time for Mr. Babb to file an administrative expense claim for his post-petition personal injury claim and deem as filed the proposed Application for Payment of Administrative Expense Claim for Post-Petition Personal Injury attached as Exhibit "E" hereto.

Respectfully submitted,

**VOLPE, BAJALIA, WICKES,
ROGERSON & WACHS**

By: */s/ John T. Rogerson, III* _____
    John T. Rogerson, III
    Florida Bar No. 832839
    Chris T. Harris
    Fla. Bar No.: 107115
    Amy Sullivan Croft
    Fla. Bar No.: 156426
    jrogerson@vbwr.com
    charris@vbwr.com
    acroft@vbwr.com
    501 Riverside Avenue, 7th Floor
    Jacksonville, FL  32202
    Telephone: (904) 355-1700
    Facsimile: (904) 355-1797

and

Brad Hightower
Alabama Bar No.: HIG022
Christian & Small LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
*OF COUNSEL*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was provided electronically or by first class U.S. Mail, postage prepaid, to Cynthia Jackson, Esq. and Stephen D. Busey, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; Matthew Barr, Esq., One Chase Manhattan Plaza, New York, NY 10005 and to Kenneth C. Meeker, U.S. Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL  32801 on this 31st day of July, 2007.

*/s/ John T. Rogerson, III*
Attorney

# EXHIBIT "A"

05/19/06 - Friday

Frozen Food - Customer Accident / Fall - "Appeared To Be A Grease Spill (Possibly Chicken Grease)

Customer, Mitchell Babb, slipped in "spill" on Frozen Food Aisle and landed on his back; he reported to me, Danny Whitfield-Assistant Manager that he is disabled due to a "back and right wrist" injury; Mr. Babb said "he didn't need medical attention" but under the circumstances he would like for the incident to be documented in the event that he may later need medical attention

Customer Name: Mitchell Babb
Address          3945 White Oak Dr.
                      Vestavia, Al. 35243
Phone -          205-967-0964

Custom Signature - [signature]
Assistant Manager - Danny E. Whitfield
                             [signature]

**EXHIBIT "B"**

LAW OFFICE OF

# J. MICHAEL CAMPBELL

POST OFFICE BOX 55972
BIRMINGHAM, ALABAMA 35255-5972

TELEPHONE (205) 933-6913
FACSIMILE   (205) 933-9533

2153 FOURTEENTH AVENUE SOUTH
BIRMINGHAM, ALABAMA 35205

July 31, 2006

Winn- Dixie
3925 Cross-haven Drive
Birmingham, AL 35243

Dear Sir or Madam:

    This law firm represents Mr. Mitchell Babbs with regards to injuries he sustained at the Winn Dixie on Cross-haven drive in Birmingham, Alabama, on May 19, 2006, when he slipped and fell on a liquid like substance that was on the floor. Please turn this letter over to your liability insurance carrier and have them contact us at once to discuss this matter.

Yours truly,

J. Michael Campbell

JMC/atg

**EXHIBIT "C"**

LAW OFFICE OF

# J. MICHAEL CAMPBELL

POST OFFICE BOX 55972
BIRMINGHAM, ALABAMA 35255-5972

TELEPHONE (205) 933-6933
FACSIMILE  (205) 933-9533

2153 FOURTEENTH AVENUE SOUTH
BIRMINGHAM, ALABAMA 35205

June 4, 2007

***VIA FACSIMILE 904/732-6446***
Winn Dixie Stores
Risk Management
P.O. Box B
Jacksonville, FL 32203

Dear Sir or Madam:

This law firm represents Mr. Mitchell Babb with regards to injuries he sustained at the Winn Dixie on Cross-haven drive in Birmingham, Alabama, on May 19, 2006, when he slipped and fell on a liquid like substance that was on the floor. Please turn this letter over to your liability insurance carrier and have them contact us at once to discuss this matter.

Yours truly,

J. Michael Campbell

JMC/atg

**EXHIBIT "D"**



## Sedgwick

Sedgwick Claims Management Services, Inc.
P. O. Box 24787, Jacksonville, FL 32241-4787
Telephone 904-419-5300  Facsimile 904-419-5365

June 5, 2007

J. Michael Campbell Esq.
P. O. Box 55972
BIRMINGHAM, AL  35255

RE:       Claimant: Mitchell Babb
          Claim #:   A611204440-0001-01
          Date of Accident: 05/19/2006
          Division: Winn-Dixie Montgomery
          Location: Winn-Dixie #517
                    3925 Cross haven Drive  Birmingham, AL

Dear J. Michael Campbell Esq.:

This will acknowledge receipt of your letter of representation.

Winn-Dixie emerged from bankruptcy on 11/21/06. All claims that Winn-Dixie Stores, Inc. were aware of that occurred between 02/22/05 and 11/21/06 were mailed a notice. Some specific groups of claimants were excluded. for example, third party claims where Winn-Dixie is indemnified or has no liability

This notice stated that all requests for payment of an Administrative Claim or any Claim arising against the Debtors in this period must file an application with the Bankruptcy Court no later than January 5, 2007. Winn-Dixie also put advertisements in national and regional newspapers to notify claimants who had yet to notify us of their claim.

The deadline for filing your administrative expense claim has expired so we are unable to consider this claim. If you have any questions, please consult with a bankruptcy attorney.

Sincerely,

*Ernestine Wilson*
*Examiner II*

**EXHIBIT "E"**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                              )        CASE NO.: 3:05-BK-03817-JAF
                                    )
WINN DIXIE STORES, INC., ET AL.,    )        CHAPTER 11
                                    )
        DEBTORS.                    )        JOINTLY ADMINISTERED

## APPLICATION FOR PAYMENT OF ADMINISTRATIVE
## EXPENSE CLAIM FOR POST-PETITION PERSONAL INJURY

Mitchell Babb ("Applicant"), by and through his undersigned counsel, requests this Court to enter an Order for the allowance and payment of his administrative expense claim, pursuant to 11 U.S.C. § 503(b).  Applicant requests the entry of such an order allowing the administrative expense described below and directing payment of such amount pursuant to the order confirming the joint plan of reorganization of Winn-Dixie Stores, Inc. and affiliated debtors (the "Confirmation Order"), and the provisions of the confirmed plan.  In support of this application, Applicant states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. § 157(b)(2).

## FACTUAL BACKGROUND

2.      Winn-Dixie Stores, Inc., et al. ("Debtors" or "Winn-Dixie") filed their voluntary petitions for relief under Chapter 11 of the bankruptcy code on February 21, 2005 (the "Petition Date").

3.      On May 18, 2006, after the Petition Date, Applicant sustained severe injuries while shopping in Winn Dixie Supermarket #517, located at 3925 Crosshaven Drive,

Birmingham, Alabama, after he slipped and fell on a greasy substance that existed on the floor of the store. Applicant's injuries required subsequent surgery and extensive therapy. Thus, Applicant has suffered damages totaling in excess of $130,000.00, which damages Applicant can support through medical records and other proof.

**<u>APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS</u>**

4.       Section 503(b) of the bankruptcy code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the Debtors are entitled to administrative expense status. *See*, *Reading Co. v. Brown,* 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled administrative expense status); *In re: Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla. 1994).

5.       In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date, but prior to the Confirmation Order. As such, Applicant's claim in excess of $25,000.00 is entitled to administrative expense status under 11 U.S.C. § 503(b), and applicant seeks the entry of an order awarding such status and directing payment of said administrative claim.

*REMAINDER OF PAGE LEFT INTENTIONALY BLANK*

2

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an Order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully submitted,

**VOLPE, BAJALIA, WICKES,**
**ROGERSON & WACHS**

By: */s/ John T. Rogerson, III*
    John T. Rogerson, III
    Florida Bar No. 832839
    Chris T. Harris
    Fla. Bar No.: 107115
    Amy Sullivan Croft
    Fla. Bar No.: 156426
    jrogerson@vbwr.com
    charris@vbwr.com
    acroft@vbwr.com
    501 Riverside Avenue, 7th Floor
    Jacksonville, FL  32202
    Telephone: (904) 355-1700
    Facsimile: (904) 355-1797

and

Brad Hightower
Alabama Bar No.: HIG022
Christian & Small LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
*OF COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was provided electronically or by first class U.S. Mail, postage prepaid, to Cynthia Jackson, Esq. and Stephen D. Busey, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; Matthew Barr, Esq., One Chase Manhattan Plaza, New York, NY 10005 and to Kenneth C. Meeker, U.S. Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL  32801 on this 31st day of July, 2007.

     */s/ John T. Rogerson, III*
    Attorney

3