**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**OBJECTION OF AIB DELTONA, LTD. TO DEBTORS'**
**MOTION FOR ORDER DETERMINING THAT DEBTORS HAVE**
**SATISFIED ALLOWED CURE CLAIMS**
(Related Docket Item 17418)

Comes Now, AIB Deltona, Ltd. ("AIB Deltona" or "Landlord"), by and through their undersigned counsel, and makes known its objection to Debtors' Motion For Order That Debtors Have Satisfied Allowed Cure Claims (the "Motion"), and states as follows:

**BACKGROUND**

1.  Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three subsidiaries and affiliates filed these Chapter 11 cases on February 21, 2005. The Court established an August 1, 2005 bar date.

2.  AIB Deltona leases to Winn-Dixie a store ("Store 2313") located in Deltona, Florida. Upon information and belief, Winn-Dixie refers to the location as "Store No. 2313".[1] Winn-Dixie continues to occupy the Store and operate there.

3.  On or about July 1, 2006, Debtor's filed the Second Omnibus Motion to Assume, inter alia seeking to assume the lease on Store 2313, and listed a proposed "cure amount" of $10,312.31, without a denomination of what that amount represents.

4.  Volusia County, Florida, assesses annual ad valorem real estate taxes on the Store. Under the lease ("Lease") on the Store, as part to its rent obligation Winn-Dixie must either pay the real estate taxes or promptly reimburse Landlord for their

---

[1] Winn-Dixie leased the store as of December 30, 1997 from DMH Partners, Inc., which assigned the lease to H. Sieber Investment Co., which was then converted to AIB Deltona, Ltd. documents reflecting the assignment and conversion are included in the Lease.

1

payment.

5. AIB Deltona objected to the incorrect cure amount listed in the Debtors' motion to assume the Lease. The parties subsequently agreed that $11,043.68 was the correct cure amount.

6. In its Motion at bar, the Debtors assert that they have paid the $11,043.68, but the records available to AIB Deltona do not show that it received that payment from the Debtors. AIB Deltona therefore objects to the relief sought in the Debtors' Motion.

Dated: July 31, 2007                **WILCOX LAW FIRM**

/s/ **Robert D. Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
(904) 281-0700

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2007 I caused a copy of the foregoing **Limited Objection** to be served on the Debtor by James H. Post, Esq., Debtor's Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically, and by electronic mail to D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036.

/s/ **Robert Wilcox**
Robert D. Wilcox