UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

AGREED ORDER RESOLVING CLAIM NUMBER 3451
FILED BY TED GLASRUD ASSOCIATES, INC. (STORE NO. 308)

This cause originally came before the Court on the Twenty-Sixth Omnibus Objection to Claims Arising from Unexpired Leases of Non-Residential Real Property (I) That Have Been Assumed, (II) That Have Been Assumed and Assigned, or (III) That Are the Subject of Lease Termination Agreements (the "Objection") (Docket No. 12281) filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors"). Included among the several proofs of claim listed on Exhibit A of the Objection is claim number 3451 filed by Ted Glasrud Associates, Inc. ("Glasrud"). On December 20, 2006, the Court entered an Order (Docket No. 13344) correcting the Docket No. 12908 order, sustaining the Objection as to the proofs of claims listed on the exhibits to the order and continuing the hearing on the Objection as to claim number 3451 filed by Glasrud and other unresolved claims. Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. Claim number 3451 filed by Glasrud with respect to Store No. 308 is allowed as an administrative claim in the amount of $15,332.98, which the Reorganized Debtors have paid in full to Glasrud.

2.  Within fourteen (14) business days of entry of this Agreed Order, Glasrud will pay the Reorganized Debtors $2,541.00 in full satisfaction of any claim for repairs or reimbursement for all hurricane damages that have occurred as of the date of this Agreed Order with respect to Store No. 308.

3.  This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims, including and not limited to the claims asserted in Docket No. 11764, pertaining to Store No. 308 filed by Glasrud in these Chapter 11 cases and (ii) all other pre-petition or pre-effective date claims pertaining to Store No. 308 that Glasrud has or may have against the Reorganized Debtors and any of its Chapter 11 estates or affiliates, including, without limitation, any claims for repairs or reimbursement for all hurricane damages, all of which are forever waived, discharged and released.

4.  Post-effective date liabilities and obligations will be handled by the parties in accordance with the applicable lease terms and ordinary course practices.

5.  This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this 3 day of August, 2007, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00568153.2

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| KELLEY & FULTON, P.A. | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/Craig I. Kelley*<br>    Craig I. Kelley, F.B.N. 782203 | By   *s/ Cynthia C. Jackson*<br>    Cynthia C. Jackson, F.B.N. 498882 |
| 1665 Palm Beach Lakes Blvd.<br>The Forum – Suite 1000<br>West Palm Beach, Florida 33401<br>(561) 491-1200<br>(561) 684-3773 (facsimile)<br>craig@kelleylawoffice.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Counsel for Ted Glasrud Associates, Inc. | Co-Counsel for Reorganized Debtors |

*Counsel has authorized his electronic signature.

00568153.2