## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:      )

           Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., *et al.*,   )

           *Chapter 11*

         Reorganized Debtors.[1]   )

           Jointly Administered

                )

## REORGANIZED DEBTORS' AMENDED MOTION TO MODIFY THE AGREED ORDER OF RESOLUTION OF THE LITIGATION CLAIM OF JAMESHA CISROW PURSUANT TO HER CLAIM REDUCTION ELECTION

Winn-Dixie Stores, Inc. and its reorganized debtor affiliates (collectively, the "Reorganized Debtors") move the Court, pursuant to 11 U.S.C. § 502(j) and Rule 3008, Federal Rules of Bankruptcy Procedure, to modify the Agreed Order of Resolution of the Litigation Claim of Jamesha Cisrow (Claim No. 5457) (Docket No. 17076)(the "Agreed Order") pursuant to her claim reduction election, and say:

1.      On August 4, 2006, this Court approved the Disclosure Statement with Respect to the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use in soliciting acceptances of the Joint Plan

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.  With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"), and entered an order approving dates, procedures and forms related to the Plan (Docket No. 9920) (the "Solicitation Procedures Order").

2.      Among the forms approved by the Court in the Solicitation Procedures Order was the Claim Reduction Form.  The Claim Reduction Form provided holders and potential holders of allowed claims in classes 13, 14, 15 and 16 the option of voluntarily reducing their allowed claims to the amount of $3,000 in exchange for a discounted cash distribution of $2,010 rather than a distribution of stock as otherwise provided in the Plan.

3.      The Claim Reduction Form expressly stated that it was to be executed and returned by the holders of claims who desired to reduce their claim to $3,000 and receive a discounted cash payment of $2,010:

> [T]his Claim Reduction Form [is] for use by holders or potential holder of Allowed … Claims …. who desire to elect to **reduce their Allowed Claim to $3,000** and **receive a discounted Cash payment in the amount of $2,010 (67% of $3,000).**
>
> \*\*\*
>
> **Please refer to the instructions for completing this Claim Reduction Form on the reverse side.**  If you have any questions, please call Logan & Company, Inc. at (973) 509-3190.
>
> \*\*\*
>
> **If you desire to receive New Common Stock provided for in the Plan, do not complete and return this Claim Reduction Form.**
>
> (emph. in original).

4.      The Claim Reduction Form also expressly stated that it was being provided to claimants whose claims were not yet allowed so that they would have the opportunity to make the election before the election deadline expired.   As a result, if the claim was subsequently allowed, the claim reduction election would be applied.

5.      The Claim Reduction Form was mailed to eligible claimants along with the Disclosure Statement, the Plan, and other solicitation materials between August 10 and August 15, 2006.

6.      A Claim Reduction Form was executed and returned on behalf of Jamesha Ciscrow, a copy of which is attached as Exhibit A (the "Claim Reduction Election").

7.      In subsequent negotiations with claims examiners employed by the Reorganized Debtors to adjust general liability claims in these cases, representatives for Ms. Cisrow failed to reveal to the examiners her previous Claim Reduction Election.  As a result, the examiners mistakenly agreed to resolve Ms. Cisrow's Claim Number 5457 in the amount of $10,000, to be paid in stock as a Class 16 claim under the Plan and a proposed agreed order resolving Ms. Cisrow's claim in the amount of $10,000 was submitted to the Court.  The Court entered the Agreed Order on June 26, 2007 (Docket No. 17076).

8.      Although the Agreed Order was negotiated and processed without reference to Ms. Cisrow's Claim Reduction Election, the Reorganized Debtors are entitled to apply the Claim Reduction Election to the Agreed Order.

Based upon the foregoing, the Reorganized Debtors respectfully request that the Court enter an order in the form attached as Exhibit B modifying the Agreed Order

of Resolution of the Litigation Claim of Jamesha Cisrow (Claim No. 5457) so that

Claim Number 5457 is allowed in the amount of $3,000 as a Class 16 claim, for which

a discounted cash distribution of $2,010 will be made pursuant to Section 4.3(j)(ii) of

the Plan, in accordance with Ms. Cisrow's Claim Reduction Election.

SMITH HULSEY & BUSEY


By: _s/ Leanne McKnight Prendergast_
      James H. Post
      Leanne McKnight Prendergast

Florida Bar Number 059544
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Attorneys for the Reorganized Debtors

<u>Certificate of Service</u>

I certify that a copy of the foregoing was furnished electronically or by mail on August 3, 2007 to Altan Erskine, for the benefit of Jamesha Cisrow, a minor, 1010 N.W. 3rd Avenue, Fort Lauderdale, Florida 33311.

*s/ Leanne McKnight Prendergast*
Attorney

00574579

**Exhibit A**

| In re: | Case No. 05-03817-3F1 |
|---|---|
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## CLAIM REDUCTION FORM

**TO HOLDERS OR POTENTIAL HOLDERS OF ALLOWED LANDLORD CLAIMS IN CLASS 13, ALLOWED VENDOR/SUPPLIER CLAIMS IN CLASS 14, ALLOWED RETIREMENT PLAN CLAIMS IN CLASS 15, and ALLOWED OTHER UNSECURED CLAIMS IN CLASS 16.**

**PLEASE TAKE NOTICE THAT:**

On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"). Capitalized terms used herein without definition have the meanings provided in the Plan. In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures, and forms applicable to the process of soliciting votes on the Plan, providing notice of the Plan, and making necessary elections with respect to the Plan, (b) approving vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

The Solicitation Procedures Order approved this Claim Reduction Form for use by holders or potential holders of Allowed Landlord Claims, Allowed Vendor/Supplier Claims, Allowed Retirement Plan Claims, and Allowed Other Unsecured Claims, on a first come-first serve basis, who desire to elect to reduce their Allowed Claims to $3,000 and receive a discounted Cash payment in the amount of $2,010 (67% of $3,000), in full satisfaction, settlement, release, discharge of, in exchange for, and on account of their Allowed Claims. Under the Plan, the aggregate Cash amount payable on account of Claim Reduction Forms is limited to $1 million. Depending on the number of Claim Reduction Forms received, and the amount of Allowed Claims subject to such Claim Reduction Forms, $1 million may not be sufficient to provide discounted Cash payments to all electing holders. In that event, the Claim Reduction Forms will be accepted on a first come-first serve basis. Any Claim Reduction Forms received after the $1 million has been allocated to earlier received Claim Reduction Forms will be rejected, and the holders of Allowed Claims subject to the later received Claim Reduction Forms will receive New Common Stock as provided for in the Plan. Subject to the limited availability of funds, this Claim Reduction Form must be completed and returned on or before **September 25, 2006, at 4:00 p.m. (Eastern Time)**.

**Please refer to the instructions for completing this Claim Reduction Form on the reverse side.** If you have any questions about how to properly complete this Claim Reduction Form, please call Logan & Company, Inc. at (973) 509-3190.

**Item 1. *Election.*** By signing and returning this Claim Reduction Form, the undersigned hereby elects to reduce his/her/its Allowed Claim to $3,000 and to receive a Cash payment in the amount of $2,010, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of such Claim.

**Item 2. *Claim Ownership.*** By signing and returning this Claim Reduction Form, the undersigned hereby certifies that it owns the Claim that is the subject of this Claim Reduction Form. If such Claim is sold or transferred in the future, the buyer or transferee will be bound by this Claim Reduction Form, and the undersigned will so inform the buyer or transferee.

**Item 3. *Acknowledgments and Certification.*** By signing and returning this Claim Reduction Form, the undersigned hereby acknowledges that the reduction election is subject to all terms and conditions set forth in the Disclosure Statement and the Plan. The undersigned certifies that he/she/it has full power and authority to make the reduction election.

Signature: _Altan V. Erskine + Jamesha S. Cisrow_

Name of claimant (print/type): _ALTAN ERSKSKINE + JAMESHA S. Cisrow (minor child)_

Address of Claimant (if other than the address to which this form was mailed): _1010 N.W. 3rd Ave_
_Ft. Lauderdale Fla 33311_

Name and title of signatory: _Altan Erskine_

If signed by authorized agent, name and title of agent: _____

Federal tax I.D. or social security number of claimant: _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-Altan — Jamesha Cisrow 589-23-92_

Telephone number: _954-687-2210_   Facsimile number: _954 971-0544_

E-mail address: _954 979-5975 Ext 8560_   Dated: _8-22-2006_

**PLEASE COMPLETE, SIGN, AND DATE THIS CLAIM REDUCTION FORM AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER TO LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE, ON OR BEFORE SEPTEMBER 25, 2006.**

IF YOUR CLAIM IS DETERMINED TO BE AN UNSECURED CLAIM, YOUR CLAIM WOULD BE IN THE FOLLOWING PLAN CLASS: CLASS 16 - OTHER UNSECURED CLAIMS

SEE PARAGRAPH 9 ON THE REVERSE SIDE OF THIS FORM.

Creditor ID: WDX-389047-V4-54

CISROW, JAMESHA (MINOR)
C/O ALTAN V ERSKINE
1025 VW 3 AVENUE, APT 1 EAST
FORT LAUDERDALE, FL 33312

LOGAN & COMPANY, INC.

2006 AUG 30   AM 10: 30

RECEIVED

Claim Amount: Disputed
Claim Number: 5457

ID: 9417

L000257  '06AUG30

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

**ORDER ON REORGANIZED DEBTORS' AMENDED MOTION**
**TO MODIFY AGREED ORDER OF RESOLUTION OF THE**
**LITIGATION  CLAIM OF JAMESHA CISROW (CLAIM NO. 5457)**

These cases are before the Court on September 6, 2007 upon the Reorganized Debtors' Motion to Modify the Agreed Order of Resolution of the Litigation Claim of Jamesha Cisrow (the "Motion").  Upon consideration of the record in these cases, including the Claim Reduction Form executed by Jamesha Cisrow, it is

ORDERED:

1.      The Motion is Granted.

2.      The Agreed Order of Resolution of the Litigation Claim of Jamesha Cisrow (Claim No. 5457) (Docket No. 17076) is modified to provide that Claim No. 5457 filed by Jamesha Cisrow is allowed in the amount of $3,000 as a Class 16 claim, for which a discounted cash distribution of $2,010 will be made pursuant to Section 4.3(j)(ii) of  the Plan, in accordance with Ms. Cisrow's Claim Reduction Election.

3.      The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of September, 2007, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to: James H. Post
[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]00574581