F I L E D
JACKSONVILLE, FLORIDA

AUG - 6 2007

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:   Ann R. Albanese and Domenic Albanese   )   Case No. 05-03817-3F1

WINN-DIXIE STORES, INC. et al.,   )   Chapter 11

        Debtors.   )   Jointly Administered

_____   )   Proof of Claim No. not assigned


## MOTION OF ANN R. AND DOMENIC A. ALBANESE TO DEEM APPLICATION FOR ADMINISTRATIVE EXPENSE TIMELY FILED OR TO ALLOW CLAIM TO PROCEED IN CIRCUIT COURT.

    Claimants/Plaintiffs, Ann R. and Domenic A. Albanese, by and through their undersigned counsel, hereby request the relief of this Honorable Court and, in support, submit the following facts and law:

1. This court has jurisdiction over this motion pursuant to 28 U.S.C. 157(b)(2)(B) et sec. and Fed. R. Civ. Pro. 11(b).

2. Venue of the debtor's chapter 11 case, and this motion pertaining thereto, in this court, is proper pursuant to 28 U.S.C. 1408 and 28 U.S.C. 1409 et sec.

3. The court has the power to hear this motion and the power to grant this motion pursuant to section 105(a) of the bankruptcy code as this motion constitutes the "taking of any action or making determination necessary or appropriate to enforce or implement a court order of rule...".

4. This motion, of Mr. and Mrs. Albanese, arises out of a bona fide cause of action for negligence which results from the slip and fall accident which occurred to Ann Albanese on Sept. 3, 2006. The court has the affidavit of Mrs. Albanese attached to these motion papers. The injuries of Mrs. Albanese are serious and involve complex and complete fracture of the talus bone of her left foot and injuries to her right knee. Whether these claims are included in the bankruptcy action, as an extension of the January 5 filing date, or whether they are excluded completely

from the bankruptcy and allowed to proceed in the circuit court of Florida, the claimants must have their day in court.

5. When Mr. and Mrs. Albanese first appeared at my office, on March 26, 2007, they brought with them the letter from Sedgwick Claims, adjustor for Winn-Dixie Stores, Inc., dated Sept. 19, 2006. Said letter is attached hereto as Ex. A. In the letter of Sept. 19, 2006, and in the related conversations, which took place between the claimants and Sedgwick in late September and early October of 2006, Sedgwick indicated that Winn-Dixie was "evaluating this claim" and that the medical evidence submitted by the claimants would be considered in such an evaluation. The court's attention is respectfully directed to the letter of Sept. 19, 2006, wherein the Winn-Dixie representative states that:

> "In order for Winn-Dixie to evaluate your claim, they need complete medical records and billings…"

In the last paragraph of said letter, the Winn-Dixie representative further represented that, although it should not be assumed that Winn-Dixie admits liability, the letter was sent to Mr. and Mrs. Albanese for the "purpose of evaluating this claim". It is a fact that Mr. and Mrs. Albanese received no further correspondences from Winn-Dixie or its representatives.

6. Since Winn-Dixie took the position that it was going to "evaluate the claim" of Mrs. Albanese and did not inform Mr. and Mrs. Albanese of the January 5th file date, in said letter, Winn-Dixie cannot now take an alternative position. Winn-Dixie is now estopped, under the estoppel rule, from taking any other position in that they are going to either evaluate this claim or allow Mr. and Mrs. Albanese to litigate the claim against it. A party cannot take one position as far as litigation is concerned and then later switch positions and deny the former position. The letter, of Sept. 19, 2006, indicates that Winn-Dixie was going to evaluate the claims of the plaintiff or, presumably, allow the plaintiffs to litigate against Winn-Dixie. Winn-Dixie cannot now take a position inconsistent with its position taken in the letter of Sept. 19, 2006. Bailey v. State Farm Ins. Co. 789 So. 2d 1181 (4th DCA 2001).

claimants were lulled into a false sense of security by the letter of Winn-Dixie, dated Sept. 19, 2006.

11. In addition to the preceding arguments of estoppel and promissory estoppel, the claimants hereby also contend that Winn-Dixie waived any right it had to send the claimants' claims into the bankruptcy proceeding. The doctrine of "waiver" is alive and well in our system of juris-prudence. A waiver occurs when a litigant or party intentionally or voluntarily relinquishes a known right or evidences conduct which implies the relinquishment of a known right. Bishop v. Bishop 858 So. 2d 1234 (5th DCA 2003).

> "The elements of waiver are: (1) The existence at the time of the waiver of a right, privilege, advantage, or benefit which may be waived; (2) The actual of constructive knowledge of the right; and (3) The intention to relinquish the right. Bishop v. Bishop supra. cited with approval in State Farm Mutual Ins. Co. v. Yenke 804 So. 2d 429 (5th DCA 2001)."

There is absolutely no question that Winn-Dixie knew it had the right to compel the claimants to take their claims into the bankruptcy court by filing a form by Jan. 5, 2007. The letter of Sept. 19, 2006, from Winn-Dixie, does not enforce that right. In fact, the letter of Sept. 19, 2006 indicates just the opposite, that the claimants' claims will be evaluated and that the claims will be allowed to go forward. As a result of the aforesaid facts and law, Winn-Dixie waived any right to enforce a filing deadline of January 5th upon these claimants.

12. It is an absolute and undisputable fact that the claimants/plaintiffs never received any notice, from Winn-Dixie, its agents, employees, or attorneys that they were to file some type of form by Jan. 5, 2007, in the bankruptcy court.

13. When this attorney commenced representation of the claimants, on March 26, 2007, the claimants gave this attorney the letter of Sept. 19, 2006 from Winn-Dixie and also clarified that it was the only correspondence they had received from Winn-Dixie. They also indicated that there were telephone conversations, with the Sedgwick representative, about the time of the letter, but that no other written correspondences or negotiations had taken place. As a result of my commencement of representation of these claimants, I sent the letter of

representation, dated April 10, 2007, to Sedgwick Claims. Said letter, dated April 10, 2007, is attached hereto as ex. B. I should also mention to the court that my letter of April 10, 2007 resulted from the reliance, of the claimants, upon the prior representations of Winn-Dixie and the letter of Sept. 19, 2006 from Winn-Dixie's representative. As the court can glean, from my letter of April 10, 2007, this attorney demanded that the physical evidence be preserved and also followed up on the evaluation of my clients' claims by Winn-Dixie.

14. Subsequent to my letter of April 10, 2007, I was advised, by a representative of Winn-Dixie, employed by Sedgwick, that the claimants' claims were barred due to a filing which they had not done by Jan. 5, 2007 in the bankruptcy court. I then contacted James H. Post, Esq., who is the attorney for Winn-Dixie, and further inquired as to the viability of the claimants' claims. The two page letter, dated May 16, 2007, and the attachment thereto, consisting of a mailing list, are attached hereto as Ex. C. Said 3-page response, from James H. Post, Esq., indicated that Winn-Dixie was taking the position that my clients should have filed a form by Jan. 5, 2007 with the bankruptcy court. The attorney for Winn-Dixie relied, in said correspondence of May 16, 2007, upon in which my clients' ostensive address is included and circled with the square. As the court can glean from the mailing list, the address of my clients was misspelled on said mailer. The right to a trial or to purport a cause of action is a fundamental right which is bestowed upon Mr. and Mrs. Albanese by the 7th Amendment. The due process that the claimants have to have their day in court is also bestowed upon them, unquestionably, by the 5th Amendment and the 14th Amendment of the United States Constitution. The right to due process is also embodied in the Florida Constitution on Article 1, Section 9. Article 1, Section 21 of the Fla. Constitution also guarantees these claimants the right to redress their injuries in a court of law "without sale denial or delay".

15. Where the government, mainly the courts, attempt, as a branch of government, to modify a contractual right or constitutional right of a citizen, the court will use a strict scrutiny test to adjudge the legitimacy of the action. <u>Lynch v. United States</u> 292 U.S. 571 (1934). Where rights under the 5th Amendment are affected, the

7. In its letter of Sept. 19, 2006, to claimants, Winn-Dixie indicated that it would evaluate the claims of the plaintiffs, for purpose of settlement, or, because it retained the right to contest liability, would allow the plaintiffs to prosecute their claims, against Winn-Dixie, in open court. In any event, the correspondence to the claimants did indicate to the claimants that their claims were viable. Winn-Dixie cannot now take another position and claim that the rights of these plaintiffs/claimants were extinguished by a bankruptcy proceeding. Painter v. Bd. of Public Instruction 223 So. 2d 33 (Fla. 1969). In the Painter case, supra., the court ruled that, in a worker's compensation case, an act by the employer with reference to the allowance of a claim, would result in a preclusion of a later change of position by the employer.

8. In allowing Sedgwick Claims to act as its agent, Winn-Dixie Stores, Inc. cannot now disavow the contents of Ex. A, the letter from Sedgwick dated Sept. 19, 2006. Winn-Dixie is bound and estopped from taking any other position in that it is compelled to abide by the said letter and evaluate the claims of the plaintiffs or allow the claims of the plaintiffs to go forward. L.B. Price Mercantile Co. v. Gay 44 So. 2d 87 (Fla. 1950). The gravaman of this estoppel argument is that the claimants, in asserting estoppel, have demonstrated to the court that they have relied upon the representations of Winn-Dixie's agent and have also changed their position to rely on said representations.

9. Whether the doctrine of estoppel or promissory estoppel is applied, it is respectfully submitted that both of said doctrines apply to the case sub. judice. The claimants have successfully shown that they have changed their position, and not abided by any other instructions except for the letter of September 19th, from Winn-Dixie, and thusly should be able to rely upon the representations of said letter. American and Foreign Ins. Co. v. Dimson 645 So. 2d 45 (4th DCA 1994).

10. In Harbour House Properties, Inc. v. Estate of Stone 443 So. 2d 136 (3rd DCA 1983), the court held that where the conduct of the personal representative had "lulled the creditor into a false sense of security concerning the need for presentation of a claim", the claim would later be allowed despite the fact that no formal filing took place. Said case is analogous to the case at bar in that these

government should not annul them unless the action falls within the federal police power or some other paramount power. Perry v. United States 294 U.S. 330 (1935); Norman v. Baltimore and Ohio Railroad 294 U.S 240 (1935). Where the strict scrutiny test is applied, to the facts at bar, there is certainly a question of whether or not the rights of the claimants should be overarched by the unsubstantiated allegation, of Winn-Dixie, that the letter of December 18th was served. Since a doubt exists about whether or not the service of the letter, informing claimants that they had a deadline of January 5th, was actually received by them, this motion should be granted.

16. It is further presented that any denial of this motion would also be a denial of the claimants' equal protection rights under the 14th Amendment to the United States Constitution. In effect, the court will be creating suspect class allowing the claimants' civil rights to process their claims to be cut off based on an incorrect and inaccurate address contained on the subject mailer. This would create an illegal classification of these claimants separate and apart from the persons on the mailers who did have their addresses listed correctly. In addressing the equal protection issue, this court must use a rationality test to determine that the creation of this separate class, to allow my clients to be included in the mailer, even though their address was incorrect, would be an unconstitutional exercise. Logan v. Zimmerman Brush Co. 455 U.S. 422 (1982). There is absolutely no rationale which should be used, by this court, to allow these claimants at bar, to be included with the other claimants who had their proper addresses affixed to the subject mailer, on which the presumption of mailing is based.

17. At the very least, this motion seeks the entry of an order enlarging the time for Mr. and Mrs. Albanese to file their administrative expense claims against this debtor. My clients do not have any forms or applications for allowance and payment of administrative expense claims. It is requested that the court mandate that the debtor's attorney send all said forms to this attorney within 30 days of the hearing of this motion and that Mr. and Mrs. Albanese have their said forms filed within 20 days of receipt thereof.

18. Injuries sustained from a post-petition tort committed by the debtor, Winn-Dixie, are claims that are entitled to administrative expense priority. Reading Co. v. Brown 391 U.S. 471 (1968); In Re: Piper Aircraft Corp. 169 B.R. 766 (Sd Fla. 1994). Mr. and Mrs. Albanese were never sent a copy of the court's order of Dec. 6, 2006, confirming the plan of reorganization. Since Mrs. Albanese's injuries occurred, on Sept. 3, 2006, after the petition was filed but prior to the confirmation of the debtor's plan, Mrs. Albanese's claims are entitled to administrative expense priority.

19. Section 503 (a) of the Bankruptcy Code provides that "an entity may timely file a request for payment of an administrative expense, or may tardily file such requests if permitted by the court for cause". The term "for cause" is not defined in the Bankruptcy Code or the bankruptcy rules. Therefore, it is within the discretion of the court to find the facts hereof to constitute "for cause".

20. In addition to the foregoing, once Winn-Dixie knew of the claimant's accident, which they did on Sept. 3, 2006 and was confirmed by their letter of Sept. 19, 2006, Mr. and Mrs. Albanese were entitled to actual notice of the January 5th bar date. In Re: Hillsborough Holdings Corp. 172 B.R. 108 (Md. Fla 1994); In Re: the Charter Co. 113 B.R. 725 (Md Fla. 1990). Mr. and Mrs. Albanese did not even know that their claim might be includable in any bankruptcy proceedings. However, even if a creditor has actual knowledge of the pendency of a bankruptcy, said creditor is still entitled to actual notice of the bar date. City of New York v. New York, N.H. and H.R. Co. 344 U.S. 293 (1953). It is a fact that Mr. and Mrs. Albanese were never provided with notice of the January 5th bar date until after this attorney commenced representation. See the affidavits of Mr. and Mrs. Albanese submitted herewith. Because there is a doubt about whether a notice was actually served upon Mr. and Mrs. Albanese, prior to Jan. 5, 2007, informing them of the Jan. 5, 2007 bar date, this claim should be allowed. In Re: Premier Membership Services, LLC., 276 B.R. 709 (Sd. Fla. 2002).

21. Where the debtor, Winn-Dixie, knows of a creditor's claim and the debtor fails to give actual notice of the claim bar date, section 1141 of the Bankruptcy Code, does not discharge the debts of the creditors, Mr. and Mrs. Albanese. In Re:

Anchor Glass Container Corp. 325 b.r. 892, 895 (Md. Fla. 2005); In Re: <u>Gencor Indus., Inc.</u> 298 b.r. 902 (Md. Fla. 2003).

22. The court has considered the affidavits of Mr. and Mrs. Albanese attached hereto. Mrs. Albanese has prior experience working with the bankruptcy court and with bankruptcy attorneys. She well knows the importance of deadlines in the bankruptcy court and in bankruptcy orders. During the Holidays, the post office is inundated. This is the highest period where mail is misplaced. My clients would be entitled to prosecute their claims due to the failure to act on a letter they did not receive. Bankruptcy Rule 9006(b)(1). See also <u>Pioneer Inv. Services v. Brunswick Assoc.</u> 507 U.S. 380 (1993).

23. If the debtor attempts to argue that it is prejudiced, the court is asked to consider that there is no prejudice to the debtor, Winn-Dixie. Winn-Dixie Stores, Inc. is still in business. Even if the plan did not set aside appropriate monies to pay the claims of Mr. and Mrs. Albanese, their claim should go forward. <u>In Re: O'Brien Environmental Energy, Inc.</u> 188 F.3d 116 (3rd cir. 1999).

24. As additional grounds to bring up this motion, it is contended that the lack of service of bar date notice to these creditors violated rule 2002-1(f) of the local rules of bankruptcy procedure for the middle district of Florida. The rule has a requirement of 3 days in which to file orders issued by the court. It is respectfully presented that the notice sent out, to the wrong address, violated said local rule.

25. For any one of the above listed reasons or combination thereof, it is respectfully requested that the court enter an order: granting this motion; enlarging the time for Mr. and Mrs. Albanese to file an administrative expense claim; and providing any further relief the court deems just.

CERTIFICATION OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of this Motion and the exhibits and attached affidavits of Mr. and Mrs. Albanese were served today, August 3, 2007 by first class mail, postage prepaid upon James H. Post, Esq., Smith Hulsey & Busey, Esqs., 1800 Wachovia Bank Tower, 225 Water Street, Jacksonville, FL 32201; J.D. Baker, Esq., 4 Times Square, New York, NY 10036; Logan & Company, Inc., 546 Valley Road,

Upper Montclair, NJ 07043, and the original motion with original affidavits was mailed to Judge Jerry A. Funk, C/O Clerk of Bankruptcy Court, 300 N. Hogan Street, Jacksonville, Florida, 32202, for filing.

_____  
EDWARD S. DONINI, ESQ.  
P.O. Box 605  
New Smyrna Beach, FL 32170  
(386)760-1941  
Florida Bar # 0984787

Aug. 3, 2007  
Date



**Sedgwick**

Sedgwick Claims Management Services, Inc.
P.O. Box 24787, Jacksonville, FL 32241-4787
Telephone 904 419-5300   Facsimile 904 419-5365/5359

September 19, 2006

Ms. Ann Albanese
410 East Counttry Circle Drive
Port Orange, FL  32128

Re    Customer:    Ann Albanese
        Incident Date:  09/03/2006
        Location:    2304 New Smyrna Beach, FL
        File Number  A611208362-0001-01 015

Dear Ms. Albanese:

In order for Winn Dixie to evaluate your claim they need complete medical records and billings for the treatment you received or are receiving for any injury pertaining to this incident. Medical providers will not release this information without your written authorization.

If you will please complete the enclosed medical authorization and list all the medical providers on the "List of All Providers..." form I will write to them in order to obtain the information needed.

Winn-Dixie is self-insured. Your completion of this medical authorization is neither a guarantee of payment of medical bills nor an admission of liability on Winn-Dixie's part.

Thank you for your assistance and prompt attention to this. I can be reached on my toll-free number is 1-888-784-3470, extension 5356.

Sincerely,

*Rebecca Peters*
Rebecca Peters
Claims Examiner II


Encl.

**(Esta carta es en referencia al incidente que ocurio en Winn-Dixie. Por favor ponga un interprete en contacto con migo.)**

Obtaining the medical & wage loss information is for the purpose of evaluating this claim and does not assume liability on Winn-Dixie or Sedgwick Claims Management Services, Inc. to pay or reimburse any expenses incurred as a result of this incident.

EX. A

# EDWARD S. DONINI
# ATTORNEY AT LAW

| | | |
|---|---|---|
| Suite # 2 | MAILING ADDRESS | Fla. Bar 1993 |
| 610 Dunlawton Ave | P.O. Box 605 | Fed. Courts 1979 |
| Port Orange, FL, 32127 | New Smyrna Bch, FL, 32170 | N. J. Bar 1978 |
| (386) 760-1941 | | Former. State Atty. |
| | | Assoc. Trial Law. Amer |
| | | Fla. Bar Trial Section |

Rebecca Peters, Claims Examiner
Sedgwick Claims Mgt. Services
P.O. Box 24787
Jacksonville, FL 32241-4787

April 10, 2007

Dear Ms. Peters:       Re: Ann R. Albanese
                      D.O.Acc: 9/3/2006
                      Your File #: A611208362-0001-01-015

This attorney now represents Ann Albanese and her husband, Domenic, with regard to the injuries and damages sustained by them as a result of Mrs. Albanese's slip-and-fall accident which occurred at the New Smyrna Bch. Winn-Dixie store on the above date.

Evidently, there was a piece of plastic on the floor on which Mrs. Albanese slipped. She took a step with her left foot, stepped on the subject piece of plastic, her left foot went out from under her causing the fractures of her left ankle, when it twisted, and she landed on her right knee.

A gentleman, in the store, picked up the piece of plastic that Mrs. Albanese had slipped on, and handed that plastic to your store manager. IT IS HEREBY DEMANDED THAT SAID PIECE OF PLASTIC BE PRESERVED, BY YOUR AGENTS, FOR MY FUTURE EXAMINATION AND TESTING BY OUR LIABILITY EXPERT. Please inform my office, immediately, of the name and address of the present custodian of said evidence. That piece of plastic has never been in my clients' possession.

In accord with Fla. Stat. 627.4137 et seq, it is hereby requested that you forward all of the insurance information providing liability or med-pay coverage for this accident, including the limits of coverage and all policy numbers.

I will attempt to resolve the claims, of my clients, prior to the institution of formal litigation. I will also be obtaining all of the medical records and sending them to you as soon as possible.

On behalf of the Albanese family, thank you for your anticipated cooperation in this matter.

_[signature]_

EDWARD S. DONINI, ESQ.

CC: Mr. and Mrs. Albanese
ESD/arg

Ex. B

LAW OFFICES
# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
BEAU BOWIN
DAVID D. BURNS
STEPHEN D. BUSEY
CHARMAINE T. M. CHIU
ERIC W. ENSMINGER
J. RICE FERRELLE, JR.
EARL E. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
CHARLES H. KELLER
G. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
E. OWEN McCULLER, JR.
ERIC N. McKAY
MATTHEW P. McLAUCHLIN
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND M. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY RUSSELL
ELIZABETH M. SCHULE
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
LEE D. WEDEKIND, III
HARRY M. WILSON, III
ALLAN E. WULBERN

LLOYD SMITH
(1915-1987)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

May 16, 2007

Edward S. Donini, Esq.
P.O. Box 605
New Smyrna Beach, FL 32170

Re:   In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1, Chapter 11, Jointly Administered

<u>Ann R. Albanese</u>

Dear Mr. Donini:

We are in your receipt of your letter dated May 8, 2007.

Please be advised that, pursuant to the order entered by the Bankruptcy Court confirming the Joint Plan of Reorganization filed by the Debtors, as modified (the "Confirmation Order")(Docket No. 12440), the Debtors have been discharged from all debts arising prior to Confirmation, including all debts or claims arising against the Debtors between February 21, 2005 and November 21, 2006 ("Administrative Expense Claims"). Each creditor whose claim has been discharged is now barred, pursuant to Section 524(a) of the Code, from instituting or continuing any action or employing any process against the Debtors to collect or recover such debts.

Pursuant to the Confirmation Order, an Administrative Claims Bar Date Notice (Docket No. 12991) was sent to all parties in interest, including your client, advising them that administrative expense claims must be filed with the Bankruptcy Court on or before January 5, 2007 and that the failure to do so would result in their claim being time-barred and relinquished. Enclosed is a copy of page 31 of the certificate of service list evidencing service of the notice on your client. Further, the Debtors' Claims and Noticing Agent, Logan & Company, has confirmed that the notice was not returned undeliverable.

Ex. C

LAW OFFICES
# SMITH HULSEY & BUSEY

Edward Donini, Esq.
May 16, 2007
Page 2

    No timely application for an administrative expense claim was filed by or on behalf of Ms. Albanese with the Bankruptcy Court. As a result, her claim is now discharged and time-barred.

    Accordingly, any actions taken at this time to prosecute Ms. Albanese's discharged claim against the Debtors will be void as a matter of law and will constitute a violation of Section 524 of the Code and the Bankruptcy Court's Confirmation Order.

    Please call me if you have any further questions regarding this matter.

                        Yours truly,

                        James H. Post

JHP/mam
Enclosure
00566801

SERVICE LIST
Notice of (A) Entry of Order Confirming Plan of
Reorganization, (B) Occurrence of Effective Date
of Plan, and (C) Bar Dates for Filing claims Arising
before Effective Date and Other Administrative Claims

**DEBTOR:** WINN-DIXIE STORES, INC., ET AL.

**CASE:** 05-03817-3F1

CREDITOR ID: 61-03
ALABAMA POWER
600 NORTH 18TH STREET
PO BOX 2641
BIRMINGHAM AL 35291

CREDITOR ID: 546065-BI
ALABAMA POWER
C/O ACCT RECONCILIATION 6S-0107
PO BOX 2641
BIRMINGHAM AL 35291-0107

CREDITOR ID: 546066-BI
ALABAMA POWER CO
PO BOX 242
BIRMINGHAM AL 35292-0242

CREDITOR ID: 241838-12
ALABAMA POWER COMPANY
PO BOX 242
BIRMINGHAM, AL 35292-0242

CREDITOR ID: 279198-99
ALABAMA POWER COMPANY
C/O BALCH & BINGHAM LLP
ATTN: W CLARK WATSON/ERIC T RAY
1901 SIXTH AVE NO, STE 2600
PO BOX 306
BIRMINGHAM AL 35201

CREDITOR ID: 278835-99
ALABAMA POWER COMPANY
C/O BALCH & BINGHAM LLP
ATTN: W. CLARK WATSON
1901 SIXTH AVE N STE 2600
PO BOX 306
BIRMINGHAM AL 35201

CREDITOR ID: 403550-99
ALABAMA POWER COMPANY
C/O STICHTER RIEDEL ET AL
ATTN: E PETERSON/ E KETCHUM
110 EAST MADISON ST, STE 200
TAMPA FL 33602

CREDITOR ID: 546067-BI
ALABAMA RETAIL ASSOCIATION
PO BOX 240669
MONTGOMERY AL 36124

CREDITOR ID: 546068-BI
ALABAMA STATE BOARD OF PHARMAC
PO BOX 830956
DRAWER 1018
BIRMINGHAM AL 35283-0956

CREDITOR ID: 546069-BI
ALABASTER WATER BOARD
PO BOX 528
ALABASTER AL 35007-0528

CREDITOR ID: 241848-12
ALABASTER WATER BOARD
ATTN KATHY A PALMER
213 1ST STREET NO
ALABASTER, AL 35007-8767

CREDITOR ID: 535141-BA
ALACAN, HAYDEE
21971 SW 127TH AVENUE
MIAMI FL 33170

CREDITOR ID: 537624-BA
ALACAN, HAYDEE
C/O TACHER & PROFETA, P.A.
ATTN MARIO PROFETA, ESQ.
479 N.W. 27TH AVE
MIAMI FL 33125

CREDITOR ID: 546070-BI
ALACHUA COU BOARD OF COU COMMI
ATTN:DIR. FINANCE & ACCOUNTING
P.O. BOX 939
GAINESVILLE FL 32602

CREDITOR ID: 406321-MS
ALACK, JOHN J
18075 WOODSCALE ROAD
HAMMOND LA 70401-7849

CREDITOR ID: 546071-BI
ALAFAYA UTILITIES INC
PO BOX 160609
ALTAMONTE SPRINGS FL 32716-0609

CREDITOR ID: 383115-51
ALAGAP DATA SYSTEMS, INC
PO BOX 800107
LAGRANGE, GA 30240

CREDITOR ID: 546072-BI
ALAIN AGUILA
2740 NW 4 TERRACE
MIAMI FL 33125

CREDITOR ID: 546073-BI
ALAMANCE FOODS INC
PO BOX 402048
ATLANTA GA 30384-2048

CREDITOR ID: 241858-12
ALAMANCE FOODS INC
PO BOX 402048
ATLANTA, GA 30384-2048

CREDITOR ID: 546074-BI
ALAMANCE NEWS
PO BOX 431
GRAHAM NC 27253

CREDITOR ID: 546079-BI
ALARM CONTROL INC
3880 N 28TH TERRACE
HOLLYWOOD FL 33020-1118

CREDITOR ID: 241865-12
ALARM CONTROL INC
3880 N 28TH TERRACE
HOLLYWOOD, FL 33020-1118

CREDITOR ID: 395594-65
ALARMS PLUS
900-C PERIMETER PARK DRIVE
MORRISVILLE, NC 27560

CREDITOR ID: 383088-51
ALASCRIPT
PO BOX 749
NORTHPORT, AL 35476

CREDITOR ID: 535142-BA
ALBANESE, ANN
410 EAST COUNTTRY CIRCLE DRIVE
PORT ORANGE FL 32128

CREDITOR ID: 546080-BI
ALBANY COUNTY SCU
PO BOX 15301
ALBANY NY 12212-5301

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:   Ann R. Albanese and Domenic Albanese)   Case No. 05-03817-3F1

WINN-DIXIE STORES, INC. et al.,                ) Chapter 11

       Debtors.                                ) Jointly Administered

_____        ) Proof of Claim No. not assigned

### AFFIDAVIT OF DOMENIC A. ALBANESE IN SUPPORT OF MOTION TO DEEM APPLICATION FOR ADMINISTRATIVE EXPENSE TIMELY FILED OR TO ALLOW CLAIM TO PROCEED IN CIRCUIT COURT

I, Domenic A. Albanese, being of full age, duly sworn, according to my oath, do depose and swear:

1. My wife and I have been married since Jan. 25, 1997, happily and continuously. We have two children. We have lived at 410 E. Country Circle Drive, Port Orange, FL 32128 since July of 2005. We have never had a problem with our mail.

2. I have read the affidavit submitted by my wife and it is absolutely accurate. We received no other correspondence from Winn-Dixie or from Sedgwick except for the letter attached to my wife's affidavit as Ex. A, dated Sept. 19, 2006.

3. If we had received anything from Winn-Dixie or Sedgwick, we would have acted on it instantaneously. My wife has had problems walking and remaining on her feet since the date of this accident. The fracture of her left talus bone was a very serious event. She had to remain in a cast for over 3 months.

4. It is requested that we be exempted from the bankruptcy order or that we be allowed 30 days from the hearing of this motion in which to file the administrative claim or any other documents that we must file in the bankruptcy court.

5. The court will note from the exhibit set forth, by the defendant Winn-Dixie, that said sheet is a mailing list, ostensively mailed on Dec. 28, 2006, to the addresses listed. Please note that our address is incorrectly stated. The word 'Country" is misspelled. I have had experience with the postal service before where misspelled mail is not delivered. The matrix system, at the post office, immediately kicks out such a letter. If ordered by the court, I would be glad to appear and affirm all of these facts under oath if the court desires.

I swear the above facts are true. I am aware that if any are false I am subject to punishment.

_____          August 1, 2007
Domenic A. Albanese                                Date

## ACKNOWLEDGEMENT

STATE OF FLORIDA
COUNTY OF

Before me, the undersigned authority, personally appeared, Domenic A. Albanese, who is personally known to me, or who has produced photographic identification, and who, after first being duly sworn, deposes and says that he has read the foregoing Affidavit and, to the best of his knowledge and belief, all facts are true and correct.

SWORN AND SUBSCRIBED before me, this  1st  day of Aug. 2007.

_____
NOTARY PUBLIC, STATE OF FLORIDA

EDWARD  S.  DONINI

EDWARD S. DONINI
MY COMMISSION # DD 286469
EXPIRES: February 1, 2008
Bonded Thru Notary Public Underwriters

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:  Ann R. Albanese and Domenic Albanese)   Case No. 05-03817-3F1

WINN-DIXIE STORES, INC. et al.,          ) Chapter 11

      Debtors.                                 ) Jointly Administered

_____      ) Proof of Claim No. not assigned

### AFFIDAVIT OF ANN R. ALBANESE IN SUPPORT OF MOTION TO DEEM APPLICATION FOR ADMINISTRATIVE EXPENSE TIMELY FILED OR TO ALLOW CLAIM TO PROCEED IN CIRCUIT COURT

    I, Ann R. Albanese, being of full age, duly sworn, according to my oath, do depose and swear:

1. On Sept. 3, 2006, I was shopping at the Winn-Dixie in New Smyrna Beach, FL. After I went to leave the check out counter, I went to step with my left foot, the foot shot out from under me and I stumbled to catch my balance and fell on my right knee causing me to fracture the talus bone in my left foot. Afterward, while sitting on a bench, directly in front of the check out counter, a gentleman came up to my husband and I and handed the store manager a small piece of plastic. He stated that that was the piece of plastic I had slipped on. My husband was there when this occurred.

2. After the day of the incident, I received a telephone call from the manager of the store who gave me a phone number to call but he also told me that I would be getting a call from their adjustors regarding my injuries. Approximately one week later, I received a telephone call from someone at Sedgwick Claims saying that they were representing, or acting on behalf of, Winn-Dixie with regard to my injuries.

3. Shortly after the above occurred, we received the attached letter, dated Sept. 19, 2006 from Sedgwick Claims Management Services Inc.. As the court can glean

from the attached letter, dated Sept. 19, 2006, Sedgwick indicated to us that they would be investigating our claim and would compensate me for my medical bills and injuries. I also had telephone conversations with Ms. Peters of Sedgwick and the same indications were made, by her, to me and my husband.

4. A couple of weeks after the accident, I also had a conversation with Jeff, the manager of the store. He stated that Sedgwick Claims would be contacting me, regarding the payment of my medical bills and damages, but that they had originally recorded the case mistakenly as worker's comp. action.

5. Because of the pain in my ankle, and the fact that I could not walk on it, I reported to Halifax Medical Center and was treated. The hospital called me back and told me that the ankle was fractured. I had my leg in a cast and was also treated by Dr. Scott Silas, orthopedic surgeon.

6. Because of the fact that my foot was fractured, at the talus bone, and I had other complications, I did not send any medical bills or statements to Ms. Peters at Winn-Dixie, in accordance with her attached correspondence. Because my injuries were severe, I wanted to wait until my treatment was completed before I responded to her due to the fact that I did not know what my total medical bills and damages would be. Find attached one of the bills from Dr. Silas, Orthopedic Center of Volusia, which confirms that I had a fractured talus bone. I wore the cast into December of 2006. I still have problems with the foot when I am on it for a long period of time or attempting to engage in activities.

7. In February of 2007, we talked to Edward S. Donini, a friend and neighbor of ours, about my case. I have been having trouble walking on the foot and I know that there is nothing else that they can do for me. Because of the severity of my injuries, we thought it was necessary to retain the services of an attorney. On March 26, 2007, we entered into a retainer agreement with Mr. Donini to represent us in this case. On April 10, 2007, Mr. Donini sent a letter of said date to Rebecca Peters, the same claim examiner who had contacted us from Sedgwick Claims in September of 2006. As you can glean from Mr. Donini's letter, he was proceeding to attempt to settle all of our medical bills and damages.

8. As a result of Mr. Donini's letter, he received a telephone communication from Sedqwick, dated April 25, 2007, stating that they would honor the claim and that they had sent us a notice that we had to file something with the bankruptcy court, by Jan. 5, 2007 in order to preserve our claims.

9. When Mr. Donini received the information that our claim may have been included in a bankruptcy case, he wrote a letter to James Post, Esq., attorney for Winn-Dixie, concerning the status of our claim. In response to Mr. Donini's letter, the accord has the letter from Smith Hulsey and Busey, dated May 16, 2007. Because of the existence of said letter, we have filed this motion.

10. The letter from Mr. Busey had attached to it a list of people who were ostensively mailed some kind of notice. We never received such a notice. If we had received a notice saying that something had to filed by Jan. 5, 2007, in the bankruptcy court, we would certainly have complied with the notice. I have two years experience with the United States Trustee's Office in Maryland. I also have five years experience working for Ronald Cutler, Esq., as a debtor attorney, and I also have seven years experience working with the federal courts in Maryland as paralegal for ITT, a debtor in bankruptcy. I certainly would have complied with any notices and I would have certainly understood the importance of having the form filed by the due date of Jan. 5, 2007.

11. The only written communication we ever received, from Winn-Dixie or Sedgwick claims is the attached letter, dated Sept. 19, 2006.

12. The defendant has suffered no prejudice and the debtor, Winn-Dixie stores, has suffered no prejudice as a result of our motion. If the court gives us 30 days from the order emanating from this motion, in which to file the administrative claim or any other documents, with the bankruptcy court, we will comply with that order.

I swear the above facts are true. I am aware that if any are false I am subject to punishment.

_____          _____
Ann R. Albanese                                                            Date  8/1/07

ACKNOWLEDGEMENT

STATE OF FLORIDA
COUNTY OF

Before me, the undersigned authority, personally appeared, Ann R. Albanese, who is personally known to me, or who has produced photographic identification, and who, after first being duly sworn, deposes and says that she has read the foregoing Affidavit and, to the best of her knowledge and belief, all facts are true and correct.

SWORN AND SUBSCRIBED before me, this /ˢᵗ day of Aug. 2007.

_____
NOTARY PUBLIC, STATE OF FLORIDA
EDWARD S. DONINI



EDWARD S. DONINI
MY COMMISSION # DD 286469
EXPIRES: February 1, 2008
Bonded Thru Notary Public Underwriters