UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors. ) | | Jointly Administered |
| | ) | |

**AGREED ORDER RESOLVING CURE OBJECTION AND CLAIM NUMBER 9164 FILED BY REGENT INVESTMENT CORPORATION (STORE NO. 2626)**

This cause came before the Court on (i) the Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors") (Docket No. 8941), (ii) the Objection to Cure Amount Set Forth in Debtors' Second Omnibus Motion for Authority to Fix Cure Amounts filed by Regent Investment Corporation ("Regent") with respect to Store No. 2626 (the "Cure Objection") (Docket No. 9650) and (iii) the Twenty-Sixth Omnibus Objection to Claims Arising from Unexpired Leases of Non-Residential Real Property (I) That Have Been Assumed, (II) That Have Been Assumed and Assigned, or (III) That Are the Subject of Lease Termination Agreements filed by the Reorganized Debtors (Docket No. 12281) (the "Twenty-Sixth Omnibus Objection").

On November 30, 2006, the Court entered an order (Docket No. 12908) sustaining the Twenty-Sixth Omnibus Objection as to the proofs of claims listed on the exhibits to the order. On December 20, 2006, the Court entered an order (Docket No. 13344) correcting the Docket No. 12908 order and reclassifying claim number 9164 filed by Regent with respect to Store No. 2626 to administrative priority in the amount of $0.00. The allowance of claim

number 9164 as an administrative priority in the amount of $0.00 was in error. Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objection is overruled.

2. Proof of claim number 9164 filed by Regent is allowed as an administrative claim in the amount of $19,289.28, which the Reorganized Debtors have paid in full.

3. This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store No. 2626 filed by Regent in these Chapter 11 cases and (ii) all other pre-petition or pre-effective date claims pertaining to Store No. 2626 that Regent has or may have against the Reorganized Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

4. Post-effective date liabilities and obligations will be handled by the parties in accordance with the applicable lease terms and ordinary course practices.

5. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this _____ day of August, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00559175

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By  *s/ Harold M. Becker* *  　　　　By  *s/ Cynthia C. Jackson*
　　Harold M. Becker　　　　　　　　　Cynthia C. Jackson, F.B.N. 498882

222 Third Street S.E., Suite 230　　　225 Water Street, Suite 1800
Cedar Rapids, IA 52401　　　　　　　Jacksonville, Florida 32202
(319) 362-1911　　　　　　　　　　　(904) 359-7700
(319) 362-1295 (facsimile)　　　　　　(904) 359-7708 (facsimile)
hbecker@guaranty-bank.com　　　　　cjackson@smithhulsey.com

President of Regent Investment Corporation　　Co-Counsel for Reorganized Debtors


*Pro-se party has authorized his electronic signature.


00559175