UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**AGREED ORDER RESOLVING CURE OBJECTION
FILED BY WD HILLIARD, LLC, WD MIAMI, LLC AND
WD MONTGOMERY, LLC (STORE NOS. 142, 235 AND 531)**

This cause came before the Court on the Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts and (III) Grant Related Relief filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors") (Docket No. 8941) and the Limited Objection to Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief filed by WD Hilliard, LLC ("WD Hilliard"), WD Miami, LLC ("WD Miami"), WD Montgomery, LLC ("WD Montgomery") and Daniel G. Kamin Mandeville, LLC with respect to Store Nos. 142, 235, 531 and 1500 (the "Cure Objection") (Docket No. 9742). Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1.     The Cure Objection is overruled as to Store Nos. 142, 235 and 531.[1]

---

[1] This Agreed Order only resolves the Cure Objection as to Store Nos. 142, 235 and 531 and claim number 9632 filed by WD Hilliard (the landlord for Store No. 142), claim number 9633 filed by WD Hilliard on behalf of WD Miami with respect to Store No. 235 and claim number 9631 filed by WD Montgomery (the landlord for Store No. 531). This Agreed Order does not resolve the Cure Objection as to Store No. 1500 or claim number

2.      Proof of claim number 9632 filed by WD Hilliard with respect to Store No. 142 is allowed as an administrative claim in the amount of $14,132.85, $9,132.85 of which the Reorganized Debtors have paid to First Security Bank, National Association, as a lender to WD Hilliard.  Within fourteen (14) business days of entry of this Agreed Order, the Reorganized Debtors will pay Daniel G. Kamin[2] $5,000.00 in full satisfaction of any right to cure WD Hilliard and Daniel G. Kamin have or may have under 11 U.S.C. § 365 or otherwise with respect to Store No. 142.

3.      Proof of claim number 9633 filed by WD Hilliard with respect to Store No. 235 is allowed as an administrative claim in the amount of $24,483.23, $19,483.23 of which the Reorganized Debtors have paid to Daniel G. Kamin.  Within fourteen (14) business days of entry of this Agreed Order, the Reorganized Debtors will pay Daniel G. Kamin $5,000.00 in full satisfaction of any right to cure WD Hilliard, WD Miami and Daniel G. Kamin have or may have under 11 U.S.C. § 365 or otherwise with respect to Store No. 235.

4.      Proof of Claim number 9631 filed by WD Montgomery with respect to Store No. 531 is allowed as an administrative claim in the amount of $15,985.40, $10,985.40 of which the Reorganized Debtors have paid to Daniel G. Kamin.  Within fourteen (14) business days of entry of this Agreed Order, the Reorganized Debtors will pay Daniel G. Kamin $5,000.00 in full satisfaction of any right to cure WD Montgomery and Daniel G. Kamin have or may have under 11 U.S.C. § 365 or otherwise with respect

9640 filed by Daniel G. Kamin Mandeville, LLC (the landlord for Store No. 1500) or claim numbers 10076 and 10090 filed by Reassure America Life Insurance Co., as lender to Daniel G. Kamin Mandeville, LLC.

[2] Daniel G. Kamin purchased the membership interests in WD Hilliard, LLC (the landlord for Store No. 142), WD Miami, LLC (the landlord for Store No. 235) and WD Montgomery, LLC (the landlord for Store No. 531).  The Reorganized Debtors will remit all payments to be made pursuant to this Agreed Order to Daniel G. Kamin at 490 South Highland Avenue, Pittsburgh, Pennsylvania 15206.

to Store No. 531.

5.    This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store Nos. 142, 235 and 531 filed by WD Hilliard, WD Miami, WD Montgomery and Daniel G. Kamin in these Chapter 11 cases and (ii) all other pre-petition or pre-effective date claims pertaining to Store Nos. 142, 235 and 531 that WD Hilliard, WD Miami, WD Montgomery and Daniel G. Kamin have or may have against the Reorganized Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

6.    Post-effective date liabilities and obligations will be handled by the parties in accordance with the applicable lease terms and ordinary course practices.

7.    This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this ___ day of August, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this Order on all
parties in interest.

00565514.4

3

**Consent**

The undersigned parties consent to the entry of the foregoing Agreed Order.

SEYFARTH SHAW LLP                    SMITH HULSEY & BUSEY

By____*s/ Sara E. Lorber*\*_____      By____*s/ Cynthia C. Jackson*_____
    Sara E. Lorber                         Cynthia C. Jackson, F.B.N. 498882

55 East Monroe Street, Suite 4200        225 Water Street, Suite 1800
Chicago, Illinois 60603                  Jacksonville, Florida 32202
(312) 346-8000                           (904) 359-7700
(312) 269-8869 (facsimile)               (904) 359-7708 (facsimile)
slorber@seyfarth.com                     cjackson@smithhulsey.com

Counsel for WD Hilliard, LLC, WD Miami,    Co-Counsel for Reorganized Debtors
LLC, WD Montgomery, LLC and Daniel G.
Kamin

\*Counsel has authorized her electronic signature.

00565514.4

4