UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                              Chapter 11

WINN-DIXIE STORES, INC., et al.,                    Case No. 05-03817-3F1
                                                    Jointly Administered

     Reorganized Debtors.
_____/

## MOTION TO ENLARGE TIME FOR JANICE SHANK TO FILE AN APPLICATION FOR AN ADMINISTRATIVE EXPENSE CLAIM

Janice Shank, by and through her undersigned counsel, hereby files her Motion to Enlarge Time for Janice Shank to File an Application for an Administrative Expense Claim (the "Motion") and requests that this Court enlarge the time for her to file and application for an administrative expense claim. In support of her Motion, Janice Shank represents as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. §157.

3.      Venue of the Debtors' Chapter 11 cases and this Motion in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

4.      The statutory predicates for the relief sought herein include Sections 105(a), 503(a), and 1141 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

5.      The Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005.

6.      On February 22, 2005, this Court entered an order jointly administering the Debtors' Chapter 11 cases under Case No. 05-03817-3F1.

7.      Pursuant to an order of this Court, Smith Hulsey & Busey serves as counsel to the Debtors in their Chapter 11 cases.

8.      Sedgwick Claims Management Services Inc. ("Sedgwick") is the third party claims administrator for the Debtors. *See* July 18, 2006 letter from Felicia Holland, Claims Examiner with Sedgwick, to James M. Adams ("Sedgwick July 18 Letter") attached hereto as Exhibit A and incorporated herein by reference and March 27, 2007, letter from Felicia Crooms, Claims Examiner with Sedgwick, to James M. Adams ("Sedgwick March 27 Letter") attached hereto as Exhibit B and incorporated herein by reference.

9.      Janice Shank ("Ms. Shank") has an administrative expense claim against the Debtors in connection with extensive injuries she sustained to her back on June 4, 2006 when she was hit from behind with a forklift inside the Winn-Dixie store located at 2525 E. Hillsborough Avenue, Tampa, Florida (the "Store"). *See* Affidavit of Janice Shank ("Shank Affidavit") attached hereto as Exhibit C and incorporated herein by reference.

10.     Immediately following the accident, an employee of the Debtors filled out an incident report and took down Ms. Shank's information, including her address as listed on her driver's license. *See* Shank Affidavit.

2

11.     Ms. Shank followed-up with her doctor for treatment and eventually underwent surgery to repair her back. *See* Shank Affidavit.

12.     After the surgery, Ms. Shank continued to receive physical therapy for her injuries. *See* Shank Affidavit.

13.     Prior to the accident, Ms. Shank resided at 3008 E. Chelsea, Tampa, Florida 33610. *See* Shank Affidavit.

14.     After the accident, Ms. Shank moved to 3007 E. Chelsea, Tampa, Florida 33610. At the time of her move, Ms. Shank made a written request to the U.S. Postal Service to forward, for a period of one year, Ms. Shank's mail from 3008 E. Chelsea to 3007 E. Chelsea. *See* Shank Affidavit.

15.     On June 14, 2006, Ms. Shank retained James M. Adams ("Mr. Adams") of the Law Offices of James M. Adams, P.A. to represent her in filing a lawsuit against the Debtors in connection with the injuries she sustained as a result of the forklift accident. *See* Shank Affidavit and Affidavit of James M. Adams ("Adams Affidavit") attached hereto as Exhibit D and incorporated herein by reference.

16.     Mr. Adams did not file a notice of appearance or any other notice in the Debtors' bankruptcy cases directing the Debtors to provide notices to him in lieu of Ms. Shank. *See* Shank Affidavit and Adams Affidavit.

17.     On July 18, 2006, Felicia Holland of Sedgwick, on behalf of the Debtors, sent a letter to Mr. Adams acknowledging Ms. Shank's administrative expense claim. *See* Adams Affidavit and Sedgwick's July 18 Letter.

3

18.     The Debtors filed their Joint Plan of Reorganization on August 9, 2006, and their First Modification of Joint Plan of Reorganization on October 13, 2006 (collectively, the "Plan").

19.     The Plan was not served on Ms. Shank or Mr. Adams. *See* Shank Affidavit and Adams Affidavit.

20.     This Court entered an Order Confirming the Joint Plan of Reorganization (the "Confirmation Order") on November 9, 2006.

21.     January 5, 2007, was established as the administrative expense claims bar date (the "Bar Date").

22.     The Debtors were required to serve notice of entry of the Confirmation Order, the occurrence of the Effective Date of the Plan, and the Bar Date for filing administrative expense claims upon all parties in interest.

23.     On December 6, 2006, ***one month after*** the Confirmation Order was entered, the Debtors sent the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims (the "Bar Date Notice") to Logan & Company, Inc. ("Logan"), its notice agent, for service upon all parties in interest.

24.     On December 18, 2006, Kathleen Logan ("Ms. Logan") of Logan filed a Certificate of Service attesting that "on or about December 6, 2006" she mailed the Bar Date Notice to the parties listed on Exhibit A attached to the Certificate of Service [Docket No. 13200]. Ms. Shank is listed with an address of "3008 E. Chelsea, Tampa, Florida 33610" on

4

page 153 of Exhibit A attached to the Certificate of Service. In or about December 2006, Ms. Shank was still receiving her mail at 3007 E. Chelsea by virtue of the U.S. Postal Service's mail forward. *See* Shank Affidavit. Notwithstanding the listing of Ms. Shank on page 153 of Exhibit A attached to the Certificate of Service, Ms. Shank never received the Bar Date Notice. *See* Shank Affidavit.

25.    Mr. Adams is also listed on page 153 of Exhibit A attached to the Certificate of Service, however, Mr. Adams never received the Bar Date Notice. *See* Adams Affidavit.

26.    On January 18, 2007, Mr. Adams sent a demand package via Certified U.S. Mail, Return Receipt Requested, to Felicia Holland at Sedgwick. *See* Adams Affidavit and January 18, 2007, letter from Mr. Adams to Felicia Holland, Claims Examiner with Sedgwick, attached hereto as Exhibit E and incorporated herein by reference.

27.    On March 27, 2007, in response to Mr. Adam's January 18, 2007 correspondence, Felicia Crooms (formerly Felicia Holland) of Sedgwick sent correspondence to Mr. Adams advising him that Ms. Shank's claim was barred by the Bar Date and the Confirmation Order.

28.    Ms. Shank promptly retained the undersigned counsel to file this Motion and an application on behalf of Ms. Shank for an administrative expense claim. A copy of Ms. Shank's Application for Allowance and Payment of Administrative Expense Claim is attached hereto as Exhibit F and incorporated herein by reference.

## Relief Requested and Grounds Therefor

29.    By this Motion, Ms. Shank seeks the entry of an order enlarging the time for her to file an administrative expense claim against the Debtors.

30.    Injuries sustained from a post-petition tort committed by the debtor are entitled to administrative expense priority. *See Reading Co. v. Brown*, 391 U.S. 471 (1968). *See also, In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr. S.D. Fla. 1994). Since Ms. Shank's injuries occurred on June 4, 2006, sixteen (16) months after the Petition Date, but prior to confirmation of the Debtors' Plan, Ms. Shank's claim is entitled to administrative expense priority.

31.    Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court *for cause*." (emphasis added).

32.    The term "cause" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. However, the deadline provided in Section 503(a) of the Bankruptcy Code is not jurisdictional and the Bankruptcy Court has broad discretion to allow a tardy administrative expense claim in the interests of justice. *See In re Heartland Steel, Inc.*, 2003 WL 23100035 (Bankr. S.D. Ind. 2003).

33.    Ms. Shank submits that there are several grounds upon which this Court could find cause to enlarge the time for her to file an administrative expense claim.

6

I.    **The Debtors Failed to Provide Ms. Shank, a Known Creditor, With Actual Notice of the Bar Date**

34.    Known creditors are entitled to actual notice of the bar date. *See In re Anchor Glass Container Corporation*, 325 B.R. 892, 895 (Bankr. M.D. Fla. 2005); *In re Hillsborough Holdings Corporation*, 172 B.R. 108, 111 (Bankr. M.D. Fla. 1994); *In re The Charter Co.*, 113 B.R. 725, 727 (M.D. Fla. 1990); *In re R.H. Macy & Co., Inc.*, 161 B.R. 355, 360 (Bankr. S.D.N.Y. 1993) citing *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293 296 (1953). This is true even where the creditor may have actual knowledge of the pendency of the bankruptcy. *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293 296 (1953).

35.    A known creditor is one whose identity is either known or "reasonably ascertainable by the debtor. *In re Anchor Glass Container Corporation*, 325 B.R. 892, 895 (Bankr. M.D. Fla. 2005) citing *Tulsa Professional Collection Ser., Inc. v. Pope*, 485 U.S. 478, 490 (1988). A known claim arises from facts that would alert the reasonable debtor to the possibility that a claim might reasonably be filed against it. *In re Anchor Glass Container Corporation*, 325 B.R. 892, 895 (Bankr. M.D. Fla. 2005).

36.    Rule 2002(g) of the Bankruptcy Rules reinforces the requirement that known creditors are entitled to receive actual notice. It provides that a debtor shall send all notices directly to the creditor unless the creditor's agent directs otherwise in a request filed with the Bankruptcy Court. *See* Rule 2002(g) of the Bankruptcy Rules. *See also, In re R.H. Macy &*

*Co., Inc.*, 161 B.R. at 359 citing *In re Solvation, Inc.*, 48 B.R. 670, 673 (Bankr. D.Mass. 1985).

37.    The Debtors have had notice of Ms. Shank's claim since June 4, 2006, approximately seven (7) months prior to the Bar Date. Accordingly, Ms. Shank is a known creditor.

38.    As a known creditor, the Debtors were required to provide Ms. Shank with actual notice of the Bar Date since Mr. Adams did not file a notice of appearance or any other notice in the bankruptcy cases directing otherwise.

39.    In or about December 2006, when Logan purportedly mailed a copy of the Bar Date Notice to Ms. Shank, Ms. Shank was receiving all mail sent to her former address at her current address pursuant to the U.S. Postal Service's mail forward. *See* Shank Affidavit. Notwithstanding the listing of Ms. Shank on page 153 of Exhibit A attached to the Certificate of Service, Ms. Shank never received actual notice of the Bar Date. *See* Shank Affidavit.

40.    Notwithstanding the listing of Mr. Adams on page 153 of Exhibit A attached to the Certificate of Service, Mr. Adams never received actual notice of the Bar Date. *See* Adams Affidavit.

41.    Mr. Adams did not learn that January 5, 2007, was the Bar Date until March 27, 2007, when Mr. Adams received a letter from Felicia Crooms, Claims Examiner with Sedgwick, informing him that Ms. Shank's claim was barred.

8

42.    Courts have consistently ruled that when there is no notice of the claims bar date, a late claim is not barred. *In re Premier Membership Services, LLC*, 276 B.R. 709, 713 (Bankr. S.D. Fla. 2002).

43.    Therefore, the Debtors' failure to provide Ms. Shank, as a known creditor, with actual notice of the Bar Date is an independent and sufficient ground upon which this Court could find cause to enlarge the time for her to file an administrative expense claim.

44.    If the debtor knows of a creditor's claim and the debtor fails to give actual notice of the claims bar date, Section 1141 of the Bankruptcy Code does not discharge the debt of the creditor. *In re Anchor Glass Container Corporation*, 325 B.R. 892, 895-96 (Bankr. M.D. Fla. 2005) citing *In re Gencor Indus., Inc.*, 298 B.R. 902, 914-15 (Bankr. M.D. Fla. 2003) citing *In re Spring Valley Farms, Inc.*, 863 F.2d 832, 835 (11th Circ. 1989). Therefore, Ms. Shank's administrative expense claim is not discharged.

II.    **Diana Clark's Failure to Timely File an Application for an Administrative Expense Claim Was the Result of Excusable Neglect**

45.    Courts routinely apply the excusable neglect standard set forth in Bankruptcy Rule 9006(b)(1) in determining whether cause exists. *See In re Gottchalk*, 78 F.3d 593, 1996 WL 83877, *2 (9th Cir. 1996); *In re West Delta Oil Co.*, 2002 WL 506814, *4 (E.D. La. 2002); *In re Gurley*, 235 B.R. 626, 631-32 (Bankr. W.D. Tenn. 1999); *In re Reams Broadcasting Corporation*, 153 B.R. 520, 523 (Bankr. N.D. Ohio 1993); and *In re Aargus Polybag Co., Inc.* 172 B.R. 586, 589 (Bankr. N.D. Ill. 1994). *See e.g., In re Hillsborough Holdings Corporation*, 172 B.R. 108 (Bankr. M.D. Fla. 1994); *In re Bicoastal Corp.*, 147

B.R. 258, 261 (Bankr. M.D. Fla. 1992).

46.    Bankruptcy Rule 9006(b)(1) provides in pertinent part that:

> . . . when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion. . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

47.    The Supreme Court of the United States held that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388 (1993). The determination, the Court held, is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Among the factors court should consider are: (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.*

48.    The claimant is not required to prove that the tardily filed administrative expense claim was due to extraordinary circumstances. *See In re Singson*, 41 F.3d 316, 318 (7th Cir. 1994) (analyzing Bankruptcy Rule 9006(b)(1) in the context of an application for compensation of special counsel for services rendered beyond those approved by court).

49.    Applying the excusable neglect standard set forth in Bankruptcy Rule 9006(b)(1) and *Pioneer* to the instant case, cause exists to enlarge the time for Ms. Shank to file an administrative expense claim.

## No Prejudice to the Debtors

50.    There is no danger of prejudice to the Debtors in this case. The Debtors were well aware of Ms. Shank's claim prior to the Bar Date. The Debtors had been advised of the existence of Ms. Shank's claim prior to the Bar Date. In fact, the Debtors, through Sedgwick, acknowledged the existence of Ms. Shank's claim. Based upon principles of waiver and estoppel, the Debtors cannot acknowledge the existence of Ms. Shank's claim, not provide Ms. Shank with actual notice of the Bar Date, and then assert that her claim is barred.

51.    The Debtors may assert that the prejudice to them is significant because Ms. Shank's claim was not accounted for in the confirmed Plan. This argument lacks merit because courts have held that there is no prejudice to a debtor where the plan does not set aside money to pay the claim at issue. *See In re O'Brien Environmental Energy, Inc.,* 188 F.3d 116, 126 (3d Cir. 1999) ("We believe that *Pioneer* requires a more detailed analysis of prejudice which would account for more than whether the Plan set aside money to pay the claim at issue. Otherwise, virtually all late filings would be condemned by this factor." citing *In re R.H. Macy & Co.,* 166 B.R. 799, 802 (S.D.N.Y. 1994)).

**Delay and Impact on Judicial Proceedings are Minimal**

52.    The length of delay in filing Ms. Shank's claim is minimal.  Once Ms. Shank discovered the Bar Date, she took immediate action to retain the undersigned counsel and rectify the situation.

53.    The delay will not impact the efficient administration of the Debtors' bankruptcy cases as Ms. Shank's application can be dealt with in the ordinary course of the administration of the Debtors' bankruptcy cases along with all of the other timely filed applications.

**Delay Caused by Lack of Actual Notice to Ms. Shank and Was Not Within the Reasonable Control of Ms. Shank**

54.    The delay in filing Ms. Shank's claim was caused by the Debtors' failure to provide Ms. Shank, a known creditor, with actual notice of the Bar Date.  Therefore, the delay was not within Ms. Shank's control.

**Ms. Shank Acted in Good Faith**

55.    Ms. Shank has acted in good faith with respect to the assertion of her claim. Ms. Shank provided the Debtors with notice of her claim.  As soon as she learned that Sedgwick was asserting that her claim was barred because she did not timely file an application for an administrative expense claim with the Bankruptcy Court, she retained the undersigned counsel to prepare and file an application for an administrative expense claim and the instant Motion.

12

56.     It is the Debtors who appear not to have acted in good faith in this case.  The Debtors failed to provide Ms. Shank, a known creditor, with actual notice of the Bar Date and waited a month after the Confirmation Order was entered before forwarding the Bar Date Notice to Logan for service.  The Debtors' actions in delaying service of the Bar Date Notice were calculated to take advantage of the fact that most businesses are closed for extended periods of time at the holidays.  Mr. Adams did not learn that January 5, 2007, was the Bar Date until March 27, 2007, when he received a letter from Felicia Crooms of Sedgwick informing him that Ms. Shank's claim was barred.

**III.     The Debtors Failed to Mail the Bar Date Notice to Creditors and Parties in Interest in Accordance with Rule 2002(f) of the Local Rules of Bankruptcy Procedure for the Middle District of Florida**

57.     Rule 2002-1(f) of the Local Rules of Bankruptcy Procedure for the Middle District of Florida provides that "[i]f the Court directs an attorney for a party to serve an order, it shall be served within three (3) days of its having been entered by the Court and the attorney shall thereafter promptly file a proof of such service in accordance with the provisions of Local Rule 7005-1."

58.     The Confirmation Order was entered by this Court on November 9, 2006.  The Debtors waited nearly one month after the entry of the Confirmation Order to send the Bar Date Notice to Logan for service upon all parties in interest.  The Debtors' actions in delaying service of the Bar Date Notice for a month until the holiday season, whether intentional or not, has the appearance of taking advantage of the fact that most businesses are closed for extended periods of time at the holidays.  The Debtors' actions prejudiced the

13

rights of holders of administrative expense claims.

59.     The Debtors' failure to serve the Bar Date Notice in accordance with the Local Rules of this Court, thus causing prejudice the rights of holders of administrative expense claims, constitutes cause to enlarge the time for Ms. Shank to file an administrative expense claim.

WHEREFORE, Ms. Shank respectfully requests the entry of an order:

A.     granting this Motion;

B.     enlarging the time for her to file an administrative expense claim against the Debtors; and

C.     providing such other and further relief as is just and proper.


Dated August 20, 2007

/s/ Amy Denton Harris
Amy Denton Harris
Florida Bar No. 0634506
Stichter, Riedel, Blain & Prosser, P.A.
110 E. Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Facsimile: (813) 229-1811
Email: aharris@srbp.com
Attorneys for Janice Shank

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served

upon the following either electronically via the Court's CM/ECF system or by U.S. Mail on

this 20th day of August, 2007:

Stephen D. Busey, Esquire
James H. Post, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL   32202
Facsimile: (904) 359-7708

Matthew Barr, Esquire
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY   10005
Facsimile: (212) 822-5194

Elena L. Escamilla, Esquire
Office of the United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL   32801

/s/ Amy Denton Harris
Amy Denton Harris
Florida Bar No. 0634506

15