UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                     Chapter 11

WINN-DIXIE STORES, INC. et al.,                        Case No. 05-03817-3F1
                                                                                   Jointly Administered

    Reorganized Debtors.
_____/

**AFFIDAVIT OF JANICE SHANK IN SUPPORT OF MOTION
TO ENLARGE TIME FOR JANICE SHANK TO FILE
AN APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM**

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

    BEFORE ME, the undersigned authority, personally appeared Janice Shank, who, being duly sworn, deposes and states:

    1.    I am over 21 years of age and am otherwise *sui juris*. I make this affidavit of my own personal knowledge.

    2.    I make this affidavit in support of my Motion to Enlarge Time for Janice Shank to File an Application for An Administrative Expense Claim.

    3.    On June 4, 2006, I sustained extensive injuries to my back when I was hit from behind with a forklift inside the Winn-Dixie store located at 2525 E. Hillsborough Avenue, Tampa, Florida.

    4.    Immediately following the accident, an employee of the Debtors filled out an incident report and took down my information, including my address as listed on my driver's license.

    5.    I then followed-up with my doctor for treatment and eventually underwent surgery to repair my back.

    6.    After the surgery, I continued to receive physical therapy for my injuries.

**Exhibit "C"**

7. I have incurred substantial medical bills in connection with the surgery and follow-up physical therapy.

8. Prior to the accident, I resided at 3008 E. Chelsea, Tampa, Florida 33610.

9. After the accident, I moved to 3007 E. Chelsea, Tampa, Florida 33610. Upon moving, I made a written request to the U.S. Postal Service to forward, for a period of one year, my mail from 3008 E. Chelsea, Tampa, Florida 33610.

10. On June 14, 2006, I retained James M. Adams ("Mr. Adams") of the Law Offices of James M. Adams, P.A., to represent me in filing a lawsuit against the Debtors in connection with the injuries I sustained as a result of the forklift accident.

11. I am obligated to pay attorney fees and costs to Mr. Adams in connection with his representation of me.

12. I never asked Mr. Adams to file a notice with the Bankruptcy Court directing the Debtors to provide notices to him instead of me.

13. In or about December, 2006, I was receiving all of my mail at my current residence: 3007 E. Chelsea, Tampa, Florida pursuant to the U.S. Postal Service's mail forward.

14. The Debtors were on notice of my administrative expense claim because: (i) an employee of the Debtors took my information immediately following the forklift accident; (ii) the Debtors' third party claims administrator, Sedgwick Claims Management Services, Inc. ("Sedgwick") acknowledged my claim and assigned it a claim number and (iii) Sedgwick sent correspondence requesting information regarding my claim.

15. Notwithstanding the Debtors' notice of my administrative expense claim, I never received copies of the Plan, the Bar Date Notice, or any other document notifying

me that January 5, 2007, was the deadline for me to file an administrative expense claim against the Debtors.

16. In fact, in or about December, 2006, when Logan purportedly mailed a copy of the Bar Date Notice to me, I was receiving all mail sent to my former address at my current residence pursuant to the U.S. Postal Service's mail forward. Notwithstanding the Debtors' listing of me on page 153 of Exhibit A attached to the Certificate of Service, I never received actual notice of the Bar Date.

17. As soon as I learned from Mr. Adams that the Debtors were asserting that my claim was barred because I did not timely file an application for an administrative expense claim with the Bankruptcy Court, I retained Stichter, Riedel, Bain & Prosser, P.A. to prepare and file, on my behalf, an application for an administrative expense claim and a motion to allow the tardily filed claim.

FURTHER AFFIANT SAYETH NAUGHT.

*Janice Shank*
JANICE SHANK

Sworn to and subscribed before me on this 16TH day of August, 2007, by JANICE SHANK, who is personally known to me or who provided FL DL as identification and who did take an oath.

*Monica N. Canchola*
Notary Public
Monica N. Canchola
Commission #DD319537
Expires: May 16, 2008
Bonded Thru
Printed Name Atlantic Bonding Co., Inc.