UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

WINN-DIXIE STORES, INC., et al.,

Reorganized Debtors.

_____/

Chapter 11

Case No. 05-03817-3F1
Jointly Administered

### AFFIDAVIT OF JAMES M. ADAMS IN SUPPORT OF MOTION TO ENLARGE TIME FOR DIANA CLARK TO FILE AN APPLICATION FOR AN ADMINISTRATIVE EXPENSE CLAIM

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority, personally appeared, James M. Adams who, being duly sworn, deposes and states:

1. I am over 21 years of age and am otherwise *sui juris*. I make this affidavit of my own personal knowledge.

2. I am an attorney with the Law Offices of James M. Adams, P.A., located at 2708 W. Kennedy Boulevard, Tampa, Florida 33609.

3. I am duly authorized to practice law in the State of Florida.

4. I make this affidavit in support of Janice Shank's Motion to Enlarge the Time to File an Administrative Expense Claim.

5. On June 4, 2006, Janice Shank ("Ms. Shank") sustained extensive injuries to her back when she was hit from behind with a forklift inside the Winn-Dixie store located at 2525 E. Hillsborough Avenue, Tampa, Florida.

6. Ms. Shank followed-up with her doctor for treatment and eventually

Exhibit "D"

underwent surgery to repair her back.

7. After the surgery, Ms. Shank continued to receive physical therapy for her injuries.

8. Ms. Shank has incurred substantial medical bills in connection with the surgery and follow-up physical therapy.

9. On June 14, 2006, Ms. Shank retained me to represent her in filing a lawsuit against the Debtors in connection with injuries she sustained as a result of the forklift accident.

10. Ms. Shank is obligated to pay me for attorney fees and costs in connection with this representation.

11. I did *not* file a notice of appearance or any other notice in the Debtors' bankruptcy cases directing the Debtors to provide notices to me in lieu of Ms. Shank because Ms. Shank never asked me to do so.

12. I never received copies of the Plan, never personally saw the Bar Date Notice, or any other document notifying me that January 5, 2007, was the deadline to file an administrative expense claim against the Debtors, prior to the Claims Bar Date running.

13. On January 18, 2007, I sent a demand package via Certified U.S. Mail, Return Receipt Requested, to Felicia Holland at Sedgwick Claims Management Services, Inc. to resolve Ms. Shank's personal injury case.

14. I did not learn that January 5, 2007, was the bar date until March 27, 2007, when I received a letter from Felicia Crooms (formerly Felicia Holland) advising me of

the claims bar date.

15. Immediately upon learning of the claims bar date, Ms. Shank retained Stichter, Riedel, Blain & Prosser, P.A. to prepare and file an application for an administrative expense claim and a motion to allow the tardily filed claim.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JAMES M. ADAMS

SWORN TO AND SUBSCRIBED BEFORE ME this 16-7th day of August, 2007, by JAMES M. ADAMS, who is <u>personally known</u> or who produced _____ as identification and who did take an oath.

_____
Notary Public

Printed Name

Monica N. Canchola
Commission #DD319537
Expires May 16, 2008
Bonded Thru
Atlantic Bonding Co., Inc.