# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

## AGREED ORDER REGARDING
## CLAIM NO. 6807 FILED BY JAMES JETSON

This cause came before the Court upon the Debtors' Nineteenth Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims, (C) Workers Compensation Claims and (D) Workers Compensation Misclassified Claims (Docket No. 10689) (the "Objection") as it pertains to Claim No. 6807 filed by James Jetson (the "Claimant"). Based upon the consent of the parties appearing below, and it appearing to the Court that the proposed Agreed Order is for an agreed amount less than the $250,000 notice threshold established in the Claims Resolution Procedure and the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, as modified (the "Plan"), it is

ORDERED AND ADJUDGED:

1. The Objection as it pertains to Claim No. 6807 filed by the Claimant is resolved as set forth below.

2. Claim No. 6807 is reduced and allowed in the amount of $6,000.00 as a Class 16 Other Unsecured Claim under the Plan. As to Claim No. 6807 only, this Order amends and supersedes the disposition of Claim No. 6807 in the Order Disallowing (A) No Liability Claims, (B) No Liability Misclassified Claims, (C)

Workers Compensation Claims and (D) Workers Compensation Misclassified Claims, as Set Forth in the Debtors' Nineteenth Omnibus Claims Objection (Docket No. 11667).

3. This Agreed Order resolves all liabilities and obligations related to (i) any and all proofs of claim and administrative expense claims filed by the Claimant in these Chapter 11 Cases and (ii) all other pre-petition or pre-confirmation claims, whether known or unknown, the Claimant has or may have against the Reorganized Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

4. Pursuant to the Plan, distribution will be made on the reduced allowed Claim (i) to the person and address as set forth in the proof of claim form filed on behalf of the Claimant and (ii) at such time as required by the Plan.

5. The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Reorganized Debtors in this Court or in any other forum and pay all applicable court costs, if any.

6. The Reorganized Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability. The Claimant, not the Reorganized Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement, except those Medicare liens or claims released by the United States Department of Health and Human Services pursuant to the Agreed Order entered by this Court on March 9, 2007 (Docket No. 15439).

7. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 29 day of August, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By /s/ Leanne McKnight Prendergast
Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Attorneys for the Reorganized Debtors

00576140

JAMES A. JOHNSON, P.C.

By /s/ James A. Johnson
James A. Johnson

21 North Florida Street
Mobile, Alabama 36607

Attorney for Claimant