**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**ORDER ALLOWING INTERIM AND FINAL COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

This case came on for hearing on September 6, 2007 upon the applications of professionals for the allowance of interim and final compensation for services rendered and reimbursement of expenses incurred (collectively, the "Applications"). The Court has reviewed the Applications as well as the final reports filed by the fee examiner Stuart, Maue, Mitchell & Jones, Ltd. as to each professional. The Court finds pursuant to 11 U.S.C. §330 that the fees requested by the Applications represent reasonable compensation for actual, necessary services rendered and that the expenses requested represent reimbursement for actual, necessary expenses incurred. Without objection by the United States Trustee or any other interested party, it is

ORDERED AND ADJUDGED:

1.      The Applications are approved on a final basis to the extent provided in this Order.

2.      The Debtors are authorized to pay each professional all fees and expenses allowed by this Order and not previously paid within ten days of the entry of this Order.

3. Akerman Senterfitt is allowed interim compensation of $31,550.00 for professional services rendered and $3,712.19 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $501,760.00 for professional services rendered and $36,713.28 for reimbursement of expenses incurred during the period from April 22, 2005 through November 21, 2006.

4. Alvarez & Marsal, LLC is allowed interim compensation of $1,171,572.50 for professional services rendered and $1,026.16 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $3,071,572.50 for professional services rendered and $49,384.60 for reimbursement of expenses incurred during the period from March 4, 2005 through November 21, 2006.

5. The Blackstone Group L.P. is allowed interim compensation of $2,783,285.71 for professional services rendered and $17,641.93 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $9,568,338.00 for professional services rendered and $260,630.69 for reimbursement of expenses incurred during the period from February 21, 2005 through November 21, 2006.

6. Carlton Fields, P.A. is allowed interim compensation of $211,556.00 for professional services rendered and $24,734.81 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $1,870,513.40 for professional services rendered and

$126,044.51 for reimbursement of expenses incurred during the period from February 21, 2005 through November 21, 2006.

7. Deloitte Consulting LLP, as providers of systems and process readiness services related to fresh start accounting for the Debtors, is allowed interim compensation of $44,314.70 for professional services rendered and $5,930.01 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $275,324.10 for professional services rendered and $28,780.95 for reimbursement of expenses incurred during the period from March 14, 2006 through November 21, 2006.

8. Deloitte Consulting LLP, as in-store operational consultants for the Debtors, is allowed final compensation of $3,375,000.00 for professional services rendered and $393,353.00 for reimbursement of expenses incurred during the period from May 16, 2005 through January 31, 2006.

9. Deloitte Financial Advisory Services LLP, as providers of fresh start accounting services, is allowed interim compensation of $590,632.55 for professional services rendered and $33,266.70 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $1,099,370.25 for professional services rendered and $61,374.51 for reimbursement of expenses incurred during the period from March 14, 2006 through November 21, 2006.

10. Deloitte Tax LLP is allowed interim compensation of $237,843.50 for professional services rendered and $13,051.53 for reimbursement of expenses

incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $753,595.20 for professional services rendered and $34,583.40 for reimbursement of expenses incurred during the period from May 29, 2006 through November 21, 2006.

11. Deloitte & Touche LLP is allowed interim compensation of $1,417.50 for professional services rendered during the period from October 1, 2006 through November 21, 2006 and final compensation of $153,499.75 for professional services rendered and $6,190.98 for reimbursement of expenses incurred during the period from November 14, 2005 through November 21, 2006.

12. Houlihan Lokey Howard & Zukin Capital is allowed interim compensation of $4,914,717.50 for professional services rendered and $3,001.65 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $6,808,265.89 for professional services rendered and $98,511.93 for expenses incurred during the period from March 3, 2005 through November 21, 2006.

13. Jenner & Block LLP is allowed interim compensation of $59,091.50 for professional services rendered and $6,795.37 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $1,089,090.25 for professional services rendered and $87,341.46 for reimbursement of expenses incurred during the period from May 9, 2005 through November 21, 2006.

14. King & Spalding LLP is allowed interim compensation of $133,155.50 for professional services rendered and $539.49 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $3,355,812.05 for professional services rendered and $70,553.99 for reimbursement of expenses incurred during the period from February 21, 2005 through November 21, 2006.

15. Kirschner & Legler, P.A. is allowed final compensation of $290,049.00 for professional services rendered and $397.49 for reimbursement of expenses incurred during the period from February 22, 2005 through November 21, 2006.

16. KPMG LLP is allowed interim compensation of $638,503.00 for professional services rendered and $5,488.57 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $9,576,744.74 for professional services rendered and $235,352.01 for reimbursement of expenses incurred during the period from February 21, 2005 through November 21, 2006.

17. Milbank, Tweed, Hadley & McCloy LLP is allowed interim compensation of $285,648.40 for professional services rendered and $23,679.73 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $6,120,006.90 for professional services rendered and $473,461.66 for reimbursement of expenses incurred during the period from March 1, 2005 through November 21, 2006.

18. PricewaterhouseCoopers LLP is allowed interim compensation of $9,738.00 for professional services rendered and $796.67 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $1,363,229.38 for professional services rendered and $131,271.18 for reimbursement of expenses incurred during the period from February 22, 2005 through November 21, 2006.

19. Skadden, Arps, Slate, Meagher & Flom LLP is allowed interim compensation of $2,151,106.00 for professional services rendered and $40,098.85 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $18,497,004.25 for professional services rendered and $485,722.13 for reimbursement of expenses incurred during the period from February 21, 2005 through November 21, 2006.

20. Smith, Gambrell & Russell, LLP is allowed interim compensation of $534,412.00 for professional services rendered and $11,296.82 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $3,750,929.50 for professional services rendered and $105,692.04 for reimbursement of expenses incurred during the period from February 21, 2005 through November 21, 2006.

21. Smith Hulsey & Busey is allowed interim compensation of $521,453.50 for professional services rendered and $22,157.41 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $5,645,516.50 for professional services rendered and

$206,743.64 for reimbursement of expenses incurred during the period from March 28, 2005 through November 21, 2006.

22. Stuart, Maue, Mitchell & James, Ltd. is allowed interim compensation of $144,114.00 for professional services rendered and $1,590.70 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $1,541,562.00 for professional services rendered and $8,045.73 for reimbursement of expenses incurred during the period from December 1, 2005 through November 21, 2006.

23. Togut, Segal & Segal is allowed final compensation of $123,741.50 for professional services rendered and $1,882.81 for reimbursement of expenses incurred during the period from February 28, 2005 through November 21, 2006.

24. XRoads Solutions Group, LLC is allowed interim compensation of $736,057.50 for professional services rendered and $37,106.63 for reimbursement of expenses incurred during the period from October 1, 2006 through November 21, 2006 and final compensation of $21,138,756.30 for professional services rendered and $1,371,024.12 for reimbursement of expenses incurred during the period from February 21, 2005 through November 21, 2006.

25. This Order will be considered a separate order for each professional, and the appeal of the Order with respect to any professional will have no effect on the fees and expenses approved for any other professional.

Dated in Jacksonville, Florida, this ___6___ day of September, 2007.

Jerry A. Funk
United States Bankruptcy Judge

00578518