# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

### DEBTORS' FIRST REQUEST FOR PRODUCTION
### OF DOCUMENTS TO HYECHA AND LINC MARSHALL

Debtors, pursuant to Rules 7034 and 9014, Federal Rules of Bankruptcy Procedure, request that Hyecha B. Marshall and Linc Marshall produce and permit them to inspect and copy the documents specified below at the offices of Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, on October 8, 2007 at 9:30 a.m.

### Definitions and Instructions

A. "Claim" means (a) the right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, unsecured, known, unknown, asserted or unasserted, or (b) the right to an equitable remedy for breach of performance if

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, unsecured.

B. "Bar Date Notice" means the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Date for Filing Claims Arising Before Effective Date and Other Administrative Claims, served in the Debtors' Chapter 11 cases on or about December 6, 2006.

C. "Communication" or "communications" mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information, whether orally or face-to-face or by telephone, mail, personal delivery, document or otherwise.

D. "Debtor" or "Debtors" mean the debtors and debtors-in-possession in the jointly administered bankruptcy case styled *In re Winn-Dixie Stores, Inc., et. al.*; United States Bankruptcy Court, Middle District of Florida; Chapter 11; Case No. 05-03817-3F1, and the officers, directors, agents, servants, attorneys, and employees thereof, and anyone acting on their behalf, including, without limitation, Sedgwick Claims Management Services, Inc. and its employees and any one acting on its behalf.

E. "Documents" shall have the same meaning as in Rule 34, *Federal Rules of Civil Procedure* and shall include, without limiting the generality of the foregoing, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, including audio and video recordings and computer stored information such as word processing documents and e-mail. The foregoing definition includes originals and drafts of documents and all copies that are different in any way from the original.

The term "document" specifically includes materials or information recorded on computers, computer disks, compact disks, tapes or any other kind of magnetic media, regardless of the kind of media on which they are stored and regardless of whether the materials or information reside in an active file, a deleted file or a file fragment. Even nominally "deleted" files remain subject to discovery, and can be recovered. Debtors specifically request the opportunity to examine computers, computer disks, tapes, compact disks or any other forms of magnetic or electronic media, to retrieve even so-called "deleted" materials or information which would be responsive to the requests for production set forth below.

2

F.      No potentially discoverable information contained on your computer systems should be deleted or modified and procedures that may affect such data should not be performed unless all potentially discoverable data has been copied and preserved. The data to be preserved includes not just active data, but archival, backup and residual data.

G.      "Fernandez Affidavit" means the Affidavit of Frank F. Fernandez III filed in these cases on or about February 13, 2007.

H.      "Motion" means the Motion to Enlarge Time to File Administrative Claim Request filed by Hyecha B. Marshall and Linc Marshall (Docket No. 15141).

I.      "Relating or referring to" means constituting, comprising, containing, consisting of, setting forth, proposing, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

J.      "You," "your," and "yours" mean Hyecha B. Marshall and/or Linc Marshall, and their agents, servants, attorneys, employees and anyone acting on their behalf, including, without limitation, the Fernandez Firm and Frank F. Fernandez III, Esq. and their respective employees, agents and any one acting on their behalf.

K.      The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of this request any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

L.      In response to this request, you are required to furnish all information and documents in your possession, custody or control, or in the possession, custody or control of your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf. This request specifically includes documents in the possession, custody or control of your past or present attorneys.

M.      Pursuant to Rule 26(b)(5), Federal Rules of Civil Procedure, applicable to this matter pursuant to Rules 7026 and 9014, Federal Rules of Bankruptcy Procedure, identify each document that you withhold from production under any claim of privilege or other immunity, and for each such document please state:

       1.      The date of the document;

       2.      The author of the document;

       3.      The identity of each person who received or was furnished a copy of the document;

    4.  The subject matter of the document; and

    5.  Each ground upon which the privilege is claimed.

  N.  In the event documents responsive to these requests have been destroyed, you shall identify each such document and state the date upon which the document was destroyed; all known recipients of the document; the specific request contained herein to which the document would have been responsive; the general subject matter of the destroyed document; the name of all individuals known to you to have knowledge of the contents of the document; and the name of the individual or individuals who destroyed the document.

  O.  If subsequent to responding to this request for production you learn that this response is in some material respect incomplete or incorrect and the additional or corrective information has not otherwise been made known to Debtors during the discovery process or in writing, you are under a duty to supplement or correct the response, pursuant to Rule 26(e), Federal Rules of Civil Procedure, applicable to this matter pursuant to Rules 7026 and 9014, Federal Rules of Bankruptcy Procedure.

  P.  All documents containing written notations or marginalia, or which are in any way different from the original should be produced in addition to the original.

  Q.  All drafts of documents should be produced in addition to the final document.

.

**Documents Requested**

1. All documents relating or referring to your communications with the Debtors regarding your claim against the Debtors.

2. All documents relating or referring to notices received by you in connection with the Debtors' Chapter 11 cases.

3. All documents relating or referring to notices received by you from the Debtors.

4. All documents supporting, relating or referring to the contention set forth in the Motion that the Debtors "lull[ed] the Movants into a sense of security by virtue of ongoing negotiations for almost one (1) year."

5. All documents supporting, relating or referring to the contention set forth in the Motion that the Fernandez Firm received the Bar Date Notice on December 11, 2006.

6. All documents supporting, relating or referring to the contention set forth in the Motion that "The ambiguity of this [Bar Date] Notice, thus, resulted in confusion in the handling of the Notice at The Fernandez Firm."

7. All documents supporting, relating or referring to the contention set forth in the Motion that "the [Bar Date Notice] was inadvertently filed as correspondence on December 11, 2006, the day it was received, without being reviewed by Mr. Fernandez and without being calendared by the Firm's legal assistants."

8. All documents supporting, relating or referring to the contention set forth in the Fernandez Affidavit that "the [Bar Date] Notice was apparently placed

directly in the correspondence section of Ms. Marshall's main liability file by an unknown member of our law firm's staff."

9. All documents supporting, relating or referring to the contention set forth in the Fernandez Affidavit that "The ten (10) day delay in filing was beyond Mr. and Mrs. Marshall's control."

10. In addition to the documents requested in paragraphs 1 through 9 herein, all other documents supporting, relating or referring to the contentions set forth in the Fernandez Affidavit.

11. In addition to the documents requested in paragraphs 1 through 10 herein, all other documents supporting, relating or referring to the contentions set forth in the Motion.

12. All documents you may introduce into evidence at the trial on the Motion.

SMITH HULSEY & BUSEY

By   *s/ Leanne McKnight Prendergast*
     James H. Post
     Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Counsel for the Reorganized Debtors

## Certificate of Service

I certify that a copy of this document has been furnished electronically through the Court's cm/ecf system and by mail to Camille J. Iurillo, Esq., Iurillo & Associates, P.A., 600 First Ave. North, Suite 308, St. Petersburg, Florida, 33701 this 7th day of September, 2007.

                                        *s/ Leanne McKnight Prendergast*
                                              Attorney

00579661