**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et</u> <u>al</u>., | ) | *Chapter 11* |
| | ) | |
| Debtors | ) | Jointly Administered |

**RESPONSE OF HAMILTON COUNTY, TENNESSEE TO**
**DEBTORS' OMNIBUS OBJECTION TO ADMINISTRATIVE TAX CLAIMS**

Comes Hamilton County, Tennessee, claimant herein, and makes this response to the

Debtor's Omnibus Objection to Administrative Tax Claims filed on or about August 23, 2007,

response being due thereon on or before September 24, 2007.

Claimant is owed business personal property taxes relating to the tax year 2005 with

respect to the business personal property owned and maintained by the debtor at various locations

within Hamilton County, Tennessee.  Claimant has filed a Proof of Claim in this case with respect

to the same, as a secured claim inasmuch as sums owed are secured by a first lien on the debtors'

tangible business personal property (and now the sale proceeds presumably still segregated by

debtor).  Claimant's original filing was on June 20, 2005, and was Claim No. 4206.  On February

27, 2006, Claimant filed an amended claim deleting certain tax bills which had been paid by the

purchaser of certain locations of the debtor within said county.  The amended claim has apparently

been assigned No. 12950 in this proceeding.  It amends and supercedes the earlier Claim No. 4206.

Debtor has filed objections to the secured claims of claimant, claimant has filed expansive

responses, and the same have not been adjudicated.

Pursuant to a Notice of Bar Date for Administrative Claims, claimant also filed a timely request for payment of its administrative expense in this proceeding, being filed in this cause on or about January 4, 2007, in which it claimed administrative expense status for the prorated share of its overall unpaid 2005 tax claims. Claimant's theory is that the debtor enjoyed services from Hamilton County, Tennessee in its post-petition capacity from the date of the petition until the date its assets were sold or otherwise liquidated, the dates being respectively, February 21, 2005 and August 31, 2005, which period constitutes 52/100 of the entire tax year. All of the foregoing was set out in some detail in the said application of Hamilton County, Tennessee for payment of administrative claim.

The current present objection to the administrative expense claim of this claimant fails to articulate any basis upon which the objection is grounded and is therefore structurally defective and should be denied for failure to state a claim upon which relief can be granted. Substantively, the debtors' activity post-petition did enjoy the protection and services afforded by Hamilton County, Tennessee for 52 percent of the tax year 2005. The portion of unpaid taxes in total and without interest is in the amount of $15,431.00, and 52 percent of $15,431.00 results in an administrative claim in the amount of **$8,117.13**.

Therefore, claimant is entitled to be paid principal and delinquent interest on its secured claim from the proceeds of sale, but is also entitled to be paid as an administrative claimant as set out in its previous application for payment of administrative claim and in this response to the objection of the debtor.

Finally, this claimant has responded and participated in this case vigorously for quite a long period of time with respect to a fairly limited sum at stake. The claimant is charged by the governing body of Hamilton County, Tennessee to act vigorously to collect all legally owed taxes

including those involved in this case and has done so.  In the interest of economy and substantial

justice, claimant by counsel prays the Court's permission to participate in any hearing of the present

objection, as well as any hearing on the objection to the secured claim, telephonically rather than

in person at the Court.

WHEREFORE, Hamilton County, Tennessee prays the debtors' objection be denied;

that the debtor be ordered to pay its administrative expense claim; and that the claimant's counsel

be permitted to participate in hearings telephonically with the Court in an effort to deal with these

economically.

Respectfully submitted,

SPEARS, MOORE, REBMAN & WILLIAMS, P.C.


By: /s/Scott N. Brown, Jr.
     Scott N. Brown, Jr., Tenn. Bar No. 1212
     Attorneys for Hamilton County, Tennessee
801 Broad Street, Sixth Floor
P.O. Box 1749
Chattanooga, TN 37401-1749
Telephone - (423) 756-7000
snb@smrw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 14, 2007, a copy of the foregoing Response
of Hamilton County, Tennessee to Debtors' Omnibus Objection to Administrative
Tax Claim was filed electronically.  Notice of this filing will be sent by operation of
the Court's electronic filing system to all parties indicated on the electronic filing receipt.
Parties may access this filing through the Court's electronic filing system.  Copies have
also been sent by First Class U.S. Mail on this date to:

Cynthia C. Jackson, Esq.
Smith, Hulsey & Busey
225 Water Street, Ste. 1800
Jacksonville, FL  32202

(also to cjackson@smithhulsey.com and fax @904/359-7708)


SPEARS, MOORE, REBMAN & WILLIAMS, P.C.

BY: /s/Scott N. Brown, Jr.


F:\Library\users\CLIENTS\124898\0012\RspOmnibusObjAdmTxClms snb sg 9-12-07.wpd