UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 05-03817-3F1

In Re:

Chapter: 11
Jointly Administered

WINN-DIXIE STORES, INC., ET.AL.,

Reorganized Debtors

_____/

**MOTION (I) FOR RELIEF FROM BAR DATE FOR FILING CLAIMS ARISING BEFORE EFFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS, FROM SECTION 524 AND FROM ORDER CONFIRMING PLAN OF REORGANIZATION AND (II) TO ALLOW LATE FILED APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM OF SHARON HEDRICK**
(Post –Petition Personal Claim)

SHARON HEDRICK ("Claimant"), by and through the undersigned counsel, and pursuant to FRBP 9024, moves the court for entry of an order granting relief from the Notice of (A) Entry Of Order Confirming Plan Of Reorganization, (B) Occurrence Of Effective Date Of Plan, And (C) Bar Dates For Filing Claims Arising Before Effective Date And Other Administrative Claims ("Bar Notice"), for relief from 11 USC Sec. 524, and for relief from Order Confirming Joint Plan Of Reorganization Of Winn-Dixie Stores, Inc. And Affiliated Debtors ("Confirmation Order") and, pursuant to 11 USC Sec. 503 (a) and FRBP 9006 (b), authorizing Claimant to file the Application For Allowance Of

Administrative Expense Claim For Post-Petition Personal Injuries attached hereto as Exhibit "1" ("Application"), and in support thereof states as follows:

1. On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (the "Debtor"), filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

2. The debtor continued to operate and manage its business as a Debtor-In- Possession.

3. On November 9, 2006 Claimant suffered personal injury and damages when she was injured at the premises of the debtor situate at 7015 University Drive, Tamarac, Florida. As a proximate result of the injury claimant suffered damages exceeding the sum of $ 15,000.00, which claimant can substantiate through medical records and other proof.

4. 11 USC Sec. 503 provides for the allowance of administrative expense status. In addition, personal injury claims arising from a post petition tort committed by the debtor are entitled to administrative expense priority. See Reading Co. v. Brown, 391 U.S. 471, 485 (1968).

5. Claimant's claim accrued as a result of the business operations of the debtor subsequent to the filing of the petition but prior to the effective date. As such, this claim is entitled to administrative expense status pursuant to 11 USC Sec. 503.

6. On November 9, 2006 the court entered the Confirmation Order. This order established a bar date of January 5, 2007 for administrative expense applications.

7.     On December 6, 2006 the Bar Notice was issued establishing a bar date of January 5, 2007 for the filing of administrative expense applications.

8.     Despite the fact that the debtor prepared an incident report, and that Claimant's personal injury counsel, Michael E. Muchnick, exchanged correspondence with debtors claims manager (Sedgwick Claims Management Services, Inc.), neither Claimant nor Muchnick was ever provided with notice, written or oral, of the requirement to file an administrative expense claim, or of the bar date of January 5, 2007.  The affidavits of Claimant and Muchnick are attached hereto as Composite Exhibit "2".

9.     Claimant has been prejudiced by the failure to receive notice of the bar date from Sedgwick or any other party.

10.    The debtor will not be prejudiced by the late filing of the Application because the debtor had actual knowledge of Claimant's claim since November 9, 2006, pretended (through Sedgwick) to attempt to resolve the claim, and various matters are still open and being addressed in this case.

11.    FRBP incorporates Fed.R. Civ.P. 60(b), which, in pertinent part, authorizes a court to relieve a party from a judgment or order for mistake, inadvertence, excusable neglect, fraud, or …… any other reason justifying relief from the operation of the judgment.  The failure to Sedgwick or anyone else to provide notice to Claimant or her counsel justifies relief in favor of Claimant from the Confirmation Order, Bar Notice, and Section 524.

12.    11 USC Sec. 503(a) permits a claimant to tardily file an administrative expense claim for cause.  The deadline specified in Section 503

(a) is not jurisdictional and the term "cause" provides bankruptcy judges with the discretion to allow late filed administrative claims in the interests of justice. The refusal of Sedgwick or anyone else to provide notice to claimant or her counsel constitutes cause for the allowance of Claimant's claim.

13.    FRBP 9006(b)(1) authorizes a court to allow late filed claims resulting from excusable neglect stemming from inadvertence, mistake, or carelessness. Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993). "Excusable Neglect" is an equitable concept taking account of all relevant circumstances surrounding the parties omission. Id. Sedgwick's refusal to advise Claimant or Muchnick of the bar date explains why the claim is overdue and warrants allowance of the late filing of the administrative expense claim. The debtor will not be prejudiced by such allowance as it was aware of claimant's injury, and any damages will be paid in cash in accordance with the Joint Plan Of Reorganization

14.    Moreover, as a known creditor of the Debtor, Claimant was entitled to actual notice (not constructive notice) of the claims bar date before her claim could be extinguished. In re Hillsborough Holdings Corp., 172 B.R. 108 (Bankr. M.D. Fla. 1994); In re Premier Membership Services, LLC, 276 B.R. 709 (Bankr. S.D. Fla. 2002). Courts have consistently held that a late claim is not barred if there is no notice of the claims bar date. Id. As established by the affidavits attached hereto, neither Claimant nor Muchnick was provided with notice of the claims bar date. Therefore, regardless of whether Claimant had actual knowledge of the existence of this case, the Debtor was not discharged from the

debt of Claimant, who was known to Debtor, and who was not provided with notice of the administrative claims bar date.  <u>See</u> <u>In re Spring Valley Farms, Inc.</u>, 863 F. 2d 832 (11th Cir. 1989).

WHEREFORE, Claimant requests the entry of an order granting her relief from the Bar Notice and claims bar deadline, the Confirmation Order,  authorizing Claimant to file the Application, and deeming said Application as timely filed.


WE HEREBY CERTIFY that the foregoing motion was electronically filed through the CM/ECF system this 19 day of  Sept., 2007.  Copies of the foregoing motion were also served by U.S. Mail  this  19 day of Sept., 2007 on James Post, Esq., 225 Water Street, Suite 1800, Jacksonville, FL 32202; and Matthew Barr, Esq., 1 Chase Manhattan Plaza, New York, New York, 10005.


        LAW OFFICES OF TODD S. FRANKENTHAL  
        Counsel For Sharon Hedrick  
        One East Broward Blvd.  
        Suite 700  
        Fort Lauderdale, FL    33301  
        (954) 356-0464  
        TSKLAW01@bellsouth.net


        BY   /s/ Todd S. Frankenthal_____  
            Todd S. Frankenthal, Esq.  
            FBN.:  350451