UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 05-03817-3F1

In Re:

Chapter: 11
Jointly Administered

WINN-DIXIE STORES, INC., ET.AL.,

Reorganized Debtors

_____/

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM FOR POST-PETITION PERSONAL INJURIES BY SHARON HEDRICK

SHARON HEDRICK ("Claimant"), by and through the undersigned counsel, and pursuant to 11 USC Sec. 503, respectfully requests that the court enter an order approving this application for allowance of an administrative expense claim, and in support thereof states as follows:

1. On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (the "Debtor"), filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

2. The debtor continued to operate and manage its business as a Debtor-In- Possession.

3. On November 9, 2006 Claimant suffered personal injury and damages when she was injured at the premises of the debtor situate at 7015 University Drive, Tamarac, Florida. As a proximate result of the injury claimant



Ex. "1"

suffered damages exceeding the sum of $ 15,000.00, which claimant can substantiate through medical records and other proof.

4.    11 USC Sec. 503 provides for the allowance of administrative expense status. In addition, personal injury claims arising from a post petition tort committed by the debtor are entitled to administrative expense priority. See Reading Co. v. Brown, 391 U.S. 471, 485 (1968).

5.    Claimant's claim accrued as a result of the business operations of the debtor subsequent to the filing of the petition but prior to the effective date. As such, this claim is entitled to administrative expense status pursuant to 11 USC Sec. 503.

6.    On or about December 6, 2006 a notice was generated that established a bar date of January 5, 2007 for the filing of administrative expense applications.

7.    Neither Claimant nor her counsel was ever provided with notice, written or oral, of the requirement to file an administrative expense claim, or of the bar date of January 5, 2007.

8.    Claimant's medical expenses in connection with her accident at Winn Dixie total $ 17,871.00. A summary of the accident, and damages, is set forth on Exhibit "A" attached hereto. Claimant's non-economic damages are yet to be liquidated through trial, mediation, or otherwise.

9.    Claimant requests that the court enter an order allowing her post-petition personal injury claim as an administrative expense claim. Upon liquidation of the claim (pursuant to trial or settlement) claimant requests that the

court enter an order requiring the debtor to pay the allowed administrative expense claim in full.

WHEREFORE, Claimant requests that the court enter an order granting the relief requested, approving this application, and for such other and further relief as this court deems just and proper.

LAW OFFICES OF TODD S. FRANKENTHAL
Counsel For Sharon Hedrick
One East Broward Blvd.
Suite 700
Fort Lauderdale, FL   33301
(954) 356-0464
TSKLAW01@bellsouth.net


BY   /s/ Todd S. Frankenthal
    Todd S. Frankenthal, Esq.
    FBN.:  350451

DOCUMENT: F052207.795
OFFICE COPY

May 30, 2007

Sedgwick Claims Management Services, Inc.
P.O. Box 24787
Jacksonville, FL 32241-4787

RE: Our Client:        Sharon Hedrick
    Date Of Accident:  11/09/06
    Driver:            Winn Dixie # 326
    Claim Number:      A-611210414
    Our File Number:   PI-06-05060

Dear Ms. Sullivan:

In connection with the above-captioned case, enclosed herein please find copies of all medical bills and reports we have in our file to-date. As you can see, my client's medical bills are itemized as follows;

| | |
|---|---|
| Univ Hosp | $10,726.00 |
| Tamarac Rescue | N/C |
| Dr. Hale | $1,995.00 |
| Dr. Tobin | $1,140.00 |
| Dr. Ferro | $2,970.00 |
| Dr. Salehi | $1,040.00 |

TOTAL: $17,871.00

My client was pushing a shopping cart with groceries, as she turned the isle, the cart wheel locked up causing the cart and her to fall to the ground. She was transported to the hospital from the scene.

Considering the liability situation in this case, the severity of the impact, the amount of special damages, the nature and extent of the injuries, the present problems being experienced by my client, the impairment rating reflected in Dr. Tobin's Final Report and all other related aspects of this case, settlement demand is hereby made.



Ex. "A"

    Please review the file with a view towards settlement and contact me within the next two (2) weeks. If additional information is required for the proper evaluation of this file, please contact my office immediately.

    If you have any questions, please do not hesitate to call our office upon receipt of this correspondence.

                                    Very truly yours,

                                    Michael E. Muchnick

MEM/mel