## AFFIDAVIT OF SHARON HEDRICK

1.      I am Sharon Hedrick. I am over the age of twenty-one (21) years. The statements in this affidavit are based upon my personal knowledge.

2.      On November 9, 2006 I fell while shopping at the Winn-Dixie store located at 7015 University Drive, Tamarac, Florida, and sustained various personal injuries.  A Winn-Dixie representative prepared a report at the time of the accident.

3.      I never received any notice, either written or oral, advising me of any requirement to file a claim in the Winn-Dixie Bankruptcy case, or of a deadline to file such a claim.


FURTHER AFFIANT SAYETH NAUGHT.


_Sharon Hedrick_
Sharon Hedrick

State Of Florida
County Of Broward


I hereby certify that the foregoing instrument was acknowledged before me this 7 day of _Sept_ 2007 by Sharon Hedrick.  She is personally known to me or has produced _____ as identification and did take an oath.

NOTARY PUBLIC

SIGNATURE: _____

PRINT: _____

NOTARY PUBLIC-STATE OF FLORIDA
Maribel Garcia
Commission # DD358402
Expires:   SEP  27, 2008
BONDED THRU ATLANTIC BONDING CO., INC.

Composite Ex. "2"

## AFFIDAVIT OF MICHAEL E. MUCHNICK

1.      I am Michael E. Muchnick. I am over the age of twenty-one (21) years. I am the attorney representing Sharon Hedrick in connection with her accident at Winn-Dixie Stores, located at 7015 University Drive, Tamarac, Florida, on November 9, 2006. The statements in this affidavit are based upon my personal knowledge.

2.      I was admitted to practice law in the State Of Florida in 1980. My office address is 2883 Executive Park Drive, Suite 101, Weston, Florida 33331.

3.      On November 28, 2006 I provided written notice to Winn Dixie of the accident of Sharon Hedrick. A copy of my letter is attached to this affidavit as Exhibit "A".

4.      On or about January 5, 2007 Sedgwick Claims Management Services, Inc. responded in writing to my letter of November 28. A copy of Sedgwick's letter is attached to this affidavit as Exhibit "B".

5.      I sent additional correspondence to Sedgwick on January 10, 2007 and May 30, 2007. Copies of these letters are attached hereto as Composite Exhibit "C".

6.      At no point, up to and including my letter of May 30, 2007, did I receive notice from Sedgwick, or anyone else, of any requirement to file a claim in the Winn-Dixie Bankruptcy Case, or of a deadline to file such a claim. The first notice of any kind that I received regarding such a requirement is correspondence from Sedgwick of June 6, 2007, attached hereto as Exhibit "D".


FURTHER AFFIANT SAYETH NAUGHT.


                                                    Michael E. Muchnick

State Of Florida
County Of Broward

        I hereby certify that the foregoing instrument was acknowledged before me this __5__ day of __Sept.__, 2007 by Michael E. Muchnick. He is

personally known to me or has produced _____ as identification
and did take an oath.

**Todd S. Frankenthal**
Commission # DD571200
Expires August 1, 2010
Bonded Troy Fain - Insurance, Inc 800-385-7019

NOTARY PUBLIC

SIGNATURE: _____

PRINT: _____

D O C U M E N T :   F112806.755
O F F I C E     C O P Y

November 28, 2006

Winn Dixie Claims
P.O. Box  24787
Jacksonville, FL  32241-4787

ATTN: Melanie Martin

RE: Our Client:            Sharon Hedrick
    Date Of Accident:      11/09/06
    Owner:                 Winn Dixie
    Claim Number:          A-611210414
    Our File Number:       PI-06-05060

Dear Melanie Martin:

    This is to advise you that this office represents the above-named
individual in a claim for damages arising from of the above-captioned
incident.

    Our investigation reveals that this incident was caused solely by
negligence in the care, custody and control of your insured's
premises, without any fault on the part of our client.

    At this time, we ask that you disclose to us your insured's
limits of liability and any medical payments coverage that is
available to our client.

    Please contact my office upon receipt of this correspondence so
that we may discuss this matter.

    If we do not hear from you within a reasonable period of time, it
will be necessary for us to avail ourselves of our client's legal
prerogative.

    If you have any questions, please do not hesitate to call our
office upon receipt of this correspondence.

                        Very truly yours,


                        Michael E. Muchnick

MEM/mel



# Sedgwick

**Sedgwick Claims Management Services Inc**
P.O. Box 24787,  Jacksonville,FL 32241-4787
Telephone (888)784-3470 Facsimile (904)419-5365

January 05, 2007

Michael E. Muchnick
2883 Executive Park Dr. Suite 101
Ft. LauderdaleFL 33331

RE:    **Claimant:        Sharon Hedrick**
       **Date of Injury:11/09/2006**
       **Location:              Winn Dixie # 326**
       **7015 University Dr.**
       **Tamarac,FL 33321**
       **Division:      Miami**
       **Claim Number: A611210414-0001-01**

Dear Sir or Madam:

Sedgwick Claims Management Services, Inc., is the third-party administrator for Winn-Dixie Stores, Inc. Winn-Dixie Stores, Inc. is self-insured for Liability with a $2,000,000.00 retention. There is no medical payments coverage.

I am the examiner handling this claim. Please provide a status as to Sharon Hedrick's treatment and medical progress with medical records and bills to date. I will need your client to complete the enclosed Medical and/or Wage Authorization form and return it to me. Winn Dixie requires that I obtain your client's recorded statement before we make any decisions determining liability. Please contact the undersigned to arrange a convenient date and time to secure this information. If your client has already provided us with a recorded statement please disregard.  Should you fail to provide this information our liability decisions will be based solely upon the limited information available to us.

Thank you for your assistance and prompt attention to this matter.  If you have any questions feel free to contact me directly at (904)419-6716 extension 6716.

Sincerely,

Kelly Sullivan
General Liability Examiner II

Encl.

**Obtaining the medical & wage information is for the purpose of evaluating your claim and does not assume liability on Winn-Dixie or Sedgwick Claims Management Services, Inc. to pay or reimburse any expenses incurred as a result of this incident.**

**(Esta carta es en referencia al incidente que ocurio en Winn-Dixie.  Por favor ponga un interprete en contacto con migo.)**

" B "

D O C U M E N T :  F011007.940
O F F I C E   C O P Y

January 10, 2007

Sedgwick Claims Management Services, Inc.
P.O. Box 24787
Jacksonville, FL  32241-4787

ATTN: Kelly Sullivan

RE: Our Client:          Sharon Hedrick
    Date Of Accident:    11/09/06
    Claim Number:        A-611210414
    Our File Number:     PI-06-05060

Dear Ms. Sullivan:

     Please be advised that I am in receipt of your January 5, 2007
correspondence and thank you for same.  This will confirm that we have
set up a recorded statement on the 7th day of February, 2007 at my
office.  Enclosed please find all medical bills and reports I have in
my possession to date.  Our theory of liability is that as my client
was shopping in Winn Dixie with a loaded cart the wheels on the cart
locked up as she was trying to turn a corner and the cart turned over
causing her to impact the floor and the cart.

     If you wish any additional information prior to the statement,
please advise.

                         Very truly yours,


                         Michael E. Muchnick

MEM/meg


enclosure(s) (as noted)

D O C U M· E N T :   F052207.795
O F F I C E   C O P Y

May 30, 2007

Sedgwick Claims Management Services, Inc.
P.O. Box 24787
Jacksonville, FL   32241-4787

RE: Our Client:            Sharon Hedrick
    Date Of Accident:      11/09/06
    Driver:                Winn Dixie # 326
    Claim Number:          A-611210414
    Our File Number:       PI-06-05060

Dear Ms. Sullivan:

    In connection with the above-captioned case, enclosed herein
please find copies of all medical bills and reports we have in our
file to-date.  As you can see, my client's medical bills are itemized
as follows;

| | |
|---|---|
| Univ Hosp | $10,726.00 |
| Tamarac Rescue | N/C |
| Dr. Hale | $1,995.00 |
| Dr. Tobin | $1,140.00 |
| Dr. Ferro | $2,970.00 · |
| Dr. Salehi | $1,040.00 |

TOTAL: $17,871.00

    My client was pushing a shopping cart with groceries, as she
turned the isle, the cart wheel locked up causing the cart and her to
fall to the ground. She was transported to the hospital from the scene.

    Considering the liability situation in this case, the severity of
the impact, the amount of special damages, the nature and extent of
the injuries, the present problems being experienced by my client, the
impairment rating reflected in Dr. Tobin's Final Report and all other
related aspects of this case, settlement demand is hereby made.

Please review the file with a view towards settlement and contact me within the next two (2) weeks. If additional information is required for the proper evaluation of this file, please contact my office immediately.

If you have any questions, please do not hesitate to call our office upon receipt of this correspondence.

Very truly yours,

Michael E. Muchnick

MEM/mel

June 6, 2007

Michael Muchnick
2883 Executive Park Dr
Suite 101
Weston, FL 33331

Re: Claimant:      Sharon Hedrick
    Date of Injury:   11-9-06
    Location:        Miami
    Winn Dixie #:    326
    Claim Number:  A611210414

Dear Mr. Muchnick:

This will acknowledge receipt of your letter dated May 30, 2007.

Winn-Dixie emerged from bankruptcy on 11/21/06. All claims that Winn-Dixie Stores, Inc. were aware of that occurred between 02/22/05 and 11/21/06 were mailed a notice. Some specific groups of claimants were excluded, for example, third party claims where Winn-Dixie is indemnified or has no liability.

This notice stated that all requests for payment of an Administrative Claim or any Claim arising against the Debtors in this period must file an application with the Bankruptcy Court no later than January 5, 2007. Winn-Dixie also put advertisements in national and regional newspapers to notify claimants who had yet to notify us of their claim.

The deadline for filing your administrative expense claim has expired so we are unable to consider this claim. If you have any questions, please consult with a bankruptcy attorney.

Sincerely,

Kelly Sullivan
Sedgwick CMS
904-419-6716