# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

IN RE:

WINN-DIXIE STORES, INC., et al.,           CASE NO. 05-03817-3F1
                                                             Chapter 11
         Debtor.                           Jointly Administered

---

### RESPONSE OF ESCAMBIA COUNTY TAX COLLECTOR TO DEBTOR' OMNIBUS OBJECTION TO ADMINISTRATIVE TAX CLAIMS

COMES NOW, Janey Holley, the duly-elected Tax Collector in and for Escambia County, Florida (hereinafter, "Tax Collector"), and by and through her undersigned attorneys, and in Response to Debtor's Omnibus Objection to Administrative Tax Claims, filed on or about August 23, 2007, further says as follows:

1. Pursuant to a Notice of Bar Date for Administrative Claims, the Tax Collector filed a timely Request for Payment of its Administrative Expenses in this proceeding. The Request for Payment of an Administrative Expense by the Tax Collector for 2006 ad valorem taxes was filed on or about January 4, 2007.

2. The administrative expense sought by the Tax Collector was for ad valorem tangible personal property taxes for the 2006 calendar year in the principal amount of $91,419.93, together with interest thereon at the statutory rate.

3. The Objection to Administrative Expense Claim filed by the Debtor in this case does not state the basis upon which the objection is grounded and should therefore be denied. Nevertheless, ad valorem taxes on property of the Debtor in the years following the year in which the bankruptcy case is filed are administrative expenses pursuant to 11 U.S.C. § 503(b)(1)(B)(i).

4. Claims for administrative taxes are to be asserted by filing a "Request for Payment of Administrative Expense" as provided in 11 U.S.C. § 503(a).

5. Under applicable authority, administrative ad valorem tax claims in Florida are to be paid with interest at the rate provided by applicable state law.

6. The Tax Collector as a duly-elected constitutional officer in the State of Florida is obliged to collect duly-levied and assessed taxes and the Debtor, as a property owner subject to tax, is obligated to pay the tax the bankruptcy filing notwithstanding. *C.f.* 11 U.S.C. § 362(b)(18). The Debtor does not have the prerogative to simply not pay the ad valorem tax lien created under applicable law, a lien superior to all others on the property which is the subject of the tax. *See* § 197.22, Fla. Stat. (2006).

WHEREFORE, the Tax Collector prays that this Court shall consider the foregoing, the applicable authorities, and the administrative claim heretofore filed by the Tax Collector and overrule the Debtor's objection to same, authorize and direct the payment of

the Tax Collector's administrative claim, and grant such other and further relief as may be appropriate under the circumstances.

       /s/ Philip A. Bates
PHILIP A. BATES
PHILIP A. BATES, P.A.
25 West Cedar Street, Suite 550
Post Office Box 1390
Pensacola, FL  32591-1390
(850) 470-0091
Email: philipbates@bellsouth.net
Telephone: (850) 470-0091
Telecopier: (850) 470-0441
Attorney for Escambia County Tax Collector
Florida Bar No.:  228354

## CERTIFICATE OF SERVICE

The following parties were served either by electronic or standard first class mail, postage prepaid, on this 24th day of September, 2007:

Stephen D. Busey
James H. Post
Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

       /s/ Philip A. Bates
       PHILIP A. BATES