**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., *et al*.,

    Debtors.

Case No.: 3-05-bk-03817 (JAF)

Chapter 11

Jointly Administered

**MOTION FOR AN ORDER SETTING THE HEARING ON THE RENEWED MOTION OF JANET SCOTT TO DEEM APPLICATION FOR ADMINISTRATIVE <u>EXPENSE TIMELY FILED</u>**

*(Related Docket Event Number 17597)*
*(Related Adversary Proceeding Number 07-00254)*

Now Comes Janet Scott (the "Movant"), by and through her undersigned counsel, to file this, her Motion for an Order Setting the Hearing ("Motion to Set") on the Renewed Motion of Janet Scott to Deem Application for Administrative Expense Timely Filed ("Renewed Motion"), and as support therefor, says:

    1.    On May 24, 2007, the Movant filed *in proper persona* her motion to submit an untimely claim ("Motion to Submit Untimely Claim") in the above captioned Chapter 11 case (the "Main Case"). On July 31, 2007, the undersigned filed the Renewed Motion (Doc. No. 17597) (collectively, both the Motion to Submit Untimely Claim and the Renewed Motion shall be referred to herein as the "Motions to Allow"). A copy of the Renewed Motion is attached hereto as Exhibit A, and a copy of the Motion to Submit Untimely Claim is *attached to the Renewed Motion* as Composite Exhibit B. The relief requested by the Motions to Allow is predicated on excusable neglect. Winn-Dixie has not filed a response to either of the Motions to Allow.

2.	On October 2, 2007, Winn-Dixie Stores, Inc., as Reorganized Debtors, filed a two count adversary complaint against Movant and her counsel, Gail McKay, Esq., which alleged Movant and her counsel are violating the Court's Order Confirming the Debtor's Joint Plan of Reorganization (the "Confirmation Order") by continuing to prosecute the Movant's personal injury/bad faith claims against Winn-Dixie and Sedgwick CMS Inc. ("Sedgwick") in a Louisiana State Court forum (the "State Court Case"). *See*, *Winn-Dixie Stores, Inc. v. Janet M. Scott and Gail N. McKay (In re Winn-Dixie Stores Inc.*), Adversary No. 07-00254-JAF (the "Adversary Proceeding").

3.	Winn-Dixie then filed, in the Adversary Proceeding, Plaintiff's Motion for Preliminary Injunction ("Motion for Injunctive Relief") seeking injunctive relief pursuant to 11 U.S.C. § 105(a) (Adv. Doc. no. 3) prohibiting Movant and her counsel from prosecuting the State Court Case. A copy of the Motion for Injunctive Relief is attached as Exhibit B. In addition, and contemporaneously with filing the Motion for Injunctive Relief, Winn-Dixie filed a Notice of Hearing (unilaterally) setting the hearing on its Motion for Injunctive Relief for November 1, 2007 at 1:00 p.m.

4.	With the exception of certain averments related solely to Sedgwick, the Motions to Allow and the State Court Case seek to redress Movant for injuries she sustained as a result of a slip and fall incident that occurred on May 26, 2006 at the Winn-Dixie Store in East Baton Rouge Parrish, Louisiana. Because Movant's personal injury claim arose after the Petition Date but prior to entry of the Confirmation Order, her claim is an administrative expense claim under 11 U.S.C. § 503(a). *See*, *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla. 1994). The Motions to Allow request a finding from the Court that Movant's failure to timely file an

administrative expense claim was excusable neglect, and as a result, the Movant's tardy administrative expense claim is deemed timely filed, as provided under 11 U.S.C. § 503(a).[1]

5. The factual underpinnings of the Adversary Proceeding and Motion for Injunctive Relief are the same as those in the State Court Case and in the Motions to Allow. Movant asserts that if the Motions to Allow are granted, the Adversary Proceeding and the Motion for Injunctive Relief would be rendered moot.

6. The Motions to Allow, Motion for Injunctive Relief and the Adversary all turn upon the Court's decision to deem the Movant's administrative expense claim timely filed and should be heard at the same time. Despite the common set of operative facts, Winn-Dixie has refused to allow the related matters to be heard together.

7. Winn-Dixie (unilaterally) set the hearing on the Motion for Injunctive Relief on the Court's next Winn-Dixie omnibus hearing date, November 1, 2007. The undersigned has in good faith conferred with counsel for Winn-Dixie on several occasions regarding setting the Motions to Allow for the same date and time as the Motion for Injunctive Relief, but has been unsuccessful in obtaining Winn-Dixie's agreement.[2]

[this space intentionally left blank]

---

[1] 11 U.S.C.§ 503(a) states: "an entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause."

[2] Winn-Dixie has advised of its intention to file a motion to strike the notice of hearing for the Motions to Allow and consolidate the Adversary with the Motions to Allow. However, no such motion has yet been filed.

WHEREFORE, the Movant Respectfully requests the Court enter an order setting the Renewed Motion of Janet Scott to Deem Application for Administrative Expense Timely Filed for hearing before this Honorable Court for November 1, 2007 at 1:00 p.m.

WILCOX LAW FIRM

/s/ Brett A. Mearkle
Robert D. Wilcox
Fla. Bar No. 755168
Brett A. Mearkle
Fla. Bar. No 644706
6817 Southpoint Parkway
Suite 1202
Jacksonville, Florida 32216

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2007, I filed the foregoing **Motion to Set Hearing on Renewed Motion of Janet Scott to Deem Application for Administrative Expense Timely Filed** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq. and Leanne McKnight Prendergast, Counsel for the Reorganized Debtors, Matthew Barr, Esq., and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ Brett A. Mearkle
Brett A. Mearkle