*EXHIBIT A*

*To Motion to Set*

**UNUNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,                    Case No.: 3-05-bk-3817 (JAF)

          Debtors.                              Chapter 11

Jointly Administered

**RENEWED MOTION OF JANET SCOTT TO DEEM**
**APPLICATION FOR ADMINISTRATIVE EXPENSE TIMELY FILED**

Now Comes Janet Scott (the "Movant"), by and through undersigned counsel, to file this, her renewed motion for the entry of an order (the "Motion") deeming the Application for Administrative Expense Status (attached as hereto as Exhibit A) (the "Application") timely filed and in accordance with the Court's Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Doc. 12440), which, *inter alia*, established an administrative claims bar date of January 5, 2007 ("Administrative Claims Bar Date").

**BACKGROUND**

1.     On or about May 26, 2006, Movant sustained personal injuries as a result of a slip and fall accident that occurred at the Winn-Dixie Store # 1581 located at 5005 Church Street, Zachary, Louisiana (the "Winn-Dixie Store"). When the accident occurred, the Winn-Dixie Store was owned and operated by Winn-Dixie Stores, Inc. as debtor in possession.

2.     On or about June 20, 2006, Movant retained Gail N. McKay, Esq. ("Mr. McKay") of Baton Rouge, Louisiana (the "Firm") to prosecute any and all claims arising

from, among other actions, the negligence of Winn-Dixie in connection injuries sustained by the Movant.

3.    Shortly after their retention, Mr. McKay and/or associates of the Firm engaged in a dialogue regarding Movant's claims and injuries with the third-party administrator for Winn-Dixie, namely Sedgwick Claims Management Services, Inc. ("Sedgwick"). In fact, Sedgwick contacted Mr. McKay to obtain further information regarding the Movant's claims.  At no time did Sedgwick or Winn-Dixie inform Mr. McKay that on February 21, 2005, Winn-Dixie filed a petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Petition Date").

4.    On December 27, 2006, the Movant[1] received via regular U.S. mail a "complicated form" from the Untied States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court").  This form was dated December 1, 2006 and was not received by the Movant until December 27, 2006.  On December 28, 2006, Movant faxed to the Firm the form she received from the Bankruptcy Court, however, unbeknownst to the Movant, in observance of the 2006 holiday season, the Firm had closed its offices (as it does every year) starting December 24, 2006 through January 8, 2007.

5.    The form the Movant received was actually the notice advising Movant of the Administrative Claims Bar Date.  In essence the notice sent to the Movant, a Louisiana resident, who is not an attorney and unfamiliar with the legal system in general (including the nuances of the bankruptcy law) provided her with nine days including New Year's Eve and New Years Day to obtain counsel in Florida to file on her behalf an

---

[1]    Ms. Scott is an individual of limited means and education. Ms. Scott could not have understood the "complicated form" was, in fact, a notice informing her of a claims bar date in the Winn-Dixie Bankruptcy Case.

Application for Administrative Expense Status to preserve her claim. Nine days notice during the 2006 Holiday Season in which to prepare and file an Application for Administrative Expense Status for her claim in the Winn-Dixie Bankruptcy Case pending in Jacksonville, Florida is an unreasonable burden to place on any claimant; notwithstanding the fact the Movant in this case is a Louisiana resident and could not be expected to understand what the notice was advising.[2]

6.    Prior to December 27, 2006, neither the Movant nor Mr. McKay had received anything that would indicate Winn-Dixie had filed for relief under Ch. 11 of the Bankruptcy Code. Indeed, Mr. McKay on behalf of the Movant had exchanged information with Sedgwick, and discussed possible settlement of the Movant's claims against the Winn-Dixie Store. At no time during these discussions/negotiations did Sedgwick inform Mr. McKay that Winn-Dixie was, at all times material to the Movant's claim, operating as debtor in possession of the Winn-Dixie Store.

7.    On February 8, 2007, a Petition for Damages for Personal Injuries was filed by Mr. McKay on behalf of the Movant in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana in the case styled *Janet Scott versus Sedgwick CMS, Inc. and Winn-Dixie Stores, Inc. number 552,034, Section "24"* (the "Louisiana Case").

8.    Shortly thereafter, Mr. McKay received correspondence from the Debtors' attorney informing Mr. McKay of the Administrative Claims Bar Date. Winn-Dixie, Sedgwick, nor any other representative for Winn-Dixie or Winn-Dixie as debtor in

---

[2]    The last page of the notice sent to the Movant simply provides, in bold print "IF YOU HAVE ANY QUESTIONS CONCERNING THIS NOTICE, PLEASE CONTACT TANA COPELAND, LEGAL ASSISTANT, SMITH HULSEY & BUSEY PHONE 904-359-7850 EMAIL . . . ." The notice does not adequately convey the impact failure to timely file an Application would have upon the Movant's claim, nor does the notice advise the claimant that she promptly consult her attorney.

possession had provided the Firm notice of the Winn-Dixie Bankruptcy Case, the Confirmation Order, or the Administrative Claims Bar Date despite Sedgwick's <u>actual knowledge</u> that the Firm represented(s) the Movant. Instead, by information and belief, Winn-Dixie and/or Sedgwick provided the Clerk of Court and/or the Bankruptcy Notice Center with Mr. McKay's client's (the Movant) direct address. Accordingly, at any time prior to the Administrative Claims Bar Date, Mr. McKay was unaware that filing an "application for administrative expense status" was necessary to preserve the Movant's claim. In fact, the earliest Mr. McKay could have had received notice of the requirement to file a motion for administrative expense status for the Movant's claims was January 8, 2007, which was three days after the Administrative Claims Bar Date.

9.      Shortly after receiving the correspondence from Mr. Gay advising of the Administrative Claims Bar Date, the Movant, *in proper persona* (with the assistance of counsel), filed her Motion to Submit Untimely Filed Claim (Doc. 16531) on May 24, 2007, a copy of which is attached hereto as composite Exhibit B. As attested to by the Movant in her affidavit supporting the relief sought therein, Movant received the notice of the Administrative Claims Bar Date on December 27, 2006. The Movant's Motion to Submit Untimely Filed Claim has not yet been ruled on by the Court. As such, the Movant files this Renewed Motion to Deem the Application for Administrative Expense Status Timely Filed.

## MEMORANDUM OF LAW

It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (1968) (post-petition fire damages resulting from trustee's

negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr.S.D.Fla. 1994). Moreover, the Bankruptcy Code provides that "(a)n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." 11 U.S.C. § 503(a). In the case of a post-petition claim filed after a bar date, bankruptcy courts have used the "excusable neglect" standard of Fed. R. Bankr. P. 9006(b)(1) in the context of a Section 503(a) application for administrative expense. *See, In re: Bicoastal Corp.*, 147 B.R. 258 (MD. Fla. 1992); *In re: Reams Broad. Corp.*, 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993). In essence, the court is permitted to exercise its discretion "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the movant's control." *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507 U.S. 380 (1993).

In *Pioneer*, the United States Supreme Court explicitly rejected a narrow interpretation of the term "excusable neglect" under Rule 9006(b)(1). *Id.* at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control"). A post-petition claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *See, Banco Lation International v. Lopez (In re: Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (*citing Pioneer*); *See also In re: Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997).

As noted previously by this Court, *Pioneer* mandates a "balancing test" of four considerations. *See, In re: Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). Those

considerations include: (a) the reason for the delay and whether it was in control of the claimant; (b) the length of delay and potential impact on judicial proceedings; (c) the danger of prejudice to debtor; and (d) whether the claimant acted in good faith. *Id. at 646.*

### Movant's Failure to File Administrative Claim was Excusable Neglect

#### a.    Delay was Outside the Control of the Movant.

As set forth above, the earliest Mr. McKay could have acted on the Bankruptcy Court's notice of the Administrative Claims Bar Date was January 8, 2007, three days after the bar date passed. In fact, prior to the date of Mr. Gay's correspondence, Mr. McKay had no knowledge Winn-Dixie had invoked the protection of the Bankruptcy Court. By contrast, Winn-Dixie and Sedgwick both had actual notice of the Movant's claims and the Movant's attorney of record (Mr. McKay) well in advance of the Administrative Claims Bar Date; continued to negotiate the Movant's claims in a typical manner as if Winn-Dixie had not filed a petition for bankruptcy protection (e.g. did not inform Mr. McKay of the imposition of the automatic stay after the Petition Date); and did not inform Mr. McKay that this Court had exclusive jurisdiction over the Movant's claims. Neither the Movant nor Mr. McKay had any reason to believe it was necessary to apply to this Court for resolution of the claims asserted by the Movant in the Louisiana Case until Mr. McKay received correspondence from Winn-Dixie's bankruptcy counsel. As attested to by affidavit of Gail N. McKay, principal of the law firm of Gail N. McKay & Associates, Mr. McKay had no knowledge of the Administrative Claims Bar Date until after the bar date had passed. A copy of this affidavit is attached hereto as Exhibit C. As such, any delay in filing the Application was not within the control of the Movant.

6

b.      **Length of Delay and Potential Impact on Judicial Proceedings**

The Application is being filed promptly after the Firm received correspondence from Winn-Dixie's bankruptcy counsel, and after it has been made clear by claims representatives from Sedgwick that meaningful settlement discussions will not continue until after a motion for administrative expense status is filed. In addition, the Movant filed *in proper persona* her Motion to Submit Untimely Filed Claim on May 24, 2007. Because, *inter alia*, the Court has confirmed Winn-Dixie's Plan of Reorganization approved by the Winn-Dixie's creditors, the judicial proceedings in this case will not be affected substantially if the Court grants this Motion.

c.      **Prejudice to the Debtors**

There can be little, if any, prejudice to Winn-Dixie if the Application is deemed timely filed. Winn-Dixie had actual notice of the Movant's personal injury claims prior to the Administrative Claims Bar Date. Indeed, Winn-Dixie, through Sedgwick, engaged in significant discussions with Mr. McKay (or his Firm) regarding the value of the Movant's claims <u>and</u> has had an opportunity to independently evaluate the evidence against it through the exchange of medical records. Winn-Dixie knew the extent of any potential monetary exposure the Movant's claims presented prior to filing its Joint Plan of Reorganization, which provided for treatment of the Movant's claims.

Moreover, allowing the Application will not deprive Winn-Dixie of its ability to defend against the Movant's claims on the merits; on the other hand, <u>not</u> allowing the Application will deprive the Movant any and all recourse for her claims.

7

### d.    The Movant's Application is Filed in Good Faith

The Movant's actions in this case were, without question, undertaken in good faith. At no point have the Movant's delayed the reorganization process or otherwise "sat on their rights", and there is and can be no suggestion that they have acted improperly in any fashion.    Similarly, Mr. McKay's failure to file the Application prior to the Administrative Claims Bar Date cannot be attributed to him or to the Movant, as it was wholly unreasonable for Louisiana resident to timely file an Application with this Court within nine days of receipt during the 2006 Holiday Season.[3]

### Conclusion

Each of the foregoing equitable considerations weighs heavily in favor of the granting of the relief sought in this Motion.    Treatment of the Movant's Application as timely filed will permit Ms. Scott's claims to be resolved on the merits.    Such relief will in no way prejudice Winn-Dixie, Inc. or its Affiliated Debtors, and will serve to protect the Movant's rights to recover her damages, and is consistent with the letter and policy of the United States Bankruptcy Code.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

---

[3]    It should be also noted that there are apparently a number of claims in Louisiana where, similarly, the claimant's counsel did not receive notices of the Administrative Claims Bar Date.

**Wherefore,** Janet Scott requests that the Court enter an order:

(A)  deeming the Application attached as Exhibit "A" timely filed;

(B)  granting the Movant's any such other and further relief to which they

may be entitled.

Dated: July 31, 2007

**WILCOX LAW FIRM**

/s/Brett A. Mearkle

Brett A. Mearkle
Fla. Bar. No. 644706
6817 Southpoint Parkway
Suite 1302
Jacksonville, Florida 32216

### CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2007 I filed this **MOTION OF JANET SCOTT TO DEEM THE APPLICATION FOR ADMINISTRATIVE EXPENSE STATUS TIMELY FILED** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq., and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/Brett A. Mearkle

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Case No.: 3-05-bk-3817 (JAF)

Debtors.

Chapter 11

Jointly Administered

### APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS
### AND REQUEST FOR SERVICE OF JANET SCOTT

Now Comes Janet Scott (the "Applicant"), and seeks administrative expense status for her post-petition claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Specifically, Applicant request the entry of an order allowing the administrative expense described below and directing payment of such amount pursuant to the Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Doc.12440) and the provisions of the Debtors Joint Plan of Reorganization as confirmed. In support of her Application, the Applicant says:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2.      Winn-Dixie Stores, Inc. and its affiliated companies (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3.      On or about May 26, 2006, Applicant sustained personal injuries as a result of an accident that occurred at Winn-Dixie Store # 1581 located at 5005 Church Street, Zachary,

Louisiana (the "Winn-Dixie Store"), which is operated by Winn-Dixie Stores, Inc. (one of the Affiliated Debtors).

At the time of filing this Application, the Applicant has incurred more than $125,000.00 in damages, of which include, but is not limited to, medical bills and future medical expenses, etc. It is anticipated the Applicant's claims for pain and suffering may be well in excess of that amount. The Applicant can support through medical records and other evidence the damages she has sustained. The Applicant's damages may not be fully liquidated at this time.

## APPLICANT'S CLAIMS ARE ENTITLED TO
## ADMINISTRATIVE EXPENSE STATUS

4.      It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (1968) (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr.S.D.Fla. 1994).

5.      In this instance, the Applicant's claims arose from the business operations of Winn-Dixie after the Petition Date but prior to the Confirmation Order. As such, Applicant's claims are entitled to status as an administrative expense under 11 U.S.C. § 503(b), and the Applicant seek the entry of an order granting administrative status for the Applicant's claims, as described herein.

## REQUEST FOR FUTURE NOTICE

Applicant request that all future pleadings and notices regarding or affecting Applicants' claim be served upon the undersigned counsel and:

Gail N. McKay
Gail N. McKay & Associates

6707 Perkins Road
Baton Rouge, Louisana 70808

**Wherefore,** based upon the foregoing, Applicant respectfully requests that the Court

enter an order granting administrative status for the claims described herein and any and all

other relief the Court may deem appropriate.

Respectfully Submitted,

**Wilcox Law Firm**

/s/ Brett A. Mearkle
Brett A. Mearkle
Fla. Bar. No.644706
6817 Southpoint Parkway
Suite 1202
Jacksonville, Florida 32216

Gail N. McKay
Gail N. McKay & Associates
6707 Perkins Road
Baton Rouge, Louisana 70808

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2007 I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS AND REQUEST FOR SERVICE OF JANET SCOTT** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq., and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ Brett A. Mearkle

3

# COMPOSITE EXHIBIT B

Case 3:05-bk-03817-JAF    Doc 18557-1    Filed 10/18/07    Page 16 of 25
Case 3:05-bk-03817-JAF    Document 17597    Filed 07/31/2007    Page 15 of 24
Case 3:05-bk-03817-JAF    Document 16531    Filed 05/24/2007    Page 1 of 6

UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

F I L E D
JACKSONVILLE, FLORIDA

MAY 2 4 2007

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| IN RE: | * | CASE NUMBER: 05-03817-3F1 |
| | * | |
| WINN DIXIE STORES, INC. ET AL. | * | CHAPTER 11 |
| | * | |
| REORGANIZED DEBTORS | * | JOINTLY ADMINISTERED |
| | * | |

*************************************************************************
*************************************************************************

## MOTION TO SUBMIT UNTIMELY FILED CLAIM

NOW INTO COURT, in proper person, comes JANET M. SCOTT, who respectfully avers as follows:

1.

Mover was involved in a slip and fall on or about May 26, 2006, at Winn Dixie Store #1581 located in Baton Rouge, Louisiana.

2.

Mover was not aware that Winn Dixie filed for bankruptcy protection until she received via regular mail a form from bankruptcy court advising her about the bankruptcy proceedings. (See notice attached hereto as Exhibit B)

3.

Mover did not have enough time to file her claim due to the late notice as well as the timing of the notice being received during the holidays.

Case 3:05-bk-03817-JAF    Doc 18557-1    Filed 10/18/07    Page 17 of 25
Case 3:05-bk-03817-JAF    Document 17597    Filed 07/31/2007    Page 16 of 24
Case 3:05-bk-03817-JAF    Document 16531    Filed 05/24/2007    Page 2 of 6

4.

Mover attaches with this motion an affidavit attesting to the facts as set forth herein as exhibit A.

5.

Mover respectfully submits that good cause exists for her untimely filing as the deadline was less than 10 days after she received the letter from bankruptcy court.

WHEREFORE MOVER PRAYS that her motion be granted and that her claim be submitted in the above-captioned matter.

Respectfully submitted:

JANET SCOTT, In Proper Person

CERTIFICATE OF SERVICE

I, JANET SCOTT, do hereby certify that a copy of the above and foregoing pleading has bee served on Winn Dixie, through its attorney of record, this 21 day of May , 2007.

JANET SCOTT

Case 3:05-bk-03817-JAF    Doc 18557-1    Filed 10/18/07    Page 18 of 25
Case 3:05-bk-03817-JAF    Document 17597    Filed 07/31/2007    Page 17 of 24
Case 3:05-bk-03817-JAF    Document 16531    Filed 05/24/2007    Page 3 of 6

F I L E D
JACKSONVILLE, FLORIDA

**STATE OF LOUISIANA**

MAY 2 4 2007

**PARISH OF EAST BATON ROUGE**

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

## AFFIDAVIT

Before me, the undersigned notary, duly commissioned and qualified for the Parish of East Baton Rouge, State of Louisiana, personally came and appeared:

Janet Scott

who, first being by me duly sworn, declared that: She was involved in a slip and fall incident that occurred on May 26, 2006 in Winn Dixie store #1581 located at 5005 Church Street, Zachary, Louisiana. On July 19, 2006 via her attorney, Gail N. McKay, she placed Winn Dixie on notice that she had sustained injuries and was asserting a claim against Winn Dixie. On December 27, 2006 she received via regular mail a form from United States Bankruptcy Court in Jacksonville, Florida about the bankruptcy of Winn Dixie, Stores Inc. She faxed the document to the Law offices of Gail N. McKay on December 28, 2006. However, she subsequently discovered that the Law office of Gail N. McKay was closed for the holidays from December 24, 2006 through January 8, 2007. Affiant further states that she had never received any notice from the Bankruptcy Court about Winn Dixie's bankruptcy prior or her need to assert a claim in said bankruptcy prior to December 27, 2006.

_____
JANET SCOTT

SWORN TO AND SUBSCRIBED BEFORE ME, NOTARY, at Baton Rouge, East Baton Rouge Parish, Louisiana, on this 21st day of May, 2007.

_____
NOTARY PUBLIC
CHARLES K. DIEL  BARROLL #26626



PLAINTIFF'S
EXHIBIT

"A"

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al.,[1] | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

### NOTICE OF (A) ENTRY OF ORDER CONFIRMING PLAN OF REORGANIZATION, (B) OCCURRENCE OF EFFECTIVE DATE OF PLAN, AND (C) BAR DATES FOR FILING CLAIMS ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS

**TO:    ALL PARTIES IN INTEREST**

**PLEASE TAKE NOTICE THAT:**

1.    On November 9, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") entered its Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order"). Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated August 9, 2006, as modified by the First Modification to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated October 10, 2006 (together, the "Plan"). Copies of the Confirmation Order and the Plan may be obtained by accessing http://www.loganandco.com or http://www.flmb.uscourts.gov.

2.    The conditions to consummation of the Plan set forth in Section 10.2 of the Plan were satisfied (or waived) on November 21, 2006. Thus, in accordance with the terms of the Plan, the Plan became effective on November 21, 2006 (the "Effective Date"). All references in the Plan and the Confirmation Order to the Effective Date are to November 21, 2006.

3.    In accordance with Section 12.1 of the Plan, subject to the provisions of paragraph 4 below, all requests for payment of an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006, (other than as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4, or 12.5 of the Plan) must be made by application filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors and the Post-Effective Date Committee no later than **January 5, 2007**, which is the date forty-five (45) days after the Effective Date. The filing of an application must be made via the Bankruptcy Court's electronic filing procedures (electronic filing is mandatory for all attorneys) or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202. The service of an application on counsel for the Reorganized Debtors must be made by delivery of a copy upon James Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: jpost@smithhulsey.com; and service of an application on counsel for the Post-Effective Date Committee must be made by delivery of a copy upon Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com. In the event that the Reorganized Debtors object to an application, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. **Subject to the provisions of paragraph 4 below, an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006 that is not asserted in an application filed and served no later than January 5, 2007, shall be forever barred and deemed waived and relinquished in full, and the Reorganized Debtors shall have no obligation to pay such Claim.**

PLAINTIFF'S
EXHIBIT
"B"

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Case 3:05-bk-03817-JAF   Doc 18557-1   Filed 10/18/07   Page 20 of 25
Case 3:05-bk-03817-JAF   Document 17597   Filed 07/31/2007   Page 19 of 24
2006-12-28 09:30   Case 3:05-bk-03817-JAF   Document 16531   Filed 05/24/2006500 Page 5 of 6   P 3/3

4.   Notwithstanding the provisions of paragraph 3, (a) no application seeking payment of an Administrative Claim or any Claim arising between February 21, 2005 and November 21, 2006 is required with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business; *provided, however,* that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; and (b) no application is required with respect to Cure owing under an executory contract or unexpired lease if the amount of Cure is fixed or proposed to be fixed by order of the Bankruptcy Court pursuant to a motion to assume and fix the amount of Cure filed by the Debtors and a timely objection asserting an increased amount of Cure filed by the non-Debtor party to the subject contract or lease.

5.   In accordance with Section 12.2(a) of the Plan, all final requests for payment of Professional Fee Claims pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Reorganized Debtors, their counsel, counsel to the Creditors Committee or the Post-Effective Date Committee, the fee examiner, and other necessary parties-in-interest **no later than January 22, 2007,** which date is sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. No hearing shall be held on an application for a Professional Fee Claim until the fee examiner has completed and filed a report with respect to the Professional Fee Claim. Objections to such applications must be filed and served on the Reorganized Debtors, their counsel, and the requesting Professional or other entity on or before the date that is thirty (30) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the later of (i) the date on which the applicable application was served or (ii) the date on which the fee examiner's report with respect to the applicable Professional Fee Claim was filed.

Dated:  December 6, 2006

D. J. Baker
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square, New York, New York 10036

Co-Counsel for Reorganized Debtors

Stephen D. Busey
James H. Post, Cynthia C. Jackson, Leanne Prendergast
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800, Jacksonville, Florida 32202

Co-Counsel for Reorganized Debtors

# IF YOU HAVE QUESTIONS CONCERNING THIS NOTICE, PLEASE CONTACT:

### TANA COPELAND
### LEGAL ASSISTANT
### SMITH HULSEY & BUSEY
### PHONE: 904-359-7850
### EMAIL: tcopeland@smithhulsey.com

WDX-537115-EF-BA

ID Number: A611204701-0001-01

SCOTT, JANET
20818 LEVITICUS DR.
ZACHARY LA 70791

UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NUMBER: 05-03817-3F1 |
| | * | |
| WINN DIXIE STORES, INC. ET AL. | * | CHAPTER 11 |
| | * | |
| REORGANIZED DEBTORS | * | JOINTLY ADMINISTERED |
| | * | |

*****************************************************************************
*****************************************************************************

ORDER

Considering the above and foregoing motion,

IT IS HEREBY ORDERED that the motion to file untimely claim is GRANTED.

Signed this _____ day of _____, 2007.


_____
JUDGE, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

# EXHIBIT C

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

AFFIDAVIT OF GAIL N. MCKAY

Before me, the undersigned authority personally appeared Gail N. McKay, being duly sworn did depose and say as follows:

1.    I, Gail N. McKay (the Law Firm), Louisiana Bar No. 9359 was retained by Janet Scott on June 20, 2006 in connection with a personal injury incident that occurred on May 26, 2006 at the Winn-Dixie Store # 1581 located at 5005 Church Street, Zachary, Louisiana.

2.    Shortly after I was retained by Mrs. Scott, but before December 27, 2006, the Law Firm had been in contact with Sedgwick Claims Management Services, Inc. ("Sedgwick"), the third party administrator for Winn-Dixie, for the purposes of exchanging contact information and to reach a possible settlement for Mrs. Scott's claim prior to the filing of a Petition for Damages for Personal Injuries. At no time during any of these discussions between the Law Firm and Sedgwick did Sedgwick inform the Law Firm that Winn-Dixie Inc. had filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. The Law Firm and Sedgwick exchanged information regarding Mrs. Scott's claim, which included, but was not limited to medical treatment status and wages of Mrs. Scott before December 27, 2006.

3.     On December 27, 2006 Mrs. Scott received via regular mail a form from United States Bankruptcy Court in Jacksonville, Florida, via Tana Copeland, about the bankruptcy of Winn Dixie, Stores Inc. She faxed the document to the Law Firm on December 28, 2006. However, she subsequently discovered that the Law Firm was closed for the holidays from December 24, 2006 through January 8, 2007. Mrs. Scott had never received any notice from the Bankruptcy Court about Winn Dixie's bankruptcy prior or her need to assert a claim in said bankruptcy prior to December 27, 2006. Moreover, this Law Firm is not licensed to practice in the State of Florida.

4.     On February 8, 2007, a Petition for Damages for Personal Injuries was filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana by the Law Firm on behalf of Mrs. Scott's seeking redress against Winn-Dixie in the case styled *Janet Scott versus Sedgwick CMS, Inc. and Winn-Dixie Stores, Inc., Number 552,034, Section "24"* (the "Louisiana Case").

5.     Neither affiant nor any personnel affiliated with the Law Firm received any notice from Sedgwick or Winn-Dixie Inc, that Winn Dixie filed a petition for relief under Chapter 11 of the United States Bankruptcy Code or the imposition of the automatic stay; an affirmative defense of dischargeability due to bankruptcy was not affirmatively plead in Winn Dixie's answer in the Louisiana Case.

6.     I, nor the Law Firm, was given notice of the Winn-Dixie Bankruptcy Case, the Confirmation Order, or the Administrative Claims Bar Date until I received correspondence from David Gay.

Every statement contained in the above and foregoing affidavit is true and correct to the best of my knowledge as of this _26t_ day of _June_ , 2007.

_____
Gail N. McKay

Sworn and subscribed before me on this the _21st_ day of _June_ , 2007.

_____
Notary Public