*EXHIBIT B*

*To Motion to Set*

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                    )

WINN-DIXIE STORES, INC., *et al.*,        )

       Reorganized Debtors,   )

_____   )

WINN-DIXIE STORES, INC.,                  )

       Plaintiff,             )

   v.                                     )

JANET M. SCOTT and GAIL N. MCKAY,         )

       Defendants.            )

_____   )

CASE NO. 05-03817-3F1

Chapter 11

Jointly Administered

Adv. No. 07-ap-00254-JAF

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, Winn-Dixie Stores, Inc. moves the Court, pursuant to 11 U.S.C. §105(a) and Rule 7065, Federal Rules of Bankruptcy Procedure, for a preliminary injunction that enjoins defendants from continuing their actions in violation of the permanent injunction imposed by 11 U.S.C. § 524 and the Confirmation Order and the injunctive provisions of the Debtors' Chapter 11 Plan, and says:

### Background

1.     On February 21, 2005, Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed petitions for reorganization

under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended, in the United States Bankruptcy Court for the Southern District of New York. [1]

2.      On April 13, 2005, the Debtors' Chapter 11 cases were transferred to this Court, where they were assigned Case No. 05-3817-3F1, jointly administered.

3.      At all times material to this motion, Sedgwick Claims Management Services, Inc. ("Sedgwick") has served as the Debtors' claims administration agent.

## The Injunctive Provisions of Winn-Dixie's Chapter 11 Plan

4.      The Debtors' Joint Plan of Reorganization (the "Plan") was confirmed by the Court by entry of an order dated November 9, 2006 (Docket No. 12440) (the "Confirmation Order"). Pursuant to the Confirmation Order, the provisions of the Plan are binding on all holders of Claims.

5.      Pursuant to Sections 524 and 1141 of the Bankruptcy Code and the Confirmation Order, the Debtors were discharged from all debts arising out of or relating to claims which existed on or before the date of the confirmation of the Plan. In addition, the Confirmation Order permanently enjoined all persons from asserting or taking any action against the Debtors with respect to or in furtherance of the discharged claims.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

6.    Pursuant to Sections 12.15(a) and (b) of the Plan, creditors were also enjoined from taking any action against Winn-Dixie's agents (including Sedgwick) for any act or omission in connection with, relating to or arising out of the Chapter 11 Case:

> No holder of a Claim ... shall have any right of action against any of the Debtors ... or any of their respective ... agents, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case ... or administration of the Plan ... except for acts or omissions which are the result of fraud, gross negligence or willful misconduct.

7.    In addition, pursuant to Section 12.14(a) of the Plan, creditors were further enjoined from commencing any action contrary to or inconsistent with the provisions of the Plan:

> [A]s of the Effective Date, all Persons that ... may hold, or allege they hold a Claim or any other debt or liability that is discharged ... are permanently enjoined from taking any of the following actions against the Debtors ... on account of such discharged Claims, debts or liabilities ... commencing or continuing any action ... in any place or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

8.    Pursuant to Section 11.1 of the Plan, this Court retained exclusive jurisdiction over all matters "arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law."

### The Bar Date for Filing Administrative Claims

9.    On December 6, 2006, in accordance with the Confirmation Order, a notice of entry of order confirming plan of reorganization and a bar date for filing administrative claims was served by mail to all parties in interest, including defendant Janet M. Scott (Docket No. 12991) (the "Administrative Claim Bar Date Notice").

3

Copies of the Administrative Claim Bar Date Notice and the relevant pages of the certificate of service evidencing service on defendant Scott are attached as Exhibits A and B, respectively.

10.    The Administrative Claim Bar Date Notice notified parties in interest that (i) all administrative claims were required to be filed with the Bankruptcy Court on or before January 5, 2007, and (ii) the failure to file a timely administrative claim would result in the claim being time-barred and relinquished.

11.    No application for administrative expense claim was filed with this Court by or on behalf of defendant Scott on or before January 5, 2007.

### Defendants' Violations of 11 U.S.C. § 524, the Confirmation Order and the Injunctive Provisions of Winn-Dixie's Chapter 11 Plan

12.    On February 8, 2007, defendant Gail N. McKay, an attorney representing defendant Scott, filed a lawsuit against Winn-Dixie and its agent, Sedgwick, in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana (the "State Court Action").

13.    The State Court Action seeks damages against both Winn-Dixie and Sedgwick for defendant Scott's personal injury accident which allegedly occurred at a Winn-Dixie store on May 26, 2006.

14.    The relief sought against Sedgwick in the original State Court Action was based upon the erroneous allegation that Sedgwick had issued a policy of liability insurance to Winn-Dixie. Thus, the defendant alleged, Sedgwick was liable *in solido* with Winn-Dixie for the claim asserted in the State Court Action.

15.    By letter dated February 28, 2007, counsel for Winn-Dixie informed defendants that (i) the alleged debt which Scott sought to collect in the State Court Action

has been discharged, (ii) the continued prosecution of the State Court Action constituted a violation of Section 524 of the Bankruptcy Code and the Confirmation Order entered by the Court and (iii) the failure to dismiss the State Court Action would result in the filing of an action to enforce the Debtors' rights. A copy of the February 28 letter is attached as Exhibit C.

16.    In subsequent communications from Sedgwick, the defendants were also informed that Sedgwick was the Debtors' claims administration agent – not an insurer.

17.    Notwithstanding the February 28 letter and other communications, the defendants refused to dismiss the State Court Action.

18.    Instead, the defendants filed an amended complaint in the State Court Action on August 15, 2007 against both Winn-Dixie and Sedgwick. In the amended complaint, the defendants allege that Sedgwick had contracted with Winn-Dixie to provide "risk management" and "similar activities" "such that Sedgwick contributed," through its "negligent" actions or inactions to "the conditions that caused" the alleged injuries to defendant Scott, and that Sedgwick was therefore liable *in solido* with Winn-Dixie for the resulting damages. A copy of the amended complaint is attached as Exhibit D.

19.    The defendants also served discovery on Sedgwick in the State Court Action demanding that Sedgwick (i) produce documents from its claim administration file and (ii) make its claims adjuster and a supervisor available for depositions.

20.    The prosecution of the State Court action by the defendants, including their discovery demands, constitutes an intentional violation of the permanent injunction provisions of the Bankruptcy Code and the Plan.

21.    Sedgwick has demanded that the Debtors defend and indemnify it in the State Court Action pursuant to its agreement with the Debtors. The claims asserted by defendants against Sedgwick in the State Court Action, therefore, have also resulted in an indemnification claim by Sedgwick against the Debtors.

22.    The defendants' prosecution of the State Court Action against the Debtors and its agent are based upon alleged acts or omissions relating to or arising out of the Debtors' Chapter 11 cases. As a result, the actions of the defendants are:

(a)    barred by Section 12.15(a) of the Plan and constitute violations of the injunction provisions of Section 12.15(b) of the Plan;

(b)    permanently enjoined pursuant to Section 12.14(a) of the Plan;

(c)    improper attempts to recover a discharged debt in a foreign forum contrary to this Court's retention of jurisdiction under Section 11.1 of the Plan; and

(d)    contrary to and in violation of the discharge provisions of the Bankruptcy Code and the provisions of the Plan, including Sections 11.1, 12.15(b) and 12.14(a).

23.    After Winn-Dixie's February 28, 2007 notice to defendants of the discharge of the debt asserted in the State Court Action, defendants continued their unlawful prosecution of the State Court Action including, without limitation, their propounding of a document request and the scheduling of depositions of Sedgwick representatives.

24.    On May 24, 2007, defendant Scott filed a Motion to Submit Untimely Filed Claim (Docket No. 16531) (the "Motion to File a Late Claim"). On July 31, 2007,

6

defendant Scott filed a Renewed Motion of Janet Scott to Deem Application for Administrative Expense Timely Filed (Docket No. 17597) (the "Renewed Motion to File a Late Claim"). The Motion and the Renewed Motion have not yet been set for hearing before the Court.

25.     In blatant disregard of the permanent injunction recognized in their own Motion and Renewed Motion to File a Late Claim, the defendants continued their prosecution of the State Court Action and other actions to establish and collect the alleged debts from the Debtors and their agent, and these actions constitute willful violations of Sections 1141 and 524(a) of the Bankruptcy Code and the Confirmation Order entered by this Court.

26.     In fact, on September 5, 2007, defendants filed a motion to compel discovery from Sedgwick. This motion has been set for hearing by the state court for October 9, 2007. A copy of the order setting the motion to compel for hearing is attached as Exhibit E.

27.     On October 2, 2007, Plaintiff provided defendants with a copy of the complaint filed in this adversary proceeding and demanded that Defendants (i) cancel the hearing on the motion to compel in the State Court Action and (ii) cease and desist from prosecuting the State Court Action pending the outcome of this adversary proceeding. Defendants have failed and refused to comply. A copy of the letter is attached as Exhibit F.

28.     By this motion, Plaintiff is seeking a preliminary injunction which prohibits defendants from prosecuting the State Court Action until the resolution of this adversary proceeding or further order of this Court.

## An Injunction is Necessary and Appropriate to
## Carry Out the Provisions of the Bankruptcy Code

The Court has the authority to issue preliminary injunctions pursuant to Rule

7065, Federal Rules of Bankruptcy Procedure, which makes Rule 65, Federal Rules of

Civil Procedure, applicable to adversary proceedings. *Jotan, Inc. v. Barnett (In re Jotan,*

*Inc.)*, 229 B.R. 218, 221 (Bankr. M.D. Fla. 1998). Bankruptcy courts are also

empowered by Section 105 of the Bankruptcy Code to issue orders that are necessary and

appropriate to carry out the provisions of the Bankruptcy Code.

For injunctions issued pursuant to Section 105, the traditional showing for

injunctive relief need not be made:

> Since injunctions in bankruptcy cases are authorized by
> statute, the usual equitable grounds for relief, such as
> irreparable damage, need not be shown.

> *Garrity v. Leffler (In re Neuman)*, 71 B.R.
> 567, 571 (S.D. N.Y. 1987).

*See also In re L & S Indus.*, 989 F.2d 929, 932 (7th Cir. 1993) (pursuant to Section 105,

moving party need not establish all of the traditional requirements for the issuance of an

injunction, but must show likelihood of success on the merits); *Hillsborough Holdings*

*Corp. v. Celotex Corp. (In re Hillsborough Holdings Corp.)*, 123 B.R. 1004, 1015

(Bankr. M.D. Fla. 1990) (there is some support for the proposition that the debtor who

seeks relief under Section 105 need not meet each element generally required for a

preliminary injunction under Rule 65).

In any event, several of the traditional requirements for the issuance of an

injunction also exist in this proceeding.

## Success on the Merits

In the context of a Chapter 11 case where a debtor is seeking injunctive relief under Section 105, success on the merits means the probability of a successful plan of reorganization. *See, e.g., Hillsborough Holdings*, 123 B.R. at 1015; *Kasual Kreation, Inc. v. Heller Fin., Inc. (In re Kasual Kreation, Inc.)*, 54 B.R. 915, 916 (Bankr. S.D. Fla. 1985). In this case, the Debtors have demonstrated successful reorganization.

## The Threatened Harm to the
## Debtor Outweighs Any Harm to Defendants

In addition, the continued prosecution of the State Court Action harms the Debtors because it compels the Debtors to expend their resources to defend their rights and the rights of Sedgwick in a foreign forum on a claim that has been discharged.

By contrast, the issuance of an injunction will not cause substantial harm to Defendants. The State Court Action was filed in violation of the permanent injunction and is therefore void *ab initio*. If the Debtors prevail in this adversary proceeding and on the Motion and Renewed Motion to File a Late Claim, the State Court Action will have been litigated for naught. No harm will come to the defendants from a temporary stay of that action while the rights of the parties are adjudicated by this Court -- the Court that has the jurisdiction, under the Code and the Plan, to make such determinations.

## The Public Interest

The public interest will be served by the issuance of an injunction because such an injunction would prevent the State Court Action from undermining the permanent injunction and the Debtors' discharge. Such an injunction would serve the public interest by protecting the integrity of the bankruptcy process. *See Henkel v. Lickman,* 286 B.R.

9

821, 831-32 (Bankr. M.D. Fla. 2002).

## Conclusion

Based upon the foregoing, Plaintiff respectfully requests the entry of a preliminary injunction which prohibits defendants from prosecuting the State Court Action in any jurisdiction until the resolution of this adversary proceeding or further order of this Court, and for such other relief as is just.

Dated: October 3, 2007

SMITH HULSEY & BUSEY

By   */s/ Leanne McKnight Prendergast*
     James H. Post
     Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Counsel for the Reorganized Debtors

<u>Certificate of Service</u>

I certify that a copy of this document has been furnished electronically or by mail to Janet M. Scott, 20818 Leviticus Drive, Zachary, Louisiana 70791; Gail N. McKay, Law Offices of Gail N. McKay, 6707 Perkins Road, Baton Rouge, Louisiana 70808; and Robert D. Wilcox, Esq. and Brett A. Mearkle, Esq., Wilcox Law Firm, 6817 Southpoint Parkway, Suite 1200, Jacksonville, Florida, 32216 this 3d day of October, 2007.

*/s/ Leanne McKnight Prendergast*
Attorney

00583115

11

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al.,[1] | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

**NOTICE OF (A) ENTRY OF ORDER CONFIRMING PLAN OF REORGANIZATION,
(B) OCCURRENCE OF EFFECTIVE DATE OF PLAN, AND (C) BAR DATES FOR FILING CLAIMS
ARISING BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS**

**TO:    ALL PARTIES IN INTEREST**

**PLEASE TAKE NOTICE THAT:**

1.      On November 9, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") entered its Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order").  Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated August 9, 2006, as modified by the First Modification to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors dated October 10, 2006 (together, the "Plan").  Copies of the Confirmation Order and the Plan may be obtained by accessing http://www.loganandco.com or http://www.flmb.uscourts.gov.

2.      The conditions to consummation of the Plan set forth in Section 10.2 of the Plan were satisfied (or waived) on November 21, 2006.  Thus, in accordance with the terms of the Plan, the Plan became effective on November 21, 2006 (the "Effective Date").  All references in the Plan and the Confirmation Order to the Effective Date are to November 21, 2006.

3.      In accordance with Section 12.1 of the Plan, subject to the provisions of paragraph 4 below, all requests for payment of an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006, (other than as set forth in Section 4.1(a), 12.1, 12.2, 12.3, 12.4, or 12.5 of the Plan) must be made by application filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors and the Post-Effective Date Committee **no later than January 5, 2007,** which is the date forty-five (45) days after the Effective Date.  The filing of an application must be made via the Bankruptcy Court's electronic filing procedures (electronic filing is mandatory for all attorneys) or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202.  The service of an application on counsel for the Reorganized Debtors must be made by delivery of a copy upon James Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: jpost@smithhulsey.com; and service of an application on counsel for the Post-Effective Date Committee must be made by delivery of a copy upon Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: (212) 822-5194, E-mail: mbarr@milbank.com.  In the event that the Reorganized Debtors object to an application, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim.  **Subject to the provisions of paragraph 4 below, an Administrative Claim or any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006 that is not asserted in an application filed and served no later than January 5, 2007, shall be forever barred and deemed waived and relinquished in full, and the Reorganized Debtors shall have no obligation to pay such Claim.**

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**EXHIBIT A**

4.    Notwithstanding the provisions of paragraph 3, (a) no application seeking payment of an Administrative Claim or any Claim arising between February 21, 2005 and November 21, 2006 is required with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business; *provided, however,* that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; and (b) no application is required with respect to Cure owing under an executory contract or unexpired lease if the amount of Cure is fixed or proposed to be fixed by order of the Bankruptcy Court pursuant to a motion to assume and fix the amount of Cure filed by the Debtors and a timely objection asserting an increased amount of Cure filed by the non-Debtor party to the subject contract or lease.

5.    In accordance with Section 12.2(a) of the Plan, all final requests for payment of Professional Fee Claims pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Reorganized Debtors, their counsel, counsel to the Creditors Committee or the Post-Effective Date Committee, the fee examiner, and other necessary parties-in-interest **no later than January 22, 2007**, which date is sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. No hearing shall be held on an application for a Professional Fee Claim until the fee examiner has completed and filed a report with respect to the Professional Fee Claim. Objections to such applications must be filed and served on the Reorganized Debtors, their counsel, and the requesting Professional or other entity on or before the date that is thirty (30) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the later of (i) the date on which the applicable application was served or (ii) the date on which the fee examiner's report with respect to the applicable Professional Fee Claim was filed.

Dated:  December 6, 2006

D. J. Baker
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square, New York, New York 10036

Co-Counsel for Reorganized Debtors

Stephen D. Busey
James H. Post, Cynthia C. Jackson, Leanne Prendergast
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800, Jacksonville, Florida 32202

Co-Counsel for Reorganized Debtors

# IF YOU HAVE QUESTIONS CONCERNING THIS NOTICE, PLEASE CONTACT:

**TANA COPELAND
LEGAL ASSISTANT
SMITH HULSEY & BUSEY
PHONE: 904-359-7850
EMAIL: tcopeland@smithhulsey.com**

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

**WINN-DIXIE STORES, INC., et al.,**

Debtors.[1]

Chapter 11

Case No. 05-03817-3F1

(Jointly Administered)

## CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1. I am of legal age and I am not a party to this action.

2. I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3. On or about December 6, 2006 I caused copies of:

- the **Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims**

    to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served Notice(s) as listed above is attached hereto as Exhibit B and C.

Dated: December 18, 2006

Kathleen M. Logan

---

[1]       In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Code: EF

## EXHIBIT B

SERVICE LIST
Notice of (A) Entry of Order Confirming Plan of
Reorganization, (B) Occurrence of Effective Date
of Plan, and (C) Bar Dates for Filing claims Arising
before Effective Date and Other Administrative Claims

Page 1138 of 1422

**DEBTOR:  WINN-DIXIE STORES, INC., ET AL.**                    **CASE:  05-03817-3F1**

| | | |
|---|---|---|
| CREDITOR ID: 545623-BI<br>SCOTT SERVICES COMPANY<br>2822 COMMERCE BLVD<br>BIRMINGHAM AL 35210 | CREDITOR ID: 545625-BI<br>SCOTT SHERWOOD<br>86273 FIELDSTONE DRIVE<br>YULEE FL 32097 | CREDITOR ID: 545629-BI<br>SCOTT W LYNCH<br>12 N HENDRY AVENUE<br>FT MEADE FL 33841 |
| CREDITOR ID: 417338-B3<br>SCOTT, ALLEN<br>C/O KILLEEN & ASSOCIATES, PC<br>ATTN ROBERT STERN, ESQ.<br>TEXACO CENTER<br>400 POYDRAS, STE 1710<br>NEW ORLEANS LA 70130 | CREDITOR ID: 416716-L1<br>SCOTT, AUDRA<br>C/O GAUDIN AND GAUDIN<br>ATTN PIERRE F GAUDIN, ESQ<br>1088 FOURTH STREET<br>PO BOX 156<br>GRETNA LA 70053 | CREDITOR ID: 557151-BC<br>SCOTT, BEVERLY<br>846 WEST KAMILA DR.<br>LAKE PARK FL 33403 |
| CREDITOR ID: 391483-55<br>SCOTT, CHARLOTTE<br>C/O PELHAM & ANDREWS<br>ATTN RANDY PELHAM, ESQ<br>1982 CAPITAL CIRCLE, NE<br>TALLAHASSEE FL 32308 | CREDITOR ID: 382113-51<br>SCOTT, CHRISTOPHER<br>1818 COBBLESTONE LANE<br>ST. AUGUSTINE, FL 32092 | CREDITOR ID: 492922-FC<br>SCOTT, CHRISTOPHER L SR<br>1818 COBBLESTONE LANE<br>ST AUGUSTINE FL 32092 |
| CREDITOR ID: 403928-94<br>SCOTT, CHRISTOPHER L SR<br>1818 COBBLESTONE LANE<br>ST AUGUSTINE FL 32092 | CREDITOR ID: 538744-BA<br>SCOTT, CLEMENTINE<br>C/O ROBERT RUBENSTEIN<br>LAW OFFICES OF ROBERT RUBENSTEIN<br>9350 S. DIXIE HWY<br>SUITE 1110<br>MIAMI FL 33156 | CREDITOR ID: 537114-BA<br>SCOTT, CLEMENTINE<br>849 SW 6TH ST<br>FLORIDA CITY FL 33034 |
| CREDITOR ID: 537113-BA<br>SCOTT, CLEMENTINE<br>10833 SW 225 TERR<br>CUTLER RIDGE FL 33170 | CREDITOR ID: 557153-BC<br>SCOTT, DEBRA<br>P.O. BOX 57<br>FT DEPOSIT AL | CREDITOR ID: 400329-85<br>SCOTT, DENISE<br>C/O E ERIC GUIRARD INJURY LAWYERS<br>ATTN LEON H EDMOND, IV; ESQ<br>1010 COMMON ST STE 2900<br>NEW ORLEANS LA 70112 |
| CREDITOR ID: 207741-09<br>SCOTT, DINAH<br>3036 LIBBY DRIVE<br>AUGUSTA GA 30906 | CREDITOR ID: 392676-55<br>SCOTT, GERALD<br>C/O FRANK M EIDSON, PA<br>ATTN FRANK M EIDSON, ESQ<br>PO BOX 4908<br>ORLANDO FL 32802-4908 | CREDITOR ID: 537115-BA<br>SCOTT, JANET<br>20818 LEVITICUS DR.<br>ZACHARY LA 70791 |
| CREDITOR ID: 537116-BA<br>SCOTT, JEREMIAH<br>203 TAYLOR AVE<br>DAYTONA BEACH FL 32114 | CREDITOR ID: 403929-94<br>SCOTT, JIMMY F<br>1020 BAY RIDGE DRIVE<br>SLIDELL LA 70461 | CREDITOR ID: 296192-39<br>SCOTT, JOHN DAVID<br>501 SHENANDOAH CIR<br>MCCORMICK SC 29835 |
| CREDITOR ID: 557152-BC<br>SCOTT, KENNETH<br>51933RD AVE<br>MERIDIAN MS 39301 | CREDITOR ID: 537117-BA<br>SCOTT, LULA<br>249 MORRIS LANE<br>DENHAM SPRINGS LA 70706 | CREDITOR ID: 538745-BA<br>SCOTT, LULA<br>C/O ALFRED F MCCALEB III ESQ<br>LAW OFFICES OF ALFRED F MCCALEB III<br>1829 HIGHWAY 51<br>PONCHATOULA LA 70454 |
| CREDITOR ID: 557150-BC<br>SCOTT, MARY<br>1123 NORMANDY CIRCLE APT 2<br>TEMPLE TERRACE FL 33617 | CREDITOR ID: 259784-12<br>SCOTT, ROBERT L<br>2230 STERLING COURT<br>MOBILE, AL 36695 | CREDITOR ID: 207937-09<br>SCOTT, SANDRA J<br>4662 PERRAULT WALK<br>NEW ORLEANS LA 70127-3465 |

LAW OFFICES

# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
BEAU BOWIN
DAVID D. BURNS
STEPHEN D. BUSEY
CHARMAINE T. N. CHIU
ERIC W. ENSINGER
J. RICE FERRELLE, JR.
EARL E. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
CHARLES H. KELLER
G. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
E. OWEN McCULLER, JR.
ERIC N. McKAY
MATTHEW P. McLAUCHLIN
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND M. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY RUSSELL
ELIZABETH W. SCHULE
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
LEE D. WEDEKIND, III
HARRY M. WILSON, III
ALLAN E. WULBERN

LLOYD SMITH
(1915-1987)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

February 28, 2007

Gail N. McKay, Esq.
Gail N. McKay & Associates
6707 Perkins Road
Baton Rouge, LA 70808

Re:    In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1, Chapter 11, Jointly Administered

Janet Scott v. Winn-Dixie Stores, Inc., in the Nineteenth Judicial District in and for Parish of East Baton Rouge, Louisiana, Case No. C552034 Sec 24

Dear Mr. McKay:

This firm represents Winn-Dixie Stores, Inc. in the referenced Chapter 11 proceedings.

We have been advised that you are presently prosecuting the referenced state court action in violation of the Administrative Claims Bar Date established by the Bankruptcy Court in the referenced case. For the reasons set forth below, your continued prosecution of the state court action is in violation of the permanent injunction provisions of Section 524 of the Bankruptcy Code and the Bankruptcy Court's Confirmation Order.

On February 21, 2005, Winn-Dixie Stores, Inc. and its affiliates (the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. On November 21, 2006, the Bankruptcy Court entered an order confirming the Joint Plan of Reorganization filed by the Debtors, as modified (the "Plan").

Pursuant to Section 1141(d) of the Code, the order confirming the Plan (the "Confirmation Order") discharged the Debtors from all debts arising prior to Confirmation, including all debts or claims arising against the Debtors between February 21, 2005 and November 21, 2006 ("Administrative Expense Claims"). Each creditor whose claim has been discharged is now barred, pursuant to Section 524(a) of the Code, from instituting or continuing any action or employing any process against the Debtors to collect or recover

# EXHIBIT C

LAW OFFICES
# SMITH HULSEY & BUSEY

Gail N. McKay, Esq.
February 28, 2007
Page 2

such debts. Any action taken or order entered with respect to any discharged debt without Bankruptcy Court authorization is void as a matter of law.

Pursuant to the Confirmation Order, an Administrative Claims Bar Date Notice was sent to all parties in interest, including your client, advising them that administrative expense claims must be filed with the Bankruptcy Court on or before January 5, 2007 and that the failure to do so would result in their claim being time-barred and relinquished. The Administrative Expense Claim Bar Date Notice was also published in national and regional newspapers.

No timely application for an administrative expense claim was filed by or on behalf of Ms. Scott with the Bankruptcy Court. As a result, the claim she is now asserting in the referenced state court action is time-barred and relinquished as set forth in the Confirmation Order.

Accordingly, your continued prosecution of the state court action against the Debtor is in violation of Section 524 of the Code and the Bankruptcy Court's Confirmation Order. We therefore demand that you dismiss the referenced state court action on or before March 9, 2007, and that a copy of such dismissal be served upon me. If we do not receive a dismissal notice by March 9, we will file a complaint against you and your client in the Bankruptcy Court for sanctions and take such other actions as are appropriate.

Please call me if you have any questions regarding this matter.

Very truly yours,

David L. Gay

By facsimile and mail
(225) 819-9500
c: Betty Marion, Esq.
DLG/mam/00559128

JANET SCOTT                          NUMBER: 552,034      DIVISION: 24

                                     19TH JUDICIAL DISTRICT COURT

VERSUS                               PARISH OF EAST BATON ROUGE

SEDGWICK CMS INC.                                            **POSTED**
AND WINN-DIXIE STORES INC.      STATE OF LOUISIANA
*********************************************************************
*********************************************************************

### FIRST AMENDED PETITION FOR DAMAGES

NOW, through undersigned counsel, comes petitioner, Janet Scott a resident of the full age of majority and domiciled in Parish of East Baton Rouge, State of Louisiana, who respectfully amends her petition in the following and exclusive particulars, to-wit:

1.

The following parties are made defendants herein:

Winn Dixie Stores Inc. and Winn Dixie Montgomery  a domestic corporation  licensed to do and doing  in the Parish of East Baton Rouge, State of Louisiana;

Sedgwick Claims Management Services, INC., a foreign corporation licensed to do and doing business in the State of Louisiana and thereby appoints C T Corporation System as its agent for service of process.

2.

Defendants are indebted individually, jointly and in solido, unto petitioners for such damages as are necessary and reasonable in the premises, with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings for the following, to-wit:

3.

On or about May 26, 2006, at approximately 9:00 p.m., petitioner, Janet Scott, was a customer on the premises of Winn Dixie store #1581 It further alleged that the said premises are located at 5005 Church St. East Baton Rouge Parish, Louisiana.

4.

On the date and time mentioned hereinabove, petitioner while on defendant premises unexpectantly slipped as a result of (ice) water that was on the floor in front of

### EXHIBIT D

the ice cooler. This fall by petitioner, all of which was result of defendant's negligence, caused extremely painful and permanent injuries to her person.

5.

Based upon information and belief, Defendant, Sedgwick Claims Management Services Inc., contracted with Defendant, Winn-Dixie, to provide certain services, including but not limited to, risk analysis, risk prevention and risk management, cost management services, and similar activities such that Sedgwick contributed, through its employees or agents negligent actions and/or inactions, to the conditions that caused plaintiff's damages sued upon herein all at the premises located at 5005 Church St. Zachary, LA. 70791, East Baton Rouge Parish, Louisiana, at all relevant times herein.

6.

Petitioner alleges that her fall and resulting injuries were caused by Defendants', Winn Dixie and/or Sedgwick, negligence which consists of but is not limited to the following:

A.    Creating an unreasonable risk of harm;

B.    Failing to do what they should have done and to avoid incidents and injuries to petitioner as have been described herein;

C.    Failing to sufficiently warn petitioner of an unreasonably dangerous condition so as to prevent the injuries that were inflicted upon petitioner's person;

D.    Having actual or constructive notice of an unreasonably dangerous condition and failing to take reasonable steps to ensure the safety of its guest from same;

E)    All other acts of negligence and/or fault which may be set forth at trial of this matter.

7.

Based upon information and belief, it is alleged that prior to and at the time of the above described incident, the defendant Sedgwick Claims had contracted with, or otherwise established a relationship and/or agreement with defendant, Winn Dixie Stores Inc. to assess, manage, prevent and handle risks and claims which relationship was in effect at all times relevant herein.

8.

Winn Dixie Stores Inc.,Winn Dixie Montgomery and  Sedgwick Claims Management Services Inc. are liable, in solido, and /or individually for the actions and /or omissions detailed above.

9.

As a direct proximate result of the negligence of the Defendants, Winn Dixie Stores Inc.,Winn Dixie Montgomery and  Sedgwick Claims Management Services Inc., Janet Scott suffered the following non-exclusive damages

- A)  Pain and suffering (past, present, future);
- B)  Mental anguish and emotional distress;
- C)  Loss of enjoyment of life;
- D)  Disability ;
- E)  Medical Expenses (past, present, and future)
- F)  Loss of wages;
- G)  Any and all other damages to be set forth at the time of trial of this matter;

10.

Petitioner desires to have this Honorable Court fix the fee for each and every witness that the plaintiff may be required to call or use to establish the cause and to tax the same as costs.

11.

Petitioners aver amicable demand to no avail.

12.

Petitioners request that all expert witness fees be paid and taxed as Court costs.

13.

WHEREFORE, petitioner Janet Scott prays that the Defendants, Winn Dixie Stores Inc. Winn Dixie Montgomery and Sedgwick Claims Management Services Inc.  be served with a copy of this First Amended Petition and be cited to appear and answer the same and that after the elapse of all legal delays and due proceedings had, there be judgment rendered herein in favor of the petitioner, Janet Scott and against the defendants

Winn Dixie Stores Inc., Winn Dixie Montgomery and Sedgwick Claims Management
Services Inc. for all damages that are reasonable under the premises, plus judicial interest
from the date of judicial demand until paid, all costs of these proceedings, and for all
general and equitable relief as allowed by law.

PETITIONER FURTHER PRAYS for all general and equitable relief to which
they may be entitled within the premises of this petition.

Respectfully Submitted:

LAW OFFICES OF GAIL N. MCKAY
6707 Perkins Road
Baton Rouge, Louisiana 70808
Telephone: 225-819-2400

By Attorney:

GAIL N. MCKAY
Trial Attorney
Bar Roll Number: 9359

PLEASE SERVE DEFENDANTS:

WINN DIXIE STORES INC.
WINN DIXIE MONTGOMERY
CORPORATION SERVICE COMPANY

And

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.
Through their attorney of record:

CRAWFORD LEWIS, P.L.L.C.
John Delgado
450 Laurel Street, Suite 1600
Baton Rouge Louisiana 70821

CERTIFIED
TRUE COPY

AUG 2 3 2007

BY DEPUTY CLERK

JANET SCOTT

VERSUS

SEDGWICK CMS INC.
AND WINN-DIXIE STORES INC.

NUMBER: 552,034      DIVISION: 24

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Considering the foregoing motion,

IT IS HEREBY ORDERED that Defendant show cause on the ___9th___ day of ___October___, 2007, why Plaintiff's motion to compel should not be granted and Defendant be ordered to pay all costs and attorneys fees incurred in the filing of this motion.

Signed in Baton Rouge, Louisiana, this ___7th___ day of ___September___, 2007.

_R. Michael Caldwell_
JUDGE, 19TH JUDICIAL DISTRICT COURT

PLEASE SERVE:

WINN DIXIE STORES INC.
WINN DIXIE MONTGOMERY
CORPORATION SERVICE COMPANY

And

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.
Through their attorney of record:

CRAWFORD LEWIS, P.L.L.C.
John Delgado
450 Laurel Street, Suite 1600
Baton Rouge Louisiana 70821

CERTIFIED
TRUE COPY

SEP 1 8 2007

BY _____
DEPUTY CLERK

## EXHIBIT E

LAW OFFICES

# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

DAVID M. APPLEGATE
LISA A. BARCLAY
JAMES A. BOLLING
BEAU BOWIN
STEPHEN D. BUSEY
CHARMAINE T. M. CHIU
R. CHRISTOPHER DIX
KATEENA O. ENNEKING
DAVID L. GAY
EARL E. GOOGE, JR.
MICHAEL H. HARMON
MEGAN R. HARPER
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
G. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
E. OWEN McCULLER, JR.
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND M. O'STEEN, JR.
ELIZABETH S. PAULK
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY RUSSELL
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
JOY A. TENHAGEN
LEE D. WEDEKIND, III
HARRY M. WILSON, III
THOMAS G. WILSON III
MEGHAN R. WOJESKI
ALLAN E. WULBERN

LLOYD SMITH
(1915-1987)

MARK HULSEY
JOHN E. THRASHER
OF-COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

October 2, 2007

Gail N. McKay, Esq.
Gail N. McKay & Associates
6707 Perkins Road
Baton Rouge, LA 70808

Re:     In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy
        Court, Middle District of Florida, Jacksonville Division; Case No. 05-
        03817-3F1, Chapter 11, Jointly Administered

        Winn-Dixie Stores, Inc. v. Janet M. Scott and Gail N. McKay; United
        States Bankruptcy Court, Middle District of Florida, Jacksonville
        Division; Adversary No. 3:07-ap-00254-JAF

        Janet Scott v. Winn-Dixie Stores, Inc., in the Nineteenth Judicial District
        in and for Parish of East Baton Rouge, Louisiana, Case No. C552034 Sec
        24

Dear Mr. McKay:

Enclosed is a complaint we filed against you and your client, Janet Scott,
yesterday in the Bankruptcy Court in Jacksonville for your violations, through your
continued prosecution of the referenced state court action, of the permanent injunction
provisions of the Bankruptcy Code and the Bankruptcy Court's Confirmation Order, as
well as the injunctive provisions of the Debtors' Chapter 11 Plan.

We demand that you cancel the hearing on your motion to compel discovery in
the state court action from the Debtors' claims agent, Sedgwick Claims Management
Services, Inc., scheduled for October 9, 2007 and notify us of such cancellation in writing
by tomorrow, October 3, 2007. If we do not receive such notification, we shall seek
emergency relief from the Bankruptcy Court in Jacksonville to enjoin you from
prosecuting your motion to compel.

**EXHIBIT F**

LAW OFFICES

# SMITH HULSEY & BUSEY

Gail N. McKay, Esq.
October 2, 2007
Page 2

We also demand that you desist from further prosecuting the referenced state court action without the prior approval of the Jacksonville Bankruptcy Court pending the outcome of the referenced adversary proceeding.

Please call me if you have any questions regarding this matter.

Very truly yours,

*Leanne McKnight Prendergast*

Leanne McKnight Prendergast

By facsimile and mail
(225) 819-9500
c: Brett A. Mearkle, Esq.

00582852