## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**CASE NO.:    05-03817-3F1**

IN RE:                                                              **Chapter 11**

**WINN-DIXIE STORES, INC., et.al.**                    **Jointly Administered**

      **Debtors**

_____/

## CLAIMANT'S MOTION TO LIFT THE AUTOMATIC STAY

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

      Pursuant to Local Rule 2002-4, the Court will consider this motion, objection or other matter without further notice or hearing unless a party in interest files an objection within 15 days from the date of service of this paper.  If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 300 N. Hogan Street, Jacksonville, FL  32202, and serve a copy on the movant's attorney, Blane G. McCarthy, Esquire, 1400 Prudential Drive, Suite Two, Jacksonville, FL  32207.

      If you file and serve an objection within the time permitted, the Court may schedule a hearing and you will be notified.  If you do not file an objection, within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

      COMES NOW the Claimant DONNA M. CHANG (claim no. 3661), by and through their undersigned attorney, and pursuant to the Claims Resolution Procedure, approved by this court by Order dated September 1, 2005, does hereby move and state the following:

1.   Claimant DONNA M. CHANG (claim no. 3661) alleges to have sustained a personal injury in a falldown incident at the Debtor's store number 80 in Jacksonville, Duval County, Florida.  Claimants' claims are unliquidated in nature.

2.   Claimant initiated litigation in state court on October 29, 2004, in a case styled Donna M. Chang v. Winn-Dixie Stores, Inc., Case No. 16-2004-CA-007245-XXXX-MA, Division CV-G, Fourth Judicial Circuit, in and for Duval County, Florida. That litigation was stayed as a result of this bankruptcy proceeding.

3.   Claimant has complied with Claims Resolution Procedure by timely completing a Questionnaire for Litigation Claimants and by participating in the September 12, 2006 Mediation pursuant to the Claims Resolution Procedure.  The Mediation resulted in an impasse, and both parties agree that litigation is the best method for resolving this claim.

WHEREFORE, Claimant DONNA M. CHANG (claim no. 3661) hereby moves for this Honorable Court to enter an order patterned after exhibit 4 to the Claims Resolution Procedure, a copy of which is attached hereto (but will be delivered, in original form, to this Honorable Court pursuant to Local Rule 2002-4(d).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 29, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **James H. Post, Esquire**, (*counsel for Debtor in bankruptcy case*) Smith. Hulsey & Busey, P.A., 225 Water Street, Suite 1800, Jacksonville, FL 32202.  I further certify that I mailed the foregoing document and the

notice of electronic filing by first-class mail to the following non-CM-ECF participants:
**Jennifer S. Worley, Esquire**, (*counsel for Debtor in underlying litigation case*) Saalfield, Shad, Jay & Stokes, P.A., 225 Water Street, Suite 1000, Jacksonville, FL 32202.

THE LAW OFFICE OF BLANE G. McCARTHY

**s/Blane G. McCarthy**
BLANE G. McCARTHY, ESQUIRE
Florida Bar No. 0055451
1400 Prudential Drive, Suite Two
Jacksonville, FL 32207
(904) 391-0091
Fax (904) 391-6888

Attorney for Claimant DONNA M. CHANG

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO.:   05-03817-3F1**

IN RE:                                                        **Chapter 11**

**WINN-DIXIE STORES, INC., et.al.**                    **Jointly Administered**

    **Debtors**

_____/

## AGREED ORDER TO LIFT AUTOMATIC STAY

This case is before the Court upon Claimant DONNA M. CHANG's (the "Movant") Motion to Lift the Automatic Stay, filed on October 29, 2007 (the "Motion"). The Court finds that (i) notice of the Motion and proposed Agreed Order was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 15 days of the date of service, (ii) the Movant has complied in good faith with, and exhausted, the Claims Resolution Procedure,[1] and (iii) no party has filed an objection to the Motion.  The Court therefore considers the entry of this order unopposed.   Accordingly, it is

ORDERED:

    1.    The motion is granted to the extent provided herein.

    2.    The automatic stay is modified for the sole purpose of allowing Movant to recommence a civil action previously filed in the Fourth Judicial Circuit, in and for Duval County, Florida (the "Civil

---

[1] All capitalized terms not defined herein shall have the respective meanings ascribed to them in the Motion.

1

Court"), case number 16-2004-CA-007245-XXXX-MA, seeking damages against Debtor WINN-DIXIE STORES, INC.  The Movant may pursue its Litigation Claim against the Debtors in accordance with the normal litigation rules and procedures after the Automatic Stay is lifted.  The Movant shall not, however, be able to enforce or execute against the Debtors any judgment obtained as a result of such litigation without further order of this Court.  Any such judgment shall be a claim in these Chapter 11 proceedings and shall be treated pursuant to a confirmed plan of reorganization or as otherwise ordered by the Bankruptcy Court.

      3.     The Movant shall notify the Civil Court of the Debtors' pending Chapter 11 proceedings and that the Movant's action is subject to the automatic stay of 11 U.S.C. Sec. 362.

      4.     Except as modified herein, the automatic stay pursuant to 11.U.S.C. Sec. 362 shall remain in full force and effect.

Dates this _____ day of November, 2007, in Jacksonville, Florida

_____
Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to
serve a copy of this Order on all
parties who received copies of the
Motion.

2