UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Reorganized Debtors. ) | Jointly Administered |
| ) | |

**AGREED ORDER RESOLVING CURE OBJECTION FILED
BY ANTHONY AND DOROTHY BALZEBRE (STORE NO. 370)**

This cause came before the Court on the Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors") (Docket No. 8941) and the Objection to Motion to Assume Lease filed by Anthony F. Balzebre and Dorothy Balzebre (the "Balzebres") with respect to Store No. 370 (Docket No. 9593) (the "Cure Objection"). Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objection is overruled as moot.

2. The Reorganized Debtors have agreed to (a) pay the sum of $18,627.00 to replace two of the HVAC units on the roof of Store No. 370 (the "HVAC Replacement"), and (b) at the Reorganized Debtors' expense to replace the refrigeration units located on the roof of Store No. 370 (together (a) and (b) shall be referred to as the "Roof Equipment Replacement"). The Roof Equipment Replacement shall be undertaken by the

Reorganized Debtors on a coordinated basis with the landlord, Sunset West Shopping Plaza's ("Sunset West")[1] roof contractor to ensure that the work on the roof does not compromise or damage the roof system at Store No. 370, and that Sunset West's roof warranties will remain in effect and in good standing pursuant to Sunset West's preventative roof maintenance contract.

3.   After payment of the sums prescribed in paragraph 2(a) of this Order, Sunset West shall undertake the HVAC Replacement. Although Sunset West does not anticipate that any additional charges will be incurred to perform the HVAC Replacement, the parties acknowledge that they are relying on a good faith estimate that was supplied by Sunset West's HVAC contractor, and that it is possible that some additional expense may be incurred to replace the two HVAC units. In such event, Sunset West shall be entitled to reimbursement from the Reorganized Debtors for all reasonable additional charges, not to exceed an additional $5,000.00, which Sunset West may incur in connection with the HVAC replacement upon submission to the Reorganized Debtors of a written itemization of any such additional charges.

4.   Proof of claim number 11101 filed by Sunset West with respect to Store No. 370 is allowed as an administrative claim in the amount of $83,279.45, $64,652.45 of which the Reorganized Debtors have previously paid to Sunset West. The Reorganized Debtors are paying simultaneously with the filing of this Agreed Order to Anthony F. Balzebre[2] $18,627.00, in full satisfaction of any right to cure Sunset West or the

---

[1] Sunset West Shopping Plaza is owned by the Balzebres.
[2] The Reorganized Debtors will remit the $18,627.00 payment to Anthony F. Balzebre, in care of Sunset West Shopping Plaza, at 1575 San Ignacio Avenue, Suite 10, Coral Gables, Florida 33146.

Balzebres have or may have under 11 U.S.C. §365 or otherwise with respect to Store No. 370, subject to paragraph 3 of this Order and to the following. The claimant, Sunset West, confirms and acknowledges that the payment of the $18,627.00 is to be made to Anthony F. Balzebre.

5. This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store No. 370 filed by Sunset West or the Balzebres in these Chapter 11 cases and (ii) all other pre-petition or pre-effective date claims pertaining to Store No. 370 that Sunset West or the Balzebres have or may have against the Reorganized Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released, save that this Agreed Order does not waive or release any of Sunset West's or the Balzebres' existing rights or the Reorganized Debtors' obligations under this Agreed Order or the Lease.

6. This Court retains jurisdiction to enforce the parties' obligations and resolve any disputes arising from this Agreed Order.

Dated this 3 1 day of October, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| BLAXBERG, GRAYSON & KUKOFF, P.A. | SMITH HULSEY & BUSEY |
| By  *s/ Ian J. Kukoff**<br>    Ian J. Kukoff, F.B.N. 827126 | By  *s/ Cynthia C. Jackson*<br>    Cynthia C. Jackson, F.B.N. 498882 |
| 25 S.E. Second Avenue, Suite 730<br>Miami, Florida 33131<br>(305) 381-7979<br>(305) 371-6816 (facsimile)<br>ian.kukoff@blaxgray.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Counsel for Anthony F. Balzebre, Dorothy Balzebre and Sunset West Shopping Plaza | Co-Counsel for Reorganized Debtors |

*Counsel has authorized his electronic signature.

00584673

4