UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**AGREED ORDER RESOLVING CURE OBJECTION AND CLAIM NUMBERS 7357 AND 7358 FILED BY BEACHWALK CENTRE II, LLC (STORE NO. 561)**

This cause came before the Court on (i) the Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief (the "Debtors' Second Omnibus Motion") filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors") (Docket No. 8941), (ii) the objection to the cure amount set forth in the Debtors' Second Omnibus Motion filed by Beachwalk Centre II, LLC ("Beachwalk") with respect to Store No. 561 (Docket No. 9481) (the "Cure Objection"), (iii) the Twenty-Sixth Omnibus Objection to Claims Arising from Unexpired Leases of Non-Residential Real Property (I) That Have Been Assumed, (II) That Have Been Assumed and Assigned, or (III) That Are the Subject of Lease Termination Agreements filed by the Reorganized Debtors (Docket No. 12281) (the "Twenty-Sixth Omnibus Objection") and (iv) the response to the Twenty-Sixth Omnibus Objection filed by Beachwalk (Docket No. 12763).

On November 30, 2006, the Court entered an order (Docket No. 12908) sustaining the Twenty-Sixth Omnibus Objection as to the proofs of claims listed on the exhibits to the order. On December 20, 2006, the Court entered an order (Docket No. 13344)

correcting the Docket No. 12908 order and continuing the hearing on the Twenty-Sixth Omnibus Objection as to claim numbers 7357 and 7358 filed by Beachwalk with respect to Store No. 561. Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objection is overruled.

2. Proof of claim number 7357 filed by Beachwalk with respect to Store No. 561 is allowed as an administrative claim in the amount of $28,498.48, which the Reorganized Debtors have paid to Beachwalk in full satisfaction of any right to cure that Beachwalk has or may have under 11 U.S.C. §365 or otherwise with respect to Store No. 561.

3. Proof of claim number 7358 filed by Beachwalk with respect to Store No. 561 is disallowed in its entirety.

4. Within fourteen (14) days of entry of this Agreed Order, Beachwalk will pay the Reorganized Debtors $8,434.50 in full satisfaction of any claim for repairs or reimbursement for all hurricane damages that have occurred as of the date of this Agreed Order with respect to Store No. 561.

5. This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store No. 561 filed by Beachwalk in these Chapter 11 cases, (ii) all other pre-petition or pre-effective date claims pertaining to Store No. 561 that Beachwalk has or may have against the Reorganized Debtors and any of their Chapter 11 estates of affiliates and (iii) any claims for restoration or reimbursement for all hurricane damages that have occurred as of the date of this Agreed Order with respect to Store No. 561 that the Reorganized Debtors and any

2

of their Chapter 11 estates of affiliates have or may have against Beachwalk, all of which are forever waived, discharged and released.

6. Post-effective date liabilities and obligations will be handled by the parties in accordance with the applicable lease terms and ordinary course practices.

7. The Reorganized Debtors will provide documentation reasonably requested by Beachwalk to assist Beachwalk in recovering from insurance as to the hurricane damage claim between the Reorganized Debtors and Beachwalk, which is resolved by this Agreed Order. The documentation will be provided by the Reorganized Debtors within fourteen (14) business days from the entry of this Agreed Order. The Reorganized Debtors will have no claim to the hurricane damage insurance proceeds, if any, recovered by Beachwalk once the Reorganized Debtors have received the sums set forth in paragraph 4 above.

8. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this 5 day of November, 2007, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

586612

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| EMMANUEL, SHEPPARD & CONDON, P.A. | SMITH HULSEY & BUSEY |
| By  *s/ Sally B. Fox**  <br>Sally B. Fox | By  *s/ Cynthia C. Jackson*  <br>Cynthia C. Jackson, F.B.N. 498882 |
| 30 South Spring Street <br> Pensacola, Florida 32502 <br> (850) 433-6581 <br> (312) 434-5856 (facsimile) <br> sfox@esclaw.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Counsel for Beachwalk Centre II, LLC | Co-Counsel for Reorganized Debtors |

*Counsel has authorized her electronic signature.

586612