UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

_____/

CASE NO. 05-03817-3F1

CHAPTER 11

JOINTLY ADMINISTERED

Estimated hearing time: 60 Minutes

**PMAT FLAMINGO, L.L.C.'S MOTION TO ENFORCE
ASSET PURCHASE AGREEMENT FOR STORE NUMBER 380**

PMAT Flamingo, L.L.C. ("PMAT"), by and through its undersigned counsel, files this motion to enforce the asset purchase agreement for Store Number 380 to require the execution of a personal guaranty (the "Motion"), and states as follows:

1. PMAT is the present owner of a shopping center located at 12141 Pembroke Road, Pembroke Pines, Florida. Debtor, Winn-Dixie Stores, Inc. (the "Debtor"), was a tenant of the shopping center under a Lease Agreement dated April 23, 1985, as amended (the "Lease"). The Debtor had operated its store known as Store Number 380 from this location.

2. On August 3, 2006, the Debtor moved for an order (Docket No. 9886) authorizing the Debtor to sell the leasehold interest described in the Asset Purchase Agreement attached as Exhibit "A" for Store Number 380 (the "Purchase Agreement").

3. Pursuant to Section 10.4 of the Purchase Agreement, the buyer covenants to provide "Adequate Assurance Information" to the Seller, the Bankruptcy Court, and the Landlord as reasonably may be requested, and provides that this covenant will survive the closing.

4. "Adequate Assurance Information" is defined under Section 1.1 of the Purchase Agreement to include a "Replacement Guaranty of Buyer's obligations under the Lease and (where applicable) the Subleases by an Affiliate of Buyer with sufficient assets to provide adequate assurance of future performance."

5. "Replacement Guaranty" is defined under Section 1.57 of the Purchase Agreement to mean "any guaranty of Buyer's payment and performance obligations under the Lease or any Sublease, given by a parent Affiliate of Buyer as may be required either to obtain Landlord's approval of the Adequate Assurance Information or to obtain Landlord's consent to the release of Winn-Dixie as a guarantor under the Lease or Sublease, as the case may be."

6. Section 14.3(ii) of the Purchase Agreement requires the buyer to deliver "[t]wo counterparts of the Replacement Guaranty, if required, executed by the requisite parent Affiliate of Buyer."

7. The Debtor solicited the highest or otherwise best offer for the assets described in the Purchase Agreement (the "Assets") in accordance with bidding procedures approved by the Court by order dated June 16, 2005 (Docket No. 1801).

8. Competing bids were received for the Assets and the Debtor conducted an auction on August 29, 2006 (the "Auction").

9. At the conclusion of the Auction, Fine Foods Gourmet Markets, Inc. ("Fine Foods") submitted a bid of $800,000, representing the highest or otherwise best offer received for the Assets. The second highest bidder, Teng South III, LLC ("Teng South") submitted a bid for $750,000.

10. In support of Teng South's bid, Teng South submitted the sworn Declaration of Nectalier Gonzalez (the "Declaration"), a copy of which is attached as Exhibit "B".

11. Paragraph 2 of the Declaration states that "I submit this Declaration in connection with the Purchaser's offer to purchase assets (the "Bid") from Winn-Dixie Stores, Inc. and its debtor affiliates. . ." (Declaration, ¶ 2).

12. Paragraph 6 of the Declaration states that "**[a]ttached as Exhibit A are true and correct copies of the following: (a) the balance sheet and financials prepared by prepared by their Accountant as of the end of the most recent fiscal quarter for which financial results are available of the principals of the Purchaser that will guarantee the Purchaser's obligations under the Assigned Leases; (b) such affiliate's income statement for the four quarters ending on the date of such balance sheet.**" (Declaration, ¶ 6) (emphasis in original).

13. The cover sheet to Exhibit "A" of the Declaration states that "[a]ttached are financial statements of Nectalier Gonzalez and Edelberto Trujillo, principals, who will be personal guarantors." (Exhibit "A" to Declaration).

14. In reliance upon the representations contained in the Declaration regarding the personal guarantors, on September 19, 2006, PMAT objected to the assumption and assignment of the Lease to Fine Foods (the "Objection") (Docket No. 11121). Paragraph 4 of the Objection specifically stated that "the preliminary information that has been received by PMAT indicates that the financial condition of the proposed buyer, Fine Food Gourmet Markets, Inc., is far inferior to the alternative bidder, Teng South III, L.L.C." (Objection, ¶ 4).

15. The Court held an evidentiary hearing on the Objection on September 21, 2006, at the conclusion of which the Court sustained the Objection and denied the motion to approve the sale to Fine Foods. The Debtors then asked the Court to approve the sale to Teng South, and PMAT consented to that sale.

16. On October 3, 2006, this Court entered its Order Approving Debtors' (a) Sale of Leasehold Interest in Store No. 380 and Related Equipment Free and Clear of Liens, Claims and Interests (b) Assumption and Assignment of Leases and (c) Related Relief (the "Order") (Docket No. 11592). The Order authorized the Debtors to consummate the sale to Teng South in accordance with the terms of the Purchase Agreement.

17. Pursuant to paragraph 24 of the Order, the Court retained "exclusive jurisdiction to (a) enforce and implement the Purchase Agreement, the Assignment and Assumption of Lease, and any other agreements and instruments executed in connection with the Purchase Agreement, (b) compel delivery of possession of the Assets to Purchaser, (c) resolve any disputes, controversies or claims arising out of or relating to the Purchase Agreement or the Assignment and Assumption of Lease, and (d) interpret, implement and enforce the provisions of this Order." (Order, ¶ 24).

18. In connection with the closing of the sale of the Lease, on December 1, 2006, counsel for the Debtor, John Benton, forwarded a proposed Guaranty Agreement to be executed by Messrs. Gonzalez and Trujillo to counsel for Teng South, Alan Stark. A copy of Mr. Benton's correspondence to Mr. Stark is attached as Exhibit "C".

19. Despite several demands therefor, Teng South has refused to provide a personal guaranty of the Lease to PMAT as is required under the Purchase Agreement and in accordance with the Declaration. A copy of the undersigned counsel's correspondence to Teng South dated October 17, 2007 in accordance with the Purchase Agreement is attached as Exhibit "D".

20. The undersigned counsel for PMAT has conferred with counsel for Teng South, Alan Stark, in an effort to resolve this matter, but Teng South has refused to consent to the relief requested herein.

21.  PMAT has incurred attorneys' fees and costs in connection with bringing and prosecuting this Motion.

WHEREFORE, PMAT respectfully requests that the Court enter an order:

(1)  granting PMAT's Motion to Enforce Asset Purchase Agreement;

(2)  compelling Teng South to provide a executed personal guaranty of the Lease to PMAT in accordance with the Declaration;

(3)  awarding PMAT its attorneys' fees and costs incurred in connection with bringing and prosecuting this motion; and

(4)  providing such other relief as may be required under the circumstances.

DATED this 14th day of November 2007.

**GrayRobinson, P.A.**

/s/ Kenneth B. Jacobs
Kenneth B. Jacobs
Florida Bar No. 965080
50 North Laura Street, Suite 1100
Jacksonville, Florida  32202
Tel:  (904) 598-9929
Fax.: (904) 598-9109
kjacobs@gray-robinson.com

Attorneys for PMAT

## CERTIFICATE OF SERVICE

      I hereby certify that true and correct copies of the foregoing were served, by electronic mail transmission and by U.S. mail, to:

D.J. Baker
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036
djbaker@skadden.com

Cynthia C. Jackson
Smith, Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, FL 32202
cjackson@smithhulsey.com

Douglas G. Stanford
Smith, Gambrell & Russell, LLP
50 North Laura Street
Suite 2600
Jacksonville, FL 32202
dstanford@sgrlaw.com

and to all other persons entitled to electronic service, and by U.S. registered mail, telefax, and electronic mail transmission to:

Teng South III, LLC
5550 SW 67th Terrace
Davie, FL 33314
Attn: Nectalier Gonzalez
Telefax No.: 800-218-2671
jjg21@aol.com

Alan M. Stark
Schwartz Zweben & Slingbaum
3876 Sheridan Street
Hollywood, FL 33021
Telefax No.: (954) 966-2566
amsstark@aol.com

this 14th day of November 2007.

                                                                             /s/ Kenneth B. Jacobs
                                                                                 Attorney

\490076\4 - # 1093775 v1