**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 05-03817-3F1 |
| WINN DIXIE STORES, et al. | ) | |
| | ) | *Chapter 11* |
| Debtors. | ) | Jointly Administered |
| | ) | |

**REQUEST FOR PRODUCTION OF DOCUMENTS**
**TO WINN DIXIE STORES**

SARRIA ENTERPRISES, INC. and its related entities ("SARRIA"), by and through the undersigned counsel and requests that WINN-DIXIE STORES, INC. ("WINN-DIXIE") and its affiliated debtors, as applicable, produce and make available for inspection and duplication, in response to each numbered paragraph, all documents specified herein which are in your possession, custody or control or in the possession, custody or control of your agents or attorneys in accordance with applicable Rules of Civil Procedure.

**INSTRUCTIONS**

1. All documents produced pursuant hereto are to be produced as they are kept in the ordinary course of business or shall be organized and labeled without permanently marking the item produced so as to correspond with the categories of each numbered request hereof.

2. Each draft, final document, original, reproduction and each signed and unsigned document and every additional copy of such document where such copy contains any commentary, note, notation or other change whatsoever that does not appear in the original or on the copy of the same document produced shall be deemed and considered to constitute a separate document.

3. If any of the documents encompasses by the attached request for production of documents is/are deemed by you to be privileged, furnish all non-privileged documents in a privilege log as set forth below.

4. If you fail to produce or otherwise withhold from production any documents because you have deemed same to be covered by a privilege, provide the following information for each document withheld:

(a) The nature of the privilege claimed;

(b) The name and capacity of the person(s) who prepared the document;

(c) The date, if any, borne on the document;

(d) A brief description of its subject matter and physical date;

(e) The source of the factual information from which such document was prepared;

(f) The name and capacity of all addresses of recipients of the original or copies thereof.

5. When appropriate, the singular form of the word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

**DEFINITIONS**

A. All references to any Person (as defined below) includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or representative (as defined below) acting or purporting to act on behalf or under its/his/her control.

B. "You", "Your" refers to the Person (as described below) to whom this request is addressed, including his/her/its employees, agents, subcontractors, servants, subsidiaries, parent company, affiliated company and any other person or entity or representative (as defined below) acting or purporting to act on behalf or under its/his/her control.

C. "Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units herein, and shall include, but not limited to , public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus, or departments and the agents, servants and employees of same.

D. "Materials" shall mean all "Documents", "Writings", "Agreements", and "Communications" as those terms are defined herein.

E. "Document(s)" or "Writing(s)" shall be deemed to be every record of every type inclusive of provision of a CD Rom of Materials requested herein and inclusive of all drafts of the same, and is used in the broadest sense and includes any medium upon which intelligence or information can be recorded and further includes, but is not limited to all originals, nonidentical copies and drafts of the following items whether printed, handwritten, typed recorded or stored on any electromagnetic storage device, or reproduced by hand, including without limitation correspondence, memoranda,

invoices, receipts, records, ledger cards or other account records, vouchers, checks, shop orders,

diary, calendar instruction, summaries of personal conversations or interviews, minutes or records of meetings or conferences, transcripts, opinions or reports of consultants, projections, drafts, contract agreements, confirmations, statistical statements, studies telegrams, telexes, books, note reports, logs, diaries, tape recordings, video cassettes and date compilations from information can be obtained, charts, photographs, notebooks, drawings, plans, printed material of any kind, charts and interoffice communications, and any other writing of whatever description, including but not limited to any information contained in any computer or represented by a computer program, signed or unsigned, regardless of whether approved, signed sent, received, redrafted or executed, study, work paper, handwritten, tape, photograph, microfilm, data sheet, date processessing card, or any other written, recorded, transcribed, punched, taped filmed, or graphic matter, however produced or reproduced.

F. "Agreement" shall mean all agreements, contracts, undertakings or other arrangements, whether oral, written, nonfinal, enforceable, superseded or modified by subsequent agreements.

G. "Communication" means any oral or written statement, dialog, colloquy, discussion or conversation and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfers of data from one location to another by electronic or similar means.

H. "Representative" means any and all agents, employees, servants, officers, directors, attorneys or other persons acting or purporting to act on behalf of the person, corporation or entity in question.

I. "Evidencing" means having a tendency to show, prove or disprove.

J. "With Respect to Documents" the term "identify" means i) state the author or writer thereof and the parties thereto; ii) state its title and identifying date; iii) state the date of the document or if no date, state the exact nature and substance thereof; iv) identify each person having possession, care, custody or control of the original and copies therefore; and v) if such document was, but no longer is in your possession or subject to your control, state what disposition was made of it and who is in control of same.

K. With Respect To "Person" the term "Identify" means: i) state the person as defined in Definition "C"; ii) state the person's business address; iii) state the person's residence address; iv) state the person's business telephone number; and v) state the person's residential telephone number.

L. "Employment" shall include not only full time salaried retention but also the performance of services of any type, whether compensated or not, including, but not limited to, formal or informal advisory and consulting services.

M. The words "and" and "or" as used herein shall be construed either disjunctively or

conjunctively as required by the context to bring the scope of these interrogatories any answer that might be deemed outside their scope by other construction.

N. "Control" means in your possession, custody or control or under your direction and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation and any other person purporting to act on your behalf.

O. "Relate to" or "Relating to" shall mean directly or indirectly, refer to reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically or factually be connected with the matter discussed.

P. "Ownership Interest" shall mean an interest whether owned or possessed, vested or contingent, and whether title is held legally in your name, spouse's name or children's name, or parent, subsidiary or other related company and shall include beneficial interest or interest held through any trust in your family's or business entity's name.

Q. "Including" shall mean including but not limited to.

R. "Winn-Dixie" shall mean as defined inclusive of its agents, attorneys, officers and directors.

S. "SARRIA" shall mean as defined in this Request for Production and shall also include Persons purporting to be attorneys for SARRIA, agents of SARRIA, Frank Sarria, Richard Sarria and any other person in this action.

T. "Winn-Dixie Store(s)" shall mean, as the context shall so dictate, Winn-Dixie Stores numbered 237, 270, 302 and 330.

## DOCUMENTS REQUIRED

*(Refer to definitions)*

1. All Materials which Winn-Dixie believes, supports, refers or reflects the amount necessary to cure pursuant to 365(b)(1)(A) for each Winn-Dixie Store.

2. All Materials relating to payments already made by Winn-Dixie to cure pursuant to 365(b)(1)(A) for each Winn-Dixie Store.

3. All Materials reflecting the manner in which Winn-Dixie calculated the amount Winn-Dixie asserts was necessary to cure pursuant to 365(b)(1)(A) for each Winn-Dixie Store.

4. All Materials Winn-Dixie now believes it intends to use in connection with the establishment of the amounts Winn-Dixie asserts was or is necessary to cure pursuant to 365 (b)(1)(A) for each Winn-Dixie Store.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that notice of the foregoing was sent via the ECF system to council of record on this 19th day of November, 2007, to: *Cynthia C. Jackson*, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202.

McDONALD HOPKINS LLC
505 S. Flagler Drive, Suite 300
West Palm Beach, FL 33401
Telephone: 561-472-2121
Facsimile: 561- 472-2122

/s/ Alan M. Burger
Alan M. Burger, Esquire
Florida Bar Number: 833290