**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**VISAGENT CORPORATION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, REQUESTS FOR ADMISSIONS AND INTERROGATORIES TO DEBTOR**

Visagent Corporation hereby serves its first request for production of documents, request for admissions and interrogatories to Debtor pursuant to Bankruptcy Rules 7026, 7033 and 7034, and requests responses no later than August 14, 2006.

For the purposes of these requests, "secondary market" is defined as all sources (buyers and sellers) of merchandise other than direct purchases and returns from original product manufacturers or their authorized representatives. The request for production requires the production of all existing hard-copies of documentation included in each request AND also requires the production of all data stored upon any electronic device including computer hard drive(s), tapes or tape drives, or any other form of media containing the information requested.

"Service Agreement" refers to the document entitled Service Agreement dated June 15, 2001 between Winn-Dixie Stores, Inc and Visagent Corporation, a copy of which is attached hereto as Exhibit 1.

**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. For the time period of June 28, 2001 to June 28, 2004, produce copies of all documentation regarding purchases or sales of any goods in the secondary markets in which any electronic means were utilized, including but not limited to, through the Internet, via facsimile, email or through the use any electronic device. This request specifically includes, but is not limited to, all invoicing, receipts, orders, order confirmations, billing, bills of lading, checks, bank drafts, wire transfer orders or confirmations or any other responsive data, whether or not actually printed on paper or retained by other data storage means.

2. Produce copies of all correspondence between the Debtor and Visagent for the period January 1, 2000 and January 1, 2005.

3. Produce copies of all internal communications of and between employees of the Debtor for the period January 1, 2000 and January 1, 2005, referencing in any way Visagent Corporation.

4. Produce all emails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and Victory Wholesale Grocers for the period June 15, 2001 to present.

5. Produce all emails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and C&S Wholesale Grocers for the period June 15, 2001 to present.

6. Produce all emails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and Food Marketing Group for the period June 15, 2001 to present.

7. Produce all emails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and WorldWide Retail Exchange for the period June 15, 2001 to present.

8. Produce all emails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and intesource, Inc. for the period June 15, 2001 to present.

9. Produce all financial reports for the calendar years 2001, 2002, 2003 and 2004 that show actual sales or purchases by the Debtor in the secondary market.

10. Produce all business transaction reports regarding the business of the Debtor provided by Victory Wholesale Grocers for the period June 15, 2001 to present.

Case 3:05-bk-03817-JAF   Doc 19002-1   Filed 11/20/07   Page 3 of 10

**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

11. Produce all business transaction reports regarding the business of the Debtor provided by Food Marketing Group for the period June 15, 2001 to present.

12. Produce all forecast reports prepared by any employee of Debtor during the period January 1, 2000 and January 1, 2005 that show expected sales or purchases in the secondary market by Debtor.

13. Produce all forecast reports prepared by or on behalf of any non-employee of Debtor or any other entity not a Debtor in this case during the period January 1, 2000 and January 1, 2005 that shows expected sales or purchases in the secondary market by Debtor.

14. Produce all projection or forecast reports regarding the business of the Debtor provided by Victory Wholesale Grocers for the period June 15, 2001 to present.

15. Produce all projection or forecast reports regarding the business of the Debtor provided by Food Marketing Group for the period June 15, 2001 to present.

16. Produce all electronic data transmissions from any wholesaler that provided detailing "in stock" product availability during the period January 1, 2000 though January 1, 2005.

17. Produce all electronic data transmissions from any retailer that provided detailing "in stock" product availability during the period January 1, 2000 though January 1, 2005.

## INTERROGATORIES

Visagent hereby requests the Debtor to answer the following interrogatories:

1. State the name of the person answering these interrogatories and all persons who assisted in any manner in providing the information in which to answer these interrogatories.

**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

2. Identify all current Winn-Dixie employees who have knowledge of the negotiations leading up to the execution of the Service Agreement, and for each, please identify: a) his or her name, b) position or title during the relevant time, c) current position or title, d) name of the employee's immediate superior during the relevant time and d) the scope of said employee's knowledge.

3. Identify all former Winn-Dixie employees who have knowledge of the negotiations leading up to the execution of the Service Agreement, and for each, please identify: a) his or her name, b) position or title during the relevant time, c) current position or title, d) name of the employee's immediate superior during the relevant time and d) the scope of said employee's knowledge.

4. Identify all current Winn-Dixie employees who have knowledge of the administration of the Service Agreement after it was executed until June 28, 2004, and for each, please identify: a) his or her name, b) position or title during the relevant time, c) current position or title, d) name of the employee's immediate superior during the relevant time and d) the scope of said employee's knowledge.

**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

5. Identify all former Winn-Dixie employees who have knowledge of the administration of the Service Agreement after it was executed until June 28, 2004, and for each, please identify: a) his or her name, b) position or title during the relevant time, c) current position or title, d) name of the employee's immediate superior during the relevant time and d) the scope of said employee's knowledge

6. State the total dollar amount of Winn-Dixie purchases of full or truckload quantities of consumer packaged goods purchased or resold in a wholesale format in the secondary market:

   a. For the period June 28, 2001 through June 27, 2002.

   b. For the period June 28, 2002 through June 27, 2003.

   c. For the period June 28, 2003 through June 27, 2004.

   d. For the period June 27, 2004 through February 21, 2005.

   e. For the period February 21, 2005 through present.

   f. For each of the time periods in a through e of this interrogatory, state the total secondary market transactions by purchases, by sales for full or truckload quantities and by less than full or truckload quantities.

**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

7. State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold in a wholesale format in the secondary market:

   a. For the period June 28, 2001 through June 27, 2002.

   b. For the period June 28, 2002 through June 27, 2003.

   c. For the period June 28, 2003 through June 27, 2004.

   d. For the period June 27, 2004 through February 21, 2005.

   e. For the period February 21, 2005 through present.

   f. For each of the time periods in a through e of this interrogatory, state the total secondary market transactions by purchases, by sales for full or truckload quantities and by less than full or truckload quantities.

8. State the total dollar amount of Winn-Dixie purchases of full or truckload quantities of consumer packaged goods purchased or resold through the services of Victory Wholesale Grocers between June 28, 2001 and July 1, 2002.

6

**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

9. State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold through the services of Victory Wholesale Grocers between June 28, 2001 and July 1, 2002.

10. State the total dollar amount of Winn-Dixie purchases of full or truckload quantities of consumer packaged goods purchased or resold through the services of WorldWide Retail Exchange between June 28, 2001 and June 27, 2004.

11. State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold through the services of WorldWide Retail Exchange between June 28, 2001 and June 27, 2004.

12. State the total dollar amount of Winn-Dixie purchases of full or truckload quantities of consumer packaged goods purchased or resold through the services of intesource, Inc. between June 28, 2001 and June 27, 2004.

Case 3:05-bk-03817-JAF    Doc 19002-1    Filed 11/20/07    Page 8 of 10

**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

13. State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold through the services of intesource, Inc. between June 28, 2001 and June 27, 2004.

14. List all wholesalers that provided electronic data transmissions detailing "in stock" product availability during the period January 1, 2000 though January 1, 2005. Include the date that any listed entity or individual began such transmissions and the gross value of purchases <u>and</u> sales, by month, for each.

15. Identify all employees, agents or representatives of Victory Wholesale Grocers who were permitted access to any part of Debtor's computer system during the period July 2, 2002 to the present.

16. Identify all employees, agents or representatives of C&S Wholesale Grocers who were permitted access to any part of Debtor's computer system during the period July 2, 2002 to the present.

### REQUEST FOR ADMISSIONS

1. The Service Agreement attached hereto as Exhibit 1 is a true and accurate copy of the original.

**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

2. The Service Agreement was signed by a duly authorized representative of Winn-Dixie Stores, Inc.

3. Visagent Corporation did not breach any material term of the Service Agreement during the three year term of the contract.

4. The Service Agreement was not terminated by Winn-Dixie Stores, Inc. during the three year term of the contract.

5. The Service Agreement was not terminated by Visagent Corporation during the three year term of the contract.

6. The Service Agreement was not automatically terminated by operation of any term in the Service Agreement during the three year term of the contract.

7. Winn-Dixie contracted with entities other than Visagent Corporation for eCommerce transactions in the secondary market Between July 2, 2002 and June 27, 2004.

8. Winn-Dixie contracted with entities other than Visagent Corporation and Victory Wholesale Grocers for eCommerce transactions in the secondary market Between June 28, 2001 and June 27, 2004.

9. Winn-Dixie contracted with Victory Wholesale Grocers for eCommerce transactions in the secondary market Between July 2, 2002 and June 27, 2004.

**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

## CERTIFICATE OF SERVICE

I certify that a true copy was sent via U.S. Mail and via electronic filing to Clerk of the Bankruptcy Court and to counsel for the Debtor this __ day of July, 2006.

                                                                                                _____
GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Attorney for Plaintiff

Copy furnished to:

Stephen D. Busey
James H. Post
Cynthia C. Jackson
**Smith Hulsey & Busey**
225 Water Street
Suite 1800
Jacksonville, FL 32202
Tel: (904) 359-7700
Fax: (904) 359-7708