UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                              ) Case No. 05-03817-3F1
                                                    )
WINN-DIXIE STORES, INC., et al.,                    ) Chapter 11
                                                    )
         Debtors.[1]                                ) Jointly Administered
_____)

### DEBTOR'S RESPONSE TO VISAGENT CORPORATION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), respond to Visagent Corporation's first request for the production of documents, below.

#### General Objections

Debtors object to these document requests to the extent they seek the disclosure of information protected by the attorney-client privilege or the work product doctrine. Absent the entry of a protective order governing confidentiality, Debtors also object to these requests to the extent they seek confidential financial or strategic information. Debtors will make documents available for inspection at

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

a mutually convenient time in the offices of Smith Hulsey & Busey. The responses below are subject to these General Objections.

### Specific Objections and Responses

Document Request No. 1: For the time period of June 28, 2001 to June 28, 2004, produce copies of all documentation regarding purchases or sales of any goods in the secondary markets in which any electronic means were utilized, including but not limited to, through the Internet, via facsimile, e-mail or through the use of any electronic device. This request specifically includes, but is not limited to, all invoicing, receipts, orders, order confirmations, billing, bills of lading, checks, bank drafts, wire transfer orders or confirmations or any other responsive data, whether or not actually printed on paper or retained by other data storage means.

Objection to Document Request No. 1: Debtors object to this request because (i) the request's definition of "electronic means" is overly broad and (ii) the request itself is overly broad and burdensome in requesting copies of every document regarding approximately $175 million of annual transactions over a three year period.

Response to Document Request No. 1: Subject to its general and specific objections, Debtors will produce documents which document Debtors' purchases or sales of goods in the secondary markets.

Document Request No. 2: Produce copies of all correspondence between the Debtor and Visagent for the period January 1, 2000 to January 1, 2005.

2

> Response to Document Request No. 2: Debtors will produce any such documents in their possession, custody or control.

> Document Request No. 3: Produce copies of all internal communications of and between employees of the Debtor for the period January 1, 2000 and January 1, 2005, referencing in any way Visagent Corporation.

Response to Document Request No. 3: Subject to their general objections, Debtors will produce any such documents in their possession, custody or control.

> Document Request No. 4: Produce all e-mails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between Debtor and Dayman & Associates, Inc. for the period June 15, 2001 to present.

Objection to Document Request No. 4: Debtors object to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 4: Subject to their general and specific objections, Debtors will produce any agreements between them and Dayman & Associates, Inc.

> Document Request No. 5: Produce all e-mails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and Victory Wholesale Grocers for the period June 15, 2001 to present.

Objection to Document Request No. 5: Debtors object to this request because it is overly broad and burdensome.

3

Response to Document Request No. 5: Subject to their general objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

> Document Request No. 6: Produce all e-mails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and C&S Wholesale Grocers for the period June 15, 2001 to present.

Objection to Document Request No. 6: Debtors object to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 6: Subject to their general objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

> Document Request No. 7: Produce all e-mails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and Food Marketing Group for the period June 15, 2001 to present.

Objection to Document Request No. 7: Debtors object to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 7: Subject to their general objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

4

> Document Request No. 8: Produce all e-mails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and WorldWide Retail Exchange for the period June 15, 2001 to present.

Objection to Document Request No. 8: Debtors object to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 8: Subject to their general objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

> Document Request No. 9: Produce all e-mails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and intersource, Inc. for the period June 15, 2001 to present.

Objection to Document Request No. 9: Debtors object to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 9: Subject to their general objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

> Document Request No. 10: Produce all financial reports for the calendar years 2001, 2002, 2003, and 2004 that show actual sales or purchases by the Debtor in the secondary market.

5

Objection to Document Request No. 10: Debtors object to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 10: Subject to their general and specific objections, Debtors will produce documents which document Debtors' purchases or sales of goods in the secondary markets from June 28, 2001 to June 28, 2004.

> Document Request No. 11: Produce all business transaction reports regarding the business of the Debtor provided by Victory Wholesale Grocers for the period June 15, 2001 to present.

Objection to Document Request No. 11: Debtors object to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 11: Subject to their general and specific objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

> Document Request No. 12: Produce all business transaction reports regarding the business of the Debtor provided by Dayman & Associates, Inc. for the period June 15, 2001 to present.

Objection to Document Request No. 12: Debtors objects to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 12: Subject to their general objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

> Document Request No. 13: Produce all business transaction reports regarding the business of the Debtor provided by Food Marketing Group for the period June 15, 2001 to present.

Objection to Document Request No. 13: Debtors object to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 13: Subject to their general objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

> Document Request No. 14: Produce all forecast reports prepared by any employee of Debtor during the period January 1, 2000 and January 1, 2005 that show expected sales or purchases in the secondary market by Debtor.

Objection to Document Request No. 14: Debtors object to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 14: Debtors will produce any such reports in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

>Document Request No. 15: Produce all forecast reports prepared by or on behalf of any non-employee of Debtor or any other entity not a Debtor in this case during the period January 1, 2000 and January 1, 2005 that shows expected sales or purchases in the secondary market by Debtor.

Objection and Response to Document Request No. 15: See objection and response to Document Request No. 14.

>Document Request No. 16: Produce all projection or forecast reports regarding the business of the Debtor provided by Victory Wholesale Grocers for the period June 15, 2001 to present.

Objection and Response to Document Request No. 16: See objection and response to Document Request No. 14.

>Document Request No. 17: Produce all projection or forecast reports regarding the business of the Debtor provided by Food Marketing Group for the period June 15, 2001 to present.

Objection and Response to Document Request No. 17: See objection and response to Document Request No. 14.

>Document Request No. 18: Produce all projection or forecast reports regarding the business of the Debtor provided by Food Marketing Group for the period June 15, 2001 to present.

Objection and Response to Document Request No. 18: See objection and response to Document Request No. 14.

8

>Document Request No. 19: Produce all electronic data transmissions from any wholesaler that provided detailing "in stock" product availability during the period January 1, 2000 through January 1, 2005.

Objection to Document Request No. 19: Debtors object to this request because it will not lead to the discovery of admissible evidence.

Response to Document Request No. 19: Subject to their general objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

>Document Request No. 20: Produce all electronic data transmissions from any retailer that provided detailing "in stock" product availability during the period January 1, 2000 through January 1, 2005

Objection to Document Request No. 20: Debtors object to this request because it will not lead to the discovery of admissible evidence.

9

<u>Response to Document Request No. 20</u>: Subject to their general objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

        SKADDEN, ARPS, SLATE,
        MEAGHER & FLOM LLP
        D.J. Baker
        Sally McDonald Henry
        Rosalie W. Gray
        Four Times Square
        New York, New York 10036
        (212) 735-3000
        (212) 735-2000 (facsimile)
        djbaker@skadden.com

        and

        SMITH HULSEY & BUSEY

        By _____
           Stephen D. Busey
           James A. Bolling
           David L. Gay
        F.B.N. 893221
        225 Water Street, Suite 1800
        Jacksonville, Florida 32202
        (904) 359-7700
        (904) 359-7708 (facsimile)
        dgay@smithhulsey.com

        Co-Counsel for Debtors

### Certificate of Service

I hereby certify that a copy of the foregoing has been furnished **by mail and facsimile** to Guy Bennett Rubin, Esq., Rubin & Rubin, Post Office Box 395, Stuart, Florida and Paul M. Harden, Esq., Rubin & Rubin, 1301 Riverplace Boulevard, Suite 2601, Jacksonville, Florida 32207, this 25th day of August, 2006.

_____
Attorney

540378.1

11

AUG-25-2006 FRI 05:31 PM                              FAX NO.                    P. 01

LAW OFFICES
## SMITH HULSEY & BUSEY
1800 WACHOVIA BANK TOWER
225 WATER ST.
JACKSONVILLE, FLORIDA 32201-3315

TELEPHONE
904 359-7700
FACSIMILE
904 353-9908
904 359-7708

### FACSIMILE INSTRUCTIONS

DATE: 8/25/06

TO: Guy Bennett Rubin, Esq.

FROM: David L. Gay, Esq.

RE: Visagent Corp.

FACSIMILE NUMBER: (772) 283-2009    TIME: 5:15 pm

CONFIRMATION NUMBER: _____

NUMBER OF PAGES SENT: 28    (INCLUDING COVER PAGE)

SPECIAL INSTRUCTIONS: _____

IF YOU DO NOT RECEIVE ALL PAGES AS INDICATED, PLEASE CALL (904) 359-7776

ATTORNEY APPROVAL _____

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect), and return the original message to us at the above address via the U.S. Postal Service. Thank You.