UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                    Case No. 05-03817-3F1
                                    )
WINN-DIXIE STORES, INC., et al.,    )   Chapter 11
                                    )
        Reorganized Debtors.        )   Jointly Administered
_____     )

ORDER ON VISAGENT CORPORATION'S
FIRST MOTION TO COMPEL: PRODUCTION OF DOCUMENTS,
BETTER ANSWERS TO VISAGENT'S FIRST SET OF INTERROGATORIES
AND THE DEPOSITION OF DEBTOR'S CORPORATE REPRESENTATIVE

Before the Court is Visagent Corporation's first motion to compel (Docket No. 16225) Winn-Dixie Stores, Inc. to fully respond to Visagent's discovery requests. The Court conducted a hearing on the motion on June 14, 2007. Upon consideration, it is

ORDERED:

1. Visagent Corporation's motion to compel against Winn-Dixie Stores, Inc. (Docket No. 16225) is granted in part and denied in part.

2. Visagent Corporation's motion to compel the deposition of the Debtor's corporate representative is denied, without prejudice. Visagent Corporation may not depose the Debtor's witnesses until 20 days after Visagent Corporation produces the original computer disk or disks from which Visagent Corporation obtained the information it produced pursuant to Visagent Corporation's Supplemental Response to Debtors' First Request for Production.

3. Visagent Corporation's motion to compel the Debtors to produce original documents responsive to Document Request Numbers 1, 2 and 3 is denied as

moot because of Debtor's prior agreement to produce the originals of the copies of the documents the Debtors have produced responsive to such Document Requests which are in the Debtor's possession, custody or control.

4. The Debtors shall make a reasonable effort to locate documents regarding their communications with Dayman & Associates during the period June 28, 2001 to December 28, 2004 and produce such documents in the Debtor's possession, custody or control.

5. The Debtors shall produce documents responsive to Document Request Numbers 5 through 9 for the period June 28, 2001 through December 28, 2004 which are in the Debtor's possession, custody or control which the Debtors have not already produced.

6. Visagent Corporation's motion to compel documents responsive to Document Request Numbers 10 through 18 is denied.

7. The Debtors have represented that, to the extent Debtors have documents in their possession, custody or control responsive to Document Request Numbers 19 and 20, Debtors have produced such documents. If the Debtors discover responsive documents other than those which the Debtors have already produced, Debtors shall produce such documents to Visagent no later than 60 days prior to the beginning date of any trial on this matter, failing which, the Debtors will be precluded from using such documents at trial.

8. Visagent Corporation's motion to compel regarding Interrogatory Numbers 6 through 9 and 12 through 14 is denied without prejudice.

Dated this _21_ day of June, 2007 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Guy Bennett Rubin is directed to serve a copy of this Order on all parties who received copies of the Motion.

00569759

3