## Gladys LaForge

**From:** Guy Rubin
**Sent:** Thursday, August 23, 2007 4:51 PM
**To:** David L. Gay
**Cc:** busey@smithhulsey.com; Gladys LaForge; kglasby@cpvlaw.com
**Subject:** Visagent v WD - discovery

Mr. Gay,

Let this email confirm that you have provided NO documents responsive to Visagent's Second Request For Production which Debtor indicated would be provided back in June. I have brought this to your attention and filed a motion in this regard, yet you have failed to provide any documents. Furthermore, you have not provided any documents as ordered by Judge Funk at the hearing in June in connection with Visagent's First Motion To Compel, other than a thin file of Dayman private labeling documents, despite the passage of 10 weeks since Judge Funk's ruling.

Visagent reserves the right to redepose Debtor's corporate representative upon receipt of the documents responsive to the subject request.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
520 S. Federal Highway
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

> **From:** David L. Gay [mailto:dgay@smithhulsey.com]
> **Sent:** Thursday, August 23, 2007 3:38 PM
> **To:** Guy Rubin
> **Subject:** RE: Visagent v WD
>
> Mr. Rubin,
>
> We received your memorandum below this afternoon regarding the documents we have produced to you and tomorrow morning's deposition.
>
> You note that at least one of the original documents we produced to you yesterday may not be among the 10,000+ pages of documents we previously produced to you. You ask that we determine whether the document was previously produced. We will attempt to make that determination, but cannot do so before the deposition tomorrow morning.
>
> You note that some of the instant messages we produced to you contain handwritten dates and others do not. You ask that we provide you with information from which you can determine the dates of the instant

messages. We will endeavor to do that but won't be able to do so before the deposition tomorrow. In any event, Visagent was a party to all of the instant messages, and should be able to determine the dates as well as Winn-Dixie can.

You ask that the deposition tomorrow go beyond the seven hours allowed by Rule 30(d)(2). You suggest that the deposition last twelve or more hours. We have previously asserted that Rule 30(d)(2) limits depositions to one day of seven hours. We do not agree to your suggested twelve or more hours.

**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:guy.rubin@rubinandrubin.com]
**Sent:** Thursday, August 23, 2007 1:35 PM
**To:** David L. Gay
**Cc:** Kristen Gallas; Gladys LaForge; Stephen D. Busey; Paul M Harden
**Subject:** Visagent v WD

Mr. Gay,

Regarding the physical inspection of documents at your office yesterday, I am concerned whether you have previously produced all of the documents claimed to be the complete production. As I indicated yesterday, I believe the document you Bates stamped V10335 yesterday from the "original" documents inspected has not been previously produced. We have searched our copies of documents previously stamped and supplied by your firm, but we cannot find this same document. Since there are a large volume of documents in the total production, I am not making an accusation, but rather identifying a concern. Accordingly, please identify by prior Bates stamp numbering the document that matches V10335. If one exists and was previously marked and produced, I will be relieved that there are not other documents which may be responsive to our requests that have not been produced. If you cannot find an identical document to V10335, then we may have a problem. Please advise as soon as possible.

Next, as we discussed in person yesterday, I have requested a disk or some way to correlate dates and times to the Instant Messages in WD's production. The disks you previously provided do not have this information, so we are left to guess when they were sent, and we will have a problem with context when we attempt to correlate the documents or ask questions about them in discovery or at trial. WD obviously has a method to date these IMs because there are handwritten dates on copies of many of these documents which we inspected yesterday. You advised me in person that no employee of your firm placed those dates on the IMs. Please advise as soon as possible when I can expect this information.

On another note, in preparing for the deposition of the corporate representative scheduled to

occur tomorrow, it is clear that based upon the sheer number of documents to be identified and the period of time in controversy in this case, that 7 hours will be insufficient to address what needs to be covered in a deposition of this magnitude. Rather than taking the court's time to seek additional time under Rule 30(b), I hereby request that we agree to a reasonable additional period of 5 hours, making a total of 12 hours, if necessary. If 12 hours is not sufficient when we get to that time, we can either agree to additional time, or I could seek further relief. Of course, this agreement would be reciprocal, and would allow your firm the same amount of time for the Visagent corporate representative. Please advise if this is something to which the Debtor can agree.

Thank you for your prompt attention to these matters.

From the desk of:

Guy Bennett Rubin, Esq.

Rubin & Rubin, Attorneys and Counselors

520 S. Federal Highway

Stuart, Florida 34994

772.283.2004

772.283.2009 fax

guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

11/19/2007