UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                          )          CASE NO.: 05-03817-3F1
                                                )
WINN-DIXIE STORES, INC. et al                   )          Chapter 11
                                                )
          Debtors.                              )          Jointly Administered

## RE-NOTICE OF TAKING DEPOSITION ADDING NOTICE OF VIDEOTAPING AND EXPANDING 30(B)(6) AREAS OF KNOWLEDGE

TO:   **CORPORATE REPRESENTATIVE(S) OF: Winn-Dixie Store, Inc.**
      **David L. Gay, Esq.**
      Smith Hulsey & Busey
      225 Water St., Ste. 1800
      Jacksonville, Florida 32202

PLEASE TAKE NOTICE that VISAGENT CORP. through and by undersigned counsel, will take the deposition by oral examination and recorded by a videographer, pursuant to Fed. R. Civ. P. 30 & 45, of the person or persons named below, at the time, date and at the hour and place indicated from day to day until concluded.

**THE CORPORATE REPRESENTATIVE(S) OF WINN-DIXIE STORES INC., WHO HAS/HAVE THE MOST KNOWLEDGE REGARDING:**

1. Purchases and sales by Debtor in the secondary market during the time period of 2000 through 2005.
2. Purchases and sales of inventory by Debtor with any non-manufacturer during the time frame 2000 through 2005.
3. Purchases and sales of whole truckloads in the secondary market by Debtor to with non-manufacturer during the time frame 2000 through 2005.
4. Purchases and sales of partial, LTL, or less than, truckloads in the secondary market by Debtor with non-manufacturer during the time frame 2000 through 2005.
5. All aspects of Debtor's custom and practices in the secondary markets for any goods bought or sold by Debtor in these markets during the time frame 2000 through 2005.

6. All aspects of Debtor's custom and practices in dealings with diverters or alternate source vendors during the time frame 2001 through 2004.
7. Purchases and sales through or facilitated by Victory Wholesale Grocers during the time period of 2000 through 2005.
8. All aspects of the relationship and dealings between Debtor and Victory during the time period of 2000 through present.
9. Purchases and sales through or facilitated by Dayman & Associates during the time period of 2000 through 2005.
10. All aspects of the relationship and dealings between Debtor and Dayman & Associates during the time period of 2000 through present.
11. Purchases and sales through or facilitated by Food Marketing Group (FMG) during the time period of 2000 through 2005.
12. All aspects of the relationship and dealings between Debtor and FMG during the time period of 2001 through present.
13. Purchases and sales through or facilitated by Worldwide Retail Exchange (WWRE) during the time period of 2000 through 2005.
14. All aspects of the relationship and dealings between Debtor and WWRE during the time period of 2000 through present.
15. Purchases and sales through or facilitated by intesource during the time period of 2000 through 2005.
16. All aspects of the relationship and dealings between Debtor and Intesource during the time period of 2000 through present.
17. All aspects of the relationship and dealings between Debtor and C&S Wholesale Grocers, Inc. during the time period of 2000 through present.
18. All aspects of the Outside Sales Program (OSC) in connection with Visagent or any other entity during the time period of 2001 through present.
19. Administration of the Service Agreement between Visagent and Winn-Dixie which is the subject of this litigation including all transactions by Winn-Dixie made pursuant to said agreement.
20. All correspondence, communications (internal or external), conferences, meetings, representations and any other aspect of the relationship between Visagent and Debtor from 2000 to present.
21. All defenses to the claims of Visagent in this litigation.

This deposition will take place **Monday, April 30, 2007, at office of Hedquist and Associates, 345 East Forsyth Street, Jacksonville, Florida 32202, commencing at 10:00 am.** The deposition(s) shall be upon oral examination, before an Official Court Reporter, or a Notary Public in and for the State of Florida at Large, or some other officer duly authorized by law to take depositions. The deposition(s) is/are being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes

as are permitted under the applicable and governing rules. Said deposition(s) shall continue from hour to hour, and day to day until completed.

In accordance with the Americans with Disabilities Act, persons in need of a special accommodation to participate in this proceeding shall, within seven (7) days prior to any proceeding, contact the Clerk, Clerk of the United States District Court, Jacksonville, FL 34950, (904) 803-3400.

PLEASE BE GOVERNED ACCORDINGLY.

DATED on April 4, 2007.

### CERTIFICATE OF SERVICE

I certify that a true copy was sent via U.S. Mail to Smith Hulsey & Busey, Stephen D. Busey, Esq., David L. Gay, Esq., James H. Post, Esq., Cynthia C. Jackson, Esq., 225 Water Street, Suite 1800, Jacksonville, FL 32202, counsel for the Debtor this 4th day of April, 2007.

Laurence C. Huttman, Esq. FBN 0096415 for:
GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Counsel for Visagent Corp.

3