November 20, 2007

J. Adrian Barrow
P.O. Box 350423
Jacksonville, Fl 32235-0423
Phone: (h) - 904-928-0579
© - 904-571-46~~

FILED
JACKSONVILLE, FLORIDA
NOV 21 2007
CLERK, U.S. BANKRUPTCY
MIDDLE DISTRICT OF FLA.

To:   HONORABLE JERRY A. FUNK
      UNITED STATES BANKRUPTCY COURT
      MIDDLE DISTRICT OF FLORIDA
      300 North Hogan Street, Courtroom 4D
      JACKSONVILLE DIVISION
      Jacksonville, Florida 32202
      In: re: WINN-DIXIE STORES, INC., ET AL.,
      CASE No. 05-03817-3F1

Cc:   Clerk of the Court (For Filing Re: Winn-Dixie Stores, Inc., ET AL; CASE No. 05-03817-3F1)
      United States Courthouse
      300 North Hogan St.
      Suite 3-350
      Jacksonville, Florida 32202

**SUBJECT:**
Follow Up To Filing Application for Claim Cure for J. Adrian Barrow
Regarding Filing of My Original August 15, 2006 Objection To Winn-Dixie Stores, Inc. (Debtor) Submitting for Rejection of (i) the prepetition employment-related contract of former employee.

I, J. Adrian Barrow, have submitted on a number of occasions (August 15, 2006 and again on January 4, 2007) my position for the court to Cure my Claim with all documentation. Parties also copied on these communications were the Clerk of Court and you, the Honorable Jerry Funk.

In brief, on August 15, 2006, as requested, I filed my original Objection to the appropriate parties. You, the Honorable Judge Jerry A. Funk, did remove my prepetition Executory Contract from the list of those to be rejected so as to be considered at a later date in order to move forward with the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors.

Again on January 4, 2007 as requested and within the timeline given and with documentation, I filed my application for payment of the Balance of my Claim Cure per the instructions received by mail from Logan & Company, Claims and Noticing Agent. I did inform all parties in this claim that I received Partial Cure of my Claim in the form of the new issue of Winn-Dixie stock. My Claim was for Full Restitution as a "secured creditor" per my Contract. Additionally, I have not signed any documents releasing any parties, i.e., corporation, officers, or individuals, et al. from curing my claim.

Judge Funk, as of today, November 20, 2007, I still have not received your ruling on my claim. I would appreciate receiving your decision in writing mailed to me at the address above. I have also attached my settlement request to remedy my claim now and forever after for your and Winn-Dixie's review.

In keeping with the protocol previously established by the Court and Noticing Agents on acceptable time lines for responses, I look forward to receiving your written decision/ruling by December 5, 2007.

Regards,

s/ Jeffery Adrian Barrow

J. Adrian Barrow, SPHR

Attachment: J. Adrian Barrow's SETTLEMENT CLAIM CURE

J. ADRIAN BARROW'S SETTLEMENT CLAIM CURE

1.  SUPPLEMENTAL RETIREMENT ACCOUNT (SRP)
    This account was funded from what I had deducted from my paycheck for approximately 10 years as savings in preparation for my retirement. When Dedra Dogan, an Officer of the Company and VP Corporate and Field Human Resources eliminated my position as Director of Human Resources, Field Operations, my request to pay this account out to me in a lump sum was refused because I had initially set up this retirement account to be paid out over a 10-year period.

    A. Original Claim Amount Provided By Winn-Dixie - $227,244.34 (Claim Number 7349)

    My Supplemental Retirement Account Balance as of my 6/30/06 T. Rowe Price Statement was $201,624.40. Shortly thereafter, Winn-Dixie took my funds and my account vanished.

2.  MANAGEMENT SECURITY PLAN (MSP)
    A.  According to the Winn-Dixie letter from VP of Performance and Rewards Systems (Claim No. 7339) upon reaching 65, I would be entitled to my monthly payout of $1,482.61 for the 120 months under the plan. The Net Present Value (NPV) needs to be re-computed at my current age (58) in order to FUND a 10-year retirement payout as outlined in the MSP plan. As of December 31, 2007, the new NPV computed with a reasonable 6.0% return would be $130,945.66 per my calculations. (Winn-Dixie should validate this Net Present Value calculation amount and use their records to verify the figures.) The death benefit portion of the MSP Plan is to be paid out as originally established to my beneficiary in the amount of $59,304.

3.  DOLLAR AMOUNT OF MY SRP AND MSP ACCOUNTS
    SRP Actual Balance as of 6/30/07         - $201,624.40
    MSP NPV At 65 Payout of 120 months       - $130,945.66 (Death Benefit Not Included)
    Total Value of Both Accounts             - **$332,570.06**

4.  Winn-Dixie's Partial Payment To Me By New Issue Of 10,174 Shares of Common Stock –
    A.  Value of Stock Received – $141,418.60

5.  Total Current Value of My SRP & MSP Accounts    - $332,570.06
    Less Partial Payment Received From Winn-Dixie   - $141,418.60
    **Balance Amount Due To Barrow**                - **$191,201.46**

The balance owed Barrow will be acceptable via a lump sum cash payout or the New Winn-Dixie Stock Issue at the current share price. This settlement claim cure remains good through January 31, 2008. A representative may be appointed by the Court for Winn-Dixie to contact Barrow and execute this Claim Cure with the documentation mutually agreed upon.

If this Settlement Claim Cure is not resolved and executed by this date, future circumstances and/or actions brought may necessitate additional remuneration to include but not limited to time, interest lost, legal expenses, etc. in order to arrive at an appropriate Claim Cure.