UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

AGREED ORDER OF RESOLUTION OF THE LITIGATION
CLAIM OF VERA PEEL (CLAIM NO. 8219)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and its affiliates (collectively, the "Reorganized Debtors") and claimant, Vera Peel (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). Based upon the consent of the parties appearing below, and it appearing to the Court that the proposed Agreed Order is for an agreed amount less than the $250,000 notice threshold established in the Claims Resolution Procedure and the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, as modified (the "Plan"), it is

ORDERED AND ADJUDGED:

1. Claim No. 8219 filed by Claimant is allowed in the amount of $185,000.00 as a Class 16 Other Unsecured Claim under the Plan.

2. This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 8219 and (ii) all other claims the Claimant has or may have against the Reorganized Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released. Nothing in this Order shall be construed to impair the Reorganized Debtors' rights to prosecute any claims or causes of action they may have against any

00585789

person (other than the Claimant) including, without limitation, the Reorganized Debtors' claim against Lifeclinic International, Inc. or it successors, agents, insurers or assigns any way growing out of Claim No. 8219.

3. Pursuant to the Plan, distribution will be made on the allowed Claim (i) to the person and address as set forth in the proof of claim form filed on behalf of the Claimant and (ii) at such time as required by the Plan.

4. The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Reorganized Debtors in this Court or in any other forum and pay all applicable court costs, if any.

5. The Reorganized Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability. The Claimant, not the Reorganized Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement, except those Medicare liens or claims released by the United States Department of Health and Human Services pursuant to the Agreed Order entered by this Court on March 9, 2007 (Docket No. 15439).

6. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _27_ day of _November_, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:
James H. Post
[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

00585789

Case 3:05-bk-03817-JAF   Doc 19052   Filed 11/27/07   Page 3 of 3

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| SMITH HULSEY & BUSEY | HESSE & BUTTERWORTH |
|---|---|
| By /s/ James H. Post | By /s/ Michael O. Hesse |
| James H. Post | Michael O. Hesse |
| Florida Bar Number 175460 | P.O. Drawer 1099 |
| 225 Water Street, Suite 1800 | St. Francisville, Louisiana 70775-1099 |
| Jacksonville, Florida 32202 | |
| (904) 359-7700 | Attorney for Claimant |
| (904) 359-7708 (facsimile) | |

Attorneys for the Reorganized Debtors

00585789