UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**SECOND AMENDED[1] AGREED ORDER RESOLVING
CURE OBJECTIONS FILED BY SOUTHLAND TRUST
ENTITIES (STORE NOS. 517, 1404, 1449, 2217 AND 2265)**

This cause originally came before the Court on (i) the Amended Omnibus Motion for Order to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief (the "Amended Omnibus Motion") filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors") (Docket No. 7966), (ii) the objections to the Amended Omnibus Motion (collectively, the "Cure Objections") filed by Southland-Birmingham W.D. Delaware Business Trust (Docket No. 8877), Southland-River Ridge W.D. Delaware Business Trust (Docket No. 8879), Southland-Amite W.D. Delaware Business Trust (Docket No. 8880), Southland-Crystal River W.D. Delaware Business Trust (Docket No. 8881) and Southland-Poinciana W.D. Delaware Business Trust (Docket No. 8882) (collectively, the "Southland Trusts") and (iii) the Twenty-Sixth Omnibus Objection to Claims Arising from Unexpired Leases of Non-Residential Real Property (I) That Have Been Assumed, (II) That Have Been Assumed and

---

[1] The Agreed Order (Docket No. 18445) and the Amended Agreed Order (Docket No. 18551) are amended (i) to correct the amount that the Reorganized Debtors have paid on allowed claim number 10871 and (ii) to reflect that the allowed claims filed by the Southland Trusts or their respective trustees have now been paid in full.

Assigned, or (III) That Are the Subject of Lease Termination Agreements filed by the Reorganized Debtors (Docket No. 12281) (the "Twenty-Sixth Omnibus Objection").

On November 30, 2006, the Court entered an order (Docket No. 12908) sustaining the Twenty-Sixth Omnibus Objection as to the proofs of claims listed on the exhibits to the order. On December 20, 2006, the Court entered an order (Docket No. 13344) correcting the Docket No. 12908 order. Included among the several proofs of claim listed on Exhibit B of the Order are claim numbers 10871, 10872, 10869, 10865 and 10868 filed by the Southland Trusts or their respective trustees (collectively, the "Southland Claims") and claim number 8825 filed by Principal Life Insurance Company ("Principal"). The Order reclassified the Southland Claims as well as claim 8825 to administrative priority in amounts to be determined by subsequent order.

On October 4, 2007, the Court entered an order (Docket No. 18445) overruling the Cure Objections and fixing the cure amounts for the Southland Claims. On October 18, 2007, the Court entered an amended order (Docket No. 18551) revising the Docket No. 18445 order to change the payees of the remaining cure amounts owed by the Reorganized Debtors on the Southland Claims.

This Agreed Order revises the Docket No. 18445 and Docket No. 18551 orders (i) to correct the amount that the Reorganized Debtors have paid on allowed claim number 10871 and (ii) to reflect that the allowed claims filed by the Southland Trusts or their respective trustees have now been paid in full. Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objections are overruled as provided below.

2. Proof of claim number 10871, pertaining to Store No. 517, is allowed as an administrative claim in the amount of $38,527.04, $32,891.11 of which the Reorganized Debtors have paid to the Southland Trusts' lender, CW Capital, LLC ("CW Capital") and $5,635.93 of which the Reorganized Debtors have paid to Southland – Birmingham WD Delaware Business Trust[2] in full satisfaction of any right to cure that the Wilmington Trust Company and the Southland Trusts have or may have under 11 U.S.C. §365 or otherwise. The claimant, Wilmington Trust Company, as trustee of the Southland – Birmingham WD Delaware Business Trust, confirms and acknowledges that the payment of the $5,635.93 was made to Southland – Birmingham WD Delaware Business Trust.

3. Proof of claim number 10872, pertaining to Store No. 1404, is allowed as an administrative claim in the amount of $14,185.54, $10,970.67 of which the Reorganized Debtors have paid to the Southland Trusts' lender, CW Capital and $3,214.87 of which the Reorganized Debtors have paid to Southland – River Ridge WD Delaware Business Trust[3] in full satisfaction of any right to cure that the Wilmington Trust Company and the Southland Trusts have or may have under 11 U.S.C. §365 or otherwise. The claimant, Wilmington Trust Company, as trustee of the Southland – River Ridge WD Delaware Business Trust, confirms and acknowledges that the payment of the $3,214.87 was made to Southland – River Ridge WD Delaware Business Trust.

4. Proof of claim number 10869, pertaining to Store No. 1449, is allowed as an administrative claim in the amount of $8,845.97, $4,291.17 of which the Reorganized Debtors have paid to the Southland Trusts' lender, CW Capital and $4,554.80 of which

---

[2] The Reorganized Debtors remitted the $5,635.93 payment to Southland – Birmingham WD Delaware Business Trust at 2 North Riverside Plaza, Suite 600, Chicago, Illinois 60606.
[3] The Reorganized Debtors remited the $3,214.87 payment to Southland – River Ridge WD Delaware Business Trust at 2 North Riverside Plaza, Suite 600, Chicago, Illinois 60606.

the Reorganized Debtors have paid to Southland – Amite WD Delaware Business Trust[4] in full satisfaction of any right to cure that the Wilmington Trust Company and the Southland Trusts have or may have under 11 U.S.C. §365 or otherwise. The claimant, Wilmington Trust Company, as trustee of the Southland – Amite WD Delaware Business Trust, confirms and acknowledges that the payment of the $4,554.80 was made to Southland – Amite WD Delaware Business Trust.

5.  Proof of claim number 10865, pertaining to Store No. 2217, is allowed as an administrative claim in the amount of $9,882.45, $6,914.15 of which the Reorganized Debtors have paid to the Southland Trusts' lender, CW Capital and $2,968.30 of which the Reorganized Debtors have paid to the claimant, Southland – Crystal River WD Delaware Business Trust,[5] in full satisfaction of any right to cure that the Southland Trusts have or may have under 11 U.S.C. §365 or otherwise.

6.  Proof of claim number 10868, pertaining to Store No. 2265, is allowed as an administrative claim in the amount of $12,110.31, $8,986.72 of which the Reorganized Debtors have paid to the Southland Trusts' lender, Principal and $3,123.59 of which the Reorganized Debtors have paid to the claimant, Southland – Poinciana WD Delaware Business Trust,[6] in full satisfaction of any right to cure that the Southland Trusts have or may have under 11 U.S.C. §365 or otherwise.

7.  Proof of claim number 8825, pertaining to Store No. 2265, is disallowed in its entirety.

---

[4] The Reorganized Debtors remitted the $4,554.80 payment to Southland – Amite WD Delaware Business Trust at 2 North Riverside Plaza, Suite 600, Chicago, Illinois 60606.
[5] The Reorganized Debtors remitted the $2,968.30 payment to Southland – Crystal River WD Delaware Business Trust at 2 North Riverside Plaza, Suite 600, Chicago, Illinois 60606.
[6] The Reorganized Debtors remitted the $3,123.59 payment to Southland – Poinciana WD Delaware Business Trust at 2 North Riverside Plaza, Suite 600, Chicago, Illinois 60606.

8. This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store Nos. 517, 1404, 1449, 2217 and 2265 including, without limitation, claim numbers 10871, 10872, 10869, 10865, 10868 and 8825 and (ii) all other pre-petition or pre-effective date[7] claims pertaining to Store Nos. 517, 1404, 1449, 2217 and 2265 that the Wilmington Trust Company, any of the Southland Trusts or Principal have or may have against the Reorganized Debtors and any of their Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

9. Post-effective date liabilities and obligations will be handled by the parties in accordance with the applicable lease terms and ordinary course practices.

10. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this 27 day of November, 2007, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

588017

---

[7] The Effective Date was November 21, 2006, as determined by the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Docket No.12440) and the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims (Docket No. 12991).

## **Consent**

The undersigned parties consent to the entry of the foregoing Agreed Order.

NEAL, GERBER & EISENBERG LLP

By   *s/ Thomas C. Wolford**
      Thomas C. Wolford

2 North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-5675
(312) 750-6471 (facsimile)
twolford@ngelaw.com

Counsel for the Southland Entities and
Wilmington Trust Company

SMITH HULSEY & BUSEY

By   *s/ Cynthia C. Jackson*
      Cynthia C. Jackson, F.B.N. 498882

225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for Reorganized Debtors

DUANE MORRIS LLP

By   *s/ Margery N. Reed**
      Margery N. Reed

30 South 17th Street
Philadelphia, Pennsylvania 19103
(215) 979-1000
(215) 979-1020 (facsimile)
MReed@duanemorris.com

Counsel for Principal Life Insurance Company

*Counsel have authorized their electronic signatures.

588017