AUG-25-2006 FRI 05:31 PM                    FAX NO.                      P. 02
    AUG-25-2006 FRI 05:18 PM TOM BARR      FAX NO. 8043706102      P. 01/12

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' RESPONSE TO VISAGENT
## CORPORATION'S FIRST SET OF INTERROGATORIES

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") respond to Visagent Corporation's first set of interrogatories as follows:

### General Objections

Debtors object to these interrogatories (i) to the extent they require the disclosure of information protected by the attorney-client privilege or the work product doctrine, (ii) to the extent they seek confidential information, including proprietary information, absent the entry of a protective order governing confidentiality, and (iii) because they and exceed the number allowed by Rule

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Ir· ··· ···xie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

7033, Federal Rules of Bankruptcy Procedure. The responses below are subject to these general objections.

### Specific Objections and Answers

Interrogatory No. 1: State the name of the person answering these interrogatories and all persons who assisted in any manner in providing the information in which to answer these interrogatories.

Answer to Interrogatory No. 1: James A. Bolling, David L. Gay, and Tom Barr.

Interrogatory No. 2: Identify all current Winn-Dixie employees who have knowledge of the negotiations leading up to the execution of the Service Agreement, and for each, please identify: a) his or her name, b) position or title during the relevant time, c) current position or title, d) name of the employee's immediate superior during the relevant time and d) the scope of said employee's knowledge

Answer to Interrogatory No. 2:

a) Tom Barr, b) Alternate Source Manager, c) Buyer, d) Daryl Mills

a) Kevin Gates, b) Business Systems Manager, c) same, d) Daryl Mills

a) Dan Lefever, b) Senior Vice President, Procurement, c) Division President, Orlando, d) Al Rowland

d) For each of the preceding, the employees scope of knowledge included general knowledge of the negotiations leading up to the execution of the Service Agreement.

2

**Interrogatory No. 3:** Identify all former Winn-Dixie employees who have knowledge of the negotiations leading up to the execution of the Service Agreement, and for each, please identify: a) his or her name, b) position or title during the relevant time, c) current position or title, d) name of the employee's immediate superior during the relevant time and d) the scope of said employee's knowledge.

**Answer to Interrogatory No. 3:**

a) Philip Payment, b) Vice President, Central Procurement, c) unknown, d) Dan Lefever

a) Daryl Mills, b) Director of Strategy and Business Planning, c) unknown, d) Phillip Payment

a) Patricia Mitchell, b) in-house counsel, c) unknown, d) Ron Peterson

a) Ron Peterson, b) Counsel, c) unknown, d) unknown

a) Richard Judd, b) Senior Vice President, c) unknown, d) Al Rowland

d) For each of the preceding, the employees scope of knowledge included general knowledge of the negotiations leading up to the execution of the Service Agreement.

3

Interrogatory No. 4:  Identify all current Winn-Dixie
employees who have knowledge of the administration
of the Service Agreement after it was executed until
June 28, 2004, and for each, please identify:  a) his or
her name, b) position or title during the relevant time,
c) current position or title, d) name of the employee's
immediate superior during the relevant time and d) the
scope of said employee's knowledge.

Answer to Interrogatory No. 4:

a) Tom Barr, b) Alternate Source Manager, c) Buyer, d) Daryl Mills

a) Kevin Gates, b) Business Systems Manager, c) same, d) Daryl Mills

a) Dan Lefever, b) Senior Vice President, Procurement, c) Division

President, Orlando, d) Al Rowland

d) For each of the preceding, the employees scope of knowledge included

general knowledge of the administration of the Service Agreement after it was

executed.

Interrogatory No. 5:  Identify all former Winn-Dixie
employees who have knowledge of the administration
of the Service Agreement after it was executed until
June 28, 2004, and for each, please identify:  a) his or
her name, b) position or title during the relevant time,
c) current position or title, d) name of the employee's
immediate superior during the relevant time and d) the
scope of said employee's knowledge.

Answer to Interrogatory No. 5:

a) Philip Payment, b) Vice President, Central Procurement, c) unknown, d)

Dan Lefever

a) Chris Wilson, b) in-house counsel, c) unknown, d) unknown

4

d) For each of the preceding, the employees scope of knowledge included general knowledge of the administration of the Service Agreement after it was executed.

> Interrogatory No. 6: State the total dollar amount of Winn-Dixie purchases of full or truckload quantities of consumer packaged goods purchased or resold in a wholesale format in the secondary market:
>
> a. For the period June 28, 2001 through June 27, 2002.
> b. For the period June 28, 2002 through June 27, 2003.
> c. For the period June 28, 2003 through June 27, 2004.
> d. For the period June 27, 2004 through February 21, 2005
> e. For the time period February 21, 2005 through present.
> f. For each of the time periods in a through e of this interrogatory, state the total secondary market transactions by purchases, by sales for full or truckload quantities and by less than full or truckload quantities.

Objection to Interrogatory No. 6: Subparts d and e are overly broad and will not lead to the discovery of admissible evidence.

Answer to Interrogatory No. 6: Subject to Debtors' general and specific objections, the answer to this interrogatory may be derived or ascertained from documents Debtors will produce and the burden of deriving or ascertaining the answer is substantially the same for Visagent as it is for Debtors.

5

Interrogatory No. 7:  State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold in a wholesale format in the secondary market:

    a.  For the period June 28, 2001 through June 27, 2002.

    b.  For the period June 28, 2002 through June 27, 2003.

    c.  For the period June 28, 2003 through June 27, 2004.

    d.  For the period June 27, 2004 through February 21, 2005

    e.  For the time period February 21, 2005 through present.

    f.  For each of the time periods in a through e of this interrogatory, state the total secondary market transactions by purchases, by sales for full or truckload quantities and by less than full or truckload quantities.

Objection to Interrogatory No. 7:  Subparts d and e are overly broad and will not lead to the discovery of admissible evidence.

Answer to Interrogatory No. 7:  Subject to Debtors' general and specific objections, the answer to this interrogatory may be derived or ascertained from documents Debtors will produce and the burden of deriving or ascertaining the answer is substantially the same for Visagent as it is for Debtors.

Interrogatory No. 8:  State the total dollar amount of Winn-Dixie purchases of full or truckload quantities of consumer packaged goods purchased or resold through services of Victory Wholesale Grocers between June 28, 2001 and July 1, 2002.

Objection to Interrogatory No. 8:  The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

6

Answer to Interrogatory No. 8: Subject to Debtors' general and specific objections, to the extent that an answer to this interrogatory may be derived or ascertained from documents in Debtors' possession, Debtors will produce such documents.

Interrogatory No. 9: State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold through services of Victory Wholesale Grocers between June 28, 2001 and July 1, 2002.

Objection to Interrogatory No. 9: The interrogatory is overly broad and not likely to lead to the discovery of admissible evidence.

Answer to Interrogatory No. 9: Subject to Debtors' general and specific objections, to the extent that an answer to this interrogatory may be derived or ascertained from documents in Debtors' possession, Debtors will produce such documents.

Interrogatory No. 10: State the total dollar amount of Winn-Dixie purchases of full or truckload quantities of consumer packaged goods purchased or resold through the services of WorldWide Retail Exchange between June 28, 2001 and June 27, 2004.

Objection to Interrogatory No. 10: The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

Answer to Interrogatory No.10: Subject to its general and specific objections, none.

7

**Interrogatory No. 11:** State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold through the services of WorldWide Retail Exchange between June 28, 2001 and June 27, 2004.

**Objection to Interrogatory No. 11:** The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

**Answer to Interrogatory No. 11:** Subject to its general and specific objections, none.

**Interrogatory No. 12:** State the total dollar amount of Winn-Dixie purchases of full or truckload quantities of consumer packaged goods purchased or resold through services of intersource, Inc. between June 28, 2001 and July 1, 2002.

**Objection to Interrogatory No. 12:** The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

**Interrogatory No. 13:** State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold through the services of intersource, Inc. between June 28, 2001 and June 27, 2004.

**Objection to Interrogatory No. 13:** The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

**Interrogatory No. 14:** List all wholesalers that provided electronic data transmissions detailing "in stock" product availability during the period January 1, 2000 through January 1, 2005. Include the date that any listed entity or individual began such

8

transmissions and the gross value of purchases and sales, by month, for each.

Objection to Interrogatory No. 14: The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

Interrogatory No. 15: Identify all employees, agents or representatives of Victory Wholesale Grocers who were permitted access to any part of Debtor's computer system during the period July 2, 2002 to present.

Objection to Interrogatory No. 15: The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

Answer to Interrogatory No. 15: Subject to its general and specific objections, Robert Carlson, Mark Blouin, Bruce Malcolm, Donna Shami, Melissa Fowler, Cindy Calatrava, and Nichole Stefanov.

9

AUG-25-2006 FRI 05:32 PM                         FAX NO.                    P. 11
    AUG-25-2006 FRI 05:18 PM TOM BARR          FAX NO. 9043706102          P. 10/12

**Interrogatory No. 16:** Identify all employees, agents or representatives of C&S Wholesale Grocers who were permitted access to any part of Debtor's computer system during the period July 2, 2002 to present

**Objection to Interrogatory No. 16:** The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

**Answer to Interrogatory No. 16:** Subject to its general and specific objections, none.

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
D.J. Baker
Sally McDonald Henry
Rosalie W. Gray
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

and

SMITH HULSEY & BUSEY

By _____
    Stephen D. Busey
    James A. Bolling
    David L. Gay

Florida Bar Number 893221
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
dgay@smithhulsey.com

10