UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA - JACKSONVILLE DIVISION

CASE NO.: 05-03817-3F1
IN RE:                                                                  CHAPTER 11

**WINN-DIXIE STORES, INC., et al.,**
　　Debtors.
_____/

## SHARON SOREY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND TO EXTEND BAR DATE OF UNLIQUIDATED CLAIM FOR PERSONAL INJURY

**COMES NOW, SHARON SOREY,** an unliquidated creditor/Plaintiff in a personal injury action against the Debtor, who files her Motion for Relief from the Automatic Stay and further requests that the bar date be extended for her to file an unliquidated claim against the Debtor and states as follows:

1. The court has jurisdiction over this matter pursuant to 11 U.S.C. Section 362 and various other applicable provisions of the United States Bankruptcy Code.

2. The Debtor filed Chapter 11 bankruptcy.

3. This creditor filed a claim demand against the Debtor on May 31, 2006.

4. A letter from Sedgwick Claims Management Services, Inc. on behalf of the Debtor dated July 7, 2006, and August 21, 2006, was sent in reply essentially rejecting the claimant's personal injury claim for a slip and fall in one of the Debtor's stores. No mention of the bankruptcy was made.

5. The claimant filed a complaint on September 4, 2007, in the Circuit Court of Sarasota County, Florida.

6. The Defendant filed answers and affirmative defenses on September 26, 2007.

7. The claimant was not listed on the matrix of creditors filed in this bankruptcy case and was not aware of the fact that the Defendant had filed bankruptcy until receiving a letter dated September 27, 2007, from the bankruptcy attorneys for Winn-Dixie Stores, Inc., demanding that the state court action against the Debtor be dismissed, that it is a violation of the automatic stay and further advising the claimant that the bar date for all creditor's claims was January 5, 2007.

**WHEREFORE** the creditor respectfully requests that the automatic stay be lifted so that she may continue her personal injury action against the Debtor outside the bankruptcy forum and that her bar date to file an unliquidated claim against the Debtor be extended since she had no knowledge of the Debtor's bankruptcy. To bar her claim at this time is inequitable and inconsistent with the Debtor's actions in responding to demands and filing answers and affirmative defenses in the state court action.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion for relief from the automatic stay and extension and request to extend the bar date was sent by U.S. Mail to **DAVID L. GAY, ESQUIRE,** 1800 Wachovia Bank Tower, 225 Water Street, Post Office Box 53315, Jacksonville, FL 32201-3315, **UNITED STATES TRUSTEE,** 501 E. Polk Street, Suite 1200, Tampa, FL 33602, on this 31 day of October, 2007.

_____
**JONATHAN E. HAUSBURG, ESQUIRE**
3202 North Tamiami Trail
Sarasota, Florida 34234
(941)351-9111
Florida Bar No. 335711
Attorney for Unsecured Creditor