UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al.,                          Case No. 3:05-bk-03817-JAF

Debtors.                                                  Chapter 11 – Jointly Administered

_____/

## MOTION TO ALLOW LATE FILED APPLICATION FOR ADMINISTRATIVE CLAIM OF ELAINE MADERA FOR POST-PETITION PERSONAL INJURY

Movant, ELAINE MADERA (the "Claimant"), by and through undersigned counsel, moves the Court for an Order authorizing her to file a late filed Application For Allowance of Administrative Claim For Post-Petition Personal Injury Claimant, attached hereto as Exhibit "A" ( the "Application"), and in support thereof states as follows:

1.       On February 21, 2005, the Debtors filed Voluntary Petitioners under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York and were transferred to this Court on April 13, 2005.

2.       On November 9, 2006, this Court entered an Order Confirming Debtors' Joint Plan of Reorganization (the "Confirmation Order").

3.       The Confirmation Order provides that pursuant to Section 12.1 of the Debtors' Joint Plan of Reorganization (the "Plan"), the deadline for filing requests for payment of post-petition administrative claims was January 5, 2007 (the "Administrative Claims Bar Date").

4.       On April 16, 2006, the Claimant suffered personal injuries as a result of the negligence by the Debtors at Store #2229, located in Marion County, Florida.

5.       On July 27, 2006, Pamela Bounds Olsen, Esq., ("Olsen") counsel for the

Debtor, sent a letter of representation to Debtor's insurance adjusters, Sedgwick Claims

Management Services, Inc. ("Sedgwick"), informing Sedgwick of the claim. A true copy of the

letter is attached hereto as Exhibit "B".

6.      Neither Claimant nor Olsen received any information from the Debtor or

Sedgwick regarding Debtor's bankruptcy in this matter or any filing deadlines that pertained to

this claim. However, during the early part of 2007, Olsen became aware of the Debtor's filing

bankruptcy and the Administrative Claims Bar Date regarding other personal injury files.

Timely filed applications for administrative claims regarding those files were submitted to this

Court. Olsen started a review of the personal injury files upon learning of the bankruptcy of the

Debtor. However, she did not discover that Elaine Madera's claim was subject to the claims bar

date until after January 5, 2007. A true copy of the Affidavits of Claimant and Olsen are

attached hereto as Composite Exhibit "C".

7.      Claimant has been prejudiced by the failure to directly receive notice of the

Administrative Claims Bar Date.

8.      The Debtor will not be prejudiced by the late filing of the Application because

the Debtor has had actual knowledge of Claimant's claims since at least July 27, 2006.

9.      11 U.S.C. 503(a) allows a claimant to tardily file an administrative claim for

cause.

10.      Rule 9006(b) (1) permits a court to allow late filed claims resulting from

excusable neglect resulting from inadvertence, mistake or carelessness. *Pioneer Inv. Services*

*Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380 (1993).*

11.    "Excusable neglect" is an equitable concept requiring consideration of the danger of prejudice to the Debtor, the length of the delay and its impact on the judicial proceedings, the reason for the delay and movant's good faith. *Pioneer page 395.*

12.    The failure to receive direct notice constitutes excusable neglect warranting allowance of the late filing of the Application.

13.    As a known creditor of the Debtor, the Claimant was entitled to actual notice of the claims bar date before their claims could be extinguished. In re Hillsborough Holdings Corp., 172 B.R. 108 (Bankr. M.D. Fla. 1994).

14.    As established by the Affidavits attached as Composite Exhibit "C", neither the Claimant nor Olsen received direct notice of the administrative claims bar date.

15.    Courts have consistently held that a late claim is not barred if there is no notice of the claims bar date. *In re Premier Membership Services, LLC, 276 B.R. 709, 713 (Bankr. S.D. Fla. 2002).* This is true even if the Creditor had a general knowledge of the bankruptcy case. *In re Spring Valley Farms, Inc., 863 F. 2d 832. 835 (11th Cir. 1989).*

16.    In the instant case, unlike the facts in *Spring Valley*, Olsen, but not the Claimant had notice of the administrative claims bar date for other claims. Spring Valley stated in dicta contained in footnote 2 of the opinion, that the result might be different if the claimants in that case had actual knowledge of the claims bar date. *Spring Valley* also cited to footnote 11 in the case of *Intaco Puerto Rico, Inc. vs. Gabriel Alverez & Associates, 494 F.2d 94 (C.A. Puerto Rico 1974).* However *Intaco* did not decide the issue if claimant had knowledge of the claims bar date.

17.    Claimant submits this court should not follow the dicta and inferences of *Intaco* and *Spring Valley* as Olsen did not receive notice of the Claims Bar Date for Claimaint.  Even if the court finds that notice on other files is sufficient, the undersigned submits that tardily discovering Claimant's file was also subject to the Administrative Claims Bar Date is excusable neglect. The undersigned further submits that this Court is not precluded from using the equitable considerations stated in *Pioneer* to allow Claimant to file a late administrative claim.

WHEREFORE, the Claimant, ELAINE MADERA, requests that this Court enter an order granting her relief from the Bar Notice, and pursuant to 11 U.S.C 503(a), and Rule 9006(b), authorizing the Claimant to file the Application and allow the claim to be liquidated.

Respectfully submitted this 19th day of December, 2007.

/s/ Brian J. Gillis
BRIAN J. GILLIS
Fla. Bar No. 0793639
BOGIN, MUNNS & MUNNS, P.A.
2601 Technology Drive
P.O. Box 2807 (32802-2807)
Orlando, Florida 32804
Tel. 407-578-1334
Fax 407-578-2181
Attorneys for Elaine Madera

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing application for allowance of administrative claim for post-petition personal injury claimant was served by Electronic Notice through the CM/ECF System and U.S. mail to James H. Post, Esq., Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Counsel for the Reorganized Debtors; Matthew Barr, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 1005, Counsel for the Post-Effective Date Committee;

U.S. Trustee by Electronic Notice through the CM/ECF System this 19th day of December,

2007.

/s/ Brian J. Gillis
BRIAN J. GILLIS
