UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al.,          Case No. 3:05-bk-03817-JAF

       Debtors.                             Chapter 11 – Jointly Administered
_____/

APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM
FOR POST-PETITION PERSONAL INJURY CLAIMANT

      Movant, ELAINE MADERA (the "Movant"), by and through undersigned counsel, and pursuant to 11 U.S.C. §503, respectfully requests this Court enter an Order approving this application for payment of administrative expense claim against the Estate, and to authorize payment of this claim (the "Application"), and in support thereof, states as follows:

      1. On February 21, 2005, the Debtors filed Voluntary Petitioners under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York and were transferred to this Court on April 13, 2005.

      2. On November 9, 2006, this Court entered an Order Confirming Debtors' Joint Plan of Reorganization (the "Confirmation Order").

      3. The Confirmation Order provides that pursuant to Section 12.1 of the Debtors' Joint Plan of Reorganization (the "Plan"), the deadline for filing requests for payment of post-petition administrative claims is January 5, 2007 (the "Administrative Claims Bar Date").

4. On April 16, 2006, the Movant suffered personal injuries as a result of the negligence by the Debtors at Store #2229, located in Marion County, Florida.

5. The personal injury claim of the Movant has yet to be liquidated.

6. Neither the Claimant nor her counsel, Pamela Bounds Olsen ("Olsen"), received notice of the Confirmation Order or Administrative Claims Bar Date pursuant to this claim. A copy of the Affidavits of the Movant and Olsen are attached as Composite Exhibit "A".

7. The Court may award an administrative expense priority under §503(b) of the "actual, necessary costs and expenses of preserving the estate ..." 11 U.S.C. §503(b)(1).

8. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

9. The Movant respectfully requested the Court enter an Order allowing this post-petition administrative expense claim, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of this post-petition claim, the Movant requests the Court enter an Order requiring the Debtors to pay the allowed administrative claim in full.

10. In accordance with Confirmation Order and Section 12.1 of the Plan, Movant has served a copy of the Application on counsel for the Reorganized Debtors and the Post-Effective Date Committee.

---

[1] See, e.g. *Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding) that damages resulting from fire caused by receiver's negligence were administrative expenses); *Reading Co. v. Brown*, 391 U.S. 741, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968 (holding) that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 1169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).

WHEREFORE, the Movant, ELAINE MADERA, requests that this Court enter an order (1) deeming the administrative claim asserted by the Movant as a timely assertion of an administrative claim subject to liquidation by either consent of the parties or a court of competent jurisdiction; (2) requiring the Debtors to pay the administrative expense claim immediately upon entry of an Order allowing the claim; and (3) granting any such further relief as this Court deems just and proper.

Respectfully submitted this ___ day of December 2007.

/s/ Brian J. Gillis
BRIAN J. GILLIS
Fla. Bar No. 0793639
BOGIN, MUNNS & MUNNS
2601 Technology Drive
P.O. Box 2807 (32802-2807)
Orlando, Florida 32804
Tel. 407-578-1334
Fax 407-578-2181
Attorneys for Elaine Madera

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing application for allowance of administrative claim for post-petition personal injury claimant was served by Electronic Notice through the CM/ECF System and U.S. mail to James H. Post, Esq., Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Counsel for the Reorganized Debtors; Matthew Barr, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 1005, Counsel for the Post-Effective Date Committee; U.S. Trustee by Electronic Notice through the CM/ECF System this ____ day of December, 2007.

/s/ Brian J. Gillis
BRIAN J. GILLIS

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al.,

        Debtors.

Case No. 3:05-bk-03817-JAF

Chapter 11 – Jointly Administered

_____/

## AFFIDAVIT

STATE OF FLORIDA    )
COUNTY OF MARION  )

Before me, the undersigned authority, personally appeared Elaine Madera, who, upon being duly sworn, deposes and says:

1. My name is Elaine Madera. I am over the age of eighteen, I have personal knowledge of the following facts and I am competent to testify. I am a resident of the State of Florida.

2. On April 16, 2006, I suffered personal injuries as a result of the negligence by the Debtors at Store #2229, located in Marion County, Florida. I never received notice of the bankruptcy of the Debtor or an administrative bar date that could affect my claim. My attorneys never received said notice either.

**FURTHER AFFIANT SAYETH NAUGHT**

*Elaine Madera*
Elaine Madera

SWORN AND SUBSCRIBED this 12th day of December, 2007, by Elaine Madera, who is [✓] personally known to me, or who [ ] produced _____ as identification.

*Elizabeth L Hetchler*
Notary Public

ELIZABETH L. HETCHLER
Comm# DD0291474
Expires 5/11/2008
Bonded thru (800)432-4254
Florida Notary Assn., Inc.

(seal)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al.,           Case No. 3:05-bk-03817-JAF

        Debtors.                              Chapter 11 – Jointly Administered
_____/

## AFFIDAVIT

STATE OF FLORIDA    )
COUNTY OF MARION    )

    Before me, the undersigned authority, personally appeared Pamela Bounds Olsen, who, upon being duly sworn, deposes and says:

    1.    My name is Pamela Bounds Olsen. I represent Claimant Elaine Madera for her personal injury claim against the Debtor. I am over the age of eighteen. I have personal knowledge of the following facts and I am competent to testify. I am a resident of the State of Florida.

    2.    On July 27, 2006, I sent a letter of representation to Debtor's insurance adjusters, Sedgwick Claims Management Services, Inc. ("Sedgwick"), informing Sedgwick of the claim. At no time thereafter did I receive notice from Sedgwick, the Debtor or this Court informing me of the Debtor's bankruptcy or the administrative claims bar date in response to the claim of Elaine Madera.

    3.    However, during the early part of 2007, I became aware of the Debtor's filing bankruptcy and the administrative claims bar date regarding other personal injury

files of our firm. Our office timely filed applications for administrative claims regarding those files.

4. My office started a review of the personal injury files upon learning of the bankruptcy of the Debtor. However, we did not discover that Elaine Madera's claim was subject to the claims bar date until after January 5, 2007, as no notice was ever received at this office or by the client, Ms. Madera. The attached Letter of Representation sent on July 27, 2006 is proof Winn Dixie was on notice of this claim.

**FURTHER AFFIANT SAYETH NAUGHT**

_____
Pamela Bounds Olsen

SWORN AND SUBSCRIBED this 12th day of December, 2007, by Pamela Bounds Olsen, who is [✓] personally known to me, or who [ ] produced _____ as identification.



_____
Notary Public

(seal)