UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**AGREED ORDER RESOLVING CURE OBJECTIONS FILED
BY TERRANOVA ENTITIES (STORE NOS. 209, 221, 254 AND 278)**

This cause originally came before the Court on (i) the Amended Omnibus Motion for Order to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief (the "Amended Omnibus Motion") filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors") (Docket No. 7966), (ii) the objections to the Amended Omnibus Motion (collectively, the "Cure Objections") filed by Westfork Tower, LLC, Concord-Fund IV Retail, LP, TA Cresthaven, LLC, Elston/Leetsdale, LLC and their property manager and agent Terranova Corp. (collectively, the "Terranova Entities") (Docket Nos. 8921, 12717, 17642 and 18812) and (iii) the Twenty-Sixth Omnibus Objection to Claims Arising from Unexpired Leases of Non-Residential Real Property (I) That Have Been Assumed, (II) That Have Been Assumed and Assigned, or (III) That Are the Subject of Lease Termination Agreements filed by the Reorganized Debtors (Docket No. 12281) (the "Twenty-Sixth Omnibus Objection").

On November 30, 2006, the Court entered an order (Docket No. 12908) sustaining the Twenty-Sixth Omnibus Objection as to the proofs of claims listed on the exhibits to the order. On December 20, 2006, the Court entered an order (Docket No. 13344) correcting the Docket No. 12908 order. Included among the several proofs of claim listed on Exhibit B of the Order are claim numbers 4935, 4936 and 8252 filed by the Terranova Entities (collectively, the "Terranova Claims"). The Order reclassified the Terranova Claims to administrative priority in amounts to be determined by subsequent order. Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objections are overruled.

2. The Terranova Claims are disallowed in their entirety.

3. Within fourteen (14) business days of entry of this Agreed Order, the Reorganized Debtors will remit a payment of $150,000 to Terranova Corp.

4. This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store Nos. 209, 221, 254 and 278 including, without limitation, claim numbers 4935, 4936 and 8252 and (ii) all other pre-petition or pre-effective date[1] claims pertaining to Store Nos. 209, 221, 254 and 278 that the Terranova Entities have or may have against the Reorganized Debtors and any of their Chapter 11 estates or affiliates, all of which

---

[1] The Effective Date was November 21, 2006, as determined by the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Docket No.12440) and the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims (Docket No. 12991).

are forever waived, discharged and released upon the Reorganized Debtors making the payment required by this Agreed Order. Except for the payment required by this Agreed Order, each party shall bear their own attorney's fees and expenses.

5. Post-effective date liabilities and obligations will be handled by the parties in accordance with the applicable lease terms and ordinary course practices.

6. Terranova Corp. and the Reorganized Debtors shall execute and file a stipulation for dismissal of plaintiff's complaint with prejudice, each party bearing their own attorney's fees and expenses, in the eviction case of *Concord-Fund IV Retail, L.P. v. Winn-Dixie Stores, Inc.*, County Court, Miami-Dade County, Florida, Case No. 06-04748.

7. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this 20 day of December, 2007, in Jacksonville, Florida.

　　　　　　　　　　　　　　　　　　　　　　　　　　
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

590665

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| TEW CARDENAS LLP | SMITH HULSEY & BUSEY |
| By  *s/ Thomas R. Lehman**  <br>Thomas R Lehman | By  *s/ Cynthia C. Jackson*  <br>Cynthia C. Jackson, F.B.N. 498882 |
| Four Seasons Tower, 15th Floor <br>1441 Brickell Avenue <br>Miami, Florida 33131 <br>(305) 536-1112 <br>(305) 536-1116 (facsimile) <br>trl@tewlaw.com | 225 Water Street, Suite 1800 <br>Jacksonville, Florida 32202 <br>(904) 359-7700 <br>(904) 359-7708 (facsimile) <br>cjackson@smithhulsey.com |
| Counsel for the Terranova Entities | Co-Counsel for Reorganized Debtors |

*Counsel has authorized his electronic signature.

590665