UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:
WINN-DIXIE STORES, INC.

        Debtor.
_____/

CW CAPITAL ASSET MANAGEMENT, LLC,

        Appellant,

v.                             Case No.   3:07-cv-345-J-33

WINN-DIXIE STORES, INC.

        Appellee.
_____/

## ORDER

This matter comes before the Court sua sponte. On November 21, 2007, this Court ordered CW Capital Asset Management, LLC ("CWCapital") to show cause why this appeal should not be consolidated with the appeal of 3:07-cv-236, nunc pro tunc to June 2, 2007, and dismissed under the doctrine of equitable mootness as outlined in this Court's Order of October 10, 2007 (3:07-cv-236, Doc. # 37).[1] Specifically, this Court noted in the November 21, 2007 Order: "[I]n the interests of justice, CWCapital shall have twenty (20) days from the date of this Order to explain to the Court why its appeal should not be consolidated with the other

---

[1] This Court's October 10, 2007 Order granted Winn-Dixie's motion to dismiss (3:07-cv-236, Doc. # 18) and dismissed the following appeals under the doctrine of equitable mootness: 3:07-cv-236, 3:07-cv-346, 3:07-cv-238, and 3:07-cv-239. (3:07-cv-236, Doc. # 37).

appeals and dismissed under the equitable mootness doctrine pursuant to this Court's October 10, 2007 Order (3:07-cv-236, Doc. # 37)."[2]

This Court believes that CWCapital's appeal should have been consolidated with the other appeals, and this Court provided CWCapital ample time to indicate any reason why the present appeal should not be subject to consolidation and dismissal.[3] As CWCapital failed to file a response to this Court's November 21, 2007 Order to Show Cause, this Court finds it appropriate to consolidate this appeal with the appeal of 3:07-cv-236, nunc pro tunc to June 2, 2007. Further, this Court finds it appropriate to dismiss the present appeal for the same reasons expounded upon in the October 10, 2007 order of dismissal (3:07-cv-236, Doc. # 37) and that dismissal of the appeal should be nunc pro tunc to October 10, 2007.

Accordingly, it is now

---

[2] While this Court included a discussion of the appeal filed by CWCapital in its analysis of Winn-Dixie's motion to dismiss, the Order of dismissal did not specifically dismiss CWCapital's appeal. The sole reason for this Court's failure to dismiss the present appeal filed by CWCapital is because CWCapital was not consolidated with the lead case of 3:07-cv-236.

[3] The relationship between the present appeal and other, similar appeals is complex. On June 6, 2007 in appeal 3:07-cv-236, this Court entered an order consolidating the following cases upon consent of the parties: 3:07-cv-236, 3:07-cv-238, and 3:07-cv-239. (3:07-cv-236, Doc. # 17). This Court named 3:07-cv-236 as the lead case. Next, on July 18, 2007, in appeal 3:07-cv-346, this Court consolidated 3:07-cv-346 with the above noted consolidated appeals with the lead case of 3:07-cv-236. (3:07-cv-346, Doc. # 8).

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The present appeal (3:07-cv-345) is consolidated with the appeals consolidated under lead case 3:07-cv-236, nunc pro tunc to June 2, 2007.

(2) The present appeal (3:07-cv-345) is dismissed under the doctrine of equitable mootness consistent with this Court's Order of October 10, 2007 (3:07-cv-236, Doc. # 37), nunc pro tunc to October 10, 2007.

(3) The Clerk is directed to terminate all pending motions and deadlines, close the case, and enter judgment.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 17th day of December, 2007.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record

MIME-Version:1.0
From:cmecf_flmd_notification@flmd.uscourts.gov
To:cmecf_flmd_notices@localhost.localdomain
Subject:Activity in Case 3:07-cv-00345-VMC CW Capital Asset Management, LLC v. Winn-Dixie Stores, Inc. Order dismissing case
Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court
Middle District of Florida
Notice of Electronic Filing

The following transaction was entered on 12/17/2007 at 11:53 AM EST and filed on 12/17/2007
Case Name:    CW Capital Asset Management, LLC v. Winn-Dixie Stores, Inc.
Case Number: 3:07-cv-345
Filer:
Document Number:    5

Docket Text:
ORDER: The present appeal is consolidated with the appeals consolidated under lead case 3:07-cv-236, nunc pro tunc to June 2, 2007. The present appeal is dismissed under the doctrine of equitable mootness consistent with this Court's Order of October 10, 2007 (3:07-cv-236, Doc. # 37), nunc pro tunc to October 10, 2007. The Clerk is directed to terminate all pending motions and deadlines, close the case, and enter judgment. See Order for details. Signed by Judge Virginia M. Hernandez Covington on 12/17/2007. (KAK)

3:07-cv-345 Notice has been electronically mailed to:

Cynthia Carson Jackson   cjackson@smithhulsey.com

Richard Roemheld Thames   rrthames@stmlaw.net, BLC@stmlaw.net, mam@stmlaw.net

3:07-cv-345 Notice has been delivered by other means to:

The following document(s) are associated with this transaction:
Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1069447731 [Date=12/17/2007] [FileNumber=4832600-0] [77a3e6ac2ffbfbe8e1d55578b66bac0977d4511ced740cdfe0349ca241e5458123 396d9e7229f97ebd7e9af71fdbb92613f30945a58220b3b9ee1dc9952d77b7]]

Dbtf !4;18.dw.11456.WND!!!!!Epdvn foU7!!!!!Gjrhe!230290311 8!!!!!Qbhf !2!pg3

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

CW Capital Management, LLC,

        Appellant,

-vs-                                        Case No. 3:07-cv-345-J-33

Winn-Dixie Stores, Inc.,

        Appellee.
_____/

## JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

      **IT IS ORDERED AND ADJUDGED** that pursuant to the Court's Order entered December 17, 2007, this appeal is dismissed nunc pro tunc to October 10, 2007, under the doctrine of equitable mootness consistent with this Court's Order of October 10, 2007 (Doc. #37), entered in case 3:07-cv-236-J-33.

Date:   December 18, 2007
          Nunc Pro Tunc to October 10, 2007

                                                SHERYL L. LOESCH, CLERK

                                                By:    Sandra P. Wallen, Deputy Clerk

Copy to:

Counsel of Record
Unrepresented Parties

Dbtf !4;18.dw 11456.WND!!!!!Epdvn fou7!!!!!!Gjrfie!23029081 18!!!!!Qbhf !3!pg3

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

Rev.: 4/04

MIME-Version:1.0
From:cmecf_flmd_notification@flmd.uscourts.gov
To:cmecf_flmd_notices@localhost.localdomain
Message-Id:<4838207@flmd.uscourts.gov>
Subject:Activity in Case 3:07-cv-00345-VMC CW Capital Asset Management, LLC v. Winn-Dixie Stores, Inc. Judgment
Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

Middle District of Florida

Notice of Electronic Filing

The following transaction was entered on 12/18/2007 at 3:23 PM EST and filed on 12/18/2007
Case Name:   CW Capital Asset Management, LLC v. Winn-Dixie Stores, Inc.
Case Number: 3:07-cv-345
Filer:
WARNING: CASE CLOSED on 12/18/2007
Document Number:   6

Docket Text:
JUDGMENT dismissing nunc pro tunc to 10/10/07, under the doctrine of equitable mootness, consistent with Order #37 in the lead case (Signed by Deputy Clerk on 12/18/07, nunc pro tunc to 10/10/07) (SPW)

3:07-cv-345 Notice has been electronically mailed to:

Cynthia Carson Jackson cjackson@smithhulsey.com

Richard Roemheld Thames rrthames@stmlaw.net, BLC@stmlaw.net, mam@stmlaw.net

3:07-cv-345 Notice has been delivered by other means to:

The following document(s) are associated with this transaction:
Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1069447731 [Date=12/18/2007] [FileNumber=4838205-
0] [2add5c270a8ffbcb9787abd4c71ed03180c4e001e881d5406b6ce3f79981ff51cb
6d5492ef9d7c20f964e5e2467fc42b3d124ee864c0f51544221cae8abc484c]]

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
Office of the Clerk
300 North Hogan Street
Suite 9-150
Jacksonville, Florida 32202
(904) 549-1900
www.flmd.uscourts.gov

Sheryl L. Loesch
Clerk

Susan K. Rigan
Jacksonville Division Manager

**CW Capital Asset Management, LLC,**

Appellant.

_____/

v.                                                                                  Case No. 3:07-cv-345-J-33

**Winn-Dixie Stores, Inc.,**

Appellee,

### NOTICE OF TRANSMITTAL OF COPY OF CASE PAPER
### TO BANKRUPTCY JUDGE, BANKRUPTCY CLERK'S OFFICE,
### AND ASSISTANT UNITED STATES TRUSTEE

To:    Bankruptcy Judge Jerry A. Funk



       Assistant United States Trustee Kenneth Meeker

A copy of the following is herewith forwarded to all of the above parties:

   District Court's Order disposing of the appeal and/or judgment (document #5)
   Other: Copy of Judgment, Doc. #6

NOTE: In Bankruptcy cases, a copy of District Court Orders which dispose of appeals and/or Judgments, notice of appeal of District Court decisions, and final Eleventh Circuit Orders, Judgments, and/or mandates relating to any such appeal are transmitted. Except as otherwise directed by the Court, only a copy of Orders granting or denying withdrawal of reference and the final Order/Judgment which disposes of the action are transmitted in Bankruptcy withdrawal cases.

SHERYL L. LOESCH, CLERK

By:    s/Sandra P. Wallen, Deputy Clerk

December 18, 2007

Enclosures

MIME-Version:1.0
From:cmecf_flmd_notification@flmd.uscourts.gov
To:cmecf_flmd_notices@localhost.localdomain
Subject:Activity in Case 3:07-cv-00345-VMC CW Capital Asset Management, LLC v. Winn-Dixie Stores, Inc. Transmittal to bankruptcy court
Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court
Middle District of Florida
Notice of Electronic Filing

The following transaction was entered on 12/18/2007 at 3:26 PM EST and filed on 12/18/2007
Case Name:    CW Capital Asset Management, LLC v. Winn-Dixie Stores, Inc.
Case Number: 3:07-cv-345
Filer:
WARNING: CASE CLOSED on 12/18/2007
Document Number:   7

Docket Text:
TRANSMITTAL to bankruptcy court forwarding copy of [5] Order dismissing case and [6] Judgment Copies sent to Trustee, Bankruptcy Judge and Bankruptcy Clerk. (SPW)

3:07-cv-345 Notice has been electronically mailed to:

Cynthia Carson Jackson   cjackson@smithhulsey.com

Richard Roemheld Thames   rrthames@stmlaw.net, BLC@stmlaw.net, mam@stmlaw.net

3:07-cv-345 Notice has been delivered by other means to:

The following document(s) are associated with this transaction:
Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1069447731 [Date=12/18/2007] [FileNumber=4838220-0] [4960d750f450ecb23243af568c2590b39a9d0a1919fec5f81b86b9d33b7e5ec744
006a4b09c14d859c13e6d1390d0b0f13fdcb05e480ac52e52e67da811c6be9]]