UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                Case No.: 05-3817

WINN-DIXIE STORES, et al.,

    Reorganized Debtors.                              Chapter 11
_____/

## ORDER ON VISAGENT CORPORATION'S SECOND AND THIRD MOTIONS TO COMPEL DISCOVERY FROM DEBTORS

On December 13, 2007, the Court conducted a hearing on Visagent Corporation's Second and Third Motions (collectively the "Motions") to Compel Discovery From the Reorganized Debtors ("Debtors"). Specifically, the Motions seek a court order compelling the Debtors to produce those documents previously ordered to be produced and agreed to be produced, to fully respond to Visagent's discovery requests as supplemented by Debtors' corporate representative's deposition testimony, for an award of attorneys fees and sanctions and for an order expanding the time constraints to complete the deposition of Debtors' corporate representative.

In regards to its Second Motion to Compel, Visagent alleges that Debtors have failed to produce all the documents sought in their Second Request for Production. (Tr. pg. 8). In response, Debtors' counsel adamantly maintains that the Debtors have complied in full. (Tr. pg. 10-11, 16, 34, 42-43). Specifically, Debtors' counsel stated, "We've given them all the documents we're aware of in Winn-Dixie's possession – and we have conducted a very thorough search for those documents – and we've represented that to them. I don't know what else we can do." (Tr. 11). The Court accepts Debtors' representation that all documents they are aware of in their possession have been

1

produced. However, the Court reserves the right to impose sanctions against the Debtors if it is discovered that they failed to produce all documents they were *aware* and in *possession* of at the time of the hearing, unless such documents are produced within thirty days of the date of this order. Additionally, if such documents are not produced within the above time frame, Debtors will be precluded from using the documents at trial.[1]

Visagent also raises the issue that although all the documents produced were bates stamped, the Debtors failed to provide a correlation chart. (Tr. 9-10). At the hearing, Visagent's counsel stated, "I think we need a verifiable system where they say: Here are the documents responsive." (Tr. 18). In response, Debtors' counsel informed the Court there is not a correlating list of documents that have the Bates stamp numbers on them and that all documents produced were "responsive." (T. 14). Although, the Court will not require Debtors to provide a correlation list for all 10,000 documents produced, Debtors shall identify the *valid* operative service agreement and provide a correlating bates stamp number for the agreement to Visagent within twenty days of the date of this order. Additionally, Visagent shall have twenty days from the date of this order to provide Debtors with a list of any other specifically named documents it needs to have identified.[2] Debtors shall then provide a correlation list of such documents to Visagent within twenty days from the date of Visagent's request.

---

[1] In regards to documents that the Debtors are not currently aware and in possession of, this Court's July 30, 2007 Order on Visagent's First Motion to Compel still stands. The Court provided that, "If the Debtors discover responsive documents other than those which the Debtors have already produced, Debtors shall produce such documents to Visagent no later than 30 days prior to the beginning date of any trial on this matter, failing which, the Debtors will be precluded from using such documents at trial."

[2] The request must be narrowly tailored to *specific* documents, such as the operative service agreement, and not a general request such as all emails exchanged between Debtors and X corporation.

2

In regards to the Third Motion to Compel, Visagent alleges that Debtors failed to comply with Rule 30 of the Federal Rules of Civil Procedure, in regards to the Re-Notice of Taking Deposition dated July 21, 2007 (the "Notice"). Rule 30 provides that when a corporation is to be deposed the corporation is required to produce and prepare one or more persons with requisite knowledge as corporate representatives to testify as to the subject matter upon which the opposing party planned to inquire pursuant to the notice of the deposition. Visagent maintains that Debtors failed to comply with their Rule 30 obligation as the corporate representative they produced, Tom Barr, was not prepared to field questions relating to the areas of knowledge listed in the Notice. Conversely, Debtors assert that Mr. Barr was the most knowledgeable corporate representative, as to the specific requests enumerated in the Notice. (Tr. 25, 41). In support, Debtors point to Visagent's December 3, 2007, Notice of Taking Continuation of Videotaped Deposition. Although this subsequent notice contained a replica of the first twenty-one requests from the original Notice, Paragraph Twenty-Two requested new information. Specifically, Paragraph Twenty-Two sought the corporate representative of Winn-Dixie Stores who has the most knowledge regarding, "all efforts taken by Winn Dixie to locate and produce documents responsive to Visagent's requests for production of documents to Winn Dixie referenced in Mr. David Gay's correspondence to Mr. Guy Rubin dated October 1, 2007." Thus, Debtors contend that Visagent's inability to solicit certain information from Mr. Barr, was through no fault of their own, but due to Visagent's oversight in failing to request the above information in the original Notice. The Court finds Debtors' argument to be well taken and accordingly will not impose sanctions, as a Rule 30 violation did not occur. Additionally, Debtors' counsel represented at the hearing that Debtors are

amenable to producing for deposition its corporate representative who possesses the most knowledge in regards to the request contained in Paragraph 22. (Tr. 22).

Visagent also seeks to have the Court enter an order expanding the time constraints to complete the deposition of Mr. Barr. Visagent asserts that good cause exists as the seven-hour deposition previously held was not adequate to cover the 30-40,000 documents involved and the four-year relationship between the parties. (Tr. 29). Pursuant to Federal Rule of Civil Procedure 30, if the person to be examined already has been deposed in the case, the party seeking the deposition must obtain leave of court. Rule 30 also provides that unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. Upon consideration of the length of the parties' relationship and the volume of documents involved, the Court finds that Visagent has presented good cause, and accordingly, will grant it the opportunity to re-depose Mr. Barr during a one-day deposition, which shall not exceed seven hours.

ORDERED:

1. Visagent's Second and Third Motions to Compel against Winn-Dixie Stores are granted in part and denied in part.

2. The Court will not impose sanctions or award attorney's fees at this time. However, the Court reserves the right to impose sanctions against the Debtors if it is discovered that Debtors failed to produce all documents they were *aware* and in *possession* of at the time of this hearing, unless such documents are produced within thirty days of the date of this order. Additionally, if such documents are not produced within the above time frame, Debtors will be precluded from using the documents at trial.

3. Debtors shall identify the *valid* operative service agreement and provide a

correlating bates stamp number for the agreement to Visagent within twenty days of the date of this order. Additionally, Visagent shall have twenty days from the date of this order to provide Debtors with a list of any other specifically named documents it needs have identified. Debtors shall then provide a correlation list of such documents to Visagent within twenty days from the date of Visagent's request.

4. Debtors shall produce for deposition its corporate representative who possesses the most knowledge in regards to the information requested in Paragraph 22 of Visagent's December 3, 2007, Notice of Taking Continuation of Videotaped Deposition. Unless otherwise agreed to by the parties, the deposition shall be limited to one day of seven hours.

5. Visagent is granted leave to re-depose Mr. Barr. The deposition shall be limited to one day of seven hours, unless the parties agree otherwise.

Dated this 28 day of December, 2007 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copies to:
Steve Busey
Guy Rubin