UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

## APPLICATION OF KRISTEN FAGG (A MINOR CHILD) FOR ADMINISTRATIVE EXPENSE STATUS

*(related docket event number 15301)*
*(related claim number 13688)*

Now Comes Kirsten Fagg, a minor child (the "Applicant"), and seeks administrative expense status as to one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Specifically, Applicant requests the entry of an order allowing administrative expense status for damages derived from the incident described below. In support of her Application, the Applicant says:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### BACKGROUND

2. On February 21, 2005, Winn-Dixie Stores, Inc., et. al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

3. On October 15, 2006 (after the Petition Date), Applicant was injured at a Winn-Dixie store (the "Incident") located in Brandon, Florida. Connie Cartwright, the Applicant's mother, filed a proof of claim (number 13688) on December 18, 2007 in an attempt to preserve the Applicant's rights arising from the Incident (the "Proof of Claim"). A copy of the Proof of Claim is attached hereto and incorporated herein as Exhibit A.

4.  On January 19, 2007, the Debtors filed their Twenty-Ninth Objection ("Objection") to (A) Improperly Filed Claims, (B) No Liability Claims, (C) No Liability Misclassified Claim, (D) Late Claims, (E) Late With Remaining Claims, (F) Overstated Claims and (G) Overstated Misclassified Claims (Doc. No. 14799) objecting to, *inter alia*, the Applicant's Proof of Claim (the "Objection").

5.  On January 31, 2007, Ms. Cartwright, concerned for her daughter's well being, diligently (albeit naively) filed a well intentioned *pro se* Response of Claimant to Alleged Improperly Filed Claim ("Applicant's Response") (Doc. No. 14946), which addressed, *inter alia*, the Debtors' position that the Proof of Claim was improperly filed.[1]

6.  On February 22, 2007, the Court entered its Order (A) Disallowing Improperly Filed Claims, (B) Disallowing no Liability Claims, (C) Disallowing No Liability Misclassified Claim, (D) Disallowing Late Claims, (E) Disallowing Late with Remaining Claims, (F) Reducing Overstated Stated Claims and (G) Reducing and Reclassify Overstated Misclassified Claims, as Set Forth in the Debtors' Twenty-Ninth Omnibus Claims Objection (the "Order") (Doc. 15277), and on February 26, 2007, the Court entered its Order correcting the Order (the "Corrected Order")(Doc. no. 15301).

7.  The Corrected Order addressed certain "Unresolved Responses" filed by certain claimants to the Objection. Specifically, the Corrected Order states that the "Debtors' have agreed to continue the Objection with respect to the claims listed on Exhibit 1[attached to the Corrected Order], which claims have been removed from Exhibits A through G." Exhibit 1 lists, among other claimants, the Applicant (Kristen Fagg).

---

[1] In the Claimant's Response, Ms. Cartwight miscomprehended the substance of the Objection, and believed Debtors' were attempting to mischaracterize Claimant's claim to the detriment of her daughter. This was clearly was not the case. As discussed below, the Debtors caused a "corrected" order on the Objection to be entered to ensure certain unresolved responses to the Objection were preserved without waiving the Debtors' objection.

2

8.  The Incident occurred Post-Petition but prior to the Court's November 7, 2006 Order Confirming the Debtors' Joint Plan of Reorganization (the "Confirmation Order"), and as such, is an administrative expense obligation of one or more of the Debtors pursuant to 11 U.S.C. § 503. *See, Reading Co. v. Brown*, 391 U.S. 471, 485 (1968) (standing for the well established proposition that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status.); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr.S.D.Fla. 1994).

9.  Ms. Cartwright attempted to assert an administrative expense by filing the Proof of Claim. Notably, the Proof of Claim was filed *prior to* the January 5, 2007 administrative expense bar date. As evidenced by the Applicant's Response,[2] had the Applicant's mother (Ms. Cartwright) realized her daughter's claim was actually an administrative expense, she would have filed the appropriate application prior to the administrative expense bar date. As such, the Applicant should be allowed to pursue payment for her administrative expense.

### APPLICANT'S CLAIMS ARE ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

10.  It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown*, 391 U.S. at 485 (1968) (post-petition fire damages resulting from trustee's negligence

---

[2]  The Claimant's Response does not assert a substantive position under bankruptcy principals, and reflects a material misunderstanding regarding the notice establishing claims bar date. As stated in the Claimant's Response:

> 4. Nevertheless, your Claimants were served with a Notice from this Court dated December 6, 2006, *requiring* "any Claim arising against the Debtors in the period between February 21, 2005 and November 21, 2006 (with certain exceptions not including KRISTEN FAGG's Claim) be asserted in an application filed and served no later than January 5, 2007, *"or be deemed waived in full."* This provision was cited by the claims adjusters from Sedgwick Claims Management Services who responded to KRISTEN FAGG's clam.

*See*, Claimant's Response at ¶ 4 (emphasis in original).

were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr.S.D.Fla. 1994).

11. In this instance, the Debtors' obligation to pay Applicant her administrative expense arose from the business operations of Winn-Dixie after the Petition Date but prior to the Confirmation Order. As such, Applicant is entitled to payment of her administrative expense under 11 U.S.C. § 503(b), and the Applicant seeks the entry of an order granting administrative status, as described herein.

**WHEREFORE,** based upon the foregoing, Applicant respectfully requests that the Court enter an order granting administrative status as requested by this Application pursuant to the Court's November 9, 2006 Order Confirming the Debtors' Plan of Reorganization, and all other relief the Court may deem appropriate.

Respectfully Submitted,

**WILCOX LAW FIRM**

/s/ *Brett A. Mearkle*
Brett A. Mearkle
Fla. Bar. No.644706
6817 Southpoint Parkway
Suite 1202
Jacksonville, Florida 32216

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2008 I filed this **APPLICATION OF KRISTINA FAGG FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq., and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ Brett A. Mearkle

# EXHIBIT A

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11 PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Name of Debtor Against Which You Assert Your Claim:
Debtor Name: **Winn-Dixie Stores, Inc.** Case No **05-03817-3F1**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

558302

**Kristen Fagg, a minor, through Connie Cartwright, her mother and next friend, P.O. Box 6094 Brandon, FL 33508**

Telephone No. of Creditor: **813-657-0023**

Fax No. of Creditor:

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

FILED
JACKSONVILLE, FLORIDA
DEC 18 2006
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
DEBTOR WINN-DIXIE STORES, INC
U S BANKRUPTCY COURT M D-FLORIDA
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11
CLAIM NO.: 13688

B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if:) ☐ replaces address above ☐ additional address
Name _____
Company/Firm _____
Address _____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

Account or Other Number by Which Creditor Identifies Debtor: **Claim Number A611 209654**

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated _____

1. Basis for Claim
   ☐ Goods sold to debtor(s)
   ☐ Services performed for debtor(s)
   ☐ Goods purchased from debtor(s)
   ☐ Money loaned
   ☒ Personal injury/property damage
   ☐ Other _____
   ☐ Taxes
   ☐ Severance agreement
   ☐ Refund
   ☐ Real property lease
   ☐ Personal property lease
   ☐ Other contract _____
   ☐ Retiree benefits as defined in 11 U S C § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of SSN _____
   Unpaid compensation for services performed from _____ to _____ (date) (date)

2. Date debt was incurred: **October 15, 2006**
3. If claim is based on a Court Judgment, date obtained: _____

4. Total Amount of Claim at Time Case Filed: $**20,000.00**  $**Ø**  $**Ø**  $**20,000.00**
(unsecured) (secured) (priority) (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff)
Brief description of Collateral
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

6. Unsecured Nonpriority Claim $**20,000.00**
☒ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507 (a)(3)
☐ Contributions to an employee benefit plan – 11 U S C § 507 (a)(4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507 (a)(7).
☐ Taxes or penalties owed to governmental units – 11 U S C § 507 (a)(8).
☐ Other – Specify applicable paragraph of 11 U S C § 507 (a)( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain. If the documents are voluminous, attach a summary
10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

Date: **12/15/2006**
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print **Connie Cartwright**  Title **Kristen's mother**
Signature: **Connie Cartwright**

Penalty for presenting fraudulent claim. Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

Form B10 (Official Form 10) (04/04)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

PLEASE READ THE PROOF OF CLAIM FORM CAREFULLY AND FILL IT IN COMPLETELY AND ACCURATELY. PRINT LEGIBLY. YOUR CLAIM MAY BE DISALLOWED IF IT CANNOT BE READ AND UNDERSTOOD. THE PROOF OF CLAIM MUST BE COMPLETED IN ENGLISH. THE AMOUNT OF ANY CLAIMS MUST HAVE ARISEN ON OR PRIOR TO THE FILING OF THE CHAPTER 11 PETITIONS ON FEBRUARY 21, 2005, AND MUST BE DENOMINATED IN UNITED STATES CURRENCY.

The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.

### DEFINITIONS

**Debtor**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**
A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed or with a designated agent of the court.

**Secured Claim**
A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began, in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim*.)

**Unsecured Claim**
If a claim is not a secured claim, it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims*.

### ITEMS TO BE COMPLETED IN PROOF OF CLAIM FORM (If Not Already Filled In)

**Name of Debtor and Case Number:**
Fill in the name of the Debtor against which you assert a claim, as well as the Case Number applicable to such Debtor. The Debtors' Names and Case Numbers are listed below.

| Debtor | Case No. |
|---|---|
| Winn-Dixie Stores, Inc. | Case No. 05-03817-3F1 |
| Dixie Stores, Inc. | Case No. 05-03818-3F1 |
| Table Supply Food Stores Co., Inc. | Case No. 05-03819-3F1 |
| Astor Products, Inc. | Case No. 05-03820-3F1 |
| Crackin' Good, Inc. | Case No. 05-03821-3F1 |
| Deep South Distributors, Inc. | Case No. 05-03822-3F1 |
| Deep South Products, Inc. | Case No. 05-03823-3F1 |
| Dixie Darling Bakers, Inc. | Case No. 05-03824-3F1 |
| Dixie-Home Stores, Inc. | Case No. 05-03825-3F1 |
| Dixie Packers, Inc. | Case No. 05-03826-3F1 |
| Dixie Spirits, Inc. | Case No. 05-03827-3F1 |
| Economy Wholesale Distributors, Inc. | Case No. 05-03828-3F1 |
| Foodway Stores, Inc. | Case No. 05-03829-3F1 |
| Kwik Chek Supermarkets, Inc. | Case No. 05-03830-3F1 |
| Sunbelt Products, Inc. | Case No. 05-03831-3F1 |
| Sundown Sales, Inc. | Case No. 05-03832-3F1 |
| Superior Food Company | Case No. 05-03833-3F1 |
| WD Brand Prestige Steaks, Inc. | Case No. 05-03834-3F1 |
| Winn-Dixie Handyman, Inc. | Case No. 05-03835-3F1 |
| Winn-Dixie Logistics, Inc. | Case No. 05-03836-3F1 |
| Winn-Dixie Montgomery, Inc. | Case No. 05-03837-3F1 |
| Winn-Dixie Procurement, Inc. | Case No. 05-03838-3F1 |
| Winn-Dixie Raleigh, Inc. | Case No. 05-03839-3F1 |
| Winn-Dixie Supermarkets, Inc. | Case No. 05-03840-3F1 |

(NOTE: If you have a claim against more than one of the Debtors, you must file a separate proof of claim against each Debtor. If your proof of claim fails to designate the Debtor against which you have a claim, your claim will be deemed to be a claim against Winn-Dixie Stores, Inc. If your proof of claim designates more than one Debtor, your claim will be deemed to be a claim only against Winn-Dixie Stores, Inc.)

**Information about Creditor:** Complete the section giving the name, address, telephone number, fax number, and e-mail address (if any) of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form. Please note that all future correspondence sent by Logan & Company, Inc. will be mailed to the pre-printed address as listed in Box A on the reverse side, unless you indicate and change the address on the reverse side. Further future mailings will be sent to the attention of the signatory on the reverse side of this Proof of Claim.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above)

**6 Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim." (See DEFINITIONS, above). If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount not entitled to priority.

**7. Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly a nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.
DO NOT SEND ORIGINAL SUPPORTING DOCUMENTS, ORIGINAL GIFT CERTIFICATES/GIFT CARDS, ETC.

THE ORIGINAL OF THIS PROOF OF CLAIM FORM MUST BE SENT SO THAT IT IS **RECEIVED** ON OR BEFORE **5:00 P.M. EASTERN TIME, AUGUST 1, 2005**. SEND THE COMPLETED PROOF OF CLAIM FORM BY U.S. MAIL, COURIER SERVICE, HAND DELIVERY OR OVERNIGHT SERVICE TO: **WINN-DIXIE CLAIMS DOCKETING CENTER, c/o LOGAN & COMPANY, INC., 546 VALLEY ROAD, UPPER MONTCLAIR, NEW JERSEY 07043**. PROOFS OF CLAIM MAY **NOT** BE SENT BY FACSIMILE, TELECOPY, OR OTHER ELECTRONIC MEANS.



**bankruptcy administration specialists**

546 Valley Road
Upper Montclair, NJ 07043
www.loganandco.com

973.509.3190 Ph
973.509.3191 Fx

# SUPPORTING DOCUMENTATION NOT IMAGED DUE TO PRIVACY CONCERNS

**Logan & Company, Inc.
Claims and Noticing Agent**