**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. [1] | ) | Jointly Administered |

**MOTION OF REORGANIZED DEBTORS TO VACATE**
**AGREED ORDER WITH THE HUNT CLAIMANTS (DOCKET NO. 18307)**

Winn-Dixie Stores, Inc. and twenty-three of its reorganized debtor affiliates (collectively, the "Reorganized Debtors"), move the Court for an order vacating the Agreed Order Approving Stipulation with the Hunt Claimants (Tammy Hunt, Michael Hunt Sr., Brandon Hunt, Chanler Hunt, and Michael Hunt, Jr.) to Modify the Permanent Injunction (Docket No. 18307), and in support thereof say:

The Claims Resolution Procedure

1.      On September 1, 2005, the Court entered an order establishing a claims resolution procedure (the "Claims Resolution Procedure") authorizing the Debtors to settle or liquidate Litigation Claims[2] (Docket No. 3326).

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] "Litigation Claims" are defined in the Claims Resolution Procedure as claims for personal injury or property damage that arose pre-petition against the Debtors or their agents.

2. On April 20, 2006 the Court entered an order modifying the Claims Resolution Procedure (Docket No. 7353) to, among other things, require mediation as a prerequisite to the filing of motions for relief from the automatic stay in order to liquidate Litigation Claims in other forums.

3. On November 9, 2006, the Court entered an order (the "Confirmation Order") confirming the Debtors' plan of reorganization as modified, including a plan supplement dated October 3, 2006 (collectively, the "Plan"). Pursuant to the Plan, the Claims Resolution Procedure has remained in full force and effect after the effective date of the Plan:

> 4. The procedures for administration and mediation of Claims pursuant to the Claims Resolution Procedure, as amended (Docket Nos. 3326 and 7353), which requires mediation as a prerequisite to the filing of motions for relief from stay or motions to modify the permanent injunction of Section 524 of the Bankruptcy Code, in order to liquidate litigation claims in other forums, shall continue to be followed and shall remain in full force and effect after the Effective Date.
>
> Plan Supplement, Section F (Docket No. 11606).

4. To date, approximately 2,200 Litigation Claims asserting claims in the aggregate amount of $300 million have been resolved through the Claims Resolution Procedure.

### The Hunt Claims

5. On May 4, 2005, Michael Hunt Sr. and Tammy Hunt, individually and as parent and guardian of her minor children, Chanler Hunt, Brandon Hunt, and

Michael Hunt Jr., filed proofs of claim numbers 971, 969, 970, 972, 973 respectively against the Debtors asserting claims totaling $2 million for injuries allegedly suffered by Tammy Hunt at a Winn-Dixie store on November 24, 2003 (the "Hunt Claims").

6. Pursuant to the Claims Resolution Procedure, a mediation of the Hunt Claims was scheduled for August 9, 2007 (the "August 9 Mediation").

7. Shortly before the August 9 Mediation, the Debtors received a large amount of material information from the Hunt Claimants regarding their claims. Because the Debtors did not have time to adequately analyze and evaluate this information prior to the August 9 Mediation, the Debtors instructed their defense counsel to reschedule the mediation.

8. Winn-Dixie's defense counsel, therefore, contacted counsel for the Hunt Claimants, Drew Lovell, and explained that, because the Debtors needed additional time to analyze and evaluate the new information, the August 9 Mediation needed to be rescheduled.

9. Although Mr. Lovell acknowledged that a mediation would not be meaningful on August 9 due to the volume of new information, Mr. Lovell urged the Debtors to go forward with the August 9 Mediation because he and his clients had already made travel arrangements to Jacksonville for the mediation and it was his preference to commence the mediation in Jacksonville so that, when the mediation was ultimately concluded, he would be in technical compliance with the requirement of the Claims Resolution Procedure which requires a claimant's attendance at a mediation session in Jacksonville.

10. Based upon the representations and agreement of the Hunt Claimants that the August 9 Mediation would be followed up with at least one more mediation session at a future date, the Debtors agreed to go forward with the August 9 Mediation. Indeed, the Debtors specifically agreed, as a courtesy to the Hunt Claimants, to a follow-up mediation session in their hometown in Tennessee.

11. In reliance upon the representations and understanding that a follow-up mediation would be held at a future date, the Debtors agreed to declare an impasse of the August 9 Mediation and to the entry of an agreed order modifying the permanent injunction which was entered on September 25, 2007 (the "Agreed Order") (Docket Number 18307).

12. Following the entry of the Agreed Order, counsel for the Debtors contacted Mr. Lovell to schedule the continued mediation in Tennessee. Despite the representations and agreement made by and on behalf of the Hunt Claimants, Mr. Lovell refused to schedule the continued mediation of the Hunt Claims in Tennessee or elsewhere.

13. Winn-Dixie's defense counsel filed a Motion to Compel Mediation pursuant to the Court's Pretrial Order. Plaintiff's counsel objected to Winn-Dixie's Motion to Compel Mediation. The Defendant's Motion to Compel Mediation was denied by the State Court on December 3, 2007.

14. Based upon the foregoing, good cause exists for this Court to vacate the Agreed Order.

**Memorandum of Law**

Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to this case by Rule 9024 of the Federal Rules of Bankruptcy Procedure, provides the procedural basis for vacating a prior order of the Court. *In re Thompson*, No. 05-38731, 2007 WL 1655520 (Bankr. N.D. Ohio June 1, 2007). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> …
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> …
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> …
>
> (6) any other reason that justifies relief.
>
> Rule 60(b), Fed.R.Civ.P.

The Debtors' agreed to an impasse at the August 9 Mediation and to the modification of the permanent injunction provided for in the Agreed Order based on the understanding that the Hunt Claimants would participate in a second mediation session of their claims. However, the Hunt Claimants now refuse to do so. Therefore, the Hunt Claimants - - by mistake, negligence or misconduct - - induced the Debtors to consent to both an impasse at the August 9 Mediation and the Agreed Order. Accordingly, good cause exists under Rule 60(b)(1) & (3) to vacate the Agreed Order.

Alternatively, "good cause" exists to vacate the Agreed Order because, based upon the foregoing, the Hunt Claimants' refusal to participate in continued mediation of their claims falls squarely within the "any other reason that justifies relief" provision of Rule 60(b)(6).

WHEREFORE, the Reorganized Debtors respectfully request that the Court vacate the September 25, 2007 Agreed Order Approving Stipulation with the Hunt Claimants to Modify the Permanent Injunction and for such other relief as is just and proper.

Dated: January 9, 2008

SMITH HULSEY & BUSEY

By *s/ James H. Post*
   James H. Post
   David L. Gay

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Counsel for the Reorganized Debtors

7

**Certificate of Service**

I certify that a copy of this document has been furnished electronically or by mail to Edward P. Jackson, 255 Liberty Street, First Floor, Jacksonville, Florida 32202, this 9th day of January, 2008.

                                        *s/ James H. Post*
                                          Attorney

00593115