# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
|  | ) |  |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
|  | ) |  |
| Reorganized Debtors. | ) | Jointly Administered |
|  | ) |  |

## AGREED ORDER RESOLVING CURE OBJECTION, SALE MOTION OBJECTION AND ADMINISTRATIVE EXPENSE APPLICATION FILED BY HERITAGE SPE, LLC (STORE NOS. 207 AND 2106)

This matter is before the Court on (i) the Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Sale Motion") filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, "Winn-Dixie") (Docket No. 1961), (ii) the objection to the Sale Motion filed by Heritage SPE, LLC with respect to Store No. 2106 (the "Sale Motion Objection") (Docket No. 2852), (iii) the Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts and (III) Grant Related Relief (the "Second Omnibus Motion to Assume") filed by Winn-Dixie (Docket No. 8941), (iv) the objection to the Second Omnibus Motion to Assume filed by Heritage SPE, LLC with respect to Store No. 207 (Docket No. 9731) (the "Cure Objection"), (v) the Twenty-Sixth Omnibus Objection to Claims filed by Winn-Dixie (Docket No. 12281) (the "Twenty-Sixth Omnibus

Objection"), as it relates to Claim No. 11252 filed by Heritage Property Investment, L.P. (collectively with Heritage SPE, LLC, "Heritage"[1]) , (vi) the response to the Twenty-Sixth Omnibus Objection filed by Heritage SPE, LLC (Docket No. 12817) and (vii) the Application for Allowed Administrative Claims filed by Heritage SPE, LLC with respect to Store Nos. 207 and 2106 (the "Administrative Expense Application") (Docket No. 14457).

On November 30, 2006, the Court entered an order (Docket No. 12908) sustaining the Twenty-Sixth Omnibus Objection as to the proofs of claims listed on the exhibits to the order.    On December 20, 2006, the Court entered an order correcting the Docket No. 12908 order (Docket No. 13344) and continuing the hearing on the Twenty-Sixth Omnibus Objection as to Claim No. 11252 filed by Heritage Property Investment, L.P. with respect to Store No. 207.    Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1.    The Cure Objection and the Sale Motion Objection are resolved pursuant to the terms of this Agreed Order and are withdrawn as provided below.

2.    The Administrative Expense Application filed by Heritage SPE, LLC with respect to Store No. 2106[2] is allowed as an administrative expense claim in the amount of $42,712.27, which Winn-Dixie has paid to Heritage SPE, LLC in full satisfaction of any right to cure that Heritage has or may have under 11 U.S.C. § 365

---

[1] Heritage SPE, LLC and Heritage Property Investment, L.P. were affiliates that owned and managed the non-residential real property leased by Winn-Dixie, known as Store Nos. 207 and 2106.  Heritage SPE, LLC and Heritage Property Investment, L.P. have since merged with Centro Properties Group.  For ease of reference, these entities will collectively be referred to as Heritage in this Agreed Order.

[2] The unexpired lease for Store No. 2106 was previously rejected by Winn-Dixie.

2

or otherwise with respect to Store No. 2106.

3.    Claim No. 11252 filed by Heritage Property Investment, L.P. is allowed as an administrative claim in the amount of $119,869.19, $60,827.44 of which Winn-Dixie has paid to Heritage Property Investment, L.P. for pre-petition cure and $57,041.75 of which Winn-Dixie has paid to Heritage Property Investment, L.P. for post-petition cure.  Within fourteen (14) business days of entry of this Agreed Order, Winn-Dixie will pay $2,000 to Heritage Property Investment, L.P. in full satisfaction of any right to cure that Heritage has or may have under 11 U.S.C. § 365 or otherwise with respect to Store No. 207.

4.    This Agreed Order is without prejudice to any of Heritage's proofs of claim that were previously allowed in these jointly administered bankruptcy cases, including proof of claim number 11251, allowed as an unsecured claim in the amount of $157,838.69, and proof of claim number 12086, allowed as an unsecured claim in the amount of $351,925.68, both of which pertain to Store No. 2106 (collectively, the "Prior Store No. 2106 Proofs of Claim").  This Agreed Order shall have no effect on the Prior Store No. 2106 Proofs of Claim or Heritage's right to payment on the Prior Store No.  2106 Proofs of Claim under Winn-Dixie's confirmed Joint Plan of Reorganization.

5.    Other than the Prior Store No. 2106 Proofs of Claim, this Agreed Order resolves all remaining liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store Nos. 207 and 2106, including, and not limited to, the claims asserted in Docket No. 14457, filed by Heritage in these

Chapter 11 cases and (ii) all other pre-petition or pre-effective date[3] claims pertaining to Store Nos. 207 and 2106 that Heritage has or may have against Winn-Dixie and any of its Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

6.    Post-effective date liabilities and obligations with respect to Store No. 207 will be handled by the parties in accordance with the applicable lease terms and ordinary course practices and are not altered or otherwise affected by this Agreed Order.

7.    This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this ___7___ day of February, 2008, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00591925.2

---

[3] The Effective Date was November 21, 2006, as determined by the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Docket No.12440) and the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims (Docket No. 12991).

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

McGUIRE WOODS LLP                           SMITH HULSEY & BUSEY

By     *s/ Michael M. Schmahl\**                By     *s/ Cynthia C. Jackson*
       Michael M. Schmahl                             Cynthia C. Jackson, F.B.N. 498882

77 West Wacker Drive, Suite 4100            225 Water Street, Suite 1800
Chicago, Illinois 60601                     Jacksonville, Florida 32202
(312) 750-8881                              (904) 359-7700
(312) 920-6598 (facsimile)                  (904) 359-7708 (facsimile)
mschmahl@mcguirewoods.com                   cjackson@smithhulsey.com


Counsel for Heritage SPE, LLC and           Counsel for Winn-Dixie
Heritage Property Investment, L.P.

*Counsel has authorized his electronic signature.


00591925.2