**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

**MOTION TO ENFORCE SETTLEMENT AGREEMENT**
**OR ALTERNATIVE MOTION TO VACATE**
**SETTLEMENT AGREEMENT AND LIFT STAY**

**NOW INTO COURT**, through her undersigned counsel, comes Lily B. Sempe, Claimant in Claim No. 1415, appearing in accordance with the provisions of Rule 2090-1, who desires that the Debtor, Winn-Dixie Stores, Inc., be ordered to show cause why the settlement agreement between the Debtor and Claimant, should not be enforced or alternatively, why the agreement should not be vacated and the stay be lifted, for the following reasons:

1.

Claimant and Debtor entered into a settlement agreement on November 8, 2007 (Exhibit A) whereby mover's claim number 1415, would be allowed an unsecured non-priority claim in the amount of $45,000.00.

2.

By letter dated January 11, 2008, Claimant received a Book-Entry Statement dated January 9, 2008 notifying Claimant that 1570 shares of stock had been registered in her name (Exhibit B). Claimant's undersigned counsel immediately

discovered that 1570 shares of stock are presently valued at $26,794.20, the value of the stocks transferred to Claimant is far less than the agreed settlement of $45,000.00.

3.

Despite having made amicable demand Debtor has refused to compensate Claimant for the difference between the settlement agreement and the value of the stock transferred to Claimant's name.

4.

Claimant's undersigned counsel asked that an order issue herein in accordance with the provisions of Rule 2090-1(c)(1) allowing undersigned him to proceed herein without the requirement that he file a written designation and consent-to-act.

Claimant's undersigned counsel is admitted to practice in all courts in the State of Louisiana including the United States District Court for the Eastern District of Louisiana and the United States Court of Appeal, Fifth Circuit.

**WHEREFORE** Claimant, Lily B. Sempe, prays that her undersigned counsel be admitted to represent her for the purpose of this motion in accordance with the provision of Rule 2090-1(c)(1), and that the Debtor, Winn-Dixie Stores, Inc., be compelled to complete the settlement agreement in Claim No. 1415 or, alternatively, why the agreement should not be vacated and the stay order should not be lifted and Claimant be allowed to proceed with Louisiana state court proceeding.

                Respectfully submitted,

                _____
                **ANTHONY L. GLORIOSO (#06062)**
                2325 Severn Avenue, Suite 9
                Metairie, LA  70001
                Telephone:  (504) 833-5912
                Facsimile:  (504) 833-5982
                tonyglory@aol.com
                ***Attorney for Claimant,***
                LILY B. SEMPE

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon all counsel of record, namely:

Clare W. Trinchard, Esq.
858 Camp Street
New Orleans, LA  70130
Telephone:  (504) 5230-1986
Facsimile:  (504) 529-8941
cwttandt@bellsouth.net

James H. Post, Esq.
1800 Wachovia Bank Tower
225 Water Street
Jacksonville, FL   32202
Telephone:  (904) 359-7700
Facsimile:  (904) 359-7708

by depositing same in the U.S. Mail, postage prepaid and properly addressed on this

_____ day of _____, 2008.


                                                        _____
                                                        **ANTHONY L. GLORIOSO**