

## SETTLEMENT TERM SHEET

**Parties:** Claimant: Lilly Sempe

Debtors: Winn-Dixie Stores, Inc., Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**Claim:** Proof of Claim No. 1415 (the "Litigation Claim")

**Settlement:** The parties agree to settle the Litigation Claim as follows and as set forth in a proposed Agreed Order substantially in the form attached as Exhibit A:

A.  The Debtors shall promptly submit the proposed Agreed Order to the Bankruptcy Court (after the expiration of any applicable notice periods) and shall use their best efforts to obtain approval of same;

B.  This settlement shall be effective when the proposed Agreed Order is approved by the Court and becomes a final order (the "Effective Date");

C.  Upon the Effective Date, Claim No. 1415 will be allowed as an unsecured non-priority claim in the amount of $45,000.00 as a Class 16 Other Unsecured Claim under the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and its Affiliated Debtors;

D.  Upon the Effective Date, the balance of Claim No. 1415, if any, and any other claims filed by the Claimant will be disallowed;

E. The parties agree that the Debtors do not, by this Settlement or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to any Litigation Claim, or make any admission of liability;

F. The parties agree that the Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement, except those Medicare liens or claims released by the United States Department of Health and Human Services pursuant to the Agreed Order entered by the Bankruptcy Court on March 9, 2007 (Docket No. 15439);

G. Upon the Effective Date, the Claimant shall promptly dismiss all actions against any of the Debtors with prejudice;

H. Upon the Effective Date, Claimant shall be deemed to have released the Debtors from (i) all liabilities and obligations related to the Litigation Claim(s) and (ii) all other claims the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents (including but not limited to Sedgwick Claims Management Service, Inc.), successors or assigns as of the Effective Date, all of which will be deemed forever waived, discharged and released; and

I. This Settlement is conditioned on court approval of the proposed Agreed Order, and if the Bankruptcy Court does not approve all of the terms, there will be no Settlement.

**Binding Agreement:** This Settlement Term Sheet is a binding agreement, notwithstanding the necessity, if any, to execute further documents to effect this Agreement.

**Facsimile Execution by Counterparts:** This Settlement Term Sheet may be executed in counterparts transmitted to the mediator by facsimile at (904) 353-9908.

ACCEPTED this 8th day of November, 2007:

_____
Lilly Sempe
Claimant

_____
Anthony L. Glorioso
Attorney for Claimant

_____
Ken Black
Sedgwick Claims Management Services, Inc.

_____
Clare W. Trinchard
Attorney for Debtor(s)

_____
George E. Ridge
Mediator

517325