UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**AGREED ORDER RESOLVING CURE OBJECTION
FILED BY 98 PALMS CENTER, LTD. (STORE NO. 560)**

This cause came before the Court on the Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief (the "Second Omnibus Motion") filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, "Winn-Dixie") (Docket No. 8941) and the objection to the Second Omnibus Motion filed by Clanton Partners, Ltd., WYE Partners, Ltd., Cantonment Partners, Ltd., Nine Mile Partners, Ltd., NOM Franklin, Ltd., 98 Palms Center, Ltd. ("98 Palms"), Mandeville Partners, Ltd., Opelika Partners, Ltd., Golden Springs Partners, Ltd., and 59 West Partners, Ltd. (Docket No. 9703) with respect to Store Nos. 411, 494, 498, 506, 550, 560, 1446, 437, 447 and 538 (the "Cure Objection"). Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objection is overruled as to Store No. 560.[1]

---

[1] This Agreed Order only resolves the cure objection as to Store No. 560. This Agreed Order does not resolve the cure objection or proofs of claim filed by Clanton Partners, Ltd., WYE Partners, Ltd., Cantonment Partners, Ltd., Nine Mile Partners, Ltd., NOM Franklin, Ltd., Mandeville Partners, Ltd., Opelika Partners, Ltd., Golden Springs Partners, Ltd. and 59 West Partners, Ltd. (landlords for Store Numbers 411, 494, 498, 506, 550, 1446, 437, 447 and 538).

2. The cure amount for Store No. 560 is fixed at $11,196.34, $8,196.34 of which Winn-Dixie has paid to 98 Palms. Within fourteen business days of entry of this agreed order, Winn-Dixie will pay 98 Palms $3,000 in full satisfaction of any right to cure that 98 Palms has or may have under 11 U.S.C. § 365 or otherwise with respect to Store No. 560.

3. This Agreed Order resolves (i) all pre-petition and pre-effective date claims for liabilities and obligations pertaining to Store No. 560 that 98 Palms has or may have against the Winn-Dixie and any of its Chapter 11 estates or affiliates and (ii) any claims for restoration or reimbursement for all pre-effective date hurricane damages with respect to Store No. 560 that Winn-Dixie and any of its Chapter 11 estates of affiliates have or may have against 98 Palms, all of which are forever waived, discharged and released.

4. Post-effective date liabilities and obligations will be handled by the parties in accordance with the applicable lease terms and ordinary course practices.

5. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this ___ day of March, 2008, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| HARWELL HOWARD HYNE GABBERT & MANNER, P.C. | SMITH HULSEY & BUSEY |
| By  *s/ David P. Canas* * <br> David P. Canas | By  *s/ Cynthia C. Jackson* <br> Cynthia C. Jackson, F.B.N. 498882 |
| 315 Deaderick Street, Suite 1800 <br> Nashville, TN 37238 <br> (615) 256-0500 <br> (615) 251-1058 (facsimile) <br> dpc@h3gm.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Counsel for 98 Palms Center. Ltd. | Counsel for Winn-Dixie |

*Counsel has authorized his electronic signature.

00599460