UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

AGREED ORDER OF RESOLUTION OF THE LITIGATION
CLAIMS OF TAMMY HUNT, CHANLER HUNT, MICHAEL HUNT, SR.,
BRANDON HUNT, MICHAEL HUNT, JR. (CLAIM NOS. 969, 970, 971, 972, 973)

These cases are before the Court upon notice by Winn-Dixie Stores, Inc. and its affiliates (collectively, the "Reorganized Debtors") of a mediated settlement agreement with Claimants, Tammy Hunt, Chanler Hunt, Michael Hunt, Sr., Brandon Hunt, and Michael Hunt, Jr. (collectively, the "Claimants"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326) and the Settlement Agreement Accordingly, it is

ORDERED AND ADJUDGED:

1. CLAIM NOS. 969, 970, 971, 972, and 973 are allowed in the total sum of $1,700,000.00 (one million and seven hundred thousand dollars) as Class 16 Other Unsecured Claims under the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Plan") to be paid as follows:

    a. $1,020,000 shall be paid to the Hunt Qualified Settlement Fund, c/o Fund Administrator, Gregory P. Huber, Esq., 515 N. Flagler Drive, 10th Floor, West Palm Beach, FL 33401; and

      b.      $680,000 of Claim No. 969 shall be paid to Drew Lovell, P.A. at: Drew Lovell, P.A., 4590 PGA Blvd., Suite 204, Palm Beach Gardens, FL 33418.

      c.      Future distributions under the "Plan," if any, shall be paid directly to the Hunt Qualified Settlement Fund at the delivery address listed in 1(a) above. Distributions to the Claimants, their attorney, or others, can thereafter be made by the Hunt Qualified Settlement Fund Administrator.

2.      This Agreed Order resolves (i) all liabilities and obligations between the Claimants and the Reorganized Debtors related to Claim Nos. 969, 970, 971, 972 and 973 and (ii) all other claims the Claimants have or may have against the Reorganized Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released, subject to any rights of any future distributions with respect to allowed CLAIM NOs. 969, 970, 971, 972 and 973. This Agreed Order (i) does not adversely affect the Claimants' right to pursue and recover all future medical expenses, health care, disability and related expenses, from any other person, firm, or organization who may be responsible for payment of such expenses, including but not limited to, any claims for governmental assistance, and claims including, but not limited to Medicaid, Medicare, Part A, and/or Part B and/or Social Security, but such preservation of rights does not apply to the Reorganized Debtors, (ii) shall not be construed nor interpreted to create a right of equitable subrogation in favor of the Reorganized Debtors, and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this

2

Agreed Order for injuries claimed and (iii) shall not impact the Claimants' rights to make claims for medical malpractice, if any.

3. The Claimants agree that upon payment of all distributions listed above, they will dismiss, with prejudice, any legal proceeding commenced by Claimants against the Reorganized Debtors in this Court or in any other forum and each party is to pay their own attorney fees and their own costs, if any.

4. The Reorganized Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to any Litigation Claim, or make any admission of liability. The Claimants, not the Reorganized Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien and the Claimants shall hold sufficient funds in trust to pay any such liens, except for those Medicare liens or claims released by the United States Department of Health and Human Services pursuant to the Agreed Order entered by this Court on March 9, 2007 (Docket No. 15439).

5. The undersigned counsel for the Claimants, Drew Lovell, Esq., represents and warrants that he (i) is legally authorized to execute this Agreed Order on behalf of each of the Claimants and (ii) has full legal authority to bind each of the Claimants to the terms of this Agreed Order including, without limitation, the claim allocation as described in paragraph 1 of this Agreed Order.

3

6.  The Court shall retain jurisdiction to resolve any disputes arising from this Agreed Order.

Done this 21 day of March, 2008, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copies to:
James H. Post
[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]
Edward P. Jackson, Esq., 255 N. Liberty St., Jacksonville, FL 32202
Drew Lovell, Esq., 4590 PGA Blvd., Suite 204, West Palm Beach Gardens, FL 33418

4

Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| SMITH HULSEY & BUSEY | LAW OFFICE OF DREW LOVELL P.A. |
|---|---|
| By  s/ James H. Post  <br> Stephen D. Busey <br> James H. Post <br> Leanne McKnight Prendergast | By  /s/ Drew Lovell |
| Florida Bar Number 175460 <br> 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> jpost@smithhulsey.com | Florida Bar Number 967040 <br> 4590 PGA Blvd., Suite 204 <br> West Palm Beach Gardens, FL 33418 <br> (561) 655-7766 <br> (561) 691-4370 (facsimile) <br> dlwpb@aol.com |
| Counsel for Reorganized Debtors | Counsel for Tammy Hunt, Chandler Hunt, Michael Hunt, Sr., Brandon Hunt and Michael Hunt, Jr. |

602561