**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,                    Case No.: 3-05-bk-3817 (JAF)

           Debtors.                              Chapter 11

Jointly Administered

## MOTION OF RENEE MYER TO DEEM TIMELY BUT IMPROPERLY FILED PROOF OF CLAIM AS A TIMELY FILED REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE

Now Comes Renee Myer ("Ms. Myer"), by and through her undersigned counsel, to file this, her motion for the entry of an order (the "Motion") to Deem Timely But Improperly Filed Proof of Claim as a Timely Filed Request for Payment Administrative Expense (attached as hereto as Exhibit A) (the "Application") and in accordance with the Court's Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Doc. 12440), which, *inter alia*, established an administrative claims bar date of January 5th, 2007 ("Administrative Claims Bar Date"), and says:

### INTRODUCTION

The proliferation and utilization of electronic filing in the Federal Courts has many advantages. However, the CM/ECF system, a web-based document filing and management system, is not without its flaws, and user error may not always be the culprit when apparent filing mishaps occur. This case may present such and issue.

During the process of filing this Motion through the CM/ECF system (which naturally involves "creating a new party"), the undersigned attorney discovered that Renee Myer, the claimant herein, appeared as an existing creditor. However, both the claims registry and the docket are devoid of any papers reflecting Ms. Myer as a claimant. As will be discussed below,

Ms. Myer's (former) attorney attempted to file a "proof of claim" and caused an e-mail with the same attached to be sent to the Court's CM/ECF administrator prior to the expiration of the Administrative Claims Bar Date.  Now, and at all times relevant, Renee Myer appears and has appeared as a creditor in this case as of January 5th, 2007.  The "electronic footprint" left by Ms. Myer in the claims registry in conjunction with e-mail correspondence to the CM/ECF administrator evidences an improperly filed proof of claim prior to the expiration of the Administrative Claims Bar Date.  In the event that Ms. Myer or her representative failed to cause the proof of claim to appear in the claims registry or the docket in this case, any such actions or inactions constitute excusable neglect.

By this Motion, Ms. Myer requests that the Court enter an order deeming the attached Application for Administrative Expense timely filed.

## BACKGROUND

1.      On or about July 1st, 2006, Ms. Myer sustained personal injuries when she slipped and fell (the "Incident") in an aisle at the Winn-Dixie Store # 1452 located 555 Burbank Drive, Baton Rouge, Louisiana (the "Winn-Dixie Store").   The Winn-Dixie Store was operated by Winn-Dixie Stores, Inc., one of the Affiliated Debtors in this Chapter 11 Case.

2.      Ms. Myer's slip and resulting injuries were caused by a pre-existing water leak emanating form a freezer/cooler located in the aisle.  Given the proximity of the leak to the aisle, as well as the duration of the leak and size of the puddle, the Winn-Dixie Store was aware of the leak (as evidenced by a Winn-Dixie Store employee's statement to Ms. Myer) and should have taken appropriate steps to remediate.  As a result of the Winn-Dixie Store's negligence, Ms. Myer injured her neck, shoulder, and lower back.

3.      Shortly after the Incident, Ms. Myer contacted Christopher L. Whittington, Esq. of the law firm of Whittington & Reynolds in Baton Rouge, Louisiana in order to assist her in recovering compensation for injuries she sustained.   In this endeavor, Mr. Whittington attempted (but apparently failed) to cause a proof of claim to appear in the claims registry in this case prior to the expiration of the Administrative Claims Bar Date, which he no doubt believed would preserve Ms. Myer's entitlement to payment for her administrative expense. Specifically, Mr. Whittington:

a.      registered for electronic filing for the Bankruptcy Court for the Middle District of Florida, Jacksonville Division on January 5th, 2007.

b.      sent e-mail correspondence to Michael Schumpert, the CM/ECF administrator for the Bankruptcy Court for the Middle District of Florida, Jacksonville Division, attaching a "proof of claim" and requesting that it be filed on behalf of Ms. Myer.

Composite Exhibit B attached hereto comprises: (i) Ms. Myer's and Mr. Whittington's registration forms; (ii) the fax confirmation sheet showing that the registration forms were sent on January 5th, 2007; (iii) the e-mail from Mr. Schumpert providing a CM/ECF password to Mr. Whittington; (iv) an e-mail dated January 5th, 2007 from Erin L. Caffarel, Mr. Whittington's assistant, requesting that an attached "proof of claim" be filed on behalf of Ms. Myer.

4.      Ms. Myer contacted another attorney, Michael Fruge' Esq. of the law firm of Clayton & Fruge' in Port Allen, Louisiana, regarding her case against the Winn-Dixie Store. Immediately, Mr. Fruge' realized that the applicable Louisiana statute of limitations for Ms. Myer's case would expire within a week of his consultation with Ms. Myer.  Mr. Fruge' filed a Petition for Damages (the "Complaint") in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana asserting Ms. Myer's rights against the Winn-Dixie Store (the "Louisiana

Action").[1]  Thereafter, Mr. Fruge' received correspondence from David Gay, Esquire, from the law firm of Smith Hulsey & Busey ("Debtors' Counsel") advising Mr. Fruge' of the discharge injunction (which may or may not be applicable), and demanding the Louisiana Action be dismissed. Mr. Fruge' has not prosecuted the Louisiana Action since receiving Mr. Gay's correspondence.

     5.     After performing his due diligence, Mr. Fruge' discovered that while Mr. Whittington had i) obtained an CM/ECF password, ii) attempted to file a "proof of claim" on behalf of Ms. Myer prior to the expiration of the Administrative Claims Bar Date; and iii) sent a copy of the "proof of claim" directly to Mr. Schumpert "for filing," it did not appear that a proof of claim or any other paper had appeared on the docket.

     6.     Prior to filing this Motion, and after informing Debtors' Counsel, Leanne Prendergast, Esquire, of the undersigned's intention to do so, the undersigned attorney contacted Mr. Shumpert in order to verify that the January 5th, 2007 e-mail sent on Ms. Myer's behalf as evidenced by Composite Exhibit B was actually received prior to the expiration of the Administrative Claims Bar Date.  It will be Mr. Shumpert's testimony (if necessary) that he did in fact receive the e-mail, that the attachment was a proof of claim naming Ms. Myer as a claimant, and that the proof of claim was forwarded to the appropriate case administrator to handle prior to the expiration of the Administrative Claims Bar Date.

     7.     In an effort to obtain the Debtors' consent to the relief sought by this Motion, the undersigned attorney forwarded a draft copy of this motion with accompanying Exhibits to Debtors' Counsel with the hope that the issues raised herein could be resolved without Court intervention.  After a resolution could not be reached, and during the course of filing this

---

[1]     The Complaint was filed one week prior to the limitations period for filing personal injury actions under Louisiana law (i.e. the "prescription period"). Louisiana provides a one-year prescription period.

Motion, the undersigned discovered that when creating a "new party" in the Court's CM/ECF system, Renee Myer, the movant herein, already appeared as a creditor in this case; but yet, neither the docket nor the claims registry reflect the existence of any papers naming her as a claimant in this case. Based upon this information, the undersigned did not continue past the "create new party" prompt, due to the uncertainty of whether to do so would have disturbed whatever previous action had been taken on behalf of Ms. Myer.

8.      Thereafter, the undersigned again contacted Debtors' Counsel. After having raised this rather strange cyberspace occurrence with Mr. Gay (counsel for the Debtors), and informing him that the undersigned intended to discuss this anomaly with Mr. Shumpert, the undersigned was able to verify an "electronic footprint" had somehow been left by Ms. Myer in the claims registry on January 5th, 2007 -- which is the date the proof of claim had been sent to Mr. Shumpert, the date Mr. Whittington obtained a CM/ECF password, and most importantly, the last day to submit requests for payment of administrative expenses.

## MEMORANDUM OF LAW

The Application should be deemed timely filed. The lack of any paper evidencing Ms. Myer's request for administrative expense is replaced by an "imprint of well intention" residing in perpetuity on the Court's CM/ECF system. Indeed, Mr. Whittington made every effort to file a "proof of claim" before the Administrative Expense Claims Bar Date in order to preserve Ms. Myer's right to payment. However, and unbeknownst to Ms. Myer, her proof of claim does not appear in the claims registry in this case, but yet her name appears as an existing creditor as of January 5th, 2007, thereby evidencing her timely and diligent (albeit improper form) request for payment of her administrative expense justifying an order from the Court deeming the attached Application as timely filed.

It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (1968) (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr.S.D.Fla. 1994). Moreover, the Bankruptcy Code provides that "(a)n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." 11 U.S.C. § 503(a). In the case of a post-petition claim filed after a bar date, bankruptcy courts have used the "excusable neglect" standard of Fed. R. Bankr. P. 9006(b)(1) in the context of a Section 503(a) application for administrative expense. *See, In re: Bicoastal Corp.*, 147 B.R. 258 (MD. Fla. 1992); *In re: Reams Broad. Corp.*, 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993). In essence, the court is permitted to exercise its discretion "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond [claimant's] control." *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.,* 507 U.S. 380 (1993).

In *Pioneer*, the United States Supreme Court explicitly rejected a narrow interpretation of the term "excusable neglect" under Rule 9006(b)(1). *Id.* at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control"). A post-petition claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *See, Banco Lation International v. Lopez (In re: Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (*citing Pioneer*); *See, also In re: Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997).

6

As noted previously by this Court, *Pioneer* mandates a "balancing test" of four considerations. *See, In re: Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). Those considerations include: (a) the reason for the delay and whether it was in control of the claimant; (b) the length of delay and potential impact on judicial proceedings; (c) the danger of prejudice to debtor; and (d) whether the claimant acted in good faith. *Id.* at 646.

**Failure to Timely File Request for Administrative Expense was Excusable Neglect**

    **a.**       **Delay was Outside the Control of Ms. Myer.**

As set forth above, and at all times material, Ms. Myer has all the while believed the appropriate action to preserve her right to payment of administrative expense in this Chapter 11 case had been taken. As the evidence submitted with this Motion as composite Exhibit B reflects, Mr. Whittington, Ms. Myer's former counsel, attempted to file a proof of claim on Ms. Myer's behalf prior to the expiration of the Administrative Claims Bar Date, but for some reason, no proof of claim appears in the claims registry or the docket. Mr. Whittington's apparent failed attempt to cause the proof of claim to appear on in the claims registry is excusable when considering, among other factors, Mr. Whittington does not regularly practice before this Court or any other bankruptcy court and is unfamiliar with the CM/ECF system. Moreover, evidence in this case may reveal alternative explanations for why the proof of claim does not appear in this case, without regard to any actions or inactions taken by Mr. Whittington and Ms. Myer, which may include human error, a glitch in the CM/ECF system, [2] or both. As such, the delay in filing the Application was altogether outside of Ms. Myer's control.

---

[2] As the last day to file requests for payment of administrative expenses, the CM/ECF system likely experienced high filing volume on January 5th, 2007.

**b.**     **Length of Delay and Potential Impact on Judicial Proceedings**

The delay in filing the Application does not impact this Chapter 11 case or any judicial proceedings. The Court has confirmed the Debtors' Plan of Reorganization, and as such, the judicial proceedings in this case cannot be affected if the Court grants this Motion.

**c.**     **Prejudice to the Debtors**

There can be little, if any, prejudice to the Debtors if the Application is deemed timely filed. The Debtors' Plan of Reorganization contemplates payment of administrative expenses of the kind presented by Ms. Myer herein; and the Debtor remains obligated to pay such administrative expenses until an order from this Court is entered allowing or disallowing the any given request for payment of the administrative expense.

Moreover, allowing the Application will not deprive the Debtors the ability to defend against Ms. Myer's claims on the merits --- on the other hand, not allowing the Application will deprive Ms. Myer of her ability to receive payment of her administrative expenses.

**d.**     **Ms. Myers' Application is Filed in Good Faith**

Ms. Myer's actions in this case were, without question, undertaken in good faith. At no point has Ms. Myer delayed the reorganization process, and there is and can be no suggestion that she has acted improperly in any fashion. In addition, Ms. Myer, through her former attorney, took every step in order to timely preserve her right to payment of her administrative expense. A simple mistake with respect to the CM/ECF system has necessitated this Motion.

### CONCLUSION

Each of the foregoing equitable considerations weigh heavily in favor of the granting of the relief sought in this Motion. The treatment of Ms. Myer's Application as timely filed will permit her to liquidate the administrative expense in another forum by Final Order (as defined

in the Plan). Such relief will in no way prejudice the Reorganized Debtor, and will serve to protect Ms. Myer's rights to recover for her administrative expenses, and is consistent with the letter and policy of the United States Bankruptcy Code.

WHEREFORE, Renee Meyer requests that the Court enter an order:

    (A)   deeming the Application attached as Exhibit "A" timely filed;

    (B)   granting Ms. Myer any such other and further relief to which they may be entitled.

Respectfully Submitted this 27th day of March, 2008.

By: /s/Brett A. Mearkle
       Brett A. Mearkle
       Florida Bar Number 644706

WILCOX LAW FIRM
6817 Southpoint Parkway
Suite 1202
Jacksonville, Florida 32216
(904) 281-0700
(904) 513-9201
bmearkle@wilcoxlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2008 I filed the forgoing motion through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/Brett A. Mearkle

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,

        Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS AND REQUEST FOR SERVICE OF RENEE MYER

        Now Comes Renee Myer (the "Applicant"), and seeks administrative expense status for her post-petition damages against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Specifically, Applicant requests the entry of an order allowing the administrative expense pursuant to the Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Doc.12440) and the provisions of the Debtors Joint Plan of Reorganization as confirmed.  In support of their Application, the Applicant says:

### JURISDICTION AND VENUE

        1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

        2.      Winn-Dixie Stores, Inc. and its affiliated companies (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21st, 2005 (the "Petition Date").

        3.      On or about July 1st, 2006, Applicant sustained personal injuries when she slipped and fell (the "Incident") in an aisle at the Winn-Dixie Store # 1452 located 555 Burbank Drive, Baton Rouge, Louisiana (the "Winn-Dixie Store").   The Winn-Dixie Store was operated by Winn-Dixie Stores, Inc., one of the Affiliated Debtors in this Chapter 11 Case.

4.      The Applicant's slip and resulting injuries were precipitated by a pre-existing water leak emanating form a freezer/cooler located in the aisle.  Given the proximity of the leak to the aisle, as well as the duration of the leak and size of the puddle, the Winn-Dixie Store was aware of the leak (as evidenced by a Winn-Dixie Store employee's statement to Movant), or should have been aware of its existence, and should have taken appropriate steps to relieve its customers of the hazard of injury.  As a result of the Winn-Dixie Store's negligence, Movant injured her neck, shoulder, and lower back.

5.      At the time of filing this Application, the Applicant has incurred damages, the amount of which remains unliquidated and include, but are not limited to, medical bills, pain and suffering and future medical expenses.  The Applicant can support through medical records and other evidence the damages she has sustained.

### APPLICANTS' CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

6.      It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status.  *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (1968) (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr.S.D.Fla. 1994).

7.      In this instance, Applicant's entitlement to payment of its administrative expense arose from the business operations of Winn-Dixie after the Petition Date but prior to the Confirmation Order.  As such, Applicant is entitled to status as an administrative expense under 11 U.S.C. § 503(b), and the Applicant seeks the entry of an order granting administrative status for the Applicant, as described herein.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicants' claim be served upon the undersigned counsel and:

Michael Fruge'
Clayton & Fruge
607 North Alexander Avenue
Port Allen, Louisiana 70767-2365

**WHEREFORE,** based upon the foregoing, Applicant respectfully requests that the Court enter an order granting administrative status for the claims described herein, and any and all other relief the Court may deem appropriate.

Respectfully Submitted,

By: /s/*Brett A. Mearkle*
    Brett A. Mearkle
    Florida Bar Number 644706

WILCOX LAW FIRM
6817 Southpoint Parkway
Suite 1202
Jacksonville, Florida 32216
(904) 281-0700
(904) 513-9201
bmearkle@wilcoxlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on March_____, 2008 I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS AND REQUEST FOR SERVICE OF RENEE MYER** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq., and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ Brett A. Mearkle

# COMPOSITE EXHIBIT B

# WHITTINGTON & REYNOLDS

*an association of law firms · not a parmership*

hristopher L. Whittington                                              Aidan C Reynolds

1 · 5 · ~~2006~~ 2007

TO: Bankruptcy                          NUMBER 904.301.6529

FROM: Christopher L. Whittington

NUMBER OF PAGES (inclusive of cover page): 3

MESSAGE: Winn Dixie

### CONFIDENTIALITY NOTICE

This facsimile transmission and/or the documents accompanying it may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. In the event that you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you receive this transmission in error, please notify us immediately by telephone to arrange for the return of all pages transmitted.

If you do not receive all of the material being transmitted, or if you have any questions, please call (225) 346-8777 and ask for Erin.

835 Louisiana Avenue • Baton Rouge, Louisiana 70802 • P.O. Box 3035 • Baton Rouge, Louisiana 70821-3035
phone (225) 346-8777 • telecopier (225) 346-2009 • chris@whittingtonlawfirm com
phone (225) 383-5080 • telecopier (225) 389-0021 • aidanreynolds@bellsouth net

# WHITTINGTON & REYNOLDS

*an association of law firms - not a partnership*

Christopher L. Whittington | Aidan C. Reynolds

1-5-2007 (handwritten; "2006" printed and struck through)

**TO:** Bankruptcy **NUMBER:** 904-301-6529

**FROM** Christopher L. Whittington

**NUMBER OF PAGES**(inclusive of cover page): 3

**MESSAGE:** Winn Dixie

**CONFIDENTIALITY NOTICE**

**This facsimile transmission and/or the documents accompanying it may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. In the event that you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you receive this transmission in error, please notify us immediately by telephone to arrange for the return of all pages transmitted.**

If you do not receive all of the material being transmitted, or if you have any questions, please call (225) 346-8777 and ask for Erin.

835 Louisiana Avenue • Baton Rouge, Louisiana 70802 • P.O. Box 3035 • Baton Rouge, Louisiana 70821-3035
phone (225) 346-8777 • telecopier (225) 346-0009 • chris@whittingtonlawfirm.com
phone (225) 383-5080 • telecopier (225) 389-0021 • aidanreynolds@bellsouth.net

MEMORY TRANSMISSION REPORT

TIME :01-05-'07 14:43
FAX NO.1 :225-346-0009
NAME :CHRIS WHITTINGTON

FILE NO. : 858
DATE : 01.05 14:41
TO : 819043016529
DOCUMENT PAGES : 3
START TIME : 01.05 14:41
END TIME : 01.05 14:43
PAGES SENT : 3
STATUS : OK

*** SUCCESSFUL TX NOTICE ***

UNITED STATES BANKRUPTCY COURT, MIDDLE DISTRICT OF FLORIDA

ELECTRONIC CASE FILING SYSTEM
REGISTRATION FORM

This form is to be used by Attorneys who are registered as an ECF participant in another United States Bankruptcy Court and are seeking filing privileges on this Court's Electronic Case Filing System. Refer to Local Rule 2090-1 (Admission to Practice) to determine if you are in compliance before requesting your ECF login. The information below is required for CM/ECF registration and will be used only for that purpose. All information will be kept confidential.

First/Middle/Last Name
of the Attorney              _CHRISTOPHER L. WHITTINGTON_

Firm Name:                   _Same_

Mailing Address:             _835 LA AVE_
                             _B.R. LA 70821_

State Bar ID Number:         _22184_

Telephone Number:            _225-346-8777_

E-mail Address:              _erin@whittingtonlawfirm.com_

Fax Number:                  _225-346-0009_

Identify the state(s) and district(s) of the Bankruptcy Court(s) in which you are already certified to file electronically.

_U.S. District Court        , MIDDLE DISTRICT_

By submitting this registration form, I agree to abide by the following rules:

1. Pursuant to Federal Rule of Bankruptcy Procedure 9011, every pleading, motion and other paper (except lists, schedules, statements or amendments thereto) filed with the court shall be signed by at least one attorney of record or by the party filing the pleading if not represented by an attorney. The unique password issued to a user registered to use the ECF system identifies that user to the court each time the user logs on to the ECF system. The use of a user's password serves as and constitutes the signature of the user for purposes of Bankruptcy Rule 9011 on any document or pleading filed electronically.

\*\*\*  SUCCESSFUL TX NOTICE  \*\*\*

STATUS            :  OK
PAGES SENT        :  2
END TIME          :  01.05 14:35
START TIME        :  01.05 14:35
DOCUMENT PAGES    :  2
TO                :  ☎ 190432106529
DATE              :  01.05 14:35
FILE NO.          :  057

MEMORY TRANSMISSION REPORT

NAME          :CHRIS WHITTINGTON
FAX NO.1      :225-346-0009
TIME          :01-05-'07 14:35

# UNITED STATES BANKRUPTCY COURT, MIDDLE DISTRICT OF FLORIDA

## ELECTRONIC CASE FILING SYSTEM
## REGISTRATION FORM

This form is to be used by Attorneys who **are registered as an ECF participant in another United States Bankruptcy Court** and are seeking filing privileges on this Court's Electronic Case Filing System. Refer to Local Rule 2090-1 (Admission to Practice) to determine if you are in compliance before requesting your ECF login. The information below is required for CM/ECF registration and will be used only for that purpose. All information will be kept confidential.

First/Middle/Last Name
of the Attorney        CHRISTOPHER L. WHITTINGTON

Firm Name:        Same

Mailing Address:        835 LA. AVE.
                        B. R  LA  70821

State Bar ID Number:        22184

Telephone Number:        225-346-8777

E-mail Address:        erin@whittingtonlawfirm.com

Fax Number:        225-346.0009

Identify the state(s) and district(s) of the Bankruptcy Court(s) in which you are already certified to file electronically.

U.S. District Court , MIDDLE DISTRICT

By submitting this registration form, I agree to abide by the following rules:

1. Pursuant to Federal Rule of Bankruptcy Procedure 9011, every pleading, motion and other paper (except lists, schedules, statements or amendments thereto) filed with the court shall be signed by at least one attorney of record or by the party filing the pleading if not represented by an attorney. The unique password issued to a user registered to use the ECF system identifies that user to the court each time that the user logs on to the ECF system. The use of a user's password serves as and constitutes the signature of the user for purposes of Bankruptcy Rule 9011 on any document or pleading filed electronically.

2. The user must protect and secure the password issued by the court. If any reason exists to suspect the password has been compromised in any way, it is the duty and responsibility of the user to notify the clerk of court immediately. The clerk will immediately delete that password from the electronic filing system and issue a new password.

3. Certification to file in the electronic case filing system will constitute a request and an agreement to receive service of pleadings and other papers electronically pursuant to Federal Rule of Bankruptcy Procedure 9036, where service of pleadings and other papers is otherwise permitted by first class mail, postage prepaid.

Please check the method you would like to receive your login and password.

☐    Send my login and password via first-class mail to the address provided above.

☐    Send my login and password via E-mail to the E-mail address provided above.

_)- 5 - 07_                              _____
Date                                             Signature of Applicant

Mail this completed form to the Bankruptcy Court, Middle District of Florida. Christine Baker, Training Coordinator, will call you to provide a login and password to the Training database so you can complete the connectivity exercise. The mailing address is:

US Bankruptcy Court
Middle District of Florida
Attn: Christine Baker
135 West Central Boulevard
Suite 950
Orlando, FL 32801

2. The user must protect and secure the password issued by the court. If any reason exists to suspect the password has been compromised in any way, it is the duty and responsibility of the user to notify the clerk of court immediately. The clerk will immediately delete that password from the electronic filing system and issue a new password.

3. Certification to file in the electronic case filing system will constitute a request and an agreement to receive service of pleadings and other papers electronically pursuant to Federal Rule of Bankruptcy Procedure 9036, where service of pleadings and other papers is otherwise permitted by first class mail, postage prepaid.

Please check the method you would like to receive your login and password.

☐    Send my login and password via first-class mail to the address provided above.

☒    Send my login and password via E-mail to the E-mail address provided above.

1/5/07
Date

Signature of Applicant

Mail this completed form to the Bankruptcy Court, Middle District of Florida. Christine Baker, Training Coordinator, will call you to provide a login and password to the Training database so you can complete the connectivity exercise. The mailing address is:

US Bankruptcy Court
Middle District of Florida
Attn: Christine Baker
135 West Central Boulevard
Suite 950
Orlando, FL  32801

## Erin Caffarel

**From:** Michael_Schumpert@flmb.uscourts.gov
**Sent:** Friday, January 05, 2007 3:21 PM
**To:** Erin Caffarel
**Subject:** CM/ECF User ID - Winn Dixie Bankruptcy Case

Mr. Whittington:

I am pleased to announce that you have been issued a login and password to our CM/ECF live database at https://ecf.flmb.uscourts.gov. If you have not already done so, please send the original registration form to the address listed on the second page via United States mail at your earliest convenience.

| | |
|---|---|
| **login:** | **clwhitt** |
| **password:** | **segapl15** |
| **prid#:** | **3426099** |

Please contact me at the telephone number listed below if you experience any technical difficulties with your CM/ECF login & password or encounter problems when attempting to make electronic fee payments. All other inquiries regarding the Winn-Dixie case should be directed to the case manager, Susan Baldwin, at 904-301-6531 or Cathy Perkins at 904-301-6522. Please do not modify your address or telephone information in your User Account. You must send a letter to the Court requesting that a change be made to your main attorney record. You are, however, permitted to change your password and add/edit e-mail addresses.

*NOTE: Once you are logged in to CM/ECF, to docket an Application or Motion for Payment of Administrative Expenses in the Winn-Dixie bankruptcy case, click Bankruptcy, then Motions/Applications/Objections. Type the full case number as follows: 3-05-bk-3817 and click Next. You will then be presented with docketing event options. Select "Application/Motion/Request for Payment of Admininistrative Expenses" and click Next. Proceed with docketing the pleading. When you get to the screen where you must pick the party you represent, if the party is not already listed in the pick box, you must Add/Create a new party. You will have to scroll all the way over to the right side of the screen in order to click this hyperlink. You may find our Attorney Tutorial useful to review prior to actually filing your pleading with the court. The Tutorial can be located by going to our court's website at www.flmb.uscourts.gov and clicking the CM/ECF link in the gray tool bar. The link to the Attorney Tutorial is located on this page.*

## Reminders:
**Credit Card Payments:** 1) If you receive any unusual messages while paying internet fees or are unsure a fee went through, please contact me at the telephone number below before attempting to pay again. 2) Pop-up blockers need to be disabled in order to electronically pay filing fees. Add https://www.pay.gov to your Pop-up Blocker exceptions.

**Proposed Orders:** Please electronically submit all proposed orders in this case by using the "Proposed Order - Jacksonville only" event located in the Miscellaneous category under Bankruptcy or Adversary.

Should you have any questions at all, please don't hesitate to contact us. Thank you.

Michael C.S. Schumpert
Training Coordinator/Data Quality Analyst
United States Bankruptcy Court, Jacksonville Division
Tel: 904-301-6516

## Erin Caffarel

| | |
|---|---|
| **From:** | Erin Caffarel |
| **Sent:** | Friday, January 05, 2007 3:50 PM |
| **To:** | 'Michael_Schumpert@flmb.uscourts.gov' |
| **Subject:** | Proof of Claim - Winn Dixie Case No. 05-03817-3F1 |

**Attachments:** bankruptcy.pdf

Attached please find a Proof of Claim to be filed with your court on behalf of Creditor, Renee Myer.

Thank you for your assistance and if there are any questions, please do not hesitate to contact me at 1-800-385-9042.

Thanks, Erin


Erin L. Caffarel
Legal Assistant to
Christopher L. Whittington
P. O. Box 3035
Baton Rouge, LA 70821