# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Reorganized Debtors.[1] | ) Jointly Administered |
| | ) |

## AMENDED[2] AGREED ORDER RESOLVING CLAIM NO. 13634 FILED BY ZUPPARDO REAL ESTATE CO., INC., AS SET FORTH IN THE DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION (STORE NO. 1403)

This cause originally came before the Court upon the Twenty-Eighth Omnibus Objection to Claims (Docket No. 13325) (the "Twenty-Eighth Omnibus Objection") filed by Winn-Dixie Stores, Inc. and twenty-three of its affiliated debtors (collectively, the "Reorganized Debtors") as it relates to Claim No. 13634, filed by Zuppardo Real Estate Co., Inc. ("Zuppardo") in the amount of $619,675.00. Prior to filing the Twenty-Eighth Omnibus Objection, the Reorganized Debtors filed a motion seeking to reject several non-residential real property leases, including the lease for Store No. 1403, and to establish a bar date for rejection damage claims (the

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

[2] The original Agreed Order (Docket No. 19685) is amended to correct the allowed amount for Claim No. 13634. The original Agreed Order allowed Claim No. 13634 as a non-priority, unsecured Class 13 claim in the amount of $211,838.00. Claim No. 13634 should have been allowed as a non-priority, unsecured Class 13 claim in the amount of $268,422.68.

"Rejection Motion") (Docket No. 10823). On October 16, 2006, the Court entered an order (Docket No. 11929) authorizing the Reorganized Debtors to reject the lease for Store No. 1403.

On January 12, 2007, Zuppardo filed a response (Docket No. 14709) to the Twenty-Eighth Omnibus Objection seeking to allow Claim No. 13634 in full. On January 24, 2007, the Court entered an order (Docket No. 14853) sustaining the Twenty-Eighth Omnibus Objection as to the proofs of claims listed on the exhibits to the order and continuing the hearing on the Twenty-Eighth Omnibus Objection as to Claim No. 13634 and other unresolved claims.

On January 31, 2008, the Court entered an agreed order (Docket No. 19685) (i) allowing Claim No. 13634 as a non-priority, unsecured Class 13 claim in the amount of $211,838.00, (ii) disallowing the remainder of Claim No. 13634 and (iii) resolving all remaining issues between Zuppardo and the Reorganized Debtors' regarding the Reorganized Debtors' insurance claim for damages sustained to Store No. 1403 as a result of Hurricane Katrina. This Agreed Order revises the Docket No. 19685 order solely to correct the allowed amount for Claim No. 13634. Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. Claim No. 13634 filed by Zuppardo is allowed as a non-priority unsecured claim (Class 13) in the amount of $268,422.68. The remainder of Claim No. 13634 is disallowed.

2. Distributions will be made to Zuppardo on allowed Claim No. 13634

pursuant to Section 9.2 of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, as modified (the "Plan").

3. Upon entry of this Agreed Order, the Reorganized Debtors assign to Zuppardo all of the Reorganized Debtors' rights and interests in the Reorganized Debtors' insurance claim for structural and physical damage sustained by Store No. 1403 as a result of Hurricane Katrina (the "Structural Claim"). The Reorganized Debtors and Zuppardo agree that (i) the Structural Claim will be sought on a replacement cost basis and (ii) the Reorganized Debtors retain their rights to pursue any insurance claim for loss or damage to equipment or inventory, physical damages to property not claimed by Zuppardo or other non-structural damages in connection with Store No. 1403 including, without limitation, any claims for business interruption (the "Non-Structural Claim").

4. The Reorganized Debtors agree to assist in the prosecution by Zuppardo of the Structural Claim with the Reorganized Debtors' insurers (the "Insurers"), including, but not limited to, those insurance companies that participated in the all-risk property insurance program for the Reorganized Debtors for the 2005-2006 policy year, which provided coverage for Store No. 1403, which companies are more fully identified in the Complaint filed by Winn-Dixie Stores, Inc. in the Circuit Court for the Fourth Judicial Circuit, Duval County, Florida, Case No. 16-2007-CA-007475, Division CV-H. The Reorganized Debtors further agree to turn over any and all insurance proceeds collected, or that may be collected, on the Structural Claim to Zuppardo.

5. Any insurance proceeds for loss to Store No. 1403 resulting from Hurricane Katrina which are not allocated between the Structural Claim and the Non-Structural Claim, and result from a resolution with the Insurers of the Reorganized Debtors' Hurricane Katrina claims, will be prorated according to the difference between the Reorganized Debtors' and Zuppardo's combined 'as-was' replacement cost claim and the Insurer's proposal preceding the compromise resolution.

6. Zuppardo agrees to assist the Reorganized Debtors, as needed, in the resolution of the Reorganized Debtors' Hurricane Katrina claims with the Insurers.

7. This Amended Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store No. 1403 including, without limitation, Claim No. 13634, filed by Zuppardo in these Chapter 11 cases, (ii) all other pre-petition or pre-effective date[3] claims pertaining to Store No. 1403 that Zuppardo has or may have against the Reorganized Debtors and any of their Chapter 11 estates or affiliates and (iii) any and all claims between the Reorganized Debtors and Zuppardo for restoration or reimbursement for all hurricane damages that have occurred with respect to Store No. 1403 as of the date of this Agreed Order, all of which are forever waived, discharged and released; provided, however, that by entering into this Agreed Order, Zuppardo has not and shall not be deemed to have waived its claims against the Insurers, as more fully described in

---

[3] The Effective Date of the Plan was November 21, 2006, as determined by the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Docket No.12440) and the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims (Docket No. 12991).

paragraph 4 of this Agreed Order.

8.  Logan & Company, Inc., the claims agent appointed in these cases, is directed to revise the claims register as necessary to reflect the terms of this Agreed Order.

9.  This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this 27 day of March, 2008, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00600903

5

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| STUTSMAN THAMES & MARKEY, P.A. | SMITH HULSEY & BUSEY |
| By___*s/ Bradley R. Markey*____<br>    Bradley R. Markey, F.B.N. 0984213 | By___*s/ Cynthia C. Jackson*____<br>    Cynthia C. Jackson, F.B.N. 498882 |
| 50 North Laura Street, Suite 1600<br>Jacksonville, Florida 32202<br>(904) 358-4000<br>(904) 358-4001 (facsimile)<br>BRM@stmlaw.net | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Counsel for Zuppardo Real Estate Co., Inc. | Counsel for Reorganized Debtors |

*Counsel has authorized his electronic signature.

00600903