## UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

|  |  |
|---|---|
| **In re:** | |
| **WINN-DIXIE STORES, INC., et al.,** | **Case No.: 3-05-bk-3817 (JAF)** |
| **Debtors.** | **Chapter 11** |
| | **Jointly Administered** |

### PERKINS' MOTION FOR SUMMARY JUDGMENT DETERMINING THAT HER CLAIM HAS NOT BEEN DISCHARGED OR, ALTERNATIVELY, FOR ENLARGEMENT OF TIME TO FILE PROOF OF CLAIM, AND INCORPORATED MEMORANDUM OF LAW

GERALDINE W. PERKINS (" PERKINS"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this contested matter by Bankruptcy Rules 7056 and 9014, and the Due Process Clause of the United States Constitution or, alternatively, Bankruptcy Rules 3003(b)(3) and 9006(b) and 11 U.S.C. 105, moves for a summary judgment on her previously filed motion seeking a determination that her personal injury claim is not affected by the discharge in favor of Debtor, WINN DIXIE STORES, INC. ("WINN DIXIE" or "Debtor"),[1] or, alternatively, for enlargement of time to file a proof of claim.[2]  In support of this motion, MRS. PERKINS states as follows:

---

[1]     MRS. PERKINS believes that this is properly a contested matter and not an adversary proceeding.  However, in the event the Court determines Bankruptcy Rule 7001 does apply, the MRS. PERKINS requests the court to treat this contested matter as an adversary proceeding or, alternatively, grant it leave to file an adversary proceeding.

[2]     PERKINS has moved in the alternative because, if her claim is claim is determined to be unaffected by WINN DIXIE'S discharge, PERKINS would, seemingly, not need to file a proof of claim but could seek to liquidate and collect their claims in state court judicial proceedings.

*In re:  WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 2*

### Jurisdiction and Venue

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is core proceeding under 28 U.S.C. § 157(b)(2).

### Status of the Case as it Relates to this Motion

3.      On April 11, 2007, the undersigned counsel, on behalf of PERKINS and, her husband, Mr. Robert Perkins, filed a Motion for a Determination That Their Claims Are Not Discharged Or, Alternatively, for Enlargement of Time to File Proof of Claim, and Incorporated Memorandum of Law ("Motion") (C.P. 15899).  However, Mr. Robert Perkins died on January 19, 2005.  Thus, to the extent the Motion related to Mr. Perkins claim it was in error.  However, this should not affect the substance of the Motion as it relates to PERKINS.

4.      Despite repeated requests made by the undersigned counsel to counsel for WINN DIXIE since the time the Motion was filed, the Motion has never been scheduled for a hearing.[3]

### The Incident and Injury[4]

5.      On August 18, 2002, PERKINS, was an invitee of WINN DIXIE at its store number 257 located at 9840 South Military Trail, Boynton Beach, Florida  33467 (the "Premises").  Affidavit of Geraldine W. Perkins in Support of Motion for Summary Judgment ("Perkins Affidavit"), ¶3,

---

[3]      The undersigned counsel was advised by counsel for WINN DIXIE and the Clerk of the Bankruptcy court that counsel for WINN DIXIE is responsible for scheduling matters in this cause for hearing.  Several requests for the Motion to be scheduled for a hearing were made to David Gay, Esquire of the law firm of Smith, Hulsey, & Busey, Debtor's counsel.

[4]      PERKINS is not attempting, nor is she required to, prove her underlying case, which will be adjudicated by state court jury trial, for the purposes of this motion but is merely attempting to give the court some background.

*In re: WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 3*

attached hereto as Exhibit "1."   Through the negligence of WINN DIXIE and its agents and/or employees in not properly maintaining the Premises, a dangerous condition, namely a wet, slick, and/or slippery floor caused by laundry detergent or other slippery substance, was allowed to continue when WINN DIXIE knew of said condition or, due to the passage of time, should have known of said condition.

6.      As a direct and proximate result of this dangerous condition MS. PERKINS slipped and fell on the ground and suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life as was prior to accident, expenses of hospitalization, medical treatment, and loss of earnings for a period following accident.  The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.  See, Perkins Affidavit, ¶3, attached hereto as Exhibit "1."

## WINN DIXIE's Knowledge of the PERKINS Claim

7.      At the time of the incident, PERKINS complained to the WINN DIXIE store manager, Bill Draves, about the incident and, PERKINS is informed and believes an incident report was prepared by WINN DIXIE.  See, Perkins Affidavit ,¶3, attached hereto as Exhibit "1."

8.      PERKINS and her husband, who was then alive, hired Lance C. Ivey, Esquire and the law firm of Lytal, Reiter, Clark, Fountain & Williams, Trial lawyers, LLP ("Plaintiff's Counsel) to prosecute their claims.  Affidavit of Lance C. Ivey ("Ivey Affidavit") in Support of Motion for Summary Judgment, ¶4, attached hereto as Exhibit "2."

9.      On October 3, 2002, Plaintiff's Counsel forwarded correspondence to WINN DIXIE'S Risk Management Division advising it of Plaintiff's Counsel's retention and requesting

*In re: WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 4*

insurance information. Ivey Affidavit, ¶5, attached hereto as Exhibit "2." A copy of this correspondence is attached to the Ivey Affidavit as Exhibit "A."

10.     An administrator/adjuster for WINN DIXIE responded to this correspondence on October 16, 2002 requesting additional information (which was provided) and subsequently, on October 28, 2002, wrote to Plaintiff's Counsel to disclaim liability on behalf of WINN DIXIE. Ivey Affidavit, ¶6, attached hereto as Exhibit "2." A copy of this correspondence is attached (without enclosures) to the Ivey Affidavit as Composite Exhibit "B." Accordingly, WINN DIXIE was well aware that PERKINS and her husband was asserting a claim for personal injury.

<p align="center">**The Bankruptcy and Failure to Notify the PERKINS of Bar Date**</p>

11.     WINN DIXIE and affiliated entitles filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005, approximately 1.5 years before the running of the statute of limitations on the PERKINS' claim.

12.     Notwithstanding the fact that WINN DIXIE should reasonably have been alerted to the probability that PERKINS and her husband might reasonably file a claim against it, WINN DIXIE failed to schedule PERKINS, or her husband, as unsecured creditors. See, Affidavit of Barry S. Balmuth in Support of Motion for Summary Judgment, ¶3, attached hereto as Exhibit "3."

13.     After MS. PERKINS, medical condition came to a point were it was possible to assess the extent of her injuries and the need for future care and, thus, the amount of her damages, on February 20, 2006, Plaintiff's Counsel forwarded correspondence to WINN DIXIE offering to settle the claim. Ivey Affidavit, ¶8, attached hereto as Exhibit "2." A copy of this correspondence is attached (without enclosures) to the Ivey Affidavit as Exhibit "C."

*In re: WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 5*

14.     In response to this February 20, 2006 correspondence, WINN DIXIE corresponded with Plaintiff's Counsel on February 27, 2006 and advised Plaintiff's Counsel of the WINN DIXIE'S bankruptcy filing and that the deadline for filing a proof of claim was August 1, 2005.[5] Ivey Affidavit, ¶9, attached hereto as Exhibit "2."  A copy of this correspondence is attached to the Ivey Affidavit as Exhibit "C."

15.     Since the PERKINS claim was not scheduled by WINN DIXIE, see, Affidavit of Barry S. Balmuth in Support of Motion for Summary Judgment, ¶3, attached hereto as Exhibit "3," neither PERKINS nor Plaintiff's Counsel was noticed of the bankruptcy by the Bankruptcy Court. Not surprisingly, the February 27, 2006 correspondence from WINN DIXIE, was the first actual notice that PERKINS or Plaintiff's Counsel received that WINN DIXIE had filed for bankruptcy protection and that the deadline for filing proof of claim had already run August 1, 2005, approximately 6 months earlier.  Perkins Affidavit, ¶6, attached hereto as Exhibit "1" and Ivey Affidavit, ¶10, attached hereto as Exhibit "2."[6] Neither Plaintiff's Counsel nor PERKINS had ever previously received actual or constructive notice of the deadline to file proof of claim and have never received actual or constructive notice of the approval of the disclosure statement, the proposal of a plan, or the confirmation hearing. Perkins Affidavit, ¶6, attached hereto as Exhibit "1" and Ivey

---

[5]     There was a typographical error in the February 27, 2006 WINN DIXIE correspondence in that it referred to correspondence from Plaintiff's Counsel dated February 20, 2005 when in fact that correspondence was dated February 20, 2006.

[6]     Plaintiff's Counsel had heard rumblings about the possibility that WINN DIXIE would file bankruptcy but did not become aware of the actual filing until receipt of the February 27, 2006 correspondence.  Ivey Affidavit, ¶10, attached hereto as Exhibit "2."

*In re:  WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 6*

Affidavit, ¶10, attached hereto as Exhibit "2."  It is also noteworthy that the February 27, 2006 correspondence never suggested that the PERKINS' claims had been discharged.  Ivey Affidavit, ¶10, attached hereto as Exhibit "2."

16.    Prior to the expiration of the statute of limitations, Plaintiff's Counsel initiated a state court action on behalf of PERKINS.    Ivey Affidavit, ¶12, attached hereto as Exhibit "2." Thereafter, state court counsel for WINN DIXIE advised Plaintiff's Counsel that the PERKINS' claims had purportedly been discharged and threatened punitive measures against Plaintiff's Counsel.  Ivey Affidavit, ¶13, attached hereto as Exhibit "2."  This prompted the retention of the undersigned counsel and the preparation of the Motion.  Ivey Affidavit, ¶13, attached hereto as Exhibit "2."[7]

WHEREFORE, PERKINS respectfully requests the Court to enter a Summary Judgment in favor of PERKINS determining that PERKINS' claim has not been discharged or, in the alternative, enlarging the time frame for PERKINS to file a proof of claim.

---

[7]    On or about August 1, 2006, Plaintiff's Counsel retained attorney David Langley, Esquire, who has represented several other personal injury claimants having claims against WINN DIXIE, for the purposes of taking appropriate action on behalf of PERKINS relating to the WINN DIXIE bankruptcy.  A copy of correspondence from Plaintiff's Counsel to Mr. Langley reflecting this retention, is attached (without enclosures) to eh Ivey Affidavit as Exhibit "E."  PERKINS is informed and believes that Mr. Langley has failed to take any action on the PERKINS' claim.  On March 28, 2007, PERKINS, through Plaintiff's Counsel retained the undersigned attorney.

*In re:  WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 7*

## MEMORANDUM OF LAW

### I.  No Discharge of Perkins' Claim

In a like case involving a Chapter 11 proceeding filed by a corporate debtor, the Eleventh

Circuit ruled, in In re Spring Valley Farms, Inc., 863 F.2d 832 (11th Cir. 1989), that due process

prevents Section 1141 of the Bankruptcy from being read to extinguish claims of creditors who have

not received notice of the deadline for filing a proof of claim as required by Bankruptcy Rule 2002

(a)(8).[8]  Id. at 834-835 (citing Sheftelman v. Standard Metals Corp., 839 F.2d 1383, 1386 (10th

Cir.1987) (notice under Rule 2002(a) "must also be given to satisfy due process requirements," even

when creditor had actual notice of bankruptcy); Reliable Elec. Co., Inc. v. Olson Const. Co., 726

F.2d 620, 622-23 (10th Cir.1984) (discharging of debt under § 1141 violated due process when

creditor with knowledge of the bankruptcy did not receive statutory notice of confirmation hearing);

City of New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953)

(discharge provision of bankruptcy code did not operate against claim of creditor who never

received actual notice of bar date for filing a claim);  In re Intaco Puerto Rico, Inc. 494 F.2d 94, 99

(1st Cir.1974) ("[T]he fact that the creditor may, as here, be generally aware of the pending

reorganization, does not itself impose upon him an affirmative duty to intervene in that matter and

present his claim.");  In re Harbor Tank Storage, 385 F.2d 111, 115 (3d Cir.1967) ("[A] creditor has

every right to assume that he will be sent all notices to which he is entitled under the Act.")).  This

was true even though, unlike here, the creditors in Spring Valley **knew of the bankruptcy**

---

[8]      Now, Bankruptcy Rule 2002(a)(7) is the pertinent provision.

*In re:  WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 8*

**proceeding**.

The Eleventh Circuit in Spring Valley, supra, relying heavily on City of New York , supra emphasized that its holding "embodies a basic principle of justice-that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." In re Spring Valley, Inc., supra at 835.  In In re Anchor Glass Container, 325 B.R. 892 (Bankr. M.D. Fla. 2005), the court held that "[a] known claim arises from facts that would alert the reasonable debtor to the **possibility** that a claim might reasonably be filed against it" and "[i]f the debtor knows of a creditor's claim and the debtor fails to give actual notice of the claims bar date, Section 1141 of the Bankruptcy Code does not discharge the debt of the creditor." Id. at 895-96(emphasis added)( additional citations omitted).

It bears repeating, that, even though her claims were well known to WINN DIXIE,[9] PERKINS did not receive actual notice of the claims bar date until approximately six months after that date.  PERKINS did not even know of the WINN DIXIE bankruptcy until after the claims bar date.  Thus, PERKINS' situation is even more compelling than the one the creditors in Spring Valley, supra found themselves in.  PERKINS would be deprived of her constitutional right due process if her claim was discharged under these circumstances.  For these reasons, the Court should determine that the discharge in favor of WINN DIXIE does not affect PERKINS' claims.

---

[9]       It can not be seriously suggested that WINN DIXIE'S adjuster's unilateral finding of no fault on the part of WINN DIXIE could lead WINN DIXIE to **reasonably** conclude that there was no **possibility** that the PERKINS, having retained a prominent personal injury firm, would disagree with the adjuster and would maintain their claim.  If plaintiffs having negligence claims regularly threw in the towel because an adjuster for a defendant or the defendant's insurance company denied a claim, the state circuit courthouses would be pretty empty places.  Moreover, as a matter of public policy, debtors should not be encouraged to unilaterally deny liability and escape liability by filing bankruptcy and failing to list the unilaterally denied claims.

*In re:  WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 9*

## II.  Alternatively, Court Should Enlarge Time Frame for Filing

Rule 9006(b) of the Federal Rules of Bankruptcy Procedure allows a bankruptcy court to enlarge the time for filing a proof of claim after the time has expired where the failure to act timely was due to "excusable neglect."   The Supreme Court has held that the determination of whether excusable neglect is present is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)(enlargement of time to file a proof of claim was proper due to excusable neglect).   These circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.  Here, there is no danger or prejudice to WINN DIXIE, and the impact on the judicial proceedings are too minute to be measurable.[10]  Cases construing Pioneer make clear that the mere length of delay alone is not in any way dispositive, except to the extent that the delay affects judicial proceedings. In re Premier Membership Services, LLC, 276 B.R. 709, 715 (Bankr. S.D. Fla. 2002) (citing Sacred Heart Hospital, 186 B.R. at 895 (even a long and logically unjustified delay which has no significant impact on the debtor's case should often be deemed excusable); In re Pappalardo, 210 B.R. 634, 646 (Bankr. S.D. Fla. 1997). "[C]ourts have permitted late claims as much as two years after the bar date where there was no

---

[10]      PERKINS expects to file a proof of claim in the modest (particularly relative to aggregate of claims in this bankruptcy proceeding) amount of $200,000.

effect on judicial administration."[11] In re Premier Membership Services, supra. at 715 (citing In re Beltrami Enterprises, Inc., 178 B.R. 389 (Bankr.M.D.Pa.1994)).  It, seemingly, would be difficult for WINN DIXIE to complain that the PERKINS claim would affect the administration of WINN DIXIE'S bankruptcy when WINN DIXIE has refused to schedule the Motion for hearing for over 10 months.  Given the high level activity ongoing in this proceeding to this day, it is clear that in April 2007, when the Motion was filed, and even today, the granting of the Motion would not have a prejudicial affect on the state of affairs of the WINN DIXIE bankruptcy.

In allowing a late filed claim, the Premier Membership Services court focused on the fact that there was no notice of the bar date to the creditors, the late filing of the claim did not in any way delay or interfere with confirmation of the debtors' plan, and that, as of the filing of the motion for enlargement of time, there still remained substantial matters to be resolved in the case post-confirmation.  In re Premier Membership Services, supra at 715.  The United States Supreme Court, in Pioneer Inv. Services Co., supra, in finding that enlargement of time to file a proof of claim was proper due to excusable neglect, similarly gave great weight to the fact that the notice of the bar dates was deficient.  See, Pioneer Inv. Services Co., 507 U.S. at 398; See also, Matter of Pine Associates, Inc. 35 B.R. 49, 51 (Bnkr. Conn. 1983) ("[t]here is clear and convincing authority that where a debtor fails to list a creditor so that the creditor does not receive notice by mail and lacks actual knowledge of the barring event, the court has no discretion to deny an application by such creditor to file a late claim") (citing City of New York, supra)

---

[11]     Less than two years from the claims bar had passed at the time of the filing of the original Motion.

The only real delay that matters here, the delay in not filing the claim before the bar date, was caused by the Debtor's failure to give PERKINS actual notice of the bar date, a circumstance which was completely out of PERKINS' control.  PERKINS and her counsel have, at all times acted in good faith.  Accordingly, if the court determines that PERKINS' claims are discharged, it should enlarge the time for her to file a proof of claim.

### Summary Judgment/Conclusion

Under Fed.R.Civ.P. 56(c), made applicable to adversary proceedings and contested matters in bankruptcy cases by Bank. R. 7056 and 9014, summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Fed. R. Civ. P 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). 'In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.'  Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir.2000) (en banc) (citation omitted). 'Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In re Optical Technologies, Inc., 246 F. 3d 1332, 1334 (11th Cir. 2006).

Here there are no genuine issues of fact regarding the fact that WINN DIXIE had actual knowledge of the PERKINS claim by virtue of Plaintiff's Counsel advising WINN DIXIE of same, that WINN DIXIE did not schedule the claims, and that no notice of the claims bar date was received.  Accordingly, under the facts and the authority cited above, see, In re Spring Valley Farms, Inc., PERKINS is entitled to a summary judgment in her favor determining that PERKINS' claim has not been discharged.

In the alternative, for the same reasons, see, Pioneer Inv. Services Co., supra; see also,  and

*In re:  WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 12*

additionally because there still remain substantial matters to be resolved in the case

post-confirmation, see, In re Premier Membership Services, supra at 715, the Court should enter

summary judgment enlarging the time for PERKINS to file her claim.

<div align="right">

Respectfully Submitted,

**BARRY S. BALMUTH, P.A.**

**/s/ Barry S. Balmuth**
**BARRY S. BALMUTH, ESQUIRE**
Florida Bar No.: 868991
Centurion Tower - Eleventh Floor
1601 Forum Place, Suite 1101
West Palm Beach, Florida 33401
Telephone: (561) 242-9400
Facsimile: (561) 478-2433
E-mail: blamuthlaw@alum.emory.edu

</div>

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 28, 2008, I filed **PERKINS' MOTION FOR SUMMARY JUDGMENT ON HER MOTION FOR A DETERMINATION THAT HER CLAIMS ARE NOT DISCHARGED OR, ALTERNATIVELY, FOR ENLARGEMENT OF TIME TO FILE PROOF OF CLAIM, INCORPORATED MEMORANDUM OF LAW** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq., and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., Counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

<div align="right">

**/s/ Barry S. Balmuth**
**BARRY S. BALMUTH, ESQUIRE**

</div>

MSJ on Motion for determination etc.wpd

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **In re:** | |
| **WINN-DIXIE STORES, INC., et al.,** | **Case No.: 3-05-bk-3817 (JAF)** |
| **Debtors.** | **Chapter 11** |
| | **Jointly Administered** |

### AFFIDAVIT OF GERALDINE W. PERKINS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

STATE OF FLORIDA           )
                                               ) ss:
COUNTY OF PALM BEACH  )

Before me, the undersigned authority, personally appeared Geraldine W. Perkins who was sworn and says:

1.      My name is Geraldine W. Perkins.

2.      I am over 18 years of age.

3.      On August 18, 2002, I was shopping at WINN DIXIE store number 257 located at 9840 South Military Trail, Boynton Beach, Florida  33467 when I was seriously injured when I slipped and fell.

4.      At the time of this incident, I complained to the WINN DIXIE store manager, Bill Draves.

5.      Subsequently, I hired Lance C. Ivey and the law firm of Lytal, Reiter, Clark, Fountain & Williams, Trial Lawyers LLP to represent me regarding this matter.

6.      I never received actual or constructive notice of the deadline to file a proof of claim and have never received actual or constructive notice of the approval of the disclosure statement, the


EXHIBIT |

*In re: WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 2*

proposal of a plan, or the confirmation hearing.

      7.      The foregoing is based on my personal knowledge.

FURTHER AFFIANT SAYETH NAUGHT

                                Geraldine W. Perkins

Sworn to and subscribed before me on _Nov 30_ , 2007 by Geraldine W. Perkins.

Notary Public State of Florida
Patricia B DeFreitas
My Commission DD716844
Expires 09/19/2011

                            Notary Public, State of Florida

Personally known ___✓___ OR Produced Identification _____

Type of Identification Produced _____

C:\BB\Perkins\Affidavit of Perkins.wpd

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

**WINN-DIXIE STORES, INC., et al.,**

**Debtors.**

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

## AFFIDAVIT OF ATTORNEY LANCE C. IVEY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**STATE OF FLORIDA**      )
                           ) ss:
**COUNTY OF PALM BEACH**    )

Before me, the undersigned authority, personally appeared Lance C. Ivey who was sworn and says:

1.       My name is Lance C. Ivey.

2.       I am over 18 years of age and I am an attorney, licensed to practice in the State of Florida since 1996.

3.       I am employed by the law firm of Lytal, Reiter, Clark, Fountain & Williams, Trial Lawyers LLP ("Lytal Reiter").

4.       I am the attorney handling the personal injury case of Geraldine W. Perkins on behalf of Lytal Reiter.

5.       On October 3, 2002, at my direction, a paralegal/investigator working for our firm, Jim Keeley, forwarded correspondence to WINN DIXIE STORES, INC.'S ("WINN DIXIE") Risk Management Division advising it of my retention by Mr. and Mrs. Perkins to prosecute a claim for injuries she sustained at a Winn Dixie Store 257 and requesting insurance information. A copy of

# EXHIBIT 2

*In re: WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 2*

this correspondence is attached hereto as Exhibit "A."

6.    An administrator/adjuster for WINN DIXIE responded to this correspondence on

October 16, 2002 requesting additional information (which was provided) and subsequently, on

October 28, 2002, wrote to me to disclaim liability on behalf of WINN DIXIE. A copy of this

correspondence is attached (without enclosures) hereto as Composite Exhibit "B."

7.    At no point did I ever indicate to WINN DIXIE that I agreed that WINN DIXIE was

not at fault for Mrs. Perkins' injuries or that I agreed with their disclaimer of liability.

8.    After MS. PERKINS, medical condition came to a point were it was possible to

assess the extent of her injuries and the need for future care and, thus, the amount of her damages,

on February 20, 2006, I forwarded correspondence to WINN DIXIE offering to settle the claim. A

copy of this correspondence is attached (without enclosures) hereto as Exhibit "C."

9.    In response to this February 20, 2006 correspondence, WINN DIXIE corresponded

with me on February 27, 2006. A copy of this correspondence is attached hereto as Exhibit "D."

This correspondence is that first information we had received from WINN DIXIE or its adjusters

or counsel that WINN DIXIE had filed for bankruptcy and that it would affect the Perkins claim.

10.    I had heard rumblings that WINN DIXIE was considering filing bankruptcy but I

do not recall ever hearing that WINN DIXIE had filed bankruptcy until the February 27, 2006

correspondence. By this correspondence, I learned for the first time that the deadline for filing

proofs of claim had already run August 1, 2005, approximately 6 months earlier. I do not recall

receiving actual or constructive notice of the bankruptcy or of the deadline to file proof of claim and

have never received actual or constructive notice of the approval of the disclosure statement, the

*In re: WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 3*

proposal of a plan, or the confirmation hearing. It is also noteworthy that the February 27, 2006

correspondence never suggested that the PERKINS' claims had been discharged.

11.    On or about August 1, 2006, Lytal and Reiter, on behalf of Mr. and Mrs Perkins,

retained attorney David Langley, Esquire, who has represented several other personal injury

claimants having claims against WINN DIXIE, for the purposes of taking appropriate action on

behalf of Mrs. Perkins relating to the WINN DIXIE bankruptcy. A copy of correspondence from

me to Mr. Langley reflecting this retention, is attached (without enclosures) hereto as Exhibit "E."

I believe that Mr. Langley has failed to take any action on the Mrs. Perkins behalf.

12.    Prior to the expiration of the statute of limitations, Lytal and Reiter, on behalf of Mr.

and Mrs. Perkins, filed a state court law suit against WINN DIXIE.

13.    Recently, state court counsel for WINN DIXIE advised me that the PERKINS' claims

had purportedly been discharged. This prompted the retention of the Barry S. Balmuth on March

28, 2007 and the ensuing motion seeking a determination that the Perkins' claims are not affected

by the bankruptcy or, in the alternative, an extension of time to file a proof of claim. This motion

was filed on April 11, 2007.

14.    The foregoing is based on my personal knowledge.

*In re:  WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 4*

### FURTHER AFFIANT SAYETH NAUGHT

Lance C. Ivey

Sworn to and subscribed before me on Feb 25 , 2008 by Lance C. Ivey.

Notary Public, State of Florida

Personally known _____ OR Produced Identification _____

Type of Identification Produced _____

CINDY WILKINSON
MY COMMISSION # DD 544532
EXPIRES: April 26, 2010
Bonded Thru Notary Public Underwriters

F:\BB\Perkins\Affidavit of Ivey - revised.wpd



MARCI FUENTES BALL
MARK W CLARK, P.A.
DONALD R. FOUNTAIN, P.A.
TODD FRONRATH
DAVID M. GASPARI
LANCE C. IVEY
NANCY LA VISTA
JULIE H. LITTKY-RUBIN
LAKE LYTAL, JR., P.A.
LAKE H. LYTAL, III
MICHAEL OVERBECK
DAVID C. PRATHER
BRUCE M. RAMSEY
JOSEPH J. REITER, P.A.
KEVIN C. SMITH
SCOTT B. SMITH
WILLIAM S. WILLIAMS, P.A.
GREGORY T. ZELE
**October 3, 2002**

**TRIAL LAWYERS LLP**

**Direct Line: (561) 820-2224**

PARALEGAL STAFF:
JAMES E. COOK
LAWRENCE GORDON
BARBARA L. HOXTER
W. JAMES KEELEY
CHRIS LYTAL
JAMES E. WILLIAMS

CHIEF INVESTIGATOR:
MARTY KERNER, M.S.

NURSING CONSULTANTS:
ROXANN BILLINGSLEA, R.N., B.S.N
CYNTHIA MAZZUTO, R.N.
KATHERINE A. SPANGLER, R.N.

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**
**ARTICLE NO. 7160 3901 9844 0015 0866**

Risk Management Division
Winn Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

**Certified Article Number**

**7160 3901 9844 0015 0866**

**SENDERS RECORD**

IN RE:     Claimant    :  Geraldine W. Perkins
           D/Accident  :  8/18/2002
           Type/Incident: Slip and Fall
           Location    :  Winn Dixie Store #257
                          9840 S. Military Trail
                          Boynton Beach, FL
           Our File    :  02/0407

Dear Sir/Madam:

Attorney Lance C Ivey of this office has been retained to represent
Geraldine W. Perkins relative to injuries she sustained in a slip
and fall incident with your insured, Winn Dixie Stores, on
8/18/2002.

Please consider this letter as our request pursuant to Florida
Statute 627.4137, that within thirty (30) days, you provide us with
a statement, under oath, of the following information with regard
to each known policy of liability insurance, including excess or
umbrella insurance:

      a.    The name of the insurer;

      b.    The name of each insured;

      c.    The limits of liability coverage;

      d.    A statement of any policy or coverage defense which said
            insurer reasonably believes is available to said insurer;

      e.    A copy of the insurance policy;
      f.    The number of vehicles listed on each policy.

**EXHIBIT A**

*Risk Management*
*Winn Dixie Store*
*October 3, 2002*
*Page 2*

Thank you for your anticipated cooperation and assistance in regard
to the above.

Very truly yours,

W. Jim Keeley
Paralegal/Investigator
WJK/LCI/dfd

cc:  Geraldine W. Perkins



2. Article Number

7160 3901 9844 0015 0866

3. Service Type CERTIFIED MAIL

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

1. Article Addressed to:

Risk Management Division
Winn Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) RICHARD W. TAYLOR

B. Date of Delivery

C. Signature Richard W. Taylor ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Reference Information

IN 0461 Perkins v. WD

LCM/WJK

#02/0407

PS Form 3811, July 2001 Domestic Return Receipt

Certified Mail
Receipt for
US Postal Service

No Insurance Coverage Provided
Do Not Use for International Mail

Postage
Certified Fee
Return Receipt Fee
Restricted Delivery
Total Postage & Fe

RETURN RECEIPT SERVICE

PS Form 3800, June 2000

REFERENCE: IN 0461 I

SENDER:

Risk Management Division
Winn Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-

7160 3901 9844 0015 0866

# Sedgwick

**Sedgwick Claims Management Services Inc**
P.O. Box 24787 Jacksonville, FL 32241-4787
Telephone (888)784-3470 Facsimile (904)419-5365

October 16, 2002

Attorney Lance C. Ivey
PO Box 4056
West Palm Beach, FL 33402-4056

RECEIVED
OCT 2 1 2002
L.C.I.

Re:  **Claimant:**           **Geraldine W. Perkins**
     **Date of Injury:**      **08/18/2002**
     **Location:**            **Winn Dixie # 03-0257-001**
                              **9840 S Military Trail**
                              **Boynton Beach, FL 33436**
     **Division:**            **Miami**
     **Claim Number:**        **A211211353-0001-01**

Dear Sir or Madam:

Sedgwick Claims Management Services, Inc., is the third-party administrator for Winn-Dixie Stores, Inc. Winn-Dixie Stores, Inc. is self-insured for Liability with a $2,000,000.00 retention. There is no medical payments coverage.

I am the examiner handling this claim. Please provide a status as to Geraldine W. Perkins's treatment and medical progress with medical records and bills to date. I will need your client to complete the enclosed Medical and/or Wage Authorization form and return it to me.

**Winn Dixie requires that I obtain your client's recorded statement before we make any decisions determining liability. Please contact the undersigned to arrange a convenient date and time to secure this information. Should you fail to provide this information our liability decisions will be based solely upon the limited information available to us.**

Thank you for your assistance and prompt attention to this matter. If you have any questions feel free to contact me directly at 904-419-5368.

Sincerely,

Kerry Ledbetter
Kerry Ledbetter
General Liability Examiner II

Encl.

**Obtaining the medical & wage information is for the purpose of evaluating your claim and does not assume liability on Winn-Dixie or Sedgwick Claims Management Services, Inc. to pay or reimburse any expenses incurred as a result of this incident.**



Composite
**EXHIBIT** B



## Sedgwick

**Sedgwick Claims Management Services Inc**
P.O. Box 24787 Jacksonville, FL 32241-4787
Telephone: (888)784-3470 Facsimile: (904)419-5365

October 28, 2002

Attorney Lance C. Ivey
PO Box 4056
West Palm Beach, FL 33402-4056



Re:  **Claimant:**       **Geraldine W. Perkins**
     **Claim Number:**  **A211211353-0001-01**
     **Date of Injury:**  **08/18/2002**
     **Location:**       **Winn Dixie #257 – Boynton Beach, FL**

Dear Attorney Ivey:

We have completed our investigation regarding the above reference incident.  We find no fault on the part of Winn-Dixie for the injuries received by Geraldine W. Perkins in their store on or about 08/18/2002.  Therefore, Winn-Dixie will not be able to assist with the payment of any medical expenses incurred as a result of the incident.

Your client will need to handle any medical expenses through their health insurance or Medicare/Medicaid.

If you have any information to the contrary, please submit it to us for further evaluation. I can be reached at (904) 419-5368 if you have any questions.

Sincerely,

*Kerry Redbetter*

Kerry Ledbetter
General Liability Examiner II

ATTORNEYS
MARCI FUENTES BALL
MARK W. CLARK, P.A.
DONALD R. FOUNTAIN, P.A.
TODD FRONRATH
DAVID M. GASPARI
BARRY N. HEISLER, II*
GREGORY P. HUBER
LANCE C. IVEY
DARLA L. KEEN**
W. HAMPTON KEEN
NANCY LA VISTA
JULIE H. LITTKY-RUBIN
LAKE LYTAL, JR., P.A.
LAKE H. LYTAL, III
DAVID C. PRATHER
JOSEPH J. REITER, P.A.***
KEVIN C. SMITH
SCOTT B. SMITH
WILLIAM S. WILLIAMS, P.A.
GREGORY T. ZELE***
*    Also admitted in Maryland
**   Also admitted in Kentucky
***  Also admitted in New York

PARALEGALS
ROBERT BRADSHAW
LAWRENCE GORDON
W. JAMES KEELEY
TERESA KRELLNER
NELSON R. LOPEZ
JENNIFER B. SAWTELL
TRISH WARREN, CLA
JAMES E. WILLIAMS

CHIEF INVESTIGATOR
MARTY KERNER, M.S.

NURSE PARALEGALS
ROXANN BILLINGSLEA, R.N., B.S.N.
CYNTHIA MAZZUTO, R.N.
PATTI K. SPAETH, R.N.
KATHERINE A. SPANGLER, R.N., M.S.



**LYTAL, REITER, CLARK FOUNTAIN & WILLIAMS**

*Our Commitment:*
*The Justice You Deserve. The Integrity You Expect.*

Direct Line: (561) 820-2255

February 20, 2006

**VIA U.S. REGULAR AND CERTIFIED MAIL - RETURN RECEIPT REQUESTED**
**ARTICLE NO. 7160 3901 9844 3033 8418**

Winn Dixie Claim Dept.
**ATTN: Cary Ledbetter**
8649 Baypine Road
Bldg. 7, Suite 300
Jacksonville, FL 32256

> Certified Article Number
> 7160 3901 9844 3033 8418
> **SENDERS RECORD**

Re:  Injured Party  :  Geraldine W. Perkins
     Clients        :  Geraldine W. Perkins
     D/Incident     :  08/18/02
     Type/Incident  :  Slip and Fall
     Your File #    :  #A211211353
     Our File #     :  02/0407

Dear Ms. Ledbetter:

I have prepared the following demand package for your convenience and review. Enclosed, you will find all medical records, radiographic studies and medical bills to assist you in your evaluation of this claim.

As you may already know, on August 18, 2002, Geraldine sustained severe injuries as a result of a slip-and-fall accident which occurred at Winn Dixie located at 9840 South Military Trail, Boynton Beach, FL 33467. Ms. Perkins was getting a bottle of liquid detergent off of the shelf and unbeknownst to her, the floor was wet and she fell. As a result of the fall, she landed on the ground and hit her head. As you know, your client prepared an accident report.

**EXHIBIT** C



Her injuries included post-concussion syndrome, severe headaches, nausea and vomiting the first few days after the fall, forgetfulness, dizziness, lightheadedness and numbness in her right arm and right leg due to the extensive neck and back injuries.

Her subjective complaints were confirmed by radiographic studies and objective electrical testing. As a result of her severe pain, Ms. Perkins underwent numerous epidural injections with Dr. Quinone and she further sought treatment with Board Certified Neurologist, Reed Stone, M.D., Board Certified Orthopedic Surgeon, Eric S. Fishman, M.D. to name a few. Please see the enclosed records.

According to Dr. Stone, whom is a very conservative physician in this community, Ms. Perkins has sustained a 20% percent impairment to the whole person as a result of the injuries sustained in this fall. According to Dr. Stone, Ms. Perkins may ultimately require surgery.

At this time, Ms. Perkins has authorized me to resolve this matter for $200,000.00. If you would like to amicably resolve this matter within twenty (20) days, please contact me within that period. If you are going to request any additional information, please do so well-prior to the twenty day time limit, as their will be no extensions.

I look forward to your professional and timely response.

Very truly yours,




Lance C. Ivey
LCI/bm
Encls.

cc: Geraldine W. Perkins



## Sedgwick

**Sedgwick Claims Management Services, Inc.**
P. O. Box 24787, Jacksonville, FL 32241-4787
Telephone 904-419-5300  Facsimile 904-419-5365

February 27, 2006



Attorney Lance C. Ivey
Lytal, Reiter, Clark, Fountain & William
PO Box 4056
West Palm Beach, FL  33402-4056

RE:         Claimant: Geraldine Perkins
            Claim #:  A211211353-0001-01
            Date of Accident: 08/18/2002
            Division: Retail Grocery Store-Miami Division
            Location: Winn-Dixie #0257
                      9840 S Military Trail  Boynton Beach, FL

Dear Sir:

In response to your demand letter dated, 02/20/05, please be advised that your client's claim was denied for lack of constructive notice back on October 28, 2002.

Winn-Dixie Stores, Inc., and its subsidiaries, filed for reorganization under Chapter 11 in the United States Bankruptcy Court, Southern District of New York, on February 21, 2005 and the deadline date for filing a Proof of Claim form was 08/01/05.

Sincerely,

Kerry Ledbetter

Kerry Ledbetter
General Liability Examiner III
(904) 419-5368

# EXHIBIT D

ATTORNEYS
MARCI FUENTES BALL
MARK W. CLARK, P.A.
DONALD R. FOUNTAIN, P.A.
TODD FRONRATH
BARRY N. HEISLER, II *
GREGORY P. HUBER
LANCE C. IVEY
DARLA L. KEEN **
W. HAMPTON KEEN
NANCY LA VISTA, P.A.
JULIE H. LITTKY-RUBIN, P.A.
LAKE LYTAL, JR., P.A.
LAKE H. LYTAL, III, P.A.
DAVID C. PRATHER, P.A.
JOSEPH J. REITER, P.A. ***
KEVIN C. SMITH, P.A.
SCOTT B. SMITH
WILLIAM S. WILLIAMS, P.A.
GREGORY T. ZELE***
  •  Also Admitted in Maryland
  ••  Also admitted in Kentucky
  •••  Also admitted in New York



**LYTAL, REITER, CLARK
FOUNTAIN & WILLIAMS**

*Our Commitment:*
*The Justice You Deserve. The Integrity You Expect.*

## Direct Line: (561) 820-2255

## August 1, 2006

## <u>VIA FEDERAL EXPRESS</u>

PARALEGALS
ROBERT BRADSHAW
VICKI L. BROWN
LAWRENCE GORDON
W. JAMES KEELEY
TERESA KRELLNER
NELSON R. LOPEZ
JENNIFER B. SAWTELL
JAMES E. WILLIAMS

CHIEF INVESTIGATOR
MARTY KERNER, M.S.

NURSE PARALEGALS
ROXANN BILLINGSLEA, R.N., B.S.N.
CYNTHIA MAZZUTO, R.N.
PATTI K. SPAETH, R.N.
KATHERINE A. SPANGLER, R.N., M.S.

David Langley, Esq.
8181 West Broward Blvd., Suite #204
Ft. Lauderdale, FL 33324

Re:   Perkins (Geraldine) v. Winn-Dixie Stores, Inc.
      Date of Incident:      8/18/2002
      Location of Incident:  Winn-Dixie Store
                             9840 South Military Trail
                             Boynton Beach, FL
      Type of Incident:      Slip and Fall
      Our File No:           02/0407

Dear Mr. Langley:

This letter supplements our previous fax transmittal to you and your recent phone conversation with my paralegal, W. Jim Keeley regarding the captioned matter. I represent Geraldine Perkins who sustained severe injuries as a result of a slip and fall incident that occurred at the captioned location. Mrs. Perkins was getting a bottle of liquid detergent off the shelf when unbeknownst to her the floor was wet and she fell, sustaining head injuries. An incident report was filed with management of the store.

As previously discussed with you, we have researched all bankruptcy records using Pacer and have determined that our client's claim was never shown as being discharged. Neither our office nor our client, Geraldine Perkins, ever received notice of the bankruptcy even though Winn-Dixie had been placed on prior notice of this matter.

As requested, I am enclosing at this time copies of the following documents:

1.   All certified letters sent to defendant, Winn-Dixie Stores, Inc., placing them on notice of this incident. Note that a separate letter was sent directly to Mr. Bill Draves, Manager of Store No. 257, where the incident occurred;

2.   Copies of correspondence received from Sedgwick Claims Service acknowledging receipt of this claim; and

**EXHIBIT** *E*

*David Langley, Esquire*
*August 1, 2006*
*Page 2*

3.    A copy of our letter dated February 20, 2006 to Ms. Cary Ledbetter of the Winn-Dixie Claims Department submitting demand for settlement. It was at this point that I learned of Winn-Dixie's bankruptcy.

As you advised my paralegal, W. Jim Keeley, you would immediately complete research of this claim and file a petition in regard to opening the bankruptcy file for the submitting of this claim.

As Mr. Keeley discussed with you, we have an August 17, 2006 statute of limitation date, therefore I will be filing suit to protect our client's interest in this matter but will hold back in service of this complaint pending the outcome of your petition.

If you have any questions at all regarding this matter, please contact myself or Mr. Keeley.

Very truly yours,

Lance C. Ivey
LCI/dpb

Enclosures

# FedEx Express US Airbill

Tracking Number: **8587 0876 5773**

Senders Copy

## 1 From

Date: **08/01/06**

Sender's Name: **W. Jim Keeley**

Sender's FedEx Account Number: **213B-2110-5**

Company: **LYTAL & REITER**

Address: **515 N FLAGLER DR STE 1000**

Phone: **(561) 655-1990**

City: **WEST PALM BEACH**  State: **FL**  ZIP: **33401-4350**

## 2 Your Internal Billing Reference

**02/0407**

First 24 characters will appear on invoice.

## 3 To

Recipient's Name: **DAVID Langley Esq.**  Phone: **(954) 356-0450**

Company: **DAVID W. LANGLEY P.A.**

Recipient's Address: **8181 W. Broward**

**Suite 204**

Address:

City: **Fort Lauderdale**  State: **FL**  ZIP: **33324**

**0340180055**

## 4a Express Package Service
Packages up to 150 lbs.

- [ ] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [X] FedEx Express Saver

## 4b Express Freight Service
Packages over 150 lbs.

- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

## 5 Packaging

- [X] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

## 6 Special Handling

- [ ] SATURDAY Delivery
- [ ] HOLD Weekday at FedEx Location
- [ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?

- [ ] No
- [ ] Yes As per attached Shipper's Declaration
- [ ] Yes
- [ ] Cargo Aircraft Only
- [ ] Dry Ice

## 7 Payment

Bill to:

- [X] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages  Total Weight  Total Declared Value

$ .00

## 8 NEW Residential Delivery Signature Options

- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

**519**

FedEx Use Only

Ship and track packages at fedex.com

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| **In re:** | |
| | Case No.: 3-05-bk-3817 (JAF) |
| **WINN-DIXIE STORES, INC., et al.,** | |
| | **Chapter 11** |
| **Debtors.** | |
| | **Jointly Administered** |

## AFFIDAVIT OF BARRY S. BALMUTH IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

STATE OF FLORIDA            )
                                        ) ss:
COUNTY OF PALM BEACH   )

Before me, the undersigned authority, personally appeared Barry S. Balmuth who was sworn and says:

1. My name is Barry S. Balmuth.

2. I am over 18 years of age and I am an attorney, licensed to practice in the State of Florida since 1990.

3. On or about April 11, 2007, I reviewed the schedule and amended schedules of unsecured creditors filed in the Winn Dixie Stores, Inc. and neither Geraldine W. Perkins nor Robert Perkins, her husband, were listed as unsecured creditors.

4. The foregoing is based on my personal knowledge.

FURTHER AFFIANT SAYETH NAUGHT

# EXHIBIT 3

*In re: WINN-DIXIE STORES, INC., et al.,*
*Case No.: 3-05-bk-3817 (JAF)*
*Page 2*

_____
Barry S. Balmuth

Sworn to and subscribed before me on March 7, 2008 by Barry S. Balmuth.

_____
Notary Public, State of Florida

Personally known ___✓___ OR Produced Identification _____

Type of Identification Produced _____

C:\BB\Perkins\Affidavit of Balmuth.wpd



ROBERT BRODY
MY COMMISSION # DD739547
EXPIRES: January 29, 2012
1-800-3-NOTARY    Fl. Notary Discount Assoc. Co.