# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:                                               )     Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,        )     Chapter 11

        Reorganized Debtors.[1]               )     Jointly Administered

_____)

## AGREED ORDER RESOLVING THE ADMINISTRATIVE CLAIM FILED BY SHELILA ADAMS

This case is before the Court upon the objection of Winn-Dixie Stores, Inc. and its affiliates (collectively, the "Reorganized Debtors") to the administrative claim (the "Claim") of Shelila Adams, (the "Claimant") (Docket No. 14289). Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Claim is allowed as an administrative claim in the amount of $30,000.00 under the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, as modified (the "Plan").

2. Distributions will be made on the allowed Claim pursuant to Sections 4.1 and 9.2 of the Plan to the Claimant in care of the person and at the address as set forth in the consent to this Agreed Order.

3. This Agreed Order resolves (i) all liabilities and obligations related to the Claim and (ii) all other prepetition or post-petition claims the Claimant has or may

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

have against the Reorganized Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

4. The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Reorganized Debtors in this Court or in any other forum.

5. The Reorganized Debtors do not, by this Agreed Order, acknowledge the validity of any claim or make any admission of liability. The Claimant, not the Reorganized Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.

6. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 8 day of April, 2008, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:
James H. Post

[James H. Post is directed to serve a copy of this order on any party in interest who has not received the order through the CM/ECF system and to file a proof of service.]

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By _____
James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Reorganized Debtors

By _____
Gregg S. Kamp

6155 South Florida Avenue, Suite 10
Lakeland, Florida 33807

Attorneys for Claimant