## UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

IN RE:                                    )          CASE NO.: 05-03817-3F1
                                          )
    WINN-DIXIE STORES, INC. et al   )          Chapter 11
                                          )
        Debtors.               )          Jointly Administered

### VISAGENT CORPORATION'S FIRST REQUEST FOR PRODUCTION INTERROGATORIES AND REQUESTS FOR ADMISSIONS TO DEBTOR

Visagent Corporation hereby serves its first request for production of documents, request for admissions and interrogatories to Debtor pursuant to Bankruptcy Rules 7026, 7033 and 7034, and requests responses no later than August 24, 2006.

For the purposes of these requests, "secondary market" is defined as all sources (buyers and sellers) of merchandise other than direct purchases and returns from original product manufacturers or their authorized representatives. The request for production requires the production of all existing hard-copies of documentation included in each request AND also requires the production of all data stored upon any electronic device including computer hard drive(s), tapes or tape drives, or any other form of media containing the information requested.

"Service Agreement" refers to the document entitled Service Agreement dated June 15, 2001 between Winn-Dixie Stores, Inc and Visagent Corporation, a copy of which is attached hereto as Exhibit 1.



**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

## REQUEST FOR PRODUCTION OF DOCUMENTS

Visagent hereby requests the production of documents from Debtor pursuant to the requirements of the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure, as incorporated therein:

1. For the time period of June 28, 2001 to June 28, 2004, produce copies of all documentation regarding purchases or sales of any goods in the secondary markets in which any electronic means were utilized, including but not limited to, through the Internet, via facsimile, email or through the use any electronic device. This request specifically includes, but is not limited to, all invoicing, receipts, orders, order confirmations, billing, bills of lading, checks, bank drafts, wire transfer orders or confirmations or any other responsive data, whether or not actually printed on paper or retained by other data storage means.

2. Produce copies of all correspondence between the Debtor and Visagent for the period January 1, 2000 and January 1, 2005.

3. Produce copies of all internal communications of and between employees of the Debtor for the period January 1, 2000 and January 1, 2005, referencing in any way Visagent Corporation.

4. Produce all emails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and Dayman & Associates, Inc. for the period June 15, 2001 to present.

5. Produce all emails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and Victory Wholesale Grocers for the period June 15, 2001 to present.

6. Produce all emails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and C&S Wholesale Grocers for the period June 15, 2001 to present.

7. Produce all emails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and Food Marketing Group for the period June 15, 2001 to present.

8. Produce all emails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and WorldWide Retail Exchange for the period June 15, 2001 to present.

9. Produce all emails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and intesource, Inc. for the period June 15, 2001 to present.

**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

10.    Produce all financial reports for the calendar years 2001, 2002, 2003 and 2004 that show actual sales or purchases by the Debtor in the secondary market.

11.    Produce all business transaction reports regarding the business of the Debtor provided by Victory Wholesale Grocers for the period June 15, 2001 to present.

12.    Produce all business transaction reports regarding the business of the Debtor provided by Dayman & Associates, Inc. for the period June 15, 2001 to present.

13.    Produce all business transaction reports regarding the business of the Debtor provided by Food Marketing Group for the period June 15, 2001 to present.

14.    Produce all forecast reports prepared by any employee of Debtor during the period January 1, 2000 and January 1, 2005 that show expected sales or purchases in the secondary market by Debtor.

15.    Produce all forecast reports prepared by or on behalf of any non-employee of Debtor or any other entity not a Debtor in this case during the period January 1, 2000 and January 1, 2005 that shows expected sales or purchases in the secondary market by Debtor.

16.    Produce all projection or forecast reports regarding the business of the Debtor provided by Victory Wholesale Grocers for the period June 15, 2001 to present.

17.    Produce all projection or forecast reports regarding the business of the Debtor provided by Dayman & Associates, Inc. for the period June 15, 2001 to present.

18.    Produce all projection or forecast reports regarding the business of the Debtor provided by Food Marketing Group for the period June 15, 2001 to present.

19.    Produce all electronic data transmissions from any wholesaler that provided detailing "in stock" product availability during the period January 1, 2000 though January 1, 2005.

20.    Produce all electronic data transmissions from any retailer that provided detailing "in stock" product availability during the period January 1, 2000 though January 1, 2005.

**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

# INTERROGATORIES

Visagent hereby requests the Debtor to answer the following interrogatories pursuant to the requirements of the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure, as incorporated therein:

:

1.    State the name of the person answering these interrogatories and all persons who assisted in any manner in providing the information in which to answer these interrogatories.

2.    Identify all current Winn-Dixie employees who have knowledge of the negotiations leading up to the execution of the Service Agreement, and for each, please identify: a) his or her name, b) position or title during the relevant time, c) current position or title, d) name of the employee's immediate superior during the relevant time and d) the scope of said employee's knowledge.

3.    Identify all former Winn-Dixie employees who have knowledge of the negotiations leading up to the execution of the Service Agreement, and for each, please identify: a) his or her name, b) position or title during the relevant time, c) current position or title, d) name of the employee's immediate superior during the relevant time and d) the scope of said employee's knowledge.

Visagent Corporation's First Request For Production Of Documents, Requests For
Admissions And Interrogatories To Debtor

4.      Identify all current Winn-Dixie employees who have knowledge of the
        administration of the Service Agreement after it was executed until June 28,
        2004, and for each, please identify: a) his or her name, b) position or title
        during the relevant time, c) current position or title, d) name of the employee's
        immediate superior during the relevant time and d) the scope of said
        employee's knowledge.

5.      Identify all former Winn-Dixie employees who have knowledge of the
        administration of the Service Agreement after it was executed until June 28,
        2004, and for each, please identify: a) his or her name, b) position or title
        during the relevant time, c) current position or title, d) name of the employee's
        immediate superior during the relevant time and d) the scope of said
        employee's knowledge

6.      State the total dollar amount of Winn-Dixie purchases of full or truckload
        quantities of consumer packaged goods purchased or resold in a wholesale
        format in the secondary market:

        a.  For the period June 28, 2001 through June 27, 2002.

        b.  For the period June 28, 2002 through June 27, 2003.

        c.  For the period June 28, 2003 through June 27, 2004.

        d.  For the period June 27, 2004 through February 21, 2005.

**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

    e.  For the period February 21, 2005 through present.

    f.  For each of the time periods in a through e of this interrogatory, state the total secondary market transactions by purchases, by sales for full or truckload quantities and by less than full or truckload quantities.

7.    State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold in a wholesale format in the secondary market:

    a.  For the period June 28, 2001 through June 27, 2002.

    b.  For the period June 28, 2002 through June 27, 2003.

    c.  For the period June 28, 2003 through June 27, 2004.

    d.  For the period June 27, 2004 through February 21, 2005.

    e.  For the period February 21, 2005 through present.

    f.  For each of the time periods in a through e of this interrogatory, state the total secondary market transactions by purchases, by sales for full or truckload quantities and by less than full or truckload quantities.

**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

8.  State the total dollar amount of Winn-Dixie purchases of full or truckload quantities of consumer packaged goods purchased or resold through the services of Victory Wholesale Grocers between June 28, 2001 and July 1, 2002.

9.  State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold through the services of Victory Wholesale Grocers between June 28, 2001 and July 1, 2002.

10. State the total dollar amount of Winn-Dixie purchases of full or truckload quantities of consumer packaged goods purchased or resold through the services of WorldWide Retail Exchange between June 28, 2001 and June 27, 2004.

11. State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold through the services of WorldWide Retail Exchange between June 28, 2001 and June 27, 2004.

**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

12. State the total dollar amount of Winn-Dixie purchases of full or truckload quantities of consumer packaged goods purchased or resold through the services of intesource, Inc. between June 28, 2001 and June 27, 2004.

13. State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold through the services of intesource, Inc. between June 28, 2001 and June 27, 2004.

14. List all wholesalers that provided electronic data transmissions detailing "in stock" product availability during the period January 1, 2000 though January 1, 2005. Include the date that any listed entity or individual began such transmissions and the gross value of purchases and sales, by month, for each.

15. Identify all employees, agents or representatives of Victory Wholesale Grocers who were permitted access to any part of Debtor's computer system during the period July 2, 2002 to the present.

Visagent Corporation's First Request For Production Of Documents, Requests For
Admissions And Interrogatories To Debtor

16.    Identify all employees, agents or representatives of C&S Wholesale Grocers
who were permitted access to any part of Debtor's computer system during
the period July 2, 2002 to the present.

## REQUEST FOR ADMISSIONS

Visagent hereby requests that Debtor admit or deny the following pursuant to the
requirements of the Federal Rules of Bankruptcy Procedure and the Federal Rules of
Civil Procedure, as incorporated therein:

1.    The Service Agreement attached hereto as Exhibit 1 is a true and accurate
copy of the original.

2.    The Service Agreement was signed by a duly authorized representative of
Winn-Dixie Stores, Inc.

3.    Visagent Corporation did not breach any material term of the Service
Agreement during the three year term of the contract.

4.    The Service Agreement was not terminated by Winn-Dixie Stores, Inc. during
the three year term of the contract.

5.    The Service Agreement was not terminated by Visagent Corporation during
the three year term of the contract.

6.    The Service Agreement was not automatically terminated by operation of any
term in the Service Agreement during the three year term of the contract.

7.    Winn-Dixie contracted with entities other than Visagent Corporation for
eCommerce transactions in the secondary market Between July 2, 2002 and
June 27, 2004.

8.    Winn-Dixie contracted with entities other than Visagent Corporation and
Victory Wholesale Grocers for eCommerce transactions in the secondary
market Between June 28, 2001 and June 27, 2004.

9.    Winn-Dixie contracted with Victory Wholesale Grocers for eCommerce
transactions in the secondary market Between July 2, 2002 and June 27, 2004.

**Visagent Corporation's First Request For Production Of Documents, Requests For Admissions And Interrogatories To Debtor**

## CERTIFICATE OF SERVICE

I certify that a true copy was sent via U.S. Mail and via electronic filing to Clerk of the Bankruptcy Court and to counsel for the Debtor this 23rd day of July, 2006.

**COUNSEL FOR VISAGENT CORPORATION**

Guy Bennett Rubin
<span>Digitally signed by Guy Bennett Rubin<br>DN: CN = Guy Bennett Rubin, C = US<br>Date: 2006.07.23 07:39:08 -04'00'</span>

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
guy.rubin@rubinandrubin.com

AND

PAUL M. HARDEN, ESQUIRE
Florida Bar No.: 129557
Rubin & Rubin
1301 Riverplace Blvd
Ste 2601
Jacksonville Florida 32207
904.3965731
904.3995461 (facsimile)

Copy furnished to:
Stephen D. Busey
James H. Post
Cynthia C. Jackson
**Smith Hulsey & Busey**
225 Water Street
Suite 1800
Jacksonville, FL 32202
Tel: (904) 359-7700
Fax: (904) 359-7708

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>

In re:

WINN-DIXIE STORES, INC., et al.,

   Debtors.[1]

)
)
)
)
)

Case No. 05-03817-3F1

Chapter 11

Jointly Administered

**DEBTOR'S RESPONSE TO VISAGENT CORPORATION'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), respond to Visagent Corporation's first request for the production of documents, below.

<u>General Objections</u>

Debtors object to these document requests to the extent they seek the disclosure of information protected by the attorney-client privilege or the work product doctrine. Absent the entry of a protective order governing confidentiality, Debtors also object to these requests to the extent they seek confidential financial or strategic information. Debtors will make documents available for inspection at

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.



EXHIBIT
B

a mutually convenient time in the offices of Smith Hulsey & Busey. The responses below are subject to these General Objections.

<u>Specific Objections and Responses</u>

Document Request No. 1: For the time period of June 28, 2001 to June 28, 2004, produce copies of all documentation regarding purchases or sales of any goods in the secondary markets in which any electronic means were utilized, including but not limited to, through the Internet, via facsimile, e-mail or through the use of any electronic device. This request specifically includes, but is not limited to, all invoicing, receipts, orders, order confirmations, billing, bills of lading, checks, bank drafts, wire transfer orders or confirmations or any other responsive data, whether or not actually printed on paper or retained by other data storage means.

Objection to Document Request No. 1: Debtors object to this request because (i) the request's definition of "electronic means" is overly broad and (ii) the request itself is overly broad and burdensome in requesting copies of every document regarding approximately $175 million of annual transactions over a three year period.

Response to Document Request No. 1: Subject to its general and specific objections, Debtors will produce documents which document Debtors' purchases or sales of goods in the secondary markets.

Document Request No. 2: Produce copies of all correspondence between the Debtor and Visagent for the period January 1, 2000 to January 1, 2005.

2

<u>Response to Document Request No. 2</u>:  Debtors will produce any such documents in their possession, custody or control.

> <u>Document Request No. 3</u>:  Produce copies of all internal communications of and between employees of the Debtor for the period January 1, 2000 and January 1, 2005, referencing in any way Visagent Corporation.

<u>Response to Document Request No. 3</u>:  Subject to their general objections, Debtors will produce any such documents in their possession, custody or control.

> <u>Document Request No. 4</u>:  Produce all e-mails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between Debtor and Dayman & Associates, Inc. for the period June 15, 2001 to present.

<u>Objection to Document Request No. 4</u>:  Debtors object to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

<u>Response to Document Request No. 4</u>:  Subject to their general and specific objections, Debtors will produce any agreements between them and Dayman & Associates, Inc.

> <u>Document Request No. 5</u>:  Produce all e-mails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and Victory Wholesale Grocers for the period June 15, 2001 to present.

<u>Objection to Document Request No. 5</u>:  Debtors object to this request because it is overly broad and burdensome.

3

<u>Response to Document Request No. 5</u>:  Subject to their general objections,

Debtors will produce any such documents in their possession, custody or control

for the period June 28, 2001 to June 28, 2004.

> <u>Document Request No. 6</u>:  Produce all e-mails, faxes,
> memos, correspondence or any other communications,
> no matter how transmitted or received, between the
> Debtor and C&S Wholesale Grocers for the period
> June 15, 2001 to present.

<u>Objection to Document Request No. 6</u>:  Debtors object to this request

because it will not lead to the discovery of admissible evidence and is overly broad

and burdensome.

<u>Response to Document Request No. 6</u>:  Subject to their general objections,

Debtors will produce any such documents in their possession, custody or control

for the period June 28, 2001 to June 28, 2004.

> <u>Document Request No. 7</u>:  Produce all e-mails, faxes,
> memos, correspondence or any other communications,
> no matter how transmitted or received, between the
> Debtor and Food Marketing Group for the period June
> 15, 2001 to present.

<u>Objection to Document Request No. 7</u>:  Debtors object to this request

because it will not lead to the discovery of admissible evidence and is overly broad

and burdensome.

<u>Response to Document Request No. 7</u>:  Subject to their general objections,

Debtors will produce any such documents in their possession, custody or control

for the period June 28, 2001 to June 28, 2004.

4

> Document Request No. 8: Produce all e-mails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and WorldWide Retail Exchange for the period June 15, 2001 to present.

Objection to Document Request No. 8: Debtors object to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 8: Subject to their general objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

> Document Request No. 9: Produce all e-mails, faxes, memos, correspondence or any other communications, no matter how transmitted or received, between the Debtor and intersource, Inc. for the period June 15, 2001 to present.

Objection to Document Request No. 9: Debtors object to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 9: Subject to their general objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

> Document Request No. 10: Produce all financial reports for the calendar years 2001, 2002, 2003, and 2004 that show actual sales or purchases by the Debtor in the secondary market.

5

Objection to Document Request No. 10:  Debtors object to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 10:  Subject to their general and specific objections, Debtors will produce documents which document Debtors' purchases or sales of goods in the secondary markets from June 28, 2001 to June 28, 2004.

> Document Request No. 11:  Produce all business transaction reports regarding the business of the Debtor provided by Victory Wholesale Grocers for the period June 15, 2001 to present.

Objection to Document Request No. 11:  Debtors object to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 11:  Subject to their general and specific objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

> Document Request No. 12:  Produce all business transaction reports regarding the business of the Debtor provided by Dayman & Associates, Inc. for the period June 15, 2001 to present.

Objection to Document Request No. 12:  Debtors objects to this request because it will not lead to the discovery of admissible evidence and is overly broad and burdensome.

6

Response to Document Request No. 12:  Subject to their general objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

> Document Request No. 13:   Produce all business transaction reports regarding the business of the Debtor provided by Food Marketing Group for the period June 15, 2001 to present.

Objection to Document Request No. 13:  Debtors object to this request because it will  not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 13:  Subject to their general objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

> Document Request No. 14:  Produce all forecast reports prepared by any employee of Debtor during the period January 1, 2000 and January 1, 2005 that show expected sales or purchases in the secondary market by Debtor.

Objection to Document Request No. 14:  Debtors object to this request because it will  not lead to the discovery of admissible evidence and is overly broad and burdensome.

Response to Document Request No. 14:  Debtors will produce any such reports in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

Document Request No. 15:    Produce all forecast reports prepared by or on behalf of any non-employee of Debtor or any other entity not a Debtor in this case during the period January 1, 2000 and January 1, 2005 that shows expected sales or purchases in the secondary market by Debtor.

Objection and Response to Document Request No. 15:  See objection and response to Document Request No. 14.

Document Request No. 16:  Produce all projection or forecast reports regarding the business of the Debtor provided by Victory Wholesale Grocers for the period June 15, 2001 to present.

Objection and Response to Document Request No. 16:  See objection and response to Document Request No. 14.

Document Request No. 17:  Produce all projection or forecast reports regarding the business of the Debtor provided by Food Marketing Group for the period June 15, 2001 to present.

Objection and Response to Document Request No. 17:  See objection and response to Document Request No. 14.

Document Request No. 18:  Produce all projection or forecast reports regarding the business of the Debtor provided by Food Marketing Group for the period June 15, 2001 to present.

Objection and Response to Document Request No. 18:  See objection and response to Document Request No. 14.

Document Request No. 19: Produce all electronic data transmissions from any wholesaler that provided detailing "in stock" product availability during the period January 1. 2000 through January 1, 2005.

Objection to Document Request No. 19:  Debtors object to this request because it will not lead to the discovery of admissible evidence.

Response to Document Request No. 19:  Subject to their general objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

Document Request No. 20: Produce all electronic data transmissions from any retailer that provided detailing "in stock" product availability during the period January 1, 2000 through January 1, 2005

Objection to Document Request No. 20:  Debtors object to this request because it will not lead to the discovery of admissible evidence.

Response to Document Request No. 20: Subject to their general objections, Debtors will produce any such documents in their possession, custody or control for the period June 28, 2001 to June 28, 2004.

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
D.J. Baker
Sally McDonald Henry
Rosalie W. Gray
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

and

SMITH HULSEY & BUSEY

By _____
Stephen D. Busey
James A. Bolling
David L. Gay
F.B.N. 893221
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
dgay@smithhulsey.com

Co-Counsel for Debtors

## Certificate of Service

I hereby certify that a copy of the foregoing has been furnished **by mail and facsimile** to Guy Bennett Rubin, Esq., Rubin & Rubin, Post Office Box 395, Stuart, Florida and Paul M. Harden, Esq., Rubin & Rubin, 1301 Riverplace Boulevard, Suite 2601, Jacksonville, Florida 32207, this _25th_ day of August, 2006.

_____
Attorney

540378.1

11

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.[1]

)
)
)
)

Case No.  05-03817-3F1

Chapter 11

Jointly Administered

## DEBTORS' RESPONSE TO VISAGENT
## CORPORATION'S FIRST SET OF INTERROGATORIES

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") respond to Visagent Corporation's first set of interrogatories as follows:

### General Objections

Debtors object to these interrogatories (i) to the extent they require the disclosure of information protected by the attorney-client privilege or the work product doctrine, (ii) to the extent they seek confidential information, including proprietary information, absent the entry of a protective order governing confidentiality, and (iii) because they and exceed the number allowed by Rule

---

[1]   In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.



EXHIBIT
C

7033, Federal Rules of Bankruptcy Procedure. The responses below are subject to these general objections.

<u>Specific Objections and Answers</u>

<u>Interrogatory No. 1</u>:  State the name of the person answering these interrogatories and all persons who assisted in any manner in providing the information in which to answer these interrogatories.

<u>Answer to Interrogatory No. 1</u>:  James A. Bolling, David L. Gay, and Tom Barr.

<u>Interrogatory No. 2</u>:  Identify all current Winn-Dixie employees who have knowledge of the negotiations leading up to the execution of the Service Agreement, and for each, please identify:  a) his or her name, b) position or title during the relevant time, c) current position or title, d) name of the employee's immediate superior during the relevant time and d) the scope of said employee's knowledge

<u>Answer to Interrogatory No. 2</u>:

a) Tom Barr, b) Alternate Source Manager, c) Buyer, d) Daryl Mills

a) Kevin Gates, b) Busines· ?. ·t·:::ms Manager, c) same, d) Daryl Mills

a) Dan Lefever, b) Senior Vice President, Procurement, c) Division President, Orlando, d) Al Rowland

d)  For each of the preceding, the employees scope of knowledge included general knowledge of the negotiations leading up to the execution of the Service Agreement.

2

Interrogatory No. 3:  Identify all former Winn-Dixie employees who have knowledge of the negotiations leading up to the execution of the Service Agreement, and for each, please identify:  a) his or her name, b) position or title during the relevant time, c) current position or title, d) name of the employee's immediate superior during the relevant time and d) the scope of said employee's knowledge.

Answer to Interrogatory No. 3:

a) Philip Payment, b) Vice President, Central Procurement, c) unknown, d) Dan Lefever

a) Daryl Mills, b) Director of Strategy and Business Planning, c) unknown, d) Phillip Payment

a) Patricia Mitchell, b) in-house counsel, c) unknown, d) Ron Peterson

a) Ron Peterson, b) Counsel, c) unknown, d) unknown

a) Richard Judd, b) Senior Vice President, c) unknown, d) Al Rowland

d) For each of the preceding, the employees scope of knowledge included general knowledge of the negotiations leading up to the execution of the Service Agreement.

3

Interrogatory No. 4: Identify all current Winn-Dixie employees who have knowledge of the administration of the Service Agreement after it was executed until June 28, 2004, and for each, please identify: a) his or her name, b) position or title during the relevant time, c) current position or title, d) name of the employee's immediate superior during the relevant time and d) the scope of said employee's knowledge.

Answer to Interrogatory No. 4:

a) Tom Barr, b) Alternate Source Manager, c) Buyer, d) Daryl Mills

a) Kevin Gates, b) Business Systems Manager, c) same, d) Daryl Mills

a) Dan Lefever, b) Senior Vice President, Procurement, c) Division

President, Orlando, d) Al Rowland

d) For each of the preceding, the employees scope of knowledge included

general knowledge of the administration of the Service Agreement after it was

executed.

Interrogatory No. 5: Identify all former Winn-Dixie employees who have knowledge of the administration of the Service Agreement after it was executed until June 28, 2004, and for each, please identify: a) his or her name, b) position or title during the relevant time, c) current position or title, d) name of the employee's immediate superior during the relevant time and d) the scope of said employee's knowledge.

Answer to Interrogatory No. 5:

a) Philip Payment, b) Vice President, Central Procurement, c) unknown, d)

Dan Lefever

a) Chris Wilson, b) in-house counsel, c) unknown, d) unknown

d) For each of the preceding, the employees scope of knowledge included general knowledge of the administration of the Service Agreement after it was executed.

> <u>Interrogatory No. 6</u>:  State the total dollar amount of Winn-Dixie purchases of full or truckload quantities of consumer packaged goods purchased or resold in a wholesale format in the secondary market:
>
> a. For the period June 28, 2001 through June 27, 2002.
> b. For the period June 28, 2002 through June 27, 2003.
> c. For the period June 28, 2003 through June 27, 2004.
> d. For the period June 27, 2004 through February 21, 2005
> e. For the time period February 21, 2005 through present.
> f. For each of the time periods in a through e of this interrogatory, state the total secondary market transactions by purchases, by sales for full or truckload quantities and by less than full or truckload quantities.

<u>Objection to Interrogatory No. 6</u>:  Subparts d and e are overly broad and will not lead to the discovery of admissible evidence.

<u>Answer to Interrogatory No. 6</u>:  Subject to Debtors' general and specific objections, the answer to this interrogatory may be derived or ascertained from documents Debtors will produce and the burden of deriving or ascertaining the answer is substantially the same for Visagent as it is for Debtors.

Interrogatory No. 7: State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold in a wholesale format in the secondary market:

a. For the period June 28, 2001 through June 27, 2002.

b. For the period June 28, 2002 through June 27, 2003.

c. For the period June 28, 2003 through June 27, 2004.

d. For the period June 27, 2004 through February 21, 2005

e. For the time period February 21, 2005 through present.

f. For each of the time periods in a through e of this interrogatory, state the total secondary market transactions by purchases, by sales for full or truckload quantities and by less than full or truckload quantities.

Objection to Interrogatory No. 7: Subparts d and e are overly broad and will not lead to the discovery of admissible evidence.

Answer to Interrogatory No. 7: Subject to Debtors' general and specific objections, the answer to this interrogatory may be derived or ascertained from documents Debtors will produce and the burden of deriving or ascertaining the answer is substantially the same for Visagent as it is for Debtors.

Interrogatory No. 8: State the total dollar amount of Winn-Dixie purchases of full or truckload quantities of consumer packaged goods purchased or resold through services of Victory Wholesale Grocers between June 28, 2001 and July 1, 2002.

Objection to Interrogatory No. 8: The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

6

Answer to Interrogatory No. 8: Subject to Debtors' general and specific objections, to the extent that an answer to this interrogatory may be derived or ascertained from documents in Debtors' possession, Debtors will produce such documents.

> Interrogatory No. 9: State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold through services of Victory Wholesale Grocers between June 28, 2001 and July 1, 2002.

Objection to Interrogatory No. 9: The interrogatory is overly broad and not likely to lead to the discovery of admissible evidence.

Answer to Interrogatory No. 9: Subject to Debtors' general and specific objections, to the extent that an answer to this interrogatory may be derived or ascertained from documents in Debtors' possession, Debtors will produce such documents.

> Interrogatory No. 10: State the total dollar amount of Winn-Dixie purchases of full or truckload quantities of consumer packaged goods purchased or resold through the services of WorldWide Retail Exchange between June 28, 2001 and June 27, 2004.

Objection to Interrogatory No. 10: The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

Answer to Interrogatory No.10: Subject to its general and specific objections, none.

7

Interrogatory No. 11: State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold through the services of WorldWide Retail Exchange between June 28, 2001 and June 27, 2004.

Objection to Interrogatory No. 11: The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

Answer to Interrogatory No. 11:    Subject to its general and specific objections, none.

Interrogatory No. 12: State the total dollar amount of Winn-Dixie purchases of full or truckload quantities of consumer packaged goods purchased or resold through services of intersource, Inc. between June 28, 2001 and July 1, 2002.

Objection to Interrogatory No. 12: The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

Interrogatory No. 13: State the total dollar amount of Winn-Dixie sales of full or truckload quantities of consumer packaged goods purchased or resold through the services of intersource, Inc. between June 28, 2001 and June 27, 2004.

Objection to Interrogatory No. 13: The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

Interrogatory No. 14:    List all wholesalers that provided electronic data transmissions detailing "in stock" product availability during the period January 1, 2000 through January 1, 2005.  Include the date that any    listed    entity    or    individual    began    such

8

transmissions and the gross value of purchases and sales, by month, for each.

Objection to Interrogatory No. 14: The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

Interrogatory No. 15: Identify all employees, agents or representatives of Victory Wholesale Grocers who were permitted access to any part of Debtor's computer system during the period July 2, 2002 to present.

Objection to Interrogatory No. 15: The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

Answer to Interrogatory No. 15: Subject to its general and specific objections, Robert Carlson, Mark Blouin, Bruce Malcolm, Donna Shami, Melissa Fowler, Cindy Calatrava, and Nichole Stefanov.

Interrogatory No. 16: Identify all employees, agents or representatives of C&S Wholesale Grocers who were permitted access to any part of Debtor's computer system during the period July 2, 2002 to present

Objection to Interrogatory No. 16: The interrogatory is overly broad and will not lead to the discovery of admissible evidence.

Answer to Interrogatory No. 16: Subject to its general and specific objections, none.

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
D.J. Baker
Sally McDonald Henry
Rosalie W. Gray
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

and

SMITH HULSEY & BUSEY

By

Stephen D. Busey
James A. Bolling
David L. Gay

Florida Bar Number 893221
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
dgay@smithhulsey.com

10

Debtors' answers to Visagent Corporation's first set of interrogatories to Debtors are true and correct to the best of Debtors' knowledge, based on a reasonable investigation.

WINN-DIXIE STORES, INC.

By _____
Tom Barr, Buyer

STATE OF FLORIDA

COUNTY OF DUVAL

The foregoing answers to interrogatories were acknowledged before me this 25th day of August, 2006, by Tom Barr, who is personally known to me or has produced _____Personally known_____ as identification and who did/did not take an oath.

ANITRA D. COLLINS
Notary Public, State of Florida
My commission expires May 20, 2009
Comm. No. DD 408384

_____
NOTARY PUBLIC

11

## Certificate of Service

I hereby certify that a copy of the foregoing has been furnished **by mail and facsimile** to Guy Bennett Rubin, Esq., Rubin & Rubin, Post Office Box 395, Stuart, Florida and Paul M. Harden, Esq., Rubin & Rubin, 1301 Riverplace Boulevard, Suite 2601, Jacksonville, Florida 32207, this 25th day of August, 2006.

_____
Attorney

00539354

12

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |  |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
|  | ) |  |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

## VISAGENT CORPORATION'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Visagent Corporation hereby serves its second request for production of documents to Debtor pursuant to Bankruptcy Rules 7026, 7033 and 7034.

For the purposes of these requests, "secondary market" is defined as all sources (buyers and sellers) of merchandise other than direct purchases and returns from original product manufacturers or their authorized representatives. The request for production requires the production of all existing hard-copies of documentation included in each request AND also requires the production of all data stored upon any electronic device including computer hard drive(s), tapes or tape drives, or any other form of media containing the information requested.

### REQUEST FOR PRODUCTION OF DOCUMENTS

1.     A true and accurate copy of the Service Agreement "signed by a duly authorized representative of the Debtors" as referred to in Debtor's answer to Request No. 2 to Visagent's First Request For Admissions.

2.     All minutes, synopses, correspondence, emails or any other documentation referencing or relating to any joint Visagent/Winn Dixie meetings, seminars, training


EXHIBIT
D

sessions, or conferences, or any internal meetings, seminars, training sessions, or conferences relating to any aspect of Visagent's services.

3.      All documentation referencing the Winn Dixie Charity Golf Tournament from January 1, 2001 to December 31, 2005, including but not limited to notes, correspondence, invitations, lists of participants, lists of vendors, lists of donors, payments for registration.

4.      Personnel files of all Winn Dixie employees assigned to secondary market department, alternate source department, or any other employee who was assigned or has knowledge of relationship or contract between Winn Dixie and Visagent, including but not limited to the personnel files of:

> Tom Barr
> Darryl Mills
> Phil Payment
> Melissa Fowler
> Kevin Gates
> Seth Gaynor
> Glenn Hamilton
> Dick Judd
> Dan LeFever
> Ed Mieskoski
> David Mulcoch
> Justin Struther
> Les Wulfert

5.      Copies of all licenses or any other form of permission given to Winn Dixie by Victory for access to its "Network Trading System" (NTS) from 7/10/02 through 1/31/05.

6.    Any and all communications between Victory and Winn Dixie regarding Winn Dixie's access to and use of the "NTS" between 7/10/02 and 1/31/05.

7.    Copies of all documents reflecting Winn Dixie's access to "NTS" and Victory's maintenance and customization of "NTS" on behalf of Winn Dixie from 7/10/02 until 1/31/05.

8.    Any and all documents reflecting communications from Winn Dixie to Alternate Source Vendors from 6/15/01 to 1/01/05 including, but not limited to, correspondence, emails, facsimiles, and instant messages.

9.    Any and all contracts, invoices, letters and communications of any kind for services from January 1, 2001 to January 1, 2005 between Winn Dixie and any company hired to transport goods in the secondary market.

10.    All documents concerning or referencing due diligence or any other investigation by Winn Dixie regarding Visagent or any of its officers, directors and/or employees.

## CERTIFICATE OF SERVICE

I certify that a true copy was sent via U.S. Mail and via electronic filing to Clerk of the Bankruptcy Court and to counsel for the Debtor this ⁄⁄ day of April, 2007.

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Attorney for Plaintiff

Copy furnished to:

Stephen D. Busey
James H. Post
Cynthia C. Jackson
**Smith Hulsey & Busey**
225 Water Street
Suite 1800
Jacksonville, FL 32202
Tel: (904) 359-7700
Fax: (904) 359-7708

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                                    Case No.  05-03817-3F1
                                              )
WINN-DIXIE STORES, INC., et al.,                          Chapter 11
                                              )
        Reorganized Debtors.                              Jointly Administered
                                              )
_____)

### ORDER ON DEBTORS' SECOND MOTION
### TO COMPEL DISCOVERY FROM VISAGENT

Before the Court is Reorganized Debtors' second motion (Docket No. 16231) to compel Visagent Corporation to respond to Debtors' discovery requests.  The Court conducted a hearing on the motion on June 14, 2007.  Upon consideration, it is

ORDERED:

1.      The Reorganized Debtors' second motion (Docket No. 16231) to compel against Visagent Corporation is granted in part and denied in part.

2.      Visagent Corporation shall produce within 20 days of the date of this Order the original computer disk or disks from which Visagent Corporation obtained the information Visagent Corporation produced to Debtors pursuant to Visagent Corporation's Supplemental Response to Debtors' First Request for Production.

3.      Visagent Corporation has represented to the Court and the Debtors that it has produced all documents in its possession, custody or control responsive to Document Request Numbers 5 through 9, 12, 13, and 15 through 21.  If Visagent Corporation discovers responsive documents other than those which Visagent Corporation has already produced (Bates Stamped WD00001-WD20535), Visagent Corporation shall produce such documents to the Debtors no later than 60 days prior



EXHIBIT

Bumberg No. 5208

to the beginning date of any trial on this matter, failing which, Visagent Corporation will be precluded from using such documents at trial.

4.    Visagent Corporation responded to Interrogatory Numbers 5, 9, 10, 11, 15 and 17 by stating that the answer to those interrogatories can be derived or ascertained from documents which Visagent produced or agreed to produce.  Visagent Corporation shall identify by Bates Stamp Number the documents and electronically stored information from which the answer to such interrogatories may be derived or ascertained with the specificity required by Rule 7033(d) of the Federal Rules of Bankruptcy Procedure no later than 60 days prior the beginning date of any trial on this matter, failing which, Visagent Corporation will be precluded from using such documents at trial.

Dated this _3 1_ day of June, 2007 in Jacksonville, Florida.


Jerry A. Funk
United States Bankruptcy Judge


David L. Gay is directed to serve
a copy of this Order on all parties who
received copies of the Motion.


00569489

NOV-19-2000  15:43      Nayeli                              7722832009      P.01

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**ORDER[1] CORRECTING ORDER (DOCKET NO. 16957) ON VISAGENT CORPORATION'S FIRST MOTION TO COMPEL: PRODUCTION OF DOCUMENTS, BETTER ANSWERS TO VISAGENT'S FIRST SET OF INTERROGATORIES AND THE DEPOSITION OF DEBTOR'S CORPORATE REPRESENTATIVE**

Before the Court is Visagent Corporation's first motion to compel (Docket No. 16225) Winn-Dixie Stores, Inc. to fully respond to Visagent's discovery requests. The Court conducted a hearing on the motion on June 14, 2007. Upon consideration, it is

ORDERED:

1.    Visagent Corporation's motion to compel against Winn-Dixie Stores, Inc. (Docket No. 16225) is granted in part and denied in part.

2.    Visagent Corporation's motion to compel the deposition of the Debtor's corporate representative is denied, without prejudice. Visagent Corporation may not depose the Debtor's witnesses until 20 days after Visagent Corporation produces the original computer disk or disks from which Visagent Corporation

---

[1] Paragraph 7 is amended to reflect the correct deadline for Debtors to produce documents responsive to Visagent Document Request Numbers 19 and 20 other than those documents which the Debtors have already produced. The correct deadline is 30 days prior to trial as opposed to 60 days prior to trial.



EXHIBIT

obtained the information it produced pursuant to Visagent Corporation's Supplemental Response to Debtors' First Request for Production.

3. Visagent Corporation's motion to compel the Debtors to produce original documents responsive to Document Request Numbers 1, 2 and 3 is denied as moot because of Debtor's prior agreement to produce the originals of the copies of the documents the Debtors have produced responsive to such Document Requests which are in the Debtor's possession, custody or control.

4. The Debtors shall make a reasonable effort to locate documents regarding their communications with Dayman & Associates during the period June 28, 2001 to December 28, 2004 and produce such documents in the Debtor's possession, custody or control.

5. The Debtors shall produce documents responsive to Document Request Numbers 5 through 9 for the period June 28, 2001 through December 28, 2004 which are in the Debtor's possession, custody or control which the Debtors have not already produced.

6. Visagent Corporation's motion to compel documents responsive to Document Request Numbers 10 through 18 is denied.

7. The Debtors have represented that, to the extent Debtors have documents in their possession, custody or control responsive to Document Request Numbers 19 and 20, Debtors have produced such documents. If the Debtors discover responsive documents other than those which the Debtors have already produced, Debtors shall produce such documents to Visagent no later than 30 days prior to the

beginning date of any trial on this matter, failing which, the Debtors will be precluded

from using such documents at trial.

     8.    Visagent Corporation's motion to compel regarding Interrogatory

Numbers 6 through 9 and 12 through 14 is denied without prejudice.

Dated this 30 day of July, 2007 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Guy Bennett Rubin is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

00573720

3

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:                                                    Case No.: 05-3817

WINN-DIXIE STORES, et al.,

              Reorganized Debtors.                    Chapter 11

_____/

### ORDER ON VISAGENT CORPORATION'S SECOND AND THIRD MOTIONS
### TO COMPEL DISCOVERY FROM DEBTORS

On December 13, 2007, the Court conducted a hearing on Visagent Corporation's

Second and Third Motions (collectively the "Motions") to Compel Discovery From the

Reorganized Debtors ("Debtors"). Specifically, the Motions seek a court order

compelling the Debtors to produce those documents previously ordered to be produced

and agreed to be produced, to fully respond to Visagent's discovery requests as

supplemented by Debtors' corporate representative's deposition testimony, for an award

of attorneys fees and sanctions and for an order expanding the time constraints to

complete the deposition of Debtors' corporate representative.

In regards to its Second Motion to Compel, Visagent alleges that Debtors have

failed to produce all the documents sought in their Second Request for Production. (Tr.

pg. 8). In response, Debtors' counsel adamantly maintains that the Debtors have

complied in full. (Tr. pg. 10-11, 16, 34, 42-43). Specifically, Debtors' counsel stated,

"We've given them all the documents we're aware of in Winn-Dixie's possession – and

we have conducted a very thorough search for those documents – and we've represented

that to them. I don't know what else we can do." (Tr. 11). The Court accepts Debtors'

representation that all documents they are aware of in their possession have been



EXHIBIT
G

1

produced. However, the Court reserves the right to impose sanctions against the Debtors

if it is discovered that they failed to produce all documents they were *aware* and in

*possession* of at the time of the hearing, unless such documents are produced within thirty

days of the date of this order. Additionally, if such documents are not produced within

the above time frame, Debtors will be precluded from using the documents at trial.[1]

Visagent also raises the issue that although all the documents produced were bates

stamped, the Debtors failed to provide a correlation chart. (Tr. 9-10). At the hearing,

Visagent's counsel stated, "I think we need a verifiable system where they say: Here are

the documents responsive." (Tr. 18). In response, Debtors' counsel informed the Court

there is not a correlating list of documents that have the Bates stamp numbers on them

and that all documents produced were "responsive." (T. 14). Although, the Court will

not require Debtors to provide a correlation list for all 10,000 documents produced,

Debtors shall identify the *valid* operative service agreement and provide a correlating

bates stamp number for the agreement to Visagent within twenty days of the date of this

order. Additionally, Visagent shall have twenty days from the date of this order to

provide Debtors with a list of any other specifically named documents it needs to have

identified.[2] Debtors shall then provide a correlation list of such documents to Visagent

within twenty days from the date of Visagent's request.

---

[1] In regards to documents that the Debtors are not currently aware and in possession of, this
Court's July 30, 2007 Order on Visagent's First Motion to Compel still stands. The Court
provided that, "If the Debtors discover responsive documents other than those which the Debtors
have already produced, Debtors shall produce such documents to Visagent no later than 30 days
prior to the beginning date of any trial on this matter, failing which, the Debtors will be precluded
from using such documents at trial."

[2] The request must be narrowly tailored to *specific* documents, such as the operative service
agreement, and not a general request such as all emails exchanged between Debtors and X
corporation.

In regards to the Third Motion to Compel, Visagent alleges that Debtors failed to comply with Rule 30 of the Federal Rules of Civil Procedure, in regards to the Re-Notice of Taking Deposition dated July 21, 2007 (the "Notice"). Rule 30 provides that when a corporation is to be deposed the corporation is required to produce and prepare one or more persons with requisite knowledge as corporate representatives to testify as to the subject matter upon which the opposing party planned to inquire pursuant to the notice of the deposition. Visagent maintains that Debtors failed to comply with their Rule 30 obligation as the corporate representative they produced, Tom Barr, was not prepared to field questions relating to the areas of knowledge listed in the Notice. Conversely, Debtors assert that Mr. Barr was the most knowledgeable corporate representative, as to the specific requests enumerated in the Notice. (Tr. 25, 41). In support, Debtors point to Visagent's December 3, 2007, Notice of Taking Continuation of Videotaped Deposition. Although this subsequent notice contained a replica of the first twenty-one requests from the original Notice, Paragraph Twenty-Two requested new information. Specifically, Paragraph Twenty-Two sought the corporate representative of Winn-Dixie Stores who has the most knowledge regarding, "all efforts taken by Winn Dixie to locate and produce documents responsive to Visagent's requests for production of documents to Winn Dixie referenced in Mr. David Gay's correspondence to Mr. Guy Rubin dated October 1, 2007." Thus, Debtors contend that Visagent's inability to solicit certain information from Mr. Barr, was through no fault of their own, but due to Visagent's oversight in failing to request the above information in the original Notice. The Court finds Debtors' argument to be well taken and accordingly will not impose sanctions, as a Rule 30 violation did not occur. Additionally, Debtors' counsel represented at the hearing that Debtors are

amenable to producing for deposition its corporate representative who possesses the most knowledge in regards to the request contained in Paragraph 22. (Tr. 22).

Visagent also seeks to have the Court enter an order expanding the time constraints to complete the deposition of Mr. Barr. Visagent asserts that good cause exists as the seven-hour deposition previously held was not adequate to cover the 30-40,000 documents involved and the four-year relationship between the parties. (Tr. 29). Pursuant to Federal Rule of Civil Procedure 30, if the person to be examined already has been deposed in the case, the party seeking the deposition must obtain leave of court. Rule 30 also provides that unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. Upon consideration of the length of the parties' relationship and the volume of documents involved, the Court finds that Visagent has presented good cause, and accordingly, will grant it the opportunity to re-depose Mr. Barr during a one-day deposition, which shall not exceed seven hours.

ORDERED:

1.     Visagent's Second and Third Motions to Compel against Winn-Dixie Stores are granted in part and denied in part.

2.     The Court will not impose sanctions or award attorney's fees at this time. However, the Court reserves the right to impose sanctions against the Debtors if it is discovered that Debtors failed to produce all documents they were *aware* and in *possession* of at the time of this hearing, unless such documents are produced within thirty days of the date of this order. Additionally, if such documents are not produced within the above time frame, Debtors will be precluded from using the documents at trial.

3.   Debtors shall identify the *valid* operative service agreement and provide a

correlating bates stamp number for the agreement to Visagent within twenty days of the date of this order. Additionally, Visagent shall have twenty days from the date of this order to provide Debtors with a list of any other specifically named documents it needs have identified. Debtors shall then provide a correlation list of such documents to Visagent within twenty days from the date of Visagent's request.

4. Debtors shall produce for deposition its corporate representative who possesses the most knowledge in regards to the information requested in Paragraph 22 of Visagent's December 3, 2007, Notice of Taking Continuation of Videotaped Deposition. Unless otherwise agreed to by the parties, the deposition shall be limited to one day of seven hours.

5. Visagent is granted leave to re-depose Mr. Barr. The deposition shall be limited to one day of seven hours, unless the parties agree otherwise.

Dated this ___28___ day of December, 2007 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copies to:
Steve Busey
Guy Rubin

5

LAW OFFICES

# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

DAVID M. APPLEGATE
LISA A. BARCLAY
JAMES A. BOLLING
BEAU BOWIN
STEPHEN D. BUSEY
CHARMAINE T. M. CHIU
R. CHRISTOPHER DIX
KATEENA O. ENNEKING
DAVID L. GAY
EARL E. GOOGE, JR.
MICHAEL H. HARMON
MEGAN R. HARPER
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
G. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
E. OWEN McCULLER, JR.
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND M. O'STEEN, JR.
ELIZABETH S. PAULK
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY RUSSELL
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
JOY A. TENHAGEN
LEE D. WEDEKIND, III
HARRY M. WILSON, III
THOMAS G. WILSON III
MEGHAN R. WOJESKI
ALLAN E. WULBERN

LLOYD SMITH
(1915-1987)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

January 28, 2008

Guy Bennett Rubin, Esq.
Rubin & Rubin
110 S.W. Atlanta Avenue
Stuart, Florida 34994

      Re:   In re Winn-Dixie Stores, Inc., et al.; U. S. Bankruptcy Court, Middle
           District of Florida; Case No. 05-03817-3F1, Chapter 11

Dear Mr. Rubin:

      Please find enclosed documents responsive to Visagent's document requests.

      The hard copy documents (Bates Stamp numbers WD V010337-V011360) are copies of documents from Winn-Dixie's files as they were kept in the usual course of business. The electronic documents on the disk Bates Stamped V011361 contain general diverting information, the majority of which represent summaries of the information previously produced by Winn-Dixie both in hard copy and electronic form (Bates Stamp numbers V000001- V05529). As with the documents Bates Stamped V000001- V05529, the information on the Disk V11361 is confidential and should be treated as such pursuant to the consent protective order governing confidential information in this matter.

      Additionally, by way of disclosure of Winn-Dixie's efforts to locate and produce documents responsive to Visagent's discovery requests, Winn-Dixie has recently identified two potential sources of electronic documents which, due to undue burden and cost, Winn-Dixie has not reviewed for responsive information.

      First, Winn-Dixie discovered that a system-wide backup of Winn-Dixie's electronic mail system was created in 2005. However, because Winn-Dixie has subsequently changed its electronic mail infrastructure, this backup information is no longer readable or searchable by Winn-Dixie without undue burden or cost. Therefore, pursuant to Federal Civil Procedure Rule 26(b)(2)(B), Winn-Dixie has not reviewed this information for responsive documents.



EXHIBIT
H

LAW OFFICES

## SMITH HULSEY & BUSEY

Guy Bennett Rubin, Esq.
January 28, 2008
Page 2

        Second, Winn-Dixie, through a document management vendor, maintains
archives comprised of imaged documents. Winn-Dixie has determined that these
archives may contain warehouse receiving and bills of lading documents regarding
Winn-Dixie's purchases and sales of goods in the secondary market for the period
2001 through 2004. However, such documents are stored within a massive archive
system which cannot be searched for documents specifically related to such purchases
and sales without undue burden and cost. Further, Winn-Dixie has previously
produced to Visagent, both hard copy and electronically, a comprehensive list of all
such purchases and sales (see Bates Stamp numbers V000001- V05529).

                                        Sincerely,

                                        David L. Gay

By Federal Express
DLG/mam/00596245