FILED OCONEE, SC
SALLIE C. SMITH
CLERK OF COURT

FILED OCONEE, SC
SALLIE C. SMITH
CLERK OF COURT

STATE OF SOUTH CAROLINA )      IN THE COURT OF COMMON PLEAS

COUNTY OF OCONEE     )

2006 OCT 11 A 11: 48

2006 OCT 11 A 11: 48

|  |  |
|---|---|
| Nationwide Life Insurance Company of America, f/k/a Provident Mutual Life Insurance Company, | ) MASTER'S REPORT AND JUDGMENT ) OF FORECLOSURE AND SALE ) C/A NO.: 2006-CP-37-609 |
| Plaintiff, | ) ) (Deficiency Not Demanded) |
| vs. | ) ) NOTICE:  The original of this Report was ) filed in the Office of the Clerk of Court for |
| Foothills Partnership, A South Carolina General Partnership, Oconee County Treasurer and Family Dollar Stores of South Carolina, Inc., | ) Oconee County, South Carolina and copies ) hereof were forwarded to the below named ) parties on the ____day of _____, 2006. |
| Defendants. | ) _____ ) Honorable Ellis B. Drew, Jr., Master In ) Equity for Oconee County ) ) ) TO:   John T. Moore, Esquire ) D. Allen Grumbine, Esquire ) Bradley A. Norton, Esquire ) |

FILED OCONEE, SC
SALLIE C. SMITH
CLERK OF COURT

2006 OCT 11 A 11: 48

COPY

Pursuant to Rule 53 SCRCP, the above-entitled matter was referred to the undersigned to make appropriate findings of fact and conclusions of law with authority to enter a final judgment in the cause.  Any appeal from the final judgment entered by the Master In Equity shall be directly to the Supreme Court or Circuit Court.

Pursuant to the said Order of Reference, a hearing was held, attended by the attorneys of record, the testimony was taken, which is reported herewith, and from the testimony and evidence, I find and conclude as follows:

FINDINGS OF FACT:

COPY

1.      The Lis Pendens was filed on July 20, 2006.

2.      The Summons and Complaint were filed on July 20, 2006.

3.      Service was made upon the Defendants named in this Report as is shown by the Affidavits of Service and Acknowledgements of Service.

4.      The Defendant Foothills Partnership filed its Answer on August 15, 2006.

5.      The Defendant Family Dollar Stores of South Carolina is  in default as shown by the Affidavit of Default filed herein.

6.      The Defendant Family Dollar Stores of South Carolina is in default and all attorneys of record and defendants pro se were notified of the time, date, and place of the hearing in this matter.

7.      For value received, Defendant Foothills Partnership, A South Carolina General Partnership (hereinafter "Foothills") made, executed and delivered a note (hereinafter "Note") dated August 3, 1995, promising thereby to pay to the order of Provident Mutual Life Insurance Company the sum of Two Million Seventy Thousand and No/100 ($2,070,000.00) Dollars with interest thereon.  Other terms and conditions are stated in the Note, which is of record herein.

8.      To better secure the payment of the Note described above the said Defendant Foothills made, executed and delivered to Provident Mutual Life Insurance Company a mortgage (hereinafter Mortgage) in writing, dated August 3, 1995, covering the real property in Oconee County, which is the same as that described in the Complaint.  The Mortgage was filed on August 3, 1995, and is of record in the Office of the ROD for Oconee County in Mortgage Book 795 at Page 247.

9.    In addition, on or about August 3, 1995, the defendant Foothills executed an assignment of rents and leases (hereinafter "Assignment") to plaintiff Provident Mutual Life Insurance Company to secure the Note which is the subject of this action, which was recorded in the Office of the ROD for Oconee County on August 3, 1995, in Book 795 at Page 281.

10.    Simultaneously and as part of the Mortgage referenced herein, the defendant Foothills granted to Provident Mutual Life Insurance Company a security interest in the personal property as more fully set forth therein, which is the same as that described in the Complaint.

11.    Pursuant to a Partial Release filed on February 15, 1999, Provident Mutual Life Insurance Company released property from the above referenced Mortgage, which is the same as that referenced in the Complaint.

12.    Thereafter, the Note, Mortgage and Assignment were subsequently transferred to Plaintiff, Nationwide Life Insurance Company of America.

13.    The real property and personal property which is the subject of the within mortgage foreclosure action is hereinafter referred to collectively as the "Property".

14.    The Plaintiff in this action is the owner and holder of the Note, Mortgage and Assignment it is seeking to foreclose.

15.    The said Mortgage constitutes a first lien on the subject Property.

16.    Foothills entered into a lease as to the Property with Winn-Dixie Greenville, Inc. ("Tenant") recorded on August 17, 1994 at Book 783, Page 142, amended by filings on August 4, 1998 at Book 989, Page 48 and August 4, 1998 at

Book 989, Page 52 ("Winn Dixie Lease").  Winn-Dixie Greenville, Inc. (part of Winn-Dixie Stores, Inc. et al.) filed a Chapter 11 Bankruptcy in the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division, Case No. 05-03817-3FI ("Bankruptcy Proceedings").   Pursuant to an Order of the Bankruptcy Court on September 8, 2005, and Notice of Rejection of Unexpired Lease, the Lease was rejected and terminated and should be cancelled in the public records of Greenville County.  Although the Winn-Dixie Lease has been terminated, Plaintiff reserves its rights to any unpaid rent, damages or other proceeds owing to Foothills as a result of said Winn-Dixie Lease.

17.    Pursuant to a Notice and Assignment of Claim, defendant Foothills assigned and transferred to Nationwide the claim Foothills filed in the Bankruptcy Proceedings of Tenant.

18.    Payment due on the Note has not been made as provided for therein, and the Plaintiff, as the holder thereof, has elected to require immediate payment of the entire amount due thereon and has placed the Note, Mortgage and Assignment in the hands of the attorney herein for collection.

19.    The sum of Twelve Thousand and Five Hundred and No/100 ($12,500.00) Dollars is a reasonable fee to allow as attorney fees for Plaintiff's attorney for services performed and anticipated to be performed until final adjudication of the within action, under the terms of the Note and Mortgage.  Services anticipated to be performed until final adjudication contemplates completion of this matter within a reasonable time and does not include exceptional circumstances delaying conclusion beyond the normal time.

20.    The amount due and owing on the Note, secured by the referenced Mortgage and Assignment, with interest at the rate provided in the Note and other costs and expenses of collection, including an attorney's fee, is as follows:

| | | |
|---|---|---|
| (A) | Principal Due | $ 1,493,321.88 |
| (B) | Interest as of 10/11/06 at 14.375% Per Diem: $596.29 | $   238,516.60 |
| (C) | Late Charges | $     12,432.55 |
| (D) | Prepayment premium | $   287,556.36 |
| (E) | Cost of Collection prior to hearing (service, filing, etc.) | $       1,578.50 |
| (F) | Attorney's Fee | $     12,500.00 |

Total debt secured by Note, Mortgage and Assignment
including interest to date shown as of 9/29/06:          $ 2,045,905.89

Interest for the period from the date shown in (B) above through the date of this judgment at above stated rate to be added to the above stated "Total Debt" to comprise the amount of the judgment debt entered herein and interest after the date of judgment at the rate of 14.375% per annum (pursuant to the terms of the Note and Mortgage, which includes five (5%) percent default interest) on the judgment debt should be added to such judgment debt to comprise the amount of Plaintiff's debt secured by the Mortgage through the date to which such interest is computed.

21.    Paragraph Eighteen (18) of the Note provides that the liability of the Borrower is limited as provided in Paragraph Twenty-Six (26) of the Mortgage. Paragraph Twenty-Six (26) of the Mortgage provides that neither the Borrower, nor any partner of the Borrower, shall have any personal liability under the Note and Mortgage unless Borrower shall collect any rents and fail to apply them to the normal

operating expenses of the property and/or payments under the Note and Mortgage. Defendant Foothills represented to the Court that it has complied with and not violated Paragraph Eighteen (18) of the Note or Paragraph Twenty-Six (26) of the Mortgage, and Plaintiff has provided no evidence that Foothills has violated the provisions of Paragraph Eighteen (18) of the Note or Paragraph Twenty-Six (26) of the Mortgage, and I find that neither Foothills nor its partners have any personal liability to Plaintiff, except as may arise in connection with environmental claims as set forth in Paragraph 25 of the Mortgage.

22. The following Defendants claim or may claim a lien upon or interest in the subject property, and in the event there is a surplus from the sale of the subject property, the validity, priority and amount of any such lien claim will be determined at a hearing subsequent to the sale, in accordance with Rule 71(c) SCRCP. The said defendant(s) and such claim or lien is as follows:

## COUNTY TAX

Oconee County Treasurer
South Carolina Tax Commission Charge on Furniture and
    Fixtures
SC Tax I.D. No.: 537-09560
Receipt No: 068743-05-3
Assessment: 18480   Amount: $4,723.49

## LEASE

Lessor: Foothills Partnership
Lessee: Family Dollar Stores of South Carolina, Inc.
Dated: 6/9/2000  Bk/Pg.: 1107/100

## CONCLUSIONS OF LAW

I, therefore, conclude as follows:

1.    The Plaintiff should have judgment of foreclosure of the Mortgaged Property and that the mortgaged Property should be ordered sold at public auction after due advertisement.

2.    The Plaintiff should not have judgment for any deficiency against Defendant Foothills.

3.    The Winn-Dixie Lease has been cancelled and voided in the Bankruptcy Proceedings and the Clerk of Court of Oconee shall mark the Winn-Dixie Lease of Record as cancelled and voided.

---

## IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1.    That there is due to the Plaintiff on the obligation and Mortgage set forth in the Complaint the sum of Two Million Forty Five Thousand Nine Hundred Five and 89/100 ($2,045,905.89) Dollars representing the Total Debt due Plaintiff as set out in paragraph twenty supra, together with interest at the rate provided therein on the balance of principal from the date aforesaid to the date hereof.

2.    The amount due in the preceding paragraph (the "Total Debt" as set forth in paragraph twenty supra and later accrued interests on the principal) shall constitute the total judgment debt due the Plaintiff and shall bear interest hereafter at the rate of 14.375% per annum.

3.    That the Defendant liable for the aforesaid Mortgage debt shall on or before the date of sale of the Property hereinafter described, pay to the Plaintiff,

7

or Plaintiff's attorney the amount of Plaintiff's debt as aforesaid, together with the costs and disbursements of this action.

        4.     That on default of payment at or before the time herein indicated, the mortgaged premises described in the Complaint, as hereinafter set forth, be sold by the ~~undersigned Master In Equity~~ *Clerk of Court* , at public auction, at the Oconee County Courthouse, Main Street, Walhalla, South Carolina, County and State aforesaid, on some convenient salesday hereafter (and should the regular day of judicial sales fall on a legal holiday, then and in such event, the salesday shall be on Tuesday next succeeding such holiday), on the following terms, that is to say:

        (a)     The ~~undersigned Master In Equity~~ *Clerk* will require a deposit of 5% on the amount of the bid (in cash or equivalent) same to be applied on the purchase price only upon compliance with the bid, but in case of non-compliance within twenty (20) days same to be forfeited and applied to the costs and Plaintiff's debt.

        (b)     Interest on the balance of the bid shall be paid to the day of compliance at the rate of 14.375%.

        (c)     The sale shall be subject to taxes and assessments, existing easements and easements and restrictions of record, and any other senior encumbrances.

        (d)     Purchaser to pay for deed stamps and cost of recording the deed.

        (e)     Should the Plaintiff or the Plaintiff's attorney or agent fail to appear on sales day, the Property shall not be sold, and in that event any such sale shall be null and void and of no force and effect; the Property shall be readvertised and

sold at some convenient sales day thereafter when the Plaintiff or Plaintiff's attorney or agent is present.

5. If Plaintiff is the successful bidder at the said sale, for a sum not exceeding the amount of costs, expenses and the indebtedness of Plaintiff in full, Plaintiff may pay to the ~~undersigned Master In Equity~~ *Clerk*, only the amount of the costs and expenses crediting the balance of the bid on Plaintiff's indebtedness.

6. No personal or deficiency judgment being requested as to the Defendant Foothills, the bidding will not remain open after the date of sale, but compliance with the bid may be made immediately. No personal or deficiency judgment shall be entered against Defendant Foothills, or any of its partners, after sale, except as may arise in connection with environmental claims as set forth in Paragraph 25 of the Mortgage.

7. That the ~~undersigned Master In Equity~~ *Clerk* will, by advertisement according to law, give notice of the time and place of sale and the terms thereof, and will execute to the Purchaser, or Purchasers, a deed to the premises sold. The Plaintiff, or any other party to this action, may become a purchaser at such sale, and that if upon such sale being made, the Purchaser, or Purchasers, should fail to comply with the terms thereof within twenty (20) days after date of sale, then the ~~undersigned Master In Equity~~ *Clerk* may advertise the said premises for sale on the next, or some other subsequent salesday, at the risk of the highest bidder and so from time to time thereafter until a full compliance shall be secured.

8. That the ~~undersigned Master In Equity~~ *Clerk* will apply the proceeds of the sale as follows:

FIRST:    To the payment of the amount of the costs and expenses of this action, including any Guardian Ad Litem fee or fees of attorneys appointed under Order of Court;

NEXT:    To the payment to the Plaintiff or Plaintiff's attorney, of the amount of Plaintiff's debt and interest or so much thereof as the purchase money will pay on the same.

NEXT:    Any surplus will be held pending further Order of this Court.

9.  It is further ORDERED, ADJUDGED AND DECREED that in the event the successful bidder is other than the Defendant(s) in possession herein, the Sheriff of Oconee County is ordered and directed to eject and remove from the premises the occupant(s) of the Property sold, together with all personal property located thereon, and put the successful bidder or his assigns in full, quiet and peaceable possession of said premises without delay, and to keep said successful bidder or his assigns in such peaceable possession.

10.    And it is further ORDERED, ADJUDGED AND DECREED that each Defendant named herein and all persons whosoever claiming under him, her, them or it, be forever barred and foreclosed of all right, title, interest, and equity of redemption in the said mortgaged premises so sold, or any part thereof.

11.    IT IS FURTHER ORDERED that, pursuant to S.C. Code Ann. §30-9-31 (Supp. 1987), the deed of conveyance made pursuant to said sale shall contain the names of only the first-named Plaintiff and the first-named Defendant, and the Defendant who was the titleholder of the mortgaged Property at the time of the filing of

10

the notice of pendency of the within action, and the name of the grantee. Said deed of

conveyance shall be indexed in the grantor index by Clerk of Court in the name of the

owner of record of subject Property immediately prior to execution of the deed, as well

as in the name of the ~~undersigned Master In Equity~~ *Clerk of* who executes such deed as grantor.

        12.    The undersigned Master In Equity will retain jurisdiction to do all

necessary acts incident to this foreclosure including, but not limited to, the issuance of a

Writ of Assistance, any issues concerning the appraisal statutes, and disposing of any

surplus funds pursuant to Rule 71(c), SCRCP.

        13.    The following is a description of the premises herein ordered to

be sold:

> All that certain piece, parcel or tract of land shown as Parcel 1
> containing 7.59 acres located in the Town of West Union, Oconee
> County, South Carolina, as shown on ALTA/ACSM Land Title Survey
> of Foothills Shopping Center, prepared by Freeland-Clinkscales &
> Associates, Inc., dated March 22, 1995, last revised July 11, 1995, and
> recorded in the Office of the Clerk of Court of Oconee County, South
> Carolina in Plat Book A352 at Page 7 and 8, and described as follows:

> BEGINNING at an iron pin located in the northwest intersection of S.C.
> Highway #11 and S.C. Highway # 28 (POINT OF
> COMMENCEMENT), thence with the right-of-way of S.C. Highway
> #11, the following courses and distances: N24°45'36"E 70.07 feet to an
> iron pin; thence N28°38'42"E 21.92 feet to an iron pin, the TRUE
> POINT OF BEGINNING; thence N58°45'00"W 245.40 feet to an iron
> pin; thence N58°45'00"W 85.10 feet to a point; thence S39°38'37"W
> 88.76 feet to a point; thence N45°39'40"W 145.30 feet to a point;
> thence 44°37'09W 305.31 feet to a point; thence N38°24'12"E 306.19
> feet to a point; thence S51°35'48"E 115.95 feet to a point; thence
> N38°24'12"E 190.16 feet to a point; thence N51°27'41"W 67.91 feet to
> a point; thence N37°49'22"E 16.47 feet to a point; thence S51°27'41"E
> 68.08 feet to a point; thence N38°24'12"E 49.45 feet to a point; thence
> S51°26'57"E 234.02 feet to a point; thence S38° 32'26"W 36.83 feet to
> a point; thence S05°38'54"E 15.43 feet to a point; thence S38°15'34"W
> 16.72 feet to a point; thence N51°44'26"W 29.03 feet to a point; thence

S38°25'59"W 191.33 feet to a point; thence S51°26'57"E 201.87 feet to a point; thence S38°16'00"W 196.91 feet to an iron pin; thence S05°17'48"E 22.82 feet to an iron pin; thence S61°44'51"E 222.09 feet to an iron pin located in 120 foot right-of-way of S.C. Highway #11; thence along said right of way S28°34'29"W 53.85 feet to the POINT OF BEGINNING.

Together with those certain non-exclusive easements established in that certain Declaration of Reciprocal Easement and Operation Agreements For Foothills Shopping Center dated August 3, 1995 and recorded in Deed Book 827 at Page 266, which said easements encumber the following described properties: All those certain pieces, parcels or tracts of land shown as Parcel 2 containing 0.388 acres, Parcel 3 containing 7.203 acres, Parcel 4 containing 2.37 acres, Out Parcel "A' containing 1.10 acres and Out Parcel "B" containing 0.83 acres located in the Town of West Union, Oconee County, South Carolina, as shown on ALTA/ACSM Land Title Survey of Foothills Shopping Center, prepared by Freeland-Clinkscales & Associates, dated March 22, 1995, last revised July 11, 1995, and recorded in the Clerk of Court for Oconee County, South Carolina in Plat Book A352 at Page 7 (hereinafter "Easement Parcels"). Reference is craved to said survey for a more complete and accurate metes and bounds description of said Easement Parcels.

This being the same property conveyed to Foothills Partnership by deed dated May 26, 1993, and recorded in the Office of the ROD for Oconee County on May 27 in Deed Book 732 at Page 203.

Tax Map No.: 510-08-01-011 and 510-08-01-015

LESS AND EXCEPTING:

All that interior strip or parcel of land Situate in the City of Walhalla, County of Oconee and State of South Carolina described in accordance with a plat of survey captioned "Topographic Survey of Carolina Holdings, Inc. – CVS Pharmacy – Store #3846" prepared by Freeland & Associates, Inc. of Greenville, SC dated March 14, 1998 and last revised April 2, 1998, as follows to wit:

> BEGINNING AT AN INTERIOR POINT, said point being determined as follows:
>
> 1.   Start at an iron pin (5/8" rebar) being the southeast corner of Out Parcel "B" (said point being identified on said survey as being located

±145.84' from the R/W line of SC Hwy #28); thence

2.   Along the southerly boundary line of Out Parcel "B" N. 61°44'50" West a distance of 222.09' to an iron pin found, said point being the POINT OF BEGINNING.

THENCE, from said POINT OF BEGINNING, the following courses and distances:

1.   N 61°44'50" W a distance of 55.30 feet to a point for a corner, thence

2.   N 39°13;54" E a distance of 223.27 feet to a point for a corner; thence

3.   S 51°26'57" E a distance of 34.97 feet to a point for a corner; thence

4.   S 38° 16'00" W a distance of 196.92 feet to an iron pin (5/8" rebar); thence

5.   S 05°17'48" E a distance of 22.82 feet to a an iron pin (5/8" rebar), said point being the POINT AND PLACE OF BEGINNING.

TOGETHER WITH AND SUBJECT TO those certain nonexclusive easements established in that certain Reciprocal Easement and Operation Agreement for Foothills Shopping Center dated August 3, 1995 and recorded in Deed Book 827 at page 266 as shown on survey in Plat Book A352 pages 7 and 8.

BEING a portion of the premises described in Mortgage and Security Agreement recorded in Book 795 page 247.

RESERVING all right, title and interest in and to all easements benefiting the unreleased parcel.


ALSO:

(a) all fixtures, machinery, equipment and other articles of property of every nature whatsoever, whether or not real property, now or at any time hereafter installed in, attached to or situated in or upon, or used, useful, or intended to be used in

13 /W/

connection with or in the operation or maintenance of, the real estate or the building and improvements erected or hereafter erected thereon, or in the operation of any buildings, improvements, plant or business now or hereafter situate thereon, which shall include, but not be limited to, all lighting, heating, ventilating, security, air conditioning, sprinkling and plumbing equipment, fixtures and systems, irrigation, water and power systems and fixtures, engines and machinery, boilers, gas and electric fixtures, radiators, heaters, ranges, furnaces, oil burners or units, elevators and motors, refrigeration plants or units, communication systems, dynamos, transformers, generators, electrical equipment, storm and screen windows, shutters, doors, decorations, awnings, shades, blinds and signs, and trees, shrubbery and other plantings; (b)  all furnishings, furniture, appliances, supplies, tools, accessories and operating inventory now or hereafter located on the real estate; (c) all building materials, fixtures, building machinery and building equipment delivered on site to the real estate or any portion thereof during the course of, or in connection with the construction of, or reconstruction of, or remodeling of any buildings and improvements, from time to time during the term hereof; (d) all parts, fittings, accessories, accessions, substitutions and replacements therefore and thereof; and (e) all proceeds of the sale, transfer or other disposition of any of the foregoing, whether voluntary or involuntary, all proceeds of the conversion of any of the foregoing into cash or liquidated claims, including without limitation, proceeds of insurance and condemnation awards.

Ellis B. Drew, Jr.
Master in Equity for Oconee County



Walhalla, South Carolina
October //, 2006



14

~~MASTER IN EQUITY~~
NOTICE OF SALE

*FILED OCONEE, SC*
*SALLIE C. SMITH*
*CLERK OF COURT*

*2006 OCT 11  A.M.*

BY VIRTUE of a decree heretofore granted in the case of Nationwide Life Insurance Company of America v. Foothills Partnership, A South Carolina General Partnership, et. al. (Civil Action No.: 2006-CP-37-609), I, the undersigned, ~~Master In Equity~~ *Clerk* for Oconee County has ordered that the following property, which is the subject of the above action, be sold on Monday, November 6, 2006, at 11:00 a.m., at the Oconee County Courthouse, Main Street, Wallhalla, South Carolina to the highest bidder:

All that certain piece, parcel or tract of land shown as Parcel 1 containing 7.59 acres located in the Town of West Union, Oconee County, South Carolina, as shown on ALTA/ACSM Land Title Survey of Foothills Shopping Center, prepared by Freeland-Clinkscales & Associates, Inc., dated March 22, 1995, last revised July 11, 1995, and recorded in the Office of the Clerk of Court of Oconee County, South Carolina in Plat Book A352 at Page 7 and 8, and described as follows:

BEGINNING at an iron pin located in the northwest intersection of S.C. Highway #11 and S.C. Highway # 28 (POINT OF COMMENCEMENT), thence with the right-of-way of S.C. Highway #11, the following courses and distances: N24°45'36"E 70.07 feet to an iron pin; thence N28°38'42"E 21.92 feet to an iron pin, the TRUE POINT OF BEGINNING; thence N58°45'00"W 245.40 feet to an iron pin; thence N58°45'00"W 85.10 feet to a point; thence S39°38'37"W 88.76 feet to a point; thence N45°39'40"W 145.30 feet to a point; thence 44°37'09W 305.31 feet to a point; thence N38°24'12"E 306.19 feet to a point; thence S51°35'48"E 115.95 feet to a point; thence N38°24'12"E 190.16 feet to a point; thence N51°27'41"W 67.91 feet to a point; thence N37°49'22"E 16.47 feet to a point; thence S51°27'41"E 68.08 feet to a point; thence N38°24'12"E 49.45 feet to a point; thence S51°26'57"E 234.02 feet to a point; thence S38° 32'26"W 36.83 feet to a point; thence S05°38'54"E 15.43 feet to a point; thence S38°15'34"W 16.72 feet to a point; thence N51°44'26"W 29.03 feet to a point; thence S38°25'59"W 191.33 feet to a point; thence S51°26'57"E 201.87 feet to a point; thence S38°16'00"W 196.91 feet to an iron pin; thence S05°17'48"E 22.82 feet to an iron pin; thence S61°44'51"E 222.09 feet to an iron pin located in 120 foot right-of-way of S.C. Highway #11; thence along said right of way S28°34'29"W 53.85 feet to the POINT OF BEGINNING.

Together with those certain non-exclusive easements established in that certain Declaration of Reciprocal Easement and Operation Agreements For Foothills Shopping Center dated August 3, 1995 and recorded in Deed Book 827 at Page 266, which said easements encumber the following described properties: All

those certain pieces, parcels or tracts of land shown as Parcel 2 containing 0.388 acres, Parcel 3 containing 7.203 acres, Parcel 4 containing 2.37 acres, Out Parcel "A" containing 1.10 acres and Out Parcel "B" containing 0.83 acres located in the Town of West Union, Oconee County, South Carolina, as shown on ALTA/ACSM Land Title Survey of Foothills Shopping Center, prepared by Freeland-Clinkscales & Associates, dated March 22, 1995, last revised July 11, 1995, and recorded in the Clerk of Court for Oconee County, South Carolina in Plat Book A352 at Page 7 (hereinafter "Easement Parcels"). Reference is craved to said survey for a more complete and accurate metes and bounds description of said Easement Parcels.

This being the same property conveyed to Foothills Partnership by deed dated May 26, 1993, and recorded in the Office of the ROD for Oconee County on May 27 in Deed Book 732 at Page 203.

Tax Map No.:  510-08-01-011 and 510-08-01-015

LESS AND EXCEPTING:

All that interior strip or parcel of land Situate in the City of Walhalla, County of Oconee and State of South Carolina described in accordance with a plat of survey captioned "Topographic Survey of Carolina Holdings, Inc. – CVS Pharmacy – Store #3846" prepared by Freeland & Associates, Inc. of Greenville, SC dated March 14, 1998 and last revised April 2, 1998, as follows to wit:

    BEGINNING AT AN INTERIOR POINT, said point being determined as follows:

1.     Start at an iron pin (5/8" rebar) being the southeast corner of Out Parcel "B" (said point being identified on said survey as being located ±145.84' from the R/W line of SC Hwy #28); thence

2.     Along the southerly boundary line of Out Parcel "B" N. 61°44'50" West a distance of 222.09' to an iron pin found, said point being the POINT OF BEGINNING.

    THENCE, from said POINT OF BEGINNING, the following courses and distances:

1.     N 61°44'50" W a distance of 55.30 feet to a point for a corner, thence

2.     N 39°13;54" E a distance of 223.27 feet to a point for a corner; thence

3.   S 51°26'57" E a distance of 34.97 feet to a point for a corner; thence

4.   S 38° 16'00" W a distance of 196.92 feet to an iron pin (5/8" rebar); thence

5.   S 05°17'48" E a distance of 22.82 feet to a an iron pin (5/8" rebar), said point being the POINT AND PLACE OF BEGINNING.

TOGETHER WITH AND SUBJECT TO those certain nonexclusive easements established in that certain Reciprocal Easement and Operation Agreement for Foothills Shopping Center dated August 3, 1995 and recorded in Deed Book 827 at page 266 as shown on survey in Plat Book A352 pages 7 and 8.

BEING a portion of the premises described in Mortgage and Security Agreement recorded in Book 795 page 247.

RESERVING all right, title and interest in and to all easements benefiting the unreleased parcel.

ALSO:

(a) all fixtures, machinery, equipment and other articles of property of every nature whatsoever, whether or not real property, now or at any time hereafter installed in, attached to or situated in or upon, or used, useful, or intended to be used in connection with or in the operation or maintenance of, the real estate or the building and improvements erected or hereafter erected thereon, or in the operation of any buildings, improvements, plant or business now or hereafter situate thereon, which shall include, but not be limited to, all lighting, heating, ventilating, security, air conditioning, sprinkling and plumbing equipment, fixtures and systems, irrigation, water and power systems and fixtures, engines and machinery, boilers, gas and electric fixtures, radiators, heaters, ranges, furnaces, oil burners or units, elevators and motors, refrigeration plants or units, communication systems, dynamos, transformers, generators, electrical equipment, storm and screen windows, shutters, doors, decorations, awnings, shades, blinds and signs, and trees, shrubbery and other plantings; (b) all furnishings, furniture, appliances, supplies, tools, accessories and operating inventory now or hereafter located on the real estate; (c) all building materials, fixtures, building machinery and building equipment delivered on site to the real estate or any portion thereof during the course of, or in connection with the

construction of, or reconstruction of, or remodeling of any buildings and improvements, from time to time during the term hereof; (d) all parts, fittings, accessories, accessions, substitutions and replacements therefore and thereof; and (e) all proceeds of the sale, transfer or other disposition of any of the foregoing, whether voluntary or involuntary, all proceeds of the conversion of any of the foregoing into cash or liquidated claims, including without limitation, proceeds of insurance and condemnation awards.

SUBJECT TO ASSESSMENTS, OCONEE COUNTY TAXES, EXISTING EASEMENTS AND RESTRICTIONS OF RECORD AND OTHER SENIOR ENCUMBRANCES.

TERMS OF SALE: The successful bidder, other than the plaintiff, will deposit with the Master In Equity at conclusion of the bidding, 5% of his bid, in cash or equivalent, as evidenced in good faith, said to be applied to purchase price in case of compliance, but to be forfeited and applied first to costs and then to plaintiff's debt in case of non-compliance. Should the last and highest bidder refuse to make the required deposit at time of bid or comply with the other terms of the bids within twenty (20) days, then the Master In Equity may re-sell the property on the same terms and conditions on some subsequent Sales Day (at the risk of the said highest bidder). No personal or deficiency being demanded, the bidding will not remain open for thirty (30) days but compliance with the bid may be made immediately.

Plaintiff may waive any of its rights prior to sale, including its right to a deficiency judgment, in accordance with Rule 71 S.C.R.C.P. In the event an agent of the plaintiff does not appear at the time of the sale, the within property shall be withdrawn from sale and sold at the next available sales day upon the terms and conditions as set forth in the Judgment of Foreclosure and Sale and supplemental order.

Purchaser to pay for documentary stamps on Deed, if applicable. The successful bidder will be required to pay interest in the amount of the bid from the date of sale to the date of compliance with the bid at the rate of 14.375% percent per annum.

NELSON MULLINS RILEY &
SCARBOROUGH, L.L.P.
John T. Moore
P.O. Box 11070
Columbia, SC 29211
(803) 799-2000
Attorneys for Plaintiff

Ellis B. Drew, Jr.   Clerk of Court
Master In Equity  For Oconee County

FILED OCONEE, SC
SALLIE C. SMITH
CLERK OF COURT
2008 OCT 11  A 11: 48