Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11 PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Name of Debtor Against Which You Assert Your Claim:

Debtor Name *WINN-DIXIE STORES, INC.*     Case No  05-03817
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**A. Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):

WDX-403591-B8-94
BARROW, JEFFERY A
P O BOX 350423
JACKSONVILLE FL 32235-0423

Telephone No of Creditor *904-671-4696*
Fax No of Creditor *904-928-0579*

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

DEBTOR  WINN - DIXIE STORES, INC
U S BANKRUPTCY COURT M D -FLORIDA
JOINTLY ADMINISTERED UNDER
CASE  05-03817 (3F1)
CHAPTER 11
CLAIM NO.: 5743

EXHIBIT #1
Date: 2/5/08
TH

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS  If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim

**B. Name and address of signatory or other person to whom notices must be served, if different from above.** (Check box if). ☐ replaces address above ☐ additional address

Name _____
Company/Firm _____
Address _____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach a copy of statement giving particulars
☐ Check box if you have never received any notices in this case

Account or Other Number by Which Creditor Identifies Debtor

Check here if this claim  ☐ replaces  ☐ amends   a previously filed claim, dated

**1. Basis for Claim**
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☒ Other  *SRF*
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____
☐ Retiree benefits as defined in 11 U S C § 1114(a)
☐ Wages, salaries, and comp_____ (fill out below)
Last four digits of SSN ___
Unpaid compensation for services performed from
_____ to _____
(date)        (date)

**2. Date debt was incurred**

**3. If claim is based on a Court Judgment, date obtained.**

**4. Total Amount of Claim at Time Case Filed**
$ 227,244.34 (unsecured)  $ _____ (secured)  $ _____ (priority)  $ 227,244.34 (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim  Attach itemized statement of all interest or additional charges

**5. Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff)

Brief description of Collateral
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral  $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any. $ _____

**6. Unsecured Nonpriority Claim**  $ 227,244.34
☒ Check this box if  a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507 (a) (3)
☐ Contributions to an employee benefit plan – 11 U S C § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507 (a) (7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507 (a) (8)
☐ Other – Specify applicable paragraph of 11 U S C § 507 (a) ( )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**8 Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim
**9. Supporting Documents** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien  DO NOT SEND ORIGINAL DOCUMENTS  If the documents are not available, explain  If the documents are voluminous, attach a summary
**10** Date-Stamped Copy· To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

This Space is For Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice: |
|---|---|
| 7/6/05 | Print  *JEFFERY A BARROW*    Title _____  Signature  *Jeffery A Barrow* |

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U S C §§ 152 and 3571

# Logan
### & COMPANY, INC.
bankruptcy administration specialists

546 Valley Road
Upper Montclair, NJ 07043
www.loganandco.com

973.509 3190 Ph
973 509 3191 Fx

# SUPPORTING
# DOCUMENTATION
# NOT
# IMAGED
# DUE
# TO
# PRIVACY
# CONCERNS

## Logan & Company, Inc.
## Claims and Noticing Agent

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF<br>CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M.<br>EASTERN TIME |
|---|---|---|

Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered

| Name of Debtor Against Which You Assert Your Claim: | | DEBTOR: WINN - DIXIE STORES, INC |
|---|---|---|
| Debtor Name ___*WINN-DIXIE STORES, INC*___ | Case No. ___05-03817___ | U S BANKRUPTCY COURT M D -FLORIDA |
| (See List of Names and Case Numbers on Reverse Side) | | JOINTLY ADMINISTERED UNDER |

CASE  05-03817 (3F1)
CHAPTER 11

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503

**CLAIM NO.: 5795**

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property)

Telephone No of Creditor   *904-571-4696*

20343845
Creditor ID  WDX-406361-MS-B9-F2-29
BARROW, ~~JEFFREY~~ A   *JEFFERY*
P O BOX 350423
JACKSONVILLE FL 32235

Fax No  of Creditor   *904-928-0579*

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

**EXHIBIT #2**
Date: *2/5/08*  TH

If amount is identified above  you have a claim scheduled by the Debtor as shown  If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the Debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS  If the amount shown is listed above as DISPUTED UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim

Please Note  This MSP claim is NOT Transferable or Assignable

B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if):  ☐ replaces address above  ☐ additional address

Name _____
Company/Firm _____
Address _____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach a copy of statement giving particulars

☐ Check box  if you have never received any notices in this case

Account or Other Number by Which Creditor Identifies Debtor

Check here if this claim ☐ replaces  ☐ amends    a previously filed claim, dated _____

| 1. Basis for Claim | | |
|---|---|---|
| ☐ Goods sold to debtor(s) | ☐ Taxes | ☐ Retiree benefits as defined in 11 U S C  § 1114(a) |
| ☐ Services performed for debtor(s) | ☐ Severance agreement | ☐ Wages, salaries, and compensation (fill ~~~~ below) |
| ☐ Goods purchased from debtor(s) | ☐ Refund | Last four digits of SSN ___ |
| ☐ Money loaned | ☐ Real property lease | Unpaid compensation for services performed from |
| ☐ Personal injury/property damage | ☐ Personal property lease | ___ to ___ |
| ☒ Other  *MSP* | ☐ Other contract _____ | (date)          (date) |

2. Date debt was incurred:

3. If claim is based on a Court Judgment, date obtained:

4. Total Amount of Claim at Time Case Filed:

| $  $105,105 00 | $ _____ | $ _____ | $  $105,105.00 |
|---|---|---|---|
| (unsecured) | (secured) | (priority) | (Total) |

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim  Attach itemized statement of all interest or additional charges

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff)

Brief description of Collateral
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____

Value of Collateral  $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any  $ _____

6. Unsecured Nonpriority Claim  $  $105,105 00
☒ Check this box if  a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

7. Unsecured Priority Claim
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority  $ _____
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier –
   11 U S C  § 507 (a) (3)
☐ Contributions to an employee benefit plan – 11 U S C  § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C  § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C  § 507 (a) (7)
☐ Taxes or penalties owed to governmental units – 11 U S C  § 507 (a) (8)
☐ Other – Specify applicable paragraph of 11 U S C  § 507 (a) (  )
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS  If the documentsare not available, explain  If the documents are voluminous, attach a summary

10 Date-Stamped Copy  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

This Space Is For Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice: | |
|---|---|---|
| *7/6/05* | Print  *JEFFERY BARROW* | Title _____ |
| | Signature  *Jeffery S Barrow* | |

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C  §§ 152 and 3571

RECEIVED LOCKLAND FL
2005 JUL 11  PM 3:3
U S BANKRUPTCY COURT M D OF FLORIDA



546 Valley Road          973.509.3190 Ph
Upper Montclair, NJ 07043   973.509.3191 Fx
www.loganandco.com

bankruptcy administration specialists

# SUPPORTING
# DOCUMENTATION
# NOT
# IMAGED
# DUE
# TO
# PRIVACY
# CONCERNS

## Logan & Company, Inc.
## Claims and Noticing Agent

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF<br>CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M.<br>EASTERN TIME |
|---|---|---|

Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered

Name of Debtor for Which You Assert Your Claim:

Debtor Name __Winn-Dixie Stores, Inc__    Case No __05-03817__
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U S C §503.

EXHIBIT
#3
Date: 7/5/08
TH

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

__904-571-4696__
Telephone No of Creditor

__904-928-0599__
Fax No of Creditor

Creditor ID: WDX-406361-MS-B9-F2-29
Barrow, Jeffery A.
P.O. Box 350423
Jacksonville, Fl 32235

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

DEBTOR WINN - DIXIE STORES, INC
US BANKRUPTCY COURT M D -FLORIDA
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11

CLAIM NO.: 7339

B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if:) ☐ replaces address above  ☐ additional address

Name _____

Company/Firm _____

Address _____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars
☐ Check box if you have never received any notices in this case

CLAIM NO.: 7339

If an amount is identified above, you have a claim scheduled by the Debtor as shown If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim

Account or Other Number by Which Creditor Identifies Debtor

Check here if this claim
☐ replaces  ☐ amends   a previously filed claim, dated.

| 1. Basis for Claim | | |
|---|---|---|
| ☐ Goods sold to debtor(s) | ☐ Taxes | ☐ Retiree benefits as defined in 11 U S C § 1114(a) |
| ☐ Services performed for debtor(s) | ☐ Severance agreement | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Goods purchased from debtor(s) | ☐ Refund | Last four digits of SSN _____ |
| ☐ Money loaned | ☐ Real property lease | Unpaid compensation for services performed from |
| ☐ Personal injury/property damage | ☐ Personal property lease | _____ to _____ |
| ☒ Other __MSP__ | ☐ Other contract _____ | (date)          (date) |

2. Date debt was incurred.

3. If claim is based on a Court Judgment, date obtained

4. Total Amount of Claim at Time Case Filed:   $_____  $__237,218.__  $_____  $__237,218__
                              (unsecured)       (secured)       (priority)       (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges

5. Secured Claim.
☒ Check this box if your claim is secured by collateral (including a right of setoff)

Attached documents:
Release Agreement and
Brief description of Collateral
☐ Real Estate  ☐ Motor Vehicle  ☒ Other  letter from Dedra Dogan,
VP Corporate + Field HR
Value of Collateral  $__237,218.__

Amount of arrearage and other charges at time case filed included in secured claim, if any  $_____

6. Unsecured Nonpriority Claim $_____
☐ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507 (a) (3)
☐ Contributions to an employee benefit plan – 11 U S C § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507 (a) (7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507 (a) (8)
☐ Other – Specify applicable paragraph of 11 U S C § 507 (a) ( )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

8. Credits. The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain. If the documents are voluminous, attach a summary

10 Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

Date
__7/25/05__

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:

Print __Jeffery A. Barrow__   Title _____

Signature _____

Penalty for presenting fraudulent claim. Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

# Logan
**& COMPANY, INC.**

bankruptcy administration specialists

546 Valley Road
Upper Montclair, NJ 07043
www.loganandco.com

973.509.3190 Ph
973.509.3191 Fx

# SUPPORTING DOCUMENTATION NOT IMAGED DUE TO PRIVACY CONCERNS

## Logan & Company, Inc.
## Claims and Noticing Agent

## RELEASE

This document sets forth certain understandings and agreements reached by and between J. Adrian Barrow acting on his own behalf (hereinafter referred to as "Associate" or "J. Adrian Barrow"), and WINN-DIXIE STORES, INC., including its affiliated companies. its officers, directors, agents, attorneys and employees (hereinafter referred to as "WINN-DIXIE").

Under the terms set forth in this Agreement, the Associate's position has been eliminated and his WINN-DIXIE employment will be terminated as of January 10, 2004. In consideration of an amicable end to their employment relationship, WINN-DIXIE, agrees to do the following upon the execution of this Release, some of which J. Adrian Barrow agrees WINN-DIXIE is not otherwise required to do 

1.   Continue to pay Associate's current monthly salary until January 9, 2004. The salary payment for January will be prorated

2.   Pay J. Adrian Barrow in a lump sum the equivalent of 26 weeks of pay in the total amount of $52,266 00 less legal and authorized deductions. No deductions will be made for 401(k), SRP or FSA.

3.   At any time WINN-DIXIE is contacted by an employer or prospective employer of J. Adrian Barrow concerning him, WINN-DIXIE will only verify dates of employment and last position held.

4.   WINN-DIXIE will not contest the application for any and all unemployment benefits he may be entitled to in accordance with applicable state unemployment laws and regulations.

5.   WINN-DIXE will pay Lee Hecht Harrison to provide J Adrian Barrow outplacement support through his participation in the Career Transition Seminar Program.

6.   WINN-DIXIE will allow J. Adrian Barrow to draft a retirement article to be published in *The WINNing Spirit* employee periodical.

7.   If WINN-DIXIE is currently engaged in or subsequently becomes engaged in any business dealings which might negatively impact the SRP and MSP accounts of J. Adrian Barrow, said funds will be specifically excluded from the business dealings.

In consideration for the foregoing special arrangements and other valuable consideration received from WINN-DIXIE, full receipt of which is hereby acknowledged and full acquittance and discharge therefor given, J. Adrian Barrow agrees to the following:

1.   I, J. Adrian Barrow, on behalf of myself and any and all of my heirs, executors, legal representatives, agents and assigns, hereby release WINN-DIXIE and its related corporations and their officers, directors, shareholders, agents, employees, parents, subsidiaries, affiliates, successors, and assigns from any and all claims arising under the Age Discrimination in Employment Act of 1967, as amended, 29

U.S.C. Sec 621-634, including any claims for liquidated damages, back pay, employment related benefits, costs and attorney's fees, and any and all claims which I may be entitled to.



2. I hereby promise not to file, or authorize any other individual, agency, or private or governmental entity to file on my behalf, any state or federal lawsuit or any state, federal or municipal administrative charge or complaint against WINN-DIXIE and hereby waive and release any and all claims, rights, and causes of action, in law or equity of any kind, whatsoever, which I or my heirs, executors, administrators, assigns or other legal representatives have or may have against WINN-DIXIE at this time or which are based on any past acts or omissions of WINN-DIXIE, including, but not limited to, those arising out of my employment with or separation from WINN-DIXIE, including, but not limited to those claims, rights, and causes of action based on any federal, state or local law, statute, ordinance, administrative regulation, public policy or Executive Order, such as the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Sec. 201-209; the Civil Rights Act of 1991; the Civil Rights Act of 1964, as amended, 42. U.S.C. Sec. 2000e-2000e-17; the Civil Rights Act of 1866, as amended, 42 U.S.C. Sec. 1981; the Civil Rights Act of 1871, as amended, 42 U.S.C. Sec. 1983, 1985; Executive Order 11246; the Rehabilitation Act of 1973, as amended, 29 U.S.C. Sec. 701-796i; the National Labor Relations Act, as amended, 29 U.S.C. Sec. 141-187; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Sec. 621-634; the Americans With Disabilities Act of 1990, 42 U.S.C. Sec. 12111 et seq.; The Employee Retirement Income Security Act, 29 U.S.C Sec. 1001 et seq.; the Florida Civil Rights Act of 1992, Sec. 760.10-.11; Florida Statutes Secs. 112.3187, 440.205 and 448.102; or any other state or federal constitutional claim, right, public policy or cause of action founded in tort, contract, or other common law cause of action including, but not limited to, actions based on misrepresentation, defamation, invasion of privacy, interference with prospective economic advantage, interference with contractual relations, or negligence.

3. I understand and agree that the consideration given to me in exchange for the promises set forth in this Release shall not be construed as an admission by WINN-DIXIE of any liability or unlawful conduct whatsoever, but rather, I acknowledge that WINN-DIXIE gave such consideration solely for the purpose of avoiding the costs and uncertainties of litigation.

4. I agree not to disclose, discuss or reveal to any person not a party to this Release, other than to my spouse, accountant, tax advisors, attorneys, or other persons necessary to comply with the law, the terms of this Release, specifically including the amount of remuneration, and to refrain from disclosing, either directly or indirectly, any information whatsoever regarding this Release, or any other information or documentation, or knowledge of the same, relating to WINN-DIXIE, to any person or organization, including but not limited to, members of the communications media or press, any newspaper, magazine, television station, radio station, cable company, or any other institution associated with the print or



electronic media. In the absence of a duly assigned subpoena and notice thereof to WINN-DIXIE, I should not communicate directly or indirectly with any current, former or future employee of WINN-DIXIE, persons doing business with WINN-DIXIE, or other members of the public regarding the terms and conditions of this Release, or any other information or documentation, or knowledge of the same, relating to WINN-DIXIE. If at any time after the execution of this Release it is established that I have violated the terms of this Release, WINN-DIXIE shall have the right to seek appropriate relief, including, but not limited to, a permanent injunction restraining me from further violations, recovery of the amount of consideration paid with this Release, and reasonable attorney fees. I further agree not to make false, disparaging or derogatory remarks or statements about the Company, its shareholders, directors, officers, employees, agents, or representatives during the remainder of my employment or following my termination.

5. I agree that I shall not at any time disclose to any person or party, directly or indirectly, any of the secret or confidential information of WINN-DIXIE. Such information includes, but is not limited to, the existence and terms of this Release, the names and addresses of all customers, suppliers and vendors, the processes, know-how, trade secrets, business information, and all other similar and related information of WINN-DIXIE. I further agree that without prior written consent of WINN-DIXIE, I shall not alone, or in any capacity, with any other person or entity, directly or indirectly, solicit for employment, employ or attempt to employ an employee of WINN-DIXIE or any of its subsidiaries. The covenants contained in this paragraph shall be effective for a period of one (1) year following my termination. If any such covenant is breached, WINN-DIXIE shall have any and all legal remedies as may be available to it, and WINN-DIXIE shall be entitled to an immediate injunction from a court of competent jurisdiction to prevent the continuation of the breach without further having to show damage. Further, in the event of a breach of the covenants contained in this paragraph, I agree that I shall repay to WINN-DIXIE all the sums paid by WINN-DIXIE pursuant to this Release. Repayment shall be made by me to WINN-DIXIE within 30 days after the date of written notice from WINN-DIXIE to me that such repayment is due.

6. I understand and acknowledge that this Release shall be governed by and construed in accordance with the laws of the State of Florida. In the event that any provision of this Release is invalidated or found to be unenforceable by a court of competent jurisdiction, all of the remaining provisions of the Release shall continue unabated and in full force and effect.

7. I fully understand the contents and the effect of this Release. I have been advised to consult with an attorney regarding the terms and provisions of this Release. Also, I fully understand I have been offered at least 21 days from the date of this agreement, or until January 10, 2004, within which to consider the Release, although I may accept it at any time within those 21 days. By signing this Release, I accept

each and all of the terms, provisions, and conditions of this Release, and do so voluntarily and with full knowledge and understanding of its contents, nature and effect.

8.  Further, I understand that this agreement will not become effective until the eighth (8th) day following the date on which I sign this Release and no payments shall be due, owing, or paid by WINN-DIXIE unless and until this Release becomes effective. I understand that I have an additional seven (7) calendar days after executing this Release within which to revoke my acceptance. To revoke, I must send WINN-DIXIE a written statement of revocation by Certified Mail, Return Receipt Requested.

IN WITNESS WHEREOF, I have signed this Release in duplicates of like tenure and effect, and in doing so have executed this Release on this ___ day of _____, 2003/2004 (Please circle the appropriate year).

WITNESS

WITNESS

CAUTION: READ BEFORE SIGNING

J. Adrian Barrow



## the real deal

DEDRA DOGAN
*VP Corporate & Field Human Resources*

December 15, 2003

Mr. J. Adrian Barrow
P.O. Box 350423
Jacksonville, FL 32235-0423

Dear Adrian:

The following information is provided as a supplement to my verbal response to your
memorandum dated *12/15/2003* (erroneously). I believe the actual date was 11/15/2003.

1. You have expressed the retirement date of January 10. 2004 is agreeable.

2. Upon our receipt of the signed Release on or before January 10, 2004, you will receive
   separation pay with only normal legal deductions applied. 401(k), SRP and FSA will not be
   deducted.

3. We are unable to approve your request for a lump-sum payout of your SRP funds due to your
   previous election of a 10-year distribution of those funds.

4. We are unable to approve your request to continue to pay MSP premiums for the balance of
   Fiscal Year 2004. I will, however, add the paragraph you have requested which secures your
   SRP and MSP accounts from the business dealings which may have the potential to
   negatively impact either of those accounts.

5. Upon our receipt of the signed Release, I will provide a Letter of Termination so you may
   participate in the benefit plans provided by your spouse's employer.

6. At any time over the course of the next month, you may provide a retirement article to me
   which I will submit to the Editor in Chief of the WINNing Spirit.

7. You have expressed the employment reference or inquiry wording is agreeable.

8. You have expressed the "unemployment" wording is agreeable.

9. Upon our receipt of your signed Release, we will engage the outplacement assistance of the Lee Hecht Harrison firm. Contact information and an explanation of services will be provided at that time.

10. Thank you for your openness to consulting with me on human resources matters. I will definitely keep your offer in mind.

The new deadline for the return of the signed document is January 10, 2004. Please accept my apologies for the delayed response. The MSP and SRP requests required more research and input than previously expected.

Enclosed you will find two copies of the third revision of the Release document for your review.

Sincerely,

Dedra

Enclosures



October 31, 2003

Mr. J. Adrian Barrow
PO Box 350423
Jacksonville, FL 32235

Dear Mr. Barrow:

This letter is to confirm the amount of the vested benefit that will be due as a result of your participation in the Winn-Dixie Stores, Inc.. Management Security Plan (MSP). As you are aware, the MSP program will provide 75% of your vested benefit paid in monthly installments for 120 consecutive months; the remaining 25% of your vested benefit will be paid at the time of your death to your designated beneficiary

According to our records, your vested benefit with the Winn-Dixie Stores, Inc., Management Security Plan is $ 237.218  Upon attainment of your 65th birthday, Winn-Dixie Stores, Inc. will direct payment in the amount of  $177.913, which equates to 75% of your vested balance.  This portion of your vested balance will be paid over a 120 month period at the rate of $1,482.61 and will be payable to Mr. Jeffrey Adrian Barrow at PO Box 350423, Jacksonville, FL 32235.  At the time of your death, Winn-Dixie Stores, Inc will pay the remaining 25% of your vested balance, which equates to $59,304, to your beneficiary.

Please review the accuracy of the information below which was used in calculating your MSP benefit.

| Date of Entry | 6/30/85 |
|---|---|
| Date of Birth | 1/6/49 |
| Age at Entry | 36 |
| Plan Termination Date | 6/30/03 |
| Retirement Benefits at Age 65 | $382.184 |
| Vested Amount | 18/29 |
| Deferred Termination Benefit | $237.218 |

*Represents number of whole years from entry to retirement divided by number of whole years from entry to Age 65*

You should keep this letter as part of your valuable documents.  If you have any further questions please do not hesitate to call Michelle Milne at (904) 783-5249.

Best regards,

Dean Dell Antonia
Vice President
Performance & Reward Systems

Winn-Dixie Claims Docketing Center
C/o Logan & Company, Inc.
546 Valley Road
Upper Montclair, New Jersey 07043

July 25, 2005

Dear Sir:

The enclosed is being re-filed as a secured claim with the attached supporting
documentation. This replaces my original claim filed per your date stamp of July 11,
2005.

Jeffery A. Barrow

| Payee | Class | Claim ID | TIN | Status Dt | Allowed Amount | Stock |
|---|---|---|---|---|---|---|
| **Status: Paid/Completed** | | | | | | |
| BARR, THOMAS D | 15-WAC | 2992 | | 12/21/2006 | 30,374.20 | 1,177.00 |
| BARR, THOMAS D | 15-WAC | 4621 | | 12/21/2006 | 39,940.00 | 1,548.00 |
| BARRETT, WILLIE | 15-WAC | 5527 | | 12/21/2006 | 15,201.00 | 589.00 |
| BARROW, JEFFERY A | 15-WAC | 7339 | | 12/21/2006 | 89,234.00 | 3,458.00 |
| BARROW, JEFFERY A | 15-WAC | 7349 | | 12/21/2006 | 173,306.53 | 6,716.00 |
| BARTON, JOEL B | 15-WAC | 4519 | | 12/21/2006 | 19,284.00 | 747.00 |
| BASS, R E | 15-WAC | 5350 | | 12/21/2006 | 21,701.00 | 841.00 |
| BATES, CLINTON F | 15-WAC | 4829 | | 12/21/2006 | 124,888.00 | 4,839.00 |
| BATES, JOHN | 15-WAC | 7136 | | 12/21/2006 | 17,656.00 | 684.00 |
| BAUMGARDNER, LAWRENCE W | 15-WAC | 60048 | | 12/21/2006 | 73,404.00 | 2,844.00 |
| BAUMGARDNER, LAWRENCE W | 15-WAC | 60152 | | 12/21/2006 | 8,588.10 | 333.00 |
| BAXLEY, WILLIAM R | 15-WAC | 13086 | | 12/21/2006 | 29,165.00 | 1,130.00 |
| BAXTER, BRUCE | 15-WAC | 12185 | | 1/3/2007 | 236,271.00 | 9,156.00 |
| BAXTER, BRUCE | 15-WAC | 12187 | | 1/3/2007 | 9,458.14 | 367.00 |
| BAZEMORE, B R | 15-WAC | 10783 | | 12/21/2006 | 82,861.00 | 3,211.00 |
| BAZEMORE, B R | 15-WAC | 10784 | | 12/21/2006 | 43,964.85 | 1,704.00 |
| BECK, LARRY A | 15-WAC | 9311 | | 12/21/2006 | 79,075.00 | 3,064.00 |
| BEGLEY, STEVEN C | 15-WAC | 11367 | | 1/18/2007 | 13,114.00 | 508.00 |
| BEGNAUD, NOLAN B | 15-WAC | 3398 | | 12/21/2006 | 13,580.95 | 526.00 |
| BENNETT, JAMES A | 15-WAC | 9327 | | 12/21/2006 | 90,146.00 | 3,493.00 |
| BENSON, MARILYN JEAN | 15-WAC | 6425 | | 12/21/2006 | 20,603.00 | 798.00 |
| BERGSTROM, GEORGE | 15-WAC | 11117 | | 12/21/2006 | 34,786.00 | 1,348.00 |
| BETROS, GEORGE E | 15-WAC | 12044 | | 12/21/2006 | 49,358.00 | 1,913.00 |
| BEVERLAND, J E | 15-WAC | 6247 | | 12/21/2006 | 65,347.00 | 2,532.00 |
| BEVILLE, ROBERT L | 15-WAC | 6512 | | 12/21/2006 | 4,686.00 | 182.00 |
| BIDDULPH, SCOTT L | 15-WAC | 3444 | | 12/21/2006 | 48,144.61 | 1,866.00 |
| BIGGS, WILLIAM L JR | 15-WAC | 4535 | | 12/21/2006 | 124,510.00 | 4,825.00 |
| BIZZELL, STEPHEN K | 15-WAC | 5853 | | 12/21/2006 | 38,061.00 | 1,475.00 |
| BLACKMON, DENNIS L | 15-WAC | 11943 | | 12/21/2006 | 75,348.00 | 2,920.00 |

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT | Chapter 11 | DEADLINE FOR FILING PROOFS OF |
|---|---|---|
| **MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION** | **PROOF OF CLAIM** | CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
| **Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered** | | |

| Name of Debtor Against Which You Assert Your Claim: |
|---|
| Debtor Name  Winn Dixie Stores, Inc.     Case No  05-03817 |
| (See List of Names and Case Numbers on Reverse Side) |

**EXHIBIT #4**

Date: 7/5/08 TH

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property): |
|---|
| W DX-403591- B8-94 |
| Barrow, Jeffery A |
| PO Box 350423 |
| Jacksonville, Fl 32235 |

904-571-4696
Telephone No of Creditor

904-928-0579
Fax No of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

DEBTOR WINN - DIXIE STORES, INC
U S BANKRUPTCY COURT M D -FLORIDA
JOINTLY ADMINISTERED UNDER
CASE  05-03817 (3F1)
CHAPTER 11

**CLAIM NO.: 7349**

| B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if) ☐ replaces address above ☐ additional address |
|---|
| Name _____ |
| Company/Firm _____ |
| Address _____ |

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claim against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS. If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

| Account or Other Number by Which Creditor Identifies Debtor | Check here if this claim ☐ replaces  ☐ amends  a previously filed claim, dated. |
|---|---|

| 1 Basis for Claim | | |
|---|---|---|
| ☐ Goods sold to debtor(s) | ☐ Taxes | ☐ Retiree benefits as defined in 11 U S C § 1114(a) |
| ☐ Services performed for debtor(s) | ☐ Severance agreement | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Goods purchased from debtor(s) | ☐ Refund | Last four digits of SSN _____ |
| ☐ Money loaned | ☐ Real property lease | Unpaid compensation for services performed from |
| ☐ Personal injury/property damage | ☐ Personal property lease | _____ to _____ |
| ☒ Other  SRP | ☐ Other contract | (date)       (date) |

| 2. Date debt was incurred. | 3. If claim is based on a Court Judgment, date obtained. |
|---|---|

| 4. Total Amount of Claim at Time Case Filed |
|---|
| $_____  $ 227,244.34   $_____   $ 227,244.34 |
| (unsecured)     (secured)     (priority)     (Total) |

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges

| 5. Secured Claim. | 7. Unsecured Priority Claim. |
|---|---|
| ☒ Check this box if your claim is secured by collateral (including a right of setoff) | ☐ Check this box if you have an unsecured priority claim |
| Brief description of Collateral  Attached Documents; | Amount entitled to priority $_____ |
| ☐ Real Estate ☐ Motor Vehicle ☒ Other Release Agreement + letter from Dedra Dogan, VP Corporate + Field HR | Specify the priority of the claim. |
| | ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507 (a) (3) |
| Value of Collateral $ 227,244.34 | ☐ Contributions to an employee benefit plan – 11 U S C § 507 (a) (4) |
| Amount of arrearage and other charges at time case filed included in secured claim, if any $_____ | ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a) (6) |
| | ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507 (a) (7) |
| 6. Unsecured Nonpriority Claim $_____ | ☐ Taxes or penalties owed to governmental units – 11 U S C § 507 (a) (8) |
| ☐ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority | ☐ Other – Specify applicable paragraph of 11 U S C § 507 (a) ( ) |
| | *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment |

| 8. Credits  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim | This Space Is For Court Use Only |
|---|---|
| 9 Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain If the documents are voluminous, attach a summary | |
| 10. Date-Stamped Copy  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice: | |
|---|---|---|
| 7-25-05 | Print  Jeffery A. Barrow     Title _____ | |
| | Signature  [signature] | |

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

# Logan
### & COMPANY, INC.
bankruptcy administration specialists

546 Valley Road
Upper Montclair, NJ 07043
www.loganandco.com

973.509.3190 Ph
973.509.3191 Fx

# SUPPORTING
# DOCUMENTATION
# NOT
# IMAGED
# DUE
# TO
# PRIVACY
# CONCERNS

## Logan & Company, Inc.
## Claims and Noticing Agent

## RELEASE

This document sets forth certain understandings and agreements reached by and between J. Adrian Barrow acting on his own behalf (hereinafter referred to as "Associate" or "J. Adrian Barrow"), and WINN-DIXIE STORES, INC., including its affiliated companies. its officers, directors, agents, attorneys and employees (hereinafter referred to as "WINN-DIXIE").

Under the terms set forth in this Agreement, the Associate's position has been eliminated and his WINN-DIXIE employment will be terminated as of January 10. 2004. In consideration of an amicable end to their employment relationship, WINN-DIXIE. agrees to do the following upon the execution of this Release, some of which J. Adrian Barrow agrees WINN-DIXIE is not otherwise required to do.



1.  Continue to pay Associate's current monthly salary until January 9, 2004. The salary payment for January will be prorated.

2.  Pay J. Adrian Barrow in a lump sum the equivalent of 26 weeks of pay in the total amount of $52,266 00 less legal and authorized deductions. No deductions will be made for 401(k). SRP or FSA.

3.  At any time WINN-DIXIE is contacted by an employer or prospective employer of J. Adrian Barrow concerning him, WINN-DIXIE will only verify dates of employment and last position held.

4.  WINN-DIXIE will not contest the application for any and all unemployment benefits he may be entitled to in accordance with applicable state unemployment laws and regulations.

5.  WINN-DIXE will pay Lee Hecht Harrison to provide J Adrian Barrow outplacement support through his participation in the Career Transition Seminar Program.

6.  WINN-DIXIE will allow J. Adrian Barrow to draft a retirement article to be published in *The WINNing Spirit* employee periodical.

7.  If WINN-DIXIE is currently engaged in or subsequently becomes engaged in any business dealings which might negatively impact the SRP and MSP accounts of J. Adrian Barrow, said funds will be specifically excluded from the business dealings.

In consideration for the foregoing special arrangements and other valuable consideration received from WINN-DIXIE, full receipt of which is hereby acknowledged and full acquittance and discharge therefor given, J. Adrian Barrow agrees to the following:

1.  I, J. Adrian Barrow, on behalf of myself and any and all of my heirs, executors, legal representatives, agents and assigns, hereby release WINN-DIXIE and its related corporations and their officers, directors, shareholders, agents, employees, parents, subsidiaries, affiliates, successors, and assigns from any and all claims arising under the Age Discrimination in Employment Act of 1967, as amended, 29



U.S.C. Sec. 621-634, including any claims for liquidated damages, back pay, employment related benefits, costs and attorney's fees, and any and all claims which I may be entitled to.

2.  I hereby promise not to file, or authorize any other individual, agency, or private or governmental entity to file on my behalf, any state or federal lawsuit or any state, federal or municipal administrative charge or complaint against WINN-DIXIE and hereby waive and release any and all claims, rights, and causes of action, in law or equity of any kind, whatsoever, which I or my heirs, executors, administrators, assigns or other legal representatives have or may have against WINN-DIXIE at this time or which are based on any past acts or omissions of WINN-DIXIE, including, but not limited to, those arising out of my employment with or separation from WINN-DIXIE, including, but not limited to those claims, rights, and causes of action based on any federal, state or local law, statute, ordinance, administrative regulation, public policy or Executive Order, such as the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Sec. 201-209; the Civil Rights Act of 1991; the Civil Rights Act of 1964, as amended, 42. U.S.C. Sec. 2000e-2000e-17; the Civil Rights Act of 1866, as amended, 42 U.S.C. Sec. 1981; the Civil Rights Act of 1871, as amended, 42 U.S.C. Sec. 1983, 1985; Executive Order 11246; the Rehabilitation Act of 1973, as amended, 29 U.S.C. Sec. 701-796i; the National Labor Relations Act, as amended, 29 U.S.C. Sec. 141-187; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Sec. 621-634; the Americans With Disabilities Act of 1990, 42 U.S.C. Sec. 12111 et seq.; The Employee Retirement Income Security Act, 29 U.S.C. Sec. 1001 et seq.; the Florida Civil Rights Act of 1992, Sec. 760.10-.11; Florida Statutes Secs. 112.3187, 440.205 and 448.102; or any other state or federal constitutional claim, right, public policy or cause of action founded in tort, contract, or other common law cause of action including, but not limited to, actions based on misrepresentation, defamation, invasion of privacy, interference with prospective economic advantage, interference with contractual relations, or negligence.

3.  I understand and agree that the consideration given to me in exchange for the promises set forth in this Release shall not be construed as an admission by WINN-DIXIE of any liability or unlawful conduct whatsoever, but rather, I acknowledge that WINN-DIXIE gave such consideration solely for the purpose of avoiding the costs and uncertainties of litigation.

4.  I agree not to disclose, discuss or reveal to any person not a party to this Release, other than to my spouse, accountant, tax advisors, attorneys, or other persons necessary to comply with the law, the terms of this Release, specifically including the amount of remuneration, and to refrain from disclosing, either directly or indirectly, any information whatsoever regarding this Release, or any other information or documentation, or knowledge of the same, relating to WINN-DIXIE, to any person or organization, including but not limited to, members of the communications media or press, any newspaper, magazine, television station, radio station, cable company, or any other institution associated with the print or



electronic media. In the absence of a duly assigned subpoena and notice thereof to WINN-DIXIE, I should not communicate directly or indirectly with any current, former or future employee of WINN-DIXIE, persons doing business with WINN-DIXIE, or other members of the public regarding the terms and conditions of this Release, or any other information or documentation, or knowledge of the same, relating to WINN-DIXIE. If at any time after the execution of this Release it is established that I have violated the terms of this Release, WINN-DIXIE shall have the right to seek appropriate relief, including, but not limited to, a permanent injunction restraining me from further violations, recovery of the amount of consideration paid with this Release, and reasonable attorney fees. I further agree not to make false, disparaging or derogatory remarks or statements about the Company, its shareholders, directors, officers, employees, agents, or representatives during the remainder of my employment or following my termination.

5. I agree that I shall not at any time disclose to any person or party, directly or indirectly, any of the secret or confidential information of WINN-DIXIE. Such information includes, but is not limited to, the existence and terms of this Release, the names and addresses of all customers, suppliers and vendors, the processes, know-how, trade secrets, business information, and all other similar and related information of WINN-DIXIE. I further agree that without prior written consent of WINN-DIXIE, I shall not alone, or in any capacity, with any other person or entity, directly or indirectly, solicit for employment, employ or attempt to employ an employee of WINN-DIXIE or any of its subsidiaries. The covenants contained in this paragraph shall be effective for a period of one (1) year following my termination. If any such covenant is breached, WINN-DIXIE shall have any and all legal remedies as may be available to it, and WINN-DIXIE shall be entitled to an immediate injunction from a court of competent jurisdiction to prevent the continuation of the breach without further having to show damage. Further, in the event of a breach of the covenants contained in this paragraph, I agree that I shall repay to WINN-DIXIE all the sums paid by WINN-DIXIE pursuant to this Release. Repayment shall be made by me to WINN-DIXIE within 30 days after the date of written notice from WINN-DIXIE to me that such repayment is due.

6. I understand and acknowledge that this Release shall be governed by and construed in accordance with the laws of the State of Florida. In the event that any provision of this Release is invalidated or found to be unenforceable by a court of competent jurisdiction, all of the remaining provisions of the Release shall continue unabated and in full force and effect.

7. I fully understand the contents and the effect of this Release. I have been advised to consult with an attorney regarding the terms and provisions of this Release. Also, I fully understand I have been offered at least 21 days from the date of this agreement, or until January 10, 2004, within which to consider the Release, although I may accept it at any time within those 21 days. By signing this Release, I accept

each and all of the terms, provisions, and conditions of this Release, and do so voluntarily and with full knowledge and understanding of its contents, nature and effect.

8. Further, I understand that this agreement will not become effective until the eighth (8th) day following the date on which I sign this Release and no payments shall be due, owing, or paid by WINN-DIXIE unless and until this Release becomes effective. I understand that I have an additional seven (7) calendar days after executing this Release within which to revoke my acceptance. To revoke, I must send WINN-DIXIE a written statement of revocation by Certified Mail, Return Receipt Requested.

IN WITNESS WHEREOF, I have signed this Release in duplicates of like tenure and effect, and in doing so have executed this Release on this _____ day of _____, 2003/2004 (Please circle the appropriate year).

WITNESS

WITNESS

CAUTION: READ BEFORE SIGNING

J. Adrian Barrow



## the real deal

DEDRA DOGAN
*VP Corporate & Field Human Resources*

December 15, 2003

Mr. J. Adrian Barrow
P.O. Box 350423
Jacksonville, FL 32235-0423

Dear Adrian:

The following information is provided as a supplement to my verbal response to your memorandum dated *12/15/2003* (erroneously). I believe the actual date was 11/15/2003.

1. You have expressed the retirement date of January 10, 2004 is agreeable.

2. Upon our receipt of the signed Release on or before January 10, 2004, you will receive separation pay with only normal legal deductions applied. 401(k), SRP and FSA will not be deducted.

3. We are unable to approve your request for a lump-sum payout of your SRP funds due to your previous election of a 10-year distribution of those funds.

4. We are unable to approve your request to continue to pay MSP premiums for the balance of Fiscal Year 2004. I will, however, add the paragraph you have requested which secures your SRP and MSP accounts from the business dealings which may have the potential to negatively impact either of those accounts.

5. Upon our receipt of the signed Release, I will provide a Letter of Termination so you may participate in the benefit plans provided by your spouse's employer.

6. At any time over the course of the next month, you may provide a retirement article to me which I will submit to the Editor in Chief of the WINNing Spirit.

7. You have expressed the employment reference or inquiry wording is agreeable.

8. You have expressed the "unemployment" wording is agreeable.

WINN-DIXIE STORES, INC , 5050 EDGEWOOD COURT, P O  BOX B, JACKSONVILLE, FLORIDA 32203-0297, PHONE (904) 783-5000

WD 22-244

9. Upon our receipt of your signed Release, we will engage the outplacement assistance of the Lee Hecht Harrison firm. Contact information and an explanation of services will be provided at that time.

10. Thank you for your openness to consulting with me on human resources matters. I will definitely keep your offer in mind.

The new deadline for the return of the signed document is January 10, 2004. Please accept my apologies for the delayed response. The MSP and SRP requests required more research and input than previously expected.

Enclosed you will find two copies of the third revision of the Release document for your review.

Sincerely,

Dedra

Enclosures

Winn-Dixie Claims Docketing Center
C/o Logan & Company, Inc.
546 Valley Road
Upper Montclair, New Jersey 07043

July 25, 2005

Dear Sir:

The enclosed is being re-filed as a secured claim with the attached supporting
documentation. This replaces my original claim filed per your date stamp of July 11,
2005.

Jeffery A. Barrow

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

EXHIBIT
#5
Date: 2/5/00
TH

**NOTICE OF DEBTORS' OMNIBUS OBJECTION TO,**
**AND MOTION TO ADJUST AND CONFIRM AMOUNTS OF, (A) MANAGEMENT SECURITY**
**PLAN CLAIMS AND (B) SUPPLEMENTAL RETIREMENT PLAN CLAIMS, CONSISTENT**
**WITH JOINT PLAN OF REORGANIZATION**

---

**SEE ATTACHMENT FOR DETAIL AS TO**
**PROPOSED ADJUSTMENT AND ALLOWANCE OF YOUR MSP CLAIM**

---

TO:     HOLDERS OF CLAIMS UNDER THE MANAGEMENT SECURITY PLANS

1. PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed on October 17, 2006 their Omnibus Objection to, and Motion to Adjust and Confirm Amounts of, (a) Management Security Plan Claims and (b) Supplemental Retirement Plan Claims, Consistent with Joint of Reorganization (the "Objection") with the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

2. **The Objection requests that the Bankruptcy Court enter an order reducing, reclassifying, adjusting or disallowing, as applicable, and confirming the allowed amounts of, claims held by participants in the Debtors' management security plans (the "MSP Claims") and supplemental retirement plan (the "SRP Claims").** You may obtain a copy of the Objection by accessing http://www.loganandco.com, or making a request by telephone to (973) 509-3190 or e-mail to winninfo@loganandco.com.

3. This notice relates only to your MSP Claim. If you also hold an SRP Claim you will receive a separate notice relating to your SRP Claim. **The impact of the Objection on your MSP Claim is described on the Attachment.**

4. If the proof of claim you filed for your MSP Claim asserted a claim amount that exceeds the amount the Debtors believe is owed to you under the MSP, the Objection seeks to reduce the asserted claim amount to the Debtors' amount. If the proof of claim you filed asserted a secured, priority or multiple status for all or part of your MSP Claim, the Objection seeks to reclassify your MSP Claim to non-priority unsecured status. If you filed more than one proof of claim on account of your MSP Claim, the Objection seeks to disallow the additional proofs of claim, so that only one claim is counted. You may obtain a copy of the proof(s) of claim you filed by accessing http://www.loganandco.com, or making a request by telephone to (973) 509-3190 or e-mail to winninfo@loganandco.com.

5. In accordance with the terms of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Chapter 11 Plan"), the Objection also seeks to divide your MSP Claim between a Retirement Plan Claim to be treated in Class 15 (because it exceeds $3,000 in amount) and a MSP Death Benefit Claim to be treated in Class 2. As to your Retirement Plan Claim, the Objection seeks to correct a present value calculation error, the result of which will be to increase your Retirement Plan Claim by a small amount. If you received post-petition payments on account of your MSP Claim, the Objection seeks to reduce your Retirement Plan Claim by the present value of the aggregate post-petition payments made through October 31, 2006 on account of such claim or, if applicable, to reduce your MSP Death Benefit Claim, as applicable, by the gross amount of the post-petition payment made through October 31, 2006 on account of such claim.

6. **If the Objection is granted, you will have an Allowed Retirement Plan Claim and, if applicable, an Allowed MSP Death Benefit Claim as shown on the Attachment.**

7. If you do NOT oppose the Objection, and agree that your Retirement Plan Claim and, if applicable, your MSP Death Benefit Claim should be allowed as shown on the Attachment, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

8. If you DO oppose the Objection on any basis, then you MUST file <u>and</u> serve a written response to the Objection that is received on or before **4:00 p.m. Eastern Time on November 6, 2006** (the "Response Deadline"). The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.

9. Responses will be deemed timely filed <u>only if</u> the original response is <u>actually received</u> on or before the Response Deadline by the Bankruptcy Court via the Court's electronic filing procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202.

10. In addition, a copy of the response must be served on or before the Response Deadline on the Debtors' attorneys, by mail or delivery to Skadden, Arps, Slate, Meagher & Flom LLP, Attn: Rosalie Walker Gray, Four Times Square, New York, New York 10036, by e-mail to rgray@skadden.com, or by facsimile to (917) 777-3214.

11. A hearing will be held on **November 16, 2006** to consider the Objection. The hearing will be held at **1:00 p.m. Eastern Time** in the United States Bankruptcy Court for the Middle District of Florida at the United States Courthouse, 300 North Hogan St., 4th Floor, Jacksonville, Florida 32202. If you file a written response to the Objection, then you should plan to appear at the hearing. The Debtors, however, may agree to continue the Objection with respect to your claim(s). If the Debtors do agree to a continuance with respect to your claim(s), the hearing will be held at a later date. If the Debtors do not agree to a continuance with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

12. The Debtors reserve the right to object to your MSP Claim on other grounds or to any other proofs of claim you have filed at a later date. You will receive a separate notice of any additional objections the Debtors seek to assert and you will be given an opportunity to respond to those objections.

13. The Objection assumes that the provisions of the Chapter 11 Plan relating to the treatment of Retirement Plan Claims and MSP Death Benefit Claims are approved, that the Chapter 11 Plan is confirmed by order of the Court, and that the Chapter 11 Plan becomes effective in accordance with its terms. If any of the foregoing does not occur by the date of the hearing on this Objection, the Debtors reserve the right to amend or withdraw this Objection or to continue the hearing on the Objection to a later date.

14. **If you have any questions regarding the Objection, you may contact Linda Rodriguez, Director of Benefits at Winn-Dixie Stores, Inc., at (904) 783-5466 or lindarodriguez@winn-dixie.com, or Rosalie Gray, of Skadden, Arps, Slate, Meagher & Flom LLP, at (212) 735-3214 or rgray@skadden.com.**

15. **NOTICE:** Initial distributions on account of Retirement Plan Claims are expected to be made within 45 days after the Chapter 11 Plan becomes effective. In accordance with the provisions of the Chapter 11 Plan and applicable federal and state law, such distributions will be subject to tax withholding and reporting requirements. You will receive information at a later date as to how the withholding requirement may be satisfied with respect to your Allowed Retirement Plan Claim.

Dated: October 17, 2006

SKADDEN, ARPS, SLATE, MEAGHER                SMITH HULSEY & BUSEY
& FLOM, LLP

By      /s/ D. J. Baker                      By      /s/ James H. Post
        D. J. Baker                                  Stephen D. Busey
        Sally McDonald Henry                         James H. Post
        Rosalie Walker Gray                          Cynthia C. Jackson
        Jane M. Leamy                                Florida Bar Number 175460
Four Times Square                            225 Water Street, Suite 1800
New York, New York 10036                     Jacksonville, Florida 32202
(212) 735-3000                               (904) 359-7700
(917) 777-2150 (facsimile)                   (904) 359-7708 (facsimile)
djbaker@skadden.com                          jpost@smithhulsey.com

## EXPLANATION FOR ATTACHMENT

**MSP Claim to be Adjusted:** This identifies the proof of claim to be allowed after the requested adjustments are made.

**MSP Claim Amount Determined by Debtors as of 2/21/2005:** The total of the entries for Retirement Plan Claim (Present Value) and MSP Death Benefit Claim (Present Value) is the amount that the Debtors included on the individualized proof of claim form provided to the claimant. That amount, plus the Correction to Present Value Calculation, is the aggregate present value amount that the Debtors believe to be owed to the claimant under the MSP. Although the MSP Death Benefit Claim is stated in a present value dollar amount for this purpose, because the Chapter 11 Plan provides for it to be paid as a lump sum at the time of death, it is stated in gross dollars for allowance purposes below.

**Adjusted MSP Claim Amount to be Allowed:** The Corrected Retirement Plan Claim (Present Value) less the Post-Petition Payments (Present Value) equals the Allowed Retirement Plan Claim, which is the proposed allowed amount of the Retirement Plan Claim to be treated as an unsecured claim under Class 15 of the Chapter 11 Plan. The MSP Death Benefit Claim (Gross) less the Post-Petition Payments (Gross) equals the Allowed MSP Death Benefit Claim, which is the proposed allowed amount of the MSP Death Benefit Claim to be treated under Class 2 of the Chapter 11 Plan.

**MSP Claim(s) to be Disallowed:** This identifies any additional proofs of claim that will be disallowed.

**Attachment**

**Name:  Barrow, Jeffrey A.**

<u>**MSP CLAIM**</u>

<u>**MSP Claim to be Adjusted:**</u>

| Claim No. | Asserted Amount | Asserted Status |
|---|---|---|
| 7339 | $237,218.00 | Secured |

**MSP Claim Amount Determined by Debtors as of 2/21/2005:**

| | | |
|---|---|---|
| &mdash; Retirement Plan Claim (Present Value): | $89,072.00 | |
| Plus Correction to Present Value Calculation: | $162.00 | |
| &mdash; MSP Death Benefit Claim (Present Value): | $16,033.00 | (Gross Dollars Below) |

**MSP Claim Amount as Adjusted and Allowed:**

| | | |
|---|---|---|
| Corrected Retirement Plan Claim (Present Value): | $89,234.00 | |
| Less Post-Petition Payments (Present Value): | ($0.00) | |
| **Allowed Retirement Plan Claim:** | **$89,234.00** | **Unsecured; Plan Class 15** |
| | | |
| MSP Death Benefit Claim (Gross): | $59,304.00 | |
| Less Post-Petition Payments (Gross): | ($0.00) | |
| **Allowed MSP Death Benefit Claim:** | **$59,304.00** | **Unsecured; Plan Class 2** |

<u>**MSP Claim(s) to be Disallowed:**</u>

| Claim No. | Asserted Amount | Asserted Status |
|---|---|---|
| NONE | | |

2-1525

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION



EXHIBIT
#6
Date 5/06
TH

In re:                                    )    Case No. 05-03817-3F1
                                          )
WINN-DIXIE STORES, INC., et al.,          )    *Chapter 11*
                                          )
Debtors.                                  )    Jointly Administered
                                          )

NOTICE OF DEBTORS' OMNIBUS OBJECTION TO,
AND MOTION TO ADJUST AND CONFIRM AMOUNTS OF, (A) MANAGEMENT SECURITY
PLAN CLAIMS AND (B) SUPPLEMENTAL RETIREMENT PLAN CLAIMS, CONSISTENT
WITH JOINT PLAN OF REORGANIZATION

---

**SEE ATTACHMENT FOR DETAIL AS TO
PROPOSED ADJUSTMENT AND ALLOWANCE OF YOUR SRP CLAIM**

---

TO:    HOLDERS OF CLAIMS UNDER THE SUPPLEMENTAL RETIREMENT PLAN

1.  PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed on October 17, 2006 their Omnibus Objection to, and Motion to Adjust and Confirm Amounts of, (a) Management Security Plan Claims and (b) Supplemental Retirement Plan Claims, Consistent with Joint of Reorganization (the "Objection") with the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

2.  **The Objection requests that the Bankruptcy Court enter an order reducing, reclassifying, adjusting or disallowing, as applicable, and confirming the allowed amounts of, claims held by participants in the Debtors' management security plans (the "MSP Claims") and supplemental retirement plan (the "SRP Claims").** You may obtain a copy of the Objection by accessing http://www.loganandco.com, or making a request by telephone to (973) 509-3190 or e-mail to winninfo@loganandco.com.

3.  This notice relates only to your SRP Claim. If you also hold an MSP Claim you will receive a separate notice relating to your MSP Claim. **The impact of the Objection on your SRP Claim is described on the Attachment.**

4.  If the proof of claim you filed for your SRP Claim asserted a claim amount that exceeds the amount the Debtors believe is owed to you under the SRP, the Objection seeks to reduce the asserted claim amount to the Debtors' amount. If the proof of claim you filed asserted a secured, priority or multiple status for all or part of your SRP Claim, the Objection seeks to reclassify your SRP Claim to non-priority unsecured status. If you filed more than one proof of claim on account of your SRP Claim, the Objection seeks to disallow the additional proofs of claim, so that only one claim is counted. In addition, if you received post-petition payments on account of your SRP Claim, the Objection seeks to reduce your SRP Claim by the aggregate post-petition payments made through October 31, 2006 on account of such claim. You may obtain a copy of the proof of claim you filed by accessing

http://www.loganandco.com, or making a request by telephone to (973) 509-3190 or e-mail to winninfo@loganandco.com.

5. Finally, the Objection seeks to confirm the Allowed amount and status of your SRP Claim for purposes of treatment under the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Chapter 11 Plan"). Because your SRP Claim exceeds $3,000 in amount, your SRP Claim is a Retirement Plan Claim under the Chapter 11 Plan, to be treated in Class 15.

**6. If the Objection is granted, you will have an Allowed Retirement Plan Claim as shown on the Attachment.**

7. If you do NOT oppose the Objection, and agree that your Retirement Plan Claim should be allowed as shown on the Attachment, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

8. If you DO oppose the Objection on any basis, then you MUST file <u>and</u> serve a written response to the Objection that is received on or before **4:00 p.m. Eastern Time on November 6, 2006** (the "Response Deadline"). The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.

9. Responses will be deemed timely filed <u>only if</u> the original response is <u>actually received</u> on or before the Response Deadline by the Bankruptcy Court via the Court's electronic filing procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202.

10. In addition, a copy of the response must be served on or before the Response Deadline on the Debtors' attorneys, by mail or delivery to Skadden, Arps, Slate, Meagher & Flom LLP, Attn: Rosalie Walker Gray, Four Times Square, New York, New York 10036, by e-mail to rgray@skadden.com, or by facsimile to (917) 777-3214.

11. A hearing will be held on **November 16, 2006** to consider the Objection. The hearing will be held at **1:00 p.m. Eastern Time** in the United States Bankruptcy Court for the Middle District of Florida at the United States Courthouse, 300 North Hogan St., 4th Floor, Jacksonville, Florida 32202. If you file a written response to the Objection, then you should plan to appear at the hearing. The Debtors, however, may agree to continue the Objection with respect to your claim(s). If the Debtors do agree to a continuance with respect to your claim(s), the hearing will be held at a later date. If the Debtors do not agree to a continuance with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

12. The Debtors reserve the right to object to your SRP Claim on other grounds or to any other proofs of claim you have filed at a later date. You will receive a separate notice of any additional objections the Debtors seek to assert and you will be given an opportunity to respond to those objections.

13. The Objection assumes that the provisions of the Chapter 11 Plan relating to the treatment of Retirement Plan Claims are approved, that the Chapter 11 Plan is confirmed by order of the Court, and that the Chapter 11 Plan becomes effective in accordance with its terms. If any of the foregoing does not occur by the date of the hearing on this Objection, the Debtors reserve the right to amend or withdraw this Objection or to continue the hearing on the Objection to a later date.

14. **If you have any questions regarding the Objection, you may contact Linda Rodriguez, Director of Benefits at Winn-Dixie Stores, Inc., at (904) 783-5466 or lindarodriguez@winn-**

dixie.com, or Rosalie Gray, of Skadden, Arps, Slate, Meagher & Flom LLP, at (212) 735-3214 or rgray@skadden.com.

     15.  **NOTICE**: Initial distributions on account of Retirement Plan Claims are expected to be made within 45 days after the Chapter 11 Plan becomes effective. In accordance with the provisions of the Chapter 11 Plan and applicable federal and state law, such distributions will be subject to tax withholding and reporting requirements. You will receive information at a later date as to how the withholding requirement may be satisfied with respect to your Allowed Retirement Plan Claim.

Dated: October 17, 2006

SKADDEN, ARPS, SLATE, MEAGHER               SMITH HULSEY & BUSEY
& FLOM, LLP

By    */s/ D. J. Baker*                  By    */s/ James H. Post*
        D. J. Baker                              Stephen D. Busey
        Sally McDonald Henry                James H. Post
        Rosalie Walker Gray                  Cynthia C. Jackson
        Jane M. Leamy                      Florida Bar Number 175460
Four Times Square                         225 Water Street, Suite 1800
New York, New York 10036             Jacksonville, Florida 32202
(212) 735-3000                           (904) 359-7700
(917) 777-2150 (facsimile)             (904) 359-7708 (facsimile)
djbaker@skadden.com                jpost@smithhulsey.com

## EXPLANATION FOR ATTACHMENT

**SRP Claim to be Adjusted:** This identifies the proof of claim to be allowed after the requested adjustments are made.

**SRP Claim Amount Determined by Debtors as of 2/21/2005:** This is the amount that the Debtors included on the individualized proof of claim form provided to the claimant.

**SRP Claim as Adjusted and Allowed:** The Retirement Plan Claim less the Post-Petition Payments equals the Allowed Retirement Plan Claim, which is the proposed allowed amount of the Retirement Plan Claim to be treated as an unsecured claim under Class 15 of the Chapter 11 Plan.

**SRP Claim(s) to be Disallowed:** This identifies any additional proofs of claim that will be disallowed.

Exhibit B – SRP Claimants

Name:  BARROW, JEFFERY A

SRP CLAIM

SRP Claim to be Adjusted and Allowed:

| Claim No. | Asserted Amount | Asserted Status |
|---|---|---|
| 7349 | $227,244.34 | Secured |

SRP Claim Amount Determined by Debtors as of 2/21/2005:

| | | |
|---|---|---|
| Retirement Plan Claim | $227,244.34 | |
| Less Post-Petition Payments: | ($53,937.81) | |
| Allowed Retirement Plan Claim: | $173,306.53 | Unsecured; Plan Class 15 |

1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION



EXHIBIT
# 7
Date: 2/5/08
TH

In re:                                )        Case No. 05-03817-3F1
                                       )
WINN-DIXIE STORES, INC., et al.,       )        *Chapter 11*
                                       )
Debtors.                               )        Jointly Administered
                                       )

**NOTICE OF ENTRY OF ORDER REDUCING, RECLASSIFYING, ADJUSTING OR DISALLOWING,
AS APPLICABLE, AND CONFIRMING ALLOWED AMOUNTS OF, (A) MANAGEMENT
SECURITY PLAN CLAIMS AND (B) SUPPLEMENTAL RETIREMENT PLAN CLAIMS**

Claimant ID: WDX-403591-H1
BARROW, JEFFERY A
PO BOX 350423
JACKSONVILLE FL 32235-0423

| AS A RESULT OF THE ENTRY OF THE ORDER, YOU HAVE THE FOLLOWING ALLOWED CLAIMS: | | |
|---|---|---|
| **Claim No.: 7339** | **MSP – Class 2 – Death Benefit** Claim Amount: $59,304.00 | **MSP Class 15 – Retirement Plan** Claim Amount: $89,234.00 |

TO:    HOLDERS OF ALLOWED CLAIMS UNDER MSP AND/OR SRP

PLEASE TAKE NOTICE THAT:

On November 16, 2006, the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court") entered an Order Reducing, Reclassifying, Adjusting or Disallowing, as Applicable, and Confirming Allowed Amounts of, (a) Management Security Plan Claims and (b) Supplemental Retirement Plan Claims (the "Order").

The Order resulted from the Debtors' Omnibus Objection to, and Motion to Adjust and Confirm Amounts of, (a) Management Security Plan Claims and (b) Supplemental Retirement Plan Claims, Consistent with Joint of Reorganization, dated October 17, 2006, (the "Objection").

You may obtain a copy of the Order by accessing http://www.loganandco.com, or making a request by telephone to (973) 509-3190 or e-mail to winninfo@loganandco.com.

As a result of the entry of the Order, you have Allowed Claim(s) under the Management Security Plan and/or the Supplemental Retirement Plan as shown above. Your Allowed Claim(s) will be treated in accordance with the terms of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors.

Dated: November 17, 2006

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By   /s/ Rosalie Walker Gray
        Rosalie Walker Gray
Four Times Square
New York, New York 10036
(212) 735-3214
(917) 777-3214 (facsimile)
rgray@skadden.com

SMITH HULSEY & BUSEY

By   /s/ James H. Post
James H. Post
225 Water Street, Suite 1800
Jacksonville, Florida 32202
904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Claimant ID: WDX-403591-H1
BARROW, JEFFERY A
PO BOX 350423
JACKSONVILLE FL 32235-0423

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

> EXHIBIT
> #8
> Date: 2/5/08
> TH

NOTICE OF ENTRY OF ORDER REDUCING, RECLASSIFYING, ADJUSTING OR DISALLOWING,
AS APPLICABLE, AND CONFIRMING ALLOWED AMOUNTS OF, (A) MANAGEMENT
SECURITY PLAN CLAIMS AND (B) SUPPLEMENTAL RETIREMENT PLAN CLAIMS

Claimant ID: WDX-403591-H1
BARROW, JEFFERY A
PO BOX 350423
JACKSONVILLE  FL  32235-0423

| AS A RESULT OF THE ENTRY OF THE ORDER, YOU HAVE THE FOLLOWING ALLOWED CLAIMS: | |
|---|---|
| **Claim No.:  7349** | **SRP - Class 15 Retirement Plan**<br>**Claim Amount: $173,306.53** |

TO:   HOLDERS OF ALLOWED CLAIMS UNDER MSP AND/OR SRP

PLEASE TAKE NOTICE THAT:

On November 16, 2006, the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court") entered an Order Reducing, Reclassifying, Adjusting or Disallowing, as Applicable, and Confirming Allowed Amounts of, (a) Management Security Plan Claims and (b) Supplemental Retirement Plan Claims (the "Order").

The Order resulted from the Debtors' Omnibus Objection to, and Motion to Adjust and Confirm Amounts of, (a) Management Security Plan Claims and (b) Supplemental Retirement Plan Claims, Consistent with Joint of Reorganization, dated October 17, 2006, (the "Objection").

You may obtain a copy of the Order by accessing http://www.loganandco.com, or making a request by telephone to (973) 509-3190 or e-mail to winninfo@loganandco.com.

As a result of the entry of the Order, you have Allowed Claim(s) under the Management Security Plan and/or the Supplemental Retirement Plan as shown above. Your Allowed Claim(s) will be treated in accordance with the terms of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors.

Dated: November 17, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP

By     /s/ Rosalie Walker Gray
       Rosalie Walker Gray
Four Times Square
New York, New York 10036
(212) 735-3214
(917) 777-3214 (facsimile)
rgray@skadden.com

SMITH HULSEY & BUSEY

By     /s/ James H. Post
James H. Post
225 Water Street, Suite 1800
Jacksonville, Florida 32202
904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Claimant ID: WDX-403591-H1
BARROW, JEFFERY A
PO BOX 350423
JACKSONVILLE FL 32235-0423

# WACHOVIA SECURITIES

JEFFERY A BARROW

## Investment Performance Review

**Investment Performance Review**

## Performance Inception Date: 12/20/2006

### Since Inception Dollar-Weighted IRR:    -9.78 %

### 2006 Activity Summary

| | |
|---|---|
| Opening Balance as of 12/20/2006 | $151,592.60 |
| Appreciation | -$13,387.84 |
| Net Withdrawals/Adjustment | -$39,031.71 *Duncan's solo FDC notes* |
| Closing Balance as of 12/31/2006 | $99,173.05 |

### Investment Performance Information

2006 Investment Performance as of 12/31/2006    -9.780%

### Notes

Investment Performance is the rate of return on your investments, stated as a percent, calculated by the dollar-weighted method. The dollar-weighted return reflects the amounts invested, the number of days those amounts are in the account and the results of the investments during the specified period. It represents what happened to your investments after you have paid the commissions on transactions and fees associated with your investment decisions, and takes into account the impact of any additions, withdrawals or adjustments. It is the rate of return that an initial investment and any subsequent contributions generate in order to equal the portfolio's ending value. Also known as an internal rate of return, the dollar-weighted calculation gives more weighting to returns in periods with higher portfolio values.

As an investor, you should focus on an investment plan that is tailored to your objectives. Measuring progress against that plan is the most important indicator; the dollar-weighted return is one means of doing that. Dollar-weighted performance takes into consideration not only the underlying return of the investments, but also how much was invested at various times. You cannot compare a dollar-weighted return directly to market indices because the components and the impact of cash flows affect your account's value and are likely to be different from those that make up a certain index.

Your opening and closing balance may differ from the Account Statement if your portfolio included annuities, certain types of direct investments, mutual funds held outside the firm, precious metals, coins, bullion or any assets held in tax-withholding status. It may also include accrued income which is interest that has been earned on investments, but not yet paid into the account.

The 2006 Activity Summary represents summary information covering the period for which the Investment Performance Review was calculated. The start date is either January 1, 2006 or the date your account was opened. The ending date is December 31, 2006. Depending on when your account was opened and other factors, your Investment Performance Review may include calendar year returns for up to five years.

Please contact your Financial Advisor if you have additional questions. He or she is your best source for information about your investments and the Investment Performance Review.

Returns greater than one year are annualized.

### INFORMATION PROVIDED AS COURTESY ONLY - NOT FURNISHED TO THE IRS

25,277

EXHIBIT

DMPQ
Date: 7/14/08

JEFFERY A BARROW

**Realized Gain/Loss**

Sub / Branch / Rep / Account No
001 / PFL9 / WD1C / 89219994

As of Date: 2/09/07

Page 10 of 13

25,274

## Realized Gain/Loss Detail for Year

### Short Term

| Description | Quantity | Original Price | Date Acquired | Close Date | Proceeds | Cost/Adjusted Cost | Gain/Loss |
|---|---|---|---|---|---|---|---|
| WINN-DIXIE STORES INC | 3,036.0000 | 0.0000 | 12/20/06 | 12/21/06 | 41,846.31 | 0.00 | 0.00 |
| Total - Short Term | | | | | $41,846.31 | $0.00 | $0.00 |

*WACHOVIA SOLD FOR TAXES ON DISTRIBUTION* (handwritten)

INFORMATION PROVIDED AS COURTESY ONLY - NOT FURNISHED TO THE IRS

25,163

# WACHOVIA SECURITIES

CONFIRMATION

DATED 02/02/07

**Account Number** 8921-9994
YOUR FINANCIAL ADVISOR
ARTHUR DOBOSIEWCZ

904-396-6797 / 800-342-0689



023349

JEFFERY A BARROW
P O BOX 350423
JACKSONVILLE FL  32235

| SOLD | | QUANTITY | PRICE | PRINCIPAL |
|------|---|----------|-------|-----------|
| WINN-DIXIE STORES INC | | 3,500.00000 | 14.44000 | 50,540.00 |

| SYMBOL | WINN | ACCOUNT TYPE | CASH | CHARGE/COMMISSION | 104.95 |
|--------|------|--------------|------|-------------------|--------|
| SECURITY NUMBER | 3843-404 | TRADE DATE | 02/02/07 | OTHER FEE* | 1.56 |
| CUSIP | 974280-30-7 | SETTLEMENT DATE | 02/07/07 | | |
| UNSOLICITED | | | | **NET AMOUNT** | **$50,433.49** |
| | | | | | *SEE ITEM 16 ON PAGE 2 |

MARKET OVER THE COUNTER
TRADE INFORMATION: PREFERRED RATE APPLIED.

| SOLD | | QUANTITY | PRICE | PRINCIPAL |
|------|---|----------|-------|-----------|
| WINN-DIXIE STORES INC | | 3,638.00000 | 14.44000 | 52,532.72 |

| SYMBOL | WINN | ACCOUNT TYPE | CASH | CHARGE/COMMISSION | 109.10 |
|--------|------|--------------|------|-------------------|--------|
| SECURITY NUMBER | 3843-404 | TRADE DATE | 02/02/07 | OTHER FEE* | 1.62 |
| CUSIP | 974280-30-7 | SETTLEMENT DATE | 02/07/07 | | |
| UNSOLICITED | | | | **NET AMOUNT** | **$52,422.00** |
| | | | | | *SEE ITEM 16 ON PAGE 2 |

MARKET OVER THE COUNTER
TRADE INFORMATION: PREFERRED RATE APPLIED.

Account carried by First Clearing, LLC, member New York Stock Exchange, SIPC. Securities and insurance products:

| Not Insured by FDIC or Any Federal Government Agency | May Lose Value | Not a Deposit of or Guaranteed by a Bank or Any Bank Affiliate |

FOR ADDRESS CORRECTION AND PAYMENT DUE INSTRUCTIONS PLEASE REFER TO CONTACT INFORMATION ON PAGE 2 OF THIS CONFIRMATION

001 PFL9 WD1C

25,164

## TERMS OF AGREEMENT
This transaction(s) is subject to the following terms and conditions as well as the terms of any agreements entered into between you (the client) and Wachovia Securities, LLC and its affiliates, including First Clearing, LLC.

1. All transactions are subject to the rules and customs of the market or exchange and its clearing house, if any, where such transactions are executed and where appropriate, of the National Association of Securities Dealers, Inc.
2. This transaction(s) is confirmed with the understanding that securities purchased are to be paid for and securities sold are to be delivered.
3. Report any errors associated with this confirmation immediately. Failure to notify Wachovia Securities in writing within ten (10) calendar days of receipt of this confirmation constitutes your acceptance of the transaction. Please retain this confirmation for tax purposes.
4. Remittance of funds or securities for this transaction is due on or before settlement date. If payment for securities purchased, or delivery of securities sold, is not received on or before the date required by Regulation T of the Federal Reserve Board, we may cancel the transaction and/or sell the securities purchased, or buy in the securities sold, and you will be liable for any resulting loss and not entitled to any resulting gain.
5. Unless and until all obligations are discharged, we may lend or pledge any securities in your account to others until the amount you have borrowed, plus interest, has been repaid.
6. The time of this transaction, the name of the buyer or seller, and the source and amount of any commission or fee will be furnished upon written request.
7. We receive compensation for directing orders to particular broker-dealers or market centers for execution. The source and amount of any compensation will be furnished upon written request.
8. An amount may have been added to the price on purchases or deducted on sales of odd-lot orders. The amount of any odd lot differential will be provided upon request.
9. If the transaction involves callable securities, the call feature could affect yield. Additional information will be provided upon request.
10. All trades are subject to applicable tax withholding and reporting obligations.
11. This confirmation shall be construed in accordance with the laws of the Commonwealth of Virginia.
12. We may from time to time have a long or short position and buy or sell the securities transacted.
13. Open unfilled orders will be canceled before the opening of the next business day following the 180th day from date entered. Buy orders, sell stop orders and sell stop limit orders are reduced in price by the amount of the dividend on the day a security sells ex-dividend unless WS is specifically instructed otherwise. Sell orders, buy stop orders and buy stop limit orders are not reduced in price when a security sells ex-dividend.
14. Transactions may have been effected through an affiliated market maker which may have acted as principal, have a long or short position in this security, and/or have a profit or loss in connection with this transaction.
15. Unless noted as principal WS acted as agent. For open end Mutual Fund transactions WS may act as agent for your account through an arrangement directly with the fund company.
16. Other Fee reflects the amount First Clearing, LLC collects in order to defray certain regulatory transaction fees.
17. You may obtain information concerning the transaction price of a debt security at www.nasdbondinfo.com. If this information is available for the security on the site, it is provided at no charge to you for your non-commercial use only.
18. Some securities may have variable coupon rates. Additional information related to calculations of the corporate debt security's interest and principal payments is available upon written request. Request must be made not later than six months from the date of settlement.
19. A disclosure document discussing your rights as a bond holder and some of the risks related to buying and holding bonds titled "Important Information You Need to Know About Investing in Corporate Bonds" has been prepared by NASD and is available on line at www.nasd.com. A paper version of this document is available from your broker upon your written request made not later than six months from the date of settlement.
20. All new issue sales transactions are completed pursuant to Registration Statement or where a Prospectus is otherwise required.
21. Investing in a closed-end fund involves unique risks outlined in the prospectus under the heading "Risk Factors". These securities are not suitable for all investors and should not be purchased on the basis of yield alone. The market price of these securities may decline. Dividend yields are not guaranteed and may be reduced, which may negatively impact the price of the security. Price changes may be amplified by portfolio leverage.

All Investments are subject to fluctuation in principal value resulting from market or interest rate changes.

Please write your account number on the face of your check or correspondence and forward to WACHOVIA SECURITIES LLC P.O. BOX 45049 JACKSONVILLE FL 32232. When remittances/securities are due, they must be received by us at the address above on or before the payment/settlement date. Please make all checks payable to First Clearing, LLC.

If you have moved or plan to move, please notify the office serving your account of your new address.

Accounts carried by First Clearing, LLC, member New York Stock Exchange and SIPC, P.O. Box 6600, Glen Allen, VA 23058-6600, 1-800-727-0304.

Common Abbreviations:

| | | | |
|---|---|---|---|
| ADJ | Adjustable | G/O UNLTD | General Obligation Unlimited Tax |
| AMT | Alternative Minimum Tax | GTD | Guaranteed |
| B/E | Book Entry | OID | Original Issue Discount |
| B/Q | Bank Qualified | OY | Original Yield |
| CPN | Coupon | REG | Registered |
| DTD | Dated Due | REV | Revenue Bond |
| FC | First Coupon | RFDG | Refunding |
| G/O LTD | General Obligation Limited Tax | VAR | Variable |

**JEFFERY A BARROW**

Sub / Branch   / Rep   / Account No.
001 / PFL9   / WD1C / 8921-9994

January 1 - January 31, 2007

## Stocks and Options

### Stocks

| Description | Symbol | Quantity | Price or Adj. Cost | Cost or Other Basis | Current Price | Current Market Value | Unrealized Gain/Loss | Est. Ann. Income | Est. Ann. Yield (%) |
|---|---|---|---|---|---|---|---|---|---|
| WINN-DIXIE STORES INC Acquired 12/20/06 | WINN | 7,138 | N/A## | N/A | 13.6100 | 97,148.18 | N/A | N/A | N/A |
| **Total Stocks** | | | | **N/A** | | **$97,148.18** | **$0.00** | | |
| **Total Stocks and Options** | | | | **N/A** | | **$97,148.18** | **$0.00** | | |

## Cost information for one or more securities is not available. If you have cost information and would like to see it on future statements, contact Your Financial Advisor.

## Open End Mutual Funds

Estimated annual income and yield refer to dividends and interest income only, and typically do not reflect total return.

| Description | Symbol | Quantity | Price or Adj. Cost | Cost or Other Basis | Current Price | Current Market Value | Unrealized Gain/Loss | Est. Ann. Income | Est. Ann. Yield (%) |
|---|---|---|---|---|---|---|---|---|---|
| VANGUARD MONEY MARKET RSVS INC-PRIME PORTFOLIO Acquired 12/28/06 Dividend reinvestment | VMMXX | 2,800 1.18000 | 1.00 1.00 | 2,806.00 1.18 | 1.0000 | 2,800.00 1.18 | - 6.00 0.00 | 145.94 | 5.21 |
| **Total** | | 2,801.18000 | | **$2,807.18** | 1.0000 | **$2,801.18** | **- $6.00** | **$145.94** | **5.21** |
| **Total Open End Mutual Funds** | | | | **$2,807.18** | | **$2,801.18** | **- $6.00** | **$145.94** | **5.21** |

20.920



# WACHOVIA SECURITIES

**JEFFERY A BARROW**

ACCOUNT STATEMENT

| Sub / Branch / Rep / Account No. |
| 001 / PFL9 / WD1c / 8921-9994 |

February 1 - February 28, 2007

## Cash Sweep Activity continued

| Date | Transaction | Description | Amount |
|---|---|---|---|
| 02/07 | TRANSFER TO | BANK DEPOSIT SWEEP | 102,855.49 |
| 02/28 | REINVEST INT | OPTION | 46.50 |
| | | BANK DEPOSIT SWEEP | |
| 02/28 | | OPTION | |
| | | ENDING BALANCE | 102,912.12 |

## Realized Gain/Loss

The information in this section is provided for courtesy purposes only, and is not verified or guaranteed to be correct by First Clearing, LLC. Please contact your tax advisor to determine the tax consequences of your securities transactions. Federal tax form reporting requirements and prior year changes that occur after December 31 will create differences between the information presented here and what appears on your Form 1099-B.

The following section displays security positions that were closed through transactions such as sales, buys-to-close, redemptions, etc. If we had the acquisition and close dates, as well as the cost and proceeds amounts, the realized gain/loss will be displayed.

Please note that the realized gain/loss information presented here does not incorporate amounts or situations that you may use to adjust basis when completing your tax forms. securities

- Cost basis for fixed income tax lots has been amortized (for securities purchased at a premium) or accreted (for securities purchased at a discount), when possible, for applicable
- Partial return of principal or capital payments may not adjust original cost basis information
- Marked-to-market information is not available or provided
- Capital gain distributions from mutual funds are reported on Form 1099-DIV
- Sales of worthless securities whose proceeds are less than $0.01 will show no gain or loss :
- Lots closed due to transfers or journals will not be reflected in this section

## Realized Gain/Loss Summary

| | This Period Gain | This Period Loss | This Period Net | Year to Date Gain | Year to Date Loss | Year to Date Net |
|---|---|---|---|---|---|---|
| Short-term | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Long-term | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Realized Gain/Loss** | $ 0.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $0.00 |

17/755

# JEFFERY A BARROW

Sub / Branch / Rep / Account No.
001 / PFL9 / WD1C / 8921-9994

February 1 - February 28, 2007

## Realized Gain/Loss continued

### Short-term

| Description | Quantity | Date Acquired | Close Date | Proceeds | Acquisition Cost | Gain/Loss |
|---|---|---|---|---|---|---|
| WINN-DIXIE STORES INC | 3,500.0000 | 12/20/06 | 02/02/07 | 50,433.49 | 0.00 | 0.00 |
| WINN-DIXIE STORES INC | 3,638.0000 | 12/20/06 | 02/02/07 | 52,422.00 | 0.00 | 0.00 |
| Total Short-term | | | | 102,855.49 | 0.00 | $0.00 |

Thank you for allowing Wachovia Securities, LLC to serve you. If you have any questions regarding your account or this statement, please contact your Financial Advisor.

***THIS PAGE IS INTENTIONALLY LEFT BLANK***

25,278

# WACHOVIA SECURITIES

Sub / Branch / Rep / Account No
001 / PFL9 / WD1C / 89219994

**Realized Gain/Loss**

As of Date: 2/09/07

Page 9 of 13

25,273

JEFFERY A BARROW

## Realized Gain/Loss

This information is not reported to the IRS. If you receive an Amended form, this section will be included in that package; however, the information contained within the Realized Gain/Loss Summary will be the same as what is displayed in this original package.

The information in this section is provided for courtesy purposes only, and is not verified or guaranteed to be correct by First Clearing, LLC. Please contact your tax advisor to determine the tax consequences of your securities transactions. Federal tax form reporting requirements and prior year changes that occur after December 31 will create differences between the information presented here and what appears on your Form 1099-B.

The following section - WHICH IS NOT REPORTED TO THE IRS AND IS "AS OF" DECEMBER 31 - displays security positions that were closed through transactions such as sales, buys-to-close, redemptions, etc. If, at year-end, we had the acquisition and close dates, as well as the cost and proceeds amounts, the realized gain/loss will be displayed. If any of those pieces of information are missing, realized gain/loss will not be displayed. An amendment of this statement to reflect changes made to the realized gain/loss information after December 31 cannot be provided.

Please note that the realized gain/loss information presented here does not incorporate amounts or situations that you may use to adjust basis when completing your tax forms.
*Cost basis for fixed income tax lots has been amortized (for securities purchased at a premium) or accreted (for securities purchased at a discount), for applicable securities
The Original Price represents the unadjusted price of the security. The Original Price can be used to calculate the unadjusted original cost for these securities.
*Partial return of principal or capital payments may not adjust original cost basis information
*Marked-to-market information is not available or provided
*Capital gain distributions from mutual funds are reported on Form 1099-DIV
*Sales of worthless securities whose proceeds are less than $0.01 will show no gain or loss
*Lots closed due to transfers or journals will not be reflected in this section

For securities that were purchased at an Original Issue Discount (OID), only those positions whose cost basis has been adjusted will reflect the impacts of the OID accruals on the original cost basis. The original issue discount amount reported on your Form 1099-OID is not adjusted for market discount, acquisition premium or bond premium. Therefore, the amortization and accretion adjustments used on this statement may not be consistent with the Form 1099-OID amount because the reporting requirements on the Form 1099-OID are different.

### Realized Gain/Loss Summary as of 12/31/2006

| | Year to Date Gain | Year to Date Loss | Year to Date Net |
|---|---|---|---|
| Short-term | 0.00 | 0.00 | 0.00 |
| Long-term | 0.00 | 0.00 | 0.00 |
| **Total - Realized Gain/Loss** | **$0.00** | **$0.00** | **$0.00** |

INFORMATION PROVIDED AS COURTESY ONLY - NOT FURNISHED TO THE IRS

YTI63041 021489 04116319183  YNNNN NNNNN NNNNNN 000005

# WACHOVIA SECURITIES

JEFFERY A BARROW

| Sub / Branch | / Rep | / Account No. |
|---|---|---|
| 001 / PFL9 | / WD1C | / 8921-9994 |

## Portfolio Assets

This section includes estimated or unrealized gains or losses for your information only and should not be used for tax purposes. If acquisition information is not available, the gain/loss information may not be displayed and section and summary totals may not reflect your complete portfolio. Cost basis information provided by the account owner is not verified by First Clearing, LLC and should not be relied upon for legal or tax purposes. Factored bonds (GNMA, CMO, etc.) will be adjusted for paydown of principal. Systematic investments in mutual funds and reinvested dividends for mutual funds and stocks have been consolidated for each position. Unit cost data for systematic investments and dividend reinvestment securities is provided for informational purposes only and is a non-weighted average. To update your cost information or provide omitted cost information, contact Your Financial Advisor.

*Estimated Current Yield on Money Market funds, when available, reflects the current estimated yield for the Interest Period dates displayed. Estimated Annual Income, when available, reflects the estimated amount you would earn on a security if your current position and its related income remained constant for a year. Estimated Annual Yield, when available, reflects the current estimated annual income divided by the current value of the security as of the statement closing date. The information used to derive these estimates is obtained from various outside vendors; FCC is not responsible for incorrect or missing estimated annual income and yields.

## Bank Deposit Sweep Option

The Bank Deposit Sweep Option consists of monies held in an interest-bearing deposit account at Wachovia Bank, N.A. These assets are not held in your securities brokerage account and therefore not covered by SIPC. Such monies are eligible for FDIC insurance, up to $100,000 per depositor ($250,000 for IRA accounts) in accordance with FDIC rules. If you have questions about your sweep option, including rates, please contact Your Financial Advisor.

| Description | | Current Market Value | Estimated Annual Income | Annual Percentage Yield Earned* |
|---|---|---|---|---|
| BANK DEPOSIT SWEEP | | | | |
| CASH/ION | | 10.13 | 0.09 | 0.94 |
| Interest Period 01/01/07 - 01/31/07 | | | | |
| **Total Bank Deposit Sweep Option** | | **$10.13** | | |

APY measures the total amount of interest paid on an account based on the interest rate and the frequency of compounding. The annual percentage yield is expressed as an annualized rate, based on a 365- or 366-day year (as applicable).

Curious how your securities are performing? The "Unrealized Gain/Loss" column tells you how much stock has increased or decreased in value since you bought it (based on cost data supplied by you or by outside services, which may not be complete). Revisions to this information (because of corporate mergers, tenders, and other reorganizations, for example) may be necessary from time to time. To update your cost information or provide omitted costs, contact Your Financial Advisor.

Please note that the unrealized gain/loss information presented here does not incorporate amounts or situations that you may use to adjust basis
Cost basis for fixed income tax lots has been amortized (for securities purchased at a premium) or accreted (for securities purchased at a discount), when possible, for applicable securities
Partial return of principal or capital payments may not adjust original cost basis information
Marked-to-market information is not available or provided