UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                              CASE NO. 05-03817-3F1

**WINN DIXIE STORES, INC., et al,**                 Chapter 11

            Debtors.                                Jointly Administered
_____/

## <u>MOTION BY NANCY M. LEE TO ENLARGE TIME</u><br><u>TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM</u>

COMES NOW, the Applicant, **NANCY M. LEE** by and through her undersigned attorney, and, pursuant to Bankruptcy Rule 9006(b) moves the court for an order enlarging the time to file her application for administrative expense and would show:

1.  The Debtor filed Chapter 11 bankruptcy on February 21, 2005.

2.  On or about October 16, 2005, Applicant was injured in a Winn-Dixie store located at 1550 S. Highway 29, Cantonment, Florida.

3. Applicant never filed a claim, nor was she required to file a claim, because her injury occurred after the Debtor filed this bankruptcy.

4. Thereafter, Applicant retained Stephen Scott Stone of Whibbs, Rayboun & Stone, P.A. to represent her. On November 4, 2005, Mr. Stone notified Winn Dixie that he was representing Ms. Lee.

5.  By letter dated November 16, 2005, Sedgwick claims management acknowledged the representation of Nancy M. Lee by Mr. Stone.

6. On or about December 6, 2006, a notice was filed with the court notifying interested parties of the deadline to file an Application for Administrative Expense.

7.  This notice was not mailed or otherwise delivered to Nancy M. Lee or her attorney.

8.  On January 24, 2008, Mr. Stone sent a settlement proposal to Segwick.

9.  In a responsive letter dated February 26, 2008, Sedgwick first notified Mr. Stone of the deadline to file an Application for Administrative Expense.

10.  The Affidavit of Stephen Scott Stone setting forth additional detail is attached

1

hereto.

11.   Because Applicant's claim was filed through Sedgwick prior to the deadline and the Debtor was aware of Applicant's claim, the Debtor will suffer no prejudice by the granting of this Motion for Extension of Time.

WHEREFORE, the Applicant prays the Court to enter an order extending the time for her to file an Application for Administrative Expense for her personal injury claim until the time said application was actually filed, that is until April 23, 2008.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded to all interested parties listed below on this the __**23**rd__ day of April, 2008.


__/s/ Edward P. Jackson_____
EDWARD P. JACKSON
Attorney for Debtors
255 N. Liberty Street, First Floor
Jacksonville, FL 32202
(904) 358-1952 VOICE
(904) 358-1288 FAX
Florida Bar #286648

James H. Post, Esq.
225 Water St., Suite 1800
Jacksonville, FL 32202

Kenneth C. Meeker, U.S. Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801

Matthew Barr, Esq.
One Chase Manhattan Plaza
New York, NY 10005

## United States Bankruptcy Court
## Middle District of Florida
## Jacksonville Division

In re:

Winn-Dixie Stores, et al.,

Reorganized Debtors.

* Case No.: 05-03817-3F1
*
* Chapter 11
*
*
* Jointly Administered

### AFFIDAVIT

1.

My name is Stephen Scott Stone.

2.

I am over eighteen years old and otherwise competent.

3.

I am an attorney at Whibbs, Rayboun & Stone, P.A. I represent Nancy M. Lee in a personal injury claim arising from an injury sustained October 16, 2005.

4.

On October 16, 2005, Nancy M. Lee alleges that she was shopping at the Winn-Dixie store located at 1550 S. Highway 29 in Cantonment, Florida. Ms. Lee slipped on water in front of the ice machine causing her to fall backward and land on her back. Due to the fall, Ms. Lee sustained injuries to her left knee, left arm and left shoulder. She was forced to seek medical care and was diagnosed with a rotator cuff tear which required surgery. Her medical bills total over $19,674.00. She continues to endure pain and suffering and will require future care and possibly an additional surgery because of the negligence of Winn-Dixie.

5.

On November 4, 2005, I sent a letter of representation to Winn-Dixie regarding the October 16, 2005 date of accident.

6.

Correspondence dated November 16, 2005, was sent in response from Sedgwick claims management services indicating acknowledgment of my representation. The letter further requests medical authorizations, medical bills, records, and an opportunity to take a statement from my client. No mention of bankruptcy was made in the correspondence.

7.

I sent a settlement proposal package on January 24, 2008, and in response I received a letter dated February 6, 2008, indicating that Winn-Dixie could not consider this claim as the time frame to file an administrative claim had expired. This is the first notification received that bankruptcy applied to the claim regarding Nancy Lee.

8.

The foregoing is within my personal, first hand knowledge.

Before me, a Notary Public in an for the above State, personally appeared S. Scott Stone and he acknowledged to me that he subscribed his name to the foregoing instrument as his free act and deed this ___18th___ day of April, 2008.

NOTARY PUBLIC

NOTARY PUBLIC-STATE OF FLORIDA
Sandra Lapata
Commission # DD489947
Expires: NOV. 13, 2009
Bonded Thru Atlantic Bonding Co., Inc.