UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                          CASE NO. **05-03817-3F1**

**WINN DIXIE STORES, INC., et al,**                 Chapter 11

        Debtors.                                            Jointly Administered
_____/

**APPLICATION FOR PAYMENT OF ADMINISTRATIVE CLAIM
FOR POST-PETITION PERSONAL INJURY**

Nancy M. Lee

Comes now Nancy M. Lee ("Applicant"), through the undersigned attorney, and seeks payment as an Administrative Claim for the Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order confirming the joint Plan of reorganization of Winn-Dixie stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this application, Applicant states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

**FACTUAL BACKGROUND**

2. Winn-Dixie Stores, Inc., et al. ("the Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition date").

1

3. After the Petition Date or on or about October 16, 2005, Applicant was injured in a Winn-Dixie store located at 1550 S. Highway 28, Cantonment, Florida. As a proximate result of the injury, Applicant has suffered severe damages totaling in excess of $100,000.00, which damages Applicant can support through medical records and other proof.

**APPLICANT'S CLAIM IS ENTITLED TO
ADMINISTRATIVE EXPENSE STATUS**

4. Section 503(b) of the bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…..". 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtors are entitled to administrative expense status. See, *Reading Co. v. Brown*, 391 U.S. 471,485 (post-petition fire damages resulting from trustee's negligence were entitled administrative expense status); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr. S.D. Fla. 1994).

5. In this instance, Applicant's claim arose as a result of the business operations of one or more of the debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim in excess of $100,000.00 is entitled to administrative expense status under 11 U.S.C. § 503(b), and applicant seeks the entry of an order awarding such status and directing payment of said administrative claim.

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an Order granting the relief requested herein and such other relief as it deems just and proper.

CERTIFICATE OF SERVICE

I hereby certify that all interested parties, listed below, have been served with a copy of this filing either electronically or via First Class U.S. Mail, postage prepaid this 23rd day of April, 2008.

    /s/ Edward P. Jackson
EDWARD P. JACKSON
Attorney for Applicant
Florida Bar No. 286648
255 N. Liberty Street
Jacksonville, Florida 32202
Telephone: (904) 358-1952
Facsimile: (904) 358-1288