IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN DIXIE STORES, INC., et al.,

Case No. 05-3817-3F1

Debtors

**JOINT MOTION OF VISAGENT CORPORATION,
VICTORY WHOLESALE GROCERS,
AND FOOD MARKETING GROUP, INC.
FOR CONSENT PROTECTIVE ORDER**

Pursuant to Bankruptcy Rule 7026(c) and Fed. R. Civ. P. 26(c), VICTORY WHOLESALE GROWERS ("VWG") and FOOD MARKETING GROUP ("FMG," and together with VWG, referred to as "Companies"), and VISAGENT CORPORATION ("Visagent"), hereby request that the Court enter the attached Protective Order for good cause shown as described below:

1. Visagent is engaged in a contested matter regarding a proof of claim with the Debtor in this bankruptcy case. Visagent served subpoenae on the Companies seeking production of confidential documents and business records.

2. The Company's business records constitute highly confidential trade secrets and other proprietary business information. The Companies are very protective of their confidential business information.

3. Visagent is a competitor of the Companies.

4. The grocery industry is highly competitive. The identity of suppliers and customers and business dealings between the Companies and their suppliers and customers contain confidential cost and rate and other commercially sensitive information that is normally protected as trade secrets and/or from unlimited disclosure. Accordingly, the parties ask that the

JACK_1247239.2

court enter to the enclosed order to "expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material deemed worthy of protection." In re Alexander Grant & Co. Litigation, 820 F.2d 352, 356 (11th Cir. 1987).

5. Accordingly, because compliance with this subpoena will necessarily involve the production of confidential documents and the parties have satisfied their burden under Rule 26(c) and have shown good cause for an order restricting access to sensitive information to encourage maximum participation in the discovery process, the parties request that the Court grant this motion and enter the attached Consent Protective Order.

## MEMORANDUM OF LAW

Bankruptcy Rule 7026(c), provides that the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Rule specifically authorizes the Court to condition discovery in a variety of ways, including:

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the Court.

Bankruptcy Rule 7026(c) gives the Court the authority to grant the requested relief. The "sole criterion for determining the validity of a protective order is the statutory requirement of 'good cause.'" In re Alexander Grant, 820 F.2d at 356. Good cause exists in this

case because the documents exchanged in discovery will be highly protected and confidential trade secret materials. The harm to Plaintiff in the grocery industry would be great if its competitors were allowed to discover the terms of its site agreements and related documents. Moreover, there is no less onerous alternative than fully protecting Plaintiff's confidential and proprietary information. The parties have worked diligently to arrive at the proposed Consent Protective Order so as to facilitate discovery and make it as efficient as possible. Rule 26(c) and the case of In re Alexander Grant contemplate the very type of protective order being submitted to the Court.

WHEREFORE, the parties request that the attached Consent Protective Order be entered, which will allow them to proceed with necessary discovery, and for such other and further relief as the Court deems necessary.

*Signatures follow on the next page.*

Dated this 30th day of April, 2008

Consented to by the following counsel
on behalf of themselves and their clients:

| **FOLEY & LARDNER LLP** | **RUBIN AND RUBIN** |
|---|---|
| /s/ Gardner Davis | /s/ Guy Bennett Rubin |
| Gardner Davis Florida Bar No. 0471712 | Guy Bennett Rubin |
| One Independent Drive, Suite 1300 | Florida Bar No. 691305 |
| Jacksonville, Florida 32202 | Gladys C. LaForge |
| P. O. Box 240 | Florida Bar No. _____ |
| Jacksonville, Florida 32201-0240 | P.O. Box 395 |
| Telephone: 904.359.8726 | Stuart, Florida 34995 |
| Facsimile: 904.359.8700 | (772) 283-2004 |
|  | (772) 283-2009 (Fax) |
| Attorneys for Victory Wholesale Grocers and Food Marketing Group, Inc. | Attorneys for Defendant |

## CERTIFICATE OF SERVICE

I CERTIFY that a copy hereof has been furnished, by United States First Class mail, postage prepaid, this 30 day of April, 2008, to:

[Smith, Hulsey & Busey]

Stephen Busey, Esq./David Gay, Esq.
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

/s/ Gardner Davis
Attorney

JACK_1247239.2        -4-