UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

STEPHEN HADLEY,

    Plaintiff,

v.

WINN-DIXIE STORES, INC., et al.,
d/b/a SAVE RITE GROCERY
WAREHOUSE, INC., a Florida
corporation,

    Defendants.
_____/

CASE NO.: 05-03817-3F1

Jointly Administered

## MOTION SEEKING RELIEF FROM THE AUTOMATIC STAY AGAINST THE DEBTORS

Movant, STEPHEN HADLEY, by and through the undersigned counsel, files this Motion Seeking Relief From the Automatic Stay Against the Debtors, and in support thereof represents as follows:

1. On August 31, 2003, Movant, STEPHEN HADLEY, was involved in an incident on the property of Debtors, WINN-DIXIE STORES, INC., d/b/a SAVE RITE GROCERY WAREHOUSE, INC., which has resulted in damages to Movant, STEPHEN HADLEY.

2. More specifically, the incident occurred at the Save Rite located at 1532 West Vine Street, Kissimmee, Osceola County, Florida.

3. The undersigned counsel was retained by Movant, STEPHEN HADLEY, to represent him for his personal injury incident on the property of Save Rite.

4. On September 12, 2003, the undersigned informed Debtors of the claim that Movant, STEPHEN HADLEY, sought against them.

5. Since that date, Movant and Debtors have been in negotiations regarding the settlement of this claim.

6. On February 21, 2005, Debtors filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court.

7. Pursuant to the requirements, Movant, STEPHEN HADLEY, filed a Proof of Claim on July 26, 2005, in the amount of $469,000.00, to Logan & Company. (See attached Exhibit "A")

8. On October 27, 2005, Movant, STEPHEN HADLEY, filed the Questionnaire for Litigation Claimants to Logan & Company. (See attached Exhibit "B")

9. Movant, STEPHEN HADLEY, has participated in the Claims Resolution Procedure in good faith, but since Winn-Dixie's settlement offer failed to adequately provide him compensation for his damages and unpaid medical expenses, which exceed One Hundred Thousand and 00/100 Dollars ($100,000.00), Winn-Dixie's offer was rejected at the September 13, 2006 mediation, and no such resolution has been reached.

10. Therefore, Movant, STEPHEN HADLEY, has fulfilled each and every requirement in order for the Automatic Stay to be lifted as set forth in the Court's Order approving Claims Resolution Procedures and he requests the Court enter the form Order, which was pre-approved for such use by this Court.

WHEREFORE, Movant, STEPHEN HADLEY, requests this Court to grant relief from the Automatic Stay to allow Movant, STEPHEN HADLEY, the right to file suit in order to obtain a judicial resolution of his claim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by regular U.S. mail/~~facsimile/hand delivery~~ this 28th day of April 2008 to James H. Post, Esquire, 1800 Wachovia Bank Tower, 255 Water Street, Jacksonville, FL 32202.

                         TODD E. COPELAND & ASSOCIATES, P.A.

                         TODD E. COPELAND
                         Florida Bar No.: 0964840
                         338 North Magnolia Avenue, Suite B
                         Orlando, Florida 32801
                         Telephone: (407) 999-8995
                         Facsimile: (407) 849-1806
                         Attorney for the Plaintiff