UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN DIXIE STORES, INC., et al.,                    Case No. 05-3817-3F1

Debtors

---

**CONSENT PROTECTIVE ORDER REGARDING
DOCUMENTS PRODUCED BY VICTORY WHOLESALE GROCERS
AND FOOD MARKETING GROUP TO
VISAGENT CORPORATION**

This case having come to be heard on the Joint Motion of Visagent Corporation, Victory Wholesale Grocers and Food Marketing Group, Inc. for Consent Protective Order and the Court, being fully advised of the premises, finds that, during the course of the contested matter relating to Visagent Corporation's disputed proof of claim, Visagent Corporation may seek and/or obtain discovery of information from Victory Wholesale Grocers and Food Marketing Group ("Companies") which the Companies believe to be confidential information, a trade secret, and/or confidential technical or commercial information. To facilitate the discovery in this action and otherwise protect such information:

It is hereby **ORDERED AND ADJUDGED** that the following shall control the handling of discovery of the Companies in connection with the Visagent Corporation contested proof of claim in this case:

1.      **Designation of Information.** As herein provided, the Companies may designate documents, objects, tangible things, interrogatory answers, answers to requests for admissions, and deposition testimony as "Confidential Information" following a good faith determination

-2-

that the information so designated is or may reveal confidential, commercially sensitive or proprietary matters.

2.      **Documents, Objects and Tangible Things.**  During the course of discovery in this contested matter, the Companies, when producing documents, objects or tangible things for inspection and copying in response to a request propounded by Visagent Corporation or another party, may designate all or any portion or portions thereof as:

a.  "Confidential Information" by placing the legend "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" on each page of the document, or by securely affixing the legend to the object or tangible thing, or as:

All documents, objects or tangible things, or any portions thereof, designated as "Confidential Information," and the information contained therein, shall be treated as hereinafter provided.

3.      **Disclosure of "Confidential Information."**  "Confidential Information" shall not be disclosed to anyone other than the attorneys of record in this action, and to the following other persons, and only for purposes of prosecuting or defending the Visagent contested proof of claim matter and only to the extent reasonably necessary to accomplish such purposes:

a.      the Court and its officers, court reporters, interpreters, and other Court personnel serving similar functions in the conduct of this action;

b.  those attorneys, paralegals and staff of the parties' attorneys and of the respective law firms of the attorneys who are engaged in the conduct of this matter, including attorneys who are not counsel of record and their employees who are employed in their law firms or on their legal staff;

c.  in-house counsel for the parties and those members of their staffs who are engaged in the conduct of this matter;

d.   third party experts or independent consultants, who are retained by a party or counsel for a party to assist in this action. If any such expert or consultant is involved in any business related to or that competes with that of the party proposing to disclose Confidential Information to the expert or consultant shall, prior to disclosing the Confidential Information, submit a statement to counsel for the opposing party(s) identifying the expert or consultants and describing the relevant employment and background of said expert or consultant. Unless counsel for the opposing party(s) shall notify counsel of its objection to any expert or consultant proposed hereunder, including the grounds for the objection, within ten (10) days after submission of the statement referred to above, counsel may disclose confidential materials to such person. In the event a party objects to an expert or consultant as provided in this paragraph, the party proposing the expert or consultant shall have the right, by noticed motion, to challenge the objection and thereby have the Court determine whether such expert or consultant may have access to confidential material and the proposed expert or consultant shall not receive any confidential material until such time that the Court so determines;

e.   the parties, and their key officers, directors and employees, who are actually responsible for controlling this case and actively engaged in the conduct of this matter, who shall be designated by the parties in writing not less than ten (10) days prior to disclosing Confidential Information to said person; and

f.   to deponents or trial witnesses to the extent reasonably necessary to give testimony relevant to the case, who shall be disclosed to the parties in writing not less than ten (10) days prior to the deposition or testimony.

4.    **Signature of Agreement and Consent to Protective Order.**  Any individual described in paragraphs 3(d), (e) and (f) must sign an affidavit in the form attached hereto as Exhibit A prior to receiving any documents, objects, tangible things, interrogatory answers, answers to requests for admissions or deposition testimony designated as "Confidential Information." Counsel of record for the party that has retained the [individual described in paragraphs 3(d), (e) and (f)] expert or consultant shall maintain the original of each affidavit signed pursuant to this paragraph, and, with respect to any individual that will be testifying as an expert witness, forward a copy of the affidavit to all other counsel of record within 10 days after the individual is identified as a testifying expert witness.

5.    **Pleadings, Depositions and Other Court Filings.**  The parties shall make good faith efforts not to refer to or describe "Confidential Information" in motions or other pleadings filed with this Court.  When a party, in good faith, determines that it is necessary to bring such "Confidential Information" to the attention of this Court in a motion or other pleading, then it shall file a motion seeking to disclose the "Confidential Information" to the Court in camera, under seal with the instructions to the Clerk of the Court or by such other means as the Court may deem appropriate.  Such motion may disclose the general nature, but shall not disclose the substance, of the "Confidential Information" at issue.

In the event that any item embodying "confidential" material is used in depositions, the reporter shall be instructed that, pursuant to this Protective Order, the depositions and "confidential" deposition exhibits, if retained by the reporter, shall be retained under seal, and if filed in Court, shall be filed under seal, as set forth above, and the reporter shall be further instructed not to furnish copies of any such material or disclose its contents to any persons other than counsel of record in this action.

6.    **Hearings and Trial.** If a party wishes to use "Confidential Information" at a hearing before this Court or at trial, it shall notify the Court and each of the other parties to this action of that fact at the time the hearing or trial commences. The "Confidential Information" shall be submitted to the Court in camera, or by such other means as the Court may request, and the Court may then take whatever steps it may deem necessary or appropriate to preserve the confidentiality of the said information during the course of the hearing or trial and thereafter.

7.    **Disclosure in Other Proceedings.** If Visagent Corporation or its officers, agents, consultants or attorneys are served with a subpoena or other process or discovery request, or is required to fulfill a disclosure obligation, that would require the production or disclosure, for some purpose other than this action, of any documents, objects, tangible things, interrogatory answers, answers to requests for admissions, or deposition testimony received by that party in this action and containing "Confidential Information," the receiving party shall notify the Companies in writing of such request as soon as practicable of the subpoena, process or discovery request, or disclosure obligation and include copies of all and any documents requesting such disclosure, and if the Companies so request, shall take reasonable steps to permit the Companies to oppose the subpoena, process, discovery request or disclosure obligation.

8.    **Termination of Litigation.** The contested matter relating to Visagent's proof of claim will be deemed to have terminated when all of the claims asserted by Visagent in the proof of claim have been settled and compromised, or have been finally disposed of by judicial action, and all possible appeals have been exhausted or the time for filing any further appeals has passed. Within thirty (30) days after the termination of this contested matter, Visagent Corporation shall return any and all documents, objects, tangible things, interrogatory answers,

answers to requests for admissions, and transcripts of deposition testimony containing, describing or memorializing "Confidential Information" to the Companies.

9.    **Modification of this Order.** This Order may be modified by this Court at any time for good cause shown, or pursuant to a written agreement by all persons and entities affected by the modification. The entry of this Order shall be without prejudice to the rights of any party to apply for modification of this Order for additional or different protection where such protection is deemed necessary.

10.    **Continuing Force and Effect of this Order.** The provisions of this Protective Order shall remain in full force and effect, and shall be binding after the termination of this action. The Court hereby specifically retains jurisdiction to enforce this Protective Order after this action has been terminated.

Dated this _12_ day of _May_, 2008 in Jacksonville, Florida.

**IT IS SO ORDERED.**

Jerry A. Funk, United States Bankruptcy Judge