UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No.: 05-03817-3F1 |
| | ) | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | ) | Jointly Administered |
| | ) | |

**AMENDED MOTION FOR AUTHORIZATION TO
DISPENSE WITH MEDIATION AND MOTION FOR STAY RELIEF**

    Litigation Claimant/Creditor, MARK WILSON (hereinafter known as "Wilson"), moves to dispense with the mediation requirements of this Court's Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Claims Resolution Order) entered September 1, 2005 (Docket No. 3326) and for Relief from the Automatic Stay, and says:

    1) Wilson has at all times attempted to comply with the Claims Resolution Order including timely completing a form Questionnaire required by the Claims Resolution Order. Debtor accepted the Questionnaire and negotiated informally with Wilson after that date.

    2) Wilson has also complied with all of the claims adjuster's request for documents supporting his personal injury claim. (See attached list of documents produced to the Debtor's representative and the dates of production – Attachment A). Wilson has incurred considerable expense and effort to comply with all of the Debtor's requests for documents, often having to resend documents previously provided and has signed all medical records release forms submitted by the Debtor.

    3) After many months of production and negotiations, Wilson demanded mediation and was advised that mediation could take place by the end of February, 2008. Wilson continued to provide medical records and updates on his injuries to the claims adjuster as requested.

4) The Debtor's litigation counsel has now requested that Wilson produce all of these records for a second time and asked for another set of medical authorizations for Wilson to send out to all of his healthcare providers. The Debtor refuses to attend mediation unless Wilson produces his records a second time.

5) Meanwhile, the Debtor refuses to provide any discovery or disclosure to Wilson. Wilson's claim involves a slip and fall accident at a Winn Dixie in Broward County, Florida, on August 4, 2004. The Debtor's delay will make it more difficult for Wilson to prosecute his case when stay relief is ultimately obtained.

6) Further, Wilson is permanently disabled and in significant pain and is in need of a recovery on this action as soon as possible. Wilson has been determined to be disabled by the Social Security Administration. (See Attachment B). Wilson is in constant and significant pain. Every day this case is delayed causes Wilson significant additional damage. Wilson's injuries also limit his ability to travel. A mediation session in Jacksonville would be a tremendous imposition on Mr. Wilson.

7) Wilson is also of the belief that there is not a reasonable chance this matter will settle at mediation. Wilson has produced documentation showing medical bills in excess of $200,000.00. Wilson has also documented liability in the case. The Debtor, however, has refused to make any good faith offer, and through conversations with the Debtor's representatives it appears extremely unlikely that this matter could settle at mediation.

8) Wilson requests the Court dispense with the mediation requirement of the Claims Resolution Order of September 1, 2005 and grant stay relief for Wilson to proceed in State Court to fix the amount of liability, but not to attempt any collection efforts.

9) Wilson understands that any claim amount fixed by a jury in the State Court action would

merely determine the amount of Wilson's claim to be paid pursuant to the terms of the confirmed Chapter 11 Plan.

WHEREFORE, Litigation Claimant/Creditor, MARK WILSON, respectfully requests the Court grant the relief requested above, and such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States Bankruptcy Court for the Middle District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A); and

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed electronically and served electronically and by mail to: D.Jan Baker, Skadden Arps Slate Meagher & Flom, LLP, Four Times Square, New York, New York 10036 Co-Counsel for Debtors, Stephen D. Busey, Smith Hulsey & Busey, 225 Water Street, Suite 1800 Jacksonville, Florida 32202 Co-Counsel for Debtors, Dennis Dunne, Counsel to the Creditor's Committee, Millbank, Tweed, Handley & McCloy, LLP, 1 Chase Manhatten Plaza, New York, NY 10005-1413, and 20 Largest Unsecured Creditors on this 13th day of May, 2008.

        DAVID W. LANGLEY
        Attorney for Mark Wilson
        8181 W. Broward Boulevard
        Suite 204
        Plantation, Florida 33324
        Telephone:    954-356-0450
        Facsimile:    954-356-0451
        E-mail: dave@flalawyer.com

By: __*s/David W. Langley*_____
      David W. Langley, Esq.
      Florida Bar Number 348279