SOCIAL SECURITY ADMINISTRATION
Office of Disability Adjudication and Review

DECISION

**IN THE CASE OF**

Mark Lloyd Wilson
(Claimant)

_____
(Wage Earner)

**CLAIM FOR**

Period of Disability, Disability Insurance Benefits, and Supplemental Security Income

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
(Social Security Number)

**JURISDICTION AND PROCEDURAL HISTORY**

On August 16, 2005, the claimant filed a Title II application for a period of disability and disability insurance benefits. The claimant also filed a Title XVI application for supplemental security income on August 16, 2005. In both applications, the claimant alleged disability beginning August 9, 2004. These claims were denied and are now before the undersigned Administrative Law Judge on a timely written request for hearing filed on April 27, 2006 (20 CFR 404.929 *et seq.* and 416.1429 *et seq.*). The claimant appeared and testified at a hearing held on September 15, 2006, in Ft. Lauderdale, Florida. The claimant is represented by Nora Staum, an attorney.

**ISSUES**

The issue is whether the claimant is disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

With respect to the claim for a period of disability and disability insurance benefits, there is an additional issue whether the insured status requirements of sections 216(i) and 223 of the Social Security Act are met. The claimant's earnings record shows that the claimant has acquired sufficient quarters of coverage to remain insured through December 31, 2009. Thus, the claimant must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits.

After careful review of the entire record, the undersigned finds that the claimant has been disabled from August 9, 2004 through the date of this decision. The undersigned also finds that the insured status requirements of the Social Security Act were met as of the date disability is established.

100244

See Next Page

"B"

Mark Lloyd Wilson (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)

## APPLICABLE LAW

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled (20 CFR 404.1520(a) and 416.920(a)). The steps are followed in order. If it is determined that the claimant is or is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

At step one, the undersigned must determine whether the claimant is engaging in substantial gainful activity (20 CFR 404.1520(b) and 416.920(b)). Substantial gainful activity (SGA) is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities (20 CFR 404.1572(a) and 416.972(a)). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized (20 CFR 404.1572(b) and 416.972(b)). Generally, if an individual has earnings from employment or self-employment above a specific level set out in the regulations, it is presumed that he has demonstrated the ability to engage in SGA (20 CFR 404.1574, 404.1575, 416.974, and 416.975). If an individual engages in SGA, he is not disabled regardless of how severe his physical or mental impairments are and regardless of his age, education, and work experience. If the individual is not engaging in SGA, the analysis proceeds to the second step.

At step two, the undersigned must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe" (20 CFR 404.1520(c) and 416.920(c)). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work (20 CFR 404.1521 and 416.921; Social Security Rulings (SSRs) 85-28, 96-3p, and 96-4p). If the claimant does not have a severe medically determinable impairment or combination of impairments, he is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

At step three, the undersigned must determine whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). If the claimant's impairment or combination of impairments meets or medically equals the criteria of a listing and meets the duration requirement (20 CFR 404.1509 and 416.909), the claimant is disabled. If it does not, the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the undersigned must first determine the claimant's residual functional capacity (20 CFR 404.1520(e) and 416.920(e)). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. In making this finding, the undersigned must consider all of the claimant's impairments, including impairments that are not severe (20 CFR 404.1520(e), 404.1545, 416.920(e), and 416.945; SSR 96-8p).

See Next Page

100245

Next, the undersigned must determine at step four whether the claimant has the residual functional capacity to perform the requirements of his past relevant work (20 CFR 404.1520(f) and 416.920(f)). The term past relevant work means work performed (either as the claimant actually performed it or as it is generally performed in the national economy) within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and have been SGA (20 CFR 404.1560(b), 404.1565, 416.960(b), and 416.965). If the claimant has the residual functional capacity to do his past relevant work, the claimant is not disabled. If the claimant is unable to do any past relevant work, the analysis proceeds to the fifth and last step.

At the last step of the sequential evaluation process (20 CFR 404.1520(g) and 416.920(g)), the undersigned must determine whether the claimant is able to do any other work considering his residual functional capacity, age, education, and work experience. If the claimant is able to do other work, he is not disabled. If the claimant is not able to do other work and meets the duration requirement, he is disabled. Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education, and work experience (20 CFR 404.1512(g), 404.1560(c), 416.912(g) and 416.960(c)).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

After careful consideration of the entire record, the undersigned makes the following findings:

1. **The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.**

2. **The claimant has not engaged in substantial gainful activity since August 9, 2004, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).**

3. **The claimant has the following severe impairments: lumbar radiculopathy, status post discectomy (20 CFR 404.1520(c) and 416.920(c)).**

The above impairments cause significant limitation in the claimant's ability to perform basic work activities.

4. **The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).**

5. **After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift ten pounds, stand and walk for two hours and sit for two hours in an eight-hour workday. He needs to be able to shift position at will from sitting, standing or walking. He cannot stoop or crouch.**

See Next Page

100246

In making this finding, the undersigned considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p and 96-6p.

The record reflects that the claimant slipped and fell on August 8, 2004 and subsequently experienced low back pain. During an examination on August 11, 2004, he had decreased range of motion of the lumbar spine with muscle tenderness and spasm (Exhibit 15F, page 18). MRI of the lumbar spine on August 30, 2004 showed disc protrusion (Exhibit 15F, page 13-14), and EMG/NCS showed findings consistent with lumbar radiculopathy (Exhibit 15F, page 9).

On June 14, 2005, the claimant underwent microlumbar discectomy (Exhibit 4F).

Roderick Santa Maria, M.D. examined the claimant on November 9, 2005 at the request of the state agency. The claimant reported pain in his back, right hip and right leg. On examination, lumbar range of motion was very minimal. He limped very heavily on the right and he walked with an American crutch. Dr. Santa Maria expressed the opinion that the claimant was disabled: "His gait is severely compromised, very slow, and I think he needs the crutch for assist, and I believe that he is disabled in that I do not believe that he can sit for long periods of time either" (Exhibit 6F). When he examined the claimant again on March 7, 2006, Dr. Santa Maria observed that the claimant walked using an American crutch which was "well-worn, indicating that he uses it consistently and not just at the time of this examination" (Exhibit 10F).

Todd Relkin, M.D., examined the claimant on June 16, 2006, approximately one year after his back surgery. The claimant continued to complain of severe back pain, radiating to the right leg (Exhibit 13F). Dr. Relkin performed an epidural steroid injection on July 12, 2006 (Exhibit 12F).

Dr. Relkin expressed the opinion that the claimant could sit for about two hours and stand/walk for about two hours in an eight-hour workday. He needs a job which permits shifting positions at will from sitting, standing or walking, and he will sometimes need to take unscheduled breaks during an eight-hour workday. He can lift and carry up to ten pounds, but he cannot stoop or crouch, according to Dr. Relkin (Exhibit 17F). The undersigned gives controlling weight to the opinion of Dr. Relkin.

After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, and that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are generally credible.

The State agency medical opinions are given little weight because evidence received at the hearing level shows that the claimant is more limited than determined by the State agency consultants. The Administrative Law Judge will give more weight to the opinion of Dr. Santa Maria, because he examined the claimant and the state agency medical consultants did not.

6. **The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).**

The claimant has past relevant work as a general manager of a restaurant and a real estate sales agent. The claimant cannot perform the prolonged standing and walking required in these occupations. Accordingly, the claimant is unable to perform past relevant work.

7. **The claimant was a younger individual age 18-44 on the date disability is established (20 CFR 404.1563 and 416.963).**

8. **The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).**

9. **The claimant's acquired job skills do not transfer to other occupations within the residual functional capacity defined above (20 CFR 404.1568 and 416.968).**

The claimant is unable to perform even sedentary work on a regular and continuing basis, that is, eight hours a day, five days a week.

10. **Considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).**

In determining whether a successful adjustment to other work can be made, the undersigned must consider the claimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If the claimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's specific vocational profile (SSR 83-11). When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decisionmaking unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations (SSRs 83-12 and 83-14). If the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decisionmaking (SSR 85-15).

If the claimant had the residual functional capacity to perform the full range of sedentary work, considering the claimant's age, education, and work experience, a finding of "not disabled" would be directed by Medical-Vocational Rule 201.28. However, the additional limitations so narrow the range of work the claimant might otherwise perform that a finding of "disabled" is appropriate under the framework of this rule. He cannot sit for prolonged periods; he needs to be able to shift positions; he needs to take unscheduled breaks; he cannot stoop or crouch.

11. **The claimant has been under a "disability," as defined in the Social Security Act, from August 9, 2004 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).**

See Next Page

100248

## DECISION

Based on the application for a period of disability and disability insurance benefits filed on August 16, 2005, the claimant has been disabled under sections 216(i) and 223(d) of the Social Security Act beginning on August 9, 2004.

Based on the application for supplemental security income filed on August 16, 2005, the claimant has been disabled under section 1614(a)(3)(A) of the Social Security Act beginning on August 9, 2004.

The component of the Social Security Administration responsible for authorizing supplemental security income will advise the claimant regarding the nondisability requirements for these payments, and if eligible, the amount and the months for which payment will be made.

_Wendy Hunn_
Wendy Hunn
Administrative Law Judge

Date  SEP 29 2006

100249

## LIST OF EXHIBITS

| Claimant: | Mark Lloyd Wilson | | SSN: | 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 |

| Ext No. | Part No. | Description | No. of Pages |
|---|---|---|---|

### PAYMENT DOCUMENTS/DECISIONS

### JURISDICITIONAL DOCUMENTS/NOTICES

### NON-DISABILITY DEVELOPMENT

100250

## LIST OF EXHIBITS

Claimant: **Mark Lloyd Wilson**    SSN: **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**

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| | | **MEDICAL RECORDS** | |
| 1 | F | Medical Records dated 2/10/05; 3/8/05; 3/14/05 and 4/13/05 from David B Ross, MD | 8 |
| 2 | F | Medical Records covering the period from 5/2/05 to 11/18/05 from Perry Hoeltzell, MD | 19 |
| 3 | F | Radiology Report dated 6/4/05 from Palm Beach Broward Medical Imaging Center | 5 |
| 4 | F | Hospital Records dated 6/14/05 from North Broward Medical Center | 11 |
| 5 | F | Medical Report dated 9/30/05 from Marcos Szeinfield, MD | 1 |
| 6 | F | Consultative Examination dated 11/9/05 by Roderick Santa Maria, MD | 5 |
| 7 | F | RFC - Residual Functional Capacity Assessment - Physical (completed by DDS physician) dated 11/22/05 | 8 |
| 8 | F | Psychiatric Review Technique Form (completed by DDS physician) dated 12/2/05 | 14 |
| 9 | F | Psychiatric Review Technique Form (completed by DDS physician) dated 2/27/06 | 14 |
| 10 | F | Consultative Examination dated 3/7/06 by Roderick Santa Maria, MD | 2 |
| 11 | F | RFC - Residual Functional Capacity Assessment - Physical (completed by DDS physician) dated 3/20/06 | 8 |
| 12 | F | LAB REPORT DATED 6/14/05 AND OPERATIVE REPORT DATED 7/12/05 FROM NORTH BROWARD GENERAL MEDICAL CENTER SUB BY ATTY | 3 |
| 13 | F | MEDICAL REPORT DATED 6/16/06 FROM TODD A RELKIN MD SUB BY ATTY | 4 |
| 14 | F | MEDICAL REPORT DATED 2/9/06 FROM PERRY B HOELTZELL MD   SUB BY ATTY | 1 |
| 15 | F | MEDICAL RECORDS COVERING 8/11/04 TO 12/15/04 FROM DAVID ROSS) MD SUB BY ATTY | 20 |
| 16 | F | MEDICAL REPORT DATED %/21/05 FROM MARCOS SZEINFELD MD SUB BY ATTY | 4 |
| 17 | F | PHYSICAL RESIDUAL FUNCTIONAL CAPACITY DATED 8/9/06 SUB BY ATTY | 3 |

100251

## LIST OF EXHIBITS

**Claimant:** Mark Lloyd Wilson        **SSN:** 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

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| | | **DISABILITY RELATED DEVELOPMENT AND DOCUMENTATION** | |
| 1 | E | Work History Report | 8 |
| 2 | E | Pain Report dated 8/22/05 | 3 |
| 3 | E | Third Party Questionnaire dated 8/22/05 | 1 |
| 4 | E | Work History Report | 8 |
| 5 | E | Disability Report - Field Office dated 9/22/05 | 4 |
| 6 | E | Disability Report - Adult dated 9/22/05 | 7 |
| 7 | E | Function Report - Adult | 8 |
| 8 | E | Disability Report - Appeal | 7 |
| 9 | E | CLAIMANTS MEDICATIONS LIST | 1 |

100252

# LIST OF EXHIBITS

| Claimant: | Mark Lloyd Wilson | SSN: | 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 |

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| | | **SUPPLEMENTAL SECURITY INCOME (SSI)** | |
| 1 | SSI | Application for Supplemental Security Income Benefits filed 8/16/05 | 3 |
| 2 | SSI | Initial Disability Determination by State Agency, Title XVI, dated 12/2/05 | 2 |
| 3 | SSI | Supplemental Security Income Notice dated 12/2/05 | 3 |
| 4 | SSI | Reconsideration Disability Determination by State Agency, Title XVI, dated 3/22/06 | 2 |
| 5 | SSI | Supplemental Security Income Notice of Reconsideration - Disability dated 3/23/06 | 3 |

100253