## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors.[1] | ) | Jointly Administered |

## AMENDED NOTICE OF HEARING ON DEBTORS' OMNIBUS OBJECTION TO UNRESOLVED LITIGATION CLAIMS BASED ON IMPROPERLY FILED CLAIMS, RELEASED CLAIMS OR INSUFFICIENT DOCUMENTATION

Please take notice that a hearing is scheduled for **June 12, 2008** at **1:30 p.m. (Eastern Time),** before the Honorable Jerry A. Funk, United States Bankruptcy Judge for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida 32202, to consider (i) Debtors' Omnibus Objection to Unresolved Litigation Claims and (ii) Debtors' individual objections as to those claims listed on the attached Exhibit A on the grounds that such claims lack sufficient documentation, were improperly filed or have been released by the claimant.

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**To the extent that this notice relates to an improperly filed claim (Beatrix Cervantez), this Objection is made without prejudice to any timely or untimely application for administrative expense claim filed by such claimant or any other motions related to such applications.**

## Separate Contested Matter

Each of the disputed claims and the Debtors' objections asserted above constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. The Debtors request that any order entered by the Court with respect to an objection asserted in this Objection be deemed a separate order with respect to each disputed claim.

## Reservation of Rights

In making this objection, the Debtors reserve, without waiver, the right to assert further or additional objections to the claims.

## Response Deadline

If you do **not** oppose the disallowance of your claim listed on Exhibit A under Claims to be Disallowed, then you do **not** need to file a written response to the Objection and you do **not** need to appear at the hearing.

If you **do** oppose the disallowance of your claim listed on Exhibit A under Claims to be Disallowed, then you **must** file and serve a written response to the Objection that is received on or before **4:00 p.m. Eastern Time on June 2, 2008**

(the "Response Deadline").  The Bankruptcy Court will consider a response only if the response is timely filed, served and received.

Responses will be deemed timely filed **only if** the original response is **actually received** on or before the Response Deadline by the Bankruptcy Court via the Court's electronic filing procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202.

In addition, a copy of the response must be served on or before the Response Deadline on the Debtors' attorneys, Smith Hulsey & Busey, Attn: Leanne McKnight Prendergast, 225 Water Street, Suite 1800, Jacksonville, Florida, 32202, via email at lprendergast@smithhulsey.com, or via facsimile sent to (904) 359-7708.

You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities.  Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

You are further reminded that pursuant to Local Rule 5073-1, cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer.  Please take notice that as an additional security measure, a photo ID is required for entry into the Courthouse.

Dated:  May 16, 2008

SMITH HULSEY & BUSEY


By    */s/ Leanne McKnight Prendergast*
       Stephen D. Busey
       James H. Post
       Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Counsel for the Reorganized Debtors

Exhibit A

Winn-Dixie Stores, Inc.                                                    Page 1
Exhibit A                                                       Dated 5/16/2008

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| CERVANTEZ, BEATRIZ | 10244 | $25,000.00 | IMPROPERLY FILED -- CLAIMANT INDICATES THAT THE CLAIM WAS INCURRED AFTER THE DEBTORS' FEBRUARY 21, 2005 PETITION DATE.  THE CLAIM IS TO BE DISALLOWED BECAUSE NOT PROPERLY ASSERTABLE ON A PROOF OF CLAIM FORM.  ADMINISTRATIVE EXPENSE CLAIMS INCURRED AFTER THE PETITION DATE WERE REQUIRED TO BE ASSERTED BY APPLICATIONS FILED WITH THE BANKRUPTCY COURT BY JANUARY 5, 2007.  DEBTORS RESERVE THE RIGHT TO AMEND THIS OBJECTION TO ASSERT OTHER GROUNDS OF OBJECTION.* |
| Debtor:  Winn-Dixie Stores, Inc. | | | |
| MCKENZIE, THERESA | 5291 | $150,000.00 | NO LIABILITY - DISPUTED CLAIM; RECLASSIFY TO UNSECURED CLAIM; A RELEASED CLAIM |
| Debtor:  Winn-Dixie Stores, Inc. | | | |
| US ARMY 3D INFANTRY DIV | 7227 | $495.69 | NO LIABILITY - DISPUTED CLAIM; INSUFFICIENT PROOF OF CLAIM DOCUMENTATION |
| Debtor:  Winn-Dixie Stores, Inc. | | | |
| VESTAL, KIMBERLY | 6786 | $100,000.00 | NO LIABILITY - DISPUTED CLAIM; INSUFFICIENT PROOF OF CLAIM DOCUMENTATION |
| Debtor:  Winn-Dixie Stores, Inc. | | | |

Total Claims to be Disallowed :          4
Total Amount to be Disallowed:          $275,495.69, plus unliquidated amounts, if any


\* This Objection is made without prejudice to any timely or untimely application for administrative expense claim filed by such claimant or any other motions
  related to such applications