UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

AMENDED AGREED ORDER OF RESOLUTION OF THE
LITIGATION CLAIM OF ANNA HARMON (CLAIM NO. 3471)

These cases are before the Court upon notice by Winn-Dixie Stores, Inc. and its affiliates (collectively, the "Reorganized Debtors") of a mediated settlement agreement with Claimant, Anna Harmon (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). Based upon the consent of the parties, and it appearing to the Court that the proposed Agreed Order is for an agreed amount less than the $250,000 notice threshold established in the Claims Resolution Procedure and the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, as modified (the "Plan"), it is

ORDERED AND ADJUDGED:

1. Claim No. 3471 filed by Claimant is allowed in the amount of $100,000.00 as a Class 16 Other Unsecured Claim under the Plan.

2. This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 3471; (ii) all other claims the Claimant has or may have against the Reorganized Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released; and (iii) all other claims the Claimant has or may have against

Carmel-Olympic Associates, a California General Partnership, and K.G.B. Associates #2, a California Limited Partnership, consisting of Irwin Kahan, Joseph Brandt, Olga Klein, Dennis Kahan, Meir Jacobs, Martin Kahan, Eva Godel, Margaret Braunstein, Martin Simon, Stanley Kahan, Dennis Kahan, as joint ventures/partners of Carmel-Olympic Associates and K.G.B. Associates #2, and Winn-Dixie Stores, Inc., a Florida corporation, Irwin Kahan, an individual, Joseph Brandt, an individual, Olga Klein, an individual, Dennis Kahan, an individual, Meir Jacobs, an individual, Martin Kahan, an individual, Eva Godel, an individual, Margaret Braunstein, an individual, Martin Simon, an individual, Stanley Kahan, an individual, Dennis Kahan, an individual, Peregrine Properties Limited Partnership, an Iowa limited partnership authorized to transact business in Florida as Peregrine Ownership and Leasing Limited Partnership, and Equity FC, Ltd., an Iowa corporation, its general partner, and any of their partners, officers, employees, agents, successors or assigns (collectively, the "Landlord") as of the date of this Agreed Order, all of which are forever waived, discharged and released.[1]

3. Pursuant to the Plan, distribution will be made on the allowed Claim (i) to the person and address as set forth in the proof of claim form filed on behalf of the Claimant and (ii) at such time as required by the Plan.

4. The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Reorganized Debtors and the Landlord in this Court or in any other forum and pay all applicable court costs, if any.

5. The Reorganized Debtors and the Landlord do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability. The Claimant, not the Reorganized Debtors or the

---

[1] This Order is amended to correct paragraphs 2, 4 and 5 of the Order dated May 19, 2008 (Docket No. 20574) to reflect the Claimant's agreement as to the release of the Landlord.

Landlord, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement, except those Medicare liens or claims released by the United States Department of Health and Human Services pursuant to the Agreed Order entered by this Court on March 9, 2007 (Docket No. 15439).

      6.     The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 21 day of May, 2008, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:
James H. Post
[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

00609831.2