**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CASE NO.: 3:05-bk-03817-JAF** |
| | ) | |
| **WINN-DIXIE STORES, INC.,** | ) | **CHAPTER 11** |
| | ) | |
| Debtor. | ) | |
| | ) | |

### CLAIMANT'S RESPONSE TO DEBTOR'S OMNIBUS OBJECTION TO UNRESOLVED LITIGATION CLAIMS DUE TO CLAIMANTS' FAILURE TO PARTICIPATE IN THE CLAIMS RESOLUTION PROCEDURE

**COMES NOW** the Claimant, SUSAN WALKER, by and through the undersigned attorney, and responds to Debtor's Omnibus Objection to Unresolved Litigation Claims Due to Claimants' Failure to Participate in the Claims Resolution Procedure as follows:

1.  The debtor requested mediation in a letter dated April 16, 2008. That letter was addressed to Randall J. Erler, Esquire of the law firm of Wood, Atter & Associates, the attorneys representing the claimant for personal injuries sustained at a premises owned and/or operated by the debtor.

2.  Randal J. Erler, Esquire had previously changed law firms, and the letter of April 16, 2008 was returned to the debtor's attorneys by the United States Postal Service. The letter was faxed to Wood, Atter & Associates on April 30, 2008 by debtor's attorneys. A copy of said letter is attached hereto as Exhibit A.

3.  Wood, Atter & Associates attempted to schedule mediation by calling the toll-free number referenced in the April 16th letter but was unsuccessful. The undersigned was then engaged to arrange mediation. The undersigned did in fact call the toll-free number and spoke to an unidentified female who stated that mediation could not be set unless the undersigned knew the name of the adjusted assigned to the claim. It made no difference to the unidentified female that the

claim number was provided to her. The name of the adjuster has not been supplied to the claimant or any attorney representing the plaintiff. The undersigned immediately called the debtor's attorney, Leanne McKnight Prendergast, Esquire and left a voice mail. The undersigned never received a return telephone call.

4. Accordingly, the claimant has been frustrated in her attempt to comply with the claims resolution procedure. The claimant has acted in good faith and stands ready, willing and able to comply with the claims resolution procedure if she receives the cooperation of the debtor.

WHEREFORE, claimant respectfully requests that this honorable Court deny the debtor's pending motion to disallow claimant's claim. Furthermore, claimant respectfully requests that this court compel debtor to cooperate with the claimant and provide all necessary information so that the debtor may participate in the claims resolution procedure.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to Leanne McKnight Prendergast, Esquire by email at lprendergast@smithhulsey.com and by U.S. Mail at 225 Water Street, Suite 1800, Jacksonville, Florida 32202 this 29th day of May, 2008.

**PARKER & DuFRESNE, P.A.**

/s/ E. Warren Parker, Jr.

_____

E. WARREN PARKER, JR., Esquire
Florida Bar No.: 958506
Churchill Park, Suite 301
8777 San Jose Boulevard
Jacksonville, FL 32217
(904) 733-7766
Fax: (904) 733-2919
Attorney for Claimant