**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                    Case No.  05-03817-3F1
                                          Chapter 11
WINN-DIXIE STORES, INC., et al.,   Jointly Administered

Reorganized Debtors.
_____/

**MEMORANDUM OF LAW IN OPPOSITION TO**
**DEBTOR, WINN-DIXIE'S, MOTION TO CONTINUE TRIAL**

DBR Asset Management as agent for Northway Investments, LLC ("Northway"), by and through its undersigned attorney, hereby submits its Memorandum of Law in Opposition to Winn-Dixie's Motion to Continue Trial on Northway's Cure Objection and Administrative Expense Application ("Motion to Continue") (Doc. No. 20629) and states:

**I.    Preliminary Statement**

On June 30, 2006, Winn-Dixie filed its Second Omnibus Motion for Authority to Assume Non Residential Real Property Leases, Fix Cure Amounts, and Grant Related Relief ("Motion to Assume") (Doc. No. 8941), seeking to assume several leases including the lease for Northway, which owned the premises of Winn-Dixie's Store Number 343. On July 26, 2006, Northway filed its Objection to Winn-Dixie's Proposed Cure Amount (Doc. No. 9564), where Northway asserted it was owed an amount greater than that asserted by Winn-Dixie in its Motion to Assume (Doc. No. 8941). On December 28, 2006, Northway filed its Motion for

Administrative Expense Claim ("Administrative Claim") (Doc. No. 13688), requesting payment of a post-petition, pre-effective date claim as an administrative claim.

On February 11, 2008, this Court entered an Order scheduling a trial on the Motion to Assume, the Cure Objection, and the Administrative Expense Application for June 20, 2008 at 9:30 a.m. ("Scheduling Order") (Doc. No. 19778).  Thereafter, on May 28, 2008, less than one month prior to trial, counsel for Winn-Dixie has filed its Motion to Continue (Doc. No. 20629). In its Motion to Continue, Winn-Dixie requests that the trial be continued for a period of not less than sixty days.  Further, in support of the Motion to Continue, Winn Dixie claims its counsel, Cynthia Jackson, and the Debtor's expert witness, have unavoidable scheduling conflicts on June 20, 2008.

## II.  <u>Argument</u>

Rule 5071-1, Rules of the United States Bankruptcy Court, Middle District of Florida states:   "[n]o trial, hearing or other proceeding shall be continued upon stipulation of counsel alone, but a continuance may be allowed by order of the Court for good cause shown."

## A.  <u>The Debtor Has not Shown that Good Cause Exists</u>

Rule 5071-1 provides that the moving party must establish good cause in order for this Court to grant its Motion to Continue.  M.D. Fla. L.B.R. 5071-1.  However, the Debtor, in its

Motion to Continue, has failed to establish good cause to continue the trial date in this matter.

The Debtor's purported basis for good cause is that Winn-Dixie's counsel, Cynthia Jackson, and Winn-Dixie's expert witness, have unavoidable scheduling conflicts on June 20, 2008. Winn Dixie's counsel has known about this trial date since the Scheduling Order was entered on February 11, 2008, and therefore should have made arrangements to be available for Trial.

Moreover, Ms. Jackson's firm, Smith, Hulsey & Busey, is comprised of numerous attorneys who should be capable of appearing at trial. In fact, the undersigned has worked with at least three additional attorneys at Smith, Hulsey & Busey regarding this case. As such, Ms. Jackson's unavailability should not create a barrier to the scheduled trial on June 20, 2008.

Winn-Dixie also represented that its expert witness has an unavoidable scheduling conflict, yet the Debtor failed to schedule the expert's deposition, which could alleviate the problem. If the expert witness is deposed before trial, the deposition transcript can be read into evidence at trial or a videotape of the expert's testimony can be played in court at the trial.

Furthermore, the Debtor failed to state when it learned of the alleged conflict from the expert witness. The Debtor should

have inquired into the expert witness's availability for trial when it retained the expert. If the expert was not available for the trial date, and Winn-Dixie wanted to present live testimony at trial, then the Debtor should have retained a different expert witness. If the Debtor questioned the expert about his or her trial availability when Winn-Dixie hired the expert, rather than one month prior to the trial, then the Debtor could have alleviated any concerns about the expert's unavailability for the trial of this matter.

Wherefore, Northway respectfully requests this Court to deny the Debtor's Motion to Continue, and to permit the case to proceed to the trial date currently scheduled for June 20, 2008 unimpeded.

**B.    In the Alternative, if the Court Grants the Debtor's Motion to Continue, the Trial Date should only be Extended for a Short Period of Time and the Discovery Deadline should not be Enlarged.**

Should the Court be inclined to grant Winn-Dixie's Motion to Continue the existing trial date, the date should only be advanced for a short period of time, not the sixty days requested by Winn-Dixie. Furthermore, the discovery deadline should not be extended if the trial date is changed.

As Winn-Dixie's only reason to continuing the trial is a conflict of schedules, the trial date should only be extended to the next open trial date on the Court's calendar, so that the

trial can proceed in a timely fashion.   The Debtor should not require a two-month lapse in time for an opening on Ms. Jackson and the expert witness's schedule to correspond to an open trial date on the Court's calendar.   As such, if the Motion to Continue is granted, the Court should set the trial for the next available trial date.

All discovery is to be completed ten days prior to the trial, on June 10, 2008.   See Doc. No. 19778 at 3.   The Court has no obligation to reopen the discovery period when the discovery deadline has passed.   See Fusco v. Gen. Motors Corp., 11 F.3d 259, 267 (1st Cir. 1991).   The Debtor should not be rewarded for sitting on its hands, not completing discovery, in anticipation that the Court will grant its Motion to Continue. Allowing an extension of the discovery deadline would punish Northway, who has complied with the discovery deadline and is ready to proceed to trial on time.[1]

Wherefore, Northway respectfully requests if the Court grants the Debtor's Motion to Continue, that the discovery deadline is not enlarged and the date is only advanced for a short period of time.

### III. Conclusion

---

[1] Last week, counsel for the parties agreed that the undersigned was not opposed to an extension of time for Winn-Dixie to respond to the undersigned's Expert Interrogatories on the condition that Winn-Dixie would not oppose an extension of the discovery cutoff so that the undersigned can depose Winn-Dixie's Expert Witness (if the deposition cannot be scheduled prior to the discovery cutoff).

For the reasons set forth herein, the Debtor has not established good cause to continue the June 20, 2008 trial date, and Winn-Dixie's Motion to Continue should be denied. Should the Court be inclined to grant the Motion to Continue the existing trial date, the date should only be advanced for a short period of time and the discovery deadline should not be extended.

**HEEKIN, MALIN, WENZEL & NEW, P.A.**

By: _____
N. Mark New, II, Esquire
Florida Bar No. 0476773
P. O. Box 477
Jacksonville, FL 32201
Telephone No.: (904) 355-7000
Facsimile No.: (904) 355-0266
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by regular and electronic mail to Cynthia Jackson, Esquire, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202

_____
Attorney