UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | | Chapter 11 |
| | ) | Jointly Administered |
| Reorganized Debtors.[1] | ) | |
| _____ | ) | |

## AGREED ORDER ON MOTION FOR
## RELIEF FROM STAY FILED BY MARK WILSON

This cause is before the Court upon the Amended Motion for Authorization to

Dispense with Mediation and Motion for Stay Relief filed by Mark Wilson (the

"Motion") (Docket No. 20542).  Based upon the consent of the parties appearing

below, it is

ORDERED:

1.       The Debtors, Claimant, and Claimant's counsel will use their best

efforts to schedule the mediation of the claims filed in these cases by Claimant (Claim

Nos. 1292 and 1985) (collectively, the "Claims") so that the mediation occurs on or

before August 27, 2008.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases:
Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products,
Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc.,
Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek
Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table
Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc.,
Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-
Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie
Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

2.    If, through the fault of the Debtors and through no fault of Claimant or his counsel, the mediation of the Claims does not occur on or before August 27, 2008, the Debtors will be deemed to have waived the mediation requirement of the Claims Resolution Procedure and will submit an agreed order to the Bankruptcy Court for the sole purpose of modifying the permanent injunction to allow Claimant to liquidate the Claims in the appropriate state court.

3.    If, prior to the mediation of the Claims, the Claimant provides the Debtors with a letter from his treating physician advising that the Claimant is medically unable to travel to Jacksonville for the mediation, the Claimant will be permitted to participate in the mediation by telephone.

4.    This Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this __9__ day of June, 2008, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

[Leanne McKnight Prendergast is directed to serve a copy of this order on any party in interest who has not received the order through the CM/ECF system and to file a proof of service.]

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

Dated: June 4, 2008

DAVID W. LANGLEY

By___*s/ David W. Langley*_____
      David W. Langley

Florida Bar Number 348279
8181 West Broward Boulevard, Suite 204
Plantation, Florida  33324
(954) 356-0450
(954) 356-0451 (facsimile)
dave@flalawyer.com

Attorney for Mark Wilson

*Counsel has authorized his electronic
signature.

SMITH HULSEY & BUSEY

By ___*s/ Leanne McKnight Prendergast*___
      James H. Post
      Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Counsel for the Reorganized Debtors

00611266.2