UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,                    Case No.: 3-05-03817 (3FI)

Reorganized Debtors.                                Chapter 11

_____                      Jointly Administered

### APPLICATION FOR ALLOWANCE OF AN ADMINSTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE FOR LEO HEARN

COMES NOW, Mr. Leo Hearn ("Applicant"), by and through the undersigned attorneys, and hereby seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b).  Applicant requests the entry of an Order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "confirmation Order") and the provisions of the Plan as confirmed.  In support of this Application, Applicant states as follows:

#### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 USC § 157(b)(2).

#### FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3. After the Petition Date and on or about July 30, 2005, Applicant was injured at the Winn-Dixie store No. 0306 in Hallendale Beach, Broward County, Florida. As a direct and proximate result of the injury, Applicant has suffered severe damages totaling at least $80,000, which damages Applicant can support through medical records and other proof.

### APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate, 11 U.S.C § 503(b). It is well-established that person al injury claims arising fro a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5. In this instance, Applicant's claim arose as a result of the business operations of oneor more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's $80,000 claim is entitled to administrative status under 11 U.S.C § 503(b), and Applicant seeks the entry of an order awarding such status.

### REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon the undersigned attorney.

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter and order granting the relief herein and such other relief as it deems just and proper.

        Respectfully Submitted,

        CAZEAU, LINTON BARNES, LLC
        633 NE 167 Street – Suite 1025
        No. Miami Beach, FL 33162
        Email: cdbclblaw@bellsouth.net
        Tel:  305-381-6002
        Fax:  305-381-6808

By: _____
      Cheryl D. Barnes, Esq.
      Florida Bar No. 179116