June 12, 2008                                                                 J. Adrian Barrow
                                                                              P.O. Box 350423
                                                                              Jacksonville, Fl 32235-0423
                                                                              Phone: (h) - 904-928-0579
                                                                                   © - 904-571-4696

To:     HONORABLE JERRY A. FUNK
        UNITED STATES BANKRUPTCY COURT
        MIDDLE DISTRICT OF FLORIDA
        300 North Hogan Street, Courtroom 4D
        JACKSONVILLE DIVISION
        Jacksonville, Florida 32202
        In: re: WINN-DIXIE STORES, INC., ET AL.,
        CASE No. 05-03817-3F1

Cc:     Clerk of the Court (For Filing Re: Winn-Dixie Stores, Inc., ET AL; CASE No. 05-03817-3F1)
        United States Courthouse
        300 North Hogan Street, Courtroom 4D
        Suite 3-350
        Jacksonville, Florida 32202

Cc:     Leanne McKnight Prendergast
        SMITH HULSEY & BUSEY
        225 Water Street, Suite 1800
        Jacksonville, Florida 32202
        Counsel for the Reorganized Debtors

FILED
JACKSONVILLE, FLORIDA
JUN 13 2008
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

**SUBJECT:**
**Response To Reorganized Debtor's Verified Motion for Summary Final Judgment As to J. Adrian Barrow's Application For Claim Cure**

The Honorable Judge Jerry A. Funk,

I, J. Adrian Barrow, learned through speaking with Ms. Leanne McKnight Prendergast of Smith Hulsey & Busey, Counsel for the Reorganized Debtors (i.e., COUNSEL), that you have had up to 13,000 claims brought forward under your purview as it relates to the Winn-Dixie Stores, Inc., et al., Chapter 11 Filing. With this huge undertaking, I also learned that you might not have personally reviewed my claim cure communications. Therefore, I appreciate the opportunity to restate the communications, my position, and address certain items in Counsel's Verified Motion for Summary Final Judgment regarding my Claim Cure.

On August 15th, 2006, as requested, I filed my original Objection to the appropriate parties with all the contractual reasons outlined in advance, submitted my evidence and position, and outlined that a partial treatment of MSP and SRP would not be in accord with my agreement with Winn-Dixie and Dedra Dogan. You, the Honorable Judge Jerry A. Funk, did remove my prepetition employment-related Executory Contract from the list of those to be rejected so as to be considered at a later date.
Attachment A – Copy of my August 15, 2006 letter with copy to the Honorable Judge Jerry A. Funk

On January 4th, 2007, as requested and within the timeline given, I supplied the Court with the same original evidence documentation regarding my claim cure. I again filed my application for payment of the Balance of my Claim Cure per instructions received by mail from Logan & Company, Claims and Noticing Agent. I did inform all parties in this claim that I received Partial Cure of my Claim in the form of the new issue of Winn-Dixie stock. My original Claim and position stated was for full restitution as a "secured creditor" per my Contract. Additionally, I have not signed any documents releasing any parties, i.e., corporation, officers, or individuals, et al. from curing my claim.
Attachment B – Copy of my January 4th, 2007 letter with a copy to the Honorable Judge Jerry A. Funk

On November 20th, 2007, I wrote a letter to the Honorable Judge Jerry A. Funk because of not receiving a ruling on my specific Claim set out in both of my filings, August 15th, 2006 and January 4th, 2007.
Attachment C – Copy of my November 20th, 2007 letter to the Honorable Judge Jerry A. Funk

The Honorable Judge Jerry A. Funk, I have enumerated in the following my responses to Counsel's "Summary of the Motion" regarding the areas with which I disagree...

1. Counsel states in the "Summary of the Motion" that "Barrow's claims were allowed by the order of the Court in reduced amounts and Barrow received a distribution of Winn-Dixie's new common stock, pursuant to the terms of Winn-Dixie's confirmed plan, in full satisfaction and release of his claims."
   My Response: I informed the Court and all appropriate parties in my original letter of August 15th, 2006 and on January 04th, 2007 to the parties concerned (Attachments A & B) that I did subsequently receive a stock distribution from Winn-Dixie for a partial claim cure which did not fulfill the contract Winn-Dixie agreed to when they eliminated my position. I had previously stated in my original letter of August 15th, 2006 that a Partial Claim Cure would not be in accord with Winn-Dixie, Dedra Dogan and Barrow's agreement. Thus, I filed an Application for Claim Cure for the Balance of the funds to which Winn-Dixie agreed to as outlined in...

   Attachment 1 - Copy of J. Adrian Barrow's January 2004 Executed Release – A Copy of the Executed Release of January 5, 2004, page one, paragraph 7 states as follows...
   "7. If WINN-DIXIE is currently engaged in or subsequently becomes engaged in any business dealings which might negatively impact the SRP and MSP accounts of J. Adrian Barrow, said funds will be specifically excluded from the business dealings."

   Attachment 2, Dedra Dogan, Vice-President of Human Resources for Corporate and Field's, confirmation letter of 12/15/03 to me (J. Adrian Barrow) advised in paragraph #4, second sentence, and the letter's next to last paragraph, second and third sentence states as follows...
   (a) Letter's Paragraph #4, second sentence, Dedra Dogan writes, "I will, however, add the paragraph you have requested which secures your SRP and MSP accounts from the business dealings which may have the potential to negatively impact either of those accounts."
   (b) Letter's last paragraph, second and third sentence, Dedra Dogan writes, "Please accept my apologies for the delayed response. The MSP and SRP requests required more research and input than previously expected."

Honorable Judge Jerry A. Funk, my position remains that Winn-Dixie and Dedra Dogan agreed in their own words to "secure" my MSP and SRP accounts from "any" business dealing which might negatively impact the SRP and MSP accounts of J. Adrian Barrow.

Additionally, in Counsel For the Reorganized Debtor's "Summary of the Motion" Section entitled, THE UNDISPUTED MATERIAL FACTS, there are some items with which I take issue... Following in Counsel's numbered paragraphs is the issue or my response to that item...

Paragraphs 2 & 3 - Counsel states that, "Therefore, all claims of participants to the benefits under the MSP constituted unsecured obligations of Winn-Dixie's estate, " and under Paragraph 2, Counsel states that, "Therefore all claims of participants to the benefits under the SRP also constituted unsecured obligations of Winn-Dixie's estate."
   a. My Response: Winn-Dixie and Dedra Dogan provided a specific contract (i.e., Executed Release, para. #7) to Barrow agreeing to exclude his SRP and MSP Funds from "any" business dealings, which may have the potential to negatively impact either of those accounts. I submit that no business dealing, such as bankruptcy, chapter 11, change of control, or merger activity was stipulated as an exclusion from my agreement. For clarity to the contrary, Winn-Dixie and Dedra Dogan's confirmation letter of 12/15/03 to Barrow states (Attachment 2) that "additional research and input" was taken before agreeing to "secure" my MSP and SRP accounts. I maintain that Winn-Dixie and Dedra Dogan had a contractual agreement to execute the necessary actions, without exception, to protect my MSP and SRP accounts as agreed.

Paragraph 4 - Counsel States that, "Barrow left Winn-Dixie's employment on January 10, 2004." (i.e., his position was eliminated). "At that time, Barrow and Winn-Dixie agreed that Barrow would receive a ten-year distribution under the SRP."

    a. My Response: The Honorable Judge Jerry Funk will see that my specific request for a lump sum payout of my SRP account was unilaterally denied by Winn-Dixie and Dedra Dogan on the basis of a payout election I had made back around 1993 or 1994 when I originally set up my payroll deduction to fund this account from my personal funds over the course of years. In Attachment 2 Dedra Dogan, Vice-President of Human Resources for Corporate and Field's confirmation letter of 12/15/03 to J. Adrian Barrow responds to Barrow's SRP request in paragraph #4, as follows... "We are unable to approve your request for a lump-sum payout of your SRP funds due to a previous election of a 10 year distribution of those funds."

Paragraph 5 – Regarding the Foot Notes 1 referenced from my deposition...
My Response: The wording in my Executed Release of January 5th, 2004 and in Dedra Dogan's letter of 12/15/03 to me are straightforward, and self-explanatory for ease of understanding the purpose, intent and agreement executed by Winn-Dixie, Dedra Dogan and myself (J. Adrian Barrow).

Paragraph/s 7, 8, 9 & 10, 11, 12, 13, 14, 15, 16, 17, 18, 18, 19, 20, 21, 22, 23
My Response to these paragraphs: In brief, on August 15th, 2006, as requested, I had already filed my original Objection to Court and the appropriate parties with the same facts, claims and evidence I am presenting in this response. Again on January 4th, 2007, I notified the Court of my claim not being cured per my agreement with Winn-Dixie and Dedra Dogan. The Honorable Judge Jerry A. Funk did remove my prepetition Executory Contract from the list of those to be rejected so as to be considered at a later date in order to move forward with the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors. I did state in my letter of August 15th, 2006 that, "In closing, I respectfully look forward to hearing from the Honorable Jerry A. Funk and again in my letter of January 4th, 2007, I stated, "As of today, January 4th, 2007, I have not received official notification from the Bankruptcy Court on the decision regarding my Claim. Respectfully, I look forward to receiving the Honorable Jerry A. Funk's decision."

Because of not receiving a ruling specifically to address my Claim Cure, I wrote a letter on November 20, 2007, to the Honorable Judge Jerry A. Funk inquiring about his ruling on my claim. I felt that I have adequately and timely stated my position in all my communications. I look forward to receiving a specific ruling/decision to be rendered to address my specific Claim Cure on this individual case based on its own evidence and merits from The Honorable Judge Jerry A. Funk.

Counsel's Memorandum of Law Statement
My Response: To address Counsel's Memorandum of Law regarding *res judicata*, I am not certain that the Honorable Judge Jerry A. Funk had the opportunity to review my specific claims documentation, evidence, and position set out for my claim in detail prior to the Confirmation of the Plan of Reorganization due to not receiving a specific written ruling on my Claim from the Court. I have not amended my claim from the original Objection and Position set out in my original Objection and filing letter of August 15th, 2006.

Counsel's, Holstein v. Brill, 987 F.2d 1268 Reference,
Counsel's Accord In re Hillsborough Holdings Corp., 267 B.R. Reference,
Counsel's Claims Adjustment Order Reference
My Response: The Honorable Judge Jerry A. Funk did remove my prepetition employment-related Executory Contract from the list of those to be rejected so as to be considered at a later date in order to move forward with the Plan of Reorganization and my original communication of August 15th, 2006 was before the Court before the Confirmation. In my August 15th, 2006 letter, I stated that partial cure was not in accord with my agreement with Winn-Dixie and Dedra Dogan. My Claim was outlined pre-confirmation and not post-confirmation as was this reference. See my copy of letter of August 15th, 2006.

Honorable Judge Jerry A. Funk, I submit that my undisputed facts itemized below are that J. Adrian Barrow...

1. Was an employee of Winn-Dixie Stores, Inc. with 30+ years of total service (1965-1972 & 1975-2004)
2. Was terminated on January 10th, 2004 at 55 years of age because his position, Director of Field Human Resources, was eliminated by Dedra Dogan, VP Corporate and Field Human Resources
3. Was provided an agreement (Executed Release facilitated by Dedra Dogan; Attachment 1, para. #7), which specifically addressed that Barrow's MSP and SRP accounts would be excluded from any

business dealings that would have the potential to negatively impact either of those accounts. I submit that Winn-Dixie and Dedra Dogan failed to take the actions to execute their responsibilities set forth in Barrow's Executed Release, "If WINN-DIXIE is currently engaged in or subsequently becomes engaged in any business dealings which might negatively impact the SRP and MSP accounts of J. Adrian Barrow, said funds will be specifically excluded from the business dealings." These failures to act as promised does hereby constitute a material breach of contract. (There were no stipulations or exclusions stated)

4. Received a confirmation letter of 12/15/03 Attachment 2, from Dedra Dogan, VP Corporate and Field Human Resources which...
   a. Specifically responds to Barrow's SRP request in paragraph #4, as follows... "We are unable to approve your request for a lump-sum payout of your SRP funds due to a previous election of a 10 year distribution of those funds."
   b. Letter's Paragraph #4, second sentence, Dedra Dogan writes, "I will, however, add the paragraph you have requested which **secures** your SRP and MSP accounts from the business dealings which may have the potential to negatively impact either of those accounts." (There were no stipulations or exclusions stated)
   c. Letter's last paragraph, second and third sentence, Dedra Dogan writes, "Please accept my apologies for the delayed response. The MSP and SRP requests required more research and input than previously expected." (There were no stipulations or exclusions stated)
5. Has filed Claim Objection/s, applications, supporting evidence, and requests for Claim Cures on August 15th, 2006, January 4th, 2007 and November 20th, 2007 acknowledging in advance in my August 15th, 2006 letter that a distribution of new issue company stock as proposed in the POR for retirees would be only a partial claim cure and was not in accord with Barrow's Executed Release Agreement (which has been breached), and that new issue stock was received as a partial cure to contract
6. Has not signed any Release relinquishing any parties actions to this specific case and Claim Cure
7. Believes that his communications regarding his claim along with supporting evidence, because of the huge and complex undertaking of this Bankruptcy, Chapter 11 filing by the Debtors, was placed in with the masses, versus being treated as a specific individual case based on its own merits
8. Believes that by the demonstrated actions of Winn-Dixie Stores, Inc. and Dedra Dogan that there was no true intent to execute or make good the agreement set out in Barrow's January 2004 Executed Release, para. #7 which was also further supported by Dedra Dogan's confirmation letter of 12/15/03 to Barrow with the pertinent statements identified herein

By representing myself in this case, and not being an attorney, I feel fortunate to have had the opportunity to restate my position for the Honorable Judge Jerry A. Funk as best I can in my simple plain English as I see it. I have had no intent to cause the Honorable Judge Jerry A. Funk or the Court any inconvenience, but only to put forth my position and claim cure.

In closing, I respectfully recognize that The Honorable Judge Jerry A. Funk may have a unique set of facts, circumstances, and arguments presented for consideration in this specific case upon which to make his ruling. I look forward to hearing from the Honorable Judge Jerry A. Funk.

Regards,
s/ Jeffery Adrian Barrow

J. Adrian Barrow, SPHR

Attachments:
Attachment A - Copy of J. Adrian Barrow's August 15th, 2006 Original Objection & Filing Letter
Attachment B - Copy of J. Adrian Barrow's January 4th, 2007 Filing Letter
Attachment C - Copy of J. Adrian Barrow's November 20th, 2007 Follow Up Filing Letter
Attachment 1 - Copy of J. Adrian Barrow's January 2004 Executed Release Contract, Page 1
Attachment 2 - Copy of Dedra Dogan's, VP HR letter 12/15/03 confirming "secure" MSP & SRP Funds (2 pgs.)
Attachment 3 - Final amended SRP secured Remaining Claim No. 7349 of $227,244.34 (front)
Attachment 4 – Final amended MSP secured Remaining Claim No. 7339 of $237,218.00 (front)

August 15, 2006                                J. Adrian Barrow   **Attachment A**
                                               P.O. Box 350423
                                               Jacksonsville, Fl 32235-0423
                                               Phone: (h) - 904-928-0579
                                                      © - 904-571-4696

**To: Messrs. D.J. Baker, James H. Post & Clerk of Court**

D.J. Baker (djbaker@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036

James H. Post (jpost@smithhulsey.com)
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Clerk of the Court (For Filing Re: Winn-Dixie Stores, Inc., ET AL; CASE No. 05-03817 – 3F1)
United States Courthouse
300 North Hogan St.
Suite 3-350
Jacksonville, Florida 32202

CC:   HONORABLE JERRY A. FUNK
      UNITED STATES BANKRUPTCY COURT
      MIDDLE DISTRICT OF FLORIDA
      300 North Hogan Street, Courtroom 4D
      JACKSONVILLE DIVISION
      Jacksonville, Florida 32202
      In: re: WINN-DIXIE STORES, INC., ET AL.,
      CASE No. 05-03817 – 3F1
      Chapter 11

**SUBJECT:**
Filing My Objection To Winn-Dixie Stores, Inc. (Debtor) Submitting for Rejection of (i) the prepetition employment-related contract of former employee…
J. Adrian Barrow/Contract – Release Agreement Executed January 5, 2004

Dear Messrs. Baker, Post, and Clerk of Court

I, J. Adrian Barrow, file my objection this date, August 15, 2006, to be received before 4:00 p.m. on August 17th, 2006 per your instructions. As I did not receive the notification letter of the desire of the Debtor to reject my prepetition contract (Release Agreement) until Wednesday afternoon, August 9, 2006, I am filing the objection on my own behalf, as there was not adequate time to do otherwise and meet your response deadline in a timely manner. This objection and support documents are also being sent to the Clerk of Court with a copy to the Honorable Jerry A. Funk.

To begin, Dedra Dogan, employed with Winn-Dixie Stores, Inc. in July 2003 as Vice-President of Human Resources for Corporate and Field, eliminated my position, Director of Human Resources, Field Operations in October, 2003. Ms. Dogan subsequently finalized my Release agreement from the Company, which provided that my retirement funds regarding my Supplemental Retirement Plan and Management Security Plan funds (i.e., SRP and MSP, respectively) would be "secure."

In support of my objection NOT to reject my contract, I present to D.J. Baker, James H. Post, the Clerk of the Court with a copy to the Honorable Jerry A. Funk the following pertinent documents attached, information, and reasons asking the Honorable Jerry A. Funk to give great consideration of the facts to uphold my contract, and treat my claim as a "secured creditor."

Attachment 1 – Copy of Executed Release of January 5, 2004, page one, paragraph #7 states as follows...
> "7. If WINN-DIXIE is currently engaged in or subsequently becomes engaged in any business dealings which might negatively impact the SRP and MSP accounts of J. Adrian Barrow, said funds will be specifically excluded from the business dealings."

Attachment 2 – Dedra Dogan, Vice-President of Human Resources for Corporate and Field's confirmation letter of 12/15/03 to J. Adrian Barrow advising of Secure SRP and MSP, paragraph #4, second sentence and the next to last paragraph, second and third sentence states as follows...
> (a) Letter's Paragraph #4, second sentence, "I will, however, add the paragraph you have requested which secures your SRP and MSP accounts from the business dealings which may have the potential to negatively impact either of those accounts."
> (b) Letter's last paragraph, second and third sentence, "Please accept my apologies for the delayed response. The MSP and SRP requests required more research and input than previously expected."

Attachment 3 – Final amended SRP secured Remaining Claim No. 7349 of $227,244.34
Attachment 4 – Final amended MSP secured Remaining Claim No. 7339 of $237,218.00

Having over 20 years of business experience and performing contract negotiations, I submit that my Contract is legal, binding and enforceable. Therefore, I ask the Honorable Jerry A. Funk give great consideration NOT to reject my prepetition Contract for the reasons below. (These reasons may or may not be all-inclusive.)

1. Executed Release - The Release is a written contract executed between a Vice-President of the Debtor Company and an employee with over 30 years of combined service with Winn-Dixie in good faith and for consideration outlined therein which the Debtor makes the promise that said MSP and SRP funds will be excluded from any current or subsequent business dealings that would negatively impact these accounts.
2. Vice-President of Human Resources' Letter of 12/15/03 to J. Adrian Barrow - The Vice-President of Human Resources for Corporate and Field stated specifically in her letter of 12/15/03 to me states in Paragraph #4, second sentence, "I will, however, add the paragraph you have requested which secures your SRP and MSP accounts from the business dealings which may have the potential to negatively impact either of those accounts." This letter's next to last paragraph, second and third sentence, "Please accept my apologies for the delayed response. The MSP and SRP requests required more research and input than previously expected."
3. Business Dealing - Additionally, in fact, a Business Dealing did transpire by the action of the Debtor (Winn-Dixie) filing Bankruptcy whereby the Debtor failed to execute their duties and responsibilities of "specific performance" regarding the Release agreement item #7 restated as follows: "7. If WINN-DIXIE is currently engaged in or subsequently becomes engaged in any business dealings which might negatively impact the SRP and MSP accounts of J. Adrian Barrow, said funds will be specifically excluded from the business dealings."
4. Duty to Act - Upon the execution of said Release, the Company and its representatives became legally obligated to specifically perform their duties and responsibilities to ensure that these specific SRP & MSP funds were "secured" and excluded from such business dealings.
5. Release Agreement and Letter – these items provide the basis for qualifying my claims as a "secured creditor" collateralized by the Executed Release, and the supporting Vice-President

    of Human Resources letter of 12/15/03 confirming and so stating the intent to secure these funds for J. Adrian Barrow.

6. Plan of Reorganization (POR) Submitted by Winn-Dixie To The Court - I located the proposed POR from the Logan & Company website. In it, the Company outlines its proposal to provide partial economic relief to those classified as retirees who are MSP and SRP participants as non-secured creditors through monetary payment and the issuance of New Company Stock. I also received a form letter addressed to Retirees who participated in SRP and MSP from Dedra Dogan, Group Vice-President of Human Resources, providing information on what the company plans to do for retirees in this regard. In addition to providing this partial form of relief to retirees, I may be the only one with a specific contract in place to address ensuring my MSP and SRP funds are "secured."
    a. Since Winn-Dixie has made available funds and/or issuing new stock (partial remedy) for those with retirement claims, it is acceptable that my claim/s be treated as a secured creditor for full monetary value of my MSP and SRP funds, not partial remedy, stated herein in a similar manner in accordance with my Release Agreement in order to resolve this matter.
7. Support of Family - With the Execution of my Release and retirement from the Company, the current and future retirement plans for my family and myself were made based on this agreement.
8. Remaining Claims - My secured SRP and MSP claims submitted and filed with Logan & Company are provided in Attachments 3 & 4 as aforementioned.

To recap, I was employed with Winn-Dixie for over 30 years, initially hired as a bag boy, earning promotions throughout store operations to Store Manager, subsequently promoted to Division Human Resources Manager, and later selected from among 12 Division Human Resources Managers to join Corporate Headquarters as the overall Company Human Resources Coordinator. My last position was the Director of Human Resources for Field Operations whereupon the elimination of my position, I had the assurance that my retirement SRP & MSP monies were fully secured.

In closing, I respectfully look forward to hearing from the Honorable Jerry A. Funk regarding my objection.

Regards,

s/ J. Adrian Barrow

J. Adrian Barrow, SPHR

Attachments:
Attachment 1 - Copy of J. Adrian Barrow January 2004 Executed Release Contract, Page 1
Attachment 2 - Copy of VP HR letter of 12/15/03 confirming "secure" MSP & SRP Funds (2 pgs.)
Attachment 3 - Final amended SRP secured Remaining Claim No. 7349 of $227,244.34 (front)
Attachment 4 – Final amended MSP secured Remaining Claim No. 7339 of $237,218.00 (front)

January 4, 2007                                J. Adrian Barrow   **Attachment B**
                                               P.O. Box 350423
                                               Jacksonville, Fl 32235-0423
                                               Phone: (h) - 904-928-0579
                                               © - 904-571-4696

**To: Messrs. D.J. Baker, James H. Post, Matthew Barr, & Clerk of Court**

D.J. Baker (djbaker@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Co-Counsel for Reorganized Debtors

James H. Post (jpost@smithhulsey.com)
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
Co-Counsel for Reorganized Debtors

Matthew Barr (mbarr@milbank.com)
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Counsel for The Post-Effective Date Committee

Clerk of the Court (For Filing Re: Winn-Dixie Stores, Inc., ET AL; CASE No. 05-03817-3F1)
United States Courthouse
300 North Hogan St.
Suite 3-350
Jacksonville, Florida 32202 (mailed overnight hard copy 01/04/07)

CC:   HONORABLE JERRY A. FUNK
      UNITED STATES BANKRUPTCY COURT
      MIDDLE DISTRICT OF FLORIDA
      300 North Hogan Street, Courtroom 4D
      JACKSONVILLE DIVISION
      Jacksonville, Florida 32202 (mailed overnight hard copy 01/04/07)
      In: re: WINN-DIXIE STORES, INC., ET AL.,
      CASE No. 05-03817-3F1
      Chapter 11

**SUBJECT:**
Filing Application for Claim Cure for J. Adrian Barrow
Regarding Filing of My Original August 15, 2006 Objection To Winn-Dixie Stores, Inc. (Debtor)
Submitting for Rejection of (i) the prepetition employment-related contract of former employee.

Dear Messrs. D.J. Baker, James H. Post, Matthew Barr, and Clerk of Court,

I, J. Adrian Barrow, now file my application for payment of the Balance of my Claim Cure this date, January 4th, 2007 to be received no later than January 5th, 2007 per the instructions received by mail from Logan & Company, Claims and Noticing Agent.

1/4/2007   Page 1 of 2

In brief, on August 15, 2006, I filed my original Objection to the appropriate parties. The Honorable Judge Jerry A. Funk did remove my prepetition Executory Contract from the list of those to be rejected so as to be considered at a later date in order to move forward with the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors.

As information, I received Partial Cure of my Claim in the form of the new issue of Winn-Dixie stock. My Claim was for Full Restitution as a "secured creditor" per my Contract.

As of today, January 4th, 2007, I have not received official notification from the Bankruptcy Court on the decision regarding my Claim. Respectfully, I look forward to receiving the Honorable Jerry A. Funk's decision.

For convenience, I have attached my original Objection letter of August 15, 2006, and attachments regarding my Claim.

Regards,

s/ Jeffery Adrian Barrow

J. Adrian Barrow, SPHR

Attachments:
Attachment A- August 15, 2006 Objection Letter
Attachment 1 - Copy of J. Adrian Barrow January 2004 Executed Release Contract, Page 1
Attachment 2 - Copy of VP HR letter of 12/15/03 confirming "secure" MSP & SRP Funds (2 pgs.)
Attachment 3 - Final amended SRP secured Remaining Claim No. 7349 of $227,244.34 (front)
Attachment 4 - Final amended MSP secured Remaining Claim No. 7339 of $237,218.00 (front)

November 20, 2007

J. Adrian Barrow    **Attachment C**
P.O. Box 350423
Jacksonsville, Fl 32235-0423
Phone: (h) - 904-928-0579
© - 904-571-4696

To:    HONORABLE JERRY A. FUNK
UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
300 North Hogan Street, Courtroom 4D
JACKSONVILLE DIVISION
Jacksonville, Florida 32202
In: re: WINN-DIXIE STORES, INC., ET AL.,
CASE No. 05-03817-3F1

Cc:    Clerk of the Court (For Filing Re: Winn-Dixie Stores, Inc., ET AL; CASE No. 05-03817-3F1)
United States Courthouse
300 North Hogan St.
Suite 3-350
Jacksonville, Florida 32202

**SUBJECT:**
Follow Up To Filing Application for Claim Cure for J. Adrian Barrow
Regarding Filing of My Original August 15, 2006 Objection To Winn-Dixie Stores, Inc. (Debtor) Submitting for Rejection of (i) the prepetition employment-related contract of former employee.

I, J. Adrian Barrow, have submitted on a number of occasions (August 15, 2006 and again on January 4, 2007) my position for the court to Cure my Claim with all documentation. Parties also copied on these communications were the Clerk of Court and you, the Honorable Jerry Funk.

In brief, on August 15, 2006, as requested, I filed my original Objection to the appropriate parties. You, the Honorable Judge Jerry A. Funk, did remove my prepetition Executory Contract from the list of those to be rejected so as to be considered at a later date in order to move forward with the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors.

Again on January 4, 2007 as requested and within the timeline given and with documentation, I filed my application for payment of the Balance of my Claim Cure per the instructions received by mail from Logan & Company, Claims and Noticing Agent. I did inform all parties in this claim that I received Partial Cure of my Claim in the form of the new issue of Winn-Dixie stock. My Claim was for Full Restitution as a "secured creditor" per my Contract. Additionally, I have not signed any documents releasing any parties, i.e., corporation, officers, or individuals, et al. from curing my claim.

Judge Funk, as of today, November 20, 2007, I still have not received your ruling on my claim. I would appreciate receiving your decision in writing mailed to me at the address above. I have also attached my settlement request to remedy my claim now and forever after for your and Winn-Dixie's review.

In keeping with the protocol previously established by the Court and Noticing Agents on acceptable time lines for responses, I look forward to receiving your written decision/ruling by December 5, 2007.

Regards,

s/ Jeffery Adrian Barrow

J. Adrian Barrow, SPHR

Attachment: J. Adrian Barrow's SETTLEMENT CLAIM CURE

## J. ADRIAN BARROW'S SETTLEMENT CLAIM CURE

1. SUPPLEMENTAL RETIREMENT ACCOUNT (SRP)
   This account was funded from what I had deducted from my paycheck for approximately 10 years as savings in preparation for my retirement. When Dedra Dogan, an Officer of the Company and VP Corporate and Field Human Resources eliminated my position as Director of Human Resources, Field Operations, my request to pay this account out to me in a lump sum was refused because I had initially set up this retirement account to be paid out over a 10-year period.

   A. Original Claim Amount Provided By Winn-Dixie - $227,244.34 (Claim Number 7349)

   My Supplemental Retirement Account Balance as of my 6/30/06 T. Rowe Price Statement was $201,624.40. Shortly thereafter, Winn-Dixie took my funds and my account vanished.

2. MANAGEMENT SECURITY PLAN (MSP)
   A. According to the Winn-Dixie letter from VP of Performance and Rewards Systems (Claim No. 7339) upon reaching 65, I would be entitled to my monthly payout of $1,482.61 for the 120 months under the plan. The Net Present Value (NPV) needs to be re-computed at my current age (58) in order to FUND a 10-year retirement payout as outlined in the MSP plan. As of December 31, 2007, the new NPV computed with a reasonable 6.0% return would be $130,945.66 per my calculations. (Winn-Dixie should validate this Net Present Value calculation amount and use their records to verify the figures.) The death benefit portion of the MSP Plan is to be paid out as originally established to my beneficiary in the amount of $59,304.

3. DOLLAR AMOUNT OF MY SRP AND MSP ACCOUNTS
   SRP Actual Balance as of 6/30/07       - $201,624.40
   MSP NPV At 65 Payout of 120 months    - $130,945.66 (Death Benefit Not Included)
   Total Value of Both Accounts           - **$332,570.06**

4. Winn-Dixie's Partial Payment To Me By New Issue Of 10,174 Shares of Common Stock –
   A. Value of Stock Received – $141,418.60

5. Total Current Value of My SRP & MSP Accounts   - $332,570.06
   Less Partial Payment Received From Winn-Dixie   - $141,418.60
   **Balance Amount Due To Barrow**                - **$191,201.46**

The balance owed Barrow will be acceptable via a lump sum cash payout or the New Winn-Dixie Stock Issue at the current share price. This settlement claim cure remains good through January 31, 2008. A representative may be appointed by the Court for Winn-Dixie to contact Barrow and execute this Claim Cure with the documentation mutually agreed upon.

If this Settlement Claim Cure is not resolved and executed by this date, future circumstances and/or actions brought may necessitate additional remuneration to include but not limited to time, interest lost, legal expenses, etc. in order to arrive at an appropriate Claim Cure.

## <u>RELEASE</u>

This document sets forth certain understandings and agreements reached by and between J. Adrian Barrow acting on his own behalf (hereinafter referred to as "Associate" or "J. Adrian Barrow"), and WINN-DIXIE STORES, INC., including its affiliated companies, its officers, directors, agents, attorneys and employees (hereinafter referred to as "WINN-DIXIE").

Under the terms set forth in this Agreement, the Associate's position has been eliminated and his WINN-DIXIE employment will be terminated as of January 10, 2004. In consideration of an amicable end to their employment relationship, WINN-DIXIE. agrees to do the following upon the execution of this Release, some of which J. Adrian Barrow agrees WINN-DIXIE is not otherwise required to do.



1. Continue to pay Associate's current monthly salary until January 9, 2004. The salary payment for January will be prorated.

2. Pay J. Adrian Barrow in a lump sum the equivalent of 26 weeks of pay in the total amount of $52,266.00 less legal and authorized deductions. No deductions will be made for 401(k), SRP or FSA.

3. At any time WINN-DIXIE is contacted by an employer or prospective employer of J. Adrian Barrow concerning him, WINN-DIXIE will only verify dates of employment and last position held.

4. WINN-DIXIE will not contest the application for any and all unemployment benefits he may be entitled to in accordance with applicable state unemployment laws and regulations.

5. WINN-DIXE will pay Lee Hecht Harrison to provide J. Adrian Barrow outplacement support through his participation in the Career Transition Seminar Program.

6. WINN-DIXIE will allow J. Adrian Barrow to draft a retirement article to be published in *The WINNing Spirit* employee periodical.

7. If WINN-DIXIE is currently engaged in or subsequently becomes engaged in any business dealings which might negatively impact the SRP and MSP accounts of J. Adrian Barrow, said funds will be specifically excluded from the business dealings.

In consideration for the foregoing special arrangements and other valuable consideration received from WINN-DIXIE, full receipt of which is hereby acknowledged and full acquittance and discharge therefor given, J. Adrian Barrow agrees to the following:

1. I, J. Adrian Barrow, on behalf of myself and any and all of my heirs, executors, legal representatives, agents and assigns, hereby release WINN-DIXIE and its related corporations and their officers, directors, shareholders, agents, employees, parents, subsidiaries, affiliates, successors, and assigns from any and all claims arising under the Age Discrimination in Employment Act of 1967, as amended, 29



**ATTACHMENT 2**

DEDRA DOGAN
*VP Corporate & Field Human Resources*

December 15, 2003

Mr. J. Adrian Barrow
P.O. Box 350423
Jacksonville, FL 32235-0423

Dear Adrian:

The following information is provided as a supplement to my verbal response to your memorandum dated *12/15/2003* (erroneously). I believe the actual date was 11/15/2003.

1. You have expressed the retirement date of January 10, 2004 is agreeable.

2. Upon our receipt of the signed Release on or before January 10, 2004, you will receive separation pay with only normal legal deductions applied. 401(k), SRP and FSA will not be deducted.

3. We are unable to approve your request for a lump-sum payout of your SRP funds due to your previous election of a 10-year distribution of those funds.

4. We are unable to approve your request to continue to pay MSP premiums for the balance of Fiscal Year 2004. I will, however, add the paragraph you have requested which secures your SRP and MSP accounts from the business dealings which may have the potential to negatively impact either of those accounts.

5. Upon our receipt of the signed Release, I will provide a Letter of Termination so you may participate in the benefit plans provided by your spouse's employer.

6. At any time over the course of the next month, you may provide a retirement article to me which I will submit to the Editor in Chief of the WINNing Spirit.

7. You have expressed the employment reference or inquiry wording is agreeable.

8. You have expressed the "unemployment" wording is agreeable.

9. Upon our receipt of your signed Release, we will engage the outplacement assistance of the Lee Hecht Harrison firm. Contact information and an explanation of services will be provided at that time.

10. Thank you for your openness to consulting with me on human resources matters. I will definitely keep your offer in mind.

The new deadline for the return of the signed document is January 10, 2004. Please accept my apologies for the delayed response. The MSP and SRP requests required more research and input than previously expected.

Enclosed you will find two copies of the third revision of the Release document for your review.

Sincerely,

Dedra

Enclosures

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ATTACHMENT 3**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| Debtors.[1] | ) Jointly Administered |

**NOTICE OF DEBTORS' SECOND OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 AND 9014 TO CERTAIN (A) DUPLICATE CLAIMS AND (B) AMENDED AND SUPERSEDED CLAIMS**

Creditor ID: WDX-403591-2B-94
BARROW, JEFFERY A
PO BOX 350423
JACKSONVILLE FL 32235-0423

Creditor ID: WDX-403591-2B
BARROW, JEFFERY A
PO BOX 350423
JACKSONVILLE FL 32235-0423

| **CLAIM TO BE DISALLOWED & EXPUNGED** | **REMAINING CLAIM** |
|---|---|
| Claim No.: 5743<br>Claim Amount: $227,244.34<br>Asserted Debtor: Winn-Dixie Stores, Inc.<br><br>Reason For Disallowance: Amended by Claim Listed in Remaining Claim Column. | Claim No.: 7349<br>Claim Amount: $227,244.34<br>Asserted Debtor: Winn-Dixie Stores, Inc. |

1. PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed on December 20, 2005 their Second Omnibus Objection Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 and 9014 to Certain (A) Duplicate Claims and (B) Amended and Superseded Claims (the "Objection") with the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

2. The Objection requests that the Bankruptcy Court expunge and disallow one or more of your claims listed above under CLAIMS(S) TO BE DISALLOWED & EXPUNGED on the ground that the claim was <u>amended and superseded</u> by another claim that is listed as the REMAINING CLAIM above. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not receive any distribution in these cases or the opportunity to vote on a chapter 11 plan with respect to such claim. The REMAINING CLAIM listed above is not affected by the Objection.

3. If you do NOT oppose the disallowance and expungement of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

4. If you DO oppose the disallowance and expungement of your claim (s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you MUST file <u>and</u> serve a written response to the Objection that is received on

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ATTACHMENT 4**

In re: ) Case No. 05-03817-3F1
)
WINN-DIXIE STORES, INC., et al., ) Chapter 11
)
Debtors.[1] ) Jointly Administered
)

### NOTICE OF DEBTORS' SECOND OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 AND 9014 TO CERTAIN (A) DUPLICATE CLAIMS AND (B) AMENDED AND SUPERSEDED CLAIMS

Creditor ID: WDX-406361-2B-MS
BARROW, JEFFERY A
PO BOX 350423
JACKSONVILLE FL 32235

Creditor ID: WDX-406361-2B
BARROW, JEFFERY A
PO BOX 350423
JACKSONVILLE FL 32235

| CLAIM TO BE DISALLOWED & EXPUNGED | REMAINING CLAIM |
|---|---|
| Claim No.: 5795<br>Claim Amount: $105,105.00<br>Asserted Debtor: Winn-Dixie Stores, Inc.<br><br>Reason For Disallowance: Amended by Claim Listed in Remaining Claim Column. | Claim No.: 7339<br>Claim Amount: $237,218.00<br>Asserted Debtor: Winn-Dixie Stores, Inc. |

1. PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed on December 20, 2005 their Second Omnibus Objection Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 and 9014 to Certain (A) Duplicate Claims and (B) Amended and Superseded Claims (the "Objection") with the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

2. The Objection requests that the Bankruptcy Court expunge and disallow one or more of your claims listed above under CLAIMS(S) TO BE DISALLOWED & EXPUNGED on the ground that the claim was amended and superseded by another claim that is listed as the REMAINING CLAIM above. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not receive any distribution in these cases or the opportunity to vote on a chapter 11 plan with respect to such claim. The REMAINING CLAIM listed above is not affected by the Objection.

3. If you do NOT oppose the disallowance and expungement of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

4. If you DO oppose the disallowance and expungement of your claim (s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you MUST file and serve a written response to the Objection that is received on

---

[1]   In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.