**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
|       Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

**REPLY TO J. ADRIAN BARROW'S RESPONSE TO REORGANIZED DEBTORS' VERIFIED MOTION FOR SUMMARY FINAL JUDGMENT**

Winn-Dixie Stores, Inc. and its affiliates ("Winn-Dixie") file this reply to the Response to Reorganized Debtors' Verified Motion for Summary Final Judgment as to J. Adrian Barrow's Application for Claim Cure filed by J. Adrian Barrow (Docket No. 20761)(the "Response").

As set forth in the Reorganized Debtors' Verified Motion for Summary Final Judgment as to J. Adrian Barrow's Application for Claim Cure, the Reorganized Debtors submit that they are entitled to a judgment as a matter of law on Barrow's claims against Winn-Dixie because such claims have been:

(i)    barred by the *res judicata* effect of the confirmed Plan;

(ii)    barred by the *res judicata* effect of the Claims Adjustment Order; and

(iii)    satisfied and released by reason of Barrow's acceptance and liquidation of New Common Stock distributed to him pursuant to Winn-Dixie's Plan.

On June 13, 2008, Barrow filed the Response, which was merely an unverified reiteration of the same matters set forth in J. Adrian Barrow's Application for Claim Cure (the "Application for Additional Payment"). Barrow's Response did not set forth any specific fact showing that there is a genuine issue for trial in regard to (i) the *res judicata* effect of the confirmed Plan, (ii) the *res judicata* effect of the Claims Adjustment Order, and (iii) Barrow's acceptance and liquidation of New Common Stock distributed to him pursuant to Winn-Dixie's Plan.

Accordingly, because the Response fails to set forth any specific facts showing that there is a genuine issue of fact for trial in this matter, the Reorganized Debtors are entitled to summary judgment as a matter of law. *See, e.g., Rice v. Branigar Org., Inc.,* 922 F.2d 788, 790 (11th Cir. 1991)(the party opposing summary judgment may not rest upon the allegations in his pleadings but must set forth specific facts showing that there is a genuine issue for trial); *In re Pierre,* 198 B.R. 389, 392 (Bankr.S.D.Fla.1996)(once a motion for summary judgment is supported by a prima facie showing that the movant is entitled to a judgment as a matter of law, the respondent may not rest upon the allegations in his pleadings but must set forth specific facts showing that there is a genuine issue for trial).

**<u>Conclusion</u>**

For the foregoing reasons, Winn-Dixie respectfully requests the Court to enter summary final judgment against Barrow which denies his Application for Additional Payment.

                        SMITH HULSEY & BUSEY


                        By    /s/ *Leanne McKnight Prendergast*
                              James H. Post
                              Leanne McKnight Prendergast

                        Florida Bar Number 0059544
                        225 Water Street, Suite 1800
                        Jacksonville, Florida 32202
                        (904) 359-7700
                        (904) 359-7708 (facsimile)
                        lprendergast@smithhulsey.com

                        Attorneys for Reorganized Debtors

Certificate of Service

I certify that a copy of the forgoing was served by mail to J. Adrian Barrow at Post Office Box. 350423, Jacksonville, Florida 32235, on this 20th day of June, 2008.

                                                       */s/Leanne McKnight Prendergast*
                                                                               Attorney

00613798