UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
JACKSONVILLE, FLORIDA

JUN 2 3 2008

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:                                    CASE NO 05-03817-3F1

WINN-DIXIE STORES INC et all              Chapter 11

Reorganized Debtors                       Jointly Administered

## OPPOSITION TO DISALLOWANCE OF CLAIM
## CLAIM #12570

Claimant, Sunday N. Udoinyion hereby files this notice of opposition to disallowance of above claim. A copy of this notice is being served on Leanne McKnight Prendergast of Smith Hulsey & Busey, Attorney for Winn-Dixie via facsimile 904-359-7708

Similar disallowance letter dated March 5, 2007 was sent to Claimant by Winn-Dixie Attorney which Claimant timely opposed.

**In an Order signed by the Hon. Judge Jerry A. Funk dated 9th day of April 2007, this claim was given <u>priority</u> to be settled but Winn-Dixie and its Attorney has failed to settle as at today's date, but has intended again to disallow this claim.**

*Current intent to disallow this claim including the amended objection has not been served on Claimant properly per due process of law.* Before the Memorial day Claimant received a phone call from Leanne McKnight Prendergast telling Claimant to come for a hearing in Florida, and promised to call back with a date after Memorial day. Leanne did called as promised and set a date for July 10, 2008. Claimant persuaded Leanne to send the invitation request in writing.

Claimant received a <u>notice of what was meant to be hearing</u> but turned to be <u>Amended objection to claim and disallowance including a date line to respond.</u>

1

When Leanne called Claimant over the phone she did <u>not disclose</u> the amended objection and disallowance to claim and dateline to respond. Leanne wanted to give this surprise to Claimant on July 10, 2008 which is illegal and unconstitutional, but decided to include this after Claimant demanded the invitation in writing.

Claimant hereby as shown above opposes the disallowance of claim, the amended objection of claim which were not properly served on Claimant. Claimant also disputes, contests the alleged intent to dispute Claimant's claim. Claimant also disputes, contests the alleged No Liability. Claimant also disputes, contests the alleged expiration of claim and the alleged statute of limitation.

Claimant also disputes the alleged July 1, 2008 dead line to respond as Attorney for Winn-Dixie is using this date line as a means to dismiss Claimant's claim which they had attempted to dismiss for years now. This is illegal and unconstitutional. <u>This date line does not come from the court and therefore illegal</u>. Claimant is attempting to respond in a timely manner not because of date line.

<u>Statute of Limitation</u>

Claimant is not responsible for alleged statute of limitation and alleged expiration and and therefore dispute in its entirety because Winn-Dixie and its Attorney have refused to settle the claim in spite of the fact that it was put on priority by the Judge.

<u>Liability</u>

Winn-Dixie is responsible is for the action of their Employee, Cardora Holt in her official

2

capacity and attacking the Claimant as a customer in their store, therefore Winn-Dixie is liable

Respectfully submitted
Dated June 19, 2008

*[signature]*

Sunday N. Udoinyion
Claimant

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a copy of this opposition to disallowance of claim to Leanne McKnight Prendergast Attorney for Win-Dixie via facsimile 904-359-7708

*[signature]*

Sunday N. Udoinyion
Claimant
678-887-8093