UNITED STATES BANKRPUTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC.,              Case No. 3:05-bk-03817-JAF

    Debtor.                           Chapter 11 – Jointly Administered

_____/

## MOTION OF MARK RONALD BRIGGS TO DEEM
## APPLICATION FOR ADMINISTRATIVE EXPENSE TIMELY FILED

Now Comes Mark Ronald Briggs (the "Movant"), by and through undersigned counsel, to file this, his motion for the entry of an order (the "Motion") deeming the Application for Administrative Expense Status (attached as hereto as Exhibit A) (the "Application") timely filed and in accordance with the Court's Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Doc. 12440), which, *inter alia*, established an administrative claims bar date of January 5, 2007.

## BACKGROUND

1. On or about August 29 2006, Mark Ronald Briggs sustained personal injuries to his left wrist at Winn-Dixie Store # 2233 operated by Winn-Dixie Stores, Inc. (one of the Affiliated Debtors), located at 951 State Road 434, Longwood, Florida ("Winn-Dixie") as a direct result of Winn-Dixie's negligence.

2. On or about September 23, 2006, Movant retained Mr. Richard C. Gorey, of Ponte Vedra Beach, Florida ("Mr. Gorey") to prosecute any and all claims arising from, among other actions, the negligence of Winn-Dixie.

3. Shortly after their retention, Mr. Gorey engaged in a dialogue with, and

exchanged information regarding Movants' claims and injuries with the third-party administrator for Winn-Dixie, namely Sedgwick Claims Management Services, Inc. ("Sedgwick"). In fact, Sedgwick contacted Mr. Gorey to obtain further information, including a recorded statement from the injured plaintiff, "…before we [Sedgwick] make any decisions determining eligibility." At no time did Sedgwick or Winn-Dixie inform Mr. Gorey that Winn-Dixie had shortly theretofore filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on February 21, 2005 (the "Petition Date").

4. Further, Mr. Gorey did not receive any notice of the Administrative Claims Bar Date. Indeed, neither the Movant (who also was not notified), nor Mr. Gorey knew anything of the Winn-Dixie bankruptcy proceedings in Jacksonville, Florida.

## **MEMORANDUM OF LAW**

It is well established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (1968) (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr.S.D.Fla. 1994). Moreover, the Bankruptcy Code provides that "(a)n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." 11 U.S.C. § 503(a). In the case of a post-petition claim filed after a bar date, bankruptcy courts have used the "excusable neglect" standard of Fed. R. Bankr. P. 9006(b)(1) in the context of a Section 503(a) application for administrative expense. *See, In re: Bicoastal Corp.,* 147 B.R. 258 (MD. Fla. 1992); *In re: Reams Broad. Corp.,* 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993). In

essence, the court is permitted to exercise its discretion "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the movant's control." *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507 U.S. 380 (1993).

In *Pioneer*, the United States Supreme Court explicitly rejected a narrow interpretation of the term "excusable neglect" under Rule 9006(b)(1). *Id.* at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control"). A post-petition claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *See, Banco Lation International v. Lopez (In re: Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (*citing Pioneer*); *See also In re: Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997).

As noted previously by this Court, *Pioneer* mandates a "balancing test" of four considerations. *See, In re: Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). Those considerations include: (a) the reason for the delay and whether it was in control of the claimant; (b) the length of delay and potential impact on judicial proceedings; (c) the danger of prejudice to debtor; and (d) whether the claimant acted in good faith. *Id. at 646.*

### Movant's Failure to File Administrative Claim was Excusable Neglect

#### a. Delay was Outside the Control of the Movants.

As set forth above, neither Movants nor Mr. Orrill received any notice of an Administrative Claims Bar Date in the Winn-Dixie bankruptcy case. In fact, Mr. Gorey

had no knowledge that Winn-Dixie had invoked the protection of the bankruptcy court at all. By contrast, Winn-Dixie and Sedgwick both had actual notice of the Movants' claims and the Movants' attorney of record well in advance of the Administrative Claims Bar Date; continued to defend against the Movants' claims in a typical manner as if Winn-Dixie had not filed a petition for bankruptcy protection (e.g. did not inform Mr. Gorey of the imposition of the automatic stay after the Petition Date); and did not inform Plaintiffs' Counsel that this Court had exclusive jurisdiction over the Movant's claims. As stated by Richard C. Gorey, Esq. with the law firm of Richard C. Gorey, P.A., 200 Executive Way, Suite 200, Ponte Vedra Beach, Florida 32082 (the "Plaintiffs' Firm"), Mr. Gorey had no knowledge of the Administrative Claims Bar Date or of the Winn-Dixie bankruptcy proceeding. As such, the delay in filing the Application was not within the control of the Movants.

### b. Length of Delay and Potential Impact on Judicial Proceedings

The Application is being filed promptly after the Plaintiffs' Firm received correspondence from administrator for Winn-Dixie, namely Sedgwick Claims Management Services, Inc. Because, *inter alia*, the Court has confirmed Winn-Dixie's Plan of Reorganization approved by the Winn-Dixie's creditors, the judicial proceedings in this case will not be affected substantially if the Court grants this Motion.

### c. Prejudice to the Debtors

There can be little, if any, prejudice to Winn-Dixie if the Application is deemed timely filed. Winn-Dixie had actual notice of the Movants' personal injury claims prior

to the January 5, 2007 bar date. Indeed, Winn-Dixie, through its administrator for Winn-Dixie, namely Sedgwick Claims Management Services, Inc., engaged in significant discussions with Mr. Gorey (or his firm) regarding the value of the Movants' claims. Winn-Dixie knew the extent of any potential monetary exposure the Movants' claims presented prior to filing its Joint Plan of Reorganization, which provided for treatment of the Movants' claims.

Moreover, allowing the Application will not deprive the Winn-Dixie of its ability to defend against the Movants' claims on the merits; on the other hand, not allowing the Application will deprive the Movants any and all recourse for their claims.

### d. The Movants' Application is Filed in Good Faith

The Movants' actions in this case were, without question, undertaken in good faith. At no point have the Movants delayed the reorganization process or otherwise "sat on their rights", and there is and can be no suggestion that they have acted improperly in any fashion. Similarly, Mr. Gorey's inadvertent failure to file the Application prior to the Administrative Claims Bar Date cannot be attributed to him or to the Movants. Instead, the failure was an honest mistake resulting from Movants' and Mr. Gorey's (and his firm) failure to receive any notice of the claims bar date.

### Conclusion

Each of the foregoing equitable considerations weighs heavily in favor of the granting of the relief sought in this Motion. The treatment of the Movants' Application as timely- filed will permit their claims to be resolved on its merits. Such relief will in no way prejudice Winn-Dixie, Inc. or its Affiliated Debtors, and will serve to protect the

Movants' rights to recover for their damages, and is consistent with the letter and policy of the United States Bankruptcy Code.

**Wherefore,** Mark Ronald Briggs request that the Court enter an order:

(A) deeming the Application attached as Exhibit "A" timely filed;

(B) granting the Movants' any such other and further relief to which they may be entitled.

Dated: May 13, 2007

/s/ RICHARD C. GOREY, ESQ.
RICHARD C. GOREY, ESQ.
Florida Bar No.: 0483109
RICHARD C. GOREY, P.A.
200 Executive Way, Suite 200
Ponte Vedra Beach, Fl 32082
Tel: 904-982-2436
Fax: 904-285-1002

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2008 I filed this **MOTION OF MARK RONALD BRIGGS FOR LEAVE TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq., and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/Richard C. Gorey

# EXHIBIT A

**UNITED STATES BANKRPUTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

WINN DIXIE STORES, INC.,                Case No. 3:05-bk-03817-JAF

    Debtor.                              Chapter 11 – Jointly Administered

_____/

### APPLICATION OF MARK RONALD BRIGGS FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION PERSONAL INJURY CLAIM)

    COMES NOW the Movant(s), MARK R. BRIGGS ("Movant"), by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving this application to have an allowed administrative claim against the Estate, and to authorize payment of the claim, and would show:

    1.    On February 21, 2005 the Debtors filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code (Petition Date").

    2.    The Court confirmed the Debtor's Plan of Reorganization. The effective date of the Plan is November 21, 2006 ("Effective Date").

    3.    On or about August 29, 2006, Movant was injured at the Winn Dixie store located at 951 State Road 434, Longwood, Fl (Store No. 2233) as a result of Winn Dixie's negligence. As a proximate result of the negligence, Movant suffered damages.

    4.    The Movant's injury and damages resulted from the ordinary business operations of the Debtors between the Petition Date and the Effective Date of the Debtor's Plan of Reorganization.

    5.    The Movant's personal injury has not yet been liquidated.

    6.    Pursuant to the Plan of Reorganization confirmed by the Court, a bar date of January 5, 2007 has been set for post-petition claimants to file administrative expense claims.

    7.    The Movant learned of the administrative claims bar date after the bar date and/or the Movant's failure to file the application for an administrative claim prior to the bar date resulted from excusable neglect. A separate Motion pursuant to Bankruptcy Rule 9006 requesting the Movant's claim be deemed as timely filed will be filed with the Court.

8.      The Court may award an administrative expense priority under § 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate..." 11 U.S.C. § 503(b)(1). Damages for injuries arising from a post-petition tort committed by a debtor are entitled to administrative expense status. 1

9.      Pursuant to 11 U.S.C. § 503(b)(1), the Movant respectfully requests the Court enter an Order allowing the post-petition claim as an administrative expense claim. Upon liquidation of the Movant's post-petition claims (either through settlement by the parties or a judgment entered by a court of competent jurisdiction), the Movant requests the Court enter an Order requiring the Debtor to pay the allowed administrative claim in full.

10.     The Movant requests that all future pleadings and notices regarding or related to the Movant's Application or claim be served upon:

> Mark R. Briggs
> C/o Richard C. Gorey, Esq.
> 200 Executive Way, Suite 200
> Ponte Vedra Beach, Fl 32082

WHEREFORE, the Movant respectfully requests the Court enter an Order granting the relief requested, approving the Application, and for such further relief as the Court finds just.

> /s/ RICHARD C. GOREY, ESQ.
> RICHARD C. GOREY, ESQ.
> Florida Bar No.: 0483109
> RICHARD C. GOREY, P.A.
> 200 Executive Way, Suite 200
> Ponte Vedra Beach, Fl 32082
> Tel: 904-982-2436
> Fax: 904-285-1002

---

1 *See, e.g., reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (Holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft corp.*, 169 B.R. 766 (Bkrtcy.S.D.Fla.1994). As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefited the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, inc.*, 732 F.2d 584 )7th Dir.1984); *Seidle v. United States (In re Airlift)*, 97 B.R.664.668 (Bankr. S.D.Fla.1989).

Case 3:05-bk-03817-JAF   Doc 20841   Filed 06/23/08   Page 9 of 10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Application for Allowance of Administrative Expense was furnished by electronic or standard mail to the parties listed below on this 31st day of July 2007.

/s/RICHARD C. GOREY, ESQ.

Winn Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, Fl 32254-3699

James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, Fl 32202

Mathew Barr, Esq.
Milbank, Tweed, et al
1 Chase Manhattan Plaza
New York, NY 10005