**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**(Jacksonville Division)**

| | | |
|---|---|---|
| In re: | ) | Case No.: 05-03817-3F1 |
| | ) | |
| Winn-Dixie Stores, Inc., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| _____/ | | |

### 2ND AMENDED MOTION TO ACCEPT LATE FILING OF CREDITOR'S ADMINISTRATIVE CLAIM DUE TO EXCUSABLE NEGLECT

COMES NOW, Mr. Leo Hearn ("Applicant"), by and through the undersigned attorneys, and hereby requests this court to accept his late filed claim for Administrative Expense pursuant to Rule 9006(b)(1), based upon excusable neglect, and as grounds thereof would state the following:

1. Bankruptcy Rule 9006(b)(1), allows a court to permit late filings where the movant's failure to comply with a deadline "was the result of excusable neglect." A liberal standard is applied to the court's evaluation procedures in determining "excusable neglect." Pioneer Investment Services v. Brunswick Associates, 507 U.S. 380, 113 S.Ct. 1489 (1993).

2. On or about June 20, 2006, applicant's counsel filed a Notice of Claim with Logan and Company, for bodily injuries applicant sustained from a slip and fall incident which occurred in Winn Dixie Store # 0306 on February 19, 2006. (See **Exhibit "A"**, copy of Proof of Claim.)

3. Supporting documentation consisting of medical records, bills and applicant's theory of liability were also provided along with the Proof of Claim form.

*4.* On June 13, 2006, debtor's claims examiner, Gloria Davis confirmed in writing receipt of applicant's claim and thereafter negotiations ensued towards settlement of this claim.  (See **Exhibit "B"**, *letter from Gloria Davis, dated 6/13/06.*)

5. Nearly 2 years later, in response to a follow-up call for status on this claim, Ms Davis disclosed that her file was closed because the Notice of Claim form was improperly filed instead of an Application for Allowance of an Administrative Expense.   The deadline for said application was January 7, 2007.

6. Undersigned counsel, having represented other clients against Winn Dixie, had previously filed similar Notices of Claims and therefore inadvertently assumed it was the same procedure for Mr. Hearne's case.

7. Moreover, because the claim was formally accepted in writing by debtor's own claims examiner along with subsequent communication efforts towards settlement, plus having received no indication whatsoever of improper documentation up to that point, counsel assumed for all intents and purposes that applicant's claim was properly filed.

## EXCUSABLE NEGLECT

8. Where a movant's failure to comply with a deadline was the result of excusable neglect caused by inadvertence, mistake, or carelessness, the U.S. Supreme Court has held that courts are permitted to accept late filings.   See *Pioneer* at 380.

9. In this case, counsel's excusable neglect resulted from her improper assumption that this claim was correctly filed since she had used the same procedures in other cases against this debtor and also since debtor's own claims examiner acknowledged the claim and seemed to indicate by her conduct and

communications that the claim was properly filed and further she displayed a specific interest and willingness to consider this case for settlement.

10. An attorney's inadvertent failure to timely file a claim can constitute "excusable neglect" within the meaning of Rule 9006(b)(1). Pp. 1494-1499.  In this case, counsel's delay in timely filing the Application for Administrative Expense is based purely upon mistake, inadvertence or carelessness due to counsel's mistaken belief that this claim was correctly filed by the Notice of Claim. Such actions were not deliberate and amounts to "excusable neglect"  allowing applicant leave to file his claim late.

11. "Congress plainly contemplated that courts would be permitted to accept late filings caused by inadvertence, mistake or carelessness, not just those caused by intervening circumstances beyond the party's control."   *Pioneer* at 381.  This understanding also accords with the underlying policies of Chapter 11 and the bankruptcy rules, which entrust broad equitable powers to the courts. *Id*.

12. The <u>length</u> <u>of</u> <u>delay</u> in filing a request to deem a claim as timely filed is inconsequential to a finding of "excusable neglect." See *In Re Premier Membership Services*, 276 B.R.709, 39 Bankr.Ct. Dec. 129, (the mere length of delay alone is not in any way dispositive except to the extent that the delay affects judicial proceedings.)  See also, *Sacred Heart Hospital*, 186 B.R. at 895 (even a long and logically unjustified delay which has no significant impact on the debtor's case should often be deemed excusable.)

13. Moreover, in this case, since there still exists substantial matters to be resolved, the late filing of Mr. Hearne's "Application for Administrative Expense" will not

interfere with, or delay debtor's plan; nor will it bear any impact on the judicial proceedings.  Thus, this court should permit the late filing of this application.

WHEREFORE, upon the foregoing reasons, applicant, Mr. Leo Hearne, respectfully request this court find that the late filing of his "Application for Administrative Expense" is a result of "excusable neglect" based on mistake, inadvertence or carelessness and thus allow his claim to be filed at this time, and any other relief this court deems just and proper.

Respectfully Submitted,

CAZEAU, LINTON BARNES, LLC
633 NE 167 Street – Suite 1025
No. Miami Beach, FL 33162
Email: cdbclblaw@bellsouth.net
Tel:  305-381-6002
Fax:  305-381-6808

By: _____
Cheryl D. Barnes, Esq.
Florida Bar No. 179116