UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

AGREED ORDER OF
RESOLUTION OF THE LITIGATION CLAIMS OF
SHAUN KEVIN JOHNSON, MICHELLE SUE JOHNSON
AND MICAH NICOLE JOHNSON (CLAIM NOS. 13827, 13828,
13829, 12352, 12353, 12354, 12355, 12356, 12357, 12358, 12359 AND 12360)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and its affiliates (collectively, the "Reorganized Debtors") and claimants, Shaun Kevin Johnson, Michelle Sue Johnson and Micah Nicole Johnson (collectively the "Claimants"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). Based upon the consent of the parties appearing below, and it appearing to the Court that the proposed Agreed Order is for an agreed amount less than the $250,000 notice threshold established in the Claims Resolution Procedure and the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, as modified (the "Plan"), it is

ORDERED AND ADJUDGED:

1. Claim Nos. 13827, 13828 and 13829 are allowed in the total sum of $150,000.00 as Class 16 Other Unsecured Claims under the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Plan") to be paid as follows:

   a. Claim No. 13827 filed by Shaun Kevin Johnson is allowed in the amount of $50,000.00 as a Class 16 Other Unsecured Claim under the Plan;

   b. Claim No. 13828 filed by Michelle Sue Johnson is allowed in the amount of $50,000.00 as a Class 16 Other Unsecured Claim under the Plan; and

   c. Claim No. 13829 filed by Micah Nicole Johnson is allowed in the amount of $50,000.00 as a Class 16 Other Unsecured Claim under the Plan.

2. This Agreed Order resolves (i) all liabilities and obligations between the Claimants and the Reorganized Debtors related to Claim Nos. 13827, 13828 and 13829 and (ii) all other claims, including but not limited to Claim Nos. 12352, 12353, 12354, 12355, 12356, 12357, 12358, 12359 and 12360, the Claimants have or may have against the Reorganized Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

3. Pursuant to the Plan, distribution will be made on the allowed Claims (i) to the persons and addresses as set forth in the proof of claim forms filed on behalf of the Claimants and (ii) at such time as required by the Plan.

4. The Claimants will dismiss with prejudice any legal proceeding commenced by the Claimants against the Reorganized Debtors in this Court or in any other forum, including but not limited to the action filed on behalf of Shaun Kevin Johnson, et al. against Winn-Dixie Stores, Inc., et al., in the Circuit Court of Baldwin County, Alabama, Case No. CV-05-1121, and pay all applicable court costs, if any.

5. The Reorganized Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability. The Claimants, not the Reorganized Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement, except those Medicare liens or claims released by the United States Department of Health and Human Services pursuant to the Agreed Order entered by this Court on March 9, 2007 (Docket No. 15439).

4

6.  Co-counsel for claimants, Charles R. Godwin, Esq., represents that he has the authority to enter this settlement on behalf of claimant Micah Nicole Johnson, who is a minor, and that he shall take all actions necessary, if any, under Alabama law to finalize a settlement with a minor.

7.  The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Done this 27 day of June, 2008, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copies to:
James H. Post
[James H. Post is directed to serve a copy of this order on the Claimants and file a proof of service.]

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| **SMITH HULSEY & BUSEY** | **WILCOX LAW FIRM** |
| By  *s/James H. Post* <br>     James H. Post <br>     Leanne McKnight Prendergast <br><br> Florida Bar Number 175460 <br> 225 Water Street, Suite 1800 <br> Jacksonville, Florida  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> jpost@smithhulsey.com <br><br> Counsel for Reorganized Debtors | By  *s/ Robert D. Wilcox*\* <br>     Robert D. Wilcox <br><br> Florida Bar Number 755168 <br> 6817 Southpoint Parkway, Suite 1202 <br> Jacksonville, FL 32216 <br> (904) 281-0700 <br> (904) 513-9201 Fax <br> rwilcox@wilcoxlawfirm.com <br><br> -and- <br><br> Charles R. Godwin, Esquire <br> Alabama Bar ID GOD004 <br> 10388 Highway 31 <br> Atmore, Alabama 36502 <br> (251) 368-1417 <br><br> Attorneys for Shaun Kevin Johnson, Michelle Sue Johnson and Micah Nicole Johnson <br><br> \* Counsel has authorized the use of his electronic signature. |

00603519