**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN DIXIE STORES, INC., et al,                    Case No. 05-3817-3F1
                                                   Chapter 11
Debtors                                            Jointly Administered

_____/

<u>**NOTICE OF TAKING CORPORATE REPRESENTATIVE DEPOSITION DUCES TECUM**</u>

Plaintiffs request that the **Corporate Designee(s) for Winn Dixie Stores, Inc.,** designate one or more officers, directors, or managing agents, or other person(s) who consent to testify on its behalf to appear for deposition on **July 31, 2008, at 1:00 p.m.** at the law offices of Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, and to bring with him or her those documents requested in Attachment "A" attached hereto. Such deposition to continue from day to day until completed. The corporate designee or designees should be the person or persons with the most knowledge regarding the matters set forth in attachment "B."

                              **HEEKIN, MALIN, WENZEL & NEW, P.A.**


                              By:  /s/ N. Mark New, II
                              N. Mark New, II, Esquire
                              Florida Bar No. 0476773
                              P.O. Box 477
                              Jacksonville, FL 32201
                              Telephone No.: 904-355-7000
                              Facsimile No.: 904-355-0266
                              Attorney for Plaintiffs
                              hmw@jax-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to Cynthia Jackson, P.O. Box 53315, Jacksonville, FL 32201.


_____/s/ N. Mark New, II_____

Attorney

### ATTACHMENT "A"

1.   Copies of any and all writings of any type, notes, journals, diaries, summaries, transcripts, tape recordings, notes or logs of any conversations involving the Landlord and any employee, director, officer or manager of the Tenant from January 1, 2000 through the present.

2.   Any and all documents which relate or refer to repairs made to the roof of the Property from January 1, 2000 through the present.

3.   Any and all documents which relate or refer to demands for the Landlord to repair the roof of the Property from January 1, 2000 through the present.

4.   Any and all documents which relate or refer to correspondence with any third parties relating to the roof from January 1, 2000 through the present.

5.   Any and all documents which relate or refer to correspondence with any third parties relating to repairs to the roof from January 1, 2000 through the present.

6.   Any and all documents which relate or refer to demands or requests for prepayment or reimbursement from the Landlord for repairs made to the roof of the Property from January 1, 2000 through the present.

7.   Copies of any and all records, transcriptions, written statements or other reductions to writing of interviews or conversations with the Landlord concerning the roof of the Property from January 1, 2000 through the present.

8.   Copies of any and all records, transcriptions, written statements or other reductions to writing of interviews or conversations with any person or entity concerning the roof of the Property from January 1, 2000 through the present.

9.   Copies of any and all photographs, video tapes, models, maps or other reproductions in the possession of the Defendants, their agents or employees, that refer or relate to the roof or repair to the roof from January 1, 2000 through the present.

10.  Copies of any and all statements obtained from or purportedly made by the Landlord, its agents or employees, whether written, transcribed, taped or otherwise memorialized, and any and all memorandum made with respect thereto, which relate to any repair of the roof on the Property from January 1, 2000 through the present.

11.  Copies of any and all statements obtained from or purportedly made by any witness to any material fact related to the roof of the Property, whether written, transcribed, taped or otherwise memorialized, and any and all memorandum made with respect thereto from January 1, 2000 through the present.

12.  The entire investigation file of the Tenants, its agents or employees, pertaining to the repairs made to the roof of the Property from January 1, 2000 through the present.

13.  The entire investigation file of the Tenants, its agents or employees, pertaining to any demands for Landlord to repair the roof of the Property from January 1, 2000 through the present.

14.   The entire investigation file of the Tenants, its agents or employees, pertaining to any correspondence with any third parties relating to the roof from January 1, 2000 through the present.

15.   The entire investigation file of the Tenants, its agents or employees, pertaining to any correspondence with any third parties relating to repairs to the roof from January 1, 2000 through the present from January 1, 2000 through the present.

16.   The entire investigation file of the Tenants, its agents or employees, pertaining to any demands or requests for prepayment or reimbursement from the Landlord for repairs made to the roof of the Property from January 1, 2000 through the present.

17.   Any and all documents which support or substantiate the claims asserted by the Tenant that the Landlord should be responsible for any repair made to the roof of the Property from January 1, 2000 through the present.

18.   Copies of any and all letters, notes, correspondence, paperwork or other documents between the Landlord its agents or employees and the Tenants, its agents or employees, at any time from January 1, 2000 through present, which reference the roof of the Property.

19.   Copies of any and all written agreements or contracts, or other similar arrangements by or between the Landlord and the Tenant regarding the Property, the roof of the Property or repairs to the roof of the Property from January 1, 2000 through the

present.

20.  All documents relied upon and/or referred to by the Tenant in answering the Landlord's First Set of Interrogatories to Tenant from January 1, 2000 through the present.

21.  All documents exchanged and/or correspondence between the Landlord and the Tenant, which pertains to any repairs made to the roof of the Property from January 1, 2000 through the present.

22.  All documents exchanged and/or correspondence between the Tenant and any person or entity regarding the Landlord, the Property and/or any repairs made to the roof of the property from January 1, 2000 through the present.

23.  All documents exchanged and/or correspondence between the Tenant and any person or entity regarding the Landlord, the Property, and/or demands for the Landlord to repair the roof of the Property from January 1, 2000 through the present.

24.  All documents exchanged and/or correspondence between the Tenant and any person or entity regarding the Landlord, the Property, and/or correspondence with any third parties relating to the roof from January 1, 2000 through the present.

25.  All documents exchanged and/or correspondence between the Tenant and any person or entity regarding the Landlord, the Property, and/or correspondence with any third parties relating to repairs to the roof from January 1, 2000 through the present.

26.  All documents exchanged and/or correspondence between the Tenant and any person or entity regarding the Landlord, the

Property, and/or demands or requests for prepayment or reimbursement from the Landlord for repairs made to the roof of the Property from January 1, 2000 through the present.

27. Copies of all letters, notes, memoranda or other documents received by the Tenant from the Landlord or any third party regarding maintenance required for or completed on the roof of the Property from January 1, 2000 through the present.

28. All documents in the possession of the Tenant that reference the roof of the Property from January 1, 2000 through the present.

29. All documents in the possession of the Tenant that reference repairs made to the roof of the Property from January 1, 2000 through the present.

30. All documents in the possession of the Tenant that reference demands for the Landlord to repair the roof of the Property from January 1, 2000 through the present.

31. All documents in the possession of the Tenant that reference correspondence with any third parties relating to the roof of the Property from January 1, 2000 through the present.

32. All documents in the possession of the Tenant that reference correspondence with any third parties relating to repairs to the roof of the Property from January 1, 2000 through the present.

33. All documents in the possession of the Tenant that reference demands or requests for prepayment or reimbursement from

the Landlord for repairs made to the roof of the Property from January 1, 2000 through the present.

34.  Copies of any and all written reports previously furnished to any person regarding the condition of the roof of the Property from January 1, 2000 through the present.

35.  Copies of any and all dairies, daily organizers or other documents of similar nature, kept by, or on behalf of, the Tenant which contain references or information regarding the condition of the roof of the Property from January 1, 2000 through the present.

36.  Copies of any and all calendars or other documents of similar nature, referencing or regarding the maintenance work completed on the roof of the Property from January 1, 2000 by the Tenant to the through the present.

37.  Copies of any correspondence, papers, reports or documents which reflect or depict any proposal or actual invoice for repairs to the roof of the Property from January 1, 2000 through the present.

38.  A copy of any documents exchanged between Tenants and any individual or company considered to complete the repair work on the roof of the Property from January 1, 2000 through the present.

39.  Copies of any documents, by whatever nature, called or styled, which allegedly gave Landlord notice that the roof of the Property was in need of repairs from January 1, 2000 through the present.

40.  Copies of any documents, by whatever nature, called or

styled, which support an assertion that the repairs conducted on the roof of the Property were "emergency repairs" from January 1, 2000 through the present.

41.   To the extent not previously requested, all demands for repair to the roof of the Property provided to Landlord by Tenant from January 1, 2000 through the present.

42.   To the extent not previously requested, all quotes, bids invoices, or other documentation from any company which Tenant considered hiring to repair the roof of the Property from January 1, 2000 through the present.

43.   To the extent not previously requested, all documents describing evidence of the damage to the roof of the Property from January 1, 2000 through the present.

44.   To the extent not previously requested, all documents describing the damage to the roof of the Property from January 1, 2000 through the present.

**ATTACHMENT "B"**

1.    The condition of the roof prior to the repairs made at Winn Dixie's direction.

2.    The roof repairs made at Winn Dixie's direction.

3.    Any correspondence with any entities regarding the roof repairs.

4.    Any documents that refer or relate to the took repairs.

5.    The authenticity of any and all documents produced by Winn Dixe in response to Northway/DBR's Request for Production.