**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors, *et al.*, | ) | Jointly Administered |
| _____ | ) | |

**DEBTORS' MOTION FOR SANCTIONS AGAINST
NATUROPATHIC LABORATORIES INTERNATIONAL, INC., AND
ITS AGENTS FOR FAILURE TO APPEAR FOR DEPOSITION
AND ALTERNATIVE MOTION TO CONTINUE THE TRIAL**

Winn-Dixie Stores, Inc. and its reorganized debtor affiliates (collectively, the "Debtors"), move the Court, pursuant to Rules 7037 and 9014, Federal Rules of Bankruptcy Procedure, for the entry of an order sanctioning Claimant Naturopathic Laboratories International, Inc. ("Naturopathic") and its agents, Triax Capital Advisors, LLC and Joseph E. Sarachek, for Naturopathic's failure to appear for its properly noticed deposition, or in the alternative continuing the trial on the Debtors' Objection to Claim Number 10926 filed by Naturopathic (the "Objection"), which trial is currently scheduled for July 17, 2008 at 1:30 p.m., and in support thereof say:

1. On February 21, 2005, the Debtors each filed voluntary petitions under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2. Prior to the Petition Date, the Debtors purchased arthritis medication and related products from Naturopathic.

3. On July 29, 2005, Naturopathic filed proof of claim number 10926 as an unsecured claim in the amount of $77,168.40 (the "Claim").

4.  On April 18, 2006, Debtors filed an objection to the Claim in its ninth omnibus objection (the "Objection") (Docket No. 7263).

5.  On May 25, 2006, Naturopathic filed a response in opposition to the Objection (the "Response") (Docket 8081).

6.  In its Response, Naturopathic alleged that the Debtors improperly deducted the sum of $77,168.40 from its payments for goods sold.

7.  The Debtors' books and records show, however, that the payment deductions were proper.

8.  On June 23, 2008, after the settlement negotiations had reached an impasse, the Debtors and their counsel served a Rule 7030(b)(6) notice of deposition upon Naturopathic, a copy of which is attached as Exhibit A (the "Notice of Deposition").

9.  On that same day, June 23, 2008, counsel for the Debtors notified counsel for Naturopathic by e-mail of the Debtors' willingness to reschedule the deposition if there was a date more convenient for the witness, and also referencing the July 7, 2008 discovery cut-off date. A copy of the June 23 e-mail is attached as Exhibit B.

10. On June 25, 2008, counsel for the Debtors was informed by counsel for Naturopathic by telephone that his firm was no longer authorized to represent Naturopathic in connection with the Claim, and that Joseph Sarachek of Triax Capital Advisors, LLC ("Sarachek") would be handling the Claim as the agent of Naturopathic. During that telephone call, counsel for Naturopathic confirmed that he had informed Sarachek about deposition of Naturopathic scheduled for July 3, 2008.

11. On that same day, June 25, 2008, Sarachek and Debtors' counsel exchanged emails by which the deposition of Naturopathic's bookkeeper was confirmed for "July 3 at 9:30." A copy of this e-mail exchange is attached as Exhibit C.

12. On July 2, 2008, the afternoon before the deposition, Sarachek told counsel for the Debtors by telephone that the person designated under Rule 7030(b)(6) by Naturopathic, its controller, would not be appearing for the deposition. Sarachek offered no reason why Naturopathic was refusing to appear at the deposition. Although counsel for the Debtors advised Sarachek that the Debtors had not excused Naturopathic from appearing for deposition and that Naturopathic had no right to cancel the deposition, Sarachek merely reiterated that the controller would not be appearing for her deposition.

13. Naturopathic failed to appear at the deposition scheduled for July 3, 2008. A certificate of non-appearance was filed with the Court (Docket 20919), a copy of which is attached as Exhibit D.

14. The undersigned counsel conferred with in good faith with Sarachek prior to filing this motion, but was advised that Naturopathic would not appear for the noticed deposition.

**Memorandum of Law**

Pursuant to Rule 7037(d)(1)(A)(i), Federal Rules of Bankruptcy Procedure, the Court may sanction a party based upon the failure of the person designated under

Rule 7030(b)(6), after being served with proper notice, to appear for deposition. In addition to the payment of reasonable expenses and attorneys' fees, the sanctions may include any of the orders listed in Rule 7037(b)(2)(A)(i)-(vi), Federal Rules of Bankruptcy Procedure:

> (i) directing that matters embraced in the order or other designated facts be taken as established for the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part; and
>
> (iv) rendering a default judgment against the disobedient party.
>
> *Rule 7037(b)(2)(A)(i)-(vi), Federal Rules of Bankruptcy Procedure*.

Naturopathic's flagrant refusal to appear for its deposition demonstrates bad faith and callous disregard of its responsibilities as a claimant in these Chapter 11 cases. This Court should strike its proof of claim as the appropriate sanction for this flagrant and contemptuous conduct.

In the alternative, the Debtors request that the Court enter an order (i) compelling Naturopathic to appear at a rescheduled deposition, (ii) continuing the trial until a date after the rescheduled deposition, (iii) ordering Naturopathic,

4

Saracheck, and Triax Capital Advisors, LLC, jointly and severally, to pay the Debtors' expenses and attorneys' fees incurred in connection with the July 3, 2008 deposition, this Motion and hearing, and (iv) for such other relief as the Court deems appropriate.

Dated: July 8, 2008

                        SMITH HULSEY & BUSEY

                        By   */s/ Leanne McKnight Prendergast*
                             James H. Post
                             Leanne McKnight Prendergast

                        Florida Bar Number 59544
                        225 Water Street, Suite 1800
                        Jacksonville, Florida  32202
                        (904) 359-7700
                        (904) 359-7708 (facsimile)
                        lprendergast@smithhulsey.com

                        Counsel for the Reorganized Debtors

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |

## NOTICE OF DEPOSITION

Please take notice that beginning at 9:30 a.m. on July 3, 2008, Debtors will take the deposition of Naturopathic Laboratories, Int'l ("Naturopathic") at the offices of Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, before an officer authorized by law to take depositions. This deposition is being taken for discovery purposes, for use at hearing or trial, or both, in connection with the proof of claim filed by Naturopathic in these cases (Claim No. 10926)(the "Claim") and the Objection thereto filed by Debtors (Debtors' Ninth Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims and (C) Misclassified Claims)(the "Objection"), and shall continue from day to day until completed.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

Pursuant to Rule 7030(b)(6), Federal Rules of Bankruptcy Procedure, Naturopathic is required to designate one or more persons to testify with particularity on its behalf concerning the following matters:

1. All facts, circumstances, events, agreements and documents which support or relate to the Claim.

2. All facts, circumstances, events, agreements and documents which relate to the Objection.

3. All facts, circumstances, events, agreements and documents which relate to the matters set forth in Naturopathic Laboratories International's (Claim No. 10926) Response in Opposition to Debtors' Ninth Omnibus Objection.

4. All facts, circumstances, events, and agreements relating to the testimony or documents which Naturopathic intends to use in support of the Claim at the hearing presently scheduled thereon for July 17, 2008.

Dated: June 23, 2008

SMITH HULSEY & BUSEY

By   */s/ Leanne McKnight Prendergast*
     James H. Post
     Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Counsel for the Reorganized Debtors

<u>Certificate of Service</u>

I certify that a copy of this document has been furnished by mail to Naturopathic Laboratories, Int'l, 620 Fifth Ave., Suite 214, New York, New York, 10020 and by facsimile, email and mail to Scott A. Steinberg, Rattet, Pasternak & Gordon-Oliver, LLP, 550 Mamaroneck Avenue, Harrison, NY 10528, this 23rd day of June, 2008.

                                                              <u>/s/ *Leanne McKnight Prendergast*</u>
                                                                               Attorney

00614140

# EXHIBIT B

## Leanne McKnight Prendergast

| | |
|---|---|
| **From:** | Leanne McKnight Prendergast |
| **Sent:** | Monday, June 23, 2008 3:02 PM |
| **To:** | 'Scott Steinberg' |
| **Subject:** | Notice of Deposition |
| **Importance:** | High |
| **Attachments:** | Notice of Deposition (WD) - Naturopathic Laboratories (00614140).DOC |

Hi Scott. Please find attached a Notice of Deposition for the Naturopathic matter. We'll be serving it by fax too, but I wanted to give you as much heads up as possible. I figured with the discovery cut-off of July 7th looming, we'd better go ahead and get a 30(b)(6) noticed. Let me know if there's a day or 2 around that time that would work better for you or your client rep. Thanks.


Leanne McKnight Prendergast
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7802 (direct)
(904) 353-9908 (fax)

# EXHIBIT C

**Leanne McKnight Prendergast**

| | |
|---|---|
| **From:** | Leanne McKnight Prendergast |
| **Sent:** | Wednesday, June 25, 2008 4:02 PM |
| **To:** | 'Joseph Sarachek' |
| **Subject:** | RE: Naturopathic |
| **Attachments:** | Notice of Deposition (WD) - Naturopathic Laboratories (00614140).DOC¤ |

July 3 at 9:30 a.m.


Leanne McKnight Prendergast
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7802 (direct)
(904) 353-9908 (fax)

---

**From:** Joseph Sarachek [mailto:jsarachek@triaxadvisors.com]
**Sent:** Wednesday, June 25, 2008 3:57 PM
**To:** Leanne McKnight Prendergast
**Cc:** Scott Steinberg
**Subject:** Naturopathic

Leanne, on behalf of Naturopathic, we are unable to accept a claim of $35,000 as settlement for a $77,000 claim. Previously, we were offered a claim of $50,000 which would result in the estate collecting $35,000. Should you wish to discuss this matter further, please contact me. Otherwise, please let me know when you would like to take the deposition of our bookeeper. -Joe



Joseph E. Sarachek
Triax Capital Advisors, LLC
75 Rockefeller Plaza, 16th Fl.
New York, New York 10019
212 265-7013 direct
212 265-6374 fax
914 523-5187 cell


The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

# EXHIBIT D

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| _____ | ) | |

## NOTICE OF FILING

Debtors, Winn-Dixie Stores, Inc. give notice of filing the Certificate of Non-Appearance for the deposition of Naturopathic Laboratories International, Inc. scheduled for July 3, 2008 at 9:30 a.m.

SMITH HULSEY & BUSEY

By  /s/ Leanne McKnight Prendergast
James H. Post
Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Counsel for the Reorganized Debtors

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

## Certificate of Service

I certify that a copy of this document has been furnished by mail to Naturopathic Laboratories International, Inc., 620 Fifth Ave., Suite 214, New York, New York, 10020 and Scott A. Steinberg, Rattet, Pasternak & Gordon-Oliver, LLP, 550 Mamaroneck Avenue, Harrison, NY 10528 and by email to Joseph E. Sarachek, Triax Capital Advisors, LLC, 75 Rockefeller Plaza, 16th Floor, New York, New York 10019 this 3rd day of July, 2008.

                                                          */s/ Leanne McKnight Prendergast*
                                                                    Attorney

615588

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:                                Case No. 05-03817-3F1

WINN-DIXIE STORES, INC.,              Chapter 11
et al.,
                                      Jointly Administered
        Reorganized Debtors.
_____/


CERTIFICATE OF NON-APPEARANCE


    I, Denice C. Taylor, a Notary Public in and for the State of Florida at Large, do hereby certify that I was present with Leanne McKnight Prendergast, Esquire, at 225 Water Street, Suite 1800, Jacksonville, Duval County, Florida, pursuant to Notice of Deposition, for the purpose of taking the deposition of NATUROPATHIC LABORATORIES, INT'L, scheduled to begin at 9:30 a.m. on July 3, 2008, and that the deponent did not appear at that time and place by 10:00 a.m.

    DATED this 3rd day of July, 2008.


                                      _____
                                      Denice C. Taylor
                                      Hedquist & Associates
                                      345 E. Forsyth Street
                                      Jacksonville, Florida   32202


**ORIGINAL**

Certificate of Service

I certify that the foregoing was furnished electronically or by mail to Naturopathic Laboratories International, Inc., c/o Joseph E. Sarachek, Triax Capital Advisors, LLC, 75 Rockefeller Plaza, 16th Floor, New York, New York 10019, and Scott A. Steinberg, Esq. and Robert Rattet, Esq., Rattet, Pasternak & Gordon-Oliver, LLP, 550 Mamaroneck Avenue, Harrison, NY 10528 this 8th day of July, 2008.


   */s/ Leanne McKnight Prendergast*
Attorney

00615463