UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**Re Winn- Dixie case #05-3817-3F1**
**Claim #12570 for $45, 144.50**

F I L E D
JACKSONVILLE, FLORIDA

JUL 0 7 2008

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

**THE HON JUDGE JERRY FUNK**
United States Bankruptcy Judge
Middle District of Florida
300 North Hogan Street
Jacksonville Florida 32202-4267

## BRIEF ON CLAIMANT'S CLAIM AND FAILURE TO SETTLE CLAIM BY WINN-DIXIE
### TESTIMONY FOR JULY 10, 2008 HEARING

NAME OF CLAIMANT – Sunday N. Udoinyion
ADDRESS –Atlanta, Georgia
EDUCATION – BA (Arch. Sc.), M. Arch.
PROFESSION- Architect, Builder, Building Inspector.
COMPANY NAME – Nathan and Nathan Architects, Builders, and Building Inspectors.
REGISTRATION - SBCCI, BOCA, ICC Certified
HOBBY – Tennis

INCIDENT DATE- 4/3/2004    TIME about 2.00 p.m
INCIDENT NARRATION – Claimant was going to the Chamblee Post office to check his mails. From there he decided to stop by Save Rite Grocery Warehouse, formerly Winn-Dixie to shop for grocery. He did not know any employee in this store, neither was he familiar with any employee in this store. He just went there as a customer same as every one else. He was neatly dressed as a human being. He did not dress as a clown, or as a country Jester. He did not drop his pant down that may give cause to any attack from any employee. He did not talk to anybody in the store when he went into the store. He proceeded to shop for what he needed and then headed to one of the registers to get

1

checked out.

A cashier by name Tammara started to check Claimant's grocery. While she and Claimant were bagging at the same time, suddenly, Claimant saw another cashier jumping from her register and leaving her customers and coming to the register where Claimant was checking out. She started grabbing Claimant's grocery throwing them up and down on the check out counter and saying that she was going to bag them. **First**, Claimant extended his friendly warning and thanks to her letting her know that he did appreciate her help and that he and the cashier were taking care of it. She responded by saying that she must bag for Claimant. Next, Claimant extended a **second** friendly warning to her that he did appreciate her help and that he and the cashier were taking care of it. She next responded by saying that she has to bag for Claimant. Claimant told her the **third** time that he and the cashier would take care of it and that he did not need her help. Again she replied that she must bag for Claimant. This was the time that Claimant became suspicious of her and her alleged intention to bag and concluded that her intention was not genuine and neither was it a good customer service intention. If it was a good customer service intention, she would have respected the first friendly warning that Claimant gave to her the first time and left him and his grocery alone.

While the grabbing and throwing of grocery up and down continued, Claimant pleaded with her the **fourth** time to leave and her reply was "I am not leaving". At that point Claimant started to tremble with fear, shivering and shaking, his body temperature stated to rise, his blood pressure rose, his heart beat rate increased. Evidently this was an attack on Claimant. Claimant took courage one more time, the **fifth** time and requested her to

2

leave him and his grocery alone. Her immediate reply was that she was not leaving, while holding to some of the grocery and throwing some into the bag and some up and down on the check out counter and at random. The Manager, Shamica Tate heard it and rushed to the register immediately and ordered her to leave Claimant and his grocery alone but surprisingly she told the Manager that she was not leaving and the Manager resorted to pleading with her the second time to leave but she still refused to leave.

The Manager with anger and frustration left the register to write her up. Then, on her own will, she decided to leave the register, but before she left this drama and the attack scene she grabbed a good number of Claimant's grocery and slammed on the check out counter.

Claimant decided not to take home those grocery that she slammed on the register and messed with, so he told the cashier to wait while he went to get replacement grocery and finally got checked out.

The first thing Claimant did was to go to the Manager and asked her if it was the store policy that employee has to bag grocery for a customer against the customer's will. The manager said "NO" and went on to say that this was the reason she told her to leave Claimant and his grocery alone.

The Manager then apologized for the incident and gave Claimant her name as Shamica Tate, the Manager and attacker's name as Cardora Holt and the phone number of human resources to make complaint. Claimant called the human resources and left message.

On 5/3/2004 a representative by name Anita Searcy called Claimant and offered apology and also offered Claimant a gift certificate which was not acceptable for all he suffered

3

including but not limited to the following.

1) Intentional Infliction of emotional distress
2) Humiliation to a customer
3) Harassment to a customer
4) Attack on a customer
5) Disrespect to a customer
6) Wrongful and unauthorized tampering with customer's grocery
7) Action of hatred to a customer
8) Embarrassment to a customer
9) Act of abuse to a customer.

Effect of the attack. 1) After the attack Claimant became afraid of all human beings.

2) If some one walked behind Claimant, he immediately turn round thinking that the individual may be coming to attack him.

3) He become emotionally distressed and disturbed causing more high blood pressure and prolonged headache.

4) This fearfulness resulted in prolonged thinking, sleeplessness, headache and more high blood pressure

5) He became paranoid followed by high blood pressure, fever and headache

Treatment –Since Claimant could not live his life effectively again due to above problems, he decided to seek medical help.

On 5/6/04 He saw Dr. Robert Dean, a Psychiatrist of Peachtree counseling center who gave him treatment, prescription and advice.

On 6/17/04 he saw another Psychiatrist Dr. Igbal H. Dhanani of 1691 Phoenix Blvd . College Park GA. He was given treatment, prescription and advice.

On 5/20/04 he saw Dr. Christine Bao who treated him for high blood pressure.

On 11/5/05 he saw Dr. Christine Bao who treated him for high blood pressure. The problem was not getting better so he continued to seek help from many medical

4

professionals and Psychologists through out 2006, 2007 and up till the present date including Dr David Ryback, a clinical Psychologist at 1534 North Decatur Rd, Atlanta, Georgia, 30307, Yuki Reese, LCSW, Adult/C&S Clinician, GRN Community Mental Health, 5030 Georgia Belle Court, suite 2036, Norcross GA 30093, Derek O'Brien, M. D. GRN Community Mental Health, 5030 Georgia Belle Court, suite 2036, Norcross Georgia, 30093.

Reasons why Claimant filed the complaint in the court –

1) This is the constitutional right of all law abiding citizens in United States instead of taking the law into ones hand
2) To remind Winn Dixie not to hire irresponsible and non law abiding employees like Cardora Holt who attacked Claimant again.
3) To get redress, relief and compensation because of the attack.
4) Claimant did not file the complaint just to rob Winn Dixie of its fund. He does not believe in robbing people of their funds and do not do it. He does not make a living by filing law suits but works hard to make a living as shown in the introductory Information about himself with regards to his Education, job status and the Architectural and Construction company which he owns and operate.

## NON REASONABLE OFFERS MADE BY WINN-DIXIE

Since the incident, Winn-Dixie has not made any reasonable attempt to settle this matter. They first made an offer of $500.00, followed by $1000.00. These were not acceptable. They made another offer of $2000.00 plus a stock of $10,000.00, followed by another offer of $2000.00 plus a stock of $15,000.00.

Claimant does not know the worth of $10,000.00 and $15,000.00 stock and how to

5

translate these stocks into cash and therefore none of these offers was acceptable.

ILLEGAL PRACTICES MADE BY WINN-DIXIE TO DISMISS CLAIM

1   The Law office of Smith Hulsey & Busey representing Winn-Dixie invited Claimant for a hearing on April 5, 2007. Copy of invitation attached. Claimant appeared for the hearing on the scheduled date, but the Attorney denied inviting Claimant for the hearing in the court and the Judge ordered Winn-Dixie to pay for the fare of Claimant. The Attorney thought that Claimant would not attend the hearing so that they would have reason to request for dismissal.

2   Winn-Dixie illegally wrote on the check stub for payment of the fare "**settlement of all claims**" This check for $387.66 was not a check for settlement of all Claims as stated by Winn-Dixie but for Claimant's fare. This statement was false, misleading, false representation, gross misrepresentation, and fraudulent. Copy of check attached. It took a long time before Winn-Dixie sent the correct check for the fare.

Attached are few treatment information since the incident

Claimant prays for the Honorable Judge to grant relief to Claimant.

Respectfully submitted this 2nd day of June 2008

Sunday N. Udoinyion
P O Box 80903
Chamblee GA 30366
Ph 678-887-8093
CLAIMANT

Certificate of service A copy of this Brief/Testimony has been served on Leanne McKnight Prendergast, Attorney for Winn-Dixie via US mail per the following address- 225 Water street, suite 1800, Jacksonville, Florida 32202

Sunday N. Udoinyion

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In Re:                                  CASE NO 05-03817-3F1

WINN-DIXIE STORES INC. et all         Chapter 11

         Reorganized Debtors            Jointly Administered

LEANNE McKnight Prendergast
225 Water Street
Suite 1800
Jacksonville
Florida 32201-3315

**Reference your letter dated June 27, 2008**
**Opposition to the content of the letter**
**Claim #12570**

Claimant Sunday N. Udoinyion hereby opposes, disputes in its entirety the content of your above letter which states without limitation as follows:

1 That if claim is allowed, it will be paid in stock. Winn-Dixie offered to settle claim in cash before by offering Claimant $500.00, $1000.00, $2000.00 which were not acceptable. Winn-Dixie continued to delay settlement till today's date. This is not the fault of Claimant. Claimant does even know how to translate stock to cash and the amount cash if any this stock will translate to.

2 That after the hearing on July 10, 2008, Claimant will not be entitled to file the complaint in the State court. If the case is not resolved in the hearing, Claimant can re-file this complaint in any court in the US.

3 That there is statute of limitation on Claimant's claim. Any alleged statute of limitation on Claimant's claim is disputed since any delay to settle the claim was the responsibility

1

of Winn-Dixie, NOT Claimant. The court allowed the claim to be settled but Winn-Dixie refused to settle

4 Acknowledgement and confirmation. Claimant disputes acknowledgement confirmation and **REFUSES TO SIGN** due to Claimant's opposition to the entire content of the letter.

Claimant may attend the mediation if it is not binding

**A COPY OF THIS OPPOSITION IS FILED IN COURT ALONG WITH YOUR LETTER**

Respectfully submitted this 2nd day of June 2008

/Sunday N. Udoinyion
P O Box 80903
Chamblee, Georgia 30366
Claimant

Certificate of service- Claimant hereby certifies that he has served this opposition to Leanne McKnight Prendergast letter of June 27, 2008 through US mail and addressed to 225 water street, suite 1800, Jacksonville Florida, 32201-3315

/Sunday N. Udoinyion
Claimant

2

# SMITH HULSEY & BUSEY

LEANNE MCKNIGHT PRENDERGAST
DIRECT 904.359.7802
LPRENDERGAST@SMITHHULSEY.COM

June 27, 2008

Mr. Sunday N. Udoinyion
P.O. Box 80903
Chamblee, GA 30366

      Re:    In re Winn-Dixie Stores, Inc., Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1, Chapter 11, Jointly Administered

            Claim No. 12570

Dear Mr. Udoinyion:

> **If there is anything about this letter that you do not understand, please consult your own attorney before signing and returning the enclosed copy of this letter.**

      This letter will confirm our discussion regarding the trial of the claim you filed in Winn-Dixie's Chapter 11 proceedings (Claim No. 12570) ("your Claim").

      As we discussed, we will have a trial on your Claim in the Bankruptcy Court in Jacksonville. In this trial, the Bankruptcy Judge will decide the amount, if any, to be paid on your Claim by Winn-Dixie. (If your Claim is allowed in any amount, it will be paid in stock of Winn-Dixie Stores, Inc. pursuant to the Debtors' Chapter 11 Plan).

      As you know, we are not your attorneys and we cannot give you any legal advice. It is our view, however, that:

      (i)    this will be the only trial you will be entitled to have on your Claim. After the trial in the Bankruptcy Court, you will not be entitled to a trial on your Claim in state court; and

      (ii)    to the extent your Claim constitutes a "personal injury claim," the Bankruptcy Court can only decide the merits of your Claim with your consent. If you weren't consenting to the Bankruptcy Court determining the merits of your Claim and the Court agreed that it is a

## SMITH HULSEY & BUSEY

Mr. Sunday N. Udoinyion
June 27, 2008
Page 2

    personal injury claim, we would ask the Court to only adjudicate our statute of limitations defense at the July 10 trial.

   As provided in the Notice of Hearing we sent to you, the trial is set for July 10, 2008 at 1:30 p.m. Also, as we discussed, each party will pay its own expenses for this trial. This means, for example, that you will pay your own travel expenses incurred in attending the trial.

   As we also discussed, we would also like to hold a brief, voluntary mediation of your Claim at 12:30 p.m. on July 10 (an hour or so before the trial). We are attempting to arrange such a mediation in one of the conference rooms at the courthouse. We understand that you are willing to participate in such a mediation if your flight arrives in time, but you do not currently know what time your flight will arrive. We will work on getting a mediation scheduled. Please telephone us when your flight arrives.

   Lastly, please sign and return to me the enclosed copy of this letter to confirm that this letter sets forth our agreement regarding the trial on your Claim in the Bankruptcy Court in Jacksonville.

   Please call me if you have any questions regarding this matter.

             Very truly yours,

             */s/ L. Prendergast*
             Leanne McKnight Prendergast

00613833
Enclosures


Acknowledged and Confirmed:

_____   _____
Mr. Sunday N. Udoinyion           Date

Hearing Date: April 5, 2007 at 1:30 p.m.
Response Deadline: March 26, 2007 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |

NOTICE OF HEARING ON DEBTORS' OMNIBUS
OBJECTION TO UNRESOLVED LITIGATION CLAIMS BASED ON
INSUFFICIENT DOCUMENTATION OR LATE FILED PROOFS OF CLAIM

Claimant ID: WDX-416683-LB-L1
UDOINYION, SUNDAY N
PO BOX 80903
CHAMBLEE GA 30366

---

**CLAIM(S) TO BE DISALLOWED**

**Claim No.:** 12570

**Claim Amount:** $45,144.50

**Reason for Proposed Disallowance:** INSUFFICIENT PROOF OF CLAIM DOCUMENTATION

---

1. PLEASE TAKE NOTICE that a hearing will be held on April 5, 2007 to consider Debtors' Omnibus Objection to Unresolved Litigation Claims (the "Objection") filed with the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court") on June 22, 2006, by Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Reorganized Debtors").

2. **The Objection constitutes notice that the Debtors have objected to and dispute one or more of your claims listed above under CLAIM(S) TO BE DISALLOWED** based upon the following grounds: (a) the claim(s) are not supported by legally sufficient documentation; or (b) the claim(s) were not filed on or before the applicable proof of claim bar date.

3. The hearing will be held at **1:30 p.m. Eastern Time** in the United States Bankruptcy Court for the Middle District of Florida at the United States Courthouse, 300 North Hogan St., 4th Floor, Jacksonville, Florida, 32202. **Any claim that the Bankruptcy Court disallows will be treated as if it had not been filed and you will not receive any distribution in these cases with respect to such claim(s).**

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

4. If you do NOT oppose the disallowance of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

5. If you DO oppose the disallowance of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED, then you MUST file <u>and</u> serve a written response to the Objection that is received on or before **4:00 p.m. Eastern Time on March 26, 2007** (the "Response Deadline"). The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.

6. Responses will be deemed timely filed <u>only if</u> the original response is <u>actually received</u> on or before the Response Deadline by the Bankruptcy Court via the Court's electronic filing procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202.

7. In addition, a copy of the response must be served on or before the Response Deadline on the Reorganized Debtors' attorneys, Smith Hulsey & Busey, Attn: David L. Gay, 225 Water Street, Suite 1800, Jacksonville, Florida, 32202, via email at dgay@smithhulsey.com, or via facsimile sent to (904) 359-7708.

8. If you file a written response to the Objection, then you should plan to appear at the hearing. The Reorganized Debtors, however, may agree to continue the Objection with respect to your claim(s). If the Reorganized Debtors do agree to a continuance with respect to your claim(s), the hearing will be held at a later date. If the Reorganized Debtors do not agree to a continuance with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

9. If the Bankruptcy Court does not disallow your claim(s) listed above under CLAIM(S) TO BE DISALLOWED, the Reorganized Debtors reserve the right to assert additional objections to your claim(s) on other grounds (or to any other claims that you have filed) at a later date. You will receive a separate notice of hearing on such additional objections the Reorganized Debtors have with respect to your claim and you will be given an opportunity to respond to those objections at such time.

10. The Reorganized Debtors reserve their rights with respect to any potential preference and avoidance actions under chapter 5 of the Bankruptcy Code.

11. **If you have any questions regarding the Objection to your claim(s), you may contact David L. Gay of Smith Hulsey & Busey at (904) 359-7860 or dgay@smithhulsey.com.** A copy of the Objection and your proof of claim can be obtained, without charge, from the Reorganized Debtors' claim agent's website: www.loganandco.com, or if you do not have access to a computer, from Smith Hulsey & Busey, at the Reorganized Debtors' expense, by calling the number listed above.

Dated March 5, 2007

                        SMITH HULSEY & BUSEY

                        By     /s/ David L. Gay
                             Stephen D. Busey
                             James H. Post
                             David L. Gay

                        Florida Bar Number 839221
                        225 Water Street, Suite 1800
                        Jacksonville, Florida  32202

                        Co-counsel for Reorganized Debtors

# SUPPORTING DOCUMENTATION NOT IMAGED DUE TO PRIVACY CONCERNS