**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
|     Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

**TRIAL MEMORANDUM REGARDING DEBTORS'**
**OBJECTION TO THE CLAIM OF SUNDAY UDOINYION**

Winn-Dixie Stores, Inc., on behalf of itself and its reorganized debtor affiliates (collectively, the "Debtors"), submit this Trial Memorandum.

A.  **Uncontested Facts**

1.  On April 3, 2004, Sunday Udoinyion ("Claimant") went into a Save Rite Grocery Warehouse in Chamblee, Georgia to shop for some groceries *(Brief p.1, para. 1[1])*. The total purchase price of the groceries he purchased that day, according to his receipt, was $7.47 *(Questionnaire)*.[2]

2.  On February 21, 2005, the Debtors each filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

3.  On October 11, 2005, without seeking relief from the automatic stay, Claimant initiated a *pro se* action in state court in Georgia against the Debtors based

---

[1] "Brief" refers to the Brief on Claimant's Claim Claimant filed herein on July 7, 2008 (Docket No. 20982).

[2] "Questionnaire" refers to the Questionnaire submitted by the Claimant in the Claims Resolution Procedure (Debtors' Exhibit 2).

upon an incident he alleges occurred during his April 3, 2004 visit to the Save Rite (the "State Court Action") *(Questionnaire)*.[3]

4.    The Debtors informed Claimant that the State Court Action was a violation of the automatic stay and was required to be dismissed.

5.    On November 3, 2005, Claimant dismissed the State Court Action without prejudice.[4]

6.    On November 22, 2005, Claimant filed proof of claim number 12570 pursuant to a special bar date notice as an unsecured claim in the amount of $45,144.50 (the "Claim"), based upon the same incident he alleges in the State Court Action occurred during his April 3, 2004 visit to the Save Rite.

7.    On June 22, 2006, Debtors filed an objection to the Claim in first omnibus objection to unresolved litigation claims (Docket No. 8702) (the "Objection").

8.    On November 16, 2006, Claimant filed a response in opposition to the Objection (Docket No. 12619) (the "Response").

9.    On November 9, 2006 this Court entered an Order confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Plan"), which became effective November 21, 2006 (the "Effective Date").

10.    The parties' attempts to resolve the Claim consensually were unsuccessful.

---

[3] Claimant has acted pro se in the State Court Action and in these Chapter 11 proceedings.

[4] The State Court Action Claimant filed by Claimant was filed in violation of the automatic stay and, therefore, void as a matter of law. *See Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982)(citing *Kalb v. Feuerstein,* 308 U.S. 433,438-39 (1940)).

11.     The Claimant did not, prior to the confirmation of the Plan, attempt to seek relief from the automatic stay for any purpose, including the purpose of filing a state court action to preserve his claim within the applicable statute of limitations.

12.     Similarly, after confirmation of the Debtors' Chapter 11 Plan, the Claimant did not seek relief from the permanent injunction for any purpose, including the purpose of filing a state court action to preserve his claim within the applicable statute of limitations as extended pursuant to 11 U.S.C. § 108(c).

13.     In May 2008, counsel for the Debtors contacted Claimant and requested that he consent to having the Court decide the merits of the Claim.  The Claimant orally agreed to have the Bankruptcy Court determine the merits of his Claim.

14.     On June 10, 2008, the Debtors filed the Debtors' Amended Objection to the Claim of Sunday Udoinyion and Notice of Hearing (Docket No. 20733) (the "Amended Objection"), adding as a grounds for objection that the statute of limitations had expired on the matters asserted in the Claim.

15.     On June 23, 2008, Claimant filed a response in opposition to the Amended Objection, opposing the disallowance of his Claim (Docket No. 20839).

16.     On June 27, 2008, counsel for the Debtors sent a letter to Claimant, explaining in layperson's terms the effect of allowing the Bankruptcy Court to determine the merits of the Claim, and asking the Claimant to evidence his understanding by executing and returning a copy of the letter.

17.     On July 2, 2008, rather than returning a copy of counsel's June 27, 2008 letter, Claimant served a letter disputing that he would not be entitled to trial in state court after the trial in the Bankruptcy Court, "if this case is not resolved in the

hearing" (Debtors' Exhibit 7).  Accordingly, it does not appear at this time that the Claimant has consented to have the Bankruptcy Court determine the merits of his personal injury claim.

      18.      On July 7, 2008, Claimant filed a Brief on Claimant's Claim (Docket No. 20982) (the "Brief").

**B.**      <u>**Contested Facts**</u>

      1.      In his Brief, Claimant asserts that when he was checking out from Save Rite on April 3, 2004, one of its cashiers left her register to bag his groceries (*Brief p. 2, para.1*).  He asserts that this cashier started "throwing [his groceries] up and down on the check out counter and saying she was going to bag them" *(Brief p.2, para.1)*.  Claimant states that he told the cashier five times to stop bagging his groceries, but that she insisted that she must bag for him *(Brief p.2, para.1, 2)*.  Claimant alleges that he was trembling with fear at this point and perceived the incident as an attack on himself.  Claimant asserts that the cashier left the area only after the manager intervened and only after having repeatedly thrown the groceries around and slammed some of them on the counter. *(Brief p.2, para.2 - p.3, para.1)*.  Finally, Claimant says, he selected replacement groceries, paid for his items, and went to speak with the store manager, who apologized for the incident. *(Brief p.3, para.3-5)*.

      2.      Claimant asserts that, as a result of this incident, he is "afraid of all human beings," is paranoid, and has high blood pressure, headaches and sleeplessness *(Brief p.4, para.2)*.  He alleges that he has sought medical treatment and counseling for these problems *(Brief p.4, para.2)*.

C.     **Contested Legal Issues**

The sole legal issue to be considered in this contested matter is the Debtors' contention that the Claim is barred by a two-year statute of limitations applicable under Georgia law. *See* Section I, *infra*.

D.     **Deposition Excerpts to be Used at Trial**

N/A

E.     **Legal Authority**

*See* Section I, *infra*.

F.     **Core Proceeding – As to the Statute of Limitations Defense**

This matter arises from the Debtor's Chapter 11 case. This Court has jurisdiction to determine the statute of limitations issues pursuant to 28 U.S.C. §§ 157 and 1334(b). *See, e.g., U.S. Lines, Inc. v. U.S. Lines Reorganization Trust*, 262 B.R. 223, 233-35 (S.D.N.Y. 2001)(drawing a distinction between impermissible "'liquidation' of personal injury claims" and the "court's determination that the claim, if litigated, would not be viable in light of the estate's available defenses"); *M. Keating v. United States Lines, Inc.,* 2006 WL 1559237 (S.D.N.Y. June 7, 2006)(the question of timeliness was "a threshold question pertaining to the allowance of the claim," rather an "estimation of damages"); *In re C & G Excavating, Inc.*, 217 B.R. 64 (Bankr. E.D. Pa. 1998)("While bankruptcy courts lack subject matter jurisdiction to liquidate or estimate [personal injury claims]…bankruptcy courts have jurisdiction to decide corollary issues involving the validity of a proof of claim for personal

injuries or wrongful death, such as whether the statute of limitation on the underlying cause of action has expired").

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### G.     Settlement Conference

The undersigned has conferred with Claimant and has made a good faith endeavor to settle this matter. Those efforts have been unsuccessful.

### H.     Pleadings and Pending Motions

| Docket No. | Date Filed | Pleading | Filed By |
|---|---|---|---|
| N/A | 11/22/05 | Proof of Claim No. 12570 | Sunday Udoinyion |
| N/A | 3/17/06 | Questionnaire for Litigation Claimants submitted by Sunday Udoinyion | Sunday Udoinyion |
| 8702 | 6/22/06 | Debtors' First Omnibus Objection to Unresolved Litigation Claims | Debtors |
| 12619 | 11/16/06 | Sunday Udoinyion's Response to First Omnibus Objection to Unresolved Litigation Claims [Docket No. 12619] | Sunday Udoinyion |
| 15564 | 3/19/07 | Sunday Udoinyion's Opposition to Disallowance of Claim No. 12570 [Docket No. 15564] | Sunday Udoinyion |
| 20733 | 6/10/08 | Debtors' Amended Objection to Claim [No. 12570] of Sunday Udoinyion | Debtors |
| 20839 | 6/23/08 | Response to Disallowance of Claim #12570 | Sunday Udoinyion |
| 20982 | 7/7/08 | Brief on Claimant's Claim and Failure to Settle Claim by Winn-Dixie | Sunday Udoinyion |

**I.     Brief Summary of the Theory and Legal Authority for Each Claim**

The sole legal issue to be considered in this contested matter is whether the Claim is barred by a two-year statute of limitations applicable under Georgia law.[5]

**Summary of Facts Material to Statute of Limitations**

The undisputed facts in this case establish that (i) the Claim is barred under the two year statute of limitations applicable under § 9-3-33 Ga. Code. Ann. and (ii) the 30 day extension of the time to file such an action under 11 U.S.C.§ 108(c) has also expired.

The relevant time periods in this case are as follows:

| Date | Event |
|---|---|
| April 3, 2004 | Date of alleged injury giving rise to the Claim |
| February 21, 2005 | Petition date |
| April 3, 2006 | Expiration date for filing complaint in state court |
| November 21, 2006 | Effective date of Confirmation Order, discharge and termination of automatic stay pursuant to Section 362(c)(2)(C) |
| December 21, 2006 | Expiration Date for filing complaint under 11U.S.C.§108(c) |

---

[5] Had the Claimant consented to the adjudication of the merits of his personal injury claim by this Court, another legal issue to be adjudicated would be whether the Claimant's claim is recognizable under Georgia law because (i) there was no physical contact between the Debtors' employee and the Claimant and (ii) there was no extreme and outrageous conduct by the employee. *See 13 Ga. Jur. Personal Injury and Torts § 12:2*. **The Claimant should be familiar with this principal of law because it was applied against him this year by an appellate court in a similar lawsuit the Claimant had brought in the State of Georgia.** *See Udoinyion v. Re/Max of Atlanta*, **657 S.E. 2d 644, 648 (Ga. App. 2008).**

7

**Applicable Law**

The statute of limitations applicable to the Claim in this case is Section 9-3-33, Georgia Code Annotated, which fixes a two year statute of limitations for personal injury actions:

> Actions for injuries to the person shall be brought within two years after the right of action accrues….
>
> § 9-3-33, Ga. Code Ann.

Because the date of the incident upon which the Claim is based was April 3, 2004, the Claimant was required under Georgia law to commence the prosecution of a valid civil action by April 3, 2006.

Also pertinent to this analysis is 11 U.S.C. § 108(c) which provided Claimant with the alternative right to file a civil action on his Claim within an additional 30 days after the Debtors' Confirmation Order was entered. Claimant also failed to commence a valid civil action prior to the December 21, 2006 deadline established by Section 108(c).[6]

As a matter of law, when a claimant fails to file a complaint in a court of competent jurisdiction within the later of (i) the end of the applicable nonbankruptcy limitations period (subject to applicable state or federal statutes which provide for the suspension or tolling of the limitations period), or (ii) 30 days after the termination or expiration of the automatic stay, the claimant's cause of action is barred. *See 11 U.S.C. § 108(c)*; *In re C & G Excavating, Inc.*, 217 B.R. 64 (Bankr. E.D. Penn. 1998),

---

[6] Pursuant to Section 362(c)(2)(C), the automatic stay was terminated in this case on the Effective Date of Debtors' Chapter 11 Plan (November 21, 2006). The 30 day period under 11 U.S.C. § 108(c) therefore expired on December 21, 2006.

8

*aff'd Rhodes v. C & G Excavating, Inc.*, 1999 WL 820204 (E.D. Penn. Sept. 29 1999).[7] Thus, where a claimant merely files a proof of claim, but does not timely file a complaint in the appropriate nonbankruptcy court, the proof of claim is not sufficient to toll a statute of limitations applicable to the underlying cause of action. *See Rhodes* at 66.[8]

In *Rhodes*, the claimant, Rhodes, filed a proof of claim in the C & G's Chapter 11 bankruptcy proceedings for personal injuries allegedly sustained while working for C & G.  However, Rhodes never filed a complaint in the district court regarding such injuries.  As a result, the statute of limitations for Rhode's claim expired and C & G objected to Rhodes' proof of claim based on the expiration of the limitations period.  The Court held that Rhodes' cause of action was time barred and sustained C & G's objection, disallowing Rhodes' proof of claim:

> [T]here is no doubt that Rhodes could have successfully nullified the statute of limitations defense by requesting relief from the stay and filing a complaint within thirty days of the date relief was granted or by filing a complaint within thirty days of… the date C & G's amended plan was confirmed and the automatic stay terminated. However, Rhodes failed to take either of these steps and the statute of limitations, plus the thirty day extension thereof afforded by section 108(c), have now expired. Accordingly, we find that *since Rhodes*

---

[7] A claimant has three choices regarding the filing of a complaint against a debtor after commencement of the case:  (i) file a motion for relief from the automatic stay, (ii) file a complaint after the termination of the bankruptcy proceedings, if the statute of limitations has not run, or (iii) file a complaint during the thirty day period set forth in Section 108(c).  *See Rhodes v. C & G Excavating, Inc.*, 217 B.R. at 66 *citing Grotting v. Hudson Shipbuilders, Inc.*, 85 B.R. 568, 569-70 (W.D. Wash. 1988).

[8] Neither Section 108(c) nor the automatic stay under Section 362 suspend a statute of limitations from running or otherwise toll any statutes of limitation during the pendency of bankruptcy proceedings.  *See Swartzman v. Harlan*, 535 So. 2d 605 (Fla. 2d D.C.A. 1998) *citing Grotting v. Hudson Shipbuilders, Inc.*, 85 B.R. 568, 569-70 (W.D. Wash. 1988); *J.T. Industrial Contractors, Inc. v. Hargis Railcare, Inc.*, 458 S.E. 2d 702 (Ct. App. Ga. 1995).

> *failed to file a complaint within the applicable maritime statute of limitation and the thirty day extension of this statute of limitation afforded by 11 U.S.C. 108(c), Rhodes' cause of action is time barred and C & G's objection to his proof of claim must be sustained.*

*Rhodes* at 66 (emphasis added).

In this case, as in *Rhodes*, because Claimant did not timely file a valid civil action to preserve his claim under the applicable statute of limitations, Claimant's cause of action is now time-barred and his claim must be disallowed.

Dated: July 9, 2008

SMITH HULSEY & BUSEY

By  /s/Leanne McKnight Prendergast
        James H. Post
        Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Counsel for the Reorganized Debtors

## Certificate of Service

I certify that the foregoing was furnished by hand delivery to Sunday Udoinyion on July 10, 2008.

*s/Leanne McKnight Prendergast*
Attorney

616024