UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Case No. 3:05-BK-3817-3F1

**WINN-DIXIE STORES, INC.**

Debtor(s).

---

## ORDER SCHEDULING TRIAL

1. The trial on Motion Deeming Schedules Amended to (A) Disallow No Liability Scheduled Claims, (B) Reduce Overstated Scheduled Claims and ( C) Reclassify Misclassified Scheduled Claims as it relates to Claim #31489 Scheduled on Behalf of Royal & Sons, Ltd. with respect to Store 331 filed by Debtor (Docs. 8788 and 9396) is scheduled **for September 9, 2008 at 9:30 a.m. , in Courtroom 4D, United States Courthouse, 300 North Hogan Street, Jacksonville, FL 32202**, and is estimated to take **30 minutes**.

2. The procedure set forth below shall control the handling of this proceeding. No variations or adjustments shall be made in the schedule without prior concurrence by the Court upon request made by written motion. Failure to comply with this Order shall result in appropriate sanctions.

Accordingly, it is **ORDERED** that the parties shall comply with the following measures:

1. Responsive Pleadings, Motions, and Objections:

   A. Any and all motions are to be filed not less than (10) ten days prior to trial.

   B. All properly filed objections and motions, not ruled on previously, shall be heard at trial unless otherwise ordered by the Court.

   C. Five (5) days prior to the trial, parties shall file with the Court photocopies of any legal authority relied on by counsel to support their respective positions.

2. Exhibits and Witnesses:

   A. Each party's exhibit list and witness list are to be filed with the court and served 10 days prior to trial.

B. Counsel are responsible for the timely supplementation of their respective exhibit lists and witness lists with any additional exhibits and witnesses prior to the trial.

C. Exhibits not objected to in writing within ten (10) days prior to the trial are deemed admitted for the purpose of authenticity. The Court will resolve any objections at trial.

D. All exhibits to be used at the trial must be pre-marked and listed in accordance with Rule 9070-1 of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the Middle District of Florida. Counsel may obtain from the clerk copies of blank form exhibit lists and exhibit identification tags that are to be used in complying with the requirements of this paragraph and the local rule.

E. **Appropriate Attire.** You are reminded that Local Rule 5072-1(b)(16) requires that all persons appearing in court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

F. Due to heightened security procedures, persons must present photo identification to enter the Courthouse and arrive early.

3. Discovery:

All discovery is to be completed (10) ten days prior to the trial. Conduct of any discovery that would require a later due date shall be permitted only on the order of the court or by filed stipulation of the parties, and only in proceedings that will not be delayed as a result.

4. Trial Memorandum

The Trial Memorandum shall be filed ten (10) days prior to the trial and shall contain:

**FOR THE DEBTOR:**

A. A list of all pleadings and pending motions.

B. A brief statement of the theory of each claim including legal authority for same.

C. A brief summary of debtor's contentions of facts in support of each claim, the evidence relied upon to establish each of the facts contended.

**FOR THE CLAIMANT:**

A. A brief statement of the theory of claimant's defenses or counterclaims.

B. A brief summary of contentions of facts in support of the legal theories and the evidence to be relied upon to establish each of the facts contended.

**FOR ALL PARTIES:**

A. A statement of all admitted or uncontested facts.

B. A brief statement of contested facts.

C. A statement of contested legal issues.

D. A list by each party identifying the portions (by line and page numbers) of the depositions it may use at trial for the purpose of original evidence. (This paragraph does not apply to deposition testimony to be used for the purpose of impeachment.)

E. Any legal authority that the parties desire the court to consider.

F. A statement that this is a core or non-core proceeding and that the party does or does not consent to the jurisdiction and entry of final orders or judgments by the Bankruptcy Judge of this Court.

G. A statement that counsel has conferred with opposing counsel and has made a good faith endeavor to settle the above case.

5. Settlement:

Counsel for all parties shall confer (15) fifteen days prior to the trial and seek in good faith to settle the matter. Any settled matters should be reported immediately to the court. In the event that a written stipulation is not complete, the provisions of the settlement shall be read into the record on the morning of trial.

**DATED July 14, 2008** in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

Copies to:
Attorney for Debtor
James Telepman, Attorney for Royal & Sons, Ltd.