UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

F I L E D
JACKSONVILLE, FLORIDA
JUL 1 5 2008
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | Case No. 05-03817 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Reorganized Debtors, et al. | Jointly Administered |

**EMERGENCY MOTION OF NATUROPATHIC LABORATORIES
INTERNATIONAL, INC. FOR CONTINUANCE OF
MOTION BY DEBTORS FOR SANCTIONS AND
TRIAL ON DEBTORS' OBJECTION TO CLAIM NO. 10926**

Naturopathic Laboratories International, Inc. ("Naturopathic") as and for its Emergency Motion For A Continuance Of Motion By Debtors' for Sanctions And Trial On Debtors' Objection To Claim No. 10926, respectfully sets forth and alleges as follows:

1. As set forth in the affidavit of Scott A. Steinberg, Esq. sworn to on July 14, 2008 and submitted herewith, Naturopathic seeks a continuance of the Debtors' Motion For Sanctions Against Naturopathic Laboratories International, Inc. And Its Agents For Failure to Appear For Deposition And Alternative Motion To Continue The Trial (the "Sanctions Motion"), returnable on July 17, 2008 due to the fact that at the time the Sanctions Motion was made and served, Scott A. Steinberg, Esq., Naturopathic's counsel in this matter, was out of the country due to the death in his family and did not return until Sunday, July 13, 2008, four days (three business days) prior to the return date of the Sanctions Motion.

2. On Friday July 11, 2008, while in Israel attending the funeral of Mr. Steinberg's sister-in-law, Naturopathic's counsel sent an e-mail to Debtors' counsel,

Leanne McKnight Prendegast, advising her that Mr. Steinberg was out of the country due to a death in his family and was not expected to return until July 14, 2008, at the earliest. As such, Naturopathic's counsel requested an adjournment of the Sanctions Motion, which was returnable only three days after counsel's earliest possible return. Mr. Steinberg had not seen the Sanctions Motion but was advised by his office that it had been received after Mr. Steinberg departed for Israel.

3. By return e-mail on July 11, 2008, Ms. Prendegast, incredibly, denied counsel's request for an adjournment and advised Naturopathic's counsel to file a motion.

4. Regardless of the allegations of the Sanctions Motion, which Naturopathic absolutely and unequivocally denies, Ms. Prendegast's refusal to consent to the request for a reasonable continuance due to the death of Mr. Steinberg's sister-in law, is outrageous and the height of unprofessionalism. Indeed, if anyone should be sanctioned it should be Debtors' counsel for their complete lack of professionalism and utter disregard for common courtesy. This is especially appropriate in light of the fact that when Mr. Steinberg and Ms. Prendegast spoke telephonically on July 7, 2008, and Mr. Steinberg advised her that he was leaving shortly for the funeral out of the country, Ms. Prendegast never mentioned that she had was serving a motion for sanctions, returnable ten days later.

5. Naturopathic submits that it should be given a reasonable amount of time to review the Sanctions Motion, confer with its counsel and proceed as appropriate.

6. Naturopathic respectfully submits that cause exits for an adjournment of the Sanctions Motion ( and the hearing on the Debtors' objection to Naturopathic's claim, which the Debtor has also requested).

**WHEREFORE**, Naturopathic respectfully requests that the Court enter an Order continuing the hearing on the Sanctions Motion and the claim objection and grant Naturopathic such other relief as the Court deems just and proper.

          RATTET, PASTERNAK & GORDON OLIVER, LLP
          Attorneys for Naturopathic International, Inc.

By *[signature]*
          Scott A. Steinberg
          550 Mamaroneck Avenue, Suite 510
          Harrison, New York 10528
          (914) 381-7400
          (914) 381-7406 (fax)
          ssteinberg@rattetlaw.com

## Certification of Service

I certify that a copy of this document has been furnished by overnight mail and e-mail to Leanne McKnight Prendegast, Esq., Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202.

_____
Scott A. Steinberg

s:\docs\clients\naturopathic lab\emergency motion.doc

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors, et al. | ) | Jointly Administered |

**AFFIDAVIT OF SCOTT A. STEINBERG IN SUPPORT OF
EMERGENCY MOTION OF NATUROPATHIC LABORATORIES
INTERNATIONAL, INC. FOR CONTINUANCE OF
MOTION BY DEBTORS FOR SANCTIONS AND
TRIAL ON DEBTORS' OBJECTION TO CLAIM NO. 10926**

State of New York:    )
                   SS.:)
County of Westchester:   )

Scott A. Steinberg, being duly sworn, deposes and says:

1. I am an attorney associated with the law firm of Rattet, Pasternak & Gordon-Oliver, LLP, attorneys for Naturopathic Laboratories International, Inc. ("Naturopathic") a creditor and party in interest in the above captioned case. I am admitted to practice in the states of New York and Florida. I am not admitted in the Middle District of Florida and I seek to appear pursuant to Local Rule 2090-1(c).

2. On Tuesday, July 8, 2008 I left the Untied States to attend the funeral and "shiva" (mourning period) for my sister-in-law, Elyse Steinberg, in Israel where Ms. Steinberg lived and where the funeral took place.

3. I returned to the United States on Sunday, July 13, 2008, and returned to my office on Monday, July 14, 2008.

2

4. During my absence, Debtor's counsel made a motion styled as Motion For Sanctions Against Naturopathic Laboratories International, Inc. And Its Agents For failure To Appear For deposition And Alternative Motion To Continue The Trial (the "Sanctions Motion") allegedly for Naturopathic's failure to appear at a deposition scheduled for July 3, 2008.

5. On July 11, 2008, when I learned of the Sanctions Motion, I advised Debtors' counsel by e-mail from Israel, that I was out of the country due to a death in my family (a fact which Debtors' counsel had known) and requested an adjournment of the Sanctions Motion (which also sought a continuance of the hearing scheduled for July 17, 2008 on the Debtors' objection to Naturopathic's proof of claim), which I had not seen, but was advised by my office that it had been received in my absence.

6. By return e-mail I was advised by Leanne McKnight Prendegast, Debtors' counsel, that the Debtor would not consent to a continuance and that I should make a motion if I so desired. Ms. Prendegast's refusal to extend me a courtesy at a very difficult time for me my family, was based on the fact that in a conversation she had with myself and Robert L. Rattet, the senior partner of my firm, on the evening prior to my departure, regarding the Debtors' objection to Naturopathic's proof of claim, scheduled for July 17, 2008, Mr. Rattet indicated he would appear and litigate the objection to claim if necessary. There was no discussion of a motion for sanctions, which had obviously been prepared. At no time did Debtors' counsel indicate that it was making a motion returnable on July 17, 2008 despite being advised that that I was leaving the country on the first available flight due to a death in my family.

7. Regardless of the allegations on the Sanctions Motion, which are baseless and which my client whole heartedly and unequivocally denies, Ms. Prendegast's refusal to grant me a continuance in light of the death of my sister-in-law and my need to be out of the country was the most unprofessional conduct I have seen in my 26 years of practice. To say I was shocked by her conduct is a gross understatement.

8. Throughout my dealings with Ms. Prendegast, I have been nothing but courteous and professional and have at all times acted in good faith. Ms. Prendegast's conduct appears to be precipitated by the fact that settlement discussions are at an impasse, and motivated by her desire to make this matter as expensive and hostile to my client, who is a Chapter 11 debtor in its own proceedings pending in the Southern District of New York, as possible.

9. As to the merits of the allegations, my client advises me that it was his understanding based on speaking with Ms. Prendegast that the deposition could be done informally over the telephone because the most recent bookkeeper at Naturopathic was not at the company at the time of the Winn Dixie transactions. As such, Naturopathic and had limited access to documentation. Naturopathic has since contacted the former Winn Dixie account representative and has discussed her availability for deposition in New York.

10. In any event, the fact is that Debtor's counsel has refused to extend me the professional courtesy of a reasonable continuance necessitated by the death in my family. Instead, Naturopathic, a Chapter 11 debtor, has been forced to incur legal fees and expenses in responding to a motion that is neither time sensitive nor necessary to resolve the underlying claim objection.

4

11. Naturopathic is considering bringing its own motion for sanctions against Debtor and its counsel for its abhorrent and utterly unprofessional conduct.

12. For the foregoing reasons, I respectfully, request that the Court grant Naturopathic a continuance of the Sanctions Motion to whatever date the claim objection trial is adjourned to so as to allow Naturopathic a reasonable amount of time to confer with counsel, prepare a response to the Sanctions Motion and proceed as appropriate, and grant Naturopathic and its agents such other and further relief as the Court deems just and proper.

_____
Scott A. Steinberg

Sworn to before
this 14th day of July 2008

_____
Notary Public

JULIE A. CVEK
Notary Public, State of New York
No. 02CV6136681
Qualified in Queens County
Commission Expires Nov. 14, 2009

s:\docs\clients\naturopathic lab\emergency motion part2.doc