**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors, *et al.*, | ) | Jointly Administered |
| | ) | |

**DEBTORS' RESPONSE TO EMERGENCY MOTION OF NATUROPATHIC LABORATORIES INTERNATIONAL, INC. FOR CONTINUANCE OF MOTION BY DEBTORS FOR SANCTIONS AND TRIAL ON DEBTORS' OBJECTION TO CLAIM NO. 10926**

Winn-Dixie Stores, Inc. and its reorganized debtor affiliates (collectively, the "Debtors"), file this response to the Emergency Motion of Naturopathic Laboratories International, Inc. for Continuance of Motion by Debtors for Sanctions and Trial on Debtors Objection to Claim No. 10926 (Docket No. 21021) (the "Motion for Continuance") and say:

1. On February 21, 2005, the Debtors each filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

2. On July 29, 2005, Naturopathic Laboratories International, Inc. ("Naturopathic") filed proof of claim number 10926 as an unsecured claim in the amount of $77,168.40 (the "Claim").

3. On April 18, 2006, Debtors filed an objection to the Claim in its ninth omnibus objection (the "Objection") (Docket No. 7263).

4. On May 25, 2006, Naturopathic filed a response in opposition to the Objection (Docket 8081).

5. On September 10, 2007, an order was entered scheduling a trial on the Objection for March 13, 2008 (Docket No. 18099) (the "Order Scheduling Trial").

6. On March 5, 2008, an order was entered continuing the trial to July 17, 2008 based upon the Debtor's unopposed motion for continuance (Docket 19940).

7. On March 28, 2008, Jason Burnett, Esq., counsel of record for Naturopathic in these proceedings, filed a notice of withdrawal (Docket No. 20198).

8. On April 15, 2008, counsel for the Debtors were contacted by Scott Steinberg, Esq., who stated that his firm, Rattet, Pasternak & Gordon-Oliver, LLP, would be representing Naturopathic in these proceedings.

9. On April 15, 2008, counsel for the Debtors provided the Rattet, Pasternak & Gordon-Oliver, LLP, firm with copies of the order scheduling trial and the order continuing the trial to July 17, 2008 (*Prendergast Aff., para. 2)*.[1]

10. On June 23, 2008, after the settlement negotiations had reached an impasse, the Debtors and their counsel served a Rule 7030(b)(6) notice of deposition upon Naturopathic (*Prendergast Aff., para. 3)*.

11. On June 25, 2008, counsel for the Debtors was informed by Steinberg by telephone that his firm was no longer authorized to represent Naturopathic in connection with the Claim, and that Joseph Sarachek of Triax Capital Advisors, LLC

[1] "Prendergast Aff." refers to the Affidavit in Support of the Debtors' Response to the Emergency Motion of Naturopathic Laboratories, International, Inc. to a Continuance of Motion by Debtors for Sanctions and for Trial on Debtors' Objection to Claim No. 10926.

("Sarachek") would be handling the Claim as the agent of Naturopathic. During that telephone call, Steinberg confirmed that he had informed Sarachek about the deposition of Naturopathic scheduled for July 3, 2008 (*Prendergast Aff., para. 4)*.

12. On that same day, June 25, 2008, Sarachek and Debtors' counsel exchanged emails by which the deposition of Naturopathic's bookkeeper was confirmed for "July 3 at 9:30" (*Prendergast Aff., para.5 )*.

13. On July 2, 2008, the afternoon before the deposition, Sarachek told counsel for the Debtors by telephone that the person designated under Rule 7030(b)(6) by Naturopathic, its controller, would not be appearing for the deposition. Sarachek offered no reason why Naturopathic was refusing to appear at the deposition. Although counsel for the Debtors advised Sarachek that the Debtors had not excused Naturopathic from appearing for deposition and that Naturopathic had no right to cancel the deposition, Sarachek merely reiterated that the controller would not be appearing for her deposition (*Prendergast Aff., para. 6)*.

14. Naturopathic failed to appear at the deposition scheduled for July 3, 2008 (*Prendergast Aff., para. 7)*.

15. On Thursday, July 3, 2008, Debtors filed and served a certificate of non-appearance in connection with Naturopathic's failure to appear at the deposition (*Prendergast Aff., para. 8)*.

16. On the afternoon of Monday, July 7, 2008, Leanne Prendergast, one of the attorneys for the Debtors, received a telephone call from Steinberg and his law

partner, Robert Rattet, Esq. (*Prendergast Aff., para. 9)*. Rattet introduced himself as "the managing member of a New York law firm" who had been practicing for many years (*Prendergast Aff., para. 9)*. He stated there must have been a "misunderstanding" regarding the deposition because Sarachek told them that Ms. Prendergast had excused Naturopathic from attending the deposition (*Prendergast Aff., para. 9)*. Ms. Prendergast told them that this was not the case and that she had specifically told Sarachek that she had not excused Naturopathic from attending and did not agree that it could cancel the deposition (*Prendergast Aff., para. 9)*. **Rattet responded that in any event, this claim was important to one of his big clients and he would personally come to Jacksonville on July 17th if necessary to litigate the Claim (*Prendergast Aff., para. 9)*.** Mr. Rattet then asked Ms. Prendergast to communicate a settlement offer to Winn-Dixie (*Prendergast Aff., para. 9)*. She said that she would, but pointed out that Naturopathic was not in a good position, because it had never produced a single document to support its claim and because she was drafting a motion for sanctions based upon Naturopathic's failure to appear for its deposition (*Prendergast Aff., para. 9)*. Rattet provided his telephone numbers, but Steinberg said he would not be available for the next few days due to a death in his family (*Prendergast Aff., para. 9)*. **No mention was made of a need for a continuance of the July 17 hearing based upon Steinberg's unavailability (*Prendergast Aff., para. 9)*.**

17. The next day, July 8, 2008, the Debtors filed their Motion for Sanctions Against Naturopathic Laboratories International, Inc. and its Agents for Failure to Appear at Deposition and Alternative Motion to Continue Trial (Docket 20967) (the "Sanctions Motion"), and served a copy of it on Steinberg and Rattet by mail and, later that day, on Rattet by email.

18. As instructed by the Clerk of the Bankruptcy Court, the Debtors served and filed a Notice of Hearing, setting the Sanctions Motion for hearing on July 17, 2008 – the same date that Robert Rattet had stated he would personally represent Naturopathic to litigate the Objection. On that same day, July 9, 2008, the Debtors served the notice of hearing by facsimile and mail.

19. On July 11, 2008, Steinberg emailed Ms. Prendergast to request a continuance of the July 17th hearing on the Sanctions Motion based upon the death in his family that he had told her about on July 7, 2008 (*Prendergast Aff., para. 12)*. Ms. Prendergast responded that in light of Robert Rattet's stated intention to personally represent Naturopathic on July 17th in Jacksonville, the Debtors were puzzled how Steinberg's recent unavailability was an issue, but in any event, they did not control the Court's calendar -- if a continuance was necessary, Rattet or Steinberg needed to file a motion; and if they were going to file such a motion, to please provide a draft to the Debtors and they would inform them of the Debtor's position (*Prendergast Aff., para. 12)*:

From: Leanne McKnight Prendergast
Sent: Friday, July 11, 2008 11:54 AM
To: 'Scott Steinberg'
Cc: Jonathan Pasternak; Robert Rattet; James H. Post
Subject: RE: Naturopathic/Winn-Dixie.

Hi Scott. When you and Robert Rattet and I spoke on July 7th about the July 17th hearing, you told me about the death in your family, and in the same conversation, Robert said that if Naturopathic's offer was not accepted, he would personally come to Jacksonville on July 17th to litigate the claim on behalf of the claimant. So we don't see how your unavailability is an issue.

In any event, we do not control the Court's calendar. If you want a continuance, you will need to file an appropriate emergency motion. If you are going to do so, please send us a draft, and we will let you know our position.

20. In their motion for continuance, Naturopathic's attorneys falsely assert that this response was a "denial" of their request for adjournment (*Motion for Continuance, para.3*.). They fail to inform the Court that Debtors' counsel advised them to file the requisite motion and, upon review of the stated grounds, the Debtors would respond with their consent or opposition. Also, Naturopathic's counsel was advised that counsel for the Debtors had no power to grant a continuance of the hearing and the practices before this Court require a motion and "order of the Court for good cause shown." *See Local Rule 5071-1* ("No trial, hearing or other proceeding shall be continued upon stipulation of counsel alone, but a continuance may be allowed by order of the Court for good cause shown."). Naturopathic's

counsel did not provide a draft of their motion to the Debtors as requested and, instead, filed a motion attacking Ms. Prendergast's "professionalism" based upon rules over which she has no control (*Prendergast Aff., para. 13)*.

21. Although the Debtors do not oppose the continuance of the matters scheduled for hearing on July 17, 2008, they do object to the baseless accusations and blustery litigation tactics of Naturopathic's counsel and representatives.

Dated: July 16, 2008

SMITH HULSEY & BUSEY

By *_/s/ James H. Post_*
James H. Post
Leanne McKnight Prendergast

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Counsel for the Reorganized Debtors

Certificate of Service

I certify that the foregoing was furnished by facsimile and by mail to Scott A. Steinberg, Esq. and Robert Rattet, Esq., Rattet, Pasternak & Gordon-Oliver, LLP, 550 Mamaroneck Avenue, Suite 510, Harrison, NY 10528 this 16th day of July, 2008.

*/s/ Leanne McKnight Prendergast*
Attorney

00616713