UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| Reorganized Debtors. ) | Jointly Administered |

**AFFIDAVIT IN SUPPORT OF DEBTORS' RESPONSE TO
EMERGENCY MOTION OF NATUROPATHIC LABORATORIES
INT'L, INC. FOR CONTINUANCE OF MOTION BY DEBTORS FOR
SANCTIONS AND TRIAL ON DEBTORS' OBJECTION TO CLAIM NO. 10926**

STATE OF FLORIDA

COUNTY OF DUVAL

BEFORE ME the undersigned authority personally appeared Leanne McKnight Prendergast, who being by me first duly sworn, deposes and says:

1. I am an attorney with the law firm of Smith Hulsey & Busey, co-counsel for the Debtors in these proceedings. I am authorized to make this affidavit on behalf of the Debtors and have personal knowledge of the facts set forth herein.

2. On April 15, 2008, I was contacted by Scott Steinberg, Esq., ("Steinberg") who stated that his law firm, Rattet, Pasternak & Gordon-Oliver, LLP would be representing Naturopathic Laboratories International, Inc. ("Naturopathic") in these proceedings. On April 15, 2008, I provided Steinberg with copies of the order scheduling the trial on the Debtors' objection the claim filed by Naturopathic for March 13, 2008 (Docket No. 18099) and the order continuing the trial to July 17, 2008 (Docket No. 18099).

3.  On June 23, 2008, after the settlement negotiations had reached an impasse, the Debtors and their counsel served a Rule 7030(b)(6) notice of deposition upon Naturopathic.

4.  On June 25, 2008, Steinberg informed me by telephone that his firm was no longer authorized to represent Naturopathic in connection with the Claim, and that Joseph Sarachek of Triax Capital Advisors, LLC ("Sarachek") would be handling the Claim as the agent of Naturopathic. During that telephone call, Steinberg confirmed that he had informed Sarachek about deposition of Naturopathic scheduled for July 3, 2008.

5.  On that same day, June 25, 2008, Sarachek and I exchanged emails by which the deposition of Naturopathic's bookkeeper was confirmed for "July 3 at 9:30."

6.  On July 2, 2008, the afternoon before the deposition, Sarachek told me by telephone that the person designated under Rule 7030(b)(6) by Naturopathic, its controller, would not be appearing for the deposition. Sarachek offered no reason why Naturopathic was refusing to appear at the deposition. Although I advised Sarachek that I had not excused Naturopathic from appearing for deposition and that Naturopathic had no right to cancel the deposition, Sarachek merely reiterated that the controller would not be appearing for her deposition.

7.  Naturopathic failed to appear at the deposition scheduled for July 3, 2008.

8.  On Thursday, July 3, 2008, Debtors filed and served a certificate of non-appearance in connection with Naturopathic's failure to appear at the deposition.

9.  On the evening of Monday, July 7, 2008, I received a telephone call from Steinberg and his law partner, Robert Rattet, Esq. Rattet introduced himself as "the managing member of the New York law firm of Rattet, Pasternak & Gordon-Oliver" who

had been practicing for many years. He stated there had been a "misunderstanding" regarding the deposition, and that Sarachek had told them that I had excused Naturopathic from attending the deposition. I assured him that this was not the case and that I had specifically told Sarachek that I had not excused Naturopathic from attending and did not agree that it could cancel the deposition. Rattet responded that in any event, this claim was important to one of his big clients and he would personally come to Jacksonville on July 17th if necessary to litigate the claim. He asked me to communicate a settlement offer to Winn-Dixie. Rattet seemed to be trying to impress me with the fact that he was the managing member of a New York law firm and that he was going to personally come to Jacksonville to litigate the claim if the Debtor did not accept his settlement offer. I said that I would of course communicate the settlement offer, but pointed out that Naturopathic was not in a good position, because it had never produced a single document to support its claim and because the Debtors were in the middle of drafting a motion for sanctions based upon Naturopathic's failure to appear for its deposition. Rattet provided his telephone numbers, but Steinberg said he would not be available for the next few days due to a death in his family. No mention was made of a need for a continuance based upon Steinberg's unavailability.

10. The next day, July 8, 2008, the Debtors filed their Motion for Sanctions Against Naturopathic Laboratories International, Inc. and its Agents for Failure to Appear at Deposition and Alternative Motion to Continue Trial (Docket 20967) (the "Sanctions Motion"), and served a copy of it on Steinberg and Rattet by mail and on Rattet by email that afternoon.

11. On July 9, 2008, the Debtors served and filed a Notice of Hearing, setting the Sanctions Motion for hearing on July 17, 2008 – the same date and time that Robert Rattet had stated he would personally represent Naturopathic to litigate the claim. The Debtors served the notice of hearing on Rattet and Steinberg by facsimile that morning.

12. On July 11, 2008, Steinberg emailed me to request a continuance of the July 17th hearing on the Sanctions Motion based upon the death in his family that he had told me about on July 7, 2008. I responded that in light of Robert Rattet's stated intention to personally represent Naturopathic on July 17th in Jacksonville, the Debtors did not see how Steinberg's recent unavailability was an issue, but in any event, I did not control the Court's calendar -- if a continuance was needed, he would need to file a motion; and if he was going to file such a motion, to please provide a draft to the Debtors and they would inform him of their position on it. A copy of this email exchange is attached as Exhibit A.

13. Steinberg did not provide a copy of his motion for continuance to the Debtors prior to sending it to the clerk for filing as requested so that the Debtors could inform him of their position on it.

_____
Leanne McKnight Prendergast

The foregoing instrument was acknowledged before me this _16th_ day of July 2008, by Leanne McKnight Prendergast, who is personally known to me.

_____
Notary Public, State of Florida
My Commission Expires:
616751


Darlene S. Adkins
Commission # DD531881
Expires April 8, 2010
Bonded Troy Fain Insurance Inc 800-385-7019

## Leanne McKnight Prendergast

**From:** Leanne McKnight Prendergast
**Sent:** Friday, July 11, 2008 11:54 AM
**To:** 'Scott Steinberg'
**Cc:** Jonathan Pasternak; Robert Rattet; James H. Post
**Subject:** RE: Naturopathic/Winn-Dixie

Hi Scott. When you and Robert Rattet and I spoke on July 7th about the July 17th hearing, you told me about the death in your family, and in the same conversation, Robert said that if Naturopathic's offer was not accepted, he would personally come to Jacksonville on July 17th to litigate the claim on behalf of the claimant. So we don't see how your unavailability is an issue.

In any event, we do not control the Court's calendar. If you want a continuance, you will need to file an appropriate emergency motion. If you are going to do so, please send us a draft, and we will let you know our position.

Leanne McKnight Prendergast
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7802 (direct)
(904) 353-9908 (fax)

7/16/2008