# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re                                          )          Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,               )          Chapter 11

_____Reorganized Debtors.[1]_____)          Jointly Administered

## AGREED ORDER RESOLVING CLAIM
## NO. 13819 FILED BY THE CITY OF STARKE

This matter is before the Court upon the Debtors' Objection to Claim No.
13819 Filed by the City of Starke (Docket No. 18900).   Based upon the consent of
the parties appearing below, it is

ORDERED AND ADJUDGED:

1.      Claim No. 13819 filed by the City of Starke (the "City") is allowed as a
prepetition, non-priority Class 14 claim, and is satisfied in full by the issuance of
2,313 shares of New Common Stock, in accordance with Section 9.2 of the Debtors'
confirmed plan of reorganization.

2.      This Order resolves (i) all liabilities and obligations related to Claim No.
13819 and (ii) all other prepetition or administrative claims the City has or may have

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these
related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep
South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc.,
Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores,
Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food
Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie
Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie
Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the
exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed
on March 22, 2007.

against the Debtors or any of their Chapter 11 estates, officers, employees, agents, successors or assigns, all of which are forever waived, discharged, and released.

3.      For a period of ten years from the date this Order is entered, any and all requirements imposed by the City for a deposit for utility services at Winn-Dixie's store located at 470 West Madison Street, Starke, Florida, shall be satisfied by the current deposit held by the City of $21,990; notwithstanding any City resolution or law to the contrary, the City shall not re-evaluate Winn-Dixie's utility deposit obligation within such ten year period. In the event that Winn-Dixie deems it necessary to hire an attorney or to litigate to enforce this provision, the City will pay Winn-Dixie's reasonable attorneys' fees and costs. Pursuant to the agreement of the parties, the terms of the letters attached as Exhibits A and B are incorporated into this Agreed Order.

4.      Logan & Company, Inc., the claims agent appointed in the Debtors' Chapter 11 cases, is directed to make such revisions to the claims register as are necessary to reflect the terms of this Order.

5.      The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this ___9 9___ day of July, 2008, in Jacksonville, Florida.

                                    _____
                                    Jerry A. Funk
                                    United States Bankruptcy Judge

Copies furnished to:
Leanne McKnight Prendergast, Esq.
[Leanne McKnight Prendergast is directed to serve a copy of this order on any party in interest who has not received the order through the CM/ECF system and to file a proof of service.]

<u>Consent</u>

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY                    BROWN & BROLING

By ___*s/ Leanne McKnight Prendergast*         By ___*s/ John Lyon Broling*\*_____
    Stephen D. Busey                              John Lyon Broling
    James H. Post
    Leanne McKnight Prendergast

Florida Bar Number 0059544              Florida Bar Number 0096059
225 Water Street, Suite 1800            486 N. Temple Avenue
Jacksonville, Florida  32202            Starke, Florida 32091
(904) 359-7700                          (904) 964-8272
(904) 359-7708 (facsimile)              (904) 964-3796 (facsimile)
lprendergast@smithhulsey.com            info@brownandbroling.com

Counsel for Reorganized Debtors         Counsel for the City of Starke

*Counsel has authorized the use of his electronic signature.

609546

JUN **3 0** 2008

```
┌─────────────────────────────┐
│  SMITH HULSEY & BUSEY       │
└─────────────────────────────┘
```

LEANNE MCKNIGHT PRENDERGAST
DIRECT 904.359.7802
LPRENDERGAST@SMITHHULSEY.COM

June 25, 2008

John Lyon Broling, Esq.
Brown & Broling
486 N. Temple Ave.
P.O. Box 40
Starke, FL 32091

Re:  In re Winn-Dixie Stores, Inc., Debtors; United States Bankruptcy
     Court, Middle District of Florida, Jacksonville Division; Case No. 05-
     03817-3F1, Chapter 11, Jointly Administered

     Commercial Utility Deposit, 470 West Madison Street Store; Claim
     No. 13819

Dear John:

     As we discussed, in regard to Claim Number 13819 (the "Claim") filed by the
City of Starke (the "City") in Winn-Dixie's Chapter 11 proceedings, we request that
you confirm the following:

     (i)     your firm has been authorized by the City to enter into the attached
proposed agreed order resolving the Claim; and

     (ii)    as a result of the actions taken by your firm and the City Clerk for the
City of Starke, the attached agreed order resolving the Claim, when entered by the
Bankruptcy Court, will be duly authorized and binding upon the City.

     Please confirm these matters by executing and returning the enclosed copy of
this letter to me. Upon receipt of the executed copy of this letter and the letter from the
City Clerk which we discussed, we will submit the attached agreed order to the
Bankruptcy Court.

Exhibit A

SMITH HULSEY & BUSEY

John Lyon Broling, Esq.
June 25, 2008
Page 2

Very truly yours,

*Leanne McKnight Prendergast*

Leanne McKnight Prendergast

By email and mail

00614503
Acknowledged and Confirmed:

John Lyon Broling, Esq.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors.[1] | ) | Jointly Administered |

## AGREED ORDER RESOLVING CLAIM
## NO. 13819 FILED BY THE CITY OF STARKE

This matter is before the Court upon the Debtors' Objection to Claim No. 13819 Filed by the City of Starke (Docket No. 18900). Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1.    Claim No. 13819 filed by the City of Starke (the "City") is allowed as a prepetition, non-priority Class 14 claim, and is satisfied in full by the issuance of 2,313 shares of New Common Stock, in accordance with Section 9.2 of the Debtors' confirmed plan of reorganization.

2.    This Order resolves (i) all liabilities and obligations related to Claim No. 13819 and (ii) all other prepetition or administrative claims the City has or may have

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

against the Debtors or any of their Chapter 11 estates, officers, employees, agents, successors or assigns, all of which are forever waived, discharged, and released.

3.      For a period of ten years from the date this Order is entered, any and all requirements imposed by the City for a deposit for utility services at Winn-Dixie's store located at 470 West Madison Street, Starke, Florida, shall be satisfied by the current deposit held by the City of $21,990; notwithstanding any City resolution or law to the contrary, the City shall not re-evaluate Winn-Dixie's utility deposit obligation within such ten year period. In the event that Winn-Dixie deems it necessary to hire an attorney or to litigate to enforce this provision, the City will pay Winn-Dixie's reasonable attorneys' fees and costs.

4.      Logan & Company, Inc., the claims agent appointed in the Debtors' Chapter 11 cases, is directed to make such revisions to the claims register as are necessary to reflect the terms of this Order.

5.      The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of May, 2008, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

Copies furnished to:
Leanne McKnight Prendergast, Esq.
[Leanne McKnight Prendergast is directed to serve a copy of this order on any party in interest who has not received the order through the CM/ECF system and to file a proof of service.]

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.


SMITH HULSEY & BUSEY              BROWN & BROLING


By  *s/ Leanne McKnight Prendergast*        By  *s/ John Lyon Broling**
    Stephen D. Busey                            John Lyon Broling
    James H. Post
    Leanne McKnight Prendergast


Florida Bar Number 0059544          Florida Bar Number 0096059
225 Water Street, Suite 1800          486 N. Temple Avenue
Jacksonville, Florida 32202          Starke, Florida 32091
(904) 359-7700                (904) 964-8272
(904) 359-7708 (facsimile)          (904) 964-3796 (facsimile)
lprendergast@smithhulsey.com          info@brownandbroling.com

Counsel for Reorganized Debtors        Counsel for the City of Starke


*Counsel has authorized the use of his electronic signature.

609546



*Travis V. Woods*
*Mayor Commissioner*

*Linda W. Johns*
*City Clerk*

*Gordon Smith*
*Police Chief*

# City Of Starke

*Post Office Drawer C*
*Starke, Florida 32091*
*Ph: (904) 964-5027*
*Fax: (904) 964-3998*

*Commissioners:*
*Tommy Chastain*
*Daniel W. Nugent*
*Carolyn B. Spooner*
*Wilbur Waters*

*Ricky Thompson*
*Operations Manager*

July 8, 2008

Leanne McKnight Prendergast
Smith Hulsey & Busey
Post Office Box 53315
Jacksonville, Florida 32201-3315

Re: City of Starke vs. Winn Dixie.

Dear Ms. Prendergast:

I write as the elected Clerk of the City of Starke, Florida, to confirm that the City Attorney has been authorized to resolve the Starke's claim for unpaid utility bills against Winn Dixie in accordance with the written settlement agreement.

As City Clerk, I have the responsibility and authority to initiate collection activity, reduce utility bills, and initiate and terminate utility service. My office imposes and collects utility fees and deposits.

Please have the stock immediately issued to the City of Starke and mailed directly to me at the above address.

Sincerely

Linda W. Johns
City Clerk

Exhibit B

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re                                )          Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,      )          Chapter 11

_____Reorganized Debtors.[1]_____ )          Jointly Administered

## AGREED ORDER RESOLVING CLAIM
## NO. 13819 FILED BY THE CITY OF STARKE

This matter is before the Court upon the Debtors' Objection to Claim No. 13819 Filed by the City of Starke (Docket No. 18900).   Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1.      Claim No. 13819 filed by the City of Starke (the "City") is allowed as a prepetition, non-priority Class 14 claim, and is satisfied in full by the issuance of 2,313 shares of New Common Stock, in accordance with Section 9.2 of the Debtors' confirmed plan of reorganization.

2.      This Order resolves (i) all liabilities and obligations related to Claim No. 13819 and (ii) all other prepetition or administrative claims the City has or may have

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

against the Debtors or any of their Chapter 11 estates, officers, employees, agents, successors or assigns, all of which are forever waived, discharged, and released.

3.       For a period of ten years from the date this Order is entered, any and all requirements imposed by the City for a deposit for utility services at Winn-Dixie's store located at 470 West Madison Street, Starke, Florida, shall be satisfied by the current deposit held by the City of $21,990; notwithstanding any City resolution or law to the contrary, the City shall not re-evaluate Winn-Dixie's utility deposit obligation within such ten year period.  In the event that Winn-Dixie deems it necessary to hire an attorney or to litigate to enforce this provision, the City will pay Winn-Dixie's reasonable attorneys' fees and costs.

4.       Logan & Company, Inc., the claims agent appointed in the Debtors' Chapter 11 cases, is directed to make such revisions to the claims register as are necessary to reflect the terms of this Order.

5.       The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of May, 2008, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copies furnished to:
Leanne McKnight Prendergast, Esq.
[Leanne McKnight Prendergast is directed to serve a copy of this order on any party in interest who has not received the order through the CM/ECF system and to file a proof of service.]

<u>Consent</u>

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY                    BROWN & BROLING

By    *s/ Leanne McKnight Prendergast*          By    *s/ John Lyon Broling**
     Stephen D. Busey                                     John Lyon Broling
     James H. Post
     Leanne McKnight Prendergast

Florida Bar Number 0059544                 Florida Bar Number 0096059
225 Water Street, Suite 1800               486 N. Temple Avenue
Jacksonville, Florida  32202               Starke, Florida 32091
(904) 359-7700                             (904) 964-8272
(904) 359-7708 (facsimile)                 (904) 964-3796 (facsimile)
lprendergast@smithhulsey.com               info@brownandbroling.com

Counsel for Reorganized Debtors            Counsel for the City of Starke

*Counsel has authorized the use of his electronic signature.

609546