**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors, *et al.*, | ) | Jointly Administered |
| _____ | ) | |

**JOINT MOTION TO CONTINUE TRIAL**
**SCHEDULED FOR AUGUST 14 AND 15, 2008**

Winn-Dixie Stores, Inc. and its affiliated debtors ("Winn-Dixie") and Casto Investments Company, Ltd. ("Casto") move the Court for entry of an order continuing the trial on the Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts and (III) Grant Related Relief (the "Motion to Assume") (Doc. No. 8941), as it relates to the cure objection filed by Casto (the "Cure Objection") (Doc. No. 9686), currently scheduled for August 14, 2008 at 9:00 a.m. and August 15, 2008 at 9:30 a.m., and in support state:

1. On June 30, 2006, Winn-Dixie filed its Motion to Assume seeking to assume several non-residential real property leases, including the lease for real property located at 941 S.W. 24th Street, Fort Lauderdale, Florida, known as Store No. 236 (the "Lease").

2. On July 28, 2006, Casto filed its Cure Objection, asserting lease cure amounts greater than those asserted by Winn-Dixie in its Motion to Assume.

3. A status conference regarding the Motion to Assume and the Cure Objection was held on November 1, 2007.

4. On November 5, 2007, the Court entered an order scheduling a trial on the Motion to Assume and the Cure Objection for March 12, 2008 at 9:00 a.m., March 13, 2008 at 1:30 p.m. and March 14, 2008 at 9:30 a.m. (Doc. No. 18814). On February 7, 2008, the Court entered an order continuing this trial until August 14, 2008 at 9:00 a.m. and August 15, 2008 at 9:30 a.m. (Doc. No. 19774).

5. Winn-Dixie intends to file a response to the Cure Objection and a counterclaim against Casto to recover expenses Winn-Dixie incurred in making emergency repairs to Store No. 236 as a result of hurricane damage.

6. Winn-Dixie and Casto believe that the Cure Objection and Winn-Dixie's hurricane damage claim should be resolved in one proceeding, however, both Winn-Dixie and Casto need additional time to conduct discovery on the issues related to Winn-Dixie's hurricane damage claim.

7. By extending the trial date, the parties will be able to resolve all issues between them in one proceeding, which will avoid piecemeal litigation and conserve judicial resources.

WHEREFORE, Winn-Dixie and Casto request that the Court enter the attached order continuing the trial on the Motion to Assume and the Cure Objection, for a period of not less than 90 days from August 15, 2008.

Dated: July 28, 2008

| BRINKLEY, MORGAN, SOLOMON, TATUM, LUNNY & CROSBY, LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ Kenneth J. Joyce\**<br>     Kenneth J. Joyce | By  *s/ Allan E. Wulbern*<br>     Allan E. Wulbern, F.B.N. 175511 |
| 200 East Las Olas Boulevard, Suite 1900<br>Fort Lauderdale, Florida 33301<br>(954) 522-2200<br>(954) 522-9123 (facsimile)<br>kenneth.joyce@brinkleymorgan.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>awulbern@smithhulsey.com |
| Counsel for Casto Investments Co., Ltd. | Counsel for Winn-Dixie Stores, Inc. |

\*Counsel has authorized his electronic signature.

00617751