UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| In re: | ) | Case No. 05-03817-3F1 |
|---|---|---|
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER SUSTAINING DEBTORS' OBJECTION TO CLAIM 12570 OF SUNDAY UDOINYION

This case came before the Court upon Debtors' Objection to Claim 12570 (the "Claim") of Sunday Udoinyion ("Claimant"). On July 10, 2008 the Court conducted a hearing on the matter at which the sole issue before the Court was whether the Claim is barred by a two year statute of limitations applicable under Georgia law. The following facts are uncontested.

### Undisputed Facts

1.   On April 3, 2004 Claimant went into a Save Rite Grocery Warehouse in Chamblee, Georgia to shop for some groceries (Brief p.1, para. 1[1]). The total purchase price of the groceries he purchased that day, according to his receipt, was $7.47 (Questionnaire).[2]

2.   On February 21, 2005 the Debtors each filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

---

[1] "Brief" refers to the Brief Claimant filed on July 7, 2008 (Docket No. 20982).

[2] "Questionnaire" refers to the Questionnaire submitted by Claimant in the Claims Resolution Procedure (Debtors' Exhibit 2).

3. On October 11, 2005 without seeking relief from the automatic stay, Claimant initiated a *pro se* action in state court in Georgia against the Debtors based upon an incident he alleges occurred during his April 3, 2004 visit to the Save Rite (the "State Court Action") (Questionnaire).[3]

4. The Debtors informed Claimant that the State Court Action was a violation of the automatic stay and was required to be dismissed.

5. On November 3, 2005 Claimant dismissed the State Court Action without prejudice.[4]

6. On November 22, 2005 Claimant filed the Claim pursuant to a special bar date notice as an unsecured claim in the amount of $45,144.50, based upon the same incident he alleges in the State Court Action occurred during his April 3, 2004 visit to the Save Rite.

7. On June 22, 2006 Debtors filed an objection to the Claim in First Omnibus Objection to Unresolved Litigation Claims (Docket No. 8702) (the "Objection").

8. On November 16, 2006 Claimant filed a response in opposition to the Objection (Docket No. 12619) (the "Response").

9. On November 9, 2006 this Court entered an Order confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Plan"), which became effective November 21, 2006 (the "Effective Date").

10. The parties' attempts to resolve the Claim consensually were unsuccessful.

---

[3] Claimant has acted pro se in the State Court Action and in these Chapter 11 proceedings.

[4] The State Court Action filed by Claimant was filed in violation of the automatic stay and, was therefore, void as a matter of law. See Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir. 1982)(citing Kalb v. Feuerstein, 308 U.S. 433, 438-39 (1940)).

11. The Claimant did not, prior to the confirmation of the Plan, attempt to seek relief from the automatic stay for any purpose, including the purpose of filing a state court action to preserve his claim within the applicable statute of limitations.

12. Similarly, after confirmation of the Debtors' Chapter 11 Plan, the Claimant did not seek relief from the permanent injunction for any purpose, including the purpose of filing a state court action to preserve his claim within the applicable statute of limitations as extended pursuant to 11 U.S.C. § 108(c).

13. In May 2008, counsel for the Debtors contacted Claimant and requested that he consent to having the Court decide the merits of the Claim. The Claimant orally agreed to have the Bankruptcy Court determine the merits of his Claim.

14. On June 10, 2008, the Debtors filed the Debtors' Amended Objection to the Claim of Sunday Udoinyion and Notice of Hearing (Docket No. 20733) (the "Amended Objection"), adding as a grounds for objection that the statute of limitations had expired on the matters asserted in the Claim.

15. On June 23, 2008, Claimant filed a response in opposition to the Amended Objection, opposing the disallowance of his Claim (Docket No. 20839).

16. On June 27, 2008, counsel for the Debtors sent a letter to Claimant, explaining in layperson's terms the effect of allowing the Bankruptcy Court to determine the merits of the Claim, and asking the Claimant to evidence his understanding by executing and returning a copy of the letter. (Debtors' Ex. 8).

17. On July 2, 2008, rather than returning a copy of counsel's June 27, 2008 letter, Claimant served a letter disputing that he would not be entitled to trial in state court after the trial in the Bankruptcy Court, "if this case is not resolved in the hearing" (Debtors' Exhibit 7).

18.     On July 7, 2008, Claimant filed a Brief on Claimant's Claim (Docket No. 20982) (the "Brief").

19.     The Court conducted a hearing on the matter on July 10, 2008 at which Clamaint testified that he is not familiar with and does not understand statutes of limitation. However, despite his asserted ignorance, Claimant has filed some 19 lawsuits in Georgia, 12 of which were in Dekalb County, 5 of which were in Fulton County, and 2 of which he is actively prosecuting in federal district court.

20.     At the hearing Claimant consented to permit the Court to decide whether his claim is barred by the statute of limitations and if the Court determines that it is not, to determine the merits of the Claim.

## Analysis

The sole legal issue currently before the Court is whether the Claim is barred by a two-year statute of limitations applicable under Georgia law. This matter arises from the Debtors' Chapter 11 case. Even if Claimant had not consented to the Court's adjudication of the statute of limitations issue, the Court has jurisdiction to determine that issue pursuant to 28 U.S.C. §§ 157 and 1334(b). See, e.g., U.S. Lines, Inc. v. U.S. Lines Reorganization Trust, 262 B.R. 223, 233-35 (S.D.N.Y. 2001)(drawing a distinction between impermissible "'liquidation' of personal injury claims" and the "court's determination that the claim, if litigated, would not be viable in light of the estate's available defenses"); M. Keating v. United States Lines, Inc., 2006 WL 1559237 (S.D.N.Y. June 7, 2006)(the question of timeliness was "a threshold question pertaining to the allowance of the claim," rather an "estimation of damages"); In re C & G Excavating, Inc., 217 B.R. 64 n.1 (Bankr. E.D. Pa. 1998)("While bankruptcy courts lack subject matter jurisdiction to liquidate or estimate [personal injury claims]…bankruptcy

4

courts have jurisdiction to decide corollary issues involving the validity of a proof of claim for personal injuries or wrongful death, such as whether the statute of limitation on the underlying cause of action has expired").

Debtors argue that (i) the Claim is barred under the two year statute of limitations applicable under § 9-3-33 Ga. Code. Ann. and that (ii) the 30 day extension of the time to file such an action under 11 U.S.C.§ 108(c) has also expired. Section 9-3-33 fixes a two year statute of limitations for personal injury actions and provides that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues...." § 9-3-33 Ga. Code Ann. Section 108(c) of the Bankruptcy Code provides that:

> **(c)** Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
> **(1)** the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> **(2)** 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

As a matter of law, when a claimant fails to file a complaint in a court of competent jurisdiction within the later of (i) the end of the applicable nonbankruptcy limitations period (subject to applicable state or federal statutes which provide for the suspension or tolling of the limitations period) or (ii) 30 days after the termination or expiration of the automatic stay, the claimant's cause of action is barred. See 11 U.S.C. § 108(c); In re C & G Excavating, Inc., 217 B.R. 64 (Bankr. E.D. Penn. 1998), aff'd

Rhodes v. C & G Excavating, Inc., 1999 WL 820204 (E.D. Penn. Sept. 29 1999).[5] Thus, where a claimant merely files a proof of claim, but does not timely file a complaint in the appropriate nonbankruptcy court, the proof of claim is not sufficient to toll a statute of limitations applicable to the underlying cause of action. See Rhodes at 66.[6]

In Rhodes, the claimant, Rhodes, filed a proof of claim in C & G's Chapter 11 bankruptcy proceedings for personal injuries allegedly sustained while working for C & G. However, Rhodes never filed a complaint in the district court regarding such injuries. As a result, the statute of limitations for Rhodes' claim expired and C & G objected to Rhodes' proof of claim based on the expiration of the limitations period. The Court held that Rhodes' cause of action was time barred and sustained C & G's objection, disallowing Rhodes' proof of claim:

> [T]here is no doubt that Rhodes could have successfully nullified the statute of limitations defense by requesting relief from the stay and filing a complaint within thirty days of the date relief was granted or by filing a complaint within thirty days of... the date C & G's amended plan was confirmed and the automatic stay terminated. However, Rhodes failed to take either of these steps and the statute of limitations, plus the thirty day extension thereof afforded by section 108(c), have now expired. Accordingly, we find that *since Rhodes failed to file a complaint within the applicable maritime statute of limitation and the thirty day extension of this statute of limitation afforded by 11 U.S.C. 108(c), Rhodes' cause of action is time barred and C & G's*

---

[5] A claimant has three choices regarding the filing of a complaint against a debtor after commencement of the case: (i) file a motion for relief from the automatic stay, (ii) file a complaint after the termination of the bankruptcy proceedings, if the statute of limitations has not run, or (iii) file a complaint during the thirty day period set forth in Section 108(c). See Rhodes v. C & G Excavating, Inc., 217 B.R. at 66 (citing Grotting v. Hudson Shipbuilders, Inc., 85 B.R. 568, 569-70 (W.D. Wash. 1988)).

[6] Neither Section 108(c) nor the automatic stay under Section 362 suspend a statute of limitations from running or otherwise toll any statutes of limitation during the pendency of bankruptcy proceedings. See Swartzman v. Harlan, 535 So. 2d 605 (Fla. 2d Dist. Ct. App. 1998) (citing Grotting v. Hudson Shipbuilders, Inc., 85 B.R. 568, 569-70 (W.D. Wash. 1988); J.T. Industrial Contractors, Inc. v. Hargis Railcare, Inc., 458 S.E.2d 702 (Ga. Ct. App. 1995).

*objection to his proof of claim must be sustained.*

Rhodes at 66 (emphasis added).

Because the date of the incident upon which the Claim is based was April 3, 2004, Claimant was required under Georgia law to commence the prosecution of a valid civil action by April 3, 2006. Alternatively, pursuant to § 108(c) Claimant was required to file a valid civil action within thirty days after the termination or expiration of the automatic stay. The automatic stay in this case expired or terminated on November 21, 2006, the effective date of the Confirmation Order. Accordingly, Claimant was required to file a valid civil action no later than December 21, 2006. Claimant failed to commence a valid civil action on or before December 21, 2006. In this case, as in Rhodes, because Claimant did not timely file a valid civil action to preserve his claim under the applicable statute of limitations, Claimant's cause of action is now time-barred and his claim must be disallowed.

Finally the Court notes that Claimant asserts that he is not familiar with and does not understand the statute of limitations. However, it appears to the Court that Claimant is a prolific plaintiff, having filed some nineteen lawsuits in Georgia and should therefore be very familiar with statutes of limitation and their effect on litigation. Even if he were not, by choosing to proceed pro se, Claimant assumed the burden of familiarizing himself with all of the requisite information to competently represent himself. "The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an "advocate" for or to assist and guide the pro se layman through the trial thicket." U.S. v. Pinkey, 548 F.2d 305, 311 (10th Cir. 1977) (citations omitted); see also

Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994) (noting that "[a]lthough civil litigants who represent themselves ('pro se') benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.") (citations omitted). Upon the foregoing, it is

**ORDERED:**

1. Debtors' Objection to Claim 12570 of Sunday Odionyion is sustained.

2. Claim 12570 is disallowed.

**DATED August 5, 2008** in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

**Copies furnished to:**

Leanne McKnight Prendergast, Attorney for Debtors
Sunday Udoinyion