**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**MOTION OF YOLANDE ALLDREDGE**
**FOR ORDER DEEMING THIS APPLICATION**
**FOR ADMINISTRATIVE EXPENSE TIMELY FILED**

Comes Now, Yolande Alldredge (alternatively “Ms. Alldredge” or “Applicant”), by and through undersigned counsel, and pursuant to 11 U.S.C. §§ 105 and 503(a) and Fed. R. Bankr. P. 9006(b)(1), hereby moves this Court for entry of an order deeming the Application for Administrative Expense attached as Exhibit “A” (the “Application”) timely-filed.

**BACKGROUND**

1. On or about May 10, 2006, Ms. Alldredge was injured at the Winn-Dixie store located at Pell City, St. Clair County, Alabama, Store No. 410 as a proximate result of the negligence of the Winn-Dixie entity operating the store. As a result of the accident, Ms. Alldredge has suffered extensive physical damages.

2. Ms. Alldredge, acting through her Alabama counsel Alexander M. Weisskopf, Esq., filed a complaint against Winn Dixie on May 2, 2008 in the Circuit Court of St. Clair County Alabama, in the Southern Division at Pell City, Civil Action No. CV 2008-900071. On May, 21, 2008, Winn Dixie filed an Answer in the Circuit Court of St. Clair County Alabama, in the Southern Division at Pell City, stating , among other defenses, that the action was in violation of 11 U.S.C. § 524.

3. On June 20, 2008, Winn-Dixie Stores, Inc. filed a Complaint in the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division, requesting that the court find Ms. Alldredge's State Court complaint void, the Winn-Dixie debt dischargeable, and that Ms. Alldredge should be enjoined from seeking relief from pursing her claims against Winn-Dixie Stores, Inc.

4. As set forth in the Affidavit of Alexander M. Weisskopf, Esq. attached as Exhibit "B", Mr. Alldredge had contacted Winn-Dixie regarding Ms. Alldredge's claim on and prior to May 30, 2006, and was never informed that Winn Dixie had filed for Bankruptcy protection. At no time was Mr. Weisskopf, or his client Ms. Alldredge, notified of Winn-Dixie's pending bankruptcy claims or status. In June, 2006, Mr. Weisskopf notified Winn-Dixie's claim representative of his new address and received no correspondence regarding the bankruptcy status of Winn-Dixie. In addition, Ms. Alldredge, whose address was provided by letter to Sedgewick Claims Management Services, Winn-Dixie's agent, was also never notified of the bankruptcy status of Winn-Dixie. See Alldredge Affidavit, attached as Exhibit C.

5. Ms Alldredge's address was provided to Winn-Dixie in a May 30, 2006, letter from Mr. Weisskopf scheduling a recorded statement relating to the accident. Despite such notice, no correspondence was sent to either Ms. Alldredge or her attorney regarding Winn-Dixie's bankruptcy status.

6. Mr. Weisskopf first became aware of the bankruptcy status of Winn-Dixie as a result of their Answer to Ms. Alldredge's state court action. When Mr. Weisskopf became aware of the applicability of the Notice to Ms. Alldredge's claim, he contacted the undersigned Florida counsel for a clarification of the bankruptcy status of

Winn-Dixie. Mr. Weisskopf and the undersigned counsel therefore hereby promptly file Ms. Alldredge's Application.

**MEMORANDUM OF LAW**

The Bankruptcy Code provides that "(a)n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." 11 U.S.C. § 503(a). As in the case of a pre-petition claim filed after a bar date, bankruptcy courts have used the "excusable neglect" standard of Fed. R. Bankr. P. 9006(b)(1) in the context of a Section 503(a) application for administrative expense. *See In re: Bicoastal Corp.*, 147 B.R. 258 (M.D. Fla. 1992). *See also In re Reams Broad. Corp., 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993).*

This Court is permitted to exercise its discretion "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the movant's control". *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507 U.S. 380, 391, 113 S. Ct. 1489 (1993).

In *Pioneer*, the United States Supreme Court explicitly rejected a narrow interpretation of the term "excusable neglect" under Rule 9006(b)(1). *Pioneer*, 507 U.S. at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control"). A pre-petition claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *Banco Latino International v. Lopez (In re Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer*). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997).

As noted previously by this Court, *Pioneer* mandates a "balancing test" of four considerations. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). Those considerations include: (a) the reason for the delay and whether it was in control of claimant; (b) the length of delay and potential impact on judicial proceedings; (c); the danger of prejudice to debtor, and (d) whether the claimant acted in good faith. *Harrell*, 325 B.R. 646.

**Reason for the Delay**

As set forth in Mr. Weisskopf's Affidavit, attached as Exhibit "B", the failure to timely file Ms. Alldredge's claim is the result of Winn-Dixie's failure to notify either Mr. Weisskopf or his client of the pending bankruptcy status of Winn-Dixie. Mr. Weisskoff was attempting to settle Ms. Alldredge's claim out of court and Sedgewick Claims Management Services, Winn-Dixie's agent, failed to inform Mr. Weisskopf of Winn-Dixie's status.

**Length of Delay and Potential Impact on Judicial Proceedings**

Ms. Alldredge's Application is being filed within 60 days of Ms. Alldredge receiving notice of Winn Dixie's bankruptcy status. Because, inter alia, the Court has confirmed a Plan of Reorganization approved by the Debtors' creditors, the judicial proceedings in this case will not be affected substantially if the Court grants this Motion.

**Prejudice to the Debtors**

There can be little, if any, prejudice to Winn-Dixie Stores if this Motion is granted. The Debtors' had actual notice of Ms. Alldredge's personal injury claim prior to the January 5, 2007 bar date. Significantly, the granting of this Motion will not

deprive the Debtors' of their ability to object to Ms. Alldredge's Application on its merits. The fact that the Debtors will have to answer to the merits of Ms. Alldredge's Application, as opposed to having is stricken on procedural grounds, is not "prejudice" of a type this Court should consider in its analysis under *Pioneer*. Upon information and belief, the Debtors have not completed their reconciliation and negotiations relating to the large number of personal injury claims relating to the Debtors' activities during the Post-Petition Period.

**Ms. Alldredge's Good Faith**

Ms. Alldredge's actions in this case were, without question, undertaken in good faith. At no point has she delayed the process or otherwise "sat on her rights", and there is and can be no suggestion that she has acted improperly in any fashion. Similarly, Mr. Weisskopf's attempts to settle the claims out of court with Winn-Dixie's agent were in good faith. The failure of Winn Dixie and it's agent Sedgewick Claims Management Services to notify either Mr. Weisskopf or Ms. Alldredge of the pending bankruptcy status of Winn Dixie should not be rewarded by the dismissal of the valid claims against Winn Dixie.

**The Factors as a Whole**

Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The treatment of Ms. Alldredge's Application as timely-filed will permit her claim to be resolved on its merits. Such relief will result in no prejudice to the Debtors, will serve to protect Ms. Alldredge's right to recover for her damages, and is consistent with the interests of justice.

**Wherefore,** Yolande Alldredge requests that the Court enter an order:

(A) deeming the Application filed on her behalf this 13th day of August timely-filed, and

(B) granting her such other and further relief to which she may be entitled and the Court deems appropriate.

Dated: August 13, 2008

**WILCOX LAW FIRM**

/s/ **Robert D. Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1202
Jacksonville, FL 32216
(904) 281-0700
(904) 513-9201 Fax

Alexander M. Weisskopf, Esq.
Weathington, Moore & Weisskopf, PC
P.O. Box 310
Moody, Alabama 35004
(205) 640-2000
(205) 640-2010

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2008 I filed this **MOTION OF YOLANDE ALLDREDGE FOR ORDER DEEMING APPLICATION FOR ADMINISTRATIVE EXPENSE TIMELY FILED** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ **Robert Wilcox**
Robert D. Wilcox

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

Case No.: 05-03817-3FI

Chapter 11

Jointly Administered

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE**

Yolande Alldredge

Comes Now Yolande Alldredge ("Applicant"), through the undersigned attorneys, seeking administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

**FACTUAL BACKGROUND**

2. Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3. After the Petition Date and on or about May 10, 2006, Applicant was injured at the Winn-Dixie store located in Pell City, St. Clair County, Alabama, Store No. 410 as a proximate result of the negligence of the Winn-Dixie entity operating the store.

Ms. Alldredge was injured when she slipped and fell as a result of a dangerous condition on the premises of Winn-Dixie that was unknown to Ms. Alldredge. As a result of the injury, Applicant has suffered damages totaling at least $10,000.00, which damages Applicant can support through medical records and other proof. Applicant's damages may not be fully liquidated at this time.

**APPLICANT'S CLAIM IS ENTITLED TO**
**ADMINISTRATIVE EXPENSE STATUS**

4. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b) and Applicant seeks the entry of an order awarding such status.

**REQUEST FOR FUTURE NOTICE**

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon both the undersigned Florida counsel and:

      Alexander M. Weisskopf, Esq.
Weathington, Moore & Weisskopf
P.O. Box 310
Moody, Alabama 35004
(205) 640-2000
(205) 640-2010 (facsimile)

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as the Court deems just and proper.

Respectfully Submitted,

WILCOX LAW FIRM

/s/ **Robert Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1202
Jacksonville, FL 32216
Telephone: (904) 281-0700
Facsimile: (904) 513-9201

And

Alexander M. Weisskopf, Esq.
Weathington, Moore & Weisskopf
P.O. Box 310
Moody, Alabama 35004

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2008, I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ **Robert Wilcox**
Robert D. Wilcox

# EXHIBIT B

STATE OF ALABAMA
COUNTY OF ST. CLAIR

**AFFIDAVIT OF ALEXANDER M. WEISSKOPF**

Before me the undersigned notary did personally appear Alexander M. Weisskopf and after being duly sworn did state as follows:

My name is Alexander M. Weisskopf, I am over 19 years of age and have personal knowledge of the following facts.

I am the attorney representing Yolande Alldredge regarding personal injury claims regarding a clear liability injury that occurred at Winn Dixie Store number 410 located in Pell City, St. Clair County, Alabama.

When I first began working on Ms. Alldredge's claim against Winn Dixie, I was with the Robinson Law Firm, PC, located in Ashville, Alabama. During my representation, I had contact with Winn Dixie representatives regarding Ms. Alldredge's claims, including the one enclosed which includes Ms. Alldredge's mailing address.

In June of 2006, I left the law firm, but continued my representation of Ms. Alldredge and notified Winn Dixie's representatives of my new address.

At no time did I ever receive any notice from Winn Dixie, Sedgewick Claims Management Services, a bankruptcy court, or anyone else indicating that any claim needed to be filed anywhere, until the Answer to the law suit filed of behalf of Ms. Alldredge was filed on June 20, 2008.

Alexander M. Weisskopf

Sworn to and subscribed before me the undersigned notary on this the 13th day of August, 2008.

Melanie B. Brown
NOTARY

# EXHIBIT C

STATE OF ALABAMA
COUNTY OF ST. CLAIR

AFFIDAVIT OF YOLANDE ALLDREDGE

Before me the undersigned notary did personally appear Yolande Alldredge and after being duly sworn did state as follows:

My name is Yolande Alldredge I am over 19 years of age and have personal knowledge of the following facts.

On May 10, 2006, I was a patron on the premises of Winn Dixie in Pell City, St. Clair County, Alabama, Store Number 410, when I fell due to a floor being made wet by an employee of Winn Dixie as they were washing out the butcher department. My injury was severe and necessitated surgery and I am still having repercussions of my injury.

I receive my mail at my post office box which is PO Box 233, Lincoln, Alabama 35096. At no time have I ever received any notice, nor did I have any knowledge in any manner, that Winn Dixie was in bankruptcy or anything needed to be filed to preserve my claim with Winn Dixie.

Yolande Alldredge

Yolande Alldredge

Sworn to and subscribed before me the undersigned notary on this the 13th day of August, 2008.

Melanie B. Brown

NOTARY