# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

8/5/2008

The Clerk of court
United States Bankruptcy court
300 North Hogan Street
Suite 3-350
Jacksonville Florida, 32202-4267

RECEIVED
CLERK, U.S. BANKRUPTCY COURT
AUG 1  2008
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Re- Winn-Dixie Bankruptcy case No. 05-3817-3FI
Claim No. 12570

## FILING OF ILLEGAL AND UNCONSTITUTIONAL TRIAL/ACCEPTANCE OF OFFER

Grateful, please file the original of the above trial/acceptance of offer for the Hon Judge Jerry Funk
Also please stamp and send the enclosed copy to me in the stamped addressed envelope also enclosed

Thank you for your attention in this matter

Sincerely,

*[signature]*

Sunday N. Udoinyion
P O Box 80903
Chamblee, Georgia, 30366
678-887-8093
Claimant

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| WINN-DIXIE STORES INC et all | Case No 05-03817-3F1 |
| Reorganized Debtors et all | Chapter 11 |
| | Jointly Administered |

**TO HON. JUDGE JERRY FUNK**
US Bankruptcy court

## WINN-DIXIE ILLEGAL AND UNCONSTITUTIONAL TRIAL OF CLAIMANT ON STATUTE OF LIMITATION

### ACCEPTANCE OF OFFER

**Acceptance of offer**

Claimant sent a letter of acceptance of offer of $15,000.00 in stock to the Honorable court in his letter dated 14th day of July 2008, a copy of which sent to Winn-Dixie through their Attorney, and after telephone conversation confirming same with their Attorney.

Winn- Dixie has been using all avenues to dismiss this claim including without limitation false information on fare check, perjury and fraud. Claimant was not bound to accept the offer of $15, 000.00 in stock but decided to accept it to settle the matter and informed Winn-Dixie same but because Winn-Dixie was looking for a way to dismiss the claim, rejected Claimant's offer to accept it in a letter dated 23rd day of July, 2008. Claimant is requesting the transfer of this case to US Bankruptcy court in Atlanta that has jurisdiction on this case for a trial.

**Statute of Limitation**

About 15th day of June 2008 Winn-Dixie Attorney called Claimant over the phone and

1

requested for a hearing on July 10, 2008. Claimant requested this in writing. The Hearing notice was sent. All wordings including dress attire, prohibition of cellular phone, response dead line were all reminder to Claimant on HEARING for July 10, 2008.

A few days before July 10, 2008, Claimant got another letter. Paragraph 2, page 2 reads as follows: **As provided in the letter of hearing we sent you, the TRIAL is set for July 10, 2008**

No portion in the Hearing notice that mentioned trial other than Hearing for settlement, so Claimant had no idea what kind of trial Winn-Dixie was talking about to enable Claimant prepare for. In addition USBC in Atlanta has jurisdiction on any and all trial of Claimant's claim not USBC in Jacksonville.

On arrival for the hearing, Claimant was confronted by Winn-Dixie to stand trial and was given a folder of information for the alleged trial. Claimant declined to accept such information because it was not timely served including due process of law for the alleged trial. In addition US Bankruptcy court in Atlanta has jurisdiction over any trial of Claimant's claim

Winn-Dixie proceeded to confront Claimant and greeted him with another trial on Statute of Limitation which Claimant had no idea, no preparation, no due process of law for the trial. Claimant only obeyed the order of the court when he was ordered to step to the podium. Claimant did not know why he was ordered to step to the podium, until when he suddenly saw himself in a trial stand and greeted with cross examination by Winn-Dixie Attorney. In the cross examination Claimant was asked without limitation about alleged 10 cases in Fulton county, Bill Reed case in USDC. Claimant finally realized that the

2

cross examination by Winn-Dixie Attorney was to prove to the court that Claimant knew about Statute of limitation in Bankruptcy cases which Claimant is never aware of nor has ever been informed by Winn-Dixie. The action of Winn-Dixie was illegal and in violation of Claimant's right and retaliation because Claimant did not initially accept the offer of Winn-Dixie so they decided to retaliate Claimant in violation of 42 USC section 1981 for retaliation as recognized by the Eleventh Circuit. Tucker v. Talladega City Schools 171 Fed. Appx. 289, 294 (11 th Cir. 2006) (citing Andrews v. Lakeshore Rehab. Hosp., 140 F. 3d 1405, 1412-13 (11 th Cir. 1998); Bass v. Bd. of County Comm'rs, 256 F. 3d 1095, 1120, n. 10 (11 th Cir. 2001), Humphries v. CBOCS West Inc; 474 F. 3d 387, 402-03 (7 th Cir. 2007) The US Supreme court granted certiorari in seventh Circuit case addressing sect. 1981 retaliation claim

Claimant's right was also violated through race discrimination in that Winn- Dixie settled other White Claimants claims but failed to settle Claimant's claim because Claimant is black and unjustly forced Claimant into illegal trial in violation of 42 USC section 1981.

1 Claimant is pleading with the court to declare Winn-Dixie trial for statute of limitation illegal and unconstitutional because Winn- Dixie used Statute of limitation to retaliate Claimant for not initially accepting offer which Claimant was not bound to accept.

2 Statute of limitation and trial were wrongfully imposed on Claimant as retaliation because Claimant initially did not accept and was not bound to accept Winn-Dixie's bad offer of $15,000.00

3 Claimant was illegally forced and put on trial without due process of law and in a court that has no jurisdiction for trial of Claimant's claim by Winn-Dixie

3

4 Claimant was not duly served per due process of law for such trials by Winn-Dixie in violation of Claimant's constitutional right

5 Claimant did not consent to any trial in this claim in another State because the Bankruptcy court in Atlanta, Georgia has Jurisdiction of any trial in this claim not USBC in Jacksonville.

6 Claimant is and was not aware that statute of limitation exists in this claim in progress to be settled nor was informed of any approaching statute of limitation by Winn-Dixie.

7 Claimant filed his complaint as Pro se and not as a Lawyer and should not in any way be crossed examined, interrogated, and classified as Attorney

8 Winn-Dixie has utilized all avenues to dismiss Claimant's claim illegally

9 Claimant has never been warned against any statute of limitation in the claim in the past

10 Claimant was not aware of trial through cross examination

11 The Bankruptcy court in the State of Georgia has Jurisdiction on this case

12 Trial of this case in another state is illegal and unconstitutional

13 Per the Constitution of Georgia Article 1, section 1, paragraph XV1 no person shall be compelled to give testimony tending in any manner to be self incriminating, but Claimant was compelled and cross examined without his consent to give information on his past civil complaints.

14 The right of Claimant was robbed by Winn-Dixie contrary to the Constitution of Georgia Article 1, section 1, paragraph V11

15 Claimant only went to the Bankruptcy court in Jacksonville per invitation for a hearing for settlement but was tricked into statute of limitation trial by Winn-Dixie Attorney

4

16 Claimant is not aware nor been informed of the rules of the Bankruptcy court, but the Attorney for Winn-Dixie stood before the Judge and quoted all the rules/laws of the Bankruptcy court and used them in an illegal trial against Claimant which Claimant has no knowledge of, and illegally used against Claimant without due process of law by Winn- Dixie Attorney.

In conclusion Claimant is pleading with the court for transfer of this case to USBC in Atlanta, Georgia that has jurisdiction on any and all trial in this case.

Respectfully submitted this 5th day of August 2008

Certificate of Service

I hereby certify that I have served Leanne McKnight Prendergast, Attorney for Winn-Dixie with a copy of illegal trial of claimant/acceptance of offer via US mail per the following address:

225 Water Street, suite 1800
Jacksonville, Florida 32202-4267

Respectfully submitted this 5th day of August 2008

Sunday N. Udoinyion
P O Box 80903
Chamblee, Georgia, 30366
Claimant