UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., ) | | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____) | | |

### ORDER DENYING SUNDAY UDOINYION'S MOTION FOR RECONSIDERATION OF ORDER DATED AUGUST 5, 2008 SUSTAINING DEBTORS' OBJECTION TO CLAIM 12570 FILED BY SUNDAY UDOINYION

This case came before the Court upon Filing of Illegal and Unconstitutional Trial/Acceptance of Offer by Sunday Udoinyion ("Claimant") on August 15, 2008, which the Court construes as a motion for reconsideration (the "Motion for Reconsideration") of the Court's Order dated August 5, 2008 Sustaining Debtors' Objection to Claim 12570 of Sunday Udoinyion ("Claimant").

A party may move for reconsideration of orders issued by bankruptcy courts within ten days of the entry of an order or judgment. FED. R. CIV. P. 59. A court exercises its discretion when deciding whether to grant a Rule 59(e) motion. Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 684 (M.D. Fla. 1996). "A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla. 1993)). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and the conservation of scarce judicial resources." Id. (citing Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F. Supp. 522 (E.D. Pa. 1992)). A court can grant a motion for reconsideration when the moving party shows

one of three criteria: (1) there is newly available evidence; (2) there is an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or to prevent manifest injustice. Id.

Claimant fails to allege that there is newly available evidence or that there has been an intervening change in the controlling law. Claimant asserts that he accepted a prior offer of settlement. However, that offer was withdrawn after the statute of limitations had expired without Claimant filing a lawsuit. Claimant also asserts that he is pro se and did not know of the statute of limitations. The Court previously found that Claimant was involved in numerous lawsuits in both state and federal court in which he represented himself. Ignorance of the law is no excuse. Claimant has failed to show that the Court's Order Dated August 5, 2008 Sustaining Debtors' Objection to Claim 12570 contained a clear error of law or would result in a manifest injustice.

**ORDERED:**

1. The Motion for Reconsideration is denied.

2. To the extent Claimant seeks affirmative relief, that too is denied.

**DATED** August 18, 2008 in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

**Copies furnished to:**

Leanne McKnight Prendergast, Attorney for Debtors
Sunday Udoinyion