UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
JACKSONVILLE, FLORIDA
AUG 25 2008
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

## PLAINTIFF'S RESPONSE TO DEBTORS' AMENDED OBJECTION TO THE CLAIMS OF JOAN KNABB

COMES NOW the Plaintiff, by and through her undersigned counsel, and files this Response to the Defendant's Amended Objection to the Claims of Joan Knabb. The Plaintiff would respectfully request this Honorable Court to deny the Defendant's Objection and as grounds therefor would show the Court the following:

1. The Plaintiff's Complaint in this premises liability case is styled <u>Joan Knabb v. Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc.</u> and was filed in the Circuit Court of the First Judicial Circuit, in and for Santa Rosa County, Florida, as Case No 050052CA on January 21, 2005. The incident which was the basis for the Plaintiff's Complaint occurred at a Winn-Dixie store located at 3355 Gulf Breeze Parkway, Gulf Breeze, Florida, and which is at times referred to as Winn-Dixie Store No. 0412, Winn-Dixie Store No. 07-0412-021, or Tiger Point Shopping Center Winn-Dixie.

2. Service for Process was obtained on the Defendants on February 25, 2005 and the Defendants filed a Notice of Appearance on or about March 2, 2005.

3.     A Notice of Filing Notice of Commencement of Bankruptcy Case(s) was filed by the Defendants on March 9, 2005.

4.     Because of the Notice of Commencement of Bankruptcy Case(s), the Defendants never filed an Answer to the Complaint.

5.     Because of the stay of the negligence action, no discovery has been conducted by either the Plaintiff or the Defendants.

In its Amended Objection, the Debtors object to Claims No. 7213 and 7214 filed by Joan Knabb on the grounds of (i) No Liability - Disputed Claim, (ii) insufficient proof of claim documentation and (iii) Claim No. 7214 is duplicative of Claim No. 7213. The Plaintiff will address each of these grounds in turn.

Initially, the objection based on the grounds of No Liability - Disputed Claim would seem to be tantamount to an assertion by the Debtors that they are entitled to a summary judgment. As stated by the Florida Supreme Court in <u>Moore v. Morris</u>, 475 So. 2d 666, 668 (Fla. 1985), "The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." A summary judgment cannot be granted "[i]f the slightest doubt exists as to the presence of an issue of fact." <u>Besco U.S.A. International Corp. v. Home Savings of America FSB</u>, 675 So. 2d 687, 688 (Fla. 5th DCA 1996). Further, a summary judgment should be denied "[i]f the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues." <u>Moore</u> at 668. This burden on the movant for a summary

judgment "is greater than the burden which the plaintiff must carry at trial because the movant must prove a negative – the nonexistence of a genuine issue of material fact." Wills v. Sears, Roebuck & Co., 351 So. 2d 29, 30 (Fla. 1977).

As noted above, in the instant case, no discovery has commenced in this case because of the stay created by the bankruptcy proceedings. In filing its objection, the Debtors failed to provide any affidavits or depositions in support of its objection on the ground of no liability which is the equivalent of a request for summary judgment. In fact, the only documentation before the Court is the original Complaint filed by the Plaintiff which has not even been responded to by the filing of an Answer by the Defendants. Therefore, the Defendants have failed to meet their very heavy burden to sustain any objection based on No Liability – Disputed Claim because it has simply failed to provide this Court with any evidence. The Plaintiff would note a very recent case involving Winn-Dixie Stores in which a summary judgment entered in favor of Winn-Dixie Stores was reversed on appeal in a claim for personal injuries arising from a slip-and-fall accident because the defendant "failed to file any affidavits or depositions in support of its motion for summary judgment and it failed to establish that there were no genuine issues of material fact." Trapani v. Winn-Dixie Stores, Inc., 33 Fla. L. Weekly D1878, D1879 (Fla. 4th DCA, July 30, 2008). Therefore, this Court should not uphold the Debtors' Objection to Claims No. 7213 and 7214 on the grounds of "No Liability – Disputed Claim".

The Debtors also object to Claims No. 7213 and 7214 based on "insufficient proof of claim documentation." However, by letter dated May 27, 2008 to James

H. Post, Esq., as attorney for the Debtors, Plaintiff's counsel confirmed that Winn-Dixie was cancelling a mediation which had been scheduled for May 30, 2008 in this case. That letter to Mr. Post also noted that Plaintiff had requested medical records but had not received them from the medical providers. In that letter, a copy of which is attached as Exhibit "A", Plaintiff's counsel offered to send Joseph B. Stokes, III, Esq., another attorney for the Debtors, the records that Plaintiff had received thus far if Mr. Stokes would want to proceed in that fashion. However, no response was received from Mr. Post or Mr. Stokes until a letter from Mr. Stokes to Plaintiff's counsel dated July 8, 2008 which responded to the Plaintiff's letter of May 27, 2008 to Mr. Post. In that letter, Mr. Stokes asked Plaintiff's counsel if Plaintiff had received the medical records. In that letter from Mr. Stokes, a copy of which is attached as Exhibit "B", Mr. Stokes stated, "Winn-Dixie is still ready and willing to evaluate your client's case once supporting documentation is provided." Although Plaintiff has still not received all of the medical records and bills which have been requested, Plaintiff forwarded the medical bills and records that we have received to Mr. Stokes on August 22, 2008.

Given the ongoing communications between the Plaintiff and Debtors, the acknowledgment by the Debtors that the Plaintiff was attempting to retrieve the information requested by the Debtors, that the Debtors have now been provided a substantial volume of medical records and bills providing substantial documentation of the damages sustained by the Plaintiff, and the acknowledgment by the Debtors as recently as July 8, 2008, of their willingness to evaluate the Plaintiff's case once such documentation was received, the Court

should not sustain the Debtors' Objection to the Plaintiff's claims based on "insufficient proof of claim documentation".

Finally, the Debtors object to the Plaintiff's claims based on their position that Claim No. 7214 is duplicative of Claim No. 7213. However, Claim No. 7214 was filed against Winn-Dixie Montgomery, Inc. and Claim No. 7213 was filed against Winn-Dixie Stores, Inc. While Plaintiff concedes that the basis for each of these claims is the slip-and-fall accident as described herein, claims were made against these two entities because in the Plaintiff's Complaint it is alleged that either Winn-Dixie Montgomery, Inc. or Winn-Dixie Stores, Inc. was in possession and control of the premises at which the incident occurred and that either Winn-Dixie Stores, Inc. or Winn-Dixie Montgomery, Inc. operated the grocery store on those premises. Unfortunately, because the Defendants in the underlying negligent action never filed an Answer to the Plaintiff's Complaint, it is unknown at this point as to which entity, Winn-Dixie Stores, Inc. or Winn-Dixie Montgomery, Inc., was in possession and control of the premises where the slip-and-fall accident occurred. Therefore, while Plaintiff recognizes that she is entitled to compensation for her damages only from the responsible entity in possession and control of the premises, it is not clear at this point as to whether the entity that should be responsible for payment of those damages is Winn-Dixie Stores, Inc. or Winn-Dixie Montgomery, Inc. Unless and until the Debtors are willing to identify the entity which was in possession and control of the grocery store at which this incident happened, it would seem that the claims against Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. based on the damages sustained by the Plaintiff

as a result of the slip-and-fall accident which occurred on July 9, 2002 at the Winn-Dixie store located at 3355 Gulf Breeze Parkway, Gulf Breeze, Florida, cannot be said to be duplicative and the Court should overrule the Debtors' Objection to Plaintiff's claims based on that ground.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by Facsimile and U.S. Mail this 22nd day of August, 2008, to Stephen D. Busey, James H. Post, Esq., and Leanne McKnight Prendergast, Esq., 225 Water Street, Suite 1800, Jacksonville, Florida 32202 (Facsimile 904/359-7708).

DENNIS L. FINCH, P.A.
307 N.E. 36th Avenue, Suite 2
Ocala, Florida 34470
(352) 694-2738
Attorney for Plaintiff

_____
Dennis L. Finch
Florida Bar No. 0053708

# DENNIS L. FINCH, P.A.
Attorney at Law

307 N.E. 36th Avenue, Suite 2  
Ocala, Florida 34470

352/694-2738 - Telephone  
352/694-3627 - Facsimile

May 27, 2008

James H. Post, Esq.  
225 Water Street, Suite 1800  
Jacksonville, FL 32201

**VIA FACSIMILE**  
**(904) 359-7708**

    RE:    Our Client:    Joan Knabb  
            Proof of Claims:  7213 and 7214  
            D/Accident:    July 9, 2002

        In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1, Chapter 11, Jointly Administered

Dear Mr. Post:

    In response to your letter dated May 23, 2008, and my assistant's telephone conversation with Kim of your office on this date, I understand that you are cancelling the mediation in the above case which is set for May 30, 2008. Please note that we have requested the various medical records for Ms. Knabb but we simply have not received them all from the various medical providers. As you may know, many of these providers are not local. Even with local medical providers it sometimes takes well over thirty days to obtain medical records. Given when we requested the records, I am quite optimistic that we will have most if not all the records within the next thirty days. If you would like for us to send Mr. Stokes the records we have received thus far pursuant to our most recent request, please let me know and we will be glad to do so.

                                      Sincerely,

                                      Dennis L. Finch

DLF/ama  
cc:    Mr. C. Everett Brooks  
        Joseph Stokes, Esq.



EXHIBIT A

# SAALFIELD, SHAD, JAY, STOKES & INCLAN, P.A.

Attorneys at Law
F.E.I.N. 59-2972592

POST OFFICE BOX 41589
JACKSONVILLE, FLORIDA 32203-1589

TRAVASE L. ERICKSON
CLEMENTE J. INCLAN
HARVEY L. JAY III
J. BRENT JONES
F. DUKE REGAN
JOHN R. SAALFIELD
CHARLES THOMAS SHAD
JOSEPH B. STOKES III
C. LEIGH WILHITE
JENIFER S. WORLEY

PHYSICAL ADDRESS:
BANK OF AMERICA TOWER
50 N. LAURA STREET, SUITE 2950
JACKSONVILLE, FLORIDA 32202

TELEPHONE: (904) 355-4401

FACSIMILE: (904) 355-3503

July 8, 2008

**Via Facsimile:** (352) 694-2738
Dennis L. Finch, Esquire
307 N.E. 36th Avenue, Suite 2
Ocala, Florida 34470

    Re:   **Claimant:**   **Joan Knabb**
           **Insured:**   **Winn Dixie Stores, Inc.**
           **Claim No.:**  **A211209168-0001-01**
           **Our File:**   **360.08107**

Dear Mr. Finch:

    In follow-up to your May 27, 2008 correspondence to James Post, please advise whether you have received any medical records for your client in the above-referenced matter. Winn-Dixie is still ready and willing to evaluate your client's case once supporting documentation is provided.

    I look forward to hearing from you.

Very truly yours,

Joseph B. Stokes, III

JBSIII:mlh

cc:   Mr. Greg Corman
      Sedgwick Claims Management
      Post Office Box 14482
      Lexington, KY 40512-4482

cc:   Robert Faison, CCLS
      General Liability Claims Manager
      Winn-Dixie Stores, Inc.
      8649 Baypine Road, Building 7
      Jacksonville, Florida 32256


EXHIBIT B

Dennis L. Finch, Esquire
Page 2
July 8, 2008

cc:   James H. Post, Esquire
      Smith Hulsey & Busey
      225 Water Street, Suite 1800
      Jacksonville, Florida 32202