UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| <u>Reorganized Debtors.</u> | ) | Jointly Administered |

### AGREED ORDER RESOLVING CLAIM NUMBER 31489 <u>SCHEDULED ON BEHALF OF ROYAL AND SONS (STORE NO. 331)</u>

This cause originally came before the Court on the First Omnibus Motion Deeming Schedules Amended to (A) Disallow No Liability Scheduled Claims, (B) Reduce Overstated Scheduled Claims, and (C) Reclassify Misclassified Scheduled Claims filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, "Winn-Dixie") (Docket No. 8788) (the "Claims Objection") and the response to the Claims Objection filed by Royal & Sons, Ltd. ("Royal") (Doc. No. 9396).

On July 27, 2006, the Court entered its order deeming Winn-Dixie's schedules amended to disallow, reduce and reclassify the scheduled claims listed on the Exhibits to the Claims Objection (Doc. No. 9620) and continued the hearing on the Claims Objection as to claim number 31489 scheduled on behalf of Royal with respect to Store No. 331. Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. Claim number 31489 scheduled on behalf of Royal with respect to Store No. 331 is allowed as an administrative claim in the amount of $14,254, which Winn-Dixie has paid to Royal in full satisfaction of any right to cure that Royal has or may have under 11 U.S.C. § 365 or otherwise with respect to Store No. 331.

2. This Agreed Order resolves all liabilities and obligations related to (i) all claims scheduled on behalf of Royal with respect to Store No. 331, (ii) all proofs of claim and administrative expense claims pertaining to Store No. 331 filed by Royal in these Chapter 11 cases and (iii) all other pre-petition or pre-effective[1] date claims that Royal has or may have against Winn-Dixie and any of its Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

3. Winn-Dixie reserves the right to pursue any claims against Royal for repairs to the Store No. 331 premises or reimbursement of the expenses for restoration of the Store No. 331 premises required as a result of any hurricane that occurred prior to the date of this Agreed Order. Royal reserves all rights and defenses with respect to any such claims.

4. Logan & Company, Inc., the claims agent appointed in Winn-Dixie's

---

[1] The Effective Date was November 21, 2006, as determined by the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Docket No.12440) and the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims (Docket No. 12991).

Chapter 11 cases, is directed to make such revisions to the claims register as are necessary to reflect the terms of this Agreed Order.

5.   This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this __25__ day of August, 2008, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00609578

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| COHEN, NORRIS, SCHERER, WEINBERGER & WOLMER | SMITH HULSEY & BUSEY |
| By  *s/ James S. Telepman**<br>James S. Telepman, F.B.N. 466786 | By  *s/ Cynthia C. Jackson*<br>Cynthia C. Jackson, F.B.N. 498882 |
| 712 U.S. Highway One, Suite 400<br>North Palm Beach, Florida 33408<br>(561) 844-3600<br>(561) 842-4104 (facsimile) | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Counsel for Royal and Son, Ltd. | Counsel for Winn-Dixie |

*Counsel has authorized his electronic signature.

00609578