# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | *Chapter 11* |
| Debtors.[1] | Jointly Administered |

## WINN-DIXIE'S OBJECTION TO CLAIM NO. 13830 FILED BY CONSOLIDATED BISCUIT COMPANY

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Winn-Dixie"), object to Claim No. 13830 filed on July 2, 2008 by Consolidated Biscuit Company ("Consolidated"). In support of this objection, Winn-Dixie respectfully represent as follows:

## Background

1. On February 21, 2005 (the "Petition Date"), Winn-Dixie filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

2. By order dated April 28, 2005 (the "Claims Bar Date Order") (Doc. No. 932), the Court set August 1, 2005 as the last date for all parties who have or assert prepetition claims against Winn-Dixie to file and serve a written proof of

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities were debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

claim with respect to any such claim (the "Claims Bar Date").  Notice of the Claims Bar Date Order and the Claims Bar Date was provided by mail and publication in accordance with the procedures outlined in the Claims Bar Date Order.

3. On June 26, 2005, Consolidated filed an unsecured proof of claim in the amount of $623,822.68 for packaging and ingredients allegedly due to Consolidated from Winn-Dixie pursuant to a Contract Packaging Agreement dated January 18, 2005 ("Claim No. 13321").

4. The Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Chapter 11 Plan") was confirmed by the Court's order entered on November 9, 2006 (the "Confirmation Order") (Doc. No. 12440) and became effective on November 21, 2006.  Consolidated did not file an objection to or an appeal from the Confirmation Order.

5. On July 2, 2008, over three years after the expiration of the August 1, 2005 Claims Bar Date, and over twenty-one months after confirmation of the Chapter 11 Plan, Consolidated filed an unsecured proof of claim in the amount of $384,602.85 (Claim No. 13830) (the "Late Claim") for ingredients and packaging materials that Consolidated alleges are subject to repurchase by Winn-Dixie pursuant to an Asset Purchase Agreement dated November 24, 2004, which is attached as Exhibit B to the Late Claim (the "APA").

**Argument**

6. Although Consolidated characterizes its Late Claim as superseding and reducing Claim No. 13321, the Late Claim asserts an entirely new claim in the amount of $384,602.85 for amounts allegedly due to Consolidated under the APA. Nowhere in its previous Claim No. 13321 does Consolidated reference the APA, and Consolidated asserted that the amount of Claim No. 13321 was due under the terms of the Contract Packaging Agreement. Moreover, Consolidated filed two responses to Winn-Dixie's objections to Claim No. 13321 (Doc. Nos. 12878 and 17508). Both of those objections also state that Consolidated's claim is based on the Contract Packaging Agreement.

7. A post-bar date amendment to a proof of claim should not be allowed where the attempted amendment asserts a new claim under the guise of amendment. *See United States v. Int'l Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir. 1985) ("[T]he court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment."). Accordingly, an amended claim is permissible only where it is similar in nature and amount to the original claim. *Id.* at 1217 ("[A]mendment is permitted only where the original claim provided notice to the court of the existence, nature, and amount of the claim…"); *In re Marineland Ocean Resorts, Inc.*, 242 B.R. 748, 754 (Bankr. M.D. Fla. 1999) ("To be within the scope of a permissible amendment, the amended claim should not only be of the same nature as the original, but also reasonably within the amount to which the original claim provided notice.").

3

8. Consolidated's Late Claim is not a permissible amendment of Claim No. 13321, but rather constitutes an entirely new claim, because the Late Claim is substantially different in nature from Claim No. 13321. The Late Claim is based on amounts allegedly due to Consolidated under the APA, which is separate and distinct from the Contract Packaging Agreement upon which Claim No. 13321 was based. Because the Late Claim was filed after the Claims Bar Date and after confirmation of the Chapter 11 Plan, the Late Claim should be disallowed. *Marineland*, 242 B.R. at 753 ("Post-bar date claims disrupt the orderly discharge of a debtor and, for this reason, late-filed claims are generally disallowed.")

9. Even if the Court were to determine that the Late Claim is not a new claim, it has been the policy of this Court not to allow claimants to amend claims post-confirmation. *See In re Winn-Dixie Stores, Inc.*, 318 B.R. 804, 808 (Bankr. M.D. Fla. 2008) (denying that claimants were entitled to amend claims post-confirmation where claimants had multiple opportunities to assert rights prior to confirmation, but failed to do so.)

> It is the policy of this Court that a creditor cannot reasonably expect to sit on its rights throughout the process leading up to confirmation, then argue that it is entitled to relief post-confirmation, without consideration to the specified terms of the confirmed plan. Just as the W or L in the score box at a sporting event determines a team's standing, a creditor's standing and rights, unless preserved, are determined by the terms of the confirmed plan . . . To hold otherwise would render the terms of the confirmed Plan meaningless and open pandora's box, as

4

>there would be no finality or resolution, the entire concept behind confirmation of a plan.

*Id.* at 809-10.

In accordance with this policy, the Late Claim should be disallowed.

Dated: August 26, 2008

          SMITH HULSEY & BUSEY


          By  */s/ Allan E. Wulbern*
            Stephen D. Busey
            Allan E. Wulbern

         Florida Bar Number 175511
         225 Water Street, Suite 1800
         Jacksonville, Florida  32202
         (904) 359-7700
         (904) 359-7708 (facsimile)
         awulbern@smithhulsey.com

         Attorneys for Winn-Dixie

00621805

<u>Certificate of Service</u>

I certify that a copy of the foregoing has been furnished electronically to the individuals listed below this 26th day of August, 2008.

| | |
|---|---|
| Henry N. Heuerman, Esq. | Richard R. Thames, Esq. |
| EASTMAN & SMITH, LTD. | STUTSMAN THAMES & MARKEY, P.A. |
| One SeaGate, 24th Floor | 50 N. Laura Street, Suite 1600 |
| P.O. Box 10032 | Jacksonville, Florida 32202 |
| Toledo, Ohio 43699-0032 | rrt@stmlaw.net |
| hnheuerman@eastmansmith.com | |

*s/ Allan E. Wulbern*
Attorney