UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**ORDER ON DEBTORS' OBJECTION TO
IMPROPERLY FILED ADMINISTRATIVE CLAIMS**

This matter came before the Court for hearing on September 4, 2008, on the Debtors' Omnibus Objection to Improperly Filed Administrative Claims (the "Objection") (Docket No. 21106) filed by Winn-Dixie Stores, Inc. on behalf of itself and its reorganized subsidiaries and affiliates (collectively, the "Reorganized Debtors") to the administrative claims identified on Exhibit A to the Objection. The Reorganized Debtors have agreed to withdraw the Objection as to the application for administrative expense claim filed Maria Camacho (Docket No. 13961). As to the remaining applications for administrative expense claims identified on Exhibit A, the Court finds that a proof of claim form, not the filing of a motion or application for allowance of an administrative expense claim, is the only proper vehicle to assert a prepetition claim. Accordingly, it is

ORDERED AND ADJUDGED:

1. The Objection is sustained as to the claims identified on Exhibit A and such claims are disallowed.

2. This Order is without prejudice to the rights, claims or defenses which the Reorganized Debtors or the claimants have or may have with respect to any timely or untimely proofs of claim. The Objection gives rise to a separate contested matter as to each

claim identified on Exhibit A, as contemplated by Rule 9014, Federal Rules of Bankruptcy Procedure. This Order is deemed to be a separate Order with respect to each such claim. Any stay of this Order pending appeal by any claimant whose claim is subject to this Order shall only apply to the contested matter involving such claim and shall not act to stay the applicability or finality of this Order with respect to the other contested matters subject to this Order.

3. This Order is without prejudice to the Reorganized Debtors' right to object to any of the claims on any further or separate grounds.

Dated this 4 day of September, 2008 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Interested Parties and file a proof of service.]

# EXHIBIT A

| Name of Claimant | Docket No. of Motion | Reason for Disallowance |
|---|---|---|
| Alice Brigman | 14433 | IMPROPERLY FILED – THE MOTION STATES THAT THE EVENT OR INJURY RELATING TO THE CLAIM OCCURRED PRIOR TO THE DEBTORS' FEBRUARY 21, 2005 PETITION DATE. THIS CLAIM IS TO BE DISALLOWED BECAUSE IT IS NOT PROPERLY ASSERTABLE ON AN APPLICATION FOR ADMINISTRATIVE EXPENSE. PREPETITION CLAIMS WERE REQUIRED TO BE ASSERTED ON PROOF OF CLAIM FORMS FILED BY AUGUST 1, 2005. THIS OBJECTION IS MADE WITHOUT PREJUDICE TO ANY TIMELY OR UNTIMELY PROOF OF CLAIM FILED BY OR ON BEHALF OF THE CLAIMANT. |
| Hermaine Mortoban | 14522 | IMPROPERLY FILED – THE MOTION STATES THAT THE EVENT OR INJURY RELATING TO THE CLAIM OCCURRED PRIOR TO THE DEBTORS' FEBRUARY 21, 2005 PETITION DATE. THIS CLAIM IS TO BE DISALLOWED BECAUSE IT IS NOT PROPERLY ASSERTABLE ON AN APPLICATION FOR ADMINISTRATIVE EXPENSE. PREPETITION CLAIMS WERE REQUIRED TO BE ASSERTED ON PROOF OF CLAIM FORMS FILED BY AUGUST 1, 2005. THIS OBJECTION IS MADE WITHOUT PREJUDICE TO ANY TIMELY OR UNTIMELY PROOF OF CLAIM FILED BY OR ON BEHALF OF THE CLAIMANT. |
| Lorance Peace Builders | 13987 | IMPROPERLY FILED – THE MOTION STATES THAT THE EVENT OR INJURY RELATING TO THE CLAIM OCCURRED PRIOR TO THE DEBTORS' FEBRUARY 21, 2005 PETITION DATE. THIS CLAIM IS TO BE DISALLOWED BECAUSE IT IS NOT PROPERLY ASSERTABLE ON AN APPLICATION FOR ADMINISTRATIVE EXPENSE. PREPETITION CLAIMS WERE REQUIRED TO BE ASSERTED ON PROOF OF CLAIM FORMS FILED BY AUGUST 1, 2005. THIS OBJECTION IS MADE WITHOUT PREJUDICE TO ANY TIMELY OR UNTIMELY PROOF OF CLAIM FILED BY OR ON BEHALF OF THE CLAIMANT. |
| Martin & Joy Mounce | 13759 | IMPROPERLY FILED – THE MOTION STATES THAT THE EVENT OR INJURY RELATING TO THE CLAIM OCCURRED PRIOR TO THE DEBTORS' FEBRUARY 21, 2005 PETITION DATE. THIS CLAIM IS TO BE DISALLOWED BECAUSE IT IS NOT PROPERLY ASSERTABLE ON AN APPLICATION FOR ADMINISTRATIVE EXPENSE. PREPETITION CLAIMS WERE REQUIRED TO BE ASSERTED ON PROOF OF CLAIM FORMS FILED BY AUGUST 1, 2005. THIS OBJECTION IS MADE WITHOUT PREJUDICE TO ANY TIMELY OR UNTIMELY PROOF OF CLAIM FILED BY OR ON BEHALF OF THE CLAIMANT. |

622866