**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**MOTION FOR A PROTECTIVE ORDER**
*(EMERGENCY HEARING REQUESTED)*

Winn-Dixie Stores, Inc. and its affiliates ("Winn-Dixie") moves the Court to enter an order pursuant to Fed. R. Bankr. P. 7026, protecting it from having the deposition taken of its Chief Financial Officer on September 15, 2008, and in support states:

1. Winn-Dixie and Consolidated Biscuit Company are preparing for the trial on Winn-Dixie's objections to Consolidated Biscuit's (i) Proof of Claim No. 13221, (ii) Amended Proof of Claim No. 12532 and (iii) Application for Allowance of Administrative Expense (Doc. No. 8930).[1] According to the Court's Scheduling Orders (Doc. Nos. 18501 and 20501), the deadline for the parties to complete discovery is September 15, 2008, and the trial is scheduled for September 25, 2008.

2. On September 5, 2008, Consolidated Biscuit Company served a Notice of Deposition for the deposition of Winn-Dixie's Chief Financial Officer, Bennett

---

[1] Consolidated's Proof of Claim, Amended Proof of Claim and Administrative Expense Claim are collectively referred to as "Consolidated's Claims".

Nussbaum, scheduled for September 15, 2008. The Notice of Deposition is attached as Exhibit A.

3. Winn-Dixie believes that the purpose of Consolidated's Notice of Deposition of Mr. Nussbaum is harassment and seeks a protective order precluding Consolidated from taking Mr. Nussbaum's deposition.

    A.    *The relevant facts*:

1. For many years, Crackin' Good, Inc. ("Crackin' Good"), a subsidiary of Winn-Dixie, owned and operated a bakery facility in Valdosta, Georgia (the "Plant").

2. On November 24, 2004, Crackin' Good and Consolidated entered into an Asset Purchase Agreement (the "APA"), pursuant to which Crackin' Good agreed to sell the Plant to Consolidated, together with inventories of packaging materials, ingredients and finished products at the Plant ("Inventories"). Under the terms of the APA, Winn-Dixie agreed to repurchase any inventories of packaging materials and ingredients that Consolidated did not consume within ninety days of its purchase of the Plant.

3. Consolidated purchased the Plant pursuant to the APA on January 17, 2005, and the next day Consolidated and Winn-Dixie entered into additional agreements regarding continuing business relationships between those parties.

4. On February 21, 2005 (the "Petition Date"), Winn-Dixie (including Crackin' Good) filed voluntary petitions for reorganization relief under Chapter 11 of

Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

5. Pursuant to Consolidated's Claims, Consolidated asserts that Winn-Dixie breached its agreements to purchase packaging materials and ingredients from Consolidated.

### B. *The Discovery Dispute*:

6. On August 20, 2008, Consolidated informed Winn-Dixie for the first time that Consolidated wanted to Mr. Nussbaum's deposition. Because of constraints on Mr. Nussbaum's time and his lack of knowledge regarding the Consolidated transaction, Winn-Dixie asked Consolidated to explain why Consolidated wanted to depose Mr. Nussbaum. In response Richard Thames, counsel for Consolidated, sent Allan Wulbern, counsel for Winn-Dixie, an email (Exhibit B) stating that Consolidated wanted to take a "very short deposition" to ask Mr. Nussbaum about an anonymous Post-it note (Exhibit C; the "Post-it Note").[2]

7. On August 28 or 29, during a break in Winn-Dixie's depositions of Consolidated's representatives, Mr. Thames stated that he also wanted to depose Mr. Nussbaum about Winn-Dixie's obligation to repurchase ingredients and materials under the Packaging Agreement. Mr. Thames said that he wanted to ask Mr. Nussbaum about the Packaging Agreement because Mr. Nussbaum executed that contract. In response, Mr. Wulbern stated that he would inquire whether Mr.

---

[2] Although the Post-it Note came from Winn-Dixie's files, neither Consolidated or Winn-Dixie have been able to identify its author.

Nussbaum had any knowledge or recollection of the Post-it Note or the Packaging Agreement before agreeing to make Mr. Nussbaum available for a deposition.

8. On September 4, Mr. Wulbern informed Mr. Thames that Mr. Nussbaum was aware that Winn-Dixie sold the Crackin' Goods bakery to Consolidated, but had no recollection of the transaction, Winn-Dixie's obligations under the Packaging Agreement, the Post-it-Note or any other aspect of the business relationship between Winn-Dixie and Consolidated. Mr. Thames responded by saying that he did not want to waste time taking useless depositions and therefore Consolidated would not depose Mr. Nussbaum. Mr. Thames was unequivocal. In reliance upon Mr. Thames representation, Mr. Wulbern informed Winn-Dixie that Mr. Nussbaum's deposition would not be needed in this matter.

9. September 5, Mr. Thames sent the letter attached as Exhibit D, informing Winn-Dixie that Consolidated was noticing Mr. Nussbaum's deposition for September 15 (the discovery cutoff date), contrary to Mr. Thames' representation the day before. In his September 5 letter, Mr. Thames said that Consolidated "insists" on deposing Mr. Nussbaum, without regard for Mr. Wulbern's prior representation that Mr. Bennett had no knowledge or recollection of either subject.

10. On September 8, Mr. Wulbern sent the letter attached as Exhibit E to Mr. Thames reminding him of his prior agreement and informing Mr. Thames that Winn-Dixie would not make Mr. Nussbaum available for a deposition before the trial absent a Court order.

4

**Memorandum of Law**

11. Rule 7026, Federal Rules of Bankruptcy Procedure, provides in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense….
>
> Fed. R. Bankr. P. 7026(c)(1).

12. In the Eleventh Circuit, courts have the discretion to issue protective orders to protect senior corporate executives from being deposed until after the party seeking discovery has deposed other more knowledgeable employees. In *Salter v. The Upjohn Company*, 593 F.2d 649 (11th Cir. 1979), the Fifth Circuit Court of Appeals upheld a trial court's protective order which required the plaintiff to take the depositions of other Upjohn employees before taking the deposition of Upjohn's president:

> The judge's attempt to postpone or prevent the necessity of taking Dr. Hubbard's deposition was *within his discretion in light of defendant's reasonable assertions that Dr. Hubbard was extremely busy and did not have any direct knowledge of the facts*. Thus, the judge's issuance of the protective order vacating plaintiff's first notice to take Dr. Hubbard's deposition was not error.
>
> 593 F.2d at 651 (emphasis added).

13. Other courts within this Circuit have followed the lead of *Salter* and issued protective orders to protect senior executives from oppressive and inconvenient depositions until after the party seeking to take the deposition can establish that the information sought cannot be obtained through other discovery methods:

> Applying the teaching of all of these authorities [including *Salter*] to the instant case, the court concludes that it would be inappropriate to grant permission to depose Mr. Mertz at this time. The defendant here has shown good cause why Mr. Mertz should not be deposed at this time. The court finds that deposing Mr. Mertz at this time would be oppressive, inconvenient, and burdensome inasmuch as it has not been established that the information necessary cannot be had from Mr. Sinke, other of the distributees of the Mertz memorandum, interrogatories, or the corporate deposition. *The corporate deposition has not yet been taken, and it could satisfy some of plaintiffs' needs. At the very least, it would aid in developing and refining a line of questioning. These avenues have not yet been exhausted or even pursued. It has also not been demonstrated that Mr. Mertz has any superior or unique personal knowledge of the restraint system or of the accident which led to the plaintiffs' decedent's death.*
>
> While the court is not persuaded that Mr. Mertz's celebrity rises to the level of that enjoyed by Lee Iacocca, the court does believe that his responsibilities to the corporation are of similar proportions. The court therefore, out of concern less for the potential for harassment than for the possibility of duplication, inconvenience, and burdensomeness, and relying on the authorities cited above, will issue a protective order quashing the deposition of Mr. Mertz and providing that the notice to take the deposition testimony of Mr. Mertz be vacated without prejudice to the plaintiffs' right to

>  take it subsequently should the alternative discovery devices discussed infra prove inadequate.
>
> *Baine v. General Motors Corp.*, 141 F.R.D. 332, 335-36 (M.D. Ala. 1991) (emphasis added).

14. As with the executives in *Salter* and *Baine*, Mr. Nussbaum's corporate responsibilities make it extraordinarily difficult and inconvenient to set aside the time for a what Mr. Thames himself characterized as a "useless deposition." Winn-Dixie has already informed Consolidated that Mr. Nussbaum does not have any knowledge of the Packaging Agreement or Winn-Dixie's transaction with Consolidated, other than that it occurred. Nor does he recall anything about the Post-it Note or its author. Moreover, Winn-Dixie has designated three other corporate representatives to testify regarding those areas of inquiry at depositions scheduled to occur on September 10 and 11. Under the circumstances, Consolidated should be required to complete those depositions before noticing the deposition of Mr. Nussbaum. If, after taking those depositions, Consolidated can show that Mr. Nussbaum has "any superior or unique personal knowledge" of the Packaging Agreement or the business relationship between Consolidated and Winn-Dixie, then Consolidated could re-notice Mr. Nussbaum's deposition at that time.

15. Undersigned counsel conferred with counsel for Consolidated in an attempt to resolve this matter without Court action, but was not able to do so.

WHEREFORE, Winn-Dixie requests an order from this Court protecting Winn-Dixie from having to produce Mr. Nussbaum for a deposition on September 20, 2008, *or in the alternative, staying the deposition until the Court has an opportunity to hear and rule on this Motion*.

SMITH HULSEY & BUSEY

By: */s/ Allan E. Wulbern*
    Stephen D. Busey
    Allan E. Wulbern

Florida Bar No. 175511
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie

Certificate of Service

I certify that a copy of the foregoing has been furnished by CM/ECF notification to Richard R. Thames, Esq., Stutsman Thames & Markey, P.A., 50 North Laura Street, Suite 1600, Jacksonville, Florida 32202 and Henry N. Heuerman, Esq., Eastman & Smith, Ltd., One SeaGate, 24th Floor, Toledo, Ohio 43699 this 11th day of September, 2008.

                                      */s/ Allan E. Wulbern*
                                          Attorney

00623773

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |

## NOTICE OF TAKING DEPOSITION

Please take notice that on **Monday, September 15, 2008** beginning at **9:00 a.m.** or at such other time and place as the parties may agree, Consolidated Biscuit Company ("Consolidated"), will take the deposition of **Bennett L. Nussbaum**, Senior Vice-President of Winn-Dixie Stores, Inc., at the offices of Stutsman Thames & Markey, P.A., 50 North Laura Street, Suite 1600, Jacksonville, Florida 32202, before an officer authorized by law to take depositions.

# EXHIBIT A

This deposition is being taken for discovery purposes, for use at hearing or trial, or both, and shall continue from day to day until completed. This deposition is being recorded stenographically and may also be recorded by videotape.

STUTSMAN THAMES & MARKEY, P.A.

By /s/ Richard R. Thames
Richard R. Thames

Florida Bar Number 0718459
50 N. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rrt@stmlaw.net

Attorneys for Consolidated Biscuit Company

## Certificate of Service

I certify that, on September 5, 2008, a copy of the foregoing notice was furnished by mail to Allan E. Wulbern, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202.

_____
Attorney

c: Henderson Reporting, Inc.
69747

**Allan E. Wulbern**

| | |
|---|---|
| **From:** | Rick Thames [RRT@stmlaw.net] |
| **Sent:** | Thursday, August 21, 2008 1:00 PM |
| **To:** | Allan E. Wulbern |
| **Cc:** | hnheuerman@eastmansmith.com |
| **Subject:** | RE: WD depositions |

See WD/CB00701. We need to discuss this memo with him. It will be a very short deposition.

Richard R. Thames, Esq.
Stutsman Thames & Markey, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000 (Phone)
(904) 358-4001 (Facsimile)

This email contains PRIVILEGED AND CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this email, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please notify us by reply email and delete this email from your records. Thank you for your cooperation.

\>>> "Allan E. Wulbern" <awulbern@smithhulsey.com> 08/20/08 04:53PM >>>
Rick,

Bennett Nussbaum is the number 2 officer at Winn-Dixie and would have had minimal involvement at an extraordinarily high level in the Consolidated Biscuit transaction. Unless you can articulate a better reason than "his name appears in a number of emails," we won't make Mr. Nussbaum available for deposition.

Allan

-----Original Message-----
From: Rick Thames [mailto:RRT@stmlaw.net]
Sent: Wednesday, August 20, 2008 4:24 PM
To: Allan E. Wulbern
Cc: hnheuerman@eastmansmith.com
Subject: RE: WD depositions

We'll notice his deposition directly then. Available dates?

Richard R. Thames, Esq.

**EXHIBIT B**

1

Stutsman Thames & Markey, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000 (Phone)
(904) 358-4001 (Facsimile)

This email contains PRIVILEGED AND CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this email, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please notify us by reply email and delete this email from your records. Thank you for your cooperation.

>>> "Allan E. Wulbern" <awulbern@smithhulsey.com> 08/20/08 04:19PM >>>
We do not intend to designate Bennett Nussbaum as a corporate representative.


-----Original Message-----
From: Rick Thames [mailto:RRT@stmlaw.net]
Sent: Wednesday, August 20, 2008 3:40 PM
To: Allan E. Wulbern
Subject: Re: WD depositions

What about Bennett Nussbaum? His name appears in a number of the e-mails.

Richard R. Thames, Esq.
Stutsman Thames & Markey, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000 (Phone)
(904) 358-4001 (Facsimile)

This email contains PRIVILEGED AND CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this email, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please notify us by reply email and delete this email from your records. Thank you for your cooperation.

>>> "Allan E. Wulbern" <awulbern@smithhulsey.com> 08/20/08 11:49AM >>>

Rick,

In response to your request that we move the WD corporate rep. deposition to 9/18 and 19, I've checked with the three people we've identified as witnesses for the deposition, Joe Regasse, Glenda Rhyder and Ken Kirschner. Joe is available on the 18th and the morning of the 19th. Ken is available on the 18th only. Glenda Rhyder is out of town until next week. I won't know until she returns what her availability is, but I'll let you know when I hear back from her.

Allan

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

Tammy Frey
Consolidated Biscuit
419-293-2911 x216

Any packing Left w/D-Wold
Buy Back per
Vice President
Bennett Nussbaum
904-370-6655

(For packaging only)     Aug. '05
Initially Billed us
421K + Re-billed.
the 623K  Dec '05
(For packaging + Ingredients)

**EXHIBIT C**

WD/CB00701

LAW OFFICES
## STUTSMAN THAMES & MARKEY
PROFESSIONAL ASSOCIATION
50 NORTH LAURA STREET, SUITE 1600
JACKSONVILLE, FLORIDA 32202
WWW.STMLAW.NET

RICHARD R. THAMES
E-MAIL: RTHAMES@STMLAW.NET

TELEPHONE
904-358-4000

September 5, 2008

FACSIMILE
904-358-4001

**By Electronic Transmission**

Allan Wulbern, Esq.
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Re:   Winn-Dixie Stores, Inc., *et al.*, debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No.: 3:05-bk-03817

Consolidated Biscuit Company

Dear Allan:

Consolidated Biscuit Company insists that Mr. Nussbaum be deposed concerning his understanding of the Contract Packaging Agreement and the business relationship between Consolidated and Winn-Dixie. We anticipate we will only need an hour to an hour and a half of his time. Enclosed is a notice scheduling his deposition for September 15, 2008. If this time and date is not convenient for you, please let is know and we will gladly reschedule same. We are also willing to waive the discovery cutoff so that his schedule can be accommodated.

Very truly yours,

Richard R. Thames

RRT/sd
Enclosure
c: Henry N. Heuerman, Esq.
   Mr. Larry Ivan
   Mr. William H. Varney
69749

**EXHIBIT D**

| SMITH HULSEY & BUSEY |

ALLAN E. WULBERN
DIRECT 904.359.7814
AWULBERN@SMITHHULSEY.COM

September 8, 2008

Richard R. Thames, Esquire
Stutsman Thames & Markey
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202

    Re:    In re Winn-Dixie Stores, Inc., et al., Reorganized Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1, Chapter 11, Jointly Administered

Dear Rick:

    We acknowledge your September 5 letter informing us that Consolidated Biscuit wants Mr. Nussbaum to be deposed, which is contrary to our September 4 agreement that Consolidated would *not* require Mr. Nussbaum's deposition. I relied on our agreement and informed Winn-Dixie that Mr. Nussbaum's deposition would not be needed in this matter.

    As we discussed Thursday, Mr. Nussbaum has no recollection of the Contract Packaging Agreement or the business relationship between Winn-Dixie and Consolidated. Mr. Nussbaum's *only* recollection is that Winn-Dixie sold the Valdosta Crackin' Goods plant to Consolidated and that he executed the closing documents. In our conversation you acknowledged this and said you did not want to waste time taking useless depositions. Your effort to renege on our agreement on the basis that Consolidated "insists" on Mr. Nussbaum's deposition be taken suggests that its only purpose is harassment.

**EXHIBIT E**

SMITH HULSEY & BUSEY

Richard R. Thames, Esquire
September 8, 2008
Page 2

      For these reasons, we will not make Mr. Nussbaum available for deposition before September 25, absent an order of the court.

                                  Sincerely,

                                  Allan E. Wulbern

AEW/clz/623477

By email

cc: Henry Heuerman

ATTORNEYS
225 WATER STREET, SUITE 1800 • P.O. BOX 53315 • JACKSONVILLE, FL 32201-3315
OFFICE 904.359.7700 • FAX 904.359.7708 • FEDERAL ID 59-2100518