UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Reorganized Debtors. | ) Jointly Administered |
| | ) |

AGREED ORDER SUSTAINING IN PART AND
OVERRULING IN PART DEBTORS' OBJECTION TO IRS
TAX CLAIMS AND DIRECTING IRS TO ISSUE TAX REFUNDS

This matter came before the Court on the Objection to IRS Tax Claims and Motion for Order (i) Determining Tax Liabilities and (ii) Requiring the IRS to Issue Tax Refunds (the "Objection") (Doc. No. 12914) filed by Winn-Dixie Stores, Inc. and its affiliated debtors ("Winn-Dixie") and the response to the Objection filed by the United States (Doc. No. 13745). On February 8, 2007, the Court entered an agreed order (Doc. No. 15071) staying litigation of the Objection until further order of the Court.

The IRS filed 78 proofs of claim in these cases, 29 of which have been disallowed by prior orders of the Court. On December 21, 2006, the IRS filed six administrative expense applications in these cases (Doc. Nos. 13377 through 13382) (collectively, the "Administrative Expense Applications"). Upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Objection is sustained in part and overruled in part as provided below.

2. Claim Nos. 12501 through 12523, Administrative Expense Application Docket Nos. 13378 through 13380, Claim Nos. 13577 through 13579 and Claim Nos. 13586 through 13601 filed by the IRS are disallowed in their entirety.

3. The following claims filed by the IRS are allowed as Class 10 Secured Tax Claims pursuant to Section 4.3(d) of the Joint Plan of Reorganization[1] (as subsequently modified and supplemented, the "Plan"), in the following amounts:

| Claim Number | Allowed Claim Amount |
|---|---|
| Claim No. 13602 | $1,127,350.17 |
| Claim No. 13603 | $ 311,361.88 |
| Claim No. 13604 | $ 643,235.62 |
| Claim No. 13605 | $ 24,422.16 |
| Claim No. 13606 | $ 1,979.22 |
| Claim No. 13607 | $ 2,329.90 |
| Claim No. 13608 | $ 3,138.27 |
| **Total:** | $2,113,817.22 |

4. The remainder of Claim Nos. 13602 through 13608 are disallowed.

5. The Administrative Expense Applications are granted in the following amounts:

---

[1] On August 9, 2006, Winn-Dixie and its affiliated debtors filed their Joint Plan of Reorganization (Doc. No. 10058, which was subsequently modified and supplemented by Doc. Nos. 11606 and 11765). On November 9, 2006, the Court entered an order (Doc. No. 12440) confirming the Debtors' Joint Plan of Reorganization.

| Application Docket Number | Allowed Amount |
|---|---|
| Docket No. 13377 | $ 62,983.40 |
| Docket No. 13381 | $ 893.26 |
| Docket No. 13382 | $ 610.39 |
| **Total:** | $ 64,487.05 |

6. The remainder of the Administrative Expense Applications are disallowed.

7. Winn-Dixie and the IRS agreed to a deficiency in the amount of $8,786,660.00 and restricted interest in the amount of $3,919,100.35 for the fiscal year ending in June of 2000, and a deficiency of $103,203.00 and associated interest for the fiscal year ending in June of 2003.

8. Pursuant to section 4.3(d)(ii) of the Plan, holders of secured tax claims subject to setoff under Section 553 of the Bankruptcy Code receive the amount of the allowed claim through setoff against amounts owed to Winn-Dixie. Accordingly, the IRS is authorized and directed to offset the allowed amounts of Claim Nos. 13602 through 13608, the Administrative Expense Applications Docket Nos. 13377, 13381 and 13382, the deficiency in the amount of $8,786,660.00 and restricted interest in the amount of $3,919,100.35 for the fiscal year ending in June of 2000, and the deficiency of $103,203.00 and associated interest for the fiscal year ending in June of 2003 against any refunds owed to Winn-Dixie.

9. The IRS owes Winn-Dixie refunds in amounts exceeding the $2,113,817.22 in allowed amounts of Claim Nos. 13602 through 13608, the $64,487.05 of allowed

Administrative Expense Applications Winn-Dixie owes to the IRS, the agreed deficiency in the amount of $8,786,660.00 and restricted interest in the amount of $3,919,100.35 for the fiscal year ending in June of 2000, and the agreed deficiency of $103,203.00 and associated interest for the fiscal year ending in June of 2003. The IRS shall therefore not receive any additional distributions under the Plan.

10. This Agreed Order resolves all liabilities and obligations related to all proofs of claim and administrative expense claims filed by the IRS in these Chapter 11 cases.

11. Logan & Company, Inc., the claims agent appointed in Winn-Dixie's Chapter 11 cases, is directed to make such revisions to the claims register as are necessary to reflect the terms of this Order.

12. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this 11 day of September, 2008, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| ROBERT E. O'NEILL<br>United States Attorney | SMITH HULSEY & BUSEY |
| By  s/ *Stephen R. Takeuchi**<br>    Stephen R. Takeuchi, Pa. Bar No. 17802 | By  s/ *Cynthia C. Jackson*<br>    Cynthia C. Jackson, F.B.N. 498882 |
| Stop C, Room 240<br>400 West Bay Street<br>Jacksonville, Florida 32202<br>(904) 665-1983<br>(904) 665-1963<br>stephen.r.takeuchi@irscounsel.treas.gov | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Special Assistant, United States Attorney | Counsel for Winn-Dixie |

\* Mr. Takeuchi has authorized his electronic signature.

00619541