UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., *et al.*,                    Case No. 05-03817-3F1
                                                      Chapter 11
        Debtors.                                      Jointly Administered

_____/

**DIVERSIFIED MAINTENANCE SYSTEMS, INC.'S MOTION TO COMPEL PAYMENT
OF UNDISPUTED POST-PETITION OBLIGATION
PAYABLE IN THE DEBTOR'S ORDINARY COURSE OF BUSINESS**

        Diversified Maintenance Systems, Inc. ("Diversified"), by and through undersigned counsel

and pursuant to this Court's December 6, 2006 Confirmation Order (Doc. No. 12991), moves for an

order compelling Debtor Winn-Dixie Stores, Inc. ("Debtor") to immediately pay an undisputed post-

petition obligation that was payable to Diversified in the ordinary course of Debtor's business.  In

support of this motion, Diversified states as follows:

        1.      Debtor filed its voluntary petition under Chapter 11 of the United States Bankruptcy

Code on February 21, 2005 (the "Petition").

        2.      Diversified is in the business of providing commercial janitorial and cleaning

services.  Diversified and Debtor had a contractual arrangement for the provision by Diversified of

janitorial and cleaning services to Debtor's stores.

        3.      After the filing of the Petition, Diversified, in the ordinary course of business,

provided janitorial and cleaning services to Debtor at Debtor's request and pursuant to the parties'

contract.  Additional maintenance services, not included in the contract, but still within Debtor's

ordinary course of business were provided to Debtor by Diversified at Debtor's request.  Those

maintenance services are billed to Debtor as "(extra)" work, as reflected in the invoices referenced

below.

4.      Debtor owes Diversified payment of $184,710.88 for cleaning, maintenance, and other related services provided in the ordinary course of Debtor's business by Diversified post-petition, as reflected in the invoices attached hereto as Exhibit A.  Debtor did not object to the invoices.

5.      While the bar date has passed to submit applications for payment of administrative expenses in this case, paragraph 4 of this Court's December 6, 2006 Confirmation Order (Doc. No. 12991), states,

> Notwithstanding the provisions of paragraph 3(a), no application seeking payment of an Administrative Claim or any Claim arising between February 21, 2005 and November 21, 2006 is required with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business, provided, however, that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation . . . be considered to be an obligation which is payable in the ordinary course of business.

6.      Debtor did not dispute the invoices delivered to Debtor by Diversified attached hereto as Exhibit A.  Debtor routinely paid Diversified's prior post-petition invoices post-petition without requiring an application for payment.

7.      It is without dispute that Diversified's invoices were payable in the ordinary course of Debtor's business.  Additionally, the amount payable to Diversified in the invoices, totaling $184,710.88, was not disputed by Debtor.  Therefore, the debt to Diversified clearly falls within the purview of paragraph 4 of the December 6, 2006 Confirmation Order.

8.      Diversified's claim is not subject to any set off, counterclaim or dispute, and Diversified holds no security for the debt.

9.      All conditions precedent to the relief demanded herein have been performed or have occurred.

WHEREFORE, Diversified Maintenance Systems, Inc. moves the Court to enter an Order

compelling Debtor Winn-Dixie Stores, Inc. to immediately pay to Diversified $184,710.88 reflecting

the total of the invoices payable to Diversified as an undisputed post-petition obligation incurred in

the ordinary course of business, as described in Paragraph 4 of this Court's December 6, 2006

Confirmation Order.

Respectfully submitted,

/s/ Richard J. McIntyre
RICHARD J. McINTYRE
Florida Bar No. 0962708
rich@mcintyrefirm.com
PAUL B. THANASIDES
Florida Bar No. 0103039
paul@mcintyrefirm.com
McINTYRE, PANZARELLA,
   THANASIDES & ELEFF, P.L.
6943 E. Fowler Avenue
Temple Terrace, Florida 33617
(813) 899-6059
(813) 899-6069 (Facsimile)
*Counsel for Diversified Maintenance Systems, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by

the Court's CM/ECF system or U.S. Mail on all creditors and parties in interest on the attached

matrix on this 11th day of September, 2008 or immediately thereafter.

/s/ Richard J. McIntyre
Attorney

3