IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                                  CASE NO. 05-03817-3F1

WIN-DIXIE STORES, INC., et al,                                          CHAPTER 11

   debtors                                                              JOINTLY ADMINISTERED

RESPONSE OF INA KESSLER TO DEBTORS OMNIBUS
OBJECTION TO UNRESOLVED LITIGATION CLAIM AND
RESPONSE OF INA KESSLER TO DEBTOR'S AMENDED
OBJECTION TO THE CLAIM OF INA KESSLER AND NOTICE OF HEARING

   **COMES NOW** Ina Kessler and responds to Debtor's Omnibus Objection to Unresolved Litigation Claims and to Debtor's Amended Objection to the Claim of Ina Kessler and Notice of Hearing as follows:

RESPONSE TO DEBTORS OMNIBUS
OBJECTION TO UNRESOLVED LITIGATION CLAIM

1. Admitted.

2. Admitted.

3. Denied.

4. Admitted.

5. Respondent does not have sufficient information to admit or deny and same is therefore denied.

6. Admitted.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

**RESPONSE TO DEBTOR'S AMENDED OBJECTION
TO THE CLAIM OF INA KESSLER AND NOTICE OF HEARING**

1. In this matter the liability remains to be determined. The claim of Ina Kessler is a tort claim for personal injury which can not be resolved without the taking of testimony and reception of evidence.

2. The applicable statute of limitation has not expired on the claim of Ina Kessler. Ina Kessler's injury occurred on March 11, 2003. Under <u>Rhodes v. C & G Excavating, Inc.</u>, 199 WL 820204 (E.D. Penn Sept. 29, 1999) a claimant may either (1) file a motion for relief from the automatic stay (2) file a complaint <u>after the termination of the bankruptcy proceeding</u> if the statute of limitations has not run or (3) file a complaint during the thirty (30) period set forth in § 108(c).

3. Ina Kessler's claim is governed under the provisions of § 15-1-49 Miss. Code Ann (1972) which provides a three (3) year statute of limitations on personal injury claims.

4. Further, § 15-1-57 Miss Code Ann (1972 as amended) provides that when any person shall be prohibited by law or restrained or enjoined by the order, decree or process of any court from commencing or prosecuting any action or remedy that the time during which such person shall be so prohibited, enjoined or restrained shall not be computed as part of the period of time limited by §15-1-49, supra.

5. In this matter the bankruptcy proceedings have not terminated and Mississippi's three(3) year statute of limitations has not been tolled in this matter.

WHEREFORE PREMISES CONSIDERED, Ina Kessler responds that Debtors Objection

and Amended Objection to the Claim of Ina Kessler is not well taken and should be overruled.

                                        Respectfully Submitted:

                                        INA KESSLER

                    BY:    /s/ David M. Sessums
                                      DAVID M. SESSUMS


## CERTIFICATE OF SERVICE

     I, David M. Sessums, do hereby certify that I have this day mailed, postage prepaid by United States Mail, a true and correct copy of the above and foregoing Respond to Debtor's Omnibus Objection to Unresolved Litigation Claims and to Debtor's Amended Objection to the Claim of Ina Kessler and Notice of Hearing to Leighann McKnight Pendergast, Esquire at Smith Hulsey & Busey, 225 Waters Street, Suite 1800, Jacksonville, FL 32202 and by Facsimile to 1-904-359-7708.

     This the 22nd day of September, 2008.

                                          /s/ David M. Sessums
                                          DAVID M. SESSUMS