UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Reorganized Debtors.
_____/

CASE NO. 05-03817-3F1

Chapter 11

Jointly Administered

### CONCHITA R. CEVALLOS' (CLAIM NO: 13189) RESPONSE TO DEBTORS' AMENDED OBJECTION TO THE CLAIM OF CONCHITA CEVALLOS AND MOTION TO ENFORCE SETTLEMENT

CONCHITA R. CEVALLOS (Claim No. 13189) by and through undersigned counsel, hereby files this Response to Debtors' Amended Objection To The Claim Of Conchita Cevallos And Motion To Enforce Settlement, and as grounds therefore states:

1. Conchita Cevallos, a bodily-injury claimant arising out of an April 21, 2002 slip and fall of a Winn Dixie in Miami-Dade County, Florida.

2. On or about March 14, 2008, Howard Rothwell, a Sedgwick Claims Adjuster orally offered $10,000.00. A copy of a confirming letter to Conchita Cevallos relaying the $10,000.00 offer is attached as Exhibit "A." On September 2, 2008, counsel for Claimant sent correspondence to George Black of Sedgwick Claims Management Services, Inc. was sent via facsimile and via U.S. First Class Mail accepting the $10,000.00 offer. A copy of the correspondence and a facsimile confirmation are attached as Exhibit "B." On September 16, 2008, counsel for Conchita Cevallos spoke with counsel for Winn-Dixie and counsel for Winn-Dixie confirmed that a $10,000.00 offer was made. A copy of a confirming letter with respect to that issue is attached as Exhibit "C."

3. On September 5, 2008, Winn-Dixie Stores, Inc. mailed Debtors' Amended Objection asserting the applicable statute of limitations has expired. Even that objection does not act as a revocation of the offer. Merely objecting to a claim is not tantamount to a revocation, it is simply an objection.

4. Thus, it is clear that the settlement occurred before any Amended Objection was even served. In Florida oral settlements can be accepted. See <u>Steele v. Parikh</u>, 735 So. 2d 603 (Fla. 5th DCA 1999). There was no revocation of the $10,000.00 offer prior to the acceptance. Thus, a settlement occurred and should be enforced by this Honorable Court. See <u>Lance v. Martinez-Arango</u>, 251 So. 2d 707 (Fla. 3d DCA 1971).

WHEREFORE, Conchita Cevallos seeks an order compelling Winn-Dixie to tender (deliver) the $10,000.00 settlement to Conchita Cevallos and her attorney within the next 20 days.

DATED: September 24, 2008

LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

s/Gregg R. Schwartz
GREGG R. SCHWARTZ, ESQ.
Florida Bar No. 386110
One Datran Center Suite 1121
9100 S. Dadeland Blvd.
Miami, Florida 33156
Tele: 305-670-1460
Fax: 305-670-1464
E-mail: gschwartz@aol.com

### CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2008, I filed the within Response to Debtors' Amended Objection To The Claim Of Conchita Cevallos And Motion To Enforce Settlement through the CM/ECF filing system, and faxed a copy to Leanne McKnight Prendergast, Counsel for the Reorganized Debtors, Smith Hulsey & Busey, 225 Water Street, Suite 1800 Jacksonville, Florida 32202 to 904-359-7708.

s/Gregg R. Schwartz
GREGG R. SCHWARTZ, ESQ.