## MEMORANDUM

ERNEST S. ALLEN PLAINTIFF
4515 STONYBROOK DR, LOUISVILLE, KY 40299

02-C1-08551                                             JEFFERSON CIRCUIT COURT
                                                                     DIVISION ONE

ERNEST S. ALLEN                                                           PLAINTIFF

V.

WINN-DIXIE, INC                                                          DEFENDANTS
MOORE SECURITY, INC
MOORE SECURITY LLC; AND
TALMAY ANDERSON

Enclosed is a copy of correspondence sent to me from law firm Smith, Hulsey & Busey and attorney Leanne McKnight Prendergast. This order has not been signed by a judge nor will I sing this agree order for the following reasons:

1. Defendant Winn-Dixie, Inc and attorneys ignore what qualifies as bankruptcy terminology.
2. I (Ernest S. Allen) claim is in class 16 which cannot be eliminated in bankruptcy court, even though the attorney's want to keep me in bankruptcy.
3. On May 12, 2008 attorney Leanne McKnight Predergast sent me (Ernest S. Allen) a court order with two different dates but for the same day back in May 2008 and told me that don't need to come to Florida for the case management conference. Attorney Leanne Prendergast she stated that there would be a courtroom full of people and it would be better if I came another time and work out everything. I want a Civil Rights law firm to look at this before I sign this agree order.

I Ernest S. Allen want a good understanding and I don't have one at this time.

RESPECTFULLY SUBMITTED
ERNEST S. ALLEN

*Ernest S Allen*

## SMITH HULSEY & BUSEY

August 29, 2008

Mr. Ernest Allen
4515 Stonybrook Dr
Louisville, KY 40299

Re: In re Winn-Dixie Stores, Inc., Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1, Chapter 11, Jointly Administered

Dear Mr. Allen:

Enclosed is the agreed order for the modification of the permanent injunction I discussed today with your grandson. Please sign the enclosed order in the space provided on the last page and return it to me in the enclosed envelope. You will receive a copy of the order after it has been signed by the Court. After the Court has entered the order, it will remove the September 22, 2008 hearing on your motion for relief from stay from its calendar, and you will not need to attend the hearing.

Please contact me if you have any questions regarding this matter.

Very truly yours,

*L Prendergast*

Leanne McKnight Prendergast

00622709

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By  *s/ Leanne McKnight Prendergast*
    Stephen D. Busey
    James H. Post
    Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Counsel for the Reorganized Debtors

By _____
    Ernest S. Allen

4515 Stonybrook
Louisville, Kentucky 40299

622493

3

3.       Mr. Allen shall notify the State Court that Mr. Allen's action is subject to the permanent injunction of 11 U.S.C. §524 as provided herein.

4.       This Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of September 2008, in Jacksonville, Florida.

                                                                                    _____
                                                                                    Jerry A. Funk
                                                                                    United States Bankruptcy Judge

[Leanne McKnight Prendergast is directed to serve a copy of this order on any party in interest who has not received the order through the CM/ECF system and to file a proof of service.]

is
investigating possible violations of federal criminal law arising out of
activities related to illegal importation, possession, transportation and sale
of undersized lobster in and within the United States and the State of Florida,
and that the Company is a target of the investigation. On April 27, 2006, the
U.S. Attorney for the Southern District of Florida filed a single Misdemeanor
Count Information charging that Winn-Dixie had violated 16 U.S.C. §3372(a)(2)(A)
and 3373(d)(2), for allegedly selling undersized lobster. The maximum penalty
for the offense charged is $200,000. The Company is fully cooperating and
believes that a resolution will be reached in the near future.


In addition, various claims and lawsuits arising in the normal course of
business are pending against the Company, including claims alleging violations
of certain employment or civil rights laws, claims relating to both regulated
and non-regulated aspects of the business and claims arising under federal,
state or local environmental regulations. The Company denies the allegations of
the various complaints and is vigorously defending the actions. As a result of
the Company's Chapter 11 filing, with certain exceptions or unless otherwise
ordered by the Court, the automatic stay prevents parties from pursuing any
pre-Petition Date claims and lawsuits, and all liabilities alleged against the
Debtors in such claims and lawsuits will be treated in the Company's Chapter 11
case either pursuant to a confirmed plan of reorganization or as otherwise
ordered by the Court. Claims and lawsuits based upon liabilities arising after
the Petition Date generally are not subject to the automatic stay and will be
handled by the Company in the ordinary course of business.

© 1995-2008 EDGAR Online, Inc. All rights reserved • NASDAQ: EDGR • Solutions for Corporations • Terms of Use • Privacy Statement

**joint petition** One bankruptcy petition filed by a husband and wife together.

**lien** The right to take and hold or sell the property of a debtor as security or payment for a debt or duty.

**liquidation** A sale of a debtor's property with the proceeds to be used for the benefit of creditors.

**liquidated claim** A creditor's claim for a fixed amount of money.

**means test** Section 707(b)(2) of the Bankruptcy Code applies a "means test" to determine whether an individual debtor's chapter 7 filing is presumed to be an abuse of the Bankruptcy Code requiring dismissal or conversion of the case (generally to chapter 13). Abuse is presumed if the debtor's aggregate current monthly income (see definition above) over 5 years, net of certain statutorily allowed expenses is more than (i) $10,000, or (ii) 25% of the debtor's nonpriority unsecured debt, as long as that amount is at least $6,000. The debtor may rebut a presumption of abuse only by a showing of special circumstances that justify additional expenses or adjustments of current monthly income.

**motion to lift the automatic stay** A request by a creditor to allow the creditor to take action against the debtor or the debtor's property that would otherwise be prohibited by the automatic stay.

**no-asset case** A chapter 7 case where there are no assets available to satisfy any portion of the creditors' unsecured claims.

**nondischargeable debt** A debt that cannot be eliminated in bankruptcy. Examples include a home mortgage, debts for alimony or child support, certain taxes, debts for most government funded or guaranteed educational loans or benefit overpayments, debts arising from death or personal injury caused by driving while intoxicated or under the influence of drugs, and debts for restitution or a criminal fine included in a sentence on the debtor's conviction of a crime. Some debts, such as debts for money or property obtained by false pretenses and debts for fraud or defalcation while acting in a fiduciary capacity may be declared nondischargeable only if a creditor timely files and prevails in a nondischargeability action.

**objection to dischargeability** A trustee's or creditor's objection to the debtor being released from personal liability for certain dischargeable debts. Common reasons include allegations that the debt to be discharged was incurred by false pretenses or that debt arose because of the debtor's fraud while acting as a fiduciary.

**objection to exemptions** A trustee's or creditor's objection to the debtor's attempt to claim certain property as exempt from liquidation by the trustee to creditors.

**party in interest** A party who has standing to be heard by the court in a matter to be decided in the bankruptcy case. The debtor, the U.S. trustee or bankruptcy administrator, the case trustee and creditors are parties in interest for most matters.

**petition preparer** A business not authorized to practice law that prepares bankruptcy petitions.

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT ___Southern___ DISTRICT OF _New York_ | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Winn-Dixie Charlotte, Inc. | Case Number: 05-11063 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Ernest S. Allen

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Ernest S. Allen
4515 Stony Brook Drive/ Louisville KY 40299

Telephone number: (502)495-2260

☑ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces         a previously filed claim, dated:_____
if this claim ☐ amends

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☑ Personal injury/wrongful death
   ☐ Taxes
   ☐ Other _____

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
   (date)           (date)

2. **Date debt was incurred:**
   November 12, 2002 (Suit filed)

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ 827,634
   _____ (unsecured)  _____ (secured)  _____ (priority)  _____ (Total)

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).

   Brief Description of Collateral:
   ☐ Real Estate    ☐ Motor Vehicle
   ☐ Other_____

   Value of Collateral:  $_____

   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim** $ 827,634
   ☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 12-1-05 | Ernest S. Allen |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.