UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN DIXIE STORES, INC., et al. | ) Chapter 11 |
| | ) |
| Debtor. | ) Jointly Administered |

GASPER'S RESPONSE TO
DEBTOR'S AMENDED OBJECTION

Creditor Chester J. Gasper ("Mr. Gasper") as response to the amended objection filed by Winn-Dixie Stores, Inc. ("Debtor") regarding the statute of limitations, states the objection should be overruled on the following grounds:

BACKGROUND

Mr. Gasper is a 40 year old resident of Mississippi who was seriously injured on April 24, 2004 when he slipped and fell on coffee while shopping in a Winn Dixie store. The coffee had been spilled near the front entrance to the store and was negligently allowed to remain there by Winn Dixie employees.

The voluntary petitions were filed in this case on February 21, 2005. On July 28, 2005 Mr. Gasper filed a timely unliquidated, unsecured proof of claim. On September 1, 2005 the Court entered the Order Approving Claims Resolution Procedure, and thereafter, Mr. Gasper, through his Mississippi attorney Neil Williams, strictly followed the Claims Resolution Procedure set forth in that Order. By letter dated October 27, 2005, Mr. Williams submitted the required Questionnaire for Litigation Claimants. Throughout the case he has been in frequent contact with multiple representatives of the Debtor including Ken Black, Angela D. Williams and Everett Brooks with Sedgwick Claims Management Services, Inc. ("Sedgwick"), legal

assistants Tana Copeland and Kim Gammel (Debtor's "Mediation Claims Coordinator"), and attorney David L. Gay with Smith, Hulsey & Busey.

When Mr. Williams received the confirmation order in November or December, 2006, he contacted both Tana Copeland and Ken Black, who advised him that the order and notice did not affect Mr. Gasper's claim because he had filed a timely claim was engaged in the mediation process. Both stated that nothing more was required of Mr. Gasper. In fact, Mr. Black stated that when Sedgwick had more information concerning the Medicare/Medicaid lien, his office would respond to Mr. Gasper's settlement offer.

Pursuant to Mr. Black's instructions, on January 11, 2007, Mr. Williams mailed and faxed to Everett Brooks the information requested concerning the Medicare and Medicaid payments which had been made on the medical bills for services provided to Mr. Gasper as a result of his injuries sustained in the accident of April 24, 2004.

As required by the notice dated December 20, 2006, which referenced the confirmation order, Mr. Gasper's W-9 form was mailed to Logan & Company, Inc. Based on assurances provided by representatives of both Smith, Hulsey & Busey and Sedgwick, the W-9 form was mailed and no further action was taken, since Mr. Williams understood that Mr. Gasper's claim was preserved and that the Debtor's counsel would discuss settlement based on the merits of the claim. In fact, a mediation conference was scheduled for September 5, 2007, but was postponed in light of additional medical treatment which Mr. Gasper required for his injuries. Copies of a small portion of the voluminous correspondence between Debtor's counsel and Mr. Gasper's counsel regarding mediation are attached hereto as **Exhibit A.**

Mr. Gasper's counsel recently submitted additional medical records and bills by letter dated August 25, 2008, and Mr. Gasper is prepared to reset the mediation settlement conference.

## SUMMARY OF ARGUMENT

In Debtor's Objection, the Debtor requests the Court disallow Mr. Gasper's claim based on the Mississippi 3 year statute of limitations. The objection should be overruled because (1) the Order establishing the Claims Resolution Procedure and requiring mediation as a prerequisite to stay relief fixes the period for commencing a civil action and thereby extends the statute of limitations; (2) the statute of limitations is extended under Section 108(c) of the Bankruptcy Code and Mississippi Code § 15-1-57; and (3) the statute of limitations is tolled under Mississippi and federal law of equitable tolling in that Debtor's counsel and claims representatives actively misled Mr. Gasper's counsel by stating on numerous occasions that Debtor would engage in the Claims Resolution Procedure and mediation.

## ARGUMENT

### I. THE CLAIMS RESOLUTION PROCEDURE ORDER IN THIS CASE EXTENDS THE STATUTE OF LIMITATIONS

On September 1, 2005 the Court entered an Order Approving Claims Resolution Procedure, which provides in part:

> 11. No Claimant shall be entitled to relief from the automatic stay to establish, liquidate or otherwise engage in any collection of the Litigation Claim from the Debtors or any Third Party Indemnitor until such claimant has exhausted the Claims Resolution Procedure.

Throughout this case Mr. Gasper has actively participated in the Claims Resolution Procedure mandated by the court. Under that procedure, he was prohibited from seeking relief from the stay, and is prohibited from seeking modification of the permanent injunction under the confirmation order. Debtor has not established in its Objection any basis for ignoring the Claims Resolution Procedure, which survives the confirmation order. The Amended Objection should be overruled.

## II. THE STATUTE OF LIMITATIONS IS EXTENDED UNDER SECTION 108(C) AND UNDER MISSISSIPPI LAW DURING THE TIME THE AUTOMATIC STAY WAS IN EFFECT

Mississippi Code § 15-1-57 provides:

> When any person shall be prohibited by law, or restrained or enjoined by the order, decree, or process of any court in this state from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time limited by this chapter for the commencement of such action.

Section 108(c) of the Bankruptcy Code also extends the statute of limitations for creditors. It states that if applicable nonbankruptcy law fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, and such period has not expired before the date of the filing of the petition, then such period has not expired until the later of (1) the end of such period, **including any suspension of such period** occurring on or after the commencement of the case. 11 U.S.C. § 108 (c) (emphasis added).

In *Trustmark National Bank v Pike County National Bank*, 716 So.2d 618 (Miss. 1998), the Mississippi Supreme Court applied a similar statute, Mississippi Code § 15-1-47, in the context of a bankruptcy stay. Mississippi Code § 15-1-47 mandates that the seven year statute of limitations for enforcing a judgment is tolled while execution on the judgment is stayed. Reading subsection 108(c) of the Bankruptcy Code together with the Mississippi law, the Mississippi Supreme Court held "it is clear that the statute of limitations in Miss. Code Ann. § 15-1-47 should have been tolled at the moment Watkins filed his petition in bankruptcy court." The Court concluded:

> It is this Court's opinion that the automatic stay of Watkins' bankruptcy prevented Trustmark from executing its judgment on the property. Because Trustmark could not execute on the

4

> judgment, the time in which the bankruptcy proceedings were taking place (4 years, 4 months, and 16 days) should not be computed as any part of the seven year limitations period prescribed in Miss. Code Ann. § 15-1-47 (1995). Therefore, Trustmark's judgment lien still had priority over PCNB's deed of trust on September 28, 1995, the date of PCNB's complaint. Due to the automatic stay arising from Watkins' bankruptcy proceeding, Trustmark's judgment lien was extended for an additional 4 years, 4 months, and 16 days, beyond the original seven year limitations period.

In this case, Mr. Gasper was prevented from filing suit based upon the bankruptcy stay, so under Mississippi Code §15-1-57, the limitations period was tolled from the date of the petitions in this case, February 21, 2005, until the effective date of the order approving the plan of reorganization, November 21, 2006. That 21 month period of time is not computed in calculating the three year limitation period under Miss. Code Ann. §15-1-49. Mr. Gasper's cause of action accrued April 24, 2004, so that as of the petition date he had 27 months of his limitations period remaining. Mr. Gasper's limitations period does not expire until 27 months after November 21, 2006, or February 21, 2009.

### III.   THE STATUTE OF LIMITATIONS IS TOLLED UNDER MISSISSIPPI AND FEDERAL LAW

In *Smith v. Franklin Custodian Funds, Inc.*, 726 So.2d 144 (Miss. 1998), the Mississippi Supreme Court held the limitation period could be tolled pursuant to the Mississippi Fraudulent Concealment Statute, which reads as follows:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, fast known or discovered. Miss. Code Ann. § 15-1-67(1995).

Mississippi courts also have recognized the doctrine of equitable tolling of the statute of limitations in criminal cases for post-conviction relief. *Puckett v. State*, 834 So.2d 676 (Miss. 2002).

The principle of equitable tolling applies to Section 549(d) of the Bankruptcy Code, as stated by the Ninth Circuit in *Olsen v. Zerbetz (In re Olsen)*, 36 F.3d 71 (9th Cir.1994). In *Olsen*, the debtors owned certain real property prepetition. They listed the property on their schedules and knew it was listed for sale by the trustee, but debtors conveyed the property to their son without court authorization and without notice to the trustee. The court found that the statute of limitations was equitably tolled until the date the trustee discovered the debtors' conveyances. See also *In re Rodriguez*, 387 B.R. 76 (E.D.N.Y. 2008) (to equitably estop government from raising statute of limitations as defense to tax refund claim, trustee would have to demonstrate that government made some misrepresentation or engaged in some affirmative misconduct that would lull trustee or debtor into inaction); *In re Bender*, 385 B.R. 800 (9th Cir. BAP Ariz. 2007) (Debtor's conduct equitably tolled the statute of limitations until the trustee discovered Debtor's misrepresenattions); *United States v. Young*, 535 U.S. 43, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002) (limitations period begins to run on the date of discovery of the claim, even if discovery occurs within the statutory limitations period); *In re Steele*, 352 B.R. 337 (Bkrtcy. M.D. Fla. 2006) (the doctrine of equitable tolling applies to toll statutes of limitations).

In this case, Mr. Gasper, through his counsel, was told by Debtor's counsel and Sedgwick claims representatives on numerous occasions that Debtor would engage in the Claims Resolution Procedure and conduct good faith mediation. By filing the Amended Objection, it is apparent that Debtor, through Sedgwick and Debtor's counsel, intentionally misrepresented Debtor's true intentions to Mr. Gasper's and intentionally delayed settlement negotiations and

mediation in hopes of asserting a statute of limitations defense. The statute of limitations has been equitably tolled throughout the period of time that Debtor misled Mr. Gasper.

## CONCLUSION

**WHEREFORE** Chester J. Gasper respectfully requests that the Debtors' Objection to Claim Number 8480 be overruled and the claim be allowed as filed or, in the alternative, requiring Debtor to complete the mediation process in good faith.

## CERTIFICATE OF SERVICE

I hereby certify that today I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to those listed below. I also certify that today I sent by U. S. Mail a copy of the foregoing to any listed below who will not receive notice of electronic filing.

D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Dennis F. Dunne, Esquire
Milbank, Tweed, Hadley & McCloy LLP 1 Chase Manhattan Plaza
New York, NY 10005

James H. Post, Esquire and Leanne McKnight Predergast, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800 Jacksonville, FL 32202

John B. Macdonald, Esquire Akerman Senterfitt & Eidson, P.A. 50 North Laura Street, Suite 2500 Jacksonville, FL 32202

Dated: September 26, 2008

              **MARKS GRAY, P.A.**

              <u>/s/ Nicholas V. Pulignano, Jr.</u>
              Nicholas V. Pulignano, Jr.
              Florida Bar No.: 0319181
              1200 Riverplace Blvd., Suite 800,
              Jacksonville, Florida 32207
              npulignano@marksgray.com
              P: (904) 398-0900
              F: (904) 399-8440
              Co-Counsel for Chester J. Gasper

# WILLIAMS, WILLIAMS & MONTGOMERY, P. A.

ATTORNEYS AT LAW

109 ERLANGER STREET

P. O. BOX 113

POPLARVILLE, MISSISSIPPI 39470

TELEPHONE (601) 795-4572

(FAX) 601-795-8352

E. B. WILLIAMS
1890-1976
E. B. WILLIAMS, JR.
1917-1990

LAMPTON O. WILLIAMS
JOSEPH H. MONTGOMERY
E. BRAGG WILLIAMS, III
L. O'NEAL WILLIAMS, JR.
MICHAEL E. PATTEN

March 15, 2007

Mr. David L. Gay
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, Florida 32202

| | |
|---|---|
| Claimant: | Chester Gasper |
| Claim #: | A411205406-0001-01 |
| Incident date: | 4/24/04 |
| Entity: | Winn-Dixie Montgomery, Inc. |
| Location: | Winn-Dixie # 1477 |
| | Riverside Shopping Center, Picayune, MS |
| Case No. | 05-03817-3F1 (Claim No. 8480) |

Dear Mr. Gay:

As discussed during our recent telephone conversation we are working with Stephanie Knight to settle Chester Gasper's claim. In this connection I enclose a copy of an e-mail from Ms. Knight dated March 13, 2007 wherein she states:

*Per our telephone conversation today we are waiting on the resolution of the global settlements of Medicare and Medicaid liens to finalize our negotiation to settle this claim....*

I understand that you will withdraw the objection to this claim since you now have confirmation that we have provided all required documentation to support Mr. Gasper's claim and we are waiting for resolution of the Medicare and Medicaid liens to complete our settlement negotiations. This letter further confirms our agreement that since the objection will be withdrawn Mr. Gasper's claim will not be included in the hearing scheduled for April 5, 2007, and no further action is required by us to preserve Mr. Gasper's claim in the bankruptcy proceeding.

If I have misstated our agreement in any way please contact me immediately so we can take appropriate steps to make certain Mr. Gasper continues to have a viable claim against Winn-Dixie.

Very truly yours,
WILLIAMS, WILLIAMS & MONTGOMERY, P.A.

By: _____
L. O'Neal Williams, Jr.

LOW,JR/lpc
Enclosure
cc: Chester Gasper

ORIGINAL MAILED AND COPY FAXED TO (904) 359-7708


EXHIBIT A




## Jo Ann Loper

| | |
|---|---|
| **From:** | Tana L. Copeland [tcopeland@smithhulsey.com] |
| **Sent:** | Thursday, May 24, 2007 1:06 PM |
| **To:** | nealwilliams@bellsouth.net |
| **Subject:** | FW: Mediation Confirmation Letter - Chester Gasper |
| **Attachments:** | Mediation Confirmation Letter - Chester Gasper.pdf |

Tana L. Copeland
Legal Assistant
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, Florida 32202
(904) 359-7850 (direct)
(904) 359-7712 (fax)

---

**From:** Tana L. Copeland
**Sent:** Thursday, May 24, 2007 2:06 PM
**To:** Linda S. Killoran; 'Brooks, C. Everett'; 'illevy@fdn.com'
**Cc:** James H. Post; 'Michael Bellomo'; 'Robert Faison'; Black, George
**Subject:** Mediation Confirmation Letter - Chester Gasper

Attached is the letter confirming the mediation of the proof of claim filed by Chester Gasper. Mediation is scheduled for **9:00 .m.** on Wednesday, **September 5, 2007** at the offices of Isaac Levy, Esq., 24 N. Market St., Suite 405, Jacksonville, Florida, 32202. The time allotted is four hours.

The information contained in this communication may be confidential, is intended only for the use of the recipient (s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

5/24/2007

 

LAW OFFICES
# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
BEAU BOWIN
DAVID D. BURNS
STEPHEN D. BUSEY
CHARMAINE T. M. CHIU
ERIC W. ENSMINGER
J. RICE FERRELLE, JR.
EARL E. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
CHARLES H. KELLER
G. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.

JOHN F. MacLENNAN
RAYMOND R. MAGLEY
E. OWEN McCULLER, JR.
ERIC N. McKAY
MATTHEW P. McLAUCHLIN
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND M. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY RUSSELL
ELIZABETH M. SCHULE
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
LEE D. WEDEKIND, III
HARRY M. WILSON, III
ALLAN E. WULBERN

LLOYD SMITH
(1915-1987)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

May 24, 2007

Neil Williams, Esq.
Williams, Williams & Montgomery, P.A.
Post Office Box 113
Poplarville, Mississippi 39470

   Re: Claimant: Chester Gasper
      Proof of Claim No.: 8480

      In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1, Chapter 11, Jointly Administered

Dear Mr. Williams:

  This will confirm the Mediation which has been scheduled for the referenced claim pursuant to the Claims Resolution Procedure.

1. **Schedule.** The Mediation is scheduled for **9:00 a.m.** on Wednesday, **September 5, 2007** at the offices of Isaac Levy, Esq., 24 N. Market St., Suite 405, Jacksonville, Florida, 32202. The time allotted is four hours.

2. **Mediator.** The Mediator will be Mr. Isaac Levy, Esq. Mr. Levy has acknowledged that he meets the requirements of Section 5B of the Claims Resolution Procedure.

3. **Attendance.** The Mediation must be attended by both the claimant and the claimant's attorney. The Mediator's fees for this scheduled Mediation will be paid by Winn-Dixie. Please note that your client will be responsible for the full amount of the mediator's fees for the missed mediation if you or your client fail to appear at the scheduled mediation and you fail to notify us in writing at least six business days prior to the scheduled Mediation that you or your client will not be in attendance.

May 24, 2007
Page 2

4. **Mediation Statement.** Please provide your mediation statement, together with such other documents you believe will be helpful, to the Mediator at least five business days prior to the Mediation either by e-mail illevy@fdn.com or by fax at (904) 353-0550. This statement will not be disclosed to the Debtors without your consent.

5. **Confidentiality.** All discussions, representations and statements which take place during the mediation conference are privileged as settlement negotiations, and shall not be admitted into evidence at trial or subject to discovery.

6. **Cancellation.** Any cancellation or rescheduling of the mediation must be with the consent of all parties.

7. **Allowed Claims to be Paid in Stock.** Please note that no distribution will be made on the referenced proof of claim pursuant to the Debtors' confirmed plan of reorganization (the "Plan") unless and until it becomes an "Allowed Claim" by settlement or by adjudication and final order. If and when the proof of claim becomes an Allowed Claim, it will be treated in accordance with Plan Class 16, and a distribution of Winn-Dixie stock will be made on account of the claim pursuant to Section 9.2 of the Plan. Specifically, the holder of an Allowed Claim will receive 34.89 shares of the New Common Stock of Winn-Dixie for each $1,000 of Allowed Claim.

Please confirm in writing by June 1, 2007 that you and your will be attending the September 5, 2007 mediation in Jacksonville. If we do not receive written confirmation by that date, we will cancel the September 5 mediation and reschedule it at a mutually convenient time.

Please contact me if you have any questions concerning these arrangements. We look forward to working with you to bring this matter to resolution as efficiently as possible.

Sincerely,

*Tana Copeland*

Tana L. Copeland
Legal Assistant
Mediation Claims Coordinator
(904) 359-7850
tcopeland@smithhulsey.com

 

May 24, 2007  
Page 3

c:    Isaac Levy, Esq.  
       Trudy Innes, Esq.  
       James H. Post, Esq.  
       C. Everett Brooks

 

## WILLIAMS, WILLIAMS & MONTGOMERY, P. A.
### ATTORNEYS AT LAW
109 ERLANGER STREET
P. O. BOX 113
POPLARVILLE, MISSISSIPPI 39470

TELEPHONE (601) 795-4572
(FAX) 601-795-8382

E. B. WILLIAMS
1890-1976
E. B. WILLIAMS, JR.
1917-1990

LAMPTON O. WILLIAMS
JOSEPH H. MONTGOMERY
E. BRAGG WILLIAMS, III
L. O'NEAL WILLIAMS, JR.
MICHAEL E. PATTEN

May 31, 2007

Ms. Tana L. Copeland
Mediation Claims Coordiniator
Smith, Hulsey & Busey
P. O. Box 53315
Jacksonville, FL 32201-3315

Re:  Claimant:         Chester Gasper
     Proof of Claim No.  8480

     In re Winn-Dixie Stores, Inc., et al., Debtors; United States
     Bankruptcy Court, Middle District of Florida, Jacksonville Division;
     Case No. 05-03817-3F1, Chapter 11, Jointly Administered

Dear Ms. Copeland:

I acknowledge receipt of your letter dated May 24, 2007, stating the mediation conference for the above-captioned claim is scheduled for 9:00 a.m. on Wednesday, September 5, 2007, at the offices of Isaac Levy in Jacksonville, Florida. By this letter I confirm that I will be present with our client, Chester Gasper, to participate in the mediation at the time it is scheduled.

I appreciate your assistance in this matter and hopefully, as a part of the mediation process, the claim can be settled.

Very truly yours,

WILLIAMS, WILLIAMS & MONTGOMERY, P.A.
ORIGINAL SIGNED BY
L. O'NEAL WILLIAMS, JR.

By: _____
    L. O'Neal Williams, Jr.

LOW,JR:agw
Enclosures
cc:  Mr. Chester Gasper

*ORIGINAL MAILED AND COPY FAXED TO: 904-359-7708*

 

# WILLIAMS, WILLIAMS & MONTGOMERY, P. A.

ATTORNEYS AT LAW

109 ERLANGER STREET

P O. BOX 113

POPLARVILLE, MISSISSIPPI 39470

TELEPHONE (601) 795-4572

(FAX) 601-795-8382

E. B. WILLIAMS
1890-1976
E. B. WILLIAMS, JR.
1917-1990

LAMPTON O. WILLIAMS
JOSEPH H. MONTGOMERY
E. BRAGG WILLIAMS, III
L. O'NEAL WILLIAMS, JR.
MICHAEL E. PATTEN

August 23, 2007

Ms. Kim Gammill
Mediation Claims Coordinator
Smith Hulsey & Busey
P. O. Box 53315
Jacksonville, FL 32201-3315

    Re:    Claimant:    Chester Gasper
           Proof of Claim No.  8480

           In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1, Chapter 11, Jointly Administered

Dear Ms. Gammill:

    This letter confirms our telephone conversation today wherein I advised you on Monday, August 20, I discuss the status of this claim with Tana Copeland of your office. I explained to Ms. Copeland that Mr. Gasper has recently developed complications as a result of his back surgery and is currently receiving additional treatment for his injuries. He was recently examined by his spinal surgeon who has recommended diagnostic tests, including an MRI, to determine whether additional surgery will be required. In light of Mr. Gasper's status, I requested the mediation scheduled for September 5 be postponed and reset at a later date. Ms. Copeland agreed that my request for cancellation was timely, and therefore, the mediation would be cancelled and she advised me that she would call back with alternative dates so we could work together to reset the mediation after Mr. Gasper has received the required treatment for his injuries.

    I understand from our telephone conversation today that Ms. Copeland is not in and you will contact her to determine whether she has secured available dates to reset the mediation. I look forward to hearing from you so we can select another date acceptable to all parties.

    Your cooperation and assistance in this matter is appreciated.

                                          Yours very truly,

                                          WILLIAMS, WILLIAMS & MONTGOMERY, P.A.

                                          By: _____
                                                 L. O'Neal Williams, Jr.

LOW,JR:jas
cc:    Mr. Chester Gasper

*Original mailed and copy faxed to 904-359-7708.*

## JoAnn Steelman

| | |
|---|---|
| **From:** | Kim Gammill [kgammill@smithhulsey.com] |
| **Sent:** | Thursday, August 23, 2007 3:54 PM |
| **To:** | jaloper@bellsouth.net; nealwilliams@bellsouth.net |
| **Subject:** | Chester Gasper |
| **Importance:** | High |

Mr. Williams:

This email will confirm that the mediation on Mr. Gasper's claim scheduled for September 5 has been cancelled. We will contact all parties concerned to get this mediation reschedules in October or November. Please acknowledge receipt of this email by sending me a return email. Thank you.

*Kimberly S. Gammill, Legal Assistant*
*Smith Hulsey & Busey*
*225 Water Street, Suite 1800*
*Jacksonville, FL 32202*
*(904) 359-7700*
*(904) 359-7708 (facsimile)*

## JoAnn Steelman

**From:** Kim Gammill [kgammill@smithhulsey.com]
**Sent:** Tuesday, October 02, 2007 12:44 PM
**To:** jaloper@bellsouth.net
**Subject:** Chester Gasper/Winn-Dixie

Hi, Jo Ann:

As we discussed, we would like to re-schedule Mr. Gasper's mediation at this time. Please let me know by Friday, October 5, which of the following dates Mr. Williams and Mr. Gasper are available to attend the mediation in Jacksonville:

October 15 @ 9:00 a.m.
October 22 @ 1:00 p.m.
October 29 @ 1:00 p.m.
November 6 @ 1:00 p.m.
November 9 @ 1:00 p.m.
November 14 @ 9:00 a.m. or 1:00 p.m.

Thank you.

*Kimberly S. Gammill, Legal Assistant*
*Smith Hulsey & Busey*
*225 Water Street, Suite 1800*
*Jacksonville, FL 32202*
*(904) 359-7700*
*(904) 359-7708 (facsimile)*

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

Sedgwick CMS - Jacksonville
P. O. Box 14482
Lexington, KY 40512-4482
(overnight addr:) 8649 Baypine Rd., Bldg 7, Ste 300 Zip 32256
Phone: (904)419-5344
Fax: (904)419-5365 . .

**Sedgwick Claims Management Systems**

| | | | |
|---|---|---|---|
| **To:** | Neil Williams | **From:** | C. Everett Brooks |
| **Fax:** | 601-795-8382 | **Date:** | February 25, 2008 |
| **Phone:** | (601)795-4572 | **Pages:** | 1 including this page |
| **Re:** | Chester Gasper | **D/L:** | 04/24/2004 |
| **My File** | A411205406-0001-01 | **Yours** | unknown |

☒ Urgent    ☐ For Review    ☐ Please Comment    ☒ Please Reply    ☐ Please Recycle

**Comments:** on 1/14/08 we spoke and you said that your client went to the doctor, who said they needed additional tests to determine if additional surgery is needed.

I am following up on the status.

If you have any questions, my direct line is **(904) 419-5344.**

Sincerely,

## C. Everett Brooks

Sedgwick CMS, P.O. Box 14482  Lexington, KY 40512-4482
*** CONFIDENTIALITY NOTE ***
The information contained in this facsimile message may be legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by calling the number listed above and return the original message to us at the address above by United States Postal Service.

 

# WILLIAMS, WILLIAMS & MONTGOMERY, P. A.
### ATTORNEYS AT LAW
109 ERLANGER STREET
P. O. BOX 113
POPLARVILLE, MISSISSIPPI 39470

TELEPHONE (601) 795-4572
(FAX) 601-795-8382

E. B. WILLIAMS
1890-1976
E. B. WILLIAMS, JR.
1917-1990

LAMPTON O. WILLIAMS
JOSEPH H. MONTGOMERY
E. BRAGG WILLIAMS, III
L. O'NEAL WILLIAMS, JR.
MICHAEL E. PATTEN

March 5, 2008

Mr. C. Everett Brooks
Sedgwick Claims Management Services, Inc.
P.O. Box 14482
Lexington, KY 40512-4482

Re:  Claimant:       Chester Gasper
     Claim #:         A411205406-0001-01
     Incident date:   4/24/04
     Entity:          Winn-Dixie Montgomery, Inc.
     Location:        Winn-Dixie # 1477
                      Riverside Shopping Center, Picayune, MS

Dear Mr. Brooks:

In response to your recent letter this is to advise that our client, Chester Gasper, had additional diagnostic tests performed on March 5. He will have another appointment with his treating physician and a decision will be made concerning whether he would benefit from surgery. If an operation is required then we will have to wait to settle this claim until after he has reached maximum medical improvement following surgery. Of course, if surgery is not recommended then we will secure a final report from his treating physician and send it to you together with our settlement proposal.

Please do not hesitate to contact me if you have other questions concerning this matter.

Yours very truly,

WILLIAMS, WILLIAMS & MONTGOMERY, P.A.

By: __ORIGINAL SIGNED BY__
     L. O'NEAL WILLIAMS, JR.

LOW,JR:agw
Enclosure
cc:  Mr. Chester Gasper

*ORIGINAL MAILED AND COPY FAXED TO: 904-419-5365*