FILED
JACKSONVILLE, FLORIDA

SEP 2 6 2008

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

## CLAIMANT'S, CHRISTY STINNETT, RESPONSE TO DEBTORS' AMENDED OBJECTION TO CLAIMS DUE TO CLAIMANTS' FAILURE TO PARTICIPATE IN THE CLAIMS RESOLUTION PROCEDURE AND NOTICE OF HEARING

Claimant Christy Stinnett files this Response to Debtors' Amended Objection to Claims Due to Claimants' Failure to Participate in the Claims Resolution Procedure and Notice of Hearing (certificate date September 5, 2008) and states as follows:

1. Claimant Christy Stinnett alleges personal injuries as a result of a slip and fall incident which occurred on December 4, 2003, which she contends was a result of the negligence of Winn Dixie.

2. Claimant has been diligently participating in the Claims Resolution Procedure since its adoption.

3. Claimant, through undersigned counsel, has been attempting to schedule mediation of her case as set forth in the Claims Resolution Procedure since 2007.

4. On January 11, 2008, Claimant's attorney received a letter from Debtors' attorney dated January 9, 2008, stating that mediation in this matter had been tentatively set for February 28, 2008.

5. On January 11, 2008, Claimant's attorney contacted Tana Copeland at the offices of the attorneys for the Debtors and advised her of undersigned counsel's unavailability on the proposed date. Ms. Copeland was given alternative dates at that time and she stated that she would contact other counsels and call back.

6. On January 11, 2008, Tana Copeland returned call to Claimant's attorney, and mediation was scheduled at that time for May 28, 2008, to be held in Jacksonville, Florida.

7. Undersigned counsel was called to trial in <u>Dantinor v. Lynx</u> (9th Circuit of Florida Case #05-CA-9457), on May 27, 28, and 29, 2008, and was forced to reschedule the mediation.

8. On May 22, 2008, Claimant's attorney's office contacted Tana Copeland and advised her that he had been called to trial starting Tuesday, May 27, 2008, and that the mediation needed to be rescheduled.

9. Ms. Copeland advised Claimant's counsel's office that she needed to get more dates to reschedule.

10. Claimant's counsel did not hear from Debtors' attorney's office again until July 10, 2008, when a message from Tana Copeland was received requesting contact to discuss mediation dates.

11. On July 10, 2008, Claimant's counsel's assistant returned the call to Tana Copeland and had to leave a message on her voicemail.

12. Claimant's counsel received no further contact from Debtor's counsel until August 25, 2008, when Claimant's counsel received a letter from Tana Copeland. That letter contained a deadline to contact Debtor's counsel by September 2, 2008.

13. Due to Claimant's counsel's calendar (including preparation for a trial that was held during September 15, 16, and 17, 2008 (Calloway v. Dion Oil, Sixteenth Circuit of Florida Case Number 2007-CA-415-K) and the Labor Day holiday weekend, counsel was not able to review said letter until late in the day on September 4, 2008.

14. On September 5, 2008, Claimant's counsel's assistant called Tana Copeland again to discuss scheduling mediation and had to leave a message on her voice mail.

15. Claimant's counsel attempted to contact Ms. Copeland personally on September 23, 2008. A voice mail message was left, and as of the time of filing of this response, no return call has been received.

16. There has been no further contact from Debtor's counsel except for the filing of the Amended Objection attempting to disallow Claimant's claim for failure to comply with the Claims Resolution Procedures.

17. To disallow Claimant's claim for a briefly-delayed failure to contact Debtors' counsel to schedule mediation after nearly five years would be a manifest injustice. Claimant has faithfully and diligently participated in the Claims Resolution Procedures but for the excusable failure to meet a

deadline set arbitrarily by Debtor's counsel to attempt to schedule mediation. A ten-day deadline from the date of sending a letter, which included a holiday weekend, is an unreasonable requirement, not contained in the Claims Resolution Procedures. Claimant has scheduled mediation on one occasion which had to be rescheduled. Months of attempts to reschedule should not be ignored in determining whether Claimant has failed to participate in the Claims Resolution Procedure.

18. Claimant stands ready, willing, and able to participate in mediation and all other aspects of the Claims Resolution Procedure.

WHEREFORE, Claimant, Christy Stinnett, respectfully requests the Court to not disallow her claim for any alleged failure to participate in the Claims Resolution Procedure and to allow Claimant to proceed to mediation and all other aspects of the Claims Resolution Procedure.

## Certificate of Service

I certify that a copy of this document has been furnished via email, facsimile and U.S. Mail this <u>25th day of September, 2008</u>, to Smith Hulsey & Busey, Attn: Leanne McKnight Prendergast, 225 Water Street, Suite 1800, Jacksonville, FL 32202.

_____
RANDY E. SCHIMMELPFENNIG, ESQUIRE
FBN: 0821780
Morgan & Morgan, P.A.
P.O. Box 4979
Orlando, FL 32802-4979
Phone: (407) 420-1414
Fax: (407) 841-9520
email: rschimmelpfennig@forthepeople.com
Attorneys for Claimant