UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

AGREED ORDER RESOLVING CURE OBJECTION AND
ADMINISTRATIVE EXPENSE APPLICATION FILED BY
SARRIA ENTERPRISES, INC. (STORE NOS. 237, 270, 302 AND 330)

This cause came before the Court on (i) the Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief (the "Second Omnibus Motion") filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, "Winn-Dixie") (Docket No. 8941), (ii) the objection to the Second Omnibus Motion filed by Sarria Enterprises, Inc. and its affiliated entities (collectively, "Sarria") with respect to Store Nos. 237, 270, 302 and 330 (the "Cure Objection") (Docket No. 9722), (iii) the Twenty-Sixth Omnibus Objection to Claims Arising from Unexpired Leases of Non-Residential Real Property (I) That Have Been Assumed, (II) That Have Been Assumed and Assigned, or (III) That Are the Subject of Lease Termination Agreements filed by Winn-Dixie (Docket No. 12281) (the "Twenty-Sixth Omnibus Objection"), (iv) the Objection to the Twenty-Sixth Omnibus Objection filed by Sarria (Doc. No. 12768) and (v) the Request for Payment of Administrative Claims (the "Administrative Expense Application") filed by Sarria (Doc. No. 14109).

On November 30, 2006, the Court entered an order (Docket No. 12908) sustaining the Twenty-Sixth Omnibus Objection as to the proofs of claims listed on the exhibits to the order. On December 20, 2006, the Court entered an order (Docket No. 13344) correcting the Docket No. 12908 order and continuing the hearing on the Twenty-Sixth Omnibus Objection as to claim number 8468 filed by Sarria with respect to Store No. 237. Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objection is overruled.

2. The Administrative Expense Application is granted in part and denied in part as provided in paragraph 3 of this Agreed Order.

3. The Administrative Expense Application as it pertains to Store Nos. 270 and 330 is denied. The Administrative Expense Application, as it pertains to Store No. 237, is allowed as an administrative expense claim in the amount of $135,924.26, $106,924.26 of which Winn-Dixie has previously paid to Sarria, leaving a balance of $29,000. The Administrative Expense Application, as it pertains to Store No. 302, is allowed as an administrative expense claim in the amount of $7,194.25 for 2006 Real Estate Taxes. Winn-Dixie previously paid Sarria $32,880.48 for 2006 Real Estate Taxes for Store No. 302, resulting in an overpayment to Sarria of $25,686.23 for post-petition taxes. Based upon the foregoing, the Administrative Expense Application is allowed as an administrative expense claim in the total amount of $143,118.51.

4. The cure amount for Store No. 270 is fixed at $15,449.06, $1,949.06 of

which Winn-Dixie has previously paid to Sarria.

5. Winn-Dixie will offset the $13,500 owed to Sarria as cure for Store No. 270 against the $25,686.23 Sarria owes Winn-Dixie for overpayment of post-petition taxes for Store No. 302, resulting in a payment by Sarria of $12,186.23 to Winn-Dixie as provided in paragraph 10 of this Agreed Order.

6. Claim number 8468 filed by Sarria with respect to Store No. 237 is disallowed in its entirety.

7. Sarria billed Winn-Dixie $24,861 for a water and wastewater capital improvement program in December 2007 relating to a city imposed sewer connection assessment. In full satisfaction of all related connection and installation costs associated with this water-sewer connection, Winn-Dixie will pay Sarria $12,430 for post-petition water and sewer charges for Store No. 330.

8. Sarria owes Winn-Dixie $65,000 for repair costs Winn-Dixie incurred in restoring the Store No. 330 premises due to damage sustained as a result of Hurricane Wilma.

9. Winn-Dixie will offset the $29,000, as described in paragraph 3 above, and the $12,430, as described in paragraph 7 above, which Winn-Dixie owes to Sarria, against the $65,000 which Sarria owes to Winn-Dixie for repairs to Store No. 330, resulting in a payment of $23,570 from Sarria to Winn-Dixie as provided in paragraph 10 of this Agreed Order.

10. Within fifteen (15) business days of entry of this Agreed Order, Sarria

will pay Winn-Dixie $35,756.23 by certified check[1] in full satisfaction of any right to cure that Sarria has or may have under 11 U.S.C. § 365 or otherwise with respect to Store Nos. 237, 270, 302 and 330.

11. This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store Nos. 237, 270, 302 and 330, including and not limited to the Administrative Expense Application and claim number 8468, filed by Sarria in these Chapter 11 cases, (ii) all other pre-petition or pre-effective date[2] claims pertaining to Store Nos. 237, 270, 302 and 330 that Sarria has or may have against Winn-Dixie and any of its Chapter 11 estates or affiliates and that Winn-Dixie has or may have against Sarria, and (iii) any claims for repairs or reimbursement for all pre-effective date hurricane damages with respect to Store No. 330 that Winn-Dixie and any of its Chapter 11 estates or affiliates have or may have against Sarria, all of which are forever waived, discharged and released.

12. All liabilities and obligations arising between the parties subsequent to the date of entry of this Agreed Order will be handled by the parties in accordance with the applicable lease terms and ordinary course practices.

---

[1] Sarria will remit payment of the $35,756.23 to Winn-Dixie c/o David Young, 5050 Edgewood Court, Jacksonville, Florida 32254.

[2] The Effective Date was November 21, 2006, as determined by the Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Docket No.12440) and the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims (Docket No. 12991).

13. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this ___24___ day of September, 2008, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this order on all
parties in interest.

00610650.4

5

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| MCDONALD HOPKINS LLC | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ Alan Burger*\*  <br>       Alan Burger | By   *s/ Cynthia C. Jackson*  <br>       Cynthia C. Jackson, F.B.N. 498882 |
| 505 South Flagler Drive, Suite 300<br>West Palm Beach, Florida 33401<br>(561) 472-2963<br>(561) 472-2122 (facsimile)<br>aburger@mcdonaldhopkins.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Counsel for Sarria Enterprises, Inc. | Counsel for Winn-Dixie |

\*Counsel has authorized his electronic signature.

00610650.4

## Certificate of Service

I certify that a copy of this document has been furnished electronically and by facsimile to the Post-Effective Date Committee, c/o Matthew Barr, Esq. and Michael Comerford, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, mbarr@milbank.com, mcomerford@milbank.com, this 25th day of September, 2008.

                                        *s/ Cynthia C. Jackson*
                                           Attorney

00610650.4