## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

## VISAGENT'S SIXTH MOTION TO COMPEL DISCOVERY DIRECTING WINN-DIXIE TO IDENTIFY DOCUMENTS PURSUANT TO COURT ORDER DATED 12/28/2007, FOR AN ORDER DIRECTING DEBTORS' TO RESPOND TO VISAGENT'S THIRD REQUEST FOR PRODUCTION AND FOR AN AWARD OF ATTORNEYS FEES AND SANCTIONS

Visagent Corporation (hereinafter "Visagent"), a claimant herein, moves the Court pursuant to Federal Rules of Civil Procedure 26 and 37 and Local Rule 7037-1, for an order compelling Winn-Dixie Stores, Inc. and twenty-three (23) of its subsidiaries and affiliates, as the Reorganized Debtors (hereinafter the "Debtors"), to identify documents pursuant to this Court's order dated December 28, 2007, for an order directing Debtors to respond to Visagent's Third Request to Produce and for an award of attorneys fees and sanctions. In support of the motion, Visagent states:

1.      Visagent, an unsecured creditor, holds Claim No. 9953 against Debtors in the sum of $131,875,000.00. In the Amended Notice of Claim, filed herein, Visagent contends Debtors materially and substantially breached an exhaustively negotiated Service Agreement entered into between the parties on June 15, 2001, effective June 28, 2001. Under the terms of this Agreement, Debtors were obligated for three (3) years to exclusively utilize the services of Visagent for the procurement and sale of all merchandise it acquired or sold, through internet or similar electronic means, including any means utilizing facsimile, from and through the secondary market. The secondary

1

market is comprised of all sources (buyers and sellers) of merchandise other than direct purchases and returns from original product manufacturers. Visagent avers that Debtors breached its contractual obligation in failing to exclusively utilize Visagent's services as provided for in the Service Agreement, and as a result, Visagent suffered damages amounting to 2% of the value all transactions in which Debtors participated in the purchase or sale of goods in the secondary market, other than those exempted by the Agreement. Additionally, Visagent claims Debtors violated federal and state laws in connection with the theft and usurpation of trade secrets, proprietary information and business opportunities belonging to Visagent, which were provided to Debtors based on false promises by the Debtors of a continued business arrangement between the parties. Visagent relied on the unrealized inducements and promises of the Debtors to its detriment and suffered catastrophic damages as a direct consequence of Debtors' actions.

2. Debtors objected to Visagent's claims asserting it did not breach a duty to Visagent and Visagent failed to adequately perform under the terms of the Agreement, a claim that has been repeatedly belied by the deposition testimony of Debtors' employees.

3. On July 23, 2006, Visagent served upon Debtors its First Request for Production, Interrogatories and Requests for Admissions. On August 25, 2006, Debtors served their Response to Visagent Corporation's First Request for Production of Documents and Debtors' Response to Visagent Corporation's First Set of Interrogatories.

4. On April 18, 2007, Visagent Corporation served upon Debtors its Second Request for Production.

5. On May 3, 2007, Visagent served its First Motion to Compel Production of Documents, Better Answers to Visagent's First Set of Interrogatories and the

Deposition of Debtors' Corporate Representative. A hearing was held on June 14, 2006 on Debtors' Second Motion to Compel and Visagent's First Motion to Compel. The Court entered an order on June 21, 2007, which was thereafter amended by a corrected order dated July 30, 2007 a copy of which is attached hereto as Exhibit A.

6.      Despite Debtor's vehement protestations that they had produced all documents in their possession responsive to Visagent's First Request to Produce, the Court directed further production of documents. (June 14, 2007 Hearing Transcript pages 36, 42, 44, and 53)

7.      A Second Motion to Compel was served on May 29, 2007 which dealt with the refusal of Debtors' to establish a date for inspection of documents they had agreed to produce in response to Visagent's Second Request for Production.

8.      A Third Motion to Compel was filed on November 20, 2007 which sought an Order directing Debtors to produce those documents previously ordered to be produced and agreed to be produced, to fully respond to Visagent's discovery requests as supplemented by Debtor's corporate representative's deposition testimony, for an award of attorneys fees and sanctions and for an order expanding the time constraints to complete the deposition of Debtors' corporate representative. The crux of the motion was Winn-Dixie's continued refusal to produce documents responsive to Visagent's requests. Compounding Debtors' lack of compliance with the production of documents was the discovery, during the deposition of Debtors' corporate representative, that substandard efforts had been made to locate responsive documents and that the corporate representative presented as most knowledgeable was unaware of the efforts utilized to locate and produce these documents. Claimant proffered to the Court that the lack of

diligence on Debtors' part in locating and retrieving responsive documents to the Requests for Production violated the June 14, 2007 Order of this Court and smacked of bad faith. At that time, Claimants were unaware that Debtors had knowledge of two databases which held discoverable material responsive to their requests.

9.    A hearing was scheduled before this Court on December 13, 2007 on Visagent's Second Motion to Compel and Third Motion to Compel. The Court issued an Order dated December 28, 2007, a copy of which is attached hereto as Exhibit B.  In pertinent part, the Court stated as follows:

> In regards to its Second Motion to Compel, Visagent alleges that the Debtors have failed to produce all of the documents sought in their Second Request for Production. (Tr. pg. 8).  In response, Debtors' counsel adamantly maintains that the Debtors have complied in full. (Tr. pg. 10-11, 16, 34, 42-43). Specifically, Debtors' counsel stated 'We've given them all of the documents we're aware of in Winn-Dixie's possession – and we have conducted a very thorough search for those documents – and we've represented that to them. I don't know what else we can do.' (Tr. pg. 11).  The Court accepts Debtors' representation that all documents they are aware of in their possession have been produced. However, the Court reserves the option to impose sanctions against the Debtors if it is discovered that they failed to produce all documents they were *aware* and in *possession* of at the time of the hearing, unless such documents are produced within thirty days of the date of this order. Additionally, if such documents are not produced within the above time frame, Debtors will be precluded from using the documents at trial."

In a footnote, the Court reiterated that the Order of July 30, 2007 remains effective, to wit: if the Debtors discover responsive documents other than those which the Debtors have already produced, Debtors shall produce such documents to Visagent no later than 30 days prior to the beginning date of any trial on this matter, failing which, the Debtors will be precluded from using such documents at trial."

10.    The Court also made the following findings and ruling:

> "Visagent also raises the issue that although all the documents produced were bates stamped, the Debtors failed to provide a correlation

4

chart (Tr. 9-10). At the hearing, Visagent's counsel stated, 'I think we need a verifiable system where they say:   here are the documents responsive.' (Tr.18). In response, Debtors' counsel informed the Court there is not a correlating list of documents that have Bates stamped numbers on them and all documents produced were 'responsive.' (Tr.14). Although the Court will not require Debtors to provide a correlation list for all 10,000 documents produced, Debtors shall identify the *valid* operative service agreement and provide a correlating bates stamp number to Visagent within twenty days of this order. Additionally, Visagent shall have twenty days form the date of this order to provide Debtors with a list of any specifically named documents it needs to have identified. [2] Debtors shall then provide a correlation list of such documents to Visagent within twenty days of Visagent's request."

11.    In footnote 2, the Court amplified this ruling as follows: "The request must be narrowly tailored to *specific* documents, such as the operative service agreement, and not a general request such as all emails exchanged between Debtors and X corporation."

12.    On January 17, 2008, Visagent's counsel forwarded a letter to counsel for Debtor's enclosing a list of 116 specific documents requested by Visagent for identification by bates stamp number if Debtor asserts it has already produced such document(s). Counsel further wrote: "If Debtor is aware of the existence of any of these documents and not previously produced them, please consider this as a more specific supplemental request." A copy of this letter and list are attached hereto as Exhibit C. The requests made by Visagent were painfully specific to documents referenced by bates stamp.

13.    By letter dated January 21, 2008, Debtors' counsel advised Visagent that they "decline to comply" with the requests opining that these pointed, specific requests were "beyond the scope" of this Court's Order.   A copy of this correspondence is attached hereto as Exhibit D.

5

16. After Debtors summarily "declined to comply," with Visagent's requests in accordance with this Court's Order of December 28, 2007, Visagent served upon Debtors a Third Request for Production, which asked for production of most of the same items that were itemized on that list. A copy of the Third Request for Production is attached hereto as Exhibit E. A copy of Debtors Response is attached hereto as Exhibit F.

17. Pursuant to the Court's Order, Visagent meticulously itemized the documents it wanted identified with reference to specific bates stamped documents. Debtors cavalierly disregarded the request. In an effort to secure the same information, in an effort to avoid the necessity of yet another motion to compel and hearing, using a different vehicle, the Third Request to Produce was served. Winn-Dixie's responses provided no new discovery; just more of the same stone-walling.

18. The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed.R.Civ.P. 26(b)(1). Relevant information as to any claim or defense need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. The scope of discovery is very broad and the burden is on the party objecting to the requested discovery to describe with particularity the reasons for the objections. Palmer v. Westfield Insurance Company, 2006 WL 2612168 (M.D. Fla. 2006). The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embodies a fair and just result. United States v. Procter & Gamble Co., 356

U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); Pensacola Beach Community United Church, Inc. v. National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Slip Copy 2007 WL 737499 (N.D. Fla., 2007). Discovery is expected to be accomplished voluntarily with minimal judicial intervention unless a dispute arises and one of the parties files a motion requiring judicial review. AARP v. Kramer Lead Marketing Group, 2005 WL 1785199 (M.D. Fla., 2005).

19.    The Federal Rules provide that a party may serve requests for production of documents which are "in the possession, custody or control of the party upon whom the request is served." Fed.R.Civ.P. 34(a). "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." Searock v. Stripling, 736 F.2d 650, 653 (11th Cir., 1984). The response shall state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reasons for objection shall be stated. Fed.R.Civ.P. 34(b). If the documents for production are not in existence, the objecting party shall so state under oath. Cairnes v. Chicago Exp., Inc., 25 F.R.D. 169, 170 (N.D.Ohio, 1960). An evasive or incomplete answer to a request for production is to be treated as a failure to answer. Fed.R.Civ.P. 37(a) (3). In Pensacola Beach Community United Church, Inc. v. National Union Fire Insurance Company of Pittsburgh, Pennsylvania, supra, Plaintiff responded to a request for production indicating that Defendant had every document in Plaintiff's possession and that certain documents were either lost or "simply never existed." The trial court found that Plaintiff did not indicate that the specific materials that Plaintiff requested did not exist and directed that they respond to Defendant's request to produce.

20. If a party fails to answer a request for production, the discovering party may move for an order compelling a response. Fed.R.Civ.P. 37(a)(2). Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir., 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.

21. If a party objects to a discovery request on the ground that the material sought is protected by attorney-client privilege, Rule 26(b)(5)(A) requires that:

> "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i)     expressly make the claim; and
> (ii)    describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential. Bogle v. McClure, 332 F.3d 1347, 1358 (11th Cir., 2003); Palmer v. Westfield Insurance Company, 2006 WL 2612168 (M.D. Fla., 2006). This privilege is narrowly construed and communications are only protected if at the time they were made, they were intended to remain confidential and, under the circumstances, were reasonably expected and understood to be confidential. Palmer, supra. Under the attorney-client privilege, confidential communications made by a client to an attorney to seek, obtain or provide legal services are protected from disclosure. Fisher v. United States, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed. 2d (1976); In re Tri-State Media Group, Inc., 283 B.R. 358, 54 Fed. R. Serv.3d 668 (M.D. Ga., 2002). In Chauve v. Costa Crociere, S.p.A. 2007 WL

2916326 (S.D.Fla., 2007), the Court found that merely alleging work product and mental impressions is an insufficient objection and ordered the objecting party to provide a better answer.

22.     Like the attorney-client privilege, the party asserting the work-product privilege has the burden of proving that the document is work-product. AARP v. Kramer Lead Mktg. Group, 2005 WL 1785199 (M.D. Fla., 2005); Palmer v. Westfield Insurance Company, 2006 WL 2612168 (M.D. Fla., 2006). This privilege typically applies only to documents prepared principally or exclusively to assist in anticipated or ongoing litigation.   Documents which do not refer to work product prepared by an attorney or other agent of a party to aid in forthcoming litigation, and which were generated in the ordinary course of business, are discoverable. AARP v. Kramer Lead Marketing Group, 2005 WL 1785199 (M.D. Fla., 2005); Cutrale Citrus Juices USA, Inc. v. Zurich American Insurance Group, 2004 WL 5215191 (M.D. Fla., 2004)  "In limiting work product to materials prepared 'in anticipation of litigation,' the drafters of Rule 26(b)(3) excluded form the rule's protection '(m)aterials assembled  in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other non-litigation purposes'." Rule 26(b)(3), Fed.R.Civ.P., Advisory Committee Note.

23.     There were 104 requests and Debtors responded to the requests by grouping.  For the Court's ease of reference the Document Request, Objection and Response are itemized herein, followed by Visagent's argument in opposition the Objections.

**DOCUMENT REQUEST NO. 1**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 05666 with regard to meetings referenced including dates, times and participants of said meeting(s)

9

**DOCUMENT REQUEST NO. 2**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 05906-05907 with regard to meetings referenced including dates, times and participants of said meeting(s)

**DOCUMENT REQUEST NO. 3**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 06089-06091 with regard to meetings referenced including dates, times and participants of said meeting(s)

**DOCUMENT REQUEST NO. 4**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 06080 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 5**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 05856 with regard to meetings referenced including dates, times and participants of said meeting(s)

**DOCUMENT REQUEST NO. 6**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 06667-06668 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 7**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 06971 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 8**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 06189 with regard to meetings referenced including dates, times and participants of said meeting(s)

**DOCUMENT REQUEST NO. 9**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 05843 with regard to meetings referenced including dates, times and participants of said meeting(s)

**DOCUMENT REQUEST NO. 10**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 06177 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 11**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 05844 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 12**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 06780 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 13**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 06635 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 14**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 06169 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 15**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 06184 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 16**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 05665 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 17**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 07800-07801 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 18**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 08152 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 19**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document WD 00329 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 20**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 09941-09944 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 21**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 09938-09940 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 22**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 09901 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 23**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 10293 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 24**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 10285-10286 with regard to telephone conference referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 25**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 05691-05707 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 26**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document WD 00632-00634 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 27**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 10036-10037 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 28**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation, referencing or relating to a meeting held on or about February 1, 2001 as referenced in document WD 00642.

**DOCUMENT REQUEST NO. 29**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about April 4, 2001 as referenced in document WD 00697-00698.

**DOCUMENT REQUEST NO. 30**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on about April 27, 2001 as referenced in V 05672-05673 and V 07411.

**DOCUMENT REQUEST NO. 31**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about May 4, 2001 as referenced in V 05669.

**DOCUMENT REQUEST NO. 32**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about May 10, 2001 as referenced in V 08308.

**DOCUMENT REQUEST NO. 33**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about May 17, 2001 as referenced in WD 0823-0841.

**DOCUMENT REQUEST NO. 34**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document WD 00885 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 35**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about June 18, 2001 as referenced in WD 0905.

**DOCUMENT REQUEST NO. 36**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about June 19, 2001 as referenced in WD 0913-0915.

**DOCUMENT REQUEST NO. 37**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about June 26, 2001 as referenced in V 07437-07438.

**DOCUMENT REQUEST NO. 38**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about July 2, 2001 as referenced in V 05667.

**DOCUMENT REQUEST NO. 39**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about July 6, 2001 as referenced in WD 00255.

**DOCUMENT REQUEST NO. 40**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document WD 0945 with regard to meetings referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 41**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about July 6, 2001 as referenced in V 07399-0400.

**DOCUMENT REQUEST NO. 42**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about September 12, 2001 as referenced in V 07399-0400.

**DOCUMENT REQUEST NO. 43**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about September 17, 2001 as referenced in WD 1004.

**DOCUMENT REQUEST NO. 44**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about September 20, 2001 as referenced in WD 1004.

**DOCUMENT REQUEST NO. 45**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document V 08317 with regard to meetings referenced including dates, times and participants of said meeting(s)

**DOCUMENT REQUEST NO. 46**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about October 8, 2001 as referenced in V 08182

**DOCUMENT REQUEST NO. 47**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about November 2, 2001 as referenced in V 08027-08029.

**DOCUMENT REQUEST NO. 48**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about November 15, 2001 as referenced in WD 01046.

**DOCUMENT REQUEST NO. 49**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about December 12, 2001 between Visagent and Winn Dixie.

**DOCUMENT REQUEST NO. 50**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about January 3, 2002 as referenced in WD 01117-01121.

**DOCUMENT REQUEST NO. 51**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about January 10, 2002 as referenced in V 05663-05664.

**DOCUMENT REQUEST NO. 52**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about January 22, 2002 as referenced in V 07800-07801.

**DOCUMENT REQUEST NO. 53**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about April 11, 2002 between Visagent and Winn Dixie.

**DOCUMENT REQUEST NO. 54**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about April 19, 2002 as referenced in V 08152.

**DOCUMENT REQUEST NO. 55**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about June 19, 2002 as referenced in V 08371-08372.

**DOCUMENT REQUEST NO. 56**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about July 9, 2002 between Visagent and Winn Dixie.

**DOCUMENT REQUEST NO. 57**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about September 18, 2002 as referenced in WD 00287

**DOCUMENT REQUEST NO. 58**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about January 14, 2003 as referenced in V 08617.

**DOCUMENT REQUEST NO. 59**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about late March 2003 as referenced in WD 00329.

**DOCUMENT REQUEST NO. 60**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about April, 2003 as referenced in V 09941-09944 .

**DOCUMENT REQUEST NO. 61**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about May 1, 2003 as referenced in V 09901.

**DOCUMENT REQUEST NO. 62**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about September 11, 2003 between Visagent and Winn Dixie.

**DOCUMENT REQUEST NO. 63**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about December 5, 2003 between Visagent and Winn Dixie.

**DOCUMENT REQUEST NO. 64**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to document WD 00522 with regard to meeting(s) referenced including dates, times and participants of said meeting(s).

**DOCUMENT REQUEST NO. 65**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about February 11, 2004 as referenced in WD 00602-00618.

**DOCUMENT REQUEST NO. 66**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about March 29, 2004 as referenced in V 10036-10037.

**DOCUMENT REQUEST NO. 67**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about April 2, 2004 as referenced in V 09960.

**DOCUMENT REQUEST NO. 68**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about May 11, 2004 as referenced in V 09961.

**DOCUMENT REQUEST NO. 69**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting on or about June 24 or 25, 2004 between Visagent and Winn Dixie.

**DOCUMENT REQUEST NO. 70**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to V-10256-10279.

**DOCUMENT REQUEST NO. 71**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to V-6080.

**DOCUMENT REQUEST NO. 72**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation relating to the presentation referred to in V-06807.

**DOCUMENT REQUEST NO. 73**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation relating to the meeting referred to in V-05844

**DOCUMENT REQUEST NO. 74**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to a meeting as referenced in V 08229.

**DOCUMENT REQUEST NO. 75**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation referencing or relating to Winn Dixie's analysis of vendors as identified in V 10232-10235, including the date of the referenced document.

**OBJECTIONS TO DOCUMENT REQUESTS NOS. 1 TO 75**: Debtors object to these requests because they are overly broad, unduly burdensome and will not lead to the discovery of admissible evidence. Debtors further object to these requests to the extent that they request information regarding the mental impressions, conclusions, opinions, or legal theories of Debtors' attorneys or other representatives concerning this litigation.

**RESPONSE TO DOCUMENT REQUESTS NOS. 1 TO 75**: Subject to Debtors' general and specific objections, Debtors are not aware of any responsive documents in Debtors' possession, custody or control which Debtors have not already produced.

**ARGUMENT**: Request Nos. 1 thorough 75 seek "minutes, synopses, correspondence, etc." as to specific documents identified by bates number. Far from being a "broad" or "burdensome" request, each request is narrowly tailored to a particular document and event. Since each request references a document heretofore produced by Debtors' as previously responsive, Debtors' claim that these requests "will not lead to the discovery of admissible evidence" is obviously without merit. Further, Debtors objection that the requests seek information protected by the attorney work-product privilege should be rejected summarily as it has not produced a privilege log relating to this claim as required by Rule 26(b)(5)(A).

Debtors' response to these document requests is nonsensical and does not comply with the spirit and intent of Federal Rule of Civil Procedure 34. They claim that they are not "aware" of any responsive documents in their possession, custody or control which

they have not heretofore produced.  This response tells Claimants absolutely nothing. Either Debtors produced the documents or there are no documents in existence. A response to a request for Production shall state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reasons for objection shall be stated.  Fed.R.Civ.P. 34(b).  If the documents for production are not in existence, the objecting party shall so state under oath.  Cairnes v. Chicago Exp., Inc., 25 F.R.D. 169, 170 (N.D.Ohio 1960). An evasive or incomplete answer to a request for production is to be treated as a failure to answer.  Fed.R.Civ.P. 37(a)(3). As was found by the court in Pensacola Beach Community United Church, supra,  Winn-Dixie's responses are legally insufficient.  The responses should either identify the documents already produced by Bates number that correspond to the particular request, or Winn-Dixie should state under oath that no responsive documents exist. To leave Visagent guessing as to whether there are responsive documents or not is an attempt to *game* the discovery process to gain an advantage at trial.

*****************************

**DOCUMENT REQUEST NO. 76**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation leading up to the Winn Dixie/Victory contract dated July 24, 2000 and effective July 10, 2000 as referenced in V 05683-05686.

**OBJECTION TO DOCUMENT REQUEST NO. 76**:      Debtors object to this request because it is overly broad, unduly burdensome and will not lead to the discovery of admissible evidence.

**RESPONSE TO DOCUMENT REQUEST NO. 76**:      Subject to Debtors' general and specific objections, Debtors are not aware of any responsive documents in Debtors' possession, custody or control which Debtors have not produced.

**ARGUMENT:** Same as above.

*****************************

**DOCUMENT REQUEST NO. 77**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation for the duration of the Winn Dixie/Victory contract dated July 24, 2000 and effective July 10, 2000 as referenced in V 05683-05686.

**OBJECTION TO DOCUMENT REQUEST NO. 77**:    Debtors object to this request because it is overly broad, unduly burdensome and will not lead to the discovery of admissible evidence.

**RESPONSE TO DOCUMENT REQUEST NO. 77**: Subject to Debtors' general and specific objections, Debtors are not aware of any responsive documents in Debtors' possession, custody or control which Debtors have not produced.

**ARGUMENT**: Same as above.

****************************

**DOCUMENT REQUEST NO. 78**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation leading up to the Winn Dixie/Victory contract dated June 14, 2002 and effective July 10, 2002 as referenced in V 05687-05690.

**OBJECTION TO DOCUMENT REQUEST NO. 78**: Debtors object to this request because it is overly broad, unduly burdensome and will not lead to the discovery of admissible evidence.

**RESPONSE TO DOCUMENT REQUEST NO. 78**: Subject to Debtors' general and specific objections, Debtors are not aware of any responsive documents in Debtors' possession, custody or control which Debtors have not produced.

**ARGUMENT**: Same as above.

****************************

**DOCUMENT REQUEST NO. 79**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation for the duration of the Winn Dixie/Victory contract dated June 14, 2002 and effective July 10, 2002 as referenced in V 05687-05690.

**OBJECTION TO  DOCUMENT REQUEST NO. 79**: Debtors object to this request because it is overly broad, unduly burdensome and will not lead to the discovery of admissible evidence.

**RESPONSE TO DOCUEMTN REQUEST NO. 79**: Subject to Debtors' general and specific objections, Debtors are not aware of any responsive documents in Debtors' possession, custody or control which Debtors have not produced.

**ARGUMENT**: Same as above.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DOCUMENT REQUEST NO. 80**: Winn Dixie/Victory contract effective on or about July 10, 2003.
**RESPONSE TO DOCUMENT REQUEST NO. 80**: Debtors are not aware of any Victory contract effective on or about July 10, 2003.

**ARGUMENT**: Once again, Debtors give an evasive answer. They should be required to state that there was or was not a contract after July 10, 2003.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DOCUMENT REQUEST NO. 81**:  All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation leading up to the Winn Dixie/Victory contract effective on or about July 10, 2003.

**OBJECTION TO DOCUMENTS REQUEST NO. 81**: Debtors object to this request because it is overly broad, unduly burdensome and will not lead to the discovery of admissible evidence.

**RESPONSE TO DOCUMENT REQUEST NO. 81**:     Subject to Debtors' general and specific objections, Debtors are not aware of any responsive documents in Debtors' possession, custody or control which Debtors have not produced.

**ARGUMENT**: Same argument as set forth in response to Request Nos. 1 through 75.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DOCUMENT REQUEST NO. 82**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda or any other documentation for the duration of the Winn Dixie/Victory contract effective July 10, 2003.

**OBJECTION TO DOCUMENT REQUEST NO. 82**: Debtors object to this request because it is overly broad, unduly burdensome and will not lead to the discovery of admissible evidence.

**RESPONSE TO DOCUMENT REQUEST NO. 82**: Subject to Debtors' general and specific objections, Debtors are not aware of any responsive documents in Debtors' possession, custody or control which Debtors have not produced.
**ARGUMENT**: Same as above,

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DOCUMENT REQUEST NO. 83**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding contract negotiations between Winn Dixie and FMG for the time period June 15, 2001 to January 1, 2005.

**DOCUMENT REQUEST NO. 84**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding contract negotiations between Winn Dixie and Purity for the time period June 15, 2001 to January 1, 2005.

**DOCUMENT REQUEST NO. 85**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding contract negotiations between Winn Dixie and Dayman for the time period June 15, 2001 to January 1, 2005.

**OBJECTIONS TO DOCUMENT REQUESTS NOS. 83 TO 85**:Debtors object to this request because it is overly broad, unduly burdensome and will not lead to the discovery of admissible evidence.

**RESPONSES TO DOCUMENT REQUESTS NOS. 83 TO 85**: Subject to Debtors' general and specific objections, Debtors are not aware of any responsive documents in Debtors' possession, custody or control which Debtors have not produced.

**ARGUMENT**: Same as above.

*********************************

**DOCUMENT REQUEST NO. 86**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding contract negotiations between Winn Dixie and FMG for the time period June 15, 2001 to January 1, 2005.

**OBJECTION AND RESPONSE TO DOUMENT REQUEST NO. 86**: See objections and response to Document Request No. 83.

**ARGUMENT:** Same as above.

*********************************

**DOCUMENT REQUEST NO. 87**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding meeting referenced in V-06079 between Winn-Dixie and FMG.

**DOCUMENT REQUEST NO. 88**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding Purity as referenced in V 05814.

**OBJECTIONS TO DOCUMENT REQUESTS NOS. 87 TO 88**: Debtors object to this request because it is overly broad, unduly burdensome and will not lead to the discovery of admissible evidence.

**RESPONSE TO DOCUMENT REQUEST NOS. 87 TO 88**: Subject to Debtors' general and specific objections, Debtors are not aware of any responsive documents in Debtors' possession, custody or control which Debtors have not produced.

**ARGUMENT**: Same as above,

************************************

**DOCUMENT REQUEST NO. 89**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding Titan as referenced in a July 6, 2001 letter from Titan to Darryl Mills of Winn Dixie.

**OBJECTION TO DOCUMENT REQUEST NO. 89**: Debtors object to this request because it is overly broad, unduly burdensome and will not lead to the discovery of admissible evidence and because it is vague or ambiguous because it references a document not otherwise identified or attached to the request.

**ARGUMENT**: Same as above.

************************************

**DOCUMENT REQUEST NO. 90**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding C&S Wholesale as referenced in V07243.

**DOCUMENT REQUEST NO. 91**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding a 1-17-02 meeting between Winn Dixie and C&S Wholesale.

**DOCUMENT REQUEST NO. 92**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding Purity as referenced in V 10236-10242.

**DOCUMENT REQUEST NO. 93**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding FMG as referenced in V 1023-10242.

**DOCUMENT REQUEST NO. 94**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding meeting(s) between Winn-Dixie and Global Food.

**DOCUMENT REQUEST NO. 95**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding C&S Wholesale as referenced in WD 00286.

**DOCUMENT REQUEST NO. 96**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding FMG as referenced in V 09947-09948.

**DOCUMENT REQUEST NO. 97**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding Dayman as referenced in V 09947-09948.

**DOCUMENT REQUEST NO. 98**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding, referencing or supporting or otherwise related to V 10244.

**DOCUMENT REQUEST NO. 99**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding Victory as referenced in V 09882.

**DOCUMENT REQUEST NO. 100**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding FMG as referenced in V 09882.

**DOCUMENT REQUEST NO. 101**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding Purity as referenced in V 09882.

**DOCUMENT REQUEST NO. 102**: All minutes, synopses, correspondence, emails, instant messages, facsimiles, memoranda, or any other documentation regarding Dayman as referenced in V 09882.

**OBJECTIONS TO DOCUMENT REQUESTS NOS. 90 TO 102**: Debtors object to these requests because they are overly broad, unduly burdensome and will not lead to the discovery of admissible evidence. Debtors further object to these requests to the extent that they request information regarding the mental impressions, conclusions, opinions, or legal theories of Debtors' attorneys or other representatives concerning this litigation.

**RESPONSE TO DOCUMENT REQUESTS NOS. 90 TO 102**: Subject to Debtors' general and specific objections, Debtors are not aware of any responsive documents in Debtors' possession, custody or control which Debtors have not produced.

**ARGUMENT**: Same as above.

*********************************

23

**DOCUMENT REQUEST NO. 103**: Specify documents reflecting background check on I Mark Rubin and/or Global Food Resources Inc. particularly as referenced in documents V 05549-05554.

**OBJECTION TO DOCUMENT REQUEST NO. 103**: Debtors object to these requests because they are overly broad, unduly burdensome and will not lead to the discovery of admissible evidence and is an interrogatory as opposed to a document request.

**ARGUMENT**: Same as above.

*******************************

24.     Federal Rule of Civil Procedure 37(a)(4)(A) provides for the award of expenses and sanctions when a party must bring a motion to compel. In pertinent part, the Rule provides that if a motion to compel is granted, or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the Court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court, action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust. A motion is considered to be "substantially justified" if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action. Pierce v. Underwood, 487 U.S. 552, 556, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

25.     This is Visagent's **Sixth** Motion to Compel. Debtors have continuously obstructed the discovery process. It's cavalier "decline to comply" with this Court's order and refusal to clearly state whether it has responsive materials to produce, does not meet the tone and spirit of the Federal Rules, or their obligations as litigants before this Court. It is respectfully suggested that it is time to award Claimant's fees and to sanction Debtors for their actions. Failing to punish Debtors will countenance their abuse of the discovery process and will encourage more of the same in the future.

WHEREFORE, Visagent requests the relief identified within be granted in its entirety, together with sanctions including attorneys' fees and costs as appropriately determined by the Court, and for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH

I HEREBY CERTIFY that I personally made a good faith effort to resolve the issues set forth by way of this Motion prior to filing same. As outlined in the Memorandum, the issues raised could not be resolved.

_____
Guy Bennett Rubin, Esq. (FBN 691305)
Attorneys for Plaintiffs
**RUBIN & RUBIN**
P.O. Box 395
Stuart, Florida 34995
Telephone:　(772) 283-2004
Facsimile:　(772) 283-2009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of this Motion has been electronically filed via ECF and that a true and correct copy of the foregoing has been furnished by US regular Mail to: David L. Gay, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on the 3rd day of October, 2008.

_____
Guy Bennett Rubin, Esq. (FBN 691305)
Attorneys for Plaintiffs
**RUBIN & RUBIN**
P.O. Box 395
Stuart, Florida 34995
Telephone:　(772) 283-2004
Facsimile:　(772) 283-2009