**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                    )        Case No.  05-03817-3F1

WINN-DIXIE STORES, INC., *et al.*,        )        Chapter 11

                Reorganized Debtors.      )        Jointly Administered

**ORDER SUSTAINING DEBTORS' AMENDED**
**OBJECTION TO THE CLAIM OF HARRY LATHAM**

This case came before the Court for hearing on October 6, 2008 on Debtors' Amended Objection to the Claim of Harry Latham (Claim No. 9917). Upon the evidence presented at the hearing, the Court finds that:

1.      Harry Latham (the "Claimant") filed a proof of claim for "personal injury/property damage," asserting that the claim arose on August 17, 2004.

2.      The Claimant completed a Questionnaire for Litigation Claimants (the "Questionnaire"). The Claimant asserted in the Questionnaire that his claim was for a personal injury that occurred on August 17, 2004 at a Save-Rite store in Jacksonville, Florida.

3.      Section 95.11(3)(a), Florida Statutes, requires that an action founded on negligence must be brought within four years.

4.      Claimant has not filed a complaint in the appropriate non-bankruptcy court based upon his personal injury. Filing a proof of claim and participating in

the Claims Resolution Procedure did not preserve the claim for statute of limitations purposes.[1]

5.    Because the date upon which the claim is based is August 17, 2004, the Claimant was required under Florida law to commence the prosecution of a civil action by August 17, 2008.

6.    Alternatively, under 11 U.S.C.§108(c), the Claimant was required to file a civil action within thirty days after notice of the termination of the automatic stay, which notice was served upon known creditors and published in national and regional newspapers on December 6, 2006.  *See Order Sustaining Debtors' Objection to the Claim of Sunday Udoinyion* (Docket No. 21115); *Aff. of Kathleen M. Logan related to the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Othis Administrative Claims* (Docket No. 13200).

7.    Because the claimant did not file a civil action to preserve his claim prior to the expiration of the applicable statute of limitations, including the

---

[1] A claimant has three choices regarding the filing of a complaint against a debtor after commencement of the case:  (i) file a motion for relief from the automatic stay, (ii) file a complaint after the termination of the bankruptcy proceedings, if the statute of limitations has not run, or (iii) file a complaint during the thirty day period set forth in Section 108(c).  *See Rhodes v. C & G Excavating, Inc.,* 217 B.R. 64, 66 (Bankr. E.D. Penn. 1998), *citing Grotting v. Hudson Shipbuilders, Inc.,* 85 B.R. 568, 569-70 (W.D. Wash. 1988).

extension provided under 11 U.S.C.§108(c), Claimant's cause of action is now time-barred and his claim must be disallowed.  Upon the foregoing, it is

ORDERED:

1.    The Debtors' Amended Objection to the Claim of Harry Latham (Claim No. 9917) is sustained.

2.    Claim No. 9917 filed by the Claimant is disallowed.

Dated this ___ day of October, 2008 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

Leanne McKnight Prendergast

[Leanne McKnight Prendergast is directed to serve a copy of this order on the Interested Parties and file a proof of service.]
00626066