UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: ) Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., *et al.*, ) Chapter 11

       Reorganized Debtors. ) Jointly Administered

## ORDER SUSTAINING DEBTORS' AMENDED OBJECTION TO THE CLAIM OF LINDA SMITH

This case came before the Court for hearing on October 6, 2008 on Debtors' Amended Objection to the Claim of Linda Smith (Claim Nos. 6840 and 7093). Upon the evidence presented at the hearing, the Court finds that:

1. Linda Smith (the "Claimant") filed a proof of claim for "personal injury/property damage," asserting that the claim arose on October 9, 2002.

2. The Claimant completed a Questionnaire for Litigation Claimants (the "Questionnaire"). The Claimant asserted in the Questionnaire that her claim was for a personal injury that occurred on October 9, 2002 at a Winn-Dixie store in Plantation, Florida.

3. Section 95.11(3)(a), Florida Statutes, requires that an action founded on negligence must be brought within four years.

4. Claimant has not filed a complaint in the appropriate non-bankruptcy court based upon her personal injury. Filing a proof of claim and participating in

the Claims Resolution Procedure did not preserve the claim for statute of limitations purposes.[1]

5.  Because the date upon which the claim is based is October 9, 2002, the Claimant was required under Florida law to commence the prosecution of a civil action by October 8, 2006.

6.  Alternatively, under 11 U.S.C.§108(c), the Claimant was required to file a civil action within thirty days after notice of the termination of the automatic stay, which notice was served upon known creditors and published in national and regional newspapers on December 6, 2006. *See Order Sustaining Debtors' Objection to the Claim of Sunday Udoinyion* (Docket No. 21115); *Aff. of Kathleen M. Logan related to the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims* (Docket No. 13200).

7.  Because the claimant did not file a civil action to preserve her claim prior to the expiration of the applicable statute of limitations, including the

---

[1] A claimant has three choices regarding the filing of a complaint against a debtor after commencement of the case: (i) file a motion for relief from the automatic stay, (ii) file a complaint after the termination of the bankruptcy proceedings, if the statute of limitations has not run, or (iii) file a complaint during the thirty day period set forth in Section 108(c). *See Rhodes v. C & G Excavating, Inc.*, 217 B.R. 64, 66 (Bankr. E.D. Penn. 1998), citing *Grotting v. Hudson Shipbuilders, Inc.*, 85 B.R. 568, 569-70 (W.D. Wash. 1988).

extension provided under 11 U.S.C.§108(c), Claimant's cause of action is now time-barred and her claim must be disallowed. Upon the foregoing, it is

ORDERED:

1. The Debtors' Amended Objection to the Claim of Linda Smith (Claim Nos. 6840 and 7093) is sustained.

2. Claim Nos. 6840 and 7093 filed by the Claimant are disallowed.

Dated this ___ day of October, 2008 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:

Leanne McKnight Prendergast

[Leanne McKnight Prendergast is directed to serve a copy of ther order on the Interested Parties and file a proof of service.]
00626274