UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Case No.: 3:05-bk-3817-3F1

WINN DIXIE STORES, INC.

    Debtor(s).

_____/

## ESCAMBIA COUNTY PROPERTY APPRAISER CHRIS JONES' NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEBTOR

TO:   Cynthia Jackson
       Smith Hulsey & Busey
       225 Water Street, Suite 1800
       Jacksonville, FL 32202
       Counsel for Reorganized Debtors

I HEREBY CERTIFY that an original and one copy of Escambia County Property Appraiser's Interrogatories to Debtor, numbered 1 through 7 and a copy of this notice have been furnished by U.S. Mail to the above-named addressee on this 28 day of October, 2008.

                                         MESSER, CAPARELLO & SELF, P.A.

                                         ELLIOTT MESSER
                                         Florida Bar No.: 054461
                                         THOMAS M. FINDLEY
                                         Florida Bar No.: 0797855
                                         Post Office Box 15579
                                         Tallahassee, FL 32317
                                         Telephone: (850) 222-0720
                                         Facsimile: (850) 224-4359
                                         Counsel for Escambia County Property Appraiser

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Case No.: 3:05-bk-3817-3F1

WINN DIXIE STORES, INC.

      Debtor(s).

_____/

## ESCAMBIA COUNTY PROPERTY APPRAISER CHRIS JONES' FIRST SET OF INTERROGATORIES TO DEBTOR

TO:  Cynthia Jackson
      Smith Hulsey & Busey
      225 Water Street, Suite 1800
      Jacksonville, FL 32202
      Counsel for Reorganized Debtors

Pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, the Escambia County Property Appraiser, by and through his undersigned attorneys, propounds the following Interrogatories to the Debtor. These Interrogatories must be answered in writing, signed under oath, and returned to the Property Appraiser's counsel, Thomas Findley at Messer, Caparello & Self, P.A., Post Office Box 15579, Tallahassee, Florida 32317, within thirty (30) days after service.

### INSTRUCTIONS AND DEFINITIONS

    1.    Unless otherwise specified, "Debtor" or "you" or "your" refers to Winn-Dixie Stores, Inc.

    2.    As used in these interrogatories, the terms "identify" or "identity" have the following meanings:

        a.    With regard to natural persons, "identify" means to state the person's name, last known employment, home address, business address, and telephone number;

  b. With regard to entities which are not natural persons, "identify" means to state the name of the entity, type of entity (e.g., corporation, partnership, limited partnership, etc.), state of organization, and principal place of business address;

  c. With regard to documents, "identify" means to specify the type of document (e.g., tax return, lease, contract, memorandum, letter, notes, directive, etc.), the date and number of pages of the document, and to identify all author(s) and recipient(s) of the document and all persons and entities having possession or the right to possession of the original(s) and/or copies.

 3. Unless otherwise specified, "person" means and includes every natural person, corporation, partnership or other entity.

 4. "Date" means the exact day, month, and year, if ascertainable, and if not, the best approximation, including any relationship in time to the occurrence of other events identified in the interrogatory or response thereto.

 5. "Document" as used in these requests as the meaning set forth in the Federal Rules of Civil Procedure, and also includes without limitation, all tangible things, whether handwritten, typed, printed or otherwise visually reproduced, taped, electronic, photographic or graphic matter, however produced or reproduced, originals, copies and drafts, including but not limited to any leases, subleases, applications, contracts, letters, notices, cables, wires, email, memoranda, interoffice of personal communications, telegrams, handbooks, manuals, reports, periodicals, notes (including any made during the review or preparation of work papers), statements, forecasts, summaries or transcripts of any telephone conversation or personal conversation or interview, work papers, diaries (formal or informal), business or personal

calendars, personal files and notes, sketches, charts, assignments, agreements (including any modification or revision thereof), summaries of negotiations, press releases, photographs, motion pictures, computer inputs or outputs, microfilm, work assignments and any other writing including drafts, revisions or translations of any of the foregoing, within the possession or custody or under control of the Debtor or any agent of the Debtor.

6. If you cannot answer any one or any subpart of the Interrogatories in full, after exercising due diligence to secure the information to do so, then explicitly so state.

7. With the answer to each interrogatory, please identify each person who assisted or provided information utilized in the answer, and specify the information each such person provided.

8. In answering each interrogatory, you are to provide all information known or available to you or to your agent(s) or attorney(s). In the event that you assert the application of a legal privilege, please identify the legal basis for such claim of privilege and identify, on a privilege log, the author, addressee, date of the document, and a general description of such document(s).

## INTERROGATORIES

1.  State the name and address of each person providing answers or assistance in answering these interrogatories. State also the person's official position or relationship with the party to whom the interrogatories are directed.

2.  With respect to each Winn-Dixie store for which you are making a challenge to the valuation of tangible personal property in Escambia County, Florida, list each item of tangible personal property that you contend has been improperly assessed. For each year at issue, state the assessed amount for each item, the amount which you contend is the correct fair market value and the rationale for your allegation that the assessment is improper.

3. With respect to each item of real property at issue in this case, state the assessed amount for each item, the amount which you contend is the correct fair market value and the rationale for your allegation that the assessment is improper.

4. Identify any and all documents in your possession, including but not limited to tax returns and depreciation schedules, in which the value of any of the items of tangible personal property or real property at issue in this case are listed or included.

5. Identify any and all appraisals of the items of tangible personal property and real property at issue in this case.

6. List the names, addresses and phone numbers of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

7.      List the names of any and all expert witnesses upon whom you will rely to support your case, regarding the contested assessments. As to each expert, state the name, phone number and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

I HEREBY CERTIFY that the answers to the foregoing Interrogatories are true and correct to the best of my knowledge.

_____

STATE OF FLORIDA
COUNTY OF _____

The foregoing instrument was acknowledged before me this ___ day of _____, 2008, by _____, who is personally known to me or who has produced _____ as identification and who took an oath.

_____
NOTARY PUBLIC
Typed or Printed Name:
My Commission Expires: