UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN DIXIE STORES, INC.

Case No.: 3:05-bk-3817-3F1

Debtor(s).

_____/

**ESCAMBIA COUNTY PROPERTY APPRAISER CHRIS JONES' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEBTOR**

Pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, the Escambia County Property Appraiser, by and through his undersigned attorneys, hereby propounds his Request for Production of Documents to the Debtor, for inspection and/or copying at the offices of Messer, Caparello & Self, P.A., Post Office Box 15579, Tallahassee, Florida 32317, within thirty (30) days of receipt of this request.

**INSTRUCTIONS & DEFINITIONS**

1. Unless otherwise specified, "Debtor" or "you" or "your" refers to Winn-Dixie Stores, Inc.

2. As used in these interrogatories, the terms "identify" or "identity" have the following meanings:

   a. With regard to natural persons, "identify" means to state the person's name, last known employment, home address, business address, and telephone number;

   b. With regard to entities which are not natural persons, "identify" means to state the name of the entity, type of entity (e.g., corporation, partnership, limited partnership, etc.), state of organization, and principal place of business address;

c.     With regard to documents, "identify" means to specify the type of document (e.g., tax return, lease, contract, memorandum, letter, notes, directive, etc.), the date and number of pages of the document, and to identify all author(s) and recipient(s) of the document and all persons and entities having possession or the right to possession of the original(s) and/or copies.

3.     Unless otherwise specified, "person" means and includes every natural person, corporation, partnership or other entity.

4.     "Date" means the exact day, month, and year, if ascertainable, and if not, the best approximation, including any relationship in time to the occurrence of other events identified in the interrogatory or response thereto.

5.     "Document" as used in these requests as the meaning set forth in the Federal Rules of Civil Procedure, and also includes without limitation, all tangible things, whether handwritten, typed, printed or otherwise visually reproduced, taped, electronic, photographic or graphic matter, however produced or reproduced, originals, copies and drafts, including but not limited to any leases, subleases, applications, contracts, letters, notices, cables, wires, email, memoranda, interoffice of personal communications, telegrams, handbooks, manuals, reports, periodicals, notes (including any made during the review or preparation of work papers), statements, forecasts, summaries or transcripts of any telephone conversation or personal conversation or interview, work papers, diaries (formal or informal), business or personal calendars, personal files and notes, sketches, charts, assignments, agreements (including any modification or revision thereof), summaries of negotiations, press releases, photographs, motion pictures, computer inputs or outputs, microfilm, work assignments and any other writing including drafts, revisions or translations of any of the foregoing, within the possession or custody or under control of the Debtor or any agent of the Debtor.

6.  If you cannot answer any one or any subpart of the Interrogatories in full, after exercising due diligence to secure the information to do so, then explicitly so state.

7.  With the answer to each interrogatory, please identify each person who assisted or provided information utilized in the answer, and specify the information each such person provided.

8.  In answering each interrogatory, you are to provide all information known or available to you or to your agent(s) or attorney(s). In the event that you assert the application of a legal privilege, please identify the legal basis for such claim of privilege and identify, on a privilege log, the author, addressee, date of the document, and a general description of such document(s).

## REQUESTS FOR PRODUCTION

Please produce:

1.  Any and all documents or materials identified or referred to in response to the Escambia County Property Appraiser Chris Jones' First Set of Interrogatories, which was submitted contemporaneously herewith.

2.  Any and all documents or materials which the Debtor intends to introduce into evidence at trial.

3.  Any and all documents in your possession, including but not limited to tax returns and depreciation schedules, in which the value of any of the items of tangible personal property at issue in this case are listed or included.

4.  Any and all appraisals of the items of tangible personal property at issue in this case.

5.  Any and all expert reports or other reports from consultants relating to the valuation of the subject property.

3

6. Any and all agreements with experts or consultants regarding the assessments at issue.

It is requested that the above production be made in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. Inspection is to be made by visual observation, examination, and/or copying.

Respectfully submitted,

_____
ELLIOTT MESSER
Florida Bar No.: 054461
THOMAS M. FINDLEY
Florida Bar No.: 0797855
Messer, Caparello & Self, P.A.,
Post Office Box 15579
Tallahassee, FL 32317
Telephone: (850) 222-0720
Facsimile: (850) 224-4359
Counsel for the Property Appraiser Chris Jones

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail to: Cynthia Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202, Counsel for Reorganized Debtors this 28 day of October, 2008.

_____
THOMAS M. FINDLEY

4