UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

_____/

Case No.: 3:05-bk-03817-JAF

Chapter 11

Jointly Administered

# ORDER DENYING VISAGENT CORPORATION'S FIFTH MOTION TO COMPEL

This case came before the Court upon Fifth Motion to Compel filed by Visagent Corporation ("Visagent"). The Court conducted a hearing on the matter on August 28, 2008. Upon a review of the pleadings and the argument of counsel, the Court finds it appropriate to deny the Motion.

On February 21, 2005 the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Visagent filed a claim, which was designated as Claim No. 9953, in July 2005. Visagent claims that Debtors breached an agreement which was entered into between it and the debtors on June 15, 2001. Under the terms of the agreement Debtors were obligated for three years to exclusively utilize the services of Visagent for the procurement and sale of all merchandise it acquired or sold through internet or similar electronic means, including any means utilizing facsimile, from and through the secondary market. The secondary market is comprised of all sources (buyers and sellers) of merchandise other than direct purchases and returns from original product manufacturers. Debtors objected to Visagent's claim, asserting that they did not breach a

duty to Visagent and that Visagent failed to adequately perform under the terms of the agreement.

On July 23, 2006 Visagent served upon Debtors its First Request for Production, Interrogatories, and Requests for Admissions. On August 25, 2006 Debtors served their Response to Visagent's First Request for Production of Documents and their Response to Visagent's First Set of Interrogatories. On May 3, 2007 Visagent filed its First Motion to Compel. The Court conducted a hearing on the matter on June 14, 2007. On June 21, 2007 the Court entered an order on Visagent's First Motion to Compel, which was thereafter amended by a corrected order dated July 30, 2007.

On April 18, 2007 Visagent served upon Debtors its Second Request for Production. On May 29, 2007 Visagent filed a Second Motion to Compel. The Second Motion to Compel alleged that Debtors had failed to produce all the documents sought by Visagent in the Second Request for Production. On November 20, 2007 Visagent filed a Third Motion to Compel. The Third Motion to Compel alleged that Debtors failed to comply with Rule 30 of the Federal Rules of Civil Procedure because their corporate representative, Tom Barr, was not prepared to answer certain questions in his deposition. On December 13, 2007 the Court conducted a hearing on Visagent's Second and Third Motions to Compel. On December 28, 2007 the Court entered an Order on Visagent's Second and Third Motions to Compel. The Court noted therein:

> In regards to its Second Motion to Compel, Visagent
> alleges that Debtors have failed to produce all the
> documents sought in their Second Request for Production.
> (Tr. pg. 8). In response, Debtors' counsel adamantly
> maintains that the Debtors have complied in full. (Tr. 10-
> 11, 16, 34, 42-43). Specifically, Debtors' counsel stated,
> "We've given them all the documents we're aware of in
> Winn-Dixie's possession – and we have conducted a very

2

> thorough search for those documents – and we've represented that to them. I don't know what else we can do." (Tr. 11). The Court accepts Debtors' representation that all documents they are aware of in their possession have been produced. However, the Court reserves the right to impose sanctions against the Debtors if it is discovered that they failed to produce all documents they were *aware* and in *possession* of at the time of the hearing, unless such documents are produced within thirty days of the date of this order. Additionally, if such documents are not produced within the above time frame, Debtors will be precluded from using the documents at trial.

The Order also noted that Debtors agreed to produce a corporate representative for deposition concerning "[a]ll efforts taken by [Debtors] to locate and produce documents responsive to Visagent's requests for production of documents to [Debtors] referenced in Mr. David Gay's correspondence to Mr. Guy Rubin dated October 1, 2007". On February 13, 2008 Visagent deposed Matthew Larsen of Deloitte Financial Advisory Services, a senior manager in the electronic discovery department. Mr. Larsen serves as a consultant to Debtors.

On May 16, 2008 Visagent filed its Fifth Motion to Compel. By the Fifth Motion to Compel, Visagent seeks: 1) an order compelling Debtors to produce documents responsive to Document Requests 4, 6, 7, and 8 of Visagent's Second Request for Production; 2) an order compelling Debtors' corporate representative to answer deposition questions; and 3) an award of attorney's fees and sanctions.

**Document Request 4**

Document Request 4 seek the personnel files of all [of Debtors'] employees assigned to the secondary market department, alternate source department, or any other employee who was assigned to or has knowledge of the relationship or contract between

3

[Debtors] and Visagent. The request sets forth the names of a number of employees. Debtors objected to Request 4: 1) on the basis that it was overly broad and burdensome, 2) on the basis that it would not lead to the discovery of admissible evidence, and 3) to the extent that it sought information that was protected by the named individuals' rights to privacy under the Florida Constitution. Debtors indicated that subject to their objections, they would produce the personnel files of employees "having knowledge of the relationship or contract between [Debtors] and Visagent to the extent such files relate to Visagent and to the extent such documents are in Debtors' possession, custody or control."

At the August 28, 2008 hearing Debtors' counsel indicated that Debtors had reviewed the personnel files at issue and found nothing in the files relating to Visagent. (Tr. at 138.) Accordingly, Debtors did not produce the personnel files. Debtors' counsel also pointed out that during the three depositions, which Visagent conducted of former or current employees of Debtors, counsel for Visagent failed to ask if the terminations of certain employees were related to Visagent. Debtors assert that Visagent's counsel failed to lay a predicate by asking the deponents whether the terminations were related to Visagent. Debtors assert that Visagent has failed to show a need for the personnel files.

The Court in CAC-Ramsay Health Plans, Inc., 641 So.2d 434 (3rd Dist. Ct. App. 1994) dealt with the issue of discovery of employee records. In that case a former employee filed an employment discrimination against his employer alleging that he was wrongfully terminated on the basis of his race. He sought the production of files of all black and hispanic employees and the files of all employees who were fired or disciplined for a certain period. The court noted that "it [was] error for the trial court to order the

wholesale disclosure of personnel files containing confidential information of employees not related to the pending case." Id. at 435. Noting the confidential and sensitive nature of information contained within the files of people " not aware of the intrusion and not connected in any way to the transaction at issue", the court found that the plaintiff had failed to demonstrate that a necessity for the production of the employees' entire files outweighed the employees' interest in protecting the confidential information contained in the files. Id. quoting Federal Deposit Insurance Corp. v. Balkany, 564 So.2d 580, 581 (Fla. 3rd Dist. Ct. App. 1990). The court quashed the order by the trial court, which had compelled the production of the employee records. The court directed the trial court on remand to "fashion a more narrowly tailored discovery order ensuring [the plaintiff] access to the information to which he is entitled while safeguarding the present and former employees' privacy." Id. at 436. The court noted that the parties had agreed to narrower measures such as redaction of sensitive information, a confidentiality order or an in camera inspection. Id. The Court finds that Visagent, like the plaintiff in CAC-Ramsay Health Plans has failed to demonstrate the necessity, without first employing less invasive methods, of obtaining the entire personnel files. The Court directs Debtors and Visagent to agree to narrower measures such as redaction of sensitive information or a confidentiality order as to the information contained in the personnel files. If the parties are unable to reach an agreement as to narrower measures, the Court will conduct an in camera inspection of the personnel files upon request of either of the parties at which point the Court will make a determination as to whether any portions of the files shall be turned over to Visagent.

### Document Requests 6, 7 and 8

With respect to Document requests 6, 7, and 8 counsel for Debtors reiterated at the hearing that Debtors have no documents responsive to those requests other than what they have already produced.[1] Accordingly, the Court will deny that portion of the Fifth Motion to Compel.

### Deposition of Corporate Representative

Visagent objects to the manner in which Debtors are handling the depositions in this matter. Specifically, Visagent contends that during Mr. Larsen's deposition Debtors' counsel asserted inappropriate objections to privilege and asserted speaking objections, which suggest answers. Debtors produced Mr. Larsen as a Rule 30(b)(6) representative. Debtors assert that the idea behind Rule 30(b)(6) that a corporate entity can designate a person to testify on its behalf regarding facts known to the corporation is in tension with the fact that a party seeking discovery cannot ask the representative: 1) how they came to knowledge of those facts or 2) about conversations with counsel or the process through which the entity gathered the facts. Debtors point out that that process of investigation and collection is work product, which is protected by the work product doctrine, codified in paragraph (b)(3)(A) of Rule 26.

While relevant facts, including those communicated to counsel and those "discovered" by corporate counsel during an internal investigation, are discoverable, "the process by which a corporation 'accumulates' its knowledge-namely, an internal

---

[1] Counsel for Winn Dixie stated the following: "In response to Mr. Rubin's argument that he still hasn't received a response from us regarding whether or not we have any additional documents responsive to document requests 6, 7, and 8, I must not have made myself clear. On June 14, 2007 we stood here and told Mr. Rubin we had no additional documents. On December 13, 2007, we stood here and told Mr. Rubin we had no additional documents. And 15 minutes ago, I stood here and said that we have no additional documents responsive to document requests 4, 6, 7, and 8 consistent with our responses other than what we have produced today."

6

investigation-affords certain protections that can preclude the disclosure of confidential communications and documents created by and recollection of counsel as part of that investigation effort." In re Linerboard Antitrust Litigation, 237 F.R.D. 373, 380 (E.D. Pa. 2006). Upon a review of the excerpts of Mr. Larsen's deposition set forth in the Fifth Motion to Compel, the Court concludes that the information sought by Visagent constitutes work product and is precluded. Accordingly, the Court will deny the Fifth Motion to Compel to the extent it seeks to have the Court compel Mr. Larsen to answer certain questions posed during the deposition. Upon the foregoing, it is

**ORDERED:**

1. Visagent's Fifth Motion to Compel is granted in part and denied in part.

2. Debtors and Visagent are directed to agree to narrower measures such as redaction of sensitive information or a confidentiality order as to the information contained in the personnel files. If the parties are unable to reach an agreement as to narrower measures, the Court will conduct an in camera inspection of the personnel files upon request of either of the parties, at which point the Court will make a determination as to whether any portions of the files shall be turned over to Visagent.

3. In all other respects the Motion is denied.

**DATED** November 4, 2008 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

**Copies to:**

Steven Busey, Attorney for Winn Dixie
Guy Rubin, Attorney for Visagent Corporation