UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**ORDER SUSTAINING DEBTORS' AMENDED
OBJECTION TO THE CLAIM OF MARY ECKENROD**

This case came before the Court for hearing on November 13, 2008 on Debtors' Amended Objection to the Claim of Mary Eckenrod (Claim No. 13633). Upon the evidence presented at the hearing, the Court finds that:

1. Mary Eckenrod (the "Claimant") filed a proof of claim for "personal injury/property damage," asserting that the claim arose on June 5, 2004 at a Winn-Dixie store in Florida.

2. Section 95.11(3)(a), Florida Statutes, requires that an action founded on negligence must be brought within four years.

3. Although the Claimant filed an action against debtor Winn-Dixie Stores, Inc., in Duval County, Florida, on or about June 2, 2008, as this Court has already determined in Adversary Proceeding 08-00302, that action was filed in violation of the permanent injunction and is void. It therefore had no effect for statute of limitations purposes.

4. Claimant has not filed a valid civil action in the appropriate non-bankruptcy court based upon her personal injury. Filing a proof of claim and participating in the Claims Resolution Procedure did not preserve the claim for statute of limitations purposes.[1]

5. Because the date upon which the claim is based is June 5, 2004, the Claimant was required under Florida law to commence the prosecution of a valid civil action by June 4, 2008.

6. Alternatively, under 11 U.S.C.§108(c), the Claimant was required to file a valid civil action within thirty days after notice of the termination of the automatic stay, which notice was served upon known creditors and published in national and regional newspapers on December 6, 2006. *See Order Sustaining Debtors' Objection to the Claim of Sunday Udoinyion* (Docket No. 21115); *Aff. of Kathleen M. Logan related to the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims* (Docket No. 13200).

---

[1] A claimant has three choices regarding the filing of a complaint against a debtor after commencement of the case: (i) file a motion for relief from the automatic stay, (ii) file a complaint after the termination of the bankruptcy proceedings, if the statute of limitations has not run, or (iii) file a complaint during the thirty day period set forth in Section 108(c). *See Rhodes v. C & G Excavating, Inc.*, 217 B.R. 64, 66 (Bankr. E.D. Penn. 1998), citing *Grotting v. Hudson Shipbuilders, Inc.*, 85 B.R. 568, 569-70 (W.D. Wash. 1988).

7. Because the claimant did not file a valid civil action to preserve her claim prior to the expiration of the applicable statute of limitations, including the extension provided under 11 U.S.C.§108(c), Claimant's cause of action is now time-barred and her claim must be disallowed. Upon the foregoing, it is

ORDERED:

1. The Debtors' Amended Objection to the Claim of Mary Eckenrod (Claim No. 13633) is sustained.

2. Claim No. 13633 filed by the Claimant is disallowed.

Dated this 13 day of November, 2008 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

Leanne McKnight Prendergast

[Leanne McKnight Prendergast is directed to serve a copy of the order on the Interested Parties and file a proof of service.]
00629225