UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

## ORDER SUSTAINING DEBTORS' AMENDED OBJECTION TO THE CLAIM OF GREGORIO MORALES

This case came before the Court for hearing on November 13, 2008 on Debtors' Amended Objection to the Claim of Gregorio Morales (Claim No. 8953). Upon the evidence presented at the hearing, the Court finds that:

1. Gregorio Morales (the "Claimant") filed a proof of claim for "personal injury/property damage," asserting that the claim arose on August 14, 2004 at a Winn-Dixie store in Louisiana.

2. Article 3492, Louisiana Civil Code, requires that an action founded on delictual actions must be brought within one year.

3. Claimant has not filed a complaint in the appropriate non-bankruptcy court based upon his personal injury. Filing a proof of claim and participating in the Claims Resolution Procedure did not preserve the claim for statute of limitations purposes.[1]

---

[1] A claimant has three choices regarding the filing of a complaint against a debtor after commencement of the case: (i) file a motion for relief from the automatic stay, (ii) file a

4. Because the date upon which the claim is based is August 14, 2004, the Claimant was required under Louisiana law to commence the prosecution of a civil action by August 14, 2005.

5. Alternatively, under 11 U.S.C.§108(c), the Claimant was required to file a civil action within thirty days after notice of the termination of the automatic stay, which notice was served upon known creditors and published in national and regional newspapers on December 6, 2006. *See Order Sustaining Debtors' Objection to the Claim of Sunday Udoinyion* (Docket No. 21115); *Aff. of Kathleen M. Logan related to the Notice of (A) Entry of Order Confirming Plan of Reorganization, (B) Occurrence of Effective Date of Plan, and (C) Bar Dates for Filing Claims Arising Before Effective Date and Other Administrative Claims* (Docket No. 13200).

6. Because the claimant did not file a civil action to preserve his claim prior to the expiration of the applicable statute of limitations, including the extension provided under 11 U.S.C.§108(c), Claimant's cause of action is now time-barred and his claim must be disallowed. Upon the foregoing, it is

---

complaint after the termination of the bankruptcy proceedings, if the statute of limitations has not run, or (iii) file a complaint during the thirty day period set forth in Section 108(c). *See Rhodes v. C & G Excavating, Inc.*, 217 B.R. 64, 66 (Bankr. E.D. Penn. 1998), citing *Grotting v. Hudson Shipbuilders, Inc.*, 85 B.R. 568, 569-70 (W.D. Wash. 1988).

ORDERED:

1. The Debtors' Amended Objection to the Claim of Gregorio Morales (Claim No. 8953) is sustained.

2. Claim No. 8953 filed by the Claimant is disallowed.

Dated this 13 day of November, 2008 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

Leanne McKnight Prendergast

[Leanne McKnight Prendergast is directed to serve a copy of the order on the Interested Parties and file a proof of service.]
00629260