

# UNITED STATES BANKRUPTCY COURT

BEFORE THE HONORABLE JUDGE JERRY A. FUNK
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
300 N. HOGAN STREET.
COURT RM 4D
JACKSONVILLE, FL 32202

**INRE:**

WINN-DIXIE STORES INCORPORATE – ET-AL                    CASE#05-03817-3F1

DEBTORS                                                  CHAPTER 11

                                                         JOINTLY – ADMINISTERED

## NOTICE FOR MOTION APPEAL

I am requesting to the court to reconsider the ruling against me for dismissing my claim and allow me to proceed in Circuit Court in the state of Kentucky. The implication for this is not receiving a **notion for motion hour** from Winn-Dixie attorney Leanne Prendergast and other reasons as follows.

1.  Please look at the factual background of this case of mine (Ernest S. Allen). If I am alive 9/26/2009 I will be 79 years of age and I have a wife Elizabeth C. Allen who is 76 years of age who is in a wheelchair.

2.  My wife and I are both on social security and I have a part – time job as a security guard and things are very hard for my wife and me. I am not an attorney and was forced to be a pro se by all the things that have been done to me by the attorney's involved in this case, including my prior attorney's.

3.  Again I am no lawyer, but when I receive an order from you your Honor I did whatever you told me or ordered me to do. I am very reluctant to do whatever the lawyers have told me and wanted me to do. **Please see attachments for the reasons.**

4.  I (Ernest S. Allen) have spoken of the hard times that my wife and I are having and to elaborate on this was when the case management conference was on 6/12/08 I had to travel to Jacksonville, Florida and lost 3 days of pay and also had to pay someone to watch my wife who is in a wheelchair along with pay hotel, cab and greyhound bus fair. I have glaucoma and cannot drive that distance to come to the case conference. The hardship is very unbearable. I have physical,

mental pain and suffering as well by this illegal conduct by Winn-Dixie Corporation which has resulted in me being incarcerated and verbally, physically attacked which resulting in me having two operations on my back and on my heart. I also had as a biopsy on my neck when I was choked.

5.   I (Ernest S. Allen) have stated to the court everything that was done wrong to me by the entire attorney's. **Please see attachments.**

6.   Honorable Judge Jerry A. Funk I am asking if you would please take a look at the notice of the case management on 6/12/08 at 1:30 pm and on 6/2/08. I had two different dates to appear in Jacksonville, Florida and if I did not appear the debtors was going to have my case dismissed. **Please see attachment of the case management notice.**

7.   Please review the horrific events that all attorneys have done to me. **Please see attachment.**

8.   A Federal discovery of an investigation by the U.S Attorney office for the Southern District of Florida says claims arriving after reorganization will be handled as normal court business. With that statement being said it put me on alert that something was not right. **Please see attachment.**

9.   Honorable Jerry A. Funk as have been stating since the beginning the hard times my wife and I are having. I did not travel all the way to Jacksonville, Florida as you ordered if I did not want my case to proceed as well as paid the monies for the relief from stay. I have proceeding with all things that was ordered from you to me Honorable Judge. Everything you ask me to do I have done sir.

10. I (Ernest S. Allen) would like for everyone to know I did not abandon my motion for relief from the automatic stay.

11. I (Ernest S. Allen) made a mistake concerning the plan for the dates of the reorganized which I thought were in 2005 and it was in 2006. I apologized to the courts and as soon as I received notice of the discharge, my response was to sign the agreed order which I did and gave my consent. I apologize for my mistake.

12. Winn-Dixie lawyers in Louisville, Ky have made mistakes and have made no apologies to the courts or myself as the plaintiff.

13. Attorney Leanne Prendergast made a mistake on the case management conference and did not apologize to the courts or to me (Ernest S. Allen). **Please see attachment.**

14. Honorable Jerry A. Funk I requested more time to get a better understanding about the reorganized and bankruptcy terminology. **Please see attachment.**

15. I (Ernest S. Allen) cannot reiterate that I am not an attorney and have been a pro se now for 4 years and made one mistake and asking for the court and your forgiveness Honorable Judge Jerry A. Funk. This was a honest mistake due to that I asked for more time because **I received a agreed order from attorney Leanne Prendergast and not a motion hour from attorney Prendergast.** This is why I ( Ernest S. Allen) asked for more time to be confirmed. **Please see attachments for <u>motion hours</u>.** Once you have seen the attachment from what I have received from attorney Prendergast about the case management conference there is no doubt that you Honorable Judge Jerry A. Funk will see the integrity and honesty of attorney Leanne Prendergast has been communicating with me as well as the other attorneys involved in this case. **Please see the attachments of the background of the attorneys.**

*Respectfully Submitted*

*Ernest S Allen*

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been furnished to Honorable Judge Barry Willet Jefferson Circuit Court Judge, Division One, 700 W. Jefferson Street, Louisville, Ky 40211. Hand delivered by Ernest S. Allen.

I certify that a copy of this document has been mailed to United States Trustee-135 W Central Boulevard, Rm 620, Orlando, Florida 32801. Attorney Stephen Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202. Winn-Dixie Store Inc 5050 Edgewood Court, Jacksonville, Florida 32254-3699. Ken Black (General Liability Supervisor, Sedgwick Claims Management Incorporated) 8649 Daypine Rd, Building 7, STE 300, Jacksonville, Florida 32256-7536. Attorney Richard G. Segal of 500 W. Jefferson Street, Suite 2100, Louisville Ky 40202. Attorney R. Hite Nelly, 471 W. Main Street, Suite 400, Louisville Ky 40202.

# UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
BEFORE THE HONORABLE JUDGE JERRY A. FUNK
300 N. HOGAN STREET.
COURT RM 4D
JACKSONVILLE, FL 32202

**INRE:**

CASE NO-3.. 05-BK-3817-JAF
CHAPTER 11

WINN-DIXIE STORES INCORPORATE, INC

<u>DEBTORS</u>

## <u>MOTION FOR REALEASE FROM STAY</u>

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this document has been furnished to Honorable Judge Barry Willet Jefferson Circuit Court Judge, Division One, 700 W. Jefferson Street, Louisville, Ky 40211 and Attorney Richard G. Segal of 500 W. Jefferson Street, Suite 2100, Louisville Ky 40202. Attorney R. Hite Nelly, 471 W. Main Street, Suite 400, Louisville Ky 40202. Hand delivered by Ernest S. Allen.

I certify that a copy of this document has been mailed to State Trustee-135 W Central Boulevard, Rm 620, Orlando, Florida 32801. Attorney Stephen Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202. Winn-Dixie Store Inc 5050 Edgewood Court, Jacksonville, Florida 32254-3699. Ken Black (General Liability Supervisor, Sedgwick Claims Management Incorporated) 8649 Daypine Rd, Building 7, STE 300, Jacksonville, Florida 32256-7536.

[31614] [Order Abating Motion for Relief From Stay 11]

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

Case No. 3:05-bk-03817-JAF
Chapter 11

Winn-Dixie Stores, Inc

_____    Debtor(s)    _____  /

## ORDER ABATING MOTION FOR RELIEF FROM STAY

Upon consideration of the Motion for Relief from Stay filed by Ernest S. Allen on August 7, 2008 , the Court finds:

1. The Movant has failed to pay the filing fee as required by 28 U.S.C. §1930(b).

2. The subject motion is a contested matter governed by Federal Rule of Bankruptcy Procedure 9014. Movant has failed to serve the motion in the manner provided by Federal Rules of Bankruptcy Procedure 4001 and 7004 as required by Federal Rule of Bankruptcy Procedure 9014.

The Court abates the hearing of this motion until the filing fee has been paid as required by 28 U.S.C. §1930(b) and service has been made in accordance with Federal Rules of Bankruptcy Procedure 4001 and 7004. The stay of 11 U.S.C. §362 will continue until further Order of the Court.

Dated August 7, 2008 .

Jerry A. Funk
United States Bankruptcy Judge

Copies furnished to:
Debtor(s)
Debtor(s)' Attorney
Trustee
Creditor

052200



Keep this receipt as a record of your purchase.

FOR YOUR PROTECTION SAVE THIS COPY
**CASHIER'S CHECK**

**Customer Copy**

**9012700133**

08/18/2008

Kentucky

**Remitter  ERNEST S. ALLEN**

$  ************150.00   ***

**Pay To The
Order Of**      UNITED STATES BANKRUPTCY COURT
JACKSONVILLE DIVISION RELIEF FROM STAY

Drawer:  **JPMORGAN CHASE BANK, N.A.**

**NON NEGOTIABLE**
--------------------------------------------------------------

**TERMS**
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

## AGREED ORDER APPROVING STIPULATION WITH ERNEST ALLEN TO MODIFY PERMANENT INJUNCTION

This cause is before the Court upon the motion of Winn-Dixie Stores, Inc. and its reorganized debtor affiliates (collectively, the "Debtors") for an order approving the Debtors' stipulation with Ernest Allen for modification of the permanent injunction. Based upon the consent of the parties appearing below, it is

ORDERED:

1.    The permanent injunction imposed by 11 U.S.C. §524 is modified for the sole purpose of allowing Ernest Allen to prosecute through final judgment his civil action pending in the Jefferson Circuit Court, Division One, in Kentucky (the "State Court"), Case No. 02-CI-08551 against Debtor Winn-Dixie Charlotte, Inc. to liquidate Claim Number 12768 filed by Ernest Allen. Mr. Allen shall not enforce or execute on any judgment obtained as a result of such litigation against the Debtors or their property. Any such judgment shall be subject to the Debtors' confirmed plan of reorganization.

2.    Except as modified herein, the permanent injunction imposed pursuant to 11 U.S.C. §524 shall remain in full force and effect.

3.    Mr. Allen shall notify the State Court that Mr. Allen's action is subject to the permanent injunction of 11 U.S.C. §524 as provided herein.

4.    This Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of September 2008, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


[Leanne McKnight Prendergast is directed to serve a copy of this order on any party in interest who has not received the order through the CM/ECF system and to file a proof of service.]

## **Consent**

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By_____*s/ Leanne McKnight Prendergast*_____
     Stephen D. Busey
     James H. Post
     Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Counsel for the Reorganized Debtors

622493

By _Ernest S. Allen_____
     Ernest S. Allen

4515 Stonybrook
Louisville, Kentucky  40299

3

## MEMORANDUM

ERNEST S. ALLEN PLAINTIFF
4515 STONYBROOK DR, LOUISVILLE, KY 40299

02-CI-08551

JEFFERSON CIRCUIT COURT
DIVISION ONE

ERNEST S. ALLEN

PLAINTIFF

V.

WINN-DIXIE, INC
MOORE SECURITY, INC
MOORE SECURITY LLC; AND
TALMAY ANDERSON

DEFENDANTS

Enclosed is a copy of correspondence sent to me from law firm Smith, Hulsey & Busey and attorney Leanne McKnight Prendergast.  This order has not been signed by a judge nor will I sing this agree order for the following reasons:

1. Defendant Winn-Dixie, Inc and attorneys ignore what qualifies as bankruptcy terminology.
2. I (Ernest S. Allen) claim is in class 16 which cannot be eliminated in bankruptcy court, even though the attorney's want to keep me in bankruptcy.
3. On May 12, 2008 attorney Leanne McKnight Predergast sent me (Ernest S. Allen) a court order with two different dates but for the same day back in May 2008 and told me that don't need to come to Florida for the case management conference. Attorney Leanne Prendergast she stated that there would be a courtroom full of people and it would be better if I came another time and work out everything.  I want a Civil Rights law firm to look at this before I sign this agree order.

I Ernest S. Allen want a good understanding and I don't have one at this time.

RESPECTFULLY SUBMITTED
ERNEST S. ALLEN

*Ernest S Allen*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing proceeding have been hand delivered by Ernest S. Allen to Attorney Richard G. Segal of 500 W. Jefferson Street, Louisville Ky 40202, Attorney R. Hite Nally 471 Main Street Suite 400, Louisville Ky 40202.

I certify that a copy of this document has been mailed to the Honorable Judge Jerry A. Funk 300 N. Hogan Street, Court Room 4D Jacksonville, Florida 32202, Trustee-13 5 W. Cenal Boulevard RM 620 Orlando, Florida 32801, Attorney Stephen Busey 225 Water Street, Suite 1800 Jacksonville, Florida 32202, Winn-Dixie Store Inc 5050 Edgewood Court, Jacksonville, Florida 32254-3669, Ken Black (General Liability Supervisor) Sedgwick Claims Management Incorporated 8649 Dapin Rd. Building 7. Ste 300 Jacksonville, Florida 32256-7536

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**HONORABLE JUDGE JERRY A FUNK**
**300 N. HOGAN STREET**
**COURT ROOM 4D**
**JACKSONVILLE, FLORIDA 32202**

**IN RE:**                                                        CASE NO-05-03817-3F1
                                                                        CHAPTER 11
WINN-DIXIE STORES INC – ET.AL                   JOINTLY ADMINISTERED

REORGANIZED DEBTORS

I, Ernest S. Allen did not abandon my motion for release from the automatic stay.  I mailed the Honorable Court a memorandum asking for a better and clear understanding of the consent.  I thought the plan was organized in November 2005 not November 2006 and I apologize for my mistake to the court.  I, Ernest S. Allen is asking the Honorable Court to allow me to sign the agreed order to give my consent, next to Attorney Leanne McKnight Prendergast.

RESPECTFULLY SUBMITTED

*Ernest S. Allen*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing proceeding have been hand delivered by Ernest S. Allen to Attorney Richard G. Segal of 500 W. Jefferson Street, Louisville Ky 40202, Attorney R. Hite Nally 471 Main Street Suite 400, Louisville Ky 40202.

I certify that a copy of this document has been mailed to the United States Trustee-13 5 W. Central Boulevard RM 620 Orlando, Florida 32801, Attorney Stephen Busey 225 Water Street, Suite 1800 Jacksonville, Florida 32202, Winn-Dixie Store Inc 5050 Edgewood Court, Jacksonville, Florida 32254-3669, Ken Black (General Liability Supervisor) Sedgwick Claims Management Incorporated 8649 Dapin Rd. Building 7. Ste 300 Jacksonville, Florida 32256-7536

*1 888 984 3440*

*Miss Kelley 6716*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re                                          )

WINN-DIXIE STORES, INC., et al.,               )        Case No. 05-03817-3F1
                                                        Chapter 11
              Debtors.                         )        Jointly Administered

## NOTICE OF CASE MANAGEMENT CONFERENCE

Please take notice that a case management conference on Debtors' Omnibus Objection to Unresolved Litigation Claims as it relates to the Claim filed by Ernest Allen (Claim No. 12768) (Docket No. 8702) (the "Objection") scheduled for **June 12, 2008 at 1:30 p.m. (prevailing Eastern Time),** before the Honorable Jerry A. Funk, United States Bankruptcy Judge for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida 32202, to consider (i) the scheduling of the Objection for hearing and (ii) such other matters as may be appropriate for the expeditious resolution of the matter.

**PLEASE TAKE NOTICE THAT, IF YOU (THE CLAIMANT) FAIL TO APPEAR IN PERSON AT THE CASE MANAGEMENT CONFERENCE ON JUNE 2, 2008, THE DEBTORS WILL SEEK THE DISALLOWANCE OF YOUR CLAIM DUE TO YOUR FAILURE TO PARTICIPATE IN THE CLAIMS RESOLUTION PROCEDURE.**

You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

You are further reminded that pursuant to Local Rule 5073-1, cellular telephones

are prohibited in the Courthouse as are computers, absent a specific order by the Court authorizing the use of a computer.  Please take notice that as an additional security measure, a photo ID is required for entry into the Courthouse.

Dated:  May 12, 2008

SMITH HULSEY & BUSEY

By  *s/ Leanne McKnight Prendergast*
     Stephen D. Busey
     James H. Post
     Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Counsel for Reorganized Debtors

## Certificate of Service

I certify that a copy of this document has been furnished electronically and/or by mail to Ernest Allen, 4515 Stony Brook Drive, Louisville, Kentucky 40299 and the United States Trustee, 135 West Central Boulevard, Room 620, Orlando, Florida 32801, this 12th day of May, 2008.



s/ Leanne McKnight Prendergast
Attorney

00609212

**plan** A debtor's detailed description of how the debtor proposes to pay creditors' claims over a fixed period of time.

**plaintiff** A person or business that files a formal complaint with the court.

**postpetition transfer** A transfer of the debtor's property made after the commencement of the case.

**prebankruptcy planning** The arrangement (or rearrangement) of a debtor's property to allow the debtor to take maximum advantage of exemptions. (Prebankruptcy planning typically includes converting nonexempt assets into exempt assets.)

**preference or preferential debt payment** A debt payment made to a creditor in the 90-day period before a debtor files bankruptcy (or within one year if the creditor was an insider) that gives the creditor more than the creditor would receive in the debtor's chapter 7 case.

**presumption of abuse** *see* **means test**

**priority** The Bankruptcy Code's statutory ranking of unsecured claims that determines the order in which unsecured claims will be paid if there is not enough money to pay all unsecured claims in full. For example, under the Bankruptcy Code's priority scheme, money owed to the case trustee or for prepetition alimony and/or child support must be paid in full before any general unsecured debt (*i.e.* trade debt or credit card debt) is paid.

**priority claim** An unsecured claim that is entitled to be paid ahead of other unsecured claims that are not entitled to priority status. Priority refers to the order in which these unsecured claims are to be paid.

**proof of claim** A written statement and verifying documentation filed by a creditor that describes the reason the debtor owes the creditor money. (There is an official form for this purpose.)

**property of the estate** All legal or equitable interests of the debtor in property as of the commencement of the case.

**reaffirmation agreement** An agreement by a chapter 7 debtor to continue paying a dischargeable debt (such as an auto loan) after the bankruptcy, usually for the purpose of keeping collateral (*i.e.* the car) that would otherwise be subject to repossession.

**secured creditor** A creditor holding a claim against the debtor who has the right to take and hold or sell certain property of the debtor in satisfaction of some or all of the claim.

**secured debt** Debt backed by a mortgage, pledge of collateral, or other lien; debt for which the creditor has the right to pursue specific pledged property upon default. Examples include home mortgages, auto loans and tax liens.

**schedules** Detailed lists filed by the debtor along with (or shortly after filing) the petition showing the debtor's assets, liabilities, and other financial information. (There are official forms a debtor must use.)

**small business case** A special type of chapter 11 case in which there is no creditors' committee (or the creditors' committee is deemed inactive by the court) and in which the debtor is subject to more oversight by the U.S. trustee than other chapter 11 debtors. The Bankruptcy Code

is
investigating possible violations of federal criminal law arising out of
activities related to illegal importation, possession, transportation and sale
of undersized lobster in and within the United States and the State of Florida,
and that the Company is a target of the investigation. On April 27, 2006, the
U.S. Attorney for the Southern District of Florida filed a single Misdemeanor
Count Information charging that Winn-Dixie had violated 16 U.S.C. §3372(a)(2)(A)
and 3373(d)(2), for allegedly selling undersized lobster. The maximum penalty
for the offense charged is $200,000. The Company is fully cooperating and
believes that a resolution will be reached in the near future.


In addition, various claims and lawsuits arising in the normal course of
business are pending against the Company, including claims alleging violations
of certain employment or civil rights laws, claims relating to both regulated
and non-regulated aspects of the business and claims arising under federal,
state or local environmental regulations. The Company denies the allegations of
the various complaints and is vigorously defending the actions. As a result of
the Company's Chapter 11 filing, with certain exceptions or unless otherwise
ordered by the Court, the automatic stay prevents parties from pursuing any
pre-Petition Date claims and lawsuits, and all liabilities alleged against the
Debtors in such claims and lawsuits will be treated in the Company's Chapter 11
case either pursuant to a confirmed plan of reorganization or as otherwise
ordered by the Court. Claims and lawsuits based upon liabilities arising after
the Petition Date generally are not subject to the automatic stay and will be
handled by the Company in the ordinary course of business.

© 1995-2008 EDGAR Online, Inc. All rights reserved • NASDAQ: EDGR • Solutions for Corporations • Terms of Use •
Privacy Statement

# FACTUAL BACKGROUND

**12/26/01** – Criminal summons against Defendant Talmay Anderson who was the security guard and the only witness at my trial.  Anderson falsified a police report and injured me and perjured himself on the witness stand and Kasdan new this.  Kasdan never seen the summons executed.  Kasdan never completed the expunged that he was paid for, He allowed the Defendant attorney to go into my expunge records and tamper with them.  There is numerous other evidence that he suppressed.  Kasdan never took Dr. Perez deposition.

**12/05** – Kasdan tried to get me to sign a contract for $20,000.00 in case I didn't get enough money from the lawsuit.

**2/24/05** – Winn Dixie attorney gave him a chapter 11 bankruptcy that they had filed.  I saw Martin Kasdan 3/5/05 and twice in the month of 4/05 and three times in 5/05 and two times in 6/05, then on 6/17/05 he withdrew from my case.

# Honorable Judge Barry L. Willet

Dear Honorable Judge Barry L. Willet

There has been no iota of defense from the defendant.  All accusations are wrong and I suffered injuries such as a biopsy on my neck and a bypass surgery on my heart and 2 operations on my back and another one schedule.  I have in my possession all Drs Examinations and tests.

     As you are aware of I was accused of stealing a roast and tried me in District Court for stealing 2 steaks.  On 12/26/01 I took out a criminal summons on the one witness who is suppose to be the security guard for Moore security never showed and is alluding the police and the sheriff department.  The events of discovery results in a class D felony have been committed against me for tampering with my expunged records which I'm sending you.  All the things that have been done to me I'm going to make a motion for a summary judgment on 2/26/07, due to all of the chaotic accusation.  I also filed a complaint of Civil Rights for the class D felony.

Respectfully yours,

*Ernest F Allen*

<u>MEMORANDUM</u>
FROM
MARTIN Z. KASDAN, JR.
ATTORNEY AT LAW
STARKS BUILDING, SUITE 995
455 S. FOURTH AVE.
LOUISVILLE, KY 40202
(502) 583-6906
E-MAIL: MZK_ATTY@YAHOO.COM

TO:     Clerk, Jefferson Circuit Court, Division One
DATE:   06/03/03
RE:     Allen v. Winn-Dixie, et al.
        Case No. 02-CI-08551

    Enclosed is a Notice-Motion-Agreed Order regarding access to
the expunged records of my client, Plaintiff Ernest Allen, to the
attorneys for all Defendants.  The other attorneys have agreed with
me to submit this to Judge Willett for his consideration, rather
than setting it for Motion Hour.  Should the Judge desire to set a
hearing for any reason, please feel free to contact us.  Thank you
for your courtesy and consideration.


cc: Mr. Ernest Allen *did, NOT, KNOW THIS UNTILL HE WITHDRAW*
    Hon. Steven Bryant and Hon. Dudley Shanks
    Hon. R. Hite Nally

# Marlin A. Jones
### Attorney at Law
### 1807 ONE RIVERFRONT PLAZA · 401 WEST MAIN STREET · LOUISVILLE
### KENTUCKY 40202

Phone: (502) 584-8500   Facsimile: (502) 584-1119
Email: marlinjones@lycos.com

October 4, 2005

Ernest Allen
4515 Stony Brook Drive
Louisville Ky 40299

RE: Ernest Allen v. Winn Dixie

Mr. Allen,

Enclosed please find the video tape of your deposition that you requested in our discussion of October 3, 2005. Also, I wish to recap that Defendant Winn- Dixie filed for bankruptcy pursuant to Chapter 11 of the bankruptcy code on February 21, 2005. Subsequent to that, Jefferson Circuit Court Judge Barry Willet entered an automatic stay of the case until such time as the bankruptcy was resolved. Pursuant to the stay order, I took no action on your case. On October 3, 2005, the parties had a status conference before Judge Willett, and the Court scheduled another pre-trial conference for 90 days out. I did not attend the status conference. As of October 3, 2005, you ended my representation, and requested your file, which I then tendered to you.

Though you have terminated my representation, I thought it prudent to inform you that you must have a claim before the bankruptcy court in order receive any compensation if Winn Dixie's situation does not change. I have enclosed two completed Proof of Claim Forms with an attached Circuit Court Complaint. You must sign and date the forms, attach the Complaint, and send the documents to the Bankruptcy Court in New York. I have provided an addressed envelope. Please stamp and include the self addressed envelope if you wish to receive return confirmation of your claim.

Yours truly,

Marlin Jones

NO.   02CI-8551

JEFFERSON CIRCUIT COURT<br>DIVISION ONE

ERNEST S. ALLEN

PLAINTIFF

v.

# **ORDER**

WINN-DIXIE CHARLOTTE, INC.                    DEFENDANTS
MOORE SECURITY, INC.
MOORE SECURITY, LLC
TALMAY ANDERSON

* * * *

This case came before the Court on the October 3, 2005 for a status conference.  plaintiff Ernest S. Allen was present pro se.  Present for defendant Winn-Dixie Charlotte, Inc. was attorney R. Hite Nally.  Present for defendants Moore Security, Inc., Moore Security, LLC and Talmay Anderson were attorneys C. A. Dudley Shanks and Anderson Woodford.  This proceeding was reported by videotape no. 30-01-05-VCR-073-A-1.

Pursuant to the automatic stay under 11 U.S.C. §362, this case remains on inactive status due to the pending bankruptcy of Winn-Dixie Charlotte, Inc.

A status conference is scheduled for January 19, 2006 at 9:30 a.m. (30 minutes) to ascertain the status of the bankruptcy stay at that time.

ENTERED IN COURT

OCT 1 0 2005

TONY MILLER, CLERK
By_____

_____
BARRY WILLETT
JEFFERSON CIRCUIT COURT JUDGE

c:     Mr. Ernest Allen, 4515 Stoneybrook Drive, Louisville, Kentucky  40299
       R. Hite Nally, Esq.
       C. A. Dudley Shanks, Esq./Anderson Woodford, Esq.

02-CI-08551

JEFFERSON CIRCUIT COURT
DIVISION ONE
HONORABLE JUDGE BARRY WILLETT

ERNEST S. ALLEN

PLAINTIFF

V.

NOTICE FOR HOUR
MOTION

WINN-DIXIE, INC
MOORE SECURITY, INC
MOORE SECURITY LLC; AND
TALMAY ANDERSON

DEFENDANTS

The parties will take notice that Plaintiff Ernest S. Allen will appear at the Jefferson
Circuit Court on Monday, October 6, 2008 at 8:45 am.  This is to allow Ernest S. Allen to
put additional evidence in his file for the following reasons:

1) I have proof that the defendant's attorneys have trial tapes that my ex-lawyer copied
for them

2) I have exhibits that will prove security guard Talmay Anderson did not follow the code
of ethics developed by the private security task force of the U.S Department of Justice.
The U.S Department of Justice is the rules of Winn Dixie Inc and Moore Security Inc.

Your Honorable Judge Willett all of this evidence are on the trial tapes the defendant's
attorney's have.  This information should have been put into my file to be used at my trial
but instead my ex-attorney gave to them.  Talmay Anderson owns up to every charge in
my verified complaint.  I have another set of trial tapes in federal court and the court let
them make copies for me.  I Ernest S. Allen would like to hand deliver the tapes to the
Honorable Judge Barry Willett due to once you hear the tapes I believe this case will
come to an end.

Respectfully Submitted
Ernest S. Allen

CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion was served by Ernest S Allen by hand on this
day October 6, 2008 to Attorney Richard G. Segal located at 500 West Jefferson St,
Louisville, Kentucky 40202 and Attorney R. Hite Nally at 471 West Main St, Louisville,
Kentucky 40202.

NO.    02CI-8551                                    JEFFERSON CIRCUIT COURT
                                                              DIVISION ONE


ERNEST S. ALLEN                                                        PLAINTIFF

v.                              **NOTICE**

                                                                      DEFENDANTS

WINN-DIXIE CHARLOTTE, INC                          R. HITE NALLY, ESQ.
MOORE SECURITY, INC.                    C. A. DUDLEY SHANKS, ESQ.
MORRE SECURITY, LLC
TALMAY ANDERSON

## MOTION

**I want to request the following evidence to be submitted to the trial jury.**

1. Information purposes of discoveries I found on my own concerning Winn-Dixie
   Stores Second Quarter 2008 Earnings.

2. Information on how Winn-Dixie emerges from chapter 11.

3. Information on how Winn-Dixie is out of bankruptcy, but not court.


Pro se Plaintiff: Mr Ernest Allen

*Ernest S Alley 5-7-08*

NO. 02-CI-08551

JEFFERSON CIRCUIT COURT
DIVISION ONE (1)
JUDGE BARRY L. WILLETT

ERNEST S. ALLEN

PLAINTIFF

vs.

**RESPONSE OF DEFENDANTS, MOORE SECURITY, INC., MOORE
SECURITY, LLC AND TALMAY ANDERSON' TO PLAINTIFF'S
MOTION FOR TRIAL BY JURY OR SUMMARY JUDGMENT**

WINN DIXIE CHARLOTTE, INC.;
MOORE SECURITY, INC.;
MOORE SECURITY, LLC;
and
TALMAY ANDERSON

DEFENDANTS

\*\*\*\*    \*\*\*\*    \*\*\*\*

Comes the Defendants, Moore Security, Inc., Moore Security, LLC and Talmay Anderson, by counsel, and in response to the Plaintiff's Motion for Trial by Jury or Summary Judgment, states as follows:

1.    This case has not been noticed for Motion Hour.

2.    Plaintiff's Motion is premature as the current litigation in this Honorable Court is stayed by the Bankruptcy of the Defendant, Winn-Dixie Stores, Inc., d/b/a Winn-Dixie Charlotte, Inc. To the best of this attorney's information and belief, the Bankruptcy stay has not been lifted. Therefore, this Court does not have jurisdiction or authority to schedule this matter for trial or make any ruling whatsoever and, in fact, the filing of the motion by the Plaintiff is in violation of the Bankruptcy Stay Order.