**UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

Case No.: 3-05-bk-3817 (JAF)

Chapter 11

Jointly Administered

**CREDITOR ROBBIE MCMILLAN'S (CLAIM NO. 12581) RESPONSE IN OPPOSITION TO DEBTORS' AMENDED OBJECTION TO CLAIM**

ROBBIE MCMILLAN (Claim No. 12581) by and through the undersigned counsel, hereby files this Response In Opposition to Debtors' Amended Objection to the Claim of Robbie McMillan, and hereby states:

1. On July 3, 2004, Ms. McMillan was a guest and patron at the Winn-Dixie store on Belle Chase Highway in the Parish of Jefferson, State of Louisiana. Upon information and belief, that is Winn-Dixie Store No. #1405. While shopping inside the store and walking near a freezer that had leaked water, she slipped on the water, fell violently to the floor and thus sustained substantial injuries. One or more of the debtors had a duty to maintain the store free of hazards such as the one that caused Ms. McMillan's injuries. As a result of her injuries, Ms. McMillan has suffered, inter alia, extensive pain, loss of use of her arm, and related damages.

2. On February 21, 2005, Winn-Dixie Stores, Inc. and related debtors including Winn-Dixie Montgomery, Inc. filed petitions for relief under Chapter 11 of Title 11.

3. On November 25, 2005, Ms. McMillan filed a timely proof of claim for

$200,000.00 against Winn-Dixie Montgomery, Inc. (Claim No. 12581).

4. On November 30, 2005, Ms. McMillan filed a timely proof of claim for $200,000.00 against Winn-Dixie Stores, Inc. (Claim No. 12733). Claims No. 12581 and No. 12733 are hereinafter at times referred to as "Ms. McMillan's Claims", and the first page of each is attached hereto as Exhibit A.

5. On or about June 22, 2006 the Debtors' filed their Omnibus Objection which, inter alia, seeks to expunge Ms. McMillan's Claims.

6. On or about August 6, 2006, Ms. McMillan filed a Response to the Omnibus Objection.

7. Counsel for the Debtors agreed to not seek expungement of Ms. McMillan's claims, and the parties agreed to try to reach a consensual resolution of her claims.

8. Since August 6, 2006, Sedgwick Claims Service and/or counsel for the Debtors, on the one hand, and the undersigned counsel for Ms. McMillan, on the other hand, have continually been in discussions aimed at resolving the claims. As a direct result of those settlement discussions, the parties settled the claims on August 12, 2008. The settlement was reached between Stephanie Knight, a Sedgwick claims adjuster, and Elizabeth Bowen, an employee of the undersigned counsel.

9. Following the acceptance of the settlement offer, Stephanie Knight, the Sedgwick Claims Adjuster forwarded the necessary documents and indicated that the stock representing the payment of the settlement would be issued on October 1, 2008, at the close of the third quarter.

10. On September 16, 2008, Ms. Knight sent a letter confirming the settlement agreement.  A copy of the correspondence is attached as Exhibit B.

11. As such, the parties reached a valid and binding agreement regarding the

settlement of Ms. McMillan's claims, and the Amended Objection should not be sustained.

## MEMORANDUM OF LAW

It is clear that the settlement of Ms. McMillan's claims was made, confirmed and reconfirmed by the Debtors prior to the filing of the Amended Objection. It is well established that once a settlement has been agreed upon by the parties, one party may not unilaterally repudiate the agreement because of an alleged mistake. *Musselman v. Stanonik*, 388 B.R. 386, 394   (Bankr. M.D. Fla. 2008) (holding that parties to a settlement agreement are entitled to some certainty that settlement agreement they enter into is valid and enforceable if the bankruptcy court approves it and to hold otherwise would be contrary to the principles of contract formation); *Reed ex rel. Reed v. United States*, 891 F.2d 878, 879 (11th Cir. 1990) (one party may not unilaterally repudiate a settlement agreement before the court has a chance to approve it or before it is submitted for court approval); *Kaufman v. Herrman*, 748 So.2d 310, 312 (Fla. 4th DCA 1999) (the settlement agreement … had resolved the dispute and all that remained was the court's blessing). As the court noted in *Musselman v. Stanonik*, 388 B.R. 386, 395 (Bankr. M.D. Fla. 2008), if a party could unilaterally withdraw from a settlement agreement, it would create an effective stay in the proceedings, with the settlement being repudiated on the eve of court approval.  This is exactly what has occurred in this case, and Debtor's Amended Objection should be denied.

WHEREFORE, counsel for Robbie McMillan respectfully requests that this Court overrule Debtor's Amended Objection.

Dated: December 8, 2008

        **WILCOX LAW FIRM**

/s/ *Robert Wilcox*
Robert D. Wilcox, Esquire
Florida Bar No. 755168
Enterprise Park
4190 Belfort Road, Suite 315
Jacksonville, Florida  32216
Telephone:  904-281-0700
Facsimile:   904-513-9201
Email:rwilcox@wilcoxlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2008 I caused a copy of the foregoing Response to Amended Objection to be served on the Debtor by  James H. Post, Esq.,  Debtor's Counsel,  John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors,  Elena L. Escamilla,  Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically.

/s/ *Robert Wilcox*
Robert D. Wilcox

# EXHIBIT A

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc, et al., Case No 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM<br>FOR SPECIAL BAR DATE: November 30, 2005 at 5:00 p.m. Eastern Time | APPLICABLE ONLY TO CERTAIN SUBSEQUENTLY IDENTIFIED POTENTIAL CLAIMANTS<br>DEBTOR WINN - DIXIE STORES, INC<br>U S BANKRUPTCY COURT M D -FLORIDA JOINTLY ADMINISTERED UNDER CASE 05-03817 (3F1) CHAPTER 11<br>**CLAIM NO.: 12581** |

Name of Debtor Against Which You Assert Your Claim:

Debtor Name Winn-Dixie Montgomery Inc    Case No 05-03837 3F1
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):
Creditor ID WDX-416818-BE-L1
MCMILLAN, ROBBIE
C/O RONALD TANET
ATTN RONALD TANET, ESQUIRE
1615 POYDRAS STE 850
NEW ORLEANS LA 70112

Telephone No of Creditor: 504-524-1431
Fax No of Creditor: 504 522-1729

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above ☐ additional address

Name _____
Company/Firm _____
Address _____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach a copy of statement giving particulars
☑ Check box if you have never received any notices in this case

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim

Account or Other Number by Which C_____
SCMS CLAIM #

Check here if this claim
☐ replaces ☐ amends    a previously filed claim, dated _____

1. Basis for Claim
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☑ Personal injury/property damage
☐ Other _____

☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____

☐ Retiree benefits as defined in 11 U S C § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN _____
Unpaid compensation for services performed from _____ to _____
(date)    (date)

2. Date debt was incurred    7/3/04

3. If claim is based on a Court Judgment, date obtained: _____

4 Total Amount of Claim at Time Case Filed.    $200,000 (unsecured)    $_____ (secured)    $_____ (priority)    $_____ (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff)

Brief description of Collateral
☐ Real Estate    ☐ Motor Vehicle    ☐ Other _____

Value of Collateral $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any $_____

6. Unsecured Nonpriority Claim $_____
☐ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507 (a) (3)
☐ Contributions to an employee benefit plan – 11 U S C § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507 (a) (7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507 (a) (8)
☐ Other – Specify applicable paragraph of 11 U S C § 507 (a) ( )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

8. Credits The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim
9 Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien
DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain If the documents are voluminous, attach a summary
10 Date-Stamped Copy To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

This Space Is For Court Use Only

[Received stamp: U.S. BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA 2005 NOV 25 AM 9:20 LOGAN & COMPANY AS AGENT]

Date: 11/24/05
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print: Ronald Tanet    Title: Attorney
Signature: Ronald Tanet

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM<br>FOR SPECIAL BAR<br>DATE: November 30, 2005 at 5:00 p.m.<br>Eastern Time | APPLICABLE ONLY TO CERTAIN SUBSEQUENTLY IDENTIFIED POTENTIAL CLAIMANTS<br><br>DEBTOR WINN - DIXIE STORES, INC<br>U S BANKRUPTCY COURT M D -FLORIDA<br>JOINTLY ADMINISTERED UNDER CASE 05-03817 (3F1)<br>CHAPTER 11<br><br>**CLAIM NO.: 12581** |

Name of Debtor Against Which You Assert Your Claim:

Debtor Name **Winn-Dixie Montgomery Inc** Case No **05-03837 3F1**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):
Creditor ID WDX-416818-BE-L1
MCMILLAN, ROBBIE
C/O RONALD TANET
ATTN RONALD TANET, ESQUIRE
1615 POYDRAS STE 850
NEW ORLEANS LA 70112

Telephone No of Creditor: 504-524-1431
Fax No of Creditor: 504 522-1729

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above ☐ additional address
Name ____
Company/Firm ____
Address ____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach a copy of statement giving particulars
☑ Check box if you have never received any notices in this case

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim

Account or Other Number by Which C___
**SCMS CLAIM #**

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated ____

**1. Basis for Claim**
- ☐ Goods sold to debtor(s)
- ☐ Services performed for debtor(s)
- ☐ Goods purchased from debtor(s)
- ☐ Money loaned
- ☑ Personal injury/property damage
- ☐ Other ____
- ☐ Taxes
- ☐ Severance agreement
- ☐ Refund
- ☐ Real property lease
- ☐ Personal property lease
- ☐ Other contract ____
- ☐ Retiree benefits as defined in 11 USC § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SSN ____
  Unpaid compensation for services performed from ____ to ____ (date) (date)

**2. Date debt was incurred** 7/3/04

**3. If claim is based on a Court Judgment, date obtained:**

**4 Total Amount of Claim at Time Case Filed.**
$200,000 (unsecured)    $____ (secured)    $____ (priority)    $____ (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff)

Brief description of Collateral
☐ Real Estate   ☐ Motor Vehicle   ☐ Other ____

Value of Collateral $____

Amount of arrearage and other charges at time case filed included in secured claim, if any $____

**6. Unsecured Nonpriority Claim** $____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $____
Specify the priority of the claim
- ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507 (a) (3)
- ☐ Contributions to an employee benefit plan – 11 U S C § 507 (a) (4)
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a) (6)
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507 (a) (7)
- ☐ Taxes or penalties owed to governmental units – 11 U S C § 507 (a) (8)
- ☐ Other – Specify applicable paragraph of 11 U S C § 507 (a) ( )

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**8. Credits** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim
**9 Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain If the documents are voluminous, attach a summary
**10 Date-Stamped Copy** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

This Space Is For Court Use Only

Date 11/24/05

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print **RONALD TANET**  Title **ATTORNEY**
Signature **Ronald Tanet**

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

[Stamp: U.S. BANKRUPTCY MIDDLE DISTRICT OF FLORIDA — 2005 NOV 25 AM 9:20 — RECEIVED LOGAN & COMPANY AS AGENT]

Form B10 (Official Form 10) (04/04)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION
Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered

PROOF OF CLAIM FOR SPECIAL BAR DATE: November 30, 2005 at 5:00 p.m. Eastern Time

APPLICABLE ONLY TO CERTAIN SUBSEQUENTLY IDENTIFIED POTENTIAL CLAIMANTS

**Name of Debtor Against Which You Assert Your Claim.**
Debtor Name: Winn Dixie Inc      Case No 05-03837-3F1
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**A. Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):
Creditor ID WDX-416664-BE-L1
MCMILLAN, ROBBIE
2353 ALEX KORMAN
HARVEY LA 70058

Telephone No of Creditor: 225-675-2619

Fax No of Creditor:

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

**B. Name and address of signatory or other person to whom notices must be served**, if different from above. (Check box if) ☑ replaces address above ☐ additional address
Name: Robbie McMillan
Company/Firm: 44506 Braud St
Address: Sorrento LA 70778

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach a copy of statement giving particulars
☐ Check box if you have never received any notices in this case

If an amount is identified above, you have a claim scheduled by the Debtor as shown If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim

Account or Other Number by Which Creditor Identifies Debtor

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated _____

**1. Basis for Claim**
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☑ Personal injury/property damage
☐ Other _____
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____
☐ Retiree benefits as defined in 11 USC § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SSN _____
  Unpaid compensation for services performed from _____ to _____
  (date)                  (date)

**2. Date debt was incurred.** 7-3-04

**3 If claim is based on a Court Judgment, date obtained:**

**4 Total Amount of Claim at Time Case Filed:** $200,000.00  $_____  $_____  $_____
(unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff)
Brief description of Collateral
☐ Real Estate ☐ Motor Vehicle ☐ Other _____
Value of Collateral $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any $_____

**6. Unsecured Nonpriority Claim $_____**
☐ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507 (a) (3)
☐ Contributions to an employee benefit plan – 11 U S C § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C § 507 (a) (7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507 (a) (8)
☐ Other – Specify applicable paragraph of 11 U S C § 507 (a) ( )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**8. Credits.** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim
**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain If the documents are voluminous, attach a summary
**10. Date-Stamped Copy.** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

This Space is For Court Use Only

RECEIVED 2005 NOV 30 AM 11:53 BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA LOGAN & COMPANY, INC AS AGENT

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice |
|---|---|
| | Print: Robbie McMillan    Title: Plantiff
Signature: Robbie McMillan |

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

# EXHIBIT B

Sedgwick Claims Management Services, Inc.

To: Elizabeth Bowen
Fax Number: 9045139201

From: Knight, Stephanie
Fax Number:

Date: September 16, 2008
Subject: A411209179 Robbie McMillan POCs 12581 and 12733

Memo:

***CONFIDENTIALITY NOTE***

The information contained in this facsimile message may be legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this telecopy is strictly prohibited. If you have received this telecopy in error, please notify us immediately by calling the number listed above and return the original message to us at the address above by the United States Postal Service.



# Sedgwick

Sedgwick Claims Management Services, Inc. - Jacksonville
P. O. Box 14482   Lexington, KY 40512-4482
Telephone 904-419-5300  Facsimile 904-419-5365

September 16, 2008

Elizabeth Bowen
Wilcox Law Firm
6817 Southpoint Parkway Suite 1302
Jacksonville, FL 32216

RE:    Claimant:       Robbie McMillan
       Claim #:        A411209179-0001-01
       Incident Date:  07/03/2004
       Entity:         Winn-Dixie Montgomery, Inc.

Dear Ms. Bowen:

This letter is to confirm the settlement for **Robbie McMillan** on August 12, 2008 in the amount of Fifty Thousand Dollars and no/100 ($50,000.00) regarding Proof of Claim Number 12581 and 12733. This settlement is for the claim number and claimant referenced above and includes all claims relating to this claim file including, but not limited to consortium claims.

You will be sent an Agreed Order of Resolution ("Order") from Winn-Dixie's bankruptcy counsel. The bankruptcy court, and in some cases the creditor committee, reserves the right of final approval of all settlements. The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement, except those Medicare liens or claims released by the United States Department of Health and Human Services pursuant to the Agreed Order entered by the Court on March 9, 2007 (Docket No. 15439). Your client will be fully responsible for payment of all medical costs and all liens. Winn-Dixie (the debtor) will not be responsible for any medical costs or liens.

Upon receipt, the Order will be filed with the Bankruptcy Court. Once the judge signs the Agreed Order, you would hold an allowed, pre-petition general unsecured claim against Winn-Dixie in their pending Chapter 11 case. **Please note that the settlement amount is not the amount your client will receive on account of his/her claim. The amount they receive, per the approved plan of reorganization, will be 34.89 shares of Winn-Dixie common stock per one thousand dollars of agreed settlement. Stock is being issued quarterly by the transfer agent.**

Sincerely,

Stephanie Knight
General Liability Examiner III

cc:  James H. Post, Esquire              Code: AC
     Smith, Hulsey & Busey
     225 Water Street, Ste 1800
     Jacksonville, Fl. 32202