**Hearing Date: January 8, 2009 at 1:30 p.m.**
**Response Deadline: December 28, 2008 at 4:00p.m.**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. [1] | ) | Jointly Administered |

## EIGHTH MOTION OF REORGANIZED DEBTORS FOR ENTRY OF AGREED ORDERS ON SETTLEMENT AGREEMENTS WITH LITIGATION CLAIMANTS

Winn-Dixie Stores, Inc., and twenty-three of its reorganized debtor affiliates (collectively, the "Reorganized Debtors"), move the Court for the entry of Agreed Orders on settlement agreements entered into between the Reorganized Debtors and the Litigation Claimants identified on Exhibit A, and in support of this motion, say:

### The Claims Resolution Procedure

1. To date, over 13,000 proofs of claim (the "Proofs of Claim") have been filed against the Reorganized Debtors in these cases. Approximately 3,200 of these Proofs of Claim were unliquidated personal injury or property damage claims for which

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

litigation had been commenced or threatened against the Reorganized Debtors pre-petition.

2.    On August 12, 2005, to facilitate the consensual liquidation of these litigation claims in an expeditious and cost-efficient manner, the Debtors filed a Motion for an Order Establishing a Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Pre-petition Litigation Claims (Docket No. 2976) (the "Claims Resolution Procedure Motion").

3.    On September 1, 2005, this Court entered an Order approving the Claims Resolution Procedure Motion (Docket No. 3326) (the "Claims Resolution Procedure Order").[2]  The Claims Resolution Procedure approved by this Court was attached to the Claims Resolution Procedure Order.[3]

4.    On November 9, 2006, this Court entered an order (the "Confirmation Order") confirming the Debtors' plan of reorganization as modified, including a plan supplement dated October 3, 2006 (collectively, the "Plan").  Pursuant to the Plan, the Claims Resolution Procedure remains in full force and effect.

5.    The Claims Resolution Procedure includes an "Offer-Exchange" process, through which the claimants and the Reorganized Debtors exchange information and settlement offers.

---

[2] Capitalized terms not defined herein shall have the same meaning as in the Claims Resolution Procedure Motion (Docket No. 2976) and Claims Resolution Procedure Order (Docket No. 3326).

[3] The Claims Resolution Procedure was modified: (i) on October 7, 2005, by the entry of an Order Authorizing Debtors to Settle or Liquidate Certain Litigation Claims with Cash Payments (Docket No. 3838); (ii) on January 19, 2006, by the entry of an Order Authorizing Debtors to Settle or Liquidate Additional Claims Pursuant to the Claims Resolution Procedure (Docket No. 5218); and (iii) on April 20, 2006, by the entry of an Order Modifying the Claims Resolution Procedure (to increase the aggregate limit on *de minimis* cash payments and to require mediation as a prerequisite to stay relief).

6.  Upon reaching a settlement agreement with a Litigation Claimant, the Debtors' claims agent issues a letter confirming the terms of the settlement to the claimant or, if applicable, the claimant's counsel (the "Settlement Confirmation Letter"). To implement the settlement agreement, counsel for the Debtors thereafter prepares an agreed order and serves it by mail to the claimant or claimant's counsel which the parties execute and submit to the Court. After the Court enters the agreed order, a distribution on the claim is made pursuant to the Plan.

### The Pending Settlement Agreements

7.  Although each of the Litigation Claimants identified on Exhibit A settled their claims with the Debtors and was served with a Settlement Confirmation Letter, none of these Litigation Claimants returned their respective agreed orders.

8.  Each Settlement Confirmation Letter reflects a settlement agreement between the Reorganized Debtors and a Claimant which is valid and enforceable as a matter of law. *See State Farm Mutual Auto. Ins. Co. v. Interamerican Car Rental, Inc.*, 781 So. 2d 500, 502 (Fla. 3d DCA 2001)(a settlement agreement does not have to be in writing to be enforceable).

### Relief Requested

By this Motion, the Debtors seek the entry of an Agreed Order to implement the settlement and distribution under the Plan as to each of the Claimants identified on Exhibit A.

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter an Agreed Order in the form attached as Exhibit B for each of the Claimants identified on Exhibit A and grant such other and further relief as is just and proper.

Dated: December 9, 2008

SMITH HULSEY & BUSEY

By  *s/ Leanne McKnight Prendergast*
      Stephen D. Busey
      James H. Post
      Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Counsel for Reorganized Debtors

00634811

**EXHIBIT A**

| Claimant | Proof of Claim Number(s) | Agreed Settlement Amount | Claim Class |
|---|---|---|---|
| Munro, Thomas | 9546 | $40,000.00 | 16 |
| Lowry, Brenda | 11389 | $40,000.00 | 16 |

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
|     Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

**AGREED ORDER OF RESOLUTION OF THE LITIGATION
CLAIM OF _____ (CLAIM NO. _____)**

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and its affiliates (collectively, the "Reorganized Debtors") and in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326) and the Eighth Motion of Reorganized Debtors for Entry of Agreed Orders on Settlement Agreements with Litigation Claimants (Docket No. _____). Based upon the settlement agreement of the parties, and it appearing to the Court that the proposed Agreed Order is for an agreed amount less than the $250,000 notice threshold established in the Claims Resolution Procedure and the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, as modified (the "Plan"), it is

ORDERED AND ADJUDGED:

1. Claim No. _____ filed by claimant, _____ the "Claimant"), is allowed in the amount of $_____.00 as a Class 16 Other Unsecured Claim under the Plan.

2. This Agreed Order resolves (i) all liabilities and obligations related to Claim No. _____ and (ii) all other claims the Claimant has or may have against the Reorganized Debtors and any of their Chapter 11 estates, officers, employees, agents,

successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

3. Pursuant to the Plan, distribution will be made on the allowed Claim (i) to the person and address as set forth in the proof of claim form filed on behalf of the Claimant and (ii) at such time as required by the Plan.

4. The Claimant is directed to dismiss with prejudice any legal proceeding commenced by Claimant against the Reorganized Debtors in this Court or in any other forum and pay all applicable court costs, if any.

5. The Reorganized Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to any Litigation Claim, or make any admission of liability. The Claimant, not the Reorganized Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement, except those Medicare liens or claims released by the United States Department of Health and Human Services pursuant to the Agreed Order entered by this Court on March 9, 2007 (Docket No. 15439).

6. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of January, 2009, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:
James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

## Certificate of Service

I certify that a copy of this document has been furnished electronically or by mail this 9th day of December, 2008 to:

Thomas Munro
Attn: Angela Outten
777 Alderman Road
Palm Harbor, Florida 34683

Brenda Lowry
c/o Michael L. Roberts
153 South 9th Street
Gadsden, Alabama 35901

Christopher D. Gray
Florin Roebig
777 Alderman Road
Palm Harbor, Florida 34683

*s/ Leanne McKnight Prendergast*

00634811