UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

DEBTORS' MOTION TO COMPEL
VISAGENT'S COMPLIANCE WITH AGREEMENT
REGARDING DEBTOR'S THIRD MOTION TO COMPEL

Winn-Dixie Stores, Inc., on behalf of twenty-three of its subsidiaries and affiliates, as the Reorganized Debtors (collectively, "Winn-Dixie"), moves the Court pursuant to Bankruptcy Rule 7037 and Local Rule 7037-1, for an order (i) compelling Visagent Corporation to provide amended responses to the discovery requests set forth in Winn-Dixie's Third Motion to Compel and (ii) requiring Visagent to pay Winn-Dixie's costs in bringing this motion. In support of the motion, Winn-Dixie says:

1.   On June 25, 2008, Winn-Dixie filed its Third Motion to Compel Discovery from Visagent (the "Motion").

2.   On October 20, 2008, the Court conducted a hearing on the Motion.

3.   After the Court heard argument from both parties, at the Court's suggestion, during a recess, the parties discussed resolution of several of the issues raised by the Motion.

4.   During the recess, Visagent agreed to provide amended responses to the discovery requests set forth in the Motion. This agreement was presented to the Court upon returning from the recess:

> THE COURT: We're back on the record. Mr. Rubin?
>
> MR. RUBIN: Yes, Your Honor, I think we've made some progress.
> What we've agreed to do is that I will prepare a letter – or you restate it.
>
> MR. BUSEY: What we've agreed is that Mr. Rubin is going to, based upon the arguments today, give us an amended response to our request to produce that would make some of the concessions that he's made here, where he would state where he believes he doesn't have documents, rather than make an objection, simply says (sic) he doesn't have any documents.
> And based upon his amended response, we'll prepare a draft order for the Court's consideration that takes into consideration his amended response and some concessions on our part, run it by Mr. Rubin first and see if we can get an agreement on the form of the order, and, if there's some issues we can't agree upon, then we'll narrow them and convey that to the Court in a letter, together with the proposed order with as much as we can agree upon.
>
> THE COURT: That sounds excellent. That's on your motion.
>
> > Transcript of October 20, 2008 hearing, pages 56-57, attached as Exhibit 1.

5.     By emails dated November 3 and December 6, 2008, undersigned counsel requested Mr. Rubin to provide the amended responses. A copy of the November 3 and December 6 emails and Mr. Rubin's responses are attached as Exhibit 2.

6.     Visagent still has not provided the promised amended responses.

For the foregoing reasons, Winn-Dixie requests that the Court enter an order (i) compelling Visagent Corporation to provide amended responses to the discovery requests set forth in Winn-Dixie's Third Motion to Compel Discovery from Visagent

2

within 5 days of the date of the order, and (ii) requiring Visagent to pay Winn-Dixie's costs in bringing this motion.

### Rule 26(c) and Rule 37(a)(2)(A) Certification

The undersigned certifies that he has in good faith attempted to confer with Visagent's attorney in an effort to resolve the issues raised in this motion without Court action.

SMITH HULSEY & BUSEY

By  /s/ David L. Gay
    Stephen D. Busey
    James A. Bolling
    David L. Gay

Florida Bar Number 893221
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
dgay@smithhulsey.com

Counsel for Reorganized Debtors

## Certificate of Service

I certify that a copy of the foregoing document was furnished by mail and/or electronically to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, 520 South Federal Highway, Stuart, Florida 34995, this 18th day of December, 2008.

_/s/ David L. Gay_
Attorney

00636105

1  resolve some of that now that you're talking. That
2  would be great.
3      Thank you very much. We're in recess until
4  1:00 o'clock.
5      (Whereupon, at 12:17 p.m., a recess was taken,
6  and the hearing resumed at 1:00 p.m.)
7      THE COURT: We're back on the record.
8      Mr. Rubin?
9      MR. RUBIN: Yes, Your Honor. I think we've
10 made some progress.
11     What we've agreed to do is that I will prepare
12 a letter -- or you restate it.
13     MR. BUSEY: What we've agreed is that Mr.
14 Rubin is going to, based upon the arguments today,
15 give us an amended response to our request to
16 produce that would make some of the concessions
17 that he's made here, where he would state where he
18 believes he doesn't have documents, rather than
19 make an objection, simply says he doesn't have any
20 documents.
21     And based upon his amended response, we'll
22 prepare a draft order for the Court's consideration
23 that takes into consideration his amended response
24 and some concessions on our part, run it by Mr.
25 Rubin first and see if we can get an agreement on

EXHIBIT 1

the form of the order, and, if there's some issues we can't agree upon, then we'll narrow them and convey that to the Court in a letter, together with the proposed order with as much as we can agree upon.

THE COURT: That sounds excellent. That's on your motion.

MR. BUSEY: Yes, sir.

THE COURT: Have you resolved your motion?

MR. RUBIN: We have not resolved my motion. I don't think it will take that long, because even though there are a lot of requests, there's either a -- I think we have a conceptual difference of opinion as to what a party's obligations are, and I think that we probably just need Your Honor to tell us whether you agree with my interpretation or Mr. Busey's interpretation on just a couple of examples that I have. And if I'm wrong, then I'm wrong and we'll go about it a different way. But if I'm right, then --

THE COURT: Do we have time today to deal with that? I know you wanted to try to get a trial date.

MR. RUBIN: I would prefer, if we do, the pretrial issues. And we have discussed the

## David L. Gay

**From:** Guy Rubin [guy.rubin@rubinandrubin.com]
**Sent:** Tuesday, December 09, 2008 12:05 PM
**To:** David L. Gay
**Cc:** Gladys LaForge; Kristen Gallas
**Subject:** RE:

Mr. Gay,

I have had some unexpected matters come up. I will have bates ranges for the "OSC processes" by tomorrow, and I am checking with my client on his availability for an inspection regarding marketing materials. I should also have my amended discovery responses by the end of this week. Thank you for your continued cooperation.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

> **From:** David L. Gay [mailto:dgay@smithhulsey.com]
> **Sent:** Friday, December 05, 2008 3:36 PM
> **To:** Guy Rubin
> **Subject:**
>
> Mr. Rubin:
>
> I have not received a response to my email below.
>
> We would like to inspect the documents next week - December 9, 10, or 12th.
>
> Additionally, it has now been 7 weeks since the October 20 hearing at which you agreed to provide, within 30 days, a number of documents and a revised response to Winn-Dixie's thrid motion to compel. The only thing we have received is several termination letters.
>
> Please provide the revised response by December 10 so that we may avoid again seeking the Court's intervention.
>
> **David L. Gay**
> Smith Hulsey & Busey

**EXHIBIT 2**

12/15/2008

225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** David L. Gay
**Sent:** Monday, December 01, 2008 2:00 PM
**To:** 'Guy Rubin'
**Subject:** RE: Outstanding discovery matters

Mr. Rubin:

We would like to inspect the marketing materials as soon as possible. Please let us know your first available date and time.

Also, the termination letters do not seem to have been Bates Stamped. Please confirm what the Bates Stamp range for those documents is, and perhaps you could produce a Bates Stamped copy at the same time you produce the marketing materials so that there isn't any confusion regarding versions of documents, proper numbering, etc.

Thank you.


**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:guy.rubin@rubinandrubin.com]
**Sent:** Tuesday, November 25, 2008 8:09 AM
**To:** David L. Gay
**Cc:** Gladys LaForge; Kristen Gallas
**Subject:** Outstanding discovery matters

Mr. Gay,

Please find enclosed all resignation/termination letters Visagent is able to locate. Visagent will produce for inspection all responsive marketing materials at a mutually convenient day and time in Jacksonville. Please let me know when you would like to inspect these materials. We are working on the Bates Stamp ranges for the "process plans" to the extent we can identify them that way.

Due to other pressing matters, I have not been able to prepare the amended response to your motion to compel, however I anticipate completing that upon return from the Thanksgiving break.

Lastly, I have your fax concerning the confidentiality order you seek in connection with the Metafile data. I will have objections and/or modifications to the order you propose. I have sent

12/15/2008

it to my client for review and will respond after the Thanksgiving break.

Thank you for your patience.


From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

---

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Friday, November 07, 2008 4:28 PM
**To:** Guy Rubin
**Subject:**

Mr. Rubin:

As you will recall, during our Court-directed conversation at the October 20 hearing on Winn-Dixie's Third Motion to Compel, Visagent agreed to:

1) Prepare and forward to this office an amended response to the motion to compel;

2) Within 15 days, produce responsive termination letters;

3) Within 30 days, produce responsive marketing materials; and

4) Within 30 days, identify referenced process plans by Bates Stamp number.

More than fifteen days have past and we have not received the termination letters. Please produce the letters.

We also look forward to receiving Visagent's amended responses as soon as possible.

Thank you.


**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

12/15/2008

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

12/15/2008