UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

### VISAGENT'S SEVENTH MOTION TO COMPEL PRODUCTION OF 30(b)(6) CORPORATE REPRESENTATIVE FOR DEPOSITION AND FOR AN AWARD OF ATTORNEYS FEES AND SANCTIONS

Visagent Corporation (hereinafter "Visagent"), a claimant herein, moves the Court pursuant to Federal Rules of Civil Procedure 26 and 37 and Local Rule 7037-1, for an order compelling Winn-Dixie Stores, Inc. and twenty-three (23) of its subsidiaries and affiliates, as the Reorganized Debtors (hereinafter the "Debtors"), to produce a corporate representative for deposition pursuant to Federal Rules of Civil Procedure Section 30(b)(6) and prior order of the Court, dated December 28, 2008 and for an award of attorneys fees and sanctions. In support of the motion, Visagent states:

1. Visagent, an unsecured creditor, holds Claim No. 9953 against Debtors in the sum of $131,875,000.00. In the Amended Notice of Claim, filed herein, Visagent contends Debtors materially and substantially breached an exhaustively negotiated Service Agreement entered into between the parties on June 15, 2001, effective June 28, 2001. Under the terms of this Agreement, Debtors were obligated for three (3) years to exclusively utilize the services of Visagent for the procurement and sale of all merchandise it acquired or sold, through internet or similar electronic means, including any means utilizing facsimile, from and through the secondary market. The secondary market is comprised of all sources (buyers and sellers) of merchandise other than direct purchases and returns from original product manufacturers. Visagent avers that Debtors breached its contractual obligation in failing to exclusively utilize Visagent's services as provided for in the Service Agreement, and as a result, Visagent suffered damages amounting to 2% of the value all transactions in which Debtors participated in the purchase or sale of goods in the secondary market, other than those exempted by the

1

Agreement. Additionally, Visagent claims Debtors violated federal and state laws in connection with the theft and usurpation of trade secrets, proprietary information and business opportunities belonging to Visagent, which were provided to Debtors based on false promises by the Debtors of a continued business arrangement between the parties. Visagent relied on the unrealized inducements and promises of the Debtors to its detriment and suffered catastrophic damages as a direct consequence of Debtors' actions.

2. Debtors objected to Visagent's claims asserting it did not breach a duty to Visagent and Visagent failed to adequately perform under the terms of the Agreement, a claim that has been repeatedly belied by the deposition testimony of Debtors' employees.

3. Visagent has heretofore filed **SIX** Motions to Compel against Debtors based on their unwillingness to comply with discovery requests. This affiant will not detail each application, but will address those proceedings and orders relevant to this particular application.

4. On November 15, 2006, Visagent served a Notice to Take Deposition of Debtors corporate representative pursuant to FRCP 30(b)(6)., which itemized twenty one separate areas of inquiry, including the following:

> "8. All aspects of the relationship and dealings between Debtor and Victory during the time period of 2000 through present", and

> "21. All defenses to the claims of Visagent in this litigation."

Debtors did not object to the areas of questioning and did not file a motion for a protective order. The scheduling of the deposition was delayed to complete the production of documents. The parties agreed on a date and Debtors designated Tom Barr as their representative. Prior to the established date for the deposition, Visagent advised Debtors that the time allotment of one day (seven hours of deposition time) under the Rules would be insufficient based on the numerous areas of inquiry and the complex facts of the case. Debtors summarily refused to agree to an expansion of time.

5. On August 24, 2007, the deposition of Mr. Barr commenced. It became readily apparent that Mr. Barr could not testify regarding several areas of inquiry noticed

2

for deposition and was ill prepared by Debtors. Thereafter, Visagent filed its Third Motion to Compel requesting the production of a representative competent to address the topics Mr. Barr was unable to address and for an expansion of time to depose Mr. Barr on the remaining subjects. A hearing was held before this Court on December 13, 2007. By Decision and Order dated December 28, 2007, the Court granted both requests. Specifically, the Court ruled as follows:

> "Visagent is granted leave to re-depose Mr. Barr. The deposition shall be limited to one day of seven hours, unless the parties agree otherwise."

6. The deposition of a supplemental corporate representative other than Mr. Barr was held on February 13, 2008 solely on the topic of what Debtor had done to comply with interrogatory and production requests by Visagent in this case.

7. For several months, Visagent attempted to clear dates with Debtors to continue the deposition of Debtor's 30(b)(6) corporate representative. The continuation deposition was initially set for November 13, 2008. A copy of the Notice of Taking Continuation Deposition was forwarded to counsel for Debtors on October 28, 2008, a copy of which is attached hereto as Exhibit 1. The Notice listed following areas of inquiry:

> The specific facts supporting all claims and defenses in connection with Debtor's Objection, as set forth in its Fourteenth Omnibus Claims Objection relating to Claim No. 9953.
>
> The Victory Wholesale Brokers' NTS system (the NTS system) as used by Debtor's employees or by the employees of Victory Wholesale Brokers on behalf of Debtor, including but not limited to:
> a.  all hardware placed in service in Debtor's offices to facilitate any aspect of buying or selling goods in the secondary marketplace;
> b.  all software placed in service on Debtor's offices to facilitate any aspect of buying or selling goods in the secondary marketplace;

3

  c.  the mode, methods and technical specifications of the NTS system, as used in facilitating trades by or on behalf of Debtor:

  d.  all technical specifications concerning the transmission of data to, from and through the NTS system.

  8. On October 31, 2008, Debtor's counsel, Stephen Busey, Esq. advised undersigned counsel that Debtors would not produce a representative on November 13th, even though the date had been previously cleared with his office. Mr. Busey sent an e-mail to stating, "... In any event I know that we will not have the time between next week and November 13 to identify and prepare a Rule 30(b)(6) deponent for Winn-Dixie. For this reason there will be no such deponent in Jacksonville on January 13...." Said email is attached as Exhibit 2.

  To avoid additional motion practice, undersigned counsel changed his plans and rearranged the deposition to November 21, 2008. NO OBJECTION WAS VOICED AS TO THE AREAS OF PROPOSED INQUIRY BY DEBTORS. To that end, Visagent forwarded a "Re-Notice of Taking Continuation 30(b) (6) Deposition Including New Designated Areas of Inquiry", a copy of which is attached hereto as Exhibit 3. The listed areas of inquiry included the twenty-one previously designated areas and the "New areas of inquiry," which were set forth in the Notice sent for the November 13th date. (Areas 22 and 23)

  9. On November 7, 2008, Mr. Gay acknowledged receipt of the Notice to Take Deposition for November 21, 2008 and stated the following:

  "The deposition notice is styled as a notice of 'continued deposition.' However, the notice lists areas of knowledge separate and distinct from those listed for Visagent's previous depositions of Winn-Dixie's corporate representatives. Accordingly, the deposition Visagent's seeking to take on November 21 is not a continuation of a prior deposition.

  Further, the first area of knowledge listed in the notice of continuation of deposition (specific facts supporting all claims and defenses) is overly broad and would necessarily require the disclosure of attorney work-product, and is, therefore, not an appropriate use of a Rule 30(b)(6) deposition.

4

Accordingly, a corporate representative of Winn-Dixie will not appear for a deposition regarding, specific facts supporting Winn-Dixie's claims and defenses. However, if Visagent notices for a separate (not continued) Rule 30(b)(6) deposition, Winn-Dixie's corporate representative regarding the Victory Network Trading System, a representative of Winn-Dixie will appear for deposition regarding that area of knowledge." A copy of Mr. Gay's correspondence is attached hereto as Exhibit 4.

10. On November 12, 2008, undersigned counsel sent an e-mail to Mr. Gay enclosing a re-notice of the 30(b)(6) deposition for the following Friday. (November 21) adding, ".....To be clear, we intend to follow up regarding all of the areas previously noticed but not concluded, and also additional areas of inquiry as listed and so designated. This is a continuation deposition as it is all part of the 30(b)(6) deposition of a party per the court's order authorizing an additional 7 hours of deposition time. I do not agree with your analysis that 'specific facts supporting claims and defenses' are overbroad or an invasion of privileged information. In fact, that area was previously noticed as number 21, WD did not object. I expect Debtor to produce a representative knowledgeable as to this area of inquiry, and all other areas of inquiry in the Re-Notice, or alternately, to file a motion for protective order and attempt to have it heard before the deposition next Friday." A copy of said email is attached hereto as Exhibit 5.

11. Mr. Gay responded via e-mail on November 14, 2008 that the re-notice of deposition was improper for the following reasons:
"First, as stated in our November 7 letter, Visagent's attempt to add additional areas of knowledge to a 'continued deposition is improper. The order of the Court you reference (Docket N. 19416) authorizes Visagent to take up to an additional seven hours to complete the August 24, 2007 deposition of Tom Barr as previously noticed. That order does not authorize Visagent to expand the scope of that deposition. Second, pursuant to the Federal procedure rules, Visagent is allowed to take only one 30(b)(6) deposition of a party without leave of the court. Visagent's notices regarding the 'continuation" of the prior deposition are an improper attempt tp take an additional deposition of Winn-Dixie's corporate representative without court approval. Third, Federal caselaw (sic) states that is improper to attempt to use a 30(b)(6) deposition to question a corporation about its claims and defenses or facts supporting those claims and defenses. Lastly, we did not understand

5

from your initial notice of continuation of 30(b)(6) deposition that you wanted to complete your deposition of Tom Barr on November 21. The notice attached to your November 12 email does not provide us the ten days notice to which we are entitled under local practice. For these reasons, Winn-Dixie will not produce a representative for deposition on November 21 pursuant to your re-notice of deposition..."

Mr. Gay then added that Debtor WILL produce Mr. Barr at a later date and WILL produce a witness to address the NTS inquiries. A copy of Mr. Gay's email is attached hereto as Exhibit 6.

12. Thereafter, undersigned counsel indicated that unless Debtors could commit to firm dates in early December, the deposition would proceed absent a court order to the contrary. (November 14, 2008 3:38 p.m. e-mail from Rubin to Gay) A copy is attached hereto as Exhibit 7. Mr. Gay replied on the same date at 4:21 p.m. indicating that because Visagent added two additional areas of inquiry to the notice that he saw the continuation as an attempt to conduct another 30(b)(6) deposition of a corporate representative, not merely to continue the deposition that had been previously commenced as ordered by the Court. He also stated that because the re-notice gave nine (9) days notice, instead of ten (10) that the notice was insufficient and "Winn-Dixie will not produce a representative for deposition on November 21 pursuant to your re-notice of deposition." A copy is attached hereto as Exhibit 8.

13. Undersigned counsel advised Mr. Gay by e-mail on November 18, 2008, "Obviously we disagree on the law. As you are aware, the rules require you to file a motion for protective order and get an order from the court if you have a problem with our notice of taking deposition. Do you intend to follow the proper procedure or simply take the law into your own hands by refusing to show up at a duly noticed deposition?" Mr. Gay replied that the depositions were not duly noticed and that Debtor was under no obligation to produce a representative on November 21, 2008. Undersigned counsel responded that "(s)ince you have elected to take the position that you are both the objecting party and the arbiter of the dispute merged into one, I am forced to file yet another motion, this time seeking sanctions for your intentional violation of the rules..." A copy of these email exchanges are attached as a composite Exhibit 9.

6

The actions of Debtor and its counsel now requires yet another motion to determine a) the propriety of the unilateral cancelation of a party deposition cleared and noticed in due course, and b) the proper scope of the corporate representative deposition.

14. The time frame of events is critical to this Court's consideration. Succinctly put, they are as follows:

| | |
|---|---|
| 11-15-2006 | First Notice to Take Deposition of Rule 30(b)(6) Representative listing 21 areas of inquiry |
| 8-24-2007 | Deposition of Representative |
| 12-28-2007 | Court Order expanding time to <u>re-depose</u> representative |
| 10-28-2008 | Deposition of corporate representative is re-noticed as a continued deposition with 2 additional areas of inquiry for 11-13-2008. |
| 10-31-2008 | Debtors refuse to produce a representative on that date and do not voice an objection to the notice. |
| 11-7-2008 | Debtors advise that they will not produce a representative as to area 22 and take the position that the re-notice is not for a continued deposition but a separate deposition, but agree to produce a representative on area 23 if a new notice is sent out. |
| 11-12-2008 | Visagent forwards a re-notice with same 21 areas that had been listed for two (2) years and the 2 additional areas. Dialogue begins between counsel as to the propriety of the notice and areas of inquiry. |
| 11-14-2008 | Debtors take the position that the addition of 2 areas of inquiry (which were actually subsumed in the previous areas listed) was for a "continued" deposition and that Visagent was attempting to take 2 depositions of a corporate representative. Debtors also postured that a corporate representative could not be deposed on claims and defenses and the **facts** (emphasis added) supporting those claims and defenses. They also claimed that they did not understand that the notice that was previously sent meant that Visagent wanted to "complete the deposition of Tom Barr" and |

objected to the nine day notice, as opposed to ten days. Debtors refused to produce a representative on 11-21-2008.

## APPLICABLE LAW AND ARGUMENT

15. Federal Rules of Civil Procedure Rule 30(b)(6) provides, in pertinent part, as follows:

"A party may in a party's notice and in a subpoena name as the deponent a public or private corporation or a partnership pr association or governmental agency and describe with reasonable particularity the matters on which the examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify..." Fed.R.Civ.P. 30(b)(6)

Failure of a corporate representative to appear at a deposition, after being served with proper notice, may result in sanctions by the court. Fed.R.Civ.P. 37(d)

16. Rule 30(6)(b) places the onus of identifying responsive witnesses for a corporation squarely on the corporation. Otero v. Vito, 2006 WL 3535149 (M.D. Ga., 2006) It is the corporation's obligation to produce a responsive and well-prepared witness "so that [he or she] may give complete, knowledgeable and binding answers on behalf of the corporation." Marker v. Union Fid. Life Ins. Co., 125 F.R.D. 121 @ p. 126 (M/D.N.C., 1989) If a corporation is going to designate a representative, then it has the obligation to ensure that he/she familiarizes himself/herself with the subject matter of the case. Fraser Yachts Florida, Inc. v. Milne, 2007 WL 1113251 (S.D. Fla., 2007)

17. On August 24, 2007, a deposition of Debtor's corporate representative (Tom Barr) occurred, after having actual notice of the initial 21 areas to be covered since November 2006. During that deposition, it was found that Mr. Barr could not testify as to the efforts made to gather responsive documents. Pursuant to a motion filed by Visagent and by Order of the Court, Debtors produced another corporative representative

to address that issue and were ordered to further produce their corporative representative for Visagent to "re-depose" for an additional 7 hours. (December 28, 2007)

18. After numerous efforts to schedule the re-deposition, Visagent and Debtors were finally able to set the deposition for November 13, 2008 which was unilaterally canceled by Debtors, without request for agreement from Visagent or court approval. When the deposition was re-scheduled for November 21, 2008, Debtors set out to evade producing a witness and, in fact, REFUSED to produce a witness on that date, without ever seeking a protective order form the court. Debtor decided it was their province, not the Court's, to make the determination as to the propriety of the re-notice to take deposition. This action, in and of itself, is a violation of Rules 26 and 30, and is sanctionable.

19. A corporate designee's failure to appear at deposition "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(d)." Fed.R. Civ.P. 37 (d) In Otero, supra, a corporation produced a representative for deposition. Counsel for the corporation objected to 18 of the 55 areas of inquiry listed in the notice. Although counsel sought to preclude the representative from testifying about these topics, he never filed for a protective order to limit the scope of inquiry during the deposition. The Court found that mere objections without a motion for a protective order were unpersuasive.

20. Debtors offer differing arguments at differing times in support of their unilateral conduct. They will be addressed *ad seriatim*.

**A. DEBTOR ARGUES THE ADDITION OF TWO (2) AREAS OF INQUIRY, WHICH WERE PREVIOUSLY LISTED IN THE FIRST DEPSOITION NOTICE IS NOT A "CONTINUED" DEPOSITION, BUT RATHER, AN ATTEMPT TO TAKE A SECOND 30(b)(6) DEPOSITION.**

21. Visagent was granted a 7 hour expansion of time to "re-depose" Debtors' corporate representative. Debtors characterize the Court order as awarding a continuation of the deposition of Mr. Barr, the individual selected by Debtor as its corporate representative. Debtor claims Visagent is precluded from added additional areas of

9

inquiry once the deposition commenced. The Handbook on Civil Discovery for the Middle District of Florida provides that when noticing a 30(b)(6) deposition, the notice "should accurately and concisely identify the designated area(s) of requested testimony, giving due regard to the nature, business, size, and complexity of the entity being asked to testify." Middle District Discovery (2001) at pg. 6.

22.     First, a review of the original notice and re-notice is necessary. The re-notice contained the 21 original areas and two (2) additional areas, which are part and parcel of the original areas on inquiry, although more specific. Item No. 8 lists "All aspects of the relationship and dealings between Debtor and Victory during the time period of 2000 through present." No objection was made to this item by Debtors. Item 23 asks for information about Victory's NTS system that was used by Visagent or by Victory employee's on behalf of Visagent. Item 23 is clearly part of "all aspects of the relationship and dealings between Victory and Debtor." Item 22 cites "The specific facts supporting all claims and defenses on connection with Debtor's Objection, as set forth in its Fourteenth Omnibus Claims Objection relating to Claim No. 9953." Item 21 on the original notice lists "All defenses to the claims of Visagent in this litigation." Again, no objection was voiced to this line of questioning, and in fact, at the first deposition, Mr. Barr was questioned on this subject. Item 22 is essentially the same as No. 22, except that it adds "claims." Visagent did not add any substantive areas of inquiry from the original notice, only clarified and expounded on the subject matter to avoid the same outcome as occurred at the initial deposition: the production of a corporate representative who could not address the itemized topics.

23.     <u>New World Network, Ltd. v. M/V Norwegian Seas</u>, 2007 WL 1068124, (S.D. Fla., 2007) and its analysis of the purpose of a Notice of Taking Deposition is instructive here. <u>New World</u> involved several discovery disputes. Of relevance herein is the Court's discussion of Defendant's Motion for Protective Order on Plaintiff's Second Amended Notice of Taking Corporate Representative Deposition. Plaintiff had previously served a Notice to Take Deposition itemizing 19 areas of inquiry. The deposition did not occur. Eight days prior to the new date, Plaintiff expanded the scope of the deposition to add 7 new areas of which Defendant had not previously been made aware. Additionally, and of great significance, the notice included an extensive document

request that required production at the time of the deposition, contrary to the provision of Rule 34, which provides a party with 30 days to respond. The Court granted a protective order in light of the document request.

24. However, the Court went on to address the substantive objections to the areas of inquiry presented by Defendant in their motion for a protective order, the procedure which Debtors should have followed. Defendant argued that the phrase "all matters related to" was too broad and requests should be more specific and particularized. The Court referenced King v. Pratt & Whitney, 161 F.R.D. 475 (S.D. Fla., 1995), The Court in King held that Rule 30(b)(6) was intended to give notice of specific topics that the corporation had to be prepared to discuss, but any relevant question could be asked of the deponent. The Court offered the following analysis at page 476:

> "Rule 30 (b)(6) should not be read to confer some special privilege on a corporate deponent responding to this type of notice. Clearly, Plaintiff could simply re-notice a deponent under the regular notice provisions and ask him the same questions that were objected to. However, Plaintiff should not be forced to jump through that extra hoop absent some compelling reason. Rather, the Rule is best read as follows:
>
> 1) Rule 30(b)(6) obligates the responding corporation to provide a witness who can answer questions regarding the subject matter listed in the notice.
>
> 2) If the designated deponent cannot answer those questions, then the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions, etc. The corporation had an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are 'known or reasonably available' to the corporation. Rule 30(b)(6) delineates this affirmative duty.
>
> 3) If the examining party asks questions outside the scope of the matters described in the notice, the general deposition rules govern (i.e. Fed.R.Civ.P. 26(b)(1)), so that relevant questions may be asked and no special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under 30(b)(6).

4) However, if the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem.

The interpretation does not render the 'describe with reasonable particularity' language 'superfluous'; rather, it imposes an obligations on a corporation to provide someone who can indeed answer the particular questions presaged by the notice. Rule 30(b)(6) does not limit what can be asked at deposition. Since there is no specific limitation of what can be asked at deposition, the general deposition standards govern. The reason for adopting Rule 30(b)(6) was not to provide greater notice or protection to corporate deponents, but rather to have the right person present at deposition. The Rule is not one of limitation but rather of specification within the broad parameters of the discovery rules."

The Court in New World also indicated Rule 30 does not justify a process of objection and Court intervention before the deposition, since it would afford a corporate deponent a procedural benefit. The better procedure to follow is for the corporate deponent to object and preserve the objections for judicial ruling, if necessary.

25. Debtors have had notice for two (2) years of the first 21 areas of inquiry for the corporate representative. They had actual notice on October 28, 2008 of the 2 additional areas, for the November 13 deposition, which they cancelled. By the adjourned date of November 20, they had notice of area 1 through 21 for over 2 years and 22 to 23 for 22 days. First, they argued semantics: Is it a re-notice or a continued deposition? Then, they claimed that Visgent's specification of itemized areas of the more general topic was an attempt by Visagent to have a second corporate representative deposition, even though Visagent had a right to explore these areas even without a supplemental notice, since they are material and relevant. The notice was sent to insure a proper representative was produced. Debtors' position is frivolous. Visagent sought and was awarded additional deposition time, after Debtors' refusal to agree to same. The court permitted Visagent to re-depose the corporate representative. The addition of sub-topics does not change the character of a continued deposition to a second deposition, which is prohibited by Rule 30(a)(2)(B) without leave of the court. Visagent had leave to continue

the deposition for an additional 7 hours. Debtors had notice of the topics with more than sufficient time to prepare, especially after aborting the deposition a week earlier. They chose simply not to appear for the second time and should be sanctioned accordingly.

**B. DEBTOR ARGUES IT IS IMPROPER UNDER FEDERAL CASE LAW TO ATTEMPT TO USE A 30(b)(6) DEPOSITION TO QUESTION A CORPORATION ABOUT ITS CLAIMS AND DEFENSES OR FACTS SUPPORTING THOSE CLAIMS AND DEFENSES.**

26. Debtors take the position that Item 22 is "overly broad and would necessarily require the disclosure of attorney work-product, and is, therefore, not an appropriate use of a Rule 30(b)(6) deposition." Accordingly, they flatly refuse to produce a witness without applying for a protective order.

27. Debtors position in untenable. A corporate representative must be able to testify as to the "specific facts supporting its claims and defenses" to an action, since he/she is a factual witness and speaks for the corporation. The facts supporting their claims and defenses are at the crux of the dispute. This area of inquiry was specifically articulated in an effort to ascertain Debtors defenses to Visagent's claims, as was Item 8 in the original notice that was never objected to by Debtors. Throughout these proceedings, Debtors asserted defenses have proved to be moving targets, morphing into different defenses when deposition testimony fails to support them. This matter is now set for trial on liability in June 2009. Pursuant to this Court's November 3, 2008 Order Setting Trial, Debtor must file a Trial Memorandum ten days prior to trial setting forth a brief statement of its theory for each claim of defense it asserted in its Objections to Claim #9953 and a brief summary of Debtor's contentions of facts in support of each claim of defense, and the evidence to be relied upon to establish each of the facts contended. Debtor has the burden of presenting prima fascia evidence supporting its objections.

Visagent has a corresponding obligation to file a Trial Memorandum ten days prior to trial setting forth its theories of defense to Debtor's claims that it has no liability to Visagent under Claim #9953 and a brief summary of Visagent's contentions of facts in support of the legal theories and the evidence to be relied upon to establish each of the

facts contended. Since Debtor has the burden of proof and Visagent must defend based upon the assertions of no liability by Debtor, Visagent can't possibly file its Trial Memorandum unless Debtor states its claims of no liability with factual and legal specificity. The corporate representative should be able to state the claims of the Debtor and the facts supporting such claims.

28. Debtors speculate that this line of questioning would require disclosure of attorney work product. Clairvoyance aside, Debtors could not know the inquiries that would be made to the corporate representative. If questions are improper, Debtors have the right to object on the grounds of privilege and direct the witness not to answer. They cannot simply assume questioning would necessarily violate any particular privilege and refuse to attend a duly noticed deposition without seeking judicial intervention.

29. Debtors cite the case of In re Bilzerian, 258 B.R. 846 (Bankr. M.D.Fla., 2001) to support their position that a corporate representative cannot be questioned on these topics. Their reliance on this authority is misplaced. In Bilzerian, supra, the Securities and Exchange Commission (SEC) sought to dismiss Debtor Bilzerian's Chapter 7 case and a hearing was scheduled. The Debtor then noticed the SEC for a deposition of "person or persons most knowledgeable of the facts supporting the allegations contained" in the motion to dismiss. The SEC contended that a deposition of a person with knowledge from the SEC would require counsel for the SEC to appear and be deposed, since that was the only person with knowledge of the matters set forth in the motion. The SEC indicated that the basis for the requested relief was found in prior court decisions, rather than the personal knowledge of their representative and thus would only yield privileged material. In other words, the representative could not add any factual testimony. The Court found that taking the deposition of the opposing counsel for the SEC would effectively reveal the mental impressions or opinions of the attorney, which are protected from disclosure pursuant to the work product doctrine.

30. The instant matter is clearly distinguishable. In its first notice, Visagent sought to depose the corporate representative on all defenses to the claims of Visagent. No objection was asserted by Debtors at any stage; the corporate representative (Mr. Barr) was actually deposed at some level on this topic. The re-notice sought the same information: the facts supporting Debtors claims and defenses to Visagent's claim. This

is clearly a critical area of examination to clarify and delineate the facts of the case. Pure facts are not the subject of attorney-client privilege. Carnes v. Crete Carrier Corp., 244 F.R.D. 694 (N.D.Ga., 2007)

### C. DEBTOR ARGUES THE RE-NOTICE OF DEPOSTION E-MAILED ON NOVEMBER 12, SENT AFTER DEBTORS UNILATERALLY CANCELLED THE NOVEMBER 13 DEPOSITION, WAS UNTIMELY.

31. This was debtors' last ditch effort to find legitimacy for their clearly wrongful behavior. The deposition was originally set for November 13, 2008 with a notice sent out October 28, 2008. Debtors unilaterally cancelled the deposition; Visagent rescheduled it for November 20, 2008. A new notice was e-mailed on November 12th. Debtors thereafter objected to the timeliness of the notice. This is gamesmanship at its worst.

32. Debtors have abused the discovery process since the inception of this matter. This is the sixth time Visagent has had to seek judicial review on matters that should be dealt with extra-judicially. Debtors' unilateral cancellation of the November 13th deposition, which was noticed on October 28, and then crying foul when Visagent rescheduled the deposition with a notice 9 days prior to the new deposition date, is a quantum of chutzpa to say the least.

### SANCTIONS AND FEES ARE APPRORIATE

33. Rule 37(d) of Federal Rules of Civil Procedure provide that if a party or a Rule 30(b)(6) representative fails to appear for deposition, the court may make such orders in regard to the failure that are just, including the award of attorneys fees and sanctions. Continental Cas. Co. v. Compass Bank, 2006 WL 533510 (S.D. Ala., 2006) Failure of a corporate representative to appear for a deposition is sanctionable. The representative failed to appear, not once, but twice, and failed to adhere to the Federal Rules of Civil Procedure and seek a protective order form the notice. This type of behavior should be countenanced by the Court, and Debtors flagrant violation of the

discovery rules should not be rewarded by allowing them to act as the final arbiter of legitimate discovery disputes, without seeking judicial review.

WHEREFORE, Visagent requests the relief as follows:  1) An order requiring Debtor's 30(b)(6) corporate representative sit for the continuation deposition at a time certain, without limitation, and 2) sanctions including attorneys' fees and costs as appropriately determined by the Court, and 3) for such other and further relief as the Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of this Motion has been electronically filed via ECF and that a true and correct copy of the foregoing has been furnished by US regular Mail to: David L. Gay, Smith, Hulsey & Busey, 225v Water Street, Suite 1800, Jacksonville, Florida 32202 on the 6th day of January, 2009.

Guy Bennett Rubin, Esq. (FBN 691305)
Attorneys for Visagent
**RUBIN & RUBIN**
P.O. Box 395
Stuart, Florida 34995
(772) 283-2004 ph
(772) 283-2009 f
guy.rubin@rubinandrubin.com