UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

### NOTICE OF TAKING CONTINUATION DEPOSITION

TO:   CORPORATE REPRESENTATIVE(S) OF: Winn-Dixie Store, Inc.
      **David L. Gay, Esq.**
      Smith Hulsey & Busey
      225 Water St., Ste. 1800
      Jacksonville, Florida 32202

PLEASE TAKE NOTICE that VISAGENT CORP. through and by undersigned counsel, will take the deposition by oral examination, pursuant to Fed. R. Civ. P. 30 & 45, of the person or persons named below, at the time, date and at the hour and place indicated from day to day until concluded.

**THE CORPORATE REPRESENTATIVE(S) OF WINN-DIXIE STORES INC., WHO HAS/HAVE THE MOST KNOWLEDGE REGARDING:**

The specific facts supporting all claims and defenses in connection with Debtor's Objection, as set forth in its Fourteenth Omnibus Claims Objection relating to Claim No. 9953.

The Victory Wholesale Brokers' NTS system (the NTS system) as used by Debtor's employees or by the employees of Victory Wholesale Brokers on behalf of Debtor, including but not limited to:

   a.   all hardware placed in service in Debtor's offices to facilitate any aspect of buying or selling goods in the secondary marketplace;
   b.   all software placed in service in Debtor's offices to facilitate any aspect of buying or selling goods in the secondary marketplace;


EXHIBIT 1

    c.    the mode, methods and technical specifications of the NTS system, as used in facilitating trades by or on behalf of Debtor;

    d.    all technical specifications concerning the transmission of data to, from and through the NTS system

This deposition will take place **Thursday, November 13, 2008, at office of Hedquist and Associates, 345 East Forsyth Street, Jacksonville, Florida 32202, commencing at 10:00 am.** The deposition(s) shall be upon oral examination, before an Official Court Reporter, or a Notary Public in and for the State of Florida at Large, or some other officer duly authorized by law to take depositions. The deposition(s) is/are being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules. Said deposition(s) shall continue from hour to hour, and day to day until completed.

In accordance with the Americans with Disabilities Act, persons in need of a special accommodation to participate in this proceeding shall, within seven (7) days prior to any proceeding, contact the Clerk, Clerk of the United States District Court, Jacksonville, FL 34950, (904) 803-3400.

PLEASE BE GOVERNED ACCORDINGLY

DATED on _____, 2008.

## CERTIFICATE OF SERVICE

I certify that a true copy was sent via U.S. Mail to Smith Hulsey & Busey, Stephen D. Busey, Esq., David L. Gay, Esq., James H. Post, Esq., Cynthia C. Jackson, Esq., 225 Water Street, Suite 1800, Jacksonville, FL 32202, counsel for the Debtor this \_\_\_\_ day of _____, 2008.

2

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Counsel for Visagent Corp.

**Guy Rubin**

From: Stephen D. Busey [busey@smithhulsey.com]
Sent: Friday, October 31, 2008 4:11 PM
To: Guy Rubin
Subject: Visagent

Guy:

I received this week a copy of your notice of taking a further Rule 30(b)(6) deposition of Winn-Dixie on November 13, together with your notices of the depositions of Messrs. Wulfert and Judd on November 14 and 20 respectively.

David Gay is not here this week and I am not able to communicate with him but I assume you have cleared these dates with him.

In any event I know that we will not have time between next week and November 13 to identify and prepare a Rule 30(b)(6) deponent for Winn-Dixie. For this reason there will be no such deponent in Jacksonville on November 13.

I invite you to coordinate with Mr. Gay when he returns next week regarding when you may take further depositions of a Winn-Dixie representative. I'll ask David to call you at the beginning of next week.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.



1/5/2009

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

### RE-NOTICE OF TAKING CONTINUATION 30(b)(6) DEPOSITION INCLUDING NEW DESIGNATED AREAS OF INQUIRY

TO: CORPORATE REPRESENTATIVE(S) OF: Winn-Dixie Store, Inc.
David L. Gay, Esq.
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202

PLEASE TAKE NOTICE that VISAGENT CORP. through and by undersigned counsel, will take the deposition by oral examination, pursuant to Fed. R. Civ. P. 30 & 45, of the person or persons named below, at the time, date and at the hour and place indicated from day to day until concluded.

**THE CORPORATE REPRESENTATIVE(S) OF WINN-DIXIE STORES INC., WHO HAS/HAVE THE MOST KNOWLEDGE REGARDING:**

**Previously designated areas of inquiry**

1. Purchases and sales by Debtor in the secondary market during the time period of 2000 through 2005.
2. Purchases and sales of inventory by Debtor with any non-manufacturer during the time frame 2000 through 2005.
3. Purchases and sales of whole truckloads in the secondary market by Debtor to or with non-manufacturers during the time frame 2000 through 2005.
4. Purchases and sales of partial, LTL, or less than, truckloads in the secondary market by Debtor with non-manufacturer during the time frame 2000 through 2005.


EXHIBIT 3

5. All aspects of Debtor's custom and practices in the secondary markets for any goods bought or sold by Debtor in these markets during the time frame 2000 through 2005.
6. All aspects of Debtor's custom and practices in dealings with diverters or alternate source vendors during the time frame 2001 through 2004.
7. Purchases and sales through or facilitated by Victory Wholesale Grocers during the time period of 2000 through 2005.
8. All aspects of the relationship and dealings between Debtor and Victory during the time period of 2000 through present.
9. Purchases and sales through or facilitated by Dayman & Associates during the time period of 2000 through 2005.
10. All aspects of the relationship and dealings between Debtor and Dayman & Associates during the time period of 2000 through present.
11. Purchases and sales through or facilitated by Food Marketing Group (FMG) during the time period of 2000 through 2005.
12. All aspects of the relationship and dealings between Debtor and FMG during the time period of 2001 through present.
13. Purchases and sales through or facilitated by Worldwide Retail Exchange (WWRE) during the time period of 2000 through 2005.
14. All aspects of the relationship and dealings between Debtor and WWRE during the time period of 2000 through present.
15. Purchases and sales through or facilitated by intesource during the time period of 2000 through 2005.
16. All aspects of the relationship and dealings between Debtor and Intesource during the time period of 2000 through present.
17. All aspects of the relationship and dealings between Debtor and C&S Wholesale Grocers, Inc. during the time period of 2000 through present.
18. All aspects of the Outside Sales Program (OSC) in connection with Visagent or any other entity during the time period of 2001 through present.
19. Administration of the Service Agreement between Visagent and Winn-Dixie which is the subject of this litigation including all transactions by Winn-Dixie made pursuant to said agreement.
20. All correspondence, communications (internal or external), conferences, meetings, representations and any other aspect of the relationship between Visagent and Debtor from 2000 to present.
21. All defenses to the claims of Visagent in this litigation.

**New areas of inquiry**

22. The specific facts supporting all claims and defenses in connection with Debtor's Objection, as set forth in its Fourteenth Omnibus Claims Objection relating to Claim No. 9953.

23. The Victory Wholesale Brokers' NTS system (the NTS system) as used by Debtor's employees or by the employees of Victory Wholesale Brokers on behalf of Debtor, including but not limited to:

   a. all hardware placed in service in Debtor's offices to facilitate any aspect of buying or selling goods in the secondary marketplace;
   b. all software placed in service in Debtor's offices to facilitate any aspect of buying or selling goods in the secondary marketplace;
   c. the mode, methods and technical specifications of the NTS system, as used in facilitating trades by or on behalf of Debtor;
   d. all technical specifications concerning the transmission of data to, from and through the NTS system

This deposition will take place **Friday, November 21, 2008, at office of Hedquist and Associates, 345 East Forsyth Street, Jacksonville, Florida 32202, commencing at 10:00 am.** The deposition(s) shall be upon oral examination, before an Official Court Reporter, or a Notary Public in and for the State of Florida at Large, or some other officer duly authorized by law to take depositions. The deposition(s) is/are being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules. Said deposition(s) shall continue from hour to hour, and day to day until completed.

In accordance with the Americans with Disabilities Act, persons in need of a special accommodation to participate in this proceeding shall, within seven (7) days prior to any proceeding, contact the Clerk, Clerk of the United States District Court, Jacksonville, FL 34950, (904) 803-3400.

PLEASE BE GOVERNED ACCORDINGLY

DATED on  // -/2-  , 2008.

3

## CERTIFICATE OF SERVICE

I certify that a true copy was sent via U.S. Mail to Smith Hulsey & Busey, Stephen D. Busey, Esq., David L. Gay, Esq., James H. Post, Esq., Cynthia C. Jackson, Esq., 225 Water Street, Suite 1800, Jacksonville, FL 32202, counsel for the Debtor this 12th day of Nov, 2008.

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Counsel for Visagent Corp.

# SMITH HULSEY & BUSEY

DAVID L. GAY
DIRECT 904.359.7860
DGAY@SMITHHULSEY.COM

November 7, 2008

Guy Bennett Rubin, Esq.
Rubin & Rubin
P.O. Box 395
Stuart, Florida 34995

Re:  In re Winn-Dixie Stores, Inc., et al.; U.S. Bankruptcy Court, Middle District of Florida; Case No. 05-03817-3F1, Chapter 11

Mr. Rubin:

We received your notice of Winn-Dixie's corporate representative.

The deposition notice is styled as a notice of "continuation deposition." However, the notice lists areas of knowledge separate and distinct from those listed for Visagent's previous depositions of Winn-Dixie's corporate representatives. Accordingly, the deposition Visagent is seeking to take on November 21 is not a continuation of a prior deposition.

Further, the first area of knowledge listed in the notice of continuation of deposition (specific facts supporting all claims and defenses) is overly broad and would necessarily require the disclosure of attorney work-product, and is, therefore, not an appropriate use of a Rule 30(b)(6) deposition.

Accordingly, a corporate representative of Winn-Dixie will not appear for a deposition regarding specific facts supporting Winn-Dixie's claims and defenses. However, if Visagent notices for a separate (not continued) Rule 30(b)(6) deposition, Winn-Dixie's corporate representative regarding the Victory Network Trading System, a representative of Winn-Dixie will appear for deposition regarding that area of knowledge.

Sincerely,

David L. Gay

DLG/tdt/00630640

EXHIBIT 4

## Kristen Gallas

**From:** Gladys LaForge
**Sent:** Tuesday, January 06, 2009 4:23 AM
**To:** Kristen Gallas
**Subject:** FW: Hearing on Visagent's 6th Motion to Compel
**Attachments:** 11.12.08 Re-Notice of Taking 30b6 dep on 11-21-08.pdf

---

**From:** Guy Rubin
**Sent:** Wednesday, November 12, 2008 4:07 PM
**To:** 'David L. Gay'
**Cc:** Gladys LaForge; Kristen Gallas
**Subject:** RE: Hearing on Visagent's 6th Motion to Compel

Yes, that date works. Will you be sending out a notice?

Also, responding to your November 7th letter, please find attached to this email a re-notice of the 30(b) deposition for next Friday. To be clear, we intend to follow up regarding all of the areas previously noticed but not concluded, and also, additional areas of inquiry as listed and so designated. This is a continuation deposition as it is all part of the 30b6 deposition of a party per the court's order authorizing an additional 7 hours of deposition time.

I do not agree with your analysis that "specific facts supporting claims and defenses" are overbroad or an invasion of privileged information. In fact, that area was previously noticed as number 21; WD did not object. I expect Debtor to produce a representative knowledgeable as to this area of inquiry, and all other areas of inquiry in the Re-Notice, or alternatively, to file a motion for protective order and attempt to have it heard before the deposition next Friday.


From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

---

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Wednesday, November 12, 2008 2:54 PM
**To:** Guy Rubin
**Subject:** RE: Hearing on Visagent's 6th Motion to Compel



1/6/2009

## Kristen Gallas

**From:** Gladys LaForge
**Sent:** Tuesday, January 06, 2009 4:23 AM
**To:** Kristen Gallas
**Subject:** FW: Hearing on Visagent's 6th Motion to Compel

---

**From:** Guy Rubin
**Sent:** Friday, November 14, 2008 2:36 PM
**To:** 'David L. Gay'
**Cc:** Gladys LaForge
**Subject:** RE: Hearing on Visagent's 6th Motion to Compel

Mr. Gay,

Please provide a citation for the federal caselaw to which you refer in item number 3 below and the rule number to which you refer in item number 2.

Thank you.


From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

---

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Friday, November 14, 2008 2:25 PM
**To:** Guy Rubin
**Subject:** RE: Hearing on Visagent's 6th Motion to Compel

Mr. Rubin:

Regarding Visagent's 6th motion to compel, attached is a consent motion to continue the hearing to January 26 and a proposed order which we intend to file with the Court on Monday.

The re-notice of deposition attached to your email below is improper for the following reasons.

First, as stated in our November 7 letter, Visagent's attempt to add additional areas of knowledge to a

EXHIBIT 6

1/6/2009

"continued" deposition is improper. The order of the Court you reference (Docket No. 19416) authorizes Visagent to take up to an additional seven hours to complete the August 24, 2007 deposition of Tom Barr as previously noticed. That order does not authorize Visagent to expand the scope of that deposition.

Second, pursuant to the Federal procedure rules, Visagent is allowed to take only one 30(b)(6) deposition of a party without leave of court. Visagent's notices regarding the "continuation" of the prior deposition are an improper attempt to take an additional deposition of Winn-Dixie's corporate representative without court approval.

Third, Federal caselaw states that it is improper to attempt to use a 30(b)(6) deposition to question a corporation about its claims and defenses or facts supporting those claims and defenses.

Lastly, we did not understand from your initial notice of continuation of 30(b)(6) deposition that you wanted to complete your deposition of Tom Barr on November 21. The notice attached to your November 12 email does not provide us the ten days notice to which we are entitled under local practice.

For these reasons, Winn-Dixie will not produce a representative for deposition on November 21 pursuant to your re-notice of deposition.

Here is what we suggest:

1.   We will make Tom Barr available to complete his deposition pursuant to your July 21, 2007 notice of deposition. Please provide us with prospective dates for that deposition, and we will clear those dates with Winn-Dixie.

2.   We will recommend that Winn-Dixie make a witness available to testify about the information available to Winn-Dixie regarding Victory's NTS system, as described in your November 12 notice of deposition.

   Please let us know if this is acceptable to you, and we will work with your office to establish dates for the additional depositions.


**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:guy.rubin@rubinandrubin.com]
**Sent:** Wednesday, November 12, 2008 4:07 PM
**To:** David L. Gay
**Cc:** Gladys LaForge; Kristen Gallas
**Subject:** RE: Hearing on Visagent's 6th Motion to Compel

Yes, that date works. Will you be sending out a notice?

Also, responding to your November 7th letter, please find attached to this email a re-notice of the 30(b) deposition for next Friday. To be clear, we intend to follow up regarding all of the areas previously noticed but not concluded, and also, additional areas of inquiry as listed and so designated. This is a continuation deposition as it is all part of the 30b6 deposition of a party per the court's order authorizing an additional 7 hours of deposition time.

## Kristen Gallas

**From:** Gladys LaForge
**Sent:** Tuesday, January 06, 2009 4:22 AM
**To:** Kristen Gallas
**Subject:** FW: Hearing on Visagent's 6th Motion to Compel

**From:** Guy Rubin
**Sent:** Friday, November 14, 2008 3:38 PM
**To:** 'David L. Gay'
**Cc:** Gladys LaForge
**Subject:** RE: Hearing on Visagent's 6th Motion to Compel

Mr. Gay,

I've read Bilzerian and 30(a)((2). I don't agree with your reading of either. Bilzerian is clearly distinguishable on the facts and does support your contention anyway. Rule 30(a)(2) does not prohibit the continued deposition of a party, particularly where the court has already granted additional time for this precise purpose.

Regarding your objection to insufficient notice, the deposition was actually postponed one week per Mr. Busey's request on October 31st. Ample notice was provided. You are designating Mr. Barr under the rules, not Visagent.

Regarding your proposal, it took a month to get dates the last time I attempted to set depositions; I don't intend to start that process all over again. Your "recommendation" for WD to supply a witness/representative is equivocal. Accordingly, your proposal is not acceptable. If you have firm dates in early December to commit to, then I will talk to my client about it. Otherwise, unless you obtain a court order to the contrary, I plan to proceed.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Friday, November 14, 2008 3:01 PM



EXHIBIT 7

1/6/2009

## Kristen Gallas

**From:** Gladys LaForge
**Sent:** Tuesday, January 06, 2009 4:22 AM
**To:** Kristen Gallas
**Subject:** FW: Hearing on Visagent's 6th Motion to Compel

---

**From:** Guy Rubin
**Sent:** Tuesday, November 18, 2008 1:35 PM
**To:** 'David L. Gay'
**Cc:** 'Stephen D. Busey'; Gladys LaForge; Kristen Gallas
**Subject:** RE: Hearing on Visagent's 6th Motion to Compel

Mr. Gay,

Obviously we disagree on the law. As you are aware, the rules require you to file a motion for protective order and get an order from the court if you have problems with our notice of taking deposition. Do you intend to follow the proper procedure or simply take the law into your own hands by refusing to show up at a duly noticed deposition?

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

---

> **From:** David L. Gay [mailto:dgay@smithhulsey.com]
> **Sent:** Friday, November 14, 2008 4:21 PM
> **To:** Guy Rubin
> **Subject:** RE: Hearing on Visagent's 6th Motion to Compel
>
> Mr. Rubin:
> Regarding the propriety of using a 30(b)(6) deposition to question a party regarding its claims and defenses, I can only suggest that you re-read the case, and endeavor to research the issue further. I am certain you will find ample authority supporting our position.
>
> Regarding Rule 30(b)(2), your email misstates our assertion. We have not suggested that the rule prohibits Visagent from concluding Mr. Barr's deposition, as originally noticed. However, as my email below states, Rule 30(b)(2) does prohibit Visagent from conducting another 30(b)(6) deposition of Winn-


EXHIBIT 8

1/6/2009

Dixie without Court approval, which is effectively what Visagent is attempting to do by noticing a 30(b)(6) which is completely distinct from the 30(b)(6) deposition Visagent began on August 24, 2007.

Regarding the insufficiency of notice, as stated in my email below, Visagent's initial notice of continuation of deposition did not reference in any way the August 24, 2007 deposition of Tom Barr, or the 21 areas of knowledge listed in the notice regarding that deposition. The first mention of Visagent's intent to continue that deposition was your November 12 email, less than 10 days prior to the deposition. That is insufficient notice.

I will endeavor to obtain dates in December for continuing Mr. Barr's deposition. However, as stated in my email below, Winn-Dixie will not produce a representative for deposition on November 21 pursuant to your re-notice of deposition.

**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:guy.rubin@rubinandrubin.com]
**Sent:** Friday, November 14, 2008 3:38 PM
**To:** David L. Gay
**Cc:** Gladys LaForge
**Subject:** RE: Hearing on Visagent's 6th Motion to Compel

Mr. Gay,

I've read Bilzerian and 30(a)((2). I don't agree with your reading of either. Bilzerian is clearly distinguishable on the facts and does support your contention anyway. Rule 30(a)(2) does not prohibit the continued deposition of a party, particularly where the court has already granted additional time for this precise purpose.

Regarding your objection to insufficient notice, the deposition was actually postponed one week per Mr. Busey's request on October 31st. Ample notice was provided. You are designating Mr. Barr under the rules, not Visagent.

Regarding your proposal, it took a month to get dates the last time I attempted to set depositions; I don't intend to start that process all over again. Your "recommendation" for WD to supply a witness/representative is equivocal. Accordingly, your proposal is not acceptable. If you have firm dates in early December to commit to, then I will talk to my client about it. Otherwise, unless you obtain a court order to the contrary, I plan to proceed.


From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.

## Kristen Gallas

**From:** Gladys LaForge
**Sent:** Tuesday, January 06, 2009 4:21 AM
**To:** Kristen Gallas
**Subject:** FW: Hearing on Visagent's 6th Motion to Compel

---

**From:** Guy Rubin
**Sent:** Tuesday, November 18, 2008 10:28 PM
**To:** 'David L. Gay'
**Cc:** 'Stephen D. Busey'; Gladys LaForge
**Subject:** RE: Hearing on Visagent's 6th Motion to Compel

Mr. Gay,

I thought we were beyond this nonsense. Since you have elected to take the position that you are both the objecting party and the arbiter of the dispute merged into one, I am forced to file yet another motion, this time seeking sanctions for your intentional violation of the rules. So much for the spirit of cooperation.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

---

> **From:** David L. Gay [mailto:dgay@smithhulsey.com]
> **Sent:** Tuesday, November 18, 2008 6:52 PM
> **To:** Guy Rubin
> **Subject:** RE: Hearing on Visagent's 6th Motion to Compel
>
> Mr. Rubin:
>
> The deposition was not "duly noticed." As fully set forth in our prior emails, Visagent has not properly noticed the deposition. Accordingly, Winn-Dixie is under no obligation to produce a representative to testify on November 21 and will not do so.
>
> As we have also previously stated, if and when Visagent properly notices the referenced deposition, we will work


EXHIBIT 9

1/6/2009

with your office to schedule the first mutually available date for that deposition.

David L. Gay

Smith Hulsey & Busey

225 Water St., Ste. 1800

Jacksonville, Florida 32202

(904) 359-7860 (direct)

(904) 359-7708 (fax)

dgay@smithhulsey.com

---

From: Guy Rubin [mailto:guy.rubin@rubinandrubin.com]
Sent: Tuesday, November 18, 2008 1:35 PM
To: David L. Gay
Cc: Stephen D. Busey; Gladys LaForge; Kristen Gallas
Subject: RE: Hearing on Visagent's 6th Motion to Compel

Mr. Gay,

Obviously we disagree on the law. As you are aware, the rules require you to file a motion for protective order and get an order from the court if you have problems with our notice of taking deposition. Do you intend to follow the proper procedure or simply take the law into your own hands by refusing to show up at a duly noticed deposition?

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com <mailto:guy.rubin@rubinandrubin.com>

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

---

From: David L. Gay [mailto:dgay@smithhulsey.com]
Sent: Friday, November 14, 2008 4:21 PM
To: Guy Rubin
Subject: RE: Hearing on Visagent's 6th Motion to Compel