**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.,* | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors.[1] | | |
| | ) | |

**DEBTORS' MOTION FOR AN ORDER TO COMPEL NON-BINDING**
**ARBITRATION AS TO THE CLAIMS FILED BY VERONA KHANI**

Winn-Dixie Stores, Inc., and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), move the Court for an order compelling non-binding arbitration as to the claims filed by Verona Khani (the "Motion"). In support of this Motion, the Debtors say:

**Background**

1.     On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the Bankruptcy Code, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.

---

[1]  In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases:  Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie

2.      To date, over 13,000 proofs of claim have been filed against the Debtors in these cases.  Approximately 3,200 of these Proofs of Claim were unliquidated personal injury or property damage claims for which litigation had been commenced or threatened against the Debtors pre-petition "Litigation Claims").

3.      On August 12, 2005, to facilitate the consensual liquidation of the Litigation Claims in an expeditious and cost-efficient manner, the Debtors filed a Motion for an Order Establishing a Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Pre-petition Litigation Claims (Docket No. 2976) (the "Claims Resolution Procedure Motion").

4.      On September 1, 2005, this Court entered an Order approving the Claims Resolution Procedure Motion (Docket No. 3326) (the "Claims Resolution Procedure Order").[2]  The Claims Resolution Procedure approved by this Court was attached to the Claims Resolution Procedure Order.[3]

---

Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

[2]  Capitalized terms not defined herein shall have the same meaning as in the Claims Resolution Procedure Motion (Docket No. 2976) and Claims Resolution Procedure Order (Docket No. 3326).

[3]  The Claims Resolution Procedure was modified: (i) on October 7, 2005, by the entry of an Order Authorizing Debtors to Settle or Liquidate Certain Litigation Claims with Cash Payments (Docket No. 3838); (ii) on January 19, 2006, by the entry of an Order Authorizing Debtors to Settle or Liquidate Additional Claims Pursuant to the Claims Resolution Procedure (Docket No. 5218); and (iii) on April 20, 2006, by the entry of an Order Modifying the Claims Resolution Procedure (to increase the aggregate limit on de minimis cash payments and to require mediation as a prerequisite to stay relief).

5.      On November 9, 2006, this Court entered an order (the "Confirmation Order") confirming the Debtors' plan of reorganization as modified, including a plan supplement dated October 3, 2006 (collectively, the "Plan").  Pursuant to the Plan, the Claims Resolution Procedure remains in full force and effect.

6.      The Claims Resolution Procedure requires that Litigation Claims be mediated in good faith before they can be liquidated in another forum.

**The Claimant's Failure to Mediate in Good Faith**

7.      Verona Khani ("Claimant") filed Claim Numbers 8458 and 8503, both in the amount of $250,000, and both based upon the same slip and fall accident.

8.      Claimant has documented approximately $8,000 in medical expenses in connection with the claims and has no lost wages.[4]

9.      Although the Claimant and her counsel physically appeared in Jacksonville for a scheduled mediation under the Claims Resolution Procedure, they did not mediate in good faith as evidenced by the fact that they left the mediation shortly after the mediation session had begun.

10.      Under the circumstances, the parties should be afforded an opportunity to resolve the Claimant's claims through non-binding arbitration before the Debtors are required to incur the expense of litigating the claims in state court.

---

[4] Although the Claimant asserts that she plans to have a future knee surgery as a result of this 2001 accident, at this time her damages do not exceed approximately $8,000 in medical bills and pain and suffering.

**Relief Requested**

By this Motion, the Debtors seek an order compelling the non-binding arbitration of the claims filed the Claimant as follows:

(i)      the arbitration will be completed in a one day arbitration session;

(ii)     the arbitration session will take place in Miami, Florida on a date and time mutually agreed upon by the parties or, absent an agreement, by order of this Court;

(iii)    a single arbitrator will be selected by the parties by mutual agreement and, absent an agreement, by order of this Court;

(iv)     Winn-Dixie Stores, Inc., will be solely responsible for the payment of arbitrator's fees, up to $5,000.00;

(v)      no live testimony will be presented at the arbitration, other than that of the Claimant, if she chooses to testify;

(vi)     Local Rule 9019-2 shall apply to the arbitration; and

(vii)    the arbitration will be non-binding as to both parties; however, if the Claimant will agree in writing to binding arbitration prior to the commencement of the arbitration, the Debtors will be bound by any award up to the full amount in which the Claims were filed ($250,000.00).

**Basis for Relief**

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     The statutory predicates for the relief sought herein are Bankruptcy Code

sections 102(1), 105(a), 105(d), and 502(b), 28 U.S.C. § 157(b)(5) and Rule 9029 of the

Federal Rules of Bankruptcy Procedure

### Applicable Authority

This Court has the authority to order arbitration of Claimant's claims based upon

its inherent authority to control its own docket and to achieve the orderly and expeditious

disposition of cases:

> The inherent authority of federal courts, including
> bankruptcy courts, permits them to "manage their own
> affairs so as to achieve the orderly and expeditious
> disposition of cases." The courts may exercise this case
> management authority to encourage or require nonbinding
> ADR, but only when it does not interfere with
> constitutional safeguards, does not coerce settlement, and
> does not impose undue burdens or delays on the parties. …
> Ample inherent authority exists for bankruptcy courts to
> compel parties to participate in ADR reasonably adapted to
> the legitimate needs of case management, the litigants, and
> judicial                                                                   economy.
>
> Ralph R. Mabey et al., *Expanding
> the Reach of Alternative Dispute
> Resolution in Bankruptcy: The Legal
> and Practical Bases for the Use of
> Mediation and Other Forms of ADR*,
> 46 S.C.L.Rev. 1259 (1995).

For example, in *In re Federated Department Stores, Inc*., 328 F.2d 829, 832 (6th

Cir. 2003), the bankruptcy court, in the interest of expediting the resolution of the

remaining claims against the estate, entered an order requiring the remaining personal

injury claimants to participate in arbitration and staying their state court actions.

Claimants were allowed to choose whether the arbitration would be binding or non-binding. *Id.* Two of the Claimants in that case, the Spierers, filed a motion to lift the stay, which the bankruptcy court denied. *Id.* In upholding the bankruptcy court's decision, the Circuit court noted:

> The refusal to lift the stay appears to have been well within the bankruptcy court's discretion. The bankruptcy court noted that the [arbitration order], which required certain remaining claimants to bring their claims in ADR before litigating, had aimed to "expedit[e] the resolution of a relatively few remaining claims." J.A. at 410. Although the Spierers claim that this ADR process imposed an unnecessary hardship on them, arguing that their health would prohibit them from traveling [from Florida] to New York for the hearing and that the arbitrator's proposed alternative of a videoconference was prohibitively expensive, the bankruptcy court did not abuse its discretion in finding that ADR's expeditious procedures outweighed the Spierers' hardships: The Spierers had counsel in New York who presumably could have represented their interests at the ADR, their proposed alternative of litigating in New York state court appears to impose no less of a burden, and under the January 8, 1997 order's ADR plan, the Spierers could still proceed to court even if they participated in the ADR and lost.

*Id.* at 836-37.

In this case, the relief requested will not require the Claimant to travel or incur undue additional expense. Moreover, the Claimant in this case, like the Spierers, can proceed to state court after participating in the arbitration if she chooses. In this case, as in *Federated Department Stores*, requiring the Claimant to participate in a non-binding arbitration prior to proceeding in state court will not impose a hardship on the Claimant

and, in any event, the benefits of alternative dispute resolution will outweigh any such alleged hardship.  *See id.*

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an order requiring the non-binding arbitration of Claimant's claims and granting such other and further relief as is just and proper.

Dated: January 16, 2009

SMITH HULSEY & BUSEY


By    */s/Leanne McKnight Prendergast*
      James H. Post
      Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Counsel for the Debtors

00638990

## **Certificate of Service**

I certify that a copy of this document has been furnished electronically or by mail this 16th day of January, 2009 to:

H.C. Palmer, III, Esq.
PO Box 330232
Miami, Florida 33233-0232

*s/ Leanne McKnight Prendergast*

638990