**Hearing Date: February 19, 2009 at 1:30 p.m.**
**Response Deadline: February 9, 2009 at 4:00p.m.**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. [1] | ) | Jointly Administered |

**NINTH MOTION OF REORGANIZED DEBTORS FOR ENTRY OF**
**AGREED ORDERS ON SETTLEMENT AGREEMENTS WITH CLAIMANTS**

Winn-Dixie Stores, Inc., and twenty-three of its reorganized debtor affiliates (collectively, the "Reorganized Debtors"), move the Court for the entry of Agreed Orders on settlement agreements entered into between the Reorganized Debtors and the Claimants identified on Exhibit A, and in support of this motion, say:

**The Pending Settlement Agreements**

1. Upon reaching a settlement agreement with a Claimant, the Debtors' claims agent issues a letter confirming the terms of the settlement to the claimant or, if applicable, the claimant's counsel (the "Settlement Confirmation Letter"). To implement the settlement agreement, counsel for the Debtors thereafter prepares an agreed order and serves it by mail to the claimant or claimant's counsel which the parties execute and

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

submit to the Court. After the Court enters the agreed order, a distribution on the claim is made pursuant to the Plan.

2.     Although each of the Claimants identified on Exhibit A settled their claims with the Debtors and was served with a Settlement Confirmation Letter, each of these Claimants failed to return their respective agreed orders.

3.     Each Settlement Confirmation Letter reflects a settlement agreement between the Reorganized Debtors and a Claimant which is valid and enforceable as a matter of law. *See State Farm Mutual Auto. Ins. Co. v. Interamerican Car Rental, Inc.*, 781 So. 2d 500, 502 (Fla. 3d DCA 2001)(a settlement agreement does not have to be in writing to be enforceable).

## Relief Requested

By this Motion, the Debtors seek the entry of an Agreed Order to implement the settlement and distribution under the Plan as to each of the Claimants identified on Exhibit A.

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an Agreed Order in the form attached as Exhibit B or C, as appropriate, for each of the Claimants identified on Exhibit A and grant such other and further relief as is just and proper.

Dated: January 19, 2009

SMITH HULSEY & BUSEY


By     *s/ Leanne McKnight Prendergast*
     Stephen D. Busey
     James H. Post
     Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Counsel for Reorganized Debtors

00639650

**EXHIBIT A**

| Claimant | Proof of Claim Number(s) | Docket No. of Motion for Administrative Expense | Agreed Settlement Amount | Claim Class |
|---|---|---|---|---|
| Comacho, Maria | | 13961 | $90,000.00 | Admin. |
| Dericho, Audrey | | 14258 | $6,000.00 | Admin. |
| Hernandez, Mayrelis | 6100 | | $200,000.00 | 16 |
| Hughes, Bonnie | | 13737 | $9,000.00 | Admin. |
| Hymel, Donalandis | | 14427 | $12,000.00 | Admin. |
| Lambert, Annie | | 13801 | $150,000.00 | Admin. |
| Marchese, Sandra | | 14837 and 155117 | $10,000.00 | Admin. |
| Munro, Thomas | 9546 | | $40,000.00 | 16 |

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

**AGREED ORDER OF RESOLUTION OF THE LITIGATION
CLAIM OF _____ (CLAIM NO. _____)**

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc., and its affiliates (collectively, the "Reorganized Debtors") and in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326) and the Ninth Motion of Reorganized Debtors for Entry of Agreed Orders on Settlement Agreements with Claimants (Docket No. _____). Based upon the settlement agreement of the parties, and it appearing to the Court that the proposed Agreed Order is for an agreed amount less than the $250,000 notice threshold established in the Claims Resolution Procedure and the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, as modified (the "Plan"), it is

ORDERED AND ADJUDGED:

1. Claim No. _____ filed by claimant, _____the "Claimant"), is allowed in the amount of $_____.00 as a Class 16 Other Unsecured Claim under the Plan.

2. This Agreed Order resolves (i) all liabilities and obligations related to Claim No. _____ and (ii) all other claims the Claimant has or may have against the Reorganized Debtors and any of their Chapter 11 estates, officers, employees, agents,

successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

3. Pursuant to the Plan, distribution will be made on the allowed Claim (i) to the person and address as set forth in the proof of claim form filed on behalf of the Claimant and (ii) at such time as required by the Plan.

4. The Claimant is directed to dismiss with prejudice any legal proceeding commenced by Claimant against the Reorganized Debtors in this Court or in any other forum and pay all applicable court costs, if any.

5. The Reorganized Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to any Litigation Claim, or make any admission of liability. The Claimant, not the Reorganized Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement, except those Medicare liens or claims released by the United States Department of Health and Human Services pursuant to the Agreed Order entered by this Court on March 9, 2007 (Docket No. 15439).

6. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of February, 2009, in Jacksonville, Florida.

                                         Jerry A. Funk
                                         United States Bankruptcy Judge

Copy to:
Leanne McKnight Prendergast

[Leanne McKnight Prendergast is directed to serve a copy of this order on the Claimant and file a proof of service.]

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors.[2] | ) | Jointly Administered |
| | ) | |

**AGREED ORDER RESOLVING THE ADMINISTRATIVE
CLAIM FILED BY _____**

This case is before the Court upon the objection of Winn-Dixie Stores, Inc. and its affiliates (collectively, the "Reorganized Debtors") to the administrative claim (the "Claim") of _____, (the "Claimant") (Docket _____) and the Ninth Motion of Reorganized Debtors for Entry of Agreed Orders on Settlement Agreements with Claimants (Docket No. _____), it is

ORDERED AND ADJUDGED:

1. The Claim is allowed as an administrative claim in the amount of $_____ under the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, as modified (the "Plan").

---

[2] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

2. Distributions will be made on the allowed Claim pursuant to Sections 4.1 and 9.2 of the Plan to the Claimant in care of the person at the address as set forth in the application for administrative expenses.

3. This Agreed Order resolves (i) all liabilities and obligations related to the Claim and (ii) all other prepetition or post-petition claims the Claimant has or may have against the Reorganized Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

4. The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Reorganized Debtors in this Court or in any other forum.

5. The Reorganized Debtors do not, by this Agreed Order, acknowledge the validity of any claim or make any admission of liability. The Claimant, not the Reorganized Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.

6. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of _____, 2009, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:
Leanne McKnight Prendergast

[Leanne McKnight Prendergast is directed to serve a copy of this order on the Claimant and file a proof of service.]

## Certificate of Service

I certify that a copy of this document has been furnished electronically or by mail this 20th day of January 2009 to:

Thomas Munro
Attn: Angela Outten
777 Alderman Road
Palm Harbor, Florida 34683

Sandra Marchese
Attn: Richard D. Giglio
Maney & Gordon, PA
101 E. Kennedy Blvd Ste 3170
Tampa, FL  33602

Bonnie Hughes
Attn: Dennis M. Janssen, Esq.
1219 W. Dixie Ave.
Leesburg, Florida 34748

Annie Lambert
Attn: Mr. Jake A. Norton, Esq.
Cochran, Cherry, Smith, Lane
   & Taylor, P.C.
Post Office Box 927
Dothan, Alabama  36302-092

Mayrelis Hernandez
8760 SW 25th Street
Miami, Florida 33165

Audrey Dericho
Attn: Mark Reynolds, Esq.
Law Offices of Robbins & Reynolds
9200 South Dadeland Blvd. Suite 412
Miami, Florida 33156

Donalandis Hymel
Attn: Warren Forstall, Esq.
Forstall, Mura & Powers
320 N. Carrollton Ave., Suite 200
New Orleans, LA  70119-5111

Maria Camacho
Attn: Elliott Bader, Esq.
Bader, Stillman & Adler, P.L.
6100 W Atlantic Blvd
Margate, FL  33063

*s/ Leanne McKnight Prendergast*

00639650