UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**MOTION TO STRIKE THE TAX COMMISSIONER
OF MUSCOGEE COUNTY, GEORGIA'S RESPONSE TO THE
REORGANIZED DEBTORS' OBJECTION TO TAX CLAIMS**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Reorganized Debtors") move the Court pursuant to Rule 7037(d)(1)(A)(ii) and 7037(b)(2)(A)(iii), Federal Rules of Bankruptcy Procedure, to strike the Tax Commissioner of Muscogee County, Georgia's ("Muscogee") response to the Reorganized Debtors' Third Omnibus Objection to Tax Claims and a Motion for Order Determining Tax Liabilities (the "Objection to Tax Claims"; Docket No. 8772), and in support says:

1.     On June 26, 2006, the Reorganized Debtors filed the Objection to Tax Claims relating to Claim No. 1957 filed by the County of Muscogee Tax Commissioner (the "Muscogee Claim").  On July 14, 2006, Muscogee filed a timely response to the Objection to Tax Claims (Docket No. 9227).

2.     On September 19, 2008, the Reorganized Debtors served Muscogee with Interrogatories (Exhibit A) and a Request for Production (Exhibit B) (collectively the "Discovery Requests").

3.     Although the Reorganized Debtors had agreed to extend the time for Muscogee to respond to the Discovery Requests, that time has expired and Muscogee has failed to respond to the Reorganized Debtors' Discovery Requests.

4.     If a party fails to respond to properly served interrogatories or request for production, Rule 7037 provides that the Court may sanction the party by striking pleadings in whole or in part:

> (1)     In General.
>
> (A)   Motion; Grounds for Sanctions.   The court where the action is pending may, on motion, order sanctions if:
>
> ***
>
> (ii)     a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written responses.
>
> ***
>
> (3)     Types of Sanctions.   Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[1] Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.
>
>                               Rule 7037(d)(1)(A)(i) and (d)(3),
>                               Fed. R. Bankr. P.

Because Muscogee has failed to respond to the Interrogatories and Request for Production which the Reorganized Debtors properly served on Muscogee, the

---

[1] Among the orders included in Rule 37(b)(2)(A)(i-iv), is an order "striking pleadings in whole or in part." Rule 37(b)(2)(A)(iii).

Court should strike Muscogee's response to the Objection to Tax Claims and award reasonable attorney's fees to the Reorganized Debtors.

<u>Rule 7026(c) and Rule 7037(a)(2)(A) Certification</u>

The undersigned certifies that he has in good faith attempted to confer with Muscogee's attorney in an effort to resolve the issues raised in this motion without Court action.

WHEREFORE, the Reorganized Debtors request that the Court enter an order (i) striking Muscogee's response to the Objection to Tax Claims and enter an order sustaining the Reorganized Debtors' Objection to Tax Claims as it pertains to the Muscogee Claim; (ii) awarding the Reorganized Debtors their fees and costs related to bringing this motion and (iii) granting such further relief as the Court deems appropriate.

SMITH HULSEY & BUSEY

By: _*/s/ Allan E. Wulbern*_
      Allan E. Wulbern

Florida Bar Number 175511
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Reorganized Debtors

Certificate of Service

I certify that a copy of the foregoing has been furnished via the CM/ECF electronic notification system to Richard R. Thames, Esq. and Robert A. Heekin, Esq., Stutsman, Thames and Markey, 50 North Laura Street, Suite 1600, Jacksonville, Florida 32202, and all parties in interest entitled to receive such notification on this 13th day of January 2009.


_____/s/ *Allan E. Wulbern*___
Attorney

00638352

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors, *et al.*, | ) | Jointly Administered |

## WINN-DIXIE'S FIRST SET OF INTERROGATORIES TO COUNTY OF MUSCOGEE GEORGIA TAX COMMISSIONER

To:   Tax Commissioner of County of Muscogee, Georgia
c/o Richard Thames, Esq.
Stutsman Thames & Markey, P.A.
50 North Laura Street, Suite 1600,
Jacksonville, Florida 32202

Winn-Dixie Stores, Inc. and twenty three of its subsidiaries and affiliates ("Winn-Dixie"), pursuant to Rule 7033, Federal Rules of Bankruptcy Procedure, propounds the interrogatories set forth below on the County of Muscogee Tax Commissioner.

SMITH HULSEY & BUSEY

By:   *Beau Bowin*
　　　Cynthia C. Jackson
　　　Beau Bowin

Florida Bar No. 792551
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
bbowin@smithhulsey.com

Attorneys for Winn-Dixie

## EXHIBIT A

<u>Definitions and Instructions</u>

For the purpose of these interrogatories, the following definitions apply:

A.    "Muscogee," "you" and "your" mean the Tax Commissioner of Muscogee County, Georgia, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

B.    "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, Muscogee and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

C.    "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, without limiting the generality of the foregoing, tax records, property record cards, property data cards, public records, appraisals, surveys, manuals, guides, instructions, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, bills of lading, credit memos, debit memos, letters of credit, warehouse receipts, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, including audio and video recordings and computer stored information such as word processing documents and e-mails. The foregoing definition includes originals of documents and all copies that are different in any way from the originals.

D.    "Objection to Claim" means the Debtors' Third Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Doc. No. 8772).

E.    "Property" means the personal property identified on page 40 of Exhibit A and page 3 of Exhibit C to the Objection to Claim, including the property upon which your proof of claim number 1957 is based.

F.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

G.    The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

H.    "Identify" means to set forth:

1.    When used with reference to a person:

   a.    the person's full name;
   b.    the person's current or last known home and business addresses and telephone numbers; and
   c.    if employed, the name of the person's employer and the position held.

2.    When used with reference to a corporation or other business entity:

   a.    its complete name;
   b.    its current mailing address; and
   c.    its current telephone number.

3.    When used with reference to a document:

   a.    its subject matter;
   b.    its substance in summary form;
   c.    the identity of each person involved in preparing it; and
   d.    the identity of each person currently in possession of it.

4.    When used with reference to a tangible physical object:

   a.    the object's description;
   b.    the object's identification code, if any;
   c.    the object's make, model and year, if applicable;
   d.    the object's current location; and
   e.    the person to contact to arrange an inspection of the object.

5.    When used with reference to a statute:

   a.    the Title and Code under which the statute was enacted;
   b.    the section of the statute;
   c.    the subsection of the statute; and
   d.    the subparagraph(s) of the statute.

I.    "Person" means all natural persons and entities, including without limitation, corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus and boards.

J.    "State with specificity" or "describe with specificity" means to (i) state the substance of the facts supporting your response, (ii) identify documents supporting your response, and (iii) identify all witnesses who have knowledge or information supporting your response, listing the information or knowledge that each such witness possesses.

K.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

L.    The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

M.    In response to these interrogatories, you are required to disclose all information known to you, your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

N.    If you are unable to answer the attached interrogatories after conducting a reasonable investigation, so state and answer to the extent possible, further stating the information you cannot provide and the efforts made to obtain such information.

O.    Unless otherwise stated in a specific interrogatory, the time period relevant to these interrogatories is tax years 2004 through 2006.

<u>Interrogatories</u>

1.    Identify all persons supplying any information used in preparing answers to these interrogatories and identify the interrogatory for which such information was supplied.

2.    Identify all persons who are believed or known by you to have knowledge or information relating to the assessed value of the Property or the Objection to Claim and for each such person, state with specificity the knowledge or information held.

3.    Identify all employees, agents or representatives of Winn-Dixie with whom you had communications relating to the assessed value of the Property or the Objection to Claim.

4.      State with specificity all actions you have taken to preserve relevant information and data (including electronic documents, communications and data) relating to the assessed value of the Property and the Objection to Claim and identify all persons who have been given responsibility for preserving such relevant information, documents, communications and data.

5.      Identify each witness that you may present at any hearing on the Objection to Claim.

6.    Identify all documents, communications or other exhibits that you may present at any trial on the Objection to Claim.

7.    Identify all persons with knowledge, information, documents or tangible physical evidence relating to the fair market value of the Property and the Objection to Claim and indicate the knowledge, information, documents, or tangible physical evidence held by each person.

8.    Identify the amount and all documents that support the amount of ad valorem taxes allegedly are due from Winn-Dixie.

9.     State with specificity the procedures followed to assure that the "fair market value" of the Property was adjusted to reflect current market trends and changes to actual market values of the Property.

10.    Identify all documents and communications relating to the procedures followed to assure that the "fair market value" of the Property was adjusted to account for any form of obsolescence.

11.    Explain how the procedures described in your response to Interrogatory Number 9 provide for adjustments to the assessed value of the Property for any form of obsolescence.

12.    State with specificity the procedure followed in appraising the Property during the relevant tax years.

13. Quantify the level of functional, economic and other external obsolescence associated with the Property during the relevant tax years.

14.    Identify all documents reflecting the computation of the level of functional, economic and other external obsolescence associated with the Property during the relevant tax years.

15.    Identify all documents reflecting the computation of the assessed value of the Property for the relevant tax years.

16.     Identify all manuals, guides, instructions, memoranda and documents of any kind from the offices or officials of the State of Georgia relating to property value adjustments for functional, economic or other external obsolescence for purposes of Georgia ad valorem tax assessments.

17.   State with specificity the procedures followed in reviewing the merits of a taxpayer's challenge to the assessed value of his property.

18.    Identify each expert consulted in connection with the assessment of taxes on the Property for the relevant tax years, regardless of whether you intend to call the experts at any hearing on the Objection to Claim.

19.    Identify any written reports, memoranda, summons or evaluations prepared or relied upon by each expert identified in your answer to Interrogatory 18 above.

20.    For each item of property identified on Page 40 of Exhibit A and on Page 3 of Exhibit C to the Objection to Claim, identify the date that your experts visited the property to inspect, review and appraise each item of property. For purposes of this Interrogatory, identify each item of property by the jurisdiction in which it is located and the parcel number.

21.     For each item of property identified on Page 40 of Exhibit A and Page 3 of Exhibit C to the Objection to Claim, identify the individuals within the county auditor/assessor's office, or other state-level tax or assessment entity that was responsible for developing the assessed value of the Property for the relevant tax years. Include for each identified individual their background, education, appraisal training and certifications, if any, and published writings in the area of business personal property valuation and assessment.

22.    Identify all schedules, tables, depreciation allowances, property classifications or other guiding data or information developed by the persons identified in your answer to Interrogatory number 21 above, which were used in determining the assessed value of the Property for the relevant tax years.

Muscogee's answers to Winn-Dixie's first set of interrogatories are true and correct to the best of Muscogee's knowledge, based on a reasonable investigation.

|  | Muscogee Tax Commissioner <br><br> By: _____ <br><br> Its: _____ |
|  |  |

STATE OF _____

COUNTY OF _____

The foregoing was sworn to an subscribed before me this _____ day of _____, 200__, by _____ and _____who are personally known to me or who have produced _____ as identification and who (did/did not) take an oath.

_____
NOTARY PUBLIC

_____
Typed or Printed Name of Notary
My commission expires:_____
Serial No., if any:_____

## Certificate of Service

I certify that the original answer to interrogatories has been furnished by

_____ to Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street,

Suite 1800, Jacksonville, Florida 32202 and Beau Bowin, Esq., Smith Hulsey &

Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 and, this _____ day

of _____, 200__.


_____
                                        Attorney

<u>Certificate of Service</u>

I certify that a copy of the foregoing has been furnished by mail to Richard Thames, Esq., Stutsman Thames & Markey, P.A., 50 North Laura Street, Suite 1600, Jacksonville, Florida 32202 on this 19th day of September, 2008.

_____
Beau Bowin

00623908

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## WINN-DIXIE'S REQUEST FOR PRODUCTION OF DOCUMENTS TO COUNTY OF MUSCOGEE GEORGIA TAX COMMISSIONER

Winn-Dixie Stores, Inc. and its affiliated debtors ("Winn-Dixie"), pursuant to Rule 7034, Federal Rules of Bankruptcy Procedure, request the County of Muscogee Tax Commissioner to produce and permit counsel for Winn-Dixie to inspect and copy each of the following items at the offices of Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, within 30 days of the date of service of this request.

**EXHIBIT B**

Definitions and Instructions

A.    "Muscogee," "you" and "your" mean the Tax Commissioner of Muscogee County, Georgia, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

B.    "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, Muscogee and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

C.    "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, without limiting the generality of the foregoing, tax records, property record cards, property data cards, public records, appraisals, surveys, manuals, guides, instructions, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, bills of lading, credit memos, debit memos, letters of credit, warehouse receipts, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, including audio and video recordings and computer stored information such as word processing documents and e-mails. The foregoing definition includes originals of documents and all copies that are different in any way from the originals.

D.    "Objection to Claim" means the Debtors' Third Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Doc. No. 8772).

E.    "Property" means the personal property identified on page 40 of Exhibit A and page 3 of Exhibit C to the Objection to Claim, including the property upon which your proof of claim number 1957 is based.

F.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

G.    The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing,

2

describing, discussing, explaining, summarizing, supporting, refuting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

H.    In response to this request, you are required to furnish all information and documents in your possession, custody or control, or in the possession, custody or control of your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

I.    Unless otherwise stated in a specific request, the documents relevant to these requests generally are those created, executed or developed during the 2004 through 2006 tax years.

J.    Pursuant to Rule 7026, Federal Rules of Bankruptcy Procedure, identify each document that you withheld from production under any claim of privilege or other immunity, and for each such document state:

1.    The date of the document;
2.    The author of the document;
3.    The identity of each person who received or was furnished a copy of the document;
4.    The subject matter of the document; and
5.    Each ground upon which the privilege is claimed.

## DOCUMENT REQUESTS

1.     All documents and communications relating to the Property.

2.     All documents relating to any expert reports, summaries, memoranda, appraisals, work papers or documents prepared by expert witnesses retained in connection with (i) the assessment of taxes on the Property and (ii) the Objection to Claim.

3.     All documents and communications considered by expert witness(es) in preparing any reports, summaries, memoranda, appraisals, work papers or documents relating to (i)   the assessment of taxes on the Property and (ii) the Objection to Claim.

4.     All documents, data, information created, referred to or used  directly or indirectly in assessing Winn-Dixie's assets.

5.     All documents and communications used in valuing the Property.

6.     All historical assessment data and information created or maintained in Muscogee's records on Winn-Dixie's assets, including the Property.

7.     All property record cards on the Property.

8.     All documents, communications, property data cards, assessment records and tables relating to the functional, economic or other external obsolescence of the Property, including obsolescence related to relative industry distress and Debtors financial distress.

9.     All documents, communications, property data cards, assessment records and tables relating to adjustments made to the assessed fair market value of the Property due to obsolescence of the Property, including obsolescence related to relative industry distress and Debtors financial distress.

10.     All manuals, guides, instructions, memoranda and documents of any kind from the offices or officials of the State of Georgia relating to property fair market value adjustments for functional, economic or other external obsolescence for purposes of Georgia ad valorem tax assessments.

11.     All resumes and curriculum vitae for each expert witness consulted, retained or intend to call as a witness on the Objection to Claim.

12.     All documents reflecting your computation of the tax amounts you seek to recover for the Property.

13.     All documents reflecting the computation of the assessed value of the Property.

14.     All documents relating to sales of property similar or comparable to the Property.

15.     All documents and communications relating to empirical market data on properties similar or comparable to the Property.

16.     All documents you intend to present at any trial on Winn-Dixie's Objection to Claim.

17.     All documents and communications relating to the procedures followed to assure that the "fair market" of the Property was adjusted to account for any form of obsolescence.

18.     All tax records relating to your adjustment to the assessed value of the Property for any form of obsolescence.

Certificate of Service

I certify that a copy of the foregoing has been furnished by mail to Richard

Thames, Esq., Stutsman Thames & Markey, P.A., 50 North Laura Street, Suite 1600,

Jacksonville, Florida 32202 on this 19TH day of September, 2008.

_____
Beau Bowin

00623906

6