UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

In Re:

WINN-DIXIE STORES, INC.,            Case No: 05-03817-3F1

    Debtor                            Chapter

                                          Jointly Administered

_____/

## VERIFIED MOTION FOR RECONSIDERATION OF THIS HONORABLE COURT'S JANUARY 21, 2009 ORDER DENYING VERONA KHANI'S MOTION FOR RELIEF FROM STAY

COMES NOW Verona Khani by and through her undersigned counsel and files pursuant to F.R.Civ.P. Rule 60(b)(3) this her Verified Motion for Reconsideration of this Honorable Court's January 21, 2009 Order Denying Verona Khani's Motion for Relief From Stay and in support thereof states:

1.      This Honorable Court entered its Order on Motion For Relief From Stay Filed by Verona Khani on January 21, 2009 denying Veroni Khani's Motion for Relief from Stay.

2.      The undersigned H.C. Palmer III, Esq. had obtained permission from this Honorable Court to attend the hearing by telephone. H.C. Palmer III, Esq.'s office has two incoming lines and if both lines are in use any other incoming call is automatically routed to the answering machine. H.C. Palmer III, Esq.'s office was attempting to keep at least one line open for this Honorable Court's call. Evidently, both incoming lines were briefly in use when the call from this Honorable Court was attempted on January 20, 2009.

3.      The undersigned H.C. Palmer III, Esq. has learned from a reading of the transcript of the hearing by the Court Reporter that at the Hearing on this matter Debtor's

1

Case No: 05-03817-3F1

counsel, Leanne McKnight Prendergast, Esq. misrepresented to the Court that Verona Khani did not participate in good faith Mediation. Attorney Prendergast stated to the Court:

> "She did come to Jacksonville and she did physically appear for Mediation. However, she left the Mediation shortly after opening statements and the Debtors would respectfully submit that she did not participate in Mediation in good faith as envisioned by the Court in ordering the claims resolution procedure and therefore Debtors submit she should not be granted relief from the permanent injunction."

The above referenced representation by attorney Prendergast is baseless.

4.  Verona Khani mediated for more than two and one-half hours from approximately 9:00 A.M. through approximately 11:45 A.M. in the law offices of Smith, Hulsey and Busey, 225 Water St. #1800, Jacksonville, FL.

5.  Verona Khani arrived with her counsel at 8:45 A.M. for Mediation scheduled to begin at 9:00 A.M. Verona Khani and her counsel left the Mediation shortly before Noon after the mediator had declared an impasse and authorized Verona Khani and her counsel to leave. Upon being advised by the Mediator that Verona Khani was authorized to leave, Verona Khani and H.C. Palmer III, Esq. went directly to the One Enterprise Center Garage parking garage to return to Miami. Attached as Exhibit "A" is a copy of the parking garage receipt evidencing H.C. Palmer III, Esq. paid the parking garage fee to One Enterprise Center Garage at 12:10 P.M. It did not take Verona Khani and H.C. Palmer III, Esq. more than ten minutes to exit the parking garage after leaving the office of Smith, Hulsey and Busey. One Enterprise Center Garage's parking garage services the high-rise building housing the office of Smith, Hulsey and Busey.

2

H. C. Palmer, III, Attorney-at-Law, P. O. Box 330232, Coconut Grove, Florida 33233-0232
Telephone: 305 445 2424    Fax: 305 442 1446

Case No: 05-03817-3F1

6. Two and one-half hours of Mediation is not consistent with Attorney Prendergast's representation to this Honorable Court that: "However, she left the Mediation shortly after opening statements." To the best recollection of the undersigned counsel, both sides completed opening statements before 10:00 A.M.

7. Attorney Prendergast did not attend opening statements. Attorney Prendergast did not, to the recollection of the undersigneds, introduce herself to the undersigneds at the December 15, 2008 Mediation at the offices of her law firm.

8. The undersigneds are aware that Attorney Prendergast was present in the area of the Mediation because at the conclusion of Mediation, at approximately 11:45 A.M., when the undersigneds were leaving the offices of Attorney Prendergast's firm, the undersigneds heard one of the Mediators address Attorney Prendergast as "Leanne" and the Mediator advised "Leanne" that he would have to cancel their luncheon appointment that day. This was the first notice to the undersigneds that Attorney Prendergast was present in her firm's office.

9. Although Mediation is confidential it is the belief of the undersigneds that the following information is not a breach of the confidentiality requirement due to the non-specific nature of the information being provided. Although Mediation is confidential it is the belief of the undersigneds that the following information is necessary to provide this Honorable Court with an accurate representation of Verona Khani's good faith efforts at the Mediation.

10. At Mediation there were two Mediators, George Ridge and W. C. Gentry. During the second or possibly third private caucus with George Ridge and W. C. Gentry, the Mediators asked H.C. Palmer, III whether one of the Mediator's could query Verona Khani regarding her

3

Case No: 05-03817-3F1

symptoms and current physical limitations in order to further present Verona Khani's position more accurately to the Debtor's representatives.

11. H.C. Palmer, III agreed to the Mediators' request and one of the Mediator's questioned Mrs. Khani regarding her injuries under the representation from the Mediator that he was familiar with her type of medical injury and needed the information in order to present Veroni Khani's position more accurately to the Debtor's representatives.

12. The Mediators were provided with Verona Khani's work product regarding her medical examinations by her treating physicians and medical experts and the Mediator's were authorized to make copies of her work product Exhibit "B" report provided to the Mediators. The mediators took these reports with them to copy and for the Mediators' private caucus with the Debtor's representatives.

13. The mediators queried Verona Khani and her counsel regarding Verona Khani's lost wages and Verona Khani confirmed through her counsel that she did have lost wages and discussed the same with the Mediators.

14. Verona Khani discussed with the mediators her lack of insurance as being a driving force why Mrs. Khani's medicals were not greater than they were. Mrs. Khani through her counsel provided the Mediators with outstanding physical therapy documentation Exhibit "C" evidencing that Verona Khani for several years has owed in excess of $2,600.00 in treating physician ordered physical therapy medial treatment. Verona Khani through counsel explained to the Mediators that the only way Verona Khani was able to obtain that physical therapy was by providing the physical therapy provider with a lien letter of guarantee of payment.

4

Case No: 05-03817-3F1

15. The baseless misrepresentations of the Debtor's counsel, Leanne McKnight Prendergast, Esq. to this Honorable Court on January 20, 2009 constitute ambush.

16. As Verona Khani had in good faith fully complied with this Honorable Court's Order adopting the Claims Resolution Procedure, and as the undersigned counsel had received no objection from Debtor's counsel on the Motion for Stay, the undersigned counsel believed there was no objection and therefore opted to save his client from the costs and expenses of traveling to Jacksonville to personally attend the Hearing. If the undersigned counsel had been aware of the fact that Debtor's counsel would so baselessly misrepresent what occurred at Mediation, the undersigned attorney for Verona Khani would have appeared in person at this Hearing even though appearance would have required another entire lost day from the undersigned counsel's practice.

WHEREFORE, Verona Khani prays this Honorable Court will vacate its January 21, 2009 Order based on an erroneous misrepresentation from Debtor's counsel and will enter an Order granting Verona Khani's Motion for Relief from Stay.

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

Signed on Jan 29, 2009.

_____
Verona Khani

5

H. C. Palmer, III, Attorney-at-Law, P. O. Box 330232, Coconut Grove, Florida 33233-0232
Telephone: 305 445 2424          Fax: 305 442 1446

Case No: 05-03817-3F1

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 29 day of January 2009 to:

Leanne McKnight Prendergast
Smith, Hulsey and Busey
225 Water St. #1800
P.O.Box 53315
Jacksonville, FL 32201-3315

*HC Palmer III*

H.C. PALMER, III
Fla. Bar No. 260975
Attorney for Verona Khani
P. O. Box 330232
Coconut Grove, FL 33233-0232
(305) 445-2424 - phone
(305) 442-1446 – fax

6

H. C. Palmer, III, Attorney-at-Law, P. O. Box 330232, Coconut Grove, Florida 33233-0232
Telephone: 305 445 2424          Fax: 305 442 1446

One Enterprise Center Garage
Laz Parking

*Khani*

Rcpt# 1040
12/15/08 12:10   L.# 7 A# 1   Txn# 6100
12/15/08 08:29 In   12/15/08 12:10 Out
Tkt# 577744
Master Card   $ 5.00
XXXXXXXXXXXX0363
Approval No. 041154
Reference No. 000000000000005271
Thank You, Come Again

EXHIBIT "A"



**Orthopedic Care Center**

**Orthopaedic Surgery**

Barry J. Silverman, MD, FACS
Scoliosis

Stephen S. Wender, MD
Sports Medicine &
Arthroscopic Surgery

Michael M. Koonin, MD, FICS
General Orthopaedics &
Total Joint Replacement

Paul B. Chaplin, MD
Hand Consultant &
General Orthopaedics

Rolando Garcia, Jr., MD, MPH
Spine Surgery &
Scoliosis

Richard Rozencwaig, MD, FACS
Sports Medicine & Arthroscopy
Shoulder & Elbow Reconstruction

Hugh S. Unger, MD, FACS
General Orthopaedics
Sports Medicine

Michael G. Dennis, MD
Cartilage Restoration
Sports Medicine & Arthroscopy

**Physical Medicine &
Rehabilitation**

Bryce E. Epstein, MD, FAAPMR
Occupational & Sports Medicine
Electrodiagnosis

Nina Bleier
Administrator

21000 N.E. 28th Avenue
Aventura, Florida 33180
(Behind Aventura Hospital)
305-937-1999

1250 South Federal Highway
Hollywood, Florida 33020
954-923-7577

September 29, 2005

INDEPENDENT MEDICAL EXAMINATION
Re: Verona Khani, #356575

Verona Khani is a 73-year-old female who is seen here today for an Independent Medical Examination as it relates to injuries reportedly sustained in a 7-17-01 slip and fall accident at a Winn Dixie store.

HISTORY: At that time she relates to me that she was walking in the fruit and vegetable aisle and slipped and fell on what appeared to be some pebbles on the floor, striking the lateral side of her knee. The patient states to me that following the accident, because of continued complaints with her left knee, she came under the care of an orthopedic surgeon, a Dr. Jeffrey Rich.

Medical records reveal she saw Dr. Rich on several occasions. It is somewhat hard to read his actual handwritten records. On examination, she had continued evidence of complaints of pain for which an MRI was obtained on 3-15-04, read by Dr. Murphy who opined that it was a normal study. Since that time, the patient relates to me that she has continued to have pain. She states she has pain when she has to bend the knee, when she has to go up and especially down stairs and when she has to go from a sitting to a standing position. She states she has difficulty kneeling on her knee and has her greatest problem when she has to weightbearing on the knee, especially when she is caring for an elderly lady, which she presently does.

At this time the patient specifically denies any prior history of accidents or injuries involving her left knee. She states she is otherwise healthy. She states her medications at this time include Synthroid, Zocor

EXHIBIT "B"



Official Physicians
World Olympians Association

Page 2
Re: Verona Khani, #356575
September 29, 2005

and Aleve.

PHYSICAL EXAMINATION: Examination today shows the patient to be a pleasant lady in no acute distress. She exhibits a fairly normal gait, has a level stance and is using no orthopedic equipment. Examination of her left knee today, with the right for comparison, shows the presence of a small joint effusion. It is notable that she has significant pain on patellar compression on the left side, more so over the lateral patellar facet than the medial patellar facet. She has 1-2+ crepitation as I take her through the range of motion. It is notable that she has none on the contralateral side. She has no true medial or lateral joint line tenderness. She has no instability to varus or valgus stress testing and has a negative drawer, Lachman and pivot shift. She does have 1/4" atrophy, the left versus right by measurement.

X-RAYS: X-rays are taken in our office today and show no evidence of fractures or dislocations. There is mild narrowing of the lateral patellar facet as it sits in its trochlear groove on the sunrise view.

I have also had the opportunity to independently review an MRI which was performed on the patient, dated 3-15-04. It shows the presence of an intra-articular joint effusion. The medial and lateral menisci appear to be intact. The ACL, PCL, LCL and MCL appear to be intact. There does appear to be some thinning of the cartilage involving the lateral patellar facet on the study.

IMPRESSION: The patient is status post a slip and fall injury of 7-17-01, who presents today with left anterior knee pain with associated difficulties with her activities of daily living.

COMMENT: At this time non-surgically, I find that the patient has reached a plateau of maximum medical improvement. At this time based upon my evaluation of the patient coupled with my review of the medical records, x-rays and MRI, I find the patient to be suffering from a post-traumatic chondromalacia patella.

Page 3
Re: Verona Khani, #356575
September 29, 2005

Since no one has seen the actual inside of her knee, it is impossible to state whether this is an exacerbation of any pre-existing chondromalacia and/or whether or not is completely de novo and related to the subject accident. However, given her absence of prior complaints and given her present complaints with associated objective findings, I do believe it clear that she is suffering from a post-traumatic chondromalacia patella, which would be accident related. I believe this would leave her with a 10% impairment, which would equate to 4% to the body as a whole.

Furthermore, at this time I have discussed with the patient other modalities of care. I have told her this would include a series of visco-supportive injections, either Synvisc or Hyalgan. I would estimate the cost of care for a series to be $2,000. I have also told her lastly, should she be unable to live with the present level of discomfort given the fact that she is now 4 years plus from the date of her accident, she certainly would be an appropriate candidate for diagnostic arthroscopy and surgery as indicated. I would estimate the cost of care for this procedure to be in the range of $20,000 - $25,000 for the hospital, surgeon, anesthesia and postop rehabilitation.

STEPHEN S. WENDER, M.D.

SSW:cmm

**MAKE CHECKS PAYABLE TO:**

**PT** PHYSICAL THERAPY ASSOCIATES, P.A.
6280 SUNSET DRIVE, #606
MIAMI, FL 33143-4875

IF PAYING BY MASTERCARD, DISCOVER, VISA OR AMERICAN EXPRESS, FILL OUT BELOW.
CHECK CARD USING FOR PAYMENT

☐ MASTERCARD   ☐ DISCOVER   ☐ VISA   ☐ AMERICAN EXPRESS

CARD NUMBER | SIGNATURE CODE
SIGNATURE | EXP. DATE

| STATEMENT DATE | PAY THIS AMOUNT | ACCT. # |
|---|---|---|
| 07/01/08 | $2663.00 | 28455 |

PAGE: 1 of 1

SHOW AMOUNT PAID HERE $

ADDRESS SERVICE REQUESTED         16466-X112
LAST PMT:    05/01/03
AMOUNT:          10.00

☐ Please check box if address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

H.C. PALMER, ESQUIRE
4001 VENTURA AVENUE
MIAMI, FL 33133-6332

PHYSICAL THERAPY ASSOCIATES, P.A.
6280 SUNSET DRIVE, #606
MIAMI, FL 33143-4875

16466-X112*TEPDISC11000029

## STATEMENT

*PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT*

| Date | Doctor | Patient | Description | Charges | Payments & Credits | Ins. Pend. |
|---|---|---|---|---|---|---|
| | | | Balance Forward | 2663.00 | | |

** Payment Due Upon Receipt * Thank You **

| Message | | |
|---|---|---|
| | Total Balance | 2663.00 |
| | * Insurance Pending | 0.00 |
| This statement is for our patient/your client listed below: VERONA KHANI | Amount Due Now | $2663.00 |

| Statement Date | Account Number | Current | 30 Days | 60 Days | 90 Days | 120 Days | Total Balance | * Ins. Pending |
|---|---|---|---|---|---|---|---|---|
| 07/01/08 | 28455 | -12.00 | 0.00 | 0.00 | 0.00 | 2675.00 | 2663.00 | 0.00 |

**Make Checks Payable To:**
PHYSICAL THERAPY ASSOCIATES, P.A.
6280 SUNSET DRIVE, #606
MIAMI, FL 33143-4875

**Billing Questions**
(305) 662-4915

EXHIBIT "C"