UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

In Re:

WINN-DIXIE STORES, INC.,

Debtor
_____/

Case No: 05-03817-3F1

Chapter 11

Jointly Administered

## AFFIDAVIT OF VERONA KHANI

STATE OF FLORIDA      )

COUNTY OF MIAMI-DADE)

BEFORE ME the undersigned authority duly authorized to administer oaths and take acknowledgements, personally appeared Verona Khani, to me well known, who after being duly sworn did depose and say that:

1. My name is Veroni Khani, a resident of Miami-Dade County, Florida. I give this Affidavit of my own free will based on my personal knowledge and belief.

2. On December 14, 2008, my attorney, H.C. Palmer, III, Esq. and I drove in my attorney's car from Miami to Jacksonville, Florida for the purpose of attending in the most cost efficient manner possible the Mediation in the above matter.

3. We arrived at approximately 10:30 P.M. on December 14, 2008 and departed Jacksonville December 15, 2008 at approximately 12:10 P.M.

4   Although Mediation is confidential it is the belief of the undersigned that the following information is not a breach of the confidentiality requirement due to the non-specific nature of the information being provided. Although Mediation is confidential it is the belief of

1

Case No: 05-03817-3F1

the undersigned that the following information is necessary to provide this Honorable Court with an accurate representation of Affiant Verona Khani's good faith efforts at the Mediation.

5. At Mediation there were two Mediators, George Ridge and W. C. Gentry. During the second or possibly third private caucus with George Ridge and W. C. Gentry, the Mediators asked H.C. Palmer, III whether one of the Mediator's could query Verona Khani regarding her symptoms and current physical limitations in order to further present Verona Khani's position more accurately to the Debtor's representatives.

6. H.C. Palmer, III agreed to the Mediators' request and one of the Mediator's questioned Affiant regarding her injuries under the representation from the Mediator that he was familiar with her type of medical injury and needed the information in order to present Verona Khani's position more accurately to the Debtor's representatives.

7. The Mediators were provided with Affiant's work product regarding her medical examinations by her treating physicians and medical experts and the Mediator's were authorized to make copies of Affiant's work product reports provided to the mediators. The mediators took these reports with them to copy and for the Mediators' private caucus with the Debtor's representatives.

8. The mediators queried Affiant Verona Khani and her counsel regarding Verona Khani's lost wages and Affiant Verona Khani confirmed through her counsel that she did have lost wages and discussed the same with the Mediators.

9. Affiant Verona Khani discussed with the mediators Affiant's lack of insurance as being a driving force why Affiant's medicals were not greater than they were. Affiant, Verona

2

Case No: 05-03817-3F1

Khani through her counsel provided the Mediators with outstanding physical therapy documentation evidencing that Affiant Verona Khani for several years has owed in excess of $2,600.00 in treating physician ordered physical therapy medial treatment. Affiant Verona Khani through her counsel explained to the Mediators that the only way Affiant Verona Khani was able to obtain that physical therapy was by providing the physical therapy provider with a lien letter of guarantee of payment.

10. The lead Mediator declared an impasse, at approximately 11:45 A.M., and thereafter told my counsel and myself that we had permission to leave. My attorney asked the lead Mediator if we needed to wait to sign off on the Mediator's Report declaring an impasse. The lead Mediator advised my attorney and myself that we did not need to sign any document that would be prepared by the Mediator declaring an impasse.

11. As my counsel and I were preparing to leave the office where the Mediation was held, I heard the mediator speak to a person I had not been introduced to and, the Lead Mediator addressed the person as "Leanne" and he went on to say that he could not keep their luncheon appointment that day.

12. Attorney Leanne Prendergast did not, to the recollection of Affiant, attend opening statements. Attorney Prendergast did not, to the recollection of Affiant, introduce herself to the Affiant at the December 15, 2008 Mediation at the offices of her law firm.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Verona Khani, Affiant

3

Case No: 05-03817-3F1

SWORN TO AND SUBSCRIBED BEFORE ME this 29 day of January, 2009 by

Verona Khani, to me well known to me.



My Commission expires: 10/05/2011

H.C. Palmer III
NOTARY PUBLIC, State of
Florida at Large

Commission Number: DD0718045

    I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 29 day of January 2009 to:

Leanne McKnight Prendergast
Smith, Hulsey and Busey
225 Water St. #1800
P.O. Box 53315
Jacksonville, FL 32201-3315

H.C. PALMER, III
Fla. Bar No. 260975
Attorney for Verona Khani
P. O. Box 330232
Coconut Grove, FL 33233-0232
(305) 445-2424 - phone
(305) 442-1446 – fax

4