UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHAPTER   11
CASE NO.   05-03817-3FL

In Re:

WINN DIXIE STORES, INC., et al.,

Debtor (s)

_____/

## VERONA KHANI'S OBJECTION TO DEBTORS' MOTION FOR AN ORDER TO COMPEL NON-BINDING ARBITRATION AS TO THE CLAIMS FILED BY VERONA KHANI

Comes now Verona Khani by and through her undersigned counsel and files her Objection To Debtors' Motion For An Order To Compel Non-Binding Arbitration As To The Claims Filed By Verona Khani and in support thereof states:

1.   This Honorable Court's September 1, 2005 Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims provided that the Claims Resolution Procedure would require "Mediation or Arbitration".  This Honorable Court has not entered any Order to date in this litigation amending the Claims Resolution Procedure to require a Creditor to mediate and then to arbitrate the Creditor's litigation claim as a prerequisite to seeking relief from the Automatic Stay.

2.   Verona Khani did not object to the Court's September 1, 2005 Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims. Debtor Winn-Dixie's March 31, 2006 Motion For An Order Modifying The Claims Resolution Procedure To (i) Increase The Agregate Amount Of Cash

1

Payments That Debtors Can Make To Settle De Minimis Litigation Claims And (ii) Require Mediation As A Prerequisite To Stay Relieve For Liquidation Of Litigation Claims did not seek to require that a Creditor be required to mediate and then in the event mediation reached an impasse, to then require the Creditor to Arbitrate the Creditor's litigation claim.

3.   Verona Khani did not object to the entry of an Order granting the March 31, 2006 Debtors' Motion To Require Mediation As A Prerequisite To Stay Relief for Liquidation Of Litigation Claims.  However, had Verona Khani been informed that after mediating her litigation claim she would be forced against her will to Arbitrate her litigation claim, Verona Khani would have objected to this Honorable Court's entry of an Order granting the March 31, 2006 Debtors' Motion.

4.   It is the firm believe of Creditor Verona Khani that she is the only Creditor out of 1,400 litigation claim Creditors that the Debtors have attempted to obtain an Order forcing a Creditor to Arbitrate its claim after the Creditor has mediated the Creditor's litigation claim.  It is the believe of Verona Khani that the Debtors' singling out of Verona Khani for this additional hurtle to be jumped prior to being able to obtain release from the Automatic Stay in order that she may proceed with her circuit court personal injury jury trial is unfair and unjust.

5.   It is the believe of Verona Khani that this Honorable Court's current Claims Resolution Procedure does not require that a personal injury Creditor be required to submit to non-binding Arbitration before obtaining release from the Automatic Stay.

6.   Had Verona Khani known that in order to be released from the Automatic Stay Verona Khani would be required not only to mediate her claim but also be forced to then

H. C. PALMER, III, Attorney at Law, P.O. Box 330232, Coconut Grove, FL  33233

Arbitrate the claim, Verona Khani would have objected to the Order Approving Claims Resolution Procedure.

7.   Pursuant to the requirements of the September 1, 2005 Order Approving Claims Resolution Procedure Verona Khani filed the fully completed Questionnaire and Reply. Pursuant to the September 1, 2005 Order Approving Claims Resolution Procedure's Section 3(D) Verona Khani's service on Debtors of a fully completed Questionaire and Reply constitutes prima-facie evidence of good faith compliance with, and exhaustion of the Claims Resolution Procedure by Verona Khani.

8.   Verona Khani on December 15, 2008 traveled to Jacksonville, Florida and in good faith mediated her claim for approximately three (3) hours.  The Mediator declared an impasse and authorized Verona Khani and her counsel to leave the site of the mediation.  Thus, Verona Khani has complied with this Honorable Court's supplemental Order amending the original Order adopting Claims Resolution Procedure to require mediation prior to seeking relief from the Automatic Stay.

9.   Verona Khani submitted to this Honorable Court her Motion For Relief From The Automatic Stay Filed By Verona Khani Regarding The Personal Injury Litigation Styled Verona Khani vs. Winn-DixieStores, Inc. Pending In the Eleventh Judicial Circuit In And For Miami-Date County, Florida, Case Number 02-18924CA(11).

10. This Honorable Court denied without prejudice Verona Khani's Motion For Relief From The Automatic Stay.

11. Verona Khani has filed a Motion with this Honorable Court seeking reconsideration of the Order Denying Verona Khani's Motion for Relief from the Automatic Stay.

12. The September 1, 2005 Order Approving Claims Resolution Procedure in Section 7(B) titled Exhaustion of Claims Resolution Procedure provided that no motion seeking relieve from the Automatic Stay with respect to a litigation claim will be granted unless the Eligible Claimant has timely served on the Debtors (i) a fully completed Questionnaire and (ii) a Reply or requested Mediation or Arbitration, and participated in the Claims Resolution Procedure in good faith.  The above language refers to Mediation _or_ Arbitration it does not require Verona Khani to incur the time and expense of Mediation and then force Verona Khani to incur the time and expense of Arbitration.

13. Section Eight of this Honorable Court's September 1, 2005 Order provides that if the Eligible Claimant has complied in good faith with the Claim Resolution Procedure, then any Eligible Claimant may pursue his/her litigation claim against Debtors in accordance with normal litigation rules and procedures after the Automatic Stay is lifted.  Verona Khani by serving on the Debtors the Questionnaire, her Reply, and by participating in mediation in good faith, has complied with this Honorable Court's prerequisites for obtaining entry of an Order by this Honorable Court releasing Verona Khani from the Automatic Stay.

14. The Debtors reliance on the In re Federated Department Stores, Inc. 328 F.2d 829 (6th Cir. 2003) decision is non meritorious as the Federated Department Stores case is factually different from the case at bar.  The Federated Department Stores Court's opinion, relied upon by the Debtors, did not involve a Debtor attempting to force an unwilling Creditor into Arbitration

CASE NO.  05-03817-3FL

after the Creditor had mediated her claim.  Verona Khani mediated her claim in the Circuit Court litigation before the Bankruptcy Court Automatic Stay was entered and Verona Khani mediated her litigation claim pursuant to this Honorable Court's September 1, 2005 Order Approving Claims Resolution Procedure and all amending Orders related thereto.

15. The Federated Department Stores Court in its recitation of that case's facts set forth that the Creditors neither objected to the Order imposing Arbitration as a part of the Alternative Dispute Resolution Procedure nor chose to opt out of the Alternative Dispute Resolution Procedure.  The Federated Department Stores Alternative Dispute Resolution Procedure required the Creditors to submit their claims to Arbitration.  At least one (1) claimant in the Federated Department Stores case objected to the Debtor's Alternative Dispute Resolution Procedure and was exempted from the requirement of submitting their claim to arbitration.

16. In the case at bar this Honorable Court's September 1, 2005 Order Approving Claim Resolution Procedure did not mandate that Verona Khani must agree to Arbitration prior to being released from the Automatic Stay.

17. The Federated Department Stores Court confirmed that the Court's decision only addressed the claimants argument that the Stay violated jurisdictional limits and that the Court made no statement on whether the Stay was an abuse of discretion or other non-jurisdictional arguments.  As such, the Federated Department Stores decision does not support the Debtors' argument.

5

18. Trial by jury is a constitutional right.  The Seventh Amendment to the Constitution of the United States of America guarantees Verona Khani a right to trial by jury. Verona Khani objects to being forced to Arbitrate her litigation claim after having already mediated her litigation claim.

19. Verona Khani has had her state court jury trial case stayed in excess of three (3) years due to the Automatic Stay. Verona Khani objects to having her jury trial stayed additionally during the time needed to complete Arbitration of this matter.

20. There is substantial pre-trail discovery still needed to be undertaken in Verona Khani's personal injury jury trial litigation and Arbitration is not the proper forum to complete substantial discovery and is not the proper forum to handle discovery disputes.  There were substantial discovery disputes in the state court personal injury jury trial litigation prior to the Automatic Stay and it is the firm belief of Verona Khani that there will be substantial discovery disputes requiring the state court trial judge's resolution.

21. Verona Khani's lost wages are not relevant as to whether or not this Honorable Court should enter an Order forcing an unwilling Creditor into Arbitration.  Debtor's assertion that Mrs. Khani has no lost wages is untrue and is irrelevant to the Debtors' Motion.  Loss wages has no affect on whether or not Arbitration should be forced on Verona Khani.  Debtor's counsel did not attend Mediation.  Had the Debtor's counsel attended Mediation, Debtor's counsel would have been advised that Verona Khani has lost wages as a result of her injuries.

22. Verona Khani current medical expenses are not relevant as to whether or not this Honorable Court should enter an Order forcing an unwilling Creditor into Arbitration.  Although Verona Khani's medical expenses are only $8,000.00 thus far, the reason for this is Verona

6

Khani is self-employed and does not have health insurance to cover treatment of this injury. Verona Khani being of limited litigation resources and does not want to incur Arbitration expense including attorney's fees as those expenses will further deplete her litigation funds available for funding her state court personal injury jury trial.

23. At the time of the injury Winn-Dixie's staff advised Verona Khani that her medical expenses would be covered by Winn-Dixie. When Verona Khani submitted her medical expenses to Winn-Dixie, the Winn-Dixie Claims Management Department submitted the attached denial letter to Verona Khani's counsel advising that the claims department's investigation determined there was no liability on the part of Winn-Dixie and therefore her claims were not covered.

24. Verona Khani has been advised that surgery on her knee with resulting therapy would cost approximately $25,000.00. Verona Khani does not have the money or insurance to pay for this treatment.

25. Had Winn-Dixie honored its representation that it would pay Verona Khani's medical expenses; Verona Khani would have had the surgery and resulting therapy.

26. Verona Khani has been left with a permanent disability as a result of this injury at the Winn-Dixie store.

27. Verona Khani objects to Debtors' request that at Arbitration no life testimony be presented other than that of the Claimant if she chooses to testify. Verona Khani is of limited resources. Verona Khani does not have the resources to obtain the medical treatment she is in need of, much less the litigation resources to order and transcribe depositions so that her experts' testimony could be presented at Arbitration.

28. Verona Khani objects to being forced to arbitrate her personal injury litigation

claim after having already mediated this matter twice.

WHEREFORE, Verona Khani prays this Honorable Court will deny the Debtor's Motion

for an Order to Compel Non-Binding Arbitration.

I hereby certify that I am admitted to the Bar of the United States Districk Court for the Southern
District of Florida, and I am in compliance with the additional qualifications to practice in this
court set forth in Local Rule 2090-1(A).

Pursuant to Local Rule 9073-1(D) movant's attorney has contacted all adverse parties to
attempt to resolve the matter without hearing.

H.C. Palmer, III

H.C. PALMER, III
Fla. Bar No.  260975
Attorney for Verona Khani
P. O. Box 330232
Coconut Grove, FL 33233-0232
(305) 445-2424 - phone
(305) 442-1446 – fax

8

CASE NO.   05-03817-3FL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing was mailed February

6, 2009 to:

D.J. Baker
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin
SKADDEN, ARPS, SLATE, MEAGHER, & FLOM LLP
Four Times Square, New York, New York 10036

Co-Counsel for Reorganized Deborts

Stephen D. Bosey
James H. Post, Cynthia C. Jackson, Leanne Predergast
SMITH HULSEY & BUSEY
225 Water Stree, Suite 1800
Jacksonville, Florida  32202

Co-Counsel for Reorganized Deborts

Leanne McKnight Prendergast
Smith, Hulsey and Busey
225 Water St. #1800
P.O.Box 53315
Jacksonville, FL 32201-3315

H.C. Palmer, III

H. C. PALMER, III
Fla. Bar No.  260975
P.O. Box 330232
Coconut Grove,  FL   33233
(305) 445-2424
(305) 442-1446 – fax

9



## Sedgwick

Sedgwick Claims Management Services, Inc.
P.O. Box 24787, Jacksonville, FL 32241-4787
Telephone 904 419-4730    Facsimile 904 419-5365/5359

December 5, 2001

H.C. Palmer, III, Esq.
147 Alhambra Circle #212
Coral Gables, FL 33134

RE:    Customer:            Verona Khani
       Claim #:             A111209900
       Date of Incident:    07-17-2001
       Location:            Winn-Dixie Stores Inc., #0249, Miami, FL

Dear Mr. Palmer:

Sedgwick Claims Management Services, Inc. has investigated the incident referred to
above. We find no fault on the part of Winn-Dixie for the injuries received by your client
in their store on or about July 17, 2001. Winn-Dixie will not be able to assist your client
with any medical expense incurred as a result of the incident.

Your client will need to handle any medical expenses through their health insurance or
Medicare/Medicaid.

If you have any information to the contrary, please submit it to us for further evaluation.

Sincerely,

*Angela Walker*

Angela Walker
Liability Examiner II