

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHAPTER 11
CASE NO. 05-03817-3FL

In Re:

WINN DIXIE STORES, INC., et al.,

Debtor (s)
_____/

## MEMORANDUM OF LAW IN SUPPORT OF VERONA KHANI'S OBJECTION TO DEBTORS' MOTION FOR AN ORDER TO COMPEL NON-BINDING ARBITRATION AS TO THE CLAIMS FILED BY VERONA KHANI

Comes now Verona Khani by and through her undersigned counsel and files her Memorandum Of Law In Support Of Verona Khani's Objection To Debtors' Motion For An Order To Compel Non-Binding Arbitration As To The Claims Filed By Verona Khani and in support thereof states:

1. Arbitration is intended to be a final resolution of the dispute between the parties. See National Wrecking Co. v. International Brotherhood of Teamsters, Local 731, 990 F.2d 957, 960 (7th Cir. 1993). Verona Khani has requested in her state civil litigation, trial by jury, a right given to Verona Khani by the Constitution of the United States of America. If Verona Khani is forced against her will to arbitrate this matter Verona Khani will file the appropriate notice within two weeks of the arbitration award advising the Debtor that Verona Khani intents to proceed with her state civil litigation.

1

CASE NO. 05-03817-3F1.

2. Arbitration is a matter of contract and a party can not be required to submit to arbitration any dispute which he has not agreed so to submit. See <u>AT&T Technologies Inc. v. Communications Workers of America</u>, 475 U.S. 643, 106 S.Ct. 1415 (U.S., 1986).

3. Arbitration is not a judicial process. It is an alternative to dispute resolutions and arbitration does not echo the judicial process nor does it provide for trial by jury. Verona Khani has requested her constitutional right to trial by jury and sooner or later will be able to exercise that right. See <u>Ethyl Corp. v. United Steelworkers of America, AFL-CIO-CLC</u>, 768 F.2d 180, 183 (7th Cir. 1985).

4. Ongoing litigation defeats the purpose of arbirtration. See <u>In re Mercury</u>, 249 B.R. 490 (Bkrtcy. N.D. Ill, 2002).

5. Arbitration is not intended to be a qualifying round nor a way to test the waters. See <u>National Wrecking Co. v. International Brotherhood of Teamsters, Local 731</u>, 990 F.2d 957, 960 (7th Cir. 1993).

6. Arbitration is intended to be a final resolution. See <u>National Wrecking Co. v. International Brotherhood of Teamsters, Local 731</u>, 990 F.2d 957, 960 (7th Cir. 1993).

7. Verona Khani in good faith drove seven (7) hours to Jacksonville, spend the night in a cheap motel, attended mediation for three (3) hours, drove seven (7) hours back to her home, and lost two (2) days from work, all in a good faith effort to mediate her claim.

8. When parties agrees to arbirtrate, they agree to accept the arbitrator's decision rather than that of a Judge. See <u>United Paperworkers Int'l. Union, AFL-CIO, v. Misco Inc.</u>, 484 U.S. 29, 37-38, 108 S.Ct. 364, 370 (U.S. 1987).

CASE NO. 05-03817-3F1.

9. Verona Khani respectfully requests that this Honorable Court not force Verona Khani to incur the unnecessary expense of arbitration, especially in a case that still has substancial discovery to be completed before trial.

WHEREFORE, Verona Khani prays this Honorable Court will deny the Debtor's Motion for an Order to Compel Non-Binding Arbitration as to the Claims Filed by Verona Khani.

I hereby certify that I am admitted to the Bar of the United States Districk Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Pursuant to Local Rule 9073-1(D) movant's attorney has contacted all adverse parties to attempt to resolve the matter without hearing.

Respectfully submitted,

*H. C. Palmer III*

H.C. PALMER, III
Fla. Bar No. 260975
Attorney for Verona Khani
P. O. Box 330232
Coconut Grove, FL 33233-0232
(305) 445-2424 - phone
(305) 442-1446 – fax

3

H. C. PALMER, III, Attorney at Law, P.O. Box 330232, Coconut Grove, FL 33233-2424    Fax: 305 442 1446

CASE NO. 05-03817-3F1.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing was mailed February 13, 2009 to:

D.J. Baker
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin
SKADDEN, ARPS, SLATE, MEAGHER, & FLOM LLP
Four Times Square, New York, New York 10036

Co-Counsel for Reorganized Debtors

Stephen D. Bosey
James H. Post, Cynthia C. Jackson, Leanne Predergast
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Co-Counsel for Reorganized Debtors

Leanne McKnight Prendergast
Smith, Hulsey and Busey
225 Water St. #1800
P.O.Box 53315
Jacksonville, FL 32201-3315

*HC Palmer III*
H. C. PALMER, III
Fla. Bar No. 260975
P.O. Box 330232
Coconut Grove, FL 33233
(305) 445-2424
(305) 442-1446 – fax

4