**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**MUSCOGEE COUNTY TAX COMMISSIONER'S**
**OPPOSITION TO WINN-DIXIE'S MOTION TO STRIKE**
**THE TAX COMMISSIONER OF MUSCOGEE COUNTY, GEORGIA'S**
**RESPONSE TO THE REORGANIZED DEBTORS' OBJECTION TO TAX CLAIMS**

The Reorganized Debtors' *Motion to Strike the Tax Commissioner of Muscogee County, Georgia's Response to the Reorganized Debtors' Objection to Tax Claims* [Docket No. 21984] should be denied, for the following reasons:

1. On June 26, 2006, the Reorganized Debtors filed their Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (the "Objection to Tax Claims") [Docket No. 8772] relating to Claim No. 1957 filed by the County of Muscogee Tax Commissioner (the "Muscogee County Claim"). On July 14, 2006, Muscogee County filed a timely response to the Objection to Tax Claims [Docket No. 9227].

2. On September 19, 2008, after more than two years of inactivity with respect to the Muscogee County Claim, the Reorganized Debtors served undersigned counsel with Interrogatories and a Request for Production directed to Muscogee County (collectively, the "Discovery Requests").

3. The specific facts dispositive of this motion are that (a) the responses to the Discovery Requests were initially due on October 24, 2008, (b) undersigned counsel for Muscogee County contacted counsel for the Reorganized Debtors prior to the initial due date for the Discovery Requests and did obtain an extension of time to respond to same, (c) it remained uncertain for some time as to what representatives of Muscogee County would be responsible for responding to the Discovery Requests, due in large part to the passage of time between the filing of the Objection to Tax Claims and the service of the Discovery Requests, and (d) counsel for the Reorganized Debtors did not communicate further with undersigned counsel prior to the filing of the motion for sanctions.

4. The primary purpose of discovery sanctions is to deter further abuse of discovery. *In re Bimini Island Air, Inc.,* 355 B.R. 358 (Bankr. S.D.Fla. 2006). While the court may dismiss an action as sanction for failure to comply with discovery, dismissal is a severe sanction that should be applied as a matter of last resort. *In re Emory Davis,* 347 B.R. 607, 612 (W.D. Ky. 2006). Generally, such severe sanctions are reserved for instances of repeated, willful and bad faith failure to meet discovery obligations. *In re Lawrence, 227 B.R. 907 (Bkrtcy. S.D.Fla., 1998).*

5. This motion was unnecessary. It could have been obviated through the simple courtesy of a telephone call to Muscogee County's counsel to inquire why no response to the Discovery Requests had been served on the Reorganized Debtors. No such inquiry was made, and no advance notice of this motion was received by Muscogee County, who has therefor been forced to file opposition. In any event, Muscogee County has served its

responses to the Discovery Requests on the Reorganized Debtors prior to the hearing on this motion.

    Wherefore, the Muscogee County Tax Commissioner, Muscogee County, Georgia, prays that the instant motion be denied.

**STUTSMAN THAMES & MARKEY, P.A.**

By   */s/ Richard R. Thames*
    Richard R. Thames
    Bradley R. Markey

Florida Bar Number 718459
Florida Bar Number 984213
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rrt@stmlaw.net
brm@stmlaw.net

Attorneys for the Muscogee County Tax Commissioner

-4-

## Certificate of Service

I hereby certify that, on February 18, 2009, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to all parties who have consented to receiving electronic notifications in this case.

                                                  */s/ Richard R. Thames*

                                                          Attorney

71852