UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | *Chapter 11* |
| Reorganized Debtors. | Jointly Administered |

## ORDER ON THE NINTH MOTION OF REORGANIZED DEBTORS FOR ENTRY OF AGREED ORDERS ON SETTLEMENT AGREEMENTS WITH CLAIMANTS

This matter came before the Court for hearing on February 19, 2009, upon the Ninth Motion of Reorganized Debtors for Entry of Agreed Orders on Settlement Agreements with Claimants (the "Motion") (Docket No. 22003). The hearing was continued as to the claims filed by Thomas Munro and Mayrelis Hernandez. No responses to the Motion were filed or raised as to the claims identified on the attached Exhibit A. It is therefore

ORDERED AND ADJUDGED:

1. The Motion is granted as to the claim identified on Exhibit A.

2. The claim identified on Exhibit A is allowed in the amount set forth on Exhibit A. Within ten days of the entry of this Order, the Debtors will prepare and file an Agreed Order substantially in the form attached as Exhibit C for the claim identified on Exhibit A.

3. This Court retains jurisdiction to resolve any disputes arising from this Order.

Dated this 19 day of February 2009, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

Leanne McKnight Prendergast

[Leanne McKnight Prendergast is directed to serve a copy of this Order on the Interested Parties and file a proof of service.]

## EXHIBIT A

| Claimant | Proof of Claim Number(s) | Docket No. of Motion for Administrative Expense | Agreed Settlement Amount | Claim Class |
|---|---|---|---|---|
| Camacho, Maria | | 13961 | $90,000.00 | Admin. |

3

## EXHIBIT C

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |
| _____ | ) | |

### AGREED ORDER RESOLVING THE ADMINISTRATIVE CLAIM FILED BY _____

This case is before the Court upon the objection of Winn-Dixie Stores, Inc., and its affiliates (collectively, the "Reorganized Debtors") to the administrative claim (the "Claim") of _____, (the "Claimant") (Docket _____) and the Ninth Motion of Reorganized Debtors for Entry of Agreed Orders on Settlement Agreements with Claimants (Docket No. _____), it is

ORDERED AND ADJUDGED:

1. The Claim is allowed as an administrative claim in the amount of $_____ under the Joint Plan of Reorganization of Winn-Dixie Stores, Inc., and Affiliated Debtors, as modified (the "Plan").

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

7

2. Distributions will be made on the allowed Claim pursuant to Sections 4.1 and 9.2 of the Plan to the Claimant in care of the person at the address as set forth in the application for administrative expenses.

3. This Agreed Order resolves (i) all liabilities and obligations related to the Claim and (ii) all other prepetition or post-petition claims the Claimant has or may have against the Reorganized Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

4. The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Reorganized Debtors in this Court or in any other forum.

5. The Reorganized Debtors do not, by this Agreed Order, acknowledge the validity of any claim or make any admission of liability. The Claimant, not the Reorganized Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.

6. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of _____, 2009, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:
Leanne McKnight Prendergast

[Leanne McKnight Prendergast is directed to serve a copy of this order on the Claimant and file a proof of service.]
00642647.2

8