UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

ORDER SUSTAINING DEBTORS' AMENDED
OBJECTION TO THE CLAIM FILED BY PAY CENTERS LLC

This case came before the Court for hearing on February 19, 2009, on the Debtors' Amended Objection to the Claim filed by Pay Centers LLC (Docket No. 22007). Upon the evidence presented at the hearing, the Court finds that:

1. Pay Centers LLC (the "Claimant") filed a proof of claim based upon a contract, asserting that the claim arose on December 2, 2003 (Claim No. 11208)(the "Claim").

2. The Claimant attached to the proof of claim a "PCL" Public Internet Kiosk Agreement (the "Contract") which, at paragraph V4, states that it is governed by the laws of the state of Florida.

3. Section 95.11(2)(b), Florida Statutes, requires that an action founded on a contract based on a written instrument must be brought within five years.

4. The Claimant filed the Opposition of Creditor, Pay Centers LLC, to the Debtors' Fourteenth Omnibus Objection to (A) No Liability Claims and (B)

No Liability Misclassified Claims with Reference to Claim # 11208 (Docket No. 9772) (the "Response"). In the Response, the Claimant asserted that the Debtors breached the Contract on December 11, 2003.

5.   The Claimant has not filed a civil action in the appropriate non-bankruptcy court based upon the alleged breach of the Contract. Filing a proof of claim did not preserve the Claim for statute of limitations purposes. *See Rhodes v. C & G Excavating, Inc.*, 217 B.R. 64, 66 (Bankr. E.D. Penn. 1998), *citing Grotting v. Hudson Shipbuilders, Inc.*, 85 B.R. 568, 569-70 (W.D. Wash. 1988).

6.   Because the Claim is alleged to have arisen on December 11, 2003, the Claimant was required under Florida law to commence the prosecution of a valid civil action by December 10, 2008 in order to preserve the claim for statute of limitations purposes.

7.   Because the Claimant did not file a valid civil action to preserve its claim prior to the expiration of the applicable statute of limitations, the Claim is now time-barred and must be disallowed. Upon the foregoing, it is

ORDERED:

1.   The Debtors' Amended Objection to the Claim filed by Pay Centers LLC (Docket No. 22007) is sustained.

2. Claim No. 11208 filed by the Claimant is disallowed.

Dated this 19 day of February, 2009 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:

Leanne McKnight Prendergast

[Leanne McKnight Prendergast is directed to serve a copy of the order on the Interested Parties and file a proof of service.]

642667