**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## OKALOOSA COUNTY PROPERTY APPRAISER'S
## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Respondent Pete Smith, as Property Appraiser of Okaloosa County, Florida, moves this

Court, pursuant to Rule 37, Federal Rules of Civil Procedure, and Rule 7037-1, of the Local

Rules of Bankruptcy Procedure, for an Order compelling the Debtor to provide documents

requested in the Okaloosa County Property Appraiser's Request for Production, and in support

thereof states as follows:

1.      This action was brought by the Debtor as an Objection to Florida Tax Claims

pertaining to proof of claim number 12566 filed on behalf of a group of tax collectors, treasurers

and officers for sixty-five counties within the State of Florida.

2.      The Okaloosa Property Appraiser's ("Property Appraiser") tangible personal

property tax assessments for 2004, 2005 and 2006 are contested and are considered a tax liability

to the Okaloosa Tax Collector.

3.      On December 4, 2008, the Property Appraiser served the Debtor with a Request

for Production. A copy of which is attached hereto as Exhibit "A." Among the documents

requested, the Property Appraiser specifically requested (in Request 8):

"Records of any physical inventories of the subject stores."

4.    On  January 12, 2009, the Debtor responded to the Property Appraiser's Request

for Production. A copy of that response is attached hereto as Exhibit "B." The Debtor objected

to Request 8 stating:

> "Objection to Request No. 8: Winn-Dixie objects to Request No. 8
> because it is vague, ambiguous, overly broad, unduly burdensome and
> not reasonably calculated to lead to the discovery of admissible
> evidence."

5.    On February 4, 2009, in a good faith attempt to obtain the production of these

documents, the Property Appraiser responded to the Debtor's objections. A copy of that

correspondence is attached hereto as Exhibit "C." The Property Appraiser's correspondence, as

it specifically related to the documents requested in Request 8 is as follows:

> "Winn-Dixie objected to the documents requested in Paragraph 8
> stating that the request was 'vague, ambiguous, overly broad, unduly
> burdensome and not reasonably calculated to lead to the discovery of
> admissible evidence.' I disagree with all of the listed objections. Mr.
> Tansi, in his deposition, indicated that Winn-Dixie prepares a record of
> physical inventories every year, with the inventories alternating yearly
> between store locations and warehouse locations. Therefore, your client
> understands what the physical inventories are, annually conducts the
> inventories, inventory records do exist, are easily obtainable and are
> reasonably calculated to lead to the discovery of admissible evidence."

6.    Subsequently, the Debtor again refused to produce these documents in a

letter dated February 19, 2009, a copy of which is attached as Exhibit "D." The Debtor

stated the following:

> "Winn-Dixie will not produce the documents sought by Paragraph No.
> 8 of the Request for Production. The accuracy of the inventory records
> is not an issue framed by Winn-Dixie's Objection to the Florida Tax
> Claims or the Okaloosa Property Appraiser's Response to Winn-Dixie's
> Objection. Therefore the documents requested in Paragraph No. 8 are
> not reasonably calculated to lead to the discovery of admissible
> evidence."

2

7      None of the Debtor's objections are well taken. First, the Debtor objects as to the request being vague, ambiguous, overly broad and unduly burdensome. Ten days after filing these objections, the Debtor's own witness, Mr. Richard Tansi, testified under oath that the Debtor conducts a physical inventory of the retail stores every two years. Furthermore, Mr. Tansi testified that the asset listing used to prepare the Debtor's tax returns is based on these physical inventories. A copy of the relevant portions of Mr. Tansi's deposition is attached hereto as Exhibit "E."

8      After the Property Appraiser pointed out the flaws in the Debtor's objection to the production of these documents, the Debtor further objected that the accuracy of the physical inventory records are not an issue in this action and that the documents requested are not reasonably calculated to lead to the discovery of admissible evidence. Documents concerning a physical inventory of the retail stores at issue are certainly relevant in an assessment contest to verify what was physically in the stores and to verify the accuracy of the Debtor's tax returns.

9.      The Debtor's expert, Kevin Abrahani, testified under oath, that when he physically visited stores to review items on the asset listing provided by the Debtor some items listed did not exist at a certain location. He further stated that the item may not be assessed for a particular year although it was owned by the Debtor, because it was not physically present at that particular location. A copy of the relevant portions of Mr. Abrahani's deposition is attached hereto as Exhibit "F." The physical inventories are undoubtedly relevant in the determination of the accuracy of the asset listings that were based on the inventories and were used to produce the tangible personal property tax returns for the subject properties.

10.     Furthermore, section 195.027, Florida Statutes, provides the authority for the Florida Department of Revenue to promulgate administrative rules to "provide procedures

3

whereby the property appraiser, the Department of Revenue, and the Auditor General shall be able to obtain access, where necessary, to financial records relating to nonhomestead property which records are required to make a determination of the proper assessment as to the particular property in question." The Department of Revenue prescribed these procedures in Rule 12D-1.005, Florida Administrative Code, to allow for access to "financial records relating to non-homestead property which are reasonably necessary to determine the property assessment of the property in question." The Department of Revenue specifically listed inventories as one of the types of records intended to be available for review in the case of personal property. Rule 12D-1.005(1)(d), F.A.C.

11. Rule 26, Federal Rules of Civil Procedure, provides for a broad scope of discovery to any nonprivileged matter that is relevant to a party's claim. Again, the physical inventories used by the Debtor as the basis for the production of their tax returns is extremely relevant in determining the presence and value of the assets listed.

## CERTIFICATE OF GOOD FAITH

12. As shown by the letter attached hereto as Exhibit "C," the Property Appraiser has made a good faith effort to resolve this discovery dispute. However, as of the date of this motion, the Debtor continues to refuse to produce the documents responsive to the Property Appraiser's Request for Production.

WHEREFORE, Pete Smith, as Property Appraiser of Okaloosa County, Florida, respectfully requests that this Court enter an order compelling the Debtor to produce the documents requested in the Property Appraiser's Request for Production.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic transmission on this 24th day of February, 2009 to:

| Party | Attorney |
|---|---|
| Winn-Dixie Stores, Inc. and Affiliated Debtors | Skadden, Arps, Slate, Meagher & Flom, LLP<br>D.J. Baker, Esq.<br>Four Times Square<br>New York, NY 10036<br>Tel: 212-735-3000 |
| | Smith Hulsey & Busey<br>Stephen D. Busey, Esq.<br>Cynthia C. Jackson, Esq.<br>Allan E. Wulbern, Esq.<br>Beau Bowin, Esq.<br>225 Water Street, Suite 1800,<br>Jacksonville, FL 32202 |
| Okaloosa County Tax Collector | Philip A. Bates, Esq.<br>25 W. Cedar Street, Suite 550<br>Pensacola, FL 32501 |
| Escambia County Property Appraiser | Thomas M. Findley, Esq.,<br>Messer, Caparello & Self, P.A.<br>Post Office Box 15579<br>Tallahassee, FL 32317 |

DENT & JOHNSON, CHARTERED
3415 Magic Oak Lane
Post Office Box 3259
Sarasota, Florida 34230
Phone: (941) 952-1070
Fax:   (941) 952-1094
E-mail: sjohnson@dentjohnson.com

/s/ Sherri L. Johnson
SHERRI L. JOHNSON
Florida Bar No. 0134775
AMY K. TUCK
Florida Bar No. 183822

Y:\s02-6530\Motion to Compel RFP8.doc

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors | ) | Jointly Administered |
| | ) | |

## PROPERTY APPRAISER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND ENTRY UPON LAND

Pete Smith, as Property Appraiser of Okaloosa County, Florida, pursuant to Federal Rule of Civil Procedure 34, requests Debtor Winn-Dixie Stores, Inc. to permit entry upon the subject property for inspection, and to produce copies of the following at the offices of Dent & Johnson, Chartered, 3415 Magic Oak Lane, Sarasota, Florida 34232, for purposes of review and copying, within thirty (30) days:

1.    Each document, report and item referred to in the Property Appraiser's Interrogatories to Debtor, or in Debtor's answers to the said Interrogatories.

2.    All listings of the assets in store numbers 0541, 0551, 0588, 0560, 0566, and 0562 [hereinafter "the subject stores"] on January 1, 2004, 2005 and 2006, including all assets of any kind, whether or not reported to the Property Appraiser in the Plaintiff's tangible personal property tax returns.

3.    All documents used to complete the Plaintiff's 2004, 2005 and 2006 tangible personal property tax returns for Parcel Numbers 51272504, 51272503, 00615010, 0014488, 51272500, and 00019064 [hereinafter "subject property"].



**EXHIBIT**

"A"

4.      All documents and reports which were used in the Debtor's determination of the original cost and the fair market value reported to the Okaloosa County Property Appraiser for the 2004, 2005, and 2006 tax years.

5.      All documents, including, but not limited to, internal memoranda, notes and e-mails, regarding the preparation of the Debtor's 2004, 2005 and 2006 tangible personal property tax returns in Florida.

6.      All documents used to calculate the Debtor's estimate of the amount of taxable supplies to report on its 2004, 2005 and 2006 tangible personal property tax returns to Okaloosa County.

7.      All documents that indicate the Debtor's capitalization threshold for its assets.

8       Records of any physical inventories of the subject stores.

9.      All documents (other than the actual invoices) that indicate the original installed cost of the subject property, and the year the subject property was placed in service.

10.      All formal and informal appraisal reports or opinions of the value of the subject property as of January 1, 2004, January 1, 2005, or January 1, 2006.

11.      All appraisals of the value of the subject property prepared within the last five years

12.      Publications or tables referred to or used by the Debtor or any agent or consultant of Debtor in determining the value of the property.

13.      All depreciation schedules that were considered by Debtor or any agent or consultant of Debtor in determining the value of the subject property.

14.      Debtor's chart of accounts for the subject stores.

2

15.     Debtor's balance sheets as of December 31, 2003, December 31, 2004, and December 31, 2005.

16.     State and federal tax returns as they relate to the subject property for the tax years 2003, 2004 and 2005, and supporting schedules.

17.     Copies of all company records in which a value is attributed to any portion of the property from January 1, 2003 to date.

18.     All financial statements in which the subject property, or any interest therein, has been listed as an asset from January 1, 2003 to date.

19.     Any listing for sale, and any offer, expression of interest, letter of intent, or agreement entered into for the transfer of any of the subject property at any date from January 1, 2003 to the present. Include within this all contracts for sale, whether or not they actually closed.

20.     All documents that indicate which items of property, if any, within the Plaintiff's stores, suffered from functional or economic obsolescence on January 1, 2004, January 1, 2005, or January 1, 2006.

21.     All documents that Plaintiff believes support its claim that the subject property was over-assessed in 2004, 2005, and 2006.

22.     All documents provided to ATL in connection with the Debtor's challenge to the Property Appraiser's assessments.

23.     All documents furnished to any professionals (e.g., appraisers or consultants) who are expected to testify at the trial of this cause.

24.     All documents and data provided to any appraiser or consultant, including but not limited to Praport and Associates or Brian Testo Associates, in connection with the Debtor's challenge to the Property Appraiser's 2004, 2005 and 2006 assessments.

3

25.    All contracts and correspondence with Assessment Technologies, Ltd. regarding the subject property or the Plaintiff's tangible personal property in Florida generally.

26.    All "appraisals provided by independent third-party appraisers" referred to on page 6 of Debtor's Objection to Florida Tax Claims.

27.    All documents that describe or relate to the Debtor's sales of similar assets, as referenced on page 6 of Debtor's Objection to Florida Tax Claims.

28.    All documents or data considered by ATL in determining the values for the subject property listed in Debtor's Objection to Florida Tax Claims.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. first class mail, postage pre-paid on this 4th day of December, 2008 to:

| **Party** | **Attorney** |
| --- | --- |
| Winn-Dixie Stores, Inc. and Affiliated Debtors | Skadden, Arps, Slate, Meagher & Flom, LLP D.J. Baker, Esq. Four Times Square New York, NY 10036 Tel: 212-735-3000 |
| | Smith Hulsey & Busey Stephen D. Busey, Esq. Cynthia C. Jackson, Esq. 225 Water Street, Suite 1800, Jacksonville, FL 32202 |
| Okaloosa County Tax Collector | Philip A. Bates, Esq. 25 W. Cedar Street, Suite 550 Pensacola, FL 32501 |

4

DENT & JOHNSON, CHARTERED
3415 Magic Oak Lane
Post Office Box 3259
Sarasota, Florida 34230
Phone: (941) 952-1070
Fax:    (941) 952-1094
E-mail: sjohnson@dentjohnson.com


SHERRI L. JOHNSON
Florida Bar No. 0134775

Y:\S02-6530\Request for Production (1st) doc

5

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:                                   )      Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,        )      *Chapter 11*

                    Reorganized Debtors.  )      Jointly Administered

_____)

### WINN-DIXIE'S REPONSE TO OKALOOSA COUNTY PROPERTY APPRAISER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Winn-Dixie Stores, Inc. ("Winn-Dixie") responds to the Okaloosa County Property Appraiser's request for production of documents below.

## General Objections

Winn-Dixie objects to this request to the extent it requires the disclosure of (i) information protected by the attorney-client privilege, the accountant-client privilege, the work product doctrine, or any other applicable privileges or (ii) confidential financial information absent the entry of a confidentiality order. Winn-Dixie will produce documents at a mutually agreeable time and place pursuant to the responses below to the extent the documents are in Winn-Dixie's possession, custody or control. The responses below are subject to these general objections.



EXHIBIT
"B"

## Specific Objections and Responses

Request No. 1: Each document, report and item referred to in the Property's Appraiser's Interrogatories to Debtor, or in Debtor's answers to the said Interrogatories.

Response to Request No. 1: Winn-Dixie will produce documents responsive to Request No. 1.

Request No. 2: All listings of the assets in store numbers 0541, 0551, 0588, 0560, 0566, and 0562 (hereinafter "the subject stores") on January 1, 2004, 2005 and 2006, including all assets of any kind, whether or not reported to the Property Appraiser in the Plaintiff's tangible personal property tax returns.

Objection to Request No. 2: Winn-Dixie objects to Request No. 2 because it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Response to Request No. 2: Subject to the foregoing objections, Winn-Dixie will produce its tangible property tax returns for tax years 2004, 2005 and 2006.

Request No. 3: All documents used to complete the Plaintiff's 2004 2005 and 2006 tangible personal property tax returns for Parcel Numbers 51272504, 51272503, 00615010, 0014488, 51272500, and 00019064 (hereinafter "subject property").

Objection to Request No. 3: Winn-Dixie objects to Request No. 3 because it is overly broad and unduly burdensome.

Response to Request No. 3: Subject to the foregoing objection, Winn-Dixie will produce documents responsive to Request No. 3.

2

> Request No. 4:  All documents and reports which were
> used in the Debtor's determination of the original cost and
> the fair market value reported to the Okaloosa County
> Property Appraiser for the 2004, 2005, and 2006 tax
> years.

Objection to Request No. 4:  Winn-Dixie objects to Request No. 4 because it is overly broad and unduly burdensome. To respond to the request for documents used in the Debtors' determination of original coast would require Winn-Dixie to search through thousands of documents, some of which date back more than 25 years.

Response to Request No. 4:  Subject to the foregoing objection, Winn-Dixie did not make a determination of the original cost or the fair market value reported to the Okaloosa County Property Appraiser for the 2004, 2005, and 2006 tax years. Winn-Dixie estimated the fair market value that it reported to the Okaloosa Property Appraiser, but Winn-Dixie has revised that estimation. Winn-Dixie will produce any documents it used to estimate the fair market value reported to the Okaloosa County Property Appraiser for the 2004, 2005, and 2006 tax years.

> Request No. 5:  All documents, including, but not limited
> to, internal memoranda, notes and e-mails, regarding the
> preparation of the Debtor's 2004, 2005 and 2006 tangible
> personal property tax returns in Florida.

Objection to Request No. 5:  Winn-Dixie objects to Request No. 5 because it is overly broad and unduly burdensome. Winn-Dixie also objects to Request No. 5 to the extent that the Request could be construed to seek the production of documents which are subject to the attorney-client and work product privileges.

Response to Request No. 5:  Subject to the foregoing objection, Winn-Dixie does not have any documents responsive to Request No. 5.

> Request No. 6:  All documents used to calculate the
> Debtor's estimate of the amount of taxable supplies to
> report on its 2004, 2005 and 2006 tangible personal
> property tax returns to Okaloosa County.

Objection to Request No. 6: Winn-Dixie objects to Request No. 6 because it is vague to the extent that Winn-Dixie does not understand what is meant by the "amount" of taxable supplies. Winn-Dixie also objects to Request No. 6 because it is

3

overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

> Request No. 7:  All documents that indicate the Debtor's capitalization threshold for its assets.

Objection to Request No. 7:  Winn-Dixie objects to Request No. 7 because it is vague and ambiguous.   Winn-Dixie does not understand what the phrase "capitalization threshold for its assets" means.

> Request No. 8:  Records of any physical inventories of the subject stores.

Objection to Request No. 8:  Winn-Dixie objects to Request No. 8 because it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

> Request No. 9:  All documents (other than the actual invoices) that indicate the original installed cost of the subject property, and the year the subject property was placed in service.

Objection to Request No. 9:  Winn-Dixie objects to Request No. 9 because it is overly broad and unduly burdensome.

Response to Request No. 9:  Subject to the foregoing objection, Winn-Dixie will produce copies of the Property Tax Returns that Winn-Dixie submitted to the Okaloosa County Property Appraiser for tax years 2004, 2005 and 2006.

> Request No. 10:  All formal and informal appraisal reports or opinions of the value of the subject property as of January 1, 2004, January 1, 2005, or January 1, 2006.

Objection to Request No. 10:  Winn-Dixie objects to Request No. 10 because it is overly broad, unduly burdensome.  Winn-Dixie further objects to Request No. 10 to the extent it seeks the production of documents that Winn-Dixie produced to non-testifying experts.  Those documents are subject to the work-product privilege.

Response to Request No. 10: Subject to the foregoing objections, Winn-Dixie will produce a copy of the appraisal prepared by Praport Associates, LLC/Brian Testo Associates, LLC.

Request No. 11: All appraisals of the value of the subject property prepared within the last five years.

Objection to Request No. 11: Winn-Dixie objects to Request No. 11 because it is overly broad. Winn-Dixie further objects to Request No. 11 to the extent it seeks the production of documents that Winn-Dixie produced to non-testifying experts. Those documents are subject to the work-product privilege.

Response to Request No. 11: Subject to the foregoing objections, Winn-Dixie will produce a copy of the appraisal prepared by Praport Associates, LLC/Brian Testo Associates, LLC.

Request No. 12: Publications or tables referred to or used by the Debtor or any agent or consultant of Debtor in determining the value of the property.

Objection to Request No. 12: Winn-Dixie objects to Request No. 12 to the extent it seeks production of documents used by non-testifying consultants to determine the value of the property. Such documents are protected from discovery by the work product privilege.

Response to Request No. 12: Subject to the foregoing objection, Winn-Dixie did not determine the value of the property.

Request No. 13: All depreciation schedules that were considered by Debtor or any agent or consultant of Debtor in determining the value of the subject property.

Objection to Request No. 13: Winn-Dixie objects to Request No. 13 because it is vague and ambiguous, Winn-Dixie does not understand what the phrase "depreciation schedules" means. To the extent Request No. 13 seeks production of documents used by non-testifying consultants to determine the value of the property, such documents are protected from discovery by the work product privilege.

Response to Request No. 13:  Subject to the foregoing objection, Winn-Dixie did not determine the value of the subject property.  Winn-Dixie does not know whether any of its agents or consultants referred to depreciation schedules in determining the value of the subject property.

Request No. 14: Debtor's chart of accounts for the subject stores.

Objection to Request No. 14:  Winn-Dixie objects to Request No. 14 because it is vague and ambiguous.  Winn-Dixie does not know what the term "chart of accounts" means.

Request No. 15:  Debtor's balance sheets as of December 31, 2003, December 31, 2004, and December 31, 2005.

Objection to Request No. 15:  Winn-Dixie objects to Request No. 15 because it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 16:  State and federal tax returns as they relate to the subject property for the tax years 2003, 2004 and 2005, and supporting schedules.

Objection to Request No. 16:  Winn-Dixie objects to Request No. 16 because it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Tax returns reflect the book value of assets, which is an accounting concept and has no meaningful relationship to the market value of the assets.  Furthermore, the Request seeks the production of confidential business information which Winn-Dixie will not produce under any circumstances absent the entry of an Order protecting the confidentiality of the information.

Request No. 17: Copies of all company records in which a value is attributed to any portion of the property from January 1, 2003 to date.

Objection to Request No. 17:  Winn-Dixie objects to Request No. 17 because the request for "company records in which a value is attributed to any portion of the property" is vague and ambiguous.  Winn-Dixie also objects to Request No. 17

6

because it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

Response to Request No. 17: Subject to the foregoing objections, Winn-Dixie will produce a copy of the Praport Associates, LLC/Brian Testo Associates, LLC appraisal which attributes a fair market value to the subject property as of December 31, 2004, December 31, 2005 and December 31, 2006. Winn-Dixie will also produce the Tangible Personal Property Tax Returns that Winn-Dixie filed with the Okaloosa County Property Appraiser in 2003, 2004 and 2005.

> Request No 18: All financial statements in which the subject property, or any interest therein, has been listed as an asset from January 1, 2003 to date.

Objection to Request No. 18: Winn-Dixie objects to Request No. 18 because it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

> Request No. 19: Any listing for sale, and any offer, expression of interest, letter of intent, or agreement entered into for the transfer of any of the subject property at any date from January 1, 2003 to the present. Include within this all contracts for sale, whether or not they actually closed.

Objection to Request No. 19: Winn-Dixie objects to Request No. 19 because it is unduly burdensome. The Request is also overly broad to the extent it asks for documents beyond January 1, 2006.

Response to Request No. 19: Subject to the foregoing objection, Winn-Dixie did not sell or offer to sell any of the subject property.

> Request No. 20: All documents that indicate which items of property, if any, within the Plaintiff's stores, suffered from functional or economic obsolescence on January 1, 2004, January 1, 2005, or January 1, 2006.

Objection to Request No. 20: Winn-Dixie objects to Request No. 20 because it is vague, overly broad and unduly burdensome. Winn-Dixie also objects to the use of the word "Plaintiff" as there is no Plaintiff or Defendant in this contested matter.

Response to Request No. 20: Subject to the foregoing objection, Winn-Dixie will produce the appraisal prepared by Praport Associates, LLC/Brian Testo, LLC.

> Request No. 21: All documents that Plaintiff believes support its claim that the subject property was over-assessed in 2004, 2005, and 2006.

Objection to Request No. 21: Winn-Dixie objects to Request No. 21 because it seeks the production of documents protected by the work product privilege. Winn-Dixie also objects to the use of the word "Plaintiff" as there is no Plaintiff or Defendant in this contested matter.

Response to Request No. 21: Subject to the foregoing objection, Winn-Dixie will produce the appraisal prepared by Praport Associates, LLC/Brian Testo, LLC.

> Request No. 22: All documents provided to ATL in connection with the Debtor's challenge to the Property Appraiser's assessments.

Objection to Request No. 22: Winn-Dixie objects to Request No. 22 because it seeks discovery of documents protected by the work product privilege. Winn-Dixie also objects to Request No. 22 because the use of the passive tense renders the Request vague and ambiguous.

> Request No. 23: All documents furnished to any professionals (e.g., appraisers or consultants) who are expected to testify at the trial of this cause.

Objection to Request No. 23: Winn-Dixie objects to Request No. 23 because it is overly broad and unduly burdensome. Winn-Dixie also objects to Request No. 23 because the use of the passive tense renders the Request vague and ambiguous.

Response to Request No. 23: Subject to the foregoing objections, Winn-Dixie will produce documents responsive to Request No. 23.

> Request No. 24: All documents and data provided to any
> appraiser or consultant, including but not limited to
> Praport and Associates or Brian Testo Associates, in
> connection with the Debtor's challenge to the Property
> Appraiser's 2004, 2005 and 2006 assessments.

Objection to Request No. 24: Winn-Dixie objects to Request No. 24 because it is overly broad and unduly burdensome. Winn-Dixie also objects to Request No. 24 because the use of the passive tense renders the Request vague. Winn-Dixie further objects to Request No. 24 to the extent it seeks the production of documents that Winn-Dixie produced to non-testifying experts. Those documents are subject to the work-product privilege.

Response to Request No. 24: Subject to the foregoing objections, Winn-Dixie will produce all documents it provided to experts or consultants who will testify for Winn-Dixie.

> Request No. 25: All contracts and correspondence with
> Assessment Technologies, Ltd. regarding the subject
> property or the Plaintiff's tangible personal property in
> Florida generally.

Objection to Request No. 25: Winn-Dixie objects to Request No. 25 because it seeks discovery of documents protected by the work product privilege. Winn-Dixie also objects to Request No. 25 because it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence.

Response to Request No. 25: Subject to the foregoing objections, Winn-Dixie will produce a copy of its Application to Employ Assessment Technologies, Ltd. as Property Tax Consultants for the Debtors Nunc Pro Tunc, which includes a copy of the December 1, 2005 Service Agreement between Winn-Dixie and Assessment Technologies, Ltd.

> Request No. 26: All "appraisals provided by independent
> third-party appraisers" referred to on page 6 of Debtor's
> Objection to Florida Tax Claims.

Response to Request No. 26: Winn-Dixie will produce documents responsive to Request No. 26 for the subject property.

Request No. 27: All documents that describe or relate to
the Debtor's sales of similar assets, as referenced on page
6 of Debtor's Objection to Florida Tax Claims.

Objection to Request No. 27: Winn-Dixie objects Request No. 27 because it is
overly broad and unduly burdensome. Furthermore, the Request seeks the production
of confidential business information which Winn-Dixie will not produce under any
circumstances absent the entry of an Order protecting the confidentiality of the
information.

Request No. 28: All documents or data considered by
ATL in determining the values for the subject property
listed in Debtor's Objection to Florida Tax Claims.

Objection to Request No. 28: Winn-Dixie objects to Request No. 28 because it
seeks discovery of documents protected by the work product privilege.

Response to Request No. 28: Subject to the foregoing objection, ATL did not
determine values for the subject property listed in Debtor's Objection to Florida Tax
Claims.

SMITH HULSEY & BUSEY

By

Allan E. Wulbern
Beau Bowin

Florida Bar Number 175511
Florida Bar Number 792551
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.

10

## Certificate of Service

I certify that a copy of the foregoing has been furnished by mail to Sherri L. Johnson, 3415 Magic Oak Lane, P.O. Box 3259, Sarasota, Florida 34230, Thomas M. Findley, Esq., Messer, Caparello & Self, P.A., Post Office Box 15579, Tallahassee, Florida 32317 and Philip A. Bates, Esq., 25 West Cedar St., Suite 550, Pensacola, FL 32591-1390 on this _12ᵗʰ_ day of January, 2009.

_____
Attorney

00638605

11



**Chartered**

John C. Dent, Jr.
Sherri L. Johnson
R. Laine Wilson Harris
Amy K. Tuck

Post Office Box 3259 • Sarasota, Florida 34230

E-MAIL ADDRESS: ATUCK@DENTJOHNSON.COM

February 4, 2009

Allan E. Wulbern, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

Re:    Plaintiff's Responses to Property Appraiser's
First Requests for Production of Documents and Interrogatories

Dear Mr. Wulbern:

I have reviewed your client's responses to the Property Appraiser's Interrogatories and Request for Production of Documents for the above referenced case.

Your client objected to the documents requested in Paragraph 6 of the Defendant Property Appraiser's First Request for Production of Documents stating that the request was vague as to "amount" and that the documents requested would not lead to the discovery of admissible evidence. Information concerning the taxable supplies reported on tangible personal property tax returns filed with Okaloosa County for the subject property for the years 2004, 2005 and 2006 is entirely discoverable within the Federal Rules of Civil Procedure. The term "amount" is not vague, as Mr. Tansi testified in his deposition on January 22, 2009 as to how the decision is made to report the amount of supplies on property tax returns.

Winn-Dixie objected to the documents requested in Paragraph 8 stating that the request was "vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." I disagree with all of the listed objections. Mr. Tansi, in his deposition, indicated that Winn-Dixie prepares a record of physical inventories every year, with the inventories alternating yearly between store locations and warehouse locations. Therefore, your client understands what the physical inventories are, annually conducts the inventories, inventory records do exist, are easily obtainable and are reasonably calculated to lead to the discovery of admissible evidence.

Winn-Dixie objected to Paragraph 10, 11 and 13 claiming work-product privilege and stating that the requests seek "the production of documents that Winn-Dixie produced to non-testifying consultants." The work-product privilege does not apply in this instance as at least two of these "non-testifying" consultants are now expected to testify at trial and are now subject to

**EXHIBIT**

"C"

Allan E. Wulbern, Esq.
Page 2
February 4, 2009

the rules of discovery. The documents provided by Winn-Dixie to these witnesses should be produced.

Winn-Dixie objected to the documents requested in Paragraph 13 noting that Winn-Dixie "did not understand what the phrase 'depreciation schedules' means." Mr. Tansi, in his deposition, clearly stated that he was familiar with the term "depreciation schedule." The objection raising work-product privilege is also not well taken as at least two of the consultants are now expected to testify at trial. Therefore, all documents responsive to this request should be produced.

Winn-Dixie objected to the documents requested in Paragraph 14 stating that it "does not know what the term 'chart of accounts' means." In his deposition, Mr. Tansi confirmed that he does know what a "chart of accounts" is and noted that it is a listing of all of the accounts the company keeps its books with. Therefore, the documents responsive to this request should be produced.

Winn-Dixie objected to the documents requested in Paragraph 15 for balance sheets stating that the information is not reasonably calculated to lead to the discovery of admissible evidence. Financial statements, including, according to Mr. Tansi, balance sheets that list the value of the subject property as an asset, are discoverable in a property tax case involving the value of the property. As you know, the federal rules provide for discovery of documents if the documents are reasonably calculated to lead to the discovery of admissible evidence.

Winn-Dixie objected to the documents requested in Paragraph 16 stating that state and federal tax returns, as they relate to the subject property, are not reasonably calculated to lead to the discovery of admissible evidence. Financial documents that list the value of the subject property as an asset are discoverable in a property tax case involving the value of the property. Again, federal law provides for a broad range of discovery of documents if the documents are reasonably calculated to lead to admissible evidence. Your client further stated that documents would not be produced absent the entry of a confidentiality order. My client is willing to agree to a confidentiality order regarding these documents.

Winn-Dixie objected to the documents requested in Paragraph 17 stating that the request for "company records in which a value is attributed" is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Financial records that list the value of the subject property as an asset are discoverable in a property tax case involving the value of the property. Florida law provides for a broad range of discovery of documents if the documents are reasonably calculated to lead to admissible evidence.

Winn-Dixie objected to documents requested in Paragraph 19 pertaining to listings or offers for sale. The objection stated the request is unduly burdensome and "overly broad to the

Allan E. Wulbern, Esq.
Page 3
February 4, 2009

extent it asks for documents beyond January 1, 2006." While I am not sure what "beyond" January 1, 2006 means, I am taking it to mean "before" January 1, 2006. In light of this, I am willing to amend this request to include any listing or others for sale made at any date between January 1, 2004 to January 1, 2006.

Winn-Dixie objected to the documents requested in Paragraph 22 on the basis of work-product privilege. I am requesting a privilege log regarding these documents. Furthermore, in his deposition, Mr. Tansi described a file that he requested from Crossroads to give to ATL. This file would fall within this document request and should be provided as well.

Winn-Dixie objected to the documents requested in Paragraph 27 regarding Debtor's Sale of Similar Assets on the basis that the request is overly broad, unduly burdensome and includes confidential business information. However, all of these objections were effectively waived when Debtor, on page 6 of Debtor's Objection to Florida Tax Claims, referenced "the value realized by the Debtors upon the Sale of their assets both prior to and during the course of these Chapter 11 cases, including Sales of Similar Assets." In referencing these sales in the Objection, it appeared evident that Winn-Dixie was in possession of these specific documents, therefore, the request is not overly broad or unduly burdensome.

Finally, your client did not provide an answer to Interrogatory number 10, but responded by objecting to the term "replacement value." In his deposition, Mr. Tansi stated that he does know what the term "replacement cost" means. While the objection refers to the value, as noted in the deposition, this is a typographical mistake only. Therefore, an answer should be provided to this Interrogatory."

Please provide the documents requested and let me know if your client will amend/supplement their responses. If we cannot resolve these matters within the next 7 days, I will file a Motion to Compel

Sincerely,

Amy K. Tuck

Amy K. Tuck

AKT:eb

cc:    Philip A. Bates, Esq.
       Thomas M. Findley, Esq.
       Pete Smith

Y:\s02-6530\DRAFT Ltr to Wulbern 11509.doc

RECEIVED FEB 23 2009

SMITH HULSEY & BUSEY

ALLAN E. WULBERN
DIRECT 904 359 7814
AWULBERN@SMITHHULSEY.COM

February 19, 2009

Amy K. Tuck, Esq.
Dent & Johnson Chartered
3415 Magic Oak Lane
Sarasota, FL 34232

Re:    In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy
Court, Middle District of Florida, Jacksonville Division; Case No. 05-
03817-3F1, Chapter 11, Jointly Administered

Dear Amy:

We have reviewed your February 4th letter regarding Winn-Dixie's responses to
the Okaloosa County Property Appraiser's (the "Appraiser") Request for Production of
Documents (the "Request for Production"). We have quoted the relevant paragraphs
from your letter and responded in kind below.

Your client objected to the documents requested in
Paragraph 6 of the Defendant Property Appraiser's First
Request for Production of Documents stating that the
request was vague as to "amount" and that the documents
requested would not lead to the discovery of admissible
evidence. Information concerning the taxable supplies
reported on tangible personal property tax returns filed with
Okaloosa County for the subject property for the years
2004, 2005 and 2006 is entirely discoverable within the
Federal Rules of Civil Procedure. The term "amount" is
not vague, as Mr. Tansi testified in his deposition on
January 22, 2009 as to how the decision is made to report
the amount of supplies on property tax returns.

Mr. Tansi testified in his deposition that supplies were calculated based on store
square footage and that there are no documents responsive to Paragraph No. 6.



SMITH HULSEY & BUSEY

Amy K. Tuck, Esq.
February 19, 2009
Page 2

> Winn-Dixie objected to the documents requested in
> Paragraph 8 stating that the request was "vague,
> ambiguous, overly broad, unduly burdensome and not
> reasonably calculated to lead to the discovery of admissible
> evidence." I disagree with all of the listed objections. Mr.
> Tansi, in his deposition, indicated that Winn-Dixie prepares
> a record of physical inventories every year, with the
> inventories alternating yearly between store locations and
> warehouse locations. Therefore, your client understands
> what the physical inventories are, annually conducts the
> inventories, inventory records do exist, are easily
> obtainable and are reasonably calculated to lead to the
> discovery of admissible evidence.

Winn-Dixie will not produce the documents sought by Paragraph No. 8 of the
Request for Production. The accuracy of the inventory records is not an issue framed by
Winn-Dixie's Objection to the Florida Tax Claims or the Okaloosa Property Appraiser's
Response to Winn-Dixie's Objection. Therefore the documents requested in Paragraph
No. 8 are not reasonably calculated to lead to the discovery of admissible evidence.

> Winn-Dixie objected to Paragraph 10, 11 and 13 claiming
> work-product privilege and stating that the requests seek
> "the production of documents that Winn-Dixie produced to
> non-testifying consultants." The work-product privilege
> does not apply in this instance as at least two of these "non-
> testifying" consultants are now expected to testify at trial
> and are now subject to the rules of discovery. The
> documents provided by Winn-Dixie to these witnesses
> should be produced.

Winn-Dixie has already produced the appraisals sought by Paragraph Nos. 10, 11
and 13 in the Request for Production. Those are the only documents in Winn-Dixie's
possession that are responsive to Paragraph Nos. 10, 11 and 13.

> Winn-Dixie objected to the documents requested in
> Paragraph 13 noting that Winn-Dixie "did not understand
> what the phrase 'depreciation schedules' means." Mr.
> Tansi, in his deposition, clearly stated that he was familiar
> with the term "depreciation schedule." The objection

SMITH  HULSEY & BUSEY

Amy K. Tuck, Esq.
February 19, 2009
Page 3

> raising work-product privilege is also not well taken as at
> least two of the consultants are now expected to testify at
> trial. Therefore, all documents responsive to this request
> should be produced.

Mr. Tansi testified in his deposition that he is familiar with the term "depreciation schedule." Mr. Tansi did not, however, testify that Winn-Dixie or any of its agents used depreciation schedules to value the Okaloosa property. To be clear, Winn-Dixie did not use any depreciation schedules to value the Okaloosa property. Any depreciation schedules that Asset Technologies may have considered in determining the value of the property are privileged unless they were prepared by one of Winn-Dixie's expert witnesses. Winn-Dixie has produced all of those depreciation schedules.

> Winn-Dixie objected to the documents requested in
> Paragraph 14 stating that it "does not know what the term
> 'chart of accounts' means." In his deposition, Mr. Tansi
> confirmed that he does know what a "chart of accounts" is
> and noted that it is a listing of all of the accounts the
> company keeps its books with. Therefore, the documents
> responsive to this request should be produced.

Although Mr. Tansi testified that he knows what a chart of accounts is and provided a definition for the term, he did not testify that Winn-Dixie has a chart of accounts for Okaloosa County. Winn-Dixie does not have a separate chart of accounts for Okaloosa County nor can it segregate the Okaloosa assets from that larger chart of accounts.

> Winn-Dixie objected to the documents requested in
> Paragraph 15 for balance sheets stating that the information
> is not reasonably calculated to lead to the discovery of
> admissible evidence. Financial statements, including,
> according to Mr. Tansi, balance sheets that list the value of
> the subject property as an asset, are discoverable in a
> property tax case involving the value of the property. As
> you know, the federal rules provide for discovery of
> documents if the documents are reasonably calculated to
> lead to the discovery of admissible evidence.

SMITH HULSEY & BUSEY

Amy K. Tuck, Esq.
February 19, 2009
Page 4


Winn-Dixie does not have any balance sheets dated as of December 31, 2003, 2004 or 2005.

> Winn-Dixie objected to the documents requested in
> Paragraph 16 stating that state and federal tax returns, as
> they relate to the subject property, are not reasonably
> calculated to lead to the discovery of admissible evidence.
> Financial documents that list the value of the subject
> property as an asset are discoverable in a property tax case
> involving the value of the property. Again, federal law
> provides for a broad range of discovery of documents if the
> documents are reasonably calculated to lead to admissible
> evidence. Your client further stated that documents would
> not be produced absent the entry of a confidentiality order.
> My client is willing to agree to a confidentiality order
> regarding these documents.

Winn-Dixie does not have any tax returns that specifically "relate to the subject property for the tax years 2003, 2004 or 2005." Winn-Dixie's federal tax returns and supporting schedules do not separately list the property in Okaloosa County.

> Winn-Dixie objected to the documents requested in
> Paragraph 17 stating that the request for "company records
> in which a value is attributed" is vague, ambiguous and not
> reasonably calculated to lead to the discovery of admissible
> evidence. Financial records that list the value of the subject
> property as an asset are discoverable in a property tax case
> involving the value of the property. Florida law provides
> for a broad range of discovery of documents if the
> documents are reasonably calculated to lead to admissible
> evidence.

Paragraph No. 17 is overly broad. It is also unduly burdensome to request that Winn-Dixie review all of its company records for the purpose of producing all documents over a seven year span in which a value is attributed to property in Okaloosa County. If you identify the documents that the Appraiser would like Winn-Dixie to produce, then Winn-Dixie will produce those specific documents.

SMITH HULSEY & BUSEY

Amy K. Tuck, Esq.
February 19, 2009
Page 5

> Winn-Dixie objected to documents requested in Paragraph
> 19 pertaining to listings or offers for sale. The objection
> stated the request is unduly burdensome and "overly broad
> to the extent it asks for documents beyond January 1,
> 2006." While I am not sure what "beyond" January 1,
> 2006 means, I am taking it to mean "before" January 1,
> 2006. In light of this, I am willing to amend this request to
> include any listing or others for sale made at any date
> between January 1, 2004 to January 1, 2006.

Winn-Dixie does not have any documents responsive to Paragraph No. 19.

> Winn-Dixie objected to the documents requested in
> Paragraph 22 on the basis of work-product privilege. I am
> requesting a privilege log regarding these documents.
> Furthermore, in his deposition, Mr. Tansi described a file
> that he requested from Crossroads to give to ATL. This file
> would fall within this document request and should be
> provided as well.

Winn-Dixie has already produced any documents that Asset Technologies had in
its possession which are responsive to Paragraph No. 22. The request is otherwise overly
broad and seeks the production of privileged documents. Documents in the possession of
non-testifying experts retained in anticipation of litigation are exempt from discovery due
to the unfairness such discovery would create. *Ludwig v. Pilkington North America, Inc.*,
No. 03 C 1086, 2003 WL 22242224, at *3 (N.D. Ill. Sept. 29, 2003). Therefore, a
privilege log is not required. *Id.*

> Winn-Dixie objected to the documents requested in
> Paragraph 27 regarding Debtor's Sale of Similar Assets on
> the basis that the request is overly broad, unduly
> burdensome and includes confidential business
> information. However, all of these objections were
> effectively waived when Debtor, on page 6 of Debtor's
> Objection to Florida Tax Claims, referenced "the value
> realized by the Debtors upon the Sale of their assets both
> prior to and during the course of these Chapter 11 cases,
> including Sales of Similar Assets." In referencing these
> sales in the Objection, it appeared evident that Winn-Dixie

## SMITH HULSEY & BUSEY

Amy K. Tuck, Esq.
February 19, 2009
Page 6

> was in possession of these specific documents, therefore,
> the request is not overly broad or unduly burdensome.

Winn-Dixie will not produce the documents sought by Paragraph No. 27. The request is overly broad and it would be unduly burdensome for Winn-Dixie to review all company asset sales records for the purpose of identifying and producing those documents which describe or relate to assets similar to any assets located in Okaloosa County. Winn-Dixie has already produced the documents it relied on in making the allegation in paragraph 12, part (c) on page 6 of its objection to the Florida Tax Claims. Those documents were the store sale spreadsheets Messrs. Abrahani and Testo produced at their depositions.

> Finally, your client did not provide an answer to Interrogatory number 10, but responded by objecting to the term "replacement value." In his deposition, Mr. Tansi stated that he does know what the term "replacement cost" means. While the objection refers to the value, as noted in the deposition, this is a typographical mistake only. Therefore, an answer should be provided to this Interrogatory."

The information sought by Paragraph No. 10 can be ascertained from the Praport/Testo and Jack West appraisals, which Winn-Dixie has already produced.

Sincerely,

Allan E. Wulbern

By facsimile and mail

00643386

Richard Tansi

52

1     Q     And at the time that you filed the 2006 tax

2   return, did you believe that they included all taxable

3   tangible personal property that was in those stores?

4     A     Yes.

5     Q     What documents are used to prepare the tax

6   returns?

7     A     We get a download from the PeopleSoft Fixed

8   Asset Management System.

9     Q     And does this PeopleSoft Fixed Asset Management

10  System maintain information on all assets or just the

11  assets that are taxable?

12    A     All assets.

13    Q     Is the asset list that is maintained in this

14  program based on a physical inventory?

15    A     Yes, it is.

16    Q     All right.  Do you know when the last physical

17  inventory -- well, let me back up.

18        How frequently are physical inventories done of

19  the assets?

20    A     There's a physical inventory of the retail

21  stores every two years and in the intervening year, it's

22  the warehouses and office spaces.

23    Q     All right.  For the retail stores, is it

24  even-numbered years or odd-numbered years?

25    A     I don't know.  I don't know.





EXHIBIT

"E"

Toll Free: 800.322.8416
Facsimile: 904 355 6152

ESQUIRE
DEPOSITION SERVICES®

BROWN&

1609 Riverplace Tower
1301 Riverplace Boulevard
Jacksonville, FL 32207
www.browngallo.com

Richard Tansi                                    January 22, 2009

53

1    Q    And the physical inventories, are they of the

2    saleable inventory and the store fixtures?

3    A    Yes.

4    Q    Okay.

5    A    More of the store fixtures than the saleable

6    inventory.

7    Q    Does the cost reported on the tax returns

8    represent the original installed cost of the assets?

9    A    Yes, it does.

10   Q    Do those costs include sales taxes breaks and

11   installation charges?

12   A    Yes.

13   Q    In calculating the original cost to report, did

14   the preparer of these returns attempt to subtract any

15   amounts attributable to allegedly non-taxable components

16   of each individual item?

17   A    No.

18   Q    Does Winn-Dixie treat all of its assets as

19   capital assets, or does it expense items that cost less

20   than a certain amount?

21   A    They expense items that are less than a certain

22   amount.

23   Q    Okay.  And what is that threshold amount?

24   A    For 2004 and '5, it was $300 -- I'm sorry --

25   '4, '5 and '6.  2007 forward, it was $500.





ESQUIRE
DEPOSITION SERVICES®

BROWN & GALLO
LLC

Toll Free: 800.322.8416
Facsimile: 904.355.6152

1609 Riverplace Tower
1301 Riverplace Boulevard
Jacksonville, FL 32207
www.browngallo.com

Kevin Abrahani                                    January 28, 2009

                                    128

1    condition?

2         A.    Well, first of all, there's two of those.  Can

3    you tell me which one you're talking about?

4         Q.    Both of them.

5         A.    Yeah, I see an acquired date the same date.

6    The double dash run, what that represents is -- it

7    doesn't mean zero, it means did not exist.  So those

8    particular asset IDs ending in 3029 and 3030, those

9    assets did not exist in this store in 2004.

10        Q.    So that's why you don't have it assessed for

11   ?

12        A.    Yeah.  It was probably purchased by

13   Winn-Dixie --

14             MR. WULBERN:  Object to the form of the

15        question.

16        A.    It was probably purchased by Winn-Dixie when

17   they said they purchased it, 12/30/03, and it was --

18   I'm just speculating, but this is probably the case.

19   It was probably in the possession of like maybe the

20   warehouse or it was maybe in another store or something

21   like that.  Assets definitely moved around year to

22   year.  That's why you see a double dash line.  Either

23   that asset wasn't purchased yet or if it was purchased

24   by the purchase date and there is still a double dash

25   line, it means it was not in the store.



ESQUIRE
DEPOSITION SOLUTIONS
an Alexander Gallo Company



EXHIBIT
"F"

Toll Free: 800.322.8416
Facsimile: 904.355.6152

Suite 1609 Riverplace Tower
1301 Riverplace Boulevard
Jacksonville, FL 32207
www.esquiresolutions.com

Kevin Abrahani

129

1      Q.    And how did you determine that this property

2   was not in the store?

3      A.    Well, the database that was provided to us

4   showed -- it's for different years, so we knew by store

5   for each year exactly what assets were in there. And

6   we did some testing on this stuff. So you would say,

7   hey, that's weird, why does this say 12/30/03 and then

8   you would go and look for that particular asset ID and

9   you would say, oh, it's in the Jacksonville warehouse.

10   That's why. So it did exist on 1/1/04, it just didn't

11   exist in this store. Or it could have been transferred

12   from another store, too.

13      Q.    If you look up further, probably about a

14   quarter to a third of the way down, there's an item

15   referred to as a cart corral?

16      A.    Yes.

17      Q.    And that item appears to have been acquired on

18   December 7th, 2005.

19      A.    Right.

20      Q.    And you did include it in your 2006 appraisal.

21      A.    Uh-huh.

22      Q.    But, again, that property is listed in good

23   condition.

24      A.    Uh-huh.

25      Q.    Wouldn't a article of property that's been



Toll Free: 800.322.8416
Facsimile: 904 355 6152

Suite 1609 Riverplace Tower
1301 Riverplace Boulevard
Jacksonville, FL 32207
www.esquiresolutions.com