UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN DIXIE STORES, INC.

Case No.: 3:05-bk-3817-3F1

    Debtor(s).

_____/

### ESCAMBIA COUNTY PROPERTY APPRAISER'S
### MOTION FOR ABSTENTION AND/OR MOTION TO STAY PROCEEDING
### (and Incorporated Memorandum of law in Support)

The Escambia County Property Appraiser, by and through the undersigned counsel, hereby moves pursuant to 11 U.S.C. §505(a)(1) and 28 U.S.C. §1334(c)(1) for abstention and/or for a stay of this Proceeding pending the conclusion of the state court proceeding in WINN-DIXIE STORES, INC., v. CHRIS JONES, Property Appraiser of Escambia County, Case No. 2008 CA 000182, currently pending in the Escambia County Circuit Court, on the following grounds:

1. The subject matter of the instant proceeding is the Debtor's Objections to the claim of the Tax Collector of Escambia County for the Debtors' unpaid ad valorem taxes for the tax years 2005 and 2006. Specifically, the Debtor challenges the methodology used by the Property Appraiser in the determination of "just value" under Florida law and the Appraiser's reliance on the Department of Revenue, Standard Measures of Value: Tangible Personal Property Appraisal Guidelines (the "DOR Guidelines").

2. The very same issues are being addressed, albeit for tax year 2007, in a state-court proceeding filed by the Debtor that is currently pending in Escambia County Circuit Court. *See* WINN-DIXIE STORES, INC., v. CHRIS JONES, Property Appraiser of Escambia County, Case No. 2008

CA 000182 (Complaint attached hereto, as Exhibit "A"). The Debtor filed suit in Escambia County on January 18, 2008.

3. The determination of Debtor's challenge to the methodology used by the Appraiser in the determination of "just value" under Florida law, and the propriety of the Appraiser's reliance on the DOR Guidelines, implicates very important State interests and could have very significant state-wide ramifications relating to property tax matters in Florida. Moreover, the concurrent litigation of the bankruptcy case and the State court case creates the possibility of inconsistent state and federal court decisions.

4. Accordingly, the Appraiser submits that abstaining in this matter, or staying this matter until such time as the related State Circuit Court litigation is concluded, would be in the interest of justice and in the interests of comity with State courts and respect for State law. *See* 11 U.S.C. §505(a)(1); 28 U.S.C. §1334(c)(1).

## Memorandum of Law

Both 11 U.S.C. §505(a)(1) and 28 U.S.C. §1334(c)(1) grant bankruptcy courts the discretionary authority to abstain from making a determination of a debtor's tax liability (including local ad valorem property tax liability). The abstention provisions of the Bankruptcy Code "demonstrate the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case." *In re Wood,* 825 F.2d 90, 93 (5th Cir.1987) (footnote omitted). Thus, numerous bankruptcy courts have abstained from redetermining a debtor's tax liability in appropriate circumstances. *See, e.g., In re New Haven Products, Ltd. Liability Co.,* 225 F.3d 283 (2nd Cir. 2000); *In re Dees,* 369 B.R. 676, 677-678 (Bankr. N.D. Fla. 2007) (Killian,

J); *In re Metromedia Network, Inc.,* 299 B.R. 251, 282 (Bankr. S.D.N.Y. 2003); *In re Cody, Inc.,* 281 B.R. 182 (S.D.N.Y. 2002).

### A. Section 505(a)(1)

Section 505 of the Bankruptcy Code defines the parameters of a bankruptcy court's jurisdiction to determine a debtor's tax liability. Section 505(a)(1) provides as follows:

> Except as provided in paragraph (2) of this subsection, *the court may determine the amount or legality of any tax,* any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. §505(a)(1) (emphasis added).[1] Given the permissive (not mandatory) language of Section 505 ("court *may* determine"), courts have recognized that the bankruptcy court's decision whether to redetermine a debtor's tax liability is "purely discretionary." *In re Metromedia Network, Inc.,* 299 B.R. 251, 280 n. 24 (Bankr. S.D.N.Y. 2003); *In re Dees,* 369 B.R. 676, 677-678 (Bkrtcy. N.D. Fla. 2007).

In determining whether to exercise jurisdiction to make a determination of tax liability, the courts have identified a number of non exhaustive factors to guide the decision of whether to abstain, including: (1) whether bankruptcy issues predominate; (2) the complexity of the tax issue; (3) whether a bankruptcy purpose would be served; (4) the need for orderly, efficient, and expeditious administration of the case; (5) the legislative purpose of § 505; (6) the length of time to resolve the matter; (7) the burden on the docket; (8) the asset and liability structure of the debtor; (9) uniformity of assessment; (10) potential prejudice to the debtor, taxing authority, and creditors; and (11) other

---

[1] The phrase "any tax" encompasses both federal and state tax liabilities, including state real property taxes, state sales taxes, city *ad valorem* taxes, federal income taxes, and federal employment taxes. *See In re Galvano,* 116 B.R. 367, 372 n. 6 (Bankr.E.D.N.Y.1990) (citing cases).

factors, such as judicial economy, fairness and convenience to litigants, and the simplicity of the nonbankruptcy issues. *In re Dees*, 369 B.R. 676, 677 -678 (Bkrtcy. N.D. Fla. 2007).

In the instant case, several of these factors favor abstention. First, bankruptcy issues *do not* predominate; rather state-law issues regarding just valuation and use of the DOR Guidelines predominate. Second, the tax issue is complex. Third, it is unclear whether a redetermination of the tax liability will meaningfully benefit unsecured creditors of the Debtor. Fourth, there is a pending state court proceeding relating to the 2007 tax year which is addressing the same issues being presented by the Debtor in this case with respect to the 2005 and 2006 tax years. Fifth, uniformity of assessment is extremely important to the taxing authorities.

Several courts have emphasized that "abstention is appropriate 'where uniformity of assessment is of significant importance' to the defendants' respective taxing schemes." *See, e.g., In re Metromedia Network, Inc., supra*, 299 B.R. 251, 282 (Bankr. S.D.N.Y. 2003) (citing *In re New Haven Projects Ltd. Liability Co.*, 225 F.3d at 288; 11 U.S.C.A. § 505, Historical and Statutory Notes at 723 (1993)). In *In re Metromedia Network, Inc., supra*, the court abstained from making a determination of property tax valuation, noting the concerns regarding uniformity of assessment, stating as follows:

> Local property taxation is inherently and quintessentially local in the sense that a fair allocation of the cost of government amongst the universe of local taxpayers is and must be a product of local political, legislative, executive and administrative decision making. The fundamental objective of taxation at the state and local level must be to apportion the tax burden equitably in accordance with the local political decision-making process. Where some form or definition of market value is the touchstone for assessment, fair allocation among the tax base may depend more on the application to all affected taxpayers of uniform standards for assessing value than on an economist's ideal calculation of fair market value. An ideal calculation of fair market value (assuming such were possible) of taxable property comprising a multi-state communications system by a panel of experts (or a federal judge) may result in a valuation for assessment purposes which is highly discriminatory in favor of (or, conceivably, against) the multi-state taxpayer simply

because the methodology used is different from the methodology to which all other similarly situated taxpayers are subjected in the various tax jurisdictions. Stated differently, in fairly apportioning the cost of government through property taxation, depending on the system adopted by the taxing state or local jurisdiction, it may not matter whether property is assessed at 80%, or 100%, or 120% of the current fair market value, so long as the same methodology is used to assess all similar property within the taxing jurisdiction.

*Id.* at 282.

The court in *Metromedia* observed that "[a]ny uniform valuation of the debtors' Taxable Property determined by this Court is bound to be at variance with state or local methodologies mandated by local law or practice, and with assessment valuation by the defendants of other taxpayer properties within their respective jurisdictions, producing disparate and discriminatory results." *Id.* at 283.

### B. Section 1334(c)(1)

Section 1334(c)(1) of Title 28 provides that:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. §1334(c)(1). Section 1334(c)(1) gives the court "wide discretion" to abstain based on considerations of comity, respect for State law or the interests of justice. *Wachovia Bank v. Carroll,* 2009 U.S. Dist. LEXIS 10175 (M.D. Ala. Feb. 10, 2009). Thus, the statute "has been widely applied by bankruptcy courts to abstain from hearing tax disputes between debtors and state and/or federal taxing authorities." *See In re Cody, Inc.*, 281 B.R. 182, 190-91 (S.D.N.Y. 2002) (citing *Zack v. United States*, 224 B.R. 601 (E.D.Mich.1998); *In re Williams*, 209 B.R. 584 (Bankr.D.R.I.1997); *In re 400 South Main Street*, 133 B.R. 282 (D.R.I.1991)). The Eleventh Circuit Court of Appeals has observed that Section 1334(c)(1) was especially intended to address the situation where the

Page 5 of 9

"determination of an issue otherwise within the jurisdiction of the bankruptcy court would entangle the court in matters primarily of state concern." *Carver v. Carver*, 954 F.2d 1573, 1579 (11th Cir. 1992), *cert. denied*, 506 U.S. 986 (1992). That is certainly true of the local tax issues being addressed in the instant case.

Courts have identified twelve factors to consider when deciding whether to abstain under section 1334. *Wachovia Bank v. Carroll*, 2009 U.S. Dist. LEXIS 10175, *6 (M.D. Ala. Feb. 10, 2009). These factors are similar (though not identical) to the factors considered in connection with Section 505, namely: (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than Section 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of non-debtor parties. *Id.*, at *6 - *7. *Accord In re Mack*, 2007 U.S. Dist. Lexis 30114 (M.D. Fla. 2007) (listing factors, affirming abstention).

As discussed above, several of these factors strongly support abstention in the instant case. In *Agee v. Associates First Capital Corp.*, 2005 U.S. Dist. Lexis 44880 (M.D. Ala. 2005), the district

court observed: "It is a well settled cornerstone of federal abstention doctrine that "[s]tate courts, not federal courts, should be the final arbiters of state law." *Id.* at *21 (citing *Baggett v. First National Bank of Gainseville,* 117 F.3d 1342, 1353 (11th Cir. 1997) (citing *Hardy v. Birmingham Bd. Of Educ.,* 954 F.2d 1546, 1553 (11th Cir. 1992)). In *Agee,* the court abstained from hearing the debtor/plaintiff's state-law damages claims which were predicated on allegations of predatory lending practices. The district court in *Agee* concluded that "the predominance of state law, the remote nature of any bankruptcy issues, and the risk of competing federal and state court proceedings concerning the same issues overwhelmingly tips the balance in favor of abstention and remand." *Id.* at *20. *See also Dean v. Sun Trust Bank,* 2007 U.S. Dist. Lexis 47631 (N.D. Ga. 2007) (affirming bankruptcy court's decision to abstain from hearing adversary proceeding relating to disputed funds in the debtor's bank account, noting that determination of debtor's entitlement to funds required analysis of non-bankruptcy law).

The grounds for abstention in the instant case are similar to those in *In re Cody, Inc.,* 281 B.R. 182, 190-91 (S.D.N.Y. 2002), where the district court affirmed the bankruptcy court's decision to abstain from deciding an adversary proceeding involving the debtor's property tax liability. In *In re Cody,* the debtor claimed it was exempt from property tax liability because it was a religious organization. *Id.* at 185. Like the proceeding in the instant case, the adversary proceeding in *In re Cody* related to *certain* tax years, but the debtor *also* had pending state proceedings relating to *other* tax years. *Id.*

In affirming the bankruptcy court's abstention decision, the district court noted the following reasons given by the bankruptcy court: First, the bankruptcy court "found that the tax issues 'are of a quintessential state law character and they should be decided by the appropriate administrative and

state judicial authorities.'" *Id.* at 191. Second, the bankruptcy court determined that there were State procedures for a taxpayer to challenge real estate taxes, and in the *Cody* case, the debtor/ taxpayer had "in varying degrees, depending upon the year, invoked its alleged tax exempt status and challenged the taxes that the taxing authorities have levied." *Id.* Third, the bankruptcy court "expressed its concern about the complexity of the tax issues and the state law applicable to those issues." *Id.* In affirming the order of abstention, the district court quoted the bankruptcy judge:

> I have a real problem with stepping in at this point because [there] are all gradations involving the different years as to the degree that the matter has been or now is in litigation but it either has been, is nor or could have been in litigation to the extent that it is not now or wasn't, then that as a matter of state law may bar the taxpayer but it all seems to me ought to be decided in the State court.

*Id.* at 192.

### C. Conclusion

Based on the foregoing, the Appraiser respectfully requests that this Court abstain from hearing the Debtor's Objections to the Appraiser's determination of Value of Debtor's property for tax purposes, or in the alternative, stay this adversary proceeding until the conclusion of Debtor's state court proceeding currently pending in Escambia County Circuit Court relating to the 2007 tax year.

Respectfully submitted,

ELLIOTT MESSER
Florida Bar No.: 054461
THOMAS M. FINDLEY
Florida Bar No.: 0797855
Messer, Caparello & Self, P.A.
Post Office Box 15579
Tallahassee, FL 32317
Telephone: (850) 222-0720
Facsimile: (850) 224-4359
Counsel for the Property Appraiser Chris Jones

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic filing using CM/ECF system to Allan E. Wulbern, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202, Counsel for Reorganized Debtors; Sherri L. Johnson, Esq., Dent & Johnson, Chartered, 3415 Magic Oak Lane, Sarasota, FL 34230, Counsel for Okaloosa County Property Appraiser; Philip A. Bates, Esq., Philip A. Bates, P.A., 25 W. Cedar Street, Suite 550, Pensacola, FL 32501, Counsel for Escambia and Okaloosa County Tax Collectors, this 4 day of March, 2009.

THOMAS M. FINDLEY