**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

_____

<u>**OKALOOSA COUNTY PROPERTY APPRAISER'S TRIAL MEMORANDUM**</u>

<u>**TABLE OF CONTENTS**</u>

<u>**PAGE**</u>

PROCEDURAL BACKGROUND ...................................................................................3

UNDISPUTED FACTS .................................................................................................4

GENERAL LEGAL AUTHORITY ...............................................................................5

      VALUATION CRITERIA ....................................................................................6

      VALUATION METHODS ....................................................................................7

      BURDEN OF PROOF.........................................................................................7

CONTESTED LEGAL ISSUES....................................................................................9

      ABSTENTION ...................................................................................................9

      ESTOPPEL ........................................................................................................11

CONTESTED FACTS...................................................................................................13

      WHETHER THE PROPERTY APPRAISER PROPERLY CONSIDERED
      THE FACTORS OF §193.011, FLA. STAT. ...................................................13

      WHETHER THE PROPERTY APPRAISER'S ASSESSMENT
      EXCEEDED THE JUST VALUE OF THE PROPERTY ...........................................15

IF ASSESSMENT EXCEEDED JUST VALUE, WHETHER THE DEBTOR
HAS SUPPLIED COMPETENT EVIDENCE OF VALUE THAT MEETS
THE REQUIREMENTS OF §193.011, FLA. STAT. ...................................................19

STATEMENT RE:  CORE/NON-CORE PROCEEDING........................................................20

DEPOSITION EXCERPTS TO BE USED.................................................................................20

CERTIFICATE OF GOOD FAITH ATTEMPT TO SETTLE..................................................22

CERTIFICATE OF SERVICE .................................................................................................22

## PROCEDURAL BACKGROUND

Debtor Winn Dixie Stores, Inc. objected to claims filed by the Okaloosa County Tax Collector for unpaid property taxes in the 2005 and 2006 tax years.  The basis for Winn Dixie's objection was an analysis performed by Assessment Technologies, Ltd. ["ATL"], which supposedly showed that the Property Appraisers' assessments of the value of Winn Dixie's property (on which the tax amounts were based) exceeded the just value of the property.  In response to motions filed by the Tax Collectors of various counties throughout the State, this Court entered an Order granting in part and denying in part Winn Dixie's Objection to Florida Tax Claims [Doc. 14815].  In that Order, the Court dismissed Winn Dixie's objection as it related to taxes that had already been paid. The Court allowed Winn Dixie's objections to the unpaid taxes to go forward as an adversary proceeding, but ordered Winn Dixie to serve a copy of its Order on the Property Appraisers and gave the Property Appraisers thirty days to respond.

The undersigned counsel filed a response on behalf of eight Property Appraisers, including the Property Appraiser of Okaloosa County.  The contentions that are applicable to this case are the Okaloosa County Property Appraiser's arguments that the court should abstain from determining the Debtor's state tax liabilities and the Property Appraiser's overall contention that his assessments are valid and do not exceed the just value of the property.

Also, the Okaloosa County Property Appraiser has filed a Motion to Compel Production of Documents, which is pending before this Court.  The Property Appraiser is seeking an Order directing Winn Dixie to produce records of the inventories of the stores in question at the time of the assessments.  These inventories are necessary to verify the accuracy of Winn Dixie's tax returns and fixed asset listings, which are the basis of the assessment and appraisals in this case.

3

## UNDISPUTED FACTS

It is undisputed that Winn Dixie paid its 2004 property taxes, and thus pursuant to this Court's previous Order, the only assessments at issue are the 2005 and 2006 assessments of Winn Dixie's tangible personal property in Okaloosa County, Florida, which were as follows:

| Store No. | Account No. | 2005 Assessment | 2006 Assessment |
|-----------|-------------|-----------------|-----------------|
| 0586 | 51272500 | $586,733 | $538,456 |
| 0551 | 51272503 | 458,319 | 436,189 |
| 0541 | 51272504 | 445,755 | 438,382 |
| 0558 | 00615010 | 676,341 | 582,052 |
| 0560 | 00014488 | 865,023 | 790,751 |
| 0308 | 00019064 | 25,075 | 23,650 |

It is also undisputed that the tangible personal property tax returns submitted by Winn Dixie to the Okaloosa County Property Appraiser listed the following amounts as Winn Dixie's estimates of the fair market value of the property:

| Store No. | Account No. | 2005 Estimate of Value | 2006 Estimate of Value |
|-----------|-------------|------------------------|------------------------|
| 0586 | 51272500 | $573,285 | $544,902 |
| 0551 | 51272503 | 463,404 | 464,018 |
| 0541 | 51272504 | 439,538 | 454,474 |
| 0558 | 00615010 | 669,915 | 590,348 |
| 0560 | 00014488 | 863,822 | 768,541 |
| 0308 | 00019064 | 24,383 | 22,675 |

The general policy of the Property Appraiser's office is to assess tangible personal property by the cost approach, which requires the appraiser to take the original cost of the property reported on the taxpayer's tangible personal property tax return, trend it to replacement cost new using the Florida Department of Revenue's [DOR's] equipment index factors, and then to depreciate that figure using the DOR's Economic Life Guide and Depreciation Schedule. As demonstrated above, the Property Appraiser's 2005 and 2006 assessments were generally very close to, and often lower than, the estimates of value provided by Winn Dixie on its sworn tax returns.

4

In its Objection to Florida Tax Claims filed in this Court, Winn Dixie requested that the

Court adjust Winn Dixie's Okaloosa County property tax assessments to the following values:

| Store No. | Account No. | 2005 Requested Value | 2006 Requested Value |
|-----------|-------------|----------------------|----------------------|
| 0566 | 51272500 | $239,966 | $236,643 |
| 0551 | 51272503 | 198,119 | 189,461 |
| 0541 | 51272504 | 192,189 | 186,647 |
| 0558 | 00615010 | 203,342 | 196,724 |
| 0560 | 00014488 | 229,707 | 227,356 |
| 0567 | 00019064 | 3,768 | 5,149 |

The values requested by Winn Dixie in its Objection to Florida Tax Claims do not match either of

the two appraisals that it has provided to the Property Appraiser so far for this case.

There are significant disputes in this case about the proper methodology to use in appraising

the subject property.  However, based on the deposition testimony, the Property Appraiser believes

that it is undisputed that the cost approach, when properly performed, is a valid method of assessing

tangible personal property and, in fact, it is the preferred method in Florida.  It is also undisputed

that the income approach is not appropriate for the subject property.

While there is some disagreement over whether and when a sales comparison approach is

appropriate for appraising tangible personal property, it appears to be undisputed that a sales

comparison approach is only appropriate if there is an active market for the property in question.

The witnesses also appear to agree that, in order to properly consider the highest and best use of the

subject property, it would be inappropriate to use prices paid for similar equipment at auctions or

liquidation sales.

## GENERAL LEGAL AUTHORITY

In determining whether to reduce the Property Appraisers' assessments, this Court is

required to apply the substantive law of the State of Florida.  *See, e.g., In re Litestream*

*Technologies, LLC*, 337 B.R. 705, 709-10 (Bankr. M.D. Fla. 2006).  Thus, below is a summary of the basic applicable state law that the Court must apply in this case regarding the appropriate methods for assessing property and the burden of proof in property tax disputes.

### *VALUATION CRITERIA*

There are eight factors that an appraiser must consider when valuing real or tangible personal property for Florida property tax purposes.  The eight factors are as follows:

(1)     The **present cash value** of the property, which is the amount a willing purchaser would pay a willing seller, exclusive of reasonable fees and costs of purchase, in cash or the immediate equivalent thereof in a transaction at arm's length;

(2)     The **highest and best use** to which the property can be expected to be put **in the immediate future and the present use of the property**, taking into consideration any applicable judicial limitation, local or state land use regulation, or historic preservation ordinance, and considering any moratorium imposed by executive order, law, ordinance, regulation, resolution, or proclamation adopted by any governmental body or agency or the Governor when the moratorium or judicial limitation prohibits or restricts the development or improvement of property as otherwise authorized by applicable law;

(3)     The **location** of said property;

(4)     The **quantity or size** of said property;

(5)     The **cost** of said property and the present replacement value of any improvements thereon;

(6)     The **condition** of said property;

(7)     The **income** from said property; and

(8)     The **net proceeds of the sale** of the property, as received by the seller, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements. When the net proceeds of the sale of any property are utilized, directly or indirectly, in the determination of just valuation of realty of the sold parcel or any other parcel under the provisions of this section, the property appraiser, for the purposes of such determination, shall exclude any portion of such net proceeds attributable to payments for household furnishings or other items of personal property.

6

Section 193.011, Florida Statutes (2009).

## *VALUATION METHODS*

There are three traditional methods of valuation used by appraisers. These are the cost, income and sales comparison approaches to valuation. The cost approach requires an appraiser to adjust the original cost of the property to current value, and to depreciate that figure accordingly. The income approach requires an appraiser to examine the income and expenses of the subject property, or typical income and expenses from the market or other data sources, to arrive at a net operating income (NOI). The appraiser then divides the NOI by a capitalization rate in order to reach the property's present value. The sales comparison approach requires the appraiser to identify sales of properties that are comparable to the subject property, and to adjust those comparable property sales as necessary to arrive at the value of the subject property.

## *BURDEN OF PROOF*

Section 194.301, Fla. Stat. (2009) establishes that, in all ad valorem tax challenges, the Property Appraiser's assessment shall be presumed correct. This presumption may only be lost if the taxpayer shows by a preponderance of the evidence that the Property Appraiser has failed to consider properly the criteria in §193.011, Fla. Stat., or that the Property Appraiser's assessment is arbitrarily based on appraisal practices which are different from the appraisal practices generally applied by the Property Appraiser to comparable property within the same class and within the same county. Section 194.301 further states that, unless the presumption is lost, the taxpayer has the burden of proving that the assessment is in excess of just value by clear and convincing evidence.

Thus, in order to overcome the strong presumption in favor of the Property Appraiser, the Plaintiff must show that the Property Appraiser failed to consider one or more of the factors in §193.011. However, the courts have made it clear that the weight accorded each factor is within the Property Appraiser's discretion. As stated in *Daniel v. Canterbury Towers, Inc.*, 462 So. 2d 497, 502 (Fla. 2d DCA 1984):

> While a property appraiser must consider each of the factors set out in section 193.011, he is free to assign to each factor such weight as he deems proper. Even where each of several different factors might be proper, the selection of one over the other is not necessarily invalid.

*See also Turner v. Tokai Financial Services, Inc.,* 780 So. 2d 497 (Fla. 2d DCA 2000) (holding that the property appraiser need only consider the factors of §193.011, not necessarily use them). Thus, the mere fact that the parties disagree as to the weight to be accorded each factor or the method to be utilized in assessing the property is not sufficient reason to overturn the presumption in favor of the property appraiser's assessment. *See Bystrom v. Bal Harbour 101 Condo. Ass'n*, 502 So.2d 1312, 1313 (Fla. 3d DCA 1987). Even if the Plaintiff succeeds in proving that the Property Appraiser failed to properly consider the factors of §193.011, Fla. Stat., the Plaintiff still has the burden of proving that the Property Appraiser's assessment exceeds just value. *See* §194.301, Fla. Stat. (2005).

If the court finds that the assessment exceeds just value, then the court may establish the assessment of the property if the Plaintiff provides competent, substantial evidence that meets the criteria of §193.011, Fla. Stat. However, the Plaintiff's opinion of value may not be adopted unless it is shown that the Plaintiff also considered all of the factors listed in §193.011 in forming its opinion of value. *See Countryside Country Club v. Smith*, 573 So. 2d 14, 16 (Fla. 2d DCA

1990). If the Plaintiff's evidence does not meet these requirements, the court must remand the assessment to the Property Appraiser with instructions, as it is not the function of the court to take the place of the property appraiser. S*ee Todora v. Venice Golf and Country Club No. 1, Inc.,* 826 So.2d 406, 410 (Fla. 2d DCA 2000).

## CONTESTED LEGAL ISSUES

The primary legal issues that the Property Appraiser foresees being an issue are (a) whether the court should abstain from determining Winn Dixie's tax liabilities and (b) whether Winn Dixie is estopped from challenging assessments that were lower than or close to the values it submitted on its sworn tax returns. The remaining legal issues involve the application of Florida law to the appraisal methods used by the parties, and those issues will be discussed later, in conjunction with the anticipated appraisal evidence.

### *ABSTENTION*

Title 208, Section 1334(c)(1) of the U.S. Code allows a district court to voluntarily abstain from hearing a proceeding out of respect for state law. At the time the Property Appraiser was brought into this case, the Court had already denied the Tax Collectors' Motion to Abstain. However, the Property Appraiser believes that the Court should reconsider its earlier ruling based on the facts that have arisen in discovery and the nature of the evidence that will be presented. Specifically, because the Property Appraisers in Okaloosa and Escambia County relied on the Florida Department of Revenues index factors, economic life guide and depreciation schedule, Winn Dixie's case will, in part, seek to challenge the reliability of those tables. These tables are used by most county property appraisers in the State of Florida to assess the value of all of the tangible personal property within their jurisdictions. If this bankruptcy

court were to call the use of those tables into doubt, such a decision would create a great deal of confusion among the property appraisers as to how they should be assessing tangible personal property.

If Winn Dixie or any other taxpayer desires to challenge the Property Appraisers' use of the DOR's depreciation tables, it should be required to do so in state court, with the Department of Revenue named as a party Defendant.  In the instant case, Winn Dixie is seeking to challenge the use of those tables in a one-day trial in federal court, where the agency that promulgated the tables is not even a party.  Moreover, the depreciation table being proposed by Winn Dixie's appraiser was not provided to the Property Appraiser until a month before trial and, when the appraiser was deposed, numerous errors were discovered, some of which are apparently still being fixed only a week prior to trial.

In *In re New Haven Projects Ltd. Liability Co.*, 225 F. 3d 283, 289 (2d Cir. 2000), the court held that in determining whether to abstain in a tax dispute, the court should consider, among other things, the complexity of the tax issue and the potential prejudice to the debtor, taxing authority and creditors.  The court found it appropriate to abstain because a reduction would only have benefitted the debtor and "inside" creditors, at the expense of the taxing authorities.  *See id.* at 290.  Likewise, in *In re Hinsley*, 69 Fed. Appx. 658 (5th Cir. 2003), the Fifth Circuit held that the district court abused its discretion by failing to abstain from determining ad valorem tax liabilities on property owned by the debtor where the only parties to benefit would have been the debtor and his wife.  Notably, in both of the above cases, the appellate court favored abstention even though the debtors were time-barred from contesting their taxes in state court.

10

Winn Dixie has challenged the Property Appraisers' 2007 tax assessments in state court. Given the significance of the issues in dispute and the effect its decision would have on all of the Florida property appraisers and the Florida Department of Revenue, the court should abstain and allow Winn Dixie to raise these claims in its 2007 state court actions.  *See In re Metromedia Fiber Network, Inc.*, 299 B.R. 251, 282 (Bankr. S.D.N.Y. 2003)  (where the court abstained from hearing a property tax dispute because of the compelling local interest in uniformity of assessments and the potential inequity that would be created if the bankruptcy court treated the debtor differently from other similarly-situated taxpayers).

## ESTOPPEL

The Supreme Court of Florida has held that taxpayers who place valuations on their own property for taxation that are accepted as correct by the assessing officers are estopped from questioning such values.  *See City of Tampa v.* Mugge, 24 So. 489, 495 (Fla. 1898).  When Winn Dixie filed its 2005 and 2006 tangible personal property tax returns in Okaloosa County, it included an estimate of fair market value for each account, and signed a statement attesting that "under penalty of perjury, I declare that I have read the foregoing tax return and the accompanying schedules and statements and that the facts stated in them are true."  Of the assessments being contested in this case, almost half of those accounts were assessed by the Property Appraiser at an amount lower than the fair market value stated in Winn Dixie's tax returns, and the remaining assessments were generally less than 5% higher than Winn Dixie's estimates of value.  Thus, under Florida law, Winn Dixie should be estopped from challenging the Property Appraiser's assessments of those accounts that were assessed at an amount lower than what Winn Dixie stated on its tax returns.

Other jurisdictions have gone further and held that, as a matter of public policy, a taxpayer should be bound by its own statements as to the quantity, quality and value of taxable personal property that is returned for taxation, regardless of whether the assessor adopts those values. *See People of the State of Illinois v. Illinois Central Railroad Co.,* 112 N.E. 700, 715 (Ill. 1916), wherein the court stated:

> The decisions in the cases cited do not rest upon the usual principles of estoppel nor contain the elements usually required in courts of equity in the application of that doctrine. They seem to rest rather upon the principle that it is the duty of the taxpayer to see that the list of property is furnished to the proper officers, and that it is against public policy to permit him to make such schedule and then question its accuracy.

Similarly, in *Wal-Mart Stores, Inc. v. Todora*, 791 So. 2d 29, 30 n.1 (Fla. 2d DCA 2001), the court upheld the property appraiser's assessment of Wal-Mart's store fixtures, and, in doing so, specifically noted that, while Wal-Mart had asserted a variety of values during the litigation, the estimate of value on its tangible personal property tax returns was only slightly less than the property appraiser's ultimate assessment. While the Florida courts have not specifically considered whether to extend the doctrine set forth in *Mugge* to situations where the Property Appraiser does not adopt the taxpayer's value to the dollar, the Property Appraiser believes that the public policy set forth in the Illinois case is certainly applicable to the instant case where the Property Appraiser's assessments were either lower than or minimally higher than the taxpayer's statements of value. Thus, Winn Dixie should be estopped from challenging any of the subject assessments.

**<u>CONTESTED FACTS</u>**

I.    **THE PROPERTY APPRAISER PROPERLY CONSIDERED THE FACTORS OF §193.011, FLA. STAT.**

By considering the information provided by the taxpayer on its tax returns and computing a value by the cost approach, the Okaloosa County Property Appraiser satisfied the requirements of section 193.011, Fla. Stat.  The law is clear that the Property Appraiser is not required to *use* each factor or approach to value, as long as he considers each of the factors.  Thus, in this case, because the sales comparison and income approaches were not appropriate methods for appraising the property, the Property Appraiser considered the present cash value, the income from the property, and the net proceeds of the sale of the property, but correctly chose not to apply those factors.  His decision is supported by all of the appraisers being called to testify in this case, all of whom agreed that the cost approach is an appropriate method of appraising tangible personal property and, in fact, it is the preferred method in Florida.

The Property Appraiser properly considered the highest and best use of the property to be its actual use as part of an ongoing grocery store operation.  The property's location in Okaloosa County was considered, but did not impact the final value conclusion.  The quantity and cost of the property was properly considered by using the quantity and costs reported by Winn Dixie on its tangible personal property tax returns.  Because Winn Dixie did not report the condition of its property, as it was required to do, the Property Appraiser properly and reasonably concluded that the property was in average condition for its age.

The primary issue raised by Winn Dixie – that the Property Appraisers should have assessed Winn Dixie's store fixtures using prices paid in the used equipment market – has already been addressed in the Property Appraisers' favor by the Florida courts.  Several years

ago, Wal-Mart filed similar actions in various Florida counties, arguing, among other things, that the property appraisers had erred by failing to conduct a sales comparison analysis using prices for store fixtures from used equipment dealers, and that the property appraisers had erred by including sales tax in their estimates of original cost under the cost approach. In *Wal-Mart Stores, Inc. v. Mazourek*, 778 So. 2d 346, 348 (Fla. 5th DCA 2001), the property appraiser testified that he used a mass appraisal cost approach, where the values were calculated by the use of a computer program that contained depreciation percentages and economic life guidelines. The property appraiser admitted that he did not consider any information from dealers of similar property, and that he did not make any adjustments for additional depreciation or obsolescence. *See id.* The trial court found that the property appraiser was not required to rely on the used equipment dealer's market, and that he properly rejected data from the salvage market. *See id.* On appeal, the Fifth District Court of Appeal agreed that the property appraiser is not required to use the market data approach, rather than the cost approach, but held that the property appraiser must give a plausible explanation for rejecting the market data approach. *See id.* at 351. The Supreme Court of Florida later quashed the Fifth District's decision on other grounds, noting that because they were quashing the decision, the Court did not need to address issues involving the "purported new duties imposed upon property appraisers." *Mazourek v. Wal-Mart Stores, Inc.*, 831 So. 2d 85, 92 n.4 (Fla. 2002).

Wal-Mart raised the same issues in a similar case in Sarasota County. In that case, the trial court ruled in favor of the property appraiser and Wal-Mart raised the same issues on appeal. The Second District Court of Appeal effectively dismissed those arguments, stating that "although the parties raise several issues on appeal, the only issue that merits discussion is Wal-

Mart's argument that any sales tax . . . is a cost of sale that must be deducted." *Wal-Mart Stores, Inc. v. Todora*, 791 So. 2d 29, 30 (Fla. 2d DCA 2001). The court then went on to hold that the property appraiser's selection of the cost approach was appropriate and that the original cost must include sales tax, freight, installation, and all business costs involved in acquiring and installing the fixtures. *See id.* at 31. This decision was approved by the Supreme Court of Florida. *Mazourek*, 831 So. 2d at 92. The *Mazourek* case was also cited for that point by this Court in *In re Litestream Technologies, LLC*, 337 B.R. 705 (Bankr. M.D. Fla. 2006). To the extent that Winn Dixie argues otherwise, its arguments are thus contradicted by settled law, as well as by the testimony of its own appraisers.

Because Winn Dixie cannot establish that the Property Appraiser failed to consider any of the factors of section 193.011, Fla. Stat., Winn Dixie has the burden of proving by clear and convincing evidence that the Property Appraiser's assessments exceeded just value.

## II.   THE PROPERTY APPRAISER'S ASSESSMENTS DID NOT EXCEED THE JUST VALUE OF THE PROPERTY.

While conceding that the Property Appraiser's selection of the cost approach was appropriate, Winn Dixie contends that the Property Appraiser's final cost approach value should have been compared to the prices paid for similar property in the used equipment market. If the prices paid in the used equipment market are lower, Winn Dixie argues that the Property Appraiser should have used the lower of the two values. According to Winn Dixie, the difference between the value arrived at by the cost approach and the prices paid in the used equipment market is attributable to obsolescence, and thus the cost approach value must be reduced to the used equipment market value to account for obsolescence.

In support of its contentions, Winn Dixie's agent, ATL obtained two appraisals of the subject property, neither of which support the values requested by Winn Dixie in its Objection to Tax Claim.  In the first appraisal, referred to herein as the "Praport appraisal," the value of the property in Okaloosa County was calculated by Kevin Abrahani, who has no appraisal certifications or designations.  Mr. Abrahani did not review Winn Dixie's tax returns, but rather used the original costs provided in an asset listing from Winn Dixie, which may or may not include the same property that was reported on the tax returns.  He grouped the items into categories by Class Code and multiplied the average original cost for each category by a percentage that was intended to calculate the value of all property in that Class Code.  The percentages were derived from a table he created based on appraisals conducted by appraiser Brian Testo of 25 other Winn Dixie stores, none of which were in Okaloosa County.

The evidence will show that Brian Testo's appraisals of the other Winn Dixie stores suffered from several flaws.  Mr. Testo appraised the 25 other stores by the sales comparison approach, using the prices paid for used store equipment.  While Mr. Testo acknowledges that it would be inappropriate to use an auction sale, as that would result in a forced liquidation value, he contends that the use of the sales comparison approach is necessary to account for any obsolescence that affects the value of the property.  Specifically, he contends that the property suffers from economic obsolescence due to the glut of grocery store equipment in the market resulting from more grocery store closings and fewer new grocery stores opening.   However, this contention is expressly refuted by the appraisal of Winn Dixie's third appraiser, Jack West, who acknowledges that there was no glut of grocery store equipment in the used equipment market due to the demand from foreign buyers.

16

Mr. West, who only received his appraisal designation a few years ago, also contends that the Property Appraiser should have used the used equipment market to determine the value of the property. Unlike Mr. Testo, Mr. West used a cost approach. However, he also identified the prices paid for grocery store assets in the used equipment market and contends that, where those prices are lower, the cost approach must be reduced to the prices paid in the used equipment market.

The Property Appraiser's expert witness, Steve Barreca, is by far the most experienced and qualified appraiser who will testify in this trial. Mr. Barreca is an Accredited Senior Appraiser, a Certified Depreciation Professional, and a registered Professional Engineer. He has many years of experience in this field working with both industry and taxing authorities, and has served as President of several appraisal organizations. Mr. Barreca will testify by video deposition that the use of prices paid in the used equipment market is inappropriate because it fails to consider the highest and best use of the property. Used equipment dealers acquire their inventory when a grocery store either goes out of business or when it disposes of assets that have exceeded their economic life. Rather than arriving at an estimate of the fair market value of the property in place and in use, the price paid to dealers in the used equipment market represents a marked-up salvage value, which is not the proper standard of value under Florida law. This Court acknowledged the problems with using auction and distress sales in *Litestream*, where the Court found that the property appraiser did not abuse his discretion by disregarding the price paid for the debtor's property where the seller needed cash to fulfill its other obligations and was unable to hold out for top dollar. *Litestream*, 337 B.R. at 710.

The evidence will show that the Department of Revenue hired Mr. Barreca to calibrate its depreciation tables, upon which the Property Appraiser relied.  In 2004, after reviewing market data on the economic lives of all types of equipment, Mr. Barreca produced a revised Economic Life Guide and Depreciation Schedule, which the Department later provided to the Property Appraisers for their consideration.  Mr. Barreca's tables, while different from the DOR's tables in some respects, support the economic lives recommended by the DOR for the type of property at issue in this case.

Mr. Barreca will also testify that the DOR tables used by the Property Appraiser account for all forms of depreciation, including any obsolescence that is intrinsic to the property itself. He will testify that it is improper to reduce a cost approach value based on prices paid in the used equipment market, and that if the Property Appraiser properly applied the DOR tables to Winn Dixie's reported original costs, the Property Appraiser's assessment should reflect fair market value.

Finally, Winn Dixie's evidence, taken as a whole, is insufficient to overturn the Property Appraiser's assessment because even Winn Dixie's appraisals do not agree.  Winn Dixie has submitted four values to the Property Appraiser.  First, Winn Dixie submitted the values on its tangible personal property tax returns, which were for the most part adopted by the Property Appraiser.  Then, Winn Dixie set forth a revised set of values in its Objection to Florida Tax Claims, supposedly based on an analysis by ATL, which has never been provided.  During discovery, Winn Dixie submitted the Praport appraisal by Kevin Abrahani and Brian Testo, which estimated the values at yet another level.  A few weeks ago, Winn Dixie provided the Property Appraiser with Jack West's appraisal, which proposes yet a fourth set of values.  During

Mr. West's deposition, a major error was discovered and Winn Dixie indicated that it is in the process of correcting that error and will be submitting yet another revised set of values prior to trial.  Given the inconsistencies in Winn Dixie's own value estimates, Winn Dixie cannot meet its burden of proving by clear and convincing evidence that the Property Appraiser's assessment is erroneous.

**III.    THE DEBTOR HAS NOT PROVIDED COMPETENT EVIDENCE OF VALUE THAT MEETS THE REQUIREMENTS OF SECTION 193.011, FLA. STAT.**

Even if the court finds that the Property Appraiser's assessment exceeded the fair market value of the property, the Plaintiff's opinion of value may not be adopted by the court unless it is shown that the Plaintiff also considered all of the factors listed in §193.011 in forming his opinion of value.  *See Countryside Country Club Inc. v. Smith,* 573 So.2d 14 (Fla. 2d DCA 1990).  The appraisals submitted by Winn Dixie are flawed, contradictory, and do not meet the requirements of section 193.011, Fla. Stat.  Therefore, in the event that the court finds that the Property Appraiser's assessment exceeded the just value of the property, the court must remand this case to the Property Appraiser to reassess the property in accordance with the court's instructions.

The Praport appraisal fails to properly consider the highest and best use of the property as being part of an operating grocery store, its location in Okaloosa County, the cost and quantity of items in the store, and the condition of those items.  Mr. Abrahani's calculation of the value of the subject property is not backed up by any calculations identifying the actual property that he included in his appraisal.  From reviewing Mr. Testo's appraisal of the 25 other stores, it appears that some property that was acquired by Winn Dixie in years prior to the tax years in question

and coded to the stores being appraised was not included in his appraisals.  He did not treat any of the property as being in new or excellent condition, even if it was purchased less than a month before the assessment date, and he assumed that all of his so-called comparable property listings were for property that was in good condition.  Mr. Testo will also testify that he was comfortable using listing prices from used equipment dealers because he doesn't believe that the seller's state of mind or motivations are relevant, which is contrary to sound appraisal theory.

Mr. West's appraisal suffers from many of the same flaws as the Praport appraisal.  In addition, he acknowledged in his deposition that the 2005 assets were all assessed as if they were one year older than they really were.  Perhaps due to inaccurate fixed asset listings received from Winn Dixie, Mr. West did not appraise all of the equipment in the subject stores.  He erroneously depreciated the cost of supplies, which should be assessed at 100% of their original cost. Also, while his appraisal states that certain machinery and equipment should be appraised at a 12 year economic life, he erroneously appraised those items of property on a 9 year economic life, resulting in an artificially low value.  In addition to these obvious errors, Mr. West's method of attempting to account for obsolescence is not in compliance with generally accepted appraisal practices.  Thus, Mr. West's appraisal also fails to properly consider the factors of section 193.011, Fla. Stat.

## STATEMENT RE: CORE/NON-CORE PROCEEDING

The matter before the Court is a core proceeding.

## DEPOSITION EXCERPTS TO BE USED

The Okaloosa County Property Appraiser intends to introduce his counsel's entire direct examination of Steve Barreca from his videotaped deposition.

The Property Appraiser may use the following excerpts from the deposition of Rick

Tansi:

| Page | Lines |
|------|-------|
| 4 | 8-9, 23-25 |
| 5 | 1-5 |
| 25 | 23-25 |
| 26 | 1-9 |
| 42 | 20-22 |
| 51 | 19-25 |
| 53 | 18-25 |
| 54 | 1-6, 25 |
| 55 | 1-5, 20-24 |
| 56 | 14-17 |

The Property Appraiser may use the following excerpts from the deposition of Kevin

Abrahani:

| Page | Lines |
|------|-------|
| 47 | 4-7 |
| 74 | 5-13, 19 |
| 108 | 1-5, 8-11, 20-24 |
| 155 | 16-22 |
| 162 | 9-20 |

The Property Appraiser may use the following excerpts from the deposition of Brian

Testo:

| Page | Lines |
|------|-------|
| 14 | 19-25 |
| 15 | 1-7 |
| 22 | 8-25 |
| 23 | 1 |
| 50 | 17-20 |
| 53 | 6-13 |

The Property Appraiser deposed Jack West on Thursday, February 26, 2009 and did not receive the final transcript of his deposition in time to review it and identify the portions to be used at trial in this trial memorandum.  However, she will provide said excerpts to opposing counsel prior to trial.

## CERTIFICATE OF GOOD FAITH ATTEMPT TO SETTLE

The undersigned counsel certifies that the parties have made a good faith attempt to settle this dispute.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic transmission on this 4th day of March, 2009 to:

| Party | Attorney |
|---|---|
| Winn-Dixie Stores, Inc. and Affiliated Debtors | Skadden, Arps, Slate, Meagher & Flom, LLP<br>D.J. Baker, Esq.<br>Four Times Square<br>New York, NY  10036<br>Tel:  212-735-3000 |
| | Smith Hulsey & Busey<br>Stephen D. Busey, Esq.<br>Cynthia C. Jackson, Esq.<br>Allan E. Wulbern, Esq.<br>Beau Bowin, Esq.<br>225 Water Street, Suite 1800,<br>Jacksonville, FL  32202 |
| Okaloosa County Tax Collector | Philip A. Bates, Esq.<br>25 W. Cedar Street, Suite 550<br>Pensacola, FL  32501 |

Escambia County Property Appraiser          Thomas M. Findley, Esq.,
                                            Messer, Caparello & Self, P.A.
                                            Post Office Box 15579
                                            Tallahassee, FL  32317


                                   DENT & JOHNSON, CHARTERED
                                   3415 Magic Oak Lane
                                   Post Office Box 3259
                                   Sarasota, Florida  34230
                                   Phone:  (941) 952-1070
                                   Fax:    (941) 952-1094
                                   E-mail:  sjohnson@dentjohnson.com


                                   /s/ Sherri L. Johnson
                                   SHERRI L. JOHNSON
                                   Florida Bar No. 0134775


Y:\S02-6530\Trial Memorandum.doc