Form B10 (Official Form 10) (0...)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**

Chapter 11
PROOF OF CLAIM

DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME

Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered

Name of Debtor Against Which You Assert Your Claim:
Winn-Dixie Montgomery, INc.   Case No. 05-03837-3F1
Winn-Dixie Supermarkets, Inc.   05-03840-3F1
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

20256482

WDX-317720-B2-42
COUNTY OF ESCAMBIA TAX COLLECTOR
PO BOX 1312
PENSACOLA FL 32591-1312

Telephone No. of Creditor: 850-438-6500 x218
Fax No. of Creditor: 850-434-0535

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above  ☒ additional address
Name: Janet Holley
Company/Firm: Escambia County Tax Collector
Address:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

Account or Other Number by Which Creditor Identifies Debtor:

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:

1. Basis for Claim
   ☐ Goods sold to debtor(s)
   ☐ Services performed for debtor(s)
   ☐ Goods purchased from debtor(s)
   ☐ Money loaned
   ☐ Personal injury/property damage
   ☐ Other _____
   ☒ Taxes
   ☐ Severance agreement
   ☐ Refund
   ☐ Real property lease
   ☐ Personal property lease
   ☐ Other contract _____
   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
      Last four digits of SSN: _____
      Unpaid compensation for services performed from _____ to _____
      (date)           (date)

2. Date debt was incurred: See attached Exhibit "A"

3. If claim is based on a Court Judgment, date obtained:

4. Total Amount of Claim at Time Case Filed:
   $_____ (unsecured)   $ Undetermined (secured)   $ Undetermined (priority)   $ Undetermined (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
☒ Check this box if your claim is secured by collateral (including a right of setoff).
Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☒ Other Section 197.122 FL STAT and other applicable law.
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any. $ Undetermined

6. Unsecured Nonpriority Claim $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

7. Unsecured Priority Claim.
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ Undetermined
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☒ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space is For Court Use Only
2005 JUL 12 PM 12:05
RECEIVED

Date: 7/7/05
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print: Janet Holley   Title: Tax Collector
Signature: /s/ Janet Holley

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## EXHIBIT "A"

The Debtor was, at the time of the filing of the Petition initiating this case, and still is, the owner of certain tangible personal property described on the Escambia County Tax Rolls subject to unpaid taxes as follows:

    a. In an as yet undetermined amount for tangible personal property taxes for the 2005 calendar year on tangible account numbers 001065800, 001065900, 001066200, 001066300, 001066400, 001066410, 001066411, 001085474 and 002006447, which became a lien on the Debtor's property as of January 1, 2005. To the extent that said 2005 taxes are considered a tax assessed after the date of bankruptcy, the undersigned claims that said taxes should be considered an administrative expense under Section 503(b)(1)(B)(i) of the Bankruptcy Code.

# UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA

## PROOF OF CLAIM

**Name of Debtor:** Winn-Dixie Stores, Inc., et al
**Case Number:** 05-03817-3F1

THIS SPACE IS FOR COURT USE ONLY

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. (See Local Rule 3001-1(B))

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):
Florida Tax Collectors (see attached)

**Name and Address where notices should be sent:**
c/o Brian T. Fitzgerald, Esq.
Sr. Asst. County Attorney
601 E. Kennedy Blvd., 27th Floor, Tampa, FL 33602

**Telephone Number:** (813) 272-5672 x80173

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

**Account or other number by which creditor identifies debtor:** see Exhibits "A", "B" and "C"
(If SS# only list last 4 digits of SS#):

Check here if ☑ replaces ☐ amends this claim a previously filed claim, dated _Various_

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☑ Taxes Real Estate and Tangible Personal Property
☐ Other

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #: xxx-xx-____
Unpaid compensation for services performed
from _____ to _____
(date) (date)

**2. Date debt was incurred:** 1/01/05 and prior years for delinquent taxes

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____ + $8,455,687.93 + _____ = $ 58,455,687.93 *
(Unsecured Nonpriority) (Secured) (Unsecured Priority) (Total)
\* Plus delinquent Taxes

Complete items 5, 6, and 7 (as applicable) to further describe the amount(s) you indicated in item 4.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim _and Priority Claim_**
☑ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle
☑ Other F.S. ch. 197.122(1), F.S. ch. 192.053

Value of Collateral: $ Collateral value set forth on tax bills and in sworn tax returns signed by Debtor

Amount of arrearage and other charges at the time the case was filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach legible copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Supporting documents should not exceed 5 pages. (See reverse for instructions)

**10. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. Research and/or copy charges will apply for future copy requests of claims.

This Space is for Court Use Only

**Date:** 11/21/05
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
Brian T. Fitzgerald, Esq., Sr. Asst. County Attorney _Agent and Attorney in Fact_

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

LF-61 (rev. 06/27/05)    File claim with bankruptcy clerk's office where judge assigned to case is chambered.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: )
) Chapter 11
WINN-DIXIE STORES, INC., et al. ) CASE NO. 05-03817-3F1
) (Jointly Administered)
Debtors. ) Judge Jerry A. Funk
_____)

## FLORIDA TAX COLLECTORS' PROOF OF CLAIM SUMMARY

The Tax Collectors for Alachua County, Baker County, Bay County, Bradford County, Brevard County, Broward County, Charlotte County, Citrus County, Clay County, Collier County, Columbia County, DeSoto County, Duval County, Escambia County, Flagler County, Gadsden County, Hardee County, Hendry County, Hernando County, Highlands County, Hillsborough County, Indian River County, Jackson County, Jefferson County, Lake County, Lee County, Leon County, Levy County, Madison County, Manatee County, Marion County, Martin County, Miami-Dade County, Monroe County, Nassau County, Okaloosa County, Okeechobee County, Orange County, Osceola County, Palm Beach County, Pasco County, Pinellas County, Polk County, Putnam County, Santa Rosa County, Sarasota County, Seminole County, St. Johns County, St. Lucie County, Sumter County, Suwannee County, Taylor County, Volusia County, Wakulla County, Walton County and Washington County (collectively known as "Florida Tax Collectors") file this proof of claim subject to the reservation of rights as stated herein. The supporting documentation, including tax bills and sworn tax returns filed by Debtors with various Florida Property Appraisers, consists of thousands of pages,

1

most of which, if not all, are currently within the possession of Debtors or are easily accessible from third party lessors. Summary exhibits are attached which reflect the combined work product of both Florida Tax Collectors' and Debtors' personnel.

## I. CONDITIONAL FILING OF PROOF OF CLAIM

This Proof of Claim is filed *invito* as it relates to any waiver of sovereign immunity of the State of Florida and its constitutional officers, including all Tax Collectors and Property Appraisers. Florida Tax Collectors assert that Congress lacks any authority under its Article I powers to provide for either waiver of sovereign immunity in Section 106 of the Bankruptcy Code or determination of property taxes pursuant to Section 505 of the Bankruptcy Code. Florida Tax Collectors file this claim as their ministerial duty to pursue and collect property taxes needed to fund local government as dictated by the Florida Constitution and Florida law; to comply with the extended claims bar date; and to assist in the orderly administration of the estate and presentment of issues/disputes for the Court's determination. Florida Tax Collectors by filing this document cannot and do not waive sovereign immunity or voluntarily submit either themselves, the state of Florida, the Florida Department of Revenue or any Florida Property Appraiser to the jurisdiction of the Bankruptcy Court. The determination of Florida property taxes is an inherent state right and power that Congress has not delegated to the Bankruptcy Court. This Proof of Claim is filed subject to the Motion for Leave to File Proofs of Claim without Prejudice filed prior to the filing of this Claim.

## II. FLORIDA TAX COLLECTORS' SUMMARY OF AMOUNTS DUE FOR TAX YEAR 2005

Florida Tax Collectors file this summary identifying both real estate and tangible personal property ad valorem fully secured property taxes that are due for taxes assessed

2

on January 1, 2005 and which became due on November 1, 2005. The taxes are secured by a first statutory lien on the property assessed pursuant to Fla. Stat. ch. 197.122(1) and 192.053.

| | |
|---|---|
| Gross Real Estate Tax (March 2006 amount) | $62,070,355.41 |
| Gross Tangible Tax (March 2006 amount) | $ 6,385,332.51 |
| Interest at 18% commencing April 1, 2006 | |
| Attorney's fees pursuant to Fla. Stat. ch. 197.332 | |

### III. DETAIL OF AMOUNTS DUE AND RECOGNITION OF FLUID NATURE OF BANKRUPTCY

The amounts due represent the work product of both the Florida Tax Collectors and representatives of Debtors. The coordinated effort to identify and establish all such amounts due was interrupted both by hurricanes and the court ordered claims bar date. Attached to this claim and incorporated by reference are summaries prepared by Debtors by the Florida Tax Collectors. The amounts due summarized above are taken from the Florida Tax Collectors summary. It is hoped by Florida Tax Collectors that Debtors will continue to cooperate with Florida Tax Collectors in identifying the various tax accounts involved in this case, both real estate and tangible. The summaries prepared by Debtors and Florida Tax Collectors are identified as Exhibits "A", "B", and "C" to this claim, are incorporated herein by reference, and contain the following information:

### Exhibit "A"

Prepared by Florida Tax Collectors, counties are listed in alphabetical order with reference to store numbers, tangible account numbers, locations/addresses, tangible taxes

3

due, real estate account numbers and real estate taxes due. (This exhibit represents efforts to date and Florida Tax Collectors will work with Debtors to modify, amend, alter or otherwise add or delete to this Exhibit.)

Exhibit "A" represents only 2005 tax information. Issues relative to store closings, lease terminations, sales of assets, and payments of taxes by lessors and possibly by Debtors during the month of November to take advantage of the statutory four percent (4%) discount, will obviously affect the amounts contained in this Exhibit. With the cooperation of Debtors these amounts will be adjusted accordingly.

"Gross tax" for purposes of this claim is defined as the actual amount of taxes due, without discount or penalty and includes no interest or attorney's fees. Interest accrues on delinquent taxes pursuant to Florida law. The full amount of attorney's fees shall be presented at the appropriate time determined by the Court.

### Exhibit "B"

Prepared by Debtors, contains counties in alphabetical order, store number (listed in column identified as property location) and partial address of store.

### Exhibit "C"

Prepared by Debtors, contains counties in alphabetical order, tax account number (without reference as to whether it is real estate or tangible tax accounts), and 2004 tax amount.

### IV. Prior Years Delinquent Taxes

At this time, delinquent taxes are known to be due on outstanding tax bills for Brevard, Pasco and Miami-Dade, counties. The amounts due and the accounts are known to Debtors. This claim includes the delinquent taxes which presently are outstanding and

4

any further delinquent taxes which may be found by the Florida Tax Collectors tax rolls.

Respectfully submitted,

By: _____

Brian T. FitzGerald
Hillsborough County Attorney's Office
Florida Bar No. 484067
Post Office Box 1110
Tampa, Florida 33601-1110
Ph: 813-272-5670
Fx: 813-272-5231
fitzgeraldb@hillsboroughcounty.org
Attorney for the Florida Tax Collectors

Pmh\Winn-Dixie TC\Fl TC's Proof of Claim Summary\05-1638

5

## Glenda Mahuron

| | |
|---|---|
| From: | Brian Fitzgerald [FitzgeraldB@HillsboroughCounty.ORG] |
| Sent: | Tuesday, March 14, 2006 9:52 AM |
| To: | richard_stone@co.escambia.fl.us |
| Cc: | pbates7@bellsouth.net; glenda_mahuron@co.escambia.fl.us |
| Subject: | Win-Dixie / Status of Escamcia County Tax Claim |


64812506.pdf

Attached is that portion of the Florida Tax Collectors' proof of claim summary showing Escambia County's claims as filed. This summary has been shaded to reflect those accounts (both real estate and tangible) that have been paid according to our most recent information, and these shaded amounts are no longer included within the proof of claim. Escambia County's claim originally included $553,158.59 in gross 2005 real estate taxes, and of this amount the sum of $511,048.47 has been paid, leaving $42,110.12 in 2005 real estate taxes still owed and still included in the proof of claim. Escambia County's claim also originally included $98,386.39 in gross 2005 tangible personal property taxes, and of this amount the sum of only $841.38 has been paid, leaving $97,545.01 in 2005 tangible taxes still owed and still Included in the proof of claim. We are continuing to reduce the amounts in the proof of claim as we receive confirmation that accounts are paid. If any of Escambia County's accounts have been paid and are not reflected on the attached account summary, please let me know and the summary will be amended accordingly. Once the April 1 delinquency date has passed, we will prepare a final amended proof of claim reflecting any unpaid amounts due to each of the respective Tax Collectors. If you need any further information, please let me know. Thanks,

Brian T. FitzGerald
Senior Assistant County Attorney
(813) 272-5670
(813) 272-5231  Fax
fitzgeraldb@hillsboroughcounty.org

1

Florida Counties Tangible Personal Property and Real Estate Taxes 2005
(PAID Accounts in PINK)

Winn Dixie
Case No.: 05-03817

| County | Store # | TPP Account # | Location/Address | | TPP 2005 Gross Tax | RE Account # | RE 2005 Gross Tax |
|---|---|---|---|---|---|---|---|
| Duval (cont.) | | | 3003 Lenox Avenue Credit Union | | $0.00 | 058978-0000 | $117.52 |
| | | | Edgewood Court | | $0.00 | 159287-0000 | $1,420.73 |
| | | | Edgewood Court | | $0.00 | 064031-1100 | $232.20 |
| | | | Edgewood Court | | $0.00 | 059281-0000 | $6,151.86 |
| | | | Edgewood Court | | $0.00 | 059282-0000 | $2,592.11 |
| | | | Edgewood Farms | | $0.00 | 059283-0000 | $3,596.65 |
| | | | Edgewood Court | | $0.00 | 059285-0000 | $1,411.80 |
| | | | Edgewood Court | | $0.00 | 059298-0000 | $2,115.78 |
| | | | 5050 Edgewood Ct | | $0.00 | 053316-0000 | $710,752.01 |
| | | 923866-9000 | 5050 Edgewood Ct | | $186.80 | | $0.00 |
| | | | 12777 Atlantic Blv | | $0.00 | 165269-0000 | $25,291.21 |
| | | | 9866 Baymeadows Rd | | $0.00 | 146633-1100 | $72,623.08 |
| | | | 29 Arlington Rd | | $0.00 | 145175-0000 | $21,718.43 |
| | | | 5233 Commonwealth Ave | | $0.00 | 048867-0000 | $162,414.42 |
| | | | | | $706,540.30 | | $3,867,687.27 |
| Escambia | 493 | 001066410 | Gulf Beach Highway | | $10,788.65 | | $0.00 |
| | 493 | 002010388 | 13019 Sorrento (Liquor) | | $13.19 | 10-3383-050 | $42,110.12 |
| | 495 | 001085900 | Mobile Highway | | $13,508.17 | 062901-5100 | $17,825.78 |
| | 498 | 001066411 | S Highway 29 | | $8,697.16 | 020060-7035 | $42,206.50 |
| | 504 | 001065800 | Eastgate | | $17,477.61 | 017649000 | $47,452.68 |
| | 508 | 001066400 | E Nine Mile Road | | $14,286.20 | 501-3560-060 | $10,591.81 |
| | 515 | 002008447 | Mobile Highway (Liquor) | | $366.27 | Included with 1486 | $0.00 |
| | 535 | 001085474 | S Blue Angel Parkway | | $13,559.51 | 033564-705 | $39,345.50 |
| | 558 | 001086200 | Bayou Boulevard | | $8,985.46 | 035663-705 | $37,044.16 |
| | 565 | 001086300 | Navy Boulevard | | $9,495.62 | 081-0003-100 | $30,155.74 |
| | 485 | 002010369 | 5975 Mobile (Liquor) | | $357.17 | | $0.00 |
| | 565 | 001051190 | 4001 Navy | | $325.46 | | $0.00 |
| | 556 | 001087827 | 4751 Bayou | | $783.92 | | $0.00 |
| | 535 | 002000041 | 60 Blue Angel | | $123.10 | | $0.00 |

C:\DOCUME~1\ADMINI~1\LOCALS~1\Temp\FTC R E and Tangible Tax PAID as of 12-28-05 in pink.xls

Florida Counties Tangible Personal Property and Real Estate Taxes 2005
(PAID Accounts in PINK)

Winn Dixie
Case No.: 05-03817

| County | Store # | Account # | Location/Address | TPP 2005 Gross TPP | RE Account # | RE 2005 Gross RE |
|---|---|---|---|---|---|---|
| Escambia (cont) | 506 | | | | | $0.00 |
| | 498 | | 1755 Highway 29 | | | $0.00 |
| | | | | $98,386.39 | | $553,168.59 |
| Flagler | 2244 | 5122020 | 111 Flagler Plaza Drive | $5,750.82 | 09-12-31-2475-000000-0010 | $70,531.65 |
| | 2247 | 5122022 | 1260 Palm Coast Parkway West | $5,907.59 | 07-11-31-7025-00AG-0010 | $90,945.38 |
| | | | | $11,658.21 | | $161,477.03 |
| Gadsden | 184 | 000000010260001 | 1632 W Jefferson Street | $6,517.87 | 3-3122-NAW-0000-0-2301-00 | $52,602.50 |
| | | | | $6,517.87 | | $52,602.50 |
| Hardee | 667 | P0237400 | 1479 US Highway 17 North | $9,162.83 | 33-33-25-0000-05460-000 | $53,830.73 |
| | | | | $9,162.83 | | $53,830.73 |
| Hendry | 721 | 501000-468 | 908 Main Street | $10,999.05 | 2084329-A00002101400 | $103,267.16 |
| | | | | $10,999.05 | | $103,267.16 |
| Hernando | 852 | 1242827 | 31100 Cortez Boulevard | $7,789.16 | R2843328-01000A0010 | $53,547.42 |
| | 702 | 929794 | 1230 S Broad Street | $10,567.05 | | |
| | 708 | 1090795 | 11092 Spring Hill Drive | $7,914.01 | | |
| | 711 | 1323288 | 2240 Commercial Way | $9,632.67 | 1301353 | $67,066.49 |
| | 750 | 1129692 | 6270 Commercial Way | $8,895.27 | 1047496 | $129,254.93 |
| | | | | $43,798.16 | | $543,381.54 |
| Highlands | 609 | B000000-0009489040 | 802 S US 27 (Grocery) | $14,879.91 | | |
| | 609 | B000000-0004000054 | US 27 & Cornell (Liquor???) | $350.14 | Included w/grocery store | |
| | 687 | B000000-0009469039 | 600 Sebring Square | $11,838.38 | 35252-38400061660000 | $749,867.11 |
| | 746 | B000000-0009469043 | 70 Plaza Avenue | $6,329.83 | P01465-30000322N000 | $512,057.33 |
| | | | | $33,398.26 | | $261,926.13 |