Hearing Date: September 7, 2006, 1:00 p.m.
Response Deadline: August 28, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |

### DEBTORS' OBJECTION TO FLORIDA TAX CLAIMS
### AND MOTION FOR ORDER DETERMINING TAX LIABILITIES

Pursuant to 11 U.S.C. §§ 105, 502, 505 and 506 and Fed. R. Bank. P. 3007, 7004 and 9014 and Rule 3007-1 of the Local Rules of Bankruptcy Procedure, Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") file (i) this objection to proof of claim number 11669 filed by Miami-Dade County, Florida Tax Collector and proof of claim number 12566 filed on behalf of a group of tax collectors, treasurers and officers for sixty-five different jurisdictions within the State of Florida, including Miami-Dade

---

[1]  In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

County (the "Objection")[2] and (ii) this motion for an order of the Court (a) adopting the 2004 and 2005 revised assessed values listed on Exhibit A as the correct bases for calculating the Debtors' liabilities to the Florida tax collectors, treasurers and officers for both claimed and unclaimed tax amounts, (b) determining that the Debtors' tax liabilities for unclaimed 2004 and 2005 taxes are the revised tax amounts set forth on Exhibit A, (c) determining that the market values reflected on Exhibit B are the correct values on which the Florida taxing authorities should compute the Debtors' tax liabilities for the 2006 tax year, (d) determining that the Adjusted Rate (as defined below) is the appropriate interest rate to be used to calculate accrued interest, if any, on the secured tax liabilities included in this Objection and Motion, (e) authorizing the Debtors to offset the excess amount paid against the Debtors' liability on other Florida accounts and for the same or other tax years, and (f) extinguishing any liens relating to the Debtors' secured tax liabilities addressed in this Objection and Motion upon payment of the allowed tax claim and revised tax amounts as set forth on Exhibit A (collectively, the "Objection and Motion"). In support of this Objection and Motion, the Debtors respectfully represent as follows:

## Background

1.     On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of Title 11 of the

---

[2]     By Order dated September 1, 2005, this Court approved notice and service procedures for omnibus claim objections (the "Claim Objection Procedures Order"). This Objection is filed pursuant to the Claim Objection Procedures Order.

United States Code, 11 U.S.C. §101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2.    The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases pursuant to Bankruptcy Code sections 1102 and 1103.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Bankruptcy Code section 505.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.    The statutory predicates for the relief requested are Bankruptcy  Code sections 502, 505 and 506, supported by Fed. R. Bankr. P. 3007, 7004 and 9014.

5.    By order dated April 28, 2005 (the "Claims Bar Date Order"), this Court set August 1, 2005 as the last date for all parties who have prepetition claims against the Debtors to file and serve a proof of claim as is defined in 11 U.S.C. § 101(5). The bar date applicable for governmental entities was August 22, 2005.

6.    The Debtors' notice agent, Logan & Company, provided notice of the bar date by mailing a notice approved by the Court (the "Bar Date Notice") and a

3

proof of claim form in accordance with the Claims Bar Date Order and the Bar Date Notice.

       7.       On August 22, 2005, Brian T. Fitzgerald, Esq. filed proof of claim number 11669 in the amount of $59,951.54 on behalf of the Miami-Dade County Tax Collector.  On November 22, 2005, Mr. Fitzgerald filed proof of claim number 12566 in the amount of $68,455,687.91 on behalf of sixty-five Florida tax collectors, including the tax collector for Miami-Dade (collectively, the "Florida Tax Collectors").  These proofs of claim filed by the Florida Tax Collectors (collectively, the "Florida Tax Claims") include tax liabilities (i) allegedly owed by entities other than the Debtors such as the Debtors' landlords and (ii) for entire shopping centers owned by the Debtors' landlords and the Debtors operate and are responsible for the tax liabilities on only a portion of such centers.[3]  The Florida Tax Claims do not on the other hand, include all of the Debtors' 2004 tax year liabilities for which the Florida Tax Collectors have asserted secured and unpaid tax liabilities against the estate.

**Relief Requested**

       8.       By this Objection and Motion, the Debtors seek entry of an order pursuant to Bankruptcy Code sections 502, 505 and 506 and Fed. R. Bankr. P. 3007, 7014 and 9014, (a) sustaining the Objection and reducing and allowing the Tax Claims in the amounts set forth on Exhibit A, subject to setoff, (b) adopting the

---

[3] In that event, any tax reduction will reflect only the Debtors' proportional share for the shopping center.

2004 and 2005 revised assessed values listed on Exhibit A as the correct bases for calculating the Debtors' liabilities to the Florida Tax Collectors for both claimed and unclaimed tax amounts, (c) determining that the Debtors' tax liabilities for unclaimed 2004 and 2005 taxes are the revised tax amounts set forth on Exhibit A, (d) determining that the market values reflected on Exhibit B are the correct values on which the Taxing Authorities should compute the Debtors' tax liabilities for the 2006 tax year, (e) determining that the Adjusted Rate (as defined below) is the appropriate interest rate to be used to calculate accrued interest, if any, on the secured tax liabilities included in this Objection and Motion, (f) authorizing the Debtors to offset the excess amount paid against the Debtors' liability on other Florida accounts for the same or other tax years, and (g) extinguishing any liens relating to the Debtors' secured tax liabilities addressed in this Objection and Motion, upon the Debtors' payment of the allowed Florida Tax Claims and the revised tax amounts as set forth on Exhibit A.

A.    **The Debtors' owned and leased real and personal property is overvalued.**

9.    Pursuant to an order of the Court dated February 23, 2006 (Docket No. 6039), the Debtors retained Assessment Technologies, Ltd. ("ATL") (i) to analyze the ad valorem tax amounts assessed and claimed by or on behalf of the Florida Tax Collectors against the Debtors' owned and leased property, (ii) identify instances where excessive taxes have been imposed, and (iii) assist the Debtors in seeking appropriate corrected reductions of those tax amounts.

5

10.    ATL's analysis included the Florida tax valuation standard of "just valuation." Section 4, Article VII, Florida Constitution.

11.    ATL reviewed the tax amounts asserted by the Florida Tax Collectors and the bases for those amounts, including the underlying values on which those computations were based. A description of ATL's review process is attached as Exhibit C.

12.    Based upon ATL's analysis, the Debtors have concluded that the 2004 and 2005 tax amounts imposed by the Florida Tax Collectors are excessive based upon several considerations, including (a) appraisals provided by independent third-party appraisers; (b) the distressed business environment in which the Debtors operated in the years leading up to their chapter 11 cases; and (c) the value realized by the Debtors upon the sale of their assets both prior to and during the course of these chapter 11 cases, including sales of other similar assets.

13.    By applying the Florida "just valuation" standard, as well as independent appraisal analyses, ATL ascertained the correct values for the real and personal property which are the subject of the Objection and Motion and from that process, recalculated the amount of tax due the Florida Tax Collectors under Florida law to determine the revised tax amounts reflected in the attached Exhibit A.

14.    This Court is authorized to determine the correct amount of the Florida Tax Claim and the Debtors' tax liabilities for the properties identified in Exhibit A under Bankruptcy Code section 505, which provides, in relevant part:

6

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of *any tax*, any fine or penalty relating to a tax, or any addition to tax, *whether or not previously assessed, whether or not paid, and whether or not contested* before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

Emphasis Added.

15.     This authority includes adopting the appropriate tax values to be used in calculating the correct tax amounts of the property in question. *See, e.g. In re MCORP Financial, Inc.*, 216 B.R. 596 (Bankr.S.D.Tex. 1996) ("the court has jurisdiction to determine the value of the property and the amount of tax due"). And this jurisdiction extends to a determination of the tax liability and tax values of property owned by non-debtors, where the liability affects the administration of the Debtors' estates. *See, e.g. In re Wolverine Radio, Co.*, 930 F.2d 1132 (6th Cir. 1991) (*cert. denied*) 503 U.S. 978, 112 S.Ct. 1605, 118 L.Ed.2d 317 (1992). Here, some the tax liability at issue is for properties leased by the Debtors (rather than owned), because the Debtors are obligated to pay the taxes under the leases. For these reasons, the Debtors' leases generally allow the Debtors to contest the taxes assessed and any reduction will ultimately benefit the Debtors.

16.     There are only two exceptions to Section 505(a)(1)'s broad grant of authority to determine tax liabilities. The first exception prevents the court from re-adjudicating tax claims that were already contested and finally adjudicated in a court of competent jurisdiction prior to the commencement of the case. 11 U.S.C. §

7

505(a)(2)(A). Neither the Florida Tax Claims nor any assessments at issue have been adjudicated in such manner.

17.     The second exception provides that where a trustee or debtor-in-possession seeks a partial refund of paid taxes, the debtor must first request the refund from the taxing authorities and grant them up to 120 days to review the request. 11 U.S.C. § 505(a)(2)(B). The Debtors are not seeking tax refunds in this Objection and Motion. The Debtors are however, seeking to offset amounts which were overpaid for prior or current years against liabilities on other present or future amounts due. Where refunds are sought as an offset, a debtor need not first direct a refund request to the Taxing Authority under §505(a)(2)(B). *See, United States of America v. Kearns*, 177 F.3d 706, 711 (8th Cir. 1999); *see also, In re Guardian Trust Co.*, 260 B.R. 404, 412 (S.D. Miss. 2000).

**B.     Adjustment to Interest Rate Calculation.**

18.     Under Florida law, the Florida Tax Claims are secured by liens against the Debtors' property and where the value of such property is more than the amount of the tax claim, such claim is entitled to interest until paid pursuant to Bankruptcy Code Section 506(b). The statutory interest rate imposed by the Florida Taxing Authorities is 18%.

19.     Although section 506(b) does not specify the rate at which interest should accrue, courts look to the statutory interest rate provided by the taxing authority *if* it reflects a true interest rate rather than a penalty. *See Galveston Indep.*

8

*School Dist. v. Heartland Fed. Sav. & Loan Assoc.*, 159 B.R. 198, 204 (S.D. Tex. 1993) (holding that oversecured non-consensual creditors should be entitled to the statutory interest rate only if "the charge can be reasonably characterized as true interest rather than as a penalty"); *In re Davison*, 106 B.R. 1021, 1022 (Bankr. Neb. 1989) (holding that a debtor is obligated to pay interest at the statutory rate "unless the court determines that the statutory interest rate constitutes a penalty").

20.     If the Court determines that the statutory rate constitutes a penalty, the Court may modify the rate. A true interest rate is distinguished from a penalty depending on whether "the charge denominated 'interest' . . . [is] 'interest eo nomine' – interest imposed as compensation for the detention of money – or simply another penalty for delinquency." *Galveston Indep. School Dist.*, 159 B.R. at 204.

21.     Based upon the average one year LIBOR and prime lending rates, (3.61% and 5.68% respectively), the Debtors submit that the percentage rate asserted by the Taxing Authorities contains a penalty and should be reduced. The Debtors believe that 6.0% per annum (the "Adjusted Rate") is appropriate and any interest over the Adjusted Rate should be disallowed. The proposed Adjusted Rate represents Prime plus one-half percent for the period the taxes remain unpaid, and adequately accounts for the appropriate credit risk of the Debtors and the Taxing Authorities' secured status.

22.     Accordingly, the Debtors request that Court enter an order specifying that the Adjusted Rate is the appropriate interest rate to be used in calculating the accrued interest on the allowed Florida Tax Claim during these Chapter 11 cases.

9

## Responses To Objections

23.     Pursuant to the Claim Objection Procedures Order, to contest the relief requested in this Objection and Motion, the Florida Tax Collectors must file a response (a "Response") with the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division no later than August 28, 2006, at 4:00 p.m. (Eastern Time) (the "Response Deadline").  In addition, a copy of the Response must be served on the following on or before the Response Deadline:  Cynthia C. Jackson, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, (904) 359-7708 (facsimile), cjackson@smithhulsey.com

24.     If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the Florida Tax Collectors.  If no consensual resolution is reached, a hearing has been noticed for September 7, 2006, at 1:00 p.m. (Eastern Time).

25.     If the Florida Tax Collectors fail to file and serve a timely Response in compliance with the foregoing procedures, the Debtors will present to the Bankruptcy Court an appropriate order with respect to the Florida Tax Claim without further notice.

## Contested Matter

26.     To the extent that the Florida Tax Collectors file a Response and the Debtors are unable to resolve the Response prior to the hearing on this Objection, the Florida Tax Claim and this Objection shall constitute a contested matter as contemplated by Rule 9014 of the Federal Rules of Bankruptcy Procedure.

10

**Reservation of Rights**

27.    The Debtors expressly reserve the right to amend, modify or supplement this Objection and to file additional objections to the Tax Claims or any other claim which may be asserted against the Debtors.  Should one or more of the grounds of objection stated in this Objection be dismissed, the Debtors reserve their right to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these cases.  In addition, the Debtors reserve the right to seek further reduction of the Florida Tax Claim to the extent that such claims have been paid.

**Notice**

28.    The Debtors will serve this Objection and Motion electronically upon the Florida Tax Collectors in care of Brian T. Fitzgerald, Esq,. at fitzgeraldb@hillsboroughcounty.org.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit D (i) sustaining the Objection and reducing and allowing the Florida Tax Claims in the amounts set forth on Exhibit A subject to setoff; (ii) adopting the 2004 and 2005 revised assessed values listed on Exhibit A as the correct bases for calculating the Debtors' liability to the Florida Tax Collectors for both claimed and unclaimed tax amounts; (iii) determining the Debtors' tax liabilities for unclaimed 2004 and 2005 taxes are the revised tax amounts set forth on Exhibit A; (iv) determining the market values reflected on Exhibit B are the correct values on which the Taxing Authorities

11

should compute the Debtors tax liabilities for the 2006 tax year; (v) determining that the Adjusted Rate is the appropriate interest rate to be used to calculate accrued interest, if any, on the secured tax liabilities included in this Objection and Motion; (vi) authorizing the Debtors to offset the excess amount paid against the Debtors' liability on other Florida accounts for the same or other tax years; (viii) extinguishing any liens relating to the Debtors' secured tax liabilities addressed with this Objection and Motion upon payment of the allowed Florida Tax Claims and revised tax amounts as set forth on Exhibit A; and (ix) granting such other and further relief as is just and proper.

Dated: August 8, 2006

SKADDEN, ARPS, SLATE, MEAGHER    SMITH HULSEY & BUSEY
& FLOM LLP

By    *s/ D. J. Baker*                    By    *s/ Cynthia C. Jackson*
      D. J. Baker                                Stephen D. Busey
      Sally McDonald Henry                       James H. Post
      Rosalie Walker Gray                        Cynthia C. Jackson, F.B.N. 498882

Four Times Square                      225 Water Street, Suite 1800
New York, New York 10036               Jacksonville, Florida 32202
(212) 735-3000                         (904) 359-7700
(212) 735-2000 (facsimile)             (904) 359-7708 (facsimile)
djbaker@skadden.com                    cjackson@smithhulsey.com

Co-Counsel for Debtors                 Co-Counsel for Debtors

00527640.17

12