# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
|  | ) |  |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## NOTICE OF FILING LEGAL AUTHORITY

Respondent, Timothy "Pete" Smith, as Okaloosa County Property Appraiser, gives notice of the filing of the following legal authority in support of his Motion to Compel Production of Documents:

1. Section 195.027, Fla. Stat.

2. Rule 12D-1.005, F.A.C.

3. Rule 26, Fed. R. Civ. P.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic transmission on this 5th day of March, 2009 to:

| **Party** | **Attorney** |
|---|---|
| Winn-Dixie Stores, Inc. and Affiliated Debtors | Skadden, Arps, Slate, Meagher & Flom, LLP<br>D.J. Baker, Esq.<br>Four Times Square<br>New York, NY 10036<br>Tel: 212-735-3000<br><br>Smith Hulsey & Busey<br>Stephen D. Busey, Esq.<br>Cynthia C. Jackson, Esq.<br>Allan E. Wulbern, Esq. |

Beau Bowin, Esq.
225 Water Street, Suite 1800,
Jacksonville, FL 32202

Okaloosa County Tax Collector

Philip A. Bates, Esq.
25 W. Cedar Street, Suite 550
Pensacola, FL 32501

Escambia County Property Appraiser

Thomas M. Findley, Esq.,
Messer, Caparello & Self, P.A.
Post Office Box 15579
Tallahassee, FL 32317

DENT & JOHNSON, CHARTERED
3415 Magic Oak Lane
Post Office Box 3259
Sarasota, Florida 34230
Phone: (941) 952-1070
Fax: (941) 952-1094
E-mail: sjohnson@dentjohnson.com

/s/ Sherri L. Johnson
SHERRI L. JOHNSON
Florida Bar No. 0134775

Y:\S02-6530\Notice of Filing Legal Authority for MTC.doc

Select Year:   2008    [Go]

# The 2008 Florida Statutes

| Title XIV | Chapter 195 | View Entire |
|---|---|---|
| TAXATION AND FINANCE | PROPERTY ASSESSMENT ADMINISTRATION AND FINANCE | Chapter |

**195.027 Rules and regulations.--**

(1) The Department of Revenue shall prescribe reasonable rules and regulations for the assessing and collecting of taxes, and such rules and regulations shall be followed by the property appraisers, tax collectors, clerks of the circuit court, and value adjustment boards. It is hereby declared to be the legislative intent that the department shall formulate such rules and regulations that property will be assessed, taxes will be collected, and the administration will be uniform, just, and otherwise in compliance with the requirements of the general law and the constitution.

(2) It is the legislative intent that all counties operate on computer programs that are substantially similar and produce data which are directly comparable. The rules and regulations shall prescribe uniform standards and procedures for computer programs and operations for all programs installed in any property appraiser s office. It is the legislative intent that the department shall require a high degree of uniformity so that data will be comparable among counties and that a single audit procedure will be practical for all property appraisers' offices.

(3) The rules and regulations shall provide procedures whereby the property appraiser, the Department of Revenue, and the Auditor General shall be able to obtain access, where necessary, to financial records relating to nonhomestead property which records are required to make a determination of the proper assessment as to the particular property in question. Access to a taxpayer's records shall be provided only in those instances in which it is determined that such records are necessary to determine either the classification or the value of the taxable nonhomestead property. Access shall be provided only to those records which pertain to the property physically located in the taxing county as of January 1 of each year and to the income from such property generated in the taxing county for the year in which a proper assessment is made. All records produced by the taxpayer under this subsection shall be deemed to be confidential in the hands of the property appraiser, the department, the tax collector, and the Auditor General and shall not be divulged to any person, firm, or corporation, except upon court order or order of an administrative body having quasi-judicial powers in ad valorem tax matters, and such records are exempt from the provisions of s. 119.07(1).

(4)(a) The rules and regulations prescribed by the department shall require a return of tangible personal property which shall include:

1. A general identification and description of the property or, when more than one item constitutes a

class of similar items, a description of the class.

2. The location of such property.

3. The original cost of such property and, in the case of a class of similar items, the average cost.

4. The age of such property and, in the case of a class of similar items, the average age.

5. The condition, including functional and economic depreciation or obsolescence.

6. The taxpayer's estimate of fair market value.

(b) For purposes of this subsection, a class of property shall include only those items which are substantially similar in function and use. Nothing in this chapter shall authorize the department to prescribe a return requiring information other than that contained in this subsection; nor shall the department issue or promulgate any rule or regulation directing the assessment of property by the consideration of factors other than those enumerated in s. 193.011.

(5) The rules and regulations shall require that the property appraiser deliver copies of all pleadings in court proceedings in which his or her office is involved to the Department of Revenue.

(6) The fees and costs of the sale or purchase and terms of financing shall be presumed to be usual unless the buyer or seller or agent thereof files a form which discloses the unusual fees, costs, and terms of financing. Such form shall be filed with the clerk of the circuit court at the time of recording. The rules and regulations shall prescribe an information form to be used for this purpose. Either the buyer or the seller or the agent of either shall complete the information form and certify that the form is accurate to the best of his or her knowledge and belief. The information form shall be confidential in the hands of all persons after delivery to the clerk, except that the Department of Revenue and the Auditor General shall have access to it in the execution of their official duties, and such form is exempt from the provisions of s. 119.07(1). The information form may be used in any judicial proceeding, upon a motion to produce duly made by any party to such proceedings. Failure of the clerk to obtain an information form with the recording shall not impair the validity of the recording or the conveyance. The form shall provide for a notation by the clerk indicating the book and page number of the conveyance in the official record books of the county. The clerk shall promptly deliver all information forms received to the property appraiser for his or her custody and use.

History.--s. 39, ch. 70-243; s. 2, ch. 73-172; ss. 8, 22, 23, ch. 74-234; s. 11, ch. 76-133; s. 16, ch. 76-234; s. 14, ch. 79-334; s. 10, ch. 80-77; s. 23, ch. 80-274; s. 6, ch. 81-308; s. 22, ch. 88-119; s. 64, ch. 89-356; s. 39, ch. 90-360; s. 154, ch. 91-112; s. 985, ch. 95-147; s. 5, ch. 96-397; s. 51, ch. 96-406.

Note.--Former s. 195.042.

Copyright © 1995-2009 The Florida Legislature • Privacy Statement • Contact Us

**12D-1.005 Access to Financial Records.**

(1) The property appraiser of each county, duly authorized representatives of the Department, and duly authorized representatives of the Auditor General shall have the right to inspect and copy financial records relating to non-homestead property which are reasonably necessary to determine the property assessment of the property in question.

(a) Access to a taxpayer's records shall be provided only where it is determined that such records are necessary to determine the classification or value of the taxable non-homestead property.

(b) This section shall apply to all real and personal property physically located within the state, and within the county in question on January 1 of the year for which inspection is sought.

(c) The types of records which this section covers shall include, but not be limited to, the following in the case of real property:

1 Profit and loss statements,

2 Income tax returns of the person, firm or corporation operating the property,

3 Leases of tenants in possession of property, both before and after the January 1 valuation date,

4 Casualty insurance policies insuring the premises against damage from fire and other hazards,

5 Any financial statements of any person, firm or corporation having an interest in the property in which the property or an interest in it is listed as an asset,

6 Mortgage note and other instruments made in connection with mortgages placed on the property, such as loan applications,

7 Ledgers showing construction expenses of any improvements made to the property, and contracts for the construction or reconstruction of improvements made to the property, and contracts for the construction or reconstruction of improvements or additions to the property,

8 Closing statement between buyer and seller pertaining to the most recent purchase of the property in question,

9 Appraisals made on the property in connection with obtaining mortgage financing or the sale thereof

(d) The types of records which this section covers shall include, but not be limited to, the following in the case of personal property:

1 Profit and loss statements,

2 Invoices from purchase of the property in question,

✳ 3 Inventories,

4 Federal Income Tax returns for the entity owning the property, including depreciation schedules,

5 General journal and ledgers showing date of acquisition and installed price for commercial personal property,

6 Financial statements for the business in connection with which the property is used, including balance sheets,

7 Insurance policies insuring the property in question against casualty loss,

8 Leases for leased property,

9 Records by which to determine the value of inventory, such as opening inventories, acquisitions, sales, cost of goods sold

(2) The following procedures shall govern access to the records of a taxpayer:

(a) The property appraiser or his duly authorized representative, the duly authorized representative of the Department, or the duly authorized representative of the Auditor General shall make request, in writing, of the taxpayer and shall specify in general the records requested.

(b) The request shall state the purpose of the request, and the time and place at which the records shall be produced by the taxpayer If the records are located without the county, the taxpayer shall have ten (10) days following the request in which to make them available for inspection and copying.

(c) All records produced under this section shall be returned to the taxpayer as expeditiously as possible under the circumstances, after examination by the requesting agency.

(d) In the event the taxpayer shall refuse, after written demand, to make production of the books and records requested, the requesting agency shall have the right to proceed with an original action in the Circuit Court for an application to the court for a subpoena duces tecum and production of the records in question.

(3) All records produced by the taxpayer under this rule shall be deemed to be confidential in the hands of the property appraiser, the Department, and the Auditor General and shall not be divulged to any person, firm or corporation.

*Specific Authority 195.027(1) 213.06(1) FS Law Implemented 193.011, 195.027, 213.05 FS. History–New 10-12-76 Formerly 12D-1.05. Amended 12-28-95*

# FLORIDA
# RULES OF COURT

## FEDERAL

## 2008

SEE PREFACE FOR CURRENTNESS INFORMATION

FOR STATE RULES, SEE FLORIDA
RULES OF COURT, STATE, 2008

FOR LOCAL RULES, SEE FLORIDA
RULES OF COURT, LOCAL, 2008

**THOMSON**
™
**WEST**

out the claim or defense for which intervention is sought.

[Amended December 27, 1946, effective March 19, 1948; December 29, 1948, effective October 20, 1949; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; March 2, 1987, effective August 1, 1987; April 30, 1991, effective December 1, 1991; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007.]

## RULE 25. SUBSTITUTION OF PARTIES

### (a) Death.

(1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

(2) *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

(3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in

Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

**(b) Incompetency.** If a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative. The motion must be served as provided in Rule 25(a)(3).

**(c) Transfer of Interest.** If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

**(d) Public Officers; Death or Separation from Office.** An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

[Amended December 29, 1948, effective October 20, 1949; April 17, 1961, effective July 19, 1961; January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007.]

# TITLE V.  DISCLOSURES AND DISCOVERY

## RULE 26. DUTY TO DISCLOSE; GENERAL PROVISIONS GOVERNING DISCOVERY

### (a) Required Disclosures.

(1) *Initial Disclosure.*

(A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party—who must also

make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(B) Proceedings Exempt from Initial Disclosure. The following proceedings are exempt from initial disclosure:

(i) an action for review on an administrative record;

(ii) a forfeiture action in rem arising from a federal statute;

(iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;

must be served in
nade in any judicial

comes incompetent,
; the action to be
y's representative
provided in Rule

interest is trans-
by or against the
notion, orders the
: action or joined
must be served as

**Separation from**
en a public officer
; dies, resigns, or
ile the action is
utomatically sub-
s should be in the
nisnomer not af-
s must be disre-
ition at any time,
es not affect the

October 20, 1949;
January 21, 1963,
ffective August 1,
2007 ]

copying as un-
her evidentiary
ected from dis-
on is based, in-
nature and ex-

as under Rule
r which an in-
) satisfy all or
e action or to
ents made to

ial Disclosure.
ot from initial

administrative

ising from a

or any other
conviction or

(iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

(v) an action to enforce or quash an administrative summons or subpoena;

(vi) an action by the United States to recover benefit payments;

(vii) an action by the United States to collect on a student loan guaranteed by the United States;

(viii) a proceeding ancillary to a proceeding in another court; and

(ix) an action to enforce an arbitration award.

(C) Time for Initial Disclosures—In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

(D) Time for Initial Disclosures—For Parties Served or Joined Later. A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

(E) Basis for Initial Disclosure; Unacceptable Excuses. A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

**(2)** *Disclosure of Expert Testimony.*

(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the data or other information considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

(D) Supplementing the Disclosure. The parties must supplement these disclosures when required under Rule 26(e).

**(3)** *Pretrial Disclosures.*

(A) In General. In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

(i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;

(ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

(iii) an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

(B) Time for Pretrial Disclosures; Objections. Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made—except for one under Federal Rule of Evi-

dence 402 or 403—is waived unless excused by the court for good cause

(4) *Form of Disclosures.* Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served.

**(b) Discovery Scope and Limits.**

(1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows:

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

(2) *Limitations on Frequency and Extent.*

(A) When Permitted. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

(B) Specific Limitations on Electronically Stored Information. A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy,

the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

(3) *Trial Preparation: Materials.*

(A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

(B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

(C) Previous Statement. Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

(i) a written statement that the person has signed or otherwise adopted or approved; or

(ii) a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement.

(4) *Trial Preparation: Experts.*

(A) Expert Who May Testify. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

(B) Expert Employed Only for Trial Preparation. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

(i) as provided in Rule 35(b); or

(ii) on showing exceptional circumstances under which it is impracticable for the party to

obtain facts or opinions on the same subject by other means.

(C) *Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery:

(i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B); and

(ii) for discovery under (B), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

(5) *Claiming Privilege or Protecting Trial-Preparation Materials.*

(A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

(B) *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

(c) Protective Orders.

(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

(2) *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

(3) *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

(d) Timing and Sequence of Discovery.

(1) *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

(2) *Sequence.* Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

(A) methods of discovery may be used in any sequence; and

(B) discovery by one party does not require any other party to delay its discovery.

(e) Supplementing Disclosures and Responses.

(1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

(2) *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information in-

25

cluded in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

**(f) Conference of the Parties; Planning for Discovery.**

(1) *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

(2) *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

(3) *Discovery Plan.* A discovery plan must state the parties' views and proposals on:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

(C) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

(4) *Expedited Schedule.* If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule:

(A) require the parties' conference to occur less than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b); and

(B) require the written report outlining the discovery plan to be filed less than 14 days after the parties' conference, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

**(g) Signing Disclosures and Discovery Requests, Responses, and Objections.**

(1) *Signature Required; Effect of Signature.* Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

(A) with respect to a disclosure, it is complete and correct as of the time it is made; and

(B) with respect to a discovery request, response, or objection, it is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

(2) *Failure to Sign.* Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

(3) *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

[Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; April 28, 1983, effective August 1, 1983; March 2, 1987, effective August 1,

es' conference to occur less
le scheduling conference is
er is due under Rule 16(b);

n report outlining the dis-
ess than 14 days after the
ause the parties from sub-
nd permit them to report
plan at the Rule 16(b)

**nd Discovery Requests,**

*ect of Signature.* Every
l) or (a)(3) and every
or objection must be
ney of record in the
le party personally, if
the signer's address,
mber. By signing, an
; to the best of the
l, and belief formed

sure, it is complete
lade; and

y request, response,

les and warranted
dous argument for
sing existing law,

nproper purpose,
essary delay, or
igation; and

unduly burden-
he needs of the
the amount in
of the issues at

ave no duty to
, response, or
must strike it
ied after the
varty's atten-

. If a certifi-
ial justifica-
nust impose
le party on
both. The
reasonable
ed by the

19, 1948;
y 28, 1966,
ly 1, 1970;
28, 1983,
August 1,

---

1987; April 22, 1993, effective December 1, 1993; April 17, 2000, effective December 1, 2000; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007.]

## RULE 27. DEPOSITIONS TO PERPETUATE TESTIMONY

### (a) Before an Action Is Filed.

(1) *Petition.* A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B) the subject matter of the expected action and the petitioner's interest;

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E) the name, address, and expected substance of the testimony of each deponent.

(2) *Notice and Service.* At least 20 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. The notice may be served either inside or outside the district or state in the manner provided in Rule 4. If that service cannot be made with reasonable diligence on an expected adverse party, the court may order service by publication or otherwise. The court must appoint an attorney to represent persons not served in the manner provided in Rule 4 and to cross-examine the deponent if an unserved person is not otherwise represented. If any expected adverse party is a minor or is incompetent, Rule 17(c) applies.

(3) *Order and Examination.* If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. The depositions may then be taken under these rules, and the court may issue orders like those authorized by Rules 34 and 35. A reference in these rules to the court where an action is pending means, for purposes of this rule, the court where the petition for the deposition was filed.

(4) *Using the Deposition.* A deposition to perpetuate testimony may be used under Rule 32(a) in any later-filed district-court action involving the same subject matter if the deposition either was taken under these rules or, although not so taken, would be admissible in evidence in the courts of the state where it was taken.

### (b) Pending Appeal.

(1) *In General.* The court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court.

(2) *Motion.* The party who wants to perpetuate testimony may move for leave to take the depositions, on the same notice and service as if the action were pending in the district court. The motion must show:

(A) the name, address, and expected substance of the testimony of each deponent; and

(B) the reasons for perpetuating the testimony.

(3) *Court Order.* If the court finds that perpetuating the testimony may prevent a failure or delay of justice, the court may permit the depositions to be taken and may issue orders like those authorized by Rules 34 and 35. The depositions may be taken and used as any other deposition taken in a pending district-court action.

### (c) Perpetuation by an Action. This rule does not limit a court's power to entertain an action to perpetuate testimony.

[Amended December 27, 1946, effective March 19, 1948; December 29, 1948, effective October 20, 1949; March 1, 1971, effective July 1, 1971; March 2, 1987, effective August 1, 1987; April 25, 2005, effective December 1, 2005; April 30, 2007, effective December 1, 2007.]

## RULE 28. PERSONS BEFORE WHOM DEPOSITIONS MAY BE TAKEN

### (a) Within the United States.

(1) *In General.* Within the United States or a territory or insular possession subject to United States jurisdiction, a deposition must be taken before:

(A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or

(B) a person appointed by the court where the action is pending to administer oaths and take testimony.

(2) *Definition of "Officer".* The term "officer" in Rules 30, 31, and 32 includes a person appointed by the court under this rule or designated by the parties under Rule 29(a).

27