UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN DIXIE STORES, INC.

        Debtor(s).
_____/

Case No.: 3:05-bk-3817-3F1

## MOTION TO STRIKE WITNESS JACK WEST
## AND APPRAISAL EXHIBITS

The Property Appraiser of Escambia County, through the undersigned counsel, submits the following Motion to Strike Witness Jack West and his Appraisal Exhibits:

1. The trial of this matter has been set for March 12, 2009, to resolve the Debtor's Objections to the claims of the Tax Collectors of Escambia County and Okaloosa County for the Debtors' unpaid ad valorem taxes for the tax years 2005 and 2006.

2. On October 28, 2008, the Property Appraiser of Escambia County submitted discovery requests seeking all relevant appraisal reports relating to the assessed property.

3. Winn Dixie hired one appraiser, Mr. Jack West, whose initial appraisal report was dated December 2008. The report was not provided to counsel until shortly before his deposition on February 26, 2009.

4. During Mr. West's deposition, opposing counsel noticed some gross computational errors in his initial appraisal report. For example, equipment acquired in 2004 and valued on January 1, 2005 (less than one year later) was listed as if it were two years old. His report suffered from this systematic overestimation of the actual ages of all of the Winn Dixie assets. In fact, when asked if all of the ages were "wrong" on his schedule of the assets, Mr. West admitted they were.

5. After the time for discovery had run, and only two days prior to trial, the Debtor produced a new appraisal report from Mr. West. The new report contains extensive changes and there is no opportunity to depose Mr. West again without delaying the trial.

## MEMORANDUM OF LAW

This Court set a discovery cutoff for ten days prior to trial. *Order Scheduling Trial, Par. 3*. Notwithstanding the discovery cutoff, the Debtor provided to the undersigned on March 10th (only two days before trial) a completely revised report from Mr. West. This revised report came with no explanation and was provided under the guise that it was part of an exhibit exchange. At Tab 22 of Mr. West's new report, there are graphs with no headings and no indication of the tax years at issue. Moreover, the numbers have changed from the prior report.

Fed.R.Civ.P. 37 provides that when one fails to comply with a discovery order, one possible sanction is the preclusion of evidence. *See Carmen Thompson v. U.S. Dept. of Housing and Urban Development*, 219 F.R.D. 93 (Dist. Md. 2003). In this case, all of the elements support a finding of prejudice to the opposing parties caused by the Debtor's failure to meet the discovery cutoff. This prejudice cannot be cured without substantial disruption of the trial. *Id.* at 103.

Given the violation of the Court's discovery order and the lack of any opportunity to cross examine Mr. West on the new report, the Property Appraisers request that this Court strike both the untimely appraisal report and the testimony of Mr. West. If the Court is not inclined to preclude such evidence, the Property Appraisers seek a continuance of the trial and an opportunity to schedule a new deposition for Mr. West.

WHEREFORE, the Property Appraiser of Escambia County respectfully requests that this Court grant this motion striking Mr. West as a witness and further excluding his new appraisal exhibits from evidence.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic filing using CM/ECF system to Allan E. Wulbern, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202, Counsel for Reorganized Debtors; Sherri L. Johnson, Esq., Dent & Johnson, Chartered, 3415 Magic Oak Lane, Sarasota, FL 34230, Counsel for Okaloosa County Property Appraiser; Philip A. Bates, Esq., Philip A. Bates, P.A., 25 W. Cedar Street, Suite 550, Pensacola, FL 32501, Counsel for Escambia and Okaloosa County Tax Collectors, this 10th day of March, 2009.

    s/Thomas M. Findley
ELLIOTT MESSER
Florida Bar No.: 054461
THOMAS M. FINDLEY
Florida Bar No.: 0797855
Messer, Caparello & Self, P.A.
Post Office Box 15579
Tallahassee, FL 32317
Telephone: (850) 222-0720
Facsimile: (850) 224-4359
Counsel for Property Appraiser Chris Jones