**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.* | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**WINN-DIXIE'S RESPONSE TO ESCAMBIA
COUNTY PROPERTY APPRAISER'S MOTION
TO STRIKE JACK WEST AND APPRAISAL EXHIBITS**

Winn-Dixie Stores, Inc. and twenty-three of its reorganized debtor affiliates (collectively, "Winn-Dixie"), make this response to the Escambia County Property Appraiser's Motion to Strike Jack West and Appraisal Exhibits (the "Motion"; Doc. No. 22171) and say:

1.   Yesterday evening, the Escambia County Property Appraiser (the "Escambia Appraiser") filed the Motion asking the Court to strike Winn-Dixie's expert witness, Jack West, together with his expert appraisal report, or in the alternative to continue the trial so that the Escambia Appraiser and the Okaloosa County Property Appraiser[1] may have the opportunity to re-depose Jack West. The stated ground for the motion was that the Appraisers received from Winn-Dixie this week a supplement to Mr. West's original report which they first received on February 6, 2009.

---

[1] The Escambia Appraiser and the Okaloosa Appraiser are collectively referred to as the "Appraisers."

2.     When the Appraisers first deposed Mr. West on February 26, they determined through questioning of Mr. West that there were calculation errors in Mr. West's report.  Winn-Dixie informed the Appraisers during the deposition that Mr. West would correct the errors and issue a supplement to his report.  Winn-Dixie provided a copy of Mr. West's corrected appraisal on Tuesday, March 10, 2009, the date the parties had agreed to exchange copies of their trial exhibits.

3.     Prior to Winn-Dixie's receipt of the Motion last night, the Appraisers had not asked Winn-Dixie for another opportunity to re-depose Mr. West, although the Appraisers have known since February 26 that a corrected report would be issued by Mr. West.

4.     Upon receipt of the Motion last night, and, their first learning of the Appraisers' desire to re-depose Mr. West, Winn-Dixie informed the Appraisers that Winn-Dixie was agreeable to a continuance of the trial so that the Appraisers could take Mr. West's deposition again (Exhibit A).  The Appraisers declined Winn-Dixie's offer last night.

5.     Winn-Dixie then offered this morning to make Mr. West available for deposition today, but the Appraisers have declined that offer as well (Exhibit B).

3

6. Given Winn-Dixie's willingness to continue the trial and to allow the Appraisers' to re-depose Mr. West today or at their convenience, Winn-Dixie believes that it would be inappropriate to preclude Mr. West from testifying at trial or to exclude his report from evidence.

SMITH, HULSEY & BUSEY

By:   *s/ Allan E. Wulbern*
     Stephen D. Busey
     Allan E. Wulbern

Florida Bar No. 175511
225 Water Street, Suite 1800
Jacksonville, Florida  32201-3315
(904) 359-7700 Telephone
(904) 35907708 Facsimile

Attorneys for Reorganized Debtors

00645955

EXHIBIT A

## Allan E. Wulbern

| | |
|---|---|
| **From:** | Fran Wulbern [fwulbern@comcast.net] |
| **Sent:** | Tuesday, March 10, 2009 10:04 PM |
| **To:** | tfindley@lawfla.com; sjohnson@dentjohnson.com |
| **Cc:** | Stephen D. Busey; Allan E. Wulbern |
| **Subject:** | WD Tax Litigation |

Tom and Sherri,

We received tonight your motion to strike Jack West's testimony and report, or alternatively, to continue the trial in order to permit you to re-depose Mr. West. We informed you at Mr. West's deposition on February 26 that Mr. West would supplement his report as a result of your examination of him. Until tonight, you have made no request of us to re-depose Mr. West. Nonetheless, because of the reasonableness of your request to do so, we are willing to permit the trial continuance that you seek in order to provide you with the opportunity to re-depose Mr. West. We have tried to reach you by phone in order to make sure that you do not travel unnecessarily to Jacksonville tomorrow—in addition to this email.

Allan

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

3/11/2009

EXHIBIT B

# Allan E. Wulbern

**Subject:** FW: WD Tax Litigation
**Attachments:** 2005.pdf

**From:** Allan E. Wulbern
**Sent:** Wednesday, March 11, 2009 10:05 AM
**To:** 'Tom Findley'; sjohnson
**Cc:** Elliott Messer; Stephen D. Busey
**Subject:** RE: WD Tax Litigation

Tom,

I spoke to Sherri this morning and offered to make Mr. West available this afternoon or this evening for you to re-depose him. Sherri declined our offer, so we will see the two of you in the morning.

I also spoke to Sherri about Exhibit 22 to Mr. West's report. I looked back at what we sent you and determined that the confusion may be the result of the fact that we initially received a hole punched copy of the exhibit by email. The hole punches went through portions of the headings. I confirmed that the exhibit contains information on both counties for 2005 and 2006. We have since received a hard copy of the exhibit without hole punches. Attached is the 2005 portion of the exhibit and will forward in a second email the 2006 exhibit.

Allan

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

4

**Certificate of Service**

I certify that a copy of this document has been furnished electronically through the CM/ECF electronic notification system this 11th day of March, 2009 to:

Thomas M. Findley, Esq.  
Messer, Caparello & Self, P.A.  
Post Office Box 15579  
Tallahassee, Florida 32317

Sherri L. Johnson, Esq.  
Dent & Johnson, Chartered  
3415 Magic Oak Lane  
Sarasota, Florida 34230

Philip A. Bates, Esq.  
25 West Cedar St., Suite 550  
Pensacola, Florida 32502

                                            *s/ Allan E. Wulbern*  
                                                    Attorney

00645955