## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | |
| Plaintiffs, | ) | Adversary No. 3-08-ap-00379 |
| v. | ) | |
| BRODERICK GAMBLE, | ) | |
| Defendant. | ) | |

## AFFIDAVIT IN SUPPORT OF
## PLAINTIFFS' MOTION FOR FINAL JUDGMENT

STATE OF FLORIDA

COUNTY OF DUVAL

BEFORE ME the undersigned authority personally appeared Timothy L. Williams, who being by me first duly sworn, deposes and says:

1. I am Assistant General Counsel for Winn-Dixie Stores, Inc. I am authorized to make this affidavit on behalf of the Debtors and have personal knowledge of the facts set forth herein.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

2. On February 21, 2005 ("the Petition Date"), the Debtors each filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code.

3. By Order dated April 28, 2005 (the "Bar Date Order"), this Court set August 1, 2005 as the last date for all persons who have or may have had prepetition claims against one or more of the Debtors to file and serve a proof of claim. The bar date applicable to such claimants was August 1, 2005 (the "Bar Date").

4. Pursuant to the Bar Date Order, the Debtors provided notice by mail of the Bar Date (the "Bar Date Notice"), along with a proof of claim form that provided scheduled claim information, to all known creditors. The Bar Date Notice was also published in national and regional newspapers.

5. No proof of claim was filed by or on behalf of Defendant, Broderick Gamble, in any of the Debtors' Chapter 11 cases prior to the Bar Date or the Confirmation Order.

6. On November 9, 2006, this Court entered an Order (the "Confirmation Order") confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Plan"), which became effective on November 21, 2006 (the "Effective Date").

7. Pursuant to Sections 524 and 1141 of the Bankruptcy Code and the Confirmation Order, the Debtors were discharged from all debts arising out of or relating to claims which existed on or before the Effective Date. In addition, the Confirmation Order permanently enjoined all persons from asserting or taking any action against the Debtors with respect to or in furtherance of the discharged claims.

8. Defendant, Broderick Gamble, filed a complaint against debtor Winn-Dixie Stores, Inc., in the United States District Court in and for the Northern District of Alabama, Western Division, Case No.CV-04-CO-0824-W (the "Complaint") (the

"District Court Action") based on a claim that arose before the Effective Date and has therefore been discharged.

9. By letter dated January 19, 2009, counsel for Winn-Dixie informed the Defendant that (i) the alleged debts which the Defendant seeks to collect in the District Court Action against the Debtors have been discharged, (ii) the continued prosecution of the District Court Action against the Debtors constitutes a violation of Section 524 of the Bankruptcy Code and the Confirmation Order entered by the Court and (iii) the failure to dismiss the District Court Action against the Debtors would result in the filing of an action to enforce the Debtors' rights.

10. Notwithstanding the January 19 letter, the Defendant failed to dismiss the District Court Action against the Debtors.

11. Defendant's continued prosecution of the District Court Action against the Debtors constitutes actions to establish and collect the alleged debts from the Debtors in willful violation of Sections 1141 and 524(a) of the Bankruptcy Code and the Confirmation Order entered by this Court.

_____
Timothy L. Williams

The foregoing instrument was acknowledged before me this 20th day of March, 2009, by Timothy L. Williams, who is personally known to me.

_____
Notary Public, State of Florida
My Commission Expires: Nov. 16, 2012
00645862



RAVEN PIERCE
Notary Public, State of Florida
My Comm. Expires Nov. 16, 2012
Commission No. DD 372364