**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

WINN-DIXIE STORES, INC. et al.,                Case No. 05-bk-03817-JAF

      Debtors                                                Chapter 11
_____/

**MOTION BY LINDA NOLAN TO VACATE AND SET ASIDE ORDER ON MOTION BY LINDA NOLAN TO ENLARGE TIME TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM**

    COMES NOW the movant, LINDA NOLAN ("Movant"), by and through her undersigned counsel, and pursuant to Bankruptcy Rules 9006, 9024 and other applicable law hereby moves this Court to vacate or set aside its Order on Motion by Linda Nolan to Enlarge Time entered on March 19, 2009 [Docket No. 22245], and would show:

**Case Background**

    1.    The Debtors filed Chapter 11 on February 21, 2005.

    2.    On or about November 27, 2005, the Movant was injured in the Winn Dixie store No. 702 located in Brooksville, Florida, as a result of negligence on the part of the Debtors.

    3.    The Movant was represented by the law firm of John Bales.  On May 8, 2006, a lawsuit was filed by the Movant against the Debtors in state court in Hernando County, Florida.  As such, the Debtors had notice and actual knowledge of the accident and the injuries suffered by the Movant.

    4.    During the pendency of the state court action, neither Ms. Nolan nor her attorneys

were advised that the Winn Dixie bankruptcy case had any affect on the state court action. In addition, neither Ms. Nolan nor her attorneys were advised there was a deadline in the Winn Dixie bankruptcy case affecting the state court case.

5. Prior to January 5, 2007, the Debtors did not advise the Movant or her counsel of any deadline for filing a claim in the Debtors' pending bankruptcy case. In fact, in February, 2006, a representative of Sedgwick CMS, the Debtors' agent, advised counsel for the Movant that since this was a post-petition claim, it was not subject to any aspect of Winn Dixie's bankruptcy case.

6. Prior to January 5, 2007, the Movant did not have any knowledge of a deadline in the bankruptcy case.

7. Pursuant to the Order confirming the Debtors' Chapter 11 Plan, the Bankruptcy Court set January 5, 2007 as the Bar Date for certain post petition claimants, including post-petition personal injury claimants, to file Applications for Administrative Expense with the Court.

8. While the Debtors apparently sent a Notice regarding the January 5, 2007 Administrative Claims Bar Date to post-petition claimants, neither the Debtors, their counsel or agents ever served the Movant or their state court counsel with any notice of the Bar Date Order prior to the January 5, 2007 bar date.

9. On January 25, 2007, the Movant's state court attorney became aware of the Administrative Claim bar date for the first time based on a letter received from Attorney Jennifer Marino. At the time, the Movant and her state court counsel were unaware of the existence of the Administrative Claim Bar Date.

10. The Movant's state court counsel moved promptly to determine the status of the bankruptcy case, and whether the Movant had received any notice of the Administrative Claims bar date.

11. The Movant's state court counsel retained the undersigned to assist them in asserting a claim for the Movant in the bankruptcy case. The undersigned has not appeared in the state court personal injury litigation for the Movant or any other claimant in this case.

12. On or about February 9, 2007, the undersigned filed an Application for Administrative Expense with the Court on behalf of the Movant. The Application specifically stated:

> The Movant requests that all future pleadings and notices regarding or related to this Movant's Application or claim be served upon:
>
> Linda Nolan
> c/o Rolando Guerra, Esq.
> John Bales Attorneys
> 9700 Dr. Martin Luther King, Jr. Street North
> Suite 400
> St. Petersburg, FL  33702

13. On or about March 9, 2007, the undersigned filed a Motion to Enlarge Time to File Application for Administrative Expense.

14. Since filing the Application and Motion more than two years ago, the undersigned has had several discussions with Debtors' counsel concerning the pending Motion (as well as discussions related to similar Motions filed for other claimants). Counsel for the Debtors consistently advised the undersigned that the Debtor would try to adjust and settle the claims, and the Motion would not be called up for hearing.

15. The undersigned had no notice or knowledge of the actions being taken in the state court case. The undersigned has learned that on February 2, 2009, the Debtors apparently took the deposition of the Movant. The Movant and the Movant's state court counsel attended.

**The Disputed Order**

16. On February 26, 2009, the Debtors filed a Notice of Case Management Conference ("the Notice"). [Docket No. 22118]. Prior to this Notice, the last docket activity involving the Movant was almost two years ago. [Docket No. 15494]

17. The Notice was served electronically on the undersigned. **The Notice was not served on the Movant's state court counsel.**

18. The undersigned filed a number of Applications and Motions for personal injury claimants in this case in 2007. As a result, the undersigned receives a large volume of electronic mail daily in this case.

19. The docket indicates that Case Management Conferences on several motions to extend the bar date were considered by the Court on March 19, 2009. The Orders from this hearing indicate that several of these motions were set for trial, while other motions (as in the instant case) were denied based on non-appearance, and those claims disallowed.

20. While the undersigned counsel reviews electronic Court mail and docket entries in the Winn Dixie case on an almost daily basis, it appears that by inadvertence and excusable neglect, the undersigned did not see the Notice. As a result, the undersigned did not attend the Case Management Conference on March 19, 2009.

21. On March 19, 2009, the Court entered an Order on the Case Management Conference ("the Order") [Docket No. 22245]. Pursuant to the Order, the Motion filed by the Movant was denied, and the Movant's Application disallowed in its entirety.

22. Upon information and belief, the Order was not served on the Movant's state court counsel.

23. This week, the undersigned noticed the Order in his electronic mail. After

investigating the matter, the undersigned contacted counsel for the Debtors to explain the situation and request the Order be vacated and the Motion set for trial. The Debtors' counsel directed the undersigned to discuss this matter directly with the Debtors' in-house risk manager. The Debtors' in-house risk manager refused to agree to vacate the Order. The undersigned then drafted the instant Motion, and sent a copy to the Debtors, who again reiterated they would not agree to vacate the Order.

24. The Order should be vacated for several reasons:

(A) The Movant's state court counsel did not receive notice of the Case Management Conference. Pursuant to the Application, the Debtors **specifically** were directed to provide notices to state court counsel of any pleadings that affected the Application.

(B) The parties have been working to adjust this claim for two years. In fact, the Debtors deposed the Movant less than 3 weeks prior to setting the Case Management Conference. The Debtors reasonably knew that the Movant was not abandoning her claim.

(C) The Movant did not attend the March 19, 2009 hearing based on, *inter alia*, the excusable neglect of the undersigned not seeing the hearing notice.

(D) The Debtors have not been prejudiced in any way by the Movant's failure to attend the March 19, 2009 hearing – in fact, the Debtors were the party who waited **two years** before asking the Court to consider the Movant's Motion.

(E) The law in the 11th Circuit is clear that the Court must use a less harsh sanction than dismissal as an initial sanction for a party's failure to appear or otherwise comply with a Court Order.[1]

---

[1] See, e.g. In Greenberg, 2006 WL 1594202 (11th Cir. 2006)(dismissal with prejudice is an extreme sanction that may be properly imposed only when a party engages in a clear pattern

(F)   The Debtors' attorney advised the undersigned that she was surprised that the undersigned did not attend the hearing on March 19, 2009, since the undersigned has been involved in this matter and other similar matters in the Winn Dixie case.

(G)   Setting aside the Order will not prejudice the Debtors or the administration of this case.

(H)   The Debtors' failure to agree to vacate the Order is an indication of the Debtors acting in bad faith, and vexatiously expanding and increasing litigation expenses.  Under these circumstances, the Debtors simply are using an honest mistake -- a mistake which the Debtors caused in part by waiting two years to call the Motion up for hearing, and also by not serving the Movant's state court counsel with notice of the hearing -- to try and improperly gain a tactical advantage in the personal injury litigation.

25.   Based on the foregoing, the Movant requests the Court to vacate and set aside the Order, and award attorneys fees and costs to the Movant.[2]   The Movant further requests the Court schedule a trial on the pending Motion to deem the Application as timely filed

26.   Affidavits in support of this Motion are attached hereto or will be filed in support hereof.

WHEREFORE, the Movant respectfully requests this Court for an Order vacating and setting aside the Order, to award attorneys fees and costs to the Movant for the filing of this Motion, to schedule a trial on the pending Motion to deem the Application as timely filed, and for such other

---

of delay or willful contempt, and the Court finds that a lesser sanction would not suffice).

[2] The undersigned advised counsel for the Debtors that he would seek attorneys fees in the event he had to file this Motion.

relief as the Court finds just.

     /s/ Dennis J. LeVine
DENNIS J. LeVINE, ESQ.
FBN 375993
Dennis LeVine & Associates, P.A.
P. O. Box 707
Tampa, FL  33601
(813) 253-0777
(813) 253-0975 (fax)
Attorneys for the Movant, Linda Nolan

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing Motion upon the parties listed on the attached list on this  27th  day of March, 2009.

     /s/ Dennis J. LeVine
DENNIS J. LeVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

James H. Post, Esq.
Leanne Prednergast, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202