## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                                      Case No.  05-03817-3F1

                                          )

WINN-DIXIE STORES, INC., et al.,                            Chapter 11

                                          )

    Reorganized Debtors.                              Jointly Administered

                                          )

## DEBTORS' MOTION FOR SUPPLEMENTAL
## PROTECTIVE ORDER, OR IN THE ALTERNATIVE,
## FOR RELIEF FROM ORDER ON MOTION TO COMPEL

Winn-Dixie Stores, Inc., on behalf of twenty-three of its subsidiaries and affiliates, as the Reorganized Debtors (collectively, "Winn-Dixie"), moves the Court (i) to enter the attached Order Granting Motion to Supplement Protective Order, or (ii) in the alternative, to grant Winn-Dixie relief from the Court's Order on Visagent's Fourth Motion to Compel, and in support says:

1.    On November 4, 2008, the Court entered an Order Granting in Part Visagent's Fourth Motion to Compel (the "Order"; Doc. No. 21606).

2.    In the Order, the Court held that:

> Debtors shall 1) search the Metafile system to obtain copies of the bills of lading associated with the spreadsheet listing the transactions in the secondary market with any diverter from mid 2001 to mid 2004, or 2) *subject to a confidentiality agreement*, copy the Metafile data to a hard drive and turn that over to Visagent (emphasis added).

3.    By letter dated November 24, 2008, counsel for Winn-Dixie informed Visagent that Winn-Dixie would provide Visagent with a copy of the Metafile data subject to Visagent's consent to a supplemental protective order regarding such

information (the "Supplemental Protective Order").  A copy of the November 24 letter and Supplemental Protective Order is attached as Exhibit 1.

4.      The Supplemental Protective Order provides, among other things, that due to the nature of the information to be produced, and the limited ability of Winn-Dixie to seek adequate compensation from Visagent Corporation for any failure by Visagent to abide by the terms of the Supplemental Protective Order, that Visagent's officers and directors and Visagent's attorney in this matter shall be liable for any failure by Visagent to abide by the terms of the Supplemental Protective Order.

5.      Four months later, on March 25, 2009, Visagent responded and objected In the March 25 email, Visagent objected to the above-mentioned language as unreasonable.  A copy of Visagent's March 25 email is attached as Exhibit 2.

6.      The Metafile data consists of more than 4 terabytes of data representing approximately 44 million files, including highly confidential and privileged information regarding all of Winn-Dixie's business operations and financial and personnel data.

7.      Visagent is a defunct corporation, without assets or operations.  Visagent's assurance of confidentiality, without joinder by its principals and attorney, is meaningless.

8.      Due to the volume and breadth of the Metafile data, and the irreparable harm to Winn-Dixie which would occur in the event of the unauthorized use of this data, Winn-Dixie should be afforded reasonable assurances that the information will not be used in an unauthorized manner.

For the foregoing reasons, Winn-Dixie requests that the Court enter the attached Order Granting Motion to Supplement Protective Order.  In the alternative, Winn-Dixie asks for relief from the Court's Order on Visagent's Fourth Motion to Compel.

<u>Rule 26(c) and Rule 37(a)(2)(A) Certification</u>

The undersigned certifies that he has in good faith attempted to confer with Visagent's attorney in an effort to resolve the issues raised in this motion without Court action.

SMITH HULSEY & BUSEY


By  */s/ David L. Gay*
          Stephen D. Busey
          David L. Gay

Florida Bar Number 893221
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
dgay@smithhulsey.com

Counsel for Reorganized Debtors

## <u>Certificate of Service</u>

I certify that a copy of the foregoing document was furnished by mail and/or electronically to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, 520 South Federal Highway, Stuart, Florida 34995, this 3rd day of April, 2009.

_/s/ David L. Gay_
Attorney

00648737

SMITH HULSEY & BUSEY

DAVID L. GAY
DIRECT 904.359.7860
DGAY@SMITHHULSEY.COM

November 24, 2008

Guy Bennett Rubin, Esq.
Rubin & Rubin
P.O. Box 395
Stuart, Florida 34995

Re:   In re Winn-Dixie Stores, Inc., et al.; U.S. Bankruptcy Court, Middle
      District of Florida; Case No. 05-03817-3F1, Chapter 11

Mr. Rubin:

Pursuant to the Court's November 4 order on Visagent's Fourth Motion to Compel, and subject to Visagent's agreement to the enclosed supplemental protective order, Winn-Dixie will produce to Visagent a copy of Winn-Dixie's Metafile System data.

The volume of the data is approximately 5 terabytes. Winn-Dixie intends to produce the data on approximately 10 external hard drives.

Due to the breadth and highly confidential nature of this data, and as contemplated by the Court's order, Winn-Dixie's production of this data is contingent upon Visagent's agreement to the enclosed supplemental protective order.

Upon your agreement to the enclosed supplemental protective order, we will submit the proposed order to the Court. Once the Court has entered the supplemental protective order, Winn-Dixie will produce the data.

Sincerely,

David L. Gay

DLG/tdt/00632878

**EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>

In re:                                                      Case No.  05-03817-3F1

                           )

WINN-DIXIE STORES, INC., et al.,                  Chapter 11

                           )

       Reorganized Debtors.                      Jointly Administered

_____)

### DEBTORS' CONSENT MOTION
### TO SUPPLEMENT PROTECTIVE ORDER
### <u>GOVERNING DEBTOR'S CONFIDENTIAL INFORMATION</u>

Winn-Dixie Stores, Inc., on behalf of twenty-three of its subsidiaries and affiliates, as the Reorganized Debtors (collectively, "Winn-Dixie"), requests entry of a order, pursuant to Bankruptcy Rules 7026(c) and 9018, supplementing the protective order governing Debtors' confidential information entered by the Court on September 14, 2006, and in support says:

      1.     Visagent Corporation has served Debtors with document requests seeking, among other things, documents regarding Debtors' purchases and sales of goods in the secondary market.

      2.     On September 14, 2006, the Court entered a protective order precluding the unauthorized use or disclosure of the Debtor's confidential commercial documents (Docket No. 10932).

      3.     Pursuant to the Court's November 21, 2008 order on Visagent's Fourth Motion to Compel (Docket No. 21606), the Court has ordered Winn-Dixie to produce, subject to a confidentiality agreement, documents from Winn-Dixie's Metafile archive (the "Metafile documents").

4.      The Metafile Documents contain hundreds of millions of pages of reports, records, and various other documents from numerous departments within Winn-Dixie.

5.      Due the nature of the Metafile Documents to be produced, a supplemental protective order regarding these documents is necessary to adequately protect Winn-Dixie's from the unauthorized use or disclosure of these documents.

6.      Visagent has consented to the entry of the attached, proposed supplemental protective order.

Dated this ____ day of November, 2008.

SMITH HULSEY & BUSEY

By  /s/ David L. Gay
        Stephen D. Busey
        James A. Bolling
        David L. Gay

Florida Bar Number 893221
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
dgay@smithhulsey.com

Counsel for Reorganized Debtors

2

**Certificate of Service**

I certify that a copy of the foregoing document was furnished by mail and/or electronically to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, 520 South Federal Highway, Stuart, Florida 34995, this 25th day of June, 2008.

*/s/ David L. Gay*
Attorney

00632964

3

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re                                                          Case No.: 3:05-bk-03817-JAF
                                          )
Winn-Dixie Stores, Inc., et. al.,                Chapter 11
                                          )
            Debtors.                             Jointly Administered
_____)

## ORDER GRANTING MOTION TO
## SUPPLEMENT PROTECTIVE ORDER

This matter is before the Court upon the motion of Winn-Dixie Stores, Inc.

("Winn-Dixie") for entry of an order supplementing the protective order governing

Debtors' confidential information entered by the Court on September 14, 2006, to govern

Winn-Dixie's Metafile archive documents (the "Motion"). The Court has reviewed the

Motion and considered the representations of counsel. Based upon the representations of

counsel and without objection by the United States Trustee or any other interested parties,

it is

ORDERED THAT:

1.      This Supplemental Protective Order supplements the Protective Order

entered by the Court in this matter on September 14, 2006 (the "Protective Order")

(Docket No. 10932), and shall be read together with that Protective Order. Except as

amended herein, all terms of the Supplemental Protective Order shall remain in force and

unchanged. Any capitalized terms not defined herein shall have the same meaning as

assigned to them in the Supplemental Protective Order.

2.    The following shall govern disclosure of all documents and information from Winn-Dixie's Metafile electronic data archive system to be produced by Winn-Dixie pursuant to the Court's November 4 order (Docket No. 21606) on Visagent's Fourth Motion to Compel (the "Metafile Documents").

3.    The party receiving the Metafile Documents, Visagent Corporation, including its officers, directors, employees, and its agents or attorneys ("Visagent"), shall use the Metafile Documents solely for the purpose of obtaining and reviewing, for use in this matter, bills of lading or similar documents referring or relating to the purchases and sales by Winn-Dixie of goods in the secondary market between June 28, 2001 and June 28, 2004 (the "Bills of Lading"). Visagent shall not disclose the Metafile Documents to any third party, or use the Metafile Documents for any other purpose, except in accordance with the terms of this Supplemental Protective Order.

4.    Notwithstanding the provisions of paragraph 3, Visagent may disclose the Bills of Lading:

(a)    to experts or advisors retained in a consulting or testifying role in connection with these bankruptcy cases; provided, that any such expert or advisor who receives the Bills of Lading Information shall be bound by the terms and conditions of this Order;

(b)    to the Court in the course of any contested matter or adversary proceeding in these bankruptcy cases; or

(c)    in accordance with paragraph 5.

5.    In the event Visagent (i) receives a subpoena, interrogatory, or other request for the Metafile Documents or (ii) believes that it is legally required to disclose any of the Metafile Documents to a governmental or other regulatory body to whose jurisdiction it believes it is subject, Visagent party shall promptly provide written notice

2

of any such request or requirement to Winn-Dixie so that Winn-Dixie may timely seek, at its expense, a protective order or other appropriate remedy. Visagent shall not disclose the Metafile Documents until Winn-Dixie's objections to disclosure have been resolved unless required to do so by order of a court of competent jurisdiction or governmental or other regulatory body.

6.    The parties expressly recognize that the Metafile Documents may contain attorney-client and work-product privileged materials and that the production of such materials shall not constitute nor be deemed a waiver of any such privileges. This Supplemental Protective Order shall not prohibit or bar Winn-Dixie from asserting that Winn-Dixie has not in any way mitigated or waived any attorney-client privilege, work-product doctrine or other applicable privileges or protections with respect to the Metafile Documents or otherwise. Visagent is precluded from using for any purpose any privileged material disclosed as part of the Metafile Documents. Any privileged material received must be returned by Visagent to Winn-Dixie accompanied by a certification that any copies of the Metafile Documents, and any notes discussing the Metafile Documents have been deleted or destroyed.

7.    Due to the nature of the Metafile Documents and the limited ability of Winn-Dixie to seek adequate compensation from Visagent for any failure by Visagent to abide by this Supplemental Protective Order, Visagent's officers and directors, including its current president I. Mark Rubin, and Visagent's attorney in this matter, Guy Bennett Rubin, shall be personally jointly and severally liable for any use or dissemination of the Metafile Documents except as provided for in this Supplemental Protective Order.

8.      The parties agree that money damages may not be a sufficient remedy for any breach of this Order and that Winn-Dixie may be irreparably harmed in the event of such a breach. Without prejudice to any other remedies or money damages to which they may be entitled, Winn-Dixie shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any breach of this Supplemental Protective Order.

9.      Each party shall remain bound by the terms of this Order until otherwise agreed in writing by the Parties or so ordered by the Court.

10.     Upon the conclusion of this matter between the parties by entry of an order which is no longer subject to appeal, reconsideration, or reargument, Visagent shall return to Winn-Dixie the Metafile Documents accompanied by a certification that any copies of the Metafile Documents, and any notes discussing the Metafile Documents have been deleted or destroyed.

11.     It is understood and agreed that failure or delay in exercising any right, power or privilege under this Supplemental Protective Order shall not constitute a waiver of that right, power or privilege, and that any single or partial exercise of such right, power or privilege shall not preclude any other or further exercise of such right, power or privilege. The agreements set forth in this Supplemental Protective Order may only be waived or modified by an agreement in writing signed by or on behalf of the parties.

12.     This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

13.     Nothing in this Order shall prevent Winn-Dixie from using the Metafile Documents as it deems necessary and/or appropriate or from seeking further protection

4

with respect to the use of such material.  Any such action shall not be deemed a breach or

waiver of Winn-Dixie's obligations under this Supplemental Protective Order.

     DATED in Jacksonville, Florida this _____ day of November, 2008.


                    _____

                    Jerry A. Funk
                    United States Bankruptcy Judge

00632968

The undersigned on behalf of and as authorized by their respective clients stipulate to the entry of this Supplemental Protective Order.

| RUBIN AND RUBIN | SMITH HULSEY & BUSEY |
| --- | --- |
| By _/s/ Guy Bennett Rubin_<br>    Guy Bennett Rubin | By  _/s/ David L. Gay_<br>    Stephen D. Busey<br>    David L. Gay |
| Florida Bar Number 691305<br>P.O. Box 395<br>Stuart, FL 34995<br>(772) 283-2004<br>(772) 283-2009 (facsimile)<br>Guy.rubin@rubinandrubin.com | Florida Bar Number 893221<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>dgay@smithhulsey.com |
| Counsel for Visagent Corporation | Counsel for Reorganized Debtors |

## David L. Gay

| | |
|---|---|
| **From:** | Guy Rubin [grubin@rubinandrubin.com] |
| **Sent:** | Wednesday, March 25, 2009 11:05 AM |
| **To:** | David L. Gay |
| **Cc:** | Gladys LaForge |
| **Subject:** | confidentiality agreement-consent |
| **Attachments:** | WD consent motion re confidentiality.pdf |

Mr. Gay,

Please find enclosed our the consent order regarding confidentiality with redaction of the sanctions language, to which we object as unreasonable and not in accord with the orders of the court. Please submit to the court for approval as is and provide the employment files and other metadata information as ordered by Judge Funk. Thank you.

<<WD consent motion re confidentiality.pdf>>

From the desk of:


Guy Bennett Rubin, Esq.

Rubin & Rubin, Attorneys and Counselors

110 S.W. Atlanta Ave.

Stuart, Florida 34994

772.283.2004

772.283.2009 fax

guy.rubin@rubinandrubin.com


This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.


The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

**EXHIBIT 2**

4/2/2009

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                  Case No. 05-03817-3F1

                                        )
WINN-DIXIE STORES, INC., et al.,                        Chapter 11

                                        )
        Reorganized Debtors.                            Jointly Administered

                                        )
_____)

DEBTORS' CONSENT MOTION
TO SUPPLEMENT PROTECTIVE ORDER
GOVERNING DEBTOR'S CONFIDENTIAL INFORMATION

Winn-Dixie Stores, Inc., on behalf of twenty-three of its subsidiaries and
affiliates, as the Reorganized Debtors (collectively, "Winn-Dixie"), requests entry of a
order, pursuant to Bankruptcy Rules 7026(c) and 9018, supplementing the protective
order governing Debtors' confidential information entered by the Court on September 14,
2006, and in support says:

1.    Visagent Corporation has served Debtors with document requests seeking,
among other things, documents regarding Debtors' purchases and sales of goods in the
secondary market.

2.    On September 14, 2006, the Court entered a protective order precluding
the unauthorized use or disclosure of the Debtor's confidential commercial documents
(Docket No. 10932).

3.    Pursuant to the Court's November 21, 2008 order on Visagent's Fourth
Motion to Compel (Docket No. 21606), the Court has ordered Winn-Dixie to produce,
subject to a confidentiality agreement, documents from Winn-Dixie's Metafile archive
(the "Metafile documents").

MAR-22-2009  16:21        Guy                                    7722832009      P.02

4.      The Metafile Documents contain hundreds of millions of pages of reports, records, and various other documents from numerous departments within Winn-Dixie.

5.      Due the nature of the Metafile Documents to be produced, a supplemental protective order regarding these documents is necessary to adequately protect Winn-Dixie's from the unauthorized use or disclosure of these documents.

6.      Visagent has consented to the entry of the attached, proposed supplemental protective order.

Dated this _____ day of November, 2008.

                                SMITH HULSEY & BUSEY

                                By  /s/ David L. Gay
                                        Stephen D. Busey
                                        James A. Bolling
                                        David L. Gay

                                Florida Bar Number 893221
                                225 Water Street, Suite 1800
                                Jacksonville, Florida 32202
                                (904) 359-7700
                                (904) 359-7708 (facsimile)
                                dgay@smithhulsey.com

                                Counsel for Reorganized Debtors

2

MAR-22-2009   16:21          Guy                                    7722832009      P.03

## Certificate of Service

I certify that a copy of the foregoing document was furnished by mail and/or electronically to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, 520 South Federal Highway, Stuart, Florida 34995, this 25th day of June, 2008.

_/s/ David L. Gay_
Attorney

00632964

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No.: 3:05-bk-03817-JAF |
| Winn-Dixie Stores, Inc., et. al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

## ORDER GRANTING MOTION TO
## SUPPLEMENT PROTECTIVE ORDER

This matter is before the Court upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") for entry of an order supplementing the protective order governing Debtors' confidential information entered by the Court on September 14, 2006, to govern Winn-Dixie's Metafile archive documents (the "Motion"). The Court has reviewed the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED THAT:

1.     This Supplemental Protective Order supplements the Protective Order entered by the Court in this matter on September 14, 2006 (the "Protective Order") (Docket No. 10932), and shall be read together with that Protective Order. Except as amended herein, all terms of the Supplemental Protective Order shall remain in force and unchanged. Any capitalized terms not defined herein shall have the same meaning as assigned to them in the Supplemental Protective Order.

2.    The following shall govern disclosure of all documents and information from Winn-Dixie's Metafile electronic data archive system to be produced by Winn-Dixie pursuant to the Court's November 4 order (Docket No. 21606) on Visagent's Fourth Motion to Compel (the "Metafile Documents").

3.    The party receiving the Metafile Documents, Visagent Corporation, including its officers, directors, employees, and its agents or attorneys ("Visagent"), shall use the Metafile Documents solely for the purpose of obtaining and reviewing, for use in this matter, bills of lading or similar documents referring or relating to the purchases and sales by Winn-Dixie of goods in the secondary market between June 28, 2001 and June 28, 2004 (the "Bills of Lading"). Visagent shall not disclose the Metafile Documents to any third party, or use the Metafile Documents for any other purpose, except in accordance with the terms of this Supplemental Protective Order.

4.    Notwithstanding the provisions of paragraph 3, Visagent may disclose the Bills of Lading:

      (a)    to experts or advisors retained in a consulting or testifying role in connection with these bankruptcy cases; provided, that any such expert or advisor who receives the Bills of Lading Information shall be bound by the terms and conditions of this Order;

      (b)    to the Court in the course of any contested matter or adversary proceeding in these bankruptcy cases; or

      (c)    in accordance with paragraph 5.

5.    In the event Visagent (i) receives a subpoena, interrogatory, or other request for the Metafile Documents or (ii) believes that it is legally required to disclose any of the Metafile Documents to a governmental or other regulatory body to whose jurisdiction it believes it is subject, Visagent party shall promptly provide written notice

2

of any such request or requirement to Winn-Dixie so that Winn-Dixie may timely seek, at its expense, a protective order or other appropriate remedy. Visagent shall not disclose the Metafile Documents until Winn-Dixie's objections to disclosure have been resolved unless required to do so by order of a court of competent jurisdiction or governmental or other regulatory body.

6.     The parties expressly recognize that the Metafile Documents may contain attorney-client and work-product privileged materials and that the production of such materials shall not constitute nor be deemed a waiver of any such privileges. This Supplemental Protective Order shall not prohibit or bar Winn-Dixie from asserting that Winn-Dixie has not in any way mitigated or waived any attorney-client privilege, work-product doctrine or other applicable privileges or protections with respect to the Metafile Documents or otherwise. Visagent is precluded from using for any purpose any privileged material disclosed as part of the Metafile Documents. Any privileged material received must be returned by Visagent to Winn-Dixie accompanied by a certification that any copies of the Metafile Documents, and any notes discussing the Metafile Documents have been deleted or destroyed.

7.     Due to the nature of the Metafile Documents and the limited ability of Winn-Dixie to seek adequate compensation from Visagent for any failure by Visagent to abide by this Supplemental Protective Order, Visagent's officers and directors, including its current president I. Mark Rubin, and Visagent's attorney in this matter, Guy Bennett Rubin, shall be personally jointly and severally liable for any use or dissemination of the Metafile Documents except as provided for in this Supplemental Protective Order.

3

8.    The parties agree that money damages may not be a sufficient remedy for any breach of this Order and that Winn-Dixie may be irreparably harmed in the event of such a breach. Without prejudice to any other remedies or money damages to which they may be entitled, Winn-Dixie shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any breach of this Supplemental Protective Order.

9.    Each party shall remain bound by the terms of this Order until otherwise agreed in writing by the Parties or so ordered by the Court.

10.    Upon the conclusion of this matter between the parties by entry of an order which is no longer subject to appeal, reconsideration, or reargument, Visagent shall return to Winn-Dixie the Metafile Documents accompanied by a certification that any copies of the Metafile Documents, and any notes discussing the Metafile Documents have been deleted or destroyed.

11.    It is understood and agreed that failure or delay in exercising any right, power or privilege under this Supplemental Protective Order shall not constitute a waiver of that right, power or privilege, and that any single or partial exercise of such right, power or privilege shall not preclude any other or further exercise of such right, power or privilege. The agreements set forth in this Supplemental Protective Order may only be waived or modified by an agreement in writing signed by or on behalf of the parties.

12.    This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

13.    Nothing in this Order shall prevent Winn-Dixie from using the Metafile Documents as it deems necessary and/or appropriate or from seeking further protection

4

with respect to the use of such material.  Any such action shall not be deemed a breach or

waiver of Winn-Dixie's obligations under this Supplemental Protective Order.

DATED in Jacksonville, Florida this _____ day of November, 2008.



_____
Jerry A. Funk
United States Bankruptcy Judge

0063296R

5

The undersigned on behalf of and as authorized by their respective clients stipulate to the entry of this Supplemental Protective Order.

| RUBIN AND RUBIN | SMITH HULSEY & BUSEY |
|---|---|
| By /s/ Guy Bennett Rubin<br>    Guy Bennett Rubin | By /s/ David L. Gay<br>    Stephen D. Busey<br>    David L. Gay |
| Florida Bar Number 691305<br>P.O. Box 395<br>Stuart, FL 34995<br>(772) 283-2004<br>(772) 283-2009 (facsimile)<br>Guy.rubin@rubinandrubin.com | Florida Bar Number 893221<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>dgay@smithhulsey.com |
| Counsel for Visagent Corporation | Counsel for Reorganized Debtors |