# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | **CASE NO: 05-03817-3F1** |
| **WINN-DIXIE STORES, INC.**, <u>et al.</u>, | **CHAPTER 11** |
| Debtor. | **Jointly Administered** |

## <u>RENEWED MOTION OF MARIELA LEIVA, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF MICHAEL LEIVA, FOR ORDER FOR RELIEF FROM DISCHARGE INJUNCTION AND THE ORDER CONFIRMING JOINT PLAN OF REORGANIZATION OF WINN-DIXIE STORES, INC. AND AFFILIATED DEBTORS OR, ALTERANTIVELY, MOTION FOR REHEARING ON COURT'S MARCH 19 ORDER DENYING THE LEIVA'S PREVIOUS MOTION</u>

Mariela Leiva, individually and as parent and natural guardian of Michael Leiva (collectively "Leiva"), by and through undersigned counsel, respectfully requests that this Court enter an order that grants Leiva relief from the discharge injunction and determines that Leiva is not bound by the terms of the Court's *Order Confirming Joint Plan of Re-organization of Winn-Dixie Stores, Inc. and Affiliated Debtors* ("*The Confirmation* Order") (D.E. # 12440) or, alternatively, vacates the previous Motion Leiva filed (D.E. # 22216) and as grounds in support thereof states as follows:

1.      Winn-Dixie Stores, Inc. and its affiliated Debtors ("the Debtors") filed their petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et. seq.* on or about November 21, 2005.  The cases were initially filed in the United States Bankruptcy Court for the Southern District of New York and were subsequently transferred to this Court.

2.      On June 29, 2006 the Debtors filed their Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors ("the Plan") and the Debtors' Disclosure Statement ("the Disclosure Statement").

3.      Leiva was not served with copies of either the Plan or the Disclosure Statement.

4.      On or about August 4, 2006, the court entered an order approving the Disclosure Statement.  Leiva was not served with a copy of this order.

5.      On October 13, 2006, the court conducted a Confirmation Hearing.  The Plan was confirmed.  Leiva was not provided with notice of this hearing.

6.      On November 9, 2006, the Court entered *Confirmation Order*.  Leiva was never served with the *Confirmation Order*.

7.      Accordingly, because Leiva was never provided with copies of any of the documents or served with any notice or otherwise of the pending bankruptcy cases, Leiva did not have notice of any of the bar dates for the filing of administrative expense requests, or to otherwise to object to the plan or provide any input as to how her expense requests should be treated.

8.      Although Leiva did not receive notice, Leiva was a known creditor of the Debtors.  Specifically, on October 7, 2006, just six (6) days before the confirmation hearing, Leiva and her son, Michael Leiva entered a Winn-Dixie Store located at 3275 SW 22nd Street, Miami, Miami-Dade County, Florida where one of the Debtors' supermarkets, Store 251, is located.

9.      While within the supermarket, Leiva obtained a shopping cart provided by the Debtors and attempted to place her son in the child seat.  However, Leiva was unable to secure

SLATKIN & REYNOLDS, P.A.
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 ● Telephone 954.745.5880

her child in the seat because the safety belt for the shopping cart's child seat was not in proper working order and a portion of the safety belt was not present.

10.     After Leiva placed her son in the child's seat, her son stood up in the child seat and fell from the cart, striking his head against the floor with significant force.

11.     The Debtors were aware of this claim from the evening that it transpired. Specifically, the managers of the store in question, Oscar Duarte and Eduardo De Armas, were made aware of the faulty cart and the resulting injury that occurred.  In fact, shortly after the incident, manager De Armas personally provided Leiva's son ice for his head injury.

12.     Thus, there can be no dispute that the Debtors, and specifically Winn-Dixie Stores, Inc., had actual knowledge of the potential claim of Leiva.

13.     Notwithstanding this knowledge, the Debtors failed to provide any of the required notice of the administrative expense request bar date, the confirmation hearing, copies of the Plan, Disclosure Statement, *Confirmation Order* or any other relevant document to Leiva.

14.     On or about July 19, 2007, Leiva filed a complaint in the Circuit Court for the 11th Judicial Circuit and for Miami-Dade County, Florida, Case No. 07-22400 CA (32), alleging negligence on the part of Winn-Dixie Stores, Inc. related to the accident in which Leiva's son was injured.

15.     The Debtors responded to the state court lawsuit by 1) filing a suggestion of bankruptcy (notwithstanding that the effective date in this case has long passed) and 2) by raising as an affirmative defense that the claim is barred by the *Confirmation Order* or that, alternatively, the appropriate means for recovery is through the filing of an administrative expense request.

SLATKIN & REYNOLDS, P.A.
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 ● Telephone 954.745.5880

16.    As is further set forth below, the law, including a case from the Court of Appeals for the Eleventh Circuit, is clear that when a known creditor is not provided with notice of confirmation, the terms of a plan or the subsequent confirmation order, the claimant's claim is not discharged in bankruptcy, the claimant is not bound by confirmation and the claim survives the bankruptcy.  Therefore, the raising of the *Confirmation Order* by the Debtors as a defense, or as the means to force Leiva to accept an administrative expense request when it is likely that at this late date there is no money left to pay administrative expense requests, is wholly and completely without merit.  The failure to provide notice to known creditors is a violation of fundamental due process, and the only appropriate remedy is for the cause of action to survive the bankruptcy and for the reorganized entity to be responsible for and damages that Leiva is entitled to.

17.    Accordingly, Leiva respectfully requests this Court enter an order determining that the *Confirmation Order* is not a bar to Leiva's lawsuit against the reorganized Debtor and that the lawsuit pending in the Circuit Court in and for Miami-Dade County, Florida can and should proceed.

18.    As noted above, Leiva previously filed a motion seeking the requested relief (Docket No. 20505).  The Court denied the Motion at a hearing on March 19 due to lack of prosecution, as no one appeared for Leiva at the hearing.  The reason for the failure to appear was that undersigned counsel was of the understanding—which counsel now understand to be erroneous—that the matter would not be set on that date.  Undersigned counsel did not see the Notice of Hearing and did not calendar the hearing.  Likewise, undersigned counsel did not see the order until a copy was received in the mail on April 3, 2009.  Accordingly, this motion is filed immediately thereafter in an attempt to resolve the situation and have this matter

adjudicated on the merits, and not on some procedural grounds. There has been little delay, there is no prejudice to the Debtors if the Order is vacated, and there is absolutely nothing in the record that demonstrates that Leiva has acted in bad faith. Accordingly, under binding Eleventh Circuit case law discussing excusable neglect, if the Court does not wish to consider the merits of this motion at this time, then the appropriate remedy is to vacate the previous order (D.E. # 22216) and reset the matter for a further hearing.

## **MEMORANDUM OF LAW**

### I.    **LEIVA IS ENTITLED TO THE REQUESTED RELIEF.**

The Supreme Court has repeatedly held that "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950) (citations omitted). In the instant case, Leiva, a known creditor, was not provided with any notice. It therefore goes without saying that she was not provided with notice reasonably calculated to appraise her of the pending bankruptcy.

Leiva recognizes that, if she had received adequate notice and had received copies of the Plan, Disclosure Statement and *Confirmation Order*, and had thus been on notice of all of the relevant bar dates, then the discharge provisions of 11 U.S.C. § 1141 would bind her and her recovery would be limited to that provided in the Plan, Disclosure Statement and *Confirmation Order*. However, as noted above, Leiva was a known creditor of the Debtors. The Debtors failed to provide her with any notice of anything related to the bankruptcy. This may be understandable, given the timing of the injury to Michael Leiva being so close to the hearing on

confirmation, but whether the failure to provide notice is unintentional or not does not change the fact that Leiva did not receive notice and thus is not bound by the *Confirmation Order*.

The Court of Appeals for the Eleventh Circuit addressed a similar question in *In re Spring Valley Farms, Inc.*, 863 F.2d 832 (11th Cir. 1989). In *Spring Valley Farms*, the defendants (referred to herein as the "Spring Valley Debtors") had filed for Chapter 11 protection in North Carolina. Prior to the filing of the bankruptcy case, the plaintiffs had been pursuing a claim against the Spring Valley Debtors in state court in Alabama. The Spring Valley Debtors only listed one of the plaintiffs as a creditor in its bankruptcy schedules and notified the named plaintiff's counsel of the pending bankruptcy, but did not provide any of the plaintiffs with the plan, disclosure statement, any notice of the confirmation hearing or any notice of relevant bar dates. The Spring Valley Debtors removed the case to the bankruptcy court and sought a finding that the claims were discharged due to the confirmation of the Spring Valley Debtors' plan. The bankruptcy court denied the request and determined that the creditors' claims were not discharged. The district court affirmed, and the Spring Valley Debtors appealed to the Eleventh Circuit.

The Eleventh Circuit ultimately also agreed that the claims were not discharged due to the failure of the Spring Valley Debtors to give notice to the plaintiffs of the claims bar date, confirmation and the confirmation order. The court first distinguished a reorganization case from a liquidation under Chapter 7 and stated that, in a Chepter 11 reorganization, the duty to provide notice was on the debtor, not the creditor who has no duty of inquiry in a corporate reorganization. *Id.* at 833-34 (distinguishing *In re Alton*, 837 F.2d 457 (11th Cir. 1988). Next, the court agreed with the creditors' argument that the claims were not barred by the confirmation order and the discharge injunction of Section 1141 because they had not been provided with

adequate notice.  In its ruling, the Eleventh Circuit cited to relevant Supreme Court precedent that likewise had held that, under considerations of due process, creditors are entitled to notice, and that the claims of creditors who do not receive are not barred by the discharge injunction because to do so would violate their due process rights:

> Considerable support exists for plaintiffs' assertion that due process prevents Section 1141 from being read to extinguish their claims when no notice of the bar date for filing a proof of claim has been sent in compliance with Bankruptcy Rule 2002(a)(8). . . . Relevant case law also exists under the former Bankruptcy Code. *See City of New York v. New York, N.H. & H.R. Co.,* 344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 333 (1953) (discharge provision of bankruptcy code did not operate against claim of creditor who never received actual notice of bar date for filing a claim) . . .
>
> Under the current Bankruptcy Code, Rule 2002(a)(8), as under the former code, 11 U.S.C.A. § 205(c)(8) (repealed 1978), plaintiffs were entitled to notice of the bar date.  Although plaintiffs had actual notice of Spring Valley Farms' bankruptcy, they were never apprised of the bar date for filing a proof of claim. The Court in *City of New York* construed the former bankruptcy code which required the bankruptcy court to provide "reasonable notice of the period in which claims may be filed." 11 U.S.C.A. § 205(c)(8) (repealed 1978).
>
> * * *
>
> The language in *City of New York* clearly is not grounded in goals unique to the former bankruptcy act.  The Court's emphasis on notice and opportunity to be heard underlines a due process concern. *See id.*, 344 U.S. at 297, 73 S. Ct. at 301 ("The statutory command for notice embodies a basic principle of justice--that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights."). In affirming the district court, we hold that 11 U.S.C.A. § 1141 does not discharge the debt of a creditor who was known to an individual corporate debtor and failed to receive notice under Bankruptcy Rule 2002(a)(8), even if the creditor had actual knowledge of the general existence of the bankruptcy proceedings.

*Id.* at 834-835 (citations and footnote omitted).

Other courts have applied the Supreme Court's rulings on due process in bankruptcy in similar fashion and ruled consistently with *Spring Valley*.  In *In re Reliable Electric Co., Inc.*, 726 F.2d 620 (10th Cir. 1984), a case similar to *Spring Valley*, the Court of Appeals for the Tenth

Circuit cited *City of New York* and held that the creditor's claim was not barred because the creditor did not have notice of the confirmation hearing.  In so doing the court held "[T]hat notwithstanding the language of section 1141, the discharge of a claim without reasonable notice of the confirmation hearing is violative of the fifth amendment to the United States Constitution."  *Id.* at 623 (citation omitted).  Likewise, in *In re Maya Construction Co.*, 73 F. 3d 1395 (9th Cir. 1996) the Court of Appeals for the Ninth Circuit, citing to  *Spring Valley* and similar authority, held that a creditor who was not given notice of the confirmation hearing was not bound by the confirmation order:

> Generally, if a known contingent creditor is not given formal notice, he is not bound by an order discharging the bankruptcy's obligations. The fact that a creditor has actual knowledge that a Chapter 11 bankruptcy proceeding is going forward involving a debtor does not obviate the need for notice.
>
> * * *
>
> A debtor must list a creditor whose identity and claim he knows.  11 U.S.C. § 521.  The burden is on the debtor to cause formal notice to be given; the creditor who is not given notice, even if he has actual knowledge of reorganization proceedings, does not have a duty to investigate and inject himself into the proceedings.

*Id.* at 1399 (citations omitted).

Although *Spring Valley*, *Reliable Electric* and *Maya Construction* all dealt with claims of creditors who existed before the petition date, its rationale—and the rationale of the Supreme Court in *City of New York*—have been applied to postpetition administrative expense requests as well.  In *In re TWA*, *Inc.*, 96 F.3d 687 (8th Cir. 1996) the Court of Appeals for the Eighth Circuit applied the same logic to a postpetition claim for defamation that creditors of the debtor filed seven months after the bar date.  The Debtor had raised, much as Winn Dixie did in this case, the affirmative defense of discharge in bankruptcy in a lawsuit filed in state court.  The creditors sought relief in the bankruptcy court, which denied their request, as did the district court on

appeal.  The Eighth Circuit, however, reversed as to the creditors' postpetition claims, which it found the debtors were aware of because the creditors had filed a counterclaim to an action the debtors had filed against the creditors.  In reversing the bankruptcy and district courts, the Eighth Circuit held:

> The Bergers also allege that TWA defamed them in or about December 1992, some eleven months after the bankruptcy petition was filed and seven months after the bar date. TWA was on notice of this claim as of April 22, 1993, when the Bergers filed their compulsory counterclaim, yet failed to give the Bergers formal notice of the confirmation hearing scheduled for June of that year.

> It is well-settled that a known creditor is entitled to formal notice of impending bankruptcy proceedings. This is true even where, as here, the creditor has actual knowledge of the pendency of bankruptcy proceedings generally, but is not given formal notice of the confirmation hearing. A creditor will be deemed to be "known" to the debtor if the debtor has either actual knowledge of its existence or if its identity "can be identified through reasonably diligent efforts."

> * * *

> That conclusion mandates that we reverse the district court's decision to deny the Bergers' motion to proceed. Because they were not given actual notice of the confirmation hearing, their postpetition defamation claims could not have been discharged in bankruptcy.

*In re TWA*, *Inc.*, 96 F.3d at 690 (citations omitted).

*TWA* is on the proverbial "all fours" with the instant case.  It cannot be disputed that the Leiva claim was known to Winn Dixie.  Its store managers addressed the matter the very night the accident occurred.  It is further undisputed that Leiva did not receive any notice of the confirmation hearing or bar dates until after she filed her lawsuit and Winn Dixie responded. Accordingly, based on the binding authority of *Spring Valley*, the Supreme Court decisions cited therein and the application of that reasoning in *TWA*, Leiva is entitled to pursue her claim against the post-bankruptcy, reorganized Winn Dixie.

SLATKIN & REYNOLDS, P.A.
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 ● Telephone 954.745.5880

It is also worth noting that denial of the relief requested herein would not only run afoul of the binding and persuasive authority cited above, but would also be patently unfair and a gross miscarriage of justice.  It simply defies logic that an unsophisticated individual, whose first worry after her son was injured was to see for his medical care and not to run to the courthouse, should be penalized because she was unaware of a hearing taking place six days later of which she had no notice and no opportunity to object, much less seek counsel and attempt to determine what was transpiring in a complex Chapter 11 case.  It is likewise unfair to bar her claim based on an order that she had no notice of and that that effectively gave her a three-month statute of limitations.  As the cases cited above acknowledge, due process requires substantially more in order to bind parties and bar claims.  In this case, the claim is not and cannot be barred by the *Confirmation Order* because to do so would completely violate Leiva's due process rights.  Accordingly, Lieva must be granted relief from the *Confirmation Order* and the Court should find that her claim can proceed in state court irrespective of the bankruptcy case.

## II.   ALTERNATIVELY, THE COURT MUST, UNDER ELEVENTH CIRCUIT PRECEDENT, VACATE THE PREVIOUS ORDER AND REINSTATE LEIVA'S PRIOR MOTION.

Even if the Court were to decide that it did not wish to consider the merits at this time, the Court nonetheless should vacate the previous order (D.E. # 22216).  In a similar situation, the Eleventh Circuit in *Rhino Cellular, Inc. v. Greenberg (In re Greenberg),* 2006 U.S. App. LEXIS 14266 (11th Cir. 2006) held, while reviewing a motion made pursuant to Fed.R.Civ.P. 60 (which is applicable to this proceeding pursuant to Bankr. R. 9024) that a dismissal for lack of prosecution was inappropriate without considering lesser sanctions, and that the facts of *Rhino*, which are similar to the facts of this case, did not warrant a dismissal with prejudice.  The court in *Rhino Cellular* cited to several long-standing precedents, including the Supreme Court's

**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 ● Telephone 954.745.5880

discussion of the doctrine of excusable neglect in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnerships*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993) and found that it was appropriate to vacate a dismissal for lack of prosecution and reinstate a creditor's adversary complaint.   In *Rhino*, counsel for the plaintiff had failed to prepare for and attend a pretrial conference.   The bankruptcy court dismissed the adversary proceeding for lack of prosecution.   The plaintiff sought rehearing under Rule 60, but the bankruptcy court refused to vacate the dismissal order.   The district court affirmed, but the Eleventh Circuit reversed.   In so ruling the Eleventh Circuit stated:

> a dismissal *with prejudice*, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.   When considering whether to uphold a dismissal with prejudice, "we must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court."
>
> * * *
>
> Aside from overlooking the single order to prepare for and attend the pretrial conference, neither Rhino nor its counsel exhibited any extensive pattern of ignoring direction from the bankruptcy court. Moreover, neither the bankruptcy court nor the district court even considered lesser sanctions in this case, let alone made findings explaining why such lesser sanctions would not suffice. "We rigidly require the district courts to make these findings precisely because the sanction of dismissal with prejudice is so unsparing and we strive to afford a litigant his or her day in court if possible."

*Rhino Cellular*, 2006 U.S. Dist. LEXIS 14266 at * 10-16 (citations omitted).

In this case, there has been no prejudice to the Debtors due to the failure to appear at the hearing.   The hearing was the first scheduled on the Leiva's motion, which had been pending since May of 2008, and, accordingly, there was no immediate need for the relief or, more importantly, there was no need for the Debtors to have the matter decided immediately.   The Debtors cannot show that there has been any bad faith on the part of Leiva; indeed, Leiva has waited patiently while the motion was pending.   The delay in this case, 17 days from today's

date, is less than the 21-day delay in the *Rhino* case that the Eleventh Circuit found was not prejudicial.  Accordingly, should the Court so choose, the Court should vacate the previous Order and reset the Leiva's Motion on the calendar for an immediate hearing.

WHEREFORE, for the reasons stated herein, Leiva respectfully requests that the Court grant this Motion, find that she is not barred by the *Confirmation Order* and that her claim against Winn Dixie can proceed in state Court, or, alternatively, vacate the Court's Order (D.E. # 22216) and allow her previous motion to proceed as well as grant any further relief the Court deems appropriate under the circumstances.

Dated this 6th day of April, 2009.

> **SLATKIN & REYNOLDS, P.A.**
> Attorneys for Leiva
> One East Broward Boulevard, Suite 609
> Fort Lauderdale, Florida 33301
> Telephone 954.745.5880
> Facsimile 954.745.5890
> rreynolds@slatkinreynolds.com

> By: /s/ Robert F. Reynolds
>      ROBERT F. REYNOLDS
>      Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished via Facsimile and U.S. Mail, first class, postage prepaid, to David L. Gay, Esq., Smith, Hulsey & Busey, 1800 Wachovia Bank Tower, PO Box 53315 Jacksonville, Florida 32201-3315 and to all parties entitled to receive notice through the Court's CM/ECF system on this 6th day of April, 2009.

> /s/ Robert F. Reynolds
>      ROBERT F. REYNOLDS