## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

### MOTION OF EDITH DASTAS TO SET ASIDE ORDER
### DENYING MOTION TO ALLOW FILING OF ADMINISTRATIVE EXPENSE
(Related Docket Item Nos. 15922, 22111, and 22220)

Comes Now, Edith Dastas (alternatively "Ms. Dastas" or "Applicant"), by and through undersigned counsel, and pursuant to 11 U.S.C. §§ 105 and Fed. R. Civ. P. 60(b)(1), made applicable by Fed. R. Bankr. P. 9024, hereby moves this Court for entry of an order setting aside the *Order Denying Motion of Edith Dastas to Allow Filing of Administrative Expense Status for Post Petition Claim* (the "Default Order", Docket No. 15922), a copy of which is attached as Exhibit "A".

### BACKGROUND

1. On or about August 25, 2006, Ms. Dastas was injured at the Winn-Dixie store located at 14655 SW 104th Street in Miami, Florida 33186 as a proximate result of the negligence of the Winn-Dixie entity operating the store. Ms. Dastas was injured when she slipped and fell on the store floor. As a result of the accident, Ms. Dastas has suffered extensive physical damages.

2. On September 26, 2006, Ms. Dastas, acting through her counsel Alex R. Sierra, Esq., provided written notification of the claim to the Debtors' claims agent, Sedgwick Claims Management.

3. On October 26, 2006, Attorney Sierra sent a follow up letter to Sedgwick Claims Management.

1

4. On November 29, 2006, Attorney Sierra sent another follow up letter via U.S. Mail and facsimile to Sedgwick Claims Management to inquire about Ms. Dastas' claim.

5. On February 22, 2007 Attorney Sierra sent a fourth letter via U.S. Mail and facsimile to Sedgwick Claims Management about Ms. Dastas' claim.

6. In early March 2007, Attorney Sierra received a letter dated March 2, 2007 from Sedgwick Claims informing him that the deadline to file an Application for Administrative Expense in this case was January 5, 2007 and that the Debtors would not consider Ms. Dastas' claim.

7. As a result of the notification from Sedgwick Claims, Attorney Sierra contacted Wilcox Law firm to file a motion seeking relief from the January 5, 2007 deadline. On April 12, 2007, Wilcox Law Firm and Attorney Sierra filed the *Motion of Edith Dastas to Allow Filing of Administrative Expense*, (the "Dastas Motion", Doc. No. 15922) and a related *Application for Administrative Expense* (the "Application").

8. On March 19, 2009, the Court held a Case Management Conference regarding the Dastas Motion. As set forth in the Affidavit of Alex R. Sierra, Esq. attached as Exhibit "B", Mr. Sierra never received notice of the Case Management Conference. As a result, no counsel appeared for Ms. Dastas, and the Court entered the Default Order denying the Dastas Motion and the underlying Application.

9. Wilcox Law Firm represented Ms. Dastas for the limited purpose of filing the Dastas Motion and the Application, was not engaged in pursuing settlement negotiations on behalf of Ms. Dastas and has had no direct contact with Ms. Dastas. In the Dastas Motion, the movant had specifically requested that Mr. Sierra receive all

notices.

## MEMORANDUM OF LAW

Fed. R. Civ. P. 60(b)(1), made applicable by Fed. R. Bankr. P. 9024, permits the court to relieve a party or its legal representative from the Default Order on the basis of "mistake, inadvertence, surprise, or excusable neglect". The undersigned that the failure of Ms. Dastas or her counsel to appear at the Case management Conference is the result of both "mistake" and "excusable neglect". *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507 U.S. 380, 113 S. Ct. 1489 (1993).

It is clear that Ms. Dastas and her attorneys had the intention of prosecuting the Dastas Motion and Application. The undersigned certifies that they had the intention to appear at all related hearings necessary to do so. Unfortunately, because of a mistake, they failed to appear at the Case Management Conference because they were not aware of it.

In *Pioneer*, the United States Supreme Court explicitly rejected a narrow interpretation of the term "excusable neglect" under Rule 9006(b)(1). *Pioneer*, 507 U.S. at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control"). A pre-petition claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *Banco Latino International v. Lopez (In re Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer*). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997).

As noted previously by this Court, *Pioneer* mandates a "balancing test" of four

considerations. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). Those considerations include: (a) the reason for the delay and whether it was in control of claimant; (b) the length of delay and potential impact on judicial proceedings; (c); the danger of prejudice to debtor, and (d) whether the claimant acted in good faith. *Harrell*, 325 B.R. 646.

### Reason for the Delay

As set forth in Mr. Sierra's Affidavit, attached as Exhibit "B", Mr. Sierra did not receive notice of the hearing on the Debtors' Notice of Case Management Conference. The undersigned counsel and Mr. Sierra are aware of their responsibility to the Court to appear, and state that the failure to appear was unintentional and the result of mistake. Mr. Sierra had filed a request to receive notice with the court in the Application for Allowance of Administrative Expense and Notice and Request for Notice filed on April 12, 2007. Wilcox Law Firm was not monitoring the case on behalf of Ms. Dastas, as Wilcox Law Firm had fulfilled its agreement with Mr. Sierra and had not been retained to take further action in settlement of Ms. Dastas' claims. The unfortunate result of that arrangement was that neither was aware of the March 19, 2009 Case Management Conference until the entry of the Default Order.

### Length of Delay and Potential Impact on Judicial Proceedings

The movant submits that that, while unfortunate, the delay caused by the mistake is short, and is not prejudicial to the Debtors. This motion is being filed within 20 days this court's Default Order. Because, inter alia, the Court has confirmed a Plan of Reorganization approved by the Debtors' creditors, the judicial proceedings in this case will not be affected substantially if the Court grants this motion and considers the

Application and Dastas Motion on their merits.

### Prejudice to the Debtors

There can be little, if any, prejudice to Winn-Dixie Stores if this motion is granted. The Debtors' had actual notice of Ms. Dastas' injury and her claim against the Debtors well before the January 5, 2007 deadline, and were also aware of Ms. Dastas' Motion as of April 12, 2007. Significantly, the granting of this motion will not deprive the Debtors' of their ability to object to Ms. Dastas' Application on its merits. The fact that the Debtors will be required to address the merits of Ms. Dastas' Motion and Application, as opposed to having them stricken on procedural grounds, is not "prejudice" of a type this Court should consider in its analysis under *Pioneer*. Upon information and belief, the Debtors have not completed their handling of personal injury claims relating to the Debtors' activities during the Post-Petition Period.

### Ms. Dastas' Good Faith

Ms. Dastas' actions in this case were, without question, undertaken in good faith. At no point has she delayed the process or otherwise "sat on her rights", and there is and can be no suggestion that she has acted improperly in any fashion. Similarly, Mr. Sierra's attempts to settle the claims out of court with Winn-Dixie's agent have been in good faith. The failure to appear at the Case Management Conference was the result of regrettable error, but was not the result of intentional disregard for the Court or its rules.

### The Factors as a Whole

Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The consideration of Ms. Dastas' Motion to Allow

filing of an Administrative Expense will permit her claim to be resolved on its merits. Such relief will not result in prejudice to the Debtors, will serve to preserve Ms. Dastas' right to recover for her damages, and is consistent with the interests of justice.

**Wherefore,** Edith Dastas requests that the Court enter an order:

(A) setting aside the Default Order denying Ms. Dastas' Motion to Allow Filing of an Application for Administrative Expenses, and

(B) rescheduling the Case Management Conference regarding her Motion and Application, and

(C) granting such other and further relief to which she may be entitled and the Court deems appropriate.

Dated: April 8, 2009                **WILCOX LAW FIRM**

/s/ *Robert Wilcox*
Robert D. Wilcox (FL #755168)
4190 Belfort Road, Suite 315
Jacksonville, FL 32216
(904) 281-0700
(904) 513-9201 Fax

Alex R. Sierra
10271 Sunset Drive, Suite 103
Miami, Florida 33173
(305) 595-9711

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2009 I filed this **MOTION OF EDITH DASTAS TO SET ASIDE ORDER DENYING TO ALLOW FILING OF ADMINISTRATIVE EXPENSE TIMELY FILED** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ *Robert Wilcox*
Robert D. Wilcox

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

### ORDER ON MOTION OF EDITH DASTAS TO ALLOW FILING OF APPLICATION FOR ADMINISTRATIVE EXPENSE

This case came before the Court for hearing on March 19, 2009, on the Debtors' Notice of Case Management Conference (Docket No. 22111) as to the Motion of Edith Dastas to Allow Filing of Application For Administrative Expense (Docket No. 15922) (the "Motion"). Edith Dastas (the "Claimant") did not appear at the hearing.[1] Upon consideration, it is

ORDERED AND ADJUDGED:

1. The Motion is denied.

2. The Application for Allowance of Administrative Expense Status for Post-Petition Claim filed by the Claimant (Docket No. 15922) is disallowed in its entirety.

Dated this 19 day of March, 2009, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

Leanne McKnight Prendergast
[Leanne McKnight Prendergast is directed to serve a copy of this order on the Interested Parties and file a proof of service.]
00646087

---

[1] The Notice of Case Management Conference (Docket No. 22113) stated that the Debtors would seek the disallowance of the claim if the Claimant failed to appear at the hearing.

# EXHIBIT B

## AFFIDAVIT

STATE OF FLORIDA      )
                      ) SS
COUNTY OF MIAMI-DADE  )

BEFORE ME, the undersigned authority duly authorized to take acknowledgments in the State of Florida, personally appeared ALEX R. SIERRA, ESQ. who, being by me first duly sworn on oath, deposes and states as follows:

1. That his name is Alex R. Sierra, Esq. and that he is an attorney practicing law in the State of Florida.

2. That his current address is 10271 Sunset Drive, Suite 103, Miami, Florida 33173 and that this has been his address continuously since October 28, 2004.

3. That on April 1, 2009, he received a copy of an Order dated March 19, 2009 by Jerry A. Funk, United States Bankruptcy Judge, in the bankruptcy proceedings relating to WINN-DIXIE STORES, INC., et al.

4. That said Order was entered upon a hearing held before Judge Funk on March 19, 2009.

5. That he did not receive notice for the hearing that was held on March 19, 2009.

FURTHER AFFIANT SAYETH NAUGHT.

_____
ALEX R. SIERRA, ESQ.

The foregoing instrument was acknowledged before me on this 3rd day of April, 2009, by Alex R. Sierra, Esq., who is personally known to me and who did take an oath.

[Notary seal: L. FELDMAN, MY COMMISSION #DD439942, EXPIRES: JUN 12, 2009, Bonded through 1st State Insurance]

NOTARY PUBLIC, State of Florida
Print Name: L. Feldman
My Commission Expires: 6-12-9