UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **JACKSONVILLE DIVISION** In re: | **CASE NO: 05-03817-3F1** |
| **WINN-DIXIE STORES, INC.**, **et al.**, | **CHAPTER 11** |
| Debtor. | Jointly Administered |

### RENEWED MOTION OF CARMEN L. JOHNSON AND EZZRA JOHNSON, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF DEZRA R. JOHNSON FOR ORDER FOR RELIEF FROM DISCHARGE INJUNCTION AND THE ORDER CONFIRMING JOINT PLAN OF REORGANIZATION OF WINN-DIXIE STORES, INC. AND AFFILIATED DEBTORS OR, ALTERANTIVELY, MOTION FOR REHEARING ON COURT'S MARCH 19 ORDER DENYING THE JOHNSON'S PREVIOUS MOTION

Carmen L. Johnson and Ezzra Johnson, individually and as parent and natural guardian of DEZRA R. JOHNSON (collectively "JOHNSON"), by and through undersigned counsel, respectfully requests that this Court enter an order to grant Johnson relief from the discharge injunction and determines that Johnson is not bound by the terms of the Court's *Order Confirming Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors* and as grounds in support of as follows:

1. Defense counsels Gene A. Major, Esq. and Darryl G. Haynes, Esq. filed in Clayton County State Court a **"NOTICE OF COMMENCEMENT OF BANKRUPTCY CASE[S]** " on February 28, 2005 to place the civil case on hold until they receive their discharge notice.

2.   The **NOTICE OF COMMENCEMENT OF BANKRUPTCY CASE[S]** was filed as " **In re Winn-Dixie Stores, Inc.,. No. 05-11063 filed in the United States Bankruptcy Court for the Southern District of New York"** as filed by defense counsel in the Clayton County State Court case.

3.   Defense counsels Gene A. Major, Esq. and Darryl G. Haynes, Esq. never notified the Clayton County State Court or the Plaintiffs nor their attorney of Bankruptcy Petition being transferred to Jacksonville, Florida.

4.   Defense counsels Gene A. Major, Esq. and Darryl G. Haynes, Esq. never notified Clayton County State Court that the case number was changed from "In re Winn-Dixie Stores, Inc., No. 05-11063, in the United States Bankruptcy Court for the Southern District of New York to No. 3:05-bk-03817-JAF.

5.   On June 29, 2006 the Debtors filed their Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors ("the Plan") and the Debtors' Disclosure Statement ("the Disclosure Statement").

6.   The Johnson was not served notice of Bankruptcy petition or with copies of either the Plan or the Disclosure Statement.

7.   On or about August 4, 2006, the court entered an order approving the Disclosure Statement. Johnson was not served with a copy of this order.

8.   On October 13, 2006, the court conducted a Confirmation Hearing. The Plan was confirmed without the Johnson being provided with notice of this

hearing.

9. On November 9, 2006, the Court entered *Confirmation Order*. Johnsons' was never served with the *Confirmation Order*.

10. Accordingly, because Johnsons' was never provided with copies of any of the documents or served with any notice or otherwise of the pending bankruptcy cases, Johnsons' did not have notice of any of the bar dates for the filing of administrative expense requests, or to otherwise to object to the plan or provide any input as to how her expense requests should be treated.

11. Although the Johnsons' did not receive notice, the Johnsons' was a known creditor of the Debtors.  On January 8, 2004, the Johnsons' filed their lawsuit against Winn-Dixie # 1817, Johnson and her daughter, Dezra R. Johnson, a minor child entered a Winn-Dixie Store located at 8777 Tara Boulevard in Jonesboro, GA.

12. While within the supermarket, Dezra R. Johnson slipped and fell over some sugar that was spilled on the floor a store employee was stocking sugar on the shelves.  The employee had burst bags of sugar and left the burst bags on the floor.

13. Immediately before Dezra R. Johnson fell Winn-Dixie Store employee who was stocking the sugar was attempting to flirt with Dezra R. Johnson mother.

14. The fall left Dezra R. Johnson with permanent injuries to be head and back.

15. On 12/1/2004 Defendant Winn-Dixie Store filed a Motion For Summary Judgment and on 2/4/2005 the Motion For Summary Judgment was Denied.

16. There can be no dispute that the Debtors, and Winn-Dixie Stores, Inc., had actual knowledge of the potential claim of Dezra R. Johnson, a minor child and Carmen L. Johnson and Ezzra Johnson as her parents.

17. Notwithstanding this knowledge, the Debtors failed to place the Johnsons' on their list of creditors, and the Debtors failed to provide any of the required notice of the administrative expense request bar date, the confirmation hearing, copies of the Plan, Disclosure Statement, *Confirmation Order* or any other relevant document to the Johnson.

18. As is further set forth below, the law, including a case from the Court of Appeals for the Eleventh Circuit, is clear that when a known creditor is not provided with notice of confirmation, the terms of a plan or the subsequent confirmation order, the claimant's claim is not discharged in bankruptcy, the claimant is not bound by confirmation and the claim survives the bankruptcy. Therefore, the raising of the *Confirmation Order* by the Debtors as a defense, or as the means to force the Johnson to accept an administrative expense request when it is likely that at this late date there is no money left to pay administrative expense

requests, is wholly and completely without merit. The failure to provide notice to known creditors is a violation of fundamental due process, and the only appropriate remedy is for the cause of action to survive the bankruptcy and for the reorganized entity to be responsible for and damages to the Johnsons'.

19. The Johnsons' respectfully requests this Court enter an order determining that the *Confirmation Order* is not a bar to Johnsons' lawsuit against the reorganized Debtor and that the lawsuit pending in the Clayton County State Court, Georgia can and should proceed.

19. As noted above, The Johnsons' previously filed a motion seeking the requested relief. The Court denied the Motion at a hearing on March 19 due to lack of notice as no one appeared for the Johnsons' for the hearing. The reason for the failure to appear was that undersigned counsel was of the understanding—which counsel now understand to be erroneous—that the matter would not be set on that date. Undersigned counsel did not see the Notice of Hearing and did not calendar the hearing. Likewise, undersigned counsel did not see the order until a copy was received in the mail on April 3, 2009. Accordingly, this motion is filed immediately thereafter in an attempt to resolve the situation and have this matter adjudicated on the merits, and not on some procedural grounds. There has been little delay, there is no prejudice to the Debtors if the Order is vacated, and there is absolutely nothing in the record that demonstrates that the

Johnsons' has acted in bad faith. Accordingly, under binding Eleventh Circuit case law discussing excusable neglect, if the Court does not wish to consider the merits of this motion at this time, then the appropriate remedy is to vacate the previous order and reset the matter for a further hearing.

## MEMORANDUM OF LAW

**I. THE JOHNSONS' ARE ENTITLED TO THE REQUESTED RELIEF.**

The Supreme Court has repeatedly held that "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950) (citations omitted). In the instant case, the Johnsons', a known creditor, was not provided with any notice. It therefore goes without saying that she was not provided with notice reasonably calculated to apprise her of the pending bankruptcy.

Winn-Dixie knew of the pending lawsuit before filing for Bankruptcy although Winn-Dixie failed to list the Johnsons' on their list of creditors. The Johnsons' recognizes that, if they had received adequate notice and had received copies of the Plan, Disclosure Statement and *Confirmation Order*, and had thus been on notice of all of the relevant bar dates, then the discharge provisions of 11

U.S.C. § 1141 would bind her and her recovery would be limited to that provided in the Plan, Disclosure Statement and *Confirmation Order*. However, as noted above, the Johnsons' was a known creditor of the Debtors. The Debtors failed to provide them with any notice of anything related to the bankruptcy. Not receiving notice is intentional because Winn-Dixie knew about the Johnsons' case as they filed for a Motion for Summary Judgment and was denied before Winn-Dixie filed their petition for Bankruptcy. Winn-Dixie did not list the Johnsons' on their list of Creditors. Therefore, whether by fraud or mistake the Johnsons' did not receive notice and thus is not bound by the *Confirmation Order*.

The Court of Appeals for the Eleventh Circuit addressed a similar question in *In re Spring Valley Farms, Inc.*, 863 F.2d 832 (11th Cir. 1989). In *Spring Valley Farms*, the defendants (referred to herein as the "Spring Valley Debtors") had filed for Chapter 11 protection in North Carolina. Prior to the filing of the bankruptcy case, the plaintiffs had been pursuing a claim against the Spring Valley Debtors in state court in Alabama. The Spring Valley Debtors only listed one of the plaintiffs as a creditor in its bankruptcy schedules and notified the named plaintiff's counsel of the pending bankruptcy, but did not provide any of the plaintiffs with the plan, disclosure statement, any notice of the confirmation hearing or any notice of relevant bar dates. The Spring Valley Debtors removed the case to the bankruptcy court and sought a finding that the claims were discharged due to the confirmation

of the Spring Valley Debtors' plan. The bankruptcy court denied the request and determined that the creditors' claims were not discharged. The district court affirmed, and the Spring Valley Debtors appealed to the Eleventh Circuit.

The Eleventh Circuit ultimately also agreed that the claims were not discharged due to the failure of the Spring Valley Debtors to give notice to the plaintiffs of the claims bar date, confirmation and the confirmation order. The court first distinguished a reorganization case from a liquidation under Chapter 7 and stated that, in a Chapter 11 reorganization, the duty to provide notice was on the debtor, not the creditor who has no duty of inquiry in a corporate reorganization. *Id.* at 833-34 (distinguishing *In re Alton*, 837 F.2d 457 (11th Cir. 1988). Next, the court agreed with the creditors' argument that the claims were not barred by the confirmation order and the discharge injunction of Section 1141 because they had not been provided with adequate notice. In its ruling, the Eleventh Circuit cited to relevant Supreme Court precedent that likewise had held that, under considerations of due process, creditors are entitled to notice, and that the claims of creditors who do not receive are not barred by the discharge injunction because to do so would violate their due process rights:

> Considerable support exists for plaintiffs' assertion that due process prevents Section 1141 from being read to extinguish their claims when no notice of the bar date for filing a proof of claim has been sent in compliance with Bankruptcy Rule 2002(a)(8). . . . Relevant case law also exists under the former Bankruptcy Code. *See City of New*

> *York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 333 (1953) (discharge provision of bankruptcy code did not operate against claim of creditor who never received actual notice of bar date for filing a claim) . . .
> Under the current Bankruptcy Code, Rule 2002(a)(8), as under the former code, 11 U.S.C.A. § 205(c)(8) (repealed 1978), plaintiffs were entitled to notice of the bar date. **Although plaintiffs had actual notice of Spring Valley Farms' bankruptcy, they were never apprised of the bar date for filing a proof of claim.** The Court in *City of New York* construed the former bankruptcy code which required the bankruptcy court to provide "reasonable notice of the period in which claims may be filed." 11 U.S.C.A. § 205(c)(8) (repealed 1978).
>
> * * *
>
> The language in *City of New York* clearly is not grounded in goals unique to the former bankruptcy act. The Court's emphasis on notice and opportunity to be heard underlines a due process concern. *See id.*, 344 U.S. at 297, 73 S. Ct. at 301 ("The statutory command for notice embodies a basic principle of justice--that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights."). In affirming the district court, we hold that 11 U.S.C.A. § 1141 does not discharge the debt of a creditor who was known to an individual corporate debtor and failed to receive notice under Bankruptcy Rule 2002(a)(8), even if the creditor had actual knowledge of the general existence of the bankruptcy proceedings.

*Id.* at 834-835 (citations and footnote omitted).

Other courts have applied the Supreme Court's rulings on due process in bankruptcy in similar fashion and ruled consistently with *Spring Valley*. In *In re Reliable Electric Co., Inc.*, 726 F.2d 620 (10th Cir. 1984), a case similar to *Spring Valley*, the Court of Appeals for the Tenth Circuit cited *City of New York* and held that the creditor's claim was not barred because the creditor did not have notice of the confirmation hearing. In so doing the court held "[T]hat notwithstanding the

language of section 1141, the discharge of a claim without reasonable notice of the confirmation hearing is violative of the fifth amendment to the United States Constitution." *Id.* at 623 (citation omitted). Likewise, in *In re Maya Construction Co.*, 73 F. 3d 1395 (9th Cir. 1996) the Court of Appeals for the Ninth Circuit, citing to *Spring Valley* and similar authority, held that a creditor who was not given notice of the confirmation hearing was not bound by the confirmation order:

> Generally, if a known contingent creditor is not given formal notice, he is not bound by an order discharging the bankruptcy's obligations. The fact that a creditor has actual knowledge that a Chapter 11 bankruptcy proceeding is going forward involving a debtor does not obviate the need for notice.
> * * *
> A debtor must list a creditor whose identity and claim he knows. 11 U.S.C. § 521. The burden is on the debtor to cause formal notice to be given; the creditor who is not given notice, even if he has actual knowledge of reorganization proceedings, does not have a duty to investigate and inject himself into the proceedings.

*Id.* at 1399 (citations omitted).
   In the case at had the Creditor did not have notices of any hearings Dates, not even the hearing date of the management conference.  Not giving ample enough notice before a hearing is held is something that this Debtor is well knowledgeable on.  A creditor cannot be deemed to have notice by news paper publication is laughable.  The attorney for Winn-Dixie Stores in the personal injury gave the incorrect case number and the wrong District Bankruptcy Court that the petition was filed.  It is strange that the attorney

did not correct this with Clayton State Court.  Maybe the attorney knew that he was going to loose the case when it was called to trial. . .
After all the attorney had just lost his request for summary judgment.  Winn-Dixie Store having knowledge of loss of the summary judgment to Carmen L. Johnson And Ezzra Johnson, Individually and as Parent And Natural Guardian of Dezra R. Johnson was well enough knowledge for Winn-Dixie to list them on their list of creditors.

It cannot be disputed that the Johnsons' claim was known to Winn Dixie.  It is further undisputed that the Johnsons' did not receive any notice of the confirmation hearing or bar dates until after hearing was the permanent injunction was ordered without the Johnsons' having any notices to anything. Accordingly, based on the binding authority of *Spring Valley* and the Supreme Court decisions cited therein, the Johnsons' are entitled to pursue their claims against the bankruptcy, reorganized Winn Dixie.

As the cases cited above acknowledge, due process requires substantially more in order to bind parties and bar claims.  In this case, the claim is not and cannot be barred by the *Confirmation Order* because to do so would completely violate Johnsons' due process rights. Accordingly, the Johnsons' must be granted relief from the *Confirmation Order* and the Court should find that her claim can proceed in state court irrespective of the bankruptcy case.

## II. ALTERNATIVELY, THE COURT MUST, UNDER ELEVENTH CIRCUIT PRECEDENT, VACATE THE PREVIOUS ORDER AND REINSTATE JOHNSONS' PRIOR MOTION.

The fact that Winn-Dixie knew of the Johnsons' being a creditor but did not place their name on their list of creditors is direct proof that Winn-Dixie practiced fraud. Winn-Dixie should be punished for this type of unethical behavior especially so since Winn-Dixie lost their motion for summary judgment before they filed their petition for Bankruptcy, Chapter 11. This Court has a duty to vacate the previous order and reinstate the Johnsons' prior motion. This Court is denying the Johnsons' anything close to justice by denying them a right to notice and hearing of previous hearing before the March 19, 2009 Order and by requiring Winn-Dixie to list the Johnsons on their list of creditors. .

In a similar situation, the Eleventh Circuit in *Rhino Cellular, Inc. v. Greenberg (In re Greenberg),* 2006 U.S. App. LEXIS 14266 (11th Cir. 2006) held, while reviewing a motion made pursuant to Fed.R.Civ.P. 60 (which is applicable to this proceeding pursuant to Bankr. R. 9024) that a dismissal for lack of prosecution was inappropriate without considering lesser sanctions, and that the facts of *Rhino*, which are similar to the facts of this case, did not warrant a dismissal with prejudice. The court in *Rhino Cellular* cited to several long-standing precedents, including the Supreme Court's discussion of the doctrine of excusable neglect in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnerships*, 507

U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993) and found that it was appropriate to vacate a dismissal for lack of prosecution and reinstate a creditor's adversary complaint. In *Rhino*, counsel for the plaintiff had failed to prepare for and attend a pretrial conference. The bankruptcy court dismissed the adversary proceeding for lack of prosecution. The plaintiff sought rehearing under Rule 60, but the bankruptcy court refused to vacate the dismissal order. The district court affirmed, but the Eleventh Circuit reversed. In so ruling the Eleventh Circuit stated:

> a dismissal *with prejudice*, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. When considering whether to uphold a dismissal with prejudice, "we must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court."
>
> * * *
>
> Aside from overlooking the single order to prepare for and attend the pretrial conference, neither Rhino nor its counsel exhibited any extensive pattern of ignoring direction from the bankruptcy court. Moreover, neither the bankruptcy court nor the district court even considered lesser sanctions in this case, let alone made findings explaining why such lesser sanctions would not suffice. "We rigidly require the district courts to make these findings precisely because the sanction of dismissal with prejudice is so unsparing and we strive to afford a litigant his or her day in court if possible."

*Rhino Cellular*, 2006 U.S. Dist. LEXIS 14266 at * 10-16 (citations omitted).

In this case, there has been no prejudice to the Debtors due to the failure to appear at the hearing. However, their have certainly been prejudice to the creditors

if the were not listed on the list of creditors so they could file a claim.  Winn-Dixie knew that the Johnsons' should be listed as a confide creditors.  Winn-Dixie in the Clayton County State Court case knowing that they filed a motion for summary judgment but lost their motion for summary judgment knew that the Johnson must be listed as a confide creditor.   With Winn-Dixie knowing their behavior amounts to fraud their behavior should be punished severally.  Therefore, the Court must do the only right and that is The Court must, under Eleventh Circuit precedent, vacate the previous Order and reinstate the Johnsons' prior motion and to allow the Johnson to go ahead with their lawsuit in Clayton County State Court since the Debtor Winn-Dixie prejudiced themselves by lying to the Bankruptcy Court.  Said Debtor refused to list the Johnsons' on the list of creditors.

WHEREFORE, for the reasons stated herein, the Johnsons respectfully requests that the Court grant this Motion, find that they are not barred by the *Confirmation Order* and that their claim against Winn Dixie can proceed in state Court, or, alternatively, vacate the Court's Order and allow her previous motion to proceed as well as grant any further relief the Court deems appropriate under the circumstances.

Dated this 13th day of April, 2009.

BY:  /s/ Calvin D. Lowery

                                  Calvin D. Lowery
                                  For all Defendants
                                  Georgia Bar Number:  460128
                                  648 Evander Holyfield Hwy.
                                  Fairburn, GA  30213
                                  (770) 719-1075
                                  calvinlowery@bellsouth.net


## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been furnished via Facsimile and U.S. Mail, first class, postage prepaid, to James H. Post and Leanne McKnight Prendergast; attorneys for the debtors at 225 Water Street, Suite 1800, Jacksonville, FL 32202 and to all parties entitled to receive notice through the Court's CM/ECF system on this 13th day of April, 2009.

                                  /s/Calvin D. Lowery_____
                                  Calvin D. Lowery