UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.:  05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | |
| Plaintiff, | ) | Adversary |
| v. | ) | |
| CARMEN L. JOHNSON, Individually and as next friend of DEZRA R. JOHNSON, a minor, and CALVIN D. LOWERY, | ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT AND DEFENDANTS' COUNTER COMPLAINT

COMES now Plaintiffs' and files this as their answers and defenses to

Plaintiffs' complaint:

1.

ANSWER TO PARAGRAPH 1.   Defendant is with knowledge to form a

belief of the truth as stated in paragraph 1.

2.

ANSWER TO PARAGRAPH 2.   Defendant is with knowledge to form a belief of the truth as stated in paragraph 2.

3.

ANSWER TO PARAGRAPH 3.   Defendant is with knowledge to form a belief of the truth as stated in paragraph 3.

4

Defendant admit to paragraph 4.

5.

ANSWER TO PARAGRAPH 5.   Defendant is with knowledge to form a belief of the truth as stated in paragraph 5.

6.

ANSWER TO PARAGRAPH 6.   Defendant did not receive any notice of "Bar Date Notice" by mail nor did defendant receive a written notice of where and how to file a proof of claim form.

The only notification that defendant received was the **"NOTICE OF COMMENCEMENT OF BANKRUPTCY CASE[S]** " filed by Defendant Attorney in Clayton County State Court on February 28, 2005 with the incorrect case No. 05-11063 for "In re Winn-Dixie Stores, Inc.," and the attorney stated it

2

was filed in the United States Bankruptcy Court for the Southern District of New

York.    When in fact the case was actually filed as In re:  WINN-DIXIE STORES,

INC., et al. with a real case no. 05-03817-3F1 filed in the United States

Bankruptcy Court Middle District of Florida Jacksonville Division.    **See Exhibit**

**1**.

7.

ANSWER TO PARAGRAPH 7.   Defendant did not receive any notice of

"Bar Date Notice" by mail nor did defendant receive a written notice of where and

how to file a proof of claim form.   Defendant did not receive notice of the

Bankruptcy case being transferred to Jacksonville, Florida.  **Refer to Exhibit 1**.

The only notification that defendant received was the **"NOTICE OF**

**COMMENCEMENT OF BANKRUPTCY CASE[S]** " filed by Defendant

Attorney in Clayton County State Court on February 28, 2005.   Said notice stated

the case was styled as "In re Winn-Dixie Stores, Inc., No. 05-11063, in the United

States Bankruptcy Court for the Southern District of New York.  **Refer to Exhibit**

**1**.

8.

ANSWER TO PARAGRAPH 8.   Defendant is with knowledge to form a

belief of the truth as stated in paragraph 8.

3

9.

ANSWER TO PARAGRAPH 9.   Defendant is with knowledge to form a

belief of the truth as stated in paragraph 9.   However, personal injuries claimed are

barred to the extent of private insurance coverage only to the extent of the policy

limits.

10.

ANSWER TO PARAGRAPH 10.   Defendant filed the complaint in January

8, 2004 in Clayton County State Court in Georgia.

11.

ANSWER TO PARAGRAPH 11.    Although, Plaintiff informed defendant

by way of disallowed hear say statement in a letter without attaching an exact copy

of the Bankruptcy Judge's Order with her letter to defendant dated November 26,

2008.  **(See Exhibit 2)**   Even with plaintiff present lawsuit Plaintiff still did not

attach a copy of the Bankruptcy Judge's Order with her letter.  Therefore,

defendant still have not seen a copy of the Bankruptcy Judge's Order.

12.

ANSWER TO PARAGRAPH 12.      Defense counsel in Clayton County

State Court filed a **"NOTICE OF COMMENCEMENT OF BANKRUPTCY**

**CASE[S]** " on February 28, 2005 to place case on hold until they receive their

discharge notice.    Therefore, no action has taken place since the filing Of The

**"NOTICE OF COMMENCEMENT OF BANKRUPTCY CASE[S] " In re**

**Winn-Dixie Stores, Inc.,. No. 05-11063 filed in the United States Bankruptcy**

**Court for the Southern District of New York** as filed by defense counsel in the

Clayton County State Court case.

13.

ANSWER TO PARAGRAPH 13.   Since defendant have not been provided

a copy of  Bankruptcy Judge's Order so that he can read the order it cannot be

alleged a willful violation.   All that Plaintiff furnished Defendant with was an

Order signed by the Bankruptcy Judge on March 19, 2009 denying the Motion

filed by Defendant to allow a Late file claim or to reopen the debtors Joint Plan of

Reorganization. **(See Exhibit 3)**

WHEREFORE, the Defendant respectfully pay that this Court enter a

judgment as follows:

a.  That this Court deny all of Plaintiffs' request;

b.  that this court declare that the Plaintiff forward copies of the

Confirmation order and/or Amended Confirmation Order for Defendant

to read before doing anything;

c.  allow this Plaintiff to continue the Clayton County State Court civil

    action for personal injuries to the extent that there is private insurance

    coverage to cover any judgment that is obtained;

d.  granting this Defendant attorneys' fees and the cost of having to defend

    this Clayton County action;

e.  granting such other relief as is just and proper.

## DEFENDANTS' COUNTER COMPLAINT FOR ACTUAL FRAUD

14.

Plaintiffs WINN-DIXIE STORES, INC., et al and their attorneys James H.

Post; Leanne McKnight Prendergast; attorneys for the debtors, Gene A. Major and

Darryl G. Haynes, attorney for the Clayton County State Court case all conspired

together with the intent to deceive the Defendants by giving them the incorrect

bankruptcy case number and the wrong place of bankruptcy filing.

15.

All was done in an effort to prevent the Defendants' from filing their claim

form until Plaintiffs has acquired a Joint Plan of Reorganization and Confirmation

Order.

16.

11USC--App.7019 Joinder in adversary proceeding of Persons Needed for

Just Determination of the fraud claim asserted by Defendants.  Defendants require

the joinder of James H. Post; Leanne McKnight Prendergast; attorneys for the

debtors Gene A. Major and Darryl G. Haynes, attorney for the Clayton County

State Court case as additional Party Plaintiffs as material parties to the fraud being

asserted by the Defendants.

17.

Gene A. Major and Darryl G. Haynes are both attorneys for the Defendants

in the Clayton County civil case of DEZRA R. JOHNSON, a minor, by next

friends, Carmen L. Johnson and Ezzra Johnson, and CARMEN L. JOHNSON and

EZRA JOHNSON, Individually v. WINN-DIXIE STOREY, INC., a/k/a WINN

DIXIE MONTGOMERY DIVISION NO. 7, d/b/a WINN DIXIE STORE # 1817

whom can be served at 100 Glenridge Point Parkway, Suite 500, Atlanta, Georgia

30342.

18.

DEZRA R. JOHNSON filed a civil complaint for a slip and fall case in

Winn-Dixie Store causing significant injury to her back and hip.

19.

Plaintiffs' along with others whom Defendants' can identify conspired

together to given the Clayton County State Court the incorrect Bankruptcy case

number in their  **"NOTICE OF COMMENCEMENT OF BANKRUPTCY**

**CASE[S]**" by intentionally misstating the facts to Clayton County State Court that

the bankruptcy petition was filed in filed in the United States Bankruptcy Court for the Southern District of New York, when said petition was actually filed in United States Bankruptcy Court Middle District of Florida Jacksonville Division.

20.

Plaintiffs' along with others whom Defendants' can identify conspired together to given the Clayton County State Court the incorrect bankruptcy case number of 05-11063 instead of giving Defendant the correct number 05-03817-3F1.

21.

On November 26, 2008 Defendant was made aware that Plaintiffs had fraudulently acquired from the Bankruptcy Court on November 9, 2006 an Order confirming the Debtors' Joint Plan of Reorganization which became effective on November 21, 2006, upon entry of the order that was totally obtained by and through fraud in a threatening letter written to Defendants Plaintiffs and their attorneys.

22.

Plaintiffs wrote a threatening letter to Defendants about dismissing their case or if not Plaintiffs will file a lawsuit for willful violation of the confirmation order that was obtained based upon fraud.

23.

Defendants never received a Notices to Creditors or Equity Security

Holders to file their Proof of Claims.   Defendants never received anything through

the United States Postal Services of any type of notification from case number 05-

11063 from the Bankruptcy Court.

24.

Defendants' was not placed on the list of creditors by the Debtors at the time

of filing the petition for Chapter 11 on February 21, 2005.   The only time

Defendants' knew about the case actually being filed in Jacksonville, Florida was

by way of Plaintiffs threatening letter dated November 26, 2008 to advise the

Defendants' of Bankruptcy Court entering an confirming the Debtors Joint Plan of

Reorganization as modified.   The Order became effective on November 21, 2006.

25.

Objection was timely filed by Defendants', when considering that the party

Plaintiffs knowingly practiced fraud this court must determine that the plan has

been proposed in bad faith and is forbidden by law.  Said act of fraud tolls the

statute of limitations because of Plaintiffs committed actual frauds.

26.

Defendants' Objects to Plaintiffs' discharge because of Plaintiffs' committed actual Fraud in disguising the Bankruptcy case as number 05-11063, rather than listing the real case number of 05-03817-3F1, and the case was not filed in New York but was filed in Jacksonville.

27.

If Plaintiffs' alleges the Plaintiffs' believed that was the true case number and place where the Bankruptcy petition was filed, they had a duty to check for correctness.   Plaintiffs' had a duty to notified Clayton County State Court of the correct case number and the proper State and District where the case was filed.

28.

Defendants did not receive any notice about a hearing date for her Motion to File Late Claim.   This type of activity is within line with the attorney for Plaintiffs.

29.

Furthermore, Plaintiffs attorney Leanne McKnight Prendergast furthered displayed her unscrupulous personality by stating at a Case Management Conference that the Debtor would seek the disallowance of the claim if the Claimant failed to appear at a un-noticed hearing.

30.

When Plaintiffs' did not send a corrected notice to the Clayton County State Court to correct the case number and state and District where the Bankruptcy petition was filed Plaintiffs' committed fraud.

31.

As the result of Plaintiffs' fraudulent, unfair, or deceptive conduct; and illegal action Defendants' have suffered actual damages.

WHEREFORE, the Defendant respectfully pray that this Court enter a judgment as follows:

a. That his Court enter judgment on the Counterclaim of fraud for Defendant;

b. That this Court award the Defendants the right to object discharge or not allow the Defendants convert the case;

c. That Defendants is awarded relief against all counterclaimants for fraud;

d. That Defendants is awarded punitive damages for counterclaimants acts of fraud;

e. Granting Defendants' attorneys' fees and cost incurred with this State Court action;

f. Awarding the Defendants damages, and

g. Granting such other relief as is just and proper.

/s/Calvin D. Lowery_____
Calvin D. Lowery

For all Defendants
Georgia Bar Number:  460128
648 Evander Holyfield Hwy.
Fairburn, GA  30213
(770) 719-1075
calvinlowery@bellsouth.net

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished via Facsimile and U.S. Mail, first class, postage prepaid, to James H. Post and Leanne McKnight Prendergast; attorneys for the debtors at 225 Water Street, Suite 1800, Jacksonville, FL 32202 and to all parties entitled to receive notice through the Court's CM/ECF system on this 9th day of April, 2009.

  /s/Calvin D. Lowery