UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

## VISAGENT CORPORATION'S RESPONSE TO DEBTORS' MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR RELIEF FROM ORDER ON MOTION TO COMPEL

Visagent Corporation (hereinafter "Visagent"), a claimant herein, hereby responds to Debtors' Motion for Supplemental Protective Order, or in the Alternative, for Relief from Order on Motion to Compel as follows:

1. Upon application of the Debtors, and with the consent of Visagent, the Court entered an Order Granting Motion for Protective Order (Document No. 109332) on September 14, 2006. That Order provided protection for Debtors' confidential information that may be disclosed during the discovery process. At the time of the entry of that Order, Visagent had no business operations.

2. The Order provided as follows:

"The Parties agree that money damages may not be a sufficient remedy for any breach of this Order and that a producing Party may be irreparably harmed in the event of such a breach. Without prejudice to any other remedies or money damages to which they be entitled, the Parties shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any breach of this Order."

3. Debtors have never claimed Visagent violated the terms of that Order.

1

4.. On July 26, 2008, Visagent filed a motion seeking an order compelling Debtors' production of documents responsive to Visagent's First and Second Requests for Production; specifically those documents ordered to be produced and agreed to be produced pursuant to Court Order and/or stipulation by searching recently discovered data bases and for an award of attorneys fees and sanctions. After hearing, the Court entered an Order on November 4, 2008 (Document No. 21606) directing Debtors to either search their Metafile system for "the bills of lading associated with the spreadsheet listing the transactions in the secondary market with any diverter from mid 2001 to mid 2004" or, in the alternative, to copy the Metafile to a hard drive and turn in over to Visagent, subject to a confidentiality order. The Court limited the search to the documents Debtors claimed were in the file. Now, in their motion, Debtors claim there is a greater expanse of information in the file than previously represented as potentially responsive to Visagent's discovery requests.

5. Debtors opted to copy the Metafile. Counsel for Debtors forwarded a supplemental protective order with the following provision:

" Due to the nature of the Metafile Documents and the limited liability of Winn-Dixie to seek adequate compensation form Visagent for any failure by Visagent to abide by this Supplemental Protective Order, Visagent's officers and directors, including its current president I. Mark Rubin, and Visagent's attorney in this matter, Guy Bennett Rubin, shall be personally jointly and severally liable for any use or dissemination of the Metafile Documents except as provided for in this Supplemental Protective Order."

6. Visagent objected to this paragraph as onerous, excessive and not in accord with the Court's Order and nearly five months after the Court's Order, Visagent

still does not have the Metafile data. Visagent's financial circumstances are the same today as they were in 2006. For Debtors to insist on these draconian provisions as a prerequisite to production of what they were **ORDERED** to produce is yet another illustration of their recalcitrance to turn over discovery. Their insistence on this provision is unwarranted. Visagent has complied with all previous Court Orders. To imply Visagent or its principal or counsel would now do otherwise by inserting these unreasonable demands is without justification. Essentially, Debtors allege that this Court cannot handle discovery violations through its sanction authority.

7. In Sony Computer Entertainment America, Inc. v. Nasa Electronics Corp., 249 F.R.D. 378 (S.D. Fla., 2008), a manufacturer of video game consoles sued shippers and importers for trademark infringement, unfair competition and illegal importation of goods. The parties had agreed that a protective order was necessary to protect sensitive material exchanged in the discovery process, but disagreed on the parameters of the Order. The Court had to decide whether a liquidated damages provision was appropriate for materials disclosed in contravention of the order and whether in-house counsel could have access to the discovery records. Under FRCP 26, the Court found that it had broad authority to fashion a protective order that serves the interests of the parties and the administration of justice. The Court found that the defendants did not demonstrate the necessity of imposing liquidated damages for breach of the order without regard for the circumstances of the breach.

8. Debtors here attempt a similar tactic: the acquisition of a protective order with unwarranted and unreasonable provisions without any allegation that the terms of the original order, entered under the same factual circumstances, would not suffice. This

Court has the inherent power to issue appropriate sanctions if an Order is violated. To provide for the personal liability of all directors and officers of Visagent is far in excess of reasonable constraints and imposes a liability on those individuals that is not countenanced by law. To further ask for an agreement that an attorney, to assume personal liability in every circumstance is simply absurd.

9. Visagent respectfully requests this Court to order Debtor to immediately provide Visagent with the hard drive subject to the September 14, 2006 Order. Nothing more is necessary. With the trial/final hearing fast approaching (first week of June), it is imperative Visagent receive this information now.

10. Contrary to Debtors' affirmation, **NO** good faith effort to resolve the issues contained herein were attempted.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of this Response has been filed via ECF/PACER and that a true and correct copy of the foregoing has been furnished by US regular Mail to: David L. Gay, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on the 17th day of April 2009.

Guy Bennett Rubin, Esq.
(FBN 691305)
Attorneys for Plaintiffs
**RUBIN & RUBIN**
P.O. Box 395
Stuart, Florida 34995
Telephone: (772) 283-2004
Facsimile: (772) 283-2009