**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
<u>JACKSONVILLE DIVISION</u>

In re:                                                          Case No.  05-03817-3F1
                                                )
WINN-DIXIE STORES, INC., et al.,               Chapter 11
                                                )
            Reorganized Debtors.                     Jointly Administered
————————————————————)

**MOTION FOR PROTECTIVE ORDER**
<u>*(EMERGENCY HEARING REQUESTED)*</u>

Winn-Dixie Stores, Inc. and its affiliates ("Winn-Dixie") moves the Court to enter an order pursuant to Fed. R. Bankr. P. 7026, protecting it from having the deposition of its corporate representatives taken on April 28 and 29, 2009, and in support states:

1.      On March 26, 2009, the Court entered an order on Visagent's seventh motion to compel (Docket No. 22284; the "Order").  In the Order, the Court granted Visagent leave to take two depositions of Winn-Dixie's corporate representatives; one regarding areas 1-22 of Visagent's November 12, 2008 Re-Notice of Taking Continuation 30(b)(6) Deposition (the original Tom Barr deposition; the "Barr Continuation"), and one regarding area 23 of that November 12 notice (the new Victory NTS subject area).

2.      Visagent's attorney's office contacted Smith Hulsey seeking to schedule the two Rule 30(b)(6) depositions on April 28 and 29.  Smith Hulsey responded it was available on those dates, but that it needed to confirm *Winn-Dixie's* availability.  (April 2, 2009 email; Exhibit 1).

3.    The next day, April 3, 2009, Visagent's counsel proceeded to notice both Rule 30(b)(6) depositions for the afternoon of April 28 (Victory NTS) and all day on April 29 (Barr Continuation), (the "April 3 Re-notice"; Exhibit 2).  Visagent's counsel expressly acknowledged the uncertainty of Winn-Dixie's availability by stating in a cover email that he was noticing the depositions in "anticipation of your client clearing availability."  (April 3, 2009 email; Exhibit 3).

4.    The April 3 Re-notice contained two entirely new areas of inquiry not previously the subject of a Rule 30(b)(6) notice and not addressed or authorized by the Order.

5.    Smith Hulsey informed Visagent's counsel by letter on April 7 that the Order did not authorize Visagent to add additional areas of inquiry and that attempting to do so in the absence of court order was prohibited by Federal Civil Procedure Rule 30(a)(2)(A)(ii).  The letter also informed Visagent's counsel that Winn-Dixie indeed was not available on April 29 (the Barr Continuation) and proposed 4 alternate dates.  (April 7 letter; Exhibit 4).

6.    *Two weeks later*, on April 20, Visagent's counsel, by email, acknowledged Smith Hulsey's April 7 letter, and said he would re-notice the deposition without the additional areas of inquiry added to the prior re-notice, and that he was "considering" rescheduling the depositions Visagent noticed for April 27, 28, and 29.  (April 20 email; Exhibit 5).

7.    On April 23, Smith Hulsey informed Visagent's counsel that Smith Hulsey had not received the promised deposition re-notice.  In an effort to accommodate Visagent's counsel, Smith Hulsey also suggested moving the Rule

30(b)(6) paragraph 23 related deposition (the Victory NTS System) from the afternoon of April 28 to the morning of April 29  (April 23 email; Exhibit 6).

8.    On April 24, Visagent served its promised re-notice of the Rule 30(b)(6) depositions, but again for April 28 (Victory NTS) and April 29 (Barr Continuation), despite being informed and aware that Winn-Dixie was not available on April 29 (the April 24 Re-notice; Exhibit 7).

9.    That same day on April 24, Smith Hulsey again told Visagent's counsel that Winn-Dixie was not available for the Rule 30(b)(6) depositions on April 28 and 29, and again offered to schedule those depositions for the first mutually available dates.  By email on April 25, Visagent's counsel again refused Winn-Dixie's attempts to resolve these issues without intervention of the Court.   (April 24 and 25 emails; Exhibit 8).

10.    Visagent's counsel agreed in his original noticing that these depositions were subject "to your clearing client availability."  After being informed that Winn-Dixie is not available on those dates, Visagent's counsel has not agreed to the rescheduling of the depositions.

11.    Smith Hulsey conferred with counsel for Visagent in an attempt to resolve this matter without Court action, but was not able to do so (as evidenced by the attached Exhibits).

For the foregoing reasons, Winn-Dixie requests that the Court enter an order confirming that Winn-Dixie is not required to produce a corporate representative for deposition on April 28 or 29, 2009.

Dated this 27th day of April, 2009.

SMITH HULSEY & BUSEY


By  */s/ David L. Gay*
        Stephen D. Busey
        David L. Gay

Florida Bar Number 893221
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
dgay@smithhulsey.com

Counsel for Reorganized Debtors

## **<u>Certificate of Service</u>**

I certify that a copy of the foregoing document was furnished by facsimile and/or electronically to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, 520 South Federal Highway, Stuart, Florida 34995, this 27th day of April, 2009.

*/s/ David L. Gay*
Attorney

00651598

## David L. Gay

| | |
|---|---|
| **From:** | David L. Gay |
| **Sent:** | Thursday, April 02, 2009 4:44 PM |
| **To:** | 'Guy Rubin' |
| **Cc:** | Stephen D. Busey |
| **Subject:** | RE: 30(b) depositions Visagent v WD |

Mr. Rubin:

We are available for on April 28 and 29 but still need to confirm Winn-Dixie's availability on those dates.

We will get back to you by Monday, April 6 concerning Winn-Dixie's availability on those dates.

**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Thursday, April 02, 2009 3:11 PM
**To:** Stephen D. Busey
**Cc:** Gladys LaForge; David L. Gay
**Subject:** 30(b) depositions Visagent v WD

Steve,

We previously (nearly a month ago) sought to clear the WD 30(b) depositions for April 29th. I again sought to clear this deposition in 2 parts, for 4/28 and 4/29 by email to Mr. Gay last weekend. Monday, he replied advising he would get back to us ASAP. We have not received any confirmation as of this afternoon. Please let me know if I can send out our Notice of Taking Deposition for those dates. We don't want to get pinched again by time/notice requirements.

Additionally, if you have dates you wish to set aside for depositions of my clients, please proffer names of deponents and dates of your availability now so we don't have scheduling conflicts later.

Thank you for your cooperation.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.

**EXHIBIT 1**

Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law.  If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure.  Thank you.


The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

4/26/2009

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**NOTICE OF TAKING CONTINUATION OF VIDEO DEPOSITION**

**TO:    CORPORATE REPRESENTATIVE(S) OF: Winn-Dixie Store, Inc.**
**David L. Gay, Esq.**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202

PLEASE TAKE NOTICE that VISAGENT CORP. through and by undersigned counsel,

will take the deposition by oral examination pursuant to Fed. R. Civ. P. 30 & 45, of the person or

persons named below, at the time, date and at the hour and place indicated from day to day until

concluded.

**A:     THE CORPORATE REPRESENTATIVE(S) OF WINN-DIXIE STORES INC.,**
**WHO HAS/HAVE THE MOST KNOWLEDGE REGARDING:**

1.   Purchases and sales by Debtor in the secondary market during the time period of
     2000 through 2005.

2.   Purchases and sales of inventory by Debtor with any non-manufacturer during
     the time frame 2000 through 2005.

3.   Purchases and sales of whole truckloads in the secondary market by Debtor to
     with non-manufacturer during the time frame 2000 through 2005.

4.   Purchases and sales of partial, LTL, or less than, truckloads in the secondary
     market by Debtor with non-manufacturer during the time frame 2000 through
     2005.

5.   All aspects of Debtor's custom and practices in the secondary markets for any
     goods bought or sold by Debtor in these markets during the time frame 2000
     through 2005.

6.   All aspects of Debtor's custom and practices in dealings with diverters or
     alternate source vendors during the time frame 2001 through 2004.

**EXHIBIT 2**

7.    Purchases and sales through or facilitated by Victory Wholesale Grocers during the time period of 2000 through 2005.

8.    All aspects of the relationship and dealings between Debtor and Victory during the time period of 2000 through present.

9.    Purchases and sales through or facilitated by Dayman & Associates during the time period of 2000 through 2005.

10.   All aspects of the relationship and dealings between Debtor and Dayman & Associates during the time period of 2000 through present.

11.   Purchases and sales through or facilitated by Food Marketing Group (FMG) during the time period of 2000 through 2005.

12.   All aspects of the relationship and dealings between Debtor and FMG during the time period of 2001 through present.

13.   Purchases and sales through or facilitated by Worldwide Retail Exchange (WWRE) during the time period of 2000 through 2005.

14.   All aspects of the relationship and dealings between Debtor and WWRE during the time period of 2000 through present.

15.   Purchases and sales through or facilitated by intesource during the time period of 2000 through 2005.

16.   All aspects of the relationship and dealings between Debtor and Intesource during the time period of 2000 through present.

17.   All aspects of the relationship and dealings between Debtor and C&S Wholesale Grocers, Inc. during the time period of 2000 through present.

18.   All aspects of the Outside Sales Program (OSC) in connection with Visagent or any other entity during the time period of 2001 through present.

19.   Administration of the Service Agreement between Visagent and Winn-Dixie which is the subject of this litigation including all transactions by Winn-Dixie made pursuant to said agreement.

20.   All correspondence, communications (internal or external), conferences, meetings, representations and any other aspect of the relationship between Visagent and Debtor from 2000 to present.

21.   All defenses to the claims of Visagent in this litigation.

22.   The specific facts supporting all claims and defenses in connection with Debtor's Objection, as set forth in its Fourteenth Omnibus Claims Objection relating to Claim No. 9953.

2

23. The Victory Wholesale Brokers' NTS System (the NTS system) as used by Debtor's employees or by the employees of Victory Wholesale Brokers on behalf of Debtor, including, but not limited to:

   a. all hardware placed in service in Debtor's offices to facilitate any aspect of buying or selling goods in the secondary marketplace;

   b. all software placed in service in Debtor's offices to facilitate any aspect of buying or selling goods in the secondary marketplace;

   c. the mode, methods and technical specifications of the NTS System, as used in facilitating trades by or on behalf of Debtor;

   d. all technical specifications concerning the transmission of data to, from and through the NTS system.

24. The specific facts in reference to Debtor's receipt of "electronic data transmissions detailing 'in-stock' product availability" of less than full or truckload quantities obtained from the inventory of wholesalers, as that term is used in the "Scope of this Agreement" section of Service Agreement, including, but not limited to:

   a. the identity of every wholesaler that was providing such "electronic transmissions" of in-stock availabilities as of June 28, 2001;

   b. the identity of every wholesaler that provided "electronic transmissions" of in-stock availabilities for the first time after June 28, 2001;

   c. the beginning and end dates of all electronic transmissions for every wholesaler identified in subsection (a) and (b) immediately above;

   d. the identity of the individual(s) involved in the process of the receipt, processing and management of such "electronic transmissions" by or on behalf of Debtor from June 28, 2001 through June 30, 2004, including the name of each individual's employer.

   e. the process utilized for the receipt, processing and management of such "electronic transmissions" by or on behalf of Debtor from June 28, 2001 through June 30, 2004, including the specific brands and specifications of all computer hardware and software, and whether there was more than one system to accept downloads from wholesalers.

   f. the process utilized for the receipt, processing and management of such "electronic transmissions" by or on behalf of Debtor from January 1, 1996 through June 28, 2001, including the specific brands and specifications of all computer hardware and software,

3

and whether there was more than one system to accept downloads from wholesalers.

g.    the total purchases made by Debtor as a result of receipt of such "electronic transmissions" from June 28, 2001 through June 30, 2004, including the distinction between purchases from those wholesalers who were providing "electronic transmissions" prior to June 28, 2001 and those wholesalers who began providing "electronic transmissions" after June 28, 2001.

h.    the identity of, and current location of, all documents that in any way relate to or support the information identified in subsections (a)-(g) of this paragraph number 24.

25.    The specific nature of all business relationships between Winn-Dixie and C & S Wholesale, Rite Aid, Giant Eagle, Ingles Markets, HEB, Safeway or any other end users or retailers between June 1, 2003 through present, including the gross sales or purchases with each on an annual basis during this time frame.

This deposition will take place Tuesday, **April 28, 2009 commencing at 3:00 p.m. for items 23 and 24 above, and Wednesday, April 29, 2009, commencing at 10:00 am, each at the office of Hedquist and Associates, 345 East Forsyth Street, Jacksonville, Florida 32202.** The deposition(s) shall be upon oral examination, before an Official Court Reporter, or a Notary Public in and for the State of Florida at Large, or some other officer duly authorized by law to take depositions. The deposition(s) is/are being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules. Said deposition(s) shall continue from hour to hour, and day to day until completed.

In accordance with the Americans with Disabilities Act, persons in need of a special accommodation to participate in this proceeding shall, within seven (7) days prior to any proceeding, contact the Clerk, Clerk of the United States District Court, Jacksonville, FL 34950, (904) 803-3400.

PLEASE BE GOVERNED ACCORDINGLY

4

DATED on ___4-3___, 2009.

## CERTIFICATE OF SERVICE

    I certify that a true copy was sent via U.S. Mail to Smith Hulsey & Busey, Stephen D. Busey, Esq., David L. Gay, Esq., James H. Post, Esq., Cynthia C. Jackson, Esq., 225 Water Street, Suite 1800, Jacksonville, FL 32202, counsel for the Debtor this 3rd day of April, 2009.

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Counsel for Visagent Corp.

5

## David L. Gay

| | |
|---|---|
| **From:** | Guy Rubin [grubin@rubinandrubin.com] |
| **Sent:** | Friday, April 03, 2009 12:23 PM |
| **To:** | David L. Gay |
| **Cc:** | Stephen D. Busey; Gladys LaForge |
| **Subject:** | RE: 30(b) depositions Visagent v WD |
| **Attachments:** | 04.03.09 - 30(b) Re-Notice of Taking Depo.pdf |

Mr. Gay,

In anticipation of your client clearing availability, please find enclosed our Notice of Continuing Deposition of Debtor's corporate representative.  Please note that we have scheduled the representative most knowledgeable regarding items 23 and 24 for Tuesday 4/28 and the representative most knowledgeable regarding the balance of the areas beginning 10 a.m. the next morning.

If your representative(s) have unavoidable conflicts with these dates and/or times, we will be pleased to try to work something out for the convenience of all.


From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law.  If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure.  Thank you.

---

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Thursday, April 02, 2009 4:44 PM
**To:** Guy Rubin
**Cc:** Stephen D. Busey
**Subject:** RE: 30(b) depositions Visagent v WD

Mr. Rubin:

We are available for on April 28 and 29 but still need to confirm Winn-Dixie's availability on those dates.

We will get back to you by Monday, April 6 concerning Winn-Dixie's availability on those dates.


**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800

**EXHIBIT 3**

Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Thursday, April 02, 2009 3:11 PM
**To:** Stephen D. Busey
**Cc:** Gladys LaForge; David L. Gay
**Subject:** 30(b) depositions Visagent v WD

Steve,

We previously (nearly a month ago) sought to clear the WD 30(b) depositions for April 29th. I again sought to clear this deposition in 2 parts, for 4/28 and 4/29 by email to Mr. Gay last weekend. Monday, he replied advising he would get back to us ASAP. We have not received any confirmation as of this afternoon. Please let me know if I can send out our Notice of Taking Deposition for those dates. We don't want to get pinched again by time/notice requirements.

Additionally, if you have dates you wish to set aside for depositions of my clients, please proffer names of deponents and dates of your availability now so we don't have scheduling conflicts later.

Thank you for your cooperation.


From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.


The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

4/26/2009

SMITH HULSEY & BUSEY

DAVID L. GAY
DIRECT 904.359.7860
DGAY@SMITHHULSEY.COM

April 7, 2009

Guy Bennett Rubin, Esq.
Rubin & Rubin
P.O. Box 395
Stuart, Florida 34995

Re:   In re Winn-Dixie Stores, Inc., et al.; U.S. Bankruptcy Court, Middle
      District of Florida; Case No. 05-03817-3F1, Chapter 11

Mr. Rubin:

We received your April 3, 2009, Notice of Taking Continuation of Video Deposition.

The Court's Order on Visagent's Seventh Motion to Compel (Docket Number 22284; the "Order") ruled that Winn-Dixie shall:

> Produce for a continued deposition a Rule 30(b)(6) Corporate Representative who has the most knowledge regarding areas of inquiry 1-22 in Visagent's Re-Notice of Taking Continuation 30(b)(6) Deposition Including New Designated Areas of Inquiry Dated November 12, 2008.
>
> ...
>
> Produce for a *separate* Rule 30(b)(6) deposition a corporate representative who has the most knowledge regarding the Victory NTS system set forth in area of inquiry 23 in Visagent's Re-Notice of Taking Continuation 30(b)(6) Deposition Including New Designated Areas of Inquiry Dated November 12, 2008 (emphasis added).

As a matter of law, Visagent is entitled to take only one Rule 30(b)(6) deposition, absent consent or a court order. See *Foreclosure Management Co. v. Asset Management Holdings, LLC*, 2008 WL 3895474 (D. Kan. August 21, 2008).

**EXHIBIT 4**

SMITH HULSEY & BUSEY

Guy Bennett Rubin, Esq.
April 7, 2009
Page 2

The Order requires Winn-Dixie to do only two things: (i) produce a corporate representative regarding areas of inquiry 1 – 22 pursuant to Visagent's November 12, 2008 deposition notice for an additional seven hours of inquiry, and (ii) because Winn-Dixie consented, produce for a *separate* deposition a corporate representative regarding area of inquiry 23. Your attempt to add two additional areas of inquiry (paragraphs 24 and 25) is not authorized by the Order, and Winn-Dixie objects.

Additionally, the notice indicates that on April 29 you intend to re-depose Winn-Dixie's corporate representative regarding all areas identified in the notice, including areas of inquiry 23. Your attempt to depose two Winn-Dixie corporate representatives regarding the same area of inquiry is inappropriate.

Accordingly, we request that you re-notice the depositions in accordance with the Order and Rule 30(a)(2)(A)(ii) for one of the dates set forth below by this Friday, April 10. If you do not, we will seek a protective order and there will be no Rule 30(b)(6) depositions until the matter is resolved by the Court.

Winn-Dixie is not available April 29 but is available May 11, 19, 26 and 27.

Sincerely,

David L. Gay

DLG/tdt/00649050

## David L. Gay

| | |
|---|---|
| **From:** | Guy Rubin [grubin@rubinandrubin.com] |
| **Sent:** | Monday, April 20, 2009 3:52 PM |
| **To:** | David L. Gay |
| **Cc:** | Stephen D. Busey; Gladys LaForge |
| **Subject:** | RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery |
| **Importance:** | High |

Mr. Gay,

This email responds to your email below received last Friday at 4:46 p.m. and your notices of taking depositions of former Visagent employees.

1.      In an effort to resolve this scheduling and notice issue, we are considering the realignment of our depositions previously noticed for 4/27, 4/28 and 4/29. You have indicated WD's corp. rep. is not available on 4/28. Please advise as to his/her availability on 4/27 and the morning of 4/28. Also, in your email below, you did not disclose the reason WD is not available on 4/29; I again ask why that date is not available, and also what other dates are available between 4/29 and May 11?

2.      In order to further avoid dispute and delays, we will be sending out an amended notice of taking deposition. To be crystal clear, items 24 and 25 were added simply as an attempt to provide Debtor with a detailed description of a particular defense we will ask questions about so WD will have the right person at the deposition. The defenses of WD as to this claim are already noticed in items 21 and 22 which are specifically ordered as you acknowledge. Accordingly, we will remove areas 24 and 25, since it apparently is offensive to you; however, you and WD are on notice that we will be asking questions regarding *those* specific areas of knowledge and all other WD defenses during the 30(b) deposition. I trust you will have a representative knowledgeable as to *all* defenses to the claim at the deposition, including all specific facts supporting each defense.

3.      Regarding the depositions you unilaterally scheduled, Warren on 5/11 is fine, provided Visagent has completed its previously noticed depositions by then. I.M. Rubin on 5/15 is not available as I have a specially set hearing in Palm Beach County that same morning. Please advise if you can move this deposition to either 5/12 or 5/13. Handmaker on 5/19 in the a.m. is not available, however if you can move it back to 2 p.m. on 5/19, I can make it. Let me know.

4.      Finally, regarding mediation, you infer there are deficiencies in our amended discovery responses. We sent you amended responses on 3/31/09 and provided a privilege log as well. Did you receive these materials? If not, I will be happy to resend them. If so, I have had no notice from you of any specific deficiencies. Please clarify your email in this regard. Also, are you saying you will not *schedule* mediation until after the depositions? If so, obviously there will be no mediation since we will certainly be unable to find a mediator, common available dates, and travel arrangements in the short time between the conclusion of depositions and the first day of trial. Please clarify this as well.

From the desk of:

**EXHIBIT 5**

Guy Bennett Rubin, Esq.

4/26/2009

Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

---

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Friday, April 17, 2009 4:46 PM
**To:** Guy Rubin
**Cc:** Stephen D. Busey
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker

Mr. Rubin:

In response to your email below, thank you for clarifying that, despite the language in your April 3 deposition notice, you intend to depose the representative you have noticed for April 29 regarding only areas 1-22 and 25.

Regarding the April 29 deposition date, we advised your office that we would need to confirm Winn-Dixie's availability, which you recognized in your April 3 email accompanying the deposition notice. We subsequently learned Winn-Dixie is not available on April 29.

The May 11 date was not suggested in error, but simply offered as an alternative date should Mr. Warren not be available on that date for any reason.

As we have previously explained, Visagent is only entitled to one corporate representative deposition without agreement from Winn-Dixie or leave of court. Winn-Dixie agreed to produce a representative for deposition regarding area of inquiry 23. Due in part to that concession, the Court granted Visagent leave to conduct additional depositions concerning only those areas of inquiry previously noticed. The Court's order does not grant Visagent authority to depose Winn-Dixie's representatives regarding paragraphs 24 and 25 of you April 3 notice.

Please let us have a corrected notice by Monday. Please consider this an last attempt to resolve these issues without intervention of the Court.

Lastly, Winn-Dixie will not mediate this matter until after Winn-Dixie takes the depositions it noticed last week and Visagent provides the discovery responses required by the Court, including the privilege logs which the Court ordered Visagent to produce more than two weeks ago.

**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

4/26/2009

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Monday, April 13, 2009 4:29 PM
**To:** Stephen D. Busey
**Cc:** David L. Gay; Gladys LaForge
**Subject:** Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker

Steve,

I am back from out of the country and I write to respond to Mr. Gay's April 7th letter.

Regarding the dates for the 30(b)(6) deposition, as was made clear in my email to you and Mr. Gay on April 3rd, we have noticed item numbers 23 and 24 for April 28th, and the balance of the areas for the following day. If that was not clear in my email, please accept this email as clarification that we do not intend to ask the representative produced on April 29th questions regarding these same areas (items 23 and 24). Since Mr. Gay has not indicated a corporate representative is unavailable on April 28th, we expect to proceed accordingly.

Regarding Winn-Dixie's asserted unavailability on April 29th, we proffered this date approximately 2 months in advance. Please provide the specific reason a Winn-Dixie representative is "not available" until May 11th, three weeks before trial. Also, May 11, the first date you suggested for the corporate representative deposition regarding areas 1-23 and 25, would be in conflict with the date you unilaterally noticed for the deposition of Robert Warren. Was this an oversight?

Regarding Mr. Gay's intention to file a motion unless we amend our notice, we welcome it and look forward to your filing of a motion to clarify the proper scope of the corporate representative deposition. Such a motion should be filed and scheduled for hearing before April 28th. In fact, I will make myself available, if at all possible, for a short-notice hearing provided I can attend by telephone. Mr. Gay's statement that no deposition will take place until a court resolution occurs is neither necessary nor countenanced by the law. At a minimum, we are permitted to proceed as to the areas for which there is no disagreement subject to objections from either side made at the time of deposition. This is clearly what the rules intend, and based upon Judge Funk's comments at the last hearing, the Court agrees with such an interpretation. I look forward to your response in an attempt to work out these issues.

Finally, I still have not received any response from you regarding a mediation date or a mediator. Is this intentional or an oversight?

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

4/26/2009

# David L. Gay

**From:**   David L. Gay
**Sent:**   Thursday, April 23, 2009 4:10 PM
**To:**     'Guy Rubin'
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery

Mr. Rubin:

We haven't received the amended notice you reference below.

Since you already have depositions scheduled for the 27th and 28th, and we have made arrangements regarding those depositions, we are reluctant to reschedule Tom Barr's deposition for either of those dates.  We will confirm with you the available dates prior to May 11 for Mr. Barr's deposition as soon as possible.

Additionally, regarding the corporate representative deposition you previously noticed for the 28th at 3:00 p.m., we are attempting to confirm the availability of the appropriate representative for that deposition.  Due to Mr. Wulfert's deposition scheduled for earlier that day and other scheduling conflicts, we suggest moving that deposition to the next morning, Wed. the 29th.

We will confirm our availability for the alternate dates/times you suggested for Mr. Rubin's and Mr. Handmaker's depositions as soon as possible.

Please provide suggested dates for mediation and we will confirm our availability on those dates as well.

Lastly, as we have advised on several occasions, we still have not received the privilige log the Court ordered Visagent to produce no later than March 31.


**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com


---

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Monday, April 20, 2009 3:53 PM
**To:** David L. Gay
**Cc:** Stephen D. Busey; Gladys LaForge
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery
**Importance:** High

Mr. Gay,

This email responds to your email below received last Friday at 4:46 p.m. and your notices of taking depositions of former Visagent employees.

1.      In an effort to resolve this scheduling and notice issue, we are considering the realignment of our

**EXHIBIT 6**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                              )        CASE NO.: 05-03817-3F1
                                    )
WINN-DIXIE STORES, INC. et al       )        Chapter 11
                                    )
        Debtors.                    )        Jointly Administered

AMENDED NOTICE OF TAKING CONTINUATION VIDEO DEPOSITION

TO:   CORPORATE REPRESENTATIVE(S) OF: Winn-Dixie Store, Inc.
      David L. Gay, Esq.
      Smith Hulsey & Busey
      225 Water St., Ste. 1800
      Jacksonville, Florida 32202

      PLEASE TAKE NOTICE that VISAGENT CORP. through and by undersigned counsel,

will take the deposition by oral examination pursuant to Fed. R. Civ. P. 30 & 45, of the person or

persons named below, at the time, date and at the hour and place indicated from day to day until

concluded.

A:    THE CORPORATE REPRESENTATIVE(S) OF WINN-DIXIE STORES INC.,
WHO HAS/HAVE THE MOST KNOWLEDGE REGARDING:

   1.   Purchases and sales by Debtor in the secondary market during the time period of
        2000 through 2005.

   2.   Purchases and sales of inventory by Debtor with any non-manufacturer during
        the time frame 2000 through 2005.

   3.   Purchases and sales of whole truckloads in the secondary market by Debtor to
        with non-manufacturer during the time frame 2000 through 2005.

   4.   Purchases and sales of partial, LTL, or less than, truckloads in the secondary
        market by Debtor with non-manufacturer during the time frame 2000 through
        2005.

   5.   All aspects of Debtor's custom and practices in the secondary markets for any
        goods bought or sold by Debtor in these markets during the time frame 2000
        through 2005.

   6.   All aspects of Debtor's custom and practices in dealings with diverters or
        alternate source vendors during the time frame 2001 through 2004.

**EXHIBIT 7**

7.    Purchases and sales through or facilitated by Victory Wholesale Grocers during the time period of 2000 through 2005.

8.    All aspects of the relationship and dealings between Debtor and Victory during the time period of 2000 through present.

9.    Purchases and sales through or facilitated by Dayman & Associates during the time period of 2000 through 2005.

10.   All aspects of the relationship and dealings between Debtor and Dayman & Associates during the time period of 2000 through present.

11.   Purchases and sales through or facilitated by Food Marketing Group (FMG) during the time period of 2000 through 2005.

12.   All aspects of the relationship and dealings between Debtor and FMG during the time period of 2001 through present.

13.   Purchases and sales through or facilitated by Worldwide Retail Exchange (WWRE) during the time period of 2000 through 2005.

14.   All aspects of the relationship and dealings between Debtor and WWRE during the time period of 2000 through present.

15.   Purchases and sales through or facilitated by intesource during the time period of 2000 through 2005.

16.   All aspects of the relationship and dealings between Debtor and Intesource during the time period of 2000 through present.

17.   All aspects of the relationship and dealings between Debtor and C&S Wholesale Grocers, Inc. during the time period of 2000 through present.

18.   All aspects of the Outside Sales Program (OSC) in connection with Visagent or any other entity during the time period of 2001 through present.

19.   Administration of the Service Agreement between Visagent and Winn-Dixie which is the subject of this litigation including all transactions by Winn-Dixie made pursuant to said agreement.

20.   All correspondence, communications (internal or external), conferences, meetings, representations and any other aspect of the relationship between Visagent and Debtor from 2000 to present.

21.   All defenses to the claims of Visagent in this litigation.

22.   The specific facts supporting all claims and defenses in connection with Debtor's Objection, as set forth in its Fourteenth Omnibus Claims Objection relating to Claim No. 9953.[1]

23.   The Victory Wholesale Brokers' NTS System (the NTS system) as used by Debtor's employees or by the employees of Victory Wholesale Brokers on behalf of Debtor, including, but not limited to:

a.  all hardware placed in service in Debtor's offices to facilitate any aspect of buying or selling goods in the secondary marketplace;

b.  all software placed in service in Debtor's offices to facilitate any aspect of buying or selling goods in the secondary marketplace;

c.  the mode, methods and technical specifications of the NTS System, as used in facilitating trades by or on behalf of Debtor;

d.  all technical specifications concerning the transmission of data to, from and through the NTS system.

---

[1] If Winn-Dixie asserts as a defense that a discrete identifiable dollar value of sales or purchases in the secondary market were made by Winn-Dixie pursuant to the exclusion in the Service Agreement relating to "electronic data transmissions detailing 'in-stock' product availability of less than full or truckload quantities obtained from the inventory of wholesalers", and such transactions are therefore excluded from any damages calculation, Visagent intends to ask the corporate representative the identity of every wholesaler that was providing such "electronic transmissions" of in-stock availabilities as of June 28, 2001; the identity of every wholesaler that provided "electronic transmissions" of in-stock availabilities for the first time after June 28, 2001; the beginning and end dates of all electronic transmissions for every wholesaler identified; the identity of the individual(s) involved in the process of the receipt, processing and management of such "electronic transmissions" by or on behalf of Debtor from June 28, 2001 through June 30, 2004, including the name of each individual's employer; the process utilized for the receipt, processing and management of such "electronic transmissions" by or on behalf of Debtor for the period January 1, 1996 through June 28, 2001, and for the period June 28, 2001 through June 30, 2004, including the specific brands and specifications of all computer hardware and software, and whether there was more than one system to accept downloads from wholesalers; the total purchases made by Debtor as a result of receipt of such "electronic transmissions" from June 28, 2001 through June 30, 2004, including the distinction between purchases from those wholesalers who were providing "electronic transmissions" prior to June 28, 2001 and those wholesalers who began providing "electronic transmissions" after June 28, 2001. Further, in connection with the claims and defenses of Debtor, Visagent intends to ask the corporate representative the specific nature of all business relationships between Winn-Dixie and C & S Wholesale, Rite Aid, Giant Eagle, Ingles Markets, HEB, Safeway or any other end users or retailers between June 1, 2003 through present, including the gross sales or purchases with each on an annual basis during this time frame.

3

This deposition will take place as follows:

- **Tuesday, April 28, 2009 commencing at 3:00 p.m. for item 23 above only,**

- **Wednesday, April 29, 2009, commencing at 10:00 am for the balance of the areas of inquiry identified in this notice,**

each at the office of Hedquist and Associates, 345 East Forsyth Street, Jacksonville, Florida 32202. The deposition(s) shall be upon oral examination, before an Official Court Reporter, or a Notary Public in and for the State of Florida at Large, or some other officer duly authorized by law to take depositions. The deposition(s) is/are being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules. Said deposition(s) shall continue from hour to hour, and day to day until completed.

In accordance with the Americans with Disabilities Act, persons in need of a special accommodation to participate in this proceeding shall, within seven (7) days prior to any proceeding, contact the Clerk, Clerk of the United States District Court, Jacksonville, FL 34950, (904) 803-3400.

PLEASE BE GOVERNED ACCORDINGLY

DATED on ____4/-2 4/____, 2009.

4

## CERTIFICATE OF SERVICE

I certify that a true copy was sent via U.S. Mail to Smith Hulsey & Busey, Stephen D. Busey, Esq., David L. Gay, Esq., James H. Post, Esq., Cynthia C. Jackson, Esq., 225 Water Street, Suite 1800, Jacksonville, FL 32202, counsel for the Debtor this 24rd day of April, 2009.

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Counsel for Visagent Corp.

5

## David L. Gay

**From:** Guy Rubin [grubin@rubinandrubin.com]
**Sent:** Saturday, April 25, 2009 3:46 PM
**To:** David L. Gay
**Cc:** Stephen D. Busey; Gladys LaForge
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery

Mr. Gay,

As I indicated to you in my April 14th email, we have been willing to try to work scheduling out with your client, but if that was not possible, then we welcome a motion to have Judge Funk sort things out. Instead of filing a motion for protective order, you have chosen to wait until the 11th hour yet again.

I've asked you on several occasions to identify the nature of WD's conflict or unavailability that makes the 30(b) deposition on Wednesday problematic. You have chosen to ignore my inquiries in this regard. I have asked you for alternative dates, prior to or immediately after April 29th, and you have responded by providing a date 2 weeks out, which will put the trial week in jeopardy, or you have told me you would get back to me at some uncertain time in the future. When I suggested realigning the depositions so we can address WD's alleged unavailability, you replied that you don't want to change the plans because you have already made "arrangements", but in the same email, you request we move the NTS portion of the 30(b) deposition from Tuesday afternoon to Wednesday, April 29th!

As we are only 5 weeks from trial, I don't have time for these games. We intend to proceed as noticed. If you fail to produce a witness Tuesday at 3 p.m., or Wednesday at 10 a.m., you better be prepared to explain it to Judge Funk.


From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

---

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Friday, April 24, 2009 5:24 PM
**To:** Guy Rubin
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery

**EXHIBIT 8**

Mr. Rubin:

As you know, we never advised that Winn-Dixie was available on April 28 or April 29 for the corporate representative depositions referenced in your amended re-notice.  To the contrary, we have repeatedly advised, including the email below, that Winn-Dixie is not available on April 29 for the deposition regarding areas 1-22 of your amended re-notice.  We also agreed, per your request, to provide alternate dates for that deposition.

Also, in the email below, in order to accommodate the scheduling of the deposition regarding area 23 of your amended re-notice, we requested that you notice that deposition for the the morning of April 29, as opposed to the afternoon of April 28.

Please advise if you are unwilling to agree to the foregoing, in which case we will be forced to bring the matter before the Court.

**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Friday, April 24, 2009 4:08 PM
**To:** David L. Gay
**Cc:** Stephen D. Busey; Gladys LaForge
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery

Here is the amended re-notice for the corporate representative depositions Tuesday and Wednesday.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law.  If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure.  Thank you.

---

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Thursday, April 23, 2009 4:10 PM
**To:** Guy Rubin
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery

Mr. Rubin:

We haven't received the amended notice you reference below.

Since you already have depositions scheduled for the 27th and 28th, and we have made arrangements regarding those depositions, we are reluctant to reschedule Tom Barr's deposition for either of those dates. We will confirm with you the available dates prior to May 11 for Mr. Barr's deposition as soon as possible.

Additionally, regarding the corporate representative deposition you previously noticed for the 28th at 3:00 p.m., we are attempting to confirm the availability of the appropriate representative for that deposition. Due to Mr. Wulfert's deposition scheduled for earlier that day and other scheduling conflicts, we suggest moving that deposition to the next morning, Wed. the 29th.

We will confirm our availability for the alternate dates/times you suggested for Mr. Rubin's and Mr. Handmaker's depositions as soon as possible.

Please provide suggested dates for mediation and we will confirm our availability on those dates as well.

Lastly, as we have advised on several occasions, we still have not received the privilige log the Court ordered Visagent to produce no later than March 31.


**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Monday, April 20, 2009 3:53 PM
**To:** David L. Gay
**Cc:** Stephen D. Busey; Gladys LaForge
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery
**Importance:** High

Mr. Gay,

This email responds to your email below received last Friday at 4:46 p.m. and your notices of taking depositions of former Visagent employees.

1.      In an effort to resolve this scheduling and notice issue, we are considering the realignment of our depositions previously noticed for 4/27, 4/28 and 4/29. You have indicated WD's corp. rep. is not available on 4/28. Please advise as to his/her availability

on 4/27 and the morning of 4/28. Also, in your email below, you did not disclose the reason WD is not available on 4/29; I again ask why that date is not available, and also what other dates are available between 4/29 and May 11?

2.      In order to further avoid dispute and delays, we will be sending out an amended notice of taking deposition. To be crystal clear, items 24 and 25 were added simply as an attempt to provide Debtor with a detailed description of a particular defense we will ask questions about so WD will have the right person at the deposition. The defenses of WD as to this claim are already noticed in items 21 and 22 which are specifically ordered as you acknowledge. Accordingly, we will remove areas 24 and 25, since it apparently is offensive to you; however, you and WD are on notice that we will be asking questions regarding *those* specific areas of knowledge and all other WD defenses during the 30(b) deposition. I trust you will have a representative knowledgeable as to *all* defenses to the claim at the deposition, including all specific facts supporting each defense.

3.      Regarding the depositions you unilaterally scheduled, Warren on 5/11 is fine, provided Visagent has completed its previously noticed depositions by then. I.M. Rubin on 5/15 is not available as I have a specially set hearing in Palm Beach County that same morning. Please advise if you can move this deposition to either 5/12 or 5/13. Handmaker on 5/19 in the a.m. is not available, however if you can move it back to 2 p.m. on 5/19, I can make it. Let me know.

4.      Finally, regarding mediation, you infer there are deficiencies in our amended discovery responses. We sent you amended responses on 3/31/09 and provided a privilege log as well. Did you receive these materials? If not, I will be happy to resend them. If so, I have had no notice from you of any specific deficiencies. Please clarify your email in this regard. Also, are you saying you will not *schedule* mediation until after the depositions? If so, obviously there will be no mediation since we will certainly be unable to find a mediator, common available dates, and travel arrangements in the short time between the conclusion of depositions and the first day of trial. Please clarify this as well.


From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

---

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Friday, April 17, 2009 4:46 PM
**To:** Guy Rubin

**Cc:** Stephen D. Busey
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker

Mr. Rubin:

In response to your email below, thank you for clarifying that, despite the language in your April 3 deposition notice, you intend to depose the representative you have noticed for April 29 regarding only areas 1-22 and 25.

Regarding the April 29 deposition date, we advised your office that we would need to confirm Winn-Dixie's availability, which you recognized in your April 3 email accompanying the deposition notice. We subsequently learned Winn-Dixie is not available on April 29.

The May 11 date was not suggested in error, but simply offered as an alternative date should Mr. Warren not be available on that date for any reason.

As we have previously explained, Visagent is only entitled to one corporate representative deposition without agreement from Winn-Dixie or leave of court. Winn-Dixie agreed to produce a representative for deposition regarding area of inquiry 23. Due in part to that concession, the Court granted Visagent leave to conduct additional depositions concerning only those areas of inquiry previously noticed. The Court's order does not grant Visagent authority to depose Winn-Dixie's representatives regarding paragraphs 24 and 25 of you April 3 notice.

Please let us have a corrected notice by Monday. Please consider this an last attempt to resolve these issues without intervention of the Court.

Lastly, Winn-Dixie will not mediate this matter until after Winn-Dixie takes the depositions it noticed last week and Visagent provides the discovery responses required by the Court, including the privilege logs which the Court ordered Visagent to produce more than two weeks ago.


**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Monday, April 13, 2009 4:29 PM
**To:** Stephen D. Busey
**Cc:** David L. Gay; Gladys LaForge
**Subject:** Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker

Steve,

I am back from out of the country and I write to respond to Mr. Gay's April 7th letter.

Regarding the dates for the 30(b)(6) deposition, as was made clear in my email to you and Mr. Gay on April 3rd, we have noticed item numbers 23 and 24 for April 28th, and the balance of the areas for the following day.  If that was not clear in my email, please accept this email as clarification that we do not intend to ask the representative produced on April 29th questions regarding these same areas (items 23 and 24).  Since Mr. Gay has not indicated a corporate representative is unavailable on April 28th, we expect to proceed accordingly.

Regarding Winn-Dixie's asserted unavailability on April 29th, we proffered this date approximately 2 months in advance.  Please provide the specific reason a Winn-Dixie representative is "not available" until May 11th, three weeks before trial.  Also, May 11, the first date you suggested for the corporate representative deposition regarding areas 1-23 and 25, would be in conflict with the date you unilaterally noticed for the deposition of Robert Warren.  Was this an oversight?

Regarding Mr. Gay's intention to file a motion unless we amend our notice, we welcome it and look forward to your filing of a motion to clarify the proper scope of the corporate representative deposition.  Such a motion should be filed and scheduled for hearing before April 28th.  In fact, I will make myself available, if at all possible, for a short-notice hearing provided I can attend by telephone.  Mr. Gay's statement that no deposition will take place until a court resolution occurs is neither necessary nor countenanced by the law.  At a minimum, we are permitted to proceed as to the areas for which there is no disagreement subject to objections from either side made at the time of deposition.  This is clearly what the rules intend, and based upon Judge Funk's comments at the last hearing, the Court agrees with such an interpretation.  I look forward to your response in an attempt to work out these issues.

Finally, I still have not received any response from you regarding a mediation date or a mediator.  Is this intentional or an oversight?

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law.  If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure.  Thank you.

The information contained in this communication may be confidential, is intended

only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

4/26/2009