UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re | Case No.: 3:05-bk-03817-JAF |
| Winn-Dixie Stores, Inc., et. al., | Chapter 11 |
| Debtors. | Jointly Administered |

ORDER GRANTING MOTION TO
SUPPLEMENT PROTECTIVE ORDER

This matter is before the Court upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") for entry of an order supplementing the protective order governing Debtors' confidential information entered by the Court on September 14, 2006, to govern Winn-Dixie's Metafile archive documents (the "Motion"). The Court has reviewed the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED THAT:

1. This Supplemental Protective Order supplements the Protective Order entered by the Court in this matter on September 14, 2006 (the "Protective Order") (Docket No. 10932), and shall be read together with that Protective Order. Except as amended herein, all terms of the Supplemental Protective Order shall remain in force and unchanged. Any capitalized terms not defined herein shall have the same meaning as assigned to them in the Supplemental Protective Order.

2. The following shall govern disclosure of all documents and information from Winn-Dixie's Metafile electronic data archive system to be produced by Winn-Dixie pursuant to the Court's November 4 order (Docket No. 21606) on Visagent's Fourth Motion to Compel (the "Metafile Documents").

3. The party receiving the Metafile Documents, Visagent Corporation, including its officers, directors, employees, and its agents or attorneys ("Visagent"), shall use the Metafile Documents solely for the purpose of obtaining and reviewing, for use in this matter, bills of lading or similar documents referring or relating to the purchases and sales by Winn-Dixie of goods in the secondary market between June 28, 2001 and June 28, 2004 (the "Bills of Lading"). Visagent shall not disclose the Metafile Documents to any third party, or use the Metafile Documents for any other purpose, except in accordance with the terms of this Supplemental Protective Order.

4. Notwithstanding the provisions of paragraph 3, Visagent may disclose the Bills of Lading:

    (a) to experts or advisors retained in a consulting or testifying role in connection with these bankruptcy cases; provided, that any such expert or advisor who receives the Bills of Lading Information shall be bound by the terms and conditions of this Order;

    (b) to the Court in the course of any contested matter or adversary proceeding in these bankruptcy cases; or

    (c) in accordance with paragraph 5.

5. In the event Visagent (i) receives a subpoena, interrogatory, or other request for the Metafile Documents or (ii) believes that it is legally required to disclose any of the Metafile Documents to a governmental or other regulatory body to whose jurisdiction it believes it is subject, Visagent party shall promptly provide written notice

of any such request or requirement to Winn-Dixie so that Winn-Dixie may timely seek, at its expense, a protective order or other appropriate remedy. Visagent shall not disclose the Metafile Documents until Winn-Dixie's objections to disclosure have been resolved unless required to do so by order of a court of competent jurisdiction or governmental or other regulatory body.

6. The parties expressly recognize that the Metafile Documents may contain attorney-client and work-product privileged materials and that the production of such materials shall not constitute nor be deemed a waiver of any such privileges. This Supplemental Protective Order shall not prohibit or bar Winn-Dixie from asserting that Winn-Dixie has not in any way mitigated or waived any attorney-client privilege, work-product doctrine or other applicable privileges or protections with respect to the Metafile Documents or otherwise. Visagent is precluded from using for any purpose any privileged material disclosed as part of the Metafile Documents. Any privileged material received must be returned by Visagent to Winn-Dixie accompanied by a certification that any copies of the Metafile Documents, and any notes discussing the Metafile Documents have been deleted or destroyed.

7. Due to the nature of the Metafile Documents and the limited ability of Winn-Dixie to seek adequate compensation from Visagent for any failure by Visagent to abide by this Supplemental Protective Order, Visagent's officers and directors, ~~including its current president I. Mark Rubin, and Visagent's attorney in this matter, Guy Bennett Rubin,~~ shall be personally ~~jointly and severally~~ liable for any willful or intentional use or dissemination of the Metafile Documents except as provided for in this Supplemental Protective Order.

3

8. The parties agree that money damages may not be a sufficient remedy for any breach of this Order and that Winn-Dixie may be irreparably harmed in the event of such a breach. Without prejudice to any other remedies or money damages to which they may be entitled, Winn-Dixie shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any breach of this Supplemental Protective Order.

9. Each party shall remain bound by the terms of this Order until otherwise agreed in writing by the Parties or so ordered by the Court.

10. Upon the conclusion of this matter between the parties by entry of an order which is no longer subject to appeal, reconsideration, or reargument, Visagent shall return to Winn-Dixie the Metafile Documents accompanied by a certification that any copies of the Metafile Documents, and any notes discussing the Metafile Documents have been deleted or destroyed.

11. It is understood and agreed that failure or delay in exercising any right, power or privilege under this Supplemental Protective Order shall not constitute a waiver of that right, power or privilege, and that any single or partial exercise of such right, power or privilege shall not preclude any other or further exercise of such right, power or privilege. The agreements set forth in this Supplemental Protective Order may only be waived or modified by an agreement in writing signed by or on behalf of the parties.

12. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

13. Nothing in this Order shall prevent Winn-Dixie from using the Metafile Documents as it deems necessary and/or appropriate or from seeking further protection

with respect to the use of such material. Any such action shall not be deemed a breach or waiver of Winn-Dixie's obligations under this Supplemental Protective Order.

DATED in Jacksonville, Florida this 27 day of April, 2009.

*[signature]*
Jerry A. Funk
United States Bankruptcy Judge

00649358