## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:                                          )          CASE NO.: 05-03817-3F1
                                                )
WINN-DIXIE STORES, INC. et al  )          Chapter 11
                                                )
            Debtors.                           )          Jointly Administered

## VISAGENT CORPORATIONS'S RESPONSE TO MOTION FOR PROTECTIVE ORDER AND REQUEST FOR AN EMERGENCY HEARING

Visagent Corporation (hereinafter "Visagent"), a claimant herein, responds to the application of Debtor seeking a Protective Order and an Emergency Hearing as follows:

First, this matter should not be entertained as an emergency motion since the situation was created by Debtor's delay in bringing this matter to the Court's attention in a timely manner. Debtor fails to provide a complete account of the interaction between counsel prior to this "emergency". Undersigned counsel actually requested dates for the 30(b) continuation deposition on February 25, 2009, even before this Court's Order compelling the deposition. S*ee email string attached as Exhibit 1.* Two days later, Mr. Gay's assistant, Teresa Thiele responded, proposing April 27, 28 and 29; at that time some two months in advance of the proffered dates. Id.

After receiving the Court's March 28th Order, undersigned counsel confirmed the dates proposed by Debtor, suggesting a specific schedule for the two parts of the 30(b) deposition. *See email string attached as Exhibit 2.* Mr. Gay responded confirming his availability, but stated he still needed to check Debtors availability **nearly six weeks after clearing the dates**. He stated he would advise "as soon as possible". He did not do so.

1

After not hearing any confirmation of the dates supplied by Debtor's counsel in more than a month, undersigned counsel again wrote an email urging confirmation of the dates and expressing a concern regarding the short time remaining before the proposed dates and the short time before trial in which to get all discovery completed. *See email string attached as Exhibit 3*. Not hearing back from Debtor's counsel, the next day, Visagent served its notice of taking depositions on Debtor.

On April 7, 2009, Mr. Gay wrote a letter arguing that the notice of taking deposition of the 30(b) representative was improper, repeating his previously overruled objections regarding the scope of a corporate representative deposition. In that letter, Mr. Gay threatened taking the issue to the Court.

Upon returning from a vacation out of the country, undersigned responded to Mr. Gay's letter on April 13, 2009, advising Debtors' counsel that Visagent welcomed Debtor's motion for protective order so the court could determine the issues in dispute once again, **further advising that such a motion should be filed and scheduled for hearing before April 28th**. In this April 13th email, Visagent specifically requested from defense counsel the reason for the alleged corporate representative's unavailability on April 29th. *See email attached as Exhibit 4*. In undersigned's email dated April 20, 2009, again the nature of the corporate representative's unavailability was requested,

"1. In an effort to resolve this scheduling and notice issue, we are considering the realignment of our depositions previously noticed for 4/27, 4/28 and 4/29. You have indicated WD's corp. rep. is not available on 4/28. Please advise as to his/her availability on 4/27 and the morning of 4/28. Also, in your email below, you did not disclose the reason WD is not available on 4/29; I again ask why that date is not available, and also what other dates are available between 4/29 and May 11?" No response was ever given as to the nature of the "unavailability".

Once again on April 25, 2009, undersigned counsel advised as follows:

2

Mr. Gay,

As I indicated to you in my April 14th email, we have been willing to try to work scheduling out with your client, but if that was not possible, then we welcome a motion to have Judge Funk sort things out. Instead of filing a motion for protective order, you have chosen to wait until the 11th hour yet again.

I've asked you on several occasions to identify the nature of WD's conflict or unavailability that makes the 30(b) deposition on Wednesday problematic. You have chosen to ignore my inquiries in this regard. I have asked you for alternative dates, prior to or immediately after April 29th, and you have responded by providing a date 2 weeks out, which will put the trial week in jeopardy, or you have told me you would get back to me at some uncertain time in the future. When I suggested realigning the depositions so we can address WD's alleged unavailability, you replied that you don't want to change the plans because you have already made "arrangements", but in the same email, you request we move the NTS portion of the 30(b) deposition from Tuesday afternoon to Wednesday, April 29th!

As we are only 5 weeks from trial, I don't have time for these games. We intend to proceed as noticed. If you fail to produce a witness Tuesday at 3 p.m., or Wednesday at 10 a.m., you better be prepared to explain it to Judge Funk.

Despite this "counseling", Debtor's counsel decided to wait until both parties were in deposition in Bradenton on April 27th, to file its "emergency" motion, one day before the scheduled depositions at issue. Unquestionably, Mr. Gay waited to file Debtor's emergency motion until he knew a hearing could not be arranged, and then took the relief rather than obtaining an order of protection. This motion is not made in good faith; it lacks any reason for unavailability of the corporate representative and under the circumstances, is not timely. Under these circumstances, sanctions are warranted, particularly after the March 28 order compelling the subject depositions.

As the cumulative email strings show, the request for the reasona of unavailability was made on numerous occasions. To date, Debtor has provided no response, giving no reason for its representative's unavailability just a month before trial, **and remarkably,**

**no reason is given to the Court in the emergency motion for protective order either**.

Id. Apparently, not only does Debtor believe it owes no duty to the opposing party to

explain the reason for its unavailability, but also owes no duty to the Court. In fact, most

incredibly, on April 28th, Tom Barr, the Debtor's 30(b) corporate representative, sat

through the 3-hour deposition of Lester Wulfort, a former Winn-Dixie manager.[1] After

the completion of Mr. Wulfort's deposition, undersigned counsel asked Mr. Gay, "I do on

the record though want to ask, since Mr. Barr is here present for the deposition today, if

he's available tomorrow, and if not, why not?" Mr. Gay responded, "I'm not going to

have that discussion on the record" which begs the question, other than keeping this

"secret" from this Court, why wouldn't a lawyer want a legitimate reason on the record?

*See Wulfort transcript excerpt attached as Exhibit 5.*

This is the SECOND occasion in which Debtor attempts to thwart the Court

ordered continuation of its corporate representative's deposition. On the first occasion,

the continued deposition was scheduled for November 21, 2008.[2] Debtors summarily,

without seeking judicial intervention, failed to produce the representative, even though

the date was agreed and notice was given. Visagent filed its Seventh Motion to Compel

addressing Debtors' wanton disregard of the Federal Rules of Civil Procedure. A hearing

---

[1] Mr. Wulfort's deposition was scheduled for 10 a.m., but was pushed back to 1 pm due
to Visagent's perceived need to immediately respond to the subject emergency motion for
protective order. Later, undersigned counsel found out after contacting the Court's clerk
that Judge Funk was out of town and would not review the motion and response until
Monday, May 4th at the earliest. The first part of the scheduled 30(b) deposition
(regarding item 23 NTS system issues), was noticed and set by agreement for 3 p.m. this
same day (April 28, 2009) however **Debtor refused to provide a witness for this part
of the deposition as duly noticed even in the absence of any claim of unavailability!**
[2] Visagent has been attempting to conclude this 30(b) deposition since 2007 and was
permitted additional time to depose Debtor in this Court's December 28, 2007 Order.

was held on January 26, 2009. During that hearing, Visagent's counsel argued in support

of the motion as follows (Transcript p. 59-60):

> The failure of a corporate representative to appear for deposition is
> sanctionable. I would, as my last comment, merely say, Your Honor, that
> without the vehicle that's prescribed in the rules and complying with the
> rules, we can do whatever we want, and that's a form of legal anarchy.
> But where you get a notice and you clear a date and you just say: I'm not
> going to show up because your notice isn't right, and then you take it upon
> yourself to say: And that's the end of the story, we're just not going to
> produce anybody, or we'll produce a person on our terms, not on your
> terms, I don't see how this Court can condone that kind of taking the law
> into your own hands. If you agree on a date and you get a notice and
> somehow you have a problem with that, you at least have to file a motion.
> If you can't have it heard, at least you've done what you can do if there's
> short time or you try and get an emergency motion.  But you just don't
> thumb your nose at the other side and say:  Too bad.
>     And that's really why we're here, because I think we need to have
> the Debtors set straight hat, if there's a discovery dispute, there's a way to
> have that dispute resolved, and that's by using the mechanisms of the
> Court and protective orders, it's not taking the law into your own hands.

The Court commented during the hearing that the rule provides a protective order must be

sought under the circumstances (Page 83-84):

> I'll look further at the case law, but it seems to me to make pretty good
> sense that Mr. Rubin's law concerning a corporate representative and a
> 30(b)(6) deposition, that makes sense. In other words, you give the notice
> of the areas you want to talk about, you prepare your witnesses. As to
> additional areas he may add or bring up at the deposition, if the man can
> answer them, fine; if he can't, that's the deponent's problem. And whether
> he can take another deposition of another corporate representative, maybe.
> In this particular case, technically I guess the notice was nine days, but
> everybody knew the dates involved. It just seems like there isn't the
> cooperation that there ought to be between professionals involved herein.
> Of course, you know, Mr. Rubin, attorneys are mercenary soldiers. They
> represent a client and they do what the client directs, and I'm sure you
> have been in that situation. I'm not saying you're in that situation now, but
> you may be. I'm just sorry y'all can't resolve all this stuff, and I'm sorry I
> can't get on the phone with you every day and come up with my little
> solutions, which probably wouldn't solve it.

One of Debtors' objections to the Re-Notice was the addition of areas of inquiry. On that

point, the Court stated at page 86:

> It seems to me that you produce somebody, if the questions they ask
> require work product as an answer, which happened in one of your
> previous depositions, then you object and instruct the witness not to
> answer, and then the Court will deal with it, because he may be able to
> answer some of it but not all of it. But I'm just throwing that out there that
> way as opposed to try to deal with it. Just because they give you an area
> of expertise, which they didn't even have to put on there, they could have
> asked him that question at the deposition and you would have objected
> based on work product or attorney-client privilege.

Prior to filing its Motion For Protective Order, Debtors' counsel **never** advised

undersigned that the corporate representative was not available on April 28, 2009 at 3 pm

for the item 23 (NTS) part of the deposition. At the deposition of Richard Judd in

Bradenton on April 27th (yesterday), Mr. Gay advised that Debtor would not be providing

any witness on either April 28 or 29 as its corporate representative. When asked why the

April 28th, portion of the 30(b) deposition could not go forward, Mr. Gay replied that it

was his "understanding" that the anticipated representative expected to testify as to item

23 (Mr. Kevin Gates) was also not available tomorrow.

A review of the correspondence submitted by both parties will show this Court

that Visagent has worked diligently to try to accommodate legitimate conflicts and

unavailability. (As exhibited by Visagent's re-noticing of the 30(b) deposition as to

objectionable wording, despite Visagent's clear right to notice any area it deems

appropriate subject to the objections by the deponent or defense counsel at deposition as

confirmed by the Court at the last hearing). Undersigned counsel even offered to

reschedule the depositions if other dates were more acceptable provided the depositions

were not put off for more than a few days. Debtor's counsel indicated it would check and respond back, which again, never happened.

It now becomes apparent that Debtor is not acting in good faith as it is not providing a corporate representative under any circumstances. With trial scheduled to commence June 2, 2009, undersigned counsel and the Court must question whether this conduct is not calculated and deliberate, in anticipation of a motion to continue the trial by Debtor.

Visagent requests the relief identified within be denied in its entirety, together with sanctions including attorneys' fees and costs as appropriately determined by the Court, and for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of this Response has been electronically filed via ECF and that a true and correct copy of the foregoing has been furnished by US regular Mail to: David L. Gay, Smith, Hulsey & Busey, 225v Water Street, Suite 1800, Jacksonville, Florida 32202 on the _30th_ day of April, 2009.

Guy Bennett Rubin, Esq. (FBN 691305)
Attorneys for Visagent
**RUBIN & RUBIN**
P.O. Box 395
Stuart, Florida 34995
(772)283-2004
guy.rubin@rubinandrubin.com

**From:** Teresa D. Thiele [mailto:tthiele@smithhulsey.com]
**Sent:** Friday, February 27, 2009 9:52 AM
**To:** Kristen Gallas
**Subject:** RE: Visagent v WD

Kristen:

The dates we discussed (April 27, 28 and 29) are acceptable for us but that we still must
confirm with our client.

We look forward to receiving your notices.

Teresa Thiele
Assistant to Beau Bowin and
David L. Gay

Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
(904) 359-7774
(904) 359-7708 (facsimile)

---

**From:** Kristen Gallas [mailto:kgallas@rubinandrubin.com]
**Sent:** Wednesday, February 25, 2009 3:12 PM
**To:** Teresa D. Thiele
**Subject:** Visagent v WD

Hi Teresa!
I need to get some depos scheduled in this case. Do I speak with you about that?

*Kristen Gallas, paralegal*

### RUBIN & RUBIN        Stuart / Miami

---

ATTORNEYS AND COUNSELORS        www.rubinandrubin.com

110 SW Atlanta Ave

Stuart, Florida 34994

Phone: (772) 283-2004

Fax: (772) 283-2009

EXHIBIT    1

**From:** Guy Rubin
**Sent:** Saturday, March 28, 2009 1:22 PM
**To:** 'David L. Gay'
**Cc:** Gladys LaForge; Kristen Gallas
**Subject:** Deposition of 30(b) Representatives

Mr. Gay,

We are in receipt of the order granting partially Visagent's 7th motion to compel which requires Debtor to provide a corporate representative in connection with all designated areas of the November 12, 2008 Re-Notice. Since we have already agreed upon dates for depositions taking place on April 27, 28 and 29, with the 28th and 29th in Jacksonville, we would like to take the 30(b) representative as to item 23 (NTS system inquiries) the afternoon of April 28, and then Mr. Barr the next day.

Please confirm that this schedule is acceptable.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

## Guy Rubin

| | |
|---|---|
| **From:** | Guy Rubin |
| **Sent:** | Saturday, March 28, 2009 1:22 PM |
| **To:** | 'David L. Gay' |
| **Cc:** | Gladys LaForge; Kristen Gallas |
| **Subject:** | Deposition of 30(b) Representatives |

Mr. Gay,

We are in receipt of the order granting partially Visagent's 7th motion to compel which requires Debtor to provide a corporate representative in connection with all designated areas of the November 12, 2008 Re-Notice. Since we have already agreed upon dates for depositions taking place on April 27, 28 and 29, with the 28th and 29th in Jacksonville, we would like to take the 30(b) representative as to item 23 (NTS system inquiries) the afternoon of April 28, and then Mr. Barr the next day.

Please confirm that this schedule is acceptable.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

EXHIBIT 2

## Guy Rubin

**From:**    David L. Gay [dgay@smithhulsey.com]
**Sent:**    Monday, March 30, 2009 5:19 PM
**To:**      Guy Rubin
**Subject:** RE: Deposition of 30(b) Representatives

Mr. Rubin:

We agreed to April 27 and 28 for the depositions of Richard Judd and Les Wulfert.

We will confirm the availability of the Company's corporate representatives on the dates you requested and get back to you as soon as possible.

**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Saturday, March 28, 2009 1:22 PM
**To:** David L. Gay
**Cc:** Gladys LaForge; Kristen Gallas
**Subject:** Deposition of 30(b) Representatives

Mr. Gay,

We are in receipt of the order granting partially Visagent's 7th motion to compel which requires Debtor to provide a corporate representative in connection with all designated areas of the November 12, 2008 Re-Notice. Since we have already agreed upon dates for depositions taking place on April 27, 28 and 29, with the 28th and 29th in Jacksonville, we would like to take the 30(b) representative as to item 23 (NTS system inquiries) the afternoon of April 28, and then Mr. Barr the next day.

Please confirm that this schedule is acceptable.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient,

**From:** Guy Rubin
**Sent:** Thursday, April 02, 2009 3:11 PM
**To:** 'Stephen D. Busey'
**Cc:** Gladys LaForge; 'David L. Gay'
**Subject:** 30(b) depositions Visagent v WD

Steve,

We previously (nearly a month ago) sought to clear the WD 30(b) depositions for April 29th. I again sought to clear this deposition in 2 parts, for 4/28 and 4/29 by email to Mr. Gay last weekend. Monday, he replied advising he would get back to us ASAP. We have not received any confirmation as of this afternoon. Please let me know if I can send out our Notice of Taking Deposition for those dates. We don't want to get pinched again by time/notice requirements.

Additionally, if you have dates you wish to set aside for depositions of my clients, please proffer names of deponents and dates of your availability now so we don't have scheduling conflicts later.

Thank you for your cooperation.


From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

EXHIBIT 3

**From:** Guy Rubin
**Sent:** Friday, April 03, 2009 12:23 PM
**To:** 'David L. Gay'
**Cc:** 'Stephen D. Busey'; Gladys LaForge
**Subject:** RE: 30(b) depositions Visagent v WD

Mr. Gay,

In anticipation of your client clearing availability, please find enclosed our Notice of
Continuing Deposition of Debtor's corporate representative. Please note that we have
scheduled the representative most knowledgeable regarding items 23 and 24 for Tuesday
4/28 and the representative most knowledgeable regarding the balance of the areas
beginning 10 a.m. the next morning.

If your representative(s) have unavoidable conflicts with these dates and/or times, we will
be pleased to try to work something out for the convenience of all.


From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential
information, protected under state and federal law. If you received this message in error, or are
not an intended recipient, please delete this message and contact my office advising of the in
advertent disclosure. Thank you.

---

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Thursday, April 02, 2009 4:44 PM
**To:** Guy Rubin
**Cc:** Stephen D. Busey
**Subject:** RE: 30(b) depositions Visagent v WD

Mr. Rubin:

We are available for on April 28 and 29 but still need to confirm Winn-Dixie's availability
on those dates.

We will get back to you by Monday, April 6 concerning Winn-Dixie's availability on those
dates.

   David L. Gay

**From:** Guy Rubin
**Sent:** Monday, April 13, 2009 4:29 PM
**To:** 'Stephen D. Busey'
**Cc:** 'David L. Gay'; Gladys LaForge
**Subject:** Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker

Steve,

I am back from out of the country and I write to respond to Mr. Gay's April 7th letter.

Regarding the dates for the 30(b)(6) deposition, as was made clear in my email to you and Mr. Gay on April 3rd, we have noticed item numbers 23 and 24 for April 28th, and the balance of the areas for the following day. If that was not clear in my email, please accept this email as clarification that we do not intend to ask the representative produced on April 29th questions regarding these same areas (items 23 and 24). Since Mr. Gay has not indicated a corporate representative is unavailable on April 28th, we expect to proceed accordingly.

Regarding Winn-Dixie's asserted unavailability on April 29th, we proffered this date approximately 2 months in advance. Please provide the specific reason a Winn-Dixie representative is "not available" until May 11th, three weeks before trial. Also, May 11, the first date you suggested for the corporate representative deposition regarding areas 1-23 and 25, would be in conflict with the date you unilaterally noticed for the deposition of Robert Warren. Was this an oversight?

Regarding Mr. Gay's intention to file a motion unless we amend our notice, we welcome it and look forward to your filing of a motion to clarify the proper scope of the corporate representative deposition. Such a motion should be filed and scheduled for hearing before April 28th. In fact, I will make myself available, if at all possible, for a short-notice hearing provided I can attend by telephone. Mr. Gay's statement that no deposition will take place until a court resolution occurs is neither necessary nor countenanced by the law. At a minimum, we are permitted to proceed as to the areas for which there is no disagreement subject to objections from either side made at the time of deposition. This is clearly what the rules intend, and based upon Judge Funk's comments at the last hearing, the Court agrees with such an interpretation. I look forward to your response in an attempt to work out these issues.

Finally, I still have not received any response from you regarding a mediation date or a mediator. Is this intentional or an oversight?

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.

EXHIBIT   4

## Guy Rubin

| | |
|---|---|
| **From:** | Guy Rubin |
| **Sent:** | Saturday, April 25, 2009 3:46 PM |
| **To:** | 'David L. Gay' |
| **Cc:** | 'Stephen D. Busey'; Gladys LaForge |
| **Subject:** | RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery |

Mr. Gay,

As I indicated to you in my April 14th email, we have been willing to try to work scheduling out with your client, but if that was not possible, then we welcome a motion to have Judge Funk sort things out. Instead of filing a motion for protective order, you have chosen to wait until the 11th hour yet again.

I've asked you on several occasions to identify the nature of WD's conflict or unavailability that makes the 30(b) deposition on Wednesday problematic. You have chosen to ignore my inquiries in this regard. I have asked you for alternative dates, prior to or immediately after April 29th , and you have responded by providing a date 2 weeks out, which will put the trial week in jeopardy, or you have told me you would get back to me at some uncertain time in the future. When I suggested realigning the depositions so we can address WD's alleged unavailability, you replied that you don't want to change the plans because you have already made "arrangements", but in the same email, you request we move the NTS portion of the 30(b) deposition from Tuesday afternoon to Wednesday, April 29th!

As we are only 5 weeks from trial, I don't have time for these games. We intend to proceed as noticed. If you fail to produce a witness Tuesday at 3 p.m., or Wednesday at 10 a.m., you better be prepared to explain it to Judge Funk.


From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

---

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Friday, April 24, 2009 5:24 PM
**To:** Guy Rubin
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery



EXHIBIT ¥

4/28/2009

Mr. Rubin:

As you know, we never advised that Winn-Dixie was available on April 28 or April 29 for the corporate representative depositions referenced in your amended re-notice. To the contrary, we have repeatedly advised, including the email below, that Winn-Dixie is not available on April 29 for the deposition regarding areas 1-22 of your amended re-notice. We also agreed, per your request, to provide alternate dates for that deposition.

Also, in the email below, in order to accommodate the scheduling of the deposition regarding area 23 of your amended re-notice, we requested that you notice that deposition for the the morning of April 29, as opposed to the afternoon of April 28.

Please advise if you are unwilling to agree to the foregoing, in which case we will be forced to bring the matter before the Court.

**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Friday, April 24, 2009 4:08 PM
**To:** David L. Gay
**Cc:** Stephen D. Busey; Gladys LaForge
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery

Here is the amended re-notice for the corporate representative depositions Tuesday and Wednesday.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

---

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Thursday, April 23, 2009 4:10 PM
**To:** Guy Rubin
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery

Mr. Rubin:

We haven't received the amended notice you reference below.

Since you already have depositions scheduled for the 27th and 28th, and we have made arrangements regarding those depositions, we are reluctant to reschedule Tom Barr's deposition for either of those dates. We will confirm with you the available dates prior to May 11 for Mr. Barr's deposition as soon as possible.

Additionally, regarding the corporate representative deposition you previously noticed for the 28th at 3:00 p.m., we are attempting to confirm the availability of the appropriate representative for that deposition. Due to Mr. Wulfert's deposition scheduled for earlier that day and other scheduling conflicts, we suggest moving that deposition to the next morning, Wed. the 29th.

We will confirm our availability for the alternate dates/times you suggested for Mr. Rubin's and Mr. Handmaker's depositions as soon as possible.

Please provide suggested dates for mediation and we will confirm our availability on those dates as well.

Lastly, as we have advised on several occasions, we still have not received the privilige log the Court ordered Visagent to produce no later than March 31.


**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

-------------------------------------------------------------------------------

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Monday, April 20, 2009 3:53 PM
**To:** David L. Gay
**Cc:** Stephen D. Busey; Gladys LaForge
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery
**Importance:** High

Mr. Gay,

This email responds to your email below received last Friday at 4:46 p.m. and your notices of taking depositions of former Visagent employees.

1.    In an effort to resolve this scheduling and notice issue, we are considering the realignment of our depositions previously noticed for 4/27, 4/28 and 4/29. You have indicated WD's corp. rep. is not available on 4/28. Please advise as to his/her availability

on 4/27 and the morning of 4/28. Also, in your email below, you did not disclose the reason WD is not available on 4/29; I again ask why that date is not available, and also what other dates are available between 4/29 and May 11?

2.      In order to further avoid dispute and delays, we will be sending out an amended notice of taking deposition. To be crystal clear, items 24 and 25 were added simply as an attempt to provide Debtor with a detailed description of a particular defense we will ask questions about so WD will have the right person at the deposition. The defenses of WD as to this claim are already noticed in items 21 and 22 which are specifically ordered as you acknowledge. Accordingly, we will remove areas 24 and 25, since it apparently is offensive to you; however, you and WD are on notice that we will be asking questions regarding *those* specific areas of knowledge and all other WD defenses during the 30(b) deposition. I trust you will have a representative knowledgeable as to *all* defenses to the claim at the deposition, including all specific facts supporting each defense.

3.      Regarding the depositions you unilaterally scheduled, Warren on 5/11 is fine, provided Visagent has completed its previously noticed depositions by then. I.M. Rubin on 5/15 is not available as I have a specially set hearing in Palm Beach County that same morning. Please advise if you can move this deposition to either 5/12 or 5/13. Handmaker on 5/19 in the a.m. is not available, however if you can move it back to 2 p.m. on 5/19, I can make it. Let me know.

4.      Finally, regarding mediation, you infer there are deficiencies in our amended discovery responses. We sent you amended responses on 3/31/09 and provided a privilege log as well. Did you receive these materials? If not, I will be happy to resend them. If so, I have had no notice from you of any specific deficiencies. Please clarify your email in this regard. Also, are you saying you will not *schedule* mediation until after the depositions? If so, obviously there will be no mediation since we will certainly be unable to find a mediator, common available dates, and travel arrangements in the short time between the conclusion of depositions and the first day of trial. Please clarify this as well.


From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Friday, April 17, 2009 4:46 PM
**To:** Guy Rubin

4/28/2009

**Cc:** Stephen D. Busey
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker

Mr. Rubin:

In response to your email below, thank you for clarifying that, despite the language in your April 3 deposition notice, you intend to depose the representative you have noticed for April 29 regarding only areas 1-22 and 25.

Regarding the April 29 deposition date, we advised your office that we would need to confirm Winn-Dixie's availability, which you recognized in your April 3 email accompanying the deposition notice. We subsequently learned Winn-Dixie is not available on April 29.

The May 11 date was not suggested in error, but simply offered as an alternative date should Mr. Warren not be available on that date for any reason.

As we have previously explained, Visagent is only entitled to one corporate representative deposition without agreement from Winn-Dixie or leave of court. Winn-Dixie agreed to produce a representative for deposition regarding area of inquiry 23. Due in part to that concession, the Court granted Visagent leave to conduct additional depositions concerning only those areas of inquiry previously noticed. The Court's order does not grant Visagent authority to depose Winn-Dixie's representatives regarding paragraphs 24 and 25 of you April 3 notice.

Please let us have a corrected notice by Monday. Please consider this an last attempt to resolve these issues without intervention of the Court.

Lastly, Winn-Dixie will not mediate this matter until after Winn-Dixie takes the depositions it noticed last week and Visagent provides the discovery responses required by the Court, including the privilege logs which the Court ordered Visagent to produce more than two weeks ago.

**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Monday, April 13, 2009 4:29 PM
**To:** Stephen D. Busey
**Cc:** David L. Gay; Gladys LaForge
**Subject:** Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker

Steve,

I am back from out of the country and I write to respond to Mr. Gay's April 7th letter.

Regarding the dates for the 30(b)(6) deposition, as was made clear in my email to you and Mr. Gay on April 3rd, we have noticed item numbers 23 and 24 for April 28th, and the balance of the areas for the following day. If that was not clear in my email, please accept this email as clarification that we do not intend to ask the representative produced on April 29th questions regarding these same areas (items 23 and 24). Since Mr. Gay has not indicated a corporate representative is unavailable on April 28th, we expect to proceed accordingly.

Regarding Winn-Dixie's asserted unavailability on April 29th, we proffered this date approximately 2 months in advance. Please provide the specific reason a Winn-Dixie representative is "not available" until May 11th, three weeks before trial. Also, May 11, the first date you suggested for the corporate representative deposition regarding areas 1-23 and 25, would be in conflict with the date you unilaterally noticed for the deposition of Robert Warren. Was this an oversight?

Regarding Mr. Gay's intention to file a motion unless we amend our notice, we welcome it and look forward to your filing of a motion to clarify the proper scope of the corporate representative deposition. Such a motion should be filed and scheduled for hearing before April 28th. In fact, I will make myself available, if at all possible, for a short-notice hearing provided I can attend by telephone. Mr. Gay's statement that no deposition will take place until a court resolution occurs is neither necessary nor countenanced by the law. At a minimum, we are permitted to proceed as to the areas for which there is no disagreement subject to objections from either side made at the time of deposition. This is clearly what the rules intend, and based upon Judge Funk's comments at the last hearing, the Court agrees with such an interpretation. I look forward to your response in an attempt to work out these issues.

Finally, I still have not received any response from you regarding a mediation date or a mediator. Is this intentional or an oversight?

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

The information contained in this communication may be confidential, is intended

4/28/2009

only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

4/28/2009

0428excerpt.txt

1

```
 1                UNITED STATES BANKRUPTCY COURT
                     MIDDLE DISTRICT OF FLORIDA
 2                      JACKSONVILLE DIVISION

 3
                           CASE NO.:  05-03817-3F1
 4
                           CHAPTER 11
 5
                           JOINTLY ADMINISTERED
 6

 7    IN RE:

 8      WINN-DIXIE STORES, INC., et al

 9            Debtors.

10    _____

11            Excerpt from the deposition of LESTER F. WULFERT,

12    taken on behalf of Visagent Corporation, pursuant to

13    RE-Notice of Taking Deposition, at 345 East Forsyth

14    Street, Jacksonville, Duval County, Florida, on Tuesday,

15    April 28, 2009, at 1:00 p.m., before Terry T. Hurley,

16    Registered Professional Reporter, and Notary Public in

17    and for the State of Florida at Large.

18

19

20                  - - -

21

22

23

24

25
```

                HEDQUIST & ASSOCIATES REPORTERS, INC.

▯

2

```
 1

 2                A P P E A R A N C E S
                           Page 1
```

$Ex H I B I T$      5

0428excerpt.txt

3

4                          DAVID L. GAY, ESQUIRE
                           Smith Hulsey & Busey
5                          225 Water Street, Suite 1800
                           Jacksonville, Florida  32202
6

7
                           GUY BENNETT RUBIN, ESQUIRE
8                          Rubin & Rubin
                           P.O. Box 395
9                          Stuart, Florida  34995

10

11

12

13                               - - -

14

15

16

17

18

19

20

21

22

23

24

25

                    HEDQUIST & ASSOCIATES REPORTERS, INC.

⬚                                                                   3

1                          LESTER WULFERT,

2       having been produced and first duly sworn as a witness,

3       testified as follows:

4                       DIRECT EXAMINATION

5       BY MR. RUBIN:

                              Page 2

                           0428excerpt.txt
      6                        * * *

      7

      8              MR. GAY:  I don't have any other questions.

      9              MR. RUBIN:  I have no further questions.  I do

     10    on the record though want to ask, since Mr. Barr is here

     11    present for the deposition today, if he's available

     12    tomorrow, and if not, why not?

     13              MR. GAY:  I'm not going to have that discussion

     14    on the record.

     15              MR. RUBIN:  I'm sorry?

     16              MR. GAY:  I'm not going to have that discussion

     17    on the record.  I think we've already communicated about

     18    that substantially.  I mean, more than enough.

     19              MR. RUBIN:  Well, I didn't know that he was

     20    going to be at today's deposition.

     21              MR. GAY:  Today is not tomorrow.

     22              MR. RUBIN:  All right.  The last thing then is,

     23    we've requested that the MediFile information be produced

     24    to us since we have an order on that.

     25              Do you have the MediFile information?

                       HEDQUIST & ASSOCIATES REPORTERS, INC.
      □
                                                               4

      1              MR. GAY:  Yes.

      2              MR. RUBIN:  When can we expect to have that?

      3              MR. GAY:  Again, I'm not going to have this

      4    conversation on the record.  If you want to talk about it

      5    off, that's fine.

      6              I don't know, to answer your question.

      7              MR. RUBIN:  Okay.  Thank you.

      8              MR. GAY:  We're going to read.

      9              (Witness excused.)
                                Page 3

0428excerpt.txt

| | |
|---|---|
| 10 | (The deposition concluded at 4:20 p.m.) |
| 11 | - - - |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

HEDQUIST & ASSOCIATES REPORTERS, INC.

5

C E R T I F I C A T E

STATE OF FLORIDA)
                 )
COUNTY OF DUVAL  )

        I, Terry T. Hurley, RPR, certify that I was
authorized to and did stenographically report the
foregoing proceedings and that the transcript is a true
record thereof.

        DATED this 28th day of April 2009.


                        _____
                        TERRY T. HURLEY, RPR

Page 4

0428excerpt.txt

HEDQUIST & ASSOCIATES REPORTERS, INC.