# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# <u>JACKSONVILLE DIVISION</u>

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
|     Reorganized Debtors. | Jointly Administered |

### DEBTOR'S RESPONSE TO VISAGENT CORPORATION'S
### FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Winn-Dixie"), respond to Visagent Corporation's fourth request for the production of documents, below.

### General Objections

Winn-Dixie objects to these document requests to the extent they seek the disclosure of information protected by the attorney-client privilege or the work product doctrine. Winn-Dixie will make documents available for inspection at a mutually convenient time in the offices of Smith Hulsey & Busey. The responses below are subject to these General Objections.

### Specific Objections and Responses

<u>Document Request No. 1</u>: Copies of minutes from meetings of Debtors Board of Directors from August 1, 2000 to December 31, 2004 regarding the procurement department or any references to Visagent, C & S Wholesale, Daymon, FMG and Victory Wholesale.

Objection to Document Request No. 1:  Winn-Dixie objects to this request because it is overly broad, unduly burdensome and will not lead to the discovery of admissible evidence.

> Document Request No. 2:  All correspondence, emails, instant messages, facsimiles, memoranda, electronic transmissions and trade data (including, but not limited to, trades, purchase orders, invoices and payment documentation) between Winn-Dixie and any of the following entities: C&S Wholesale, Rite Aid, Giant Eagle, Ingles Markets, HEB and Safeway or any other end users or retailers between June 1, 2003 through June 20, 2005.

Objection to Document Request No. 2:  Winn-Dixie objects to this request because it is overly broad, unduly burdensome and will not lead to the discovery of admissible evidence.  Winn-Dixie further objects to this request as vague due to the undefined term "end users," and overly broad as to the time framed identified.

Response to Document Request No. 2:  Subject to their general and specific objections, Winn-Dixie has already produced documents responsive to this request in response to Visagent's first request for production, Nos. 1, 4 - 9, 19, and 20, and Visagent's second request for production, Nos. 8 and 9.

> Document Request No. 3:   All documents reflecting the investigation of I. Mark Rubin and/or Global Food Resources, Inc. as referenced in documents V-05549-05554.

Objection to Document Request No. 3:  Winn-Dixie objects to this request because it is overly broad, unduly burdensome and will not lead to the discovery of admissible evidence.

2

Response to Document Request No. 3: Subject to their general and specific objections, Winn-Dixie has already produced documents responsive to this request in response to Visagent's second request for production, No. 10.

> Document Request No. 4: All documents that directly or indirectly show electronic data transmissions detailing "in-stock" product availability of less than full or truckload quantities obtained from the inventory of wholesalers, from which Debtor made any purchases from June 28, 2001 to June 28, 2004.

Objection to Document Request No. 4: Winn-Dixie objects to this request because it is overly broad, unduly burdensome and will not lead to the discovery of admissible evidence. Winn-Dixie further objects to this request as unintelligible as stated.

Response to Document Request No. 4: Subject to their general and specific objections, Winn-Dixie has already produced documents responsive to this request in response to Visagent's first request for production, Nos. 19 and 20.

> Document Request No. 5: All documents that show the wholesaler inventories and the purchases therefrom by Debtor of "less than full or truckload" quantities under the exclusion language of the Service Agreement that permitted Debtor to make purchases from in-stock product availabilities from inventories of wholesalers providing electronic data transmissions to Debtor as of June 28, 2001.

Objection to Document Request No. 5: Winn-Dixie objects to this request because it is overly broad, unduly burdensome and will not lead to the discovery of admissible evidence. Winn-Dixie further objects to this request to the extent the request contains legal conclusions regarding the agreement referenced.

Response to Document Request No. 5:  Subject to their general and specific objections, Winn-Dixie has already produced documents responsive to this request in response to Visagent's first request for production, Nos. 1, 4 - 9, 19, and 20, and Visagent's second request for production, Nos. 8 and 9.  Further Winn-Dixie will, upon Visagent's agreement to an adequate protective order re confidential documents pursuant to the Court's Order on Visagent's Fourth Motion to Compel, produce data containing bills of lading which are responsive to this request.

> Document Request No. 6:  All documents that identify any computer hardware, software, programs or interfaces, whether owned or outsourced, that were used by Debtor between 1996 and 2004 to support the receipt of electronic data transmissions as referenced in the exclusion language of the Service Agreement that permitted Debtor to make purchases from in-stock product availabilities from inventories of wholesalers providing electronic data transmissions to Debtor as of June 28, 2001.

Objection to Document Request No. 6:  Winn-Dixie objects to this request because it is overly broad, unduly burdensome and will not lead to the discovery of admissible evidence.  Winn-Dixie further objects to this request as overly broad as to the time framed identified and to the extent the request contains legal conclusions regarding the agreement referenced.

Response to Document Request No. 6:  Subject to their general and specific objections, Winn-Dixie has already produced documents responsive to this request in response to Visagent's second request for production, Nos. 5 and 6.

SMITH HULSEY & BUSEY


By  /s/ David L. Gay
    Stephen D. Busey
    David L. Gay

Florida Bar Number 893221
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
dgay@smithhulsey.com

Counsel for Reorganized Debtors

**Certificate of Service**

I certify that a copy of the foregoing document was furnished by mail and/or electronically to Guy Bennett Rubin, Esq., Rubin & Rubin, Post Office Box 395, Stuart, Florida 34995, this 30th day of April, 2009.

                                              */s/ David L. Gay*
                                                   Attorney

00649057