United States Bankruptcy Court
Middle District of Florida
Jacksonville Division
300 North Hogan Street, Suite 3-350
Jacksonville, FL  32202

May 4, 2009

Ernest S. Allen
4515 Stonybrook Drive
Louisville, KY  40291

Re:     Case No. 05-3817-3F1
        Winn-Dixie Stores, Inc.

Dear Mr. Allen,

The Court is in receipt of your correspondence dated April 20, 2009 and have filed it as such. Unfortunately, the Court is unable to take any action on your letter and attachments, as it cannot be construed as a motion, objection or application.  The proper document(s) must be filed with the Court in order for any action to be taken.

Thank You,

Susan Carter

Susan Carter
Deputy Clerk

attachments

although not yet occupying that position.
(Enact. Acts 1974, ch. 406, § 190, effective January 1, 1975.)

**Legislative Research Commission Note.**
(12/12/94). To make its renumbering consistent with standard practice, subsection (2) of this statute has been renumbered under the authority of KRS 7.136(1)(a).

## NOTES TO DECISIONS

### Analysis

1. Instructions.
2. Material False Statement.

**1. Instructions.**

Trial court did not err in giving jury instructions that did not define the term "materiality," and in not having the jury decide whether defendant's false representation of defendant's identity was material, materiality was a question of law for the trial court to decide, not the jury. Holbrooks v. Commonwealth, 85 S.W.3d 563, 2002 Ky. LEXIS 173 (Ky. 2002).

**2. Material False Statement.**

Charges of first-degree perjury against a Commonwealth attorney and his part-time secretary were properly dismissed because the two (2) witnesses, when testifying in grand jury proceedings as to the amount of hours the secretary worked per month in theft by unlawful taking or disposition and complicity by taking proceedings, did not make "material false statements." Had the two witnesses testified falsely as to number of hours the secretary worked, such testimony would not affect the outcome of the proceedings because no published guidelines defined the minimum number of hours required for her position. Making such false statements could constitute the misdemeanor of false swearing, which does not require proof that the false statement was material to the case. Commonwealth v. Stallard, 958 S.W.2d 21, 1997 Ky. LEXIS 155 (Ky. 1997).

Defendant's misrepresentation on affidavit of indigency for purposes of receiving appointed counsel that defendant was somebody else was a "material false statement" which supported defendant's conviction for second-degree perjury; it was a false statement that could have affected the outcome of the proceeding for which defendant was arrested. Holbrooks v. Commonwealth, 85 S.W.3d 563, 2002 Ky. LEXIS 173 (Ky. 2002).

**Research References.** Palmore, Kentucky Instructions To Juries, 4th Ed., Offenses Against Public and Judicial Administration, Definition §§ 6.05, 6.10 — 6.15.

## 523.020. Perjury in the first degree.

(1) A person is guilty of perjury in the first degree when he makes a material false statement, which he does not believe, in any official proceeding under an oath required or authorized by law; or

(2) When he makes a material false statement which he does not believe in a subscribed written instrument for which an oath is required or authorized by law, with the intent to mislead a public servant in the performance of his official functions when such person is subscribing a warrant accusing his spouse of an offense under KRS Chapter 510.

(3) Perjury in the first degree is a Class D felony.

(Enact. Acts 1974, ch. 406, § 191, effective January 1, 1975; 1986, ch. 486, § 2, effective July 15, 1986.)

**Kentucky Law Journal.** West, Criminal Law, 74 Ky. L.J. 403 (1985-86).

## NOTES TO DECISIONS

### Analysis

1. Contempt Proceedings.
2. Defenses.
3. Elements.
4. Evidence.
5. False Swearing.
6. Indictment.
7. — Defective.
8. — Allegation of Intent.
9. — Negation of Statements.
10. — Grand Jury Testimony.
11. — Variance.
12. Instructions.
13. Intent.
14. Materiality.
15. Purpose.

**1. Contempt Proceedings.**

Contempt proceedings do not lie for perjury except where the truth of the facts or the falsity of the evidence is judicially known. (Decided under prior law) Wilder v. Sampson, 279 Ky. 103, 129 S.W.2d 1022, 1939 Ky. LEXIS 235 (Ky. 1939).

**2. Defenses.**

False swearing in a trial before a United States commissioner cannot be punished in the state courts. (Decided under prior law) Commonwealth v. Kitchen, 141 Ky. 655, 133 S.W. 586, 1911 Ky. LEXIS 70 (Ky. 1911).

A person cannot be punished for false swearing unless the false oath was taken on a subject on which he could legally be sworn. (Decided under prior law) Mitchell v. Commonwealth, 237 Ky. 849, 36 S.W.2d 649, 1931 Ky. LEXIS 704 (Ky. 1931).

It was error not to give concrete instructions that the defendant could be acquitted if the jury believed the defendant's assertion that at the time he made the statements to the grand jury, he was unaware they were false. (Decided under prior law) Morgan v. Commonwealth, 242 Ky. 116, 45 S.W.2d 850, 1932 Ky. LEXIS 227 (Ky. 1932).

One did not violate law that provided penalty for false swearing by voluntarily and gratuitously swearing on a subject concerning which an oath

authorized, permitted or required (under prior law) Commonwealth v. [...] 83 S.W.2d 861, 1935 Ky. LEXIS [...]

[...] there is no statutory requirement [...] for a marriage license must be [...] itself and the clerk had no right to re[...] [...] defendant could not be convic[...] [...] false information in the applicatio[...] [...] under prior law) Whitaker v. Commonwealth, [...] 2d 831, 1963 Ky. LEXIS 28 (Ky. 1[...] defendant's retraction, made after [...] [...] had been exposed, was too late to [...] defense in the case-in-chief. Price v. C[...] [...] 734 S.W.2d 491, 1987 Ky. App. LE[...] [...] App. 1987).

**[...] ements.**

[...] law that provided penalty for fals[...] [...] person might have been convicted [...] [...]ing even though he was compelled [...] [...] his objections that his testimony mig[...] [...]minated him. (Decided under prior la[...] [...]wealth v. Turner, 98 Ky. 526, 17 Ky. [...] [...] S.W. 88, 1895 Ky. LEXIS 64 (Ky. [...] A person may not be convicted for givi[...] [...]ony which was literally true and where t[...] [...] evidence that the defendant believed [...] [...]tement was false. (Decided under pr[...] Weller v. Commonwealth, 221 Ky. 455, [...] [...] 1927 Ky. LEXIS 735 (Ky. 1927).

A literally true statement cannot be the [...] conviction for false swearing. (Decided [...] [...] law) Pancake v. Commonwealth, 237 [...] [...]W.2d 735, 1931 Ky. LEXIS 530 (Ky. 193[...] Under law that provided penalty for fals[...] [...]ing the oath must be expressly authoriz[...] [...]uired by law. (Decided under prior law) [...] v. Commonwealth, 367 S.W.2d 831, [...] [...]LEXIS 28 (Ky. 1963).

To prove false swearing, it must be sh[...] [...] only that the statements made were false[...] [...]that the defendant knew they were fal[...] [...]time he made them. (Decided under p[...] Booth v. Commonwealth, 419 S.W.2d 739, [...] [...]LEXIS 182 (Ky. 1967).

It is not necessary to prove whether or [...] of two inconsistent statements was fa[...] [...] sufficient to show that one of the st[...] because of the inconsistency, is bound to [...] both of the inconsistent statements, if fal[...] constitute first degree perjury, a verdict o[...] first-degree perjury is justified. Common[...] Thurman, 691 S.W.2d 213, 1985 Ky. L[...] (Ky. 1985).

**4. Evidence.**

Where the statement which was the ba[...] accusation of false swearing was a matt[...] [...]struction or deduction from given facts [...] that it was erroneous, or was not a co[...] [...]struction or a logical deduction from all [...] did not constitute false swearing. (Deci[...] prior law) Commonwealth v. Bray, 123 [...] Ky. L. Rptr. 757, 96 S.W. 522, 1906 Ky. L[...] (Ky. 1906).

Falsity of evidence of a person charged [...] swearing may be shown by evidence [...] witnesses, or by documentary or writter[...] or by facts that clearly and convincingly [...] falsity of statements made by accused [...] under prior law) Blakey v. Commonweal[...] 493, 209 S.W. 516, 1919 Ky. LEXIS 512 [...]

Where persons who were present at [...] tified that they had heard the defend[...] false statements in the trial, it was not e[...] to introduce the official reporter who ha[...] the evidence of the trial. (Decided under [...] Goins v. Commonwealth, 250 Ky. 636, [...] 794, 1933 Ky. LEXIS 751 (Ky. 1933).

Where the charge was that the de[...] adultery trial had falsely testified th[...]

Phone: 595-3106

PT-122
Rev. 10-92



# CITIZEN DISPUTE MEDIATION SERVICES
## HALL OF JUSTICE
### 600 WEST JEFFERSON STREET

CASE NO. 02-CI-08551

JEFFERSON CIRCUIT COURT
DIVISION ONE (1)
JUDGE BARRY L. WILLETT

ERNEST S. ALLEN                                                      PLAINTIFF

VS.

## AFFIDAVIT OF TALMAY ANDERSON

WINN-DIXIE CHARLOTTE, INC.                                DEFENDANTS
MOORE SECURITY, INC.
MOORE SECURITY, LLC; AND
TALMAY ANDERSON

**         **        **

Comes the Affiant, Talmay Anderson, and after having been duly sworn, states and avers the following:

1.      That, I, the Affiant, am a named Defendant in the above-styled action;

2.      That, I, the Affiant, during the time period complained of in this lawsuit, which is on or around November 13, 2001, was employed by Moore Security as a security guard in loss prevention;

3.      That prior to my employment with Moore Security I had worked 28-years with the Chicago Police Department during which time I worked as a police officer and later as a specialist (detective);

4.      That, I, the Affiant, during the time period complained of in this lawsuit, which is on or around November 13, 2001, was working in the scope of my employment as a security guard in loss prevention at the Winn-Dixie located at 5252 Bardstown Road, Louisville, Jefferson County, Kentucky 40291 ("Winn-Dixie");

5.      That during the time period complained of in this lawsuit, Winn-Dixie had employed Moore Security to assist and advance the cause of Winn-Dixie's loss prevention efforts, goals, policies, and procedures;

6.      That Winn-Dixie had a loss prevention supervisor who on a regular basis supervised, assisted, permitted, and authorized Moore Security employees in advancing Winn-Dixie's loss prevention efforts, goals, policies, and procedures;

7.      That the Winn-Dixie loss prevention supervisor wanted me to do everything that I could to stop shoplifting, which was a point of emphasis;

8.      That in the late afternoon of November 13, 2001 while working in the scope of my employment for Moore Security at Winn-Dixie, I, the Affiant, observed a store customer, Ernest Allen, come inside the Winn-Dixie store with no bag who walked down an isle and then took a package of pacifiers, tore it open, placed the pacifiers in his pocket, and then placed the empty package back on the store shelf;

9.      That, I, the Affiant, observed Ernest Allen who then proceeded to the meat department, took a package of meat, tore it open, and placed two pieces of meat, one piece each inside his two coat pockets, and then placed the empty package back on the store shelf;

10.     That, I, the Affiant, observed Ernest Allen who then proceeded to the soft drink isle, got a 6-pack of cokes, went to the line and paid for the cokes, and then headed toward the front of the Winn-Dixie store;

11.     That, I, the Affiant, approached Ernest Allen, addressed him as "sir" and asked to talk to him while I showed him my security badge, at which point he pushed me and headed out of the Winn-Dixie front door exit;

2

12.     That, I, the Affiant, repeatedly showed Ernest Allen my badge and stopped him in front of the outside portion of the store where Ernest Allen put his hand inside his pocket and threatened "let me go or I will kill you";

13.     That, I, the Affiant, told Ernest Allen that he needed to come back inside the Winn-Dixie store, again showed him my badge, but Ernest Allen refused to come back inside the store at which point I grabbed his left arm and pulled him a little and then he agreed to come back inside the Winn-Dixie store;

14.     That, I, the Affiant, came inside the Winn-Dixie store with Ernest Allen, notified the Winn-Dixie co-manager, Ms. Moody, that I had a suspect and then took Ernest Allen upstairs to a room provided and supplied by Winn-Dixie where he was seated;

15.     That, I, the Affiant, retrieved pacifiers and two steaks out of Ernest Allen's pockets for which he had no receipt and that the only receipt Ernest Allen had was for the cokes he purchased that was inside a Winn-Dixie grocery bag;

16.     That, an employee of Winn-Dixie sat with Ernest Allen while I, the Affiant, went downstairs to obtain the packaging where the pacifiers and meat had originally come from that was previously discarded back on the store shelves by Ernest Allen;

17.     That, I, the Affiant, informed an employee of Winn-Dixie that I had a suspect for shoplifting;

18.     That the employee at Winn-Dixie called the police to have Ernest Allen arrested for shoplifting while the other Winn-Dixie employee was watching and making sure Ernest Allen did not leave the Winn-Dixie room upstairs;

19.     That a police officer, Officer Janet Riggs, arrived at Winn-Dixie, walked upstairs where Ernest Allen was being watched by the Winn-Dixie employee, at which point the police

3

officer told Ernest Allen to put his hands behind is back to handcuff him but Ernest Allen said his left arm was hurting so the police officer handcuffed him in the front and escorted him to the police station;

20.    That, I, the Affiant, states that the Winn-Dixie store manager and store employee were actively involved in the process that led up to the Ernest Allen's detention and arrest for shoplifting.

21.    That, I, the Affiant, asserts that everything I did concerning this incident was authorized, accepted, approved, adopted, and in accordance with and in advancement of Winn-Dixie's store efforts, goals, policies, and procedures for loss prevention.

**FURTHER,** the Affiant, Talmay Anderson, sayeth naught.

TALMAY ANDERSON

**COMMONWEALTH OF KENTUCKY**    )
                                                              (SS
**COUNTY OF JEFFERSON**               )

Subscribed and sworn to me this  8 th  day of April, 2009, by Talmay Anderson.

My commission expires on: _____1/30/2011_____

**NOTARY PUBLIC**
**STATE-AT-LARGE KENTUCKY**

4

# HONORABLE JUDGE BARRY WILLET

02-C1-08551

JEFFERSON CIRCUIT COURT
DIVISION ONE

ERNEST S. ALLEN

PLAINTIFF

V.

WINN-DIXIE, INC
MOORE SECURITY, INC
MOORE SECURITY LLC; AND
TALMAY ANDERSON

DEFENDANTS

## STATEMENT OF FACTS

1.    Background – 78 years old, married 49 years, tax paying citizens of Louisville, Kentucky since 1963. I am a reborn Christian since 1976 and have been a employee for Winn-Dixie and Moore Security. Please see attachments.

2.    On November 13, 2001 as I was stopped by the on duty security guard Talmay Anderson, as I was exiting the Winn-Dixie store and was falsely accused of shoplifting. If I was to be stopped it should have been by the store manager and not the security guard and as a result of this I was assaulted and the subject used handcuffs on me. Brinkley V. State Texas C.R 150 198 S.940. With all that had transpired the store manager of Winn-Dixie never came to court to give testimony. Along with this horrific event I suffered and sustained injuries that will affect me for the rest of my life. Please see attachment for the CODE OF ETHICS FOR SECURITY OFFICERS by the Private Security Task Force of the U.S. Department of Justice and the company Policy of Winn-Dixie for stopping shoplifter under there **FIVE MUSTS**...

3.    I (Ernest S. Allen) was illegally stopped, verbally and physically attacked, incarcerated, imprisoned, and robbed. This horrific event left me with permanent damages to my body which resulted in the following: 2 operations on my heart, 2 operations on my back, and a

10.     Conduct of Martin Kasdan, Marlin Jones were I filed complaint against
        them with the Kentucky Bar Association.  Please see attachments.

11.     **Tampering with evidence and expunge records** – Please follow the
        transcript of records dated 10/3/2002 were the Jefferson County Police
        Department stated that they observed me by a store security walking
        out front door past all points of sale with a roast (meat) and a package
        of pacifiers, subj did not pay for items.  I was tried in 6/2002 by a jury
        and found not guilty.  My attorney Martin Kasdan had this expunged.
        Please see attachment.  2/7/2003 the transcript show no record found.
        Please see attachment.  12/10/2003 the transcripts shows that the
        Louisville Metro Police Department has a charge of OFC conceal 2
        cans of potted meat and 3 packages of chicken and attempted to leave
        store without paying for same.  There was no Metro Police Department
        until the year 2004, but yet they have records found in February 1992
        although it states no records found since 9/1/1986 but on the third page
        at the right hand corner at the bottom it says printed 1/02/04 and
        whomever printed it name is black out so you cant see it.  So the
        incident that was in 2/1992 was expunged by my attorney at the time
        Michele Harlan and I have the copy of the receipt and there were no
        three packages of chicken involved in the case period.  <u>Lets not forget
        that the Honorable Judge Barry Willet stated to the defendants
        attorneys on August 14, 2003 that they would be found in contempt of
        the court for tampering with my expunge records.</u>

12.     **Accusations and Charges/Integrity-**  Winn-Dixie has made criminal
        accusations against me since day and I have suffered humiliation,
        embarrassment, physically and emotional damage of all these horrific
        events by them.  These things have been going on for over seven and a
        half years of suffering my family and I have been going through with
        permanent damage to me for the rest of my life.  Now if we look at
        charges that deals with integrity and honesty less look at Winn-Dixie
        with having the U.S. Attorney for the Southern District of Florida
        having filed a single misdemeanor count information charging that
        Winn-Dixie had violated 16 U.S.C. 3372 (a) (2) (A) AND 3373 (d) (2),
        for allegedly selling undersized lobsters.  Even starting with one of
        there board of directors Ronald E. Elmquist who had to withdraw his
        name from consideration for the board, according to a court document,
        leaving a vacancy on the board.  Elmquist, 60, the president and CEO
        of QualServ Corp., a manufacturer and distributor of food-service
        equipment, was arrested earlier this month in Kansas City, Mo., and
        charged with three counts of possession of child pornography.  "He
        asked to not be considered for the board for personal reasons," Winn-
        Dixie spokesman Michael Freitag said Tuesday.  He had no other
        information about Elmquist.  Please see attachments

biopsy on my neck when I was choked by the security guard, Talmay Anderson.

4.     Winn-Dixie manager and security guard Talmay Anderson deliberately and willingly falsified the police report against me. Please see attachments of the police report, statement of security guard and Winn-Dixie Charlotte, INC. shoplifting incident report.

5.     County attorney Robert A. Florio was negligence and maliciously prosecuted me with the lies of the store manager and the security guard and not the police report, due to the fact they state two different things. Please see attachments of the COMMONWEALTH RESPONSE TO DEFENDANTS MOTION FOR DISCOVERY AND A BILL OF PARTICULARS and audio tapes.

6.     Talmay Anderson committed perjury on the witness stand. Talmay Anderson also admitted on the witness stand how he physically attacked me while Judge Sean Delaney asked him how he attacked me and beat me up and Mr. Anderson stated how he did it.

7.     Mr. Anderson has been eluding the sheriff and police department since I took a criminal summons on him December 26, 2001. Mr. Anderson's attorneys always speak on his behalf whenever we are called to court. Mr. Anderson has never made a single appearance, which includes every court date up to the present date. Please see attachment from the Citizen Dispute Mediation Services with summons number 01W5916448.

8.     My ex attorney Martin Kasdan and the defendants attorneys were in conspiracy together. Martin Kasdan released my trial tapes to the defendants' attorneys as well as my expunged records without a court order or my authorization. If the defendants wanted my trial tapes they should not have gotten them from my attorney they should have gotten them from me (Ernest S. Allen) or the county attorney. By doing this, I consider this conspiracy. Please see the attachment of memorandum 5/14/03. My ex attorney lawyer Don Meade stated in a letter that he had my tapes in April 2006. Why does attorney Don Meade have my trial tapes when I had a memorandum to Martin Kazan to submit them in court in 2003? Please see factual background of Martin Kazan that was suppressed.

9.     Please see Case-at-a-Glance that defendants witness list Michelle Moody who is the store manager, Candice Dugan who is the customer service manager and the arresting police office Janice Riggs never appeared in court at anytime.

**CONCLUSION**

If anymore delays beyond February 23, 2009 I will ask the Honorable Judge Barry Willet to double the amount of my punitive damages for having false accusations against me and being violently attacked resulting in the following: 2 operations on my heart, 2 operations on my back, and a biopsy on my neck when I was choked by the security guard, Talmay Anderson. Tampering with my expunge records, spending attorney fee's, traveling back and forth to court, pain and suffering, incarcerated (Jail), doctor bills, loss of income from work and monies for appeal. This is most embarrassing, humiliating, strenuous time in me and my family life during this long vigorous time. All these things were maliciously done to me and prosecuting for these horrific events. <u>Lets not forget that the Honorable Judge Barry Willet stated to the defendants attorneys on August 14, 2003 that they would be found in contempt of the court for tampering with my expunge records.</u> **I also would like the court to know that I have already been in mediation with Winn-Dixie in federal court and in state court with Moore Security and I did not except there offers and I will not accept it.**

**CERTIFICATE OF SERVICE**

I certify that a copy of this document has been hand delivered by Ernest S. Allen on January 2, 2009 to the Honorable Judge Barry Willet Jefferson Circuit Court Judge, Division One, 700 W. Jefferson Street, Louisville, Ky 40211 and Attorney Richard G. Segal of 500 W. Jefferson Street, Suite 2100, Louisville Ky 40202. Attorney R. Hite Nelly, 471 W. Main Street, Suite 400, Louisville Ky 40202.

I certify that a copy of this document has been mailed to attorney Stephen Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 in care of attorney Leanne Prendergast

02-C1-08551                                          JEFFERSON CIRCUIT COURT
                                                             DIVISION ONE

ERNEST S. ALLEN                                                  PLAINTIFF

        V.

WINN-DIXIE, INC                                                 DEFENDANTS
MOORE SECURITY,  INC
MOORE SECURITY LLC; AND
TALMAY ANDERSON


                               **NOTICE**

        The parties will take notice the plaintiff Ernest S. Allen will on Monday
at the hour of 8:45 am in this court will make motion for summary judgment against the
defendants Winn-Dixie, Moore Security, and Talmay Anderson for the following
reasons.

1.  On *NOVEMBER* 3, 2001 as I was stopped by the on duty security guard Talmay
    Anderson, as I was exiting the Winn-Dixie store and was falsely accused of
    shoplifting.  If I was to be stopped it should have been by the store manager and
    not the security guard and as a result of this I was assaulted and the subject used
    handcuffs on me.  Brinkley V. State Texas C.R 150 198 S.940.  With all that had
    transpired the store manager of Winn-Dixie never came to court to give
    testimony.  Along with this horrific event I suffered and sustained injuries that
    will affect me for the rest of my life.  **Please read the Winn-Dixie manual for
    procedure to stop a shoplifter.  See attached**

2.  I (Ernest Allen) was falsely arrested and taken to the county corrections
    department where I was booked and required to be incarcerated until the
    following morning.  This event was very embarrassing and humiliating.  Gariety
    V. Levinsohn, J.J Misc. 765.138A.20511, Great Atlantic.  S Pacific Tea Co V.
    Phillips 253 KY, 126, 69. S.W. 2d 5.  E.D KY 2000 Pennington V. Dollar Tree
    Stores, INC 104 F. Supp.2d 710, affirmed.

3.  The defendant Talmay Anderson committed perjury on the witness stand and its
    all on the trial tapes.  People V. Glenn 294 Ill 333 128 N.E 532,533, Mathes V.
    State, 15 OK 1 CR. 382,177 P.120.  People V. Cade, City Ct. 6 nys 2d 10181021.

4.  I (Ernest Allen) was kidnapped by the security guard Talmay Anderson and two
    of Winn-Dixie employees and taken from in front of the store by physical force
    and subdued and was imprisoned to a room on the 2nd floor location of the store,
    while the store manager was watching this whole catastrophic event take place

567. State V. Sutton 116 Ind 52719 NIE 602 Samson V. State 37 Ohio
App.79174 N.E 162,163

5. **HARBORING FUGITIVE** – Security guard Talmay Anderson have been
   eluding the Sheriffs Department for the past 7 ½ years since a criminal summons
   was taken out on him back in December 26, 2001. Mr. Anderson's attorneys are
   aware of this information, and his attorney are representing and harboring a
   fugitive. Please see Jones V. Van Sand T.5 How.215,227122L.E.D 122 Poll.
   Torts 275. Wood V.Glae 10 NH 247,34 AMDEA.150. **Please see attachment**

6. **OBSTRUCTION OF JUSTICE** – By Anderson's attorney's. Melton V.
   Commonwealth 160 KY 642.170 Sw. 37 42. LRA 1915 B.689 People V.
   Hebbard, 162 N.Y S 8089 96Misc Rep 617. **Please see attachment**

7. My ex attorney Martin Kasdan and the defendants attorneys were in conspiracy
   together. Martin Kasdan released my trial tapes to the defendants' attorneys as
   well as my expunged records without a court order or my authorization and I
   made it very clear to Mr. Kasdan to not give out my information without my
   authorization or a court order. To reiterate with this Mr. Kasdan had no DR4-
   101C from me. Mr. Kasdan was once a Jefferson County attorney so I am well
   assure he knows right from wrong. Either attorney Martin Kasdan or the
   defendants' attorneys altered or had someone in Metro Police Department to alter
   and make false entries to my record and I have proof. **Please see attachments** of
   this. Fond since 9.1-86 and notice motion order Jefferson Circuit Court Division
   Five. Case no. 93-C1-00725. Pettibone V. U.S. 148 U.S 197.13 S.CT. 54237
   L.ED 419 Mitchell V. Hitchman Coal-Coke, co C.C.A. W.VA 214F.685. 708.
   Hamilton V. Cooley 184 N.E. 568.578

8. **CONSPIRACY** – Security guard and store manager of Winn-Dixie made out a
   report of the so called incident of shoplifting, but when the police came Mr.
   Anderson gave the police officer something different then what is on the report as
   evidence and so did the manager. Anderson stated that I had the items in my
   pocket. Please see the incident report and the police report. **Please see
   attachments.** Pettibone V. U.SE 148 U.S 197. 135. CT 54237 L.E.D 419.
   Mitchell V. Hitchman COAL-COKE CO C.C.A W.VA 214F 685,708, Hamilton.
   V. Cooley, 184 N.E 568

9. **CLASS D FELONY** – Tampering with public records 519,060 enact acts
   1974,CH. 406 168, 1992, CH.16 tampering with my records by the attorneys is a
   class D felony. This preponderance of evidence that pathetically this information
   is already in court files on this motion and the evidence about the class D felony is
   accurate as well as proof will be sent with this motion and **please see
   attachments.** My prior attorney Mitchell Harlan and Tommy Burns who was the

10. **INTEGRITY** – Winn-Dixie management have violated rules and regulations in 2005 the United States Attorney for the Southern District of Florida indicating that a federal grand jury is investigating possible violation of federal criminal law arising out of activities related to illegal importation, possession, transportation and sale of undersized lobster in and within the United States and the State of Florida and the company is a target of investigation. I also have evidence that the corporation shows 4 days before filing for Chapter 11 bankruptcy, the **Winn-Dixie Stores** board of directors voted to make the company's president and chief executive officer $1.5 million richer. The question is if your bankrupt how do you have funds to make the president 1.5 million dollars richer. Now former board member "(Ronald E. Elmquist was arrested in Kansas City, Mo and charged with three counts of possession of child pornography. Elmquist informed the company the he has resolved to devote his entire time and energies to his defense against charges recently filed against him in Clay County, Missouri.)"

11. **NONDISCHARGEABLE DEBT** – According to Bankruptcy Terminology a debt cannot be eliminated in bankruptcy for restitution or a criminal fine included in a sentence on the debtor's conviction or a crime or debts arising from death or personal injury.

I (Ernest S. Allen) was illegally stopped, verbally and physically attacked, incarcerated, imprisoned, and robbed. This horrific event left me with permanent damages to my body which resulted in the following: 2 operations on my heart, 2 operation on my back, and a biopsy on my neck when I was choked by the security guard, Talmay Anderson who works for Winn-Dixie and Moore Security. Mr. Anderson has been eluding the sheriff and police department since I took a criminal summons on him December 26, 2001. Mr. Anderson's attorneys always speak on his behalf whenever we are called to court. Mr. Anderson has never made a single court appearance since the criminal summons was taken out on him till the present date. The events of discovery results in a class D felony have been committed against me for tampering with my expunged records by my ex attorney and the defendant attorneys. Lets not forget that Mr. Anderson committed perjury on the stand and stated how he beat me up also and to verify this just listen to the audiotapes of this in the courtroom. To elaborate even more of the events of being played with was when Leanne McKnight Predergast who is a attorney for Smith, Hulsey and Busey law firm in Jacksonville, Florida who represents Winn-Dixie sent me a letter to me about a case management conference in Jacksonville, Florida June of 2008. The circumstances which surrounds this letter was that it has 2 different dates to appear in Jacksonville, Florida and if I failed to appear in person at the case management conference on June 2, 2008 the debtors will seek the disallowance of my claim due to the failure to participate in the claims resolution procedure. Of course that date of June 2, 2008 was incorrect which I will use as evidence.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion was served by Ernest S. Allen by hand on this _____ day of _____ to the Honorable Judge Barry Willet Jefferson Circuit Court Judge Division One 700 W. Jefferson Street Louisville, Ky 40211, Attorney Richard G. Segal 500 W. Jefferson Street Suite 2100, Louisville Ky 40202 for the defendants Moore Security, Inc, Moore Security. LLC and Attorney R. Hite Nally counsel for defendant Winn-Dixie at 471 West Main Street, Suite 400, Louisville Ky 40202

NO. 02-CI-08551

JEFFERSON CIRCUIT COURT
DIVISION ONE (1)
HONORABLE JUDGE BARRY L. WILLET

ERNEST S. ALLEN                                                                PLAINTIFF

VS

WINN – DIXIE, INC                                                            DEFENDANTS
MOORE SECURITY, INC
MOORE SECURITY, LLC                    **MEMORANDUM**
TALMAY ANDERSON                        MOTION FOR CRIMINAL COMPLAINT
                                       CHARGED AGAINST DEFENDANT
                                       TALMAY ANDERSON

JUDGE JERRY A FUNK
UNITED STATES TRUSTEE

## INTRODUCTION

A Class D Felony has been committed against me which is perjury in the 1st degree along with assaulting and imprisoning me and even falsifying a police report by security guard Talmay Anderson.  This horrific event left me with permanent damages to my body which resulted in the following: two operations on my heart, two operations on my back, and a biopsy on my neck when I was choked by the security guard, Talmay Anderson. Mr. Anderson has been eluding the sheriff and police department since I took a criminal summons on him December 26, 2001. Mr. Anderson's attorneys always speak on his behalf whenever we are called to court. Mr. Anderson has never made a single appearance, which includes every court date up to the present date. I am asking the to court to see that Talmay Anderson is prosecuted at the full extent of the law and the court would find it feasible that I can be awarded sanctions against the two law firm that have been harboring him.

This memorandum for the Kentucky Rules of Civil Procedure was ordered by the Honorable Judge Barry L. Willet. Talmay Anderson is the only witness, representative for the Commonwealth County attorney Robert Florio and Moore Security, Winn-Dixie Inc as well. The fugitive Talmay Anderson committed perjury on the witness stand on June 4, 2002 in his testimony and the proof of evidence of issue of material of facts is on the transcription of cassette tape and even on affidavits signed by Talmay Anderson on April 8, 2009.  I cannot bare that I was kidnapped by Talmay Anderson and two of Winn-Dixie employees from in front of the store by force physical force and imprisoned to a room on the second floor and proof of this in on the transcription of cassette tapes and Talmay Anderson's affidavit.  I (Ernest S. Allen) cannot repeat that I have suffered permanent injuries that will affect me for the rest of my life.

## CONCLUSION

The preponderance of evidence will show that there was no probable cause period, and it is filled with fraud, malicious manipulation, malice, and evil intent. With all the evidence I believe that I (Ernest S. Allen) should be awarded double the damage amounts which this horrific event has been dragged on for 8 years by the defendants.


**Respectfully Submitted**
Ernest S. Allen

*Ernest S Allen*


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion was served by Ernest S. Allen by hand on this __20__ day of __APRIL_____ Attorney Richard G Seagal, Attorney R. Hite Nally and Attorney Ann Geisheimer