# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

## WINN-DIXIE'S MOTION FOR ADDITIONAL TIME
## TO DEPOSE VISAGENT'S 30(b)(6) REPRESENTATIVE(S)

Winn-Dixie Stores, Inc., on behalf of twenty-three of its subsidiaries and affiliates, as the Reorganized Debtors (collectively, "Winn-Dixie"), moves the Court to allow Winn-Dixie 14 hours to depose Visagent's 30(b)(6) representative(s), and in supports says:

1. Bankruptcy Rule 7030(d)(1) limits a deposition to one day of seven hours, but provides that the Court must allow additional time if necessary to fairly examine the deponent:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.
>
> Bankruptcy Rule 7030(d)(1) (applicable to contested matters pursuant to Bankruptcy Rule 9014(c)).

2. Visagent alleges damages in excess of $130 million based on claims that (i) Winn-Dixie breached an agreement that spanned three years (June 28, 2001 through June 28, 2004), (ii) Winn-Dixie misappropriated and stole Visagent's trade secrets and (iii) Winn-Dixie fraudulently induced Visagent to develop and train Winn-Dixie employees on a computer based trading platform.

3. After more than two years of motion practice by Winn-Dixie to compel document production, Visagent produced additional discovery, including approximately 7,000 documents on March 31 and approximately 1,350 documents *yesterday,* May 5. Winn-Dixie is still trying to assimilate these documents.

4. Winn-Dixie has, pursuant to Bankruptcy Rule 7030(b)(6), noticed Visagent's corporate representative for deposition regarding 40 areas of inquiry directly related to Visagent's claims.

5. To fairly examine Visagent regarding these 40 areas will require more than 7 hours. Additional time is necessary because of the number of issues and the volume of documents to address at the deposition.

6. By order entered December 28, 2007 (Doc. 19416), the Court granted Visagent an additional 7 hours to depose Winn-Dixie's corporate representative.

### Rule 26(c) and Rule 37(a)(2)(A) Certification

Winn-Dixie's attorneys certify that they have in good faith conferred with Visagent's attorneys in an effort to resolve the issues raised in this motion without Court action. In declining Winn-Dixie's request, Visagent's attorney stated that:

> We will proceed with the deposition under the rules allowing 7 hours. If you need more time, we can discuss it when the need arises.

Winn-Dixie needs to know how much time it will have to conduct the deposition before it commences the deposition. Moreover, Winn-Dixie is concerned that there will be no time left for resolving the need for more time for this deposition before the May 22 deadline for completing discovery.

SMITH HULSEY & BUSEY

By  /s/ David L. Gay
      Stephen D. Busey
      David L. Gay

Florida Bar Number 893221
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
dgay@smithhulsey.com

Counsel for Winn-Dixie

4

## Certificate of Service

I certify that a copy of the foregoing has been furnished via the CM/ECF electronic notification system to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, Post Office Box 395, Stuart, Florida 34995, this 6th day of May, 2009.

_/s/ David L. Gay_
Attorney

652550.1