UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et. al. | ) | |
| Reorganized Debtors | ) | Jointly Administered |
| _____ | ) | |
| WINN-DIXIE STORES, INC., et. al. | ) | |
| Plaintiffs, | ) | Adversary No. 3: 09-ap-00139-JAF |
| v. | ) | |
| CARMEN L. JOHNSON, individually and As next friend of DEZRA R. JOHNSON, a Minor, and CALVIN D. LOWERY, Defendants. | ) | |
| _____ | ) | |
| CARMEN L. JOHNSON, individually and As next friend of DEZRA R. JOHNSON, a Minor, and CALVIN D. LOWERY, | ) | |
| Counter-Claimants, | ) | |
| v. | ) | |
| WINN-DIXIE STORES, INC., et. al. | ) | |
| Counter-defendants. | ) | |
| _____ | ) | |

**RESPONSE TO WINN-DIXIE MOTION TO DISMISS
THE DEFENDANTS' COUNTER COMPLAINT**

COMES now Defendants'/Counter-Claimants and files their response to Plaintiff motion to dismiss Defendants Counter Complaint:

1. Counterclaim state a cause of action of action for fraud as a matter of law.
2. The Counterclaim meets the pleading requirements.

## Memorandum of Law

## Fraud Was Well Pleaded

Winn-Dixie et. al. first submitted filed a "NOTICE OF COMMENCEMENT OF BANKRUPTCY CASE[S]" in New York and failed to notify claimant of the case being transferred. **(Exhibit 1)** Winn-Dixie filed a claim only on "JOHNSON, DEZRA (MINOR)", but the lawsuit filed in this case prior to Winn-Dixie et. al. filing Chapter 11 Bankruptcy show the names of Dezra R. Johnson, a minor, by her next friends, Carmen L. Johnson and Ezra Johnson, and CARMEN L. JOHNSON and EZRA JOHNSON, Individually. **(Exhibit: 1, Complaint and Demand for Jury Trial)** Additionally, Winn-Dixie et. al. did not list Ezra Johnson on a claim, the father of Dezra R. Johnson who filed a lawsuit for loss of services of a child or file a lawsuit against Ezra Johnson for violating the permanent stay. The claim as submitted by Winn-Dixie et. al. show how Winn-Dixie et. al. and Leanne McKnight Pendergast committed fraud upon the Bankruptcy Court in their filing a lawsuit styled as *"CARMEN L. JOHNSON, individually and as next friend of DEZRA R. JOHNSON, a minor, and CALVIN D. LOWERY"* by using a different name in the lawsuit than on

the claim form Winn-Dixie et. al. submitted on the claim form, "*Johnson, Dezra*". This is actual fraud committed by Leanne McKnight Pendergast and Winn-Dixie et. al. in that she consistently uses different names (Johnson, Dezra and Dezra R. Johnson) interchangeably. The Eleventh Circuit has already agreed that a claim is not discharged in a chapter 11 due to the debtor failure to give notice to the plaintiffs (by listing all creditors by their full name as listed on the Complaint) of the claims bar date, confirmation and the confirmation order. *In re Spring Valley Farms, Inc.*, 863 F.2d 832 (11th Cir. 1989).

    Winn-Dixie <u>did not</u> list Dezra R. Johnson, Carmen L. Johnson and Ezra Johnson as creditors when they knew the Johnson should have been listed. Furthermore, Winn-Dixie further their fraud by stating that if the attorney did not show up from Atlanta, Georgia for "***The Notice of Case Management Conference (Docket No. 22131) stated that the Debtors would seek the disallowance of the claim if the claimant failed to appear at the hearing.***" **(Exhibit 3)**  Dezra R. Johnson, Carmen L. Johnson and Ezra Johnson are creditors with an officially filed lawsuit against Winn-Dixie for loss of services of a minor child Dezra R. Johnson. Winn-Dixie never listed Dezra R. Johnson, Carmen L. Johnson and Ezra Johnson on their list of creditors.   The same argument can be made that Winn-Dixie et. al, complaint in the their adding Calvin D. Lowery name to the lawsuit without  properly serving him. What is good for the goose is good for the gander.  Calvin D. Lowery

was made a party to the as the same as Leanne McKnight Pendergast and the other. Leanne McKnight Pendergast served Calvin D. Lowery by U.S. Mail, she did not properly serve Calvin D. Lowery. Therefore, Calvin D. Lowery was not a proper party and should be denied.

The Supreme Court has stated that *"an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"* <u>Mullane v. Central Hanover Trust Co.</u>, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950). The fraud scheme was discovered when Winn-Dixie failed to give notice to Dezra R. Johnson, Carmen L. Johnson and Ezra Johnson in their Chapter 11 for the creditors claim for loss of services of a child. The fraud scheme continued when Winn-Dixie et. al. attempted to hide a claim for Dezra R. Johnson by listing her claim as "Johnson Dezra" with hope of intentionally mixing her attorney up and he will be unable to file a claim for Dezra R. Johnson, Carmen L. Johnson and Ezra Johnson. Therefore, without notice to Dezra R. Johnson, Carmen L. Johnson and Ezra Johnson Winn-Dixie any finality cannot be given to boxing them out of the process. Dezra R. Johnson, Carmen and Ezard Johnson were was not provided with notice reasonably calculated to appraise them of the pending bankruptcy. Additionally, Leanne McKnight Pendergast knew that with her skill and training in

bankruptcy law that she knew or should have known that each creditor should have been separately of the Chapter 11.

Leanne McKnight Pendergast joined Calvin D. Lowery, attorney as party Defendant when the claim submitted by Winn-Dixie only was entered for "Johnson, Dezra". No claim was ever attempted to be entered for Carmen L. Johnson and Ezra Johnson as each one of them is an independent Plaintiffs' party. The Johnson recognizes that Dezra, Carmen and Ezard Johnson if they all had received adequate notice and had received copies of the Plan, Disclosure Statement and *Confirmation Order*, and had thus been on notice of all of the relevant bar dates, then the discharge provisions of 11 U.S.C. § 1141 would bind her and her recovery would be limited to that provided in the Plan, Disclosure Statement and *Confirmation Order*. Whether by fraud or mistake Dezra, Carmen and Ezard Johnson did not receive notice and *Confirmation Order* thus they are not bound by the *Confirmation Order*.

Winn-Dixie et. al. attempt to file a claim on "Johnson, Dezra" with out a copy to her attorney or to claimant and Carmen L. Johnson and Ezra Johnson failure to receive notice under Bankruptcy Rule 2002(a)(8) (all creditors must be given "not less than 20 days notice by mail of ... the time fixed for filing proofs of claim"), constituted due process violation. Dezra R. Johnson, Carmen L. Johnson and Ezra Johnson never filed any proofs of claim with the Florida bankruptcy court, nor did

they otherwise participate in proceedings because they were not notified of the pending Bankruptcy.

## **Conclusion**

For the foregoing reasons, Defendants' respectfully request this Court to sustain the Counterclaim.

Respectfully submitted,

_s/ Calvin D. Lowery_
Calvin D. Lowery
Georgia Bar No. 460128
648 Evander Holyfield Hwy.
Fairburn, GA 30213
(770) 719-1075

I have this day served a copy electronically on May 5, 2009 to Leanne McKnight Pendergast, Esq., at 225 Water Street, Suite 1800, Jacksonville, FL 32202.

<u>s/ Calvin D. Lowery</u>