RECEIVED & FILED
JAN 0 8 20__
CLERK, STATE COURT
CLAYTON COUNTY
COPY

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Dezra R. Johnson (a minor),<br>by her next friends, Carmen<br>L. Johnson and Ezra Johnson,<br>And Carmen L. Johnson and Ezra<br>Johnson, Individually,<br><br>    Plaintiffs,<br>v.<br><br>Winn-Dixie Stores, Inc., a/k/a Winn Dixie<br>Montgomery Division No. 7, d/b/a Winn Dixie<br>Store # 1817,<br><br>    Defendant. | Civil Action<br>File No.: 2004CV00129B<br><br>JURY DEMAND |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Dezra R. Johnson, by and through her Next Friends, Carmen Johnson and Ezra Johnson, and Carmen L. Johnson and Ezra Johnson, Individually, Plaintiffs above, and hereby file their Complaint and show the Court the following facts:

This is an action for personal injuries damages in excess of $10,000.00 and in excess of the minimum amount required by this Court exclusive of costs and interests.

### PARTIES

The Plaintiffs, Dezra Johnson is a minor child and was seven years old at the time of the incident. Dezra Johnson, Carmen L. Johnson and Ezra Johnson, are residents of Clayton County, Georgia and are entitled to file this action in this Court.

The Defendant, Winn-Dixie Stores, Inc., a/k/a Winn Dixie Montgomery Division No. 7, d/b/a Winn Dixie Store # 1817, is a Corporation licensed to and conducting business in the State of Georgia.

## JURISDICTION AND VENUE

1.

The Defendant, Winn-Dixie Stores, Inc., a/k/a Winn Dixie Montgomery Division No. 7, d/b/a Winn Dixie Store # 1817, is now, and was, at all times relevant to this action, a Domestic for Profit Corporation, incorporated under the laws of Georgia, has an office and transact business in Clayton County, Georgia and is therefore subject to the jurisdiction of this court pursuant to 14-2-510 (b)(3).

2.

The Defendant's Registered Agent is Corporation Service Company and may be served with this Complaint at 40 Technology Pkwy. South, Norcross, Gwinnett County, Georgia 30092.

## STATEMENT OF THE FACTS

3.

On or about April 22, 2000, Plaintiff Dezra Johnson, a minor child suffered serious injury to her back, left knee and fracture of her coccyx due to the Defendant's failure to maintain a safe store for its customers.

4.

At the time of the incident, Dezra Johnson, was considered an invitee, as contemplated by O.C.G.A. § 51-3-1, entered Winn Dixie Store # 1817, located at 8777 Tara Boulevard, Jonesboro, Georgia with her mother, Carmen Johnson, to purchase groceries. Unbeknownst and

without any warning whatsoever to Dezra Johnson and Carmen Johnson, sugar was spilled on the floor and was continuing to be spilled by a store employee stock clerk who was at the time stocking sugar on the shelves at the same location.

5.

The Defendant had a duty to maintain its business premises in a reasonably safe condition for business invitees, but no Winn Dixie employee had cleaned up any of the spilled sugar or warn the customers of danger because of the spilled sugar.

6.

The Defendant breached its duty of care by allowing its premises to be and remain unsafe for its customer by not warning its customers of the danger of the spilled sugar or by not roping off the area to prevent its customers from falling on sugar a light colored floor where the light color sugar was not visible to Dezra Johnson.

7.

Despite Winn Dixie's policy with regard to clean up, no caution signs had been placed in the area and the Defendant knew or should have known, that allowing spilled sugar to remain on the floor would create an unreasonable risk of injury to anyone walking down the food isles and could reasonably foresee that a Plaintiff, such as Dezra Johnson, would slip and fall on the spilled sugar on the floor and injure herself.

8.

The spilled sugar on the Defendant's floor was known by the Defendant and did not require a reasonable inspection because the Defendant store employee created the danger in that he spilled the sugar as he was stocking the store shelves with sugar.

Additionally, the condition of the spilled sugar indicated that it existed long enough for a "watch your step" or "caution" sign to have been put up by the stock clerk employees since the spill was known to at least one of the employees and could have been discovered by the custodial employees since it he was spilling the sugar and since it is their jobs to keep the premises clean and safe for its customers.

9.

At the time of the incident, Plaintiff Dezra Johnson cried and complained of pain in her lower back, left knee and buttocks area. Plaintiff attempted to walk it off by proceeding with the grocery shopping with her mother. However, the pain continued to the pint that Dezra Johnson and her mother went back up to the front of the store and met with the manager of the store. The Store Manager took their names and phone number and discussed Dezra Johnson seeing a doctor.

10.

At that time, Dezra was experiencing severe pain in her back, buttocks area; her tailbone, and in both of her legs. Dezra was seriously injured and required took her to the emergency room at Fayette Community Hospital where she was diagnosed with contusions to the coccyx area and both lower leg contusions.

11.

Defendants were negligent in failing to provide a reasonable safe store, and were negligent in maintaining its floor to prevent its customers from slipping and falling due to negligence created by its own employees in the following manner:

    a. Creating of a hazardous condition;

    b. Failure to keep said premises in a safe condition;

4

    c. Failure to protect Plaintiff as an invitee from a danger that was known by Defendants and that was foreseeable; and

    d. Any and all other acts of negligence as may be shown through discovery or proof at trial.

12.

As a result of Winn Dixie's negligence and failure to maintain a safe store for its customers, Dezra Johnson and Carmen Johnson has incurred medical expenses and they will incur future medical expenses.

13.

Winn Dixie owed Dezra Johnson and her mother a duty to maintain a safe store, and Winn Dixie's failure to do as was required has also resulted in permanent impairment to Dezra Johnson. Dezra Johnson has sustained physical and mental suffering and that pain and suffering will continue in the future.

14.

During all times mentioned here, Plaintiff Dezra Johnson was a capable and able daughter.

15.

At all times relevant to this Complaint, Carmen Johnson and Ezra Johnson are the respective parents/guardians of Dezra Johnson, a minor child.

16.

As a result of the negligence of the Defendants as herein described in this Complaint, Plaintiffs Carmen Johnson and Ezra Johnson suffered the loss of the service and enjoyment of their daughter for which they are entitled to damages.

17.

The Defendant's negligence was the proximate cause of Plaintiff Dezra Johnson's injuries and Carmen Johnson and Ezra Johnson's loss.

18.

As a proximate result of the negligence of the Defendant, Plaintiff Dezra Johnson sustained aggravated injuries to her health, strength, and activities. Plaintiff Dezra Johnson sustained bodily injuries and shock to her nervous system, which have caused and will continue to cause great mental and physical pain and suffering for the rest of her natural life.

19.

As a further proximate result of the Defendant's negligence, Plaintiff Dezra Johnson has incurred and will continue to incur medical, hospital, surgical and related expenses.

20.

Plaintiff Dezra Johnson, has suffered excruciating pain and suffering, permanent and partial disability to her person, and Plaintiff's Carmen and Father Johnson have incurred medical expenses and other ancillary expenses and loss of services and enjoyment of their daughter as a result of the Defendant's negligence.

21.

The described injuries to Plaintiff Dezra Johnson were caused solely and proximately by the Defendant's sole negligence and without any contributory negligence on the part of any Plaintiff.

22.

The Suwaso Corporation is liable to Dezra Johnson for all her damages and to Carmen Johnson and Father Johnson for the loss of consortium, loss of the services and loss of enjoyment of their daughter and the Defendant should be required to fully compensate all three of them.

WHEREFORE, Plaintiff Dezra Johnson, Carmen Johnson and Ezra Johnson pray for:

a. Process and service of process be made upon the Defendants;

b. Trial by Jury;

c. Damages for past, present and future pain and suffering;

d. Payment of past, present and future medical expenses;

e. Damages for loss of permanent partial disability to the person;

f. Damages for future disability;

g. For such other and further relief a may be found to be equitable and just;

h. Damages for Plaintiffs Carmen Johnson and Father Johnson for loss of services a and loss of service and enjoyment of their daughter;

i. Exemplary and punitive damages; and

j. For such other and further relief as may be found to be equitable and just;

_____
CALVIN D. LOWERY
Georgia Bar No.: 460128
Attorney for Plaintiffs

5150 Old National Hwy., Suite A
College Park, Georgia 30349
(404) 766-4477

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

**RECEIVED & FILED**

FEB 2 8 2005

*Brenda W. [signature]*
CLERK, STATE COURT
CLAYTON COUNTY

| | |
|---|---|
| DEZRA R. JOHNSON, a minor, by her next friends, Carmen L. Johnson and Ezra Johnson, and CARMEN L. JOHNSON and EZRA JOHNSON, Individually,<br><br>Plaintiffs<br><br>v.<br><br>WINN-DIXIE STORES, INC., a/k/a WINN DIXIE MONTGOMERY DIVISION NO. 7, d/b/a WINN DIXIE STORE #1817,<br><br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION<br>:  FILE NO. 2004CV00129-B<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE OF COMMENCEMENT OF BANKRUPTCY CASE[S]

PLEASE TAKE NOTICE that on February 21, 2005, Defendant Winn-Dixie Montgomery, Inc. filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, commencing a bankruptcy case being jointly administered under the style In re Winn-Dixie Stores, Inc., No. 05-11063, in the United States Bankruptcy Court for the Southern District of New York.

11 U.S.C. § 362(a)(1) provides that the filing of a voluntary petition operates as a stay, applicable to all entities, of the continuation, including the issuance or employment of process, of a judicial action or proceeding against the debtor that was or could have been commenced before the filing of the petition, or to recover a claim against the debtor that arose before the filing of the petition.

FAIN, MAJOR & BRENNAN, P.C.

BY: _____
GENE A. MAJOR
Georgia State Bar No. 466650
DARRYL G. HAYNES
Georgia State Bar No. 340580
Attorneys for Winn-Dixie Montgomery, Inc.

EXHIBIT 1

100 Glenridge Point Parkway, Suite 500
Atlanta, Georgia 30342
(404) 688-6633

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| DEZRA R. JOHNSON, a minor, by her next friends, Carmen L. Johnson and Ezra Johnson, and CARMEN L. JOHNSON and EZRA JOHNSON, Individually, <br><br> Plaintiffs <br><br> v. <br><br> WINN-DIXIE STORES, INC., a/k/a WINN DIXIE MONTGOMERY DIVISION NO. 7, d/b/a WINN DIXIE STORE #1817, <br><br> Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : CIVIL ACTION <br> : FILE NO. 2004CV00129-B <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served a copy of the foregoing **Notice of Commencement of Bankruptcy Case[s]**, upon all parties by depositing a copy of same in the United States Mail, postage prepaid with proper postage affixed addressed as follows:

Calvin D. Lowery, Esquire
5150 Old National Highway, Suite A
College Park, Georgia 30349

This 25 day of February, 2005.

FAIN, MAJOR & BRENNAN, P.C.

BY: _____
GENE A. MAJOR
Georgia State Bar No. 466650
Attorney for Winn-Dixie Montgomery, Inc.

100 Glenridge Point Parkway
Suite 500
Atlanta, Georgia 30342
(404) 688-6633

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**ORDER ON MOTION TO FILE LATE CLAIM OR TO REOPEN THE DEBTORS' JOINT PLAN OF REORGANIZATION FILED BY CARMEN L. JOHNSON, INDIVIDUALLY AND AS A FRIEND OF DEZRA R. JOHNSON, A MINOR**

This case came before the Court for hearing on March 19, 2009, on the Debtors' Notice of Case Management Conference (Docket No. 22131) as to the Motion to File A Late Claim or To Reopen the Debtors' Joint Plan of Reorganization filed by Carmen L. Johnson, Individually and as a friend of Dezra R. Johnson, a minor (Docket No. 21773) (the "Motion"). Carmen L. Johnson, Individually and as a friend of Dezra R. Johnson, a minor (the "Claimant") did not appear at the hearing.[1] Upon consideration, it is

ORDERED AND ADJUDGED:

The Motion is denied.

Dated this 19 day of March, 2009, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

Leanne McKnight Prendergast
[Leanne McKnight Prendergast is directed to serve a copy of this order on the Interested Parties and file a proof of service.]
00645957

EXHIBIT 3

---

[1] The Notice of Case Management Conference (Docket No. 22131) stated that the Debtors would seek the disallowance of the claim if the Claimant failed to appear at the hearing.