UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                           CASE NO. 05-03817-3F1

Winn-Dixie Stores, Inc.

    Debtor                                                CHAPTER 11

## LUISA B. SUAREZ'S MOTION FOR RELIEF FROM AUTOMATIC STAY

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection with 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of Court at United States Courthouse, 300 North Hogan Street, Jacksonville, FL 32202, and serve a copy on the movant's attorney, Robert P. Morrow, Jr., Esq., 300 West Adams Street, Suite 400, Jacksonville, FL 32202.**

**If you file and serve an objection within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

COMES NOW LUISA B. SUAREZ ("SUAREZ"), a creditor herein, and files this Motion for Relief from Automatic Stay.

### JURISDICITON AND STATUTORY PREDICATE

1.     This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2.     The statutory predicate for relief sought in this motion is 11 U.S.C. § 362(d)(1), as implemented by FED.R.BANKR.P.4001.

## STATEMENT OF FACTS

3.  On or about December 2006, a Complaint was filed by Luisa B. Suarez against Winn-Dixie Stores, Inc. in the Circuit Court of the 11th Judicial District, State of Florida. The complaint was brought under allegations of violations of the Florida Civil Rights Act of 1977, as amended F.S. Chapter 760, which prohibits discrimination in the workplace. The complaint was put under an automatic stay pursuant to the filing of Chapter 11 bankruptcy of Winn-Dixie Stores, Inc.

## RELIEF REQUESTED

5.  The administration of justice requires that the automatic stay be lifted pursuant to 11 U.S.C. § 362(d)(1) with respect to SUAREZ's Complaint filed in the Circuit Court of the 11th Judicial District, State of Florida, In order for the case to proceed to trial.

6.  Based on the foregoing, SUAREZ moves that, pursuant to Section 362 of the Bankruptcy Code, the automatic stay be lifted.

WHEREFORE, PREMISES CONSIDERED, respectfully prays that the Court grant is Motion for Relief from Automatic Stay, or in the alternative for Adequate Protection Payments, and for such other and further relief to which STEARNS may be justly entitled.

DATED on May 7, 2009.

Respectfully submitted,

Robert P. Morrow, Jr., Esq.
FL Bar. # 0245267
300 West Adams Street
Suite 400
Jacksonville, FL 32202
904.353.1000
Facsimile 904.356.7408
Attorney for Movant, Louis B. Suarez

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been served on the debtor, Winn-Dixie Stores, Inc., by United States Mail and the debtors attorney, John McDonald, Esq, United States Trustee, and rule 1007(d) parties in interest, electronically, this 7th day of May, 2009.

_____
Attorney