UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
JACKSONVILLE, FLORIDA
MAY 1 1 2009
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:

WINN-DIXIE STORES, INC, et a.,

Debtors

_____/

Chapter 11

Case No.: 3:05-BK- 03817-JAF

(Jointly Administered)

## MOTION BY EILEEN MATTHIAS TO ENLARGE TIME TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM

COMES NOW the Applicant, EILEEN MATTHIAS, by and through her undersigned counsel and pursuant to Bankruptcy Rule 9006(b) moves the court for an order enlarging time to file this application for administrative expense and would show:

1. The Debtor filed Chapter 11 bankruptcy on February 21, 2005.

2. On or about June 15, 2005, Matthias was a business invitee of Winn-Dixie store #2390 and was injured as a result of the negligence of Winn-Dixie store employees.

3. Applicant is not required to file a claim because the injury occurred after Debtor filed this bankruptcy.

4. On or about August 30, 2005, the lawyer that Matthias retained, Michael O'Brien of the O'Brien Law Group, P.A. advised the Winn-Dixie store of her claim for injuries.

5. Sedgwick Claim Management Service, Inc. (Sedgwick) responded to the notice of the claim by Michael O'Brien by sending an acknowledgment of the claim on or

about September 12, 2005. An insurance disclosure was sent on the same date by Sedgwick.

6. On or about December 6, 2006, a notice was filed with the Court notifying interested parties of the deadline to file Application for Administrative Expense. The notice was not sent to the attorney for the Applicant or the Applicant.

7. In October of 2005, Matthias' attorney, Michael O'Brien passed away.

8. On or about January of 2006, the O'Brien Law Group, P.A. ceased to exist and a new firm was formed named O'Brien, Weisberg & Brooks. Matthias stayed as a client with this newly formed firm.

9. In December of 2007, O'Brien, Weisberg & Brooks, LLC, submitted a demand regarding the incident and injuries to Sedgwick Claims Management Services, Inc.

10. Counsel for Winn-Dixie alleges that it sent the Administrative Expense Claim Bar Date Notice to Matthias on or about December 18, 2006 at the following address: 7622 Forrest City Road, Apartment 4, Orlando, Florida 32802.

11. Counsel for Winn-Dixie states that it sent the Administrative Expense Claim Bar Date Notice to Michael O'Brien, the O'Brien Law Group on or about December 18, 2006.

12. Eileen Matthias did not receive the Administrative Expense Claim Bar Date Notice.

13. Counsel for Eileen Mathias did not receive the Administrative Expense Claim Bar Date Notice. (See Affidavit of Penni O'Brien attached as Exhibit 1 and Affidavit of Richard Weisberg attached hereto as Exhibit 2)

14. Because the Debtor, through Sedgwick, was aware of the Applicant's claim prior to the deadline, the Debtor will suffer no prejudice by granting of this Motion.

15. Simultaneous with filing of this motion, Applicant has filed an Application for Administrative Expense for Post-Petition Personal Injury.

WHEREFORE, the Applicant prays the Court to enter an order extending the time for her to file an Application for Administrative Expense for her personal injury claim until the time said application was actually filed, that is until May 11, 2009.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to: Leanne McKnight Prendergast, Smith Hulsey & Busey, 225 Water Street, Suite 1800, P.O. Box 53315, Jacksonville, Florida 32201 on this 7th day of May, 2009.

/s/ Richard H. Weisberg
Richard H. Weisberg
Florida Bar No. 0207322
O'BRIEN, WEISBERG & BROOKS, LLC
2014 East Robinson Street
Orlando, Florida 32803
Tel: (407) 835-9211
Fax: (407) 835-9212
E-mail: dick@owbllc.com

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**In re:**

**WINN-DIXIE STORES, INC, et a.,**

**Debtors**

_____/

**Chapter 11**

**Case No,: 3:05-BK- 03817-JAF**

(Jointly Administered)

## AFFIDAVIT OF RICHARD WEISBERG

I, RICHARD WEISBERG, being first duly sworn do hereby state and attest to the following facts:

1. I am over eighteen years of age and otherwise competent.

2. I am the attorney representing Eileen Matthias for personal injuries arising out of an incident occurring on June 15, 2005 at a Winn-Dixie Store in Orlando

3. On June 15, 2005, Matthias was a business invitee of Winn Dixie store #2390. On such date, Mathias was injured at Winn-Dixie when a Winn-Dixie employee struck her with a metal cart causing her to twist and fall to the ground. After the accident, Eileen Matthias continued complaints of frontal headaches, low back pain and numbness in the lateral part of her left knee. She was diagnosed with permanent injuries to the neck and back by Dr. James Shea.

4. On or about August 30, 2005, the lawyer that Matthias retained, Michael O'Brien of the O'Brien Law Group, P.A. advised the Winn-Dixie store of her claim for injuries. Mr. O'Brien passed away in October of 2005, and I assumed the

handling of this matter.

5. Sedgwick Claim Management Service, Inc. (Sedgwick) responded to the notice of the claim by Michael O'Brien by sending an acknowledgment of the claim on or about September 12, 2005. An insurance disclosure was sent on the same date by Sedgwick.

6. Further correspondence was directed to Sedgwick CMS on April 23, 2007. At no time during the eighteen (18) months between those two letters were either Ms. Matthias or the undersigned advised of the Debtor's Bankruptcy Petition.

7. In December of 2007, O'Brien, Weisberg & Brooks, LLC, submitted a demand for $80,000 on behalf of Eileen Matthias regarding the incident and injuries to Sedgwick Claims Management Services, Inc.

8. On January 2, 2008, Sedgwick CMS directed correspondence to the undersigned advising of the Debtor's emergence from Bankruptcy on November 21, 2006 and suggesting that any claim arising between the Petition Date and November 21, 2006 had to be submitted by January 5, 2007, and advising that the claim had expired for failure to file the Administrative Expense Claim.

9. Upon receipt of that correspondence, a letter was directed by the undersigned to Counsel for the Debtor advising lack of receipt of notification of any proceeding by Ms. Matthias or her counsel.

10. At no time prior to January 2, 2008 did I as the attorney for Eileen Matthias receive the notice mentioned for the first time in this correspondence. I have been informed by both Eileen Matthias and counsel for the Debtor that Ms. Matthias did not receive the notice.

11. All of the foregoing is based on my personal, first hand knowledge.

FURTHER AFFIANT SAYETH NOT

*Richard Weisberg*
Richard Weisberg

Date: 5-7-09

Sworn and subscribed to me this 7th day of May, 2009 by Richard Weisberg who is personally known to me.

_____
Notary Public
State of Florida

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC, et a.,   Chapter 11

Case No,: 3:05-BK- 03817-JAF

Debtors

_____/   (Jointly Administered)

## AFFIDAVIT OF PENNI O'BRIEN

I, PENNI O'BRIEN, being first duly sworn do hereby state and attest to the following facts:

1. I am the paralegal for the law firm of O'Brien, Weisberg & Brooks, LLC. In my position as paralegal, I open all mail for the office and distribute it the appropriate staff and attorneys.

2. On behalf of Eileen Matthias, our firm submitted a demand regarding the incident and injuries to Sedgwick Claims Management Services, Inc.

3. In response to the demand, our office was informed by counsel for Winn-Dixie that the company is in bankruptcy.

5. Counsel for Winn-Dixie states that it sent the Administrative Expense Claim Bar Date Notice to Michael O'Brien, the O'Brien Law Group on or about December 18, 2006.

6. Michael O'Brien passed away in October of 2005.

7. The O'Brien Law Group ceased to exist in January of 2006 when the name was changed to O'Brien, Weisberg & Brooks, LLC.

8. I was the paralegal for the O'Brien Law Group.

9. Our office did not receive the the Administrative Expense Claim Bar Date Notice indicating that Winn-Dixie was in bankruptcy.

10. Our office was not made aware by any other means that Winn-Dixie was in bankruptcy.

FURTHER AFFIANT SAYETH NOT

*Penni O'Brien*

Date: 2-10-09

Sworn and subscribed to me this 10 day of February, 2009 by Penni O'Brien who is personally known to me.

*Notary signature*

Notary Public
State of Florida

LYNN M. WEISBERG
Comm# DD0585946
Expires 8/16/2010
Florida Notary Assn., Inc