UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

F I L E D
JACKSONVILLE, FLORIDA

MAY 11 2009

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:

WINN-DIXIE STORES, INC, et a.,

Debtors
_____/

Chapter 11

Case No.: 3:05-BK- 03817-JAF
(Jointly Administered)

### Response to Debtor's Objection to the Claim of Eileen Matthias

Eileen Matthias, by and through her undersigned counsel hereby submits this Response to the Debtor's Objection to the Claim dated April 21, 2009, and would state as follows:

1. Ms. Matthias sustained an injury as the direct result of the negligent actions of an employee of on of the Debtor's units on June 15, 2005, after the Petition date (February 21, 2005).

2. The Debtor was placed on notice of this potential claim by correspondence of August 30, 2005, and the same was acknowledged by Sedgwick Claims Management Services (CMS) on September 12, 2005. Further correspondence was directed to Sedgwick CMS on April 23, 2007. At no time during the eighteen (18) months between those two letters were either Ms. Matthias or the undersigned advised of the Debtor's Bankruptcy Petition.

3. On January 2, 2008, Sedgwick CMS directed correspondence to the undersigned advising of the Debtor's emergence from Bankruptcy on November 21, 2006 and indicating that any claim arising between the Petition Date and November 21, 2006 had to be submitted by January 5, 2007, and advising that the claim had expired for failure to file the Administrative Expense Claim.

4. Upon receipt of that correspondence, a letter was directed by the undersigned to Counsel for the Debtor advising lack of receipt of notification of any proceeding by Ms. Matthias or her counsel.

5. Correspondence from Debtor's counsel dated February 15, 2008, indicated notice was sent to Ms. Matthias and the undersigned at addresses that were no longer applicable. Subsequent correspondence from Debtor's Counsel confirmed submissions to addresses no longer applicable.

6. Subsequently, at the advice of a Bankruptcy Attorney, the undersigned submitted a Proof of Claim and a Motion for Leave to File Proof of Claim after Bar Date and Motion for Enlargement of Bar Date. Based upon the objection, the undersigned is now aware that the Proof of Claim was the incorrect vehicle for submission and that an Application for Administrative Expense Claim is the appropriate vehicle. An Application for Payment of an Administrative Claim has now been filed with the Court along with a Motion for Enlargement of Time to File Application for Administrative Expense.

WHEREFORE, It is respectfully requested that based upon the foregoing that this Honorable Court accept the Application and grant the time enlargement for reasons set forth in the attached memorandum.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 7th Day of May, 2009 to Counsel for Debtor.

Respectfully Submitted,

/Richard H. Weisberg, Esquire
Fl Bar No: 0207322
O'Brien, Weisberg & Gordon P.A.
2014 E. Robinson Street
Orlando, Florida 32801
407-835-9211

## MEMORANDUM IN SUPPORT OF MOTION

Petitioner asserts that neither she nor her counsel were aware of the Claim Bar Date such that it requests leave to file an Proof of Claim and enlarge the bar date. Eileen Matthias asserts that she did not receive a copy of the Administrative Expense Claim Bar Date Notice. At the time the notice was sent, Ms. Matthias was not living at the address listed in the attached Exhibit 3. Thus, Petitioner never had personal and direct knowledge of the bankruptcy filing of Winn-Dixie and the bar date.

Counsel for Petitioner asserts that it did not receive a copy of the Administrative Expense Claim Bar Date Notice. (See O'Brien affidavit attached as Exhibit 1) At the time that the Administrative Expense Claim Bar Date Notice was sent, it was sent to a law firm that was no longer in existence. The law firm had ceased to exist nearly one(1) year before the Administrative Expense Claim Bar Date Notice was sent. Mail directed to the O'Brien Law Group, P.A. was being forwarded to O'Brien, Weisberg & Brooks for approximately six months as the successor firm remained at the same location. However, most mail after approximately six months was not forwarded to O'Brien, Weisberg & Brooks. Petitioner asserts that this may explain why Petitioner's counsel did not receive the Administrative Expense Claim Bar Date Notice. Since neither Petitioner nor her counsel received the Administrative Expense Claim Bar Date Notice, Petitioner asserts that an enlargement of time for the bar date and leave to file a Proof of Claim should be allowed.

In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct 1483 (1993), the Court defined the issue of neglect in allowing the late filing of a claim. The Court stated that the following factors should be considered by the Court:

      a) whether granting delay with prejudice the debtor;

      b) the length of the delay and its impact on efficient court administration;

      c) whether the delay was beyond the reasonable control of the person whose duty it was to perform;

      d) whether the creditor acted in good faith.

Petitioner maintains that the granting of enlargement of the bar date will not prejudice Winn-Dixie and the length of the delay will not impact the court administration. As of the filing of this motion, Winn-Dixie's bankruptcy case status remains open. However, Winn-Dixie was insured for general liability matters at the time of the Matthias incident with ACE American Insurance Company. (Attached Exhibit 4) As you can see from the attached disclosure, Winn-Dixie had $1,500,000 in general liability coverage applicable to this matter. This coverage would be sufficient to cover the injuries and damages to Eileen Matthias. The pre-suit demand was made well within the insurance limits. Thus, Winn-Dixie itself would not be prejudiced by the delay as the insurance company would be responsible for the administering and possible payment of any settlement or judgment. Additionally, because ACE insurance would be responsible for payment of the claim within its limits of coverage, the length of the delay does not impact the court administration.