# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

## WINN-DIXIE'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER

Winn-Dixie replies to Visagent's response (Doc. 22369) to Winn-Dixie's emergency motion for a protective order (Doc. 22361), and says:

1. Visagent noticed the Rule 30(b)(6) deposition of Winn-Dixie for April 28 and 29, 2009. Winn-Dixie told Visagent on April 6 that Winn-Dixie was not available on those dates. When Visagent nevertheless refused to reset the depositions for another day (Exhibit 1), Winn-Dixie moved the next business day for protection from the depositions going forward on those dates because of Winn-Dixie's unavailability.

2. At the May 13 hearing on Winn-Dixie's motion to compel and to continue, Visagent argued that David Gay misrepresented to Visagent and the Court that Tom Barr, one of Winn-Dixie's designated 30(b)(6) deponents, was not available for deposition on April 29. Visagent then introduced Mr. Barr's May 7, 2009 deposition testimony in which Mr. Barr testified he had only a minor conflict with an April 29 deposition.

3. Mr. Rubin was incorrect in his statement that Mr. Gay said Mr. Barr was unavailable on April 29. Mr. Gay never represented to Visagent or the Court that Tom Barr was not available on April 28 and 29. Winn-Dixie consistently has represented that *Winn-Dixie* was not available on those dates (see Exhibit 1).

4. The reason Mr. Gay told Visagent on April 6 Winn-Dixie was not available on April 28 and 29 was because Jay Castle was not available. Mr. Castle is the Winn-Dixie Assistant General Counsel responsible for this claim. Mr. Castle attended the first part of Visagent's 30(b)(6) deposition of Tom Barr in 2007, and he had intended to participate in the remaining Rule 30(b)(6) depositions of Winn-Dixie.

5. When Winn-Dixie and Visagent subsequently were setting depositions in May, however, Mr. Castle decided that depositions should be scheduled without regard to his schedule because of the then quickly approaching May 22 discovery cut off date.

SMITH HULSEY & BUSEY

By  /s/ Stephen D. Busey
   Stephen D. Busey
   David L. Gay

Florida Bar Number 117790
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

Attorneys for Winn-Dixie

**Certificate of Service**

I certify that a copy of the foregoing document was furnished electronically through the Court's CM/ECF electronic notification system or by mail to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, Post Office Box 395, Stuart, Florida 34995, this 15th day of May, 2009.

                                                    */s/ Stephen D. Busey*
                                                        Attorney

00653917

# EXHIBIT 1

## David L. Gay

**From:** Guy Rubin [grubin@rubinandrubin.com]
**Sent:** Saturday, April 25, 2009 3:46 PM
**To:** David L. Gay
**Cc:** Stephen D. Busey; Gladys LaForge
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery

Mr. Gay,

As I indicated to you in my April 14th email, we have been willing to try to work scheduling out with your client, but if that was not possible, then we welcome a motion to have Judge Funk sort things out. Instead of filing a motion for protective order, you have chosen to wait until the 11th hour yet again.

I've asked you on several occasions to identify the nature of WD's conflict or unavailability that makes the 30(b) deposition on Wednesday problematic. You have chosen to ignore my inquiries in this regard. I have asked you for alternative dates, prior to or immediately after April 29th, and you have responded by providing a date 2 weeks out, which will put the trial week in jeopardy, or you have told me you would get back to me at some uncertain time in the future. When I suggested realigning the depositions so we can address WD's alleged unavailability, you replied that you don't want to change the plans because you have already made "arrangements", but in the same email, you request we move the NTS portion of the 30(b) deposition from Tuesday afternoon to Wednesday, April 29th!

As we are only 5 weeks from trial, I don't have time for these games. We intend to proceed as noticed. If you fail to produce a witness Tuesday at 3 p.m., or Wednesday at 10 a.m., you better be prepared to explain it to Judge Funk.


From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

---

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Friday, April 24, 2009 5:24 PM
**To:** Guy Rubin
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery

5/15/2009

Mr. Rubin:

As you know, we never advised that Winn-Dixie was available on April 28 or April 29 for the corporate representative depositions referenced in your amended re-notice. To the contrary, we have repeatedly advised, including the email below, that Winn-Dixie is not available on April 29 for the deposition regarding areas 1-22 of your amended re-notice. We also agreed, per your request, to provide alternate dates for that deposition.

Also, in the email below, in order to accommodate the scheduling of the deposition regarding area 23 of your amended re-notice, we requested that you notice that deposition for the the morning of April 29, as opposed to the afternoon of April 28.

Please advise if you are unwilling to agree to the foregoing, in which case we will be forced to bring the matter before the Court.

**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Friday, April 24, 2009 4:08 PM
**To:** David L. Gay
**Cc:** Stephen D. Busey; Gladys LaForge
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery

Here is the amended re-notice for the corporate representative depositions Tuesday and Wednesday.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

---

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Thursday, April 23, 2009 4:10 PM
**To:** Guy Rubin
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery

Mr. Rubin:

We haven't received the amended notice you reference below.

Since you already have depositions scheduled for the 27th and 28th, and we have made arrangements regarding those depositions, we are reluctant to reschedule Tom Barr's deposition for either of those dates. We will confirm with you the available dates prior to May 11 for Mr. Barr's deposition as soon as possible.

Additionally, regarding the corporate representative deposition you previously noticed for the 28th at 3:00 p.m., we are attempting to confirm the availability of the appropriate representative for that deposition. Due to Mr. Wulfert's deposition scheduled for earlier that day and other scheduling conflicts, we suggest moving that deposition to the next morning, Wed. the 29th.

We will confirm our availability for the alternate dates/times you suggested for Mr. Rubin's and Mr. Handmaker's depositions as soon as possible.

Please provide suggested dates for mediation and we will confirm our availability on those dates as well.

Lastly, as we have advised on several occasions, we still have not received the privilige log the Court ordered Visagent to produce no later than March 31.


**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Monday, April 20, 2009 3:53 PM
**To:** David L. Gay
**Cc:** Stephen D. Busey; Gladys LaForge
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker - mediation and discovery
**Importance:** High

Mr. Gay,

This email responds to your email below received last Friday at 4:46 p.m. and your notices of taking depositions of former Visagent employees.

1.   In an effort to resolve this scheduling and notice issue, we are considering the realignment of our depositions previously noticed for 4/27, 4/28 and 4/29. You have indicated WD's corp. rep. is not available on 4/28. Please advise as to his/her availability

on 4/27 and the morning of 4/28. Also, in your email below, you did not disclose the reason WD is not available on 4/29; I again ask why that date is not available, and also what other dates are available between 4/29 and May 11?

2.   In order to further avoid dispute and delays, we will be sending out an amended notice of taking deposition. To be crystal clear, items 24 and 25 were added simply as an attempt to provide Debtor with a detailed description of a particular defense we will ask questions about so WD will have the right person at the deposition. The defenses of WD as to this claim are already noticed in items 21 and 22 which are specifically ordered as you acknowledge. Accordingly, we will remove areas 24 and 25, since it apparently is offensive to you; however, you and WD are on notice that we will be asking questions regarding *those* specific areas of knowledge and all other WD defenses during the 30(b) deposition. I trust you will have a representative knowledgeable as to *all* defenses to the claim at the deposition, including all specific facts supporting each defense.

3.   Regarding the depositions you unilaterally scheduled, Warren on 5/11 is fine, provided Visagent has completed its previously noticed depositions by then. I.M. Rubin on 5/15 is not available as I have a specially set hearing in Palm Beach County that same morning. Please advise if you can move this deposition to either 5/12 or 5/13. Handmaker on 5/19 in the a.m. is not available, however if you can move it back to 2 p.m. on 5/19, I can make it. Let me know.

4.   Finally, regarding mediation, you infer there are deficiencies in our amended discovery responses. We sent you amended responses on 3/31/09 and provided a privilege log as well. Did you receive these materials? If not, I will be happy to resend them. If so, I have had no notice from you of any specific deficiencies. Please clarify your email in this regard. Also, are you saying you will not *schedule* mediation until after the depositions? If so, obviously there will be no mediation since we will certainly be unable to find a mediator, common available dates, and travel arrangements in the short time between the conclusion of depositions and the first day of trial. Please clarify this as well.

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

**From:** David L. Gay [mailto:dgay@smithhulsey.com]
**Sent:** Friday, April 17, 2009 4:46 PM
**To:** Guy Rubin

**Cc:** Stephen D. Busey
**Subject:** RE: Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker

Mr. Rubin:

In response to your email below, thank you for clarifying that, despite the language in your April 3 deposition notice, you intend to depose the representative you have noticed for April 29 regarding only areas 1-22 and 25.

Regarding the April 29 deposition date, we advised your office that we would need to confirm Winn-Dixie's availability, which you recognized in your April 3 email accompanying the deposition notice. We subsequently learned Winn-Dixie is not available on April 29.

The May 11 date was not suggested in error, but simply offered as an alternative date should Mr. Warren not be available on that date for any reason.

As we have previously explained, Visagent is only entitled to one corporate representative deposition without agreement from Winn-Dixie or leave of court. Winn-Dixie agreed to produce a representative for deposition regarding area of inquiry 23. Due in part to that concession, the Court granted Visagent leave to conduct additional depositions concerning only those areas of inquiry previously noticed. The Court's order does not grant Visagent authority to depose Winn-Dixie's representatives regarding paragraphs 24 and 25 of you April 3 notice.

Please let us have a corrected notice by Monday. Please consider this an last attempt to resolve these issues without intervention of the Court.

Lastly, Winn-Dixie will not mediate this matter until after Winn-Dixie takes the depositions it noticed last week and Visagent provides the discovery responses required by the Court, including the privilege logs which the Court ordered Visagent to produce more than two weeks ago.

**David L. Gay**
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7860 (direct)
(904) 359-7708 (fax)
dgay@smithhulsey.com

---

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Monday, April 13, 2009 4:29 PM
**To:** Stephen D. Busey
**Cc:** David L. Gay; Gladys LaForge
**Subject:** Corporate Representative of WD Depositions/Unilateral Setting of Warren, Rubin and Handmaker

Steve,

I am back from out of the country and I write to respond to Mr. Gay's April 7th letter.

Regarding the dates for the 30(b)(6) deposition, as was made clear in my email to you and Mr. Gay on April 3rd, we have noticed item numbers 23 and 24 for April 28th, and the balance of the areas for the following day. If that was not clear in my email, please accept this email as clarification that we do not intend to ask the representative produced on April 29th questions regarding these same areas (items 23 and 24). Since Mr. Gay has not indicated a corporate representative is unavailable on April 28th, we expect to proceed accordingly.

Regarding Winn-Dixie's asserted unavailability on April 29th, we proffered this date approximately 2 months in advance. Please provide the specific reason a Winn-Dixie representative is "not available" until May 11th, three weeks before trial. Also, May 11, the first date you suggested for the corporate representative deposition regarding areas 1-23 and 25, would be in conflict with the date you unilaterally noticed for the deposition of Robert Warren. Was this an oversight?

Regarding Mr. Gay's intention to file a motion unless we amend our notice, we welcome it and look forward to your filing of a motion to clarify the proper scope of the corporate representative deposition. Such a motion should be filed and scheduled for hearing before April 28th. In fact, I will make myself available, if at all possible, for a short-notice hearing provided I can attend by telephone. Mr. Gay's statement that no deposition will take place until a court resolution occurs is neither necessary nor countenanced by the law. At a minimum, we are permitted to proceed as to the areas for which there is no disagreement subject to objections from either side made at the time of deposition. This is clearly what the rules intend, and based upon Judge Funk's comments at the last hearing, the Court agrees with such an interpretation. I look forward to your response in an attempt to work out these issues.

Finally, I still have not received any response from you regarding a mediation date or a mediator. Is this intentional or an oversight?

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
guy.rubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the in advertent disclosure. Thank you.

The information contained in this communication may be confidential, is intended

only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

5/15/2009