UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Reorganized Debtors.

_____/

Case No.: 3:05-bk-03817-JAF

Chapter 11

Jointly Administered

## ORDER GRANTING MOTION TO COMPEL AND TO CONTINUE TRIAL

This case came before the Court upon Winn Dixie's Emergency Motion to Compel and to Continue [Trial].[1] The Court conducted a hearing on the matter on May 13, 2009. On February 19, 2009 the Court entered Order on Debtors' Third Motion to Compel Discovery from Plaintiff, requiring Visagent to produce certain documents by March 11, 2009. On March 11, 2009 Visagent sought to extend the production deadline to March 31, 2009. The Court granted Visagent's request. On March 31, 2009 Visagent produced approximately 7,000 pages of documents. On May 5, 2009 Visagent produced an additional approximate 1,300 pages of documents. The recent documents produced by Visagent are pdf images. Gary Klingerman ("Klingerman"), the senior manager of platform engineering for Winn-Dixie, testified that a pdf document does not contain an audit trail and limits a document's searchability. Klingerman testified that a number of the documents were maintained in their native format until at least May 1, 2009. Winn-Dixie requests that the Court compel Visagent to produce all documents that it maintains electronically, but produced in a static image, in native format or a similarly usable form. The Court will require Visagent to produce the documents which it produced on March 31, 2009 and May 5, 2009 in a reasonably usable electronic form.

The discovery cut-off in this matter is May 22, 2009. Winn Dixie has not conducted the depositions of a number of existing and former Visagent officers, asserting that its failure to do so

is a result of not having had adequate time to review the documents produced on March 31 and May 5, 2009 and to adequately prepare for the depositions. Visagent essentially asserts that Winn Dixie is stalling. A motion to continue a trial is committed to the sound discretion of the trial court. The Court will continue the trial, albeit reluctantly. Upon the foregoing, it is

**ORDERED:**

1. Winn Dixie's Motion to Compel is granted. Within fifteen days of the date of this Order Visagent shall produce the documents which it produced on March 31, 2009 and May 5, 2009 in a reasonably usable electronic form to the extent that it is capable of doing so.

2. Within fifteen days of the date of this Order counsel for Winn Dixie shall have contacted counsel for Visagent and established a schedule of depositions that it wishes to conduct. The parties shall each confirm with the other that the deponents and the attorneys are available on those dates and intend to appear.

3. All other relief sought by Winn Dixie is denied.

4. The Court will conduct a scheduling/status conference of this matter on August 19, 2009 at 10:30 a.m. All discovery should be completed no later than five days before the scheduling/status conference.

**DATED** May 15, 2009 at Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

**Copies to:**

Steven Busey, Attorney for Winn Dixie
Guy Rubin, Attorney for Visagent Corporation

---

[1] A trial of the liability portion of Winn Dixie's Objection to Visagent's claim is scheduled for June 2 through June 5, 2009.