UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION In re:
WINN-DIXIE STORES, INC., **et al.**,
Debtor.

CASE NO: 05-03817-3F1
CHAPTER 11
Jointly Administered

## MOTION TO ACCEPT LATE FILED CLAIM

Carmen L. Johnson and Ezzra Johnson, individually and as parent and natural guardian of DEZRA R. JOHNSON (collectively "JOHNSON"), by and through undersigned counsel, respectfully show this Court as follows:

### I.
### FACTS

Defendants'/Counter-Claimants was at the time of injury a Dezra R. Johnson was only Eight years old when she fell at the Plaintiff's store injuring her back, left knee and fractured her coccyx.  A lawsuit was filed for Dezra R. Johnson, a minor child for the injuries that she suffered and for the parents for loss of services of a child.  The debtors did not submit a claim for on the Child Dezra R. Johnson or submit a claim form on Carmen L. Johnson and Ezra Johnson.

### II.
### ARGUMENT AND CITATION

The claim of Dezra R. Johnson was listed by Winn-Dixie, et. al. as Johnson, Dezra is brought in the wrong named person as Dezra R. Johnson.   Dezra R. Johnson did not receive personal notice of the bankruptcy on the claim form that

she was allegedly notified as Johnson Dezra on the claim notice. The lawsuit filed in Clayton County Georgia against Winn-Dixie named Dezra R. Johnson and not Johnson, Dezra as listed on the creditors notice by Winn-Dixie. Winn-Dixie has a greater duty in a chapter 11 case to notify the creditors personally by listing their names exactly as on the lawsuit.

The 11TH Circuit has made it clear *In re Spring Valley Farms, Inc.*, 863 F.2d 832 (11th Cir. 1989) that 11 U.S.C.A. § 1141 does not discharge the debt of a creditor who was known to an individual corporate debtor and failed to receive notice under Bankruptcy Rule 2002(a)(8), even if the creditor had actual knowledge of the general existence of the bankruptcy proceedings. In *Spring Valley Farms*, the defendants (referred to herein as the "Spring Valley Debtors") had filed for Chapter 11 protection in North Carolina. Prior to the filing of the bankruptcy case, the plaintiffs had been pursuing a claim against the Spring Valley Debtors in state court in Alabama. The Spring Valley Debtors only listed one of the plaintiffs as a creditor in its bankruptcy schedules and notified the named plaintiff's counsel of the **pending bankruptcy, but did not provide any of the plaintiffs with the plan, disclosure statement, any notice of the confirmation hearing or any notice of relevant bar dates.** The Spring Valley Debtors removed the case to the bankruptcy court and sought a

finding that the claims were discharged due to the confirmation of the Spring Valley Debtors' plan. The bankruptcy court denied the request and determined that the creditors' claims were not discharged. The district court affirmed, and the Spring Valley Debtors appealed to the Eleventh Circuit.

The Eleventh Circuit ultimately also agreed that the claims were not discharged due to the failure of the Spring Valley Debtors to give notice to the plaintiffs of the claims bar date, confirmation and the confirmation order. The court first distinguished a reorganization case from a liquidation under Chapter 7 and stated that, in a Chapter 11 reorganization, the duty to provide notice was on the debtor, not the creditor who has no duty of inquiry in a corporate reorganization. *Id.* at 833-34 (distinguishing *In re Alton*, 837 F.2d 457 (11th Cir. 1988). Next, the court agreed with the creditors' argument that the claims were not barred by the confirmation order and the discharge injunction of Section 1141 because they had not been provided with adequate notice.

Next, the court agreed with the creditors' argument that the claims were not barred by the confirmation order and the discharge injunction of Section 1141 because they had not been provided with adequate notice. In its ruling, the Eleventh Circuit cited to relevant Supreme Court precedent that likewise had held that, under considerations of due process, creditors are entitled to notice, and that the claims of creditors who do not receive are not barred by the discharge

injunction because to do so would violate their due process rights. ." <u>Mullane v. Central Hanover Trust Co.</u>, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950)

A debtor must list a creditor by the name that he knows and claim that he knows. 11 U.S.C. § 521.  The burden is on the debtor to cause formal notice to be given; the creditor who is not given notice, even if he has actual knowledge of reorganization proceedings, does not have a duty to investigate and inject himself into the proceedings.

## **CONCLUSION**

The claim must be allowed for the child and the parents, or in the alternative the claim must be allowed for the parents because their names were not listed as creditors, they did not receive notice of the bankruptcy, and the creditors' claims are not barred by the confirmation order and the discharge injunction of Section 1141 because they had not been provided with adequate notice.

s/ Calvin D. Lowery _____<br>
Calvin D. Lowery<br>
Attorney at Law<br>
648 Evander Holyfield Hwy.<br>
Fairburn, Georgia  30213<br>
770-719-1075

I have this day served a copy electronically on May 6, 2009 to Leanne McKnight Pendergast, Esq., at 225 Water Street, Suite 1800, Jacksonville, FL 32202.

                                              s/ Calvin D. Lowery _____
                                              Calvin D. Lowery
                                              Attorney at Law
                                              648 Evander Holyfield Hwy.
                                              Fairburn, Georgia  30213
                                              770-719-1075