IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: )
)
WINN-DIXIE STORES, INC., et al., )
)
Reorganized Debtors.[1] )
_____ )

Case No. 05-03817
Chapter 11
Jointly Administered

**AGREED ORDER APPROVING STIPULATION
BETWEEN UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES AND REORGANIZED DEBTORS**

This matter came before the Court upon the motion of Winn-Dixie Stores,

Inc., and twenty-three of its reorganized debtor affiliates (collectively, Winn-Dixie)

for an order approving a Stipulation with the United States Department of Health and

Human Services, Centers for Medicare and Medicaid Services (DHHS). Based upon

the consent of the parties as set forth in the attached Stipulation[2], it is

ORDERED AND ADJUDGED:

1.      The Stipulation is approved;

2.      DHHS's Administrative Claim, [Dkt. No. 14,245], is dismissed;

---

[1]  In addition to Winn-Dixie Stores, Inc., the Reorganized Debtors include these twenty-three related entities: Astor Products, Inc.; Crackin' Good, Inc.; Deep South Distributors, Inc.; Deep South Products, Inc.; Dixie Darling Bakers, Inc.; Dixie-Home Stores, Inc.; Dixie Packers, Inc.; Dixie Spirits, Inc.; Dixie Stores, Inc.; Economy Wholesale Distributors, Inc.; Foodway Stores, Inc.; Kwik Chek Supermarkets, Inc.; Sunbelt Products, Inc.; Sundown Sales, Inc.; Superior Food Company; Table Supply Food Stores Co., Inc.; WD Brand Prestige Steaks, Inc.; Winn-Dixie Handyman, Inc.; Winn-Dixie Logistics, Inc.; Winn-Dixie Montgomery, Inc.; Winn-Dixie Procurement, Inc.; Winn-Dixie Raleigh, Inc.; and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

[2]  All capitalized terms not defined in this order shall have the meaning given to them in the attached Stipulation.

3.     Winn-Dixie shall resolve DHHS's claims for (1) post-petition overpayments by DHHS to Winn-Dixie as a supplier of pharmaceutical goods to Medicare beneficiaries, and (2) amounts Winn-Dixie owes to DHHS pursuant to the Medicare Secondary Payer (MSP) statute, 42 U.S.C. § 1395y(b)(2), in the ordinary course of business, as they become due, in accordance with the terms of the Stipulation;

4.     DHHS and Winn-Dixie shall retain all rights and defenses to payment and enforcement of DHHS's claims for (1) post-petition overpayments by DHHS to Winn-Dixie as a supplier of pharmaceutical goods to Medicare beneficiaries, and (2) amounts Winn-Dixie owes to DHHS pursuant to the MSP statute, 42 U.S.C. § 1395y(b)(2), to the extent that those rights and defenses arise outside of Title 11 of the United States Code;

5.     Any time limitation that may restrict DHHS's ability to pursue its claims for (1) post-petition overpayments by DHHS to Winn-Dixie as a supplier of pharmaceutical goods to Medicare beneficiaries, and/or (2) amounts Winn-Dixie owes to DHHS pursuant to the MSP statute, 42 U.S.C. § 1395y(b)(2), shall be tolled from and including January 5, 2007 (the date on which DHHS filed its Administrative Claim) through and including the date on which this order becomes final and non-appealable; and

6.    Logan & Company, Inc., the claims agent appointed in Winn-Dixie's Chapter 11 cases, is hereby directed to make such revisions to the claim register as are necessary to reflect the terms of this Agreed Order.


DATED this __23__ day of ___June_____, 2009, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Copies furnished to:
Leanne McKnight Prendergast, Esq.
[Leanne McKnight Prendergast is directed to serve a copy of this order on any party in interest who has not received the order through the CM/ECF system and to file a proof of service].

00658733

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    )
                                          )
WINN-DIXIE STORES, INC., et al.,          )        Case No. 05-03817
                                          )        Chapter 11
        Reorganized Debtors.[1]           )        Jointly Administered
_____   )

**STIPULATION TO DISMISS UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN SERVICES'
REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE AND
TO RESOLVE SUCH CLAIMS IN THE ORDINARY COURSE OF BUSINESS**

The United States Department of Health and Human Services, Centers for Medicare

and Medicaid Services (DHHS), and the Reorganized Debtors (Winn-Dixie) hereby stipulate

as follows:

1.      On January 5, 2007, DHHS timely and properly filed its Request for Payment

of Administrative Expense (Administrative Claim), [Dkt. No. 14,245], seeking payment for

Winn-Dixie's obligations to Medicare arising between February 21, 2005 and November 21,

2006 (the Administrative Claims Period).

2.      During the Administrative Claims Period, Winn-Dixie sponsored employer

group health plans for its employees and their dependents (the Benefit Plans), and also

---

[1] In addition to Winn-Dixie Stores, Inc., the Reorganized Debtors include these twenty-three related entities: Astor Products, Inc.; Crackin' Good, Inc.; Deep South Distributors, Inc.; Deep South Products, Inc.; Dixie Darling Bakers, Inc.; Dixie-Home Stores, Inc.; Dixie Packers, Inc.; Dixie Spirits, Inc.; Dixie Stores, Inc.; Economy Wholesale Distributors, Inc.; Foodway Stores, Inc.; Kwik Chek Supermarkets, Inc.; Sunbelt Products, Inc.; Sundown Sales, Inc.; Superior Food Company; Table Supply Food Stores Co., Inc.; WD Brand Prestige Steaks, Inc.; Winn-Dixie Handyman, Inc.; Winn-Dixie Logistics, Inc.; Winn-Dixie Montgomery, Inc.; Winn-Dixie Procurement, Inc.; Winn-Dixie Raleigh, Inc.; and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

–1–

maintained liability and property insurance policies and programs, including self-insured policies and workers' compensation policies (the Insurance Programs).

3.      DHHS's Administrative Claim includes claims for the following:  (1) post-petition overpayments by DHHS to Winn-Dixie as a supplier of pharmaceutical goods to Medicare beneficiaries, and (2) amounts Winn-Dixie owes to DHHS pursuant to the Medicare Secondary Payer (MSP) statute, 42 U.S.C. § 1395y(b)(2), for reimbursement of conditional Medicare payments for which Winn-Dixie is responsible under its Benefit Plans or Insurance Programs.

4.      The amount of DHHS's Administrative Claim is unliquidated.

5.      In order to resolve DHHS's Administrative Claim most efficiently, DHHS agrees to dismiss voluntarily its Administrative Claim from this bankruptcy case, and Winn-Dixie agrees to resolve DHHS's claims for (1) post-petition overpayments by DHHS to Winn-Dixie as a supplier of pharmaceutical goods to Medicare beneficiaries, and (2) amounts Winn-Dixie owes to DHHS pursuant to the MSP statute, 42 U.S.C. § 1395y(b)(2), in the ordinary course of business, as they become due.

6.      DHHS shall retain all rights to payment and enforcement of its claims against Winn-Dixie to the extent that those rights arise outside of Title 11 of the United States Code.

7.      Winn-Dixie shall retain all defenses to payment or enforcement of DHHS's claims to the extent those defenses arise outside of Title 11 of the United States Code.

8.      Winn-Dixie shall provide, in writing, to Gary Kurz, Assistant Regional Counsel, Office of General Counsel, Region IV, Department of Health and Human Services, 61 Forsyth Street, Suite 5M60, Atlanta, GA 30303, a schedule of the workers' compensation

claims for injuries alleged to have occurred during the Administrative Claims Period and administrative expense claims, limited to such workers' compensation claims and administrative expense claims where (1) the claimant alleges Winn-Dixie's liability under any of Winn-Dixie's liability, property, or workers' compensation Insurance Programs, (2) the claimant is sixty-five years of age or older or Winn-Dixie otherwise has reason to believe that the claimant is, or has been, eligible for Medicare, and (3) Winn-Dixie pays or has paid to resolve the claim pursuant to a judgment, award, settlement or Bankruptcy Court order on or after the petition date (February 21, 2005) and before the date on which Winn-Dixie begins reporting information to DHHS as required by the mandatory reporting requirements of 42 U.S.C. § 1395y(b)(8). The schedule shall include all of the following (if available to Winn-Dixie): the claimant's full name, address, date of birth, gender, and Social Security Number, the date of the alleged injury, a description of the alleged injury, the amount of the payment agreed upon to resolve each such claim, and the Bankruptcy Court docket number for the Bankruptcy Court order (if any) resolving each such claim. For such claims Winn-Dixie has paid before the Bankruptcy Court approves this stipulation, Winn-Dixie shall provide the required information within 30 days after the Bankruptcy Court enters an order approving this stipulation. For such claims Winn-Dixie pays after the Bankruptcy Court approves this stipulation, Winn-Dixie shall provide the required information within 30 days after the date on which Winn-Dixie has resolved all such claims, or within 30 days after Winn-Dixie begins reporting information to DHHS as required by the mandatory reporting requirements of 42 U.S.C. § 1395y(b)(8), whichever is earlier. Within 30 days after receipt of any further written request of DHHS, Winn-Dixie shall provide DHHS such additional

–3–

information with respect to the claims covered by this stipulation as may be required by law.

9.    Any time limitation that may restrict DHHS's ability to pursue its claims for (1) post-petition overpayments by DHHS to Winn-Dixie as a supplier of pharmaceutical goods to Medicare beneficiaries, and/or (2) amounts Winn-Dixie owes to DHHS pursuant to the Medicare Secondary Payer (MSP) statute, 42 U.S.C. § 1395y(b)(2), shall be deemed tolled from and including January 5, 2007 (the date on which DHHS filed its Administrative Claim) through and including the date on which a Bankruptcy Court order approving this Stipulation becomes final and non-appealable.

10.    This Stipulation is subject to and contingent upon the entry of an order of approval by the Bankruptcy Court and such order becoming a final non-appealable order.  This Stipulation will be terminated in the event the Bankruptcy Court enters an order denying its approval, unless otherwise mutually agreed by the parties.  In the event that the Bankruptcy Court has entered no order regarding this Stipulation on or before August 31, 2009, or an approval order does not become a final order by such date due to a pending appeal, this Stipulation will be terminated unless otherwise mutually agreed by the parties.

11.    In the event this Stipulation is terminated pursuant to paragraph 10 above, this Stipulation shall be of no further force and effect.

12.    This Stipulation shall not be construed as or deemed to be evidence or an admission by DHHS or Winn-Dixie of any claim, right, or defense that either party may have against the other.  Nothing in this Stipulation is intended to eliminate or affect any obligations Winn-Dixie or its associated entities may have under Section 111 of the

–4–

Medicare, Medicaid, and SCHIP Extension Act of 2007, P.L. 110-173, codified at 42 U.S.C. § 1395y(b)(7) and (8).

13.    DHHS and Winn-Dixie shall execute and deliver any and all additional documents and do any and all things reasonably necessary to carry out the intent of the parties pursuant to this Stipulation.

DATED: June 22, 2009.


Respectfully submitted,


SMITH HULSEY & BUSEY

    *s/ James H. Post*
    Stephen D. Busey
    James H. Post
    Leanne McKnight  Prendergast

Florida Bar No. 175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
Tel: (904) 359-7700
Fax: (904) 359-7708
Email: jpost@smithhulsey.com

Attorneys for the Reorganized Debtors


TONY WEST
Assistant Attorney General
Civil Division

    *s/ Kyle A. Forsyth*\*
    J. Christopher Kohn
    Ruth A. Harvey
    Kyle A. Forsyth

Attorneys, Civil Division
U.S. Department of Justice
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-0452
Fax: (202) 514-9163
Email: Kyle.Forsyth@usdoj.gov

Attorneys for the United States


\*Counsel has authorized the use of his electronic signature

658730