UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Reorganized Debtors. ) | Jointly Administered |
| ) | |

**AGREED ORDER RESOLVING CURE OBJECTION
FILED BY CASTO INVESTMENTS COMPANY (STORE NO. 236)**

This cause came before the Court on (i) the Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief (the "Assumption Motion") filed by Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, "Winn-Dixie") (Docket No. 8941), (ii) the objection to the proposed cure amount set forth in the Assumption Motion (Docket No. 9686) filed by Casto Investments Company ("Casto") with respect to Store No. 236 (the "Cure Objection"), (iii) Winn-Dixie's response and counterclaim to the Cure Objection (Doc. No. 21471) (the "Counterclaim"), and (iv) Casto's answer to the Counterclaim (Doc. No. 21619). Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Cure Objection is overruled.

2. The cure amount for Store No. 236 is fixed at $75,000. Within ten (10) days of entry of this agreed order, Winn-Dixie will pay Casto $75,000 in full satisfaction of any right to cure that Casto has or may have under 11 U.S.C. § 365 or otherwise with respect to Store No. 236.

3. Winn-Dixie's Counterclaim and Casto's answer to the Counterclaim are hereby withdrawn.

4. This Agreed Order resolves all liabilities and obligations related to (i) all proofs of claim and administrative expense claims pertaining to Store No. 236 filed by Casto in these Chapter 11 cases and (ii) all other pre-petition claims pertaining to Store No. 236 that Casto has or may have against Winn-Dixie and any of its Chapter 11 estates or affiliates, all of which are forever waived, discharged and released.

5. Liabilities and obligations pertaining to Store No. 236 and arising after June 1, 2009 will be handled by the parties in accordance with the applicable lease terms and ordinary course practices.

6. This Court retains jurisdiction to resolve any disputes arising from this Agreed Order.

Dated this 24 day of June, 2009, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Allan E. Wulbern is directed to
serve a copy of this order on all
parties in interest.

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| BRINKLEY, MORGAN, SOLOMON, TATUM, STANLEY, LUNNY & CROSBY, LLP | SMITH HULSEY & BUSEY |
| By __s/ Kenneth J. Joyce*__<br>Kenneth J. Joyce | By __s/ Allan E. Wulbern__<br>Allan E. Wulbern |
| Florida Bar Number 986488<br>200 East Las Olas Boulevard, Suite 1900<br>Fort Lauderdale, Florida 33301<br>(954) 522-2200<br>(954) 522-9123 (facsimile)<br>kenneth.joyce@brinkleymcnerney.com | Florida Bar Number 175511<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>awulbern@smithhulsey.com |
| Counsel for Casto Investments Company | Counsel for Winn-Dixie |

*Counsel has authorized his electronic signature.

00639419