**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | | |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | | |
| _____ | ) | |

**NOTICE OF AGREED ORDER OF RESOLUTION OF THE**
**LITIGATION CLAIM OF STEPHEN HADLEY (CLAIM NO. 8227)**

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on Leanne McKnight Prendergast, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, lprendergast@smithhulsey.com.

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors"),

pursuant to Rules 2002 and 9019, Federal Rules of Bankruptcy Procedure, and Local

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

Rule 2002-4, give notice of the proposed entry of the attached Agreed Order of

Resolution of the Litigation Claim of Stephen Hadley (Claim No. 8227).

If no objection to the proposed Agreed Order is filed and served within the

time set forth above, the Court will be requested to enter the Order without further

notice or hearing.

Dated: June 26, 2009

SMITH HULSEY & BUSEY

By    *s/ Leanne McKnight Prendergast*
     Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Counsel for Reorganized Debtors

00659682

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

AGREED ORDER OF RESOLUTION OF THE LITIGATION
CLAIM OF STEPHEN HADLEY (CLAIM NO. 8227)

These cases are before the Court upon notice by Winn-Dixie Stores, Inc., and its
affiliates (collectively, the "Reorganized Debtors") and claimant, Stephen Hadley (the
"Claimant"), in accordance with the Order Approving Claims Resolution Procedure and
Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326).
The Court finds that notice of the proposed Agreed Order was served on all interested
parties in compliance with the Local Rule 2002-4 informing the parties of the opportunity
to object within 20 days of the date of service and no party has filed an objection. The
Court therefore considers the entry of the Order unopposed. Accordingly, it is
ORDERED AND ADJUDGED:

1.      Claim No. 8227 filed by Claimant is allowed in the amount of
$350,000.00 as a Class 16 Other Unsecured Claim under the Plan.

2.      This Agreed Order resolves (i) all liabilities and obligations related to
Claim No. 8227 and (ii) all other claims the Claimant has or may have against the
Reorganized Debtors and any of their Chapter 11 estates, officers, employees, agents,
successors or assigns as of the date of this Agreed Order, all of which are forever waived,
discharged and released.

3.      Pursuant to the Plan, distribution will be made on the allowed Claim (i) to the person and address as set forth in the proof of claim form filed on behalf of the Claimant and (ii) at such time as required by the Plan.

4.      The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Reorganized Debtors in this Court or in any other forum and pay all applicable court costs, if any.

5.      The Reorganized Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability.  The Claimant, not the Reorganized Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.  This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement, except those Medicare liens or claims released by the United States Department of Health and Human Services pursuant to the Agreed Order entered by this Court on March 9, 2007 (Docket No. 15439).

6.      The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of _____, 2009, in Jacksonville, Florida.


                                                    _____
                                                    Jerry A. Funk
                                                    United States Bankruptcy Judge


Copy to:
Leanne McKnight Prendergast

[Leanne McKnight Prendergast is directed to serve a copy of this order on the Claimant and file a proof of service.]

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

TODD E. COPELAND & ASSOCIATES          SMITH HULSEY & BUSEY

By _____             By _____
    Todd E. Copeland                        Leanne McKnight Prendergast

Florida Bar Number 964840               Florida Bar Number 59544
338 North Magnolia Avenue, Suite B      225 Water Street, Suite 1800
Orlando, Florida 32801                  Jacksonville, Florida 32202
(407) 999-8995                          (904) 359-7700
(407) 849-1806 (facsimile)              (904) 359-7708 (facsimile)
toddc@toddcopeland.com                  lprendergast@smithhulsey.com

Counsel for Stephen Hadley             Counsel for Reorganized Debtors

00658175