UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

## VISAGENT CORPORATION'S NINTH MOTION TO COMPEL REDARDING THE PRODUCTION OF PERSONNEL RECORDS PURSUANT TO THE ORDER OF THE COURT DATED NOVEMBER 4, 2008

Visagent Corporation (hereinafter "Visagent"), a claimant herein, moves the Court pursuant to Federal Rules of Civil Procedure 26 and 37 and Local Rule 7037-1, for an order compelling Winn-Dixie Stores, Inc. and twenty-three (23) of its subsidiaries and affiliates, as the Reorganized Debtors (hereinafter the "Debtors"), to produce personnel records for an in camera inspection pursuant to the Order of this Court dated November 4, 2008. In support of the motion, Visagent states:

1. Visagent, an unsecured creditor, holds Claim No. 9953 against Debtors in the sum of $131,875,000.00. The gravamen of Visagent's claims and Winn-Dixie's objections has been set forth to the Court on numerous occasions and will not be belabored in these prefatory remarks.

2. Visagent has heretofore filed **EIGHT** Motions to Compel against Debtors based on their unwillingness to comply with discovery requests. In this matter, not only have Debtors failed to provide responsive documents, they have violated a Court.

3. On April 18, 2007, Visagent Corporation served upon Debtors its Second Request for Production. Included in that Request was DOCUMENT REQUEST NO. 4:

**DOCUMENT REQUEST NO. 4**: Personnel files of all Winn Dixie employees assigned to secondary market department, alternate source department, or any other employee who was assigned or has knowledge of relationship or contract between Winn Dixie and Visagent, including but not limited to the personnel files of:

Tom Barr
Darryl Mills
Phil Payment

1

          Melissa Fowler
          Kevin Gates
          Seth Gaynor
          Glenn Hamilton
          Dick Judd
          Dan LeFever
          Ed Mieskoski
          David Mulcoch
          Justin Struther
          Les Wulfert

      4.    Debtors provided the following objection and response:

**OBJECTION TO DOCUMENT REQUEST NO. 4**:    Debtors object to this request because it is overly broad and burdensome and will not lead to the discovery of admissible evidence. The Debtors also object to this requests to the extent it seeks assess to information protected by the named individuals' rights to privacy under the Florida Constitution.

**RESPONSE TO DOCUMENT REQUEST NO. 4**:    Subject to their objections and the Protective Order regarding Confidential Information, Debtors will produce the personal files of the Winn-Dixie employees having knowledge of the relationship or contract between Winn-Dixie and Visagent to the extent such files relate to Visagent and to the extent such documents are in Debtors' possession, custody or control.

      5.    On May 16, 2008, Visagent filed its Fifth Motion to Compel, which included a request for the Court to direct the production of the requested personnel records. A hearing was held on August 28, 2008. On November 4, 2008, the Court issued an Order (Document No. 21607) regarding Visagent's Fifth Motion to Compel the production of personnel records. A copy of this Order is attached hereto as Exhibit "A." The Court directed the parties to "agree to narrower measures such as redaction of sensitive materials or a confidentiality order as to the information contained in the personnel records". In the event, the parties could not agree, the Court would conduct an in camera inspection of the records at the request of either party, "at which point the Court will make a determination as to whether any portions of the files shall be turned over to Visagent."

2

6.    Undersigned counsel has made attempts to narrow the scope of the employee file production by numerous communications with opposing counsel, and further has agreed to confidentiality and redaction of sensitive pay and medical information, all to no avail. Winn-Dixie claims it has reviewed the personnel files and that none of the information relates to Visagent. The parties are at an impasse on this issue.

7.    Accordingly, Visagent hereby requests this Honorable Court to order Debtor to produce all employee files requested as listed above to the Court for in camera inspection in accord with the November 4, 2008 Order (Document No. 21607).

WHEREFORE, Visagent requests the relief identified within be granted in its entirety, together with sanctions including attorneys' fees and costs as appropriately determined by the Court, and for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH

I HEREBY CERTIFY that I personally made a good faith effort to resolve the issues set forth by way of this Motion prior to filing same. As outlined in the Memorandum, the issues raised could not be resolved.

_____
Guy Bennett Rubin, Esq. (FBN 691305)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of this Motion has been electronically filed via ECF and that a true and correct copy of the foregoing has been furnished by US regular Mail to: James Bolling, Smith, Hulsey & Busey, 225v Water Street, Suite 1800, Jacksonville, Florida 32202 on the 3rd day of July, 2009.

Guy Bennett Rubin, Esq. (FBN 691305)
Attorneys for Plaintiffs
**RUBIN & RUBIN**
P.O. Box 395
Stuart, Florida 34995
Telephone:   (772) 283-2004
Facsimile:   (772) 283-2009