

MS R RCP Rule 4                                                                                        Page 1
M.R.C.P. Rule 4

**c**
West's Annotated Mississippi Code Currentness
  Mississippi Rules of Court State
    ⌐📖 Mississippi Rules of Civil Procedure
      ⌐📖 Chapter II. Commencement of Action: Service of Process, Pleadings, Motions, and Orders

    → **Rule 4. Summons**

**(a) Summons: Issuance.** Upon filing of the complaint, the clerk shall forthwith issue a summons.

(1) At the written election of the plaintiff or the plaintiff's attorney, the clerk shall:

  (A) Deliver the summons to the plaintiff or plaintiff's attorney for service under subparagraphs (c)(1) or (c)(3) or (c)(4) or (c)(5) of this rule.

  (B) Deliver the summons to the sheriff of the county in which the defendant resides or is found for service under subparagraph (c)(2) of this rule.

  (C) Make service by publication under subparagraph (c)(4) of this rule.

(2) The person to whom the summons is delivered shall be responsible for prompt service of the summons and a copy of the complaint. Upon request of the plaintiff, separate or additional summons shall issue against any defendants.

**(b) Same: Form.** The summons shall be dated and signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify him that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the complaint. Where there are multiple plaintiffs or multiple defendants, or both, the summons, except where service is made by publication, may contain, in lieu of the names of all parties, the name of the first party on each side and the name and address of the party to be served. Summons served by process server shall substantially conform to Form 1A. Summons served by sheriff shall substantially conform to Form 1AA.

**(c) Service.**

(1) *By Process Server.* A summons and complaint shall, except as provided in subparagraphs (2) and (4) of this subdivision, be served by any person who is not a party and is not less than 18 years of age. When a summons and complaint are served by process server, an amount not exceeding that statutorily allowed to the sheriff for service of process may be taxed as recoverable costs in the action.

(2) *By Sheriff.* A summons and complaint shall, at the written request of a party seeking service or such party's attorney, be served by the sheriff of the county in which the defendant resides or is found, in any manner prescribed by subdivision (d) of this rule. The sheriff shall mark on all summons the date of the receipt by him, and within thirty days of the date of such receipt of the summons the sheriff shall return the same to the clerk of the court from which it was issued.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.



EXHIBIT
*C*

(3) *By Mail.*

(A) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.

(B) If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint may be made in any other manner permitted by this rule.

(C) Unless good cause is shown for not doing so, the court shall order the payment of the costs of personal service by the person served if such person does not complete and return within 20 days after mailing, the notice and acknowledgment of receipt of summons.

(D) The notice and acknowledgment of receipt of summons and complaint shall be executed under oath or affirmation.

(4) *By Publication.*

(A) If the defendant in any proceeding in a chancery court, or in any proceeding in any other court where process by publication is authorized, by statute, be shown by sworn complaint or sworn petition, or by a filed affidavit, to be a nonresident of this state or not to be found therein on diligent inquiry and the post office address of such defendant be stated in the complaint, petition, or affidavit, or if it be stated in such sworn complaint or petition that the post office address of the defendant is not known to the plaintiff or petitioner after diligent inquiry, or if the affidavit be made by another for the plaintiff or petitioner, that such post office address is unknown to the affiant after diligent inquiry and he believes it is unknown to the plaintiff or petitioner after diligent inquiry by the plaintiff or petitioner, the clerk, upon filing the complaint or petition, account or other commencement of a proceeding, shall promptly prepare and publish a summons to the defendant to appear and defend the suit. The summons shall be substantially in the form set forth in Form 1-C.

(B) The publication of said summons shall be made once in each week during three successive weeks in a public newspaper of the county in which the complaint or petition, account, cause or other proceeding is pending if there be such a newspaper, and where there is no newspaper in the county the notice shall be posted at the courthouse door of the county and published as above provided in a public newspaper in an adjoining county or at the seat of government of the state. Upon completion of publication, proof of the prescribed publication shall be filed in the papers in the cause. The defendant shall have thirty (30) days from the date of first publication in which to appear and defend. Where the post office address of a defendant is given, the street address, if any, shall also be stated unless the complaint, petition, or affidavit above mentioned, aver that after diligent search and inquiry said street address cannot be ascertained.

(C) It shall be the duty of the clerk to hand the summons to the plaintiff or petitioner to be published, or, at his request, and at his expense, to hand it to the publisher of the proper newspaper for publication. Where the post office address of the absent defendant is stated, it shall be the duty of the clerk to send by mail (first class mail, postage prepaid) to the address of the defendant, at his post office, a copy of the summons and complaint and to note the fact of issuing the same and mailing the copy, on the general docket, and this shall be the evidence of the summons having been mailed to the defendant.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

(D) When unknown heirs are made parties defendant in any proceeding in the chancery court, upon affidavit that the names of such heirs are unknown, the plaintiff may have publication of summons for them and such proceedings shall be thereupon in all respects as are authorized in the case of a nonresident defendant. When the parties in interest are unknown, and affidavit of that fact be filed, they may be made parties by publication to them as unknown parties in interest.

(E) Where summons by publication is upon any unmarried infant, mentally incompetent person, or other person who by reason of advanced age, physical incapacity or mental weakness is incapable of managing his own estate, summons shall also be had upon such other person as shall be required to receive a copy of the summons under paragraph (2) of subdivision (d) of this rule.

(5) *Service by Certified Mail on Person Outside State.* In addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."

**(d) Summons and Complaint: Person to Be Served.** The summons and complaint shall be served together. Service by sheriff or process server shall be made as follows:

(1) Upon an individual other than an unmarried infant or a mentally incompetent person,

(A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or (B) if service under subparagraph (1)(A) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.

(2)(A) upon an unmarried infant by delivering a copy of the summons and complaint to any one of the following: the infant's mother, father, legal guardian (of either the person or the estate), or the person having care of such infant or with whom he lives, and if the infant be 12 years of age or older, by delivering a copy of the summons and complaint to both the infant and the appropriate person as designated above.

(B) upon a mentally incompetent person who is not judicially confined to an institution for the mentally ill or mentally deficient or upon any other person who by reason of advanced age, physical incapacity or mental weakness is incapable of managing his own estate by delivering a copy of the summons and complaint to such person and by delivering copies to his guardian (of either the person or the estate) or conservator (of either the person or the estate) but if such person has no guardian or conservator, then by delivering copies to him and copies to a person with whom he lives or to a person who cares for him.

(C) upon a mentally incompetent person who is judicially confined in an institution for the mentally ill or mentally retarded by delivering a copy of the summons and complaint to the incompetent person and by delivering copies to said incompetent's guardian (of either the person or the estate) if any he has. If the superintend-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

ent of said institution or similar official or person shall certify by certificate endorsed on or attached to the summons that said incompetent is mentally incapable of responding to process, service of summons and complaint on such incompetent shall not be required. Where said confined incompetent has neither guardian nor conservator the court shall appoint a guardian ad litem for said incompetent to whom copies shall be de- livered.

(D) where service of a summons is required under (A), (B) and (C) of this subparagraph to be made upon a person other than the infant, incompetent, or incapable defendant and such person is a plaintiff in the action or has an interest therein adverse to that of said defendant, then such person shall be deemed not to exist for the purpose of service and the requirement of service in (A), (B) and (C) of this subparagraph shall not be met by service upon such person.

(E) if none of the persons required to be served in (A) and (B) above exist other than the infant, incompetent or incapable defendant, then the court shall appoint a guardian ad litem for an infant defendant under the age of 12 years and may appoint a guardian ad litem for such other defendant to whom a copy of the summons and complaint shall be delivered. Delivery of a copy of the summons and complaint to such guardian ad litem shall not dispense with delivery of copies to the infant, incompetent or incapable defendant where specifically re- quired in (A), and (B) of this subparagraph.

(3) Upon an individual confined to a penal institution of this state or of a subdivision of this state by delivering a copy of the summons and complaint to the individual, except that when the individual to be served is an unmarried infant or mentally incompetent person the provisions of subparagraph (d)(2) of this rule shall be followed.

(4) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

(5) Upon the State of Mississippi or any one of its departments, officers or institutions, by delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi.

(6) Upon a county by delivering a copy of the summons and complaint to the president or clerk of the board of supervisors.

(7) Upon a municipal corporation by delivering a copy of the summons and complaint to the mayor or municipal clerk of said municipal corporation.

(8) Upon any governmental entity not mentioned above, by delivering a copy of the summons and complaint to the person, officer, group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity. Service upon any person who is a member of the "group" or "body" responsible for the administration of the entity shall be sufficient.

(e) Waiver. Any party defendant who is not an unmarried minor, or mentally incompetent may, without filing any pleading therein, waive the service of process or enter his or her appearance, either or both, in any action, with the same effect as if he or she had been duly served with process, in the manner required by law on the day of the date thereof. Such waiver of service or entry of appearance shall be in writing dated and signed by the de- fendant and duly sworn to or acknowledged by him or her, or his or her signature thereto be proven by two (2)

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

subscribing witnesses before some officer authorized to administer oaths. Any guardian or conservator may likewise waive process on himself and/or his ward, and any executor, administrator, or trustee may likewise waive process on himself in his fiduciary capacity. However, such written waiver of service or entry of appearance must be executed after the day on which the action was commenced and be filed among the papers in the cause and noted on the general docket.

**(f) Return.** The person serving the process shall make proof of service thereof to the court promptly. If service is made by a person other than a sheriff, such person shall make affidavit thereof. If service is made under paragraph (c)(3) of this rule, return shall be made by the sender's filing with the court the acknowledgment received pursuant to such subdivision. If service is made under paragraph (c)(5) of this rule, the return shall be made by the sender's filing with the court the return receipt or the returned envelope marked "Refused". Failure to make proof of service does not affect the validity of the service.

**(g) Amendment.** At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process is issued.

**(h) Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

CREDIT(S)

[Amended effective May 1, 1982; March 1, 1985; February 1, 1990; July 1, 1998; January 3, 2002.]

*ADVISORY COMMITTEE HISTORICAL NOTE*

*Effective January 3, 2002, Rule 4(e) was amended to delete a prohibition against waiver of service of process by one convicted of a felony. 802-804 So.2d XVII (West Miss.Cases 2002).*

*Effective July 1, 1998, Rule 4(f) was amended to state that the person serving process shall promptly make proof of service thereof to the court.*

*Effective February 1, 1990, Rule 4(c)(4)(B) was amended by striking the word "calendar" following the word and figure "thirty (30)"; Rule 4(c)(4) was amended by adding subsection (E); Rule 4(c)(5) was amended by changing the title to reflect service by certified mail; Rule 4(d)(2)(A) was amended by substituting the word "person" for "individual" in reference to the one having care of the infant. 553-556 So.2d XXXIII (West Miss.Cas.1990).*

*Effective March 1, 1985, a new Rule 4 was adopted. 459-462 So.2d XVIII (West Miss.Cas.1985).*

*Effective May 1, 1982, Rule 4 was amended. 410-416 So.2d XXI (West Miss.Cas.1982).*

*COMMENT*

*The original version of Rule 4, effective as of January 1, 1982, was amended by the Mississippi Supreme Court on March 5, 1982. The amending order deleted the entire text of Rule 4 and substituted the prior statutory pro-*

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

cedure for service of the summons. On December 28, 1984, the Supreme Court adopted a new Rule 4, effective March 1, 1985. Forms applicable to the new Rule 4 were adopted on May 2, 1985. This comment pertains to new Rule 4 and its forms.

After an action is commenced, the clerk is required to issue a separate summons for each defendant except in the case of summons by publication. The plaintiff or his attorney has the right, by written election, to determine whether each summons shall be delivered to the plaintiff or his attorney for service by process server or delivered by the clerk to the sheriff of the county in which the defendant resides or may be found. Where service is by publication, the clerk shall hand the summons to the plaintiff or to his attorney, or, if so requested by either of them, the clerk shall hand it to the publisher of the proper newspaper for publication.

Forms 1A, 1AA, 1B and 1C are provided as suggested forms for the various summons. All summons used pursuant to Rule 4 must be in substantial conformity with these forms.

Various "Processes" provided for by statute, other than the summons and subpoena (the subpoena is governed by Rule 45), will continue to be governed by statute.

Rule 4(a)(2) requires that a copy of the complaint be served with the summons. Rule 4(b) requires that the summons form notify defendant that his failure to appear will result in a judgment by default against defendant for the relief demanded in the complaint. Although the "judgment by default will be rendered" language may be an overstatement, the language is included in Rule 4 for two reasons. First, the language is part of Federal Rule 4(b), and an effort has been made to maintain procedural conformity between the Mississippi and federal systems where possible. Second, the strong language is deemed more likely to encourage defendants to appear to protect their interests.

Rule 4(b) provides that where there are multiple plaintiffs or defendants, the summons may name just the first party on each side, together with the name and address of the party to be served. However, the complaint, which must accompany the summons, will provide the names of all parties to the action.

Exhibits to the complaint form a part of the complaint and in most cases should be attached to the complaint [See Rule 10(d)]. However, in cases where unusually lengthy exhibits are attached to the complaint, plaintiff may elect not to attach copies of the lengthy exhibits to the copies of the complaint served, but instead may attach a statement to the effect that such exhibits are not attached because of their size and that the exhibits are available for inspection and copying.

Rule 4(c)(1) provides for service by a process server and Rule 4(c)(2) provides for service by a sheriff. There is no limit to the territorial jurisdiction of a process server who may serve the summons anywhere in the world. A sheriff, however, may serve the summons only within his county. However, the mere service of the summons and complaint does not, of itself, resolve all questions as to jurisdiction over the person of the defendant, and any such questions may be raised at appropriate times.

A party using a process server may pay such person any amount that is agreed upon. However, only that amount statutorily allowed to the sheriff under Miss.Code Ann. section 25-7-19 (Supp.1984) may be taxed as recoverable costs in the action.

Plaintiff is given the option under Rule 4(c)(3) of obtaining service by first-class mail. Defendant's failure to complete and return one copy of the "Notice and Acknowledgment for Service by Mail" may trigger the cost-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

*shifting provisions of Rule 4(c)(3)(B). The provisions for service by first-class mail are modeled upon Federal Rule 4(c)(2)(C)(ii). The completion and return of Form 1B (Notice and Acknowledgment for Service by Mail) does not operate as a waiver of objections to jurisdiction. All jurisdictional objections are preserved whether Form 1B is completed and returned from inside or outside the State.*

*Rule 4(c)(4) provides for service of summons by publication and generally tracks the previous statutory requirements for summons by publication under Miss.Code Ann. section 13-3-19 et seq. (1972). However, a few major changes should be noted. Under Rule 4(c)(4)(B), "[t]he defendant shall have thirty (30) days from the date of first publication in which to appear and defend." The thirty days from first publication is a shorter time in which one must respond than was previously provided by statute.*

*Publication under this rule is deemed complete with the third publication in those instances where the time of an event is related to completion of publication. However, it should be noted that this is not deemed to alter the time for response by defendant.*

*It should be noted that there will be instances under Rule 4(c)(4)(E) where service by publication is appropriate for persons under disability, but service of the summons and complaint upon the "other person" required to be served under Rule 4(d)(2) will not be appropriate by publication because the "other person" may be found within the State of Mississippi.*

*Rule (4)(c)(4)(C) continues the previous statutory requirement that the clerk send a copy of the summons (and now also of the complaint) by first-class mail to the address of the defendant. The mailing provides further opportunity to give defendant notice of the action. If the defendant's post office address is unknown to plaintiff after diligent inquiry then the mailing of the summons and complaint is not required.*

*Rule 4(c)(5) provides for "Service by Certified Mail on Person Outside State" by sending a copy of the summons and complaint to the person to be served by certified mail, return receipt requested. The certified mail procedure is not available to serve a person within the state. It is an alternative form of service because a person outside of the state may also be served under Rule 4(c)(1), 4(c)(3) or 4(c)(4).*

*The Rule 4(c)(5) procedure supplants the circuitous procedures previously available to obtain in personam jurisdiction against nonresidents. E.g. Miss.Code Ann. 13-3-63 (1972). However, the criteria for subjecting nonresidents to the jurisdiction of Mississippi courts are those established by the legislature.*

*Rule 4(d) provides the methods by which the summons and complaint may be served by a sheriff or process server. The basics of service follow generally the previous statutory practice under Miss.Code Ann. section 13-3-33 et seq. (1972). However, there are differences which must be noted. Rule 4(d)(1)(A) tracks previous statutory practice by providing that reasonable diligence be made to deliver a copy of the complaint and summons to the person personally or to his authorized agent. Where the summons and complaint cannot be delivered to the defendant personally, the copies may be delivered at defendant's usual place of abode by leaving the same with defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service. The corresponding Federal Rule 4(d)(1) has no such requirement. A new procedural safeguard has been added to this mode of "residence service." A copy of the summons and complaint must thereafter be mailed (first-class mail, postage prepaid) to the person to be served at the place where a copy of the summons and complaint were left. Such "residence service" of a summons is not deemed complete until the 10th day after such mailing.*

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

*Rule 4(d)(2)(A) provides for service upon an unmarried infant and makes several changes from previous practice. The unmarried infant must only be served a copy of the summons and complaint if twelve years of age or older (previously there was no age limitation). The rule now specifies that the guardian served may be the guardian of either the person or of the estate of the unmarried minor, and such service is now permitted upon "the individual having care of such infant or with whom he lives" in addition to the infant's mother, father or legal guardian. This rule is not intended to depart from the basic concepts of traditional Mississippi practice which must still be followed. See: section 232, Griffith, Mississippi Chancery Practice. The record, exclusive of server's return, should reflect facts sufficient to establish service upon the proper person.*

*Rule 4(e) provides for waiver of service of the summons and complaint and tracks the provisions of Miss.Code Ann. section 13-3-71(1) (Supp.1984). The waiver must be dated and signed by the defendant after the day on which the action is commenced. A waiver may be executed without a summons having been issued since for purposes of Rule 4(e) "commencing the action" means merely filing the complaint. Although the statutory provisions of Miss.Code Ann. section 13-3-71(2) (Supp.1984) dealing with when causes are triable after waiver by a fiduciary are not mentioned in Rule 4(e), such provisions are not in conflict with Rule 4(e) and continue in ef- fect.*

*Rule 4(f) provides that the person serving the process shall promptly file a return of service with the court. Prior to revision in 1997, the rule sanctioned making the return at any time before the person served was required to respond. The failure to promptly file a return may precipitate a default or defeat a defendant's right to remove the case. The purpose of the requirement for prompt filing is to avoid these problems that may arise when a defendant is unable to verify the date of service by examining the return of service in the court records.*

*Rule 4(h) provides that service upon a defendant must be made within 120 days after the filing of the complaint or the cause will be dismissed without prejudice as to that defendant unless good cause can be shown as to why service could not be made.*

[Comment adopted effective March 1, 1986; amended effective February 1, 1990; July 1, 1998; April 13, 2000.]

Rules Civ. Proc., Rule 4, MS R RCP Rule 4

Current with amendments received through June 1, 2008

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.