UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | Case No.: 05-03817-3F1 |
|  | ) |  |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
|  | ) |  |
| Reorganized Debtors, et al., | ) | Jointly Administered |
|  | ) |  |

CERTAIN MISSISSIPPI COUNTIES' MEMORANDUM
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT REGARDING
CONTESTED MATTER SEEKING RELIEF
FROM DEFAULT ORDER DETERMINING TAX LIABILITIES

The following Counties: (a) Hinds County, Mississippi, (b) Jones County, Mississippi,

(c) Lauderdale County, Mississippi, (d) Pike County, Mississippi, and (e) Rankin County,

Mississippi, by and through their respective Boards of Supervisors (collectively, "Mississippi

Counties") file this Memorandum in Support of their Motion for Summary Judgment Regarding

Contested Matter Seeking Relief from Default Order Determining Tax Liabilities.

### SUMMARY OF ARGUMENT

Debtors filed a Motion to Determine Tax Liabilities pursuant to 11 U.S.C. § 505(a)(1)

seeking certain relief against the "Tax Collectors" of, among others, each of the Mississippi

Counties. In seeking this relief, Debtors named the wrong parties. The proper parties – the real

parties in interest – are the applicable Mississippi Counties, by and through their respective

Boards of Supervisors (not the "Tax Collectors"). In Mississippi, the Tax Collectors have no

authority or responsibility related to establishing or handling challenges to the assessed value of

property. That authority ultimately resides with each of the Mississippi Counties, by and

through their respective Boards of Supervisors. In addition to failing to name the proper parties,

Debtors failed to properly serve the Mississippi Counties as provided by the Bankruptcy Code or

Bankruptcy Rules.  Furthermore, Debtors' notice of hearing and objection deadline failed to

comply with the Bankruptcy Rules.  Based on these failures, Debtors improperly had a Default

Order entered against the Mississippi "Taxing Authorities" (not the "Tax Collectors" as

requested in the Motion), which has the effect of substantially reducing the amount of taxes

owed to the Mississippi Counties.   Aggrieved, the Mississippi Counties request the Court to set-

aside the Default Order and allow the Mississippi Counties to contest the merits of the Debtor's

Motion to Determine Tax Liabilities.

### FACTS

On July 7, 2006, Debtors filed their Fourth Omnibus Objection to Tax Claims and

Motion for Order Determining Tax Liabilities (the "Fourth Omnibus Objection and Motion").

*See* [Dkt. # 9133].   In the Fourth Omnibus Objection and Motion, Debtors sought relief in two

distinct categories: (1) an omnibus objection to tax claims that had been filed in the Bankruptcy

Case, and (2) a motion for an order determining tax liabilities.  The first category – the Omnibus

Objection to Tax Claims – is not directed toward any of the Mississippi Counties and is,

therefore, inapplicable.  *See* [Dkt. # 9133, p. 1 and Ex. A thereto].

Regarding the second category, the Motion for an Order Determining Tax Liabilities,

Debtors sought relief against certain Mississippi "Tax Collectors".[1]  Pursuant to the Motion,

Debtors asked the Court for the following relief:

---

[1] In the Fourth Omnibus Objection and Motion, Debtor defined the term "Tax Collectors" as
"local property tax collectors, treasurers and tax collection offices and departments located in Louisiana
and Mississippi." *See* [Dkt. # 9133, p. 4, para. 7].  Likewise, in Exhibit B to the Fourth Omnibus
Objection and Motion, Debtors identified the parties to the contested matter as "Hinds County Tax
Collector", *id.* at Ex. B, p. 36, "Jones County Tax Collector", *id.* at Ex. B, p. 41, "Lauderdale County Tax
Collector", *id.* at Ex. B, p. 44,  "Pike County Tax Collector" *id.* at Ex. B, p. 51, and "Rankin County Tax
Collector". *Id.* at Ex. B, p. 54.  Finally, in the Certificate of Service, Debtors once again identified the
applicable parties at issue as follows:  "Hinds County Tax Collector", "Jones County Tax Collector",

(a)    Sustain the Objection and reducing and allowing the Tax Claims;

(b)    Determine Debtors' tax liabilities for the subject properties;

(c)    Adopt Debtors' calculation of the assessed values on the subject properties as the "correct" bases for calculating Debtors' liabilities to the Tax Collectors for both claimed and unclaimed tax amounts;

(d)    Adopt Debtors' calculations of its tax liabilities for unclaimed 2004 and 2005 taxes;

(e)    Adopt Debtors' market values for the subject properties as the "correct" values on which the Taxing Authorities should have computed Debtors' tax liabilities for the 2006 tax year;

(f)    Adopt Debtors' interest rate as the correct rate to calculate accrued interest on the secured tax liabilities for certain taxing authorities;

(g)    Authorize Debtors to offset any over-payments on taxes against Debtors' liability on other accounts within the same jurisdiction and for the same or other tax years; and

(h)    Extinguish any liens related to Debtors' secured tax liabilities upon payment of the allowed tax claims and revised tax amounts as calculated by Debtors.

*See* [Dkt. # 9133 at 3-4].

### *Service of Motion for an Order Determining Tax Liabilities*

Debtors served the Motion for an Order Determining Tax Liabilities by mailing a copy to the post office address of the Mississippi Tax Collectors. *See* Certificate of Service [Dkt. # 9155]. In the Motion, Debtors expressly recognized that "Fed. R. Bankr. P. 3007, 7004 and 9014" governed the service of process requirements for the Motion. *See* [Dkt. # 9133 at 3-4, paras. 4 & 8]. As set forth below, however, Debtors failed to comply with the service of process requirements of the Bankruptcy Code or the Bankruptcy Rules.

### *Improper Negative Notice by Debtors*

Along with their Motion for an Order Determining Tax Liabilities, Debtors served a Notice of Hearing. The Motion and Notice were filed and apparently served on July 11, 2006.

---

"Lauderdale County Tax Collector", "Pike County Tax Collector", and "Rankin County Tax Collector". *See* [Dkt. # 9155 at Ex. B].

*See* Certificate of Service [Dkt. # 9155]. The Notice of Hearing established an objection

deadline of July 31, 2006 and provided in part:

> PLEASE TAKE NOTICE that a hearing is scheduled for August 10, 2006 at 1:00 p.m. (prevailing Eastern Time), before Honorable Jerry A. Funk . . . to consider Debtor's Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities.
>
> Only objections filed with the Court so as to be received by July 31, 2006 at 4:00 p.m. (E.T.) and served on Cynthia C. Jackson . . . will be considered by the Bankruptcy Court at the hearing. . . ."

*See* Notice of Hearing [Dkt. # 9134]. Debtor's relied on the Court's September 1, 2005 Order,

*see* [Dkt. # 3325], for the notice and service procedures for its Omnibus Claim Objections, but

this Order makes no mention and provides no authorization for notice and service of the Motion

for an Order Determining Tax Liabilities. *See* [Dkt. # 9133 at 1, fn # 2]. Accordingly, and as set

forth below, regarding the Motion, Debtors' Notice provided an objection deadline contrary to

Rule 9014(a), without Court authorization, rendering the notice defective.

### *Order by Default Determining Debtors' Tax Liabilities*

Although Debtors only sued and served the Mississippi *Tax Collectors* as parties subject

to the Motion, Debtors presented to the Court a proposed Order that used a much broader, but

undefined term of Mississippi "*Taxing Authorities*". *See* August 10, 2006 Default Order [Dkt. #

10162]. In entering this Order, this Court ruled:

1.  The Motion is granted and the Objection is sustained.

2.  The tax values for the properties listed on Exhibit A and Exhibit B to this Order in the column titled "Revised Assessed Value" are correct and the *Taxing Authorities*[2] are directed to use such tax values to compute the Debtors' tax liabilities for the 2004 and 2005 tax years.

---

[2] Contrary to the language of the Order presented by Winn Dixie, the relief requested in the Motion sought an order from the Court "adopting the 2004 and 2005 revised assessed values listed on Exhibits A and B as the correct bases for calculating the Debtors' liabilities to the *Tax Collectors*." *See* [Dkt. # 9133 at 5, para. 8 (emphasis added)].

3.    The Revised Tax Amounts listed on the attached Exhibits A and B are the correct amount of tax liabilities owed by the Debtors to the *Taxing Authorities*[3] identified on such Exhibits.

4.    The Tax Claims identified on Exhibit A are reduced and allowed in the amount and classification reflected as the Revised Tax Amount.

5.    The "Independent Appraiser's Market Values" amounts listed on the attached Exhibit C are the appropriate valuation bases for which the Taxing Authorities are to compute assessed values and corresponding taxes for tax year 2006.

6.    Where applicable, pursuant to Section 506(b), the interest rate on the Revised Tax Amounts identified on the attached Exhibits A and B will be calculated using the Adjusted Rate of 6% per annum.

7.    The Debtors are authorized to offset any excess amounts paid against the Debtors' liability on other accounts within the same jurisdiction and for the same or other tax years, where these determinations result in the Debtors' net tax liability being less than what the Debtors have already paid the Tax Collectors for a particular account.

8.    Upon payment of the allowed Tax Claims and Revised Tax Amounts as set forth on Exhibits A and B, respectively, any liens relating to the Debtors' secured tax liabilities addressed in this Objection and Motion are extinguished.  The Debtors are authorized to file any documents necessary with the appropriate governmental body to reflect the release of such liens.

9.    This Order is without prejudice to the Debtors' right to object to any proof of claim filed by any Taxing Authorities in these Chapter 11 cases on any further or separate grounds.

10.    This Court retains jurisdiction over the Debtors and the *Taxing Authorities*[4] whose Tax Claims and Liabilities are subject to the Motion and Objection with respect to any matters related to or arising from implementation of this Order.

### *Mississippi Tax Collectors' Motion for Relief from Order by Default*

After learning of the Court's August 10, 2006 Default Order, the Mississippi Counties promptly filed Motions for Relief.  *See* [Dkt. ## 12389, 12393, 12443, 13105, 13108, and 13116].

---

[3] *See* f.n. 2, *supra.*

[4] This relief was not requested in the Motion. *See* [Dkt. # 9133].

## ARGUMENT

### I.    Debtors Named the Wrong Parties.

Regarding their Motion and the relief sought therein, Debtors named the Mississippi

"Tax Collectors". *See* Intro. & n. 1, *supra*.  However, the real parties in interest regarding the

requested relief are the Mississippi Counties, by and through their Boards of Supervisors, not the

"Tax Collectors".   *See e.g. Mieger v. Pearl River County*, 986 So. 2d 1025, 1026-27 (Miss. Ct.

App. 2008) (affirming that "a sheriff's department is not a separate instrumentality of the state");

*Payne v. Dickerson,* 2008 WL 1724003, *6 (N.D. Miss. Apr. 10, 2008) ("Because Marshall

County Sheriff's Department under the laws of the State of Mississippi has no legal identity

separate from Marshall County, it is not subject to suit."); *Cole v. Hinds County Board of*

*Supervisors*, 2007 WL 2903204, at *1 (S.D. Miss. Oct. 1, 2007) (dismissing suit against "Hinds

County Sheriff's Department" as there was no showing that it "enjoys a separate legal existence

than that of the county under Mississippi state law"), collectively attached hereto as Exhibit "A".

While Mississippi statutes authorize the Tax Collectors to bring suit for unpaid taxes or to

seize property of a debtor regarding same,[5] nothing in Mississippi law authorizes Debtors to sue

the Tax Collectors to reduce the amount of taxes owed, to adopted "revised assessed values", to

lower the valuations of assessed property, or to challenge the assessment for future years (i.e.,

2006).  Instead, this type of relief must be sought from the Board of Supervisors of each County.

*See e.g.,* Miss. Code Ann. § 27-35-87 ("It is the function and responsibility of the County Board

of Supervisors to "examine the [assessment] roll or rolls, and . . . cause to be assessed any

person or thing that may be found to be omitted, and anything found to be undervalued may be

correctly valued . . . [and] enter an order approving the assessments . . . subject to the right of

---

[5] *See e.g.*, Miss. Code § 27-41-1 ("[A]d valorem taxes . . . assessed or levied shall be due, payable and collectible by *the tax collector*.") (emphasis added), attached hereto as collective Exhibit B.

parties in interest to be heard on objections."); Miss Code § 27-35-143 ("The board of

supervisors of each county shall have power, upon application of the party interested, or by the

assessor on behalf of such party . . . to change, cancel or decrease an assessment . . . ."). *See*

Mississippi Statutes, attached hereto as collective Exhibit B. Whether the Bankruptcy Court has

the authority to grant the relief requested by Debtors is not the issue. The issue here is who

must the Debtors name for the relief requested.

In the section of the Fourth Omnibus Objection and Motion entitled "Relief Requested",

Debtors tellingly admit, at least in part, that they understand the difference between a Tax

Collector and the other taxing authorities such as the tax assessor:

> By the Objection and Motion, the Debtors seek relief against local property tax
> collectors, treasurers, and tax collection offices and departments located in Louisiana and
> Mississippi (collectively, the "Tax Collectors"). Under applicable law, the Tax.
> Collectors are each vested with the authority and responsibility for computing, billing
> and collecting ad valorem taxes assessed against the taxable properties within their
> respective jurisdictions. Many of the tax collectors filled proofs of claims in these cases.
> Other Tax Collectors have not filed proofs of claims but have asserted unpaid tax
> liabilities against the estate, and these liabilities are secured by statutory first liens against
> the Debtors' estate assets. *Not included in the category of "Tax Collectors" are the*
> *various county assessors, county auditors and their offices (collectively, the "County*
> *Appraisers") which are vested under state law with the duties and authority of*
> *developing tax approval and assessment rolls and the assessed values for taxable*
> *properties within their counties.*

*See* [Dkt. # 9133, p. 4, para. 7 (emphasis added)]. In fact, throughout their requested relief,

Debtors make it clear that they appreciate the distinction. *See, e.g., id.* at pp. 4-5, para. 8

("determining that the market values reflected on Exhibit C are the correct values *on which the*

*Taxing Authorities*[6] should compute the Debtors' tax liabilities for the 2006 tax year").

---

[6] Debtors do not define the term "Taxing Authorities" in their Fourth Omnibus Objection and
Motion. By using this new and facially broader term, Debtors are expressly recognizing that the relief
that they seek must be obtained from someone other than the Tax Collectors.

While Debtors contend that the Court may grant their requested relief without the need for the County Tax Assessor or Board of Supervisors to actually revise their tax rolls, Debtors set forth no basis in their Motion to justify not naming the real parties in interest.

The simple fact is that Debtors named the wrong parties. The Court's August 10, 2006 Order significantly impairs the rights of Mississippi Counties, even though the Mississippi Counties were not parties to the Motion. Accordingly, the Court should vacate its August 10, 2006 default order regarding the Mississippi Counties and allow them to contest the merits of Debtors' Motion.

## II.    Debtors improperly served the Motion.

Debtors were required to effectuate service of process of the Motion for an Order Determining Tax Liabilities pursuant to the Bankruptcy Code and/or the Federal Rules of Bankruptcy Procedure. Debtors failed on both accounts.

### (a)    *Service of Process under the Bankruptcy Code*

Debtors' Motion arises under 11 U.S.C. §505(a)(1), which permits the Court to "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." Section 505(b)(1)(A)-(B) governs service of a §505(a) motion and provides:

> (A) The clerk shall maintain a list under which a Federal, State, or local governmental unit responsible for the collection of taxes within the district may--
> > (i) designate an address for service of requests under this subsection; and
> > (ii) describe where further information concerning additional requirements for filing such requests may be found.
>
> (B) If such governmental unit does not designate an address and provide such address to the clerk under subparagraph (A), a*ny request made under this subsection may be served at the address for the filing of a tax return or protest with the appropriate taxing authority of such governmental unit.*

(emphasis added).

Section 505(b)(1)(A) is not applicable as none of the Mississippi Counties are "responsible for collection of taxes within the district" nor have they "designated an address for service of process with the clerk of the court." Therefore, under §505(b)(1)(B), Debtors could have served their Motion "at the address for the filing of a tax return or protest with the appropriate taxing authority" for the Mississippi Counties.

For the ad valorem taxes at issue, Debtors do not file a "tax return" with the "appropriate taxing authority of such governmental unit" so this is inapplicable. In order to protest *ad valorem* taxes in Mississippi, Debtors must file a protest with the County by and through the County Board of Supervisors. *See* Miss. Code § 27-35-83 ("The board of supervisors shall immediately at the July meeting proceed to equalize such rolls. . . . The board shall cause all corrections to be made in the rolls, which, being done, the board shall enter an order approving the assessments, with or without corrections, as the case may be, subject to the right of parties in interest to be heard on objections as hereafter provided."); Miss. Code Ann. §27-35-89 ("The board of supervisors of each county shall hold a meeting at the courthouse, or at the chancery clerk's office in counties where the chancery clerk's office is in a building separate from the courthouse, on the first Monday of August, to hear objections to the assessment."); Miss. Code Ann. § 27-35-93 ("A person who is dissatisfied with the assessment may, at the August meeting, present objections thereto in writing which shall be filed by the clerk and docketed and preserved with the roll."), attached hereto as collective Exhibit B.

Accordingly, the "appropriate taxing authority" under §505(b)(1)(B) upon which Debtors could have effectuated service of the Motion was on the Mississippi Counties by and through their respective County Boards of Supervisors.

Instead, Debtors simply mailed the Motion for an Order Determining Tax Liabilities *to the Mississippi Tax Collectors*. Therefore, Debtors failed to properly serve the Motion under 11 U.S.C. §505. *See Willey v. Ward*, 197 F.Supp.2d 384, 387 (D. Md. 2002) ("It is a well-established principle that '[w]hen a statute designates a particular officer to whom the process may be delivered, and with whom it may be left, . . . no other officer or person can be substituted in his place.'") (quoting *Amy v. City of Watertown,* 130 U.S. 301, 317 (1889)).

### (b)    *Service of Process under the Federal Rules of Bankruptcy Procedure*

The only alternative method for serving the Motion was pursuant to Rules 9014 and 7004 of the Federal Rules of Bankruptcy Procedure. Rule 9014 of the Federal Rules of Bankruptcy Procedure governs contested matters and provides in pertinent part: "In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. . . . *The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. . . .*" Rule 9014(a)-(b) (emphasis added); *see also In re Metzger*, 346 B.R. 806, 815 (Bkrtcy. N.D. Cal. 2006) ("The same due process and service requirements are applicable to both Bankruptcy Rules 7004 and 9014.").

Rule 7004 of the Federal Rules of Bankruptcy Procedure provides specific rules for serving a governmental organization such as the Mississippi Counties:

> [S]ervice may be made within the United States by first class mail postage prepaid as follows:
> . . .
>
> (6) *Upon a* state or municipal corporation or other *governmental organization* thereof subject to suit, *by mailing a copy* of the summons and complaint *to the person or office upon whom process is prescribed to be served by the law of the state in which service is made* when an action is brought against such a defendant in the courts of general jurisdiction of that state, or in the absence of the designation of any such person or office by state law, then to the chief executive officer thereof.

Fed. R. Bank. P. 7004(b)(6) (emphasis added); *see also In re F.C.M. Corp.*, 1987 WL 364456, 3

(S.D. Fla. 1987) (service of process on proper government official is "not a technical exercise or

a nuisance to be inflicted upon the private bar in bankruptcy litigation . . . [r]ather, the

requirements ensure the [proper government official] may properly supervise such litigation . . .

.").

      Mississippi law mandates that service on a Mississippi County be effectuated by serving

either the president or the clerk of the County Board of Supervisors. *See* Miss. R. Civ. P. 4(d)(6)

(Service "shall be made as follows . . . [*u*]*pon a county* by delivering a copy of the summons and

complaint *to the president or clerk of the board of supervisors.*") (emphasis added), attached

hereto as Exhibit C.

      Accordingly, under the Federal Rules of Bankruptcy Procedure, Debtors were required to

serve their Motion on the Mississippi Counties by serving the president or the clerk of each

County's Board of Supervisors. As stated above, Debtors failed to do this. Instead, they simply

mailed a copy of the Motion to the Mississippi Tax Collectors.

      In sum, many Debtors failed to properly serve the Mississippi Counties under §505 of the

Bankruptcy Code and Rules 9014 and 7004 of the Federal Rules of Bankruptcy Procedure.

Debtors' improper service of process violated the Mississippi Counties' due process rights and

the procedural safeguards afforded to them under the Bankruptcy Code and the Federal Rules of

Bankruptcy Procedure and deprived the Court of personal jurisdiction to enter its Order by

default. *See In re Levoy*, 182 B.R. 827, 833-34 (9th Cir. BAP 1995) ("A judgment is also void

when it is found that there has been defective service of process that is inconsistent with due

process of law."); *In re Brooks*, 129 B.R. 484, 486 (Bkrtcy. N.D. Ohio 1991) ("A motion for an

order which attempts to affect the claim of a party must be properly served on that party."); *In re*

*Hernandez*, 173 B.R. 430, 431-32 (N.D. Ala. 1994) (vacating bankruptcy court order because debtor improperly served government official); *In re Metzger*, 346 B.R. 806, 816 (Bkrtcy. N.D. Cal. 2006) ("The County was not served with the Notice of the hearing or the Application. Accordingly, the Court did not have jurisdiction over the County and there is a *per se* jurisdictional defect in the Order."). For these reasons, the Mississippi Counties request that the Court vacate its August 10, 2006 Default Order as it relates to them.

### III.    Debtors' Negative Notice of Hearing Violated Bankruptcy Rule 9014.

In the Notice of Hearing, Debtors set forth a July 31, 2006 objection deadline and stated that if no objections were received by that date at 4:00 Eastern Time, then they would not be considered by the Court at the August 10, 2006 hearing. Bankruptcy Rule 9014, which Debtors admit is applicable in their Motion, provides that "[n]o response is required under this rule unless the court directs otherwise." Here, while the Court directed otherwise as it relates to the Omnibus Objection to Claims (which is inapplicable to the Mississippi Counties), *see* September 1, 2005 Order [Dt. Ent. 3325],[7] the Court never "direct[ed] otherwise" as it relates to the Motion.[8] Therefore, even Debtors' Notice of Hearing, which named the wrong parties and which was served on the wrong parties, was defective.

---

[7] The September 1, 2005 Order states in pertinent part:

> The Debtors may use a *claim objection* notice, in a form substantially similar to Exhibit A attached to the Motion . . . to provide notice, by United States mail, to the claimants whose claims are the subject of the applicable *omnibus claim objection* . . . .

September 1, 2005 Order at 2,  3 [Dkt. # 3325] (emphasis added). While applicable to the Omnibus Objection, this order on its face has no applicability to the Motion, especially since Debtors were not objecting to any of the claims of the Mississippi Counties.

[8] Local Rule 2002-4 provides for a "Negative Notice Procedure" regarding certain motions which are inapplicable here.  *See* 2002-4(a)(1) to (5).  2002(a)(6) provides that "[o]ther motions, objections and matters [may apply to this rule] if permitted by the presiding judge." However, Debtors did not get an order from the Court "permit[ting]" Local Rule 2002-4 to apply to their Motion.

## CONCLUSION

For all of these reasons, the Mississippi Counties respectfully request that this Court vacate its August 10, 2006 Default Order as it relates to them and allow the Mississippi Counties to litigate the merits of Debtors' Motion.

Respectfully submitted, this the /3/L day of July, 2009.

>                          MISSISSIPPI COUNTIES by and through their
>                          respective Boards of Supervisors
>
>                          /s/
>                          Robert Altman, Esquire
>                          Florida Bar No. 346861
>                          5256 Silver Lake Drive
>                          Palatka, Florida 32177
>                          (386) 325-4691-Telephone
>                          (386) 325-9765-Facsimile

OF COUNSEL:

Stephen W. Rosenblatt, Esquire - PHV
Paul M. Ellis, Esquire - PHV
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Box 22567
17th Floor, Regions Bank Plaza
Jackson, Mississippi 39225-2567
Telephone:  (601) 948-5711
Fax:  (601) 985-4500
(E) steve.rosenblatt@butlersnow.com
(E) paul.ellis@butlersnow.com

**Certificate of Service**

I certify that a true and correct copy of the foregoing instrument was furnished by U.S. Mail, postage prepaid and by facsimile to Allan E. Wulbern, Esq. and Beau Bowin, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on this 13rd day of July, 2009.

/s/_____
Robert Altman, Esquire

Jackson 3765549v.5

14