UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**MOTION TO STRIKE HARRISON
COUNTY'S MOTION FOR RELIEF FROM
ORDER DETERMINING TAX LIABILITIES**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, "Winn-Dixie") move the Court pursuant to Rule 7037(d)(1)(A)(ii) and 7037(b)(2)(A)(iii), Federal Rules of Bankruptcy Procedure, to strike Harrison County, Mississippi's ("Harrison County") Motion for Relief from Order Determining Tax Liabilities as to Harrison County, and in support says:

1. On July 11, 2006, Winn-Dixie filed the Debtors' Fourth Omnibus Objection to Tax Claims and a Motion for Order Determining Tax Liabilities (the "505 Motion", Docket No. 7267), pursuant to which Winn-Dixie sought an Order determining its tax liability to the Tax Collector for Harrison County, Mississippi.

2. The Harrison County Tax Collector did not serve or file a response to the 505 Motion and as a result, on August 10, 2006, the Court entered its Order on Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities, pursuant to which the Court determined Winn-Dixie's tax liabilities to the Harrison County Tax Collector (Docket No. 10162).

3. On September 25, 2006, Harrison County filed a Motion for Relief from Order Determining Tax Liabilities as to Harrison County (the "Motion for Relief"; Doc. No. 11294).

4. On June 8, 2009, Winn-Dixie served Harrison County with Interrogatories (Exhibit A) and a Request for Production (Exhibit B) (collectively the "Discovery Requests").

5. Harrison County has not served any response to the Discovery Requests nor has the County asked for any extensions of time to do so.

6. If a party fails to respond to properly served interrogatories or a request for production, Rule 7037 provides that the Court may sanction the party by striking pleadings in whole or in part:

> (1) In General.
>
> (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
>
> ***
>
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written responses.
>
> ***
>
> (3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[1] Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable

---

[1] Among the orders included in Rule 37(b)(2)(A)(i-iv), is an order "striking pleadings in whole or in part." Rule 37(b)(2)(A)(iii).

2

> expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.
>
> Rule 7037(d)(1)(A)(i) and (d)(3),<br>Fed. R. Bankr. P.

7. Because Harrison County has failed to respond to the Interrogatories and Request for Production which Winn-Dixie properly served on Harrison County, the Court should strike Harrison County's Response to the Objection to Tax Claims.

Rule 7026(c) and Rule 7037(a)(2)(A) Certification

The undersigned certifies that he has in good faith attempted to confer with Harrison County's attorney in an effort to resolve the issues raised in this motion without Court action, but has been unable to do so.

WHEREFORE, Winn-Dixie request that the Court enter an order (i) striking Harrison County's Motion for Relief and (ii) granting such further relief as the Court deems appropriate.

SMITH HULSEY & BUSEY

By: /s/ Allan E. Wulbern
Allan E. Wulbern

Florida Bar Number 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for the Reorganized Debtors

3

<u>Certificate of Service</u>

I certify that a copy of the foregoing has been furnished via the CM/ECF electronic notification system to Robert C. Altman, Esq., Post Office Box 922 Palatka, Florida 32178-0922 and all parties in interest entitled to receive such notification this 20th day of July, 2009.

                                                  /s/ *Allan E. Wulbern*
                                                  Attorney

00662612

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

## WINN-DIXIE'S FIRST SET OF INTERROGATORIES TO HARRISON COUNTY, MISSISSIPPI

To: Harrison County, Mississippi
c/o Robert Altman, Esq.,
Post Office Box 922,
Palatka, Florida 32178-0922

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates ("Winn-Dixie"), pursuant to Rule 7033, Federal Rules of Bankruptcy Procedure, propound the interrogatories set forth below on Harrison County, Mississippi.

SMITH HULSEY & BUSEY

By: /s/ Allan E. Wulbern
Allan E. Wulbern
Beau Bowin

Florida Bar No. 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie

Exhibit A

## Definitions and Instructions

For the purpose of these interrogatories, the following definitions apply:

A. "Winn-Dixie" or "Debtors" means Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates.

B. "Board of Supervisors," means the Harrison County Board of Supervisors, Harrison County Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

C. "Tax Collector," means the Harrison County Tax Collector, Harrison County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

D. "Harrison County" means Harrison County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

E. "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, Harrison County and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

F. "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, includes, without limitation, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, now or at any time in your possession, custody or control, including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

G.  "Objection to Claim" means the Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 9133).

H.  "Order" means the Order on Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 10162).

I.  "Motion" means the Motion for Relief from Order Determining Tax Liabilities as to Harrison County, Mississippi (Docket No. 11294).

J.  The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

K.  The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

L.  "Identify" means to set forth:

1.  When used with reference to a person:

   a.  the person's full name;
   b.  the person's current or last known home and business addresses and telephone numbers; and
   c.  if employed, the name of the person's employer and the position held.

2.  When used with reference to a corporation or other business entity:

   a.  its complete name;
   b.  its current mailing address; and
   c.  its current telephone number.

3.  When used with reference to a document:

   a.  its subject matter;
   b.  its substance in summary form;

2

  c. the identity of each person involved in preparing it; and

  d. the identity of each person currently in possession of it.

4. When used with reference to a tangible physical object:

  a. the object's description;
  b. the object's identification code, if any;
  c. the object's make, model and year, if applicable;
  d. the object's current location; and
  e. the person to contact to arrange an inspection of the object.

5. When used with reference to a statute:

  a. the Title and Code under which the statute was enacted;
  b. the section of the statute;
  c. the subsection of the statute; and
  d. the subparagraph(s) of the statute.

M. "Person" means all natural persons and entities, including without limitation, corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus and boards.

N. "State with specificity" or "describe with specificity" means to (i) state the substance of the facts supporting your response, (ii) identify documents supporting your response, and (iii) identify all witnesses who have knowledge or information supporting your response, listing the information or knowledge that each such witness possesses.

O. The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

P. The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing,

describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

Q. In response to these interrogatories, you are required to disclose all information known to you, your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

R. If you are unable to answer the attached interrogatories after conducting a reasonable investigation, so state and answer to the extent possible, further stating the information you cannot provide and the efforts made to obtain such information.

## Interrogatories

1. Identify all persons supplying any information used in preparing answers to these interrogatories and identify the interrogatory for which such information was supplied.

2. When did the Tax Collector first notify the Board of Supervisors of the:

   a. The Objection to Claim and

   b. The Order.

3.    Please explain (i) how and (ii) when the Board of Supervisors first became aware of:

    a.    The Objection to Claim and

    b.    The Order.

4.    Who was the first person in the Board of Supervisors' office to become aware of:

    a.    The Objection to Claim and

    b.    The Order.

     5.    When did the Board of Supervisors first consult with legal counsel regarding the:

          a.    The Objection to Claim and

          b.    The Order.

     6.    When did the Tax Collector first consult with legal counsel regarding the:

          a.    The Objection to Claim and

          b.    The Order.

7. Identify any communications between William P. Wexler, Esq., and (i) the Tax Collector, (ii) the County Supervisors or (iii) Harrison County regarding the Objection to Claim or the Order. In responding to Interrogatory No. 7, include:

    a. the date of the communication;

    b. the method of the communication;

    c. The parties to the communication;

    d. the substance of the communication and

    e. a description of any documents relating or referring to the communication.

Harrison County, Mississippi

By:_____
Its_____

STATE OF _____ )
           )
COUNTY OF _____ )

  Before me, the undersigned authority, on this \_\_\_\_ day of _____, 2009, personally appeared _____ of the Board of Supervisors who is personally known to me or who has produced _____ as identification, and being first duly sworn, says that he/she is _____ of Harrison County, Mississippi, and, as such, is authorized to answer the foregoing interrogatories, and that he/she has read the foregoing answers to interrogatories and they are true and correct to the best of his/her knowledge and belief.

NOTARY PUBLIC

Please Print or Type Name

Commission Number:_____

My Commission Expires:

## Certificate of Service

I certify that the original answers to interrogatories have been furnished by _____ to Allan E. Wulbern, Esq. and Beau Bowin, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on this \_\_\_\_\_ day of June, 2009.

_____
Attorney

00652800

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## WINN-DIXIE'S REQUEST FOR PRODUCTION
## OF DOCUMENTS TO HARRISON COUNTY, MISSISSIPPI

Winn-Dixie Stores, Inc. and its affiliated debtors ("Winn-Dixie"), pursuant to Rule 7034, Federal Rules of Bankruptcy Procedure, request Harrison County, Mississippi to produce and permit counsel for Winn-Dixie to inspect and copy each of the following items at the offices of Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, within 30 days of the date of service of this request.

Exhibit B

<u>Definitions and Instructions</u>

A.  "Winn-Dixie" or "Debtors" means Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates.

B.  "Board of Supervisors," means the Harrison County Board of Supervisors, Harrison County Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

C.  "Tax Collector," means the Harrison County Tax Collector, Harrison County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

D.  The "County" means Harrison County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

E.  "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, Harrison County and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

F.  "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, includes, without limitation, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, now or at any time in your possession, custody or control, including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

G.  "Objection to Claim" means the Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 9133).

H.  "Order" means the Order on Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 10162).

I.  "Motion" means the Motion for Relief from Order Determining Tax Liabilities as to Harrison County, Mississippi (Docket No. 11294).

J.  The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

K.  The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, refuting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

L.  In response to this request, you are required to furnish all information and documents in your possession, custody or control, or in the possession, custody or control of your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

M.  Unless otherwise stated in a specific request, the documents relevant to these requests generally are those created, executed or developed during the 2004 through 2005 tax years.

N.  Pursuant to Rule 7026, Federal Rules of Bankruptcy Procedure, identify each document that you withheld from production under any claim of privilege or other immunity, and for each such document state:

1. The date of the document;
2. The author of the document;
3. The identity of each person who received or was furnished a copy of the document;
4. The subject matter of the document; and
5. Each ground upon which the privilege is claimed.

3

## DOCUMENT REQUESTS

1. All documents the County referred to in responding to the Interrogatories Winn-Dixie served with this Request for Production.

2. All documents that indicate when the County first became aware of:

    (a) The Objection to Claim

    (b) The Order.

3. All documents the indicate when the Board of Supervisors first became aware of:

    (a) The Objection to Claim

    (b) The Order.

4. All documents relating or referring to any communications between (i) the Tax Collector, (ii) the Board of Supervisors, or (iii) the County and William P. Wexler, Esq., regarding the Objection to Claim or the Order.

## Certificate of Service

I certify that a copy of the foregoing has been furnished by mail to Robert C. Altman, Esq., Post Office Box 922 Palatka, Florida 32178-0922 this 8th day of June, 2009.

_____
Allan E. Wulbern

00639344