UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

## MOTION TO STRIKE LOWNDES COUNTY'S MOTION FOR RELIEF FROM ORDER DETERMINING TAX LIABILITIES

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, "Winn-Dixie") move the Court pursuant to Rule 7037(d)(1)(A)(ii) and 7037(b)(2)(A)(iii), Federal Rules of Bankruptcy Procedure, to strike Lowndes County, Mississippi's ("Lowndes County") Motion for Relief from Order Determining Tax Liabilities as to Lowndes County, and in support says:

1.      On July 11, 2006, Winn-Dixie filed the Debtors' Fourth Omnibus Objection to Tax Claims and a Motion for Order Determining Tax Liabilities (the "505 Motion", Docket No. 7267), pursuant to which Winn-Dixie sought an Order determining its tax liability to the Tax Collector for Lowndes County, Mississippi.

2.      The Lowndes County Tax Collector did not serve or file a response to the 505 Motion and as a result, on August 10, 2006, the Court entered its Order on Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities, pursuant to which the Court determined Winn-Dixie's tax liabilities to the Lowndes County Tax Collector (Docket No. 10162).

3.    On November 6, 2006, Lowndes County filed a Motion for Relief from Order Determining Tax Liabilities as to Lowndes County (the "Motion for Relief"; Docket No. 12391).

4.    On June 8, 2009, Winn-Dixie served Lowndes County with Interrogatories (Exhibit A) and a Request for Production (Exhibit B) (collectively the "Discovery Requests").

5.    On July 7, 2009, Lowndes County served responses to the Discovery Requests (Exhibits C and D; the "Discovery Responses"), but on July 16, 2009, counsel for Lowndes County filed a Withdrawal of Notice of Service of Responses of Lowndes County, Mississippi, to Requests for Production of Documents and First Set of Interrogatories (Exhibit E; Docket No. 22531). Counsel for Lowndes County has indicated that he does not intend to re-serve the Discovery Responses that he withdrew on behalf of Lowndes County.

6.    If a party fails to respond to properly served interrogatories or a request for production, Rule 7037 provides that the Court may sanction the party by striking pleadings in whole or in part:

> (1)    In General.
>
> (A)    Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
>
> ***
>
> (ii)    a party, after being properly served with interrogatories under Rule 33 or a request for

inspection under Rule 34, fails to serve its answers, objections, or written responses.

*\*\**

(3)    Types of Sanctions.    Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[1] Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

> Rule 7037(d)(1)(A)(i) and (d)(3),
> Fed. R. Bankr. P.

7.    Because Lowndes County has withdrawn its responses to the Interrogatories and Request for Production which Winn-Dixie properly served on Lowndes County, the Court should strike Lowndes County's Response to the Objection to Tax Claims.

## Rule 7026(c) and Rule 7037(a)(2)(A) Certification

The undersigned certifies that he has in good faith attempted to confer with Lowndes County's attorney in an effort to resolve the issues raised in this motion without Court action, but has been unable to do so.

---

[1] Among the orders included in Rule 37(b)(2)(A)(i-iv), is an order "striking pleadings in whole or in part." Rule 37(b)(2)(A)(iii).

WHEREFORE, Winn-Dixie request that the Court enter an order (i) striking Lowndes County's Motion for Relief and (ii) granting such further relief as the Court deems appropriate.

SMITH HULSEY & BUSEY


By:   */s/ Allan E. Wulbern*
     Allan E. Wulbern

Florida Bar Number 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for the Reorganized Debtors

<u>Certificate of Service</u>

I certify that a copy of the foregoing has been furnished via the CM/ECF electronic notification system to Robert C. Altman, Esq., Post Office Box 922 Palatka, Florida 32178-0922 and all parties in interest entitled to receive such notification this 20th day of July, 2009.


_____<u>/s/ <i>Allan E. Wulbern</i></u>_____
Attorney

00662625

5

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF SERVICE OF WINN-DIXIE'S FIRST SET OF
INTERROGATORIES TO LOWNDES COUNTY, MISSISSIPPI**

I certify that the original and one copy of Winn-Dixie's First Set of
Interrogatories to Lowndes County, Mississippi are being furnished by mail to
Lowndes County, Mississippi, c/o Robert Altman, Esq., Post Office Box 922,
Palatka, Florida 32178-0922, this _8th_ day of June, 2009.

SMITH HULSEY & BUSEY

By: _____
       Allan E. Wulbern
       Beau Bowin

Florida Bar No. 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie

Exhibit A

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

## WINN-DIXIE'S FIRST SET OF INTERROGATORIES TO LOWNDES COUNTY, MISSISSIPPI

To:   Lowndes County, Mississippi
      c/o Robert Altman, Esq.,
      Post Office Box 922,
      Palatka, Florida 32178-0922

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates ("Winn-Dixie"), pursuant to Rule 7033, Federal Rules of Bankruptcy Procedure, propound the interrogatories set forth below on Lowndes County, Mississippi.

SMITH HULSEY & BUSEY

By: _____
    Allan E. Wulbern
    Beau Bowin

Florida Bar No. 175511
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie

Definitions and Instructions

For the purpose of these interrogatories, the following definitions apply:

A.    "Winn-Dixie" or "Debtors" means Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates.

B.    "Board of Supervisors," means the Lowndes County Board of Supervisors, Lowndes County Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

C.    "Tax Collector," means the Lowndes County Tax Collector, Lowndes County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

D.    "Lowndes County" means Lowndes County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

E.    "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, Lowndes County and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

F.    "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, includes, without limitation, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, now or at any time in your possession, custody or control, including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

G.   "Objection to Claim" means the Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 9133).

H.   "Order" means the Order on Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 10162).

I.   "Motion" means the Motion for Relief from Order Determining Tax Liabilities as to Lowndes County, Mississippi (Docket No. 12391).

J.   The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

K.   The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

L.   "Identify" means to set forth:

    1.   When used with reference to a person:

        a.   the person's full name;
        b.   the person's current or last known home and business addresses and telephone numbers; and
        c.   if employed, the name of the person's employer and the position held.

    2.   When used with reference to a corporation or other business entity:

        a.   its complete name;
        b.   its current mailing address; and
        c.   its current telephone number.

    3.   When used with reference to a document:

        a.   its subject matter;
        b.   its substance in summary form;

2

    c.    the identity of each person involved in preparing it; and

    d.    the identity of each person currently in possession of it.

4.    When used with reference to a tangible physical object:

    a.    the object's description;

    b.    the object's identification code, if any;

    c.    the object's make, model and year, if applicable;

    d.    the object's current location; and

    e.    the person to contact to arrange an inspection of the object.

5.    When used with reference to a statute:

    a.    the Title and Code under which the statute was enacted;

    b.    the section of the statute;

    c.    the subsection of the statute; and

    d.    the subparagraph(s) of the statute.

M.    "Person" means all natural persons and entities, including without limitation, corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus and boards.

N.    "State with specificity" or "describe with specificity" means to (i) state the substance of the facts supporting your response, (ii) identify documents supporting your response, and (iii) identify all witnesses who have knowledge or information supporting your response, listing the information or knowledge that each such witness possesses.

O.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

P.    The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing,

describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

Q.    In response to these interrogatories, you are required to disclose all information known to you, your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

R.    If you are unable to answer the attached interrogatories after conducting a reasonable investigation, so state and answer to the extent possible, further stating the information you cannot provide and the efforts made to obtain such information.

<u>Interrogatories</u>

1.     Identify all persons supplying any information used in preparing answers to these interrogatories and identify the interrogatory for which such information was supplied.

2.     When did the Tax Collector first notify the Board of Supervisors of the:

   a.     The Objection to Claim and

   b.     The Order.

5

3.      Please explain (i) how and (ii) when the Board of Supervisors first became aware of:

      a.      The Objection to Claim and

      b.      The Order.

4.      Please explain (i) how and (ii) when Lowndes County first became aware of:

      c.      The Objection to Claim and

      d.      The Order.

5.    Who was the first person in the Board of Supervisors' office to become aware of:

      e.    The Objection to Claim and

      f.    The Order.

6.    When did the Board of Supervisors first consult with legal counsel regarding the:

      g.    The Objection to Claim and

      h.    The Order.

7.    When did the Tax Collector first consult with legal counsel regarding the:

      i.    The Objection to Claim and

      j.    The Order.

8.    Identify any communications between William P. Wexler, Esq., and (i) the Tax Collector, (ii) the County Supervisors or (iii) Lowndes County regarding the Objection to Claim or the Order.  In responding to Interrogatory No. 8, include:

      a.    the date of the communication;

      b.    the method of the communication;

      c.    The parties to the communication;

      d.    the substance of the communication and

      e.    a description of any documents relating or referring to the communication.

9.     Identify any documents Lowndes County referred to in responding to these interrogatories.

Lowndes County, Mississippi


By:_____
Its_____


STATE OF _____)
                     )
COUNTY OF _____)

Before me, the undersigned authority, on this _____ day of _____, 2009, personally appeared _____ of Lowndes County who is personally known to me or who has produced _____ as identification, and being first duly sworn, says that he/she is _____ of Lowndes County, Mississippi, and, as such, is authorized to answer the foregoing interrogatories, and that he/she has read the foregoing answers to interrogatories and they are true and correct to the best of his/her knowledge and belief.


_____
NOTARY PUBLIC

_____
Please Print or Type Name

Commission Number:_____

My Commission Expires:

10

## Certificate of Service

I certify that the original answers to interrogatories have been furnished by

_____ to Allan E. Wulbern, Esq. and Beau Bowin, Esq., Smith

Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on this

_____ day of June, 2009.


_____
Attorney

00656500

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:                                    )        Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,          )        Chapter 11

          Reorganized Debtors.           )        Jointly Administered

_____          )

## WINN-DIXIE'S REQUEST FOR PRODUCTION
## OF DOCUMENTS TO LOWNDES COUNTY, MISSISSIPPI

Winn-Dixie Stores, Inc. and its affiliated debtors ("Winn-Dixie"), pursuant

to Rule 7034, Federal Rules of Bankruptcy Procedure, request Lowndes County,

Mississippi to produce and permit counsel for Winn-Dixie to inspect and copy each

of the following items at the offices of Smith Hulsey & Busey, 225 Water Street,

Suite 1800, Jacksonville, Florida 32202, within 30 days of the date of service of this

request.

<u>Definitions and Instructions</u>

A.     "Winn-Dixie" or "Debtors" means Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates.

B.     "Board of Supervisors," means the Lowndes County Board of Supervisors, Lowndes County Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

C.     "Tax Collector," means the Lowndes County Tax Collector, Lowndes County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

D.     The "County" means Lowndes County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

E.     "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, Lowndes County and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

F.     "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, includes, without limitation, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, now or at any time in your possession, custody or control, including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

G.     "Objection to Claim" means the Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 9133).

H.    "Order" means the Order on Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 10162).

I.    "Motion" means the Motion for Relief from Order Determining Tax Liabilities as to Lowndes County, Mississippi (Docket No. 12391).

J.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

K.    The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, refuting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

L.    In response to this request, you are required to furnish all information and documents in your possession, custody or control, or in the possession, custody or control of your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

M.    Unless otherwise stated in a specific request, the documents relevant to these requests generally are those created, executed or developed during the 2004 through 2005 tax years.

N.    Pursuant to Rule 7026, Federal Rules of Bankruptcy Procedure, identify each document that you withheld from production under any claim of privilege or other immunity, and for each such document state:

1.    The date of the document;
2.    The author of the document;
3.    The identity of each person who received or was furnished a copy of the document;
4.    The subject matter of the document; and
5.    Each ground upon which the privilege is claimed.

DOCUMENT REQUESTS

1.      All documents the County referred to in responding to the Interrogatories Winn-Dixie served with this Request for Production.

2.      All documents that indicate when the County first became aware of:

        (a)     The Objection to Claim

        (b)     The Order.

3.      All documents the indicate when the Board of Supervisors first became aware of: ·

        (a)     The Objection to Claim

        (b)     The Order.

4.      All documents relating or referring to any communications between (i) the Tax Collector, (ii) the Board of Supervisors, or (iii) the County and William P. Wexler, Esq., regarding the Objection to Claim or the Order.

### Certificate of Service

I certify that a copy of the foregoing has been furnished by mail to Robert C. Altman, Esq., Post Office Box 922 Palatka, Florida 32178-0922 this 8th day of June, 2009.

_____
Allan E. Wulbern

00657004

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
|  | ) |  |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
|  | ) |  |
| Reorganized Debtors | ) | Jointly Administered |

## RESPONSES OF LOWNDES COUNTY, MISSISSIPPI
## TO FIRST SET OF INTERROGATORIES
## BY WINN-DIXIE STORES, INC.

Pursuant to Federal Rule of Civil Procedure 33, incorporated by reference by Federal Rule of Bankruptcy Procedure 9014(c), Lowndes County, Mississippi ("Lowndes County") responds to Winn-Dixie Stores, Inc.'s (the "Debtor" or "Winn-Dixie") First Set of Interrogatories, subject to the General Objections set forth below, as follows:

### PRELIMINARY STATEMENT

Lowndes County responds to these interrogatories without waiving its primary defense in this action that the Lowndes County Tax Collector was not the proper party against whom the relief sought by the Debtors could be obtained or that Lowndes County was properly served herein. Lowndes County does not waive or intend to waive, by reason of these responses to this First Set of Interrogatories, its right to assert additional objections as appropriate and to supplement these responses and objections.

Exhibit C

## <u>GENERAL OBJECTIONS AND RESERVATION OF RIGHTS</u>

Lowndes County hereby asserts the following General Objections and Reservation of Rights applicable to each response ("General Objections"), which are incorporated in and made a part of each response, set forth herein:

1.      Lowndes County objects to each interrogatory, and subpart thereof, and each Definition, to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

2.      Lowndes County objects to each interrogatory, and subpart thereof, to the extent it seeks discovery of matters protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege. Lowndes County objects to each and every interrogatory, and subpart thereof, to the extent that it calls for the disclosure of any information or document, which was prepared in anticipation of litigation or for trial, which otherwise constitutes work product or attorney-client privileged information, which is protected by the self-evaluative privilege, the joint defense privilege, applicable state or federal regulations, or other applicable privilege, or which otherwise is immune from discovery.

3.      Each of Lowndes County's General Objections is incorporated in each individual response set forth below as if fully set forth therein. Each response is made subject to each of these General Objections.

## RESPONSES

Subject to the foregoing General Objections, Lowndes County submits these Responses to Winn-Dixie's First Set of Interrogatories.

### INTERROGATORY NO. 1:

Identify all persons supplying any information used in preparing answers to these interrogatories and identify the interrogatory for which such information was supplied.

### RESPONSE:

Counsel for the Lowndes County prepared the objections to these interrogatories.

### INTERROGATORY NO. 2:

When did the Tax Collector first notify the Board of Supervisors of the:

      a.    The Objection to Claim and
      b.    The Order.

### RESPONSE:

Lowndes County objects to this interrogatory on grounds that it exceeds the permissible scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure, incorporated by reference by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, as it requests information that is not relevant to any party's claim or defense in the instant proceeding.

### INTERROGATORY NO. 3:

Please explain (i) how and (ii) when the Board of Supervisors first became aware of:

      a.    The Objection to Claim and
      b.    The Order.

### RESPONSE:

Lowndes County objects to this interrogatory on grounds that it exceeds the permissible scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure, incorporated by

reference by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, as it requests information that is not relevant to any party's claim or defense in the instant proceeding.

**INTERROGATORY NO. 4:**

Please explain (i) how and (ii) when Lowndes County first became aware of:

    a.     The Objection to Claim and
    b.     The Order.

**RESPONSE:**

Lowndes County objects to this interrogatory on grounds that it exceeds the permissible scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure, incorporated by reference by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, as it requests information that is not relevant to any party's claim or defense in the instant proceeding.

**INTERROGATORY NO. 5:**

Who was the first person in the Board of Supervisors' office to become aware of:

    a.     The Objection to Claim and
    b.     The Order.

**RESPONSE:**

Lowndes County objects to this interrogatory on grounds that it exceeds the permissible scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure, incorporated by reference by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, as it requests information that is not relevant to any party's claim or defense in the instant proceeding.

**INTERROGATORY NO. 6:**

When did the Board of Supervisors first consult with legal counsel regarding the:

    a.     The Objection to Claim and
    b.     The Order.

**RESPONSE**:

Lowndes County objects to this interrogatory on grounds that it exceeds the permissible scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure, incorporated by reference by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, as it requests information that is not relevant to any party's claim or defense in the instant proceeding. Lowndes County further objects to this interrogatory as it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

**INTERROGATORY NO. 7:**

When did the Tax Collector first consult with legal counsel regarding the:

     a.     The Objection to Claim and
     b.     The Order.

**RESPONSE:**

Lowndes County objects to this interrogatory on grounds that it exceeds the permissible scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure, incorporated by reference by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, as it requests information that is not relevant to any party's claim or defense in the instant proceeding. Lowndes County further objects to this interrogatory as it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

**INTERROGATORY NO. 8:**

Identify any communications between William P. Wexler, Esq., and (i) the Tax Collector, (ii) the County Supervisors or (iii) Lowndes County regarding the Objection to Claim or the Order. In responding to Interrogatory No. 8, include:

     a.     the date of the communication;
     b.     the method of the communication;
     c.     The parties to the communication;

     d.     the substance of the communication and

     e.     a description of any documents relating or referring to the communication.

**RESPONSE:**

Lowndes County objects to this interrogatory on grounds that it exceeds the permissible scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure, incorporated by reference by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, as it requests information that is not relevant to any party's claim or defense in the instant proceeding. Lowndes County further objects to this interrogatory as it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

**INTERROGATORY NO. 9:**

Identify any documents Lowndes County referred to in responding to these interrogatories.

**RESPONSE:**

None.

Respectfully submitted, this the 'Th day of July, 2009.

                                          */s/ Robert Altman*

By _____

Robert Altman, Esquire
Florida Bar No. 346861
5256 Silver Lake Drive
Palatka, Florida 32177
(386) 325-4691
(386) 325-9765 Facsimile

Attorney for Lowndes County, Mississippi by and through the Lowndes County, Mississippi Board of Supervisors

OF COUNSEL:

Stephen W. Rosenblatt, Esquire - PHV

Paul M. Ellis, Esquire - PHV
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Box 22567
17th Floor, Regions Bank Plaza
Jackson, Mississippi 39225-2567
Telephone: (601) 948-5711
Fax: (601) 985-4500
(E) steve.rosenblatt@butlersnow.com
(E) paul.ellis@butlersnow.com

## Certificate of Service

I certify that a true and correct copy of the foregoing instrument was furnished by U.S.

Mail, postage prepaid and by facsimile to Allan E. Wulbern, Esq. and Beau Bowin, Esq., Smith

Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on this 7th day of

July, 2009.

/s/ Robert Altman

Robert Altman, Esquire

Jackson 4130560v.1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 05-03817-3F1** |
| | ) | |
| **WINN-DIXIE STORES, INC., et al.,** | ) | **Chapter 11** |
| | ) | |
| **Reorganized Debtors** | ) | **Jointly Administered** |
| | ) | |

## RESPONSES OF LOWNDES COUNTY, MISSISSIPPI
## TO REQUESTS FOR PRODUCTION OF DOCUMENTS
## BY WINN-DIXIE STORES, INC.

Pursuant to Federal Rule of Civil Procedure 34, incorporated by reference by Federal Rule of Bankruptcy Procedure 9014(c), Lowndes County, Mississippi ("Lowndes County") responds to Winn-Dixie Stores, Inc.'s (the "Debtor" or "Winn-Dixie") Requests for Production of Documents, subject to the General Objections set forth below, as follows:

### PRELIMINARY STATEMENT

Lowndes County responds to these requests without waiving its primary defense in this action that the Lowndes County Tax Collector was not the proper party against whom the relief sought by the Debtors could be obtained or that Lowndes County was properly served herein. Lowndes County does not waive or intend to waive, by reason of these responses to these Requests for Production of Documents, its right to assert additional objections as appropriate and to supplement these responses and objections.

Exhibit D

## GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

Lowndes County hereby asserts the following General Objections and Reservation of Rights applicable to each response ("General Objections"), which are incorporated in and made a part of each response, set forth herein:

1.    Lowndes County objects to each request, and subpart thereof, and each Definition, to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

2.    Lowndes County objects to each request, and subpart thereof, to the extent it seeks discovery of matters protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege. Lowndes County objects to each and every request, and subpart thereof, to the extent that it calls for the disclosure of any information or document, which was prepared in anticipation of litigation or for trial, which otherwise constitutes work product or attorney-client privileged information, which is protected by the self-evaluative privilege, the joint defense privilege, applicable state or federal regulations, or other applicable privilege, or which otherwise is immune from discovery.

3.    Each of Lowndes County's General Objections is incorporated in each individual response set forth below as if fully set forth therein. Each response is made subject to each of these General Objections.

## RESPONSES

Subject to the foregoing General Objections, Lowndes County submits these responses and objections to Winn-Dixie's Requests for Production of Documents.

## REQUEST NO. 1:

All documents the County referred to in responding to the Interrogatories Winn-Dixie served with this Request for Production.

**RESPONSE:**

None.

**REQUEST NO. 2:**

All documents that indicate when the County first became aware of:

      (a)    The Objection to Claim

      (b)    The Order.

**RESPONSE:**

Lowndes County objects to this request on grounds that it exceeds the permissible scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure, incorporated by reference by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, as it requests information that is not relevant to any party's claim or defense in the instant proceeding.

**REQUEST NO. 3:**

All documents that indicate when the Board of Supervisors first became aware of:

      (a)    The Objection to Claim

      (b)    The Order.

**RESPONSE:**

Lowndes County objects to this request on grounds that it exceeds the permissible scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure, incorporated by reference by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, as it requests information that is not relevant to any party's claim or defense in the instant proceeding.

**REQUEST NO. 4:**

All documents relating or referring to any communications between (i) the Tax Collector, (ii) the Board of Supervisors, or (iii) the County and William P. Wexler, Esq., regarding the Objection to Claim or the Order.

**RESPONSE:**

Lowndes County objects to this request on grounds that it exceeds the permissible scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure, incorporated by reference by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, as it requests information that is not relevant to any party's claim or defense in the instant proceeding. Lowndes County further objects to this interrogatory as it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

Respectfully submitted, this the ⁊ℎₐday of July, 2009.

*/s/ Robert Altman*

By _____

Robert Altman, Esquire
Florida Bar No. 346861
5256 Silver Lake Drive
Palatka, Florida 32177
(386) 325-4691
(386) 325-9765 Facsimile

Attorney for Lowndes County, Mississippi by and through the Lowndes County, Mississippi Board of Supervisors

OF COUNSEL:

Stephen W. Rosenblatt, Esquire - PHV
Paul M. Ellis, Esquire - PHV
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Box 22567
17th Floor, Regions Bank Plaza
Jackson, Mississippi 39225-2567
Telephone: (601) 948-5711

Fax: (601) 985-4500
(E) steve.rosenblatt@butlersnow.com
(E) paul.ellis@butlersnow.com

### Certificate of Service

I certify that a true and correct copy of the foregoing instrument was furnished by U.S. Mail, postage prepaid and by facsimile to Allan E. Wulbern, Esq. and Beau Bowin, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on this 7th day of July, 2009.

/s/ Robert Altman

Robert Altman, Esquire

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

Winn-Dixie Stores, Inc. et al.,                                    Case No.  3:05-bk-03817-JAF

Debtor.
_____/

### WITHDRAWAL OF NOTICE OF SERVICE OF RESPONSES OF LOWNDES COUNTY, MISSISSIPPI, TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES

Lowndes County, Mississippi, by and through its undersigned counsel, withdraws its Notice

of Service of Responses of Lowndes County, Mississippi to Requests for Production of Documents

and to First Set of Interrogatories by Winn-Dixie Stores, Inc. filed on July 7, 2009.

Robert Altman, P.A.

*/S/ Robert Altman*
**Robert Altman, Esquire**
**Florida Bar No. 346861**
**5256 Silver Lake Drive**
**Palatka, Florida 32177**
**(386) 325-4691**
**(386) 325-9765 Facsimile**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of Withdrawal of Notice of Service of Responses by Lowndes County, Mississippi, to Requests for Production of Documents and to First Set of Interrogatories was furnished to Allan E. Wulbern, Esquire, Smith Hulsey Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202 by U. S. Mail first class, postage prepaid and/or electronic filing CM/ECF, on July *16*, 2009.

Robert Altman, P.A.

*/S/ Robert Altman*
**Robert Altman, Esquire**

Exhibit E