## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## <u>JACKSONVILLE DIVISION</u>

In re:                                          Case No.  05-03817-3F1

)

WINN-DIXIE STORES, INC., et al.,                Chapter 11

)

    Reorganized Debtors.                     Jointly Administered

)

## WINN-DIXIE'S RESPONSE TO VISAGENT'S
## <u>NINTH MOTION TO COMPEL AGAINST WINN-DIXIE</u>

Winn-Dixie Stores, Inc., on behalf of twenty-three of its subsidiaries and affiliates, as the Reorganized Debtors (collectively, "Winn-Dixie"), files this response to Visagent's ninth motion to compel (Doc. 22502), and states:

1.    Visagent moves to compel Winn-Dixie to produce the personnel files of *thirteen* current and former Winn-Dixie employees for an in camera inspection by the Court.

2.    Visagent has argued that Winn-Dixie agreed to produce the personnel files.[1]  Winn-Dixie however objected to producing the files based on the employees' privacy, and agreed to produce "to the extent such files relate to Visagent" (Visagent's fifth motion to compel, Doc. 20570, page 6).

---

[1] See Visagent's fifth motion to compel, Doc. 20570, page 8, para. 7 ("although Debtors agreed to produce these records, none have been produced"); and August 28, 2008 hearing transcript, Doc. 21289, page 115 ("they said they would produce the personnel files of people who had knowledge of this relationship").

As Winn-Dixie has informed Visagent and the Court, there are no such documents (August 28, 2008 hearing transcript, Doc. 21289, page 138).

3.      Visagent argues that "not only have Debtors failed to provide responsive documents, they have violated a Court [order]" (Visagent's motion, paragraph 3).   Visagent refers to the Court's eight page "Order Denying Visagent Corporation's Fifth Motion to Compel" (Doc. 21607, attached as Exhibit A).   Although the Court largely denied Visagent's fifth motion to compel, the Court did direct the parties to confer regarding narrower measures for producing the files, and if the parties were unsuccessful, provided that the Court would conduct an in camera inspection and determine whether any portions of the files would be turned over to Visagent:

> Debtors and Visagent are directed to agree to narrower measures such as redaction of sensitive information or a confidentiality order as to the information contained in the personnel files.  If the parties are unable to reach an agreement as to narrower measures, the Court will conduct an in camera inspection of the personnel files upon request of either of the parties, at which point the Court will make a determination as to whether any portions of the files shall be turned over to Visagent.
>
> Order, page 7 (Exhibit A).

4.    Visagent argues that it made attempts "to narrow the scope of the employee file production…to no avail" (motion, paragraph 6).    The parties did however agree to narrow the personnel files to Tom Barr, Ed Mieskoski, Daryl Mills and Phil Payment:

>    We can agree to narrow the employee files to Barr,
>    Mieskoski, Mills and Payment.
>
>                    Guy Rubin's May 11, 2009 e-
>                    mail to Jim Bolling (Exhibit B).

5.    Visagent's motion states that "Winn-Dixie claims it reviewed the personnel files and none of the information relates to Visagent" (motion, paragraph 6).    Winn-Dixie did inform Visagent that it had reviewed the personnel files and that none of the documents mention Visagent, but Winn-Dixie went further and also agreed to produce documents from the personnel files that Visagent had argued were relevant:

>    I've reviewed the personnel files for Tom Barr,
>    Daryl Mills, Philip Payment and Ed Mieskoski.
>
>    None of the documents in the personnel files
>    mention Visagent.  There is one document in Tom
>    Barr's file that mentions diverting, which we would
>    agree to produce, pursuant to the protective order
>    governing confidentiality.
>
>    You had questioned what the changes were in Tom
>    Barr's compensation from 2001 through 2004, and

argue that this information is relevant to Mr. Barr's unsuccessful initiative to take Winn-Dixie diverting in-house. We would agree to produce Mr. Barr's W-2's for this period, pursuant to the protective order.

You also argue that Daryl Mills' termination is relevant. The only document mentioning Mr. Mills' termination is a "Personnel Action Notice." The Notice states that Mr. Mills retired with pay and a severance package. We would agree to produce the Notice, pursuant to the protective order.

Please let us know if the documents we would agree to produce from these files (redacting Social Security Numbers) will resolve the dispute over production of personnel files. Upon reaching an agreement, we will e-mail the documents to you.

> Jim Bolling's May 21 e-mail to
> Guy Rubin (Exhibit C, pages 1
> through 2).[2]

6.    But Visagent rejected Winn-Dixie's offer. Instead, subject to limitations Winn-Dixie could not agree to, Visagent demanded the complete files of all these Winn-Dixie employees (Exhibit C, page 1).

7.    This Court previously concluded that Visagent had not demonstrated the necessity, without employing less invasive measures, of obtaining the entire personnel files:

---

[2] Winn-Dixie produced to Visagent, simultaneously with this response, the documents Winn-Dixie agreed to produce from the personnel files. Winn-Dixie also produced the only document from Mr. Mieskoski's personnel file regarding his termination.

> The Court finds that Visagent, like the plaintiff in
> <u>CAC-Ramsay Health Plans</u>, has failed to
> demonstrate the necessity, without first employing
> less invasive methods, of obtaining the entire
> personnel files.

Order, page 5.

8.    Visagent has not made any showing for production of any portions of the personnel files of thirteen current and former Winn-Dixie employees.  Indeed, Visagent acknowledged its real interest is in the files of only four current and former Winn-Dixie employees.[3]

9.    Visagent moreover argued in its fifth motion to compel and at the hearing on that motion that it seeks the personnel files to determine why Daryl Mills and Ed Mieskoski were terminated (Visagent's fifth motion to compel, pages 8 through 14; and August 28, 2008 hearing transcript, Doc. 21289, pages 118 through 127).  Winn-Dixie has produced to Visagent the only documents from Messrs. Mills and Mieskoski's personnel files that relate to their separations.

10.    Winn-Dixie, like most employers, is sensitive about disclosure of its employees' personnel files.  The Court acknowledged in its last order

---

[3] Winn-Dixie has no record of ever employing two of the thirteen people for which Visagent seeks personnel files (David Mulcock and Justin Struther).

on this issue the case law regarding the "confidential and sensitive" nature of information in personnel files (Order, page 5).

11.    Winn-Dixie has produced the documents from the personnel files that are even arguably relevant.

WHEREFORE, Winn-Dixie respectfully consents to the Court's in camera inspection of the personnel files of Messrs. Barr, Mieskoski, Mills and Payment for the purpose of determining whether the files contain any information that may lead to the discovery of admissible evidence in this dispute, balancing Visagent's entitlement to discovery against the rights of privacy of these employees, and otherwise deny Visagent's ninth motion to compel.

SMITH HULSEY & BUSEY

By  */s/ Timothy R. Buskirk*
        Stephen D. Busey
        James A. Bolling
        Timothy R. Buskirk

Florida Bar Number 058314
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
tbuskirk@smithhulsey.com

Counsel for Reorganized Debtors

## Certificate of Service

I certify that a copy of the foregoing document was furnished electronically through the Court's CM/ECF electronic notification system to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, Post Office Box 395, Stuart, Florida 34995, this 13th day of August, 2009.


<i>/s/ Timothy R. Buskirk</i><br>Attorney

666153.1

EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,                    Case No.:  3:05-bk-03817-JAF

                        Debtors.                    Chapter 11

                                                    Jointly Administered

_____/

## ORDER DENYING VISAGENT CORPORATION'S FIFTH MOTION TO COMPEL

This case came before the Court upon Fifth Motion to Compel filed by Visagent Corporation ("Visagent"). The Court conducted a hearing on the matter on August 28, 2008. Upon a review of the pleadings and the argument of counsel, the Court finds it appropriate to deny the Motion.

On February 21, 2005 the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Visagent filed a claim, which was designated as Claim No. 9953, in July 2005. Visagent claims that Debtors breached an agreement which was entered into between it and the debtors on June 15, 2001. Under the terms of the agreement Debtors were obligated for three years to exclusively utilize the services of Visagent for the procurement and sale of all merchandise it acquired or sold through internet or similar electronic means, including any means utilizing facsimile, from and through the secondary market. The secondary market is comprised of all sources (buyers and sellers) of merchandise other than direct purchases and returns from original product manufacturers. Debtors objected to Visagent's claim, asserting that they did not breach a

duty to Visagent and that Visagent failed to adequately perform under the terms of the agreement.

On July 23, 2006 Visagent served upon Debtors its First Request for Production, Interrogatories, and Requests for Admissions. On August 25, 2006 Debtors served their Response to Visagent's First Request for Production of Documents and their Response to Visagent's First Set of Interrogatories. On May 3, 2007 Visagent filed its First Motion to Compel. The Court conducted a hearing on the matter on June 14, 2007. On June 21, 2007 the Court entered an order on Visagent's First Motion to Compel, which was thereafter amended by a corrected order dated July 30, 2007.

On April 18, 2007 Visagent served upon Debtors its Second Request for Production. On May 29, 2007 Visagent filed a Second Motion to Compel. The Second Motion to Compel alleged that Debtors had failed to produce all the documents sought by Visagent in the Second Request for Production. On November 20, 2007 Visagent filed a Third Motion to Compel. The Third Motion to Compel alleged that Debtors failed to comply with Rule 30 of the Federal Rules of Civil Procedure because their corporate representative, Tom Barr, was not prepared to answer certain questions in his deposition. On December 13, 2007 the Court conducted a hearing on Visagent's Second and Third Motions to Compel. On December 28, 2007 the Court entered an Order on Visagent's Second and Third Motions to Compel. The Court noted therein:

> In regards to its Second Motion to Compel, Visagent
> alleges that Debtors have failed to produce all the
> documents sought in their Second Request for Production.
> (Tr. pg. 8). In response, Debtors' counsel adamantly
> maintains that the Debtors have complied in full. (Tr. 10-
> 11, 16, 34, 42-43). Specifically, Debtors' counsel stated,
> "We've given them all the documents we're aware of in
> Winn-Dixie's possession – and we have conducted a very

2

> thorough search for those documents – and we've
> represented that to them. I don't know what else we can
> do." (Tr. 11). The Court accepts Debtors' representation
> that all documents they are aware of in their possession
> have been produced. However, the Court reserves the right
> to impose sanctions against the Debtors if it is discovered
> that they failed to produce all documents they were *aware*
> and in *possession* of at the time of the hearing, unless such
> documents are produced within thirty days of the date of
> this order. Additionally, if such documents are not
> produced within the above time frame, Debtors will be
> precluded from using the documents at trial.

The Order also noted that Debtors agreed to produce a corporate representative for

deposition concerning "[a]ll efforts taken by [Debtors] to locate and produce documents

responsive to Visagent's requests for production of documents to [Debtors] referenced in

Mr. David Gay's correspondence to Mr. Guy Rubin dated October 1, 2007". On

February 13, 2008 Visagent deposed Matthew Larsen of Deloitte Financial Advisory

Services, a senior manager in the electronic discovery department. Mr. Larsen serves as

a consultant to Debtors.

On May 16, 2008 Visagent filed its Fifth Motion to Compel. By the Fifth Motion

to Compel, Visagent seeks: 1) an order compelling Debtors to produce documents

responsive to Document Requests 4, 6, 7, and 8 of Visagent's Second Request for

Production; 2) an order compelling Debtors' corporate representative to answer

deposition questions; and 3) an award of attorney's fees and sanctions.

### Document Request 4

Document Request 4 seek the personnel files of all [of Debtors'] employees

assigned to the secondary market department, alternate source department, or any other

employee who was assigned to or has knowledge of the relationship or contract between

[Debtors] and Visagent. The request sets forth the names of a number of employees. Debtors objected to Request 4: 1) on the basis that it was overly broad and burdensome, 2) on the basis that it would not lead to the discovery of admissible evidence, and 3) to the extent that it sought information that was protected by the named individuals' rights to privacy under the Florida Constitution. Debtors indicated that subject to their objections, they would produce the personnel files of employees "having knowledge of the relationship or contract between [Debtors] and Visagent to the extent such files relate to Visagent and to the extent such documents are in Debtors' possession, custody or control."

At the August 28, 2008 hearing Debtors' counsel indicated that Debtors had reviewed the personnel files at issue and found nothing in the files relating to Visagent. (Tr. at 138.) Accordingly, Debtors did not produce the personnel files. Debtors' counsel also pointed out that during the three depositions, which Visagent conducted of former or current employees of Debtors, counsel for Visagent failed to ask if the terminations of certain employees were related to Visagent. Debtors assert that Visagent's counsel failed to lay a predicate by asking the deponents whether the terminations were related to Visagent. Debtors assert that Visagent has failed to show a need for the personnel files.

The Court in CAC-Ramsay Health Plans, Inc., 641 So.2d 434 (3rd Dist. Ct. App. 1994) dealt with the issue of discovery of employee records. In that case a former employee filed an employment discrimination against his employer alleging that he was wrongfully terminated on the basis of his race. He sought the production of files of all black and hispanic employees and the files of all employees who were fired or disciplined for a certain period. The court noted that "it [was] error for the trial court to order the

4

wholesale disclosure of personnel files containing confidential information of employees not related to the pending case." Id. at 435. Noting the confidential and sensitive nature of information contained within the files of people " not aware of the intrusion and not connected in any way to the transaction at issue", the court found that the plaintiff had failed to demonstrate that a necessity for the production of the employees' entire files outweighed the employees' interest in protecting the confidential information contained in the files. Id. quoting Federal Deposit Insurance Corp. v. Balkany, 564 So.2d 580, 581 (Fla. 3rd Dist. Ct. App. 1990). The court quashed the order by the trial court, which had compelled the production of the employee records. The court directed the trial court on remand to "fashion a more narrowly tailored discovery order ensuring [the plaintiff] access to the information to which he is entitled while safeguarding the present and former employees' privacy." Id. at 436. The court noted that the parties had agreed to narrower measures such as redaction of sensitive information, a confidentiality order or an in camera inspection. Id. The Court finds that Visagent, like the plaintiff in CAC-Ramsay Health Plans has failed to demonstrate the necessity, without first employing less invasive methods, of obtaining the entire personnel files. The Court directs Debtors and Visagent to agree to narrower measures such as redaction of sensitive information or a confidentiality order as to the information contained in the personnel files. If the parties are unable to reach an agreement as to narrower measures, the Court will conduct an in camera inspection of the personnel files upon request of either of the parties at which point the Court will make a determination as to whether any portions of the files shall be turned over to Visagent.

**Document Requests 6, 7 and 8**

With respect to Document requests 6, 7, and 8 counsel for Debtors reiterated at the hearing that Debtors have no documents responsive to those requests other than what they have already produced.[1] Accordingly, the Court will deny that portion of the Fifth Motion to Compel.

**Deposition of Corporate Representative**

Visagent objects to the manner in which Debtors are handling the depositions in this matter. Specifically, Visagent contends that during Mr. Larsen's deposition Debtors' counsel asserted inappropriate objections to privilege and asserted speaking objections, which suggest answers. Debtors produced Mr. Larsen as a Rule 30(b)(6) representative. Debtors assert that the idea behind Rule 30(b)(6) that a corporate entity can designate a person to testify on its behalf regarding facts known to the corporation is in tension with the fact that a party seeking discovery cannot ask the representative: 1) how they came to knowledge of those facts or 2) about conversations with counsel or the process through which the entity gathered the facts. Debtors point out that that process of investigation and collection is work product, which is protected by the work product doctrine, codified in paragraph (b)(3)(A) of Rule 26.

While relevant facts, including those communicated to counsel and those "discovered" by corporate counsel during an internal investigation, are discoverable, "the process by which a corporation 'accumulates' its knowledge-namely, an internal

---

[1] Counsel for Winn Dixie stated the following: "In response to Mr. Rubin's argument that he still hasn't received a response from us regarding whether or not we have any additional documents responsive to document requests 6, 7, and 8, I must not have made myself clear. On June 14, 2007 we stood here and told Mr. Rubin we had no additional documents. On December 13, 2007, we stood here and told Mr. Rubin we had no additional documents. And 15 minutes ago, I stood here and said that we have no additional documents responsive to document requests 4, 6, 7, and 8 consistent with our responses other than what we have produced today."

investigation-affords certain protections that can preclude the disclosure of confidential communications and documents created by and recollection of counsel as part of that investigation effort." In re Linerboard Antitrust Litigation, 237 F.R.D. 373, 380 (E.D. Pa. 2006). Upon a review of the excerpts of Mr. Larsen's deposition set forth in the Fifth Motion to Compel, the Court concludes that the information sought by Visagent constitutes work product and is precluded. Accordingly, the Court will deny the Fifth Motion to Compel to the extent it seeks to have the Court compel Mr. Larsen to answer certain questions posed during the deposition. Upon the foregoing, it is

**ORDERED:**

1.    Visagent's Fifth Motion to Compel is granted in part and denied in part.

2.    Debtors and Visagent are directed to agree to narrower measures such as redaction of sensitive information or a confidentiality order as to the information contained in the personnel files. If the parties are unable to reach an agreement as to narrower measures, the Court will conduct an in camera inspection of the personnel files upon request of either of the parties, at which point the Court will make a determination as to whether any portions of the files shall be turned over to Visagent.

3.    In all other respects the Motion is denied.

**DATED** November 3, 2008 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

**Copies to:**

Steven Busey, Attorney for Winn Dixie
Guy Rubin, Attorney for Visagent Corporation

EXHIBIT B

## James A. Bolling

| | |
|---|---|
| **From:** | Guy Rubin [grubin@rubinandrubin.com] |
| **Sent:** | Monday, May 11, 2009 3:18 PM |
| **To:** | James A. Bolling |
| **Cc:** | Gladys LaForge; Stephen D. Busey |
| **Subject:** | RE: Winn-Dixie/Visagent |

Jim,
We can agree to narrow the employee files to Barr, Mieskowski, Mills and Payment. I should have a response for you regarding WD's metadata production options later today or first thing tomorrow morning.  Please confirm we can proceed with the Gates deposition Wednesday at 10:30 a.m.
Guy

---

**From:** James A. Bolling [mailto:jbolling@smithhulsey.com]
**Sent:** Saturday, May 09, 2009 10:03 PM
**To:** Guy Rubin
**Cc:** Gladys LaForge
**Subject:** RE: Winn-Dixie/Visagent

Guy:
Kevin Gates responded to my e-mail this evening.  Mr. Gates is not available on Friday because he has a significant, involuntary personal conflict.  Mr. Gates is available anytime on Tuesday or Thursday.  At least by the time we talk on Monday afternoon, please let us know whether and when you can depose Mr. Gates on Tuesday or Wednesday.
Thanks,
Jim

---

**From:** James A. Bolling
**Sent:** Saturday, May 09, 2009 4:31 PM
**To:** 'Guy Rubin'
**Cc:** Gladys LaForge
**Subject:** RE: Winn-Dixie/Visagent

Guy:
I'll call you at 2:00 p.m. on Monday.  We are agreeable to producing Kevin Gates for the 30(b)(6) deposition about the Victory NTS system on Friday at 3:00 p.m., assuming Mr. Gates is available, which we'll confirm by the time of our telephone call on Monday.
Jim
(904) 359-7719

---

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Saturday, May 09, 2009 2:53 PM
**To:** James A. Bolling
**Cc:** Gladys LaForge
**Subject:** RE: Winn-Dixie/Visagent

I'm happy to discuss this when I get back in the office Monday afternoon. Please call me after 2 p.m. I never heard from you regarding the NTS 30(b) on Friday May 15 in the afternoon. Can we agree on that deposition?

From the desk of:
Guy Bennett Rubin, Esq.

---

**From:** James A. Bolling [mailto:jbolling@smithhulsey.com]
**Sent:** Saturday, May 09, 2009 11:53 AM
**To:** Guy Rubin
**Subject:** Winn-Dixie/Visagent

Guy:

To narrow the issues for this Wednesday's hearing, we should further discuss whether Visagent maintains some of the documents from your March 31 and May 5 productions in native format, and if so whether and when Visagent will produce those documents in their native format (with metadata).

I am available to discuss this today and tomorrow at your convenience. If we can reach an agreement on any of these issues, we would like to reduce the agreement to writing and submit it to the Court on Monday.

Please let me know your availability today and tomorrow to discuss.

Thanks,
Jim
(904) 359-7719

EXHIBIT C

## James A. Bolling

**From:** Guy Rubin [grubin@rubinandrubin.com]
**Sent:** Monday, June 08, 2009 9:04 AM
**To:** James A. Bolling
**Cc:** Gladys LaForge
**Subject:** RE: employee records

Jim,

Regarding the employee files as referenced below in your May 21 email, with all due respect, it is not your job to determine what part of the subject employee files are to be produced. The court directed us to try to work together to agree to narrow issues related to redaction of sensitive information or to agree to a confidentiality order. We have voluntarily narrowed the number of files we are seeking, and we have agreed to a confidentiality order and your redaction of certain personal employee information. Subject to these limitations by agreement, we expect to get all of the **complete** files of these WD employees.

If WD is unwilling to do this, we will request the in-camera inspection by the Court. Please let me know if WD will produce the complete files of Barr, Mills, Mieskowski and Payment with redaction of medical information and any other sensitive information, provided you submit a log as to the specific items and description of the redacted materials.

From the desk of:
Guy Bennett Rubin, Esq.

> **From:** James A. Bolling [mailto:jbolling@smithhulsey.com]
> **Sent:** Thursday, May 21, 2009 1:34 PM
> **To:** Guy Rubin
> **Cc:** Gladys LaForge
> **Subject:** RE: employee records
>
> Guy:
>
> I've reviewed the personnel files for Tom Barr, Daryl Mills, Philip Payment and Ed Mieskoski.
>
> None of the documents in the personnel files mention Visagent. There is one document in Tom Barr's file that mentions diverting, which we would agree to produce, pursuant to the protective order governing confidentiality.
>
> You had questioned what the changes were in Tom Barr's compensation from 2001 through 2004, and argue that this information is relevant to Mr. Barr's unsuccessful initiative to take Winn-Dixie diverting in-house. We would agree to produce Mr. Barr's W-2's for this period, pursuant to the protective order.
>
> You also argue that Daryl Mills' termination is relevant. The only document mentioning Mr. Mills' termination is a "Personnel Action Notice." The Notice states that Mr. Mills retired with pay and a severance package. We would agree to produce

the Notice, pursuant to the protective order.

Please let us know if the documents we would agree to produce from these files (redacting Social Security Numbers) will resolve the dispute over production of personnel files.  Upon reaching an agreement, we will e-mail the documents to you.

Jim
(904) 359-7719

---

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Wednesday, May 20, 2009 3:35 PM
**To:** James A. Bolling
**Cc:** Gladys LaForge
**Subject:** employee records

Jim,

I haven't received a response to my May 11th email to you narrowing the employee records we are seeking at this time.  You previously indicated that you thought we could agree on these issues. Please let me know if and when we can expect these documents.

Guy


From the desk of:

Guy Bennett Rubin, Esq.