UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

CASE NO.:   05-03817-BKC-JAF

IN RE:                                                                                CHAPTER 11

WINN-DIXIE STORES, INC *et al.*,

    Debtor.

_____/

## AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY

In accordance with 11 U.S.C. § 362(d), movant, ROBERTA NOLEN, ("Nolen"), by and through its undersigned counsel, files this Amended Motion for Relief From the Automatic Stay and respectfully represents as follows:

1.    Nolen is an unsecured creditor of Debtors, WINN-DIXIE STORES, INC. (the "Debtors"), in this bankruptcy action and brings this Motion for Leave from Automatic Stay ("Motion") pursuant to the provisions of Sections 362(d)(1) and (2) of the Bankruptcy Code.

2.    The Debtors are grocery and drug retailers that sell prescription and over-the-counter drugs, among other things.

3.    On or about June 2004, Nolen purchased 3 fluid ounces (90mL) of C.B. Fleet Company Inc. ("Fleet") Phospho-soda ("FPS") from a Winn-Dixie store in Okaloosa County, Florida in connection with a colonoscopy ordered by her physician. On or about June 20, 2004, Nolen used the FPS in accordance with the instructions promoted by Fleet to consumers and the medical community.

4.    Nolen subsequently began to experience illness and was diagnosed with chronic kidney disease. Nolen has suffered with chronic kidney insufficiency resulting in the loss of

kidney function, which causes her to suffer anxiety and have a decreased life expectancy.

5. As a result of the FPS purchased from the Debtors, Nolen has suffered bodily injury, severe physical pain, disability, mental anguish, loss of capacity for the enjoyment of life, and aggravation of pre-existing injuries and has incurred medical bills, hospitalization expenses, and nursing care treatment expenses.

6. Accordingly, on August 24, 2009 Nolen filed her Amended Complaint against Fleet and the Debtors in the First Judicial Circuit Court for Okaloosa County, Florida, Case No. 2009 CA 4009-C. In the Amended Complaint, Nolen demands judgment against Debtors, as a nominal defendant, up to the limits of any applicable insurance coverage rights and/or indemnification rights from Fleet.

7. Undersigned counsel has requested insurance coverage documentation from the Debtors' counsel and they have refused to provide same. Instead, Debtors' counsel has informed the undersigned that the Debtors are self-insured and that Nolen is not entitled to any excess insurance coverage of the Debtors. Nolen has requested declaratory relief from the Circuit Court seeking a determination of the Debtors' insurance coverage so that Nolen may obtain stay relief to seek a judgment against Debtors within those policy limits.

8. The Debtors have threatened that they will seek removal of the Circuit Court action to this Bankruptcy Court leaving Nolen no choice but to seek relief from the automatic stay in order to pursue her personal injury law suit against Fleet and the Debtors. **Nolen, however, does not seek any recovery from the Debtors or beyond the Debtors' insurance policy limits. Indeed, Nolen does not seek any recovery from *anyone* other than the Debtors' insurer and/or Fleet to the extent they have agreed to indemnify the Debtors for this type of claim.** Therefore, Nolen will not attempt to exercise its rights or collect against any

property of the Debtors' bankruptcy estates.

9. Accordingly, Nolen respectfully requests that this Court lift the automatic stay and enter an order providing that this bankruptcy case does not prevent Nolen from prosecuting her personal injury claims against the Debtors simply to recover against their insurer.

## ARGUMENT

10. Section 362(a) of the Bankruptcy Code imposes an automatic stay of all actions or proceeding against the debtor which are intended to obtain or take possession of property of the bankruptcy estate. Section 362(a) of the Bankruptcy Code does not, however, prevent actions in which the debtor is simply a nominal defendant permitting the plaintiff to recover from the debtor's insurance policy up to those policy limits. *See In re Jet Florida Systems, Inc.*, 883 F.2d 970, 976 (11th Cir. 1989) (affirming the district court holding that a plaintiff may proceed against the debtor simply in order to establish liability as a prerequisite to recover from another, an insurer, who may be liable.). Sections 362(d)(1) and (2) permit relief from the automatic stay (i) for cause, as shown herein, and (ii) to allow recovery of property in which the debtor does not have an equity, such as its insurance proceeds. Thus, Nolen's personal injury suit against the Debtors, for the recovery of insurance proceeds, should not be subject to the automatic stay and such case should be permitted to continue.

11. In addition, this Court has generally found that insurance proceeds are not property of the bankruptcy estate. *See also In re Scott Wetzel Services, Inc.*, 243 B.R. 802, 805 (Bankr. M.D. Fla. 1999) (standing for the proposition that because a debtor would have no right to the proceeds of liability insurance, such proceeds are not considered property of the bankruptcy estate and stay relief to allow a personal injury claimant to pursue an action against the debtor as a nominal defendant for the purpose of recovering under an insurance policy is

appropriate). In this case, the Debtors' liability policy is intended to defend and/or pay on the claims of third parties so that the Debtors would not otherwise be permitted to keep the proceeds that the insurer pays out. Applying the analysis above to this case establishes that those proceeds which may be used to pay on Nolen's claims are not property of the Debtors' estates.

11. Thus, while Nolen may not require stay relief to pursue the proceeds of Debtors' insurance policy, Nolen requests such relief so that she may continue the Circuit Court action against the Debtors which was stayed by this bankruptcy case.

## CONCLUSION

WHEREFORE, Nolen requests that the Court enter the Order Granting Relief From Stay, attached hereto as **Exhibit A**, to permit Nolen to pursue her personal injury claims against the Debtors solely for the purpose of determining liability to permit the recovery of insurance proceeds from the Debtors' insurer and granting such other and further relief as is just and necessary.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 2090-1

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Middle District of Florida.

Dated: August 27, 2009

Respectfully submitted,

JEFFERY D. DECARLO, P.A.
*Counsel for Movant, Roberta Nolen*
The Atrium
4500 Biscayne Boulevard, Suite 201
Miami, Florida 33137
Telephone: 305.572.0065
Facsimile: 305.604.9945

By: ____/s/ Jeffrey D. DeCarlo____
Jeffrey D. DeCarlo
Florida Bar No. 0056390
Email: jdecarlo7@gmail.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Amended Motion for Relief from the Automatic Stay has been served in accordance with Federal Rules of Bankruptcy Procedure 4001(a)(1) and 7004(b) as required by Federal Rule of Bankruptcy Procedure 9014 via Certified U.S. Mail to **Debtors** Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254-3699; **Office of the U.S. Trustee**, Elena L. Escamilla, Esq., United States Trustee, 135 W. Central Blvd. Suite 620, Orlando, FL 32806, elena.l.escamilla@usdoj.gov; **Counsel for Debtors**, Adam Ravin, Esq., Skadden Arps Slate Meagher & Flom, LLP, Four Times Square, New York, NY 10036, kgammill@smithhulsey.com, Christopher Barkas, Esq., Carr Allison, 305 South Gadsen Street, Tallahassee, FL 32301, cbarkas@carrallison.com and Leanne McKnight Prendergast, Esq., Smith Hulsey & Busey, 225 Water Street Suite 1800, Jacksonville, FL 32202, lprendergast@smithhulsey.com; and **Counsel for Committee of Unsecured Creditors**, Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, ddunne@milbank.com, John B. Macdonald, Esq., Akerman Senterfitt, 50 North Laura Street Suite 2500, Jacksonville, FL 32202, john.macdonald@akerman.com, on this 27th day of August, 2009.

/s/ Jeffrey D. DeCarlo
Jeffrey D. DeCarlo