**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | |
| | ) | |

**CLAIMANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT FOR FULL PAYMENT**

Claimant, Tonja S. Crump, moves this court to compel the Reorganized Debtor, Winn-Dixie Stores, Inc. and its affiliates, to comply with the Settlement Agreement dated June 17, 2008 as amended and adopted by this Court's Order dated June 17, 2008, to order Winn Dixie Stores, Inc. and its affiliates to pay Claimant, Tonja S. Crump, the remaining value under the Settlement Agreement and in support of her Motion Claimant states as follows:

I.  **INTRODUCTION**:

1. This Motion seeks to enforce the settlement agreement reached in the Reorganized Debtor, Winn-Dixie Stores, Inc's and its affiliates' Class 16 Other Unsecured Claim litigation while Winn Dixie Stores, Inc. is in Chapter 11 Bankruptcy (Case No. 05-03817-3F1).

2. Under the terms of the Settlement Agreement, Claimant, Tonja S. Crump, was to receive $90,000.00 worth of stock value. Claimant received approximately $53,380.00 worth of stock.

3. As a result of Winn Dixie Stores, Inc.'s and its affiliates' failure to fulfill its stock payment obligations, Claimant, Tonja S. Crump has not received $36,620.00 in stock payments that Winn-Dixie Stores, Inc. and its affiliates, were required to make.

II.    **BACKGROUND**:

4.    Claimant, Tonja S. Crump, began this lawsuit after suffering personal injuries in 2004. On or about November, 2006, Winn Dixie Stores, Inc. and its affiliates entered into Chapter 11 Bankruptcy before this Honorable Court. Accordingly, Winn Dixie Stores, Inc. and its affiliates entered into an approved Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and its affiliates, dated August 9, 2006. Subsequently, this Court approved the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326).

5.    Winn Dixie Stores, Inc. and its affiliates resolved the litigation with Claimant via a Settlement Agreement dated May 8, 2008. See Exhibit A attached hereto and incorporated herein. The Court approved the Agreement based upon the parties consent and the total cost of settlement being less than $250,000.00 as stated in the notice threshold established in the Claims Resolution Procedure and the Joint Plan of Reorganization of Winn-Dixie Stores, Inc., and Affiliated Debtors. This Court's Order approved and adopted the Settlement Agreement as an enforceable order of this Court. See Exhibit B attached hereto and incorporated hereof.

6.    The Settlement Agreement required Winn Dixie Stores, Inc. and its affiliates to collectively make a one-time, full payment of Winn-Dixie, Inc. stock valued at $90,000.00 to Claimant, Tonja S. Crump, in exchange for relinquishment of all future claims. (See Exhibit B).

III.    **VIOLATIONS BY WINN-DIXIE STORES, INC. AND AFFILIATES**:

7.    On July 7, 2008, 3,140.00 shares of Winn-Dixie common stock were issued to Claimant, Tonja S. Crump. See Exhibit C attached hereto and incorporated herein. The value of the stock at the close of the trading day was $17.00 a share for an approximate value of $53,380.00, a

value far below the agreed amount of $90,000.00 under the Settlement Agreement. See Exhibit D attached hereto and incorporated herein.

IV. **RIGHT TO RELIEF**:

8. This court retained jurisdiction to enforce the Settlement Agreement. The Agreement provided that the court retain jurisdiction of the action and the parties "to resolve any disputes arising from this Order." (See Exhibit B). "[E]ven absent the entry of a formal consent decree, if the district court either incorporates the terms of a settlement into its final order of dismissal or expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement. Its authority to do so clearly establishes a "judicially sanctioned change in the legal relationship of the parties," as required by *Buckhannon*, because the plaintiff thereafter may return to court to have the settlement enforced." *Am. Disability Ass'n v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002) (citing *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 605 (2001).

9. By disobeying the Order and failing to fulfill its obligations under the Settlement Agreement, Winn-Dixie Stores, Inc. and its affiliates have made it necessary for Claimant to involve the court to enforce the Settlement Agreement as provided for in the Order.

10. The payment Claimant received from Winn-Dixie Stores, Inc. and its affiliates was significantly smaller than it should have been. If Winn-Dixie Stores, Inc. and its affiliates had followed the terms of the Settlement Agreement, Claimant is entitled to the full value of stock in the amount of $90,000.00 under the terms of the Settlement Agreement.

WHEREFORE, Claimant, Tonja S. Crump prays that the court:

A. Declare Winn-Dixie Stores, Inc.'s and its affiliates' failure to allocate to Claimant, Tonya S. Crump, the correct value of stock under the Settlement Agreement as a breach of that Agreement and a violation of this Court's Orders;

B. Award Claimant, Tonja S. Crump, the remaining correct value of stock owed to her in the amount of $36,620.00.

C. Award Claimant damages caused by Winn-Dixie Stores, Inc.'s and its affiliates', breach of the Settlement Agreement;

D. Award such other and further relief as the Court deems meet and just.

WE HEREBY CERTIFY that on the 31st day of August, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being sent via U.S. mail this day to LEANNE McKNIGHT PRENDERGAST, ESQUIRE, Smith, Hulsey & Busey, Attorneys for Reorganized Debtors, 225 Water Street, Suite 1800, Jacksonville, Florida 32202.

LOUGHREN & DOYLE, P.A.
Attorneys for Claimant, TONJA CRUMP
506 S.E. 8th Street
Fort Lauderdale, FL 33316
TEL:   954-525-6006
FAX:   954-525-8012


By: __/Richard B. Doyle, Jr._____
        RICHARD B. DOYLE, JR.
        Florida Bar No.: 371440