**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,                    Case No.: 3:05-bk-03817-JAF

        Reorganized Debtors.                    Chapter 11

                                                                                  Jointly Administered

_____/

## ORDER GRANTING IN PART AND DENYING IN PART VISAGENT CORPORATION'S NINTH MOTION TO COMPEL REGARDING THE PRODUCTION OF PERSONNEL RECORDS PURSUANT TO THE COURT'S ORDER DATED NOVEMBER 4, 2008

This case came before the Court upon Visagent Corporation's Ninth Motion to Compel Regarding Production of Personnel Records Pursuant to the Court's Order Dated November 4, 2008 (the "Motion to Compel"). The Court conducted a hearing on the matter on August 19, 2009 at 10:30 a.m. By the Motion to Compel Visagent sought to have Debtors produce to the Court a number of employee files for an in camera inspection. The parties ultimately agreed that the employee files subject to an in camera inspection were those of Edmund J. Mieskoski, Thomas D. Barr, Philip H. Payment, and Daryl Mills. Visagent alleges that the contract, which is the subject of this litigation, was entered into between the parties on June 28, 2001. In an abundance of caution, the Court reviewed the documents in the personnel files dated January 2000 forward. The Court finds that anything prior to that date would not lead to the discovery of admissible evidence. The Court finds that the following documents may lead to the discovery of admissible evidence and will require that Winn Dixie, to the extent it has not already done so, turn them over to Visagent: 1) Mr. Mieskoski-V012340-V012341 and V012877-

V012882; 2) Mr. Barr-V012336-V012339; 3) Mr. Payment-V012333-V012335; and 4) Mr. Mills-V012342. It is

**ORDERED**:

1. Visagent Corporation's Ninth Motion to Compel Regarding Production of Personnel Records Pursuant to the Court's Order Dated November 4, 2008 is granted in part.

2. To the extent that it has not already done so, Winn-Dixie shall turn over the above listed documents to Visagent within ten days of the date of this Order.

3. In all other respects Visagent Corporation's Ninth Motion to Compel Regarding Production of Personnel Records Pursuant to the Court's Order Dated November 4, 2008 is denied.

**DATED** September 3, 2009 at Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge