UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et. al          Case No. 05-bk-03817-JAF
                                         Chapter 11
              Debtors.
_____/

**MOTION BY DAVID CLARK AND ANTOINETTE CLARK
FOR ORDER MODIFYING THE DISCHARGE INJUNCTION**
(Emergency Consideration Requested)

David Clark and Antoinette Clark (collectively, the "Clarks"), by and through their undersigned counsel, move for the immediate entry of an Order modifying the discharge injunction to allow the Clarks to assert (but not yet prosecute) claims against Winn-Dixie Stores, Inc. ("Winn-Dixie" or the "Debtors") in a civil action currently pending in the Tenth Judicial Circuit for the State of Florida in and for Polk County (the "State Court"). In support thereof, the Clarks state as follows:

**BACKGROUND**

1.      The Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005 (the "Petition Date") commencing the above-styled bankruptcy cases (the "Bankruptcy Cases").

2.      The Clarks have alleged that on or about November 11, 2005, Mr. Clark was severely injured while standing in front of a Winn-Dixie store in Lakeland, Florida (the "Store") when a car struck him and then crashed into the Store (the "Incident").

3.      As a result of the Incident, in November 2008, the Clarks brought a civil action against the owner and landlord of the Store, Lawrence Heard ("Heard"), in the

{00117342.DOC;4}                          1

State Court (Case No. 53-2008-CA-000477-0000-00) (the "Polk County Lawsuit"). A copy of the complaint initiating the Polk County Lawsuit is attached as **Exhibit "A."**

4. Through the course of discovery in the Polk County Lawsuit, the Clarks have more recently determined that Heard intends to assert that Winn-Dixie, and not Heard, was responsible for maintaining the area of the Store where the Incident occurred. As such, the Clarks now desire to add Winn-Dixie as an additional defendant to the Polk County Lawsuit.

5. The four (4) year statute of limitations associated with the Incident will apparently expire in a little over a month (in early November 2009). As such, counsel for the Clarks must file with the State Court (and serve on Winn-Dixie and other appropriate parties) an amended complaint naming Winn-Dixie as an additional defendant prior to the expiration of the statute of limitations to preserve the Clarks' claims against Winn-Dixie.

6. However, Winn-Dixie has asserted that the discharge and related injunctions under its confirmed Chapter 11 plan prohibit the Clarks from filing and serving the aforementioned amended complaint. While disagreeing with Winn-Dixie's position regarding the application of the discharge injunction in this case,[1] in an abundance of caution, the Clarks are currently seeking only a very narrowly tailored modification to the discharge and related injunctions.

7. Counsel for the Clarks and Winn-Dixie have been in discussions for several months attempting to resolve the matters set forth above. Although it seemed

---

[1] The Clarks filed a *Motion by David Clark and Antoinette Clark for Determination that Claims Have Not Been Discharged and Prosecution of Claims Are Not Enjoined by Plan Injunctions* (Doc. No. 22579) (the "Determination Motion"). However, counsel for Winn-Dixie has indicated its belief that the relief requested in the Determination Motion must be sought through an adversary proceeding. Although the Clarks do not necessarily agree with Winn-Dixie's position regarding the appropriate procedural context in which the relevant issues in this matter should be determined, in the interest of time the Clarks intend to "convert" the Determination Motion into an adversary complaint and file the same shortly.

Winn-Dixie and the Clarks were in general agreement regarding the nature of the limited relief requested in this Motion, counsel was unable to agree to the scope of "abatement" that was appropriate in the Polk County Lawsuit, especially with respect to matters involving Heard.

### RELIEF REQUESTED

8. By this Motion, the Clarks respectfully request that this Bankruptcy Court enter an Order, substantially similar to the attached **Exhibit "B"** to this Motion, modifying the discharge injunction to the limited extent necessary to permit the Clarks to file and serve an amended complaint naming Winn-Dixie as an additional defendant in the Polk County Lawsuit in order to preserve their claims in light of the impending statute of limitations deadline in early November 2009.

9. Should this Court permit the limited modification of the discharge injunction requested, the Clarks would acknowledge and agree that Winn-Dixie shall not be required to file or serve a responsive pleading or take any further action in the Polk County Lawsuit pending further order of this Bankruptcy Court adjudicating the scope and effect of Winn-Dixie's discharge pursuant to 11 U.S.C. §§ 524 and 1141 under the circumstances of this matter.

10. As reflected in the Certificate of Necessity filed in connection with this Motion, the Clarks seek the relief requested herein on an emergency basis to avoid the imminent and irreparable harm to the Clarks that would result if the statute of limitations (relating to their claims against Winn-Dixie) were to expire in early November 2009, while Winn-Dixie simultaneously asserts that the Clarks are prohibited from filing and serving the complaint in the Polk County Lawsuit that would preserve those claims. The

undersigned has conferred with bankruptcy counsel for Winn-Dixie on numerous occasions in an unsuccessful effort to resolve the matters raised in this Motion and the Determination Motion.

WHEREFORE, the Clarks respectfully request this Court enter an Order modifying the discharge injunction to permit the Clarks to file and serve an amended complaint in the Polk County Lawsuit naming Winn-Dixie Stores, Inc. as a defendant as described above, and for such further relief as the Court deems appropriate.

DATED this 22nd day of September, 2009.

>  */s/ Chad S. Bowen*
> Chad S. Bowen
> Florida Bar No. 0138290
> **JENNIS & BOWEN, P.L.**
> 400 N. Ashley Drive, Suite 2540
> Tampa, Florida  33602
> Telephone:  (813) 229-1700
> Facsimile:   (813) 229-1707
> Email: cbowen@jennisbowen.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by facsimile, electronic service and/or U.S. Mail, postage prepaid to **Leanne McKnight Prendergast,** Smith, Hulsey & Busey, 1800 Wachovia Bank Tower, 225 Water Street, Jacksonville, FL  32202 and **United States Trustee**, 501 E. Polk St., Ste. 1200, Tampa, FL 33602, Fax (813) 228-2303 and via the Court's CM/ECF system to those parties receiving CM/ECF service on this 22nd day of September, 2009.

> /s/  *Chad S. Bowen*
> Chad S. Bowen

EXHIBIT "A"

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR POLK COUNTY
CIVIL DIVISION

DAVID CLARK and his wife,
ANTOINETTE CLARK,

      Plaintiffs,                        CASE NO.:
                                        DIVISION:

vs.

                                        53-200 CA-00 -0000-00

LAWRENCE HEARD                 SEC.

      Defendant.

_____/

## COMPLAINT

Plaintiffs, DAVID CLARK and his wife, ANTOINETTE CLARK, by and through their undersigned counsel, sue Defendant, LAWRENCE HEARD, and allege:

1.     This Court has jurisdiction over the subject matter because this is an action for damages in excess of $15,000.

2.     This Court has personal jurisdiction over the Defendants because this cause of action arises out of the commission of a tortuous act in the State of Florida.

3.     Venue for this action is proper in Polk County, Florida, because the cause of action accrued in Polk County, Florida.

4.     On or about November 11, 2005, Defendant LAWRENCE HEARD was the owner of real property located in Polk County at 1305 Ariana Street in Lakeland, Florida (hereinafter "Defendant's premises").

5.     Also on or about November 11, 2005, the Plaintiff, DAVID CLARK, a resident of Hillsborough County, Florida, was struck by a car while standing outside the entrance of a Winn-Dixie grocery store located on Defendant's premises.

## **COUNT I**

Plaintiff, DAVID CLARK, hereby sues Defendant, LAWRENCE HEARD, and alleges as follows:

6. The allegations of paragraphs 1 through 5 are incorporated herein as though fully set forth at length.

7. Defendant, LAWRENCE HEARD, owed a duty to invitees on his premises to keep and maintain his premises in a reasonably safe condition, commensurate with the business and activities conducted thereon.

8. Defendant, LAWRENCE HEARD, breached that duty by failing to install bollards, guardrails, or other protective devices between the parking lot and building entrance.

9. As a direct, proximate, and foreseeable result of the above-described breach, Plaintiff, DAVID CLARK, an invitee of the Defendant, suffered bodily injury and resulting pain and suffering, mental pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical and nursing care and treatment. The losses are either permanent or continuing and Plaintiff, DAVID CLARK, will suffer the losses in the future.

WHEREFORE, Plaintiff, DAVID CLARK, demands judgment in excess of $15,000.00 for damages against the Defendant, LAWRENCE HEARD, plus costs and interest on that portion of the claim constituting liquidated damages and further demands a trial by jury.

## COUNT II

Plaintiff, ANTOINETTE CLARK, hereby sues Defendant, LAWRENCE HEARD, and alleges as follows:

10. The allegations of paragraphs 1 through 5 and 7 through 9 are incorporated herein as though fully set forth at length.

11. As a further, direct, foreseeable and proximate result of the breach of the duties owed to DAVID CLARK by LAWRENCE HEARD, Plaintiff, ANTOINETTE CLARK has suffered a loss of care, comfort, services, and consortium from her husband, DAVID CLARK, and she has been and will continue to be deprived of the services and consortium of her husband in the future.

WHEREFORE, Plaintiff, ANTOINETTE CLARK, demands judgment in excess of $15,000.00 for damages against the Defendant, LAWRENCE HEARD, plus costs and interest on that portion of the claim constituting liquidated damages and further demands a trial by jury.

/s/ Misha Bowen
MISHA BOWEN
Florida Bar No. 0169374
SWOPE, RODANTE P.A.
1234 East 5th Avenue
Tampa, Florida 33605
(813) 273-0017
(813) 223-3678
Attorneys for Plaintiffs

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et. al           Case No. 05-bk-03817-JAF
                                                                 Chapter 11
                     Debtors.
_____/

## ORDER GRANTING MOTION BY
## DAVID CLARK AND ANTOINETTE CLARK
## FOR ORDER MODIFYING THE DISCHARGE INJUNCTION

THIS CASE came before the Court on the *Motion by David Clark and Antoinette Clark for Order Modifying the Discharge Injunction* (Docket No. ___) (the "**Motion**"), filed by movants David Clark and Antoinette Clark (the "**Clarks**"). Through the Motion, the Clarks seek the entry of an Order modifying the discharge injunction to allow the Clarks to assert (but not yet prosecute) claims against Winn-Dixie Stores, Inc. ("**Winn-Dixie**" or "**Debtors**"), in a civil action currently pending in the Tenth Judicial Circuit for the State of Florida in and for Polk County (the "**State Court**"), under Case No. 53-2008-CA-000477-0000-00 (the "**Polk County Lawsuit**"). The Court, having reviewed the record and the Motion and the record, finds that the Motion should be **GRANTED**. Therefore, it is

**ORDERED:**

1. The permanent injunction imposed by 11 U.S.C. § 524 is modified for the sole purpose of authorizing the Clarks to file and serve an amended complaint asserting claims against Winn-Dixie in the Polk County Lawsuit; provided, however, that no further prosecution of the Polk County Lawsuit as to Debtors shall occur pending this Court's entry of an Order determining the scope and effect of Debtors' discharge

pursuant to 11 U.S.C. § 524 and the scope and effect of confirmation of Debtors' Plan of Reorganization pursuant to 11 U.S.C. § 1141.

2. Debtors shall not be required to file or serve a responsive pleading or take any further action in the Polk County Lawsuit pending further order of this Bankruptcy Court regarding the scope and effect of Debtors' discharge pursuant to 11 U.S.C. § 524 and the scope and effect of confirmation of Debtors' Plan of Reorganization pursuant to 11 U.S.C. § 1141.

3. Except as modified herein, the permanent injunction pursuant to 11 U.S.C. § 524 shall remain in full force and effect.

4. The Clarks shall notify the State Court that the Polk County Lawsuit against Winn-Dixie is subject to the permanent injunction of 11 U.S.C. § 524 to the extent set forth herein.

5. This Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of September, 2009, in Jacksonville, Florida.

                                              Jerry A. Funk
                                              United States Bankruptcy Judge

Copies to be served via CM/ECF