UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et. al                Case No. 05-bk-03817-JAF
                                               Chapter 11
        Debtors.
_____/

### CERTIFICATE OF NECESSITY AS TO
### MOTION BY DAVID CLARK AND ANTOINETTE CLARK
### FOR ORDER MODIFYING THE DISCHARGE INJUNCTION

I HEREBY CERTIFY, as a member of the Bar of this Court, that I have carefully examined the *Motion by David Clark and Antoinette Clark for Order Modifying the Discharge Injunction* (Doc. No. 22635 (the "Motion").

**I CERTIFY FURTHER** that there is a true necessity for an emergency hearing on the Motion. Specifically, a four (4) year statute of limitations associated with the Incident (as defined in the Motion) involved in this matter will expire in a little over a month (in early November 2009). As such, the Clarks need to file and serve an amended complaint naming Winn-Dixie as a defendant in the Polk County Lawsuit (as defined in the Motion). However, Winn-Dixie has asserted that by doing so the Clarks would be in violation of the discharge and related injunctions under the Debtors' confirmed Chapter 11 plan. As such, the Clarks require immediate relief to enable them to preserve their claims and rights. The undersigned has made diligent attempts over the past several weeks to resolve these matters through consultation with Winn-Dixie's counsel, to no avail.

{00118005.DOC;1}

To the best of my knowledge, information, and belief, formed after reasonable inquiry, all allegations are well grounded in fact and all contentions are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law can be made, that the matter under consideration is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation, and there was just cause to request consideration of the matter on an emergency basis.

I CERTIFY FURTHER that the necessity of an emergency hearing was not caused by any lack of due diligence on my part, but was brought about only by circumstances beyond my control or that of my client.

I CERTIFY FURTHER that the Motion and this Certification are filed with full understanding of Fed. R. Bankr. P. 9011 and the consequences of noncompliance with same.

DATED this 22nd day of September, 2009.

>*/s/ Chad S. Bowen*
>Chad S. Bowen
>Florida Bar No. 0138290
>**JENNIS & BOWEN, P.L.**
>400 N. Ashley Drive, Suite 2540
>Tampa, Florida  33602
>Telephone:  (813) 229-1700
>Facsimile:   (813) 229-1707
>Email: cbowen@jennisbowen.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by facsimile, electronic service and/or U.S. Mail, postage prepaid to **Leanne McKnight Prendergast,** Smith, Hulsey & Busey, 1800 Wachovia Bank Tower, 225 Water Street, Jacksonville, FL  32202 and **United States Trustee**, 501 E. Polk St., Ste. 1200, Tampa, FL 33602, Fax (813) 228-2303 and via the Court's CM/ECF system to those parties receiving CM/ECF service on this 22nd day of September, 2009.

                                                     /s/  *Chad S. Bowen*
                                                     Chad S. Bowen