UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                           Case No.: 05-03817-3F1

WINN-DIXIE STORES, INC, et a.,                   Chapter 11

**Debtors**                                      Jointly Administered
_____/

**Motion to Allow Late Filed Application for Payment of
Administrative Expense Claim of Eileen Matthias for Post-Petition
Personal Injury**

Eileen Matthias, (herein after "Applicant") by and through her undersigned counsel hereby submits this Motion to Allow Late Filed Application for Payment of Administrative Expense Claim of Eileen Matthias for Post-Petition Personal Injury and would state as follows:

PROCEDURAL BACKGROUND

1. On February 10, 2009, the undersigned filed a Motion for Leave to File Proof of <u>Claim</u> After Bar Date and Motion for Enlargement of Bar Date (Exhibit 1).

2. On April 21, 2009, counsel for the Debtor filed an Objection to the <u>Claim</u> of Eileen Matthias and Notice of Hearing for May 21, 2009.

3. Upon receipt of the Objection, the undersigned filed a registration form with the Court for e-filing (5/6/09). An electronic response was received on May 7, 2009, with a log-in ID and password.

4. On May 8, 2009, and May 9, 2009, the undersigned attempted to e-file a Response to the Objection and Application for Payment of Administrative Claim for Post Petition Personal Injury. Those attempts were unsuccessful

because of "non-access" and inability to link documents to a specific case (even though case was properly identified). Ms. Matthias's case was not on the scroll list of cases.

5. In an abundance of caution, the undersigned submitted the originals to the Court, which were in fact, received on May 11, 2009. However, the Court struck the Pleadings due to same not being electronically filed, and entered an Order to that effect on the same date (Exhibit 2).

6. On May 12, 2009, the undersigned reached the Court's technical support staff to determine why the link could not be established. That individual responded: "everyone has this problem because it is not readily available." Those directions were followed and we assumed the filing reached the Court, but we receive no notification, either confirming or denying the same. However, since that date, we have been receiving regular electronic notification of activity in the Master Case.

7. On, May 21, 2009, a hearing was held on the Debtor's Objection to the Claim, following which an Order was entered on that date sustaining the Objection, the same to be <u>without prejudice</u> to the Claimant's right to file a timely or untimely Administrative Expense Claim.

8. Immediately following the proceeding on May 21, 2009, the undersigned conferred with counsel for the Debtor, Allan E. Wulbern, Esquire who confirmed awareness of the filing of the Application for Payment of Administrative Expense Claim and directed the undersigned to the website, which again, was not accessible. Also, present was Michael Bellomo, Winn-Dixie Director of Property and Casualty Claims who acknowledged the existence of the Administrative Claim.

9. By incorporation herein, the undersigned submits the prior Motion to Enlarge Time to file Application for Administrative Expense, (Exhibit 3); the Memorandum in Support of the Motion with the Affidavits (Exhibit 4), and Application for the Payment of Administrative Claim for Post-Petition Personal Injury (Exhibits 5).

WHEREFORE, the based upon the foregoing along with the enclosed Exhibits, the Applicant Requests that the Court enter an Order granting the relief requested herein and such other relief as the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 22nd Day of September, 2009 to Leanne McKnight Prendergast, Smith, Husley and Busey, 225 Water Street, Suite 1800, P.O. Box 53315, Jacksonville, FL 32201.

Respectfully Submitted,

/s/ Richard H. Weisberg
Richard H. Weisberg, Esquire
Fl Bar No: 0207322
Weisberg & Bartolomeo, P.A.
2014 E. Robinson Street
Orlando, Florida 32801
407-835-9211

cc: Allan Sang, Esquire

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**In re:**

**WINN-DIXIE STORES, INC, et a.,**

**Debtors**

_____/

**Chapter 11**

**Case No.: 3:05-BK- 03817-JAF**

(Jointly Administered)

## EILEEN MATTHIAS' MOTION FOR LEAVE TO FILE PROOF OF CLAIM AFTER BAR DATE AND MOTION FOR ENLARGEMENT OF BAR DATE

COMES NOW the Petitioner, EILEEN MATTHIAS (hereinafter "MATTHIAS"), by and through her undersigned counsel and moves for leave to file an Amended Proof of Claim and Motion for Enlargement of Bar Date. In support of such motion, MATTHIAS further states and alleges as follows:

1. On or about June 15, 2005, Matthias was a business invitee of Winn Dixie store #2390. On such date, Mathias was injured at Winn-Dixie when a Winn-Dixie employee struck her with a metal cart causing her to twist and fall to the ground. The Winn-Dixie employees assisted Ms. Matthias to her feet and provided an electric to escort Matthias out of the store to get to her car.

2. On or about August 30, 2005, the lawyer that Matthias retained, Michael O'Brien of the O'Brien Law Group, P.A. advised the Winn-Dixie store of her claim for injuries.

3. In October of 2005, Matthias' attorney, Michael O'Brien passed away.

4. On or about January of 2006, the O'Brien Law Group, P.A. ceased to exist and a

Ex. 1

new firm was formed named O'Brien, Weisberg & Brooks. Matthias stayed as a client with this newly formed firm.

4. In December of 2007, O'Brien, Weisberg & Brooks, LLC, submitted a demand regarding the incident and injuries to Sedgwick Claims Management Services, Inc.

5. Counsel for Winn-Dixie has asserted that the company is in bankruptcy.

6. Counsel for Winn-Dixie alleges that it sent the Administrative Expense Claim Bar Date Notice to Matthias on or about December 18, 2006 at the following address: 7622 Forrest City Road, Apartment 4, Orlando, Florida 32802.

7. Counsel for Winn-Dixie states that it sent the Administrative Expense Claim Bar Date Notice to Michael O'Brien, the O'Brien Law Group on or about December 18, 2006.

8. Eileen Matthias did not receive the Administrative Expense Claim Bar Date Notice.

9. Counsel for Eileen Mathias did not receive the Administrative Expense Claim Bar Date Notice. (See Affidavit of Penni O'Brien attached as Exhibit 1)

Based on the foregoing reasons, the Petitioner, EILEEN MATTHIAS, moves the Court to allow for leave to file a Proof of Claim and moves for enlargement of the claim date.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to: Leanne McKnight Prendergast, Smith Hulsey & Busey, 225 Water Street, Suite 1800, P.O. Box 53315, Jacksonville, Florida 32201 on this 20th day of February, 2009.

Richard H. Weisberg
Florida Bar No. 0207322
O'BRIEN, WEISBERG & GORDON, P.A.
2014 East Robinson Street
Orlando, Florida 32803
Tel: (407) 835-9211
Fax: (407) 835-9212
E-mail: dick@owbllc.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO:   3:05-bk-3817
Chapter    11

IN RE:

**WINN-DIXIE STORES, INC.,**

<u>**Debtor(s)**</u>

<u>**ORDER STRIKING RESPONSE TO DEBTORS' OBJECTION TO CLAIM, MOTION TO ENLARGE TIME TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE CLAIM FOR POST-PETITION PERSONAL INJURY**</u>

The Court finds that the Response to Debtors' Objection to Claim, Motion to Enlarge Time to File Application for Administrative Expense Claim and Application for Payment of Administrative Claim for Post-Petition Personal Injury filed by Richard H. Weisberg on behalf of Eileen Matthias on May 11, 2009 were filed in paper form. On April 19, 2005, the Court entered an order requiring that all pleadings and other documents filed in this Chapter 11 case be electronically filed and all service on parties in interest appearing in this case shall be by electronic transmission only; and parties in interest filing pleadings and other documents in this case may rely on electronic transmission.

Accordingly, it is

**ORDERED**:

The Response to Debtors' Objection to Claim, Motion to Enlarge Time to File Application for Administrative Expense Claim and Application for Payment of Administrative Claim for Post-Petition Personal Injury filed by Richard H. Weisberg on behalf of Eileen Matthias on May 11, 2009 are stricken from the record.

DATED May 11, 2009, at Jacksonville, Florida.

Jerry A. Funk
**United States Bankruptcy Judge**

Copies to:
Richard H. Weisberg, Attorney for Eileen Matthias, 2014 East Robinson Street, Orlando, FL  32803
Leanne McKnight Prendergast, 225 Water Street, Suite 1800, Jacksonville, FL  32202

039323

Ex 2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC, et a.,

Debtors

_____/

Chapter 11

Case No.: 3:05-BK- 03817-JAF

(Jointly Administered)

## MOTION BY EILEEN MATTHIAS TO ENLARGE TIME TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM

COMES NOW the Applicant, EILEEN MATTHIAS, by and through her undersigned counsel and pursuant to Bankruptcy Rule 9006(b) moves the court for an order enlarging time to file this application for administrative expense and would show:

1. The Debtor filed Chapter 11 bankruptcy on February 21, 2005.

2. On or about June 15, 2005, Matthias was a business invitee of Winn-Dixie store #2390 and was injured as a result of the negligence of Winn-Dixie store employees.

3. Applicant is not required to file a claim because the injury occurred after Debtor filed this bankruptcy.

4. On or about August 30, 2005, the lawyer that Matthias retained, Michael O'Brien of the O'Brien Law Group, P.A. advised the Winn-Dixie store of her claim for injuries.

5. Sedgwick Claim Management Service, Inc. (Sedgwick) responded to the notice of the claim by Michael O'Brien by sending an acknowledgment of the claim on or


Ex 3

about September 12, 2005. An insurance disclosure was sent on the same date by Sedgwick.

6. On or about December 6, 2006, a notice was filed with the Court notifying interested parties of the deadline to file Application for Administrative Expense. The notice was not sent to the attorney for the Applicant or the Applicant.

7. In October of 2005, Matthias' attorney, Michael O'Brien passed away.

8. On or about January of 2006, the O'Brien Law Group, P.A. ceased to exist and a new firm was formed named O'Brien, Weisberg & Brooks. Matthias stayed as a client with this newly formed firm.

9. In December of 2007, O'Brien, Weisberg & Brooks, LLC, submitted a demand regarding the incident and injuries to Sedgwick Claims Management Services, Inc.

10. Counsel for Winn-Dixie alleges that it sent the Administrative Expense Claim Bar Date Notice to Matthias on or about December 18, 2006 at the following address: 7622 Forrest City Road, Apartment 4, Orlando, Florida 32802.

11. Counsel for Winn-Dixie states that it sent the Administrative Expense Claim Bar Date Notice to Michael O'Brien, the O'Brien Law Group on or about December 18, 2006.

12. Eileen Matthias did not receive the Administrative Expense Claim Bar Date Notice.

13. Counsel for Eileen Mathias did not receive the Administrative Expense Claim Bar Date Notice. (See Affidavit of Penni O'Brien attached as Exhibit 1 and Affidavit of Richard Weisberg attached hereto as Exhibit 2)

14. Because the Debtor, through Sedgwick, was aware of the Applicant's claim prior to the deadline, the Debtor will suffer no prejudice by granting of this Motion.

15. Simultaneous with filing of this motion, Applicant has filed an Application for Administrative Expense for Post-Petition Personal Injury.

WHEREFORE, the Applicant prays the Court to enter an order extending the time for her to file an Application for Administrative Expense for her personal injury claim until the time said application was actually filed, that is until May 11, 2009.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to: Leanne McKnight Prendergast, Smith Hulsey & Busey, 225 Water Street, Suite 1800, P.O. Box 53315, Jacksonville, Florida 32201 on this 7th day of May, 2009.

/s/ Richard H. Weisberg
Richard H. Weisberg
Florida Bar No. 0207322
O'BRIEN, WEISBERG & BROOKS, LLC
2014 East Robinson Street
Orlando, Florida 32803
Tel: (407) 835-9211
Fax: (407) 835-9212
E-mail: dick@owbllc.com

## MEMORANDUM IN SUPPORT OF MOTION

Petitioner asserts that neither she nor her counsel were aware of the Claim Bar Date such that it requests leave to file an Proof of Claim and enlarge the bar date. Eileen Matthias asserts that she did not receive a copy of the Administrative Expense Claim Bar Date Notice. At the time the notice was sent, Ms. Matthias was not living at the address listed in the attached Exhibit 3. Thus, Petitioner never had personal and direct knowledge of the bankruptcy filing of Winn-Dixie and the bar date.

Counsel for Petitioner asserts that it did not receive a copy of the Administrative Expense Claim Bar Date Notice. (See O'Brien affidavit attached as Exhibit 1) At the time that the Administrative Expense Claim Bar Date Notice was sent, it was sent to a law firm that was no longer in existence. The law firm had ceased to exist nearly one(1) year before the Administrative Expense Claim Bar Date Notice was sent. Mail directed to the O'Brien Law Group, P.A. was being forwarded to O'Brien, Weisberg & Brooks for approximately six months as the successor firm remained at the same location. However, most mail after approximately six months was not forwarded to O'Brien, Weisberg & Brooks. Petitioner asserts that this may explain why Petitioner's counsel did not receive the Administrative Expense Claim Bar Date Notice. Since neither Petitioner nor her counsel received the Administrative Expense Claim Bar Date Notice, Petitioner asserts that an enlargement of time for the bar date and leave to file a Proof of Claim should be allowed.

In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct 1483 (1993), the Court defined the issue of neglect in allowing the late filing of a claim. The Court stated that the following factors should be considered by the Court:

Ex 4

      a) whether granting delay with prejudice the debtor;

      b) the length of the delay and its impact on efficient court administration;

      c) whether the delay was beyond the reasonable control of the person whose duty it was to perform;

      d) whether the creditor acted in good faith.

Petitioner maintains that the granting of enlargement of the bar date will not prejudice Winn-Dixie and the length of the delay will not impact the court administration. As of the filing of this motion, Winn-Dixie's bankruptcy case status remains open. However, Winn-Dixie was insured for general liability matters at the time of the Matthias incident with ACE American Insurance Company. (Attached Exhibit 4) As you can see from the attached disclosure, Winn-Dixie had $1,500,000 in general liability coverage applicable to this matter. This coverage would be sufficient to cover the injuries and damages to Eileen Matthias. The pre-suit demand was made well within the insurance limits. Thus, Winn-Dixie itself would not be prejudiced by the delay as the insurance company would be responsible for the administering and possible payment of any settlement or judgment. Additionally, because ACE insurance would be responsible for payment of the claim within its limits of coverage, the length of the delay does not impact the court administration.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC, et a.,

Debtors

_____/

Chapter 11

Case No,: 3:05-BK- 03817-JAF

(Jointly Administered)

## AFFIDAVIT OF PENNI O'BRIEN

I, PENNI O'BRIEN, being first duly sworn do hereby state and attest to the following facts:

1. I am the paralegal for the law firm of O'Brien, Weisberg & Brooks, LLC. In my position as paralegal, I open all mail for the office and distribute it the appropriate staff and attorneys.

2. On behalf of Eileen Matthias, our firm submitted a demand regarding the incident and injuries to Sedgwick Claims Management Services, Inc.

3. In response to the demand, our office was informed by counsel for Winn-Dixie that the company is in bankruptcy.

5. Counsel for Winn-Dixie states that it sent the Administrative Expense Claim Bar Date Notice to Michael O'Brien, the O'Brien Law Group on or about December 18, 2006.

6. Michael O'Brien passed away in October of 2005.

7. The O'Brien Law Group ceased to exist in January of 2006 when the name was changed to O'Brien, Weisberg & Brooks, LLC.

8. I was the paralegal for the O'Brien Law Group.

9. Our office did not receive the the Administrative Expense Claim Bar Date Notice indicating that Winn-Dixie was in bankruptcy.

10. Our office was not made aware by any other means that Winn-Dixie was in bankruptcy.

FURTHER AFFIANT SAYETH NOT

_Penni O'Brien_

Date: 2-10-09

Sworn and subscribed to me this 10 day of February, 2009 by Penni O'Brien who is personally known to me.

_____
Notary Public
State of Florida

LYNN M. WEISBERG
Comm# DD0585046
Expires 8/18/2010
Florida Notary Assn., Inc

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC, et a.,

Debtors

_____/

Chapter 11

Case No,: 3:05-BK- 03817-JAF

(Jointly Administered)

## AFFIDAVIT OF RICHARD WEISBERG

I, RICHARD WEISBERG, being first duly sworn do hereby state and attest to the following facts:

1. I am over eighteen years of age and otherwise competent.

2. I am the attorney representing Eileen Matthias for personal injuries arising out of an incident occurring on June 15, 2005 at a Winn-Dixie Store in Orlando

3. On June 15, 2005, Matthias was a business invitee of Winn Dixie store #2390. On such date, Mathias was injured at Winn-Dixie when a Winn-Dixie employee struck her with a metal cart causing her to twist and fall to the ground. After the accident, Eileen Matthias continued complaints of frontal headaches, low back pain and numbness in the lateral part of her left knee. She was diagnosed with permanent injuries to the neck and back by Dr. James Shea.

4. On or about August 30, 2005, the lawyer that Matthias retained, Michael O'Brien of the O'Brien Law Group, P.A. advised the Winn-Dixie store of her claim for injuries. Mr. O'Brien passed away in October of 2005, and I assumed the

handling of this matter.

5. Sedgwick Claim Management Service, Inc. (Sedgwick) responded to the notice of the claim by Michael O'Brien by sending an acknowledgment of the claim on or about September 12, 2005. An insurance disclosure was sent on the same date by Sedgwick.

6. Further correspondence was directed to Sedgwick CMS on April 23, 2007. At no time during the eighteen (18) months between those two letters were either Ms. Matthias or the undersigned advised of the Debtor's Bankruptcy Petition.

7. In December of 2007, O'Brien, Weisberg & Brooks, LLC, submitted a demand for $80,000 on behalf of Eileen Matthias regarding the incident and injuries to Sedgwick Claims Management Services, Inc.

8. On January 2, 2008, Sedgwick CMS directed correspondence to the undersigned advising of the Debtor's emergence from Bankruptcy on November 21, 2006 and suggesting that any claim arising between the Petition Date and November 21, 2006 had to be submitted by January 5, 2007, and advising that the claim had expired for failure to file the Administrative Expense Claim.

9. Upon receipt of that correspondence, a letter was directed by the undersigned to Counsel for the Debtor advising lack of receipt of notification of any proceeding by Ms. Matthias or her counsel.

10. At no time prior to January 2, 2008 did I as the attorney for Eileen Matthias receive the notice mentioned for the first time in this correspondence. I have been informed by both Eileen Matthias and counsel for the Debtor that Ms. Matthias did not receive the notice.

11. All of the foregoing is based on my personal, first hand knowledge.

FURTHER AFFIANT SAYETH NOT

_(signature)_
Richard Weisberg

Date: 5-7-09

Sworn and subscribed to me this 7th day of May, 2009 by Richard Weisberg who is personally known to me.

_(signature)_
Notary Public
State of Florida

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC, et a.,

Debtors

_____/

Chapter 11

Case No.: 3:05-BK- 03817-JAF

(Jointly Administered)

## APPLICATION FOR PAYMENT OF ADMINISTRATIVE CLAIM FOR POST-PETITION PERSONAL INJURY

COMES NOW EILEEN MATTHIAS (hereinafter "Applicant"), by and through her undersigned counsel and seeks payment as an Administrative Claim for the Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C Section 503(b). Applicant requests an entry of an order allowing the administrative expense described herein and directing the payment of such amount pursuant to Order confirming the joint Plan of reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order) and the provisions of the Plan as confirmed. In support of such application, Applicant further states and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C Sections 157 and 1334. Venue is proper pursuant to 28 U.S.C. Section 157(b)(2).

### FACTUAL BACKGROUND

2   Winn-Dixie Stores, Inc., et al (hereinafter "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

Ex 5

3. After the Petition Date or on or about June 15, 2005, Applicant was injured at Winn-Dixie store number 2309 in Orlando, Florida. As a proximate result of her injury, Applicant has suffered severe economic and non-economic damages totaling more than $80,000. Such damages can be supported through medical records and other proof.

## APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate..." 11 U.S.C. Section 503(b). Personal injury claims arising from post-petition negligence caused by the Debtors are entitled to administrative expense status. *Reading Co. v. Brown*, 391 U.S. 471; *In re Piper Aircrfat Corp.* 169 B.R. 766 (Bankr. S.D. 1994).

5. In the present matter, Applicant's claim arose as a result of the business operations of one or more of the debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim in excess of $25,000 is entitled to administrative expense status under 11 U.S.C. Section 503(b), and applicant seeks the entry of an order awarding such status and directing the payment of said administrative expense claim.

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an Order granting the relief requested herein and such other relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to: Leanne McKnight Prendergast, Smith Hulsey & Busey, 225 Water Street, Suite 1800, P.O. Box 53315, Jacksonville, Florida 32201 on this 7th day of May, 2009.

Richard H. Weisberg
Florida Bar No. 0207322
O'BRIEN, WEISBERG & BROOKS, LLC
2014 East Robinson Street
Orlando, Florida 32803
Tel: (407) 835-9211
Fax: (407) 835-9212
E-mail: dick@owbllc.com