# CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement is entered into by and between Winn-Dixie Stores, Inc. a Florida corporation, and Visagent Corporation, a Florida Corporation [collectively, the parties].

## BACKGROUND FACTS

A.  Each of the parties is engaged in business and has entered into, or wishes to consider entering into, a business relationship with the other.

B.  For this purpose, each of the parties may wish to exchange with the other certain information which such party has determined to be confidential and valuable to its business.

C.  In order to permit the parties to exchange such information as may be desirable and in consideration of the mutual covenants expressed below, the parties agree as follows:

1. (a) As used in this Agreement, the term "Confidential Information" shall mean any information which is disclosed by one party (the "Disclosing Party") to the other (the "Receiving Party") in writing and designated as confidential, or which is disclosed orally and confirmed in a writing designated as confidential within thirty (30) days of its oral disclosure. The term also includes any material in any form prepared by or on behalf of the Receiving Party containing, or based upon, the Confidential Information. In the event of a visit by any individual on behalf of either party to an office or facility of the other, any information which becomes available by observation during such visit shall also be considered Confidential Information

   (b) Confidential Information shall not include:

   (i) information which is known to the Receiving Party at the time of disclosure pursuant to this agreement, or which, as shown by its records, is independently developed by the Receiving Party;

   (ii) information which is or comes into the public domain through no fault of the Receiving Party, and

   (iii) information which is acquired from a third party who had the legal right to make the disclosure to the Receiving Party.

2. The Receiving Party shall exercise the same standard of care to protect the confidentiality of the Confidential Information as it exercises to protect its own information that it considers confidential. The Receiving Party shall not use the Confidential Information for any purpose other than in furtherance of the actual or potential business relationship between the parties.

Multi-Purpose Confidentiality Agreement
Visagent/Winn Dixie Stores, Inc
Page 2 of 4

3. The Receiving Party shall only provide access to the Confidential Information to those of its employees, agents, and other representatives (the "Representatives"), and any related entities ("Affiliates") who need to know the Confidential Information and who are obligated to comply with this Agreement. The Receiving Party shall inform all such Representatives and Affiliates of their obligations under this Agreement and shall be liable for any breach of this Agreement by them. The Receiving Party shall promptly notify the Disclosing Party in writing of any disclosure of Confidential Information to an Affiliate. As used in this Agreement, "Affiliate" shall mean any person or entity which, through direct or indirect ownership of a majority of the voting stock or similar ownership interests therein, controls, is controlled by, or is under common control with, any party to this Agreement.

4. Neither party shall disclose to any third party that it is working with the other party without express written permission from the other and each party shall take all necessary steps and precautions to prevent any third party from gaining knowledge of their actual business relationship.

5. The Receiving Party shall indemnify and hold the Disclosing Party harmless from and against any and all losses, damages, suits, expenses (including, without limitation, reasonable attorneys' fees, paralegals' fees, investigation fees and costs) incurred in connection with any disclosure or use of the Confidential Information contrary to this Agreement provided that no party shall be liable for consequential or incidental damages.

6. All tangible forms of the Confidential Information, including, but not limited to, writings, disks, tapes, photographs, prototypes, samples, and models are the property of the Disclosing Party. Within sixty (60) days of written notification by the Disclosing party, the Receiving Party shall return to the Disclosing Party all such tangible forms incorporating Confidential Information in the Receiving Party's possession. One copy of any such tangible form of the Confidential Information may be retained by the Receiving Party's inside or outside counsel, or by a third party fiduciary on behalf of the Receiving Party, but only to enable the Receiving Party to ascertain its rights and obligations in the event of dispute under this Agreement.

7. Each of the parties hereto agrees that money damages may not be adequate remedy for any breach of this Agreement, and that in addition to all other remedies, the non-breaching party shall be entitled to specific performance of this Agreement and injunctive or other equitable relief, without surety, to prevent any breach or threatened breach hereof, but such relief shall be awarded by the court only upon a showing that the elements necessary to obtain the same under applicable law have been proved.

Multi-Purpose Confidentiality Agreement
Visagent/Winn Dixie Stores, Inc.
Page 3 of 4

8. In the event that this Agreement is executed in connection with a visit by an individual to an office or facility of one f the parties to this Agreement, the individual signing below acknowledges that he or she is a Representative of a Receiving Party and agrees to be bound by the provisions hereof.

9. No failure or delay by either party in exercising any right under this Agreement shall operate as a waiver thereof, nor shall any single or partial waiver operate to preclude any other or further exercise thereof or the exercise of any other right under this Agreement.

10. Each party acknowledges that the other party may be engaged in research and development and that it is possible that the same may lead to information similar or substantially similar to information disclosed pursuant to this Agreement. This Agreement is not intended to restrict the disclosure or use of any such information provided.

11. Except to the extent expressly provided in this Agreement or by applicable law, nothing in this Agreement is intended to transfer, restrict, or otherwise affect the respective copyright, patent, trademark, or other intellectual property rights of the parties to this Agreement in respect of any Confidential Information.

12. Neither party represents or warrants the accuracy or completeness of any Confidential Information.

13. Neither party shall be obligated by this Agreement to enter into any further agreement, nor shall any commitment, undertaking, or other obligation of any nature whatever be implied by this Agreement, unless and until a duly authorized written agreement has been executed and delivered by both parties to this Agreement.

14. Except for subsequent written agreements which make specific reference to this Agreement, this Agreement represents the only and entire agreement and understanding between the parties with respect to the subject matter of this Agreement, and supersedes all prior negotiations, representations, and agreements made by the parties with respect to the subject matter of this Agreement. This Agreement may be amended, superseded, or canceled only by a written instrument executed by each of the parties. No Representative of either party is authorized to modify or supersede this Agreement orally. In the event of a conflict between this Agreement and any other prior, contemporaneous, or subsequent agreement between the parties which does not make specific reference to this Agreement, this Agreement shall govern and control.

Multi-Purpose Confidentiality Agreement
Visagent/Winn Dixie Stores, Inc
Page 4 of 4

15. This Agreement shall be for a term that expires three (3) years after the last party to sign this Agreement executes the same.

16. Each party represents that the individual executing this Agreement on its behalf is properly authorized and empowered to do so.

    (Each party represents it has all requisite legal power and authority and has taken all action necessary or appropriate to enter into this agreement and that its representative executing this agreement is duly empowered to do so.)

17. Regardless of which party shall last sign this contract or where it shall be signed, this contract and all renewals and extensions thereof shall be deemed to have been made in Jacksonville, Florida, and the laws of Florida shall in all respects govern the validity, construction and enforcement of the contract and the rights and liabilities of the parties.

ABOVE AGREED TO AND ACCEPTED:

Visagent Corporation

Signed: _____
         I. Mark Rubin
         Chief Executive Officer
Date: 4/24/01


ABOVE AGREED TO AND ACCEPTED:

Winn-Dixie Stores, Inc.

By: _____
    Philip Payment
    Vice President, Central Procurement

Date: _____