UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

## **VISAGENT'S MEMORANDUM OF LAW ON BURDEN OF PROOF**

Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005. Visagent, an unsecured creditor, filed a claim on July 29, 2005, Claim No. 9953, in the sum of $131,875,000.00. In the Amended Notice of Claim, filed herein on July 23, 2006, Visagent contends Debtors materially and substantially breached a comprehensively negotiated Service Agreement entered into between the parties on June 15, 2001 with an effective date of June 28, 2001. In Debtors' Fourteenth Omnibus Objection to (A) Liability Claims and (B) No Liability Misclassified Claims, dated July 11, 2006, in Exhibit A, "No Liability Claims to be Disallowed," Debtors' stated their Objection to Visagent's claim as follows:

"NO LIABILITY ON ALLEGED BREACH OF SERVICE AGREEMENT AND RELATED THEORIES OF RECOVERY. CLAIMANT CONTENDS DEBTORS BREACHED EXCLUSIVITY PROVISION IN SERVICE AGREEMENT, ENTITLING IT TO 2% OF ALL DEBTOR'S PURCHASES DURING THE APPLICABLE PERIOD. CLAIM CONTAINS NO SUPPORTING DOCUMENTATION AND NO EXPLANANTION OF DAMAGE CALCULATION. DEBTORS ABIDED BY EXCLUSIVITY PROVISION AND THERE WERE NO OUTSTANDING CLAIMS WHEN

1

SERVICE AGREEMENT EXPIRED IN JUNE 2004. UPON TERMINATION OF RELATED USER AGREEMENT, CLAIMANT WAS REQUIRED, BUT FAILED TO RETURN $25,000 DEPOSIT. ACCORDINGLY, CLAIMANT OWES DEBTOR $25,000.

On July 26, 2006, Visagent filed an Amended Statement of Claim as follows:

"After many months of negotiation and the investment of substantial monetary and human capital by VISAGENT, a contract entitled SERVICE AGREEMENT was executed by both VISAGENT and WINN-DIXIE on June 15, 2001 with and effective date of June 28, 2001.

The term of the SERVICE AGREEMENT is three (3) years from the effective date. Under this agreement WINN-DIXIE was obligated to exclusively utilize the services of VISAGENT for the procurement and sale of all merchandise it acquired or sold, through the internet or similar electronic means, including any means utilizing facsimile, from and through the secondary market. This secondary market is comprised of all sources (buyers and sellers) of merchandise other than direct purchases and returns form original product manufacturers. Pursuant to the terms of the SERVICE AGREEMENT, VISAGENT was entitled to a fee of 2% of all WINN-DIXIE transactions processed through VISAGENT.

WINN-DIXIE also violated state and federal laws in connection with trade secrets and proprietary information belonging to VISAGENT. This claim is based upon the WINN-DIXIE Outside Sales Catalog program (OSC) developed specifically by VISAGENT for WINN-DIXIE. VISAGENT brought the OSC concept to WINN-DIXIE. VISAGENT used its contacts and relationships to introduce compatible trade partners to WINN-DIXIE to trade on a VISAGENT exchange or a custom designed trading platform managed by and through VISAGENT. WINN-DIXIE blatantly attempted to, and then did in fact build a business relationship with some or all of these introduced trading partners on their own by circumventing VISAGENT despite written and oral non-disclosure agreements protecting VISAGENT against such circumvention.

VISAGENT performed extensive services without compensation for WINN-DIXIE based upon promises that ALL Outside Sales Catalog business would be conducted by and through a VISAGENT Exchange. In reliance on said promises, VISAGENT developed a business model for WINN-DIXIE and trained its employees in this regard.

WINN-DIXIE intentionally, fraudulently or negligently encouraged and induced VISAGENT, through said promises, to continue to provide development, training and services toward the development of the OSC and other trading programs that would benefit WINN-DIXIE despite the fact that WINN-DIXIE actually had no intention to use the VISAGENT exchange as promised. WINN-DIXIE was actually perpetuating a scheme to usurp the business opportunities brought to it by VISAGENT, stealing advanced technical trading knowledge and industry know-how from VISAGENT without any intention of compensating VISAGENT. VISAGENT relied on these inducements to its detriment and suffered catastrophic damages as a result thereof."

On September 25, 2009, Claimant supplemented its claim with the filing of five written agreements between the parties in support of the claim, a copy of which is attached hereto as Exhibit 1. This document supplements the Amended Statement of Claim, with documents which have been in Debtors' possession since the inception of this matter, some of which have been the subject of numerous depositions. None of these documents are a surprise to Debtors.

11 U.S.C. § 502(a) and Bankruptcy Rule 3001(f) provide that the filing of a proof of claim in accordance with these rules constitutes prima facie evidence of the validity and amount of the claim. In re VTN, INC., 69 B.R. 1005, (Bankr., S.D. Fla., 1987); In re Brickell, 85 B.R. 164, (Bankr., S.D. Fla., 1988); In re Fleming, 258 B.R. 488 (Bankr., M.D. Fla., 2000). "Initially, the claimant must allege facts sufficient to support the claim. If

the averments in his filed claim meet this standard of sufficiency, it is 'prima facie' valid." In re Bertelt, 206 B.R. 587 at page 593 (Bankr., M.D. Fla., 1996). "[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward." In re Bertelt, supra at page 593. The burden of proof is an essential element of the claim itself, and the one who asserts the claim in bankruptcy is entitled to the burden of proof which normally comes with it.

Federal Rule of Bankruptcy Procedure 3007(a) provides that "an objection to the allowance of a claim shall be in writing and filed." Subsection (b) further states that "a party in interest shall not include a demand for relief if a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding." Interestingly, Debtors asserted an affirmative claim, but never requested that this matter become an adversary proceeding. The debtors' request should be stricken.

The prima facie showing of the validity and amount of a claim, which is made by the filing of a proof of claim, may be rebutted by the presentation of evidence by a party in interest. At a hearing on an objection to the proof of claim, the initial burden of going forward with the evidence is on the party which interposed the objection. In re Brown, 221 B.R. 46, (Bankr., S.D., Ga.,, 1998). The objecting party must produce evidence equivalent in probative value to that of the creditor to rebut the prima facie effect of a proof of claim. In re VTN, INC., supra at page 1008; In re Fleming, supra; In re Busch, 213 B.R. 390 (Bankr., M.D. Fla., 1997). "It is often said that the objector must produce evidence equal in force to the prima facie case." In re Bertelt, supra at page 593. There is a significant burden on the debtor and "an objection does not deprive a claim of its presumptive validity unless it is

4

supported by substantial evidence." In re Bertelt, supra at page 594. Only if the debtor meets the burden of responding to the creditor's properly filed claim by producing facts sufficient to demonstrate that an actual dispute exists does the burden shift back to the claimant. In re Fleming, supra; In re Gurley, 311 B.R. 910 (Bankr., M.D. Fla., 2001); In re Bean, 252 B.R. 570 (Bankr, M.D. Fla., 2000). Merely denying the claim's merit or amount or producing minimal evidence will not be sufficient to overcome the presumption of validity of the proof of claim.

If the objecting party rebuts the prima facie validity of the proof of claim, the claimant then bears the burden of persuasion to substantiate the validity and amount of the claim by a preponderance of the evidence. In re Fleming, supra at page 488; In re Gurley, supra at page 917; In re Arndt, 201 B.R. 853, (Bankr., M.D. Fla., 1996); In re Tomasevic, 275 B.R. 103 (Bankr., M.D. Fla., 2001).

In this matter, the Court has bifurcated liability and damages for the purposes of trial, with liability set to be tried at a bench trial during the week of February 8, 2010. Debtor has admitted that the Service Agreement was executed by its authorized representative, Philip Payment, a Vice President of the company. Debtor admits also that it never notified Visagent of any deficiency or breach by Visagent of the terms of the Service Agreement during the three year term of that contract.

Debtors' defense of liability on the Service Agreement claim is grounded upon fact-intensive affirmative defenses such as impossibility, impractability, breach by necessity and the like. Debtors apparently have other damages defenses and will attempt to limit damages exposure based upon language in the Service Agreement regarding the scope of the contract.

The scope arguments go to damages which is to be tried at a later date, and not to the liability trial which is the subject of this Memorandum.

Based upon the foregoing legal authority, Visagent asserts this Court should find that Visagent's claim, by virtue of the filing of the claim, the amended claim and the supplementation of the claim with supporting documentation is entitled to the presumption of validity, which must be overcome by Debtor by the production of evidence "equal in force to the prima facie case." In re Bertelt, supra at page 593-4. Only then, would the burden of proof shift back to Visagent, which would then be required to carry a burden of persuasion by a preponderance of the evidence. The objection must be "supported by substantial evidence." In re Bertelt, supra at page 594.

**CERTIFICATE OF SERVICE**

I certify that a true copy was sent via U.S. Mail and via electronic filing to counsel for the Debtor this 29th day of September, 2009.

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Attorney for Plaintiff

Copy furnished to:

Stephen D. Busey
**Smith Hulsey & Busey**
225 Water Street
Suite 1800
Jacksonville, FL 32202
Tel: (904) 359-7700
Fax: (904) 359-7708