## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## AFFIDAVIT OF ALLAN E. WULBERN

| | |
|---|---|
| STATE OF FLORIDA | ) |
| | ) |
| COUNTY OF DUVAL | ) |

Before me, the undersigned authority, this day personally appeared Allan E. Wulbern who being by me first duly sworn, deposes and says:

1.    I have personal knowledge of the facts below.

2.    On June 8, 2009, the Reorganized Debtors ("Winn-Dixie") served the interrogatories and request for production of documents on Harrison County, Mississippi (the "Discovery Requests") attached as Exhibits A and B, respectively, regarding Harrison County's Motion for Relief from Order Determining Tax Liabilities as to Harrison County, Mississippi (the "Motion for Relief"; Docket No. 11294).

3.    Because Harrison County did not respond to the Discovery Requests, on July 20, 2009, Winn-Dixie filed a motion to strike Harrison County's Motion for Relief (the "Motion to Strike"; Docket No. 22546).

4.     At the September 24 hearing on the Motion to Strike, this Court (i) found that Harrison County had waived its objections to the Discovery Requests, (ii) denied the Motion to Strike on the condition that Harrison County serve "complete responses (including documents)" to the Discovery Requests by September 30, 2009, and (iii) stated that if counsel for Winn-Dixie submitted an affidavit stating that Harrison County failed to serve Winn-Dixie with complete responses (including documents) by September 30, 2009, the Court would enter an Order granting the Motion to Strike. The Court's Order conditionally denying the Motion to Strike was entered on October 2, 2009 (the "Order"; Docket No. 22660).

5.     On September 29, 2009, David V. LaRosa, Sr., the Harrison County Tax Collector (the "Tax Collector"), served responses to the Discovery Requests attached as composite Exhibit C. The responses were incomplete because (i) the interrogatory responses were not signed by an officer of the County, as required by Rule 7033(b)(1)(B); (ii) the Tax Collector objected to the Discovery Requests based on the attorney/client and work product privileges, in spite of the fact that the County's rights to object were waived by its prior lack of timely responses; and (iii) the Tax Collector did not respond to Interrogatory No. 7.

6.     Rather than filing an affidavit with the Court regarding the incomplete responses, I sent the email attached as Exhibit D to Robert A. Heekin, Jr., counsel for Harrison County, identifying why the September 29 responses were incomplete and stating that if Harrison County did not serve *complete*

2

responses, *including documents*, by October 5, I would file an affidavit stating that Harrison County's responses to the Discovery Requests were incomplete.

7.     On October 5, the Tax Collector (not Harrison County) served the amended interrogatory responses attached as Exhibit E, which were again incomplete and did not include documents. The Tax Collector again objected to the interrogatories based on the attorney/client and work product privileges, and instead of answering Interrogatory No. 7, the Tax Collector purported to elect pursuant to Rule 7033(d) to produce documents "it intends to introduce at trial," but did not identify or include those documents.

8.     For the forgoing reasons, Harrison County did not serve Winn-Dixie with "complete responses (including documents)" to the Discovery Requests by September 30, or even by October 5, 2009.

_____
Allan E. Wulbern

Sworn to and subscribed before me this
6th day of October, 2009 by Allan E.
Wulbern who is personally known to me.

_Kimberly A. Starbuck_
Notary Public, State of Florida
My Commission Expires:

00673257

> KIMBERLY A. STARBUCK
> Commission DD 710561
> Expires December 29, 2011
> Bonded Thru Troy Fain Insurance 800-385-7019

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                        )       Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,      )       Chapter 11

            Reorganized Debtors.     )       Jointly Administered

_____ )

**WINN-DIXIE'S FIRST SET OF INTERROGATORIES TO
HARRISON COUNTY, MISSISSIPPI**

To:     Harrison County, Mississippi
       c/o Robert Altman, Esq.,
       Post Office Box 922,
       Palatka, Florida 32178-0922

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates

("Winn-Dixie"), pursuant to Rule 7033, Federal Rules of Bankruptcy Procedure,

propound the interrogatories set forth below on Harrison County, Mississippi.

SMITH HULSEY & BUSEY

By: _____
       Allan E. Wulbern
       Beau Bowin

Florida Bar No. 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie

Exhibit A

## Definitions and Instructions

For the purpose of these interrogatories, the following definitions apply:

A.     "Winn-Dixie" or "Debtors" means Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates.

B.     "Board of Supervisors," means the Harrison County Board of Supervisors, Harrison County Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

C.     "Tax Collector," means the Harrison County Tax Collector, Harrison County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

D.     "Harrison County" means Harrison County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

E.     "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, Harrison County and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

F.     "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, includes, without limitation, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, now or at any time in your possession, custody or control, including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

G.    "Objection to Claim" means the Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 9133).

H.    "Order" means the Order on Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 10162).

I.    "Motion" means the Motion for Relief from Order Determining Tax Liabilities as to Harrison County, Mississippi (Docket No. 11294).

J.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

K.    The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

L.    "Identify" means to set forth:

    1.    When used with reference to a person:

        a.    the person's full name;
        b.    the person's current or last known home and business addresses and telephone numbers; and
        c.    if employed, the name of the person's employer and the position held.

    2.    When used with reference to a corporation or other business entity:

        a.    its complete name;
        b.    its current mailing address; and
        c.    its current telephone number.

    3.    When used with reference to a document:

        a.    its subject matter;
        b.    its substance in summary form;

2

    c.    the identity of each person involved in preparing it; and

    d.    the identity of each person currently in possession of it.

4.    When used with reference to a tangible physical object:

    a.    the object's description;

    b.    the object's identification code, if any;

    c.    the object's make, model and year, if applicable;

    d.    the object's current location; and

    e.    the person to contact to arrange an inspection of the object.

5.    When used with reference to a statute:

    a.    the Title and Code under which the statute was enacted;

    b.    the section of the statute;

    c.    the subsection of the statute; and

    d.    the subparagraph(s) of the statute.

M.    "Person" means all natural persons and entities, including without limitation, corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus and boards.

N.    "State with specificity" or "describe with specificity" means to (i) state the substance of the facts supporting your response, (ii) identify documents supporting your response, and (iii) identify all witnesses who have knowledge or information supporting your response, listing the information or knowledge that each such witness possesses.

O.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

P.    The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing,

describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

Q.    In response to these interrogatories, you are required to disclose all information known to you, your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

R.    If you are unable to answer the attached interrogatories after conducting a reasonable investigation, so state and answer to the extent possible, further stating the information you cannot provide and the efforts made to obtain such information.

<u>Interrogatories</u>

1.    Identify all persons supplying any information used in preparing answers to these interrogatories and identify the interrogatory for which such information was supplied.

2.    When did the Tax Collector first notify the Board of Supervisors of the:

        a.    The Objection to Claim and

        b.    The Order.

5

3.    Please explain (i) how and (ii) when the Board of Supervisors first became aware of:

      a.    The Objection to Claim and

      b.    The Order.

4.    Who was the first person in the Board of Supervisors' office to become aware of:

      a.    The Objection to Claim and

      b.    The Order.

5.    When did the Board of Supervisors first consult with legal counsel regarding the:

      a.    The Objection to Claim and

      b.    The Order.

6.    When did the Tax Collector first consult with legal counsel regarding the:

      a.    The Objection to Claim and

      b.    The Order.

7.    Identify any communications between William P. Wexler, Esq., and (i) the Tax Collector, (ii) the County Supervisors or (iii) Harrison County regarding the Objection to Claim or the Order.  In responding to Interrogatory No. 7, include:

        a.    the date of the communication;

        b.    the method of the communication;

        c.    The parties to the communication;

        d.    the substance of the communication and

        e.    a description of any documents relating or referring to the communication.

Harrison County, Mississippi


By:_____

Its_____


STATE OF _____)
                                      )
COUNTY OF _____)


Before me, the undersigned authority, on this _____ day of _____, 2009, personally appeared _____ of the Board of Supervisors who is personally known to me or who has produced _____ as identification, and being first duly sworn, says that he/she is _____ of Harrison County, Mississippi, and, as such, is authorized to answer the foregoing interrogatories, and that he/she has read the foregoing answers to interrogatories and they are true and correct to the best of his/her knowledge and belief.


_____

NOTARY PUBLIC


_____

Please Print or Type Name

Commission Number:_____

My Commission Expires:

9

<u>Certificate of Service</u>

I certify that the original answers to interrogatories have been furnished by

_____ to Allan E. Wulbern, Esq. and Beau Bowin, Esq., Smith

Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on this

_____ day of June, 2009.

_____
Attorney

00652800

10

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:                                    )        Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,          )        Chapter 11

        Reorganized Debtors.              )        Jointly Administered

_____ )

## WINN-DIXIE'S REQUEST FOR PRODUCTION
## OF DOCUMENTS TO HARRISON COUNTY, MISSISSIPPI

Winn-Dixie Stores, Inc. and its affiliated debtors ("Winn-Dixie"), pursuant

to Rule 7034, Federal Rules of Bankruptcy Procedure, request Harrison County,

Mississippi to produce and permit counsel for Winn-Dixie to inspect and copy each

of the following items at the offices of Smith Hulsey & Busey, 225 Water Street,

Suite 1800, Jacksonville, Florida 32202, within 30 days of the date of service of this

request.

Exhibit B

## Definitions and Instructions

A.     "Winn-Dixie" or "Debtors" means Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates.

B.     "Board of Supervisors," means the Harrison County Board of Supervisors, Harrison County Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

C.     "Tax Collector," means the Harrison County Tax Collector, Harrison County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

D.     The "County" means Harrison County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

E.     "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, Harrison County and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

F.     "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, includes, without limitation, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded; now or at any time in your possession, custody or control, including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

G.     "Objection to Claim" means the Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 9133).

H.    "Order" means the Order on Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 10162).

I.    "Motion" means the Motion for Relief from Order Determining Tax Liabilities as to Harrison County, Mississippi (Docket No. 11294).

J.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

K.    The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, refuting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

L.    In response to this request, you are required to furnish all information and documents in your possession, custody or control, or in the possession, custody or control of your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

M.    Unless otherwise stated in a specific request, the documents relevant to these requests generally are those created, executed or developed during the 2004 through 2005 tax years.

N.    Pursuant to Rule 7026, Federal Rules of Bankruptcy Procedure, identify each document that you withheld from production under any claim of privilege or other immunity, and for each such document state:

1.    The date of the document;
2.    The author of the document;
3.    The identity of each person who received or was furnished a copy of the document;
4.    The subject matter of the document; and
5.    Each ground upon which the privilege is claimed.

3

## DOCUMENT REQUESTS

1.    All documents the County referred to in responding to the Interrogatories Winn-Dixie served with this Request for Production.

2.    All documents that indicate when the County first became aware of:

    (a)    The Objection to Claim

    (b)    The Order.

3.    All documents the indicate when the Board of Supervisors first became aware of:

    (a)    The Objection to Claim

    (b)    The Order.

4.    All documents relating or referring to any communications between (i) the Tax Collector, (ii) the Board of Supervisors, or (iii) the County and William P. Wexler, Esq., regarding the Objection to Claim or the Order.

4

<u>Certificate of Service</u>

I certify that a copy of the foregoing has been furnished by mail to Robert

C. Altman, Esq., Post Office Box 922 Palatka, Florida 32178-0922 this 8th day

of June, 2009.

_____

Allan E. Wulbern

00639344

5

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

HARRISON COUNTY, MISSISSIPPI
TAX COLLECTOR'S RESPONSES TO WINN-
DIXIE STORE, INC.'S FIRST SET OF INTERROGATORIES

Harrison County, Mississippi Tax Collector ("Harrison County") responds pursuant
to Rule 7033, Federal Rules of Bankruptcy Procedure, to the first set of interrogatories served
by Winn-Dixie Stores, Inc. ("Winn-Dixie"), as follows:

General Objections

Harrison County objects to the interrogatories to the extent that they seek attorney
work product or information otherwise protected from production by the attorney/client
privilege. In addition, Harrison County objects to Winn-Dixie's definitions and instructions
to the extent that they place obligations on Harrison County beyond those required under the
Federal Rules of Civil Procedure.

EXHIBIT C

<u>Response</u>

1.    Identify all persons supplying any information used in preparing answers to

these interrogatories and identify the interrogatory for which such information was supplied.

<u>Answer</u>:    **William P. Wessler, attorney**

2.    When did the Tax Collector first notify the Board of Supervisors of the:

a.    The Objection to Claim and

b.    The Order.

<u>Answer</u>:    **William P. Wessler met with the tax collector and tax assessor on August 30 or 31,2006 and advised of entry of the order.  On September 6, 2006 Wessler hand delivered a letter advising of the matter to Joe Meadows, attorney for the board of supervisors. On September 11, 2006 as per instructions from Meadows, Wessler met with the board at it's meeting in Biloxi , Mississippi.  After a discussion about the matter , the board authorized the retention of Attorney Richard Thames, whom Wessler had found and communicated with about the case over the previous few days , to represent the county and to seek relief from the order.**

3.    Please explain (i) how and (ii) when the Board of Supervisors first became

aware of:

a.    The Objection to Claim and

b.    The Order.

<u>Answer</u>:  **answered in # 2 above.**

4.    Who was the first person in the Board of Supervisors' office to become aware

of:

-2-

    a.    The Objection to Claim and

    b.    The Order.

        **Answer:**    **The board became aware of the matter on September 11, 2006 when it met with Wessler.**

5.    When did the Board of Supervisors first consult with legal counsel regarding the:

    a.    The Objection to Claim and

    b.    The Order.

**Answer:** September 11, 2006.

6.    When did the Tax Collector first consult with legal counsel regarding the:

    a.    The Objection to Claim and

    b.    The Order.

**Answer:** August 30 or 31, 2006.

7.    Identify any communications between William P. Wessler, Esq., and (i) the Tax Collector, (ii) the County Supervisors or (iii) Harrison County regarding the Objection to the Claim or the Order. In responding to Interrogatory No. 7, include:

    a.    the date of the communication;

    b.    the method of the communication;

    c.    the parties to the communication;

    d.    the substance of the communication;

-3-

e.    description of any documents relating or referring to the communication..

**Answer:**    **Harrison County objects to Interrogatory No. 7, inasmuch as it requests the identification of documents which are otherwise protected from production by the attorney/client privilege.**

## Acknowledgment

Before me, the undersigned authority, personally appeared William P. Wessler, who, being by me first duly sworn, deposes and says that the foregoing answers to interrogatories are true and correct.

*[signature: William P. Wessler]*

STATE OF MISSISSIPPI    )

COUNTY OF HARRISON    )

The foregoing instrument was acknowledged before me this 28th day of September, 2009 by William P. Wessler  who is personally known to me .

*[signature: Denise C. Root]*

Notary Public, State of Mississippi

Name: Denise C. Root

My Commission Expires:

My Commission Number is:

*[notary seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID# 46049 DENISE C ROOT, Commission Expires Sept. 18, 2012, HARRISON COUNTY]*

-4-

### Certificate of Service

I certify that a copy of the foregoing was furnished by hand delivery to Allan E. Wulbern, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on September 30, 2009.

**STUTSMAN THAMES & MARKEY, P.A.**

By_____
        Robert A. Heekin, Jr.

Florida Bar Number 0652083
50 North. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rah@stmlaw.net

Attorneys for Harrison County, Mississippi Tax Collector

75104

-6-

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |

### HARRISON COUNTY, MISSISSIPPI
### TAX COLLECTOR'S RESPONSE TO WINN-DIXIE
### STORE, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS

Harrison County, Mississippi Tax Collector ("Harrison County"), responds, pursuant to, Rule 7034, Federal Rules of Bankruptcy Procedure, to the Request for Production (the "Request") served by Debtor Winn-Dixie Stores, Inc. ("Winn-Dixie"), as follows:

### General Objections

Harrison County objects to the Request to the extent that it seeks attorney work product or information otherwise protected from production by the attorney/client privilege.

Harrison County objects to Winn-Dixie's Request to the extent that it places obligations on Harrison County beyond those required under the Federal Rules of Civil Procedure.

All documents to be produced will be made available for inspection and copying at the law offices of Stutsman Thames & Markey, P.A., 50 North Laura Street, Suite 1600, Jacksonville, Florida 32202 at a time mutually agreeable to the parties.

<u>Responses</u>

1.    All documents that the County referred to in responding to the Interrogatories

Winn-Dixie served with this Request for Production.

> **Response:    Harrison County will produce all documents in its possession, custody or control responsive to Request No. 1.**

2.    All documents that indicate when the County first became aware of:

(a)    The Objection to Claim

(b)    The Order.

> **Response:    Harrison County will produce all documents in its possession, custody or control responsive to Request No. 2.**

3.    All documents the indicate when the Board of Supervisors first became aware

of:

(a)    The Objection to Claim

(b)    The Order.

> **Response:    Harrison County will produce all documents in its possession, custody or control responsive to Request No. 3.**

4.    All documents relating or referring to any communications between (i) the

Tax Collector, (ii) the Board of Supervisors, or (iii) the County and William P. Wexler, Esq,

regarding the Objection to Claim or the Order.

**Response:**     Harrison County objects to Request No. 4 to the extent it
requires Harrison County to produce documents whicha
are protected by the attorney/client or work product
privilege.  To the extent Harrison county has documents
in its possession, custody or control responsive to Request
No.   4 which are not subject to the aforementioned
objection, it will produce same to Winn-Dixie.


STUTSMAN THAMES & MARKEY, P.A.


By_____
       Robert A. Heekin, Jr.

Florida Bar Number 0652083
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rah@stmlaw.net

Attorneys for Harrison County, Mississippi
Tax Collector

-3-

**<u>Certificate of Service</u>**

A copy of the foregoing was furnished by hand delivery to Allan E. Wulbern, Esq.,

Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on

September 30, 2009.


_____
                                        Attorney


75102

-4-

**Allan E. Wulbern**

**From:**    Allan E. Wulbern
**Sent:**    Wednesday, September 30, 2009 8:01 PM
**To:**      'Robert Heekin'
**Subject:** WD/Harrison County Tax Collector's Responses to Interrogatories and Request for Production

Rob,

We have reviewed the Harrison County Tax Collector's responses to our interrogatories and document requests and concluded that they are incomplete for the following reasons:

1.    The interrogatories and request for production were directed at Harrison County, however, the responses you served were from the Harrison County Tax Collector. Because Harrison County has not responded to the discovery requests, we have the immediate right to seek an order from the Court striking its Motion for Relief.

2.    The interrogatories were signed by an attorney representing the Harrison County Tax Collector, and not an officer or agent of the County. Rules 7033(b)(1)(B) and 7033(b)(5) require the interrogatories be signed under oath by an officer or agent of the County.

3.    Interrogatory No. 7 asked the County to indentify communications between Mr. Wessler and (i) the Tax Collector, (ii) the Board of Supervisors or (iii) Harrison County regarding the Fourth Omnibus Objection, or the Order on that Objection. The response was required to include:

   (a)   The date of the communication,
   (b)   The method of the communication
   (c)   The parties to the communication and
   (d)   The substance of the communication.

You objected to answering Interrogatory No. 7 on the grounds that a response would require Harrison County to disclose information protected by the attorney/client privilege. This objection is improper because (i) information sought by Interrogatory No. 7(a)-(c) is under no circumstance protected by the attorney/client privilege and (ii) Harrison County waived any right to assert a privilege when the County failed to timely respond to our discovery requests.

Unless we receive complete responses to our interrogatories and document requests by 5:00 on Monday, October 5, signed by an officer of the County, and which include documents and information requested, we will file the affidavit requested by the Court that stating that Harrison County's responses to the discovery requests were incomplete and ask the Court to strike Harrison County's motion for relief.

Allan

**EXHIBIT D**

10/5/2009

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

**HARRISON COUNTY, MISSISSIPPI
TAX COLLECTOR'S RESPONSES TO WINN-
<u>DIXIE STORE, INC.'S FIRST SET OF INTERROGATORIES</u>**

Harrison County, Mississippi Tax Collector ("Harrison County") responds pursuant to Rule 7033, Federal Rules of Bankruptcy Procedure, to the first set of interrogatories served by Winn-Dixie Stores, Inc. ("Winn-Dixie"), as follows:

<u>General Objections</u>

Harrison County objects to the interrogatories to the extent that they seek attorney work product or information otherwise protected from production by the attorney/client privilege. In addition, Harrison County objects to Winn-Dixie's definitions and instructions to the extent that they place obligations on Harrison County beyond those required under the Federal Rules of Civil Procedure.

**EXHIBIT E**

## Response

1.     Identify all persons supplying any information used in preparing answers to these interrogatories and identify the interrogatory for which such information was supplied.

**Answer:**    **William P. Wessler, attorney**

2.     When did the Tax Collector first notify the Board of Supervisors of the:

   a.     The Objection to Claim and

   b.     The Order.

**Answer:**    **William P. Wessler met with the tax collector and tax assessor on August 30 or 31,2006 and advised of entry of the order.  On September 6, 2006 Wessler hand delivered a letter advising of the matter to Joe Meadows, attorney for the board of supervisors. On September 11, 2006 as per instructions from Meadows, Wessler met with the board at it's meeting in Biloxi , Mississippi.  After a discussion about the matter , the board authorized the retention of Attorney Richard Thames, whom Wessler had found and communicated with about the case over the previous few days , to represent the county and to seek relief from the order.**

3.     Please explain (i) how and (ii) when the Board of Supervisors first became aware of:

   a.     The Objection to Claim and

   b.     The Order.

**Answer:  answered in # 2 above.**

4.     Who was the first person in the Board of Supervisors' office to become aware of:

-2-

  a.  The Objection to Claim and

  b.  The Order.

    **Answer:**  **The board became aware of the matter on September 11,2006 when it met with Wessler.**

5.  When did the Board of Supervisors first consult with legal counsel regarding the:

  a.  The Objection to Claim and

  b.  The Order.

**Answer: September 11,2006.**

6.  When did the Tax Collector first consult with legal counsel regarding the:

  a.  The Objection to Claim and

  b.  The Order.

**Answer: August 30 or 31, 2006.**

7.  Identify any communications between William P. Wessler, Esq., and (i) the Tax Collector, (ii) the County Supervisors or (iii) Harrison County regarding the Objection to the Claim or the Order. In responding to Interrogatory No. 7, include:

  a.  the date of the communication;

  b.  the method of the communication;

  c.  the parties to the communication;

  d.  the substance of the communication;

e.    description of any documents relating or referring to the communication.

**Answer:**    **Harrison County elects , pursuant to rule 7033(d) , Federal Rules of Bankruptcy Procedure , to produce the exhibits it intends to introduce at trial and from which the answers to this interrogatory may be derived as the burden of listing such documents is substantially the same for Harrison County as it is for Winn-Dixie.**

### Acknowledgment

Before me, the undersigned authority, personally appeared David V. Larosa ,Sr , who, being by me first duly sworn, deposes and says that the foregoing answers to interrogatories are true and correct.

_David V. LaRosa, Sr._
David V. Larosa ,Sr. Harrison County
Tax Collector

STATE OF MISSISSIPPI        )

COUNTY OF HARRISON        )

The foregoing instrument was acknowledged before me this _2nd_ day of October , 2009 by David V. Larosa ,Sr. who is personally known to me.

_Allison C. Ellis_
Notary Public, State of Mississippi

Name: _Allison C. Ellis_

(SEAL)
STATE OF MISSISSIPPI
ALLISON C. ELLIS
NOTARY PUBLIC
ID No. 58549
Commission Expires
February 9, 2012
HARRISON COUNTY

-4-

## Certificate of Service

I certify that a copy of the foregoing was furnished by hand delivery to Allan E. Wulbern, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on October ___5___, 2009.

**STUTSMAN THAMES & MARKEY, P.A.**

By_____

Robert A. Heekin, Jr.

Florida Bar Number 652083
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Attorneys for Harrison County, Mississippi
Tax Collector

75104