**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**AFFIDAVIT OF ROBERT A. HEEKIN, JR. IN**
**OPPOSITION TO AFFIDAVIT OF ALLAN E. WULBERN**

STATE OF FLORIDA    )
COUNTY OF DUVAL    )

Before me, the undersigned authority, personally appeared Robert A. Heekin, Jr. who, after being by me first duly sworn, deposes and says:

1. I have personal knowledge of the facts and statements contained herein.

2. On June 8, 2009, the Reorganized Debtors ("Winn-Dixie") served their first set of interrogatories and request for production of documents on Harrison County, Mississippi (the "Discovery Requests"), regarding Harrison County's Motion for Relief from Order Determining Tax Liabilities as to Harrison County, Mississippi (the "Motion for Relief"; Docket No. 11294).

3. On July 20, 2009, Winn-Dixie filed a motion to Strike Harrison County's Motion for Relief (the "Motion to Strike"; Docket No. 22546) claiming that Harrison County failed to timely respond to the Discovery Requests.

4. After hearing on the Motion to Strike, the Court entered an Order conditionally denying the Motion to Strike on October 2, 2009 (the "Order"; Docket No. 22660). The Order required that Harrison County provide Winn-Dixie by September 30, 2009 with complete responses (including documents) to the Interrogatories and Request for Production (the "Discovery Requests") served by the Debtors on June 8, 2009. The Order

does not state that Harrison County had waived its rights to object to the Discovery Requests or to assert the attorney-client privilege with respect to any item.

5. Harrison County complied with the Order by serving complete responses to the Discovery Requests on September 30, 2009. Notably, the responses were accompanied by all documents in Harrison County's possession which were responsive to the Discovery Requests.

6. In the evening hours of September 30, 2009 (8:02 p.m.), counsel for Winn-Dixie e-mailed the undersigned, and suggested that the responses to the Discovery Requests were incomplete because (i) they were executed by the attorney for the Harrison County Tax Collector, not from Harrison County, (ii) that the Harrison County Tax Collector was not an officer or agent of the County, and (iii) Harrison County had improperly objected to Interrogatory No. 7, which asked the County to identify communications between the Harrison County Tax Collector's attorney, William Wessler, Esq., and the Harrison County Tax Collector, the Harrison County Board of Supervisors, or Harrison County regarding Winn-Dixie's Fourth Omnibus Objection to the Tax Claims or the Order on that Objection. According to Mr. Wulbern, Harrison County "waived any right to assert a privilege" when it failed to timely respond to the Discovery Requests.

7. Although Harrison County does not believe that it waived its right to assert the attorney-client privilege or that the County Attorney's signature was not sufficient, it nonetheless revised the response to Interrogatory No. 7 by having the interrogatories signed and acknowledged by David V. LaRosa, Sr., the Harrison County Tax Collector, thus eliminating the issue. Harrison County further elected to produce all documents from which the responses to Interrogatory No. 7 can be determined, as is its right to do so under Rule 7033(d), Federal Rules of Bankruptcy Procedure. Those documents were included in the transmittal delivered to Winn-Dixie on September 30, 2009.

8. Pursuant to agreement between the undersigned and counsel for Winn-Dixie, the original revised responses to the interrogatories, executed by the Harrison County Tax Collector, who is an elected official of Harrison County, were provided to Winn-Dixie on October 5, 2009. A copy of this response is attached hereto as Exhibit A.

9. Contrary to Mr. Wulbern's affidavit, Harrison County is in full compliance with its discovery obligations and the Order and has also produced all documents it has in its possession or control responsive to the Discovery Requests, as it previously indicated to counsel for Winn-Dixie by telephone on September 30, 2009.

10. On October 7, 2009, without any effort by counsel for Winn-Dixie to confirm that the documents already produced by Harrison County to Winn-Dixie were the only documents it possessed responsive to the Discovery Requests, Winn-Dixie filed the Affidavit of Allan E. Wulbern, requesting the Court strike Harrison County's objections based on the following misstatements: (i) that the Court had found that Harrison County had waived its objections to the Discovery Requests; (ii) that an officer of Harrison County was required to sign the interrogatory responses; and (iii) that the Tax Collector did not respond to Interrogatory No. 7.

11. Mr. Wulbern's affidavit is blatantly false. Winn-Dixie is obviously trying to avoid trial on the merits of this claim by attempting to create false discovery disputes. Such "gamesmanship" is unprofessional and completely contrary to the spirit of cooperation which this Court has routinely endorsed.

FURTHER AFFIANT SAYETH NOT.

Robert A. Heekin, Jr.

## ACKNOWLEDGMENT

STATE OF FLORIDA    )

COUNTY OF DUVAL     )

The foregoing instrument was sworn to and acknowledged before me on October 7, 2009 by Robert A. Heekin, Jr., who is ☑ personally known to me or ☐ who has produced _____ as identification.

SHELLY DEESE
MY COMMISSION # DD 837562
EXPIRES: November 12, 2012
Bonded Thru Notary Public Underwriters

_____
Notary Public, State of Florida
Name:_____
My Commission Expires:_____
My Commission Number is:_____

-4-

## Certificate of Service

I hereby certify that, on October 7, 2009, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to the Office of the United States Trustee, 135 W. Central Boulevard, Room 620, Orlando, Florida 32280 and all parties who have consented to receiving electronic notifications in this case.

STUTSMAN THAMES & MARKEY, P.A.

By /s/ Robert A. Heekin, Jr.
Robert A. Heekin, Jr.

Florida Bar Number 0652083
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rah@stmlaw.net

Attorneys for Harrison County, Mississippi Tax Collector

75253