# EXHIBIT "A"

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

## HARRISON COUNTY, MISSISSIPPI
## TAX COLLECTOR'S RESPONSES TO WINN-
## DIXIE STORE, INC.'S FIRST SET OF INTERROGATORIES

Harrison County, Mississippi Tax Collector ("Harrison County") responds pursuant to Rule 7033, Federal Rules of Bankruptcy Procedure, to the first set of interrogatories served by Winn-Dixie Stores, Inc. ("Winn-Dixie"), as follows:

### General Objections

Harrison County objects to the interrogatories to the extent that they seek attorney work product or information otherwise protected from production by the attorney/client privilege. In addition, Harrison County objects to Winn-Dixie's definitions and instructions to the extent that they place obligations on Harrison County beyond those required under the Federal Rules of Civil Procedure.

## Response

1.  Identify all persons supplying any information used in preparing answers to these interrogatories and identify the interrogatory for which such information was supplied.

    **Answer:** **William P. Wessler, attorney**

2.  When did the Tax Collector first notify the Board of Supervisors of the:

    a.  The Objection to Claim and

    b.  The Order.

    **Answer:** **William P. Wessler met with the tax collector and tax assessor on August 30 or 31, 2006 and advised of entry of the order. On September 6, 2006 Wessler hand delivered a letter advising of the matter to Joe Meadows, attorney for the board of supervisors. On September 11, 2006 as per instructions from Meadows, Wessler met with the board at it's meeting in Biloxi, Mississippi. After a discussion about the matter, the board authorized the retention of Attorney Richard Thames, whom Wessler had found and communicated with about the case over the previous few days, to represent the county and to seek relief from the order.**

3.  Please explain (i) how and (ii) when the Board of Supervisors first became aware of:

    a.  The Objection to Claim and

    b.  The Order.

    **Answer:** **answered in # 2 above.**

4.  Who was the first person in the Board of Supervisors' office to become aware of:

      a.      The Objection to Claim and

      b.      The Order.

      **Answer:**    **The board became aware of the matter on September 11, 2006 when it met with Wessler.**

5.      When did the Board of Supervisors first consult with legal counsel regarding the:

      a.      The Objection to Claim and

      b.      The Order.

**Answer: September 11, 2006.**

6.      When did the Tax Collector first consult with legal counsel regarding the:

      a.      The Objection to Claim and

      b.      The Order.

**Answer: August 30 or 31, 2006.**

7.      Identify any communications between William P. Wessler, Esq., and (i) the Tax Collector, (ii) the County Supervisors or (iii) Harrison County regarding the Objection to the Claim or the Order. In responding to Interrogatory No. 7, include:

      a.      the date of the communication;

      b.      the method of the communication;

      c.      the parties to the communication;

      d.      the substance of the communication;

  e.  description of any documents relating or referring to the communication.

**Answer:**  **Harrison County elects, pursuant to rule 7033(d), Federal Rules of Bankruptcy Procedure, to produce the exhibits it intends to introduce at trial and from which the answers to this interrogatory may be derived as the burden of listing such documents is substantially the same for Harrison County as it is for Winn-Dixie.**

### Acknowledgment

Before me, the undersigned authority, personally appeared David V. Larosa, Sr, who, being by me first duly sworn, deposes and says that the foregoing answers to interrogatories are true and correct.

_____
David V. Larosa, Sr. Harrison County
Tax Collector

STATE OF MISSISSIPPI )

COUNTY OF HARRISON )

The foregoing instrument was acknowledged before me this 2nd day of October, 2009 by David V. Larosa, Sr. who is personally known to me.

[Notary Seal: STATE OF MISSISSIPPI, ALLISON C. ELLIS, NOTARY PUBLIC, ID No. 58549, Commission Expires February 9, 2012, HARRISON COUNTY]

_____
Notary Public, State of Mississippi

Name: Allison C. Ellis

## Certificate of Service

I certify that a copy of the foregoing was furnished by hand delivery to Allan E. Wulbern, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on October 5, 2009.

STUTSMAN THAMES & MARKEY, P.A.

By: _____
Robert A. Heekin, Jr.

Florida Bar Number 652083
50 North. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Attorneys for Harrison County, Mississippi Tax Collector

75104