UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., *et al*., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO STRIKE HARRISON
COUNTY'S MOTION FOR RELIEF FROM
ORDER DETERMINING TAX LIABILITIES**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, "Winn-Dixie") submits this memorandum of law in support of its Motion to Strike Harrison County, Mississippi's Motion for Relief from Order Determining Tax Liabilities as to Harrison County (Docket No. 22546).

**A.    The Record.**

1.    On June 8, 2009, Winn-Dixie served Harrison County, Mississippi with interrogatories (Exhibit A) and a request for production of documents (Exhibit B) (collectively the "Discovery Requests") regarding Harrison County's Motion for Relief from Order Determining Tax Liabilities (the "Motion for Relief"; Docket No. 11294).

2.    Because Harrison County did not respond to the Discovery Requests, Winn-Dixie filed on July 20 a motion to strike Harrison County's Motion for Relief (the "Motion to Strike"; Docket No. 22546).

3.    At the September 24 hearing on the Motion to Strike, this Court (i) denied the motion on the condition that Harrison County serve "complete responses (including documents)" to the Discovery Requests by September 30, 2009, and (ii) stated that if counsel for Winn-Dixie submitted an affidavit averring that Harrison County did not serve "complete responses (including documents)" by September 30, 2009, the Court would enter an Order granting the Motion to Strike. The Court's Order conditionally denying the Motion to Strike was entered on October 2, 2009.

4.    On September 29, 2009, David V. LaRosa, Sr., the Harrison County Tax Collector (the "Tax Collector"), served responses to the Discovery Requests attached as composite Exhibit C. The responses were incomplete because (i) the interrogatory responses were not signed by an officer of the County, as required by Rule 7033(b)(1)(B); (ii) the Tax Collector objected to the Discovery Requests based on the attorney/client and work product privileges, in spite of the fact that the County's rights to object were waived by its prior lack of timely responses; and (iii) the Tax Collector did not respond to Interrogatory No. 7.

5.    Rather than filing an affidavit with the Court reporting the incomplete responses, Allan Wulbern, counsel for Winn-Dixie, sent the email attached as Exhibit D to Robert A. Heekin, Jr., counsel for Harrison County, identifying why the September 29 responses were incomplete and stating that if Harrison County did not serve *complete* responses (including documents) by

October 5, Winn-Dixie would file an affidavit that Harrison County's responses to the Discovery Requests were incomplete.

6.      On October 5, the Tax Collector (not Harrison County) served the amended interrogatory responses (Exhibit E; the "Interrogatory Responses"), which were again incomplete and included no documents.  In the responses, the Tax Collector again objected to the interrogatories based on the attorney/client and work product privileges.  Further, instead of answering Interrogatory No. 7, the Tax Collector purported to elect pursuant to Rule 7033(d) to produce "the exhibits it intends to introduce at trial."  The responses did not identify or include those exhibits, claiming that the "burden for listing the documents" would be the same for Winn-Dixie and the Tax Collector:

Interrogatory No. 7:

Identify any communications between William P. Wessler, Esq., and (i) the Tax Collector, (ii) the County Supervisors or (iii) Harrison County regarding the Objection to Claim or the Order.  In responding to Interrogatory No. 7, include:

a.      the date of the communication;
b.      the method of the communication;
c.      the parties to the communication;
d.      the substance of the communication and
e.      a description of any documents relating or referring to the communication.

Answer:      Harrison County elects, pursuant to Rule 7033, Federal Rules of Bankruptcy Procedure, *to produce the exhibits it intends to introduce at trial and from which the answers to this interrogatory may be*

3

> *derived as the burden for listing such documents is substantially the same for Harrison County as it is for Winn-Dixie.*
>
> Tax Collector's Interrogatory Responses (emphasis added).

7.    According to the affidavit of Robert A. Heekin, Jr. (the "Heekin Affidavit"; Docket No. 22670), the Tax Collector transmitted to counsel for Winn-Dixie the *preceding* week, on September 30, the documents from which the information sought by Interrogatory No. 7 could be determined.  That September 30 production included only *five* documents, only one of which contains any information Winn-Dixie requested in Interrogatory No. 7.[1]

8.    Nevertheless, Harrison County still has not identified any "exhibits it intends to introduce at trial" referred to in the Interrogatory Responses—not on September 30, not on October 5, and not yet.

**B.    <u>Argument</u>.**

1.    *Harrison County did not identify the exhibits it intends to use at trial.*

Harrison County  did not—and has not—identified "the exhibits it intends to use at trial" referred to in its Interrogatory Responses.  For this reason alone, Harrison County did not give complete responses (including documents) to the

---

[1]   The one document is a September 6, 2006 letter from William P. Wessler to Hon. Joseph R. Meadows (the "Wessler"; Exhibit F).  The other four documents were an email, a facsimile cover page, an illegible newspaper clipping, and a facsimile receipt.  The answer to Interrogatory No. 7 cannot be ascertained from any of those documents.

Discovery Requests.  *See, e.g., Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1440 (D. Del. 1989) (finding that a party's failure to specify documents from which an interrogatory could be answered was "*equivalent to a failure to answer*" the interrogatory); *Blake Assoc., Inc. v. Omni Spectra, Inc.,* 118 F.R.D. 283, 289 (D. Mass. 1988) ("In its response to the twenty-ninth interrogatory, plaintiff merely states that … it will make available for examination by counsel documents responsive to this interrogatory. *This is patently insufficient.*"); and Wright & Miller, § 2178 ("[I]t is clear that a simple offer to produce unspecified responsive material *is not sufficient designation to satisfy [Rule 33(d)]*")  (emphasis added).

> 2.   *Interrogatory No. 7 does not place the kind of burden on Harrison County that is contemplated by Rule 7033(d).*

When a party is required "to engage in "burdensome and expensive research into [its] own business records" to answer an interrogatory, Rule 7033(d) allows that party to designate the records from which the answer to the interrogatory can be ascertained if the burden of ascertaining the answer would be the same for either party.  Rule 33, Fed. R. Civ. P., 1970 advisory committee's note.[2]  Rule 7033(d) provides in relevant part that:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including

---

[2]   Rule 7033 makes Rule 33, Federal Rules of Civil Procedure, applicable to discovery in bankruptcy adversary proceedings and contested matters.

electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could…

Rule 7033(d), Fed. R. Bankr. P.

Courts have found that Rule 33(d) is "*limited* to situations in which answering the interrogatory would impose a *significant* burden on the responding party."   Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d ("Wright & Miller") § 2178  (emphasis added; citing *Pascale v. G.D. Searle & Co.*, 90 F.R.D. 55 (D. R.I. 1981)).   In *Pascale*, the court found that before a party can invoke the option to designate business records in response to an interrogatory, there first has to be a burden of the kind contemplated by Rule 33(d):

Before determining whether the burden of deriving information from business records is substantially the same for both parties, the first question under Rule 33(c) is whether there exists a "burden" at all within the meaning of the rule.[3]  *An interrogated party can rely on Rule 33(c) only if there is some burden involved in compiling or extracting the requested information, above and beyond the simple task of referring to the records in order to answer the interrogatories*. … Answering interrogatories often

---

[3]  In 1993, Rule 33(c) was renumbered as Rule 33(d).

> requires the interrogated party to refer to written documents, particularly where the party is a corporate entity. If a party could invoke Rule 33(c) in every such case, by claiming that the "burden" of "deriving" the information from the records is substantially the same for both parties, discovery would be thwarted at every turn. *Referring to a document in order to answer an interrogatory is not the kind of burden contemplated by the rule.*

> *Pascale* at 60 (emphasis added).

Harrison County claims that the "burden of listing the documents" from which Winn-Dixie can ascertain the answer to Interrogatory No. 7 would be the same for Winn-Dixie as it would be for Harrison County.  That is *not* the kind of burden that allows a party to make a Rule 7033(d) election.  To the contrary, Rule 7033(d)(1) places *on the responding party,* the "burden" of:

> specifying the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could….

> Rule 7033(d)(1), Fed. R. Bankr. P.

Answering Interrogatory No. 7 would not "impose a significant burden" on Harrison County.  Wright & Miller, § 2178.  The information sought by Interrogatory No. 7 is limited and is the kind of information that Harrison County should be able to ascertain by reviewing its records and consulting with Mr. Wessler, the Tax Collector, the members of the Harrison County Board of Supervisors and other representatives from the County who are likely to have

communicated with Mr. Wessler about Winn-Dixie's motion to determine tax

liabilities and the Order on that motion.[4]

3.    *The burden of ascertaining the answer to Interrogatory No. 7 from the documents Harrison County produced is greater for Winn-Dixie than it is for Harrison County.*

To take advantage of Rule 7033(d), a party must show that "the burden of

deriving or ascertaining the answer is substantially the same for the party serving

as for the party served."  *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 351,

366 (N.D. Ill. 2006).   Harrison County cannot make that showing.  Winn-Dixie

was not a party to any of the communications referenced in the Wessler Letter, nor

was it privy to any other communications Wessler had with the Tax Collector, the

Board of Supervisors or the County.  In *Cleveland Const., Inc. v. Gilbane Bldg.

Co.*, 2006 WL 2167238 (E.D. Ky. 2006), the court found that where answers to

interrogatories are within the interrogated party's knowledge, it would be less

burdensome for the interrogated party to derive the answers to an interrogatory

from its business records than it would be for the party seeking the discovery:

> CCI's answers to Gilbane's Interrogatories are within
> CCI's own knowledge rather than Gilbane's
> knowledge. Therefore, the burden for CCI to derive
> the answers to Gilbane's Interrogatories in dispute

---

[4] Of the five documents that the Tax Collector produced, only the Wessler Letter offers a hint to a response to Interrogatory No. 7.  But all that can be gleaned from the Wessler Letter is that Mr. Wessler sent a letter to "Hon. Joseph R. Meadows" and Mr. Wessler previously spoke with the Tax Collector and "Tal Flurry" about the motion to determine tax liabilities and Order on that motion.  What cannot be determined from the letter is (i) the identity of Messrs. Meadows and Flurry, (ii) when Mr. Wessler spoke with the Tax Collector and Mr. Flurry, or (iii) what subsequent communications took place between Mr. Wessler and the Tax Collector, the Board of Supervisors or the County (the Wessler Letter invited a response from the County).  All of this information is necessary to answer Interrogatory No. 7.

from its business records is less than it would be for
Gilbane to do so.

*Id.* at *6.

Mr. Wessler's communications with the Tax Collector, the Board of Supervisors and the County are wholly within the personal knowledge of those parties, therefore the burden to derive the answer to Interrogatory No. 7 from the Wessler Letter is substantially greater (*if not impossible*) for Winn-Dixie than it is for Harrison County.

C.    **Conclusion.**

In the context of a motion to compel, "an evasive or incomplete disclosure answer or response *must be treated as a failure to disclose answer or respond*." Rule 7037(a)(4), Fed. R. Bankr. P. (emphasis added).  Because Harrison County (i) failed to identify "the exhibits it intends to introduce at trial," and (ii) made an unjustified election to designate documents to answer Interrogatory No. 7, Harrison County's "evasive" and "incomplete" answer "must be treated as a failure to answer or respond" to the interrogatory for the purposes of this Court's Order Conditionally Denying Winn-Dixie's Motion to Strike.[5]

---

[5]    Mr. Heekin, having been admonished by this Court at the hearing on the Motion to Strike for failing to (i) respond to Winn-Dixie's discovery request, (ii) file a response to the Motion to Strike, or (iii) inform counsel for Winn-Dixie or the Court that he would appear at the hearing, suggests counsel for Winn-Dixie is guilty of "gamesmanship."  Heekin Affidavit, para. 11. Mr. Heekin overlooks the record and the second chance that counsel for Winn-Dixie gave Harrison County.

WHEREFORE, Winn-Dixie renews its request that the Court enter an order (i) striking Harrison County's Motion for Relief and (ii) granting such further relief as the Court deems appropriate.

SMITH HULSEY & BUSEY


By:   */s/ Allan E. Wulbern*
      Stephen D. Busey
      Allan E. Wulbern

Florida Bar Number 175511
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for the Reorganized Debtors

<u>Certificate of Service</u>

I certify that a copy of the foregoing has been furnished via the CM/ECF electronic notification system to Robert A. Heekin, Jr., Esq., Stutsman, Thames and Markey, 50 North Laura Street, Suite 1600, Jacksonville, Florida 32202 and all parties in interest entitled to receive such notification this 14th day of October 2009.

<u>     /s/ <em>Allan E. Wulbern</em>     </u><br>
Attorney

674040