UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

### NOTICE OF SERVICE OF WINN-DIXIE'S FIRST SET OF
### INTERROGATORIES TO HARRISON COUNTY, MISSISSIPPI

I certify that the original and one copy of Winn-Dixie's First Set of Interrogatories to Harrison County, Mississippi are being furnished by mail to Harrison County, Mississippi, c/o Robert Altman, Esq., Post Office Box 922, Palatka, Florida 32178-0922, this _8th_ day of June, 2009.

SMITH HULSEY & BUSEY

By: _____
Allan E. Wulbern
Beau Bowin

Florida Bar No. 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie

**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## WINN-DIXIE'S FIRST SET OF INTERROGATORIES TO
## HARRISON COUNTY, MISSISSIPPI

To:     Harrison County, Mississippi
        c/o Robert Altman, Esq.,
        Post Office Box 922,
        Palatka, Florida 32178-0922

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates

("Winn-Dixie"), pursuant to Rule 7033, Federal Rules of Bankruptcy Procedure,

propound the interrogatories set forth below on Harrison County, Mississippi.

SMITH HULSEY & BUSEY

By: _____
        Allan E. Wulbern
        Beau Bowin

Florida Bar No. 175511
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie

<u>Definitions and Instructions</u>

For the purpose of these interrogatories, the following definitions apply:

A.     "Winn-Dixie" or "Debtors" means Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates.

B.     "Board of Supervisors," means the Harrison County Board of Supervisors, Harrison County Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

C.     "Tax Collector," means the Harrison County Tax Collector, Harrison County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

D.     "Harrison County" means Harrison County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

E.     "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, Harrison County and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

F.     "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, includes, without limitation, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, now or at any time in your possession, custody or control, including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

G.    "Objection to Claim" means the Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 9133).

H.    "Order" means the Order on Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 10162).

I.    "Motion" means the Motion for Relief from Order Determining Tax Liabilities as to Harrison County, Mississippi (Docket No. 11294).

J.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

K.    The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

L.    "Identify" means to set forth:

1.    When used with reference to a person:

a.    the person's full name;
b.    the person's current or last known home and business addresses and telephone numbers; and
c.    if employed, the name of the person's employer and the position held.

2.    When used with reference to a corporation or other business entity:

a.    its complete name;
b.    its current mailing address; and
c.    its current telephone number.

3.    When used with reference to a document:

a.    its subject matter;
b.    its substance in summary form;

2

  c. the identity of each person involved in preparing it; and

  d. the identity of each person currently in possession of it.

 4. When used with reference to a tangible physical object:

  a. the object's description;

  b. the object's identification code, if any;

  c. the object's make, model and year, if applicable;

  d. the object's current location; and

  e. the person to contact to arrange an inspection of the object.

 5. When used with reference to a statute:

  a. the Title and Code under which the statute was enacted;

  b. the section of the statute;

  c. the subsection of the statute; and

  d. the subparagraph(s) of the statute.

  M. "Person" means all natural persons and entities, including without limitation, corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus and boards.

  N. "State with specificity" or "describe with specificity" means to (i) state the substance of the facts supporting your response, (ii) identify documents supporting your response, and (iii) identify all witnesses who have knowledge or information supporting your response, listing the information or knowledge that each such witness possesses.

  O. The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

  P. The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing,

describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

Q.    In response to these interrogatories, you are required to disclose all information known to you, your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

R.    If you are unable to answer the attached interrogatories after conducting a reasonable investigation, so state and answer to the extent possible, further stating the information you cannot provide and the efforts made to obtain such information.

4

## Interrogatories

1.     Identify all persons supplying any information used in preparing answers to these interrogatories and identify the interrogatory for which such information was supplied.

2.     When did the Tax Collector first notify the Board of Supervisors of the:

      a.     The Objection to Claim and

      b.     The Order.

3.    Please explain (i) how and (ii) when the Board of Supervisors first became aware of:

      a.    The Objection to Claim and

      b.    The Order.

4.    Who was the first person in the Board of Supervisors' office to become aware of:

      a.    The Objection to Claim and

      b.    The Order.

5.    When did the Board of Supervisors first consult with legal counsel regarding the:

  a. The Objection to Claim and

  b. The Order.

6.    When did the Tax Collector first consult with legal counsel regarding the:

  a. The Objection to Claim and

  b. The Order.

7.    Identify any communications between William P. Wexler, Esq., and (i) the Tax Collector, (ii) the County Supervisors or (iii) Harrison County regarding the Objection to Claim or the Order.  In responding to Interrogatory No. 7, include:

        a.    the date of the communication;

        b.    the method of the communication;

        c.    The parties to the communication;

        d.    the substance of the communication and

        e.    a description of any documents relating or referring to the communication.

8

Harrison County, Mississippi

By:_____
Its_____

STATE OF _____ )
                       )
COUNTY OF _____ )

Before me, the undersigned authority, on this _____ day of _____,
2009, personally appeared _____ of the Board of Supervisors
who is personally known to me or who has produced _____
as identification, and being first duly sworn, says that he/she is _____
of Harrison County, Mississippi, and, as such, is authorized to answer the foregoing
interrogatories, and that he/she has read the foregoing answers to interrogatories and
they are true and correct to the best of his/her knowledge and belief.

_____
NOTARY PUBLIC

_____
Please Print or Type Name

Commission Number:_____

My Commission Expires:

9

<u>Certificate of Service</u>

I certify that the original answers to interrogatories have been furnished by

_____ to Allan E. Wulbern, Esq. and Beau Bowin, Esq., Smith

Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on this

_____ day of June, 2009.


_____
Attorney

00652800

10

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## WINN-DIXIE'S REQUEST FOR PRODUCTION
## OF DOCUMENTS TO HARRISON COUNTY, MISSISSIPPI

Winn-Dixie Stores, Inc. and its affiliated debtors ("Winn-Dixie"), pursuant to Rule 7034, Federal Rules of Bankruptcy Procedure, request Harrison County, Mississippi to produce and permit counsel for Winn-Dixie to inspect and copy each of the following items at the offices of Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, within 30 days of the date of service of this request.

## EXHIBIT B

<u>Definitions and Instructions</u>

A.      "Winn-Dixie" or "Debtors" means Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates.

B.      "Board of Supervisors," means the Harrison County Board of Supervisors, Harrison County Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

C.      "Tax Collector," means the Harrison County Tax Collector, Harrison County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

D.      The "County" means Harrison County, Mississippi, its departments, governmental units, divisions, agencies, agents, representatives, employees, officials or anyone acting on its behalf.

E.      "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, Harrison County and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

F.      "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, includes, without limitation, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, now or at any time in your possession, custody or control, including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

G.      "Objection to Claim" means the Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 9133).

2

H.    "Order" means the Order on Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 10162).

I.    "Motion" means the Motion for Relief from Order Determining Tax Liabilities as to Harrison County, Mississippi (Docket No. 11294).

J.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

K.    The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, refuting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

L.    In response to this request, you are required to furnish all information and documents in your possession, custody or control, or in the possession, custody or control of your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

M.    Unless otherwise stated in a specific request, the documents relevant to these requests generally are those created, executed or developed during the 2004 through 2005 tax years.

N.    Pursuant to Rule 7026, Federal Rules of Bankruptcy Procedure, identify each document that you withheld from production under any claim of privilege or other immunity, and for each such document state:

1.    The date of the document;
2.    The author of the document;
3.    The identity of each person who received or was furnished a copy of the document;
4.    The subject matter of the document; and
5.    Each ground upon which the privilege is claimed.

3

## DOCUMENT REQUESTS

1.      All documents the County referred to in responding to the Interrogatories Winn-Dixie served with this Request for Production.


2.      All documents that indicate when the County first became aware of:

   (a)      The Objection to Claim

   (b)      The Order.


3.      All documents the indicate when the Board of Supervisors first became aware of:

   (a)      The Objection to Claim

   (b)      The Order.


4.      All documents relating or referring to any communications between (i) the Tax Collector, (ii) the Board of Supervisors, or (iii) the County and William P. Wexler, Esq., regarding the Objection to Claim or the Order.

## Certificate of Service

I certify that a copy of the foregoing has been furnished by mail to Robert

C. Altman, Esq., Post Office Box 922 Palatka, Florida 32178-0922 this _____ day

of June, 2009.

_____
Allan E. Wulbern

00639344

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

HARRISON COUNTY, MISSISSIPPI
TAX COLLECTOR'S RESPONSES TO WINN-
DIXIE STORE, INC.'S FIRST SET OF INTERROGATORIES

Harrison County, Mississippi Tax Collector ("Harrison County") responds pursuant

to Rule 7033, Federal Rules of Bankruptcy Procedure, to the first set of interrogatories served

by Winn-Dixie Stores, Inc. ("Winn-Dixie"), as follows:

General Objections

Harrison County objects to the interrogatories to the extent that they seek attorney

work product or information otherwise protected from production by the attorney/client

privilege. In addition, Harrison County objects to Winn-Dixie's definitions and instructions

to the extent that they place obligations on Harrison County beyond those required under the

Federal Rules of Civil Procedure.

EXHIBIT C

## Response

1.  Identify all persons supplying any information used in preparing answers to these interrogatories and identify the interrogatory for which such information was supplied.

**Answer:**  William P. Wessler, attorney

2.  When did the Tax Collector first notify the Board of Supervisors of the:

    a.  The Objection to Claim and

    b.  The Order.

**Answer:**  William P. Wessler met with the tax collector and tax assessor on August 30 or 31,2006 and advised of entry of the order.  On September 6, 2006 Wessler hand delivered a letter advising of the matter to Joe Meadows, attorney for the board of supervisors. On September 11, 2006 as per instructions from Meadows, Wessler met with the board at it's meeting in Biloxi , Mississippi.  After a discussion about the matter , the board authorized the retention of Attorney Richard Thames, whom Wessler had found and communicated with about the case over the previous few days , to represent the county and to seek relief from the order.

3.  Please explain (i) how and (ii) when the Board of Supervisors first became aware of:

    a.  The Objection to Claim and

    b.  The Order.

**Answer:**  answered in # 2 above.

4.  Who was the first person in the Board of Supervisors' office to become aware of:

-2-

a.    The Objection to Claim and

b.    The Order.

>    Answer:    The board became aware of the matter on
>    September 11, 2006 when it met with Wessler.

5.    When did the Board of Supervisors first consult with legal counsel regarding

the:

a.    The Objection to Claim and

b.    The Order.

Answer: September 11, 2006.

6.    When did the Tax Collector first consult with legal counsel regarding the:

a.    The Objection to Claim and

b.    The Order.

Answer: August 30 or 31, 2006.


7.    Identify any communications between William P. Wessler, Esq., and (i) the

Tax Collector, (ii) the County Supervisors or (iii) Harrison County regarding the Objection

to the Claim or the Order.  In responding to Interrogatory No. 7, include:

a.    the date of the communication;

b.    the method of the communication;

c.    the parties to the communication;

d.    the substance of the communication;

-3-

e.     description of any documents relating or referring to the communication..

Answer:     Harrison County objects to Interrogatory No. 7, inasmuch as it requests the identification of documents which are otherwise protected from production by the attorney/client privilege.

### Acknowledgment

Before me, the undersigned authority, personally appeared William P. Wessler, who, being by me first duly sworn, deposes and says that the foregoing answers to interrogatories are true and correct.

_William P. Wessler_

STATE OF MISSISSIPPI       )

COUNTY OF HARRISON     )

The foregoing instrument was acknowledged before me this 25th day of September, 2009 by William P. Wessler  who is personally known to me .

_Denise C. Root_
Notary Public, State of Mississippi

Name: Denise C. Root

My Commission Expires:

My Commission Number is:

ID# 46049
DENISE D ROOT
Commission Expires
Sept. 18, 2012

-4-

<u>**Certificate of Service**</u>

I certify that a copy of the foregoing was furnished by hand delivery to Allan E. Wulbern, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on September 30, 2009.

STUTSMAN THAMES & MARKEY, P.A.

By_____
        Robert A. Heekin, Jr.

Florida Bar Number 0652083
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rah@stmlaw.net

Attorneys for Harrison County, Mississippi
Tax Collector

75104

-6-

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |

HARRISON COUNTY, MISSISSIPPI
TAX COLLECTOR'S RESPONSE TO WINN-DIXIE
STORE, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS

Harrison County, Mississippi Tax Collector ("Harrison County"), responds, pursuant

to, Rule 7034, Federal Rules of Bankruptcy Procedure, to the Request for Production (the

"Request") served by Debtor Winn-Dixie Stores, Inc. ("Winn-Dixie"), as follows:

General Objections

Harrison County objects to the Request to the extent that it seeks attorney work

product or information otherwise protected from production by the attorney/client privilege.

Harrison County objects to Winn-Dixie's Request to the extent that it places

obligations on Harrison County beyond those required under the Federal Rules of Civil

Procedure.

All documents to be produced will be made available for inspection and copying at

the law offices of Stutsman Thames & Markey, P.A., 50 North Laura Street, Suite 1600,

Jacksonville, Florida 32202 at a time mutually agreeable to the parties.

## Responses

1.    All documents that the County referred to in responding to the Interrogatories Winn-Dixie served with this Request for Production.

> **Response:**    **Harrison County will produce all documents in its possession, custody or control responsive to Request No. 1.**

2.    All documents that indicate when the County first became aware of:

   (a)    The Objection to Claim

   (b)    The Order.

> **Response:**    **Harrison County will produce all documents in its possession, custody or control responsive to Request No. 2.**

3.    All documents the indicate when the Board of Supervisors first became aware of:

   (a)    The Objection to Claim

   (b)    The Order.

> **Response:**    **Harrison County will produce all documents in its possession, custody or control responsive to Request No. 3.**

4.    All documents relating or referring to any communications between (i) the Tax Collector, (ii) the Board of Supervisors, or (iii) the County and William P. Wexler, Esq, regarding the Objection to Claim or the Order.

**Response:**    Harrison County objects to Request No. 4 to the extent it requires Harrison County to produce documents whicha are protected by the attorney/client or work product privilege. To the extent Harrison county has documents in its possession, custody or control responsive to Request No. 4 which are not subject to the aforementioned objection, it will produce same to Winn-Dixie.

STUTSMAN THAMES & MARKEY, P.A.

By _____
        Robert A. Heekin, Jr.

Florida Bar Number 0652083
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rah@stmlaw.net

Attorneys for Harrison County, Mississippi
Tax Collector

-3-

<u>Certificate of Service</u>

A copy of the foregoing was furnished by hand delivery to Allan E. Wulbern, Esq.,

Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on

September 30, 2009.

_____
Attorney

75102

-4-

## Allan E. Wulbern

**From:**    Allan E. Wulbern
**Sent:**    Wednesday, September 30, 2009 8:01 PM
**To:**    'Robert Heekin'
**Subject:** WD/Harrison County Tax Collector's Responses to Interrogatories and Request for Production

Rob,

We have reviewed the Harrison County Tax Collector's responses to our interrogatories and document requests and concluded that they are incomplete for the following reasons:

1.   The interrogatories and request for production were directed at Harrison County, however, the responses you served were from the Harrison County Tax Collector.  Because Harrison County has not responded to the discovery requests, we have the immediate right to seek an order from the Court striking its Motion for Relief.

2.   The interrogatories were signed by an attorney representing the Harrison County Tax Collector, and not an officer or agent of the County.  Rules 7033(b)(1)(B) and 7033(b)(5) require the interrogatories be signed under oath by an officer or agent of the County.

3.   Interrogatory No. 7 asked the County to indentify communications between Mr. Wessler and (i) the Tax Collector, (ii) the Board of Supervisors or (iii) Harrison County regarding the Fourth Omnibus Objection, or the Order on that Objection.  The response was required to include:

   (a)   The date of the communication,
   (b)   The method of the communication
   (c)   The parties to the communication and
   (d)   The substance of the communication.

You objected to answering Interrogatory No. 7 on the grounds that a response would require Harrison County to disclose information protected by the attorney/client privilege. This objection is improper because (i) information sought by Interrogatory No. 7(a)-(c) is under no circumstance protected by the attorney/client privilege and (ii) Harrison County waived any right to assert a privilege when the County failed to timely respond to our discovery requests.

Unless we receive complete responses to our interrogatories and document requests by 5:00 on Monday, October 5, signed by an officer of the County, and which include documents and information requested, we will file the affidavit requested by the Court that stating that Harrison County's responses to the discovery requests were incomplete and ask the Court to strike Harrison County's motion for relief.

Allan

**EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

HARRISON COUNTY, MISSISSIPPI
TAX COLLECTOR'S RESPONSES TO WINN-
DIXIE STORE, INC.'S FIRST SET OF INTERROGATORIES

Harrison County, Mississippi Tax Collector ("Harrison County") responds pursuant to Rule 7033, Federal Rules of Bankruptcy Procedure, to the first set of interrogatories served by Winn-Dixie Stores, Inc. ("Winn-Dixie"), as follows:

General Objections

Harrison County objects to the interrogatories to the extent that they seek attorney work product or information otherwise protected from production by the attorney/client privilege. In addition, Harrison County objects to Winn-Dixie's definitions and instructions to the extent that they place obligations on Harrison County beyond those required under the Federal Rules of Civil Procedure.

EXHIBIT E

<u>Response</u>

1.     Identify all persons supplying any information used in preparing answers to these interrogatories and identify the interrogatory for which such information was supplied.

<u>Answer:</u>     **William P. Wessler, attorney**

2.     When did the Tax Collector first notify the Board of Supervisors of the:

     a.     The Objection to Claim and

     b.     The Order.

<u>Answer:</u>     **William P. Wessler met with the tax collector and tax assessor on August 30 or 31,2006 and advised of entry of the order. On September 6, 2006 Wessler hand delivered a letter advising of the matter to Joe Meadows, attorney for the board of supervisors. On September 11, 2006 as per instructions from Meadows, Wessler met with the board at it's meeting in Biloxi , Mississippi. After a discussion about the matter , the board authorized the retention of Attorney Richard Thames, whom Wessler had found and communicated with about the case over the previous few days , to represent the county and to seek relief from the order.**

3.     Please explain (i) how and (ii) when the Board of Supervisors first became aware of:

     a.     The Objection to Claim and

     b.     The Order.

<u>Answer:</u> **answered in # 2 above.**

4.     Who was the first person in the Board of Supervisors' office to become aware of:

a.    The Objection to Claim and

b.    The Order.

> **Answer:**    **The board became aware of the matter on September 11,2006 when it met with Wessler.**

5.    When did the Board of Supervisors first consult with legal counsel regarding the:

a.    The Objection to Claim and

b.    The Order.

**Answer: September 11,2006.**

6.    When did the Tax Collector first consult with legal counsel regarding the:

a.    The Objection to Claim and

b.    The Order.

**Answer: August 30 or 31, 2006.**

7.    Identify any communications between William P. Wessler, Esq., and (i) the Tax Collector, (ii) the County Supervisors or (iii) Harrison County regarding the Objection to the Claim or the Order.  In responding to Interrogatory No. 7, include:

a.    the date of the communication;

b.    the method of the communication;

c.    the parties to the communication;

d.    the substance of the communication;

-3-

e.   description of any documents relating or referring to the communication.

**Answer:**   **Harrison County elects , pursuant to rule 7033(d) , Federal Rules of Bankruptcy Procedure , to produce the exhibits it intends to introduce at trial and from which the answers to this interrogatory may be derived as the burden of listing such documents is substantially the same for Harrison County as it is for Winn-Dixie.**

## Acknowledgment

Before me, the undersigned authority, personally appeared David V. Larosa , Sr, who, being by me first duly sworn, deposes and says that the foregoing answers to interrogatories are true and correct.

David V. Larosa , Sr. Harrison County
Tax Collector

STATE OF MISSISSIPPI          )

COUNTY OF HARRISON     )

The foregoing instrument was acknowledged before me this $2nd$ day of October , 2009 by David V. Larosa , Sr. who is personally known to me.

Notary Public, State of Mississippi

Name:   _Allison C. Ellis_

-4-

## Certificate of Service

I certify that a copy of the foregoing was furnished by hand delivery to Allan E. Wulbern, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on October ____5____, 2009.

                                    STUTSMAN THAMES & MARKEY, P.A.


                                    By_____
                                         Robert A. Heekin, Jr.

                                    Florida Bar Number 652083
                                    50 North Laura Street, Suite 1600
                                    Jacksonville, Florida 32202
                                    (904) 358-4000
                                    (904) 358-4001 (Facsimile)


                                    Attorneys for Harrison County, Mississippi
                                    Tax Collector

75104

# WILLIAM P. WESSLER

Attorney at Law
Board Certified • Consumer Bankruptcy Law
American Board of Certification

1624 24th Avenue
P. O. Box 175
Gulfport, MS 39502

Telephone (228) 863-3686
E-mail: wwessler@cableone.net

September 6, 2006

Hon. Joseph R. Meadows
1720 23rd Avenue
Gulfport, MS 39501

HAND DELIVERED

Re: Winn-Dixie Stores, Inc. Chapter 11 Bankruptcy No. 05-03817-3F1

Dear Joe:

Early last week, it came to my attention that an Order was entered a few weeks ago in the Winn-Dixie Stores, Inc. Chapter 11 bankruptcy case which ordered a substantial reduction in the valuation of personal property owned by Winn-Dixie stores in Harrison County and in turn, reduced the amount of tax due. This applied to tax years 2004, 2005, and 2006.

When I first learned of the Order I thought that it also reduced valuation on real estate owned or occupied by Winn-Dixie stores, however after numerous telephone calls and emails, I was able to confirm that the real property values and taxes were not affected by the Order.

I have met with David LaRosa and Tal Flurry about the matter. I have also located and communicated with a certified bankruptcy attorney in Jacksonville, Florida, where the case is pending who is representing several taxing authorities in the matter and is familiar with it. If the County were interested in retaining him, he would not require the payment of a retainer, but would bill at an hourly rate of $295.00 per hour. His name is Richard R. Thames.

Since the Order involved has already been entered, we would be in a position of asking the Court to set it aside to allow us to challenge the Debtor's valuations. There is no guarantee at this point that the Judge would set aside the Order, but the question at this

**EXHIBIT F**

point is, would the County want to make that attempt, or not?  Enclosed is a copy of the Order in question with the exhibit pages which relate to Harrison County tabbed.

Sincerely,

William P. Wessler

CC: David V, LaRosa, Sr
    Tal Flurry