**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

**HARRISON COUNTY'S MOTION FOR RECONSIDERATION OF ORDER**
**GRANTING REORGANIZED DEBTORS' MOTION TO STRIKE MOTION**
**FOR RELIEF FROM ORDER DETERMINING TAX LIABILITIES AND**
**RESPONSE TO WINN-DIXIE'S MEMORANDUM OF LAW IN SUPPORT**
**OF WINN-DIXIE'S MOTION TO STRIKE HARRISON COUNTY'S**
**MOTION FOR RELIEF FROM ORDER DETERMINING TAX LIABILITIES**

Harrison County, Mississippi ("Harrison County"), moves the Court for reconsideration of the October 16, 2009 Order Granting Reorganized Debtors' Motion to Strike Motion for Relief from Order Determining Tax Liabilities as to Harrison County [Docket No. 22683] and submits this response to Winn-Dixie Stores, Inc.'s ("Winn-Dixie") Motion to Strike Harrison County's Motion for Relief from Order Determining Tax Liabilities [Docket No. 22546] (the "Motion to Strike"), and in support thereof states:

1.      On September 26, 2006, Harrison County filed its Motion for Relief from Order Determining Tax Liabilities as to Harrison County, Mississippi [Docket No. 11294] (the "Motion for Relief").

2.      In connection with its response to the Motion for Relief, on June 8, 2009, Winn-Dixie served its first set of interrogatories and request for production of documents on Harrison County (the "Discovery Requests").[1]

3.      On July 20, 2009, Winn-Dixie filed the Motion to Strike, claiming that Harrison County failed to timely respond to the Discovery Requests.

4.      After hearing on the Motion to Strike, the Court entered an Order conditionally denying the Motion to Strike on October 2, 2009 [Docket No. 22660] (the "Order").  The Order required that Harrison County provide Winn-Dixie by September 30, 2009, with complete responses (including documents) to the Discovery Requests.  The Order preserved Harrison County's right to object to the Discovery Requests on any basis, including assertion of the attorney-client privilege with respect to any item.

5.      Harrison County complied with the Order by serving its responses to the Discovery Requests on September 30, 2009.  Notably, the responses were accompanied by all documents in Harrison County's possession responsive to the Discovery Requests.

6.      Despite Harrison County's timely and good faith efforts to respond to the Discovery Requests, in the evening hours of September 30, 2009 (8:02 p.m.), counsel for Winn-Dixie e-mailed the undersigned, and stated that the responses to the Discovery Requests were incomplete because: (a) they were executed by the attorney for the Harrison County Tax Collector, not from Harrison County;  (b) the Harrison County Tax Collector was not an officer or agent of the County; and, (c) Harrison County had improperly

---

[1] The Discovery Requests were initially served on Robert Altman, Esq., who had erroneously made an appearance on behalf of Harrison County.  Mr. Altman later withdrew as counsel for Harrison County, and the undersigned firm appeared on its behalf.

interposed the attorney-client privilege and an objeciton to Interrogatory No. 7.  A copy of the September 30, 2009 e-mail is attached hereto as **Exhibit A**.

7.      Specifically, Interrogatory No. 7 asked Harrison County to identify communications between the Harrison County Tax Collector's attorney, William Wessler, Esq., and the Harrison County Tax Collector, the Harrison County Board of Supervisors, or Harrison County regarding Winn-Dixie's Fourth Omnibus Objection to the Tax Claims or the Order on that Objection.  In his e-mail, Mr. Wulbern asserted that Harrison County "waived any right to assert a privilege" when it failed to timely respond to the Discovery Requests.

8.      Although Harrison County disagreed with Mr. Wulbern's hyper-technical and legally unsupportable position that it had waived its right to assert the attorney-client privilege in responding to the Discovery Requests, or that the County Attorney's signature was not sufficient, it nonetheless agreed to have the interrogatories signed and acknowledged by David V. LaRosa, Sr., the Harrison County Tax Collector, who is an elected official of Harrison County, thus eliminating the issues raised by Mr. Wulbern.

9.      Further, Harrison County amended its response to Interrogatory No. 7, removing the objection on the basis of attorney-client privilege, and electing to produce all documents from which the responses to Interrogatory No. 7 can be determined, as is its right to do so under Rule 7033(d), Federal Rules of Bankruptcy Procedure.  Critically, those documents were included in the transmittal delivered to Winn-Dixie on September 30, 2009.

10.     Pursuant to agreement between the undersigned and Mr. Wulbern, the original revised responses to the interrogatories, executed by Mr. LaRosa, were provided to Winn-Dixie on October 5, 2009.

11.     Accordingly, Harrison County is in full compliance with its discovery obligations under the Order and has produced all documents in its possession or control responsive to the Discovery Requests, as previously indicated to counsel for Winn-Dixie by telephone on September 30, 2009.

12.     Nonetheless, on October 7, 2009, without any effort by counsel for Winn-Dixie to confirm that the documents already produced by Harrison County to Winn-Dixie were the only documents it possessed responsive to the Discovery Requests, Winn-Dixie filed the Affidavit of Allan E. Wulbern, requesting the Court strike Harrison County's objections because: (a) the Court had found that Harrison County had waived its objections to the Discovery Requests; (b) an officer of Harrison County was required to sign the interrogatory responses; and (c) the Tax Collector did not respond to Interrogatory No. 7. [Docket No. 22668] (the "Wulbern Affidavit")[2]

13.     Contrary to Winn-Dixie's misguided position, Harrison County asserts that: (a) the Order as drafted by Winn-Dixie, and entered by this Court, contained no finding that Harrison County had waived any right to object to the Discovery Requests, and thus Harrison County's right to object is fully preserved; (b) the responses to the first set of interrogatories from Winn-Dixie to Harrison County were properly executed, first by Mr. William Wessler,

---

[2] On October 7, 2009, Harrison County filed the affidavit of undersigned counsel (the "Heekin Affidavit"), in response to the allegations of the Wulbern Affidavit. The Heekin Affidavit pointed out that the Wulbern Affidavit contained the following misstatements: (i) the Court had found that Harrison County had waived its objections to the Discovery Requests; (ii) an officer of Harrison County was required to sign the interrogatory responses; and (iii) the Tax Collector did not respond to Interrogatory No. 7.

Esq., as agent for Harrison County, and later by Mr. LaRosa, a duly elected official of Harrison County, Mississippi; and, (c) Harrison County did in fact respond to Interrogatory No. 7 by producing the exhibits it intends to introduce at trial from which the answers to this interrogatory may be derived.

14.    On October 16, 2009, the Court entered an Order granting Reorganized Debtors' Motion to Strike Motion for Relief from Order Determining Tax Liabilities as to Harrison County.

15.    The primary purpose of discovery sanctions is to deter further abuse of discovery. *In re Bimini Island Air, Inc.,* 355 B.R. 358 (Bankr. S.D. Fla. 2006).   While the court may dismiss an action as sanction for failure to comply with discovery, dismissal is a severe sanction that should be applied as a matter of last resort. *In re Emory Davis,* 347 B.R. 607, 612 (W.D. Ky. 2006).   Generally, such severe sanctions are reserved for instances of repeated, willful and bad faith failure to meet discovery obligations. *In re Lawrence, 227 B.R. 907* (Bankr. S.D. Fla. 1998).

16.    The Wulbern Affidavit, and all subsequent pleadings in this matter, were unnecessary.  Harrison County has complied fully with its responsibilities under the Order.

17.    This entire affair could have been obviated through the simple courtesy of a telephone call, letter, e-mail or other communication to Harrison County's counsel requesting confirmation that all documents responsive to the Discovery Requests had been provided to Winn-Dixie.  No such inquiry was made, and no advance notice of either the Wulbern Affidavit nor the memorandum of law in support of the Motion to Strike was received by Harrison County, who has therefor been forced to expend its limited time and resources in

filing pleadings and other papers in opposition to these desperate attempts by Winn-Dixie to have this matter disposed of on a matter of technicality, rather than on the merits.

18.     Harrison County suspects the motive for the gamesmanship being engaged by counsel for Winn-Dixie in attempting to have this matter disposed of on a technicality derives from the contents of an August 2, 2006 e-mail sent to Harrison County's counsel on behalf of Winn-Dixie's counsel, a copy of which is attached hereto as **Exhibit B**.  In the e-mail, a legal assistant for Winn-Dixie's counsel states that "we are uncertain at this time as to whether or not the Debtors' [Winn-Dixie] intend to object to your client's claim(s)."  This e-mail was sent DESPITE the fact that Winn-Dixie had in fact already objected to Harrison County's claim on July 11, 2006.  The ramifications of this e-mail are clear, as the default Order Determining Tax Liabilities was entered against Harrison County, Mississippi some 8 days after the e-mail.

19.     In any event, as relayed to Winn-Dixie by phone on September 30, 2009 and by filing of the Heekin Affidavit on October 7, 2009, Harrison County again submits that it has served its complete responses to the Discovery Requests on Winn-Dixie, <u>including all documents responsive thereto</u>, in compliance with the Order.

Wherefore, Harrison County, Mississippi, requests that the Court: (i) reconsider its grant of the Motion to Strike; (ii) conduct a second hearing to determine if Harrison County has complied with the Order, and (ii) grant such further relief as the Court deem appropriate.

**STUTSMAN THAMES & MARKEY, P.A.**

*/s/ Robert A. Heekin, Jr.*

By_____

       Robert A. Heekin, Jr.

Florida Bar Number 0652083
50 North Laura Street, Suite 1600
Jacksonville, Florida  32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rah@stmlaw.net

Attorneys for Harrison County, Mississippi Tax Collector

**<u>Certificate of Service</u>**

I hereby certify that, on October 20, 2009, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to the Office of the United States Trustee, 135 W. Central Boulevard, Room 620, Orlando, Florida 32280 and all parties who have consented to receiving electronic notifications in this case.

/s/ Robert A. Heekin, Jr.
_____
Attorney

75374

-8-