UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**RESPONSE TO HARRISON COUNTY'S
MOTION FOR RECONSIDERATION OF
ORDER GRANTING MOTION TO STRIKE
HARRISON COUNTY'S MOTION FOR RELIEF**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, "Winn-Dixie") respond to Harrison County's motion for reconsideration of this Court's Order granting Winn-Dixie's motion to strike Harrison County's motion for relief from order determining tax liabilities (the "Motion for Reconsideration"; Docket No. 22704), and in support say:

1. Harrison County requests this Court reconsider its Order Granting Reorganized Debtors' Motion to Strike Motion for Relief from Order Determining Tax Liabilities as to Harrison County (Docket No. 22683), but in doing so, Harrison County makes the same arguments it did in the Affidavit of Robert E. Heekin, Jr. in Opposition to Affidavit of Allan E. Wulbern (Docket No. 22670; the "Heekin Affidavit").[1]

---

[1] It is apparent from the face of the Order that the Court considered and rejected the arguments contained in the Heekin Affidavit. *See* Order, page 1 ("This case came before the Court upon: … 4) Affidavit of Robert E. Heekin, Jr. in Opposition to Affidavit of Allan E. Wulbern…").

2.  This Court has held that reconsideration of a previous order should be granted only if a party can show (i) there is newly available evidence, (ii) there is an intervening change in the controlling law, or (iii) there is a need to correct a clear error of law or to prevent manifest injustice:

> A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and the conservation of scarce judicial resources. A court can grant a motion for reconsideration when the moving party shows one of three criteria: (1) there is newly available evidence; (2) there is an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or to prevent manifest injustice.
>
> *Mead v. United States (In re Mead)*, 394 B.R. 296, 309 (Bankr. M.D. Fla. 2007) (Funk, J.; citations omitted).

3.  Harrison County's Motion for Reconsideration does not make a case—"strongly convincing" or otherwise—that (i) there is any new evidence, (ii) there has been any intervening change in controlling law, or (iii) there is a need to correct a clear error of law or to prevent manifest injustice,

WHEREFORE, Winn-Dixie requests that the Court enter an Order (i) denying Harrison County's Motion for Reconsideration and (ii) granting such further relief as the Court deems appropriate.

SMITH HULSEY & BUSEY

By: */s/ Allan E. Wulbern*
    Stephen D. Busey
    Allan E. Wulbern

Florida Bar Number 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for the Reorganized Debtors

## Certificate of Service

I certify that a copy of the foregoing has been furnished via the CM/ECF electronic notification system to Robert A. Heekin, Jr., Esq., Stutsman, Thames and Markey, 50 North Laura Street, Suite 1600, Jacksonville, Florida 32202 and all parties in interest entitled to receive such notification this 22 day of October 2009.

/s/ *Allan E. Wulbern*
Attorney

675525

4