RECEIVED BY
OCT 22 2009
ASSESSMENT TECHNOLOGIES

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

## STIPULATION

This Stipulation, entered into as of the date indicated below, by and between New Kent County, Virginia ("Claimant") and Winn-Dixie Stores, Inc. and twenty-three of its reorganized debtor affiliates (collectively, the "Debtors"), is as follows:

## RECITALS

A. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

B. On June 29, 2006, the Debtors filed their joint plan of reorganization (the "Plan")(Docket No. 8856).

C. On November 9, 2006, the Court entered an order approving the Plan, as modified (the "Confirmation Order")(Docket No. 12440). The effective date of the Plan was November 21, 2006 (the "Effective Date")(Docket No. 12745).

D. Claimant is listed as a creditor in the Debtors' Chapter 11 cases (Case No. 05-03817 et seq.) and has outstanding tax liabilities in the amount of $8,998.13 for certain business personal property and utility taxes (the "Claim").

E. Debtors and Claimant desire to liquidate the amount of the Claim and any other taxes and related amounts for business personal and/or real property taxes for any period that began and ended prior to 2006 (the "Tax Period") (as defined in Section 3 below) for which no claim was filed (collectively, the "Unclaimed Accounts"); and

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual agreements set forth below, and other valuable consideration, the receipt and sufficiency of which is acknowledged, the parties agree as follows:

1. The Debtors and Claimant agree that Debtors shall pay Claimant $1,150 (the "Settlement Amount") in satisfaction of the Unclaimed Accounts, including, but not limited to Account Number(s) 10230. This Settlement Amount includes full payment of all delinquent pre-petition taxes owed by the Debtors through the Tax Period. The Settlement Amount represents the full and final settlement for the Claim and any and all Unclaimed Accounts for the Tax Period, which were or could have been, or may be, raised in any proof of claim or objection to proof of claim or otherwise.

2. Other than as provided for in this Agreement, Claimant will not receive any distributions on account of any proofs of claim or scheduled claims, including the Claim, it may have filed in the Debtors' Chapter 11 cases.

3. Claimant and the Debtors agree that the Settlement Amount constitutes full and final payment for the Claim and any and all Unclaimed Accounts and Claimant shall provide to the Debtors, within twenty (20) days of receipt of the Settlement Amount, fully paid tax receipts on the Claim and any and all Unclaimed Accounts. Upon receipt of the Settlement Amount, Claimant, its directors, officers, affiliates, agents, employees, successors, assigns, and/or any party directly or indirectly related thereto releases, and holds harmless the Debtors and/or its current or former directors, officers, affiliates, agents, servants, employees, successors, transferees, assigns and/or any party directly or indirectly related thereto (the "Tax Parties") from and against any and all actions, petitions, orders, claims, penalties, losses, or demands made, imposed on or asserted against the Tax Parties, together with all expenses, costs, losses, and damages against the Tax Parties, directly or indirectly, arising out of or in connection with the Claim, the Unclaimed Accounts or any other matter set forth in Section 1 above. Further and upon receipt of the Settlement Amount, Claimant shall (i) forever waive its right to payment (other than the Settlement Amount payment) for any and all taxes, interest and penalties relating to the Tax Period and (ii) shall discontinue all administrative or judicial actions currently pending, if any, remove all liens, if any, and release and waive forever Claimant's right to assert a claim against Debtors' past, present, and future directors, officers, and employees for any claim for taxes, interest or penalties relating to the Tax Period that Debtors have failed to remit, including any claim arising out of or in connection with the Claim or any other matter set forth in Section 1 above.

4. Claimant further agrees that its sole remedy for the Claim and the Unclaimed Accounts is payment of the Settlement Amount pursuant to this Agreement.

5. Nothing in this Agreement is intended, nor shall be construed, as superseding the claims reconciliation process except to the extent of the Claim and Unclaimed Accounts. Furthermore, nothing in this Agreement is intended, nor shall be construed, as acknowledging that Claimant has satisfactorily filed the Claim or any other claims.

6. It is specifically understood and agreed that this Agreement does not constitute, and shall not be construed as, any admission of liability or fault whatsoever.

7. The Bankruptcy Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Agreement.

8. Each party represents that it understands and fully agrees to each and every provision of this Agreement.

AGREED this 20 day of October, 2009.

CLAIMANT

By: _____
On behalf of Claimant

Title: Deputy Treasurer

DEBTORS

By: _____
On behalf of Winn-Dixie Stores, Inc. and twenty three of its reorganized debtor affiliates

Title: _____

SMITH HULSEY & BUSEY

By: _____
Allan E. Wulbern

Florida Bar Number 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.

674039

3