### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## ORDER DIRECTING VISAGENT CORPORATION TO PRESENT ITS CASE FIRST AT TRIAL

On February 21, 2005 Winn Dixie, Stores, Inc., on behalf of twenty-three of its subsidiaries and affiliates (collectively, "Winn Dixie"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Visagent Corporation ("Visagent") filed a claim, which was designated as Claim No. 9953, in July 2005. Visagent claims that Winn Dixie breached an agreement, which was entered into between it and Winn Dixie on June 15, 2001. According to Visagent, under the terms of the agreement Winn Dixie was obligated for three years to exclusively utilize the services of Visagent for the procurement and sale of all merchandise Winn Dixie acquired or sold through internet or similar electronic means, including any means utilizing facsimile, from and through the secondary market. The secondary market is comprised of all sources (buyers and sellers) of merchandise other than direct purchases and returns from original product manufacturers. Winn Dixie objected to Visagent's claim, asserting that it did not breach a duty to Visagent and that Visagent failed to adequately perform under the terms of the agreement.

On August 19, 2009 the Court conducted a status conference on Winn Dixie's Objection to Visagent's claim. At that hearing counsel for Visagent raised the issue of which party has the burden of proof at trial and which party would present its case first at trial.[1] The Court directed the parties to file memoranda no later than September 30, 2009 to assist it in making such a determination. The Court has reviewed the parties' memoranda.

Objections to claims are governed by 11 U.S.C. § 502(a) providing that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." Section 502(b) provides, "...if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount...." A proof of claim filed in accordance with the rules "shall constitute prima facie evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3001(f)(2009). The burden of proof is on an objecting party to produce evidence "equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim." In re VTN, Inc., 69 B.R. 1005, 1008 (Bankr. S.D. Fla. 1987) (citing DeLorean Motor Co. Litig., 59 B.R. 329 (E.D. Mich. 1986)). If the objecting party rebuts the prima facie validity of the proof of claim, the claimant bears the burden of persuasion to substantiate the validity and the amount of the claim by a preponderance of the evidence. In re Taylor, 363 B.R. 303, 309 (Bankr. M.D. Fla. 2007).

---

[1] The trial is scheduled to commence on February 8, 2010.

2

The purpose of Rule 3001(f) is to reduce the time a court would be required to spend on objections and to reduce the time and expense for the usual creditor in a bankruptcy case. However, the transactions, which are the subject of Visagent's claim are complicated. Visagent's claim is not one that lends itself to a ready and simple determination and in that sense is not the ordinary claim to which Rule 3001(f) is directed. Rule 611(a) Fed.R.Evid. allows the Court to exercise control over the order of presentation of evidence. Under Rule 611(a) courts have broad discretion in controlling the order of presentation of evidence. The Court finds it appropriate to require Visagent to present its case first at trial. Visagent bears the burden of persuasion to substantiate the validity and amount of its claim by a preponderance of the evidence. Upon the foregoing, it is

**ORDERED:**

Visagent shall present its case first at trial. Visagent bears the burden of persuasion to substantiate the validity and amount of its claim by a preponderance of the evidence.

DATED this 6 day of November, 2009 in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

**Copies to:**

Stephen D. Busey, Attorney for Winn Dixie
Guy Bennett Rubin, Attorney for Visagent