**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
|     Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' MOTION TO CONTINUE HEARING
ON THE AMENDED MOTION FOR RELIEF FROM
THE AUTOMATIC STAY FILED BY ROBERTA NOLEN**

The Reorganized Debtors, Winn-Dixie Stores, Inc., and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), move the Court for the entry of an order continuing the hearing on the Amended Motion for Relief from the Automatic Stay filed by Roberta Nolen (Docket No. 22609) (the "Motion for Relief from Stay") on December 2, 2009 at 9:30 a.m.  In support of this motion, the Debtors state that based upon the following, the Debtors have filed a motion to consolidate the contested matter on the Motion for Relief from Stay with the adversary proceeding the Debtors filed against Roberta Nolen and request that the hearing on this matter be continued to the trial in the consolidated proceedings:

    1.    On February 21, 2005, the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code.

    2.    By Order dated April 28, 2005 (the "Bar Date Order"), this Court set August 1, 2005 as the last date for all parties who have or assert prepetition claims

against one or more of the Debtors to file and serve a written proof of claim with respect to any such claim.

3. Pursuant to the Bar Date Order, the Debtors provided notice by mail of the Bar Date (the "Bar Date Notice"), along with a proof of claim form that provided scheduled claim information, to all known creditors. Notice of the Bar Date was also published in national and regional newspapers.

4. Roberta Nolen ("Nolen") failed to file a timely proof of claim against any of the Debtors in their Chapter 11 cases.

5. On November 9, 2006, this Court entered an Order (the "Confirmation Order") confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc., and Affiliated Debtors (as modified, the "Plan"), which became effective on November 21, 2006 (the "Effective Date").

6. Pursuant to Sections 524 and 1141 of the Bankruptcy Code and the Confirmation Order, the Debtors were discharged from all debts arising out of or relating to claims which existed on or before the Effective Date. In addition, the Confirmation Order permanently enjoined all persons from asserting or taking any action against the Debtors with respect to or in furtherance of the discharged claims.

7. Nolen filed a complaint against Winn-Dixie Stores, Inc., in the Circuit Court in and for Okaloosa County, Florida, Case No. 2009-CA-4004-C (the "State Court Action") based upon a claim that is alleged to have arisen prior to the Effective Date and has therefore been discharged.

8. By letter dated August 5, 2009, counsel for the Debtors informed Nolen that (i) the alleged debts which Nolen seeks to collect have been discharged, (ii) the continued prosecution of the State Court Action would constitute a violation of Section 524 of the Bankruptcy Code and the Confirmation Order entered by the Court and (iii) the failure to dismiss the State Court Action would result in the filing of an action to enforce the Debtors' rights.

9. Nolen contends that she named Winn-Dixie as a defendant in the State Court Action for purposes of pursing its insurance only, and that the State Court Action will not impact Winn-Dixie's rights or liabilities. Winn-Dixie, however, has a self-insured retention for the first $2,000,000.00 per occurrence and only excess insurance above the self-insured amount. The excess insurance does not provide for payment of legal expenses or costs to Winn-Dixie to defend actions such as the State Court Action, except in limited circumstances and in limited amounts. As a result, the State Court Action will cause Winn-Dixie to incur attorneys' fees and costs and will interfere with the Debtors' fresh start -- on a claim that has been discharged in these Chapter 11 cases.

10. Nolen has failed and refused to dismiss the State Court Action.

11. On August 27, 2009, the Debtors removed the State Court Action to the United States Bankruptcy Court for the Northern District of Florida.

12. On August 28, 2009, Nolen filed the Motion for Relief from Stay, seeking authorization from this Court to proceed with the State Court Action against the Debtors.

13. On October 23, 2009 the Debtors filed an adversary proceeding against Nolen, seeking a judgment determining that Nolen's alleged claims against the Debtors have been discharged, enjoining the prosecution of the State Court Action against the Debtors and granting other related relief (Adversary No. 09-00557) (the "Adversary Proceeding").

14. On November 4, 2009, the United States Bankruptcy Court for the Northern District of Florida entered an order transferring the removed State Court Action to this Court as an adversary proceeding in these Chapter 11 cases.

15. An evidentiary hearing on the Motion for Relief from Stay is set for December 2, 2009, at 9:30 a.m.

16. Because the Adversary Proceeding and the contested matter on the Motion for Relief from Stay have common issues of law and fact and judicial economy and the convenience of the parties are better served by the consolidation of these matters for discovery and trial, the Debtors filed a motion in the Adversary Proceeding to consolidate them (Adversary Docket No. 9).

17. Because the automatic stay was terminated in this case on the Effective Date of the Debtors' Chapter 11 Plan (November 21, 2006) pursuant to 11 U.S.C.§362(c)(2)(C), the statutory time requirements of U.S.C. § 362(e)(1) are not applicable to the Motion for Relief from Stay. Alternatively, the Motion for Relief from Stay should be treated as a motion for modification of the permanent injunction.

18. The undersigned has conferred with counsel for Nolen and has been authorized to represent that he agrees to the relief requested herein.

WHEREFORE, the Debtors respectfully request that the Court enter an order continuing the December 2, 2009 hearing on the Motion for Relief from Stay until such time as the trial in the consolidated proceedings.

SMITH HULSEY & BUSEY


By: *s/ Leanne McKnight Prendergast*
      Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Attorneys for the Reorganized Debtors

Certificate of Service

I certify that a copy of the foregoing has been furnished electronically to Jeffrey D. DeCarlo, Esq., 4500 Biscayne Boulevard, Suite 201, Miami, Florida 33137 this 11th day of November, 2009.

        *s/ Leanne McKnight Prendergast*
        Attorney

678456