UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**ORDER SUSTAINING DEBTORS' OBJECTION TO THE
ADMINISTRATIVE CLAIM OF LATOYA BROWN**

This case came before the Court for hearing on November 19, 2009, on the Debtors' Objection to the Administrative Claim of Latoya Brown (Docket No. 22691). Upon the evidence presented at the hearing, the Court finds that:

1. Latoya Brown (the "Claimant") filed an application for administrative expense based upon a negligence claim that arose on October 15, 2005, at a Winn-Dixie Store in Cutler Ridge, Florida (Docket No. 14165) (the "Administrative Claim").

2. Section 95.11(3)(a), Florida Statutes, requires that an action founded on negligence must be brought within four years.

3. Claimant has not filed a civil action in the appropriate non-bankruptcy forum based upon the claim. Filing an Administrative Claim did not preserve the claim for statute of limitations purposes.

4. Because the claim arose on October 15, 2005, the Claimant was required under Florida law to commence the prosecution of a civil action by October 15, 2009, to preserve the claim for statute of limitations purposes.

5. Because the Claimant did not file a civil action to preserve the claim prior to the expiration of the applicable statute of limitations, Claimant's cause of action is now time-barred and the claim must be disallowed. Upon the foregoing, it is

ORDERED:

1. The Objection is sustained.

2. The Administrative Claim filed by the Claimant (Docket No. 14165) is disallowed.

Dated this 19 day of November, 2009, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

Leanne McKnight Prendergast

[Leanne McKnight Prendergast is directed to serve a copy of the order on the Interested Parties and file a proof of service.]
00678130