UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN DIXIE STORES, INC., et al,               Case No. 3:05-bk-03817-3F1

      Debtors.                                    Chapter 11 – Jointly Administered

_____/

**RESPONSE TO THE DEBTOR'S OBJECTION TO APPLICATION OF TAX COLLECTOR, CITY OF WESTWEGO, LOUISIANA FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION TAXES)**

    COMES NOW the Movant(s), TAX COLLECTOR, CITY OF WESTWEGO, LOUISIANA ("Movant"), by undersigned counsel, and hereby responds to the Objection filed by the Debtor to its Application for administrative expense pursuant to 11 U.S.C. §503, and would show:

    1.    The Debtor's Objection is not well founded.

    2.    The Debtor's Fourth Objection to Tax Claims ("Fourth Objection") was not properly served on the Movant; therefore, the Order on the Fourth Objection is not *res judicata* on the matters included in the Application.

    3.    The Fourth Objection was a contested matter under Rule 9014. Under 9014(b), the Motion had to be served in a manner similar to a summons under Rule 7004. Under Rule 7004(j), to serve a state or local government, the pleading must be sent to either the chief executive officer, or pursuant to state law procedure for serving process. In this case, the Fourth Objection was served July 2006 on "City of Westwego Tax Collector, City Hall, 419 Avenue A, Westwego, LA 70301".

    4.    Under Louisiana law (Chapter 3, Art. 1265. Political entity; public officer), service on a political subdivision must be made as follows:

> "Service of citation or other process on any political subdivision, public corporation, or state, parochial or municipal board or commission is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion. A public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion. If

the political entity or public officer has no established office, then service may be made at any place where the chief executive officer of the political entity or the public officer to be served may be found".

5. The City of Westwego is part of Jefferson Parrish. By law, the tax values for personal property in the City of Westwego **are set by Jefferson Parrish**, and not by the City of Westwego. The only role the City of Westwego government plays in the tax process is to set the millage amount.[1]

6. The tax assessments for the personal property set out in the Application were based on the self-reporting of Winn Dixie. A substantial amount of the value is based on the inventory in the stores, which is not really depreciable (you referenced that the tax was based on the value of the shelves in the stores). In other words, the Louisiana taxing authority used Winn Dixie's own valuations. As such, we believe Winn Dixie is estopped from asserting different values than contained in the reports submitted.[2]

7. The 2004 taxes were paid in December 2004, prior to the Debtor filing bankruptcy. This tax, again based on the self-reporting of value by Winn Dixie, was paid without protest. The time to contest the tax expired.[3]

---

[1] While the BAPCPA amendments in 2005 added language regarding the designation of addresses for purposes of Section 505, these amendments were passed **after** Winn Dixie filed bankruptcy, and were inapplicable to this case.

[2] See La.R.S. 47:2324, "Data collection by the assessor", which states:

Each assessor shall gather all data necessary to properly determine the fair market value of all property subject to taxation within his respective parish or district. In securing this data, the assessor may employ the use of self-reporting forms by property owners. When self-reporting forms are utilized by an assessor, he shall deliver the proper form or forms to each person in whose name the property is assessed, at the address shown on the assessment rolls. The form or forms shall be delivered on or before the fifteenth day of February in the year in which the property is to be appraised. Each property owner receiving a form, the parish of Jefferson excepted, shall fill out the form and return it to the assessor by the first day of April of that year or forty-five days after receipt, whichever is later. In the parish of Jefferson each property owner receiving a form shall fill out the form and return it to the assessor within forty-five days after receipt. Upon written request, the assessor may grant an extension of time in which to file, not to exceed thirty days.

[3] The statue relating to the filing of an objection to the assessment is La.R.S. 47:1989-1992. The statute setting out the appeal process can be found at La.R.S. 47:1431, which states:

Whenever a taxpayer is aggrieved by an assessment made by the collector, or by the

8.     The Debtor cannot use the claims objection process under Section 505 for taxes which had not yet accrued or been assessed at the time the petition was filed.

WHEREFORE, the Movant requests this Court enter an Order approving the Application to have an allowed administrative claim against the Estate, to authorize payment of the claim, and for such further relief as the Court finds just.

   /s/  Dennis J. LeVine, Esq.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
DENNIS LeVINE & ASSOCIATES, P.A.
P.O. Box 707
Tampa, FL 33601-0707
(813) 253-0777 (phone)
(813) 253-0975 (fax)
dennis@bcylaw.com
Attorneys for the Movant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Response was furnished by electronic or standard mail to the parties listed below on this 25th day of November, 2009.

   /s/  Dennis J. LeVine, Esq.
DENNIS J. LEVINE, ESQ.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL   32254-3699

Smith Hulsey & Busey
Attn: Allan E. Wulbern, Esq.
225 Water St., Suite 1800
Jacksonville, FL   32202

---

collector's action or failure to act on a claim for refund or credit of an overpayment, such taxpayer may appeal to the board for a redetermination of the assessment or a determination of the alleged overpayment, by filing a petition with the board within the respective periods set forth in R.S. 47:1565, 47:1566 and 47:1625.