# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:                                              Case No.  05-03817-3F1
                                          )
WINN-DIXIE STORES, INC., et al.,          Chapter 11
                                          )
        Reorganized Debtors.              Jointly Administered
_____)


## WINN-DIXIE'S MOTION TO LIMIT VISAGENT'S
## WITNESS LIST—EMERGENCY HEARING REQUESTED

Winn-Dixie Stores, Inc., on behalf of twenty-three of its subsidiaries and affiliates, as the Reorganized Debtors (collectively, "Winn-Dixie"), moves to limit Visagent's list of 83 potential witnesses, and says:

1.    The August 20, 2009 Consent Order Scheduling Trial (Docket No. 22583, Exhibit A) requires that 60 days before trial Winn-Dixie and Visagent file their respective witness lists, "designating which witnesses the party intends to call and which witnesses the party may call" (page 2, para. 2(B)).

2.    The parties filed their witness lists on December 10.  Winn-Dixie listed a total of 37 trial witnesses: 21 witnesses Winn-Dixie intends to call and 16 witnesses it may call (Docket No. 22800, Exhibit B).  Visagent listed a total of *83* trial witnesses: 14 witnesses Visagent intends to call and *69 witnesses it may call* (Docket No. 22798, Exhibit C).

3.    Winn-Dixie and Visagent listed many of the same witnesses.  When these redundant witnesses are removed from the lists, Winn-Dixie has a total of 12 non-redundant trial witnesses: 6 witnesses Winn-Dixie intends to call and 6 witnesses it may call—but Visagent has a total of *57* non-redundant trial witnesses:   5 witnesses Visagent will call and *52 witnesses it may call*.

4.    During the three and a half years Winn-Dixie's objection to Visagent's claim has been pending, the parties have engaged in voluminous discovery.  Visagent however did not disclose the names of the majority of Visagent's 57 non-redundant witnesses.  For this reason Winn-Dixie has not taken the depositions of these witnesses.

5.    Visagent's listing of 83 witnesses for a five day trial, most of whom were not previously disclosed in discovery, suggests a lack of good faith and an effort to mask the identity of Visagent's material witnesses.

6.    For these reasons, Winn-Dixie respectfully requests (a) that the Court limit the total number of witnesses the parties may call to no more than 12 non-redundant witnesses, or alternatively (b) the Court continue the trial for three months to allow Winn-Dixie sufficient time to depose all of the witnesses on Visagent's witness list.

SMITH HULSEY & BUSEY

By   */s/ Timothy R. Buskirk*
        Stephen D. Busey
        James A. Bolling
        Timothy R. Buskirk

Florida Bar Number 058314
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
tbuskirk@smithhulsey.com

Attorneys for Winn-Dixie

## <u>Certificate of Service</u>

I certify that a copy of the foregoing document was furnished electronically through the Court's CM/ECF electronic notification system to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, Post Office Box 395, Stuart, Florida 34995, this 14th day of December, 2009.


_____/s/ Timothy R. Buskirk_____
Attorney

682984.1

# Exhibit A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

                                          **Case No. 3:05-bk-3817-3F1**

WINN DIXIE STORES, INC.

           Debtor(s).

---

## CONSENT ORDER SCHEDULING TRIAL

The parties have consented to the entry of this Order as shown below.

      1. The Trial on Claim #9953 filed by Visagent Corporation, is scheduled **for** February 8, 2010 at 9:00 a.m. for 8 hours; February 9, 2010 at 9:00 a.m. for 8 hours; February 10, 2010 at 9:00 a.m. for 8 hours; February 11, 2010 at 9:00 a.m. for 8 hours; and February 12, 2010 at 9:00 a.m. for 8 hours

**in Courtroom 4D, United States Courthouse, 300 N. Hogan St., Jacksonville, FL 32202. The trial is only as to the issue of liability.**

      2. The procedure set forth below shall control the handling of this proceeding. No variations or adjustments shall be made in the schedule without prior concurrence by the Court upon request made by written notice. Failure to comply with this Order shall result in appropriate sanctions.

      Accordingly, it is **ORDERED** that the parties shall comply with the following measures:

      1. Responsive Pleadings, Motions, and Objections:

          A. Unless otherwise ordered by this court, any outstanding answers or responsive pleadings shall be filed within (10) ten days of this order.

          B. Any and all motions are to be filed not less than thirty (30) days prior to trial.

          C. All properly filed objections and motions, not ruled on previously, shall be heard at trial unless otherwise ordered by the Court.

          D. Ten (10) days prior to trial, parties shall file with the court photocopies of any legal authority relied on by counsel to support their respective positions.

E.   The procedure for filing motions is as follows:

(i).  All motions shall include or be accompanied by a legal memorandum or brief containing argument and citations of authorities.

(ii).  No later than ten (10) days from the date of service of a motion, each party opposing the motion shall file and serve a legal memorandum or brief containing argument and citations of authorities in opposition to the relief requested.  In the event no such response is filed, the court may deem the motion as unopposed and thereby consented.  The parties should not expect the Court to conduct a hearing prior to ruling on any pending motions.

(iii).  No later than five (5) days from the date of service of the opposing legal memorandum, the movant may file and serve a reply legal memorandum or brief, if desired.

(iv).  Upon the completion of this schedule, the motion will be at issue, under advisement, and ready for decision by the court.

(v).  Motions of any emergency nature may be considered and determined by the court at any time in its discretion.

2.  Exhibits and Witnesses:

A.  Each party's exhibit list, along with the other party's objections, is to be filed with the court 10 days prior to the trial.  Each party's exhibit list shall be served 20 days before trial.

B.  Each party's witness list, designating which witnesses the parties intends to call and which witnesses the party may call, shall be served and filed 60 days before trial and shall designate who each party intends to call as witness

C.  Counsel are responsible for the timely supplementation of their respective exhibit lists and witness lists with any additional exhibits and witnesses prior to the trial.

D.  Exhibits not objected to in writing within ten (10) days prior to the trial are deemed admitted.  The Court will resolve any objections at the trial.

E.  All exhibits to be used at the trial must be pre-marked and listed in accordance with Rule 9070-1 of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the Middle District of Florida.  Counsel may obtain from the clerk copies of blank form exhibit lists and exhibit identification tags that are to be used in complying with the requirements of this paragraph and the local rule.

2

F.   Each party shall compile and tab their exhibits and provide duplicate sets (i) at the trial for the judge, clerk, and witness stand, and (ii) twenty (20) days before trial to all counsel.

G.   **Appropriate Attire.**  You are reminded that Local Rule 5072-1(b)(16) requires that all persons appearing in court should dress in appropriate business attire consistent with their financial abilities.  Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

H.   Due to heightened security procedures, persons must present photo identification to enter the Courthouse and arrive early.

I.   Each party will serve expert disclosures for issues not relating to damages pursuant to Rule 26(a)(2), Federal Rules of Civil Procedure, no later than sixty days before trial, and any rebuttal expert disclosures no later than 45 days before trial.

3.   Discovery:

All discovery, except discovery relating to damages, is to be completed (10) ten days prior to the trial.  Conduct of any discovery that would require a later due date shall be permitted only on the order of the court or by filed stipulation of the parties, and only in proceedings that will not be delayed as a result.

4.   Trial Memorandum

The Trial Memorandum shall be filed twenty (20) days prior to the trial and shall contain:

**FOR THE DEBTORS:**

A.   A list of all pleadings and pending motions.

B.   A brief statement of the theory of debtor's defenses or counterclaims including legal authority for same.

C.   A brief summary of debtor's contentions of fact in support of each claim, the evidence relied upon to establish each of the facts contended.

**FOR THE CLAIMANT:**

A.   A brief statement of the theory of  each claim including legal authority for same.

B.   A brief summary of contentions of facts in support of the legal theories and the evidence to be relied upon to establish each of the facts contended.

3

FOR ALL PARTIES:

A. A statement of all admitted or uncontested facts.

B. A brief statement of contested facts.

C. A statement of contested legal issues.

D. A list by each party identifying the portions (by line and page numbers) of the depositions it may use at trial for the purpose of original evidence. (This paragraph does not apply to deposition testimony to be used for the purpose of impeachment).

E. Any legal authority that the parties desire the court to consider.

F. A statement that this is a core or non-core proceeding and that the party does or does not consent to the jurisdiction and entry of final orders or judgments by the Bankruptcy Judge of this Court.

G. A statement that counsel has conferred with opposing counsel and has made a good faith endeavor to settle the above-captioned proceeding.

5. Settlement:

Counsel for all parties shall confer (15) fifteen days prior to the trial and seek in good faith to settle the matter. Any settled matters should be reported immediately to the court. In the event that a written stipulation is not complete, the provisions of the settlement shall be read into the record on the morning of the trial.

DATED _August_ _20_, 2009, in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

Copies to:
Attorney for Debtors
Attorney for Visagent Corporation

The parties consent to the entry of this Order:

RUBIN & RUBIN                           SMITH HULSEY & BUSEY

By_____                      By_____
Guy B. Rubin                            James A. Bolling

Attorneys for Claimant                  Attorneys for Debtors

4

**Exhibit B**

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

|  |  |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| ) | |
| Reorganized Debtors. | Jointly Administered |
| ) | |

### WINN-DIXIE'S WITNESS LIST
### FOR FEBRUARY 8, 2010 TRIAL ON VISAGENT'S CLAIM

Winn-Dixie Stores, Inc., on behalf of twenty-three of its subsidiaries

and affiliates, as the Reorganized Debtors (collectively, "Winn-Dixie"),

pursuant to the Court's Consent Order Scheduling Trial, entered August 20,

2009 (para. 2(a)), lists below Winn-Dixie's witnesses for the trial scheduled

for February 8, 2010 on Visagent Corporation's claim (liability only).

1.    Winn-Dixie intends to call the following witnesses:

| Witness | Address |
|---|---|
| Tom Barr | Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254 |
| Derrick Bryant *non-redundant* | Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254 |

| Witness | Address |
|---|---|
| Bob Carlson | Victory Wholesale Group<br>400 Victory Drive<br>Springboro, OH 45066 |
| Bob Dufek | 12746 Shinnecock Court<br>Jacksonville, FL 32225 |
| Kevin Gates | Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254 |
| Seth Gaynor | PepsiCo, Inc<br>700 Anderson Hill Road<br>Purchase, NY 10577 |
| Robert Handmaker | Cruisers Grill<br>319 23rd Ave. S.<br>Jacksonville Beach, FL 32250 |
| Dick Judd | Beall's, Inc.<br>1806 38th Ave East<br>Bradenton, FL 34208 |
| Eileen Kraemer (expert)<br>non-redundant | Department of Computer Science<br>University of Georgia<br>415 GSRC<br>Athens, GA 30602-7404 |
| Mike Kresser | Victory Wholesale Group<br>400 Victory Drive<br>Springboro, OH 45066 |
| Bruce Malcolm | Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254 |
| Ed Mieskoski | 4708 Daisy Leaf Dr.<br>Keller, TX 76248-6428 |

2

| Witness | Address |
|---|---|
| Daryl Mills | 10211 Walnut Bend North<br>Jacksonville, FL 32257 |
| Patricia Mitchell | 4995 E Lake Pl<br>Littleton, CO 80121-3302 |
| Philip Payment | H A C Inc<br>12508 N May Ave<br>Oklahoma City, OK 73120 |
| Rob Post *non-redundant* | Apollo Trading<br>PO Box 812379<br>Boca Raton, FL 33433 |
| Steven Rabb *non-redundant* | Volume Inc.<br>PO Box 409<br>Sharon, Massachusetts 02067 |
| Robert Thomas (expert) *non-redundant* | Suddath Transportation Services<br>P.O. Box 10489<br>Jacksonville, FL 32247 |
| Bob Trader | C&S Wholesale Grocers<br>7 Corporate Drive<br>Keene, NH 03431 |
| Eric Wieda *non-redundant* | 20815 Soneto Dr<br>Boca Raton, FL  33433 |
| Les Wulfert | 3000 Blackfoot Court<br>St. Johns, FL  32259 |

3

2.    Winn-Dixie may call the following witnesses:

| Witness | Address |
|---|---|
| Denise Brymer<br>*non-redundant* | Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254 |
| Deborah Kilosky<br>*non-redundant* | Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254 |
| Gary Klingerman | Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254 |
| Dan Lafever | Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254 |
| Dorothy Lamore<br>*non-redundant* | Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254 |
| Fred MacDowell | 6030 Zinfandel Drive<br>Suwanee, Georgia 30024 |
| Debby Wade<br>*non-redundant* | Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254 |
| Chris Wilson | North Carolina Department of Justice<br>PO Box 629<br>Raleigh, NC 27602-0629 |
| Bev Yoap<br>*non-redundant* | Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254 |

3.    Winn-Dixie may call the following witnesses by live testimony, deposition testimony or both (in addition to the deposition testimony of the witnesses identified above):

> Tom Bixby
> Simon Garwood
> Rone Luczynski
> Mark Rubin
> Mark Slater
> Robert Warren
> *non-redundant* Visagent Corporation

4.    Winn-Dixie may call witnesses on Visagent's witness list.

SMITH HULSEY & BUSEY

By  */s/ Timothy R. Buskirk*
     Stephen D. Busey
     James A. Bolling
     Timothy R. Buskirk

Florida Bar Number 058314
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
tbuskirk@smithhulsey.com

Attorneys for Winn-Dixie

5

## Certificate of Service

I certify that a copy of the foregoing document was furnished electronically through the Court's CM/ECF electronic notification system to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, Post Office Box 395, Stuart, Florida 34995, this 10th day of December, 2009.

_/s/ Timothy R. Buskirk_
Attorney

680675.1

6

Exhibit C

DEC-10-2009  14:20        Rubin & Rubin                        7722832009      P.01

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**VISAGENT CORP.'S FACT WITNESS LIST**

VISAGENT CORP. hereby files its list of witnesses expected to testify at the trial of this

matter:

The witnesses VISAGENT CORP. intends to call at trial are:

1. Thomas J. Barr, individually and/or as Winn-Dixie Corporate Representative

2. Tom Bixby

3. Robert Carlson

4. Steve Carr  *[handwritten: non-redundant]*

5. Steve McLaughlin  *[handwritten: non-redundant]*

6. Ed Mieskoski

7. Daryl Mills

8. Phil Payment

9. I. Mark Rubin

10. Robert J. Warren

12. Records Custodian, Purity Wholesale  *[handwritten: non-redundant]*

13. Records Custodian, Victory Wholesale

14. Records Custodian, Winn-Dixie

DEC-10-2009   14:20        Rubin & Rubin                        7722832009      P.02

The witnesses VISAGENT CORP. may call at trial are:

*non-redundant*

1.   Larry Appell, Esq.

2.   Tim Barnhost

3.   Steve Barth

4.   Mark Blouin

5.   Pete Brucken

6.   Cindy Calatrava

7.   Jodi Chawla

8.   Cindy Crossland

9.   Nancy Delconglio

10.  Linda Dodgen

11.  Bob Dufek

*non-redundant*

12.  Jeff Eakin

13.  Sally Falconieri

14.  Melissa Fowler

15.  Baltasar Garaygordobil

16.  John Garretson

17.  Simon Garwood

18.  Kevin Gates

19.  Seth Gaynor

*non-redundant*   20.  Glenn Hamilton

21.  Robert Handmaker

2

DEC-10-2009  14:20        Rubin & Rubin                    7722832009      P.03

Case 3:05-bk-03817-JAF    Doc 22798    Filed 12/10/09    Page 3 of 5

non-redundant
22.    Matthew T. Hanson

23.    Susan Havill

24.    Kyle Henderson

25.    Bob Hopkins

26.    Robert Horick

27.    Hank Van Joslin

28.    Dick Judd

non-redundant
29.    David A. Kantor

30.    Jean Kaszanits

31.    Lisa Keller

32.    Gary Klingerman

33.    Mike Kresser

34.    Dan LaFever

non-redundant
35.    Sharon Lane

36.    Mathew Laney

37.    Matthew Larsen

38.    Frank Lazaran

39.    Barb Luczyinski

40.    Rone Luczyinski

non-redundant 41.    Peter L. Lynch

42.    Fred MacDowell

43.    Bruce Malcolm

non-redundant 44.    Scott Mattis

3

non-redundant 45.    Doug Milne

46.    Patricia Mitchell

47.    Mike Nixon

48.    Phillip Norris

non-redundant 49.    Jeff Nykerk

50.    Douglas O'Brien

51.    Sal Ricciardi

52.    Donna Shami

53.    John Sheehan

54.    Mark Slater

55.    Nicole Stefanov

56.    Tom Stevelt

non-redundant 57.    David Stevend

58.    Angie Tang

59.    John Tarr

60.    Tom Townsend

61.    Bob Trader

62.    Phillip Trickey

non-redundant 63.    Claudia Villareal

64.    Kirk Watts

65.    Mike Webb

66.    Heather Wilson

67.    Chris Wilson

4

Case 3:05-bk-03817-JAF    Doc 22804    Filed 12/14/09    Page 22 of 22
DEC-10-2009  14:20        Rubin & Rubin                    7722832009      P.05
Case 3:05-bk-03817-JAF    Doc 22798    Filed 12/10/09    Page 5 of 5

68.    Les Wulfert

*non-redundant* 69.    Melissa Yon

Impeachment and rebuttal witnesses, as necessary.

Any and all witness listed by any of the Defendants.

Any and all persons listed in any answers to Interrogatories.

Any and all persons whose depositions have been, or will be, taken in this matter.

## CERTIFICATE OF SERVICE

I certify that a true copy was sent via U.S. Mail to Smith Hulsey & Busey, Stephen D. Busey, Esq., 225 Water Street, Suite 1800, Jacksonville, FL 32202, counsel for the Debtor this _10th_ day of _December_ , 2009.

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Counsel for Visagent Corp.

5