UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: )  CASE NO.: 05-03817-3F1
 )
WINN-DIXIE STORES, INC. et al ) Chapter 11
 )
Debtors. ) Jointly Administered

## VISAGENT'S EMERGENCY MOTION FOR EXTENSION OF TIME TO SUBMIT REBUTTAL EXPERT REPORTS

Visagent Corporation, through counsel, hereby files Motion For Extension of Time To Submit Rebuttal Expert Reports, and in support states:

1. Pursuant to this Court's August 20, 2009 Order Setting Trial, expert disclosures under Rule 26 were due to be served no later than December 10, 2009, with rebuttal expert disclosures served no later than December 25, 2009. See attached Order attached as Exhibit 1.

2. Winn-Dixie served two such expert disclosures via email after the end of the business day at 6:51 p.m. on December 10, 2009. See attached email from Jim Bolling, Esq. to undersigned counsel attached as Exhibit 2.

3. The disclosures were incomplete inasmuch as they did not include the exhibits referenced in the expert reports.

4. Immediately upon receipt of said expert reports, undersigned counsel requested deposition dates between December 11, 2009 and December 24, 2009 in order to determine the precise nature of the expert testimony to be expected at trial, and in an effort to supply a rebuttal expert with specific information in which to prepare an opposing opinion and corresponding disclosure before the December 25, 2009 rebuttal

1

report deadline. See attached email from undersigned counsel to Jim Bolling, Esq. attached as Exhibit 3.

5. Mr. Bolling responded the following day noting that scheduling depositions over the two weeks before Christmas would be problematic and further suggested scheduling the expert and additional fact witness depositions beginning the week of January 4, 2010. See attached email from Jim Bolling, Esq. to undersigned counsel attached as Exhibit 4.

6. Undersigned counsel immediately responded to Mr. Bolling requesting an agreed extension of time for the rebuttal expert disclosures under these circumstances. See attached email from undersigned counsel to Jim Bolling, Esq. attached as Exhibit 5.

7. Mr. Bolling responded the following business day, Monday, December 14, 2009, advising that Winn-Dixie does not consent to an extension of time for Visagent's rebuttal expert disclosures. See attached email from Jim Bolling, Esq. to undersigned counsel attached as Exhibit 6.

8  Following receipt of said email, undersigned counsel again requested deposition dates, this time, the specific dates of December 23 and 24, 2009 to conduct Winn-Dixie's experts' depositions in order to comply with the rebuttal expert disclosure date in the August 20th Order Setting Trial. See attached email from undersigned counsel to Jim Bolling, Esq. attached as Exhibit 7.

9. Again, Mr. Bolling responded advising undersigned counsel that neither Winn-Dixie's lawyers nor their experts were available for depositions on December 23 or 24, 2009, but that they were willing to work with counsel on deposition scheduling in 2010. See attached email from Jim Bolling, Esq. to undersigned counsel attached as Exhibit 8.

10. Undersigned counsel made a last effort to resolve this scheduling problem/dispute without this Court's involvement by calling Mr. Bolling to discuss the matter, but Mr. Bolling was not available to discuss same.

11. Visagent should be permitted a reasonable opportunity to depose Winn-Dixie's experts in furtherance of retaining rebuttal experts and properly addressing the specific opinion testimony expected from Winn-Dixie's experts.

12. One Winn-Dixie expert report by Mr. Robert Thomas, barely one page, is brief and lacks any detail as to the data upon which his opinions are based. A deposition of Mr. Thomas is necessary to retain a rebuttal expert and to have said expert address the specific relevant testimony to be given by Mr. Thomas at trial. Said expert report of Mr. Thomas is attached as Exhibit 9.

13. The other Winn-Dixie expert report by Eileen T. Kraemer, Ph.D. is at the other end of the continuum, inasmuch as it is lengthy (12 pages) and is highly technical, addressing telecommunication protocols and the conveyance of electronic data over historic, more traditional means of communication, and comparing same to contemporary means of conveying data over the information superhighway. A deposition of Dr. Kraemer is equally if not more necessary in order to retain a rebuttal expert appropriately qualified and to have said expert address the specific technical opinions to be offered by Winn-Dixie at trial. Said expert report of Dr. Kraemer is attached as Exhibit 10.

14. The upcoming trial should be a trial based upon an ample opportunity for the parties to prepare their respective cases and to present the evidence fairly to this Court. Winn-Dixie's last moment disclosures, delivered electronically after the close of business on the last day permitted by the Order Setting Trial, with knowledge of Winn-Dixie's

counsel's unavailability, and presumably also with knowledge of said experts' unavailability, in the two weeks before Christmas, should not work to the detriment of Visagent. Winn-Dixie's unwillingness to consent to an extension of time for Visagent's rebuttal expert reports would seem to confirm that the timing of these expert disclosures to gain a tactical advantage over Visagent was not unintentional.

15. Since Winn-Dixie has represented that their experts and counsel are not available within the time period required for Visagent's rebuttal expert disclosures, Visagent requests an extension of time of ten days after the last of Winn-Dixie's experts is deposed in which to serve its rebuttal expert reports. This will not cause any prejudice to Winn-Dixie inasmuch as the subject is a rebuttal expert report, to which a sur-rebuttal is not permitted under the rules.

16. Rule 26(a) (2) governs expert witness disclosures and requires parties to identify expert witnesses "in the sequence that the court orders." Fed.R.Civ.P. 26(a) (2). The disclosure of expert witnesses "must be accompanied by a written report-prepared and signed by the witness-if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Id. The expert reports "must contain ... a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the data or other information considered by the witness in forming them" and "any exhibits that will be used to summarize or support them." Fed.R.Civ.P. 26(a) (2) (B)(i)-(iii). In addition, Rule 26(a)(2)(D) imposes upon parties a continuing obligation to supplement their expert witness disclosures according to the requirements of Rule 26(e), which provides that such "duty to supplement extends both to the information included in

the report and to information given during the expert's deposition." Fed.R.Civ.P. 26(e)(2) Further," a party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a) (2) (B), the deposition shall not be conducted until after the report is provided." Fed.R.Civ.P. 26(b) (4) (A).

17. "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge...." Fed.R.Civ.P. 16(b) "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' " Sosa v. Airprint Sys., 133 F.3d 1417, 1418 (11th Cir.1998) (citing Fed.R.Civ.P. 16 advisory committee's note); In finding a lack of diligence on behalf of the plaintiff, the Eleventh Circuit in Sosa highlighted three aspects of the plaintiff's prosecution of her claim and subsequent motion to amend: the failure to ascertain information before filing suit, the disregard of available information, and the approximate six-month delay in utilizing information made available through interrogatory responses.

18. Although the Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely, the grant or denial of an extension of time for discovery prior to such time is within the district court's discretion. Payne v. Ryder System, Inc. Long Term Disability Plan, 173 F.R.D. 537 (M.D. Fla., 1997) In Armitage v. Dolphin Plumbing & Mechanical LLC, 2006 WL 1679360 (M.D. Fla., 2006), the court held that, when a party seeks an extension of a deadline contained in a scheduling order entered by the district court pursuant to Fed.R Civ.P.16(b), it must first demonstrate good cause for the requested extension. Armitage, 2006 WL 1679360 at *1, citing to Sosa v. Airprint Sys. Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). The court

further held that the good cause requirement precludes modification unless the schedule could not be met despite the diligence of the party seeking the extension. Id. The court cited to a sister court within the 11th Circuit, explaining that "[t]o show good cause, a party must, as a prerequisite to further consideration of the motion, show diligence as to the matter that is the subject of the motion..." Id. citing Wolf Designs Inc. v. DHR & Co., 231 F.R.D. 430, 436 (N.D. Ga. 2005). Factors that should be considered when a party moves for additional time for discovery include when the moving party learned of the issue that is the subject of discovery, the length of the discovery period, whether the moving party was dilatory, and whether the adverse party was responsive to prior discovery requests. Courts should also consider whether trial is imminent, whether the request is opposed, whether the non-moving party would be prejudiced, and whether the moving party was diligent in obtaining discovery within the guidelines established by the court.

19. Visagent has attempted to schedule the depositions of Debtors' experts prior to the deadline to submit rebuttal experts, but has been thwarted by Debtors' claim of unavailability of both their counsel and their experts. Visagent would be irreparably prejudiced if these depositions are not conducted prior to designating rebuttal experts. A brief continuance of the deadline would do no harm to either party and would permit Visagent the opportunity to depose Debtors' experts, which should have occurred within the time frames set by the Court had Debtors been "available." Visagent has been diligent in prosecuting this matter, immediately requesting deposition dates and has not requested a delay of the trial. Good cause exists for a brief extension based on the filing of the expert reports at the quintessential eleventh hour and Debtors unwillingness or

6

inability to produce the experts for deposition prior to Visagent's deadline to file its expert rebuttal report.

## CERTIFICATION OF NATURE OF EMERGENCY

20.  Visagent seeks to have this Motion heard as an emergency due to the fast approaching expiration of the deadline for rebuttal expert reports (December 25, 2009), coupled with this Court's regular notice requirement of twenty days for the scheduling of a hearing. Furthermore, the impending holidays will make regular scheduling of a hearing difficult before the end of the year. Finally with the trial period fast approaching, Visagent's failure to attempt to have this motion heard as an emergency could be interpreted at a later date as a lack of effort or importance of the issues raised in this Motion, which is not the case.

_____
GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
GLADYS C. LAFORGE, ESQ.

## CERTIFICATE OF GOOD FAITH

I HEREBY CERTIFY that counsel for Visagent' counsel personally made a good faith effort to resolve the issues set forth by way of this Motion prior to filing same. As outlined in the Memorandum, the issues raised could not be resolved.

_____
GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
GLADYS C. LAFORGE, ESQ.

## CERTIFICATE OF SERVICE

I certify that a true copy was sent via U.S. Mail and via electronic filing to counsel for the Debtor this December 15, 2009.

*[signature]*

GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
GLADYS C. LAFORGE, ESQ.
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Attorney for Plaintiff

Copy furnished to:
Stephen D. Busey
**Smith Hulsey & Busey**
225 Water Street
Suite 1800
Jacksonville, FL 32202
Tel: (904) 359-7700
Fax: (904) 359-7708