UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

## VISAGENT'S CERTIFICATE OF NECESSITY FOR AN EXPEDITED HEARING ON VISAGENT'S EMERGENCY MOTION FOR EXTENSION OF TIME TO SUBMIT REBUTTAL EXPERT REPORTS

Visagent Corporation, through counsel, pursuant to Local Bankruptcy Rule 9004-2(d), requests an expedited hearing on Visagent's Motion For Extension of Time to Submit Rebuttal Reports and says:

1. Pursuant to this Court's August 20, 2009 Order Setting Trial, expert disclosures under Rule 26 were due to be served no later than December 10, 2009, with rebuttal expert disclosures served no later than December 25, 2009.

2. Winn-Dixie served two such expert disclosures via email after the end of the business day at 6:51 p.m. on December 10, 2009.

3. The disclosures were incomplete inasmuch as they did not include the exhibits referenced in the expert reports.

4. Immediately upon receipt of said expert reports, Visagent's counsel requested deposition dates between December 11, 2009 and December 24, 2009 in order to determine the precise nature of the expert testimony to be expected at trial, and in an effort to supply a rebuttal expert with specific information in which to prepare an opposing opinion and corresponding disclosure before the December 25, 2009 rebuttal report deadline.

5. Debtors have advised that they and they and their experts are unavailable until after January 4, 2010, thus preventing Visagent from deposing their experts prior to the deadline to file expert rebuttal reports. Visagent should be permitted a reasonable opportunity to depose Winn-Dixie's experts in furtherance of retaining rebuttal experts and properly addressing the specific opinion testimony expected from Winn-Dixie's experts. An expedited hearing is necessary to address the issues prior to the deadline for Visagent to file said reports. Coupled with this Court's regular notice requirement of twenty days for the scheduling of a hearing and the impending holidays scheduling a hearing before the end of the year will be difficult. Finally with the trial period fast approaching, Visagent's failure to attempt to have this motion heard as an emergency could be interpreted at a later date as a lack of effort or importance of the issues raised in this Motion.

_____
GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
GLADYS C. LAFORGE, ESQ.

## CERTIFICATE OF SERVICE

I certify that a true copy was sent via U.S. Mail and via electronic filing to counsel for the Debtor this December 15, 2009.

_____
GUY BENNETT RUBIN, ESQUIRE
Florida Bar No.: 691305
GLADYS C. LAFORGE, ESQ.
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(772) 283-2004
(772) 283-2009 (facsimile)
Attorney for Plaintiff