[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 1, 2009
THOMAS K. KAHN
CLERK

No. 08-15494

D. C. Docket Nos. 07-00237 CV-J-33,
05-03817-3F1

IN RE:

WINN-DIXIE STORES, INC.,

Debtor.

FLORIDA TAX COLLECTORS,

Plaintiff-Appellant,

versus

WINN-DIXIE STORES, INC.,

Defendant-Appellee.

No. 08-15495

D. C. Docket Nos. 07-00240 CV-J-33,
05-03817-3F1

IN RE:

WINN-DIXIE STORES, INC.,

Debtor.

_____

FLORIDA TAX COLLECTORS,

Plaintiff-Appellant-Cross-Appellee,

versus

WINN-DIXIE STORES, INC.,

Defendant-Appellee-Cross-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(December 1, 2009)

Before MARCUS, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

The appeals in Nos. 08-15494 and 08-15495 were orally argued together on Wednesday, November 18, 2009. We sua sponte consolidate the two appeals.

With respect to appeal No. 08-15494, the only issue in this appeal is whether the bankruptcy court and district court erred in fixing the interest rate for the tax

payments to appellants at seven percent.[1]  We conclude that there was no error.

See United States v. Southern States Motor Inns, Inc., 709 F.2d 647 (11th Cir.

1983).

With respect to appeal No. 08-15495, appellants' arguments on appeal fail to

establish any error in the judgment of the court below.  Thus, the judgment of the

court below rejecting the several arguments presented to the courts below is

affirmed (including the following arguments which apparently were raised in the

court below: the Tenth Amendment argument, the Eleventh Amendment argument,

the argument based on the Tax Injunction Act, and the abstention argument).  In

addition, appellants' sparse brief on appeal fails to establish error with respect to

the application of 11 U.S.C. §505 in the court below.

With respect to Winn-Dixie's cross-appeal in No. 08-15495, Winn-Dixie has

failed to persuade us that the district court erred in concluding that the appropriate

statute of limitations was 60 days.  See Ward v. Brown, 894 So.2d 811 (Fla. 2004).

AFFIRMED.

---

[1]     We construe appellants' representations to the district court as a concession that
this was the only issue.  Accordingly, we disregard appellants' other arguments in its brief in this
appeal.

3