**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

**WINN-DIXIE'S MEMORANDUM IN OPPOSITION
TO VISAGENT'S MOTION TO EXTEND
<u>DEADLINE FOR REBUTTAL EXPERT DISCLOSURE</u>**

Winn-Dixie Stores, Inc., on behalf of twenty-three of its subsidiaries and affiliates, as the Reorganized Debtors (collectively, "Winn-Dixie"), objects to Visagent's motion to extend the deadline for serving Visagent's rebuttal expert disclosures (Docket No. 22810), and says:

1. This contested matter is scheduled for trial on liability commencing February 8. Earlier this year Winn-Dixie and Visagent agreed upon and presented to the Court a consent order providing for pretrial procedures and scheduling the trial. The Court entered the Consent Order Scheduling Trial on August 20, 2009 (Docket No. 22583, Exhibit A). The Order requires that the parties serve their initial expert disclosures by December 10 and to serve rebuttal expert disclosures by December 24:

> Each party will serve expert disclosures for issues not related to damages pursuant to Rule 26(a)(2), Federal Rules of Civil Procedure, no later than sixty days before trial, and any rebuttal expert disclosures no later than 45 days before trial.
>
> Consent Order Scheduling Trial, para. 2(I).

2. In accordance with this agreed order, Winn-Dixie served Visagent on December 10 with Winn-Dixie's expert disclosures with two expert reports (Exhibit B). Because of the volume of Winn-Dixie's expert disclosures (including exhibits), Winn-Dixie served the disclosures by mail pursuant to Rule 5(b)(2)(C), Fed.R.Civ.P. To more expeditiously notify Visagent of Winn-Dixie's disclosures, Winn-Dixie also served Visagent with the disclosures, and the bodies of the experts' reports, by electronic mail on December 10 (Exhibit C). In response, Visagent requested that the disclosures, with all attachments, be served by hand delivery to Visagent's offices (Exhibit D), which Winn-Dixie did the next day (Exhibit E).

3. Visagent has not provided Winn-Dixie any expert disclosures.

4. Visagent's motion is premised on an erroneous argument that Visagent is entitled to take the depositions of Winn-Dixie's experts *before* Visagent serves its rebuttal expert disclosures.

5. Visagent's motion should be denied because:

a. Visagent negotiated and stipulated to the terms of the Consent Order Scheduling Trial, which does not require or contemplate that depositions of initially disclosed experts occur before rebuttal experts are disclosed;

b. Winn-Dixie would be prejudiced by an extension of the stipulated deadline for rebuttal expert disclosures, while Visagent would not be prejudiced by timely disclosing its rebuttal experts; and

c. because Visagent has the burden of proof on issues addressed in Winn-Dixie's expert disclosures, Visagent initially should have made its expert disclosures on December 10 and Winn-Dixie thereafter made rebuttal expert disclosures, not vice versa.

A. The Consent Order does not provide for depositions of Winn-Dixie's experts before Visagent makes its rebuttal expert disclosures.

6. Visagent negotiated and stipulated to the terms of the Consent Order Scheduling Trial, including the requirement that the parties serve their rebuttal expert disclosures fourteen days after the initial expert disclosure. The order does not require, or even realistically permit, that initially disclosed experts be deposed within fourteen days after disclosure. The stipulated order instead requires that discovery "be completed ten (10) days

prior to trial" (order, para. 3), which is now January 29, 2010. Local Bankruptcy Rule 7030-1 requires that depositions "be noticed on no less than ten (10) days notice…," which essentially precludes depositions within fourteen days of witness disclosure. Thus the parties agreed to a procedure that did *not* contemplate depositions of experts before rebuttal reports must be served.

B. <u>Winn-Dixie would be prejudiced by extending Visagent's deadline for making rebuttal expert disclosures, but Visagent would not be prejudiced by timely disclosing its rebuttal expert disclosures.</u>

7. Winn-Dixie bargained for receipt of rebuttal expert disclosures by December 24, in order to allow Winn-Dixie sufficient time to notice and prepare for the depositions of Visagent's expert witnesses, and depose them before January 29. Visagent's requested extension of its stipulated rebuttal expert deadline to ten days after it deposes Winn-Dixie's experts (which will occur in January) would deprive Winn-Dixie time for which it bargained in the consent order to adequately prepare for those depositions and the trial.

8. By contrast, Visagent will not be prejudiced by timely serving its rebuttal expert disclosures pursuant to the December 24 deadline, because Visagent stipulated to this requirement. Visagent has known for over seven months that Winn-Dixie intended to present expert testimony on the issue

4

about "through the Internet or similar electronic means," which is the subject of Prof. Kraemer's expert report (Exhibit F).

9.      Moreover, Winn-Dixie's experts' reports disclose sufficient information for Visagent to obtain rebuttal expert reports.

C.    Because Visagent has the burden of proof on its claim, Visagent should have initially disclosed its experts on December 10.

10.     Moreover, as this Court held, "*Visagent* bears the burden of persuasion to substantiate the validity and amount of its claim by a preponderance of the evidence" (November 6, 2009 order; Docket No. 22724; Exhibit G; emphasis added).

11.     Visagent therefore has the burden of proof on the issues which are the subject of Winn-Dixie's expert reports—whether Winn-Dixie breached the Service Agreement by buying and re-selling "full or truckload quantities" of goods on the secondary market "through the Internet or similar electronic means" without using Visagent's exchange.  Winn-Dixie's expert reports disclose Winn-Dixie's experts' opinions on these issues, on which Visagent has the burden of proof.  Any Visagent opinion testimony on these issues should have been disclosed on December 10, not though rebuttal:

> As for having the opportunity to retain his own expert, it must be noted that plaintiff, not defendants, has the burden of proof on all issues

5

> addressed in Mr. Ricigliano's report and therefore should have been the one to disclose his expert testimony before defendants. *See* Fed.R.Civ.P. 26(a)(2). Advisory Committee Notes to 1993 Amendments ("[I]n most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue").
>
> *Hines v. Dean*, 2005 WL 589803, *3 (N.D.Ga. 2005).

WHEREFORE, Winn-Dixie respectfully requests that the Court (i) deny Visagent's motion to extend the stipulated deadline for serving rebuttal expert disclosures or (ii) continue the February 8 trial for the length of any extension of Visagent's deadline.

SMITH HULSEY & BUSEY

By  */s/ Timothy R. Buskirk*
    Stephen D. Busey
    James A. Bolling
    Timothy R. Buskirk

Florida Bar Number 058314
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
tbuskirk@smithhulsey.com

Attorneys for Winn-Dixie

## Certificate of Service

I certify that a copy of the foregoing document was furnished electronically through the Court's CM/ECF electronic notification system to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, Post Office Box 395, Stuart, Florida 34995, this 18th day of December, 2009.

               */s/ Timothy R. Buskirk*
                 Attorney

683457.1