UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., *et al.*,

Debtors.

Case No. 05-03817-3F1
Chapter 11
Jointly Administered

\

## DIVERSIFIED'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEBTOR AND FOR AWARD OF ATTORNEYS' FEES

Counter-Defendant, Diversified Maintenance Systems, Inc. ("Diversified") moves to compel Counter-Plaintiff, Winn-Dixie Stores, Inc. ("Winn-Dixie"), to produce documents responsive to Diversified's First Request for Production, and states:

1. Diversified and Winn-Dixie are parties to an adversary proceeding within this Chapter 11 bankruptcy case by virtue of Diversified's Motion to Compel Payment of Undisputed Post-Petition Obligation (Doc. No. 21311) and Winn-Dixie's Counterclaim against Diversified (Doc. No. 22516).

2. On July 10, 2009, Diversified served its First Request for Production to Winn-Dixie.

3. On October 16, 2009, Winn-Dixie served responses to Diversified's Request for Production, but did not produce responsive documents.

4. Diversified has made several requests for Winn-Dixie to either produce copies of responsive documents or, pursuant to Federal Rule of Civil Procedure 34, allow Diversified to inspect the documents as they are kept in the usual course of business by Winn-Dixie. For example, attached as Exhibit A is a copy of an email from counsel for Diversified to counsel for Winn-Dixie requesting the production or inspection and offering a proposed date for

1

Diversified's counsel to travel to Jacksonville for the inspection. Winn-Dixie has failed to respond to Diversified's request to either produce copies or allow the inspection.

5. Additionally, in response to Diversified's First Set of Interrogatories, Winn-Dixie referred Diversified to an alleged damages summary prepared by Winn-Dixie. Winn-Dixie provided Diversified with a paper copy of the summary instead of answering the interrogatories directly. Diversified has demanded that Winn-Dixie produce the electronic version of the summary document that Winn-Dixie provided, as it is responsive to Diversified's First Request for Production. Winn-Dixie has refused, citing work-product. Any work-product that applied to the electronic version of the document has been waived, however, by Winn-Dixie's disclosure of the paper version of the same document. Winn-Dixie must also produce the back-up documents it used to create the summary, as those documents are responsive to Diversified's First Request for Production. Winn-Dixie has again refused or failed to produce.

6. There is no justification for Winn-Dixie's failure to produce responsive documents. Accordingly, pursuant to Federal Rule of Civil Procedure 37(A)(5), as applied by Federal Rule of Bankruptcy Procedure 9037, this Court "must" award Diversified its attorneys' fees and costs incurred in connection with this motion.

7. The undersigned certifies that he has conferred with counsel for Winn-Dixie in a good faith effort to resolve this matter without the necessity of court intervention.

WHEREFORE, Defendant, Diversified Maintenance Systems, Inc., requests the Court to compel Winn-Dixie to produce all documents responsive to Diversified's First Request for Production, award Diversified its reasonable attorneys' fees and costs incurred in bringing in this motion, and order such other relief as the Court deems appropriate.

Dated: December 22, 2009

Respectfully submitted,

/s/ Paul B. Thanasides
Paul B. Thanasides
Florida Bar No. 0103039
paul@mcintyrefirm.com
McIntyre, Panzarella, Thanasides,
    Eleff & Hoffman, P.L.
6943 E. Fowler Avenue
Tampa, Florida  33617
(813) 899-6059
(813) 899-6069 (Facsimile)
*Attorneys for Diversified Maintenance Systems, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 22nd day of December, 2009, a true and correct copy of the foregoing was served via facsimile and via the Court's CM/ECF system to: **James H. Post, Esq.**, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida  32202, Fax No.: 904-359-7708.

/s/ Paul B. Thanasides
Attorney

3