SMITH HULSEY & BUSEY

James A. Bolling
Direct 904.359.7719
jbolling@smithhulsey.com

December 23, 2009

Guy Bennett Rubin, Esq.
Rubin & Rubin
Post Office Box 395
Stuart, Florida 34995

    Re:    In re Winn-Dixie Stores, Inc., et al.; U. S. Bankruptcy Court, Middle District of Florida; Case No. 05-03817-3F1, Chapter 11

Dear Guy:

    Enclosed is Winn-Dixie's offer of judgment. The offer is designed to allow for the possibility of Visagent winning on liability and recovering a judgment for Visagent's commission on full truck loads during the contract period, and still permit Winn-Dixie to recover its prospective attorneys' fees from Visagent (as an offset against the judgment).

    Of course we think it is unlikely Visagent will recover a judgment at all. Winn-Dixie asked me to convey to Visagent that this is its last and best offer to settle this case.

                                      Sincerely,

Enclosure
684550.1

ATTORNEYS
225 Water Street, Suite 1800 • P.O. Box 53315 • Jacksonville, FL 32201-3315
Office 904.359.7700 • Fax 904.359.7708

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

## WINN-DIXIE'S PROPOSAL FOR SETTLEMENT TO VISAGENT

Pursuant to § 768.79, Fla. Stat., and Rule 1.442, Fla.R.Civ.P., Winn-Dixie Stores, Inc., and its subsidiaries and affiliates,[1] as the Reorganized Debtors (collectively, "Winn-Dixie"), proposes to claimant Visagent Corporation ("Visagent") to settle Visagent's claim against Winn-Dixie (Claim No. 9953, the "Claim") in this matter on the following terms:

1. if Visagent timely accepts this proposal, then the parties have reached a settlement (the "Settlement");

---

[1] The following entities are Winn-Dixie Stores, Inc.'s subsidiaries and affiliates in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. Winn-Dixie shall promptly seek approval of the Settlement by the Post-Effective Date Committee in accordance with Section F of the Plan Supplement Pursuant to Section 12.18 of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and its Affiliated Debtors;

3. If the Settlement is approved by the Post-Effective Date Committee, Winn-Dixie shall promptly submit a proposed Agreed Order to the Bankruptcy Court (the "Agreed Order") and shall use its best efforts to obtain approval of same; if the Settlement is objected to by the Post-Effective Date Committee, Winn-Dixie will attempt to resolve such objection by agreement and/or by the filing of a motion with the Bankruptcy Court for entry of an order authorizing Winn-Dixie to enter into the Settlement in a form substantially similar to the Agreed Order (the "Litigated Order");

4. the Settlement is conditioned upon the entry and finality of the Agreed Order or the Litigated Order;

5. the Settlement shall be effective when the Agreed Order or the Litigated Order is approved by the Court and becomes a final order (the "Effective Date");

6. upon the Effective Date, the Claim will be allowed as an unsecured non-priority Class 14 Vendor/Supplier Claim in the amount of

$2,909,000 under Section 4.3(h) of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and its Affiliated Debtors, as modified;

7. upon the Effective Date, the balance of the Claim and any other claims filed by Visagent in this case will be disallowed;

8. none of the consideration Winn-Dixie offers in this proposal is to settle a claim for punitive damages; and

9. Winn-Dixie's proposal includes attorneys' fees and pre-award interest, which are part of the Claim.

SMITH HULSEY & BUSEY

By /s/ Stephen D. Busey
Stephen D. Busey
James A. Bolling

Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com

Attorneys for Winn-Dixie

4

## Certificate of Service

I certify that a copy of the foregoing document was furnished by mail to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, Post Office Box 395, Stuart, Florida 34995, this 23rd day of December, 2009.

_____
Attorney

4

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                     Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., *et al.*,         Chapter 11

Reorganized Debtors.                               Jointly Administered

## AGREED ORDER OF RESOLUTION OF THE
## CLAIM OF VISAGENT CORPORATION (CLAIM NO. 9953)

This confirmed Chapter 11 case is before the Court upon notice by Winn-Dixie Stores, Inc. and its affiliates (collectively, the "Reorganized Debtors") of a settlement with Claimant, Visagent Corporation (the "Claimant") pursuant to Claimant's timely acceptance of Reorganized Debtors' proposal for settlement. Based upon the consent of the parties, it is

ORDERED AND ADJUDGED:

1. Claim No. 9953 filed by Claimant (the "Claim") is allowed in the amount of $2,909,000 as a Class 14 Vendor/Supplier Claim under Section 4.3(h) of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and its Affiliated Debtors, as modified (the "Plan");

2. distributions will be made to Claimant on account of the allowed amount of the Claim pursuant to Section 9.2 of the Plan;

3.  this Agreed Order resolves (i) all liabilities and obligations related to the Claim and (ii) all other claims, including those the Claimant has or may have against the Reorganized Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released;

4.  the Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Reorganized Debtors in this Court or in any other forum and pay all applicable court costs, if any; and

5.  the Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of _____, 2010, in Jacksonville, Florida.

                                                    Jerry A. Funk
                                                    United States Bankruptcy Judge

683951.1