**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.* | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

**WINN-DIXIE STORES, INC.'S (I) RESPONSE TO
MISSISSIPPI  COUNTIES' MOTION FOR SUMMARY
JUDGMENT, (II) CROSS MOTION FOR SUMMARY
JUDGMENT, AND (III) MEMORANDUM IN SUPPORT**

SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Counsel for Winn-Dixie Stores, Inc.

**Winn-Dixie's Response to the**
**Mississippi Counties' Motion for Summary**
**Judgment and Cross-Motion for Summary Judgment**

Winn-Dixie Stores, Inc. and its twenty-three reorganized debtor affiliates (collectively, "Winn-Dixie") (i) oppose the motion for summary judgment (the "Counties' Motion for Summary Judgment;" Docket No. 22518) filed by the Mississippi Counties of Hinds, Jones, Lauderdale, Pike, and Rankin (the "Counties") in the contested matter initiated by the Counties' motions for relief from this Court's order determining tax liabilities (collectively, the "Motions for Relief"; Docket Nos. 12389, 12393, 12443, 13105, 13108 and 13116[1]); (ii) move the Court, pursuant to Rule 7056, Federal Rules of Bankruptcy Procedure, for an order granting Winn-Dixie summary judgment against the Counties on their Motions for Relief and (iii) respectfully request that the Court deny the Counties' Motions for Relief.

The pleadings, exhibits and affidavits on file in this contested matter show there is no genuine issue as to any material fact and that Winn-Dixie is entitled to a summary final judgment denying the Motions for Relief.

I.    **The undisputed material facts.**

1.    On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and twenty-three of its affiliates filed petitions for reorganization under Chapter 11

---

[1]    Docket No. 13108 is titled "Motion for Relief from Order Determining Tax Liabilities as to Jones County," but the Motion seeks relief as to Hinds County.  Hinds County filed a second Motion for Relief at Docket No. 13116 which corrected the apparent mistake in the title of the prior motion.

of Title 11 of the United States Code, in the United States Bankruptcy Court for the Southern District of New York.

2.     On April 14, 2005, Winn-Dixie's Chapter 11 proceedings were transferred to the Bankruptcy Court in Jacksonville, Florida, where they were assigned Case No. 05-3817-3F1.

3.     On July 11, 2006, Winn-Dixie filed its (I) Fourth Omnibus Objection to Tax Claims and (II) Motion Requesting Determination of Tax Values and Liabilities (the "Motion;" Docket No. 9133).  The Motion requested that the Court enter an Order pursuant to Section 505 of the Bankruptcy Code determining Winn-Dixie's tax liabilities to tax collectors in Mississippi and Louisiana, as well as the appropriate interest rate to be used to calculate any accrued interest on those tax liabilities.[2]

4.     On July 11, 2006, Winn-Dixie filed a notice of hearing which stated that on August 10, 2006, the Court would conduct a hearing to consider the Motion (the "Notice of Hearing;" Docket No. 9134).

5.     The Debtors mailed copies of the Motion and the Notice of Hearing to the Tax Collectors on July 11, 2006 at the addresses provided by the Tax Collectors for payment of the taxes owed to the Tax Collectors.  *See* Stipulation Regarding Mailing and Receipt of Fourth Omnibus Objection to Tax claims and Motion for Order Determining Tax Liabilities (the "Stipulation;" Docket No. 22790) and Affidavit of Cheri Gilbert attached as Exhibit A (the "Gilbert

---

[2]   The Motion also included an objection to tax claims filed by some of the tax collectors that were identified in the Motion.  Neither the tax collectors for the Counties (the "Tax Collectors") nor the Counties filed claims in Winn-Dixie's bankruptcy case.

Affidavit"). All of the Tax Collectors received their service copies of the Motion and Notice of Hearing. *See* Stipulation.

6.      None of the Tax Collectors responded to the Motion prior to the August 10, 2006 hearing.

7.      On August 10, 2006, the Court conducted a hearing on the Motion. None of the Tax Collectors appeared at the hearing.  As a result, the Court entered its Order on Debtors' (I) Fourth Omnibus Objection to Tax Claims and (II) Motion Requesting Determination of Tax Values and Liabilities (the "Order;" Docket No. 10162), which included a determination of Winn-Dixie's tax liabilities to the Tax Collectors for tax years 2004, 2005 and 2006.

8.      On September 25, 2006, Richard R. Thames, an attorney with the law firm of Stutsman, Thames & Markey, filed (i) a notice of appearance on behalf of "the Tax Collectors" for Hinds County, Lauderdale County, Pike County and Rankin County, Mississippi (the "Notice of Appearance;" Docket No. 11322) and (ii) an Objection to Debtors' Plan of Reorganization (the "Plan Objection;" Docket No. 11323).[3]

9.      Neither the Notice of Appearance nor the Plan Objection contained any reference to the Motion or the Order.

---

[3]    The Notice of Appearance also stated that Mr. Thames was making an appearance on behalf of four other Mississippi counties, Madison, Marion, Forrest and Yazoo, all of which had filed timely responses to the Motion.  Those four counties were also parties to the Plan Objection.

## II.    Argument.

### A.    *Winn-Dixie was not required to serve the Motion on the Boards of Supervisors.*

#### 1.    Winn-Dixie served the Tax Collectors because they are the county officers to whom Winn-Dixie had a tax liability.

The Counties argue that the Tax Collectors have no separate existence apart from the Counties, and therefore Winn-Dixie was required to serve the Motion on the Counties—not the Tax Collectors—by mailing a copy of the Motion to the clerk or president of each of the Boards of Supervisors, citing Rule 7004 and Rule 4(d)(6), Mississippi Rules of Civil Procedure.[4]  In support of their argument, the Counties cite to three cases which hold that under Mississippi law, a county sheriff's *department* is not subject to suit because a sheriff's *department* does not have a separate legal existence apart from the county which it serves.  *See* Counties Memorandum of Law, page 6.  In each of the cases cited by the Counties, the issue was whether a Mississippi county sheriff's *department* could be a party defendant to a lawsuit.  *See id.* (citing *Mieger v. Pearl River County*, 986 So. 2d 1025, 1026-27 (Miss. Ct. App. 2008) ("a sheriff's *department* is not a separate instrumentality of the state");  *Payne v. Dickerson*, 2008 WL 1724003, *6 (N.D. Miss 2008) ("Marshall County Sheriff's *Department* … has no legal identity separate from Marshall County'); and *Cole v. Hinds County Board of Supervisors*,

---

[4]    Pursuant to Rule 7004, service upon a state or municipal corporation or other governmental organization, such as a county, has to be made by serving either (i) the chief executive officer or (ii) in the manner prescribed by the law of the state.  *See* Rule 7004(j)(2), Fed. R. Bankr. P.  Under Mississippi law, service on a county is effectuated by serving the president or the clerk of the county board of supervisors. *See* Rule 4(d)(6), Miss. R. Civ. P.  Winn-Dixie served the Motion on the individual Tax Collectors, not the Counties or any "other governmental *organization*," therefore Mississippi Rule 4(d)(6) has no bearing on how Winn-Dixie served the Motion.  *Id.* (emphasis added).

2007 WL 2903204, * 1 (S.D. Miss. 2007) ("Hinds County Sheriff's *Department* has no separate legal existence that of the county") (emphasis added)).

These cases are distinguishable because in Mississippi, by law, ad valorem property taxes are owed *to the tax collectors*. *See* Miss. Code Ann. § 27-41-1 ("all state, county, school, road, levee and other taxing districts and municipal ad valorem taxes, … and interest thereon, heretofore or hereafter assessed or levied *shall be due, payable and collectible by the tax collector*") (emphasis added). Moreover, as the Counties acknowledge in their Motion for Summary Judgment, pursuant to Mississippi statutes, it is the Tax Collectors who would sue Winn-Dixie if it did not pay its taxes. *See* Motion for Summary Judgment, page 5. Consistent with this statutory scheme, the Tax Collectors themselves acknowledged in their Plan Objection that Winn-Dixie's tax liability was to the *Tax Collectors*:

> *The Mississippi Tax Collectors* are the holders of various prepetition secured tax claims against Winn-Dixie Stores, Inc. and its affiliates (collectively, "Winn-Dixie").
>
> Plan Objection, page 1 (emphasis added).

Under the Federal Rules of Civil Procedure, service of process on governmental officials acting in their official capacity, like the Tax Collectors, is obtained in the same manner as an individual is served with process. *See Guelli v. United States*, 2006 WL 3219272, *4 (M.D. Fla. 2006) ("[Service of an] official

capacity claim against a state official may be effected under the rules for individual capacity suits.") (citing *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24 (1st Cir. 1988)).[5]

In *Echevarria-Gonzalez*, the First Circuit explained that personal service of a complaint against an individual acting in an official capacity is appropriate because it is the individual who will be bound by the judgment, and it is the individual who can be held in contempt if a court order is disobeyed:

> We think that the part of Rule 4 more nearly applicable here is paragraph (1) of subdivision (d).[6] The action is against an individual, albeit in his official capacity, and not against the state. Although the state (here, the Commonwealth of Puerto Rico) has a great interest in the outcome, *it will be the individual Secretary of Agriculture who in an official capacity is going to be bound by the judgment, and who can be held in contempt if a court order is disobeyed.* To be sure, service upon the Secretary under Rule 4(d)(1) invites the risk that he will not properly advise the state's legal officers of the pending action, but that seems an improbable oversight where the public officer is sued in an official capacity. We therefore hold that service

---

[5]  Without explaining the relevance of the argument, the Counties would lead the Court to believe that Mississippi law prohibits tax payers from suing their tax collectors. *See* Counties Memorandum of Law, page 6 ("nothing in Mississippi law authorizes Debtors to sue Tax Collectors…"). Regardless whether the argument has any relevance to the issue of whether Winn-Dixie properly served the Motion, there is nothing in Mississippi law which *prohibits* the Debtors from suing the Tax Collectors either. To the contrary, the Mississippi Supreme Court held in *Fiddle Inc. v. Shannon*, 834 So.2d 39 (Miss. 2003) that a tax payer had the *right* to sue the Lauderdale County Tax Collector, *individually in his official capacity*, for a refund of an overpayment of ad valorem taxes. *See id.* at 47.

[6]  At the time the First Circuit decided *Echavarria-Gonzales*, the method for serving process of an individual was governed by Rule 4(d)(1) of the Federal Rules of Civil Procedure. *See id.* at 28. In the 1993 amendments to the Federal Rules of Civil Procedure, Rule 4(d)(1) was moved to Rule 4(e). *See* Rule 4, Fed. R. Civ. P. (1993).

> upon a state officer in his official capacity is sufficient
> if made pursuant to Rule 4(d)(1).
>
> *Id*. at 29-30 (emphasis added).

Pursuant to Rule 7004, which is made applicable to contested matters by Rule 9014, a motion in a contested matter may be served on an individual by mailing a copy of the motion to the place where the individual regularly conducts a business or profession:

> (b)    *Service by First Class Mail*.  Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.C.P., service may be made within the United States by first class mail postage prepaid as follows:
>
> (1)    Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or *to the place where the individual regularly conducts a business or profession*.
>
> Rule 7004(b)(1) (emphasis added).

Winn-Dixie mailed the Motion to the Tax Collectors at the addresses where the Tax Collectors directed Winn-Dixie and other taxpayers to pay their tax bills. *See* Gilbert Affidavit.  As such, Winn-Dixie effected service on each of the individual Tax Collectors in their official capacity pursuant to Rule 7004.

2.      The Board of Supervisors are not necessary parties.

The Counties also argue that the Counties "by and through their Boards of Supervisors" are "the real parties in interest" because the Boards of Supervisors are responsible for adjudicating tax payers' challenges to their assessments under Mississippi law, therefore Winn-Dixie should have served them with copies of the Motion.  Counties' Memorandum of Law, pages 6-7.

Under Mississippi law, the Boards of Supervisors for the Counties are delegated the responsibility to adjudicate challenges to the valuation aspect of a tax assessment.  *See* Miss. Stat. § 27-35-89 ("The board of supervisors of each county shall hold a meeting . . . on the first Monday of August, to hear objections to the assessment. . . . [T]he board shall enter an order on the objection on or before the first Monday of September.").  By filing its Motion to determine Winn-Dixie's tax liabilities to the Tax Collectors, Winn-Dixie effectively removed to this Court the responsibility for the adjudication of its objection to the Tax Collectors' claims from the Boards of Supervisors, as permitted by Section 505.[7]

---

[7]  Winn-Dixie acknowledges that in its Order Granting in Part and Denying in Part, Florida Tax Collectors' Motion to Dismiss Debtors' Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities (the "Florida Tax Collectors Order;" Docket No.14815), this Court found that Winn-Dixie was required to serve the relevant Florida County Property Appraisers with a copy of its objection to the Florida tax Collectors' tax claims.  That aspect of the Court's decision was based on the fact that under Florida's statutory scheme, (i) county property appraisers are responsible for determining the value of and the tax due on the property and (ii) in a suit to challenge an assessed value, the property appraiser has to be named as a defendant.  *See id.* at 13.  The holding of the Florida Tax Collectors Order is distinguishable from the facts of this contested matter.  Under Mississippi's statutory scheme, boards of supervisors are not responsible, in the first instance, for determining property values, nor are they required to be joined as defendants in a challenge to an assessor's valuation, as they are the body responsible for adjudicating such challenges, and from which appeals are taken to a circuit court.  *See* Miss. Stat. §§ 27-35-89 and 11-51-77.  Moreover, the Mississippi Supreme Court has held that tax payers can sue county tax collectors to recover an overpayment of taxes.  See *Fiddle Inc.* at 47.

Moreover, the only issue presented by the Motions for Relief is whether the Tax Collectors were properly served, and, therefore, whether this Court had jurisdiction to enter the Order.  Because the Tax Collectors were properly served and failed to appear, this Court had jurisdiction to enter its order, which is binding on the Tax Collectors.  The consequence of the Mississippi Board of Supervisors not being a party to Winn-Dixie's 505 Motion is not an issue currently before the Court.

### 3.    The relevant "Taxing Authorities" are the "Tax Collectors."

Finally, the Counties argue that the Motion and the Order interchangeably referred to the "Tax Collectors" and "Taxing Authorities."  The Counties argue that Winn-Dixie understood that the relief it sought had to be obtained from someone other than the Tax Collectors and that someone must be the Counties, "by and through their Boards of Supervisors."  Memorandum of Law, page 9. This argument overlooks the fact that the Taxing Authorities *are identified in the exhibits to the Motion as the Tax Collectors*.  *See* Motion, pages 4-5 ("By this Objection and Motion, the Debtors seek entry of an order … determining that the market values reflected on Exhibit C are the correct values on which the Taxing Authorities should compute the Debtors' tax liabilities for the 2006 tax year.").  In Exhibit C to the Motion, the "Tax Collector" for each of Hinds County, Jones County, Lauderdale County, Pike County and Rankin County are identified as the relevant "Taxing Authorities."  *See* Motion, Exhibit C, pages 36, 41, 44, 51 and

54.    Moreover, any ambiguity regarding which Taxing Authorities were the subject of Winn-Dixie's Motion is resolved by the Order which states that:

> The Revised Tax Amounts listed on the attached Exhibits A and B are the correct amount of tax liabilities owed by the Debtors to the Taxing Authorities *identified on such Exhibits*.

> Order, page 3 (emphasis added).

As with the Motion, the relevant Taxing Authorities identified in the Exhibits to the Order are the "Hinds County Tax Collector," "Jones County Tax Collector," "Lauderdale County Tax Collector" "Pike County Tax Collector" and "Rankin County Tax Collector."  *See* Order, Exhibit B, pages 34, 39, 42, 48 and 51.

4.    Winn-Dixie was not required to serve the Motion pursuant to 11 U.S.C. § 505(b)(1) as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act.

The Counties argue that Winn-Dixie was required to serve the Counties pursuant to Section 505(b)(1), which, in its *current version*, states whom a debtor must serve with a motion seeking relief pursuant to Section 505(a).   Section 505(b)(1) was added to the Bankruptcy Code pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA").    The BAPCPA amendments, including Section 505(b)(1), are applicable only to those cases filed on or after October 17, 2005, the effective date of BAPCPA.  *See* § 1501(b)(1), Pub. L. No. 109-8, 119 Stat. 23.   Winn-Dixie filed its Bankruptcy Case on

February 21, 2005, and the new service provisions now found in Section 505(b)(1)

have no applicability to how Winn-Dixie served the Motion. *See Schwartz v.*

*Geltzer (In re Smith),* 507 F.3d 64, 73, n. 3 (2nd Cir. 2007) ("the 2005 [BAPCPA]

amendments do not apply to Smith's case because her bankruptcy petition was

filed prior to October 17, 2005") (citing BAPCPA, § 1501(b)(1), Pub. L. No. 109-

8, 119 Stat. 23).

> B.    *As required by Rule 9014, the Notice of Hearing gave the Tax*
> *Collectors reasonable notice and an opportunity for a hearing.*

The Counties assert that the Notice of Hearing Winn-Dixie served with the

Motion included a statement to the effect that the Court would only consider

objections to the Motion that were filed and served by July 31, 2006, and

therefore, the Notice of Hearing was "defective."  Winn-Dixie does not concede

that its notice of hearing was defective, but even if it were, the Counties do not

explain why the Notice of Hearing's requirement of a response entitles the

Counties to relief from the Order.

Rule 9014 requires only that Winn-Dixie give the Tax Collectors

reasonable notice and an opportunity for a hearing before the relief sought by the

Motion could be granted:

> In a contested matter not otherwise governed by these
> rules, relief shall be requested by the motion, and
> *reasonable notice* and *opportunity for hearing* shall be
> afforded the party against whom relief is sought.  No

response is required under this rule unless the court directs otherwise.

Rule 9014 (emphasis added).

On July 11, 2006, Winn-Dixie served its Motion and Notice of Hearing on the Tax Collectors, which they acknowledge receiving. *See* Stipulation.  The Notice of Hearing notified the Tax Collectors that on August 10, 2006 at 1:00 p.m., the Court would conduct a hearing on the Motion.  By giving the Tax Collectors thirty days notice and an opportunity for a hearing on the Motion, Winn-Dixie complied with Rule 9014.  *See Blodgett v. Stoebner (In re T.G. Morgan, Inc.)*, 394 B.R. 478 (8th Cir. B.A.P. 2008) (hearing conducted on objections to trustee's final report twenty days after the report was served and nine days after the notice of hearing was served complied with the notice and opportunity for hearing requirements of Rule 9014).

Moreover, if the Tax Collectors had any objection to the requirement in the Notice of Hearing that they file a response, the Tax Collectors could have raised that objection at the hearing on August 10, 2006.  The Tax Collectors did not appear at that hearing; therefore they waived their objection to the form of the Notice of Hearing.

III.   **Conclusion.**

For the foregoing reasons, Winn-Dixie respectfully requests that the court (i) deny the Counties' Motion for Summary Judgment, (ii) grant Winn-Dixie's

13

Cross-Motion for Summary Judgment, and (iii) deny the Counties' Motions for Relief.

SMITH HULSEY & BUSEY

By     */s/ Allan E. Wulbern*
      Stephen D. Busey
      Allan E. Wulbern

Florida Bar Number 0175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Counsel for Winn-Dixie Stores, Inc.

# Exhibit A

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

## AFFIDAVIT OF CHERI GILBERT

STATE OF TEXAS      )
                    )
COUNTY OF BEXAR    )

Before me, the undersigned authority, this day personally appeared Cheri Gilbert who being by me first duly sworn, deposes and says:

1.  I have personal knowledge of the facts below.

2.  I am employed by Assessment Technologies, Ltd. as Senior Vice President and General Counsel.

3.  I have reviewed the Certificate of Service for (i) the Debtors' (I) Fourth Omnibus Objection to Tax Claims and (II) Motion Requesting Determination of Tax Values and Liabilities (the "Motion") and (ii) the Notice of Hearing on the Motion (Docket No. 9155).

4.  The addresses for the Tax Collectors for Hinds County, Mississippi, Jones County, Mississippi, Lauderdale County, Mississippi, Pike County, Mississippi and Rankin County Mississippi to which the Motion and Notice of

Hearing were mailed are the addresses provided by those tax collectors for the

payment of taxes owed to them.

_Cheri Gilbert_
Cheri Gilbert

Sworn to and subscribed before me this
30th day of December, 2009 by Cheri
Gilbert who is personally known to me.

_Cindy a. Pavlicek_
Notary Public, State of Texas
My Commission Expires:

CINDY A. PAVLICEK
Notary Public, State of Texas
My Commission Expires
July 29, 2011

00683353

Certificate of Service

I certify that a copy of the foregoing has been furnished by CM/ECF notification to Robert Altman, Esq., 5256 Silver Lake Drive, Palatka, Florida 32177 and Stephen W. Rosenblatt, Esq. and Paul M. Ellis, Esq., Butler, Snow, O'Mara, Stevens & Cannada, PLLC, Post Office Box 22567, Jackson, Mississippi 39225-2567 this 4th day of January 2010.


_/s/ Allan E. Wulbern_____
Attorney


00683187..3