# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

## WINN-DIXIE'S MOTION IN LIMINE TO PRECLUDE VISAGENT FROM PRESENTING EXPERT TESTIMONY

Winn-Dixie Stores, Inc., on behalf of twenty-three of its subsidiaries and affiliates, as the Reorganized Debtors (collectively, "Winn-Dixie"), moves in limine to preclude Visagent from presenting expert testimony at the trial on Visagent's claim scheduled for February 8, 2010, because Visagent's proposed expert testimony was not disclosed by the December 10, 2009 deadline and is not true rebuttal evidence, and says:

A. <u>Procedural posture</u>.

1. The trial on Visagent's claim (liability only) is scheduled for the week of February 8, 2010. Winn-Dixie and Visagent agreed upon and presented to the Court a consent order providing for pretrial procedures and scheduling the trial. On August 20, 2009, the Court entered the Consent Order Scheduling Trial (Docket No. 22583, Exhibit A). The Order requires

that the parties serve their initial expert disclosures by December 10, 2009, and serve rebuttal expert disclosures by December 24, 2009.

2. In accordance with the Consent Order, Winn-Dixie served Visagent on December 10, 2009, with Winn-Dixie's expert disclosures with expert reports by Mr. Robert Thomas and Prof. Eileen Kraemer (Exhibits B and C). Visagent did not serve any initial disclosures by December 10.

3. Visagent subsequently moved to extend the deadline for serving *rebuttal* expert reports (Docket No. 22810). The Court ordered Visagent to serve its rebuttal expert disclosures by January 6 (12/23/09 hearing transcript, pages 16-17, Exhibit D). At midnight on January 6, Visagent served Winn-Dixie with Visagent's two purported "rebuttal" expert reports (Exhibits E and F).

B.  Visagent's claim.

4. Visagent claims Winn-Dixie breached the following provision in the Service Agreement:

> Scope of this Agreement: This Agreement is intended to cover all of User's [Winn-Dixie's] business transactions for *full or truckload quantities* of consumer packaged goods purchased or resold [*through the Internet or similar electronic means*] in a wholesale format, excluding purchases by User from the original manufacturer or its authorized representatives. For the Term of this Agreement,

> User will not employ or contract for the services of an entity other than Provider [Visagent] for its eCommerce transactions covered under the scope of this Agreement.
>
> Service Agreement, Exhibit G,<br>page 2 (emphasis added).

C.  <u>Visagent's expert testimony should be precluded</u>.

5. Winn-Dixie's experts' opinions relate to the italicized phrases in the scope of the Service Agreement quoted above: "full or truckload quantities" and "through the Internet or similar electronic means." Mr. Thomas opines on the meaning of "truckload" (TL) and "less than truckload" (LTL). Prof. Kraemer opines that facsimile transmissions are not through the Internet or similar electronic means (Winn-Dixie bought and resold goods through faxed purchase orders).

6. The Court has held that "*Visagent* bears the burden of persuasion to substantiate the validity and amount of its claim by a preponderance of the evidence." (November 6, 2009 Order; Docket No. 22724; Exhibit H; emphasis added). Visagent therefore must present prima facie evidence during Visagent's case in chief that Winn-Dixie breached the Service Agreement. To make that showing during its case in chief, Visagent must show that Winn-Dixie bought and resold "full or truckload quantities" of goods outside of Visagent's exchange and did so "through the Internet or

3

similar electronic means." [1]  Visagent's experts opine that Winn-Dixie breached the Service Agreement because all of Winn-Dixie's purchases and sales were for "truckloads" and were transacted "through the Internet or similar electronic means."

7. And Winn-Dixie should be rebutting Visagent's experts on these issues—not vice versa:

> As for having the opportunity to retain his own expert, it must be noted that plaintiff, not defendants, has the burden of proof on all issues addressed in Mr. Ricigliano's report and therefore should have been the one to disclose his expert testimony before defendants. *See* Fed.R.Civ.P. 26(a)(2). Advisory Committee Notes to 1993 Amendments ("[I]n most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue").
>
> *Hines v. Dean*, 2005 WL 589803, *3 (N.D.Ga. 2005) (precluding plaintiff from offering expert testimony on issue on which plaintiff had burden of proof because plaintiff did not initially make expert disclosure).

---

[1] Visagent's amended claim alleges that the Service Agreement obligated Winn-Dixie to use Visagent's exchange to buy and re-sell goods "through the internet or similar electronic means, including any means utilizing *facsimile*" (amended claim, Docket No. 9448, Exhibit I, emphasis added).

8. Instead, Visagent seeks to gain a tactical advantage by cloaking its expert testimony, which properly belongs in Visagent's case in chief, as "rebuttal" expert testimony. In doing so, Visagent runs afoul of the well-established rule that rebuttal evidence is only admissible to meet evidence introduced by the defendant. *See Mershel v. United States*, 420 F.2d 517, 520 (5th Cir. 1970) (affirming the disallowance of plaintiff's rebuttal expert); *McVey v. Phillips Petroleum Co.*, 288 F.2d 53, 56 (5th Cir. 1961) ("If it was evidence that you needed to support your case-in-chief, you should have put it on before you rested.").

9. The purpose of rebuttal testimony is to "explain, repel, counteract, or disprove the evidence of the adverse party, and the decision to permit rebuttal testimony is one that resides in the sound discretion of the trial judge." *United States v. Mock*, 523 F.3d 1299, 1303 (11th Cir. 2008); *see also* Fed. R. Civ. P. 26(a)(2)(C) (noting that rebuttal evidence is intended "solely to contradict or rebut evidence on the same subject matter identified by another party"). As such, rebuttal evidence may be used to "challenge the evidence or theory of an opponent – and not to establish a case-in-chief." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). Since Visagent has the burden of proof on the issues addressed in Visagent's expert reports, Visagent's expert evidence should be presented in Visagent's

case in chief, at which time Visagent has no evidence by Winn-Dixie to rebut. Instead, Visagent seeks to inaccurately characterize its experts' opinions as "rebuttal" testimony.

10. Evidence that a party seeks to introduce as rebuttal, which should have been presented in the party's case in chief, should be excluded:

> It is well settled that evidence which properly belongs in the case-in-chief but is first introduced in rebuttal may be rejected, so as to avoid prejudice to the defendant and to ensure the orderly presentation of proof.
>
> *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (10th Cir. 1984).

11. Courts exclude proffered rebuttal testimony that should have been presented in the parties case in chief to preclude that party from gaining a strategic advantage. *See, e.g.*, *Bearint v. Dorel Juvenile Group, Inc.*, 389 F.3d 1339, 1354 (11th Cir. 2004) (disallowing rebuttal testimony when the plaintiffs "had ample opportunity to have their expert testify on these matters in their case-in-chief"); *Sanchez v. Safeway Stores, Inc.*, 451 F.2d 998, 1000 (10th Cir. 1971) (disallowing rebuttal testimony when "the plaintiffs failed to exercise the opportunity to call their expert during their case-in-chief, apparently for tactical reasons").

12. In this case, Visagent made a strategic decision not to timely disclose the testimony of its experts, Walter Williamson and Neville Teagarden, and instead do so under the guise of rebuttal testimony. These experts' reports do nothing to explain, repel or counteract Winn-Dixie's experts; in fact, *neither report discusses the reports of Winn-Dixie's experts.* There is no effort on the part of Visagent's experts to confront or debunk the methodologies or analyses upon which Winn-Dixie's experts based their respective opinions. They are not rebuttal reports.

13. Further, the report of Neville Teagarden (Visagent's expert) exceeds the scope of the report by Prof. Kraemer (Winn-Dixie's expert), the supposed target of Teagarden's rebuttal. Visagent's strategic decision to introduce such evidence on rebuttal is merely an effort to have the last word regarding a matter on which Visagent bears the burden of proof.

14. Visagent's experts' opinions are not rebuttal evidence, but instead are case in chief evidence. Visagent fails to provide such opinions for legitimate rebuttal, such as confronting "'surprise' evidence presented by the defendants" or "evidence unavailable earlier through no fault of the plaintiff." *Allan v. Prince George's County*, 737 F.2d 1299, 1305 (4th Cir. 1984).

15. For these reasons, Visagent should be precluded from presenting opinion testimony from Messrs. Williamson and Teagarden at the February 8 trial.

        SMITH HULSEY & BUSEY

        By  */s/ Timothy R. Buskirk*
            Stephen D. Busey
            James A. Bolling
            Timothy R. Buskirk

        Florida Bar Number 058314
        225 Water Street, Suite 1800
        Jacksonville, Florida 32202
        (904) 359-7700
        (904) 359-7708 (facsimile)
        tbuskirk@smithhulsey.com

        Attorneys for Winn-Dixie

## Certificate of Service

I certify that a copy of the foregoing document was furnished electronically through the Court's CM/ECF electronic notification system to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, Post Office Box 395, Stuart, Florida 34995, this 8th day of January, 2010.

                                                        */s/ Timothy R. Buskirk*
                                                           Attorney

685946.2