**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**<u>JACKSONVILLE DIVISION</u>**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

**WINN-DIXIE'S MEMORANDUM**
**IN OPPOSITION TO VISAGENT'S MOTION**
**<u>TO STRIKE WINN-DIXIE'S PROPOSAL FOR SETTLEMENT</u>**

Winn-Dixie Stores, Inc., on behalf of twenty-three of its subsidiaries and affiliates, as the Reorganized Debtors (collectively, "Winn-Dixie"), opposes Visagent's motion to strike Winn-Dixie's proposal for settlement (Docket No. 22850), and says:

1.   On December 23, 2009, Winn-Dixie *served* Visagent with a proposal for settlement pursuant to § 768.79, Fla. Stat., and Rule 1.442, Fla.R.Civ.P. (the "Proposal," attached to Visagent's motion). Winn-Dixie did not *file* the Proposal.

2.   By law, the parties are *prohibited* from filing the Proposal unless it becomes necessary to enforce the Proposal:

> A proposal shall be served on the party or parties
> to whom it is made but shall not be filed unless
> necessary to enforce the provisions of this rule.
>
> Rule 1.442(d), Fla.R.Civ.P.

3.The Proposal would not become enforceable unless (i) Visagent accepted the Proposal (Visagent has rejected the Proposal) or (ii) Visagent is awarded damages of less than 75 percent of the amount of the Proposal. § 768.79(1), Fla. Stat.  In the latter event, Visagent would be responsible for Winn-Dixie's attorney's fees.  The $2,909,000 Proposal therefore would not be enforceable unless Winn-Dixie is found liable after the February 8, 2010 trial, and if found liable, Visagent obtains an award of $2,181,750 or less after a subsequent trial on damages.

4.The Proposal therefore is not yet enforceable.  Visagent nevertheless filed the Proposal and moved to strike the Proposal (without being clear about from what).  Visagent also filed Winn-Dixie's cover letter explaining the basis for the Proposal and Winn-Dixie's settlement posture.

5.Visagent's motion not only violates Rule 1.442's prohibition against filing the Proposal, it wrongly involves the Court in settlement discussions among the parties.

6.Visagent's motion also violates Rule 408's prohibition against introducing evidence of settlement offers.  Rule 408, Fed.R.Evid.

7. Now that Visagent has filed the Proposal, however, Winn-Dixie will address Visagent's arguments.[1]

8. Visagent argues that (i) § 768.79 is inapplicable to this matter, (ii) the Proposal's amount is not apportioned among the Reorganized Debtors, (iii) the Proposal does not state all conditions with particularity and (iv) the Proposal "is not made in good faith or is unreasonable or is vague, and is therefore unenforceable because it is conditioned upon events outside of the control of Visagent thereby creating ambiguity as to its terms."

9. Visagent argues that § 769.79 is not applicable to its claim in these bankruptcy proceedings. Under binding Eleventh Circuit precedent, § 768.79 *is* applicable "in bankruptcy proceedings:"

> First, Steffen argues that section 768.79 does not apply in bankruptcy proceedings. Second, Steffen argues that section 768.79 is preempted by Federal Rule of Civil Procedure 68. These arguments fail.
>
> \* \* \*
>
> We have held that section 768.79 is substantive law in diversity cases, and we have concluded that the substantive law of the forum state governs issues of state law that arise in bankruptcy proceedings.
>
> \* \* \*

---

[1] Winn-Dixie notes that Visagent is overwrought about the Proposal, even though the Proposal would have no consequence unless Visagent obtains an award of less than $2 million on Visagent's $132 million claim.

3

> Section 768.79 applies to "any civil action for damages filed in the courts of" Florida.
>
> * * *
>
> The district and bankruptcy courts of our Circuit that are located in Florida are courts of Florida because they adjudicate claims under Florida law and are part of the judicial system of that state.
>
> *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008).

10. The Eleventh Circuit also found that the goal of § 769.79 does not conflict with the purposes of the Bankruptcy Code:

> The goal of the statute, which is to make whole a party forced to litigate after a reasonable settlement offer is rejected, does not conflict with the purposes of the Bankruptcy Code. That statute seeks to encourage settlement and to conserve judicial resources.
>
> *Menchise*, 532 F.3d at 1151.

11. Florida law governs Visagent's claim. Visagent alleges that Winn-Dixie breached the Service Agreement, which provides that it "shall be governed by and construed under the laws of the state of Florida." Visagent also alleges that Winn-Dixie violated Florida statutory law.

4

12. Because Florida law governs Visagent's claim, § 768.79 applies to this matter:

> Section 768.79 is substantive law…and we have concluded that the substantive law of the forum state governs issues of state law that arise in bankruptcy proceedings.
>
> *Menchise*, 532 F.3d at 1150.

13. Although Visagent argues that Visagent's "claim is not a 'civil action for damages in the courts of this state,'" the Eleventh Circuit held that "bankruptcy courts that are located in Florida are courts of Florida." *Menchise*, 532 F.3d at 1150. And Visagent has filed a claim for damages in these bankruptcy proceedings. Visagent's "Amended Statement of Claim" alleges that Winn-Dixie "breached its contractual obligations" under the Service Agreement, and alleges that Visagent suffered "catastrophic damages" as a result (Doc. No. 9448).

14. For all these reasons, § 768.79 is applicable to Visagent's claim in these bankruptcy proceedings in this Court.

15. Visagent also argues that the Proposal is unenforceable because it does not apportion the amount of the Proposal among each of the Reorganized Debtors, even though Visagent's claim is solely against Winn-Dixie Stores, Inc. (Claim No. 9953). This argument fails because the

Proposal expressly provides that the offer is an allowed Class 14 claim under Winn-Dixie's Joint Plan of Reorganization.  Winn-Dixie's Plan apportions the assets and liabilities of the affiliated Winn-Dixie debtors in a very comprehensive manner approved by Winn-Dixie's creditors and this Court.  As provided in the Plan, there is only one source of satisfaction of an allowed claim:  the Common Stock Reserve established in Article IX of the Plan.

16. Even if Winn-Dixie's Plan did not meet Rule 1.442's requirement of apportionment, the Court should still enforce the Proposal. *Danner Construction v. Reynolds Metals*, 760 So.2d 199, 203 (Fla. 2d DCA 2000) (reversing trial court's decision to not enforce unapportioned proposal for settlement; "Reynolds' ability to evaluate the offer made by Danner and TMC was not impaired by the lack of apportionment between the two defendants.  Who would pay what portion of the offer made on behalf of Danner and TMC had no bearing on the amount Reynolds would have received had it accepted the offer."); *Jacksonville Golfair v. Grover*, 988 So.2d 1225, 1227 (Fla. 1st DCA 2008) (reversing trial court's decision to not enforce unapportioned proposal for settlement; strict construction of rule on apportionment of proposal for settlement "should not eviscerate the legislature's policy choice.  When reviewing offers of judgment, courts

should use reason and common sense and interpret the offer as a whole to avoid unreasonable results.").

17. Visagent also argues that the Proposal does not state all conditions with particularity. The six-page Proposal, however, sets forth all of the conditions with more than sufficient particularity. The Proposal sets forth the procedure to be followed in the event the Proposal is accepted, in the event the settlement is contested or uncontested, and includes the order to be entered in the event the Court approves the settlement.

18. For all these reasons, Visagent's motion to strike Winn-Dixie's Proposal should be denied.

SMITH HULSEY & BUSEY

By  */s/ Timothy R. Buskirk*
    Stephen D. Busey
    James A. Bolling
    Timothy R. Buskirk

Florida Bar Number 058314
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
tbuskirk@smithhulsey.com

Attorneys for Winn-Dixie

## **Certificate of Service**

I certify that a copy of the foregoing document was furnished electronically through the Court's CM/ECF electronic notification system to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, Post Office Box 395, Stuart, Florida 34995, this 12th day of January, 2010.

*/s/ Timothy R. Buskirk*
Attorney

685189.1