**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

**WINN-DIXIE'S EMERGENCY MOTION TO STRIKE
VISAGENT'S UNTIMELY MOTION FOR PARTIAL SUMMARY
JUDGMENT (EMERGENCY HEARING REQUESTED)**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, "Winn-Dixie") move the Court to strike Visagent Corporation's ("Visagent") Motion for Partial Summary Judgment (the "Summary Judgment Motion"; Docket No. 22863) as untimely, and in support say:

1. The trial on Visagent's claim is scheduled for February 8, 2010 pursuant to the Consent Order Scheduling Trial ("Consent Order"; Docket No. 22583; Exhibit A).

2. Winn-Dixie and Visagent stipulated to the deadlines in the Consent Order.

3. Pursuant to the Consent Order, the deadline for filing motions is 30 days prior to trial:

> B. Any and all motions are to be filed not less than thirty (30) days prior to trial.

Consent Order, para. 1(B).

4. Saturday, January 9, 2010, is the 30th day before trial.

5. According to the Federal Rules of Bankruptcy Procedure, the deadline therefore for filing any motion was Friday, January 8, 2010:

> A backward-looking time period requires something to be done within a period of time before an event. … In determining what is the "next" day for purposes of [Rule 6] subdivision (a)(1)(C) and (a)(2)(C), one should continue counting in the same direction—that is, forward when computing a forward-looking period and backward when computing a backward-looking period. . . . But if a filing is due 21 days *before* an event, and the twenty-first day falls on Saturday, September 1, then the filing is due on Friday, August 31.

Advisory Committee Notes to Bankruptcy Rule 9006 (2009 Amendments); *see also* Moore's Federal Practice & Procedure § 6.04[1][e] (3d ed. 1997).

6. Visagent, however, filed the body of its Summary Judgment Motion (without exhibits) at 11:57 p.m. on Monday, January 11, 2010 (Exhibit B).

7. Visagent filed its exhibits on Tuesday, January 12, 2010 (Docket No. 22866), four days after the January 8 deadline.

8. Visagent did not move to extend the deadline for filing motions.

9. Because the deadline has passed, Visagent must show "good cause" and "excusable neglect" for extending the deadline. Bankruptcy Rule 9006(b)(1) ("when an act is required or allowed to be done at or within a specified period…by order of court, the court for good cause shown may…(2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect") .

10. To show good cause, Visagent must show that it could not have timely filed its Summary Judgment Motion "despite the movant's diligent efforts:"

> In order to establish "good cause," the movant has the burden of proving that the scheduling deadline could not have been met despite the movant's diligent efforts to do so.
>
> *John Morrell & Co. v. Royal Caribbean Cruises*, 243 F.R.D. 699, 701 (S.D.Fla. 2007).

11. If a "party was not diligent, the [good cause] inquiry should end." *Id*. (quoting *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

12. Visagent cannot show good cause for extending the deadline for filing its Summary Judgment Motion. All of the depositions Visagent cites in

its Summary Judgment Motion were taken many months ago, with the exception of the Kresser deposition that Visagent took on December 3, 2009 (over a month before the January 8, 2010 deadline).

13. Although Winn-Dixie need not show prejudice because Visagent cannot show good cause for its tardiness, Winn-Dixie would be prejudiced if the Summary Judgment Motion is not stricken. Winn-Dixie is in the middle of trial preparation, including scheduling and taking approximately 12 depositions prior to the close of discovery. Winn-Dixie's preparation would be impaired by having to respond to Visagent's untimely 58-page Summary Judgment Motion.

14. For these reasons, the Court should strike Visagent's Motion for Partial Summary Judgment as untimely, and hear the parties' evidence at trial.

SMITH HULSEY & BUSEY

By  /s/ Timothy R. Buskirk
    Stephen D. Busey
    James A. Bolling
    Timothy R. Buskirk

Florida Bar Number 058314
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
tbuskirk@smithhulsey.com

Attorneys for Winn-Dixie

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN DIXIE STORES, INC.

Case No. 3:05-bk-3817-3F1

Debtor(s).

### CONSENT ORDER SCHEDULING TRIAL

The parties have consented to the entry of this Order as shown below.

1. The Trial on Claim #9953 filed by Visagent Corporation, is scheduled for February 8, 2010 at 9:00 a.m. for 8 hours; February 9, 2010 at 9:00 a.m. for 8 hours; February 10, 2010 at 9:00 a.m. for 8 hours; February 11, 2010 at 9:00 a.m. for 8 hours; and February 12, 2010 at 9:00 a.m. for 8 hours

in Courtroom 4D, United States Courthouse, 300 N. Hogan St., Jacksonville, FL 32202. The trial is only as to the issue of liability.

2. The procedure set forth below shall control the handling of this proceeding. No variations or adjustments shall be made in the schedule without prior concurrence by the Court upon request made by written notice. Failure to comply with this Order shall result in appropriate sanctions.

Accordingly, it is **ORDERED** that the parties shall comply with the following measures:

1. Responsive Pleadings, Motions, and Objections:

   A. Unless otherwise ordered by this court, any outstanding answers or responsive pleadings shall be filed within (10) ten days of this order.

   B. Any and all motions are to be filed not less than thirty (30) days prior to trial.

   C. All properly filed objections and motions, not ruled on previously, shall be heard at trial unless otherwise ordered by the Court.

   D. Ten (10) days prior to trial, parties shall file with the court photocopies of any legal authority relied on by counsel to support their respective positions.

**Exhibit A**

E. The procedure for filing motions is as follows:

(i). All motions shall include or be accompanied by a legal memorandum or brief containing argument and citations of authorities.

(ii). No later than ten (10) days from the date of service of a motion, each party opposing the motion shall file and serve a legal memorandum or brief containing argument and citations of authorities in opposition to the relief requested. In the event no such response is filed, the court may deem the motion as unopposed and thereby consented. The parties should not expect the Court to conduct a hearing prior to ruling on any pending motions.

(iii). No later than five (5) days from the date of service of the opposing legal memorandum, the movant may file and serve a reply legal memorandum or brief, if desired.

(iv). Upon the completion of this schedule, the motion will be at issue, under advisement, and ready for decision by the court.

(v). Motions of any emergency nature may be considered and determined by the court at any time in its discretion.

2. Exhibits and Witnesses:

A. Each party's exhibit list, along with the other party's objections, is to be filed with the court 10 days prior to the trial. Each party's exhibit list shall be served 20 days before trial.

B. Each party's witness list, designating which witnesses the parties intends to call and which witnesses the party may call, shall be served and filed 60 days before trial and shall designate who each party intends to call as witness

C. Counsel are responsible for the timely supplementation of their respective exhibit lists and witness lists with any additional exhibits and witnesses prior to the trial.

D. Exhibits not objected to in writing within ten (10) days prior to the trial are deemed admitted. The Court will resolve any objections at the trial.

E. All exhibits to be used at the trial must be pre-marked and listed in accordance with Rule 9070-1 of the <u>Local Rules of Practice and Procedure for the United States Bankruptcy Court for the Middle District of Florida</u>. Counsel may obtain from the clerk copies of blank form exhibit lists and exhibit identification tags that are to be used in complying with the requirements of this paragraph and the local rule.

  F. Each party shall compile and tab their exhibits and provide duplicate sets (i) at the trial for the judge, clerk, and witness stand, and (ii) twenty (20) days before trial to all counsel.

  G. **Appropriate Attire.** You are reminded that Local Rule 5072-1(b)(16) requires that all persons appearing in court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

  H. Due to heightened security procedures, persons must present photo identification to enter the Courthouse and arrive early.

  I. Each party will serve expert disclosures for issues not relating to damages pursuant to Rule 26(a)(2), Federal Rules of Civil Procedure, no later than sixty days before trial, and any rebuttal expert disclosures no later than 45 days before trial.

3. Discovery:

  All discovery, except discovery relating to damages, is to be completed (10) ten days prior to the trial. Conduct of any discovery that would require a later due date shall be permitted only on the order of the court or by filed stipulation of the parties, and only in proceedings that will not be delayed as a result.

4. Trial Memorandum

  The Trial Memorandum shall be filed twenty (20) days prior to the trial and shall contain:

  **FOR THE DEBTORS:**

  A. A list of all pleadings and pending motions.

  B. A brief statement of the theory of debtor's defenses or counterclaims including legal authority for same.

  C. A brief summary of debtor's contentions of fact in support of each claim, the evidence relied upon to establish each of the facts contended.

  **FOR THE CLAIMANT:**

  A. A brief statement of the theory of each claim including legal authority for same.

  B. A brief summary of contentions of facts in support of the legal theories and the evidence to be relied upon to establish each of the facts contended.

3

**FOR ALL PARTIES:**

A. A statement of all admitted or uncontested facts.

B. A brief statement of contested facts.

C. A statement of contested legal issues.

D. A list by each party identifying the portions (by line and page numbers) of the depositions it may use at trial for the purpose of original evidence. (This paragraph does not apply to deposition testimony to be used for the purpose of impeachment).

E. Any legal authority that the parties desire the court to consider.

F. A statement that this is a core or non-core proceeding and that the party does or does not consent to the jurisdiction and entry of final orders or judgments by the Bankruptcy Judge of this Court.

G. A statement that counsel has conferred with opposing counsel and has made a good faith endeavor to settle the above-captioned proceeding.

5. Settlement:

Counsel for all parties shall confer (15) fifteen days prior to the trial and seek in good faith to settle the matter. Any settled matters should be reported immediately to the court. In the event that a written stipulation is not complete, the provisions of the settlement shall be read into the record on the morning of the trial.

DATED __August__ __20__, 2009, in Jacksonville, Florida.

_____
JERRY A. FUNK
United States Bankruptcy Judge

Copies to:
Attorney for Debtors
Attorney for Visagent Corporation

The parties consent to the entry of this Order:

RUBIN & RUBIN                          SMITH HULSEY & BUSEY

By_____               By_____
   Guy B. Rubin                           James A. Bolling

Attorneys for Claimant                 Attorneys for Debtors

4

**Timothy R. Buskirk**

From: bnc@flmb.uscourts.gov
Sent: Monday, January 11, 2010 11:59 PM
To: Courtmail@flmb.uscourts.gov
Subject: 3:05-bk-03817-JAF Motion for Summary Judgment

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

U.S. Bankruptcy Court

Middle District of Florida

Notice of Electronic Filing

The following transaction was received from Guy B Rubin entered on 1/11/2010 at 11:57 PM EST and filed on 1/11/2010
Case Name:       Winn-Dixie Stores, Inc
Case Number:     3:05-bk-03817-JAF
Document Number: 22863

Docket Text:
Motion For *Partial* Summary Judgment *on Liability* Filed by Guy B Rubin on behalf of Creditor Visagent Corp. (Rubin, Guy)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:L:\Visagent v WD\Pleadings\VISAGENT PARTIAL SUMMARY JUDGMENT FINAL.pdf

Electronic document Stamp:
[STAMP bkecfStamp_ID=1021488240 [Date=1/11/2010] [FileNumber=32951282-
0] [b704b28afcf27dcca523f34358b286c9d3586bdb5a7dc6f85631be6e194f9cdc89
9fa86710213353bcfca1a8e15ad20b238f8c93cbd059b1e6f017bf6ac498bd]]

**3:05-bk-03817-JAF Notice will be electronically mailed to:**

Adam
kgammill@smithhulsey.com, dturetsk@skadden.com

Steven M Abramowitz on behalf of Creditor SOF Investments, LP
sabramowitz@velaw.com

Michael C. Addison on behalf of Creditor Ocean Duke Corporation
m@mcalaw.net, darlene@mcalaw.net;brittany@mcalaw.net

Lemar F Alejo on behalf of Creditor Langa Jimenez
lemar@alejolaw.com

Joslyn R Alex on behalf of Creditor Lydia Haynes
joslynalex@aol.com

Willie G Allen on behalf of Creditor Elizabeth Wimberly
wga36@aol.com

G William Allen on behalf of Creditor Lisa and Sean Gahagan
katgainey@aol.com

Adam L Alpert on behalf of Creditor Greater Properties, Inc.
aalpert@bushross.com, bnkecf@bushross.com;egross@bushross.com

Robert Altman on behalf of Attorney Robert Altman
robertaltman@bellsouth.net

Robert Altman on behalf of Creditor Rankin County, Mississippi
robertaltman@bellsouth.net, fl69@ecfcbis.com;RA034@trustesolutions.com

1/13/2010

# Exhibit B

Case 3:05-bk-03817-JAF    Doc 22866    Filed 01/12/10    Page 1 of 1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

WINN-DIXIE STORES, INC. et al

Debtors.

CASE NO.: 05-03817-3F1
Chapter 11

Jointly Administered

_____/

### NOTICE OF FILING EXHIBITS TO VISAGENT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Visagent hereby files its Exhibits to its Motion For Partial Summary Judgment.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of this Notice of Filing has been filed electronically and that a true and correct copy of the foregoing has been furnished by US regular Mail to: James Bolling, Esq., Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; on the 12th day of January 2010.

Guy Bennett Rubin, Esq. (FBN 691305)
Attorneys for Plaintiffs
**RUBIN & RUBIN**
P.O. Box 395
Stuart, Florida 34995
Telephone:  (772) 283-2004
Facsimile:  (772) 283-2009

**Exhibit C**

5

## Certificate of Service

I certify that a copy of the foregoing document was furnished electronically through the Court's CM/ECF electronic notification system to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, Post Office Box 395, Stuart, Florida 34995, this 13th day of January, 2010.

                                                 */s/ Timothy R. Buskirk*
                                                        Attorney

686411.2