UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

## VISAGENT CORPORATION'S MOTION TO EXTEND DEADLINE FOR LATE-FILED MOTION FOR PARTIAL SUMMARY JUDGMENT

Visagent Corporation (hereinafter "Visagent"), a claimant herein, moves the Court, pursuant to Rule 9006(b)(1), Federal Rules of Bankruptcy Procedure, amended December 1, 2009 for an Enlarging the time in which to file its late-filed Motion For Partial Summary Judgment. In support of the motion, Visagent states:

1. This is a contested claim commenced by Debtor's July 11, 2006 Fourteenth Omnibus Objection to No Liability Claims and No Liability Misclassified Claims.

2. This Court entered the Consent Order Scheduling Trial on August 20, 2009 establishing a deadline for Motions to be filed no less than 30 days before trial.

3. The Consent Order set the trial to commence on February 8, 2010, making the deadline for motions falling on Saturday, January 9, 2010.

4. Undersigned counsel diaried deadlines according to said Consent Order including the Motions deadline for Monday, January 11, 2010 understanding the rules to permit the filing on the next business day.

5. After the Consent Order was entered by this Court, a rules change on the calculation and computation of time was made and approved by The Supreme Court of

1

The United States, including the Rule 9006(a)(5) which specifically defines how to calculate time if the number of days is measured before an event, such as the subject deadline for Motions before trial in this instance.

> (5) "Next Day" Defined.
> The "next day" is determined by continuing to count forward when the period is measured after an event and backward when measured before an event.

6.  Undersigned counsel mistakenly calculated the deadline using an incorrect counting method by carrying the date forward to Monday January 11th, which shortened the time before trial to file the subject Motion, rather than carrying the date backward, which was clarified by the December 20009 rules change, thereby lengthening the time before trial in which to file the Motion.

7.  Based upon this mistaken deadline, Visagent late-filed its Motion For Partial Summary Judgment on Monday, January 11, 2010.[1]

8.  This method of calculation is newly defined and was not known to undersigned counsel until DEBTOR raised it in its emergency motion to strike Visagent's Motion For Partial Summary Judgment.

9.  Visagent is filing this Motion within hours of receipt of DEBTOR's emergency motion to strike.

10. Visagent is acting with the utmost diligence possible under the circumstances to correct its filing miscalculation.

---

[1] Exhibits to this Motion were filed the next business day, January 12, 2010 due to uploading difficulties in connection with the electronic filing system apparently due to the size the exhibits. These exhibits were also burned to disk and hand-delivered to counsel for DEBTOR on January 12, 2010.

2

11.     Attached hereto is undersigned counsel's affidavit attesting to the circumstances of the miscalculation of time.

## MEMORANDUM OF LAW

In Sun Protection Factory, Inc., v. Tender Corporation, 2005 WL 2484710 (M.D. Fla.), Chief Judge Fawcett considered similar facts in connection with a memorandum in opposition to a motion for summary judgment. In that case, the attorney for the defendant late-filed the opposition memorandum by four days. As grounds, the attorney asserted technical problems associated with the transfer of his computer information and software to a new computer.

Judge Fawcett analyzed the situation and grounds asserted as excusable neglect according to the standards announced by the 11th Circuit decision in Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 849-50 (11th Cir.1996), (interpreting the U.S. Supreme Court decision in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993)). In Cheyney, the 11th Circuit provided a context for interpreting the meaning of "excusable neglect" in connection with late filings. Judge Fawcett summarized the analyses as follows:

> The determination of whether there is excusable neglect in failing to meet a deadline is an equitable consideration that turns on all relevant factors surrounding the omission. *Id.* (internal citation omitted). The factors that courts consider include the " 'danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." ' *Id.* (citing *Pioneer*, 507 U.S. at 395). In *Pioneer*, the Supreme Court accorded "primary importance" to the lack of prejudice to the nonmoving party and the interest of efficient judicial administration. *Id.*

Using these factors, Judge Fawcett found the short delay did not cause any prejudice to the plaintiff, and that the "the untimely response has not impacted the

judicial proceedings insofar as this case remains set for the November trial **calendar**." Finally, Judge Fawcett found that while the plaintiff's counsel "should have" filed the opposition before attempting to transfer his computer system, " the reason advanced for the delay, especially given the lack of prejudice to Tender and the interest in expedient judicial administration, does not outweigh the other factors. Examining the fourth factor, good faith, Judge Fawcett found that, "counsel's actions amount only to an "omission caused by carelessness ...." (internal citation and quotations omitted) [t]hus, it cannot be said that the untimely filing ... is an act of flagrantly disregarding the Rules of Court. Judge Fawcett, after weighing the four factors, permitted the filing of the opposition memorandum, finding plaintiffs counsel had shown "excusable neglect".

In the instant situation, the danger of prejudice to DEBTOR is non-existent. This Court has already ordered a response, if any, to be made by DEBTORS no later than January 28, 2010, <u>17 days</u> after it was electronically filed and served. Had the Motion For Summary Partial Judgment been filed timely, before just midnight on Friday, January 8th, DEBTOR would have had only <u>10 days</u> to respond to the Motion pursuant to the terms of the Consent Order Setting Trial, which under the new rules would automatically become 14 days, but in any event LESS time to respond to the subject Motion.

The length of the delay in this case is only one business day and three calendar days, including two over a weekend; a shorter delay than in Sun Protection. The late filing will have no effect on the proceedings; it will not impact the trial dates. If anything, it will impact the proceedings positively should the Court grant the motion, it will save the Court five days of trial time and will allows the parties to focus on damages anticipating a trial setting on same. The reason for the delay was the fault of undersigned

4

counsel; not VISAGENT, and while undersigned counsel accepts full responsibility for same, which was within counsel's "control", a mitigating factor exists in the rule change after entry of the Consent Order Setting Trial which explicitly addresses the counting forward vs counting backward mistake engendered in this instance. Finally, VISAGENT has acted in good faith; it and its counsel have not knowingly or flagrantly disregarded the rules or any order of this Court.

WHEREFORE, VISAGENT requests an order permitting the late filing of its Motion For Partial Summary Judgment and the exhibits effective January 12, 2010.

## CERTIFICATE OF GOOD FAITH

I HEREBY CERTIFY that I personally made a good faith effort to resolve the issues set forth by way of this Motion prior to filing same, but such effort was unsuccessful.

Guy Bennett Rubin, Esq. (FBN 691305)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of this Motion has been electronically filed via ECF and that a true and correct copy of the foregoing has been furnished by electronic mail and by US regular Mail to: James Bolling, Esq. at Smith, Hulsey & Busey, Post Office Box 53315, Jacksonville, FL 32201, on the 14th day of January, 2010.

Guy Bennett Rubin, Esq. (FBN 691305)
Attorneys for Visagent Corporation
**RUBIN & RUBIN**
P.O. Box 395
Stuart, Florida 34995
Telephone: (772) 283-2004

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO.: 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC. et al ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |

## AFFIDAVIT OF GUY BENNETT RUBIN, ESQ.

I, GUY BENNETT RUBIN, under oath, do depose and state:

1. I am over the age of eighteen (18), a resident of the State of Florida and competent to testify in the courts in the State of Florida.

2. I have personal knowledge of the facts contained within this affidavit, all of which are true.

3. At all times material to the contents of this Affidavit, I was lead counsel for VISAGENT CORPORATION, a Florida corporation in this contested claim.

4. This Court entered the Consent Order Scheduling Trial on August 20, 2009 establishing a deadline for Motions to be filed no less than 30 days before trial making the deadline for motions falling on Saturday, January 9, 2010.

5. I diaried the deadline for motions as Monday, January 11, 2010 understanding the rules to permit the filing on the "next business day" as meaning forward, after January 9, 2010, which is January 11, 2010.

6. I was unaware that after the Consent Order was entered by this Court, and after I had diaried the deadline for motions as stated above, a rule change on the calculation and computation of time was made and approved by The Supreme Court of The United States, including the Rule 9006(a)(5) which specifically defines how to

calculate time if the number of days is measured before an event, such as the subject deadline for Motions before trial in this instance, defining "next day" as "backward when measured before an event."

7. This was a mistake on my part.

8. As soon as I discovered this error, I attempted correct same by preparing Visagent's Motion To Extend Deadline For Late-Filed Motion For Partial Summary Judgment, which is being filed along with this Affidavit.

FURTHER AFFIANT SAYETH NAUGHT.

Dated this 14th day of January, 2010.

_____
Guy Bennett Rubin

Notary Seal:

DANA CHIRUMBOLO
MY COMMISSION # DD 770283
EXPIRES: July 18, 2012
Bonded Thru Notary Public Underwriters