## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                                          Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,                Chapter 11

    Reorganized Debtors.                         Jointly Administered

### WINN-DIXIE'S MOTION TO EXTEND DEADLINE
### FOR RESPONDING TO VISAGENT'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT

Winn-Dixie moves the Court for an additional seven days to respond to Visagent's motion for partial summary judgment (the "Summary Judgment Motion," Docket No. 22863), and in support says:

1.   On January 11 and 12, Visagent filed its Summary Judgment Motion.[1]

2.   On January 13, the Court ordered Winn-Dixie to respond to Visagent's Summary Judgment Motion by Thursday, January 28 (15 days after the January 13 order).

---

[1] Winn-Dixie moved to strike Visagent's Summary Judgment Motion because it was untimely pursuant to the deadline in the Consent Order Scheduling Trial. Visagent then moved to extend the deadline for filing the Summary Judgment Motion. Those motions have not yet been scheduled for hearing. Visagent argues that it filed the Summary Judgment Motion three minutes before what it asserts it thought was the midnight deadline, and then could not file its 117 exhibits by midnight. The deadline for filing the Summary Judgment Motion, however, was four days before Visagent finally filed its 117 exhibits.

3. Winn-Dixie requests seven more days to respond to the Summary Judgment Motion (i) because of the additional time necessary to respond to the voluminous Summary Judgment Motion and (ii) because of Winn-Dixie's need to simultaneously prepare for trial.

4. The body of Visagent's motion is 58-pages. Visagent ultimately filed 117 exhibits in support of the motion. Under normal circumstances, Winn-Dixie would need additional time to respond to the uncommonly voluminous motion. But these are not normal circumstances. Winn-Dixie must also prepare for the week-long trial starting February 8. That preparation includes 12 depositions across the country, meetings with witnesses, and selecting and objecting to trial exhibits. Moreover, Steve Busey, Winn-Dixie's lead counsel, is out of the country on other business for nine of the intervening days.

5. Rule 56(c)(1)(B) contemplates that as a matter of routine the party opposing a motion for summary should have 21 days from service of motion to respond to the motion. Visagent completed serving the Summary Judgment Motion on January 12. Rule 56's contemplated deadline for Winn-Dixie's response therefore is February 2.

6. For the totality of these reasons, Winn-Dixie requests a seven day extension until February 4 to respond to Visagent's Summary Judgment Motion.

SMITH HULSEY & BUSEY

By /s/ Timothy R. Buskirk
    Stephen D. Busey
    James A. Bolling
    Timothy R. Buskirk

Florida Bar Number 058314
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
tbuskirk@smithhulsey.com

Attorneys for Winn-Dixie

## **Certificate of Service**

I certify that a copy of the foregoing document was furnished electronically through the Court's CM/ECF electronic notification system to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, Post Office Box 395, Stuart, Florida 34995, this 15th day of January, 2010.

                                                                                           */s/ Timothy R. Buskirk*
                                                                                                Attorney

686822.1