## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

### ORDER GRANTING IN PART AND DENYING IN PART VISAGENT CORPORATION'S MOTION TO COMPEL MICHAEL R. KRESSER TO ANSWER QUESTIONS, FOR ORDER CONTINUING HIS DEPOSITION, AND FOR SANCTIONS AGAINST MICHAEL R. KRESSER, VICTORY WHOLESALE GROCERS, STUART C. BRINN, ESQ., AND JAMES R. OFFICE, ESQ.

This case came before the Court upon Visagent Corporation's Motion to Compel Michael R. Kresser to Answer Questions, for Order Continuing Deposition and for Sanctions against Michael R. Kresser, Victory Wholesale Grocers, Stuart C. Brinn, Esq. and James R. Office, Esq. filed by Visagent (the "Motion to Compel"). The Court conducted a hearing on the matter on January 12, 2010.

On December 3, 2009 Visagent Corporation ("Visagent") took the deposition of Michael Kresser, a vice president and the chief information officer of Victory Wholesale Grocers, an entity that is not a party to the litigation between Winn Dixie and Visagent. At the deposition Visagent asked Mr. Kresser, among other things: 1) to disclose the substance of three conversations between Winn Dixie's lawyers, Mr. Kresser, and Victory's lawyers concerning Mr. Kresser's deposition; 2) whether Winn Dixie's lawyers provided documentation, either directly or through Victory's lawyers, for Mr. Kresser to review during those three conversations; and 3) whether Mr. Kresser supplied a

document to his attorney by hard copy or electronically. Victory's attorneys instructed Mr. Kresser not to answer the first two questions on the basis that the information was protected by the attorney client privilege and the work product doctrine and the third question on the basis of the attorney client privilege.

Victory asserts that: 1) the communications between Winn Dixie's attorneys, Mr. Kresser, and Victory's attorneys concerning Mr. Kresser's preparation for his deposition; and 2) the documents, if any, provided by Winn Dixie's attorneys, either directly or through Victory's attorneys, for Mr. Kresser to review during the conversations are protected by the attorney client privilege and the work product doctrine. As Visagent points out, however, Mr. Kresser does not have a privileged relationship with Winn Dixie's attorneys. The mere fact that Victory's attorneys were present during the discussion and review of materials which Winn Dixie attorneys provided to Mr. Kresser does not transform an otherwise non-privileged discoverable communication into a privileged one. Victory also asserts that the communications between Winn Dixie's attorneys, Mr. Kresser, and Victory's attorneys and the documents provided by Winn Dixie's attorneys were related to Visagent's "burdensome and harassing discovery in anticipation of litigation" and are therefore protected by the work product doctrine privilege and more specifically the joint defense doctrine. The Court finds that the joint defense doctrine does not apply in the instant case. Finally, while the manner by which Mr. Kresser delivered a document to his attorney is not protected by the attorney-client privilege, the Court finds that it is not relevant to any issue in the dispute between Winn Dixie and Visagent. Upon the foregoing, it is

**ORDERED:**

2

1. Visagent Corporation's Motion to Compel Michael R. Kresser to Answer Questions, for Order Continuing Deposition and Sanctions against Michael R. Kresser, Victory Wholesale Grocers, Stuart C. Brinn, Esq. and James R. Office, Esq. is granted in part and denied in part.

2. Visagent is entitled to conduct a continued deposition of Mr. Kresser for the sole purpose of questioning him regarding the conversations between Winn Dixie's attorneys, Mr. Kresser, and Victory's attorneys concerning Mr. Kresser's deposition. Victory and/or Mr. Kresser shall produce all documents concerning Mr. Kresser's deposition which Winn Dixie provided either directly or through Victory's lawyers, for Mr. Kresser to review during the conversations between Winn Dixie's attorneys, Mr. Kresser, and Victory's attorneys.

3. Mr. Kresser is not required to disclose the manner by which he provided to Victory's attorneys the documents in response to Visagent's subpoena duces tecum to Victory.

4. The Court will not impose sanctions at this time.

DATED this 20 day of January, 2010 in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

**Copies to:**

Guy B. Rubin, Attorney for Visagent Corporation
Gardner F. Davis, Attorney for Victory Wholesale Grocers
Stephen D. Busey, Attorney for Winn Dixie