**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

## VISAGENT CORPORATION'S MOTION TO EXTEND HEARING DATE FOR DEBTORS' MOTIN IN LIMINE TO PRECLUDE VISAGENT CORPORATION FROM PRESENTING EXPERT TESTIMONY

Visagent Corporation (hereinafter "Visagent"), a claimant herein, moves the Court  Federal Rules of Bankruptcy Procedure, amended December 1, 2009 for an Order continuing the hearing date of Winn-Dixie's Motion in Limine to Preclude Visagent from Presenting Expert Testimony to the week of February 1, 2010.  In support of the motion, Visagent states:

1. This is a contested claim commenced by Debtor's July 11, 2006 Fourteenth Omnibus Objection to No Liability Claims and No Liability Misclassified Claims.

2. The trial on the liability portion of Visagent's Claim is scheduled to commence the week of February 8, 2010.  On August 20, 2009, this Court entered a "Consent Order Scheduling Trial," wherein the Court directed that "(e)ach party will serve expert disclosure for issues not relating to damages pursuant o Rule 26 (a) (2), Federal Rules of Civil Procedure, no later than sixty days before trial, and any rebuttal expert disclosures no later than 45 days before trial."  Winn-Dixie served its expert disclosures for two (2) witnessed in a timely manner.  The named witnesses were:  Robert Thomas and Professor Eileen T. Kraemer.  Mr. Thomas is Debtors' trucking expert and

1

Professor Kraemer was presented as their technology expert. Both of Winn-Dixie's experts have been deposed by Visagent.

3. The Motion in Limine filed by the Debtors seeks to preclude Visagent from presenting rebuttal expert testimony, although Visagent timely filed its expert disclosures. This Motion In Limine is scheduled for January 28, 2010 at 1:30 p.m in Jacksonville.

4. The deposition of Neville Teagarden, Visagent's technology expert, is scheduled for January 26, 2010 in Denver, Colorado and the deposition of Walter Williamson, Visagent's trucking expert, is scheduled for January 28, 2010 at 1:30 p.m. in Atlanta, Georgia, the same time as the scheduled hearing of this motion. In fact the parties agreed to six (6) out of state depositions the week of January 25th. Attached hereto is the agreed deposition schedule prepared by Debtor's counsel, Mr. Bolling. It was clearly agreed and understood that this scheduling was to accommodate undersigned counsel and Mr. Bolling's ability to travel from Texas on Monday, to Denver on Tuesday and then to Atlanta for three days of depositions, all on consecutive days without returning to Jacksonville.

5. Discovery cut-off is January 29, 2010.

6. Undersigned counsel personally contacted Mr. Bolling requesting an agreement to continue the January 28th hearing, noting 1) undersigned counsel could not attend both the agreed depositions and the hearing set for January 28th and 2) the Motion In Limine is premature because the Court will need to see the experts' deposition testimony to determine the nature and scope of their expected trial testimony.

7. Mr. Bolling refused the request for an agreed continuance of Debtor's Motion In Limine advising undersigned that another lawyer for Visagent can cover the out of state depositions.

8. Undersigned counsel is lead counsel on this case and has personally sat at every one of the 20 plus depositions to date in this matter, including the depositions of Debtor's expert witnesses. Furthermore, undersigned is the individual most intimately knowledgeable with the expected testimony of Visagent's experts.

9. Debtor's Motion In Limine is based upon a misunderstanding by Debtor about the role of an expert and the acceptable ambit of opinions and testimony permitted under federal law. Undersigned counsel is the only lawyer for Visagent prepared to apprise the Court of the reasons this Motion is not well founded in law or fact.

10. A brief continuance would permit undersigned to attend the hearing and to complete the scheduled depositions in this matter.

11. There would be no prejudice to Debtor by the continuance of the hearing on its Motion In Limine.

**CERTIFICATE OF GOOD FAITH**

I HEREBY CERTIFY that I personally made a good faith effort to resolve the issues set forth by way of this Motion prior to filing same, but such effort was unsuccessful.

/s/
_____
Guy Bennett Rubin, Esq. (FBN 691305)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of this Motion has been electronically filed via ECF and that a true and correct copy of the foregoing has been furnished by electronic mail and by US regular Mail to: James Bolling, Esq. at Smith, Hulsey & Busey, Post Office Box 53315, Jacksonville, FL 32201, on the 22nd day of January, 2010.

*[signature]*

Guy Bennett Rubin, Esq. (FBN 691305)
Attorneys for Visagent Corporation
**RUBIN & RUBIN**
P.O. Box 395
Stuart, Florida 34995
Telephone:   (772) 283-2004
Facsimile:   (772) 283-2009