## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

## WINN-DIXIE'S MEMORANDUM
## IN OPPOSITION TO VISAGENT'S MOTION
## TO CONTINUE THE JANUARY 28 HEARING

Winn-Dixie opposes Visagent's motion to continue the January 28 hearing (Docket No. 22892), and says:

1.  Trial in this matter is scheduled for the week of February 8.

2.  On January 14, the Court noticed a hearing for January 28 at 1:30 on Winn-Dixie's motion in limine to preclude Visagent from introducing expert testimony at the February 8 trial (Docket No. 22874, Exhibit A).

3.  On January 15, the parties agreed that on January 28 Winn-Dixie would depose Steve Carr (on Visagent's "will call" list) and Walter Williamson (Visagent's "truckload" expert) (Exhibit B).

4.  After much effort, the parties agreed to the schedule of depositions attached to Visagent's motion and attached hereto (Exhibit C).

During the last week before the January 29 discovery cut off date, the parties agreed to six depositions in Texas, Colorado and Georgia, plus two more after the discovery cut off date in Jacksonville and Colorado (Exhibit C).

5. On January 16, Visagent requested that Winn-Dixie consent to a continuance of the January 28 hearing because Mr. Guy Rubin said that on January 28 he could not attend both the January 28 hearing and the two depositions Winn-Dixie was scheduled to take on that date (Exhibit D).

6. On January 17, Winn-Dixie responded that Mr. Rubin had agreed to Winn-Dixie's January 28 depositions after the Court noticed the January 28 hearing, and that someone else from Mr. Rubin's office could *defend* the two January 28 depositions (Exhibit E).

7. Judge Garrison's chambers in West Palm Beach informed us that Mr. Rubin's trial, which started on January 19, is scheduled to last through January 27. If that is the case, Mr. Rubin nevertheless agreed to Winn-Dixie taking three depositions on January 25 through 27, including Neville Teagarden (Visagent's expert on faxing and the Internet) (see Exhibit B). So someone else from Mr. Rubin's office will be defending those depositions. There is no reason why someone else from Mr. Rubin's office cannot *defend* the two depositions on January 28.

8.   Moreover, Winn-Dixie's motion to preclude Visagent from presenting expert testimony at trial is not contingent on what Visagent's experts testify to at their depositions. As argued in Winn-Dixie's motion, Visagent should not be allowed to present expert testimony in the guise of "rebuttal," when Visagent's experts' reports now make it clear that they are opining on whether Winn-Dixie breached the Service Agreement—an issue this Court ruled Visagent has the burden to prove (Docket No. 22724). Visagent nevertheless did not disclose its experts on December 10, the initial deadline for disclosing experts, but instead disclosed their experts as "rebuttal" experts for tactical reasons. Winn-Dixie cites cases in its motion in limine that held that courts should not allow parties to try and gain tactical advantage by disclosing experts as rebuttal on issues that party has the burden to prove.

9.   Winn-Dixie would be prejudiced by delaying a hearing and ruling on its motion in limine. Winn-Dixie is in the middle of intense trial preparation, including preparing for and taking nine depositions, preparing a memorandum in opposition to Visagent's 58-page motion for partial summary judgment, identifying objections to Visagent's 400 trial exhibits, and meeting with witnesses. Winn-Dixie should not also have to prepare cross-examination outlines for experts Visagent should have disclosed on

December 10, since those experts' reports show that they are opining on whether Winn-Dixie breached the Service Agreement—an issue Visagent has the burden to prove.

10. For these reasons, Winn-Dixie should be allowed to take the depositions the parties agreed to during the week of January 25 and on February 1 and 2, and Winn-Dixie should not be prejudiced by a delay in the Court hearing and ruling on Winn-Dixie's motion in limine.

SMITH HULSEY & BUSEY

By  */s/ Timothy R. Buskirk*
Stephen D. Busey
James A. Bolling
Timothy R. Buskirk

Florida Bar Number 058314
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
tbuskirk@smithhulsey.com

Attorneys for Winn-Dixie

5

## **Certificate of Service**

I certify that a copy of the foregoing document was furnished electronically through the Court's CM/ECF electronic notification system to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, Post Office Box 395, Stuart, Florida 34995, this 22nd day of January, 2010.

*/s/ Timothy R. Buskirk*
Attorney

687864.1

# EXHIBIT A

[31713A] [Notice of Evidentiary Hearing]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                    Case No. 3:05-bk-03817-JAF
                                                          Chapter 11

Winn-Dixie Stores, Inc

_____Debtor(s)_____ /

## NOTICE OF HEARING

   NOTICE IS GIVEN that an evidentiary hearing in this case will be held in 4th Floor Courtroom 4D, 300 North Hogan Street, Jacksonville, Florida, on January 28, 2010 at 1:30 p.m., to consider and act upon the following matter:

   Motion in Limine to Preclude Visagent from Presenting Expert Testimony filed by Debtor

and transact such other business as may properly come before the hearing.

   1. All exhibits must be pre-marked and listed in accordance with Local Rule 9070-1.

   2. The hearing may be continued upon announcement made in open Court without further notice.

   3. Any party opposing the relief sought at this hearing must appear at the hearing or any objections or defenses may be deemed waived.

   4. *Appropriate Attire*. You are reminded that Local Rule 5072-1(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

   5. Due to heightened security procedures, persons must present photo identification to enter the Courthouse and arrive early.

   Dated January 14, 2010.

                              Lee Ann Bennett, Clerk of Court
                              300 North Hogan Street Suite 3-350
                              Jacksonville, FL 32202

   Copies furnished to:
   Debtor
   Debtor(s)' Attorney
   Trustee
   US Trustee
   L.R. 1007(d) Parties in Interest

# EXHIBIT B

**James A. Bolling**

**From:** Guy Rubin [grubin@rubinandrubin.com]
**Sent:** Friday, January 15, 2010 6:56 PM
**To:** James A. Bolling
**Cc:** Gladys LaForge; Laurene Snapp
**Subject:** RE: Carr Deposition 1/28

No problem

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
grubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the inadvertent disclosure. Thank you.

---

**From:** James A. Bolling [mailto:jbolling@smithhulsey.com]
**Sent:** Friday, January 15, 2010 6:47 PM
**To:** Guy Rubin
**Cc:** Gladys LaForge; Laurene Snapp; Timothy R. Buskirk
**Subject:** RE: Carr Deposition 1/28

In that case, we'll want to start at 8:30.

---

**From:** Guy Rubin [mailto:grubin@rubinandrubin.com]
**Sent:** Friday, January 15, 2010 6:39 PM
**To:** James A. Bolling
**Cc:** Gladys LaForge; Laurene Snapp; Timothy R. Buskirk
**Subject:** Carr Deposition 1/28

Jim,

I just convinced Mr. Carr to sit for his depo on 1/28, but the only way he can do that is if there is an agreement that he can be finished and out by 12 noon as he has travel plans to leave the state for his wedding. If you can agree to this condition, let me know. This seems consistent with the scheduling of Williamson that same afternoon.

Thank you for your continued cooperation.

Guy

1/22/2010

From the desk of:

Guy Bennett Rubin, Esq.
Rubin & Rubin, Attorneys and Counselors
110 S.W. Atlanta Ave.
Stuart, Florida 34994
772.283.2004
772.283.2009 fax
grubin@rubinandrubin.com

This message was intended for a specific recipient and may contain privileged and confidential information, protected under state and federal law. If you received this message in error, or are not an intended recipient, please delete this message and contact my office advising of the inadvertent disclosure. Thank you.


The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.


The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

1/22/2010

# EXHIBIT C

## Winn-Dixie/Visagent January/February Depositions

| Sun | Mon | Tue | Wed | Thur | Fri | Sat |
|---|---|---|---|---|---|---|
| 17 | 18 | 19 | 20 | 21 | 22<br>*Henderson*<br>@ 9:00 a.m.<br>Ft. Lauderdale<br><br>*Weida*<br>@ 11:00 a.m.<br>Ft. Lauderdale<br><br>*Post*<br>@ 1:30 p.m.<br>Ft. Lauderdale<br><br>All at the following:<br>515 E. Las Olas Blvd. Suite 1300<br>Ft. Lauderdale | 23<br>*Trader*<br>@ 9:00<br>SHB<br>Jax |
| 24 | 25<br>*Garaygordobil*<br>@ 9:00 a.m<br>Esquire Deposition<br>1221 Lamar Street, Suite 1304.<br>Houston, TX | 26<br>*Teagarden*<br>@ 9:00 a.m.<br>9039 Rambling Oak PL<br>Parker, CO | 27<br>*McLaughlin*<br>@ 10:00 a.m.<br>Holiday Inn Express<br>4601 Best Road<br>College Park, GA | 28<br>*Carr*<br>@ 8:30 a.m.<br>Atlanta, GA<br><br>*Williamson*<br>@ 1:30 p.m.<br>Atlanta, GA<br><br>Both at the following:<br>Holiday Inn Express<br>4601 Best Road<br>College Park, GA | 29<br>*MacDowell*<br>@ 9:00 a.m.<br>Holiday Inn Express<br>4601 Best Road<br>College Park, GA | 30 |
| 31 | 1<br>*Payment*<br>@ 8:30<br>Rubins' office<br>Jacksonville | 2 | 3<br>*Mitchell*<br>@ 10:30<br>Greenwood Village, CO | 4 | 5 | 6 |

# EXHIBIT D

## James A. Bolling

**From:** Guy Rubin [grubin@rubinandrubin.com]
**Sent:** Saturday, January 16, 2010 5:42 PM
**To:** James A. Bolling
**Cc:** Gladys LaForge; Timothy R. Buskirk
**Subject:** RE: Winn-Dixie/Visagent Deposition Schedule

Jim,

Looking at your enclosed map, everything up to the 29th looks fine, except we have a conflict on the 28th; the Court has scheduled motions on Victory's motion to enforce compliance and WD's motion in limine re expert testimony for that same day. If we can all agree to continue that hearing for a later date, then all of those dates work and are acceptable to both me and my client. Since WD's motion in limine will largely depend on what Visagent's experts say in their depositions, it would seem logical that we should complete the Williamson deposition before that particular motion is heard by the Court. There is one other modification that would seem beneficial to all of us who are war-horsing around the country to these depositions – I propose we have McLaughlin come to Atlanta for his deposition on the 27th so we can fly from Denver to Atlanta where we will have three consecutive days, instead of coming back to Jacksonville first. I have a call in to Mr. McLaughlin requesting this change. Do you agree?

Next, we will agree to do the Trader deposition on Feb. 2nd outside of the discovery period as you propose, but _only_ if it is in Jacksonville. This agreement is conditional however. We are contemplating filing a motion to strike Trader as a witness – WD's continued pursuit of him and the issues in his "Trader Report" are harassment and a waste of time since he has no information relevant to the only pending claim. As you are keenly aware, Mr. Trader came to Visagent years after the Service Agreement was executed and has no personal knowledge as to any issue related to that claim or your purported defenses of lack of critical mass and Global Food Resources conflict of interest – both of which aren't even cognizable contract defenses. I would ask you to reconsider doing this deposition at all, since it is clearly beyond the scope of the pending claim on the Service Agreement. If we file such a motion, and the court agrees this discovery is not permitted, then of course we will not proceed with it. Please consider this my attempt to confer and reach an agreement as to Mr. Trader before we will a motion.

Regarding Ms. Mitchell, first, we will not travel to Colorado outside the discovery period. I have previously asked you to consider waiving privilege as to her documents and conversations with WD employees, which you have refused. We intend to file a motion to strike her as a witness accordingly both on privilege grounds and also due to her unavailability for deposition during the discovery period. Before we do so, I ask you to proffer specifically what she will add to your case that is not contained in the documents. She can't testify as to the areas you listed in WD's Witness Disclosures without waiving the privilege – and now that is too late. Please consider this my attempt to confer and reach an agreement as to Ms. Mitchell before we will a motion.

Thank you for your continued cooperation.

Guy

From the desk of:

1/22/2010

# EXHIBIT E

**James A. Bolling**

**From:** James A. Bolling
**Sent:** Sunday, January 17, 2010 4:23 PM
**To:** 'Guy Rubin'
**Cc:** Gladys LaForge; Timothy R. Buskirk
**Subject:** W-D/Visagent (Carr and Williamson)

Guy:

We received your January 16 e-mail, in which you say that we cannot depose Steve Carr and Walter Williamson on January 28, as we had previously agreed. Mr. Carr is on Visagent's will call list and Mr. Williamson is Visagent's expert on the meaning of "truckload."

You argue that we can't take those depositions because of the January 28 hearing on Wachovia's motion to preclude Visagent from introducing expert testimony. The Court notified all of us about the January 28 hearing on January 14. You nevertheless waited to until January 16 (over 48 hours later) to tell us that we couldn't depose Messrs. Carr and Williamson on January 28, unless we agreed to continue the hearing (even though we had been almost continuously communicating about depositions during those 48 hours).

We cannot agree to continue the hearing. It's important to us to obtain a ruling on our motion as soon as possible.

Although you may need to attend the hearing, someone else from your office can *defend* these depositions. We therefore will proceed with the depositions on January 28 as previously agreed and noticed.

Jim
(904) 359-7719

1/22/2010