UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

## VISAGENT CORPORATION'S MOTIN TO STRIKE PATRICIA MITCHELL, ESQ. FROM DEBTORS' WITNESS LIST AND TO PRECLUDE HER TESTIMONY AT TRIAL

Visagent Corporation (hereinafter "Visagent"), a claimant herein, moves the Court Federal Rules of Bankruptcy Procedure, as amended December 1, 2009, for an Order striking Patricia Mitchell, Esq. from Debtors' Witness List and precluding her testimony at trial. In support of the motion, Visagent states:

1. This is a contested claim commenced by Debtor's July 11, 2006 Fourteenth Omnibus Objection to No Liability Claims and No Liability Misclassified Claims.

2. The trial on the liability portion of Visagent's Claim is scheduled to commence the week of February 8, 2010. On August 20, 2009, this Court entered a "Consent Order Scheduling Trial," wherein the Court directed that each party's witness list must be filed 60 days before trial and had to contain a list of those witnesses each party "intends to call" and "may call." Debtors listed Patricia Mitchell, Esq. as a witness they "intend to call."

3. Upon information and belief, Ms. Mitchell was an attorney admitted in the state of Florida in 2001 and acted as in-house counsel for Winn-Dixie. A review of the documents in this matter shows that she acted in that capacity from, at least, May 2001 until March 2002. Ms. Mitchell was involved in the initial negotiation process for the Service Agreement that was signed by the parties on June 15, 2001, with an effective date of June 28, 2001.

1

4.     Debtors have filed two (2) privilege logs in the course of this litigation: November 27, 2006 and March 10, 2008. The first log had 87 entries, 26 of which referenced Ms. Mitchell (30%). The second log had 159 entries, over 50% of which reference Ms. Mitchell or her assistant on her behalf. Although Visagent advised Winn-Dixie that it logs were somewhat inadequate regarding the description of the items withheld, Debtors contended that the logs were sufficient.

5.     Debtors have jealously guarded their attorney/client privilege, not only withholding numerous documents based on the privilege, but interposing a plethora of objections during depositions, some of which have been brought to this Court's attention.

6.     Now, on the eve of trial, Debtors seek to proffer Ms. Mitchell as a witness in this matter, after withholding documentation based on her attorney/client relationship with Debtors. Visagent requested that Winn-Dixie waive the privilege and the request was denied.

7.     Visagent cannot envision a factual scenario wherein Ms. Mitchell's testimony will not ultimately result in a waiver of the privilege. If Ms. Mitchell is solely being called to authenticate documents that have heretofore been produced, Visagent has agreed to stipulate that the documents were authentic. ANY testimony beyond what is contained within the parameters of documents that she authored or received will impact Debtors' privilege, which they refuse to waive.

8.     The prejudice to Visagent by Debtors' consistently inconsistent positions is irreparable at this junction. The trial of this matter is looming. For nearly four (4) years, Debtors have exerted their privilege and to this day, continue to do so. Yet, they wish Ms. Mitchell, as their former attorney, to testify on their behalf. Visagent has repeatedly requested an

offer of proof from Debtors, advising opposing counsel of the arguments contained in this application, and Debtors have refused to provide same. Furthermore, Ms. Mitchell made herself unavailable for deposition due to a vacation and now has made herself available for deposition ONLY in Denver, Colorado during the week before trial. Traveling to Colorado which will take two days of undersigned counsel's time out of the last week before trial is prejudicial to Claimant.

## APPLICABLE LAW

9. Section 90.502 of the Florida Code of Evidence codifies the attorney-client privilege and generally provides that neither an attorney nor a client may be compelled to divulge confidential communications between a lawyer and client which were made during the rendition of legal services. Section 90.502(1) (b) defines a "client" as including "any person, public officer, corporation, association, or other organization or entity ... who consults a lawyer with the purpose of obtaining legal services or who is rendered legal services." Thus corporations and other organizations] may be clients who possess a lawyer-client privilege. The necessary relationship may exist between the corporation and both "house counsel" and "outside counsel." Clearly, Florida law applies the attorney-client privilege to corporations." Southern Bell Tel. & Tel. Co. v. Deason, 632 So. 2d 1377, 1380 (Fla. 1994).

10. The attorney/client privilege can be directly or implicitly waived by a client. Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1417 (11th Cir.1994) (quoting In re Von Bulow, 828 F.2d 94, 100, 101 (2d Cir.1987)). Once a party waives the attorney-client privilege as to a communication, the waiver generally "extends to all other communications relating to the same subject matter." BellSouth Adver. & Publ'g Corp., 1992 WL 338392 at 8. Waiver may be found

when issues are injected into the litigation by a party who then seeks to shield material information by asserting the attorney-client privilege. First Southern Baptist Church of Mandarin, Florida, Inc. v. First Nat. Bank of Amarillo, 610 So. 2d 452, 454 (Fla. 1st DCA 1992); Home Ins. Co. v. Advance Mach. Co., 443 So.2d 165, 168 (Fla. 1st DCA 1983). "The United States Court of Appeals for the Eleventh Circuit has observed that "the doctrine of waiver by implication reflects the position that the attorney-client privilege 'was intended as a shield, not a sword.' " Cox, 17 F.3d at 1417 (quoting GAB Bus. Servs., Inc. v. Syndicate 627, 809 F.2d 755, 762 (11th Cir.1987). "In other words, '[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.' " Id. (quoting United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir.1991) The great weight of authority holds that the attorney-client privilege is waived when a litigant "place[s] information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party." Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D.Wash.1975). Although this particular type of waiver often occurs when a defendant raises an affirmative defense, the defendant need not raise an affirmative defense for this type of waiver to occur. Id. "To waive the attorney client privilege by voluntarily injecting an issue in the case, a defendant must do more than merely deny a plaintiff's allegations. The holder must inject a new factual or legal issue into the case." Lorenz v. Valley Forge Ins. Co., 815 F.2d 1095, 1098 (7th Cir.1987).

11. Clearly, Debtors are using the assertion of the attorney/client privilege as a sword and not a shield. Presumably, Ms. Mitchell will testify regarding communications before the signing of the Service Agreement in support of a defense to this claim. Of course in order to do so would require a full cross-examination of her communications, not only with Visagent, but

also with her clients/employer, WINN-DIXIE, particularly because her testimony will be at odds with the deposition testimony of Daryl Mills and Philip Payment regarding the scope of the agreement. Both of these WINN-DIXIE executives testified they anticipated all secondary market diverting to run through Visagent. Debtors wielded the privilege to withhold discovery materials throughout the lengthy tenure of this matter and now, at the literal eleventh hour, they want THEIR attorney to testify as to matters yet to be revealed to Visagent. Viewing Winn-Dixie's synopses of her testimony, i.e. the intent of the scope of the Service Agreement, it belies credibility that her testimony cannot impinge on the privilege Debtors continue to assert. Had Debtors been forthright earlier in the case about their potential use of Ms. Mitchell, this Court could have made a ruling as to the disclosure of documents withheld under the cloak of privilege. With two weeks until the trial commences, there is no time to do so. Visagent is being gravely prejudiced by the tactics taken by Debtors.

WHEREFORE, Visagent moves to strike Patricia Mitchell as a witness in this case.

## CERTIFICATE OF GOOD FAITH

I HEREBY CERTIFY that I personally made a good faith effort to resolve the issues set forth by way of this Motion prior to filing same, but such effort was unsuccessful.

_____
Guy Bennett Rubin, Esq. (FBN 691305)

5


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of this Motion has been electronically filed via ECF and that a true and correct copy of the foregoing has been furnished by electronic mail and by US regular Mail to: James Bolling, Esq. at Smith, Hulsey & Busey, Post Office Box 53315, Jacksonville, FL 32201, on the 25th day of January, 2010.

Guy Bennett Rubin, Esq. (FBN 691305)
Attorneys for Visagent Corporation
**RUBIN & RUBIN**
P.O. Box 395
Stuart, Florida 34995
Telephone:   (772) 283-2004
Facsimile:   (772) 283-2009