UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 05-03817-3F1 |
| | : | |
| WINN-DIXIE STORES, INC. et al | : | Chapter 11 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

## VICTORY WHOLESALE GROCERS EMERGENCY MOTION FOR PROTECTIVE ORDER AND OBJECTION REGARDING VISAGENT CORP.'S SUBPOENA OF VICTORY'S COMPUTER PROGRAMMER, FRED MACDOWELL, AND <u>EMERGENCY HEARING REQUESTED ON OR BEFORE JANUARY 28, 2010</u>

Victory Wholesale Grocers ("Victory"), on behalf of itself and its computer programmer, Fred MacDowell[1], objects and moves this Court pursuant to Bankruptcy Rules 7026(C)(1)(A) and (G) and 9016 for a Protective Order with respect to Visagent Corp.'s subpoena for deposition duces tecum of Fred MacDowell for Friday, January 29, 2010. In support thereof, Victory would show this Court as follows:

### Factual Background

1.   This Emergency Motion is timely because Visagent's counsel first provided Victory with the subpoena at 11:28 a.m. on Tuesday, January 26, 2010 seeking a deposition and production of documents on Friday, January 29, 2010. Mr. MacDowell advised the undersigned counsel that he has never received a subpoena, but understands from his wife that a subpoena was delivered to his house on Tuesday, January 26, 2010 after he left for work.

---

[1] Fred MacDowell is a resident of Suwanee Georgia (near Atlanta). Mr. MacDowell does not submit to the jurisdiction of this Bankruptcy Court. The objection by Victory on behalf of Mr. MacDowell is limited to challenging that Visagent's purported subpoena issued by this Court of Mr. MacDowell is without jurisdiction or statutory authority.

2. Counsel for Victory has been attempting to negotiate with Visagent the terms and conditions for Mr. MacDowell's voluntary deposition for over a week. *(See Exhibit A* - Gardner Davis emails to Gladys LaForge dated January 20, 2010, January 22, 2010 and January 25, 2010*)*. Visagent did not respond until January 26, 2010 when it notified Victory's counsel that Mr. MacDowell had been served with process for the deposition. *(See Exhibit B* - Gladys LaForge email to Gardner Davis dated January 26, 2010).

3. This Motion and Objection must be viewed within the context of Victory's overall efforts to cooperate with Visagent's discovery efforts in this contested matter.

4. Victory is not a party to the contested matter between Visagent and the Debtor.

5. Fred MacDowell is a computer programmer who works for Victory on an independent contractor basis. Mr. MacDowell advised the undersigned counsel for Victory that he "has never heard of Visagent," "has no knowledge of any dispute between Visagent and Winn-Dixie," and that "his only connection with Winn-Dixie is that he made one trip on behalf of Victory to visit Winn-Dixie because Winn-Dixie's computer system generated certain reports and Winn-Dixie requested that reports generated by Victory's computer system have corresponding information fields." Mr. MacDowell further advised undersigned counsel for Victory that "although he remembered the conversation about modifying the format of Victory's computer reports for Winn-Dixie, he does not recall if he ever actually followed up on the request."

6. Victory has attempted to cooperate reasonable with the Visagent's discovery in this matter. For example:

    A. On May 14, 2008, Victory produced to Visagent documents in Victory's possession related to Visagent's dispute with the Debtor, as agreed to by counsel to Visagent and Victory.

    B. With Victory's full cooperation, Visagent subpoenaed the depositions

2

duces tecum of the Rule 30(b)(6) representative of Victory and Victory's employee, Robert Carlson, both for July 30, 2009. Visagent subsequently reached a stipulation with Debtor's counsel regarding the authenticity of Victory's documents and cancelled the Rule 30(b)(6) deposition. Visagent's deposition of Mr. Carlson started at 9:55 a.m., concluded at 5:15 p.m. and comprised of 182 pages and included 17 exhibits.

C.     Visagent subsequently sought the opportunity to depose a second Victory employee, Michael Kresser, the Victory CIO. Visagent's deposition of Mr. Kresser began at 10:12 a.m. and concluded at 5:58 p.m. The transcript is 195 pages and included 11 exhibits.

7.     Visagent now seeks to depose a Victory computer programmer, Fred MacDowell, who has advised the undersigned counsel for Victory that he had never heard of Visagent and had no knowledge of the dispute between Debtor and Visagent (see paragraph 5). Mr. Kresser, Victory's Chief Information Officer, who was previously deposed by Visagent, has superior knowledge of Victory's computer system and a second deposition of Mr. MacDowell regarding Victory's computer system is unnecessarily burdensome and duplicative. Mr. Carlson, Victory's employee with first-hand knowledge of the Victory – Winn-Dixie business relationship, who was also previously deposed by Visagent, has superior knowledge of the business relationship between Winn-Dixie and Visagent.

8.     On Wednesday, January 20, 2010 at 9:42 a.m., counsel for Victory wrote an email to counsel for Visagent seeking to establish reasonable parameters for the deposition of Mr. MacDowell in order to avoid undue burden and unnecessary harassment to Mr. MacDowell and Victory:

> Gladys-
>
> Victory is concerned that Visagent's proposed deposition of Victory's computer programmer, Fred MacDowell, in Atlanta on Friday, January 29th will be a great waste of time and resources. Victory wants to cooperate reasonably, but Victory does not want to be sucked in further to this wasteful and abusive discovery process.

Jim Office, the general counsel of Victory, spoke with Mr. MacDowell yesterday about Mr. MacDowell's knowledge of the facts of the Visagent-Winn Dixie dispute. According to Mr. Office, Mr. MacDowell stated that he never heard of Visagent, does not know anything about the dispute/relationship between Winn Dixie and Visagent and that his only involvement with Winn Dixie was that he made a short trip to Jacksonville to talk to Winn Dixie because Winn Dixie's computer system generated certain reports that had different items of information than the reports generated by Victory's NTS system and he was asked to reformat certain reports so that Winn Dixie would get the same info on both the Winn Dixie reports and the Victory NTS reports.

Victory would offer you and Mr. Rubin an opportunity to interview Mr. MacDowell on the telephone (with Victory's counsel on the phone) to see whether Mr. MacDowell has any relevant factual information for your dispute. (Victory believes you will conclude that he does not know anything worth a deposition.)

If you believe after talking with him that a deposition is justified, Victory is prepared to make Mr. MacDowell available on Friday, January 29th for a telephone depo (which I think would be more efficient) or in Atlanta at the office you noticed, on the conditions that (i) the questions focus only on what he knows about Visagent, the Visagent-Winn Dixie dispute and his work related to Winn Dixie, (ii) you refrain from asking him general questions about Victory and its business (you have already had 2 all-day depos of Victory people), (iii) you refrain from asking him questions as an expert or directed at his general knowledge of computers, to the extent not specifically related to Winn Dixie-Victory computer matters, (iv) you limit the depo to 2 hours, and (v) the depo is covered by the Confidentiality Order..

Please let me know if you want to set up a call with Mr. MacDowell.

I look forward to hearing from you.

*(See Exhibit A* - Gardner Davis emails to Gladys LaForge dated January 20, 2010*)*

9. Visagent's subpoena duces tecum of Mr. MacDowell, a copy of which is attached as Exhibit C, seeks extensive and extremely burdensome document production from Mr. MacDowell relating to confidential Victory matters, including:

- Copies of all billing statements, invoices and/or timesheets ... sent or

4

> presented to Victory ... from January 1, 1999 through the present, together with evidence of payment thereof;

- Copies any contracts of employment, retainer agreements or fee agreements between [Mr. MacDowell] and Victory;

- Any and all correspondence, reports, presentations, notes, research, summaries, synopsis, or other material, including all drafts thereof [Mr. MacDowell] received, reviewed, or prepared concerning:

    (a) Network Trading System,

    (b) OMI,

    (c) Biceps,

    (d) Triceps ...

- Copies of all licenses, degrees and certifications held by [Mr. MacDowell] from January 1, 1999 to the present; and

- Copies of any resumes or curriculum vitae from 1999 to the present, including the most recent copy of same.

## LEGAL ANALYSIS

10. Visagent's subpoena to Mr. MacDowell was issued by the United States Bankruptcy Court for the Middle District of Florida – Jacksonville Division in violation of Bankruptcy Rule 9016 and Rule 45 of the Federal Rules of Civil Procedure. Mr. MacDowell resides in the Atlanta, Georgia area and the deposition and production of documents is set for Atlanta, Georgia. Federal Rule of Civil Procedure 45(a)(2) provides that subpoenas for attendance at a deposition and for production and inspection of documents should be issued from the Court where the deposition is to be conducted and where documents are to be produced. Therefore, this Court's subpoena was issued without jurisdiction and in violation of the Rules and should be quashed.

11. Although questions exist regarding whether the subpoena was actually served because it was left with Mr. MacDowell's wife on the morning of Tuesday, January 26, 2010,

assuming service was proper, service occurred two days before the date of the deposition and document production. Local Rule 7030 requires not less than 10 days notice.

12. Production of extensive document set forth above is unreasonable on only two days notice. Moreover, the proposed production of documents is unreasonably burdensome and seeks Victory's confidential business information unrelated to the Visagent – Winn-Dixie dispute.

13. A third, full day, unlimited deposition of a Victory employee or independent contractor, regarding Victory's internal business practices, Victory's computer system and Victory's confidential matters is burdensome and harassing. Any examination of Mr. MacDowell should be limited to what Mr. MacDowell knows about Visagent, the Visagent – Winn-Dixie dispute and his work related to Winn-Dixie. General questions about Victory and its business or computers generally should not be permitted.

14. Federal Rule of Civil Procedure 45(c)(1) provides that "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Federal Rule of Civil Procedure 45(c)(3) provides that "on timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; …; (iii) requires disclosure of privileged or otherwise protected matter … or (iv) subjects a person to undue burden."

## **REQUESTED RELIEF**

15. For the reasons set forth above, Victory respectfully requests that the Court enter a Protective Order quashing the subpoena and stating that any subsequent deposition of Mr. MacDowell be subject to the limitations proposed in the January 20, 2010 email from Victory's counsel to Visagent's counsel reproduced in paragraph 8 above and that any subsequent

production of documents by Mr. MacDowell be limited in subject matter to documents specifically involving or related to Winn-Dixie and limited in time to the time period of Visagent's contract with Winn-Dixie and one-year before and after such contract.

### Certificate of Necessity for Emergency Relief

1. The emergency nature of this Motion is required because the deposition is set in Atlanta on the morning of Friday, January 29, 2010 and Mr. MacDowell and Victory first received notice of the subpoena on Tuesday, January 26, 2010. Therefore, Victory requests a hearing on or before January 28, 2010. (The undersigned counsel for Victory has a commitment at the University of Florida on Wednesday, January 27, 2010 from noon until 4:00 p.m.)

2. Counsel for Victory and Visagent have conferred in good faith in an effort to resolve this discovery dispute, but have been unsuccessful.

Dated: January 26, 2010

                                         FOLEY & LARDNER LLP
                                         /s/ Gardner F. Davis
                                         Gardner F. Davis
                                             Florida Bar No. 0471712
                                             gdavis@foley.com
                                         John J. Wolfel, Jr.
                                             Florida Bar No. 030664
                                             jwolfel@foley.com
                                         One Independent Drive, Suite 1300
                                         Jacksonville, FL 32202-5017
                                         P. O. Box 240
                                         Jacksonville, FL 32201-0240
                                         904.359.2000

                                         Counsel to Victory Wholesale Grocers

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of this response to Visagent's Motion has been furnished by e-mail to the following parties on the 26th day of January 2010.

Rubin & Rubin
Attn: Guy Bennett Rubin and Gladys LaForge
P.O. Box 395
Stuart Florida 34995
glaforge@rubinandrubin.com
guy.rubin@rubinandrubin.com

Smith Hulsey & Busey
Attn: Stephen D. Busey and Jim Bolling
225 Water Street – Suite 1800
Jacksonville FL 32202
jbolling@smithhulsey.com
busey@smithhulsey.com

                                        FOLEY & LARDNER LLP
                                        /s/ Gardner F. Davis
                                        Gardner F. Davis

JACK_1724321.1

# EXHIBIT A

**(see attached)**

JACK_1724321.1

# Davis, Gardner F.

**From:** Davis, Gardner F.
**Sent:** Monday, January 25, 2010 11:21 AM
**To:** Gladys LaForge
**Cc:** James A. Bolling
**Subject:** RE: Visagent v Winn Dixie - proposed deposition of Fred MacDowell in Atlanta

Gladys-

I know you are doing your best.

I am not mad.

But we can't wait to Friday to address the issue.

Gardner Davis
Foley & Lardner LLP
One Independent Drive, Suite 1300
Jacksonville, FL 32202
Telephone: (904) 359-8726
Facsimile: (904) 359-8700
Email: gdavis@foley.com

---

**From:** Gladys LaForge [mailto:glaforge@rubinandrubin.com]
**Sent:** Monday, January 25, 2010 11:14 AM
**To:** Davis, Gardner F.
**Cc:** James A. Bolling
**Subject:** RE: Visagent v Winn Dixie - proposed deposition of Fred MacDowell in Atlanta

Gentlemen:

    I am not ignoring your request, but I have not received a response from Mr. Rubin. I assure you I will try to speak with him some time today, but he is traveling out west. I will do my best.

Gladys

---

**From:** Davis, Gardner F. [mailto:GDavis@foley.com]
**Sent:** Monday, January 25, 2010 11:04 AM
**To:** Gladys LaForge
**Cc:** James A. Bolling
**Subject:** FW: Visagent v Winn Dixie - proposed deposition of Fred MacDowell in Atlanta

Gladys-

We need to get the Fred MacDowell deposition issue resolved. My email of 1/20 below set out the issue/proposed resolution.

Please let me know.

Thanks

1/26/2010

Gardner Davis
Foley & Lardner LLP
One Independent Drive, Suite 1300
Jacksonville, FL 32202
Telephone: (904) 359-8726
Facsimile: (904) 359-8700
Email: gdavis@foley.com

---

**From:** Davis, Gardner F.
**Sent:** Friday, January 22, 2010 10:30 AM
**To:** Gladys LaForge
**Cc:** James A. Bolling
**Subject:** RE: Visagent v Winn Dixie - proposed deposition of Fred MacDowell in Atlanta

Gladys-

Thanks

Gardner Davis
Foley & Lardner LLP
One Independent Drive, Suite 1300
Jacksonville, FL 32202
Telephone: (904) 359-8726
Facsimile: (904) 359-8700
Email: gdavis@foley.com

---

**From:** Gladys LaForge [mailto:glaforge@rubinandrubin.com]
**Sent:** Friday, January 22, 2010 10:26 AM
**To:** Davis, Gardner F.
**Cc:** James A. Bolling
**Subject:** RE: Visagent v Winn Dixie - proposed deposition of Fred MacDowell in Atlanta

Dear Gardner:

  Thanks for the follow up, but I am waiting for a reply from Guy and he is still on trial in West Palm Beach. I will try to reach him at the lunch break to get a response for you.

Gladys

---

**From:** Davis, Gardner F. [mailto:GDavis@foley.com]
**Sent:** Friday, January 22, 2010 10:23 AM
**To:** Gladys LaForge
**Cc:** James A. Bolling
**Subject:** RE: Visagent v Winn Dixie - proposed deposition of Fred MacDowell in Atlanta

Gladys-

I am writing to follow-up on my email of Wednesday about Fred MacDowell depo (see below).

Do you have any response to my email?

Do you want me to set up a call for you to informally speak with Mr. MacDowell?


Gardner Davis
Foley & Lardner LLP
One Independent Drive, Suite 1300
Jacksonville, FL 32202
Telephone: (904) 359-8726
Facsimile: (904) 359-8700
Email: gdavis@foley.com

---

**From:** Davis, Gardner F.
**Sent:** Wednesday, January 20, 2010 9:42 AM
**To:** 'Gladys LaForge'
**Cc:** James A. Bolling
**Subject:** Visagent v Winn Dixie - proposed deposition of Fred MacDowell in Atlanta

Gladys-

Victory is concerned that Visagent's proposed deposition of Victory's computer programmer, Fred MacDowell, in Atlanta on Friday, January 29th will be a great waste of time and resources. Victory wants to cooperate reasonably, but Victory does not want to be sucked in further to this wasteful and abusive discovery process.

Jim Office, the general counsel of Victory, spoke with Mr. MacDowell yesterday about Mr. MacDowell's knowledge of the facts of the Visagent-Winn Dixie dispute. According to Mr. Office, Mr. MacDowell stated that he never heard of Visagent, does not know anything about the dispute/relationship between Winn Dixie and Visagent and that his only involvement with Winn Dixie was that he made a short trip to Jacksonville to talk to Winn Dixie because Winn Dixie's computer system generated certain reports that had different items of information than the reports generated by Victory's NTS system and he was asked to reformat certain reports so that Winn Dixie would get the same info on both the Winn Dixie reports and the Victory NTS reports.

Victory would offer you and Mr. Rubin an opportunity to interview Mr. MacDowell on the telephone (with Victory's counsel on the phone) to see whether Mr. MacDowell has any relevant factual information for your dispute. (Victory believes you will conclude that he does not know anything worth a deposition.)

If you believe after talking with him that a deposition is justified, Victory is prepared to make Mr. MacDowell available on Friday, January 29th for a telephone depo (which I think would be more efficient) or in Atlanta at the office you noticed, on the conditions that (i) the questions focus only on what he knows about Visagent, the Visagent-Winn Dixie dispute and his work related to Winn Dixie, (ii) you refrain from asking him general questions about Victory and its business (you have already had 2 all-day depos of Victory people), (iii) you refrain from asking him questions as an expert or directed at his general knowledge of computers, to the extent not specifically related to Winn Dixie-Victory computer matters, (iv) you limit the depo to 2 hours, and (v) the depo is covered by the Confidentiality Order..

Please let me know if you want to set up a call with Mr. MacDowell.

1/26/2010

I look forward to hearing from you.

Gardner Davis
Foley & Lardner LLP
One Independent Drive, Suite 1300
Jacksonville, FL 32202
Telephone: (904) 359-8726
Facsimile: (904) 359-8700
Email: gdavis@foley.com

**From:** Gladys LaForge [mailto:glaforge@rubinandrubin.com]
**Sent:** Friday, January 15, 2010 7:41 PM
**To:** Davis, Gardner F.
**Subject:** NOD MacDowell for 1-29.pdf - Adobe Reader

Dear Gardner:

Attached is the Notice of Deposition for Mr. MacDowell that I promised. Jim and Guy agreed on this date and I am awaiting you reply about accepting service and producing Mr. MacDowell. At least one of us started the weekend early.

Gladys

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a

disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

1/26/2010

# EXHIBIT B

**(see attached)**

## Davis, Gardner F.

**From:** Gladys LaForge [glaforge@rubinandrubin.com]
**Sent:** Tuesday, January 26, 2010 11:28 AM
**To:** Davis, Gardner F.
**Subject:** MacDowell

Dear Gardner:

    I did not hear from Guy on the specifics of your letter, but I understand that Mr. MacDowell was served with process for the deposition.

Gladys

1/26/2010

# EXHIBIT C

**(see attached)**

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

## SUBPOENA IN A CIVIL CASE

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |

TO:   Fred MacDowell
      6030 Zinfandel Drive
      Suwanee, GA  30024

YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| NAME | TIME & DATE | DEPOSITION LOCATION |
|---|---|---|
| Fred MacDowell | 9:00 a.m. 1/29/10 | Intelligent Office<br>10 Glen Lake Parkway<br>Suite 130<br>Atlanta, GA 30328<br>678-222-3400 |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified above. **See Exhibit A.**

ISSUING OFFICER SIGNATURE AND TITLE

_____ Date: 12/16/09

Guy Rubin, Esq., Rubin and Rubin, P O Box 395, Stuart, FL  34995
772-283-2004

1

Case 3:05-bk-03817-JAF   Doc 22914   Filed 01/26/10   Page 19 of 20

# EXHIBIT "A"

1. Any and all correspondence and or communications, including e-mails and instant messaging, directly or indirectly, between you, individually, and any entity you worked for as an employee and/or subcontractor or in any capacity, with VICTORY WHOLESALERS in connection with WINN-DIXIE STORES, INC. from January 1, 1999 through the present.

2. Any and all correspondence and or communications, including e-mails and instant messaging, directly or indirectly, between you, individually, and any entity you worked for as an employee and/or subcontractor or in any capacity, with WINN-DIXIE STORES, INC. in connection with VICOTRY WHOLESALERS from January 1, 1999 through the present.

3. Copies of any documents, reports, presentations, notes, summaries or correspondence given to you, individually or as an employee and/or subcontractor or any other capacity for any entity for which you were employed, by VICTORY WHOLESALERS in connection with WINN-DIXIE STORES, INC. from January 1, 1999 through the present.

4. Copies of any documents, reports, presentations, notes, summaries or correspondence given to you, individually or as an employee and/or subcontractor or any other capacity for any entity for which you were employed, by WINN-DIXIE STORES, INC in connection with VICTORY WHOLESALERS from January 1, 1999 through the present.

5. Copies of all reports, presentations, notes, synopses, summaries or r any other material, including drafts of the foregoing, created by you or on your behalf individually or as an employee and/or subcontractor or any other capacity for any entity for which you were employed, in connection with any work performed for VICTORY WHOLESALERS in connection with WINN-DIXIE STORES, INC.

6. Copies of all reports, presentations, notes, synopses, summaries or any other material, including drafts of the foregoing, created by you or on your behalf individually or as an employee and/or subcontractor or any other capacity for any entity for which you were employed, in connection with any work performed for WINN-DIXIE STORES, INC. in connection with VICTORY WHOLESALERS.

7. Any and all correspondence or communications from counsel for WINN-DIXIE STORES, INC to or from you or any person or agency acting on your behalf from January 1, 2006 through the present.

8. Copies of any resumes or curriculum vitae from 1999 through the present, including the most recent copy of same.

9. Copies of all billing statements, invoices and/or time sheets from you or your employer, or any agent on your behalf, sent or presented to VICTORY WHOLESALERS and/or WINN-DIXIE STORES, INC. from January 1, 1999 through the present, together with evidence of payment thereof.

10. Copies of any contracts of employment, retainer agreements or fee arrangements between you or any entity with which you were affiliated and VICOTRY WHOLESALERS and/or WINN-DIXIE STORES, INC.

11. Any and all correspondence, reports, presentations, notes, research, summaries, synopses or any other material, including all drafts thereof, you received, reviewed or prepared concerning:
a. Network Trading System
b. OMI
c. Biceps
d. Triceps
e. Visagent Grocery Exchange
.

12. Copies of any documents, reports, presentations or correspondence you gave to VICTORY WHOLESALERS and/or WINN-DIXIE STORES, INC., in connection with dealings between the two aforementioned entities from January 1, 1999 through the present.

13. Copies of all 1099 forms issued to you from VICTORY WHOLESALERS and WINN-DIXIE STORES INC, or any affiliates thereof, from January 1, 199 through the present.

14. Copies of all licenses, degrees and or certifications held by you from January 1, 199 through the present.