**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.* | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**WINN-DIXIE STORES, INC.'S REPLY TO
MISSISSIPPI COUNTIES' RESPONSE TO WINN-
DIXIE'S CROSS MOTION FOR SUMMARY JUDGMENT**

SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Counsel for Winn-Dixie Stores, Inc.

**Winn-Dixie's Reply to the
Mississippi Counties' Response to Winn-
Dixie's Cross-Motion for Summary Judgment**

Winn-Dixie Stores, Inc. and its twenty-three reorganized debtor affiliates (collectively, "Winn-Dixie"), pursuant to the Court's December 22, 2008 Order Scheduling Trial (Docket No. 21900), reply to the response filed by the Mississippi Counties of Hinds, Jones, Lauderdale, Pike, and Rankin (the "Response;" Docket No. 22882) to Winn-Dixie's cross-motion for summary judgment (the "Cross-Motion;" Docket No. 22853) in the contested matter initiated by the Counties' Motions for Relief and respectfully request that the Court grant Winn-Dixie's Cross-Motion and deny the Counties' Motions for Relief.[1]

**I.   Argument.**

   A.   *In the Middle District of Florida, a state official who is sued in an official capacity may be served with process in the same manner as a person who is sued in an individual capacity.*

Because the Counties do not—and cannot—dispute that Winn-Dixie served its 505 Motion on the Tax Collectors in the manner allowed under the Bankruptcy Rules for serving individuals (Response, page 5), the Counties argue that this Court should disregard the holding of a decision from a District Court in the Middle District of Florida, *Guelli v. United States*, 2006 WL 3219272 (M.D. Fla. 2006). In *Guelli*, Judge Whittemore held that service of process of an individual

---

[1] Terms not defined in this Reply have the meanings given them in Winn-Dixie's Cross-Motion.

sued in an official capacity may be effected in the same manner as an individual who is sued in an individual capacity:

> An official capacity claim against a state official may be effected under the rules for individual capacity suits. *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28-30 (1st Cir. 1988) (holding that Rule 4(e) governed service of suit against state official in his official capacity). Rule 4(e) provides that service upon individuals may be made: (1) pursuant to state law or (2) by delivering a copy of the summons and complaint to the individual personally, by leaving copies of the summons and complaint at the individual's dwelling house with a person of suitable age and discretion; or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.
>
> *Id.* at * 4.

The Counties ask the Court not to follow *Guelli* and *Echevarria*, arguing that Winn-Dixie seeks "to get this Court to follow a minority position (essentially limited to the First Circuit)."[2] Response, page 8. The Counties fail to appreciate that, regardless whether *Guelli* and *Echevarria* are in the minority, *Guelli* is an opinion from a District Court *in the Middle District of Florida* and therefore binding precedent on this Court. In *Health Services Credit Union v. Shunnarah (In re Shunnarah)*, 273 B.R. 671 (M.D. Fla. 2001), Judge Schlesinger held that

---

[2] As a fallback, the Counties argue that the holdings of *Guelli* and *Echevarria* should be limited to cases in which the plaintiff seeks prospective injunctive relief against a state official. *See* Response, pages 6-12. The Counties fail to acknowledge, however, that by alleging RICO claims against Governor Bush, the plaintiff in *Guelli* sought more than prospective injunctive relief against a state official. *See Guelli* at * 2. Therefore, *Guelli* is indistinguishable from the facts of this case.

3

bankruptcy courts are bound by the decision of a single judge in a multi-judge district like the Middle District of Florida:

> [T]his Court further finds that the Bankruptcy Court improperly believes that it is not bound by *stare decisis* to follow the decision of a single district judge in a multi-judge district. Because a bankruptcy court is an Article I court, and appeals from such court are taken to the Article III courts, which have reversal power over the bankruptcy courts, this Court agrees with the reasoning in *In re Phipps*, 217 B.R. 427 (Bankr. W.D. N.Y. 1998) that bankruptcy courts are "inferior" courts for purposes of *stare decisis.* Therefore, *the Bankruptcy Court in this case is bound by a rendered published District Court opinion*, unless an opinion that contains a different holding is published.
>
> *In re Shunnarah* at 672-3 (emphasis added).[3]

*Guelli* is the *only* published District Court decision in the Middle District of Florida on the issue of how to serve process on state officers who are sued in their official capacity; therefore, *Guelli* is *binding* on this Court.[4] Because the Counties do not dispute that Winn-Dixie served the Tax Collectors in the same manner as

---

[3] *See also* this Court's earlier decision, *In re Petersen*, 222 B.R. 382, 385 (Bankr. M.D. Fla. 1998) (Funk, J.; "In this jurisdiction *the Court is bound by decisions issued from the District Court for the Middle District of Florida*....") (emphasis added).

[4] As a last ditch argument, the Counties contend that because the court in *Guelli* had an alternate basis for its holding, it did not conduct "any real analysis or scrutiny" of the First Circuit's decision in *Echevarria*, therefore, the Court should disregard *Guelli*. Although Winn-Dixie disagrees with the Counties' assessment of the depth of Judge Whittemore's analysis, in light of Judge Schlessinger's decision in *Shunnarah*, this Court is nevertheless bound by the precedent.

4

an individual is served under Rule 7004(b)(1), the Motions for Relief should be denied.

      B.    *Winn-Dixie served the Tax Collectors because the Tax Collectors will be bound by the order determining Winn-Dixie's tax liability.*

The Counties argue that Winn-Dixie should have served the 505 Motion on the Boards of Supervisors because the 505 Motion really sought relief against the Counties. That is simply not true. Winn-Dixie served the 505 Motion on the Tax Collectors because, under Mississippi law, Winn-Dixie's tax liability is to the *tax collector*, not the county or its board of supervisors. *See* Miss. Code Ann. § 27-41-1 ("all state, county, school, road, levee and other taxing districts and municipal ad valorem taxes, … and interest thereon, heretofore or hereafter assessed or levied *shall be due, payable and collectible by the tax collector*") (emphasis added). The Counties do not dispute this. *See* Motion for Summary Judgment, page 5 ("Mississippi statutes authorize *the Tax Collectors* to bring suit for unpaid taxes or to seize property of a debtor regarding the same.") (emphasis added).

      C.    *Winn-Dixie's failure to name or serve the Counties or their Boards of Supervisors does not render the Order void.*

The Counties also argue, without citing *any* supporting authority, that the Order is void and should be vacated pursuant to Rule 60(b)(4), which is made applicable to bankruptcy cases by Rule 9024, because Winn-Dixie did not serve

the 505 Motion on an indispensible party.[5]  Even if the Counties were indispensible parties, Winn-Dixie's failure to name or serve the Counties or the Boards of Supervisors does not provide the Counties with a basis for the Court to vacate the Order.  "The failure to include an indispensible party is *not* the type of jurisdictional defect subject to vacation under Rule 60(b)(4)." *Bergland v. Mussa (In re Mussa)*, 218 B.R. 428, 430 (Bankr. N.D. Ill. 1998) (emphasis added); *see also, Kansas City So. Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 (8th Cir. 1980) (In the present case, even assuming the district court erred in construing its statutory grant of authority by not joining the United States, we hold such jurisdictional error does not render the judgment void within the meaning of Rule 60(b)(4).").

In *United States v. Berenguer*, 821 F.2d 19 (1st Cir. 1987), the defendant sought relief from a judgment against him pursuant to Rule 60(b)(4), arguing that the judgment was void because the United States had not joined the defendant's wife (who was an indispensible party) in the action.  The First Circuit Court of Appeals rejected that argument and held that the failure to join an otherwise indispensible party did not render the judgment void:

> Berenguer's final argument on appeal is that the district court erred in denying his motion under

---

[5] As Winn-Dixie stated in its Cross-Motion, the only issue presented by the Motions for Relief is whether the Tax Collectors were properly served.  The Motions for Relief do not assert that the Order is void because the Counties are indispensible parties.  Therefore, the issue of whether the Counties or the Boards of Supervisors should have been named in the 505 Motion is not an issue currently before the Court and should not even be considered as a basis for granting the Counties relief from the Order.

6

> Fed.R.Civ.P. 60(b)(4). Berenguer contends the default judgment entered against him is void for lack of personal jurisdiction over the parties affected by the judgment. According to Berenguer, the district court's order affects property he owns in common with his wife and since neither his wife, nor their conjugal partnership, were parties to the suit, the court lacks jurisdiction to enter a judgment that will diminish the value of the community property.
>
> Berenguer relies primarily on *Mercado-Vega v. Martinez*, 666 F.Supp. 3 (1986), wherein the court ruled that the laws of Puerto Rico make a wife "an indispensable party in a suit against the husband which can result in the execution of a judgment against the joint partnership." … Here, the question is whether an otherwise valid default judgment entered against Berenguer is rendered void due to the failure of the United States to join Berenguer's wife and the conjugal partnership. *It is not*.
>
> In contrast to a void judgment, which is from its inception a legal nullity, a valid judgment is entered when a court has jurisdiction over the subject matter of the suit and over the parties. *In the interests of finality, the concept of void judgments is narrowly construed*, and where as here, the defendant was duly summoned and served, and where it is clear that the court properly exercised jurisdiction over the subject matter … then the judgment is valid.
>
> *Id*. at 21-22 (emphasis added).

Winn-Dixie properly served the 505 Motion on the Tax Collectors, and the Court properly exercised jurisdiction over the subject matter of the 505 Motion—Winn-Dixie's tax liability to the Tax Collectors. The Order therefore is valid and should not be vacated.

## II. Conclusion.

For the foregoing reasons, Winn-Dixie respectfully requests that the court (i) deny the Counties' Motion for Summary Judgment, (ii) grant Winn-Dixie's Cross-Motion for Summary Judgment, and (iii) deny the Counties' Motions for Relief.

SMITH HULSEY & BUSEY


By  */s/ Allan E. Wulbern*
      Stephen D. Busey
      Allan E. Wulbern

Florida Bar Number 0175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Counsel for Winn-Dixie Stores, Inc.

<u>Certificate of Service</u>

I certify that a copy of the foregoing has been furnished by CM/ECF notification to Robert Altman, Esq., 5256 Silver Lake Drive, Palatka, Florida 32177 and by mail to Stephen W. Rosenblatt, Esq. and Paul M. Ellis, Esq., Butler, Snow, O'Mara, Stevens & Cannada, PLLC, Post Office Box 22567, Jackson, Mississippi 39225-2567 this 27th day of January, 2010.

<u>*/s/ Allan E. Wulbern*</u>
Attorney

00687579