**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

**WINN-DIXIE'S EMERGENCY MOTION
TO ALLOW WINN-DIXIE TO PRESERVE
PHIL PAYMENT'S DEPOSITION FOR TRIAL**

Winn-Dixie moves on an emergency basis to allow Winn-Dixie to preserve Phil Payment's deposition testimony for trial by allowing Mr. Payment's deposition to exceed Rule 30's seven hour limitation by up to five hours, and in support says:

1. On Winn-Dixie's behalf, Mr. Payment signed the Service Agreement between Winn-Dixie and Visagent. Visagent claims Winn-Dixie breached the Service Agreement.

2. *This morning*, Visagent is concluding its deposition of Mr. Payment. Visagent began Mr. Payment's deposition two years ago, when Mr. Payment resided in Jacksonville. Since then, Mr. Payment moved to Oklahoma is unavailable to appear at trial.

3. Visagent used approximately 5.5 hours of deposition time two years ago, and this morning is exhausting the remainder of Rule 30's seven hour deposition limitation.[1]  Although the comment to Rule 30 provides that "it is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court," Visagent has objected to Winn-Dixie questioning Mr. Payment because of Rule 30's seven hour limitation.  Rule 30 provides that:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent...

> Rule 30(d)(1), Fed.R.Civ.P.

4. The comments to Rule 30 provide a number of factors to consider in whether the Court should allow more time, including "should the lawyer for the witness want to examine the witness, that may require additional time."  Winn-Dixie's lawyers, who also represent Mr. Payment, need to examine Mr. Payment, and Visagent has exhausted all of Rule 30's seven hours.  More importantly, Mr. Payment moved from Jacksonville to Oklahoma after the initial portion of his deposition.  Mr. Payment now

---

[1] The parties agreed to extend the January 29 discovery cut off date to allow for the conclusion of Mr. Payment's deposition today.

resides outside the trial subpoena power of the Court, and he is not available to appear at the February 28 trial.

     5.    For these reasons, Winn-Dixie requests that the Court allow Winn-Dixie.

SMITH HULSEY & BUSEY

By  */s/ Timothy R. Buskirk*
    Stephen D. Busey
    James A. Bolling
    Timothy R. Buskirk

Florida Bar Number 0058314
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
tbuskirk@smithhulsey.com

Attorneys for Winn-Dixie

## Certificate of Service

I certify that a copy of the foregoing document was furnished electronically through the Court's CM/ECF electronic notification system to **Guy Bennett Rubin, Esq.**, Rubin & Rubin, Post Office Box 395, Stuart, Florida 34995, this 1st day of February, 2010.

                                                                       */s/ Timothy R. Buskirk*
                                                                            Attorney