# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

## AGREED ORDER OF RESOLUTION OF THE
## CLAIM OF VISAGENT CORPORATION (CLAIM NO. 9953)

This confirmed Chapter 11 case is before the Court upon notice by Winn-Dixie Stores, Inc. and its affiliates (collectively, "Winn-Dixie") of a settlement agreement with Claimant, Visagent Corporation (the "Claimant"). Based upon the consent of the parties, it is

ORDERED AND ADJUDGED:

1. Claim No. 9953 filed by Claimant as amended (the "Claim") is allowed in the amount of $5,606,000 as a Class 14 Vendor/Supplier Claim under Section 4.3(h) of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and its Affiliated Debtors, as modified (the "Plan").

_____ Attorney for Winn-Dixie
_____ Attorney for Claimant

2. Distributions will be made to Claimant on account of the allowed amount of the Claim pursuant to Section 9.2 of the Plan.

3. This Agreed Order resolves (i) all liabilities and obligations related to the Claim and (ii) all other claims, including those the Claimant has or may have against Winn-Dixie and any of Winn-Dixie's Chapter 11 estates, current or former officers, current or former directors, current or former employees, current or former attorneys, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

4. The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against Winn-Dixie in this Court or in any other forum and pay all applicable court costs, if any.

5. Winn-Dixie does not, by this Order, acknowledge the validity of Claimant's Claim, or make any admission of liability.

6. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this __8__ day of __February__, 2010, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

689010.1

____ Attorney for Winn-Dixie
____ Attorney for Claimant