NO. 02-C1-08551                                              JEFFERSON CIRCUIT COURT
                                                                      DIVISION (1)

ERNEST S. ALLEN                         **F I L E D**                    PLAINTIFF
                                      JACKSONVILLE, FLORIDA
  VS
                                         **FEB 1 0 2010**

WINN – DIXIE CHARLOTTE INC,                                              DEFENDANT
MOORE SECURITY, INC              CLERK, U.S. BANKRUPTCY COURT
MOORE SECURITY, LLC               MIDDLE DISTRICT OF FLORIDA
TALMAY ANDERSON

## MOTION

This motion is for the following reasons to ask the Bankruptcy Judge Jerry A. Funk to stop all proceedings until I (Ernest S. Allen) receive an answer from the Kentucky Court of Appeals about this judgment I am protesting.

## CERTIFICATE OF SERVICE

I hereby certify that the proceeding in this motion was certified on this ___5___ day of ___2010_____ Attorney Richard G Segal, Attorney, Attorney R. Hite Nally, Judge Barry L. Willet and the Kentucky Office of Court of Appeals clerk Samuel Givens Jr.

Respectfully Submitted
Ernest S. Allen

_Ernest S. Allen_
4515 Stonybrook Dr
Louisville, Ky 40299

NO. 02-CI-08551                                          KENTUCKY COURT OF APPEALS


ERNEST S. ALLEN                                                                APPELLATE

    VS

JUDGE BARRY L. WILLET DIVISION ONE (1)                                         APPELLEES
WINN – DIXIE, INC
MOORE SECURITY, INC
MOORE SECURITY, LLC
TALMAY ANDERSON

UNITED STATED BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION BEFORE THE HONORABLE JUDGE JERRY A. FUNK COURT RM 4D 300 NORTH HOGAN STREET, JACKSONVILLE FLORIDA 32202

KENTUCKY ATTORNEY GENERAL

## SUMMARY

On November 11, 2001 I (Ernest S. Allen) was wrongfully stopped and obtained, falsely accused, physically abused which I suffered permanent bodily damage, kidnapped, imprisonment and robbed along with being incarcerated. All of this was done by the security guard and Representative of Winn-Dixie Talmay Anderson. On December 26, 2001 I took out a criminal summons on Talmay Anderson for the charges mentioned above and his attorneys are well aware of it as well as Judge Barry L. Willet. Mr. Anderson has never answered to the criminal charges as of today's date. First let me start off by saying I was charged by Mr. Anderson along with Winn-Dixie for shoplifting two steaks and some pacifiers. He stated (Mr. Anderson) that I (Ernest S. Allen) had the steaks in my jacket pocket along with the pacifiers. According to Mr. Anderson was that

I (Ernest S. Allen) took the meat out of the package and placed them in my jacket pocket which should have been raw meat. So that means my jacket pocket should have been bloody and sticky from the contents of the raw meat and juices as well as my hands. When the Police Officer Janet Riggs was called to the scene she did not witness any such evidence of the contents being on me and stated in the citation that "she knows nothing about this case". Eight years and three weeks later she came to court and stated that it was her idea to take me to jail but couldn't or cant remember rather I had been hurt or not, but remembered that Mr. Anderson gave her a roast. Mr. Anderson stated that it was two steaks in the witness report and the incident report. In the police report Officer Janet Riggs stated in writing and on the witness stand that it was a **roast not steaks.** Also in the police report Talmay Anderson is the only witness. In Circuit Court Michelle Moody and **a white female** testified in court that they were witnesses of the incident. In District Court officer Janet Riggs, Michelle Moody and the white female never made an appearance in District Court to testify against me to convict me, but eight years and three weeks later they made an appearance. Along with this Mr. Anderson committed perjury on the witness stand in District Court claiming that I did not have a receipt for the pacifiers in which I did from the Family Dollar Discount Store. Enclosed is a copy of the receipt. In District Court in 2002 Mr. Anderson stated that I never told the police officer Janet Riggs that I was injured. In Mr. Anderson sworn affidavits on April 8, 2009 he stated "police officer told Ernest Allen to put his hands behind is back to handcuff him but Ernest Allen said his left arm was hurting so the police officer handcuffed him in the

front and escorted him to the police station". On December 2, 2009 Judge Barry L. Willet refused to accept the **company policy** of shoplifting from Winn-Dixies (own company) unless it proves that a manager of Winn-Dixie gave it to him. On page six of the transcript county attorney (Robert Florio) states that "I'll have one witness who is a representative of Winn-Dixie, Talmay Anderson". Also on the transcript the Honorable Judge Dellingham states "I'm going to make sure that there's a requirement of the designation. You know, and I sort of presumed that he was a representative of the Commonwealth. He was being treated as such". On pretrial date a settlement was offered to me by Judge Barry L. Willet himself and I (Ernest S. Allen) refused the offer, then Judge Willet stated that I would receive zero. Judge Willet also ordered me (Ernest S. Allen) to send two copies of everything that I was going to use in court to the defendants attorneys and to him. Judge Willet didn't order anything that the defendants were going to use to me (Ernest S. Allen). On December 1, 2009 a white female who was with appellees walked up to me and handed me an envelope which contains a motion in limine, in which is a **felony** and has nothing to do with a misdemeanor, which is my case at all. Attorney Richard G. Segal states in this motion "Wherefore, Defendants respectfully move this Honorable Court to prohibit the plaintiff from mentioning at any time in the presence of the jurors the acquittal in the criminal proceeding for the shoplifting charge". Following this statement Judge Barry L. Willet granted this to the defendants. Knowingly that embezzlement is a felony and a shoplifting is a misdemeanor under $300.00. For seven years Judge Barry L. Willet and the defendant's attorneys have

harboring and protecting Talmay Anderson from the criminal summons that I took out on him. Under the code of professional responsibility DR 4-101© the attorneys knowledge of his clients where-abouts is not privileged, and that he may be disciplined for failing to disclose that information to the proper authorities..." ABA Opinion 155 (1936) Stated in the Canon of Judicial Ethics under number 11 Unprofessional Conduct of Attorneys and Counsel. "A judge should utilize his opportunities to criticize and correct unprofessional conduct of attorneys and counselors, brought to his attention; and, if adverse comment is not a sufficient corrective, should send the matter at once to the proper investigating and disciplinary authorities".

For additional confirmation I will be using the Motion for Summary Judgment that Winn-Dixie filed against Moore Security and Talmay Anderson and the response from Moore Security to Winn-Dixie. Please see attachments.

Following the proceedings in the court room on December 2, 2009 Judge Willet allowed the defendants to bring up my expunge records that were not suppose to be allowed under the Expungement Order & Certification Form, Administrative Office of the Court and the Governors Counsel Office. Please see attachments.

Judge Barry L.Willet also didn't allow me to mention to the jury concerning the United States Bankruptcy Court and the Winn-Dixie officials. I (Ernest S, Allen) have been to Notice of Case Management Conference at the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division under the Honorable Judge Jerry A. Funk on June 12, 2008 and December 17, 2009 and in Mediation & Arbitration Services in

Louisville, Kentucky with Judge Synder in the year of 2004 and Judge Thomas J. Knopf on February 12, 2009. In November 2009 I was in mediation with Judge Barry L. Willet on two different occasions. On a total of six different dates with the appellees whom tried to get me to settle out of court. Let's not forget that Judge Barry L. Willet stated that I couldn't mention any of this to the jury. Please review and see tapes and attachments.

Please also review my medical records that Judge Barry L. Willet did not allow me to present to the jury also from Dr. Antolin J. Perez.

Please review that Judge Barry L. Willet did not allow me to present any evidence that would help me period along with how I was not charged with the accusations that the appellees charged me with in District Court. Evidence of authority will be attached.

Respectfully Submitted<br>
(Appellant)<br>
Ernest S. Allen<br>
<i>Ernest S. Allen</i>

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 05-03817-3F1 |
| | | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

## AMENDED NOTICE OF HEARING

Please take notice that a hearing on Debtors' Omnibus Objection to Unresolved Litigation Claims as it relates to the Claim filed by Ernest Allen (Claim No. 12768) on the grounds that the claim was untimely (Docket No. 8702) (the "Objection") is scheduled for **December 17, 2009 at 1:30 p.m. (prevailing Eastern Time)**, before the Honorable Jerry A. Funk, United States Bankruptcy Judge for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida 32202, to consider (i) the scheduling of the Objection for hearing and (ii) such other matters as may be appropriate for the expeditious resolution of the matter.

**PLEASE TAKE NOTICE THAT IF NEITHER THE CLAIMANT NOR THE CLAIMANT'S COUNSEL ATTEND THE HEARING, THE DEBTORS WILL SEEK THE DISALLOWANCE OF THE CLAIM DUE TO FAILURE TO PROSECUTE.**

You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

00678916.DOC

## Certificate of Service

I certify that a copy of this document has been furnished by mail to Ernest Allen, 4515 Stony Brook Drive, Louisville, Kentucky 40299 and the United States Trustee, 135 West Central Boulevard, Room 620, Orlando, Florida 32801, this 4th day of December, 2009.



*s/ Leanne McKnight Prendergast*
Attorney

00609212

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

### ORDER ON MOTION THE DEBTORS' OMNIBUS OBJECTION TO UNRESOLVED LITIGATION CLAIMS AS IT RELATES TO THE CLAIM FILED BY ERNEST ALLEN (CLAIM NO. 12768)

This case came before the Court for hearing on January 27, 2010, on the Debtors' Notice of Hearing on the Debtors' Omnibus Objection to Unresolved Litigation Claims as it relates to the Claim filed by Ernest Allen (Claim No. 12768) (Docket No. 8702) (the "Objection"). Ernest Allen (the "Claimant") did not appear at the hearing.[1] Upon consideration, it is

ORDERED AND ADJUDGED:

1. The Objection is sustained as to the Claim filed by Ernest Allen (Claim No. 12768).

2. Claim No. 12768 filed by the Claimant is disallowed in its entirety.

Dated this 27 day of January, 2010, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:
Leanne McKnight Prendergast
[Leanne McKnight Prendergast is directed to serve a copy of this order on the Interested Parties and file a proof of service.]
00682544.DOC

---

[1] The Amended Notice of Hearing (Docket No. 22792) states that the Debtors would seek the disallowance of the claim if the Claimant failed to appear at the hearing.

**UNITED STATES BANCKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION 300 NORTH HOGAN STREET SUIT 3-350, JACKSONVILLE, FLORDIA 32202**

CASE NO. 05-3817-3F1
WINN-DIXIE STORES INC,

███████████

      In regards to your letter you sent me stating that my case was dimissed. How is it dismissed when it is still in Kentucky Appeals Court and has been there since January 7, 2010.

**Respectfully Submitted**
Ernest S. Allen

*Ernest S. Allen*
4515 Stonybrook Dr
Louisville, Ky 40299

FILED IN CLERK'S OFFICE

JAN 7 - 2010

NO. 02-CI-08551   DAVID L. NICHOLSON, CLERK
BY_____D.C.

KENTUCKY COURT OF APPEALS

ERNEST S. ALLEN

VS

WINN – DIXIE, INC
MOORE SECURITY, INC
MOORE SECURITY, LLC
TALMAY ANDERSON

RECEIVED PAYMENT
$150.00
JAN - 7 2010
DAVID L. NICHOLSON, CLERK
BY_____
DEPUTY CLERK

APPELLATE

APPELLEES

## NOTICE OF APPEAL

This is a motion to dismiss for the following reason of a deliberate manipulation conspiracy that was used by the appellees and the bench for a felony case used for a misdemeanor in this case, with no grand jury indictment on the appellate. See authorities' attachments

**Respectfully Submitted**
(Appellant)
Ernest S. Allen

*Ernest S. Allen*

JAN. 11, 2010
COPIES MAILED TO:
SAM GIVENS, CLERK
R. HITE NALLY
ERNEST S. ALLEN
RICHARD G. SEGAL



# GREYHOUND

DATE: *12-17-09.*

TO: *Federal Court in Jax FL*

To Whom It May Concern:

This is to inform you that *Ernest Allen* has been delayed in transit because of the scheduling difficulties due to no fault of their own.

236 Forsyth Street
Atlanta, GA 30303-3702
office 404.581.1021
fax 404.688.7612

Should you require further information regarding the travel schedule of the aforementioned individual please call our toll free number 800-231-2222.

Respectfully,

*O. Keith*

Operations Supervisor
Greyhound Lines, Inc.
Atlanta, GA

```
REBOARD PASS    4     NBTA  0043
BOARDING #:            GREYHOUND LINES, INC.
ALLEN ERNEST           FROM: LAKE CITY    FL   DEP: 17Dec09 03:10p
17Dec09  03:10p        TO:   JACKSONVILLE FL   SCHED 3740   BOARDING #
SCHD: GLI 3740                                                  4
                                           OW SENIOR
  COUPON ORIG
LAKE CITY    FL        NO REFUND, SUBJECT TO A FEE, IF VALID FOR EXCHANGE
*COUPON DEST*          TICKET FOR SCHEDULE 3740  /17Dec09
JACKSONVILLE FL        REISSUE                      CONF#: 5476559501
  TKT DEST              FARE        $64.77          04109   ATLANTA      GA
JACKSONVILLE FL         TAX             XX          17Dec09 03:09a 3144
CONF#:5476559501        TOTAL:      $64.77          ATDT008
17Dec09 03:09a          ONLINE REISSUE              RISS ORIG:LOUISVILLE   KY
SOLD AT: 04109          AC:                         RISS DEST:JACKSONVILLE FL
 1 2 3 4 5 6 7          RI/RI                       ORIG FARE:132.05
                        MILES:       60 of 382      TKT ORIG:ATLANTA       GA
                        COUPON       02 OF 02       TKT DEST:JACKSONVILLE FL
                                                    TARIFF:  GACP
                        0001017      001 02 25   42305137 9
```

**RIGHT OF POSSESSION.** Which may reside in one man, while another has the actual possession, being the right to enter and turn out such actual occupant; *e. g.*, the right of a disseisee. An apparent right of possession is one which may be defeated by a better; an actual right of possession, and to recover which the writ of right was defeated by the test against all opponents, one which will stand the test against all opponents. 2 Bl. Comm. 196; Cahill v. Pine Creek Oil Co., 38 Okl. 568, 134 P. 64, 65.

**RIGHT OF PRIVACY.** See Privacy.

**RIGHT OF PROPERTY.** The mere right of property in land; the abstract right which remains to the owner after he has lost the right of possession, and the right of right was given. United with possession, this right constitutes a complete title to lands, tenements, and hereditaments. 2 Bl. Comm. 197.

**RIGHT OF REDEMPTION.** The right to disincumber property or to free it from a claim or lien; specifically, the right (granted by statute only) to free property from the incumbrance of a foreclosure or other judicial sale, or to recover the title passing thereby, by paying what is due, with interest, costs, etc. Not to be confounded with the "equity of redemption," which exists independently of statute but must be exercised before sale. Mayer v. Farmers' Bank, 44 Iowa 216; Millett v. Mullen, 95 Me. 400, 49 A. 871. Western Land & Cattle Co. v. National Bank of Arizona at Phoenix, 28 Ariz. 270, 236 P. 725, 726.

**RIGHT OF RELIEF.** In Scotch law. The right of a cautioner (surety) to demand reimbursement from the principal debtor when he has been compelled to pay the debt. 1 Bell, Comm. 347.

**RIGHT OF REPRESENTATION AND PERFORMANCE.** By the acts 3 & 4 Wm. IV. c. 15, and 5 & 6 Vict. c. 45, the author of a play, opera, or musical composition, or his assignee, has the sole right of representing or causing it to be represented in public at any place in the British dominions during the same period as the copyright in the work exists. The right is distinct from the copyright, and requires to be separately registered. Sweet.

**RIGHT OF SEARCH.** In international law. The right of one vessel, on the high seas, to stop a vessel of another nationality and examine her papers and (in some cases) her cargo. Thus, in time of war, a vessel of either belligerent has the right to search a neutral ship, encountered at sea, to ascertain whether the latter is carrying contraband goods.

**RIGHT OF WAY.** The right of passage or of

of a contract, its extent and the mode of using it is regulated by the contract. Civ.Code La. art. 722.

"Right of way," in its strict meaning, is the right of passage over another man's ground; and in its legal and generally accepted meaning, in reference to a *railway*, it is a mere easement in the lands of others, obtained by lawful condemnation to public use or by purchase. It would be using the term in an unusual sense, by applying it to an absolute purchase of the fee-simple of lands to be used for a railway or any other kind of a way. Williams v. Western Union Ry. Co., 50 Wis. 76, 5 N.W. 482. And see Kripp v. Curtis, 71 Cal. 62, 11 P. 879; Stuyvesant v. Woodruff, 21 N.J.L. 136, 57 Am.Dec. 156.

The "right of way" is a space of conventional width for one or more railroad tracks, while a "railroad yard" might be extended indefinitely. City of New York v. New York & H. R. Co., Sup., 169 N.Y.S. 12, 14.

**RIGHT PATENT.** An obsolete writ, which was brought for lands and tenements, and not for an advowson, or common, and lay only for an estate in fee-simple, and not for him who had a lesser estate; as tenant in tail, tenant in frank marriage, or tenant for life. Fitzh. Nat. Brev. 1.

**RIGHT TO BEGIN.** On the hearing or trial of a cause, or the argument of a demurrer, petition, etc., the right to begin is the right of first addressing the court or jury. The right to begin is frequently of importance, as the counsel who begins has also the right of replying or having the last word after the counsel on the opposite side has addressed the court or jury. Sweet.

**RIGHT TO REDEEM.** Right of redemption, which title see.

**RIGHTS OF PERSONS.** Rights which concern and are annexed to the *persons* of men. 1 Bl. Comm. 122.

**RIGHTS OF THINGS.** Such as a man may acquire over external objects, or things unconnected with his person. 1 Bl. Comm. 122.

**RIGHTS, PETITION OF.** See Petition.

**RIGOR JURIS.** Lat. Strictness of law. Latch, 150. Distinguished from *gratia curiæ*, favor of the court.

**RIGOR MORTIS.** In medical jurisprudence. Cadaveric rigidity; a rigidity or stiffening of the muscular tissue and joints of the body, which sets in at a greater or less interval after death, but usually within a few hours, and which is one of the recognized tests of death.

**RING**

*This is Civ Black Law Page 1489*