UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                          )        Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,                )        Chapter 11

         Reorganized Debtors.                   )        Jointly Administered

_____)

AGREED ORDER OF RESOLUTION OF THE LITIGATION
CLAIM OF KENNETH TODD (CLAIM NOS. 7818, 10357 AND 10494)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc., and

its affiliates (collectively, the "Reorganized Debtors") and claimant, Kenneth Todd (the

"Claimant"), in accordance with the Order Approving Claims Resolution Procedure and

Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326).

Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1.       Claim No. 10494 filed by Claimant is allowed in the amount of

$1,500,000.00 as a Class 16 Other Unsecured Claim under the Plan.

2.       This Agreed Order resolves (i) all liabilities and obligations related to

Claim No. 10494 and (ii) all other claims, including, but not limited to Claim Nos. 7818

and 10357, the Claimant has or may have against the Reorganized Debtors and any of

their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date

of this Agreed Order, all of which are forever waived, discharged and released.

3.    Distribution will be made on the allowed Claim to Kenneth Todd c/o Chet Boudreaux, Esq., McKernan Law Firm, 8170 Jefferson Highway, Baton Rouge, Louisiana 70809. At the sole discretion of the Reorganized Debtors, distributions will be made on the allowed Claim (i) at such time as required by the Plan or (ii) as soon as practicable.

4.    The Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Reorganized Debtors in this Court or in any other forum and pay all applicable court costs, if any.

5.    The Reorganized Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to any Litigation Claim, or make any admission of liability.  The Claimant, not the Reorganized Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.  This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement, except those Medicare liens or claims released by the United States Department of Health and Human Services pursuant to the Agreed Order entered by this Court on March 9, 2007 (Docket No. 15439).

6.    The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _5_ day of _March_, 2010, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:
Leanne McKnight Prendergast

[Leanne McKnight Prendergast is directed to serve a copy of this order on the Claimant and file a proof of service.]

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY                     McKernan Law Firm, PLC

By _____               By _____
Leanne McKnight Prendergast                   Chet Boudreaux

Florida Bar Number 59544                 Louisiana Bar Number 02467
225 Water Street, Suite 1800             8170 Jefferson Highway
Jacksonville, Florida 32202              Baton Rouge, Louisiana, 70809
(904) 359-7700                           (225) 926-1202
(904) 359-7708 (facsimile)               (225) 928-5054 (facsimile)
lprendergast@smithhulsey.com

Attorneys for the Reorganized Debtors    Attorneys for Kenneth Todd

00692601.DOC