UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,　　　　　　CASE NO.: 05-03817 – 3FI

Reorganized Debtors.　　　　　　　　　　　　Chapter 11
_____/

## APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE ON BEHALF OF, MS. WANDA YATES

COMES NOW, Ms. Wanda Yates ("Applicant"), by and through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. 503 (b). Applicant's claim against one or more of the Debtors pursuant to described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this mater pursuant to 28 U.S.C. 157 and 1334. Venue is proper pursuant to 28 U.S.C. 157 (b) (2).

### FACTUAL BACKGROUND

2. Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3. After the Petition Date and or about March 09, 2006, Applicant was injured at the Winn-Dixie store No. 304 located in Broward County, Florida. As a Proximate result of the injury, Applicant has suffered severe damages totaling at least fifty-thousand dollars ($50,000.00), which damages Applicant can support through medical records and other proof.

### APPLICANT'S CLAIM IS ENTITLED TO ADMINSTRATIVE EXPENSE STATUS

4. Section 503 (b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate. 11 U.S.C. 503 (b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expenses status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5. In this instance, Applicant's claim arose as result of the business operations of one or more of the debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's $50,000.00 claim is entitled to administrative expenses status under 11 U.S.C. 503 (b), and Applicant seeks the entry of an order awarding such status.

REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon the undersigned law firm.

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief herein and such other relief as it deems just and proper.

Respectfully submitted by,

Cheryl D. Robinson, Esq. / FBN: 179116
Cazeau, Linton Barnes, LLC
633 NE 167 Street (Suite 1025)
N. Miami Beach, FL 33162
Tel:  305-381-6002
Fax: 305-381-6808
Email: cdbclblaw@bellsouth.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 27, 2009 I filed this APPLICATION FOR ALLOWANCE OF ADMINSTRATIVE EXPENSES STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE through the CMIECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32201; Matthew Barr, Esq., Counsel for the Post-Effective Date Committee, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005 and all other parties participating in the CM/ECF System, all served electronically.

## ELECTRONIC SIGNATURE OF E-FILER