**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,                    Case No.: 3-05-03817 (3FI)

Reorganized Debtors.                                Chapter 11

_____                      Jointly Administered


## MOTION TO ALLOW LATE FILED CLAIM

COMES NOW, Ms. Wanda Yates ("Applicant/Creditor"), by and through the undersigned attorneys, and hereby requests this court to accept her late filed claim for Administrative Expense pursuant to Rule 9006(b)(1), based upon "excusable neglect" for failure to timely file her claim for administrative expense due to lack of notice of the bar date, and as grounds thereof would state the following:

1. Bankruptcy Rule 9006(b)(1), empowers a bankruptcy court to permit late filings where the movant's failure to comply with a deadline "was the result of excusable neglect." A liberal standard is applied to the court's evaluation procedures in determining "excusable neglect." Pioneer Investment Services v. Brunswick Associates, 507 U.S. 380, 113 S.Ct. 1489 (1993).

2. On August 08, 2006, applicant's counsel served a demand letter upon debtor's agent, Logan and Company, Inc., asserting a claim for bodily injuries applicant sustained from a slip and fall incident which occurred in Winn Dixie Store # 304, Broward County, Florida.  (See **Exhibit "A"**, copy of demand letter.)  Supporting

documentation consisting of medical records, bills and applicant's theory of liability were also included in applicant's demand package.

3. Subsequent follow-up contact with Logan and Company, revealed that the claim was being forwarded to a claims adjuster. To applicant's counsel, who has little or no experience with bankruptcy cases, the slow and delayed progress of the claim was perceived to be due to debtor's ongoing and lengthy reorganization proceedings.

4. In another follow-up call on February 16, 2010, applicants counsel's assistant was directed to a representative at Sedgwick claims who advised that although they were handling all claims on behalf of debtor, they could not locate applicant's name on their data base.  A second copy of applicant's original demand letter was requested and same was faxed to the adjuster that same day.

5. Shortly thereafter, debtor's counsel, Smith Hulsey & Busey, responded with a written reply, dated, March 5, 2010, claiming applicant's claim was now *"time-barred and relinquished"* due to expiration of the "bar date" for administrative expense claims (January 5, 2007).  (See **Exhibit B**, *letter from, Smith Hulsey & Busey, dated 3/5/10*).

6. Prior to the 3/5/10 letter, neither applicant/creditor nor her attorneys were ever provided any notice of the bar date for filing an application  for administrative expense.

## EXCUSABLE NEGLECT

7. Where a movant's failure to comply with a deadline was the result of excusable neglect caused by inadvertence, mistake, or carelessness, the U.S. Supreme Court has held that courts are permitted to accept late filings. See *Pioneer* at 380.

8. In this case, applicant's excusable neglect in filing an untimely Application for an Administrative Expense, is a result of being denied due process by not having been provided constitutionally adequate notice of the bar date.

9. "A creditor must receive proper, adequate and constitutional notice of relevant dates before its claim is forever barred." *In Re ATD Corp*, 278 B.R. 758, 48 Collier (Bankr. Cas 2d 1209 2002). "[T]he bar date in a bankruptcy case should be prominently announced and accompanied by an explanation of its significance." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 398, 113 S.Ct. 1489, 1499-1450, 123 L.Ed.2d 74 (1993). Consequently, "[i]f a creditor is not given reasonable notice of the…bar date, that creditor's claim cannot be discharged constitutionally." *In re Longardner & Assocs., Inc*., 855 F.2d 455 (7th Cir.1988), cert.denied, 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d191 (1989)).

10. The Supreme Court has also reasoned that "…even creditors who have knowledge of a reorganization have a right to assume that the statutory "reasonable notice' will be given them before their claims are forever barred." *New York vs. New York, N.H. & H.R. Co.,* 344 U.S. 293, 296, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953).

11. "A creditor's lack of notice or actual notice of the bar date for filing a claim in a bankruptcy case constitutes <u>excusable</u> <u>neglect</u> and, therefore, such a creditor may file a proof of claim after the bar date." *Pioneer,* at 1499-1450.

12. "Congress plainly contemplated that courts would be permitted to accept late filings caused by inadvertence, mistake or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer* at 381. This understanding also accords with the underlying policies of Chapter 11 and the bankruptcy rules, which entrust broad equitable powers to the courts. *Id*.

13. The length of delay in filing a request to deem a claim as timely filed is inconsequential to a finding of excusable neglect. See *In Re Premier Membership Services*, 276 B.R.709, 39 Bankr.Ct. Dec. 129, (the mere length of delay alone is not in any way dispositive except to the extent that the delay affects judicial proceedings.) See also, *Sacred Heart Hospital*, 186 B.R. at 895 (even a long and logically unjustified delay which has no significant impact on the debtor's case should often be deemed excusable.) Acknowledging that the length of delay here is over three years, it nevertheless poses no impact on the interest of judicial efficiency or administration because debtors plan remains underway.

14. Applicant's late filed claim is "excusable" under the three prong test of *Pioneer*, in that: (1) debtor will not be prejudiced and in fact, debtor's plan makes provision for payment of applicant's claim if allowed; (2) neither the efficiency of the judicial proceedings nor debtor's plan will be interfered with, delayed or impacted as a result because substantial matters remain to be resolved in the plan; and applicant has acted in good faith.

WHEREFORE, upon the foregoing reasons, applicant, Wanda Yates respectfully request this court find that the late filing of her, "Application for Administrative Expense" is a result of "excusable neglect" including lack of constitutional notice of the bar date and thus permit her Application for Administrative Expense, to be filed at this time.

          Respectfully submitted,

          CAZEAU, LINTON BARNES, LLC
          633 NE 167th Street – Suite 1025
          North Miami Beach, FL 33162
          Email: cdbclblaw@bellsouth.net
          Tel: 305-381-6002
          Fax: 305-381-6808

By: _____
     Cheryl D. Linton Robinson, Esq.
     Florida Bar No. 179116