SMITH HULSEY & BUSEY

LEANNE MCKNIGHT PRENDERGAST
DIRECT 904.359.7802
LPRENDERGAST@SMITHHULSEY.COM

March 5, 2010

C. Linton Robinson, Esq.
Cazeau, Linton Barnes, LLC
633 N. E. 167th Street, Suite 1025
North Miami Beach, Florida 33162

Re: In re Winn-Dixie Stores, Inc., *et al.*, Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1, Chapter 11, Jointly Administered

Claimant: Wanda Yates
Date of Incident: March 9, 2006

Dear Ms. Robinson:

This firm represents Winn-Dixie Stores, Inc., and its affiliates in the referenced Chapter 11 cases.

We are in receipt of the correspondence you forwarded to Winn-Dixie asserting a claim on behalf of Wanda Yates based upon an incident that occurred on March 9, 2006. Please be advised that, for the reasons set forth below, your prosecution of such claim would constitute a violation of the Administrative Claims Bar Date established by the Bankruptcy Court, the permanent injunction provisions of Section 524 of the Bankruptcy Code and the Bankruptcy Court's Confirmation Order.

On February 21, 2005, Winn-Dixie Stores, Inc., and its affiliates (collectively, "Winn-Dixie") filed voluntary petitions for reorganization under Chapter 11 of the United States Bankruptcy Code. On November 9, 2006, the Bankruptcy Court entered an order confirming Winn-Dixie's Joint Plan of Reorganization (the "Confirmation Order"). The Plan and Confirmation Order became effective on November 21, 2006 (the "Effective Date").

ATTORNEYS
225 WATER STREET, SUITE 1800 • P.O. BOX 53315 • JACKSONVILLE, FL 32201-3315
OFFICE 904.359.7700 • FAX 904.359.7708

Exhibit "B"

## SMITH HULSEY & BUSEY

C. Linton Robinson, Esq.
March 5, 2010
Page 2

Pursuant to Section 1141(d) of the Code, the Confirmation Order discharged Winn-Dixie from all claims arising prior to the Effective Date, whether or not (i) a proof of claim or application for administrative expense based upon such debt was filed, (ii) such claim was allowed or disallowed or (iii) the holder of such claim accepted or rejected Winn-Dixie's Joint Plan of Reorganization. Each creditor whose claim was discharged is now barred, pursuant to Section 524(a) of the Code, from instituting or continuing any action or employing any process against Winn-Dixie to pursue such claim. Any action taken or order entered with respect to any discharged claim without Bankruptcy Court authorization is void as a matter of law.

Pursuant to the Confirmation Order, an Administrative Claims Bar Date Notice was sent to all known parties in interest advising them that administrative expense claims must be filed with the Bankruptcy Court on or before January 5, 2007 and that the failure to do so would result in their claim being time-barred and relinquished. The Administrative Expense Claim Bar Date Notice was also published in national and regional newspapers.

No timely application for an administrative expense was filed by or on behalf of your client with the Bankruptcy Court. As a result, the claim she is now asserting is time-barred and discharged as set forth in the Confirmation Order. Accordingly, any action taken to prosecute such claim against Winn-Dixie would constitute a violation of Section 524 of the Code and the Bankruptcy Court's Confirmation Order and would be void as a matter of law.

In the event of further prosecution of this claim, we will file a complaint for appropriate relief, including sanctions, against the claimant and your firm in the Bankruptcy Court in Jacksonville, Florida. The complaint will include a request for the stay of the state court action pending the resolution of the adversary proceeding before the Bankruptcy Court. We will also seek the removal of the state court action to the Bankruptcy Court.

Very truly yours,

*Leanne McKnight Prendergast*
Leanne McKnight Prendergast

By facsimile and mail

00693942