**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

**LIBBEY GLASS, INC.'S RESPONSE**
**TO DEBTORS' AMENDED OBJECTION TO**
**CLAIM NO. 1035 FILED BY LIBBEY GLASS, INC.**

Libbey Glass, Inc. ("Libbey Glass" or "Claimant"), through its undersigned counsel, responds to the Debtors' Amended Objection to the Proof of Claim filed by Libbey Glass ("Objection") as follows:

**Background**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for protection under Chapter 11 of the United States Bankruptcy Code. These cases are being jointly administered for procedural purposes only.

2. Debtors are grocery and pharmaceutical retailers operating in the southeastern United States.

3. Libbey Glass is the world's largest manufacturer of tableware and supplies retailers with glassware to sell to the general public. In this case, Libbey Glass sold glassware to Debtors, which offered the glassware for sale in its stores.

4. Libbey Glass and Debtors had a retail program, in which Debtors purchased glassware for a set price, with amounts due and payable according to specific credit terms.

5. The parties also had two programs for the sale of glassware, which are referred to in the industry as "continuity programs." Continuity programs are somewhat unique to the retail glassware industry. These programs allow the sale of special or seasonal items and allows the retailer to offer the ware without great downside risk. Specifically, the retailer is billed for each shipment of ware, but is allowed to hold back payment for a significant amount pending the close of the program. However, certain deductions that are common in the retail industry, such as breakage, merchandising, advertising, are not permitted until the end of the program. At the conclusion of the program, a reconciliation is performed, payments and credits are deducted from the total amount invoiced and the retailer either has a credit or owes additional payment to Libbey Glass.

6. Because continuity programs differ from the normal practice in the grocery industry, Libbey Glass has found that participating retailers often mistakenly take unauthorized deductions prior to the conclusion of the program. This in turn requires Libbey Glass to add the unauthorized deductions back to the total amount owed, which often causes discrepancies between Libbey Glass' records and those of the retailer.

7. On May 6, 2005, Libby Glass filed Claim No. 1035. Claim No. 1035 represents amounts owed by the Debtors under the retail program ($19,490.55) and two continuity programs from 2003 ($63,666.39) and from 2004 ($162,451.36). The majority of these claims represents chargebacks for unauthorized deductions similar to those described in paragraph 6 above.

8. On June 27, 2006, the Debtors filed their initial Objection [Docket No. 8784], which simply sought to reduce and reclassify Libbey Glass' $245,608.30 claim (Claim No. 1035).

9. On March 1, 2010, the Debtors filed the Amended Objection to the Proof of Claim filed by Libbey Glass [Docket No. 23006], seeking disallowance of Claim No. 1035 *in toto* on the grounds of (i) no liability, (ii) disputed claim amount, and (iii) barred by the applicable statute of limitations.

## The Objection

10. The Debtors object to the claim and seek to reduce Claim No. 1035 and disallow it entirely based on Debtors' books and records, which apparently show no amount owed to Debtors from Libbey Glass.

## Argument

### The Claim is *Prima Facie* Correct

11. Section 101 of the Code defines a "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured ..." Congress intended that the terms be given the broadest available definition. *In re Udell*, 18 F.3d 402 (7th Cir. 1994).

12. Section 502(a) and Rule 3001(f) provide that a properly filed proof of claim (like the District's) is *prima facie* evidence of the validity of the claim unless a party in interest objects. If there is an objection, the Debtors must state the basis for the objection and later introduce evidence as to the invalidity of the claim. Until that initial burden is met, the claimant need offer no proof of the merits of the claim. *In re Allegheny Int'l. Inc.*, 954 F.2d 167 (3rd Cir. 1992). In short, it is not sufficient that Debtors object generally to a claim. The Debtors must affirmatively establish with evidence that the *prima facie* claim is invalid.

13. In this case, the Objection merely asserts general and vague objections to Claim No. 1035, and does not therefore satisfy the requirements of the Federal Rules of Civil Procedure. Moreover, the Debtors have offered no evidence to disallow and expunge the claim. As such, the Objection fails to establish the necessary evidence or basis to invalidate the claim and should therefore be overruled.

14. More particularly though, in the present case Libbey Glass provided documentation to the objecting parties with the claims sufficient to put the estate on notice of the claims. As such, Libbey has complied with its obligation to provide notice of the claim in a timely manner and therefore its claim is *prima facie* valid and should be allowed in full.

WHEREFORE, Libbey Glass respectfully requests the entry of an order (i) scheduling an evidentiary hearing on the Objection, (ii) overruling the Debtors' Objection to Libbey's Claim No. 1035, allowing the claim in full, and (iii) granting such other relief as is appropriate.

Margaret G. Beck, Esq.
Ohio Bar No. 0059789
**BRADY COYLE & SCHMIDT, LTD.**
4052 Holland-Sylvania Road
Toledo, Ohio 43623
(419) 885-3000
(419) 885-1120 Facsimile
mgbeck@bcslawyers.com

-and-

**STUTSMAN THAMES & MARKEY, P.A.**

*/s/ Richard R. Thames*
By______________________________
Richard R. Thames

Florida Bar Number 0652083
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rrt@stmlaw.net

Attorneys for Libbey Glass, Inc.

**Certificate of Service**

I hereby certify that, on March 14, 2010, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to the Office of the United States Trustee, 135 W. Central Boulevard, Room 620, Orlando, Florida 32280; Leanne McKnight Prendergast, Esq., Smith Hulsey & Busey, 225 Water Street, Suite1800, Jacksonville, Florida 32202; and to all parties who have consented to receiving electronic notifications in this case.

*/s/ Richard R. Thames*

Attorney

77368