UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| _____ | ) | |

AGREED ORDER RESOLVING THE
ADMINISTRATIVE CLAIM FILED BY REINALDO PEREZ

This case is before the Court upon the objection of Winn-Dixie Stores, Inc. and its affiliates (collectively, the "Reorganized Debtors") to the administrative claim (the "Claim") of Reinaldo Perez, (the "Claimant"). Based upon the consent of the parties appearing below, it is

ORDERED AND ADJUDGED:

1. The Claim is allowed as an administrative claim in the amount of $20,000.00 under the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, as modified (the "Plan").

2. The Motion (i) for Relief from Bar Date for Filing Claims Arising Before Effective Date and Other Administrative Claims, From Section 524 and From Order Confirming Plan of Reorganization and (ii) to Allow Late Filed Application for Administrative Expense Claim (Docket Nos. 16007 and 16008) filed by the Claimant is denied as moot.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

00700365

3. The Motion to Allow the Late Filed Administrative Claim (Docket No. 16009) filed by the Claimant is denied as moot.

4. Distributions will be made on the allowed Claim pursuant to Sections 4.1 and 9.2 of the Plan to the Claimant in care of the person and at the address as set forth in the consent to this Agreed Order.

5. This Agreed Order resolves (i) all liabilities and obligations related to the Claim and (ii) all other prepetition or post-petition claims the Claimant has or may have against the Reorganized Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

6. The Claimant will dismiss with prejudice any legal proceeding commenced by the Claimant against the Reorganized Debtors in this Court or in any other forum.

7. The Reorganized Debtors do not, by this Agreed Order, acknowledge the validity of any claim or make any admission of liability. The Claimant, not the Reorganized Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.

6. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 27 day of April, 2010, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:
James H. Post

[James H. Post is directed to serve a copy of this order on any party in interest who has not received the order through the CM/ECF system and to file a proof of service.]

00700365