UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re ) | |
| WINN-DIXIE STORES, INC., et al., ) | Case No. 05-03817-3F1 |
|   ) | Chapter 11 |
| Reorganized Debtors. ) | Jointly Administered |

**DEBTORS' RESPONSE TO NANCY M. LEE'S MOTION FOR
RELIEF FROM ORDER ON MOTION BY NANCY M. LEE TO ENLARGE
TIME TO FILE APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM**

Debtors file this Response to Nancy M. Lee's Motion for Relief from Order on Motion by Nancy M. Lee to Enlarge Time to File Application for Administrative Expense Claim (Docket No. 22811) (the "Motion") and say that, as set forth below, the Motion should be denied as moot because the statute of limitations as to the underlying claim has expired.

**Background**

1.  On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc., and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed petitions for reorganization under Chapter 11 of the Bankruptcy Code.

2.  On November 9, 2006, this Court entered an Order (the "Confirmation Order") confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc., and Affiliated Debtors (as modified, the "Plan"), which became effective on November 21, 2006 (the "Effective Date").

3.  On December 6, 2006, in accordance with the Plan and Confirmation Order, the Debtors filed a notice of entry of order confirming plan of reorganization

and a bar date for filing administrative claims (the "Administrative Claim Bar Date Notice") (Docket No. 12991). The Administrative Claim Bar Date Notice provided that (i) all administrative claims were required to be filed with the Bankruptcy Court on or before January 5, 2007, and (ii) the failure to file a timely administrative claim would result in the claim being time-barred and relinquished.

4. The Administrative Claim Bar Date Notice was served by mail to, among others, persons having asserted claims against the Debtors between February 21, 2005 (the Petition Date) and November 21, 2006 (the Effective Date of the Plan), including Nancy M. Lee (the "Claimant"), who was served both at her home address and through her counsel.

5. No application for administrative expense claim was filed in this Court by or on behalf of the Claimant on or before January 5, 2007.

6. On April 23, 2008, the Claimant filed an application for payment of administrative expense claim (Docket No. 20404) (the "Application"), along with a motion to enlarge the time to file an application for administrative expense (Docket No. 20403) (the "Motion to Allow Late Claim").

7. In the Application, the Claimant asserts a personal injury claim arising in Florida on October 16, 2005 (the "Claim").

8. On February 26, 2009, the Debtors filed a notice of case management conference as to the Motion to Allow a Late Claim (Docket No. 22128) (the "Notice").

9. The Notice contained a legend stating that if the Claimant did not attend the case management conference, the Debtors would seek the disallowance of the Claimant's Application based upon failure to prosecute the claim.

10. The Claimant did not attend the case management conference and, on March 19, 2009, this Court entered an Order denying the Motion to Allow a Late Claim and disallowing the Application (Docket No. 22229) (the "Order").

11. On March 23, the Debtors served a copy of the Order on the Claimant (Docket No. 22251).

12. The Claimant has not filed a civil action based upon the Claim in a nonbankruptcy court, nor has the Claimant sought leave from this Court to institute such an action.

13. On October 17, 2009, the four year limitations period applicable the Claim expired.

14. On December 16, 2009, the Claimant filed the Motion for relief from the Order (Docket No. 22811).

**Because the Statute of Limitations has Expired as to the
Underlying Claim, the Motion Should be Denied as Moot**

The Claimant asserts that her Claim is based upon a personal injury and arose on October 16, 2005 in Florida. Florida law provides a four year statute of limitations for such claims. §95.11(3)(a), Florida Statutes. Because the Claimant did not commence a civil action in connection with the Claim on or before October 17, 2009, the limitations period has expired. Accordingly, because the Claim is barred under the applicable statute of limitations, the Motion should be denied as moot.

**Conclusion**

For the foregoing reasons, the Debtors respectfully request the Court to deny the Motion and grant such other and further relief as it deems just and proper.

Dated: June 16, 2010

                              SMITH HULSEY & BUSEY

                              By  *s/ Leanne McKnight Prendergast*
                                    Leanne McKnight Prendergast

                              Florida Bar Number 59544
                              225 Water Street, Suite 1800
                              Jacksonville, Florida 32202
                              (904) 359-7700
                              (904) 359-7708 (facsimile)
                              lprendergast@smithhulsey.com

                              Counsel for Reorganized Debtors

**Certificate of Service**

I certify that a copy of this document has been furnished electronically to Edward P. Jackson, Esq., 255 N. Liberty Street, First Floor, Jacksonville, FL 32202 and the United States Trustee, 135 West Central Boulevard, Room 620, Orlando, Florida 32801, this 16th day of June, 2010

*s/ Leanne McKnight Prendergast*
Attorney

00709310.DOC