**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER DIRECTING MEDIATION AND APPOINTING MEDIATOR

This proceeding came before the Court upon the Motion of Winn-Dixie Stores, Inc. for entry of an Order Directing Mediation and Appointing Mediator (Docket No. 23109). Upon consideration of argument of counsel, being advised in the premises, and it appearing to the Court that this proceeding is suitable for mediation, it is

ORDERED:

1. The (i) Debtor's Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities (Docket No. 10046), (ii) Florida Tax Collectors' Motion for Leave to File Request for Payment of Administrative Expense Claim Without Prejudice (Docket No. 14139), (iii) Florida Tax Collectors' Request for Payment of Administrative Claim with Reservation of Rights (Docket No. 14414), and (iv) Debtors' Objection to Florida Tax Collectors' Request for Payment of Administrative Claim (Docket No. 22982) (collectively, "the Florida Tax Collector's Claims") are directed to mediation pursuant to Local Bankruptcy Rule 9019-2(b).

2. Except as provided in this Order, the mediation will be conducted pursuant to Local Bankruptcy Rules 9019-2(d) – (i) and (k).

3. The parties are directed to use the Kinnard Mediation Center under the supervision of the Chief Circuit Mediator, Mr. Donald F. Hawbaker, who will act as mediator.

1

4. September 8, 2010 is tentatively ordered as the date of mediation. The parties have fifteen (15) days to coordinate and confirm with Mr. Hawbaker the date, time and place the mediation shall take place. It is also ordered that in the event an alternative location other than the existing Tampa facility of the Kinnard Mediation Center is too small or otherwise unavailable for the purpose of this mediation then all cost not otherwise paid by the Kinnard Mediation program shall be paid 1/3 by the Tax Collectors, 1/3 by the Property Appraisers and 1/3 by Winn-Dixie.

5. The parties directed to attend this mediation are:

    a. Winn-Dixie Stores, Inc.

    b. The County Tax Collectors and Property Appraisers for the Florida counties of Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Escambia, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla and Walton.[1]

6. The personal attendance of trial counsel and all parties or their authorized employees who have complete authority to resolve the matter is mandatory, unless a party delegates another party or committee of parties (a "Delegate") complete authority to settle on their behalf the issues in this proceeding. Any party who does not appear at the mediation conference, either (i) personally, (ii) through an authorized employee or (iii) through a Delegate,

---

[1] Tax Collectors and Property Appraisers who have entered into settlement agreements with Winn-Dixie will not be required to attend mediation.

with complete authority to settle the issues in this proceeding will not be permitted to appear at trial.

7. Not less than seven days before the mediation conference, each party shall furnish a written summary of the facts and issues and current status of negotiations to the mediator. The mediation statements shall not be filed with the Court and the mediator shall not disclose the contents of the mediation statements without the consent of the parties.

8. The participation by the parties in the mediation conference does not constitute a waiver of any of the parties' rights or defenses in this proceeding.

**DATED** this 17 day of June, 2010, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge