UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                CASE NO. 05-03817-3F1

**WINN DIXIE STORES, INC., et al,**                  Chapter 11

        Debtors.                                             Jointly Administered
_____/

## RESPONSE TO MEMORANDUM FILED BY DEBTOR

**NANCY M. LEE**, administrative claimant, responds to the memorandum of law filed by the debtor suggesting that her claim is now barred by the statute of limitations as follows:

    1.  Claimant was injured in a Florida Winn-Dixie store on October 16, 2005. This was after the debtor filed for bankruptcy (February 21, 2005) but prior to the time the debtor's Chapter 11 Plan was confirmed by this court (November 21, 2006).

    2.  Thereafter, the court entered an order setting January 5, 2007 as the deadline to file applications for administrative expense. Although the movant filed her application for payment of administrative claim beyond the deadline, the application was filed on April 23, 2008, simultaneous with a motion to enlarge the time to file her application for administrative expense.

    3.  The debtor suggests that the four year statute of limitations imposed by *Florida Statutes 95.11(3)(a)* has now expired, thus defeating movant's claim.

    4.  The statute of limitations sets forth the deadline to take appropriate action in court to collect on claimed monies due.

    5.  The debtor suggests that it is now too late for movant to file a civil suit, and thus her administrative claim should be denied.

1

6. The movant does not have a civil suit, but has an administrative claim. Movant has taken the appropriate action in court to pursue her claim by filing her application for administrative expense along with a motion to enlarge the time to file said application.

7. Because the application for administrative expense was filed less than four years after the injury that is the basis of the administrative expense, the administrative claim was timely filed and should not be denied. The statute of limitations, as applied to bankruptcy, provides a deadline for filing a claim, not a deadline for filing suit. *In re Mona Lisa at Celebration, LLC,* 410 B.R. 710 (Bankr. M.D.Fla. 2009).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded to all interested parties by CM/ECF on this the **25th** day of June 2010.

/s/ Edward P. Jackson
EDWARD P. JACKSON
Attorney for Debtors
255 N. Liberty Street, First Floor
Jacksonville, FL 32202
(904) 358-1952 VOICE
(904) 358-1288 FAX
Florida Bar #286648