UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Reorganized Debtors, *et al.*, ) | Jointly Administered |
| ) | |

EMERGENCY MOTION TO CONTINUE
HEARING ON THE DEBTORS' OBJECTION TO THE
ADMINISTRATIVE CLAIM OF WANDA YATES AND
WANDA YATES' MOTION TO ALLOW A LATE FILED CLAIM

Winn-Dixie Stores, Inc., and its reorganized debtor affiliates (collectively, the "Debtors" or "Winn-Dixie"), move the Court for the entry of an order continuing the hearing on (i) the Debtors' Objection to the Administrative Claim of Wanda Yates (Docket No. 23121) and (ii) Wanda Yates' Motion to Allow Late Filed Claim (Docket No. 23032), currently scheduled for June 30, 2010 at 1:30 p.m., and in support state:

1. The Debtors' first notice of the claim asserted by Wanda Yates (the "Claimant") was a February 2010 telephone call from Claimant's attorneys' office, to "follow up" on a demand letter purported to have been served in August 2006.

2. The Debtors informed Claimant's counsel that Claimant failed to file an application for administrative expense and the claim was discharged.

3. On March 8, 2010, Claimant filed an Application for Payment of Administrative Expense (Docket No. 23031) and a Motion to Allow Late Filed Claim (Docket No. 23032) (the "Late Claim Motion").

4. The Debtors filed an Objection to the Administrative Claim, asserting that the applicable statute of limitations has expired (Docket No. 23121) (the "Objection").

5. The Objection was set for hearing for May 26, 2010.

6. At the May 26, 2010 hearing, the Court determined that the hearing on the Objection should be continued so that the Objection and the Late Claim Motion could be heard together. The hearing was set in open Court for June 30, 2010. The clerk of the Court served a notice of the continued hearing on all interested parties (Docket No. 23174).

7. On May 27, 2010, the Debtors contacted Claimant's counsel to coordinate the scheduling of Claimant's deposition. Claimant's counsel maintained that the only date the Claimant was available for deposition before the June 30th hearing was June 18, 2010. See Exhibit A.

8. At her June 18, 2010 deposition, the Claimant testified that she had reported the incident to Winn-Dixie employees "Angel" and Alfred Rudolph. Winn-Dixie has no record of such report, and neither "Angel" nor Alfred Rudolph is currently in Winn-Dixie's employ.

9. At approximately 4:00 p.m. on June 24, 2010, Claimant's attorney contacted counsel for the Debtors to schedule two depositions for the next day, June 25, 2010. She identified one of the witnesses as her own paralegal but stated that she could not yet identify the other witness.

10. Winn-Dixie did not object to setting the depositions on less than 24 hours' notice so that the Claimant would be afforded the opportunity to fully prepare

her case before the June 30, 2010 hearing. It agreed to setting the paralegal's deposition for June 25, 2010, and agreed to the other deposition that day as well, provided Claimant's counsel identified the witness in time for Winn-Dixie to prepare for the deposition. See Exhibit B.

11. At 8:05 p.m. that night, counsel for Claimant identified the second witness as Angel Wright, a former Winn-Dixie employee. See Exhibit C.

12. On June 25, 2010 even though she had been informed that Debtors' counsel was not available to begin a deposition at 5:00 p.m. that day, Claimant's counsel again requested that the deposition of Angel Wright be set at 5:00 p.m., as that was the only time the witness would be available. Winn-Dixie again accommodated Claimant's request and counsel for the Debtors made arrangements to be available for the deposition at 5:00 p.m. on June 25, 2010.

13. At the June 25, 2010 deposition of Claimant's counsels' paralegal, the paralegal blamed her use of an incorrect address for a letter of representation to Winn-Dixie on Alfred Rudolph, stating that he provided the address. She cited to a letter of representation purportedly served on July 31, 2006. Winn-Dixie requested a copy of the letter during the deposition and twice since then, but Claimant's counsel has failed to voluntarily produce the letter.

14. At the June 25, 2010 deposition of Angel Wright, Ms. Wright also pointed to Alfred Rudolph, asserting that he would have been responsible for transmitting any report of the accident to the Debtors.

15. Based upon these assertions made less than three days before the hearing, the Debtors, in order to adequately prepare for the hearing on the Late Claim Motion and the Objection, need to find and depose Alfred Rudolph and serve a document request upon Claimant's counsel for the document they cited to but are refusing to produce.

16. Winn-Dixie has consulted with Claimant's counsel about continuing the June 30, 2010 hearing in order to complete this necessary discovery. Despite the courtesies extended to her by Winn-Dixie and the opportunity to fully prepare her own case afforded her as a result of Winn-Dixie's accommodations, counsel for the Claimant refused to agree to a continuance of the hearing.

17. This motion is not necessitated by any lack of diligence on the part of Winn-Dixie, but is the result of the last minute discovery taken by the Claimant.

18. The Claimant, having failed to follow up on a demand letter purportedly sent in 2006 until almost 4 years later, cannot be heard to complain that she would be prejudiced by a brief continuance of the hearing on this matter in order to allow time for adequate discovery.

19. The Debtors estimate that it would take 90 days to locate and depose Mr. Rudolph, prepare a document request, receive requested documents, analyze requested documents and prepare for the hearing.

WHEREFORE, the Debtors request that the Court enter an order in the form attached continuing, for a period not less than ninety (90) days (other than November

1-3 and November 24-30), the hearing on the Objection and the Late Claim Motion.

Dated: June 28, 2010

                          SMITH HULSEY & BUSEY

                          By *s/ Leanne McKnight Prendergast*
                              Leanne McKnight Prendergast

                          Florida Bar Number 59544
                          225 Water Street, Suite 1800
                          Jacksonville, Florida 32202
                          (904) 359-7700
                          (904) 359-7708 (facsimile)
                          lprendergast@smithhulsey.com

                          Counsel for Reorganized Debtors

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors, *et al.*, | ) | Jointly Administered |
| | ) | |

### ORDER CONTINUING HEARING ON THE DEBTORS' OBJECTION TO THE ADMINISTRATIVE CLAIM OF WANDA YATES AND WANDA YATES' MOTION TO ALLOW A LATE FILED CLAIM

This case is before the Court upon the Debtors' Motion to Continue the Hearing on the Objection to the Administrative Claim of Wanda Yates and Wanda Yates Motion to Allow Late File Claim(s) (Docket No. _____) (the "Motion to Continue"). Upon consideration, it is

ORDERED:

1. The Motion to Continue is granted.

2. The hearing on (i) the Debtors' Objection to the Administrative Claim of Wanda Yates (Docket No. 23121) and (ii) Wanda Yates' Motion to Allow Late Filed Claim (Docket No. 23032), currently scheduled for June 30, 2010 at 1:30 p.m., is continued to _____

_____ at _____ in Courtroom 4D, United States Courthouse, 300 N. Hogan St., Jacksonville, FL 32202.

Dated this _____ day of June, 2010, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

## Certificate of Service

I certify that a copy of the foregoing has been furnished electronically to Cheryl D. Robinson, Esq., Cazeau Linton Barnes, LLC, 633 N.E. 167th Street, Suite 1025 North Miami Beach, Florida 33162 and all parties in interest entitled to receive such notification on the 28th day of June, 2010.

                                              *s/ Leanne McKnight Prendergast*
                                                     Attorney

00711009

## CAZEAU, LINTON BARNES, LLC
### ATTORNEYS AT LAW
### 633 N. E. 167TH STREET
### SUITE 1025
### NORTH MIAMI BEACH, FLORIDA 33162
*Serving Dade, Broward, and Palm Beach Counties*

BEATRICE CAZEAU, ESQ.
C. LINTON ROBINSON, ESQ.

TEL: 305•381•6002
FAX: 305•381•6808

*TRIAL LAWYERS*

May 27, 2010

**<u>Via Fax: 904-359-7708</u>**
Leanne Prendergast
Smith Hulsey & Busey
PO Box 53315
Jacksonville, FL 32201-3315

        RE:   Our Client  :  Wanda Yates
               Your Client  :  Winn Dixie
               Court Case  :  No. 05-03817-3F1, Ch. 11

Dear Ms Prendergast:

Ms Yates can be available to travel to Jacksonville for your deposition on the afternoon of Friday, June 18, 2010.

                                            Very truly yours,

                                            C. Linton Barnes, Esq.
                                            For the firm.

CLB/lb

**EXHIBIT A**

## Leanne McKnight Prendergast

**From:** Leanne McKnight Prendergast
**Sent:** Thursday, June 24, 2010 4:13 PM
**To:** 'Cheryl Barnes'
**Subject:** deposition tomorrow
**Importance:** High

Although I have reserved 3:30 on my calendar tomorrow for a deposition related to the Wanda Yates matter, I cannot agree to this deposition being taken on short notice until you tell me who it is -- I must have sufficient notice of the identity of the witness to prepare for the deposition or we cannot agree to the short notice. Please let me know as soon as you can who the witness will be. Thank you.


Leanne McKnight Prendergast
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7802 (direct)
(904) 353-9908 (fax)

**EXHIBIT B**

## Leanne McKnight Prendergast

**From:** cdbclblaw [cdbclblaw@bellsouth.net]
**Sent:** Thursday, June 24, 2010 8:05 PM
**To:** Leanne McKnight Prendergast
**Subject:** RE: deposition tomorrow......

Leanne, Angel Wright is the winn dixie manager we will be deposing tomorrow.

one problem - she no longer works for winn dixie and will be working tomorrow at her job. the witness can only be available during her lunch break at 12:00 or after 5pm   i remember u said u had to be out of your office by 5.   please - can you be available at 12 tomorrow. or after 5 pm. since its by phone u can appear from anywhere .   we accomodated you in every way you requested and we know this is last minute but we could not find this witness until now. please.... i promise u it should not go more than 30  mins. i have very few questions to ask. promise.

i will also set my paralegal sandra's depo.  i can set hers at 3:30.

cheryl robinson

cell 305-381-6002

home - 305-627-3265

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

**EXHIBIT C**

6/28/2010