UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Reorganized Debtors.

Case No.: 3-05-03817 (3FI)

Chapter 11

Jointly Administered

## CREDITOR, WANDA YATES' OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR CONTINUANCE

COMES NOW, Ms. Wanda Yates ("Applicant/Creditor"), by and through the undersigned attorneys, and hereby moves for an order denying creditor's Emergency Motion to Continue Hearing, dated 6/28/10, and as grounds thereof would state the following:

1. This claim stems from a slip and fall incident which occurred in Winn Dixie store #304, in Lauderhill, Florida on March 9, 2006. Debtor has been on notice of this incident since the date of the incident according to debtor's former manager who was present at the scene. Also in August 2006, Ms Yates served Winn Dixie's agents a demand package and letter. Creditor asserts that there is no emergency situation here nor is there valid basis for continuance of this hearing.

2. Debtor's allegations as stated in paragraph 9 of its Emergency Motion for Continuance are blatantly false. Specifically, debtor has alleged in paragraph 9 that approximately 4:00 pm on June 24, 2010, undersigned attorney requested to schedule deposition and *"stated she could not identify the other witness."* Not only is this

statement untrue, but it is a last minute attempt to persuade this court to unnecessarily postpone this matter.

3. Debtor is under no surprise as to the people creditor sought to depose, because the people were debtor's own former managers, and since at least March 8, 2010, debtor has been notice of the <u>date of the incident</u> and the <u>store location</u>, as was indicated in creditor's demand letter attached as an exhibit to her "Motion to Accept Late Filed Admin Claim". Since at least that time, Winn Dixie should have diligently investigated this claim.

4. Debtor's counsel insinuates that she has extended some undeserving courtesy to undersigned counsel, but she fails to mention that undersigned counsel has been most cooperative with debtor's counsel in scheduling any and all matters that she requested even on short notice.

5. The last of debtor's depositions was taken on June 23rd. The very next day, undersigned counsel contacted debtor's attorney and told her she would like to schedule **<u>the deposition of the two Winn Dixie managers that were identified by Ms Yates in her deposition on June 18, 2010.</u>** Ms Yates testified that when she slipped and fell two managers came to her aide, one took pictures and completed a report. Undersigned counsel explained that since the two managers were no longer working for Winn Dixie, investigations were underway to locate both and confirm their availability. In the mean time, undersigned counsel sought to confirm Debtor attorney's own availability to coordinate with the two former managers.

6. In extending the same courtesies previously extended by creditor's counsel, and in preparation for the upcoming hearing, Debtor's counsel readily agreed to schedule the depositions on short notice for Friday, June 25, 2010.

7. On 6/24/10, debtor's counsel emailed undersigned counsel and requested confirmation of the identity of the managers as she wanted to get their human resources file. However, she already knew their identities because not only were they testified to by Ms Yates, but undersigned counsel told her their names again when she requested to schedule their depositions and - she was at disposal being Winn Dixie's attorney to investigate who the managers were in store #304 on the date of the incident .

8. On June 24, 2010, undersigned counsel was in an all day mediation and advised debtor's counsel accordingly. The two attorney communicated continuously and there was no surprise. Throughout the day of the mediation, undersigned counsel communicated with debtor's counsel via text and telephone. Counsel in fact called debtor's counsel on one break and explained that the mediation was taking longer than expected and asked her permission to communicate after work hours. Debtor's counsel agreed and told undersigned counsel to update her by email.

9. Following the mediation which terminated around 7pm, undersigned counsel called, texted and emailed debtor's counsel, and even forwarded her personal cell phone number and home number but received no reply. Undersigned counsel emailed debtor's counsel advising that only one former manager was identified, Angel Wright and her deposition alone would be taken the next day. All along debtor's counsel knew the identities of the two managers.

10. None of this was a surprise to debtor. This incident was reported to Winn Dixie in March of 2006 as confirmed by creditor's deposition and by former manager, Angel Wright's deposition. Angel Wright not only recalled the incident but confirmed that she personally completed a report and photographed Ms Yates as Ms Yates lay sprawled on the floor after she slipped on water. Angel Wright also testified that she took pictures of skid marks near the scene and confirmed that a floor machine owned by Winn Dixie was defective and was leaking water nearby where Ms Yates had fallen.

11. Winn Dixie's attorney failed to diligently locate and schedule the depositions of any of its managers. It was creditor that undertook to investigate and discover the current whereabouts of former manager Angel Wright, who testified in her deposition that she not only recalled the incident but also prepared a report and photographed the creditor as she lay on the floor, as well as skid marks on the floor.

12. It is now at this late hour, that creditor seeks to unnecessarily delay this matter for what has been at their disposal for at least 100 days. Creditor's counsel has made arrangements to travel to Jacksonville for this hearing on June 30th, 2010 and has other matters, trials, depositions and hearings scheduled in the coming weeks.

WHEREFORE, upon the foregoing, Creditor respectfully requests this court deny Debtor's Emergency Motion to Continue The Hearing, and any other relief this court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document was furnished electronically on June 29, 2010 to Leanne McKnight Prendergast, Smith Hulsey & Busey, 225 Water Street, Suite

1800, Jacksonville, Florida 32202, and all parties in interest entitled to receive such notification.

                                            CAZEAU, LINTON BARNES, LLC
                                            633 NE 167th Street – Suite 1025
                                            North Miami Beach, FL 33162
                                            Email: cdbclblaw@bellsouth.net
                                            Tel: 305-381-6002    Fax: 305-381-6808

By: _____
        Cheryl D. Linton Robinson, Esq. / 179116