**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors, *et al.*, | ) | Jointly Administered |
| | ) | |

**WINN-DIXIE'S REPLY TO WANDA YATES' RESPONSE TO WINN-DIXIE'S EMERGENCY MOTION TO CONTINUE HEARING ON DEBTORS' OBJECTION TO ADMINISTRATIVE CLAIM OF WANDA YATES AND WANDA YATES' MOTION TO ALLOW LATE FILED CLAIM**

Winn-Dixie Stores, Inc., and its reorganized debtor affiliates (collectively, the "Debtors" or "Winn-Dixie"), file this reply to Wanda Yates' Response to Debtors' Motion to Continue Hearing on the Debtors' Objection to the Administrative Claim of Wanda Yates and Wanda Yates' Motion to Allow Late Filed Claim (Doc. No. 23231) (the "Motion"):

1. At approximately 4:00 p.m. on June 24, 2010, Claimant's attorney, through her paralegal, contacted counsel for the Debtors to schedule two depositions for the next day, June 25, 2010. She identified one of the witnesses as the paralegal but stated that she could not yet identify the other witness. She did state that Claimant's attorney was trying to locate the two former Winn-Dixie employees Ms. Yates asserted she reported the accident to, but she was still making telephone calls and did not yet know which of the two employees may be the witness for the deposition.

2. With the identity of the second witness undetermined, Winn-Dixie was faced with the prospect of having to prepare for *three* depositions on less than 24 hours notice – the paralegal and either "Angel" or Alfred Rudolph. Winn-Dixie informed Claimant's counsel, both in the referenced telephone call with the paralegal and by follow up email sent to Claimant's counsel immediately thereafter and attached as Exhibit A, that it needed the identity of the second witness as soon as possible in order to agree to the short notice.

3. The Claimant never asserted to Winn-Dixie or in her Late Claim Motion that she reported the accident to two Winn-Dixie employees. Winn-Dixie did not know until the Claimant's deposition, set on June 18, 2010 – a date chosen by the Claimant -- that the Claimant purports to have reported the accident. Winn-Dixie had no notice of this claim before March 8, 2010 and had no basis for anticipating that the Claimant would purport to have reported it to two former employees. Claimant's assertion that Winn-Dixie should have discovered this information prior to taking the Claimant's deposition is therefore not supported by the facts.

4. The identities of the two former employees to whom Claimant purports to have reported the accident were, however, known to the Claimant since the date of the alleged accident, March 9, 2006. Yet Claimant waited to attempt to locate these witnesses, to the point that on June 24, 2010, requesting a deposition on less than 24 hours notice, she could not say which of the employees would be the witness for deposition.

5. Winn-Dixie did not object to setting the depositions on such short notice so the Claimant would be afforded the opportunity to fully prepare her case

before the June 30, 2010 hearing. One of its considerations in doing so was to avoid a continuance of the June 30, 2010 hearing based upon outstanding discovery.

6. As set forth in the Debtor's Motion for Continuance, however, this last minute discovery taken by Claimant raised new issues and Winn-Dixie must take discovery regarding these issues in order to fully prepare for the hearing.

7. Claimant's attorney has still, even after filing her response to the motion for continuance, failed to voluntarily produce the documents relied upon by her paralegal in her deposition testimony. It is clear that a formal request for production will have to be made in order to obtain a copy of this material document.

8. As set forth in Winn-Dixie's motion for continuance, Winn-Dixie will also need to locate and depose Alfred Rudolph, about whom two of Claimant's witnesses testified in their June 25, 2010 depositions.

9. Winn-Dixie took no discovery on such shortened notice in this matter. It provided more than fourteen days notice of the Claimant's deposition and it contacted Claimant's counsel on June 10, 2010 regarding the only other deposition it has taken, which was eventually set for June 23, 2010.

WHEREFORE, the Debtors request that the Court enter an order continuing, for a period not less than ninety (90) days (other than November

1-3 and November 24-30), the hearing on the Objection and the Late Claim Motion.

Dated: June 29, 2010

                        SMITH HULSEY & BUSEY

                        By  *s/ Leanne McKnight Prendergast*
                            Leanne McKnight Prendergast

                        Florida Bar Number 59544
                        225 Water Street, Suite 1800
                        Jacksonville, Florida 32202
                        (904) 359-7700
                        (904) 359-7708 (facsimile)
                        lprendergast@smithhulsey.com

                        Counsel for Reorganized Debtors

Certificate of Service

I certify that a copy of the foregoing has been furnished electronically to Cheryl D. Robinson, Esq., Cazeau Linton Barnes, LLC, 633 N.E. 167th Street, Suite 1025 North Miami Beach, Florida 33162 and all parties in interest entitled to receive such notification on the 29th day of June, 2010.

*s/ Leanne McKnight Prendergast*
Attorney

00711370

**Leanne McKnight Prendergast**

---

**From:** Leanne McKnight Prendergast

**Sent:** Thursday, June 24, 2010 4:13 PM

**To:** 'Cheryl Barnes'

**Subject:** deposition tomorrow

**Importance:** High

Although I have reserved 3:30 on my calendar tomorrow for a deposition related to the Wanda Yates matter, I cannot agree to this deposition being taken on short notice until you tell me who it is -- I must have sufficient notice of the identity of the witness to prepare for the deposition or we cannot agree to the short notice. Please let me know as soon as you can who the witness will be. Thank you.

Leanne McKnight Prendergast
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, Florida 32202
(904) 359-7802 (direct)
(904) 353-9908 (fax)

**EXHIBIT A**