UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

## ORDER ON THE ADMINISTRATIVE CLAIM OF NANCY LEE

This case came before the Court for hearing on June 30, 2010, on the Motion by Nancy M. Lee to Enlarge Time to File Application for Administrative Expense Claim (Docket No. 20403) (the "Motion"), the Debtors' Response to the Motion for Relief from Order on Motion by Nancy M. Lee to Enlarge Time to File Application for Administrative Expense Claim (Docket No. 23220), which by stipulation of the parties will be treated as an objection to the Motion, and Nancy Lee's Reply to the Debtors' Response (Docket No. 23230). Upon the evidence presented at the hearing, the Court finds that:

1. Nancy Lee (the "Claimant") filed an application for administrative expense based upon a negligence claim that arose on October 16, 2005, at a Winn-Dixie Store in Florida (Docket No. 20404) (the "Administrative Claim").

2. Section 95.11(3)(a), Florida Statutes, requires that an action founded on negligence must be brought within four years.

3.  Claimant has not filed a civil action in the appropriate non-bankruptcy forum based upon the claim. Filing an Administrative Claim did not preserve the claim for statute of limitations purposes.

4.  Because the claim arose on October 16, 2005, the Claimant was required under Florida law to commence the prosecution of a civil action by October 16, 2009, to preserve the claim for statute of limitations purposes.

5.  Because the Claimant did not file a civil action to preserve the claim prior to the expiration of the applicable statute of limitations, Claimant's cause of action is now time-barred and the claim must be disallowed. Upon the foregoing, it is

ORDERED:

1.  The Motion is denied.

2.  The Administrative Claim filed by the Claimant (Docket No. 20404) is disallowed.

Dated this 30 day of June, 2010, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

Leanne McKnight Prendergast

[Leanne McKnight Prendergast is directed to serve a copy of the order on the Interested Parties and file a proof of service.]

711357

# CERTIFICATE OF NOTICE

```
District/off: 113A-3          User: baldws              Page 1 of 1           Date Rcvd: Jul 01, 2010
Case: 05-03817                Form ID: pdfdoc           Total Noticed: 1
```

The following entities were noticed by first class mail on Jul 03, 2010.
cr           +12th Street & Washington Associates,   c/o Zachary J. Bancroft, Esq.,   450 S. Orange Ave.,
              Suite 800,   Orlando, FL 32801-3344

The following entities were noticed by electronic transmission.
NONE.                                                                                           TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jul 03, 2010**                    **Signature:**    *Joseph Speetjens*