**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

## ORDER SUSTAINING DEBTORS' AMENDED OBJECTION TO THE CLAIM FILED BY LIBBEY GLASS

This case came before the Court on the Debtors' Amended Objection to the Proof of Claim filed by Libbey Glass (Docket No. 23006). On March 31, 2010, the Court conducted a hearing on the matter at which the sole issue before the Court was whether the claim filed by Libbey Glass is barred by a five year statute of limitations applicable under Florida law. The following facts are uncontested.

### Undisputed Facts

1. On February 21, 2005, the Debtors each filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

2. Libbey Glass, Inc., (the "Claimant") filed proof of claim No. 1035 for "goods sold to debtors," between January 2003 and February 2005 (Debtors' Exhibit 1) (the "Claim"). The documents attached to the Claim list amounts asserted to be due from the Debtors on various dates ranging from March 23, 2000 to March 20, 2005 (Debtors' Exhibit 1).

3. On June 27, 2006, the Debtors filed Debtors' Omnibus Objection to (A) Reclamation Claims and (B) Unsecured Nonpriority Claims Held by Reclamation

Claimants and Notice of Hearing (Docket No. 8784) (the "Objection"). In the Objection, the Debtors asserted, among other things, that the Claim was filed in an amount that exceeds the Debtors' liability to the Claimant as reflected in the Debtors' books and records and that, in fact, "vendor owes debtor $101,298.35" (Docket No. 8784). Accordingly, by the Objection, the Debtors sought to have the Claim disallowed in its entirety (Docket No. 8784).

4. On July 17, 2006, the Claimant filed a response to the Objection (Docket No. 9262).

5. On July 27, 2006, a hearing was held on the Objection, at which the matter was continued as to the Claim until further notice or motion by either party (Docket No. 9608).

6. On November 9, 2006 this Court entered an Order confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (as modified, the "Plan"), which became effective November 21, 2006 (the "Effective Date") (Docket No. 12440).

7. Notice of the entry of the Confirmation Order and the occurrence of the Effective Date was served upon known creditors and published in national and regional newspapers on December 6, 2006 (Docket No. 13200).

8. The Claimant did not, prior to the confirmation of the Plan, attempt to seek relief from the automatic stay for any purpose, including the purpose of filing a state court action to preserve its claim within the applicable statute of limitations.

9. Similarly, after the confirmation of the Plan, the Claimant did not attempt to seek relief from the permanent injunction for any purpose, including the

purpose of filing a state court action to preserve its claim within the applicable statute of limitations as extended pursuant to 11 U.S.C. § 108(c).

10. Claimant has not filed a complaint in the appropriate non-bankruptcy court based upon the Claim.

11. On March 1, 2010, the Debtors filed Debtors' Amended Objection to the Proof of Claim filed by Libbey Glass and Notice of Hearing (Docket No. 23006) (the "Amended Objection"), amending its objection to the Claim to include the grounds that the Claim is barred under the applicable statute of limitations. The Amended Objection was noticed for hearing only as to the statute of limitations defense to the Claim (Docket No. 23006).

12. On March 14, 2010, the Claimant filed Libbey Glass, Inc.'s Response to the Debtors' Amended Objection to the Claim filed by Libbey Glass, Inc. (Docket No. 23033).

13. The Court conducted a hearing on the Amended Objection on March 31, 2010. At the hearing, Winn-Dixie's senior accounting manager testified that the Claim was based upon three different "programs," and that the Debtors have copies of written contracts as to two of the programs (Tr. 7:15-18).[1] He further testified that the written contracts did not include a choice of law provision, that the Debtors are headquartered in Jacksonville, Florida, the contracts were negotiated and executed by the Debtors at the Debtors' headquarters, and the goods were delivered to warehouses in Jacksonville, Florida and in South Carolina (Tr. 8:8-25). The Claimant did not

---

[1] "Tr. ___" refers to the transcript of the hearing held in this case on March 31, 2010.

dispute this testimony or present any evidence regarding the state law applicable to the Claim.

14. The Debtors assert that Florida law applies and that the Claim is barred by Florida's five year statute of limitations for actions based upon written contracts. *See* Section 95.11(2)(b), Florida Statutes.

## Analysis

This matter arises under the Debtors' Chapter 11 case, and the Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(B) and 1334(b). Pursuant to 11 U.S.C. § 502(b)(1), the Claim must be disallowed if it is unenforceable against the Debtors under applicable law. The Debtors argue that (i) the Claim is barred under the five year statute of limitations provided by Section 95.11(2)(b), Florida Statutes, and that (ii) the 30 day extension of time to file an action on the Claim under 11 U.S.C. § 108(c) has also expired.

Based upon the evidence presented at the hearing, the Court finds that Florida law applies to the Claim.[2] Section 95.11(2)(b), Florida Statutes, fixes a five year

---

[2] Because this case is pending in Florida, the Court applies Florida conflict of law rules to determine the state law applicable to the claim. *Advanced Imaging Ctr. of No. Ill., L.P. v. Cassidy (In re Cassidy)*, 352 B.R. 519, 523 (Bankr. M.D. Fla. 2006); *Cuthill v. Greenmark, LLC (In re World Vision Entertainment, Inc.)*, 275 B.R. 641, 661 (Bankr. M.D. Fla. 2002). Florida courts apply the *Restatement (Second) Conflict of Laws* to determine which state's law applies. *Cassidy*, 352 B.R. at 523-24; *World Vision*, 275 B.R. at 661. The Restatement provides that, in the absence of an effective choice by the parties, "the rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties." *§ 188, Restatement (Second), Conflict of Laws*. The Restatement sets forth a number of contacts to be considered in making this determination. These include, among other things: the domicile or place of business of the parties, the place of negotiation of the contract and the place of performance. *Id.* The Debtors presented evidence at the hearing that the Debtors are headquartered in Jacksonville, Florida, the contracts were negotiated and executed by the Debtors in Florida, and the goods were delivered to warehouses in Florida and South Carolina (Tr. 8:8-25). The Claimant presented no evidence as to which state's law applies to the Claim.

4

limitations period for "a legal or equitable action on a contract, obligation, or liability founded on a written instrument." 11 U.S.C. § 108(c) provides for an extension of time to file an action where the statute of limitations would have otherwise expired during the pendency of the bankruptcy proceedings:

> Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of--
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

As a matter of law, when a claimant fails to file a complaint in a court of competent jurisdiction within the later of (i) the end of the applicable nonbankruptcy limitations period (subject to applicable state or federal statutes which provide for the suspension or tolling of the limitations period)[3] or (ii) 30 days after notice of the termination or expiration of the automatic stay, the claimant's cause of action is barred. *See 11 U.S.C. § 108(c); In re C & G Excavating, Inc.*, 217 B.R. 64 (Bankr. E.D. Penn. 1998), *aff'd Rhodes v. C & G Excavating, Inc.*, 1999 WL 820204 (E.D.

---

[3] No state or federal statute provides for the suspension or tolling of the limitations period applicable to the claim. *See Swartzman v. Harlan*, 535 So. 2d 605, 607 (Fla. 2d D.C.A. 1998).

Penn. Sept. 29 1999).[4] Thus, where a claimant merely files a proof of claim, but does not timely file a complaint in the appropriate nonbankruptcy court, the proof of claim is not sufficient to toll a statute of limitations applicable to the underlying cause of action. *See Rhodes* at 66.[5]

In *Rhodes*, the claimant, Rhodes, filed a proof of claim in C & G's Chapter 11 bankruptcy proceedings for personal injuries allegedly sustained while working for C & G. *Id.* at 64. However, Rhodes never filed a complaint in the district court regarding such injuries. *Id.* As a result, the statute of limitations for Rhodes' claim expired and C & G objected to Rhodes' proof of claim based on the expiration of the limitations period. *Id.* The Court held that Rhodes' cause of action was time barred and sustained C & G's objection, disallowing Rhodes' proof of claim:

> [T]here is no doubt that Rhodes could have successfully nullified the statute of limitations defense by requesting relief from the stay and filing a complaint within thirty days of the date relief was granted or by filing a complaint within thirty days of... the date C & G's amended plan was confirmed and the automatic stay terminated. However, Rhodes failed to take either of these steps and the statute of limitations, plus the thirty day extension thereof afforded by section 108(c), have

---

[4] A claimant has three choices regarding the filing of a complaint against a debtor after commencement of the case: (i) file a motion for relief from the automatic stay, (ii) file a complaint after the termination of the bankruptcy proceedings, if the statute of limitations has not run, or (iii) file a complaint during the thirty day period set forth in Section 108(c). *See Rhodes v. C & G Excavating, Inc.*, 217 B.R. at 66 *citing Grotting v. Hudson Shipbuilders, Inc.*, 85 B.R. 568, 569-70 (W.D. Wash. 1988).

[5] Neither Section 108(c) nor the automatic stay under Section 362 suspend a statute of limitations from running or otherwise toll any statutes of limitation during the pendency of bankruptcy proceedings. *See Swartzman v. Harlan*, 535 So. 2d 605 (Fla. 2d D.C.A. 1998) *citing Grotting v. Hudson Shipbuilders, Inc.*, 85 B.R. 568, 569-70 (W.D. Wash. 1988); *J.T. Industrial Contractors, Inc. v. Hargis Railcare, Inc.*, 458 S.E. 2d 702 (Ct. App. Ga. 1995).

> now expired. Accordingly, we find that since Rhodes failed to file a complaint within the applicable maritime statute of limitation and the thirty day extension of this statute of limitation afforded by 11 U.S.C. 108(c), Rhodes' cause of action is time barred and C & G's objection to his proof of claim must be sustained.

*Id.* at 66.

In this case, the Claim lists invoices with due dates ranging from March 23, 2000 to March 20, 2005. Under Florida law, the limitations period for an action as to each of the invoices listed on the Claim would expire five years from the due date of the invoice. *See, e.g., Int'l Graphics, Inc. v. MTA-Travel Ways, Inc.*, 71 F.R.D. 598, 605 (S.D.Fla.1976) (when plaintiff sued on a number of unpaid invoices for goods sold and delivered over a two year period, the limitations period had run as to the earliest invoices). Accordingly, the five year limitations period expired as to all of the invoices on or before March 23, 2010.

To preserve its claim for statute of limitations purposes, the Claimant could have (i) sought relief from the automatic stay to commence a timely civil action or (ii) sought relief from the discharge injunction after the confirmation of the Plan and filed an action within 30 days of the December 6, 2006 notice of the termination of the automatic stay pursuant to Section 108(c). Because the claimant did not file a civil action to preserve its claim prior to the expiration of the applicable statute of limitations, including the extension provided under 11 U.S.C.§108(c), Claimant's cause of action is now time-barred and its claim must be disallowed.

The Claimant asserted at the hearing that the Debtors "somewhat control[] the docket" and that they had "delayed" the claims resolution process (Tr. 14:10-20).

The Claimant has been aware, however, since the Objection was originally filed on June 27, 2006 – almost 4 years ago – that the Debtors objected to the Claim and sought to have it disallowed in its entirety. Moreover, the hearing on the Objection was continued subject to further notice or motion of *either* party. Finally, there is no evidence in the record to suggest that the Debtors have delayed the resolution of this matter. Under such circumstances, the Claimant's failure to preserve it claims under applicable state law cannot be explained away by unsubstantiated assertions of "delay."

The Claimant also argued that some cases hold that the filing of a proof of claim is "analogous" to the filing of a complaint, citing *Nortex Trading Corp. v. Newfield*, 311 F.2d 163 (2d Cir. 1962) (holding that where a motion to disgorge a preference was made within the "proceeding" commenced upon the filing of a proof of claim, personal service of the motion was not required) and *Litton v. Eads (In re Eads)*, 417 B.R. 728 (Bankr. E.D. Tex. 2009) (holding that an order sustaining an objection to a claim was akin to a default judgment). Neither of these cases, however, is on point. They do not hold that the filing of a proof of claim is analogous to the filing of a complaint for purposes of preserving a cause of action pursuant to a statute of limitations. Such an argument has been specifically rejected by courts that have addressed the issue. *See, e.g., Rhodes*, 217 B.R. at 65.

The Claimant argued that cases such as *Rhodes* are "anomalies" and appear to be based upon the fact that the bankruptcy court does not have jurisdiction to liquidate a personal injury claim, while under the Plan in this case this Court reserved exclusive jurisdiction to resolve objections to claims (Tr. 15:17-16:16). Nothing in the *Rhodes*

opinion, however, suggests that only personal injury claimants must preserve their claims for statute of limitations purposes or that other types of claims, even if unenforceable under applicable law, should be allowed under Section 502. Rather, the *Rhodes* court noted that while it did not have jurisdiction to liquidate the claim, it did have jurisdiction to decide whether the claim should be disallowed based upon statute of limitations grounds. 217 B.R. at 64 n.1.[6] As to this Court's retention of exclusive jurisdiction to determine "claim objections," the commencement of an action to preserve a claim for statute of limitations purposes does not involve the determination of a "claim objection."

Finally, the Claimant argues that the Plan contains an injunction against the commencement or continuation of any act to prosecute a claim. The Plan, however, merely reiterates the injunction set forth in Section 524 of the Bankruptcy Code.[7] It imposes no greater obstacle to filing an action than the discharge injunction. Filing an action within the 30 day period after notice of the termination of the automatic stay due to the confirmation of a chapter 11 plan requires that the claimant seek relief from

---

[6] *See, e.g., U.S. Lines, Inc. v. U.S. Lines Reorganization Trust*, 262 B.R. 223, 233-35 (S.D.N.Y. 2001)(drawing a distinction between impermissible "'liquidation' of personal injury claims" and the "court's determination that the claim, if litigated, would not be viable in light of the estate's available defenses"); *M. Keating v. United States Lines, Inc.*, 2006 WL 1559237 (S.D.N.Y. June 7, 2006)(the question of timeliness was "a threshold question pertaining to the allowance of the claim," rather an "estimation of damages"); *Rhodes*, 217 B.R. 64 (Bankr. E.D. Pa. 1998)("While bankruptcy courts lack subject matter jurisdiction to liquidate or estimate [personal injury claims]…bankruptcy courts have jurisdiction to decide corollary issues involving the validity of a proof of claim for personal injuries or wrongful death, such as whether the statute of limitation on the underlying cause of action has expired").

[7] The Plan provides at Section 12.13(b): "As of the Effective Date, . . . all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors, any other or further claims, debts, rights, causes of action, claims for relief, liabilities, or equity interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date. . . ."

the discharge injunction, which replaces the automatic stay upon the effective date of the Plan. The argument that including an injunction premised upon Section 524 in a Chapter 11 Plan somehow relieves the claimant from acting to preserve its claim has previously been considered and rejected. *See, e.g., In re Worldcom, Inc.*, 362 B.R. 96, 110 (Bankr. S.D.N.Y. 2007). In *Worldcom*, the Debtor objected to a secured claim filed by a creditor on the basis that the claim was unsecured because the creditor had not timely filed a foreclosure complaint to perfect its lien. *Id.* at 101. The court rejected the creditor's argument that a Chapter 11 plan injunction premised upon Section 524 extended the time for commencing such an action:

> On the Effective Date, the automatic stay of Section 362 was lifted and, as such, section 108(c) tolled the need to commence a Foreclosure Action for 30 days after the Effective Date. Waldinger was required [to] institute the Foreclosure Action within 30 days. However, Waldinger was restricted by the Plan's injunction from commencing the Foreclosure Action. Waldinger was required to seek the Court's permission to institute the Foreclosure Action or for the Court to provide other relief. Waldinger failed to request any relief. No state or federal statute relieved Waldinger from commencing the Foreclosure Action to prevent the lien from lapsing 30 days after the Effective Date.
>
> *Id.* at 111.

The Court agrees with the *Worldcom* court that the Chapter 11 Plan injunction did not relieve the claimant from commencing a timely action to preserve its claim.

The Claim is time-barred under applicable law and must be disallowed. Upon the foregoing, it is

ORDERED:

1. The Debtors' Amended Objection to the Claim filed by Libbey Glass (Claim No. 1035) is sustained.

2. Claim No. 1035 filed by the Claimant is disallowed.

Dated this 9 day of July 2010, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

Leanne McKnight Prendergast, Esq.
Richard R. Thames, Esq.

00701644