## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

_____

| | | |
|---|---|---|
| In re: | ) | Case No. 3:05-bk-03817-JAF |
| **WINN-DIXIE STORES, INC.**, et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

## 14 PROPERTY APPRAISERS' MOTION FOR EXTENSION OF TIME TO SERVE RESPONSES TO WINN-DIXIE'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COME NOW the Property Appraisers for Baker, Bay, Clay, Flagler, Hillsborough, Jackson, Lee, Leon, Marion, Nassau, Osceola, Pasco, Putnam, and St. Lucie (14 property appraisers), by and through the undersigned counsel, and hereby respectfully move this Court for a 14-day extension of time, to and including July 28, 2010, to serve responses to Winn-Dixie's First Set of Interrogatories and Request for Production of Documents and, in support thereof, state as follows:

1.  On May 13, 2010 and May 14, 2010, counsel for Winn-Dixie Stores, Inc., served by U.S. mail a First Set of Interrogatories and Request for Production of Documents on the 15 property appraisers.[1]  The 14 property appraisers' responses to the discovery requests were due June 14, 2010.

_____

[1] The undersigned counsel represents property appraisers from 25 counties in this matter. The parties have reached an agreement to settle the claims in 11 of the counties, Bradford, Columbia, DeSoto, Gadsden, Hardee, Highlands, Okeechobee, Suwannee, Taylor, Wakulla and Walton.  Proposed Orders on Debtors' Objection to Florida Tax

2.  Because the parties have been involved in settlement negotiations subsequent to Winn-Dixie's service of the discovery requests, and because the property appraisers were preparing and finalizing their annual county tax rolls that are required to be submitted to the Florida Department of Revenue by July 1 each year, the undersigned counsel requested a 40-day extension of time on June 15, 2010, within which to respond to the discovery requests.

3.  By email counsel for Winn-Dixie responded that it only would agree to a 20-day extension of time.  Thus, the discovery was due on July 5, 2010.

4.  Due to counsel for Winn-Dixie's refusal to grant the requested extension, this Court is requested to enter an order granting a 14-day extension of time, to and including July 28, 2010.

5. The undersigned counsel certifies that the extension request is not the result of procrastination or lack of attention by the movants or the undersigned counsel.  The undersigned counsel certifies that subsequent to the requesting the extension of time from Winn-Dixie's counsel he has had the following commitments and  obligations:

a.  Depositions in Tallahassee, Florida, on June 16-17, 2010, in Sprint-Florida, Inc. vs. Hartsfield, Case Nos. 2005-CA-2967 & 2006-CA-3087, and in Embarq Florida, Inc. vs. Hartsfield, Case Nos. 2007-CA-3400, 2008-CA-3940 and 2009-CA-4768.

b.  A deposition Tallahassee, Florida, on June 18, 2010, in Sprint-Florida, Inc. vs. Sherman, Case Nos. 2001-CA-339, 2002-CA-320, 2003-CA-371, 2004-CA-322 and

---

Claims and Motion for Order Determining Tax Liabilities are being circulated among counsel for the respective counties and will be submitted to the Court.

2005-CA-395, and <u>Embarq Florida, Inc. vs. Sherman</u>, Case Nos. 2006-CA-351, 2007-CA-481, 2008-CA-654 and 2009-CA-793.

     c.    Witness and exhibits lists due on June 28, 2010, in <u>Sprint-Florida v. Wilkinson</u>, Case No. 2002-CA-013330 (Fla. 20th Jud. Cir.).

     d.    Legal memorandum of law due on June 29, 2010, in <u>Sprint-Florida v. Wilkinson</u>, Case No. 2002-CA-013330 (Fla. 20th Jud. Cir.).

     e.  Hearing in Fernandina Beach, Florida, on July 2, 2010, in <u>Dawkins v. Stiles</u>, Case No. 2009-CA-616.

     f.  Initial brief due on July 9, 2010, in the Second District Court of Appeal in <u>Wilkinson v. Sprint-Florida</u>, Case No. 2D10-950.

     g.    Depositions in Fernandina Beach, Florida, on July 12, 2010, in <u>Rayonier Performance Fibers, LLC v. Stiles</u>, Case No. 2007-CA-562.

     h.    Depositions in Daytona Beach, Florida, on July 19-20, 2010, in <u>United Cerebral Palsy of East Central Florida v. Gardner</u>, Case No. 2009-CA-301.

     i.  A deposition in Okeechobee, Florida, on July 21, 2010, in <u>Nicholl v. Sherman</u>, Case No. 2007-CA-474.

     j.  Hearing in Okeechobee, Florida, on July 22, 2010, in <u>Diaz v. Sherman</u>, Case No. 2009-CA-24.

     k.    Hearing in Okeechobee, Florida, on July 23, 2010, in <u>Sprint-Florida v. Sherman</u>, Case No. 2001-CA-339.

6.  The undersigned counsel certifies that he has contacted Mr. Allan Wulbern, counsel for Winn-Dixie, and Mr. Wulbern has advised that he objects to the instant motion.

7.  This motion is made in good faith and not for any dilatory purpose, and will not cause any unreasonable delay or prejudice.  The extension is necessary to avoid significant hardship in submitting the discovery responses at an earlier date.

WHEREFORE, the Property Appraisers for Baker, Bay, Clay, Flagler, Hillsborough, Jackson, Lee, Leon, Marion, Nassau, Osceola, Pasco, Putnam, and St. Lucie, by and through the undersigned counsel, respectfully request that this Court enter an order extending the time to serve responses to Winn-Dixie's First Set of Interrogatories and Request for Production of Documents by 14-days from the date of this motion, to and including July 28, 2010.

Respectfully submitted,

*/s/ Loren E. Levy*
Loren E. Levy, Esq.
Fla. Bar No. 0814441
The Levy Law Firm
1828 Riggins Lane
Tallahassee, Florida 32308
Telephone: (850) 219-0220
Facsimile: (850) 219-0177
E-mail:levylawfirm@comcast.net

Counsel for 14 Property Appraisers

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by *Notice of Electronic Filing* on this **14th** day of July 2010, to: Allen E. Wulbern, Smith Hulsey & Busey, Co-Counsel for Reorganized Debtors, awulbern@smithhulsey.com.

*/s/ Loren E. Levy*
Loren E. Levy, Esq.