UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administrated |
| | ) | |

ORDER ON DEBTORS' OBJECTION TO FLORIDA
TAX CLAIMS AND MOTION FOR ORDER DETERMINING
TAX LIABILITIES TO THE DESOTO COUNTY TAX COLLECTOR

This matter came before the Court on the Debtors' (i) Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities (Doc. No. 10046) and (ii) Objection to Florida Tax Collectors' Request for Payment of Administrative Claim (Doc. Nos. 10046 and 22892; collectively, the "Objections") as they pertain to the Tax Collector and Property Appraiser for DeSoto County, Florida (individually, the "DeSoto Tax Collector" and the "DeSoto Property Appraiser"). Upon consideration of the consent of the parties indicated below, it is ORDERED:

1. The Objections are sustained in part and overruled in part as set forth below.

2. Proof of Claim number 12566 filed by the Florida Tax Collectors, and Florida Tax Collectors' Request for Payment of Administrative Claim (Doc.

No. 14414; the "Administrative Claim") solely as they relate to the DeSoto Tax Collector, are allowed claims in the aggregate amount of $20,513.19 ("the Total Allowed Amount") based on the assessed values, corresponding taxes and the interest rate reflected on Exhibit A for tax years 2005 and 2006.

3. On or before July 31, 2010, the Debtors will pay the DeSoto Tax Collector the Total Allowed Amount, as a full and final payment of all unpaid ad valorem real property and tangible personal taxes, and interest thereon, owed by the Debtors to the DeSoto Tax Collector for tax years 2006 and prior (whether delinquent or not), including, without limitation, the accounts listed on Exhibit A, which were or could have been, or may be, raised in any proof of claim or objection to proof of claim or otherwise. If the Debtors fail to pay the DeSoto County Tax Collector the Total Allowed Amount by July 31, 2010, interest will continue to accrue at the annual interest rate indicated on Exhibit A.

4. Other than as provided for in this Order, the DeSoto Tax Collector will not receive any additional distributions on account of any proofs of claim filed in the Debtors' Chapter 11 cases, including, without limitation, Claim No. 12566 or the Administrative Claim.

5. The Order resolves all liabilities and obligations arising prior to November 21, 2006, related to (i) all proofs of claim and administrative expense claims filed by the DeSoto Tax Collector in these Chapter 11 cases and (ii) all other pre-effective date claims the DeSoto Tax Collector has or may have against

the Debtors and any of their Chapter 11 estates or affiliates. The Debtors shall not be entitled to any further adjustment, reduction or refund of any tax assessment or taxes paid or payable to the DeSoto Tax Collector for tax years prior to 2006.

6. Notwithstanding anything to the contrary in this order, nothing is intended to affect Claim Number 12566 or the Administrative Claim as they relates to any claims of any Florida Tax Collector other than the DeSoto Tax Collector.

7. This Order does not constitute, and shall not be construed as, an adjudication or admission of liability or correctness of any appraisal procedure utilized by any of the parties and shall not be admissible in evidence in any proceedings outside the Winn-Dixie bankruptcy case.

8. Each of the parties shall bear their own costs and attorneys' fees.

9. This Court retains jurisdiction to resolve any disputes arising from this Order.

DATED this 14 day of July, 2010 in Jacksonville, Florida.

```
                              Jerry A. Funk
                              United States Bankruptcy Judge
```

Copies furnished to:

Allan Wulbern, Esq.
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Brian T. Hanlon, Esq.
Post Office Box 2500
Titusville, Florida 32781-2500

Loren E. Levy, Esq.
1828 Riggins Lane
Tallahassee, Florida 32308-4885

4

## Consent

The undersigned parties consent to the entry of the foregoing Total Allowed Order.

*[signature]*
Brian T. Hanlon

Florida Bar Number 962562
Post Office Box 2500
Titusville, Florida 32781-2500
(321) 264-6930
(321) 264-6919 (facsimile)
Brian.Hanlon@BrevardTaxCollector.com

Attorney for DeSoto County Tax Collector

THE LEVY LAW FIRM

By: *[signature]*
Loren E. Levy

Florida Bar Number 814441
1828 Riggins Lane
Tallahassee, Florida 32308-4885
(850) 219-02220
(850) 219-0177 (facsimile)
levylawfirm@comcast.net

Attorneys for DeSoto County Property Appraiser

SMITH HULSEY & BUSEY

By: *[signature]*
Allan E. Wulbern

Florida Bar Number 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.

00711912

5

# Exhibit A

## DeSoto County, Florida

| Tax Year | Account # | Agreed Taxable Value | Allowed Base Tax | Interest @ 7% | Total Allowed Amount |
|---|---|---|---|---|---|
| 2005 | P24650-001 | $323,924 | $8,411.11 | $2,551.37 | $10,962.48 |
| 2006 | P24650-001 | $333,211 | $7,743.83 | $1,806.89 | $9,550.72 |
| Total | | $657,135 | | | $20,513.19 |