**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**MOTION TO CERTIFY DIRECT APPEAL TO THE**
**COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

Libbey Glass, Inc. ("Libbey Glass"), moves the Court pursuant to 28 U.S.C. § 158(d)(2)(A) to certify the appeal of the Order Sustaining Debtors' Amended Objection to the Claim filed by Libbey Glass [Docket No. 23286] directly to the United States Court of Appeals for the Eleventh Circuit for resolution, and in support of the motion states:

1. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and 23 of its affiliates (collectively, "Winn-Dixie") filed voluntary petitions for reorganization under Chapter 11 of the United States Bankruptcy Code.

2. Libbey Glass is a prepetition creditor of Winn-Dixie, having sold glassware to Winn-Dixie on open account pursuant to two "continuing programs" established between the parties.

3. On May 6, 2005, Libby Glass filed Claim No. 1035. Claim No. 1035 represents amounts owed by the Debtors under the retail program ($19,490.55) and two continuity programs from 2003 ($63,666.39) and from 2004 ($162,451.36). The majority of these claims represents chargebacks for unauthorized deductions or credits.

4. On June 27, 2006, Winn-Dixie filed its Omnibus Objection to (A) Reclamation Claims and (B) Unsecured Non-Priority Claims Held by Reclamation Claimants [Docket No. 8784], which simply sought to reduce or eliminate Libbey Glass' $245,608.30 claim based on certain payments made on account of Libbey Glass' reclamation claims.

5. On August 2, 2006, Winn-Dixie filed its Plan of Reorganization (the "Plan") [Docket No. 10058]. The Plan was confirmed by order dated November 6, 2006 (the "Confirmation Order") [Docket No. 12440].

6. On March 1, 2010, the Debtors filed an Amended Objection to the Proof of Claim filed by Libbey Glass (the "Amended Objection") [Docket No. 23006], seeking disallowance of Claim No. 1035 *in toto* "on the grounds of (i) no liability, (ii) disputed claim amount and (iii) the claim is barred under the applicable statute of limitations." In the Amended Objection, Winn-Dixie argued that because the underlying statute of limitations for bringing an action for breach of contract expired during the pendency of the Chapter 11 case, Libbey Glass was obligated pursuant to 11 U.S.C. § 108(c) to bring an action in state court within 30 days of the confirmation date to liquidate its claim, and its failure to do so renders its claim invalid notwithstanding the pendency of the Objection to Claim No. 1035.

7. On July 9, 2010, following substantial post-trial briefing, the Bankruptcy Court entered its Order Sustaining the Amended Objection to Claim No. 1035 filed by Libbey Glass (the "Order") [Docket No. 23286].

8. On July 16, 2010, Libbey Glass filed its notice of appeal [Docket No. 23312]. Libbey Glass' Appellant Designation of Contents for Inclusion in Record on Appeal and Statement of Issues to be Considered on Appeal was filed July 16, 2010 [Docket No. 23313].

9. Ordinarily, appeals from bankruptcy court orders are taken to the district court. Recent amendments to the Bankruptcy Code permit the parties to bypass the district court and appeal directly to the Court of Appeals if the Bankruptcy Court certified that one or more of the following conditions are present:

> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that —
>
> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
>
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.
>
> 28 U.S.C. § 158(d)(2)(A).

10. The questions of law to be resolved on appeal include the following issues:

1. Whether the bankruptcy court erred in disallowing Libbey Glass' claim as a result of Libbey Glass' failure to initiate in state court action against the Debtors in state court post-confirmation;

2. Whether § 502(b) of the Bankruptcy Code requires the bankruptcy court to hear and determine all objections to claims pending on the confirmation date;

3. Whether the bankruptcy court erred in failing to determine the amount of Libbey Glass' claim *as of the petition date*; and

4. Whether the filing of a proof of claim in a bankruptcy case satisfies the requirement of initiating an action for statute of limitation purposes.

10. As reflected in the parties' post-trial briefing, and as set forth above, the appeal of the Order involves important questions of law as to which there is no controlling decision in the Eleventh Circuit Court of Appeals or of the Supreme Court of the United States. Certification under 28 U.S.C. § 158(d)(2)(A)(i) is therefore appropriate.

11. Winn-Dixie has nearly completed its reorganization. The dispute with Libbey Glass is one of the last remaining contested matters to be finally resolved. An immediate appeal of the Order will therefore materially advance closure of the Chapter 11 case. Certification under 28 U.S.C. § 158(d)(2)(A)(iii) is likewise appropriate.

WHEREFORE, Libbey Glass requests that the Court (i) enter an order, in substantially the form attached hereto, certifying this appeal directly to the United States

Court of Appeals for the Eleventh Circuit for resolution, and (ii) providing such other relief as is appropriate.

                                      **STUTSMAN THAMES & MARKEY, P.A.**

                                            */s/ Richard R. Thames*
                                By_____
                                        Richard R. Thames

                                Florida Bar Number 0718459
                                50 North Laura Street, Suite 1600
                                Jacksonville, Florida  32202
                                (904) 358-4000
                                (904) 358-4001 (Facsimile)
                                rrt@stmlaw.net

                                Attorneys for Libbey Glass, Inc.

## Certificate of Service

I hereby certify that, on July 19, 2010, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to the Office of the United States Trustee, 135 W. Central Boulevard, Room 620, Orlando, Florida 32280; Leanne McKnight Prendergast, Esq., Smith Hulsey & Busey, 225 Water Street, Suite1800, Jacksonville, Florida 32202; and to all parties who have consented to receiving electronic notifications in this case.

*/s/ Richard R. Thames*

Attorney

79511

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**ORDER CERTIFY DIRECT APPEAL TO THE**
**COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

This Chapter 11 case came before the Court, pursuant to 28 U.S.C. § 158(d)(2)(A), upon Libbey Glass, Inc.'s ("Libbey Glass") Motion to Certify Direct Appeal to the Court of Appeals for the Eleventh Circuit [Docket No. _____]. Upon consideration thereof, it is ORDERED:

1.  The motion is granted.

2.  The Court finds that the appeal of the Order Sustaining Debtors' Amended Objection to the Claim filed by Libbey Glass [Docket No. 23286] (i) involves questions of law as to which there is no controlling decision in the Eleventh Circuit Court of Appeals or of the Supreme Court of the United States, and (ii) that a direct appeal to the Eleventh Circuit Court of Appeals will materially advance the progress of the case.

3. The Clerk shall transmit a copy of this Order directly to the Eleventh Circuit Court of Appeals for further certification in accordance with 28 U.S.C. § 158(d)(2)(A).

DATED this ____ day of July 2010 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copies furnished to:

Office of the U.S. Trustee
135 West Central Boulevard, Suite 620
Orlando, Florida  32801

Richard R. Thames, Esq.
Stutsman Thames & Markey, P.A.
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202

Leanne McKnight Prendergast, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Clerk of the Court
United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

79518