**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**WINN-DIXIE'S MOTION FOR LEAVE TO FILE AN AMENDED RESPONSE AND COUNTERCLAIM TO THE MOTION TO COMPEL PAYMENT FILED BY DIVERSIFIED MAINTENANCE SYSTEMS, INC.**

Winn-Dixie Stores, Inc. ("Winn-Dixie"), on behalf of Winn-Dixie and twenty-three of its subsidiaries and affiliates (collectively, the " Reorganized Debtors"), moves the Court, pursuant to Rule 7015, Federal Rules of Bankruptcy Procedure, to file an amended response and counterclaim, and says:

1. On February 10, 2009, the Reorganized Debtors filed a Response and Counterclaim to the Motion to Compel Payment filed by Diversified Maintenance Systems, Inc. ("Diversified") (Docket No. 22056).

2. Plaintiff seeks leave to amend the response and counterclaim to add a claim for damages arising from Diversified's false charges to Winn-Dixie for sales tax that Diversified did not actually incur (see Count Two of the attached proposed amended counterclaim).

3. The filing of the amended response and counterclaim will not delay the trial of this matter presently scheduled for October 14-15, 2010.

WHEREFORE, Winn-Dixie respectfully requests the Court to enter an order granting plaintiff leave to file the attached amended counterclaim.

SMITH HULSEY & BUSEY

By: */s/ James H. Post*
James H. Post

Florida Bar Number  175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | |

## WINN-DIXIE'S AMENDED RESPONSE AND COUNTERCLAIM TO MOTION TO COMPEL PAYMENT FILED BY DIVERSIFIED MAINTENANCE SYSTEMS, INC.

Plaintiffs, Winn-Dixie Stores, Inc. ("Winn-Dixie"), on behalf of Winn-Dixie and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), respond to the motion to compel payment filed by Diversified Maintenance Systems, Inc. ("Diversified" or "Defendant") and state:

1. On September 11, 2008, Diversified filed in this Court its Motion to Compel Payment of Undisputed Post-petition Obligation Payable in the Debtor's Ordinary Course of Business (the "Motion to Compel") (Docket No. 21311).

2. Diversified is a Florida Corporation which provides commercial floor care and cleaning services.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors in related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

3.       On March 4, 2004, Diversified and Winn-Dixie entered into an agreement for the provision of floor care and cleaning services.  The agreement was for a three year period commencing March 28, 2004 (the "Agreement").  The payment terms under the Agreement were changed on March 11, 2005.  Copies of the Agreement and the March 11, 2005 change in payment terms are attached as Exhibits A and B.

4.       Diversified's Motion to Compel seeks payment of invoices dated May 6, 2006 through September 2, 2006, totaling $184,710.88 (the "Diversified Disputed Invoices").  See Exhibit A to the Motion to Compel.

5.       Diversified alleges in the Motion to Compel that the Diversified Disputed Invoices relate to either (i)  services provided by Diversified pursuant to the Agreement or (ii) other services provided by Diversified, not included in the Agreement, but requested by Winn-Dixie.

6.       The Debtors did not pay the Diversified Disputed Invoices in the ordinary course of Debtors' business.

**Winn-Dixie's Response to Diversified's Motion to Compel**

**A.     Diversified's claims have been discharged.**

7.       On February 21, 2005, the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code.

8.       On November 9, 2006, this Court entered an Order (the "Confirmation Order")(Docket No. 12440) confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors as modified (the "Plan")(Docket No. 10058).

9. On December 6, 2006, in accordance with the Confirmation Order, a notice of entry of order confirming plan of reorganization and a bar date for filing administrative claims was served by mail on all parties in interest, including the Defendant (the "Administrative Claim Bar Date Notice")(Docket No. 12991).

10. The Administrative Claim Bar Date Notice advised that (i) all administrative claims were required to be filed with the Bankruptcy Court on or before January 5, 2007 and (ii) the failure to file a timely administrative claim would result in the claim being time-barred and relinquished.

11. Pursuant to Section 12.1 of the Plan, claimants seeking payment of an administrative expense claim were required to timely file an application with the Bankruptcy Court:

> All requests for payment of an Administrative Claim (other than as set forth in Section 4.1(a), 12.2, 12.3, 12.4, 12.5, or this Section 12.1 of the Plan) must be made by application filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors no later than forty-five (45) days after the Effective Date.
>
> Section 12.1, Joint Plan of Reorganization

12. Pursuant to the Plan, applications were not required for administrative expenses related to *undisputed* post-petition obligations:

3

> [N]o application seeking payment of an Administrative Claim need be filed with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business…

Id.

13. However, pursuant to the Plan, and as set forth in the Administrative Expense Claim Bar Date Notice, claims which were *contingent or disputed* cannot, in any event, be considered obligations payable in the ordinary course of the Debtors' business:

> [I]n no event shall a post-petition obligation that is *contingent or disputed and subject to liquidation through pending or prospective litigation*, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, *or any other disputed legal or equitable claim based on* tort, statute, *contract*, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business.

Id.

14. As stated above, the Debtors did not pay the Diversified Disputed Invoices in the ordinary course of business.

15. Diversified did not timely file, and still has not filed, an application for payment of an administrative expense claim in any of these jointly administered cases.

16. Pursuant to the Confirmation Order and Sections 524 and 1141 of the United States Bankruptcy Code, the Debtors were discharged from all debts arising out of or relating to claims that existed on or before the Effective Date. Therefore, the claims which Diversified asserted in its Motion to Compel have been discharged.

17. Further, pursuant to the Confirmation Order, all persons are permanently enjoined from asserting or taking any action against the Debtors with respect to or in furtherance of discharged claims.

**B.     Winn-Dixie is entitled to a setoff.**

18. As more fully set forth in Winn-Dixie's counterclaim below, Diversified improperly charged Winn-Dixie for (i) Florida and Georgia sales tax (Count Two), (ii) services and materials billed at prices higher than Winn-Dixie agreed to pay (Count Three), (iii) services and materials that Diversified should have provided at no additional cost (Count Four) and (iv) services and materials that Diversified performed more frequently than set forth in the Agreement (Count Five).

19. As a result of these overcharges, Winn-Dixie paid Diversified in excess of $3,832,603.63 for services and sales tax for which Winn-Dixie should not have been charged.

20. Winn-Dixie has a right to setoff the amount of the overpayments against any amount Winn-Dixie is otherwise obligated to pay Diversified.

WHEREFORE, based on the foregoing, the Debtors respectfully request that the Court enter an order (i) denying Diversified's Motion to Compel and (ii) allowing Winn-Dixie to setoff the amount of Winn-Dixie's counterclaim against any amount deemed owing to Diversified.

## Counterclaim

21. Pursuant to Rule 3007, Federal Rules of Bankruptcy Procedure, "[i]f an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." Diversified's Motion to Compel asserts a right to payment from Winn-Dixie and, therefore, is by definition a "claim" as contemplated by Rule 3007. *See* 11 U.S.C. §101(5)(A) (2005).

22. Winn-Dixie files this counterclaim pursuant to Rule 7013, Federal Rules of Bankruptcy Procedure.

23. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

### Count One
### Declaratory Judgment

24. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201(a) and 11 U.S.C. § 105.

25. Winn-Dixie realleges and incorporates the allegations set forth in paragraphs 2, 3, 5 through 17 and 21 through 23.

26. By letters from Diversified's counsel dated February 25 and May 1, 2008, Diversified (i) demanded payment of $184,710.88 for floor care and cleaning services allegedly provided by Diversified to Winn-Dixie between May 2006 and September 2006 and (ii) stated that Diversified had retained counsel to commence proceedings to collect such payment.

27. By letters dated March 17 and May 15, 2008, counsel for the Debtors informed Diversified that (i) the alleged debt which Diversified sought to collect from Winn-Dixie had been discharged, (ii) any attempts to collect the alleged debt would

constitute a violation of Section 524 of the Bankruptcy Code and the Confirmation Order entered by the Court, and (iii) failure to cease efforts to collect the alleged debt would result in the filing of an action to enforce Debtors' rights.

28. Defendant's efforts to collect payment of the alleged debt or any other action to establish and collect the alleged debts from the Debtors are in willful violation of Sections 1141 and 524(a) of the Bankruptcy Code and the Confirmation Order entered by this Court.

WHEREFORE, the Debtors respectfully request that the Court enter a judgment:

(i) declaring that the Debtors have been discharged pursuant to Section 1141 of the Bankruptcy Code and the Confirmation Order from the alleged debts being asserted by Diversified;

(ii) restraining and permanently enjoining Diversified from instituting any actions to collect the alleged debts from the Debtor and from employing any process of any kind, nature or character to establish or collect the alleged debts;

(iii) granting Debtors their costs in this matter; and

(iv) granting Debtors such other and further relief as is just and equitable.

**Count Two**
**Breach of Contract – Sales Tax Charged in Excess of Applicable Rate**

29.     This is an action for damages for breach of a written agreement.

30.     Winn-Dixie realleges and incorporates the allegations set forth in paragraphs 2, 3 and 21 through 23.

31.     Diversified breached the Agreement by charging Winn-Dixie sales tax in excess of the applicable rates in the respective counties in Georgia and Florida. Specifically:

   a.     as to the Georgia stores, Diversified charged Winn-Dixie sales tax even though no such tax is imposed under Georgia law, and

   b.     as to the Florida stores, Diversified charged Winn-Dixie sales tax at rates higher than the applicable sales tax rates in the counties in which the stores are located. For example, Diversified charged Winn-Dixie sales tax for services rendered in stores located in Brevard County, Florida at the rate of 7% when the applicable sales tax rate was only 6%.

32.     A schedule summarizing Diversified's sales tax charges in excess of the rates required by applicable law is set forth in Appendix A filed contemporaneously with this Amended Counterclaim.

33.     As a direct result of Diversified's breach of the Agreement, Winn-Dixie has suffered damages in excess of $179,435.80.

34.     All conditions precedent to the enforcement of Winn-Dixie's rights herein and the maintenance of this action have been performed or have occurred.

WHEREFORE, Winn-Dixie respectfully requests that the Court enter a judgment awarding Winn-Dixie damages together with interest and costs, and granting such other relief as is just and proper.

### Count Three
### Breach of Contract – Charges in Excess
### of the Fixed Amount in the Agreement

35. This is an action for damages for breach of a contract.

36. Winn-Dixie realleges and incorporates the allegations set forth in paragraphs 2, 3 and 21 through 23.

37. Pursuant to the Agreement, Diversified agreed to provide the floor care and cleaning services listed in Exhibit B to the Agreement. The listed services included general floor cleaning and other services, including stripping and recoating of the floor finish as needed, and provision of the materials necessary to perform such services.

38. Pursuant to the Agreement, Winn-Dixie agreed to pay Diversified a fixed price for these services and materials, as listed in the Agreement. A schedule summarizing Diversified's charges in excess of the amounts fixed in the Agreement, which Winn-Dixie paid by mistake, is set forth in Appendix B filed contemporaneously with this Amended Counterclaim.

39. Diversified breached the Agreement by charging Winn-Dixie higher prices than Winn-Dixie agreed to pay.

40. As a direct result of Diversified's breach of the Agreement, Winn-Dixie has suffered damages in excess of $823,583.04.

41. All conditions precedent to the enforcement of Winn-Dixie's rights herein and the maintenance of this action have been performed or have occurred.

WHEREFORE, Winn-Dixie respectfully requests that the Court enter a judgment awarding Winn-Dixie damages together with interest and costs, and granting such other relief as is just and proper.

### Count Four
### Breach of Contract – Charges for services and materials
### that Diversified should have provided at no additional cost

42. This is an action for damages for breach of a written contract.

43. Winn-Dixie realleges and incorporates the allegations set forth in paragraphs 2, 3 and 21 through 23.

44. Pursuant to the Agreement, Diversified agreed to provide the floor care and cleaning services listed in Exhibit B to the Agreement. The listed services included general floor cleaning and other services, including stripping and recoating of the floor finish as needed, and provision of the materials necessary to perform such services.

45. Pursuant to the Agreement, Winn-Dixie agreed to pay Diversified a fixed price for these services and materials, as listed in the Agreement.

46. Diversified breached the Agreement by charging Winn-Dixie extra amounts for services and materials that should have been provided at no additional cost. A schedule summarizing the charges for services and materials which Diversified should have provided at no additional cost, but which Winn-Dixie paid by mistake, is set forth in Appendix C filed contemporaneously with this Amended Counterclaim.

47.     As a direct result of Diversified's breach of the Agreement, Winn-Dixie has suffered damages in excess of $895,180.27.

48.     All conditions precedent to the enforcement of Winn-Dixie's rights herein and the maintenance of this action have been performed or have occurred.

WHEREFORE, Winn-Dixie respectfully requests that the Court enter a judgment awarding Winn-Dixie damages together with interest and costs, and granting such other relief as is just and proper.

### Count Five
### Breach of Contract – Charges for services and materials provided more frequently than set forth in the Agreement

49.     This is an action for damages for breach of a written contract.

50.     Winn-Dixie realleges and incorporates the allegations set forth in paragraphs 2, 3 and 21 through 23.

51.     Pursuant to the Agreement, Diversified agreed to provide the floor care and cleaning services listed in Exhibit B to the Agreement.  The listed services included general floor cleaning and other services, including stripping and recoating of the floor finish as needed, and provision of the materials necessary to perform such services.

52.     Pursuant to the Agreement, Winn-Dixie agreed to pay Diversified a fixed price for these services and materials, as listed in the Agreement.  After March 5, 2005, some of the services were only to be billed to Winn-Dixie as they occurred.

53.     Diversified breached the Agreement by charging Winn-Dixie for services and materials provided more frequently than set forth in the Agreement, which inflated the total annual cost of Diversified's services above the total annual

cost set forth in the Agreement. A schedule summarizing the charges for services and materials which Diversified provided more frequently than set forth in the Agreement, and which Winn-Dixie paid by mistake, is set forth in Appendix D filed contemporaneously with this Amended Counterclaim.

54.     As a direct result of Diversified's breach of the Agreement, Winn-Dixie has suffered damages in excess of $1,934,404.52.

55.     All conditions precedent to the enforcement of Winn-Dixie's rights herein and the maintenance of this action have been performed or have occurred.

WHEREFORE, Winn-Dixie respectfully requests that the Court enter a judgment awarding Winn-Dixie damages together with interest and costs, and granting such other relief as is just and proper.

### Count Six
### Money Had and Received

56.     This is an action for money had and received and related relief.

57.     Winn-Dixie realleges and incorporates the allegations set forth in paragraphs 2, 3, 21 through 23, 37 through 38, 44 through 46 and 51 through 53.

58.     As alleged above, between 2004 and 2006, Diversified improperly charged Winn-Dixie for (i) sales taxes, (ii) services and materials billed at higher prices than Winn-Dixie agreed to pay, (iii) services and materials that Diversified should have provided at no additional cost and (iv) services and materials that Diversified performed more frequently than set forth in the Agreement. These improper charges were in excess of $3,832,603.63. Schedules summarizing the improper charges for services and materials invoiced by Diversified, which Winn-

Dixie paid by mistake, are set forth in Appendices A through D filed contemporaneously with this Amended Counterclaim.

59. Winn-Dixie erroneously paid Diversified for the improper charges.

60. Winn-Dixie received no additional consideration for amounts billed in excess of the price set forth in the Agreement.

61. Permitting Diversified to keep the money it collected as a result of improper charges to Winn-Dixie would unjustly deprive Winn-Dixie of its right to such funds. Justice and equity require that Diversified return the excess funds it billed and collected from Winn-Dixie.

WHEREFORE, Winn-Dixie respectfully requests that the Court enter a judgment awarding Winn-Dixie damages, together with interest and costs, and granting such other relief as is just and proper.

SMITH HULSEY & BUSEY

By: */s/ James H. Post*
      James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.

712355

3

**Certificate of Service**

I certify that a copy of the foregoing has been furnished electronically through the Court's CM/ECF electronic notification system to Richard J. McIntyre, Esq. and Paul Thanasides, Esq., 6943 Fowler venue, Temple Terrace, Florida 33617, this 21st day of July, 2010.

                                                                                       */s/ James H. Post*
                                                                                           Attorney

00707636.DOC